

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

February 17, 2004

Ronald S. Liebman
(202) 457-6310
rliebman@pattonboggs.com

**FEDERAL EXPRESS**

The Honorable Richard Conway Casey
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
Room 1350
New York, New York 10007-1312

MEMO ENDORSED

Re:   In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (RCC)

Dear Judge Casey:

      This firm is counsel for The National Commercial Bank ("NCB"), which is named as a defendant in several of the referenced lawsuits that have been consolidated before Your Honor ("consolidated cases").[1] This letter supplements the letter to Your Honor dated February 12, 2004, from counsel for Prince Sultan bin Abdulaziz Al-Saud and Prince Turki Al-Faisal bin Abdulaziz Al-Saud concerning their intent to file motions to dismiss based on Judge Robertson's ruling in Burnett v. Al Baraka Inv. and Dev. Corp., 292 F.Supp.2d 9 (D.D.C. 2003). In that ruling, Judge Robertson dismissed the Burnett complaint as to Prince Sultan and Prince Turki based *inter alia* on the Foreign Sovereign Immunities Act ("FSIA").

      NCB is an instrumentality of the government of the Kingdom of Saudi Arabia, which owns the majority of NCB's shares. See 28 U.S.C. § 1603(b). Like Prince Sultan and Prince Turki, NCB has asserted immunity from suit under the FSIA. NCB filed its motion to dismiss in Burnett on October 14, 2003. (Burnett Docket Nos. 358-359). Because NCB filed its motion to dismiss a month before Judge Robertson's FSIA ruling in Burnett, NCB has not yet had the opportunity to brief its contention that Judge Robertson's FSIA ruling applies to, and requires

---

[1] The consolidated cases in which NCB is named as a defendant are: Burnett et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03 CV 9849 (S.D.N.Y.); Ashton et al. v. Al Qaeda Army et al., No. 02 CV 6977 (S.D.N.Y.); Tremsky et al. v. Osama bin Laden et al., 03 CV 6978 (S.D.N.Y.); Salvo et al. v. Al Qaeda Islamic Army et al., No. 03 CV 5071 (S.D.N.Y.); and York et al. v. Al Qaeda Islamic Army et al., No. 03 CV 5493 (S.D.N.Y.).



dismissal of the claims against, NCB. However, NCB intends to address that issue in its forthcoming reply brief. This letter seeks Your Honor's approval of the schedule for, and the length of, NCB's reply brief in Burnett, as well as a schedule for the briefing of NCB's motion to dismiss the only other one of the consolidated cases in which NCB has been served.

    I.    Burnett Motion to Dismiss.

On December 22, 2003, the Burnett plaintiffs filed their opposition to NCB's motion to dismiss. (Burnett Docket No. 435.) The Burnett plaintiffs' opposition brief did address Judge Robertson's FSIA ruling, and it argued that NCB's motion to dismiss should be denied notwithstanding Judge Robertson's ruling.

By minute order of October 16, 2003, Judge Robertson granted leave to NCB (with the Burnett plaintiffs' consent) to file a 77-page opening brief in support of its motion to dismiss. Plaintiffs' opposition brief was 62 pages long, and the Burnett plaintiffs' moved (Burnett Docket No. 434), with consent from NCB, to exceed the page limits for that brief. On December 23, 2003, with the Burnett plaintiffs' consent, NCB moved for (a) an extension of time, until February 20, 2004 to file NCB's reply in support of its motion to dismiss, and (b) leave for NCB to file a reply brief of up to 45 pages in support of its motion to dismiss. (Burnett Docket No. 436). However, the District of Columbia federal court closed the Burnett docket, and transferred the case file to Your Honor, on January 2, 2004, before Judge Robertson ruled on the page-extension requests both for the opposition and reply briefs, and on NCB's request for extension of time for its reply.

