UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THOMAS E. BURNETT, SR et.al.,        )
                                      )
        Plaintiffs,                   )
                                      )
    - against -                       )
                                      )   Case no.: 03 MD 1570 (RCC)
AL BARAKA INVESTMENT AND              )
DEVELOPMENT CORPORATION, et.al.       )
                                      )
        Defendants.                   )
                                      )

YESLAM BINLADIN'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO RULES 12 (b)(1), 12 (b)(2) and 12 (b)(6)

**EXHIBIT 2**

SECOND EDITION

# Switzerland's Private International Law

Pierre A. Karrer

Karl W. Arnold

Paolo Michele Patocchi

### Art. 6

V. Unconditional Appearance

In disputes of financial interest,[2] an unconditional appearance[1] gives jurisdiction to the Swiss court if it may not decline jurisdiction according to Article 5 subsection 3.

> *Treaties: see* Art. 2 PIL Statute. Lugano Convention, Art. 18.
> *Previous law:* Cantonal, e.g. Para. 12 Zurich ZPO.
> *Legislative history:* Experts Draft, *Art. 7*; Experts Report. p 50; Government Draft, *Art. 6*; Government Report, point 213.7, p. 40; Senate Debate, Amtliches Bulletin 1985, p. 129; House Debate, Amtliches Bulletin 1986, pp. 1295, 1302; Festschrift Moser, pp. 250, 251.
> *Case law:* Cantonal decisions: PKG 1989 Nr. 53, S. 192.
> *Cantonal procedural law:* e.g. Para. 111 Zurich ZPO.

*Notes*
1. Unconditional appearance (E), le défendeur procède au fond sans faire de réserve (F), vorbehaltlose Einlassung (G), incondizionata costituzione in giudizio del convenuto (I). By what time an appearance becomes unconditional depends on the applicable civil procedure. *See*, e.g. Para. 111 Zurich ZPO.
2. *See* Art. 5 PIL Statute.

### Art. 7

VI. Arbitration Agreement

If, in an arbitrable dispute,[1] the parties have concluded an arbitration agreement,[2] the Swiss courts must decline jurisdiction[3] unless

(a) the defendant has entered an unconditional appearance;[4]
(b) the court finds that the arbitration agreement is null and void, inoperative or incapable of being performed;[5] or
(c) the arbitral tribunal cannot be formed for reasons for which evidently the respondent in the arbitration[6] is answerable.

> *Multilateral treaty:* (New York) Convention du 10 juin 1958 pour la reconnaissance et l'exécution des sentences arbitrales étrangères, Art. II. SR 0.277.12.
> *Treaties:* see Art. 2 PIL Statute.
> *Previous law:* Cantonal, e.g. Para. 111 Zurich ZPO.
> *Legislative history:* Experts Draft, *Art. 8*; Experts Report, p. 51; Fribourg Colloque, p. 69; Government Draft, *Art. 7*; Government Report, point 213.8, p. 41; Senate Debate, Amtliches Bulletin 1985, pp. 129, 130; House Debate, Amtliches Bulletin 1986, pp. 1295, 1302; Festschrift Moser, pp. 205, 251.

*Notes*
1. Arbitrable dispute (E), différend arbitrable (F), schiedsfähige Streitsache (G), controversia compromettibile (I). *See* Art. 181 PIL Statute.
2. This includes an arbitration clause. On the validity of an arbitration clause where the seat of the arbitral tribunal is Switzerland and where at

PIL STATUTE

*Legislative history:* Experts Draft, *Art. 22;* Experts Report, p. 81; Government Draft, *Art. 22;* Government Report, point 215.7, p. 62; Senate Debate, Amtliches Bulletin 1985, p. 134, House Debate, Amtliches Bulletin 1986, pp. 1295, 1296, 1308; Senate Debate, Amtliches Bulletin 1987, p. 183; House Debate, Amtliches Bulletin 1987, p. 1086.
*Case law:* Federal decisions: BGE 115 V 4.
*Swiss substantive law:* Asylgesetz, Loi du 5 octobre 1979 sur l'asile, SR 142.31, Art. 25.

