IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN O'NEILL, Jr., et al.**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 03-1766( RBW) |
| ) | |
| **THE REPUBLIC OF IRAQ, et al.**, ) | |
| ) | |
| Defendants. ) | |

### RESPONSE TO COURT'S SHOW-CAUSE ORDER AND
### MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE

On December 15, 2003, this Court issued an order to show cause why proof of service on defendants has not been submitted, failing which the complaint would be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P. Plaintiffs hereby move for an extension of time to effect service, and otherwise respond as follows:

The primary defendant named in the Complaint is the Republic of Iraq. Service on Iraq is governed by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608. *See also* Rule 4 (j)(1), Fed. R. Civ. P. All of the other defendants named in the Complaint are also foreign entities, virtually all of whom have to be served abroad pursuant to special procedures specified in Rule 4 (f), Fed. R. Civ. P. The Federal Rules of Civil Procedure provide for a time limit for service on defendants of 120 days after the filing of the Complaint except with respect to foreign states and foreign defendants who have to be served abroad.

Indeed, Rule 4(m), Fed. R. Civ. P., by its express terms provides that "[t]his subdivision

[requiring service within 120 days] does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1)." Thus the Federal Rules clearly contemplate the possibility that service abroad, which often involves requirements for translations, for enlisting the assistance of foreign judicial authorities pursuant to international conventions, and in the case of foreign sovereigns, the need for service to be effected through diplomatic channels with the assistance of the United States Department of State, will take longer than the specified 120 days.

In this particular case, the problems of service abroad are magnified manifold by the circumstance that, because of the United States military action in Iraq, the Republic of Iraq has no recognized government in place, and has had no government in place since this Complaint was filed on August 19, 2003. Section 1608 of the FSIA (28 U.S.C. § 1608) provides four hierarchical methods of effecting service on a foreign sovereign.[1] Unfortunately, none of those methods can be used when there is no recognized government in place.

In fact, Mr. Ambush, counsel of record in this case, sought the assistance of the State

---

[1] The four methods are, in order of preference,
(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service...; (2) ...by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; (3) ... by sending a copy of the summons and complaint and a notice of suit, together with a translation of each..., by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned; (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each..., by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services–and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

Department, Special Consular Services, in accordance with subsection (4) of Section 1608 of the FSIA, and was told that it is the view of the State Department that, until some recognized government is formally in place in Iraq, there is no possibility of effecting service under the FSIA.  See Declaration of Joshua M. Ambush filed herewith.  Indeed, Mr. Ambush was told that the State Department has in fact received other formal requests for service from clerks of courts in other cases similar to this one, and has determined that there is nothing that can presently be done to effect service because no diplomatic channels exist to contact a foreign sovereign that has no government.  Declaration at ¶¶ 6-9.  Accordingly, the State Department is merely holding on to such requests for service on Iraq until such time as a recognized government is put in place.  Id at ¶ 8.

Although plaintiffs in this case have named numerous defendants in addition to the Republic of Iraq, the Complaint alleges that all of the non-Al Qaeda and Al Qaeda- affiliated defendants played roles that were secondary to the central role played by the Republic of Iraq and its agents and instrumentalities.  It would make little sense to attempt to pursue those defendants if plaintiffs cannot pursue the litigation against Iraq, its agents and instrumentalities.

## CONCLUSION

Accordingly, plaintiffs respectfully request and hereby move for an extension of time to effect service on the Republic of Iraq and on other foreign defendants until 60 days after installation and recognition of a government in the Republic of Iraq.

Respectfully submitted,

/s/_____
Paul G. Gaston, # 290833
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW Suite 750
Washington, DC 20036
Tel. 202-296-5856
Fax 202-296-4154

Joshua M. Ambush, # MD 27025
Law Offices of Joshua M. Ambush, LLC
600 Reistertown Road
Suite 200A
Baltimore, MD 21208
Tel. 410-484-2070
Fax 410-484-9330

DATED: December 29, 2003

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN O'NEILL, Jr., et al.**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 03-1766( RBW) |
| ) | |
| **THE REPUBLIC OF IRAQ, et al.**, ) | |
| ) | |
| Defendants. ) | |

ORDER

The Court having considered plaintiffs' response to the Court's Show-Cause Order of December 15, 2003, and having considered plaintiff's motion for an extension of time until 60 days after installation of a recognized government in Iraq to perfect service, and it appearing that the response and the motion are well-founded and supported, it is hereby--

ORDERED, that plaintiffs shall have an extension of time until 60 days after installation and recognition of a government in Iraq to perform service on defendants pursuant to the requirements of Rule 4, Fed. R. Civ. P., and pursuant to 28 USC Section 1608.

_____
United States District Court Judge

DATED: _____

Copies To:

Paul G. Gaston
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW Suite 750
Washington, DC 20036

Joshua M. Ambush
Law Offices of Joshua M. Ambush, LLC
600 Reistertown Road
Suite 200A
Baltimore, MD 21208

## CERTIFICATE OF SERVICE

I hereby certify that foregoing Response and Motion will be served on all defendants who enter an appearance either through counsel or pro se in the above captioned matter.

/s/_____
Paul G. Gaston