UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BURNETT,

               -Plaintiff-               1:03-CV-09849 (RCC),
                                                   03 MDL 1570 (RCC)

               -against-

AL BARAKA INVESTMENT &amp;            DECLARATION IN SUPPORT OF
DEVELOPMENT CORP., et al.,          DEFENDANT'S MOTION FOR
                                           A MORE DEFINITE STATEMENT

                     Defendants,

            SAMI OMAR AL-HUSSAYEN,

                 Defendant (D223).

-------------------------------------------------------X

STATE OF NEW YORK     )
                            )ss:
COUNTY OF NEW YORK  )

       JOSHUA L. DRATEL, pursuant to 28 U.S.C. §1746, hereby affirms under penalty of perjury:

       1.  I am an attorney, and as local counsel to Nevin, Benjamin & McKay, LLP, I represent defendant Sami Omar Al-Hussayen (D223) in the above-captioned case.  I make this Declaration in support of Mr. Al-Hussayen's Motion for a More Definite Statement and for leave to make further motions as they become appropriate.

       2.  On November 22, 2002, Plaintiffs in this action filed their Third Amended Complaint ("the Complaint") in the United States District Court for the District Of Columbia.  That document lists 199 plaintiffs by name, 5,000 unnamed plaintiffs listed as "additional plaintiffs," 189 defendants by name, and another 5,000 grouped as unnamed "additional defendants."

       3.  Prior to the filing of the Complaint, the District Court ordered that "subsequent to the

filing of the Third Amended Complaint, plaintiffs may without further leave of court add or remove parties by listing their names (and numbers) and filing the lists as supplemental pleadings under Rule 15(d)." *See* Case Management Order No. 1, undated, at ¶ 3.

4. Thereafter, on May 2, 2003, Plaintiffs filed their Second Addition and Removal of Defendants adding, amongst others, Sami Omar Al-Hussayen (D223), as a defendant in this action. However, pursuant to the Court's Order, the Complaint was not further amended to reflect any acts or omissions of Mr. Al-Hussayen upon which any of the Plaintiffs relied in alleging liability.

5. As detailed in the accompanying Memorandum of Law, the Third Amended Complaint filed in this matter is so vague and ambiguous that Mr. Al-Hussayen cannot reasonbly be expected to frame a response without causing prejudice to himself. Therefore, a more definite statement should be provided to Mr. Al-Hussayen to meet the "notice" requirements of Rule 8, Fed.R.Civ.P.

6. Further, with respect to Counts Eleven through Thirteen of the Complaint, which allege violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, a more specific statements should be provided to the defendant to comply with Rule 8, Fed.R.Civ.P., as well as the specificity requirements of Rule 9(b), Fed.R.Civ.P., and the Court's Individual rules for RICO claims, for claims involving fraud.

7. For the reasons set forth above, it is respectfully submitted that the Court should issue an Order, pursuant to Rule 12(e), Fed.R.Civ.P., directing the Plaintiffs to specify the following:

    a.    What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs relies on in asserting that the defendant, Sami Omar Al-Hussayen (D233), is liable, under Count One of the Third Amended Complaint, as a "Foreign Defendant" or one of such defendant's "agencies, officials,

employees and agents that violated the federal and common laws cited" in the Third Amended Complaint;

a.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiff rely on in asserting that the defendant, Sami Omar Al-Hussayen (D233), is liable, under Count Two of the Third Amended Complaint, for "torture and extrajudicial killing within the meaning of the Torture Victim Protection Act, Pub.L. 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note (West 1993));"

b.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that the defendant, Sami Omar Al-Hussayen (D233), is liable, under Count Three of the Third Amended Complaint, for

engag[ing] in acts of international terrorism;
activities that involve violent acts dangerous to
human life that are in violation of the criminal law
of the United States and appear to be intended to
intimidate or coerce a civilian population; to
influence policy of a government by intimidation or
coercion; or to affect the conduct of a government
by assasination[;]

c.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that the defendant, Sami Omar Al-Hussayen (D233), is liable, under Count Three of the Third Amended Complaint, for

acts of international terrorism, the aiding and
abetting international terrorism, conspiring to
commit further acts of international terror, engaging
in criminal enterprise to promote international
terrorism through illegal schemes, and/or the
material support and sponsorship of international
terrorism[;]

d.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that the defendant, Sami Omar Al-Hussayen (D233), is liable, under Count Three of the Third Amended Complaint, for aiding, abetting, conspiring, or otherwise engaging in or providing material support for the acts of international terrorism, "including but not limited to providing material support and/or aiding and abetting assistance to Osama bin Laden, al Qaeda, and international terrorism" which "allowed al Qaeda to carry out the terrorist attacks on the United States on September 11, 2001;"

