Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I

THIS COURT SHOULD COMPEL THE PLAINTIFFS
TO FILE A MORE DEFINITE STATEMENT SO THAT
THE DEFENDANT CAN FRAME A RESPONSIVE PLEADING . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    *Rule 8 of the Federal Rules of Civil Procedure Requires a Complaint to
            Provide the Defendant With "Fair Notice" of the Claims Against Them* . . . . . . . . . . . . . 2

    B.    *A More Definite Statement Is Required Before the Defendant Can Respond* . . . . . . . . . . 3

    C.    *The RICO Counts Must Be Pleaded With Even Greater Specificity* . . . . . . . . . . . . . . . . . 5

POINT II

THE DEFENDANT SHOULD BE GRANTED
LEAVE TO MAKE ADDITIONAL MOTIONS
WHEN THEY BECOME APPROPRIATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A.    *Personal Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B.    *Insufficient Service* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Introduction**

This Memorandum of Law is submitted on behalf of defendant Sami Omar Al-Hussayen (D223) in support of his Motion for a More Definite Statement, pursuant to Rule 12(e), Fed.R.Civ.P., and for leave to make additional motions as they become appropriate.

**Statement of Facts**

On November 22, 2002, Plaintiffs in this action filed their Third Amended Complaint ("the Complaint") in the United States District Court for the District of Columbia. That document lists 199 plaintiffs by name, 5,000 unnamed plaintiffs listed as "additional plaintiffs," 189 defendants by name, and another 5,000 grouped as unnamed "additional defendants." The caption alone on the Complaint spans 198 pages and the text of the Complaint itself spans an additional 208 pages.

Prior to the filing of the Third Amended Complaint, the District Court ordered that "subsequent to the filing of the Third Amended Complaint, plaintiffs may without further leave of court add or remove parties by listing their names (and numbers) and filing the lists as supplemental pleadings under Rule 15(d)." *See* Case Management Order No. 1, undated, at ¶ 3. Thereafter, on May 2, 2003, Plaintiffs filed their Second Addition and Removal of Defendants adding, amongst others, Sami Omar Al-Hussayen (D223), as a defendant in this action. However, pursuant to the Court's Order, the Complaint was not further amended to even mention Mr. Al-Hussayen, let alone reflect any acts or omissions of Mr. Al-Hussayen upon which any of the Plaintiffs relied in alleging liability.

On December 9, 2003, the Judicial Panel on Multidistrict Litigation Ordered that, pursuant to 28 U.S.C. § 1407, this action be transferred to the Southern District of New York and

assigned to this Court for coordinated or consolidated proceedings with five other actions, four of which were already pending in the Southern District of New York and a fifth which was pending in the District of Columbia.

Defendant Sami Omar Al-Hussayen (D223) now files the instant Motion for a More Definite Statement, pursuant to Rule 12(e), Fed.R.Civ.P.

## ARGUMENT

## POINT I

### THIS COURT SHOULD COMPEL THE PLAINTIFFS TO FILE A MORE DEFINITE STATEMENT SO THAT THE DEFENDANT CAN FRAME A RESPONSIVE PLEADING

When a pleading is so vague or ambiguous that a responsive pleading cannot be framed, the responding party need not serve a response, but may instead move the Court for an order directing the pleader to serve a more definite statement, pursuant to Rule 12(e), Fed.R.Civ.P. As set forth below, it is respectfully submitted that the Complaint in the instant matter, which does not mention the defendant, Sami Omar Al-Hussayen (D223), is so unclear as to the claims against Mr. Al-Hussayen that he cannot be expected to respond without causing prejudice to himself.

A.  *Rule 8 of the Federal Rules of Civil Procedure Requires a Complaint To Provide the Defendant With "Fair Notice" of the Claims Against Them*

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." However, that statement must still be comprehensive enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002), *citing Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Further, the complaint must also "sufficiently appraise a defendant of the charges asserted against it." *Humpherys v. Nager,* 962 F.Supp. 347, 351 (E.D.N.Y. 1997). Here, the Complaint does not contain a "short and plain statement" of the claims made against the defendant Sami Omar Al-Hussayen (D223), Rule 8(a)(2); nor is each averment "simple, concise, and direct." Rule 8(e)(1).

