# EXHIBIT D

# TURKISH REPUBLIC
## 4TH CRIMINAL COURT OF ISTANBUL
### NO:

# VERDICT

№ 10445

| | |
|---|---|
| ESSENTIAL NO | : 2002/14 |
| VERDICT NO | : 2003/ 160 |
| PUBLIC PROSECUTOR'S OFFICE NO: | 2001/ 38441 |
| CHAIRMAN | : Selahattin ÇETİN          22955 |
| MEMBER | : Mithat Okyay YİĞİTBAŞ   16004 |
| MEMBER | : Cavit MARANCI             23890 |
| PUBLIC PROSECUTOR | : İlker YAŞAR                     23277 |
| TYPIST OF MINUTES | : Fatma ŞENGÜL |
| PLAINTIFF | : K.H. |
| LAWYER OF THE INTERVENING PARTY | : MANAGEMENT OF İSTANBUL'S COURTS OF LAW |
| ATTORNEY | : Lawyer Erden ŞİŞLİ |
| ACCUSED PERSONS | : |

15 Temmuz 2003

1- MOHAMMED AL-FAISAL AL-SAUD, son of Melik Al-Faisal, born in 1937, registered at the birth registration office of Saudi Arabia; Kemeraltı Cad., No: 46, Tophane, İstanbul;

2- SALİH ÖZCAN, born of Birhi and Hatun in 1929, registered at the birth registration office of Harran, Şahinalan, Şanlıurfa; Lalebahçe Sk., No: 9/39, Merter, İstanbul;

3- MOHAMMED FOUAD EL-SARRAF, born of Mantepe and Zakire in 1925, registered at the birth registration office of Egypt, Souhag; 2. Ulus Yolu Sk., Durak Apt., D. 8, Etiler, İstanbul;

4- OMAR ABDI ALI, born in 1929, in Las Korch, registered at the birth registration office of Somalia Republic; Kemeraltı Cad. No: 46, Tophane, İstanbul;

5- MAHMOUD EL-HELW, son of Aleksandreie in 1935, registered at the birth registration office of Egypt, Alexandria, dwelling at the same place;

6- ABDU HAMED ABOU MOUSSA, son of Charbia, born in 1940, registered at the birth registration office of Cairo, Egypt; residing at the same place;

7- ABDULAZIZ ABDULLAH EL-FADDAH, son of El-Fadda, born in 1939, registered at the birth registration office of Riyadh, Saudi Arabia, residing at the same place;

| | |
|---|---|
| ATTORNEY OF THE ACCUSED PERSONS | : Lawyer Mustafa ÇELİK, of the lawyers of the Bar of Istanbul |
| OFFENCE | : Violation of the Tax Manner Code no. 213 |
| DATE OF OFFENCE | : 1996 |
| DATE OF VERDICT | : 10.06.2003 |

At the end of the open judgment as regards to those Accused Persons the names of whom are mentioned hereabove:

№ 10445

## THE REQUIREMENT THEREOF BEING CONSIDERED

In the Indictment prepared by the Public Prosecutor of İstanbul against the Accused Persons, he has demanded that the said persons be penalized for having violated Tax Code No. 213, as per Article No. 359/b-2 of the same Code.

The Accused Persons and their Attorney have expressed in their separate written and oral defences that they did not commit the alleged offence; that they lived abroad and dealt with their other businesses; that they were the owners and Board Members of Faisal Finance Institution Inc., which operated in Turkey; yet that the administrative affairs and all kinds of activities were carried out by those Turkish administrators that were deputized by themselves; and that if aught error was made, the liability thereof was to fall upon those persons; and thus demanded that verdict be issued for their acquittal.

On the other hand, **THE PUBLIC PROSECUTOR STATED IN HIS REMARKS** that the alleged offence was not proven according to the gathered information, the contents of the file, the Expert's Report and the Rationale whereupon that Report is based; and demanded that the Accused Persons be acquitted.

It has been understood that the Accused Persons were Chairman and the Board Members of Faisal Finance Institution Inc, the headoffice whereof is located in Tophane, İstanbul, which operates as a Special Finance House, a Taxpayer of Boğaziçi Kurumlar Vergi Dairesi (Boğaziçi Tax Department of Institutions) with Reg. No. 3840038660; that though the Accused Persons were Chairman and Board Members of the mentioned Company, the transactions of the Company were not actually carried out by them; that the Company was managed by those persons that were deputized by them; that those transactions subject to the offence were realized at the İzmir Branch of Faisal Finance Institution Inc.; and that those persons vested with 1st degree signature authority were Bülent Haki ERCAN, Bayram ÜSTÜNOĞLU, İbrahim YILDIRIM, Abdullah UFALAK through the official letters of the Commercial Registration Department of İzmir.

