IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN ASHTON, et al.,<br><br>      Plaintiffs,<br>v.<br><br>AL QAEDA ISLAMIC ARMY, et al.,<br><br>      Defendants. | Civil Action No. 02-6977 (RCC)<br>(MDL No. 1570) |

**INTERNATIONAL INSTITUTE OF ISLAMIC THOUGHT'S
MOTION TO DISMISS THE CLAIMS AGAINST IT IN
PLAINTIFFS' FOURTH AMENDED COMPLAINT**

The International Institute of Islamic Thought ("IIIT") hereby moves this Court for an order dismissing the Fourth Amended Consolidated Master Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, IIIT relies upon the accompanying Memorandum of Points and Authorities.

                                                           Respectfully submitted,

Dated:   March 19, 2004        By:  /s/ Nancy Luque
                                                       NANCY LUQUE (NL-1012)
                                                       STEVEN A. MADDOX (SM-7829)
                                                       MICHAEL D. MCNEELY (MM-6169)
                                                       DONNA M. SHEINBACH (DS-6247)
                                                       **GRAY CARY WARE & FREIDENRICH** LLP
                                                       1625 Massachusetts Avenue, NW, Suite 300
                                                       Washington, DC  20036-2247
                                                       Tel: 202-238-7700
                                                       Fax: 202-238-7701

                                                       *Attorneys for the International Institute*
                                                        *of Islamic Thought (Admitted Pro Hac Vice)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN ASHTON, et al., <br><br> Plaintiffs, <br> v. <br><br> AL QAEDA ISLAMIC ARMY, et al., <br><br> Defendants. | Case No. 02-CV-6977 (RCC) <br> (MDL No. 1570) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
INTERNATIONAL INSTITUTE OF ISLAMIC THOUGHT'S
MOTION TO DISMISS THE CLAIMS AGAINST IT IN
PLAINTIFFS' FOURTH AMENDED COMPLAINT**

The International Institute of Islamic Thought ("IIIT") hereby submits this Memorandum of Points and Authorities In Support of its Motion to Dismiss the Claims Against It in Plaintiffs' Fourth Amended Consolidated Master Complaint ("Complaint")[1], pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## INTRODUCTION

This motion squarely presents the question of whether simply being an Islamic institution gives rise to potential liability in United States courts for Al Qaeda's September 11th attacks on the World Trade Center. IIIT respectfully submits that the answer must be "No," even, and perhaps especially, here in the Southern District of New York.

---

[1] Undersigned counsel received Plaintiffs' Fourth Amended Consolidated Master Complaint last week; thus, this Motion is based upon the allegations contained within the Third Amended Consolidated Master Complaint. According to Plaintiffs' counsel, however, the only changes made to the Fourth Amended Complaint are to the caption and lists of parties.

This is a short memorandum because *there are only two allegations about IIIT* to be found anywhere in the Complaint's 600 paragraphs of allegations against more than 400 defendants. First, there is a bare allegation that IIIT is a "co-conspirator" with 25 other individuals and entities—without any allegations as to what, when, where, or how IIIT did anything in furtherance of the alleged conspiracy. Second, there is an allegation that IIIT gave money to two charitable organizations that have since been accused (by an unnamed person) of being cells of Islamic Jihad. There are no allegations as to IIIT's knowledge concerning the charitable organizations' connection, if any, to Islamic Jihad at the time of IIIT's contributions. Nor is there any allegation that even purports to tie these supposed cells of Islamic Jihad to the World Trade Center attacks that is the lynchpin of Plaintiffs' causes of action for intentional murder, assault and battery, and property damage.

Rule 12(b)(6) is designed to protect a defendant like IIIT from being subject to the stigma and expense of litigation where the plaintiff cannot even allege, much less prove, facts sufficient to support a claim for relief. Every defendant is entitled to that protection, no matter how atrocious the damage suffered by a plaintiff, the religion of those thought to be responsible, and the geographic location of the courthouse. No one is to be dragged through litigation based on a conclusory allegation of being a "co-conspirator" and a single allegation of fact that does not bear any relationship to the elements of any cause of action. IIIT would be entitled to that protection in any court hearing any case arising from any event, but most especially here in the Southern District of New York in a case arising from the attacks on the World Trade Center.

The Complaint should be dismissed as to IIIT.

2

**BACKGROUND AND RELEVANT FACTS**

IIIT is a scholarly institute that publishes educational works and engages in cultural activities and programs throughout the world. Its constituents are promoters of religious scholarship who work closely with other renowned Muslim scholars, analyzing and attempting to understand Qur'anic teachings in the context of contemporary challenges. IIIT sponsors various intellectual and cultural conferences and seminars to encourage social religious thought, and publishes and distributes its works and other research materials in several languages.

