**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE: TERRORIST ATTACKS ON**              **MDL No. 1570 (RCC)**
**SEPTEMBER 11, 2001**

---

**This document relates to:**

> *Thomas E. Burnett, Sr., et al. vs. Al Baraka*
> *Investment and Development Corp., et al.*
> **03 CV 9849 (RCC)**

> *Thomas E. Burnett, Sr., et al. vs. Al Baraka*
> *Investment and Development Corp., et al.*
> **03 CV 5738 (RCC)**

## PLAINTIFFS' SUR-REPLY TO DEFENDANT AL JOMAIH'S MOTION TO DISMISS

The Defendant, Mohammad Abdullah Al Jomaih ("Al Jomaih"), states in his Reply Brief that there is nothing in Plaintiffs' opposition brief or the pleadings to support the "Golden Chain" allegations against him. (Defendant's Brief at p. 5).[1] The crux of Al Jomaih's argument is that the Golden Chain document is not attached to the Complaint or to plaintiffs' response, and there is no evidence in the record concerning it. Thus, Defendant argues, even if his name is on the document, it should be ignored by the Court for the purposes of the motion to dismiss. Al Jomaih ignores, or is unaware of, the fact that Plaintiffs filed a 12(e) response for Yousef Abdul Latif Jameel ("Jameel response") on March 16, 2004. That document, which dealt specifically with the Golden Chain document, is a part of the pleadings in this case. And while the Jameel response did not specifically link Defendant Al Jomaih to the Golden Chain document, Al Jomaih himself readily admits that his name appears on it. Taken together, Third Amended Complaint

---

[1] The Golden Chain document is a list of financial sponsors of al Qaeda.

1

("TAC"), the Jameel response, and Al Jomaih's admission that his name appears on the Golden Chain document are sufficient to refute his argument that plaintiffs' allegations about the Golden Chain are not properly before the Court.[2]

In their memorandum in opposition to Al Jomaih's motion to dismiss, Plaintiffs set out the following about the Golden Chain document and its import to this action:

> The Complaint describes in detail how the Islamic charitable system, the "Golden Chain" and donor/sponsors like Al Jomaih have been utilized to finance illegal al Qaeda activities targeted at the United States. *See* TAC Introduction, pp. 199-200, 203-205. The Complaint also alleges that al Qaeda, in particular, has used the Islamic charity system to funnel money – and hatred – through Islamic charities, with the charities', and thus, the donor's, material support. *Id*. at pp. 207-208. Moreover, the Plaintiffs make allegations specific to Al Jomaih and other Defendants alleging his active monetary sponsorship as a member of the "Golden Chain" the "honor roll" for al Qaeda sponsors. TAC ¶¶ 261-267.

(pp. 33) The citation to the Third Amended Complaint referenced above, however, should have also included the citation to the 12(e) Jameel response; that citation was inadvertently omitted. The Jameel response describes the significance of the Golden Chain document:

> [T]he Golden Chain list, [is] the list of wealthy financial sponsors and supporters of al Qaeda. The Golden Chain was seized by the Bosnian police during searches in the offices of the charity front Benevolence International Foundation in Sarajevo, Bosnia and Herzegovina on March 2002 and presented as evidence by the United States government in the criminal prosecution of al Qaeda. . . . .
>
> The Golden Chain list was presented by the United States government as an exhibit in the Department of Justice's Government's Evidentiary Proffer Supporting the Admissibility of Co-conspirator Statements in the case of *USA v. Arnaout* (U.S.D.C., Northern District of Illinois, Eastern Division) filed on January 29, 2003. The list was also included in the Indictment of Enaam Arnaout on October 9, 2002. According to the United States government, the Golden Chain document is a list of people referred to

---

[2] Defendant does contend that he is not the same Al Jomaih, *see* Defendant's Brief at p. 6, but that is not a matter that can be resolved on this motion to dismiss.

2

> within al Qaeda as the "Golden Chain," all wealthy donors to their extremist cause. . . . .
>
> Originally, the Golden Chain document was seized by the Bosnian police during searches in the offices of Benevolence International Foundation in Sarajevo on March 2002. The Golden Chain was part of a computer file labeled "Tareekh Osama," or "Osama History," containing scanned images of several documents, including the formation minutes of al Qaeda. The computer files seized in Bosnia were delivered to the United States Embassy soon after the raids. The al Qaeda Golden Chain list of top Saudi financial sponsors includes bankers and businessmen, as well as former ministers of Saudi Arabia. The Golden Chain listing of Saudi donors and al Qaeda recipients includes other individuals named as Defendants herein. Major recipients of the Golden Chain are Osama bin Laden and Adel Abdul Jalil Batterjee. These two receive donations from 13 donors listed on the Golden Chain . . . .

Jamell response, ¶¶ 12-14.

These allegations listed above form part of the body of the pleadings in this matter.

The Plaintiffs' pleadings (applicable to Al Jomaih as well to other defendants) thus include allegations concerning the Golden Chain, its history, and its relevance to this litigation. Al Jomaih, in his brief, admits the following about the Golden Chain document: "The name 'Al Jomaih' appears, but even if the document's purpose and provenance were clearer, that would not implicate this Defendant." (Defendant's Brief at p. 6). Al Jomaih seems to forget that this is a motion to dismiss and that Rule 8(a) sets the standard for the sufficiency of a Complaint. The disputed significance of the Golden Chain document with Al Jomaih's name on it cannot be resolved on this motion.

