**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL No. 1570<br><br>This document applies to:<br>*Burnett v. Al Baraka Investment & Development Corp.*, 03 CV 9849 |

**BURNETT PLAINTIFF'S MEMORANDUM IN RESPONSE TO MOTION OF AL RAJHI BANKING & INVESTMENT CORP.'S MOTION FOR ORAL ARGUMENT**

April 2, 2004

Plaintiffs in *Burnett v. Al Baraka Investment & Development Corp.*, 03 CV 9849 (RCC), (the "*Burnett* Plaintiffs") submit this memorandum in response to the motion filed by defendant Al Rajhi Banking & Investment Corp. ("Al Rajhi") for oral argument in connection with its renewed motion to dismiss the *Burnett* complaint. The *Burnett* Plaintiffs have no objection to the scheduling of oral argument on Al Rajhi's fully briefed motion. But Al Rajhi's motion raises other issues to which it is necessary to respond:

### A. Al Rajhi Has Misrepresented the Procedural History of Its Motion

Al Rajhi contends that its previous motion to dismiss "resulted in the dismissal of all but one allegation against the Bank." Al Rajhi Mem. at 1. This is completely false. The D.C. Court's Order, with respect to Al Rajhi, reads in its entirety:

> "The motion to dismiss [# 64] of defendant Al Rajhi Banking and Investment (D4) for lack of subject matter jurisdiction is denied; on the ground of nonjusticiability is denied; for failure to state a claim is granted on the RICO claim and denied without prejudice as to all other claims; and for personal jurisdiction is held in abeyance pending jurisdictional discovery.

*Burnett v. Al Baraka Investment & Devel Corp.*, 274 F.Supp.2d 86, 111 (D.D.C. 2003). As is apparent from this Order, outside of plaintiffs' RICO claims, *not a single allegation of the Burnett complaint was dismissed*.[1] The D.C. court did order plaintiffs to supplement their pleading with a more definite statement pursuant to F.R.C.P. 12(e) and, consistent with its denial

---

[1] Al Rajhi is well aware of this. On January 22, 2004, the *Burnett* plaintiffs wrote to the Court to set the record straight on this very point, after Al Rajhi made the same misrepresentation in a letter dated January 20, 2004. That the D.C. court suggested that without the allegations set forth in a crucial paragraph, ¶ 46, the Third Amended Complaint would not have stated a claim against Al Rajhi is in no way equivalent to its having dismissed any allegations. Indeed, the court's statement would apply with equal force to any complaint in which the crux of the allegations is set forth in a single paragraph. The fact is that ¶ 46 was, and is, part of the Third Amended Complaint and accordingly what the court would have done if that paragraph had not been included is irrelevant; what did occur is that the court *denied* Al Rajhi's motion to dismiss and plaintiffs provided Al Rajhi with an additional 89 paragraphs of allegations directed specifically at the role of Al Rajhi in providing financial support to Osama bin Laden and al Qaeda.

of the motion to dismiss without prejudice, gave Al Rajhi leave to renew its motion to dismiss after plaintiffs provided their more definite statement. 274 F.Supp.2d at 110.

Thereafter, plaintiffs filed a detailed supplemental pleading providing additional and specific allegations against Al Rajhi. Al Rajhi then renewed its motion to dismiss. That motion is now fully briefed and ready for argument. The allegations that are the subject of that motion include those set forth in the 12(e) statement as well as those set forth in the Third Amended Complaint, none of which has been dismissed.

