| | |
|---|---|
| COZEN O'CONNOR<br>STEPHEN A. COZEN, ESQUIRE<br>ELLIOTT R. FELDMAN, ESQUIRE<br>SEAN P. CARTER, ESQUIRE<br>LISA C. HAAS, ESQUIRE<br>J. SCOTT TARBUTTON, ESQUIRE<br>COZEN O'CONNOR<br>1900 Market Street<br>Philadelphia, PA 19103<br>(215) 665-2000 | Attorneys for Plaintiffs, Federal<br>Insurance Co, et al. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| In Re Terrorist Attack on<br>September 11, 2001 | :<br>:<br>: | Civil Action No. 03 MD 1570 (RCC) |
| *This document relates to:*<br><br>Federal Insurance Company, et. al.<br>       v.<br>al Qaida, et al. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 03 CV 6978 (RCC) |

**PLAINTIFFS' REPLY TO THE STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AUTHORIZE ALTERNATIVE MEANS OF SERVICE OF PROCESS ON <u>DEFENDANTS ALLEGED TO BE IN UNITED STATES CUSTODY</u>**

Plaintiffs, Federal Insurance Company ("Federal") et al. (collectively referred to as "Insurers"), by and through their attorneys, Cozen O'Connor, respectfully submit this Reply to the Statement of Interest of the United States of America in Opposition to Plaintiffs' Motions to Authorize Alternative Means of Service of Process on Defendants Alleged to be in United States Custody.

**INTRODUCTION**

On September 10, 2003, Insurers filed suit against al Qaida and several hundred of its supporters and sponsors, seeking recovery of all amounts paid to their Insureds and workers' compensation claimants, in compensation for injuries resulting from the September 11, 2003 terrorist attack upon the United States (hereinafter, the "September 11th Attack" or "Attack"), and such other relief as to which they are entitled under law.  Insurers' Complaint additionally seeks recovery for certain wrongful deaths and personal injuries assigned to Insurers under applicable workers' compensation statutes.

Currently before this Court are two motions submitted by Insurers seeking authorization to effectuate service of process on specified defendants using alternative methods of service.[1] Specifically, Insurers have proposed to serve certain individuals and foreign terrorist organizations with the assistance of the United States Justice Department.  In response, the United States Government has filed a Statement of Interest in Opposition to Plaintiffs' Motions to Authorize Alternative Means of Service of Process on Defendants alleged to be in United States Custody (hereinafter "U.S. Opposition").  Chief among the United States' concerns is that the approval of Insurers' proposed methodology of service would require the government to disclose the identities of individuals detained in connection with the war on terrorism.  The United States further argues that sovereign immunity precludes this Court from compelling Department of Justice ("DOJ") officials to serve process on those same defendants in U.S. custody.

---

[1] Insurer's Motion For Leave to Serve Incarcerated Defendants and Motion For Leave to Serve Defendants Al Qaida, Egyptian Islamic Jihad and Jemaah Islamiyah Through Incarcerated Senior Officials of Those Organizations were filed on February 20, 2004.

As victims of the September 11th Attack, Insurers certainly do not dispute the Government's strong interest in waging an aggressive campaign against international terrorism. However, for the reasons set forth below, the Government's absolute refusal to confirm whether certain defendants are being held in U.S. custody could improperly bar Insurers from pursuing valid civil claims against individuals directly responsible for their September 11th injuries. To avoid this unjust result, Insurers request that the Court compel the Government to disclose to the Court, in a sealed filing, whether the defendants at issue are in fact in U.S. custody and, if so, to submit a proposed protocol for accomplishing service upon those defendants. In the alternative, Insurers request that the Court authorize them to serve the defendants in question via publication.

## ARGUMENT

I.  **The United States Has Acknowledged That Certain Defendants Are In U.S. Custody And Is Willing To Assist In Facilitating Service Of Process On Those Defendants**

The United States has confirmed that ten (10) defendants who are the subject of Insurers' Motion to Serve Incarcerated Defendants are currently in the custody of the Federal Bureau of Prisons or the U.S. Marshall's Service: Abdulrahman Alamoudi, Ahmed Ressam, Enaam M. Arnaout, Mamdouh Mahmud Salim, Mohammed Ali Hasan Al Moayad, Mohammed Sadeek Odeh, Wadih El-Hage, Wali Khan Amin Shah, Zacarias Moussaoui and Mohammed Mohsen Yahya Zayed.  See p. 6, ¶ 1 of U.S. Opposition.

