## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) | 03 MDL No. 1570 (RCC) |
|  | ) | ECF Case |
| THOMAS E. BURNETT, SR., *et al.*, | ) |  |
| Plaintiffs, | ) |  |
| v. | ) | C.A. No. 03-CV-9849 (RCC) |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, | ) |  |
| Defendants. | ) |  |

_____

## NOTICE OF SHEIKH SAFER AL-HAWALI'S
## MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

PLEASE TAKE NOTICE that, pursuant to Rule 12(b), Fed. R. Civ. P., defendant Sheikh

Safer Al-Hawali (D221), by and through undersigned counsel, hereby makes a limited

appearance for the purpose of moving the Court, before the Honorable Richard C. Casey, United

States District Judge, at the United States District Court, Southern District of New York, 500

Pearl Street, New York, New York 10007, at a date and time to be determined by the Court, for

an order dismissing, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(5), Fed. R. Civ. P., the Third

Amended Complaint on the basis of (1) lack of personal jurisdiction since Sheikh Al-Hawali

lacked contacts with the United States, either generally, or specifically related to the allegations

in the complaint; and (2) improper service of process through plaintiffs' attempts to serve Sheikh

Al-Hawali by publication in two newspapers that he does not, and cannot, read.[1]  A

_____

[1] Sheikh Al-Hawali reserves the right to raise additional defenses, including those based on failure to state a
claim, which are not subject to waiver.  See Rule 12(h)(2), (3), Fed. R. Civ. P.

memorandum of law, with exhibits, in support of this Motion is attached hereto.

Respectfully submitted,

/s/ Lynne Bernabei

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Sheikh Safer Al-Hawali (D221)

DATED:  April 8, 2004

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In Re Terrorist Attacks on September 11, 2001 | ) )  ) | 03 MDL No. 1570 (RCC) ECF Case |
| Thomas E. Burnett, Sr., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 03-CV-9849 (RCC) |
| Al Baraka Investment and Development Corporation, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## SHEIKH SAFER AL-HAWALI'S MOTION TO DISMISS
## THE THIRD AMENDED COMPLAINT

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant Sheikh Safer Al-Hawali (D221)

DATED:  April 8, 2004

**TABLE OF CONTENTS**

I.       Introduction...................................................................................................... 1

II.      Procedural History.......................................................................................... 1

III.     Factual Background.......................................................................................... 1

IV.      This Court Lacks Personal Jurisdiction Over Sheikh Al-Hawali ................................... 3

         A.       Sheikh Al-Hawali Lacks the Requisite Contacts with the United States
                  to Support the Exercise of General Jurisdiction.................................... 4

         B.       This Court Does Not Have Specific Jurisdiction Over Sheikh Al-Hawali
                  Because Plaintiffs' Claims Do Not Arise Out of or Relate to His
                  Contacts.............................................................................................. 6

                  1.       Plaintiffs' Claims Against Sheikh Al-Hawali Do Not Arise Out Of,
                           or Relate To, His Contacts with the United States................................. 7

                  2.       Sheikh Al-Hawali's Alleged Involvement with a Charity That
                           Forms the Basis for Plaintiffs' Claims Against Him
                           Were Not "Expressly Aimed" at the United States .............................. 7

                  3.       Sheikh Al-Hawali was Not "Personally Involved" as a "Primary
                           Participant" in Funding Terrorism........................................... 9

         C.       The Forum's Long-Arm Jurisdiction Statute Does Not Allow for the
                  Exercise of Personal Jurisdiction over Sheikh Al-Hawali................................. 10

V.       Plaintiffs' Improper Service of Process on Sheikh Al-Hawali Mandates Quashing
         of the Service of Process and Dismissal of the Complaint............................................ 11

         Conclusion.................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases:**

Aquascutum of London, Inc. v. S.S. American Champion,
    426 F.2d 205 (2d Cir. 1970).................................................................. 5

Asahi Metal Indus. Co. v. Superior Court of Calif.,
    480 U.S. 102 (1987)............................................................................. 8

Baade v. Price,
    175 F.R.D. 403 (D.D.C. 1997)............................................................ 14

Biton v. Palestinian Interim Self-Gov't Auth.,
    No. Civ. A. 01-0382 (RMC), 2004 WL 540504 (D.D.C. March 18, 2004)......... 5

Burger King v. Rudzewicz,
    471 U.S. 462 (1985)...................................................................... 4, 7, 8, 9

