**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ ) | | |
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 ) | | 03 MDL No. 1570 (RCC) |
| ) | | |
| _____) | | |
| ) | | |
| THOMAS E. BURNETT, SR., *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | C.A. No. 03 CV 9849 (RCC) |
| ) | | |
| AL BARAKA INVESTMENT AND DEVELOPMENT ) | | |
| CORPORATION, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

**ISLAMIC ASSEMBLY OF NORTH AMERICA'S
MOTION TO DISMISS WITH
SUPPORTING POINTS AND AUTHORITIES**

Under Fed. R. Civ. P. 12(b)(5) and (b)(6), the Islamic Assembly of North America (D219) through under-signed counsel, hereby moves for dismissal of any claims in this case against it. The reasons this Motion should be granted are set forth below.

**I. Background**

Islamic Assembly of North America ("IANA") is a Michigan-based non-profit group dedicated to the promotion and teaching of Islam and Islamic values in the US and Canada. Without any specific allegations , this worthy group has been accused of conspiracy in the worst terrorist attack on US soil and one of the greatest tragedies of our times world-wide. IANA has absolutely no connection with the tragic events of September 11, 2001, nor does it support those that brought them about.

Even though the lawsuit against IANA is completely without merit, IANA has not been properly served. Also, plaintiffs they have not offered a single allegation establishing the elements of a cause of action that it should be held legally liable for the terrorist attacks of September 11, 2001 (hereinafter "9-11") in the US. As a result, any claims against IANA should be dismissed.

Plaintiffs' counsel seek to set aside the great Constitutional protections our civil justice system provides due to the heinous nature of the wrong that has befallen their clients. While IANA sympathizes with the great loss that has befallen families of 9-11, it cannot be expected to be forced to defend itself in a lawsuit the elements of which it is neither liable for nor subject to. Our system also recognizes an injustice to force a non-profit group to hire lawyers and respond when it has not been properly served and cannot tell what the allegations against it are, all the while facing a potentially sullied reputation just for being named in the same document as those who do take credit for 9-11.

On this point, Judge James A. Robertson in a ruling on this case has observed, "The use of the privileged medium of a lawsuit to publicly label someone as an accomplice of terrorists can cause incalculable reputation damage" and "dramatic economic consequences as well." Burnett v. Al Baraka Inv. & Dev. Corp., 274 F. Supp.2d 86, 103 (D.D.C. 2003). As a result -- far from relaxing legal requirements -- "fairness requires extra-careful scrutiny of plaintiffs' allegations as to any particular defendant to ensure that it … does indeed have fair notice of what the plaintiffs' claim is and the grounds upon which it rests, and that no inferences are accepted that are unsupported by the facts set out in the 3AC ." Id. at 104. This logic leads to the conclusion that all claims against IANA should be dismissed.

## II. Statement of Facts

### A. General Background

The 3AC broadly alleges that more than 200 co-defendants "intentionally, willfully and knowingly conspired, planned, financed, supported, executed and carried out a plan to murder, maim and injure United States' citizens, residents and others on September 11, 2001." (3AC at ¶ 5) There are eight causes of action based on intentional murder, assault and battery, and property damage arising out of the attacks on September 11th. (3AC at ¶¶ 612-25)  IANA is not mentioned at all in the text of the 3AC.  In fact, in over 600 paragraphs of allegations, not one mentions IANA. Furthermore, over 10 months after adding IANA as a Defendants, when given a second bite at the apple, Plaintiffs failed to allege any more facts against IANA.  See More Definite Statement as to Defendant Yousef Abdul Latif Jameel (Mar. 16, 2004).  The 3AC does not state how parties worked together to plan or aid or abet 9-11. Overall, the 3AC does not contain any allegation as to what IANA knew about or conspired in any way to plan 9-11.

## III. Argument

### A. Plaintiffs Have Not Served Process on IANA Which Requires Quashing of Service of Process and Dismissal of the Complaint.

