payments to its insureds, plaintiff North River is subrogated to its insureds' rights of recovery against any responsible third parties.

562.    At the time of the September 11th Attack, plaintiff United States Fire provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in Column A of Exhibit V hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit V.[22]  In accordance with the terms of the applicable policies of insurance, plaintiff United States Fire has made payments to the insureds identified in Exhibit V in an aggregate amount in excess of $75,397,757.11, as set forth in greater detail in Column D of Exhibit V, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, plaintiff United States Fire is subrogated to its insureds' rights of recovery against any responsible third parties.

563.    At the time of the September 11th Attack, plaintiff American Alternative provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in Column A of Exhibit W hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit W.[23]  In accordance with the terms of the applicable policies of insurance, plaintiff American Alternative has made payments to the insureds identified in Exhibit W in an aggregate amount in excess of $2,590,862.56, as set forth in greater detail in Column D of Exhibit W, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue

---

[22]     Exhibit V is expressly incorporated herein by reference.
[23]     Exhibit W is expressly incorporated herein by reference.

of its payments to its insureds, plaintiff American Alternative is subrogated to its insureds' rights of recovery against any responsible third parties.

564.    At the time of the September 11th Attack, plaintiff Great Lakes provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in Column A of Exhibit X hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit X.[24] In accordance with the terms of the applicable policies of insurance, plaintiff Great Lakes has made payments to the insureds identified in Exhibit X in an aggregate amount in excess of $51,682,223.62, as set forth in greater detail in Column D of Exhibit X, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack. By virtue of its payments to its insureds, plaintiff Great Lakes is subrogated to its insureds' rights of recovery against any responsible third parties.

565.    At the time of the September 11th Attack, plaintiff Princeton Excess provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in Column A of Exhibit Y hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit Y.[25] In accordance with the terms of the applicable policies of insurance, plaintiff Princeton Excess has made payments to the insureds identified in Exhibit Y in an aggregate amount in excess of $3,796,292.50, as set forth in greater detail in Column D of Exhibit Y, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack. By virtue

---

[24]    Exhibit X is expressly incorporated herein by reference.
[25]    Exhibit Y is expressly incorporated herein by reference.

of its payments to its insureds, plaintiff Princeton Excess is subrogated to its insureds' rights of recovery against any responsible third parties.

566.     At the time of the September 11th Attack, plaintiff Amlin provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit Z hereto, relative to property, business interests and/or scheduled events located at the corresponding addresses identified in Column B of Exhibit Z.[26] In accordance with the terms of the applicable policies of insurance, plaintiff Amlin has made payments to the insureds identified in Exhibit Z in an aggregate amount in excess of  $66,991,142.12, £9,093, and 28.70CAD as set forth in greater detail in Column D of Exhibit Z and expects it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, plaintiff Amlin is subrogated to its insureds' rights of recovery against any responsible third parties.  Amlin further reserves its rights of recovery against any responsible third parties for any additional payments it may make on behalf of its insureds arising out of the September 11th Attack.

567.     At the time of the September 11th Attack, Certain Underwriters at Lloyd's, comprised of Syndicate 33, represented by plaintiff Hiscox participated in providing insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit AA hereto, relative to property, business interests and/or scheduled events located at the corresponding addresses identified in Column B of Exhibit AA.[27] In accordance with the terms of the applicable policies of insurance, plaintiff Hiscox has made payments to the insureds identified in Exhibit AA in an aggregate amount in excess of $228,774,228.62 as set forth in greater detail in Column D

---

[26]     Exhibit Z is expressly incorporated herein by reference.
[27]     Exhibit AA is expressly incorporated herein by reference.

of Exhibit AA and expects it will make additional payments in the future in compensation for damages resulting from the September 11th Attack. By virtue of its payments to its insureds, plaintiff Hiscox is subrogated to its insureds' rights of recovery against any responsible third parties. Hiscox further reserves its rights of recovery against any responsible third parties for any additional payments it may make on behalf of its insureds arising out of the September 11th Attack.

568.    At the time of the September 11th Attack, plaintiff Allstate provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit BB hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit BB.[28] In accordance with the terms of the applicable policies of insurance, plaintiff Allstate has made payments to the insureds identified in Exhibit BB in an aggregate amount in excess of $12,945,647.78, as set forth in greater detail in Column D of Exhibit BB and expects it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack. By virtue of its payments to its insureds, plaintiff Allstate is subrogated to its insureds' rights of recovery against any responsible third parties.

569.    At the time of the September 11th Attack, plaintiff Old Colony provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit CC hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit CC.[29] In accordance with the terms of the applicable policies of insurance, Old Colony has made payments to the insureds identified in Exhibit CC in an aggregate amount in excess of $5,100, as set forth in greater detail in Column D of Exhibit CC and expects it will

---

[28]    Exhibit BB is expressly incorporated herein by reference.
[29]    Exhibit CC is expressly incorporated herein by reference.

make additional payments in the future, in compensation for damages resulting from the September 11th Attack. By virtue of its payments to its insureds, plaintiff Old Colony is subrogated to its insureds' rights of recovery against any responsible third parties.

570.   At the time of the September 11th Attack, plaintiff Continental Insurance provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit DD hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit DD.[30] In accordance with the terms of the applicable policies of insurance, plaintiff Continental Insurance has made payments to the insureds identified in Exhibit DD in an aggregate amount in excess of $542,627, as set forth in greater detail in Column D of Exhibit DD and expects it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack. By virtue of its payments to its insureds, plaintiff Continental Insurance is subrogated to its insureds' rights of recovery against any responsible third parties.

571.   At the time of the September 11th Attack, plaintiff Commercial Insurance Company of Newark, NJ provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit EE hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit EE.[31] In accordance with the terms of the applicable policies of insurance, plaintiff Commercial Insurance Company of Newark, NJ has made payments to the insureds identified in Exhibit EE in an aggregate amount in excess of $141,343, as set forth in greater detail in Column D of Exhibit EE and expects it will make additional payments in the future, in compensation for damages resulting from the September 11th

---

[30]   Exhibit DD is expressly incorporated herein by reference.
[31]   Exhibit EE is expressly incorporated herein by reference.

Attack. By virtue of its payments to its insureds, plaintiff Commercial Insurance Company of Newark, NJ is subrogated to its insureds' rights of recovery against any responsible third parties.

572.    At the time of the September 11th Attack, plaintiff CNA Casualty provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit FF hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit FF.[32]  In accordance with the terms of the applicable policies of insurance, plaintiff CNA Casualty has made payments to the insureds identified in Exhibit FF in an aggregate amount in excess of $25,771, as set forth in greater detail in Column D of Exhibit FF and expects it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack. By virtue of its payments to its insureds, plaintiff CNA Casualty is subrogated to its insureds' rights of recovery against any responsible third parties.

