```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
In re: Terrorist Attacks         :
of September 11, 2001            :   03 MDL 1570 (RCC)
                                 :
- - - - - - - - - - - - - - - - x
This Document Relates to:
                                 :
Federal Insurance Company,       :
et al.,                          :
                                     03 Civ. 6978 (RCC)
              v.                 :

Al Qaida, et al.                 :
- - - - - - - - - - - - - - - - x
```

## SECOND STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AUTHORIZE ALTERNATIVE MEANS OF SERVICE OF PROCESS ON DEFENDANTS ALLEGED TO BE IN UNITED STATES CUSTODY

PETER D. KEISLER  
Assistant Attorney General

DAVID N. KELLEY  
United States Attorney

DOUGLAS N. LETTER  
Terrorism Litigation Counsel  
U.S. Department of Justice

SARAH S. NORMAND  
Assistant U.S. Attorney  
86 Chambers Street, 3rd Floor  
New York, New York 10007  
Telephone: (212) 637-2709  

- Of Counsel -

Facsimile: (212) 637-2717

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
In re: Terrorist Attacks         :
of September 11, 2001            :    03 MDL 1570 (RCC)
                                 :
- - - - - - - - - - - - - - - - x
This Document Relates to:        :
                                 :
Federal Insurance Company,       :
et al.,                          :
                                      03 Civ. 6978 (RCC)
             v.                  :
                                 :
Al Qaida, et al.                 :
- - - - - - - - - - - - - - - - x
```

**SECOND STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AUTHORIZE
ALTERNATIVE MEANS OF SERVICE OF PROCESS ON
<u>DEFENDANTS ALLEGED TO BE IN UNITED STATES CUSTODY</u>**

The United States of America ("United States" or "Government") submits this Second Statement of Interest pursuant to 28 U.S.C. § 517. In its initial Statement of Interest, the United States advised that it would attempt to facilitate service of process on certain defendants whom the Government has publicly acknowledged are in the custody of the Department of Justice ("DOJ"). Statement of Interest of the United States ("Stmt. Int.") at 6-7. Counsel for the United States has since been in contact with plaintiffs' counsel regarding service of process on those defendants. With respect to the other defendants identified in plaintiffs' motions, however, for substantial national security reasons, the United States will neither confirm

nor deny whether or not it has custody of such persons and therefore cannot participate in a procedure designed to serve them with process.  Id. at 7-15.

In their reply, plaintiffs acknowledge "the Government's strong interest in waging an effective war against international terrorism," Plaintiffs' Reply ("Pl. Rep.") at 3, and they do not contest that official public disclosure of the identities of persons detained in U.S. custody could have grave effects on the United States' anti-terrorism efforts.  They argue, however, that the Court should attempt to "craft an appropriate compromise" by requiring the Government both to submit sensitive national security information to the Court under seal, presumably ex parte, and to propose a protocol for serving process on persons in U.S. custody.  Id. at 7-8.  As set forth below, plaintiffs' alternative proposal raises the same sovereign immunity and separation-of-powers concerns as the relief requested in their motions.  Plaintiffs' proposal should therefore be rejected.

ARGUMENT

A.  Plaintiffs Have Identified No Legal Authority for
    This Court to Grant the Requested Relief

Plaintiffs do not dispute the fundamental proposition that, in the absence of an express, unequivocal waiver of sovereign immunity, this Court is precluded from compelling U.S. officials to act.  See Stmt. Int. at 10-12; Pl. Rep. at 7.  Nor

2

do plaintiffs identify any applicable waiver of sovereign immunity.  See Pl. Rep. at 7.  Nevertheless, plaintiffs ask the Court to "compel the Government to disclose to the Court, in a sealed filing, whether the defendants at issue are in fact in U.S. custody and, if so, to submit a proposed protocol for accomplishing service upon those defendants."  Pl. Rep. at 3, 8 (emphasis added).

This alternative request implicates sovereign immunity no less than the relief requested in plaintiffs' motions.  Just as there is no express and unequivocal waiver of sovereign immunity granting this Court authority to order U.S. officials to serve process on detainees, see Stmt. Int. at 13-15, there is no legal basis to compel the Government to disclose the names of detainees to the Court for purposes of developing a protocol for service.  To the contrary, the responsibility for regulating access to sensitive national security information is committed to the Executive Branch, not to the courts.  See People's Mojahedin Org. of Iran v. Department of State, 327 F.3d 1238, 1242 (D.C. Cir. 2003) ("[U]nder the separation of powers created by the United States Constitution, the Executive Branch has control and responsibility over access to classified information and has a compelling interest in withholding national security information from unauthorized persons in the course of executive business.") (quoting Department of the Navy v. Egan, 484 U.S. 518, 527

(1988), and Snepp v. United States, 444 U.S. 507, 509 n.3 (1980)) (internal quotation marks omitted).

