# ROSNER NOCERA & RAGONE, LLP

JOHN A. NOCERA*
RANDY G. ROSNER*
PETER A. RAGONE*

GERALD M. JACOBS*
ELIOT L. GREENBERG*
JOHN P. FOUDY°
ANTHONY L. COTRONEO•
GREGORY D. MALZ°

* ADMITTED IN N.Y. AND N.J.
• ADMITTED IN N.Y. AND CT.
° ADMITTED IN N.Y.

ATTORNEYS AT LAW
40 WALL STREET
24TH FLOOR
NEW YORK, NEW YORK 10005-2301

PHONE: 212-635-2244
FACSIMILE: 212-635-0533
EMAIL: INFO@RNRLAWGROUP.COM

NEW JERSEY OFFICE:
ROSNER NOCERA & RAGONE
4105 U.S. HIGHWAY 1
SUITE 16
MONMOUTH JUNCTION, N.J. 08852-2157
PHONE: 609-520-9060
FACSIMILE: 609-520-9407

April 2, 2004



By Hand Delivery

The Honorable Richard C. Casey
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
Room 1350
New York, New York 10007-1312

Re:  **MDL-1570**/*Burnett v. Al Baraka Investment and Development Corp.* (No. 03-CV-9849).

Dear Judge Casey:

We represent Mohammad Abdullah Aljomaih, a defendant in <u>Burnett v. Al Baraka Investment and Development Corp.</u> (No. 03-CV-9849). We have received plaintiffs' March 26, 2004 "Sur-Reply" to our Reply to their Opposition to Mr. Aljomaih's Motion to Dismiss.[1] We object to this latest filing and ask that the Court disregard or strike it, for several reasons.

<u>First</u>, neither the Federal Rules, nor the Rules of this Court, contemplate the filing of Sur-Replies. We are unaware of the plaintiffs' seeking leave to file such a document, and we believe it is inappropriate.

<u>Second</u>, the Sur-Reply is inconsistent with this Court's overall limits on the length of filings. Mr. Aljomaih's Motion to Dismiss is 19 pages long, and his Reply is ten pages long. Both comply with this Court's rules on page limits. By contrast, the plaintiffs' Opposition is 36 pages long, which was permissible when filed in the District of Columbia in December, but is substantially more than the 25-page limit here. Now plaintiffs add a "Sur-Reply" to their already ample briefing. That submission takes the remarkable position that any document filed in

---

[1] Mr. Aljomaih's Motion to Dismiss is now fully briefed, though it is omitted from Schedule C -- "Motions Fully Briefed in *Burnett*" -- in the Proposed Case Management Order submitted by plaintiffs' counsel on March 30, 2004.

Doc. #1391310

The Honorable Richard C. Casey
April 2, 2004
Page 2

connection with any other defendant also applies to all other defendants. As a result, plaintiffs claim that, along with the Sur-Reply, ten pages of material concerning a defendant named Jameel is actually also a response to Mr. Aljomaih's Motion. Thus, with their 36 page opposition, their 4 page Sur-Reply, and the 10 page Jameel filing, plaintiffs seek to submit 50 pages of briefing to bear on this issue -- twice the applicable limit for oppositions to motions like this.

Third, everything in the Sur-Reply could have been said in the plaintiffs' spacious Opposition in December. They identify no new developments or newly discovered facts that justify this additional submission. Their citation of the Court's (and Judge Robertson's) endorsement of Rule 12(e) motions for a more definite statement is no answer: There are two main grounds for Mr. Aljomaih's Motion to Dismiss. One is defective service, which has nothing to do with the quality of the Complaint's allegations. The other is lack of personal jurisdiction; when plaintiffs were served, in October, with a Motion squarely raising that question, they were obliged to offer whatever jurisdictional allegations they had concerning Mr. Aljomaih. Nothing has happened since that entitles them now to say a Rule 12(b)(2) motion was the wrong way to require such a response.[2]

Finally, plaintiffs' use of a Sur-Reply as a "last word" in briefing these issues is simply unfair. Among other things, they mischaracterize parts of Mr. Aljomaih's argument, and they present an incomplete picture of the case that produced the government description of the "golden chain" which they quote at length. And, as ever, they fail to explain how a last name, paired with a city in which Mr. Aljomaih has never lived provides a good faith basis to allege that he has intentionally supported terrorism.

We therefore respectfully request that Your Honor disregard or strike plaintiffs' "Sur-Reply."

---

[2] A portion of the Motion to Dismiss does contend that plaintiffs have failed to state a claim against Mr. Aljomaih, but -- and the Sur-Reply fails to mention this -- it also makes a request in the alternative under Rule 12(e). We are willing, as plaintiffs suggest, to defer the portion of the Mr. Aljomaih's Motion based on Rule 12(b)(6), since we believe the Court probably will not have to rule on it, given the problems with service and the lack of personal jurisdiction, which alone support dismissal.

Doc. #1391310

The Honorable Richard C. Casey
April 2, 2004
Page 3

Respectfully submitted,

*[signature]*

Anthony Cotroneo (AC-0361)
ROSNER NOCERA & RAGONE LLP
40 Wall Street, 24th Floor
New York, New York 10005
212-635-2244

Christopher T. Lutz (pro hac vice)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington DC 20036
202-429 3000

cc: Counsel (by telecopy or e-mail)

---

*[Handwritten note:]*

Defendant Mohammad Abdullah Aljomaih's motion to strike Plaintiffs' Sur-Reply, Docket No. 71, is granted.

4/22/04

*[Signed]* Richard Casey

Doc. #1391310