UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 ) | No. 03-MD-1570 (RCC) |
| ) |  |
| THOMAS E. BURNETT, *et al.*, ) | No. 03-CV-9849 (RCC) |
| PLAINTIFFS, ) |  |
| vs. ) |  |
| ) | FILED ELECTRONICALLY |
| AL BARAKA INVESTMENT AND ) |  |
| DEVELOPMENT CORPORATION, et al., ) |  |
| DEFENDANTS. ) |  |

**MOTION FOR LEAVE TO FILE MEMORANDUM
IN OPPOSITION TO MOTION TO INTERVENE AS PARTIES-PLAINTIFF**

Defendants Saudi Binladin Group ("SBG"), Bakr Binladin, Omar Binladin, Tariq Binladin, and Khalid Bin Mahfouz (hereinafter collectively "Undersigned Defendants") hereby respectfully request this Court to grant them leave to file the attached Memorandum in Opposition to Motion to Intervene as Parties-Plaintiff in the *Burnett* matter brought by Federal Insurance Company, Pacific Indemnity Company, and Vigilant Insurance Company (hereinafter collectively "Applicants"). Applicants filed their motion to intervene in the *Burnett* action on October 10, 2003 in the District Court for the District of Columbia. Although the Undersigned Defendants did not respond at that time, while their petition to transfer these actions was pending before the Panel on Multidistrict Litigation ("MDL"), it has recently become clear, as discussed more fully in the attached memorandum in opposition, that Applicants' motion, if granted, will hinder the orderly advancement of these cases and disrupt the work of the parties to negotiate an agreed-upon schedule for managing these complex consolidated actions. The Undersigned

Defendants therefore respectfully request leave to file the attached memorandum in opposition. The Undersigned Defendants do not, however, seek to present oral argument before the Court at the hearing scheduled for May 12.

Dated: April 30, 2004

    Respectfully submitted,

/s/ E. Michael Bradley
_____

E. Michael Bradley (EB-7822)
Geoffrey S. Stewart (GS-5413)
JONES DAY
222 East 41st Street
New York, New York  10017-6702
Tel:  (212) 326-3939
Fax:  (212) 755-7306

Stephen J. Brogan (admitted *pro hac vice*)
Timothy J. Finn (admitted *pro hac vice*)
Jonathan C. Rose (admitted *pro hac vice*)
James E. Gauch (admitted *pro hac vice*)
Melissa D. Stear (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Tel:  (202) 879-3939
Fax:  (202) 626-1700

*Attorneys for Defendants SBG, Bakr Binladin, Omar Binladin, Tariq Binladin, and Khalid Bin Mahfouz*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | No. 03-MD-1570 (RCC) |
| THOMAS E. BURNETT, *et al.*, | No. 03-CV-9849 (RCC) |
| PLAINTIFFS, | |
| vs. | |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, et al., | |
| DEFENDANTS. | |

**MEMORANDUM IN OPPOSITION
TO MOTION TO INTERVENE AS PARTIES-PLAINTIFF**

Defendants Saudi Binladin Group ("SBG"), Bakr Binladin, Omar Binladin, Tariq Binladin, and Khalid Bin Mahfouz (hereinafter collectively "Undersigned Defendants") hereby oppose the Motion to Intervene as Parties-Plaintiff in the *Burnett* matter brought by Federal Insurance Company, Pacific Indemnity Company, and Vigilant Insurance Company (hereinafter collectively "Applicants"). The Undersigned Defendants respectfully request this Court to deny Applicants' motion to intervene for the reasons stated below.

**INTRODUCTION**

The case of *Burnett v. Al Baraka Investment and Development Corporation* was filed in the District Court for the District of Columbia on August 15, 2002. Roughly 14 months after its filing – and several months after many motions to dismiss had been filed and several of these had been ruled upon, resulting in the dismissal of all Racketeer Influenced and Corrupt Organizations Act ("RICO") claims from the *Burnett* action – the Applicants sought to intervene in this matter.

