## JONES DAY

51 LOUISIANA AVENUE, N.W.
WASHINGTON, D.C. 20001-2113

STEPHEN J. BROGAN
MANAGING PARTNER

April 13, 2004

TELEPHONE: 202-879-3939
FACSIMILE: 202-626-1700
WRITER'S DIRECT NUMBER:
202-879-3926

Ronald L. Motley
Motley Rice LLC
28 Bridgeside Boulevard
PO Box 1792
Mt. Pleasant, SC  29465

Re: In re Terrorist Attacks on September 11, 2001, (MDL 1570 (RCC))

Dear Ron:

As we discussed last week, I am interested in finding a path to move this case forward without unnecessary wrangling on procedural issues. To this end, I believe it is important to take advantage of the momentum gained in the *Burnett* case. As your March 4 status report indicated, seven motions to dismiss were already decided in *Burnett* (some of which you seek to reopen) and another 16, including those of my clients, are fully briefed and ready for argument or decision. The most fruitful way for Judge Casey to advance this case would be to decide those motions now, before any further and largely repetitive briefing. However, the number and diversity of defendants, as well as the addition of the insurance company plaintiffs with distinct claims in the litigation, will make coming to consensus on this approach, much less the myriad other issues addressed in the plaintiffs' proposed order, difficult to say the least.

Although I expect that you can agree with the goal of getting prompt decisions on the pending *Burnett* motions, plaintiffs' proposed case management order would undercut that goal. First and foremost, the proposed case management order (¶ 49) would allow any other interested plaintiffs to submit "supplemental" briefs on any issue that relates to them. Given the overlapping claims in these cases, this will inevitably result in a new round of briefing on all of the pending motions. Moreover, although the proposed order would give plaintiffs a unilateral right to submit such briefs, it is obvious that the moving party would be entitled to a corresponding opportunity to reply. This process will impose months of additional delay during which the Court will be unable to address any of the threshold legal issues in the case. In light of the extensive and thorough briefing that has already been submitted on these motions, this delay cannot be justified.

In particular, Mr. Feldman's claim that the insurance companies he represents have interests distinct form the personal injury victims you represent does not justify more briefing, since there is no reason to believe that Mr. Feldman's distinct interests would be unfairly affected by the Court's decision. While Mr. Feldman argued at the March 1 hearing, for instance, that his clients have a RICO claim that is not available to the individual plaintiffs, the Court's affirmation of Judge Robertson's determination that personal injury is not injury to "business or property" cognizable under RICO would not affect the property injury claims of the insurance companies.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUMBAI • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Ronald L. Motley  
April 13, 2004  
Page 2

**JONES DAY**

  Expeditious decisions on these motions will make all other issues easier by determining who will be defendants and what are the issues subject to discovery and trial. Until we have the Court's direction on these fundamental issues, it does not make sense to plan a discovery schedule. Because many motions in *Burnett* are ripe for decision and most of the defendants have not even been served in the other actions, discovery is almost entirely premature.

  It is sensible for us to reach agreement on procedures relating to letters rogatory, which have already been issued in *Burnett*, and any other third-party discovery that may need to proceed at this time because of special considerations.[1] But it clearly is not necessary for us or the Court to resolve a number of issues raised in your proposed order. It is not, for instance, useful for the defendants to determine the composition and role of defendants' committees prior to determining which defendants will in fact remain in the case. Similarly, while the time allotted in the proposed order for expert discovery (¶ 39) is much too truncated, the exact schedule for fact discovery (¶¶ 38, 40) and expert discovery need not be addressed now. in the absence of large-scale discovery, the parties also need not settle on the specifics of a document repository(ies) to be shared by all parties (¶ 43), the procedures regarding translation of documents (¶ 45), or mechanisms for the conduct of depositions (¶ 38). Whether or not we can reach agreement on any of these matters, we certainly do not need to do so at this point in the case.

  Rather than becoming bogged down in many of the procedural issues addressed in the proposed case management order, I believe agreement on the following points would produce a reasonable framework:

1. the pending *Burnett* motions to dismiss should be set for argument or decision on or before July 30, 2004, without further briefing;

2. service of all complaints shall be completed by September 11, 2004;

3. parties not served prior to the date of case management order shall file motions to dismiss by November 30, 2004, opposition papers shall be filed by January 28, 2005, and replies shall be filed by February 11, 2005;

4. amendments to the complaints will be governed by the provisions of Fed.R.Civ.P. 15;

5. prior to resolution of motions to dismiss, party discovery should be limited only to defendants who have not filed motions to dismiss or to those defendants whose motions have been denied; and

---

[1] Letters rogatory (¶ 36) present special concerns, including the cumbersome nature of that process and the need for the Court's direct involvement. We would be prepared to agree to the sort of process discussed before Judge Robertson provided that all parties have the right to participate in the process and also have prompt access to the materials received, including those that have already been obtained through Judge Robertson's letters.

Ronald L. Motley
April 13, 2004
Page 3

JONES DAY

      6.     no hearings should be held to secure default judgments (which may impact other defendants unfairly) until after all motions to dismiss have been decided.

Agreement on these key points would considerably streamline the process of devising an effective and fair case management order. It would also likely narrow the parties and the issues presented in the case, which in turn would make achieving consensus on discovery and procedural issues simpler when the time comes.

I appreciate your constructive attitude in our prior discussions on these issues and look forward to working with you to reach agreement on these matters.

                                Sincerely,

                                Stephen J. Brogan