UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Terrorist Attack on September 11, 2001 ) | No. 03 MD 1570 (RCC) |
| ) | |
| ) | No. 03 CV 9849 (RCC) |
| THOMAS E. BURNETT, *et al.* ) | |
| ) | FILED ELECTRONICALLY |
| PLAINTIFFS, ) | |
| v. ) | |
| ) | |
| AL BARAKA INVESTMENT AND ) | |
| DEVELOPMENT CORPORATION, et al.; ) | |
| ) | |
| DEFENDANTS. ) | |

**RESPONSE OF FEDERAL INSURANCE COMPANY, PACIFIC INDEMNITY COMPANY, AND VIGILANT INSURANCE COMPANY TO THE MOTION FOR LEAVE TO FILE MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE AS PARTIES-PLAINTIFF OF DEFENDANTS, SAUDI BINLADIN GROUP, BAKR BIN LADEN, OMAR BIN LADEN, TARIQ BIN LADEN AND KHALID BIN MAHFOUZ**

Proposed Intervention Plaintiffs, Federal Insurance Company, Pacific Indemnity Company and Vigilant Insurance Company, (hereinafter collectively referred to "Applicants"), hereby respond to the belated Motion for Leave to File Memorandum in Opposition to Motion to Intervene of Saudi Binladin Group, Bakr Bin Laden, Omar Bin Laden, Tariq Bin Laden And Khalid Bin Mahfouz (hereinafter "Defendants"). For the reasons set forth in the attached Memorandum, Applicants respectfully submit that the Defendants have offered no legitimate justification for their six and one-half month delay in seeking leave to oppose Applicant's Motion to Intervene, and that permitting Defendants to file an Opposition to the Motion to Intervene at this late date would unfairly prejudice all parties. Moreover, the intervention of Applicants in the *Burnett* action would not hinder the orderly advancement of the consolidated actions, or require additional effort or expenses on the part of Defendants that have previously moved to dismiss the claims asserted against them in *Burnett*. To the contrary, the intervention

of Applicants in the *Burnett* matter will serve to ensure uniformity of decision among the consolidated actions, a goal these very Defendants cited in support of their application for transfer and consolidation of these actions.

                    Respectfully submitted,

                    COZEN O'CONNOR

By:   */s/ Elliott R. Feldman*
      STEPHEN A. COZEN, ESQUIRE
      ELLIOTT R. FELDMAN, ESQUIRE
      SEAN P. CARTER, ESQUIRE
      1900 Market Street
      Philadelphia, PA 19103
      (215) 665-2000

PHILA1\2060172\1 117430.000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Terrorist Attack on September 11, 2001 ) | No. 03 MD 1570 (RCC) |
| ) | |
| ) | No. 03 CV 9849 (RCC) |
| THOMAS E. BURNETT, *et al.* ) | |
| ) | FILED ELECTRONICALLY |
| PLAINTIFFS, ) | |
| v. ) | |
| ) | |
| AL BARAKA INVESTMENT AND ) | |
| DEVELOPMENT CORPORATION, et al.; ) | |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO FILE MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE**

Proposed Intervention Plaintiffs Federal Insurance Company, Pacific Indemnity Company and Vigilant Insurance Company (hereinafter collectively referred to as "Applicants"), hereby oppose the Motion for Leave to File A Memorandum in Opposition to Motion to Intervene of Defendants Saudi Binladin Group ("SBG"), Bakr Bin Laden, Omar Bin Laden, Tariq Bin Laden and Khalid Bin Mahfouz (hereinafter collectively referred to as "Defendants"). For the reasons set forth below, Applicants respectfully request that this Court deny Defendants' Motion for Leave.

**INTRODUCTION**

On October 10, 2003, nearly seven months ago, Applicants moved to intervene in the *Burnett* action. Applicants' moving papers were properly served on all counsel of record in the *Burnett* action at that time, including counsel for Defendants. The Motion to Intervene has been fully briefed and awaiting decision since December 22, 2003. Now, less than two weeks before the scheduled date for argument on the Motion to Intervene, Defendants have moved for leave to file an untimely opposition to the proposed intervention. Significantly, the Defendants do not

cite to any new information or activity in the cases that would justify their extreme delay in seeking to assert a position with respect to the motion to intervene. Moreover, the intervention of the Applicants will not, as Defendants have suggested, unduly hinder the orderly advancement of these cases. For these reasons, the Defendants' Motion for Leave to File a Memorandum in Opposition to the Motion to Intervene should be denied.

