| | |
|---|---|
| COZEN O'CONNOR<br>MICHAEL J. SOMMI, ESQ. (MS-7910)<br>45 Broadway Atrium, 16th Floor<br>New York, NY 10006<br>(212) 509-9400 | Attorneys for Plaintiffs, Federal Insurance Company, et al. |

STEPHEN A. COZEN, ESQUIRE
ELLIOTT R. FELDMAN, ESQUIRE
SEAN P. CARTER, ESQUIRE
JOHN M. POPILOCK, ESQUIRE
LISA C. HAAS, ESQUIRE
J. SCOTT TARBUTTON, ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re Terrorist Attack on<br>September 11, 2001 | : | Civil Action No. 03 MD 1570 (RCC) |
| *This document relates to:*<br><br>Federal Insurance Company, et. al.<br>           v.<br>al Qaida, et al. | : | Civil Action No. 03 CV 6978 (RCC)<br><br>**Waiver Of Service Of Process** |

To:   Lisa C. Haas, Esquire
      Cozen O'Connor
      1900 Market Street
      Philadelphia, PA 19103

   I acknowledge receipt of your request that I waive service of summons in the action of *Federal Insurance Co., et al. v. Al Qaida, et al.*, which is case number 03 CV 6978 in the United States District Court for the Southern District of New York. I have also received two copies of

the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the party on whose behalf I am acting) be served with judicial process in the manner provided by F.R.C.P. Rule 4.

I (or the party on whose behalf I am acting) will retain all defenses or objections to the lawsuit or the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after March 10, 2004, or within 90 days after that date if the request was sent outside the United States. [Waiver requested by letter sent 3/19/04; correct response date is 6/17/04] LRC

_____          April 3 - 2004
Signature                                Dated

MOHAMED FAISAL ALSAUD
Printed/Typed Name

2

## Duty to Avoid Unnecessary Cost of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the costs of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waiver service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.