**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACK<br>ON SEPTEMBER 11, 2001 | CASE NO. 03 MD 1570 |
| ------------------------------------------------------ | -------------------------------------------------------- |
| FEDERAL INSURANCE CO., et al., | CASE NO.  03 CV 6978 |
| Plaintiffs, | |
| v. | |
| AL QAIDA, et al., | |
| Defendants. | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), and upon the declaration and memorandum of law attached hereto, the undersigned will move the Court, before the Honorable Richard C. Casey, U.S.D.J., at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York, 10007, at a date and time to be determined, for an order dismissing the First Amended Complaint against Taha Al-Alwani, Muhammad Ashaf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus for the following reasons:

(a)     The Complaint fails to state any claim upon which relief can be granted because the Complaint fails *to even mention* the above individuals, except in Plaintiffs' list of defendants; and

(b)     Plaintiffs have failed to plead and do not have any facts to show that the Court has personal jurisdiction over these individuals, given that they have no contacts with the State of

New York, and none of the counts against them state *any facts* sufficient to plead a cognizable claim.

WHEREFORE, Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus respectfully request that the Court grant their motion to dismiss with prejudice.

Respectfully submitted,

Dated:   May 10, 2004         By:  /s/ Nancy Luque_____
                                   NANCY LUQUE (NL-1012)
                                   DONNA M. SHEINBACH (DS-6247 )
                                   **GRAY CARY WARE & FREIDENRICH** LLP
                                   1625 Massachusetts Avenue NW, Suite 300
                                   Washington, DC  20036-2247
                                   Tel: 202-238-7764
                                   Fax: 202-238-7701

                                   *Attorneys for Defendants Taha Al-Alwani,*
                                   *Muhammad Ashraf, M. Omar Ashraf,*
                                   *M. Yaqub Mirza, and Iqbal Unus*
                                   *(Admitted Pro Hac Vice)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | CASE NO. 03 MD 1570 |
| ------------------------------------------------------- | -------------------------------------------------------- |
| FEDERAL INSURANCE CO., et al., | CASE NO.  03 CV 6978 |
| Plaintiffs, | |
| v. | |
| AL QAIDA, et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF TAHA AL-ALWANI, MUHAMMAD
ASHRAF, M. OMAR ASHRAF, M. YAQUB MIRZA, AND IQBAL UNUS'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal

Unus, by and through undersigned counsel, hereby submit this Memorandum of Law in Support

of their Motion to Dismiss Plaintiffs' First Amended Complaint ("Complaint") pursuant to

Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2).  While these gentlemen are included in a

four-and-a-half page list of "Defendants" who allegedly "have aided and abetted, conspired with,

and provided material support and resources to, defendant al Qaida and/or affiliated FTOs,

associations, organizations or persons, as described herein" (Compl. at ¶ 66), *they are never*

*again mentioned in almost 600 paragraphs and over 180 pages of allegations.*  Not once.

Even allowing for the most liberal construction of the pleading, it is inconceivable that

Plaintiffs would name these individuals but not proffer *one fact* anywhere in the Complaint that

ties them to the atrocity that was September 11th.  And as Plaintiffs already have amended their

Complaint, they presumably are aware that they make no allegations against the above-named

individuals, and thus knowingly and willfully file and serve complaints with no cognizable basis

for having done so.  The Complaint should be dismissed with prejudice.

**ARGUMENT**

I.     **THE COMPLAINT FAILS TO STATE CLAIMS AGAINST MESSRS.
       AL-ALWANI, M. ASHRAF, O. ASHRAF, MIRZA, OR UNUS**

The standards governing a motion to dismiss under Rule 12(b)(6) are well known to this

Court.  To succeed on a motion to dismiss for failure to state a claim, "it must be clear that the

plaintiff can prove no set of facts that would establish his or her claim for relief."  *Bell v. Blaze*

*Magazine*, No. 99 Civ. 12342 (RCC), 2001 WL 262718, at *2 (S.D.N.Y. Mar. 16, 2001), citing

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.

