IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | CASE NO. 03 MD 1570 |
| FEDERAL INSURANCE CO., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AL QAIDA, et al., <br><br> Defendants. | CASE NO. 03 CV 6978 |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2), and upon the declaration and memorandum of law attached hereto, the undersigned will move the Court, before the Honorable Richard C. Casey, U.S.D.J., at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York, 10007, at a date and time to be determined, for an order dismissing the First Amended Complaint against Dr. Jamal Barzinji for the following reasons:

(a) The Complaint fails to state any claim upon which relief can be granted because the two paragraphs of allegations against Dr. Barzinji are vague, conclusory, and do not contain the necessary elements to allege any of the counts in the Complaint; and

(b) Plaintiffs have failed to plead and do not have any facts to show that the Court has personal jurisdiction over Dr. Barzinji, given that he has no contacts with the State of New York, and none of the counts against him states *any facts* sufficient to plead a cognizable claim.

WHEREFORE, Dr. Jamal Barzinji respectfully requests that the Court grant his motion to dismiss with prejudice.

Respectfully submitted,

Dated: May 10, 2004    By: /s/ Nancy Luque
NANCY LUQUE (NL-1012)
DONNA M. SHEINBACH (DS-6247 )
**GRAY CARY WARE & FREIDENRICH** LLP
1625 Massachusetts Avenue NW, Suite 300
Washington, DC  20036-2247
Tel: 202-238-7764
Fax: 202-238-7701

*Attorneys for Jamal Barzinji*
*(Admitted Pro Hac Vice)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACK<br>ON SEPTEMBER 11, 2001<br><br>------------------------------------------------------<br><br>FEDERAL INSURANCE CO., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>AL QAIDA, et al.,<br><br>        Defendants. | CASE NO. 03 MD 1570<br><br><br>------------------------------------------------------<br><br>CASE NO. 03 CV 6978 |

**MEMORANDUM OF LAW IN SUPPORT OF JAMAL BARZINJI'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Dr. Jamal Barzinji, by and through undersigned counsel, hereby submit this Memorandum of Law in Support of his Motion to Dismiss Plaintiffs' First Amended Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2). The allegations against Dr. Barzinji—what few there are—do not state a claim for relief because they do not allege the necessary elements of the counts alleged in the Complaint.

Even allowing for the most liberal construction of the pleading, it is stunning that Plaintiffs would name Dr. Barzinji—as a Saudi national, which he is not—and not proffer the necessary elements for their causes of action against him. Instead, Plaintiffs allege some sort of "guilt by association" charge, whereby Dr. Barzinji is allegedly guilty of mass murder because of board positions he has held on various companies, and previous business contacts. There is not *one fact* anywhere in the Complaint that ties him to September 11th, which is the basis for all of

Plaintiffs' causes of action. And as Plaintiffs already have amended their Complaint, they presumably are aware that they make no allegations against Dr. Barzinji, and thus knowingly and willfully file and serve this Complaint with no cognizable basis for having done so. The Complaint should be dismissed with prejudice.

### ARGUMENT

**I.     THE COMPLAINT FAILS TO STATE A CLAIM**

The standards governing a motion to dismiss under Rule 12(b)(6) are well known to this Court. To succeed on a motion to dismiss for failure to state a claim, "it must be clear that the plaintiff can prove no set of facts that would establish his or her claim for relief." *Bell v. Blaze Magazine*, No. 99 Civ. 12342 (RCC), 2001 WL 262718, at *2 (S.D.N.Y. Mar. 16, 2001), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994). In making this determination, a court must assume that the allegations in the complaint—if any—are true, drawing all reasonable inferences in favor of the plaintiffs. *Bell*, 2001 WL 262718, at *2, citing *Cooper v. Pate*, 378 U.S. 546, 546 (1964). But "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 534 (2d Cir. 1993) (internal quotations omitted).

