UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    03 MDL 1570 (RCC)

-------------------------------------------------------------------x

THIS DOCUMENT RELATES TO:

    THOMAS E. BURNETT, SR., ET AL. VS. AL BARAKA
    INVESTMENT AND DEVELOPMENT CORP., ET AL.
    03 CV 9849 (RCC); 03 CV 5738 (RCC)

-------------------------------------------------------------------x

**MOTION FOR LEAVE TO SUPPLEMENT
OR PROVIDE A MORE DEFINITE STATEMENT AS TO DEFENDANTS MAR-JAC
POULTRY, INC. (D45); AFRICAN MUSLIM AGENCY (D39); INTERNATIONAL
INSTITUTE OF ISLAMIC THOUGHT (D43); GROVE CORPORATE, INC. (D41);
HERITAGE EDUCATION TRUST (D42); MAR-JAC INVESTMENTS, INC. (D44);
RESTON INVESTMENTS, INC. (D47); SAFA TRUST (D49); AND YORK
FOUNDATION (D52)**

Plaintiffs herein seek leave to provide a more definite statement pursuant to F.R.C.P. 12(e) or, in the alternative, to amend or to re-plead pursuant to F.R.C.P. 15.

In the course of the ongoing motions to dismiss, Plaintiffs have offered to provide Counsel for Defendants with more definite statements pursuant to Rule 12(e) where they have deemed it appropriate pursuant to rulings of this Court. This offer was rejected by certain of the SAAR Network Defendants.[1]  The motions to dismiss as to these Defendants were set for hearing on December 15, 2003. *See* Docket #397. Plaintiffs seek leave to provide Rule 12(e) statements or to amend or to file a supplemental pleading under Rule 15(d). Under the circumstances, this is the appropriate and efficient course of action.

---

[1] Specifically, Plaintiffs made this offer to Defendants African Muslim Agency (D39); International Institute of Islamic Thought (D43); Grove Corporate, Inc. (D41); Heritage Education Trust (D42); Mar-Jac Investments, Inc. (D44); Reston Investments, Inc. (D47); SAFA Trust (D49); and York Foundation (D52), (the "Moving Defendants").

At the outset of this case in the summer and fall of 2002, the Plaintiffs amended their complaint three times within a three-month period, to add parties and allegations. At the Court's direction, Plaintiffs were advised not to continue seeking leave to amend each time any additional parties were named. The Court addressed the issue during a hearing on October 1, 2002, by stating: "we cannot just have continuing amendments of a complaint." *See* Hearing Transcript of October 1, 2002, at p.3.

Following this hearing on October 7, 2002, the Court issued Case Management Order No. 1 to deal with the need for addition and removal of parties:

> Subsequent to the filing of the Third Amended Complaint, Plaintiffs may without further leave of Court add or remove parties by listing their names (and numbers) and filing the lists as supplemental pleadings under Rule 15(d)). Leave of Court must be sought before making any other changes to the pleadings, whether by amendment or supplementation.

(*See* CMO #1 at ¶3, Docket #15)

At the Court's direction, Plaintiffs have submitted additional names of parties under Rule 15(d) rather than seek additional amendments to the Complaint. Additionally, the Court has invited Rule 12(e) motions for more definite statements to be filed by the parties where the Complaint is vague or ambiguous. *Burnett v. Al Baraka*, 274 F. Supp.2d 86, at 110 (D.D.C. 2003). Plaintiffs, and Defendants, find themselves in a somewhat unique procedural posture in light of the development of the case. In light of the Court's rulings, this motion is the only expeditious and fair way to proceed. *See Burnett v. Al Baraka*, 274 F. Supp.2d 86 (D.D.C. 2003), and Judge Robertson's Case Management Order #1 (Docket #15). Unlike other Defendants, the SAAR Network Defendants to date have expressly rejected an invitation to file motions under Rule 12(e),

claiming there is no ambiguity but rather legal insufficiency.  *See* Moving Defendants' Reply Memorandums at 17-19.

