# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-MDL-1570 (RCC) |
|  | ECF Case |

*This document relates to:*
  Ashton v. Al Qaeda Islamic Army, 02-CV-6977 (RCC)
  Barrera v. Al Qaeda Islamic Army, 03-CV-7036 (RCC)
  Burnett v. Al Baraka Investment & Development Corp., 03-CV-5738 (RCC)
  Salvo v. Al Qaeda Islamic Army, 03-CV-5071 (RCC)
  Tremsky v. Osama bin Laden, 02-CV-7300 (RCC)

## DECLARATION OF ABDULAZIZ H. AL-FAHAD

I, Abdulaziz H. Al-Fahad, declare as follows:

1. This declaration is given at the request of United States counsel for His Royal Highness Prince Sultan bin Abdulaziz Al-Saud, to describe certain matters of fact in connection with Prince Sultan's motion to dismiss the complaints identified above in this action. I have been retained by Prince Sultan and am being compensated for my work in this matter.

2. I am a lawyer admitted to practice in the Kingdom of Saudi Arabia. I was born and raised in Saudi Arabia, and received an undergraduate, graduate and legal education in the United States. I received a B.A. degree in economics from Michigan State University in 1979, an M.A. in International Relations from the Johns Hopkins University School of Advanced International Studies in 1980, and a J.D. degree from Yale Law School in 1984. During 1984-1985, I was a Post-Doctoral Fellow at Harvard University's Center for Middle Eastern Studies and a Research Fellow at Harvard Law School.

3. Currently I am the principal of the Law Office of Abdulaziz H. Al-Fahad in Riyadh, in affiliation with the United States law firm Akin, Gump, Strauss Hauer & Feld. I am a member of the Academic Committee, Legal Experts Commission, Council of Ministers (which is charged with translating official government documents); was a member of the Advisory Commission of the Supreme Economic Council (1999-2003); and am a member of the International Trade Committee of the Council of Saudi Chambers of Commerce and Industry. I have occasionally taught and written on Middle Eastern law, politics and economics. I am also a licensed Arabic to English translator, holding License No. 138 issued by the Ministry of Commerce of the Kingdom of Saudi Arabia.

4. I have been asked to respond to certain factual assertions in the May 14, 2004 Plaintiffs' Consolidated Memorandum of Law in Opposition to Sultan bin Abdulaziz Al-Saud's Motion to Dismiss Certain Consolidated Complaints (the "Consolidated Opposition") regarding

the Supreme Council and Prince Sultan's duties and obligations as Chairman of the Supreme Council.

5. On page 6 of the Consolidated Opposition, the plaintiffs assert that the Supreme Council for Islamic Affairs "was established to monitor and approve Islamic charitable giving within Saudi Arabia and abroad." This assertion is untrue. As stated in my April 6, 2003 sworn Declaration filed in these proceedings, and attached hereto as Attachment 1, the Supreme Council never had any role in monitoring or approving charitable giving within Saudi Arabia or abroad. Rather, the function of the Supreme Council, as stated in High Order No. 296/8, is to carry out the foreign policy of Saudi Arabia as determined by the Council of Ministers, including (i) planning and oversight of Saudi Islamic activities abroad in accordance with ways of the people of sunna and jama'a, (ii) care for Muslim minorities and attention to their conditions, (iii) introduction of Islam, (iv) promoting of contacts between the Kingdom and Muslims abroad, and (v) promoting the spreading of Islamic culture and the Arabic language abroad.

6. Also on page 6, the plaintiffs assert that Prince Sultan, as Chairman of the Supreme Council, "was charged with the task of preventing the diversion of Saudi charitable donations to terrorists." This latter claim is previously stated on page 2, where the plaintiffs assert that Prince Sultan "was the man charged by the Saudi government with preventing charitable donations from going to terrorists." Both of these assertions, too, are untrue. Neither the Supreme Council nor Prince Sultan as its Chairman, had any role or responsibility in supervising charities or in preventing any funds donated to charities from being diverted by those charities to terrorists.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Abdulaziz H. Al-Fahad

Executed on May 27, 2004, in Riyadh