# HANLY CONROY BIERSTEIN & SHERIDAN LLP

415 MADISON AVENUE
NEW YORK, NEW YORK 10017-1111
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 401-7556
JAYNE CONROY (NY, DC & MA)
(212) 401-7555
CLINTON B. FISHER (NY & DC)
(212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
(212) 401-7550
THOMAS I. SHERIDAN, III (NY)
(212) 401-7602

TELEPHONE (MAIN)
(212) 401-7600

TELECOPIER
(212) 401-7635

**MEMO ENDORSED**

BY HAND

April 12, 2004

Hon. Richard Conway Casey
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

RECEIVED APR 1 3 2004 CHAMBERS OF RICHARD CONWAY CASEY U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-1-04

Re:   *In re Terrorist Attacks of September 11, 2001*, MDL 1570

Dear Judge Casey:

    This firm, along with Motley Rice LLC and other law firms, represents the plaintiffs in *Burnett v. Al Baraka Investment & Development Corp.*, 03 CV 9849 (RCC), one of the actions consolidated into this MDL proceeding. We write to request that the Court waive its requirement of a pre-motion conference, or in the alternative, schedule such a conference in connection with a motion we intend to file asking this Court to re-consider the ruling of the district court in Washington, D.C., dismissing defendants Sultan bin Abdulaziz al-Saud and Turki al-Faisal bin Abdulaziz al-Saud.

    As the Court is no doubt aware, in November, 2003, less than one month before the Judicial Panel on Multi-District Litigation transferred the *Burnett* case to New York and consolidated it with other cases arising from the September 11 terrorist attacks, the district court in D.C. granted motions to dismiss brought by Sultan and Turki. The court's ruling applied only to the *Burnett* case. Moreover, pursuant to F.R.C.P. 54(b), because it adjudicated the claims against fewer than all of the defendants, the ruling was not final and "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *See also In re Grand Jury Proceedings (Kluger)*, 827 F.2d 868, 871 n.3 (2d Cir. 1987) (transferee court has power and obligation "to modify or rescind any orders in effect in the transferred case which it concludes are incorrect").

    On March 19, 2004, Sultan and Turki filed a motion to dismiss applicable to five of the cases in this consolidated proceeding: *Ashton v. Al Qaida Islamic Army*, 03 CV 6977; *Barrera v.*

Hon. Richard Conway Casey
April 12, 2004
Page 2

*Al Qaeda Islamic Army*, 03 CV 7036; *Burnett v. Al Baraka Investment & Development Corp.*, 03 CV 5738 (a separate action from the *Burnett* – D.C. action); *Salvo v. Al Qaeda Islamic Army*, 03 CV 5071; and *Tremsky v. bin Laden*, 03 CV 7300. In conjunction with these pending motions, plaintiffs intend to move for reconsideration of the *Burnett* D.C. ruling, in order to assure consistent treatment of these defendants in all of the cases in MDL 1570. We intend to file our motion no later than May 14, 2004, the date that plaintiffs' opposition to Sultan and Turki's motion is due, as we will be asking that the Court treat all the cases together.

    We understand that, pursuant to Your Honor's rules, parties seeking to file dispositive motions (which we believe this would be) are required to request a pre-motion conference. We also understand that Your Honor has permitted the defendants to file motions to dismiss without the need for separate conferences for each motion. Because our motion is not one to dismiss, but rather its opposite, to re-open defendants' prior motion to dismiss, we seek the Court's guidance with respect to the proper procedure to be followed. If appropriate, we ask that the Court waive the requirement of a pre-motion conference and permit us to file our motion no later than May 14, 2004, with defendants' opposition to be filed no later than July 9, 2004 and our reply due no later than July 23, 2004. (This schedule gives the these defendants the same amount of time to respond to our motion as we were given to respond to the various motions to dismiss filed by defendants in these cases and similarly allows us the same amount of time for our reply brief as is permitted under the Court's schedule for the motions to dismiss.) Alternatively, if the Court believes that a pre-motion conference would be useful, we ask that the Court schedule such a conference in time for the *Burnett* plaintiffs to file their motion by May 14, 2004.

Respectfully,

*/s/ Paul J. Hanly, Jr.*

Paul J. Hanly, Jr.

cc: All Counsel (via email or fax)

*Application granted. The motion shall be filed by 6/18/04; the response shall be filed by 8/13/04; and the reply shall be filed by 8/27/04.*

*Richard Conway Casey 5/28/04*