UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In Re: Terrorist Attacks on September 11, 2001             :
                                                           :
-----------------------------------------------------------x

MDL No. 1570
ECF Case

*This Document Relates To:*
-----------------------------------------------------------x
Thomas Burnett, Sr., *et al.*,                             :
                                                           :
                        Plaintiffs,                        :
                                                           :    03 Civ. 9849 (RCC)
          - against -                                      :
                                                           :
Al Baraka Investment &                                     :
Development Corp., *et al.*,                               :
                                                           :
                        Defendants.                        :
-----------------------------------------------------------x
Richard Conway Casey, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-1-04

## MEMORANDUM OPINION AND ORDER

Defendants Perouz Sedaghaty and Soliman H.S. Al-Buthi contend that service of process as effected by Plaintiffs was defective and move to quash the summons and dismiss for improper service. Sedaghaty and Al-Buthi are the founders of Al Haramain Islamic Foundation, Inc. ("Al Haramain"), a charity organization named as a co-defendant in the present case, and currently serve as officers of the corporation.

On November 7, 2002, Plaintiffs attempted to serve Defendants Al Haramain, Sedaghaty, and Al-Buthi by hand-delivering copies of the summons and amended complaint to The Mail Stop at 1257 Siskiyou Boulevard, No. 212, Ashland, Oregon 97520. Later that same day, Sedaghaty was notified by an agent of The Mail Stop that "several sets of legal documents" had

been delivered, addressed to both Al Haramain and Sedaghaty. Sedaghaty retrieved the documents addressed to Al Haramain but refused to accept a set of documents addressed to "Perouz Seda Ghaty."

Presently before the Court is a motion by Defendants Sedaghaty and Al-Buthi challenging the adequacy of service of process as effected under Federal Rule of Civil Procedure ("FRCP") 4 and Oregon Rule of Civil Procedure ("ORCP") 7. Defendant Al Haramain, which has appeared and filed a motion to dismiss on the merits, is not a party to the present motion.

The relevant provision of Rule 4 provides that service may be effected on an individual within a judicial district of the United States "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R. Civ. P. 4(e)(1). Because Plaintiffs attempted to serve Sedaghaty and Al-Buthi in Oregon, the Court looks to the laws of that state in determining whether service was properly effected.

ORCP 7(D)(1) states Oregon's general requirement for service of process: "Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Or. R. Civ. P. 7(D)(1). The Oregon Supreme Court has established a two-step test for determining the adequacy of service of process. Baker v. Foy, 310 Or. 221, 228-29 (1990). If the plaintiff complies with one of the methods described in ORCP 7, service is presumptively adequate. Id. If the defendant rebuts that presumption, or if the plaintiff does not use one of the methods described in the rule, then the court must determine whether service is nonetheless adequate because it provides "reasonable notice" to the defendant. Id. at 229. A determination of whether "reasonable notice" has been

provided, a court looks to the totality of the circumstances. Baker v. Foy, 310 Or. at 225.

Service on third persons is proper under Oregon law if the process server has reason to believe that the person who receives the summons and complaint has "regular, frequent and predictable contact with the defendant." Pham v. Faber, 152 Or. App. 634, 642 (1998) (citing Duber v. Zeitler, 118 Or. App. 597 (1993)). Service on a third person has been determined to be sufficient where the defendant has designated that person's address as the place to receive correspondence. See Boyd v. Boyd, 131 Or. App. 194, 199-200 (1994); Gallogly v. Calhoon, 126 Or. App. 366, 370 (1994).

The address of The Mail Stop - 1257 Siskiyou Boulevard - is listed as Al Haramain's address on its certificate of incorporation, which is on file with the Oregon Secretary of State's Office. This address is also listed for Sedaghaty and Al-Buthi on the certificate of incorporation. Furthermore, federal income tax returns filed by Al Haramain for 1999, 2000, and 2001 list 1257 Siskiyou Boulevard as the organization's address. This same address was provided as the address at which Sedaghaty and Al-Buthi wished to be contacted by the IRS, if necessary.

Service was proper in the present case because Sedaghaty and Al-Buthi had designated The Mail Stop as their address for receipt of official government correspondence from both the IRS and the Oregon Secretary of State. Further, Plaintiffs were unable to identify another address at which to find Defendants Sedaghaty and Al-Buthi. (See Plaintiff's Memorandum in Opposition to Soliman H.S. Al-Buthi's and Perouz Sedaghaty's Motion to Quash Summons and Motion to Dismiss for Improper Service of Process, at 3.)

In this case, the totality of circumstances regarding Plaintiffs' attempt to effect service of process weighs on the side of adequacy. Therefore, Defendants' motion to dismiss for improper service is DENIED.

Dated: May 28, 2004
      New York, New York

SO ORDERED.

_____
Richard Conway Casey, U.S.D.J.