UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001          03 MDL 1570 (RCC)

-------------------------------------------------------------------x

THIS DOCUMENT RELATES TO:

> *THOMAS E. BURNETT, SR., ET AL. VS. AL BARAKA*
> *INVESTMENT AND DEVELOPMENT CORP., ET AL.*
> **03 CV 9849 (RCC); 03 CV 5738 (RCC)**

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO SULAIMAN AL-ALI'S MOTION TO DISMISS WITH SUPPORTING POINTS AND AUTHORITIES

June 4, 2004

# TABLE OF CONTENTS

*Page*

I.      INTRODUCTION ........................................................................................... 1

II.     THE THIRD AMENDED COMPLAINT MEETS THE PLEADING
        REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE .......... 2

        A.      THE PLEADING STANDARD UNDER FED. R. CIV. P. 8(A) ........................... 2

        B.      THE MOTION TO DISMISS STANDARD UNDER FED. R. CIV. P. 12 ............. 4

        C.      THE THIRD AMENDED COMPLAINT ADEQUATELY ALLEGES THE
                GROUNDS FOR THE COURT'S JURISDICTION ................................................. 6

        D.      THE COMPLAINT PLEADS FACTS SUFFICIENT TO APPRISE
                DEFENDANT OF THE NATURE OF THE CLAIMS AGAINST HIM ................... 7

III.    THIS COURT HAS PERSONAL JURISDICTION OVER
        DEFENDANT ................................................................................................. 8

IV.     SERVICE OF PROCESS WAS EFFECTIVE ON DEFENDANT ................. 10

V.      THE COMPLAINT ADEQUATELY ALLEGES VALID CAUSES
        OF ACTION AGAINST DEFENDANT, INCLUDING CAUSATION .......... 12

        A.      THE PLAINTIFFS SUFFICIENTLY ALLEGE THE ELEMENTS OF ALL
                CLAIMS AGAINST DEFENDANT ................................................................. 12

        B.      THE PLAINTIFFS ADEQUATELY ALLEGE CAUSATION ............................. 12

VI.     CONCLUSION ............................................................................................. 16

i

## TABLE OF AUTHORITIES

*Page*

**CASES**

*American Land Co. v. Zeiss*, 219 U.S. 47 (1911) ............................................................11

*Argentina v. Weltover Inc.,* 504 U.S. 607 (1992) ..........................................................7

*Bennett v. Schmidt*, 153 F.3d 516, 519 (7th. Cir. 1998)...........................................5

*Blinn v. Nelson*, 222 U.S. 1 (1911) ..............................................................................11

*Boim v. Quranic Literacy Institute, et. al.*, 291 F.3d 1000 (7th Cir. 2002) ........2, 14, 15, 16

*Browning v. Clinton,* 292 F.3d 235 (D.C. Cir. 2002) ....................................................4

*Burger King Corporation v. Rudzewicz*, 471 U.S. 462 (1985)........................................9

*Burnett v. Al Baraka,* 274 F.Supp.2d 86 (D.D.C. 2003).................................................6

*Conley v. Gibson*, 355 U.S. 41 (1957) .....................................................................2, 3, 4

*Crawford-El v. Britton*, 523 U.S. 523 (1998) .................................................................4

*Daliberti v. Iraq*, 97 F.Supp.2d. 38 (D.D.C. 2000)........................................................9

*Goodrich v. Ferris*, 214 U.S. 71 (1909).......................................................................11

*Grannis v. Ordean*, 234 U.S. 385 (1914).....................................................................11

*H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989) .......................................5

*Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983) ...............................................15, 16

*Harris v. Ladner*, 127 F.3d 1121 (D.C. Cir. 1997)........................................................4

*Holmes v. Securities Investor Protection Corp.* 503 U.S. 258 (1992)..............................12

*Humanitarian Law Project v. Reno*, 205 F.3d 1130 (9th Cir. 2000) .................................15

*International Shoe Co. v. Washington,* 326 U.S. 310 (1945) .............................................8

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) ...........................5

*Krieger v. Fadely,* 211 F.3d 134 (D.C. Cir. 2000)......................................................3, 5

*Laborers Local 17 Health and Benefit Fund v. Philip Morris*, 26 F.Supp.2d
   (S.D.N.Y 1998)..........................................................................................................9

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507
   U.S. 163, 164 (1993)..................................................................................................5

*Milliken v. Meyer*, 311 U.S. 457 (1940) ......................................................................11

*Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306 (1950)...........................................11

*NOW v. Scheidler*, 510 U.S. 249 (1994) ........................................................................5

*Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999)..................................................13

*Pelt v. Utah*, 104 F.3d 1534 (10th Cir. 1996) .......................................................................4

*Price Waterhouse v. Hopkins,* 490 U.S. 228 (1988)....................................................13, 14

*Priest v. Las Vegas*, 232 U.S. 604 (1914).........................................................................11

*Pugh v. Socialist People's Libyan Arab Jamahiriya*, 290 F.Supp.2d 54 (D.D.C. 2003) .............................................................................................................................9

