UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                         :
In Re: Terrorist Attacks on September 11, 2001  :   MDL No. 1570
                                         :   ECF Case
------------------------------------------------------------x

*This Document Relates To:*
------------------------------------------------------------x
Federal Insurance Co., *et al.*,                   :

              Plaintiffs,                             :

       - against -                             :   03 Civ. 6978 (RCC)

Al Qaida, *et al.*,                              :

              Defendants.                         :
------------------------------------------------------------x
Richard Conway Casey, U.S.D.J.

## MEMORANDUM OPINION AND ORDER

    Federal Insurance Company and several other insurance companies, (collectively, "Plaintiffs") move to effectuate service of process by alternative means on certain defendants in Federal Ins. Co. v. Al Qaida, 03 Civ. 6978 (RCC), which is part of the multidistrict litigation In Re: Terrorist Attacks on September 11, 2001, 03 MD 1570 (RCC).

    Specifically, Plaintiffs move for leave to serve process, with the assistance of the United States Department of Justice, on certain individuals allegedly in U.S. custody and on certain defendant foreign terrorist organizations ("FTOs") through representatives of those organizations who are allegedly in U.S. custody. Additionally, Plaintiffs move for permission to serve individuals incarcerated in foreign states by sending the summons and complaint via

1

international registered mail to the ministry of justice in that state.

Upon learning of Plaintiffs' motions, the United States Government ("Government") filed a statement of interest, arguing that Plaintiffs' requests for relief compromise national security interests and that the relief requested is precluded by the doctrine of sovereign immunity.

## A. Propriety of Service of Process with the Assistance of the Justice Department

### 1. Individuals

Plaintiffs seek to serve individual defendants allegedly in U.S. custody by requesting that the Attorney General deliver copies of the Summons and Complaint to those individuals. Delivery of a summons and complaint to a prisoner by a prison employee is considered effective service on that prisoner. United States v. Letscher, 83 F. Supp. 2d 367, 380 (S.D.N.Y. 1999). Accordingly, the Court finds that service of a summons and complaint on individual defendants in U.S. custody by an employee of the Justice Department is sufficient to effect service on that defendant.

### 2. Foreign Terrorist Organizations

Plaintiffs seek to serve defendants Al Qaida, Egyptian Islamic Jihad, Jemaah Islamiyah, and Ansar Al-Islam (collectively, "foreign terrorist organizations" or "FTOs") by serving the summons and complaint on specified incarcerated individuals who are allegedly senior officials of those organizations and are therefore qualified to accept service on behalf of the FTOs. Plaintiffs seek serve process on (1) al Qaida and Egyptian Islamic Jihad through service on Khalid Sheik Mohammed, Abu Zubaydah, and Ramzi Binalshibh; (2) Jemaah Islamiya through service on Nurjaman Riduan Ismudin; and (3) Ansar Al-Islam through service on Huam al-Yemeni. Plaintiffs assert that these individuals are currently in United States custody.

2

Rule 4(h) of the Federal Rules of Civil Procedure provides, in relevant part, that service on a domestic or foreign corporation or upon a partnership or other unincorporated association may be effected in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ."

Whether an individual is a managing or general agent for the purposes of service on an organization depends on the factual circumstances surrounding that person's authority within the organization. Legend Industries v. C.P.P. Corp., 49 B.R. 935, 937 (Bankr. E.D.N.Y. 1985); Insurance Co. of N. America v. S/S "Hellenic Challenger", 88 F.R.D. 545 (S.D.N.Y. 1980). Plaintiffs have submitted numerous media reports and government documents in support of their claim that these individuals are senior officials of the respective FTOs. The Court is satisfied that the named individuals have sufficient authority within their respective organizations to render them suitable to accept service on behalf of those organizations. Thus, delivery of the summons and complaint to these individuals by an employee of the Justice Department would be sufficient to effect service.

## B. Concerns Raised by the Government

The greater concern raised by Plaintiffs' request is that the United States Government refuses to disclose whether many of these individuals are currently in U.S. custody. The Government has repeatedly insisted that the identity of individuals detained by the U.S. in connection with the war on terrorism is sensitive information that could have negative consequences on U.S. national security; thus it has resisted public disclosure of this information.

