

MOTLEY RICE LLC — ATTORNEYS AT LAW

RONALD L. MOTLEY (SC)
JOSEPH F. RICE (SC)
ANN K. RITTER (SC, TN)
JOHN E. McCONNELL, JR. (RI, MA, SC, DC)
WILLIAM H. NARWOLD (CT)
ALLARD A. ALLSTON III (SC)
JOHN E. HERRICK (SC, MD)
EDWARD B. COTTINGHAM, JR. (SC)
M. ERIC BOTLER (SC)
ROBERT J. McCONNELL (RI, MA)
FREDERICK C. BAKER (SC, NY)
FRED THOMPSON, III (SC)
JODI WESTBROOK FLOWERS (SC)
PAUL T. DONNELLY (SC)
DONALD A. MIGLIORI (RI, MA, MN)
ANNE McGINNESS KEARSE (SC)
JEFFREY S. THOMPSON (TX)
MARY E. S. (JESS) (MA, DC, MP)
SAMUEL B. COCHRAN, JR. (SC, NC)
(OF COUNSEL)
MILES LOADHOLT (SC)
T. TERRY POOLE (SC)
LAURIE J. LOVELAND (1968-2002)
DONNI F. YOUNG (LA)
ROBERT T. HAEFELE (NJ, PA)
SHELLY A. MENDY (SC, VA)
V. BRIAN BEVON (SC)
JAMES M. HUGHES (SC)
RHETT D. KLOK (SC, DC, LA, TX, NM)
FREDERICK J. JEKEL (SC)
THEODORE H. HUGE (SC, VA, DC)
JOHN E. GUERRY, III (SC)
COLLEEN C. FITZPATRICK (RI, MA, NY, DC)
CHRISTY THORNTON (SC, IL, CO)
SUZANNE LABRESE KLOK (SC, DC, LA, TX, NM)
CINDY ANN SOLOMON (SC)
WM. MICHAEL GREENTON (SC)
DAVID P. BEVON (SC)
MICHAEL E. ELSNER (VA, NY)
VINCENT L. GREENE, IV (RI)
MARION F. KIMPSON (SC)
STACEY E. FALTER (AL, MN)
INGRID L. MOLL (CT)
SCOTT M. GALANTE (LA)
KIMBERLY D. BAKONI (SC, CA)
ELIZABETH SMITH (SC)
JAMES W. LEDLIE (SC)
MICHAEL G. ROUSSEAU (CA, MA)
LYNN SETTLE JAKES (SC)
BADGE HUMPHRIES (TX)
AGLEN L. SPRAGUE (RI)
JOHN A. BADEN, IV (SC)
E. CLAIRE XIDIS (SC, NY, DC)
WILLIAM E. APPLEGATE, IV (SC)
JUSTIN B. KAPLAN (TN)
ADAM J. MARCHUK (IL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-18-04

**BY HAND**

June 1, 2004

Hon. Richard Conway Casey
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

Re:    *In re Terrorist Attacks of September 11, 2001*, MDL 1570

Dear Judge Casey:

I write on behalf of the *Burnett* plaintiffs in response to the May 21, 2004, letter from Ronald Liebman asking this Court to strike "Plaintiffs' Memorandum of Law in Support of Their *Prima Facie* Showing of Personal Jurisdiction and in Opposition to Defendants' Challenges to Personal Jurisdiction" (the "Jurisdictional Brief"). For the reasons set forth below, this Court should not strike the Jurisdictional Brief. Before turning to the merits of Mr. Liebman's argument, however, I note that Mr. Liebman's request ought to have come in the form of a motion to strike. Other counsel have noted to the Court the growing tendency in this case for counsel to by-pass the formality of a motion and seek relief through letters instead. Because of the lack of a fixed response time to a letter, I add my voice to those who have already asked the Court to address this problem, perhaps by limiting to scheduling, requests for pre-motion conferences, and other housekeeping matters the kinds of relief that can be sought by letter.

In submitting the Jurisdictional Brief, plaintiffs are attempting to avoid the kind of repetition about which this Court has admonished the parties in this case. Many of the motions to dismiss that have been filed raise similar jurisdictional issues. After briefing these issues several times, plaintiffs became aware that their responses to many of these motions turned on application of the identical legal theory of personal jurisdiction. Rather than repeat this argument in each and every memorandum of law in opposition to each motion to dismiss, plaintiffs sought to present their arguments one time and then refer to, and incorporate by reference, that argument in each motion to which it is applicable. In this way, plaintiffs expect that

www.motleyrice.com

MT. PLEASANT
28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

BARNWELL
1750 JACKSON ST.
P. O. BOX 365
BARNWELL, SC 29812
803-259-8800
800-209-6048 FAX

PROVIDENCE
321 SOUTH MAIN ST.
2ND FLOOR
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

NEW ORLEANS
1555 POYDRAS ST.
SUITE 1700
NEW ORLEANS, LA 70112
504-648-4480
504-648-4300 FAX

Hon. Richard Conway Casey
June 1, 2004
Page 2

the Jurisdictional Brief will shorten the opposition papers filed with respect to each motion and will avoid needless repetition in each opposition of what is essentially the same argument.

