**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) ) ) ) | 03 MDL No. 157 (RCC) |
| THOMAS E. BURNETT, SR., *et al.*, Plaintiffs, v. AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 03 CV 9849 (RCC) |

**REPLY MEMORANDUM OF LAW OF DR. SULAIMAN AL-ALI (D-14)
IN SUPPORT OF HIS MOTION TO DISMISS THE THIRD AMENDED
COMPLAINT AND MOTION TO STRIKE MORE DEFINITE STATEMENT**

Plaintiffs' Opposition ("Opp.") to Al-Ali's Motion to Dismiss (MTD) depends entirely on gross misrepresentations and misplaced allegations and respectfully moves this Court to strike the More Definite Statement filed in the above-styled case on June 4, 2004. *See In Re: Terrorist Attacks on September 11, 2001* Notice of Plaintiffs' More Definite Statement As To Defendant Sulaiman Al-Ali, Docket #216, filed June 4, 2004. Plaintiffs' Third Amended Complaint ("3AC") alleges facts that do not sufficiently show that Al-Ali sponsored al Qaeda or engaged in a conspiracy to commit the horrendous attacks of September 11 and plainly fails to state facts to establish a cause of action on any of its eight applicable and relevant Counts.[1] The factual allegations in the 3AC are wholly insufficient to support personal jurisdiction or to state a claim on any of Plaintiff's

---

[1] Plaintiffs assert in *Opp*. p. 22 that the 3AC alleges 15 counts. While accurate, seven claims are precluded from reply by Al-Ali, *viz.*, two involving foreign state actors, and the three RICO and two common law negligence and emotional distress claims that were dismissed earlier in the case against another Defendants for reasons that apply to all Defendants. See Burnett v. Al Baraka, 274 F. Supp. 2d 86 at 111 (D.D.C. July 25, 2003).

1

counts, Al-Ali was not properly served and plaintiffs cannot avoid dismissal by making allegations outside their proper context and burying the Court in attachments rife with factual errors and improperly pleaded.

### I. PLAINTIFFS' ENTIRE OPPOSITION ARGUMENT RELIES ON MISREPRESENTATION OF FACTS TAKEN OUT OF CONTEXT IN THE 3AC.

Plaintiffs' Opposition (*Opp*.) misrepresents and takes out of contexts numerous conversations and facts, relying entirely on these misrepresentations for its legal argument. Nothing in the 3AC directly and properly connects Al-Ali with terrorism, the September 11 attacks, or (except incidentally) the United States, the District of Columbia or New York, and this Court must dismiss the claims against him for (1) lack of service, (2) lack of personal jurisdiction and (3) failure to state a claim on any theory.

Plaintiffs' misrepresentations of the 3AC fail for the following reasons:

*First*, plaintiffs repeatedly assert that Al-Ali funded al Qaeda through the mysteriously ambiguous and out of context allegations as an official of a charity and alleged business partner of Soliman Biheiri. While these allegations were never properly pleaded in the 3AC, in the absence of the Court's leave to amend the 3AC, Plaintiffs seek to bootstrap these inconsistent allegations. The biggest example of Plaintiffs' misrepresentations lies in its allegations of links of Al-Ali to terrorism through his connection to the International Islamic Relief Organization (IIRO), even though the circumstantial "evidence" provided fails to show any proven link of IIRO or IRO to terrorist activity. The only criminal case against Soliman Biheiri ended with no showing of support of terrorism of any kind by him or Dr. Al-Ali, despite the detailed assertions by federal prosecutors.[2]

*Second*, Plaintiffs seek to cast aspersions on Dr. Al-Ali by seeking to amend the 3AC without leave of Court through a More Definite Statement. Taken separately, it is rife with factual errors and relies on long-discredited associations in order to confuse the

---

[2] *See US v. Biheiri,* 299 F. Supp. 2d 590 (E.D. Va. 2004).

2

issue at hand, namely, the dismissal of this frivolous lawsuit. Notwithstanding its falsehoods, the Court should strike it for the reasons set forth below.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER AL-ALI.

