# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL No. 157 (RCC) |
| THOMAS E. BURNETT, SR., *et al.*, Plaintiffs, v. AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, Defendants. | C.A. No. 03 CV 9849 (RCC) |

### REPLY MEMORANDUM OF LAW OF JAMAL KHALIFA (D-92) IN SUPPORT OF HIS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Plaintiffs' Opposition ("Opp.") to Khalifa's Motion to Dismiss (MTD) depends entirely on gross misrepresentations and misplaced allegations. Plaintiffs' Third Amended Complaint ("3AC") alleges facts that do not sufficiently show that Khalifa sponsored al Qaeda or engaged in a conspiracy to commit the horrendous attacks of September 11 and plainly fails to state facts to establish a cause of action on any of its eight applicable and relevant Counts.[1] The factual allegations in the 3AC are wholly insufficient to support personal jurisdiction or to state a claim on any of Plaintiff's counts, and plaintiffs cannot avoid dismissal by making allegations outside their proper context and burying the Court in lengthy and a generally meaningless exhibit.

---

[1] Plaintiffs assert in *Opp*. p. 22 that the 3AC alleges 15 counts. While accurate, seven claims are precluded from reply by Khalifa, *viz.*, two involving foreign state actors, and the three RICO and two common law negligence and emotional distress claims that were dismissed earlier in the case against another Defendants for reasons that apply to all Defendants. *See Burnett v. Al Baraka*, 274 F. Supp. 2d 86 at 111 (D.D.C. July 25, 2003).

1

## I. PLAINTIFFS' ENTIRE OPPOSITION ARGUMENT RELIES ON MISREPRESENTATION OF FACTS TAKEN OUT OF CONTEXT IN THE 3AC.

Plaintiffs' Opposition (*Opp*.) misrepresents and omits pertinent facts, castigating Defendant for coming forward with such facts to clear his good name. Nothing in the 3AC directly and properly connects Khalifa with terrorism and the September 11 attacks, or the United States or New York, and this Court must dismiss the claims against him for (1) lack of service, (2) lack of personal jurisdiction and (3) failure to state a claim on any theory.

Plaintiffs' misrepresentations of the 3AC fall into these categories:

*First*, plaintiffs repeatedly assert that Khalifa supported al Qaeda through the mysteriously ambiguous Jordanian conviction (overturned by Jordanian courts) and as an official of various charities. The biggest example of plaintiffs' misrepresentations lies in its allegations of links of Khalifa to terrorism through his connection to the International Islamic Relief Organization (IIRO) even though the circumstantial "evidence" provided fails to show any proven link of IIRO to terrorist activity. Plaintiffs omit the most important fact regarding the only cited US case against Khalifa: he was released by US authorities following his December 1994-April 1995 immigration detention in San Francisco with no allegations placed on his record or charges of terrorism ever brought. *See* Khalifa Exhibit. Nor do Plaintiffs point to Khalifa's exoneration of the Jordan bombing by the dismissal of his conviction by the Jordanian courts. *Id*. The Plaintiffs invoke selective memory in attempting to tie Khalifa to heinous acts.

*Second*, Plaintiffs falsely assert (*Opp*. at 11) that Khalifa has been less than truthful in his MTD and accuse him of providing funds to terrorists. Plaintiffs assert that Khalifa sponsored terrorism yet nowhere shows any US government designation as such, a process which does not even require open-source evidence. While not conclusive, the fact that the US government has gone out of its way to designate individuals administratively for terrorism, its lack of action in the case of Khalifa speaks volumes. The Plaintiffs would have the Court believe that Mr. Khalifa is a devious, sinister plotter of unspeakable evil and terrorism when, in fact, he is what his Declaration asserts—a humanitarian now putting his life together as a businessman after the false accusations

that have dogged him for the last ten years   Plaintiff's attempt to sully Mr. Khalifa's reputation with reckless and out of context documentation no doubt will trigger a Rule 11 motion and other sanctions against Plaintiffs counsel.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER KHALIFA.

