## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) | 03 MDL No. 157 (RCC) |
| | ) | |
| | ) | |
| | ) | |
| THOMAS E. BURNETT, SR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 03 CV 9849 (RCC) |
| | ) | |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### REPLY MEMORANDUM OF LAW OF ISLAMIC ASSEMBLY OF NORTH AMERICA (D-219) IN SUPPORT OF ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AND MOTION TO STRIKE MORE DEFINITE STATEMENT

Plaintiffs' Opposition ("Opp.") to Islamic Assembly of North America's (IANA) (D-219) Motion to Dismiss (MTD) depends entirely on gross misrepresentations and misplaced allegations and respectfully moves this Court to strike the More Definite Statement (MDS) filed in the above-styled case on June 4, 2004. *See In Re: Terrorist Attacks on September 11, 2001* Notice of Plaintiffs' More Definite Statement As To Defendant Islamic Assembly of North America, Docket #208, filed June 4, 2004. Plaintiffs' Third Amended Complaint ("3AC") alleges facts that do not sufficiently show that IANA sponsored al Qaeda or engaged in a conspiracy to commit the horrendous attacks of September 11 and plainly fails to state facts to establish a cause of action on any of its eight applicable and relevant Counts.[1]   The factual allegations in the 3AC are

---

[1] Plaintiffs assert in *Opp.* p. 22 that the 3AC alleges 15 counts.  While accurate, seven claims are precluded from reply by IANA, *viz.*, two involving foreign state actors, and the three RICO and two common law negligence and emotional distress claims that were dismissed earlier in the case against another Defendants

wholly insufficient to support personal jurisdiction or to state a claim on any of Plaintiff's counts, IANA was not properly served and plaintiffs cannot avoid dismissal by making allegations outside their proper context and burying the Court in attachments rife with factual errors and improperly pleaded.

## I. PLAINTIFFS' ENTIRE OPPOSITION ARGUMENT RELIES ON MISREPRESENTATION OF FACTS TAKEN OUT OF CONTEXT IN THE 3AC.

Plaintiffs' Opposition (*Opp*.) misrepresents and takes out of contexts numerous conversations and facts, relying entirely on these misrepresentations for its legal argument. Nothing in the 3AC directly and properly connects IANA with terrorism or the September 11 attacks and this Court must dismiss the claims against it for (1) lack of service and (2) failure to state a claim on any theory.

Plaintiffs' misrepresentations of the 3AC fail for the following reasons:

*First*, plaintiffs repeatedly assert that IANA funded al Qaeda through the mysteriously ambiguous and out of context allegations spanning over a decade. Many of these allegations were made in the recent prosecution for material support of terrorism in the US District Court for the District of Idaho, *U.S. v. Sami Al-Hussayen* (citations omitted.) The jury acquitted Mr. Al-Hussayen, notwithstanding the government's use of evidence about IANA similar to that presented here. *See* IANA Exhibit. The biggest example of Plaintiffs' misrepresentations lies in its allegations of links of IANA to terrorism through its predecessors and various employees and officials who may or may not have acted with respect to IANA; nevertheless, all of this "evidence" fails to show any proven link of IANA to terrorist activity. The only criminal cases against any person related to IANA have had no terrorism proven or shown.

*Second*, Plaintiffs seek to cast aspersions on. IANA by seeking to amend the 3AC without leave of Court through its MDS. While these allegations were never properly pleaded in the 3AC, in the absence of the Court's leave to amend the 3AC, Plaintiffs seek to bootstrap these inconsistent allegations through the improperly filed MDS. It is rife

---

for reasons that apply to all Defendants. *See* Burnett v. Al Baraka, 274 F. Supp. 2d 86 at 111 (D.D.C. July 25, 2003).

with factual errors and relies on long-discredited associations in order to confuse the issue at hand, namely, the dismissal of this frivolous lawsuit. Notwithstanding its falsehoods, the Court should strike it from record.

## II. PLAINTIFFS IMPROPERLY SERVED IANA

Due to the Court's requirement for Plaintiff to argue its service merits in each pleading rather than rely on a *pro forma* argument from prior pleading(s), IANA simply repeats its assertions from the *MTD. See* Endorsed Letter to Judge Casey from Plaintiff's Counsel Jodi W. Flowers, MDL 1570, Docket 251, filed June 18, 2004.

