**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to: *Thomas Burnett, Sr. v. Al Baraka Investment & Develop. Corp.*, 03 CV 9849

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS TO DISMISS OF DEFENDANT MOHAMMED ALI MUSHAYT**

June 30, 2004

## INTRODUCTION

Defendant Mohammed Ali Sayed Mushayt seeks to dismiss the Complaint for want of personal jurisdiction and for defective service of process.[1]  His motion is premature because plaintiffs have not served Mushayt, but rather have requested leave of the Court to serve him by publication.  Although the motion is premature, should the court reach the merits of it, the motion should be denied.  Mushayt argues that he cannot be made to answer for the murderous attacks on the United States perpetrated on September 11, 2001, because he claims to have had insufficient contact with the United States to satisfy the requirements of due process.  This argument is wrong.  Mushayt, through his company Mushayt for Trading, aimed his conduct at the United States when he provided material support to Osama bin Laden and al Qaeda, with knowledge that al Qaeda was engaged in terrorist activities targeted primarily and specifically at the United States and its citizens and residents.  The deliberate targeting of the United States satisfies the minimum contacts test, even if the defendant never entered the United States. The principle is a simple one: no one is entitled deliberately to plot, launch, or provide financing for attacks on the United States and evade U.S. justice merely because the attacks could be planned, supported or financed from afar.

---

[1]   Al-Turki's motion is one of a group of 11 nearly identical motions filed simultaneously by the law firm of Bernabei & Katz on behalf of 11 of the defendants (Shahir Abdulraoof Batterjee, Abdullah Omar Naseef, Abdullah bin Saleh Al-Obaid, Saleh Al-Hussayen, Sheik Salman Al-Oadah, Sheik Hamad Al-Husaini, Safar Al-Hawali, Abdul Rahman Al Swailem, Abdullah Bin Abdul Mohsen Al-Turki, Hamad Al-Hussaini, and Saudi Red Crescent) in this case.  Because these motions make virtually identical (in many instance, verbatim) arguments, plaintiffs proposed to defendants' counsel that plaintiffs submit one consolidated response (of somewhat longer length than a single brief, but considerably shorter than the 275 pages allotted by the local rules to these 11 briefs) and that defendants submit a single, consolidated reply (again, of an adjusted length).  Defendants refused and accordingly, plaintiffs now file a separate response to each motion.  Plaintiffs have attempted to avoid duplication and hereby incorporate and cross-reference each of their responses into each of the others.

## ARGUMENT

## I. THIS COURT HAS PERSONAL JURISDICTION OVER MUSHAYT BECAUSE HE PURPOSEFULLY DIRECTED HIS CONDUCT AT THE UNITED STATES

First, Mushayt's motion to dismiss for lack of personal jurisdiction should be dismissed as premature because he has yet to be served by the plaintiffs in this action. Mushayt appears on the list of defendants to be served by publication in accordance with plaintiffs' June 4 motion for leave to serve by publication. Only after service has been effectuated should Mushayt move to dismiss the Complaint.

Even if this court concludes that Mushayt's motion is not premature, defendant's motion still must fail. Mushayt contends that he is not subject to jurisdiction in this Court because he lacks minimum contacts with the United States. Defendant is wrong: he is subject to jurisdiction because, in supporting Osama bin Laden and al Qaeda in their terrorist war against America, Mushayt purposefully directed his conduct at the United States. No more is required to satisfy the requirements of due process.[2]

To defeat a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction made (like this one) before discovery, plaintiffs "need make only a prima facie showing by [their] pleadings and affidavits that jurisdiction exists." *Cutco Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). In evaluating plaintiffs' *prima facie* showing of jurisdiction, the Court must construe all pleadings and affidavits in the light most favorable to plaintiffs and resolve all doubts in plaintiffs' favor. *PDK Labs v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir.

---

[2] Mushayt also claims that the District of Columbia long-arm statute does not authorize jurisdiction here. But plaintiffs do not rely on the D.C. long-arm statute. Rather, they rely on Federal Rule of Civil Procedure 4(k)(2) which authorizes jurisdiction over foreign defendants in the United States for federal claims (including plaintiffs' claims under the Anti-Terrorism Act, 18 U.S.C. § 2333) where jurisdiction is not otherwise available, subject only to the due process limits of the Constitution. In the context of F.R.C.P. 4(k)(2), the relevant minimum contacts are with the United States as a whole.

1997). In addition, the Court "must read the Complaint liberally, drawing all inferences in favor of the pleader." *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir. 1993). Here, plaintiffs have satisfied their burden to make a prima facie showing that jurisdiction exists.

### A. A Defendant Who Purposefully Directs His Conduct at the United States Can Reasonably Expect to be Haled Into Court Here, Even if the Defendant Was Never Physically Present

Mushayt is subject to jurisdiction in this Court because he purposefully directed his conduct at the United States. For a discussion of the legal standard applicable here, plaintiffs respectfully refer the Court, and incorporate by reference, their memorandum of law in opposition to the motion to dismiss filed by Hamad Al-Husaini, filed contemporaneously with this memorandum.

