**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to: *Thomas Burnett, Sr. v. Al Baraka Investment & Develop. Corp.*, 03 CV 9849

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS TO DISMISS OF DEFENDANT SAFER AL-HAWALI**

June 30, 2004

**INTRODUCTION**

Defendant Safar Al-Hawali seeks to dismiss the Complaint for want of personal jurisdiction and for defective service of process.[1] Essentially, Al-Hawali argues that he cannot be made to answer for the murderous attacks on the United States perpetrated on September 11, 2001, because he claims to have had insufficient contact with the United States to satisfy the requirements of due process. This argument is wrong. Al-Hawali — one of bin Laden's mentors -- aimed his conduct at the United States when he provided support to Osama bin Laden and al Qaeda, with knowledge that al Qaeda was engaged in terrorist activities targeted primarily and specifically at the United States and its citizens and residents. The deliberate targeting of the United States satisfies the minimum contacts test, even if the defendant never entered the United States. The principle is a simple one: no one is entitled deliberately to plot, launch, or provide financing for attacks on the United States and evade U.S. justice merely because the attacks could be planned, supported or financed from afar.

Al-Hawali's challenge to service of process fares no better. The method of service used here – service by publication – was specifically approved by the district court in Washington, D.C. for defendants who, like Al-Hawali, reside in Saudi Arabia; that approval plainly applied to all similarly-situated defendants. Moreover, it worked. Al-Hawali received notice of this action,

---

[1] Al-Obaid's motion is one of a group of 11 nearly identical motions filed simultaneously by the law firm of Bernabei & Katz on behalf of 11 of the defendants (Shahir Abdulraoof Batterjee, Abdullah Omar Naseef, Abdullah Muhsen Al Turki, Saleh Al-Hussayen, Sheik Salman Al-Oadah, Sheik Hamad Al-Husaini, Abdullah bin Saleh Al-Obaid, Abdul Rahman Al Swailem, Mohammed Ali Sayed Mushayt, Hamad Al-Hussaini, and Saudi Red Crescent) in this case. Because these motions make virtually identical (in many instance, verbatim) arguments, plaintiffs proposed to defendants' counsel that plaintiffs submit one consolidated response (of somewhat longer length than a single brief, but considerably shorter than the 275 pages allotted by the local rules to these 11 briefs) and that defendants submit a single, consolidated reply (again, of an adjusted length). Defendants refused and accordingly, plaintiffs now file a separate response to each motion. Plaintiffs have attempted to avoid duplication and hereby incorporate and cross-reference each of their responses into each of the others.

retained counsel and has appeared to defend himself. His argument that the notice approved by the Court was not reasonably calculated to apprise him of the pendency of this action when in fact it did precisely that rings hollow and should be rejected. The motion to dismiss should be denied in its entirety.

## ARGUMENT

### I. THIS COURT HAS PERSONAL JURISDICTION OVER AL-HAWALI BECAUSE HE PURPOSEFULLY DIRECTED HIS CONDUCT AT THE UNITED STATES

Al-Hawali contends that he is not subject to jurisdiction in this Court because he lacks minimum contacts with the United States. Defendant is wrong: he is subject to jurisdiction because, in supporting Osama bin Laden and al Qaeda in their terrorist war against America, Al-Hawali purposefully directed his conduct at the United States. No more is required to satisfy the requirements of due process.[2]

To defeat a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction made (like this one) before discovery, plaintiffs "need make only a prima facie showing by [their] pleadings and affidavits that jurisdiction exists." *Cutco Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). Indeed, plaintiffs are not required to know or to plead all possible jurisdictional grounds from the outset of the case. To the contrary, the relevant statutory scheme anticipates and allows for liberal amendments as to jurisdiction. *See* 28 U.S.C. § 1653. That is particularly true where the factual predicates are complex and the parties numerous, as herein. Moreover, in evaluating plaintiffs' *prima facie* showing of jurisdiction, the Court must construe

---

[2] Al-Hawali also claims that the District of Columbia long-arm statute does not authorize jurisdiction here. But plaintiffs do not rely on the D.C. long-arm statute. Rather, they rely on Fed.R.Civ.P. 4(k)(2) which authorizes jurisdiction over foreign defendants in the United States for federal claims (including plaintiffs' claims under the Anti-Terrorism Act, 18 U.S.C. § 2333) where jurisdiction is not otherwise available, subject only to the due process limits of the Constitution. In the context of Rule 4(k)(2), the relevant minimum contacts are with the United States as a whole.

all pleadings and affidavits in the light most favorable to plaintiffs and resolve all doubts in plaintiffs' favor. *PDK Labs v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). In addition, the Court "must read the Complaint liberally, drawing all inferences in favor of the pleader." *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir. 1993).

