UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br>(ECF CASE) |
| This document relates to:<br><br>THOMAS BURNETT, *et al*,<br><br>v.<br><br>AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.* | 03 CV 9849 (RCC) |

**MEMORANDUM IN SUPPORT OF MOTION OF YASSIN ABDULLAH AL KADI FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENA SERVED ON CITIBANK FSB**

MCDERMOTT WILL & EMERY LLP
Thomas P. Steindler
Stanton D. Anderson
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000

*Attorneys for Defendant*
*Yassin Abdullah Al Kadi*

July 1, 2004

WDC99 942963-1.064622.0011

Defendant Yassin Abdullah Al Kadi[1] hereby moves this Court, pursuant to Rules 45(c)(3)(A) and 26(c) of the Federal Rules of Civil Procedure, for a Protective Order quashing the subpoena *duces tecum* issued by the *Burnett* Plaintiffs to Citibank FSB on June 23, 2004 (the "Citibank Subpoena")[2] to the extent that it seeks documents relating to Mr. Kadi in requests numbered 106 through 117 and 133 through 137.

## PRELIMINARY STATEMENT

Pursuant to an agreement between Mr. Kadi and the Plaintiffs extending Mr. Kadi's time to respond to the Third Amended Complaint, Mr. Kadi will move to dismiss the Third Amended Complaint on various grounds, including lack of personal jurisdiction, on or before July 16, 2004. This Court's Case Management Order No. 2 states that "[a]s to any defendant that has filed a motion to dismiss . . . for lack of personal jurisdiction, merits discovery shall not take place until such jurisdictional motion has been resolved by this Court, except upon application to the Court based on extenuating circumstances." Rather than abide by this restriction, plaintiffs are attempting to obtain broad discovery as to Mr. Kadi's banking records through the Citibank Subpoena. Due to its service in violation of Case Management Order No. 2, the Citibank Subpoena should be quashed. Indeed, even if the Citibank Subpoena did not violate Case Management Order No. 2, it should still be quashed as it is overbroad and seeks information that is not relevant.

---

[1] Mr. Kadi is referred to as "Yassin Qadi" in the Citibank Subpoena.
[2] A copy of the Citibank Subpoena is attached as Exhibit A to the Declaration of Thomas P. Steindler dated July 1, 2004 (the "Steindler Decl.") submitted herewith.

## ARGUMENT

I. **MR. KADI HAS STANDING TO MOVE TO QUASH THE CITIBANK SUBPOENA**

Document Requests 106 through 117 and 113 through 137 of the Citibank Subpoena seek production of Mr. Kadi's banking records. "[N]umerous cases in this District hold that a party whose banking records are subpoenaed has standing to oppose the subpoena. . ." *Catskill Dev. ,LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)(citing, *inter alia*, *Sierra Rutile Ltd. v. Katz*, 1994 U.S. Dist. LEXIS 6188, at *6-7 (S.D.N.Y. May 11, 1994); *Trump v. Hyatt Corp.*, 1994 U.S. Dist. LEXIS 5624, at *1 (S.D.N.Y. Apr. 28, 1994); *Carey v. Berisford Metals Corp.*, 1991 U.S. Dist. LEXIS 3776, at *22 (S.D.N.Y. Mar. 28, 1991); *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y. 1990). Accordingly, under the law of this Court, Mr. Kadi has standing to move to quash the Citibank Subpoena to the extent that it calls for the production of documents relating to him.[3]

II. **THE CITIBANK SUBPOENA IS IMPROPER PURSUANT TO CASE MANAGEMENT ORDER NO. 2**

As set forth above, Case Management Order No. 2 states that "[a]s to any defendant that has filed a motion to dismiss . . . for lack of personal jurisdiction, merits discovery shall not take place until such jurisdictional motion has been resolved by this Court, except upon application to the Court based on extenuating circumstances."[4] Although Mr. Kadi has not yet filed his motion, pursuant to an agreement between the parties extending his time to respond to the Third Amended Complaint he intends to move to dismiss on various grounds, including lack of

---

[3] While the Citibank Subpoena alleges that certain bank accounts are associated with Mr. Kadi, Mr. Kadi does not admit that he has a direct beneficial ownership of, or signatory authority for, any of the accounts identified in the Subpoena.

[4] Case Management Order No. 2 also states that "[w]ritten discovery and depositions addressed to non-parties . . . as to liability issues only may commence immediately." However, the discovery sought pertains to Mr. Kadi and should not be permitted as it is nothing more than discovery "[a]s to [a] defendant that has filed a motion to dismiss. . ."

personal jurisdiction, on July 16, 2004, which is prior to the July 26, 2004 date set for compliance to the Citibank Subpoena. *See* Ex. B to Steindler Decl. The Citibank Subpoena will constitute merits discovery "as to" a defendant with a pending motion to dismiss on jurisdictional grounds, and as such is not allowed. Thus, the Citibank Subpoena should be quashed as to Mr. Kadi upon the filing of his motion to dismiss.

