Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| In re: | : | SUBPOENA IN A CIVIL CASE |
|---|---|---|
| THOMAS BURNETT, SR., ET AL. | : | Case No. 03 CV 9849 |
| | : | Consolidated in 03 MD 1570 |
| V. | : | (before the Honorable Richard Conway Casey) |
| | : | |
| AL BARAKA INVESTMENT, ET AL. | : | UNITED STATES DISTRICT COURT |
| | : | Southern District of New York |

**TO:** Citibank FSB
1 Court Square
Long Island City, New York 11120

☐ **YOU ARE COMMANDED** to appear in the above named court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME: |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): AS LISTED IN ATTACHMENT "A" HERETO.
    SEE ATTACHED EXHIBIT

| PLACE: | DATE AND TIME: |
|---|---|
| Hanly Conroy Bierstein & Sheridan LLP, 415 Madison Ave., New York, NY 10017-1111 | July 26, 2004 @ 10:00am |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|

Any subpoenaed organization not a party to this suit is hereby directed pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, to file a designation with the court specifying one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and shall set forth, for each person designated, the matters on which he will testify or produce documents or things. The person so designated shall testify as to matters known or reasonably available to the organization.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE AND TIME |
|---|---|
| [signature] Jayne Conroy     Attorney for Plaintiffs | June 23, 2004 12:30 pm |

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER: Jayne Conroy, Esq. (NY Bar # JC 8611)
Hanly Conroy Bierstein & Sheridan, LLP, 415 Madison Avenue, New York, NY 10017-1111

See Federal Rule of Civil Procedure 45 (c) and (d) on Reverse Side

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS:

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2) (A) A Person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

        (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (I) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
        (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, to quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA:

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT**
**To Subpoena Duces Tecum Served On**
**Citibank**

*As used herein, the term "Document" shall mean the original or any non-identical copy of any written, printed, typed, photographed or other graphic or electronically recorded matter of any kind or nature prepared or received by, or in the possession, custody or control of the answering party, its agents, servants, employees or other representatives.*

*Unless otherwise specified, the documents specified below are required for the time period commencing January 1, 1988 and continuing through the present.*

*Copies of all documents may be served before Monday, July 26, 2004 on:*

> Hanly Conroy Bierstein & Sheridan LLP
> 415 Madison Avenue
> New York, NY 10017-1111

*Said Custodian of Records for Citibank is required to produce the following documents and other items, as specified below, which are in the possession, custody or control of Citibank and/or any of its predecessors in interest, or which were at the time under possession, custody or control of Citibank's predecessors in interest but have since been turned over to Citibank:*

1. Any documents pertaining to Benevolence International Foundation and Bosnian Ideal Future and Bosanskia Idealna Futura and/or Account Number 980110435 and/or 503 026, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

2. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Benevolence International Foundation's and Bosnian Future's and Boaanskia Idealna Futura's Account Number 980110435 and/or 503 026 from January 1, 1988 through the present;

3. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Benevolence International Foundation and Bosnian Ideal Future and Bosanskia Idealna Futura;

4. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Numbers 980110435 and/or 503 026; (ii) have signatory authority for Account Numbers 980110435 and/or 503 026;

5. All other documents in your possession, custody or control that refer to or relate to Benevolence International Foundation and Bosnian Ideal Future and Bosanskia Idealna Futura;

6. Any documents pertaining to Najib Abderrazzak and/or Account Number 412732422, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

7. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Najib Abderrazzak and/or Account Number 412732422 from January 1, 1988 through the present;

8. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Najib Abderrazzak;

2

9. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 412732422; (ii) have signatory authority for Account Number 412732422;

10. All other documents in your possession, custody or control that refer to or relate to Najib Abderrazzak;

11. Any documents pertaining to Mbarek Ahbibi and/or Account Number 11096983160, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

12. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Mbarek Ahbibi and/or Account Number 11096983160 from January 1, 1988 through the present;

13. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Mbarek Ahbibi;

14. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 11096983160; (ii) have signatory authority for Account Number 11096983160;

15. All other documents in your possession, custody or control that refer to or relate to Mbarek Ahbibi;

16. Any documents pertaining to Hazem Alnader and/or Account Number 809721019, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

17. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Hazem Alnader and/or Account Number 809721019 from January 1, 1988 through the present;

18. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Hazem Alnader;

19. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 809721019; (ii) have signatory authority for Account Number 809721019;

20. All other documents in your possession, custody or control that refer to or relate to Hazem Alnader;

21. Any documents pertaining to Said Bahaji and/or account Number 4917 8795 1523 0002 and/or 4920 4428 4455 6004 and/or 4920 4428 4455 6000, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

22. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Said Bahaji and/or Account Numbers 4917 8795 1523 0002 and/or 4920 4428 4455 6004 and/or 4920 4428 4455 6000 from January 1, 1988 through the present;

23. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Said Bahaji;

24. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 4917 8795 1523 0002 and/or, 4920 4428 4455 6004 and/or 4920 4428 4455 6000; (ii) have signatory authority for Account Number 4917 8795 1523 0002 and/or 4920 4428 4455 6004 and/or 4920 4428 4455 6000;

25. All other documents in your possession, custody or control that refer to or relate to Said Bahaji;

26. Any documents pertaining to Nesrai Mohamed Berkan and/or Account Number 104521634, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

27. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Nesrai Mohamed Berkan and/or Account Number 104521634, from January 1, 1988 through the present;

28. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Nesrai Mohamed Berkan;

29. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 104521634; (ii) have signatory authority for Account Number 104521634;.

30. All other documents in your possession, custody or control that refer to or relate to Nesrai Mohamed Berka;

31. Any documents pertaining to Ramzi Binalshibh and/or Account Numbers 4920440353198000 and/or 0105 721 069 and/or 4920 4403 5319 8002, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

32. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from any account of Ramzi Binalshibh and/or Account Number 4920440353198000 and/or 0105 721 069 and/or 4920 4403 5319 8002 from January 1, 1988 through the present;

33. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Ramzi Binalshibh;

34. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 4920440353198000 and/or 0105 721 069 and/or 4920 4403 5319 8002 ; (ii) have signatory authority for Account Number 4920440353198000 and/or 0105 721 069 and/or 4920 4403 5319 8002;

35. All other documents in your possession, custody or control that refer to or relate to Ramzi Binalshibh;

36. Any documents pertaining to Hamid Chaouk and/or Account Number 610703102, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

37. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit

5

slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Hamid Chaouk and/or Account Number 610703102 from January 1, 1988 through the present;

38. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Hamid Chaouk;

39. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 610703102; (ii) have signatory authority for Account Number 610703102.

40. All other documents in your possession, custody or control that refer to or relate to Hamid Chaouk;

41. Any documents pertaining to Nourreddin El Alami and/or Account Number 705721048, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

42. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Nourreddin El Alami and/or Account Number 705721048 from January 1, 1988 through the present;

43. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Nourreddin El Alami;

44. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 705721048; (ii) have signatory authority for Account Number 705721048;.

45. All other documents in your possession, custody or control that refer to or relate to Nourreddin El Alami;

46. Any documents pertaining to Mounir El Motassadeq and/or Account Number 304741064, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

47. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Mounir El Motassadeq and/or Account Number 304741064 from January 1, 1988 through the present;

48. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Mounir El Motassadeq;

49. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 304741064; (ii) have signatory authority for Account Number 304741064;

50. All other documents in your possession, custody or control that refer to or relate to Mounir El Motassadeq;

51. Any documents pertaining to Zakaria Essabar and/or Account Numbers 304771067and/or 304773163 and/or 4920 4411 0008 0884 and/or 4920 4411 3653 2004, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

52. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Zakaria Essabar and/or Account Number 304771067 and/or 304773163 and/or 4920 4411 0008 0884 and/or 4920 4411 3653 2004 from January 1, 1988 through the present;

53. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Zakaria Essabar;

54. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 304771067 and/or 304773163 and/or 4920 4411 0008 0884 and/or 4920 4411 3653 2004; (ii) have signatory authority for Account Numbers 304771067 and/or 304773163 and/or 4920 4411 0008 0884 and/or 4920 4411 3653 2004;

55. All other documents in your possession, custody or control that refer to or relate to Zakaria Essabar;

56. Any documents pertaining to Abderrazek Labied and/or Account Number 1309632963, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

57. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Abderrazek Labied and/or Account Number 1309632963 from January 1, 1988 through the present;

58. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Abderrazek Labied;

59. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 1309632963; (ii) have signatory authority for Account Number 1309632963;

