**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE: TERRORIST ATTACKS ON**          **MDL No. 1570 (RCC)**
**SEPTEMBER 11, 2001**                                    **ECF Case**

---

**This document relates to:**

*Thomas E. Burnett, Sr. et al. v. Al Baraka Investment and Development Corp., et al.*
*03CV 9849 (RCC)*

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO AL HARAMAIN ISLAMIC FOUNDATION AND AQEEL AL-AQEEL'S MOTION TO STAY PROCEEDINGS**

The Plaintiffs, by counsel, file the following response to the Motion to Stay Proceedings of Al Haramain Islamic Foundation (Burnett – D54) and Aqeel Al-Aqeel (Burnett –D94) (or "Defendants"). The justification for a stay, the Defendants assert, is that there is "an ongoing criminal investigation in Oregon that may involve, *inter alia* the Riyadh-based charity and its former director." Defendants' Motion to Stay at 1. The Defendants fail to provide the Court or the Plaintiffs with any information regarding the criminal investigation in Oregon. *Id*. The Defendants proceed to draw the conclusion that absent a stay they will be prejudiced. In and of itself, this total want of support should be enough to deny the Defendants' motion. However, there are additional reasons why Defendants' motion is not well taken. The analysis for determining the appropriateness of a civil stay because of a related criminal matter is well defined in the Southern District of New York. The Defendants fail each of the six factors of that balancing test.

### A. A STAY IN A CIVIL CASE IS AN EXTRAORDINARY REMEDY

A court has the discretionary authority to stay a case if the interest of justice requires it. See *United States v. Kordel*, 397 U.S. 1, 12n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1(1970); *Kashi v. Gratsos*, 790 F. 2d 1050, 1057 (2d Cir. 1986) (citing *SEC v. Dresser Industries*, 628 F.2d 1368, 1375 (DC. Cir.) (*en banc*), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)) (holding that although "the Constitution…does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings…a court may decide in its discretion to stay civil proceedings"). Courts have this discretion because the denial could imperil a party's Fifth Amendment right. *In re Par Pharmaceutical, Inc.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990). However, a stay of a civil case is an extraordinary remedy. *Id.*

### B. DEFFENDANTS FAIL TO MEET LEGAL STANDARD FOR A STAY

This issue was dealt with at some length in the case of *Trustees of the Plumbers and Pipefitters National Pension Fund, et al v. Transworld Mechanical Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995). In that case, the court set forward the following balancing test for determining if a stay of a civil case is necessary:

> There are numerous factors that should be considered in determining whether a stay is warranted, including: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* at 1139.

In conducting the balancing test, the court first looks at whether the issues in the criminal case overlap those presented in the civil case. In this instance the Defendants have not provided the Court any information. In fact, the Defendants only state an investigation "may involve

[Defendants]." Defendants' Motion to Stay at 1. This failure in the initial crucial showing is indicative that a stay is not warranted in this action. The Court need not proceed further. However, even assuming the Defendants had met their burden, the motion still fails the remaining factors of the test. In continuing the analysis, the next question is the status of the criminal matter. As the court stated in *Pipefitters*:

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act Considerations.

*Id.* at 1139. Here there is no indictment, only an on-going criminal investigation "that may involve" the Defendants. This is insufficient. The last four indicia require a court to balance the interest of the parties, the Court and the public. The Plaintiffs have alleged that the Defendants provided material support to al Qaeda directly resulting in the attacks of September 11, 2001. The Plaintiffs' ability to proceed expeditiously in presenting their case is dependent on showing material support for al Qaeda. The Defendants here are prime actors in providing that material support, and the inability to proceed against them would undermine the efforts of the Plaintiffs. The Defendants have failed to show how or why they would be burdened. There would be a burden on this Court in having to stay this matter while an investigation may or may not be ongoing. The procedural ramifications on the pending litigation would sidetrack the Court's efforts to efficiently handle this case. This would be detrimental to judicial efficiency, especially in light of the failure of the Defendants to demonstrate an overlap and the fact that there has not been an indictment. Obviously, there is great public interest in the allegations made against the Defendants and a determination by the finder of fact.

### C.    CONCLUSION

The Defendants have failed to show any compelling reason why a stay should be ordered in this matter. The Defendants merely provide an assertion that an investigation may involve them and no more. This is insufficient under the examination the Court must make in determining if a stay is appropriate. For the above stated reasons, the Plaintiffs request that the Court deny Defendants motion.

Dated:  New York, NY
       July 13, 2004                  Respectfully Submitted:

/s/_____
Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Donald A. Migliori, Esq.
Michael Elsner, Esq. (ME-8337)
Justin B. Kaplan, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina  29465
Telephone:  (843) 216-9000

William N. Riley
Amy Ficklin DeBrota, Esq.
RILEY DEBROTA LLP
3815 River Crossing Parkway, Suite 340
Indianapolis, Indiana 46240
Telephone:  (317) 848-7939

Paul J. Hanly, Jr., Esq. (PH-5486)
Jayne Conroy, Esq. (JC-8611)
Andrea Bierstein, Esq. (AB-4618)
HANLY CONROY BIERSTEIN & SHERIDAN, LLP
415 Madison Avenue
New York, New York  10017
Telephone: (212) 401-7600

Harry Huge, Esq.
HARRY HUGE LAW FIRM, LLP
Market Square North
1401 Ninth Street, N.W., Suite 450
Washington, D.C.  20004
(202) 824-6046

Attorneys for *Burnett* Plaintiffs