UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MD 1570 (RCC)<br>ECF Case |
| This document relates to:<br><br>KATHLEEN ASHTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AL-QAEDA ISLAMIC ARMY, et al.,<br><br>Defendants. | 02 CV 6977 (RCC) |

**REPLY MEMORANDUM OF LAW OF DEFENDANT SAUDI AMERICAN BANK**
**IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE CLAIMS AGAINST IT**

Henry Weisburg (HW 9820)
Brian H. Polovoy (BP 4723)
Daniel M. Segal (DS 2106)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000

Attorneys for Defendant Saudi American Bank

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

I. PLAINTIFFS' CLAIMS AGAINST SAUDI AMERICAN BANK DO NOT COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 .......... 2

II. PLAINTIFFS' CLAIMS AGAINST SAUDI AMERICAN BANK MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED .......... 4

A. Plaintiffs' Federal Statutory Claims Must Be Dismissed Because They Are Barred By Section 408(b)(1) of the ATSSSA And, In Any Event, Fail To State A Claim .......... 4

B. Plaintiffs' State Law Claims Must Be Dismissed Because They Fail To State A Claim .......... 6

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Cases** **Page**

*Atuahene v. Hartford*, 10 Fed. Appx. 33, No. 00-7711, 2001 WL 604902 (2d Cir. May 31, 2001) .......... 2-3

*Boim v. Quranic Literacy Inst.*, 291 F.3d 1000 (7th Cir. 2002).......... 5, 7

*Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86 (D.D.C. 2003) .......... 4, 5, 6

*Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983) .......... 7

*Kolbeck v. Lit America, Inc.*, 939 F. Supp. 240 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d Cir. 1998).......... 7

*L'Europeenne de Banque v. La Republica de Venezuela*, 700 F. Supp. 114 (S.D.N.Y. 1988) .......... 6

*Sparrow v. United Airlines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000).......... 3

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).......... 3

**Statutes**

*Air Transportation Safety and System Stabilization Act*, 49 U.S.C.A. § 40101 note, Pub. L. No. 107-42, 115 Stat. 230-242 (Sept. 22, 2001) .......... 4-5

*Torture Victim Protection Act*, 28 U.S.C. § 1350 note, Pub. L. 102-256, 106 Stat. 73 .......... 4

*Anti-Terrorism Act*, 18 U.S.C. § 2331 *et seq.* .......... 5

**Federal Rules**

FED. R. CIV. P. 8 .......... 2

**Miscellaneous**

Dep't of State Public Notice 1878, *Determination Sudan*, 58 Fed. Reg. 52,523 (Oct. 8, 1993).......... 6

*Staff Statement No. 15: Overview of the Enemy*, Nat'l Comm'n on Terrorist Attacks Upon The U.S. .......... 6

Defendant Saudi American Bank respectfully submits this reply memorandum in further support of its motion to dismiss the claims asserted against it in plaintiffs' Consolidated Master Complaint ("Complaint" or "CMC"). [03 MD 1570, Docket No. 223.] This memorandum replies to arguments made in the Ashton Plaintiffs' Memorandum of Law in Opposition to Defendant Saudi American Bank's Motion to Dismiss dated June 11, 2004 ("Opp. Br."). [03 MD 1570, Docket No. 227.]

## PRELIMINARY STATEMENT

Plaintiffs' Opposition Brief – like their Complaint – offers nothing more than conclusions, guilt by association, and an attempt to lump Saudi American Bank into generalized allegations against 200+ defendants. Indeed, the "Argument" section of plaintiffs' brief (pages 2 through 13) does not cite to a ***single*** paragraph in plaintiffs' Complaint. Instead, plaintiffs have submitted to the Court a brief copied in large part (and in most places verbatim) from a brief they filed in opposition to a motion to dismiss filed by two other defendants – Saleh Kamel and Al Baraka Investment and Development Corporation ("Al Baraka brief"). *See* 03 MD 1570, Docket No. 238. Evidence of the inadequacy of plaintiffs' "cut and paste" job is that they prominently include an allegation – that "one of defendants' employees paid the rent for two of the 9/11 highjackers [sic]" – that is not even alleged against Saudi American Bank in the Complaint, but is instead alleged against defendant Al Baraka. (Opp. Br. at 10; Al Baraka Brief at 14; CMC ¶¶ 480, 482.)

