UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (RCC) ECF Case |

This document relates to:

    Thomas E. Burnett, Sr., et al. v. Al Baraka
    Investment and Development Corp., et al.,
    03 CV 5738 (RCC) (originally filed in the Southern District of New York)

MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS ACTION ORIGINALLY COMMENCED IN S.D.N.Y

    CHADBOURNE & PARKE LLP
    30 Rockefeller Plaza
    New York, NY 10112
    (212) 408-5100

    Viet D. Dinh
    600 New Jersey Ave., NW
    Washington, DC 20001
    (202) 662-9324

    Attorneys for Defendant
      Yousef Jameel

Kenneth A. Caruso
Marvin R. Lange
Jeffrey I. Wasserman

Viet D. Dinh
Brian Benczkowski

    Of Counsel

Table of Contents

Page

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ..............................................................................................................................1

    POINT I

        THE COURT LACKS PERSONAL JURISDICTION ..................................................1

        A. The Applicable Test ..................................................................................................1

        B. The Court Lacks Jurisdiction
           Under Rule 4(k)(1)(A) And The New York Long-Arm Statute ...............................2

           1. The Court Lacks Specific Jurisdiction ................................................................3

           2. The Court Lacks General Jurisdiction ................................................................4

        C. The Exercise Of Jurisdiction Under The New York Long-Arm Statute
           Would Not Comport With Due Process ....................................................................5

        D. The Court Lacks Jurisdiction Under Rule 4(k)(2) And The Due Process Clause ...5

           1. Mr. Jameel Does Not Have Minimum Contacts With The United States .........6

              a. Specific Jurisdiction ....................................................................................6

              b. General Jurisdiction ....................................................................................8

           2. The Exercise Of Jurisdiction Would Be Unreasonable ...................................10

        E. Conclusion ...............................................................................................................11

    POINT II

        MR. JAMEEL HEREBY INCORPORATES
        OTHER ARGUMENTS BY REFERENCE ................................................................11

CONCLUSION .........................................................................................................................12

Table of Authorities

Page(s)

Federal Cases

AMPA Ltd. v. Kentfield Capital LLC,
  2001 WL 204198 (S.D.N.Y. Mar. 1, 2001) ...............................................................9

Asahi Metal Ind. Co. v. Superior Court of California,
  480 U.S. 102 (1987) ..............................................................................................6, 10

Ball v. Metallurgie Hoboken-Overpelt, S.A.,
  902 F.2d 194 (2d Cir. 1990) ......................................................................................11

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
  171 F.3d 779 (2d Cir. 1999) ........................................................................................7

Brought to Life Music, Inc. v. MCA Records, Inc.,
  2003 WL 296561 (S.D.N.Y. Feb. 11, 2003) ...............................................................4

Burger King Corp. v. Rudzewicz,
  471 U.S. 462 (1985) ..........................................................................................6, 8, 10

Burnett v. Al Baraka Inv. & Dev. Corp.,
  274 F. Supp. 2d 86 (D.D.C. 2003) ..............................................................................2

Burnett v. Al Baraka Inv. & Dev. Corp.,
  292 F. Supp. 2d 9 (D.D.C. 2003) ........................................................................2, 6, 7

Burnham v. Superior Court of California,
  495 U.S. 604 (1990) ....................................................................................................8

Calder v. Jones,
  465 U.S. 783 (1984) ....................................................................................................6

Chaiken v. VV Publishing Corp.,
  119 F.3d 1018 (2d Cir. 1997) ...............................................................................6, 10

Chew v. Dietrich,
  143 F.3d 24 (2d Cir. 1998) ..........................................................................................5

First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.,
  218 F. Supp. 2d 369 (S.D.N.Y. 2002) ................................................................2, 4, 8

Table of Authorities
(continued)

Page(s)

Hayman Cash Register Co. v. Sarokin,
   669 F.2d 162 (3d Cir. 1982)...................................................................................................2

Helicopteros Nacionales de Colombia, S.A. v. Hall,
   466 U.S. 408 (1984)...............................................................................................................8, 9

Hoechst Celanese Corp. v. Nylon Eng'g Resins, Inc.,
   896 F. Supp. 1190 (M.D. Fla. 1995).......................................................................................9

Int'l Shoe Co. v. Washington,
   326 U.S. 310 (1945)................................................................................................................6

