UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | Civil Action No.<br>03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

    Thomas E. Burnett, Sr., et al. v. Al Baraka
    Investment and Development Corp., et al.,
    03 CV 9849 (RCC) (originally filed in the District of Columbia)

## NOTICE OF FILING OF OMITTED EXHIBIT AND SUPPLEMENTAL DECLARATION OF KENNETH A. CARUSO IN SUPPORT OF DEFENDANT YOUSEF JAMEEL'S MOTION TO DISMISS

On Friday, July 16, 2004, Defendant Yousef Jameel filed his motion to dismiss the Third Amended Complaint. See 03 MDL 1570 (Docket No. 302); 03 CV 9849 (Docket No. 98). In support of that motion, the Declaration Of Kenneth A. Caruso In Support Of Defendant Yousef Jameel's Motion To Dismiss, dated July 16, 2004 (the "Caruso Declaration"), contains a number of exhibits. See 03 MDL 1570 (Docket No. 304); 03 CV 9849 (Docket No. 100).

Exhibit F, the Government's Evidentiary Proffer Supporting the Admissibility of Coconspirator Statements (January 6, 2003), U.S. v. Arnaout, No.02-CR-892 (N.D.Ill. 2003) (the "Arnaout Proffer"), available at http://news.findlaw.com/hdocs/docs/bif/usarnaout10603prof.pdf, was omitted, however. Annexed hereto is a Supplemental Declaration Of Kenneth A. Caruso In Support Of Defendant Yousef Jameel's Motion To Dismiss, dated July 19, 2004 (the "Supplemental Caruso Declaration"). The Supplemental Caruso Declaration explains the omission, amends the Caruso Declaration and attaches those pages of the Arnaout Proffer that are cited by Mr. Jameel in his Memorandum Of Law In Support Of Motion To Dismiss, dated July 16, 2004. See 03 MDL 1570 (Docket No. 303); 03 CV 9849 (Docket No. 99).

Those pages should be deemed Exhibit F to the Caruso Declaration, 03 MDL 1570 (Docket No. 304) and 03 CV 9849 (Docket No. 100).

Dated: New York, New York
July 19, 2004

CHADBOURNE & PARKE LLP

By    /s/ Kenneth A. Caruso
Kenneth A. Caruso (KC-7769)
A Member of the Firm
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100

Case 1:03-md-01570-GBD-SN   Document 317   Filed 07/19/04   Page 3 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACKS ON
   SEPTEMBER 11, 2001

Civil Action No.
03 MDL 1570 (RCC)
ECF Case

**SUPPLEMENTAL DECLARATION
OF KENNETH A. CARUSO
IN SUPPORT OF DEFENDANT
YOUSEF JAMEEL'S MOTION TO DISMISS**

This document relates to:

   Thomas E. Burnett, Sr., et al. v. Al Baraka
   Investment and Development Corp., et al.,
   03 CV 9849 (RCC) (originally filed in the District of Columbia)

KENNETH A. CARUSO declares the following:

1.    I am a member of the Bar of this Court and a member of the firm of Chadbourne & Parke LLP, counsel to defendant Yousef Jameel. I submit this supplemental declaration in support of Mr. Jameel's motion to dismiss.

2.    On Friday, July 16, 2004, Defendant Yousef Jameel filed his motion to dismiss the Third Amended Complaint. See 03 MDL 1570 (Docket No. 302); 03 CV 9849 (Docket No. 98). In support of that motion, the Declaration Of Kenneth A. Caruso In Support Of Defendant Yousef Jameel's Motion To Dismiss, dated July 16, 2004 (the "Caruso Declaration"), contains a number of exhibits. See 03 MDL 1570 (Docket No. 304); 03 CV 9849 (Docket No. 100).

3.    Exhibit F, the Government's Evidentiary Proffer Supporting the Admissibility of Coconspirator Statements (January 6, 2003), U.S. v. Arnaout, No.02-CR-892 (N.D.Ill. 2003) (the "Arnaout Proffer"), available at http://news.findlaw.com/hdocs/docs/bif/usarnaout10603prof.pdf, was omitted, however. It was omitted because the document contained certain embedded security measures that prevented it from being filed in the ECF system. The Arnaout Proffer is

quite lengthy, but in the format in which we possessed it, it was of a small enough file size to be filed in compliance with the ECF rules. To file it in a different format, however, would require us to exceed the ECF file-size limits.

    4.    Accordingly, I hereby amend the portion of the Caruso Declaration that states that "Exhibit F is a copy of the Government's Evidentiary Proffer Supporting the Admissibility of Coconspirator Statements (January 6, 2003), <u>U.S. v. Arnaout</u>, No.02-CR-892 (N.D.Ill. 2003)."

    5.    That section should now read as follows:

        a.    Exhibit F is a copy of those pages of the Government's Evidentiary Proffer Supporting the Admissibility of Coconspirator Statements (January 6, 2003), <u>U.S. v. Arnaout</u>, No.02-CR-892 (N.D.Ill. 2003), that are cited by Mr. Jameel in his Memorandum Of Law In Support Of Motion To Dismiss, dated July 16, 2004.

    6.    A copy of those pages is annexed hereto. If the Court requests, we would be pleased to file the entire Arnaout Proffer, as we originally sought to do, either via ECF or in hard copy.

I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on July 19, 2004.

                                        /s/ Kenneth A. Caruso
                                        KENNETH A. CARUSO

NY3 - 356738.02

# Exhibit F

FindLaw
WWW.FINDLAW.COM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | No. 02 CR 892 |
| | ) | |
| ENAAM M. ARNAOUT | ) | Hon. Suzanne B. Conlon |

**GOVERNMENT'S EVIDENTIARY PROFFER SUPPORTING**
**THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits this proffer, pursuant to Federal Rule of Evidence 801(d)(2)(E) and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1987), of the government's evidence supporting the admission of coconspirators' statements at trial.

