UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br>(ECF CASE) |
| This document relates to:<br><br>THOMAS BURNETT, *et al*,<br><br>v.<br><br>AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.* | 03 CV 9849 (RCC)<br><br>**SECOND DECLARATION OF THOMAS P. STEINDLER** |

THOMAS P. STEINDLER under penalty of perjury deposes and says:

1. I am a member of the firm of McDermott Will & Emery LLP, attorneys herein for defendant Yassin Abdullah Al Kadi. I submit this Second Declaration in support of Mr. Kadi's motion for a Protective Order quashing the subpoena issued by Plaintiffs to Citibank FSB on June 23, 2004 (the "Citibank Subpoena") to the extent that it seeks documents relating to Mr. Kadi.

2. Prior to filing the motion for a Protective Order, I telephoned one of plaintiffs' lawyers, Justin Kaplan, Esquire, in order to satisfy my meet and confer obligations. I advised Mr. Kaplan that I intended to file a motion for a protective order and to quash the subpoena directed to Citibank FSB, and asked Mr. Kaplan what plaintiffs' position would be regarding such a motion. Mr. Kaplan advised that he would consult with his colleagues and call me back with an answer. He called back later that day and advised that plaintiffs would oppose the motion. Thereafter, I filed the motion and noted that plaintiffs would oppose.

3. After I had caused the motion to be filed electronically, on July 1, 2004, I received a faxed copy of a letter from Ronald L. Motley, plaintiffs' lead counsel, regarding the

motion. A copy of the letter is attached as Exhibit A. Mr. Motley stated that he had been out of the country and would get back to me with regard to the Citibank subpoena the following week.

4.   After I returned from the July 4 week-end, I telephone Mr. Kaplan and told him that if Mr. Motley or any other counsel on the plaintiffs' legal team wished to discuss the Citibank subpoena, I would be more than willing to speak with them. Mr. Kaplan said he would look into the matter and get back to me. I never heard from Mr. Motley or any other member of plaintiffs' legal team, until I heard from Mr. Kaplan who called to ask for an extension. I asked him whether there was any interest on the part of plaintiffs' legal team in discussing the Citibank subpoena, and he indicated there was not. The sole purpose of his call was to ask for an extension of time for plaintiffs to file their opposition brief, to which I consented.

5.   On July 21, 2004, I contacted James L. Kerr, Esquire, counsel for Citibank NA and Citibank FSB. Mr. Kerr stated that his clients would not produce any documents responsive to the contested calls of the subpoena until Mr. Kadi's motion for protective order and to quash had been resolved by the Court.

I swear under penalty of perjury that the foregoing is true and correct.

Dated: July 23, 2004

/s/ Thomas P. Steindler
Thomas P. Steindler

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 23rd day of July, 2004, I caused copies of Defendant Yassin Abdullah Al Kadi's Reply Memorandum Of Law In Support Of Motion For A Protective Order And To Quash Subpoena Served On Citibank FSB and the Second Declaration of Thomas P. Steindler to be served electronically pursuant to the Court's ECF system.

                                                    /s/ Thomas P. Steindler
                                                      Thomas P. Steindler