**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) | 03 MDL No. 1570 (RCC) ECF Case |

This document relates to:

C.A. No. 03-CV-9849 (RCC)
THOMAS E. BURNETT, SR., *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*

**REPLY BRIEF IN SUPPORT OF DR. ABDULLAH NASEEF'S
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

<div style="margin-left:40%">

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Dr. Abdullah Naseef (D97)

</div>

DATED:  July 23, 2004

**INTRODUCTION**

In his motion to dismiss (Docket No. 87), Dr. Abdullah Naseef (D97) argued that dismissal was warranted, pursuant to Rules 12(b)(2) and 12(b)(5), Fed. R. Civ. P., because this court lacks personal jurisdiction over him, since his minimal contacts with this country were unrelated to the plaintiffs' allegations against him, and because plaintiffs' attempt to serve him at the Saudi Embassy was improper. Plaintiffs' Opposition (Docket No. 278) improperly makes new factual allegations – which appear nowhere in the Complaint – to support their claim that personal jurisdiction over Dr. Naseef is appropriate. This Court should not consider these new allegations. However, even if the Court were to consider the "new allegations," they still fail to provide any legally sufficient basis for keeping Dr. Naseef in this lawsuit.

**ARGUMENT**

**I.    This Court Does Not Have Personal Jurisdiction Over Dr. Naseef.**

Plaintiffs' Opposition fails to address the threshold issue: this Court lacks personal jurisdiction over Dr. Naseef, a nonresident foreign defendant, because he has not done anything that connects him to this forum, or to the acts that allegedly caused or supported the September 11 attacks. Although plaintiffs now claim that Dr. Naseef somehow supported al Qaeda (Opp. at 5-6), the allegations they present fail to show that Dr. Naseef supported, or proximately caused, the September 11 attacks.

Plaintiffs have a burden to "allege facts constituting a *prima facie* showing of personal jurisdiction." PDK Labs v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997). Neither in their Complaint, nor even in the newly-raised allegations, do they make out such a *prima facie* case. Instead, they argue that this Court should look at the contacts of all the defendants with this

1

forum, see Pl. Opp. (Al-Husaini), at 13-17, which contravenes the Supreme Court's clear mandate that "each defendant's contacts with the forum state must be assessed individually." Calder v. Jones, 465 U.S. 783, 790 (1984); PDK Labs, 103 F.3d at 1108 ("personal jurisdiction inquiries are necessarily fact sensitive because each case is dependent upon its own particular circumstances."). Instead, it is plaintiffs' burden, under Rule 8(a)(1), Fed. R. Civ. P., to plead facts in their complaint that would support the exercise of personal jurisdiction over each defendant. It is not defendants' burden to ask for a more definite statement under Rule 12(e), Fed. R. Civ. P., with respect to personal jurisdiction. "Motions for more definite statements are generally disfavored," MTV Networks v. Curry, 867 F. Supp. 202, 207-08 (S.D.N.Y. 1994), since Rule 12(e) "is designed to correct only unintelligibility in a pleading, not merely a claimed lack of detail." FRA S.p.A. v. Surg-O-Flex of Amer., Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976).

Further, plaintiffs have countered only one of the three defenses set forth in Dr. Naseef's motion to dismiss – that relating to a theory of "specific jurisdiction." Therefore, the only theory that plaintiffs may rely upon is one of specific jurisdiction, i.e., that Dr. Naseef was an officer of MWL and Rabita, and that he "purposefully directed his conduct at the United States." See Opp. at 5. It is settled law that when a defense is raised in a dispositive motion, but the plaintiff fails to respond to that defense, the plaintiff has conceded the defense. Edward B. Marks Music Corp. v. Continental Record Co., 222 F.2d 488, 493 (2d Cir. 1955); accord Stephenson v. Cox, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("Furthermore, when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

      **A.**    **Plaintiffs Have Improperly, And Without Court Approval, Amended Their Complaint By Raising New Allegations In Their Opposition Brief.**

