**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) | 03 MDL No. 1570 (RCC) ECF Case |

This document relates to:

C.A. No. 03-CV-9849 (RCC)
THOMAS E. BURNETT, SR., *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*

**REPLY BRIEF IN SUPPORT OF SAFER AL-HAWALI'S
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

        Lynne Bernabei, Esquire  (LB2489)
        Alan R. Kabat, Esquire  (AK7194)
        Bernabei & Katz, PLLC
        1773 T Street, N.W.
        Washington, D.C. 20009-7139
        (202) 745-1942

        Attorneys for Defendant
         Safer Al-Hawali (D221)

DATED:  July 23, 2004


**INTRODUCTION**

In his motion to dismiss (Docket No. 81), Safer Al-Hawali (D221) argued that dismissal was warranted, pursuant to Rules 12(b)(2) and 12(b)(5), Fed. R. Civ. P., because this court lacks personal jurisdiction over him, since his sole contact with this country was as a tourist some fifteen years ago, and because plaintiffs' attempt to serve him by publication was substantively improper. In response, in plaintiffs' Opposition (Docket No. 282), plaintiffs rely on factual allegations not in the Third Amended Complaint, which thus amends their complaint without court authorization. This Court should not consider these new allegations in deciding Mr. Al-Hawali's motion.

However, even if the Court considers these new allegations, they do not demonstrate that Mr. Al-Hawali "purposefully directed his conduct at the United States," as plaintiffs claim. At most, these allegations show that the Saudi government's treatment of Mr. Al-Hawali may have inspired Osama bin Laden, but do not show that Mr. Al-Hawali himself engaged in any conduct directed towards the United States, let alone the September 11, 2001 attacks. Moreover, all actions of Mr. Al-Hawali described by plaintiffs in their new allegations are legal and protected First Amendment advocacy.

Finally, this Court must strike plaintiffs' Opposition since it relies on a Court document fabricated by plaintiffs' counsel in order to address a point regarding service of process raised by Mr. Al-Hawali in his motion to dismiss.

**ARGUMENT**

**I.     This Court Does Not Have Personal Jurisdiction Over Mr. Al-Hawali.**

Plaintiffs' Opposition fails to address the threshold issue: this Court lacks personal

jurisdiction over Mr. Al-Hawali, a nonresident foreign defendant, because he has not done anything that connects him to this forum, or to the acts that allegedly caused or supported the September 11 attacks. Although plaintiffs now claim that Mr. Al-Hawali somehow supported al Qaeda (Opp. at 4-5), the evidence they have presented fails to support this argument or any other argument that Mr. Al-Hawali in any way proximately caused the September 11 attacks.

Since plaintiffs have failed to "allege facts constituting a *prima facie* showing of personal jurisdiction" either in their Complaint or in their newly modified factual allegations, as is required, PDK Labs v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997), this Court cannot find that it has personal jurisdiction over Mr. Al-Hawali.

Mr. Al-Hawali's motion to dismiss set forth three defenses to support his argument that personal jurisdiction was improper under a general jurisdiction theory, a specific jurisdiction theory, or the forum's long-arm statute. The only theory upon which plaintiffs now rely is that Mr. Al-Hawali "purposefully directed his conduct at the United States," see Opp. at 4, thereby conceding that jurisdiction is not proper under the other two approaches. It is settled law that when a defense is raised in a dispositive motion, but the plaintiff fails to respond to that defense, the plaintiff has conceded the defense. Edward B. Marks Music Corp. v. Continental Record Co., 222 F.2d 488, 493 (2d Cir. 1955).[1]

Plaintiffs' attempt to argue that this Court may look at the contacts of all defendants collectively (Pl. Opp. (Al-Husaini), at 13-17) is also unavailing. The Supreme Court, in Calder v. Jones, 465 U.S. 783 (1984), has mandated that "each defendant's contacts with the forum state

---

[1] Accord Stephenson v. Cox, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("Furthermore, when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

must be assessed individually." Calder, 465 U.S. at 790; see also PDK Labs, 103 F.3d at 1108 ("personal jurisdiction inquiries are necessarily fact sensitive because each case is dependent upon its own particular circumstances.").

Contrary to plaintiffs' assertions, it is their burden – and not defendants' – under Rule 8(a)(1), Fed. R. Civ. P., to plead facts in their Complaint that would support the exercise of personal jurisdiction over each defendant. It is not defendants' burden to ask for a more definite statement under Rule 12(e), Fed. R. Civ. P., with respect to personal jurisdiction, as plaintiffs contend. Opp., at 4 n.3.[2]

### A. Plaintiffs Have Improperly Amended Their Complaint Without Court Approval, By Relying on Factual Allegations In Their Opposition Brief That Are Not Pled In Their Complaint.

This Court must disregard any new facts alleged by plaintiffs in their Opposition, which are not pled by plaintiffs in their Complaint, as an improper amendment of their Complaint. The plaintiffs have in effect created a "moving target" for the defendants, which should not be permitted *sub rosa*, and without court approval. However, if it is permitted, then Mr. Al-Hawali must be given an opportunity to move to dismiss the newly amended complaint.

In their opposition, plaintiffs set forth two paragraphs of new facts which they aver support their claim that Mr. Al-Hawali provided material support to al Qaeda. See Opp. at 5. Under clear Second Circuit precedent, plaintiffs cannot amend their Complaint by adding allegations for the first time in an opposition to a dispositive motion. See Wright v. Ernst & Young, LLP, 152 F.3d 169, 178 (2d Cir. 1998); Jacobson v. Peat, Marwick, Mitchell & Co., 445

---

[2] "Motions for more definite statements are generally disfavored," MTV Networks v. Curry, 867 F. Supp. 202, 207-08 (S.D.N.Y. 1994), since Rule 12(e) "is designed to correct only unintelligibility in a pleading, not merely a claimed lack of detail." FRA S.p.A. v. Surg-O-Flex of Amer., Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976).

3

F. Supp. 518, 526 (S.D.N.Y. 1977) ("a party is not entitled to amend his pleading through statements in his brief"). Nor does 28 U.S.C. § 1653 allow the plaintiffs "liberal amendments as to jurisdiction," see Opp. at 3, since it is settled law that Section 1653 "addresses only incorrect statements about jurisdiction . . . not defects in the jurisdictional facts themselves." Newman-Green v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989); accord Asset Value Fund Ltd. P'ship v. The Care Group, 179 F.R.D. 117, 119 (S.D.N.Y. 1998) (quoting Newman-Green).

Thus, this Court cannot consider plaintiffs' personal jurisdiction arguments that rely entirely on "new facts" identified for the first time in plaintiffs' Opposition.

### B. Plaintiffs's New Allegations Regarding Mr. Al-Hawali Fail To Support The Exercise of Personal Jurisdiction Over Him.

Even if this Court considers the new allegations about Mr. Al-Hawali that plaintiffs present for the first time in their Opposition, it must still find that those allegations fail to support the exercise of personal jurisdiction over him.

Plaintiffs first allege that Mr. Al-Hawali somehow inspired or motivated Osama bin Laden and al Qaeda. See Opp. at 5. However, the only evidence that plaintiffs set forth is an interview of bin Laden in 1997, id. (citing Ex. 11 to Pl. Opp. (Al-Husaini) (Docket No. 272)). This interview does not state what plaintiffs claim. What bin Laden actually stated was that after the Saudi government silenced Islamic scholars, including Mr. Al-Hawali, from speaking out on Islamic matters, he took it upon himself "to carry out a small part of my duty of enjoining what is right and forbidding what is wrong." Id., Ex. 11 at 4, ¶ 1 (emphasis added). This statement is critical for what is not said – bin Laden did not say that he adopted or espoused statements made by Mr. Al-Hawali, or that Mr. Al-Hawali directed or supported bin Laden's own activities. The only reasonable interpretation of his statement is that when bin Laden thought the Saudi

4

government was silencing some Islamic scholars, bin Laden decided on his own to enter the public arena in order to espouse his own views on Islamic "law."

Bin Laden's statement in no way indicates that Mr. Al-Hawali himself ever said or did anything that was intended to or likely to incite anyone to engage in terrorist activities, as would be required to impose liability on him. See Brandenburg v. Ohio, 395 U.S. 444, 448-49 (1969) (per curiam); see also Virginia v. Black, 538 U.S. 343, 349 (2003) (quoting Brandenburg). In fact, bin Laden's statement creates no causal connection between Mr. Al-Hawali's speech and bin Laden's conduct. The Saudi government's actions against Mr. Al-Hawali were not based on any alleged terrorist activities on his part. At most, bin Laden's statement alleges a connection between the Saudi government's conduct and bin Laden's actions. However, this gives no basis for plaintiffs to sue Mr. Al-Hawali for injuries they suffered from the September 11 attacks.

Any other advocacy in which Mr. Al-Hawali engaged, which has nothing to do with imminent incitement of other persons to the terrorist attacks of September 11, does not justify the exercise of personal jurisdiction, let alone serve as a basis to impose liability on him. Melzer v. Bd. of Educ. of the City Sch. Dist. of N.Y., 336 F.3d 185, 198 (2d Cir. 2003) ("Melzer himself could not be punished absent clear proof – also not present here – that he knew of such illegal aims and specifically intended to accomplish them"), cert. denied, 124 S. Ct. 1424 (2004); Federation of Turkish-Amer. Societies v. ABC, 620 F. Supp. 56, 58 (S.D.N.Y. 1985) (dismissing complaint on First Amendment grounds since defendant did not engage in "immediate incitements to violence"). Nor does it constitute material support, as a matter of law. Humanitarian Law Project v. Reno, 205 F.3d 1130, 1137 (9th Cir. 2000) ("Someone who advocates the cause of the PKK could be seen as supplying them with personnel . . . . But

5

advocacy is pure speech protected by the First Amendment.").[3]  Plaintiffs have offered no evidence that anyone involved with the September 11 attacks was incited to violence by anything said or done by Mr. Al-Hawali.  The absence of any nexus between Mr. Al-Hawali and the September 11 attacks forecloses plaintiffs' personal jurisdiction argument.

Plaintiffs also allege, for the first time in their Opposition, that an FBI agent's testimony at a detention hearing in Idaho "confirmed the close relationship between Al-Hawali and bin Laden."  See Opp. at 5.  Tellingly, plaintiffs do not cite or quote any documentary support for this allegation.  Even if plaintiffs had identified any relevant testimony, this allegation is undercut by the fact that the U.S. District Court held that detention pursuant to 18 U.S.C. § 3142 was not supported by the government's evidence, thereby rejecting the government's claim that this evidence supported Sami Al-Hussayen's detention.  See United States v. Sami Al-Hussayen, Cr. No. 03-048, Order (D. Idaho Mar. 12, 2003) (attached hereto as Exhibit 1).  At trial in that case, the jury was expressly instructed that material support did not include providing "religious materials," which includes Mr. Al-Hawali's advocacy, and that the right to associate with a group was not illegal absent specific intent to further the illegal aims of that group.  See United States v. Sami Al-Hussayen, Jury Instructions, Nos. 32, 35-36, 48 (June 1, 2004) (excerpts attached hereto as Exhibit 2).  Based on these instructions, a jury acquitted Sami Al-Hussayen of all material support charges under 18 U.S.C. §§ 2339A, 2339B.  See United States v. Sami Al-Hussayen, Verdict (June 10, 2004); Order of Dismissal (July 2, 2004) (attached hereto as Exhibits 3-4).  This verdict clearly demonstrates suggests that any testimony in that trial about

---

[3] Indeed, the U.S. government allows for the distribution of "information and informational materials" which are defined as "publications, films, posters . . . and informational articles" by designated terrorist entities, thereby recognizing the right to engage in advocacy.  See 31 C.F.R. §§ 595.206, 594.305-594.306.

6

Mr. Al-Hawali's advocacy failed to prove anything about Mr. Al-Hussayen's alleged terrorist activities. As a result, it must also fail to prove that Mr. Al-Hawali's advocacy incited any terrorist activity or otherwise caused imminent harm.

Next, plaintiffs make the new allegation that Mr. Al-Hawali was involved with the Mercy International Relief Agency ("MIRA"), an alleged "front" for al Qaeda. Opp. at 5. However, plaintiffs cite no documentary or other evidence for these conclusory allegations, and fail to set forth any competent evidence that would overcome Al-Hawali's sworn statement that he was not responsible for MIRA's operations, and is no longer connected with it. See Al-Hawali Mot., at 2 & Decl. (Ex. 1) at ¶ 9. This Court may also take judicial notice of the fact that the U.S. government has never designated MIRA as a terrorist organization, which undercuts entirely plaintiffs' allegations that MIRA is involved in terrorist activities.[4]

Finally, plaintiffs make the new allegation (which they incorporate by reference from their Opposition to Al-Husaini's motion to dismiss (Docket No. 272)), that it was well known that bin Laden and al Qaeda had directed their activities against this country since the mid-1990's, so that persons "who provided material support in that period plainly knew that they were targeting the United States." See Opp. at 5. Plaintiffs have not identified any "material support" that Mr. Al-Hawali provided to al Qaeda, or its operatives, nor that any actions he took were taken knowing that they would result in attacks on the United States. Nor have plaintiffs identified any acts by Mr. Al-Hawali during the relevant time frame, i.e., from the mid-1990's to the present, that aided terrorist activities of al Qaeda. The only time frame given by plaintiffs for Al-Hawali's own acts is "in the early 1990s." See Opp. at 5. Thus, plaintiffs' general allegation

---

[4] See Department of the Treasury, Office of Foreign Assets Control, "Specially Designated Nationals and Blocked Persons" (July 23, 2004), <http://www.treas.gov/offices/eotffc/ofac/sdn/t11sdn.pdf>.

about al Qaeda provides no support for plaintiffs' claim that Mr. Al-Hawali aided in attacks on the United States since it was not until 1996, as plaintiffs concede, that al Qaeda openly targeted the United States. See Third Am. Compl., ¶¶ 315, 576, 584-85; Pl. Opp. (Al-Husaini) (Docket No. 272), at 13-15 (citing documents from 1996-1999 and 2001).

Plaintiffs also rely on a report prepared by a law student, which states that "Bin Laden's first declaration of war" was in October 1996. See Pl. Opp. (Al-Husaini), Ex. 16, at 18. However, this report nowhere mentions Mr. Al-Hawali.

Clearly, the only inference that can be drawn from the new allegations brought forward by plaintiffs in their Opposition is that any activity that Mr. Al-Hawali may have engaged in, including advocacy, took place before bin Laden had targeted the United States, and at a time when the U.S. government was supporting bin Laden and the mujahedin in Afghanistan.[5]

Taken as a whole, plaintiffs' new allegations do not support their baseless claim that Mr. Al-Hawali contributed to al Qaeda's terrorist activities directed towards the United States, much less that he contributed to the al Qaeda attacks of September 11, which caused their injuries.

**C.     This Court Cannot Exercise Personal Jurisdiction Over Mr. Al-Hawali Under The Specific Jurisdiction Theory.**

Plaintiffs' allegations fail to support their "purposefully directed" claim as would be required for the specific jurisdiction theory. Plaintiffs have not offered any competent evidence that Mr. Al-Hawali's activities – if the Court considers the new allegations – were "expressly aimed" at the United States, as required to allow the exercise of personal jurisdiction. Burger

---

[5] Defendant respectfully refers this Court, and incorporates herein, the discussion in Al-Husaini's Reply Brief of the U.S. Government's support for the mujahedin in Afghanistan during the 1980's and early 1990's, at a time when Osama bin Laden was also part of the mujahedin. See Reply Brief in Support of Hamad Al-Husaini's Motion to Dismiss the Third Amended Complaint, at Part I.B (July 23, 2004) (incorporated by reference herein).

King v. Rudzewicz, 471 U.S. 462, 474-76 (1985); Calder, 465 U.S. 789-90.  At most, plaintiffs have alleged that Mr. Al-Hawali engaged in constitutionally protected, legal advocacy, and was involved with a group (MIRA) (that has not been designated as a terrorist organization), during a time period before al Qaeda announced that it was targeting the United States.

Further, plaintiffs set forth no evidence to support any allegation that Mr. Al-Hawali was a "primary participant" in the specific September 11 attacks as would be required for the exercise of personal jurisdiction over him in this case.  *In re* Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 208 (2d Cir. 2003).  Therefore, even if this Court were somehow to consider the new factual allegations plaintiffs have made about Mr. Al-Hawali, it still cannot find that plaintiffs have satisfied the requirements for exercise of "specific jurisdiction" over him.

## II.     Plaintiffs Have Not Properly Served Mr. Al-Hawali.

### A.     Judge Robertson Did Not Approve Service By Publication on Mr. Al-Hawali.

Mr. Al-Hawali refers this Court, and incorporates herein, the discussion of the plaintiffs' improper service of process by publication in the reply brief filed by Mr. Al-Oadah (July 23, 2004).  As set forth in greater detail in Mr. Al-Oadah's reply brief, plaintiffs have fabricated a court document and misrepresented an order by Judge Robertson, in an attempt to argue that they have properly served Mr. Al-Hawali and four other defendants.  See Reply Brief in Support of Salman Al-Oadah's Motion to Dismiss the Third Amended Complaint, at Part II.A (July 23, 2004) (incorporated by reference herein).  The minimum appropriate sanction to be imposed on plaintiffs' counsel for submitting a fabricated court filing is to strike their opposition to Mr. Al-Hawali's motion to dismiss and thereby treat his motion as conceded.

9

**B.      Plaintiffs' Attempt to Serve By Publication was Substantively Improper.**

Even if this Court were to ignore plaintiffs' misrepresentations regarding their March 24, 2003 court filing, it must still find that plaintiffs' attempt to serve Mr. Al-Hawali by publication in two newspapers – which he cannot read or access – was substantively improper. Mr. Al-Hawali refers this Court, and incorporates herein, the discussion of the plaintiffs' improper service of process by publication in the reply brief filed by Mr. Al-Hussayen (July 23, 2004). See Reply Brief in Support of Saleh Al-Hussayen's Motion to Dismiss the Third Amended Complaint, at Part III.B (July 23, 2004) (incorporated by reference herein).

This Court should find that service by publication on Mr. Al-Hawali was not authorized by Judge Robertson, does not constitute adequate notice to him, and was not justified.

## CONCLUSION

For the foregoing reasons, and those set forth in Mr. Al-Hawali's motion to dismiss, this Court must dismiss plaintiffs' Third Amended Complaint for lack of personal jurisdiction and improper service of process.

Respectfully submitted,

/s/ Lynne Bernabei

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Safer Al-Hawali (D221)

DATED:  July 23, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2004, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat