**Exhibit 2**

Reply Brief in Support of Safer Al-Hawali's
Motion to Dismiss the Third Amended Complaint

03 MDL No. 1570 (RCC) / C.A. No. 03-CV-9849 (RCC)



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: CR03-048-C-EJL |
| **Plaintiff,** | |
| vs. | **JURY INSTRUCTIONS** |
| SAMI OMAR AL-HUSSAYEN, | |
| **Defendant.** | |

**DATED** this ___ day of June, 2004.

_____
EDWARD J. LODGE
UNITED STATES DISTRICT JUDGE

JURY INSTRUCTIONS

660

**INSTRUCTION NO. 32**

As the term "material support or resources" is used in these instructions, the following definitions apply:

1)      "Currency" something that is in circulation as a medium of exchange.

2)      "Monetary Instruments" mechanism or device by which money is supplied.

3)      "Financial services" managing the finances of a person or organization.

4)      "Expert advice and Assistance" where one possesses a special skill or knowledge in a scientific, technical, or other specialized field of knowledge to help, aid, or support another.

5)      "Communications equipment" physical resources or items serving to facilitate communication.

6)      "Personnel"- persons who will be used in preparing for, or carrying out the Section 956 conspiracy, that is, persons who are jointly involved in participating in those crimes.

7)      "Medicine" a substance used to treat disease.

8)      "Religious Materials" articles, items, or the like relating to a faith, belief, or devotion.

**INSTRUCTION NO. 35**

The defendant is charged in Count One of the indictment with conspiring to provide material support or resources to terrorists, or to conceal the same, in violation of Title 18 of the United States Code, Sections 371 and 2339A. In order for the defendant to be found guilty of this material support conspiracy, as previously instructed, the government must prove each of the following elements beyond a reasonable doubt:

> First, on or about September 13, 1994 until on or about February 26, 2003, within the District of Idaho, and elsewhere, there was an agreement between two or more persons;
>
> Second, to provide "material support or resources" as defined in this instruction below;
>
> Third, knowing or intending that the material support or resources were to be used in preparation for or in carrying out, or in the concealment or escape, from a Section 956 conspiracy (the elements of which have been previously defined in instruction 30);
>
> Fourth, the Defendant became a member of the material support conspiracy;
>
> Fifth, one of the members of the material support conspiracy performed at least one overt act in furtherance and for the purpose of carrying out the conspiracy to provide material support, with each of you agreeing on the commission of at least one particular overt act.

As used in this Count, the term "material support or resources" requires that you apply two different definitions depending on the dates, if any, that you find apply to the above elements. You must apply the following definition in effect on the date, if any, which you find applies to the above elements:

> a)     For the period of time preceding October 26, 2001, "material support or resources" includes: currency, financial services, communications equipment, and personnel; but does not include medicine or religious materials.
>
> b)     For the period of time subsequent to October 26, 2001, "material support or resources" includes: currency, monetary instruments, financial services, expert advice and assistance, communications equipment, and personnel; but does not include medicine or religious materials.

**INSTRUCTION NO. 36**

The defendant is charged in Count Two with providing material support or resources to

terrorists, or concealing the same, in violation of Title 18 of the United States Code Section

2339A. In order for the defendant to be found guilty of the charge, the government must prove

each of the following elements beyond a reasonable doubt:

> First, from on or about October 26, 2001, to on or about February
> 26, 2003, in the District of Idaho and elsewhere;
>
> Second, the defendant provided material support or resources,
> namely currency, monetary instruments, financial services, expert
> advice and assistance, or communications equipment; but does not
> include medicine or religious materials; and
>
> Third, knowing or intending that the material support or resources
> were to be used in preparation for or in carrying out, or in the
> concealment or escape from a Section 956 conspiracy (the
> elements of which have been previously defined in instruction 30).

**INSTRUCTION NO. 48**

The First Amendment of the United States Constitution ensures individuals certain rights and liberties including: freedom of speech, freedom of religion, and freedom to associate. These rights are guaranteed equally to citizens of foreign countries residing in the United States.

In this case, evidence relating to the First Amendment, whether protected or not, may be considered by you only on the issue of the defendant's knowledge or intent. The appropriate weight, if any, for you to give to such evidence is for you, the jury, to decide.

1)    Freedom of Speech:

Freedom of speech protects an individual's or a group's right to advocate their beliefs even if those beliefs advocate the use of force or violation of law unless the speech is directed to inciting or producing imminent lawless action and is likely to incite or produce such action. Freedom of speech is not, however, absolute and may be regulated in certain instances. The charges in this case do not regulate speech.

2)    Freedom of Religion:

Freedom of religion protects an individual's or a group's right to believe, profess, practice, and exercise whatever religious doctrine he or she may chose. An individual's freedom of religion, however, does not allow one to engage in conduct or actions based on their religious beliefs where those actions have been statutorily defined as criminal conduct.

3)    Freedom to Associate:

The right to associate protects an individual's right to associate with individuals, groups, or organizations; even where that group, individual, or organization may advocate, conduct, or

1

engage in illegal activity.  The right to associate remains protected, thus not criminal based on the association alone, unless it is established that 1) the group itself possessed unlawful goals and 2) the individual held a specific intent to further those illegal aims.

Thus, the charges in this case do not prohibit merely being a member of a certain group or organization, including a designated foreign terrorist organization, or promoting and supporting the beliefs, goals, or means for achieving those goals of such a group.  What is prohibited by the charging statutes is the act of giving "material support or resources," as defined in these instructions, to such a group.