## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ )
In Re Terrorist Attacks on September 11, 2001    )       03 MDL No. 1570 (RCC)
_____ )       ECF Case


This document relates to:

C.A. No. 03-CV-9849 (RCC)

Thomas E. Burnett, Sr., *et al.* v. Al Baraka Investment & Development Corp., *et al.*


### REPLY BRIEF IN SUPPORT OF MOHAMED ALI MUSHAYT'S
### MOTION TO DISMISS THE THIRD AMENDED COMPLAINT


Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Mohamed Ali Mushayt (D157)


DATED:  July 30, 2004

## INTRODUCTION

Mohamad Ali Mushayt (D157), in his motion to dismiss (Docket No. 97), argued that dismissal was warranted, pursuant to Rules 12(b)(2) and 12(b)(5), Fed. R. Civ. P., because plaintiffs had failed to make any attempt to serve him, and because this court lacks personal jurisdiction over him, since his minimal contacts with this country were unrelated to the plaintiffs' allegations against him.  Mr. Mushayt also argued that plaintiffs' allegations about him in their Complaint, which related to the alleged involvement of his family company, Mushayt for Trading Establishment ("MFT") with Zouaydi, a former employee of MFT, were factually wrong, and could not support the exercise of personal jurisdiction over him.

Plaintiffs' Opposition (Docket No. 279) conceded that plaintiffs had made no attempt to serve him for eighteen months, and not until <u>after</u> he filed his motion to dismiss.  Opp., at 6.  This failure to prosecute alone mandates dismissal of the Complaint.

Further, plaintiffs' Opposition merely recycled the factual allegations in their Complaint.  <u>Id.</u> at 4-5.  However, plaintiffs have presented no facts, or inferences from those facts, to rebut Mr. Mushayt's sworn statements regarding the gross inaccuracy of those allegations.  Thus, this Court should find that plaintiffs have failed to satisfy their *prima facie* burden of showing facts that would allow the exercise of personal jurisdiction over Mr. Mushayt.

## ARGUMENT

### I.     Plaintiffs Have Not Properly Served Mr. Mushayt.

Plaintiffs filed their lawsuit on August 15, 2002, and their operative Third Amended Complaint was filed on November 22, 2002.  Yet, plaintiffs made no attempt to serve Mr. Mushayt until June 4, 2004 – **eighteen months later** – when they requested leave from this

Court to serve him by publication (Docket No. 211).  Tellingly, plaintiffs never requested leave from Judge Robertson to serve Mr. Mushayt, even while doing so for other defendants located in Saudi Arabia.  Nor did plaintiffs attempt to serve Mr. Mushayt by mail, as permitted under Rule 4(f)(2)(C)(ii), Fed. R. Civ. P., for foreign defendants.

Plaintiffs' failure to make any attempt to serve Mr. Mushayt during this eighteen-month period means that plaintiffs cannot avail themselves of the "foreign country" exception to the 120-day limit set forth in Rule 4(m), Fed. R. Civ. P., which requires that service of process be completed within 120 days of filing the complaint.  The only exception in Rule 4(m) to this limit is <u>if</u> the plaintiff had attempted to serve a foreign defendant through Rule 4(f) (service upon foreign individuals) or Rule 4(j)(1) (service upon foreign states and instrumentalities).

Under Second Circuit precedent, plaintiffs' failure to make any attempt to serve Mr. Mushayt for eighteen months mandates dismissal of the case against him for plaintiffs' failure to prosecute.  In <u>Montalbano v. Easco Hand Tools, Inc.</u>, 766 F.2d 737 (2d Cir. 1985), the Second Circuit upheld the district court's dismissal of a foreign defendant on the grounds that the third-party plaintiff (Easco, who impleaded a foreign defendant) "never attempted to serve process in a foreign country" under Rule 4, so that "the 120-day time limit imposed by Rule [4(m)] seems therefore perfectly proper, especially since Easco has not exactly bent over backward to effect service."  <u>Montalbano</u>, 766 F.2d at 740.[1]

The district courts in this jurisdiction have similarly dismissed complaints against foreign defendants where, as here, the plaintiff(s) waited too long before making any attempt to serve a

---

[1] The Second Circuit, in <u>Montalbano</u>, cited to the pre-1993 version of Rule 4(m), Fed. R. Civ. P., which was then codified as Rule 4(j).  However, Rule 4(j) is, in relevant part, equivalent to the current Rule 4(m).

foreign defendant.  See, e.g. Thayer v. Dial Industrial Sales, Inc., 85 F. Supp. 2d 263, 266 n.1 (S.D.N.Y 2000) ("However, because plaintiff has never attempted to serve Fitzgerald and more than six months has accrued since the Amended Complaint was filed on May 13, 1999, this Court will exercise its discretion and dismiss plaintiff's claims against Fitzgerald for failure to prosecute.") (citing Montalbano); Travers Tool Co. v. Southern Overseas Express Line, Inc., No. 98 CV 8464 (RO), 2000 WL 194781, at *2 (S.D.N.Y. Feb. 17, 2000) (dismissing foreign defendants where plaintiffs made "no showing of due diligence" in attempting to serve defendants); Yellowave Corp. v. Mana, No. 00 Civ. 2267 SAS, 2000 WL 1508249, at *2 (S.D.N.Y. Oct. 11, 2000) (dismissing foreign defendant since "the 120-day time limit is appropriate where plaintiff has not even attempted service in the foreign country") (citing Montalbano); D. Klein & Son, Inc. v. Good Decision, Inc., No. 98 Civ. 4083 (JFK), 1999 WL 349932, at *2 (S.D.N.Y. May 28, 1999) (dismissing foreign defendant since "Plaintiff does not allege that it made any effort to serve Limited under Fed. R. Civ. P. 4(f) or (j)(1)") (citing Montalbano); In re Crysen/Montenay Energy Co., 166 B.R. 546, 553 (S.D.N.Y. 1994) (dismissing foreign defendant since "the fourteen months which transpired, before Crysen attempted to perfect service of process, precluded a finding of diligence" on plaintiffs' part); see generally 4B Wright & Miller, Federal Practice & Procedure: Civil 3d, § 1137, at 388 (2002) ("Nonetheless, if service in a foreign country is not pursued in a diligent fashion, the district court can dismiss the action because of the plaintiff's failure to prosecute.").

Even when one court allowed service of process after the 120-day deadline, that court did so only because it found that the plaintiff "exercised due diligence in attempting foreign service" on the foreign defendant.  Burda Media, Inc. v. Blumenberg, No. 97 Civ. 7167 (RWS), 2004 WL

1110419, at *6 (S.D.N.Y. May 18, 2004).

Here, in contrast, plaintiffs have made no showing that they exercised any "due diligence" in attempting to serve Mr. Mushayt, during the last eighteen months. This court should find that plaintiffs' failure to attempt to serve Mr. Mushayt warrants dismissal of the Complaint against him for failure to prosecute. This Court should not allow plaintiffs the belated opportunity to serve Mr. Mushayt by publication or otherwise, given the absence of any due diligence on their part. Alternatively, if this Court allows plaintiffs the opportunity for belated service on Mr. Mushayt, then he reserves the right to file a new motion to dismiss.

## II.     This Court Does Not Have Personal Jurisdiction Over Mr. Mushayt.

Plaintiffs' Opposition fails to address the threshold issue:  this Court lacks personal jurisdiction over Mr. Mushayt, a nonresident foreign defendant, because he has not done anything that connects him to this forum, or to the acts that allegedly caused or supported the September 11 attacks. Although plaintiffs now claim that Mr. Mushayt somehow supported al Qaeda (Opp. at 4-5), the allegations in the Complaint and the inferences from those allegations, fail to show that he supported al Qaeda, much less proximately caused the September 11 attacks.

Plaintiffs have a burden to "allege facts constituting a *prima facie* showing of personal jurisdiction." PDK Labs v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997).  Neither in the Complaint, nor in the recycled allegations in plaintiffs' Opposition, do they make out such a *prima facie* case.  Tellingly, plaintiffs make no attempt to provide this Court with documents that might support their allegations.  Instead, they argue that this Court should look at the contacts of all the defendants with this forum.  See Pl. Opp. (Al-Husaini), at 13-17 (Docket No. 272).  This argument clearly contravenes the Supreme Court's unambiguous mandate that "each defendant's

4

contacts with the forum state must be assessed individually." <u>Calder v. Jones</u>, 465 U.S. 783, 790

(1984); <u>PDK Labs</u>, 103 F.3d at 1108 ("personal jurisdiction inquiries are necessarily fact

sensitive because each case is dependent upon its own particular circumstances.").

      Further, plaintiffs have attempted to rebut only one of the three defenses set forth in Mr.

Mushayt's motion to dismiss – that relating to a theory of "specific jurisdiction." <u>See</u> Opp., at 4-

5. Therefore, the <u>only</u> theory that plaintiffs may rely upon is one of "specific jurisdiction," <u>i.e.,</u>

that Mr. Mushayt's alleged actions were such that he "purposefully directed his conduct at the

United States." <u>See</u> Opp. at 4. It is settled law that when a defense is raised in a dispositive

motion, but the plaintiff fails to respond to that defense, the plaintiff has conceded the defense.

<u>Edward B. Marks Music Corp. v. Continental Record Co.</u>, 222 F.2d 488, 493 (2d Cir. 1955);

<u>accord</u> <u>Stephenson v. Cox</u>, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("Furthermore, when a

plaintiff files a response to a motion to dismiss but fails to address certain arguments made by

the defendant, the court may treat those arguments as conceded, even when the result is

dismissal of the entire case."). Thus, plaintiffs have conceded that personal jurisdiction cannot

be established under either a general jurisdiction theory or the forum's long-arm statute.

    **A.**    **Plaintiffs's Allegations In The Complaint Regarding Mr. Mushayt Fail To**
           **<u>Support The Exercise of Personal Jurisdiction Over Him.</u>**

      Plaintiffs' allegations in the Third Amended Complaint about Mr. Mushayt, as stated in

his motion to dismiss, fail to provide any basis for personal jurisdiction over him. As a threshold

matter, there are only <u>two</u> allegations about Mr. Mushayt in the Complaint – allegations that are

logically contradictory.

      Plaintiffs first allege that "Mushayt for Trading Establishment is a company chaired by

Mohamed Ali Mushayt [and] was founded by Muhammed Galeb Kalaje Zouaydi in order to

transfer funds for al Qaeda operations in Europe." <u>See</u> Complaint, ¶ 519.

Plaintiffs then allege that "Mushayt for Trading Establishment in Jeddah shares the same administrative infrastructure, phones, telexes, **with a company named Mohammed Ali Sayeed Mushayt**, chaired by Abdull Aziz Bin Abdullah, and also located in Jeddah." <u>Id.</u> ¶ 520 (emphasis added).

Putting aside plaintiffs' error in confusing Mr. Mushayt, an individual, with the name of his company, MFT, plaintiffs' two allegations about Mr. Mushayt fail to allege that he personally knew anything about, or participated in, any illegal activities of Zouaydi.  Critically, plaintiffs <u>dismissed</u> MFT from this lawsuit on February 21, 2003.[2]  Thus, any allegations about MFT cannot be imputed to Mr. Mushayt.  Nor do plaintiffs' actual allegations about Mr. Mushayt state that he personally knew about any illegal acts that plaintiffs allege were carried out in MFT's name, whether by Zouaydi or anyone else.

Plaintiffs' Opposition brief largely recycles the allegations in the Complaint about MFT, but adds nothing to their two allegations about Mr. Mushayt himself.  Essentially, plaintiffs allege that Zouaydi, a businessman in Spain whom Spanish authorities allege to be a terrorist, founded MFT in 1985 and owned it until 1998.  <u>See</u> Complaint, at ¶ 509.  Plaintiffs do not attempt to explain why Zouaydi would start a business with another person's family name.  Nonetheless, plaintiffs use that allegation to spin a web about Zouaydi's activities through MFT, which they allege resulted in the material support of al Qaeda.  <u>Id.</u>, at ¶¶ 376-77, 502-03, 509, 519-20, 522.  To the extent that this information comes from Zouaydi, through the Spanish

---

[2] Plaintiffs initially named MFT as a defendant (D144).  Over a year ago, plaintiffs dismissed MFT.  <u>See</u> Plaintiffs' Notice of Voluntary Dismissal (Feb. 21, 2003) (*Burnett* D.D.C. Docket No. 78).

authorities, one should question its reliability insofar as the Spanish authorities are now prosecuting Zouaydi as a terrorist and money launderer.

Mr. Mushayt, in his motion to dismiss, submitted a sworn affidavit in which he stated that he, and <u>July 30, 2004not</u> Zouaydi, founded and owns MFT, which is a wholesaler of housewares and related goods.  <u>See</u> Mot. at 2 & Ex. 1 (Decl.), ¶¶ 4, 13.  Mr. Mushayt also stated in his sworn affidavit that while Zouaydi was formerly a sales manager for MFT during a previous time that Zouaydi lived in Saudi Arabia, before he moved to Spain, <u>id.</u> at ¶ 13, neither he (Mushayt) nor MFT made any investments with Zouaydi in Spain for any purpose, and they had no knowledge of the illegal actions that plaintiffs (and the Spanish authorities) allege Zouaydi undertook.  <u>Id.</u> at ¶¶ 10-11, 14, 17.  Mr. Mushayt also stated that he had no knowledge of illegal acts that plaintiffs ascribe to various other individuals, <u>i.e.</u> Mohammed Atta, Nabil Sayadi, Nabil Nanakli Kosaibati Nabil, and Abdull Aziz bin Abdullah, <u>id.</u> at ¶¶ 12, 15-16, whom plaintiffs allege to have received funds from Zouaydi or others for terrorist activities.

Tellingly, plaintiffs' counsel admitted, during oral argument before Judge Robertson, that plaintiffs "don't have a case against most of these defendants" because they could not show that "the person who receives the money says I'm going to send a thousand dollars to Mohammad Atta so he can get some flight simulator."  <u>See</u> Tr., at 77-78 (June 24, 2003) (excerpts attached hereto as Exhibit 1).  Here, even if plaintiffs' allegations regarding Zouaydi's support for terrorists are proven true, nothing is alleged or could be shown that Mr. Mushayt provided any such support to terrorists, or that he knew that MFT was engaged in terrorist activities.

Despite having had nearly two years since filing this lawsuit, and nearly three months since Mr. Mushayt filed his motion to dismiss, plaintiffs are unable to come forth with any facts

whatsoever to support their allegations against Mr. Mushayt.  Certainly, plaintiffs have made no attempt to rebut the sworn statement submitted by Mr. Mushayt.  Plaintiffs have not set forth any competent evidence in their Opposition, other than to reiterate the conclusory (and incorrect) allegations of their Complaint, see Opp., at 4-5, which appear to be based on what Zouaydi, an alleged terrorist being prosecuted in Spain, has stated.  This Court should find that the allegations in the Complaint are patently insufficient to allow personal jurisdiction over Mr. Mushayt.

Plaintiffs also make the blanket claim, which they incorporate from their Opposition to Al-Husaini's motion to dismiss (Docket No. 272), that it was well known that bin Laden and al Qaeda directed their activities against this country since the mid-1990's, so those "who provided material support in that period plainly knew that they were targeting the United States."  See Opp. at 5.  Plaintiffs have not alleged any facts showing that Mr. Mushayt provided any "material support" to any terrorist organization, much less al Qaeda, from the mid-1990's onward, so while their statements about al Qaeda may be true, they have no relevance to this motion.

Thus, plaintiffs have failed to satisfy their burden of making a *prima facie* showing of personal jurisdiction over Mr. Mushayt.

**B.    This Court Cannot Exercise Personal Jurisdiction Over Mr. Mushayt Under The Specific Jurisdiction Theory.**

Even under the specific jurisdiction theory, plaintiffs' allegations fail to support the "purposefully directed" approach.  This Court does not have personal jurisdiction over a nonresident defendant absent a *prima facie* showing that the defendant directed his activities to this forum.  Plaintiffs have not offered any competent evidence that Mr. Mushayt engaged in

8

activities – even in plaintiffs' view of the world – that he "expressly aimed" at the United States, as is required for the exercise of personal jurisdiction.  Burger King v. Rudzewicz, 471 U.S. 462, 474-76 (1985); Calder, 465 U.S. at 789-90.  Furthermore, plaintiffs have made no showing that Mr. Mushayt engaged in any activities intending or knowing that those activities would contribute to the September 11 attacks.

Plaintiffs' allegations, no matter how generously credited in plaintiffs' favor, do not show that Mr. Mushayt had any knowledge of, or knowingly provided support to, al Qaeda's activities against the United States, much less al Qaeda's September 11, 2001 attacks.  Therefore, this Court may not exercise personal jurisdiction over him.  See In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 208 (2d Cir. 2003).

## CONCLUSION

For the foregoing reasons, and those set forth in Mr. Mushayt's motion to dismiss, this Court must dismiss plaintiffs' Third Amended Complaint for failure to effect service of process and for lack of personal jurisdiction.

Respectfully submitted,

/s/ Lynne Bernabei

_____

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Mohamad Ali Mushayt (D157)

DATED:  July 30, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2004, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


/s/ Alan R. Kabat
_____

Alan R. Kabat