# Exhibit 3

Reply Brief in Support of
Dr. Abdullah Bin Saleh Al-Obaid's
Motion to Dismiss the Third Amended Complaint

03 MDL No. 1570 (RCC) / C.A. No. 03-CV-9849 (RCC)

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS BURNETT, SR., et al.,          :
                                      :
            Plaintiffs,               :
                                      :   Docket No. CA 02-1616 JR
        v.                            :   Washington, D.C.
                                      :
AL BARAKA INVESTMENT AND              :   Tuesday, June 24, 2003
DEVELOPMENT CORPORATION, et           :   10:08 a.m.
al,                                   :
                                      :
            Defendants.               :
. . . . . . . . . . . . . . . . . . . .

TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiffs:      MOTLEY RICE
                         RON MOTLEY, ESQ.
                         JODI WESTBROOK FLOWERS, ESQ.
                         28 Bridgeside Boulevard
                         Mt. Pleasant, South Carolina 29465

                         HANLY & CONROY
                         ANDREA BIERSTEIN, ESQ.
                         415 Madison Avenue
                         New York, New York 10017

                         HARRY HUGE LAW FIRM
                         HARRY HUGE, ESQ.
                         401 9th Street
                         Washington, D.C. 20004

                         G. ROBERT BLAKEY, Ph.D.
                         University of Notre Dame
                         326 Law School
                         Notre Dame, Indiana 46556

|  |  |
|---|---|
|  | GERSON INTERNATIONAL LAW GROUP<br>ALLAN GERSON, ESQ.<br>4771 Lenore Lane<br>Washington, D.C. 20008 |
| For the Defendants: | WHITE AND CASE<br>CHRISTOPHER M. CURRAN, ESQ.<br>FRANK PANOPOULOS, ESQ.<br>NICOLE ERB, ESQ.<br>601 13th Street, N.W.<br>Washington, D.C. 20005 |
|  | BERNABEI & KATZ<br>LYNNE BERNABEI, ESQ.<br>ALAN KABAT, ESQ.<br>1773 T Street, N.W.<br>Washington, D.C. 20009 |
|  | BAKER BOTTS<br>WILLIAM H. JEFFRESS, JR., ESQ.<br>CHRISTOPHER R. COOPER, ESQ.<br>SARA KROPF, ESQ.<br>1299 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004 |
|  | BECKER, HADEED, KELLOGG & BERRY<br>MICHAEL HADEED, JR., ESQ.<br>5501 Backlick Road<br>Springfield, Virginia 22151 |
|  | GORDON & SIMMONS<br>ROGER C. SIMMONS, ESQ.<br>131 West Patrick Street<br>Frederick, Maryland 21701 |
| Court Reporter | DENNIS A. DINKEL, FAPR, RDR, CRR<br>Official Court Reporter<br>Room 6818, U.S. Courthouse<br>Washington, D.C. 20001<br>Phone: (202) 289-8661 |

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription

1  to the predicate act; and I believe, Your Honor, that Boim says
2  exactly that; and in Boim, Your Honor, they -- they say -- they
3  quote the Department of Justice, the Bush administration
4  Department of Justice filed an amicus brief in the Seventh
5  Circuit.  The Department of Justice stated in that amicus brief
6  exactly what I just said:  That if you know generally that the
7  money is going to a terrorist organization and that it's
8  reasonably foreseeable that a terrorist act would occur, that
9  you are aiding and abetting the construct of a terrorist
10 factory, if you will, then you're liable, at least at the
11 12(b)(6) stage.
12     And that's what we rely on Your Honor.  We rely on
13 Boim, 2339(c), the clear congressional intent to cut off and
14 imperil the flow of money at every stage of the chain of the
15 funding of -- and sponsoring of terrorism.
16     That's the crux of our case.  If we are required at the
17 12(b)(6) stage to have -- without ever having served a single
18 piece of discovery on the defendants, we got 500 pages of
19 allegations that we built on our own investigation, Your Honor.
20 Without any information from any of these defendants.  Zero.
21 From public records and from our own investigation and from the
22 responses we received to letters rogatory.
23     As every expert pointed out, this is not a simple jump
24 from a contribution to Al Haramain where the person who receives
25 the money says I'm going to send a thousand dollars to Mohammad

```
 1  Atta so he can get some flight simulator.  If that's the burden,
 2  Judge, we don't have a case against most of these defendants.
 3          We do have a case against the banks because they were
 4  put specifically on notice in 1990 by two high-level members of
 5  the United States government who travelled to Saudi Arabia, met
 6  with the government officials, met with ministers who
 7  administered these charities, met with the banking authorities,
 8  and told them, laid it on them, told them chapter and verse what
 9  was going on with Al Haramain, Muslim World League, and others.
10  Laid it on them.  Told them chapter and verse.  1999 and again
11  in the year 2000.  We will allege that --
12          THE COURT:  And what do you assert is the duty of a
13  bank when told that one of its depositors is funneling money
14  through the bank to terrorists?
15          MR. MOTLEY:  They didn't just tell them that.  They
16  told the banking authorities how they were abusing the Islamic
17  banking system as I set forth earlier in one of the slides.
18  They didn't just tell them about the charities.  They told them
19  how the Islamic banking system was being abused.  They named
20  names.  They named names.  You may have read this week, they're
21  just now starting to arrest some of these folks who are
22  defendants in our case.
23          They were told in 1999, Your Honor, and a 12(e)
24  complaint if you give us the opportunity, we have a whole host
25  of new information we can put in the complaint.  But you're
```