**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | CASE NO. 03 MD 1570 (RCC) |

*This document relates to*:   Federal Insurance Co. v. al Qaida
                              Case No. 03-CV-6978

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), the undersigned will move the Court, before the Honorable Richard C. Casey, U.S.D.J., at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York, 10007, at a date and time to be determined, for an order striking the allegations outside the First Amended Complaint on behalf of African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation.

This Motion is based upon Plaintiffs' opposition to the above-listed entities' motion to dismiss, which contains facts not alleged in the First Amended Complaint in violation of the standard of review under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 12(f) of the Federal Rules of Civil Procedure's prohibition against "impertinent" or "scandalous matter."

Respectfully submitted,

Dated:   August 2, 2004                    By:   /s/ Nancy Luque
                                                 NANCY LUQUE (NL-1012)
                                                 DONNA M. SHEINBACH (DS-6247 )
                                                 **GRAY CARY WARE & FREIDENRICH** LLP
                                                 1625 Massachusetts Avenue NW, Suite 300
                                                 Washington, DC  20036-2247
                                                 Tel: 202-238-7764
                                                 Fax: 202-238-7701

                                                 *Attorneys for African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation (Admitted Pro Hac Vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | CASE NO. 03 MD 1570 (RCC) |

*This document relates to*:   Federal Insurance Co. v. al Qaida
Case No. 03-CV-6978

**MEMORANDUM OF LAW IN SUPPORT OF AFRICAN MUSLIM AGENCY, GROVE CORPORATE, INC., HERITAGE EDUCATION TRUST, INTERNATIONAL INSTITUTE OF ISLAMIC THOUGHT, MAR-JAC INVESTMENTS, INC., MENA CORPORATION, RESTON INVESTMENTS, INC., SAFA TRUST, SANA-BELL, INC., STERLING CHARITABLE GIFT FUND, STERLING MANAGEMENT GROUP, INC., AND YORK FOUNDATION'S
MOTION TO STRIKE PORTIONS OF PLAINTIFFS' OPPOSITION BRIEF**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation (collectively, the "Entities") respectfully submit this Memorandum in support of their motion to strike portions of Plaintiffs' Opposition Brief (Dkt. No. 315)[1] to their Motion to Dismiss the First Amended Complaint ("Complaint" or "FAC") (Dkt. No. 119).

---

[1] The Opposition Brief referred to is entitled "The Federal Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss Filed by SAAR Network Entity Defendants African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc. and York Foundation" (Dkt. No. 315), filed 7/19/04. This opposition is referred to herein as "Opposition Brief."

Gray Cary\DC\14008945.1
2103638-6

In Plaintiffs' Opposition Brief, they impermissibly introduce "facts" which are not in the allegations contained in the FAC, and are "impertinent" and "scandalous," in an effort to persuade the Court that they have support for their opposition to the Entities' motion to dismiss for failure to state a claim and to poison these proceedings. Fed. R. Civ. P. 12(f) ("Rule 12(f)"). Plaintiffs also exaggerate or misquote FAC allegations in contravention of the bedrock rule that the Court cannot weigh evidence in considering a motion to dismiss. Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). These references to "facts" outside the pleadings are improper and "scandalous" and should be stricken from the Court's consideration of the Entities' motion to dismiss.

## I. RELEVANT FACTS

Despite that the Entities filed their Motion to Dismiss collectively, for the Court's convenience and because they are represented by the same counsel, this is no justification for Plaintiffs to continue to lump all of the Entities together in an apparent effort to avoid pleading any facts against them individually. Thus, the Entities file this Motion to Strike, to object to the wholesale inclusion into the Opposition Brief of new "facts" such as those on page 2, the last sentence in the first full paragraph: "The SAAR Network Entities funneled their financial and logistical sponsorship of al Qaida through a web of interrelated entities, *activities and transactions of deliberate complexity, oversaw by the leaders of the SAAR Network (the "SAAR Executive Defendants")*. **Nowhere** in the FAC do Plaintiffs talk about any activities of the Entities or "transactions of deliberate complexity," nor are the "leaders of the SAAR Network" ever mentioned, let alone by name.

On page 3, Plaintiffs state that:

> *. . . the existence of and actions of the SAAR Network have been, and continue to be, the subject of countless investigations by*

> *United States and European authorities. It is acknowledged by all but the defendants themselves that the SAAR Network was invented for entirely different and far more malevolent purposes than the conduct of lawful business. While the Federal Plaintiffs could cite countless official reports and investigations to buttress the existence of the SAAR Network, Federal Plaintiffs will reserve such proof for discovery—the appropriate forum in which to present such evidence.*

As Plaintiffs acknowledge by pretending to stop themselves from alleging anything beyond the Complaint ("While the Federal Plaintiffs could cite [more, they] will reserve such proof for discovery), none of this is alleged in the FAC.  (Opp. Br. at 3.)

Plaintiffs also remarkably state at the bottom of page 3 that "The SAAR Raid, conducted pursuant to a federal search warrant, *was part of an ongoing federal investigation into money laundering, tax evasion activities, and ties to terrorist individuals and organizations*."  Although, even if taken as true, as it would be *if* it had been alleged in the FAC—which it was not—there is nothing in this new fact that actually alleges that the Entities engaged in money laundering or tax evasion that would support a claim.

Finally, as stated above, all these brand new references to the Entities' specific involvement in the "general allegations," "factual background," and/or "origins of Al Qaida" sections of the FAC must be stricken as well as these are not stated with any specificity whatsoever as to the Entities in the FAC.  (Opp. Br. at 5, 14, 17-19, 22.)[2]

---

[2]   Plaintiffs also attempt to amend the number of "so-called charities and business enterprises function[ing] under the umbrella of the SAAR Network" from "more than 100" to "no fewer than 65."  *Compare* Opp. Br. at 3, *with* FAC ¶ 224.

## II.  ARGUMENT

### A.  ALL REFERENCES TO MATTERS OUTSIDE RULE 12(b)(6) PLEADINGS SHOULD BE STRICKEN

As is proper on a Rule 12(b)(6) motion, the Entities confined themselves to the contents of the FAC and did not attempt to taint the Rule 12(b)(6) proceedings by submitting additional supporting evidence.  *Mayer v. Oil Field Systems Corp.*, 721 F.2d 59, 62-63 (2d Cir. 1983).  But in responding to the Entities' motion to dismiss, Plaintiffs went far beyond the FAC and spent most of their Opposition Brief describing and referencing matters not pled in the FAC.  *See* "Relevant Facts," Part I., *supra*.  Such references patently are improper on a motion to dismiss and should be stricken by the Court.  *See Wright v. Ernst & Young, LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) (no amendment of pleading via statements in a brief").

None of the above-listed references to the Entities are contained anywhere in the FAC and thus are not properly before the Court for purposes of deciding the Entities' Rule 12(b)(6) motion.[3]  Plaintiffs make statements in their Opposition Brief that have no support in the FAC at all; their attempt to gloss over the Rule 12(b)(6) standard is in clear disregard for the rule.  A Rule 12(b)(6) motion challenges the sufficiency of a complaint, not any matters that might have been, but were not, included in the complaint.  As the court is well aware, in ruling on a 12(b)(6) motion, the Court looks only to the face of the complaint and assumes the truth of all that is

---

[3]  District courts only have discretion to consider matters outside the pleadings in deciding a 12(b)(6) motion where, for example, certain documents referred to within the complaint, or which are integral to the complaint, are not appended thereto.  *See, e.g.*, *County of Suffolk, New York v. First Am. Real Estate Solutions*, 261, F.3d 179, 184 (2d Cir. 2001).

stated therein. *Bell v. Blaze Magazine*, No. 99 Civ. 12342 (RCC), 2001 WL 262718, at *2 (S.D.N.Y. Mar. 16, 2001) (citation omitted).[4]

It is also "questionable for [a] district court to [rely] upon the plaintiffs' briefs to embellish the conclusory allegations of the complaint." *Car Carriers, Inc. v. Ford Motor Co., et al.*, 745 F.2d 1101,1107 (7th Cir. 1984), *cert denied*, 470 U.S. 1054 (1985). On the contrary, the Court should assess the viability of the complaint as drafted.

**B.     THE NEW "ALLEGATIONS" ARE SCANDALOUS**

Rule 12(f) permits a court "[u]pon motion made . . . before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading . . . or upon the court's own initiative at any time, [to] order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs' Opposition Brief contains clearly "impertinent" and "scandalous" matter such that this Court should strike from the record the portions of its pleading that extend beyond the four corners of the Complaint.

In *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002), this Court held that although motions to strike are typically looked upon with disfavor, "allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *Id.*, citing *Toto v. McMahan, Brafman, Morgan & Co.*, 1995 WL 46691, at *16 (S.D.N.Y. Feb. 7, 1995) (citation omitted).

---

[4] If Plaintiffs cannot meet even this liberal standard by reference to matters within their 182-page complaint, their claims against these Entities must be dismissed. *See Car Carriers, Inc. v. Ford Motor Co., et al.*, 745 F.2d 1101,1107 (7th Cir. 1984), *cert denied*, 470 U.S. 1054 (1985) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Although the Court in *G-I Holdings, Inc.* was reviewing scandalous matter in the complaint, the same standard would appear to apply to additional "allegations" outside the complaint on a Rule 12(b)(6) motion. The new "allegations" in Plaintiffs' Opposition Brief have no bearing on the Entities' motion to dismiss because they were not in the FAC, "are amorphous, unspecific and cannot be defended against." *Id.* at 556. Moreover, the allegations, presumably lifted from inaccurate media reports, have the potential to harm the Entities irreparably in the public eye and could influence prospective jury members, given that the Entities have not been charged with any criminal activity (and thus, there should not be any public information regarding allegations such as money laundering from "federal authorities"). *Id.* at 555-556.

There is no question but that these allegations are "likely to prejudice the movant"; in fact, that is clearly what Plaintiffs intended when they discussed irrelevant "investigations by United States and European authorities" against the "SAAR Network, while unabashedly acknowledging that such additional fact pleading is improper at this stage in the proceedings. (Opp. Br. at 3.) As stated in *G-I Holdings, Inc.*, "[i]f a party has suffered prejudice as a result of scandalous allegations—as is likely here—the solution under Rule 12(f) is not thereafter to ignore the party's plight." *Id.* at 556. The portions referenced by the Entities as being outside the allegations contained in the Complaint should be stricken from the record as improper, unfounded, and scandalous.

## CONCLUSION

For all the foregoing reasons, African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation hereby respectfully request that the Court strike all references outside the Complaint found in Plaintiffs' Opposition Brief.

Respectfully submitted,

Dated:   August 2, 2004            By:  /s/ Nancy Luque
                                        NANCY LUQUE (NL-1012)
                                        DONNA M. SHEINBACH (DS-6247 )
                                        **GRAY CARY WARE & FREIDENRICH** LLP
                                        1625 Massachusetts Avenue NW, Suite 300
                                        Washington, DC  20036-2247
                                        Tel: 202-238-7764
                                        Fax: 202-238-7701

                                        *Attorneys for African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation (Admitted Pro Hac Vice)*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of August, 2004, I caused an electronic copy of the foregoing Notice of Motion and Memorandum of Law in Support of African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation's Motion To Strike Portions of Plaintiffs' Opposition Briefs to be served by the Court's electronic filing system upon all parties scheduled for electronic notice.

                        /s/ Donna M. Sheinbach
                        Donna M. Sheinbach (DS-6247)