**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | CASE NO. 03 MD 1570 (RCC) |

*This document relates to*:   Federal Insurance Co. v. al Qaida
Case No. 03-CV-6978

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 12(b)(6), the undersigned will move the Court, before the Honorable Richard C. Casey, U.S.D.J., at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York, 10007, at a date and time to be determined, for an order striking the allegations outside the First Amended Complaint on behalf of Taha Al-Alwani, Jamal Barzinji, M. Omar Ashraf, Muhammad Ashraf, M. Yaqub Mirza, and Iqbal Unus.

This Motion is based upon Plaintiffs' opposition to the above-listed entities' motion to dismiss, which contains facts not alleged in the First Amended Complaint in violation of the standard of review under Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 12(f) of the Federal Rules of Civil Procedure's prohibition against "impertinent" or "scandalous matter."

Respectfully submitted,

Dated: August 2, 2004          By: /s/ Nancy Luque
                                   NANCY LUQUE (NL-1012)
                                   DONNA M. SHEINBACH (DS-6247 )
                                   **GRAY CARY WARE & FREIDENRICH LLP**
                                   1625 Massachusetts Avenue NW, Suite 300
                                   Washington, DC  20036-2247
                                   Tel: 202-238-7764
                                   Fax: 202-238-7701

                                   *Attorneys for Taha Al-Alwani, Jamal Barzinji, M. Omar Ashraf, Muhammad Ashraf, M. Yaqub Mirza, and Iqbal Unus*
                                   *(Admitted Pro Hac Vice)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | CASE NO. 03 MD 1570 (RCC) |

*This document relates to*:   Federal Insurance Co. v. al Qaida
Case No. 03-CV-6978

**MEMORANDUM OF LAW IN SUPPORT OF TAHA AL-ALWANI, JAMAL BARZINJI, M. OMAR ASHRAF, MUHAMMAD ASHRAF, M. YAQUB MIRZA, AND IQBAL UNUS'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' OPPOSITION BRIEFS**

Taha Al-Alwani, Jamal Barzinji, M. Omar Ashraf, Muhammad Ashraf, M. Yaqub Mirza, and Iqbal Unus (collectively, the "Individuals") respectfully submit this Memorandum in support of their motion to strike portions of Plaintiffs' Opposition Briefs (Dkt. Nos. 290, 291)[1] in further support of their motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

In Plaintiffs' Opposition Brief, they impermissibly inject "facts" that are not contained in the First Amended Complaint (FAC) in an effort to persuade the Court that they have support for their oppositions to the Individuals' motions to dismiss for failure to state a claim. Plaintiffs also exaggerate or misquote FAC allegations in contravention of the bedrock rule that the Court cannot weigh evidence in considering a motion to dismiss. These references to "facts" outside

---

[1] The Opposition Briefs referred to are (1) "The Federal Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss Filed by SAAR Executive Defendants Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza and Iqbal Unus" (Dkt. No. 290), filed 7/9/04; and (2) "The Federal Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss Filed by Jamal Barzinji" (Dkt. No. 291), filed 7/9/04. For convenience, the first opposition brief listed above is referred to herein as "Opposition Brief Against the Individuals," and the second is referred to herein as "Opposition Brief Against Barzinji." Collectively, these briefs are referred to herein as "Plaintiffs' Opposition Briefs."

the pleadings are improper and should be stricken from the Court's consideration of the Individuals' 12(b)(6) motions.

## I.  RELEVANT FACTS

**A.     OPPOSITION BRIEF AGAINST THE INDIVIDUALS**

The FAC does not allege *any* facts against the Individuals.  *See* Mem. of Law in Supp. of Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus's Motion to Dismiss the First Am. Compl. (Dkt. No. 112), dated 5/10/04, at 1.  Instead, Plaintiffs merely list these gentlemen in a paragraph that contains the names of over three hundred defendants and refers to all of the listed defendants as "co-conspirators."  *Id.*  Accordingly, the Individuals filed a motion to dismiss the FAC alleging that Plaintiffs failed to state a claim against them.[2]

In response, Plaintiffs were forced to attempt to expand this list to survive the motion to dismiss.  Language specifically outside the four corners of the FAC is as follows:

- Page 2, in the last sentence of the first paragraph: "*The Federal Plaintiffs' Complaint alleges that the SAAR Executive Defendants are among the al-Qaida sympathizers, supporters, and financiers who conspired toward and otherwise enabled the Attack by acting as founders, officers and directors of the numerous SAAR Network entities that provided support for al Qaida.*"  This is not alleged in the FAC.

---

[2]  This motion also requests dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Although the presentation of additional materials is permitted in order to aid a Court's consideration of jurisdictional issues, this procedural difference is not significant here because the additional references outside the pleadings do not appear to relate at all to Plaintiffs' defense of the Entities or Individuals' personal jurisdiction arguments.

- Likewise, on page 3, there is no support in the FAC for the last sentence of the paragraph continued from the previous page: "*The SAAR Executive Defendants are known to currently control, or have previously controlled, as executives and/or directors more than sixty five of the SAAR Network Entities.*"[3]

There appears to be some confusion among Plaintiffs as to their own allegations regarding these "SAAR Network entities", given that they are not all listed in the FAC. In fact, the Opposition Brief filed against the Individuals' motion to dismiss states that there are "sixty-five so-called charities and business enterprises [that] function[ ] under the umbrella of the SAAR Network," whereas the FAC puts the number at "more than one hundred." *Compare* Opp. Br. Against the Individuals at 2, 3, *with* FAC, at ¶ 224.

- Continuing on page 3, the "facts" in the first full paragraph beginning with the second sentence continuing through the second full paragraph are not alleged in the FAC:

  > *. . . . Specifically, defendant M. Yaqub Mirza is, or has served, as an officer and/or director of twenty-nine SAAR Network Entities, and maintains signatory authority over seventeen different bank accounts associated with fifteen different SAAR Network Entities. Mirza is also the first organizer of the U.S. offices of Muslim World League, notorious for its close association with and support of Bin Laden and other high ranking al Qaida officials. FAC ¶¶ 113-129. Defendant Muhammad Ashraf is an officer and/or director of twenty-seven SAAR Network Entities. Defendant M. Omar Ashraf is an officer and/or director of eleven SAAR Network Entities. Defendants Taha Al-Alwani and Iqbal Unus are officers and/or directors of four SAAR Network Entities.*
  >
  > *On March 20 and 21, 2002, federal authorities raided the SAAR Network Facilities (the "SAAR Raid"). FAC ¶ 227. The SAAR Raid was part of an ongoing federal investigation into money laundering, tax evasion activities, and ties to terrorist individuals and organizations. In addition to executing a search at the*

---

[3] Plaintiffs make this new allegation again on page 4: "*in their respective roles as control persons in charge of dozens of SAAR Network Entities . . . .*"

> *Herndon headquarters, federal authorities searched the residences of eight SAAR Network Executives, including the five moving defendants. FAC ¶¶ 223-225.*

*Because the FAC does not mention the Individuals anywhere in the body of the complaint*, all of these allegations go beyond the four corners of the pleading. The paragraph cites to the FAC are consistently misleading. Here, for example, paragraphs 113-129 refer to the Muslim World League; Dr. Mirza is (appropriately) not mentioned anywhere in this section. In addition, the so-called "SAAR Raid" is mentioned in the FAC, but the FAC does not mention that the Individuals' homes were searched, nor again, how these Individuals are connected to any "SAAR Network Facilities." (FAC ¶¶ 223-225.)

- On page 7, Plaintiffs continue to try to substantiate their claim that their "list" of defendants constitutes an allegation. But they cannot force their new allegations into their general ones because the FAC lacks such support for these allegations. For example, Plaintiffs cite to paragraphs 79-83 of the FAC as support for their argument that "the complex web of alleged charities and for-profit entities, known as the SAAR Network, *with which the SAAR Executive Defendants are directly linked either as founders, board members, or officers or directors, are identified as funders, planners, coordinators, and organizers of Al Qaida.*" But paragraphs 79-83 contain the FAC's "General Allegations Common to All Charity Defendants." *None* of the Individuals are mentioned in these paragraphs, nor is it stated anywhere in the FAC that they are "charity defendants."

- On page 10, Plaintiffs remarkably state: "*As is alleged in the Complaint, the SAAR Executive Defendants, through their control of the SAAR Network entities, provided*

*funding and support to the al Qaida terrorist network.*" This is not only a false statement, it is not found in the FAC.

- And finally on page 11, Plaintiffs' citation to paragraph 66 as support for their statement that "*the SAAR Executive Defendants are active al Qaida sponsors,*" is at best disingenuous. Paragraph 66 is the four-and-a-half-page listing of the defendants in this action, which further states that all of the so-named defendants "have aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons, as described herein." It is more than a stretch for Plaintiffs to interpret this "allegation" in the Complaint as stating that "the Individuals are *active* al Qaida sponsors."

**B.     OPPOSITION BRIEF AGAINST BARZINJI**

The amended allegations against Dr. Barzinji are similar to those against the above-referenced Individuals. First, the Opposition Brief Against Barzinji amends the FAC from "more than one hundred ostensible charities and for-profit businesses function[ing] under the umbrella of the SAAR Network" to "*sixty-five* so-called charities and business enterprises." *Compare* Opp. Br. Against Barzinji at 2, *with* FAC, at ¶ 224.

Second, Plaintiffs for the first time allege the number of SAAR Network Entities that Dr. Barzinji "is currently, or has been, an executive and/or director of" as fourteen, when the FAC only lists *three*. (*Compare* Opp. Br. Against Barzinji, at 1, 2, *with* FAC ¶ 490.)

Third, the last sentence on page 2 also broadens the allegations against Dr. Barzinji: "*In his executive and director roles, Dr. Barzinji has authority over eighteen bank accounts for SAAR Network Entities.*" The FAC states that he *held* authority over these eighteen bank accounts for *Safa Entities in his capacity as president of Safa Trust*. (FAC ¶ 490.) The

distinction is significant given that the Safa Trust is a real entity, whereas the "SAAR Network" is a fictional, and apparently amorphous, web.

Fourth, the new allegation about the search of Dr. Barzinji's home is not found in the FAC.  *Compare* Opp. Br. Against Barzinji, at 3 ("Federal authorities searched the residences of eight SAAR Network leaders, *including that of Dr. Barzinji*"), *with* FAC ¶ 227 ("On March 20 and 21, 2002, federal authorities raided the . . . residences of several prominent SAAR Network officials").  It is neither relevant nor of assistance to Plaintiffs in defending Dr. Barzinji's motion.

And lastly, the Federal Plaintiffs attempt as they do with the "allegations" against the Individuals to lump Dr. Barzinji into the "General Allegations Common to All Charity Defendants" section of the FAC (¶¶ 79-83), the "Origins of Al Qaida" section (¶¶ 75-78); and the "Factual Background" section (¶¶ 70-74).  *See* Opp. Brief Against Barzinji at 1-2, 4, 6, 8-11, 15. All of these allegations, made specific to Dr. Barzinji only through this opposition brief because the FAC does not specifically mention him by name in *any* of these sections, should be stricken from the Court's consideration of Dr. Barzinji's motion to dismiss.

## II.  ARGUMENT

### A.  ALL REFERENCES TO MATTERS OUTSIDE RULE 12(b)(6) PLEADINGS SHOULD BE STRICKEN

As is proper on a Rule 12(b)(6) motion, the Individuals confined themselves to the contents of Plaintiffs' FAC and did not taint the Rule 12(b)(6) proceedings by submitting additional supporting evidence.  *Mayer v. Oil Field Systems Corp.*, 721 F.2d 59, 62-63 (2d Cir. 1983).  But in responding to the Individuals' motions to dismiss, Plaintiffs were forced to go well outside the FAC and to spend pages describing matters not pled in the FAC.  *See* "Relevant

Facts," Part I., *supra*. Such references patently are improper on a motion to dismiss and should be stricken by the Court. *See Wright v. Ernst & Young, LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) (no amendment of pleading via statements in a brief").

None of the above-listed references to the Individuals are contained anywhere in the FAC.[4] Thus, Plaintiffs' statements in their Opposition Brief, which have no support in the FAC, are apparent attempts to gloss over the 12(b)(6) standard in clear disregard for the rule. A Rule 12(b)(6) motion challenges the sufficiency of a complaint, not any matters that might have been, but were not, included in the complaint.

As the court is well aware, in ruling on a 12(b)(6) motion, the Court looks only to the face of the complaint and assumes the truth of all that is stated therein. *Bell v. Blaze Magazine*, No. 99 Civ. 12342 (RCC), 2001 WL 262718, at *2 (S.D.N.Y. Mar. 16, 2001) (citation omitted).[5] Further, it is "questionable for [a] district court to [rely] upon the plaintiffs' briefs to embellish the conclusory allegations of the complaint." *Car Carriers, Inc. v. Ford Motor Co., et al.,* 745 F.2d 1101,1107 (7th Cir. 1984), *cert denied*, 470 U.S. 1054 (1985). On the contrary, the Court should assess the viability of the complaint as drafted.

---

[4] District courts only have discretion to consider matters outside the pleadings in deciding a 12(b)(6) motion where, for example, certain documents referred to within the complaint, or which are integral to the complaint, are not appended thereto. *See, e.g.*, *County of Suffolk, New York v. First Am. Real Estate Solutions*, 261, F.3d 179, 184 (2d Cir. 2001).

[5] If Plaintiffs cannot meet even this liberal standard by reference to matters within their 182-page complaint, their claims against these entities and individuals must be dismissed.[5] *See Car Carriers, Inc. v. Ford Motor Co., et al.,* 745 F.2d 1101,1107 (7th Cir. 1984), *cert denied*, 470 U.S. 1054 (1985) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

**B.     THE NEW "ALLEGATIONS" ARE IMPERTINENT AND SCANDALOUS**

Rule 12(f) permits a court "[u]pon motion made . . . before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading . . . or upon the court's own initiative at any time, [to] order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiffs' Opposition Brief contains clearly "impertinent" and "scandalous" matter such that this Court should strike from the record the portions of its pleading that extend beyond the four corners of the Complaint.[6]

In *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002), this Court held that although motions to strike are typically looked upon with disfavor, "allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *Id.*, citing *Toto v. McMahan, Brafman, Morgan & Co.*, 1995 WL 46691, at *16 (S.D.N.Y. Feb. 7, 1995) (citation omitted).

Although the Court in *G-I Holdings, Inc.* was reviewing scandalous matter in the complaint, the same standard would appear to apply to additional "allegations" outside the complaint on a Rule 12(b)(6) motion. The new "allegations" in Plaintiffs' Opposition Brief are clearly prejudicial, and have no bearing on the Individuals' motions to dismiss. *Id.* Plaintiffs' new "allegations" include references to "ongoing federal investigation into money laundering,

---

[6] The Individuals stated in their Replies in Support of their Motion to Dismiss the Complaint, filed 7/23/04, that they intended to file a motion to strike the matters outside the pleadings, see Dkt. Nos. 161, 162 at 1 n.3, but Rule 12(f) requires that the motion to strike be made "before responding to [the] pleading." Fed. R. Civ. P. 12(f). The authority given courts to strike matters "upon [their] own initiative at any time," however, has been interpreted to permit untimely motions to strike where justice requires. *See, e.g.*, *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 554 (S.D.N.Y. 2002).

tax evasion activities, and ties to terrorist individuals and organizations." Not only were such allegations not in the FAC, they are "amorphous, unspecific and cannot be defended against." *Id.* at 556. Moreover, the allegations, presumably lifted from inaccurate media reports, have the potential to harm the Individuals irreparably in the public eye and could influence prospective jury members, given that none of the Individuals have been charged with any criminal activity (and thus, there should not be any public information regarding allegations such as money laundering from "federal authorities"). *Id.* at 555-556.

Statements such as "the Individuals are *active* al Qaida sponsors" also are clearly prejudicial and scandalous, given that the Complaint does not make this allegation. As stated in *G-I Holdings, Inc.*, "[i]f a party has suffered prejudice as a result of scandalous allegations—as is likely here—the solution under Rule 12(f) is not thereafter to ignore the party's plight." *Id.* at 556. The portions referenced by the Entities as being outside the allegations contained in the Complaint should be stricken from the record as improper, unfounded, and scandalous.

## CONCLUSION

For all the foregoing reasons, Taha Al-Alwani, Jamal Barzinji, M. Omar Ashraf, Muhammad Ashraf, M. Yaqub Mirza, Iqbal Unus, African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation hereby respectfully request that the Court strike all references outside the pleadings found in Plaintiffs' Opposition Briefs.

Respectfully submitted,

Dated: August 2, 2004        By: /s/ Nancy Luque
                             NANCY LUQUE (NL-1012)
                             DONNA M. SHEINBACH (DS-6247 )
                             **GRAY CARY WARE & FREIDENRICH** LLP
                             1625 Massachusetts Avenue NW, Suite 300
                             Washington, DC  20036-2247
                             Tel: 202-238-7764
                             Fax: 202-238-7701

                             *Attorneys for Taha Al-Alwani, Jamal Barzinji, M. Omar Ashraf, Muhammad Ashraf, M. Yaqub Mirza, and Iqbal Unus*
                             *(Admitted Pro Hac Vice)*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of August, 2004, I caused an electronic copy of the foregoing Notice of Motion and Memorandum of Law in Support of Taha Al-Alwani, Jamal Barzinji, M. Omar Ashraf, Muhammad Ashraf, M. Yaqub Mirza, and Iqbal Unus's Motion To Strike Portions of Plaintiffs' Opposition Briefs to be served by the Court's electronic filing system upon all parties scheduled for electronic notice.

                                     /s/ Donna M. Sheinbach
                                       Donna M. Sheinbach (DS-6247)