# EXHIBIT A

KELLOGG, HUBER, HANSEN, TODD & EVANS, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

July 15, 2004

**_VIA FACSIMILE & FIRST CLASS MAIL_**

Elliott R. Feldman, Esq.
Cozen O'Connor
The Atrium – 3rd Floor
1900 Market Street
Philadelphia, PA 19103-3508

    Re:   *Federal Insurance Co., et al. v. Al Qaida, et al.*,
           03-CV-6978 (S.D.N.Y.)

Dear Mr. Feldman:

    Our firm represents HRH Prince Turki Al-Faisal in the above-captioned matter. I am writing to request that you voluntarily dismiss certain of the allegations in your complaint concerning Prince Turki that are both false and without any possible evidentiary support.

    Your First Amended Complaint alleges that Prince Turki "has made significant personal contributions to Saudi-based charities that he knew to be sponsors of al Qaida's global operations," including International Islamic Relief Organization (IIRO), Muslim World League (MWL), World Assembly of Muslim Youth (WAMY), Benevolence International Foundation (BIF), Saudi High Commission, Saudi Joint Relief Committee (SJRC), and al Haramain Islamic Foundation (al Haramain). Compl. ¶ 451. The Complaint further alleges that Prince Turki "knew and intended that the contributions he made to IIRO, WAMY, MWL, Sanabel-al Kheer and al Haramain Foundation would be used to fund al Qaida's global operations and acts of international terrorism." Compl. ¶ 452.

KELLOGG, HUBER, HANSEN, TODD & EVANS, P.L.L.C.

Elliott R. Feldman, Esq.
July 15, 2004
Page 2

    You have made similar boiler-plate allegations against other defendants. The allegations appear to have been added to the complaint without any individual factual investigation. Certainly, with respect to Prince Turki, the allegations are wholly false. Prince Turki has never made any contribution to any of the listed organizations.

    We accordingly ask that you move promptly to drop these allegations from your First Amended Complaint or identify the evidentiary basis for your claims. Should you fail to do so, we will serve your firm with a motion for Rule 11 sanctions pursuant to Rule 11(c)(1)(A) and consider other appropriate measures.

                                      Yours sincerely,

                                      Michael K. Kellogg