UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
**In re Terrorist Attacks on September 11, 2001**                  :   03 MDL 1570 (RCC)
                                                                   :
                                                                   :
------------------------------------------------------------------ x
                                                                   :
This Document Relates To:                                          :
                                                                   :
*Federal Insurance Co., et al. v. Al-Qaida, et al.*                :   03 CV 6978 (RCC)
                                                                   :
------------------------------------------------------------------ x


# ARAB BANK PLC's REPLY MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS


# KING & SPALDING LLP

*ATTORNEYS FOR DEFENDANT*
*ARAB BANK PLC*

1185 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036-4003
TELEPHONE: (212) 556-2100
FACSIMILE: (212) 556-2222

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I.      PRELIMINARY STATEMENT ................................................................................. 1

II.     REPLY ARGUMENT .................................................................................................. 2

        A.      Plaintiffs' Claims Against Arab Bank Do Not Comply with the
                Pleading Requirements of Rule 8 ................................................................... 2

        B.      Plaintiffs Fail to Plead the Elements of Their Claims .................................. 5

III.    CONCLUSION ............................................................................................................. 8

i

# TABLE OF AUTHORITIES

**Federal Cases** Page(s)

Am. Arbitration Ass'n, Inc. v. DeFonseca,
   No. 93 Civ. 2424, 1996 WL 363128 (S.D.N.Y. June 28, 1996)...................6

Atuahene v. City of Hartford,
   10 Fed. Appx. 33 (2d Cir. 2001)................................................................4

Briscoe v. LaHue,
   663 F.2d 713 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983).............................4

Burnett v. Al Baraka Inv. & Dev. Corp.,
   274 F. Supp. 2d 86 (D.D.C. 2003)...............................................................3

Chimarev v. TD Waterhouse Investor Servs., Inc.,
   280 F. Supp. 2d 208 (S.D.N.Y. 2003), aff'd, 99 Fed. Appx. 259 (2d Cir. 2004)..........3

Connolly v. Havens,
   763 F. Supp. 6 (S.D.N.Y. 1991)..................................................................7

In re Cross Media Mktg. Corp. Sec. Litig.,
   314 F. Supp. 2d 256 (S.D.N.Y. 2004).........................................................3

Dubai Islamic Bank v. Citibank, N.A.,
   256 F. Supp. 2d 158 (S.D.N.Y. 2003).........................................................3

Gauvin v. Trombatore,
   682 F. Supp. 1067 (N.D. Cal. 1988) ...........................................................4

Glenn v. First Nat'l Bank in Grand Junction,
   868 F.2d 368 (10th Cir. 1989) ....................................................................4

Laverpool v. New York City Transit Auth.,
   760 F. Supp. 1046 (E.D.N.Y. 1991) ...........................................................7

Medina v. Bauer,
   No. 02 Civ. 8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004)....................4

Morin v. Trupin,
   711 F. Supp. 97 (S.D.N.Y. 1989)................................................................7

Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.,
   165 F. Supp. 2d 514 (S.D.N.Y. 2001).........................................................6

## TABLE OF AUTHORITIES - Continued

Page(s)

Nigerian Nat'l Petroleum Corp. v. Citibank, N.A.,
 98 Civ. 4960, 1999 WL 558141 (S.D.N.Y. July 30, 1999) ..........................................3

Paredes v. City of N.Y.,
 No. 01 Civ. 521, 2002 WL 31093606 (S.D.N.Y. Sept. 18, 2002) ................................3

Ryan v. Hunton & Williams,
 99 Civ. 5938, 2000 WL 1375265 (E.D.N.Y. Sept. 20, 2000) .......................................3

Schmidt v. Fleet Bank,
 16 F. Supp. 2d 340 (S.D.N.Y. 1998) ..............................................................................6

Sheffield v. Orius Corp.,
 211 F.R.D. 411 (D. Or. 2002) ........................................................................................4

Troni v. Banca Popolare Di Milano,
 No. 89 Civ. 3299, 1992 WL 8341 (S.D.N.Y. Jan. 14, 1992) .........................................3

United States Fire Ins. Co. v. United Limousine Serv., Inc.,
 303 F. Supp. 2d 432 (S.D.N.Y. 2004) ............................................................................6

Williams v. Bank Leumi Trust Co.,
 No. 96 Civ. 6695, 1997 WL 289865 (S.D.N.Y. May 30, 1997) ....................................4

Zeising v. Kelly,
 152 F. Supp. 2d 335 (S.D.N.Y. 2001) ............................................................................3

**Federal Statutes**

Fed. R. Civ. P. 8(a) .................................................................................................2, 4

Fed. R. Civ. P. 12(b)(6) ...............................................................................................3

Racketeer Influenced and Corrupt Organizations Act ("RICO"),
 18 U.S.C. §§ 1962(a), (c), (d) .................................................................................. 5-7

I. **PRELIMINARY STATEMENT**

There is not a single factual allegation in the First Amended Complaint that could give rise to a cause of action against Arab Bank. Repeating over and over that Arab Bank "materially supported," "aided and abetted," "conspired with," and "had knowledge" of purported terrorist activities -- without any factual support -- does not create any cause of action under settled notice pleading standards. The truth is that plaintiffs lack any facts that could state a claim against the bank, and the Court should dismiss the First Amended Complaint.

Plaintiffs' opposition brief offers three arguments in response to Arab Bank's motion. First, plaintiffs argue that the specific allegations against Arab Bank contained in Paragraphs 357-364 are "clearly pled" and "detailed," and give Arab Bank fair notice of the claims against it. Fed. Opp. Br. at 1, 4. A plain reading of these allegations proves the exact opposite -- that they are hopelessly vague and allege no facts that could give rise to any cause of action. The only facts contained in those paragraphs allege that individuals and organizations that support al Qaida maintained accounts with and made wire transfers through the bank. These allegations do not give rise to a cause of action under settled law. Nor do they support the vague legal conclusions concerning Arab Bank's alleged "material support" and "knowledge."

Second, plaintiffs argue that Arab Bank "fails to consider the Complaint in its entirety," and that other generalized allegations create a cause of action when read in conjunction with the specific allegations in Paragraphs 357-364. Fed. Opp. Br. at 6. Plaintiffs cite Paragraphs 66 and 70-74 to support their argument. Id. at 2, 4, 8-9, 11, 13, 15 & 17. These paragraphs do not save plaintiffs' complaint because they contain nothing more than vague legal conclusions against all 200+ defendants. Courts consistently reject this "shotgun," group-pleading approach because it fails to give any particular defendant fair notice of the claims against it. Lacking actual facts, plaintiffs are trying to concoct a cause of action against Arab Bank by lumping it into

1

generalized allegations against <u>all</u> 200+ defendants. Settled notice pleading standards preclude this approach.

Third, plaintiffs point to their recently-filed RICO Statement as further support for their claims against Arab Bank. Fed. Opp. Br. at 6. Plaintiffs' RICO Statement, however, offers nothing new. Rather, the RICO Statement simply rehashes the same vague legal conclusions that fail to state a claim in the first place. <u>See</u> Ex. A (Rico Statement).

Apparently recognizing that their allegations are insufficient, plaintiffs on the very first page of their brief ask for leave to amend if "this Court finds the Federal Plaintiffs' First Amended Complaint lacking." Fed. Opp. Br. at 1. Arab Bank respectfully requests that the Court deny plaintiffs' request. Arab Bank has been mired in these cases for two years, and no good reason exists to allow plaintiffs leave to amend. Arab Bank's reputation has suffered long enough as a result of being falsely accused of participating in terrorist activities, and the First Amended Complaint should be dismissed with prejudice.

## II.  REPLY ARGUMENT

### A.  PLAINTIFFS' CLAIMS AGAINST ARAB BANK DO NOT COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8

As set forth in Arab Bank's opening brief, the only allegations specifically relating to Arab Bank are contained in paragraphs 357-364. These allegations fall into one of two categories: (i) vague legal conclusions concerning Arab Bank's alleged "knowledge" and "material support" of al Qaida, (First Am. Compl. at ¶¶ 358, 361-64), and (ii) factual allegations that individuals and organizations that support al Qaida opened accounts and made wire transfers through Arab Bank. First Am. Compl. at ¶¶ 357, 359-61. These allegations do not state any cause of action against the bank.

2

Regarding the first category, courts in this Circuit have long held that conclusory labels unsupported by factual assertions fail to satisfy the Rule 12(b)(6) standard, and that vague and conclusory allegations are insufficient to give a defendant fair notice of the purported claim against it.  See In re Cross Media Mktg. Corp. Sec. Litig., 314 F. Supp. 2d 256, 261 (S.D.N.Y. 2004); Paredes v. City of N.Y., No. 01 Civ. 521, 2002 WL 31093606, at *2 (S.D.N.Y. Sept. 18, 2002); Zeising v. Kelly, 152 F. Supp. 2d 335, 342 (S.D.N.Y. 2001).[1]  Plaintiffs can repeat one hundred times that Arab Bank "materially supported" or "knew" of al Qaida's activities, but this does not state a claim because no facts support these vague legal conclusions.  Plaintiffs' opposition brief completely ignores these cases.

Regarding the second category, the factual allegations contained in Paragraphs 357-364 allege nothing more than individuals and organizations that allegedly support al Qaida opened accounts with and made wire transfers through Arab Bank.  These allegations do not give rise to any cause of action against the bank under settled law -- performing routine banking services does not give rise to any cause of action against the bank.  Burnett v. Al Baraka Inv. & Dev. Corp., 274 F. Supp. 2d 86, 109 (D.D.C. 2003); Dubai Islamic Bank v. Citibank, N.A., 256 F. Supp. 2d 158, 166-68 (S.D.N.Y. 2003); Nigerian Nat'l Petroleum Corp. v. Citibank, N.A., 98 Civ. 4960, 1999 WL 558141, at *8 (S.D.N.Y. July 30, 1999); Ryan v. Hunton & Williams, 99

---

[1]  See also Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 221 (S.D.N.Y. 2003) ("[T]he Court is not required to accept as true plaintiff's 'conclusions of law or unwarranted deductions of fact.'"), aff'd, 99 Fed. Appx. 259 (2d Cir. 2004) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)); Troni v. Banca Popolare Di Milano, No. 89 Civ. 3299, 1992 WL 8341, at *2 (S.D.N.Y. Jan. 14, 1992) (the court "is under no obligation to accept unsupported inferences or 'sweeping legal conclusions cast in the form of factual allegations.'") (citation omitted).

Civ. 5938, 2000 WL 1375265, at *9 (E.D.N.Y. Sept. 20, 2000); Williams v. Bank Leumi Trust Co., No. 96 Civ. 6695, 1997 WL 289865 (S.D.N.Y. May 30, 1997).[2]

Nor do the generalized allegations concerning all 200+ defendants create a cause of action against the bank.  Shotgun-style group pleadings lumping defendants together are insufficient because they fail to provide any particular defendant with adequate notice of the alleged wrong as required by Rule 8.  See, e.g., Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy" Rule 8's notice pleading requirement); Glenn v. First Nat'l Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) (dismissing complaint that alleged "all defendants . . . conspired together" without setting forth any "specific facts" to support the conspiracy), aff'd, 460 U.S. 325 (1983)); Medina v. Bauer, No. 02 Civ. 8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8.  Specifically, the allegations fail to give adequate notice to these defendants as to what they did wrong."); Sheffield v. Orius Corp., 211 F.R.D. 411, 415 (D. Or. 2002) ("Broad allegations against numerous defendants are not specific enough to provide defendants with notice of the plaintiffs' allegations."); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (finding that lumping defendants together into one broad allegation was not sufficient;

---

[2]  Plaintiffs try to distinguish this line of cases by arguing that they involve fraud claims, and that plaintiffs do not allege fraud in this case.  See Fed. Opp. Br. at 6 n.1.  Plaintiffs miss the point entirely.  The banking cases cited by Arab Bank are directly on point because they address the same issue presented here -- whether plaintiffs have adequately pled facts giving rise to a cause of action against a bank arising from a bank's alleged knowledge and participation in the wrongdoing at issue.

4

"plaintiff must allege the basis of his claim against each defendant to satisfy" Rule 8). Thus, the generalized conclusions pertaining to <u>all</u> 200+ defendants do not create a claim against Arab Bank. The Court should not allow plaintiffs to lump Arab Bank together with 200+ defendants as a substitute for well-pled factual allegations.

B. **PLAINTIFFS FAIL TO PLEAD THE ELEMENTS OF THEIR CLAIMS**

As set forth in our opening brief, each of plaintiffs' causes of action fails because plaintiffs do not and cannot allege facts supporting the elements of their claims. <u>See</u> Arab Bank Op. Br. at 9-20. Plaintiffs' RICO Statement, filed on July 16, 2004 <u>after</u> Arab Bank filed its opening brief, does not change the analysis. The statement offers no new facts. Rather, it rehashes and repackages the same vague legal conclusions that do not give rise to a cause of action in the first place. <u>See</u> Ex. A (RICO Statement). It does not do what such statements are intended to do -- <u>i.e.</u>, to supplement the complaint by alleging additional facts supporting the claims against the particular RICO defendant.

Plaintiffs only RICO claim in the First Amended Complaint was under Section 1962(a).[3] Plaintiffs' RICO Statement now asserts two new RICO causes of action under Sections 1962(c) and (d). These new claims fail for the same reason every other claim in the First Amended Complaint fails -- there is no factual basis supporting the elements of the causes of action.

"Section 1962(c) makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to

---

[3] In their opposition brief, plaintiffs argue that Arab Bank "concedes" in its opening brief that plaintiffs state a claim against the bank under Section 1962(a). <u>See</u> Fed. Opp. Br. at 14 (citing Arab Bank Op. Br. at 15). Arab Bank obviously made no such concession and argues the exact opposite -- that plaintiffs fail to state a claim under Section 1962(a) or any other cause of action. <u>See</u> Arab Bank Op. Br. at 15-16. No reasonable reading of Arab Bank's brief could result in the conclusion plaintiffs seem to have reached on this point. This is yet another example of how plaintiffs are willing to mischaracterize and misstate the facts to support their cause.

5

conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." United States Fire Ins. Co. v. United Limousine Serv., Inc., 303 F. Supp. 2d 432, 451 (S.D.N.Y. 2004) (citing 18 U.S.C. § 1962(c)). "The four elements of Section 1962(c) are '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Id. (quoting DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)). "The elements of section 1962(c) must be established as to each individual defendant." Id. (citing DeFalco, 244 F.3d at 306).

Plaintiffs plead no facts regarding Arab Bank that support any of the elements of a Section 1962(c) claim. No facts in the First Amended Complaint or the new RICO Statement support any claim that Arab Bank engaged in a pattern of racketeering activity as part of a RICO enterprise. Thus, plaintiffs' Section 1962(c) claim should be dismissed.

Plaintiffs also fail to plead a RICO conspiracy under 18 U.S.C. § 1962(d). "Section 1962(d) prohibits any person from conspiring to violate any of the substantive provisions of Sections 1962(a)-(c)." Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc., 165 F. Supp. 2d 514, 540 (S.D.N.Y. 2001) (citing 18 U.S.C. § 1962(d)). "To state a claim thereunder, a plaintiff must allege that 'each defendant, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of a RICO enterprise." Id. (quoting Colony at Holbrook, Inc. v. Strata, Inc., 928 F. Supp. 1224, 1238 (E.D.N.Y. 1996)). "The Second Circuit has held in the context of a motion to dismiss that to state a claim under section 1962(d), 'the complaint must allege some factual basis for a finding of a conscious agreement among the defendants.'" Am. Arbitration Ass'n, Inc. v. DeFonseca, No. 93 Civ. 2424, 1996 WL 363128, at *7 (S.D.N.Y. June 28, 1996) (quoting Hecht v. Commerce Clearing House, 897 F.2d 26 n.4 (2d Cir. 1990)); see also Schmidt v. Fleet Bank, 16

F. Supp. 2d 340, 354 (S.D.N.Y. 1998) ("Bare and conclusory allegations are insufficient to withstand a motion to dismiss and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in the conspiracy."); Connolly v. Havens, 763 F. Supp. 6, 14 (S.D.N.Y. 1991) ("conclusory allegations, parroting the language of [Section 1962(d)]" were insufficient); Laverpool v. New York City Transit Auth., 760 F. Supp. 1046, 1060 (E.D.N.Y. 1991) (dismissing RICO conspiracy claim because complaint did not set forth a specific allegation of agreement); Morin v. Trupin, 711 F. Supp. 97, 111 (S.D.N.Y. 1989) (A "mere [allegation of an] agreement to commit the predicate acts is not sufficient to support a charge of conspiracy under § 1962(d) . . . . Rather, a plaintiff 'must show that the defendants understood the scope of the enterprise and knowingly agreed to further its affairs through the commission of various offenses.'") (internal citations omitted).

No factual basis exists in the First Amended Complaint or RICO Statement from which the Court could infer that Arab Bank knowingly agreed to participate in a RICO conspiracy. Instead, plaintiffs rely on the same vague, conclusory allegations to support their Section 1962(d) claim that do not create a cause of action under settled pleading standards. For these reasons, the First Amended Complaint and RICO Statement fail to state a RICO conspiracy claim under Section 1962(d) against Arab Bank.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Arab Bank's motion to dismiss with prejudice.

Dated: August 10, 2004

                              KING & SPALDING LLP

                              By:   /s/ Richard T. Marooney, Jr.
                                    Richard A. Cirillo  (RC 7472)
                                    Richard T. Marooney, Jr.  (RM 0276)
                                    Jeanette M. Viggiano  (JV 0802)
                                    1185 Avenue of the Americas
                                    New York, NY  10036-4003
                                    Telephone:  (212) 556-2100
                                    Facsimile:  (212) 556-2222

                                    *Attorneys for Defendant*
                                    *Arab Bank Plc*