**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to: *Thomas Burnett, Sr. v. Al Baraka Investment & Develop. Corp.*, 03 CV 9849

**PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS TO DISMISS OF DEFENDANT SALEH AL-HUSSAYEN**

August 27, 2004

## INTRODUCTION

Defendant Saleh Al-Hussayen seeks to dismiss the Complaint for want of personal jurisdiction and for defective service of process.[1] Essentially, Al-Hussayen argues that he cannot be made to answer for the murderous attacks on the United States perpetrated on September 11, 2001, because he claims to have had insufficient contact with the United States to satisfy the requirements of due process. This argument is wrong. Al-Hussayen aimed his conduct at the United States when he provided support to bin Laden and al Qaeda, with knowledge that al Qaeda was engaged in terrorist activities targeted primarily and specifically at the United States and its citizens and residents. The deliberate targeting of the United States satisfies the minimum contacts test, even if the defendant never entered the United States. The principle is a simple one: no one is entitled deliberately to plot, launch, or provide financing for attacks on the United States and evade U.S. justice merely because the attacks could be planned, supported or financed from afar.

---

[1] Al-Hussayen's motion is one of a group of 11 nearly identical motions filed simultaneously by the law firm of Bernabei & Katz on behalf of 11 of the defendants (Shahir Abdulraoof Batterjee, Salman Al-Oadah, Abdullah Omar Naseef, Abdullah Muhsen Al Turki, Hamad Al-Husaini, Hamad Al-Husaini, Safar Al-Hawali, Abdul Rahman Al Swailem, Mohammed Ali Sayed Mushayt, Abdullah Bin Saleh Al-Obaid, and Saudi Red Crescent) in this case. The motion brought on behalf of Al-Hussayen is styled as one brought pursuant to F.R.C.P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction) and 12(b)(5) (improper service of process), but contains no argument whatsoever concerning subject matter jurisdiction. Because these motions make virtually identical (in many instance, *verbatim*) arguments, plaintiffs proposed to defendants' counsel that plaintiffs submit one consolidated response (of somewhat longer length than a single brief, but considerably shorter than the 275 pages allotted by the local rules to these 11 briefs) and that defendants submit a single, consolidated reply (again, of an adjusted length). Defendants refused and accordingly, plaintiffs now file a separate response to each motion. Plaintiffs have attempted to avoid duplication and hereby incorporate and cross-reference each of their responses into each of the others.

## ARGUMENT

## I. THIS COURT HAS PERSONAL JURISDICTION OVER AL-HUSSAYEN BECAUSE HE PURPOSEFULLY DIRECTED HIS CONDUCT AT THE UNITED STATES

Al-Hussayen contends that he is not subject to jurisdiction in this Court because he lacks minimum contacts with the United States. Defendant is wrong: he is subject to jurisdiction because, in supporting Osama bin Laden and al Qaeda in their terrorist war against America, Al-Hussayen purposefully directed his conduct at the United States. No more is required to satisfy the requirements of due process.[2]

To defeat a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction made (like this one) before discovery, plaintiffs "need make only a prima facie showing by [their] pleadings and affidavits that jurisdiction exists." *Cutco Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). In evaluating plaintiffs' *prima facie* showing of jurisdiction, the Court must construe all pleadings and affidavits in the light most favorable to plaintiffs and resolve all doubts in plaintiffs' favor. *PDK Labs v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). In addition, the Court "must read the Complaint liberally, drawing all inferences in favor of the pleader." *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir. 1993).

### A. A Defendant Who Purposefully Directs His Conduct at the United States Can Reasonably Expect to be Haled Into Court Here, Even if the Defendant Was Never Physically Present

Al-Turki is subject to jurisdiction in this Court because he purposefully directed his conduct at the United States. For a discussion of the legal standard applicable here, plaintiffs

---

[2] Al-Hussayen also claims that the District of Columbia long-arm statute does not authorize jurisdiction here. But plaintiffs do not rely on the D.C. long-arm statute. Rather, they rely on Federal Rule of Civil Procedure 4(k)(2) which authorizes jurisdiction over foreign defendants in the United States for federal claims (including plaintiffs' claims under the Anti-Terrorism Act, 18 U.S.C. § 2333) where jurisdiction is not otherwise available, subject only to the due process limits of the Constitution. In the context of F.R.C.P. 4(k)(2), the relevant minimum contacts are with the United States as a whole.

3

respectfully refer the Court, and incorporate by reference, their memorandum of law in opposition to the motion to dismiss filed by Hamad Al-Husaini, filed contemporaneously with this memorandum.

> **B.  The Complaint Adequately Alleges, and the Evidence Demonstrates, that, in Supporting Al Qaeda, Al-Hussayen Purposefully Directed His Conduct at the United States Because Al Qaeda Had Publicly Announced that the United States Was the Target of Its Terrorist Activities**

The Third Amended Complaint and the evidence submitted sufficiently make out a *prima facie* case pleaded that, in supporting al Qaeda, Al-Hussayen purposefully directed his conduct at the United States so as to subject him to jurisdiction in the Courts of the United States.

> *1.   Al-Hussayen Provided Material Support to Al Qaeda*

To begin with, the Complaint adequately alleges [and the evidence shows] that Al-Hussayen provided material support to Osama bin Laden and al Qaeda. Saleh al-Hussayen actively supported co-defendant Islamic Association of North America (IANA). A radical Islamic organization based in Ypsilanti, Michigan, IANA was incorporated in Colorado in 1993. IANA's reach is broad; it utilizes a number of media to spread its intolerant, often violent, Wahhabist message. IANA maintains a number of websites, a 1-800 fatwa resource line, a radio station, and a quarterly magazine. IANA publishes a number of books in English and Arabic, sponsors annual conventions, provides scholarships, and has a prison outreach program. IANA solicits donations widely throughout America and from abroad. *See* Susan Schmidt, "Spreading Saudi Fundamentalism in U.S.," *The Washington Post*, p. A1, 10/2/03. IANA has come under a great deal of scrutiny and investigation for its clear advocacy of militant Islamic jihad and its funneling of money to al-Qaeda and affiliated organizations. Saudi embassy officials have declared that they consider IANA a radical organization affiliated with the Muslim Brotherhood. *Id*.

4

In addition, the Complaint alleges, and the massive evidence that plaintiffs' have compiled demonstrates, that al Qaeda directed its terrorist activities against the United States *and* that bin Laden announced this, repeatedly and publicly throughout the mid- and late 1990's, so that individuals like Mr. Al-Hussayen who provided material support in that period plainly knew that they were targeting the United States when they assisted al Qaeda with its terrorist agenda.

### 2. *Al Qaeda Openly and Publicly Announced its Terrorist Agenda and Targeted the United States*

It has been publicly known since the mid-1990s, if not well before, that Osama bin Laden and his Al Qaeda terrorist network had launched an international campaign of terror directed at the United States. For a full discussion of the evidence demonstrating that supporters of al Qaeda were purposefully directing their conduct at the United States because the United States and its nationals were the primary avowed targets of al Qaeda, plaintiffs respectfully refer this Court to their memorandum of law submitted in opposition to the motion to dismiss filed by Hamad Al-Husaini, and to the Affirmation of Andrea Bierstein accompanying it, as well as to the exhibits annexed to the affirmation, all of which are hereby incorporated.

## II. AL-HUSSAYEN WAS PROPERLY SERVED

Al-Hussayen also argues that he has not been properly served. (Al-Hussayen Memorandum at 20-22.) Al-Hussayen makes the identical arguments about service by publication made by his co-defendant Shahir A. Batterjee. Plaintiffs have addressed each of those arguments in their opposition briefs to Batterjee's Motion to Dismiss and to Salman Ol-Oadah's Motion to Dismiss. Rather than repeat those arguments here, plaintiffs instead respectfully refer the Court to, and incorporate by reference, those discussions.

As demonstrated in plaintiffs' memorandum of law in opposition to Al-Oadah's motion to dismiss, service by publication on defendants in the Middle East, including Al-Hussayen, was

5

proper. On March 24, 2003, Plaintiffs filed a motion for leave to serve by publication defendants located in Saudi Arabia, Sudan and United Arab Emirates. *Burnett* D.D.C. Docket No. 95, 3. (A copy of plaintiffs' March 24, 2003 motion is Exhibit A to plaintiffs' Notice of Filing of Corrected Exhibit to Affirmation of Andrea Bierstein in Opposition to Motion to Dismiss of Shahir Batterjee.) In that motion, plaintiffs asked for an extension of time to serve all originally named defendants and, by implication, any defendants added subsequently that are either at large or in the region of the Gulf States, and specifically in Saudi Arabia, Sudan and United Arab Emirates. Additionally, the Plaintiffs asked for permission to serve by publication defendants that were listed in the Exhibit A attached to the motion. On March 25, 2003, the Court granted the March 24, 2003 request to serve certain Defendants by publication. Al-Hussayen was served by publication in *Al-Quds Al-Arabi* on June 3, 11, 18 and 24, and July 12 and 14, 2003 and in the *International Herald Tribune* on May 23, 30, June 6, 13, 20, and 27, 2003. On April 8, 2004, Al-Hussayen appeared and filed this motion to dismiss. In short, plaintiffs served Al-Hussayen in accordance with the Court's March 25, 2003 order granting their March 24, 2003 request to serve certain defendants by publication and that service sufficiently apprised Al-Hussayen of this action that he retained counsel and appeared. That Al-Hussayen was not specifically named in the D.C. court's March, 2003 order is irrelevant for the reasons set forth in plaintiffs' opposition brief to Salman Ol-Oadah's Motion to Dismiss.

### III.   THE FSIA DOES NOT PRECLUDE PLAINTIFF' SUIT AGAINST AL-HUSSAYEN

Al-Hussayen also claims that he is entitled to immunity under the Foreign Sovereign Immunities Act ("FSIA"). But defendant's support for al Qaeda falls within the "tortious act" exception to the FSIA. *See* 28 U.S.C. § 1605(a)(5). Plaintiffs hereby incorporate by reference and respectfully refer the Court to the arguments concerning the FSIA and the "tortious act"

exception set forth in plaintiffs' opposition to motions to dismiss filed by Abdullah Muhsen Al Turki and Abdullah Bin Saleh Al-Obaid and to Plaintiffs' Consolidated Memorandum Of Law in Opposition to Sultan Bin Abdulaziz Al-Saud's Motion to Dismiss Certain Consolidated Complaints.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(5) should be denied in its entirety.

Dated:  New York, NY
       August 27, 2004

Respectfully submitted,

_____
Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Donald A. Migliori, Esq.
Michael Elsner, Esq. (ME-8337)
William H. Narwold, Esq.
Ingrid L. Moll, Esq.
Justin B. Kaplan, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone:  (843) 216-9000

Paul J. Hanly, Jr., Esq. (PH-5486)
Jayne Conroy, Esq. (JC-8611)
Andrea Bierstein, Esq. (AB-4618)
HANLY CONROY BIERSTEIN & SHERIDAN, LLP
415 Madison Avenue
New York, NY 10017-1111
Telephone:  (212) 401-7600

William N. Riley, Esq.
Amy Ficklin DeBrota, Esq.
RILEY DEBROTA LLP
3815 River Crossing Parkway, Suite 340
Indianapolis, Indiana 46240
Telephone:  (317) 848-7939

Harry Huge, Esq.
HARRY HUGE LAW FIRM, LLP
Market Square North
1401 Ninth Street, N.W., Suite 450
Washington, D.C. 20004
(202) 824-6046

Allan Gerson, Esq.
Attorney At Law
4221 Lenore Lane
Washington, DC 20008
Tel:  (202) 966-8557

Edward D. Robertson, Esq.
Mary Doerhoff Winter, Esq.
BARTIMUS, FRICKLETON, ROBERTSON
  & OBETZ
200 Madison Street, Suite 1000
Jefferson City, MO 65101
Telephone:  (573) 659-4454

Jack Cordray, Esq.
CORDRAY LAW FIRM
40 Calhoun Street
Charleston, SC 29401
Telephone: (843) 577-9761

Attorneys for *Burnett* Plaintiffs