**WHITE & CASE**

August 20, 2004

**MEMO ENDORSED**

RECEIVED AUG 23 2004
CHAMBERS OF RICHARD CONWAY CASEY U.S.D.J.

VIA FEDEX

The Honorable Richard Conway Casey
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-27-04

Re: *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC)
Joint Proposed Oral Argument Schedule

Dear Judge Casey:

Paragraph 24 of Case Management Order #2 provides that "the Defendants (or the parties, to the extent they agree) will submit a proposed briefing and oral argument schedule to the Court in advance of the next Case Management Conference." The undersigned Defendants and Plaintiffs (the "Parties") hereby respectfully submit this joint letter setting forth the large area of agreement and, where we disagree, a brief statement of our respective positions on the first round of motions to be scheduled for oral argument. This joint letter supplements the Defendants' letter of May 20, 2004 and the Plaintiffs' letter of June 18, 2004. In preparing this joint letter, the Parties coordinated extensively in person and through multiple conference calls. This coordination also entailed considerable negotiations among approximately 22 Defense Counsel representing approximately 74 Defendants with varying interests.

***First***, the Parties agree that holding oral argument at the outset on motions that address common legal issues of broad application and high legal priority, and which can be resolved expeditiously without repetition of argument, will greatly aid the Court and the parties in the efficient management and advancement of these consolidated proceedings. In this regard, the Parties have identified and agree on three such principal issues, namely: immunity from suit under the Foreign Sovereign Immunities Act ("FSIA"); failure to state a claim and allege causation under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Additionally, of the approximately 65 motions to dismiss that are fully briefed or will be fully briefed by September 13, 2004, the Parties suggest that the Court hear effectively 14 motions in

The Honorable Richard Conway Casey

**WHITE & CASE**

August 20, 2004

the first round of oral argument. Each of these agreed-upon motions raises one or more of the three principal issues outlined above. Any additional issues raised by these 14 motions can be addressed as the Court deems appropriate. For the Court's convenience, the Parties also attach hereto (as Appendix A) a chart that lists these 14 motions in alphabetical order and outlines the legal issues that they raise.

While the Parties agree on the 14 motions that should be heard in the first round of oral argument, they disagree on the order in which those motions should be heard. The undersigned Defendants' and Plaintiffs' respective positions on this issue are set forth in point three below.

The Parties agree that in addressing certain of these motions, they will need to argue and the Court will need to consider the appropriate application and effect, if any, of Judge Robertson's *Burnett* decisions.

In addition, the Parties suggest that the Court consider at a later date subsequent rounds of oral argument on the remaining motions that were not heard in the first round. The Parties believe that resolution of those remaining motions will be expedited by the Court's rulings on the initial 14 motions.

***Second,*** the Parties agree that although a multitude of motions may be before the Court on any one of the three principal issues discussed above, in keeping with the Court's stated preference, the Parties will designate their respective lead advocates on each of these key issues. In previous arguments before Judge Robertson, counsel easily and effectively organized themselves to avoid duplicative argument, while still allowing for individualized consideration of each Defendant's motion. Likewise, here, the Parties will designate lead advocates to argue the principal issues in their respective motions. The Parties further agree that, during oral argument on a particular issue, counsel not designated as a lead advocate may address the Court on facts and issues specific to his/her client(s) that are not duplicative of the common issues argued by designated lead advocates. Proceeding in this manner will streamline the oral-argument process and avoid repetition, while preserving the opportunity for individualized advocacy.

***Third,*** the Parties' disagree on the order in which the Court should hear argument on the 14 motions discussed above and listed in Appendix A. The Parties' respective positions on this point are set forth below:

*The undersigned Defendants' position:*

The undersigned Defendants respectfully submit that the Court should resolve first — by means of the motions to dismiss of Prince Sultan and Prince Turki and Plaintiffs' Motion for Reconsideration — the important threshold question of whether Judge Robertson's decision in *Burnett* dismissing the claims against those two sovereign defendants will be applied in the consolidated actions. Early resolution of the application of Judge Robertson's various rulings will simplify greatly the required individualized adjudication of the remaining motions. The Defendants cite the decisions of Judge Robertson in many if not most of the pending motions to dismiss.

The Honorable Richard Conway Casey

**WHITE & CASE**

August 20, 2004

Following this threshold argument, the undersigned Defendants propose that oral argument should proceed in the order of issues and motions as numbered below. While the undersigned Defendants agree with Plaintiffs that hearing argument on these initial 14 motions may provide guidance as to other motions in these consolidated proceedings, the undersigned Defendants expect that oral argument on other pending or future motions may be necessary going forward.

- **Immunity From Suit Under The Foreign Sovereign Immunities Act** – The undersigned Defendants submit that the Court should resolve the motions of Defendants claiming immunity from suit under the FSIA at the outset. The issue of sovereign immunity under the FSIA is a threshold question that must be resolved at the outset of these proceedings as a matter of legal right. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 (2d Cir. 2001) (emphasizing "the necessity of resolving [FSIA defenses] early on if possible"); *Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 756 (2d Cir. 1998) (stating that "sovereign immunity is an immunity from trial and the attendant burdens of litigation") (quoting *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir. 1990)). The motions raising the issue of immunity from suit under the FSIA include: (1) HRH Prince Sultan bin Abdulaziz Al-Saud; (2) HRH Prince Turki Al-Faisal bin Abdulaziz Al-Saud; and (3) National Commercial Bank.

- **Failure to State a Claim Under Rule 12(b)(6)** – The undersigned Defendants submit that the Court next should hear argument on motions raising Plaintiffs' failure to state a claim and allege causation under Rule 12(b)(6). This issue affects a vast number of Defendants including those that have been seeking and waiting the longest for oral argument, and whose motions in *Burnett* were ready and scheduled to be heard on December 15, 2003, before that case was transferred to this Court. The motions raising the issue of failure to state a claim and allege causation under Rule 12(b)(6) include: (4) Al Rajhi Banking & Investment Corporation; (5) Arab Bank Plc; (6) Saudi American Bank; (7) African Muslim Agency, *et al.*; (8) Al Baraka Investment & Development Corporation and Saleh Abdullah Kamel; (9) Saudi Binladin Group, Tariq Binladin, Omar Binladin, and Bakr Binladin; and (10) Abdulrahman bin Mahfouz. The following motions also raise this issue: National Commercial Bank; HRH Prince Mohamed Al-Faisal Al-Saud; Mohammad Abdullah Aljomaih; and Adel A.J. Batterjee.

- **Lack of Personal Jurisdiction Under Rule 12(b)(2)** – The undersigned Defendants submit that the Court should hear argument on motions raising the Court's lack of personal jurisdiction under Rule 12(b)(2) after the above-mentioned issues. Many of the Defendants are not alleged by Plaintiffs to have any independent contacts with the United States or New York. These Defendants claim that the Plaintiffs' allegations with respect to them are, as a matter of law, insufficient to show that they "purposefully directed" or "expressly aimed" their actions at the United States or to establish personal jurisdiction on a conspiracy basis. The undersigned Defendants submit that the Court should hear argument

The Honorable Richard Conway Casey

**WHITE & CASE**

August 20, 2004

> on these Defendants' motions before proceeding to any remaining arguments on personal jurisdiction. The motions raising the issue of lack of personal jurisdiction under Rule 12(b)(2) include: (11) HRH Prince Mohamed Al-Faisal Al-Saud; (12) Mohammad Abdullah Aljomaih; (13) Sheikh Hamad Al-Husaini; and (14) Adel A.J. Batterjee. The following motions also raise this issue: HRH Prince Sultan bin Abdulaziz Al-Saud; HRH Prince Turki Al-Faisal bin Abdulaziz Al-Saud; National Commercial Bank; African Muslim Agency, *et al.*; Saudi Binladin Group, Tariq Binladin, Omar Binladin, and Bakr Binladin; and Abdulrahman bin Mahfouz.

The undersigned Defendants respectfully suggest that, consistent with the Court's calendar, argument on the first round of 14 motions be heard seriatim and, if possible, within a one- to two-week time period. The undersigned Defendants submit that scheduling oral argument on these three important issues in the numbered order set forth above will assist the Court in the efficient management of the consolidated actions and the resolution of the pending motions to dismiss. Furthermore, the Parties' agreement to designate lead advocates on these issues will streamline the oral argument process, while preserving the Court's ability to consider individual motions in accordance with due process.

*The Plaintiffs' position:*

The Plaintiffs propose that argument on the core issues that the Parties have identified be heard at the Court's convenience and discretion in the order listed below. The Plaintiffs respectfully submit that scheduling oral arguments in blocks of motions that raise the greatest number of issues will greatly assist the Court and parties in the efficient and effective management of the consolidated actions and prompt resolution of the pending motions to dismiss. Plaintiffs note that, of the 65 motions that are fully briefed, 51 of them assert that this Court lacks personal jurisdiction over the movant(s). The next most frequently raised issue is "failure to state a claim," asserted in 48 of the pending motions. Finally, only 13 of the pending motions assert immunity under the Foreign Sovereign Immunities Act, while an additional 6 challenge subject matter jurisdiction on other grounds and 19 challenge sufficiency of service. Although the Parties are proposing that a discrete group of motions be heard at this time, Plaintiffs note that, to the extent that there are overlapping issues, resolution of the first group of motions may simplify resolution of the remaining motions presenting similar issues. Accordingly, Plaintiffs propose that oral argument should proceed as follows:

- **Rule 12(b)(2) Personal Jurisdiction** -- The Plaintiffs submit that the Court should first hear argument on the issue of personal jurisdiction over Defendants as challenged under Rule 12(b)(2). This is the issue most widely raised by moving defendants. Indeed, as noted above, 51 of the 65 pending motions to dismiss assert that this Court lacks personal jurisdiction over the Defendant. Many of the Defendants who have raised this issue reside outside the United States and claim to be outside the reach of this Court's jurisdiction for that reason. The Plaintiffs have alleged that these Defendants have purposefully directed their actions at the

4

The Honorable Richard Conway Casey

**WHITE & CASE**

August 20, 2004

United States and that such acts are the basis for the very harm alleged — the material support of Al Qaeda — and therefore, under applicable precedent, the Defendants are subject to the jurisdiction of the Court. Conversely, the Defendants claim that the Plaintiffs' allegations with respect to them are, as a matter of law, insufficient to show that they "purposely directed" or "expressly aimed" their actions at the United States and thus establish personal jurisdiction over them. Resolution of this common legal issue in the context of the motions listed above will provide guidance with respect to all of the remaining motions that present this issue. Accordingly, the Plaintiffs propose that, in the context of the selected motions, the Court should first hear argument on this question. Of the Defendants whose motions the Parties have agreed should be heard at this time, Plaintiffs submit that the following should be heard first on the issue of personal jurisdiction: Adel A.J. Batterjee, Sultan bin Abdulaziz al-Saud, Hamad Al-Husaini, and National Commercial Bank.

- **Foreign Sovereign Immunities Act** -- As noted above, only three of the Defendants whose motions the Parties have agreed should be heard in the first group have asserted a defense of sovereign immunity. And while (as Defendants point out), case law suggests that issue of sovereign immunity should be addressed "early on," Plaintiffs submit that this precept is of little use in deciding whether to hear the issue first or second within a relatively short time frame. Either way, the issue will be heard "early on." But Plaintiffs believe that the broader scope of the personal jurisdiction question and the greater number of other pending motions that raise that issue make the personal jurisdiction question more appropriate for first resolution. At the time argument is heard on the immunity issues, the Plaintiffs respectfully submit that the Court should hear Plaintiffs' motion for reconsideration of Judge Robertson's decisions dismissing the claims against Sultan bin Abdulaziz al-Saud and Turki al-Faisal bin Abdulaziz al-Saud in *Burnett* and also should resolve the question of what effect, if any, to give to that decision in the other actions. Of the Defendants whose motions the Parties have agreed should be heard in the first wave, those that raise the FSIA issue are: Sultan bin Abdulaziz al-Saud, Turki al-Faisal bin Abdulaziz al-Saud, and National Commercial Bank.

- **Rule 12(b)(6) Failure To State A Claim** – After hearing argument on the two above issues, the Plaintiffs submit that the Court should hear argument on challenges to the Complaints based on a failure to state a claim pursuant to Rule 12(b)(6). These challenges include a failure to allege a legally sufficient claim under the Anti-Terrorism Act and related statutes, a failure to properly allege causation, including a failure to allege but-for causation (and therefore by necessity what causation standard is appropriate in this factual context), a failure to properly allege conspiracy or aiding and abetting claims, and a failure to allege common law claims. This issue affects a large number of Defendants, although Plaintiffs note that the arguments that the Complaints fail to state claims are more variant than the arguments on the other two issues and thus there is less efficiency to be gained on this issue than on the others. Of the Defendants whose motions

The Honorable Richard Conway Casey

**WHITE & CASE**

August 20, 2004

the Parties have agreed should be heard at this time, those that Plaintiffs suggest the Court hear on the "failure to state a claim" issue are: Al Rajhi Banking & Investment Corporation, National Commercial Bank, Al Baraka Investment & Development Corporation, and Adel A.J. Batterjee.

***Fourth,*** and finally, for the Court's ease of reference, the Parties attach hereto (as Appendix B) a chart that depicts all of the motions that are fully briefed or will be fully briefed by September 13, 2004. This chart identifies all legal issues raised by those motions including the three principal issues discussed above.

Once the first round of oral argument is scheduled, the Parties will provide the Court with complete sets of the relevant motion papers that have not previously been submitted to Chambers in accordance with the Court's individualized rules of practice.

Thank you for your attention to this matter. *[handwritten: The Court will hear oral argument on these 14 motions according to the following schedule:]*

Respectfully submitted,

*[signature]*

Christopher M. Curran
Nicole E. Erb
*Al Rajhi Banking & Investment Corporation*

*[handwritten:
FSIA defenses on September 14 10am
12(b)(2) defenses on October 12 10am
12(b)(6) defenses on October 14 10am
All arguments will be heard in courtroom 14C.
After conferring among themselves, the parties may notify the Court at the Sept. 13 status conference if they anticipate more time will be needed for these arguments. If so, the court will also hold arguments on October 27 and, if necessary, October 28.]*

Lynne Bernabei
Bernabei & Katz PLLC
*Abdullah Bin Saleh Al-Obaid, Abdullah Muhsen Al Turki, Abdullah Omar Naseef, Mohamed Ali Mushayt, Saleh Al-Hussayen, Safar Al Hawali, Saudi Arabian Red Crescent Society, Shahir Abdularaoof Batterjee, Sheikh Hamad Al-Husaini, and Sheikh Salman Al-Oadah*

Martin F. McMahon
Martin F. McMahon & Associates
*Saleh Abdullah Kamel, Al Baraka Investment and Development Corp., International Islamic Relief Organization, Rabita Trust, and Wael Jelaidan*

Richard T. Marooncy
Jeanette M. Viggiano
King & Spalding LLP
*Arab Bank Plc*

Ronald L. Motley
Jodi Flowers
Motley Rice LLC

James P. Kreindler
Justin T. Green
Andrew J. Maloney
Kreindler & Kreindler LLP

Elliot R. Feldman
Mark T. Mullen
Cozen O'Connor

Paul Hanly, Jr.
Andrea Bierstein
Hanly Conroy Bierstein & Sheridan LLP

*[handwritten: 8/27/04]*

*[signature]*