# Exhibit 6

1986 *c*. 41                                     **41**

# FINANCE ACT 1986*

## (1986 c. 41)

ARRANGEMENT OF SECTIONS

### PART I

CUSTOMS AND EXCISE AND VALUE ADDED TAX

#### CHAPTER I

CUSTOMS AND EXCISE

*The rates of duty*

SECT.
1. Tobacco products.                                              ...... 42
2. Hydrocarbon oil.                                               ...... 43
3. Vehicles excise duty.                                          ...... 41
                                                                  ...... 44
                                                                  .,   45

*Other provisions*

4. Beer duty: minor amendments.
5. Warehousing regulations.
6. Betting duties and bingo duty in Northern Ireland.
7. Betting and gaming duties: evidence by certificate, etc.
8. Licences under the customs and excise Acts.

#### CHAPTER II

VALUE ADDED TAX

9. Fuel for private use.
10. Registration of two or more persons as one taxable person.
11. Long-stay accommodation.
12. Conditions for zero-rating of goods exported etc.
13. Transfer of import relief.
14. Penalty for tax evasion: liability of directors etc.
15. Breaches of Treasury orders etc.

### PART II

INCOME TAX, CORPORATION TAX AND CAPITAL GAINS TAX

#### CHAPTER I

GENERAL

*Tax rates and main reliefs*

16. Charge of income tax for 1986–87.
17. Rate of advance corporation tax.
18. Corporation tax: small companies.
19. Personal reliefs: operative date for PAYE.
20. Relief for interest.
21. Deduction rate for sub-contractors in construction industry.

*Employee shareholding*

22. Employee share schemes: shares subject to restrictions.
23. Employee share schemes: general amendments.
24. Approved profit sharing schemes: workers' co-operatives.
25. Savings-related share option schemes.
26. Shares and rights to acquire shares obtained by directors and employees.

---

* Annotations by Christopher Cant, M.A., Barrister; Ian Ferrier, M.A., Barrister; David Goy, LL.M., Barrister and John Shock, M.A., F.C.A., Barrister.

Case 1:03-md-01570-GBD-SN   Document 415-15   Filed 08/30/04   Page 3 of 5

### Reconstructions etc: repeals

**74.**—(1) The following provisions shall cease to have effect—

(a) section 55 of the Finance Act 1927 and section 4 of the Finance Act (Northern Ireland) 1928 (reconstructions and amalgamations);

(b) paragraph 12(1) and (1A) of Schedule 18 to the Finance Act 1980 (demergers);

(c) sections 78, 79 and 80 of the Finance Act 1985 (takeovers and winding-up).

(2) In paragraph 12(3) of Schedule 18 to the Finance Act 1980 for the words "sub-paragraph (2) above" there shall be substituted the words "this paragraph".

(3) This section applies to any instrument executed in pursuance of a contract made on or after the day on which the rule of The Stock Exchange that prohibits a person from carrying on business as both a broker and a jobber is abolished.

GENERAL NOTE

The legislation affording the three reliefs withdrawn by s.73 is repealed as from the "Big Bang", when the 0.5 per cent. rate will apply generally.

### Acquisitions: reliefs

**75.**—(1) This section applies where a company (the acquiring company) acquires the whole or part of an undertaking of another company (the target company) in pursuance of a scheme for the reconstruction of the target company.

(2) If the first and second conditions (as defined below) are fulfilled, stamp duty under the heading "Conveyance or Transfer on Sale" in Schedule 1 to the Stamp Act 1891 shall not be chargeable on an instrument executed for the purposes of or in connection with the transfer of the undertaking or part.

(3) An instrument on which stamp duty is not chargeable by virtue only of subsection (2) above shall not be taken to be duly stamped unless it is stamped with the duty to which it would be liable but for that subsection or it has, in accordance with section 12 of the Stamp Act 1891, been stamped with a particular stamp denoting that it is not chargeable with any duty.

(4) The first condition is that the registered office of the acquiring company is in the United Kingdom and that the consideration for the acquisition—

(a) consists of or includes the issue of shares in the acquiring company to all the shareholders of the target company;

(b) includes nothing else (if anything) but the assumption or discharge by the acquiring company of liabilities of the target company.

(5) The second condition is that—

(a) the acquisition is effected for bona fide commercial reasons and does not form part of a scheme or arrangement of which the main purpose, or one of the main purposes, is avoidance of liability to stamp duty, income tax, corporation tax or capital gains tax,

(b) after the acquisition has been made, each shareholder of each of the companies is a shareholder of the other, and

(c) after the acquisition has been made, the proportion of shares of one of the companies held by any shareholder is the same as the proportion of shares of the other company held by that shareholder.

(6) This section applies to any instrument which is executed after 24th March 1986 unless it is executed in pursuance of an unconditional contract made on or before 18th March 1986.

1986 c. 41                          41/76-77

(7) This section shall be deemed to have come into force on 25th March 1986.

General Note
A very limited exemption is retained for schemes of reconstruction where there is no real change of ownership. The consideration must be exclusively the issue of shares or assumption of liabilities (subs. 4), there must be no tax avoidance motive and the shareholdings must remain the same in identity and quantum (subs. 5).

## Acquisitions: further provisions about reliefs

**76.**—(1) This section applies where a company (the acquiring company) acquires the whole or part of an undertaking of another company (the target company).

(2) If the condition mentioned in subsection (3) below is fulfilled, and stamp duty under the heading "Conveyance or Transfer on Sale" in Schedule 1 to the Stamp Act 1891 is chargeable on an instrument executed for the purposes of or in connection with—

(a) the transfer of the undertaking or part, or

(b) the assignment to the acquiring company by a creditor of the target company of any relevant debts (secured or unsecured) owed by the target company,

the rate at which the duty is charged under that heading shall not exceed that mentioned in subsection (4) below.

(3) The condition is that the registered office of the acquiring company is in the United Kingdom and that the consideration for the acquisition—

(a) consists of or includes the issue of shares in the acquiring company to the target company or to all or any of its shareholders;

(b) includes nothing else (if anything) but cash not exceeding 10 per cent. of the nominal value of those shares, or the assumption or discharge by the acquiring company of liabilities of the target company, or both.

(4) The rate is the rate of 50p for every £100 or part of £100 of the amount or value of the consideration for the sale to which the instrument gives effect.

(5) An instrument on which, by virtue only of subsection (2) above, the rate at which stamp duty is charged is not to exceed that mentioned in subsection (4) above shall not be taken to be duly stamped unless it is stamped with the duty to which it would be liable but for subsection (2) above or it has, in accordance with section 12 of the Stamp Act 1891, been stamped with a particular stamp denoting that it is duly stamped.

(6) In subsection (2)(b) above "relevant debts" means—

(a) any debt in the case of which the assignor is a bank or trade creditor, and

(b) any other debt incurred not less than two years before the date on which the instrument is executed.

(7) This section applies to any instrument executed on or after the day on which the rule of The Stock Exchange that prohibits a person from carrying on business as both a broker and a jobber is abolished.

General Note
Transfers of property other than shares hitherto exempt from duty under one of the provisions repealed by s.74 will continue to attract the lower 0·5 per cent. rate, provided the conditions set out in subs. (3) are met.

## Acquisition of target company's share capital

**77.**—(1) Stamp duty under the heading "Conveyance or Transfer on Sale" in Schedule 1 to the Stamp Act 1891 shall not be chargeable on an

Case 1:03-md-01570-GBD-SN   Document 415-15   Filed 08/30/04   Page 5 of 5

instrument transferring shares in one company (the target company) to another company (the acquiring company) if the conditions mentioned in subsection (3) below are fulfilled.

(2) An instrument on which stamp duty is not chargeable by virtue only of subsection (1) above shall not be taken to be duly stamped unless it is stamped with the duty to which it would be liable but for that subsection or it has, in accordance with section 12 of the Stamp Act 1891, been stamped with a particular stamp denoting that it is not chargeable with any duty.

(3) The conditions are that—

(a) the registered office of the acquiring company is in the United Kingdom,

(b) the transfer forms part of an arrangement by which the acquiring company acquires the whole of the issued share capital of the target company,

(c) the acquisition is effected for bona fide commercial reasons and does not form part of a scheme or arrangement of which the main purpose, or one of the main purposes, is avoidance of liability to stamp duty, stamp duty reserve tax, income tax, corporation tax or capital gains tax,

(d) the consideration for the acquisition consists only of the issue of shares in the acquiring company to the shareholders of the target company,

(e) after the acquisition has been made, each person who immediately before it was made was a shareholder of the target company is a shareholder of the acquiring company,

(f) after the acquisition has been made, the shares in the acquiring company are of the same classes as were the shares in the target company immediately before the acquisition was made,

(g) after the acquisition has been made, the number of shares of any particular class in the acquiring company bears to all the shares in that company the same proportion as the number of shares of that class in the target company bore to all the shares in that company immediately before the acquisition was made, and

(h) after the acquisition has been made, the proportion of shares of any particular class in the acquiring company held by any particular shareholder is the same as the proportion of shares of that class in the target company held by him immediately before the acquisition was made.

(4) In this section references to shares and to share capital include references to stock.

(5) This section applies to any instrument executed on or after 1st August 1986.

GENERAL NOTE

This section, added at Report Stage on a backbench initiative, enlarges the scope for the relief on corporate reorganisations. Under s.75, relief was only available where the whole or part of an undertaking was transferred from one company to another. S.77 applies where the shares of a company are transferred in pursuance of a reorganisation, for example where a new holding company is put on top of a group. Similar stringent conditions to those in s.75 apply to prevent abuse of the exemption.


*Loan capital, letters of allotment, etc.*

**Loan capital**

**78.**—(1) This section (which reproduces the effect of a resolution having statutory effect under section 50 of the Finance Act 1973 for the period