# Exhibit 20

# HALSBURY'S
# Laws of England

FOURTH EDITION
1996 REISSUE

Volume 7(3)

Case 1:03-md-01570-GBD-SN Document 415-29 Filed 08/30/04 Page 3 of 4



6 See para 2688 note 1 ante.
7 Insolvency Act 1986 s 203(2).
8 Insolvency Rules 1986, SI 1986/1925, r 4.224(1)(a).
9 Ibid r 4.224(2). The purpose of this provision is to enable the applicant to comply with his duty under the Insolvency Act 1986 s 203(5) (see infra): Insolvency Rules 1986 r 4.224(2).
10 Insolvency Act 1986 s 203(4). As to the procedure on appeal see para 2798 post.
11 Insolvency Rules 1986 r 4.225. See also note 9 supra.
12 Insolvency Act 1986 s 203(5). For the prescribed form of order to be delivered to the registrar of companies see the Insolvency Rules 1986 rr 4.225, 12.7, Sch 4, Form 4.69.
13 Insolvency Act 1986 ss 203(6), 430, Sch 10. For the meaning of 'the statutory maximum' and 'daily default fine' see para 1161 ante.

**2690. Dissolution of the company.** On the receipt by the registrar of companies of a notice that the final meeting of the company's creditors has been held[1], or of a notice from the official receiver that the winding up of a company by the court is complete, the registrar must forthwith register the notice and, subject to the following provisions, at the end of the period of three months beginning with the day of the registration of the notice, the company is dissolved[2].

The Secretary of State may, on the application of the official receiver or any other person who appears to the Secretary of State to be interested, give a direction deferring the date at which the dissolution of the company is to take effect for such period as the Secretary of State thinks fit[3]. Where he gives such a direction, the Secretary of State must send two copies of the direction to the applicant for it[4]. Of those copies, one must be sent by the applicant to the registrar of companies[5].

An appeal to the court lies from any decision of the Secretary of State on an application for such a direction[6]. Following any such appeal, the court must send two sealed copies of its order to the person in whose favour the appeal was determined; and that person must send one of the copies to the registrar of companies[7].

It is the duty of the person on whose application a direction is given, or in whose favour an appeal with respect to an application for such a direction is determined, within seven days after the giving of the direction or the determination of the appeal, to deliver to the registrar of companies for registration such a copy of the direction or determination as is prescribed[8].

If a person without reasonable excuse fails to deliver a copy as so required, he is liable on summary conviction to a fine not exceeding one-fifth of the statutory maximum and, on conviction after continued contravention, to a daily default fine not exceeding one-fiftieth of the statutory maximum[9].

1 Ie the notice served for the purposes of the Insolvency Act 1986 s 172(8): see para 2378 ante.
2 Ibid s 205(1), (2). As to the registrar's power to strike a defunct company off the register see paras 1498, 1500 ante.
3 Ibid s 205(3).
4 Insolvency Rules 1986, SI 1986/1925, r 4.224(1)(b).
5 Ibid r 4.224(2). The purpose of this provision is to enable the applicant to comply with his duty under the Insolvency Act 1986 s 205(6) (see infra): Insolvency Rules 1986 r 4.224(2).
6 Insolvency Act 1986 s 205(4). As to the procedure on appeal see para 2798 ante.
7 Insolvency Rules 1986 r 4.225. See also note 5 supra.
8 Insolvency Act 1986 s 205(6). For the prescribed form of order to be delivered to the registrar of companies see the Insolvency Rules 1986 rr 4.225, 12.7, Sch 4, Form 4.69.
9 Insolvency Act 1986 ss 205(7), 430, Sch 10. For the meaning of 'the statutory maximum' and 'daily default fine' see para 1161 ante.

**2691. Effect of dissolution.** The dissolution puts an end to the existence of the company[1]. Unless and until it has been set aside, it prevents any proceedings being

Case 1:03-md-01570-GBD-SN Document 415-29 Filed 08/30/04 Page 4 of 4



taken against promoters, directors or officers of the company to recover money or property due or belonging to it[2] or to prove a debt due from it[3]. When the company is dissolved, the liquidator's statutory duty towards the creditors and contributories is gone; but, if he has committed a breach of his duty to any creditor by distributing the assets without complying with the requirements of the Insolvency Act 1986, he is liable in damages to him[4].

A judgment obtained against a company after its dissolution is invalid; and the solicitor acting for the company is liable personally to pay the plaintiff's costs of the action from the date of the dissolution and consequent revocation of his authority[5]. Where proceedings are pending against a company which is about to be dissolved, the court may stay proceedings in the winding up for the purpose of delaying the dissolution[6].

1 *Salton v New Beeston Cycle Co* [1900] 1 Ch 43.
2 *Coxon v Gorst* [1891] 2 Ch 73.
3 *Re Westbourne Grove Drapery Co* (1878) 39 LT 30.
4 See *Pulsford v Devenish* [1903] 2 Ch 625; *Argylls Ltd v Coxeter* (1913) 29 TLR 355; *Lamey v Winram* (1987) 3 BCC 156, Ct of Sess. Cf *James Smith & Sons (Norwood) Ltd v Goodman* [1936] Ch 216, CA.
5 *Salton v New Beeston Cycle Co* [1900] 1 Ch 43 (where the solicitor was ordered to pay the plaintiff's costs only from the date when he knew, or by using due diligence might have known, that the company was dissolved). This limitation was, however, disapproved in *Yonge v Toynbee* [1910] 1 KB 215 at 228, 233, CA.

The decisions in *Re Crookhaven Mining Co* (1866) LR 3 Eq 69; and in *Whiteley Exerciser Ltd v Gamage* [1898] 2 Ch 405, to the effect that, after dissolution, the court has jurisdiction to make an order upon an application made before the dissolution, where the hearing of the application is delayed owing to the state of business of the court, can hardly be reconciled with the other authorities, particularly *Morris v Harris* [1927] AC 252 at 259, HL. See also *Re Eastern Investment Co Ltd* [1905] 1 Ch 352 at 355.
6 See the Insolvency Act 1986 s 147(1); para 2661 ante; and *Re Eastern Investment Co* [1905] 1 Ch 352.

**2692. Property of dissolved company as bona vacantia.** When a company is dissolved, all property and rights whatsoever vested in or held on trust for it immediately before its dissolution, including leasehold property but not including property held by the company on trust for any other person, are deemed to be bona vacantia and accordingly belong to the Crown, or to the Duchy of Lancaster, or to the Duke of Cornwall for the time being, as the case may be[1], but, subject to certain exceptions[2], without prejudice to any order made by the court declaring the dissolution to have been void[3], or restoring to the register[4] a company which has been struck off as defunct[5].

1 Companies Act 1985 s 654(1). The corresponding provision of the Companies Act 1929 (repealed) was not retrospective and did not affect the Crown's right to any property which had not accrued before that Act came into force: *Re Wells, Swinburne-Hanham v Howard* [1933] Ch 29, CA. As regards the rights of the Crown on the dissolution of a company prior to that Act, the law relating to the dissolution of corporations generally applied: see *Re Wells, Swinburne-Hanham v Howard* supra, applied in *Re Strathblaine Estates Ltd* [1948] Ch 228, [1948] 1 All ER 162 (land held by company on trust for its shareholders, and therefore exempt from the Companies Act 1948 s 354 (repealed and, in the material respects, replaced by the Companies Act 1985 s 654); and *Hastings Corpn v Letton* [1908] 1 KB 378: see CORPORATIONS. The Insolvency Act 1986 s 180 (see para 2639 ante) applies to land in England and Wales which by operation of law vests subject to a rentcharge in the Crown or any other person on the dissolution of a company as it applies to land so vesting on a disclaimer under s 180: Companies Act 1985 s 658(1) (substituted by the Insolvency Act 1985 s 109, Sch 6 para 47; amended by the Insolvency Act 1986 s 439(1), Sch 13 Pt I). In the Companies Act 1985 s 658 (as amended) 'company' includes any body corporate: s 658(2). For the meaning of 'body corporate' see para 1325 note 1 ante. The provisions



of s 654 are i
[1936] AC 4
post), nor do
1 Ch 70 at 7
2 Ie the Comp
3 Ie under ibid
any property
2696 text an
4 See ibid ss 6
5 Ibid s 654(2)
made under
make an ord
para 1498 an
claim to bon
s 653 (which
would be wi
para 1498 an
[1936] 1 All

**2693. Effect** ... **vacantia.** W
vacantia[1], the
interest in, th
court declari
company wh
Where an
(1) it does
relates
compa
(2) the C
compa
proper
time c
or, if no con
right or inte

1 Ie in accord
2 Ie under ibi
3 See ibid ss 6
4 Ibid s 655(1
5 Ibid s 655(2
the order ur
Lancaster, t
connection
property or
bona vacant
the time b
proceeding
property, ri
dissolved be

**2694. Discl**
vacantia[1], th
Solicitor[2]. T
the Crown