# Exhibit 21

# M H Smith (Plant Hire) Ltd v D L Mainwaring (T/A Inshore)

COURT OF APPEAL, CIVIL DIVISION
O'CONNOR, KERR L JJ, SIR DAVID CAIRNS
9 JUNE 1986

*Insurance – Subrogation – Winding up of plaintiff company – Application to substitute insurers as plaintiffs – Whether insurers having right of action against defendants – Companies Act 1985, ss 651, 654.*

A dumper belonging to the plaintiff company was lost when the boat which the plaintiff company had hired from the defendants sank when the dumper was loaded into it. The dumper was insured and the insurers paid out on the plaintiff company's claim in respect of its loss. The insurers then commenced proceedings in the name of the plaintiff company against the defendants, claiming that the boat sank and the dumper was lost due to their negligence. However, before the action was commenced the plaintiff company had been dissolved. An application was made for leave to substitute the insurers as plaintiffs and the defendants applied to have the action struck out. The registrar made an order substituting the insurers as plaintiffs. On appeal the judge set aside that order, and ordered the action to proceed as originally constituted. The defendants appealed.

**Held**: Appeal allowed. Although the insurers by their right of subrogation were entitled to bring an action against the defendants in the name of the plaintiff company, that right did not have the effect of transferring the cause of action to the insurers. The insurers could only bring an action in their own name if they had taken an assignment of the cause of action from the assured which had not been done in this case. On the facts, when the plaintiff company was dissolved, it became a non-existent party and thus there was no party in whose name any action could be started. It followed that the insurers were not entitled to bring an action against the defendants in the name of the non-existent plaintiff company. Accordingly the judge had erred in law and the order would be struck out.

**Cases referred to in judgment**
*Castellain v Preston* (1883) 11 QBD 380.
*Compania Colombiana de Seguros v Pacific Steam Navigation Co* [1964] 1 All ER 216, [1965] 1 QB 101, [1964] 2 WLR 484.
*Cousins (H) & Co Ltd v D & C Carriers Ltd* [1971] 1 All ER 55, [1971] 2 QB 230, [1971] 2 WLR 85, CA.
*Mason v Sainsbury* (1782) 3 Doug KB 61, 99 ER 538.
*Morris v Ford Motor Co* [1973] 2 All ER 1084, [1973] 1 QB 792, [1973] 2 WLR 843.
*Randall v Cockran* (1748) 1 Ves Sen 98, 27 ER 916, LC.
*Yates v Whyte* (1838) 4 Bing NC 272, 132 ER 793.

were entitled to instruct solicitors to bring this action in the name of their assured as long as the assured existed, but in March of 1985 the assured ceased to exist when the company was dissolved. There was no company in whose name any action could be started. In my judgment that has got nothing to do with the right of subrogation. It is a straightforward statement that a nonexistent party cannot be party to an action.

Nothing in the law of subrogation will save that situation. We have been referred to a number of cases, starting with *Mason v Sainsbury* (1782) 3 Doug KB 61, 99 ER 538 through *Yates v Whyte* (1838) 4 Bing NC 272, 132 ER 793 down to *Morris v Ford Motor Co* [1973] 2 All ER 1084, [1973] 1 QB 792 where Lord Denning MR reviewed the authorities on subrogation. They make it quite clear, as Lord Denning said ([1973] 2 All ER 1084 at 1089-1090, [1973] 1 QB 792 at 800-801)

> 'Where an insurer – or any other person who enters into a contract to indemnify another – pays the amount of the loss or damages to the insured, he is entitled to the advantages of every right of action of the assured, whether in contract or in tort, which may go in diminution of the loss: see *Castellain v Preston* (1883) 11 QBD 380, [1881-85] All ER Rep 493 and *H Cousins & Co Ltd v D & C Carriers Ltd* [1971] 1 All ER 55, [1971] 2 QB 230. This entitlement, too, does not depend on the contract itself but on the 'plainest equity'. At any rate, Lord Hardwicke LC said so: see *Randal v Cockran* (1748) 1 Ves Sen 98 as explained in *Yates v Whyte* (1838) 4 Bing NC 272 at 283. But this entitlement does not amount to an *assignment* of the right of action. It does not entitle the insurer or the indemnifier to sue *in his own name* a wrongdoer who has caused the loss or damage ... I should say, for sake of completeness, that if the insured assigns his right of action to the insurers and notice of the assignment is given to the wrongdoer, the insurer can now sue in his own name: see *Compania Colombiana de Seguros v Pacific Steam Navigation Co* [1964] 1 All ER 216, [1965] 1 QB 101.'
> (Lord Denning MR's emphasis)

Counsel for the respondents further sought to escape from the difficulty by reference to the provisions of the Companies Act 1985. Where a company has been dissolved, s 651 provides:

> '(1) ... the court may at any time within 2 years of the date of the dissolution, on an application made for the purpose by the liquidator of the company or by any other person appearing to the court to be interested, make an order, on such terms as the court thinks fit, declaring the dissolution to have been void.
> (2) Thereupon such proceedings may be taken as might have been taken if the company had not been dissolved.'

Thus there was machinery available to the insurers to apply to the court under s 651 of the Companies Act 1985 for the company to be revived. That they have not done.

Counsel for the respondents submitted that the effect of s 654, the headnote to which section says that the property of dissolved companies is to be bona vacantia, shows that this right of action vested in the Crown, and he has

*a* submitted that that is the equivalent situation to that which might exist where a natural person dies and personal representatives have been appointed.

This matter was never argued below. In my judgment whether it be right or wrong, and I express no opinion about it, it cannot possibly save the present proceedings. The reason for that is that no application has been made to the Crown for permission to bring the action in the name of the Crown, nor is this a case where there is any instruction to join the Crown as the defendant, and in my judgment it cannot possibly save these proceedings, whatever those rights may be. They are entirely novel. There is no authority on this topic, and for my part I am satisfied that whatever may be the true position under s 654 of the 1985 Act, it cannot save the present proceedings. I would allow this appeal and order that the action be struck out and that the solicitors be ordered to pay the costs.

**KERR LJ.** I agree. It must be borne in mind that the right of subrogation which is acquired by insurers on payment of a claim is no more than an equitable right against their assured. The effect of that right is that they may be able to compel the assured to bring an action against a wrongdoer in respect of the loss for which they have indemnified the assured, or they may themselves simply sue in the name of the assured. But the right of subrogation does not have the effect of transferring to the insurers any cause of action which the assured may have against the wrongdoer. Such transfer can only be effected by a legal assignment to the insurers, as happened in *Cia Colombiana de Seguros v Pacific Steam Navigation Co* [1964] 1 All ER 216, [1965] 1 QB 101 mentioned by Lord Denning MR in the passage cited by O'Connor LJ. Alternatively, if the insurer encounters difficulty in persuading the assured to bring the action in respect of the claim for which he has indemnified him, or if he refuses to allow his name to be used, then he can join him in the action in order to compel him to do so, in the same way as the holder of an equitable assignment can bring an action against the debtor or wrongdoer by joining the assignor. If the assignor or, as in this case, the assured is no longer in existence, because the company has been dissolved, then unfortunately for the insurer none of those things can be done by him, since he himself has no cause of action against the wrongdoer. All that he can do, as O'Connor LJ has said, leaving aside the novel suggestion made in relation to s 654 of the Companies Act 1985, is to apply to have the company restored to the register. To contend, as counsel for the insurers suggested, that the problem is only one of form and not substance, is as untenable in the present state of the law as it would be in relation to the different consequences of an equitable, as opposed to legal, assignment.

I agree that this appeal must be allowed.

**SIR DAVID CAIRNS.** I agree that the appeal must be allowed for the reasons given in the two judgments already delivered.

*Appeal allowed with costs.*

Solicitors: *Stitt & Co*, agents for *D O Thomas & Co*, Swansea (for the defendants); *Hugh James Jones & Jenkins*, Cardiff (for the plaintiffs).

Bebe Chua   Barrister.