# Exhibit 25

# LIMITATION ACT 1980

(1980 c 58)

## ARRANGEMENT OF SECTIONS

### PART I
### ORDINARY TIME LIMITS FOR DIFFERENT CLASSES OF ACTION

*Time limits under Part I subject to extension or exclusion under Part II*

| Section | | Page |
|---|---|---|
| 1 | Time limits under Part I subject to extension or exclusion under Part II | 936 |

*Actions founded on tort*

| 2 | Time limit for actions founded on tort | 937 |
|---|---|---|
| 3 | Time limit in case of successive conversions and extinction of title of owner of converted goods | 938 |
| 4 | Special time limit in case of theft | 938 |
| 4A | Time limit for actions for defamation or malicious falsehood | 939 |

*Actions founded on simple contract*

| 5 | Time limit for actions founded on simple contract | 940 |
|---|---|---|
| 6 | Special time limit for actions in respect of certain loans | 941 |
| 7 | Time limit for actions to enforce certain awards | 941 |

*General rule for actions on a specialty*

| 8 | Time limit for actions on a specialty | 942 |
|---|---|---|

*Actions for sums recoverable by statute*

| 9 | Time limit for actions for sums recoverable by statute | 943 |
|---|---|---|
| 10 | Special time limit for claiming contribution | 944 |

*Actions in respect of wrongs causing personal injuries or death*

| 11 | Special time limit for actions in respect of personal injuries | 945 |
|---|---|---|
| 11A | Actions in respect of defective products | 946 |
| 12 | Special time limit for actions under Fatal Accidents legislation | 948 |
| 13 | Operation of time limit under section 12 in relation to different dependants | 949 |
| 14 | Definition of date of knowledge for purposes of sections 11 and 12 | 949 |

*Actions in respect of latent damage not involving personal injuries*

| 14A | Special time limit for negligence actions where facts relevant to cause of action are not known at date of accrual | 951 |
|---|---|---|
| 14B | Overriding time limit for negligence actions not involving personal injuries | 953 |

*Actions to recover land and rent*

| 15 | Time limit for actions to recover land | 953 |
|---|---|---|
| 16 | Time limit for redemption actions | 955 |
| 17 | Extinction of title to land after expiration of time limit | 956 |
| 18 | Settled land and land held on trust | 957 |
| 19 | Time limit for actions to recover rent | 958 |

*[Commonhold*

| 19A | Actions for breach of commonhold duty | 958 |
|---|---|---|

*Actions to recover money secured by a mortgage or charge or to recover proceeds of the sale of land*

| 20 | Time limit for actions to recover money secured by a mortgage or charge or to recover proceeds of the sale of land | 959 |
|---|---|---|

*Actions in respect of trust property or the personal estate of deceased persons*

| 21 | Time limit for actions in respect of trust property | 961 |
|---|---|---|
| 22 | Time limit for actions claiming personal estate of a deceased person | 962 |

*Actions for an account*

| 23 | Time limit in respect of actions for an account | 963 |
|---|---|---|

Case 1:03-md-01570-GBD-SN Document 415-34 Filed 08/30/04 Page 3 of 10

*Actions in respect of wrongs causing personal injuries or death*

## 11 Special time limit for actions in respect of personal injuries

(1) This section applies to any action for damages for negligence, nuisance or breach of duty (whether the duty exists by virtue of a contract or of provision made by or under a statute or independently of any contract or any such provision) where the damages claimed by the plaintiff for the negligence, nuisance or breach of duty consist of or include damages in respect of personal injuries to the plaintiff or any other person.

[(1A) This section does not apply to any action brought for damages under section 3 of the Protection from Harassment Act 1997.]

(2) None of the time limits given in the preceding provisions of this Act shall apply to an action to which this section applies.

(3) An action to which this section applies shall not be brought after the expiration of the period applicable in accordance with subsection (4) or (5) below.

(4) Except where subsection (5) below applies, the period applicable is three years from—

    (a) the date on which the cause of action accrued; or
    (b) the date of knowledge (if later) of the person injured.

(5) If the person injured dies before the expiration of the period mentioned in subsection (4) above, the period applicable as respects the cause of action surviving for the benefit of his estate by virtue of section 1 of the Law Reform (Miscellaneous Provisions) Act 1934 shall be three years from—

    (a) the date of death; or
    (b) the date of the personal representative's knowledge;

whichever is the later.

(6) For the purposes of this section "personal representative" includes any person who is or has been a personal representative of the deceased, including an executor who has not proved the will (whether or not he has renounced probate) but not anyone appointed only as a special personal representative in relation to settled land; and regard shall be had to any knowledge acquired by any such person while a personal representative or previously.

(7) If there is more than one personal representative, and their dates of knowledge are different, subsection (5)(b) above shall be read as referring to the earliest of those dates.

**NOTES**
**Amendments**
Sub-s (1A): inserted by the Protection from Harassment Act 1997, s 6.
**Sub-s (1): Action**  As to new claims in pending actions, see s 35 post.
**Sub-s (2): Time limits given in the preceding provisions**  See, in particular, ss 2 and 5 ante.
**Sub-s (4): Three years from, etc**  Time which has once begun to run will as a general rule continue to do so; see 28 Halsbury's Laws (4th edn reissue) para 825 et seq.
**Sub-s (4): Date on which the cause of action accrued**  See, as to when time begins to run, 28 Halsbury's Laws (4th edn reissue) para 820 et seq.
**Sub-s (4): Date of knowledge**  This is to be construed in accordance with s 14 post.
**Sub-s (5): Date of the personal representative's knowledge**  This is to be construed in accordance with sub-ss (6) and (7) above and s 14 post.
**Further provisions**  The period of limitation for actions in respect of personal injuries fixed by this section should be read subject to, or together with, the following provisions in particular: s 11A post (actions in respect of defective products); ss 12, 13 post (special time limit for actions under fatal accidents legislation); s 14 post (definition of date of knowledge); s 14A post (special time limit for negligence actions where facts relevant to cause of action are not known at date of accrual); s 14B post (overriding time limit for negligence actions not involving personal injuries);

s 28 post (and note, in particular, sub-s (6) thereof) (extension of period in case of disability); s 32 post (postponement of period in case of fraud, concealment or mistake); s 33 post (discretionary exclusion of time limit by court); s 39 post (saving for other limitation enactments); and the Limitation (Enemies and War Prisoners) Act 1945 ante (suspension of period where party was an enemy or detained in enemy territory).

For the purposes of this Act, any damage for which a person is liable under the Environmental Protection Act 1990, s 73(6), is to be treated as due to a person's fault, subject to certain exceptions; see s 73(9)(c) of that Act, Vol 35, title Public Health and Environmental Protection.

**Law Reform (Miscellaneous Provisions) Act 1934, s 1**   See Vol 17, title Executors and Administrators.

**Protection from Harassment Act 1997, s 3**   See Vol 12, Criminal Law.

**Cases relating to this section**

*Ackbar v C F Green & Co Ltd* [1975] QB 582, [1975] 2 All ER 65 (sub-s (1))

*Akers v Camden London Borough Council* (25 October 2002, unreported), QBD

*Burton v St Albans and Hemel Hempstead NHS Trust* (26 July 2002, unreported), QBD

*Conry v Simpson* [1983] 3 All ER 369, CA (sub-s (4))

*Deerness v John R Keeble & Son (Brantham) Ltd* [1983] 2 Lloyd's Rep 260, [1983] Com LR 221, HL (sub-s (4))

*Godfrey v Gloucestershire Royal Infirmary NHS Trust* [2003] EWHC 549 (QB)

*Howe v David Brown Tractors (Retail) Ltd (Rustons Engineering Co Ltd, third party)* [1991] 4 All ER 30, CA (sub-s (1))

*Leadbitter v Hodge Finance Ltd* [1982] 2 All ER 167 (sub-s (4))

*Liff v Peasley* [1980] 1 All ER 623, [1980] 1 WLR 781, CA (sub-s (4))

*McGahie v Union of Shop, Distributive and Allied Workers* 1966 SLT 74 (sub-s (1))

*Rowbottom v Royal Masonic Hospital* [2002] EWCA Civ 87, 65 BMLR 103, CA

*Rowe v Kingston upon Hull City Council* (26 March 2003, unreported), QBD

*Rowe v Kingston upon Hull City Council* (24 July 2003, unreported), CA

*S v W (Child Abuse: Damages)* [1995] 3 FCR 649, [1995] 1 FLR 862, CA (sub-s (1))

*Shapland v Palmer* [1999] 3 All ER 50, [1999] 1 WLR 2068, CA

*Stubbings v Webb* [1993] AC 498, [1993] 1 All ER 322, HL (sub-s (1))

*Walkin v South Manchester Health Authority* [1995] 4 All ER 132, [1995] 1 WLR 1543, CA (sub-s (1))

*Young (suing as executrix of Young) v Western Power Distribution (SW) plc* [2003] EWCA Civ 1034, [2003] 36 LS Gaz R 43, 147 Sol Jo LB 905, CA

**Definitions**

"action": s 38(1)

"date of knowledge": s 14(1)

"injured": s 38(1)

"personal injuries": s 38(1)

"settled land": s 38(1)

**[11A Actions in respect of defective products**

(1) This section shall apply to an action for damages by virtue of any provision of Part I of the Consumer Protection Act 1987.

(2) None of the time limits given in the preceding provisions of this Act shall apply to an action to which this section applies.

(3) An action to which this section applies shall not be brought after the expiration of the period of ten years from the relevant time, within the meaning of section 4 of the said Act of 1987; and this subsection shall operate to extinguish a right of action and shall do so whether or not that right of action had accrued, or time under the following provisions of this Act had begun to run, at the end of the said period of ten years.

(4) Subject to subsection (5) below, an action to which this section applies in which the damages claimed by the plaintiff consist of or include damages in respect of personal injuries to the plaintiff or any other person or loss of or damage to any property, shall not be brought after the expiration of the period of three years from whichever is the later of—

(a) the date on which the cause of action accrued; and
(b) the date of knowledge of the injured person or, in the case of loss of or damage to property, the date of knowledge of the plaintiff or (if earlier) of any person in whom his cause of action was previously vested.

(5) If in a case where the damages claimed by the plaintiff consist of or include damages in respect of personal injuries to the plaintiff or any other person the injured person died before the expiration of the period mentioned in subsection (4) above, that subsection shall have effect as respects the cause of action surviving for the benefit of his estate by virtue of section 1 of the Law Reform (Miscellaneous Provisions) Act 1934 as if for the reference to that period there were substituted a reference to the period of three years from whichever is the later of—

(a) the date of death; and
(b) the date of the personal representative's knowledge.

(6) For the purposes of this section "personal representative" includes any person who is or has been a personal representative of the deceased, including an executor who has not proved the will (whether or not he has renounced probate) but not anyone appointed only as a special personal representative in relation to settled land; and regard shall be had to any knowledge acquired by any such person while a personal representative or previously.

(7) If there is more than one personal representative and their dates of knowledge are different, subsection (5)(b) above shall be read as referring to the earliest of those dates.

(8) Expressions used in this section or section 14 of this Act and in Part I of the Consumer Protection Act 1987 have the same meanings in this section or that section as in that Part; and section 1(1) of that Act (Part I to be construed as enacted for the purpose of complying with the product liability Directive) shall apply for the purpose of construing this section and the following provisions of this Act so far as they relate to an action by virtue of any provision of that Part as it applies for the purpose of construing that Part.]

**NOTES**
**Amendments**
Inserted by the Consumer Protection Act 1987, s 6(6), Sch 1, Pt I, para 1.
**General Note** This section, and the other amendments made to this Act by the Consumer Protection Act 1987, Sch 1, implements Arts 10 and 11 of Council Directive 85/374/EEC concerning product liability.
**Sub-s (1): Action** As to new claims in pending actions, see s 35 post.
**Sub-s (2): Time limits given in the preceding provisions** See, in particular, ss 2 and 5 ante.
**Sub-s (3): Years from, etc** Time which has once begun to run will as a general rule continue to do so; see 28 Halsbury's Laws (4th edn reissue) para 825 et seq.
**Sub-s (4): Date on which the cause of action accrued** Cf as to when time generally begins to run, 28 Halsbury's Laws (4th edn reissue) para 820 et seq, in conjunction with the Consumer Protection Act 1987, s 6(7), Vol 39, title Sale of Goods and Consumer Protection.
**Sub-s (4): Date of knowledge** This is to be construed in accordance with s 14(1A) post.
**Further provisions** As respects the period for limitation of actions in respect of defective products prescribed by sub-s (3) above, see s 28(7) post (exclusion of period in case of disability); s 32(4A) post (postponement of period in case of fraud, concealment or mistake); and s 33 post (discretionary exclusion of time limit).
**Consumer Protection Act 1987, Pt I** See Vol 39, title Sale of Goods and Consumer Protection. Pt I consists of ss 1–9.
**Law Reform (Miscellaneous Provisions) Act 1934, s 1** See Vol 17, title Executors and Administrators.
**Cases relating to this section**
*Clifford Maersk, The* [1982] 3 All ER 905, [1982] 1 WLR 1292 (sub-ss (3)–(5))
*Marren v Dawson Bentley & Co Ltd* [1961] 2 QB 135, [1961] 2 All ER 270 (sub-ss (3)–(5))
*Pritam Kaur v S Russell & Sons Ltd* [1973] QB 336, [1973] 1 All ER 617, CA (sub-ss (3)–(5))
*Swainston v Hetton Victory Club Ltd* [1983] 1 All ER 1179, [1983] IRLR 164, CA (sub-ss (3)–(5))

**Definitions**

"action": s 38(1)

"damage": Consumer Protection Act 1987, s 5, Vol 39, title Sale of Goods and Consumer Protection (by virtue of sub-s (8) above)

"date of knowledge": s 14(1A)

"defect": Consumer Protection Act 1987, s 3, Vol 39, title Sale of Goods and Consumer Protection (by virtue of sub-s (8) above)

"personal injury": Consumer Protection Act 1987, s 45(1), Vol 39, title Sale of Goods and Consumer Protection (by virtue of sub-s (8) above)

"the product liability Directive": Consumer Protection Act 1987, s 1(2), Vol 39, title Sale of Goods and Consumer Protection (by virtue of sub-s (8) above)

"settled land": s 38(1)

## 12 Special time limit for actions under Fatal Accidents legislation

(1) An action under the Fatal Accidents Act 1976 shall not be brought if the death occurred when the person injured could no longer maintain an action and recover damages in respect of the injury (whether because of a time limit in this Act or in any other Act, or for any other reason).

Where any such action by the injured person would have been barred by the time limit in section 11 [or 11A] of this Act, no account shall be taken of the possibility of that time limit being overridden under section 33 of this Act.

(2) None of the time limits given in the preceding provisions of this Act shall apply to an action under the Fatal Accidents Act 1976, but no such action shall be brought after the expiration of three years from—

(a) the date of death; or
(b) the date of knowledge of the person for whose benefit the action is brought;

whichever is the later.

(3) An action under the Fatal Accidents Act 1976 shall be one to which sections 28, 33 and 35 of this Act apply, and the application to any such action of the time limit under subsection (2) above shall be subject to section 39; but otherwise Parts II and III of this Act shall not apply to any such action.

**NOTES**

**Amendments**

Sub-s (1): words in square brackets inserted by the Consumer Protection Act 1987, s 6(6), Sch 1, Pt I, para 2.

**Sub-s (1): Action**  As to new claims in pending proceedings, see s 35 post, in conjunction with sub-s (3) above.

**Sub-s (1): Time limit in this Act**  See, in particular, s 11 ante.

**Sub-s (2): Three years from, etc**  Time which has once begun to run will as a general rule continue to do so; see 28 Halsbury's Laws (4th edn reissue) para 825 et seq.

**Sub-s (2): Date of knowledge**  This is to be construed in accordance with s 14 post. As to the position where there is more than one person for whose benefit an action is brought, see s 13 post.

**Sub-s (3): Parts II and III of this Act**  Ie ss 28–33 (Pt II) and 34–41 and Schs 2–4 (Pt III).

**Further provisions**  The period of limitation for actions under the fatal accidents legislation fixed by this section should be read subject to, or together with, the following provisions in particular (note sub-s (3) above): s 13 post (operation of time limit in relation to different dependants); s 14 post (definition of date of knowledge); s 28 post (and note in particular sub-s (6) thereof) (exclusion of period in case of disability); s 33 post (discretionary exclusion of time limit by court); s 39 post (and see the notes thereto) (saving for other limitation enactments); and the Limitation (Enemies and War Prisoners) Act 1945 ante (suspension of period where party was an enemy or detained in enemy territory).

**Fatal Accidents Act 1976**  See Vol 31, title Negligence. References in this section and s 13 post to the 1979 Act include references to the Fatal Accidents Act 1846 (which was repealed and replaced by the 1976 Act); see s 40(1) and Sch 2, para 4(2) post.

Case 1:03-md-01570-GBD-SN   Document 415-34   Filed 08/30/04   Page 7 of 10

    (b) any decision of the court under this subsection would prejudice the defendant or any person whom he represents,

the court may direct that that section shall not apply to the action or shall not apply to any specified cause of action to which the action relates.

(2) In acting under this section the court shall have regard to all the circumstances of the case and in particular to—

    (a) the length of, and the reasons for, the delay on the part of the plaintiff;
    (b) where the reason or one of the reasons for the delay was that all or any of the facts relevant to the cause of action did not become known to the plaintiff until after the end of the period mentioned in section 4A—
        (i) the date on which any such facts did become known to him, and
        (ii) the extent to which he acted promptly and reasonably once he knew whether or not the facts in question might be capable of giving rise to an action; and
    (c) the extent to which, having regard to the delay, relevant evidence is likely—
        (i) to be unavailable, or
        (ii) to be less cogent than if the action had been brought within the period mentioned in section 4A.

(3) In the case of an action for slander of title, slander of goods or other malicious falsehood brought by a personal representative—

    (a) the references in subsection (2) above to the plaintiff shall be construed as including the deceased person to whom the cause of action accrued and any previous personal representative of that person; and
    (b) nothing in section 28(3) of this Act shall be construed as affecting the court's discretion under this section.

(4) In this section "the court" means the court in which the action has been brought.]

**NOTES**
**Amendments**
Inserted (along with preceding cross-heading) by the Administration of Justice Act 1985, s 57(4); substituted by the Defamation Act 1996, s 5(1), (4), (6), in relation to causes of action arising on or after 4 September 1996.
**Sub-s (1): Action**   As to new claims in pending actions, see s 35 post.
**Sub-s (2): All the circumstances of the case; length of, and the reasons for, the delay**
Cf s 33 post. As to the factors to which the court must have regard in considering whether or not to exclude the time limit for actions in respect of personal injuries or death under that section, see 28 Halsbury's Laws (4th edn reissue) para 908.
**Cases relating to this section**
C v Mirror Group Newspapers [1996] 4 All ER 511, [1997] 1 WLR 131, CA; revsd at [1997] 1 WLR 1506, HL (sub-s (2))
Maccaba v Litchenstein (15 April 2003, unreported), QBD
Steedman v British Broadcasting Corporation [2001] EWCA Civ 1534, [2002] EMLR 318, 145 Sol Jo LB 259, CA
Thomas v Barnet London Borough Council (4 March 2002, unreported), QBD
**Definitions**
"action": s 38(1)

*Discretionary exclusion of time limit for actions in respect of personal injuries or death*

### 33 Discretionary exclusion of time limit for actions in respect of personal injuries or death

(1) If it appears to the court that it would be equitable to allow an action to proceed having regard to the degree to which—

(a) the provisions of section 11 [or 11A] or 12 of this Act prejudice the plaintiff or any person whom he represents; and
(b) any decision of the court under this subsection would prejudice the defendant or any person whom he represents;

the court may direct that those provisions shall not apply to the action, or shall not apply to any specified cause of action to which the action relates.

[(1A) The court shall not under this section disapply—
(a) subsection (3) of section 11A; or
(b) where the damages claimed by the plaintiff are confined to damages for loss of or damage to any property, any other provision in its application to an action by virtue of Part I of the Consumer Protection Act 1987.]

(2) The court shall not under this section disapply section 12(1) except where the reason why the person injured could no longer maintain an action was because of the time limit in section 11 [or subsection (4) of section 11A].

If, for example, the person injured could at his death no longer maintain an action under the Fatal Accidents Act 1976 because of the time limit in Article 29 in Schedule 1 to the Carriage by Air Act 1961, the court has no power to direct that section 12(1) shall not apply.

(3) In acting under this section the court shall have regard to all the circumstances of the case and in particular to—
(a) the length of, and the reasons for, the delay on the part of the plaintiff;
(b) the extent to which, having regard to the delay, the evidence adduced or likely to be adduced by the plaintiff or the defendant is or is likely to be less cogent than if the action had been brought within the time allowed by section 11 [, by section 11A] or (as the case may be) by section 12;
(c) the conduct of the defendant after the cause of action arose, including the extent (if any) to which he responded to requests reasonably made by the plaintiff for information or inspection for the purpose of ascertaining facts which were or might be relevant to the plaintiff's cause of action against the defendant;
(d) the duration of any disability of the plaintiff arising after the date of the accrual of the cause of action;
(e) the extent to which the plaintiff acted promptly and reasonably once he knew whether or not the act or omission of the defendant, to which the injury was attributable, might be capable at that time of giving rise to an action for damages;
(f) the steps, if any, taken by the plaintiff to obtain medical, legal or other expert advice and the nature of any such advice he may have received.

(4) In a case where the person injured died when, because of section 11, [or subsection (4) of section 11A], he could no longer maintain an action and recover damages in respect of the injury, the court shall have regard in particular to the length of, and the reasons for, the delay on the part of the deceased.

(5) In a case under subsection (4) above, or any other case where the time limit, or one of the time limits, depends on the date of knowledge of a person other than the plaintiff, subsection (3) above shall have effect with appropriate modifications, and shall have effect in particular as if references to the plaintiff included references to any person whose date of knowledge is or was relevant in determining a time limit.

(6) A direction by the court disapplying the provisions of section 12(1) shall operate to disapply the provisions to the same effect in section 1(1) of the Fatal Accidents Act 1976.

(7) In this section "the court" means the court in which the action has been brought.

(8) References in this section to section 11 [or 11A] include references to that section as extended by any of the preceding provisions of this Part of this Act or by any provision of Part III of this Act.

**NOTES**
**Amendments**
Sub-s (1): words in square brackets inserted by the Consumer Protection Act 1987, s 6(6), Sch 1, Pt I, para 6(a).
Sub-s (1A): inserted by the Consumer Protection Act 1987, s 6(6), Sch 1, Pt I, para 6(b).
Sub-ss (2)–(4), (8): words in square brackets inserted by the Consumer Protection Act 1987, s 6(6), Sch 1, Pt I, para 6(c)–(e).
**Sub-s (1): Action** As to new claims in pending actions, see s 35 post.
**Sub-s (3): All the circumstances of the case; length of, and the reasons for, the delay** See further 28 Halsbury's Laws (4th edn reissue) para 908.
**Sub-s (3): After the cause of action arose; date of the accrual of the cause of action** See, as to when time begins to run, 28 Halsbury's Laws (4th edn reissue) para 820 et seq.
**Sub-s (5): Time limit . . . depends on the date of knowledge of a person other than the plaintiff** See ss 11(5)(b), 11A(5)(b) and 12(2)(b) ante.
**Sub-s (8): This Part of this Act** Ie Pt II (ss 28–33).
**Sub-s (8): Part III of this Act** Ie ss 34–41 and Schs 2–4.
**Transitional provisions** See s 40(1) and Sch 2, paras 3, 4 post.
**Carriage by Air Act 1961, Sch 1, Art 29** See Vol 4, title Aviation.
**Consumer Protection Act 1987, Pt I** See Vol 39, title Sale of Goods and Consumer Protection.
**Fatal Accidents Act 1976** See Vol 31, title Negligence.
**Cases relating to this section**
*Akers v Camden London Borough Council* (25 October 2002, unreported), QBD
*Biss v Lambeth, Southwark and Lewisham Health Authority* [1978] 2 All ER 125, [1978] 1 WLR 382, CA (sub-ss (1), (3))
*Buck v English Electric Co Ltd* [1978] 1 All ER 271, [1977] 1 WLR 806, CA (sub-s (3))
*Chappell v Cooper* [1980] 2 All ER 463, [1980] 1 WLR 958, CA (sub-s (1))
*Clay v Chamberlain* [2002] EWHC 2529 (QB); overd by *Piggott v Aulton (decd)* [2003] EWCA Civ 24, [2003] 12 LS Gaz R 32, (2003) Times, 19 February, CA
*Conry v Simpson* [1983] 3 All ER 369, CA (sub-s (1))
*Davies v British Insulated Callender's Cables Ltd* (1977) 121 Sol Jo 203 (sub-s (3))
*Deerness v John R Keeble & Son (Brantham) Ltd* [1983] 2 Lloyd's Rep 260, [1983] Com LR 221, HL (sub-s (1))
*Donovan v Gwentoys Ltd* [1990] 1 All ER 1018, [1990] 1 WLR 472, HL (sub-s (3))
*Firman v Ellis* [1978] QB 886, [1978] 2 All ER 851, CA (sub-s (1))
*Godfrey v Gloucestershire Royal Infirmary NHS Trust* [2003] EWHC 549 (QB)
*Grey v Archbishop of Birmingham* (14 June 2002, unreported), QBD
*Halford v Brookes* [1991] 3 All ER 559, [1991] 1 WLR 428, CA (sub-s (3))
*Hartley v Birmingham City District Council* [1992] 2 All ER 213, [1992] 1 WLR 968, CA (sub-s (1))
*Higham v Stena Sealink Ltd* [1996] 3 All ER 660, [1996] 1 WLR 1107, CA (sub-s (1))
*Howe v David Brown Tractors (Retail) Ltd* [1991] 4 All ER 30, CA (sub-s (1))
*Jones v G D Searle & Co Ltd* [1978] 3 All ER 654, [1979] 1 WLR 101, CA (sub-s (3))
*Liff v Peasley* [1980] 1 All ER 623, [1980] 1 WLR 781, CA (sub-s (1))
*McCafferty v Metropolitan Police District Receiver* [1977] 2 All ER 756, [1977] 1 WLR 1073, CA (sub-s (3))
*Meherali v Hampshire County Council* (8 November 2002, unreported), QBD
*Nash v Eli Lilly & Co* [1993] 4 All ER 383, [1993] 1 WLR 782, CA (sub-ss (1), (3))
*Patchett v Greenwood Interiors* (17 May 2002, unreported), EAT
*Pickles v National Coal Board (intended action)* [1968] 2 All ER 598, [1968] 1 WLR 997, CA (sub-s (3))
*Piggott v Aulton (decd)* [2003] EWCA Civ 24, [2003] 12 LS Gaz R 32, (2003) Times, 19 February, CA
*Ramsden v Lee* [1992] 2 All ER 204, CA (sub-s (1))
*Robinson v St Helens Metropolitan Borough Council* [2002] EWCA Civ 1099, [2002] ELR 681, CA
*Rowe v Kingston upon Hull City Council* (24 July 2003, unreported), CA
*Shapland v Palmer* [1999] 3 All ER 50, [1999] 1 WLR 2068, CA
*Simpson v Norwest Holst Southern Ltd* [1980] 2 All ER 471, [1980] 1 WLR 968, CA (sub-s (1))

*Skerratt v Linfax Ltd (t/a Go Karting For Fun)* [2003] EWCA Civ 695, CA
*Taylor v Department of Environment Food & Rural Affairs* (6 October 2003, unreported), EAT
*Thompson v Brown Construction (Ebbw Vale) Ltd* [1981] 2 All ER 296, [1981] 1 WLR 744, HL (sub-s (1))
*Walkley v Precision Forgings Ltd* [1979] 2 All ER 548, [1979] 1 WLR 606, HL (sub-s (1))
*Workvale Ltd, Re (No 2)* [1992] 2 All ER 627, [1992] 1 WLR 416, CA (sub-s (1))
*Young (suing as executrix of Young) v Western Power Distribution (SW) plc* [2003] EWCA Civ 1034, [2003] 36 LS Gaz R 43, 147 Sol Jo LB 905, CA

**Definitions**
"action": s 38(1)
"date of knowledge": s 14
"disability": s 38(2)–(4)
"injured": s 38(1)
"injury": s 38(1)

# PART III
# MISCELLANEOUS AND GENERAL

**34** *(Repealed by the Arbitration Act 1996, s 107(2), Sch 4.)*

## 35 New claims in pending actions: rules of court

(1) For the purposes of this Act, any new claim made in the course of any action shall be deemed to be a separate action and to have been commenced—
  (a) in the case of a new claim made in or by way of third party proceedings, on the date on which those proceedings were commenced; and
  (b) in the case of any other new claim, on the same date as the original action.

(2) In this section a new claim means any claim by way of set-off or counterclaim, and any claim involving either—
  (a) the addition or substitution of a new cause of action; or
  (b) the addition or substitution of a new party;
and "third party proceedings" means any proceedings brought in the course of any action by any party to the action against a person not previously a party to the action, other than proceedings brought by joining any such person as defendant to any claim already made in the original action by the party bringing the proceedings.

(3) Except as provided by section 33 of this Act or by rules of court, neither the High Court nor any county court shall allow a new claim within subsection (1)(b) above, other than an original set-off or counterclaim, to be made in the course of any action after the expiry of any time limit under this Act which would affect a new action to enforce that claim.

For the purposes of this subsection, a claim is an original set-off or an original counterclaim if it is a claim made by way of set-off or (as the case may be) by way of counterclaim by a party who has not previously made any claim in the action.

(4) Rules of court may provide for allowing a new claim to which subsection (3) above applies to be made as there mentioned, but only if the conditions specified in subsection (5) below are satisfied, and subject to any further restrictions the rules may impose.

(5) The conditions referred to in subsection (4) above are the following—
  (a) in the case of a claim involving a new cause of action, if the new cause of action arises out of the same facts or substantially the same facts as are already in issue on any claim previously made in the original action; and