# Exhibit 27

# PALMER'S COMPANY LAW

## VOLUME 3



**LONDON**
Sweet & Maxwell

**EDINBURGH**
W Green

has sent to the registrar of companies his final account and return under section 94 (members' voluntary) or section 106 (creditors' voluntary), the registrar must forthwith register them, and on the expiration of three months from the registration of the return the company is deemed to be dissolved.[16] As in the case of a compulsory winding up, a procedure exists allowing the liquidator or any properly interested party to seek postponement of the dissolution, if a suitable ground for doing so is discovered in time. Application is made to the court for an order deferring the date at which the dissolution is to take effect for such time as the court thinks fit.[17] If an order is made, it is the duty of the person who applied for it to deliver to the registrar of companies, within seven days, an office copy of the order for registration: failure to comply constitutes an offence for which the person responsible may be fined.[18]

## Dissolution declared void

The dissolution may within two years be declared to have been void (C.A., s.651) on application being made for the purpose by the liquidator or by any other person who appears to the court to be interested. Notice of the application must be given to the Attorney-General through the Treasury Solicitor and no objection must have been taken on behalf of the Crown.[19] In a simple case not requiring any argument on behalf of the Crown it is sufficient for the Attorney-General to show his consent in a letter exhibited to the applicant's evidence.[20] Property which has vested in the Crown as *bona vacantia* on dissolution re-vests or remains vested in the company if the order is made.[21] The purpose of this provision is to make possible the distribution of assets which belonged to the company before the dissolution and were, for some reason, overlooked; accordingly the court refused to make a declaration in favour of the company in order to secure the benefit of a legacy which had never belonged to the company.[22] It has been held by the Court of Appeal that the jurisdiction under section 651 can be exercised to put the applicant for an order in a better position by enabling the company to meet a liability which would otherwise remain unpaid. In cases in which the order would directly affect the rights of third

**15.486**

---

[16] I.A. 1986, s.201(2).
[17] *ibid.* s.201(3).
[18] *ibid.* ss.201(4), 430; Sched. 10.
[19] Practice Notes [1928] W.N. 218 and [1931] W.N. 199.
[20] *Re Belmont & Co. Ltd* [1952] Ch. 10.
[21] *Re C. W. Dixon Ltd* [1947] Ch. 251; *Re Henderson's Nigel Ltd* [1911] W.N. 159 (undistributed assets, the Crown not claiming them as *bona vacantia*).
[22] *Re Servers of the Blind League* [1960] 1 W.L.R. 564.

15.486   ASPECTS COMMON TO BOTH FORMS OF WINDING UP

parties, for example by depriving them of the benefits which had accrued to them during the course of the liquidation or thereafter, such parties were entitled to be joined so as to allow them to argue in opposition.[22.1] Where there is opposition to the application for restoration to the register, involving argument as to whether restoration will ultimately be of benefit to any party, the attitude of the present-day Companies Court is to proceed to restore the company, provided that the application falls within the general legislative purpose underlying section 651, and to allow later events to take their course. A pre-emptive strike by the opponents of restoration, whose effect would be to knock out any further possibility of benefits accruing to others, is viewed with some disfavour judicially.[22.2]

An order may be made after the expiration of two years, if the application is made within two years.[23]

An order of the court declaring the dissolution to have been void does not render valid proceedings taken against the company after its dissolution and before the date of the order,[24] nor does it revive a misfeasance summons issued—but not served—on a promoter of the company before its dissolution.[25]

A cause of action which is left incomplete or not assigned before dissolution is not held in abeyance. It dies absolutely at the date of the winding up and cannot survive to become effective again by order under section 651.[26] This has been made the subject of a special exception under section 651(5) of the Companies Act 1985, which was added by section 141(3) of the Companies Act 1989. The new provision allows an application to revive the company to be made at any time if it is for the purpose of bringing proceedings for damages for personal injuries, or for damages under the Fatal Accidents Act 1976, provided that the statutory limitation period for bringing the action itself has not expired. The provision has been designed so as to overrule retrospectively the decision of the House of Lords in *Bradley v. Eagle Star Insurance Co. Ltd*,[27] wherein it was held that the former employee of a company, whose dissolution had become effective more

[THE NEXT PAGE IS 15236/1.]

---

[22.1] *Re Forte's (Manufacturing) Ltd; Stanhope Pension Trust Ltd v. Registrar of Companies* [1994] B.C.C. 84 (where a Landlord's purpose in seeking avoidance of the dissolution of the original tenant was to make claims against still-solvent, intermediate assignees—the current tenant having gone into liquidation and its liquidator having disclaimed the lease).

[22.2] *Re Oakleague Ltd* [1995] B.C.C. 921.

[23] *Re Scad Ltd* [1941] Ch. 386.

[24] *Morris v. Harris* [1927] A.C. 252.

[25] *Re Lewis & Smart Ltd* [1954] 1 W.L.R. 755.

[26] *Foster Yates & Thom Ltd v. H. W. Edgehill Equipment Ltd*, *The Times*, November 30, 1978, CA; (1978) 122 S.J. 860.

[27] [1989] 1 All E.R. 961, [1989] 2 W.L.R. 568. See also *Re Workvale Ltd* [1991] 1 W.L.R. 294.

than two years before it became apparent that she was suffering from an industrial disease, could not recover compensation from the insurers with whom her erstwhile employers had effected cover against possible liabilities of the kind which had materialised. In order for it to be possible for her claim to be pursued against the insurer directly, it was technically essential that her claim should first have been established against the employer during that company's lifetime. It is now possible for the claimant in question, and others in a similar position, to bring about the revival of the company's legal personality, in order to take the essential procedural steps against it which will supply the requisite basis for their direct claim against the insurer to become legally sustainable.[1]

It has been held that, apart from the specific power to make a limitation override order under section 651(6) in the limited circumstances contemplated by subsection (5), there is no general jurisdiction under section 651 to make an order overriding the impact of the statutes of limitation upon the position of any party who might otherwise be eligible to claim against the company whose dissolution is to be declared void.[2] This want of jurisdiction may not be a source of any widespread hardship in practice, since it is a fundamental principle of company insolvency law that periods of limitation cease to run once a winding up has commenced. However, where a company had ceased to trade for many years prior to its dissolution, it may be that some parties' claims had already become time-barred before the commencement of the winding up, and hence the restoration of the company to its state immediately prior to dissolution will be of no avail, so far as they are concerned. This is but the inevitable consequence of those parties' failure to press their claims while they remained ripe, prior to the original dissolution.

**15.487** A company, some of whose shares were held by the dissolved company, was held to be "a person interested" under section 651(1) for the purpose of enforcing a call on the shares.[3]

A person who, without being appointed liquidator, acts as if he had been a liquidator, is a "person interested" because he might have a claim to a *quantum meruit* for his services or might be liable to the Crown for inter-meddling, albeit innocently, with property vested in the Crown as

---

[1] See Companies Act 1989, s.141(3), (4); Third Parties (Rights Against Insurers) Act 1930, s.1.
[2] *Re Mixhurst Ltd* [1993] B.C.C. 748 See *Re Philip Powis Ltd* [1998] B.C.C. 756, CA.
[3] *Re Spottiswoode, Dixon and Hunting Ltd* [1912] 1 Ch. 410.