# Exhibit 28

and, subject as aforesaid, the expression "prescribed" in the Act of 1914 shall mean prescribed by rules made under this subsection.

(6) This section shall be construed as one with the Act of 1914.

**NOTES**

Sub-s (3) and the words omitted from sub-s (4) were repealed by the SL(R) Act 1989.

**Sub-s (1): Board of Trade.** In practice the Board of Trade never meets, and its effective head is the President of the Board of Trade whose functions are now exercised concurrently with the Secretary of State. Accordingly, the reference to the Board of Trade now has effect as, or as including, a reference to the Secretary of State; see the Secretary of State for Trade and Industry Order 1970, SI 1970/1537. The Secretary of State now concerned is the Secretary of State for Trade and Industry; see the Secretary of State (New Departments) Order 1974, SI 1974/692, and the Transfer of Functions (Trade and Industry) Order 1983, SI 1983/1127.

**Sub-s (4): Prescribed by order.** Ie prescribed by order under sub-s (4) above. See further the note "Orders under this section" below.

**Sub-s (5): Prescribed by rules.** Ie prescribed by rules made pursuant to this Act and the Deeds of Arrangement Act 1914 ante; see sub-s (5) above. See further the note "Rules under this section" below.

**Deeds of Arrangement Act 1914.** See this title ante.

**Orders under this section.** The Deeds of Arrangement Fees Order 1984, SI 1984/887, as amended by SI 1986/2001.

**Rules under this section.** The Deeds of Arrangement Rules 1925, SR & O 1925/795, as amended by SR & O 1941/1253, SI 1962/297, SI 1986/2001, and modified by SI 1991/2684.

**23–28** (*For s 23, see Vol 5, title* Bills of Sale; *ss 24–26 repealed by the Supreme Court of Judicature (Consolidation) Act 1925, s 226(1), Sch 6; s 27 repealed by the SLR Act 1950; s 28 is spent.*)

**29 Short title, interpretation, extent, repeal and commencement**

(1) This Act may be cited as the Administration of Justice Act 1925.

(2) . . .

(3) This Act shall not extend to Scotland or Northern Ireland.

(4), (5) . . .

**NOTES**

Sub-s (2) was repealed by the SL(R) Act 1973.
Sub-ss (4), (5) were repealed by the SLR Act 1950.

(*Schs 1–3 repealed by the Supreme Court of Judicature (Consolidation) Act 1925, s 226(1), Sch 6; Schs 4, 5 repealed by the SLR Act 1950.*)

# THIRD PARTIES (RIGHTS AGAINST INSURERS) ACT 1930

(20 & 21 Geo 5 c 25)

*An Act to confer on third parties rights against insurers of third-party risks in the event of the insured becoming insolvent, and in certain other events* [10 July 1930]

Before the passing of this Act a creditor had no right to the proceeds, as such, of any third party insurance effected by a person insolvent (or a company in liquidation) when the insurance moneys became payable to meet his claim. This Act is designed to remedy the injustice of that position (as respects injured third parties) to which Atkin LJ referred in *Re Harrington Motor Co Ltd, ex p*

*Chaplin* [1928] Ch 105 at 116, 117, 97 LJ Ch 55 at 62, 63; followed in *Hood's Trustees v Southern Union General Insurance Co of Australasia Ltd* [1928] Ch 793, 97 LJ Ch 467, CA.

Cf the agreement dated 17 June 1946 between the Minister of Transport and the Motor Insurers' Bureau providing that a third party injured by a motorist without an effective policy of insurance shall receive damages to the same extent as if the motorist had an effective policy.

This Act does not apply in relation to any contract of insurance to which such a certificate as is mentioned in the Merchant Shipping Act 1995, s 163 relates; see s 165(5) thereof, Vol 39, title Shipping and Navigation.

This Act should be construed to work in harmony with the Companies Act 1985, Vol 8, title Companies; see *Re Compania Merabello San Nicholas SA* [1973] Ch 75, [1972] 3 All ER 448 (a case decided under the Companies Act 1948).

## 1 Rights of third parties against insurers on bankruptcy, etc, of the insured

(1) Where under any contract of insurance a person (hereinafter referred to as the insured) is insured against liabilities to third parties which he may incur, then—

    (a) in the event of the insured becoming bankrupt or making a composition or arrangement with his creditors; or

    (b) in the case of the insured being a company, in the event of a winding-up order [or an administration order] being made, or a resolution for a voluntary winding-up being passed, with respect to the company, or of a receiver or manager of the company's business or undertaking being duly appointed, or of possession being taken, by or on behalf of the holders of any debentures secured by a floating charge, of any property comprised in or subject to the charge [or of [a voluntary arrangement proposed for the purposes of Part I of the Insolvency Act 1986 being approved under that Part]];

if, either before or after that event, any such liability as aforesaid is incurred by the insured, his rights against the insurer under the contract in respect of the liability shall, notwithstanding anything in any Act or rule of law to the contrary, be transferred to and vest in the third party to whom the liability was so incurred.

(2) Where [the estate of any person falls to be administered in accordance with an order under section [421 of the Insolvency Act 1986]], then, if any debt provable in bankruptcy [(in Scotland, any claim accepted in the sequestration)] is owing by the deceased in respect of a liability against which he was insured under a contract of insurance as being a liability to a third party, the deceased debtor's rights against the insurer under the contract in respect of that liability shall, notwithstanding anything in [any such order], be transferred to and vest in the person to whom the debt is owing.

(3) In so far as any contract of insurance made after the commencement of this Act in respect of any liability of the insured to third parties purports, whether directly or indirectly, to avoid the contract or to alter the rights of the parties thereunder upon the happening to the insured of any of the events specified in paragraph (a) or paragraph (b) of subsection (1) of this section or upon the [estate of any person falling to be administered in accordance with an order under section [421 of the Insolvency Act 1986]], the contract shall be of no effect.

(4) Upon a transfer under subsection (1) or subsection (2) of this section, the insurer shall, subject to the provisions of section three of this Act, be under the same liability to the third party as he would have been under to the insured, but—

    (a) if the liability of the insurer to the insured exceeds the liability of the insured to the third party, nothing in this Act shall affect the rights of the insured against the insurer in respect of the excess; and

(b) if the liability of the insurer to the insured is less than the liability of the insured to the third party, nothing in this Act shall affect the rights of the third party against the insured in respect of the balance.

(5) For the purposes of this Act, the expression "liabilities to third parties", in relation to a person insured under any contract of insurance, shall not include any liability of that person in the capacity of insurer under some other contract of insurance.

(6) This Act shall not apply—

(a) where a company is wound up voluntarily merely for the purposes of reconstruction or of amalgamation with another company; or

(b) to any case to which subsections (1) and (2) of section seven of the Workmen's Compensation Act 1925 applies.

## NOTES

The words in the first pair of square brackets and the words in the second (outer) pair of square brackets in sub-s (1) were inserted by the Insolvency Act 1985, s 235(1), Sch 8, para 7(2), and the words in the third (inner) pair of square brackets in that subsection were substituted by the Insolvency Act 1986, s 439(2), Sch 14.

The words in the first (outer) pair of square brackets in sub-s (2) were inserted by the Insolvency Act 1985, s 235(1), Sch 8, para 7(2), and the words in the second (inner) pair of square brackets in that subsection were substituted by the Insolvency Act 1986, s 439(2), Sch 14. The words in the third pair of square brackets in that subsection were inserted by the Bankruptcy (Scotland) Act 1985, s 75(1), Sch 7, Pt I, para 6(1). The words in the fourth pair of square brackets in that subsection were substituted by the Insolvency Act 1985, s 235(1), Sch 8, para 7(2).

The words in the first (outer) pair of square brackets in sub-s (3) were inserted by the Insolvency Act 1985, s 235(1), Sch 8, para 7(2), and the words in the second (inner) pair of square brackets in that subsection were substituted by the Insolvency Act 1986 s 439(2), Sch 14.

**General Note.** See, generally, the Introductory Note to this Act.

The Act is not retrospective (*Ward v British Oak Insurance Co Ltd* [1932] 1 KB 392, 101 LJKB 240), but see, further, as to this, *Re Nautilus Steam Shipping Co Ltd, ex p Gibbs & Co* [1936] Ch 17, 105 LJ Ch 42, CA.

As to the application of this Act to certain insurance, see the Road Traffic Act 1988, s 153, Vol 38, title Road Traffic. Contracts of re-insurance are not covered by the Act; see sub-s (5) above.

The Act cannot be invoked to enlarge or modify in any way the terms on which the policy moneys may be payable; see *McCormick v National Motor and Accident Insurance Union Ltd* (1934) 50 TLR 528, 78 Sol Jo 633 (policy obtained by fraud), *Freshwater v Western Australian Assurance Co Ltd* [1933] 1 KB 515, [1932] All ER Rep 791 (condition precedent for arbitration in policy), *Smith v Pearl Assurance Co Ltd* [1939] 1 All ER 95 (application to stay proceedings when plaintiff could not afford to proceed on the basis of an arbitration clause).

**Sub-s (1): Person.** Unless the contrary intention appears this includes a body of persons corporate or unincorporate; see the Interpretation Act 1978, s 5, Sch 1, Vol 41, title Statutes.

**Composition or arrangement.** As to compositions and arrangements, see the Deeds of Arrangements Act 1914 ante.

**Winding-up.** As to winding-up generally, see the Insolvency Act 1986, Pts IV, V post.

**Administration order.** As to administration orders generally, see the Insolvency Act 1986, Pt II post.

**Rights against the insurer . . . shall . . . vest in the third party.** The right of the third party to sue the insurer does not arise until the insured's liability is established, and the insurer may raise the defence that the third party has not previously sued the bankrupt to judgment; see *Post Office v Norwich Union Fire Insurance Society* [1967] 2 QB 363, [1967] 1 All ER 577, CA, cited and approved by the House of Lords in *Bradley v Eagle Star Insurance Co Ltd* [1989] 1 All ER 961, [1989] 2 WLR 568. The right of the insurer to recover premiums which were unpaid by the bankrupt insurer is not a term of the policy arising in respect of the liability to the third party; accordingly the third party cannot be met by the insurer's plea of set-off of the unpaid premiums; see *Murray v Legal and General Assurance Society* [1970] 2 QB 495, [1969] 3 All ER 794. The insurer may be able to plead that notice of proceedings taken against the bankrupt had not been given to them with sufficient promptness; see *Farrell v Federated Employers Insurance Association Ltd* [1970] 1 All ER 360, [1970] 1 WLR 498, affd [1970] 3 All ER 632, [1970] 1 WLR 1400.

Where the insurer is a member of a Protection & Indemnity Association (P & I Club) and subject to a "pay to be paid" clause under its contract with the club, that clause is not rendered ineffective by sub-s (3) above and accordingly, a member which is wound up before discharging its liability to a third party has no right to an indemnity, and no such right exists to be transferred to or vested in the third party; see *Firma C-Trade v Newcastle Indemnity Association* [1990] 2 All ER 705, HL.

THIRD PARTIES (RIGHTS AGAINST INSURERS) ACT 1930  s 2     699

**The rule of law.** This is illustrated and applied in the cases of *Re Harrington Motor Co Ltd, ex p Chaplin* [1928] Ch 105, 97 LJ Ch 55, and *Hood's Trustees v Southern Union General Insurance Co of Australasia Ltd* [1928] Ch 793, 97 LJ Ch 467, CA.

**Insolvency Act 1986, Pt I, s 421.** See this title post.

**Workmen's Compensation Act 1925.** Repealed subject to savings by the National Insurance (Industrial Injuries) Act 1946, s 89, Sch 9, now itself repealed by the Social Security Act 1973, ss 100, 101, Schs 26, 28, Pt I, and the Social Security (Consequential Provisions) Act 1975, s 1(2), (5), Sch 1, Pt I.

## 2 Duty to give necessary information to third parties

(1) In the event of any person becoming bankrupt or making a composition or arrangement with his creditors, or in the event of [the estate of any person falling to be administered in accordance with an order under section [421 of the Insolvency Act 1986]], or in the event of a winding-up order [or an administration order] being made, or a resolution for a voluntary winding-up being passed, with respect to any company or of a receiver or manager of the company's business or undertaking being duly appointed or of possession being taken by or on behalf of the holders of any debentures secured by a floating charge of any property comprised in or subject to the charge it shall be the duty of the bankrupt, debtor, personal representative of the deceased debtor or company, and, as the case may be, of the trustee in bankruptcy, trustee, liquidator, [administrator,] receiver, or manager, or person in possession of the property to give at the request of any person claiming that the bankrupt, debtor, deceased debtor, or company is under a liability to him such information as may reasonably be required by him for the purpose of ascertaining whether any rights have been transferred to and vested in him by this Act and for the purpose of enforcing such rights, if any, and any contract of insurance, in so far as it purports, whether directly or indirectly, to avoid the contract or to alter the rights of the parties thereunder upon the giving of any such information in the events aforesaid or otherwise to prohibit or prevent the giving thereof in the said events shall be of no effect.

[(1A) The reference in subsection (1) of this section to a trustee includes a reference to the supervisor of a [voluntary arrangement proposed for the purposes of, and approved under, Part I or Part VIII of the Insolvency Act 1986].]

(2) If the information given to any person in pursuance of subsection (1) of this section discloses reasonable ground for supposing that there have or may have been transferred to him under this Act rights against any particular insurer, that insurer shall be subject to the same duty as is imposed by the said subsection on the persons therein mentioned.

(3) The duty to give information imposed by this section shall include a duty to allow all contracts of insurance, receipts for premiums, and other relevant documents in the possession or power of the person on whom the duty is so imposed to be inspected and copies thereof to be taken.

**NOTES**

The words in the first (outer) pair of square brackets in sub-s (1) were substituted, and the words in the third and fourth pairs of square brackets in that subsection were inserted, by the Insolvency Act 1985, s 235(1), Sch 8, para 7(3)(a), and the words in the second (inner) pair of square brackets were substituted by the Insolvency Act 1986, s 439(2), Sch 14.

Sub-s (1A) was inserted by the Insolvency Act 1985, s 235(1), Sch 8, para 7(3)(b), and the words in square brackets therein were substituted by the Insolvency Act 1986, s 439(2), Sch 14.

**General Note.** This section places a duty on the insured and on his trustee in bankruptcy to give the necessary information as to their rights to third parties, including an opportunity to inspect and copy contracts of insurance and receipts for premiums, and insurers are forbidden to make any stipulations avoiding or altering the effect of the contract of insurance on these conditions being

carried out. If such information points to a particular insurer being liable under this Act, such insurer is placed under the same duty.

**Person; composition or arrangement; winding-up; administration order.** See the notes to s 1 ante.

**Insolvency Act 1986, Pts I, VIII, s 421.** See this title post.

### 3 Settlement between insurers and insured persons

Where the insured has become bankrupt or where in the case of the insured being a company, a winding-up order [or an administration order] has been made or a resolution for a voluntary winding-up has been passed, with respect to the company, no agreement made between the insurer and the insured after liability has been incurred to a third party and after the commencement of the bankruptcy or winding-up [or the day of the making of the administration order], as the case may be, nor any waiver, assignment, or other disposition made by, or payment made to the insured after the commencement [or day] aforesaid shall be effective to defeat or affect the rights transferred to the third party under this Act, but those rights shall be the same as if no such agreement, waiver, assignment, disposition or payment had been made.

**NOTES**

The words in square brackets were inserted by the Insolvency Act 1985, s 235(1), Sch 8, para 7(4).

**General Note.** Once the rights under this Act have been transferred to the third party, no subsequent agreement between the insurer and the insured or payment by the former to the latter can affect them.

**Person; winding-up; administration order.** See the notes to s 1 ante.

### 4 (Applies to Scotland only.)

### 5 Short title

This Act may be cited as the Third Parties (Rights Against Insurers) Act 1930.

# ADMINISTRATION OF JUSTICE ACT 1970
## (1970 c 31)

### ARRANGEMENT OF SECTIONS

\* \* \* \* \*

### PART II
### ENFORCEMENT OF DEBT

*Provisions restricting sanction of imprisonment*

| Section | | Page |
|---|---|---|
| 11 | Restriction on power of committal under Debtors Act 1869 | 701 |

*Enforcement by attachment of earnings*

| | | |
|---|---|---|
| 28 | Other provisions for interpretation of Part II | 702 |