UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:   Federal Insurance Co. v. Al-Qaida
Case No. 03 CV 6978 (RCC)

### REPLY BRIEF IN SUPPORT OF
### (1) TAHA AL-ALWANI, JAMAL BARZINJI, M. OMAR ASHRAF, MUHAMMAD ASHRAF, M. YAQUB MIRZA, AND IQBAL UNUS'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' OPPOSITION BRIEFS
### *AND*
### (2) AFRICAN MUSLIM AGENCY, GROVE CORPORATE, INC., HERITAGE EDUCATION TRUST, INTERNATIONAL INSTITUTE OF ISLAMIC THOUGHT, MAR-JAC INVESTMENTS, INC., MENA CORPORATION, RESTON INVESTMENTS, INC. SAFA TRUST, SANA-BELL, INC., STERLING CHARITABLE GIFT FUND, STERLING MANAGEMENT GROUP, INC., AND YORK FOUNDATION'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' OPPOSITION BRIEF

Defendants Taha Al-Alwani, Jamal Barzinji, M. Omar Ashraf, Muhammad Ashraf, M. Yaqub Mirza, and Iqbal Unus (the "Individual Defendants") moved to strike portions of Plaintiffs' memoranda opposing Defendant's motion to dismiss.[1] Defendants African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation (the "Entity Defendants") moved to strike portions of Plaintiffs' memorandum

---

[1] The Opposition Briefs referred to are The Federal Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss Filed by SAAR Executive Defendants Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza and Iqbal Unus ("Opposition Brief Against the Individuals") (Dkt. No. 290), filed 7/9/04; and The Federal Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss Filed by Jamal Barzinji ("Opposition Brief Against Barzinji") (Dkt. No. 291), filed 7/9/04.

opposing the Entities' motion to dismiss.[2] Defendants moved to strike this material because it makes reference to and is based exclusively on matters outside the pleadings. Defendants make this reply in response to Plaintiffs' joint opposition. (Dkt. No. 382.) For the convenience of the Court, Defendants respond with a single joint reply on behalf of all of the above Defendants.

## I.   ARGUMENT.

### A.   Plaintiffs' RICO Statement Does Not Support the Improper Material Included in Their Oppositions to Defendants' Motions to Dismiss.

In response to Defendants' motions to strike, Plaintiffs do not refute that they have gone outside the pleadings; in fact, they acknowledge that they have done so. (Pltfs.' Opp. 3-4.) Plaintiffs ask the Court not to strike the offending references but rather to consider their relevance when ruling on the motion. (*Id.*) Plaintiffs contend that the material Defendants seek to strike is included in Plaintiffs' RICO Statement filed on July 16, 2004. Because the Court deems the RICO Statement to be an amendment to Plaintiffs' complaint and incorporated by reference, Plaintiffs contend that the matter is therefore immune from Defendants' motion to strike. (*Id.*) Plaintiffs, however, mislead this Court regarding the contents of their RICO Statements.

Even Plaintiffs' RICO Statements lack the specificity of "allegations" included in Plaintiffs' opposition to Defendants' motion to dismiss. For example, in their Opposition Brief Against the Individuals, Plaintiffs' claim that "[t]he Federal Plaintiffs' Complaint alleges that the SAAR Executive Defendants are among the al-Qaida sympathizers, supporters, and financiers who conspired toward and otherwise enabled the Attack by acting as founders, officers and directors of the numerous SAAR Network entities that provided support for al-Qaida."

---

[2] The opposition brief referred to is entitled The Federal Plaintiffs' Memorandum of Law in Opposition to the Motion to Dismiss Filed by SAAR Network Entity Defendants African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc. and York Foundation ("Opposition Brief Against the Entities") (Dkt. No. 315), filed 7/19/04.

(Opposition Brief Against the Individuals, p. 2.) This is not, however, alleged in Plaintiffs' complaint. Changing their tune, Plaintiffs' now insist that "the facts supporting this statement are alleged, in detail, in the RICO Statement, and in particular in Exhibit 'A' to the RICO Statement. . .." (Pltf. Opp. pp. 2-3.) Tellingly, however, Plaintiffs do not cite these purported facts in their opposition brief. In reality, Plaintiffs do not do so because the "facts" alleged in Plaintiffs' RICO Statement do not support this statement.

Similarly, with regard to the Entities, Plaintiffs state in their Opposition Brief Against the Entities that:

> . . . the existence of and actions of the SAAR Network have been, and continue to be, the subject of countless investigations by United States and European authorities. It is acknowledged by all but the defendants themselves that the SAAR Network was invented for entirely different and far more malevolent purposes than the conduct of lawful business. While the Federal Plaintiffs could cite countless official reports and investigations to buttress the existence of the SAAR Network, Federal Plaintiffs will reserve such proof for discovery—the appropriate forum in which to present such evidence. (Opposition Brief Against the Entities, p. 3.)

Plaintiffs boast that they could have cited countless official reports and investigations to support these statements, yet they cited none in either their complaint or their RICO Statement regarding these purported facts. Further, Plaintiffs did not include these allegations in their complaint, despite the supposed ease of accessibility to the information that they claim to have. Nor, despite the purported accessibility of this information, have Plaintiffs included any facts in their RICO Statement to support these allegations.

In their moving papers for the instant motion to strike, Defendants have cited numerous similar examples of improper matter that Plaintiffs included in their oppositions to Defendants' motions to dismiss. Not once do Plaintiffs actually cite their RICO Statements for allegations that would support this improper material. Instead, they vaguely gesture to their RICO Statements with the self-serving conclusory statement that "it's in there." Plaintiffs make no offer of proof because the RICO Statements do not support these and other identified matter in Plaintiffs' opposition briefs to Defendants' motions to dismiss.

### B.   Documents Relied Upon by Plaintiffs in Preparing Their Complaint Are Not Deemed Part of the Complaint for Purposes of a Rule 12(b)(6) Motion to Dismiss.

Knowing that both their complaint and their RICO Statements do not support all of the new allegations made in their opposition briefs, Plaintiffs also claim that documents that they possessed and relied upon in bringing this action should be deemed part of the complaint. (*Id.* at 3.) These materials, apparently, should be deemed part of the complaint even though not attached or referenced. Further, according to Plaintiffs' logic, these documents should be deemed part of the complaint even though Defendants are at a loss to know what they are or what allegations they contain. Plaintiffs cite to *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000), as support for this proposition. Plaintiffs, however, misconstrue *Rothman* and mislead the Court as to its application of prior case law.

In *Rothman*, a securities fraud class action, the court noted that "[f]or purposes of a motion to dismiss, we have deemed a complaint to include . . . documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman*, 220 F.3d at 88 (*citing Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991). Although the court was unclear in its statement, the principle the court articulated was meant to allow a *defendant* to cite to extraneous material that plaintiff relied on when preparing its complaint. The rule is not meant to give plaintiff *carte blanche* to introduce extraneous matter when opposing a 12(b)(6) motion. A review of the authority cited by the *Rothman* court makes this clear.

In *Cortec Industries*, cited by *Rothman* as the authority for this principle and also a securities fraud class action, plaintiffs drafted their complaint relying on documents given to them by defendants. *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44 (2d Cir. 1991). Plaintiffs, however, did not attach these documents to, or incorporate them by reference in, the complaint. *Id.* When defendants brought a Rule 12(b)(6) motion to dismiss utilizing the same documents, plaintiffs insisted that the district court could not consider them. According to plaintiffs, in determining the sufficiency of the plaintiffs' allegations, the court instead was

limited to the four corners of the complaint. *Id.*

In considering plaintiffs' argument on appeal, the Second Circuit noted that "the problem [that] arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered." *Id.* at 48. For this reason, when a defendant relies on extraneous documents in a 12(b)(6) motion, such motions are ordinarily converted into summary judgment motions. The Second Circuit found, however, that "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Id.* Thus, the Second Circuit held that a *defendant* may rely on extraneous documents in its 12(b)(6) motion when plaintiff relied on those same documents in preparing its complaint. *Id.*

Here, Plaintiffs try to twist this rule of construction to shore up the improper use of extraneous, unpleaded materials in their oppositions to Defendants' motions to dismiss. Plaintiffs' position is not only unsupported by the case law, it is not supported by the Second Circuit's rationale in *Cortec Industries* either. The Second Circuit allows defendants to use extraneous matter in bringing a motion to dismiss when plaintiffs relied on that matter *because* plaintiffs already have notice of that material. Here, except for two examples belatedly "inserted" through Plaintiffs' opposition, it remains a mystery to Defendants what documents Plaintiffs purportedly relied upon in preparing their complaint or what allegations they may have contained.

Plaintiffs' claim that their complaint is sufficient because the actual charging allegations against Defendants are contained somewhere in one or more undisclosed documents is meritless.

### C. All References to Matter Outside the Complaint Should Be Stricken.

Plaintiffs provide no reason why they relied on matters outside the pleading in connection with Defendants' motions to dismiss. Plaintiffs' inability, or unwillingness, to explain why they have felt it necessary to go outside their complaint to oppose these motions is not surprising. Plaintiffs' unjustified reliance on matters outside of their 182-page First Amended Complaint can

GT\6412620.1
2103638-6

only be explained one way: Plaintiffs' complaint, standing alone as it must on a motion to dismiss, cannot survive dismissal.

It is the plaintiffs' burden to plead sufficient facts to state a claim. As Plaintiffs have pointed out, that burden is not an unreasonably heavy one, and in ruling on a motion to dismiss, plaintiffs are given the benefit of every doubt and all inferences are drawn in their favor. At the motion to dismiss stage of the proceedings, the complaint, drafted entirely by Plaintiffs, is the only document the Court has before it—no contrary position is presented. In other words, there is already a very strong presumption favoring the plaintiff. A plaintiff who cannot defeat a motion to dismiss relying solely on the complaint that he drafted—and that is judged by the liberal standards described above—should not be permitted to shore up his claim by injecting new facts in opposition to a motion to dismiss and there are no circumstances under which such facts should be considered by the Court. This is especially true where Plaintiffs smear Defendants with such heinous and horrific charges as in this case.

## II.   CONCLUSION.

Defendants have adhered assiduously to the rule that nothing outside the pleadings can be considered on a motion to dismiss. *See* Fed. R. Civ. P. 12(b). Plaintiffs have ignored that rule and asked the Court to do so as well. The Court should decline Plaintiffs' request and should confine its decision on Defendants' motion to dismiss to the contents of Plaintiffs' complaint.

/////
/////
/////
/////
/////
/////
/////
/////
/////

Accordingly, Defendants' motion to strike should be granted to ensure that the Court does not consider any matters outside the pleadings.

Dated: August 26, 2004

GRAY CARY WARE & FREIDENRICH LLP

/s/ Nancy Luque
NANCY LUQUE, ESQ. (NL-1012)
Gray Cary Ware & Freidenrich LLP
1625 Massachusetts Avenue, NW, Suite 300
Washington, DC 20036
Telephone: (202) 238-7763
Facsimile: (202) 238-7701

*Attorneys for Taha Al-Alwani, Jamal Barzinji, M. Omar Ashraf, Muhammad Ashraf, M. Yaqub Mirza, Iqbal Unus, African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sana-Bell, Inc., Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation*
(Admitted Pro Hac Vice)