## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ )

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001      )      03 MDL No. 1570 (RCC)
_____)      ECF Case

This document relates to:

C.A. No. 03-CV-9849 (RCC)
THOMAS E. BURNETT, SR., *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*

### NOTICE OF DEFENDANTS' MOTION TO STRIKE
### THE *BURNETT* PLAINTIFFS' OPPOSITIONS
### TO DEFENDANTS' MOTIONS TO DISMISS AND
### PLAINTIFFS' SUR-REPLY ("CORRECTED") BRIEFS AND AFFIDAVIT

PLEASE TAKE NOTICE that, pursuant to Rule 12(f), Fed. R. Civ. P., defendants Saudi

Arabian Red Crescent Society (D211), Hamad Al-Husaini (D209), Salman Al-Oadah (D220),

Safer Al-Hawali (D221), Saleh Al-Hussayen (D222), and Shahir A. Batterjee (D67), by and

through undersigned counsel, hereby make a limited appearance for the purpose of moving the

Court, before the Honorable Richard C. Casey, United States District Judge, at the United States

District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, at

a date and time to be determined by the Court, for an order striking, pursuant to Rule 12(f), Fed.

R. Civ. P., the *Burnett* plaintiffs' submission to this Court of oppositions to their motions to

dismiss that are based upon a fabricated court document, and their submission to this Court of

"corrected" briefs and affidavit, in response to defendants' motions to dismiss, as those

"corrected" briefs and affidavit are impermissible sur-replies.  A memorandum of law, with

exhibits, in support of this Motion is attached hereto.

Respectfully submitted,

/s/ Lynne Bernabei

_____

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendants
  Saudi Arabian Red Crescent Society (D211),
  Hamad Al-Husaini (D209), Salman Al-Oadah (D220),
  Safer Al-Hawali (D221), Saleh Al-Hussayen (D222), and
  Shahir Batterjee (D67)

DATED:  September 9, 2004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————— )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    )     03 MDL No. 1570 (RCC)
————————————————————————)     ECF Case

This document relates to:

C.A. No. 03-CV-9849 (RCC)
THOMAS E. BURNETT, SR., *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*


## DEFENDANTS' MOTION TO STRIKE
## THE *BURNETT* PLAINTIFFS' OPPOSITIONS
## TO DEFENDANTS' MOTIONS TO DISMISS AND
## PLAINTIFFS' SUR-REPLY ("CORRECTED") BRIEFS AND AFFIDAVIT


Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendants
 Saudi Arabian Red Crescent Society (D211),
 Hamad Al-Husaini (D209), Salman Al-Oadah (D220),
 Safer Al-Hawali (D221), Saleh Al-Hussayen (D222), and
 Shahir Batterjee (D67)


DATED:  September 9, 2004

## INTRODUCTION

In their motions to dismiss, defendants Saudi Arabian Red Crescent Society (D211) ("Saudi Red Crescent"), Hamad Al-Husaini (D209), Salman Al-Oadah (D220), Safer Al-Hawali (D221), and Saleh Al-Hussayen (D222) (collectively "the five Defendants"), argued that service of process on them by publication was not authorized by U.S. District Judge Robertson, since they were not on the list of thirty-six (36) defendants authorized to be served by publication. *See* "Plaintiffs' Motion for Extension of Time for Service of Process and for Leave to Serve Certain Listed Defendants by Publication Pursuant to Federal Rule 4(f)" (*Burnett* D.D.C. Docket No. 95) (Mar. 24, 2003) (attached hereto as Exhibit 1); Minute Entry (*Burnett* D.D.C.) (Mar. 25, 2003) (granting motion to serve certain defendants by publication) (attached hereto as Exhibit 2).[1]

In response, the *Burnett* plaintiffs' counsel submitted an "Exhibit A," which plaintiffs' counsel claimed was the list of defendants for whom Judge Robertson authorized service of process by publication. *See* Pl. Opp. (S. Batterjee), Ex. 4 (Docket No. 276) (attached hereto as Exhibit 3). In fact, "Exhibit A" was never submitted to the Court, but was created by plaintiffs' counsel after Judge Robertson entered the order on March 25, 2003. Further, as the five Defendants pointed out in their reply briefs, there was no way that they could have been included in the Exhibit A submitted to Judge Robertson, and which he approved to be served by

---

[1] *See* Saudi Arabian Red Crescent Society's Motion to Dismiss the Third Amended Complaint, at 20-21 (Apr. 9, 2004) (Docket No. 99); Hamad Al-Husaini's Motion to Dismiss the Third Amended Complaint, at 10 (Apr. 8, 2004) (Docket No. 82); Safer Al-Hawali's Motion to Dismiss the Third Amended Complaint, at 11-12 (Apr. 8, 2004) (Docket No. 81); Saleh Al-Hussayen's Motion to Dismiss the Third Amended Complaint, at 17 (Apr. 8, 2004) (Docket No. 83); and Salman Al-Oadah's Motion to Dismiss the Third Amended Complaint, at 10-11 (Apr. 8, 2004) (Docket No. 84).

publication, since they were not added to this lawsuit until <u>after</u> Judge Robertson's order.[2]

The five Defendants, through their reply briefs in support of their motions to dismiss, discussed the sanctionable conduct of the *Burnett* plaintiffs' counsel in submitting a fabricated court document, Exhibit A to Plaintiffs' Motion, and argued that sanctions under this Court's inherent powers, and under 28 U.S.C. § 1927, were warranted to sanction plaintiffs' counsel for their willful conduct in misrepresenting, <u>five</u> <u>times</u>, the contents of this court filing.[3] Specifically, plaintiffs' counsel had argued in their opposition briefs, with respect to defendants Saudi Red Crescent and Messrs. Al-Husaini, Al-Hawali, and Al-Hussayen, that each of those defendants' names was on the list as approved by Judge Robertson.[4]   The *Burnett* plaintiffs had argued, with respect to Mr. Al-Oadah, that Judge Robertson's order somehow allowed them to

---

[2] *See* Reply Brief in Support of Salman Al-Oadah's Motion to Dismiss the Third Amended Complaint, at 8-10 (July 23, 2004) (Docket No. 330); *see also* Reply Brief in Support of Saudi Arabian Red Crescent Society's Motion to Dismiss the Third Amended Complaint, at 9-10 (July 30, 2004) (Docket No. 364); Reply Brief in Support of Hamad Al-Husaini's Motion to Dismiss the Third Amended Complaint, at 9-10 (July 23, 2004) (Docket No. 331); Reply Brief in Support of Safer Al-Hawali's Motion to Dismiss the Third Amended Complaint, at 8 (July 23, 2004) (Docket No. 334); and Reply Brief in Support of Saleh Al-Hussayen's Motion to Dismiss the Third Amended Complaint, at 7-8 (July 23, 2004) (Docket No. 335).

[3] *Id.*

[4] *See* Pl. Opp. (Al-Hawali) (July 1, 2004) (Docket No. 282), at 7 ("Additionally, the plaintiffs asked for permission to serve by publication defendants that were listed in the Exhibit A attached to the motion, which included Al-Hawali."); Pl. Opp. (Al-Husaini) (June 30, 2004) (Docket No. 272), at 18 ("Additionally, the plaintiffs asked for permission to serve by publication defendants that were listed in the Exhibit A attached to the motion, which included Al-Husaini."); Pl. Opp. (Al-Hussayen) (July 1, 2004) (Docket No. 281), at 6 ("Additionally, the plaintiffs asked for permission to serve by publication defendants that were listed in the Exhibit A attached to the motion, which included Al-Hussayen."); Pl. Opp. (Saudi Red Crescent) (June 30, 2004) (Docket No. 277), at 9 ("Additionally, the plaintiffs asked for permission to serve by publication defendants that were listed in the Exhibit A attached to the motion, which included SRCS.").

add other defendants to the list of defendants to be served by publication.[5]  However, Judge

Robertson did not state this in his order.  His order stated, in its entirety, that:

> Court grants plaintiffs' motion for extension of time to June 30, 2003 for service
> of process and grants leave to provide service by publication.

*See* Ex. 2 (Order (Mar. 25, 2003)).

On July 26, 2004, pursuant to Rule 11(c)(1)(A), Fed. R. Civ. P., counsel for the five

Defendants served a draft Rule 11 motion for sanctions on plaintiffs' counsel.  *See* Letter from L.

Bernabei to R. Motley, *et al.* (July 26, 2004) (attached hereto as Exhibit 4) (attachments not

included).  There were two bases for this draft motion:  First, plaintiffs' submission of an altered

court document, i.e., the "Exhibit A" to their motion for service by publication, which was

altered by the addition of some twenty additional defendants, including the five Defendants

represented by undersigned counsel.  Second, plaintiffs' false statement (in their Opposition to

Mr. Al-Oadah's motion to dismiss) that they had requested, from Judge Robertson, leave to serve

by publication "subsequently added defendants," when their March 24, 2003 motion only

requested two distinct types of relief:  (1) another extension of time to serve the current

defendants "as well as any Defendants added subsequently;" and (2) permission for "service by

publication on the Defendants listed in Exhibit A through publication."  See Ex. 1, Mem. at 6

(emphasis added).  Plaintiffs did not, in the motion, or in Exhibit A, id., seek leave to serve by

publication any "subsequently added defendants," as they now claim.  See Pl. Opp. (Al-Oadah)

(Docket No. 275), at 7.  Nor did plaintiffs in that motion seek "leave to serve by publication any

---

[5] *See* Pl. Opp. (Al-Oadah) (June 30, 2004) (Docket No. 275), at 7 ("Plaintiffs requested leave to serve by publication any defendants in the Gulf States region, which included those specifically listed defendants located in Saudi Arabia, Sudan and United Arab Emirates *and* defendants subsequently added from that geographical area.") (emphasis in original).

defendants in the Gulf States region, which included . . . defendants subsequently added from that geographical area." Id.

In response, Andrea Bierstein, counsel for the *Burnett* plaintiffs, admitted that the list of defendants (Exhibit A) submitted to this Court was not the list attached to the motion filed before Judge Robertson, and which formed the basis for Judge Robertson's order permitting service by publication on certain defendants. Instead, they claim that it was a list which somehow was developed as plaintiff' counsel's interpretation of Judge Robertson's order. *See* Letter from A. Bierstein to L. Bernabei (Aug. 24, 2004) (attached hereto as Exhibit 5).

However, this response makes no sense insofar as there was no need to compile another "Exhibit A," which deleted several names approved by Judge Robertson, and included names of the five Defendants now represented by undersigned counsel.[6] And, this new "Exhibit A" was never submitted to Judge Robertson, or any other court, as plaintiffs' counsel claimed in their oppositions.

The *Burnett* plaintiffs then filed what they called were "corrected" opposition briefs with respect to four of the five Defendants, *i.e.* the Saudi Red Crescent and Messrs. Al-Hussayen, Al-Hawali, and Al-Husaini.[7] These "corrected" briefs included not only a completely revised

_____

[6] Plaintiffs deleted four names, and fifteen other names, in addition to the names of the five Defendants, were added.

[7] Plaintiffs' Corrected Memorandum of Law in Opposition to Motions to Dismiss of Defendant Saleh Al-Hussayen (Aug. 27, 2004) (Docket No. 403); Plaintiffs' Corrected Memorandum of Law in Opposition to Motions to Dismiss of Defendant Saudi Arabian Red Crescent Society (Aug. 27, 2004) (Docket No. 404); Plaintiffs' Corrected Memorandum of Law in Opposition to Motions to Dismiss of Defendant Safer Al-Hawali (Aug. 27, 2004) (Docket No. 405); Plaintiffs' Corrected Memorandum of Law in Opposition to Motions to Dismiss of Defendant Hamad Al-Husaini (Aug. 27, 2004) (Docket No. 407).

argument regarding service of process on these four defendants, but also included, for the first time, a response to the Foreign Sovereign Immunities Act defense raised by Mr. Al-Hussayen – a defense that was fully briefed in his motion to dismiss, but which plaintiffs did not address in their original opposition.[8]  The *Burnett* plaintiffs also filed a "corrected" affidavit in support of their Opposition to defendant Shahir Batterjee's motion to dismiss, which included the actual version of the list of defendants filed with Judge Robertson.[9]  As such, these "corrected" briefs and affidavit constitute unauthorized sur-reply briefs, in which plaintiffs make entirely new arguments based on the actual record of the case, and not the record they previously fabricated, to answer the five Defendants' motions to dismiss.

Counsel for the five Defendants responded by noting that plaintiffs still had not offered any legitimate explanation for the submission of the false "Exhibit A" to this Court, other than to gain an advantage in litigation of this case.  *See* Letter from L. Bernabei to R. Motley, *et al.* (Sept. 1, 2004) (attached hereto as Exhibit 6).  Moreover, plaintiffs did not seek leave from this Court to file the "corrected" briefs and affidavits, which constituted unauthorized sur-reply briefs, that raised new arguments not in plaintiffs' original oppositions.[10]

---

[8] Mr. Al-Hussayen, in his Reply Brief, discussed plaintiffs' failure to address his FSIA defense, and argued that Second Circuit law required this Court to find that when a defendant raises a particular defense in a dispositive motion, and the plaintiff fails to respond to that defense, then the plaintiff has conceded the defense.  *See* Al-Hussayen Reply Brief, at 2 (citing Edward B. Marks Music Corp. v. Continental Record Co., 222 F.2d 488, 493 (2d Cir. 1955)).

[9] Plaintiffs' Notice of Filing of Corrected Exhibit to Affirmation of Andrea Bierstein in Opposition to Motion to Dismiss of Shahir Batterjee (Aug. 27, 2004) (Docket No. 408).

[10] This Court has previously struck the *Burnett* plaintiffs' attempts to file sur-reply briefs.  *See* Order (June 15, 2004) (Docket No. 251) (striking *Burnett* plaintiffs' "personal jurisdiction" sur-reply brief); Order (Apr. 23, 2004) (Docket No. 123) (striking *Burnett* plaintiffs' sur-reply brief filed with respect to defendant Aljomaih's motion to dismiss).

The *Burnett* plaintiffs should not be given an advantage in the litigation, *i.e.*, two bites at the apple, by filing false court documents, and then correcting them only after being caught by opposing counsel.  In fact, the only appropriate remedy is to strike the pleadings which rely on the false "Exhibit A," and deny plaintiffs the opportunity to file sur-replies.  Otherwise, plaintiffs' counsel will actually have benefitted by filing of false court pleadings – through having a chance to file new arguments, once they were caught, which answer not only the arguments in the five Defendants' motions to dismiss, but add new arguments based on their review of the five Defendants' reply briefs.  The U.S. Court of Appeals for the Second Circuit has made clear that, under Rule 11, "this Court will not countenance belated rationalizations concocted to conceal chicanery."  United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Amer., AFL-CIO, 948 F.2d 1338, 1344 (2d Cir. 1991); accord International Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388 (2d Cir. 1989) (affirming Rule 11 sanctions against plaintiff's counsel since his "arguments are examples of '*post hoc* sleight of hand' calculated to make plausible very tenuous jurisdictional claims.").

The Second Circuit, and district courts in this Circuit, have consistently recognized that a party's belated compliance with its obligations under the Federal Rules of Civil Procedure, in the face of proposed sanctions, do not exonerate that party from the imposition of sanctions.  The Second Circuit held that it was reversible error not to impose sanctions on plaintiff's counsel because "plaintiff's hopelessly belated compliance should not be accorded great weight," since "any other conclusion would encourage dilatory tactics, and compliance . . . would come only when the backs of counsel and the litigants were against the wall."  Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979).  Thus, the

6

Second Circuit concluded that the district court should have imposed an issue preclusion sanction, thereby precluding plaintiffs from offering evidence as to their damages, "tantamount to the dismissal of a claim." Id. at 1064.  U.S. District Judge Sprizzo similarly concluded that belated compliance also mandated dismissal of the plaintiffs' claims:

> The sanctions imposed [under the Federal Rules] . . . would be hollow indeed if they could be imposed only on those whose efforts at concealment proved to be successful.  Plaintiff may not properly escape the consequences of his own wrongful conduct because the defendants were diligent and persistent enough to overcome the obstacles which he placed in their path.

Nittolo v. Brand, 96 F.R.D. 672, 676-77 (S.D.N.Y. 1983) (imposing sanction of dismissing the case); accord Radetsky v. Barney & Smith, Inc., No. 85 Civ. 4379 (PNL), 1989 WL 234026, at *34 (S.D.N.Y. Dec. 13, 1989) ("it is imperative that the courts not shirk from the harshest of sanctions in even those cases where no real prejudice to the case at hand may have ensued because the offending party has been 'caught' and finally forced to comply by the court."); Graham v. Rider Maintenance Corp., No. 83 Civ. 0085 (PKL), 1986 WL 2411 (S.D.N.Y. Feb. 19, 1986) (plaintiff's belated compliance "merely underscores plaintiff's bad faith, recalcitrance and defiance") (imposing sanctions of dismissal of the case).

Therefore, the five Defendants respectfully request that this Court strike the *Burnett* plaintiffs' original opposition briefs, and their "corrected" opposition briefs and affidavit, the latter of which also constitute unauthorized sur-reply briefs.  Defendants also request that this Court consider imposing sanctions, pursuant to its inherent authority and under 28 U.S.C. § 1927, against the *Burnett* plaintiffs' counsel for their conduct with respect to their egregious misrepresentations regarding the scope of service of process as authorized by Judge Robertson. If this Court desires, the Defendants will file their Rule 11 motion with the Court, which

provides additional details and legal argument as to the appropriateness of sanctions in these circumstances.

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in the five Defendants' motions to dismiss and reply briefs thereto, the five Defendants respectfully request that this Court strike the *Burnett* plaintiffs' oppositions to their motions to dismiss, as well as the "corrected" affidavit and oppositions thereto.  Defendants also request that the Court award them their attorneys' fees and litigation expenses, and grant other equitable relief against plaintiffs and their counsel, as appropriate.

Respectfully submitted,

/s/ Lynne Bernabei

_____
Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendants
 Saudi Arabian Red Crescent Society (D211),
 Hamad Al-Husaini (D209), Salman Al-Oadah (D220),
 Safer Al-Hawali (D221), Saleh Al-Hussayen (D222), and
 Shahir Batterjee (D67)

DATED:  September 9, 2004

8

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2004, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


/s/ Alan R. Kabat
_____
Alan R. Kabat