**Exhibit 3**

Defendants' Motion to Strike

03 MDL No. 1570 (RCC) / C.A. No. 03-CV-9849 (RCC)

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THOMAS BURNETT, SR., in his own right as the Father of THOMAS E. BURNETT, JR., Deceased, et al., | : : : : : | |
| Plaintiffs, | : : | |
| v. | : | CIVIL ACTION |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, a/k/a AL BARAKA BANK a/k/a DALLAH ALBARAKA GROUP, LLC, et al., | : : : : : | CASE NUMBER    1-02-01616-JR |
| Defendants. | : | |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS AND FOR LEAVE TO SERVE CERTAIN LISTED DEFENDANTS BY PUBLICATION PURSUANT TO FEDERAL RULE 4(f)**

Come now the Plaintiffs, by undersigned counsel, and pursuant to Fed.R.Civ.P. 4(f)(3), and move this Honorable Court to grant leave to serve Osama Bin Laden, members of al Qaeda and the remaining named Defendants located in the Middle East, particularly Saudi Arabia, the Republic of Sudan and the United Arab Emirates, by publication. *See,* Exhibit A. In support of this Motion, Plaintiffs file herewith a Memorandum of Law and request that it be incorporated by reference as if fully set out as a part of this Motion.

1.  The Court previously granted an extension of time until April 15, 2003 to serve the Defendants named in the original and first amended complaints, filed August 15 and August 30, 2002, respectively. *See,* Minute Entry dated December 13, 2002, Docket No. 38. The Complaint was amended on November 22, 2002, and deadline for service of process on the Defendants added by the Third Amended Complaint is March 24, 2003. Plaintiffs are attempting to complete service of process on a large number of Defendants, located throughout the world.

2.      Personal service of process on Osama Bin Laden and other terrorists is not possible, as they are in hiding and have purposely made themselves unavailable for service.

3.      Personal service of process on individuals, corporations and organizations in Saudi Arabia, Sudan and United Arab Emirates is not possible because cultural hostilities and fear of retribution have made it impossible to find anyone in Saudi Arabia or the Gulf State region willing or able to execute service of process.  Affidavit of Nelson Tucker, Exhibit B.

4.      Translation of the appropriate documents for publication will take approximately two (2) weeks.  Plaintiffs propose running the notices in newspapers of general circulation in the Middle East for six (6) weeks.

5.      In addition, many of the Defendants listed are avoiding service of process by moving from previous known locations.  Extra time is needed to locate many of the Defendants. Affidavit of Nelson Tucker, Exhibit B.

WHEREFORE, Plaintiffs, by counsel, respectfully pray that the Court extend the service of process deadline to June 30, 2003, and they be permitted to serve the Defendants listed on Exhibit A by publication, and for all other relief permitted under these premises.

Respectfully Submitted:

/S/ Harry Huge_____
Harry Huge, Esquire (DC Bar No. 55640)
Harry Huge Law Firm, LLP
Market Square North
401 Ninth Street, N.W., Suite 450
Washington, DC 20004
(202) 824-6046

2

## CERTIFICATE OF COUNSEL PURSUANT TO LCvR 7.1(M)

Because no counsel have yet entered an Appearance on behalf of any Defendants that Plaintiffs are seeking to serve by publication, and the motion affects only Defendants who are clearly not amenable to contact contemplated by LCvR 7.1(m), the requirements of LCvR 7.1(m) are not applicable to the instant Motion. I hereby certify that on March 24, 2003, I caused an electronic copy of Plaintiffs' Motion for Extension of Time for Service of Process and for Leave to Serve Certain Listed Defendants by Publication Pursuant to Federal Rule 4(f), and Memorandum in Support of Plaintiffs' Motion for Extension of Time for Service of Process and for Leave to Serve Certain Defendants by Publication to be served by the Court's Electronic Case Filing System upon:

Lynne A. Bernabei

Louis Richard Cohen

Christopher R. Cooper

Christopher M. Curran

David Patrick Donovan

Nicole Erb

Michael J. Guzman

Michael Hadeed

Maher H. Hanania

William H. Jeffress

Alan Robert Kabat

Michael K. Kellogg

Paul J. Orfanedes

Frank Panopoulos

Mathew Henry Simmons

I hereby certify that on March 24, 2003, I caused a paper copy of Plaintiffs' Motion for Extension of Time for Service of Process and for Leave to Serve Certain Listed Defendants by Publication Pursuant to Federal Rule 4(f), and Memorandum in Support of Plaintiffs' Motion for Extension of Time for Service of Process and for Leave to Serve Certain Defendants by Publication to be served by first-class mail upon:

Mark C. Hansen
Kellogg, Huber, Hansen, Todd & Evans, P.L.L.C.
1615 M Street, N.W.
Sumner Square, Suite 400
Washington, DC 20036-3209

Edward D. Robertson
Mary Doerhoff Winter
Bartimus, Frickleton, Robertson & Obetz
200 Madison Street, Suite 1000
Jefferson City, MO 65101

Nancy Luque
Reed Smith
1301 K Street, N.W.
Suite 1100
Washington, DC 20005

Harry Huge, Esquire

2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS BURNETT, SR., in his own right as the Father of THOMAS E. BURNETT, JR., Deceased, et al., : : : : | |
| Plaintiffs, : : : | |
| : | CIVIL ACTION |
| AL BARAKA INVESTMENT AND : DEVELOPMENT CORPORATION, a/k/a AL BARAKA BANK a/k/a DALLAH   : ALBARAKA GROUP, LLC, et al., : : | CASE NUMBER          1-02-01616-JR |
| Defendants. : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS AND FOR LEAVE TO SERVE CERTAIN DEFENDANTS BY PUBLICATION**

### I.  INTRODUCTION

The above-captioned action brought by Plaintiffs arises out of the numerous deaths and injuries resulting from the terrorist attacks of September 11, 2001.  Specifically, Plaintiffs brought this action to recover damages against those individuals and entities responsible for the death and injury of American and foreign citizens at the World Trade Center Towers, the Pentagon, and in Shanksville, Pennsylvania. The unique circumstances of the aforementioned attacks and the fact that certain named Defendants have intentionally made themselves unavailable to service of process, or are extremely difficult to serve, justifies Plaintiffs' request to serve some Defendants, the names of which are set forth in the attached Exhibit A, by publication, pursuant to Fed.R.Civ.P. 4(f)(3).  Plaintiffs move for leave to give notice by publication to the Defendants listed in Exhibit A in newspapers of general circulation in the Middle East, supplemented by access to the Complaint, in Arabic, on the Internet.

In addition, Plaintiffs respectfully move for an extension of time to perfect service of process on all Defendants listed in Exhibit A, and on the Defendants listed in the original, first and third amended complaints, until June 1, 2003.

## II.       ARGUMENT

### A.       Service of Process by Publication is Sufficient and Necessary

Plaintiffs herein sue al Qaeda terrorists, including Osama Bin Laden, and their sponsoring organizations and seek to hold them responsible for the events of September 11, 2001. Where Plaintiffs know the specific address of a particular defendant, Plaintiffs are attempting personal service by conventional means pursuant to Fed.R. Civ. P. 4. With a large number of Defendants, this has proven to be a somewhat monumental task. In addition, a number of the named Defendants cannot be served with notice of the instant lawsuit either because they cannot be located, as in the case of Osama Bin Laden, or due to a cultural bias and the hostile atmosphere present in the Middle East. Affidavit of Nelson Tucker, attached as Exhibit B. Therefore, an alternative method to effectuate service of process upon these defendants, specifically service by publication as set forth on Exhibit C, pursuant to Fed.R.Civ.P. 4(f)(3), is warranted. Defendants located in Saudi Arabia, the Republic of Sudan or the United Arab Emirates are listed on Exhibit A and should be served by publication because Plaintiffs are unable to find an individual willing to undertake service of process in these three countries. Exhibit B. The process server hired to serve the Defendants listed on Exhibit A was apparently murdered during his attempts to complete service of process for the instant lawsuit. Exhibit B. Plaintiffs do not want to risk another innocent life, when an acceptable alternative means of service is available under Fed. R. Civ. P 4(f)(3).

As this Court is aware, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(f) governs service on individuals. Rule 4(h) governs service of corporations and associations. Rule 4(h) states that service on associations and corporations not within a judicial district of the United States is achieved pursuant to Rule 4(f).[1] Rule 4(f)(3) permits service upon individuals and associations not in a judicial district within the United States as directed by the Court, as long as it is not

---

[1] Rule 4(h): Service Upon Corporations and Associations. Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected: … (2) in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof.

2

prohibited by international agreement.[2]  The Ninth Circuit in *Rio Properties v. Intl. Interlink*, 284 F.3d 1007 (9th Circuit 2002), conducted an extensive analysis of Rule 4(f)(3).  The *Rio* court concluded that Rule 4(f)(3) stands on equal footing with the other sections of Rule 4(f), i.e., there is no order of preferential service between the provisions of Rule 4(f)(a), (2), and (3).[3]  In *Rio*, the Court approved plaintiff's service of process through Internet e-mail.  In analyzing and reviewing the case law concerning Rule 4(f)(3), the Court stated:

> Applying this proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email. See *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (condoning service of process by publication in the Int'l Herald Tribune); *Smith v. Islamic Emirate*, Nos. 01 Civ. 10132, 01 Civ. 10144, 2001 U.S. Dist. LEXIS 21712, at *5-13 (S.D.N.Y. Dec. 26, 2001) (authorizing service of process on terrorism impresario Osama bin Laden and al-Qaeda by publication); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541-44 (S.D.N.Y. 1965) (employing service by ordinary mail); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2d Cir. 1979)(approving service by mail to last known address); *Forum Fin. Group*, 199 F.R.D. at 23-24 (authorizing service to defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants); *Broadfoot v. Diaz* (In re Int'l Telemedia Assoc.), 245 B.R. 713, 719-20 (Bankr.N.D.Ga. 2000) (authorizing service via email).

*Id.* at 1016.

Thus, analysis of F.R.C.P. 4(f) and the case law interpreting the Rule demonstrates that this Court is well within its discretion to authorize alternative service of process that is tailored to the specific needs and difficulties present in this case.  In this regard, Plaintiffs seek to serve a subset of the defendants by publication.  The Advisory Committee notes to Rule 4(f)(3) show that the Court, in its discretion, should

---

[2] Rule 4(f): Service Upon Individuals in a Foreign Country. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States: … (3) by other means not prohibited by international agreement as may be directed by the court.

authorize a method for service of process that is reasonably calculated to apprise the interested parties of the pending action and to afford them an opportunity to present their objections.[4]  See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  This Court previously approved service by publication on Osama Bin Laden and other al Qaeda members in the case of *Fiona Havlish, et al. v. Sheikh Bin-Muhammad Bin-Laden, et al.*, Cause No. 1:02CV00305.  *See* Minute Entry No. 32, dated September 30, 2002, granting motion for alternative service, Cause No. 1:20 CV 00305..

In *S.E.C. v. Tome,* 833 F.2d 1086, 1093 (2nd Cir. 1987). *cert. denied* 486 U.S. 1014 (1988), an insider trading suit, service by publication was affirmed where the foreign defendants were difficult to serve personally.  The Court found that the plaintiff "reasonably concluded that the [defendants] resided or conducted business in Europe and chose a publication likely to be read by international investors," and that the facts of that case were "distinguishable from cases where notice was published in a small regional paper or the advertisement contained nothing which would draw a party's attention to it."  *Id.* at 1093.  For this reason, and because the defendants were likely to have been aware of the SEC's investigation into their actions, the *Tome* Court concluded that "[n]otice by publication, in the circumstances surrounding this action, was reasonably calculated to apprise the interested parties of the lawsuit." *Id*.  The Court also noted that:

> As business dealings have become increasingly interstate and international, the means of giving notice have been extended to meet these situations, so that parties may be held accountable in our courts of justice.

*Id*.  This Court has previously recognized in the *Havlish* case that Defendant Osama Bin Laden, and other al Qaeda leaders are not amenable to service by the specific methods authorized by Rule 4.  As in *Tome*, the Defendants in the instant action likely are already aware of this case due to the publicity surrounding it.  Indeed, many have pro-actively and publicly indicated their intention of defending against

---

[3] "By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2).  See *Forum Fin. Group, LLC v. President & Fellows*, 199 F.R.D. 22, 23-24. (D. Me. 2001)" *Id*.

4

Plaintiffs' claims.  (*See, e.g.,* http://www.binmahfouz.info).  In addition, the publication methods which Plaintiffs propose are designed to apprise the effected Defendants of the lawsuit.

In the instant case, service by publication is also warranted with respect to those Defendants who are listed on the attached Exhibit A, given the cultural hostilities preventing service of process in Saudi Arabia, the Republic of Sudan and the United Arab Emirates.  Nelson Tucker, the lead process server for Plaintiffs, reports a historical difficulty in finding individuals willing to execute service of process in Saudi Arabia.  Exhibit B.  After one process server has been murdered in Saudi Arabia, it is extremely unlikely that Plaintiffs can find a replacement server.  Moreover, Plaintiffs do not wish to put anyone else in harms way, when a publication in newspapers of general circulation, along with the considerable publicity this case has already received here and in Arab newspapers in Saudi Arabia, will provide sufficient notice of this lawsuit.  However, an extension of time is needed to complete service by publication, which will require translation and time to place and run the notices in the proposed newspapers.

**B.     An Extension of Time is Needed to Complete Service of Process by Publication and Conventional Means**

Plaintiffs must perfect service of process on almost 200 Defendants.  These Defendants are located across the United States and worldwide.  Plaintiffs have attempted service of process on many Defendants, only to find that they have moved.  Exhibit B.  As a result, it is taking a great deal of time to investigate new addresses for Defendants.  In addition, in order to comply with the Hague Convention, Plaintiffs have had to translate the Third Amended Complaint into Arabic and French, and perhaps into Spanish, Italian, and German.  The French and Arabic translations are completed.  As previously stated, Plaintiffs propose publishing notices for six (6) weeks, and making all translations publicly available.  Plaintiffs' lead process server, Nelson Tucker, has provided a statement to this Court that diligent efforts to complete service of process are being employed, but more time is needed, given the large number of

---

[4] "An earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law" Advisory Committee Notes, 1993 Amendments.

Defendants and the difficulty locating many of them. Therefore, Plaintiffs request the Court to extend the deadline up to and including June 30, 2003 in order to complete service of process.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court extend the deadline for service of process on the Defendants listed in the original, first and third amended complaints, as well as any Defendants added subsequently that are either at large or in the Gulf State region to June 30, 2003 and permit service by publication on the Defendants listed in Exhibit A through publication, once a week for six (6) successive weeks,[5] in (1) *Al Quds Al-Arabi* (in Arabic), a middle eastern newspaper[6] in which Defendant Osama bin Laden published one or more "fatwas" (religious decrees) prior to the September 11, 2001 attacks, and (2) *The International Herald Tribune* (in English)*,* an international English-language newspaper. Furthermore, Plaintiffs will supplement the publication by placement on http://www.nessmotley.com copies of the pertinent documents that have been filed to date in this case, including the Third Amended Complaint (in Arabic and French, and in other languages as they become available) and the Order for service by publication. A copy of the English version of the proposed notice is annexed as Exhibit C.

Respectfully submitted,

/S/ Harry Huge_____
Harry Huge, Esquire (DC Bar No. 55640)
Harry Huge Law Firm, LLP
Market Square North
401 Ninth Street, N.W., Suite 450
Washington, DC 20004
(202) 824-6046

---

[5] Fed.R.Civ.P 71A(d)(3)(B), which relates to condemnations of real and personal property, provides that service by publication should be "once a week for not less than three successive weeks," in addition to service by mail.

[6] *Al-Quds Al-Arabi* is a daily newspaper that is circulated in Europe, The Middle East, North Africa and North America. In February 1998, Bin Laden and al Qaeda published in *Al Quds Al Arabi* an anti-American fatwa. A "fatwa" is a formal legal opinion or religious decree issued by an Islamic leader. *Encarta World English Dictionary, 2001.*

# EXHIBIT A

## PROPOSED PUBLICATION NOTICE

      To Named Defendants:

ABDUL RAHMAN AL SWAILEM
ABDULLAH BIN ABDUL MUHSEN AL TURKI
ABDULAH BIN SALEH AL OBAID
ABDULLAH SULAMAIN AL-RAJHI
ABDULRAHMAN BIN KHALID BIN MAFOUZ
ADEL ABDUL BATTERJEE
AHMED ALI JUMALE
AL BARAKAAT EXCHANGE
AL BARAKA INVESTMENT AND DEVELOPMENT BANK CORP.
AL BARAKA INVESTMENT AND DEVELOPMENT CORP., a/k/a AL BARAKA BANK,
    a/k/a DALLAH AL BARAKA GROUP LLC
AL HARAMAIN FOUNDATION
AQUEEL AL AQUEEL
BAKR M. BIN LADEN
DELTA OIL COMPANY
HASSAN BAHFZALLAH
KHALID SULAMAIN AL-RAJHI
KHALID SALIM BIN MAFOUZ, a/k/a SHEIK KHALID BIN MAHFOUZ
MOHAMMED JAMAL AL KHALIFA
MUSLIM WORLD LEAGUE, a/k/a RABITA AL-ALAM AL-ISLAMI, a/k/a ISLAMIC
    WORLD LEAGUE
 NATIONAL COMMERCIAL BANK
SHAHIR ABDULRAOOF BATTERJEE
TADAMON ISLAMIC BANK
TARIK BIN LADEN
WA'EL HAMZA JALAIDAN
OMAR BIN LADEN
OSAMA BIN LADEN
SALEH ABDUL AZIZ AL RAJHI
SALEH ABDULLAH KAMEL
SAUDI BIN LADIN GROUP, a/k/a BIN LADEN CORP.
SULAMAIN BIN ABDUL AZIZ AL RAJHI
YASSIN ABDULLAH AL KADI
YESLMAN M. BIN LADEN
YOUSEF JAMEEL
IBRAHIM MUHAMMAD AFANDI
MOHAMMED BIN ABDULLAH AL-JOMAITH
ABDULRAHMAN HASSAN SHARBATLY
SALAHUDDIN ABDULJAWAD
AHMED ZAKI YAMANI

AHMAD AL HARBI
MOHAMMED AL-ISSAI
HAMAD HUSSAINI
ABU RIDA AL SURI, a/k/a MOHAMED LOAY BAYAZID
SAUDI RED CRESCENT
AHMED BRAHIM
MOHAMMED ALI HASAN AL MOAYAD
ABU MUSAB AL-ZARQAWI
AYMAN AL-ZAWAHIRI
ABU IBRAHIM AL-MASRI
SULMAN AL-OUDA
SAFAR AL-HAWALI
SALEH AL-HUSSAYEN
MUHAMMAD J. FAKIHI

**9/11 Families United To Bankrupt Terrorism**
**Market Street North**
**401 Ninth Avenue, NW, #450**
**Washington, DC 20004**
**(202) 824-6046**

   **IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION,** *Thomas Burnett, Sr., et al. v. Al Baraka Investment and Development Corporation, et al.*, **Cause No. 1-02-0616-JR**, Judge James Robertson issued an order for service by publication on March 25, 2003.  It was ordered that notice of the above-captioned action should be published once a week for six consecutive weeks in *The International Herald Tribune* (in English) and *Al-Quds Al-Arabi* (in Arabic) as well as posted on the Internet at www.nessmotley.com.  Notice is hereby served on Defendants listed above.  Defendants are hereby summoned and required to serve upon **The Clerk of the Court, United States District Court for the District of Columbia, 333 Constitution Avenue, N.W. Washington, D.C. 20001 and 9/11 Families United To Bankrupt Terrorism, Market Street North, 401 Ninth Avenue, NW, #450, Washington, DC 20004**, an Answer to the Complaint within sixty (60) days after service of the summons, exclusive of the day of service.  If Defendants fail to do so, judgment by default may be taken against Defendants for relief demanded in the Complaint.  The Complaint was filed for wrongful death, conspiracy and actions for compensatory and punitive damages pursuant to 28 U.S.C. § 1605(a)(5) and 28 U.S.C. § 1605(a)(7), survival actions, negligent and/or intentional infliction of emotional distress, 28 U.S.C. § 1350, and 18 U.S.C. § 2331.

   Copies of the Complaint are available on the Internet at _____.

# EXHIBIT B

### Affidavit of Nelson Tucker

I, Nelson Tucker, declare under penalty of perjury of the laws of the United States of America, that the following is true and correct, that I have personal knowledge as to the facts stated, and that I could competently testify, if called, that:

1. I am the President of *Process Service Network*, an international service of process firm, am over the age of 18 years, and not a party to the within-named action. I have been a Registered Process Server and owner of an attorney service since 1978. I have authored two (2) books on service of process, investigations and court filing procedures and have conducted training seminars for the past 18 years. I regularly serve, or cause to be served, legal documents domestically and worldwide and supervise all international service assignments. I currently teach Service of Process and Court Filing Procedures at *Los Angeles Valley College* and Service of Process at *Legal Services Institute*. I am a Life Member of the *National Association of Investigative Specialists* and the *International Process Servers Association*. I am qualified as an expert witness on the following subjects: service of process, international service of process, and court filing procedures. In addition, I am fully familiar with the *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters* ("Hague Service Convention") and service of process laws of most foreign nations.

2. This Declaration is made related to international service of process upon various Defendants in Saudi Arabia, Sudan, and United Arab Emirates, related to the matter *Burnett, et al. v. Al Baraka Investment, et al.*, case No. 1-02-01616-JR, filed in the United States District Court, District of Columbia.

3. On or about October 1, 2002, I received an assignment from the law firm of Young Riley Dudley & DeBrota, along with instructions to serve all parties named as defendants in the above-cited case.

4. On or about October 10, 2002, I assigned the services that do not require translation to the appropriate process server, or Central Authority.

5. On or about November 4, 2002, I assigned various services to be served in Saudi Arabia, Sudan, and the United Arab Emirates to Ahmed Salah, a private process server in Riyadh, Saudi Arabia. I forwarded copies for service in English and Arabic.

6. In December 2002, and continuing in January 2003, I attempted to obtain the status on the progress of the services in Saudi Arabia and United Arab Emirates. I could not make contact with the process server.

7. In February 2003, I contracted with a private investigator in Saudi Arabia who was instructed to attempt to make personal contact with the process server. On two (2) occasions, the private investigator advised my office that the process server's office was "not occupied."

8. On March 10, 2003, I received a message from the private investigator advising me that he had reasonable belief that the process server, Salah, had been murdered while carrying out service of process in Harad, Saudi Arabia. He based his finding on comments made by a business owner adjacent to Salah's previous address. The private investigator stated that he recalled reading about the murder of a private investigator in December 2002 or January 2003.

9. It is my belief that some of the defendants were served in Saudi Arabia, Sudan, and United Arab Emirates, based on the filing of written responses to the Court by some defendants in those nations.

10. It will be extremely difficult to complete the services in the three (3) referenced countries since there are no other known private process servers who will accept assignments from entities in the United States of America, and due to the political situation in the region. We, and others in our industry, have previously had difficulty locating competent process servers in Saudi Arabia and United Arab Emirates. During the past 8 years, we have only found two (2) process servers in the region who will serve legal documents. The other process server who we have used in the past cannot be located. Persons who engage in investigative and legal support activities in that region are very unreliable and have proved to be untrustworthy in their business dealings with entities

1 | from the United States and other Western nations.

2 | I declare and can competently testify, under penalty of perjury of the laws of the United States of
3 | America, that the foregoing is true and correct. Executed on March 14, 2003, at Los Angeles, CA.

4 | *[signature]*

5 | Nelson Tucker