**Exhibit 5**

Defendants' Motion to Strike

03 MDL No. 1570 (RCC) / C.A. No. 03-CV-9849 (RCC)

## HANLY CONROY BIERSTEIN & SHERIDAN LLP
415 MADISON AVENUE
NEW YORK, NEW YORK 10017-1111
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 401-7556
JAYNE CONROY (NY, DC & MA)
(212) 401-7555
CLINTON B. FISHER (NY & DC)
(212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
(212) 401-7550
THOMAS I. SHERIDAN, III (NY)
(212) 401-7602

TELEPHONE (MAIN)
(212) 401-7600

TELECOPIER
(212) 401-7635

**VIA EMAIL AND MAIL**

August 24, 2004

Lynne Bernabei, Esq.
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139

Re:   *In re Terrorist Attacks of September 11, 2001*, MDL 1570

Dear Lynne:

I write in response to your letter dated July 26, 2004, and the Rule 11 motion that you enclosed with it. As I understand it, the thrust of your Rule 11 motion is that, with respect to five of the defendants you represent, Saudi Arabian Red Crescent Society, Hamad Al-Husaini, Salman Al-Oadah, Safer Al-Hawali, and Saleh Al-Hussayen, you contend that we represented to the Court that these individuals were named in the motion for leave to serve by publication that resulted in Judge Robertson's order authorizing service by publication in March, 2003 (the "Publication Motion"), when in fact, their names did not appear on the list submitted to the Court at that time.

Since receiving your letter and the enclosed papers, we have made a thorough investigation in an effort to understand exactly what occurred here. We have learned that the copy of the Publication Motion that we attached as Exhibit 4 to our opposition to the Batterjee motion was the copy that was maintained in plaintiffs' counsel's files, which we believed to be an accurate copy of what had been filed with the court. We now understand that Exhibit A on this copy was not, in fact, the same as the Exhibit A that was filed with the D.C. court in March, 2003. We believe that Exhibit A must have been updated at some point in connection with the transmittal to the various publications of the relevant names and the document was not renamed to reflect that it had been changed. I can assure you that, until you called it to our attention, we were entirely unaware that the Exhibit A that we attached in opposition to your motions to dismiss was the updated one, and not the original exhibit as filed with the D.C. court in 2003.

That this mistake was inadvertent should be apparent from the briefs we filed in opposition to the various motions to dismiss. In opposition to the motion filed by Salman Al-

HANLY CONROY BIERSTEIN & SHERIDAN <sup>LLP</sup>

Lynne Bernabei, Esq
August 24, 2004                                                                                                                      Page 2

Oadah, we did not (contrary to what is stated in your Rule 11 motion) argue that Mr. Al-Oadah's name appeared on the list submitted to Judge Robertson. Rather, we argued:

> Al-Oadah argues that because his name does not appear on Exhibit A to the March 24, 2003 motion, plaintiffs did not obtain court permission to serve him by publication. Al-Oadah's argument ignores reality and misconstrues the instructions from the Court. Plaintiffs requested leave to serve by publication any defendants in the Gulf States region, which included those specifically listed defendants located in Saudi Arabia, Sudan and United Arab Emirates and defendants subsequently added from that geographical area. The motion set out the necessity of doing so based on the Affidavit of Nelson Tucker, Plaintiffs' process server. The Court, by granting the Plaintiffs' motion on March 25, 2003, indicated that it was appropriate for the plaintiffs to attempt to serve any defendants, including those subsequently added, in Saudi Arabia, Sudan and United Arab Emirates, by publication. Given the circumstances set out in the Tucker Affidavit, it was the only reasonable course of action. On May 2, 2003, Plaintiffs properly added Al-Oadah, who lives in Saudi Arabia, as a defendant by the procedure prescribed by the Court. Plaintiffs then served Al-Oadah by publication, in compliance with the Court's Order of March 25, 2003.

Thus, with respect to Mr. Al-Oadah we did not argue that his name was listed in the exhibit, but rather argued that the import of Judge Robertson's order was to permit us to serve by publication both "specifically listed defendants located in Saudi Arabia, Sudan and United Arab Emirates *and defendants subsequently added from that geographical area.*" (Emphasis added.) Moreover, this was the same argument that we had made in December, 2003, with respect to another defendant served by publication whose name had not been listed in the March, 2003, Mohammad Abdullah Al Jomaih.[1] Plainly, we made no secret of the fact that additional names had been added to the publication notice and were quite prepared to defend our position with respect to such added defendants. We were simply mistaken as to which category certain of the defendants fell into. We apologize for that error.

Although our mistake was entirely inadvertent, we believe that, pursuant to Fed.R.Civ.P. 11(c)(1)(A), corrected filings would be appropriate. Accordingly, we will file a corrected Exhibit 4 to our opposition to Shahir Batterjee motion and also will file corrected memoranda of law in opposition to the motions filed by Saudi Arabian Red Crescent Society, Hamad Al-Hussaini, Safer Al-Hawali, and Saleh Al-Hussayen. (Note that we do not believe that any

---

[1] This argument contrasts with the argument that we made with respect to defendants whose names unquestionably were listed in our March, 2003, motion. As to Shahir Batterjee, for example, we asserted: "plaintiffs asked for permission to serve by publication defendants that were listed in the Exhibit A attached to the motion, which included Batterjee."

HANLY CONROY BIERSTEIN & SHERIDAN LLP

Lynne Bernabei, Esq
August 24, 2004                                                                                                        Page 3

corrected filing is necessary with respect to Mr. Al-Oadah, since our memorandum did not assert that his name was listed in the March, 2003 filing. We also note that although Saleh Al-Hussayen was not listed in the March, 2003 filing, your memorandum of law in support of his motion to dismiss asserted that he was, stating: "After obtaining Judge Robertson's approval, plaintiffs subsequently published a modified version of this notice which listed the thirty-six (36) names that appeared in the original order approved by Judge Robertson, *including the name of Sheikh Al-Hussayen*, as well as eleven (11) names not approved by Judge Robertson." (Emphasis added.) Because our opposition repeated the error, we will file a corrected one.)

Finally, I would like to add that the error that was made here could have been corrected more quickly and with much less time expended on all sides had you simply called us to alert us to the mistake. That you chose instead to bring this to our attention, in the first instance, with a Rule 11 motion was unfortunate. I hope that in the future, there will be better communication and that you will alert us to issues before resorting to such drastic measures. If you have any questions or would like to discuss this further, please call me at 212-401-7556.

Sincerely,

Andrea Bierstein