**Exhibit 6**

Defendants' Motion to Strike

03 MDL No. 1570 (RCC) / C.A. No. 03-CV-9849 (RCC)

LAW OFFICES
## BERNABEI & KATZ, PLLC
1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

LYNNE BERNABEI
DEBRA S. KATZ○
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
AVI L. KUMIN◊
RASHIDA A. ADAMS✧
RENEE SERVANCE◆

(202) 745-1942
TELECOPIER (202) 745-2627
E-Mail: BERKATZLAW@AOL.COM
Website: www.bernabeiandkatz.com

OF COUNSEL:
PATRICIA IRELAND✩
DAVID J. MARSHALL

+ADMITTED IN MD ALSO
○ADMITTED IN NY ALSO
◊ADMITTED IN CA ALSO
✧ADMITTED IN MA ALSO
✩ADMITTED IN FL ONLY
◆ADMITTED IN WI ONLY

By Telecopier and First Class Mail
September 1, 2004

Ronald L. Motley, Esquire
Michael E. Elsner, Esquire
Motley Rice, P.A.
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, S.C. 29465

Paul J. Hanly, Jr., Esquire
Jane Conroy, Esquire
Andrea Bierstein, Esquire
Hanly Conroy Bierstein & Sheridan, LLP
415 Madison Avenue, 15th Floor
New York, NY 10017-1111

Harry Huge, Esquire
Harry Huge Law Firm LLP
1401 Ninth Street, N.W., Suite 450
Washington, D.C. 20004-2142

Re:   *In re* Terrorist Attacks on Sept. 11, 2001, No. 03 MDL 1570 (RCC);
      Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, No. 03-CV-9840 (RCC)

Dear Counsel:

I am writing in response to Ms. Bierstein's letter of August 24, 2004, regarding the draft Notice of Defendants' Motion for Rule 11 Sanctions Against Plaintiffs' Counsel (July 26, 2004).

Plaintiffs have offered no legitimate explanation for the fabrication of Exhibit A to the plaintiffs' motion for service by publication. In fact, the letter of August 24, 2004 from Andrea Bierstein admits that Exhibit A was intentionally altered from the Exhibit A that was originally filed with the Court in this litigation. There can be no claim that this was "unintentional" or

Ronald L. Motley, Esquire
Paul J. Hanly, Jr., Esquire
Harry Huge, Esquire
September 1, 2004
Page 2

"inadvertent." Ms. Bierstein's statement that the version of Exhibit A that was submitted to Judge Casey "must have been updated at some point in connection with the transmittal to the various publications of the relevant names," see Letter from A. Bierstein to L. Bernabei, at 1 (Aug. 24, 2004), is disingenuous. There would be no reason whatsoever for a document in the form of "Exhibit A" to be sent to newspapers or process servers. As you further know, Judge Robertson ruled on plaintiffs' motion to serve by publication with an Exhibit A that listed substantially different names than those on the Exhibit A that plaintiffs' counsel presented to Judge Casey.

There is still no explanation for the filing of the fabricated Exhibit A other than plaintiffs' counsel's attempt to gain a litigation advantage. Plaintiffs' counsel obviously hoped that defendants' counsel would not catch this evasion. They should not be rewarded for fraudulent behavior. Otherwise, a party could avoid Rule 11 sanctions merely by filing a corrected brief which would only be required if the opposing party had detected the deception, as happened here. The U.S. Court of Appeals for the Second Circuit has made clear that, under Rule 11, "this Court will not countenance belated rationalizations concocted to conceal chicanery." United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Amer., AFL-CIO, 948 F.2d 1338, 1344 (2d Cir. 1991); accord International Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388 (2d Cir. 1989) (affirming Rule 11 sanctions against plaintiff's counsel since his "arguments are examples of '*post hoc* sleight of hand' calculated to make plausible very tenuous jurisdictional claims.").[1]

Ms. Bierstein's representations regarding service of process on Salman Al-Oadah are similarly disingenuous and misrepresent the plaintiffs' motion for service by publication, which did *not* request leave to include subsequently-added defendants to the list of defendants to be served by publication. Instead, plaintiffs' motion only sought leave for an enlargement of time to serve such defendants.

The only appropriate remedy under Rule 11(c), Fed. R. Civ. P., is for plaintiffs to withdraw their Oppositions to the Motions to Dismiss filed by Defendants Saudi Arabian Red Crescent Society (D211), Hamad Al-Husaini (D209), Salman Al-Oadah (D220), Safer Al-Hawali (D221), and Saleh Al-Hussayen (D222), and for plaintiffs to reimburse defendants for the attorneys' fees and costs of preparing the reply briefs and the Rule 11 motion.

---

[1] The N.Y. Supreme Court, Appellate Division, recently held that disbarment was the only appropriate remedy for an attorney who forged and altered documents that were filed with the court. See *In re* Bunting, No. 2002-05207, ___ A.D.2d ___, ___ N.Y.S.2d ___, 2004 WL 18790505 (N.Y. App. Div. Aug. 23, 2004).

Ronald L. Motley, Esquire
Paul J. Hanly, Jr., Esquire
Harry Huge, Esquire
September 1, 2004
Page 3

    If plaintiffs' counsel do not withdraw their oppositions, and thereby treat the motions as conceded, defendants' counsel will have no choice but to file their Rule 11 motion.

                          Sincerely,

                          Lynne Bernabei
                          Attorney for Defendants
                            Saudi Arabian Red Crescent Society (D211),
                            Hamad Al-Husaini (D209), Salman Al-Oadah (D220),
                            Safer Al-Hawali (D221), and Saleh Al-Hussayen (D222)

cc: *MDL-1570* Counsel (by e-mail)