**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) <br> ECF Case |

*This document relates to:*
Federal Insurance Co. v. al Qaida, 03 CV 06978 (RCC)

**PLAINTIFFS' SUPPLEMENTAL PLEADING IDENTIFYING ADDITIONAL**
**PLAINTIFFS PURSUANT TO F.R.C.P. 15(d) AND PARAGRAPH 12 OF CASE**
**MANAGEMENT ORDER NO. 2**

The above-captioned plaintiffs, by and through their attorneys, Cozen O'Connor hereby

supplement their First Amended Complaint identifying additional plaintiffs pursuant to Federal

Rule of Civil Procedure 15(d) and Paragraph 12 of Case Management Order No. 2, and do

hereby allege the following:

1.      Additional plaintiff, China America Insurance Company Limited ("China

Insurance"), is a corporation organized and existing under the laws of Bermuda, with a principal

place of business located at 70 Pine Street, New York, New York 10270.  At all times material

hereto, China Insurance was engaged in the business of issuing policies of insurance.

2.      At the time of the September 11th Attack, additional plaintiff China Insurance

provided insurance coverage to the corporations, companies, partnerships, affiliations, persons,

trusts and other parties identified in column A of Exhibit VV hereto, relative to property and/or

business interests located at the corresponding address identified in Column B of Exhibit VV.[1]

In accordance with the terms of the applicable policies of insurance, additional plaintiff China

Insurance has made payments to the insureds identified in Exhibit VV in an aggregate amount in

---

[1] Exhibit VV is expressly incorporated herein by reference.

excess of $3,590,140.00, as set forth in greater detail in Column D of Exhibit VV, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff China Insurance is subrogated to its insureds' rights of recovery against any responsible third parties.

3.       Additional plaintiff,  American International Specialty Lines Insurance Company ("Specialty Lines"), is a corporation organized and existing under the laws of Alaska, with a principal place of business located at  175 Water Street, New York, New York 10038.  At all times material hereto, Specialty Lines was engaged in the business of issuing policies of insurance.

4.       At the time of the September 11th Attack, additional plaintiff Specialty Lines provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit WW hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit WW.[2] In accordance with the terms of the applicable policies of insurance, additional plaintiff Specialty Lines has made payments to the insureds identified in Exhibit WW in an aggregate amount in excess of $15,183,595.00, as set forth in greater detail in Column D of Exhibit WW, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Specialty Lines is subrogated to its insureds' rights of recovery against any responsible third parties.

5.       Additional plaintiff, AIU Insurance Company ("AIU"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at

---

[2] Exhibit WW is expressly incorporated herein by reference.

70 Pine Street, New York, New York 10270.  At all times material hereto, AIU was engaged in the business of issuing policies of insurance.

6.      At the time of the September 11th Attack, additional plaintiff AIU provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit XX hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit XX.[3]  In accordance with the terms of the applicable policies of insurance, additional plaintiff AIU has made payments to the insureds identified in Exhibit XX, as set forth in greater detail in Column D of Exhibit XX, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff AIU is subrogated to its insureds' rights of recovery against any responsible third parties.

7.      Additional plaintiff, Commerce and Industry Insurance Company (Commerce of New York"), is a corporation organized and existing under the laws of  the State of New York, with a principal place of business located at 70 Pine Street, New York, New York 10270.  At all times material hereto, Commerce of New York was engaged in the business of issuing policies of insurance.

8.      At the time of the September 11th Attack, additional plaintiff Commerce of New York provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit YY hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit YY.[4]  In accordance with the terms of the applicable policies of insurance, additional plaintiff Commerce of New York has made payments to the insureds identified in Exhibit YY in an

---

[3] Exhibit XX is expressly incorporated herein by reference.
[4] Exhibit ZZ is expressly incorporated herein by reference.

aggregate amount in excess of $2,563,997.00, as set forth in greater detail in Column D of Exhibit YY, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Commerce of New York is subrogated to its insureds' rights of recovery against any responsible third parties.

9.     Additional plaintiff, Granite State Insurance Company ("Granite"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 70 Pine Street, New York, New York 10270.  At all times material hereto, Granite was engaged in the business of issuing policies of insurance.

10.    At the time of the September 11th Attack, additional plaintiff Granite provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit ZZ hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit ZZ.[5]  In accordance with the terms of the applicable policies of insurance, additional plaintiff Granite has made payments to the insureds identified in Exhibit ZZ in an aggregate amount in excess of $260,291,000.00, as set forth in greater detail in Column D of Exhibit ZZ, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Granite is subrogated to its insureds' rights of recovery against any responsible third parties.

11.    Additional plaintiff, American Home Assurance Company ("American Home"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 70 Pine Street, New York, New York 10270.  At all times material hereto, American Home was engaged in the business of issuing policies of insurance.

---

[5] Exhibit ZZ is expressly incorporated herein by reference.

12.     At the time of the September 11th Attack, additional plaintiff American Home provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit AAA hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit AAA.[6] In accordance with the terms of the applicable policies of insurance, additional plaintiff American Home has made payments to the insureds identified in Exhibit AAA in an aggregate amount in excess of $106,543,598.00, as set forth in greater detail in Column D of Exhibit AAA, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff American Home is subrogated to its insureds' rights of recovery against any responsible third parties.

13.     Additional plaintiff, American Home Assurance Company (Canada) ("American Home-Canada"), is a corporation organized and existing under the laws Canada, with a principal place of business located at 145 Wellington Street, W, Toronto, M5J, 1H8, Ontario, Canada.  At all times material hereto, American Home-Canada was engaged in the business of issuing policies of insurance.

14.     At the time of the September 11th Attack, additional plaintiff American Home-Canada  provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit BBB hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit BBB.[7]  In accordance with the terms of the applicable policies of insurance, additional plaintiff American Home-Canada has made payments to the insureds identified in Exhibit BBB in an aggregate amount in excess of $400,468,461.00, as set forth in greater detail in Column D

---

[6] Exhibit AAA is expressly incorporated herein by reference.
[7] Exhibit BBB is expressly incorporated herein by reference.

of Exhibit BBB, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff American Home-Canada is subrogated to its insureds' rights of recovery against any responsible third parties.

15.     Additional plaintiff, Birmingham Fire Insurance Company of Pennsylvania ("Birmingham Fire"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 70 Pine Street, New York, New York 01270.  At all times material hereto, Birmingham Fire was engaged in the business of issuing policies of insurance.

16.     At the time of the September 11th Attack, additional plaintiff Birmingham Fire provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit CCC hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit CCC.[8] In accordance with the terms of the applicable policies of insurance, additional plaintiff Birmingham Fire has made payments to the insureds identified in Exhibit CCC, as set forth in greater detail in Column D of Exhibit CCC, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Birmingham Fire is subrogated to its insureds' rights of recovery against any responsible third parties.

17.     Additional plaintiff, Commerce and Industry Insurance Company of Canada ("Commerce of Canada"), is a corporation organized and existing under the laws of Ontario, Canada, with a principal place of business located at 145 Wellington Street, W, Toronto, M5J,

---

[8] Exhibit CCC is expressly incorporated herein by reference.

1H8, Ontario, Canada.  At all times material hereto, Commerce of Canada was engaged in the business of issuing policies of insurance.

18.     At the time of the September 11th Attack, additional plaintiff Commerce of Canada provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit DDD hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit DDD.[9]  In accordance with the terms of the applicable policies of insurance, additional plaintiff Commerce of Canada has made payments to the insureds identified in Exhibit DDD in an aggregate amount in excess of $27,067.00, as set forth in greater detail in Column D of Exhibit DDD, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Commerce of Canada is subrogated to its insureds' rights of recovery against any responsible third parties.

19.     Additional plaintiff, Illinois National Insurance Company ("Illinois National"), is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 500 West Madison Street, Chicago, Illinois 60606.  At all times material hereto, Illinois National was engaged in the business of issuing policies of insurance.

20.     At the time of the September 11th Attack, additional plaintiff Illinois National provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit EEE hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit EEE.[10]  In accordance with the terms of the applicable policies of insurance, additional plaintiff Illinois National has made payments to the insureds identified in Exhibit EEE in an aggregate amount in

---

[9] Exhibit DDD is expressly incorporated herein by reference.
[10] Exhibit EEE is expressly incorporated herein by reference.

excess of $10,660.00, as set forth in greater detail in Column D of Exhibit EEE, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Illinois National is subrogated to its insureds' rights of recovery against any responsible third parties.

21.     Additional plaintiff, Lexington Insurance Company ("Lexington"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 200 State Street, Boston, Massachusetts 02109.  At all times material hereto, Lexington was engaged in the business of issuing policies of insurance.

22.     At the time of the September 11th Attack, additional plaintiff Lexington provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit FFF hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit FFF.[11]  In accordance with the terms of the applicable policies of insurance, additional plaintiff Lexington has made payments to the insureds identified in Exhibit FFF in an aggregate amount in excess of $158,317,791.00, as set forth in greater detail in Column D of Exhibit FFF, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Lexington is subrogated to its insureds' rights of recovery against any responsible third parties.

23.     Additional plaintiff, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union Pittsburgh"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 175 Water Street, New York, New York 10038.  At all times material hereto, National Union Pittsburgh was engaged in the business of issuing policies of insurance.

_____

[11] Exhibit FFF is expressly incorporated herein by reference.

24.     At the time of the September 11th Attack, additional plaintiff National Union Pittsburgh provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit GGG hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit GGG.[12]  In accordance with the terms of the applicable policies of insurance, additional plaintiff National Union Pittsburgh has made payments to the insureds identified in Exhibit GGG in an aggregate amount in excess of $26,647,699.00, as set forth in greater detail in Column D of Exhibit GGG, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff National Union Pittsburgh is subrogated to its insureds' rights of recovery against any responsible third parties.

25.     Additional plaintiff, New Hampshire Insurance Company ("New Hampshire"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 70 Pine Street, New York, New York 10270.  At all times material hereto, New Hampshire was engaged in the business of issuing policies of insurance.

26.     At the time of the September 11th Attack, additional plaintiff New Hampshire provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit HHH hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit HHH.[13] In accordance with the terms of the applicable policies of insurance, additional plaintiff New Hampshire has made payments to the insureds identified in Exhibit HHH in an aggregate amount in excess of $2,400,000.00, as set forth in greater detail in Column D of Exhibit HHH, and expects that it will make additional payments in the future, in compensation for damages

---

[12] Exhibit GGG is expressly incorporated herein by reference.
[13] Exhibit HHH is expressly incorporated herein by reference.

resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff New Hampshire is subrogated to its insureds' rights of recovery against any responsible third parties.

27.     Additional plaintiff, American Global Insurance Company ("American Global"), is a corporation organized and existing under the laws of the State of New Hampshire, with a principal place of business located at 70 Pine Street, Manchester, New Hampshire 03107.  At all times material hereto, American Global was engaged in the business of issuing policies of insurance.

28.     At the time of the September 11th Attack, additional plaintiff American Global provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit III hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit III.[14] In accordance with the terms of the applicable policies of insurance, additional plaintiff American Global has made payments to the insureds identified in Exhibit III, as set forth in greater detail in Column D of Exhibit III, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff American Global is subrogated to its insureds' rights of recovery against any responsible third parties.

29.     Additional plaintiff, Ace American Insurance Company ("Ace American"), is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 1601 Chestnut Street, Philadelphia, Pennsylvania  19103.  At all times material hereto, Ace American was engaged in the business of issuing policies of insurance.

---

[14] Exhibit III is expressly incorporated herein by reference.

30.     At the time of the September 11th Attack, additional plaintiff Ace American provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit JJJ hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit JJJ.[15] In accordance with the terms of the applicable policies of insurance, additional plaintiff Ace American has made payments to the insureds identified in Exhibit JJJ in an aggregate amount in excess of $47,113,672.00, as set forth in greater detail in Column D of Exhibit JJJ, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Ace American is subrogated to its insureds' rights of recovery against any responsible third parties.

31.     Additional plaintiff, Ace Bermuda Insurance Ltd ("Ace Bermuda"), is a corporation organized and existing under the laws of Bermuda, with a principal place of business located at 17 Woodbourne Avenue, Hamilton, HM 08 Bermuda.  At all times material hereto, Ace Bermuda was engaged in the business of issuing policies of insurance.

32.     At the time of the September 11th Attack, additional plaintiff Ace Bermuda provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit KKK hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit KKK.[16] In accordance with the terms of the applicable policies of insurance, additional plaintiff Ace Bermuda has made payments to the insureds identified in Exhibit KKK, as set forth in greater detail in Column D of Exhibit KKK, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its

---

[15] Exhibit JJJ is expressly incorporated herein by reference.
[16] Exhibit KKK is expressly incorporated herein by reference.

payments to its insureds, additional plaintiff Ace Bermuda is subrogated to its insureds' rights of recovery against any responsible third parties.

33.     Additional plaintiff, ACE INA Insurance Company of Canada ("ACE INA"), is a corporation organized and existing under the laws of Canada, with a principal place of business located at 130 King Street, 12th Floor, Toronto, M5X, 1A6, Ontario, Canada.   At all times material hereto, ACE INA was engaged in the business of issuing policies of insurance.

34.     At the time of the September 11th Attack, additional plaintiff ACE INA provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit LLL hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit LLL.[17]  In accordance with the terms of the applicable policies of insurance, additional plaintiff ACE INA has made payments to the insureds identified in Exhibit LLL in an aggregate amount in excess of $15,431,185.00, as set forth in greater detail in Column D of Exhibit LLL, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff ACE INA is subrogated to its insureds' rights of recovery against any responsible third parties.

35.     Additional plaintiff, ACE Insurance SA-NV ("ACE Insurance") is a corporation organized and existing under the laws of Belgium, with a principal place of business located at Avenue des Nerviensa 9-31,  B 1040 Brussels, Belgium.  At all times material hereto, ACE Insurance was engaged in the business of issuing policies of insurance.

36.     At the time of the September 11th Attack, additional plaintiff ACE Insurance provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit MMM hereto, relative to property

---

[17] Exhibit LLL is expressly incorporated herein by reference.

and/or business interests located at the corresponding address identified in Column B of Exhibit MMM.[18]  In accordance with the terms of the applicable policies of insurance, additional plaintiff ACE INA has made payments to the insureds identified in Exhibit MMM in an aggregate amount in excess of $17,990,692.00, as set forth in greater detail in Column D of Exhibit MMM, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff ACE Insurance is subrogated to its insureds' rights of recovery against any responsible third parties.

37.     Additional plaintiff, ACE Property & Casualty Insurance Company, ("ACE Property & Casualty"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1601 Chestnut Street, Philadelphia, Pennsylvania  19103.  At all times material hereto, ACE Property & Casualty was engaged in the business of issuing policies of insurance.

38.     At the time of the September 11th Attack, additional plaintiff ACE Property & Casualty provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit NNN hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit NNN.[19]  In accordance with the terms of the applicable policies of insurance, additional plaintiff ACE Property & Casualty has made payments to the insureds identified in Exhibit NNN in an aggregate amount in excess of $34,637.00, as set forth in greater detail in Column D of Exhibit NNN, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds,

---

[18] Exhibit MMM is expressly incorporated herein by reference.
[19] Exhibit NNN is expressly incorporated herein by reference.

additional plaintiff ACE Property & Casualty is subrogated to its insureds' rights of recovery against any responsible third parties.

39.    Additional plaintiff, ACE Capital V Ltd for itself and as representative of all subscribing underwriters for ACE Global Markets Syndicate 2488 ("ACE Capital"), is a corporation organized in a State other than a State in which the defendants are domiciled.  Ace Capital has a principal place of business located at 100 Leadenhall St, London, EC3A 3BP United Kingdom.    At all times material hereto, ACE Capital was engaged in the business of issuing policies of insurance.

40.    At the time of the September 11th Attack, additional plaintiff ACE Capital provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit OOO hereto, relative to property and/or business interests located at the corresponding address identified, or events described in Column B of Exhibit OOO.[20]  In accordance with the terms of the applicable policies of insurance, additional plaintiff ACE Capital has made payments to the insureds identified in Exhibit OOO in an aggregate amount in excess of $75,961,137.00, as set forth in greater detail in Column D of Exhibit OOO, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff ACE Capital is subrogated to its insureds' rights of recovery against any responsible third parties.

41.    Additional plaintiff, Atlantic Employers Insurance Company ("Atlantic Employers"), is a corporation organized and existing under the laws of  the State of New Jersey, with a principal place of business located at 1601 Chestnut Street, Philadelphia, Pennsylvania

---

[20] Exhibit OOO is expressly incorporated herein by reference.

14

19103.  At all times material hereto, Atlantic Employers was engaged in the business of issuing policies of insurance.

42.     At the time of the September 11th Attack, additional plaintiff Atlantic Employers provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit PPP hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit PPP.[21] In accordance with the terms of the applicable policies of insurance, additional plaintiff Atlantic Employers has made payments to the insureds identified in Exhibit PPP, as set forth in greater detail in Column D of Exhibit PPP, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff  Atlantic Employers is subrogated to its insureds' rights of recovery against any responsible third parties.

43.     Additional plaintiff, Bankers Standard Insurance Company ("Bankers Standard"), is a corporation organized and existing under the laws of the State of Florida, with a principal place of business located at 1601 Chestnut Street, Philadelphia, Pennsylvania 19103.  At all times material hereto, Bankers Standard was engaged in the business of issuing policies of insurance.

44.     At the time of the September 11th Attack, additional plaintiff Bankers Standard provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit QQQ hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit QQQ.[22] In accordance with the terms of the applicable policies of insurance, additional plaintiff Bankers Standard has made payments to the insureds identified in Exhibit QQQ in an aggregate amount

---

[21] Exhibit PPP is expressly incorporated herein by reference.
[22] Exhibit QQQ is expressly incorporated herein by reference.

in excess of $23,250,000.00, as set forth in greater detail in Column D of Exhibit QQQ, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Bankers Standard is subrogated to its insureds' rights of recovery against any responsible third parties.

45.     Additional plaintiff, Indemnity Insurance Company of North America ("Indemnity of North America"), is a corporation organized and existing under the laws of  the state of Connecticut, with a principal place of business located at 1601 Chestnut Street, Philadelphia, PA 19103.   At all times material hereto, Indemnity of North America was engaged in the business of issuing policies of insurance.

46.     At the time of the September 11th Attack, additional plaintiff Indemnity of North America provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit RRR hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit RRR.[23]  In accordance with the terms of the applicable policies of insurance, additional plaintiff Indemnity of North America has made payments to the insureds identified in Exhibit RRR in an aggregate amount in excess of $7,296,710.00, as set forth in greater detail in Column D of Exhibit RRR, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Indemnity of North America is subrogated to its insureds' rights of recovery against any responsible third parties.

47.     Additional plaintiff, Insurance Company of North America ("INA"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a

---

[23] Exhibit RRR is expressly incorporated herein by reference.

principal place of business located at 1601 Chestnut Street, Philadelphia, PA 19103.   At all times material hereto,  INA was engaged in the business of issuing policies of insurance.

48.     At the time of the September 11th Attack, additional plaintiff INA provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit SSS hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit SSS [24]  In accordance with the terms of the applicable policies of insurance, additional plaintiff INA has made payments to the insureds identified in Exhibit SSS in an aggregate amount in excess of $78,692.00, as set forth in greater detail in Column D of Exhibit SSS, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff INA is subrogated to its insureds' rights of recovery against any responsible third parties.

49.     Additional plaintiff, Westchester Fire Insurance Company ("Westchester Fire"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 1133 Avenue of Americas, 32nd Floor, New York, New York 10036. At all times material hereto, Westchester Fire was engaged in the business of issuing policies of insurance.

50.     At the time of the September 11th Attack, additional plaintiff Westchester Fire provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit TTT hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit TTT.[25] In accordance with the terms of the applicable policies of insurance, additional plaintiff Westchester Fire has made payments to the insureds identified in Exhibit TTT in an aggregate

---

[24] Exhibit SSS is expressly incorporated herein by reference.
[25] Exhibit TTT is expressly incorporated herein by reference.

amount in excess of $14,079,230.00, as set forth in greater detail in Column D of Exhibit TTT, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Westchester Fire is subrogated to its insureds' rights of recovery against any responsible third parties.

51.    Additional plaintiff, Westchester Surplus Lines Insurance Co.("Westchester Surplus Lines"), is a corporation organized and existing under the laws of the State of Hawaii, with a principal place of business located at Six Concourse Parkway, Suite 2500, Atlanta, Georgia 30328.  At all times material hereto, Westchester Surplus Lines was engaged in the business of issuing policies of insurance.

52.    At the time of the September 11th Attack, additional plaintiff Westchester Surplus Lines provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit UUU hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit UUU.[26]  In accordance with the terms of the applicable policies of insurance, additional plaintiff Westchester Surplus Lines has made payments to the insureds identified in Exhibit UUU in an aggregate amount in excess of $12,705,000.00, as set forth in greater detail in Column D of Exhibit UUU, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff Westchester Surplus Lines is subrogated to its insureds' rights of recovery against any responsible third parties.

53.    Additional plaintiff, TIG Insurance Company ("TIG"), is a corporation organized and existing under the laws of the State of California, with a principal place of business located

---

[26] Exhibit UUU is expressly incorporated herein by reference.

at 5205 N. O'Connor Boulevard, Irving, Texas 75105.   At all times material hereto, TIG was engaged in the business of issuing policies of insurance.

54.    At the time of the September 11th Attack, additional plaintiff TIG provided insurance coverage to the corporations, companies, partnerships, affiliations, persons, trusts and other parties identified in column A of Exhibit VVV hereto, relative to property and/or business interests located at the corresponding address identified in Column B of Exhibit VVV.[27]  In accordance with the terms of the applicable policies of insurance, additional plaintiff TIG has made payments to the insureds identified in Exhibit VVV in an aggregate amount in excess of $76,211,229.00, as set forth in greater detail in Column D of Exhibit VVV, and expects that it will make additional payments in the future, in compensation for damages resulting from the September 11th Attack.  By virtue of its payments to its insureds, additional plaintiff TIG is subrogated to its insureds' rights of recovery against any responsible third parties.

55.    Additional plaintiff, Woburn Insurance Ltd ("Woburn"), is a corporation organized and existing under the laws of Bermuda, with a principal place of business located at Craig Appin House, 8 Wesley Street, Hamilton, HM JX, Bermuda.   At all times material hereto, Woburn was engaged in the business of issuing policies of insurance.

56.    At the time of the September 11th Attack, additional plaintiff Woburn provided insurance coverage to Viacom, Inc. and other named or additional insureds relative to property and/or business interests,  business interruption and extraordinary expenses at the World Trade Center Complex, New York, NY.  In accordance with the terms of the applicable policies of insurance, additional plaintiff Woburn has made payments to its aforesaid insured(s) arising from the September 11th Attack in an aggregate amount of $8,750,000.00.  By virtue of its payments

---

[27] Exhibit VVV is expressly incorporated herein by reference.

to its insureds, additional plaintiff Woburn is subrogated to its insured(s)' rights of recovery against any responsible third parties.

57.    At the time of the September 11th Attack, additional plaintiff AIU provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit WWW hereto, for the benefit of the employees identified in Column B of Exhibit WWW, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit WWW.[28]  As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit WWW were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff AIU has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit WWW (hereinafter "claimants").  Additional plaintiff AIU may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff AIU is subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

58.    To the extent required by the applicable workers' compensation statute, additional plaintiff AIU has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against

---

[28] Exhibit WWW is expressly incorporated herein by reference.

the defendants to the Additional Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff AIU pursuant to the applicable workers' compensation statute.

59.    At the time of the September 11th Attack, additional plaintiff Granite provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit XXX hereto, for the benefit of the employees identified in Column B of Exhibit XXX, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit XXX.[29]   As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit XXX were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff Granite has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit XXX (hereinafter "claimants").  Additional plaintiff Granite may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff Granite is subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

60.    To the extent required by the applicable workers' compensation statute, additional plaintiff Granite has provided the requisite notice to claimants, in writing via certified or

---

[29] Exhibit XXX is expressly incorporated herein by reference.

registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff Granite pursuant to the applicable workers' compensation statute.

61.     At the time of the September 11th Attack, additional plaintiff American Global provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit YYY hereto, for the benefit of the employees identified in Column B of Exhibit YYY, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit YYY.[30]   As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit YYY were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff American Global has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit YYY (hereinafter "claimants").  Additional plaintiff American Global may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff American Global is subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

---

[30] Exhibit YYY is expressly incorporated herein by reference.

62.     To the extent required by the applicable workers' compensation statute, additional plaintiff American Global has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff American Global pursuant to the applicable workers' compensation statute.

63.     At the time of the September 11th Attack, additional plaintiff American Home provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit ZZZ hereto, for the benefit of the employees identified in Column B of Exhibit ZZZ, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit ZZZ.[31]  As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit ZZZ were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff American Home has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit ZZZ (hereinafter "claimants").  Additional plaintiff American Home may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff American

---

[31] Exhibit ZZZ is expressly incorporated herein by reference.

Home is subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

64.     To the extent required by the applicable workers' compensation statute, additional plaintiff American Home has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff American Home pursuant to the applicable workers' compensation statute.

65.     At the time of the September 11th Attack, additional plaintiff Commerce of New York provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit AAAA hereto, for the benefit of the employees identified in Column B of Exhibit AAAA, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit AAAA.[32]   As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit AAAA were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff Commerce of New York has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D

---

[32] Exhibit AAAA is expressly incorporated herein by reference.

of Exhibit AAAA (hereinafter "claimants").  Additional plaintiff Commerce of New York may

be obligated to make future payments of workers' compensation benefits to, or on behalf of

certain claimants, for which a claim is made herein.  By virtue of the payments described above,

additional plaintiff Commerce of New York is subrogated to any right, claim, demand  or cause

of action that exists or may exist for the benefit of those claimants and employers arising from

the September 11th Attack and resulting injuries or death to claimants' decedents.

66.     To the extent required by the applicable workers' compensation statute, additional

plaintiff Commerce of New York has provided the requisite notice to claimants, in writing via

certified or registered mail, that their failure to commence an action against the defendants

within the specific statutorily prescribed time limit would operate as an assignment of their cause

of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such

an action and the cause of action against the defendants to recover damages for injuries or death

to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly

assigned to additional plaintiff Commerce of New York pursuant to the applicable workers'

compensation statute.

67.     At the time of the September 11th Attack, additional plaintiff Illinois National

provided workers' compensation insurance coverage to the employers identified in Column A of

Exhibit BBBB hereto, for the benefit of the employees identified in Column B of Exhibit BBBB,

in accordance with the workers' compensation laws of the States identified in Column C of

Exhibit BBBB.[33]   As a result of the September 11th Attack, while in the course and scope of

their employment, the employees identified in Column B of Exhibit BBBB were injured or

killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable

policies of insurance, additional plaintiff Illinois National has made workers' compensation

---

[33] Exhibit BBBB is expressly incorporated herein by reference.

benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit BBBB (hereinafter "claimants").  Additional plaintiff Illinois National may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff Illinois National is subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

68.     To the extent required by the applicable workers' compensation statute, additional plaintiff Illinois National has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff Illinois National pursuant to the applicable workers' compensation statute.

69.     Additional plaintiff, The Insurance Company of the State of Pennsylvania ("Insurance Company of PA"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at  70 Pine Street, New York, New York 10270.  At all times material hereto, Insurance Company of Pa. was engaged in the business of issuing policies of insurance.

70.     At the time of the September 11th Attack, additional plaintiff Insurance Company of PA provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit CCCC hereto, for the benefit of the employees identified in Column B of Exhibit CCCC, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit CCCC.[34]   As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit CCCC were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff Insurance Company of PA has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit CCCC (hereinafter "claimants").  Additional plaintiff Insurance Company of PA may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff Insurance Company of PA is subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

71.     To the extent required by the applicable workers' compensation statute, additional plaintiff Insurance Company of PA has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such

---

[34] Exhibit CCCC is expressly incorporated herein by reference.

an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff Insurance Company of PA pursuant to the applicable workers' compensation statute.

72.     At the time of the September 11th Attack, additional plaintiff National Union Pittsburgh provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit DDDD hereto, for the benefit of the employees identified in Column B of Exhibit DDDD, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit DDDD.[35]   As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit DDDD were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff National Union Pittsburgh has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit DDDD (hereinafter "claimants").  Additional plaintiff National Union Pittsburgh may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff National Union Pittsburgh is subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

---

[35] Exhibit DDDD is expressly incorporated herein by reference.

73.     To the extent required by the applicable workers' compensation statute, additional plaintiff National Union Pittsburgh has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff National Union Pittsburgh pursuant to the applicable workers' compensation statute.

74.     At the time of the September 11th Attack, additional plaintiff New Hampshire provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit EEEE hereto, for the benefit of the employees identified in Column B of Exhibit EEEE, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit EEEE.[36]  As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit EEEE were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff New Hampshire has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit EEEE (hereinafter "claimants").  Additional plaintiff New Hampshire may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff New

---

[36] Exhibit EEEE is expressly incorporated herein by reference.

Hampshire is subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

75.     To the extent required by the applicable workers' compensation statute, additional plaintiff New Hampshire has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff New Hampshire pursuant to the applicable workers' compensation statute.

76.     At the time of the September 11th Attack, additional plaintiff Ace American provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit FFFF hereto, for the benefit of the employees identified in Column B of Exhibit FFFF, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit FFFF.[37]  As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit FFFF were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff Ace American has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit FFFF (hereinafter

---

[37] Exhibit FFFF is expressly incorporated herein by reference.

"claimants").  Additional plaintiff Ace American may be obligated to make future payments of

workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made

herein.  By virtue of the payments described above, additional plaintiff Ace American is

subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit

of those claimants and employers arising from the September 11th Attack and resulting injuries

or death to claimants' decedents.

77.    To the extent required by the applicable workers' compensation statute, additional

plaintiff Ace American has provided the requisite notice to claimants, in writing via certified or

registered mail, that their failure to commence an action against the defendants within the

specific statutorily prescribed time limit would operate as an assignment of their cause of action

against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action

and the cause of action against the defendants to recover damages for injuries or death to

claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly

assigned to additional plaintiff Ace American pursuant to the applicable workers' compensation

statute.

78.    At the time of the September 11th Attack, additional plaintiff Indemnity of North

America provided workers' compensation insurance coverage to the employers identified in

Column A of Exhibit GGGG hereto, for the benefit of the employees identified in Column B of

Exhibit GGGG, in accordance with the workers' compensation laws of the States identified in

Column C of Exhibit GGGG.[38]   As a result of the September 11th Attack, while in the course

and scope of their employment, the employees identified in Column B of Exhibit GGGG were

injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the

applicable policies of insurance, additional plaintiff Indemnity of North America has made

---

[38] Exhibit GGGG is expressly incorporated herein by reference.

workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit GGGG (hereinafter "claimants").  Additional plaintiff Indemnity of North America may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff Indemnity of North America is subrogated to any right, claim, demand  or cause of action that exists or may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

79.     To the extent required by the applicable workers' compensation statute, additional plaintiff Indemnity of North America has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff Indemnity of North America pursuant to the applicable workers' compensation statute.

80.     Additional plaintiff, Ace Indemnity Insurance Company ("Ace Indemnity"), is a corporation organized and existing under the laws of the State of Alaska, with a principal place of business located at 1601 Chestnut Street, Philadelphia, Pennsylvania  19103.  At all times material hereto, Ace Indemnity was engaged in the business of issuing policies of insurance.

81.     At the time of the September 11th Attack, additional plaintiff Ace Indemnity

provided workers' compensation insurance coverage to the employers identified in Column A of

Exhibit HHHH hereto, for the benefit of the employees identified in Column B of Exhibit

HHHH, in accordance with the workers' compensation laws of the States identified in Column C

of Exhibit HHHH.[39]   As a result of the September 11th Attack, while in the course and scope of

their employment, the employees identified in Column B of Exhibit HHHH were injured or

killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable

policies of insurance, additional plaintiff Ace Indemnity has made workers' compensation

benefit payments, including, but not limited to, payments for medical bills, funeral expenses,

death benefits and wage replacement benefits to, or on behalf of, either injured employees,

dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit

HHHH (hereinafter "claimants").  Additional plaintiff Ace Indemnity may be obligated to make

future payments of workers' compensation benefits to, or on behalf of certain claimants, for

which a claim is made herein.  By virtue of the payments described above, additional plaintiff

Ace Indemnity is subrogated to any right, claim, demand  or cause of action that exists or may

exist for the benefit of those claimants and employers arising from the September 11th Attack and

resulting injuries or death to claimants' decedents.

82.     To the extent required by the applicable workers' compensation statute, additional

plaintiff Ace Indemnity has provided the requisite notice to claimants, in writing via certified or

registered mail, that their failure to commence an action against the defendants within the

specific statutorily prescribed time limit would operate as an assignment of their cause of action

against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action

and the cause of action against the defendants to recover damages for injuries or death to

_____

[39] Exhibit HHHH is expressly incorporated herein by reference.

claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff Ace Indemnity pursuant to the applicable workers' compensation statute.

83.     Additional plaintiff, Pacific Employers Insurance Company ("Pacific Employers"), is a corporation organized and existing under the laws of  the State of Connecticut, with a principal place of business located at 1 Beaver Valley Road, Wilmington, Delaware 19803.  At all times material hereto, Pacific Employers was engaged in the business of issuing policies of insurance.

84.     At the time of the September 11th Attack, additional plaintiff Pacific Employers provided workers' compensation insurance coverage to the employers identified in Column A of Exhibit IIII hereto, for the benefit of the employees identified in Column B of Exhibit IIII, in accordance with the workers' compensation laws of the States identified in Column C of Exhibit IIII.[40]  As a result of the September 11th Attack, while in the course and scope of their employment, the employees identified in Column B of Exhibit IIII were injured or killed.  As a result of such injuries and deaths, and in accordance with the terms of the applicable policies of insurance, additional plaintiff Pacific Employers has made workers' compensation benefit payments, including, but not limited to, payments for medical bills, funeral expenses, death benefits and wage replacement benefits to, or on behalf of, either injured employees, dependents of deceased employees, or statutory designees, as identified in Column D of Exhibit IIII (hereinafter "claimants").  Additional plaintiff Pacific Employers may be obligated to make future payments of workers' compensation benefits to, or on behalf of certain claimants, for which a claim is made herein.  By virtue of the payments described above, additional plaintiff Pacific Employers is subrogated to any right, claim, demand  or cause of action that exists or

---

[40] Exhibit IIII is expressly incorporated herein by reference.

may exist for the benefit of those claimants and employers arising from the September 11th Attack and resulting injuries or death to claimants' decedents.

85.     To the extent required by the applicable workers' compensation statute, additional plaintiff Pacific Employers has provided the requisite notice to claimants, in writing via certified or registered mail, that their failure to commence an action against the defendants within the specific statutorily prescribed time limit would operate as an assignment of their cause of action against the defendants to the Additional Plaintiff.  Claimants failed to commence such an action and the cause of action against the defendants to recover damages for injuries or death to claimants, or claimants' decedents, arising out of the September 11th Attack was thereby duly assigned to additional plaintiff Pacific Employers pursuant to the applicable workers' compensation statute.

Respectfully submitted,

COZEN O'CONNOR

By:  */s/ Elliott R. Feldman*
STEPHEN A. COZEN, ESQUIRE
ELLIOTT R. FELDMAN, ESQUIRE
SEAN P. CARTER, ESQUIRE
1900 Market Street
Philadelphia, PA  19103

(215) 665-2000

**THE EXHIBITS APPENDED TO PLAINTIFFS' SUPPLEMENTAL PLEADING HAVE BEEN FILED UNDER SEAL PURSUANT TO AN ORDER ISSUED BY THE HONORABLE RICHARD C. CASEY ON SEPTEMBER 9, 2004**


**JUDGE CASEY, WHO IS PRESIDING OVER THE RELATED CASES COMPRISING THE MULTIDISTRICT LITIGATION PENDING UNDER DOCKET NUMBER 03 MDL 1570, GRANTED COZEN O'CONNOR'S WRITTEN APPLICATION TO FILE UNDER SEAL THE INSURANCE SCHEDULES FOR THE FEDERAL PLAINTIFFS.**

Phila1\2132187\1 117430.000