

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

September 27, 2004

Ronald S. Liebman
(202) 457-6310
rliebman@pattonboggs.com

The Honorable Richard Conway Casey
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
Room 1350
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-28-04
```

    Re:    In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (RCC)

Dear Judge Casey:

    We are counsel for The National Commercial Bank ("NCB"), which is named as a defendant in several of the referenced lawsuits, including Burnett v. Al Baraka Inv. and Dev. Corp., 03 CV 9849, and Ashton v. Al Qaeda Islamic Army, 02 CV 6977. On September 14, 2004, NCB's motion to dismiss both the Burnett and the Ashton actions based on the Foreign Sovereign Immunities Act ("FSIA") was argued, and Your Honor reserved decision. Throughout the briefing of those motions, and at oral argument, there was no dispute that, both at the time of the filing of those two lawsuits and at present, the majority of NCB's shares was owned by the Public Investment Fund ("PIF"), an administrative unit of the Saudi Ministry of Finance.

    Indeed, there was no dispute over NCB's majority-ownership even before the time that NCB moved to dismiss the first of these cases in October 2003. For example, in the March 6, 2003 Ashton Consolidated Master Complaint, the plaintiffs alleged precisely what NCB has contended: "The BIN MAHFOUZ family controlled the NATIONAL COMMERCIAL BANK in Saudi Arabia, until 1999 when the Saudi Government bought the majority of its ownership." (Ashton Dkt. #11, emphasis added). The lack of dispute over NCB's majority-ownership remained the status quo in these lawsuits right up through and including the last of the briefs the plaintiffs filed in opposition to NCB's FSIA defense (the Ashton plaintiffs' May 14, 2004 opposition to NCB's motion to dismiss that lawsuit). Instead, the plaintiffs focused on a separate issue—whether the PIF, which holds the majority of NCB's shares, is a core part of the Saudi government or a political subdivision thereof. In an attempt to bolster that distinct argument, the Ashton plaintiffs sought leave on May 14, 2004, to amend their complaint to allege "The BIN MAHFOUZ family controlled the NATIONAL COMMERCIAL BANK in Saudi Arabia, until



The Honorable Richard Conway Casey
September 27, 2004
Page 2

1999 when the Public Investment Fund bought the majority of its ownership." (Ashton Dkt. ##137-138, emphasis added.) The Ashton plaintiffs did not seek to change their allegation that majority-ownership had been acquired in 1999.

Following the September 14 argument, however, and without authorization from the Court, the Burnett plaintiffs on September 21, 2004 filed an affidavit of David K Draper, styled as a "Supplemental Affidavit in Opposition to National Commercial Bank's Motion to Dismiss" (MDL Dkt. #448). On September 23, 2004, the Ashton plaintiffs filed a "Supplemental Affidavit of John Fawcett in Support of Ashton Plaintiffs' Opposition to National Commercial Bank's Motion to Dismiss" (MDL Dkt. #455). Those two affidavits cited excerpts from websites and other internet sources in an effort, for the first time, to create a dispute over the previously undisputed fact—as alleged by the Ashton plaintiffs themselves—that the PIF held the majority of NCB's shares at the time of filing of these lawsuits, just as the PIF does currently.

NCB respectfully submits that it should be allowed to respond to these unauthorized post-argument filings by the plaintiffs. We therefore ask that Your Honor endorse this letter to grant NCB leave to file a response not later than October 7, 2004, to demonstrate, both with competent evidence and as a matter of law, that the PIF on behalf of the Saudi Ministry of Finance owned the majority of NCB's shares at the time the Burnett and Ashton lawsuits were filed. Alternatively, if NCB is not granted leave to respond, then NCB respectfully requests that the Court exclude the plaintiffs' unauthorized affidavits from the record.

Respectfully submitted,

Ronald S. Liebman
Counsel for The National Commercial Bank

cc: Service List

**APPLICATION GRANTED:**

*[signature]*

9/27/04

In the future, without court approval, no post-argument supplemental submissions will be accepted. Patton Boggs' submission is due October 7, 2004