LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901

(202) 434-5000

PETER J. KAHN
(202) 434-5045
FAX (202) 434-5245
pkahn@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-7-04

October 4, 2004



RECEIVED
OCT 05 2004
CHAMBERS OF
RICHARD CONWAY CASEY
U.S.D.J.

Via Federal Express

The Honorable Richard Conway Casey
United States District Court for the
 Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

Re:   In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (RCC):
      Service By Publication on Mr. Abdulrahman Bin Mahfouz

Dear Judge Casey:

      Williams & Connolly LLP is counsel to Mr. Abdulrahman Bin Mahfouz, who has been named as a defendant in the Burnett, Ashton and Federal Insurance actions that are currently consolidated in MDL-1570. On September 30, 2004, this Court endorsed a letter application from plaintiffs' counsel (Mr. Ronald Motley), seeking leave to serve ten recently-filed actions on Mr. Bin Mahfouz (and other defendants) by publication. (Those ten actions were listed in Attachment A to Mr. Motley's letter application; it appears that Mr. Bin Mahfouz is named as a defendant in three of those actions.) We are writing to respectfully request that this Court amend its endorsement of that letter application, and require plaintiffs to serve Mr. Bin Mahfouz by mail, and not by publication.

      First and foremost, plaintiffs' letter application (dated September 28, 2004) misrepresented the parties' communications regarding service on Mr. Bin Mahfouz. It nowhere mentioned that this firm had already provided plaintiffs' counsel (Ms. Andrea Bierstein, by fax and electronic mail on September 27, 2004) with a current mailing address for Mr. Bin Mahfouz, to which service of process in these recently-filed actions may be sent. (This firm's September 27th correspondence to Ms. Bierstein is attached as Exhibit A.) We provided that current mailing address after plaintiffs' counsel (Mr. Andrew Maloney) informed us that they could not locate such an address, and after Mr. Maloney informed the Court, during the September 13, 2004, status conference, that plaintiffs "would certainly rather serve them [defendants] by mail than publish against them." 9/13/04 Tr. at 9:20-21.

WILLIAMS & CONNOLLY LLP

The Honorable Richard Conway Casey
October 4, 2004
Page 2

    Notwithstanding plaintiffs' prior receipt of Mr. Bin Mahfouz's current mailing address, plaintiffs placed him on the list of those defendants whom plaintiffs sought to serve by publication in the newly-filed actions. Plaintiffs' counsel did not contact undersigned counsel before filing the September 28th letter application, which the Court endorsed on September 30th, while undersigned counsel was preparing his Opposition.

    On October 1, 2004—the day after this Court's grant of plaintiffs' letter application—Ms. Bierstein informed undersigned counsel that plaintiffs would serve Mr. Bin Mahfouz by publication in the newly-filed actions, in light of this Court's grant of "Motley Rice's application to extend the Court's order of publication" to those actions. (Ms. Bierstein's October 1st letter is attached as Exhibit B.) Ms. Bierstein offered no explanation for why plaintiffs' counsel would immediately resort to service by publication, in derogation of their stated preference for service by mail.

    In short, plaintiffs possessed a current mailing address for Mr. Bin Mahfouz before they sought leave to serve him by publication. Plaintiffs accordingly must serve Mr. Bin Mahfouz (who is not evading service), by mail, and not by publication. See, e.g., SEC v. Tome, 833 F.2d 1086, 1094 (2d Cir. 1987) ("Certainly, if a defendant's name and address are known or may be obtained with reasonable diligence, service by publication will not satisfy the requirements of due process.").

    These recent developments highlight plaintiffs' recurring violations of this Court's June 17, 2004, Order in MDL-1570 (attached as Exhibit C), wherein the Court ordered "that letter applications to the Court must not be submitted until they are fully briefed." The Court made clear that its Order was "an effort to prevent this Court from ruling on letter applications before the involved parties have been fully heard and to encourage all counsel to work out their differences before seeking Court intervention." Neither Mr. Motley nor any other plaintiffs' counsel contacted undersigned counsel before filing the September 28th letter application, which plaintiffs' counsel also submitted before it was fully-briefed by all parties, including counsel for Mr. Bin Mahfouz.

    We respectfully request that the Court amend its September 30th endorsement of Mr. Motley's letter application as to Mr. Bin Mahfouz, and order the plaintiffs in the three

WILLIAMS & CONNOLLY LLP

The Honorable Richard Conway Casey
October 4, 2004
Page 3

recently-filed actions in which Mr. Bin Mahfouz is named as a defendant to serve him by mail, using the current mailing address previously provided to plaintiffs' counsel.

Respectfully submitted,

Peter J. Kahn
*Counsel for Mr. Abdulrahman Bin Mahfouz*

PJK/jlc
Attachments
cc:   All Counsel of Record

Application granted

**SO ORDERED:**

_____   10/7/04
The Honorable Richard Conway Casey