UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001<br><br>This document relates to:<br><br>FEDERAL INSURANCE CO., et al,<br>                    Plaintiffs,<br>            v.<br><br>AL QAIDA, et al.,<br>                    Defendants. | MDL No. 1570 (RCC)<br><br>NO. 03 CV 6978 (RCC) |

**INTERNATIONAL ISLAMIC RELIEF ORGANIZATION'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Martin F. McMahon & Associates
1150 Connecticut Avenue – Suite 900
Washington, DC 20036
Telephone: (202) 862-4343
Facsimile (202) 862-4302

*Attorneys for Defendant International Islamic Relief Organization of Saudi Arabia*

**TABLE OF CONTENTS**

**Contents**                                                                                                     **Page No.**

Table of Authorities ........................................................................................................ iii

Introduction .................................................................................................................... 1

Legal Analysis ................................................................................................................ 3

    A.    There Is No Specific Jurisdiction Because Plaintiffs Have Failed to Allege a Connection Between IIRO and the Attacks of September 11, 2001. ........................................ 3

    B.    Plaintiffs Have Failed to Allege Any Contacts Between IIRO and the United States, Let Alone the Minimum Contacts Necessary to Establish General Jurisdiction Over IIRO ................................ 4

    C.    Plaintiffs' Attempt to Lower the Constitutional Burden for Exercise of Personal Jurisdiction Should Be Rejected ........................................................................ 5

    D.    Plaintiffs Have Failed to State a Claim Upon Which Relief May Be Granted, and Their Complaint Against IIRO Should Be Dismissed ................................................................ 7

        1.    Plaintiffs Have Failed to Allege that IIRO Breached a Duty to Plaintiffs, and that This Breach Proximately Resulted in Harm ........................................ 7

        2.    General Allegations that IIRO Supported al Qaida Are Insufficient to Avoid Dismissal Under Rule 12(b)(6). ........................... 8

Conclusion .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Contents** **Page No.**

*Browning v. Clinton*,
292 F.3d 235 (D.C. Cir. 2002) ............................................................................ 1, 8

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ............................................................................................ 6

*Burnett v. Al Baraka Inv. and Dev. Corp.*,
274 F.Supp.2d 86 (D.D.C. 2003) ........................................................................ 1, 5, 7

*Corning Inc. v. Shin Etsu Quartz Prod. Co. Ltd.*,
242 F.3d 364 (2d Cir. 2000) ............................................................................... 3

*Estate of Unger v. Palestinian Authority*,
153 F.Supp.2d 76 (D.R.I. 2001) ......................................................................... 5

*Flatow v. Islamic Republic of Iran*,
999 F.Supp. 1 (D.D.C. 1998) .............................................................................. 8

*In re: DES Cases*,
79 F.Supp.2d 95 (E.D.N.Y. 1992) ...................................................................... 6, 7

*Kowal v. MCI Communications Corp.*,
16 F.3d 1271 (D.C. Cir. 1994) ............................................................................ 8

*Leasco Data Processing Equip. Corp. v. Maxwell*,
468 F.2d 1326 (2d Cir. 1972) ............................................................................. 3

*Metropolitan Life Ins. Co. v. Robertson CECO Corp.*,
84 F.3d 560 (2d Cir. 1996) ................................................................................. 4

*Pugh v. Socialist People's Libyan Arab Jamahiriya*,
290 F.Supp.2d 54 (D.D.C. 2003) ........................................................................ 3

*Rein v. Socialist People's Libyan Arab Jamahiriya*,
995 F.Supp. 325 (E.D.N.Y. 1998) ...................................................................... 3

*Simon v. Philip Morris, Inc.*,
86 F. Supp.2d 95 (E.D.N.Y. 2000) ..................................................................... 6

*Vermont Agency of Natural Res. v. United States ex rel. Stevens*,
529 U.S. 765 (2000) ............................................................................................ 5

*Statutes and Rules*

| | |
|---|---|
| 28 U.S.C. § 1605(a)(7) | 8 |
| 28 U.S.C. § 1605(a)(7)(A) | 8 |
| Fed. R. Civ. P. 12(b)(2) | 2 |
| Rule 12(b)(6) | 2, 9 |

Defendant International Islamic Relief Organization of Saudi Arabia ("IIRO"), through undersigned counsel, submits this Reply Memorandum of Law in support of its Motion to Dismiss plaintiffs' First Amended Complaint ("Complaint").

## I.     Introduction

The September 11th attack was a horrific event, unprecedented in this country's history. But it cannot be used to justify lawsuits against individuals and organizations unconnected to that attack simply because they are Muslim or Saudi. Such lawsuits are irresponsible and counterproductive, and they help drive a wedge between Muslims and the West. As the District Court for the District of Columbia has held:

> [I]t is difficult to imagine uglier or more serious charges than those the plaintiffs have leveled against these defendants. The use of the privileged medium of a lawsuit to publicly label someone an accomplice of terrorists can cause incalculable reputational damage… No heightened standard of pleading will be applied in this case, but given the extreme nature of the charge of terrorism, fairness requires extra-careful scrutiny of plaintiffs' allegations as to any particular defendant to ensure that he—or it—does indeed have fair notice of what the plaintiffs' claim is and the grounds upon which it rests, and that no inferences are accepted that are unsupported by the facts set out in the [Complaint].

*Burnett v. Al Baraka Inv. and Dev. Corp.*, 274 F.Supp.2d 86, 103-04 (D.D.C. 2003) (citations omitted). The Complaint in this matter includes no supported allegations linking IIRO to the attacks of September 11th. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) ("[T]he Court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint."). Nor does it contain allegations sufficient to support the exercise of this Court's jurisdiction.

The Memorandum of Law in Opposition to the Motion to Dismiss ("Opposition") repeats the unsupported claims made in their Complaint. For example, plaintiffs state

that IIRO is "a subsidiary body of the Muslim World League." *See* Opposition, p.4. However, as discussed in IIRO's Memorandum of Law in support of its Motion to Dismiss ("Motion to Dismiss"), p.3, IIRO is a completely separate entity from MWL. *See also* Affidavit of Saleh Bin A. Al-Saikhan, dated March 15, 2004 ("Al-Saikhan Aff.") ¶¶ 11-12.

Further, plaintiffs rely on a 1996 CIA report to allege that IIRO funded al Qaida training camps in Afghanistan where the September 11th attacks were planned and where the hijackers were trained. *See* Opposition, p.5. However, as discussed in IIRO's Motion to Dismiss, pp. 2-3, the CIA report simply does not say this. Obviously, a CIA report written 5 years before the September 11, 2001 attacks took place could not have included information about those attacks.

Finally, the Opposition, pp. 6-7, continues to assert that a now-defunct, Virginia-based entity known as the Islamic Relief Organization ("VA-IRO") is a branch of IIRO.[1] This is simply not the case. As discussed in the Motion to Dismiss, p. 4, VA-IRO was never affiliated with IIRO and the two were always separate and distinct legal entities. *See also* Al-Saikhan Aff. ¶¶ 11-12.

Without one iota of proof, plaintiffs have carelessly and incorrectly accused IIRO of helping to cause the September 11th attacks. For the reasons discussed below and in the Motion to Dismiss, the claims against IIRO should be dismissed pursuant to Fed. R. Civ. P. ("Rule") 12(b)(2) or, in the alternative, Rule 12(b)(6).

---

[1] The Complaint, ¶ 146, mistakenly refers to VA-IRO as the International Relief Organization, Inc.

## II.     *Legal Analysis*

### A.     *There Is No Specific Jurisdiction Because Plaintiffs Have Failed to Allege a Connection Between IIRO and the Attacks of September 11, 2001.*

Plaintiffs have not alleged any connection between the September 11th attack and IIRO. Instead, they rely on general, unsupported allegations that completely fail to link IIRO with the September 11th attack.

Plaintiffs cite two cases in support of their assertion that this Court has personal jurisdictional over IIRO. *See* Opposition, pp. 12-13 (citing *Rein v. Socialist People's Libyan Arab Jamahiriya*, 995 F.Supp. 325 (E.D.N.Y. 1998) and *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 290 F.Supp.2d 54, 55 (D.D.C. 2003)). In *Rein*, the plaintiffs alleged that "Libya and its agents were responsible for the [destruction of Pan Am 103] and the resulting loss of life." *Rein*, 995 F.Supp. at 327. The plaintiffs in *Pugh* alleged that the defendants "conspired to sabotage and succeeded in destroying a civilian commercial aircraft." *Pugh*, 290 F.Supp.2d at 59. In contrast to these cases, plaintiffs in the instant matter completely fail to allege that IIRO proximately caused the September 11th attack. *See Corning Inc. v. Shin Etsu Quartz Prod. Co. Ltd.*, 242 F.3d 364, 364 (2d Cir. 2000).

Plaintiffs have failed to plead the requisite close causal connection—or any causal connection—between IIRO's conduct and the September 11th terrorist attack. Indeed, they fail to allege any direct connection between IIRO and the September 11th attack. Nor do plaintiffs satisfy the pleading requirements for foreseeability, *i.e.*, that the effect within the forum must occur as a direct and foreseeable result of the conduct outside the forum. *See Corning*, 242 F.3d at 364 (citing *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1341 (2d Cir. 1972)). Finally, plaintiffs offer nothing in support

of their allegation that the September 11th attack was a direct and foreseeable product of IIRO's conduct. The exercise of personal jurisdiction requires heightened pleadings of causation, foreseeability, and knowledge. Plaintiffs have completely failed to allege that IIRO caused the September 11, 2001 attack. As such, there is no specific jurisdiction.

> B.  *Plaintiffs Have Failed to Allege Any Contacts Between IIRO and the United States, Let Alone the Minimum Contacts Necessary to Establish General Jurisdiction Over IIRO.*

In their Complaint, plaintiffs fail to allege "continuous and systematic general business contacts" between IIRO and the United States, as is required to establish general jurisdiction over IIRO. *See Metropolitan Life Ins. Co. v. Robertson CECO Corp.*, 84 F.3d 560, 568 (2d Cir. 1996). Indeed, plaintiffs do not allege <u>any</u> contacts whatsoever between IIRO and the United States.

Plaintiffs claim only that IIRO is subject to jurisdiction in this forum because it is allegedly associated with the MWL or with VA-IRO, the now-defunct, Virginia-based Islamic Relief Organization. As was thoroughly demonstrated in the Motion to Dismiss, pp. 9-13, there is no relationship between IIRO and either of these organizations.

Plaintiffs only allegation that IIRO is a subsidiary of the MWL is contradicted by other allegations in the Complaint. *See* Motion to Dismiss, pp. 11-12 (citing Complaint, ¶¶ 130, 131, and 132). These allegations make clear that, according to plaintiffs, IIRO is controlled by the government of Saudi Arabia, <u>not</u> by the MWL.[2] In fact, IIRO and the MWL are separate legal entities with distinct missions and operations. *See* Al-Saikhan

---

[2] For example, ¶ 131 states, "The Kingdom [of Saudi Arabia] controls and directs IIRO operations, appoints and terminates IIRO personnel, provides IIRO with virtually all of its funding, determines how funds will be distributed throughout the world, and otherwise stringently controls the IIRO's operations."

4

Aff. ¶ 9.  Accordingly, there is no general jurisdiction over IIRO based on an alleged connection between the MWL and the United States.

Further, plaintiffs offer no specific allegations linking IIRO and VA-IRO.  This is simply because these organization are not linked. *See* Motion to Dismiss, pp. 12-13.  They have always been completely separate and distinct entities. *See* Al-Saikhan Aff. ¶¶ 11-12.  Accordingly, any activities in the United States by VA-IRO cannot be attributed to IIRO, and general jurisdiction over IIRO cannot be premised upon VA-IRO.

Because plaintiffs have failed to allege any connection between IIRO and the United States, their lawsuit against IIRO should be dismissed for lack of general jurisdiction. *See Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778-79 (2000).[3]

### C. Plaintiffs' Attempt to Lower the Constitutional Burden for Exercise of Personal Jurisdiction Should Be Rejected.

Plaintiffs argue that IIRO is subject to personal jurisdiction pursuant to a "modified due process standard for mass torts."  Under this standard, plaintiffs ask this Court to lower the threshold for establishing personal jurisdiction, presumably because of the Court's special interest in litigation stemming from the September 11, 2001 attack.  Plaintiffs request flies in the face of Judge Robertson's admonition that "extra-careful scrutiny of plaintiffs' allegations" should be applied in cases where a defendant is accused of supporting terrorism. *See Burnett v. Al Baraka Inv. and Dev. Corp.*, 274 F.Supp.2d 86, 103-04 (D.D.C. 2003).  Moreover, it is not consistent with the case law of this jurisdiction.

---

[3] Plaintiff also rely on *Estate of Unger v. Palestinian Authority*, 153 F.Supp.2d 76 (D.R.I. 2001).  As demonstrated in the Motion to Dismiss, pp. 8-9, *Unger* is inapposite.

5

Application of the "modified due process standard for mass torts" has occurred only in contexts significantly different from the facts and circumstances of the instant matter. First, there is little support for the proposition that the case law has disposed with a minimum contacts analysis in tort cases such as the one at hand. Plaintiffs have cited two cases in support of this proposition. *See In re: DES Cases*, 79 F. Supp. 552 (E.D.N.Y. 1992) and *Simon v. Philip Morris, Inc.*, 86 F. Supp.2d 95 (E.D.N.Y. 2000). *Simon* continues to apply the traditional minimum contacts analysis, despite its criticism of that analysis. *See Simon*, 86 F. Supp.2d at 132-37. Moreover, the Supreme Court has expressly held that "minimum contacts" are required prior to the application of any modified due process standard. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985). The Supreme Court's holding in *Burger King* remains the law of the land. As discussed above and in the Motion to Dismiss, plaintiffs have failed to establish minimum contacts; thus, the modified due process standard does not apply.

Even if the Court finds that a modified due process standard governs certain mass torts cases, this is not the type of mass torts case where such a standard should apply. The case law defines "mass torts" to <u>exclude</u> "air crash and other disasters." *See In re: DES Cases*, 79 F. Supp. at 561. Thus, the standard should not here apply. Moreover, those cases where the standard has been used are distinguishable.

Both *In re: DES Cases* and *Simon* involve manufacturers of harmful products injected into interstate commerce across the United States. The defendants in both cases benefited financially from their respective products. Both cases present overarching concerns of long-term exposure to a dangerous product, an indeterminate numbers of plaintiffs, myriad types of possible harms, and difficult proof of causation. *See In re:*

*DES Cases*, 789 F. Supp. 562.  The instant matter does not raise such concerns, so the modified due process standard should not apply.

Finally, given Judge Robertson's words, it seems particularly unfair to apply a lower standard of proof in a case where the accusation has such serious consequences and can cause "incalculable reputational damage." *See Burnett*, 274 F.Supp.2d at 103-04.  For all these reasons, the Court should reject the plaintiffs' invitation to reduce the due process standard, and should find that IIRO is not subject to the jurisdiction of this Court.

> D.      *Plaintiffs Have Failed to State a Claim Upon Which Relief May Be Granted, and Their Complaint Against IIRO Should Be Dismissed.*

Plaintiffs have failed to allege that IIRO's actions proximately caused or contributed to the September 11, 2001 attack.  Accordingly, if the Court asserts jurisdiction, the Complaint against IIRO should be dismissed pursuant to Rule 12(b)(6).

> 1.      *Plaintiffs Have Failed to Allege that IIRO Breached a Duty to Plaintiffs, and that This Breach Proximately Resulted in Harm*

Plaintiffs state that IIRO owed them a duty "not to support terrorists dedicated to attacking the United States."  However, nowhere in the Complaint do plaintiffs allege that IIRO's breach of this alleged duty resulted in the September 11th attack.  The only linkage alleged in the Complaint is based on a 1996 CIA report, a report written five years prior to the September 11, 2001 attack.  The report states only that "IIRO helps fund six militant training camps in Afghanistan, according to a clandestine source."  Even taken as true, this allegation does not demonstrate that IIRO did anything more than the United States government did when it supported the Mujahideen fighters in their war against the Soviet occupation.

7

The allegation in the Complaint that IIRO supported camps where September 11th terrorists were trained is pure speculation, based on an inference from the allegation in the 1996 CIA report. The Court "need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint," *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiffs' assumption that IIRO funded camps where September 11th terrorists were trained is an unsupported, self-serving inference that the Court need not accept.

   3. *General Allegations that IIRO Supported al Qaida Are Insufficient to Avoid Dismissal Under Rule 12(b)(6).*

Plaintiffs rely on *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1, 18 (D.D.C. 1998), for the proposition that a "plaintiff need not establish that the material support and resources provided by a foreign state for a terrorist act contributed directly to the act from which his claim arises in order to satisfy 28 U.S.C. § 1605(a)(7)'s statutory requirement for subject matter jurisdiction." "Sponsorship of a terrorist group which causes the personal injury or death of a United States national alone is sufficient to invoke jurisdiction." *Id.* Plaintiffs attempt to apply these jurisdictional concepts to the substantive right of plaintiffs to recover damages. *See* Opposition, p. 18. This attempt should be rejected.

First, 28 U.S.C. § 1605(a)(7) is an exception to the immunity of a foreign state where that state is a sponsor of terrorism, as designated by the United States government. *See* 28 U.S.C. § 1605(a)(7)(A). In the instant matter, plaintiffs allege that IIRO is "an agency, instrumentality and organ of the Kingdom of Saudi Arabia." Complaint, ¶ 131. Saudi Arabia has not been designated a state sponsor of terrorism, therefore § 1605(a)(7)

8

is not applicable.  Second, unlike *Flatow*, where the government of Iran was alleged to have directly sponsored a terrorist attack, there is no allegation that IIRO participated in a conspiracy to attack the United States on September 11, 2001 or that IIRO provided funding for the September 11th plot.  Plaintiffs claim only that IIRO participated in a general jihadist campaign against the United States.  This very general—and completely unsubstantiated—claim does not put IIRO on notice of the claims against it, and should be rejected as a matter of law.  Finally, it is inappropriate to apply a jurisdictional exception to sovereign immunity to the substantive requirements of Rule 12(b)(6).  For the reasons set forth in the Motion to Dismiss, plaintiffs have failed to state a claim upon which relief may be granted.  Their claim should not be saved simply because it might meet a jurisdictional exception to the FSIA <u>if</u> it were directed against a state sponsor of terrorism (which it is not).

      As discussed in the Motion to Dismiss, plaintiffs have failed to allege facts upon which relief can be granted.  As such, if the Court chooses to exercise jurisdiction in this matter, IIRO respectfully requests that the claims against it be dismissed pursuant to Rule 12(b)(6).

### III. Conclusion

For the foregoing reasons and those outlined in the Motion to Dismiss, IIRO respectfully requests that the Court should dismiss the Complaint against it.

>Respectfully submitted,
>
>_____/s/_____
>Martin F. McMahon (MM 4389)
>Martin McMahon & Associates
>1150 Connecticut Ave., N.W. – Suite 900
>Washington, D.C. 20036
>(202) 862-4343
>
>*Attorneys for Defendant*
>*International Islamic Relief*
>*Organization of Saudi Arabia*

Dated:   October 12, 2004