UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, et al.) <br> ) <br> Plaintiffs, ) <br> ) <br> v.                            ) <br> ) <br> TARIK HAMDI                  ) <br> ) <br> Defendant.  ) <br> ) | 03 MD 1570 <br> 03 CV 6978 RCC |

**DEFENDANT TARIK HAMDI'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS**

**INTRODUCTION**

On September 11, 2001, America was horrified by the tragic events that occurred at the hands of terrorists. Nineteen men hijacked three airplanes and crashed them into the New York Trade Center, Pentagon, and a swamp in Pennsylvania. Three thousand Americans were killed in this tragedy. America, in a state of panic, declared war on terrorism directed at Osama Bin Laden and the al Qaeda group. In the aftermath, many terrorists have been arrested or killed. A war was launched and won. None of these acts bring back the thousands of lives that were lost and neither will this frivolous lawsuit. The greatest suffering was to the families, however, all of America felt their loss of life and the feeling of safety once shared by all American people.

**STATEMENT OF THE FACTS**

Plaintiffs brought this suit in United States District Court for the Southern District of New York asking to recover one trillion dollars from over one hundred defendants.

Most defendants are individuals who were employed or officers of organizations also named in this suit.

Tarik Hamdi was named individually as a defendant, but no specific allegation are contained in the Complaint.   In the other similar complaints the allegations seem to suggest that Mr. Hamdi is an al Qaeda operative because he worked for International Institute of Islamic Thought (IIIT) and he allegedly gave a cell phone battery to Bin Laden.  He also supposedly had connections with Khaleel and al-Fawwaz.  The relationship with al-Fawwaz is alleged through a letter that addresses al-Fawwas as "Brother Khalid".  The Complaint mistakenly assumes that this greeting establishes a relationship.  However, in the Islamic culture "Brother" is used frequently with no special meaning.

Mr. Hamdi is a journalist.  He, like other journalists, has contacts with seemly characters in order to get stories and news.  The Complaint seems to mistake actions in the occupation with wrong doing.  ABC requested that Mr. Hamdi arrange an interview with bin Laden.  He arranged the interview through and for ABC not al-Fawwas or Khaleel.  He was paid to do so.  Mr. Hamdi did this in his capacity as a journalist.  Hamdi did not purchase the battery.   The FBI has subsequently investigated these actions for security clearance.  Mr. Hamdi has been given security clearance for journalistic purposes and the FBI seemingly found nothing wrong in his actions during the ABC interview.

Additionally, Hamdi is accused of working for IIIT and other organizations.  He worked only as an editor for newsletters.  Hardly a high level position.  Mostly, he consulted with organizations in his journalist capacity.  If he received any money from the American Muslim Foundation or any other organization, it was for consultation

projects. He did receive money for his services. Nothing in his consultant position or journalistic position indicates his personal feelings and political ties.

The Plaintiffs allege that CDLR has a phone line in Mr. Hamdi's name. He has not had any ties to CDLR since 1995 and was not even aware that a phone line was in his name. Most of the relationships with individuals and organizations have been terminated since the mid 1990's. Clearly not within the time frame that the terrorists attacks occurred in New York and the District of Columbia.

## ARGUMENT

This defendant is entitled to judgment if there are no allegations in the Complaint, which, even if proven, would provide a basis of recovery. Federal Rule of Civil Procedure 12(b) (6) provides for dismissal for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a plaintiff must plead allegations which would give the defendant fair notice of what the claim is and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506. The Complaint now before the court fails to allege one fact that would allow the plaintiffs to recover against this defendant. The Complaint only makes concubinary statements that alone cannot survive a motion to dismiss. The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the Complaint. Nor must the court accept legal conclusions cast in the form of factual allegations. Mt. States Legal Fund v. Bush, 306 F.3d 1132, 1134-35 (D.C. Cir. 2002).

I. Negligence and Emotional Distress

A.  Plaintiffs' negligence counts cannot survive without a showing that the defendant owed a duty to the Plaintiffs.

The Plaintiffs claim that the defendants owed a general duty not to injure, murder, or cause to be murdered citizens of the United States. Third Amend. Comp. ¶ 666. However, the Complaint fails to allege why this particular defendant owed a duty to the plaintiff. When a third party causes injury then the defendant is only negligent if there was a special relationship with the plaintiff or the tortfeasor or the defendant had control over the tortfeasor. Romero v. National Rifle Association, 749 F2d 77, 81 (D.C. Cir. 1984). This is especially true when the actions are one of a charity or its employees. A charitable organization and its employees only owe a fiduciary duty to the charity itself and not to the general public. Christiansen v. National Saving & Trust Co., 683 F.2d 520, 529 (D.C. Cir. 1982); Workman v. United Methodist Comm. on Relief of the General Bd. Of Global Ministries of the United Methodist Church, No. 01-7161, ___ F.3d ___, 2003 WL 431869 (D.C. Cir. Feb. 25, 2003) (holding that the showing required to impose liability on a defendant for such criminal acts is one of heightened foreseeability which requires a relational component between the parties). Mr. Hamdi only owes a duty to the companies he works or consults for. He has no special relationship with the victims nor is a special relationship with the terrorists themselves alleged. Without alleging a special relationship to the victims or tortfeasors, there is no duty owed for the purposes of the negligence counts.

In order to hold Mr. Hamdi responsible for the actions of third parties, the Plaintiffs must allege that he had some degree of control over the actions of the terrorists themselves. They have not alleged anywhere in the Complaint that this defendant had control of the individuals who hijacked the planes on 9/11. See. Committee of U.S. Citizens Living in Nicaragua v. Reagon, 859 F.2d 929, 950 (D.C. Cir. 1988) (holding that

a special relationship would include parent-child and master-servant); Hoehn v. United States, 217 F. Supp.2d 39, 46 (D.C.C. 2002) (holding that the defendant must take charge of the third person in some manner to be negligent for the third party actions). The Plaintiffs have failed to allege even a modest degree of control over the terrorist themselves. Therefore, this defendant cannot be held liable for the actions of a third party and the Complaint should be dismissed as to this count.

B. Plaintiffs' negligence counts cannot survive without a showing that the actions of the Defendant were the but for cause of the injuries suffered.

In order to show negligence the actions of the defendant must be the but for cause of the injury suffered by the Plaintiffs. The Complaint, on its face, fails to plead any facts that if true would show the actions of this defendant were the but for cause of the Plaintiffs' injuries. All of the allegations are about activities that occurred in the mid 1990's; nothing is alleged to have occurred during the relevant period of time. In fact there are no allegations of illegal behavior other that assertions concerning aiding and abetting. There are no facts that support the inference that the defendant intentionally provided assistance to terrorist groups knowing it engaged in terrorist activities or knew the recipients would engage in terrorism. The Complaint alleges Mr. Hamdi arranged an interview. There are no facts to support that he provided assistance to bin Laden.

In Unger v. Quranic, 295 F.3d 1000 (7th Cir. 2002), the court held in order for the plaintiff to show aid as the but for cause of injury, it must be shown that the aid was the sole funding, was training, or providing weapons or person or organization had control or authority over the terrorist acts. Id. at 1101-12. In Unger the plaintiffs were not granted a default judgment against Iran because the plaintiff failed to show that the acts of the defendant were the necessary condition or but for cause of the injury and failed to plead a

link between the defendant and HAMAS specifically. The only allegations were that money was given to HAMAS by Iran but no direct link to the Unger murders specifically. Id. This case is more extreme than Unger. The is no direct link between the terrorists and Hamdi. Even assuming that Hamdi knew what the battery was, the Complaint does not allege that 9/11 would not have occurred if Hamdi had not delivered the phone. Nor does the Complaint allege that Mr. Hamdi's actions is editing a newsletter was the sole cause of the injury.

In order for the actions of the defendant to be the but for cause of the injuries suffered, the plaintiff must allege that without the aid of the defendant, 9/11 would not have occurred. There are no such allegations as to this defendant. There are no allegations of knowledge on the part of this defendant that his actions would later aid terrorist activity. There are no allegations showing a direct link between this defendant and the attacks. Therefore, the counts of negligence must be dismissed.

C. <u>Defendants Motion to Dismiss the Negligent Infliction of Emotional Distress count should be granted because without a showing of negligence the count fails as a matter of law</u>.

As discussed in parts I (A) and I (B) this defendant had no duty to Plaintiffs and even if they did, the actions of this defendant was not the but for cause of Plaintiffs injury. If there was no negligence on the part of this defendant then there can be no claim for the negligent infliction of emotional distress. This defendant owed no duty to Plaintiffs not to inflict emotional distress. Even if the court finds this defendant owed a duty to Plaintiffs, the defendant's lawful actions were not the but for cause of the injury that caused distress to Plaintiffs. Therefore, this Motion to Dismiss should be granted as to the emotional distress claim.

II. Torture Victim Protection Act

In order for the Plaintiffs to maintain an action under 28 U.S.C. 1350 The Torture Victim Protection Act, the plaintiffs must allege that the killing was (1) under actual or apparent authority or color of law of any foreign nation and (2) the individual subjected another to torture or extrajudicial killing.  Absent at least cooperative action with a foreign entity there can be no liability.  Doe I v. ISF, 993 F.Supp. 3 (D.C. Cir. 1998).

The plaintiffs fail to allege that the Defendant acted under any authority or color or law of any foreign nation or that the Defendant specifically tortured or killed any of the victims of 9/11.  The Complaint does not even allege that this defendant even co-operated with a foreign entity as required by 28 U.S.C. 1350.  Absent factual allegations specific to this defendant setting forth the requirements of §1350 this count must be dismissed as to this defendant.

III.  18 U.S.C. 2331 the Alien Tort Claims Act

To maintain an action under the Alien Tort Claims Act (ATCA) the plaintiff must show that (1) the plaintiff is an alien, (2) the claim is for a tort, and (3) the tort was committed in violation of the law of nations or a treaty of the United States.  Beo Ge v. Li Peng, 201 F.Supp. 2d 14, 19-20 (D.D.C. 2000).

Only a few of the plaintiffs reside in a foreign county so the majority of plaintiffs fail to meet the first requirement of ATCA.  Of those who do reside in foreign countries, no allegations state that they are not United States citizens.  Prince Al-Saud's Mot. to Diss. §IV D.

In order for an individual or organization to be held liable they must have participated in egregious misconduct.  Bio Ge., 201 F. Supp. 2d at 20.  The conduct

alleged is not egregious; it is not even criminal. The Complaint only alleges that Mr. Hamdi arranged an interview, worked for a living (as a journalist), and delivered a battery that can be purchased anywhere as a consumer product. Without some form of egregious conduct on the part of this defendant, the action for ATA violations cannot survive this motion to dismiss.

### III. The Ant-Tourism Act.

The Anti-Tourism Act (ATA) allows recovery for "acts of intentional terrorism". The plaintiffs allegedly find liability based on §2339 of the ATA which prohibits the "material support" to terrorist if the provider "knows or intends that such support be used in preparation for or in the carrying out of certain numbered criminal violations" or "knowingly provides material support or resources to a foreign terrorist organization, or attempts to conspires to do so". 18 U.S.C. § 2339B (g)(6). The Complaint does not allege the Mr. Hamdi knew anything about funding Osama bin Laden or Al Qaeda. The Complaint only states that Mr. Hamdi worked for IIIT and that he received funds from other organizations. The funds were compensation for work performed. The Complaint seems to allege that Mr. Hamdi received money to buy bin Laden supplies. The truth is Hamdi did not buy the phone or anything else. Without specific allegations showing knowledge on the part of Mr. Hamdi, the claim under ATA must fail.

Further, even if Mr. Hamdi gave money that eventually made it to Al Qaeda, those few alleged transactions were not material support as required by ATA. Unger, 295 F.3d 1000 defined support as the participation in training of terrorist or support to the degree that the act could not have happened without the support provided by Mr. Hamdi. The Complaint does not clearly name one material sponsor but instead alleges that the

monies coming from all of the different defendants somehow ultimately led to the events of 9/11. The Complaint by its very nature and wording fails to name one material sponsor for purposes of the ATA. Therefore, the count under ATA must fail.

## IV. Wrongful Death and Survival

To establish a claim for Wrongful Death and Survival the plaintiffs must allege that the defendant (1) caused the death of the decedent and (2) the killing was wrongful. The Complaint fails to allege that this defendant caused the death of the victims of 9/11. The plaintiffs would have to show that but for the defendant's action the decedent would not have been killed. There are no allegations that the defendant's actions directly caused the death of the victims. The Complaint fails to establish that the actions of the defendant were done with the intent to cause tortuous injury. The actions alleged were legal and committed in the course of normal business as a journalist. There are only conclusive statements that the defendant knew or should have known with no facts as to how the defendant knew or what the defendant knew when the actions occurred. Without any wrongful act on the part of this defendant, there can be no action for survival. At the very least it must be alleged that the defendant knew what would happen if he delivered the battery or consulted with the organizations, in question.

## V. Intentional Infliction of Emotional Distress (IIED)

The elements of IIED are that the defendant's conduct was (1) extreme and outrageous, (2) done with intent or recklessly, that (3) caused sever emotional distress to plaintiff or a third party if the party was present and immediate family of the person injured. Sutherland v. Islamic Republic of Iran, 151 F.Supp. 2d 27, 49-50 (D.C.C. 2001).

The plaintiff only claims that the defendant's named in the action should have known that their actions would lead to emotional distress of the victims and their families. It is a stretch of imagination to assume that Mr. Hamdi would know that his consultation work would lead to three planes being hijacked and flown into buildings located in the United States. This defendant was not reckless in conducting working nor is it extreme or outrageous. The Complaint fails to allege how this defendant should or could have known that lawful activity would lead to actions by a third party such as those action committed on 9/11. There are only conclusive statements that the defendant should have known without any factual allegations to support those conclusions. Therefore the count for intentional infliction of emotional distress should be dismissed as to this defendant.

## VI. RICO

The plaintiffs seek to recover under 18 U.S.C. 1964 (c) that allows civil recovery for criminal acts under 18 U.S.C. 1962. However, the plaintiffs cannot recover under 1964 (c) for the loss of their loved ones. Recovery under 1964 (c) is limited to loss of business or property and the plaintiffs fail to allege what property or business was damaged by actions falling under 18 U.S.C. 1962. Hargraves v. Capitol City Mortgage Corp., 140 F. Supp.2d 7, 26 (D.C.C. 2000). If there is damage as required under 1964 (c) then Fed. R. Civ. Proc. 9 (b) requires that it be plead with particularity. The Complaint fails to do so except to say that the plaintiffs suffered damage to their property. Without damage to the property of the plaintiffs then there is no standing to bring this count of the cause of action. English v. Arizona, 520 U.S. 43 (1997). Therefore, if there are no

property damages or damage to a particular business then there is no civil RICO cause of action.

A.   <u>Even if the court finds that there is a cause of action for civil RICO liability then this cause of action must be dismissed as to this defendant because the plaintiffs fail to plead any violation of 18 U.S.C. 1962 on the part of this defendant.</u>

In order to maintain an action for liability under 18 U.S.C. 1964 (c) the plaintiffs must show a violation of 18 U.S.C. 1962 (a)-(d). The plaintiffs fail to do so as to each section of 1962. The only connection that the plaintiff makes between all of the defendants is he worked for an organization that allegedly supported terrorism. Without more, the plaintiffs claim fails on all counts under RICO.

1.   18 U.S.C. 1962 (a)

Under 18 U.S.C. 1962 (a) the plaintiff must show that (1) income was derived directly or indirectly from a pattern of racketeering activity, (2) that the defendant used or invested, directly or indirectly, any part of such income to acquire, any interest in, or establish, or operate, any enterprise, and (3) the defendant is engaged in or affects interstate commerce. The plaintiff must plead or prove that his injury flowed from the defendant's use or investment of racketeering income in order to recover. <u>Danielsen v. Burnside-Ott Aviation Training Ctr.</u>, 941 F.2d 1120, 1129 (D.C.Cir. 1991). It is not sufficient to allege injury flowing from the predicate acts of racketeering. <u>Id.</u>

In <u>Danielsen</u>, the court upheld a Rule 12(b) (6) dismissal of section 1961 (a) claim for failure to "allege and prove an injury arising from use or investment of racketeering income. Here the plaintiffs fail to allege this defendant received income derived from a pattern of racketeering activity, or used income from racketeering activity to operate an enterprise.

In addition, the plaintiffs fail to identify an enterprise or specific enterprise conduct. See. Third Amend. Comp. ¶ 691. The enterprise must be an independent entity separate from the predicate acts. Goldfine v. Sichenzia, 118 F. Supp.2d 392, 401 (S.D.N.Y. 2000). The plaintiffs allege that all of the organizations conspired together to form an enterprise but have not alleged or shown a separate entity that is the enterprise. It would be impossible to conspire with yourself. Therefore the plaintiffs claim as to this count must be dismissed.

  2.  18 U.S.C. 1962 (c)

To maintain an action under §1962 (c) the plaintiff must show (1) that an injury to his business or property by reason of the violation of law, (2) the existence of the enterprise, (3) that the defendant was employed by or associated with the enterprise, (4) that the defendant participated in the conduct of the enterprises affairs, and (5) that the participation was through a pattern of racketeering activity. The plaintiff has failed to allege facts sufficient to sustain this count of the Complaint.

First the plaintiff has only alleged generally damage to property without specific facts to support the allegation. Second, the plaintiff has failed to specifically name the enterprise as anything other than a collection of business transactions spread throughout the Complaint. The person or organization must be distinct from the organization itself. Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). The Plaintiffs allege that each entity is an enterprise in itself but fail to identify the enterprise formed for racketeering. Third, the plaintiffs have not alleged sufficient facts supporting this defendant was employed by or associated with the entity itself. Most activities were consultation independent projects. Fourth, the plaintiff has not alleged any wrong doing

on the part of this defendant.  The Complaint only alleges that the arranged and interview for ABC and delivered a battery.  All transactions alleged were purely legal and no racketeering activity has been shown.

Finally, the plaintiff has failed to show direct participation in the enterprise. Reves v. Ernst & Young, 507 U.S. 170, 184 (1993).  To participate the defendant must participate to some extent "in running the show".  Yellow Bus Lines, Inc. v. Local Union 639, 913 F.2d 948, 954 (D.C.Cir. 1990).  The plaintiff has not alleged that this defendant has participated in the planning or organization of the events of 9/11 or the bin Laden enterprise itself.  In fact, the plaintiff has not even alleged facts sufficient to establish that this defendant knew about the planned terrorist acts at all.  Hamdi had no control over the independent organizations.  He was an editor.  His ties are over five years old; he could not know what the organizations are currently doing.  Without allegations that this defendant individually participated in the "running of the show" so to speak, the Complaint fails to state a claim as to this count.

   3.  18 U.S.C. 1962 (d)

The final RICO claim requires (1) an agreement between two or more people to commit a substantive RICO offense and (2) the defendant must agree to the overall objective of the RICO offense.  United States v. Phillip Morris, 130 F. Supp. 2d 96, 100 (D.C.C. 2001).  Without an agreement there is no RICO offense at all much less under subsection (d).  The Complaint is void of any facts that support the allegation that this defendant knew of the terrorist plans or that this defendant agreed to aid Osama bin Laden or al Qaeda in any way.  The only allegations are working for an organization, work which was done on a independent contractor basis.  The plaintiffs allude to the fact

that the organization and individuals within the organization knew or should have known what the money was being used for but point to no facts to support their legal conclusions.  The Complaint is void of factual allegations as to what the organizations and individuals knew, how they knew it, and what they were supporting.  Again, the only allegation is that the Defendant received money from organizations, all of which was compensation.  Without all of the elements plead with particularity, the cause of action must be dismissed as to this defendant.

The only fact alleged to show an agreement is that Mr. Hamdi knew certain people.  Having contact with people and having an agreement are very different.  Plaintiffs fail to allege any agreement on the part of Mr. Hamdi only that he worked for several companies. Without specific facts alleging an agreement or knowledge the claim must fail as to this count.

## VII. Aiding and Abetting and Conspiracy

Plaintiffs seem to rely on the theories of aiding and abetting and conspiracy to hold defendants liable for all counts alleged in the Complaint.  Without conspiracy and/or aiding and abetting, the entire claim must fail because it is not disputed that this defendant did not directly participate in the murders that occurred on 9/11.  Plaintiffs claim does fail on this count and the entire Complaint should be dismissed as to this defendant.

A.   Conspiracy

The crux of Plaintiffs claims is a conspiracy with Osama Bin Laden and Al Qaeda.  In order to maintain a claim based on conspiracy, Plaintiffs must prove or allege (1) there was an agreement, (2) to do an unlawful act or lawful act in an unlawful

manner, (3) in furtherance of a common scheme, and (4) there was injury.  <u>Halbertam v. Welch</u>, 705 F.Supp.2d 472, 477 (D.C.C. 1983).  There must be a meeting of the minds for an agreement to exist.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158 (1970).  Plaintiffs only vaguely say that defendants as a whole knew or should have known that they were conspiring with the Al Qaeda network.

The Complaint fails to allege knowledge on the part of Mr. Hamdi individually.  There was no direct link shown in the Complaint with bin Laden or Al Qaeda.  Without a direct link, Plaintiffs must allege facts sufficient to show that Mr. Hamdi at least knew that his actions as a journalist would support Al Qaeda.  The Complaint fails to allege facts sufficient to show the knowledge which would be required for an agreement or meeting of the minds to occur under a conspiracy theory.  There is no conspiracy if the party involved does not know of the criminal acts being planned.  If Mr. Hamdi did not know of the criminal acts, he could not have agreed to participate in them.  Without an agreement, the conspiracy count must fail.

B.     <u>Aiding and Abetting</u>

Plaintiffs also claim that defendants aided and abetted the terrorists.  For the defendant to have aided and abetted bin Laden he must have been aware of his role as part of the illegal activity at the time he gave aid.  As stated previously, Mr. Hamdi could not have known that his actions would somehow aid bin Laden.  Hamdi merely did his job as a journalist.  As in <u>Unger</u> Hamdi would have to knowingly and substantially aid bin Laden.  Plaintiffs have failed to allege facts specific to Mr. Hamdi to show the required knowledge and aid.  Therefore, this count and all others based on aiding and abetting theory should be dismissed as to this defendant.

VIII. Punitive Damages

Plaintiffs also make a claim for punitive damages.  To receive punitive damages, the Plaintiffs must allege Mr. Hamdi committed a tortuous act and did so with an evil motive or reckless indifference.  Butera v. District of Columbia, 235 F.3d 637, 657 (D.C. Cir. 2001); District of Columbia v. Jackson, 810 A.2d 388, 396 (D.C. 2002).  Mr. Hamdi did not commit the terrorist hijacking.  In addition, as previously stated, he is not liable for the conduct of third persons without a special relationship to the terrorists or victims.  Plaintiffs fail to allege that Mr. Hamdi committed any action with any kind of evil motive or reckless indifference.  Mr. Hamdi did what was legal and good for his career. As such, he was not reckless in his dealings.  If Mr. Hamdi had no evil motive in conducting business and did not commit a tortuous act, he can not be held liable for punitive damages.  Therefore, this count should be dismissed as to Mr. Hamdi.

## CONCLUSION

Plaintiffs wish to recover one trillion dollars from hundreds of defendants for actions that are alleged to have supported the terrorist who hijacked three planes on September 11, 2003.  They try to allege that all of the hundreds of defendants knew what all of the other defendants were doing and agreed to it.  However, they fail to allege facts specific to Mr. Hamdi to show that he aided or conspired with Osama bin Laden or Al Qaeda or even knew that the companies he consulted with were aiding bin Laden.  The Plaintiffs have the burden of alleging facts specific enough to maintain the cause of action as to each count.  They have failed to do so as to Mr. Hamdi.  In reality Mr. Hamdi was merely a low level editor or outside consultant.

In addition even if the companies Mr. Hamdi allegedly worked for did support terrorism at some earlier date, Plaintiffs would have to allege that the companies or charities supported the actions on 9/11.  Prior bad acts do not show that Mr. Hamdi or his employers participated in the attacks of 9/11.  Plaintiff try to show that participation in one must mean participation in the other.  This logic is not sufficient to sustain an action such as this one.  The Complaint lacks facts and replaces them with conclusions of law that alone will not support this claim.  Plaintiffs fail to allege any wrongdoing on Mr. Hamdi's part and fail to allege that he knew anything of the great conspiracy alluded to in the Complaint.  Mr. Hamdi by virtue of being named in this suit has been added to the long list of victims of 9/11.  Plaintiffs have not pointed to any wrongdoing Mr. Hamdi has done and therefore this action should be dismissed with prejudice.

> Respectfully Submitted,
>
> Maher H. Hanania, Esq.
> 6066 Leesburg Pike
> Suite 101
> Falls Church, VA 22041
> 703-778-2400