T. Barry Kingham (TBK-1219)
Daria M. Ciaputa (DC-0490)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
(212) 696-6000

*Attorneys for*
*HRH Prince Abdullah Al Faisal Bin Abdulaziz Al Saud*
*and Alfaisaliah Group (a/k/a Faisal Group Holding Co.)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————
                                                    )
IN RE: TERRORIST ATTACKS ON      )     03 MDL 1570 (RCC)
SEPTEMBER 11, 2001                         )     ECF Case
                                                    )
———————————————————

*This document relates to: Ashton v. Al Qaeda*
*Islamic Army, 02 CIV 6977 (RCC)*

**REPLY MEMORANDUM OF LAW OF HIS ROYAL HIGHNESS
PRINCE ABDULLAH AL FAISAL BIN ABDULAZIZ AL SAUD AND
ALFAISALIAH GROUP (A/K/A FAISAL GROUP HOLDING CO.) IN SUPPORT
OF THEIR MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**

Table of Contents

Page #

Table of Authorities ....................................................................................................................... ii

Preliminary Statement.................................................................................................................... 1

Argument ....................................................................................................................................... 2

    I    PLAINTIFFS HAVE MISREPRESENTED
        THE ALLEGATIONS MADE IN THE COMPLAINT .................................................. 2

    II   THE COURT LACKS PERSONAL
        JURISDICTION OVER THE AFG DEFENDANTS ...................................................... 3

        A.   The AFG Defendants Are Not Alleged To Have
              "Purposefully Directed" Any Act Toward The United States ................................ 3

        B.   The Complaint Contains No Factual Allegations
              Supporting Plaintiffs' Assertion Of "Conspiracy Jurisdiction".............................. 4

        C.   The Complaint Alleges No "Continuous & Systematic" Contact
              Between AFG And The United States To Establish General Jurisdiction............. 6

        D.   Plaintiffs Are Not Entitled To Jurisdictional Discovery ......................................... 7

    III  THE COMPLAINT FAILS TO STATE A
        CLAIM AGAINST THE AFG DEFENDANTS ............................................................. 8

        A.   The Complaint Does Not Allege Facts To Support Plaintiffs' Claims................... 8

Conclusion ................................................................................................................................... 10

Table of Authorities

Page #

**CASES**

Andre Emmerich Gallery, Inc. v. Segre,
    No. 96 Civ. 889, 1997 U.S. Dist. LEXIS 16899 (S.D.N.Y. Oct. 29, 1997).................. 5

Asahi Metal Indus. Co. v. Superior Court of Cal.,
    480 U.S. 102 (1987)................................................................................................ 4

Bellepointe Inc. v. Kohl's Dep't Stores Inc.,
    975 F. Supp 562 (S.D.N.Y. 1997) ......................................................................... 3

Boim v. Quranic Literacy Institute.,
    291 F.3d 1000 (7th Cir. 2002) ............................................................................. 8, 9

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985)................................................................................................ 4

Burnett v. Al Baraka Inv. & Dev. Corp.,
    Nos. 03 Civ. 9849, 5738 (RCC)............................................................................. 6

Chrysler Capital Corp. v. Century Power Corp.,
    778 F. Supp. 1260 (S.D.N.Y. 1991) ...................................................................... 5

Federal Ins. Co. v. Al Qaida,
    03 Civ. 6978 (RCC)................................................................................................ 6

First Capital Asset Mgmt. Inc. v. Brickellbush, Inc.,
    218 F. Supp 2d 369 (S.D.N.Y. 2002),
    aff'd, ___ F.3d ___, 2004 WL 2155390 (2d Cir. Sept. 27, 2004) ........................ 4, 5

Gear, Inc. v. L.A. Gear Cal., Inc.,
    637 F. Supp. 1323 (S.D.N.Y. 1986) ...................................................................... 7

GMAC Mortgage Corp. v. Weisman,
    No. 95 Civ. 9869, 1997 U.S. Dist. LEXIS 2042 (S.D.N.Y. Feb. 27, 1997) ............ 6

Grove Press Inc. v. Angleton,
    649 F.2d 121 (2d Cir. 1981) ................................................................................. 5

Halberstam v. Welch,
    705 F.2d 472 (D.C. Cir. 1983) .............................................................................. 9

Helicopteros Nacionales de Colombia S.A. v. Hall,
    466 U.S. 408 (1984)................................................................................................ 6

Jazini v. Nissan Motor Co.,
    148 F.3d 181 (2d Cir. 1998) ............................................................................... 3, 7

Lam v. Am. Express Co.,
    265 F. Supp. 2d 225 (S.D.N.Y. 2003) ................................................................... 6

Lehigh Valley Indus. Inc. v. Birenbaum,
    527 F.2d 87 (2d Cir. 1975) ................................................................................ 4, 7

O'Brien v. Nat'l Property Analysis Partners,
    719 F. Supp. 222 (S.D.N.Y. 1989) ........................................................................ 6

Pittman by Pittman v. Grayson,
    149 F.3d 111 (2d Cir. 1998) ................................................................................. 9

Pugh v. Socialist People's Libyan Arab Jamahiriya,
    290 F. Supp. 2d 54 (D.D.C. 2003) ............................................................................. 3
Rein v. Socialist People's Libyan Arab Jamahiriya,
    995 F. Supp. 325 (E.D.N.Y. 1998) ............................................................................ 4
Simmons v. Abruzzo,
    49 F.3d 83 (2d Cir. 1995) .......................................................................................... 9
Swierkiewicz v. Sorema N.A.,
    534 U.S. 506 (2002) ................................................................................................... 9

## STATUTES AND RULES

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 8
Fed. R. Civ. P. 8 ................................................................................................................ 8

## OTHER AUTHORITIES

Anti-Terrorism Act, § 2333(a) ........................................................................................... 8

**Preliminary Statement**

There are no factual allegations in plaintiffs' fourth amended complaint ("complaint") that support the exercise of jurisdiction over, or state a claim against, His Royal Highness Prince Abdullah Al Faisal Bin Abdulaziz Al Saud ("Prince Abdullah") or Alfaisaliah Group (a/k/a Faisal Group Holding Co.) ("AFG") (collectively the "AFG defendants").[1] Plaintiffs have not pleaded any facts supporting an inference that either Prince Abdullah or AFG purposefully directed any activities towards the United States or supported, aided and abetted, or conspired to commit, acts of terrorism.

Rather than *plead* sufficient facts in the complaint, plaintiffs have misrepresented in their opposition papers ("Pl. Opp.") what the complaint actually says. Even with those misrepresentations, however, plaintiffs do not allege that the AFG defendants knowingly or intentionally supported terrorism or provided anything to anyone or made any agreement whatsoever, much less an agreement to assist in the commission of a terrorist act. Plaintiffs cannot cure these deficiencies by simply grouping the AFG defendants with a list of others and pleading, in a conclusory fashion, that all of these defendants are material sponsors of terrorism who have aided and abetted, and conspired with, terrorists intent on attacking the United States. Even the most liberal construction of notice pleading standards does not alleviate plaintiffs' obligation to plead facts particular to *each* defendant which demonstrates plaintiffs' entitlement to relief and provides defendants with fair notice of the claims against them.

Plaintiffs have failed to demonstrate *any* connection between the AFG defendants and the events of September 11.

---

[1] Plaintiffs have voluntarily dismissed the complaint against defendant Mohammed Bin Abdulrahman Al Ariefy. See Ex. A attached.
    The conclusion of plaintiffs' opposition brief makes reference to a "Mohammed bin Abdulazis Al Saud." (Pl. Opp. at 17). No mention is made of this individual in any other section of the opposition brief. It appears that the reference was made in error. The undersigned counsel are not aware of this individual and do not represent him.

## Argument

### I

### PLAINTIFFS HAVE MISREPRESENTED THE ALLEGATIONS MADE IN THE COMPLAINT

Plaintiffs' opposition to this motion relies heavily upon gross mischaracterizations of the complaint. Without quoting from the complaint, plaintiffs make bare assertions in their opposition memorandum that "defendants, through their involvement with terrorist financier, defendant Muhammed Galeb Kalaje Zouaydi, knowingly and intentionally provided financial support to al Qaeda for attacks targeting America" (Pl. Opp. at 7); that defendants "provided assistance and services to the terrorist network (Pl. Opp. at 16); and that they "provided logistical support, financing and funding to al Qaeda" (Pl. Opp. at 17). No such allegations appear anywhere in the complaint.

The allegations that do relate to the AFG defendants are set out in paragraphs 277-85 of the complaint. In sum, they allege that one Muhammed Zouaydi, supposedly an accountant who once worked for Prince Abdullah, was later convicted in Spain for financing al Qaeda operations in Europe. (Cmplt. ¶ 284). As to AFG, the complaint states only that three al Qaeda suspects had a registered address in Taif, Saudi Arabia under the name "Al Faisaliah" that allegedly corresponds to the address of a branch office of AFG. (Cmplt. ¶¶ 282-83).

Plaintiffs do not allege that Prince Abdullah knew anything about Zouaydi or his activities, or intentionally provided anything to Zouaydi. Indeed, there is no allegation that Prince Abdullah actually *did* anything. Similarly, there is no allegation that AFG knew of, or consented to, the alleged use of its branch office post office box as a "registered address" by others. Nor is it alleged that AFG knew that anyone who might have used such an address was involved in terrorist activity anywhere, let alone in the United States. The complaint does not

allege any facts to support a conclusion that the AFG defendants "knowingly and intentionally provided financial support for al Qaeda." (Pl. Opp. at 2).

## II

## THE COURT LACKS PERSONAL JURISDICTION OVER THE AFG DEFENDANTS

Plaintiffs' jurisdictional arguments are dependent upon the misrepresentations of the complaint discussed above, conclusory allegations, and supposed new "facts" contained only in the opposition brief. Plaintiffs have failed to make a *prima facie* showing of jurisdiction.

This burden can only be met by "plead[ing] *facts* which, if true, are *sufficient in themselves* to establish jurisdiction." Bellepointe Inc. v. Kohl's Dep't Stores Inc., 975 F. Supp 562, 564 (S.D.N.Y. 1997) (emphasis added); see also Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998). The complaint simply does not allege any contacts between the AFG defendants and the United States, let alone to al Qaeda and the terrorist attacks of September 11.

### A. The AFG Defendants Are Not Alleged To Have "Purposefully Directed" Any Act Toward The United States

Plaintiffs do not contend that Prince Abdullah has minimum contacts with the United States sufficient to establish general personal jurisdiction. Rather, plaintiffs argue that Prince Abdullah "knowingly and intentionally provided financial support for al Qaeda" and thus "should have reasonably anticipated being haled into [c]ourt in the United States." (Pl. Opp. at 2-6). This argument is flawed.

The complaint does not allege that Prince Abdullah engaged in any knowing or intentional conduct whatsoever. In the absence of such allegations, plaintiffs' legal argument is irrelevant and the authorities they cite are inapposite. Plaintiffs' reliance on Pugh v. Socialist People's Libyan Arab Jamahiriya, 290 F. Supp. 2d 54, 59-60 (D.D.C. 2003) and Rein v. Socialist

People's Libyan Arab Jamahiriya, 995 F. Supp. 325, 330 (E.D.N.Y. 1998) is misplaced. Those cases concern the application of the Foreign Sovereign Immunity Act ("FSIA") to Libya (a state designated sponsor of terrorism) and it agents — they have no bearing on whether Prince Abdullah (to whom the FSIA does not apply) has any contacts with the United States, al Qaeda, or September 11.

Plaintiffs' misplaced reliance on these cases has caused them to misstate the applicable test for specific jurisdiction. Plaintiffs must establish a "substantial connection between the defendant and the forum . . . [by demonstrating] *an action of the defendant purposefully directed toward the forum*." Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 112 (1987) (citations and quotation marks omitted) (emphasis in original). The allegation that Prince Abdullah once employed an accountant who is now alleged to have somehow supported terrorism (Cmplt. ¶ 284), cannot constitute conduct by Prince Adbullah "purposefully directed toward" or "expressly aimed at" the United States. To the contrary, "a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts, or of the unilateral activity of another party or third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal quotation marks omitted).

B.  **The Complaint Contains No Factual Allegations Supporting Plaintiffs' Assertion Of "Conspiracy Jurisdiction"**

Plaintiffs cannot rely on a conspiracy theory of jurisdiction because the complaint does not allege facts that support the theory. The Second Circuit refuses to exercise jurisdiction based upon "the bland assertion of conspiracy." Lehigh Valley Indus. Inc. v. Birenbaum, 527 F.2d 87, 93-94 (2d Cir. 1975). See also First Capital Asset Mgmt. Inc. v. Brickellbush, Inc., 218 F. Supp 2d 369, 394 (S.D.N.Y. 2002), aff'd, ___ F.3d ___, 2004 WL 2155390 (2d Cir. Sept. 27, 2004). In their only attempt to identify supporting facts, plaintiffs argue that "the

-4-

[complaint] makes a *prima facie* showing of conspiracy between defendants and al Qaeda to injure America through his [sic] involvement with known terrorist financier, defendant Zouaydi." (Pl. Opp. at 7). However, vague and conclusory allegations that Prince Abdullah or AFG are "involve[d] with" or "implicated in" terrorism financing are insufficient. (Pl. Opp. at 7; Cmplt. ¶ 241).

To support the exercise of jurisdiction over an out-of-forum defendant based on conspiracy, plaintiffs must make a *prima facie* showing that (a) the AFG defendants were members of the conspiracy – that is, they made an agreement with others to commit a wrongful act; and (b) the person who acted wrongfully in the forum did so as the AFG defendants' agent. See Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1266 (S.D.N.Y. 1991) (membership); Andre Emmerich Gallery, Inc. v. Segre, No. 96 Civ. 889, 1997 U.S. Dist. LEXIS 16899, at *12 (S.D.N.Y. Oct. 29, 1997 (agreement); Grove Press Inc. v. Angleton, 649 F.2d 121, 122 (2d Cir. 1981) (agency).[2] Here there is no allegation that the AFG defendants entered into any agreement, much less an agreement to support terrorist attacks against the United States, nor is it alleged that anyone within the United States acted "for the benefit, with the knowledge and consent of, and under some control by the [AFG defendants]." Grove Press, Inc., 649 F.2d at 122. And any possible inference of such an agreement or control is unreasonable given the deminimus allegations asserted against the AFG defendants.

---

[2] See also First Capital Asset Mgmt., Inc. v. Brickellbush, Inc., 218 F. Supp. 2d 369, 394 (S.D.N.Y. 2002) (to establish jurisdiction based on conspiracy, "plaintiff must (1) establish a *prima facie* case of conspiracy, (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy, (3) demonstrate the commission of a tortious act in New York, and (4) demonstrate the requisite agency relationship between the nondomiciliary defendant and the in-state tortfeasor") (citations omitted).

C.  **The Complaint Alleges No "Continuous & Systematic" Contact Between AFG And The United States To Establish General Jurisdiction**

Unlike plaintiffs in related actions who have conceded that general jurisdiction over AFG is lacking,[3] plaintiffs here have attempted to cure the defect in the complaint by alleging "new" contacts in their opposition brief. (Pl. Opp. at 8). Plaintiffs' attempt must fail. "Papers in response to a motion to dismiss cannot cure a defect in the pleadings." GMAC Mortgage Corp. v. Weisman, No. 95 Civ. 9869, 1997 U.S. Dist. LEXIS 2042, at *10 (S.D.N.Y. Feb. 27, 1997).[4]

However, even if the Court were to consider the "new" allegations in the opposition papers, plaintiffs still have not pleaded sufficient allegations to confer jurisdiction over AFG. Although not alleged in the complaint, plaintiffs now contend that "one of [AFG's] subsidiaries, Al Faisaliah Medical Systems, had a contract with the United States Department of Defense as late as 2001," and that "[AFG] has a majority interest in Ebttikar Technology Company, which has a U.S. subsidiary, Gulf Stars International." (Pl. Opp. at 8). Even if this allegation had been pleaded, a single contract between a subsidiary of AFG and a United States corporation, and an indirect interest in a United States company, do not meet the rigorous "continuous and systematic contacts" requirement of general jurisdiction. See, e.g., Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 416-18 (1984).

Plaintiffs' "new" allegations are even more egregious in that they contradict the allegations in the complaint. Plaintiffs allege in the complaint that "[AFG] is the representative agent in Saudi Arabia of several international companies, including . . . Megastar."

---

[3]  See Burnett v. Al Baraka Inv. & Dev. Corp., Nos. 03 Civ. 9849, 5738 (RCC), and Federal Ins. Co. v. Al Qaida, 03 Civ. 6978 (RCC).

[4]  See also Lam v. Am. Express Co., 265 F. Supp. 2d 225, 234 n.1 (S.D.N.Y. 2003) ("A plaintiff cannot effectively amend his complaint by means of allegations and materials contained in papers generated in response to a motion to dismiss."); O'Brien v. Nat'l Property Analysis Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("it is axiomatic that the [c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss").

(Cmplt. ¶ 281). However, in their opposition memorandum, plaintiffs now claim that "Megastar" is a "subsidiary of AFG" which "conducts business with numerous U.S. companies . . . *in Saudi Arabia*. (Pl. Opp. at 8) (emphasis added). Either way, this strained and confused attempt to allege jurisdictional facts is untenable. Jurisdictional agency does not work in the reverse – the conduct of U.S. companies cannot supply the basis for jurisdiction over AFG in the United States when it acts as their agent abroad. (See AFG Mem. at 7-8).[5] Nor does an alleged subsidiary of AFG that conducts business with U.S. companies *in Saudi Arabia* provide a jurisdictional nexus with *the United States*.

### D.  Plaintiffs Are Not Entitled To Jurisdictional Discovery

Jurisdictional discovery will be granted only where a plaintiff has made "legally sufficient allegations of jurisdiction, i.e., by making 'a *prima facie* showing' of jurisdiction." Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998). The complaint makes no such showing. Accordingly, plaintiffs should not be permitted to conduct discovery. See Lehigh Valley Indus. Inc. v. Birenbaum, 527 F.2d 87, 94 (2d Cir. 1975) (denial of discovery not abuse of discretion where plaintiff failed to meet threshold of pleading *prima facie* jurisdiction).

Moreover, plaintiffs do not claim there is a factual dispute requiring discovery. In these circumstances, discovery should not be granted "to allow plaintiff[s] to engage in an unfounded fishing expedition for jurisdictional facts." Gear, Inc. v. L.A. Gear Cal., Inc., 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986).

---

[5]  Citations to "AFG Mem. at ___" refer to the AFG defendants' motion to dismiss and accompanying memorandum of law, dated July 29, 2004.

# III

## THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE AFG DEFENDANTS

The complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiffs have not adequately pleaded causation or the requisite knowledge and intent as to Prince Abdullah and AFG.

Absent the necessary supporting facts, plaintiffs make general and conclusory allegations that they try to defend by invoking the standards of notice pleading under Fed. R. Civ. P. 8. (Pl. Opp. at 9-10). But even the most liberal construction of Rule 8 does not relieve plaintiffs of the obligation to plead specific facts against individual defendants.

### A.     The Complaint Does Not Allege Facts To Support Plaintiffs' Claims

Plaintiffs offer two flawed theories of liability. First, plaintiffs argue that the AFG defendants have themselves committed acts of international terrorism, in violation of § 2333(a) of the Anti-Terrorism Act ("ATA"), by knowingly providing "material support" to foreign terrorist organizations. (Pl. Opp. at 10-14). Second, plaintiffs allege that Prince Abdullah and AFG are liable under traditional tort theories of aiding and abetting and conspiracy. (Pl. Opp. at 14-16).

To sustain their complaint, plaintiffs must plead facts that show that the AFG defendants acted "knowingly and intentionally" in their support of al Qaeda's terrorist attacks against the United States. See Boim v. Quranic Literacy Institute., 291 F.3d 1000, 1012 (7th Cir. 2002) (no cause of action against defendants who donated unspecified amounts of money to Hamas "neither knowing nor suspecting that Hamas would in turn financially support the persons who murdered [plaintiffs' son]"). This requirement applies with equal force to claims involving conspiracy and aiding and abetting. See Pittman by Pittman v. Grayson,

149 F.3d 111, 123 (2d Cir. 1998) (conspiracy or aiding and abetting requires that "the defendant must know the wrongful nature of the primary wrongdoer's conduct"); Boim, 291 F.3d at 1021 (liability under the ATA may be extended to "aiders and abettors who knowingly and intentionally funded acts of terrorism"); Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983) (aiding and abetting requires knowing conduct that substantially aids the commission of a tort).

Plaintiffs do not allege that Prince Abdullah or AFG engaged in any knowing or intentional conduct whatsoever. Nor is there any allegation that they provided anything to anyone or entered into an agreement of any kind. Absent allegations of knowing conduct, plaintiffs' complaint fails to state a claim.

Plaintiffs' reliance on Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) is misplaced. In that case, the Supreme Court rejected heightened pleading standards for Title VII cases and reconfirmed that a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512 (finding that fair notice had been given because the complaint specifically detailed the relevant events leading to petitioner's termination).[6] Swierkiewicz did not relieve plaintiffs of the obligation to plead specific facts supporting the elements of their claims against each defendant.

---

[6] Plaintiffs stretch the liberal standards of notice pleading beyond any fair reading of the authorities upon which they rely. The pleadings at issue in those cases contained substantial factual allegations. See, e.g., Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) ("Though perhaps some details are lacking, the amended complaint (a) indicated that all of the events took place in January 1992, (b) specified which events took place at which medical facility, and (c) in many instances *ascribed specific facts to specific individual defendants*.") (emphasis added).

## Conclusion

For the foregoing reasons, and those contained in their Memorandum of Law in Support of the Motion to Dismiss, the AFG defendants respectfully request that the complaint be dismissed as to Prince Abdullah and AFG.

Dated: New York, New York
       October 28, 2004

Respectfully submitted,

CURTIS, MALLET-PREVOST,
   COLT & MOSLE LLP

By:  s/*T. Barry Kingham*
    T. Barry Kingham (TBK-1219)
    Daria M. Ciaputa (DC-0490)
    101 Park Avenue
    New York, New York  10178
    (212) 696-6000

Attorneys for
*HRH Prince Abdullah Al Faisal Bin Abdulaziz Al Saud and Alfaisaliah Group (a/k/a Faisal Group Holding Co.)*

**EXHIBIT A**

# KREINDLER & KREINDLER LLP

Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Blanca I. Rodriguez
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Gretchen M. Nelson*
Stuart R. Fraenkel*

Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
Andrew J. Maloney, III
   Counsel

100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

Susan A. Friery, M.D.**
Daniel O. Rose
Jacqueline M. James
Brendan S. Maher
Susan D. Bainnson
Dennis J. Nolan
Myrna Ocasio
Vincent I. Parrett
William O. Angelley

California Office
707 Wilshire Boulevard
Suite 5070
Los Angeles, CA 90017-3613
(213) 622-6469
Fax: (213) 622-6019

*Admitted in CA only
**Admitted in MA & DC only

October 20, 2004

**By Hand**
Honorable Richard C. Casey
United States District Court
Southern District of New York
500 Pearl Street - Room 1950
New York, New York 10007

Re:  **MDL 1570**
     **Ashton, et al. v. Al Qaeda, et al.**
     **02 CV 6977 (RCC)**

     **Defendant: Mohammed Bin Abdulrahman Al Ariefy**

Dear Judge Casey:

The *Ashton* plaintiffs voluntarily dismissed defendant Mohammed Bin Abdulrahman Al Ariefy in an Order signed by Your Honor on June 10, 2004. On July 29, 2004, defendants Prince Abdullah Al Faisal Bin Abdulaziz Al Saud, Mohammed Bin Abdulrahman Al Ariefy and Alfaisilah Group filed a joint motion to dismiss. We filed our opposition papers on October 4th and inadvertently failed to note that this defendant had already been dismissed.

We write, after consulting with defense counsel, to clarify that Mr. Al Ariefy is no longer a defendant in the case, a fact that is not clear in our papers.

Respectfully submitted,

KREINDLER & KREINDLER

By:    Susan D. Bainnson

cc:  Daria M. Ciaputa, Esq. (By Hand)