T. Barry Kingham (TBK-1219)
Daria M. Ciaputa (DC-0490)
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
(212) 696-6000

*Attorneys for
HRH Prince Abdullah Al Faisal Bin Abdulaziz Al Saud
and Alfaisaliah Group (a/k/a Faisal Group Holding Co.)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TERRORIST ATTACKS ON ) <br> SEPTEMBER 11, 2001 ) | 03 MDL 1570 (RCC) <br> ECF Case |

*This document relates to: Burnett v. Al Baraka
Investment & Development Corp., 03 CIV 9849 (RCC);
Burnett v. Al Baraka Investment & Development Corp., 03 CIV 5738 (RCC)*

**REPLY MEMORANDUM OF LAW OF HIS ROYAL HIGHNESS
PRINCE ABDULLAH AL FAISAL BIN ABDULAZIZ AL SAUD AND
ALFAISALIAH GROUP (A/K/A FAISAL GROUP HOLDING CO.) IN SUPPORT
OF THEIR MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

## Table of Contents

Page #

Table of Authorities .................................................................................................................... ii

Preliminary Statement ................................................................................................................. 1

Argument ..................................................................................................................................... 2

    I    PLAINTIFFS HAVE MISREPRESENTED
THE ALLEGATIONS MADE IN THE COMPLAINT ............................................... 2

    II   THE COURT LACKS SPECIFIC PERSONAL
JURISDICTION OVER THE AFG DEFENDANTS .................................................. 3

          A.    The Complaint Contains No Factual Allegations
Supporting Plaintiffs' Assertion Of "Conspiracy Jurisdiction" .......................... 4

          B.    The AFG Defendants Are Not Alleged To Have
"Purposefully Directed" Any Act Toward The United States ............................ 5

          C.    Plaintiffs Are Not Entitled To Jurisdictional Discovery .................................... 6

    III   THE COMPLAINT FAILS TO STATE A
CLAIM AGAINST THE AFG DEFENDANTS .......................................................... 7

          A.    The Complaint Does Not Allege Facts To Support Plaintiffs' Claims ............... 7

    IV   Plaintiffs' Other Claims Are Not Cognizable ............................................................. 8

          A.    Torture Victim Protection Act ........................................................................... 8

          B.    RICO .................................................................................................................... 9

Conclusion ................................................................................................................................. 10

Table of Authorities

Page #

**CASES**

Asahi Metal Indus. Co. v. Superior Court of Cal.,
  480 U.S. 102 (1987).................................................................................................. 5

Bellepointe Inc. v. Kohl's Dep't Stores Inc.,
  975 F. Supp. 562 (S.D.N.Y. 1997) ............................................................................ 3

Boim v. Quranic Literacy Institute.,
  291 F.3d 1000 (7th Cir. 2002) ................................................................................ 7, 8

Burger King Corp. v. Rudzewicz,
  471 U.S. 462 (1985)................................................................................................ 5, 6

Burnett v. Al Baraka Inv. & Dev. Corp.,
  274 F. Supp. 2d 86 (D.D.C. 2003) ............................................................................ 9

Calder v. Jones,
  465 U.S. 783 (1984).................................................................................................. 5

Chrysler Capital Corp. v. Century Power Corp.,
  778 F. Supp. 1260 (S.D.N.Y. 1991) ......................................................................... 4

Daliberti v. Iraq,
  97 F. Supp. 2d 38 (D.D.C. 2000) .............................................................................. 6

First Capital Asset Mgmt. Inc. v. Brickellbush, Inc.,
  218 F. Supp 2d 369 (S.D.N.Y. 2002),
  aff'd, ___ F.3d ___, 2004 WL 2155390 (2d Cir. Sept. 27, 2004) .............................. 4

Gear, Inc. v. L.A. Gear Cal., Inc.,
  637 F. Supp. 1323 (S.D.N.Y. 1986) ......................................................................... 6

Halberstam v. Welch,
  705 F.2d 472 (D.C. Cir. 1983) .................................................................................. 8

Hollander v. Flash Dancers Topless Club,
  No. 03 Civ. 2717, 2004 WL 2186558 (S.D.N.Y. Sept. 28, 2004) ............................. 9

Jazini v. Nissan Motor Co.,
  148 F.3d 181 (2d Cir. 1998) .................................................................................. 3, 6

Lehigh Valley Indus. Inc. v. Birenbaum,
  527 F.2d 87 (2d Cir. 1975) .................................................................................... 4, 6

Pittman by Pittman v. Grayson,
  149 F.3d 111 (2d Cir. 1998) ...................................................................................... 8

Pugh v. Socialist People's Libyan Arab Jamahiriya,
  290 F. Supp. 2d 54 (D.D.C. 2003) ............................................................................ 5

Rein v. Socialist People's Libyan Arab Jamahiriya,
  995 F. Supp. 325 (E.D.N.Y. 1998) ........................................................................... 5

Savine-Rivas v. Farina,
  No. 90 Civ. 4335, 1992 WL 193668 (S.D.N.Y. Aug. 4, 1992) ................................. 9

Shaw v. Rolex Watch U.S.A., Inc.,
  776 F. Supp. 128 (S.D.N.Y. 1991) ........................................................................... 9

Simon v. Philip Morris, Inc.,
  86 F. Supp. 2d 95 (E.D.N.Y. 2000) .................................................................................. 4, 6

## STATUTES AND RULES

18 U.S.C. § 1964(c) ............................................................................................................... 9
Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 7
Fed. R. Civ. P. 8 .................................................................................................................... 7

## OTHER AUTHORITIES

Anti-Terrorism Act, § 2333(a) ............................................................................................... 7

## **Preliminary Statement**

There are no factual allegations in plaintiffs' third amended complaint ("complaint") that support the exercise of jurisdiction over, or state a claim against, His Royal Highness Prince Abdullah Al Faisal Bin Abdulaziz Al Saud ("Prince Abdullah") or Alfaisaliah Group (a/k/a Faisal Group Holding Co.) ("AFG") (collectively the "AFG defendants"). Plaintiffs have not pleaded any facts supporting an inference that either Prince Abdullah or AFG purposefully directed any activities towards the United States or supported, aided and abetted, or conspired to commit, acts of terrorism.

Rather than *plead* sufficient facts in the complaint, plaintiffs have misrepresented in their opposition papers ("Pl. Opp.") what the complaint actually says. Even with those misrepresentations, however, plaintiffs do not allege that the AFG defendants knowingly or intentionally supported terrorism or provided anything to anyone or made any agreement whatsoever, much less an agreement to assist in the commission of a terrorist act. Plaintiffs cannot cure these deficiencies by simply grouping the AFG defendants with a list of others and pleading, in a conclusory fashion, that all of these defendants are material sponsors of terrorism who have aided and abetted, and conspired with, terrorists intent on attacking the United States. Even the most liberal construction of notice pleading standards does not alleviate plaintiffs' obligation to plead facts particular to *each* defendant which demonstrates plaintiffs' entitlement to relief and provides defendants with fair notice of the claims against them.

Plaintiffs have failed to demonstrate *any* connection between the AFG defendants and the events of September 11.

**Argument**

I

**PLAINTIFFS HAVE MISREPRESENTED
THE ALLEGATIONS MADE IN THE COMPLAINT**

Plaintiffs' opposition to this motion relies upon gross mischaracterizations of the complaint. Without quoting from the complaint, plaintiffs make unsupported assertions in their opposition brief that "the Alfaisaliah Defendants' significant business interests have provided material and financial support to al Qaeda" (Pl. Opp. at 2); "the Alfaisaliah Defendants aided and abetted and provided material support to [the al Qaeda] conspiracy" (Pl. Opp. at 11); and "they knowingly aided, abetted and conspired to fund the activities of terrorists, including al Qaeda" (Pl. Opp. at 12). No such allegations against the AFG defendants appear anywhere in the complaint.

The allegations that do relate to the AFG defendants are set out in paragraphs 367-76 of the complaint. In sum, they allege that one Muhammed Zouaydi, an accountant who supposedly once worked for Prince Abdullah, was later convicted in Spain for financing al Qaeda operations in Europe. (Cmplt. at ¶¶ 373-74). As to AFG, the complaint alleges only that three al Qaeda suspects had a registered address in Taif, Saudi Arabia under the name "Al Faisaliah" that allegedly corresponds to the address of a branch office of AFG. (Cmplt. ¶¶ 372-73).

Plaintiffs then argue that it is reasonable to infer that because Zouaydi once worked as an accountant for Prince Abdullah and that an al Qaeda suspect "gave" an AFG post office box as his own address, the AFG defendants knowingly provided material support to al Qaeda. (Pl. Opp. at 4 & 11). Such an inference strains all reason. Nothing in the complaint suggests that Prince Abdullah knew anything about Zouaydi or his activities, or intentionally

2

provided anything to him in support of al Qaeda. Indeed, there is no allegation that Prince Abdullah *did* anything. Similarly, there is no allegation that AFG knew of, or consented to, the use of its branch office post office box as an address by others.[1] Nor is it alleged that AFG knew that anyone who might have used such an address was involved in terrorist activity anywhere, let alone the United States. The complaint simply does *not* allege that the AFG defendants "knowingly aided, abetted and conspired to fund the activities of terrorists, including al Qaeda" (Pl. Opp. at 12).

II

### THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER THE AFG DEFENDANTS

Plaintiffs concede that the AFG defendants do not have sufficient minimum contacts with the United States to support the exercise of general personal jurisdiction. Instead, plaintiffs rely on a conspiracy theory of jurisdiction and the doctrine of specific jurisdiction. (Pl. Opp. at 3-11). Plaintiffs also concede that they must make a "*prima facie* showing of jurisdiction" at the pleading stage. (Pl. Opp. at 3). However, this burden can only be met by "plead[ing] *facts* which, if true, are *sufficient in themselves* to establish jurisdiction." Bellepointe Inc. v. Kohl's Dep't Stores Inc., 975 F. Supp. 562, 564 (S.D.N.Y. 1997) (emphasis added). See also Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998). The complaint does not allege any *facts* supporting either jurisdictional theory. Plaintiffs merely disguise conclusory legal standards as supposed factual allegations.

---

[1] While the AFG defendants recognize that the allegations of the complaint must be taken as true for purposes of this motion, we note that they deny the existence of such a branch office and post office box.

3

A.  **The Complaint Contains No Factual Allegations
    Supporting Plaintiffs' Assertion Of "Conspiracy Jurisdiction"**

The courts of the Second Circuit have expressly and repeatedly refused to exercise jurisdiction based upon "the bland assertion of conspiracy." Lehigh Valley Indus. Inc. v. Birenbaum, 527 F.2d 87, 93-94 (2d Cir. 1975). See also First Capital Asset Mgmt. Inc. v. Brickellbush, Inc., 218 F. Supp 2d 369, 394 (S.D.N.Y. 2002), aff'd, ___ F.3d ___, 2004 WL 2155390 (2d Cir. Sept. 27, 2004); Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1266 (S.D.N.Y. 1991). But plaintiffs offer nothing more. Plaintiffs merely argue in their opposition papers that when "fairly read," the complaint adequately alleges a conspiracy theory. (Pl. Opp. at 11). It does not.

Plaintiffs' assertion that they have made a *prima facie* showing of conspiracy is defeated by the very authorities upon which they rely. See, e.g., Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1266 (S.D.N.Y. 1991) ("To establish jurisdiction on this basis, a plaintiff, must clear two hurdles: (1) it must make a *prima facie* factual showing of conspiracy; and (2) it must allege specific facts warranting the inference that the defendant was a member of the conspiracy."); Simon v. Philip Morris, Inc., 86 F. Supp. 2d 95, 120 (E.D.N.Y. 2000) (in additional to allegations of a primary tort, plaintiffs must show (1) a corrupt agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) defendants' intentional participation in furtherance of the agreement; and (4) resulting damage or injury).

While plaintiffs argue in their opposition papers that the complaint "alleges an agreement among Osama bin Laden and numerous others to recruit and train terrorists" (Pl. Opp. at 11), the complaint contains no allegation that the AFG defendants entered into any agreement, much less an agreement to support terrorism, nor is it alleged that they knowingly did anything in furtherance of a plan to attack the United States. Instead, plaintiffs simply argue that such an

4

agreement and intentional participation can be "inferred." (Pl. Opp. at 11). But any supposed "inference" is unreasonable given the absence of factual allegations in the complaint against the AFG defendants. Plaintiffs' conspiracy theory of jurisdiction fails.

**B.  The AFG Defendants Are Not Alleged To Have "Purposefully Directed" Any Act Toward The United States**

Specific jurisdiction requires plaintiffs to establish a "substantial connection between the defendant and the forum . . . [by demonstrating] *an action of the defendant purposefully directed toward the forum.*" Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 112 (1987) (citations and quotation marks omitted) (emphasis in original); see also Calder v. Jones, 465 U.S. 783, 789 (1984) (jurisdiction established over defendants whose "intentional, and allegedly tortious, actions were expressly aimed at" the forum). The AFG defendants cannot be subject to the exercise of specific personal jurisdiction. The allegation that Prince Abdullah once employed an accountant who is now alleged to have somehow supported terrorism, cannot constitute conduct "purposefully directed toward" or "expressly aimed at" the United States. Nor can the allegation that al Qaeda suspects had a registered address which supposedly corresponds to the post office box of a branch office of AFG. To the contrary, the Supreme Court has made clear that "a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts, or of the unilateral activity of another party or third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal quotation marks omitted).

Plaintiffs rely upon three inapposite cases in an attempt to overcome the requirement of alleging purposeful conduct. (Pl. Opp. at 6-9). Pugh v. Socialist People's Libyan Arab Jamahiriya, 290 F. Supp. 2d 54, 59-60 (D.D.C. 2003), Rein v. Socialist People's Libyan Arab Jamahiriya, 995 F. Supp. 325, 330 (E.D.N.Y. 1998), and Daliberti v. Iraq, 97 F. Supp. 2d

5

38 (D.D.C. 2000) all involved the application of the Foreign Sovereign Immunity Act ("FSIA") to state designated sponsors of terrorism and their agents. These cases have no bearing on whether the AFG defendants (to whom the FSIA does not apply) have any connection with the United States, al Qaeda, or September 11.

Plaintiffs' reliance on "policy considerations" is similarly unavailing. (Pl. Opp. at 5-6) The reasonableness of the exercise of jurisdiction in the forum is secondary to the establishment of minimum contacts. See Burger King, 471 U.S. at 474 & 476; Simon v. Philip Morris Inc., 86 F. Supp. 2d 95, 128 (E.D.N.Y. 2000) (the reasonableness of the exercise of jurisdiction is only considered "[o]nce it has been determined that minimum contacts exist").

In the absence of specific factual allegations of purposeful conduct, plaintiffs have failed to establish *prima facie* jurisdiction over the AFG defendants.

### C. Plaintiffs Are Not Entitled To Jurisdictional Discovery

Jurisdictional discovery will only be granted where a plaintiff has made "legally sufficient allegations of jurisdiction, i.e., by making 'a *prima facie* showing' of jurisdiction." Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998). The complaint makes no such showing. Accordingly, plaintiffs should not be permitted to conduct discovery. See Lehigh Valley Indus. Inc. v. Birenbaum, 527 F.2d 87, 94 (2d Cir. 1975) (denial of discovery not abuse of discretion where plaintiff failed to meet threshold of pleading *prima facie* jurisdiction).

Moreover, the AFG defendants have not challenged the *substance* of plaintiffs' allegations, accepting that the Court may consider the allegations as true solely for the purpose of deciding the motion to dismiss. In these circumstances, discovery should not be granted "to allow plaintiff[s] to engage in an unfounded fishing expedition for jurisdictional facts." Gear, Inc. v. L.A. Gear Cal., Inc., 637 F. Supp. 1323, 1328 (S.D.N.Y. 1986).

## III

## THE COMPLAINT FAILS TO STATE A
## CLAIM AGAINST THE AFG DEFENDANTS

The complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiffs' have not adequately pleaded causation or the requisite knowledge and intent as to Prince Abdullah and AFG.

Absent the necessary supporting facts, plaintiffs make general and conclusory allegations they try to defend by invoking the standards of notice pleading under Fed. R. Civ. P. 8. (Pl. Opp. at 12). This tactic fails: even the most liberal construction of Rule 8 does not relieve plaintiffs of the obligation to plead specific facts against individual defendants.

### A.     The Complaint Does Not Allege Facts To Support Plaintiffs' Claims

Plaintiffs offer two flawed theories of liability. First, plaintiffs argue that the AFG defendants have themselves committed acts of international terrorism, in violation of § 2333(a) of the Anti-Terrorism Act ("ATA"), by knowingly providing "material support" to foreign terrorist organizations. (Pl. Opp. at 13-15). Second, plaintiffs allege that Prince Abdullah and AFG are liable under traditional tort theories of aiding and abetting and conspiracy. (Pl. Opp. at 12).

To sustain their complaint, plaintiffs must plead facts that show that the AFG defendants acted "knowingly and intentionally" in their support of al Qaeda's terrorist attacks against the United States. See Boim v. Quranic Literacy Institute., 291 F.3d 1000, 1012 (7th Cir. 2002) (no cause of action against defendants who donated unspecified amounts of money to Hamas "neither knowing nor suspecting that Hamas would in turn financially support the persons who murdered [plaintiffs' son]"). This requirement applies with equal force to claims involving conspiracy and aiding and abetting. See Pittman by Pittman v. Grayson,

149 F.3d 111, 123 (2d Cir. 1998) (conspiracy or aiding and abetting requires that "the defendant must know the wrongful nature of the primary wrongdoer's conduct"); Boim, 291 F.3d at 1021 (liability under the ATA may be extended to "aiders and abettors who knowingly and intentionally funded acts of terrorism"); Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983) (aiding and abetting requires "knowing conduct that substantially aids" the commission of a tort").

Plaintiffs fail to allege that Prince Abdullah or AFG engaged in any knowing or intentional conduct whatsoever. Nor is there any allegation that they provided anything to anyone or entered into an agreement of any kind. Absent allegations of knowing conduct, plaintiffs' complaint fails to state a claim.

## IV

## Plaintiffs' Other Claims Are Not Cognizable[2]

### A. Torture Victim Protection Act

Plaintiffs concede that the complaint fails to state a claim against the AFG defendants under the Torture Victim Protection Act ("TVPA"), and plaintiffs have voluntarily withdrawn this claim. (Pl. Opp. at 18, n.8) ("Plaintiffs do not currently intend to pursue this

---

[2] See AFG Memorandum of Law, dated July 29, 2004, at p. 25, for a discussion of the negligence claims and non-count claims. In their opposition brief, plaintiffs do not defend these claims. Accordingly, the AFG defendants rely on their motion to dismiss and accompanying memorandum of law in support of dismissing these claims and do not present any further argument here.

8

claim against these defendants."). Although plaintiffs withdraw the TVPA claim, they also "reserve the right, however, to replead this claim." (Pl. Opp. at 18, n.8). Plaintiffs should not have it both ways. The TVPA claim should be dismissed for failure to state a claim.

**B.   RICO**

As Judge Robertson held in this case prior to its transfer to this Court, plaintiffs fail to allege the requisite damage to "business or property" to sustain a civil RICO claim under 18 U.S.C. § 1964(c). (See AFG Mem. at 23, citing Burnett v. Al Baraka Inv. & Dev. Corp., 274 F. Supp. 2d 86, 100-02 (D.D.C. 2003)).

Plaintiffs argue that this Court is not bound by Judge Robertson's ruling. (Pl. Opp. at 17). However, that ruling is consistent with the law of this district. See Hollander v. Flash Dancers Topless Club, No. 03 Civ. 2717, 2004 WL 2186558, at *4 (S.D.N.Y. Sept. 28, 2004) (to state a claim for civil remedies under RICO, plaintiff must allege that "he was injured in his business or property," not a "physical, emotional or reputational harm or any economic aspect of such harm") (and cases cited therein); Savine-Rivas v. Farina, No. 90 Civ. 4335, 1992 WL 193668, at *3 (S.D.N.Y. Aug. 4, 1992) (holding that claims of personal injury or harassment do not constitute damage to business or property as required by RICO statute); Shaw v. Rolex Watch U.S.A., Inc., 776 F. Supp. 128, 134-35 (S.D.N.Y. 1991) (emotional distress and physical injury not cognizable under RICO).

Plaintiffs make no factual allegations of any damage to their respective businesses or property. The civil RICO claim fails to state a claim and should be dismissed.

9

## Conclusion

For the foregoing reasons, and those contained in their Memorandum of Law in Support of the Motion to Dismiss, the AFG defendants respectfully request that the complaint be dismissed as to Prince Abdullah and AFG.

Dated: New York, New York
       October 28, 2004

                        Respectfully submitted,

                        CURTIS, MALLET-PREVOST,
                          COLT & MOSLE LLP

                        By:    s/*T. Barry Kingham*
                             T. Barry Kingham (TBK-1219)
                             Daria M. Ciaputa (DC-0490)
                             101 Park Avenue
                             New York, New York  10178
                             (212) 696-6000

                        Attorneys for
                        *HRH Prince Abdullah Al Faisal Bin Abdulaziz Al Saud and Alfaisaliah Group (a/k/a Faisal Group Holding Co.)*