**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

In re Terrorist Attacks on September 11, 2001                      **03 MDL 1570 (RCC)**

----------------------------------------------------------x

**KATHLEEN ASHTON**, *et al.*,
                                                                   **02 CV 6977 (RCC)**
                         **Plaintiffs,**

         **v.**

**AL QAEDA ISLAMIC ARMY**, *et al.*,

                         **Defendants.**

----------------------------------------------------------x


### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
### MOTION TO DISMISS OF DEFENDANT YASSIN ABDULLAH AL QADI

                              KREINDLER & KREINDLER LLP
                              James P. Kreindler (JK7084)
                              Marc S. Moller (MM0143)
                              Justin T. Green (JG0318)
                              Andrew J. Maloney, III (AM8684)
                              100 Park Avenue
                              New York, New York 10017-5590
                              Tel:  (212) 687-8181
                              Fax: (212) 972-9432

Dated: November 8, 2004

         *Ashton* Plaintiffs submit this Memorandum in Opposition to Defendant Yassin

Abdullah al Qadi's ("Defendant al Qadi") motion to dismiss. (MDL/ECF No. 295)  Since the issues raised in Defendant al Qadi's motion to dismiss are virtually identical to those filed against the plaintiffs in *Burnett v. Al Baraka Inv. & Dev. Corp.*, No. 03-CV-9849, 03-CV-5738, we respectfully move this Court to adopt the arguments presented in the *Burnett* opposition brief for consideration in this matter. (MDL/ECF No. 502)  In addition to this incorporation, Plaintiffs respectfully request this Court to consider the following points when judging the merits of Defendant al Qadi's motion to dismiss: (1) *Ashton* Plaintiffs' perfected service pursuant to the March 18, 2003, Order of U.S. District Court Judge Allen G. Schwartz; (2) Defendant al Qaid is subject to personal jurisdiction in the United States by virtue of specific and conspiracy jurisdiction; and (3) the Court's subject matter jurisdiction in this matter is properly provided by the Anti-Terrorism Act of 1990, 18 U.S.C. § 2331 *et seq.*  Accordingly, Defendant al Qadi's motion to dismiss should be <u>DENIED</u>.


I.      **Service of Process**

Defendant al Qadi argues that the *Ashton* Plaintiffs' service of process via registered mail to Saudi Arabia was invalid because this method is barred under Saudi law, thus violating FED. R. CIV. P. 4(f)(2)(A) and 4(f)(2)(C).[1] (Def. brief at p. 5)  Defendant al Qadi

---

[1]Fed. R. Civ. P. 4(f)(2) provides that in the absence of international agreement, service upon individuals in foreign countries may be made:

> (A) in the manner prescribed by the law of the foreign country for service
> in that country in an action in any of its courts of general jurisdiction; or
> * * * * *
> (C) unless prohibited by the law of the foreign country, by
> (i)  delivery to the individual personally of a copy of the summons
> and the complaint; or
> (ii) any form of mail requiring a signed receipt, to be addressed
> and dispatched by the clerk of the court to the party to be served[.]

additionally claims that this attempted service violated FED. R. CIV. P. 4(f)(2)(C)(ii) because it

was not sent to him by the clerk of court. (Def. brief at p. 5) Assuming, arguendo, that *Ashton*

Plaintiffs' method of service did not comport with Saudi law, their method nonetheless

complied with the Federal Rules.

        While al Qadi correctly cites Fed. R. Civ. 4(f)(2)(A) and 4(f)(2)(C), he fails to

state that the Federal Rules also provides for service of individuals in foreign countries "by

other means not prohibited by international agreement *as may be directed by the court.*" FED R.

CIV. P. 4(f)(3) (emphasis added); *see also Smith et al., v. The Islamic Emirate of Afghanistan*,

No. 01-CV-10132, 2001 WL 1658211, at *2 (S.D.N.Y. Dec. 26, 2001) (FED. R. CIV. P. 4(f)(3)

was "adopted in order to provide flexibility and discretion to the federal courts in dealing with

questions of alternative methods of service of process in foreign countries[.]") (quotations marks

omitted).

        In the instant matter, *Ashton* Plaintiffs' method of service was exercised in direct

accordance with FED R. CIV. P. 4(f)(3).  As evidenced by the Order of  U.S. District Court Judge

Allen G. Schwartz of March 18, 2003, Plaintiffs were permitted to serve Defendant al Qadi by

mailing a copy of the summons and complaint to his last known address. (Exhibit A)  As

confirmed by the registered mail receipt of June 28, 2003, al Qadi received and accepted

service, thus putting him of notice of the current suit. (Exhibit B) *See S.E.C. v. Tome,* 833 F.2d

1086, 1092 (2nd Cir. 1987) ("To submit a party to the jurisdiction of a court, due process has

long been held to require the giving of notice in such a manner that there can be little doubt that

the party has actual notice of the claims in order to appear and defend.") (citing *Wuchter v.*

*Pizzutti*, 276 U.S. 13, 24 (1928)).  Defendant al Qadi's motion to dismiss on the basis of

improper service of process must therefore fail.

## II.     Personal Jurisdiction

Defendant al Qadi's Rule 12(b)(2) arguments in his motion to dismiss are narrowly limited to this forum's lack of general jurisdiction and lack of specific jurisdiction under *Calder v. Jones*, 465 U.S. 783 (1984).[2]  (Def. brief at p. 5-21)  Defendant al Qadi fails to recognize, however, that this Court also maintains personal jurisdiction under the general principles of specific jurisdiction and the doctrine of conspiracy jurisdiction.

### A.     Specific Jurisdiction

When a controversy is "related to" or "arises out of" a defendant's contacts with the forum, the Supreme Court has said that the relationship among the defendant, the forum, and the litigation is the essential foundation of specific jurisdiction. *Helicopteros Nationales de Colombia, S.A., v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)); *see also Kulko v. California Superior Court*, 436 U.S. 84, 92 (1978) (decision to assert in personam jurisdiction over a defendant for a particular cause of action turns on a weighing of facts).

In the instant matter, it is undisputed that Defendant al Qadi was classified by the U.S. Department of Treasury as a Specially Designated Global Terrorist on October 11, 2001. (Exhibit C)  It is also undisputed that the United Nations Security Council officially recognized al Qadi as a financier to Usama Bin Laden and the al Qaeda terrorist organization on October 19, 2001. (Exhibit D)  It is additionally undisputed that al Qadi founded and served as chairman to the Muwafaq ("Blessed Relief") Foundation between 1992 and 1997, which was duly

---

[2]In light of our adoption of the arguments presented in the *Burnett* opposition brief, we will not recite the specific reasons why this Court also maintains personal jurisdiction over Defendant al Qadi under *Calder*.

incorporated in Delaware on January 14, 1992. (Exhibit E)  Furthermore, U.S. Department of

Treasury documentation, dated November 29, 2001, states that al Qadi and his Muwafaq

Foundation provided logistical and financial support to al Qaeda until 1997, when it thereafter

began to "merge" with al Qaeda. (Exhibit F)

> Given these facts, coupled al Qaeda's overt intent to target the United States

since the early-1990s, Plaintiffs maintain that Defendant al Qadi both knew of al Qaeda's intent

to attack this forum and that his role as a primary al Qaeda financier therein facilitated the

instant controversy. *See Whittaker Corp. v. United Aircraft Corp. et al.*, 482 F.2d 1079, 1083

(1st Cir. 1973) (a number of factors, including the purpose of the contacts, the connection

between the contacts and the cause of action, and the interest of the forum must be considered

when examining the exercise of personal jurisdiction and Due Process).

### B.    Conspiracy Jurisdiction

> In addition to specific jurisdiction, this Court may also assert personal
> jurisdiction

over Defendant al Qadi via conspiracy-based jurisdiction.  *See Andre Emmerich Gallery, Inc. v.*

*Segre*, 96-CV-889, 1997 WL 672009, at * 6 (S.D.N.Y. Oct. 29, 1997) (imputation of forum

activities of co-conspirator to non-resident defendant establishes minimum contacts satisfying

Due Process); *Dixon v. Mack*, 507 F. Supp. 345, 352 (S.D.N.Y. 1980) (same).  Jurisprudence in

this Circuit explains that when non-resident defendants enter into a conspiracy knowing that the

acts of co-conspirators would impact the forum, such non-resident defendants should

"reasonably anticipate being haled into court there." *Dixon,* 507 F. Supp. at 352; *Andre*

*Emmerich*, 1997 U.S. Dist. 16899 at * 17 (both citing *World-Wide Volkswagen Corp.*, 444 U.S.

at 295 (1980)); *see also, Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260,

-5-

1269-70 (S.D.N.Y. 1991) (asserting personal jurisdiction over non-resident co-conspirator where conspiracy "could reasonably have been expected to have effects" in the forum).

As described above, it is undisputed that al Qadi and his Muwafaq Foundation have been acknowledged as sponsors of al Qaeda by official government sources.  Hence, by imputing the September 11 forum contacts of the al Qaeda co-conspirators to Defendant al Qadi, this Court may assert personal jurisdiction over al Qadi with proper regard to Due Process.

## III.  Subject Matter Jurisdiction

The ATA, 18 U.S.C. § 2333(a), provides a cause of action for "[a]ny national of the United States injured in his or her person, property or business by reason of an act of international terrorism."  The defendants opine that the ATA does not apply in this matter because the September 11 attacks took place within the United States, thus rendering the act one of "domestic," vice "international" terrorism. (Def. brief at p. 7-10)  This argument is in direct contravention to the plain language of the ATA and applicable case law.

As provided by 18 U.S.C. § 2331, "international terrorism" under the ATA is defined as dangerous or violent acts which:

> [O]ccur primarily outside the territorial jurisdiction of the United States, *or transcend national boundaries in terms of the means by which they are accomplished*, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum[.]

18 U.S.C. § 2331(1)(C) (emphasis added).

While al Qadi's argument in this matter focuses exclusively on the locus of a

terrorist strike, the ATA's statutory language indicates that global terrorist operations, like the

September 11 attacks, are clearly within the parameters of "international terrorism."  In *Smith et*

*al., v. The Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 221 (S.D.N.Y. 2003), a case

very similar to the instant matter, the court noted that although it is not self-evident that the

events of September 11 fall within the ATA's definition of "international terrorism," the broad

nature of § 2331(1)(C) encompass the al Qaeda attacks of September 11 since they were

executed by foreign nationals who received the orders, funding, and training from abroad.

Accordingly,  a well plead cause of action against Defendant al Qadi also exists under the ATA

in the instant matter.


**IV.    Conclusion**

            For all the foregoing reasons, in addition to those reasons presented in the

*Burnett* opposition brief, Defendant al Qadi's motion to dismiss should be <u>DENIED</u>.


Dated: November 8, 2004
       New York, New York

                              Respectfully, submitted,

KREINDLER & KREINDLER LLP
Plaintiffs Liaison Counsel


By:      /s/ James P. Kreindler
         James P. Kreindler (JK7084)
         Marc S. Moller (MM0143)
         Justin T. Green (JG0318)
         Andrew J. Maloney, III (AM8684)
         Vincent I. Parrett (VP5092)
         100 Park Avenue
         New York, NY  10017-5590
         Phone: (212) 687-8181


## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2004, the foregoing Stipulation and Order were filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's ECF system.

_____          ___/s/ James P. Kreindler_____
                         James P. Kreindler (JK7084)
                         Kreindler & Kreindler LLP
                         100 Park Avenue
                         New York, NY  10017-5590
                         Phone: (212) 687-8181