## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

)
IN RE: TERRORIST ATTACK ON            )     **CIVIL ACTION NO.: 03 MD 1570**
SEPTEMBER 11, 2001                    )
_____)
                                      )
*This document relates to:*           )
                                      )
CANTOR FITZGERALD                     )     **CIVIL ACTION NO.: 04 CV 7065**
  & CO., *et al.,*                    )
                                      )
                    Plaintiffs,       )
                                      )
         v.                           )
                                      )
AKIDA BANK PRIVATE                    )
  LIMITED, *et al.,*                  )
                                      )
                    Defendants.       )
_____)


## DEFENDANT INTERNATIONAL ISLAMIC RELIEF
## ORGANIZATION'S MOTION TO DISMISS COMPLAINT


Martin F. McMahon & Associates
1150 Connecticut Avenue – Suite 900
Washington, DC 20036
Telephone: (202) 862-4343
Facsimile (202) 862-4302

*Attorneys for Defendant International*
*Islamic Relief Organization of Saudi Arabia*

**TABLE OF CONTENTS**

Page Number

Table of Contents                                                                 i

Table of Authorities                                                             iii

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
INTERNATIONAL ISLAMIC RELIEF ORGANIZATION'S
MOTION TO DISMISS COMPLAINT                                                       1

I.      Factual Background                                                        1

II.     Legal Analysis                                                           6

        A.      The Court Must Dismiss the Complaint for
                Lack of Personal Jurisdiction Over IIROSA                         6

                1.      Applicable Legal Standard                                6

                2.      IIROSA Lacks Minimum Contacts
                        with the United States                                    8

                3.      Contacts With the Forum Based on a
                        Purported Connection to MWL, VA-IRO,
                        Sana-Bell, and Success Foundation                        10

                        (a)     IIROSA and MWL                                   12

                        (b)     IIROSA and VA-IRO                                13

                        (c)     IIROSA, Sana-Bell, and Success
                                Foundation                                       14

                        (d)     IIROSA Has No Contacts to the
                                United States                                    14

                4.      Allegations of Conspiracy are Insufficient to
                        Exercise Personal Jurisdiction over IIROSA               15

        B.      The Complaint Should Be Dismissed for Failure to
                State a Claim Against IIROSA                                      17

                1.      Applicable Legal Standard                               17

2.    The Claim Against IIROSA for Violating International Law Must Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted    18

3.    Plaintiffs Have Failed to Provide IIROSA with Notice of the Claims Against It    18

III.    Conclusion    19

## TABLE OF AUTHORITIES

Page Number

Cases

*Atuahene v. City of Harford*,
10 Fed.Appx. 33 (2nd Cir. 2001)                                    18

*Briscoe v. LaHue*,
663 F.2d 713 (7th Cir. 1981)                                       17

*Browning v. Clinton*,
292 F.3d 235 (D.C. Cir. 2002)                                    17, 19

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)                                                8

*Burnett v. Al Baraka Inv. & Dev. Corp.*,
MDL No. 1570 (RCC), 02-CV-1616 (S.D.N.Y. 2002)                     2

*Calder v. Jones*,
465 U.S. 783 (1984)                                               16

*Crane v. New York Zoological Society*,
894 F.2d 454 (D.C. Cir. 1990)                                      6

*Corning Inc. v. Shin Etsu Quartz Prod. Co. Ltd.*,
242 F.3d 364 (2d Cir. 2000)                                       16

*Doe v. Unocal Corp*,
248 F.3d 915 (9th Cir. 2001)                                      11

*El-Fadl v. Central Bank of Jordan*,
75 F.3d 668 (D.C. Cir. 1996)                                      10

*Estate of Ungar v. The Palestinian Auth.*,
153 F. Supp. 2d 76 (D.R.I. 2001)                                   9

*First Chicago Int'l v. United Exch. Co.*,
836 F.2d 1375 (D.C. Cir. 1988)                                    15

*Gauvin v. Trembatore*,
682 F. Supp. 1067 (N.D. Cal. 1988)                              18, 19

*Ge v. Peng*,
201 F. Supp. 2d 14 (D.D.C. 2000)                                  17

*GTE New Media Serv. Corp. v. BellSouth Corp.*,
199 F.3d 1343 (D.C. Cir. 2000)                                    7

*Huang v. Sentinel Gov't Sec.*,
657 F. Supp. 485 (S.D.N.Y. 1987)                                 16

*Helicopteros Nationales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)                                           7, 8, 9

*Hishon v. King & Spalding*,
467 U.S. 69 (1984)                                               17

*I.A.M. Nat'l Pension Fund v. Wakefield Indus., Inc.*,
699 F.2d 1254 (D.C. Cir. 1983)                                10, 11

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945)                                               7

*Jazini v. Nissan Motor Co.*,
148 F.3d 181 (2d Cir. 1998)                                      11

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984)                                              10

*Kowal v. MCI Communications Corp.*,
16 F.3d 1271 (D.C. Cir. 1994)                                    17

*Metropolitan Life Ins. Co. v. Robertson CECO Corp.*,
84 F.3d 560 (2d Cir. 1996)                                      7, 8

*Naartex Consulting Corp. v. Watt*,
722 F.2d 779 (D.C. Cir. 1983)                                     7

*Papasan v. Allain*,
478 U.S. 265 (1986)                                              17

*Richard v. Bell Atlantic Corp.*,
946 F. Supp. 54 (D.D.C. 1996)                                    11

*Ruhrgas AG v. Marathon Oil Co.*,
526 U.S. 574 (1999)                                              15

*Second Amendment Found. v. U.S. Conference of Mayors*,
274 F.3d 521 (D.C. Cir. 2001)                                  7, 15

*Shapiro, Lifschitz & Schram, P.C. v. Hazard*,
24 F. Supp. 2d 66 (D.D.C. 1998)          10, 15

*Square D Co. v. Niagara Tariff Bureau, Inc.*,
476 U.S. 409 (1986)          17

*TIFA Ltd. v. Republic of Ghana*, C.A. No. 99-1513,
1991 WL 179098, at *8 (D.D.C. Aug. 27, 1991)      7

*United States v. Bestfoods*,
524 U.S. 51 (1998)          11

*United States v. Philip Morris Inc.*,
116 F. Supp.2d 116 (D.D.C. 2000)      7, 15

*Vermont Agency of Natural Res. v. United States ex rel. Stevens*,
529 U.S. 765 (2000)          14, 15

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
556 F.2d 406 (9th Cir. 1977)         10


<u>Federal Statutes and Rules</u>

Fed. R. Civ. P. 12(b)(2)          1, 6

Fed. R. Civ. P. 12(b)(6)          1, 17

Rule 8(a)(2)          18

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
)
IN RE: TERRORIST ATTACK ON          )          **CIVIL ACTION NO.: 03 MD 1570**
SEPTEMBER 11, 2001                  )
_____)
)
*This document relates to:*          )
)
CANTOR FITZGERALD                   )          **CIVIL ACTION NO.: 04 CV 7065**
  & CO., *et al.*,        )
)
               Plaintiffs,          )
)
     v.                )
)
AKIDA BANK PRIVATE                  )
  LIMITED, *et al.*,           )
)
             Defendants.          )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT INTERNATIONAL
ISLAMIC RELIEF ORGANIZATION'S MOTION TO DISMISS COMPLAINT**

      Defendant International Islamic Relief Organization of Saudi Arabia ("IIROSA"),

through undersigned counsel, submits this Memorandum of Law in support of its Motion

to Dismiss plaintiffs' Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ.

P. 12(b)(2) or, in the event that the Court exercises personal jurisdiction over IIROSA,

for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P.

12(b)(6).

*I.    Factual Background*

      IIROSA is a nongovernmental charitable organization founded in 1978 and

headquartered in Makkah, Saudi Arabia, with administrative offices in Jeddah, Saudi

Arabia. *See* Declaration of Saleh Bin A. Al-Saikhan dated March 15, 2004 ("Al-Saikhan

1

Dec.") at ¶3.[1]  IIROSA provides humanitarian relief in the form of food, water, medicine, shelter, and blankets to people in need.  It also provides international development assistance through its health, education, and social welfare programs.  IIROSA has 30 foreign offices and carries out its humanitarian relief work and international development assistance in more than 75 countries. *See* Al-Saikhan Dec. at ¶3.  IIROSA's funding comes from a variety of sources, including donations, grants, bequests, contributions from international institutions, contributions from the government of the Royal Kingdom of Saudi Arabia, and dividends from investments. *See* Al-Saikhan Dec. at ¶4.  IIROSA operates a legitimate charitable entity and has no connection to terrorism.  IIROSA has never espoused terrorism and has never encouraged or assisted terrorists.  IIROSA has never knowingly or intentionally financed terrorist activities. *See* Al-Saikhan Dec. at ¶5.

Moreover, nothing in the Complaint specifically links IIROSA with the September 11, 2001 terrorist plot.  Plaintiffs have relied on vague, unsupported allegations that IIROSA helped fund terrorist organizations, but they allege nothing that specifically links IIROSA with the September 11th attacks.  The Complaint fails to mention even one specific incidence where IIROSA provided funds to terrorist groups.

Further, IIROSA has no connection to the United States.  IIROSA maintains no physical presence in the United States—it currently has no foreign office in the U.S., nor does it carry out any program-related work in this country. *See* Al-Saikhan Dec. at ¶6.  Moreover, IIROSA neither solicits nor receives funding from individuals or entities in the United States. *Id.*

---

[1] The Declaration of Saleh Bin A. Al-Saikhan was prepared in connection with another case arising from the September 11th attacks, *Burnett v. Al Baraka Investment & Dev. Corp.*, MDL No. 1570 (RCC), 02 CV 1616 (S.D.N.Y. 2002).

Plaintiffs allege that the Islamic Relief Organization, located in Falls Church, Virginia (hereinafter "VA-IRO"), is the United States arm of IIROSA. *See* Complaint, ¶ 43. Plaintiffs are simply wrong. The VA-IRO ceased to exist as a corporate entity initially in 1998 and finally in 2002. *See* Al-Saikhan Dec. ¶10. Moreover, the now defunct U.S.-based VA-IRO and the Saudi-based IIROSA have always been separate corporate and legal entities. *See* Al-Saikhan Dec. at ¶10. Indeed, at all times relevant herein, IIROSA has maintained itself as an independent organization with its own operations, governance, bank accounts, books, and records, completely separate and apart from the VA-IRO. *See* Al-Saikhan Dec. at ¶11. Finally, IIROSA is and always has been responsible for its own capitalization and management of assets completely separate and apart from the now defunct VA-IRO. *Id.*

Plaintiffs further allege that Defendant Sana-Bell, Inc. and Sanabel al-Kheer, Inc. (collectively referred to as "Sana-Bell") were established to generate funds for VA-IRO. *See* Complaint, ¶ 43. They also allege that Success Foundation and Success Foundation, Inc. (collectively referred to as "Success Foundation") served as the financial arms of VA-IRO, and received and transferred funds on VA-IRO's behalf. *See* Complaint, ¶ 44. While Plaintiffs have alleged specific connections between VA-IRO and Sana-Bell and Success Foundation, they have failed to establish—or even allege—a specific connection between IIROSA and either entity. As discussed above, IIROSA and VA-IRO are separate and distinct legal entities. Thus, even if VA-IRO is connected to Sana-Bell or Success Foundation, this connection cannot serve to establish a link to IIROSA.

Moreover, there is no connection between IIROSA and either Sana-Bell or Success Foundation. Plaintiffs have made only vague and conclusory allegations that a

connection exists between IIROSA and Sana-Bell and Success Foundation.  They allege, for example, that VA-IRO, IIROSA, Sana-Bell, and Success Foundation are "inter-dependent and are closely linked both financially and operationally."  *See* Complanit ¶ 45. They do not—and cannot—allege that either Sana-Bell or Success Foundation is an agent of IIROSA or is controlled in any way by IIROSA.  Nor do Plaintiffs allege that this purported "interdependence" ever led to IIROSA supporting terrorism.

Plaintiffs also allege that IIROSA's links to terrorism "extend through Sana-Bell." Complanit ¶ 50.  Plaintiffs further state that "Sana-Bell received and transferred funds on behalf of and as directed by IIROSA."  *Id.*  However, Plaintiffs fail to allege that IIROSA ever transferred funds to Sana-Bell in order to support the September 11th attacks or terrorism generally.  Even if their allegation is true—that Sana-Bell received and transferred funds on behalf of and as directed by IIROSA—Plaintiffs have completely failed to plead that these funds were transferred for an improper purpose or that there is any linkage what so ever with terrorism.

Plaintiffs further allege that IIROSA's links to terrorism "extend through the Success Foundation."  *See* Complaint, ¶ 53.  Plaintiffs first state that the "Success Foundation's Secretary has publicly supported Hamas and Hezbollah."  *Id.*  Even if true, this is not relevant.  Neither Hamas nor Hezbollah has been linked to the September 11th attacks.  Indeed, they have not even been named as defendants in this matter.  Further, Plaintiffs have not alleged that Success Foundation itself supported these groups, only that the secretary of Success Foundation offered public support for them.  Thus, there is no evidence—and no allegation—that Success Foundation financially supported either Hamas or Hezbollah.  Second, Plaintiffs allege that "Success Foundation served as a

financial arm of [VA-IRO] and received and transferred funds on [VA-IRO's] behalf." *Id.* Again, this is irrelevant. As discussed above, IIROSA and VA-IRO are separate and distinct legal entities. *See* Al-Saikhan Dec. at ¶¶ 10-11. Therefore, any relationship between VA-IRO and Success Foundation cannot be attributed to IIROSA. Third, Plaintiffs allege that "IIROSA has funneled money through [VA-IRO] accounts to other terrorist sponsoring organizations, including the Holy Land Foundation." *See* Complaint, ¶ 53. IIROSA has never knowingly or intentionally financed terrorist activities. *See* Al-Saikhan Dec. at ¶ 7. Moreover, even if Plaintiffs' allegation were true, it would not be relevant because the Holy Land Foundation has never been implicated in the September 11th attacks and has not been named as a defendant in this lawsuit. For all these reasons, IIROSA cannot be linked to the attacks of September 11th (or to any terrorist act or group) through Success Foundation.

In the Complaint, ¶ 46, Plaintiffs allege that IIROSA "served as a major financial branch of a larger Saudi-government funded charity," the Muslim World League ("MWL"). That is incorrect. IIROSA and MWL are charitable organizations established as separate legal entities under the applicable laws and regulations of the Royal Kingdom of Saudi Arabia. *See* Al-Saikhan Dec. at ¶ 7. IIROSA and MWL operate completely independently and are separate legal and corporate entities. *Id.* at ¶5. Thus the actions of MWL should not be attributed to IIROSA.[2]

Finally, the Complaint defines "IIRO" as IIROSA, VA-IRO, Sana-Bell, Inc., Sanabel al-Kheer, Inc., Success Foundation, and Success Foundation, Inc. *See* Complaint,

---

[2] The only evidence offered by Plaintiffs linking the two organizations is an anonymous quote, purportedly from an IIROSA executive. *See* Complaint, ¶ 46. The quote indicates alternatively that IIROSA and MWL are one, that MWL is the mother of IIROSA, that IIROSA is a branch of MWL, and that IIROSA is controlled by the Saudi government.

¶ 45.  The Complaint then makes numerous allegations against "IIRO," but fails to specify which of the six Defendants is responsible for each particular allegation.  By lumping all the defendants together in this manner, it is impossible to determine which allegation applies to which defendant.

Plaintiffs have failed to allege that IIROSA has any connection with the United States.  Nor have they alleged that IIROSA was in any way responsible for the September 11th terrorist attacks.  As discussed below, because the Complaint fails to allege that IIROSA has sufficient contacts with the forum, it should be dismissed for lack of personal jurisdiction.  In the alternative, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## II.   *Legal Analysis*

### A.   *The Court Must Dismiss the Complaint for Lack of Personal Jurisdiction Over IIROSA.*

Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  Plaintiffs have utterly failed to show sufficient minimum contacts, connection, or nexus between IIROSA and the United States to establish personal jurisdiction over it as a defendant in this lawsuit.  Accordingly, because this Court lacks personal jurisdiction over IIROSA, the Complaint must be dismissed as to this defendant.

#### 1.   *Applicable Legal Standard*

Pursuant to Rule 12(b)(2), the plaintiff bears the burden of making out a *prima facie* case to establish personal jurisdiction over the defendant. *See Crane v. New York Zoological Society*, 894 F.2d 454, 456 (D.C. Cir. 1990).  "A plaintiff makes such a showing by alleging specific acts connecting the defendant with the forum; mere

allegations of a conspiracy will not suffice." *United States v. Philip Morris Inc.*, 116 F. Supp.2d 116, 121 (D.D.C. 2000) (*citing Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983)).  In order to meet this burden, a plaintiff must demonstrate "that the defendants' contacts with the forum suffice to justify the exercise of personal jurisdiction, [and] 'the Court is no longer bound to treat all of plaintiff's allegations as true.'" *United States v. Philip Morris Inc.*, 116 F. Supp.2d at 120 n. 4 (quoting *TIFA, Ltd. v. Republic of Ghana*, C.A. No. 99-1513, 1991 WL 179098, at *8 (D.D.C. Aug. 27, 1991) (noting that when jurisdiction is challenged, a court may consider affidavits) (citation omitted)).  A plaintiff must provide facts sufficient to establish minimum contacts between the defendants and the forum. *See Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).

The United States Supreme Court has held that a court may exercise personal jurisdiction over a nonresident defendant only if the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotes omitted); *see also GTE New Media Serv. Corp. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  Moreover, this "minimum contacts" analysis is performed in two distinct contexts: general jurisdiction and specific jurisdiction. *See Helicopteros Nationales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984); *see also Metropolitan Life Ins. Co. v. Robertson CECO Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).  General jurisdiction over a defendant may be exercised to resolve claims that do not arise from the defendant's contacts with the forum state if the defendant has "continuous and systematic" contacts with the forum

state. *Helicopteros Nationales de Colombia*, 466 U.S. at 415-16. Alternatively, a court may exercise specific jurisdiction over the nonresident defendant if the nonresident defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotes omitted).

IIROSA does not have "continuous and systematic" contacts with the United States, nor has it purposefully directed its activities at residents of this country. Indeed, as demonstrated below, IIROSA has absolutely *no* contacts with the United States. Accordingly, the Complaint against it must be dismissed for lack of personal jurisdiction.

### 2. *IIROSA Lacks Minimum Contacts with the United States*

The Court must dismiss Plaintiffs' lawsuit against IIROSA because Plaintiffs have utterly failed to plead any nexus between IIROSA and the United States. Not only have Plaintiffs failed to plead minimum contacts, they have failed to plead *any* contacts whatsoever.

IIROSA is a Saudi-based charitable organization that provides humanitarian assistance and administrates international development programs in countries with substantial Muslim populations. IIROSA maintains no offices or operational presence in the United States and does not have any agents in the United States. *See* Al-Saikhan Dec. ¶8. Likewise, IIROSA neither solicits nor receives funds from the United States, and none of IIROSA's charitable works are carried out within the United States. *Id.* Nothing in Plaintiffs' Complaint establishes "continuous and systematic general business contacts" between IIROSA and the United States. *See Metropolitan Life Ins. Co.*, 84 F.3d

at 568.  Therefore, Plaintiffs have failed to establish general personal jurisdiction over IIROSA. *See Helicopteros Nacionales de Colombia*, 466 U.S. at 413-15.

In a recent civil action arising from the murder of two U.S. citizens by Hamas Islamic Resistance Movement members in Israel, and brought under the Antiterrorism Act and other negligence and intentional tort theories, a district court in Rhode Island agreed to exercise personal jurisdiction over two defendants, the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO"). *See Estate of Ungar v. The Palestinian Auth.*, 153 F. Supp. 2d 76, 88 (D.R.I. 2001).  The *Unger* court held that the PA and PLO defendants had sufficient minimum contacts with the United States for the court to exercise personal jurisdiction over them. *Id.*  More specifically, the *Ungar* court based the exercise of jurisdiction over these foreign defendants on the following facts: they maintained an office in Washington, DC, employed staff, expended funds, maintained bank accounts in the U.S. with substantial deposits, employed a lobbying firm to develop a public relations campaign in the U.S., and engaged in public education programs in the U.S. *Id.*

In contrast to the PA and PLO defendants in *Unger*, IIROSA's alleged contacts with the United States are nonexistent.  Therefore, *Unger* is distinguishable from the instant matter.  Significantly, unlike the PA and PLO defendants, IIROSA (a) does not maintain an office in the United States; (b) maintains no bank accounts in the U.S.; (c) does not engage in any fundraising activities in this country; and (d) did not engage in a public relations campaign in the United States.  Because the lengthy Complaint completely fails to connect IIROSA with the United States, the Court must dismiss Plaintiffs' lawsuit against IIROSA for lack of personal jurisdiction.

### 3. Contacts With the Forum Based on a Purported Connection to MWL, VA-IRO, Sana-Bell, and Success Foundation

Because IIROSA itself has no "minimum contacts" with the United States, Plaintiffs have attempted to establish this Court's jurisdiction by alleging a corporate affiliation by linking IIROSA with MWL, the now defunct VA-IRO, Sana-Bell or Success Foundation.

The law is clear, however, that under these circumstances "a defendant corporation's contacts with a forum may not be attributed to shareholders, affiliated corporations, or other parties." *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66, 70 (D.D.C. 1998) (citations omitted). Moreover, "jurisdiction over a parent corporation [does not] automatically establish jurisdiction over a wholly owned subsidiary." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *see also El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 675-76 (D.C. Cir. 1996) (noting that a subsidiary's contacts with the forum are not ordinarily imputed to a foreign parent corporation).

Under the exception to the above rule, "where affiliated parties are 'alter egos' of a corporation over which the Court has personal jurisdiction, . . . the corporation's contacts may be attributed to the affiliated party for jurisdictional purposes." *Shapiro, Lifschitz & Schram*, 24 F. Supp. at 70. However, the forum contacts of a corporation may be imputed to a foreign affiliate or subsidiary only if the "parent and subsidiary 'are not really separate entities' . . . or one acts as an agent of the other." *El-Fadl*, 75 F.3d at 676 (quoting *I.A.M. Nat'l Pension Fund v. Wakefield Indus., Inc.*, 699 F.2d 1254, 1259 (D.C. Cir. 1983) and citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 419 (9th Cir. 1977)). Therefore, if the allegedly affiliated organizations are in fact

separate legal entities with separate operations, one organization's contacts with the forum cannot be imputed to the other. *See Doe v. Unocal Corp,* 248 F.3d 915, 925-31 (9th Cir. 2001*); Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184-85 (2d Cir. 1998) (subsidiary is not an agent where it does not do all the business the parent corporation would do were it in the forum; subsidiary is not a "mere department" of the parent unless there is common ownership, financial dependency of the subsidiary on the parent, the parent fails to observe corporate formalities, and the parent exercises control over the subsidiary's operations).

Courts traditionally examine the following factors to determine whether an entity's established contacts with the forum may be imputed to a foreign affiliate or subsidiary: overlapping directorships; adequacy of the subsidiary's capitalization; separateness of operations, payroll records, budgets and bank accounts; and responsibility for meeting the other's obligations and managing its assets. *See Richard v. Bell Atlantic Corp.*, 946 F. Supp. 54, 69-70 (D.D.C. 1996); *cf. I.A.M. Nat'l Pension Fund*, 699 F.2d at 1259 (exercising jurisdiction over parent where subsidiary "was an indistinguishable part of its larger parent"). Moreover, courts have maintained that the foreign affiliate or subsidiary remains a separate entity for purposes of minimum contacts analysis even though the parent is involved in monitoring the subsidiary's performance, supervising the subsidiary's budgetary decisions, and articulation of the subsidiary's policies. *See Doe v. Unocal Corp.*, 248 F.3d at 925-31 (no alter ego or agency relationship between California subsidiaries and foreign parent; corporate relationship alone was insufficient to exercise personal jurisdiction over parent); *see also United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (noting that "duplication of some or all of the directors or executive officers"

11

between a parent and subsidiary does not give rise to piercing corporate veil for CERCLA liability).

IIROSA simply does not have a relationship such as this with MWL, VA-IRO, Sana-Bell or Success Foundation.  None of these organizations (MWL, VA-IRO, Sana-Bell or Success Foundation) is a parent, subsidiary or alter-ego of IIROSA.  Nor have the Plaintiffs alleged as much.  Rather, these organizations are separate legal entities with separate operations that are adequately capitalized and do not rely upon IIROSA for meeting their obligations or managing their assets.  They do not have overlapping directorships with IIROSA, nor do they use the same payroll records, budgets or bank accounts.  In short, there is no corporate connection of the type needed to establish jurisdiction over IIROSA.  Thus, Plaintiffs could not—and have not—alleged facts sufficient to support a finding of jurisdiction.

### (a)  IIROSA and MWL

Plaintiffs allege that "IIROSA served as a major financial branch of a larger Saudi-government funded charity," MWL.  *See* Complaint, ¶ 46.  Plaintiffs also allege that "MWL is the parent organization of the IIROSA, and an IIROSA executive has testified that the two organizations often function together as one entity, and are functionally interchangeable."  *See* Complaint, ¶ 57.  These allegations are incorrect.  As discussed above, IIROSA and MWL operate completely independently and are separate legal and corporate entities. *See*  Al-Saikhan Dec. at ¶ 5.  Moreover, the Complaint itself alleges that, "IIROSA was funded, authorized, supervised, directed, and/or controlled by the Kingdom of Saudi Arabia and several of its Princes."  *See* Complaint, ¶ 45.  Thus,

Plaintiffs' own allegations indicate that the Kingdom of Saudi Arabia, not MWL, controlled IIROSA.

Plaintiffs' bald assertion that MWL is the "parent" of IIROSA—an assertion that is not even supported by Plaintiffs' own allegations—is completely insufficient to treat IIROSA and the MWL as "one and the same" for purposes of demonstrating IIROSA's minimum contacts with the United States and establishing personal jurisdiction over IIROSA. IIROSA and the MWL are separate legal entities with distinct missions and operations. *See* Al-Saikhan Aff. ¶ 9. There is simply no factual basis to conclude that IIROSA is either the agent or alter ego of the MWL, or vice versa.

### (b)   *IIROSA and VA-IRO*

Nor can Plaintiffs link IIROSA with the now defunct VA-IRO. Plaintiffs allege that VA-IRO is "the United States arm" of IIROSA. *See* Complaint, ¶ 43. This is false. IIROSA has no legal or formal relationship and exists as a wholly separate legal entity from VA-IRO. *See* Al-Saikhan Dec. at ¶10. Indeed, in an unrelated lawsuit, a Saudi Arabian tribunal specifically held that IIROSA does not own VA-IRO. *See* Decision of Ministry of Justice, Kingdom of Saudi Arabia, p.4 (Verdict) (attached). At all relevant times, IIROSA was, and is now, adequately capitalized and has never relied on funding from the now defunct VA-IRO. Finally, VA-IRO never shared operations or books and records with IIROSA. *See* Al-Saikhan Dec. ¶11. Plaintiffs offer no specific allegations that IIROSA and VA-IRO were linked in any way. Without such allegations, and without any evidence of a real corporate affiliation amounting to an agency or alter ego relationship between IIROSA and VA-IRO, Plaintiffs have failed to make out a *prima facie* case that VA-IRO is an "arm" of IIROSA. Thus, Plaintiffs have failed to

demonstrate that IIROSA has the requisite minimum contacts with the United States based on an alleged affiliation with VA-IRO.

### (c)  IIROSA, Sana-Bell, and Success Foundation

Plaintiffs allege that IIROSA, Sana-Bell, and Success Foundation are "inter-dependent and are closely linked both financially and operationally." *See* Complanit ¶ 45. Plaintiffs further allege that IIROSA's links to terrorism "extend through Sana-Bell," and that "Sana-Bell received and transferred funds on behalf of and as directed by IIROSA." *See* Complanit ¶ 50.  Plaintiffs also allege that IIROSA's links to terrorism "extend through the Success Foundation." *See* Complaint, ¶ 53.

Plaintiffs' allegations are incorrect: there is no such connection between IIROSA and either Sana-Bell or Success Foundation.  Moreover, even if the alleged relationship between IIROSA and Sana-Bell and Success Foundation is presumed true, the relationships as alleged cannot support a finding of jurisdiction over IIROSA.  Plaintiffs do not allege that Sana-Bell or Success Foundation was an alter ego or agent of IIROSA. They state only that those entities were "closely linked" to IIROSA.  This vague allegation does not constitute the type of minimum contact necessary for exercise of jurisdiction over IIROSA.

### (d)  IIROSA Has No Contacts to the United States

Plaintiffs have failed to allege a link between IIROSA and MWL, VA-IRO, Sana-Bell or Success Foundation.  Nor have Plaintiffs alleged that IIROSA itself has "minimum contacts" with the United States.  Accordingly, this Court should decline to exercise jurisdiction over IIROSA.  Because the Court lacks personal jurisdiction over IIROSA, it must be dismissed as a defendant in this lawsuit. *See Vermont Agency of*

*Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778-79 (2000); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

### 4.     Allegations of Conspiracy are Insufficient to Exercise Personal Jurisdiction over IIROSA

Despite IIROSA's complete lack of contacts with the United States, Plaintiffs allege that IIROSA conspired with other Defendants, including some that are alleged to have contacts with the United States or caused injuries within the United States (Complaint ¶¶ 165-172).  Plaintiffs cannot establish personal jurisdiction over IIROSA by piggybacking onto IIROSA the actions of alleged co-conspirators with contacts to the forum.  Indeed, the law is well-settled that the "minimum contacts requirement must be met with respect to each defendant." *Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 90 F. Supp. 2d at 70 (internal quotes omitted).

Regardless of whether any defendant had "minimum contacts" with the United States, "the actions of other Defendants may not be attributed to [the non-resident Defendant] for purposes of exercising jurisdiction under a conspiracy theory." *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 129 (D.D.C. 2000).  Plaintiffs have failed to plead specific acts that connect IIROSA with the United States.  Nor have they pled specific facts linking IIROSA with any alleged conspiracy to commit the September 11th attacks.  Plaintiffs' reliance on vague allegations and legal conclusions are insufficient to establish personal jurisdiction over IIROSA based on an alleged conspiracy. *See Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (failure to make a *prima facie* showing of civil conspiracy defeated attempt to invoke "conspiracy-based jurisdiction"); *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988) (affirming dismissal for lack of personal

jurisdiction and noting that bare allegations of "conspiracy or agency [are] insufficient to establish personal jurisdiction").

Nor can Plaintiffs establish personal jurisdiction over IIROSA based on the "effects test" enunciated in *Calder v. Jones*, 465 U.S. 783, 790 (1984). Under the "effects test," IIROSA would be subject to personal jurisdiction within the United States if Plaintiffs make a *prima facie* showing that IIROSA committed an intentionally wrongful act outside the forum directed at an entity or individual inside the forum. *Id.* Under the "effects test," if (1) IIROSA's actions outside the United States caused the September 11th attacks; (2) the terrorist attacks were a "direct and foreseeable result" of IIROSA's conduct; and (3) IIROSA knew or should have known that its conduct would result in the attacks, IIROSA would be subject to this Court's jurisdiction. *See Corning Inc. v. Shin Etsu Quartz Prod. Co. Ltd.*, 242 F.3d 364, 364 (2d Cir. 2000). However, Plaintiffs have failed to plead the requisite close causal connection—or any causal connection—between IIROSA's conduct and the September 11th terrorist attacks. Indeed, they fail to allege any direct connection between IIROSA and the attacks. The exercise of personal jurisdiction pursuant to the "effects test" requires heightened pleadings of causation, foreseeability, and knowledge. Plaintiffs have completely failed to allege the specific facts necessary to meet this standard. Accordingly, the Complaint against IIROSA should be dismissed for lack of personal jurisdiction. *See Huang v. Sentinel Gov't Sec.*, 657 F. Supp. 485, 489 (S.D.N.Y. 1987) (citation omitted).

**B.      *The Complaint Should Be Dismissed for Failure to State a Claim
         Against IIROSA.***

Even if the Court ultimately decides to exercise personal jurisdiction over
IIROSA, the Court should dismiss Plaintiffs' Complaint for failure to state a claim
against IIROSA.  Plaintiffs' Complaint consists of vague, unsupported, and conclusory
allegations against various defendants, rather than specific allegations against IIROSA.
As such, IIROSA has insufficient notice of the allegations against it, and the Complaint
must be dismissed.

**1.      *Applicable Legal Standard***

Under Rule 12(b)(6), a court may dismiss a complaint if it is clear that no relief
could be granted under any set of facts that could be proved consistent with the
allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  In reviewing such a
motion, a court must construe the complaint in the light most favorable to the plaintiff,
and must accept as true all allegations and all reasonable factual inferences drawn from
the well-pleaded factual allegations. *See Square D Co. v. Niagara Tariff Bureau, Inc.*,
476 U.S. 409, 411 (1986).  "However, the Court need not accept inferences drawn by
plaintiff if such inferences are unsupported by the facts set out in the complaint," *see
Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI
Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)), or if the facts are not well
pleaded. *See Ge v. Peng*, 201 F. Supp. 2d 14 (D.D.C. 2000).  The Court is "not bound to
accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478
U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd*,
460 U.S. 325 (1983)).

### 2. The Claim Against IIROSA for Violating International Law Must Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.

Plaintiffs' claim for property damage against IIROSA for violating International Law (Count Nine) should be dismissed. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In their Complaint, ¶ 217, Plaintiffs list 11 treaties, international agreements, and UN resolutions under which they claim IIROSA is liable. Plaintiffs fail to state (1) the specific provisions of those treaties/agreements/resolutions that were allegedly violated; (2) in what manner IIROSA violated the treaties/agreements/resolutions; or (3) whether those treaties/agreements/resolutions have been incorporated into the laws of the United States. Because Plaintiffs have failed to properly notify IIROSA of the specific claim against it under International Law, this count should be dismissed.

### 3. Plaintiffs Have Failed to Provide IIROSA with Notice of the Claims Against It.

Finally, the Complaint relies on vague and unsubstantiated allegations that apply to a host of Defendants. The Complaint defines "IIRO" as IIROSA, VA-IRO, Sana-Bell, Inc., Sanabel al-Kheer, Inc., Success Foundation, and Success Foundation, Inc. *See* Complaint, ¶ 45. The Complaint then makes numerous allegations against "IIRO," but fails to specify which of the six Defendants is responsible for each particular allegation. Lumping defendants together in this manner without delineating responsibility for each allegation is not permitted under Rule 8(a)(2). *See Atuahene v. City of Harford*, 10 Fed.Appx. 33, 34 (2nd Cir. 2001) ("By lumping all defendants together in each claim and providing no factual basis to distinguish their conduct, [the] complaint failed to satisfy [the] minimum standard [under Rule 8]."); *Gauvin v. Trembatore*, 682 F. Supp. 1067,

1071 (N.D. Cal. 1988) (rejecting a complaint where all defendants were "lumped together in a single, broad allegation").  Accordingly, IIROSA has not been provided fair notice of the allegations against it, and this Court must dismiss the Complaint for failure to state a claim. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

### III.     Conclusion

For the foregoing reasons, IIROSA respectfully requests that this Court grant its Motion to Dismiss for lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

_____
Martin F. McMahon (MM 4389)
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Ste. 900
Washington, D.C.  20036
(202) 862-4343

*Attorneys for Defendant*
*International Islamic Relief*
*Organization of Saudi Arabia*

Dated: December 6, 2004