UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*   Estate of John P. O'Neill, *et al.*  v. Al Baraka, *et al.*
04 CV 1923 (RCC)

**THE O'NEILL PLAINTIFFS' MORE DEFINITE STATEMENT
AND SUPPLEMENTAL PLEADING ADDING CERTAIN DEFENDANTS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(e) AND
15(d) AND PARAGRAPH 12 OF CASE MANAGEMENT ORDER #2**

1.   As identified in the *Estate of John P. O'Neill, et all v. Al Baraka, et al.* First Amended Complaint, 04 CV 1923 (RCC) (hereinafter referred to as "First Amended Complaint"), defendant "Al-Haramain Islamic Foundation, Inc. a/k/a Al-Haramain Islamic Foundation a/k/a Islamic Al-Haramain" refers to and includes the Al Haramain Foundation of Saudi Arabia, as well as any and all subsidiary, affiliate, related and/or branch offices thereof, including without limitation, all of the following, each of whom has been and is identified as a defendant herein:

   a. Al Haramain Islamic Foundation (Saudi Arabia)

   b. Al Haramain Islamic Foundation (Afghanistan)

   c. Al Haramain Islamic Foundation (Albania)

   d. Al Haramain Islamic Foundation (Bangladesh)

   e. Al Haramain Islamic Foundation (Bosnia-Herzegovina)

   f. Al Haramain Islamic Foundation (Ethiopia)

g. Al Haramain Islamic Foundation (Indonesia)

h. Al Haramain Islamic Foundation (Kenya)

i. Al Haramain Islamic Foundation (Netherlands)

j. Al Haramain Islamic Foundation (Pakistan)

k. Al Haramain Islamic Foundation (Somalia)

l. Al Haramain Islamic Foundation (Tanzania)

m. Al Haramain Islamic Foundation a/k/a Al Haramain Islamic Foundation, Inc. (United States)

2.     As identified in the First Amended Complaint, defendant "Muslim World League a/k/a Rabita Al-Alam Al-Islami a/k/a Islamic World League" refers to and include the Muslim World League of Saudi Arabia, as well as any subsidiary, affiliate, related and/or branch offices thereof, including without limitation, all of the following, each of whom has been and is identified as a defendant herein:

a. Muslim World League (Buenos Aires, Argentina)

b. Muslim World League (Preston, Australia)

c. Muslim World League (Vienna, Austria)

d. Muslim World League (Dhaka, Bangladesh)

e. Muslim World League (Bujumbura, Burundi)

f. Muslim World League (Etobicoke, Canada)

g. Muslim World League (Moroni, Comores)

h. Muslim World League (Brazzaville, Congo)

i. Muslim World League (Kobenhaven, Denmark)

j. Muslim World League (Mantes la Joile, France)

k. Muslim World League (Libreville, Gabon)

l. Muslim World League (Jakarta, Indonesia)

m. Muslim World League (Rome, Italy)

n. Muslim World League (Amman, Jordan)

o. Muslim World League (Nairobi, Kenya)

p. Muslim World League (Kuala Lumpur, Malaysia)

q. Muslim World League (Nouakchott, Mauritania)

r. Muslim World League (Mauritius, Mauritius)

s. Muslim World League (Maputo, Mozambique)

t. Muslim World League (Wuse Abuja, Nigeria)

u. Muslim World League (Islamabad, Pakistan)

v. Muslim World League (Makati City, Philippines)

w. Muslim World League (Male, Republic of Maldives)

x. Muslim World League (Moscow, Russia)

y. Muslim World League (Makkah, Saudi Arabia)

z. Muslim World League (Dakar, Senegal)

aa. Muslim World League (Djibouti, Somalia)

bb. Muslim World League (Gauteng, South Africa)

cc. Muslim World League (Khartoum, Sudan)

dd. Muslim World League (Dar Es Salaam, Tanzania)

ee. Muslim World League (Bangkok, Thailand)

ff. Muslim World League (Lome, Togo)

gg. Muslim World League (Port of Spain, Trinidad)

      hh. Muslim World League (London, U.K.)

      ii. Muslim World League (Kampala, Uganda)

      jj. Muslim World League (New York, U.S.A.)

      kk. Muslim World League (Falls Church, U.S.A.)

3. As identified in the First Amended Complaint, defendant "World Assembly of Muslim Youth" refers to and includes World Assembly of Muslim Youth of Saudi Arabia, as well as any and all subsidiary, affiliate, related and/or branch offices thereof, including without limitation, all of the following, each of whom has been and is identified as a defendant herein:

      a. World Assembly of Muslim Youth (Riyadh, Saudi Arabia)

      b. World Assembly of Muslim Youth (Jeddah, Saudi Arabia)

      c. World Assembly of Muslim Youth (London, United Kingdom)

      d. World Assembly of Muslim Youth (Falls Church, Virginia)

4. As identified in the First Amended Complaint, defendant "International Islamic Relief Organization a/k/a Islamic Relief Organization a/k/a International Relief Organization a/k/a Success Foundation" will be broken into two (2) separate defendants. The first defendant will be "International Islamic Relief Organization a/k/a Islamic Relief Organization a/k/a International Relief Organization," and its related parties as set forth in paragraph 5, hereof, and the second defendant will be "Success Foundation."

5. As identified in the First Amended Complaint, defendant "International Islamic Relief Organization (IIRO)" refers to and includes International Islamic Relief Organization of Saudi Arabia, as well as any and all subsidiary, affiliate, related and/or

branch offices thereof, including without limitation, all of the following, each of whom has been and is identified as a defendant herein:

    a. International Islamic Relief Organization (Saudi Arabia)

    b. International Islamic Relief Organization branch offices in Africa, Asia, Europe, Canada, the United States of America, Latin America, and the Caribbean.

6.    As identified in the First Amended Complaint, defendant "Benevolence International Foundation" refers to and includes Benevolence International Foundation of Saudi Arabia, as well as any and all subsidiary, affiliate, related and/or branch offices thereof, including without limitation, all of the following, each of whom has been and is identified as a defendant herein:

    a. Benevolence International Foundation (Bosnia-Herzegovina)

    b. Benevolence International Foundation (Canada)

    c. Benevolence International Foundation (Saudi Arabia)

    d. Benevolence International Foundation (United States)

7.    As identified in the First Amended Complaint, "Dar Al Maal Islami a/k/a Dar-Al-Mall Al Islami a/k/a Dar Al-Maal Al-Islami (DMI)" refers to and includes Dar al Maal Administrative Services SA a/k/a DMI Administrative Services SA and Dar Al Maal Al Islami Trust.

8.    As identified in the First Amended Complaint "National Commercial Bank" ("NCB") refers to and includes National Commercial Bank, SNCB Corporate Finance Ltd., and SNCB Securities Limited.

Dated: December 17, 2004

                              Respectfully submitted,

                              LAW OFFICES OF JERRY S. GOLDMAN
                                  & ASSOCIATES, PC

By:_____
    JERRY S. GOLDMAN, ESQUIRE (JG8445)
    111 Broadway, 13th Floor
    New York, NY 10006
    Tel.: (212) 242-2232
    Fax: (212) 346-4665
    Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that the attached Plaintiffs' More Definite Statement and Supplemental Pleading Adding Certain Defendants Pursuant to Federal Rules of Civil Procedure 12(e) and 15(d) and Paragraph 12 of Case Management Order #2 was served on all parties by way of electronic filing in the Southern District of New York on December 17, 2004.

Dated: December 17, 2004

                                            BY:_____
                                                 JERRY S. GOLDMAN, ESQUIRE