USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-5-05

# HANLY CONROY BIERSTEIN & SHERIDAN LLP

415 MADISON AVENUE
NEW YORK, NEW YORK 10017-1111
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 401-7556
JAYNE CONROY (NY, DC & MA)
(212) 401-7555
CLINTON B. FISHER (NY & DC)
(212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
(212) 401-7550
THOMAS I. SHERIDAN, III (NY)
(212) 401-7602

TELEPHONE (MAIN)
(212) 401-7600

TELECOPIER
(212) 401-7635

EMAIL
abierstein@hanlyconroy.com

**BY HAND**

December 30, 2004

*[Handwritten note:* The Court disregards Mr. Mohammedi's letter of December 23, 2004. The parties are to work out a briefing schedule for a motion to dismiss. 1/3/05 — Richard Casey*]*

Hon. Richard Conway Casey
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

Re: MDL 1570 – *Burnett v. Al Baraka Invest. & Devel. Corp.*

Dear Judge Casey:

I write in response to the letter to Your Honor from Khurrum Wahid dated December 29, 2004, to correct several mis-impressions that I believe that letter creates. To begin with, our objection to the December 20 letter from Omar Mohammedi, which Mr. Wahid has now withdrawn, was not based on, nor have we ever expressed dissatisfaction with, the fact that the letter was sent to us by email. Rather, as I informed Mr. Mohammedi in a detailed letter dated December 27, 2004, the December 20 letter represented an improper attempt to make a dispositive motion in the form of a letter application. (A copy of my December 27 letter to Mr. Mohammedi is enclosed.) Not only did Mr. Mohammedi's letter fail to comply with several rules in the Federal Rules of Civil Procedure and the local rules of this Court governing motions, it failed even to comply with Your Honor's order in this case governing letter applications. (Mr. Mohammedi also failed to comply with Your Honor's rule and with local practice concerning the *timing* (rather than the manner) of delivery to us: we were served by email *three days after the letter was hand-delivered to the Court.* I included this last objection in my letter as the last of eight or nine rules that Mr. Mohammedi had violated.) Mr. Wahid's representation in his letter than the parties' dispute concerned our "dissatisfaction" with receiving the letter by email, rather than by hand, is simply not true.

Mr. Wahid also claims that he (or Mr. Mohammedi) attempted to contact plaintiffs' counsel prior to the filing of the letter. Although Mr. Mohammedi and I exchanged correspondence in early December concerning his assertion that his client has not been properly served, I have not received any phone calls, emails, letters, faxes, or voice mail messages from Mr. Mohammedi since December 6, at which time Mr. Mohammedi stated his intention to move to dismiss our complaint for lack of service. (A copy of Mr. Mohammedi's December 6 letter is enclosed.) At no time did

HANLY CONROY BIERSTEIN & SHERIDAN LLP

Hon. Richard Conway Casey
December 30, 2004

Page 2

Mr. Mohammedi (or anyone else associated with him) ever raise the subject of a briefing schedule with me. Accordingly, I was quite surprised to read in Mr. Wahid's letter not only of our supposed failure to respond to attempts to communicate (since I had already informed Mr. Wahid by phone that this was not so), but also to learn for the first time that either Mr. Mohammedi or Mr. Wahid had apparently, without plaintiffs' knowledge, contacted the Court, represented that plaintiffs had failed to respond to a communication requesting a briefing schedule, and obtained permission from the Court to send the December 20 letter!

It had been my hope that this dispute could be resolved without Court intervention and it was for that reason that I wrote to Mr. Mohammedi in the first place. I apologize for burdening the Court, but re-iterate the position set forth in my letter to Mr. Mohammedi: if Mr. Mohammedi believes that his client was not properly served in this case, he may, if he so chooses, file a motion pursuant to Fed.R.Civ.P. 12(b)(5), seeking dismissal for improper service of process. Plaintiffs believe that service was proper and intend to oppose any such motion. But I respectfully submit that dismissal under Rule 12(b)(5) cannot be sought, nor obtained, by letter and Mr. Mohammedi cannot simply disregard the Federal Rules, the local rules, the Case Management Orders, and Your Honor's rules of practice.

Respectfully,

Andrea Bierstein

Encs.
cc:   All counsel (via email; w/encs.)

## HANLY CONROY BIERSTEIN & SHERIDAN LLP
415 MADISON AVENUE
NEW YORK, NEW YORK 10017-1111
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 401-7556
JAYNE CONROY (NY, DC & MA)
(212) 401-7555
CLINTON B. FISHER (NY & DC)
(212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
(212) 401-7550
THOMAS I. SHERIDAN, III (NY)
(212) 401-7602

TELEPHONE (MAIN)
(212) 401-7600

TELECOPIER
(212) 401-7635

EMAIL
abierstein@hanlyconroy.com

**VIA EMAIL AND MAIL**

December 27, 2004

Omar T. Mohammedi, Esq.
200 Madison Avenue, Suite 1901
New York, New York 10016

    Re:    MDL 1570 – *Burnett v. Al Baraka Invest. & Devel. Corp.*

Dear Mr. Mohammedi:

    I write in response to your letter to Judge Casey dated December 20, 2004, in which you ask the Court to dismiss the *Burnett* action against your client, World Assembly of Muslim Youth ("WAMY"). Your letter is in violation of the Federal Rules of Civil Procedure, the local rules of the Southern District, the Individual Practices of Judge Casey, and Judge Casey's specific orders in this case.

    Athough styled in the form of a letter, your application is clearly a motion to dismiss pursuant to Fed.R.Civ.Pro. 12(b)(5). The Federal Rules of Civil Procedure specifically provide that such an application must be made by motion. Fed.R.Civ.Pro. 7, 12(b). Moreover, the local rules require that a notice of motion and supporting papers be filed and that the motion be supported by a memorandum of law. *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rules 6.1, 7.1. In addition Judge Casey's Case Management Order No. 2, docketed in this case on June 16, 2004, provides that "[w]ith respect to motions to dismiss, the parties shall submit to the Court an agreed-upon, proposed briefing schedule." You have not followed any of these rules.

    Even if your motion to dismiss could be brought by letter, rather than by filed notice of motion, you failed to follow Judge Casey's procedures for letter applications. On June 18, 2004, the Court entered an order in this case which provides: "[I]t is hereby ORDERED that letter applications to the Court must not be submitted until they are fully briefed, i.e., the parties are to work out a schedule amongst themselves, and if during the exchange of correspondence they are still unable to reach an agreement, the applying party must only submit the letters as a package to the Court after the agreed upon deadline. Such letter applications must not exceed three pages." We were not previously provided with your four-page letter-motion and were not given an opportunity

HANLY CONROY BIERSTEIN & SHERIDAN LLP

December 27, 2004 — Page 2

to respond to it. Finally, Judge Casey's Individual Practices provide that "Letters must be delivered to opposing counsel in the same manner that they are delivered to Chambers." This is universally understood in the Southern District to require equally expeditious delivery to opposing counsel as to the Court. Your letter, however, was apparently delivered to Judge Casey on December 23, 2004 and emailed to all counsel three days later, on December 26.

Before calling your various procedural errors to the Court's attention, we offer you an opportunity to correct them. Specifically, we request that you write to Judge Casey to withdraw your improper letter-motion and submit, instead, a proposed briefing schedule for a filed motion to dismiss, which we intend to oppose. Consistent with the briefing schedules agreed to for other motions to dismiss in this proceeding, we propose that plaintiffs have 60 days from the date of electronic filing of your motion to respond and that your reply brief, if you choose to file one, be filed no later than 14 days after we file our opposition. Please contact me today to let me know if this briefing schedule is acceptable and to confirm that you will promptly notify the Court of the withdrawal of your letter. If I have not heard from you, I will raise the procedural deficiencies of your letter with Judge Casey tomorrow and ask that your improper application be disregarded.

Sincerely,

Andrea Bierstein

LAW FIRM OF
**OMAR T. MOHAMMEDI**
200 MADISON AVENUE, SUITE 1901
NEW YORK, NY 10016-3903
PHONE (212) 725-3846
FACSIMILE (212) 725-9160

OF COUNSEL:

MARC RUBIN
DEVEREAUX CANNICK
KHURRUM WAHID
SETH MARCUS

WEBSITE: WWW.OTMLAW.COM

OMAR T. MOHAMMEDI
DIRECT LINE: EXT. 18
OMOHAMMEDI@OTMLAW.COM

December 6, 2004

**VIA AIRBORNE EXPRESS & FACSIMILE**
Andrea Bierstein, Esq.
Hanly Conroy Bierstein & Sherridan LLP
100 Park Avenue
New York, New York 10017-5590
Facsimile: (212) 401-7635

**Re: MDL-1570:**
**Burnett, et al. v. Al Baraka Investment &**
**Development Corp., et al., 03-CV-9849 (RCC)**

Dear Ms. Bierstein:

We write in response to your December 1, 2004 letter. In that letter you contend that on September 7, 2004, Mr. Justin Kaplan faxed us copies of the Certificate of Service, as well as the affidavit from your process server which purported to confirm service on WAMY in December 2002. You further had the audacity to state that Mr. Kaplan's cover letter invited us to provide any reason our clients should not be viewed as being in default, and that we failed to respond to this invitation.

Our attempts to contact you regarding service issues have been well documented in our previous letters and communications. If we were not prepared to respond, as you alleged, we would not have initiated contact with you, nor would we have repeatedly attempted to follow up on that contact to urge you to serve our clients.

As for the September 7, 2004 letter, we never responded to it simply because we never received it. Please provide us with proof of the fax transmission.

It is our intention to seek a court order to dismiss the <u>Burnett</u> action based on the above stated facts. Please feel free to contact the undersigned.

Sincerely,

Omar T. Mohammedi

Cc:
Justin B. Kaplan
Motley Rice, LLC
9701 Lake Forest Boulevard
New Orleans, LA 70127
Facsimile: (504) 245-1816

WAMY/Service