

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Tel  + 1 202 626 3600
Fax + 1 202 639 9355
www.whitecase.com

ECF

January 5, 2005

BY HAND

The Honorable Richard Conway Casey
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-24-05
```

Re:  *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC)

Dear Judge Casey:

This letter replies to Mr. Carter's letter to Your Honor dated January 5, 2005. We maintain that the only sensible approach is for the parties to await the Court's ruling in *Burnett* and then for the Bank to respond to the copycat complaints on a consolidated basis. Only this approach would eliminate duplicative or unnecessary briefing.

First, as Mr. Carter acknowledges in his letter, setting the briefing schedule from the Court's decision on the Bank's pending motion in *Burnett* would allow the parties to "craft new arguments, based on the Court's decision, thereby requiring the Court to consider new arguments and new precedents." Carter Letter at 3. This approach is highly preferable to the Court considering wholly duplicative arguments and is precisely the reason that Al Rajhi Bank requests that Your Honor endorse a single consolidated briefing schedule set from that date. It is inexplicable that Mr. Carter claims "consideration of revised arguments would further complicate these proceedings and exacerbate the burdens of the Court." *Id.* Al Rajhi Bank submits that it is most useful and efficient for the Court to consider an answer or revised arguments on new motions that address the Court's reasoning and conclusions in *Burnett* so that the Court and the parties are not burdened by duplicative briefing and repetitive arguments that the Court has already considered or adjudicated.

Indeed, according to representations made by Cozen O'Connor (acting as coordinating counsel on this issue) in the attached email, as of December 12, 2004, only the *Federal Insurance* Plaintiffs objected to a single, consolidated briefing schedule set from the date this Court decides Al Rajhi Bank's pending motion in *Burnett*, whereas the other Plaintiffs approved this

The Honorable Richard Conway Casey

**WHITE & CASE**

January 5, 2005

arrangement. Mr. Carter's letter fails to provide any basis for these other Plaintiffs' change in position.

Second, as we stated in our letter to Your Honor on December 30, 2004, and as we have emphasized to Mr. Carter during our attempts to resolve this issue without the Court's intervention, Al Rajhi Bank has unequivocally agreed to accept service of process through undersigned counsel in all the cases related to or consolidated under MDL 1570 naming Al Rajhi Bank as a Defendant. For that reason alone, and not any briefing schedule, Al Rajhi Bank's name did not appear on the publication notice issued by Plaintiffs.

The most effective and efficient method to bring the *Federal Insurance* action (and the other actions naming Al Rajhi Bank as a Defendant) into "procedural harmony" with the *Burnett* action — which Mr. Carter asserts is the *Federal Insurance* Plaintiffs' desire — is a single, consolidated briefing schedule set from Your Honor's decision on Al Rajhi Bank's pending motion to dismiss in *Burnett*. Therefore, Al Rajhi Bank respectfully requests that the Court endorse the briefing schedule outlined in our December 30, 2004 letter.

Thank you for your consideration of this matter.

Respectfully submitted,

Christopher M. Curran
Nicole E. Erb
*Counsel for Al Rajhi Banking & Investment Corporation*

Attachment

cc:   All Counsel (by email)

*Handwritten note:*

The Court has reviewed Al Rajhi's Dec. 30 application + Federal Insurance's response. Federal Insurance is to notify the court by February 1, 2005 how it would be prejudiced by Al Rajhi's application.

Jan. 24, 2005       Richard Conway Casey