## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                    )
In re Terrorist Attacks on September 11, 2001 )        03 MDL No. 1570 (RCC)
                                                    )
                                                    )        ECF Case
                                                    )
_____ )

This Document Relates to:  All Cases


### Rule 25 Motion to Dismiss the Claims Against Mohammad Abdullah Aljomaih with Supporting Points and Authorities

This Motion seeks dismissal, with prejudice, of all claims against the late Mohammad Abdullah Aljomaih in the cases consolidated in this multi-district proceeding. The basis for this request, more fully explained below, is that more than 90 days have elapsed since the September 15, 2004 filing and service of a Suggestion of Death regarding Mr. Aljomaih (MDL 1570 Docket No. 444), but there has been no motion filed in any case to substitute another party in his place. Under such circumstances, Rule 25 (a) of the Federal Rules of Civil Procedure provides that "the action shall be dismissed as to the deceased party."

### Background

Mohammad Abdullah Aljomaih was first involved in this litigation in May 2003, when a version of his name[1] was included on a list of additional defendants  submitted by the Burnett plaintiffs to the District Court in Washington,  D.C. (Burnett District of Columbia Docket No.

_____

[1] The English transliteration of his name used in Burnett was "Mohammed bin Abdullah Al-Jomaith." That is not the spelling we have used, but it is how his name is rendered in later cases naming him as a defendant, and by the ECF filing systems in this Court and in Washington, D.C. Therefore, all announcements from either court of filings on Mr. Aljomaih's behalf have used the "Al-Jomaith" version of his name.

139). At the time, Mr. Aljomaih was 88 years old. He was largely retired from a 65 year business career and was in declining health.

There were no allegations added to the <u>Burnett</u> Complaint concerning Mr. Aljomaih, nor have there been since.  Apart from general, conclusory charges such as "He supported Al Qaeda," plaintiffs offered only the following specifics about Mr. Aljomaih: He was wealthy, his family's companies do business with American companies, and a last name like his, paired with a city where he never lived, appears on an unsigned, undated scrap of paper supposedly seized in Bosnia. There is nothing else. And absolutely nothing specific -- whether fact or allegation -- has been offered to connect Mr. Aljomaih to the tragic events of 9/11 or to the United States.

Any such claim would be meritless. Throughout his long and distinguished life, there was never a suggestion of scandal or criminality associated with Mr. Aljomaih. Plaintiffs' suggestion that he was a knowing supporter of mass murder is reckless and false.  In addition, Mr. Aljomaih had no personal connection with the United States. A life long resident of Riyadh, Saudi Arabia, he had not been in this country on business in 40 years, had visited only briefly for heart and cancer problems, and had not set foot in the United States since the 1990's.

Given this lack of connection to the United States, plus multiple defects in plaintiffs' attempts to serve him,[2] Mr. Aljomaih filed a Motion to Dismiss, principally under Rules 12(b)(2) and 12(b)(5), in the District of Columbia in October, 2003.  This Court granted that Motion on jurisdictional grounds in its January 18, 2005 Opinion (MDL 1570 Docket No. 632) at 40-41.[3]

---

[2] Mr. Aljomaih was "served" by publication without proper court authorization, by way of an Arabic notice that did not list his correct name and that was published in a periodical that is banned where he lives, and by a notice in English -- a language he could not read -- in a publication with very limited circulation in Saudi Arabia.

[3] The Court's January 18 Opinion dismisses the claims against Mr. Aljomaih in <u>Burnett</u> without prejudice. Granting this motion would result in dismissal with prejudice of all claims against him in all cases where he is named. Therefore, despite the January 18 ruling, this Motion

Some of the other cases consolidated here by the Multidistrict Panel also name Mr. Aljomaih as a defendant.[4] In most or all of them, it appears that the lawyers involved simply copied portions of the <u>Burnett</u> caption, since they use the "Al-Jomaith" spelling introduced in that case. None of these other complaints adds anything to the meager stock of allegations about Mr. Aljomaih. It seems likely that these follow-on lawsuits include Mr. Aljomaih's name, not because the lawyers or parties know anything about him, but simply because he was named in <u>Burnett</u>. There was never any service on Mr. Aljomaih in these other cases while he was alive, nor did he appear in any of them.

On April 28, 2004, Mr. Aljomaih died in Riyadh. A few months thereafter, counsel for Mr. Aljomaih advised plaintiffs' counsel in <u>Burnett</u> of his passing, and urged them to drop him from the litigation. <u>Burnett</u> counsel requested a copy of his death certificate, which was provided.  See Attachment A to this Motion. Since then, the <u>Burnett</u> plaintiffs have continued to pursue their claims against Mr. Aljomaih.

On September 15, 2004, a Suggestion of Death was filed in connection with Mr. Aljomaih's passing. (Docket No. 444). The pleading itself referred to "Mohammad Abdullah Aljomaih," while the ECF notice serving it spelled his named "Mohammed bin Abdullah Al-

---

should be addressed, since it rests on considerations different from those in Mr. Aljomaih's prior motion, and because granting it would have different scope and effect. Nonetheless, the estate will soon also file papers seeking application of the January 18 dismissal ruling to the other cases in which Mr. Aljomaih is named: There is no more reason to think the Court has jurisdiction over Mr. Aljomaih's estate in those cases than it did over him in <u>Burnett</u>.

[4] Of the nineteen cases consolidated here, it appears that six name Mr. Aljomaih as a defendant. They are:  <u>Burnett v. Al Baraka Investment & Development Corp.</u> No. 1:03 cv 5738; <u>Burnett v. Al Baraka Investment & Development Corp.</u> No. 1:03  cv  9849; <u>Federal Ins. Co. v. Al Qaida</u>  No. 1:03 cv 6978; <u>World Trade Center Properties LLC v. Al Baraka Investment & Development Corp.</u> No. 1:04 cv 7280; <u>Euro Brokers v. Al Baraka Investment & Development Corp.</u> No. 1:04 cv 7279; <u>New York Marine and General Ins. Co. v. Al Qaida</u>  No 1:04 cv 6105. It is possible that, in the profusion of defendants' names in the various complaints, other references to Mr. Aljomaih have been missed. If so, this Motion seeks dismissal in those cases also.

Jomaith" See Attachment B to this Motion. The Suggestion of Death said that it applied to "All Actions."

As this is written, about four and one-half months have passed since the Suggestion of Death was filed. The 90 day period provided by Rule 25 for substitution of a new party expired weeks ago. Plaintiffs have done nothing. There has been no motion to substitute another party for Mr. Aljomaih, nor has there been any request for an extension of the deadline for seeking such substitution.

### Argument

Rule 25(a)(1) states that

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party . . . and together with the notice of hearing, shall be served on the parties as provided in Rule 5 . . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death as provided herein for service of the motion, the action shall be dismissed as to the deceased party.

The process outlined in this Rule is "a method by which a defendant, or the representatives or successors of a deceased defendant, can limit the time in which the opposing party moves for substitution and can secure a dismissal if the plaintiff fails to seek substitution within the appropriate time." Moore's Federal Practice 3d §25.13[1] at 25-22 (emphasis added). As the Second Circuit has put it, under the current version of Rule 25, a "party is given 90 days from the time when it learns from compliance with Rule 25(a)(1) of the death of an opposing party to take appropriate action." Unicorn Tales, Inc. v. Banerjee 138 F. 3d 467, 470 (2d Cir 1998). Failure to "take appropriate action" within 90 days can lead to dismissal. There are several recent reported instances of just such action in this Court and Circuit.[5]

---

[5] See e.g. Unicorn Tales, supra; Swiggett v. Coombe 2003 U.S. Dist. LEXIS 1006 (S.D.N.Y. January 27, 2003); Berger v. Federal Reserve Bank of New York 2003 U.S. Dist.

Here, Rule 25(a) (1) has been complied with, and plaintiffs have not taken any action -- much less "appropriate action." The Suggestion of Death was filed on September 15, 2004 . It explicitly indicated that it applied to "All Actions" consolidated under the MDL 1570 case number. It was served by way of this court's ECF system and was thus, in the words of Rule 25, "served upon the parties as provided by Rule 5."[6]

In response, the plaintiffs have done nothing. The 90 day period to move to substitute has expired and is now over a month in the past. From all appearances, absent this motion, plaintiffs would never have done anything. Under the circumstances,[7] the Court should implement the plain language of Rule 25 and order that " the  action[s] shall be dismissed" as to Mr. Aljomaih and that the time to substitute another party in his place has expired.

There is a final consideration related to this motion. As noted earlier, Mr. Aljomaih filed, and the Court has now granted, a motion to dismiss in Burnett for, among other things, lack of personal jurisdiction. The briefing and argument on that motion showed that plaintiffs have

---

LEXIS 18764 (S.D.N.Y. October 17, 2003); Zeidman v Gen. Accident Ins. Co. 122 F.R.D. 160 (S.D.N.Y. 1988); . See also Billino v Citibank N.A. 123 F. 3d 723 (2d Cir. 1997) (district court denied untimely motion to substitute and dismissed action, but Court of Appeals did not reach the merits of that result due to lack of appellate jurisdiction)

[6] See Rule 5(b)(2)(D): "Service under Rule 5(a) is made by . . . . Delivering a copy by any other means, including electronic means consented to in writing by the person served . . . . If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities." See Case Management Order 1 at ¶1 and Case Management Order 2 at ¶¶ 6, 7, and 9.

[7] The ninety day period for moving to substitute under Rule 25 can, under Rule 6(b), be extended for good cause. Zeidman v. Gen. Accident Ins. Co. 122 F.R.D. 160 (S.D.N.Y. 1988). For several reasons, however, such an extension would be unjustified here. To begin with, the 90 day period long ago expired. There is nothing left to extend. Second, most cases that afford such extensions deal with pro se or unsophisticated parties or concern a failure to meet the 90 day time limit by only a few days; no such circumstances exist here Finally, to merit an extension, the plaintiffs must show "good faith and a reasonable basis for noncompliance." Zeidman supra. 122 F.R.D. at 162 (S.D.N.Y. 1988). It hard to imagine what the "reasonable basis" here could be for a failure to meet the Rule 25 deadline by six weeks (and counting).

offered absolutely no substantial reason to think Mr. Aljomaih had any involvement with Al

Qaeda or the events of 9/11. In this connection, an observation by Judge Greisa in <u>Swigett v.</u>

<u>Coombe</u> 2003 U.S. Dist LEXIS 1006 at *7 (S.D.N.Y. January 27, 2003), a case ordering

dismissal under Rule 25, seems especially pertinent:

> The court has in mind that claims against the estates of deceased persons create uniquely
> serious problems for the survivors of those persons. . . . . It is surely germane to scrutinize
> the complaint and determine whether there is any realistic possibility of valid claims
> against the estates of  [the defendants]. The court believes there is not . . . . For these
> reasons, the court believes it would be futile to have [the plaintiff] attempt to open up
> litigation against the estates [by filing an untimely  motion to substitute].

> Here similar considerations exist: The claims against  Mr. Aljomaih in <u>Burnett</u> have now

been dismissed for lack of personal jurisdiction. In addition, and independently, dismissal is

appropriate given plaintiffs' failure to move in a timely fashion to substitute. Taken together, the

flimsiness (at best) of plaintiffs' claims and the lack of personal jurisdiction over Mr. Aljomaih

or his estate, plus plaintiffs' failure to abide by Rule 25, lead inescapably to one conclusion: All

the claims against Mr. Aljomaih should be dismissed. A proposed Order is included with this

Motion.

Respectfully submitted,


_____/s/_____
John A. Nocera
Anthony L. Cotroneo
Rosner Nocera & Ragone LLP
110 Wall Street, 23rd Floor
New York, New York 10005-2301
212-635-2544

Christopher T. Lutz
Steptoe & Johnson LLP
1330 Connecticut Avenue NW
Washington DC 20036
202 429 3000

Counsel for the Estate of Mohammad Abdullah Aljomaih

Dated: January 27, 2005