## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001   )   No. 03 MDL 1570 (RCC)
                                                )   ECF Case
_____)

This document relates to:

     CANTOR FITZGERALD ASSOCIATES, LP, *et al.* v. AKIDA INVESTMENT CO., LTD., *et al.*, Case No. 04-CV-7065;

     CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-CV-05970;

     EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07279;

     FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;

     NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-CV-6105;

     WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

### NOTICE OF AL HARAMAIN ISLAMIC FOUNDATION, INC. (USA)'s MOTION TO DISMISS
### THE CONSOLIDATED PROPERTY DAMAGE AND INSURANCE COMPLAINTS

     PLEASE TAKE NOTICE that, pursuant to Rule 12(b), Fed. R. Civ. P., defendant Al Haramain Islamic Foundation, Inc. (U.S.A.), by and through undersigned counsel, hereby makes a limited appearance for the purpose of moving the Court, before the Honorable Richard C. Casey, United States District Judge, at the United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, at a date and time to be determined by the Court, for an order dismissing, pursuant to Rules 12(b)(2) and 12(b)(6), Fed. R. Civ. P., the property damage plaintiffs' complaints in the following three cases, <u>Cantor Fitzgerald Associates, LP*, et al.* v. Akida Investment Co., Ltd.*, et al.*</u>, Case No. 04-CV-7065; <u>Euro Brokers, Inc.*, et al.* v. Al Baraka Investment and Development Corp.*, et al.*</u>, Case No. 04-CV-07279; and <u>World Trade Center Properties LLC*, et al.* v. Al Baraka Investment and Development Corp.*, et*</u>

*al.*, Case No. 04-CV-07280, and the insurance subrogation plaintiffs' complaints in the following

three cases, Continental Casualty Co*., et al.* v. Al Qaeda Islamic Army*, et al.*, Case No. 04-CV-

05970; Federal Insurance Co*., et al.* v. Al Qaida*, et al.*, Case No. 03-CV-6978; and New York

Marine and General Insurance Co. v. Al Qaida*, et al.*, Case No. 04-CV-6105, on the basis of (1)

lack of personal jurisdiction and (2) failure to state a claim upon which relief can be granted.  A

memorandum of law, with exhibits, in support of this Motion is attached hereto.

Respectfully submitted,

/s/ Lynne Bernabei

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
  Al Haramain Islamic Foundation, Inc. (U.S.A.)

DATED:  February 7, 2005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

)
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    )     No. 03 MDL 1570 (RCC)
)     ECF Case
_____)

This document relates to:

     CANTOR FITZGERALD ASSOCIATES, LP, *et al.* v. AKIDA INVESTMENT CO., LTD., *et al.*, Case No. 04-CV-7065;

     CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-CV-05970;

     EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07279;

     FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;

     NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-CV-6105;

     WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.


# MEMORANDUM OF LAW IN SUPPORT OF
# AL HARAMAIN ISLAMIC FOUNDATION, INC. (USA)'s
# MOTION TO DISMISS
# THE CONSOLIDATED PROPERTY DAMAGE AND INSURANCE COMPLAINTS

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Al Haramain Islamic Foundation, Inc. (U.S.A.)

DATED:  February 7, 2005

# TABLE OF CONTENTS

I.     Introduction ................................................................................. 1

II.    Procedural History ...................................................................... 1

III.   Factual Background ..................................................................... 2

IV.    Summary of Legal Argument ...................................................... 4

V.     Plaintiffs' Allegations Are Insufficient to Establish a Cause of Action Against
       AHIF for Plaintiffs' Tort Claims ................................................ 6

       A.    Plaintiffs Fail to Plead Sufficient Facts Showing That AHIF's Acts
             Proximately Caused Plaintiffs' Injuries ........................................ 6

       B.    Plaintiffs' Allegations are Insufficient to Make out Their Tort Claims
             Against AHIF ............................................................................. 10

VI.    Plaintiffs Lack Standing to Maintain Their RICO Claims Because Their Injuries
       are Personal Injuries, Not Injuries to Business or Property ...................................... 13

VII.   Plaintiffs' Allegations are Insufficient to Establish a Cause of Action Against
       AHIF for Plaintiffs' RICO Claims ............................................. 14

VIII.  Plaintiffs' Allegations are Insufficient to Make out Negligence Claims Against
       AHIF Because AHIF Owed No Duty of Care to Plaintiffs ...................................... 16

IX.    Plaintiffs' Contribution and Indemnity Claims Fail as a Matter of Law .................. 17

X.     Plaintiffs' Punitive Damage Claims Fail as a Matter of Law Because No
       Independent Cause of Action Exists ........................................... 19

XI.    Plaintiffs' Conspiracy Damage Claims Fail as a Matter of Law Because No
       Independent Cause of Action Exists ........................................... 19

XII.   This Court Lacks Personal Jurisdiction over AHIF Pursuant to Rule 4(k)(1)(D),
       Fed. R. Civ. P. or the New York Long-Arm Statute ................................................. 20

       A.    Rule 4(k)(1)(D), Fed. R. Civ. P., Does Not Allow the Exercise of Personal
             Jurisdiction over AHIF ................................................................. 20

i

B.    The New York Long-Arm Statute Does Not Allow the Exercise of
Personal Jurisdiction over AHIF ................................................................. 21

C.    The Constitutional Requirements of Due Process Do Not Allow the
Exercise of Personal Jurisdiction over AHIF ............................................... 23

CONCLUSION ............................................................................................................... 24

# TABLE OF AUTHORITIES

**Cases:**

Ahmed v. National Bank of Pakistan,
    572 F. Supp. 550 (S.D.N.Y. 1983) ....................................................... 20

Am. Arbitration Ass'n, Inc. v. DeFonseca,
    No. 93 Civ. 2424 (CSH), 1996 WL 363128 (S.D.N.Y. June 28, 1996) .............. 15

Arndt v. UBS AG,
    342 F. Supp. 2d 132 (E.D.N.Y. 2004) ................................................. 10

Asahi Metal Indus. Co. v. Superior Court of Calif.,
    480 U.S. 102 (1987) ....................................................................... 24

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
    171 F.3d 779 (2d Cir. 1999) ............................................................. 20

Barry & Sons, Inc. v. Instinct Productions, LLC,
    2005 WL 22845 (N.Y. App. Div. Jan. 6, 2005) .................................... 12

Bedford Affiliates v. Sills,
    156 F.3d 416 (2d Cir. 1998) ............................................................. 9

Boim v. Quranic Literacy Inst.,
    291 F.3d 1000 (7th Cir. 2002) ..................................................... 8, 11

Burger King v. Rudzewicz,
    471 U.S. 462 (1985) ....................................................................... 24

Burnett v. Al Baraka Invest. & Devel. Corp.,
    274 F. Supp. 2d 86 (D.D.C. 2003) ....................................... 1, 13, 16

Calcutti v. SBU, Inc.,
    273 F. Supp. 2d 488 (S.D.N.Y. 2003) ................................................ 18

Calder v. Jones,
    465 U.S. 783 (1984) ....................................................................... 23

Christiansen v. National Sav. & Trust Co.,
    683 F.2d 520 (D.C. Cir. 1982) .......................................................... 16

Chrysler Capital Corp. v. Century Power Corp.,
     778 F. Supp. 1260 (S.D.N.Y. 1991) ..................................................... 19, 22

Conley v. Gibson,
     355 U.S. 41 (1957) .......................................................................... 5

Cosco Indus., Inc. v. Johnson & Higgins,
     554 N.Y.S.2d 897 (App. Div. 1990) ..................................................... 18

Daventree Ltd. v. Republic of Azerbaijan,
     No. 02 Civ. 6356 (SHS), 2004 WL 2997881 (S.D.N.Y. Dec. 28, 2004) ............ 22

De Jesus v. Sears, Roebuck & Co.,
     87 F.3d 65 (2d Cir. 1996) ................................................................... 5, 9

Dineen v. Stramka,
     228 F. Supp. 2d 447 (S.D.N.Y. 2002) ................................................... 11

Dole Food Co. v. Patrickson,
     538 U.S. 468 (2003) ........................................................................ 9

Dubai Islamic Bank v. Citibank, N.A.,
     256 F. Supp. 2d 158 (S.D.N.Y. 2003) .................................................. 16

Federal Ins. Co. v. Arthur Andersen & Co.,
     75 N.Y.2d 366, 552 N.E.2d 870 (1990) ............................................... 16-17

First Nationwide Bank v. Gelt Funding Corp.,
     27 F.3d 763 (2d Cir. 1994) ................................................................ 7

Friedman v. Hartmann,
     787 F. Supp. 411 (S.D.N.Y. 1992) ...................................................... 17

Gibbs v. Hawaiian Eugenia Corp.,
     966 F.2d 101 (2d Cir. 1992) .............................................................. 17

Goodkin v. United States,
     773 F.2d 19 (2d Cir. 1985) ............................................................... 17

Grove Press, Inc. v. Angleton,
     649 F.2d 121 (2d Cir. 1981) ............................................................. 19

Hanson v. Denckla,
     357 U.S. 235 (1958) ....................................................................... 24

Howell v. New York Post Co.,
    81 N.Y.2d 115, 612 N.E.2d 699 (1993) ............................................................. 12

*In re* Magnetic Audiotape Antitrust Litig.,
    334 F.3d 204 (2d Cir. 2003) .............................................................................. 24

*In re*: Terrorist Attacks on Sept. 11, 2001,
    No. 03 MDL 1570 (RCC), 2005 WL 95708 (S.D.N.Y. Jan. 18, 2005) .............. *passim*

International Shoe Co. v. Washington,
    326 U.S. 310 (1945) ......................................................................................... 23

Jerry Kubecka, Inc. v. Avellino,
    898 F. Supp. 963 (E.D.N.Y. 1995) ...................................................................... 14

JSC Foreign Economic Ass'n v. Intl. Dev. & Trade Servs., Inc.,
    306 F. Supp. 2d 482 (S.D.N.Y. 2004) ................................................................. 9

Kajtazi v. Kajtazi,
    488 F. Supp. 15 (E.D.N.Y. 1978) ....................................................................... 20

Kemron Envtl. Servs., Inc. v. Environmental Compliance, Inc.,
    585 N.Y.S.2d 475 (App. Div. 1992) ................................................................... 18

King v. Crossland Savings Bank,
    111 F.3d 251 (2d Cir. 1997) .............................................................................. 16

Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,
    191 F.3d 229 (2d Cir. 1999) .............................................................................. 14

Lehigh Valley Indus., Inc. v. Birenbaum,
    527 F.2d 87 (2d Cir. 1975) ................................................................................ 22

Lesavoy v. Lane,
    304 F. Supp. 2d 520 (S.D.N.Y. 2004) ................................................................ 15

Liberman v. Worden,
    701 N.Y.S.2d 419 (App. Div. 2000) .................................................................... 7

Mayes v. UVI Holdings, Inc.,
    723 N.Y.S. 2d 151 (App. Div. 2001) .................................................................. 19

McCarthy v. Olin Corp.,
    119 F.3d 148 (2d Cir. 1997) .............................................................................. 17

McCoy v. Goord,
    255 F. Supp. 2d 233 (S.D.N.Y. 2003) ................................................................ 5

McGrath v. United Hosp.,
    562 N.Y.S.2d 193 (App. Div. 1990) .................................................................. 16

Mende v. Milestone Tech., Inc.,
    269 F. Supp. 2d 246 (S.D.N.Y. 2003) .............................................................. 20

Meroni v. Holy Spirit Ass'n for the Unification of World Christianity,
    506 N.Y.S.2d 174 (App. Div. 1986) .................................................................. 11

Metro. Life Ins. Co. v. Robertson-Ceco Corp.,
    84 F.3d 560 (2d Cir. 1996) ............................................................................... 24

Milliken v. Meyer,
    311 U.S. 457 (1940) .................................................................................... 23-24

National Organization for Women, Inc. v. Scheidler,
    510 U.S. 249 (1994) ......................................................................................... 13

Nix v. Hoke,
    62 F. Supp. 2d 110 (D.D.C. 1999) .................................................................... 21

Palsgraf v. Long Island R.R. Co.,
    248 N.Y. 339, 342 (1928) ................................................................................ 16

People v. Keech,
    467 N.Y.S. 2d 786 (Sup. Ct. 1983) ................................................................... 12

People v. Summer,
    407 N.Y.S.2d 53 (App. Div. 1978) .................................................................... 12

Pittman v. Grayson,
    149 F.3d 111 (2d Cir. 1998) ............................................................................... 7

Peoples' Democratic Republic of Yemen v. Goodpasture, Inc.,
    782 F.2d 346 (2d Cir. 1986) ............................................................................. 18

PT United Can Co. v. Crown Cork & Seal Co.,
    138 F.3d 65 (2d Cir. 1998) ............................................................................... 21

Quaknine v. MacFarlane,
    897 F.2d 75 (2d Cir. 1990) ............................................................................... 15

Sedima, S.P.R.L. v. Imrex Co.,
   473 U.S. 479 (1985) ................................................................................ 13-14

Smith v. County of Erie,
   743 N.Y.S.2d 649 (App. Div. 2002) ...................................................... 19

Smith v. Islamic Emirate of Afghanistan,
   262 F. Supp. 2d 217 (S.D.N.Y. 2003) ................................................... 11

Smith v. Local 819 I.B.T. Pension Plan,
   291 F.3d 236 (2d Cir. 2002) .................................................................... 5

Smith v. Mitlof,
   198 F. Supp. 2d 492 (S.D.N.Y. 2002) .................................................... 5

St. Pierre v. Dyer,
   208 F.3d 394 (2d Cir. 2000) .................................................................. 18

Talmor v. Talmor,
   712 N.Y.S.2d 833 (Sup. Ct. 2000) ........................................................ 13

Thomson-CSF, S.A. v. Amer. Arbitration Ass'n,
   64 F.3d 773 (2d Cir. 1995) ..................................................................... 9

Travelers Indemnity Co. v. AMR Services Corp.,
   921 F. Supp. 176 (S.D.N.Y. 1996) ........................................................ 18

Ungar v. Islamic Republic of Iran,
   211 F. Supp. 2d 91 (D.D.C. 2002) ......................................................... 8

United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.,
   994 F.2d 105 (2d Cir. 1993) .................................................................. 12

United States v. Ruiz,
   115 F.3d 1492 (1st Cir. 1997) ............................................................... 13

U.S. Fire Ins. Co. v. United Limousine Serv., Inc.,
   303 F. Supp. 2d 432 (S.D.N.Y. 2004) ................................................... 15

von Bulow v. von Bulow,
   634 F. Supp. 1284 (S.D.N.Y. 1986) ...................................................... 14

Whitaker v. American Telecasting, Inc.,
   261 F.3d 196 (2d Cir. 2001) .................................................................. 23

**Statutes and Rules:**

Anti-Terrorism Act, 18 U.S.C. § 2331, <u>et seq.</u> ................................................................ 10-11

     18 U.S.C. § 2331(1) ................................................................ 11

     18 U.S.C. § 2334(a) ................................................................ 21

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, <u>et seq.</u> .......... 13-16, 21

     18 U.S.C. § 1962(a) ................................................................ 2, 15-16

     18 U.S.C. § 1962(c) ................................................................ 2, 15-16

     18 U.S.C. § 1962(d) ................................................................ 2, 15-16

     18 U.S.C. § 1964(c) ................................................................ 13-14

     18 U.S.C. § 1965 ................................................................ 21

Torture Victim Protection Act, 28 U.S.C. § 1350 note ................................................................ 2, 10

Federal Rules of Civil Procedure:

     Rule 4(k)(1)(D) ................................................................ 6, 20-21

     Rule 12(b) ................................................................ 1

     Rule 12(b)(2) ................................................................ 1, 18

     Rule 12(b)(6) ................................................................ 1, 5

     Rule 12(e) ................................................................ 3

N.Y. C.P.L.R. § 215(3) (McKinney 2003) ................................................................ 10

N.Y. C.P.L.R. § 302(a)(1)-(4) (McKinney 2001) ................................................................ 6, 20-23

N.Y. E.P.T.L. § 5-4.1(1) (McKinney 1999 & Supp. 2005) ................................................................ 11

N.Y. E.P.T.L. § 11-3.3 (McKinney 2001) ................................................................ 11

**Other Materials:**

Restatement (Second) of Torts, § 9 cmt. b (1965) ........................................................... 8-9

T. Perrotta, "Employer's Suit Barred Over Singer's Death,"
  *N.Y. Law Journal*, Jan. 7, 2005, at 1 .................................................................. 12

## I.    INTRODUCTION.

The Al Haramain Islamic Foundation, Inc. (USA) ("AHIF"), an Oregon non-profit charity, was named as a defendant in six of the property damage and insurance subrogation complaints before this Court on little more than a bare allegation that it is "one and the same" as a Saudi charity, the al-Haramain Islamic Foundation, and that charity's overseas affiliates.  AHIF respectfully moves, pursuant to Rule 12(b), Fed. R. Civ. P., for dismissal based on (1) failure to state a claim and (2) lack of personal jurisdiction.  As set forth below, this Court must find, pursuant to Rule 12(b)(6), Fed. R. Civ. P., that plaintiffs have failed to state a claim against AHIF.  This Court must further find, pursuant to Rule 12(b)(2), Fed. R. Civ. P., that it lacks personal jurisdiction over AHIF, an Oregon entity that lacks sufficient contacts with this forum.

## II.    PROCEDURAL HISTORY.

There are nineteen lawsuits pending before this Court, with an aggregate total of about 835 defendants and 186 counts, spanning over 2,090 pages (not counting the captions) and over 7,250 numbered paragraphs.  See Exhibit 1.  AHIF is named as a defendant in twelve of the nineteen lawsuits pending before this Court.  In this motion, AHIF seeks to dismiss the three property damage complaints (*Cantor Fitzgerald*, *Euro Brokers*, and *World Trade Center Properties*), and the three insurance company subrogation complaints (*Continental Casualty*, *Federal Insurance*, and *N.Y. MAGIC*).  AHIF is moving separately to dismiss the five of the six personal injury complaints:  *Ashton*, *Burnett*, *O'Neill*, *Salvo*, and *Tremsky*.[1]

---

[1] AHIF is separately moving against the *Burnett* complaint originally filed in this Court, No. 03-CV-5738, which is similar to the *Burnett* complaint filed in the District of Columbia, with numerous changes in the listing of parties.  On February 7, 2003, AHIF moved to dismiss the *Burnett* complaint filed in the District of Columbia.  On July 25, 2003, Judge Robertson granted AHIF's motion with respect to the *Burnett* plaintiffs' Civil RICO claims (Counts 11, 12, and 13) and negligence claims (Counts 6 and 8), and denied it only as to Counts 3-5, 7, 9-10, and 14, the remaining tort claims.  The *Burnett* plaintiffs conceded that they could not state a claim against AHIF under the Torture Victim Protection Act (Count 2), and Counts 1 and 15 were not brought against AHIF.  See Burnett v. Al Baraka Invest. & Devel. Corp., 274 F. Supp. 2d 86, 111 (D.D.C. 2003).

This Court recently held that the plaintiffs could not state claims under the Torture

Victim Protection Act against defendants who did not act under color of law.  *In re*: Terrorist

Attacks on Sept. 11, 2001, No. 03 MDL 1570 (RCC), 2005 WL 95708, at *46 (S.D.N.Y. Jan. 18,

2005).  This Court further held that the plaintiffs could not state Civil RICO claims under 18

U.S.C. § 1962(a), (c), and (d), against those defendants who were not "central figures in the

underlying schemes" or whose income was not alleged to have injured plaintiffs.  Id. at *44-*45.

This Court held that the assault and battery and intentional infliction of emotional distress claims

had to be dismissed with respect to plaintiffs whose complaints were filed more than one year

after September 11, 2001, which includes the *Federal Insurance* complaint herein.  Id. at *47.

This Court also held that the negligence and negligent infliction of emotional distress claims

could not be stated against defendants who owed no duty to plaintiffs.  Id. at *47-*48.

### III.    FACTUAL BACKGROUND.

AHIF is an Islamic charity, incorporated in Oregon as a nonprofit corporation.  In 1989,

Perouz Sedaghaty, an American citizen and resident of Oregon, incorporated a religious charity,

the Qur'an Foundation, to engage in Islamic education, primarily through distribution of Qur'ans

(Korans) upon request to Americans.  See Exhibit 2.  In 1997, several individuals with the now-

defunct al-Haramain Foundation in Saudi Arabia ("al-Haramain (SA)"), learned of Mr.

Sedaghaty's work, and asked if he would establish an independent affiliate in Oregon, in order to

consolidate their work in distributing Qur'ans with that of the Qur'an Foundation.  Mr.

Sedaghaty then incorporated AHIF on February 11, 1999.  See Exhibit 3.[2]

The allegations in the property damage and insurance complaints about AHIF are

_____

[2] On September 9, 2004, after the filing of these personal injury lawsuits, AHIF was designated by the
Office of Foreign Assets Control, but AHIF is challenging that designation on statutory and constitutional grounds.

minimal, since most of the allegations regarding "al Haramain" pertain specifically to the Saudi

charity or other affiliates, which are separate entities distinct from AHIF.[3]  The allegations about

AHIF itself are a mixture of correct, but non-material facts, and unsupported inferences.

The *Cantor Fitzgerald, Continental Casualty*, and *Euro Brokers* plaintiffs correctly state

that AHIF operates in Ashland, Oregon;[4] has a board of directors, two of whom were officers of

al-Haramain (SA);[5] and owns a mosque in Springfield, Missouri.  See *Cantor Fitzgerald* Am.

Compl. ¶ 75; *Continental Casualty* Am. Compl. ¶¶ 494, 512-513; *Euro Brokers* Compl. ¶ 61;

*World Trade Center* Compl. ¶¶ 292, 310-311.  The *Federal Insurance* plaintiffs state that a

search warrant was executed against AHIF's property in Ashland, *Federal Insurance* Am.

Compl. ¶ 177, but allege nothing as to what was found.

The plaintiffs then make several conclusory and factually unsupported assertions:  AHIF

was "all financed, controlled and directed" by al-Haramain (SA)."  *Cantor Fitzgerald* Am.

Compl. ¶¶ 74, 75; *Euro Brokers* Compl. ¶ 61.  AHIF's "charitable contributions were siphoned

---

[3] See *Cantor Fitzgerald* Am. Compl.  ¶¶ 74-79, 81-83, 104, 110, 147, 204-205, 220; *Continental Casualty* Am. Compl.  ¶¶ 209, 260, 263, 283, 310, 315, 317, 358, 475-476, 489, 491-493, 494, 497-511, 514-518, 527; *Euro Brokers* Compl.  ¶¶ 60, 62-64, 6-68, 89, 95, 132; *Federal Insurance* Am. Compl. ¶¶ 82, 90, 113, 167-176, 178-179, 278, 280, 290, 301, 430-431, 435, 437, 443, 451, 475; *NY MAGIC* Am. Compl. ¶¶ 39-40; *World Trade Center* Complaint ¶¶ 96-97, 109, 111-113, 132, 140, 160, 165, 167, 170-173, 176-178, 180-182, 284, 287, 291-309, 312-316, 420, 581-587, 589-599, 689, 695, 718, 737, 754, 756, 780, 882-883, 925, 933-935, 938-939, 963, 978, 1100. The *Federal Insurance* plaintiffs also filed what it claimed was a "more definite statement" under Rule 12(e), Fed. R. Civ. P.  However, this statement does nothing more than state that defendant al-Haramain (SA) "refers to and includes" a laundry list of its affiliates, including AHIF.  See Docket No. 428 (*Federal Insurance*) (Sept. 10, 2004).

[4] The plaintiffs confuse assumed business names with AHIF's corporate name, by stating that there are "three business entities in Ashland, Oregon:  al-Haramain [sic] Foundation, al-Haramain [sic] Islamic Foundation, and al-Haramain [sic] Islamic Foundation, Inc.  All three of these separately filed businesses are at the same address and under the same management."  See *Continental Casualty* Am. Compl. ¶ 512; *World Trade Center* Compl. ¶ 310. In fact, the first two "entities" are nothing more than assumed business names, and not separately suable entities. Only the third is a corporate entity.

[5] Moreover, the two individuals who were officers of al-Haramain (SA) subsequently resigned their positions with AHIF in early 2003.  See Exhibit 4.

off to support Al Qaeda's terrorist activities." *Cantor Fitzgerald* Am. Compl. ¶ 80; *Euro*

*Brokers* Compl. ¶ 65.  AHIF had "ties to terrorism and specifically to Al Qaeda." *Euro Brokers*

Compl. ¶ 60.  AHIF "lent material support to Al Qaeda and OBL [Osama Bin Laden], aided and

abetted others who lent material support to Al Qaeda and OBL and otherwise engaged in

racketeering activity in violation of the law." *Cantor Fitzgerald* Am. Compl. ¶ 84; *Euro Brokers*

Compl. ¶ 69.  AHIF is "one and the same as al-Haramain's headquarters in Riyadh, Saudi

Arabia" and the "al-Haramain [sic] branch in Ashland, Oregon, is specifically linked to al Qaeda

operations." *Continental Casualty* Am. Compl. ¶ 512.

Two of the insurance subrogation plaintiffs include AHIF in a laundry list of a hundred

or more defendants who allegedly "have aided and abetted, conspired with, and provided

material support and resources to, defendant al Qaida and/or affiliated FTOs, associations,

organizations, or persons," *Federal Insurance* Am. Compl. ¶ 66, or allegedly had "material

support and sponsorship of, or affiliation with, defendant al Qaida and/or affiliated FTOs,

associations, or persons." *NY MAGIC* Am. Compl. ¶ 44.

The plaintiffs also allege, without factual support, that AHIF is one of several "co-

conspirators, aiders and abettors" of al-Haramain (SA).  *Continental Casualty* Am. Compl. ¶

497; *World Trade Center* Compl. ¶ 294.  The *Continental Casualty* plaintiffs also make the

unclear and vague allegation that "Although al-Haramain operates these branches in many

branches but are still controlled primarily from al-Haramain's headquarters in Riyadh, Saudi

Arabia."  See *Continental Casualty* Am. Compl. ¶ 494.

## IV.  SUMMARY OF LEGAL ARGUMENT.

Plaintiffs have failed to allege any specific conduct by AHIF, let alone wrongful conduct.

Nor have plaintiffs alleged any facts that would establish that AHIF's conduct proximately caused plaintiffs' injuries, or to make out the specific requirements of their claims.

The nineteen claims brought against AHIF by the six property damage and insurance subrogation lawsuits overlap, because several have copied the allegations, claims, and defendants from earlier-filed complaints. All six plaintiffs list various RICO and property damage claims. The *Cantor Fitzgerald* and *Federal Insurance* plaintiffs list claims under the Torture Victim Protection Act. The *Federal Insurance, NY MAGIC,* and *World Trade Center* plaintiffs list claims under the Anti-Terrorism Act, and common law claims for aiding and abetting, conspiracy, and punitive damages. The *Federal Insurance* and *NY MAGIC* plaintiffs list negligence claims. The *Federal Insurance* plaintiffs list wrongful death, survival, assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress claims. The *Cantor Fitzgerald* plaintiffs list contribution and indemnity claims.[6]

The court must dismiss a complaint, under Rule 12(b)(6), for failure to state a claim, where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Second Circuit has upheld the dismissal of a complaint that "consists of conclusory allegations unsupported by factual assertions [that] fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996).[7]

---

[6] The *Euro Brokers* complaint also lists a property damages claim (Count 7) against the "Al Qaeda defendants," which does not apply to AHIF.

[7] Accord Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); McCoy v. Goord, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted."); Smith v. Mitlof, 198 F. Supp. 2d 492, 498 (S.D.N.Y. 2002) ("Allegations that are so conclusory that they fail to give notice of the basic events and

As set forth below, plaintiffs have failed to state a cause of action as to their intentional tort claims, since they have not pled facts to support an allegation that AHIF's actions were a "but for" cause of plaintiffs' injuries, or that AHIF was involved in any of those torts.  See Part V, *infra*.  The insurance plaintiffs lack standing to bring their RICO claims, because their subrogation claims arise from personal injuries, not injuries to business or property.  See Part VI, *infra*.  All plaintiffs have failed to plead any facts to support any inference required to state their RICO claims.  See Part VII, *infra*.  Plaintiffs' negligence, negligent infliction of emotional distress, and contribution and indemnity claims fail to state a cause of action, because AHIF owed no duty to plaintiffs.  See Parts VIII-IX, *infra*.  Plaintiffs' claims for conspiracy and punitive damages fail to state a cause of action, since neither is recognized as an independent claim under New York law.  See Parts X-XI, *infra*.  Finally this Court lacks personal jurisdiction over AHIF, an non-resident defendant, under either Rule 4(k)(1)(D), Fed. R. Civ. P., or the New York long-arm statute, N.Y. C.P.L.R. § 302(a).  See Part XII, *infra*.

## V.    PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH A CAUSE OF ACTION AGAINST AHIF FOR PLAINTIFFS' TORT CLAIMS.

### A.    PLAINTIFFS FAIL TO PLEAD SUFFICIENT FACTS SHOWING THAT AHIF'S ACTS PROXIMATELY CAUSED PLAINTIFFS' INJURIES.

This Court must find that the personal injury plaintiffs have failed to satisfy the threshold requirement for their intentional tort claims:  they have not pled sufficient facts showing that AHIF proximately caused plaintiffs' injuries.  Plaintiffs have merely alleged in a conclusory manner that all defendants provided support to al Qaeda, which led to the September 11 attacks.

_____

circumstances of which the plaintiff complains, are insufficient as a matter of law.").

However, plaintiffs have not pled any facts showing that AHIF's acts, whatever they were alleged to be, proximately caused their injuries.

As the Second Circuit recognized, proximate causation means that only those defendants whose acts "were a substantial factor in the sequence of responsible causation, and whose injury was reasonably foreseeable or anticipated as a natural consequence" can be held liable for intentional torts. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 769 (2d Cir. 1994). The plaintiffs rely entirely on theories of concerted liability, *i.e.*, aiding and abetting, and conspiracy, to support their allegations of proximate causation. *In re* Sept. 11, 2005 WL 95708, at *43. In order to impose tort liability on AHIF through a concerted liability theory, plaintiffs must show that AHIF "must know the wrongful nature of the primary actor's conduct" and that AHIF acted "in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer." Id. (quoting Pittman v. Grayson, 149 F.3d 111, 122-23 (2d Cir. 1998)); accord Liberman v. Worden, 701 N.Y.S.2d 419, 420 (App. Div. 2000) (upholding dismissal of aiding and abetting claims "in the absence of any allegation that defendants had actual or constructive knowledge of the misconduct and substantially assisted therein"). However, plaintiffs have stated nothing more a conclusory and unsupported allegation that AHIF was one of several "co-conspirators, aiders and abettors" of al-Haramain (SA). *Continental Casualty* Am. Compl. ¶ 497; *World Trade Center* Compl. ¶ 294. These allegations, and the others set forth in Part III, *supra*, are insufficient to meet the standards set forth in the Second Circuit's Pittman precedent, and this Court's prior ruling. Hence, the absence of specific allegations regarding AHIF itself requires this Court to find that plaintiffs cannot use concerted liability theories as a basis for their

tort claims against AHIF.

Plaintiffs made few specific allegations regarding allegedly illegal activities of AHIF, a separate organization in the United States.  Instead, plaintiffs' allegations are almost entirely about the activities of al-Haramain (SA) and several of its other affiliates.  Regardless of the veracity of these allegations, plaintiffs have not pled any facts to support an allegation that AHIF had any control over, knowledge of, or participation in the activities of al-Haramain (SA), let alone its other affiliates.  Plaintiffs fail to plead any facts to support an inference that AHIF (1) intentionally provided assistance to al-Haramain (SA) or to any al Qaeda entity, knowing that the recipient engaged in terrorist activities; or (2) had authority or control over the activities of al-Haramain (SA) or any al Qaeda entity, knowing it engaged in terrorist activities; or (3) knew that the recipients of AHIF assistance would engage in terrorism.  This stands in stark contrast to the far more specific allegations that plaintiffs did make about several other defendants, and which this Court found to be sufficient as to one defendant alleged to have had specific ties with al Qaeda entities and individuals.  _In re_ Sept. 11, 2005 WL 95708, at *41-*42, *54.

The Seventh Circuit recognized, in the context of Anti-Terrorism Act claims, that making donations to an alleged terrorist group, without "knowledge of and intent to further the payee's violent criminal acts," could not sustain a tort claim.  Boim v. Quranic Literacy Inst., 291 F.3d 1000, 1012 (7th Cir. 2002); accord Ungar v. Islamic Republic of Iran, 211 F. Supp. 2d 91, 99 (D.D.C. 2002) (even though "plaintiffs have established that Iran provided extensive support to Hamas, . . . their proof does not link that support to the Ungar murders specifically"); see also Restatement (Second) of Torts, § 9 cmt. b (1965) ("In order that a particular act or omission may be the legal cause of an invasion of another's interest, the act or omission must be a substantial

8

factor in bringing about the harm.").

In essence, plaintiffs attempt to impose liability on AHIF based on the alleged acts of al-Haramain (SA) and its other affiliates.  To do so, plaintiffs must satisfy the requirements of the "reverse" veil-piercing test, which allows the imposition of tort liability on a subsidiary for the acts of a parent corporation, or the subsidiary's sole shareholder.  JSC Foreign Economic Ass'n v. Intl. Dev. & Trade Servs., Inc., 306 F. Supp. 2d 482, 485 (S.D.N.Y. 2004).  Aside from the fact that al-Haramain (SA) is not even the parent corporation of AHIF, given that AHIF was not incorporated as a subsidiary of the Saudi charity, see Exhibit 3, a veil piercing analysis requires a showing that the parent corporation not only "exercised domination and control" over the subsidiary, but also that the "corporate domination caused" the plaintiff's injuries.  Bedford Affiliates v. Sills, 156 F.3d 416, 431-32 (2d Cir. 1998).

Here, plaintiffs have pled no facts showing that al-Haramain (SA) dominated and controlled AHIF, let alone that any such domination proximately caused their injuries.  De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 69 (2d Cir. 1996) ("Actual domination, rather than opportunity to exercise control, must be shown.").  Nor have plaintiffs pled any facts showing a "virtual abandonment of [corporate] separateness" between AHIF and al-Haramain (SA).  Thomson-CSF, S.A. v. Amer. Arbitration Ass'n, 64 F.3d 773, 778 (2d Cir. 1995).  The Supreme Court recognized that one entity may have some relationship with another entity is insufficient to pierce the corporate veil, since there is "no authority for extending the doctrine so far that, as a categorical matter, all subsidiaries are deemed to be the same as the parent corporation."  Dole Food Co. v. Patrickson, 538 U.S. 468, 475-76 (2003) ("doctrine of piercing the corporate veil, however, is the rare exception . . . and usually determined on a case-by-case basis").  Therefore,

9

this Court should find that the acts of al-Haramain (SA) and its other affiliates, whatever they are alleged to be, cannot be used as the basis for imposing tort liability on AHIF.

Thus, this Court should find that plaintiffs cannot state a cause of action that AHIF's acts directly and intentionally injured plaintiffs, thereby precluding recovery under any direct tort theory, i.e., Torture Victim Protection Act; Anti-Terrorism Act; wrongful death; survival; assault and battery; property destruction; and intentional infliction of emotional distress, and this Court should dismiss those counts against AHIF.

### B. PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO MAKE OUT THEIR TORT CLAIMS AGAINST AHIF.

(1)     This Court must dismiss the plaintiffs' claims under the Torture Victim Protection Act, 28 U.S.C. § 1350 note ("TVPA"),[8] because only individuals can be sued under the TVPA, and AHIF is not an individual. *In re* Sept. 11, 2005 WL 95708, at *46 (citing Arndt v. UBS AG, 342 F. Supp. 2d 132, 141 (E.D.N.Y. 2004)).  Further, plaintiffs have not alleged that AHIF, a nonprofit corporation, was acting under color of law.  Id.

(2)     This Court must dismiss the *Federal Insurance* plaintiffs' assault and battery claim (Count 4) and their intentional infliction of emotional distress claim (Count 5) because the statute of limitations for these claims is one year.  N.Y. C.P.L.R. § 215(3) (McKinney 2003); *In re* Sept. 11, 2005 WL 95708, at *47.  The *Federal Insurance* complaint was filed on Sept. 10, 2003, more than one year after September 11, 2001.

(3)     This Court must dismiss the plaintiffs' tort claims under the Anti-Terrorism Act, 18 U.S.C. § 2331, et seq.,[9] because plaintiffs have failed to plead any facts to support an

---

[8] *Cantor Fitzgerald* Count 2 and *Federal Insurance* Count 6.

[9] *Federal Insurance* Count 10; *NY MAGIC* Count 5; and *World Trade Center* Count 1.

inference that AHIF engaged in any act of international terrorism proscribed by 18 U.S.C. §

2331(1).  Plaintiffs have also failed to plead any facts to support an inference that AHIF

provided any donations, training, or personnel to any terrorist group which caused plaintiffs'

injuries, or contributed to any terrorist group whose recipients were known to AHIF and which

caused plaintiffs' injuries, as required to impose liability under the ATA.  Smith v. Islamic

Emirate of Afghanistan, 262 F. Supp. 2d 217, 227 n.12 (S.D.N.Y. 2003) (plaintiff "must show

knowledge of and an intent to further the criminal acts and proximate cause"); Boim, 291 F.3d at

1012 (plaintiff must show "knowledge of and intent to further the payee's violent criminal

acts").  Thus, plaintiffs' allegations fail to support their ATA claims against AHIF.

(4)     This Court must dismiss the *Federal Insurance* plaintiffs' common law tort

claims for wrongful death and survival,[10] because plaintiffs have not pled any facts to support an

allegation that AHIF "caused the decedent's death," or that AHIF committed a tort against the

decedent prior to death.  N.Y. E.P.T.L. § 5-4.1(1) (McKinney 1999 & Supp. 2005) (wrongful

death claim), § 11-3.3 (McKinney 2001) (survival claim); see also Dineen v. Stramka, 228 F.

Supp. 2d 447, 454 (S.D.N.Y. 2002) ("Plaintiff's wrongful death claim must also be dismissed

because he has failed to allege a sufficient causal or proximate nexus between any action by the

defendant and the death of Dineen."); Meroni v. Holy Spirit Ass'n for the Unification of World

Christianity, 506 N.Y.S.2d 174, 179 (App. Div. 1986) ("both wrongful death and survival

actions require that the defendant have committed some underlying wrong against the

decedent").  Nor have plaintiffs pled any facts to support the allegation that AHIF "supported,

aided and abetted, or conspired with the September 11 terrorists."  *In re* Sept. 11, 2005 WL

_____

[10] Wrongful death:  *Federal Insurance* Count 2.  Survival:  *Federal Insurance* Count 3.

11

95708, at *46.

Moreover, wrongful death claims can only be brought by the personal representatives of the decedents.  Barry & Sons, Inc. v. Instinct Productions, LLC, 2005 WL 22845, at *2-*4 (N.Y. App. Div. Jan. 6, 2005).  David Fromm, Esquire, counsel for the *NY MAGIC* plaintiffs, was also counsel for the defendants in the *Barry & Sons* litigation, and was quoted as commending the appellate court's decision, because "To say that anyone who suffers damages from someone's death can sue would turn the law on its head."  See T. Perrotta, "Employer's Suit Barred Over Singer's Death," *N.Y. Law Journal*, Jan. 7, 2005, at 1 (attached hereto as Exhibit 5).

(5)    This Court must dismiss the plaintiffs' common law intentional infliction of emotional distress, assault and battery, and property destruction tort claims,[11] because plaintiffs have not pled any facts, let alone sufficient facts, to support an allegation that AHIF's acts caused plaintiffs' injuries, as required for intentional torts.  United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp., 994 F.2d 105, 108 (2d Cir. 1993) (defining assault and battery as intentional torts); Howell v. New York Post Co., 81 N.Y.2d 115, 121, 612 N.E.2d 699, 702 (1993) (intentional infliction of emotional distress requires "intent to cause, or disregard of a substantial probability of causing, severe emotional distress" and "a causal connection between the conduct and injury"); People v. Keech, 467 N.Y.S. 2d 786, 788-89 (Sup. Ct. 1983) (arson requires intent); People v. Summer, 407 N.Y.S.2d 53, 54 (App. Div. 1978) (criminal mischief resulting in

---

[11] Intentional infliction of emotional distress:  *Federal Insurance* Count 5.  Assault and battery: *Federal Insurance* Count 4.  Property destruction:  *Cantor Fitzgerald* Counts 1, 9; *Continental Casualty* Count 1; *Euro Brokers* Count 1-2, 6, 8; *Federal Insurance* Count 1; *NY MAGIC* Count 1; *World Trade Center* Counts 5-6, 9.

property damage requires intent).[12]  Nor can the plaintiffs rely on a conspiracy or aiding and

abetting theory to support their property damage claim, since plaintiffs have not pled facts

sufficient to show that AHIF associated itself with, and participated in, the conspiracy resulting

in the property damage, let alone that the property damage was a foreseeable act done in

furtherance of AHIF's participation in the conspiracy.  Cf. United States v. Ruiz, 115 F.3d 1492,

1499 (1st Cir. 1997).  Finally, the plaintiffs' "bare legal conclusions are not sufficient" to state

an intentional infliction of emotional distress claim.  Talmor v. Talmor, 712 N.Y.S.2d 833, 837

(Sup. Ct. 2000).  Thus, this Court should dismiss the plaintiffs' assault and battery, intentional

infliction of emotional distress, and property destruction claims, for failure to state a claim.

VI.    **PLAINTIFFS LACK STANDING TO MAINTAIN THEIR RICO CLAIMS BECAUSE THEIR INJURIES ARE PERSONAL INJURIES, NOT INJURIES TO BUSINESS OR PROPERTY.**

This Court must dismiss the *Continental Casualty, Federal Insurance,* and *NY MAGIC*

insurance subrogation plaintiffs' RICO claims, because plaintiffs lack standing as their injuries

are subrogation injuries that arise from the personal injuries of the insureds, not an injury to their

business or property.  RICO standing is a "threshold question" that "represents a jurisdictional

requirement."  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994).

Section 1964(c), which creates a private cause of action for violations of Section 1962, limits the

universe of potential plaintiffs to "[a]ny person injured in his business or property."  18 U.S.C. §

1964(c); see also Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) ("plaintiff only has

standing if, and can only recover to the extent that, he has been injured in his business or

_____

[12] AHIF has not identified New York case law concerning civil liability for destruction of real property, other than environmental tort claims, which rely on distinctive statutes and case law.  The plaintiffs' property damage claim is most analogous to a claim for damages arising from arson and criminal mischief resulting in damage to property, so AHIF has cited to case law based on those acts.

property by the conduct constituting the violation"). It is settled law that personal injury plaintiffs cannot seek recovery under the RICO statute. <u>Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.</u>, 191 F.3d 229, 241 (2d Cir. 1999) ("the RICO statute requires an injury to 'business or property,' whereas the smokers' injuries are personal in nature"); <u>Burnett</u>, 274 F. Supp. 2d at 101-02 (dismissing plaintiffs' RICO claims against AHIF for lack of standing); <u>Jerry Kubecka, Inc. v. Avellino</u>, 898 F. Supp. 963, 969 (E.D.N.Y. 1995) (holding that "personal representatives of the decedents are not entitled to sue under § 1964(c)"); <u>von Bulow v. von Bulow</u>, 634 F. Supp. 1284, 1309 (S.D.N.Y. 1986) ("It is clear that personal injury is not actionable under RICO.").

The insurance subrogation plaintiffs' RICO claims arise from the personal injuries suffered by the victims of the September 11 attacks, so their injuries are not "business and property" injuries. Since the insurance plaintiffs' subrogation damages are derived solely from personal injuries, this Court must find that they lack standing to bring their RICO claims.

## VII.    PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH A CAUSE OF ACTION AGAINST AHIF FOR PLAINTIFFS' RICO CLAIMS

Even if this Court were to consider the merits of the plaintiffs' RICO claims, it must still find that plaintiffs have failed to state a RICO claim under Section 1962(a), (c), or (d).

As a threshold issue, the *Continental Casualty, Euro Brokers*, and *World Trade Center* plaintiffs failed to file a RICO Statement, as required by Case Management Order No. 2, ¶ 14 (June 15, 2004), and the parties' stipulation as to service of process on AHIF, Docket No. 614 (Dec. 27, 2004). The *Cantor Fitzgerald, Federal Insurance,* and *NY MAGIC* RICO Statements impermissibly lump together allegations about all the so-called Al Haramain entities, including al-Haramain (SA) and numerous affiliates of the Saudi charity. *Cantor Fitzgerald* RICO

14

Statement (Docket No. 584) (Dec. 17, 2004); *Federal Insurance* RICO Statement (Docket No. 518) (Nov. 1, 2004); *NY MAGIC* RICO Statement (Docket No. 5) (Dec. 23, 2004).[13]  All three RICO Statements have numerous substantive paragraphs that are identical with those in the RICO Statements for yet other defendants, or are copied from each other, which is an impermissible lumping of generic allegations as opposed to a particularization of allegations as to each defendant.  The elements of a RICO claim "cannot be incorporated loosely from a previous narration, but must be tightly particularized and connected in a complaint."  Lesavoy v. Lane, 304 F. Supp. 2d 520, 532 (S.D.N.Y. 2004).

Notwithstanding the deficiencies of the RICO Statements, plaintiffs have not alleged any "injury arising from the defendant's investment of the racketeering income to recover under Section 1962(a)," other than an impermissible generic and conclusory assertion as to all defendants.  *In re* Sept.11, 2005 WL 95708, at *45 (quoting Quaknine v. MacFarlane, 897 F.2d 75, 83 (2d Cir. 1990)) (holding that plaintiffs have not stated a Section 1962(a) claim).

The plaintiffs' Section 1962(c) and (d) claims must also be dismissed, since the plaintiffs have done nothing to show that each individual defendant engaged in an enterprise or conspired with the other defendants to do so.  Id. (citing U.S. Fire Ins. Co. v. United Limousine Serv., Inc., 303 F. Supp. 2d 432, 451 (S.D.N.Y. 2004) and Am. Arbitration Ass'n, Inc. v. DeFonseca, No. 93 Civ. 2424 (CSH), 1996 WL 363128, at *7 (S.D.N.Y. June 28, 1996)).

Even if plaintiffs had properly pled an enterprise with respect to AHIF, the complaints allege little more than that AHIF may have assisted al Qaeda, but "do not allege 'anything approaching active management or operation,'" as required to state a Section 1962(c) RICO

_____

[13] The *NY MAGIC* RICO Statement was not cross-filed in the MDL 1570 docket.

claim.  Id. (quoting Dubai Islamic Bank v. Citibank, N.A., 256 F. Supp. 2d 158, 164 (S.D.N.Y.

2003)).  Nor have plaintiffs alleged that AHIF was a "central figure in the underlying schemes"

as required to find conspiracy liability under Section 1962(d).  Id.

Therefore, this Court must dismiss the plaintiffs' RICO claims against AHIF under

Sections 1962(a), (c), and (d), because the plaintiffs failed to allege any injury arising from

AHIF's investment of its income, or that AHIF engaged in an enterprise, or that AHIF conspired

with others to do so, or that AHIF was active in the management and operation of the alleged

enterprise, or that AHIF was a central figure in the alleged scheme.

### VIII.  PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO MAKE OUT NEGLIGENCE CLAIMS AGAINST AHIF BECAUSE AHIF OWED NO DUTY OF CARE TO PLAINTIFFS.

This Court must dismiss the *Federal Insurance* and *NY MAGIC* plaintiffs' negligence and

negligent infliction of emotional distress claims against AHIF because AHIF owed no duty of

care to the plaintiffs.[14]  It is black letter law that a defendant must owe a duty to plaintiffs in

order to state a negligence claim.  King v. Crossland Savings Bank, 111 F.3d 251, 259 (2d Cir.

1997); Palsgraf v. Long Island R.R. Co., 248 N.Y. 339, 342 (1928); In re Sept. 11, 2005 WL

95708, at *48.  Charitable organizations, and their officers and employees, owe no duty to the

general public.  McGrath v. United Hosp., 562 N.Y.S.2d 193, 194 (App. Div. 1990) (charity

owed no duty to plaintiffs); Christiansen v. National Sav. & Trust Co., 683 F.2d 520, 529 (D.C.

Cir. 1982); Burnett, 274 F. Supp. 2d at 108-09 (dismissing negligence claims against AHIF).

Moreover, in the subrogation context, the New York Court of Appeals held, in a seminal case

involving Federal Insurance itself, that "the insurer can only recover if the insured could have

---

[14] Two of the insurance subrogation complaints have listed negligence and negligent infliction of emotional distress claims.  *Federal Insurance,* Counts 5 and 11; *NY MAGIC,* Count 6 (negligence only).

16

recovered and its claim as subrogee is subject to whatever defenses the [defendant] might have

asserted against [the plaintiff]. Federal Ins. Co. v. Arthur Andersen & Co., 75 N.Y.2d 366, 372,

552 N.E.2d 870, 872 (1990); accord Gibbs v. Hawaiian Eugenia Corp., 966 F.2d 101, 106 (2d

Cir. 1992) ("Where the insured has no right of recovery, the insurer has no enforceable right of

subrogation.") (citing Federal Insurance).  It is inexcusable for the *Federal Insurance* plaintiffs

to assert negligence claims in this litigation, when those claims do not satisfy the standards set

forth in an appellate decision in which they were a party.

The *Federal Insurance* and *NY MAGIC* plaintiffs have not bothered to allege that AHIF

owed any duty to plaintiffs.  *Federal Insurance* Am. Compl., Counts 5 and 11; *NY MAGIC* Am.

Compl., Count 6.  Even if they had alleged any duty, there is no general duty to "control the

conduct of third persons to prevent them from causing injury to others."  McCarthy v. Olin

Corp., 119 F.3d 148, 156-57 (2d Cir. 1997).  Therefore, this Court should dismiss the plaintiffs'

negligence and negligent infliction of emotional distress claims against AHIF.

### IX.    PLAINTIFFS' CONTRIBUTION AND INDEMNITY CLAIMS FAIL AS A MATTER OF LAW.

This Court must dismiss the plaintiffs' contribution and indemnity claims because they

fail to state a claim.  The *Cantor Fitzgerald* plaintiffs, specifically co-plaintiff Port Authority of

New York and New Jersey, list a "contribution and indemnity" claim, Count 13.  As a threshold

matter, contribution is a right among co-defendants, and does not run from defendants to

plaintiffs.  Goodkin v. United States, 773 F.2d 19, 23 (2d Cir. 1985) ("the law is clear that claims

for contribution concern only defendants"); Friedman v. Hartmann, 787 F. Supp. 411, 415

(S.D.N.Y. 1992) ("Contribution is the proportionate sharing of liability among tortfeasors.").  At

present, there is no judgment against the Port Authority in the separate lawsuits brought against

it, so consideration of its contribution claim is premature.

Moreover, a contribution and indemnity claim "does not become an action for indemnity merely because the pleader has so denominated it." Peoples' Democratic Republic of Yemen v. Goodpasture, Inc., 782 F.2d 346, 350 (2d Cir. 1986). Instead, in order to have a viable indemnity claim, there must be a breach of duty by the defendant to the plaintiff, i.e., "the proposed indemnitor has breached a duty to a third party, but the proposed indemnitee has paid the third party for the loss attributable to that breach." Id. at 351; accord St. Pierre v. Dyer, 208 F.3d 394 (2d Cir. 2000) ("A claim for indemnification and contribution must be breached on the defendant's breach of a duty to the plaintiff – whether grounded in express contract, implied contract, or tort."); Travelers Indemnity Co. v. AMR Services Corp., 921 F. Supp. 176, 182 (S.D.N.Y. 1996) ("To recover indemnification of its loss . . . [third-party plaintiff] had to allege and prove that [third-party defendant] owed a duty to the primary plaintiff . . . and that such duty was breached."); Kemron Envtl. Servs., Inc. v. Environmental Compliance, Inc., 585 N.Y.S.2d 475, 476 (App. Div. 1992) ("In a claim for indemnification a duty must exist between the third-party defendant and the primary plaintiff."); Cosco Indus., Inc. v. Johnson & Higgins, 554 N.Y.S.2d 897, 898 (App. Div. 1990) (insured's broker "can seek contribution on a negligence theory . . . but the broker cannot assert a claim unless the plaintiff could have asserted that claim). More generally, "an action for contribution will not lie unless all the essential elements of a cause of action against the proposed contributor can be made out." Calcutti v. SBU, Inc., 273 F. Supp. 2d 488, 497 (S.D.N.Y. 2003). Here, the *Cantor Fitzgerald* plaintiffs have failed to allege that AHIF owed any duty to the plaintiffs, so its contribution and indemnity claims should be dismissed.

18

**X.     PLAINTIFFS' PUNITIVE DAMAGE CLAIMS FAIL AS A MATTER OF
        LAW BECAUSE NO INDEPENDENT CAUSE OF ACTION EXISTS.**

This Court must dismiss the plaintiffs' punitive damages counts, because no independent
cause of action exists under New York law for this claim.  Five of the six complaints listed
separate punitive damages counts.  See *Cantor Fitzgerald*, Count 12; *Euro Brokers*, Count 9;
*Federal Insurance*, Count 12; *NY MAGIC*, Count 7, and *World Trade Center*, Complaint ¶¶
1180-1183.

It is settled law that punitive damages are merely a form of relief, not an independent
cause of action.  Smith v. County of Erie, 743 N.Y.S.2d 649, 651 (App. Div. 2002) ("the court
properly dismissed the cause of action for punitive damages"); Mayes v. UVI Holdings, Inc., 723
N.Y.S. 2d 151, 157 (App. Div. 2001) ("there is no independent cause of action for punitive
damages").  Therefore, this Court should dismiss the plaintiffs' punitive damage claims.

**XI.    PLAINTIFFS' CONSPIRACY CLAIMS FAIL AS A MATTER OF LAW
        BECAUSE NO INDEPENDENT CAUSE OF ACTION EXISTS.**

This Court must dismiss the plaintiffs' conspiracy counts, because no independent cause
of action exists under New York law for this claim.  Four of the complaints listed conspiracy
counts.  See *Cantor Fitzgerald*, Count 10; *Federal Insurance*, Count 7; *NY MAGIC*, Count 2; and
*World Trade Center*, Count 7.

It is settled law that conspiracy is merely a method for establishing a nexus between
defendants and the tortious conduct, or for establishing personal jurisdiction, but is not an
independent tort under New York law.  Grove Press, Inc. v. Angleton, 649 F.2d 121, 123 (2d Cir.
1981) ("Under New York law, conspiracy, per se, is not a tort."); Chrysler Capital Corp. v.
Century Power Corp., 778 F. Supp. 1260, 1267 (S.D.N.Y. 1991) ("The charge of conspiracy is

merely the string which serves to connect defendants to the actionable wrong and the overt acts which caused injury."); Kajtazi v. Kajtazi, 488 F. Supp. 15, 21 (E.D.N.Y. 1978) ("a civil conspiracy to commit an actionable wrong is not a cause of action").  Here, the plaintiffs' "allegation of conspiracy is merely duplicative of the other claims and accordingly [should be] dismissed."  Ahmed v. National Bank of Pakistan, 572 F. Supp. 550, 555 (S.D.N.Y. 1983).  Therefore, this Court should dismiss the plaintiffs' conspiracy claims.

### XII.   THIS COURT LACKS PERSONAL JURISDICTION OVER AHIF PURSUANT TO RULE 4(k)(1)(D), FED. R. CIV. P. OR THE NEW YORK LONG-ARM STATUTE.

This Court must dismiss plaintiffs' complaints against AHIF, pursuant to Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction over AHIF.  The burden is on plaintiffs to establish that personal jurisdiction exists over each defendant by making a prima facie showing of facts sufficient to support a finding of personal jurisdiction.  Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999).  Regardless of which theory of personal jurisdiction is used, conclusory assertions or "argumentative inferences" cannot be used as a basis for personal jurisdiction.  Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003); accord In re Sept. 11, 2005 WL 95708, at *22.  As set forth below, neither Rule 4(k)(1)(D), Fed. R. Civ. P., nor New York's long-arm statute, allows for the exercise of personal jurisdiction over AHIF.

### A.   Rule 4(k)(1)(D), Fed. R. Civ. P., Does Not Allow the Exercise of Personal Jurisdiction over AHIF.

The catch-all provision of Rule 4(k)(1)(D), Fed. R. Civ. P., which allows the exercise of personal jurisdiction over a non-resident defendant "when authorized by a statute of the United States," does not apply to AHIF.  Plaintiffs have listed two jurisdictional statutes that they assert

20

allow the exercise of nationwide personal jurisdiction:  the Civil RICO Act, 18 U.S.C. § 1965, and the Anti-Terrorism Act, 18 U.S.C. § 2334(a).  The Second Circuit held that Section 1965 "does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found."  PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 71 (2d Cir. 1998); accord In re Sept. 11, 2005 WL 95708, at *24 n.33.  Moreover, the plaintiffs lack standing to bring a RICO claim, and have failed to state a RICO claim, supra Parts VI-VII.  The ATA's jurisdiction provision is also insufficient, since plaintiffs have failed to state a claim under the ATA against defendant AHIF, supra Part V.B(3).  Nix v. Hoke, 62 F. Supp. 2d 110, 115 (D.D.C. 1999) (failure to plead a valid substantive claim precludes the exercise of personal jurisdiction under a nationwide jurisdictional statute).  Therefore, this Court should find that Rule 4(k)(1)(D) does not allow the exercise of personal jurisdiction over AHIF.

## B. The New York Long-Arm Statute Does Not Allow the Exercise of Personal Jurisdiction over AHIF.

The New York long-arm statute, N.Y. C.P.L.R. § 302(a) (McKinney 2001), does not allow the exercise of personal jurisdiction over AHIF, an Oregon corporation.  Section 302(a) sets forth four possible bases for exercising jurisdiction over a non-resident defendant.

(1)    Plaintiffs have not pled any facts showing that AHIF "transacts any business within the state," or "owns, uses, or possesses any real property situated within the state," thereby precluding the exercise of personal jurisdiction under Sections 302(a)(1) and 302(a)(4).

(2)    Plaintiffs also have not pled any facts showing that AHIF "commit[ed] a tortious act within the state," which precludes Section 302(a)(2).  Nor can plaintiffs avail themselves of a conspiracy theory under Section 302(a)(2).  Plaintiffs' conclusory allegation that AHIF was one of several "co-conspirators, aiders and abettors" of al-Haramain (SA), see Continental Casualty

Am. Compl. ¶ 497; *World Trade Center* Compl. ¶ 294, is inadequate since the "bland assertion

of conspiracy . . . is insufficient to establish jurisdiction for the purposes of section 302(a)(2)."

Lehigh Valley Indus., Inc. v. Birenbaum, 527 F.2d 87, 93-94 (2d Cir. 1975).  Critically, the

courts have required that all three of the following elements must be satisfied for the exercise of

personal jurisdiction under a conspiracy theory:

> (a) the defendant had an awareness of the effects in New York of its activity;
> (b) the activity of the co-conspirators in New York was to the benefit of the out-of-state
> conspirators; and
> (c) the co-conspirators acting in New York acted "at the direction or under the control,"
> or "at the request of or on behalf of" the out-of-state defendant.

Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1269 (S.D.N.Y. 1991).

Since the complaints "do not allege any specific facts from which the Court could infer that

[defendant] . . . directed, controlled, or requested al Qaeda to undertake its terrorist activities" or

that AHIF had "knowledge of, or consent to those activities," there can be no personal

jurisdiction based on a New York long-arm conspiracy theory.  *In re* Sept. 11, 2005 WL 95708,

at *24 (citing Daventree Ltd. v. Republic of Azerbaijan, No. 02 Civ. 6356 (SHS), 2004 WL

2997881, at *22 (S.D.N.Y. Dec. 28, 2004) and Chrysler Capital, 778 F. Supp. at 1266).  This

Court should find that Section 302(a)(2) does not allow the exercise of personal jurisdiction over

AHIF.

(3)     Finally, plaintiffs have not pled any facts showing that, even if AHIF committed

"a tortious act without the state causing injury to person or property within the state," that AHIF

"(i) regularly does or solicits business, or engages in any other persistent course of conduct, or

derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives

substantial revenue from interstate or international commerce," as required by Section 302(a)(3). The Second Circuit held that, under Section 302(a)(3), the "situs of injury for purposes of asserting long arm jurisdiction is the place where the underlying, original event occurred which caused the injury." Whitaker v. American Telecasting, Inc., 261 F.3d 196, 209 (2d Cir. 2001). Here, with respect to AHIF, anything that AHIF allegedly did occurred in Oregon, not New York, which is insufficient to allow the exercise of personal jurisdiction under Section 302(a)(3). Id. (upholding dismissal of complaint for lack of personal jurisdiction).  Further, where a non-resident defendant is alleged to have committed torts outside the forum that somehow caused harm within the forum, the requisite "relatedness" with the forum is not established unless the defendant "expressly aimed" its allegedly tortious conduct at the forum, Calder v. Jones, 465 U.S. 783, 789 (1984), and was a "primary participant" in causing the harm from which the claim arose.  Id. at 790.  Plaintiffs have not pled any facts to support an allegation that AHIF "expressly aimed" its conduct at New York, let alone that AHIF was a "primary participant" in the September 11 attacks.  This Court should find that Section 302(a)(3) does not allow the exercise of personal jurisdiction over AHIF.

     **C.**    **The Constitutional Requirements of Due Process Do Not Allow the Exercise of Personal Jurisdiction over AHIF.**

     Even if this Court were to consider the exercise of personal jurisdiction under statutory jurisdictional provisions, it must still find that the constitutional requirements of due process are not satisfied.  There are two due process requirements that must be satisfied with respect to AHIF.  First, AHIF must have "minimum contacts with [this forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  International Shoe Co. v. Washington, 326 U.S. 310, 326 (1945) (quoting Milliken v. Meyer, 311 U.S. 457,

463 (1940)).  AHIF must be shown to have "purposefully avail[ed] itself of the privilege of

conducting activities within the forum . . . thus invoking the benefits and protections of its laws."

Hanson v. Denckla, 357 U.S. 235, 253 (1958).  Second, the exercise of personal jurisdiction over

AHIF must be reasonable.  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d

Cir. 1996).  It is the "minimum contacts" requirement that is at issue.

Critically, due process requires more than a mere showing that the plaintiffs were injured

in this forum.  Instead due process allows for personal jurisdiction over a non-resident defendant

only where the defendant "purposefully directed" its acts towards the forum state, since the mere

"foreseeability of injury" to the plaintiffs in their home state is insufficient to establish personal

jurisdiction.  Burger King v. Rudzewicz, 471 U.S. 462, 474-76 (1985); In re Magnetic Audiotape

Antitrust Litig., 334 F.3d 204, 208 (2d Cir. 2003) (key issue is whether the defendant's

intentional wrongdoing is "expressly directed at [the] forum"); In re Sept. 11, 2005 WL 95708,

at *28-*29.  Nor is mere awareness that a defendant's activities "may or will" affect the forum

state sufficient to establish personal jurisdiction.  Asahi Metal Indus. Co. v. Superior Court of

Calif., 480 U.S. 102, 112 (1987).  Under this precedent, plaintiffs have not met their burden to

show that AHIF "expressly aimed" any harm, or committed any tortious act that was

"purposefully directed," either towards New York specifically, or the United States generally.

Therefore, even if this Court were to apply the New York long-arm statute or Rule 4(k)(1)(D),

Fed. R. Civ. P., it must find that due process precludes it from exercising personal jurisdiction

over AHIF.

## CONCLUSION

For the foregoing reasons, defendant AHIF respectfully requests that this Court grant its

Motion to Dismiss for failure to state a claim upon which relief can be granted and for lack of

personal jurisdiction.

Respectfully submitted,


/s/ Lynne Bernabei

_____

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
  Al Haramain Islamic Foundation, Inc. (U.S.A.)

Dated:  February 7, 2005

25

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2005, I caused the foregoing to be served

electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant

to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


/s/ Alan R. Kabat
_____
Alan R. Kabat