Westlaw.

1/7/2005 NYLJ 1, (col. 3)                                                Page 1
1/7/2005 N.Y.L.J. 1, (col. 3)

                       New York Law Journal
                            Volume 231
           Copyright 2005 ALM Properties, Inc. All rights reserved

                       Friday, January 7, 2005

                                 News

EMPLOYER'S SUIT BARRED OVER SINGER'S DEATH

In Reversal, Panel Disallows Recording Firm Action for Plane Crash That Killed Aaliyah

Tom Perrotta

A RECORD company cannot sue over the death of star singer Aaliyah, who died in a 2001 plane crash, an appeals court ruled yesterday.

A unanimous panel of the Appellate Division, First Department, found that the trial judge who let the suit go forward had ignored well-settled law governing wrongful death actions.

The judge, Manhattan Supreme Court Justice Carol Edmead, ruled in May that Aaliyah was an asset rather than an employee of Blackground Records.

The distinction allowed the record company to sue Instinct Productions LLC for damages over the singer's death. Instinct was producing an Aaliyah video in the Bahamas and it had arranged for the fatal flight.

Yesterday, the First Department rejected Justice Edmead's determination, writing that the judge's "property asset" analysis was unfounded.

'The concept that a person is a property asset of another is, of course, abhorrent to modern day thinking," Justice Joseph Sullivan wrote for the court in Barry & Sons, Inc. v. Instinct Productions LLC, 4714.

The court emphasized that under New York law, corporations and employers are barred from bringing wrongful death claims, which are reserved for the personal representatives of a decedent.

Aaliyah, whose full name was Aaliyah Dana Haughton, had finished the video in the Bahamas when she boarded the plane that later crashed.

Her parents brought a wrongful death action in California against Instinct and reached an undisclosed settlement. The settlement also released Instinct and several other defendants from all claims relating to the singer's death.

Three months later, Blackground, which was founded by Aaliyah's uncle and was partially owned by Aaliyah herself, sued Instinct for millions of dollars. The company claimed that Instinct's negligence in failing to arrange safe transportation

Copyright © 2005 The New York Law Pub. Co.

Exhibit 5

Case 1:03-md-01570-GBD-SN   Document 656-7   Filed 02/07/05   Page 2 of 2

resulted in the singer's death.

 Instinct moved to dismiss the suit, arguing that an employer had no right to recover damages resulting from the death of a key employee.

 Justice Edmead sided with Blackground, finding that Aaliyah was the company's "primary asset." She said the company's suit was akin to an "ordinary negligence claim seeking recovery for damages allegedly arising out of the negligent destruction of a valuable property asset.'

 Instinct appealed and yesterday won a forceful reversal from the First Department.

 'The facile complaint allegation that Aaliyah was its primary asset does nothing to dispel the obvious -- that Blackground's claims assert nothing more than a wrongful death action," Justice Sullivan wrote.

 He said that public policy considerations demand the failure of suits such as this one.

 'Allowing tangentially injured parties to bring wrongful death actions would ... lead to a proliferation of litigation and, to the detriment of decedent's survivors, create unlimited liability for entities sought to be held liable for wrongful death," the judge wrote.

 David H. Fromm of Brown Gavalas & Fromm, who represented Instinct along with Frank J. Rubino, commended the court's decision.

 'We never felt like this was a close case," Mr. Fromm said. "To say that anyone who suffers damages from someone's death can sue would turn the law on its head.'

 Frank H. Peski of Nixon Peabody, who represented Blackground Records, declined to comment.

 Justices Richard T. Andrias, George D. Marlow and Betty Weinberg Ellerin concurred on the ruling.

 -- Tom Perrotta can be reached at tperrotta@amlaw.com.

1/7/2005 NYLJ 1, (col. 3)

END OF DOCUMENT

Copyright © 2005 The New York Law Pub. Co.