

MEMO ENDORSED

**DLA PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
T 858.638.6769
F 858.677.1401
W www.dlapiper.com

ECF

February 4, 2005
VIA HAND DELIVERY

OUR FILE NO. 2103638-6

Hon. Richard Conway Casey
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-9-05
```

Re:  *In re Terrorist Attacks of September 11, 2001*, MDL No! 1570 (RCC); *Burnett v. Al Baraka Investment & Development, et al.* (03 CV 9849 (RCC))
Also related to Ashton 02 CV 6977

Dear Judge Casey:

We are counsel to seventeen defendants.[1] We write in response to the February 3, 2005 letter to the Court from Mr. Kaplan of Motley Rice.

We previously wrote the Court a letter on January 31 in response to a letter application to the Court by the Motley Rice firm (*Burnett* case) dated January 27, as to which we were given no advance notice. We had hoped our prior letter would put an end to the "letter motion" practice by Motley Rice, and open a dialog with plaintiffs' counsel, so that issues arising from the Court's decision of January 18 could be brought to the Court in the orderly manner requested by the Court on January 25. Now we are in receipt of yet another letter to the Court from Motley Rice dated February 3 to which we respond.

In suggesting that the Court simply apply its decision to the *Burnett* case, the Motley Rice firm overlooks that the *Burnett* allegations against our clients materially differ from the allegations in *Federal Insurance* in ways the Court found significant in its January 18 decision. Motley Rice also sidesteps the fact that the issues not resolved in the Court's January 18 decision go well beyond our motions in *Burnett*, and extend to our *Ashton* motion as well as similar issues with allegations in the other multi-districted cases. Moreover, Motley Rice ignores the fact that our six individual clients have motions before the Court upon which the Court has not yet ruled.

We reiterate our point that the proper way to address all these issues is the way the Court directed on January 25: plaintiffs' and defendants' counsel should meet and confer, and then jointly propose to the Court a process for resolving issues remaining open after the January 18

---

[1] African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Mena Corporation, Reston Investments, Safa Trust, Sterling Charitable Gift Fund, Sterling Management Group, York Foundation, Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, Iqbal Unus, and Jamal Barzinji.

Serving clients globally



Hon. Richard Conway Casey
February 4, 2005
Page Two

decision. We are ready, willing and able to meet and confer with the affected plaintiffs' counsel to reach a joint proposal to fairly present the open issues to this Court.

Respectfully submitted,

**DLA Piper Rudnick Gray Cary US LLP**

*[signature]* on behalf of

Jay D. Hanson
*jay.hanson@dlapiper.com*

cc: All Counsel (via email)

SD\1624226.1
2103638-6

---

The Court has reviewed the January 27, 2005 + February 3, 2005 letters from Motley Rice and the January 31, 2005 + February 4, 2005 letters from DLA Piper Rudnick Gray Cary. Due to clerical oversight, the Court did not specifically consider the memoranda in support of the motions to dismiss the Burnett complaint by African Muslim Agency, Grove Corporate, Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Reston Investments, SAFA Trust, or York Foundation when it completed its January 18, 2005 order. Similarly, it did not consider the memorandum in support of the motion to dismiss the Ashton complaint by International Institute of Islamic Thought. Unless the Court notifies the parties otherwise, it will resolve these motions without further briefing or oral argument.

February 8, 2005               *Richard Conway Casey*