# LAW OFFICES OF
# JERRY S. GOLDMAN & ASSOCIATES, P.C.

A NEW YORK PROFESSIONAL CORPORATION DULY QUALIFIED TO TRANSACT
BUSINESS WITHIN THE COMMONWEALTH OF PENNSYLVANIA

TWO PENN CENTER PLAZA • SUITE 1411
1500 JFK BOULEVARD
PHILADELPHIA, PA 19102
TEL: 215.569.4500 • FAX: 215.569.8899

111 BROADWAY • 13TH FLOOR
NEW YORK, NY 10006
TEL: 212.242.2232 • FAX: 212.346.4665

JERRY S. GOLDMAN
DIRECT DIAL: 215.569.4500 ext. 12
jgoldmanl@goldmanlawyers.com
Admitted to: NY, PA & MA
LLM in Taxation

MEMO ENDORSED

3109 STIRLING ROAD • SUITE 101
FORT LAUDERDALE, FL 33312
TEL: 954.981.6533 • FAX: 954.989.8068

EcF

Reply To: NEW YORK

February 4, 2005

**OVERNIGHT MAIL**

Honorable Richard Conway Casey
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
Room 1950
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-9-05
```

    **Re:**    *In re Terrorist Attacks of September 11, 2001*
           **03 MDL 1570 (RCC)**
           *Estate of O'Neill, et al. v. Kingdom of Saudi Arabia, et al.*
           **04 CV 1922 (RCC)**
           *Estate of O'Neill, et al. v. Al Baraka, et al.*
           **04 CV 1923 (RCC)**
           *Estate of O'Neill, et al. v. Republic of Iraq, et Al.*
           **04 CV 1076 (RCC)**
           <u>**Application for Extension of Service Deadlines**</u>

Dear Judge Casey:

    On behalf of the Plaintiffs in the above-referenced matters (collectively "O'Neill Cases"), we are respectfully requesting a one hundred and twenty (120) day extension of time to effectuate service in the above referenced matters.

    On October 14, 2004, Plaintiffs in the O'Neill Cases requested a one-hundred and twenty (120) day extension of time to effectuate service of process, which was subsequently granted by this court. The Plaintiffs in the O'Neill Cases have engaged in a diligent and good faith effort to locate and serve each of the defendants, both prior to and following the court's granted extension.

    As the court is well aware, and as has been the situation with the other cases consolidated

**LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.**

February 4, 2005
Page 2

in the multidistrict litigation *In Re Terrorist Attacks of September 11, 2001*, 03-MDL 1570 (RCC) which were filed well in advance of the O'Neill Cases, service of process has been particularly difficult due to the complex nature of this action against numerous defendants, many of which are located internationally, in many different countries. Accordingly, it has been a very complex and challenging process for Plaintiffs' counsel in the O'Neill cases to effectuate service upon each of these defendants, despite our best efforts. We note that for the cases filed in advance of ours, service of process has taken a very long period of time.

Specifically, *Estate of O'Neill, et al. v. Al Baraka, et al.* (04-CV-1923(RCC)) ("*Al Baraka*") and *Estate of O'Neill, et al. v. Kingdom of Saudi Arabia, et al.* (04-CV-1922(RCC)) ("*Saudi Arabia*"), were filed in the United States District Court for the Southern District of New York on March 10, 2004. *Estate of O'Neill, et al. v. Republic of Iraq* (04-CV-1076(RCC)) ("*Iraq*") was transferred to the Southern District of New York from the District Court in the District of Columbia on February 10, 2004. The *Iraq* Complaint was amended and filed with the clerk of the United States District Court for the Southern District of New York on September 28, 2004 (First Amended Complaint). The *Al Baraka* complaint was amended and filed with the clerk of this Court on October 15, 2004 (First Amended Complaint). Additionally, both the *Iraq* and *Al Baraka* complaints were amended again and filed with the clerk of the Court on December 30, 3004 (Second Amended Complaint). The reason for bringing attention to the filing of the amendments is to point out the fact that **each** of these amendment have needed to be translated, into Arabic, Farsi, and also into other applicable languages, in order to effectuate service in foreign countries in compliance with the Foreign Sovereign Immunities Act, stipulations between counsel, and other applicable United States, international and foreign laws, rules and regulations requiring translations and otherwise pertaining to transnational service of process. At this time, the new translations relating to the Second Amended Complaints for both *Iraq* and *Al Baraka* are still pending.

We have attached a schedule showing what we believe to be the present status of the service on all of the defendants in this case. In sum, we have been able to serve, or are in the process of serving, the overwhelming bulk of the defendants named prior to December 30, 2004.

For example, a number of the defendants have been served by publication in accordance with this Court's orders.

Regarding defendants believed to be in the custody of the United States, counsel for the O'Neill cases forwarded completed USM-265 forms to the United States Marshal's Service, with the required documents and fees enclosed, as directed by AUSA Sarah Normand on January 6, 2005. Currently, we are still awaiting certification from the United States Marshal's Service indicating these defendants have been served. Our last communication with the Government in this regard was within the last few days.

Notices of Suit and Waivers of service of a Summons have been sent to a number of defendants pursuant to Federal Rules of Civil Procedure Rule 4(d), and we are presently awaiting the responses to same. It should also be noted that foreign defendants have sixty (60) days, which is an additional thirty (30) days compared to service within the United States, in order to sign the waiver and return a signed Waiver of Service of Summons. If the outstanding requested waivers are not signed, a formal service must be pursued.

**LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.**

February 4, 2005
Page 3

Service is also being attempted upon a number of defendants via Federal Rules of Civil Procedure Rule 4(f)(2)(C)(ii). Service by this method must go through the clerk's office and sent out by the United States Postal Service, certified mail/return receipt requested, via the rules of the U.S. District Court for the Southern District of New York. This process takes time due to the fact that all documents must go through the clerk's office and the United States Postal Service must deliver these packages internationally. From prior experience, it has taken up to one and one-half (1½) months to get a confirmation of service filed by the clerk of the court, counting from the time the service packages were given to the clerk. Several defendants have been successfully served; with regard to one, we are presently tracing the package, as the return was not delivered to the Clerk by the United States Postal Service.

Both individually, and collectively with co-plaintiffs, in accordance with the Court's directive, we have sought service stipulations, particularly as to those defendants who had been served and where counsel has entered into an appearance in another related case which is part of the instant multi-district litigation. We have been successful in some cases; as to others, we are still in the process of negotiating same. Certain defendants have not been as prompt as we would have preferred in this process, in approving the language in these stipulations. Certain defendants have recently refused to agree to approving the stipulations due to the Court's Opinion of January 18, 2005, based upon the fact that the court approved a Motion to dismiss relating to these defendants in other cases located within the multi-district litigation. We anticipate further discussions and negotiations in this regard. Moreover, as we understand it, some defendants which were initially on the publication order agreed to waive service of process in exchange for being removed from the publication list. We are still in the process of finalizing stipulations between the waiving defendants and the plaintiffs in the multi-district litigation. Finally, we are negotiating the scope of certain of the stipulations and as to how they apply to codefendants who we believe to be related parties.

Locating certain foreign defendants in order to effectuate service of process, has been very difficult. This includes certain defendants who have already entered into appearances in other cases part of the instant multi-district litigation. We note that the lead cases consolidated in the MDL 1570 including, *Ashton, Burnett* and *Federal Insurance Co.*, were filed prior to the O'Neill Cases. The plaintiffs in these actions were appropriately granted several extensions of time in which to serve their defendants and, in fact, are still in the process of finalizing service of their defendants at this time, based upon the unique facts and circumstances of this litigation.

Accordingly, we respectfully request that pursuant to Federal Rules of Civil Procedure Rule 4(m), Rule 6(b) and the Case Management Orders, that good cause has been demonstrated, and that the Court grants a one-hundred and twenty (120) day extension of time to effectuate service on the outstanding defendants. We have made, in light of the particular circumstances of this case, efforts at service, and the defendants will not be prejudiced by any delay in service. See, EEOC v. Die Fliedermaus, LLC, 77 F.Supp. 2d 460, 474 (S.D. N.Y. 1999); National Union Fire Ins., Co. V. Barney Assocs., 130 F.R.D. 291, 293 (S.D. N.Y. 1990); Gordon v. Hunt, 116 F.R.D. 313, 318-321 (S.D. N.Y.) *aff'd*. 835 F.2d 452 (2d Cir. 1987) (*per curiam*) *cert. denied*, 486 U.S. 1008 (1988); Henderson v. United States, 517 U.S. 654, 662-663 n.110 (1996); Eastern Refractories Co. V. Forty Eight Installation, Inc., 187 F.R.D. 503, 506 (S.D. N.Y. 1999). This request is made without prejudice to our position that with regard to international service, the one

**LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.**

February 4, 2005
Page 4

hundred and twenty day (120) requirement, of Federal Rules of Civil Procedure Rule 4(m), as to domestic service does not apply.  Lucas v. Natoli, 936 F.2d 432, 432-433 (9th Cir. 1991), cert. denied, 502 U.S. 1073 (1992); Loral Fairchild Corp. v. Matsushita Elec. Indus. Co., 805 F. Supp. 3, 4-5 (E.D. N.Y. 1992); In re Southold Dev. Corp., 148 B.R. 726, 728-730 (E.D. N.Y. 1992); See, Moore's Federal Practice, Civil, Sec. 452.

Respectfully submitted,

LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.

By: _____
JERRY S. GOLDMAN, ESQUIRE (JG8445)

By: _____
GINA M. MACNEILL, ESQUIRE (GM0581)

*Attorneys for the Plaintiffs*

[Handwritten: Application granted — Final 120 day extension to serve. 2/9/05]

MEMO ENDORSED

GMM:jf
Enc. a/s
cc:  ALL COUNSEL OF RECORD ELECTRONICALLY