UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

*In re Terrorist Attacks on September 11, 2001*      03 MDL 1750 (RCC)

------------------------------------------------------------x

*Ashton, et al. v. al Qaeda Islamic Army, et al.*     03 CV 6977 (RCC)

------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT NATIONAL COMMERCIAL BANK'S MOTION FOR RECONSIDERATION

Ashton plaintiffs respectfully submit this Memorandum in Opposition to defendant National Commercial Bank's ("NCB") motion for reconsideration (MDL/ECF No. 648) of the Court's denial of NCB's motion to dismiss. For the reasons set forth below, defendant NCB's motion for reconsideration should be DENIED.

### I.  Introduction

On January 18, 2005, this Court issued an Opinion and Order (MDL/ECF No. 632) denying defendant NCB's motion to dismiss for lack of personal and subject matter jurisdiction. The Court also concurrently granted plaintiffs leave to conduct jurisdictional discovery to determine (a) if NCB is an instrumentality of the Kingdom of Saudi Arabia, thus shielding its conduct under the Foreign Sovereignty Immunities Act ("FSIA"), 18 U.S.C. § 1602 *et seq.*; and (b) the full extent of NCB's contacts within the United States for purposes of personal jurisdiction. (Court Opinion and Order at 15, 42-44)

Pursuant to FED. R. CIV. P. 59(e) and Local Rule 6.3[1], defendant NCB now moves this Court to amend its Opinion and Order of January 18, 2005, and for reconsideration, pursuant to Local Rule 6.3, on the basis that, irrespective of the Court's requisite jurisdictional inquiry, NCB should nonetheless be dismissed because of plaintiffs' failure to state a claim under Civil Rule 12(b)(6). (Def. Mem. Supp. Reconsideration at 1-3) NCB boldly argues that the Court has an obligation to review and grant defendant's Civil Rule 12(b)(6) motion now because plaintiffs' "failure to state a claim" is essentially "foreordained."[2] (Def. Mem. Supp. Reconsideration at 2) Not only is defendant NCB presumptuous in instructing the Court that its Civil Rule 12(b)(6) inquiry is "foreordained," but NBC incorrectly relies upon Civil Rule 59(e) and Local Rule 6.3 in seeking this relief.

**II.     NCB Incorrectly Seeks Relief Under Civil Rule 59(e) and Local Rule 6.3**

In order to prevail on its motion to amend or for reconsideration of the judgment under FED. R. CIV. P. 59(e), defendant NCB "must show that the court overlooked controlling decisions that might have altered the outcome of the original disposition of the case." *First Financial Ins. Co. v. Allstate Interior Demolition Corp.*, No. 96 Civ. 8243, 1998 WL 567900, at *3 (S.D.N.Y. Sept. 3, 1998) (citing *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995)); *see also Devlin v. Trans. Comm. Intern. Union*, 175 F.3d 121, 131-132 (2nd Cir. 1999) (Rule 59(e)

---

[1] Former Local Civil Rule 3(j).

[2] As provided in plaintiffs' memorandum in opposition to NCB's motion to dismiss, numerous factual allegations against NCB render defendant's "foreordained" commentary regarding Civil Rule 12(b)(6) pure hyperbole. Throughout the 1990s, NCB was a private commercial bank owned by defendant Khalid bin Mahfouz. (Ashton Mem. Opp. Dismiss at 1; Ashton/ECF No. 127). Khalid bin Mahfouz used his control of NCB to internationally transfer funds to organizations that funded al Qaeda, such as defendant Muwaffaq ("Blessed Relief") Foundation, an organization which the U.S. Department of Treasury states has funded al Qaeda terrorism. (Exhibit F; MDL/ECF No. 535) Furthermore, NCB financially supported al Qaeda during the time when Osama bin Laden publically announced his clear and unequivocal intent to attack the United States. (Ashton Mem. Opp. Dismiss at 2) The record is replete with documentation supporting similar allegations.

explicitly provides for the altering or amending of judgments); *Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2nd Cir. 2000) ("A judgement, for purpose of the Civil Rules, is defined to include a decree and any order from which an appeal lies.") (quotations omitted).

Grounds for relief under 59(e) are equivalent to the grounds for relief on a motion for reconsideration under Local Rule 6.3. *First Financial Ins. Co.*, 1998 WL 567900, at *3 (quotations omitted). "A motion to reconsider made pursuant to Local Rule 6.3 must not advance new facts, issues, or arguments not previously presented to the Court . . . and is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Id.* (citations omitted); *see also Walsh v. McGee*, 918 F. Supp. 107, 111 (S.D.N.Y. 1996) ("In order to succeed on a motion to reargue under Local Rule 3(j), the moving party must demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion.") (citations omitted). Based on these established legal principles, defendant NCB's motion for reconsideration, pursuant to FED. R. CIV. P. 59(e) and Local Rule 6.3, lacks all merit and must be denied.

First, as examined above, grounds for relief under Civil Rule 59(e) is limited to judgments. *See* FED. R. CIV. P. 54(a) ("'Judgment' as used in these [Federal] rules includes a decree and any order from which an appeal lies."). The present motion is not premised upon an appealable order, thereby precluding defendant NCB from seeking Civil Rule 59(e) relief.

Second, defendant's prayer for reconsideration under both Civil Rule 59(e) and Local Rule 6.3 is flawed because NCB has ignored the legal principles required to trigger the relief sought. As previously described, in order to prevail under Civil Rule 59(e) and Local Rule 6.3, the defendant must set forth "controlling authority" the Court overlooked that would have altered

the original disposition of defendant's motion to dismiss. *Walsh*, 918 F. Supp. at 110. In contrast to setting forth any controlling authority this Court may have overlooked in its opinion of January 18, 2005, NCB simply frames its motion on the premise that the Court should "reconsider" its Order of January 18, 2005, and now dismiss the underlying suit because plaintiffs' "failure to state a claim" under Civil Rule 12(b)(6) is "foreordained."

This twisted argument is improper on several levels – NCB not only asks the Court to bypass its obligatory jurisdictional inquiry, but attempts to advance new "issues, and arguments not previously presented to the Court." *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, No. 86 CV 6447, 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989). Examination of defendant's memoranda in support of its motion to reconsider clearly reveals that NCB's central argument is based upon a new argument – the *Bush* exception – an argument that was never argued before the Court in NCB's underlying motion to dismiss.[3] Rather, this belated argument was inspired after the January 18, 2005, Opinion and Order of this Court and, as such, is a "new" argument that is prohibited for reconsideration under both federal and local rules.

### III. Defendant's Amended Discovery Schedule

In the alternative, should defendant's motion to dismiss plaintiffs' action for "failing to state a claim" be denied by the Court, defendant NCB contends that the Court should "postpone resolution of NCB's FSIA defense and require the parties to proceed first with jurisdictional

---

[3] In *Center for Reproductive Law & Policy v. Bush*, 304 F.3d 183, 194-95 (2nd Cir. 2002), the court recognized a limited exception to the general rule that federal courts cannot resolve "merits" defenses like failure to state a claim until it determines jurisdiction. In *Bush*, the Second Circuit decided in favor of this exception because the "precise merits question ha[d] already been decided in another case by the same court." *Id.* at 195. Despite the fact that defendant NCB cannot now bring this argument before the Court under the dictates of Local Rule 6.3, the "*Bush* exception" does not apply in the instant case since the "precise merits question" regarding defendant NCB has clearly not been decided. *See Id.* (The "precise merits question" in *Bush* was a challenge to a governmental provision in which the Second Circuit had earlier determined was constitutional.).


discovery limited to the question of personal jurisdiction, after which NCB would new its motion to dismiss on that basis." (Def. Mem. Supp. Reconsideration at 5)  As previously discussed, however, controlling law regarding Civil Rule 59(e) and Local Rule 6.3 belies NCB's demand and is simply an attempt to frustrate resolution of the jurisdiction issues now before this Court. *See generally In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (holding a motion to reconsider under Civil Rule 6.3 is not license "to reargue those issues already considered when a party does not like the way the original motion was resolved.").  Moreover, postponing legal inquiry of the Court's ability to hear a claim that may be barred by sovereign immunity "dilute[s] the absolute purity of the rule that Article III jurisdiction is always an antecedent question." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998); *see also Filus v. Lot Polish Airlines*, 907 F.2d 528, 534 (2nd Cir. 1992) (stating that plaintiffs have traditionally been allowed to conduct limited discovery with respect to jurisdictional issues).

Finally, despite the manifest weight of legal authority in opposition to defendant's attempt to "reargue" issues already ruled upon by this Court, the modified discovery now proposed by defendant NCB runs counter to judicial economy.  Given the fact that discovery related to the issues of NCB's personal jurisdiction and FSIA immunity are factually interrelated, a piecemeal approach, as defendant posits, would only lengthen the discovery process.  Accordingly, defendant's argument in opposition to this Court's Order of jurisdictional discovery should be denied. *See generally In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 69 (2nd Cir. 2003) (stating federal rules provide district courts broad discretion to manage the manner in which discovery proceeds); *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2nd Cir. 1997) ("The management of discovery lies within the sound discretion of the district court[.]"); *Lehigh*

*Val. Industries v. Birenbaum*, 527 F.2d 87, 93-94 (2nd Cir. 1975) (holding district courts have broad discretion to order discovery when defendant moves to dismiss for lack of jurisdiction).

## IV. Conclusion

For all the foregoing reasons, defendant NCB's motion for reconsideration should be <u>DENIED</u> in its entirety.

Dated: February 18, 2005
New York, New York

KREINDLER & KREINDLER LLP

  /s/ Justin T. Green
Justin T. Green (JG0318)
James P. Kreindler (JK7084)
Andrew J. Maloney, III (AM8684)
Vincent I. Parrett (VP5092)
100 Park Avenue
New York, NY  10017-5590
Phone: (212) 687-8181
Fax:  (212) 972-9432

*Attorneys for Ashton Plaintiffs*

### Certificate of Service

I hereby certify that on February 18, 2005, the foregoing memorandum was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's ECF system.

  /s/ Justin T. Green
Justin T. Green
Kreindler & Kreindler LLP
100 Park Avenue
New York, NY  10017-5590