KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900

FACSIMILE:
(202) 326-7999

March 11, 2005

<u>*VIA OVERNIGHT DELIVERY*</u>

The Honorable Richard C. Casey
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007-1312

Re:   *In re Terrorist Attack on September 11, 2001*, MDL No. 1570 (RCC)

Dear Judge Casey:

We write on behalf of ten of the defendants who were dismissed by the Court's Order of January 18, 2005, in response to the letter from James Kreindler on behalf of all plaintiffs dated March 11, 2005.

We understand the plaintiffs to be conceding that the Court's January 18, 2005 Order dismissing certain cases against a number of defendants may be extended – without need for further briefing or argument – to all the consolidated or related cases against five of those defendants (but not the others). Plaintiffs further propose that the Court enter Rule 54(b) final judgments with respect to those five defendants (but not the others) so that they can pursue an immediate appeal to the Second Circuit.

The undersigned defendants take the following positions in response:

1. The Kingdom of Saudi Arabia, Prince Sultan bin Abdulaziz Al-Saud, Prince Turki Al Faisal bin Abdulaziz Al-Saud, and Prince Mohamed Al Faisal Al-Saud – all of whom were dismissed on FSIA and/or personal jurisdiction grounds – support plaintiffs' proposal that they be dismissed from the remaining actions against them and that final judgments be entered in their favor pursuant to Rule 54(b).

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

2. Mohammad A. Aljomaih's Estate,[1] Hamad Al-Husaini, Abdulrahman bin Mahfouz, Tarek Bin Laden, Omar Bin Laden, and Bakr Bin Laden – all of whom were dismissed on personal jurisdiction grounds – believe that they, too, should be dismissed from the remaining cases against them. Plaintiffs have not attempted to identify any distinguishing feature of those remaining cases that would lead to a result other than dismissal. These defendants furthermore believe that final judgments should also be entered in their favor pursuant to Rule 54(b). Plaintiffs should not be allowed to handpick the rulings they want to take to the Court of Appeals.

The undersigned agree that an immediate appeal of the Court's January 18 Order on the FSIA and personal jurisdiction defenses would substantially advance the progress of this suit, since the issues resolved by the Court regarding the FSIA and personal jurisdiction are largely legal ones that will apply to numerous additional defendants. Such issues, moreover, are intended to be resolved at the outset of a case. *See* January 18 Opinion at 4 (citing *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 (1983)).

Accordingly, we propose that the Court dismiss the remaining cases pending against the ten FSIA and/or personal jurisdiction defendants for the reasons given in the Court's January 18 decision and enter final judgments in favor of those defendants pursuant to Rule 54(b). A proposed Order is attached for the Court's convenience.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| William H. Jeffress, Jr. | Michael K. Kellogg |
| Baker Botts LLP | Kellogg, Huber, Hansen, |
| The Warner | Todd, Evans & Figel, P.L.L.C. |
| 1299 Pennsylvania Avenue, N.W. | 1615 M Street, N.W., Suite 400 |
| Washington, D.C. 20004 | Washington, D.C. 20036 |
| (202) 639-7700 | (202) 326-7900 |
| (202) 639-7890 | (202) 326-7999 (fax) |

*Counsel for Prince Sultan bin Abdulaziz Al-Saud*

*Counsel for The Kingdom of Saudi Arabia and Prince Turki Al Faisal bin Abdulaziz Al-Saud*

---

[1] The Court's January 18, 2005 Opinion refers to Mr. Aljomaih's Estate when discussing the Motion to Dismiss he filed before his April 2004 death. However, the Estate has not entered an appearance in any of the cases, nor has there been any motion to substitute it as a party.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

| | |
|---|---|
| /s/<br>Louis R. Cohen<br>Wilmer Cutler Pickering Hale & Dorr, LLP<br>2445 M Street, N.W.<br>Washington, D.C. 20037<br>(202) 663-6000<br>(202) 663-6363 (fax)<br><br>*Counsel for Prince Mohamed Al Faisal Al-Saud* | /s/<br>Lynne A. Bernabei<br>Bernabei & Katz, PLLC<br>1773 T Street, N.W.<br>Washington, D.C. 20009<br>(202) 745-1942<br>(202) 745-2627<br><br>*Counsel for Hamad Al-Husaini* |
| /s/<br>Peter J. Kahn<br>Williams & Connolly LLP<br>725 12th Street, N.W.<br>Washington, D.C. 20005<br>(202) 434-5000<br>(202) 434-5245 (fax)<br><br>*Counsel for Abdulrahman Bin Mahfouz* | /s/<br>James E. Gauch<br>Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>(202) 879-3939<br>(202) 626-1700<br><br>*Counsel for Bakr Bin Laden, Omar Bin Laden, and Tarek Bin Laden* |
| /s/<br>Christopher T. Lutz<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 429-3000<br>(202) 429-3902 (fax)<br><br>*Counsel for Mohammad A. Aljomaih's Estate* | |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
                                    )
IN RE: TERRORIST ATTACKS ON         )    Civil Action No. 03 MDL 1570 (RCC)
SEPTEMBER 11, 2001                  )
                                    )
_____)
```

## ORDER

This matter is before the Court upon a letter application from the Plaintiffs' Executive Committee and the Plaintiffs' General Committee (collectively the "Plaintiffs") and a responsive letter filed by ten of the defendants who had cases against them dismissed in the Court's Order of January 18, 2005. Upon consideration of these materials and for good cause shown, the Court finds as follows:

1. On January 18, 2005 the Court entered an Order relating to *Ashton v. Al Qaeda Islamic Army*, 02-CV-6977;[1] *Burnett v. Al Baraka Investment & Development*, 03-CV-5738; *Burnett v. Al Baraka Investment & Development*, 03-CV-9849; *Federal Insurance Co. v. Al Qaida*, 03-CV-6978; *Salvo v. Al Qaeda Army*, 03-CV-5071; *Tremsky v. Osama Bin Laden*, 02-CV-7300; and *Vigilant Insurance Co. v. Kingdom of Saudi Arabia*, 03-CV-8591 (the "First Order Cases").

2. The January 18, 2005 Order dismissed the Kingdom of Saudi Arabia, Prince Sultan bin Abdulaziz Al-Saud, and Prince Turki Al Faisal bin Abdulaziz Al-Saud (the "FSIA Defendants") for lack of subject matter jurisdiction pursuant to the Foreign Sovereign

---

[1] *Ashton* includes the following complaints which were consolidated by the Court: *Barrera v. Al Qaeda Islamic Army*, 03-CV-7036; *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236; *Beyer v. Al Qaeda*, 02-CV-6978; *Burlingame v. Osama Bin Laden*, 02-CV-7230; *Mayore Estates, LLC v. Al Qaeda Islamic Army*, 02-CV-7214; *Schneider v. Al Qaeda Islamic Army*, 02-CV-7209.

Immunities Act of 1976, 28 U.S.C. § 1603 *et seq.* (the "FSIA") and for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Each of the FSIA defendants are named in additional cases consolidated before the Court ("Related Cases").

3.  The January 18, 2005 Order further dismissed Prince Mohamed Al-Faisal Al-Saud, Mohammad A. Aljomaih's Estate, Hamad Al-Husaini, Abdulrahman bin Mahfouz, Tarek Bin Laden, Omar Bin Laden, and Bakr Bin Laden (the "Personal Jurisdiction Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Each of the Personal Jurisdiction Defendants are named in Related Cases.[2]

4.  The Court finds, and no party disputes, that no material issues of fact distinguish the Related Cases against the above-named defendants from the Cases dismissed in the January 18, 2005 Order. Accordingly, the January 18, 2005 Order requires dismissal of the above-named FSIA and Personal Jurisdiction Defendants from all the Related Cases against those defendants.[3]

5.  The Court further finds that there is no just reason to delay the entry of a final judgment dismissing the FSIA and Personal Jurisdiction Defendants from the First Order Cases pursuant to Federal Rule of Civil Procedure 54(b). As the Court stated in its January 18, 2005 Order, questions concerning the exercise of jurisdiction should be resolved at the outset of a case. The Court further finds that permitting the plaintiffs to pursue a timely appeal of the

---

[2] Mr. Aljomaih is named individually in several Related Cases. His Estate is not. The Court's January 18, 2005 Opinion refers to Mr. Aljomaih's Estate when discussing the Motion to Dismiss he filed before his April 2004 death. However, the Estate has not entered an appearance in any of the cases, nor has there been any motion to substitute it as a party.

[3] The *O'Neill* case, 04-CV-1922, names a number of agencies and instrumentalities of the Kingdom of Saudi Arabia as defendants. The parties agree that these agencies and instrumentalities should be treated as part of the Kingdom under section 1603(a) and (b) of the FSIA for purposes of the present motion. Accordingly, the claims against these agencies and instrumentalities are also dismissed.

threshold FSIA and personal jurisdiction rulings in the January 18, 2005 Order would substantially advance the progress of this suit and thus serve the interests of sound judicial administration.

**ACCORDINGLY, IT IS HEREBY ORDERED** this _____ day of _____, 2005 that the three above-named FSIA Defendants are **DISMISSED** from all Related Cases consolidated before the Court; and it is further

**ORDERED** that the seven above-named Personal Jurisdiction Defendants are **DISMISSED** from all Related Cases consolidated before the Court; and it is further

**ORDERED** that the Court's January 18, 2005 Order dismissing the three FSIA Defendants and the seven Personal Jurisdiction Defendants is certified as final pursuant to Federal Rule of Civil Procedure 54(b) as to these Defendants; and it is further

**ORDERED** that the Judgment with respect to these ten defendants be deemed, and the same hereby is, final. The Clerk of the Court is directed to promptly prepare, sign and enter a final judgment.

_____
Richard Conway Casey
United States District Judge

3