THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC) |
| Relates to: | |
| Euro Brokers, Inc., *et al.*, | 04 CV 7279 (RCC) |
| v. | |
| Al Baraka Investment and Development Corp., *et al.*, | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS
OF DEFENDANT SAMI OMAR AL-HUSSAYEN**

David Z. Nevin (DN2615)
Scott McKay (SM3330)
NEVIN, BENJAMIN & MCKAY LLP
303 West Bannock
P.O. Box 2772
Boise, ID 83701
Telephone:  208-343-1000
Facsimile: 208-345-8274

Joshua L. Dratel (JLD4037)
JOSHUA L. DRATEL, P.C.
14 Wall Street, 28th Floor
New York, NY 10005
Telephone: 212-732-0707
Facsimile: 212-571-6341

*Attorneys for Defendant Sami Omar Al-Hussayen*

March 14, 2005

**TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

1.  Plaintiffs' Implausible Claim Precludes the Court's Personal Jurisdiction over Mr. Al-Hussayen . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.  Plaintiffs' Attempt to Serve by Publication is Constitutionally Insufficient . . . . . . . . . . . . . 2

3.  Plaintiffs' Amended Complaint Violates Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.  The Court Must Dismiss the Complaint for Failure to State a Claim . . . . . . . . . . . . . . . . . . . . 4

5.  If the Court Allows Plaintiffs to Proceed Against Mr. Al-Hussayen, Certain Causes of Action Must Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.  The Events of September 11, 2001 Are Not Cognizable Under the ATA . . . . . . . . . 5

    B.  Conspiracy and Aiding and Abetting Do Not Constitute Causes of Action . . . . . . . . 5

    C.  There is No Independent Cause of Action for Punitive Damages . . . . . . . . . . . . . . . . 6

6.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES
## FEDERAL CASES

*Boim v. Quranic Literacy Institute & Holy Land Foundation for Relief and* Development, 291 F.3d 1000, 1010-11 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bologna v. Allstate Insurance Co.*, 138 F. Supp. 2d 310 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . 6

*Burnett, et al. v. Al Baraka, et al.*, 274 F.Supp.2d 86, 103 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . 4

*Conley v. Gibson*, 355 U.S. 41, 47 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Desiderio v. National Association of Sec. Dealers, Inc.*, 191 F.3d 198 (2d Cir. 1999) . . . . . . . . 4

*Distefano v. Carozzi North America, Inc.*, 286 F.3d 81 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . 2

*IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . 2

*Mason v. America Tobacco Co.*, 346 F.3d 36 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) . . . . . . . . . . . . . . . . . . . . 3

*PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 71 (2d Cir. 1998) . . . . . 1

*Rocanova v. Equitable Life Assurance Society of the United States*, 83 N.Y.2d 603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sepenuk v. Marshall*, No. 98-cv-1569-RCC, 2000 WL 1808977 (S.D.N.Y. Dec. 8, 2000) . . . . . 6

*Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 94 N.Y.2d 43 (N.Y. 1999) . . . . . . . . . . . . . . 6

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re: Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005) . . . . . . . passim

*U.S. v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20 (2d Cir. 1989) . . . . 4

## FEDERAL RULES AND STATUTES

F.R.Civ.P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

F.R.Civ.P. 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

F.R.Civ.P. 12(b)(6) .................................................... 1

F.R.Civ.P. 4(f) ........................................................ 1

18 U.S.C. § 2331(5) .................................................... 5

Mr. Sami Omar Al-Hussayen respectfully moves for dismissal from this action. While Mr. Al-Hussayen is listed as a defendant in the caption of the Complaint, Plaintiffs have not asserted any allegations against him. Thus, Plaintiffs have failed to establish that the Court has personal jurisdiction over Mr. Al-Hussayen, and have failed to state a claim against him upon which relief can be granted. Additionally, Mr. Al-Hussayen has not been properly served with the Complaint and Plaintiffs' attempt at service by publication is constitutionally insufficient. Accordingly, the Complaint must be dismissed pursuant to Rules 12(b)(2), 12(b)(6) and 4(f), Federal Rules of Civil Procedure.[1]

*1. Plaintiffs' Implausible Claim Precludes the Court's Personal Jurisdiction over Mr. Al-Hussayen*

The Court should dismiss Mr. Al-Hussayen from this action because it lacks personal jurisdiction over him. Plaintiffs presumably seek personal jurisdiction under the ATA's nationwide service of process.[2] However, such personal jurisdiction first requires Plaintiffs to

---

[1] Of the eleven cases appearing on Plaintiffs' website, it appears that five name Mr. Al-Hussayen: *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.,* 03-cv-09849-RCC (S.D.N.Y.); *Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.,* 04-cv-07279-RCC (S.D.N.Y.), *Federal Ins. Co., et al. v. al Qaida, et al.,* 03-cv-06978-RCC (S.D.N.Y.); *New York Marine & Gen. Ins. Co. v. Al Qaida, et al.,* 04-cv-06105-RCC (S.D.N.Y.), and *World Trade Center Props. LLC v. Al Baraka Inv. & Dev. Corp.,* 04-cv-07280-RCC (S.D.N.Y.). A sixth case, *Ashton, et al. v. Al Qaeda Islamic Army, et al.,* 02-cv-06977-RCC (S.D.N.Y.), mentions Mr. Al-Hussayen but does not identify him as a defendant. Mr. Al-Hussayen has moved or is moving to dismiss each of the foregoing cases. It is possible that, in the profusion of defendants' names in the various other lengthy complaints consolidated in this proceeding, references to Mr. Al-Hussayen have been missed. If so, this Motion seeks dismissal in those cases as well.

[2] Of course, were the Court to dismiss the ATA claim against Mr. Al-Hussayen, Plaintiffs could no longer rely on this theory of personal jurisdiction. Similarly, were Plaintiffs to seek personal jurisdiction under the RICO statutes, such jurisdiction is not only suspect, *see In re: Sept. 11,* 349 F.Supp.2d at 817, n.33, citing *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 71 (2d Cir. 1998), it could never form the basis for personal jurisdiction if the Court dismissed those claims.

1 • MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN

assert a "colorable claim" against Mr. Al-Hussayen. *IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1055-56 (2d Cir. 1993). They have not done this. Of course, it is Plaintiffs' burden to establish that the Court has jurisdiction over Mr. Al-Hussayen. *Distefano v. Carozzi North America, Inc.,* 286 F.3d 81, 84 (2d Cir. 2001).

As described below, Plaintiffs have failed to assert any allegations against Mr. Al-Hussayen – they simply name him (or someone with the same name) as a defendant in the caption of the Complaint. Without having made *any* allegations, the basis for Mr. Al-Hussayen's alleged liability is so insubstantial, implausible, and foreclosed by prior decisions, that the Court can not exercise personal jurisdiction over him. *See Herrmann,* 9 F.3d at 1055-56. Furthermore, there are no allegations which would establish the Court's personal jurisdiction over Mr. Al-Hussayen under New York's long-arm statute. *See* N.Y. C.P.L.R. § 302 (McKinney 2004); *see also In re: Terrorist Attacks on Sept. 11, 2001,* 349 F.Supp.2d 765, 804-06 (S.D.N.Y. 2005) ("*In re: Sept. 11*") (establishing requirements of personal jurisdiction). Accordingly, the Court should dismiss Mr. Al-Hussayen for lack of personal jurisdiction.

2.  *Plaintiffs' Attempt to Serve by Publication Is Constitutionally Insufficient*

Plaintiffs' attempt at service by publication is constitutionally insufficient and the Court should quash service as to Mr. Al-Hussayen. The two publications in which Plaintiffs have supposedly published their notices are not readily found in Mr. Al-Hussayen's home country: 1) *Al Quds Al Arabia* is banned in Saudi Arabia; and 2) *The International Herald Tribune* has a circulation of less than 200 in the Kingdom. *See In re: Sept. 11,* 349 F.Supp.2d at 817; *see also* Memorandum of Law in Support of Sheikh Safer Al-Hawali's Motion to Dismiss (03 MDL 1570 Docket No. 81) at pp. 11-14. Clearly, Mr. Al-Hussayen's residence in Saudi Arabia is outside of

either of these publications' "normal circulation." *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950).

In addition to these glaring problems, Plaintiffs failed to comply with the Court's Order permitting service by publication. The website the Court ordered Plaintiffs to publish the various complaints on (www.sept11terrorlitigation.com) was not functioning until sometime near (if not after) the conclusion of the four week publication period. Furthermore, a *separate* website used by Plaintiffs (www.september11terrorlitigation.com) did not include any reference to *Euro Brokers* until approximately January 19, 2005. Thus, during the four week period, a person who accessed that separate website would have been completely unaware of this case.

These attempts to serve Mr. Al-Hussayen by publication were ineffective and constitute nothing more than a "mere gesture," *see Mullane,* 339 U.S. at 315 ("But when notice is a person's due, process which is a mere gesture is not due process"), and fail to constitute "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mennonite Bd. of Missions v. Adams,* 462 U.S. at 791, 795 (1983), quoting *Mullane,* 339 U.S. at 314.

The Court should therefore quash service as to Mr. Al-Hussayen.

3. *Plaintiffs' Amended Complaint Violates Rule 8*

Federal Rule of Civil Procedure 8 required Plaintiffs to provide a short and plain statement of their claim showing they are entitled to relief. F.R.Civ.P. 8(a)(2). Such a statement must give the defendant: 1) fair notice of what Plaintiffs' claim is; and 2) the grounds upon which it rests. *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002), *citing Conley v. Gibson,* 355 U.S. 41, 47 (1957).

3 • MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF
DEFENDANT SAMI OMAR AL-HUSSAYEN

Here, Plaintiffs fail to assert *any* allegations against Mr. Al-Hussayen – he is not mentioned anywhere within the 44 pages of allegations and requested relief. Plaintiffs' failure to even attempt to make sufficient allegations against Mr. Al-Hussayen compels the Court to dismiss him from this action.

As Judge Robertson previously observed in *Burnett, et al. v. Al Baraka, et al.,* "[t]he use of the privileged medium of a lawsuit to publicly label someone as an accomplice of terrorists can cause incalculable reputation damage" and "dramatic economic consequences as well." 274 F.Supp.2d 86, 103 (D.D.C. 2003). Accordingly, "fairness requires extra-careful scrutiny of plaintiffs' allegations as to any particular defendant, to ensure that he ... does indeed have fair notice of what the plaintiffs' claim is and the grounds upon which it rests." *Id.* at 104.

The Complaint, without identifying any grounds for the extremely serious accusation against Mr. Al-Hussayen, violates the requirements of Rule 8. The Complaint is wholly insufficient to support a cause of action against Mr. Al-Hussayen and must be dismissed.

4. *The Court Must Dismiss the Complaint for Failure to State a Claim*

For the same reasons the Complaint violates Rule 8, Plaintiffs have failed to state a claim against Mr. Al-Hussayen upon which relief can be granted.

The standard for dismissal under Rule 12(b)(6) is well established. The factual allegations of the plaintiffs must be accepted as true and all reasonable inferences must be drawn in their favor. *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir. 1999). However, "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness.*" Mason v. Am. Tobacco Co.,* 346 F.3d 36, 39 (2d Cir. 2003) (quoting *U.S. v. Bonanno Organized Crime Family of La Cosa Nostra,* 879 F.2d 20, 27

(2d Cir. 1989)).

Here, there are *absolutely no allegations* – factual or otherwise.  Mr. Al-Hussayen's name (or someone with the same name) is simply included in the caption of the Complaint. Plaintiffs have failed to state claim.

5.  *If the Court Allows Plaintiffs to Proceed Against Mr. Al-Hussayen, Certain Causes of Action Must Be Dismissed*

Even if the Court were to allow Plaintiffs to proceed against Mr. Al-Hussayen, several of their causes of action must be dismissed because they seek relief which can not be granted.

   A.   *The Events of September 11, 2001 Are Not Cognizable Under the ATA*

Mr. Al-Hussayen recognizes the Court has assumed "for now" that the attacks of September 11th were an act of "international terrorism."  *In re: Sept. 11,* 349 F.Supp.2d at 828, n. 39.  Nonetheless, Mr. Al-Hussayen contends the events of September 11, 2001 "occurr[ed] primarily within the territorial jurisdiction of the United States," and therefore constitute "domestic terrorism."  *See* 18 U.S.C. § 2331(5).  Accordingly, the ATA does not – and never was intended to – apply to Plaintiffs' claim.  *See Boim v. Quranic Literacy Institute & Holy Land Foundation for Relief and Development*, 291 F.3d 1000, 1010-11 (7th Cir. 2002) ("*Boim II*") (legislative history indicates ATA was implemented to extend civil liability "to land-based terrorism that occurred in a foreign country").

   B.   *Conspiracy and Aiding and Abetting Do Not Constitute Causes of Action*

Count 2 is a property damage claim based on the ATA.  Counts 7 and 8 seek nothing more than conspiracy and aiding and abetting liability for Count 2.  However, conspiracy and aiding and abetting do not constitute independent causes of action and therefore do not state a claim upon which relief can be granted.

5  •  MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN

As the Court has previously stated:

*It is textbook law that New York does not recognize an independent tort of conspiracy.* If an underlying, actionable tort is established, however, plaintiff may plead the existence of a conspiracy in order to demonstrate that each defendant's conduct was part of a common scheme. In this way, the defendants may be held jointly and severally liable for any compensatory and punitive damages awarded for the underlying torts, although *damages may not be awarded on the conspiracy count itself.*

*Sepenuk v. Marshall,* No. 98-cv-1569-RCC, 2000 WL 1808977, at *6 (S.D.N.Y. Dec. 8, 2000) (citations omitted) (emphasis added). This reasoning is equally applicable to aiding and abetting liability. *See Small v. Lorillard Tobacco Co.,* 720 N.E.2d 892, 94 N.Y.2d 43, 57 (N.Y. 1999).

Therefore, Plaintiffs cannot seek additional damages for conspiracy or aiding and abetting. Accordingly, Counts 7 and 8 fail to state a claim upon which relief can be granted and must be dismissed.[3]

C. There Is No Independent Cause of Action for Punitive Damages

Similar to Counts 7 and 8, there is no independent cause of action for punitive damages under New York law. *See Bologna v. Allstate Ins. Co.,* 138 F. Supp. 2d 310, 327 (E.D.N.Y. 2001), *citing Rocanova v. Equitable Life Assurance Soc'y of the United States,* 83 N.Y.2d 603, 616-17, 612 N.Y.S.2d 339, 344-45, 634 N.E.2d 940 (1994). Accordingly, Count 9 must be dismissed.

6. Conclusion

Based upon the foregoing, the action against Mr. Al-Hussayen must be dismissed.

---

[3] Count 7 is only alleged against the "al Qaeda defendants," *see* Complaint at p. 42, which presumably does not apply to Mr. Al-Hussayen.

DATED this 14th day of March, 2005.

        NEVIN, BENJAMIN & McKAY, LLP

    By: _/s/_____
      David Nevin (DN2615)
      Scott McKay (SM3330)

      *Attorneys for Defendant Sami Omar Al-Hussayen*