THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| _____ ) | |
| IN RE: TERRORIST ATTACKS ON ) | 03 MDL 1570 (RCC) |
| SEPTEMBER 11, 2001 ) | |
| _____ ) | |
| Relates to: ) | |
| ) | |
| New York Marine and General Insurance ) | |
| Company, *et al.*, ) | 04 CV 6105 (RCC) |
| ) | |
| v. ) | |
| ) | |
| Al Qaida, *et al.*, ) | |
| _____ ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS**
**OF DEFENDANT SAMI OMAR AL-HUSSAYEN**

David Z. Nevin (DN2615)                        Joshua L. Dratel (JLD4037)
Scott McKay (SM3330)                           JOSHUA L. DRATEL, P.C.
NEVIN, BENJAMIN & MCKAY LLP       14 Wall Street, 28th Floor
303 West Bannock                                   New York, NY 10005
P.O. Box 2772                                         Telephone: 212-732-0707
Boise, ID 83701                                       Facsimile: 212-571-6341
Telephone:  208-343-1000
Facsimile: 208-345-8274

*Attorneys for Defendant Sami Omar Al-Hussayen*

March 14, 2005

**TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

1. Plaintiffs' Implausible Claim Precludes the Court's Personal Jurisdiction over Mr. Al-Hussayen . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. Plaintiffs' Attempt to Serve by Publication is Constitutionally Insufficient . . . . . . . . . . . . 2

3. Plaintiffs' Amended Complaint Violates Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4. The Court Must Dismiss the Complaint for Failure to State a Claim . . . . . . . . . . . . . . . . . 5

5. If the Court Allows Plaintiffs to Proceed Against Mr. Al-Hussayen, Certain Causes of Action Must Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       A. The Events of September 11, 2001 Are Not Cognizable Under the ATA . . . . . . . . 5

       B. Conspiracy and Aiding and Abetting Do Not Constitute Causes of Action . . . . . . . 6

       C. Plaintiffs' Negligence Claim Can Not Be Sustained . . . . . . . . . . . . . . . . . . . . . . 6

       D. There is No Independent Cause of Action for Punitive Damages . . . . . . . . . . . . . 7

       E. Plaintiffs Cannot Sustain A RICO Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES
### FEDERAL CASES

*Boim v. Quranic Literacy Institute & Holy Land Foundation for Relief and Development*,
291 F.3d 1000 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bologna v. Allstate Insurance Co.*, 138 F. Supp. 2d 310 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . 7

*Burnett v. Al Baraka*, 274 F.Supp.2d 86, 103 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Conley v. Gibson*, 355 U.S. 41, 47 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Desiderio v. National Association of Sec. Dealers, Inc.*, 191 F.3d 198 (2d Cir. 1999) . . . . . . . 5

*Distefano v. Carozzi North America, Inc.*, 286 F.3d 81 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . 2

*IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . 2

*Mason v. America Tobacco Co.*, 346 F.3d 36 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) . . . . . . . . . . . . . . . . . . . 3

*PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998) . . . . . . . . . . 1

*Rocanova v. Equitable Life Assurance Soc'y of the United States,* 634 N.E.2d 940, 83 N.Y.2d
603 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rosen v. Brown & Williamson Tobacco Corp.*, 782 N.Y.S.2d 795 (N.Y. App. Div. 2004) . . . . . . . . . 7

*Sackman v. Liggett Group, Inc.*, 965 F. Supp. 391 (E.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . 7

*Sepenuk v. Marshall*, No. 98-CV-1569-RCC, 2000 WL. 1808977 (S.D.N.Y. Dec. 8, 2000) . . . . . . . 6

*Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 94 N.Y.2d 43 (N.Y. 1999) . . . . . . . . . . . . . 6

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), *citing Conley v. Gibson*, 355 U.S. 41
(1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re: Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005) . . . . . . . passim

*U.S. v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20 (2d Cir. 1989) . . . . 5

ii

*United States v. Mitlof*, 165 F. Supp. 2d 558 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## FEDERAL RULES AND STATUTES

Federal Rules of Civil Procedure 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 4, 5

Federal Rules of Civil Procedure 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

Federal Rules of Civil Procedure 4(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

18 U.S.C. § 2331(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mr. Sami Omar Al-Hussayen respectfully moves for dismissal from this action.  Plaintiffs
have failed to allege any factual allegations against him in their First Amended Complaint
("1AC").  Thus, Plaintiffs have failed to establish that the Court has personal jurisdiction over
Mr. Al-Hussayen, and have failed to state a claim against him upon which relief can be granted.
Additionally, Mr. Al-Hussayen has not been properly served with the 1AC and Plaintiffs' attempt
at service by publication is constitutionally insufficient.  Accordingly, the 1AC must be
dismissed pursuant to Rules 12(b)(2), 12(b)(6) and 4(f), Federal Rules of Civil Procedure.[1]

1.  *Plaintiffs' Implausible Claim Precludes the Court's Personal Jurisdiction over Mr. Al-Hussayen*

The Court should dismiss Mr. Al-Hussayen from this action because it lacks personal
jurisdiction over him.  Plaintiffs presumably seek personal jurisdiction under the ATA's
nationwide service of process.[2]  However, such personal jurisdiction first requires Plaintiffs to

---

[1] Of the eleven cases appearing on Plaintiffs' website, it appears that five name Mr. Al-Hussayen: *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.,* 03-cv-09849-RCC (S.D.N.Y.); *Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.,* 04-cv-07279-RCC (S.D.N.Y.), *Federal Ins. Co., et al. v. al Qaida, et al.,* 03-cv-06978-RCC (S.D.N.Y.); *New York Marine & Gen. Ins. Co. v. Al Qaida, et al.,* 04-cv-06105-RCC (S.D.N.Y.), and *World Trade Center Props. LLC v. Al Baraka Inv. & Dev. Corp.,* 04-cv-07280-RCC (S.D.N.Y.).  A sixth case, *Ashton, et al. v. Al Qaeda Islamic Army, et al.,* 02-cv-06977-RCC (S.D.N.Y.), mentions Mr. Al-Hussayen but does not identify him as a defendant.  Mr. Al-Hussayen has moved or is moving to dismiss each of the foregoing cases.  It is possible that, in the profusion of defendants' names in the various other lengthy complaints consolidated in this proceeding, references to Mr. Al-Hussayen have been missed.  If so, this Motion seeks dismissal in those cases as well.

[2] Of course, were the Court to dismiss the ATA claim against Mr. Al-Hussayen, Plaintiffs could no longer rely on this theory of personal jurisdiction.  Similarly, were Plaintiffs to seek personal jurisdiction under the RICO statutes, such jurisdiction is not only suspect, *see In re: Sept. 11,* 349 F.Supp.2d at 817, n.33, *citing PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 71 (2d Cir. 1998), it could never form the basis for personal jurisdiction if the Court dismissed those claims.

1  •   MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
       OF DEFENDANT SAMI OMAR AL-HUSSAYEN

assert a "colorable claim" against Mr. Al-Hussayen. *IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1055-56 (2d Cir. 1993). This they have not done. Of course, it is Plaintiffs' burden to establish that the Court has jurisdiction over Mr. Al-Hussayen. *Distefano v. Carozzi North America, Inc.,* 286 F.3d 81, 84 (2d Cir. 2001).

As described below, Plaintiffs have failed to particularize any allegations against Mr. Al-Hussayen – they simply name him (or someone with the same name) as a defendant in the caption of the 1AC and then mention him once among hundreds of defendants in Paragraph 45 of the 1AC as having generically "aided and abetted, conspired with and provided material support and resources to defendant al Qaida and/or affiliated FTO's, associations, organizations or persons."

Without having made *any* allegations of substance, the basis for Mr. Al-Hussayen's alleged liability is so insubstantial, implausible, and foreclosed by prior decisions, that the Court can not exercise personal jurisdiction over him. *See Herrmann,* 9 F.3d at 1055-56. Furthermore, there are no allegations which would establish the Court's personal jurisdiction over Mr. Al-Hussayen under New York's long-arm statute. *See* N.Y. C.P.L.R. § 302 (McKinney 2004); *see also In re: Terrorist Attacks on Sept. 11, 2001,* 349 F.Supp.2d 765, 804-06 (S.D.N.Y. 2005) ("*In re: Sept. 11*") (establishing requirements of personal jurisdiction). Accordingly, the Court should dismiss Mr. Al-Hussayen for lack of personal jurisdiction.

2.    *Plaintiffs' Attempt to Serve by Publication Is Constitutionally Insufficient*

Plaintiffs' attempt at service by publication is constitutionally insufficient and the Court should quash service as to Mr. Al-Hussayen. The two publications in which Plaintiffs have

2   •   MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
          OF DEFENDANT SAMI OMAR AL-HUSSAYEN

supposedly published their notices are not readily found in Mr. Al-Hussayen's home country: 1)
*Al Quds Al Arabia* is banned in Saudi Arabia; and 2) *The International Herald Tribune* has a
circulation of less than 200 in the Kingdom.  *See In re: Sept. 11,* 349 F.Supp.2d at 817; *see also*
Memorandum of Law in Support of Sheikh Safer Al-Hawali's Motion to Dismiss (03 MDL 1570
Docket No. 81) at pp. 11-14.  Clearly, Mr. Al-Hussayen's residence in Saudi Arabia is outside of
either of these publications' "normal circulation."  *See Mullane v. Central Hanover Bank & Trust
Co.,* 339 U.S. 306, 315 (1950).

 In addition to these glaring problems, Plaintiffs failed to comply with the Court's Order
permitting service by publication.  The website the Court ordered Plaintiffs to publish the various
complaints on (www.sept11terrorlitigation.com) was not functioning until sometime near (if not
after) the conclusion of the four week publication period.

 These attempts to serve Mr. Al-Hussayen by publication were ineffective and constitute
nothing more than a "mere gesture," *see Mullane,* 339 U.S. at 315 ("But when notice is a
person's due, process which is a mere gesture is not due process"), and fail to constitute "notice
reasonably calculated, under all circumstances, to apprise interested parties of the pendency of
the action and afford them an opportunity to present their objections."  *Mennonite Bd. of
Missions v. Adams,* 462 U.S. 791 at 795 (1983), quoting *Mullane,* 339 U.S. at 314.

 The Court should therefore quash service as to Mr. Al-Hussayen.

*3.* *Plaintiffs' First Amended Complaint Violates Rule 8*

 Federal Rule of Civil Procedure 8 required Plaintiffs to provide a short and plain
statement of their claim showing they are entitled to relief.  F.R.Civ.P. 8(a)(2).  Such a statement

must give the defendant: 1) fair notice of what Plaintiffs' claim is; and 2) the grounds upon which it rests. *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002), *citing Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Here, Plaintiffs allege Mr. Al-Hussayen (together with the hundreds of other defendants listed in the paragraph which is four pages long) "aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons." 1AC, para. 45, p. 29. There are no grounds asserted to support this conclusory statement regarding Mr. Al-Hussayen. In fact, Mr. Al-Hussayen's name is not mentioned anywhere else in the 1AC.

Such generalized allegations by Plaintiffs that Mr. Al-Hussayen – and numerous others – are somehow liable for the events of September 11, 2001 should not be countenanced by the Court. As Judge Robertson previously observed in *Burnett, et al. v. Al Baraka, et al.,* "[t]he use of the privileged medium of a lawsuit to publicly label someone as an accomplice of terrorists can cause incalculable reputation damage" and "dramatic economic consequences as well." 274 F.Supp.2d 86, 103 (D.D.C. 2003). Accordingly, Plaintiffs are not entitled to the relaxed pleading standard they seek. Rather, "fairness requires extra-careful scrutiny of plaintiffs' allegations as to any particular defendant, to ensure that he ... does indeed have fair notice of what the plaintiffs' claim is and the grounds upon which it rests." *Id.* at 104.

The 1AC, without identifying the grounds for the very serious accusation against Mr. Al-Hussayen, violates the requirements of Rule 8. The 1AC is wholly insufficient to support a cause of action against Mr. Al-Hussayen and must be dismissed.

4.      *The Court Must Dismiss the Complaint for Failure to State a Claim*

For the same reasons the 1AC violates Rule 8, Plaintiffs have failed to state a claim against Mr. Al-Hussayen upon which relief can be granted.

The standard for dismissal under Rule 12(b)(6) is well established.  The factual allegations of the plaintiffs must be accepted as true and all reasonable inferences must be drawn in their favor.  *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir. 1999).  However, "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness*." Mason v. Am. Tobacco Co.,* 346 F.3d 36, 39 (2d Cir. 2003) (quoting *U.S. v. Bonanno Organized Crime Family of La Cosa Nostra,* 879 F.2d 20, 27 (2d Cir. 1989)).

Here, there are no factual allegations – just a single conclusion.  Therefore, the accusation must be presumed false and the 1AC dismissed against Mr. Al-Hussayen.

5.      *If the Court Allows Plaintiffs to Proceed Against Mr. Al-Hussayen, Certain Causes of Action Must Be Dismissed*

Even if the Court were to allow Plaintiffs to proceed against Mr. Al-Hussayen, several of their causes of action must be dismissed because they seek relief which can not be granted.

A.      *The Events of September 11, 2001 Are Not Cognizable Under the ATA*

Mr. Al-Hussayen recognizes the Court has assumed "for now" that the attacks of September 11th were an act of "international terrorism." *In re: Sept. 11,* 349 F.Supp.2d at 828, n. 39.  Nonetheless, Mr. Al-Hussayen contends the events of September 11, 2001 "occurr[ed] primarily within the territorial jurisdiction of the United States," and therefore constitutes "domestic terrorism." *See* 18 U.S.C. § 2331(5).  Accordingly, the ATA does not – and never was

intended to – apply to Plaintiffs' claim. *See Boim v. Quranic Literacy Institute & Holy Land Foundation for Relief and Development,* 291 F.3d 1000, 1010-11 (7th Cir. 2002) (*Boim II*) (legislative history indicates ATA was implemented to extend civil liability "to land-based terrorism that occurred in a foreign country").

  B.  *Conspiracy and Aiding and Abetting Do Not Constitute Causes of Action*

  Conspiracy and aiding and abetting do not constitute independent causes of action and therefore do not state a claim upon which relief can be granted.  As the Court has previously stated:

> *It is textbook law that New York does not recognize an independent tort of conspiracy.*  If an underlying, actionable tort is established, however, plaintiff may plead the existence of a conspiracy in order to demonstrate that each defendant's conduct was part of a common scheme.  In this way, the defendants may be held jointly and severally liable for any compensatory and punitive damages awarded for the underlying torts, although *damages may not be awarded on the conspiracy count itself.*

*Sepenuk v. Marshall,* No. 98-CV-1569-RCC, 2000 WL 1808977, at *6 (S.D.N.Y. Dec. 8, 2000) (citations omitted) (emphasis added).  This reasoning is equally applicable to aiding and abetting liability.  *See Small v. Lorillard Tobacco Co.,* 720 N.E.2d 892, 94 N.Y.2d 43, 57 (N.Y. 1999).

  Therefore, Plaintiffs cannot seek additional damages for conspiracy or aiding and abetting.  Accordingly, Counts 2 and 4 fail to state a claim upon which relief can be granted and must be dismissed.

  C.  *Plaintiffs' Negligence Claim Can Not Be Sustained*

  The Court has dismissed Plaintiffs' negligence claims against other defendants for failing to allege a duty.  *In re: Sept. 11,* 349 F.Supp.2d at 830-31.  No duty is alleged against Mr. Al-

Hussayen.  Indeed, Plaintiffs have failed to make any factual allegations against him.

Even if Plaintiffs had alleged a duty, their claim must nevertheless be dismissed. Plaintiffs charge, "By virtue of their participation *in the conspiracy* to commit acts of international terrorism against the United States, its nationals and allies, including the September 11th Attack, *the defendants negligently,* intentionally, recklessly, willfully and wantonly breached duties of care owed to NYMAGIC and NYMAGIC'S insureds."  1AC at ¶ 79 (emphasis added).  However, it is impossible to conspire to act negligently.  *Sackman v. Liggett Group, Inc.,* 965 F.Supp. 391, 395 (E.D.N.Y. 1997); *Rosen v. Brown & Williamson Tobacco Corp.,* 782 N.Y.S.2d 795 (N.Y. App. Div. 2004); *see also United States v. Mitlof,* 165 F.Supp.2d 558, 564 (S.D.N.Y. 2001) (collecting cases).

Therefore, Plaintiffs fail to state a claim upon which relief can be granted.  Count 6 must be dismissed.

### D.    There Is No Independent Cause of Action for Punitive Damages

Similar to Counts 2 and 4, there is no independent cause of action for punitive damages under New York law.  *See Bologna v. Allstate Ins. Co.,* 138 F. Supp. 2d 310, 327 (E.D.N.Y. 2001), *citing Rocanova v. Equitable Life Assurance Soc'y of the United States,* 634 N.E.2d 940 (1994)*,* 83 N.Y.2d 603, 616-17.  Accordingly, Count 7 must be dismissed.

### E.    Plaintiffs Cannot Sustain a RICO Claim

Plaintiffs have not filed a RICO Statement concerning Mr. Al-Hussayen nor have they even plead the seven elements required to allege such a claim in their brief statement of this cause of action.  1AC at ¶¶ 65-67 (Count 3); see *In re: Sept. 11,* 349 F.Supp.2d at 827

(identifying seven elements a plaintiff must plead to state a civil RICO claim).   Accordingly, it is

not known whether Plaintiffs are attempting to assert such a claim against Mr. Al-Hussayen and

if so, the basis for such a claim.  Count 3 is insufficient and must be dismissed with respect to

Mr. Al-Hussayen.

6.      *Conclusion*

Based upon the foregoing, the action against Mr. Al-Hussayen must be dismissed.

DATED this 14th day of March, 2005.

NEVIN, BENJAMIN & McKAY, LLP


By:     __/s/_____
        David Nevin (DN2615)
        Scott McKay (SM3330)

        *Attorneys for Defendant Sami Omar Al-Hussayen*

8  •   MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
       OF DEFENDANT SAMI OMAR AL-HUSSAYEN