THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC) |
| Relates to: |  |
| Federal Insurance Company, *et al.*, | 03 CV 6978 (RCC) |
| v. |  |
| Al Qaida, *et al.*, |  |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN

David Z. Nevin (DN2615)
Scott McKay (SM3330)
NEVIN, BENJAMIN & MCKAY LLP
303 West Bannock
P.O. Box 2772
Boise, ID 83701
Telephone: 208-343-1000
Facsimile: 208-345-8274

Joshua L. Dratel (JLD4037)
JOSHUA L. DRATEL, P.C.
14 Wall Street, 28th Floor
New York, NY 10005
Telephone: 212-732-0707
Facsimile: 212-571-6341

*Attorneys for Defendant Sami Omar Al-Hussayen*

March 14, 2005

**TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

1. Plaintiffs' Implausible Claim Precludes the Court's Personal Jurisdiction over Mr. Al-Hussayen . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. The Court Must Dismiss the Complaint for Insufficient Service of Process . . . . . . . . . . . . . 2

      i.  Plaintiffs' violation of case management order #2 compels dismissal . . . . . . . . . . . . . 4
      ii. Plaintiffs' violation of Rule 4 compels dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      iii. Plaintiffs' attempt to serve by publication is constitutionally insufficient . . . . . . . . . 5

3. Plaintiffs' First Amended Complaint Violates Rule 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4. The Court Must Dismiss the Complaint for Failure to State a Claim . . . . . . . . . . . . . . . . . . 7

5. If the Court Allows Plaintiffs to Proceed Against Mr. Al-Hussayen, Certain Causes of Action Must Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      A. The Events of September 11, 2001 Are Not Cognizable Under the ATA . . . . . . . . . 8

      B. Assault and Battery and Intentional Infliction of Emotional Distress Claims are Barred by the Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      C. Conspiracy and Aiding and Abetting Do Not Constitute Causes of Action . . . . . . . . 9

      D. Plaintiffs Cannot Sustain A RICO Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      E. Plaintiffs' Negligence Claim Can Not Be Sustained . . . . . . . . . . . . . . . . . . . . . . . . . 10

      F. There is No Independent Cause of Action for Punitive Damages . . . . . . . . . . . . . . . 11

6. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES
## FEDERAL CASES

*Am. Commercial Barge Line Co. LLC v. Tug Joan Salton,* No. 99 CV 0846 (RCC), 2001 WL
    262724 (S.D.N.Y. Mar. 16, 2001) .................................................................................. 5

*Boim v. Quranic Literacy Institute & Holy Land Foundation for Relief and Development*,
    291 F.3d 1000 (7th Cir. 2002)........................................................................................ .8

*Bologna v. Allstate Insurance Co.*, 138 F. Supp. 2d 310 (E.D.N.Y. 2001 ................. 11

*Burnett v. Al Baraka*, 274 F.Supp.2d 86, 103 (D.D.C. 2003) ............................. 7

*Conley v. Gibson*, 355 U.S. 41, 47 (1957) .......................................... 6

*Cox v. Sandia Corp.*, 941 F.2d 1124 (10th Cir. 1991) ................................ 5

*Delicata v. Bowen*, 116 F.R.D. 564 (S.D.N.Y. 1987) ................................. 4

*Desiderio v. National Association of Sec. Dealers, Inc.*, 191 F.3d 198 (2d Cir. 1999) ........ 8

*Distefano v. Carozzi North America, Inc.*, 286 F.3d 81 (2d Cir. 2001) .................... 2

*Geiger v. Allen*, 850 F.2d 330 (7th Cir. 1988) ...................................... 4

*Gordon v. Hunt,* 835 F.2d 452, 453 (2d Cir. 1987) .................................... 4

*Holmes v. Lorch*, 329 F.Supp.2d 516, 523 (S.D.N.Y. 2004) ............................ 9

*Hutchinson v. New York State Correctional Officers,* No. 02 Civ. 2407 (CBM) 2003
    WL 22056997 at *9-11 (S.D.N.Y. Sept. 4, 2003) .................................. 4

*IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049 (2d Cir. 1993) .................... 2

*Mason v. America Tobacco Co.*, 346 F.3d 36 (2d Cir. 2003) ............................ 8

*Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983) ........................ 4, 6

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ..................... 6

*PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998) ..... 1

*Rocanova v. Equitable Life Assurance Society of the United States*, 83 N.Y.2d

603, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994) ........................................................................ 11

*Rosen v. Brown & Williamson Tobacco Corp.*, 782 N.Y.S.2d 795 (N.Y. App. Div. 2004) . . . 10

*S.E.C. v. Tome*, 833 F.2d 1086 (2d Cir. 1987) ....................................... 3

*Sackman v. Liggett Group, Inc.*, 965 F. Supp. 391 (E.D.N.Y. 1997) ...................... 10

*Sepenuk v. Marshall*, No. 98-cv-1569-RCC, 2000 WL. 1808977 (S.D.N.Y. Dec. 8, 2000) ........ 9

*Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 94 N.Y.2d 43 (N.Y. 1999) ............... 9

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), *citing Conley v. Gibson*, 355 U.S. 41 (1957) ................................................................................................................ 6

*In re: Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005) ....... passim

*U.S. v. Bonanno Organized Crime Family of La Cosa Nostra*, 879 F.2d 20 (2d Cir. 1989) .... 8

*United States v. Mitlof*, 165 F. Supp. 2d 558 (S.D.N.Y. 2001) .......................... 10

*Wei v. Hawaii*, 763 F.2d 370 (9th Cir. 1985) ....................................... 4

*Zachary v. Thigpen*, 895 F. Supp. 1472 (M.D. Ala. 1995) ............................. 5

## FEDERAL RULES AND STATUTES

18 U.S.C. § 2331(5) ................................................................. 8

Federal Rules of Civil Procedure 4 ....................................... 1, 3, 4, 5

Federal Rules of Civil Procedure 8(a)(2) ........................................... 6

Federal Rules of Civil Procedure 12(b)(2) ........................................... 1

Federal Rules of Civil Procedure 12(b)(6) ....................................... 1, 8

Mr. Sami Omar Al-Hussayen respectfully moves for dismissal from this action. Plaintiffs have failed to allege any factual allegations against him in their First Amended Complaint ("1AC"). Thus, Plaintiffs have failed to establish that the Court has personal jurisdiction over Mr. Al-Hussayen and have failed to state a claim against him upon which relief can be granted. Additionally, Mr. Al-Hussayen has not been properly served with the 1AC and Plaintiffs' attempt at service by publication is constitutionally insufficient. Accordingly, the 1AC must be dismissed pursuant to Rules 12(b)(2), 12(b)(6) and 4, Federal Rules of Civil Procedure.[1]

*1.  Plaintiffs' Implausible Claim Precludes the Court's Personal Jurisdiction over Mr. Al-Hussayen*

The Court should dismiss Mr. Al-Hussayen from this action because it lacks personal jurisdiction over him. Plaintiffs presumably seek personal jurisdiction under the ATA's nationwide service of process.[2] However, such personal jurisdiction first requires Plaintiffs to

---

[1] Of the eleven cases appearing on Plaintiffs' website, it appears that five name Mr. Al-Hussayen: *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.,* 03-cv-09849-RCC (S.D.N.Y.); *Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.,* 04-cv-07279-RCC (S.D.N.Y.), *Federal Ins. Co., et al. v. al Qaida, et al.,* 03-cv-06978-RCC (S.D.N.Y.); *New York Marine & Gen. Ins. Co. v. Al Qaida, et al.,* 04-cv-06105-RCC (S.D.N.Y.), and *World Trade Center Props. LLC v. Al Baraka Inv. & Dev. Corp.,* 04-cv-07280-RCC (S.D.N.Y.). A sixth case, *Ashton, et al. v. Al Qaeda Islamic Army, et al.,* 02-cv-06977-RCC (S.D.N.Y.), mentions Mr. Al-Hussayen but does not identify him as a defendant. Mr. Al-Hussayen has moved or is moving to dismiss each of the foregoing cases. It is possible that, in the profusion of defendants' names in the various other lengthy complaints consolidated in this proceeding, references to Mr. Al-Hussayen have been missed. If so, this Motion seeks dismissal in those cases as well.

[2] Of course, were the Court to dismiss the ATA claim against Mr. Al-Hussayen, Plaintiffs could no longer rely on this theory of personal jurisdiction. Similarly, were Plaintiffs to seek personal jurisdiction under the RICO statutes, such jurisdiction is not only suspect, *see In re: Sept. 11,* 349 F.Supp.2d at 817, n.33, *citing PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 71 (2d Cir. 1998), it could never form the basis for personal jurisdiction if the Court dismissed those claims.

1 • MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
    OF DEFENDANT SAMI OMAR AL-HUSSAYEN

assert a "colorable claim" against Mr. Al-Hussayen. *IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1055-56 (2d Cir. 1993). They have not done this. Of course, it is Plaintiffs' burden to establish that the Court has jurisdiction over Mr. Al-Hussayen. *Distefano v. Carozzi North America, Inc.,* 286 F.3d 81, 84 (2d Cir. 2001).

As described below, the basis for his alleged liability is so insubstantial, implausible, and foreclosed by prior decisions of the Court, that it can not exercise personal jurisdiction over him. *See Herrmann,* 9 F.3d at 1055-56. Furthermore, the allegations fail to allege facts which would establish the Court's personal jurisdiction over Mr. Al-Hussayen under New York's long-arm statute. *See* N.Y. C.P.L.R. § 302 (McKinney 2004); *see also In re: Terrorist Attacks on Sept. 11, 2001,* 349 F.Supp.2d 765, 804-06 (S.D.N.Y. 2005) ("*In re: Sept. 11*") (establishing requirements of personal jurisdiction). Accordingly, the Court should dismiss Mr. Al-Hussayen for lack of personal jurisdiction.

*2.     The Court Must Dismiss the Complaint for Insufficient Service of Process*

The Complaint in this case was filed on September 10, 2003, and the 1AC was filed on March 10, 2004. (Docket Nos. 1 and 104). Both complaints listed Mr. Al-Hussayen as a defendant (among hundreds of other defendants listed in a single paragraph). (Docket No. 1 at ¶ 72; Docket No. 104 at ¶ 72). From the filing of the original Complaint until months after the filing of the 1AC, Mr. Al-Hussayen resided in the United States and his name and address were known to Plaintiffs.

Specifically, it was publicly known that Mr. Al-Hussayen was being held in the custody of the federal government in Idaho from February 26, 2003 until July 21, 2004. Accordingly, for

2  •   MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
       OF DEFENDANT SAMI OMAR AL-HUSSAYEN

approximately one and one-half years Mr. Al-Hussayen was one of the easiest persons in the country to locate and serve with process (as was done by the *Burnett* plaintiffs who had Mr. Al-Hussayen served at the Idaho jail where he resided).

Further, after Mr. Al-Hussayen was acquitted of all terrorism charges at his criminal trial on June 10, 2004[3], the government continued to hold him in custody for an additional six weeks while publicly declaring he would be returning to Saudi Arabia in the near future.  Thus, Plaintiffs had advance warning that Mr. Al-Hussayen's stay in the United States was coming to an end, knew his location and failed to serve him.

Plaintiffs, of course, were required to serve process on Mr. Al-Hussayen within 120 days of filing the complaint.  *See S.E.C. v. Tome,* 833 F.2d 1086, 1094 (2d Cir. 1987) ("if a defendant's name and address are known or may be obtained with reasonable diligence, service by publication will not satisfy the requirements of due process"); F.R.Civ.P. 4.  Here, Mr. Al-Hussayen was named in the 1AC on September 10, 2003, and Plaintiffs had 120 days to serve him.  For whatever reason, Plaintiffs chose not to do so – all in contravention of Federal Rule of Civil Procedure 4 and Case Management Order #2 ("CMO2") (03 MDL 1570 Docket No. 247).

Now that Mr. Al-Hussayen no longer resides in the United States, Plaintiffs have included him on a lengthy list of defendants who Plaintiffs claim they were "unable to serve despite [their] best efforts."  (03 MDL 1570 Docket No. 468.)  Such an assertion is false – the falsity of which is amply illustrated by the *Burnett* plaintiffs' ability to effect service on Mr. Al-Hussayen in the United States.

---

[3] See  Memorandum of Law in Support of Motion to Dismiss of Sami Omar Al-Hussayen (03 MDL 1570, Docket No. 329, relates to *Burnett*), Exhibit One, Jury Verdict.

3 • MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANT SAMI OMAR AL-HUSSAYEN

      i.      <u>Plaintiffs' violation of case management order #2 compels dismissal</u>

During the relevant time period, Mr. Al-Hussayen was "not located in a foreign country." (CMO2 at ¶ 11.) Thus, CMO2 required Plaintiffs to serve Mr. Al-Hussayen within 120 days of filing the complaint. *Id., citing* F.R.Civ.P. 4(m). CMO2 specifically instructed that the Court "may dismiss the action without prejudice as to any defendant who has not been served." *Id.* The Plaintiffs' failure to even attempt service when Mr. Al-Hussayen's location was reasonably ascertainable compels the Court to enforce its Order. *See Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 800 (1983) (actual notice is constitutionally required when name and address of defendant is reasonably ascertainable).

      ii.      <u>Plaintiffs' violation of Rule 4 compels dismissal</u>

Additionally, Federal Rule of Civil Procedure 4 required Plaintiffs to serve Mr. Al-Hussayen within 120 days of filing their complaint. If they were unable to do so, Plaintiffs could have requested an extension if good cause existed for their failure. F.R.Civ.P. 4(m). Here, they did neither.

Courts in the Second Circuit, and the Southern District of New York in particular, have not hesitated to dismiss cases for violating the 120-day requirement. *See, e.g., Gordon v. Hunt,* 835 F.2d 452, 453 (2d Cir. 1987) (per curiam) (applying former F.R.C.P. 4(j)); *Hutchinson v. New York State Correctional Officers,* No. 02 Civ. 2407 (CBM), 2003 WL 22056997, at *9-11 (S.D.N.Y. Sept. 4, 2003); *Delicata v. Bowen,* 116 F.R.D. 564, 565-67 (S.D.N.Y. 1987) (applying former F.R.C.P. 4(j)). Of course, the courts of the Second Circuit are not alone. *See, e.g., Geiger v. Allen,* 850 F.2d 330, 334 (7th Cir. 1988) (applying former F.R.Civ.P. 4(j)); *Wei v. Hawaii,* 763

4 • MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
    OF DEFENDANT SAMI OMAR AL-HUSSAYEN

F.2d 370, 371 (9th Cir. 1985) (same); *Zachary v. Thigpen,* 895 F.Supp. 1472, 1478 (M.D. Ala. 1995).

In fact, the Court recently dismissed a case under F.R.Civ.P. 4(m) where the plaintiffs failed to serve a summons and complaint within the 120-day limit. *Am. Commercial Barge Line Co. LLC v. Tug Joan Salton,* No. 99 CV 0846 (RCC), 2001 WL 262724 (S.D.N.Y. Mar. 16, 2001). There, the plaintiffs had at least *tried* to serve the defendants – unlike the inaction of the Plaintiffs here. Yet, despite those numerous – yet inefficient – attempts, the Court wasted no time dismissing the case, declaring:

> If the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if it means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits.

*Id.* at *5; *see also Zachary,* 895 F.Supp. at 1478 ("The lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb") (quoting *Cox v. Sandia Corp.,* 941 F2d 1124, 1126 (10th Cir. 1991)).

Plaintiffs' actions here are far less compelling than those in *American Commercial.* Accordingly, the Court must dismiss the 1AC against Mr. Al-Hussayen.

    iii.    <u>Plaintiffs' attempt to serve by publication is constitutionally insufficient</u>

The Plaintiffs' chosen method to attempt service by publication is itself constitutionally insufficient. The two publications in which Plaintiffs have supposedly published their notices are not readily found in Mr. Al-Hussayen's home country: 1) *Al Quds Al Arabia* is banned in Saudi Arabia; and 2) *The International Herald Tribune* has a circulation of less than 200 in the Kingdom. *See In re: Sept. 11,* 349 F.Supp.2d at 817; *see also* Memorandum of Law in Support

5 • MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
    OF DEFENDANT SAMI OMAR AL-HUSSAYEN

of Sheikh Safer Al-Hawali's Motion to Dismiss (03 MDL 1570 Docket No. 81) at pp. 11-14. Thus, Mr. Al-Hussayen's residence in Saudi Arabia is outside of either of these publications' "normal circulation." *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950).

In addition to these glaring problems, Plaintiffs failed to comply with the Court's Order permitting service by publication. The website the Court ordered Plaintiffs to publish the various complaints on (www.sept11terrorlitigation.com) was not functioning until sometime near (if not after) the conclusion of the four week publication period.

These attempts to serve Mr. Al-Hussayen by publication were ineffective and constitute nothing more than a "mere gesture," *see Mullane,* 339 U.S. at 315 ("But when notice is a person's due, process which is a mere gesture is not due process"), and fail to constitute "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mennonite Bd. of Missions v. Adams,* 462 U.S. at 791, 795 (1983), quoting *Mullane,* 339 U.S. at 314.

The Court should therefore quash service as to Mr. Al-Hussayen.

3.  *Plaintiffs' First Amended Complaint Violates Rule 8*

Federal Rule of Civil Procedure 8 required Plaintiffs to provide a short and plain statement of their claim showing they are entitled to relief. F.R.Civ.P. 8(a)(2). Such a statement must give the defendant: 1) fair notice of what Plaintiffs' claim is; and 2) the grounds upon which it rests. *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002), *citing Conley v. Gibson,* 355 U.S. 41, 47 (1957).

6 •   MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
       OF DEFENDANT SAMI OMAR AL-HUSSAYEN

Here, Plaintiffs allege that Mr. Al-Hussayen (together with the hundreds of other defendants listed in the paragraph which is four pages long) "aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons, as described herein." 1AC at p. 39. There are no grounds asserted to support this conclusory statement regarding Mr. Al-Hussayen. In fact, Mr. Al-Hussayen's name is not mentioned anywhere else in the 1AC.

Such generalized allegations by Plaintiffs that Mr. Al-Hussayen – and numerous others – are somehow liable for the events of September 11, 2001 should not be countenanced by the Court. As Judge Robertson previously observed in *Burnett, et al. v. Al Baraka, et al.,* "[t]he use of the privileged medium of a lawsuit to publicly label someone as an accomplice of terrorists can cause incalculable reputation damage" and "dramatic economic consequences as well." 274 F.Supp.2d 86, 103 (D.D.C. 2003). Accordingly, Plaintiffs are not entitled to the relaxed pleading standard they seek. Rather, "fairness requires extra-careful scrutiny of plaintiffs' allegations as to any particular defendant, to ensure that he ... does indeed have fair notice of what the plaintiffs' claim is and the grounds upon which it rests." *Id.* at 104.

The 1AC, without identifying the grounds for the very serious accusation against Mr. Al-Hussayen, violates the requirements of Rule 8. The 1AC is wholly insufficient to support a cause of action against Mr. Al-Hussayen and must be dismissed.

4. *The Court Must Dismiss the Complaint for Failure to State a Claim*

For the same reasons the 1AC violates Rule 8, Plaintiff have failed to state a claim against Mr. Al-Hussayen upon which relief can be granted.

7 • MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANT SAMI OMAR AL-HUSSAYEN

The standard for dismissal under Rule 12(b)(6) is well established. The factual allegations of the plaintiffs must be accepted as true and all reasonable inferences must be drawn in their favor. *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir. 1999). However, "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." *Mason v. Am. Tobacco Co.,* 346 F.3d 36, 39 (2d Cir. 2003) (quoting *U.S. v. Bonanno Organized Crime Family of La Cosa Nostra,* 879 F.2d 20, 27 (2d Cir. 1989)).

Here, there are no factual allegations – just a single conclusion. Therefore, the 1AC dismissed.

5.  *If the Court Allows Plaintiffs to Proceed Against Mr. Al-Hussayen, Certain Causes of Action Must Be Dismissed*

Even if the Court were to allow Plaintiffs to proceed against Mr. Al-Hussayen, several of their causes of action must be dismissed because they seek relief which can not be granted.

   A.   *The Events of September 11, 2001 Are Not Cognizable Under the ATA*

Mr. Al-Hussayen recognizes the Court has assumed "for now" that the attacks of September 11th were an act of "international terrorism." *In re: Sept. 11,* 349 F.Supp.2d at 828, n. 39. Nonetheless, Mr. Al-Hussayen contends the events of September 11, 2001 "occurr[ed] primarily within the territorial jurisdiction of the United States," and therefore constitutes "domestic terrorism." *See* 18 U.S.C. § 2331(5). Accordingly, the ATA does not – and never was intended to – apply to Plaintiffs' claim. *See Boim v. Quranic Literacy Institute & Holy Land Foundation for Relief and Development*, 291 F.3d 1000, 1010-11 (7th Cir. 2002) ("*Boim II*") (legislative history indicates ATA was implemented to extend civil liability "to land-based

8 • MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
  OF DEFENDANT SAMI OMAR AL-HUSSAYEN

terrorism that occurred in a foreign country").

### B. Assault and Battery and Intentional Infliction of Emotional Distress Claims are Barred by the Statute of Limitations

"The statute of limitations for assault and battery and intentional infliction of emotional distress is one year." *In re: Sept. 11,* 349 F.Supp.2d at 829, *citing Holmes v. Lorch,* 329 F. Supp. 2d 516, 523 (S.D.N.Y. 2004); N.Y. C.P.L.R. 215(3) (McKinney 2002). The Complaint was filed on September 10, 2003 – almost two years after September 11, 2001. Accordingly, these claims must be dismissed against Mr. Al-Hussayen. *See id.*

### C. Conspiracy and Aiding and Abetting Do Not Constitute Causes of Action

Conspiracy and aiding and abetting do not constitute independent causes of action and therefore do not state a claim upon which relief can be granted. As the Court has previously stated:

> *It is textbook law that New York does not recognize an independent tort of conspiracy.* If an underlying, actionable tort is established, however, plaintiff may plead the existence of a conspiracy in order to demonstrate that each defendant's conduct was part of a common scheme. In this way, the defendants may be held jointly and severally liable for any compensatory and punitive damages awarded for the underlying torts, although *damages may not be awarded on the conspiracy count itself.*

*Sepenuk v. Marshall,* No. 98-cv-1569-RCC, 2000 WL 1808977, at *6 (S.D.N.Y. Dec. 8, 2000) (citations omitted) (emphasis added). This reasoning is equally applicable to aiding and abetting liability. *See Small v. Lorillard Tobacco Co.,* 720 N.E.2d 892, 94 N.Y.2d 43, 57 (N.Y. 1999).

Therefore, Plaintiffs cannot seek additional damages for conspiracy or aiding and abetting. Accordingly, Counts 7 and 9 fail to state a claim upon which relief can be granted and must be dismissed.

### D.  *Plaintiffs Cannot Sustain a RICO Claim*

Plaintiffs have not filed a RICO Statement concerning Mr. Al-Hussayen nor have they even plead the seven elements required to allege such a claim in their brief statement of this cause of action.  1AC at ¶¶ 628-29 (Count 3); see *In re: Sept. 11,* 349 F.Supp.2d at 827 (identifying seven elements a plaintiff must plead to state a civil RICO claim).   Accordingly, it is not known whether Plaintiffs are attempting to assert such a claim against Mr. Al-Hussayen and if so, the basis for such a claim.  Count 8 is insufficient and must be dismissed with respect to Mr. Al-Hussayen.

### E.  *Plaintiffs' Negligence Claim Can Not Be Sustained*

The Court has dismissed Plaintiffs' negligence claims against other defendants for failing to allege a duty.  *In re: Sept. 11,* 349 F.Supp.2d at 830-31.  No duty is alleged against Mr. Al-Hussayen.  Indeed, Plaintiffs have failed to make any factual allegations against him.

Even if Plaintiffs had alleged a duty, their claim must nevertheless be dismissed. Plaintiffs contend, "By virtue of their participation *in the conspiracy* to commit acts of international terrorism against the United States, its nationals and allies, including the September 11th Attack, the *defendants negligently,* intentionally, recklessly, willfully and wantonly breached duties of care owed to plaintiffs and the employees of plaintiffs' insureds."  1AC at ¶ 642 (emphasis added).  However, it is impossible to conspire to act negligently.  *Sackman v. Liggett Group, Inc.,* 965 F.Supp. 391, 395 (E.D.N.Y. 1997); *Rosen v. Brown & Williamson Tobacco Corp.,* 782 N.Y.S.2d 795 (N.Y. App. Div. 2004); see also *United States v. Mitlof,* 165 F.Supp.2d 558, 564 (S.D.N.Y. 2001) (collecting cases).

Therefore, Plaintiffs fail to state a claim upon which relief can be granted. All negligence claims must be dismissed.

F.   *There Is No Independent Cause of Action for Punitive Damages*

Similar to Counts 7 and 9, there is no independent cause of action for punitive damages under New York law. *See Bologna v. Allstate Ins. Co.,* 138 F. Supp. 2d 310, 327 (E.D.N.Y. 2001), *citing Rocanova v. Equitable Life Assurance Soc'y of the United States,* 83 N.Y.2d 603, 616-17, 612 N.Y.S.2d 339, 344-45, 634 N.E.2d 940 (1994). Accordingly, Count 12 must be dismissed.

6.   Conclusion

Based upon the foregoing, the action against Mr. Al-Hussayen must be dismissed.

DATED this 14th day of March, 2005.

> NEVIN, BENJAMIN & McKAY, LLP
>
> By:   \_/s/_____
>       David Nevin (DN2615)
>       Scott McKay (SM3330)
>
> *Attorneys for Defendant Sami Omar Al-Hussayen*