**WHITE & CASE**

White & Case LLP          Tel  + 1 202 626 3600
701 Thirteenth Street, NW      Fax  + 1 202 639 9355
Washington, DC 20005       www.whitecase.com

March 14, 2005

BY HAND

The Honorable Richard Conway Casey
United States District Judge
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1350
New York, New York  10007-1312

Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC)

Dear Judge Casey:

As counsel for all five Defendants dismissed under Rule 12(b)(6) in the Court's January 18, 2005 order, the undersigned write in response to Mr. Kreindler's March 11, 2005 letter, which proposed a procedure for addressing certain outstanding motions to dismiss.

First, we feel very strongly that the rulings in the January 18 order ought to be applied across the board in each of the remaining actions naming our clients.  The allegations against our clients in the remaining actions are virtually — and in many cases literally — identical to the allegations in the actions addressed in the January 18 order.  Plaintiffs have not even attempted to distinguish the remaining actions, and Mr. Kreindler's letter seems to indicate that Plaintiffs are agreeable to extending the January 18 order as we suggest.

Second, we oppose any Rule 54(b) certification of the 12(b)(6) dismissals of our clients at this time.  Mr. Kreindler's letter proposes such certification as to only one of the five 12(b)(6) defendants that the Court dismissed.  Federal practice generally disfavors appeals prior to the resolution of an entire case in the district court.  *See Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1024-25 (2d Cir. 1992) (stating the "general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated" and that a district court's discretion under Rule 54(b) should be "exercised sparingly").  While it may be appropriate to deviate from this principle as to threshold jurisdictional issues, it is inappropriate to deviate from this principle as to the 12(b)(6) issues here.  A vast number of 12(b)(6) motions are pending before this Court.  Others can be expected.  Many of the pending and likely 12(b)(6)

The Honorable Richard Conway Casey

**WHITE & CASE**

March 14, 2005

motions raise, or will raise, issues closely related to issues resolved in the January 18 order. Under these circumstances, entering a Rule 54(b) final judgment with respect to one or more of the Defendants dismissed on 12(b)(6) grounds in the January 18 order would be fundamentally inconsistent with the federal policy against piecemeal appeals.  As the Second Circuit held in reversing a Rule 54(b) certification in *Hogan*:  "Where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants." 961 F.2d at 1025.  This rule applies here as well, especially where numerous 12(b)(6) motions remain pending or are yet to be filed.

Furthermore, Plaintiffs should not be allowed to handpick a 12(b)(6) ruling as to one Defendant for interlocutory appeal.  If Rule 54(b) certification were somehow appropriate as to one of the five Defendants dismissed under Rule 12(b)(6), then it would be appropriate as to each of them.

The undersigned respectfully request the opportunity to brief in full why Rule 54(b) certification is inappropriate as to the 12(b)(6) dismissals in the January 18 order.  The undersigned do not oppose the grant of Rule 54(b) final judgments for the ten FSIA and personal jurisdiction Defendants dismissed by the Court's January 18 order, each of whom was dismissed on threshold jurisdictional grounds.

Respectfully submitted,

Christopher M. Curran
Nicole E. Erb
White & Case LLP
*Al Rajhi Banking & Investment Corporation*

Henry Weisburg
Brian H. Polovoy
Shearman & Sterling LLP
*Saudi American Bank*

Richard T. Marooney
Jeanette M. Viggiano
King & Spalding LLP
*Arab Bank Plc*

Martin F. McMahon
Martin F. McMahon & Associates
*Saleh Abdullah Kamel*
*Al Baraka Investment and Development Corporation*

cc:     All Counsel (by email)