UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONTINENTAL CASUALTY CO. ET. AL.,
Plaintiff,

-V-

AL-QAIDA, ET AL.
Defendants..

FILED
U.S. DISTRICT COURT
2005 MAR 23  P 12: 46
CERTIFICATE OF MAILING
S.D. OF N.Y.

03 MDL 1570
04cv 5970(RCC)   ECF

I, J. Michael McMahon, Clerk of Court for the Southern District of New York, do hereby certify that on the

**March 23, 2005**

I served the

**SUMMONS & COMPLAINT**
NOTICE OF SUIT, CERTIFICATE OF AUTHENTICITY FROM TRANSLATOR
AND $735 CHECK PAYABLE TO THE U.S. EMBASSY-BERN

pursuant to the foreign sovereign immunities Act {28 U.S. C. §1608(a)(4)}, filed and issued herein on the

December 20, 2004

by mailing by registered mail, return receipt requested, at the United States Post Office, Chinatown Station, New York, NY, a copy of each thereof, securely enclosed in a post-paid wrapper addressed to:

See attached for listing of Defendants

That annexed to the original hereof is registered mail receipt(s)

cert.#
# 7002 2410 0002 6964 2694       #

(Chinatown Station) that was issued at my request as aforementioned,

J. Michael McMahon
CLERK

Dated: New York, NY

## NOTICE OF SUIT

1. The title of this proceeding is <u>Continental Casualty Co. v. Al Qaeda Islamic Army</u>, docket no. 04-CV-5970 (RCC), United States District Court, Southern District of New York. It is also part of a multidistrict litigation entitled <u>In re Terrorist Attacks on September 11, 2001</u>, docket no. 03 MD 1570, United States District Court, Southern District of New York.

2. The party being served is the Islamic Republic of Iran.

3. The other parties to this action are set forth in the accompanying Summons and Amended Complaint.

4. The documents being served are a Summons and an Amended Complaint

5. You are being named as a defendant in this lawsuit because the plaintiffs believe that you provided support and assistance to the perpetrators of the terrorist attacks on the World Trade Center and the Pentagon on September 11, 2001. Plaintiffs seek damages against you and the other defendants in excess of $212,300,000.

6. A response to the Summons and Complaint is required to be submitted to the court not later than 60 days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).

7. The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

61550

8. Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Codes (Pub.L. 94-583; 90 Stat. 2891).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007

J. MICHAEL MCMAHON
CLERK

March 21, 2005

Edward A. Betancourt
Director of Special Consular Services
United States Department of State
2201 Pennsylvania Avenue
SA-29-4F
Washington, D.C. 20520

      Re: Continental Casualty Co. v. Al Qaeda Islamic Army
        04 Cv. 5970 (RCC)

Dear Sir/Madam:

  Enclosed please find one copy of each of the following documents in the above-referenced case. I am hereby requesting that you serve them upon:

  The Islamic Republic of Iran

Pursuant to 28 U.S.C. § 1608(a)(4):

        Summons
        Complaint
        Notice of Suit
    Certificate of Authenticity from translator
    $735.00 check payable to the U.S. Embassy-Bern

The above-referenced documents have been translated into Farsi, Iran's official language.

Page 2

With regard to FSIA §1608(a)(3), the United States Postal Service has strict weight limitations on what it will deliver to Iran, and those weight limitations preclude service of the pleadings we wish to serve on Iran. Therefore, FSIA §1608(a)(4) is the only viable mechanism for effective service of process upon Iran.

If there are any questions, you may contact me at (212) 805-0140.

Sincerely,

Joseph LaMura
Chief Deputy

Enc.

## FERBER FROST CHAN & ESSNER, LLP

**FIFTH AVENUE**
NEW YORK, NEW YORK 10036-5101

TEL: (212) 944-2200
FAX: (212) 944-7630

March 18, 2005

**BY HAND**

Mr. J. Michael McMahon
Clerk of the Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   Continental Casualty Co. v. Al Qaeda Islamic Army, 04 Civ. 5970

Dear Mr. McMahon:

We represent the plaintiffs in the above referenced lawsuit in which the Islamic Republic of Iran has been named as a defendant. I am writing to request your assistance in effectuating service of process on Iran under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608(a)(4).

Service of process in accordance with FSIA §1608(a)(1) is inapplicable in the instant case because no special arrangement exists between the plaintiffs and the foreign state of Iran. Similarly, FSIA §1608(a)(2) is inapplicable because Iran is not a signatory to an applicable international convention on service of judicial documents. With regard to FSIA §1608(a)(3), the United States Postal Service has strict weight limitations on what it will deliver to Iran, and those weight limitations preclude service of the pleadings we wish to serve on Iran. Therefore, FSIA §1608(a)(4) is the only viable mechanism for effective service of process upon Iran. I have spoken with the State Department regarding service of process on Iran and the State Department is awaiting transmittal of our pleadings from your office.

Enclosed are three copies, in both English and Farsi, the official language of Iran, of the summons, amended complaint and notice of suit, as well as three copies of the notarized certification by the translator stating that the translations are complete and accurate (the certifications as to the summons and complaint are appended to the last page of the amended complaint), a certified check payable to the U.S. Embassy-Bern in the amount of $735, postal service form 3811 and $20 in cash for postal fees. In addition, I

FERBER FROST CHAN & ESSNER, LLP
Mr. J. Michael McMahon
March 18, 2005
Page 2

enclose an addressed package for your use in transmitting the materials to the Secretary of State's office as follows:

> Edward A. Betancourt
> Director of Special Consular Services
> U.S. Department of State
> 2100 Pennsylvania Avenue
> SA-29-4F
> Washington, D.C. 20520

It is my understanding that, upon receipt from your office, the Secretary of State will transmit these documents through diplomatic channels to Iran. Once service has been effectuated, the Secretary of State will send to you a certified copy of the diplomatic note indicating that the papers were served.

[text partially obscured by certified mail receipt image]

..., Consular Services at the U.S. State ... ls to Iran, at the following address:

public of Iran
eign Affairs
al Kharrazzi
ct

... ou a certified copy of the diplomatic note of ... s a copy of the certification for our records ded for your records.

... are any questions, please do not hesitate to contact me directly.

Very truly yours,

Robert M. Kaplan

30665