**United States District Court**
**Southern District of New York**

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | **03 MDL 1570 (RCC)** <br> **ECF Case** |

This document relates to:

    *Walter Tremsky v. Osama bin Laden*, 02-CV-7300 (RCC)

# MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
# KHALID AL RAJHI

**FISH & RICHARDSON P.C.**

Thomas M. Melsheimer (TM-4466)
(Admitted *pro hac vice*)
John M. Helms (JH-7931)
(Admitted *pro hac vice*)
1717 Main Street, Suite 5000
Dallas, Texas  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Telecopy)

**COUNSEL FOR DEFENDANT**

**Page**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. PLAINTIFFS' SINGLE SPECIFIC ALLEGATION AGAINST KHALID AL RAJHI FAILS TO STATE A CLAIM ......................................................................3

III. THE COURT SHOULD DISMISS THE COMPLAINT AGAINST KHALID AL RAJHI UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM. ..................................................................................................................4

    A. The Vague and Conclusory Allegations in the *Tremsky* Complaint Fail to State a Claim Against Khalid Al Rajhi. ..................................4

        1. This Court Has Established Clear Parameters for Evaluating the Sufficiency of the Plaintiffs' Pleadings. ...........................5

        2. Plaintiffs' Allegations Fail to Allege that Khalid Al Rajhi Knowingly Participated in Any Wrongful Concerted Action. ...................................................................................5

            a. Plaintiffs' Concerted Action Theory Fails Because Plaintiffs Do Not Allege That Khalid Al Rajhi Knowingly Participated in or Assisted the Wrongdoing of Others. ....................................................................6

            b. Plaintiffs Fail to Allege an Actionable Conspiracy Involving Khalid Al Rajhi. ........................................8

            c. Plaintiffs Fail to Allege Viable Aiding and Abetting Claims Against Khalid Al Rajhi. ....................................9

    B. Many of the Tort Claims Underlying the Concerted Action Allegations Also Fail as a Matter of Law. ............................................................10

IV. THE COURT SHOULD DISMISS KHALID AL RAJHI FOR LACK OF PERSONAL JURISDICTION. ............................................................................11

    A. The Conspiracy Theory Does Not Support the Exercise of Personal Jurisdiction Over Khalid Al Rajhi. ............................................................11

    B. The Exercise of Jurisdiction Over Khalid Al Rajhi Would Violate Due Process. ............................................................................................12

V. CONCLUSION ..................................................................................................................13

<b><u>Page</u></b>

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429 (3d Cir. 2000)..........................9

*Atlanta Shipping Corp., Inc. v. Chem. Bank*, 818 F.2d 240 (2d Cir. 1987)........................10

*Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86 (D.D.C. 2003).......................4

*Melnitzky v. Rose*, 299 F. Supp. 2d 219 (S.D.N.Y. 2004) ....................................................8

*In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498 (S.D.N.Y. 2004).......................9

*In re Sept. 11th*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)............................................. passim

### STATE CASES

*A.G. Van Metre Constr., Inc. v. NVKettler L.P.*, In Chancery Nos. 13 174, 13 175,
    1992 WL 884467 (Va. Cir. Ct. 1992) .............................................................................9

*Alexander & Alexander of New York, Inc. v. Fritzen*, 503 N.E.2d 102 (N.Y. 1986)...........9

*Nat'l Westminster Bank USA v. Weksel*, 511 N.Y.S.2d 626 (App. Div. 1987)..............9, 10

### FEDERAL STATUTES

Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, §
    408(b), 115 Stat. 230-242 (Sept. 22, 2001)...................................................................7

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Khalid Sulaiman Al Rajhi ("Khalid Al Rajhi") moves to dismiss the claims purportedly brought against him by the plaintiffs ("Plaintiffs") in the *Tremsky* complaint, the ***only*** Plaintiffs not to have voluntarily dismissed him from this Consolidated Action.[1]  Additionally or in the alternative, Khalid Al Rajhi moves pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for dismissal for lack of personal jurisdiction.  In support of this motion, Khalid Al Rajhi would respectfully show the Court as follows:

## I.   INTRODUCTION

As the Court is aware, the allegations in this Consolidated Action arise out of the tragic events of September 11, 2001 [hereinafter "September 11th"].  Numerous plaintiffs asserted claims in this Consolidated Action in efforts to assign civil responsibility for those heinous crimes.  Although the plaintiffs' desire to find a legal remedy for those wrongs is understandable, the plaintiffs cast an exceedingly broad net, sweeping up hundreds of individuals and entities as defendants, many of whom this Court has already seen fit to dismiss and many others whom plaintiffs have voluntarily dismissed.  *See In re:  Terrorist Attacks on September 11, 2001* [hereinafter, "*In re Sept. 11th*"], 349 F. Supp. 2d 765, 837-38 (S.D.N.Y. 2005) (dismissing numerous defendants).  Khalid Al Rajhi, the defendant who brings this motion, is among those who were wrongly entangled in the plaintiffs' trawl.

Eleven complaints in this Consolidated Action originally listed Khalid Al Rajhi as a defendant.  Those complaints, however, make only passing reference to Khalid Al Rajhi and offer no substantive allegations against him, leading ten of the eleven to dismiss him

---

[1] The complaints that have been consolidated into Multi-District Litigation case number 03 MDL 1570 (RCC) are referred to herein as the "Consolidated Action."

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI  - Page 1**

voluntarily.[2]  This willingness of nearly all of the plaintiffs in this Consolidated Action to dismiss Khalid Al Rajhi voluntarily from their cases underscores the weakness of the vague and unspecific allegations made against him.

Only the *Tremsky* Plaintiffs have refused to release Khalid Al Rajhi from this action. Though Defendant's counsel have diligently sought a voluntary dismissal from *Tremsky* as well, *Tremsky*'s counsel has ignored Defendant's numerous attempts to confer over the last several months.[3]  Only this week, *Tremsky*'s counsel, displaying a particularly twisted vision of his Rule 11 obligations, announced that he would not agree to dismiss Khalid Al Rajhi voluntarily absent "satisfactory proof . . . that [Khalid Al Rajhi] was not involved in the '9/11' slaughter in New York."[4]  This refusal by the *Tremsky* Plaintiffs to acknowledge, as every other plaintiff in this Consolidated Action has, that the one specific reference made against Khalid Al Rajhi in literally hundreds of pages of pleadings does not state a claim against him is the sole reason that the Court must consider this motion.

Regardless, the *Tremsky* Plaintiffs have failed to state a claim for relief against Khalid Al Rajhi.  This Court has previously set out the legal principles that govern the resolution of this motion and established a framework for evaluating the sufficiency of Plaintiffs' pleadings.  This Court recognized that Plaintiffs cannot rely on purely conclusory allegations to state a claim.

---

[2] The Plaintiffs in the following complaints have filed signed stipulations, with the Court, voluntarily dismissing Khalid Al Rajhi from their complaint: THIRD AMEND. CONSOL. MASTER COMPL., *Ashton v. Al Qaeda Islamic Army* [hereinafter, "*Ashton*"], (02-CV-6977); COMPL., *Barrera v. Al Qaeda Islamic Army* [hereinafter, "*Barrera*"], (03-CV-7036); AMEND. COMPL., *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-CV-5738) & THIRD AMEND. COMPL., *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-CV-9849) [hereinafter, collectively, "*Burnett*"]; FIRST AMEND. COMPL., *Cont'l Cas. Co. v. Al Qaeda* [hereinafter, "*Cont'l Cas.*"],  (04-CV-5970); COMPL. *Euro Brokers, Inc. v. Al Baraka Inv. & Dev.*, (04-CV-7279); FIRST AMEND. COMPL., *Federal Ins. v. Al Qaida* [hereinafter, "*Fed. Ins.*"], (03-CV-6978); FIRST AMEND. COMPL., *New York Marine & Gen. Ins. Co. v. Al Qaida* [ hereinafter, "*NYMAGIC*"], (04-CV-6105); SECOND AMEND. COMPL., *O'Neill v. Al Baraka Investment & Development Corp.* [hereinafter, "*O'Neill*"], (04-CV-1923); CONSOL. FIRST AMEND. MASTER. COMPL., *Salvo v. Al Qaeda Islamic Army* [hereinafter, "*Salvo*"], (03-CV-5071); COMPL., *World Trade Cent. Prop. LLC v. Al Baraka Inv. & Dev. Corp.* [hereinafter, "*WTCP*"], (04-CV-7280).
[3] *See*, *e.g.*, Letter from Ritch Roberts to J. David O'Brien (Apr. 27, 2005), attached as Exhibit "A."
[4] *See* Letter from J. David O'Brien to Ritch Roberts dated (Apr. 27, 2005), attached as Exhibit "B."

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI  - Page 2**

Rather, Plaintiffs must point to factual assertions which, if believed, would personally implicate Khalid Al Rajhi in the conspiracy to commit terrorist acts or show that he knowingly provided material support to those who committed such crimes. Through pages of conclusory allegations, the *Tremsky* Plaintiffs fail to identify a single act that they claim Khalid Al Rajhi performed which suggests involvement in a terroristic conspiracy or knowing support of al Qaeda. For the reasons set forth below, the Court should dismiss *Tremsky*'s claims against Khalid Al Rajhi.

## II. PLAINTIFFS' SINGLE SPECIFIC ALLEGATION AGAINST KHALID AL RAJHI FAILS TO STATE A CLAIM

The *Tremsky* Plaintiffs specifically mention Khalid Al Rajhi only **once** in their entire complaint. This mention appears in a paragraph listing the "co-conspirators, aiders and abettors of the al-Rajhi family" and alleging that these Al Rajhi family members "do business in and have a significant business presence in the United States, including but not limited to, through al-Watania Poultry, one of the World's largest poultry businesses, and through Defendants Mar-Jac Poultry, Inc., Mar-Jac Investments, Inc. and Piedmont Poultry in the United States."[5] The *Tremsky* Plaintiffs make no other mention of Khalid Al Rajhi, and their complaint contains no specific allegation of any individual wrongdoing by him.

In addition, the *Tremsky* Plaintiffs make generalized allegations against the "Al Rajhi family" (which presumably includes Khalid Al Rajhi), asserting that the family is the "primary financier of the SAAR Foundation Network and, as such, is implicated by the SAAR Network's sponsorship of terrorism and Osama bin Laden."[6] Though hurling generalized accusations at Khalid Al Rajhi's family, the *Tremsky* Plaintiffs do not allege any specific connection between Khalid Al Rajhi and any businesses or charity with which members of the "Al Rajhi family" were allegedly involved. Moreover, Plaintiffs fail to offer even a single allegation that Khalid Al

---

[5] AMENDED COMPLAINT, *Tremsky v. Osama bin Laden* ["*Tremsky*"], (02-CV-7300) ¶ 54.
[6] *See Tremsky*, ¶¶ 53, 141, 150 & 155.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI  - Page 3**

Rajhi, himself, ever gave money to, was ever involved with, or ever knew the actions of, any of the "SAAR Network" entities, whatever those might be.  In short, the Complaint contains no factual allegation suggesting that Khalid Al Rajhi was ever personally engaged in any activity that could be construed as sponsoring terrorism.

### III. THE COURT SHOULD DISMISS THE COMPLAINT AGAINST KHALID AL RAJHI UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM.

The Court has previously recognized that a plaintiff cannot avoid dismissal by relying on the types of vague, conclusory allegations found in the *Tremsky* complaint.  *See In re Sept. 11th*, 349 F. Supp. 2d at 833 ("[A] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)").  Thus, even if presumed to be true,[7] the *Tremsky* Plaintiffs' single specific reference to Khalid Al Rajhi and general conclusory allegations regarding the Al Rajhi family are grossly deficient and do not invite any reasonable inferences that could support a claim against Khalid Al Rajhi in this action. Accordingly, Khalid Al Rajhi respectfully requests that the Court dismiss *Tremsky*'s claims.

#### A. The Vague and Conclusory Allegations in the *Tremsky* Complaint Fail to State a Claim Against Khalid Al Rajhi.

The Court's earlier order recognized that the plaintiffs in the Consolidated Action have cast an overly broad net.  The extreme nature of the charges, in particular, has caused the Court to scrutinize the specific allegations closely to ensure that only those defendants against whom plaintiffs can state potentially viable claims will bear the burden and taint of being associated with this litigation.  *See*, *e.g.*, *In re Sept. 11th*, 349 F. Supp. 2d at 831 (given the extreme nature of the charge of terrorism, "fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant, to ensure that he…[has] fair notice of [the claims].") (quoting *Burnett*

---

[7] Although the Court must accept all of Plaintiffs' factual allegations as true and draw reasonable inferences from the alleged facts and in the light most favorable to Plaintiffs, conclusory assertions and argumentative inferences receive no weight in the analysis of this motion. *See In re Sept. 11th*, 349 F. Supp. 2d at 833.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI  - Page 4**

*v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 103-04 (D.D.C. 2003)).  With respect to Khalid Al Rajhi, however, the allegations in the *Tremsky* complaint fail to meet the minimum standards required by this Court.

      **1.**      **This Court Has Established Clear Parameters for Evaluating the Sufficiency of the Plaintiffs' Pleadings.**

The Court's previous opinion recognized the plaintiffs must satisfy certain pleading requirements to maintain an action against a given defendant.  Though the requirements are liberal, allegations against a defendant must, at a minimum, be sufficiently clear and detailed to provide notice of the specific wrongdoing alleged.  *See In re Sept. 11th*, 349 F. Supp. 2d at 825 (citing FED. R. CIV. P. 8(a)).  Moreover, plaintiffs must do more than plead bare conclusions because the Court accepts only the specific ***factual*** allegations in the complaint as true when ruling on a motion to dismiss.  *Id.* at 833 (*quoting De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).  Applying these pleading standards, the Court dismissed the conclusory allegations made against the Al Rajhi Bank and others, *see id.* at 831-33, and based on the reasoning and authorities in the Court's prior opinion, Khalid Al Rajhi respectfully requests that the Court dismiss him as well.

      **2.**      **Plaintiffs' Allegations Fail to Allege that Khalid Al Rajhi Knowingly Participated in Any Wrongful Concerted Action.**

The *Tremsky* Plaintiffs do not claim that Khalid Al Rajhi participated directly in the tragic events of September 11, 2001.  Rather, Plaintiffs attempt to predicate liability on two concerted action theories:  (1) conspiracy and (2) aiding and abetting.  The following sections address Plaintiffs' allegations and liability theories and explain why each fails to state a claim upon which relief could be granted with respect to Khalid Al Rajhi.

a.  **Plaintiffs' Concerted Action Theory Fails Because Plaintiffs Do Not Allege That Khalid Al Rajhi Knowingly Participated in or Assisted the Wrongdoing of Others.**

"Concerted action liability under New York law is based on the principle that all those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer . . . are equally liable with him." *In re Sept. 11th*, 349 F. Supp. 2d at 826. (internal quotation marks omitted, ellipsis in original).[8] For a defendant to be liable under a concerted action theory, however, the defendant must know the wrongful nature of the primary actor's conduct, and the plaintiff must tie the defendant's actions to the primary actor's wrongdoing. *Id.* at 826. The *Tremsky* Plaintiffs' vague and conclusory allegations, however, fail to raise any inference that Khalid Al Rajhi knowingly participated in or assisted any acts of international terrorism.

The *Tremsky* complaint alleges generally that hundreds of defendants were members of a conspiracy with Al Qaeda to harm U.S. and other Western interests which culminated in the attacks on September 11th[9] and that the defendants aided and abetted the September 11th terrorists in their efforts.[10] The *Tremsky* Plaintiffs assert numerous substantive liability theories under international, federal, and state law[11] through which they seek to impose liability through the alleged concerted action theories.

---

[8] The Court's earlier opinion looked to the law of New York when evaluating common law claims. *See*, *e.g.*, *Id.* at 797. Because the common law of Virginia and Pennsylvania are largely concordant with New York law on the matters addressed herein, this Memorandum will do likewise, unless otherwise noted.

[9] *See Tremsky,* ¶¶ 246-250.

[10] *See Tremsky*, ¶¶ 252-257.

[11] Although the complaint asserts substantive causes of action under international and federal law, the exclusive remedies provision of the Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, § 408(b), 115 Stat. 230-242 (Sept. 22, 2001) (the "ATSSSA"), permits only claims based on state law. This provision of the ATSSSA provides in pertinent part:
  (b) FEDERAL CAUSE OF ACTION—
    (1) AVAILABILITY OF ACTION—There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001. Notwithstanding section

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI  - Page 6**

Each of these purported claims fails, however, as to Khalid Al Rajhi. Plaintiffs' single specific mention of Khalid Al Rajhi merely lists him along with other alleged "co-conspirators" and fails to include any factual allegation—the who, what, when, where, why or how—to suggest that he knew anything of, much less involved himself in, the alleged wrongful conduct of the alleged primary actors in this case. Similarly, the *Tremsky* Plaintiffs' generalized allegations regarding the "Al Rajhi family" fail to allege facts from which this Court could infer that Khalid Al Rajhi was personally "tied" to the alleged substantive wrongdoing or had any personal knowledge of anything untoward. Because the *Tremsky* allegations do not support essential elements of concerted action liability, the Court should dismiss these spurious claims. *See In re Sept. 11th*, 349 F. Supp. 2d at 832-33 (dismissing the Al Rajhi Bank and noting that "Plaintiffs do not allege that Al Rajhi Bank provided direct material support to al Qaeda"); *id.* at 834 (granting the Saudi American Bank's motion to dismiss because "[i]t is not alleged to have done anything to directly support al Qaeda, Osama bin Laden, or their terrorist agenda"); *id.* at 835 (dismissing claims against the Arab Bank because Plaintiffs "do not include any facts to support the inference that Arab Bank knew or had to know that it was providing material support to terrorists . . . [and Plaintiffs] do not allege any involvement by, knowledge of, or participation in any wrongful conduct by Arab Bank").

---

40120(c) of title 49, United States Code, this cause of action shall be the *exclusive* remedy for damages arising out of the hijacking and subsequent crashes of such flights.
  (2) SUBSTANTIVE LAW—*The substantive law for decision in any such suit shall be derived from the law, including choice of law principles, of the State in which the crash occurred unless such law is inconsistent with or preempted by Federal law.*

ATSSSA § 408(b)(1)–(2) (emphasis added). Thus, unless Plaintiffs show that the applicable state law (New York, Pennsylvania, or Virginia) is "inconsistent with or preempted by Federal law," the plain language of the ATSSSA prohibits those other causes of action. Even if the ATSSSA did not preclude the other causes of action, Plaintiffs' allegations fail to state a claim for the reasons discussed herein, requiring their dismissal.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI  - Page 7**

### b. Plaintiffs Fail to Allege an Actionable Conspiracy Involving Khalid Al Rajhi.

This Court has previously stated that Plaintiffs must plead an underlying tort plus the following four elements to maintain a conspiracy claim: (1) an agreement to participate in the unlawful act, (2) an overt act done pursuant to and in furtherance of that agreement, (3) the defendant's intentional participation in the furtherance of the plan, and (4) an injury caused by the unlawful action. *See In re Sept. 11th*, 349 F. Supp. 2d at 805; *see also Melnitzky v. Rose*, 299 F. Supp. 2d 219, 227 (S.D.N.Y. 2004). Assuming *arguendo* that the Plaintiffs have adequately pled underlying torts, the Plaintiffs have still failed to plead an actionable conspiracy claim against Khalid Al Rajhi.

Although the *Tremsky* complaint makes the conclusory allegation that the "Defendants" engaged in an unlawful conspiracy,[12] it lacks the kind of specific factual allegations needed to support an inference that Khalid Al Rahji participated in it. The single specific mention of Khalid Al Rajhi and generalized allegations against his family in the *Tremsky* complaint offer nothing to suggest that Khalid Al Rajhi knew, or had any reason to know, about the alleged terrorist activities of others or that he was involved in an agreement to commit acts of terrorism in any way. Stated simply, naming Khalid Al Rajhi as a defendant and then alleging the conclusion that the defendants conspired to engage in terrorism does not state a claim. *See In re Sept. 11th*, 349 F. Supp. 2d at 833. Because the *Tremsky* pleading lacks the kind of specific factual allegations needed to support an inference that Khalid Al Rajhi personally joined an unlawful conspiracy, the *Tremsky* Plaintiffs have failed to state a conspiracy claim against him. *See, e.g., Nat'l Westminster Bank USA v. Weksel,* 511 N.Y.S.2d 626, 629 (App. Div. 1987) (affirming dismissal because the complaint contained no allegations of fact from which the court

---

[12] *See Tremsky*, ¶ 247.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI  - Page 8**

could infer an agreement or understanding between the defendants); *Alexander & Alexander of New York, Inc. v. Fritzen,* 503 N.E.2d 102, 103 (N.Y. 1986) (dismissing conspiracy claim because of insufficient allegation that defendant intended to injure plaintiff); *cf. In re Sept. 11th*, 349 F. Supp. 2d at 833, 836 (dismissing similar allegations against Al Rajhi Bank and Kamel).

### c. Plaintiffs Fail to Allege Viable Aiding and Abetting Claims Against Khalid Al Rajhi.

To impose aiding and abetting liability on a defendant, the plaintiff must allege (1) a wrongful act that causes harm, (2) the defendant's awareness of his role as part of an overall illegal or tortious activity when he provides the assistance; and (3) the defendant's knowing and substantial assistance in the principal violation. *See In re Sept. 11th*, 349 F. Supp. 2d at 798 n.28; *see also In re Natural Gas Commodity Lit.*, 337 F. Supp. 2d 498, 511 (S.D.N.Y. 2004).[13] Again assuming *arguendo* that the *Tremsky* Plaintiffs adequately pled underlying torts, their "aiding and abetting" claims also fail as the Khalid Al Rajhi for want of adequate pleadings on other essential elements.

As with the conspiracy allegations, the single mention of Khalid Al Rajhi in the *Tremsky* complaint and the generalized allegations regarding the Al Rajhi family do not provide a basis for maintaining Khalid's presence in this Consolidated Action. Those allegations provide nothing from which this Court could infer that Khalid Al Rajhi had any specific, personal awareness of anyone's alleged role in the September 11th attacks or that he knowingly or substantially assisted in those attacks. Like "aiding and abetting" allegations against other defendants that the Court has already dismissed, the allegations in the *Tremsky* complaint do not allege that Khalid Al Rajhi had any personal knowledge or had any reason to know that anyone

---

[13] Virginia does not recognize a civil cause of action for aiding and abetting. *See A.G. Van Metre Constr., Inc. v. NVKettler L.P.,* In Chancery Nos. 13 174, 13 175, 1992 WL 884467, at *3 (Va. Cir. Ct. 1992) ("[Aiding and abetting] is a cause of action not recognized in Virginia."). Pennsylvania, like New York, requires an underlying tort cause of action. *See Allegheny Gen. Hosp. v. Philip Morris, Inc.,* 228 F.3d 429, 446 (3d Cir. 2000) (dismissing aiding and abetting claim for lack of underlying action).

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI  - Page 9**

with whom he was involved was supporting terrorism, nor do they allege facts which could sustain such an inference. *Cf. In re Sept. 11th*, 349 F. Supp. 2d at 836 (dismissing aiding and abetting allegations against Saleh Abdullah Kamel). Rather, these allegations present an obvious (and clearly improper) attempt to impose guilt by association on Khalid Al Rajhi based on his family affiliation. Because the Tremsky complaint lacks factual allegations from which the Court could infer any personal involvement by Khalid Al Rajhi in the alleged wrongdoing, the Court must dismiss these purported claims. *See id.*; *see also Atlanta Shipping Corp., Inc. v. Chem. Bank,* 818 F.2d 240, 251 (2d Cir. 1987) ( "to be held liable as an aider or abettor . . . a person must be shown to have knowingly completed acts with the purpose of aiding and abetting the accomplishment of an illegal scheme."); *Nat'l Westminster*, 511 N.Y.S.2d at 629 (affirming dismissal of aiding and abetting claim where no factual allegation permitted the inference that defendants intended to aid others in the commission of a fraud.).

      **B.**    **Many of the Tort Claims Underlying the Concerted Action Allegations Also Fail as a Matter of Law.**

Because the Plaintiffs' pleadings fail to support a claim for concerted action liability against Khalid Al Rajhi, the Court need not rule on the merits of the underlying tort allegations. As to several of those alleged underlying torts, however, Plaintiffs' own pleadings negate essential elements of the claims with respect to Khalid Al Rajhi. Specifically, the Plaintiffs' pleadings negate essential elements of their Torture Victims Protection Act claims, RICO claims, common law negligence claims, intentional tort claims, and punitive damages claims. Section III.B of the Memorandum in Support of Motion to Dismiss Abdullah Al Rajhi, filed concurrently herewith, discusses the legal shortcomings of each of these underlying claims in detail. For the sake of brevity, Khalid Al Rajhi expressly incorporates that discussion herein by reference and

cites those pleading failures as additional or alternative grounds for dismissal of the claims alleged against him.

## IV. THE COURT SHOULD DISMISS KHALID AL RAJHI FOR LACK OF PERSONAL JURISDICTION.

In addition, or in the alternative, Khalid Al Rajhi moves under Federal Rule of Civil Procedure 12(b)(2) to dismiss for lack of personal jurisdiction. Based upon the Plaintiffs' own pleadings, Khalid Al Rajhi is a foreign national and a citizen and resident of the Kingdom of Saudi Arabia. As discussed above, Plaintiffs fail to allege specific facts to support the inference that Khalid Al Rajhi personally engaged in the wrongful conduct at issue or otherwise availed himself of the Court's jurisdiction. Thus, this Court should dismiss Khalid Al Rajhi for lack of personal jurisdiction.

### A. The Conspiracy Theory Does Not Support the Exercise of Personal Jurisdiction Over Khalid Al Rajhi.

Although the New York long-arm statute permits the exercise of personal jurisdiction over anyone who, directly or through an agent, commits a tortious act within the state, "the bland assertion of conspiracy is insufficient to establish jurisdiction. . . ." *In re Sept. 11th*, 349 F. Supp. 2d at 805 (internal quotation marks, ellipsis omitted). Rather, a plaintiff must plead specific facts showing that a conspiracy existed, that the defendant was a member of that conspiracy, and that a co-conspirator committed a tort in New York. *Id* at 811.

There are no such allegations, however, with respect to Khalid Al Rajhi. As discussed above, Plaintiffs fail to allege facts that would support a reasonable inference that Khalid Al Rajhi participated in a conspiracy to commit the September 11th attacks or otherwise to support terrorism or that he knew of, or consented to, such activities. Thus, there is no basis for applying the conspiracy theory of jurisdiction to Khalid Al Rajhi. *Cf. In re Sept. 11th*, 349 F. Supp. 2d at 805-806 (finding no jurisdiction over similarly situated defendants).

<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI</u>  - Page 11

**B.     The Exercise of Jurisdiction Over Khalid Al Rajhi Would Violate Due Process.**

In addition, the exercise of personal jurisdiction must comport with the traditional requirements of due process. *See In re Sept. 11th*, 349 F. Supp. 2d at 809-811. In granting other motions to dismiss, this Court has also recognized its obligation to consider the cultural and logistical burdens that litigation might impose on foreign defendants. *Id.* (citing *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 115 (1987)).

Here, the *Tremsky* Plaintiffs have failed to make **_any_** allegations which would support the exercise of personal jurisdiction over Khalid Al Rajhi. As discussed above, the only mention of Khalid Al Rajhi in the entire action contends that he is among the members of the Al Rajhi family who "do business in and have a significant business presence in the United States, including but not limited to, through Al-Watania Poultry, . . . Mar-Jac Poultry, Inc., Mar-Jac Investments, Inc. and Piedmont Poultry."[14] The Court, however, has previously found that neither family affiliation, nor donations to charity, nor associations with businesses having U.S. ties, nor ownership of shares in U.S. corporations, among other factors, would support a finding that a defendant purposefully directed activities at this forum. *See*, *e.g.*, *In re Sept. 11th*, 349 F. Supp. 2d at 812, 813-14, 815, 820-21. The Court has also refused to exercise jurisdiction based on conclusory allegations of involvement in the September 11th conspiracy or of support for terrorism. *See*, *e.g.*, *id.* at 813, 813-14, 816 (dismissing Prince Sultan, Prince Turki and Prince Mohamed for lack of personal jurisdiction). Under this reasoning, the *Tremsky* Plaintiffs' conclusory allegation regarding Khalid Al Rajhi's supposed actions and those of his extended family also fails to show the kind of individualized purposeful availment necessary to support the

---

[14] *See Tremsky*, ¶ 54.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI  - Page 12**

reasonable exercise of personal jurisdiction over him.  Accordingly, the Court should dismiss all claims brought against Khalid Al Rajhi for lack of personal jurisdiction.

## V.     CONCLUSION

The filing of this motion lends far more credence to the sparse and spurious allegations in the *Tremsky* complaint than those allegations warrant.  Because there is no basis for retaining Khalid Al Rajhi in this Consolidated Action, every other plaintiff has already voluntarily dismissed him.  The *Tremsky* Plaintiffs' intransigence, however, has forced Khalid Al Rajhi to seek the Court's intervention.

Khalid Al Rajhi is not alleged to have had any direct involvement in the tragic events of September 11, 2001.  Even the *Tremsky* Plaintiffs' can do no better than to lump Khalid Al Rajhi together with hundreds of other defendants while casting aspersions at his extended family.  That kind of generalized, conclusory pleading does not state a claim under the legal framework established by the Court's prior order.  Having failed to meet the pleading requirements for either alleged species of concerted action liability, the *Tremsky* Plaintiffs have failed to state a claim against Khalid Al Rajhi, requiring his dismissal from this action.

Additionally, Plaintiffs' pleading is fatally defective in its jurisdictional allegations. Khalid Al Rajhi is a Saudi Arabian citizen and is not alleged to have any specific, individual contact with the United States.  Because the *Tremsky* complaint lacks allegations to establish the necessary factual predicate for the assertion of personal jurisdiction, the Court should dismiss Khalid Al Rajhi for lack of personal jurisdiction, as well.

Respectfully submitted this 29th day of April, 2005.

        FISH & RICHARDSON P.C.

        By: /s/ Thomas M. Melsheimer
        Thomas M. Melsheimer (TM-4466)
        (Admitted *pro hac vice*)
        John M. Helms (JH-7931)
        (Admitted *pro hac vice*)
        1717 Main Street, Suite 5000
        Dallas, TX  75201
        (214) 747-5070 (Telephone)
        (214) 747-2091 (Telecopy)

        **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to this Court's Case Management Order No. 2, on April 29, 2005, I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS KHALID AL RAJHI to be served on all counsel electronically by the Court's Electronic Case Filing (ECF) system.

Dated: April 29, 2005         /s/ Thomas M. Melsheimer
        Thomas M. Melsheimer (TM-4466)
        (Admitted *pro hac vice*)