**United States District Court**
**Southern District of New York**

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | **03 MDL 1570 (RCC)** <br> **ECF Case** |

This document relates to:

*Kathleen Ashton v. Al Qaeda Islamic Army*, 02-CV-6977 (RCC)
*Ernesto Barrera v. Al Qaeda Islamic Army*, 03-CV-7036 (RCC)
*Thomas E. Burnett v. Al Baraka Inv. & Dev. Corp.*, 03-CV-5738 (RCC)
*Thomas E. Burnett v. Al Baraka Inv. & Dev. Corp*., 03-CV-9849 (RCC)
*Continental Cas. Co. v. Al Qaeda*, 04-CV-5970 (RCC)
*Euro Brokers, Inc. v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7279 (RCC)
*Federal Ins. v. Al Qaida*, 03-CV-6978 (RCC)
*New York Marine & Gen. Ins. Co. v. Al Qaida*, 04-CV-6105 (RCC)
*Gladys H. Salvo v. Al Qaeda Islamic Army*, 03-CV-5071 (RCC)
*Walter Tremsky v. Osama bin Laden*, 02-CV-7300 (RCC)
*World Trade Ctr. Props., L.L.C. v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7280 (RCC)


## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## ABDULLAH AL RAJHI


### FISH & RICHARDSON P.C.

Thomas M. Melsheimer (TM-4466)
(Admitted *pro hac vice*)
John M. Helms (JH-7931)
(Admitted *pro hac vice*)
1717 Main Street, Suite 5000
Dallas, Texas  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Telecopy)


### COUNSEL FOR DEFENDANT

**Page**

## TABLE OF CONTENTS

I.      INTRODUCTION ...............................................................................................1

II.     PLAINTIFFS' ALLEGATIONS ARE VAGUE, CONCLUSORY,
        AND LEGALLY INSUFFICIENT.........................................................................2

        A.     Plaintiffs' Allegations Based Upon Abdullah Al Rajhi's
               Affiliations With Banking and Charitable Institutions Are
               Vague, Conclusory, and Legally Insufficient. .......................................3

        B.     Plaintiffs' Allegations Based Upon the "Al Rajhi Family" Are
               Vague, Conclusory, and Legally  Insufficient. .......................................5

        C.     Plaintiffs' Additional Allegations Are Vague, Conclusory, and
               Legally Insufficient. ...............................................................................6

III.    THE COURT SHOULD DISMISS THE COMPLAINTS AGAINST
        ABDULLAH AL RAJHI UNDER RULE 12(b)(6) FOR FAILURE TO
        STATE A CLAIM. ...............................................................................................7

        A.     The Court Should Dismiss Those Complaints That Make No
               Specific Allegations or Make Only Conclusory Allegations
               Against Abdullah Al Rajhi........................................................................7

               1.     This Court Has Established Clear Parameters for
                      Evaluating the Sufficiency of the Plaintiffs' Pleadings. ...........................8

               2.     The Court Should Dismiss Abdullah Al Rajhi from the
                      Complaints Which List Him As a Defendant But Make
                      No Specific Allegations Against Him........................................................8

               3.     Plaintiffs' Allegations Fail to Allege that Abdullah Al
                      Rajhi Took Part in Any Wrongful Concerted Action. ..............................9

                      a.     Plaintiffs' Concerted Action Theories Fail
                             Because Plaintiffs Do Not Allege that Abdullah
                             Al Rajhi Knowingly Participated In or Assisted
                             in the Wrongdoing of Another....................................................10

                             i.      Plaintiffs' Allegations Purporting to
                                     Connect Abdullah Al Rajhi to Banking
                                     and Charitable Entities Fail to Allege
                                     Knowledge. ...................................................................12

                             ii.     Plaintiffs' Allegations Based upon the
                                     "Al Rajhi Family" Fail to Allege
                                     Knowledge. ...................................................................13

**Page**

b.  Plaintiffs Failed to Allege an Actionable Conspiracy Involving Abdullah Al Rajhi. ...................................14

c.  Plaintiffs Failed to Allege Viable Claims Against Abdullah Al Rajhi for Aiding and Abetting. ..............................15

B.  Many of the Tort Claims Underlying the Concerted Action Allegations Also Fail as a Matter of Law. ...........................................17

1.  Torture Victims Protection Act Claims Fail Because the Deaths at Issue Occurred Within the United States and Without "Color of Law." ........................................17

2.  RICO Claims Fail Because Plaintiffs Have Failed to Allege That Abdullah Al Rajhi Invested Racketeering Income or That He Directed the Operation or Management of a RICO Enterprise. .........................................18

3.  Negligence and Negligent Infliction of Emotional Distress Claims Fail Because Claimants to the September 11 Victim's Compensation Fund Have Waived These Claims and Because Plaintiffs Have Not Alleged that Abdullah Al Rajhi Owed Them Any Duty. ........................18

4.  The New York Statute of Limitations Bars Intentional Tort Claims. .........................................19

5.  The Punitive Damages Allegation under 28 U.S.C. § 1606 Does Not Apply to Abdullah Al Rajhi Because He Is Not a Foreign State. ..........................................20

IV.  THE COURT SHOULD DISMISS ABDULLAH AL RAJHI FOR LACK OF PERSONAL JURISDICTION. ..........................................20

A.  There is No Basis for the Exercise of Personal Jurisdiction Over Abdullah Al Rajhi. ..........................................20

1.  The Conspiracy Theory Does Not Support the Exercise of Personal Jurisdiction Over Abdullah Al Rajhi. ...................................21

2.  The Exercise of Jurisdiction Over Abdullah Al Rajhi Would Violate Due Process. ..................................21

V.  CONCLUSION .........................................................................23

**Page**

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429 (3d Cir. 2000).......................16

*Arndt v. UBS AG*, 342 F. Supp. 2d 132 (E.D.N.Y. 2004)...................................................18

*Atlanta Shipping Corp., Inc. v. Chem. Bank*, 818 F.2d 240 (2d Cir. 1987)......................17

*In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371 (S.D.N.Y. 2001)..............8

*Melnitzky v. Rose*, 299 F. Supp. 2d 219 (S.D.N.Y. 2004) ..................................................14

*In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498 (S.D.N.Y. 2004)....................16

*In re Sept. 11th*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)............................................. *passim*


### STATE CASES

*A.G. Van Metre Constr., Inc. v. NVKettler L.P.*, In Chancery Nos. 13174, 13175,
     1992 WL 884467 (Va. Cir. Ct. Jan. 29, 1992).............................................................16

*Alexander & Alexander of N.Y., Inc. v. Fritzen*, 503 N.E.2d 102 (N.Y. 1986) ................15

*Ash v. Continental Ins. Co.*, 861 A.2d 979 (Pa. Super. 2004) ..........................................20

*Nat'l Westminster Bank USA v. Weksel*, 511 N.Y.S.2d 626 (App. Div. 1987)...........15, 17

### FEDERAL STATUTES

28 U.S.C. § 1350 note § 2(a) ...........................................................................................18

28 U.S.C. § 1606................................................................................................................21

49 U.S.C.A. § 40101 note (West 1993) ...........................................................................19

Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, §
     408(b), 115 Stat. 230-242 (Sept. 22, 2001)................................................................11

H.R. Rep. No. 102-367 (1991).........................................................................................18

S. Rep. No. 102-249 (1991).............................................................................................18

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Abdullah Sulaiman Al Rajhi ("Abdullah Al Rajhi") moves for dismissal of all claims purportedly brought against him by the various plaintiffs ("Plaintiffs") in this Consolidated Action[1] for failure to state a claim. Additionally, or in the alternative, Abdullah Al Rajhi moves pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for dismissal for lack of personal jurisdiction. In support of this motion, Abdullah Al Rajhi would respectfully show the Court as follows:

## I.    INTRODUCTION

As the Court is aware, the allegations in this Consolidated Action arise out of the tragic events of September 11, 2001 [hereinafter "September 11th"]. Numerous Plaintiffs brought the above-referenced actions in an effort to assign civil responsibility for those heinous crimes. Although the Plaintiffs' desire to find a legal remedy for those wrongs is understandable, the Plaintiffs cast an exceedingly broad net, sweeping up hundreds of individuals and entities as defendants, many of whom this Court has already seen fit to dismiss and many others whom Plaintiffs have voluntarily dismissed. *See In re:  Terrorist Attacks on September 11, 2001* [hereinafter, "*In re Sept. 11th*"], 349 F. Supp. 2d 765, 837-38 (S.D.N.Y. 2005) (dismissing numerous defendants). Abdullah Al Rajhi, the defendant who brings this motion, is among those who were wrongly entangled in the Plaintiffs' trawl.

Abdullah Al Rajhi, a western-educated Saudi banker, lives with his wife, daughter and three sons in Riyadh, Saudi Arabia. Abdullah Al Rajhi currently serves as the Chief Executive Officer of the Al Rajhi Banking and Investment Corporation (the "Al Rajhi Bank"), one of the largest and most prominent banking organizations in the Middle East and an entity which this Court has already dismissed as a defendant. He finds himself named, along with several

---

[1] Each of the complaints listed on the cover page have been consolidated into Multi-District Litigation case number 03 MDL 1570 (RCC), referred to herein as the "Consolidated Action."

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ABDULLAH AL RAJHI - Page 1**

relatives who are also prosperous Saudis,[2] as a defendant in nearly a dozen lawsuits which accuse him, publicly and falsely, of committing horrible crimes.  Unquestionably, Abdullah Al Rajhi and the Al Rajhi Bank benefit from stable and secure worldwide financial markets and banking systems.  Putting aside his moral and religious objections to violence, global terrorism, with its inherent destabilizing effects on the world economy, jeopardizes Abdullah Al Rajhi's business and personal interests.

Abdullah Al Rajhi is similarly situated to defendants the Court has previously dismissed. The Court's dismissal order recognized the legal principles that govern the resolution of this motion and established a framework for evaluating the sufficiency of Plaintiffs' pleadings.  This Court has clearly stated that Plaintiffs cannot rely on conclusory allegations.  Instead, Plaintiffs must point to factual assertions which, if believed, would implicate a specific defendant in the conspiracy to commit terrorist acts or show that the defendant knowingly provided material support to those who committed such crimes.  Through pages of conclusory allegations, Plaintiffs fail to identify a single act they claim Abdullah Al Rajhi committed that would suggest involvement in a terroristic conspiracy or knowing support of Al Qaeda.  For the reasons set forth below, the Court should dismiss all claims against Abdullah Al Rajhi.

## II.   PLAINTIFFS' ALLEGATIONS ARE VAGUE, CONCLUSORY, AND LEGALLY INSUFFICIENT.

Plaintiffs' claims against Abdullah Al Rajhi in this Consolidated Action rest solely on vague, ambiguous, and conclusory allegations that fail to state any claim upon which relief can be granted by this Court.  The great majority of Plaintiffs' assertions regarding Abdullah Al Rajhi are wholly conclusory and, as the Court has decided, cannot be taken as true.  *In re Sept. 11th*, 349 F. Supp. 2d at 832-33.  Moreover, even those scant factual allegations that the Court

---

[2] Abdullah Al Rajhi's father, Sulaiman Abdul Aziz Al Rajhi, and his uncle Saleh Abdul Aziz Al Rajhi, are currently defendants in this case.

should presume as true for purposes of this motion neither support a claim against Abdullah Al Rajhi nor create any reasonable inference connecting him with international terrorism.  *Id*. at 835.

The generalized allegations of wrongdoing that conceivably implicate Abdullah Al Rajhi are littered throughout the complaints and may be categorized as follows:

- allegations regarding contacts with banking and charitable institutions;
- allegations regarding the "Al Rajhi family;" and
- other miscellaneous references.

These categories generously group Plaintiffs' allegations which are otherwise unspecific and disordered.

The table attached hereto as Exhibit "A" collects every reference to Abdullah Al Rajhi made in the various pleadings filed by Plaintiffs in this Consolidated Action.  For ease of reference, this Memorandum cites to the row in Exhibit "A" that contains the particular consolidated allegation at issue.  None of these categories of allegations against Abdullah Al Rajhi makes out any legally cognizable claim.[3]

### A.   Plaintiffs' Allegations Based Upon Abdullah Al Rajhi's Affiliations With Banking and Charitable Institutions Are Vague, Conclusory, and Legally Insufficient.

Several Plaintiffs make sweeping, conclusory allegations that Abdullah Al Rajhi "used banking and financial operations" to provide financial services and support to Al Qaeda and its members.[4]  Plaintiffs additionally include Abdullah Al Rajhi among an amorphous group of defendants whom they allege "controlled" or were associated with a large (and largely

---

[3] Although the Court must accept all of Plaintiffs' factual allegations as true and draw reasonable inferences from the alleged facts and in the light most favorable to Plaintiffs, *see In re Sept. 11th*, 349 F. Supp. 2d at 825, conclusory assertions and argumentative inferences receive no weight in the analysis of this motion, *see, e.g., id.*, at 833 ("[A] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6).").

[4] *See* Ex. A at rows 4-11, 18-20.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ABDULLAH AL RAJHI  - Page 3

undefined) set of distinct entities that the Plaintiffs have labeled the "SAAR Network Entities."[5] Premised on these conclusory allegations, Plaintiffs conclude that Abdullah Al Rajhi was part of some terroristic "Enterprise"[6] and through "racketeering activit[ies]" somehow facilitated international terrorism.[7]  None of those Plaintiffs alleges a single fact to support the conclusion that Abdullah Al Rajhi had control over any financial or charitable entity or that he had any knowledge regarding the use of funds flowing through such entities.  These Plaintiffs also fail to allege any facts suggesting that Abdullah Al Rajhi "used" any "banking and financial operations" to provide material support to terrorist organizations.  Rather, Plaintiffs proffer only the legal conclusions that Abdullah Al Rajhi conspired with terrorists, aided and abetted terrorism, laundered money, violated tax laws, and schemed to transfer money to terrorists without a single alleged fact to support such conclusions.[8]

In addition, Plaintiffs make the conclusory allegation, without reference to a single fact, that Abdullah Al Rajhi is a "co-conspirator, agent[], aider[] and abettor[] of the al-Rajhi banking scheme to fund or otherwise materially support terrorism" and that he "do[es] business in and [has] a significant business presence in the United States, including but not limited to, through al-Watania Poultry . . . Mar-Jac Poultry, Inc., Mar-Jac Investments, Inc. and Piedmont Poultry. They are also material sponsors of terrorism."[9]  Plaintiffs, however, fail to allege a basis for these conclusions or to describe a single act that underlies the alleged conspiracy and alleged sponsorship of terrorism.[10]

---

[5] *See* Ex. A at rows 9, 11.
[6] Ex. A at rows 12-13, 17.
[7] Ex. A at rows 14-16.
[8] *See* Ex. A at rows 4-20.
[9] *See* Ex. A at row 1.
[10] Notably, the Court has already dismissed similar allegations against the Al Rajhi Bank.  *In re Sept. 11th*, 349 F. Supp. 2d at 833.

Plaintiffs rarely make specific allegations against Abdullah Al Rajhi, relying instead upon broad brush, boilerplate claims. Even those allegations which specifically name Abdullah Al Rajhi fail to state a claim for relief. First, Plaintiffs allege that Abdullah Al Rajhi acts as the General Manager of the Al Rajhi Bank and as a member of its executive committee.[11] However, Plaintiffs do not allege a single fact related to Abdullah Al Rajhi's position at the Al Rajhi Bank that demonstrates, as this Court found they must, that he knowingly and intentionally supported any terrorist activity. Second, Plaintiffs allege that Abdullah Al Rajhi formerly served as President of Aradi, Inc. which shared an address with SAAR.[12] Plaintiffs do not describe Abdullah Al Rajhi's position at Aradi, or any fact tying Abdullah Al Rajhi or Aradi to SAAR, beyond the mere shared address. This allegation does not demonstrate knowledge or support of SAAR's alleged terroristic activity by Abdullah Al Rajhi. Finally, Plaintiffs allege that "[t]hrough Abdullah Suleiman Al-Rajhi, the Safa Group had access to a bank and banking officials for purposes of producing checks purportedly paid for SAAR's charitable purposes but which actually went towards the benefit of the Enterprise."[13] Here, Plaintiffs simply claim Abdullah Al Rajhi acted as a banker for the Safa Group, but Plaintiffs fail to tie Abdullah Al Rajhi's activities to any other defendant or any terrorist activity.

### B. Plaintiffs' Allegations Based Upon the "Al Rajhi Family" Are Vague, Conclusory, and Legally Insufficient.

Some Plaintiffs have made generalized allegations against the "Al Rajhi family," asserting that the family serves as the "primary financier of the SAAR Foundation and, as such, is implicated by the SAAR Network's alleged sponsorship of terrorism and Osama bin Laden."[14]

---

[11] Ex. A at row 20.

[12] Ex. A at row 20.

[13] Ex. A at row 20.

[14] *See* THIRD AM. CONSOL. MASTER COMPL., *Ashton v. Al Qaeda Islamic Army* [hereinafter, "*Ashton*"], ¶ 561 (02-CV-6977); COMPL., *Barrera v. Al Qaeda Islamic Army* [hereinafter, "*Barrera*"], ¶ 565 (03-CV-7036); AM. COMPL., *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-CV-5738) & THIRD AM. COMPL., *Burnett v. Al Baraka Inv. & Dev.*

Plaintiffs also allege that the "Al Rajhi family" shares a close association with individuals listed on the "Golden Chain" letter.[15]  Plaintiffs allege that the "Al Rajhi family" did business in the United States through their ownership of several corporations.[16]  While broadly accusing the family as a whole, Plaintiffs fail to make a single allegation that Abdullah Al Rajhi, himself, gave money to, was involved with, or had knowledge of any charity with which his family may have been involved.  Nor do Plaintiffs allege he ever engaged in any activity that could be construed as sponsoring terrorism. Furthermore, Plaintiffs fail to allege any specific connection between Abdullah Al Rajhi and the "Golden Chain" letter[17] or between Abdullah Al Rajhi and any business that the "Al Rajhi family" allegedly owned.

### C.    Plaintiffs' Additional Allegations Are Vague, Conclusory, and Legally Insufficient.

The remainder of Plaintiffs' allegations make no specific claims against Abdullah Al Rajhi.  Instead, Plaintiffs simply assert various facts against multiple defendants and add Abdullah Al Rajhi's name seemingly as an afterthought.[18]

For example, in their RICO Statements, several Plaintiffs assert legal conclusions pertaining to RICO enterprises and simply tack on Abdullah Al Rajhi's name to a list of alleged members of the "enterprise."[19]  Other Plaintiffs have failed to make any specific allegation against Abdullah Al Rajhi whatsoever.  For example, two complaints simply list defendants and

---

*Corp.*, (03-CV-9849) [hereinafter, collectively, "*Burnett*"], ¶ 86; FIRST AM. COMPL., *Continental Cas. Co. v. Al Qaeda* [hereinafter, "*Cont'l Cas.*"], ¶ 359 (04-CV-5970); CONSOL. FIRST AM. MASTER. COMPL., *Salvo v. Al Qaeda Islamic Army* [hereinafter, "*Salvo*"], ¶ 357 (03-CV-5071); AM. COMPL., *Tremsky v. Osama bin Laden* [hereinafter, "*Tremsky*"], ¶ 53 (02-CV-7300); COMPL., *World Trade Cent. Prop. LLC v. Al Baraka Inv. & Dev. Corp.* [hereinafter, "*WTCP*"], ¶ 133 (04-CV-7280); *see also Ashton*, ¶¶ 333, 338; *Barrera*, ¶¶ 335, 340; *Burnett*, ¶¶ 252, 261, 266, 304; *Cont'l Cas.*, ¶¶ 467, 472; *Salvo*, ¶¶ 458, 466, 471; *Tremsky*, ¶¶ 141, 150, 155; *WTCP*, ¶¶ 215, 219, 222, 426, 435, 440, 479.

[15] *WTCP*, ¶ 220.

[16] Ex. A at row 1; *see also WTCP*, ¶ 215.

[17] Notably, the Court has previously rejected Plaintiffs' other attempts to rely on the so-called "Golden Chain."  *See In re Sept. 11th*, 349 F. Supp. 2d at 818 ("The 'Golden Chain' does not say what the Plaintiffs argue it says.  It is only a list of names found in a charity's office.").

[18] *See* Ex. A at row 2-3, 12-17.

[19] *See* Ex. A at rows 12-17.

then allege *en masse* that the defendants "have aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons, as described herein."[20]  The *Euro Brokers* complaint names Abdullah Al Rajhi as a party in the caption, but the body of the complaint fails to make a single allegation against him.[21]

## III.   THE COURT SHOULD DISMISS THE COMPLAINTS AGAINST ABDULLAH AL RAJHI UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM.

Each of the complaints in this Consolidated Action fails to state a claim upon which relief could be granted against Abdullah Al Rajhi.  On January 18, 2005, this Court granted motions to dismiss similar allegations brought against several similarly situated defendants.  *See In re Sept. 11th*, 349 F. Supp. 2d at 837-38.  Based on the reasoning expressed in the Court's prior order and the authorities cited therein, Abdullah Al Rajhi respectfully requests that the Court dismiss the claims brought against him.

### A.   The Court Should Dismiss Those Complaints That Make No Specific Allegations or Make Only Conclusory Allegations Against Abdullah Al Rajhi.

The Court's earlier order recognized that the Plaintiffs, in their efforts to assign civil responsibility for the horrible wrongs committed on September 11, have cast an overly broad net. The extreme nature of Plaintiffs' charges caused the Court to scrutinize closely the specific allegations made against each defendant to ensure that only those defendants against whom Plaintiffs can state potentially viable claims will bear the burden and taint of association with this litigation.  *See*, *e.g.*, *In re Sept. 11th*, 349 F. Supp. 2d at 831 ("[I]n light of the extreme nature of the charge of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant.") (internal quotations omitted).  With respect to Abdullah Al Rajhi,

---

[20] *See* Ex. A at rows 2-3.
[21] *See* COMPL., *Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.* [hereinafter, "*Euro Brokers*"] (04-CV-7279).

however, all of the complaints in this Consolidated Action fail to meet even the minimum pleading standards. Consequently, the Court should dismiss all of the claims brought against Abdullah Al Rajhi.

     **1.**    **This Court Has Established Clear Parameters for Evaluating the Sufficiency of the Plaintiffs' Pleadings.**

In its previous opinion, the Court set out the pleading requirements which a plaintiff must satisfy to maintain an action. A complaint must do more than plead bare conclusions to survive a Rule 12(b)(6) motion to dismiss. *In re Sept. 11th*, 349 F.2d at 832-33. In ruling on a Rule 12(b)(6) motion, the Court must only accept specific ***factual*** allegations in the complaint as true. *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001). Moreover, although the Court draws all reasonable inferences in favor of the plaintiff, because conclusions are not facts and will not support inferences, "a complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." *In re Sept. 11th*, 349 F. Supp. 2d at 833 (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).

     **2.**    **The Court Should Dismiss Abdullah Al Rajhi from the Complaints Which List Him As a Defendant But Make No Specific Allegations Against Him.**

Three complaints in this Consolidated Action merely name Abdullah Al Rajhi among the hundreds of individuals and entities in their captions or lists of defendants but make no specific allegations against him in the body of the complaints.[22] These complaints epitomize the notion of casting an overly broad net. Because these complaints fail to make even a single, specific factual allegation against Abdullah Al Rajhi, they fail to meet either the Rule 8(a) standard for

---

[22] *Euro Brokers* (sole reference to Abdullah Al Rajhi is in the caption listing Abdullah Al Rajhi as "D89."); Ex. A at rows 2-3.

notice pleading or the 12(b)(6) standard for stating a claim.  *See In re Sept. 11th*, 349 F. Supp. 2d at 833.  Accordingly, the Court should dismiss Abdullah Al Rajhi from these complaints.

> **3.     Plaintiffs' Allegations Fail to Allege that Abdullah Al Rajhi Took Part in Any Wrongful Concerted Action.**

The remaining complaints in this Consolidated Action offer more than a dozen different liability theories, presenting a wealth of generalized allegations and innuendo, but pleading few specific facts.  Abdullah Al Rajhi, like many of the other defendants in this Consolidated Action, is not alleged to have participated directly in the tragic events of September 11.  No Plaintiff alleges that Abdullah Al Rajhi was directly involved in any way in the attacks, and accordingly, every claim assumes that Abdullah Al Rajhi was not a primary actor.  Rather, in the substantive counts alleged in the complaints, liability is premised on two concerted action theories:  (1) conspiracy and (2) aiding and abetting.  *See In re Sept. 11th*, 349 F. Supp. 2d at 826.  As the Court has previously recognized, however, in dismissing similar allegations made against the Al Rajhi Bank and others, a plaintiff needs more than crass argumentative inferences and conclusory assertions to state a viable claim.  *See*, *e.g.*, *id.* at 827 (discussing failure of RICO allegations).  As with the allegations against the Al Rajhi Bank and other similarly situated defendants, Plaintiffs' allegations against Abdullah Al Rajhi fail to state a claim under either concerted action theory as they plead neither knowledge of nor a tie to the acts of other defendants.  The following sections address each of the concerted action liability theories raised with respect to Abdullah Al Rajhi and explain how all of Plaintiffs' allegations fail to state a claim upon which relief could be granted.

a.   **Plaintiffs' Concerted Action Theories Fail Because Plaintiffs Do Not Allege that Abdullah Al Rajhi Knowingly Participated In or Assisted in the Wrongdoing of Another.**

This Court found that "[c]oncerted action liability under New York law is based on the principle that all those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer . . . are equally liable with him." *In re Sept. 11th*, 349 F. Supp. 2d at 826. (internal quotation marks omitted, ellipsis in original).[23]  Under either concerted action theory, the plaintiff must allege that the defendant knew the wrongful nature of the primary actor's conduct, and the plaintiff must tie the defendant's actions to the primary actor's wrongdoing.  *Id.*

In this Consolidated Action, the complaints allege generally that Abdullah Al Rajhi, among others, participated in an overarching conspiracy with al Qaeda to harm U.S. and other Western interests, culminating in the September 11th attacks,[24] and that Abdullah Al Rajhi and others aided and abetted the September 11th terrorists in their efforts.[25]  The Plaintiffs have raised numerous substantive theories under international, federal, and state law[26] through which

---

[23] The Court's earlier opinion looked to the law of New York when evaluating common law claims.  *See, e.g.*, *In re Sept. 11th*, 349 F. Supp. 2d at 797.  Because the common laws of Virginia and Pennsylvania are largely concordant with New York law on the matters addressed herein, this motion will do likewise, unless otherwise noted.

[24] *See Burnett* ¶¶ 678-682; *Cont'l Cas.*, ¶¶ 614-617; *Euro Brokers*, ¶¶ 185-187; FIRST AM. COMPL., *Federal Ins. v. Al Qaida* [hereinafter, "*Fed. Ins.*"], ¶¶ 623-626, (03-CV-6978); FIRST AM. COMPL., *New York Marine & Gen. Ins. Co. v. Al Qaida* [hereinafter "*NYMAGIC*"], ¶¶ 61-64 (04-CV-6105); *Tremsky*, ¶¶ 246-251; *WTCP*, ¶¶ 1163-1167.

[25] *Burnett*, ¶¶ 683-688; *Euro Brokers*, ¶¶ 188-190; *Fed. Ins.*, ¶¶ 630-633; *NYMAGIC*, ¶¶ 68-71; *Tremsky*, ¶¶ 252-257; *WTCP*, ¶¶ 1168-1173.

[26] Although the complaints assert causes of action under international and federal law, the exclusive remedies provision of the Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, § 408(b), 115 Stat. 230-242 (Sept. 22, 2001) (the "ATSSSA"), permits only claims based on state law.   This provision of the ATSSSA provides in pertinent part:

(b) FEDERAL CAUSE OF ACTION—

(1)  AVAILABILITY OF ACTION—There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001. Notwithstanding section 40120(c) of title 49, United States Code, this cause of action shall be the *exclusive* remedy for damages arising out of the hijacking and subsequent crashes of such flights.

they seek to impose liability for this alleged concerted action.  These substantive theories include alleged violations of the Anti-Terrorism Act,[27] Alien Tort Claims Act,[28] Racketeering Influenced and Corrupt Organizations Act (RICO),[29] violations of international law,[30] common law negligence,[31] negligent and intentional infliction of emotional distress,[32] trespass,[33] assault and battery,[34] nuisance,[35] wrongful death and survival actions,[36] and damages arising from each.  Each of these claims fails as to Abdullah Al Rajhi because Plaintiffs do not allege facts from which this Court could infer that Abdullah Al Rajhi was "tied" to the alleged substantive wrongdoing.  Moreover, these claims fail because Plaintiffs do not allege facts from which the Court could infer that Abdullah Al Rajhi knew of the primary actor's actual or planned wrongful conduct.  Because the Plaintiffs failed to satisfy their pleading burden with respect to Abdullah Al Rajhi on either concerted action theory, the Court should dismiss all of the Plaintiffs' claims.

Previously this Court found that generalized, conclusory allegations fail to state a claim under theories of concerted action liability.  Rather, as the Court stated, Plaintiffs must make

---

(2) SUBSTANTIVE LAW—*The substantive law for decision in any such suit shall be derived from the law, including choice of law principles, of the State in which the crash occurred unless such law is inconsistent with or preempted by Federal law.*

ATSSSA § 408(b)(1)–(2) (emphasis added).  Thus, unless Plaintiffs show that the applicable state law (New York, Pennsylvania, or Virginia) is "inconsistent with or preempted by Federal law," the plain language of the ATSSSA prohibits those other causes of action.  Even if the ATSSSA did not preclude the other causes of action, however, the Plaintiffs' allegations fail to state a claim for the reasons discussed herein, requiring their dismissal in any event.

[27] *See Ashton*, ¶¶ 608-610; *Barrera*, ¶¶ 628-630; *Burnett*, ¶¶ 645-652; *Euro Brokers*, ¶¶ 152-159; *Fed. Ins.*, ¶¶ 634-638; *NYMAGIC*, ¶¶ 72-75; *Salvo*, ¶¶ 606-608; *Tremsky*, ¶¶ 258-262; *WTCP*, ¶¶ 1125-1131.

[28] *See Burnett* ¶¶ 653-657; *Tremsky*, ¶¶ 230-233.

[29]  *See Burnett*, ¶¶ 689-698, 707-714;   *Euro Brokers*, ¶¶ 160-162; *Fed. Ins.*, ¶¶ 627-629; *NYMAGIC*, ¶¶ 65-67; *Tremsky*, ¶¶ 263-267;  *WTCP*, ¶¶ 1132-1134.

[30] *See WTCP*, ¶¶ 1174-1179; *Euro Brokers*, ¶¶ 179-184.

[31] *See Burnett*, ¶¶ 665-667; *Fed. Ins.*, ¶¶ 639-643; *NYMAGIC*, ¶¶ 76-80; *Tremsky*, ¶¶ 234-236.

[32] *See Burnett*, ¶¶ 671-676; *Fed. Ins.*, ¶¶ 614-617; *Tremsky*, ¶¶ 240-245.

[33] *See Cont'l Cas.*, ¶¶ 600-606; *Euro Brokers*, ¶¶ 145-151; *Fed. Ins.*, ¶¶ 598-603; *NYMAGIC*, ¶¶ 55-60;  *WTCP*, ¶¶ 1151-1157.

[34] *See Ashton*, ¶¶ 605-617; *Barrera*, ¶¶ 625-627; *Fed. Ins.*, ¶¶ 610-613; *Salvo*, ¶¶ 604-605.

[35] *See Tremsky*, ¶¶ 282-284.

[36] *See Ashton*, ¶¶ 602-604, 612-616; *Barrera*, ¶¶ 618-624; *Burnett*, ¶¶ 658-664; *Fed. Ins.*, ¶¶ 604-609; *Salvo*, ¶¶ 599-603; *Tremsky,* ¶¶ 237-239.

specific allegations of knowing support of terrorists to bring these kinds of claims.  *See In re Sept. 11th*, 349 F. Supp. 2d at 832-33 (dismissing the Al Rajhi Bank and noting that "Plaintiffs do not allege that Al Rajhi Bank provided direct material support to al Qaeda"), 834 (dismissing the Saudi American Bank because "[i]t is not alleged to have done anything to directly support al Qaeda, Osama bin Laden, or their terrorist agenda"),  835 (dismissing claims against the Arab Bank because Plaintiffs "do not include any facts to support the inference that Arab Bank knew or had to know that it was providing material support to terrorists . . . [and Plaintiffs] do not allege any involvement by, knowledge of, or participation in any wrongful conduct by Arab Bank").  As discussed below, Plaintiffs' sparse allegations against Abdullah Al Rajhi should be dismissed for similar reasons.

>        i.      **Plaintiffs' Allegations Purporting to Connect Abdullah Al Rajhi to Banking and Charitable Entities Fail to Allege Knowledge.**

Plaintiffs' attempts to show that Abdullah Al Rajhi actively participated in a concerted action to cause the September 11th attacks fail as a matter of law because Plaintiffs have not alleged that Abdullah Al Rajhi knowingly participated in or assisted in any wrongdoing through his alleged affiliations with banking and charitable institutions.  Only four Plaintiffs[37] even make allegations against Abdullah Al Rajhi with any sort of specificity.  Those four Plaintiffs assert that Abdullah Al Rajhi held a title within the Al Rajhi Bank, but the Court has found that the allegations against the Al Rajhi Bank fail to state a claim.  *In re Sept. 11th*, 349 F. Supp. 2d at 832-33.  Plaintiffs' allegation that Abdullah Al Rajhi held a position with Aradi, Inc. does not provide any support for their concerted action claims.  Plaintiffs prominently allege that Aradi shared an address with SAAR, a charitable foundation.  They can make no allegation that the two organizations were tied or linked in any way, or that Abdullah Al Rajhi specifically had any role with SAAR.  Finally, the allegation that Abdullah Al Rajhi provided banking services to the Safa

---

[37] Ex. A at row 20.

Group does not support the claim that he participated in the September 11th conspiracy.  As the Court has previously noted, providing banking services neither gives rise to liability nor even an inference of liability.  *Id.* at 833.

Furthermore, the Court's treatment of Tariq Binladin ("Tariq") and Bakr Binladin ("Bakr") illustrates why Plaintiffs' allegations regarding Abdullah Al Rajhi's alleged involvement with banking and charitable institutions fail to allege knowing support of terrorism.  *See id*. at 821-22.  Plaintiffs alleged that Bakr ran the daily operations of the Saudi Binladin Group ("SBG") and that Tariq sat on its board of directors.  *Id*. at 821.  Although the Court denied SBG's motion to dismiss because Plaintiffs had alleged that SBG provided construction support to Osama bin Ladin, gave shelter to an al Qaeda operative, and had a "close relationship" with Osama bin Ladin, the Court granted Tariq and Bakr's motions to dismiss because, despite their positions as managers and directors of SBG, Plaintiffs had not made any specific allegations that they were part of a conspiracy.  *Id*. at 822, 836-37.  In other words, the Court held that the allegation that a person performs duties as a manager or director of an organization, without more, does not raise the inference that the person knew of alleged activity by the organization.  *See id.* at 822.  Here, the Court has already dismissed allegations that the Al Rajhi bank participated in a scheme to support terrorism.  *Id*. at 833.  Plaintiffs cannot state a claim against Abdullah Al Rajhi simply by serving as a director of an entity which this Court has previously dismissed.

### ii.    Plaintiffs' Allegations Based upon the "Al Rajhi Family" Fail to Allege Knowledge.

Plaintiffs' reliance upon an alleged overarching familial connection to terrorism fails to raise an inference that Abdullah Al Rajhi knowingly supported terrorism.  Not only do Plaintiffs fail to define what comprises the "Al Rajhi family," but they also fail to allege specific facts suggesting that Abdullah Al Rajhi would know or support other "family" members' activities.

Moreover, even if the Court accepts Plaintiffs' allegations as true, allegations against "unspecified family members" fail for lack of specificity. *In re Sept. 11th*, 349 F. Supp. 2d at 812 (dismissing Price Sultan on jurisdictional grounds for claims against "Saudi Royal family members").

> **b.     Plaintiffs Failed to Allege an Actionable Conspiracy Involving Abdullah Al Rajhi.**

In ruling on claims similar to those asserted against Abdullah Al Rajhi, this Court previously found that a plaintiff must plead an underlying tort **plus** the following four elements to maintain a conspiracy claim:  (1) an agreement to participate in the unlawful act, (2) an overt act done pursuant to and in furtherance of that agreement, (3) intentional participation in the furtherance of the plan, and (4) an injury caused by the unlawful action. *See In re Sept. 11th*, 349 F. Supp. 2d at 805; *see also Melnitzky v. Rose*, 299 F. Supp. 2d 219, 227 (S.D.N.Y. 2004). Assuming *arguendo* that the Plaintiffs have adequately pled underlying torts,[38] the Plaintiffs have still failed to plead an actionable conspiracy claim against Abdullah Al Rajhi.

In this Consolidated Action, the complaints lack the specific factual allegations against Abdullah Al Rajhi necessary to support an inference that he, individually, participated in an unlawful conspiracy.  Similar to the claims against the dismissed defendants, Plaintiffs make no specific factual allegations against Abdullah Al Rajhi which suggest that he knew, or had any reason to know, about the alleged terroristic activities of others or that he was personally involved in an agreement to commit acts of terrorism.  Instead, the Plaintiffs merely allege that the "Defendants" in general (presumably including Abdullah Al Rajhi) "unlawfully, willingly and knowingly combined, conspired, confederated, aided and abetted, tacitly and/or expressly agreed to participate, cooperate, and engage in unlawful and tortious acts pursuant to a common

---

[38] In fact, as discussed below, several of the Plaintiffs' substantive tort allegations fail as a matter of law when applied to Abdullah Al Rajhi.

course of conduct, namely the promotion and sponsoring of international terrorism"[39] and that they "conspired to commit acts of international terrorism"[40] which led to the attacks on September 11th. Such conclusory allegations devoid of a single fact to tie Abdullah Al Rajhi to the alleged conspiracy to carry out the September 11th attacks, fail to state a claim. *See*, *e.g.*, *Nat'l Westminster Bank USA v. Weksel,* 511 N.Y.S.2d 626, 629 (App. Div. 1987) (affirming dismissal of conspiracy claim because "the complaint is deficient for it contains no allegations of fact from which it can be inferred that there existed an agreement or understanding between the [defendants] to cooperate in a fraudulent scheme"); *Alexander & Alexander of N.Y., Inc. v. Fritzen,* 503 N.E.2d 102, 103 (N.Y. 1986) (dismissing conspiracy claim because of insufficient allegation that defendant acted for the purpose of injuring plaintiff); *cf. In re Sept. 11th*, 349 F. Supp. 2d at 833, 836 (finding that similar allegations failed to state a claim). As the Court has previously found, the conclusory allegation that a defendant conspired with others does not state a claim for the purposes of Rule 12(b)(6). *See id.* at 833.

> **c.      Plaintiffs Failed to Allege Viable Claims Against Abdullah Al Rajhi for Aiding and Abetting.**

The Court also previously outlined the pleading standards applied to allegations of "aiding and abetting" liability. *See In re Sept. 11th*, 349 F. Supp. 2d at 798 n.28 (quoting *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983)). To impose aiding and abetting liability, the plaintiff must allege (1) a wrongful act that causes harm, (2) the defendant's awareness of his role as part of an overall illegal or tortious activity when he provides the assistance; and (3) the defendant's knowing and substantial assistance in the principal violation. *See id.*; *see also In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 511 (S.D.N.Y. 2004). Again assuming arguendo that Plaintiffs adequately pled underlying torts, their "aiding and

---

[39] *See Burnett* ¶ 678; *Tremsky* ¶ 247.
[40] *See Fed. Ins.* ¶ 624; *NYMAGIC* ¶ 62; *WTCP* ¶ 1164.

abetting" claims also fail for want of adequate pleadings on other essential elements.

As with the conspiracy allegations, the complaints in this Consolidated Action offer only the most conclusory statements regarding Abdullah Al Rajhi's purported role in aiding and abetting those involved in the September 11th attacks.[41]  Plaintiffs do not allege that Abdullah Al Rajhi had any specific, personal awareness of anyone's alleged role in the September 11th attacks or that he knowingly or substantially assisted in those attacks.   Furthermore, the complaints contain no factual allegations which suggest a legally meaningful relationship between Abdullah Al Rajhi and any of the known primary actors or which suggest Abdullah Al Rajhi knowingly assisted the primary actors in their crimes.   Similar to claims previously dismissed against other defendants, the complaints do not allege that Abdullah Al Rajhi knew or had any reason to know that anyone with whom he was allegedly involved supported terrorism, nor do they allege facts which could sustain such an inference.  *Cf. In re Sept. 11th*, 349 F. Supp. 2d at 836 (dismissing aiding and abetting allegations against Saleh Abdullah Kamel).

Absent such factual allegations, the Court should dismiss the assertions of aiding and abetting liability and any other claims brought against Abdullah Al Rajhi that are premised on a theory of concerted action liability.  *See id.*; *see also Atlanta Shipping Corp., Inc. v. Chem. Bank*, 818 F.2d 240, 251 (2d Cir. 1987) (affirming dismissal of aiding and abetting claim because of insufficient allegations and holding "[i]n order to be held liable as an aider or abettor . . . a person must be shown to have knowingly completed acts with the purpose of aiding and abetting the accomplishment of an illegal scheme."); *Nat'l Westminster*, 511 N.Y.S.2d at 629 (affirming dismissal of aiding and abetting claim where no factual allegation permitted the inference that defendants intended to aid others in the commission of a fraud.).

---

[41] *See, e.g., Burnett*, ¶ 87 (alleging that the defendants provided material support of terrorism).

**B.** **Many of the Tort Claims Underlying the Concerted Action Allegations Also Fail as a Matter of Law.**

Because the Plaintiffs' pleadings fail to support a claim for concerted action liability against Abdullah Al Rajhi, the Court need not rule on the merits of the underlying tort allegations. As to several of those alleged underlying torts, however, Plaintiffs' own pleadings negate essential elements of the claims with respect to Abdullah Al Rajhi. As discussed below, these pleading failures provide additional or alternative grounds for dismissal.

**1.** **Torture Victims Protection Act Claims Fail Because the Deaths at Issue Occurred Within the United States and Without "Color of Law."**

Several complaints[42] allege violations of the Torture Victim Protection Act of 1991 ("TVPA"), which imparts liability on any individual who, acting under color of law and outside of the United States, subjects another to "torture" or "extrajudicial killing." *See* 28 U.S.C. § 1350 note § 2(a); *Arndt v. UBS AG*, 342 F. Supp. 2d 132, 141 (E.D.N.Y. 2004); *see also* H.R. Rep. No. 102-367, at 4 (1991) ("While the Alien Tort Claims Act provides a remedy to aliens only, the TVPA [extends] a civil remedy to U.S. citizens who may have been tortured abroad."); S. Rep. No. 102-249, at 3–4 (1991) ("[T]he [TVPA] is designed to respond to [flagrant human rights violations] by providing a civil cause of action in U.S. courts for torture committed abroad."). The September 11th attacks, however, occurred entirely within the United States, and the complaints fail to allege that Abdullah Al Rajhi, individually, committed any act of torture or extrajudicial killing, much less committed such an act under the color of law. *See In re Sept. 11th*, 349 F. Supp. 2d at 828 (dismissing TVPA claims where there were no allegations that individual defendants acted under color of law). Thus, Plaintiffs have failed to state a claim against Abdullah Al Rajhi under the TVPA.

---

[42] *See Ashton*, ¶¶ 309-310; *Barrera*, ¶¶ 631-634; *Burnett*, ¶¶ 641-644; *Fed. Ins.*, ¶¶ 618-622; *Salvo*, ¶¶ 609-612; *Tremsky*, ¶¶ 226-229; *see also* SECOND AM. COMPL., *O'Neill v. Al Baraka Inv. & Dev. Corp.* [hereinafter "*O'Neill*"], ¶¶ 134-137 (04-CV-1923) (making same allegation against Sulaiman Al Rajhi).

2.     **RICO Claims Fail Because Plaintiffs Have Failed to Allege That Abdullah Al Rajhi Invested Racketeering Income or That He Directed the Operation or Management of a RICO Enterprise.**

Several Plaintiffs[43] have alleged violations of sections 1962(a) and 1962(c) of the RICO statute, but the allegations in their complaints fail to support these claims.  First, as this Court has found, a plaintiff must allege an injury resulting from the defendant's *investment* of racketeering income to state a claim under section 1962(a).  *In re Sept. 11th*, 349 F. Supp. 2d at 827.  The complaints in this Consolidated Action, however, fail to identify (1) the racketeering income that Abdullah Al Rajhi might allegedly have received, (2) the manner in which any racketeering income was allegedly invested, or (3) any injury that might have resulted from that investment.  Second, this Court has found that a plaintiff must allege the defendant directed the operation or management of the alleged RICO enterprise to state a claim under section 1962(c).  *See id.* at 827-28.   No complaint contains an allegation that Abdullah Al Rajhi directed or actively managed the operations of al Qaeda, the alleged RICO enterprise.   Accordingly, the section 1962(a) & (c) allegations fail to state viable RICO claims.  *See id.*

3.     **Negligence and Negligent Infliction of Emotional Distress Claims Fail Because Claimants to the September 11 Victim's Compensation Fund Have Waived These Claims and Because Plaintiffs Have Not Alleged that Abdullah Al Rajhi Owed Them Any Duty.**

Several of the Plaintiffs assert causes of action for common law negligence[44] and negligent infliction of emotional distress[45] against Abdullah Al Rajhi.   Claimants to the September 11 Victim's Compensation Fund, however, have waived all right to file a civil action to recover for alleged injuries arising from the September 11th attacks, except for "a civil action

---

[43]   *See Burnett*, ¶¶ 689-698, 707-714; *Euro Brokers*, ¶¶ 160-162; *Fed. Ins.*, ¶¶ 627-629; *NYMAGIC*, ¶¶ 65-67; *Tremsky*, ¶¶ 263-267; *WTCP*, ¶¶ 1132-1134; *see also* First Am. Compl., *Cantor Fitzgerald & Co. v. Akida Bank Private Ltd.*, ¶¶ 186-192 (04-CV-7065) (making same allegation against Sulaiman Al Rajhi); *O'Neill*, ¶¶ 176-180 (same).

[44]   *See Burnett*, ¶¶ 665-667; *Fed. Ins.*, ¶¶ 639-643; *NYMAGIC*, ¶¶ 76-80; *Tremsky*, ¶¶ 234-236; *see also O'Neill*, ¶¶ 66-70 (making same allegation against Sulaiman Al Rajhi).

[45]   *See Burnett*, ¶¶ 671-676; *Fed. Ins.*, ¶¶ 614-617; *Tremsky*, ¶¶ 240-245; *see also O'Neill*, ¶¶ 241-245 (making same allegation against Sulaiman Al Rajhi).

against any person who is a *knowing* participant in any conspiracy to hijack any aircraft or commit any terrorist act."  49 U.S.C.A. § 40101 note (West 1993), ATSSSA § 405 (c)(3)(B)(i) (emphasis added).  This limitation to actions against "knowing" participants necessarily eliminates negligence claims by claimants to the September 11 Victim's Compensation Fund. Accordingly, the Court should dismiss all negligence claims brought by any claimant to the September 11 Victim's Compensation Fund.

Moreover, Plaintiffs' failure to allege the actionable violation of a legal duty owed by Abdullah Al Rajhi to any Plaintiff is fatal to all negligence claims.  As this Court noted in its earlier opinion, "[t]he most basic element of a negligence claim is the existence of a duty owed to the plaintiffs by defendants."  *In re Sept. 11th*, 349 F. Supp. 2d at 830 (citing *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 342 (1928)).  Plaintiffs either fail to allege that Abdullah Al Rajhi violated a specific legal duty,[46] or make only the vague and conclusory allegations which cannot stave off dismissal.[47]  *See id.* at 830-31.  Therefore, the Court should dismiss any alleged claims of negligence against Abdullah Al Rajhi.

### 4.    The New York Statute of Limitations Bars Intentional Tort Claims.

Next, various Plaintiffs allege claims of intentional infliction of emotional distress[48] and assault and battery.[49]  As this Court previously recognized, New York's one-year statute of limitations for intentional torts[50] precludes Plaintiffs filed their complaints after September 11, 2002—*i.e.*, *Burnett*, *Baraka*, and *Fed. Ins.*—from maintaining claims for intentional torts under

---

[46] *See Fed. Ins.*, ¶¶ 639-643; *NYMAGIC*, ¶¶ 76-80; *Tremsky*, ¶¶ 234-236.

[47] *See, e.g.*, *Burnett*, ¶ 666 ("The banking, charity and individual Defendants were under heightened fiduciary duties as public and private trustees and as public servants endowed with the public's trust."); *Tremsky*, ¶ 235 ("All Defendants were under a general duty not to intentionally injure, maim or kill, commit criminal or tortious acts, endanger lives, and engage in activity that would foreseeably lead to the personal injury and/or death of Plaintiffs.").

[48] *See Burnett*, ¶¶ 671-676; *Fed. Ins.*, ¶¶ 614-617; *Tremsky*, ¶¶ 240-245; *see also O'Neill*, ¶¶ 151-155 (making same allegation against Sulaiman Al Rajhi).

[49] *See Ashton*, ¶¶ 605-617; *Barrera*, ¶¶ 625-627; *Fed. Ins.*, ¶¶ 610-613; *Salvo*, ¶¶ 604-605.

[50] The statute of limitations for intentional torts is two years in Pennsylvania and Virginia.  *See Ash v. Continental Ins. Co.*, 861 A.2d 979, 980-81 (Pa. Super. 2004); 42 Pa.C.S. § 5524; Va. Code § 8.01-243.

New York law.  *See In re Sept. 11th*, 349 F. Supp. 2d at 829.

> **5.    The Punitive Damages Allegation under 28 U.S.C. § 1606 Does Not Apply to Abdullah Al Rajhi Because He Is Not a Foreign State.**

Finally, several Plaintiffs allege an entitlement to recovery of punitive damages from all "Defendants" (necessarily including Abdullah Al Rajhi) pursuant to 28 U.S.C. § 1606.[51]  While these allegations do not state a separate cause of action, they fail as a matter of law because section 1606, by its plain terms, applies only to foreign states.  *See* 28 U.S.C. § 1606.  As an individual defendant, Abdullah Al Rajhi does not fall within the ambit of section 1606.

For the above reasons, each of these substantive causes of action fails as a matter of law as to Abdullah Al Rajhi, and the Court should dismiss each of them.

## IV.    THE COURT SHOULD DISMISS ABDULLAH AL RAJHI FOR LACK OF PERSONAL JURISDICTION.

Additionally, or in the alternative, Abdullah Al Rajhi moves under Federal Rule of Civil Procedure 12(b)(2) to dismiss all claims for lack of personal jurisdiction.  Based upon the Plaintiffs' own pleadings, Abdullah Al Rajhi is a foreign national, a citizen and resident of the Kingdom of Saudi Arabia.  Because Plaintiffs have failed to make the *prima facie* showing necessary to support this Court's exercise of jurisdiction over Abdullah Al Rajhi, the Court should dismiss him from this case.

### A.    There is No Basis for the Exercise of Personal Jurisdiction Over Abdullah Al Rajhi.

The allegations in this Consolidated Action do not support the exercise of personal jurisdiction over Abdullah Al Rajhi.  As discussed above, Plaintiffs fail to allege specific facts that could support the inference that Abdullah Al Rajhi was personally involved in the wrongful conduct at issue or otherwise availed himself of the jurisdiction of this Court.  Plaintiffs have

---

[51] *Ashton*, ¶¶ 621-622; *Barrera*, ¶¶ 641-642; *Burnett*, ¶¶ 718-722; *Salvo*, ¶¶ 619-620; *see also O'Neill*, ¶¶ 82-85 (making same allegation against Sulaiman Al Rajhi).

failed to make a *prima facie* showing to support the exercise of jurisdiction over Abdullah Al Rajhi. *In re Sept. 11th*, 349 F.2d at 804. Thus, this Court should dismiss Abdullah Al Rajhi from this Consolidated Action.

### 1. The Conspiracy Theory Does Not Support the Exercise of Personal Jurisdiction Over Abdullah Al Rajhi.

Although the New York long-arm statute permits the exercise of personal jurisdiction over anyone who, directly or through an agent, commits a tortious act within the state, "the bland assertion of conspiracy is insufficient to establish jurisdiction. . . ." *Id.* at 805 (internal quotation marks, ellipsis omitted). Rather, a plaintiff must plead specific facts showing that a conspiracy existed, that the defendant was a member of that conspiracy, and that a co-conspirator committed a tort in New York. *Id.*

No complaint contains any factual allegation sufficient to establish these elements as to Abdullah Al Rajhi. As discussed above, Plaintiffs fail to allege facts that would support a reasonable inference that Abdullah Al Rajhi was involved in a conspiracy to commit the September 11th attacks or otherwise to support terrorism or that he knew of, or consented to, such activities. Thus, there is no basis for applying the conspiracy theory of jurisdiction to Abdullah Al Rajhi. *Cf. In re Sept. 11th*, 349 F. Supp. 2d at 805-806 (finding no jurisdiction over similarly situated defendants).

### 2. The Exercise of Jurisdiction Over Abdullah Al Rajhi Would Violate Due Process.

The exercise of personal jurisdiction must comport with the traditional requirements of due process.[52] In granting other motions to dismiss, this Court has recognized its obligation to

---

[52] In ruling on an earlier motion to dismiss, the Court expressly rejected a request by the *Fed. Ins.* Plaintiffs to adopt a modified due process standard that some courts have applied in products liability cases. *In re Sept. 11th*, 349 F. Supp. 2d at 809-810. Rather, this Court adopted and applied the traditional due process test, discussed herein, to its personal jurisdiction analysis. *Id.* at 810-11. The two components of the traditional due process test—minimum contacts and reasonableness—are well established. *See, e.g., id.* at 810. "Minimum contacts" requires that a

consider the cultural and logistical burdens that litigation might impose on foreign defendants. *Id.* at 811 (citing *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 115 (1987)).  The Court has found that neither family affiliation, nor donations to charity, nor associations with businesses having U.S. ties, nor ownership of shares in U.S. corporations, among other factors, support a finding that a defendant purposefully directed activities at this forum.  *See*, *e.g.*, *id.* at 812, 813-14, 815, 820-21.  The Court has also refused to exercise jurisdiction based on conclusory allegations regarding involvement in the September 11th conspiracy and support for terrorism.  *See*, *e.g.*, *id.* at 813, 813-14, 816 (dismissing Prince Sultan, Prince Turki and Prince Mohamed for lack of personal jurisdiction).

Plaintiffs have failed to make *any* allegations which would support the exercise of personal jurisdiction over Abdullah Al Rajhi.  Rather, Plaintiffs' generalized and conclusory allegations fail to show the kind of purposeful availment necessary to support the reasonable exercise of jurisdiction.

Although Plaintiffs have made conclusory allegations that the Al Rajhi Bank conducts business with the United States,[53] and that Abdullah Al Rajhi served as president of an entity with a Virginia address,[54] these allegations fall far short of the allegations necessary to exercise jurisdiction over Abdullah Al Rajhi.  None of these claims alleges that Abdullah Al Rajhi had any personal contact with the United States.  Moreover, the Court has already held that "affiliations with entities that are alleged to have U.S. contacts will not sustain jurisdiction."  *Id.*

---

defendant purposefully direct his activities at the forum.  *E.g.*, *id.* (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472, 479 (1985)).  The reasonableness inquiry requires a weighing of factors, including:  (1) the burden on the defendant, (2) the interests of the forum, (3) the interest of the plaintiffs, (4) the interests of the judicial system, and (5) shared interests in substantive social policies.  *See id.* at 811.

[53] Ex. A at rows 3, 10.

[54] Ex. A at row 30.

at 820-21.  Accordingly, the Court should dismiss all claims brought against Abdullah Al Rajhi for lack of personal jurisdiction.

## V.      CONCLUSION

Abdullah Al Rajhi was not and is not alleged to be a planner, perpetrator or direct participant in the crimes committed on September 11th.  Plaintiffs' claims against him in this matter rest solely on the basis of concerted action liability.  As this Court has found, at the dismissal stage, the essential elements of such liability require factual allegations demonstrating the defendant's knowledge of the conduct which would subject him to liability and a connection of his actions to the actions of other members of the alleged conspiracy.  Though containing broad conclusory statements about Abdullah Al Rajhi and others, Plaintiffs' pleadings lack these two critical components upon which liability would rest.  Having failed to meet the legal requirements for concerted action liability, Plaintiffs fail to state a claim against Abdullah Al Rajhi as a matter of law and he must be dismissed from this Consolidated Action.

Additionally, Plaintiffs' pleading is fatally defective in its jurisdictional allegations. Abdullah Al Rajhi is a Saudi Arabian citizen and is not alleged to have any specific contact with the United States other than through the conclusory "concerted action" contained in Plaintiffs' pleadings.  Once again, there is no factual predicate in Plaintiffs' pleadings for the assertion of personal jurisdiction, via concerted action theory or otherwise and thus, Abdullah Al Rajhi should be dismissed for lack of personal jurisdiction as well.

Respectfully submitted this 29th day of April, 2005.

FISH & RICHARDSON P.C.

By: /s/ Thomas M. Melsheimer_____
Thomas M. Melsheimer (TM-4466)
(Admitted *pro hac vice*)
John M. Helms (JH-7931)
(Admitted *pro hac vice*)
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Telecopy)

**COUNSEL FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to this Court's Case Management Order No. 2, on April 29, 2005, I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ABDULLAH AL RAJHI to be served on all counsel electronically by the Court's Electronic Case Filing (ECF) system.


Dated: April 29, 2005                /s/ Thomas M. Melsheimer_____
                                     Thomas M. Melsheimer (TM-4466)
                                     (Admitted *pro hac vice*)