# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

)

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001          )          No. 03 MDL 1570 (RCC)

)          ECF Case

_____)

This document relates to:

    ESTATE OF O'NEILL, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
    Case No. 04-CV-1923


## REPLY BRIEF IN SUPPORT OF
## AL HARAMAIN ISLAMIC FOUNDATION, INC. (USA)'s
## CONSOLIDATED MOTION TO DISMISS
## THE PERSONAL INJURY COMPLAINTS (RICO CLAIMS)

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Al Haramain Islamic Foundation, Inc. (U.S.A.)


DATED:  May 9, 2005

# TABLE OF CONTENTS

I.      Introduction ................................................................................................... 1

II.     The *O'Neill* Plaintiffs Lack Standing to Maintain Their RICO Claims Because Their Injuries are Personal Injuries, Not Injuries to Business or Property ............................. 3

III.    Plaintiffs' Allegations are Insufficient to Establish a Cause of Action Against AHIF for Their RICO Claims ........................................................................... 6

        A.      The *O'Neill* Plaintiffs Are Not Entitled to Discovery to Plead Their Claims ..... 6

        B.      The *O'Neill* Plaintiffs Improperly Disregarded AHIF's Corporate Form ........... 7

        C.      The *O'Neill* Plaintiffs' Allegations Regarding AHIF Are Insufficient to Establish a Cause of Action Against AHIF ......................................................... 9

        CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases:**

Allegheny General Hosp. v. Philip Morris, Inc.,
    228 F.3d 429 (3d Cir. 2000) ................................................................. 4

Appalachian Enterprises, Inc. v. ePayment Solutions Ltd.,
    No. 01 CV 11502 (GBD), 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ............ 7-8

Barry & Sons, Inc. v. Instinct Productions, LLC,
    788 N.Y.S.2d 71 (N.Y. App. Div. 2005) ............................................. 5

Bast v. Cohen, Dunn & Sinclair, P.C.,
    59 F.3d 492 (4th Cir. 1995) ................................................................. 3

Behrens v. Metropolitan Opera Ass'n,
    No. 5202, 2005 WL 775313 (N.Y. App. Div. Apr. 7, 2005) ............................. 5

Doe v. Roe,
    958 F.2d 763 (7th Cir. 1992) ................................................................. 3

Drake v. B.F. Goodrich Co.,
    782 F.2d 638 (6th Cir. 1986) ................................................................. 5

Dubai Islamic Bank v. Citibank, N.A.,
    256 F. Supp. 2d 158 (S.D.N.Y. 2003) .................................................... 9

East 65 Street Realty Corp. v. Rinzler,
    No. 98 Civ. 6555 (RCC), 2000 WL 303279 (S.D.N.Y. Mar. 22, 2000) .............. 1

Fleischhauer v. Feltner,
    879 F.2d 1290 (6th Cir. 1989) ................................................................. 4

Genty v. Resolution Trust Corp.,
    937 F.2d 899 (3d Cir. 1991) ................................................................. 3-4

Grogan v. Platt,
    835 F.2d 844 (11th Cir. 1988) ........................................................... 4, 5

In re: Terrorist Attacks on Sept. 11, 2001,
    349 F. Supp. 2d 765 (S.D.N.Y. 2005) ........................................... passim

ii

International Brotherhood of Teamsters v. Philip Morris, Inc.,
      196 F.3d 818 (7th Cir. 1999) .............................................................. 4

Jacobson v. Peat, Marwick, Mitchell & Co.,
      445 F. Supp. 518 (S.D.N.Y. 1977) ...................................................... 2

James v. Meow Media, Inc.,
      90 F. Supp. 2d 798 (W.D. Ky. 2000), aff'd on other grounds, 300 F.3d 683
      (6th Cir. 2002), cert. denied, 537 U.S. 1159 (2003) ............................ 5

Jones v. Capital Cities / ABC Inc.,
      168 F.R.D. 477 (S.D.N.Y. 1996) ......................................................... 7

Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,
      191 F.3d 229 (2d Cir. 1999) ........................................................ 3-4, 6

Lakonia Mgmt. Ltd. v. Meriwether,
      106 F. Supp. 2d 540 (S.D.N.Y. 2000) ................................................ 7

Medina v. Bauer,
      No. 02 Civ. 8837 (DC), 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) ................ 8

Murray v. Miner,
      74 F.3d 402 (2d Cir. 1996) ................................................................. 9

National Asbestos Workers Medical Fund v. Philip Morris, Inc.,
      74 F. Supp. 2d 221 (E.D.N.Y. 1999) .................................................. 4

Oscar v. University Students Coop. Ass'n,
      965 F.2d 783 (9th Cir. 1992) (en banc) .............................................. 3

Pilkington v. United Airlines,
      112 F.3d 1532 (11th Cir. 1997) ........................................................ 3

Reves v. Ernst & Young,
      507 U.S. 170 (1993) .......................................................................... 9

Rhode Island Laborers' Health & Welfare Fund v. Philip Morris, Inc.,
      99 F. Supp. 2d 174 (D.R.I. 2000) ...................................................... 4

Ross v. Mitsui Fudosan, Inc.,
      2 F. Supp. 2d 522 (S.D.N.Y. 1998) ................................................... 7

<u>Rylewicz v. Beaton Serv., Ltd.</u>,
888 F.2d 1175 (7th Cir. 1989) ............................................................ 4

<u>United States v. Bestfoods</u>,
524 U.S. 51 (1998) ............................................................................ 8

<u>U.S. Fire Ins. Co. v. United Limousine Serv.</u>,
303 F. Supp. 2d 432 (S.D.N.Y. 2004) ................................................ 7

<u>Wright v. Ernst & Young, LLP</u>,
152 F.3d 169 (2d Cir. 1998) .............................................................. 2

**Statutes and Rules:**

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, <u>et</u> <u>seq.</u> .......... *passim*

18 U.S.C. § 1962(a) ........................................................................... 1-2

18 U.S.C. § 1962(b) ........................................................................... 2

18 U.S.C. § 1962(c) ........................................................................... 2, 6, 9

18 U.S.C. § 1962(d) ........................................................................... 2, 6, 9-10

18 U.S.C. § 1964(c) ........................................................................... 3-4

Federal Rules of Civil Procedure:

Rule 12(b)(6) ..................................................................................... 1, 7

I.      **INTRODUCTION.**

The Al Haramain Islamic Foundation, Inc. (USA) ("AHIF"), an Oregon non-profit charity, was named as a defendant in five of the personal injury complaints before this Court – *Ashton, Burnett, O'Neill, Salvo,* and *Tremsky* – on little more than a bare allegation that it is "one and the same" as a Saudi charity, the al-Haramain Islamic Foundation ("al-Haramain (SA)"), and that charity's overseas affiliates.  Three of these complaints – *Burnett, O'Neill,* and *Tremsky* – brought Civil RICO claims against AHIF, under 18 U.S.C. § 1962(a) *et seq.*, which AHIF moved to dismiss, under Rule 12(b)(6), Fed. R. Civ. P., on the grounds that (1) the personal injury plaintiffs lacked standing to bring RICO claims, and (2) the personal injury plaintiffs failed to state a RICO claim under the pleading standards as set forth by the Second Circuit and by this Court's decision in <u>In re</u>: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 826-28 (S.D.N.Y. 2005).  <u>See</u> AHIF Motion to Dismiss, at 12-15 (Feb. 7, 2005) (Docket No. 654).

The *Burnett* plaintiffs then withdrew their RICO claims.  <u>See</u> Personal Injury Plaintiffs' Consolidated Memorandum of Law in Opposition to Motions to Dismiss of Al Haramain Islamic Foundation, Inc. and Perouz Sedaghaty, at 11 n.7 (Apr. 8, 2005) (Docket No. 809).

The *Tremsky* plaintiffs did not sign on to the other plaintiffs' opposition, <u>id.</u> at 19, did not file their own opposition, have not filed a RICO statement against AHIF or any other defendant, and evidently have abandoned the prosecution of their claims against AHIF.  This is sufficient grounds for this Court to dismiss the *Tremsky* plaintiffs' claims against AHIF.  <u>See</u> <u>East 65 Street Realty Corp. v. Rinzler</u>, No. 98 Civ. 6555 (RCC), 2000 WL 303279, at *2 (S.D.N.Y. Mar. 22, 2000) ("Therefore, failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion.  It is not necessary to reach the merits.") (collecting cases).

Only the *O'Neill* plaintiffs have continued to pursue their RICO claims against AHIF, by a separate opposition.  See *O'Neill* Plaintiffs' Memorandum of Law in Opposition to Al Haramin [*sic*] Islamic Foundation, Inc.'s Motion to Dismiss Pertaining to Certain RICO Issues Only (Apr. 8, 2005) (Docket No. 810) ("*O'Neill* Opp.").  AHIF therefore files this reply to address the issues raised by the *O'Neill* plaintiffs with respect to their RICO claims against AHIF.

As a threshold matter, the *O'Neill* plaintiffs have changed the theory of their RICO claims against AHIF.  The *O'Neill* plaintiffs' original Complaint (Mar. 10, 2004), and their First Amended Complaint (Sept. 23, 2004) (Docket No. 519), each had a single RICO count under Section 1962(a).  The *O'Neill* plaintiffs then filed their RICO statement regarding AHIF (Dec. 16, 2004) (Docket No. 582), which sought recovery under Sections 1962(b), (c), "and/or" (d). Subsequently, on December 30, 2004, the *O'Neill* plaintiffs filed their Second Amended Complaint (Docket No. 620), which listed a single RICO count, under Section 1962(a).

AHIF therefore took the Second Amended Complaint as controlling, since it was the last-filed document by the *O'Neill* plaintiffs with respect to AHIF.  However, in their Opposition, the *O'Neill* plaintiffs now state that they are not bringing any RICO claims under Sections 1962(a) or (b), and are instead bringing claims under Sections 1962(c) and (d).  See *O'Neill* Opp. at 14-15.  It is improper to amend a complaint through an opposition.  See Wright v. Ernst & Young, LLP, 152 F.3d 169, 178 (2d Cir. 1998); *In re* Sept. 11, 349 F. Supp. 2d at 818 (citing Wright); Jacobson v. Peat, Marwick, Mitchell & Co., 445 F. Supp. 518, 526 (S.D.N.Y. 1977) ("a party is not entitled to amend his pleading through statements in his brief").

As set forth below, regardless of the RICO section(s) under which the *O'Neill* plaintiffs seek recovery, they still have not established that they have standing to bring RICO claims

2

against AHIF, or that they have properly stated those claims.

      **II.**      **THE *O'NEILL* PLAINTIFFS LACK STANDING TO MAINTAIN THEIR RICO CLAIMS BECAUSE THEIR INJURIES ARE PERSONAL INJURIES, NOT INJURIES TO BUSINESS OR PROPERTY.**

      This Court must dismiss the *O'Neill* plaintiffs' RICO claims, because plaintiffs lack standing as their injuries are personal injuries, not an injury to their business or property.  It is settled law, under Second Circuit precedent, and that of other circuits, that individuals who claim that they, or their decedents, suffered personal injuries which they allege were caused by defendants, do not have standing to bring RICO claims.  As a matter of statutory interpretation, Section 1964(c) clearly restricts RICO claims to those brought by "[a]ny person injured in his business or property."  18 U.S.C. § 1964(c).  The Second Circuit recently recognized that "the RICO statute requires an injury to 'business or property,' whereas the smokers' injuries are personal in nature," in analyzing RICO claims brought by union insurance funds on behalf of smokers who alleged that defendants' products had injured them.  Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc., 191 F.3d 229, 241 (2d Cir. 1999).  Other appellate courts have consistently recognized that personal injury plaintiffs, such as the *O'Neill* plaintiffs, also lack standing to bring RICO claims.  See, e.g., Pilkington v. United Airlines, 112 F.3d 1532, 1536 (11th Cir. 1997); Bast v. Cohen, Dunn & Sinclair, P.C., 59 F.3d 492, 495 (4th Cir. 1995) (upholding dismissal of RICO claims because plaintiff who alleged extreme mental anguish lacked standing); Doe v. Roe, 958 F.2d 763, 767-68 (7th Cir. 1992) ("Not surprisingly, all other courts construing this language have likewise concluded that a civil RICO action cannot be premised solely upon personal or emotional injuries.") (collecting cases); Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785-86 (9th Cir. 1992) (en banc); Genty v. Resolution

Trust Corp., 937 F.2d 899, 917-18 (3d Cir. 1991); Rylewicz v. Beaton Serv., Ltd., 888 F.2d

1175, 1180 (7th Cir. 1989); Fleischhauer v. Feltner, 879 F.2d 1290, 1300 (6th Cir. 1989);

Grogan v. Platt, 835 F.2d 844, 846-47 (11th Cir. 1988).

The *O'Neill* plaintiffs claim that the Second Circuit's Laborers Local 17 decision is mere

dictum, and instead rely on a decision from the Eastern District of New York.  See *O'Neill* Opp.,

at 10-11 (citing National Asbestos Workers Medical Fund v. Philip Morris, Inc., 74 F. Supp. 2d

221, 229 (E.D.N.Y. 1999)).  However, the decision that plaintiffs rely upon was rejected by the

Seventh Circuit as being directly contrary to Second Circuit precedent, and as nothing more than

"a thinly disguised refusal to accept and follow the Second Circuit's holding" in Laborers Local

17.  International Brotherhood of Teamsters v. Philip Morris, Inc., 196 F.3d 818, 827 (7th Cir.

1999); accord Allegheny General Hosp. v. Philip Morris, Inc., 228 F.3d 429, 445 n.11 (3d Cir.

2000) (concluding that the National Asbestos Workers decision "is questionable given prevailing

Second Circuit doctrine"); Rhode Island Laborers' Health & Welfare Fund v. Philip Morris, Inc.,

99 F. Supp. 2d 174, 178 (D.R.I. 2000) (rejecting National Asbestos Workers decision).

Plaintiffs have not presented this Court with any legal rationale for overcoming the plain

language of Section 1964(c), as interpreted by the Second Circuit and other appellate courts,

which limits RICO claims to those who were injured in their business and property.  Plaintiffs

make two additional arguments, neither of which survives scrutiny.

First, the *O'Neill* plaintiffs claim that the personal injury plaintiffs also lost their personal

effects, such as "clothing; jewelry, personal papers, property and effects on the person and/or

contained within the destroyed offices; contents of and the luggage of the passengers aboard the

flights," which they contend constitutes property under the RICO statute.  *O'Neill* Opp. at 13

n.11.  However, it is settled law that pecuniary losses arising from personal injuries — whether the loss of personal property or the loss of earnings and loss of support — are not compensable under the RICO statute.  See, e.g., Grogan, 835 F.2d at 847-48 (denying recovery to family members for their murdered sons' loss of earnings and loss of support); Drake v. B.F. Goodrich Co., 782 F.2d 638, 644 (6th Cir. 1986) (refusing to allow survivors to bring RICO claims based on lost wages arising from personal injury); James v. Meow Media, Inc., 90 F. Supp. 2d 798, 817 (W.D. Ky. 2000) ("The pecuniary losses derived from the wrongful death of their children simply cannot transform Plaintiffs' injuries into an injury to business or property."); aff'd on other grounds, 300 F.3d 683 (6th Cir. 2002), cert. denied, 537 U.S. 1159 (2003).

Second, plaintiffs claim that it would make little sense to include murder as a RICO predicate offense, but not allow personal injury plaintiffs to recover under RICO for a murder. See O'Neill Opp. at 11-12.  However, the rationale for this distinction is quite logical:  murder victims and their estates may have the standing to bring common-law tort and negligence claims against those whom they alleged caused, or attempted to cause, the murder, so a RICO claim would be superfluous.  In contrast, businesses do not have the standing to bring common-law tort or negligence claims based on injuries to their employees.  See Behrens v. Metropolitan Opera Ass'n, No. 5202, 2005 WL 775313, at *4 (N.Y. App. Div. Apr. 7, 2005) (collecting cases); Barry & Sons, Inc. v. Instinct Productions, LLC, 788 N.Y.S.2d 71, 73-74 (N.Y. App. Div. 2005) (same).  Hence, the RICO statute, itself focusing on conduct that affects businesses, may allow businesses to use murder of an employee as a basis for bringing a RICO claim, so long as that murder resulted in injury to the "business or property" of the corporate plaintiff, as opposed to a derivative injury based on the employee's personal injuries.  As the Second Circuit concluded in

<u>Laborers Local 17</u>, this is the correct interpretation of the RICO statute:

> Especially where such other actions are available, the lack of a RICO damages remedy for even direct personal injuries (such as those suffered by the individual smokers) actually weighs heavily *against* RICO standing for parties (such as the Funds) alleging harms that are purely contingent on personal injuries suffered by others.

<u>Laborers Local 17</u>, 191 F.3d at 241.  Thus, this Court should find that the *O'Neill* plaintiffs lack standing to bring any RICO claims against AHIF.

### III.   PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH A CAUSE OF ACTION AGAINST AHIF FOR THEIR RICO CLAIMS.

Even if this Court were to consider the merits of the *O'Neill* plaintiffs' RICO claims, it must still find that plaintiffs have failed to state a RICO claim under Section 1962(c) or (d).  As set forth below, the *O'Neill* plaintiffs have improperly argued that they should be entitled to discovery to plead their claims.  The *O'Neill* plaintiffs have also improperly disregarded AHIF's corporate form by impermissibly lumping together a large number of defendants under the "Al Haramain" rubric.  Finally, the *O'Neill* plaintiffs' few allegations about AHIF itself are insufficient to state a claim under Second Circuit precedent and this Court's prior decision.

### A.   The *O'Neill* Plaintiffs Are Not Entitled to Discovery to Plead Their Claims.

The *O'Neill* plaintiffs argue that if this Court should find that the facts that they have pled with respect to AHIF itself are insufficient, that plaintiffs should be allowed leave to conduct discovery in order to revive their RICO claims:

> Given the extraordinarily complex nature of the conspiracy and other wrongdoing that led to the events of September 11, 2001, much information is presently unavailable to plaintiffs, absent discovery.  Plaintiffs therefore reserve the right to amend this RICO statement as information is learned and verified through discovery and otherwise.

*O'Neill* RICO Statement, at 2 (Dec. 16, 2004).  However, it is settled law that plaintiffs are not

6

entitled to discovery in order to plead their RICO claims:

> Moreover, both in its Complaint and its RICO Statement, plaintiff makes clear
> that absent discovery it possesses no further facts to plead in support of its mail
> and wire fraud claims.  *See* Complaint ¶¶ 91-92; RICO Stmt. at 78-80.  However,
> it is well-settled that "the purpose of discovery is to find out additional facts about
> a well-pleaded claim, not to find out whether such a claim exists."

Lakonia Mgmt. Ltd. v. Meriwether, 106 F. Supp. 2d 540, 559 (S.D.N.Y. 2000) (quoting Ross v.

Mitsui Fudosan, Inc., 2 F. Supp. 2d 522, 528 (S.D.N.Y. 1998)); see also Jones v. Capital Cities /

ABC Inc., 168 F.R.D. 477, 480 (S.D.N.Y. 1996) ("a defendant has the right to challenge the

legal sufficiency of the complaint's allegations against him, without first subjecting himself to

discovery procedures").  Instead, the "courts should strive to flush out frivolous RICO

allegations at an early stage of the litigation."  U.S. Fire Ins. Co. v. United Limousine Serv., 303

F. Supp. 2d 432, 443 (S.D.N.Y. 2004).  Thus, this Court should similarly hold that the *O'Neill*

plaintiffs are not entitled to discovery to plead their RICO claims.

### B.    The *O'Neill* Plaintiffs Improperly Disregarded AHIF's Corporate Form.

The *O'Neill* plaintiffs continue to ignore AHIF's briefing regarding its corporate status,

by repeatedly claiming that AHIF is one and the same as a large number of other entities whom

plaintiffs lump together under the "Al Haramain" rubric.  See *O'Neill* Opp. at 2-8 & 15 n.17;

*O'Neill* RICO Statement, *passim*.  However, it is impermissible to lump together defendants by

referring to them collectively, as two District Judges of this Court have recently held, in

dismissing claims under Rule 12(b)(6):

> The pleadings are woefully inadequate.  The complaint lumps together all of the
> defendants in each claim without providing any factual allegations to distinguish
> their conduct, and accordingly dismissal of the complaint in its entirety is
> warranted.

Appalachian Enterprises, Inc. v. ePayment Solutions Ltd., No. 01 CV 11502 (GBD), 2004 WL

2813121, at *9 (S.D.N.Y. Dec. 8, 2004).

> By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8. Specifically, the allegations fail to give adequate notice to these defendants as to what they did wrong. . . . The amended complaint is dismissed as to these three defendants.

Medina v. Bauer, No. 02 Civ. 8837 (DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004).

Here, specifically with respect to AHIF, plaintiffs have failed to present any basis for their

cavalier disregard of the corporate form that AHIF has maintained.  The *O'Neill* plaintiffs'

statements about the former overlap in the directorates of AHIF and al-Haramain (SA) are

insufficient to form a basis for imputing liability on AHIF for acts allegedly performed by any

other entity which the *O'Neill* plaintiffs lump together under the "Al Haramain" rubric.  Under

Supreme Court precedent, that AHIF and al-Haramain (SA) formerly had partially overlapping

directorates is <u>not</u> a basis for imposing liability on one entity for the acts of the other entity:

> In imposing direct liability on these grounds, the District Court failed to recognize that **"it is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary's acts."**

> This recognition that the corporate personalities remain distinct has its corollary in the "well established principle [of corporate law] that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership." Since courts generally presume "that the directors are wearing their 'subsidiary hats' and not their 'parent hats' when acting for the subsidiary," **it cannot be enough to establish liability here that dual officers and directors made policy decisions and supervised activities at the facility.**

United States v. Bestfoods, 524 U.S. 51, 69-70 (1998) (internal citations omitted) (emphasis

added).  In <u>Bestfoods</u>, the two entities were a parent corporation and its wholly-owned

subsidiary, a much tighter relationship than that between AHIF and al-Haramain (SA), where

there was no such ownership.  Under Second Circuit precedent, "a corporate entity is liable for

the acts of a separate, related entity only under extraordinary circumstances, commonly referred

to as piercing the corporate veil."  Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996).  The

*O'Neill* plaintiffs have ignored AHIF's arguments as to why reverse veil piercing is not

warranted in this case, see AHIF Mot. at 8-9, thereby conceding that issue.

C.     **The *O'Neill* Plaintiffs' Allegations Regarding AHIF are Insufficient to
       Establish a Cause of Action Against AHIF.**

Even if this Court were to consider the *O'Neill* plaintiffs' RICO claims based on their

lumping of AHIF with other defendants, and their disregard of the corporate form, it must still

find that the plaintiffs have failed to plead sufficient facts to state their RICO claims against

AHIF.  In order to state a Section 1962(c) claim, plaintiffs must plead facts showing that "an

alleged RICO defendant must have had 'some part in directing' the 'operation and management'

of the enterprise itself to be liable."  *In re* Sept 11, 349 F. Supp. 2d at 827 (quoting Dubai Islamic

Bank v. Citibank, N.A., 256 F. Supp. 2d 158, 164 (S.D.N.Y. 2003)); see also Reves v. Ernst &

Young, 507 U.S. 170, 183-84 (1993).  Merely "engaging in wrongful conduct that assists the

enterprise" or "providing services to racketeering enterprise" is insufficient to state a Section

1962(c) claim.  *In re* Sept. 11, 349 F. Supp. 2d at 828.  Similarly, in order to state a Section

1962(d) conspiracy claim, plaintiffs "must allege some factual basis for a finding of a conscious

agreement among the defendants."  Id. at 827.

Here, even assuming the truth of the *O'Neill* plaintiffs' allegations, plaintiffs still have

not pled sufficient facts, or indeed any facts, showing that AHIF itself had the requisite level of

directing the operation and management of the so-called Al Qaeda enterprise, thereby defeating

their Section 1962(c) claim.  Id. at 827-28 (dismissing Section 1962(c) claims against other

9

defendants).  Similarly, plaintiffs' have not alleged that AHIF itself was a "central figure[] in the underlying scheme or for conspiracy liability," thereby defeating their Section 1962(d) claim. Id. at 828 (dismissing Section 1962(d) claims against other defendants).  This Court should similarly find that the *O'Neill* plaintiffs' allegations about AHIF, even if accepted as true, are insufficient to state any RICO claims against this defendant.

## **CONCLUSION**

For the foregoing reasons, and those set forth in its Motion to Dismiss, defendant AHIF respectfully requests that this Court grant its Motion to Dismiss the *O'Neill* plaintiffs' RICO claims for lack of standing and for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Lynne Bernabei

_____
Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
  Al Haramain Islamic Foundation, Inc. (U.S.A.)

Dated:  May 9, 2005

10

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

_____

Alan R. Kabat