**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                )

*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001   )   No. 03 MDL 1570 (RCC)
                                                )   ECF Case
_____)

This document relates to:
    CANTOR FITZGERALD ASSOCIATES, LP*, et al.* v. AKIDA INVESTMENT CO., LTD.*, et al.*,
        Case No. 04-CV-7065;
    CONTINENTAL CASUALTY CO.*, et al.* v. AL QAEDA ISLAMIC ARMY*, et al.*, Case No. 04-
        CV-05970;
    EURO BROKERS, INC.*, et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP.*, et
        al.*, Case No. 04-CV-07279;
    FEDERAL INSURANCE CO.*, et al.* v. AL QAIDA*, et al.*, Case No. 03-CV-6978;
    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA*, et al.*, Case No. 04-
        CV-6105;
    WORLD TRADE CENTER PROPERTIES LLC*, et al.* v. AL BARAKA INVESTMENT AND
        DEVELOPMENT CORP.*, et al.*, Case No. 04-CV-07280.


**REPLY BRIEF IN SUPPORT OF
AL HARAMAIN ISLAMIC FOUNDATION, INC. (USA)'s
AND PEROUZ SEDAGHATY'S
CONSOLIDATED MOTIONS TO DISMISS
THE PROPERTY DAMAGE COMPLAINTS**


                    Lynne Bernabei, Esquire  (LB2489)
                    Alan R. Kabat, Esquire  (AK7194)
                    Bernabei & Katz, PLLC
                    1773 T Street, N.W.
                    Washington, D.C. 20009-7139
                    (202) 745-1942

                    Attorneys for Defendants
                     Al Haramain Islamic Foundation, Inc. (U.S.A.) and
                     Perouz Sedaghaty


DATED:  May 9, 2005

**TABLE OF CONTENTS**

I.      Introduction ........................................................................................................ 1

II.     Factual and Procedural Background ........................................................... 1

III.    Plaintiffs' Allegations Are Insufficient to Establish a Cause of Action Against AHIF and Mr. Sedaghaty for Plaintiffs' Tort Claims Because Plaintiffs Have Failed to Plead Sufficient Facts Showing That Defendants' Acts Proximately Caused Plaintiffs' Injuries ....................................................................................... 2

IV.     Plaintiffs Cannot Use the Acts of Other "Al Haramain" Entities or Individuals to Impose Liability on AHIF and Mr. Sedaghaty, Since There Is No Basis to Allow Reverse Veil-Piercing by Ignoring AHIF's Corporate Form ................................... 4

V.      Plaintiffs' Allegations are Insufficient to Make Out Their Tort and Negligence Claims ........................................................................................................ 5

VI.     The Plaintiffs Have Not Properly Stated RICO Claims ......................................... 7

VII.    This Court Lacks Personal Jurisdiction over AHIF and Mr. Sedaghaty ................. 9

CONCLUSION ........................................................................................... 10

## TABLE OF AUTHORITIES

**Cases:**

American Protein Corp. v. AB Volvo,
    844 F.2d 56 (2d Cir. 1988) .................................................................................. 5

Bigio v. Coca-Cola Co.,
    239 F.3d 440 (2d Cir. 2001) ................................................................................. 8

Burnett v. Al Baraka Invest. & Devel. Corp.,
    274 F. Supp. 2d 86 (D.D.C. 2003) ........................................................................ 7-8

De Jesus v. Sears, Roebuck & Co.,
    87 F.3d 65 (2d Cir. 1996) ..................................................................................... 3

Federal Ins. Co. v. Arthur Andersen & Co.,
    75 N.Y.2d 366, 552 N.E.2d 870 (1990) ............................................................... 7

*In re*: Terrorist Attacks on Sept. 11, 2001,
    349 F. Supp. 2d 765 (S.D.N.Y. 2005) ............................................................. *passim*

International Brotherhood of Teamsters v. Philip Morris, Inc.,
    196 F.3d 818 (7th Cir. 1999) ................................................................................ 8

Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,
    191 F.3d 229 (2d Cir. 1999) ................................................................................. 8

Murray v. Miner,
    74 F.3d 402 (2d Cir. 1996) ................................................................................... 4

National Asbestos Workers Medical Fund v. Philip Morris, Inc.,
    74 F. Supp. 2d 221 (E.D.N.Y. 1999) .................................................................... 8

Ouaknine v. MacFarlane,
    897 F.2d 75 (2d Cir. 1990) ................................................................................... 8

Pelman v. McDonald's Corp.,
    396 F.3d 508 (2d Cir. 2004) ................................................................................. 3

Phelps v. Kapnolas,
    308 F.3d 180 (2d Cir. 2002) (per curiam) ............................................................ 3

Swierkiewicz v. Sorema N.A.,
 534 U.S. 506 (2002) ........................................................................................ 3

United States v. Bestfoods,
 524 U.S. 51 (1998) .......................................................................................... 5

Wright v. Ernst & Young, LLP,
 152 F.3d 169 (2d Cir. 1998) ............................................................................ 1

**Statutes and Rules:**

Anti-Terrorism Act, 18 U.S.C. § 2331, et seq. ................................................... 6

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, et seq. .......... 7-9

    18 U.S.C. § 1962(a) ........................................................................... 8-9

    18 U.S.C. § 1962(c) ........................................................................... 9

    18 U.S.C. § 1962(d) ........................................................................... 9

    18 U.S.C. § 1964(c) ........................................................................... 8

Torture Victim Protection Act, 28 U.S.C. § 1350 note ..................................... 5

Federal Rules of Civil Procedure:

    Rule 4(k)(1)(D) ................................................................................... 9-10

    Rule 12(b)(2) ....................................................................................... 1

    Rule 12(b)(6) ....................................................................................... 1

N.Y. C.P.L.R. § 302(a)(1)-(4) (McKinney 2001) .............................................. 9-10

I.     INTRODUCTION.

The Al Haramain Islamic Foundation, Inc. (USA) ("AHIF"), an Oregon non-profit charity, and Perouz Sedaghaty, an officer of AHIF, were named as defendants in several of the property damage and insurance subrogation complaints before this Court – *Cantor Fitzgerald, Continental Casualty, Euro Brokers, Federal Insurance, N.Y. Marine*, and *WTC Properties* – on little more than a bare allegation that they are "one and the same" as a Saudi charity, the al-Haramain Islamic Foundation ("al-Haramain (SA)"), and that charity's overseas affiliates. AHIF and Mr. Sedaghaty moved to dismiss these complaints, pursuant to Rules 12(b)(6) and 12(b)(2), Fed. R. Civ. P., for failure to state a claim and for lack of personal jurisdiction. See AHIF Motion to Dismiss (Feb. 7, 2005) (Docket No. 656); Sedaghaty Motion to Dismiss (Feb. 7, 2005) (Docket No. 657) (Mr. Sedaghaty is not a defendant in *Cantor Fitzgerald*).

II.    FACTUAL AND PROCEDURAL BACKGROUND.

The plaintiffs have attempted to amend their complaints by raising new allegations in their Opposition and in two of their RICO Statements, which were not filed until after defendants filed their motions to dismiss.[1] See Plaintiffs' Opp. (AHIF) at 23; Plaintiffs' Opp. (Sedaghaty) at 20-21. It is impermissible to amend a complaint through an opposition, or any other filing submitted after a motion to dismiss, such as the late-filed RICO Statements. See Wright v. Ernst & Young, LLP, 152 F.3d 169, 178 (2d Cir. 1998); *In re*: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 818 (S.D.N.Y. 2005) (citing Wright). If plaintiffs desire to add other

---

[1] The *Euro Brokers* and *WTC Properties* plaintiffs did not file their RICO Statements until February 25, 2005, nearly three weeks after defendants filed their motions to dismiss. Plaintiffs now claim that "there was some confusion about the agreed-upon dates for filing." See Pl. Opp (AHIF) at 13 n.7. Plaintiffs contradict themselves by also stating that these two RICO Statements were "timely filed." See Pl. Opp. (Sedaghaty) at 13 n.6. This Court's scheduling order for AHIF and Mr. Sedaghaty (Docket No. 614) made clear that RICO Statements for these two defendants were to be filed by December 24, 2004, so that defendants could respond in their motions to dismiss. The *Continental Casualty* plaintiffs still have not filed any RICO statements as to these two defendants.

allegations, either through their Oppositions, or their late-filed RICO Statements, then they need leave to amend their complaints, which will render moot defendants' pending motions to dismiss, and defendants will have the opportunity to move to dismiss the amended complaints.

Even if this Court were to consider plaintiffs' new allegations regarding AHIF and Mr. Sedaghaty, it must still find that those facts, when examined in context, fail to support plaintiffs' allegations that AHIF and Mr. Sedaghaty knowingly supported terrorism or engaged in terrorist acts.  See Soliman Al-Buthe's Motion to Dismiss (May 9, 2005), at 2-11 (Docket No. 892). Instead, the facts underlying plaintiffs' new allegations, even if accepted as true, show nothing more than that AHIF and Mr. Sedaghaty participated in a relief project to provide humanitarian aid to the refugees from the Russian war in Chechnya – a project that was authorized at the highest levels of the Russian and Saudi governments themselves.  Id.  These facts, and plaintiffs' allegations thereto, fail to support any conclusion that any act by AHIF or Mr. Sedaghaty proximately caused plaintiffs' injuries.  See AHIF Mot. at 6-10; Sedaghaty Mot. at 5-9.

Since many of the legal issues have been fully briefed in the reply briefs filed by AHIF and Mr. Sedaghaty against the personal injury plaintiffs' complaints, AHIF and Mr. Sedaghaty will cite to those reply briefs to avoid duplicative briefing.  See AHIF and Sedaghaty Reply Br. (May 9, 2005) (Docket No. 893); AHIF Reply Br. (*O'Neill*) (May 9, 2005) (Docket No. 890).

>   **III.   PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH A CAUSE OF ACTION AGAINST AHIF AND MR. SEDAGHATY FOR PLAINTIFFS' TORT CLAIMS BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTS SHOWING THAT DEFENDANTS' ACTS PROXIMATELY CAUSED THEIR INJURIES.**

This Court must find that, absent any relationship between the plaintiffs, on the one hand, and AHIF and Mr. Sedaghaty, on the other hand, that plaintiffs' failure to plead sufficient facts

showing that these two defendants' acts proximately caused plaintiffs' injuries requires dismissal of their claims.  Although plaintiffs make the conclusory allegation that AHIF's acts "was a proximate cause" of their injuries, see Plaintiffs' Opp. (AHIF) at 8; Plaintiffs' Opp. (Sedaghaty), at 8, they fail to discuss the legal standards governing proximate causation, conceding AHIF's and Sedaghaty's arguments on that issue.  See AHIF Mot. at 5-9; Sedaghaty Mot. at 5-9.

Plaintiffs' reliance on three decisions where proximate causation was not at issue in the pleading stage is misplaced.  In each of those three decisions, there was a direct, ongoing relationship between plaintiff and the defendant.  See Plaintiffs' Opp. (AHIF) at 4-6; Plaintiffs' Opp. (Sedaghaty) at 4-6.  In fact, the standard for causation set forth in these decisions supports AHIF's and Mr. Sedaghaty's position, because there is no direct link between their acts and plaintiffs' injuries, as existed in the decisions cited by plaintiffs.  See AHIF and Sedaghaty Reply Br. (May 9, 2005), at 3-4 (distinguishing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002) (per curiam), and Pelman v. McDonald's Corp., 396 F.3d 508, 509-10 (2d Cir. 2004)).  In contrast, plaintiffs have pled no specific facts showing how AHIF's and Mr. Sedaghaty's acts proximately caused their injuries.  Instead, plaintiffs have thrown up a smokescreen of conclusory allegations about all of the "Al Haramain" defendants in an attempt to impose liability on AHIF and Mr. Sedaghaty.  See In re Sept. 11, 349 F. Supp. 2d at 833 ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6).") (quoting De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996)) (granting motion to dismiss).  The plaintiffs have not pled sufficient facts showing that any specific acts of taken by AHIF and Mr. Sedaghaty themselves proximately caused their injuries.  Thus, plaintiffs in this case have made no attempt to plead

proximate causation with respect to these two defendants.

### IV. PLAINTIFFS CANNOT USE THE ACTS OF OTHER "AL HARAMAIN" ENTITIES OR INDIVIDUALS TO IMPOSE LIABILITY ON AHIF AND MR. SEDAGHATY, SINCE THERE IS NO BASIS TO ALLOW REVERSE VEIL-PIERCING BY IGNORING AHIF'S CORPORATE FORM.

This Court should find that the plaintiffs are improperly attempting to impose liability on AHIF and Mr. Sedaghaty on the basis of acts that they allege were taken by other individuals and entities under the "Al Haramain" rubric. This Court should not condone the plaintiffs' cavalier disregard of AHIF's corporate form, and should find that plaintiffs have failed to satisfy the criteria for justifying reverse veil-piercing of AHIF, a separate corporate entity, based on the alleged acts of any other "Al Haramain" defendant.

As a threshold matter, the plaintiffs have impermissibly lumped together all the "Al Haramain" defendants into a single set of conclusory allegations, which fails to provide AHIF or Mr. Sedaghaty with proper notice of exactly which acts are the basis for imposing liability on them. Indeed, the plaintiffs fail to respond to AHIF's and Mr. Sedaghaty's legal arguments regarding the standard for imposing liability on a corporation or corporate officer for acts taken by other defendants in a corporate group, thereby conceding this argument. See AHIF Mot. at 9-10; Sedaghaty Mot. at 8-9; see also Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996) ("a corporate entity is liable for the acts of a separate, related entity only under extraordinary circumstances, commonly referred to as piercing the corporate veil").

Plaintiffs' allegations are mostly about al-Haramain (SA). Plaintiffs fail to inform this Court that al-Haramain (SA) was never designated as a terrorist group by the U.S. government, which would have happened if there were evidence to do so. Thus, plaintiffs' attempt to plead AHIF's or Mr. Sedaghaty's liability by linking AHIF to al-Haramain (SA) proves nothing.

Plaintiffs' arguments regarding the former interlocking directorates of AHIF and al-Haramain (SA) are meritless under controlling precedent.  See United States v. Bestfoods, 524 U.S. 51, 70 (1998) ("it cannot be enough to establish liability here that dual officers and directors made policy decisions and supervised activities at the facility"); American Protein Corp. v. AB Volvo, 844 F.2d 56, 60 (2d Cir. 1988) (holding that "interlocking directorates" are a "commonplace circumstance of modern business [that] does not furnish such proof of control as will permit a court to pierce the corporate veil"); see also AHIF's Reply Br. (*O'Neill*), at 8-9 (May 9, 2005) (Docket No. 890).  This Court should find that, even accepting as true plaintiffs' allegations regarding other "Al Haramain" entities, plaintiffs still have not pled sufficient facts showing that AHIF and Mr. Sedaghaty themselves proximately caused plaintiffs' injuries.

## V.  PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO MAKE OUT THEIR TORT AND NEGLIGENCE CLAIMS.

This Court should find that plaintiffs' allegations about AHIF and Mr. Sedaghaty are insufficient to make out their tort and negligence claims against these two defendants, as set forth below, and in the defendants' motions to dismiss.

(1) This Court ruled that Torture Victim Protection Act ("TVPA") claims can only be brought against individuals who are state actors, or acted under color of law.  See *In re* Sept 11, 349 F. Supp. 2d at 828.  Thus, plaintiffs have now abandoned their TVPA claims.  See Plaintiffs' Opp. (AHIF) at 22; Plaintiffs' Opp. (Sedaghaty) at 19.

(2) The statute of limitations precludes the *Federal Insurance* plaintiffs' assault and battery claim, and their intentional infliction of emotional distress claim, since those claims were filed more than one year after plaintiffs' injuries.  See AHIF Mot. at 10; Sedaghaty Mot. at 9.  In response, plaintiffs make two arguments.  See Plaintiffs' Opp. (AHIF) at 17-19; Plaintiffs' Opp.

(Sedaghaty) at 16-17.  Both arguments are unavailing, as briefed elsewhere.  See AHIF and Sedaghaty Reply Br. (May 9, 2005), at 6-8 (Docket No. 894) (discussing case law).

(3)     Plaintiffs still have not pled facts sufficient to show that AHIF and Mr. Sedaghaty themselves engaged in acts of international terrorism, or otherwise knowingly supported terrorists whose acts caused plaintiffs' injuries, as required to support a finding of liability under the Anti-Terrorism Act, 18 U.S.C. § 2331 et seq. ("ATA").  See AHIF Mot. at 6-11; Sedaghaty Mot. at 5-9, 10.  Plaintiffs' conclusory allegations in support of their ATA claims, see Plaintiffs' Opp. (AHIF) at 6-10; Plaintiffs' Opp. (Sedaghaty), at 6-10, are based on impermissible lumping of AHIF and Mr. Sedaghaty with other "Al Haramain" defendants, but without identifying acts that these two defendants themselves participated in or did.  See Parts III-IV, *supra*.

(4)     The *Federal Insurance* plaintiffs' wrongful death and survival claims must be dismissed, because plaintiffs still have not pled any facts showing that AHIF and Mr. Sedaghaty "caused the decedent's death," or committed torts against the decedent prior to death, as required by statute.[2]  See AHIF Mot. at 11 (citing New York statutes).

(5)     Plaintiffs' remaining common-law claims, including those for property damage, similarly fail because plaintiffs have not pled the causal connection between AHIF's and Mr. Sedaghaty's acts and their injuries.  Id.; see also AHIF Mot. at 12-13 (collecting cases).[3]

---

[2] The *Federal Insurance* plaintiffs claim that an unspecified number of employees and dependents who received workers compensation payments did not file any other claims against the defendants, so their claims were "assigned to the *Federal* plaintiffs."  See Plaintiffs' Opp. (Sedaghaty) at 18.  However, plaintiffs have not identified how many such claims actually exist, which is likely to be a small number given the large number of plaintiffs in the *Ashton* and *Burnett* actions.  Moreover, the fact that several other lawsuits are class actions covering all the injured individuals means that those class actions necessarily include all remaining insured individuals, leaving none to be represented by the *Federal Insurance* plaintiffs.

[3] The *Cantor Fitzgerald* plaintiffs erroneously state that AHIF "has not moved to dismiss" its claims "arising under international law and federal common law."  See Plaintiffs' Opp. (AHIF) at 24 n.12.  In fact, AHIF moved to dismiss *Cantor Fitzgerald*'s Count 9, which encompasses those claims.  See AHIF Mot. at 12 & n.11.

(6)     Plaintiffs now claim that the fact that New York law does not recognize claims for punitive damages and conspiracy is a mere "technicality of New York law." See Plaintiffs' Opp. (AHIF) at 19; Plaintiffs' Opp. (Sedaghaty) at 19.  This Court should not condone plaintiffs' disregard of New York common law, developed by the New York state courts over many years, under which punitive damages and conspiracy are not claims for which relief can be sought.  See AHIF Mot. at 19-20 (collecting cases).

(7)     Judge Robertson's ruling that negligence claims cannot be brought against charity defendants, because charities do not owe any duty to the general public, is correct under New York law, which requires the existence of a duty to state a negligence claim.  In re Sept. 11, 349 F. Supp. 2d at 830; Burnett v. Al Baraka Invest. & Devel. Corp., 274 F. Supp. 2d 86, 108-09 (D.D.C. 2003); see also AHIF Mot. at 16-17 (collecting cases).[4]

Therefore, this Court should find that plaintiffs have failed to plead facts sufficient to state their tort and negligence claims against AHIF and Mr. Sedaghaty.

## VI.     THE PLAINTIFFS HAVE NOT PROPERLY STATED RICO CLAIMS.

The plaintiffs have not properly stated Civil RICO claims against AHIF and Mr. Sedaghaty.  As a threshold matter, the *Federal Insurance* plaintiffs lack standing to bring their RICO claims with respect to the insurance payments made for individuals who suffered personal

---

[4] The *Cantor Fitzgerald* plaintiffs' conclusory arguments regarding contribution and indemnity, see Plaintiffs' Opp. (AHIF) at 21-22, fail to identify the duty that AHIF owed to any plaintiff, other than alleging a generic duty not to commit torts.  However, it is settled law that charities owe no duty to the general public, which includes plaintiffs.  In re Sept. 11, 349 F. Supp. 2d at 830; see also AHIF Mot. at 16-17 (collecting cases). The *Federal Insurance* plaintiffs failed to discuss Federal Ins. Co. v. Arthur Andersen & Co., 75 N.Y.2d 366, 372, 552 N.E.2d 870, 872 (1990), which is dispositive of their negligence claims.  See AHIF Mot. at 17.

injuries.[5]  RICO claims are limited by statute to "[a]ny person injured in his business or property."  18 U.S.C. § 1964(c).  Under Second Circuit precedent, personal injury plaintiffs cannot seek recovery under the RICO statute.  Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc., 191 F.3d 229, 241 (2d Cir. 1999) ("the RICO statute requires an injury to 'business or property'"); accord Burnett v. Al Baraka Invest. & Devel. Corp., 274 F. Supp. 2d 86 at 101-02 (D.D.C. 2003) (dismissing plaintiffs' RICO claims for lack of standing); see also AHIF Reply Br. (*O'Neill*), at 3-6 (May 9, 2005) (analyzing cases).  The *Federal Insurance* plaintiffs' reliance on National Asbestos Workers Medical Fund v. Philip Morris, Inc., 74 F. Supp. 2d 221, 229 (E.D.N.Y. 1999), is misplaced as that decision was rejected by the Seventh Circuit as being directly contrary to Second Circuit precedent, and is just "a thinly disguised refusal to accept and follow the Second Circuit's holding" in Laborers Local 17.  International Brotherhood of Teamsters v. Philip Morris, Inc., 196 F.3d 818, 827 (7th Cir. 1999).

Nor have plaintiffs properly stated RICO claims against AHIF and Mr. Sedaghaty, under Sections 1962(a), (c), or (d).  Plaintiffs cannot state a Section 1962(a) claim because they have not alleged any "injury arising from the defendant's investment of the racketeering income to recover under Section 1962(a)," other than an impermissible generic and conclusory assertion as to all defendants.  In re Sept. 11, 349 F. Supp. 2d at 827 (quoting Ouaknine v. MacFarlane, 897 F.2d 75, 83 (2d Cir. 1990)) (holding that the *Federal Insurance* plaintiffs have not stated a Section 1962(a) claim).

---

[5] The *Federal Insurance* plaintiffs' schedule of insureds, as filed with the U.S. District Court for the District of Columbia, made clear that all of the insurance payments were for workers' compensation insurance.  See *Federal Insurance*, Memorandum of Law in Support of Motion to Intervene as Parties-Plaintiff, Exhibit A (Oct. 10, 2003) (*Burnett* D.D.C. Docket No. 356).  At the time that defendants filed their motions to dismiss, defendants were unaware that the *Federal Insurance* plaintiffs now also represent insureds who are businesses or property owners.

Plaintiffs cannot state a Section 1962(c) claim because they have pled any facts, let alone sufficient facts, showing that AHIF and Mr. Sedaghaty had the requisite level of directing the operation and management of the "Al Qaeda enterprise." As this Court held, merely alleging participation or assistance is insufficient absent pleading facts showing that an individual defendant engaged in "active management or operation" to state a Section 1962(c) claim. Id. at 827-28 (holding that the *Federal Insurance* plaintiffs have not stated a Section 1962(c) claim).

Finally, plaintiffs cannot state a Section 1962(d) claim against AHIF and Mr. Sedaghaty, since the plaintiffs have done nothing to show that each defendant conspired with others to engage in an enterprise, or that they were a "central figure in the underlying schemes." Id. (holding that the *Federal Insurance* plaintiffs have not stated a Section 1962(d) claim). Merely alleging that these defendants were a "co-conspirator, aider and abettor" of al-Haramain (SA) is insufficient, since plaintiffs do not "allege some factual basis for a finding of a conscious agreement among the defendants" as required to state a Section 1962(c) claim. Id. at 827.

Thus, this Court must dismiss plaintiffs' RICO claims against AHIF and Mr. Sedaghaty under Sections 1962(a), (c), and (d), because plaintiffs failed to allege any injury arising from these defendants' investment of the enterprise's income; that they engaged in an enterprise, or conspired with others to do so; or that they actively managed and operated the alleged enterprise, or were central figures in the alleged scheme, as required to maintain RICO claims.

### VII. THIS COURT LACKS PERSONAL JURISDICTION OVER AHIF AND MR. SEDAGHATY.

AHIF and Mr. Sedaghaty argued that personal jurisdiction in this Court was improper under either Rule 4(k)(1)(D), Fed. R. Civ. P., or the New York long-arm statute, N.Y. C.P.L.R. § 302(a) (McKinney 2001). See AHIF Mot. at 20-24; Sedaghaty Mot. at 18-23. The arguments

9

raised by plaintiffs with respect to Rule 4(k)(1)(D) have already been briefed.  See AHIF and Sedaghaty Reply Br. (May 9, 2005), at 9-10 (Docket No. 894).  Plaintiffs' arguments under the New York long arm statute fare no better.  As a threshold matter, plaintiffs have abandoned any argument that Sections 302(a)(1), 302(a)(3), and 302(a)(4) of New York's long-arm statute applies, since they did not respond to defendants' briefing on those provisions.

Plaintiffs' argument is limited to a "conspiracy" theory of personal jurisdiction under Section 302(a)(2).  However, plaintiffs have made only conclusory allegations that AHIF and Mr. Sedaghaty "knowingly" provided funds to Al Qaeda and were co-conspirators with Al Qaeda.  Plaintiffs have not pled any facts to support these conclusory allegations, and the few facts that they belatedly aver about these defendants do not support their theory of the case.  See Parts II-IV, *supra*.  This Court held that the absence of "specific facts" and "specific allegations" meant that there could be no personal jurisdiction under a conspiracy theory.  See *In re* Sept. 11, 349 F. Supp. 2d at 806.  Finally, plaintiffs made no attempt to respond to defendants' arguments regarding the due process requirements for asserting personal jurisdiction, see AHIF Mot. at 23-24, and Sedaghaty Mot. at 21-23, thereby conceding that even if personal jurisdiction was proper under a "conspiracy" theory, due process would still preclude exercise of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, and those set forth in their motions to dismiss, defendants AHIF and Perouz Sedaghaty respectfully request that this Court grant their Motions to Dismiss for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction.

          Respectfully submitted,

          /s/ Lynne Bernabei
          _____

          Lynne Bernabei, Esquire  (LB2489)
          Alan R. Kabat, Esquire  (AK7194)
          Bernabei & Katz, PLLC
          1773 T Street, N.W.
          Washington, D.C. 20009-7139
          (202) 745-1942

          Attorneys for Defendants
           Al Haramain Islamic Foundation, Inc. (U.S.A.)
           and Perouz Sedaghaty

DATED:  May 9, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat