**United States District Court**
**Southern District of New York**

| | |
|---|---|
| In re Terrorist Attacks of September 11, 2001 | **03 MDL 1570 (RCC)**<br>**ECF Case** |

This document relates to:

    *Continental Cas. Co., et al. v. Al Qaeda, et al.*, 04-CV-5970 (RCC)

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS</u>

Wilmer Parker (WP-1376)
GILLEN PARKER & WITHERS LLC
 (Admitted *pro hac vice*)
3490 Piedmont Road, N.E.
Suite 1050
Atlanta, Georgia 30305
Phone: 404.842.9700
Fax:   404.842.9750

*Counsel for Mar-Jac Poultry, Inc.*

**TABLE OF CONTENTS**

TABLE OF CONTENTS                                                                          i

TABLE OF AUTHORITIES                                                                      iii

I.        INTRODUCTION                                                                      1

II.       ARGUMENT AND CITATION OF AUTHORITIES                                             2

          A.       Standard of Review                                                       2

          B.       Plaintiffs' Have Failed to State a Claim Against MJP                     3

                   1.       Plaintiffs Allegations Against MJP are Vague,                   3
                            Conclusory and Legally Insufficient

                   2.       Plaintiffs' Allegations Do Not Establish                        7
                            Essential Elements of Their Claims

                   3.       Plaintiffs Have Failed to State a Claim for                     9
                            Conspiracy Against MJP

                   4.       Plaintiffs Have Failed to State RICO Claims                    11
                            Against MJP

III.      CONCLUSION                                                                       14

CERTIFICATE OF SERVICE                                                                     16

## TABLE OF AUTHORITIES

### Cases

*Adler v. Berg Harmon Associates*, 790 F.Supp. 1222 (S.D.N.Y. 1992)   12

*Am. Arbitration Ass'n, Inc. v. DeFonseca,*   12
   No. 93 Civ. 2424(CSH), 1996 WL 363128 (S.D.N.Y. June 28, 1996)

*Anderson v. Dist. Bd. of Trustees of Central Florida Cmty. Coll.,*   7
   77 F.3d 364 (11th Cir. 1996)

*Attuahene v. City of Hartford*, 10 Fed. Appx. 33 (2d Cir. 2001)   6

*Bichler v. Eli Lilly & Co.,* 55 N.Y.2d 571 (1982)   9

*Boronkay v. Robinson & Carpenter*, 247 N.Y. 365 (1928)   8

*Browning Ave. Realty Corp. v. Rosenshein,*   14
   774 F.Supp. 129 (S.D.N.Y. 1991)

*Bruns v. Ledbetter*, 583 F.Supp. 1050 (S.D.Cal. 1984)   6

*Burnett v. Al Baraka Investment and Development Corporation,*   2, 4, 5, 7
   274 F. Supp.2d 86 (D.D.C. 2003)

*Burrell v. State Farm and Cas. Co.*, 226 F.Supp.2d 427 (S.D.N.Y. 2002)   2

*Chrysler Capital Corp. v. Century Power Corp.,*   9
   778 F.Supp. 1260 (S.D.N.Y.1991)

*Cohen v. Koenig,* 25 F.3d 1168 (2d Cir. 1994)   13

*Conley v. Gibson*, 355 U.S. 41 (1957)   2

*Connecticut Nat'l Bank v. Fluor Corp.,* 808 F.2d 957 (2d Cir. 1987)   13

*Cosmas v. Hassett*, 886 F.2d 8 (2d Cir. 1989)   2

*Craighead v. E.F. Hutton & Co.,* 899 F.2d 485 (6th Cir. 1990)   13

*Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111 (2d Cir.1982)   2

*De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65 (2d Cir. 1996)   2

*Dixon v. Mack,* 507 F.Supp. 345 (S.D.N.Y.1980)   9

*Donohue v. Copiague Union Free School Dist.*,
    407 N.Y.S.2d 874 (1978) ..... 8

*Dubai Islamic Bank v. Citibank, N.A.*,
    256 F.Supp.2d 158 (S.D.N.Y. 2003) ..... 12

*Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993) ..... 9

*First Capital Asset Management, Inc. v. Brickelbush, Inc.*,
    150 F.Supp.2d 624 (S.D.N.Y. 2001) ..... 13

*Firman v. Sacia*, 184 N.Y.S.2d 945 (1959) ..... 8

*Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669 (2d Cir. 1995) ..... 2

*Halberstam v. Welch*, 705 F.2d 472 (D.C.Cir. 1983) ..... 9

*Harper v. Remington Arms Co.*, 280 N.Y.S. 862 (1935) ..... 8

*Hecht v. Commerce Clearing House,* 897 F.2d 21 (2d Cir.1990) ..... 13

*In re Livent, Inc. Noteholders Securities Litigation*,
    151 F.Supp.2d 371 (S.D.N.Y. 2001) ..... 2, 7

*In re: Terrorist Attacks on September 11, 2001*,
    349 F.Supp.2d 765 (S.D.N.Y. 2005) ..... *passim*

*Kaloz by Kaloz v. Risco*, 466 N.Y.S.2d 218 (1983) ..... 8

*Kashi v. Gratsos,* 790 F.2d 1050 (2d Cir.1986) ..... 9

*Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649 (S.D.N.Y. 1996) ..... 11

*Laterza v. American Broadcasting Co.*,
    581 F. Supp. 408 (S.D.N.Y. 1984) ..... 14

*O & G Carriers, Inc. v. Smith*, 799 F.Supp. 1528 (S.D.N.Y. 1992) ..... 14

*O'Brien v. National Prop. Analysts Partners*,
    936 F.2d 674 (2d Cir. 1991) ..... 2

*Palsgraf v. Long Island R. Co.*, 248 N.Y. 339 (1928) ..... 8

*Pittman v. Grayson,* 149 F.3d 111 (2d Cir.1998) ..... 9

*Reves v. Ernst & Young*, 507 U.S. 170 (1993)     12, 14

*Riverwoods Chappaqua Corp. v. Marine Midland Bank,*
    30 F.3d 339 (2d Cir. 1994)     11

*Schlotthauer v. Sanders*, 545 N.Y.S.2d 197 (2d Dept.1989)     10

*Schmidt v. Fleet Bank,* 16 F.Supp.2d 340 (S.D.N.Y. 1998)     13

*Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479 (1985)     12

*Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003).     10

*Stanford v. Kuwait Airways Corp.*, 89 F.3d 117 (2d Cir. 1996)     8

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)     2

*Tasso v. Platinum Guild Int'l,*
    94 Civ. 8288(LAP), 1997 WL 16066 (S.D.N.Y. Jan. 16, 1997)     4

*Three Crown Ltd. Partnership v. Caxton Corp.,*
    817 F.Supp. 1033 (S.D.N.Y. 1993)     11

*Trautz v. Weisman*, 809 F.Supp. 239 (S.D.N.Y. 1992)     13

*U.S. Fire Ins. Co. v. United Limousine Serv., Inc.,*
    303 F.Supp.2d 432 (S.D.N.Y. 2004)     11

*United States v. Gleason,* 616 F.2d 2 (2d Cir.1979)     13

*Williams v. State*, 308 N.Y. 548, 550 (1955)     8

## **Statutes**

18 U.S.C. § 1962     11, 12, 13, 14

Mar-Jac Poultry, Inc. ("MJP"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves for dismissal of all claims by the Plaintiffs against it, and files this Memorandum of Points and Authorities in support of its Motion to Dismiss.

## I.      <u>INTRODUCTION</u>

The five Plaintiff insurance companies ("Plaintiffs") to this action seek to recover from hundreds of Defendants, including foreign governments and officials as well as numerous other disparate entities and individuals, for losses incurred in the tragic terrorist attacks on the United States by agents of Osama bin Laden and al-Qaeda on September 11, 2001. Among the entities and individuals swept within the broad net cast by Plaintiffs' is MJP, a domestic poultry company located approximately 60 miles northeast of Atlanta, Georgia. Plaintiffs, however, employ the same vague, conclusory and legally insufficient allegations against MJP as in other related actions, devoid of any specific or particular facts or circumstances. These allegations can provide no basis for establishing any of Plaintiffs' claims against MJP. Plaintiffs' ability to state any claim against MJP was further rendered exceedingly slight by the Court's dismissal of al-Rajhi Bank—one of the two groups MJP is alleged to have conspired with, or aided or abetted, to materially support terrorism (Complaint, ¶ 360)—from some of the related actions for failure to state a claim, *In re: Terrorist Attacks on September 11, 2001* ("*In re Terrorist Attacks*"), 349 F.Supp.2d 765 (S.D.N.Y. 2005). As with the other Defendants dismissed by the Court based upon vague and conclusory allegations which failed to state a claim, MJP respectfully requests that the Court dismiss it from this action.[1]

---

[1] MJP has pending before this Court fully-briefed motions to dismiss in the *Ashton et al. v. Al Qaeda Islamic Army et al.*, 02 CV 6977 (RCC) (S.D.N.Y. 2002); Burnett et al. v. Al Baraka Investment & Development Corp. et al., 1:03-cv-09849 (RCC) (S.D.N.Y. 2003) and *Federal Insurance Co. et al. v. Al Qaida et al.*, 03 CV 6978 (S.D.N.Y. 2003) cases. Oral argument has

## II.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   Standard of Review

While MJP recognizes that, on a motion to dismiss, all reasonable inferences should be drawn in the plaintiff's favor and should only be granted if it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, it is also a rule that "'[A] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6).'" *In re: Terrorist Attacks*, 349 F.Supp.2d at 833. (quoting *De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir. 1996)).

> Rule 12(b)(6) motion practice does not demand that every allegation in the complaint must be deemed true, but only "factual" assertions. *This test would exclude pleadings expressing legal conclusions, speculation and unsubstantiated allegations "so broad and conclusory as to be meaningless."*

*In re Livent, Inc. Noteholders Securities Litigation*, 151 F.Supp.2d 371, 406 (S.D.N.Y. 2001) (emphasis supplied) (citing *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 120 (2d Cir.1982); *O'Brien v. National Prop. Analysts Partners,* 936 F.2d 674, 676 (2d Cir. 1991)); *see also Burrell v. State Farm and Cas. Co.*, 226 F.Supp.2d 427 (S.D.N.Y. 2002) (citing *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989)); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, as one court has observed in the context of civil actions arising from the terrorist attacks of September 11, 2001:

> [F]airness requires extra-careful scrutiny of plaintiff's allegations as to any particular defendant, to ensure that he or it does indeed have fair notice of what the plaintiffs' claim is and the grounds upon which it rests, and that no inferences are accepted that are unsupported by the facts set out in the [complaint].

---

been tentatively set by this Court for June 14 and 15, 2005. The allegations against MJP in those actions are similar, if not the same, as the allegations herein.

*Burnett v. Al Baraka Investment and Development Corporation*, 274 F. Supp.2d 86, 104 (D.D.C. 2003) (emphasis supplied).

**B.**     **Plaintiffs' Have Failed to State a Claim Against MJP**

Plaintiffs assert claims against MJP for conspiracy (First Claim for Relief) and alleged violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act (Second and Third Claims for Relief) (Complaint, ¶¶ 600-617). Apart from being named in the caption on page 6 of the Complaint, the Plaintiffs allegations reference MJP Poultry just twice in their 193-page Complaint. (*See* Complaint, p. 6, ¶¶ 357-360). First, the Plaintiffs allege that members of the al-Rajhi family are allegedly "[c]o-conspirators, agents, aiders and abettors of the al-Rajhi banking scheme to fund or otherwise materially support terrorism…" (Complaint, ¶ 360). The Plaintiffs proceed to allege that these Defendants "do business in and have a significant business presence in the United States, including but not limited to, through Al-Watani Poultry, one of the World's largest poultry businesses, and through Defendants *Mar-Jac Poultry, Inc.*, Mar-Jac Investments, Inc. and Piedmont Poultry." (*Id*. ¶ 360) (emphasis supplied)-. The Complaint then makes a conclusory allegation, namely that "[t]hey are also material sponsors of international terrorism." (*Id*. ¶ 360) (emphasis supplied). The second reference to MJP is in relation to the SAAR Foundation. (Complaint, ¶¶ 467-473). The Plaintiffs merely name twenty-six (26) entities and individuals whom the Plaintiffs assert, in a similar conclusory manner, are alleged "[c]o-conspirators, material sponsors, and/or aiders and abettors of the SAAR network…" (*id*. ¶ 473), including MJP, (*id*.).

**1.**     **Plaintiffs Allegations Against MJP are Vague, Conclusory and Legally Insufficient**

Construing the Plaintiffs' allegations in a manner most favorable to them, the vague and conclusory allegations against MJP remain patently insufficient to hold it liable pursuant to any

of the Plaintiffs' claims. On January 18, 2005, the Court issued an Opinion and Order in the consolidated proceeding of *In re: Terrorist Attacks*, including in the related actions *Ashton et al. v. Al Qaeda Islamic Army et al.*, 02 CV 6977 (RCC) (S.D.N.Y. 2002); *Burnett et al. v. Al Baraka Investment and Development Corp. et al.*, 02 CV 1616 (JR) (S.D.N.Y. 2002) ("*Burnett*") and *Federal Insurance Co. et al. v. Al Qaida et al.*, 03 CV 6978 (S.D.N.Y. 2003) ("*Federal*"), the Court ruled on motions to dismiss by several defendants, including al-Rajhi Bank. 349 F.Supp.2d 765.[2] The plaintiffs in the *Burnett* action asserted the selfsame allegations against the al-Rajhi Bank as the Plaintiffs in the instant action, namely that two of the 9/11 hijackers allegedly maintained accounts with the bank, that the bank allegedly serves as the primary bank for several charities which act as fronts for al Qaeda and has relationship with Hamas and other terrorists, and that the bank allegedly continues to maintain Al Haramain's account despite the United States' and Saudi Arabia's designation of Al Haramain as a specifically designated terrorist organization. *Id.* at 831-32 (citing *Burnett* Complaint ¶¶ 61-69, 85; Rule 12(e) Statement ¶ 31, 43, 44-60); *compare* (Complaint, ¶¶ 357-360). Irrespective of these allegations, the Court held:

> Plaintiffs do not allege that Al Rajhi Bank provided direct material support to al Qaeda. Rather, Plaintiffs claim Al Rajhi Bank aided and abetted the September 11 terrorists by donating to certain Defendant charities and acting as the bank for these Defendants… Even with the opportunity to clarify their claims against Al Rajhi Bank, *the Burnett Plaintiffs do not offer facts to support their conclusions that Al Rajhi Bank had to know that Defendant charities [World Association of Muslim Youth], [Muslim World League], [International Islamic Relief Council], and SJRC were supporting terrorism.* [Cit.]. This Court, like Judge Robertson before it, has found no basis for a bank's liability for injuries funded by money passing through it on routine banking business. [Cit.]. Similarly, allegations concerning *the Al Rajhi family* cannot support a claim against Al Rajhi Bank because there is no allegation that the family members were acting in furtherance of Al Rajhi Bank business.

---

[2] The Court also ruled on motions to dismiss made by various charities and corporations under the label of the so-called "SAAR Network," which the Court noted that Plaintiffs had alleged that MJP was a part of. 349 F.Supp.2d at 823. As noted earlier, MJP is to argue its fully-briefed motions to dismiss in those cases on June 14 and 15, 2005.

*Id*. at 833 (emphasis supplied; internal citations omitted) (citing *Burnett*, 274 F. Supp. 2d at 109; *Tasso v. Platinum Guild Int'l*, 94 Civ. 8288(LAP), 1997 WL 16066, at *6 (S.D.N.Y. Jan. 16, 1997); Rule 12(e) Statement ¶¶ 44-60). It proceeded to grant Al-Rajhi Bank's motion to dismiss the *Burnett* plaintiffs' complaint in its entirety. *Id*. at 835; *see also Burnett* at 109 (holding that plaintiffs' claims failed to state a claim upon which relief could be granted against the al-Rajhi Bank).

The Court's conclusion that the far more specific and serious allegations against al-Rajhi Bank failed to show any support by the bank for al-Qaeda, and its dismissal of the bank, is fatal to any conclusion that the Plaintiffs' allegations against MJP relating to the al-Rajhi Bank provide any support for their claims. The Plaintiffs allege that members of the al-Rajhi family purportedly "do business" in the United States through MJP and other entities. Even were this allegation true—which it is not—the mere fact that an entity serves as a business presence can provide no grounds for holding that entity liable. MJP is a poultry processing company employing over 1,200 people. It is not a shell or front corporation, the purpose of which is to launder money in material support of terrorism. Furthermore, the Plaintiffs' assertion that "[t]hey are also material sponsors of international terrorism" (Complaint, ¶ 360), constitutes a bald legal conclusion, devoid of any factual support anywhere else in the Plaintiffs' allegations.[3] Plaintiffs' allegations are devoid of any specific fact or circumstance relating to MJP, to say nothing of any fact or circumstance tending to show that MJP provided support to any entity or individual with the intent of supporting terrorism, much less support to al-Qaeda. Accordingly, the Plaintiffs

---

[3] This assertion is further ambiguous since it is unclear whether "they" refers to the named members of the al-Rajhi family, or the named Defendants through which they allegedly "do business."

have failed to establish any of their claims against MJP on the basis of their "al-Rajhi allegations."

Moreover, the Court, in its Opinion and Order, held that the so-called "SAAR Network" defendants could be subjected to personal jurisdiction if it was alleged that they "purposefully direct[ed]… activities at the United States *by transferring money to designated terrorists Youssef Nada and Ahmed Idris Nasreddin, particularly if they intended the money to support terrorism*." *In re Terrorist Attacks*, 349 F.Supp.2d at 823 (emphasis supplied) (citing *Federal* Complaint ¶ 228). Plaintiffs include MJP in a laundry list of alleged individuals and entities comprising the so-called "SAAR Network."[4] However, Plaintiffs make no allegation that MJP transferred money to Nada, Nasreddin or any other alleged terrorist entity or individual with an intent to support any terrorist activity.

The Plaintiffs allege not a single concrete fact or circumstance demonstrating any connection between MJP and the al-Rajhi family or MJP and the so-called "SAAR Network," with any terrorist act, or indeed any concrete facts or circumstances at all concerning the September 11 attacks.[5] On the contrary, the Complaint's two fleeting references to MJP are of the vaguest, most conclusory nature possible. Moreover, both the Complaint's factual allegations and claims lump MJP together with various unrelated individuals and entities. Generalized, blanket allegations against numerous defendants are legally insufficient to state a claim against a particular defendant. *See Attuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001); *Bruns v. Ledbetter*, 583 F.Supp. 1050, 1051 (S.D.Cal. 1984) (dismissing plaintiffs' claims where

---

[4] The Court was highly skeptical of whether the alleged "SAAR Network" is really a network at all: "*Defendants correctly argue… that [Plaintiffs] have provided scant basis for linking these entities under the SAAR Network title.*" *In re Terrorist Attacks*, 349 F.Supp.2d at 823 (emphasis supplied). In point of fact, there is no such moniker, save as created by journalists.
[5] The SAAR Foundation was dissolved in 2000. Neither al-Rajhi Bank nor the "SAAR Network" have ever been designated as engaging in, or supporting, terrorism by any government.

6

complaint treated 14 diverse defendants "as a monolithic enterprise whose sole purpose was to separate plaintiffs from their money"). To do so would contravene the principle that, in a case in which such serious allegations are leveled at the Defendants, the allegations should be carefully analyzed regarding each "particular defendant." *Burnett*, 274 F. Supp.2d at 104. The Plaintiffs therefore clearly cannot rely upon their vague and conclusory general allegations in their Complaint to make out any claim against MJP. The Plaintiffs collective allegations against MJP further violate Federal Rule of Civil Procedure 10(b), which requires the plaintiff to limit the allegations in paragraphs of a complaint to "… a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). In contrast, the paragraphs of the Plaintiffs' Complaint pertain to numerous circumstances involving numerous parties.

The Plaintiffs clearly have failed to allege any facts to support their allegations and claims against MJP. The Plaintiffs' Complaint is a "shotgun complaint," or one in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief." *Anderson v. Dist. Bd. of Trustees of Central Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). It provides no notice to MJP of what specific conduct by MJP the Plaintiffs allege to be wrongful. Plaintiffs' allegations against MJP constitute precisely the sort of "… legal conclusions, speculation and unsubstantiated allegations 'so broad and conclusory as to be meaningless,'" *In re Livent*, 151 F.Supp.2d at 406, and which are particularly suited to dismissal. The Plaintiffs plainly cannot hold MJP liable on the basis of their vague, conclusory and legally insufficient allegations. Accordingly, the Plaintiff's claims against MJP should be dismissed.

### 2.    Plaintiffs' Allegations Do Not Establish Essential Elements of Their Claims

The Plaintiffs' allegations against MJP contain no facts whatsoever, still less any fact which could be relied upon in any way to establish any of the elements of Plaintiffs' claims.

Plaintiffs have alleged no facts relating to MJP which could be construed by the Court to establish any intent on the part of MJP to support terrorism of any kind, much less Osama bin Laden, al-Qaeda or the September 11th attacks. Since intent is an essential element to all of Plaintiffs' claims, Plaintiffs should be held to have failed to state any claim against MJP as a matter of law.

Proximate cause is also an essential element to all of Plaintiffs' claims. It requires a determination of "whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred…" *Stanford v. Kuwait Airways Corp.*, 89 F.3d 117, 125 (2d Cir. 1996). Proximate cause serves to limit liability due to the fact that "[r]easons of policy, as well as good sense, forbid an illimitable extension of liability for a train of events proceeding into the indefinite future with arguable dependence (usually in decreasing degree) upon the original act." *Firman v. Sacia*, 184 N.Y.S.2d 945, 948 (1959).

Conversely, New York courts have focused on duty rather than proximate cause. "Without duty, there can be no breach of duty, and without breach of duty there can be no liability." *Williams v. State*, 308 N.Y. 548, 550 (1955). Duty is the reasonably perceived risk to others. *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 344 (1928) (citing Seavey, Negligence, Subjective or Objective, 41 H.L.Rev. 6; *Boronkay v. Robinson & Carpenter*, 247 N.Y. 365, 160 N.E. 400 (1928)). It is "… determined by the reasonable anticipation of the normal man." *Harper v. Remington Arms Co.*, 280 N.Y.S. 862, 866 (1935). "… [R]isk imports relation; it is risk to another or others within the range of apprehension." *Palsgraf* at 344. "[Q]uestions of duty and foreseeability [are] for the Court when the facts are undisputed and but one inference may be drawn." *Kaloz by Kaloz v. Risco*, 466 N.Y.S.2d 218 (1983) (citing *Donohue v. Copiague Union Free School Dist.*, 407 N.Y.S.2d 874 (1978)).

Plaintiffs have put forward no fact which could conceivably be construed as showing that any act by MJP in any way foreseeably caused or contributed to the September 11 attacks or any of Plaintiffs' injuries. The Complaint further contains no facts which could be relied upon to show that MJP owed any duty to Plaintiffs.

### 3.    **Plaintiffs Have Failed to State a Claim for Conspiracy Against MJP**

The Court, in its Opinion and Order, recognized that:

> Concerted action liability under New York law is based on the principle that '[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer ... are equally liable with him.

*In re Terrorist Attacks*, 349 F.Supp.2d at 826 (quoting *Pittman v. Grayson,* 149 F.3d 111, 122 (2d Cir.1998); quoting *Bichler v. Eli Lilly & Co.,* 55 N.Y.2d 571, 580 (1982)).

> To plead a valid cause of action for conspiracy under New York law, a plaintiff must allege the primary tort and four elements: "(a) a corrupt agreement between two or more persons, (b) an overt act in furtherance of the agreement, (c) the parties' intentional participation in the furtherance of a plan or purpose, and (d) the resulting damage or injury." [Cits.]. To warrant the inference that a defendant was a member of the conspiracy, Plaintiffs must show that "(a) the defendant had an awareness of the effects in New York of its activity; (b) the activity of the co-conspirators in New York was to the benefit of the out-of-state conspirators; and (c) the co-conspirators acting in New York acted "at the direction or under the control" or "at the request of or on behalf' the out-of-state defendant."

*Id*. at 805 (internal citations omitted) (quoting *Chrysler Capital Corp. v. Century Power Corp.,* 778 F.Supp. 1260, 1267, 68-69 (S.D.N.Y.1991); citing *Kashi v. Gratsos,* 790 F.2d 1050, 1055 (2d Cir.1986); *Dixon v. Mack,* 507 F.Supp. 345, 350 (S.D.N.Y.1980)); *see also Halberstam v. Welch*, 705 F.2d 472, 477 (D.C.Cir. 1983). In pleading conspiracy, a plaintiff "should make an effort to provide some 'details of time and place and the alleged effect of the conspiracy.'" *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) (quoting 2A *Moore's Federal Practice* ¶ 8.17[6], at 8-109 to 8-110 (2d ed. 1992)). Aiding and abetting liability, in turn,

"requires that the defendant have given substantial assistance or encouragement to the primary wrongdoer." *Id.* at 799 (quoting *Pittman,* 149 F.3d at 122-23). Civil conspiracy is not an independent tort under New York law. *Schlotthauer v. Sanders*, 545 N.Y.S.2d 197, 199 (2d Dept.1989). "[C]onspiracy claims must be pleaded with some degree of specificity and… vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003).

The Plaintiffs' allegations are entirely insufficient to make out any conspiracy claim regarding MJP. Plaintiffs merely allege in a sweepingly broad manner that the terrorist attacks of September 11, 2001, were part of a "conspiracy" among all the Defendants to commit acts of terrorism against the United States, its citizens and others, which "conspiracy" included the provision of material support to Al-Qaeda and other terrorist states, entities and individuals. (Complaint, ¶¶ 602-603). The Complaint is devoid of any fact or circumstance which could be relied upon to establish that MJP agreed with any other persons to become a member of any conspiracy, to say nothing of any conspiracy to provide material support to al-Qaeda. By extension, there are no facts or circumstances to support any conclusion that MJP committed any overt act in furtherance of such conspiracy; or that any such act proximately caused the Plaintiffs' damages.[6] Furthermore, the Plaintiffs have not, and cannot, point to any alleged assistance or material support for terrorism by MJP to establish that it conspired to cause, or aided or abetted, any such terrorist act. The Plaintiffs cannot establish their claims that MJP was

---

[6] The Court, in its Opinion and Order, indicated that there is no link between al Qaeda and Palestinian terrorist groups such as Hamas, and that proving a connection to Hamas does not similarly prove a connection to al Qaeda. In granting Arab Bank's motions to dismiss the *Federal* and *Burnett* complaints in their entirety, the Court observed that "[w]hile claiming Arab Bank has ties with known Hamas fronts, the *Federal* complaint does not contain any allegation of a connection between Hamas and Osama bin Laden, al Qaeda, or the September 11 attacks." *In re Terrorist Attacks*, 349 F.Supp.2d at 825.

a member of any conspiracy by mere assertion, without supporting facts. Accordingly, Plaintiffs' conspiracy claims against MJP should be dismissed.

### 4.   Plaintiffs Have Failed to State RICO Claims Against MJP

As with the Plaintiffs' conspiracy claims, the Plaintiffs' RICO claims against MJP are also unsustainable. The Plaintiffs' Second and Third Claims for Relief allege claims under 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d). (Complaint, ¶¶ 610, 615-16). § 1962(c), in pertinent part, makes it unlawful: "[f]or any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity..." 18 U.S.C. § 1962(c). § 1962(d) makes it unlawful to conspire to violate any provision of § 1962. 18 U.S.C. § 1962(d). The elements of § 1962(c), as noted by the Court, which must be established in regard to each defendant, are "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *In re Terrorist Attacks*, 349 F.Supp.2d at 827 (quoting *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.,* 303 F.Supp.2d 432, 451 (S.D.N.Y. 2004)).

The Plaintiffs allege that "all" of the hundreds of Defendant entities and individuals to this action "were associated with an enterprise…" (Complaint, ¶ 609), which was "the association-in-fact of defendants," (*id.*). "Under § 1962(c), the culpable 'person' (defendant(s)) and the 'enterprise' must be distinct." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 658 (S.D.N.Y. 1996) (holding that plaintiffs failed to state claim pursuant to § 1962(c) because plaintiffs alleged that the defendants and the enterprise were identical) (citing *Riverwoods Chappaqua Corp. v. Marine Midland Bank,* 30 F.3d 339, 344 (2d Cir. 1994); *Three Crown Ltd. Partnership v. Caxton Corp.,* 817 F.Supp. 1033, 1045 (S.D.N.Y. 1993)). To the extent that the

Plaintiffs' vague and conclusory allegations allege that the Defendants are synonymous with the alleged "enterprise," the Plaintiffs' § 1962(c) claims should be dismissed.

In its Opinion and Order the Court held, pursuant to the moving defendants' motions to dismiss the *Federal* plaintiffs' § 1962(c) claims, that, although plaintiffs "allege the moving Defendants may have assisted al Qaeda, but they do not allege anything approaching active 'management or operation,'" *In re Terrorist Attacks*, 349 F.Supp.2d at 827, and dismissed the plaintiffs' RICO claims, *id.* at 828. (Citing *Dubai Islamic Bank v. Citibank, N.A.*, 256 F.Supp.2d 158, 164 (S.D.N.Y. 2003)); *see also Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993) (holding that liability under § 1962(c) cannot be established unless the defendant participated in the "operation or management" of the enterprise). The Plaintiffs herein make the same sweeping, vague allegation in support of their RICO claims as the *Federal* plaintiffs, that "[p]ursuant to this conspiracy, *each defendant* either committed, or agreed to commit, at least two acts of racketeering activity and conducted and agreed to conduct the affairs of the enterprise through a pattern of racketeering activity in violation of… § 1962(c)…" (Complaint, ¶ 616). As is apparent from the Plaintiffs' allegations concerning MJP, the Plaintiffs' Complaint is utterly devoid of *any* particular fact or circumstance that could remotely be relied upon to support any finding that *MJP* ever agreed to commit *any* alleged act of "racketeering activity" (or what act, or act(s), it allegedly committed), or that it conducted the affairs of any enterprise. There is absolutely nothing in the Plaintiffs' Complaint to sustain any conclusion that MJP actively managed or controlled any enterprise, to say nothing of an enterprise to perpetrate terrorist acts. "'Mere commission of the predicate offenses' is not enough to state a claim." *Adler v. Berg Harmon Associates*, 790 F.Supp. 1222, 1229 (S.D.N.Y. 1992) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). As with the *Federal* plaintiffs, the Plaintiffs in this case have likewise

failed to state a claim for any violation of § 1962(c) in regard to MJP, and their § 1962(c) claims should be dismissed.

As the Plaintiffs have failed to state claims against MJP for a violation of § 1962(c), their claims against MJP pursuant to § 1962(d) must likewise fail. Where a complaint fails to state a violation of either 18 U.S.C. § 1962(a), 18 U.S.C. § (b) or 18 U.S.C. § (c), it cannot state a claim pursuant to 18 U.S.C. § § 1962(d) for conspiracy to violate the RICO statute. *Katzman*, 167 F.R.D. at 658 (citing *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 495 (6th Cir. 1990)).

Moreover, in order for a RICO claim pursuant to 18 U.S.C. § 1962(d) to survive a motion to dismiss for failure to state a claim "the 'complaint must allege some factual basis for a finding of a conscious agreement among the defendants.'" *In re Terrorist Attacks*, 349 F.Supp.2d at 827 (quoting *Am. Arbitration Ass'n, Inc. v. DeFonseca,* No. 93 Civ. 2424(CSH), 1996 WL 363128, at *7 (S.D.N.Y. June 28, 1996); quoting *Hecht v. Commerce Clearing House,* 897 F.2d 21, 26 n. 4 (2d Cir.1990)); citing *Schmidt v. Fleet Bank,* 16 F.Supp.2d 340, 354 (S.D.N.Y. 1998) ("[b]are and conclusory allegations are insufficient to withstand a motion to dismiss and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in the [RICO] conspiracy"). A plaintiff must allege "'circumstances that provide at least a minimal factual basis for their conclusory allegations of *scienter.*'" *First Capital Asset Management, Inc. v. Brickbush, Inc.*, 150 F.Supp.2d 624, 633 (S.D.N.Y. 2001) (quoting *Cohen v. Koenig,* 25 F.3d 1168, 1173 (2d Cir. 1994); citing *Connecticut Nat'l Bank v. Fluor Corp.,* 808 F.2d 957, 962 (2d Cir. 1987)). "Mere knowledge of the conspiracy is insufficient; there must be an 'actual knowing participation' by the defendant." *Trautz v. Weisman*, 809 F.Supp. 239, 246 (S.D.N.Y. 1992) (citing *United States v. Gleason,* 616 F.2d 2, 16-17 (2d Cir.1979)). The Court, in dismissing the *Federal* plaintiffs' RICO claims, further held that the plaintiffs had not alleged that the moving

defendants "were central figures in the underlying schemes or for conspiracy liability under § 1962(d)." *In re Terrorist Attacks*, 349 F.Supp.2d at 828. Moreover, "[a] proper pleading of 'aiding and abetting' a principal in the furtherance of a crime or predicate act requires an allegation of some specified, knowing, affirmative action to assist the unlawful act." *Browning Ave. Realty Corp. v. Rosenshein*, 774 F.Supp. 129, 143 (S.D.N.Y. 1991) (citing *Laterza v. American Broadcasting Co.*, 581 F. Supp. 408, 412 (S.D.N.Y. 1984)).

Again, the Plaintiffs' Complaint herein is devoid of any facts showing that MJP intentionally entered into any alleged agreement to commit any violation of RICO. Further, there is no allegation that MJP was a "central figure" in any alleged scheme—i.e. that it maintained a managerial role. *See Reves*, 507 U.S. at 183. Rather, the Plaintiffs lump MJP together with all the many Defendants to this action, alleging that all Defendants conspired together. (Complaint, ¶ 615). "It is difficult to imagine a vaguer or more conclusory conspiracy allegation," *O & G Carriers, Inc. v. Smith*, 799 F.Supp. 1528, 1543 (S.D.N.Y. 1992), than an allegation that "all defendants" conspired together to violate §§ 1962(a), (b) or (c). Accordingly, the Plaintiffs' RICO claims pursuant to §§ 1962(c) and (d) against MJP should be denied.

### III.   <u>CONCLUSION</u>

Even when construing the Plaintiffs' allegations in the most favorable possible light, the Plaintiffs' sparse, vague, conclusory and legally insufficient allegations relating to Mar-Jac Poultry cannot be read to support any claims against MJP. Nor can the Plaintiffs' claims against MJP be sustained by the Plaintiffs' generalized, vague and conclusory allegations against other, and especially all, Defendants. For the reasons set forth herein, therefore, MJP respectfully requests that the Court grant its Motion to Dismiss the Plaintiffs' claims against it, and dismiss it from this action.

Respectfully submitted, this 13th day of May, 2005.

GILLEN PARKER & WITHERS LLC

/s/  Wilmer Parker
Wilmer Parker (WP-1376)
(Admitted *pro hac vice*)
3490 Piedmont Road, N.E.
Suite 1050
Atlanta, Georgia 30305
Phone: 404.842.9700
Fax:    404.842.9750

*Counsel for Mar-Jac Poultry, Inc.*

15

**United States District Court**
**Southern District of New York**

| | |
|---|---|
| **In re Terrorist Attacks of September 11, 2001** | **03 MDL 1570 (RCC)**<br>**ECF Case** |

This document relates to:

    *Continental Cas. Co., et al. v. Al Qaeda, et al.*, 04-CV-5970 (RCC)

## AFFIDAVIT OF SERVICE

    The undersigned hereby certifies that he has this day served the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS by filing the same with the United States District Court for the Southern District of New York via the Court's Electronic Case Filing ("ECF") system, which constitutes service upon all parties who are Filing Users in the above-referenced matter, pursuant to Procedure 9 of the Court's Procedures for Electronic Case filing.

    This 13th day of May, 2005.

                          GILLEN PARKER & WITHERS LLC

                          /s/  Wilmer Parker
                          Wilmer Parker (WP-1376)
                          (Admitted *pro hac vice*)
                          3490 Piedmont Road, N.E.
                          Suite 1050
                          Atlanta, Georgia 30305
                          Phone: 404.842.9700
                          Fax:    404.842.9750

                          *Counsel for Mar-Jac Poultry, Inc.*