## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:                    All actions

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENTS REGARDING DEFENDANTS KINGDOM OF SAUDI ARABIA, PRINCE SULTAN BIN ABDUL AZIZ AL SAUD, PRINCE TURKI AL FAISAL AL SAUD, PRINCE MOHAMED AL FAISAL AL SAUD, AND AL RAJHI BANKING & INVESTMENT CO., INC.

MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone:  (843) 216-9000

COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel:  (215) 665-2000

KREINDLER & KREINDLER LLP
100 Park Avenue
New York, New York 10017-5590
Telephone: (212) 687-8181

HANLY CONROY BIERSTEIN &
SHERIDAN, LLP
112 Madison Avenue
New York, NY 10016
Telephone:  (212) 784-6400

May 20, 2005

TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION .......................................................................................................... 1

PROCEDURAL BACKGROUND ..................................................................................... 1

ARGUMENT ................................................................................................................. 3

    ENTRY OF JUDGMENT UNDER RULE 54(B) IS APPROPRIATE ............................... 3

        A.     Final Judgment Has Been Reached With Regard To These Defendants ..... 5

        B.     There Exists No Just Reason To Delay This Appeal .................................. 7

        **C.**     In Parallel Circumstances, Rule 54(b) Certification Has Been
              Routinely Granted ................................................................................. 13

CONCLUSION ............................................................................................................ 15

TABLE OF AUTHORITIES

*Page*

**Cases**

Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11 (2d Cir. 1997) ........................ 9

Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3d Cir. 1975) .......................... 4

Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442 (2d Cir. 1985) ............................ 4

Arlinghaus v. Ritenour, 543 F.2d 461 (2d Cir. 1976) ...................................................... 4

Carson v. Waterfront Comm'n of New York Harbor, 73 F.3d 24 (3d Cir. 1995) ......................... 7

Cold Metal Process Co. v. United Eng'g & Foundry Co., 351 U.S. 445 (1956) ........................... 5

Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978) ..................................................... 5

Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482 (9th Cir. 1993) ................................. 11

Correspondent Servs. Corp. v. J.V.W. Inv., Ltd., 2005 U.S. Dist. LEXIS 254 (S.D.N.Y., Jan. 10, 2005) ..................................................................................................... 11

Cullen v. Margiotta, 618 F.2d 226 (2d Cir. 1980) ........................................................ 4

Cullen v. Margiotta, 811 F.2d 698 (2d Cir. 1987) .................................................... 5, 11

Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980) .......................................... 4, 5, 8

Daniel v. Am. Bd. of Emergency Med., 212 F.R.D. 134 (W.D.N.Y., 1999) ............................. 11

Estate of Ungar, 304 F. Supp.2d 232 (D.R.I. 2004) .................................................... 12

Farrell v. Piedmont Aviation, Inc., 411 F.2d 812 (2d Cir.), cert. denied, 396 U.S. 840 (1970) ... 11

Ginett v. Computer Task Group, Inc., 962 F.2d 1085 (2d Cir. 1992) .................................. 4, 5, 6

Grand River Enters. Six Nations, Ltd. v. Pryor, 2004 U.S. Dist. LEXIS 22289 (S.D.N.Y. Nov. 3, 2004) ..................................................................................................... 6

Gumer v. Shearson, Hammill & Co., 516 F.2d 283 (2d Cir. 1974) ...................................... 4

Hogan v. Consolidated Rail Corp., 961 F.2d 1021 (2d Cir. 1992) ...................................... 10

Hudson River Sloop Clearwater, Inc. v. Depart. of the Navy, 891 F.2d 414 (2d Cir. 1989) ... 8, 12

Hunt v. Mobil Oil Corp., 550 F.2d 68 (2d Cir. 1977) .................................................... 6

Imbler v. Pachtman, 424 U.S. 409 (1976) ................................................................ 7

In Re: Terrorist Attacks on September 11, 2001, 349 F.Supp. 2d 765 (S.D. N.Y. 2005) .......... 1, 2

Lee v. Willins, 617 F.2d 320 (2d Cir.), cert. denied, 449 U.S. 861(1980) ..................... 6

Lombard v. Economic Dev. Admin., 1998 U.S. Dist. LEXIS 7822 (S.D.N.Y. May 27, 1988). 9, 11

Malarkey v. Texaco, Inc., 704 F.2d 674 (2d Cir. 1983) ........................................ 6, 14

Ministry of Supply, Cairo v. Universe Tankships, Inc., 708 F.2d 80 (2d Cir. 1983) ................... 14

Newspaper and Mail Deliverers' Union of New York v. United Magazine Co., 829 F. Supp. 561
   (E.D.N.Y. 1993) ................................................................................ 7

Protective Committee v. Anderson, 390 U.S. 414 (1968) ........................................ 4

Retail Software Services, Inc. v. Lashlee, 854 F.2d 18 (2d Cir. 1988) ......................... 6

Schwartz v. Compagnie General Transatlantique, 405 F.2d 270 (2d Cir. 1968).......................... 4

Sherer v. Construcciones Aeronauticas, S.A., 987 F.2d 1246 (6th Cir. 1993) ............................ 14

Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236 (2d Cir. 2002)............................ 6

Smith v. Socialist People's Libyan Arab Jamahiriya , 886 F. Supp. 306 (E.D.N.Y. 1995) ......... 13

Smith v. Socialist People's Libyan Arab Jamahiriya, 101 F.3d 239 (2d Cir. 1996).......... 6, 13, 14

Stoney Run Co. v. Prudential-LMI Commercial Ins. Co., 47 F.3d 34 (2d Cir. 1995).................. 6

Texas Industries, Inc. v. Radcliff Materials, Inc., 451 U.S. 630 (1981) ........................ 7

Theo H. Davies & Co., Ltd. v. Republic of the Marshall Islands, 174 F.3d 969 (9th Cir. 1998). 14

**Statutes**

18 U.S.C. §2333 ................................................................................ 9

28 U.S.C. § 1291 .............................................................................. 3

28 U.S.C. § 1441 .............................................................................. 7

28 U.S.C. §1605 ............................................................................... 9

**Rules**

Fed. R. Civ. P. 54(b) ................................................................. passim

Fed.R.Civ.P. 12(b)(6)......................................................................... 6

**Other Authorities**

WRIGHT, MILLER AND KANE FEDERAL PRACTICE AND PROCEDURE 3D (1998)...........................4, 8

**INTRODUCTION**

On January 18, 2005, this Court dismissed the claims asserted in certain of these consolidated actions against the Kingdom of Saudi Arabia, Prince Sultan bin Abdul Aziz al Saud (Prince Sultan), Prince Turki al Faisal al Saud (Prince Turki), Prince Mohammed al Faisal al Saud (Prince Mohammed), and al Rajhi Banking & Investment Co., Inc. (al Rajhi Bank) (collectively the "Defendants").[1]  In Re: Terrorist Attacks on September 11, 2001, 349 F.Supp. 2d 765, 837-38 (S.D. N.Y. 2005) (the "First Order").  Thereafter, on May 6, 2005, the Court entered an Order dismissing the claims asserted against the Defendants in all of the remaining cases consolidated before this Court (the "Second Order").  As a result of the First and Second Orders, judgments have now been entered in favor of the Defendants on all claims asserted against them, in all actions pending before this Court.

Plaintiffs in all of the consolidated actions ("Plaintiffs") now move this Court to certify its judgments in favor of the Defendants as final pursuant to Rule 54(b), as there is no just reason to delay the appeal of those judgments, and because a swift appeal will promote judicial efficiency and aid in the administration of justice.

**PROCEDURAL BACKGROUND**

While this litigation involves an array of parties and causes of action, the procedural history relevant to this motion is straightforward. On December 9, 2003, the Judicial Panel on Multi-District Litigation consolidated six (6) cases arising from the September 11, 2001 terrorist attack upon the United States (the "September 11th Attack") before this Court for consolidated pre-trial proceedings under the caption In Re Terrorist Attacks Upon the United States, 03 MDL 1570 (RCC).  Thereafter, thirteen additional cases were identified as potential tag along actions

---

[1] More specifically, the Court dismissed the claims asserted against Prince Sultan and Prince Turki in Federal Insurance, Burnett, and Ashton.  The Court dismissed the claims against Prince Mohammad in Ashton and Federal Insurance, and the claims asserted against the Kingdom of Saudi Arabia in  Federal Insurance.

within the meaning of  Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and consequently consolidated with the other cases comprising this MDL proceeding.

On January 18, 2005, this Court issued an Opinion and Order regarding Motions to Dismiss filed in certain, but not all, of the consolidated actions by nineteen (19) defendants (the "First Order").  Of particular relevance to the present Motion, the Court granted Motions to Dismiss filed in certain of the consolidated cases by the Kingdom of Saudi Arabia, Prince Sultan, Prince Turki, Prince Mohamed, and al Rajhi Bank.  In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d 765 (S.D. N.Y. 2005).  In support of its decision, the Court reasoned that the Court lacked subject matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA) to adjudicate the claims asserted against Saudi Arabia, as well as the claims arising from conduct undertaken by Princes Sultan and Turki in their official capacities.  Id.  In addition, with respect to the claims arising from the personal conduct of Prince Sultan and Prince Turki, and the claims against Prince Mohamed, the Court found that it lacked personal jurisdiction.  Id. at 816. Finally, based on its analysis of the allegations asserted against al Rajhi Bank in the Burnett action, the Court held that the Burnett plaintiffs failed to state a claim upon which relief could be granted, and therefore dismissed al Rajhi Bank from the Burnett case pursuant to Fed. R. Civ. P. 12(b)(6).  In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 833.

Following entry of the First Order, Plaintiffs and the Defendants engaged in extensive discussions regarding how best to expedite the Court's review of the claims asserted against the Defendants in cases not addressed in the First Order (the "remaining cases").  As a result of those discussions, the parties agreed to adopt for purposes of the remaining cases the briefing previously submitted in relation to the Defendants' Motions to Dismiss the cases addressed in the First Order, and waived their right to further oral argument as to the Defendants' Motions to Dismiss.  On May 6, 2005, the Court entered an Order adopting the reasoning of its January 18,

2005 decision regarding the Motions to Dismiss of the Defendants in the remaining cases, and dismissing the Defendants from all of the remaining cases consolidated before the Court (the "Second Order").

Plaintiffs now move for entry of an Order pursuant to Fed. R. Civ. P. 54(b), certifying the dismissals of Saudi Arabia, Prince Sultan, Prince Turki, Prince Mohamed and al Rajhi Bank as final, so that the parties may seek an immediate review of those decisions by the Second Circuit Court of Appeals. Because liability discovery is not scheduled to be completed until April 15, 2006 at the earliest, with lengthy trials to follow, immediate appeals of the dismissals of the Defendants will not delay these proceedings. To the contrary, for the reasons set forth below, such review will aid in the administration of justice and promote judicial economy.[2] Accordingly, Plaintiffs respectfully request that the Court enter an Order, in the form attached, certifying as final the judgments entered in favor of Saudi Arabia, Prince Sultan, Prince Turki, Prince Mohamed and al Rajhi Bank.

## ARGUMENT

## ENTRY OF JUDGMENT UNDER RULE 54(B) IS APPROPRIATE

Because this Court's First and Second Orders do not dispose of all claims against all defendants, they are not appealable final judgments within the meaning of 28 U.S.C. § 1291. However, under Fed. R. Civ. P. 54(b), this Court is empowered to certify its Orders as partial final judgments, to allow the parties to submit the legal and factual issues resolved therein to the Second Circuit Court of Appeals for immediate review. The Rule states, in its relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the

---

[2] Indeed, four of the five defendants at issue agree that an expedited appeal is appropriate, and consent to 54(b) certification. Only al Rajhi Bank opposes certification of the Court's judgments in its favor. For the reasons set forth herein, al Rajhi Bank's objection is unfounded.

3

> claims or parties only upon an express determination that there is
> no just reason for delay and upon an express direction for the entry
> of judgment.

Fed. R. Civ. P. 54(b).

Once judgment is entered under Rule 54(b), an appeal is authorized.  As the Supreme Court explained in Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980), the district court's role in this context is that of a "dispatcher", employing a three-part test to determine whether the final judgment is such that there exists no just reason to delay its appeal.  Id. at 11. Certifying a final judgment for appeal pursuant to Rule 54(b) is appropriate when these criteria are satisfied:  1) the case involves multiple claims for relief or multiple parties; 2) at least one claim or the rights and liabilities of at least one party have been finally decided; and 3) no just reason for delay exists. See Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992); see generally WRIGHT, MILLER AND KANE FEDERAL PRACTICE AND PROCEDURE 3D § 2656 (1998).[3]

---

[3]    In addition to the requirements on the party seeking entry of judgment, the Second Circuit requires that the Order granting judgment under the Rule explicitly state the reasons for granting partial judgment.  The explanation in Ansam Associates, Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir. 1985) is instructive:

> We have repeatedly stated that "in making the 'express determination' required under Rule 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980) ("Cullen I") (citing Arlinghaus v. Ritenour, 543 F.2d 461, 464 (2d Cir. 1976)); see Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 286 (2d Cir. 1974); Schwartz v. Compagnie General Transatlantique, 405 F.2d 270, 275 (2d Cir. 1968). . . .
>
> Without a reasoned explanation for the certification, however, no adequate review can be conducted to determine the propriety of the certification.  "It is essential . . . that a reviewing court have some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law . . . ." Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975) (quoting Protective Committee v. Anderson, 390 U.S. 414, 434, 20 L. Ed. 2d 1, 88 S. Ct. 1157 (1968)).

4

That this matter involves multiple claims for relief and multiple parties is beyond peradventure. The remainder of this brief demonstrates that the other requirements relevant in determining the appropriateness of Rule 54(b) certification have been met as well, entitling Plaintiffs to entry of partial judgments in accordance with the practice in this Circuit in comparable circumstances.

A.    Final Judgment Has Been Reached With Regard To These Defendants.

The complete dismissal of all claims against the Defendants unmistakably constitutes a final judgment under Rule 54(b).

The standards for finality were articulated by the Supreme Court in Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. at 7. If the decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment entered on that claim, then the decision is final. Ginett v. Computer Task Group, 962 F.2d 1085, 1092 (2d Cir. 1992), Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978).

In cases involving multiple claims, a judgment disposing of the claims against a party should be deemed final so long as the claims at issue are separable from the surviving claims. Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987) ("Cullen II"). The separability analysis turns on whether the claims involve "at least some different questions of facts and law," could be separately enforced, and would not exclude the possibility of multiple recoveries. Id. Under such circumstances, "claims may be considered separable even if they have arisen out of the same transaction or occurrence." Id., citing Cold Metal Process Co. v. United Eng'g & Foundry Co., 351 U.S. 445, 452 (1956). Indeed, claims are only deemed inseparable under extreme

circumstances in this Circuit.  "Only those claims 'inherently inseparable' from or 'inextricably

interrelated' to each other are inappropriate for rule 54(b) certification. When the claims are

'separable' or 'extricable' from each other,  there is generally no reason to disturb the district

court's exercise of its discretion [to enter partial judgment]." Ginett, 962 F.2d at 1096.

      Under the foregoing standards, the grounds on which these Defendants were dismissed

assure sufficient finality for entry of partial judgments.  The dismissals of these Defendants are

based on the Court's finding that it lacked personal or subject matter jurisdiction to adjudicate

those claims, or that Plaintiffs failed to state a claim upon which relief can be granted.  Notably,

dismissals based on immunity and lack of subject matter jurisdiction have been routinely

certified for judgment under Rule 54(b) as being sufficiently final. See, e.g., Smith v. Socialist

People's Libyan Arab Jamahiriya, 101 F.3d 239, 241 (2d Cir. 1996) ("Smith II") (foreign

sovereign immunity); Lee v. Willins, 617 F.2d 320, 321 (2d Cir.), cert. denied, 449 U.S.

861(1980) (prosecutorial immunity); Hunt v. Mobil Oil Corp., 550 F.2d 68, 70 (2d Cir. 1977)

(act of state doctrine; determined that appeal from Rule 54(b) judgment would not delay trial or

interfere with discovery); Grand River Enters. Six Nations, Ltd. v. Pryor, 2004 U.S. Dist. LEXIS

22289 at *8-10 (S.D.N.Y. Nov. 3, 2004) (lack of personal jurisdiction); Retail Software Services,

Inc. v. Lashlee, 854 F.2d 18 (2d Cir. 1988) (same).

      The same holds true for parties and claims dismissed in actions under Fed.R.Civ.P.

12(b)(6) for failure to state a claim upon which relief could be granted.  See, e.g., Smith v. Local

819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (approved 54(b) certification to

review dismissal on failure to state a proper claim under ERISA); Stoney Run Co. v. Prudential-

LMI Commercial Ins. Co., 47 F.3d 34, 36 (2d Cir. 1995) (approved 54(b) certification to review

dismissal on failure to state a proper claim based upon exclusion clause in insurance policy);

Malarkey v. Texaco, Inc., 704 F.2d 674 (2d Cir. 1983); Newspaper and Mail Deliverers' Union

of New York v. United Magazine Co., 829 F. Supp. 561, 565 (E.D.N.Y. 1993); Carson v.

Waterfront Comm'n of New York Harbor, 73 F.3d 24, 26 (3d Cir. 1995).[4]

     Moreover, the instant claims are separable from the surviving claims.  As demonstrated

through the briefs and argument regarding the Motions to Dismiss, the claims against each

defendant in this action involve some distinct questions of both fact and law.  Furthermore, there

can be no dispute that those claims can be separately enforced.  Accordingly, the claims against

the Defendants are separable from the surviving claims.  In fact, the claims against Saudi Arabia

and those arising from the official conduct of the Saudi Princes would likely have to be severed

from many of the remaining claims for trial purposes, as there exists no right to a jury trial with

respect to claims against foreign sovereign defendants.  See 28 U.S.C. § 1441(d).

     Because the judgments entered on behalf of the Defendants could not be more final, and

because the claims are sufficiently separable under the relevant standards, the second prong of

the test for Rule 54(b) certification has been met.

     B.     There Exists No Just Reason To Delay This Appeal

     Furthermore, there exists no just reason to delay the appeal of this Court's determination

that it lacks subject matter and personal jurisdiction over the Saudi defendants, and that Plaintiffs

have failed to state a claim against al Rajhi Bank upon which relief can be granted.  To the

contrary, an immediate appeal will better serve the interests of the administration of justice,

while delay will work serious hardship upon Plaintiffs' ability to litigate these claims properly.

Under such circumstances, entry of partial judgment under Rule 54(b) is appropriate.

---

[4]     According to its March 14 letter, al Rahji Bank intends to argue that "entering a Rule 54(b) final judgment with respect to one or more of the Defendants dismissed on 12(b)(6) grounds would be fundamentally inconsistent with the federal policy as to piecemeal appeals."  In addition to the cases cited above, the U.S. Supreme Court itself has made clear that Rule 54(b) certification is appropriate in cases dismissed under Rule 12(b)(6).  See, e.g., Texas Industries, Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 633 (1981) (partial judgment granted to review whether an antitrust defendant claiming right of contribution from co-conspirators had stated valid claim); Imbler v. Pachtman, 424 U.S. 409, 416 (1976).

There is no bright-line rule for determining whether "no just reason for delay" exists. Instead, the <u>Curtiss-Wright</u> decision noted that "because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district court to follow." 446 U.S. at 10-11.  This statement has prompted leading commentators to the conclusion that, "in deciding whether there is no just reason for delay, the district court should feel free to consider any factor that seems relevant to a particular action."  10 WRIGHT MILLER & KANE , <u>supra</u> § 2659, at 101.

Such is the path that courts in this Circuit have followed.  So long as Rule 54(b) certification would serve "the interest of sound judicial administration," by whatever factors are relevant in the instant case, it should be granted.  <u>Hudson River Sloop Clearwater, Inc. v. Department of the Navy</u>, 891 F.2d 414, 419 (2d Cir. 1989) (noting that <u>Curtiss-Wright</u> explicitly rejected the prior "infrequently harsh case" standard).

While there is no mechanical formula for evaluating whether no just reason for delay exists, the courts in this Circuit have consistently held that judicial efficiency, fairness, the novelty and importance of the legal issues presented, and the potential risk of hardship through delay are all relevant factors.  In the present case, all of these factors favor Rule 54(b) certification of the dismissals of the Defendants.

**Judicial Efficiency:**  The touchstone for granting Rule 54(b) partial judgment is whether a grant of partial judgment will enhance judicial efficiency and aid in proper judicial administration.  In this case, certification undoubtedly promotes judicial efficiency, as it will not delay the future trial of those remaining defendants (as the appeals can run concurrently with the jurisdictional discovery now authorized) and has the potential for synchronizing all discovery in the case.  It would ultimately also allow the simultaneous trials (and defense) of similarly situated defendants.  When an "expensive and duplicative trial could be avoided" by reversing an

improper dismissal of certain parties so that all parties could pursue discovery and face trial simultaneously, Rule 54(b) certification is clearly warranted.  Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 13 (2d Cir. 1997).

For example, in Lombard v. Economic Dev. Admin., 1998 U.S. Dist. LEXIS 7822 (S.D.N.Y. May 27, 1988), Rule 54(b) certification was granted to provide early appellate review of the dismissal of a defendant on the grounds of Eleventh Amendment state sovereign immunity.  The court determined that granting the defendant final judgment would aid judicial efficiency, by avoiding a "duplicative trial and/or duplicative discovery" should the grant of immunity have been improper, which the district court humbly acknowledged was possible.  Id. at *4.

Immediate appellate review not only provides the probability of re-consolidation of these defendants upon remand but also promises, regardless of the decision of the Second Circuit, that this matter can proceed confidently with clear guidelines as to the standards to be applied to anticipated future motions to dismiss.  In this regard, it is important to note that Plaintiffs have advanced claims against Prince Sultan, Prince Turki, Prince Mohamed and al Rajhi Bank under the Anti-Terrorism Act, 18 U.S.C. §2333.  To date, the Second Circuit has not had the opportunity to consider any case brought under the ATA, let alone to engage in a thorough analysis of the pleading standards a plaintiff must satisfy to survive a pre-discovery motion to dismiss such a claim.  Similarly, the Second Circuit also has not had occasion to consider the applicability of the exceptions to immunity set forth in the FSIA, 28 U.S.C. §1605, to claims based on a foreign sovereign's alleged participation in a conspiracy which led to a terrorist attack on American soil, the essence of the question presented by the claims against Saudi Arabia and those arising from the acts of Princes Sultan and Turki (in their personal capacities).  As these issues will recur throughout this litigation, a prompt review of this Court's decisions will

certainly promote judicial efficiency, by firmly establishing at an early stage the standards governing this Court's review of pending and future motions.

Moreover, granting certification will not lead to a cascade of "piecemeal appeals" as al Rajhi Bank speculates.  Plaintiffs anticipate that the appeals of the Court's judgments in favor of al Rajhi will focus largely on the level of specificity required in pleading a defendant's knowledge and intent in an action under the ATA and concerted action theories.  Once the pleading requirements applicable to such claims have been clarified through the appellate process, the parties will not need to revisit those standards with the Second Circuit again.  In fact, by clarifying the legal principles governing the jurisdictional and Rule 12(b)(6) defenses in this case, immediate appeals of the dismissals of these defendants will provide all parties with a clear set of standards to evaluate their likelihood of success on all claims.  By doing so, certification of the dismissals of these defendants under Rule 54(b) will almost certainly limit the number of future appeals, and also considerably streamline future proceedings in this Court.

For the foregoing reasons, al Rajhi Bank's reliance on <u>Hogan v. Consolidated Rail Corp.</u>, 961 F.2d 1021 (2d Cir. 1992), as expressed in its March 14 letter, is misplaced.  Neither <u>Hogan</u> nor its progeny addresses situations like the instant one, in which countless motions to dismiss similar to those already resolved <u>remain pending</u> before the district court.[5]  It is vital to resolve the standard for granting motions to dismiss in these novel matters <u>before</u> the bulk of them are determined, rather than have this Court and the parties rely upon potentially improper standards in evaluating the remaining motions to dismiss.  Thus, it is precisely because these issues will recur throughout this litigation that an immediate appeal is necessary.

---

[5]      <u>Hogan</u>, like the cases which followed, concern 54(b) procedure when the district court has already resolved <u>all</u> the pretrial motions before it from all defendants.  Indeed, the claims in <u>Hogan</u> had already reached the summary judgment stage before appellate review was sought.  961 F.2d at 1024.

**Fairness and Finality:**  In cases involving both dismissals based on a lack of personal jurisdiction and sovereign immunity grounds, considerations of fairness to the dismissed parties weigh heavily in favor of early appeal and swift, final dismissal from protracted litigation. Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir. 1993); Farrell v. Piedmont Aviation, Inc., 411 F.2d 812, 814-15 (2d Cir.), cert. denied, 396 U.S. 840 (1970).  In such cases, should this Court's order of dismissal ultimately be sustained, these parties are entitled to the finality that such relief promises as soon as possible, not years in the future, and without the substantial costs and uncertainty of being forced to monitor this litigation until an appeal finally ripens.  See Lombard, 1998 U.S. Dist LEXIS at *5 (if entry of a final judgment were delayed against dismissed parties, "in all likelihood they would incur additional litigation costs.")   It benefits all parties to have finality achieved at the earliest feasible date.

Moreover, an appellate ruling as to these jurisdictional issues will speed the ultimate resolution of this complex case, by providing all parties with a proper assessment as to their chances for success.  As Judge Sweet held recently in granting a 54(b) motion where, as here, "the principal and most significant issue in this case" of subject matter jurisdiction had been deemed lacking: "There is no just reason for delay here, as a determination on appeal of the crucial issue of the Court's subject matter jurisdiction will serve the interests of justice and of judicial economy by expediting a final resolution to this case." Correspondent Servs. Corp. v. J.V.W. Inv., Ltd., 2005 U.S. Dist. LEXIS 254, *8-9 (S.D.N.Y., Jan. 10, 2005).

Here, if on appeal the claims against the dismissed Defendants are reinstated, they may yet be tried with at least certain of the remaining claims.  Such considerations of judicial economy have been held to justify judgment pursuant to Rule 54(b) where the disposition of the remaining issues would not moot the legal basis for dismissal, and where years might pass before the ultimate disposition of the remaining claims. Cullen II, 811 F.2d at 712 (when the remedy

11

phase of surviving claims "could last years", no just reason for delay); Daniel v. Am. Bd. of Emergency Med., 212 F.R.D. 134, 139 (W.D.N.Y., 1999).  Moreover, it reduces the risk that these individuals accused of terrorist conspiracy might render themselves judgment-proof in the interim.  See Estate of Ungar, 304 F. Supp.2d 232, 241 (D.R.I. 2004) (justifying entry of partial judgment against defendant Hamas terrorist organization).

**Novel Issues of Law of Great Public Importance:**  Under Second Circuit precedent, cases which involve novel issues of law on appeal that will recur during the litigation and/or are of great public importance lend themselves easily to Rule 54(b) certification.  Hudson River Sloop Clearwater, Inc, 891 F.2d at 419 (regarding the alleged environmental threat caused by nuclear weapons on U.S. Navy ships stationed in New York harbor).

Without question, this Court's rulings on the Defendants' motions to dismiss address innovative issues regarding the scope of the exceptions to immunity set forth in the FSIA, and the standards for asserting claims against foreign aiders and abettors of a terrorist organization that attacks U.S. citizens on American soil.  These questions are of critical public importance as our Nation continues to develop a comprehensive framework for dealing with the ongoing threat of terrorism, and will recur throughout the course of this litigation.  Accordingly, these questions should be referred to the Second Circuit at an early stage in this complex litigation.

**Risk of Hardship Through Delay:**  The danger of hardship or injustice to parties through delay which could be alleviated by immediate appeal also serves as grounds justifying Rule 54(b) certification.  Hudson River Sloop Clearwater, Inc. at 19.

In the present case, delaying the appeals of the Court's dismissals of the Defendants until final disposition of all claims against all parties would give rise to substantial hardship, and severely prejudice Plaintiffs' efforts to enforce their legal rights.  Given the inherent complexity of this litigation, and the number of parties involved, it is reasonable to assume that it will be

several years before all claims brought in the consolidated actions are resolved in this Court. During that time, the reliability of evidence may degrade, and witnesses will disappear or become unavailable. Thus, delaying the appeals will severely impair Plaintiffs from effectively pursuing the claims against the Defendants, should those claims be reinstated. Moreover, in the event that the Court does reinstate the claims against any or all of the Defendants, Plaintiffs (and the Court) will be subjected to the burden of multiple costly trials.

Balancing the equities thus reveals significant advantages to the parties and to judicial administration by advancing these parties to partial judgment for review, and no obvious disadvantages. The legal issues to be appealed are discrete, and of great public importance. A grant of partial final judgment will provide finality for these parties, bring clarity to this area of law and hasten the ultimate resolution of this matter. Accordingly, there simply is no just reason to delay entry of judgments in favor of Saudi Arabia, Prince Sultan, Prince Turki, Prince Mohamed and al Rajhi Bank.

C.      In Parallel Circumstances, Rule 54(b) Certification Has Been Routinely Granted.

This is not the first time that plaintiffs in this Circuit have sought Rule 54(b) certification after their claims against foreign sovereigns were dismissed on grounds of FSIA immunity. Indeed, for all the aforementioned reasons, when plaintiffs in similar circumstances have sought Rule 54(b) certification, it has been granted.

One could not find a more similar case than Smith II v. Socialist People's Libyan Arab Jamahiriya, 101 F.3d 239, in which personal representatives of a victim of the Lockerbie tragedy filed civil suit in the Eastern District of New York against the Libyan government and individual defendants for their culpability in destroying a plane mid-flight. The district court had granted the Libyan government and related state organs FSIA-based immunity from a suit seeking damages from the Lockerbie bombing. Smith v. Socialist People's Libyan Arab Jamahiriya ,

13

886 F. Supp. 306 (E.D.N.Y. 1995) ("Smith I").  While the suit remained active against individual Libyan defendants complicit in the terrorist attack, plaintiffs sought appeal of the immunity determination, and Rule 54(b) certification was granted.  In ruling on that appeal, the Second Circuit simply noted in its procedural history of the case that the district court granted certification under 54(b), "because the suits remain pending against [the individual defendants]." Smith II, 101 F.3d at 241.[6]

Similarly, in Ministry of Supply, Cairo v. Universe Tankships, Inc., 708 F.2d 80 (2d Cir. 1983),  a grant below of sovereign immunity against governmental defendants was certified to the Second Circuit for immediate review under Rule 54(b), again without explicit justification for the certification appearing on the record.  Id. at 83.  See also Theo H. Davies & Co., Ltd. v. Republic of the Marshall Islands, 174 F.3d 969, 972 (9th Cir. 1998); Sherer v. Construcciones Aeronauticas, S.A., 987 F.2d 1246, 1248 (6th Cir. 1993) (same); Malarkey v. Texaco, Inc., 704 F.2d 674 (2d Cir. 1983) (certification under Rule 54(b) to review grant of 12(b)(6) motion to dismiss).

Courts have routinely granted Rule 54(b) partial judgment in parallel circumstances for the very reason that it is appropriate here.  The dismissals of the Defendants on the grounds of foreign sovereign immunity, lack of personal jurisdiction and failure to state a claim are, indeed, final judgments.  Because these separable claims are typically addressed by the district court in pre-discovery phase of litigation, it will not delay the ultimate trial of these claims to allow them to be appealed concurrently with the start of the fact-gathering process.  It works no additional hardship on any party by merely shifting the inevitable appeal of these issues from years from

---

[6]     The available record does not contain the actual order granting partial judgment.  The electronic docket reflects that approximately two months after the Court dismissed Libya on grounds of foreign sovereign immunity, plaintiffs sent a letter to the Court requesting certification of its judgment as final under Rule 54(b).  The request was granted by the Court without objection less than two weeks later.  See Smith v. Socialist People's Libyan Arab Jamahiriya et al, Civ. Action No. 94-0556, Docket Entries 48-49 (E.D.N.Y.)

now to the present day, and presents only the advantages of streamlining the case management

process and providing this court with bedrock confidence in its resolution of similar issues as

they arise in future motions to dismiss.

## CONCLUSION

For the reasons stated above, Plaintiffs are entitled to relief under Fed. R. Civ. P. 54(b),

and move that a partial judgments be entered in favor of defendants Kingdom of Saudi Arabia,

Prince Sultan, Prince Turki, Prince Mohamed and al Rajhi Bank so that an appeal of their

dismissals may be held expeditiously.  Plaintiffs respectfully request that the form of order

granting partial judgments explicitly state the reasons underlying the decision, in order to ensure

compliance with Second Circuit law.

Dated:  May 20, 2005

Respectfully submitted,

Respectfully Submitted,

/s/_____
Ronald L. Motley, Esq. (RM-2730)
Jodi Westbrook Flowers, Esq.
Donald A. Migliori, Esq.
Michael Elsner, Esq. (ME-8337)
Justin B. Kaplan, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone:  (843) 216-9000

Stephen A. Cozen (SC 1625)
Elliott R. Feldman (EF 8111)
Sean P. Carter (SC 0636)
Mark T. Mullen (MM 2384)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel:  (215) 665-2000

James P. Kreindler, Esq.
Justin T. Green, Esq.
Andrew Maloney, Esq.
KREINDLER & KREINDLER LLP
100 Park Avenue
New York, New York 10017-5590
Telephone: (212) 687-8181

Paul J. Hanly, Jr., Esq. (PH-5486)
Jayne Conroy, Esq. (JC-8611)
Andrea Bierstein, Esq. (AB-4618)
HANLY CONROY BIERSTEIN & SHERIDAN, LLP
112 Madison Avenue
New York, NY 10016
Telephone:  (212) 784-6400

For the Plaintiffs' Executive Committees

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to this Court's Case Management Order No. 2, on May 20, 2005, I caused a true and correct copy of the foregoing Notice of Motion For Entry of Final Judgments Regarding Defendants Kingdom of Saudi Arabia, Prince Sultan Bin Abdul Aziz Al Saud, Prince Turki Al Faisal Al Saud, Prince Mohamed Al Faisal Al Saud, and Al Rajhi Banking & Investment Co., Inc., to be served on all counsel of record electronically via the Court's Electronic Case Filing ("ECF") system.

Dated: May 20, 2005                                    /s/_____

                                                       Andrea Bierstein, Esq