UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
                                         :
In re Terrorist Attacks on September 11, 2001   :   03 MD 1570 (RCC)
                                         :   ECF Case
                                         :
---------------------------------------- x   **Oral Argument Requested**

This document relates to: *All Actions*


# SAUDI AMERICAN BANK'S OPPOSITION TO
# PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT

Henry Weisburg (HW 9820)
Brian H. Polovoy (BP 4723)
Daniel M. Segal (DS 2106)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000

**Attorneys for Defendant Saudi American Bank**

Defendant Saudi American Bank respectfully submits this memorandum of law in opposition to plaintiffs' motion for entry of final judgment pursuant to Rule 54(b) with respect to Al Rajhi Bank, one of the five defendants dismissed from these actions on the basis of Rule 12(b)(6). A Rule 54(b) certification would violate the strong federal policy disfavoring piecemeal appeals and is entirely inappropriate given the current posture of this case. If, however, the Court finds that a Rule 54(b) certification is warranted with respect to Al Rajhi, that certification should extend to all defendants (including Saudi American Bank) who have had claims dismissed on the basis of Rule 12(b)(6), not just a defendant cherry-picked by the plaintiffs.

## STATEMENT OF FACTS

This litigation, the consolidation of lawsuits arising from the September 11 terrorist attacks, involves hundreds of defendants and thousands of plaintiffs. A large number of defendants have already successfully moved to dismiss the claims against them; the motions to dismiss of other defendants are pending; still other defendants are in the process of briefing their motions to dismiss. These motions raise various grounds for dismissal, including failure to state a claim, lack of personal jurisdiction, lack of subject matter jurisdiction, and sovereign immunity.

On January 18, 2005, the Court issued its first Opinion and Order ("January 18 Order") deciding motions to dismiss. *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005). That Order dismissed claims against 29 different defendants with respect to various of the consolidated actions, including *Ashton*, *Burnett* and *Federal Insurance*. Claims against Al Rajhi, Saudi American Bank, Arab Bank, and Al Baraka (as well as the founder of Al Baraka's parent company, Saleh Abdullah Kamel) (collectively, "the 12(b)(6) Defendants") were dismissed on Rule 12(b)(6) grounds, as the complaints failed to state claims upon which relief

could be granted.  *Id.* at 837.  With respect to Saudi American Bank, *Ashton* and *Burnett* were dismissed, and Saudi American Bank's Rule 12(b)(6) motion to dismiss *Federal Insurance* is fully briefed and awaiting disposition.

In the January 18 Order, the Court found that the plaintiffs lumped the banking defendants together in alleging that they all "provided essential support" and "acted as instruments of terror." *Id.* at 831.  In granting the motions to dismiss of the 12(b)(6) Defendants, the Court reached substantively identical conclusions regarding the insufficiency of the allegations against the five defendants:

- Saudi American Bank:  "[Saudi American Bank] is not alleged to have done anything to directly support al Qaeda, Osama bin Laden, or their terrorist agenda . . . . Saudi American Bank is not alleged to have known that anything relating to terrorism was occurring through the services it provided."  *Id.* at 834.

- Al Rajhi:  "Plaintiffs do not allege that Al Rajhi Bank provided direct material support to al Qaeda."  *Id.* at 832.

- Arab Bank:  "The paragraphs [in the complaints] do not allege any involvement by, knowledge of, or participation in any wrongful conduct by Arab Bank."  *Id.* at 835.

- Al Baraka:  "The complaints do not allege that Al Baraka knew or had any reason to know that Al Haramain was supporting terrorism, nor do they allege facts from which such an inference could be drawn."  *Id.* at 836.

- Saleh Abdullah Kamel:  There is no "allegation that Mr. Kamel provided material support to terrorism or aided and abetted those that provided material support."  *Id*.

Notwithstanding the near-identity of circumstances applicable to the entire group of 12(b)(6) Defendants, the plaintiffs, for no openly stated reason, have now sought a Rule 54(b) certification <u>only</u> with respect to Al Rajhi Bank.  (Motion at 1.)  Not only have the plaintiffs failed to demonstrate any valid reason for departing from the federal courts' longstanding final order rule, they have also failed to offer any justification for cherry-picking among the 12(b)(6) Defendants.

**ARGUMENT**

An appeal under Rule 54(b) is inappropriate with respect to defendants dismissed pursuant to Rule 12(b)(6), and the plaintiffs' Motion in this respect is simply a tactical attempt to hand-pick for appeal a defendant that plaintiffs evidently perceive as a more attractive target.

**I.   ENTRY OF JUDGMENT UNDER RULE 54(b) IS INAPPROPRIATE**

Plaintiffs suggest in their Motion that an appeal under Rule 54(b) is customary and routine. In fact, certification under Rule 54(b) is the exception, and never the rule.

In discussing Rule 54(b), the Supreme Court has emphasized the importance of the "historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1024-25 (2d Cir. 1992). This Circuit has also stressed that Rule 54(b) certification is to be granted only as a matter of exception: "Because a district court should <u>exercise sparingly</u> its power to enter a final judgment before the entire case is concluded, '[t]he power which this Rule confers upon the trial judge should be used <u>only in the infrequent harsh case</u>.'" *Neewra, Inc. v. Manakh Al Khaleej Gen. Trading & Contracting Co.*, No. 03 Civ. 2936, 2004 WL 2813180, at *9 (S.D.N.Y. Dec. 6, 2004) (emphasis added) (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo,* 331 F.3d 29, 41 (2d Cir. 2003)). Certification should be granted only "where there exists some danger of hardship or injustice through delay which would be alleviated through immediate appeal." *Hogan*, 961 F.2d at 1025 (internal quotation marks omitted). The plaintiffs have not come close to demonstrating the hardship or injustice that would justify the clumsy procedural posture that would result from piecemeal appellate proceedings.

Further, the Second Circuit has made it clear that "[i]n the multiple party situation where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely

related issues remain to be litigated against the undismissed defendants." *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir. 1987).  This Court subsequently held that in circumstances where claims dismissed against certain defendants that "are still being litigated against the remaining defendants" and "arise out of allegations of a common fraudulent scheme," Rule 54(b) certification was not appropriate: "[a]dditional evidence acquired in the course of discovery in the action against the remaining defendants could lead this court to modify its dismissal to permit repleading against the [dismissed] Defendants . . . . Even if this Court were not to go so far as to modify the order of dismissal against these defendants, the Court of Appeals may be faced with extremely similar appeals from several other defendants . . . ." *In re Blech Sec. Litig.*, No. 94 Civ. 7696, 1997 WL 20833, at *2 (S.D.N.Y. Jan. 21, 1997)*; see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91 Civ. 2923, 1996 WL 609287, at *4 (S.D.N.Y. Oct. 23, 1996) (Rule 54(b) certification of a 12(b)(6) dismissal denied, "where the dismissed defendants are alleged to have participated in the same criminal transactions as those against whom claims are pending" and "plaintiffs have not established that the claims they wish to appeal are sufficiently separable from the remaining claims to justify entry of judgment pursuant to Rule 54(b).")

There is no question that the issues confronted by this Court with respect to Al Rajhi remain to be litigated against other defendants.  Indeed, plaintiffs admit as much when they argue that an immediate appeal will influence how the same issues will be resolved when "revisit[ed]" in the motions of other defendants.  (Motion at 10.)  With oral argument on the same or closely-related issues scheduled for later this month, plaintiffs' application clearly runs afoul of the precedents of the Second Circuit and this Court.[1]

---

[1] For example, the Court will hear oral argument on a motion to dismiss filed by Success Foundation on June 14 or 15.  This motion raises the same arguments as those raised by Al Rajhi (and by Saudi American Bank), including a claim-by-claim analysis as to why the complaints are not sufficiently pleaded.

Moreover, plaintiffs' hypothetical argument that a Rule 54(b) certification is warranted to avoid unnecessary retrials has been explicitly rejected by the Second Circuit. In *Hogan,* the Court held that the argument that certification should be granted "to avoid piecemeal trials, would be present in virtually any case in which the district court dismisses some of the parties from the case and proceeds to trial with respect to others. To deem sufficient under Rule 54(b) a finding simply that an immediate appeal might avoid the need for a retrial . . . could only contravene the federal policy against piecemeal appeals." 961 F.2d at 1026.

The plaintiffs have not come close to meeting the well-established and narrow exception to the final order rule embodied in Rule 54(b) that would justify entry of a final judgment against Al Rajhi at this time.

## II.   PLAINTIFFS SHOULD NOT BE PERMITTED TO CHERRY-PICK SPECIFIC DEFENDANTS FOR IMMEDIATE APPEAL

Plaintiffs have not explained why, of the multiple 12(b)(6) Defendants, Rule 54(b) certification should be granted only with respect to Al Rajhi Bank, and not with respect to any of the other banking defendants whose claims have been dismissed on Rule 12(b)(6) grounds. As described above, Saudi American Bank believes that the case law is clear that such certification is not appropriate for any of these defendants. But plaintiffs suggest that a review of Al Rajhi's dismissal would permit the Second Circuit to give this Court "clear guidelines as to the standards to be applied" to other motions to dismiss. (Motion at 9.) Why this Court is supposedly in need of such guidance as to the proper application of Rule 12(b)(6) is not clear, as this Court has considered and applied that Rule many, many times before. Further, as the Second Circuit has already made clear in *Hogan*, "the district court's preference to have pretrial appellate review of its assessment . . . is an improper basis for entry of an immediate partial final judgment." 961 F.2d at 1026.

But certainly if Rule 54(b) certification is appropriate as to one dismissed 12(b)(6) Defendant, it is appropriate for all, including Saudi American Bank. With no legal basis for picking only one 12(b)(6) defendant, we are left to conclude that plaintiffs' choice of Al Rajhi Bank is tactical, rather than legal. It is evident that plaintiffs, for whatever reason, believe Al Rajhi Bank is somehow an easier target on appeal. But plaintiffs should not be permitted to pick and choose among similarly situated defendants for one they believe will maximize their chance on appeal. If plaintiffs really desire "judicial efficiency" (as they claim, Motion at 8), and think these cases should be appealed now, then there is no reason that all of the 12(b)(6) defendants should not be included in any appeal.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for an entry of final judgment as to Al Rajhi Bank should be denied.

Dated:   New York, New York
         June 6, 2005

Respectfully submitted,

**SHEARMAN & STERLING LLP**

By:  _____/s/_____
     Henry Weisburg (HW 9820)
     Brian H. Polovoy (BP 4723)
     Daniel M. Segal (DS 2106)
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000

*Attorneys for Defendant Saudi American Bank*

NYDOCS04/431679.5                                6