UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

IN RE TERRORIST ATTACKS ON           Civil Action No.
SEPTEMBER 11, 2001                            03 MDL 1570 (RCC)

----------------------------------------------------------x

This document relates to:

    *Thomas E. Burnett, Sr., et al. vs. Al Baraka*
    *Investment and Development Corp., et al.*
    03 CV 9849 (RCC)

### MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT PLAINTIFFS' OPPOSITION TO MOTIONS TO DISMISS

Plaintiffs seek leave to supplement their opposition to three pending motions to dismiss, those filed by Defendants Wa'el Jelaidan (D96); Khalid Bin Mahfouz (D81); and Yousef Jameel (D201). The motion should be granted because Plaintiffs have acquired additional information demonstrating that this Court has personal jurisdiction over these Defendants.

## Procedural Background

On September 12, 2003, Defendant Khalid Bin Mahfouz filed a motion to dismiss all claims against him. Bin Mahfouz asserted, among other defenses, that the Court lacks personal jurisdiction over him. Plaintiffs filed their opposition papers on November 7, 2003, and Bin Mahfouz filed his reply on December 12, 2003. Defendant Wa'el Jelaidan filed his motion to dismiss on October 30, 2003. He, too, asserted that the Court lacks subject matter jurisdiction over him. Plaintiffs filed their opposition papers on May 14, 2004, and Jelaidan filed his reply on June 4, 2004. Yousef Jameel filed a motion to dismiss on July 16, 2004, also asserting that the Court lacks subject matter jurisdiction. Plaintiffs filed their opposition papers on October 18, 2004, and Jameel filed his reply on December 17, 2004. In their opposition to these motions to

dismiss, Plaintiffs argued, *inter alia*, that the Defendant's role in founding and funding al Qaeda, as evidenced by the so-called "Golden Chain" list and related documents, demonstrated that the Defendant had sufficiently directed his conduct at the United States to subject him to jurisdiction in the United States. None of these motions has been argued or decided.

On January 18, 2005, the Court issued its decision on the first substantive group of motions to dismiss be argued in this Court. With respect to certain of the Defendants in that group, Plaintiffs argued, *inter alia*, as they did with Messrs. Bin Mahfouz, Jelaidan, and Jameel, that the appearance of Defendants' names on the "Golden Chain" list demonstrated a sufficient role in the founding and funding of al Qaeda to establish the Court's jurisdiction over them. Although the Court agreed that Defendants who purposefully direct their conduct at the United States may be subject to jurisdiction here, the Court nonetheless found Plaintiffs' submissions regarding the "Golden Chain" to be insufficient to demonstrate a basis for jurisdiction. Specifically, the Court noted: "[W]ith no indication who wrote the list, when it was written, or for what purpose, the Court cannot make the logical leap that the document is a list of early al Qaeda supporters." *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp.2d 765, 801 (2005). Rather, the Court concluded, the "Golden Chain" document "is only a list of names found in a charity's office." 349 F. Supp.2d at 802. Plaintiffs respectfully disagree.

Therefore, Plaintiffs seek to submit to the Court supplemental evidence and authorities to provide the Court with additional information about the "Golden Chain" list and documents in support of the pending, but not yet heard, motions to dismiss.

## Argument

This Court should permit Plaintiffs to supplement their opposition papers in the interests of justice. It has long been established that federal courts should decide issues on their merits,

not on the basis of mere technicalities.  *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *Estwick v. U.S. Air Shuttle*, 950 F.Supp. 493, 499 (E.D.N.Y. 1996) (recognizing "clear federal preference for resolving disputes on the merits"); *see also* Fed.R.Civ.P. 1 (federal rules to be construed to secure the "just . . . determination of every action.").

Defendants' motions to dismiss should not be decided without consideration of all the evidence demonstrating this Court's jurisdiction.  Moreover, because the motions at issue have not yet been heard or decided, there can be little or no prejudice to Defendants in permitting Plaintiffs to supplement their opposition to give the Court a more complete record.  Although Plaintiffs' supplemental material may cause the resolution of at least one motion to be somewhat delayed,[1] that delay would allow the motions to be decided on the basis of a more complete and accurate record.  In its Order of January 18, 2005, the Court identified what it believed to be defects in Plaintiffs' prior submissions as to *prima facie* showings for purposes of personal jurisdiction.  In the intervening time, Plaintiffs have attempted to remedy those defects and to provide the Court with the information it requested.  Because Plaintiffs have been able to accomplish this before the Bin Mahfouz, Jelaidan, and Jameel motions are heard or otherwise decided, this Court should permit Plaintiffs to supplement their oppositions and demonstrate to the Court the significance of the appearance of these Defendants' names on the "Golden Chain" list and related documents.

## Conclusion

For the foregoing reasons, this Court should grant Plaintiffs' motion and permit Plaintiffs to file their supplemental opposition papers – the Affidavit of David K. Draper, attachments and

---

[1] The Jelaidan motion is the motion most likely to be delayed by this filing.  Plaintiffs do not oppose a reasonable period of time for these Defendants to submit supplemental reply papers.

exhibits thereto and the supplemental memorandum of law – in opposition to the motions to dismiss filed by Wa'el Jelaidan (D96); Khalid Bin Mahfouz (D81); and Yousef Jameel (D201).

Dated: June 8, 2005　　　　　　　　Respectfully submitted,
New York, New York

　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Ronald L. Motley, Esq. (RM-2730)
　　　　　　　　　　　　　　　　Jodi Westbrook Flowers, Esq.
　　　　　　　　　　　　　　　　Donald A. Migliori, Esq.
　　　　　　　　　　　　　　　　Michael Elsner, Esq. (ME-8337)
　　　　　　　　　　　　　　　　Robert T. Haefele, Esq. (NJ-58293; PA-57937)
　　　　　　　　　　　　　　　　Elizabeth Smith, Esq.
　　　　　　　　　　　　　　　　Justin B. Kaplan, Esq. (TN-022145)
　　　　　　　　　　　　　　　　MOTLEY RICE LLC
　　　　　　　　　　　　　　　　28 Bridgeside Boulevard
　　　　　　　　　　　　　　　　P.O. Box 1792
　　　　　　　　　　　　　　　　Mount Pleasant, South Carolina 29465
　　　　　　　　　　　　　　　　Telephone:  (843) 216-9000

　　　　　　　　　　　　　　　　Paul J. Hanly, Jr., Esq. (PH-5486)
　　　　　　　　　　　　　　　　Jayne Conroy, Esq. (JC-8611)
　　　　　　　　　　　　　　　　Andrea Bierstein, Esq. (AB-4618)
　　　　　　　　　　　　　　　　HANLY CONROY BIERSTEIN & SHERIDAN, LLP
　　　　　　　　　　　　　　　　112 Madison Avenue
　　　　　　　　　　　　　　　　New York, NY 10016
　　　　　　　　　　　　　　　　Telephone:  (212) 784-6400

　　　　　　　　　　　　　　　　Harry Huge, Esq. (DC-55640)
　　　　　　　　　　　　　　　　HARRY HUGE LAW FIRM, LLP
　　　　　　　　　　　　　　　　Market Square North
　　　　　　　　　　　　　　　　401 Ninth Street, N.W., Suite 450
　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　Telephone:  (202) 824-6046

　　　　　　　　　　　　　　　　Allan Gerson, Esq. (DC-327494)
　　　　　　　　　　　　　　　　ATTORNEY AT LAW
　　　　　　　　　　　　　　　　4221 Lenore Lane
　　　　　　　　　　　　　　　　Washington, DC 20008
　　　　　　　　　　　　　　　　Tel:  (202) 966-8557

　　　　　　　　　　　　　　　　Attorneys for Plaintiffs