UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001<br>This document relates to:<br><br>CANTOR FITZGERALD & CO., et al,<br>　　　　　　　　　Plaintiffs,<br>　　　　v.<br><br>AKIDA BANK PRIVATE LTD., et al.,<br>　　　　　　　　　Defendants. | MDL No. 03 MD 1570 (RCC)<br><br>NO. 04 CV 7065 (RCC) |

**MEMORANDUM OF LAW OF DALLAH AL BARAKA IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS MOTION TO DISMISS OUT OF TIME**

Defendant Dallah Al Baraka Group LLC ("Dallah") seeks to file its Motion to Dismiss the First Amended Complaint ("FAC") out of time because Defense Counsel has been out of the country the last two weeks and because Defendant Dallah had optimistically hoped to reach an agreement with the Plaintiffs to voluntarily dismiss the FAC as to Defendant Dallah. Defendant Dallah only recently learned that Plaintiffs intended to oppose its effort to secure a voluntary dismissal from the case.

**I.      Procedural Status**

Defendant Dallah was originally required to answer the FAC on September 20, 2004. However, Defendant Dallah secured Plaintiffs consent to extend the time to answer until December 6, 2004.

Following the Court's January Order on various motions to dismiss, Defendant Dallah again secured additional time to respond to the Complaint in order to determine the effect of the Court's decision on the case against Defendant Dallah. On March 18, 2005, after determining that the FAC did not state any different claim against Defendant Dallah than those claims dismissed against Defendants Saleh Kamel ("Kamel) and Al

Baraka Investment and Development Corporation ("ABIDC") in <u>Burnett</u> and <u>Ashton</u>, Defendant Dallah sought an additional extension to file a response to the FAC until May 16, 2005.  Due to overseas business travel, Defense Counsel also secured Plaintiffs' consent for a further extension until June 3, 2005.  However, Plaintiffs' Counsel never filed the stipulation, despite the agreement.

Defendant Dallah had optimistically hoped that Plaintiffs would voluntarily dismiss the FAC against Defendant Dallah, given the Court's January Order.  After an exchange of correspondence interrupted by overseas business travel, on June 7, 2005, Defendant Dallah learned that its efforts to conserve judicial resources, money and time, by having Defendant Dallah voluntarily dismissed from the FAC would not be successful.

**II.    Argument**

Federal Rules of Civil Procedure Rule 6(b) provides that the Court may, in its discretion, allow a motion to be filed out of time as a result of excusable neglect.  In this situation, Defendant Dallah did not timely file its motion to dismiss by June 3, 2005, because it had hoped that Plaintiffs would recognize that the FAC's allegations against Defendant Dallah were practically identical to the Court ordered dismissed allegations against Defendants Kamel and ABIDC in the <u>Burnett</u> and <u>Ashton</u> matters, and would voluntarily dismiss the FAC as to Defendant Dallah.  <u>See</u> January 18, 2005 Order of J. Casey.  Defendant Dallah used the time leading up to June 3, 2005 and the time since then to unsuccessfully explain this position to Plaintiffs.

Given the identical nature of the allegations, Defendant Dallah sought to persuade Plaintiffs to dispense with the formality of motions practice and respect the Court's

2

interest in conserving judicial resources, time and money through a voluntary dismissal. However, Defendant Dallah did not receive a final response from Plaintiffs as to its endeavors until June 7, 2005, at which time Plaintiffs rejected Defendant Dallah's efforts to conserve judicial resources and avoid relitigating issues that have essentially already been decided by this Court.

    Defendant Dallah's good faith efforts to resolve its dispute with Plaintiffs without the time and money involved in additional litigation makes Defendant Dallah's failure to file its motion to dismiss by June 3, 2005, excusable and is sufficient good cause for allowing Defendant Dallah to file its motion out of time.  Moreover, because Defense Counsel was out of the country during the last week of May and the first week of June, 2005, Defendant Dallah should be granted leave to file its motion to dismiss out of time for that separate reason as well.

    WHEREFORE, Defendant Dallah respectfully requests that the Court grant its motion for leave to file out of time its Motion to Dismiss.

Dated: Washington, DC
       June 9, 2005                **MARTIN MCMAHON & ASSOCIATES**

                                          By:_____/s/_____
                                          Martin F. McMahon, Esq., M.M., 4389
                                          Martin McMahon & Associates
                                          1150 Connecticut Ave., N.W.
                                          Ste. 900
                                          Washington, D.C.  20036
                                          (202) 862-4343

                                          *Attorneys for Defendant Dallah Al Baraka*