UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MDL No. 03 MD 1570 (RCC)**

| | |
|---|---|
| IN RE TERRORIST ATTACKS SEPTEMBER 11, 2001 | Civil Action No. 04-CV-07065 (RCC) |
| This document relates to: | |
| CANTOR FITZGERALD & CO., *et al.* | |
| Plaintiffs v. | |
| AKIDA BANK PRIVATE LIMITED., *et al.* | |
| Defendants | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DALLAH AL BARAKA GROUP, LLC'S MOTION TO DISMISS

**I. INTRODUCTION**

May it please the Court, Defendant Dallah Al Baraka Group, LLC ["Defendant Dallah"] hereby moves to dismiss all the allegations against it, and submits this Memorandum of Law in support of its Motion to Dismiss based on the failure to state a claim and the doctrine of issue preclusion. This Court has already heard and ruled on mirror/identical claims made in Ashton and Burnett, which were successfully dismissed "in their entirety" by this Court in its January 18, 2005 Order and Opinion, at p. 60 (hereinafter "Opinion").

The major allegations against Defendant Dallah in the instant complaint fall into three very familiar categories: a) allegations that Defendant Dallah is owned by Defendant Sheikh Saleh Abdullah Kamel ("Kamel"), who made an investment in Al Shamal Bank and who allegedly appears on the "Golden Chain" list (a document discussed at length and dismissed by this Court as without evidentiary merit), [Opinion, at pp. 40-42; Cantor Complaint, (hereinafter

"Complaint") para. 101]; b) that Dallah has made various investments and is a shareholder in various Islamic banks (a.k.a "funnels", per Judge Robertson's opinion in Burnett v. Al Baraka Iv. & Dev. Corp., 274, F. Supp.2d 86, 109 (D.D.C. 2003) ("Burnett I"), and this Court's Opinion on pp. 55, 57, & 58), including Al Shamal and Al Tadamon Banks [Complaint, paras. 99, 126]; and c) claims under RICO alleging that Dallah "aided and abetted others who lent material support to Al Qaeda, and otherwise engaged in racketeering activity" [Complaint, para. 105].

Defendants Kamel and Al Baraka Investment and Development Corp. ("ABIDC") thoroughly and fully briefed all of the issues raised by those allegations—including how the RICO claims failed as a matter of law even if "economic" damages were availing—and were successful in their motions to dismiss all claims against them. As this Court knows, all claims made against Defendants Kamel and ABIDC in Ashton and Burnett were dismissed "in their entirety" [Opinion, at p. 60]. Under the circumstances, filing another motion on behalf Defendant Dallah but briefing the identical legal issues and arguments is unnecessary and a waste of judicial resources in light of this Court's lengthy and thoughtful opinion. The opinion, and the obvious workmanship that went into it, represents a commendable, but apparently unsuccessful, effort towards narrowing the issues herein and substantially decreasing the pool of Defendants [over 200 as noted on p. 1 of the Opinion].

For the court's edification, Defendants, via the undersigned counsel, attempted with three separate Plaintiff's lawyers to elicit what precisely is different about their allegations from the allegations dismissed in both Ashton and Burnett, so as not to waste anymore of the Court's time or resources. Unfortunately, that effort proved unsuccessful and necessitated the instant filing.

## II. THE ALLEGATIONS AGAINST DEFENDANT DALLAH AL BARAKA GROUP ARE MIRROR IMAGES OF THE ALLEGATIONS AGAINST DEFENDANTS KAMEL AND ABIDC

As detailed in the memoranda filed in support of the motions to dismiss for Defendants Kamel and ABIDC in <u>Ashton</u>, <u>Burnett</u>, and <u>Federal Insurance</u>, and the instant case, there is no good faith basis for advancing what are essentially identical allegations made against Defendant Dallah in the instant complaint.[1]  Rather than further burden the court by rearguing the same issues in another lengthy memorandum, Defendant Dallah will simply rely upon the arguments made in the prior briefs, which included substantial lack of subject matter jurisdiction arguments.[2]

The allegations made against Defendant Dallah in the <u>Cantor</u> Complaint are mirror images of those made against Defendants Kamel and ABIDC, and are almost identical to those claims already dismissed in their entirety by this Court.  Even, for example, if Plaintiffs attempt to connect Defendant Dallah to Osama Bin Laden via Dallah's partial ownership in Saudi American Bank ["SAB"], [see Complaint, para. 99], this Court has already dismissed such a sensational and unfounded claim against SAB itself [Opinion, at p. 58].  Thus, in an effort to conserve judicial resources Defendant Dallah hereby refers the Court to the memorandum of law filed herein in support of Defendant Kamel and ABIDC's motions to dismiss in this case.

> Additional, conclusory, and quite familiar allegations (see Dallah Avco as an example) made against Defendant Dallah are as follows:

---

[1] The plaintiffs seem to concede this in lumping all the Defendants together as "Al Baraka" (Complaint, para. 102)

[2] For the specific arguments made on behalf of Defendants Kamel and ABIDC, <u>see</u> <u>Kathleen Ashton v. Al-Qaeda Islamic Army</u>, 02-CV-6977, Memorandum of Defendants Saleh Abdullah Kamel and Al Baraka Investment & Development Corporation In Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim for which Relief Can be Granted, March 19, 2004; <u>Federal Insurance Company v. Al Qaida</u>, 03-CV-6978, Memorandum of Law of Saleh Kamel and Al Baraka Investment and Development Corporation In Support of Their Motion to Dismiss the First Amended Complaint, July 30, 2004; <u>and see also</u> <u>Cantor Fitzgerald v. Akida Private Limited</u>, 04-CV-07065, Memorandum of Defendants Saleh Abdullah Kamel and Al Baraka Investment & Development Corporation In Support of Their Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim For Which Relief Can be Granted, December 6, 2004.

      1. That Dallah Al Baraka Group [mistakenly referred to also as "Al Baraka Bank"] is a financial conglomerate based in Jeddah, Saudi Arabia, within which are twenty-three banks and investment groups [Complaint, para. 98 and 102].

      2. That a Dallah subsidiary, Dallah Avco Trans-Arabia Ltd., once employed Omar Al Bayoumi, who allegedly paid rent for two September 11 terrorists [Complaint, para. 100].

      3. That Dallah was founded by Defendant Kamel, whose name appears on the so-called "Golden Chain" list [Complaint, para. 101].

      4. That Dallah subsidiary Defendant ABIDC serves as its financial arm and is referred to as "Al Baraka Bank" [Complaint, para. 102].

      5. That Dallah aided and abetted others who lent material support to Al Qaeda and otherwise engaged in racketeering activity in violation of RICO laws [Complaint, para. 105].

      6. That Dallah is a major shareholder in an alleged "funnel," Al Tadamon Islamic Bank [Complaint, para. 126].

      As was stated in Defendants Kamel and ABIDC's memorandum of law in support of their motion to dismiss the Cantor claims, the claims against Defendant Dallah are merely "conclusory allegations of proximate cause" which fail to allege any detailed factual allegations with respect to [all] Defendants "from which reasonable inferences can be drawn showing that the alleged extraterritorial activities . . . had a direct and foreseeable effect on the United States. [See Cantor, Motion to Dismiss on behalf of Defendants Kamel and ABIDC, Memorandum of Law, (herein "Defendant's Memorandum") p. 15 & 16]. Moreover, in that memorandum and as recognized by this court [Opinion p. 57], Defendants also cited the obvious proposition that a Court "is not bound to accept as true a legal conclusion couched as a factual allegation." (Defendant's Memorandum, at pp. 17 & 23, quoting Papasan v. Allain, 478 US 265, 286 (1986), citing to Briscoe v. LaHue, 663 F 2d 713, 723 (7th Cir, 1981)).

4

**III. IN THE INTEREST OF JUDICIAL ECONOMY AND FAIRNESS TO THE PARTIES, THE MOTION TO DISMISS SHOULD ALSO BE GRANTED BASED ON THE DOCTRINE OF ISSUE PRECLUSION**

In the interest of conserving judicial resources, Defendants have three times attempted to contact Plaintiffs' attorneys to narrow the issues in the present matter, and to determine what, if any, differences exist between the present Cantor allegations and the allegations dismissed in their entirety in Ashton and Burnett. Specifically, Defendants have asked Plaintiffs what is so different about their complaint so as to require another round of briefing schedules and oral argument on the same issues? Defendant Dallah has thus submitted an abbreviated motion to dismiss which will hopefully force the Plaintiffs to specify in their response the distinct and non-conclusory allegations that: a) were not raised in the Ashton and Burnett briefs, Defendants' reply memoranda, during oral argument, or discussed in this court's opinion; and b) due to their substantive and non-conclusory nature, warrant, in effect, re-litigating this court's opinion.

It appears that the Plaintiffs are attempting to establish a very dangerous precedent by, in effect, ignoring this Court's ruling and the reasoning contained therein. Any impression that parties can re-litigate substantially similar, if not identical, allegations made against Defendants who have essentially been accused of being international terrorists would seriously undercut the well-established judicial doctrine of issue preclusion.

Under the doctrine of issue preclusion, once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in subsequent suit based on a different cause of action involving a party to the prior litigation. Montana v. United States, 440 U.S. 147, 153 (1979). A party is collaterally estopped from raising an issue in a proceeding if: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the resolution of the issue was necessary to support a

valid and final judgment on the merits; and (4) the party had a full and fair opportunity to litigate the issue. Bear Stearns& Co., Inc. v. 110958 Ontario, Inc., No 04-3632, 2005 2nd Cir. LEXIS 9538 at *9 (2nd Cir. May 25, 2005) (citing Interoceanica Corp. v. Sound Pilots, Inc., 107 F. 3d 86, 91 (2nd Cir. 1997)).

As this Court knows, the doctrine of issue preclusion serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94 (1980); see also M.J. Woods v. Conopoco, Inc., 271 F. Supp. 2d 576, 581 (S.D.N.Y. 2003)(bearing in mind the need to consider "fairness to the parties, conservation of the resources of the court and the litigants and the societal interest in consistent and accurate results, (citing Buechel v. Bain, 766 N.E. 2d 914, 919 (N.Y. 1988)). Allowing the Plaintiffs to continue to advance virtually identical allegations would seriously undercut the vitality of this doctrine.  It is an irresponsible use of judicial resources and places an unfair and expensive burden on all parties.  Defendant Kamel in particular has had his personal reputation slandered and his business interests have seriously suffered simply as a result of simply being named herein.

**IV. CONCLUSION**

The instant motion to dismiss, along with the companion motions filed herein by Defendants Kamel and ABIDC, should all be granted based on considerations of: a) a basic failure to state a claim (as already recognized by this Court); b) conserving judicial resources; c) the doctrine of issue preclusion; and d) the unfair and expensive litigation burden which will be necessitated by preparing and filing fourteen additional motions to dismiss.

Dated:  Washington, DC
       June 9, 2005                        **MARTIN MCMAHON & ASSOCIATES**

                                              By:_____/s/_____

          Martin F. McMahon, Esq., M.M., 4389
          Martin McMahon & Associates
          1150 Connecticut Ave., N.W.
          Ste. 900
          Washington, D.C.  20036
          (202) 862-4343

          *Attorneys for Defendant Dallah Al Baraka*