UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re Terrorist Attacks on September 11, 2001        03 MDL 1570 (RCC)
                                                     ECF Case

-------------------------------------------------------------x

CANTOR FITZGERALD & CO., et al.,

        Plaintiffs,                           04 CV 7065 (RCC)
                                                     ECF Case
    v.

AKIDA BANK PRIVATE LIMITED, et al.,

        Defendants.
-------------------------------------------------------------x

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DALLAH AL BARAKA'S MOTION FOR LEAVE TO FILE ITS MOTION TO DISMISS OUT OF TIME

        Plaintiffs Cantor Fitzgerald & Co., and affiliates ("Cantor Fitzgerald"), and the Port Authority of New York & New Jersey, and affiliates (the "Port Authority") file this Memorandum of Law in Opposition to defendant Dallah Al Baraka's Motion for Leave to File its Motion to Dismiss Out of Time in the above-captioned matter consolidated as part of 03 MDL 1570.

        Dallah now is in default by nearly seven weeks on filing its responsive pleading to plaintiffs' complaint. Although Cantor Fitzgerald and the Port Authority do not oppose Dallah's request to untimely file its motion to dismiss, plaintiffs object to Dallah's Motion for Leave for several reasons, including Dallah's multiple significant misrepresentations of the parties' course of dealing regarding the briefing schedule for this motion and its abrupt filing of its motion while the parties' were negotiating an amicable resolution.

        Plaintiffs therefore submit herewith a proposed order setting forth a briefing schedule for Dallah's motion to dismiss and the motions to dismiss of affiliated defendants Saleh Kamel

and Al Baraka Investment and Development Corporation ("Al Baraka"), who also are represented by Dallah's counsel and who also failed to respond to plaintiffs' efforts to finalize briefing schedules on those defendants' motions to dismiss.  The proposed Order efficiently resolves any disputes regarding the dates by which these parties shall file further motion to dismiss papers.

ARGUMENT

Dallah's Motion for Leave materially misrepresents the parties' prior agreement regarding the briefing schedule on Dallah's proposed motion to dismiss.  Directly contrary to Dallah's representations, plaintiffs never agreed to extend Dallah's time to answer or otherwise respond to plaintiffs' complaint to June 3, 2005, never reached any stipulated briefing schedule with Dallah, and never consented to file such a stipulation with the Court.  Notwithstanding plaintiffs' repeated efforts to work with Dallah's counsel to reach a mutually agreeable and efficient briefing schedule, Dallah has failed to meet two stipulated deadlines for its responsive pleading, has been in default on plaintiffs' complaint since May 16, 2005, and abruptly called off the parties' efforts to resolve this dispute informally.

In its Memorandum of Law, Dallah states "Due to overseas business travel, Defense Counsel also secured Plaintiffs' consent for a further extension until June 3, 2005.  However, Plaintiffs' Counsel never filed the stipulation, despite the agreement." *See* Memorandum of Law of Dallah Al Baraka in Support of its Motion for Leave to File its Motion to Dismiss Out of Time at page 2.  These two statements are patently false.  Plaintiffs never consented to grant Dallah an extension of time to file a responsive pleading to June 3, 2005 and never agreed to file a stipulation extending Dallah's time to respond to June 3, 2005.  To correct the record, plaintiffs describe below the events concerning Dallah's overdue responsive pleading.

Unlike nearly all other defendants with whom Cantor Fitzgerald and the Port Authority have reached amicable resolutions to scheduling disputes, Dallah failed to meet two stipulated pleading deadlines and, in an effort to seek permission to file late, misrepresents its prior agreements with plaintiffs.  Early in the case, Dallah requested an extension on their time to answer or otherwise respond to plaintiffs' complaint.  Cantor Fitzgerald and the Port Authority granted Dallah an extension of time to respond until December 6, 2004.  On December 6, Dallah <u>failed</u> to file its responsive papers, which it neglected to inform the Court in its Motion for Leave.  Consequently, plaintiffs' counsel contacted Dallah's counsel regarding this deficiency.  Dallah's counsel requested additional time to respond.  Plaintiffs agreed and filed a stipulation with the Court, dated February 1, 2005, that extended Dallah's response deadline until May 16, 2005.  Affidavit of Jonathan M. Goodman ("Goodman Aff."), Ex. 6.

On May 4, 2005, Dallah's counsel Christopher Brown advised plaintiffs' counsel Stacey Saiontz by email, "Our responsive pleading in the Cantor Fitzgerald case is due on May 16, 2005.  Will you agree to an extension of this time to June 3, 2005?"  *See* Goodman Aff., Ex. 1.  On May 10, 2005, Ms. Saiontz responded, "We are amendable to granting Dallah Albaraka Group LLC an extension to June 3, 2005 <u>if</u> you will agree to set the due date for our clients' opposition brief as 75 days from June 3, 2005.  Please let us know."  *See* Goodman Aff., Ex. 2 (emphasis added).  Plaintiffs never received a response to their conditional counter-proposal.  Thus, plaintiffs never consented to the requested extension to June 3, 2005.

In fact, the next communication plaintiffs received from Dallah's counsel concerning the extension was not until May 24, 2005, nine days <u>after</u> Dallah's filing deadline.[1]  In a May 24 email, Mr. Brown stated,

---

[1] Dallah's counsel Martin McMahon sent a letter to plaintiffs' counsel Kenneth Adams "dated" April 6, 2005 requesting that plaintiffs dismiss Dallah from the lawsuit.  Contrary to the stated "date," this letter was postmarked on May 11, 2005 and received by plaintiffs' counsel on May 13, 2005, only three days before Dallah's responsive pleading was due.  This letter makes

> We originally asked for an extension until June 3, 2005 for filing a response on behalf of Dallah Group, LLC to the Cantor Fitzgerald litigation. However, it appears that we may need an additional month to respond to the complaint. <u>We are will[ing] to stipulate that your opposition will be due 75 days from the date that we agree upon</u>. Is this amenable to you?

*See* Goodman Aff., Ex. 4 (Emphasis added). Plaintiffs' counsel sent a responsive letter on June 7, 2005:

> We are in receipt of Chris Brown's email request for an extension on the response date for Dallah Al Baraka. <u>As you know, this is the second time that Dallah Al Baraka has not met its stipulated deadline for filing a response.</u> In the spirit of cooperation and efficiency, we agree to extend Dallah Al Baraka's time to answer or otherwise respond to thirty (30) days from the date of this letter and will set our opposition papers if any, as due forty-five (45) days from receipt of your client's papers. To best serve judicial economy and the efficient use of the parties' resources, <u>we condition this extension on your agreement to set the due dates for Cantor Fitzgerald's and The Port Authority's oppositions to the motions to dismiss of Saleh Kamel and Al Barka as seventy-five (75) days from the date of this letter.</u> In the interim, we will continue to consider your requests for dismissal of these entities as is set forth in your letters to Kenneth Adams of May 10, 205 and May 17, 2005, but believe that any decision in this regard is premature at this point.

*See* Goodman Aff., Ex. 5 (emphasis added).

Defense counsel Chris Smith contacted Mr. Goodman in response to the June 7 letter. Mr. Smith asked Mr. Goodman about the timing of plaintiffs' three opposition papers and the overall briefing schedule on these motions, as set forth in the June 7 letter. Goodman Aff. ¶ 7. Mr. Goodman explained the parties' prior agreement, with which Mr. Smith was not familiar, and asked whether defendants would agree to plaintiffs' proposed briefing schedule. Goodman Aff. ¶ 7. Mr. Smith called back and advised Mr. Goodman that Dallah would file its Motion for Leave without further negotiation. Goodman Aff. ¶ 8. Mr. Smith stated that he believed

---

absolutely no mention of an extension of Dallah's due date nor of any "overseas business travel." *See* Goodman Aff., Ex. 3.

4

plaintiffs had extended Dallah's deadline to June 3. Goodman Aff. ¶ 8. Mr. Goodman advised Mr. Smith that the parties had never reached such an agreement. Goodman Aff. ¶ 8.

In addition, plaintiffs previously agreed to a stipulated motion to dismiss briefing scheduling with defendants Saleh Kamel and Al Baraka on February 1, 2005.[2] *See* Goodman Aff., Ex. 6. This stipulation provided that the parties agreed to stay further briefing on Saleh Kamel's and Al Baraka's motions to dismiss and would file a separate stipulation and proposed order regarding a new briefing schedule after the Court held its next case status conference in MDL 1570. *See id.*[3] Cantor and the Port Authority attempted to negotiate a briefing schedule that would permit plaintiffs to file the oppositions for Saleh Kamel, Al Baraka and Dallah simultaneously, for efficiency purposes. *See, e.g.,* Goodman Aff. ¶¶7-8 and Ex. 5. As opposed to working with plaintiffs, defense counsel ignored plaintiffs' request and abruptly filed motion papers with the Court.

Notwithstanding defendants' unacceptable conduct, Plaintiffs do not object to allowing Dallah to file its motion to dismiss late. However, given that Dallah now is more than seven weeks past its responsive pleading deadline, that Dallah failed to meet two prior extensions of its responsive pleading deadline, the material misrepresentations contained in Dallah's application, and defense counsel's repeated failures to live up to its word and agree to a briefing schedule, plaintiffs respectfully request that the Court extend the time by which Cantor Fitzgerald and the Port Authority must file any opposition papers to the Dallah, Saleh Kamel and Al Baraka motions to dismiss to sixty days from the date of entry of the simultaneously submitted proposed Order.

---

[2] Kamel and Al Baraka filed their motions to dismiss plaintiffs' complaint on December 6, 2004. *See* Goodman Aff., Ex. 6.

[3] The next court appearance after February 1, 2005 is the June 14, 2005 motions hearing. Therefore, the new stipulated briefing schedule presumably was to be filed after the June 14 and 15 arguments.

5

## CONLCUSION

Although plaintiffs Cantor Fitzgerald and the Port Authority do not oppose Dallah's request to untimely file its motion to dismiss, for the reasons set forth herein and in all accompanying papers, with exhibits, plaintiffs respectfully request that the Court extend the time by which plaintiffs must file their opposition papers to the motions to dismiss of defendants Dallah Al Baraka, Saleh Kamel and Al Baraka Investment and Development Corporation pursuant to the proposed Order submitted herewith.

Dated: June 13, 2005           Respectfully submitted,
       New York, New York

                                  /S/  Jonathan M. Goodman
                               Kenneth L. Adams
                               Jonathan M. Goodman
                               Christopher T. Leonardo
                               Stacey A. Saiontz
                               Dickstein Shapiro Morin & Oshinsky LLP
                               1177 Avenue of the Americas
                               41st Floor
                               New York, New York 10036-2714
                               Tel.:  212-835-1400
                               Fax:  212-997-9880