# MARTIN F. MCMAHON & ASSOCIATES

**1150 CONNECTICUT AVENUE, N.W.**
**SUITE 900**
**WASHINGTON, D.C. 20036**

Established 1978

TELEPHONE (202) 862-4343
TELECOPIER (202) 828-4130

**MARTIN F. McMAHON**
ALSO ADMITTED IN NEW YORK AND
U.S. DISTRICT COURT/MARYLAND

**MARY RAMADAN**
ADMITTED IN MARYLAND

**CHRISTOPHER R. WHITE**
ADMITTED IN DISTRICT OF COLUMBIA
MARYLAND

OF COUNSEL
**M. WENDELL BIELEW**
ADMITTED IN DISTRICT OF COLUMBIA

OF COUNSEL
**CLARK R. SILCOX**
ADMITTED IN CALIFORNIA
DISTRICT OF COLUMBIA

**DAVID S. TAWEEL**
ADMITTED IN VIRGINIA

**JASON A. DZUBOW**
ADMITTED IN MARYLAND
DISTRICT OF COLUMBIA

**JOHN UMANA**
ADMITTED IN DISTRICT OF COLUMBIA

April 6, 2005    *postmarked May 11; received May 13*

Kenneth L. Adams, Esq.
Dickstein Shapiro Morin & Oshinsky
2102 L Street, N.W.
Washington, D.C. 20037-1526

RE:    *Cantor Fitzgerald v. Akida*

Dear Mr. Adams:

Hopefully you have already received my earlier letter about our clients Sheikh Saleh Abdullah Kamel and Al Baraka Investment and Development Corporation. But I am writing you now regarding a separate matter, our client Saudi Dallah Al Baraka Group LLC (Dallah LLC) who is listed as a defendant in your suit *Cantor Fitzgerald v. Akida*. After careful review of your First Amended Complaint (Complaint), my law firm has concluded that the Complaint lacks sufficient allegations to support continuing the claim against Dallah LLC. Also supporting this notion is the dismissal of a Dallah LLC affiliate, the Al Baraka Investment and Development Corporation (ABID), from the *Ashton* and *Burnett* cases. As such, I request that you voluntarily dismiss Dallah LLC from your suit with prejudice.

I would also like to point out that Dallah LLC still has the right to move for dismissal based on lack of personal jurisdiction. We believe that Dallah LLC would prevail on such a motion and did not avail ourselves of it in our filings for ABID and Saleh Abdullah Kamel only because our clients wished to confront the ugly allegations

against them "on their merits."  As we have done this, and have been successful, we are not so constrained as to future filings on behalf of Dallah LLC and its affiliates. Additionally, Judge Casey, in the *Ashton* and *Burnett* cases, did not rule on our motion to dismiss for lack of subject matter jurisdiction.  This ground for dismissal is then still ripe and is yet another factor supporting dismissing Dallah LLC from the lawsuit.

The actions of other plaintiffs in the consolidated case shows that they, with interests similar to yours, view the case against Dallah LLC as untenable.  For example, the plaintiffs in *Ashton* and *Burnett* have chosen to not pursue a Rule 54(b) certification as to ABID and Sheikh Abdullah Kamel.  Additionally, ABID and Dallah LLC have been voluntarily dismissed from the *Salvo* case.  In the interests of avoiding the costs of unnecessary litigation, and because Dallah LLC will be dismissed for failure to state a claim, lack of subject matter jurisdiction, and lack of personal jurisdiction, I strongly urge you to do the same and dismiss Dallah LLC from the *Cantor Fitzgerald* lawsuit.

I sincerely believe that taking this course of action is in the best interests of Judge Casey's overburdened docket and both of our clients.  If you do not agree, I ask that you submit to us in writing your specific reasons for keeping Dallah LLC in the lawsuit.

Very Truly Yours,

Martin F. McMahon, Esq.