In light of Your Honor's February 6, 2004 Order setting a schedule for motions to dismiss in the consolidated cases, and Your Honor's standing rules of practice, NCB respectfully makes the following requests with respect to the Burnett action:

(a) for an extension of time until and including March 5, 2004 (the date by which motions to dismiss must be filed under Your Honor's February 6, 2004 Order) to file NCB's reply in support of its motion to dismiss in Burnett; and

(b) for leave for NCB to file a reply memorandum of law of up to 45 pages in support of its motion to dismiss in Burnett, a request to which the Burnett plaintiffs previously consented. We are aware that ¶2(C) of Your Honor's standing rules limit reply briefs to 10 pages, and principal briefs to 25 pages, on motions to dismiss. We thus also are aware that the principal briefs on NCB's motion to dismiss both were substantially longer than the limits set by Your Honor's standing rules. However, each side made consent motions for leave to exceed the District of Columbia page limits for briefing, and Judge Robertson generally granted page-limit extensions, as on NCB's opening brief. Alternatively, NCB respectfully requests permission for



The Honorable Richard Conway Casey
February 17, 2004
Page 3

leave to exceed to some lesser extent the 10-page limit for replies set by Your Honor's standing rules. We are authorized to represent that lead counsel for the Burnett plaintiffs consents to these requests.

It would prejudice NCB to be limited to 10 pages to reply to the Burnett plaintiffs' 62-page opposition to NCB's motion to dismiss. As noted above, NCB has asserted FSIA immunity from suit, but—unlike the Burnett plaintiffs—NCB has not yet had an opportunity to brief how Judge Robertson's FSIA ruling applies to, and requires dismissal of, the claims against NCB. Further, as Your Honor may be aware, a defendant asserting entitlement to FSIA immunity from suit (like NCB) may immediately appeal the denial of immunity. Transatlantic Shiffahrtskontor GMBH v. Shanghai Foreign Trade Corp., 204 F.3d 384, 387 (2d Cir. 2000). Conversely, if FSIA immunity is granted, and the claims against NCB are dismissed, then it is likely that plaintiffs would seek certification of that judgment under Fed. R. Civ. P. 54(b) and pursue an appeal on that basis. Because an appeal of the ruling on NCB's motion to dismiss is likely under either scenario, we respectfully submit that it is particularly important that there be a full record and briefing on the motions to dismiss by NCB (as with the motions of the other Saudi government defendants, who also received page-limit extensions in Burnett).

II.     Ashton Motion to Dismiss.

NCB has been served with process in only one other of the consolidated cases, Ashton v. Al Qaeda Islamic Army, et al., No. 02 CV 6977 (RCC) et al., and has entered into various stipulations with Ashton plaintiffs' counsel to extend NCB's time to respond to the amended and consolidated complaints in Ashton. The allegations against NCB in Ashton are nearly identical to the allegations against NCB in Burnett. Accordingly, NCB respectfully requests leave to file its motion to dismiss in Ashton on March 5, 2004, with further briefing to follow the schedule set in ¶3 of Your Honor's February 6, 2004 Order. We do not seek leave to exceed the page limits for briefing of NCB's motion to dismiss in Ashton, which we hope will be able to incorporate by reference, as appropriate, relevant portions of NCB's opening and reply briefs in support of its motion to dismiss in Burnett. We are authorized to represent that lead counsel for the Ashton plaintiffs consents to this request for leave to file our motion dismiss on that schedule.

III.    Other Consolidated Cases.

As a practical matter, the ruling on NCB's motions to dismiss in Burnett and Ashton would apply equally in the remaining consolidated cases in which NCB has yet to be served (Tremsky, Salvo and York) because the complaints in those cases are substantively identical to the Burnett and/or Ashton complaints.

Thank you for your consideration of these requests.

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

The Honorable Richard Conway Casey
February 17, 2004
Page 4


Respectfully submitted,

*/s/ Ronald S. Liebman*

Ronald S. Liebman

cc: Service List (By Fax)

---

NCB's request to file its reply brief in Burnett v. Al Baraka Inv. and Dev. Corp., 03 CV 9849, on March 5, 2004, is granted. The request to extend the page limitation for the reply brief is denied. NCB may file a motion to dismiss in Ashton v. Al Queda, 02 CV 6977, on March 5, 2004, in accordance with this Court's Feb. 6, 2004 Order.

MEMO ENDORSED

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing a copy to all counsel and retaining verification of such in case file. Do not fax such verification to Chambers.

*/s/ Richard Conway Casey*
2/23/04