*Notes*
1. Without citizenship (E), apatride (F), staatenlos (G), apolide (I).
2. Deemed (E), réputée (F), gilt (G), considerata (I). Pursuant to Art. 22 PIL Statute the person may still have the original citizenship. Art. 24 PIL Statute makes it possible to apply the law of the domicile regardless of the persons official break with the country of original citizenship and that country's possible insistence on the persons allegiance.
3. Convention du 28 septembre 1954 relatives au statut des apatrides (avec annexe et modèle) SR 0.142.40, Art. 12.
4. Asylgesetz, Loi du 5 octobre 1979 sur l'asile, SR 142.31, Art. 25. Spouses and minor children are also recognized as refugees.
5. *See* Art. 20 PIL Statute.
6. If the individual has no domicile either, Art. 20 subs. 2 PIL Statute applies.

## Fifth Section: Recognition and Enforcement of Foreign Decisions

### Art. 25

I. Recognition
1. General Rule

A foreign decision is recognized in Switzerland:

(a) if jurisdiction lay[1] with the judicial or administrative authorities of the country in which the decision was rendered;
(b) if no ordinary judicial remedy[2] can any longer be brought against the decision or if the decision is final, and
(c) if no ground for non-recognition under Article 27 exists.

*Multilateral treaties:* with France, Luxembourg, the Netherlands, the United Kingdom, Portugal, Norway, Italy, Sweden, Finland: (Lugano) Convention du 16 septembre 1988, Arts. 1, 25, 26, 28, 29, 30, protocol Nr. 1 (Art. Ia); with Austria, Belgium, Denmark, Germany, Finland, France, Hungary, Israel, Italy, Luxembourg, the Netherlands, Norway, Poland, Portugal, Spain, Sweden and Turkey: (Hague) Convention du 1 mars 1954 relative à la procédure civile, Art. 18f., SR 0.274.12; with Iceland: (Hague) Convention du 17 juillet 1905 relative à la procédure civile, Art. 18f., SR 0.274.11.
*Bilateral treaties:* with *Austria:* Convention du 16 décembre 1960 entre la Confédération suisse et la République d'Autriche relative à la reconnaissance et à l'exécution de décisions judiciaires, SR 0.276.191.632 unless replaced by the Lugano Convention, see Arts. 55, 56 Lugano Convention; with *Belgium:* Convention du 29 avril 1959 entre la Suisse et la Belgique sur la reconnaissance et l'exécution de décisions judiciaires et de sentences arbitrales, SR 0.276.191.721 unless replaced by the Lugano Convention, see Arts. 55, 56 Lugano Convention; with *Czech Republic:* Convention du

21 décembre 1926 entre la Suisse et la République tchécoslovaque relative à la reconnaissance et à l'exécution de décisions judiciaires (avec protocole additionnel), SR 0.276.197.411 unless replaced by the Lugano Convention, see Arts. 55, 56 Lugano Convention; with *Germany:* Convention du 2 novembre 1929 entre la Confédération suisse et le Reich allemand relative à la reconnaissance et l'exécution de décisions judiciaires et de sentences arbitrales, SR 0.276.191.361 unless replaced by the Lugano Convention, see Arts. 55, 56 Lugano Convention; with *Italy:* Convention du 3 janvier 1933 entre la Suisse et l'Italie sur la reconnaissance et l'exécution de décisions judiciaires, SR 0.276.194.541 unless replaced by the Lugano Convention, see Arts. 55, 56 Lugano Convention; with *Liechtenstein:* Convention du 25 avril 1968 entre la Confédération suisse et la Principauté de Liechtenstein sur la reconnaissance et l'exécution de décisions judiciaires et de sentences arbitrales en matière civile, SR 0.276.195.141; with *Slovakia:* Convention du 21 Décembre 1926 entre la Suisse et la République tchéchoslovaque relative à la reconnaissance et à l'exécution de décisions judiciaires (avec protocole additionnel), SR 0.276.197.411; with *Spain:* Traité du 19 novembre 1896 entre la Suisse et l'Espagne sur l'exécution réciproque des jugements ou arrêts in matière civile et commerciale (avec protocole additionnel), SR 0.276.193.321 unless replaced by the Lugano Convention, see Arts. 55, 56 Lugano Convention; with *Sweden:* Convention du 15 janvier 1936 entre la Suisse et la Suède relative à la reconnaisance et l'exécution de décisions judiciaires et de sentences arbitrales, SR 0.276.197.141 unless replaced by the Lugano Convention, see Arts. 55, 56 Lugano Convention.

*Previous law:* Cantonal, e.g. Para. 302 Zurich ZPO.

*Legislative history:* Experts Draft, *Art. 23;* Experts Report, p. 82; Fribourg Colloque, p. 28; Government Draft, *Art. 23;* Government Report, point 217, 217.1, p. 65; Senate Debate, Amtliches Bulletin 1985, pp. 123, 134; House Debate, Amtliches Bulletin 1986, p. 1308; Senate Debate, Amtliches Bulletin 1987, p. 183; House Debate, Amtliches Bulletin 1987, p. 1068.

*Case law:* Federal decisions: BGE 118 Ia 118; 116 II 376. Cantonal decisions: Sem. Jud. 1992, S. 219; ZR 89 Nr. 87, S. 198; ZR 88 Nr. 37, S. 126; BJM 1991, S. 31; PKG 1990 Nr. 57, S. 193; ARGVP 1989, S. 72; RVJ 1991, S. 254.

*Notes*

1. Jurisdiction lay (E), compétence était donnée (F), Zuständigkeit war begründet (G), vi era competenza (I). See Arts. 58, 84, 108, 111, 149 and 165.

2. Ordinary judicial remedy (E), recours ordinaire (F), ordentliches Rechtsmittel (G), rimedio giuridico ordinario (I).

### Art. 26

2. Jurisdiction[1] lies with a foreign authority,[2]
Jurisdiction[1] of Foreign Authorities

(a) if a provision of this Statute[3] so provides or, if there is no such provision, if the defendant had his or her domicile[4] in the country where the decision was rendered;

(b) if, in disputes of financial interest, the parties by an agreement valid under this Statute[5] subjected themselves to the jurisdiction of the authority[2] that rendered the decision;

53

PIL STATUTE

    (c) if in a dispute of financial interest the defendant entered an unconditional appearance,[5] or
    (d) if, in the case of a counterclaim, the authority that rendered the decision had jurisdiction over the principal claim, and the two claims are materially connected.[6]

*Treaties:* see Art. 25 PIL Statute.
*Legislative history:* Experts Draft, *Art. 24;* Experts Report, p. 83; Fribourg Colloque, pp. 11, 67; Government Draft, *Art. 24;* Government Report, point 217.2, p. 65; Lausanne Colloque, p. 245; Senate Debate, Amtliches Bulletin 1985, p. 136; House Debate, Amtliches Bulletin 1986, pp. 1295, 1296, 1309; Festschrift Moser, p. 246; Senate Debate, Amtliches Bulletin 1987, p. 183.
*Case law:* Cantonal decisions: PKG 1990 Nr. 57, S. 193; RVJ 1991, S. 254.

*Notes*
1. Direct international jurisdiction of the Swiss courts is covered by Art. 2 PIL Statute. This Article deals with 'indirect' international jurisdiction of foreign authorities for purposes of recognition and declaration of enforceability in Switzerland. Both articles have only a subsidiary function.
2. *See* Art. 1 PIL Statute.
3. Or an international treaty, e.g. the Lugano Convention.
4. *See* Art. 20 PIL Statute.
5. Compare Art. 6 PIL Statute.
6. Compare Art. 8 PIL Statute.

**Art. 27**

3. Grounds for Non-recognition

*1.* A foreign decision is not recognized in Switzerland if its recognition would be clearly[1] incompatible with Swiss public policy.

*2.* A foreign decision is also not recognized if a party proves:

(a) that neither according to the law of its domicile nor according to the law of its habitual residence[2] was the party properly served with process, unless the party entered an unconditional appearance in the proceedings;
(b) that the judgment was rendered in violation of essential principles of Swiss procedural law,[3] especially, the party was denied the right to be heard;[4]
(c) that a lawsuit between the same parties concerning the same case was first commenced or decided in Switzerland, or was first decided in a third country, provided that the prerequisites for the recognition of that decision are met.[5]

*3.* In no other respects may the foreign decision be reviewed on the merits.

54

*Treaties:* see Art. 25 PIL Statute. Lugano Convention, Art. 27.
*Previous law:* BGE 102 Ia 308, 574; 105 Ib 47.
*Legislative history:* Experts Draft, *Art. 25*; Experts Report, p. 84; Government Draft, *Art. 25*; Government Report, point 217.3, p. 66; Lausanne Colloque, p. 150; Senate Debate, Amtliches Bulletin 1985, p. 137; House Debate, Amtliches Bulletin 1986, p. 1309; Festschrift Moser, p. 118.
*Case law:* Federal decisions: BGE 116 II 625. Cantonal decisions: Sem. Jud. 1992, S. 219; SJZ 88 Nr. 52, S. 340; ARGVP 1989, S. 72.

*Notes*
1. Clearly (E), manifestement (F), offensichtlich (G), manifestamente (I). This word does not appear in Art. 17 PIL Statute, which deals with the applicable law. It is designed to indicate a particularly stringent requirement to overcome the basic policy of favor recognitionis.
2. See Art. 20 PIL Statute.
3. Essential principles of Swiss procedural law (E), principes fondamentaux ressortissant à la conception suisse du droit de procédure (F), wesentliche Grundsätze des schweizerischen Verfahrensrechts (G), principi procedurali svizzeri essenziali (I). Such essential principles may be gathered from the Supreme Court decisions on Arts. 4 and 59 of the Swiss Federal Constitution, below. *See* also Art. 18 PIL Statute.
4. Right to be heard (E), possibilité de faire valoir ses moyens (F), rechtliches Gehör (G), diritto d'essere sentita (I).
5. BGE 116 II 13.

## Art. 28

II. Enforceability

A decision recognized pursuant to Articles 25 to 27 is declared enforceable on petition[1] by the interested party.

*Treaties:* see Art. 25 PIL Statute. Lugano Convention, below, Art. 34.
*Legislative history:* Experts Draft, *Art. 27*; Experts Report, p. 85; Government Draft, *Art. 26*; Government Report, point 217.4, p. 68; Senate Debate, Amtliches Bulletin 1985, p. 138; House Debate, Amtliches Bulletin 1986, pp. 1295, 1296, 1309; Senate Debate, Amtliches Bulletin 1987, p. 183; House Debate, Amtliches Bulletin 1987, p. 1068.
*Swiss substantive law:* The exequatur procedure is cantonal. It may be 'wrapped in' with the enforcement of debt procedure inasmuch as the exequatur question is raised incidentally or preliminarily to mainlevée d'opposition, Rechtsöffnung. *See* e.g. Para. 302 Zurich ZPO.

*Note*
1. Petition (E), requête (F), Begehren (G), istanza (I).

## Art. 29

III. Procedure

*1.* A petition[1] for recognition or declaration of enforceability must be directed to the competent authority of the canton in which the foreign decision is invoked. The following must be attached[2] to the petition:

PIL STATUTE

*Case law:* Cantonal decisions: ZR 89 Nr. 103, S. 267.
*Jurisdiction:* see Art. 109 PIL Statute.
*Foreign decisions:* see Art. 111 PIL Statute.

*Note*
1. Law at the place of the court (E), droit du for (F), Recht am Gerichtsort (G), diritto del foro (I), lex fori (L).

### Art. 111

III. Foreign Decisions

*1.* Foreign decisions on rights in intellectual property are recognized in Switzerland if:

(a) they were rendered in the country of defendant's domicile,[1] or
(b) they were rendered in the country for which protection of those rights was sought, provided that defendant was not domiciled[1] in Switzerland.

*2.* Foreign decisions on the validity or registration of rights in intellectual property are recognized only if they were rendered in the country for which protection of those rights is sought, or if they are recognized there.

*Swiss Federal Constitution:* Art. 59 below.
*Bilateral treaties:* see Art. 25 PIL Statute.
*Legislative history:* Experts Report, p. 196; Government Draft, *Art. 108;* Government Report, point 274, p. 141; Senate Draft, *Art. 108c;* Senate Debate, Amtliches Bulletin 1985, pp. 155, 157; House Debate, Amtliches Bulletin 1986, p. 1354
*Jurisdiction:* see Art. 109 PIL Statute.
*Applicable law:* see Art. 110 PIL Statute.

*Note*
1. *See* Art. 20 PIL Statute.

## Ninth Chapter: Obligations[1]

### First Section: Contracts

### Art. 112

I. Jurisdiction
1. General Rule

*1.* Lawsuits in contract are subject to the jurisdiction of the Swiss courts at defendant's domicile[2] or, if there is none, at his or her habitual residence.[2]

107

### Art. 128

II. Applicable Law

*1.* Claims based on unjust enrichment[1] are governed by the law applicable to the existing or reputed legal relationship[2] on which the enrichment is based.

*2.* If there is no such legal relationship, claims in unjust enrichment are governed by the law of the country in which the enrichment took place. The parties may agree that the law at the place of the court[3] applies.

> *Previous law:* BGE 78 II 385, 93 II 373.
> *Legislative history:* Experts Draft, *Art. 128;* Experts Report, p. 231; Government Draft, *Art. 125;* Government Report, point 283.2, p. 157, Senate Debate, Amtliches Bulletin 1985, p. 164; House Debate, Amtliches Bulletin 1986, pp. 1355, 1358; Senate Debate, Amtliches Bulletin 1987, p. 190.
> *Jurisdiction: see* Art. 127 PIL Statute.
> *Foreign decisions: see* Art. 149 PIL Statute.
> *Swiss substantive law:* Art. 62 CO. The statute of limitations on unjust enrichment claims under Swiss substantive law is one year from knowledge of the claim, and in any event ten years from the enrichment, Art. 67 CO.
>
> *Notes*
> 1. This includes the statute of limitations.
> 2. Reputed legal relationship (E), rapport judidique supposé (F), vermeintliches Rechtsverhältnis (G), rapporto giuridico presunto (I).
> 3. Lex fori (L).

### Third Section: Unlawful Acts[1]

### Art. 129

I. Jurisdiction
1. General Rule

*1.* Lawsuits based on unlawful acts[1] are subject to the jurisdiction of the Swiss courts at the domicile[2] of the defendant or, if he or she has none, at the place of his or her habitual residence[2] or business establishment.[2]

*2.* If the defendant has neither his or her domicile,[2] nor his or her habitual residence,[2] nor his or her business establishment[2] in Switzerland, jurisdiction lies with the Swiss court where the act occurred or where it had its effect.

*3.* If several defendants are subject to Swiss jurisdiction, and if the lawsuits are based on substantially the same facts and law, each court has jurisdiction over all defendants; the court seized first has exclusive jurisdiction.

PIL STATUTE

*Swiss Federal Constitution:* Art. 59, below.
*Multilateral treaties:* with France, Luxembourg, the Netherlands, the United Kingdom, Italy, Portugal, Norway, Finland, Sweden: Lugano Convention, below, Art. 5 nos. 3, 4, 5; Art. 6 no. 1, Art. 6A. On Jurisdiction on collision at sea: Convention internationale du 10 mai 1952 pour l'unification de certaines règles relatives à la compétence civile en matière d'abordage, SR 0.747.313.24.
*Legislative history:* Experts Draft, *Art. 115;* Experts Report, p. 213; Fribourg Colloque, pp. 59, 60, 81; Government Draft, *Art. 126;* Government Report, point 284, 284.1, 284.11, p. 158; Senate Debate, Amtliches Bulletin 1985, p. 164; House Debate, Amtliches Bulletin 1986, pp. 1355, 1358; Festschrift Moser, p. 244; Senate Debate, Amtliches Bulletin 1987, p. 190.
*Case law:* Federal decisions: BGE 117 II 204.

*Notes*
1. Unlawful acts (E), actes illicites (F), unerlaubte Handlungen (G), atti illeciti (I).
2. *See* Art. 20 PIL Statute.

### Art. 130

2. In Particular

*1.* For damage caused by a nuclear plant or shipment, jurisdiction lies with the Swiss courts at the place where the damaging event[1] occurred.

*2.* If this place cannot be ascertained, jurisdiction lies as follows:

(a) if the operator[2] of a nuclear plant is liable, with the Swiss courts at the site of the plant;
(b) if the holder of a transportation permit is liable, with the Swiss courts at the holder's domicile[3] or at his or her elected domicile.[4]

*3.* Lawsuits to enforce the right to receive information from the holder of a database may be brought before the courts under Article 129 or the Swiss courts at the place where the database is maintained or used.

*Previous law:* BGE 99 II 315.
*Legislative history:* Government Draft, *Art. 127;* Government Report, point 284.12, p. 159; Senate Debate, Amtliches Bulletin 1985, p. 164; House Debate, Amtliches Bulletin 1986, pp. 1355, 1358; Senate Debate, Amtliches Bulletin 1987, p. 190. *Subs. 3:* Datenschutzgesetz, Loi fédérale du 19 juin 1992 sur la protection des données.
*Treaties:* The Lugano Convention does probably not apply. Switzerland is not a party to the Paris and Brussels Conventions.
*Statutes:* Kernenergiehaftpflichtgesetz, Loi fédérale du 18 mars 1983 sur la responsabilité civile en matière nucléaire (LRCN), SR 732.44. Datenschutzgesetz, Loi fédérale du 19 juin 1992 sur la protection des données.

120

3. Novation, waiver and set-off agreements[2] are governed by the provisions of this Statute on the law applicable to the contracts (Arts. 116 et seq. PIL Statute).

*Previous law:* BGE 81 II 175 189; 63 II 384.
*Legislative history:* Experts Draft, *Art. 147;* Experts Report, pp. 258, 259; Government Draft, *Art. 144;* Government Report, point 285.5, p. 174; Senate Debate, Amtliches Bulletin 1985, p. 167; House Debate, Amtliches Bulletin 1986, pp. 1356, 1359; Festschrift Moser, p. 115.
*Swiss substantive law:* Arts. 127 et seq. CO.

*Notes*
1. Statute of limitations (E), prescription (F), Verjährung (G), prescrizione (I).
2. Set-off agreements (E), contrat de compensation (F), Verrechnungsvertrag (G), contratto di compensazione (I).

**Fifth Section: Foreign Decisions**

**Art. 149**

*1.* Foreign decisions concerning claims under the law of obligations are recognized in Switzerland:

(a) if rendered in the country of the defendant's domicile;[1] or
(b) if rendered in the country of the defendant's habitual residence,[1] provided the claims are connected with the activities there.

*2.* A foreign decision is also recognized:[2]

(a) if it concerns a contractual obligation, was rendered in the country of performance of that obligation, and the defendant was not domiciled[1] in Switzerland;
(b) if it concerns claims arising from a contract with consumers, was rendered at the domicile[1] or habitual residence[1] of the consumer, and the conditions of Article 120 subsection 1 are met;
(c) if it concerns an employment contract, was rendered either at the place of the employer's operation or at the place of work, and the employee was not domiciled[1] in Switzerland;
(d) if it concerns claims arising from the operation of a business establishment[1] and was rendered at the seat of that establishment;[1]
(e) if it concerns claims of unjust enrichment, was rendered at the place of the act or effect, and the defendant was not domiciled[1] in Switzerland; or

(f) if it concerns claims for unlawful acts, was rendered at the place of the act or its effect, and the defendant was not domiciled[1] in Switzerland.

> *Swiss Federal Constitution:* Art. 59, below.
> *Multilateral treaties:* see Arts. 251, 107, 110, 134 PIL Statute.
> *Bilateral treaties:* see Art. 25 PIL Statute.
> *Legislative history:* Experts Draft, *Art. 148;* Experts Report, pp. 259–261; Fribourg Colloque, pp. 7, 44, 68; Government Draft, *Art. 145;* Government Report, point 286, p. 175; Senate Debate, Amtliches Bulletin 1985, p. 167; House Debate, Amtliches Bulletin 1986, pp. 1288, 1356, 1359; Festschrift Moser, pp. 116, 117; Senate Debate, Amtliches Bulletin 1987, p. 188; House Debate, Amtliches Bulletin 1987, p. 1069
> *Jurisdiction:* see Arts. 112, 127, 129 PIL Statute.
> *Applicable law:* see Arts. 116, 128, 132 PIL Statute.
>
> Notes
> 1. *See* Art. 20 PIL Statute.
> 2. Further, *see* Art. 26 PIL Statute, in particular letter c.

---

*Note on the Swiss Private International Law of Bills and Notes*

The Swiss private international law of bills and notes/negotiable instruments remains outside the scope of the PIL Statute. *See* Arts. 1086–1095 and 1138–1142 CO, corresponding to the Geneva Convention on Drafts SR 0.215.551.2 and the Geneva Convention on Checks, SR 0.211.555.2.

---

## Tenth Chapter: Companies

### Art. 150

*[marginal: II. Juris 1. G Rule]*

*[marginal: I. Definitions[1]]* *1.* As used in this Statute, the term 'companies' means organized bodies of persons and organized units of assets and liabilities.[2]

*2.* Partnerships that have not provided themselves[3] with an organization are subject to the law governing contracts (Arts. 116 et seq. PIL Statute).

> *Bilateral treaties:* with *Croatia:* Traité de commerce du 27 septembre 1948 entre la Confédération suisse et la République fédérative populaire de Yougoslavie, 1948, Art. 10, SR 0.946.298.181; with *Germany:* Concerning Boards of Directors of Border Water Power Plants, Accord du 6 décembre 1955 entre la Confédération suisse et la République fédérale d'Allemagne au sujet du règlement de questions concernant les conseils d'administration des sociétés anonymes constituées en République fédérale d'Allemagne en vue d'exploiter les usines hydroélectriques frontières du Rhin, 1957, SR 0.221.333.213.6; with *Greece:* Convention d'établissement et de protection