3

e.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that the defendant, Sami Omar Al-Hussayen (D233), is liable, under Count Three of the Third Amended Complaint, for "acts in furtherance of international terrorism, including but not limited to financial sponsorship, training, education, travel, logistical or any other material support;"

f.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Four of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233),

> aided and abetted, sponsored, financial [sic], promoted, fostered, materially supported, or otherwise conspired to proximately cause the death and injury of innocent persons namely the Plaintiff herein through and by reason of acts of international terrorism;

g.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Five of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), is liable for

> engaging in, materially supporting or sponsoring, financing, aiding and abetting, scheming and/or otherwise conspiring to commit or cause to occur acts of murder and wrongful death, specifically, the mass murder committed by the terrorist attacks of September 11, 2001;

h.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Five of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), is liable for "injuries and damages" which "were proximately caused by the intentional, malicious, reckless, criminal, violent, grossly negligent or negligent acts of the Defendants;"

i.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Six of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), was

> under a general duty not to injure, murder or cause to be injured or murdered, not to commit or sponsor criminal or tortious acts, endanger lives, foster terror and/or engage in activity that would foreseeably lead to the personal injury and/or death

4

of Plaintiffs;

j.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Six of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), "undertook duties of care" or was "endowed and entrusted duties by virtue of [his] position of public trust;"

k.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Seven of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), is liable "as a result of the intentional, malicious, reckless, conspiratorial, criminal, grossly negligent and negligent acts of Defendants" which placed those killed on September 11, 2001 "in a severe, often prolonged, extreme, traumatic, apprehension of harmful, offensive unwarranted bodily contact, injury and assault;"

l.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Eight of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), is liable because

> Defendants intended or knew or should have known, that their conduct and actions would lead to the killing of or injury to innocent persons and resulting severe emotional distress; the Defendants intended, knew or should have known that the September 11, 2001, suicide hijackings and intended mass murder would kill, maim, and/or permanently injury innocent people[;]

m.     What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Eight of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), engaged in actions that were "unconscionable and done with an intentional, malicious, willful, grossly negligent and/or negligent disregard for the rights and lives of those murdered, those injured, and the surviving loved ones;"

n.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Eight of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), engaged in "acts and conduct . . . undertaken in an intentional, grossly negligent and/or negligent manner intended to or reasonable foreseeable to result in the killing of innocent people;"

o.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Nine of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233),

> Unlawfully, willfully and knowingly combined, conspired, confederated, aided and abetted, tacitly and/or expressly agreed to participate, cooperate and engaged in unlawful and tortious acts pursuant to a common course of conduct, namely the promotion and sponsoring of international terrorism, resulting in the death and injury of Plaintiffs;

p.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Nine of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233)

> conspired with, encouraged, furthered and agreed to provide material support, funding, sponsorship, aiding and abetting and/or other material resources to al Qaeda, Osama bin Laden, and the ends of international terrorism in furtherance of this conspiracy;

q.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Nine of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233),

> engaged in a commonly motivated, organized, concerted and conspiratorial acts, efforts, transactions, material support, and activities designed, intended, and foreseeably to cause acts of international terrorism including the terrorist attack on the United States, its citizens and society on September 11, 2001.

r.      Whether the defendant, Sami Omar Al-Hussayen (D233), is one of the co-conspirators whom plaintiffs assert in Count Nine of the Third Amended Complaint, "continue in their quest to attack the United States, resulting in harm to Plaintiffs, which was done pursuant to and furtherance [sic] of this concert of action, agreement, enterprise, civil and criminal conspiracy and common scheme," and if so, what acts or omission plaintiffs rely on for such claim;

s.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or

6

others, plaintiffs rely on in asserting in Count Ten of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), "knowingly and substantially assisted in the sponsorship of Osama bin Laden, al Qaeda, international terrorism and the September 11, 2001 terrorist attacks;"

t.      What act or omission of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting in Count Ten of the Third Amended Complaint, that the defendant, Sami Omar Al-Hussayen (D233), "at the time of such aiding and abetting . . . knew or should have known that [his] role was part of an overall and ongoing illegal, criminal and/or tortious activity;"

u.      With Respect to Counts 11, 12, and 13 of the Third Amended Complaint, as set forth in the Honorable Richard Conway Casey's Instructions for Filing a RICO Statement, plaintiffs should for each Count:

(1)     list each defendant and state the alleged misconduct and basis of liability of each defendant;

(2)     list the alleged wrongdoers, other than the defendant, and state the misconduct of each wrongdoer;

(3)     list the alleged victims and state how each victim was allegedly injured;

(4)     describe in detail the pattern of racketeering activity.  Such description should include, but is not limited to:

(i)     the dates of, the participants in, and a description of the facts surrounding the predicate acts;

(ii)    if the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).  Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

(iii)   state whether a predicate act is based on a criminal conviction;

(iv)    state whether civil litigation has resulted in a judgment with regard to the predicate acts;

(v)     describe how the predicate acts form a "pattern of racketeering activity;" and

7

      (vi)     state whether the alleged predicate acts relate to each other as part of a common plan.  If so, describe in detail;"

  (5)     describe in detail the alleged enterprise for each RICO claim.  A description of the enterprise should include the following information:

      (i)     state whether any defendants are employees, officers or directors of the alleged enterprise;

      (ii)     state whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise;

      (iii)     if any individuals are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity;

  (6)     state and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity;

  (7)     describe the effect of the activities of the enterprise on interstate or foreign commerce.

v.     With respect to Count Eleven of the Third amended complaint, regarding the violation of 18 U.S.C. § 1962(a), describe the use or investment of the income received from the pattern of racketeering.

x.     With respect to Count Eleven of the Third amended complaint, specify how the defendant, Sami Omar Al-Hussayen (D233) comprises or is by himself an "enterprise" within the meaning of RICO.

y.     With respect to Count Eleven of the Third amended complaint, specify the acts or omissions of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that Sami Omar Al-Hussayen provided "material support" for a pattern of racketeering.

z.     With respect to Count Eleven of the Third amended complaint, specify the acts or omissions of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that Sami Omar Al-Hussayen participated as a principal, agent, and/or co-conspirator in any such pattern of racketeering.

aa.     With respect to Count Eleven of the Third amended complaint, specify under

what statute plaintiffs claim that acts of terrorism satisfied the definition of "racketeering activity" prior to the enactment of the USA Patriot Act in October 2001.

bb.    With respect to Count Eleven of the Third amended complaint, specify the acts or omissions of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that Sami Omar Al-Hussayen was "associated in fact with a common purpose" with others constituting and enterprise, and what the "objectives of the enterprise" were.

cc.    With respect to Count Eleven of the Third amended Complaint, specify the acts or omissions of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that Sami Omar Al-Hussayen "conspired to violate Title 18, United States Code, Section 1962(a)" and which "multiple acts indictable under the laws of the United States" Mr. Al-Hussayen committed.

    (1)    For each "act indictable under the laws of the United States" that Plaintiffs allege Mr. Al-Hussayen committed, specify the time, place, and manner in which Mr. Al-Hussayen committed each act.

dd.    With respect to Count Eleven of the Third amended Complaint, specify the acts or omissions of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that Sami Omar Al-Hussayen "agreed that conspirators would commit acts of racketeering in the conduct of the affairs of the enterprise," and when such agreements were made.

ee.    With respect to Count Eleven of the Third amended Complaint, specify the acts or omissions of the defendant, Sami Omar Al-Hussayen (D233), or others, as well as the time of those acts or omissions, plaintiffs rely on in asserting that

> Defendants and others would and did misrepresent,
> conceal and hide, and cause to be misrepresented,
> concealed and hidden the purpose of, and acts done,
> in furtherance of the conspiracy, and in violation of
> Title 18, United States Code, Section 1962 (a).

ff.    With respect to Count Eleven of the Third Amended Complaint, specify how any acts or omissions of the defendant, Sami Omar Al-Hussayen, were a direct and proximate cause of the Plaintiffs losses, and the amount of such losses.

cc.    With respect to Count Twelve of the Third amended complaint, regarding the violation of 18 U.S.C. § 1962(c), specify what acts of the defendant, Sami Omar Al-Hussayen, the plaintiffs rely on in alleging that he participated as a principal, agent, or co-conspirator in an enterprise, and that he "used and invested, both

directly and indirectly, the income and proceeds of such acts in establishing and furthering the operation of terrorist enterprises[.]" Further, specify the time, place, and manner in which the acts or omission were committed.

dd.   With respect to Count Twelve of the Third amended complaint, specify under what statute plaintiffs claim that acts of terrorism satisfied the definition of "racketeering activity" prior to the enactment of the USA Patriot Act in October 2001.

ee.   With respect to Count Twelve of the Third amended complaint, regarding the violation of 18 U.S.C. § 1962(c), specify how the defendant, Sami Omar Al-Hussayen (D223), was "associated in fact with a common purpose" with any others so that they constituted an enterprise.

ff.   With respect to Count Twelve of the Third amended complaint, regarding the violation of 18 U.S.C. § 1962(c), specify how any such enterprise "affected interstate and foreign commerce."

gg.   With Respect to Count Twelve of the Third Amended Complaint, regarding the violation of 18 U.S.C. § 1962(c), specify how the defendant Sami Omar Al-Hussayen (D223) was "employed by and associated with an enterprise, namely the al Qaeda Enterprise."

hh.   With respect to Count Twelve of the Third amended Complaint, specify the acts or omissions of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that Sami Omar Al-Hussayen conspired to violate Title 18, United States Code, Section 1962(c) and which "multiple acts indictable under the laws of the United States" Mr. Al-Hussayen committed.

(1)   For each "act indictable under the laws of the United States" that Plaintiffs allege Mr. Al-Hussayen committed, specify the time, place, and manner in which Mr. Al-Hussayen committed each act.

ii.   With respect to Count Twelve of the Third Amended Complaint, specify which defendants "agreed that conspirators would commit acts of racketeering in the conduct of the affairs of the enterprise."  Further, specify the time, place, and manner in which "co-conspirators devised, intended to devise, and participated in a scheme to defraud," and what "money and property" that scheme was intended to obtain "by means of materially false and fraudulent pretenses, representations, and promises, and material omissions"

jj.   With respect to Count Twelve of the Third Amended Complaint, specify which "Defendants and others would and did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden the purposes of, and acts done, in

furtherance of the conspiracy," and the time, place, and manner of any such acts or omissions.

kk.    With respect to Count Thirteen of the Third Amended Complaint, specify the acts or omissions of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that Sami Omar Al-Hussayen provided "material support" for a pattern of racketeering.

ll.    With respect to Count Thirteen of the Third Amended Complaint, specify the time, place, and manner in which the defendant, Sami Omar Al-Hussayen, "participated" as a principal, agent and co-conspirator in an enterprise.

mm.    With respect to Count Thirteen of the Third Amended Complaint, specify the time, place, and manner in which the defendant, Sami Omar Al-Hussayen, "used and invested, both directly and indirectly, the income and proceeds of such acts."

nn.    With respect to Count Thirteen of the Third Amended Complaint, specify under what statute plaintiffs claim that acts of terrorism satisfied the definition of a "racketeering activity" prior to the enactment of the USA Patriot Act in October 2001.

oo.    With respect to Count Thirteen of the Third Amended complaint, regarding the violation of 18 U.S.C. § 1962(d), specify how the defendant, Sami Omar Al-Hussayen, was "associated in fact with a common purpose" with any others so that they constituted an enterprise.

pp.    With respect to Count Thirteen of the Third Amended Complaint, specify the acts or omissions of the defendant, Sami Omar Al-Hussayen (D233), or others, plaintiffs rely on in asserting that Sami Omar Al-Hussayen conspired to violate Title 18, United States Code, Section 1962(d) and which "multiple acts indictable under the laws of the United States" Mr. Al-Hussayen committed.

(1)    For each "act indictable under the laws of the United States" that Plaintiffs allege Mr. Al-Hussayen committed, specify the time, place, and manner in which Mr. Al-Hussayen committed each act.

qq.    With respect to Count Thirteen of the Third Amended Complaint, specify which defendants "agreed that conspirators would commit acts of racketeering in the conduct of the affairs of the enterprise." Further, specify the time, place, and manner in which "co-conspirators devised, intended to devise, and participated in a scheme to defraud," and what "money and property" that scheme was intended to obtain "by means of materially false and fraudulent pretenses, representations, and promises, and material omissions"

11

rr.     With respect to Count Thirteen of the Third Amended Complaint, specify the time, place, and manner in which the defendant, Sami Omar Al-Hussayen, "would and did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden the purposes of, and acts done, in furtherance of the conspiracy[.]"

ss.     With respect to Count Thirteen of the Third amended complaint, regarding the violation of 18 U.S.C. § 1962(d), describe the direct causal relationship between the alleged injury and the violation of the RICO statute and list the damages for which each defendant is allegedly liable.

8.  Prior application for this relief has not been made.

WHEREFORE, it is respectfully submitted that the Court grant defendant Sami Omar Al-Hussayen's motion in its entirety, and issue an Order directing the Plaintiffs to file a "more definite statement" setting forth those particulars listed above; and grant Mr. Al-Hussayen leave to amend and/or supplement this motion and/or file further motions as the become appropriate, including challenges to personal jurisdiction and service; and for any such other and further relief as to this Court seems just and proper.

I declare under penalty of perjury that the foregoing is true to and correct to the best of my knowledge and belief.  28 U.S.C. §1746.  March 18, 2004.


_____
JOSHUA L. DRATEL