A defendant's recourse in such a situation as exists here is found in Rule 12(e), Fed.R.Civ.P., which provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." That more definite statement is intended to ensure that both the Court and the parties are made aware, at the pleading stage, of who is being sued, why, and for what. *See generally McHenry v. Renne*, 84 F.3d 1172, 1178-180 (9th Cir. 1996).

As detailed above, because Mr. Al-Hussayen (D223) was named as a defendant in this action by a supplemental pleading, the Complaint was never amended to include any reference to him, or to acts or omissions he is alleged to have committed. Thus, the overwhelming density of the Complaint presents a significant problem for Mr. Al-Hussayen in particular, who has not been provided with any indication of how the Plaintiffs allege he is liable.

Accordingly, it is respectfully submitted that the Plaintiffs must be directed to furnish Mr. Al-Hussayen (D223) with a more definite statement setting forth those claims made against him with enough specificity to inform him of the how it is alleged he is liable, and for what, in order to comply with the "notice" requirement of Rule 8, Fed.R.Civ.P.

**B.     *A More Definite Statement is Required Before the Defendant Can Respond*.**

As set forth above, because the Complaint fails to provide Mr. Al-Hussayen with notice of the claims against him it is not possible for him to determine what allegations are being made against him by examining the document. Rather than enumerate which acts or omissions each defendant is alleged to have engaged in, the Complaint refers mostly to "the Defendants" and makes numerous conclusory allegations without attributing specific conduct to individual defendants. It is exactly these types of blanket accusations which prevent parties from framing responses, and which Rule 12(e) is intended to remedy. *See Veltman v. Walpole Pharmacy, Inc.*, 928 F.Supp. 1161, 1164 (M.D.Fla. 1996) (more definite statement proper where Complaint makes "general allegations" and "fails to separate each alleged act by each defendant," making it "virtually impossible to ascertain from the Complaint which defendant committed which alleged act").

Moreover, as the District Court stated in *Ames v. Associated Musicians of greater New York, et al.,* 47 F.R.D. 540 (S.D.N.Y. 1968), when, as here, "[t]he complaint is a jumble of averments apparently directed at various of the defendants, . . . [t]he various defendants cannot reasonably be required to frame responsive pleadings to the allegations which will properly draw the issues between the plaintiffs and the respective defendants." *Id*. at 542. As a result, the District Court in *Ames* noted that the defendants were "very plainly" entitled to a more definite statement of the complaint which removed "all matter which is argumentative, redundant, discursive and conclusory . . . before being required to serve responsive pleadings." *Id.*

Accordingly, it is respectfully submitted that the Plaintiffs should be required to furnish Mr. Al-Hussayen with responses to those particulars listed in the accompanying Declaration filed herewith to enable him to interpose a response in this action.

### C. The RICO Counts Must Be Pleaded With Even Greater Specificity

As part of the "more definite statement" that the Plaintiffs should be directed to file to comply with the notice requirements of Rule 8, Plaintiffs should also be required to file a RICO statement with respect to Counts Eleven through Thirteen of the Complaint ("the RICO Counts"), which allege violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. As detailed by the instructions for filing a RICO statement set forth in the Court's Individual Rules

> [a]ll parties asserting claims pursuant to the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, must file and serve upon the opposing party a RICO Statement[.] . . . The RICO statement shall include the facts the party is relying upon to assert the RICO claim as a result of the "reasonable inquiry" required by Rule 11, Fed.R.Civ.P.

*See* Instructions for Filing RICO Statement contained in the Individual Rule of the Honorable Richard Conway Casey, a copy of which is annexed hereto as Appendix A.

The liberal notice pleading standard of Rule 8, Fed.R.Civ.P., is tempered by Rule 9(b), Fed.R.Civ.P., which states that in averments of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." That provision is applicable to RICO claims, such as those in the instant case, for which fraud is the predicate illegal act. *See Moore v. Paine Webber, Inc.*, 189 F.3d 165, 172 (2nd Cir. 1999), *citing O.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp.*, 84 F.3d 629, 634 (2nd Cir. 1996).

Moreover,

> [i]n the RICO context, Rule 9(b) calls for the complaint to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.' The Plaintiffs must

>also 'identify the purpose of the mailing within the defendant's fraudulent scheme.'

*Id.* at 173, *quoting McLaughlin v. Anderson*, 962 F.2d 187, 191 (2nd Cir. 1989). In addition, "the plaintiffs 'must allege facts that give rise to a strong inference of fraudulent intent.'" *Moore, supra,* at 173, *qu*oting *San Leandro Emergency Med. Group Profit Sharing Plan v. Phillip Morris Cos.*, 75 F.3d 801, 812 (2nd Cir. 1996).

However, as set forth **ante** at 1, because the Complaint was not amended further to include specific allegations against Mr. Al-Hussayen, *no information whatsoever* has been provided to put Mr. Al-Hussayen on notice as to what facts the plaintiffs are relying on to assert the RICO claims against him specifically.

Additionally, the allegations that *are* contained in the Complaint do not meet the requisite level of specificity required. For example, throughout the RICO Counts, the Complaint alleges liability against such general classes of defendants as:

1. The Defendant charities, banks, businesses, terrorists, terrorist cell, and other individuals and entities, ¶ 691;

2. Defendants herein, including the agents, directors, officers, and employees of Defendants, ¶¶ 694, 702, 710;

3. Defendants herein and others, being persons employed by and associated with an enterprise, namely the al Qaeda Enterprise, ¶ 703, 711.

In even more instances in both the RICO and non-RICO Counts, too numerous to count and enumerate here, the Complaint refers to acts or omissions of "the Defendants" but does not even attempt to specify which of the *over 5,000 defendants* are being referred to in each allegation.

Therefore, it is respectfully submitted that this Court should direct the Plaintiffs to file a RICO statement as part of their "more definite statement" to comply with this Court's Individual Rules, as well as with Rules 8(a) and 9(b), Fed.R.Civ P.

## POINT II

### THE DEFENDANT SHOULD BE GRANTED LEAVE TO MAKE ADDITIONAL MOTIONS WHEN THEY BECOME APPROPRIATE

As set forth above, because Mr. Al-Hussayen will not have *any* information regarding the allegations against him until he is furnished with a "more definite statement" by the plaintiffs, it is respectfully submitted that the Court should grant Mr. Al-Hussayen leave to amend and/or supplement this motion and/or file additional motions as they become appropriate based on the plaintiffs' disclosures.

A.   *Personal Jurisdiction*

The defendant respectfully asserts that, upon information and belief, this Court lacks personal jurisdiction over him for purposes of this litigation. Absent a more definite statement from the Plaintiffs, the defendant cannot fully brief the issue at this time. However, because under Rule 12(h), Fed.R.Civ.P., such a defense would be waived if not raised in a Rule 12 motion, the defendant raises that defense now and seeks leave to amend and/or supplement this motion after a more definite statement is provided to him.

B.   *Insufficient Service*

Similarly, the defendant respectfully asserts that, upon information and belief, that service of process by the Plaintiffs in this litigation was insufficient. Absent a more definite statement from the Plaintiffs, the defendant cannot fully brief the issue at this time. However,

7

because under Rule 12(h), Fed.R.Civ.P., such a defense would be waived if not raised in a Rule 12 motion, the defendant raises that defense now and seeks leave to amend and/or supplement this motion after a more definite statement is provided to him.

**Conclusion**

For all the reasons set forth above, and all papers and proceedings had herein, it is respectfully submitted that Mr. Al-Hussayen's Motion for a More Definite Statement be granted in its entirety and that Mr. Al-Hussayen be granted leave to file additional motions at the time they become appropriate.

Dated: March 18, 2004
      New York, New York

                              Respectfully submitted,

                              JOSHUA L. DRATEL
                              JOSHUA L. DRATEL, P.C.
                              14 Wall Street
                              28th Floor
                              New York, New York 10005
                              (212) 732-0707

                              *Appearing as local counsel to*

                              NEVIN, BENJAMIN & McKAY, LLP
                              David Nevin
                              Scott McKay
                              Dean Arnold
                              303 W. Bannock
                              P.O. Box 2772
                              Boise, Idaho 83701
                              (208) 343-1000

                              *Attorneys for Defendant*
                              *Sami Omar Al-Hussayen (D223)*

*Of Counsel*

Marshall A. Mintz