All the opposing studies and reports as regards to the offence have been brought; and the file has been conveyed to the Expert within the frame of the reports and the records within the frame of indictmint and defence. And according to the Expert's Report, it has been understood that the sale and purchase subject to the offence occurred at the same time; that Faisal Finance Institution Inc. paid for the price of the commodity mentioned in the invoices that had been arranged in the name of Faisal Finance Institution Inc. in advance and sold it to its client by installments; and that it issued an invoice concerning the sale and divided it into installments with the profits thereof; that the particular point was determined not by the Vendor but by the Client (Final Purchaser); that V.A.T.'s had been conveyed to declarations; that reductions of the payments had been realized and informed to the Tax Departments. It has also been seen that there happened to be no conflict therein and also that this sort of movement of invoices are such invoices as are arranged for the evaluation of the cash movements in the direction of the operative system of Special Finance Houses.

In consideration of the whole contents of the file, the existing evidences, the Expertise Report, the positions of the Accused Persons in the Company, the fact that they managed business transactions by means of their deputies in the Company and that accordingly they can not be held liable for the arising incidents, and that the Accused Persons be

**ACQUITTED** separately from the offence that has not been proven.

The verdict has been taken unanimously *in absentia* of the Accused Persons to the Attorney of the Accused Persons *in absentia* of the Intervening Lawyer, in the presence of the Public Prosecutor İlker YAŞAR in accordance to the demand; the verdict has been openly announced. 10.06.2003

T.C.
İSTANBUL
4. AĞIR CEZA MAHKEMESİ
Sayı:

№ 10445
15. Temmuz 2003

K A R A R

ESAS NO          : 2002/14
KARAR NO         : 2003/160
C.SAVCILIK NO    : 2001/38441

BAŞKAN       : Selahattin Çetin 22955
ÜYE          : Mithat Okyay Yiğitbaş 16004
ÜYE          : Cavit Marancı 23890
C.SAVCISI    : İlker Yaşar 23277
KATİP        : Fatma Şengül
DAVACI       : K.H.
MÜDAHİL      : İST. MUHAKEMAT MÜDÜRLÜĞÜ.
VEKİLİ       : Av. Erden ŞİŞLİ

SANIKLAR     : 1- MOHAMMED AL FAİSAL AL SAUD Melih Al Faisal oğlu 937 D.lu. Suudiarabistan Nof. Kay. Kemar altı Cad. No 46 Tophane ist.
2- SALİH ÖZCAN Birhi ve Hatun'dan olma, 929 D.lu. Şanlıurfa, Harran Şahinalan nüf. Kayıtlı. Lale bahce sok. No 9/39 Merter ist.
3- MOHAMMED FOUAD EL SARRAF Mantepe ve Zakire oğlu, 925 D.lu. Mısır Souhaç nüf. Kayıtlı. 2. ulus yolu sok. Durak apt. D. 8 Etiler ist.
4- OMAR ABDİ ALİ Las Korch 939 D.lu. Samali Donetretik cum.nüf. Kayıtlı. Kameraltı cad. No 46 Tophane ist.
5- MAHMOUD EL HALW Aleksandreie oğlu 935 D.lu. Mısır İskenderiye nüf. Kayıtlı. Aynı yerde bulunur.
6- ABDU HAMED ABOU MOUSSA Charbia oğlu 940 D.lu Mısır Kahire nüf. Kayıtlı. Aynı yerde bulunur.
7- ABDULAZİZ ABDULLAH EL FADDA El Fadda oğlu, 939 D.lu Suudiarabistan Riyad nüf. Kayıtlı. aynı yerde bulunur.

VEKİLLERİ    : Av. Mustafa ÇELİK İst. Barosu avukatlarından.

| | |
|---|---|
| SUÇ | : 213 Sayılı Vergi Usul Kanununa Muhalefet. |
| SUÇ TARİHİ | : 996 Yılı |
| KARAR TARİHİ | : 10.6.2003 |

Yukarıda açık kimlikleri yazılı sanıklar hakkında mahkememizde yapılan açık yargılamalar sonunda :

GEREĞİ DÜŞÜNÜLDÜ :

Sanıklar hakkında İstanbul Cumhuriyet Başsavcılığı tarafından tanzim edilen iddianame ile sanıkların 213 sayılı vergi usul yasasına muhalefet ettiklerinden bahisle aynı yasanın 359/b-2 maddesi gereğince ayrı ayrı yazılı ve sözlü olarak yaptıkları savunmalarında : üzerlerine atılı müsnet suçu işlemediklerini, kendilerinin yurt dışında yaşayıp buralarda diğer işleri ile uğraştıklarını, Türkiye'de faaliyet gösteren Faisal Finans Kurumu A.Ş.nin sahibi ve yönetim kurulu üyesi olduklarını, ancak idari işleri ve tüm çalışmaları vekalet verdikleri Türk yöneticiler tarafından yönetilip yürütüldüğünü, bu nedenle eğer yanlış bir işlem varsa veya yapılmış ise sorumluluğun bu kişilerde olacağını belirterek beraatlerine karar verilmesini talep etmişlerdir.

CUMHURİYET SAVCISI ESAS HAKKINDAKİ MÜTALAASINDA İSE : Toplanan delillere, dosya münderecatına, bilirkişi raporuna ve raporun dayandığı gerekçeye göre sanıkların müsnet suçu subut bulmadığını belirterek sanıkların beraatlerine karar verilmesini talep etmiştir.

Sanıkların İst. Tophane semtinde merkezi bulunan Faisal Finans Kurumu A.Ş.nin yönetim kurulu başkan ve üyeleri oldukları, kuruluşun özel finans kurumu olarak faaliyette bulunduğu ve Boğaziçi Kurumlar Vergi Dairesinin 3840038660 Sicil nolu vergi mükellefi oldukları, sanıklar her ne kadar şirketin yönetim kurulu başkan ve üyeleri iselerde şirketin işlerinin bizzat kendileri tarafından yapılmadığı, vekalet verdikleri yetkili kişiler tarafından şirketin yönetildiği ve suça konu işlemlerin Faisal Finans Kurumu A.Ş.nin İzmir şubesinde yapıldığı ve İzmir Şubesi 1. derece yetkilisinin Bülent Haki Ercan, Bayram Üstünoğlu, İbrahim Yıldırım, Abdullah Ufalak olduğu ve İzmir Ticaret Sicil Müdürlüğünün yazılarından anlaşılmaktadır.

Suça konu işlemlerle ilgili tüm karşıt inceleme ve raporları getirilmiş, gelen raporlar ve kayıtlar çerçevesinde dosya iddia ve savunma çerçevesinde bilirkişiye verilerek rapor alınmıştır. Bilirkişi raporuna göre de suça konu olan alım ve satımın aynı anda gerçekleştiği, Faisal Finans Kurumu A.Ş.nin adına düzenlenen faturalardaki malın bedelini peşin ödeyerek kendi müşterisine vadeli sattığı ve satışa ilişkin fatura vererek karı ile birlikte taksitlendirdiği, buradaki

özellik arz eden hususun satıcının değil, müşteri tarafından ( Nihai alıcının ) tarafından tesbiti olup, bu işlemler sırasında KDV lerin beyanlara intikal ettirilip ödemelerinin indirim konularının yapılıp vergi dairelerine bildirildiğidir. Bunlardan herhangi bir uyuşmazlık olmadığı, ayrıca bu tür fatura hareketlerinin özel Finans kurumlarının çalışma sistemi doğrultusunda para hareketlerinin değerlendirilebilmesi için tanzim edilen fatura olduğu da tesbit edilmiş olmakla,

Tüm dosya kapsamı mevcut deliller, bilirkişi raporları, sanıkların şirketteki konumları ve işleri vekilleri ile yönettikleri ve bu nedenle oluşan eylemlerden sorumlu tutulmayacakları sonucuna da varılmakla subut bulmayan suçtan sanıkların ayrı ayrı **BERAATLERİNE**,

Dair karar sanıkların yokluğunda, sanıklar vekilinin yüzüne karşı, müdahil vekilinin yokluğunda, C.Savcısı İlker Yaşar'ın huzuru ile isteme uygun olarak, oy birliğiyle verilen karar açıkca okunup anlatıldı. 10.6.2003

Başkan 22955          Üye 16004          Üye 23890          Katip



T.C.
İSTANBUL
DÖRDÜNCÜ AĞIR CEZA
MAHKEMESİ
Sayı: 2002
MAHKEMEMİZİN 14 ESAS NO'LU
DOSYASINDAKİ ASLI GİBİDİR.