The Complaint broadly alleges that more than 400 co-defendants "intentionally, willfully and knowingly conspired, planned, financed, supported, executed and carried out a plan to murder, maim and injure United States' citizens, residents and others on September 11, 2001." (Compl. at ¶ 5.) There are eight causes of action based on intentional murder, assault and battery, and property damage arising out of the attacks on September 11th. (Compl. at ¶¶ 612-25.)

IIIT is mentioned only twice in more than 600 paragraphs of allegations. First, plaintiffs allege that IIIT it is a "co-conspirator" along with twenty-four other parties. (Compl. at ¶ 339.) The Complaint does not state how these twenty-five parties are related except to say that they all do business or are registered to do business in the United States. (*Id.*) Nor does the complaint contain any allegations as to what IIIT did—when or where—in furtherance of the supposed conspiracy. Second, plaintiffs allege that IIIT received financing from an entity called "SAAR," and that IIIT "financed two Florida charitable organizations accused of being cells for Islamic Jihad in Florida." (Compl. at ¶ 579.) The Complaint does not contain any allegation as to what IIIT knew about the charitable organizations at the time IIIT gave the money, or how these supposed cells of Islamic Jihad were in any way involved in the September 11th attacks.

3

**ARGUMENT**

The standards governing a motion to dismiss under Rule 12(b)(6) are well known to this Court. In order to succeed on a motion to dismiss for failure to state a claim under Rule 12(b)(6), "it must be clear that the plaintiff can prove no set of facts that would establish his or her claim for relief." *Bell v. Blaze Magazine*, No. 99 Civ. 12342 (RCC), 2001 WL 262718, at *2 (S.D.N.Y. Mar. 16, 2001), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994). In making this determination, a court must assume that the allegations in the complaint are true, drawing all reasonable inferences in favor of the plaintiffs. *Bell*, 2001 WL 262718, at *2, citing *Cooper v. Pate*, 378 U.S. 546, 546 (1964). But "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 534 (2d Cir. 1993) (internal quotations omitted).

"Vague and conclusory allegations" will not withstand a motion to dismiss. *Amalgamated Cotton Garment & Allied Indus. Retirement Fund v. Youngworld Stores Group, Inc.*, No. 99 Civ. 3852 (RCC), 2001 WL 314650, at *2 (Mar. 30, 2001, S.D.N.Y.); *Bell*, 2001 WL 262718, at *2. The complaint "must 'contain allegations concerning *each of the material elements necessary to sustain recovery* under a viable legal theory.'" *Bell*, 2001 WL 262718, at *2 (emphasis added), quoting *Am. Council of Learned Societies v. MacMillan, Inc.*, No. 96 CIV. 4103, 1996 WL 706911, at *3 (S.D.N.Y. Dec. 6, 1996); *see also Amalgamated Cotton*, 2001 WL 314650, at *2.

Plaintiffs' allegation that IIIT is a "co-conspirator" is precisely the kind of vague and conclusory allegation that courts uniformly reject under Rule 12(b)(6). It is not enough to list people or entities and simply assert that each of them is a member of a conspiracy—without any

4

allegation as to what the agreement was, who made the agreement, what was done in furtherance of the agreement, or how the agreement's goals were known to all. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (conclusory, vague and general allegations of conspiracy insufficient); *Hattley v. Goord*, 2003 WL 1700435, at *12 (S.D.N.Y. Mar. 27, 2003) (granting dismissal where complaint did not contain "a single allegation as to when, where or how" the alleged conspiracy was formed); *Bodner v. Banque Paribas*, 114 F. Supp. 2d 117, 125 (E.D.N.Y. 2000) (conclusory allegation of conspiracy without reference to specific facts which might support a conspiracy not sufficient).[2]

Plaintiffs have made no effort to suggest how IIIT engaged in misconduct, and the number of pages of their Complaint spent on defendants about whom they *can* allege specific facts further proves that they know of no facts to suggest that there was any mutual understanding between IIIT and any of the other alleged co-conspirators. *Pollack v. Nash*, 58 F. Supp. 2d 294, 302 (S.D.N.Y. 1999) (citations omitted) (conspiracy claim only pled properly when a plaintiff alleges "specific facts suggesting that there was a mutual understanding among the conspirators to take action directed toward an unconstitutional end"); *see also Dwares v. City of New York*, 985 F.2d 94, 99-100 (2d Cir. 1993) (citations omitted) ("while a plaintiff should not plead mere evidence, he should make an effort to provide some details of time and place and the alleged effect of the conspiracy"); *Campoverde v. Sony Pictures Entertainment*, No. 01 Civ. 7775 (LAP), 2002 WL 31163804, at *5 (S.D.N.Y. Sep. 30, 2002) ("legal conclusions masquerading as factual conclusions" will not survive a motion to dismiss).

---

[2] Curiously, despite that Plaintiffs alleged that IIIT and many other defendants were co-conspirators, they did not allege any conspiracy count in the Complaint. But even if Plaintiffs had included such a count, there are still not enough facts to support such a claim.

Likewise, Plaintiffs' allegation that IIIT gave money to Islamic Jihad patently fails to state a claim against IIIT for the events of September 11th. First, there is no allegation that Islamic Jihad had any role in September 11th, which is the basis for all of Plaintiffs' causes of action as to IIIT. Neither does this sole allegation support any element of any of the causes of action arising from September 11th. Most obviously, the allegation fails to establish the critical elements of causation and intent needed for the intentional murder and assault claims that are the basis of plaintiffs' causes of action. *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (intent essential element of assault and battery); *Lambertson v. United States*, 528 F.2d 441, 444 (2d Cir. 1976) (same); *Dineen ex rel Dineen v. Stramka*, 228 F. Supp. 2d 447, 454-55 (S.D.N.Y. 2002) (dismissing wrongful death claim where plaintiff "failed to allege a sufficient causal or proximate nexus between any action by the defendant and the death of [the plaintiff]"); *Black v. Town of Harrison*, No. 02 Civ. 2097 (RWS), 2002 WL 31002824 (S.D.N.Y. Sept. 5, 2002) (plaintiff pleading assault and battery must allege facts supporting element of intent).

Second, the allegation of financial support would not be sufficient even if plaintiffs somehow attempted to connect Islamic Jihad to September 11th. As a matter of law, the bare allegation of giving money to an alleged terrorist group fails to state a claim based on the acts of that group. *Boime v. Quranic Literacy Inst.*, 291 F.3d 1000, 1011-12 (7th Cir. 2002) (making donations to an alleged terrorist group, without "knowledge of and intent to further payee's violent criminal acts," cannot sustain tort cause of action); *Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 99 (D.D.C. 2002) (financial support of alleged terrorist group not sufficient to establish liability for terrorist act in the absence of additional connection to the act). Even if Plaintiffs could fully establish that IIIT made the alleged contribution, under the allegations of the Complaint it would remain an act wholly independent of any acts leading up to September

6

11th.  *See Loftus v. Southeastern Pennsylvania Trans. Authority*, 843 F. Supp. 981, 987 (E.D. Pa. 1994) (citation omitted) (complaint dismissed where no allegation of "'communication, consultation, cooperation, or command from which [ ] an agreement [could] be inferred'").

In sum, the conclusory allegation that IIIT is a "co-conspirator" is not enough to state a claim for any of the asserted causes of action.  Nor is the bare allegation that IIIT gave money to an "accused" terrorist group that is not even alleged to have participated in the September 11th attacks.  Plaintiffs should not be permitted to go forward with their baseless assertions that subject United States citizens to prosecution because of their foreign extraction.

**CONCLUSION**

For all the foregoing reasons, the International Institute of Islamic Thought respectfully requests that this Court dismiss the claims against it in Plaintiffs' Fourth Amended Consolidated Master Complaint.

Respectfully submitted,

By: /s/ Nancy Luque
   NANCY LUQUE (NL-1012)
   STEVEN A. MADDOX (SM-7829)
   MICHAEL D. MCNEELY (MM-6169)
   DONNA M. SHEINBACH (DS-6247)
   **GRAY CARY WARE & FREIDENRICH** LLP
   1625 Massachusetts Avenue, NW, Suite 300
   Washington, DC  20036-2247
   Tel: 202-238-7700
   Fax: 202-238-7701

   *Attorneys for the International Institute
    of Islamic Thought (Admitted Pro Hac Vice)*

Dated:   March 19, 2004

8

## CERTIFICATE OF SERVICE

  I hereby certify that I caused, on this 19th day of March, 2004, an electronic copy of the foregoing International Institute of Islamic Thought's Motion to Dismiss the Claims Against It In Plaintiffs' Fourth Amended Consolidated Master Complaint to be served by the Court's electronic filing system upon all parties scheduled for electronic notice, and upon the following by electronic mail directly:

    Jkreindler@kreindler.com
    Mmoller@kreindler.com
    Jgreen@kreindler.com
    Amaloney@kreindler.com


      /s/ Donna M. Sheinbach
      Donna M. Sheinbach (DS-6247)