Earlier in this case's procedural history, Judge Robertson, in his memorandum opinion of July 25, 2003, recommended that Defendants who believe that plaintiffs have provided insufficient details about their particular involvement seek a more definite statement pursuant to FRCP 12(e). Judge Robertson's intention was to avoid numerous filings of amended complaints. This Court adopted this same procedure in Case

Management Order No. 1 (Docket No. 16), dated March 3, 2004.  If Al Jomaih believed the allegations against him were lacking in detail, then he should have requested a 12(e) statement.[3]  Instead, the Defendant has pursued a course of filing a motion to dismiss arguing that he has no idea as to the nature of the allegations that have been made against him, while at the same time ignoring the Jameel response, which is part of Plaintiffs' pleadings.  Defendants' decision to ignore certain of the allegations that plaintiffs have made provides no basis for this Court to dismiss the Complaint.

The allegations of the pleadings concerning the network of interlocking donors, charities and other sponsors of al Qaeda demonstrates that Plaintiffs have adequately alleged the roles of numerous defendants in the sponsoring, financing and fostering al Qaeda.  This is also true for Al Jomaih.

Dated:  March 26, 2004                                   Respectfully submitted,


  S/ Michael Elsner
Michael E. Elsner, Esq. (NY & VA-ME8337)
Ronald L. Motley, Esq. (SC-4123)
Jodi Westbrook Flowers, Esq. (SC-66300)
Donald A. Migliori, Esq. (RI-4936; MA-567562;
   MN-0245951)
Jeffrey S. Thompson, Esq. (TX-785101)
William H. Narwold, Esq. (NY-WN1713)
Ingrid L. Moll, Esq. (CT-21866)
Robert T. Haefele, Esq. (NJ-58293; PA-57937)
Justin B. Kaplan, Esq. (TN-022145)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465

---

[3] Plaintiff's counsel, Jodi Westbrook Flowers, Esq., wrote Al Jomaih's counsel on March 25, 2004, offering to utilize the 12(e) procedure (Exhibit 1).

Telephone: (843) 216-9000

Harry Huge, Esq. (DC-55640)
HARRY HUGE LAW FIRM, LLP
Market Square North
401 Ninth Street, N.W., Suite 450
Washington, DC 20004
Telephone: (202) 824-6046

Jayne Conroy, Esq. (NY-JC8611)
Paul J. Hanly, Jr., Esq. (NY-PH5486)
Andrea Bierstein, Esq. (NY-AB4618)
HANLY CONROY BIERSTEIN
   & SHERIDAN, LLP
415 Madison Avenue
New York, NY 10017-1111
Telephone: (212) 401-7600

William N. Riley, Esq. (IN - 4941-49)
Amy Ficklin DeBrota, Esq. (IN - 17294-49)
YOUNG, RILEY, DUDLEY & DEBROTA
3815 River Crossing Parkway, Suite 340
Indianapolis, IN 46240
Telephone: (317) 848-7939

Allan Gerson, Esq. (DC-327494)
ATTORNEY AT LAW
4221 Lenore Lane
Washington, DC 20008
Tel: (202) 966-8557

Chip Robertson, Esq.
Mary Winter, Esq.
BARTIMUS, FRICKLETON, ROBERTSON
    & OBETZ
200 Madison Avenue, Suite 1000
Jefferson City, MO 65101
Telephone: (573) 230-4665

John D'Amato, Esq., (NY-JD9041)
Guy Molinari, Esq., (NY-GM2155)
RUSSO, SCARNARDELLA & D'AMATO, P.C.
1010 Forest Avenue
Staten Island, NY 10310

5

Telephone:  (718) 442-0900

Jack Cordray, Esq. (SC-1400)
CORDRAY LAW FIRM
40 Calhoun Street
Charleston, SC 29401
Telephone:  (843) 577-9761

Sanford Rubenstein, Esq. (NY-SR4488)
RUBENSTEIN AND RYNECKI
16 Court Street
Brooklyn, NY 11241
Telephone:  (718) 522-1020

Michael N. Block, Esq. (NY-MB0957)
SULLIVAN, PAPAIN, BLOCK, MCGRATH
    & CANNAVO, P.C.
120 Broadway Avenue, 18th Floor
New York City, NY 10271
Telephone:  (212) 732-9000

Vincent F. Pitta, Esq. (NY-VFP1435)
Milton Mollen (MM-1504A)
HERRICK, FEINSTEIN, LLP
2 Park Avenue
New York City, NY 10016
Telephone:  (212) 592-1400
Robert Conason, Esq. (NY-RC2605)
GAIR, GAIR, CONASON, STEIGMAN
    & MACKAUF
80 Pine Street
New York City, NY 10005
Telephone:  (212) 943-1090

Gary O. Galiher, Esq. (HI-2008)
GALIHER, DEROBERTIS, NAKAMURA, ONO
    & TAKITANI
610 Ward Avenue, Suite 200
Honolulu, Hawaii 96814
Telephone:  (808) 597-1400

Anthony M. Sellitto, Jr., Esq.
OLIVER & SELLITTO
205 Bond Street

6

Asbury Park, NJ 07712
Telephone (732) 988-1500

Kenneth Sacks, Esq.
SACKS AND SACKS, LLP
150 Broadway, 4th Floor
New York, NY 10038
Telephone: (212) 964-5570

Clare Sproule, Esq.
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177-1211
Telephone: (212) 351-4500

Samuel L. Davis, Esq. (DC-326579 & NJ-7257)
DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, NJ 07666
Telephone: (201) 907-5000

Attorneys for Plaintiff