**B.     Numerous Other Motions Are Fully Briefed and Ready for Oral Argument**

As this Court is aware, Al Rajhi's motion is not the only pending motion that is briefed and ready for argument. The *Burnett* Plaintiffs have already supplied the Court, in their status report and in connection with plaintiffs' proposed Case Management Order, a list of the motions to dismiss in *Burnett* that are fully briefed. At the time that the Judicial Panel on Multi-District Litigation issued its order transferring *Burnett* to this district, the district court in D.C. had scheduled oral argument to take place on December 15, 2003, on motions to dismiss filed by 11 other defendants: African Muslim Agency, Al Baraka Investment & Development Corp.; Saleh Abdullah Kamel, Arab Bank, Grove Corporate, Inc., Heritage Education Trust, International Institution of Islamic Thought, Mar-Jac Investments, Inc., Reston Investments, Inc., SAFA Trust, and York Foundation. The parties were seeking to have Al Rajhi's renewed motion to dismiss added to the list for oral argument when the D.C. court cancelled the December 15 hearing following the MDL panel's transfer order. Thus, while plaintiffs agree that Al Rajhi's renewed motion to dismiss should be heard, plaintiffs' respectfully urge that any oral argument that is scheduled include not only Al Rajhi's motion, but at least some of the other motions that are

fully briefed, included some or all of the motions that were scheduled to be heard in the District of Columbia last December.[2]

### C.  Al Rajhi Seeks Oral Argument With Respect to a Motion It Has Never Made

Al Rajhi also seeks to have its motion to dismiss deemed applicable in *Ashton v. Al Qaida Islamic Army*, 03 CV 6977, even though at the time the parties briefed Al Rajhi's renewed motion in the *Burnett* case, *Burnett* and *Ashton* had not yet been consolidated and the *Burnett* Plaintiffs' Rule 12(e) statement was filed only in *Burnett*.  The *Burnett* Plaintiffs are aware that plaintiffs in *Ashton* oppose any effort to deem the pending motion to have been made in any case other than the one in which it was actually filed and respectfully refer the Court to the *Ashton* plaintiffs' briefing on this point.


Dated:  New York, NY                           Respectfully submitted,
        April 2, 2004


                                               /s/ Michael Elsner_____
                                               Michael E. Elsner, Esq. (ME-8337)
                                               Ronald L. Motley, Esq.
                                               Jodi Westbrook Flowers, Esq.
                                               William H. Narwold, Esq.
                                               Ingrid L. Moll, Esq.
                                               Robert T. Haefele, Esq.
                                               Justin B. Kaplan, Esq.
                                               MOTLEY RICE LLC
                                               28 Bridgeside Boulevard
                                               P.O. Box 1792
                                               Mount Pleasant, South Carolina 29465
                                               Telephone: (843) 216-9000

---

[2]  Al Rajhi's effort to have its motion heard ahead of every other pending motion in this case is, in any event, inconsistent with the rules of this Court.  The *Burnett* Plaintiffs are aware that this Court's rules expressly provide that "The Court will set a date for oral argument if and when it deems necessary."  Al Rajhi's motion appears to be an attempt to circumvent that rule.

3

Paul J. Hanly, Jr., Esq.
Jayne Conroy, Esq.
Andrea Bierstein, Esq.
HANLY CONROY BIERSTEIN &
    SHERIDAN, LLP
415 Madison Avenue New York, NY 10017-1111
Telephone: (212) 401-7600


Harry Huge, Esq
HARRY HUGE LAW FIRM, LLP
Market Square North
401 Ninth Street, N.W., Suite 450
Washington, DC 20004
Telephone: (202) 824-6046

William N. Riley, Esq
Amy Ficklin DeBrota, Esq
YOUNG, RILEY, DUDLEY & DEBROTA
3815 River Crossing Parkway, Suite 340
Indianapolis, IN 46240 Telephone
(317) 848-7939

Allan Gerson, Esq
ATTORNEY AT LAW
4221 Lenore Lane
Washington DC 20008
Tel: (202) 966-8557

Chip Robertson, Esq
Mary Winter, Esq.
BARTIMUS, FRICKLETON, ROBERTSON &
    OBETZ
200 Madison Avenue, Suite 1000
Jefferson City, MO 65101
Telephone: (573) 230-4665

Attorneys for Plaintiffs