After filing the Motion for Leave to Serve Incarcerated Defendants, Insurers discovered the location of defendant Enaam M. Arnaout in a federal prison in Oxford, Wisconsin through a search on the U.S Justice Department Federal Bureau of Prisons' website (www.bop.org). Insurers learned that Mr. Arnaout (Inmate Register No. 14504-424) is incarcerated at the Oxford Federal Correctional Institution in Oxford, Wisconsin and have successfully effectuated service of process of the Summons and Complaint on Mr. Arnaout with the assistance of the Adams

3

County Sheriff's Department in Friendship, Wisconsin. Insurers are currently in the process of re-serving Mr. Arnaout with the Amended Complaint. Accordingly, plaintiffs do not require the assistance of the U.S. Government to serve Mr. Arnaout.

Upon receipt of the Government's Opposition, Insurers searched the Federal Bureau of Prisons' website for information regarding the location of the remaining nine (9) defendants acknowledged to be in U.S. custody. Unfortunately, the searches failed to produce any records for these defendants. Insurers have further been unable to determine the location of these defendants in the federal corrections system through their own independent research. The Government states in its Opposition that it will assist Insurers in facilitating service of process on these nine defendants. Insurers would therefore welcome the Government's assistance in locating and successfully effecting service of process on these defendants.

## II.     The Unwillingness Of The United States To Confirm Or Deny The Incarceration Of Certain Defendants May Potentially Undermine Insurers' Valid Civil Claims Against These Defendants

Although the United States has acknowledged that certain defendants are in U.S. custody, it maintains that the Government cannot be compelled to confirm or deny whether thirteen (13) other defendants, all of whom have been reported to be in U.S. custody in reputable media sources, are being held by the United States. Those defendants include: Abd al-Hadi al-Iraqi, Abd Al-Rahim Al-Nashri, Abu Anas Al-Liby, Abu Zubaydah, Bensayah Belkacem, Ibn al-Shaykh al-Libi, Jamil Qasim Saeed, Khalid Shaikh Mohammed, Mohamed Bayazid, Nurjaman Riduan Ismuddin, Ramzi Binalshibh, Sabir Lamar and Umar al-Faruq.

While the Insurers recognize the United States' strong interest in waging an effective and vigorous campaign against international terrorism, the Government's refusal to confirm whether the thirteen (13) defendants are currently in U.S. custody could improperly undermine Insurers'

ability to pursue valid claims against those individuals. Significantly, all thirteen of the individuals at issue are officials of al Qaida. As there is no dispute regarding al Qaida's responsibility for the September 11th Attack, it is clear that Insurers hold valid civil claims against the officials of that terrorist organization. In order to pursue those claims, the Insurers must effect service of the Summons and Complaint through a means that is reasonably calculated to provide notice of the suit to those defendants. Unfortunately, the Government's refusal to confirm or deny whether these individuals are in U.S. custody renders it impossible for Insurers to identify an appropriate method of service. As a result, the Government's refusal to confirm whether or not these individuals are in U.S. custody could undermine Insurers' efforts to validly serve these defendants, and thereby prevent the Insurers from pursuing valid claims against them. [2]

The United States' refusal to confirm the incarceration of these terrorists similarly complicates Insurers' efforts to serve several foreign terrorist organization defendants, including al Qaida. In <u>Smith v. Islamic Emirate of Afghanistan</u>, 2001 U.S. Dist. LEXIS 21712 (S.D.N.Y. 2001), Judge Harold Baer, Jr., considered the methods which could be employed to effect service on a covert terrorist organization. Although Judge Baer endorsed service by publication in that case, his decision was predicated, at least in part, upon his determination that none of the individuals detained in connection with the war on terror to that point were sufficiently high ranking officials of al Qaida to receive service of process on behalf of the organization. Judge Baer's reasoning in <u>Smith</u> therefore suggests that plaintiffs must pursue service upon a foreign terrorist organization through incarcerated senior officials before resorting to service by

---

[2] To the extent the Government's position would serve to undermine plaintiffs' claims against these defendants, it would arguably constitute a taking of property within the meaning of the Fifth Amendment to the United States

publication.  Smith, 2001 U.S. Dist. LEXIS 21712 at *12.  Accordingly, in filing the Motion to Serve Foreign Terrorist Organizations Through Incarcerated Senior Officials, Insurers merely seek to comply with the methodology of service prescribed by this Court.

As the foregoing demonstrates, the Government's refusal to confirm whether certain individuals are currently in U.S. custody could improperly impede or bar Insurers from pursuing valid civil claims against those individuals and their respective terrorist organizations. Obviously, such a result would be fundamentally unjust and should be avoided.

### III. The Cases Cited By The Government In Its Opposition Are Inapplicable And Unpersuasive

The United States cites to several cases in support of its contention that the Government cannot be compelled to disclose the identities of terrorism detainees.  However, all of the cases upon which the Government relies involved informational requests by public interest or media organizations, which had suffered no direct harm as a result of the conduct of the alleged detainees.  See Center for Nat'l Sec. Studies v. DOJ, 331 F.3d 918 (D.C. Cir. 2003) (plaintiff public interest group pursuing a Freedom of Information Act action against the DOJ for the release of information concerning persons detained in the wake of the September 11th Attack); ACLU v. County of Hudson, 799 A.2d 629 (N.J. Super. Ct. App. 2002) (plaintiff civil liberties association seeking disclosure of persons detained by the Immigration and Naturalization Service following the September 11th Attack); North Jersey Media Group, Inc. v. Ashcroft, 308 F.3d 198 (3rd Cir. 2002) (consortium of media groups seeking access to "special interest" deportation hearings involving persons having possible connections to or knowledge of the September 11th Attack); Detroit Free Press v. Ashcroft, 303 F.3d 681 (6th Cir. 2002) (newspaper plaintiffs

---

Constitution.

seeking access to deportation hearings following the September 11th Attack).  In contrast, Insurers herein suffered direct injuries as a result of the September 11th Attack, for which valid claims exist against the individuals believed to be in U.S. custody.  As injured parties, it is clear that Insurers' interests fundamentally differ from, and are superior to, those of the plaintiffs in the cases cited by the Government.  As such, Insurers respectfully submit that the cases cited by the Government are by no means controlling in the present context.

In its Statement of Interest, the United States also argues that sovereign immunity precludes this Court from compelling the United States to serve process on certain individuals allegedly in U.S. custody.  In this respect, the Government misapprehends the relief sought through the service motions.  In particular, Insurers filed their respective service of process motions in an effort to seek this Court's permission to allow service of process on specified individuals and foreign terrorist organizations *with the assistance of the U.S. Government.*  Insurers have not requested that this Court order an officer of the United States to serve process on any defendant in the present action.

## **CONCLUSION**

Insurers certainly do not wish to compromise the Government's ability to wage an effective war against terrorism.  However, the Government's reluctance to disclose the identities of individuals detained in connection with the war on terrorism should not serve to abrogate Insurers' valid civil claims against parties directly responsible for the September 11th Attack.  Insurers respectfully submit that, working together with the Court's guidance, the Insurers and Government can craft an appropriate compromise which will serve to protect the Government's interests in relation to the ongoing war on terrorism, while at the same time preserving plaintiffs' claims against the defendants believed to be in U.S. custody.  In furtherance of that objective,

Insurers request that the Court compel the Government to disclose to the Court, in a sealed filing, whether the defendants at issue are in fact in U.S. custody and, if so, to submit a proposed protocol for accomplishing service upon those defendants. In the alternative, Insurers request that the Court authorize them to serve the defendants in question via publication.

Dated: Philadelphia, Pennsylvania
      April 5, 2004

                                Respectfully submitted,

                                COZEN O'CONNOR

                                *Attorneys for Plaintiffs*

                      BY: _____
                                J. SCOTT TARBUTTON, ESQUIRE
                                1900 Market Street
                                Philadelphia, PA 19103
                                (215) 665-2000

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the Plaintiffs' "Reply to the Statement of Interest of the United States of America in Opposition to Plaintiffs' Motions to Authorize Alternative Means of Service of Process on Defendants Alleged to be in United States Custody" was served upon all counsel of record on the 5th day of April, 2004 via e-mail and/or facsimile. Please see attached service list.

                                      **COZEN O'CONNOR**

                                      BY: _____
                                      STEPHEN A. COZEN, ESQUIRE
                                      ELLIOTT R. FELDMAN, ESQUIRE
                                      SEAN P. CARTER, ESQUIRE
                                      LISA CALVO HAAS, ESQUIRE
                                      J. SCOTT TARBUTTON, ESQUIRE
                                      COZEN O'CONNOR
                                      1900 Market Street
                                      Philadelphia, PA 19103
                                      (215) 665-2000

PHILA1\2042487\1 117430.000