Burnett v. Al Baraka Invest. & Devel. Corp.,
    292 F. Supp. 2d 13 (D.D.C. 2003)................................................. 5, 9, 10

Busch v. Buchman, Buchman & O'Brien, Law Firm,
    11 F.3d 1255 (5th Cir. 1994)............................................................... 5

Calder v. Jones,
    465 U.S. 783 (1984)................................................................... passim

Chaiken v. VV Publishing Corp.,
    119 F.3d 1018 (2d Cir. 1997)............................................................. 3

City of New York v. New York, N.H. & H.R. Co.,
    344 U.S. 293 (1953).......................................................................... 13

Employers Reinsurance Corp. v. Bryant,
    299 U.S. 374 (1937).......................................................................... 3

Estates of Ungar v. Palestinian Auth. ("Ungar I"),
    153 F. Supp. 2d 76, 91-95 (D.R.I. 2001).......................................... 5

Estates of Ungar v. Palestinian Auth. ("Ungar II"),
    No. 00-105L, 2004 WL 134034 (D.R.I. Jan. 27, 2004)...................... 5

*Ex parte* McCardle,
      74 U.S. (7 Wall.) 506 (1868)....................................................................... 3

Hanson v. Denckla,
      357 U.S. 235 (1958)...................................................................................... 3

Helicopteros Nacionales de Colombia, S.A. v. Hall,
      466 U.S. 408 (1984).............................................................................. 3, 4, 6, 7

*In re* Magnetic Audiotape Antitrust Litig.,
      334 F.3d 204 (2d Cir. 2003)...................................................................... 8, 9

*In re* Ski Train Fire in Kaprun, Austria,
      230 F. Supp. 2d 392 (S.D.N.Y. 2002)...................................................... 10

International Shoe Co. v. Washington,
      326 U.S. 310 (1945)...................................................................................... 3

Jacobs v. Felix Bloch Erben Verlag für Buhne Film und Funk KG,
      160 F. Supp. 2d 722 (S.D.N.Y. 2001)....................................................... 6

Milliken v. Meyer,
      311 U.S. 457 (1940)...................................................................................... 3

Mullane v. Central Hanover Bank & Trust Co.,
      339 U.S. 306 (1950).................................................................................... 13

National Dev. Co. v. Triad Holding Corp.,
      930 F.2d 253 (2d Cir. 1991)...................................................................... 14

Ruhrgas AG v. Marathon Oil Co.,
      526 U.S. 574 (1999)...................................................................................... 3

SEC v. Carrillo,
      115 F.3d 1540 (11th Cir. 1997).................................................................. 9

Shaffer v. Heitner,
      433 U.S. 186 (1977)...................................................................................... 7

Time, Inc. v. Simpson,
      No. 02-Civ.4917 (MBM), 2003 WL 23018890 (S.D.N.Y. Dec. 22, 2003).......... 9

Vermont Agency of Natural Res. v. United States *ex rel.* Stevens,
      529 U.S. 765 (2000)...................................................................................... 3

iii

**Statutes and Rules:**

Anti-Terrorism Act, 18 U.S.C. § 2331 <u>et</u> <u>seq</u>.................................................................. 11

    18 U.S.C. § 2334............................................................................................... 4

    18 U.S.C. § 2334(a)........................................................................................... 11

Federal Rules of Civil Procedure:

    Rule 4................................................................................................................ 14

    Rule 4(f)(2)....................................................................................................... 13

    Rule 12(b)......................................................................................................... 1

    Rule 12(b)(1)..................................................................................................... 1

    Rule 12(b)(2)..................................................................................................... 1, 3

    Rule 12(b)(5)..................................................................................................... 1, 14

    Rule 12(b)(6)..................................................................................................... 4

D.C. Code Ann. § 13-423............................................................................................ 11

    D.C. Code Ann. § 13-423(a)(1)-(2)................................................................. 11

    D.C. Code Ann. § 13-423(a)(3)....................................................................... 11

    D.C. Code Ann. § 13-423(a)(4)....................................................................... 11

    D.C. Code Ann. § 13-423(5)-(7)..................................................................... 11

**Other Materials:**

P. Mendenhall, "Seeking bin Laden in the Classifieds," MSNBC (Oct. 24, 2003), *at*
    http://www.msnbc.msn.com/id/3340393............................................................. 12

U.S. Department of State, "Background Note, Saudi Arabia" (Nov. 2003), *at*
    http://www.state.gov/r/pa/ei/bgn/3584pf.htm...................................................... 12

## I.    __INTRODUCTION.__

Sheikh Safer Al-Hawali ("Sheikh Al-Hawali") (D221) has been named as a defendant in this and several other lawsuits consolidated in this proceeding, evidently on no other basis than that he is a religious Muslim.[2]  Sheikh Al-Hawali respectfully moves, pursuant to Rule 12(b), Fed. R. Civ. P., for dismissal based on (1) lack of personal jurisdiction, and (2) improper service of process.

As set forth in greater detail below, this Court must find, pursuant to Rule 12(b)(2), Fed. R. Civ. P., that it does not have personal jurisdiction over Sheikh Al-Hawali, a foreign resident whose sole contact with the United States was as a tourist in 1989, and, thus, is totally unrelated to plaintiffs' allegations.  The plaintiffs' attempt to serve Sheikh Al-Hawali by publication in two journals, one banned in Saudi Arabia and the other an English-language publication having an exceedingly limited circulation in Saudi Arabia and which Sheikh Al-Hawali cannot read, clearly fails to comport with due process.  Therefore, it constitutes improper service of process, such that this court must dismiss the complaint against him.

## II.    __PROCEDURAL HISTORY.__

The *Burnett* plaintiffs' first complaint was filed on August 15, 2002 in the U.S. District Court for the District of Columbia, and the operative Third Amended Complaint ("TAC") was filed on November 22, 2002.  On March 10, 2004, Sheikh Al-Hawali entered a limited appearance in <u>Burnett</u> for the limited purpose of raising the defenses set forth below.

## III.    __FACTUAL BACKGROUND.__

Sheikh Al-Hawali is a retired professor of Theology, and former Dean at the Umm al-

---

[2] Sheikh Al-Hawali has been named as a defendant in one or more of the other cases that are consolidated under 03 MDL 1570 (RCC).  At the present time, the plaintiffs in those cases have not attempted to serve Sheikh Al-Hawali.  If Sheikh Al-Hawali is served, then he will enter a limited appearance in those cases for the purpose of contesting personal jurisdiction and improper service of process.

Qura University in Saudi Arabia.  <u>See</u> Declaration of Sheikh Safer Al-Hawali , at ¶ 3-4.

("Decl.") (attached and incorporated hereto as Exhibit 1, Attachments A and B).[3]  He has been a

citizen of the Kingdom of Saudi Arabia and has lived in that country all of his life.  <u>Id.</u> at ¶ 3.  He

does not subscribe to or read the *International Herald Tribune* or the *Al Quds al Arabi*, the latter

of which is banned in Saudi Arabia.  <u>Id.</u> at ¶ 7.  Since he cannot read or write English, he is not

able to read the *International Herald Tribune* if he were somehow to come in contact with the

publication.  <u>Id.</u> at ¶ 10.

      Sheikh Al-Hawali owns no real property, conducts no business, and has no bank accounts

or investments in the United States.  <u>Id.</u> at ¶ 6.  Over the course of his lifetime, he has visited the

United States only once, as a tourist in 1989.  <u>Id.</u> at ¶ 5.

      While Sheikh Al-Hawali is named as a defendant in the above-captioned case, there are

no allegations in the Third Amended Complaint against him besides the unsupported statement

in Paragraph 623 that he and several other individuals were "co-conspirators, aiders and abettors,

agents of MIRA [Mercy International Relief Agency] and material sponsors of international

terrorism."  <u>See</u> TAC at ¶ 623.  Contrary to this allegation, Sheikh Al-Hawali has never had any

responsibility for MIRA's operations or activities, and he has no connection to this organization

today.  <u>See</u> Decl. at ¶ 9.  Indeed, Sheikh Al-Hawali has never supported any person or

organization that he has known to participate in terrorist activities, and believes that there is no

justification for the loss of innocent life, including the tragic attacks of September 11, 2001.  <u>Id.</u>

at ¶ 8.

---

    [3] Sheikh Al-Hawali cannot read, write or speak English.  Thus, his original Declaration is in Arabic, and is
Attachment A to the Declaration of Bassim Alim, who authenticated the translation, which is Exhibit 1 to this
Motion.  A translation of the Al-Hawali Declaration into English is Attachment B to the Alim Declaration.

## IV.    THIS COURT LACKS PERSONAL JURISDICTION OVER SHEIKH AL-HAWALI.

This Court must dismiss plaintiffs' Complaint against Sheikh Al-Hawali, pursuant to Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction.  When there is no jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Vermont Agency of Natural Res. v. United States *ex rel.* Stevens, 529 U.S. 765, 778-79 (2000) (quoting *Ex parte* McCardle, 74 U.S. (7 Wall.) 506, 514 (1868)).  Personal jurisdiction "is 'an essential element of the jurisdiction of a district court,' without which the court is 'powerless to proceed to an adjudication.'"  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (quoting Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937)).

Before this Court may exercise personal jurisdiction over Sheikh Al-Hawali, a non-resident foreign defendant, due process requires that the defendant have "minimum contacts with [this forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  International Shoe Co. v. Washington, 326 U.S. 310, 326 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940).  The defendant must be shown to have "purposefully avail[ed] itself of the privilege of conducting activities within the forum . . . thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357 U.S. 235, 253 (1958).

Personal jurisdiction on a non-resident defendant can be found under either a "general" jurisdiction theory or a limited or specific jurisdiction theory, depending on the nature of the defendant's contacts with the forum.  Chaiken v. VV Publishing Corp., 119 F.3d 1018, 1027 (2d Cir. 1997).  A defendant whose contacts with the forum are substantial, continuous, and systematic, may be subject to a court's general jurisdiction, regardless of whether or not the allegations against him concern matters arising out of his contacts with the forum.  Helicopteros

3

Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984).  Here, Sheikh Al-Hawali clearly does not have substantial and systematic contacts with the United States.

If the defendant's contacts with the forum do not rise to that level, the court may exercise specific jurisdiction over him only if the cause of action arises out of, or has a substantial connection with, his contacts with the forum, and additionally, if the defendant were a "primary participant" in tortious acts that are "expressly aimed" at the forum.  Burger King v. Rudzewicz, 471 U.S. 462, 474, 487 (1985); Calder v. Jones, 465 U.S. 783, 789-90 (1984).  Sheikh Al-Hawali's contacts with the United States fail to meet the standard for specific jurisdiction as well.

### A.      Sheikh Al-Hawali Lacks the Requisite Contacts with the United States to Support the Exercise of General Jurisdiction.

Of the statutes enumerated in plaintiffs' complaint, only one is relevant to establishing personal jurisdiction over Sheikh Al-Hawali through a general jurisdiction theory:  18 U.S.C. § 2334, the jurisdictional provision of the Anti-Terrorism Act (ATA).  Id. ¶ 1.[4]  For this Court to exercise "general" personal jurisdiction over a non-resident defendant under the ATA, the defendant's contacts with the forum must be "continuous and systematic."  Helicopteros Nacionales, 466 U.S. at 415-16.

Here, Sheikh Al-Hawali's only visit to the United States was as a tourist 15 years ago. See Al-Hawali Decl. (Ex. 1), at ¶ 5.  This sole contact obviously does not come close to meeting that standard.

As Judge Robertson has previously concluded in this case, "'Because the [ATA] provides

_____

[4] Sheikh Al-Hawali does not concede that plaintiffs have stated a viable ATA claim against him, and reserves the right to move to dismiss the ATA claim for failure to state a claim, under Rule 12 (b)(6), Fed. R. Civ. P.

for nationwide service of process,' the relevant Due Process inquiry for personal jurisdiction purposes, *assuming that the defendant has been properly served*, 'is whether the defendant has minimum contacts with the United States.'" Burnett, 292 F. Supp. 2d at 21 (quoting Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994)) (emphasis added).[5]

In ATA cases, such as this one, each defendant must have sufficient minimum contacts with the United States for the exercise of jurisdiction. See Estates of Ungar v. Palestinian Auth., No. 00-105L, 2004 WL 134034, at *6, *21-*22 (D.R.I. Jan. 27, 2004) ("Ungar II"); Biton v. Palestinian Interim Self-Gov't Auth., No. Civ. A. 01-0382 (RMC), 2004 WL 540504, at *3-*5 (D.D.C. March 18, 2004); Estates of Ungar v. Palestinian Auth., 153 F. Supp. 2d 76, 91-95 (D.R.I. 2001) ("Ungar I"). In Ungar II, the court held that the plaintiffs did not show that the individual defendants "engaged in the kind of systematic and continuous activity in the United States necessary to support . . . general personal jurisdiction." Ungar II, 2004 WL 134034, at *22; see also Ungar I, 153 F. Supp. 2d at 95 (same holding as applied to a different set of individual defendants). Similarly, in a very recent district court case, the court dismissed individual defendants who "admittedly" did not have "minimum contacts with the United States that square with the Due Process clause." Biton, 2004 WL 540504, at *5.

Courts performing the general jurisdiction analysis in other contexts have also consistently held that even *several visits per year* to the forum did *not* rise to the level of the requisite systematic and continuous activity in the forum that would allow the exercise of personal jurisdiction. See, e.g., Aquascutum of London, Inc. v. S.S. American Champion, 426

---

[5] Sheikh Al-Hawali was also not properly served, as set forth in Part V, *infra*.

F.2d 205, 212-13 (2d Cir. 1970) (no jurisdiction based on visits to the forum "every few months"); Jacobs v. Felix Bloch Erben Verlag für Buhne Film und Funk KG, 160 F. Supp. 2d 722, 733 (S.D.N.Y. 2001) ("occasional trips . . . an average of four to five visits per year, are an insufficient basis for jurisdiction").

Here, Sheikh Al-Hawali visited the United States only once, 15 years ago, for vacation. See Al-Hawali Decl. (Ex. 1), at ¶ 5. He does not have any property, bank accounts, or investments in the United States, or conduct any business in the United States. Id. at ¶ 6. Therefore, there is simply no basis for this court to exercise jurisdiction over Sheikh Al-Hawali under a "general jurisdiction" theory.

**B.     This Court Does Not Have Specific Jurisdiction over Sheikh Al-Hawali Because Plaintiffs' Claims Do Not Arise out of or Relate to His Contacts.**

This Court also cannot exercise personal jurisdiction over Sheikh Al-Hawali under a specific, or limited, theory of personal jurisdiction, because plaintiffs' claims against him do not arise out of, or relate to, his limited contact with the United States. Helicopteros Nacionales, 466 U.S. at 414. Where, as here, a non-resident defendant is alleged to have committed torts outside the forum that somehow caused harm within the forum, the requisite "relatedness" is not established unless the defendant "expressly aimed" his allegedly tortious conduct at the forum, see Calder v. Jones, 465 U.S. 783, 789 (1984), and was a "primary participant" in causing the harm from which the claim arose. Id. at 790.[6] As set forth below, because plaintiffs have not met these three requirements, this court clearly cannot exercise "specific" personal jurisdiction

---

[6] Plaintiffs themselves have previously admitted that "Calder provides the relevant analysis" with respect to determining whether personal jurisdiction could be exercised over non-resident defendants. See, e.g., Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss of Defendant The National Commercial Bank, at 44-46 (Dec. 22, 2003) (Burnett D.D.C. Docket No. 435) (applying Calder).

over Sheikh Al-Hawali.

**1.      Plaintiffs' Claims Against Sheikh Al-Hawali Do Not Arise Out Of, or Relate To, His Contact with the United States.**

As a threshold issue, in order to exercise specific jurisdiction, the plaintiffs' claims against a non-resident defendant must be related to that defendant's contacts with the forum. Helicopteros Nacionales, 466 U.S. at 414.  The Supreme Court explained this prerequisite in the following way:

> When a controversy is related to or "arises out of" a defendant's contacts with the forum, the Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of in personam jurisdiction.

Id. (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).  Here, plaintiffs' sole allegation against Sheikh Al-Hawali concerns his alleged involvement with a Muslim charity.  See TAC at ¶¶ 623.  However, plaintiffs do not plead any facts to show that Sheikh Al-Hawali's involvement with a Muslim charity arises out of, or relates to, his sole visit to the United States.

**2.      Sheikh Al-Hawali's Alleged Involvement with a Charity That Forms the Basis for the Claims Against Him Were Not "Expressly Aimed" At the United States.**

The Supreme Court, in Calder, allowed the exercise of personal jurisdiction over two individual non-resident defendants in a tort action for libel, because "their intentional, and allegedly tortious, actions were **expressly aimed** at California," the plaintiff's state of residence. Calder, 465 U.S. at 789 (emphasis added).  For that reason, the Supreme Court unanimously held that personal jurisdiction over the defendants "is proper in California based on the 'effects' of their Florida conduct in California."  Id.  One year later, in Burger King, the Supreme Court similarly allowed the exercise of personal jurisdiction over a non-resident defendant in a breach of franchise case, where that defendant had "purposefully directed" his efforts towards the forum

7

state, thereby "purposefully establishing minimum contacts" with that forum.  Burger King, 471

U.S. at 476.  However, the Court was careful to note that even the "foreseeability of injury" to

the plaintiff in his home forum was not sufficient to establish personal jurisdiction over non-

resident defendants.  Burger King, 471 U.S. at 474-75.  The Supreme Court subsequently

reiterated its "purposefully directed" standard in holding that a defendant's mere awareness that

its activities "may or will" affect the forum state were not enough to establish personal

jurisdiction.  Asahi Metal Indus. Co. v. Superior Court of Calif., 480 U.S. 102, 112 (1987)

(citing Burger King, 471 U.S. at 475, 476)).

Under this clear Supreme Court precedent, plaintiffs have not begun to meet their burden

of showing Sheikh Al-Hawali "expressly aimed" harm at the United States, or committed "some

act" "purposefully directed" at the United States.  The critical inquiry is not whether the

plaintiffs were injured in their home forum, a fact upon which the parties agree, but whether the

defendant's intentional wrongdoing is "**expressly directed** at [the] forum."  In re Magnetic

Audiotape Antitrust Litig., 334 F.3d 204, 208 (2d Cir. 2003) (emphasis added) (citing Calder).

Just as was the case with Prince Sultan, Sheikh Al-Hawali's only alleged wrongdoing

was his undefined involvement with a Muslim charity, Mercy International Relief Agency

(MIRA).  See TAC, at ¶ 623.  Since Sheikh Al-Hawali had no responsibility for this charity's

activities, and is not now connected to it, he is in much the same position as Prince Sultan, who

plaintiffs allege in his personal capacity made donations to Muslim charities that plaintiffs

further allege have carried out undefined terrorist activities.  Judge Robertson soundly rejected

the plaintiffs' "guilt by association" argument in granting Prince Sultan's motion to dismiss.  He

specifically found that Calder and Burger King mandated dismissal of Prince Sultan from the

8

suit, because the plaintiffs had failed to allege that Prince Sultan's "private" actions in funding charities were 'expressly aimed' or 'purposefully directed' at the United States," and plaintiffs' generic allegations about all defendants did not overcome the absence of purposeful availment on Prince Sultan's part.  Burnett, 292 F. Supp. 2d at 23.[7]

Therefore, Calder and Burger King require that this court dismiss Sheikh Al-Hawali from this action, as he is a non-resident defendant who plaintiffs do not allege, and cannot show, has directed any activities toward the United States, much less committed "some act" that is "purposefully directed" to cause harm to the United States.

### 3.    Sheikh Al-Hawali Was Not "Personally Involved" Or a "Primary Participant" in Funding Terrorism.

To exercise specific jurisdiction over a non-resident defendant, plaintiffs must also set forth sufficient allegations that the defendant was a "primary participant" in the alleged acts. See, e.g., In re Magnetic Audiotape Antitrust Litig., 334 F.3d at 208 (personal jurisdiction permissible if "the defendant is a primary participant in intentional wrongdoing"); SEC v. Carrillo, 115 F.3d 1540, 1548 (11th Cir. 1997).  If the defendant were not personally involved with the alleged torts that caused the plaintiffs' injuries, or otherwise was not a "primary participant," then personal jurisdiction cannot be supported.  See, e.g., Time, Inc. v. Simpson, No. 02-Civ.4917 (MBM), 2003 WL 23018890, at *5-*6 (S.D.N.Y. Dec. 22, 2003).

Even if this Court were to find that Sheikh Al-Hawali's activities with regard to a Muslim charity had some relationship to the United States, it must still find that there are no

---

[7] The court further found that plaintiffs' contention "that anyone whose actions have led to terrorist activity in the United States should reasonably anticipate that he might be subject to suit here whether or not he himself has targeted the United States," id., absent purposeful availment, fell far short of meeting the "expressly aiming" requirement of Calder and Burger King.  Id.

9

facts set out in the Third Amended Complaint to conclude that he was "personally involved" or a "primary participant" in funding the terrorist attacks of September 11.  The Supreme Court, in Calder, emphasized that "[e]ach defendant's contacts with the forum . . . must be assessed individually." Calder, 465 U.S. at 790.  Since the defendants in Calder were the "primary participants in an alleged wrongdoing intentionally directed at a California resident," the Supreme Court held that "jurisdiction is proper over them."  Id.  Even accepting *arguendo* plaintiffs' allegations that Sheikh Al-Hawali somehow supported a Muslim charity, which in turn allegedly funded terrorist activities, including the attacks of September 11, 2001, Sheikh Al-Hawali remains many steps removed from *personal* involvement, or *primary* participation, in those attacks.  Judge Robertson rejected the plaintiffs' same arguments with respect to Prince Sultan, since plaintiffs failed to allege that Prince Sultan was personally involved, or a primary participant, in those attacks.  See Burnett, 292 F. Supp. 2d at 22-23.

### C.   The Forum's Long-Arm Jurisdiction Statute Does Not Allow for the Exercise of Personal Jurisdiction over Sheikh Al-Hawali.

Although the plaintiffs have not invoked the forum's long arm jurisdiction statute, which would apply to plaintiffs' common-law claims only if they had no ATA claim against Sheikh Al-Hawali, this Court must find that the long-arm statute does not allow for the exercise of personal jurisdiction over Sheikh Al-Hawali, because he lacks the requisite contacts with the relevant forum.[8]  Under the D.C. long arm statute, personal jurisdiction over a non-resident defendant in this tort action is permissible only if there is a nexus between the defendant's

---

[8] In a proceeding such as this one, which was transferred from another forum, it is the long-arm jurisdiction statute of the forum where the case was originally filed (District of Columbia) that governs this analysis, and not that of transferor forum (New York).  See *In re* Ski Train Fire in Kaprun, Austria, 230 F. Supp. 2d 392, 399 (S.D.N.Y. 2002) ("The forum state in an MDL proceeding is the district court where the action was originally filed, and therefore that state's law must be applied.").

activities and the forum, by either of two means:

> [by] causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
>
> [by] causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia; . . . .

D.C. Code Ann. § 13-423(a)(3), (4) (2001 ed.).[9]  Here, plaintiffs have not alleged any facts showing that Sheikh Al-Hawali either committed acts or omissions within the District of Columbia, or engaged in a regular course of business or other conduct within, or from, the District of Columbia.  Therefore, even if this Court were to apply the D.C. long arm statute, it must decline to find personal jurisdiction over Sheikh Al-Hawali.

## V.    PLAINTIFFS' IMPROPER SERVICE OF PROCESS ON SHEIKH AL-HAWALI MANDATES QUASHING OF THE SERVICE OF PROCESS AND DISMISSAL OF THE COMPLAINT.

Plaintiffs' improper attempts to serve Sheikh Al-Hawali were defective, and mandate quashing of service of process and dismissal of the complaint against him.[10]  As plaintiffs' own filings demonstrate, plaintiffs attempted to serve Sheikh Al-Hawali, and a number of other defendants, by publication in two newspapers that plaintiffs knew, or should have known, were unlikely to reach him.  Plaintiffs sought leave to publish a notice of this lawsuit, with thirty-six (36) named defendants, in the *International Herald Tribune* (in English) and in *Al Quds Al Arabi*

---

[9] The other provisions of the D.C. long arm statute, D.C. Code Ann. § 13-423(a)(1)-(2) and (5)-(7), are inapplicable.

[10] Although the Anti-Terrorism Act, 18 U.S.C. § 2331 et seq., has a nationwide service of process provision, Sheikh Al-Hawali was not served in a judicial district within the United States, as required under the statute.  See 18 U.S.C. § 2334(a) ("Process in such a civil action may be served in any district where the defendant resides, is found, or has an agent.").  Therefore, this provision for nationwide service of process does not govern this instance.

(in Arabic).  See Plaintiffs' Motion for Extension of Time for Service of Process and for Leave

to Serve Certain Listed Defendants by Publication Pursuant to Federal Rule 4(f), at 2 (Mar. 24,

2003) (*Burnett* D.D.C. Docket No. 95).   After obtaining Judge Robertson's approval, plaintiffs

subsequently published a *modified* version of this notice which listed the thirty-six (36) names

that appeared in the original order approved by Judge Robertson, as well as eleven (11) names

*not* approved by Judge Robertson, including that of Sheikh Al-Hawali.  See Plaintiffs' Notice of

Service by Publication (Aug. 8, 2003) (*Burnett* D.D.C. Docket No. 244).  Therefore, as a first

matter, plaintiffs have never obtained court approval to serve Sheikh Al-Hawali by publication,

and, on that basis alone, this Court must quash any attempted service of process on him.

Second, plaintiffs' attempted service by publication is clearly inadequate.  Plaintiffs'

proof of service acknowledges that the *International Herald Tribune* has a total circulation of

only 199 in Saudi Arabia, id. at Ex. A, an extremely small number in a country with a population

of more than 24 million.[11]  Sheikh Al-Hawali cannot read, write, or speak English, see Al-Hawali

Decl. (Ex. 1), at ¶ 10, so that even if that newspaper had a broader circulation in Saudi Arabia, he

could not read it.  Even more inadequate is plaintiffs' attempted service by publication in *Al

Quds Al Arabi*, a London-based newspaper which is banned in Saudi Arabia, as noted in an

article that quotes one of the plaintiffs' attorneys for the *Havlish* case.  See P. Mendenhall,

"Seeking bin Laden in the Classifieds," MSNBC, online at  http://www.msnbc.msn.com/id

/3340393 (Oct. 24, 2003) (attached hereto as Exhibit 2).  These undisputed facts demonstrate

that plaintiffs' contention that they have "served by publication" a number of Saudi defendants,

---

[11] This Court can take judicial notice of the U.S. Department of State's "Background Note, Saudi Arabia," online at: <http://www.state.gov/r/pa/ei/bgn/3584pf.htm> (Nov. 2003), which states that Saudi Arabia has an estimated population of 24.3 million.

including Sheikh Al-Hawali, <u>see</u> Plaintiffs' Revised Status Report, at 10-11 (Mar. 4, 2004), is simply false.

Third, it is settled law that service by publication is a disfavored remedy, and one that should be employed only if the plaintiffs are unable to obtain the business or home address of the defendant. <u>City of New York v. New York, N.H. & H.R. Co.</u>, 344 U.S. 293, 296 (1953) ("Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best."). Plaintiffs have made no attempt to demonstrate, at the time they sought leave to serve some defendants by publication or any later time, that Sheikh Al-Hawali's address was unavailable, either on the Internet, or through commercial directories, so as to make it impossible to serve him by the established means set forth in Rule 4(f)(2), Fed. R. Civ. P., for service on foreign defendants.

Fourth, service by publication does not comport with due process where, as here, the publication is in newspapers that either are not circulated in the defendant's community, or otherwise do not reach the defendant:

> It would be idle to pretend that publication alone as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. . . . Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and **if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.**

<u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 315 (1950) (emphasis added). Here, publication in *Al Quds Al Arabi* is patently inadequate, given that Sheikh Al-Hawali does not reside in an country within that "newspaper's normal circulation."

Nor can plaintiffs contend that Sheikh Al-Hawali, by entering an appearance, has "actual notice" which somehow substitutes for proper service of process. It is settled law in the Second

Circuit that "actual notice" — whatever that may be — is no substitute for proper service of process in compliance with Rule 4, Fed. R. Civ. P.  See, e.g., National Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service."); see also Baade v. Price, 175 F.R.D. 403, 405 (D.D.C. 1997) ("The law is clear and mandates that there be strict compliance to Rule 4(h) and it is irrelevant whether or not defendant GWU had actual notice of the lawsuit.").  If this were not the law, Rule 12(b)(5), Fed. R. Civ. P., which allows a defendant to contest service of process, would be rendered a nullity.

The only remedy for failure to effect proper service of process is quashing of the plaintiffs' attempts to serve Sheikh Al-Hawali by publication, see Baade, 175 F.R.D. at 406 ("service of process must be quashed"), and dismissal of the complaint against him under Rule 12(b)(5), Fed. R. Civ. P.

## CONCLUSION

For the foregoing reasons, defendant Sheikh Al-Hawali respectfully requests that this Court grant his Motion to Dismiss, because this Court lacks personal jurisdiction over him, as a non-resident defendant, and plaintiffs have not properly served him with the complaint in this action.

14

Respectfully submitted,

/s/ Lynne Bernabei

_____

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Sheikh Safer Al-Hawali (D221)

DATED:  April 8, 2004

15

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2004, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, and by first class-mail, postage prepaid, on any parties not participating in the ECF system.


/s/ Alan R. Kabat
_____

Alan R. Kabat