As the Court's July 25, 2003 Memorandum Opinion indicates, in some few cases, even if a defendant's forum contacts meet the constitutional minimum, requiring it to participate in a lawsuit may be so burdensome that it would violate the fairness elements of Due Process.  Burnett, 274 F. Supp. 2d at 96, n.5.  Here, of course, IANA has contacts in the United States. However, that is more the reason why Plaintiffs, having been given no extension, should have been able to serve process on IANA.  To hale IANA in these circumstances into this court consistent with "fair play and substantial justice," plaintiffs

failed in their ability to conduct the most basic step after filing a Complaint (or adding a Defendant).

Plaintiffs' improper (or lack) of attempt to serve IANA is defective, and mandates quashing of service of process and dismissal of the complaint against it. As plaintiffs' own filings demonstrate, plaintiffs attempted to serve IANA, and a number of other defendants, by issuance of a summons on October 22, 2003. By neither seeking nor obtaining Judge Robertson's approval for an extension, and by not seeking alternate means of service, plaintiffs have effectively foreclosed their ability to seek redress in this Court from IANA.

Plaintiffs cannot argue that IANA, by entering an appearance, has "actual notice" which somehow substitutes for proper service of process. It is settled law in the Second Circuit that "actual notice" — whatever that may be — is no substitute for proper service of process in compliance with Rule 4, Fed. R. Civ. P. See, e.g., National Dev. Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir. 1991) ("We reject the notion that 'actual notice' suffices to cure a void service."); see also Baade v. Price, 175 F.R.D. 403, 405 (D.D.C. 1997) ("The law is clear and mandates that there be strict compliance to Rule 4(h) and it is irrelevant whether or not defendant GWU had actual notice of the lawsuit."). Plaintiffs have sought to argue otherwise, which would mean Rule 12(b)(5), Fed. R. Civ. P., which allows a defendant to contest service of process, is meaningless. In this case, the only remedy for failure to effect proper service of process is quashing of the plaintiffs' attempts to serve IANA by publication, see Baade, 175 F.R.D. at 406 ("service of process must be quashed"), and dismissal of the complaint against it under Rule 12(b)(5), Fed. R. Civ. P.

**B. The 3AC Fails to State Any Claim Against IANA Upon Which Relief Can Be Granted.**

None of the eight counts of the 3AC states all the elements of a cause of action against IANA.  Some do not state causes of action at all, even in form. The others all fail for the same reason, among others: failure to allege any facts that IANA did anything that connects it proximately (or otherwise) to the tragic events that caused plaintiffs' injury.

### 1. Each of Plaintiffs' Causes of Action Requires That the Defendant's Alleged Actions Proximately Caused Their Injury.

Although the circumstances are uniquely horrific, this case is a tort case for personal injuries. Each Count arises in tort, and the legal theory of each Count requires that plaintiffs establish that a named defendant engaged in a tortious act that proximately caused plaintiffs' injury.  However, the lack of factual allegations against IANA speaks volumes of what they do not allege: elements that give rise to liability to the 9-11 victims' families.

### 2. The 3AC Does Not Allege That IANA Proximately (or Otherwise) Caused Plaintiffs' Injuries.

The 3AC fails to state a claim on any of these theories because it does not allege that anything IANA did or failed to do led in any way to the events of September 11.  It does not allege that it knew in advance about these events or any other terrorist act, or desired any such act to occur. It does not allege that it ever transferred anything of value to anyone associated with the events of September 11.  "Proximate cause" requires "some direct relation between the injury asserted and the injurious conduct alleged." Holmes v. Sec. Inv. Prot. Corp., 503 U.S. 258, 268 (1992). The defendant's acts must have been "a substantial factor" leading to the injury, and the injury must have been "reasonably

foreseeable or anticipated as a natural consequence" of the acts. <u>In re Am. Express Co.</u>
<u>S'holder Litig.</u>, 39 F.3d 395, 402 (2d Cir. 1994) (quoting <u>Hecht v. Commercial Clearing</u>
<u>House, Inc.</u>, 897 F.2d 21, 23-24 (2d Cir. 1990)); <u>see</u> <u>Laborers Local 17 Health & Benefit</u>
<u>Fund v. Philip Morris, Inc.</u>, 191 F.3d 229, 235 (2d Cir. 1999) (emphasizing that the
"direct injury test" is independent of, and in addition to, the requirements that the tortious
act be a "substantial" factor and that the injury be reasonably foreseeable).  Thus, a
plaintiff must allege facts to show both that the injury would not have occurred "but for"
the alleged wrongdoing and that the alleged conduct was a substantial factor foreseeably
leading to the injury.  <u>See, e.g.,</u><u>Holmes</u>, 503 U.S. at 268 (liability for injury "by reason
of" defendant's conduct requires "a showing that the defendant's violation not only was a
'but for' cause of its injury, but was the proximate cause as well").

By these standards, the 3AC is far from stating a claim that IANA caused
plaintiffs' injuries; plaintiffs fail to allege facts suggesting even "but for" causation, let
alone proximate cause.

Rhe 3AC alleges no facts to suggest that the its actions were in any sense a cause
of—or connected at all to—the events of September 11 or any other terrorist activity.
There are no allegations about its management of its office that caused 9-11.  The general
allegations that the acts of *all* the defendants "caused" the plaintiffs' injury (¶ 610) or that
they "knowingly and substantially assisted in the sponsorship of Osama bin Laden, al
Qaeda, international terrorism and the September 11, 2001 terrorist attacks that killed and
injured the Plaintiffs herein" (¶ 684) is obviously insufficient to state a claim against
IANA (or any other particular defendant). "[C]ourts do not accept conclusory allegations
on the legal effect of the events plaintiff has set out if these allegations do not reasonably

follow from its description of what happened." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 772 (2d Cir. 1994) (internal quotation and citation omitted); see also In re Am. Express Co. S'holder Litig., 39 F.3d at 400 n.3 (conclusory allegations of proximate cause "need not be accepted as true for purposes of ruling on a motion to dismiss"). Even under the notice pleading standard, courts accept neither inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the 3AC, nor legal conclusions cast in the form of factual allegations. See, e.g., Jazini, 148 F.3d at 184; Lehigh Valley Indus., 527 F.2d 93-94; Browning, 292 F.3d at 242 (interpreting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)); Burnett, 274 F.3d at 103; see also Citibank N.A. v. K-H Corp., 968 F.2d 1489, 1495-96 (2d Cir. 1989) (affirming dismissal of securities fraud claim because plaintiff did "not allege facts that support its allegation that there is a causal connection between the fraud alleged and the subsequent loss that it suffered").

Finally, the 3AC nowhere alleges the elements necessary to state a claim for aiding and abetting against IANA. Again, legal conclusions cast in the form of factual allegations are entitled to no weight. "[T]it price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome." DM Research, Inc. v. College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (Boudin, J.); see Meng v. Schwartz, 116 F. Supp. 2d 92, 95 (D.D.C. 2000) ("legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness") (citing Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987)). The requirements for a claim of aiding and abetting are that the defendant had "knowledge of" and provided "substantial

assistance" in the commission of the underlying wrong. <u>See, e.g., Wight v. Bankamerica Corp.</u>, 213 F.3d 79, 91 (2d Cir. 2000); <u>Armstrong v. McAlpin</u>, 699 F.2d 79, 91 (2d Cir. 1983); <u>Halberstam v. Welch</u>, 705 F.2d 472, 478 (D.C. Cir. 1983) (aiding and abetting requires *"knowing action* that substantially aids" tortious conduct); <u>Ungar v. Islamic Republic of Iran</u>, 211 F. Supp. 2d 91, 99 (D.D.C. 2002).  Even "awareness and approval [of wrongful activity], standing alone, do not constitute substantial assistance." <u>Armstrong</u>, 699 F.2d at 92. Here, there is no allegation that IANA either knew in advance about the events of September 11 (or any other terrorist activities), or approved such activities, or assisted them in *any* way. Courts have routinely rejected allegations of aiding and abetting that "are so broad and conclusory as to be meaningless."

The Seventh Circuit's decision in <u>Boim</u> illustrates the failure of plaintiffs' allegations here to state any claim against IANA.  <u>Boim v. Quranic Literacy Inst.</u>, 291 F.3d 1000 (7th Cir. 2002). There, the court held that even allegations of direct cash payments to a declared terrorist organization (Hamas), which then used the money to sponsor a terrorist act, were *not sufficient* to state a claim against the donor for engaging in an act of "international terrorism," because no facts were alleged to suggest that the donations were the proximate cause of the injury.  [T]it [Antiterrorism Act] itself requires that in order to recover, a plaintiff must be injured "by reason of" an act of international terrorism.  The Supreme Court has interpreted identical language to require a showing of proximate cause. . . . Foreseeability is the cornerstone of proximate cause, and in tort law, a defendant will be liable only for those injuries that might have reasonably been anticipated as a natural consequence of the defendant's actions. . . . In the circumstances of this case, the Boims cannot show that David Boim was injured "by reason of" the

defendants' payments to Hamas in the traditional tort sense of causation unless they can also show that murder was the reasonably foreseeable result of making the donation. Boim, 291 F.3d at 1011-12 (citations omitted).  The Boim court allowed the plaintiffs to pursue a claim under Section 2333 for "aiding and abetting" Hamas in killing their son, because the plaintiffs had alleged not only that the defendants had "engaged in raising and laundering money for Hamas" and "functioned as fronts for Hamas" and "raised and channeled funds to Hamas to finance terrorist activities in Israel," where their son was murdered, but also that the defendants sent money to Hamas *that was in fact used "to purchase the vehicle, machine guns, and ammunition used to kill [their so*n] *as well as to train its killers and to provide a stipend for the family of one of its murderers."* 291 F.3d at 1024 (emphasis added). The contrast with the lack of any facts alleged in the present case is stark.  Here, plaintiffs draw conclusory allegations of money flows that do not even begin to allege that IANA has ever given or transferred *any* money or other assets to anyone to further the attacks of 9-11.

### 3. Whatever the Allegations Might Be, Certain Causes Of Action Do Not Apply to IANA.

In ruling on other motions to dismiss, the Court has already concluded that some of plaintiffs' causes of action lack legal merit.  Therefore, even if plaintiffs are given another chance under Rule 12(e) to file their complaint against IANA, the causes of action already ruled on should be dismissed. These include the two RICO counts in the 3AC, as well as the negligence counts.  See Burnett, 274 F. Supp. 2d at 91-92.

**IV. Conclusion**

   Plaintiffs cannot demonstrate that they have served IANA and they have not provided sufficient allegations laying out all the elements of any of the causes of action alleged. Under Fed R. Civ. P. 12(b)(5) and 12(b)(6), plaintiffs' 3AC against it should be dismissed. A proposed Order is attached.

              Respectfully Submitted,

              /s/ Ashraf Nubani

              _____

              Ashraf Nubani
              Busch & Nubani, P.C.
              5029 Backlick Road, Suite A
              Annandale, VA 22003
              703-658-5151
              703-658-9200, fax

              Attorney for Defendant
              Dated: April 9, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2004, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System and by US postal mail for parties not on ECF.


/s/ Ashraf Nubani

_____

Ashraf Nubani

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

—————————————————————————

)

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001  )        03 MDL No. 1570 (RCC)

)

—————————————————————————)

)

THOMAS E. BURNETT, SR., *et al.*,                               )

)

Plaintiffs,                    )

)

v.                             )        C.A. No. 03 CV 9849 (RCC)

)

AL BARAKA INVESTMENT AND DEVELOPMENT          )

CORPORATION, *et al.*,                        )

)

Defendants.                   )

—————————————————————————)

**ORDER**

Having considered the parties' written submissions and arguments, the Court finds that plaintiffs have failed to state a claim against IANA upon which relief may be granted and that, if they had, the service was improper. Accordingly, under Fed. R. Civ. Pro. 12(b)(5) and 12(b)(6), together and separately, plaintiffs claims against IANA must be dismissed. It is therefore

ORDERED that plaintiffs' claims against IANA are dismissed with prejudice.

———————————————————

Dated: —————————                              Judge, U.S. District Court