573.    At the time of the September 11th Attack, plaintiff Continental Insurance Company of New Jersey provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit GG hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit GG.[33]  In accordance with the terms of the applicable policies of insurance, plaintiff Continental Insurance Company of New Jersey has made payments to the insureds identified in Exhibit GG in an aggregate amount in excess of $39,073, as set forth in greater detail in Column D of Exhibit GG and expects it will make additional payments in the future, in compensation for damages resulting from the September 11th

---

[32]    Exhibit FF is expressly incorporated herein by reference.
[33]    Exhibit GG is expressly incorporated herein by reference.

Attack. By virtue of its payments to its insureds, plaintiff Continental Insurance Company of New Jersey is subrogated to its insureds' rights of recovery against any responsible third parties.

574.   At the time of the September 11th Attack, plaintiff Fidelity and Casualty Company of New York provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit HH hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit HH.[34]  In accordance with the terms of the applicable policies of insurance, plaintiff Fidelity and Casualty Company of New York has made payments to the insureds identified in Exhibit HH in an aggregate amount in excess of $79,856, as set forth in greater detail in Column D of Exhibit HH and expects it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack. By virtue of its payments to its insureds, plaintiff Fidelity and Casualty Company of New York is subrogated to its insureds' rights of recovery against any responsible third parties.

575.   At the time of the September 11th Attack, plaintiff Glens Falls provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit II hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit II.[35]  In accordance with the terms of the applicable policies of insurance, plaintiff Glens Falls has made payments to the insureds identified in Exhibit II in an aggregate amount in excess of $36,239, as set forth in greater detail in Column D of Exhibit II and expects it will make additional payments in the future, in compensation for damages resulting from the

---

[34]    Exhibit HH is expressly incorporated herein by reference.
[35]    Exhibit II is expressly incorporated herein by reference.

September 11th Attack.  By virtue of its payments to its insureds, plaintiff Glens Falls is subrogated to its insureds' rights of recovery against any responsible third parties.

576.   At the time of the September 11th Attack, plaintiff Ben Franklin provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit JJ hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit JJ.[36]  In accordance with the terms of the applicable policies of insurance, plaintiff Ben Franklin has made payments to the insureds identified in Exhibit JJ in an aggregate amount in excess of $6,442, as set forth in greater detail in Column D of Exhibit JJ and expects it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, plaintiff Ben Franklin is subrogated to its insureds' rights of recovery against any responsible third parties.

577.   At the time of the September 11th Attack, plaintiff Seneca provided insurance coverage to the corporations, partnerships, person, trusts and other parties identified in Column A of Exhibit KK hereto, relative to property and/or business interests located at the corresponding addresses identified in Column B of Exhibit KK.[37] In accordance with the terms of the applicable policies of insurance, plaintiff Seneca has made payments to the insureds identified in Exhibit KK in an aggregate amount in excess of $4,039,407.18, as set forth in greater detail in Column D of Exhibit KK and expects it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, plaintiff Seneca is subrogated to its insureds' rights of recovery against any responsible third parties.

---

[36]    Exhibit JJ is expressly incorporated herein by reference.
[37]    Exhibit KK is expressly incorporated herein by reference.

578.   At the time of the September 11th Attack, plaintiff Federal provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit LL hereto, for the benefit of the employees identified in Column B of Exhibit LL, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit LL. [38] As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit LL were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, plaintiff Federal has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit LL (hereinafter "claimants"). Plaintiff Federal may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, plaintiff Federal is subrogated to any right, claim, demand or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries to claimants or death to claimants' decedents.

579.   To the extent required by the applicable workers' compensation statute, plaintiff Federal has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or

---

[38]        Exhibit LL is expressly incorporated herein by reference.

death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to plaintiff Federal pursuant to the applicable workers' compensation statute.

580.    At the time of the September 11th Attack, plaintiff Pacific provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit MM hereto, for the benefit of the employees identified in Column B of Exhibit MM, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit MM.[39] As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit MM were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, plaintiff Pacific has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit MM (hereinafter "claimants"). Plaintiff Pacific may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, plaintiff Pacific is subrogated to any right, claim, demand or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries to claimants or death to claimants' decedents.

581.    To the extent required by the applicable workers' compensation statute, plaintiff Pacific has provided the requisite notice to claimants, in writing via certified or

---

[39]        Exhibit MM is expressly incorporated herein by reference.

registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff. Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to plaintiff Pacific pursuant to the applicable workers' compensation statute.

582.   At the time of the September 11th Attack, plaintiff Great Northern provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit NN hereto, for the benefit of the employees identified in Column B of Exhibit NN, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit NN.[40] As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit BB were injured or killed. As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, plaintiff Great Northern has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit NN (hereinafter "claimants"). Plaintiff Great Northern may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein. By virtue of the payments described above, plaintiff Great Northern is subrogated to any right, claim, demand or cause of action that exists or may exist for the

---

[40]     Exhibit NN is expressly incorporated herein by reference.

benefit of those claimants and employers arising from the September 11th Attack and resulting injuries to claimants or death to claimants' decedents.

583. To the extent required by the applicable workers' compensation statute, plaintiff Great Northern has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff. Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to plaintiff Great Northern pursuant to the applicable workers' compensation statute.

584. At the time of the September 11th Attack, plaintiff Vigilant provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit OO hereto, for the benefit of the employees identified in Column B of Exhibit OO, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit OO. [41] As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit CC were injured or killed. As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, plaintiff Vigilant has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit OO (hereinafter "claimants"). Plaintiff Vigilant may be

---

[41]     Exhibit OO is expressly incorporated herein by reference.

obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein. By virtue of the payments described above, plaintiff Vigilant is subrogated to any right, claim, demand or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries to claimants or death to claimants' decedents.

585.    To the extent required by the applicable workers' compensation statute, plaintiff Vigilant has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff. Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to plaintiff Vigilant pursuant to the applicable workers' compensation statute.[42]

586.    At the time of the September 11th Attack, plaintiff One Beacon, through policies of insurance issued by One Beacon or by its predecessor in interest General Accident, provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit PP hereto, for the benefit of the employees identified in Column B of Exhibit PP, in accordance with the workers' compensation laws of the

---

[42]    Plaintiff Vigilant is bringing its claim for workers' compensation payments made to claimant(s) under the workers' compensation laws of New Jersey in the name of such claimant(s), and/or their personal representatives in the case of deceased employees, to the use of plaintiff Vigilant, pursuant to Exhibit OO hereto. For purposes of protecting the identities of the individuals involved, pursuant to the accompanying Motion for Entry of a Confidentiality Order, the names of such plaintiffs/claimants are being set forth in Exhibit OO and incorporated herein to the same extent as if specifically identified in the caption and body of this Complaint.

States identified in Column C of Exhibit PP.[43]  As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit PP were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, plaintiff One Beacon has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit PP (hereinafter "claimants"). Plaintiff One Beacon may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, plaintiff One Beacon is subrogated to any right, claim, demand or cause of action that exist or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries to claimants or death to claimants' decedents.

587.    To the extent required by the applicable workers' compensation statute, plaintiff One Beacon has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to plaintiff One Beacon pursuant to the applicable workers' compensation statute.[44]

---

[43]    Exhibit PP is expressly incorporated herein by reference.
[44]    Plaintiff One Beacon is bringing its claim for workers' compensation payments made to claimant(s) under the workers' compensation laws of New Jersey in the name of such claimant(s), and/or

588.    At the time of the September 11th Attack, plaintiff American Employers
provided workers' compensation insurance coverage to the employers identified in
Column A of Exhibit QQ hereto, for the benefit of the employees identified in Column B
of Exhibit QQ, in accordance with the workers' compensation laws of the States
identified in Column C of Exhibit QQ.[45]  As a result of the September 11th Attack, while
in the course and scope of their employment, the employees identified in Column B of
Exhibit EE were injured or killed.  As a result of such injuries and deaths, and in
accordance with the terms of the applicable policies of insurance, plaintiff American
Employers has made workers' compensation benefit payments, including, but not limited
to, payments for medical bills, funeral expenses, death benefits and wage replacement
benefits to, or on behalf of, either injured employees, dependents of those employees
killed, or statutory designees, as identified in Column D of Exhibit EE (hereinafter
"claimants"). Plaintiff American Employers may be obligated to make future payments of
workers' compensation benefits to, or on behalf of certain claimants, for which a claim is
made herein.  By virtue of the payments described above, plaintiff American Employers
is subrogated to any right, claim, demand or cause of action that exists or may exist for
the benefit of those claimants and employers arising from the September 11th Attack and
resulting injuries to claimants or death to claimants decedents.

589.    To the extent required by the applicable workers' compensation statute,
plaintiff American Employers has provided the requisite notice to claimants, in writing
via certified or registered mail, that their failure to commence an action against the

---

their personal representatives in the case of deceased employees, to the use of plaintiff One Beacon,
pursuant to Exhibit PP hereto.  For purposes of protecting the identities of the individuals involved,
pursuant to the accompanying Motion for Entry of a Confidentiality Order, the names of such
plaintiffs/claimants are being set forth in Exhibit PP and incorporated herein to the same extent as if
specifically identified in the caption and body of this Complaint.

[45]      Exhibit QQ is expressly incorporated herein by reference.

defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff. Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to plaintiff American Employers pursuant to the applicable workers' compensation statute.

590.   At the time of the September 11th Attack, plaintiff One Beacon America provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit RR hereto, for the benefit of the employees identified in Column B of Exhibit RR, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit RR.[46]  As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit RR were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, plaintiff One Beacon America has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit RR (hereinafter "claimants"). Plaintiff One Beacon America may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, plaintiff One Beacon America is subrogated to any right, claim, demand or cause of action that exists or may exist for the

---

[46]        Exhibit RR is expressly incorporated herein by reference.

benefit of those claimants and employers arising from the September 11th Attack and resulting injuries to claimants or death to claimants' decedents.

591.   To the extent required by the applicable workers' compensation statute, plaintiff One Beacon America has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff. Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to plaintiff One Beacon America pursuant to the applicable workers' compensation statute.

592.   At the time of the September 11th Attack, plaintiff Camden provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit SS hereto, for the benefit of the employees identified in Column B of Exhibit SS, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit SS.[47] As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit SS were injured or killed. As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, plaintiff Camden has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit SS (hereinafter "claimants"). Plaintiff Camden may be obligated to

---

[47]      Exhibit SS is expressly incorporated herein by reference.

make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein. By virtue of the payments described above, plaintiff Camden is subrogated to any right, claim, demand or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries to claimants or death to claimants' decedents.

593.   To the extent required by the applicable workers' compensation statute, plaintiff Camden has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff. Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to plaintiff Camden pursuant to the applicable workers' compensation statute.[48]

594.   At the time of the September 11th Attack, plaintiff Homeland provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit TT hereto, for the benefit of the employees identified in Column B of Exhibit TT, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit TT.[49] As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit TT were injured

---

[48]   Plaintiff Camden is bringing its claim for workers' compensation payments made to claimant(s) under the workers' compensation laws of New Jersey in the name of such claimant(s), and/or their personal representatives in the case of deceased employees, to the use of plaintiff Camden, pursuant to Exhibit SS hereto. For purposes of protecting the identities of the individuals involved, pursuant to the accompanying Motion for Entry of a Confidentiality Order, the names of such plaintiffs/claimants are being set forth in Exhibit SS and incorporated herein to the same extent as if specifically identified in the caption and body of this Complaint.
[49]   Exhibit TT is expressly incorporated herein by reference.

or killed. As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, plaintiff Homeland has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit TT (hereinafter "claimants"). Plaintiff Homeland may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein. By virtue of the payments described above, plaintiff Homeland is subrogated to any right, claim, demand or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries to claimants or death to claimants' decedents.

595.    To the extent required by the applicable workers' compensation statute, plaintiff Homeland provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff. Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to plaintiff Homeland pursuant to the applicable workers' compensation statute.

596.    At the time of the September 11th Attack, plaintiff United States Fire provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit UU hereto, for the benefit of the employees identified in Column B

of Exhibit UU, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit UU.[50]  As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit UU were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, plaintiff United States Fire has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit UU (hereinafter "claimants").  Plaintiff United States Fire may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, plaintiff United States Fire is subrogated to any right, claim, demand or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries to claimants or death to claimants' decedents.

597.    To the extent required by the applicable workers' compensation statute, plaintiff United States Fire has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of

---

[50]     Exhibit UU is expressly incorporated herein by reference.

the September 11th Attack was thereby duly assigned to plaintiff United States Fire

pursuant to the applicable workers' compensation statute.

## COUNT I
## PLAINTIFFS V. ALL DEFENDANTS
## TRESPASS

598.    Plaintiffs incorporate the previous allegations by reference.

599.    The September 11th Attack constituted an intentional and unlawful

trespass upon the real and personal property of plaintiffs' insureds, to which plaintiffs'

insureds did not consent.

600.    As set forth above, the September 11th Attack was a direct, intended and

foreseeable product of a larger conspiracy among the defendants to commit acts of

international terrorism against the United States, its nationals and allies.

601.    The conspiracy among the defendants to commit acts of international

terrorism against the United States, its nationals and allies, included the provision of

material support and resources to defendant al Qaida and affiliated foreign states, FTOs,

persons, organizations, commercial entities and other parties.

602.    The co-defendants knew, or should have known, that their provision of

material support and resources to al Qaida and affiliated foreign states, FTOs, persons,

organizations, commercial entities and other parties would result in an unlawful trespass

upon the real and personal property of plaintiffs' insureds.

603.    The damages suffered by plaintiffs, as described in greater detail herein

and in the Exhibits attached hereto, were the direct and proximate result of the aforesaid

trespass upon the real and personal property of plaintiffs' insureds.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and

severally, for an amount in excess of $4,500,000,000, treble damages pursuant to 18

U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT II
### PLAINTIFFS V. ALL DEFENDANTS
### WRONGFUL DEATH

604.   Plaintiffs incorporate the previous allegations by reference.

605.   As a result of the September 11th Attack, certain of plaintiffs' insureds' employees were killed, as set forth in the Exhibits attached hereto.

606.   As a result of the intentional, willful and malicious killing of plaintiffs' insureds' employees, the family members of plaintiffs' insureds' decedent employees have suffered severe and permanent injuries, damages and losses, including, but not limited to, the following:

   a)   Economic damages, including but not limited to pecuniary losses, past and future wage losses, loss of support, loss of services, loss of parental care and guidance, and loss of prospective inheritance; and

   b)   Non-economic damages, including but not limited to the loss of consortium, solatium, society, companionship, care, comfort, love, mental anguish, bereavement and grief.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $20,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT III
## PLAINTIFFS V. ALL DEFENDANTS
### SURVIVAL ACTION

607.   Plaintiffs incorporate the previous allegations by reference.

608.   As a result of their deaths, plaintiffs' insureds' decedent employees lost the enjoyment of life that they would have had if they had not been killed.

609.   Before their deaths, plaintiffs' insureds' decedent employees suffered conscious pain and suffering, and fear of their impending deaths.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $10,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT IV
## PLAINTIFFS V. ALL DEFENDANTS
### ASSAULT AND BATTERY

610.   Plaintiffs incorporate the previous allegations by reference.

611.   As a result of the September 11th Attack, the employees of plaintiffs' insureds were placed in apprehension of harmful and/or offensive bodily contact, and were subjected to offensive and harmful contact to which they did not consent, as a result of which they were killed or seriously injured.

612.   The employees of plaintiffs' insureds who were injured but not killed as a result of the September 11th Attack suffered serious and permanent personal injuries, severe mental and emotional anguish and suffering, impairment of their respective earning capacities, which impairment will continue indefinitely into the future, as well as financial losses and expenses.

613.    The employees of plaintiffs' insureds who were injured but not killed as a result of the September 11th Attack have been obligated to receive and undergo medical attention and care and to expend various amounts of money and incur various expenses for the treatment of their injuries, and will be obligated to continue to expend additional sums of money or incur further such expenses for an indefinite period of time.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $10,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT V
## PLAINTIFFS V. ALL DEFENDANTS
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

614.    Plaintiffs incorporate the previous allegations by reference.

615.    The defendants knew or should have known that their actions in furtherance of the conspiracy to commit acts of international terrorism against the United State, its nationals and allies, including the September 11th Attack, would result in the murder and serious injury of innocent persons, leaving the victims and their family members with severe and permanent physical, psychological and emotional injuries.

616.    The defendants' actions in furtherance of the conspiracy to commit acts of international terrorism against the United States, its nationals and allies, including the September 11th Attack, were intentional, malicious, willful, unconscionable, reckless and/or negligent.

617.    As a direct and proximate result of the defendants' intentional, malicious, willful, unconscionable, reckless and/or negligent actions, plaintiffs' assignors have suffered and will continue to suffer severe and permanent emotional distress and anxiety, psychological distress and permanent mental injury and impairment, requiring ongoing and long-term expenses for medical services, counseling and care, as well as other economic losses.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $10,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

**COUNT VI**
**PLAINTIFFS V. ALL DEFENDANTS**
**TORTURE VICTIM PROTECTION ACT**

618.    Plaintiffs incorporate the previous allegations by reference.

619.    The conduct of the defendants, as described in greater detail above, subjected the employees of plaintiffs' insureds to torture and/or extrajudicial killing, within the meaning of the Torture Victim Protection Act, Pub.L. 102-256, 106 Stat. 73.

620.    The actions of the defendants in furtherance of the extrajudicial killing and torture of plaintiffs' insureds' employees were carried out under actual or apparent authority, or color of law, of a foreign nation or nations.

621.    The defendants' actions in furtherance of the conspiracy to commit acts of international terrorism against the United States, its nationals and allies, including the September 11th Attack, were in violation of the law of nations.

622.    Pursuant to the Torture Victim Protection Act, the defendants are liable for the extrajudicial killing and torture of the employees of plaintiffs' insureds.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $25,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

**COUNT VII**
**PLAINTIFFS V. ALL DEFENDANTS**
**CONSPIRACY**

623.    Plaintiffs incorporate the previous allegations by reference.

624.    As set forth in greater detail above, the defendants conspired to commit acts of international terrorism against the United States, its nationals and allies, which conspiracy included the provision of material support and resources to defendant al Qaida and affiliated foreign states, FTOs, persons, organizations, commercial entities and other parties.

625.    The September 11th Attack was a direct, foreseeable and intended product of the conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies.

626.    The damages suffered by plaintiffs and plaintiffs' assignors, as described in greater detail herein and in the Exhibits attached hereto, were the direct and proximate result of the aforesaid conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $35,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT VIII
## PLAINTIFFS V. ALL DEFENDANTS
## 18 U.S.C. § 1962(a) – CIVIL RICO

627.    Plaintiffs incorporate the previous allegations by reference.

628.    In furtherance of their conspiracy to commit acts of international terrorism against the United States, its nationals and allies, the defendants engaged in a pattern of racketeering activity which included, without limitation: acts of murder, kidnapping, arson, robbery, and extortion; dealings in controlled substances and listed chemicals; the falsification of identification documents; the unlawful procurement, reproduction, sale and use of naturalization and citizenship papers, passports and visas; the obstruction of federal and state criminal investigations; and financial institution and mail fraud.

629.    The damages suffered by plaintiffs and plaintiffs' assignors, as described in greater detail herein and in the Exhibits attached hereto, were the direct and proximate result of the aforesaid pattern of racketeering activity by the defendants, acting individually and in concert with one another.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $35,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT IX
## PLAINTIFFS V. ALL DEFENDANTS
## AIDING AND ABETTING

630.    Plaintiffs incorporate the previous allegations by reference.

631.    Through the material support and resources provided to al Qaida, the co-defendants aided and abetted al Qaida in its campaign to commit acts of international terrorism against the United States, its nationals, and allies.

632.    The September 11th Attack was a direct, intended and foreseeable product of the aiding and abetting of al Qaida by the co-defendants.

633.    The damages suffered by plaintiffs and plaintiffs' assignors, as described in greater detail herein and in the Exhibits attached hereto, were the direct and proximate result of the aforesaid aiding and abetting of al Qaida by the co-defendants, acting individually and in concert with one another.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $35,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT X
## PLAINTIFFS V. ALL DEFENDANTS
## 18 U.S.C. § 2333

634.    Plaintiffs incorporate the previous allegations by reference.

635.    The September 11th Attack constitutes an act of international terrorism within the meaning of 18 U.S.C. § 2331.

636. As a result of the September 11th Attack, plaintiffs' insureds suffered injuries to their real and personal property, as described in greater detail herein and in the Exhibits attached hereto.

637. As a result of the September 11th Attack, the employees of plaintiffs' insureds suffered injuries to their person, as described in greater detail herein and in the Exhibits attached hereto.

638. By virtue of their participation in the conspiracy to commit acts of international terrorism against the United States, its nationals and allies, including the September 11th Attack, the defendants are liable to plaintiffs for threefold all damages resulting from the September 11th Attack, costs of this suit and attorney's fees, pursuant to 18 U.S.C. § 2333.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $35,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT XI
## PLAINTIFFS V. ALL DEFENDANTS
## NEGLIGENCE

639. Plaintiffs incorporate the previous allegations by reference.

640. As set forth above, the September 11th Attack was a direct, intended and foreseeable product of a larger conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies.

641. The conspiracy among the defendants to commit acts of international terrorism against the United States, its nationals and allies, included the provision of

material support and resources to defendant al Qaida and affiliated foreign states, FTOs, persons, organizations, commercial entities and other parties.

642.    By virtue of their participation in the conspiracy to commit acts of international terrorism against the United States, its nationals and allies, including the September 11th Attack, the defendants negligently, intentionally, recklessly, willfully and wantonly breached duties of care owed to plaintiffs and the employees of plaintiffs' insureds.

643.    The damages suffered by plaintiffs and plaintiffs' assignors, as described in greater detail herein and in the Exhibits attached hereto, were the direct and proximate result of the aforesaid breaches of care by the defendants.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for an amount in excess of $35,000,000,000, treble damages pursuant to 18 U.S.C. §2333 and 18 U.S.C. §1964, punitive damages, pre and post-judgment interest, costs of this action, attorney's fees and such other and further relief as the Court may deem appropriate under the circumstances.

## COUNT XII
## PLAINTIFFS V. ALL DEFENDANTS
## PUNITIVE DAMAGES

644.    Plaintiffs incorporate the previous allegations by reference.

645.    The defendants' actions in furtherance of the conspiracy to commit acts of international terrorism against the United States, its nationals and allies, were intentional, malicious, willful, unconscionable and reckless.

646.    By virtue of their intentional, willful, unconscionable and reckless actions, defendants are jointly and severally liable to plaintiffs for punitive damages.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for punitive damages in an amount in excess of $200,000,000,000.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

Count I – Trespass – Plaintiffs demand an amount in excess of $4,500,000,000 for property damage, business interruption losses, workers' compensation benefit payments, and other specified damages;

Count II – Wrongful Death – Plaintiffs demand an amount in excess of $50,000,000 for each wrongful death assignor;

Count III – Survival Action - Plaintiffs demand an amount in excess of $25,000,000 for each wrongful death assignor;

Count IV – Assault and Battery - Plaintiffs demand an amount in excess of $15,000,000 for each assignor;

Count V – Intentional and/or Negligent Infliction of Emotional Distress - Plaintiffs demand an amount in excess of $20,000,000 for each assignor;

Count VI – Torture Victim Protection Act - Plaintiffs demand an amount in excess of $50,000,000 for each assignor;

Count VII – Conspiracy – Plaintiffs demand an amount in excess of $50,000,000 for each assignor, and Plaintiffs demand an amount in excess of $4,500,000,000 for property damage, business interruption losses, workers' compensation benefit payments and other specified damages;

Count VIII – Civil RICO – Plaintiffs demand treble damages for an amount in excess of $150,000,000 for each assignor, and in an amount in excess of $13,500,000,000 for property damage, business interruption losses, workers' compensation benefit payments and other specified damages;

Count IX – Aiding and Abetting – Plaintiffs demand an amount in excess of $50,000,000 for each assignor, and an amount in excess of $4,500,000,000 for property damage, business interruption losses, workers' compensation benefit payments and other specified damages;

Count X – Violation of 18 U.S.C. § 2333 – Plaintiffs demand treble damages for an amount in excess of $150,000,000 for each assignor, and in an amount in excess of $13,500,000,000 for property damage, business

interruption losses, workers' compensation benefit payments and other specified damages;

Count XI – Negligence   Plaintiffs demand an amount in excess of $50,000,000 for each assignor, and an amount in excess of $4,500,000,000 for property damage, business interruption losses, workers' compensation benefit payments and other specified damages;

Count XII – Punitive Damages – Plaintiffs demand punitive damages for an amount in excess of of $300,000,000 for each assignor, and for an amount in excess of $60,000,000,000 for property damage, business interruption losses, workers' compensation benefit payments and other specified damages.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all claims so triable.

Dated: New York, New York
March 10, 2004

COZEN O'CONNOR

Attorneys for Plaintiffs

BY: _____
STEPHEN A. COZEN, ESQUIRE
ELLIOTT R. FELDMAN, ESQUIRE
SEAN P. CARTER, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

**and**

_____
MICHAEL J. SOMMI, ESQ. (MJS-7910)
45 Broadway Atrium, 16th Floor
New York, NY 10006
(212) 509-9400

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the "First Amended Complaint" is being served upon all counsel of record in the consolidated action listed under docket number 03 MD 1570, either by ordinary mail, first class, postage prepaid, or via electronic mail, on the 10th day of March, 2004. Please see attached service list.

COZEN O'CONNOR

BY: _Elliot Feldman_

ELLIOTT R. FELDMAN, ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

OF COUNSEL:
STEPHEN A. COZEN, ESQUIRE
SEAN P. CARTER, ESQUIRE
JOHN M. POPILOCK, ESQUIRE
LISA CALVO HAAS, ESQUIRE
J. SCOTT TARBUTTON, ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

ALL EXHIBITS APPENDED TO PLAINTIFFS' COMPLAINT

ARE FILED UNDER SEAL PURSUANT TO THE ORDER ISSUED

BY THE HONORABLE ROBERT PATTERSON, JR.,

DATED SEPTEMBER 9, 2003

## SERVICE LIST (MDL)

*Federal Insurance Company, et al. v. Al Qaida, et al., U.S. District Court for the Southern District of New York, 1:03CV6978 (Judge Richard Casey)*

<table>
<tr><td align="center"><strong><u>Plaintiff's Counsel</u></strong></td><td align="center"><strong><u>Defendant's Counsel</u></strong></td></tr>
</table>

Nancy Luque Esq.
Donna M. Scheinbach Esq.
GrayCary
1625 Massachusetts Avenue, N.W.
Suite 300
Washington, DC 20036-2247

*Counsel for International Institute of Islamic Thought, Taha Jaber Al-Alwani, York Foundation, Sterling Management Group, Sterling Charitable Gift Fund, Safa Trust, Reston Investments, Inc., Mena Corporation, Heritage Education Trust, Grove Corporate, Inc., African Muslim Agency, Muhammad Ashraf, M. Omar Ashraf, Iqbal Yunus, M. Yaqub Mirza, Sanabel Al-Kheer, Inc., Sana-Bell, Inc., Mar-Jac Investments, Inc., Jamal Barzinji, International Institute of Islamic Thought*

Nancy H. Dutton, Esquire
DUTTON & DUTTON, PC
5017 Tilden Street, NW
Washington, DC 20016

*Counsel for HRH Bandar bin Sultan bin Abdulaziz, HRH Princess Haifa Al-Faisal*

Wilmer Parker, Esquire
Gillen Parker & Withers, LLC
One Securities Centre, Suite 1050
3490 Piedmont Rd., NE
Atlanta, GA 30305

*Counsel for Mar-Jac Poultry*

Christopher R. Cooper, Esquire
BAKER BOTTS, LLP
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400

*Counsel for Prince Sultan Bin Abdulaziz Al Saud*


James M. Cole, Esquire
BRYAN CAVE LLP
700 Thirteenth Street, NW
Washington, DC  20005-3960

*Counsel for Prince Nayef Bin Abdulaziz Al Saud*


Louis R. Cohen, Esquire
WILMER, CUTLER & PICKERING
2445 M. St., NW
Washington, DC  20037-1420

*Counsel for Prince Mohammed Al Faisal Al Saud*


Mark C. Hansen, Esquire
Michael J. Guzman, Esquire
Michael K. Kellogg, Esquire
KELLOG, HUBER, HANSEN, TODD &
EVANS, PLC
1615 M Street, NW, Summer Square, Suite 400
Washington, DC  20036-3209

*Counsel for Prince Turki Al Faisal bin Abdulaziz-Al Saud*

*Ashton, et al. v. Al Qaeda, et al., U.S. District Court for the Southern District of New York,*
*1:02CV6977 (Judge Richard Casey)*

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|

**Plaintiff's Counsel**

James P. Kreindler, Esquire
Marc S. Moller, Esquire
Justin T. Green, Esquire
Andrew J. Maloney, Esquire
Paul S. Edelman, Esquire
Francis G. Fleming, Esquire
David C. Cook, Esquire
Robert J. Spragg, Esquire
Noah H. Kushlefsky, Esquire
Blanca J. Rodriguez, Esquire
Steven R. Pounian, Esquire
Milton G. Sincoff, Esquire
David Beckman, Esquire
KREINDLER & KREINDLER
100 Park Avenue
New York, NY 10007

James P. McGarry, Esquire
BARASCH McGARRY SALZMAN PENSON
& LIM
11 Park Place
New York, NY 10007

Michel Baumeister, Esquire
BAUMEISTER & SAMUELS, PC
One Exchange Place
New York, NY 100006

Kenneth P. Nolan, Esquire
SPEISER KRAUSE NOLAN & GRANITO
Two Grand Central Tower
140 East 45th Street, 34th Floor
New York, NY 100007

Aaron J. Broder, Esquire
LAW FIRM OF AARON J. BRODER &
JONATHAN C. REITER
350 Fifth Avenue, Suite 2811
New York, NY 10118

**Defendant's Counsel**

Louis R. Cohen, Esquire
David P. Donovan, Esquire
WILMER CUTLER & PICKERING
2445 M Street, N.W.
Washington, D.C. 20037

*Counsel for Prince Ohamed al Faisal al Saud*

*Ashton, et al. v. Al Qaeda, et al., U.S. District Court for the Southern District of New York, 1:02CV6977 (Judge Richard Casey)*

| **Plaintiff's Counsel** | **Defendant's Counsel** |
| --- | --- |

David Jaroslawicz, Esquire
JAROSLAWICZ & JAROS, ESQUIRES
150 William Street
New York, NY  10038

## SERVICE LIST

*Tremsky, et al. v. Osama Bin Laden, et al., U.S. District Court for the Southern District of New York,*
*1:02CV7300 (Judge John Martin)*

**Plaintiff's Counsel**                    **Defendant's Counsel**

J. David O'Brien, Esquire
ATTORNEY AT LAW
20 Vesey Street, Suite 700
New York, NY 10007

# SERVICE LIST

*Salvo, et al. v. Al Qaeda Islamic Army, et al., U.S. District Court for the Southern District of New York, 1:03CV5071 (Unassigned)*

**Plaintiff's Counsel**                    **Defendant's Counsel**

Donald J. Nolan, Esquire
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, IL  60602

## SERVICE LIST

*York, et al. v. Al Qaeda Islamic Army, et al., U.S. District Court for the Southern District of New York, 1:03CV5493 (Unassigned)*

**Plaintiff's Counsel**                                    **Defendant's Counsel**

Michel F. Baumeister, Esquire
Dorthea M. Capone, Esquire
Douglas A. Latto, Esquire
BAUMEISTER & SAMUELS, PC
One Exchange Plaza
New York, NY  10006

## SERVICE LIST

*Burnett, et al. v. Al Baraka Inv. and Dev. Corp., et al., U.S. District Court for the District of Columbia, 1:02CV1616 (Judge James Robertson)*

| Plaintiff's Counsel | Defendant's Counsel |
|---|---|
| Ronald L. Motley, Esquire<br>Joseph F. Rice, Esquire<br>Jodi Westbrook Flowers, Esquire<br>Donald Migliori, Esquire<br>Michael Elsner, Esquire<br>Anne McGinness Kearse, Esquire<br>Elizabeth Smith, Esquire<br>MOTLEY RICE, LLC<br>28 Brideside Boulevard<br>P.O. Box 1792<br>Mount Pleasant, SC 29465 | Martin McMahon, Esquire<br>Christopher Smith, Esquire<br>MARTIN F. McMAHON & ASSOCIATES<br>1150 Connecticut Avenue, N.W., Suite 900<br>Washington, D.C. 20036<br><br>*Counsel to Saleh Abdullah Kamel*<br>*Al Baraka Investment & Development*<br>*Corporation* |
| Alan Gerson, Esquire<br>ATTORNEY AT LAW<br>4221 Lenore Lane<br>Washington, D.C. 20008 | Roger C. Simmons, Esquire<br>Matthew H. Simmons, Esquire<br>Victor E. Cretella, III, Esquire<br>GORDON & SIMMONS, LLC<br>131 West Patrick Street,<br>P.O. Box 430<br>Frederick, MD 21705-0430<br><br>*Counsel for Zahir H. Kazmi* |
| Harry Huge, Esquire<br>ATTORNEY AT LAW<br>Market Street North<br>401 Ninth Street, N.W., Suite 450<br>Washington, D.C. 20004 | Alan R. Kabat, Esquire<br>Lynne Bernabei, Esquire<br>BERNABEI & KATZ, PLLC<br>1773 T Street, N.W.<br>Washington, D.C. 20009-7139<br><br>*Counsel for Soliman J. Khuderia*<br>*Soliman H.S. Al Buthe*<br>*Al Haramain Islamic Foundation, Inc.* |

*Burnett, et al. v. Al Baraka Inv. and Dev. Corp., et al., U.S. District Court for the District of Columbia,*
*1:02CV1616 (Judge James Robertson)*

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|

John D'Amato, Esquire
Guy Molinari, Esquire
RUSSO SCARNARDELLA &
    D'AMATO, PC
1001 Forest Avenue
Staten Island, NY  10310

Christopher M. Curran, Esquire
Frank Panopoulos, Esquire
WHITE & CASE, LLP
601 Thirteenth Street, N.W.
Washington, D.C.  20005

*Counsel to Al Rajhi Banking & Investment
Corporation*

William N. Riley, Esquire
R. Douglas Hailey, Esquire
Mark K. Dudley, Esquire
Amy Ficklin DeBrota, Esquire
Mary Beth Ramey, Esquire
YOUNG RILEY DUDLEY & DeBROTA
3815 River Crossing Parkway, Suite 340
Indianapolis, IN  46240

Maher Hanania, Esquire
Kamal Nawash, Esquire
HANANIA, KHEDER & NAWASH
6066 Leesburg Pike, #101
Falls Church, VA  22041

*Counsel for Abdul Rahman Al-Amoudi
Tarik Hamdi
World Assembly of Muslim Youth
Mohammed Hussein Al-Almoudi*

Jack Codray, Esquire
CODRAY LAW FIRM
40 Calhoun Street
Charleston, SC  29401

Nancy Luque, Esquire
Donna M. Scheinbach
GrayCary
1625 Massachusetts Avenue, N.W.
Suite 300
Washington, D.C.  20036-2247

*Counsel for Grove Corporate Inc.
SAFA Trust
Reston Investments, Inc.
York Foundation
Heritage Education Trust
MAR-JAC Investments, Inc.
International Institute of Islamic Thought
African Muslim Agency*

Paul J. Hanly, Jr., Esquire
HANLY & CONROY, LLP
415 Madison Avenue
New York, NY  10017-1111

John D. Skahow, Esquire
KING & SPALDING, LLP
1730 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-4706

*Counsel for Arab Bank PLC*

*Burnett, et al. v. Al Baraka Inv. and Dev. Corp., et al., U.S. District Court for the District of Columbia,*
*1:02CV1616 (Judge James Robertson)*

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|
| Thomas E. Mellon, Jr., Esquire<br>John A. Corr, Esquire<br>Stephen A. Corr, Esquire<br>MELLON WEBSTER & SHELLY<br>87 North Broad Street<br>Doylestown, PA 18901 | Michael Hadeed, Jr., Esquire<br>BACKER HADEED KELLOGG AND<br>BERRY, PC<br>5501 Backlick Road, Suite 220<br>Springfield, VA 22151<br><br>*Counsel for Al Haramain Islamic Foundation,*<br>*Inc.*<br>*Muslim World League Offices-NY*<br>*Muslim World League*<br>*Success Foundation, Inc.*<br>*Mohamed S. Omeish* |
| Don Howarth, Esquire<br>Suzelle M. Smith, Esquire<br>Robert D. Brian, Esquire<br>HOWARTH & SMITH<br>800 Wilshire Boulevard, Suite 750<br>Los Angeles, CA 90017 | William H. Jeffress, Esquire<br>Christopher R. Cooper, Esquire<br>Sara Kropf, Esquire<br>BAKER BOTTS, LLP<br>The Warner<br>1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004-2400<br><br>*Counsel for HRH Prince Sultan bin Abdulaziz*<br>*Al-Saud*<br>*Khaled Bin Mahfouz*<br>*Bakr M. bin Laden*<br>*Omar M. Bin Laden* |
| Samuel L. Davis, Esquire<br>DAVIS SAPERSTEIN & SALOMON, PC<br>375 Cedar Lane<br>Teaneck, NJ 07666<br><br>Sanford Rubenstein, Esquire<br>RUBENSTEIN AND RYNECKI<br>16 Court Street<br>Brooklyn, NY 11241 | Louis R. Cohen, Esquire<br>Gregory S. Chernack, Esquire<br>WILMER CUTLER & PICKERING<br>2445 M Street, N.W.<br>Washington, D.C. 20037<br>and<br><br>David P. Donovan, Esquire<br>WILMER CUTLER & PICKERING<br>1600 Tysons Boulevard, 10th Floor<br>McLean, VA 22102<br><br>*Counsel for HRH Prince Mohamed al Faisal al*<br>*Saud* |

*Burnett, et al. v. Al Baraka Inv. and Dev. Corp., et al., U.S. District Court for the District of Columbia, 1:02CV1616 (Judge James Robertson)*

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|

**Plaintiff's Counsel**

Michael N. Block, Esquire
SULLIVAN PAPAIN BLOCK MCGRATH &
CANNAVO, PC
120 Broadway Avenue, 18ᵗʰ Floor
New York, NY 10271


Vincent F. Pitta, Esquire
Milton Mollen, Esquire.
HERRICK FEINSTEIN, LLP
2 Park Avenue
New York, NY 10016


Robert Conason, Esquire
GAIR GAIR CONSASON STEIGMAN &
MACKAUF
80 Pine Street
New York, NY 10005


J.D. Lee, Esquire
LEE LEE & LEE
422 S. Gay Street
Knoxville, TN 37902


**Defendant's Counsel**

Wilmer Parker, Esquire
GILLEN PARKER & WITHERS, LLC
One Securities Centre, Suite 1050
3490 Piedmont Road, N.E.
Atlanta, GA 30305

*Counsel for Mar-Jac Poultry, Inc.*


Mark C. Hansen, Esquire
Michael K. Kellogg, Esquire
Michael J. Guzman, Esquire
KELLOGG HUBER HANSEN TODD &
EVANS, PLLC
Sumner Square, Suite 400
1615 M Street, N.W.
Washington, D.C. 20036-3209

*Counsel for HRH Prince Turki Al-Faisal bin
Abdulaziz Al-Saud*


Matthew H. Kirkland, Esquire
FULBRIGHT & JAWORSKI
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Counsel for Nimir Petroleum, LLC*


Thomas P. Steindler, Esquire
McDERMOTT WILL & EMORY
600 13ᵗʰ Street, N.W.
Washington, D.C. 20005

*Counsel for Yousef Jameel
Yassin Abdullah Al Kadi*

*Burnett, et al. v. Al Baraka Inv. and Dev. Corp., et al., U.S. District Court for the District of Columbia,*
*1:02CV1616 (Judge James Robertson)*

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|
| Gary O. Galiher, Esquire<br>GALIHER DEROBERTIES NAKAMURA<br>ONO & TAKITANI<br>610 Ward Avenue, Suite 200<br>Honolulu, HI 96814 | Stephen J. Brogan<br>Jonathan C. Rose<br>Timothy J. Finn<br>James E. Gauch<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br><br>*Attorneys for Defendant SBG* |
| Anthony M. Sellitto, Jr., Esquire<br>OLIVER & SELLITTO<br>205 Bond Street<br>Asbury Park, NJ 07712 | Ronald S. Liebman, Esquire<br>Mitchell R. Berger, Esquire<br>Ugo A. Colella, Esquire<br>PATTON BOGGS, LLP<br>2550 M Street, N.W.<br>Washington, D.C. 20037<br><br>*Counsel for National Commercial Bank* |
| Kenneth Sacks, Esquire<br>SACKS AND SACKS, LLP<br>150 Broadway, 4th Floor<br>New York, NY 10038 | Henry S. Weisburg, Esquire<br>Brian H. Polovoy, Esquire<br>SHEARMAN & STERLING, LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069<br><br>and |
| Clare Sproule, Esquire<br>EPSTEIN BECKER & GREEN, PC<br>250 Park Avenue<br>New York, NY 10177-1211 | Jonathan L. Greenblatt, Esquire<br>SHEARMAN & STERLING, LLP<br>801 Pennsylvania Avenue, N.W., Suite 900<br>Washington, D.C. 20004-2604<br><br>*Counsel for Saudi American Bank* |
| George P. Blakely, Esquire<br>NOTRE DAME LAW SCHOOL<br>One Notre Dame Circle<br>Notre Dame, IN 46556 | Roger E. Warin, Esquire<br>Christopher T. Lutz, Esquire<br>STEPTOE & JOHNSON, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br><br>*Counsel for Mohammad Adbullah Aljomaih* |

*Burnett, et al. v. Al Baraka Inv. and Dev. Corp., et al., U.S. District Court for the District of Columbia,
1:02CV1616 (Judge James Robertson)*

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|

Edward D. Robertson, Esquire
Mary D. Winter, Esquire
ROBERTSON FRICKELTON ROBERTSON
& OBETZ
200 Madison Street, Suite 100
Jefferson City, MO  65101

Michael J. McManus
Brian Arthur Coleman
DRINKER BIDDLE
1500 K Street NW
Suite 1100
Washington, DC 20005

*Counsel for Delta Oil Company*

Peter J. Kahn
Thomas C Viles
WILLIAMS & CONNOLLY
725 Twelfth St. NW
Washington, DC 20005

*Counsel for Abdul Rahman Bin Kahlid  Bin
Mafouz*

John C. Millian
GIBSON DUNN & CRUTCHER
1050 Connecticut Ave. NW
Washington, DC 20036

*Counsel for Salahuddin Abduljawad*

## SERVICE LIST

*Doe v. Al Baraka Inv. And Dev. Corp., et al., U.S. District Court for the District of Columbia,*
*1:02CV1980 (Judge James Robertson)*

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|

Larry Klayman, Esquire
JUDICIAL WATCH, INC.
501 School Street, Suite 700
Washington, D.C. 20024

## SERVICE LIST

*Havlish, et al. v. Bin Laden, et al. v. U.S. District Court for the District of Columbia,*
*1:02CV305 (Judge James Robertson)*

| Plaintiff's Counsel | Defendants |
|---|---|

**Plaintiff's Counsel**

Thomas E. Mellon, Jr., Esquire
John A. Corr, Esquire
Stephen A. Corr, Esquire
Joseph A. Cullen, Jr. Esquire
MELLON WEBSTER & SHELLY
87 North Broad Street
Doylestown, PA 18901

Don Howarth, Esquire
Suzelle M. Smith, Esquire
Robert D. Brain, Esquire
HOWARTH & SMITH
800 Wilshire Blvd., Suite 750
Los Angeles, CA 90017

Richard D. Burbridge, Esquire
Stephen B. Mitchell, Esquire
Jefferson W. Gross, Esquire
BURBRIDGE & MITCHELL
215 South State Street # 920
Salt Lake City, UT 84111-2311

J.D. Lee, Esquire
David C. Lee, Esquire
LEE LEE & LEE
422 South Gay Street
Knoxville, TN 37902

Ronald L. Motley, Esquire
Jodi Westbrook Flowers, Esquire
Anne McGinness Kearse, Esquire
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

**Defendants**

Thomas P. Steindler, Esquire
McDERMOTT WILL & EMORY
600 13th Street, N.W.
Washington, D.C. 20005

*Counsel for Yousef Jameel*
*Yassin Abdullah Al Kadi*

Ronald S. Liebman, Esquire
Mitchell R. Berger, Esquire
Ugo A. Colella, Esquire
PATTON BOGGS, LLP
2550 M Street, N.W.
Washington, D.C. 20037

*Counsel for National Commercial Bank*

John D. Skahow, Esquire
KING & SPALDING, LLP
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4706

*Counsel for Arab Bank PLC*

*Havlish, et al. v. Bin Laden, et al. v. U.S. District Court for the District of Columbia.*
*1:02CV305 (Judge James Robertson)*

**Plaintiff's Counsel**                                    **Defendants**

Edward H. Rubenstone, Esquire
Marcel L. Groen, Esquire
GROEN LAMM GOLDBERG &
RUBENSTONE, LLC
Four Greenwood Square, Suite 200
Bensalem, PA  19020

William N. Riley, Esquire
R. Douglas Hailey, Esquire
Mark K. Dudley, Esquire
Amy Ficklin DeBrota, Esquire
Mary Beth Ramey, Esquire
RAMEY HAILEY & RILEY
3815 River Crossing Parkway, Suite 340
Indianapolis, IN  46240

Donald J. Winder, Esquire
John Warren May, Esquire
WINDER & HASLAM, PC
175 West 200 South, Suite 4000
P.O. Box 2668
Salt Lake City, UT  84110-2668