Moreover, plaintiffs' proposal that the Government disclose this information to the Court, even ex parte, does not resolve the Government's national security concerns.  Cf. United States v. Reynolds, 345 U.S. 1, 10 (1953) (noting, in the context of the state secrets privilege, that "the court should not jeopardize the security which the privilege is meant to protect by insisting upon an examination of the evidence, even by the judge alone, in chambers").  The sole purpose of disclosure in this case would be to develop a "protocol" to accomplish service of process on persons allegedly in U.S. custody.  Such a protocol necessarily would result in the public disclosure of sensitive information, as the Government would have to acknowledge whom it holds in custody, and whom it does not, in order to effectuate service of process.  Plaintiffs have identified no statutory or other legal authority that would permit the Court to grant such relief, and basic separation-of-powers concerns counsel strongly against it.  See Stmt. Int. at 10-15 & n.6.

Plaintiffs attempt to avoid the sovereign immunity bar by arguing that they do not seek an order compelling an officer of the United States to serve process on any defendant, but merely "this Court's permission to allow service of process on specified individuals and foreign terrorist organizations *with*

4

*the assistance of the U.S. Government*."  Pl. Rep. at 7 (emphasis in original).  This assertion is inconsistent both with the language of plaintiffs' proposed order, see Docket No. 55 (directing the Attorney General to forward copies of summons and complaint to persons allegedly being held by United States), and with their alternative request that the Court "compel" the Government to disclose national security information to the Court under seal and to submit a protocol for service of process, Pl. Rep. at 3, 8.  Indeed, plaintiffs have already requested the Government to facilitate service of process, and the Government has provided its response.  Thus, the only purpose for plaintiffs to continue to seek the Court's assistance is to compel the United States to do what it has not agreed to do voluntarily.  That requires an express waiver of sovereign immunity, which for the reasons stated is not present here.

B.  Plaintiffs' Litigation Need Does Not Justify
    Disclosure of Sensitive National Security Information

Plaintiffs contend that the Government's refusal to confirm or deny whether or not it is holding certain defendants may "impede or bar [the] Insurers from pursuing valid civil claims against those individuals and their respective terrorist organizations."  Pl. Rep. at 6.  However, as the United States' initial Statement of Interest makes clear, and plaintiffs do not dispute, there are substantial national security reasons why the United States will not confirm or deny whether or not it has

5

custody of the specified defendants.  Official public disclosure of the identities of detainees could, among other things, "enable al Qaeda or other terrorist groups to map the course of the investigation and thus develop the means to impede it."  Center for Nat'l Sec. Studies v. DOJ, 331 F.3d 918, 928 (D.C. Cir. 2003), cert. denied, 124 U.S. 1041 (2004); see also Stmt. Int. at 8-10 (citing cases).

Plaintiffs' contention that they have greater need of this information than other civil litigants, see id. at 6-7, even if true, is beside the point.  Courts have long recognized that the Government's need to protect sensitive national security information must be honored, even when non-disclosure makes private litigation more difficult or even impossible.  See Reynolds, 345 U.S. at 11 (where military or state secrets are at stake, "even the most compelling necessity cannot overcome the claim of privilege"); see also, e.g., Zuckerbraun v. General Dynamics Corp., 935 F.2d 544 (2d Cir. 1991) (affirming dismissal of private wrongful death action based on state secrets privilege); Trulock v. Lee, Nos. 02-1476, 02-1477, 2003 WL 21267827 (4th Cir. June 3, 2003) (same for private defamation action); Bareford v. General Dynamics Corp., 973 F.2d 1138 (5th Cir. 1992) (same for private wrongful death action), cert. denied, 507 U.S. 1029 (1993); Fitzgerald v. Penthouse Int'l, Ltd., 776 F.2d 1236 (4th Cir. 1985) (same for private defamation

action).[1]

Thus, the fact that the Government's policy may make it more difficult for plaintiffs to pursue their claims against certain defendants does not justify disclosure of national security information, particularly where the Government has determined that such disclosure could materially undermine its anti-terrorism efforts. Certainly, plaintiffs' litigation need for the information does not provide a legal basis for the Court to compel the Government to disclose sensitive information or otherwise assist in serving process in this private civil litigation.

---

[1] Contrary to plaintiffs' suggestion, Pl. Rep. at 5 n.2, the Government's protection of national security information in this and other cases does not constitute a taking within the meaning of the Fifth Amendment. See, e.g., Paradissiotis v. United States, 304 F.3d 1271, 1275 (Fed. Cir. 2002) ("[V]alid regulatory measures taken to serve substantial national security interests may adversely affect individual contract-based interests and expectations, but those effects have not been recognized as compensable takings for Fifth Amendment purposes.").

CONCLUSION

        For the foregoing reasons, and for the reasons stated in the United States' initial Statement of Interest, the Court should deny plaintiffs' motions to authorize substituted service of process on certain defendants alleged to be in U.S. custody through the Department of Justice.  The Government takes no position on plaintiffs' alternative request for authorization to effect service of process by publication.

        Respectfully submitted,

| | |
|---|---|
| PETER D. KEISLER<br>Assistant Attorney General | DAVID N. KELLEY<br>United States Attorney |
| DOUGLAS N. LETTER<br>Terrorism Litigation Counsel<br>U.S. Department of Justice | By:  s/ Sarah S. Normand<br>SARAH S. NORMAND<br>Assistant U.S. Attorney<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Telephone: (212) 637-2709<br>Facsimile: (212) 637-2717<br><br>- Of Counsel - |