Applicants are a collection of insurance companies who assert a subrogation interest in the claims of certain plaintiffs to the *Burnett* action. Applicants are also plaintiffs in another action consolidated before this Court, *Federal Insurance Company v. Al Qaida*, 03-CV-6978, which seeks recovery primarily under the Anti-Terrorism Act ("ATA") and RICO.

Applicants' motion to intervene should be denied on grounds that it fails to satisfy the requirements of Federal Rule of Civil Procedure 24. Their interests are adequately represented in the *Burnett* matter, and their intervention would only cause undue delay and prejudice to the parties who have invested substantial resources to advance this case well beyond the others now consolidated before this Court. Moreover, Applicants' intervention in the *Burnett* case at this juncture would threaten the Court's recent efforts to organize this complex consolidated MDL action.

## I.   APPLICANTS ARE NOT ENTITLED TO INTERVENTION AS OF RIGHT

Because whatever interests Applicants may have in this action are adequately represented, Applicants do not meet the requirements for intervention as of right found in Federal Rule of Civil Procedure 24(a). "In order to intervene as of right under Fed. R. Civ. P. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992). Applicants bear the burden of proving that all of Rule 24(a)'s demands are met. *See In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 490 (S.D.N.Y. 1998). The failure to satisfy even one of these four requirements mandates denial of a motion to intervene as of right. *See New York News*, 972 F.2d at 485; *see also United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). In this case, Rule 24(a)'s first three requirements need not even be addressed because it is clear that Applicants cannot satisfy the

2

fourth: they cannot demonstrate that any interests they might have in this litigation are inadequately represented by the *Burnett* plaintiffs.

Applicants are obviously not satisfied with the strategic choices made by counsel for the *Burnett* plaintiffs. *See* Reply Memorandum of Proposed Plaintiff Intervenors in Support of Motion to Intervene (December 22, 2003) ("Reply Memorandum in Support") at 4-6, 7. Nonetheless, disagreements over strategies and tactics do not amount to inadequate representation for purposes of intervention as of right. *See, e.g.*, *Jones v. Prince George's County, Maryland*, 348 F.3d 1014, 1019-20 (D.C. Cir. 2003). Rather, to demonstrate inadequate representation an applicant must show "evidence of collusion, adversity of interest, nonfeasance, or incompetence." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001). Indeed, "[i]f disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning." *Id.* at 181.

Where, as here, there is an identity of interests because the applicant and the existing party have the same ultimate objective, the applicant "must rebut the presumption of adequate representation by the party already in the action." *See id.* at 179-80. Applicants here have not and cannot do so. At present, their interests are entirely consistent with those of the *Burnett* plaintiffs, *i.e.*, to establish the liability of and collect the maximum possible amount of damages from the named defendants. Moreover, to the extent the possibility exists that Applicants' interests may diverge from the *Burnett* plaintiffs' interests at some point in the future after any damages award is rendered, the record demonstrates that the *Burnett* plaintiffs have offered to enter into a stipulation to protect the Applicants' interests. *See Burnett* Plaintiffs' Memorandum of Law in Opposition to Motion to Intervene as Parties-Plaintiff (December 1, 2003) at 7 n.3 and Ex. B; Letter from R. Motley to E. Feldman (March 12, 2004). The fact that Applicants have

3

repeatedly refused this offer – even after they were recently ordered by this Court to (in their own words) "attempt to arrive at an amicable resolution" of this motion, Letter from E. Feldman to the Honorable R. Casey (April 12, 2004) – suggests that they simply want to control the *Burnett* action and to receive a "second bite at the apple" on issues where the *Burnett* plaintiffs received an unfavorable ruling from Judge Robertson.

Because Applicants have not and cannot demonstrate that the *Burnett* plaintiffs (and their counsel) are currently adverse to or incompetent to protect Applicants' alleged interests, intervention as of right is simply not available to them and their motion pursuant to Rule 24(a) should be denied. *See Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d 271, 273 (3d Cir. 1980); *see also Butler*, 250 F.3d at 179-181.

## II.     APPLICANTS' MOTION FOR PERMISSIVE INTERVENTION SHOULD ALSO BE DENIED

Permissive intervention is possible when an applicant demonstrates that its claims or defenses and the main action "have a question of law or fact in common," Fed. R. Civ. P. 24(b)(2), but district courts have "broad discretion to deny an applicant's motion for intervention under Rule 24(b)(2)." *Kheel*, 972 F.2d at 487 (citing *H.L. Hayden Co. of New York v. Siemens Medical Systems*, 797 F.2d 85, 89 (2d Cir. 1986)). "In fact, a denial of permissive intervention has virtually never been reversed." *Id.* (internal quotation omitted). In exercising this broad discretion, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

Applicants' motion for permissive intervention fails because the relief they seek would result in undue delay and prejudice to the original *Burnett* parties. At least 22 defendants have filed motions to dismiss the *Burnett* action that have been fully briefed and are awaiting argument and decision. It is clear that Applicants seek to re-brief these motions. *See* Letter from

4

S. Brogan to R. Motley (April 13, 2004) at 1 (attached).  Such briefing not only would delay decision on these important and, in many instances, long-pending motions, but it would plainly require additional effort and expense on the part of each moving defendant.

In addition, seven motions to dismiss have already been decided in the *Burnett* action, and those decisions dismissed two primary *Burnett* defendants (Saudi Princes Turki and Sultan) and one of the primary causes of action (RICO) as to all defendants.  Allowing Applicants to intervene therefore would result in a further waste of party resources, as well as judicial resources, as Applicants surely would seek reconsideration of these rulings upon their entrance into the *Burnett* case.  *See* Reply Memorandum in Support at 4-6, 7.

Reconsideration of all rulings and briefing filed in the *Burnett* action over the last 20 months would only have the effect of consuming the time and resources of the Court and the parties, putting an end to the progress the Court and the parties have made in attempting to organize and advance this consolidated MDL action.  *See* Letter from S. Brogan to R. Motley, *supra*, at 1-3.  Such a result would be directly contrary to the "two competing policies underlying intervention," which are: (1) "'efficiently administrating legal disputes by resolving all related issues in one lawsuit,'" (a goal that is now achieved by the MDL transfer and consolidation); and (2) "'keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged.'" *NASDAQ Market-Makers*, 187 F.R.D. at 490 (quoting *Pitney Bowes*, 25 F.3d at 69; emphasis omitted).  Given the prejudice and delay that would result, not only for the parties but for the Court as well, Applicants' motion for permissive intervention should also be denied.

## CONCLUSION

For all of the foregoing reasons, the Undersigned Defendants respectfully request that this Court deny Applicants' motion to intervene in the *Burnett* action.

Dated: April 30, 2004

Respectfully submitted,


/s/ E. Michael Bradley
_____
E. Michael Bradley (EB-7822)
Geoffrey S. Stewart (GS-5413)
JONES DAY
222 East 41st Street
New York, New York  10017-6702
Tel:  (212) 326-3939
Fax:  (212) 755-7306

Stephen J. Brogan (admitted *pro hac vice*)
Timothy J. Finn (admitted *pro hac vice*)
Jonathan C. Rose (admitted *pro hac vice*)
James E. Gauch (admitted *pro hac vice*)
Melissa D. Stear (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Tel:  (202) 879-3939
Fax:  (202) 626-1700

*Attorneys for Defendants SBG, Bakr Binladin,
Omar Binladin, Tariq Binladin, and Khalid Bin
Mahfouz*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April, 2004, I caused a true and correct copy of the Motion for Leave to File Memorandum in Opposition to Motion to Intervene as Parties-Plaintiff by Defendants SBG, Bakr Binladin, Omar Binladin, Tariq Binladin, and Khalid Bin Mahfouz to be served in accordance with the Court's Electronic Case Filing System.

Dated: April 30, 2004

/s/ E. Michael Bradley
_____
E. Michael Bradley (EB-7822)