I. **The Defendants Have Not Offered Any Legitimate Justification For Their Extreme Delay In Seeking Leave To Oppose The Motion To Intervene.**

Applicants filed their Motion to Intervene in the *Burnett* action on October 10, 2003 in the United States District Court for the District of Columbia, where the *Burnett* action was then pending before the Honorable James Robertson. Defendants concede that the time for filing oppositions to the Motion to Intervene passed many months ago, and that they did not request an enlargement of the period for filing oppositions before the expiration of that deadline. As such, Defendants' application for leave to file this extremely belated opposition to Applicants' Motion to Intervene is governed by Rule 6(b)(2), which provides as follows:

> (b) Enlargement. When by these rules or by a Notice given thereunder or by Order of Court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion.(1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period the act to be done *where the failure to act was the result of excusable neglect...*

Fed. R. Civ. P. 6 (b)(2)(emphasis supplied).

Consistent with the plain language of Rule 6(b)(2), Defendants' Motion for Leave must be denied, as Defendants have failed to proffer any justification for their six month delay in seeking to oppose the intervention. Recognizing that a belated opposition to the Motion to Intervene cannot be accepted absent justification, the Defendants allege that "it has recently become clear... that Applicants' Motion, if granted, will hinder the orderly advancement of these

2

cases." Defendants' Motion for Leave at p. 1. However, the Defendants do not cite to any newly discovered information or procedural developments to explain why the potential impact of the intervention on the progress of the consolidated actions has only "recently become clear" to them. In point of fact, the procedural status of this action has remained virtually unchanged over the last several months, as a result of the consolidation and transfer of the actions. Given that fact, the Defendants have not and can not offer a credible excuse for their extreme delay in seeking to oppose Applicants' intervention in the *Burnett* action. As the Defendants have failed to provide any justification for their failure to file their opposition within the time limits established by the Rules, the Defendants' Motion for Leave to File a Memorandum in Opposition to the Motion to Intervene, submitted some six months after the deadline for briefing passed and on the eve of oral argument, should be denied.[1]

## II.     The Applicants' Intervention In The *Burnett* Action Will Not Unduly Delay The Consolidated Actions

In their proposed Memorandum in Opposition to the Intervention, Defendants argue that Applicants' intervention in the *Burnett* action would (1) delay decision on certain pending motions; (2) require additional effort and expense on the part of each moving defendant; and (3) waste party and judicial resources. Like the justification offered for their extreme delay in seeking to oppose the proposed intervention, these arguments are completely unsupported. As an initial matter, any delay relating to the resolution of the pending motions to dismiss is principally attributable to the procedural complexities resulting from the consolidation and transfer of these actions to this Court. Significantly, SBG, one of the parties now complaining about the potential delay in the resolution of the pending motions to dismiss, initiated the efforts

---

[1] Discussions are ongoing between counsel for Applicants and counsel for the *Burnett* Plaintiffs regarding terms of a stipulation to resolve all issues presented by the Motion to Intervene.
Having sat idly by for many months, the Defendants should not be permitted to use the filing of a belated opposition as grounds to interfere with those negotiations or to object to the terms of any agreement reached through the considerable efforts of counsel.

to have these cases consolidated and transferred. As the cases SBG sought to have transferred and consolidated were filed at different times, SBG certainly realized and accepted that the requested transfer and consolidation of the actions could delay certain proceedings in the *Burnett* action. Obviously, SBG cannot now complain about potential delays arising from the strategy it initiated. Furthermore, given the consolidation and transfer of these cases, any limited briefing required by Applicants' intervention in *Burnett* would not require any significant investment of additional resources by the Court or parties. Indeed, all of the issues raised by the pending motions to dismiss must be briefed and argued in each of the other consolidated actions. Any additional briefing necessary by virtue of the intervention of Applicants in the *Burnett* action can be coordinated with the briefing and arguments in the other consolidated cases, resulting in little or no additional effort on the part of the parties or the Court. This process will also ensure uniformity in the treatment of important legal issues among the consolidated actions, a goal these Defendants specifically cited in support of their application for transfer and consolidation of the actions now pending before this Court. See Motion for Transfer and Consolidation by Defendant Saudi Binladin Group, Exhibit A hereto, at ¶ 5.

It should also be noted that Applicants do not, as Defendants have suggested in their proposed Opposition Memorandum, intend to use intervention in the *Burnett* action as a vehicle to engage in wholesale re-briefing of the pending motions to dismiss.[2] In fact, at this time, Applicants only intend to submit briefs relative to certain discreet issues. For example, as the Defendants note in their proposed Memorandum in Opposition, Judge Robertson previously dismissed the *Burnett* Plaintiffs' RICO claims, on the grounds that the plaintiffs lacked standing

---

[2] In support of their assertion that Applicants would seek to re-brief all pending motions, the Defendants cite to a letter authored by their own counsel to counsel for the *Burnett* Plaintiffs. See Defendants' Proposed Memorandum in Opposition at pp.4-5. Applicants fail to comprehend how the content of a letter authored by Defendants' own counsel has any bearing or relevance to Applicants' intentions.

4

to pursue civil claims under RICO for personal injuries and wrongful deaths. Burnett v. Al Baraka Investment and Development Corp., et al., 274 F. Supp. 2d 86, 100-01 (D.D.C. 2003). While this holding may be correct as to the uncompensated injuries of the *Burnett* Plaintiffs, the weight of authority establishes that RICO is a viable theory of liability relative to that portion of any plaintiff's claim which seeks recovery of amounts paid by a workers' compensation carrier. See National Asbestos Workers Med. Fund v. Philip Morris, Inc., 74 F. Supp. 2d 221, 228 (E.D. N.Y. 1999). As it does not appear that Judge Robertson's previous decision was informed by the authority cited above, Applicants do intend to submit briefs seeking reinstatement of the RICO claims in *Burnett*. However, as the same arguments will certainly be presented in all of the other consolidated actions, such briefing will in no way delay the advancement of these cases or waste judicial resources. To the contrary, limited briefing on the viability of the RICO claims in the *Burnett* action will serve the interests of justice by ensuring consistency in the treatment of the RICO claims among the consolidated actions and by eliminating a potential appellate issue.

## CONCLUSION

For all of the foregoing reasons, Applicants respectfully request that the Court deny Defedants' Motion for Leave to File a Memorandum in Opposition to the Motion to Intervene.

        Respectfully submitted,

        COZEN O'CONNOR

        By:   */s/ Elliott R. Feldman*
             STEPHEN A. COZEN, ESQUIRE
             ELLIOTT R. FELDMAN, ESQUIRE
             SEAN P. CARTER, ESQUIRE
             1900 Market Street
             Philadelphia, PA  19103
             (215) 665-2000

PHILA1\2060183\1 117430.000

# Exhibit A

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE SEPTEMBER 11, 2001 )<br>TERRORIST ATTACKS )<br>LITIGATION ) | MDL DOCKET NO. _____ |

### MOTION FOR TRANSFER AND CONSOLIDATION
### PURSUANT TO 28 U.S.C. § 1407 BY DEFENDANT SBG

In the aftermath of the September 11, 2001 terrorist attacks, thousands of victims and victim representatives have filed numerous lawsuits in multiple jurisdictions alleging a vast conspiracy on the part of hundreds of defendants located throughout the world to commit the 9/11 atrocities. (*See* jointly submitted Schedule of Actions). Defendant Saudi Binladin Group, Inc. ("SBG") hereby respectfully moves the Judicial Panel on Multidistrict Litigation for an order: (1) transferring these highly complex, virtually identical actions to a single federal district court; (2) consolidating them for pretrial proceedings; and (3) designating Judge James Robertson of the United States District Court for the District of Columbia as the transferee judge pursuant to 28 U.S.C. § 1407.[1]

---

[1] In filing this motion for transfer and consolidation pursuant to 28 U.S.C. § 1407, SBG does not intend to waive any affirmative defenses, including any defenses based on lack of personal jurisdiction.

In support of the transfer and consolidation of these actions, SBG avers the following, as will be set forth more fully in the accompanying memorandum:

1. To date, thousands of victims of September 11, 2001 have filed at least fifteen separate actions[2] against hundreds of defendants alleged to have conspired to commit the terrorist attacks on the World Trade Center, the Pentagon, and United Airlines Flight 93, which crashed in Shanksville, Pennsylvania. Two of the most recent cases were just filed in July, 2003. Eleven of these actions were filed in the Southern District of New York, three were filed in the District of Columbia, and one was filed in the District of New Jersey. Six of the actions filed in New York have been consolidated, and another three are pending independently. Two of the New York actions and the New Jersey action have been dismissed without prejudice. Thus, seven separate actions ("the 9/11 actions") remain pending in two judicial districts.

2. There are literally thousands of named plaintiffs in the 9/11 actions, and two of the complaints seek class action treatment pursuant to Fed. R. Civ. P. 23. The 9/11 plaintiffs have named roughly 500 defendants,[3] approximately 245 of which are common to three or more

---

[2] After SBG's counsel had finalized the Memorandum and Schedule of Action accompanying this Motion and was preparing for filing, we became aware that an additional action was filed in the S.D.N.Y. According to the plaintiffs, this new action is "materially identical" to an action already pending in the D.D.C. and has been filed "solely as a prophylactic measure" to protect the D.C. plaintiffs from, *inter alia*, a lack of subject matter jurisdiction in the D.C. action. For logistical reasons, SBG's Memorandum and Schedule of Actions do not address this new action.

[3] These statistics were compiled by counsel for SBG and are based upon the captions of the most recent complaints filed in each of the relevant actions. While it is possible that certain defendants have been named multiple times in a single complaint in varying forms (*see, e.g., Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Third Amended Complaint at 190-91 (listing as defendants: "M. Yaqub Mirza," "Yaqub M. Mirza," and "Yaqub Mirza")), at this time SBG cannot verify that these separately named defendants are not distinct individuals.

2

of the 9/11 actions. More than 400 of these defendants are named in at least two of the proceedings. SBG is named as a defendant in all of the 9/11 actions except one.

3. The 9/11 actions seek to demonstrate that this extremely large group of defendants conspired with, aided and abetted, and materially supported al Qaeda, thereby proximately causing the 9/11 attacks.

4. As required by 28 U.S.C. § 1407(a), the cases proposed for transfer and consolidation "involv[e] one or more common questions of fact" inasmuch as they are premised on nearly identical factual allegations regarding the cause of and culpability for the 9/11 attacks.

5. Moreover, transfer and consolidation of these cases "will be for the convenience of parties and witness and will promote the just and efficient conduct of the actions." 28 U.S.C. § 1407(a). For example, consolidation of these actions before a single court will eliminate duplicative discovery and the issuance of duplicative letters rogatory by multiple courts, prevent conflicting pretrial rulings, conserve judicial resources, reduce the costs of litigation for the thousands of parties involved, and allow the cases to proceed more efficiently.

6. Also in furtherance of these goals, SBG respectfully submits that the Honorable James Robertson of the U.S. District Court for the District of Columbia ("D.D.C.") is best suited to preside over these cases as the transferee judge. Judge Robertson is already presiding over *Burnett, et al. v. Al Baraka Investment & Development Corp., et al.*, the 9/11 action that is the most advanced; in fact, Judge Robertson just rendered, on July 25, 2003, a fifty-page opinion granting in part and denying in part the first five motions to dismiss the *Burnett* case. Judge Robertson also has prior experience handling these types of terrorism cases. In addition, the District of Columbia is geographically accessible to the parties and witnesses and the D.D.C. has

3

a particular expertise in adjudicating lawsuits that involve the interests of foreign nations, U.S. foreign relations, and matters of national security.

WHEREFORE, SBG respectfully requests that the Judicial Panel on Multidistrict Litigation issue an order: (1) transferring the cases listed in the Schedule of Actions to a single federal district court; (2) consolidating them for pretrial proceedings; and (3) designating Judge James Robertson of the United States District Court for the District of Columbia as the transferee judge pursuant to 28 U.S.C. § 1407.

Dated: August 7, 2003

Respectfully submitted,

Stephen J. Brogan (D.C. Bar # 939082)
Jonathan C. Rose
Timothy J. Finn
James E. Gauch
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

*Attorneys for Defendant SBG*

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Terrorist Attack on September 11, 2001 ) | No. 03 MD 1570 (RCC) |
| ) | |
| ) | No. 03 CV 9849 (RCC) |
| THOMAS E. BURNETT, *et al.* ) | |
| ) | FILED ELECTRONICALLY |
| PLAINTIFFS, ) | |
| v. ) | |
| ) | |
| AL BARAKA INVESTMENT AND ) | |
| DEVELOPMENT CORPORATION, et al.; ) | |
| ) | |
| DEFENDANTS. ) | |

**PROPOSED ORDER**

AND NOW this matter having come before the Court upon Motion of defendants Saudi Binladin Group, Bakar bin Laden, Omar bin Laden, Tariq bin Laden and Khalid bin Mahfouz, for leave to file a Memorandum in Opposition to the Motion to Intervene of Federal Insurance Company, Pacific Indemnity Company and Vigilant Insurance Company, and the Court having considered the papers submitted and arguments of counsel, and having found that no good cause exists for the relief sought, IT IS, on this        day of            , 2004, ORDERED, that defendants' Motion for Leave to file a Memorandum in Opposition to the Motion to Intervene is DENIED.

SO ORDERED:

By: _____
J. CASEY

Dated: _____