1994).  In making this determination, a court must assume that the allegations in the complaint—

if any—are true, drawing all reasonable inferences in favor of the plaintiffs.  *Bell*, 2001 WL

262718, at *2, citing *Cooper v. Pate*, 378 U.S. 546, 546 (1964).  But "legal conclusions,

deductions or opinions couched as factual allegations are not given a presumption of

truthfulness."  *Ying Jing Gan v. City of New York*, 996 F.2d 522, 534 (2d Cir. 1993) (internal

quotations omitted).

The only allegation appearing in the Complaint concerning Messrs. Al-Alwani, M.

Ashraf, O. Ashraf, Mirza, and Unus is the wholly non-specific, conclusory allegation that they

are "aiders and abetters" and/or "co-conspirators" with defendant al Qaida and/or its affiliates,

*but no more*.  (Compl. at ¶ 66.)  What these individuals aided and abetted, or conspired to do, is

not alleged anywhere; instead, Plaintiffs merely list them with every other defendant in the case,

2

which clearly is not sufficient to state any cognizable claim against these individuals. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (no weight to legal conclusions cast as factual allegations); *Albert v. Carovano*, 851 F.2d 561, 572-73 (2d Cir. 1988) (court should not give any weight to conclusory assertions ungrounded in any assertion of fact). Because there are *no specific allegations of fact*, there are no reasonable inferences that the Court can draw to save this Complaint.

Unless Plaintiffs' statement that defendants are "aiders and abetters" or "co-conspirators" is sufficient to charge these defendants with the wrongs of others, this Complaint must be dismissed.[1] As demonstrated below, the conclusory allegations of aiding and abetting and conspiracy are insufficient to state a claim.[2] *Bell*, 2001 WL 262718, at *2, quoting *Am. Council of Learned Societies v. MacMillan, Inc.*, No. 96 CIV. 4103, 1996 WL 706911, at *3 (S.D.N.Y. Dec. 6, 1996) (complaint "must 'contain allegations concerning *each of the material elements necessary to sustain recovery* under a viable legal theory'") (emphasis added); *see also Amalgamated Cotton Garment & Allied Indus. Retirement Fund v. Youngworld Stores Group, Inc.*, No. 99 Civ. 3852 (RCC), 2001 WL 314650, at *2 (Mar. 30, 2001, S.D.N.Y.).

A general "aider and abettor" or "co-conspirator" "allegation" cannot serve to plead properly a civil RICO action or a claim under the ATA. *See Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998) (insufficient to plead a RICO claim by lumping together the defendants); *Pittman by Pittman v. Grayson*, 149 F.3d 111, 123 (2d Cir. 1988) ("aiding and

---

[1] All of the other counts against these individuals should be dismissed summarily, as there is *not one fact* to support any of the elements of any of these causes of action.

[2] Because there are no allegations against these defendants in the specific counts, the counts themselves do not state any claims against them.

abetting" requires that the perpetrator *know* the acts he was assisting and actually have participated in the misconduct at issue).  The elements of a civil RICO are nowhere to be found in the Complaint;[3] nor is there any allegation of an international agreement pursuant to which the ATA count could survive.[4]

Similarly, the cursory and conclusory allegation that defendants "provided material support and resources to" defendant al Qaida and/or its affiliates also fails, as a matter of law, to state any claim against these individuals.  *Amalgamated Cotton*, 2001 WL 314650, at *2 ("vague and conclusory allegations" will not withstand a motion to dismiss); *see also Bell*, 2001 WL 262718, at *2.  As found recently by the Seventh Circuit, the bare allegation of giving money to an alleged terrorist group will not withstand a motion to dismiss based on the acts of that group. *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1011-12 (7th Cir. 2002)  (making donations to an alleged terrorist group, without "knowledge of and intent to further payee's violent criminal acts," cannot sustain tort cause of action); *see also Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 99 (D.D.C. 2002) (financial support of alleged terrorist group not sufficient to establish liability for terrorist act in the absence of additional connection to the act).

---

[3]  *See GICC Capital Corp. v. Technology Finance Group, Inc.*, 67 F.3d 463, 465 (2d Cir. 1995). A plaintiff alleging a civil RICO violation must establish a "pattern of racketeering activity." *Id.*  "The plaintiff must plead at least two predicate acts, *see* § 1961(5), and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity." *Id.* (internal citations omitted).

[4]  *See Boim v. Quranic Literacy Institute*, 291 F.3d 1000, 1011-12 (7th Cir. 2002) (analyzing a motion to dismiss pursuant to 18 U.S.C. § 2333 and finding that the statute requires that a plaintiff be injured "by reason of" an act of international terrorism.)  In *Boim*, the Seventh Circuit held that the statute should be analyzed like a tort claim, requiring that the defendant possess knowledge and intent, and requiring proof of proximate cause (foreseeability).  *Id.*

Because a mere conclusory allegation that a party is an "aider and abettor" and/or a "co-conspirator" is insufficient to state a claim, it is required that facts be alleged that would support these legal conclusions.  This Plaintiffs wholly failed to do.[5]  The conclusory "co-conspirator" statement not only gives no factual basis whatsoever for what, if any, agreement existed among Al-Alwani, M. Ashraf, O. Ashraf, Mirza, and Unus and al Qaida; who made any such agreement; what was done in furtherance of any such agreement; or how the agreement's goals were known to all, it fails even to allege the nature of the conspiracy (*i.e.*, RICO, ATA).  *See Pollack v. Nash*, 58 F. Supp. 2d 294, 302 (S.D.N.Y. 1999) (citations omitted) (conspiracy claim only pled properly when a plaintiff alleges "specific facts suggesting that there was a mutual understanding among the conspirators to take action directed toward an unconstitutional end"); *see also Dwares v. City of New York*, 985 F.2d 94, 99-100 (2d Cir. 1993) (citations omitted) ("while a plaintiff should not plead mere evidence, he should make an effort to provide some details of time and place and the alleged effect of the conspiracy"); *see also Loftus v. Southeastern Pennsylvania Trans. Authority*, 843 F. Supp. 981, 987 (E.D. Pa. 1994) (citation omitted) (complaint dismissed where no allegation of "'communication, consultation, cooperation, or command from which [ ] an agreement [could] be inferred'").

Similarly, there is no factual allegation underlying an "aiding and abetting" or "material support" claim.  Plaintiffs have not *suggested* an act that these individuals engaged in that would

---

[5] The policy behind this is clear: a defendant cannot possibly defend himself from such an allegation that states no factual basis.  *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (conclusory, vague and general allegations of conspiracy insufficient); *Hattley v. Goord*, 2003 WL 1700435, at *12 (S.D.N.Y. Mar. 27, 2003) (granting dismissal where complaint did not contain "a single allegation as to when, where or how" the alleged conspiracy was formed); *Bodner v. Banque Paribas*, 114 F. Supp. 2d 117, 125 (E.D.N.Y. 2000) (conclusory allegation

(footnote continued on next page)

support such a claim for relief, even under Rule 8's liberal pleading standard.  Fed. R. Civ. P.

8(a); *Pittman by Pittman v. Grayson*, 149 F.3d 111, 123 (2d Cir. 1988) ("aiding and abetting"

requires that the perpetrator *know* the acts he was assisting and actually have participated in the

misconduct at issue).  Plaintiffs have not—and cannot—meet their burden of proof under Rule

12(b)(6) with respect to these individuals and the Complaint should be dismissed as to them with

prejudice.

## II.     THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THESE INDIVIDUALS

For the reasons stated above, this Court does not have personal jurisdiction over Messrs.

Al-Alwani, M. Ashraf, O. Ashraf, Mirza, or Unus.  Although Plaintiffs bear the burden of proof

to make a *prima facie* case that personal jurisdiction exists, they have failed utterly to make any

allegation that would support the Court's exercise of personal jurisdiction.  *In re Magnetic*

*Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *Metropolitan Life Ins. Co. v.*

*Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.), *cert. denied*, 519 U.S. 1006 (1996); *see also*

*SEB S.A. v. Montgomery Ward & Co.*, No. 99 CIV. 9284 (RCC), 2002 WL 31175244 (S.D.N.Y.

Oct. 1, 2002).

Messrs. Al-Alwani, M. Ashraf, O. Ashraf, Mirza, and Unus reside in northern Virginia

and have no contacts with the State of New York, either in their personal capacities or in

business, and Plaintiffs have alleged none.  Accordingly, this Court could only have jurisdiction

if New York's long-arm statute conferred it.

_____

(footnote continued from previous page)
   of conspiracy without reference to specific facts which might support a conspiracy not
   sufficient).

New York's C.P.L.R. § 302(a)(3) provides that

> a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: . . . (3) commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Although there is no dispute that the "injuries" alleged, namely the destruction of the World Trade Center on September 11, 2001, occurred in New York, Plaintiffs have failed to allege any facts constituting "a tort under the law of the pertinent jurisdiction." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 786 (2nd Cir. 1999) ("*BBL I*"). That facts supporting who, what, when, where, or how these defendants allegedly caused such injury from outside the state are missing means that this Court's answer to whether the plaintiffs sufficiently alleged a "tortious" act under part (3) above is clearly, "No." N.Y. C.P.L.R. § 302(a)(3).

Further, neither of the two subsections of New York's long-arm statute is satisfied. Subsection (i) applies to persons who are not domiciled in New York but regularly conduct business there, "or engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed or services rendered in the state." N.Y. C.P.L.R. § 302(a)(3)(i). As Messrs. Al-Alwani, M. Ashraf, O. Ashraf, Mirza, and Unus do not conduct business in New York, *see* Luque Decl., attached as Exhibit A, at ¶¶ 4, 6, 8, 10, 12, nor engage in any other persistent course of conduct with New York, *id.* at ¶¶ 5, 7, 9, 11, 13, nor derive substantial revenue from goods or services in the State, *id.*, subsection (i) does not apply.

7

Subsection (ii) applies if the act was intended to have consequences in the state and the non-domiciliary "derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3)(ii). But Plaintiffs have not alleged the elements of subsection (ii), *e.g.*, that (1) defendants committed an act outside the state; (2) the cause of action arises from that act; (3) the act caused injury within the state; (4) defendant expected or should reasonably have expected the act to have consequences in the state; and (5) defendant derived substantial revenue from interstate or international commerce. *LaMarca v. Pak-More Manufacturing Co.*, 95 N.Y.2d 210, 214 (2000).

Because the conclusory allegations in the Complaint are not enough to demonstrate that these individuals did anything that had any consequence in New York, this Court must look to the "minimum contacts." If the Court finds that Plaintiffs have somehow met the requirements of New York's long-arm statute such that jurisdiction exists because of the conclusory allegations in the Complaint,[6] the Court should then undertake a Fourteenth Amendment due process analysis, consisting of a "minimum contacts" test and a "reasonableness" inquiry. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). Again, the Court will find that plaintiffs have not met, and cannot meet, their burden with respect to personal jurisdiction.

The "minimum contacts," or *International Shoe*, analysis asks "whether the defendant 'has certain minimum contacts [with the forum] . . . such that the maintenance of the suit does

---

[6]   *Campoverde v. Sony Pictures Entertainment*, No. 01 Civ. 7775 (LAP), 2002 WL 31163804, at *5 (S.D.N.Y. Sep. 30, 2002) ("legal conclusions masquerading as factual conclusions" will not survive a motion to dismiss).

not offend traditional notions of fair play and substantial justice.'"  *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 152 (2d Cir. 2001) (internal quotations and citation omitted); *see Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945).  A state may assert either general ("continuous and systematic") or specific ("purposeful availment") jurisdiction.  *U.S. Titan, Inc.*, 241 F.3d at 152; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-76 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984).

The due process test is satisfied if "a defendant's 'conduct and connection to the forum State' are such that it 'should reasonably anticipate being haled into court there.'"  *La Marca*, 95 N.Y.2d at 216, quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Kulko v. Superior Court of California*, 436 U.S. 84, 97-98 (1978).  In deciding whether haling a defendant into another jurisdiction is reasonable, "[a] court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief."  *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987), quoting *World-Wide Volkswagen*, 444 U.S. at 292.  The court must also weigh "'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.'"  *Id.*

Messrs. Al-Alwani, M. Ashraf, O. Ashraf, Mirza, and Unus have not directed their activities towards the State of New York in any way.  They own and/or operate local businesses, charitable organizations, and in one case, a school, in northern Virginia; none of their business or personal endeavors implicate the laws of New York, nor affect New York businesses or residents.  *See* Luque Decl., Exh. A. at ¶¶ 4-13.  Thus, Plaintiffs have not met their burden of proving that this Court has general jurisdiction over these defendants.

Further, Plaintiffs' allegations would not satisfy the "effects" test frequently used in the specific personal jurisdiction analysis. *See Calder v. Jones*, 465 U.S. 783, 789-90 (1984). Under the *Calder* test, a court may exercise jurisdiction over a defendant consistent with due process concerns "when [the] defendant is a primary participant in intentional wrongdoing—albeit extraterritorially—expressly directed at [the] forum." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003). The best theory that could be advanced given Plaintiffs' "facts" is that these gentlemen somehow materially supported al Qaida, and al Qaida's public support for violence was well-known at the time they provided such resources. But this theory breaks down in several respects.

First, courts have long held that such foreseeability of harm does not satisfy the "purposefully directed" test under a due process analysis. *Burger King*, 471 U.S. at 474 (foreseeability cannot suffice to establish personal jurisdiction where traditional minimum contacts are absent); *Scott v. Sonnet, Sale & Keuhne, P.A.*, 989 F. Supp. 542, 544 (S.D.N.Y. 1998) (same). As the Supreme Court in *Calder* made clear, mere foreseeability is not enough to meet the "effects" test for personal jurisdiction. Thus, even if these gentlemen *had* done something that would have foreseeably caused the terrorist acts on 9/11—which they did not— this still would not confer personal jurisdiction on them in New York state because Plaintiffs have not alleged—and cannot allege—that anything they did was "expressly aimed" at this forum. *Calder*, 465 U.S. at 789; *see also Burger King*, 471 U.S. at 474-75 (foreseeability not enough, "[i]t is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum state.")

Second, Plaintiffs have alleged no facts to show who, what, when, where, or how these gentlemen supported al Qaida, let alone al Qaida's efforts to harm New York. Based on their

10

failure to state a claim, Plaintiffs attenuated causation theory makes it impossible for this Court to find that these gentlemen did *anything* that would have caused the September 11th hijackers to commit the atrocity that occurred on 9/11.

For all of these reasons, the Court lacks personal jurisdiction over these individuals.

## CONCLUSION

For all the foregoing reasons, Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus respectfully request that the Court grant their Motion to Dismiss the First Amended Complaint with prejudice.

Respectfully submitted,

Dated:   May 10, 2004                    By:  /s/ Nancy Luque_____
                                              NANCY LUQUE (NL-1012)
                                              DONNA M. SHEINBACH (DS-6247 )
                                              **GRAY CARY WARE & FREIDENRICH** LLP
                                              1625 Massachusetts Avenue NW, Suite 300
                                              Washington, DC  20036-2247
                                              Tel: 202-238-7764
                                              Fax: 202-238-7701

                                              *Attorneys for Defendants Taha Al-Alwani,*
                                              *Muhammad Ashraf, M. Omar Ashraf,*
                                              *M. Yaqub Mirza, and Iqbal Unus*
                                              *(Admitted Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 10th day of May, 2004, I caused an electronic copy of the foregoing Motion to Dismiss the First Amended Complaint to be served by the Court's electronic filing system upon all parties scheduled for electronic notice.


             /s/ Donna M. Sheinbach
             Donna M. Sheinbach (DS-6247)