The only allegations appearing in the Complaint against Dr. Barzinji are found at paragraphs 490-91. These two paragraphs allege that Dr. Barzinji "has long provided material support and resources to al Qaida" with no specific facts in support. (Compl. at ¶¶ 490-91.) What Dr. Barzinji *did* to *cause* September 11th is a mystery. All he has to go on is the vague and conclusory allegation that he "made substantial contributions to many of the charities operating within al Qaida's infrastructure" with no facts alleging to whom such contributions were made;

2

how he knew that such funds would be used to support al Qaida; and most importantly, who, when, where, why, or how he knew that al Qaida would cause the atrocity that was September 11th.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (no weight to legal conclusions cast as factual allegations); *Albert v. Carovano*, 851 F.2d 561, 572-73 (2d Cir. 1988) (court should not give any weight to conclusory assertions ungrounded in any assertion of fact).  Because there are *no specific allegations of fact*, there are no reasonable inferences that the Court can draw to save this Complaint.

Unless Plaintiffs' statement that Dr. Barzinji "has made substantial contributions" is sufficient to charge a tort, or a civil RICO violation, or a violation under the ATA, this Complaint must be dismissed.  The conclusory allegation in the list of defendants, that the defendants "aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida" and/or its affiliates, is also insufficient to state a claim.  Compl. at ¶ 66; *Bell*, 2001 WL 262718, at *2, quoting *Am. Council of Learned Societies v. MacMillan, Inc.*, No. 96 CIV. 4103, 1996 WL 706911, at *3 (S.D.N.Y. Dec. 6, 1996) (complaint "must 'contain allegations concerning *each of the material elements necessary to sustain recovery* under a viable legal theory'") (emphasis added); *see also Amalgamated Cotton Garment & Allied Indus. Retirement Fund v. Youngworld Stores Group, Inc.*, No. 99 Civ. 3852 (RCC), 2001 WL 314650, at *2 (Mar. 30, 2001, S.D.N.Y.).

Paragraph 491 of the Complaint conclusively states that "[t]hrough his various for-profit enterprises and involvement with charities and individuals operating within al Qaida's infrastructure, Barzinji has long provided material support and resources to al Qaida."  Not this, nor any of the purported "allegations" in the preceding paragraph provides *any support* for the claims that Dr. Barzinji committed a trespass, wrongful death, assault and battery, intentional

3

and/or negligent infliction of emotional distress, conspiracy, civil RICO, aiding and abetting, a violation of the Anti-Terrorism Act, negligence, or makes him liable for a survival action or punitive damages.  (Compl. at ¶¶ 598-646.)  The Complaint fails to mention either of the elements of causation and intent critical to tort claims.  *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (intent essential element of assault and battery); *Lambertson v. United States*, 528 F.2d 441, 444 (2d Cir. 1976) (same); *Dineen ex rel Dineen v. Stramka*, 228 F. Supp. 2d 447, 454-55 (S.D.N.Y. 2002) (dismissing wrongful death claim where plaintiff "failed to allege a sufficient causal or proximate nexus between any action by the defendant and the death of [the plaintiff]"); *Black v. Town of Harrison*, No. 02 Civ. 2097 (RWS), 2002 WL 31002824 (S.D.N.Y. Sept. 5, 2002) (plaintiff pleading assault and battery must allege facts supporting element of intent).

Neither can a general "aider and abettor" or "co-conspirator" "allegation" serve to plead properly a civil RICO action or a claim under the ATA.  *See Goren v. New Visiion Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998) (insufficient to plead a RICO claim by lumping together the defendants); *Pittman by Pittman v. Grayson*, 149 F.3d 111, 123 (2d Cir. 1988) ("aiding and abetting" requires that the perpetrator *know* the acts he was assisting and actually have participated in the misconduct at issue).  The elements of a civil RICO are nowhere to be found

in the Complaint;[1] nor is there any allegation of an international agreement pursuant to which the ATA count could survive.[2]

Similarly, the cursory and conclusory allegation that Dr. Barzinji is a "material supporter" fails, as a matter of law, to state any claim against these individuals. *Amalgamated Cotton*, 2001 WL 314650, at *2 ("vague and conclusory allegations" will not withstand a motion to dismiss); *see also Bell*, 2001 WL 262718, at *2. As found recently by the Seventh Circuit, the bare allegation of giving money to an alleged terrorist group will not withstand a motion to dismiss based on the acts of that group. *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1011-12 (7th Cir. 2002) (making donations to an alleged terrorist group, without "knowledge of and intent to further payee's violent criminal acts," cannot sustain tort cause of action); *see also Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 99 (D.D.C. 2002) (financial support of alleged terrorist group not sufficient to establish liability for terrorist act in the absence of additional connection to the act).

Because a mere conclusory allegation that a party is an "aider and abettor," "co-conspirator," and/or "material supporter" is insufficient to state a claim, it is required that facts

---

[1] *See GICC Capital Corp. v. Technology Finance Group, Inc.*, 67 F.3d 463, 465 (2d Cir. 1995). A plaintiff alleging a civil RICO violation must establish a "pattern of racketeering activity." *Id.* "The plaintiff must plead at least two predicate acts, *see* § 1961(5), and must show that the predicate acts are related and that they amount to, or pose a threat of, continuing criminal activity." *Id.* (internal citations omitted).

[2] *See Boim v. Quranic Literacy Institute*, 291 F.3d 1000, 1011-12 (7th Cir. 2002) (analyzing a motion to dismiss pursuant to 18 U.S.C. § 2333 and finding that the statute requires that a plaintiff be injured "by reason of" an act of international terrorism.) In *Boim*, the Seventh Circuit held that the statute should be analyzed like a tort claim, requiring that the defendant possess knowledge and intent, and requiring proof of proximate cause (foreseeability). *Id.*

5

be alleged that would support these legal conclusions. This Plaintiffs wholly failed to do.[3] The conclusory "co-conspirator" statement not only gives no factual basis whatsoever for what, if any, agreement existed among Dr. Barzinji and al Qaida; who made any such agreement; what was done in furtherance of any such agreement; or how the agreement's goals were known to all, it fails even to allege the nature of the conspiracy (*i.e.*, RICO, ATA). *See Pollack v. Nash*, 58 F. Supp. 2d 294, 302 (S.D.N.Y. 1999) (citations omitted) (conspiracy claim only pled properly when a plaintiff alleges "specific facts suggesting that there was a mutual understanding among the conspirators to take action directed toward an unconstitutional end"); *see also Dwares v. City of New York*, 985 F.2d 94, 99-100 (2d Cir. 1993) (citations omitted) ("while a plaintiff should not plead mere evidence, he should make an effort to provide some details of time and place and the alleged effect of the conspiracy"); *see also Loftus v. Southeastern Pennsylvania Trans. Authority*, 843 F. Supp. 981, 987 (E.D. Pa. 1994) (citation omitted) (complaint dismissed where no allegation of "'communication, consultation, cooperation, or command from which [ ] an agreement [could] be inferred'").

Similarly, there is no factual allegation underlying an "aiding and abetting" or "material support" claim. Plaintiffs have not *suggested* an act that these individuals engaged in that would support such a claim for relief, even under Rule 8's liberal pleading standard. Fed. R. Civ. P. 8(a); *Pittman by Pittman v. Grayson*, 149 F.3d 111, 123 (2d Cir. 1988) ("aiding and abetting"

---

[3] The policy behind this is clear: a defendant cannot possibly defend himself from such an allegation that states no factual basis. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (conclusory, vague and general allegations of conspiracy insufficient); *Hattley v. Goord*, 2003 WL 1700435, at *12 (S.D.N.Y. Mar. 27, 2003) (granting dismissal where complaint did not contain "a single allegation as to when, where or how" the alleged conspiracy was formed); *Bodner v. Banque Paribas*, 114 F. Supp. 2d 117, 125 (E.D.N.Y. 2000) (conclusory allegation

(footnote continued on next page)

requires that the perpetrator *know* the acts he was assisting and actually have participated in the misconduct at issue). Plaintiffs have not—and cannot—meet their burden of proof under Rule 12(b)(6) with respect to Dr. Barzinji and the Complaint should be dismissed with prejudice.

## II. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THESE INDIVIDUALS

For the reasons stated above, this Court does not have personal jurisdiction either over Dr. Barzinji. Although Plaintiffs bear the burden of proof to make a *prima facie* case that personal jurisdiction exists, they have failed utterly to make any allegation that would support the Court's exercise of personal jurisdiction. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003); *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.), *cert. denied*, 519 U.S. 1006 (1996); *see also SEB S.A. v. Montgomery Ward & Co.*, No. 99 CIV. 9284 (RCC), 2002 WL 31175244 (S.D.N.Y. Oct. 1, 2002).

Dr. Barzinji resides in northern Virginia and has no contacts with the State of New York, either in his personal capacity or in business, and Plaintiffs have alleged none. Accordingly, this Court could only have jurisdiction if New York's long-arm statute conferred it.

New York's C.P.L.R. § 302(a)(3) provides that

> a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: . . . (3) commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state, or (ii)

---

(footnote continued from previous page)
of conspiracy without reference to specific facts which might support a conspiracy not sufficient).

7

>expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Although there is no dispute that the "injuries" alleged, namely the destruction of the World Trade Center on September 11, 2001, occurred in New York, Plaintiffs have failed to allege any facts constituting "a tort under the law of the pertinent jurisdiction." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 786 (2nd Cir. 1999) ("*BBL I*"). That facts supporting who, what, when, where, or how Dr. Barzinji allegedly caused injury from outside the state are missing means that this Court's answer to whether Plaintiffs sufficiently alleged a "tortious" act under part (3) above is clearly, "No." N.Y. C.P.L.R. § 302(a)(3).

Further, neither of the two subsections of New York's long-arm statute is satisfied. Subsection (i) applies to persons who are not domiciled in New York but regularly conduct business there, "or engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed or services rendered in the state." N.Y. C.P.L.R. § 302(a)(3)(i). As Dr. Barzinji does not conduct business in New York, *see* Luque Decl., attached as Exhibit A, at ¶ 4, nor engage in any other persistent course of conduct with New York, *id.* at ¶ 5, nor derive substantial revenue from goods or services in the State, *id.*, subsection (i) does not apply.

Subsection (ii) applies if the act was intended to have consequences in the state and the non-domiciliary "derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3)(ii). But Plaintiffs have not alleged the elements of subsection (ii), *e.g.*, that (1) Dr. Barzinji committed an act outside the state; (2) the cause of action arises from that act; (3) the act caused injury within the state; (4) defendant expected or should reasonably have expected the act to have consequences in the state; and (5) defendant derived substantial revenue

8

from interstate or international commerce.  *LaMarca v. Pak-More Manufacturing Co.*, 95 N.Y.2d 210, 214 (2000).

Because the conclusory allegations in the Complaint are not enough to demonstrate that Dr. Barzinji did anything that had any consequence in New York, this Court must look to the "minimum contacts."  If the Court finds that Plaintiffs have somehow met the requirements of New York's long-arm statute such that jurisdiction exists because of the conclusory allegations in the Complaint,[4] the Court should then undertake a Fourteenth Amendment due process analysis, consisting of a "minimum contacts" test and a "reasonableness" inquiry.  *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).  Again, the Court will find that plaintiffs have not met, and cannot meet, their burden with respect to personal jurisdiction.

The "minimum contacts," or *International Shoe*, analysis asks "whether the defendant 'has certain minimum contacts [with the forum] . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 152 (2d Cir. 2001) (internal quotations and citation omitted); *see Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945).  A state may assert either general ("continuous and systematic") or specific ("purposeful availment") jurisdiction.  *U.S. Titan, Inc.*, 241 F.3d at 152; *see also Burger King Corp. v. Rudzewicz*, 471

---

[4]  *Campoverde v. Sony Pictures Entertainment*, No. 01 Civ. 7775 (LAP), 2002 WL 31163804, at *5 (S.D.N.Y. Sep. 30, 2002) ("legal conclusions masquerading as factual conclusions" will not survive a motion to dismiss).

U.S. 462, 472-76 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984).

The due process test is satisfied if "a defendant's 'conduct and connection to the forum State' are such that it 'should reasonably anticipate being haled into court there.'" *La Marca*, 95 N.Y.2d at 216, quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Kulko v. Superior Court of California*, 436 U.S. 84, 97-98 (1978). In deciding whether haling a defendant into another jurisdiction is reasonable, "[a] court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief." *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987), quoting *World-Wide Volkswagen*, 444 U.S. at 292. The court must also weigh "'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.'" *Id.*

Dr. Barzinji has not directed his activities towards the State of New York in any way. He works for a charitable organization located in northern Virginia: none of his business or personal endeavors implicate the laws of New York, nor affect New York businesses or residents. *See* Luque Decl., Exh. A. at ¶ 4-5. Thus, Plaintiffs have not met their burden of proving that this Court has general jurisdiction.

Further, Plaintiffs' allegations would not satisfy the "effects" test frequently used in the specific personal jurisdiction analysis. *See Calder v. Jones*, 465 U.S. 783, 789-90 (1984). Under the *Calder* test, a court may exercise jurisdiction over a defendant consistent with due process concerns "when [the] defendant is a primary participant in intentional wrongdoing—albeit extraterritorially—expressly directed at [the] forum." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003). The best theory that could be advanced given Plaintiffs'

10

"facts" is that Dr. Barzinji somehow materially supported al Qaida, and al Qaida's public support for violence was well-known at the time they provided such resources. But this theory breaks down in several respects.

First, courts have long held that such foreseeability of harm does not satisfy the "purposefully directed" test under a due process analysis. *Burger King*, 471 U.S. at 474 (foreseeability cannot suffice to establish personal jurisdiction where traditional minimum contacts are absent); *Scott v. Sonnet, Sale & Keuhne, P.A.*, 989 F. Supp. 542, 544 (S.D.N.Y. 1998) (same). As the Supreme Court in *Calder* made clear, mere foreseeability is not enough to meet the "effects" test for personal jurisdiction. Thus, even if Dr. Barzinji *had* done something that would have foreseeably caused the terrorist acts on 9/11—which he did not—this still would not confer personal jurisdiction on him in New York state because Plaintiffs have not alleged—and cannot allege—that anything they did was "expressly aimed" at this forum. *See* Compl. at ¶¶ 490-91; *Calder*, 465 U.S. at 789; *see also Burger King*, 471 U.S. at 474-75 (foreseeability not enough, "[i]t is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum state.")

Second, Plaintiffs have alleged no facts to show who, what, when, where, or how Dr. Barzinji supported al Qaida, let alone al Qaida's efforts to harm New York. *See* Compl. at ¶ 490 (relying on "federal authorities" to state general, unproven theories). Based on their failure to state a claim, Plaintiffs attenuated causation theory makes it impossible for this Court to find that Dr. Barzinji did *anything* that would have caused the September 11th hijackers to commit the atrocity that occurred on 9/11.

For all of these reasons, the Court lacks personal jurisdiction over these individuals.

## CONCLUSION

For all the foregoing reasons, Dr. Jamal Barzinji respectfully requests that the Court grant his Motion to Dismiss the First Amended Complaint with prejudice.

Respectfully submitted,

Dated:   May 10, 2004                    By:  /s/ Nancy Luque
                                              NANCY LUQUE (NL-1012)
                                              DONNA M. SHEINBACH (DS-6247 )
                                              **GRAY CARY WARE & FREIDENRICH LLP**
                                              1625 Massachusetts Avenue NW, Suite 300
                                              Washington, DC  20036-2247
                                              Tel: 202-238-7764
                                              Fax: 202-238-7701

                                              *Attorneys for Jamal Barzinji*
                                              *(Admitted Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of May, 2004, I caused an electronic copy of the foregoing Motion to Dismiss the First Amended Complaint to be served by the Court's electronic filing system upon all parties scheduled for electronic notice.

                                             /s/ Donna M. Sheinbach
                                             Donna M. Sheinbach (DS-6247)