In the event the Court finds that the Complaint is legally insufficient as to the Moving Defendants mentioned the above footnote #1 and/or to Mar-Jac Poultry, Inc., the other of the SAAR Network Defendants, or their related entities, Plaintiffs herein seek leave to amend or to re-plead pursuant to F.R.C.P. 15.[2]  The law is clear that motions for leave to amend shall be liberally granted.  F.R.C.P. 15(a); *Killingham v. Wilshire Investment Corp.*, 739 A.2d 804 (D.C. Ct. App. 1999).  Wherefore, Plaintiffs seek leave to amend, re-plead, or otherwise supplement the record in this case.

New York, New York
Dated:  May 14, 2004

Respectfully submitted,

/S/
_____
Ronald L. Motley, Esq. (SC-4123)
Jodi Westbrook Flowers, Esq. (SC-66300)
Donald A. Migliori, Esq. (RI-4936; MA-567562;
   MN-0245951)
Michael E. Elsner, Esq. (NY & VA-ME8337)
William H. Narwold, Esq. (NY-WN1713)
Ingrid L. Moll, Esq. (CT-21866 & NY-IM3949)
Robert T. Haefele, Esq. (NJ-58293; PA-57937)
Elizabeth Smith, Esq.
Justin B. Kaplan, Esq. (TN-022145)
MOTLEY RICE LLC

---

[2] As to the Moving Defendants listed in the above footnote #1 and to Mar-Jac Poultry, Inc., Plaintiffs believe they have met the relevant pleading standards.  *See* Docket #188.  However, in light of the position taken by Moving Defendants that they do not require a Rule 12(e) statement and one is not appropriate because "they have no difficulty understanding the existing Complaint," Plaintiffs herein are essentially forced to seek leave to amend should the Court adopt Moving Defendants conclusion that the Complaint is legally insufficient as to them.  (*See* Moving Defendants' Reply Memorandums at 19.)  Clearly, the D.C. District Court has already held that the Complaint is not legally insufficient.  *Burnett v. Al Baraka*, 274 F. Supp.2d 86 (D.D.C. 2003).  Moreover, the Court did so virtually identical context (co-conspirators) as to Dr. Khudeira.  Nonetheless, Plaintiffs file this motion to protect the record.  While Plaintiffs should not be required to amend because of Moving Defendants legal posturing, they are fully prepared to do so.

28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone: (843) 216-9000


Jayne Conroy, Esq. (NY-JC8611)
Paul J. Hanly, Jr., Esq. (NY-PH5486)
Andrea Bierstein, Esq. (NY-AB4618)
HANLY CONROY BIERSTEIN
   & SHERIDAN, LLP
415 Madison Avenue
New York, NY 10017-1111
Telephone: (212) 401-7600


William N. Riley, Esq. (IN - 4941-49)
Amy Ficklin DeBrota, Esq. (IN - 17294-49)
RILEY DEBROTA LLP
3815 River Crossing Parkway, Suite 340
Indianapolis, IN 46240
Telephone: (317) 848-7939


Harry Huge, Esq. (DC-55640)
HARRY HUGE LAW FIRM, LLP
Market Square North
401 Ninth Street, N.W., Suite 450
Washington, DC 20004
Telephone: (202) 824-6046


Allan Gerson, Esq. (DC-327494)
ATTORNEY AT LAW
4221 Lenore Lane
Washington, DC 20008
Tel: (202) 966-8557

Chip Robertson, Esq.
Mary Winter, Esq.
BARTIMUS, FRICKLETON, ROBERTSON
   & OBETZ
200 Madison Avenue, Suite 1000
Jefferson City, MO 65101
Telephone: (573) 230-4665

Jack Cordray, Esq. (SC-1400)
CORDRAY LAW FIRM
40 Calhoun Street
Charleston, SC 29401
Telephone: (843) 577-9761


Attorneys for Plaintiffs