*Rein v. Socialist People's Libyan Arab Jamahiriya*, 995 F.Supp.2d. 325 (E.D.N.Y. 1998), aff'd in part, dis'd in part, 162 F.3d. 748 (2d Cir. 1998).....................................9

*Roller v. Holly*, 176 U.S. 398 (1900) ...............................................................................11

*S & Davis Int'l, Inc. v. Yemen*, 218 F.3d 1292 (11th Cir. 2000) ..........................................7

*S.E.C. v. Tome*, 833 F.2d 1086 (2nd Cir. 1987) ...........................................................10, 11

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ...........................................................................5

*Shear v. National Rifle Association,* 606 F.2d 1251 (D.C. Cir. 1979)..................................4

*Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111 (D.C. Cir. 2000).....................................3

*Summers v. Tice,* 33 Cal.2d 80, 199 P.2d 1 (Sup. Ct. Ca. 1948) .......................................13

*Swierkiewicz v. Sorema*, 534 U.S. 506, 512-13 (2002)....................................................3, 4

*Tones v. U.S. Dept. of Veteran Affairs, 2004 WL 691237 (S.D.N.Y., March 31, 2004)* ...........................................................................................................................4

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 16 F.Supp.2d 326 (S.D.N.Y. 1998), *modified on other grounds,* 182 F.R.D. 97 (S.D.N.Y. 1998), *aff'd on other grounds,* 241 F.3d 135 (2d Cir. 2001)....................................................7

*Wiggins v. Hitchens*, 853 F. Supp. 505 (D.D.C. 1994)........................................................4

**STATUTES**

Pub. L. No. 104-132, Sect. 301(a)(7), 110 Stat. 1214 (1996)...........................................15

**OTHER AUTHORITIES**

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1202, p.76 (2d ed. 1990)......................................................................4

Encyclopedia of Federal Procedure, 3d. ed., vol. 4, § 14.15 .............................................3

W. Page Keeton, Prosser & Keeton, Torts 323 n.7 (5th Ed., 1984) ...................................14

**UNITED STATES CODE**

18 U.S.C. § 2334...............................................................................................................6

18 U.S.C. § 2338...............................................................................................................6

18 U.S.C. § 2339A.............................................................................................................14

18 U.S.C. § 2339B.............................................................................................................14

28 U.S.C. § 1350...............................................................................................................6

28 U.S.C. § 1367 ...................................................................................................................6

28 U.S.C. § 1605(a)(2) .........................................................................................................6

28 U.S.C. § 1605(a)(5) .........................................................................................................6

28 U.S.C. § 1605(a)(7) .........................................................................................................6

28 U.S.C. § 1653 ...................................................................................................................7

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P.  8 ..........................................................................................................5, 6, 16

Fed. R. Civ. P.  8(a) ......................................................................................................2, 4, 6

Fed. R. Civ. P.  8(a)(1) .........................................................................................................6

Fed. R. Civ. P.  8(f) ...............................................................................................................3

Fed. R. Civ. P. 12 .......................................................................................................2, 5, 16

Fed. R. Civ. P. 12(b)(2) ....................................................................................................1, 8

Fed. R. Civ. P. 12(b)(5) .......................................................................................................1

Fed. R. Civ. P. 12(b)(6) ................................................................................................1, 4, 5

Fed. R. Civ. P. 12(b). ...........................................................................................................5

Fed. R. Civ. P. 12(e) ............................................................................................................4

Fed. R. Civ. P. 56 ............................................................................................................4, 5

**RESTATEMENTS**

Restatement (Second) of Torts Sect. 876(b) ......................................................................13

## I.     INTRODUCTION

Defendant Sulaiman Al-Ali (D14) (or "Defendant") moves to dismiss the Third Amended Complaint (or "TAC" or "3AC" or "Complaint") pursuant to Fed. R. Civ. P. 12(b)(2); Fed. R. Civ. P. 12(b)(5); and Fed. R. Civ. P. 12(b)(6).  *See* Sulaiman Al-Ali's Motion to Dismiss with Supporting Points and Authorities, filed April 9, 2004, Docket #109, hereinafter "Motion."  In bringing this motion, Defendant argues the following:  1) the Court lacks personal jurisdiction over the him; 2) the Defendant has not been properly served; and 3) the Plaintiffs have failed to properly allege the elements of their causes of action; specifically, that the Plaintiffs have not properly alleged "proximate cause."  *See* Motion at 1-3.

These arguments fail for the following reasons.  First, this Court has personal jurisdiction over the Defendant because service has been effectuated and there exist sufficient minimum contacts with, and purposeful targeting of, the United States to satisfy due process.  Traditional notions of fair play and substantial justice are advanced by an exercise of jurisdiction over Defendant under the facts and the law, and this is not altered by any claims of inconvenience by the Defendant.  Second, service of process was properly effectuated, and the Defendant was given fair and adequate notice of this lawsuit.  Third, the allegations and claims made against the Defendant are legally and factually sufficient under the applicable pleading rules and case law to withstand this motion to dismiss.  This Defendant, like so many others, would have this Court essentially reject notice pleading and return to code pleading, a result that must be soundly rejected.

The Defendant also baldly asserts he has "absolutely no connection with the tragic events of September 11, 2001, nor does he support those that brought them about."  *See*

Motion at 1. What the Defendant apparently seeks to argue, with this and similar statements, and with the Declaration submitted in support of his motion, are the merits of this lawsuit.  This is simply not a proper determination at this juncture.  A motion to dismiss is designed to test the legal sufficiency of the allegations, not to determine the ultimate issues of fact that underlie the pleadings.  While the Defendant might prefer to move the Court for an immediate ruling on the substantive underpinnings of Plaintiffs' allegations, the Defendant confuses "what must be alleged with what must be proved." *Boim v. Quranic Literacy Institute, et. al*., 291 F.3d 1000, 1025 (7th Cir. 2002).  Plaintiffs respectfully submit that whether or not the Defendant materially supported, aided and abetted, and/or conspired with al Qaeda or Osama bin Laden as alleged is an issue for the trier of fact and is not appropriate for a motion to dismiss.  Clearly, significant differences as to the material facts at issue exist between the parties.  Moreover, and more to the point, there is no basis for dismissal pursuant to Fed. R. Civ. P. 12.  For the reasons stated below, this Motion is without basis in law or fact and should be denied.

## II.     THE THIRD AMENDED COMPLAINT MEETS THE PLEADING REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE

### A.     THE PLEADING STANDARD UNDER FED. R. CIV. P. 8(A)

Fed. R. Civ. P. 8(a) provides the requirements for stating a legally sufficient claim for relief.  A complaint:

> shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the *claim* showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a) (emphasis added).  The leading case remains *Conley v. Gibson*, 355 U.S. 41 (1957).  *Conley* holds that the Federal Rules of Civil Procedure do not require a claimant to set out the facts upon which the claim is based in detail.  Rather,

all that is required is "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47.

Whether a pleading constitutes a short and plain statement must be determined by the type of case, the relief sought, the situation of the parties, and the degree of particularity of statement desirable in effecting speedy justice. ENCYCLOPEDIA OF FEDERAL PROCEDURE, 3d. ed., vol. 4, § 14.15. A pleading generally suffices where there has been an honest attempt to make it simple, concise and direct, especially where the action is complex and involved. *Id.* "All pleadings shall be construed to do substantial justice." Fed. R. Civ. P. 8(f).

A pleading ordinarily is sufficient if, within its framework, evidence may be introduced which will sustain a statement of claim. Complaints "need not plead law or match facts to every element of a legal theory." *Krieger v. Fadely,* 211 F.3d 134, 136 (D.C. Cir. 2000) (internal citations omitted). Further, "a plaintiff need not allege all the facts necessary to prove his claim." *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1115 (D.C. Cir. 2000) (internal citations omitted). Notice pleading is made possible by the liberal opportunity for discovery to disclose more precisely the basis of both the claims and defenses and to define more narrowly the disputed facts and issues. *Conley*, 355 U.S. at 48; *Accord, Swierkiewicz v. Sorema*, 534 U.S. 506, 512-13 (2002) (The provisions for discovery are so flexible and the procedures for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the

open for the inspection of the court, *citing* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1202, p.76 (2d ed. 1990)).

The Supreme Court recently reiterated its *Conley* standard in *Swierkiewicz*, stating that the Rules are intended "to focus litigation on the merits of a claim" by giving "fair notice" of the plaintiff's claim. 534 U.S. at 512-13. In short, Rule 8(a)'s standard is set "without regard to whether a claim will succeed on the merits. Indeed, it even may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Id.* (citations omitted).[1] Recent decisions reflect *Swierkiewicz's* pleading standard as controlling.[2]

### B.   THE MOTION TO DISMISS STANDARD UNDER FED. R. CIV. P. 12

Rule 12(b)(6) motions are highly disfavored. *Conley*, 355 U.S. at 45-46.[3] To prevail on a Rule 12(b)(6) motion, a defendant must show beyond doubt that the Plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Id.*; a*ccord, Harris v. Ladner*, 127 F.3d 1121 (D.C. Cir. 1997); *Wiggins v. Hitchens*, 853 F. Supp. 505 (D.D.C. 1994) ("Dismissal is only appropriate if it appears beyond doubt that no set of facts proffered in support of plaintiff's claim would entitle him to relief.");

---

[1] If a pleading fails to specify sufficient notice, a defendant can always move for a more definite statement under Rule 12(e); claims lacking factual merit are to be dealt with under Rule 56 (summary judgment). *See Crawford-El v. Britton*, 523 U.S. 523, 597-601 (1998) (catalogue of procedures to control litigation), *accord* Case Management Order No. 1, MDL 1570, 3/3/04.

[2] *See, e.g. Tones v. U.S. Dept. of Veteran Affairs, 2004 WL 691237 (S.D.N.Y., March 31, 2004); Shear v. National Rifle Association,* 606 F.2d 1251, 1253 (D.C. Cir. 1979)(Actual facts are to be determined after a trial.); *Atchinson v. District of Columbia,* 73 F.3d 418, 423 (D.C. Cir. 1996)("a plaintiff need not plead multiple instances of misconduct")(*citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993)); *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002)(we do not assess the truth of what is asserted to determine whether a plaintiff has any evidence to back up what is in the complaint.).

[3] Granting a Rule 12(b)(6) is "a harsh remedy which must be cautiously studied not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Pelt v. Utah*, 104 F.3d 1534, 1540 (10th Cir. 1996).

and *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) (a court may not dismiss a complaint unless "it is clear that *no* relief could be granted under *any* set of facts that *could* be proved consistent with the allegations" (emphasis added)).  There has been no such showing here.  As the Supreme Court observed:

> When a federal court reviews the sufficiency of a complaint, its task is necessarily a limited one.  The issue is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Moreover, the complaint itself must be liberally construed in the plaintiff's favor and the Court is to grant plaintiffs the benefit of all inferences that can be derived from the facts alleged.  *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (internal citations omitted).  Plaintiffs' allegations must be accepted as true on a motion to dismiss.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  Indeed, "at the pleading stage, general factual . . . allegations embrace those specific facts that are necessary to support the claim." *NOW v. Scheidler*, 510 U.S. 249, 256 (1994).[4]

Defendant would hold Plaintiffs to a higher standard, because of the horrific nature of the underlying crimes.  Motion at 2-3.  Defendant would do so despite arguing elsewhere that this is simply a tort case.  Motion at 17.  In any event, the support cited by

---

[4] Allowing defendants to use Rule 12(b)(6), rather than summary judgment under Rule 56, to challenge cases could create potential conflict with Rule 8.  *Krieger,* 211 F.3d at 136.  The rationale behind this position is simple – litigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof defeats the function of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).  Furthermore, Rule 12 explicitly clarifies that if, on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).  There has been no such opportunity here.

Defendant for the adoption of a stricter pleading standard is from Judge Robertson in this very case.  *See* Motion at 3; *quoting Burnett v. Al Baraka,* 274 F.Supp.2d 86, 103-4 (D.D.C. 2003) (or "*Burnett I*").  However, the Defendant conveniently omits and thus misstates the actual holding in *Burnett I* by failing to include the first sentence of the quoted language:  "*No heightened standard of pleading will be applied in this case . . .*" *Burnett I*, F.Supp.2d at 103-104, emphasis added.  *Burnett I* does indeed call for close scrutiny of Plaintiffs' allegations, but this does not change the pleading standard. Moreover, Plaintiffs' pleadings withstand scrutiny.   The Court in *Burnett I* also concluded:  "The 3AC's allegations provide support for an inference of a causal link between [Defendant's] funding and the attacks of September 11."  *Id. at 105.*  "There is no heightened pleading requirement for civil conspiracy, nor is civil conspiracy exempt from the operation of Rule 8(a)."  *Id.* at 110 (citations omitted).

### C.    THE THIRD AMENDED COMPLAINT ADEQUATELY ALLEGES THE GROUNDS FOR THE COURT'S JURISDICTION

Plaintiffs are not required to plead personal jurisdiction with specificity as Defendant appears to suggest.  Motion at 8.  The Plaintiffs herein satisfy the pleading requirement of Fed. R. Civ. P. 8 in making the requisite short and plain statement necessary to provide the relevant jurisdictional basis.  The basis for jurisdiction herein is contained within the federal statutes under which plaintiffs plead and the allegation that this Court has personal jurisdiction over Defendants.  No more is required.[5]

---

[5] *See*, Third Amended Complaint, ¶¶ 1, pleading 28 U.S.C. §§ 1330(a) (jurisdiction over a foreign state); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(2) (diversity jurisdiction over citizens or subjects of a foreign state); 18 U.S.C. §§ 2334 & 2338  (Anti-Terrorism Act jurisdictional provisions); 28 U.S.C. §§  1605(a)(2), 1605(a)(5), 1605(a)(7) (jurisdictional provisions of the FSIA); 28 U.S.C. § 1350 (Alien Tort Claims Act); and 28 U.S.C. § 1367 (supplemental jurisdiction) (as the basis for subject matter jurisdiction); pleading personal jurisdiction over all Defendants herein.  No distinction is made in the pleading rules between personal and subject matter jurisdiction both require only a short and plain statement. *See* Fed. R. Civ. P. 8(a)(1).

Plaintiffs are not required to know or to plead all possible jurisdictional grounds from the outset of the case, to the contrary, the relevant statutory scheme anticipates and allows for liberal amendments as to jurisdiction. *See* 28 U.S.C. § 1653. That is particularly true where the factual predicates are complex and the parties numerous, as herein. Moreover, the conduct and injuries at issue are clearly in the United States' national interest. Finding personal jurisdiction is seldom a problem when the wrongful act occurred in the United States. *See, e.g., Argentina v. Weltover Inc.,* 504 U.S. 607, 619 (1992). Occurrence of the injury alone might also be sufficient, depending on the specific provision of the statute being invoked. *See, S & Davis Int'l, Inc. v. Yemen*, 218 F.3d 1292, 1298 (11th Cir. 2000) ("direct effects" and "minimum contacts" are "inextricably intertwined"). Both this Court and the Second Circuit have indicated that all doubtful questions regarding personal jurisdiction should be resolved in favor of the Plaintiff. *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 16 F.Supp.2d 326, 332-33 (S.D.N.Y. 1998), *modified on other grounds,* 182 F.R.D. 97 (S.D.N.Y. 1998), *aff'd on other grounds,* 241 F.3d 135 (2d Cir. 2001).

### D. THE COMPLAINT PLEADS FACTS SUFFICIENT TO APPRISE DEFENDANT OF THE NATURE OF THE CLAIMS AGAINST HIM

Defendant Al-Ali is sued in his individual capacity for his actions in support of al Qaeda and its "charity" sponsors. TAC ¶¶ 153, 234-248. The role of the charity defendants in this case in sponsoring al Qaeda has been briefed repeatedly to the Court, and is set out in detail in the TAC, and will not be fully repeated herein. In spite of the wealth of general allegations insufficient to apprise Al-Ali of the nature of the claims agains him, Plaintiffs offered to provide, and have provided, a more definite statement as to Al-Ali. Declaration of Jodi Westbrook Flowers, ("Plaintiffs' Dec.") Ex. 1. Counsel for

Defendant Al-Ali has refused to postpone this Motion until review of the more definite statement, which necessitates the filing of this opposition.  Plaintiffs' Dec., Ex. 2.  In addition to Plaintiffs' specific jurisdiction theory and proof, Plaintiffs allege that Al-Ali engaged in significant business dealings in the United States to warrant a finding of general minimum contacts.  Plaintiffs' Dec., Ex. 1.  Defendant was heavily involved in the formation, running and financial activities of several charities.  Plaintiffs' Dec., Ex. 1.  When the Rule 12(e) More Definite Statement is considered with the allegations of the TAC, sufficient facts are pled as to Al-Ali.

## III.   THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT

Defendant maintains that this Court lacks personal jurisdiction over him, and asks the Court dismiss the TAC pursuant to Fed. R. Civ. P. 12(b)(2).   However, a federal court may exercise personal jurisdiction over a non-resident defendant where 1) the defendant is amenable to service of process pursuant to a statute or rule of court that authorizes such service; and 2) such an exercise is consistent with due process of law. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).  Service of process on Defendant was demonstrably adequate, as is discussed below.  Similarly, the evidence and allegations at issue show that an exercise of jurisdiction by this Court would be consistent with due process of law in that the Third Amended Complaint alleges that the Defendant purposefully directed his actions and conduct at the residents of the United States by aiding and abetting, conspiring with, or materially supporting al Qeada and Osama bin Laden, whose stated purpose was targeting the United States.[6]  *See* TAC at pp.

---

[6] The Plaintiffs have advanced this argument in a common brief as relates to both al Qeada and the Defendant herein, and will not repeat those arguments, authorities, or *prima facie* showing, but rather incorporate them herein by reference.  Plaintiffs' Memorandum of Law in Support of Their *Prima Facie* Showing of Personal Jurisdiction and in Opposition to the Defendants' Challenges to Personal Jurisdiction,

199, 202-203, 216-217, ¶ 1, ¶ 11, ¶ 493, ¶ 632-634; *Burger King Corporation v. Rudzewicz*, 471 U.S. 462 (1985); *Rein v. Socialist People's Libyan Arab Jamahiriya*, 995 F.Supp.2d. 325 (E.D.N.Y. 1998), aff'd in part, dis'd in part, 162 F.3d. 748 (2d Cir. 1998); *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 290 F.Supp.2d 54 (D.D.C. 2003); *Daliberti v. Iraq*, 97 F.Supp.2d. 38 (D.D.C. 2000).

In support of his Motion, the Defendant provides the Court with an Affidavit claiming non-resident status, no minimum contacts with the United States, and condemning acts of terrorism. *See* Declaration of Sulaiman Al-Ali (D14) to accompanying motion to dismiss attached to Motion. The evidence as alleged by Plaintiffs contradicts this self-serving pleading, obviously drafted to attempt to evade the jurisdiction of this Court and the allegations against him. In that the Defendant has now challenged the Court's personal jurisdiction over him, and submitted extrinsic evidence in support of this challenge, the Plaintiffs are similarly allowed to go outside the pleadings (if necessary) to demonstrate a *prima facie* showing of personal jurisdiction. *Laborers Local 17 Health and Benefit Fund v. Philip Morris*, 26 F.Supp.2d (S.D.N.Y 1998).[7] Plaintiffs have made their *prima facie* showing through the exhibits attached to the Plaintiffs' Declaration, specifically the More Definite Statement as to Sulaiman Al-Ali. Plaintiffs' Dec., Ex. 1. Clearly, Defendant's own conduct and actions in sponsoring al Qaeda international terrorism as alleged by Plaintiffs must be considered in conjunction with Defendant's Declaration.

---

MDL 1570 Docket #154, filed May 14, 2004. The Plaintiffs also incorporate by reference prior briefing on this issue, including but not limited to Plaintiffs' Memorandum in Opposition to National Commercial Bank, D.C. Docket #435.

[7] Because Defendant has brought his motion to dismiss under F.R.C.P. 12(b)(2), alleging that this Court lacks personal jurisdiction, this Court may consider evidence beyond the allegations of the complaints at issue. *See Antares Aircraft L.P. v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir. 1991).

## IV.     SERVICE OF PROCESS WAS EFFECTIVE ON DEFENDANT

Defendant Al-Ali argues he was not properly served in this case.  Motion at 13-16.  However, on April 1, 2003, Plaintiffs served Al-Ali at the address given for IIRO in Virginia.  Service was perfected on the registered agent of the IIRO organization, of which Al-Ali is alleged to be an officer.  Plaintiffs' Dec., Ex. 3.

Plaintiffs properly served Defendant.  Al-Ali summarily challenges Plaintiffs' service of process, without ever stating what was deficient about the service.  Motion at 3-4.  Service of process was made on Al-Ali on November 5, 2003, by Plaintiffs' process server, Nelson Tucker of Process Service Network.  The proof of service is attached to Plaintiffs' Dec. as Ex. 3.  The address for service on Al-Ali is proper since it was the official and only known address of the Defendant.  Plaintiffs were unable to locate any other address for Al-Ali.

The argument raised by Defendant is that the service published was not reasonably calculated to advise it of this lawsuit.  It is difficult to credibly argue that one has not received adequate notice of a lawsuit, when one has retained counsel, appeared and filed a motion to dismiss.  The Second Circuit stated the following in *S.E.C. v. Tome*, 833 F.2d 1086, 1089 (2nd Cir. 1987):

> To submit a party to the jurisdiction of a court, due process has long been held to require the giving of notice in such a manner that there can be little doubt that the party has actual notice of the claims in order to appear and defend.

In addition, as Justice Jackson stated:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314 (1950).  The question before the Court is whether service was "reasonably calculated" to notify Defendant of the suit against it.  Defendant's appearance in this case demonstrates that service was adequate.

The Second Circuit stated in *Tome*: "The 'reasonably calculated' analysis need not be relied on exclusively in this case because we are not dealing with the question of the adequacy of *constructive notice*."  *Tome*, 833 F.2d at 1089.  In this instance there is constructive notice, because Defendant has appeared to defend this action.  As the Supreme Court stated:   "the fundamental requisite of due process of law is the opportunity to be heard."  *Grannis v. Ordean*, 234 U.S. 385, 394 (1914).  The record in this matter establishes that Defendant did receive notice of the suit, understood that it had to hire counsel, and understood their rights because they instructed said counsel to file a motion to dismiss.  This demonstrates the adequacy of the notice by publication.  Justice Jackson succinctly summed up this matter when he wrote:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  *Milliken v. Meyer*, 311 U.S. 457 (1940); *Grannis v. Ordean*, 234 U.S. at 385; *Priest v. Las Vegas*, 232 U.S. 604 (1914); *Roller v. Holly*, 176 U.S. 398 (1900).  The notice must be of such nature as reasonable to convey the required information, *Grannis v. Ordean*, *supra*, and it must afford a reasonable time for those interested to make their appearance, *Roller v. Holly*, *supra*, and *cf. Goodrich v. Ferris*, 214 U.S. 71 (1909).  But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied.  'The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.'  *American Land Co. v. Zeiss*, 219 U.S. 47, 67 (1911); and *see Blinn v. Nelson*, 222 U.S. 1, 7 (1911).

*Mullane*, 399 U.S. at 314-15.

Without question, the service in this case accomplished the goal of informing Defendant Al-Ali of the instant action.

## V.    THE COMPLAINT ADEQUATELY ALLEGES VALID CAUSES OF ACTION AGAINST DEFENDANT, INCLUDING CAUSATION

### A.    THE PLAINTIFFS SUFFICIENTLY ALLEGE THE ELEMENTS OF ALL CLAIMS AGAINST DEFENDANT

Defendant's papers give lip service to challenging the TAC's causes of action without giving any reason why they fail to state a claim.  *See* Motion at 17.  Other than the single and unsupported statement that "[n]one of the eight counts of the 3AC states all the elements of a cause of action against" Defendant, there is no challenge to the TAC's legal sufficiency other than the argument advanced that it does not sufficiently allege causation.  *See* Motion at 17.  Why Defendant refers to the TAC as containing eight counts, when it in fact contains fifteen, is unclear, but what is clear is that there are no substantive legal challenges advanced as to any specific count.[8]  As to the one substantive issue raised, causation, Defendant misreads both the TAC and the relevant case law.

### B.    THE PLAINTIFFS ADEQUATELY ALLEGE CAUSATION

Defendant argues that the TAC fails to state a claim on any theory because it does not adequately allege proximate cause.  *See* Motion at 17-23.  The Defendant assumes, and incorrectly concludes, that the relevant inquiry for causation is whether "but for" the alleged wrongdoing, would the injury have occurred?  Motion at 18, citing *Holmes v. Securities Investor Protection Corp*. 503 U.S. 258 (1992).  A "but for" causation analysis is not relevant to the present case.

---

[8] RICO and negligence are given short, conclusory treatment, almost as an afterthought.  Motion at 23.  Plaintiffs, therefore, will not deal with these counts herein, but instead incorporate by reference prior arguments as to RICO and negligence issues.  *See* Plaintiffs' Memorandum of Law in Opposition to Motion of Abdulrahman Bin Mahfouz to Dismiss the Claims Against Him, MDL Docket #150, p. 21-23, Plaintiffs' Memorandum of Law in Opposition to Motion of Defendant Khalid Bin Mahfouz to Dismiss, *Burnett* Docket # 388.  The Defendant does not challenge the other common law or statutory claims advanced.

In situations where joint tortfeasors are involved, as here, there is no requirement that *all* defendants be the factual and proximate cause of the resulting damage.   , comment; *Summers v. Tice,* 33 Cal.2d 80, 199 P.2d 1 (Sup. Ct. Ca. 1948); *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1988).  The Restatement provides that "a person who encourages another to commit a tortious act may be responsible for other acts by the other" and provides an example in which a joint tortfeasor is liable for an act of which he is neither the factual or proximate cause.  Restatement (Second) of Torts Sect. 876(b).  A rigid but-for factual causation standard to assess liability is simply untenable, as the Supreme Court has recognized.

In *Price Waterhouse*, the Supreme Court addressed the standard of causation required by the words "because of" in Title VII of the Civil Rights Act.   490 U.S. at 228. The relevant language of the Anti-Terrorism Act, 18 U.S.C. § 2333, allows suit by any national "injured . . . by reason of an act of international terrorism."  18 U.S.C. § 2333. The statutory language "because of" means "by reason of."  *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 626 (1999) (Thomas, J., dissenting).   The Court in *Price Waterhouse* noted that "[t]o construe the words 'because of' as colloquial shorthand for 'but-for causation' . . . is to misunderstand them."  490 U.S. at 240.  In the typical but-for causation inquiry, "ask whether, even if that factor had been absent, the event nevertheless would have transpired in the same way."  *Id.* at 241.  *Price Waterhouse* alters the inquiry:  "the words 'because of' do not mean 'solely because of.'"  *Id*.

As stated, there is no difference in the meaning of "because of" as opposed to "by reason of" as both contemplate the same level of causation.  *Olmstead,* 527 U.S. at 626 (Thomas, J., dissenting).  Under the *Price Waterhouse* analysis, "by reason of" does not

mean "solely by reason of," nor does it require a plaintiff to show traditional but-for causation, as Defendant would require.  Using the *Price Waterhouse* test, if a plaintiff shows that the terrorist organization that injured him was funded at least in part by the defendant, them he succeeds in showing that he was injured "by reason of" the funding, though others may have also funded the act.

   *Price Waterhouse* illustrates this interpretation of the causation requirement where joint tortfeasors are involved:

> Suppose two physical forces act upon and move an object, and suppose the either force acting alone would have moved the object.   As the dissent would have it, *neither* physical force was a 'cause' of the motion unless we can show that but for one or both of them, the object would not have moved; apparently both forces were simply 'in the air' unless we can identify at least one of them as a but-for cause of the object's movement. Events that are causally over-determined, in other words, may not have any 'cause' at all.  This cannot be so.

490 U.S. at 241.

   This example is particularly applicable to the complex funding of terrorist organizations, and it comports with the well-settled law of joint torts.  W. Page Keeton, Prosser & Keeton, Torts 323 n.7 (5th Ed., 1984) (internal citations omitted).  From a practical perspective, it would be difficult, if not impossible, for a plaintiff to carry its burden of proving that a monetary contribution of material support to a terrorist organization, after passing through several money laundering channels to an overseas terrorist organization, was used to finance, ultimately, the violent acts that form the basis for the suit.  In addition, sections 2339A and 2339B, which provide criminal penalties for providing material support to terrorists, do not require that the support be proximately related to a violent act.  18 U.S.C. § 2339A (1994) and 2339B (1996).  The financing of terror is a complicated process by design, as the *Boim* court recognized:

14

> The money flows through a series of complicated transactions, changing hands a number of times, and being co-mingled with funds from the front organizations' legitimate charity and business dealings. The funds are laundered in a variety of ways, including through real estate deals and through Swiss bank accounts.

*Boim*, 291 F.3d at 1004.

As the *Humanitarian Law Project* court noted "terrorist organizations do not maintain open books" and there may be no practical means of tracking general material support to a specific attack. *Humanitarian Law Project v. Reno*, 205 F.3d 1130, 1136 (9th Cir. 2000). Clearly, such a result is not what was intended by Congress in enacting 18 U.S.C. § 2333. Indeed, in Congressional findings accompanying the passage of the criminal component to Section 2333, Congress found that "foreign organizations that engage in terrorist activity are so tainted by their criminal conduct that any contribution to such an organization facilitates that conduct." Pub. L. No. 104-132, Sect. 301(a)(7), 110 Stat. 1214 (1996). A logical conclusion to such a finding eliminates any proximate or factual cause requirement: "All material support given to such organizations aids their unlawful goals." *Humanitarian Law Project*, 205 F.3d at 1136. The defect in a but-for causation standard is also articulated in *Halberstam*:

> As to the extent of liability, once the conspiracy has been formed, all its members are liable for injuries caused by acts pursuant to or in furtherance of the conspiracy. A conspirator need not participate actively in or benefit from the wrongful action in order to be found liable. He need not even have planned or known about the injurious action . . . so long as the purpose of the tortious action was to advance the overall object of the conspiracy.

*Halberstam v. Welch*, 705 F.2d 472, 481 (D.C. Cir. 1983).

As a logical result of this holding, the Defendant need not provide material support in furtherance of the particular tort committed, provided the tort is within the

overall scope of the conspiracy.  Here, the harming of innocents residing in the United States was well within the scope of the conspiracy, even if the Defendants can proclaim they did not know the ultimate time and place of attack.  The language of the statute pled here in Count Three clearly contemplates "the type of aide provided rather than whether is substantial or considerable . . . Even small donations made knowingly and intentionally in support of terrorism may meet the standard for civil liability in section 2333."  *Boim*, 291 F.3d at 1015; TAC, Count Three.  Moreover, the intent requirement can be imputed from a showing of a general awareness of the criminal activity and a provision of some material support.  *See Halberstam*, 705 F.2d 472; *Boim*, 291 F.3d 1000.

## VI.   CONCLUSION

This Court has personal jurisdiction over Defendant by virtue of 1) Plaintiffs' allegations and *prima facie* showing that the conduct Defendant engaged in or supported was purposefully targeted at the United States; and 2) his general minimum contacts and business dealings in the United States.   Service of process on Defendant was demonstrably adequate, as evidenced by his counsel's appearance and this Motion to Dismiss on his behalf.  Moreover, the Complaint and the More Definite Statement make sufficient general and specific allegations against Defendant to satisfy Rule 8 and 12. The claims against Defendant have been adequately alleged, including causation.  For the reasons stated herein, the Defendant's Motion to Dismiss is without basis and should be denied.

New York, New York                    Respectfully submitted,

Dated:  June 4, 2004

/S/
_____

Ronald L. Motley, Esq. (SC-4123)
Jodi Westbrook Flowers, Esq. (SC-66300)
Donald A. Migliori, Esq. (RI-4936; MA-567562;
   MN-0245951)
Michael E. Elsner, Esq. (NY & VA-ME8337)
William H. Narwold, Esq. (NY-WN1713)
Ingrid L. Moll, Esq. (CT-21866 & NY-IM3949)
Robert T. Haefele, Esq. (NJ-58293; PA-57937)
Elizabeth Smith, Esq.
Justin B. Kaplan, Esq. (TN-022145)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone:  (843) 216-9000

Jayne Conroy, Esq. (NY-JC8611)
Paul J. Hanly, Jr., Esq. (NY-PH5486)
Andrea Bierstein, Esq. (NY-AB4618)
HANLY CONROY BIERSTEIN
   & SHERIDAN, LLP
415 Madison Avenue
New York, NY 10017-1111
Telephone:  (212) 401-7600

William N. Riley, Esq. (IN - 4941-49)
Amy Ficklin DeBrota, Esq. (IN - 17294-49)
RILEY DEBROTA LLP
3815 River Crossing Parkway, Suite 340
Indianapolis, IN 46240
Telephone:  (317) 848-7939

Harry Huge, Esq. (DC-55640)
HARRY HUGE LAW FIRM, LLP
Market Square North
401 Ninth Street, N.W., Suite 450
Washington, DC 20004
Telephone:  (202) 824-6046

Allan Gerson, Esq. (DC-327494)
ATTORNEY AT LAW
4221 Lenore Lane
Washington, DC 20008
Tel:  (202) 966-8557

17

Chip Robertson, Esq.
Mary Winter, Esq.
BARTIMUS, FRICKLETON, ROBERTSON
   & OBETZ
200 Madison Avenue, Suite 1000
Jefferson City, MO 65101
Telephone: (573) 230-4665

Jack Cordray, Esq. (SC-1400)
CORDRAY LAW FIRM
40 Calhoun Street
Charleston, SC 29401
Telephone: (843) 577-9761

Attorneys for Plaintiffs