The Government argues that effecting service on detained individuals would cause their

3

identities to be revealed, which would have a damaging effect on national security. The Government cites Plaintiffs' proposed Declaration of Service of Process which the Attorney General would publicly file upon completion of service of process as evidence of this threat, because it would set forth the names of those individuals who had been served, thereby disclosing which individuals are in U.S. custody and which are not. This Court defers to the judgment of the executive branch with respect to issues of national security, and agrees with the conclusions of the Third and D.C. Circuits in upholding the Government's determination to not reveal the names of detainees in connection with September 11 and the war on terror. Center for Nat'l Sec. Studies v. DOJ, 331 F.3d 918, 925-37 (D.C. Cir. 2003); North Jersey Media Group, Inc. v. Ashcroft, 308 F.3d 198, 199-203 (3d Cir. 2002).

The Government has already confirmed that 10 of the 23 defendants named in connection with Plaintiffs' motions are currently in custody with the Federal Bureau of Prisons or the U.S. Marshal's Service and has stated that it would assist Plaintiffs in facilitating service of process on these defendants.[1] To the extent that the Government chooses to effectuate service on those defendants in custody, this Court will recognize such service as sufficient. This Court will not, however, order the Government to serve those 10 defendants. Nor will it order the Government to disclose whether the remaining 13 defendants are in U.S. custody. To the extent that the Government chooses not to effectuate service on the 10 defendants acknowledged to be in custody, and as to the remaining 13 defendants, service by publication is approved as an

---

[1] The Department of Justice acknowledged that the following defendants are currently in U.S. custody: Abdurahman Alamoudi, Ahmed Ressam, Enaam M. Arnaout, Mamdouh Mahmud Salim, Mohammed Ali Hasan Al Moayad, Mohammed Sadeek Odeh, Wadih El-Hage, Wali Khan Amin Shah, Zacarias Moussaoui, and Mohammed Mohsen Yahya Zayed.

4

acceptable alternative. The Plaintiffs should provide this Court with specific proposals of service by publication if they choose this alternative.

## C. Service on Defendants in the Custody of Foreign States

Plaintiffs propose to serve defendants incarcerated in foreign states by sending a copy of the summons and complaint, together with a request from this Court, via international registered mail to the foreign state's ministry of justice. These foreign states include Spain, Italy, Germany, Pakistan, and the United Kingdom. (Sommi Aff. ¶ 17.) Plaintiffs infer that other states may be included in this list; however, they do not explain why these other countries were not disclosed to the Court.

Where two countries are parties to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Criminal Matters ("Hague Service Convention" or "Convention"), service of process must be made pursuant to one of the methods set forth in the Convention. See Volkswagenwerk AG v. Schlunk, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies."); Silver Top Ltd. v. Montery Indus., 1995 WL 70599 (Feb. 21, 1995) ("Rule 4(f)(1) provides that where there is a treaty with a foreign nation, service of process must be effected by the means provided in the treaty.").

Here, Plaintiffs' proposed method of service complies with the requirements set forth in Article X of the Convention. Article X provides, in relevant part:

> Provided the State of destination does not object, the present Convention shall not interfere with
> . . . .
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

5

The Court finds that Plaintiffs' proposed method of service complies with the Hague Service Convention. Therefore, Plaintiffs' motion to effect service in this manner is granted.[2]

### III. Conclusion

Plaintiffs' motion to effect service on incarcerated defendants in U.S. custody with the assistance of the Department of State is GRANTED insofar as the Court will recognize such service as valid. However, the Court will not order the Justice Department to assist with such service; nor will it order the Government to disclose the names of individuals who are currently in custody, but whose incarceration has not been made public by the Government. Any defendants in United States custody whose status has not been disclosed may be served by publication. Finally, Plaintiffs' motion to serve defendants incarcerated by a foreign state that is a signatory to the Hague Service Convention by sending a summons and complaint to that state's ministry of justice is GRANTED.

Dated:    June 10, 2004
             New York, New York

SO ORDERED.

_____
Richard Conway Casey, U.S.D.J.

---

[2] The Court is concerned with Exhibit C of Michael Sommi's Affidavit, which contains a proposed request by this Court to a foreign ministry to effect service. The proposal directs the foreign minister to execute a document confirming service on an incarcerated defendant. The Court has no problem requesting a foreign official to execute such a document, but it will not order such response.