Mr. Liebman offers four reasons for his request that the Court strike Plaintiffs' Jurisdictional Brief; none can withstand scrutiny. *First*, Mr. Liebman contends that the Jurisdictional Brief is an improper sur-reply with respect to those motions that were fully briefed before the Jurisdictional Brief was filed. This objection is based on a misunderstanding. Plaintiffs do not intend the Jurisdictional Brief to apply retroactively to motions already fully briefed, but rather intended to submit the Jurisdictional Brief only in connection with (a) the various oppositions to motions to dismiss filed on May 14, 2004 with the Jurisdictional Brief; and (b) oppositions to motions to dismiss that may be filed hereafter and that refer to it and/or incorporate it by reference. (Plaintiffs recognize that because of the way the ECF system is set up, this may not have been clear from the filing of the brief and apologize for any confusion caused by their selection of ECF system filing options.) Plaintiffs' opposition papers to motions filed prior to this round of briefing contain their own discussion of plaintiffs' theory of personal jurisdiction and plaintiffs stand by those papers. The Jurisdictional Brief is no more an improper sur-reply in those motions than is any other briefing in any of the subsequent motions that re-visit issues touched on earlier.

*Second*, Mr. Liebman claims that in filing the Jurisdictional Brief, plaintiffs have improperly given themselves double the number of pages allocated to their response. But the purpose of the Jurisdictional Brief is to *reduce* the total number of pages filed, not increase it. Indeed, many of the briefs that plaintiffs filed on May 14 were considerably less than 25 pages, because the jurisdictional question was covered elsewhere and not repeated. (For example, plaintiffs' opposition to the motion to dismiss filed by Turki al-Faisal was only 21 pages; the *Burnett* plaintiffs' opposition to the motion filed by Wael Jelaidan was 17 pages.) Moreover, defendants have in effect obtained extra pages for their briefing by incorporating by reference arguments made in other briefs. Indeed, on the first page of the memorandum of law filed by defendant National Commercial Bank ("NCB") in support of its motion to dismiss the *Ashton* complaint (a brief, I note, that was signed by Mr. Liebman), NCB incorporates by reference its moving and reply memoranda in support of its motion in the *Burnett* action (totaling 86 pages) *and* adopts the arguments in the contemporaneously-filed motion to dismiss of Sultan bin Abdulaziz (an additional 25 pages), which itself incorporates Prince Sultan's prior briefing in *Burnett* (another 103 pages). Apparently, streamlining briefing by incorporating (rather than repeating) arguments made elsewhere is improper only when practiced by plaintiffs.

Hon. Richard Conway Casey
June 1, 2004
Page 3

*Third*, Mr. Liebman contends that extrinsic evidence on the question of personal jurisdiction cannot be submitted *en masse*. This is silly. If the same evidence is applicable to multiple defendants, surely there can be no reason to require plaintiffs to submit a separate copy of it on each motion. Plaintiffs argue that certain defendants can be deemed to have directed their conduct at the United States because they knowingly supported al Qaeda and al Qaeda had publicly announced that its target was the United States. It should be self-evident that the evidence supporting the second prong of this argument would be common across many of the defendants. Each specific opposition brief discusses jurisdiction in the context of that particular defendant and plaintiffs have not hesitated to submit additional evidence, applicable to a particular defendant, where appropriate. *See, e.g.,* Affirmation of Andrea Bierstein in Opposition to Sultan bin Abdulaziz al-Saud's Motion to Dismiss Certain Consolidated Complaints, and exhibits thereto. But where evidence is common, submission in an omnibus filing is in no way improper.

*Finally*, Mr. Liebman claims that plaintiffs may not make an omnibus request for jurisdictional discovery. Even if this were so, it would provide no basis to strike the Jurisdictional Brief; it is, rather, a point of opposition. But plaintiffs have not filed an omnibus motion for leave to take jurisdictional discovery. Rather, in connection with the Jurisdictional Brief, they have argued that jurisdictional discovery to obtain additional facts would be appropriate. They have also, *in the context of specific motions*, requested jurisdictional discovery, *see, e.g.*, Plaintiffs' Memorandum of Law in Opposition to Defendant International Islamic Relief Organization's Motion To Dismiss the Third Amended Complaint (*Burnett*) at p. 15; Plaintiffs' Memorandum Of Law In Opposition To Prince Mohammed Al Faisal Al Saud's Motion To Dismiss (*Ashton*) at p. 24; Plaintiffs' Consolidated Memorandum Of Law In Opposition To Motion Of Defendant Turki Al-Faisal Bin Abdulaziz Al-Saud To Dismiss And To Quash Service (multiple actions) at p. 21 n.12. Because plaintiffs have requested jurisdictional discovery specifically where appropriate, there can be no objection to them gathering in a central briefing the arguments on this point applicable to multiple defendants.

For all these reasons, and in the interests of promoting efficiency in the briefing of the remaining motions to dismiss, plaintiffs respectfully urge this Court not to strike the Jurisdictional Brief.

Respectfully,

Jodi Westbrook Flowers

cc: All Counsel (via email or fax)

*[handwritten note:]* The Plaintiffs' May 14 Jurisdictional Brief (MDL #154) shall be stricken. The Plaintiffs can present the arguments raised in the jurisdictional brief in their briefs in opposition to defendants' motions to dismiss. The court's page limitations must be adhered to.
So ordered

Richard Casey
6/15/04