Due to the Court's requirement for Plaintiff to argue its personal jurisdiction merits in each pleading rather than rely on a *pro forma* argument from prior pleading(s), Al-Ali simply repeats his assertions from the *MTD*. *See* Endorsed Letter to Judge Casey from Plaintiff's Counsel Jodi W. Flowers, MDL 1570, Docket 251, filed June 18, 2004. Namely, that Plaintiffs claim that Al-Ali "purposefully directed his actions and conduct at the residents of the United States by aiding and abetting, conspiring with, or materially supporting al Qaeda and Osama bin Laden, whose stated purpose was targeting the United States." But the allegations of the 3AC are so far-fetched, inconsistent and out of context, simply stating the legal standard and then asserting that the 3AC meets it does not cause personal jurisdiction to magically attach. Their long argument about the meaning of "expressly aimed" is irrelevant, because they allege no pertinent facts.

To make a prima facie showing of personal jurisdiction, plaintiffs must plead "legally sufficient allegations of jurisdiction." *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). They must plead *facts*. *See id.* at 185 (non-fact-specific allegations are insufficient to establish prima facie jurisdiction); *see also Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997). They cannot rely on conclusory assertions—and certainly not on bald misrepresentations of their complaint. *See Jazini*, 148 F.3d at 184 ("conclusory statement" of the legal standard for personal jurisdiction does not make a prima facie showing; plaintiff must allege facts supporting the conclusion); *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) (conclusory allegations insufficient to establish personal jurisdiction). The factual allegations in the 3AC fall woefully short. The 3AC alleges that Al-Ali is affiliated with the International Islamic Relief Organization (IIRO). 3AC ¶ 248. As explained in Al-Ali's Motion to Dismiss ("MTD"), there is no allegation that this charity had anything to do with September 11, or that Al-Ali knew of any such connection. The 3AC's allegations would obviously be insufficient to show that the charity committed any wrong or that it was "expressly aimed" at the United States, let alone that officials of the charity

3

did so. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *Shaffer v. Heitner*, 433 U.S. 186, 215-16 (1977).

In the *Burnett* action, Judge Robertson applied this "expressly aimed" standard (which comes from *Calder v. Jones*, 465 U.S. 783, 789 (1984)), to claims that Prince Sultan, in his nonofficial capacity, "personally donated money to [certain charities], knowing that those foundations funded terrorist organizations including Al Qaeda." Judge Robertson dismissed for lack of personal jurisdiction, ruling that the complaint "stops well short of alleging that Prince Sultan's actions were 'expressly aimed' or 'purposefully directed' at the United States." *Burnett*, 292 F. Supp. 2d 9, 22-23 (D.D.C. 2003). The factual allegations against Al-Ali fall far short of those Judge Robertson deemed *insufficient* to establish minimum contacts in *Burnett*.

Plaintiffs' conclusory assertions that all defendants are co-conspirator[s] who conspired to injure United States citizens (3AC ¶ 678, 679) are also insufficient. Plaintiffs' theory is that since a terrible tort was indeed committed in the United States, they need only assert that Al-Ali conspired with the tortfeasors. That theory has been explicitly rejected by the Second Circuit. *See Lehigh Valley Indus., Inc.*, 527 F.2d at 93 ("[T]he bland assertion of conspiracy … is insufficient to establish [personal] jurisdiction."); *Stauffacher v. Bennett*, 969 F.2d 455, 460 (7th Cir. 1992) (Posner, J.) ("cases are unanimous that a bare allegation of a conspiracy" between the defendant and a person within the jurisdiction is not enough to establish personal jurisdiction). The 3AC paragraphs that plaintiffs cite as supporting their horrendous but wholly unfounded claim that "aiding and abetting, conspiring with, or materially supporting al Qeada and Osama bin Laden, whose stated purpose was targeting the United States" demonstrate the reprehensible way they have misrepresented the Defendant. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986) citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd on other grounds*, 460 U.S. 325 (1983); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2 nd Cir.), *cert. denied,* 513 U.S. 1079 (1994)("[T]he well pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not." ). *Hirsch v. Arthur Andersen & Co.*, 72 F.3d

1085, 1088 (2 nd Cir. 1995) (conclusory allegations of the legal status of defendant's acts need not be accepted as true for the purpose of ruling on a motion to dismiss). Plaintiffs' showing consists of incorporation filings by Al-Ali and allegations of trips, but nothing to meet the threshold of minimum contacts, as argued in the MTD.

Plaintiffs do not and could not allege that Al-Ali currently has any office, solicits business, owns property, has employees or satisfies any of the bases courts use to determine whether a defendant is "doing business" in the District of Columbia or New York. *See, e.g., Hoffritz Cutlery Inc.*, 763 F.2d at 58 (identifying indicia). *See also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 411-12, 416-18 (1984) (purchases in forum state, sending personnel for training in forum state, and negotiating a contract in forum state were not sufficient to establish the "continuous and systematic" contacts necessary to establish general personal jurisdiction); *Bersch v. Drexel Firestone Inc.*, 519 F.2d 974, 998 (2d Cir. 1975) (buying and selling American securities not sufficient to establish defendant was "doing business" in the United States); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569 (2d Cir. 1996) (for general personal jurisdiction, relevant contacts with forum are evaluated over a "reasonable period of years" and six years was found reasonable); *Burnett*, 292 F. Supp. 2d at 21 (describing as "desultory," and rejecting, plaintiffs' attempt to establish personal jurisdiction based on speaking engagements, undergraduate study, or temporary visits to the U.S.).

### III. THE THIRD AMENDED COMPLAINT FAILS TO STATE ANY CLAIM AGAINST AL-ALI UPON WHICH RELIEF CAN BE GRANTED.

Stripped of plaintiffs' misrepresentations, the 3AC utterly fails to state a legally sufficient claim against Al-Ali. As the *MTD* showed, each of plaintiffs' legal theories requires them to allege that Al-Ali proximately caused their injuries. But the only facts plaintiffs allege in the 3AC to try to tie Al-Ali to 9/11 are vague, guilt by association and out of context musings which betray a fundamental misunderstanding of history and facts. As stated in the *MTD*, their assertions are obviously insufficient to state a claim against Al-Ali: they establish neither that the alleged charity was involved in any wrongdoing, nor that 9/11 or any other event was a consequence of those entities, nor that Al-Ali intended any such consequence. Plaintiffs' failure to allege a prima facie basis for personal jurisdiction also precludes subjecting Al-Ali to jurisdictional discovery. *See*

5

*Jazini*, 148 F.3d at 185-86 (plaintiffs must allege facts making a prima facie showing of personal jurisdiction before being entitled to jurisdictional discovery); *Burnett*, 292 F. Supp. 2d at 22 (denying jurisdictional discovery because plaintiffs failed to provide an outline of how their showing of minimum contacts might be enhanced by jurisdictional discovery). *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1011 (7th Cir. 2002).

S*econd*, the alleged funding is not alleged to have had anything to do with the hijackers (or any other activity). The *Boim* court ruled that even an allegation of a direct payment of cash to a known terrorist organization (Hamas) did not establish that the payment was a proximate cause of a death at Hamas's hands. 291 F.3d at 1012. On the contrary, the *Boim* plaintiffs were required to allege facts to show, at "the very least," that the murder of their son was "reasonably foreseeable" as the "natural consequence" of the alleged donation. *Id.* The 3AC alleges *nothing* that would proximately connect the alleged but wholly undescribed "account" with plaintiffs' injuries. *See* MTD at 16- 17. Plaintiffs erroneously assert that Al-Ali's only Rule 12(b)(6) argument is that plaintiffs have not properly pleaded causation. Although it is true that plaintiffs have failed to properly allege causation, and that all plaintiffs' claims fail for that reason, the individual claims each fail for other reasons as well. Plaintiffs' allegations are therefore far short of those deemed insufficient in *Boim*.

*Third*, there is no allegation that Al-Ali had any responsibility for the alleged funding or knowledge of its use. *Boim* also held that, to survive a motion to dismiss, a plaintiff must plead facts showing that the defendant *knew or intended* that any funds or "financial support" would be put to criminal use. *Boim*, 291 F.3d at 1012. Plaintiffs' abstract assertions about the nature of sponsoring terrorist activities do not establish that Al-Ali was responsible for funding terrorism and the September 11th attacks. *Cf. Jazini*, 148 F.3d at 185 (argument that Japanese "cultural attributes" and "peculiarly centralized character" should influence evaluation of parent's control over subsidiaries were "speculative and conjectural"). Charity officials, like bank chairmen, who practice Islam are no more capable of knowing every action or program than Christians or Jews.

Plaintiffs' entire argument consists of listing a series of out-of-context misstatements, then asserting that the 3AC alleges the elements of its cause of action. But nothing in the 3AC suggests (1) that Al-Ali knowingly provided support to al Qaeda

6

to conduct the September 11 attacks or commit acts of terrorism; the Court must disregard factual assertions in the Opposition that are not grounded in the 3AC. *See Freidl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000); *Maldonado v. Dominguez*, 137 F.3d 1, 5 (1st Cir. 1998); (2) that 9/11 was a foreseeable or natural or probable consequence of his various roles; and (3) that there is any basis for holding Al-Ali liable for actions of persons allegedly related to any charity or business he helped or funded. The allegation in the 3AC—that someone in charity where Al-Ali held some official position—is plainly insufficient to state a claim against Al-Ali.

Plaintiffs' aiding and abetting theory is equally unavailing. Plaintiffs assert that Al-Ali had a role in supporting al Qaeda. But (1) the premise is false: the 3AC does not allege any such knowing support of the September 11 attacks; and (2) the sweeping conclusion does not satisfy even the liberal pleading standards of the Federal Rules. *See De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) (conclusory allegations without supporting facts fail under Rule 12(b)(6)); *Gmurzynska v. Hutton*, 355 F.3d 206 (2d Cir. 2004) (under *Swierkiewicz* plaintiffs must plead factual predicate); *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (Boudin, J.) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome."). Plaintiffs' conspiracy allegations also rest on misrepresentations of their Complaint. Using clear misrepresentations to support an irresponsible accusation of complicity in mass murder is beyond the pale. Taken in their proper context, there simply is no factual basis in the 3AC for plaintiffs' irresponsible claim of a conspiracy between Al-Ali and al Qaeda and that Al-Ali participated in the 9/11 conspiracy.

## IV. THE PROPER STANDARD FOR A MORE DEFINITE STATEMENT HAS NOT BEEN MET AND THE PROFFER SHOULD BE STRIKEN.

Plaintiffs improperly rely on this Court's and Judge Roberston's prior *permissive* orders allowing Defendants to file a Motion for More Definite Statement as a blank check to amend the 3AC without leave of Court. *See* MDL 1570 Case Management Order No. 1, March 3, 2004, filed March 10, 2004; *see also Burnett v. Al Bar Inv. and Dev. Corp.* 274 F. Supp. 2d 86 (D.D.C. 2003) (stating the permissive standard that 'Khudeira *may* make a Rule 12(e) request for more definite statement and may, upon receiving a

response, renew his motion to dismiss.") (emphasis added).  The proper standard for seeking a More Definite Statement is laid out in where "if a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002). Here, the Defendant had the right to request one and, the Court would grant it.  But in the absence of any motion by Defendant, Plaintiffs cannot be allowed to come forward and file a defamatory, factually incongruent pleading with no basis.  Defendant respectfully requests that this court strike the filing from the record and the Court decide the pending MTD on the record before it.

**CONCLUSION**

For the foregoing reasons, defendant Al-Ali asks the Court to dismiss all claims against him, with prejudice.

Respectfully submitted,

_____
Ashraf Nubani (AN-9436)
Busch & Nubani, P.C.
5029 Backlick Road, Suite A
Annandale, VA 22003
703-658-5151
703-658-9200, fax

Counsel for Defendant

Dated: June 28, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2004 I caused an electronic copy of **SULAIMAN AL-ALI'S REPLY MEMORANDUM OF LAW** in support of his Motion to Dismiss to be served electronically by the Court's Electronic Case Filing (ECF) System on all parties scheduled for electronic notice and by first-class mail on any parties not participating in the Court's ECF system as thereafter advised by the Court.

_____
Ashraf Nubani (AN-9436)
Busch & Nubani, P.C.
5029 Backlick Road, Suite A
Annandale, VA 22003
703-658-5151
703-658-9200, fax

Counsel for Defendant

June 28, 2004