Due to the Court's requirement for Plaintiff to argue its personal jurisdiction merits in each pleading rather than rely on a *pro forma* argument from prior pleading(s), Khalifa simply repeats his assertions from the *MTD*. *See* Endorsed Letter to Judge Casey from Plaintiff's Counsel Jodi W. Flowers, MDL 1570, Docket 251, filed June 18, 2004. Namely, that Plaintiffs claim that Khalifa "purposefully directed his actions and conduct at the residents of the United States by aiding and abetting, conspiring with, or materially supporting al Qaeda and Osama bin Laden, whose stated purpose was targeting the United States." *Opp*. 11.  But the allegations of the 3AC are so far-fetched, inconsistent and out of context, simply stating the legal standard and then asserting that the 3AC meets it does not cause personal jurisdiction to magically attach.  Their long argument about the meaning of "expressly aimed" is irrelevant, because they allege no pertinent facts.

To make a prima facie showing of personal jurisdiction, plaintiffs must plead "legally sufficient allegations of jurisdiction." *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998). They must plead *facts. See id.* at 185 (non-fact-specific allegations are insufficient to establish prima facie jurisdiction); *see also Bellepointe, Inc. v. Kohl's Dep't Stores, Inc*., 975 F. Supp. 562, 564 (S.D.N.Y. 1997). They cannot rely on conclusory assertions—and certainly not on bald misrepresentations of their complaint. *See Jazini*, 148 F.3d at 184 ("conclusory statement" of the legal standard for personal jurisdiction does not make a prima facie showing; plaintiff must allege facts supporting the conclusion); *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975) (conclusory allegations insufficient to establish personal jurisdiction).  The factual allegations in the 3AC fall woefully short. The 3AC alleges that Khalifa is involved with the Phillipines office of IIRO, among other non-US based activities.  As explained in Khalifa's Motion to Dismiss ("MTD"), there is no allegation that this charity had anything to do with September 11 (or any other activity), or that Khalifa knew of any

such connection. The 3AC's allegations would obviously be insufficient to show that the bank committed any wrong or that it was "expressly aimed" at the United States, let alone that officials of the bank did so. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *Shaffer v. Heitner*, 433 U.S. 186, 215-16 (1977).

In the *Burnett* action, Judge Robertson applied this "expressly aimed" standard (which comes from *Calder v. Jones*, 465 U.S. 783, 789 (1984)), to claims that Prince Sultan, in his nonofficial capacity, "personally donated money to [certain charities], knowing that those foundations funded terrorist organizations including Al Qaeda." Judge Robertson dismissed for lack of personal jurisdiction, ruling that the complaint "stops well short of alleging that Prince Sultan's actions were 'expressly aimed' or 'purposefully directed' at the United States." *Burnett*, 292 F. Supp. 2d 9, 22-23 (D.D.C. 2003). The factual allegations against Khalifa fall far short of those Judge Robertson deemed *insufficient* to establish minimum contacts in *Burnett*.

Plaintiffs' conclusory assertions that all defendants are co-conspirator[s] who conspired to injure United States citizens (3AC ¶ 678, 679) are also insufficient. Plaintiffs' theory is that since a terrible tort was indeed committed in the United States, they need only assert that Khalifa conspired with the tortfeasors. That theory has been explicitly rejected by the Second Circuit. *See Lehigh Valley Indus., Inc.*, 527 F.2d at 93 ("[T]he bland assertion of conspiracy … is insufficient to establish [personal] jurisdiction."); *Stauffacher v. Bennett*, 969 F.2d 455, 460 (7th Cir. 1992) (Posner, J.) ("cases are unanimous that a bare allegation of a conspiracy" between the defendant and a person within the jurisdiction is not enough to establish personal jurisdiction). The 3AC paragraphs that plaintiffs cite as supporting their horrendous but wholly unfounded claim that "aiding and abetting, conspiring with, or materially supporting al Qeada and Osama bin Laden, whose stated purpose was targeting the United States." (Opp. at 11) demonstrate the reprehensible way they have misrepresented the Defendant. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allai*n, 478 U.S. 265, 286 (1986) citing *Briscoe v. LaHu*e, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd on other ground*s, 460 U.S. 325 (1983); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2 nd Cir.), *cert. denied,* 513 U.S. 1079 (1994)("[T]he well pleaded material allegations of the complaint are taken as admitted; but conclusions

4

of law or unwarranted deductions of fact are not." ).  *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2nd Cir. 1995)(conclusory allegations of the legal status of defendant's acts need not be accepted as true for the purpose of ruling on a motion to dismiss).  Finally, Khalifa is not physically "present" in the US, especially the District of Columbia or New York, and plaintiffs have not come close to showing that he "engaged in such a continuous and systematic course of doing business in New York as to warrant" a finding that he is "present" there. *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 198 (2d Cir. 1990) (internal quotation marks and citation omitted). This "doing business" standard requires a showing that the defendant has engaged in "continuous, permanent, and substantial activity in New York." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs. Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)).  Plaintiffs' showing consists of a four-month visit by Khalifa, a length not of his choosing, and allegations of other acitvies, but nothing to meet the threshold of minimum contacts, as argued in the MTD.

Plaintiffs do not and could not allege that Khalifa has any office, solicits business, owns property, has employees or satisfies any of the bases courts use to determine whether a defendant is "doing business" in the District of Columbia or New York.  *See, e.g., Hoffritz Cutlery Inc.*, 763 F.2d at 58 (identifying indicia). *See also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 411-12, 416-18 (1984) (purchases in forum state, sending personnel for training in forum state, and negotiating a contract in forum state were not sufficient to establish the "continuous and systematic" contacts necessary to establish general personal jurisdiction); *Bersch v. Drexel Firestone Inc.*, 519 F.2d 974, 998 (2d Cir. 1975) (buying and selling American securities not sufficient to establish defendant was "doing business" in the United States); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569 (2d Cir. 1996) (for general personal jurisdiction, relevant contacts with forum are evaluated over a "reasonable period of years" and six years was found reasonable); *Burnett*, 292 F. Supp. 2d at 21 (describing as "desultory," and rejecting, plaintiffs' attempt to establish personal jurisdiction based on speaking engagements, undergraduate study, or temporary visits to the U.S.).

**III. THE THIRD AMENDED COMPLAINT FAILS TO STATE ANY CLAIM AGAINST KHALIFA UPON WHICH RELIEF CAN BE GRANTED.**

Stripped of plaintiffs' misrepresentations, the 3AC utterly fails to state a legally sufficient claim against Khalifa. As the *MTD* showed, each of plaintiffs' legal theories requires them to allege that Khalifa proximately caused their injuries. But the only facts plaintiffs allege in the 3AC to try to tie Khalifa to 9/11 are vague, guilt by association and out of context musings which betray a fundamental misunderstanding of history and facts. As stated in the *MTD*, their assertions are obviously insufficient to state a claim against Khalifa: they establish neither that the alleged bank or charity was involved in any wrongdoing, nor that 9/11 or any other event was a consequence of those entities, nor that Khalifa intended any such consequence. Plaintiffs' failure to allege a prima facie basis for personal jurisdiction also precludes subjecting Khalifa to jurisdictional discovery. *See Jazini*, 148 F.3d at 185-86 (plaintiffs must allege facts making a prima facie showing of personal jurisdiction before being entitled to jurisdictional discovery); *Burnett*, 292 F. Supp. 2d at 22 (denying jurisdictional discovery because plaintiffs failed to provide an outline of how their showing of minimum contacts might be enhanced by jurisdictional discovery). *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1011 (7th Cir. 2002).

S*econd*, the alleged funding is not alleged to have had anything to do with the hijackers (or any other activity). The *Boim* court ruled that even an allegation of a direct payment of cash to a known terrorist organization (Hamas) did not establish that the payment was a proximate cause of a death at Hamas's hands. 291 F.3d at 1012. On the contrary, the *Boim* plaintiffs were required to allege facts to show, at "the very least," that the murder of their son was "reasonably foreseeable" as the "natural consequence" of the alleged donation. *Id.* The 3AC alleges *nothing* that would proximately connect the alleged but wholly undescribed "account" with plaintiffs' injuries. Plaintiffs erroneously assert that Khalifa's only Rule 12(b)(6) argument is that plaintiffs have not properly pleaded causation. Although it is true that plaintiffs have failed to properly allege causation, and that all plaintiffs' claims fail for that reason, the individual claims each fail for other reasons as well. Plaintiffs' allegations are therefore far short of those deemed insufficient in *Boim*.

*Third*, there is no allegation that Khalifa had any responsibility for the alleged funding or knowledge of its use. *Boim* also held that, to survive a motion to dismiss, a

6

plaintiff must plead facts showing that the defendant *knew or intended* that any funds or "financial support" would be put to criminal use. *Boim*, 291 F.3d at 1012. Plaintiffs' abstract assertions about the nature of sponsoring terrorist activities do not establish that Khalifa was responsible for funding terrorism and the September 11th attacks. *Cf. Jazini*, 148 F.3d at 185 (argument that Japanese "cultural attributes" and "peculiarly centralized character" should influence evaluation of parent's control over subsidiaries were "speculative and conjectural"). Charity officials who practice Islam are no more capable of knowing every action or program than Christians or Jews.

Plaintiffs' entire argument consists of listing a series of out-of-context misstatements, then asserting that the 3AC alleges the elements of its cause of action. But nothing in the 3AC suggests (1) that Khalifa knowingly provided support to al Qaeda to conduct the September 11 attacks or commit acts of terrorism; the Court must disregard factual assertions in the Opposition that are not grounded in the 3AC. *See Freidl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000); *Maldonado v. Dominguez*, 137 F.3d 1, 5 (1st Cir. 1998). (2) that 9/11 was a foreseeable or natural or probable consequence of his various roles with those legal and legitimate organizations like IIRO; and (3) that there is any basis for holding Khalifa liable for actions of persons allegedly related to any charity or business he helped or funded.

Plaintiffs' aiding and abetting theory is equally unavailing. Plaintiffs assert that Khalifa had a role in "sponsoring al Qaeda." Opp. at 12. But (1) the premise is false: the 3AC does not allege any such knowing support of the September 11 attacks and (2) the sweeping conclusion does not satisfy even the liberal pleading standards of the Federal Rules. *See De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) (conclusory allegations without supporting facts fail under Rule 12(b)(6)); *Gmurzynska v. Hutton*, 355 F.3d 206 (2d Cir. 2004) (under *Swierkiewicz* plaintiffs must plead factual predicate); *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (Boudin, J.) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and burdensome."). Plaintiffs' conspiracy allegations also rest on misrepresentations of their Complaint. Using clear misrepresentations to support an irresponsible accusation of complicity in mass murder is beyond the pale. Taken in their proper context, there

simply is no factual basis in the 3AC for plaintiffs' irresponsible claim of a conspiracy between Khalifa and al Qaeda and that Khalifa participated in the 9/11 conspiracy.

**CONCLUSION**

For the foregoing reasons, defendant Khalifa asks the Court to dismiss all daims against him, with prejudice.

Respectfully submitted,

_____
Ashraf Nubani (AN-9436)
Busch & Nubani, P.C.
5029 Backlick Road, Suite A
Annandale, VA 22003
703-658-5151
703-658-9200, fax

Counsel for Defendant

Dated: June 28, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2004 I caused an electronic copy of **JAMAL KHALIFA'S REPLY MEMORANDUM OF LAW** in support of his Motion to Dismiss to be served electronically by the Court's Electronic Case Filing (ECF) System on all parties scheduled for electronic notice and by first-class mail on any parties not participating in the Court's ECF system as thereafter advised by the Court.

_____
Ashraf Nubani (AN-9436)
Busch & Nubani, P.C.
5029 Backlick Road, Suite A
Annandale, VA 22003
703-658-5151
703-658-9200, fax

Counsel for Defendant

June 28, 2004