Fed. R. Civ. P. 4(m) requires a plaintiff to serve the summons and a copy of the complaint on each named defendant within 120 days of filing the complaint.[2] If the plaintiff fails either to effect service within the specified time or to show good cause for failing to effect service, the court may dismiss the action without prejudice. Local Rule 83.23 (providing that the court may dismiss a case sua sponte for failure to prosecute);[3] *Pellegrin & Levine, Chartered v. Antoine*, 295 U.S. App. D.C. 190, 961 F.2d 277, 282 (D.C. Cir. 1992) (dismissing complaint for failure of timely service); *Hilska v. Jones*, 297 F. Supp.2d 82, 88 (D.D.C. 2003) (same); *TIG Insurance Co. v. 2200 M St*., LLC, 216 F.R.D. 2, 3 (D.D.C. 2003) (same); *Claasen v. Brown*, 1996 U.S. Dist. LEXIS 1872, 15 Am. Disabilities Dec. 443, 1996 WL 79490, at *2 (D.D.C. 1996) (same); *Burns & Russell Co. of Baltimore v. Oldcastle, Inc*., 166 F. Supp.2d 432, 438-39 (D.Md. 2001) (same). *Medley v. Donaldson*, 2004 U.S. Dist. LEXIS 4581 (D.D.C. 2004).

IANA was added as a Defendant in May 2003. This gave Plaintiffs until September 2003 to properly serve IANA. Plaintiff's attempt to serve at a UPS Store post office box, already stretching the requirements of the federal rules and state law, over 5 months after adding IANA as a Defendant was, in a nutshell, too little, too late.

---

[2] Rule 4(m) states, in relevant part, "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

[3] Local Rule 83.23 states, "A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion. An order dismissing a claim for failure to prosecute shall specify that the dismissal is without prejudice, unless the Court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party." Local Rule 83.23.

**III. THE THIRD AMENDED COMPLAINT FAILS TO STATE ANY CLAIM AGAINST IANA UPON WHICH RELIEF CAN BE GRANTED.**

The 3AC utterly fails to state a legally sufficient claim against IANA. As the *MTD* showed, each of plaintiffs' legal theories requires them to allege that IANA proximately caused their injuries. But the only facts plaintiffs allege in the 3AC to try to tie IANA to 9/11 are vague, guilt by association and out of context musings which betray a fundamental misunderstanding of history and facts. As stated in the *MTD*, their assertions are obviously insufficient to state a claim against IANA: they establish neither that the alleged charity was involved in any wrongdoing, nor that 9/11 or any other event was a consequence of those entities, nor that IANA intended any such consequence. Plaintiffs' failure to allege a prima facie basis for personal jurisdiction also precludes subjecting IANA to jurisdictional discovery. *See Jazini*, 148 F.3d at 185-86 (plaintiffs must allege facts making a prima facie showing of personal jurisdiction before being entitled to jurisdictional discovery); *Burnett*, 292 F. Supp. 2d at 22 (denying jurisdictional discovery because plaintiffs failed to provide an outline of how their showing of minimum contacts might be enhanced by jurisdictional discovery). *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1011 (7th Cir. 2002).

*Second*, the alleged funding is not alleged to have had anything to do with the 9-11 hijackers. The *Boim* court ruled that even an allegation of a direct payment of cash to a known terrorist organization (Hamas) did not establish that the payment was a proximate cause of a death at Hamas's hands. 291 F.3d at 1012. On the contrary, the *Boim* plaintiffs were required to allege facts to show, at "the very least," that the murder of their son was "reasonably foreseeable" as the "natural consequence" of the alleged donation. *Id.* The 3AC alleges *nothing* that would proximately connect the alleged but wholly undescribed "account" with plaintiffs' injuries. Plaintiffs erroneously assert that IANA's only Rule 12(b)(6) argument is that plaintiffs have not properly pleaded causation. Although it is true that plaintiffs have failed to properly allege causation, and that all plaintiffs' claims fail for that reason, the individual claims each fail for other reasons as well. Plaintiffs' allegations are therefore far short of those deemed insufficient in *Boim*.

*Third*, there is no allegation that IANA had any responsibility for the alleged funding or knowledge of its use. *Boim* also held that, to survive a motion to dismiss, a plaintiff must plead facts showing that the defendant *knew or intended* that any funds or "financial support" would be put to criminal use. *Boim*, 291 F.3d at 1012. Plaintiffs' abstract assertions about the nature of sponsoring terrorist activities do not establish that IANA was responsible for funding terrorism and the September 11th attacks. *Cf. Jazini*, 148 F.3d at 185 (argument that Japanese "cultural attributes" and "peculiarly centralized character" should influence evaluation of parent's control over subsidiaries were "speculative and conjectural"). Charity officials, like bank chairmen, who practice Islam are no more capable of knowing every action or program than Christians or Jews.

Plaintiffs' entire argument consists of listing a series of out-of-context misstatements, then asserting that the 3AC alleges the elements of its cause of action. But nothing in the 3AC suggests (1) that IANA knowingly provided support to al Qaeda to conduct the September 11 attacks or commit acts of terrorism; the Court must disregard factual assertions in the Opp. that are not grounded in the 3AC. *See Freidl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000); *Maldonado v. Dominguez*, 137 F.3d 1, 5 (1st Cir. 1998); (2) that 9/11 was a foreseeable or natural or probable consequence of its various roles; and (3) that there is any basis for holding IANA liable for actions of persons allegedly related to it. The most specific allegations in the 3AC—that someone in IANA or profiled by IANA who may or may not have held some position with IANA may have known other persons—is plainly insufficient to state a claim against IANA.

Plaintiffs' aiding and abetting theory is equally unavailing. Plaintiffs assert that IANA had a role in supporting al Qaeda. But (1) the premise is false: the 3AC does not allege any such knowing support of the September 11 attacks; and (2) the sweeping conclusion does not satisfy even the liberal pleading standards of the Federal Rules. *See De Jesus v. Sears, Roebuck & Co., Inc*., 87 F.3d 65, 70 (2d Cir. 1996) (conclusory allegations without supporting facts fail under Rule 12(b)(6)); *Gmurzynska v. Hutton*, 355 F.3d 206 (2d Cir. 2004) (under *Swierkiewicz* plaintiffs must plead factual predicate); *DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) (Boudin, J.) ("[T]he price of entry, even to discovery, is for the plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings, which may be costly and

5

burdensome."). Plaintiffs' conspiracy allegations also rest on misrepresentations of their Complaint. Using clear misrepresentations to support an irresponsible accusation of complicity in mass murder is beyond the pale. Taken in their proper context, there simply is no factual basis in the 3AC for plaintiffs' irresponsible claim of a conspiracy between IANA and al Qaeda and that IANA participated in the 9/11 conspiracy.

**IV. THE PROPER STANDARD FOR A MORE DEFINITE STATEMENT HAS NOT BEEN MET AND THE PROFFER SHOULD BE STRIKEN**.

Plaintiffs improperly rely on this Court's and Judge Roberston's prior *permissive* orders allowing Defendants to file a Motion for More Definite Statement as a blank check to amend the 3AC without leave of Court. *See* MDL 1570 Case Management Order No. 1, March 3, 2004, filed March 10, 2004; *see also Burnett v. Al Bar Inv. and Dev. Corp*. 274 F. Supp. 2d 86 (D.D.C. 2003) (stating the permissive standard that 'Khudeira *may* make a Rule 12(e) request for more definite statement and may, upon receiving a response, renew his motion to dismiss.") (emphasis added). The proper standard for seeking a More Definite Statement is laid out in where "if a pleading fails to specify the allegation in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e)." *Swierkiewicz v. Sorem*a, 534 U.S. 506, 514 (2002). Here, the Defendant had the right to request one and the Court would grant it. But in the absence of any motion by Defendant, Plaintiffs cannot be allowed to come forward and file a defamatory, factually incongruent pleading with no basis. Defendant respectfully requests that this court strike the filing from the record and the Court decide the pending MTD on the record before it.

**CONCLUSION**

For the foregoing reasons, defendant IANA asks the Court to dismiss all claims against it, with prejudice.

Respectfully submitted,

_____
Ashraf Nubani (AN-9436)
Busch & Nubani, P.C.
5029 Backlick Road, Suite A

Annandale, VA 22003
703-658-5151
703-658-9200, fax

Counsel for Defendant

Dated: June 28, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2004 I caused an electronic copy of **IANA'S REPLY MEMORANDUM OF LAW** in support of its Motion to Dismiss to be served electronically by the Court's Electronic Case Filing (ECF) System on all parties scheduled for electronic notice and by first-class mail on any parties not participating in the Court's ECF system as thereafter advised by the Court.

_____
Ashraf Nubani (AN-9436)
Busch & Nubani, P.C.
5029 Backlick Road, Suite A
Annandale, VA 22003
703-658-5151
703-658-9200, fax

Counsel for Defendant

June 28, 2004