### B. The Complaint Adequately Alleges, and the Evidence Demonstrates, that, in Supporting Al Qaeda, Mushayt Purposefully Directed His Conduct at the United States Because Al Qaeda Had Publicly Announced that the United States Was the Target of Its Terrorist Activities

The Third Amended Complaint and the evidence submitted sufficiently make out a *prima facie* case pleaded that, in supporting al Qaeda, Mushayt purposefully directed his conduct at the United States so as to subject him to jurisdiction in the Courts of the United States.

#### 1. *Mushayt Provided Material Support to Al Qaeda*

The Complaint adequately alleges that Mushayt provided material support to Osama bin Laden and al Qaeda. As alleged in the Complaint, Mushayt owns and chairs a company called Mushayt for Trading Establishment ("MFT"), which was used to transfer funds for al Qaeda operations in Europe. 3AC ¶ 502-512; 519. Mushayt caused or allowed Muhammed Galeb Kalaje Zouaydi to funnel money from MFT through Spanish corporations to the al Qaeda network in Europe, including donations to Abdul Fattah Zammar and Mamoun Darkazanli (both of whom are awaiting trial in Germany on charges of providing financial and logistical support

4

to the organization of the September 11, 2001 attacks) who maintained the bank accounts of hijacker Mohamed Atta, and other members of the Hamburg al Qaeda cell.  3AC ¶ 376, 377.  Zouaydi was among several members of al Qaeda who were arrested in Spain in April 2002; he is considered a senior financier of al Qaeda in Europe.  3AC ¶ 507.  From 1996 to 2001, the al Qaeda network in Europe received at least $1 million dollars from MFT "donations" and false contracts that were used to cover up Zouaydi's and Mushayt's sponsorship of al Qaeda. 3AC ¶ 519.  Mushayt thus is alleged to have assisted Zouaydi in financing al Qaeda cells in Europe, including the Hamburg Cell, of which the September 11 hijackers were members.  3AC ¶ 502, 503

In providing this financial assistance to al Qaeda, Mushayt purposefully directed his conduct at the United States because, as demonstrated below, the evidence that plaintiffs have gathered to date shows that, throughout the 1990's, al Qaeda's target was the United States.  Moreover, Osama bin Laden announced this, repeatedly and publicly, so that individuals like Mushayt who provided material support in that period plainly knew that they were targeting the United States when they assisted al Qaeda with its terrorist agenda.

     2. *Al Qaeda Openly and Publicly Announced its Terrorist Agenda and Targeted the United States*

It has been publicly known since the mid-1990s, if not well before, that Osama bin Laden and his Al Qaeda terrorist network had launched an international campaign of terror directed at the United States.  Rather than repeat discussion of this evidence, plaintiffs refer this Court to, and hereby incorporate by reference, plaintiffs' memorandum of law in opposition to the motion to dismiss filed by Hamad Al-Husaini.

## II. THE COMPLAINT SHOULD NOT BE DISMISSED FOR IMPROPER SERVICE

Mushayt also contends that he was not properly served. Defendant's motion is premature because he has not yet been served by plaintiffs. Currently, there is a motion pending by the plaintiffs in several of the cases to serve a list of defendants by publication. Mushayt is one of the defendants on that list and can be served by publication if that motion is granted. In the alternative, plaintiffs request leave to serve Mushayt through his counsel as doing so would almost certainly result in Mushayt's receiving notice of the complaint. *See also* plaintiffs' memorandum of law in opposition to the motion to dismiss filed by co-defendant Naseef.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(5) should be denied in its entirety.

Dated: New York, NY
June 30, 2004

Respectfully submitted,

_____

Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Donald A. Migliori, Esq.
Michael Elsner, Esq. (ME-8337)
William H. Narwold, Esq.
Ingrid L. Moll, Esq.
Justin B. Kaplan
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone: (843) 216-9000

Paul J. Hanly, Jr., Esq. (PH-5486)
Jayne Conroy, Esq. (JC-8611)
Andrea Bierstein, Esq. (AB-4618)
HANLY CONROY BIERSTEIN & SHERIDAN, LLP
415 Madison Avenue
New York, NY 10017-1111
Telephone: (212) 401-7600

William N. Riley, Esq.
Amy Ficklin DeBrota, Esq.
RILEY DEBROTA LLP
3815 River Crossing Parkway, Suite 340
Indianapolis, Indiana 46240
Telephone:  (317) 848-7939

Harry Huge, Esq.
HARRY HUGE LAW FIRM, LLP
Market Square North
1401 Ninth Street, N.W., Suite 450
Washington, D.C. 20004
(202) 824-6046

Allan Gerson, Esq.
Attorney At Law
4221 Lenore Lane
Washington, DC 20008
Tel:  (202) 966-8557

Edward D. Robertson, Esq.
Mary Doerhoff Winter, Esq.
BARTIMUS, FRICKLETON, ROBERTSON
  & OBETZ
200 Madison Street, Suite 1000
Jefferson City, MO 65101
Telephone:  (573) 659-4454

Jack Cordray, Esq.
CORDRAY LAW FIRM
40 Calhoun Street
Charleston, SC 29401
Telephone: (843) 577-9761

Attorneys for *Burnett* Plaintiffs