> **A.  A Defendant Who Purposefully Directs His Conduct at the United States Can Reasonably Expect to be Haled Into Court Here, Even if the Defendant Was Never Physically Present**

Al-Hawali is subject to jurisdiction in this Court because he purposefully directed his conduct at the United States. For a discussion of the legal standard applicable here, plaintiffs respectfully refer the Court, and incorporate by reference, their memorandum of law in opposition to the motion to dismiss filed by Hamad Al-Husaini, filed contemporaneously with this memorandum.

> **B.  The Complaint Adequately Alleges, and the Evidence Demonstrates, that, in Supporting Al Qaeda, Al-Hawali Purposefully Directed His Conduct at the United States Because Al Qaeda Had Publicly Announced that the United States Was the Target of Its Terrorist Activities**

The Third Amended Complaint and the evidence submitted sufficiently make out a *prima facie* case pleaded that, in supporting al Qaeda, Al-Hawali purposefully directed his conduct at the United States so as to subject him to jurisdiction in the Courts of the United States.[3]

---

[3] Al-Hawali was named as a defendant in May, 2003, after the filing of the Third Amended Complaint. He was added through the procedure set forth in the D.C. court's Case Management Order #1, which called for the filing of a list of names of additional defendants. Al-Hawali never requested a more definite statement containing specific allegations against him. Accordingly, with respect to Al-Hawali's specific role, plaintiffs rely on the evidence submitted in connection with this memorandum. With respect to such matters as the manner in which al Qaeda used the material support it received, al Qaeda's targeting of the United States, bin Laden's public pronouncements about his intentions to attack the United States, and the September 11 attacks themselves, plaintiffs rely on the allegations in the Third Amended Complaint, allegations in other, supplemental pleadings, and on evidence submitted in connection with plaintiffs' opposition to the motion to dismiss filed by defendant Hamad Al-Hussaini, which is hereby incorporated by reference.

4

### 1. *Al-Hawali Provided Material Support to Al Qaeda*

Safer Al-Hawali is one of Saudi Arabia's most radical sheikhs. Along with Salman al-Oadah, Al-Hawali played a central role in providing a visionary framework and "spiritual" justification for Osama bin Laden's al Qaeda Islamist terrorist network in the early 1990s. Al-Hawali and Al-Oadah advocated for suicide bombings and destroying the West and non-Muslims, religiously justifying al-Qaeda's terrorist attacks. Al-Hawali provided motivational materials that could be used in recruiting terrorists. Indeed, in a 1997 interview with CNN, bin Laden mentioned Al-Oadah as an inspiration to him. *See* Affirmation of Andrea Bierstein, submitted in opposition to the motion to dismiss filed by Hamad Al-Husaini, Exhibit 11. (The Bierstein Affirmation and all of the exhibits annexed to it are hereby incorporated by reference.) Testimony given at the detention hearing of Sami Omar al-Hussayen, in connection with *U.S. v. Al-Hussayen*, CR 03-048 (D.Idaho March 11, 2003) confirmed the close relationship between Al-Hawali and bin Laden.

Al-Hawali was also one of the original incorporators of the Mercy International Relief Agency (MIRA). MIRA, working as a front for al Qaeda, was deeply involved in the planning and funding of the 1998 U.S. Embassy bombings in East Africa. – and the release of Al-Hawali from prison in Saudi Arabia was one of the demands made by the Embassy bombers.

In addition, the Complaint alleges, and the massive evidence that plaintiffs' have compiled demonstrates, that al Qaeda directed its terrorist activities against the United States *and* that bin Laden announced this, repeatedly and publicly throughout the mid- and late 1990's, so that individuals like Mr. Al-Hawali who provided material support in that period plainly knew that they were targeting the United States when they assisted al Qaeda with its terrorist agenda.

### 2. Al Qaeda Openly and Publicly Announced its Terrorist Agenda and Targeted the United States

It has been publicly known since the mid-1990s, if not well before, that Osama bin Laden and his Al Qaeda terrorist network had launched an international campaign of terror directed at the United States. For a full discussion of the evidence demonstrating that supporters of al Qaeda were purposefully directing their conduct at the United States because the United States and its nationals were the primary avowed targets of al Qaeda, plaintiffs respectfully refer this Court to their memorandum of law submitted in opposition to the motion to dismiss filed by Hamad Al-Husaini, and to the Affirmation of Andrea Bierstein accompanying it, as well as to the exhibits annexed to the affirmation, all of which are hereby incorporated.

## II. AL-HAWALI WAS PROPERLY SERVED

Al-Hawali also argues that he has not been properly served. (Al-Hawali Memorandum at 10-13.) Al-Hawali makes the identical arguments about service by publication made by his co-defendant Sheikh Salman Ol-Oadah. Plaintiffs have addressed each of those arguments in their opposition brief to Sheikh Salman Ol-Oadah's Motion to Dismiss. Rather than repeat those arguments here, plaintiffs instead respectfully refer the Court to, and incorporate by reference, that discussion.

As demonstrated in plaintiffs' memorandum of law in opposition to Al-Oadah's motion to dismiss, service by publication on defendants in the Middle East, including Al-Hawali, was proper. On March 24, 2003, Plaintiffs filed a motion for leave to serve by publication defendants located in Saudi Arabia, Sudan and United Arab Emirates. *Burnett* D.D.C. Docket No. 95, 3. In that motion, plaintiffs asked for an extension of time to serve all originally named defendants and, by implication, any defendants added subsequently that are either at large or in the region of the Gulf States, and specifically in Saudi Arabia, Sudan and United Arab Emirates.

6

Additionally, the Plaintiffs asked for permission to serve by publication defendants that were listed in the Exhibit A attached to the motion, which included Al-Hawali. On March 25, 2003, the Court granted the March 24, 2003 request to serve certain Defendants by publication. On May 2, 2003, Al-Hawali was added as a defendant, see Burnett D.D.C. Docket No. 139, and was served by publication in *Al-Quds Al-Arabi* on June 3, 11, 18 and 24, and July 12 and 14, 2003 and in the *International Herald Tribune* on May 23, 30, June 6, 13, 20, and 27, 2003. On [date], Al-Hawali appeared and filed this motion to dismiss. In short, plaintiffs served Al-Hawali in accordance with the Court's March 25, 2003 order granting their March 24, 2003 request to serve certain defendants by publication and the notice successfully apprised him of this lawsuit.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(5) should be denied in its entirety.

Dated: New York, NY
       June 30, 2004

Respectfully submitted,

/s/ _____
Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Donald A. Migliori, Esq.
Michael Elsner, Esq. (ME-8337)
William H. Narwold, Esq.
Ingrid L. Moll, Esq.
Justin B. Kaplan
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone: (843) 216-9000

Paul J. Hanly, Jr., Esq. (PH-5486)
Jayne Conroy, Esq. (JC-8611)
Andrea Bierstein, Esq. (AB-4618)
HANLY CONROY BIERSTEIN & SHERIDAN, LLP

7

415 Madison Avenue
New York, NY 10017-1111
Telephone:  (212) 401-7600

William N. Riley, Esq.
Amy Ficklin DeBrota, Esq.
RILEY DEBROTA LLP
3815 River Crossing Parkway, Suite 340
Indianapolis, Indiana 46240
Telephone:  (317) 848-7939

Harry Huge, Esq.
HARRY HUGE LAW FIRM, LLP
Market Square North
1401 Ninth Street, N.W., Suite 450
Washington, D.C. 20004
(202) 824-6046

Allan Gerson, Esq.
Attorney At Law
4221 Lenore Lane
Washington, DC 20008
Tel:  (202) 966-8557

Edward D. Robertson, Esq.
Mary Doerhoff Winter, Esq.
BARTIMUS, FRICKLETON, ROBERTSON
  & OBETZ
200 Madison Street, Suite 1000
Jefferson City, MO 65101
Telephone:  (573) 659-4454

Jack Cordray, Esq.
CORDRAY LAW FIRM
40 Calhoun Street
Charleston, SC 29401
Telephone: (843) 577-9761

Attorneys for *Burnett* Plaintiffs