### III. THE CITIBANK SUBPOENA IS OVERBROAD

Even if the Citibank Subpoena were not prohibited by Case Management Order No. 2, it should still be quashed as overbroad. The Court must balance the relevancy of the information sought against the intrusion on Mr. Kadi's privacy interests. *See Sierra Rutile*, 1994 U.S. Dist. LEXIS 6188, at *7; *Carey*, 1991 U.S. Dist. LEXIS 3776, at *24; *Chazin*, 129 F.R.D. at 98.

Here, most of the documents sought are irrelevant to the issues in the litigation. First, many document requests relating to Mr. Kadi have no time limitation at all, and those requests that do contain a time limitation request documents from January 1, 1988 to the present. This entire litigation is predicated on an alleged link between the defendants and the events of September 11, 2001. Thus, all documents from September 12, 2001 to the present are plainly irrelevant to the litigation. Further, documents from January 1, 1988 are more than thirteen years removed from the relevant events. If this Court does allow the production of documents in response to the Citibank Subpoena, the time period should be limited to January 1, 2001 to September 11, 2001.

In addition, because the information regarding Mr. Kadi is presumably sought to support the plaintiffs' allegations that Mr. Kadi provided support to Al Qaeda, the Citibank Subpoena should be narrowed to withdrawals or transfers within the relevant time period. *See Carey*, 1991 U.S. Dist. LEXIS 3776, at *24 (where defendant sought all of plaintiff's bank account records for the purpose of showing plaintiff submitted fraudulent expense reports relating to his business

trips, the court narrowed subpoena to information regarding withdrawals within relevant time periods); *Chazin*, 129 F.R.D. at 98 (narrowing time period of documents sought and restricting scope to material that pertained to acts specified in the complaint). Mr. Kadi's deposits are wholly irrelevant to any issue in the lawsuit, as are his account statements, deposit slips, check stubs, disbursement checks, receipts and account notices. To hold otherwise would be to allow Plaintiffs to conduct a "fishing expedition" to obtain discovery relating to a party whom this Court has not yet determined is subject to its jurisdiction. Such a result should not be countenanced.

## CONCLUSION

For the reasons set forth above, Mr. Kadi requests that the Court enter a Protective Order quashing the Citibank Subpoena to the extent that it seeks documents relating to Mr. Kadi.

MCDERMOTT WILL & EMERY LLP

By: ___/s/ Thomas P. Steindler___
    Thomas P. Steindler (TS-6620)
    Stanton D. Anderson (SA-1511)
    600 Thirteenth Street, N.W.
    Washington, D.C. 20005
    Telephone: (202) 756-8000

*Attorneys for Defendant*
*Yassin Abdullah Al Kadi*

## CERTIFICATION OF CONFERENCE

Thomas P. Steindler, undersigned counsel for Yassin Abdullah Al Kadi, hereby certifies that he conferred with Justin Kaplan, counsel for the *Burnett* plaintiffs, by telephone on June 30, 2004 to discuss this motion for a protective order as required by the Honorable Richard Conway Casey's rules of practice. Mr. Kaplan indicated that the *Burnett* plaintiffs would oppose the motion.

I hereby certify under penalty of perjury that the foregoing is true and correct.

                                                            /s/ Thomas P. Steindler
                                                           Thomas P. Steindler

## CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of July, 2004, I caused copies of the Notice of Motion, Declaration of Thomas P. Steindler, Memorandum of Law In Support of Motion of Yassin Abdullah Al Kadi For A Protective Order And To Quash Subpoena Served On Citibank FSB and Proposed Order to be served electronically pursuant to the Court's ECF system.

                                                /s/ Thomas P. Steindler
                                                Thomas P. Steindler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br>(ECF CASE) |
| This document relates to:<br><br>THOMAS BURNETT, *et al*,<br><br>v.<br><br>AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al*. | 03 CV 9849 (RCC)<br><br>**[PROPOSED] ORDER** |

This matter is before the Court upon the motion of Yassin Abdullah Al Kadi for a protective order quashing the subpoena *duces tecum* issued by Plaintiffs to Citibank FSB on June 23, 2004 to the extent it requests documents relating to Mr. Kadi. This includes requests numbered. 106-117 and 133-137 of the subpoena. Upon consideration of said motion, the opposition, the supporting materials and arguments, and for good cause shown,

**IT IS HEREBY ORDERED** that Yassin Abdullah Al Kadi's motion is **GRANTED** and that Plaintiffs are precluded from seeking discovery of Citibank FSB to the extent it requests documents relating to Mr. Kadi until Mr. Kadi's jurisdictional motion has been resolved by this Court, and thus that requests numbered 106-117 and 133-137 of the June 23, 2004 subpoena are hereby quashed.

Dated: _____, 2004.

_____
Hon. Richard Conway Casey, U.S.D.J.