60. All other documents in your possession, custody or control that refer to or relate to Abderrazek Labied;

61. Any documents pertaining to Ahmed Lachheb and/or Account Number 404731282, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

62. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Ahmed Lachheb and/or Account Number 404731282 from January 1, 1988 through the present;

63. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Ahmed Lachheb;

64. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 404731282; (ii) have signatory authority for Account Number 404731282;

65. All other documents in your possession, custody or control that refer to or relate to Ahmed Lachheb;

66. Any documents pertaining to Bashar Musleh and/or Account Number 1706771068, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

67. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Bashar Musleh and/or Account Number 1706771068 from January 1, 1988 through the present;

68. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Bashar Musleh;

69. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 1706771068; (ii) have signatory authority for Account Number 1706771068;

70. All other documents in your possession, custody or control that refer to or relate to Bashar Musleh;

71. Any documents pertaining to Abdelghani Mzoudi and/or Account Numbers 612721064 and/or 4509 4717 6267 7004, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

72. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Abdelghani Mzoudi and/or Account Numbers 612721064 and/or 4509 4717 6267 7004 from January 1, 1988 through the present;

73. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Abdelghani Mzoudi;

74. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Numbers 612721064 and/or 4509 4717 6267 7004; (ii) have signatory authority for Account Number 612721064 and/or 4509 4717 6267 7004;

75. All other documents in your possession, custody or control that refer to or relate to Abdelghani Mzoudi;

76. Any documents pertaining to Driss Nasr and/or Account Number 2301711024, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

77. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Driss Nasr and/or Account Number 2301711024 from January 1, 1988 through the present;

78. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Driss Nasr;

79. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 2301711024; (ii) have signatory authority for Account Number 2301711024;

80. All other documents in your possession, custody or control that refer to or relate to Driss Nasr;

81. Any documents pertaining to El Hassan Ragi and/or Account Number 201661064, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

82. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from El Hassan Ragi and/or Account Number 201661064 from January 1, 1988 through the present;

83. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and El Hassan Ragi;

84. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 201661064; (ii) have signatory authority for Account Number 201661064;

10

85. All other documents in your possession, custody or control that refer to or relate to El Hassan Ragi;

86. Any documents pertaining to Global Relief Foundation and/or Account Number 980061884, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

87. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Global Relief Foundation and/or Account Number 980061884 from January 1, 1988 through the present;

88. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Global Relief Foundation;

89. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 980061884; (ii) have signatory authority for Account Number 980061884;

90. All other documents in your possession, custody or control that refer to or relate to Global Relief Foundation;

91. Any documents pertaining to Zakariya Essabar and/or Account Number 304771067, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

92. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Zakariya Essabar and/or Account Number 304771067 from January 1, 1988 through the present;

93. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Zakariya Essabar;

94. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 304771067; (ii) have signatory authority for Account Number 304771067;

95. All other documents in your possession, custody or control that refer to or relate to Zakariya Essabar;

96. Any documents pertaining to Ahmad Raghad Mardini and/or Account Number 000-6314856 and/or 4120000669 and/or 0122-0108-64 and/or 0108011694, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

97. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Ahmad Raghad Mardini and/or Account Number 000-6314856 and/or 4120000669 and/or 0122-0108-64 and/or 0108011694 from January 1, 1988 through the present;

98. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Ahmad Raghad Mardini;

99. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 000-6314856 and/or 4120000669 and/or 0122-0108-64 and/or 0108011694; (ii) have signatory authority for Account Number 000-6314856 and/or 4120000669 and/or 0122-0108-64 and/or 0108011694;

100. All other documents in your possession, custody or control that refer to or relate to Ahmad Raghad Mardini;

101. Any documents pertaining to Enaam A. Arnaout a/k/a "Abu Mahmoud" a/k/a Abu Mahmoud al Suri" a/k/a Abu Mahmoud al Hamawi" a/k/a "Abdel Ammia", including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

102. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Enaam A. Arnaout a/k/a "Abu Mahmoud" a/ka/ Abu Mahmoud al Suri" a/k/a Abu Mahmoud al Hamawi" a/k/a "Abdel Ammia" account(s) from January 1, 1988 through the present;

103. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Enaam A. Arnaout a/k/a "Abu Mahmoud" a/k/a Abu Mahmoud al Suri" a./k/a Abu Mahmoud al Hamawi" a/k/a "Abdel Ammia";

104. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in accounts of Enaam A. Arnaout a/k/a "Abu Mahmoud" a/ka/ Abu Mahmoud al Suri" a/k/a Abu Mahmoud al Hamawi" a/k/a "Abdel Ammia" account(s); (ii) have signatory authority for Enaam A. Arnaout a/k/a "Abu Mahmoud" a/k/a Abu Mahmoud al Suri" a/k/a Abu Mahmoud al Hamawi" a/k/a "Abdel Ammia" account(s);

105. All other documents in your possession, custody or control that refer to or relate to Enaam A. Arnaout a/k/a "Abu Mahmoud" a/k/a Abu Mahmoud al Suri" a/k/a Abu Mahmoud al Hamawi" a/k/a "Abdel Ammia";

106. Any documents pertaining to Yassin Qadi and/or Account Number 38895049, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

107. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Yassin Qadi and/or Account Number 38895049 from January 1, 1988 through the present;

108. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, concerning to Yassin Qadi;

109. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 38895049; (ii) have signatory authority for Account Number 38895049;

110. All other documents in your possession, custody or control that refer to or relate to Yassin Qadi;

111. Any documents pertaining to Yassin Qadi and/or Account Number 00100105, Citibank Channel Islands Limited, PO Box 728, 38 Esplanade, St. Helier, Jersey C.I. including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

13

112. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Yassin Qadi and/or Account Number 00100105 from January 1, 1988 through the present;

113. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Yassin Qadi;

114. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 00100105; (ii) have signatory authority for Account Number 00100105;

115. All other documents in your possession, custody or control that refer to or relate to Yassin Qadi;

**116.** Any documents pertaining to Yassin Qadi transfer by and through Intermediary Bank: Citibank NA NY to Zarka National University on Account Number 203/23530 Jordan Islamic Bank, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

117. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 230/23530; (ii) have signatory authority for Account Number 230/23530;

118. Any documents pertaining to Leemount Ltd. and/or Account Number 36210253 AGI Asset Management SDN BHD, Citibank NA, 111 Wall Street, 21st Floor, NY, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

119. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Leemount Ltd. and/or Account Number 36210253 from January 1, 1988 through the present;

120. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, relating to Leemount Ltd.;

121. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 36210253; (ii) have signatory authority for Account Number 36210253;

122. All other documents in your possession, custody or control that refer to or relate to Leemount Ltd.;

123. Any documents pertaining to Solano Ltd. and/or Account Number 0113018011 Citibank Berhard, Kuala Lumpur, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

124. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Solano Ltd. and/or Account Number 0113018011 from January 1, 1988 through the present;

125. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Solano Ltd.;

126. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Number 0113018011; (ii) have signatory authority for Account Number 0113018011;

127. All other documents in your possession, custody or control that refer to or relate to Solano Ltd.;

128. Any documents pertaining to Leemount Ltd. and/or Account Reference 052327CK277, Customer Reference C121000000002505, Citibank NY, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

129. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Leemount Ltd. from January 1, 1988 through the present;

130. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and

15

all communications (oral and/or written) occurring after January 1, 1988, between or among you and Leemount Ltd.;

131. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Account Reference 052327CK277 and/or Customer Reference C121000000002505; (ii) have signatory authority for Account Reference 052327CK277 and/or Customer Reference C121000000002505;

132. All other documents in your possession, custody or control that refer to or relate to Leemount Ltd.;

133. Any documents pertaining to Yassin Qadi, including but not limited to, monthly account statements, annual account statements, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, disbursements checks, receipts, account notices;

134. Any and all documents, including but not limited to, wire transfer memos, Suspicious Activity Reports, Currency Transaction Reports, debit slips, credit slips, confirmation, correspondence, or the like, showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from Yassin Qadi's account(s) from January 1, 1988 through the present;

135. Any and all documents, including but not limited to, correspondence, letters, memoranda, notes, and e-mails, that refer to, or relate to or reflect any and all communications (oral and/or written) occurring after January 1, 1988, between or among you and Yassin Qadi;

136. Any and all documents indicating those persons and/or entities that: (i) have direct beneficial ownership and/or interest in Yassin Qadi account(s); (ii) have signatory authority for Yassin Qadi account(s);

137. Any otherdocuments in your possession, custody or control that refer to or relate to Yassin Qadi.