Plaintiffs' brief ignores the arguments made in Saudi American Bank's moving papers, fails to cite the Court to factual allegations in the Complaint that would state a claim against Saudi American Bank, and instead offers the Court platitudes on pleading standards. Ignoring Saudi American Bank's arguments does not make them go away. And repackaging the

conclusory allegations in the complaint does not make them any more viable. Simply saying over and over again that a bank "sponsored" or "conspired" or "aided and abetted" terrorism – without providing some factual basis – does not state a claim. Especially given the gravity of this matter, it is simply inexcusable for plaintiffs' counsel to name Saudi American Bank as a defendant where there are absolutely no well-pleaded factual allegations that state a claim against the bank.

## I. PLAINTIFFS' CLAIMS AGAINST SAUDI AMERICAN BANK DO NOT COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8

Plaintiffs did not respond to Saudi American Bank's arguments concerning the pleading requirements of Rule 8, choosing instead to copy verbatim general statements of the law from their opposition to other motions to dismiss. (*Compare* Opp. Br. at 2-3 *with* Al Baraka brief at 6.) Plaintiffs similarly did not respond to (much less refute) Saudi American Bank's analysis of each of the relevant paragraphs showing that no cause of action was stated. Instead, plaintiffs simply repeat their unsupported and unsupportable conclusion that the Complaint alleges that Saudi American Bank "provided financial and logistical support for Osama Bin Laden and the al Qaeda terrorist network." (Opp. Br. at 1.)

Where are the well-pleaded factual allegations that support such heinous conclusions? Not in the plaintiffs' Complaint. While plaintiffs' brief says several times that the Complaint "clearly alleges" various matters (Opp. Br. at 7, 11, 12), the Argument section of their brief does not tell us where in the Complaint these "clear" allegations can be found. Whether a complaint has met the pleading requirements of Rule 8 is necessarily a fact specific question. Plaintiffs make no mention of (much less an attempt to distinguish) the cases we cited holding that lumping defendants together with overall allegations against all defendants fails to satisfy Rule 8. (Mem. at 9-10); *Atuahene v. Hartford*, 10 Fed. Appx. 33, No. 00-7711, 2001 WL

604902, at *1 (2d Cir. May 31, 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy" the pleading requirement of Rule 8.) We invite the Court to scrutinize the allegations against Saudi American Bank that are set forth in the Complaint. (CMC ¶ 520-527). These paragraphs simply do not say what plaintiffs' brief says they say. They do not come close to stating a claim against Saudi American Bank. Both *Sparrow v. United Airlines, Inc.*, 216 F.3d 1111, 1114-15 (D.C. Cir. 2000), and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) require fair notice of the plaintiffs' claims and the grounds on which those claims rest. Our point is simply that conclusory allegations that all defendants engaged in acts of international terrorism and the like do not give a defendant in a 200+ defendant case any notice of the claims against it.[1]

Even plaintiffs' improper attempt to infer guilt-by-association has lost whatever luster it had as many of the other defendants with whom Saudi American Bank was allegedly associated have been voluntarily dismissed. For example, plaintiffs have dismissed their claims against defendants (i) Ahmed Nur Ali Jumale (a former Saudi American Bank employee who, more than a decade after leaving the bank, allegedly helped "penetrate the United States banking system") (CMC ¶ 527), (ii) Saudi Cement Company (a company that the Complaint alleges shared a common Chairman with Saudi American Bank) (CMC ¶ 522), and (iii) Arab Cement Company (a company for whom Saudi American Bank allegedly acts as a banker) (*id.*). *See* Order filed June 14, 2004 – 03 MD 1570, Docket No. 230.

---

1 Plaintiffs' Opposition Brief refers to plaintiffs' Fourth Amended Complaint dated March 10, 2004, even though plaintiffs have not served that complaint on Saudi American Bank. Paragraphs 605-608 of that Fourth Amended Complaint, to which plaintiffs refer in the "Overview" of their Opposition Brief (Opp. Br. at 1), are identical to paragraphs 522-525 of the Consolidated Master Complaint served on Saudi American Bank.

## II. PLAINTIFFS' CLAIMS AGAINST SAUDI AMERICAN BANK MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. Plaintiffs' Federal Statutory Claims Must Be Dismissed Because They Are Barred By Section 408(b)(1) Of The ATSSSA And, In Any Event, Fail To State A Claim

Plaintiffs do not attempt to counter Saudi American Bank's argument that plaintiffs' claims under the Torture Victim Protection Act (Count 5) should be dismissed. Plaintiffs' Anti-Terrorism Act argument fares no better.

First, plaintiffs are unable to take issue with the clear terms of the Air Transportation Safety and System Stabilization Act ("ATSSSA"), Pub. L. No. 107-42, 115 Stat. 230-242 (Sept. 22, 2001) (reprinted, as amended, at 49 U.S.C.A. § 40101 note (West Supp. 2003)), which establishes "a Federal cause of action for damages arising out of the hijacking and subsequent crashes" and mandates that "this cause of action shall be the exclusive remedy for damages" for such claims. ATSSSA § 408(b)(1). Section 408(b)(2) provides that "[t]he substantive law for decision in any such suit" is governed by the law of the State in which the crash occurred. Because plaintiffs' damages arise out of the hijackings and subsequent crashes, plaintiffs cannot assert claims under federal statutes other than Section 408(b)(1) of the ATSSSA, and their federal statutory claims must be dismissed. That should be the end of the story.

Rather than arguing that the ATSSSA does not establish an exclusive Federal cause of action governed by State law (when the statute makes clear that it does), plaintiffs instead argue that Saudi American Bank's reading of the ATSSSA "attempts to create a conflict where none exists and directly contradicts the holding in *Burnett*." (Opp. Br. at 12.) Plaintiffs have confused the ATSSSA's exclusive cause of action provision (Section 408(b)(1)) and the

exclusive jurisdiction provision (Section 408(b)(3)). *Burnett* held that the exclusive jurisdiction provision in Section 408(b)(3), which mandated that all suits resulting from or relating to the 9/11 attacks be brought in the Southern District of New York, does not apply to that case. *Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 95 (D.D.C. 2003). *Burnett* made no finding regarding the ATSSSA's exclusive cause of action provision. Congress could not have been clearer that this Federal cause of action is the "exclusive remedy for damages." ATSSSA § 408(b)(1). As such, plaintiffs may not assert any other Federal causes of action, including one under the Anti-Terrorism Act ("ATA").

Even if plaintiffs could theoretically still assert an ATA claim, that claim would fail as a matter of law. Plaintiffs spend much of their Opposition Brief twisting the decision in *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1011 (7th Cir. 2002), until it is unrecognizable. Under *Boim*, plaintiffs may not state a claim absent allegations that Saudi American Bank's conduct was the proximate cause of the plaintiffs' injuries and that Saudi American Bank had "knowledge of and intent to further" the terrorist attacks. *Id.* Proximate cause includes only "those injuries that might have reasonably been anticipated as a natural consequence of the defendant's actions." *Id.* at 1012 (citations omitted). In *Boim*, the Court held that the plaintiffs could not show proximate cause unless they could show that the murder was the "reasonably foreseeable result" of the defendants' donation to Hamas. *Id.*

Putting aside the supposed allegations that were made against defendants other than Saudi American Bank (such as plaintiffs' mistaken claim that they have alleged "that one of defendants' employees paid the rent for two of the 9/11 hijackers" (Opp. Br. at 10)), where are the allegations that Saudi American Bank knowingly and intentionally provided financial support to al Qaeda? The closest plaintiffs come is in their "allegation" that Saudi American Bank

financed construction projects undertaken by the Saudi Binladin Group in the Sudan "by directly providing material support and assistance to OSAMA BIN LADIN." (CMC ¶ 525.) This allegation is not only conclusory and may therefore not be relied on for purposes of a motion to dismiss, *L'Europeenne de Banque v. La Republica de Venezuela*, 700 F. Supp. 114, 122 (S.D.N.Y. 1988), but it also makes no sense. Financing a bank client building an airport or a highway in a country in which a terrorist was residing hardly constitutes "material support" of that terrorist.[2]

Plaintiffs fall far short of alleging that Saudi American Bank was the proximate cause of the September 11 attacks or that Saudi American Bank had knowledge of or intent to further the attacks. Plaintiffs' claims fail because of the total absence of an allegation of *any* causal link or *any* factual allegation concerning knowledge and intent. *See Burnett*, 274 F. Supp. 2d at 102 (Plaintiffs must show "an appropriate level of knowledge and intent on the part of that defendant and an appropriate causal link between the actions of that defendant and plaintiffs' injuries.").

**B. Plaintiffs' State Law Claims Must Be Dismissed <u>Because They Fail To State A Claim</u>**

Plaintiffs' argument that they have adequately pled state law claims is notable for what it omits: any reference to specific allegations against Saudi American Bank. While plaintiffs do not attempt to counter Saudi American Bank's argument that the claim for property damages (Count 8) should be dismissed, plaintiffs do argue that their wrongful death, survival, and assault and battery claims are sufficient when analyzed in light of their aiding and abetting

---

2 Plaintiffs are also unable to explain how Saudi American Bank could have knowingly and intentionally supported Osama Bin Ladin in Sudan when he had yet to be linked to any terrorist act and when Sudan had not yet been designated as a supporter of terrorism. *See generally Staff Statement No. 15: Overview of the Enemy*, Nat'l Comm'n on Terrorist Attacks Upon The U.S.; Dep't of State Public Notice 1878, *Determination Sudan*, 58 Fed. Reg. 52,523 (Oct. 8, 1993).

claim. (Opp. Br. at 11.) Once again, plaintiffs state that they have alleged a "causal connection between [Saudi American Bank's] acts and the September 11th attacks" without showing where or how this connection is alleged. (*Id.*) Under New York law, to show aiding and abetting liability, plaintiffs must allege actual knowledge, not merely constructive knowledge, of the wrong. *Kolbeck v. Lit America, Inc.*, 939 F. Supp. 240, 246 (S.D.N.Y. 1996), *aff'd*, 152 F.3d 918 (2d. Cir. 1998). *Boim* adopts a similar standard, by holding that in order to state a cause of action for aiding and abetting, the plaintiffs must show "that the defendants knew of Hamas' illegal activities, that they desired to help those activities succeed, and they engaged in some act of helping the illegal activities." *Boim*, 291 F.3d at 1023 (citation omitted); *see also Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983) (Aiding and abetting requires knowingly and *substantially* assisting the principal violation.). Nowhere in the Complaint is there an allegation that Saudi American Bank had even constructive knowledge of any improper or unlawful activity, let alone actual knowledge of plans to commit terrorist attacks. There is no allegation that Saudi American Bank knew of al Qaeda's illegal activities, that Saudi American Bank had any desire to help those activities, or that Saudi American Bank did help those activities. In short, there is absolutely no allegation that meets the required causation standard.

**CONCLUSION**

For the foregoing reasons, plaintiffs' claims against Saudi American Bank should be dismissed.

Dated: New York, NY
July 15, 2004

Respectfully submitted,

SHEARMAN & STERLING LLP

By: ______________________________
Henry Weisburg (HW 9820)
Brian H. Polovoy (BP 4723)
Daniel M. Segal (DS 2106)

599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000

Attorneys for Defendant Saudi American Bank

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2004, I caused a true and correct copy of the Reply Memorandum of Law Of Defendant Saudi American Bank In Further Support Of Its Motion To Dismiss The Claims Against It to be served by the Court's Electronic Case Filing System.

Dated: New York, NY
July 15, 2004

Daniel M. Segal, Esq.