Jazini v. Nissan Motor Co., Ltd.,
   148 F.3d 181 (2d Cir. 1998)....................................................................................................9

Keeton v. Hustler Magazine, Inc.,
   465 U.S. 770 (1984)................................................................................................................9

Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,
   191 F.3d 229 (2d Cir. 1999)....................................................................................................2

Mende v. Milestone Tech. Inc.,
   269 F. Supp. 2d 246 (S.D.N.Y. 2003).....................................................................................9

Metro. Life Ins. Co. v. Robertson-Ceco Corp.,
   84 F.3d 560 (2d Cir. 1996)..............................................................................1, 2, 6, 10, 11

McCarthy v. Higgins,
   2000 WL 1134479 (S.D.N.Y. Aug. 10, 2000).......................................................................7

Nascone v. Spudnuts, Inc.,
   735 F.2d 763 (3d Cir. 1984)....................................................................................................2

Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.,
   86 F. Supp. 2d 137 (E.D.N.Y. 2000) .....................................................................................2

Sportrust Assoc. Int'l, Inc. v. Sports Corp.,
   304 F. Supp. 2d 789 (E.D. Va. 2004) ....................................................................................8

Table of Authorities
(continued)

Page(s)

Tracinda Corp. v. Daimlerchrysler AG,
 197 F. Supp. 2d 86 (D. Del. 2002)..................................................................................8, 9

Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,
 751 F.2d 117 (2d Cir. 1984)................................................................................................9

Wiwa v. Royal Dutch Petrol. Co.,
 226 F.3d 88 (2d Cir. 2000)..................................................................................................3

World-Wide Volkswagen Corp. v. Woodson,
 444 U.S. 286 (1980)............................................................................................................6

State Cases

ABKCO Indus., Inc. v. Lennon,
 52 A.D.2d 435 (1st Dep't 1976)..........................................................................................4

Nilsa B.B. v. Clyde Blackwell H.,
 84 A.D.2d 295 (2d Dep't 1981)...........................................................................................4

Federal Statutes

Fed. R. Civ. P. 4(k)(1)(A) ........................................................................................................2, 3

Fed. R. Civ. P. 4(k)(2)..............................................................................................................2, 5

Fed. R. Civ. P. 12(b)(2).................................................................................................................1

Fed. R. Civ. P. 12(b)(6).................................................................................................................1

18 U.S.C. § 2334(a) ......................................................................................................................2

28 U.S.C. § 1350...........................................................................................................................2

State Statutes

N.Y. C.P.L.R. § 301......................................................................................................................4

N.Y. C.P.L.R. § 302..................................................................................................................3, 4

Table of Authorities
(continued)

Page(s)

Tracinda Corp. v. Daimlerchrysler AG,
 197 F. Supp. 2d 86 (D. Del. 2002)..................................................................................8, 9

Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,
 751 F.2d 117 (2d Cir. 1984)................................................................................................9

Wiwa v. Royal Dutch Petrol. Co.,
 226 F.3d 88 (2d Cir. 2000)..................................................................................................3

World-Wide Volkswagen Corp. v. Woodson,
 444 U.S. 286 (1980)............................................................................................................6

State Cases

ABKCO Indus., Inc. v. Lennon,
 52 A.D.2d 435 (1st Dep't 1976)..........................................................................................4

Nilsa B.B. v. Clyde Blackwell H.,
 84 A.D.2d 295 (2d Dep't 1981)...........................................................................................4

Federal Statutes

Fed. R. Civ. P. 4(k)(1)(A) ........................................................................................................2, 3

Fed. R. Civ. P. 4(k)(2)..............................................................................................................2, 5

Fed. R. Civ. P. 12(b)(2).................................................................................................................1

Fed. R. Civ. P. 12(b)(6).................................................................................................................1

18 U.S.C. § 2334(a) ......................................................................................................................2

28 U.S.C. § 1350...........................................................................................................................2

State Statutes

N.Y. C.P.L.R. § 301......................................................................................................................4

N.Y. C.P.L.R. § 302..................................................................................................................3, 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | Civil Action No.<br>03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

> Thomas E. Burnett, Sr., et al. v. Al Baraka
> Investment and Development Corp., et al.,
> 03 CV 5738 (RCC) (originally filed in the Southern District of New York)

MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS ACTION ORIGINALLY COMMENCED IN S.D.N.Y

Defendant Yousef Jameel respectfully submits this memorandum of law in support of his motion to dismiss the Third Amended Complaint pursuant to Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction or pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

ARGUMENT

POINT I

THE COURT LACKS
PERSONAL JURISDICTION

Plaintiffs have not made legally sufficient allegations that the applicable New York long-arm statute reaches Mr. Jameel or that the exercise of jurisdiction in this case would comport with due process.

A.   The Applicable Test

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). When applying a state

long-arm statute, the Court conducts a two-part inquiry. The first question is whether the plaintiff has shown that an applicable long-arm statute reaches the defendant. If the plaintiff has made that showing, then the second question is whether the assertion of jurisdiction comports with the requirements of due process. Id. at 67.

In this case, plaintiffs also contend that the Court has jurisdiction over Mr. Jameel pursuant to Rule 4(k)(2). That Rule, where applicable, extends the jurisdiction of the federal courts to the limits of due process.

B.  The Court Lacks Jurisdiction Under Rule 4(k)(1)(A)
    And The New York Long-Arm Statute

Plaintiffs allege that this action arises under the Antiterrorism Act ("ATA"), which provides for nationwide service of process, 18 U.S.C. § 2334(a); Burnett v. Al Baraka Inv. & Dev. Corp., 292 F. Supp. 2d 9, 21 (D.D.C. 2003) ("Burnett II"), but not for service in a foreign country (where, pursuant to court order, plaintiffs served Mr. Jameel by publication).[1] Therefore, Rule 4(k)(1)(A) governs the territorial limits of effective service. See, e.g., First Capital Asset Mgmt., Inc. v. Brickellbush, Inc., 218 F. Supp. 2d 369, 392 (S.D.N.Y. 2002); Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 86 F. Supp. 2d 137, 140 (E.D.N.Y. 2000).

Plaintiffs also allege that this action arises under the Alien Tort Statute ("ATS") and the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350. Those statutes, however, do

---

[1] Plaintiffs also allege RICO claims but the transferor court dismissed those claims for lack of RICO standing. See Burnett v. Al Baraka Inv. & Dev. Corp., 274 F. Supp. 2d 86 (D.D.C. 2003) ("Burnett I"). That decision is the law of the case. Nascone v. Spudnuts, Inc., 735 F.2d 763, 773 n.9 (3d Cir. 1984); Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 168-69 (3d Cir. 1982). It also is correct based on precedent in this Circuit. See, e.g., Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc., 191 F.3d 229, 241 (2d Cir. 1999).

not even provide for nationwide service of process, much less for service in a foreign country. Accordingly, Rule 4(k)(1)(A) again governs the territorial limits of effective service. Wiwa v. Royal Dutch Petrol. Co., 226 F.3d 88, 94 (2d Cir. 2000).

Rule 4(k)(1)(A) provides, in pertinent part:

> Service of a summons . . . is effective to establish jurisdiction over the person of a defendant . . . who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.

Therefore, the question is whether Mr. Jameel is subject to the jurisdiction of the courts of New York. The answer, as demonstrated below, is no.

1. The Court Lacks Specific Jurisdiction

Section 302(a) of the CPLR provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
> ***
> 2. commits a tortious act within the state . . . or
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he
>     (i) regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>     (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

On the facts of this case, the Court does not have specific jurisdiction over Mr. Jameel pursuant to this statute. Plaintiffs do not, and cannot, contend that Mr. Jameel committed a tortious act in New York. § 302(a)(2). On the contrary, the theory of plaintiffs' case is that Mr. Jameel acted in a foreign country.

Nor does the Court have jurisdiction pursuant to § 302(a)(3). Under that sub-division, plaintiffs must show more than injury in New York. Plaintiffs must show that Mr.

3

Jameel "regularly" does or solicits business, engages in some other "persistent" course of conduct or derives "substantial" revenue from goods or services in New York. In this case, plaintiffs do not, and cannot, allege that Mr. Jameel meets the statutory test.

As shown below, plaintiffs do not allege facts sufficient to permit the inference that Mr. Jameel expected or reasonably should have expected his acts to have consequences in the United States. See pages 6-8 infra. It follows that the allegations in the Third Amended Complaint do not permit the inference that Mr. Jameel expected or reasonably should have expected his acts to have consequences in New York.[2]

### 2. The Court Lacks General Jurisdiction

Section 301 of the CPLR provides:

> A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore.

Section 301 confers general jurisdiction over an individual defendant served outside New York only if that individual is a domiciliary or a resident of New York. See Nilsa B.B. v. Clyde Blackwell H., 84 A.D.2d 295, 301-06 (2d Dep't 1981); Brought to Life Music, Inc. v. MCA Records, Inc., 2003 WL 296561, at *3-4 (S.D.N.Y. Feb. 11, 2003). But see ABKCO Indus., Inc. v. Lennon, 52 A.D.2d 435, 440 (1st Dep't 1976). Plaintiffs do not, and cannot, allege that Mr. Jameel is a domiciliary or a resident of New York.

---

[2] In an appropriate case, section 302 allows a court to exercise jurisdiction over a person "who acts . . . by an agent," including a co-conspirator. In this case, however, plaintiffs cannot obtain jurisdiction over Mr. Jameel pursuant to a conspiracy theory because plaintiffs do not, and cannot, allege that the 9/11 hijackers acted for the benefit of Mr. Jameel, at Mr. Jameel's direction, under Mr. Jameel's control, at Mr. Jameel's request, or on Mr. Jameel's behalf. First Capital, 218 F. Supp. 2d at 394.

4

C. The Exercise Of Jurisdiction Under The New York
Long-Arm Statute Would Not Comport With Due Process

Plaintiffs have not made legally sufficient allegations that the applicable long-arm statute reaches Mr. Jameel. Accordingly, the Court's inquiry is at an end and the Court need not reach the question whether the exercise of jurisdiction would comport with due process.

In any event, the exercise of jurisdiction would not comport with due process. As demonstrated below, the Court lacks personal jurisdiction pursuant to Rule 4(k)(2) and the Due Process Clause because plaintiffs do not, and cannot, make legally sufficient allegations that Mr. Jameel has the requisite minimum contacts with the United States as a whole. It follows that Mr. Jameel does not have the requisite minimum contacts with New York.

D. The Court Lacks Jurisdiction Under
Rule 4(k)(2) And The Due Process Clause

Rule 4(k)(2) does not help plaintiffs here. That Rule provides:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons . . . is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Rule 4(k)(2) serves as a long-arm statute in federal question cases in which the defendant is not subject to the jurisdiction of the courts of any state. Under Rule 4(k)(2), the question is whether the exercise of jurisdiction is consistent with due process.

The due process inquiry raises two questions. The first question is whether the defendant has "minimum contacts" with the forum. When making the minimum contacts inquiry, the Court applies the Fifth Amendment, not the Fourteenth Amendment. Therefore, the Court examines the defendant's contacts with the United States as a whole. Chew v. Dietrich, 143 F.3d 24, 28 n.4, 30 (2d Cir. 1998). If the defendant has the requisite minimum

5

contacts, the second question is whether the exercise of jurisdiction comports with "'traditional notions of fairplay and substantial justice' -- that is, whether it is reasonable under the circumstances of the particular case." Metro. Life, 84 F.3d at 568, quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In this case, the exercise of jurisdiction would not comport with due process.

    1.    <u>Mr. Jameel Does Not Have Minimum Contacts With The United States</u>

        a.    <u>Specific Jurisdiction</u>

Plaintiffs do not, and cannot, allege that this action arises out of Mr. Jameel's contacts with the United States. And, to satisfy the Due Process Clause with respect to actions outside the United States, plaintiffs must allege facts sufficient to support the inference that Mr. Jameel "expressly aimed" or "purposefully directed" his actions at the United States, and that he could foresee being "haled into court" here. Burnett II, 292 F. Supp. 2d at 22-23 (citing cases). See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Calder v. Jones, 465 U.S. 783, 789-90 (1984); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985); Asahi Metal Ind. Co. v. Superior Court of California, 480 U.S. 102, 112 (1987); Chaiken v. VV Publishing Corp., 119 F.3d 1018, 1028 (2d Cir. 1997).

For jurisdictional purposes, moreover, it is not enough that the defendant foresee injury in the forum state. Rather, "the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Burger King, 471 U.S. at 474 (quotations omitted).

In this case, the Third Amended Complaint provides no basis for an inference that Mr. Jameel aimed or directed his actions at the United States, or foresaw that al Qaeda would attack the United States and that he would be haled into court here. Plaintiffs rely on a

general -- and obviously insufficient -- allegation that the acts of all defendants "caused" plaintiffs injuries, Third Amended Complaint ¶ 649, and the unsupported conclusory allegation that Mr. Jameel acted "with knowledge that the funds would be used to support al Qaeda and its international terrorist agenda in attacking the United States."  More Definite Statement ¶ 10.  Such conclusions, in the absence of specific supporting facts, are insufficient to establish personal jurisdiction.  See e.g. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 793 (2d Cir. 1999); McCarthy v. Higgins, 2000 WL 1134479, at *2 (S.D.N.Y. Aug. 10, 2000) (Casey, J.).

Equally important, as shown more fully in Point II(B) of the memorandum of law submitted in 03 CV 9849, plaintiffs' allegations, even assumed to be true, simply do not demonstrate that Mr. Jameel knowingly directed activities at the United States.  As Judge Robertson earlier held in this case, it is not enough that plaintiffs allege that a defendant "personally donated money to the IIRO, the WML, the WAMY, and Al-Haramain, knowing that those foundations funded terrorist organizations including Al Qaeda."  Burnett II, 292 F. Supp. 2d at 22-23.  A fortiori, dismissal follows where, as here, plaintiffs allege no facts that permit an inference that Mr. Jameel contributed to charities or individuals with the knowledge that they funded terrorism, let alone with the required intent to direct the effects of his actions at the United States.  Finally, plaintiffs allege no facts to defeat the conclusion that the 9/11 attacks were caused by the superseding criminal acts of the 9/11 hijackers and therefore were not foreseeable by Mr. Jameel.  For the same reasons that the Third Amended

7

Complaint fails to state a claim, plaintiffs fail in their attempt to bootstrap these allegations to support jurisdiction.[3]

    b.   General Jurisdiction

Plaintiffs next contend that Mr. Jameel's contacts with the United States would support general jurisdiction. But where, as here, an individual defendant is served outside the United States, a court can have general jurisdiction only if that individual is a U.S. national, domiciliary or resident. See Burnham v. Superior Court of California, 495 U.S. 604, 610 n.1 (1990) ("It may be that whatever special rule exists permitting 'continuous and systematic' contacts . . . to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations.") (emphasis in original); Sportrust Assoc. Int'l, Inc. v. Sports Corp., 304 F. Supp. 2d 789, 792 (E.D. Va. 2004) ("Although it declined to decide the issue, the Supreme Court has questioned whether this type of general jurisdiction can ever apply to individuals, rather than corporations."); Tracinda Corp. v. Daimlerchrysler AG, 197 F. Supp. 2d 86, 97 (D. Del. 2002) ("Indeed, the United States Supreme Court, and other

---

[3] Finally in this respect, plaintiffs cannot obtain jurisdiction over Mr. Jameel on the theory that he "conspired" with the 9/11 hijackers. The Due Process Clause forbids the Court from asserting jurisdiction based upon the contacts of a party or person other than the defendant himself. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984) (citing cases). The Supreme Court has never addressed the conspiracy theory of jurisdiction. It has, however, required pleading and proof that the nondomiciliary defendant "purposefully . . . direct[ed]" an agent's activities. Burger King, 471 U.S. at 480 n.22. The Second Circuit, applying the CPLR, requires a showing that the alleged co-conspirator acted at the direction, under the control, at the request or on behalf of the non-domiciliary defendant. First Capital, 218 F. Supp. 2d at 394-95. The case law provides no reason to conclude that the test for due process purposes would be substantially more relaxed than the CPLR test. Applying that test, due process forbids the exercise of jurisdiction over Mr. Jameel. First, plaintiffs have made only conclusory allegations that Mr. Jameel joined the 9/11 conspiracy. Second, plaintiffs do not, and cannot, allege that the 9/11 hijackers acted to benefit Mr. Jameel, or acted at the direction, under the control of, at the request of or on behalf of Mr. Jameel.

courts, have expressed reservations as to whether general jurisdiction may extend to non-resident individuals."); Hoechst Celanese Corp. v. Nylon Eng'g Resins, Inc., 896 F. Supp. 1190, 1193 n.4 (M.D. Fla. 1995) ("Nor is it clear that general jurisdiction can ever be held over private, non-resident defendant."). Plaintiffs do not, and cannot, allege that Mr. Jameel is a U.S. national, domiciliary or resident.

In any event, plaintiffs simply do not allege the "continuous and systematic" contacts required for general jurisdiction. Helicopteros, 466 U.S. at 415-16. For example, plaintiffs allege that a company they call "Jaymont" owns property and engages in business in New York, Boston, Miami, Orlando and San Francisco. More Definite Statement ¶¶ 4-5. These allegations fail because they make no connection between Jaymont and Mr. Jameel. Plaintiffs do not, and cannot, even begin to make allegations sufficient to establish that Jaymont's contacts are attributable to Mr. Jameel.

Equally insufficient is the allegation that Mr. Jameel is a former director and shareholder of a company called Global Natural Resources, Inc. Id. ¶ 6. Jurisdiction over a corporation does not provide jurisdiction over a director or a shareholder of that corporation. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n.13 (1984); Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 184-86 (2d Cir. 1998); Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 120 (2d Cir. 1984); Mende v. Milestone Tech. Inc., 269 F. Supp. 2d 246, 253 n.5 (S.D.N.Y. 2003); AMPA Ltd. v. Kentfield Capital LLC, 2001 WL 204198, at *2-4 (S.D.N.Y. Mar. 1, 2001); Tracinda Corp. v. DaimlerChrysler AG, 197 F. Supp. 2d at 86, 98-99. A fortiori this is true with respect to a former director and shareholder, particularly where the individual's connection to the corporation ceased nearly

9

20 years ago, in 1985.  See Declaration of Kenneth A. Caruso, dated July 16, 2004.  Plaintiffs' contentions do not even begin to provide a basis for piercing the corporate veil.

Finally, plaintiffs allege that the Jameel Group "has provided funding for scholarship programs in the United States."  More Definite Statement ¶ 7.  That allegation, however, is completely irrelevant to jurisdiction.  Scholarships and charitable giving -- in contrast to connections to a forum such as domicile and residence -- have never been regarded as a basis for general jurisdiction.  And, again, there is no allegation that Mr. Jameel has any involvement in the Jameel Group's "funding for scholarship programs in the United States."

2. The Exercise Of Jurisdiction Would Be Unreasonable

Because Mr. Jameel does not have minimum contacts with the forum, the Court need not examine the fairness of the exercise of jurisdiction.  In any event, the exercise of jurisdiction would be unreasonable.

The Court examines five factors:  (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiffs' interest in obtaining convenient and effective relief; (4) the interstate or international judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states or foreign countries in furthering substantive social policies.  Asahi, 480 U.S. at 114; Burger King, 471 U.S. at 476-77; Metro. Life, 84 F.3d at 568.

Here, the first such factor is decisive.  This litigation would impose a severe burden on a foreign national who has no presence in the United States.  "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."  Asahi, 480 U.S. at 113.  Accord, Chaiken, 119 F.3d at 1029.  Those

burdens only increase in this case because many witnesses and substantial evidence are located outside the United States.  <u>Metro. Life</u>, 84 F.3d at 574.

E.	<u>Conclusion</u>

"Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction."  <u>Ball</u> v. <u>Metallurgie Hoboken-Overpelt, S.A.</u>, 902 F.2d 194, 197 (2d Cir. 1990).  Here, however, plaintiffs have not made legally sufficient allegations of jurisdiction.  Their case fails and should be dismissed.

POINT II

MR. JAMEEL HEREBY INCORPORATES
OTHER ARGUMENTS BY REFERENCE

Mr. Jameel hereby incorporates by reference the other arguments made in his memorandum of law submitted in 03 CV 9849.

## CONCLUSION

For the foregoing reasons, the Third Amended Complaint should be dismissed.

Dated: New York, New York
July 16, 2004

                CHADBOURNE & PARKE LLP

By     /s/ Kenneth A. Caruso
      Kenneth A. Caruso (KC-7769)
      A Member of the Firm
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100

By     /s/ Viet D. Dinh
      Viet D. Dinh (VD-1388)
      Pro Hac Vice (application pending)
600 New Jersey Ave., NW
Washington, DC 20001
(202) 662-9324

Attorneys for Defendant Yousef Jameel

Of Counsel:

    Kenneth A. Caruso
    Marvin R. Lange
    Jeffrey I. Wasserman

    Viet D. Dinh
    Brian Benczkowski

NY3 - 356375.02