BIF possessed in the file a handwritten draft list of the people referred to within *al Qaeda* as the "Golden Chain," wealthy donors to *mujahideen* efforts. Ex. 5. At the top of the list is a Koranic verse stating: "And spend for God's cause." *Id.* The list contains twenty names, and after each name is a parenthetical, likely indicating the person who received the money from the specified donor. *Id.* "Usama" appears after seven of the listings, including the listing "Bin Laden Brothers." *Id.* "Baterji", LBI's and BIF's founder, appears after six of the listings. *Id.* Only three other persons are listed in the parentheses. *Id.*

Included in the same file as the "Golden Chain" notes is an article from the *Arab News* on May 4, 1988, titled "Arab Youths Fight Shoulder to Shoulder With Mujahedeen." Ex. 6; *see also* Ex.7. A photograph within the article shows Bin Laden walking with defendant Arnaout, referred to in the caption as "Abu Mahmoud from Syria," *Id.* at 2. Another photograph within the article shows "Ayman Khayyat from Jeddah holding a rifle." *Id.* Khayyat was a high-ranking officer in LBI who later worked for BIF. The article discusses a battle in the *Masada* area of the Jaji region, and noted that defendant Arnaout, referred to as "Abu Mahmoud, a youth from the Syrian city of Hamat," was there. The article quotes defendant Arnaout who said that Russians destroyed the trees the *mujahideen* hoped to use as fortifications. *Id.*

BIF's Tareekh Osama file contains a letter written to "Generous brother Abu Al-Rida" from "Your brother Abu Al-Qaaqaa", an alias of Usama Bin Laden. Ex. 8. "Abu Al-Rida" is Mohamed Loay Bayazid, who, as discussed above, was president of BIF in 1994. The letter states that although it is from Bin Laden, it is signed by defendant Arnaout, using the name Abu Mahmoud. *Id.* Defendant Arnaout wrote, "He [Bin Laden] is far away from me and he authorized me through a communication to sign on his

30

### M. BIF's Matching Gift Program

As explained in the Indictment, BIF had a "matching gift program" with which it encouraged donors to solicit their employers to match individual donations. The matching gift program is explained in BIF's "Double the Donation" memorandum. Ex. 240. In explaining how the program works, the memorandum states: "In actual fact BIF has long received direct employee donations as well as matching gifts from many firms including Microsoft, UBS, and Compaq in Houston, TX." *Id.*

BIF also prepared for its employees a memorandum titled "Precautions Facing the Matching Gifts Program." Ex. 241. The memorandum notes: "The company may ask for certain information from B.I.F. Usually, the 501c (tax exempt) letter that is in the folder. ***Please make sure to read the application carefully and give them, only what they ask for." *Id.* (emphasis in original). The memorandum further instructs: "CONFIDENTIALITY IS KEY TO THIS PROGRAM. Answer questions in a general way, but be careful not to give away specifics. ie: the procedures we follow to get back with donors and the companies." *Id.* (emphasis in original). Given the massive fraud BIF was perpetrating upon unknowing donors, it was essential to the success of the scheme that BIF employees be evasive in dealing with inquisitive corporate donors.

### N. Fundraising by Yusuf Ansari Wells

BIF records reveal that its fundraiser Yusuf Ansari Wells openly solicited donations to support *jihad* efforts from various donors. A January 3, 2000 letter to Wells accompanying a money order thanks him for a particular presentation and indicates that the donation is for "our brother fighting for the sake of Allah" and stating "may Allah continue to help the mujahideen." Ex. 242. A report Wells provided to another BIF employee on May 8, 2001 described an April fundraising trip Wells made to Eastern states

98

## III. CONCLUSION

This proffer of evidence, much of which the government expects to introduce in its case-in-chief with other evidence, demonstrates that beginning in or around 1987, in Pakistan, defendant Arnaout and others conspired to support the efforts of persons engaged in violence through the BIF Enterprise, including LBI and BIF, as described in the Indictment. In 1992, members of the conspiracy chose to incorporate and headquarter the enterprise in the U.S. in order to best use the cover of relief work – and the credibility of an American based charity – to assist fighters in various areas of the world, and they concealed from donors and various governments and, ultimately, a federal court that it was materially assisting those fighters. The government respectfully submits that the evidence recited above establishes by a preponderance of the evidence that (1) a conspiracy existed; (2) defendant Arnaout and the declarants discussed above were members of such conspiracy; and (3) the statements were made during the course of and in furtherance of such conspiracy.

WHEREFORE, the government respectfully moves this Court for a ruling that these statements, along with the documents recovered from BIF and sources related to BIF attached hereto, are admissible against defendant Arnaout.

Respectfully submitted,

_____
PATRICK J. FITZGERALD
United States Attorney

DEBORAH L. STEINER
JOHN C. KOCORAS
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor

105

Chicago, Illinois  60604
(312) 353-5300

## CERTIFICATE OF SERVICE

The undersigned attorney, John C. Kocoras, certifies that he is employed in the Office of the United States Attorney for the Northern District of Illinois; that on the 6th day of January 2003, he served a copy of the foregoing GOVERNMENT'S EVIDENTIARY PROFFER SUPPORTING THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS with attachments via messenger to:

Mr. Joseph Duffy, Esq.
Stetler & Duffy Ltd.
140 South Dearborn Street
Suite 400
Chicago, Illinois 60603

_____
JOHN C. KOCORAS
Assistant U.S. Attorney