This Court must disregard any new allegations submitted by plaintiffs in their Opposition as constituting an improper attempt to amend their complaint without court approval. See Opp., at 5-6. However, if this Court were to approve this amendment, then Dr. Naseef must be given an opportunity to move to dismiss the newly amended complaint, as an opposition cannot raise new facts that the movant has not had the opportunity to address in his dispositive motion. Under Second Circuit precedent, the plaintiffs cannot amend their Complaint by adding allegations for the first time in an opposition to a motion to dismiss. See Wright v. Ernst & Young, LLP, 152 F.3d 169, 178 (2d Cir. 1998); Jacobson v. Peat, Marwick, Mitchell & Co., 445 F. Supp. 518, 526 (S.D.N.Y. 1977) ("a party is not entitled to amend his pleading through statements in his brief"). Nor does 28 U.S.C. § 1653 allow the plaintiffs "liberal amendments as to jurisdiction" (Opp. at 4), since it is settled law that Section 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Newman-Green v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989); accord Asset Value Fund Ltd. P'ship v. The Care Group, 179 F.R.D. 117, 119 (S.D.N.Y. 1998) (quoting Newman-Green). Therefore, this Court cannot consider plaintiffs' personal jurisdiction arguments, because they rely entirely on "new facts" alleged for the first time in plaintiffs' opposition.

      **B.**    **Plaintiffs's Allegations In The Complaint Regarding Dr. Naseef Fail To Support The Exercise of Personal Jurisdiction Over Him.**

Plaintiffs' allegations in the Third Amended Complaint about Dr. Naseef, as enumerated in Dr. Naseef's motion to dismiss, fail to provide any basis for personal jurisdiction. Plaintiffs falsely allege that he is the founder and current chairman of the Rabita Trust. See Third Am.

Compl., at ¶ 274.  Plaintiffs also allege that Dr. Naseef was somehow involved with the SAAR Network, either through the Rabita Trust or through the Makkah-al-Mukkarramah.  Id. at ¶¶ 273, 275.  Dr. Naseef, in his sworn declaration, pointed out that he was not the founder of the Rabita Trust, and indeed has not been an officer of that entity since 1993, or had any knowledge of its activities since that time.  See Mot., at 3 & Ex. 1 (Naseef Dec.), ¶ 12.  Moreover, he has not had any involvement with, or knowledge of, the day-to-day activities of either the SAAR Network or the Makkah-al-Mukkarramah, let alone any terrorist activities.  Id. at ¶ 11, 13.  Plaintiffs have not set forth any competent evidence in their opposition that even attempts to overcome Dr. Naseef's showing, other than to reiterate the conclusory (and wrong) allegations of their complaint.  Plaintiffs conceded that Dr. Naseef's role as an outside director of the Makkah-al-Mukkarramah is insufficient to form any basis for personal jurisdiction, since plaintiffs did not allege any new facts in response to his statement that he had no involvement in that entity's day-to-day activities or operations.

This Court should find that the allegations in the Complaint are clearly insufficient to allow personal jurisdiction over Dr. Naseef.

### C. Even If The Court Considers Plaintiffs's New Allegations Regarding Dr. Naseef, It Must Find That They Fail To Support The Exercise of Personal Jurisdiction Over Him.

Even if this Court were to consider plaintiffs' new allegations about Dr. Naseef, it must still find that those allegations fail to support personal jurisdiction over him.  Plaintiffs raise two allegations about Dr. Naseef, the first of which supplement their allegations about him in the Third Amended Complaint.  See Opp. at 5-6.

First, plaintiffs allege that Dr. Naseef's involvement as an officer of two charities, the

Muslim World League ("MWL") and the Rabita Trust ("Rabita") are sufficient to allow this Court to exercise personal jurisdiction over him. See Opp. at 5-6. Tellingly, plaintiffs fail to inform this Court of the relevant time frame of Dr. Naseef's involvement with either entity. As Dr. Naseef stated in his motion to dismiss, his involvement with the MWL was from 1983 to 1993. See Mot., at 2 & Decl. (Ex. 1) at ¶ 5. Similarly, his involvement with Rabita was from 1988 to 1993. Id. Plaintiffs have not pled any facts supporting any involvement by Dr. Naseef with either entity after 1993. See Opp., at 5-6.

The timing of Dr. Naseef's involvement with the MWL and Rabita is critical as it demonstrates, by plaintiffs' own admission, that Dr. Naseef's activities in these charities, even if they somehow aided al Qaeda, occurred during a time period when bin Laden and al Qaeda were aligned with the United States, against the Soviets in Afghanistan. Al Qaeda did not begin to target the United States until 1996. See Third Am. Compl., ¶¶ 315, 576, 584-85; Pl. Opp. (Al-Husaini) (Docket No. 272), at 13-15 (citing documents from 1996, 1997, 1998, 1999, and 2001).

Plaintiffs also rely on a report prepared by a law student, which states that "Bin Laden's first declaration of war" was in October 1996. Id., Ex. 16, at 18. However, this report nowhere mentions Dr. Naseef. Clearly, the only reasonable inferences that can be drawn from any of plaintiffs' new allegations, and newly attached documents, is that any activity that Dr. Naseef may have engaged in with the MWL and Rabita Trust took place before bin Laden had targeted the United States, and at a time when the U.S. government was supporting the mujahedin in Afghanistan, of which bin Laden was a leader.[1]

---

[1] Defendant respectfully refers this Court, and incorporates herein, the discussion in Al-Husaini's Reply Brief (July 23, 2004) of the U.S. Government's support for the mujahedin in Afghanistan during the 1980's and early 1990's, at a time when Osama bin Laden was also part of the mujahedin. See Reply Brief in Support of Hamad Al-Husaini's Motion to Dismiss the Third Amended Complaint, at Part I.B (July 23, 2004) (incorporated by

5

Even if this Court were to consider Dr. Naseef's limited role with the MWL and Rabita during the time period up to 1993, it must still find that plaintiffs' allegations do not support plaintiffs' claim that somehow Dr. Naseef was a supporter of al Qaeda, or of its terrorist activities.  The plaintiffs make much of the designation of Rabita Trust and one of its officers by the U.S. government, but fail to inform this Court that Dr. Naseef was not designated, and the announcements of those designations made no mention of Dr. Naseef.  See Treasury Department Statement on the Designation of Wa'el Hamza Julidan (Sept. 6, 2002); Treasury Department Releases List of 39 Additional Specially Designated Global Terrorists (Oct. 12, 2001) (attached hereto as Exhibits 1-2).  Moreover, the other opposition brief that the plaintiffs incorporate with respect to Dr. Naseef, i.e., plaintiffs' opposition to Rabita's motion to dismiss (Docket No. 153) (May 14, 2004) makes no mention of Dr. Naseef, other than to reiterate the allegations in the Complaint.  Critically, plaintiffs have not alleged in the Complaint or in their opposition that Dr. Naseef had any knowledge of, or participation in, the allegedly illegal actions that Rabita took in Pakistan in the late 1990s.  Nor could they.  Dr. Naseef's involvement with Rabita ended in 1993.  Since Dr. Naseef was not involved with MWL or Rabita during any time period when plaintiffs claim they engaged in terrorist activities, or provided material support to al Qaeda, they have presented no facts that support an inference that Dr. Naseef provided material support to al Qaeda at any time after it targeted the United States, much less that he supported bin Laden or al Qaeda's attacks on the United States in 2001.

Second, plaintiffs make the blanket claim, which they incorporate by reference from their Opposition to Al-Husaini's motion to dismiss (Docket No. 272), that it was well known that bin

---

reference herein).

Laden and al Qaeda had directed their activities against this country since the mid-1990's, so that "supporters of al Qaeda were purposefully directing their conduct at the United States." See Opp. at 6. Plaintiffs have not identified any "material support" that Dr. Naseef provided to any terrorist organization, much less al Qaeda, from the mid-1990's onward. The only time frame available for Dr. Naseef's own acts is up to 1993. This precludes plaintiffs' personal jurisdiction argument, since as discussed supra, plaintiffs' own evidence shows that not until 1996 and later did Osama bin Laden openly target the United States.

Taken together, plaintiffs' old and new allegations regarding Dr. Naseef are not supported by their newly proffered evidence, and do not make a *prima facie* showing of personal jurisdiction.

### D. This Court Cannot Exercise Personal Jurisdiction Over Dr. Naseef Under The Specific Jurisdiction Theory.

Even under the specific jurisdiction theory, plaintiffs' allegations fail to support either the corporate officer approach or the "purposefully directed" approach. This Court does not have personal jurisdiction over a nonresident director of a corporation absent a *prima facie* showing that the director took acts within this forum that were within the scope of his position. It is settled law that in order for a court to exercise personal jurisdiction over a nonresident officer or director based on the acts of the corporation in this forum, the corporation's acts "must be with the knowledge and consent of the officer and the officer must have exercised control over the corporation in the transaction." Kinetic Instruments, Inc. v. Lares, 802 F. Supp. 976, 984 (S.D.N.Y. 1992).[2] Plaintiffs have not made any showing that Dr. Naseef had knowledge of, or

---

[2] See also Karabu Corp. v. Gitner, 16 F. Supp. 2d 319, 325 (S.D.N.Y. 1998) ("Suing the out-of-state officers of a large, multi-national corporation based only upon their title, and absent any good faith basis for believing that they personally participated in the conduct underlying plaintiffs' lawsuit, will not confer jurisdiction

consented to, activities of those domestic entities alleged to be "terrorist" activities.

With respect to the second approach to specific jurisdiction, plaintiffs have not offered any competent evidence that Dr. Naseef's activities – even as falsely alleged by plaintiffs – were "expressly aimed" at the United States, as is required to allow the exercise of personal jurisdiction. Burger King v. Rudzewicz, 471 U.S. 462, 474-76 (1985); Calder, 465 U.S. at 789-90. At most, plaintiffs allege that Dr. Naseef was involved with two charities, years before bin Laden announced that al Qaeda was targeting this country. Thus, nothing Dr. Naseef did, in 1993 and 1994, could he have foreseen would contribute to al Qaeda's activities later against the United States, much less al Qaeda's September 11, 2001 attacks against the United States. See *In re* Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 208 (2d Cir. 2003).

## II. Plaintiffs Have Not Properly Served Dr. Naseef Because Their Attempt To Serve Him Through The Saudi Embassy Was Substantively Improper.

Plaintiffs' attempt to serve Dr. Naseef by service on the Saudi Embassy in Washington, D.C. was substantively improper, as plaintiffs now concede. See Opp., at 7 (identifying Dr. Naseef as "one of the unserved defendants"). However, plaintiffs have never withdrawn their original proof of service of process, which expressly stated that Dr. Naseef was "served" at the Saudi Embassy on "April 1, 2003." See Plaintiffs' Return of Service / Affidavit of Summons and Complaint Executed, at 7 (*Burnett* D.D.C. Docket No. 279) (Aug. 31, 2003). Thus, Dr. Naseef was forced to file the instant motion to dismiss. The plaintiffs' subsequent motion to this

---

under a theory of agency."); Pilates, Inc. v. Pilates Institute, Inc., 891 F. Supp. 175, 180-81 (S.D.N.Y. 1995) ("it is well established that individual officers and employees of a corporation are not automatically subject to personal jurisdiction in New York simply because a court can exercise jurisdiction over the corporation"); see generally Wiggins v. Equifax, Inc., 853 F. Supp. 500, 503 (D.D.C. 1994) ("It is true that a court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation. Personal jurisdiction over the employees or officers of a corporation in their individual capacities must be based on their personal contacts with the forum and not their acts and contacts carried out solely in a corporate capacity.").

Court for service by publication was not served until June 4, 2004, or two months after Dr. Naseef's original motion to dismiss.

The *Burnett* plaintiffs should not be allowed to file one proof of service of process that they now concede was improper, which required Dr. Naseef to file the instant motion, and then be permitted to file another proof of service of process, which will require Dr. Naseef to file another motion to dismiss.

Plaintiffs' counsel should be required to comply with the normal rules of the federal courts, and file only proofs of service that they can truthfully attest to this court are proper.

## **CONCLUSION**

For the foregoing reasons, and those set forth in Dr. Naseef's motion to dismiss, this Court must dismiss plaintiffs' Third Amended Complaint for lack of personal jurisdiction and improper service of process.

          Respectfully submitted,

          /s/ Lynne Bernabei

          Lynne Bernabei, Esquire  (LB2489)
          Alan R. Kabat, Esquire  (AK7194)
          Bernabei & Katz, PLLC
          1773 T Street, N.W.
          Washington, D.C. 20009-7139
          (202) 745-1942

          Attorneys for Defendant
           Dr. Abdullah Naseef (D97)

DATED:  July 23, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2004, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat