**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | MDL No. 03 MD 1570 (RCC) |
|---|---|
| This document relates to: | NO. 04 CV 7065 (RCC) |
| CANTOR FITZGERALD & CO., et al, Plaintiffs, v. AKIDA BANK PRIVATE LTD., et al., Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF DALLAH AL BARAKA'S MOTION FOR LEAVE TO FILE ITS MOTION TO DISMISS OUT OF TIME**

Defendant Dallah Al Baraka ("Dallah") submits this very brief reply to stress two important issues with the Court. First, and most importantly, Plaintiffs do not oppose Defendant Dallah's Motion for Leave to File its Motion to Dismiss Out of Time. Accordingly, Plaintiffs essentially transform Defendant Dallah's Motion for Leave into a consent motion, and the Court should thus enter an order granting Defendant Dallah's motion.

Second, regardless of any confusion as to the various agreements and stipulations for extensions of time entered into between Plaintiffs and Defendant Dallah, Defendant Dallah has sought all such extensions of time in a good faith effort to persuade Plaintiffs in this case to voluntarily dismiss the Complaint as to Defendant Dallah, as well as Defendants Al Baraka Investment and Development Corporation ("ABIDC") and Saleh Kamel ("Kamel"). The allegations against Defendant Dallah in this case are no different than the allegations against Defendants ABIDC and Kamel in Burnett and Ashton, which this Court dismissed "in their entirety."

As Defendants Dallah, ABIDC and Kamel explained in their recent June 15, 2005 letter to the Court, they have unsuccessfully tried to elicit from the various Plaintiffs their rationale for refusing to voluntarily dismiss the claims against them, given the Court's January 18, 2005 Order.  See Ex. A, June 15, 2005 Letter from M. McMahon to J. Casey. In the case of the Plaintiffs herein, Plaintiffs' counsel has essentially failed to provide Defendant Dallah with any explanation as to how the Cantor Fitzgerald allegations differ in any way from the allegations against Defendants ABIDC and Kamel in Burnett and Ashton.  Perhaps the situation would be different if Plaintiffs had even attempted to distinguish their allegations, but they have not done so.

Plaintiffs are wasting judicial resources, needlessly driving up attorneys' fees for all parties involved and continuing to cause collateral damage to defendants against which there cannot possibly be a cause of action.  See Ex. A.  Accordingly, Defendant Dallah fails to comprehend why Plaintiffs need 60 days to file any opposition to either Defendant Dallah, ABIDC or Kamel's motions to dismiss, when Plaintiffs have not even been able to articulate the unique nature of their allegations compared with those against Defendants Kamel and ABIDC contained within the Ashton and Burnett complaints and raised in oral argument, which the Court dismissed in their entirety.  Therefore, as outlined in Exhibit A, the three Defendants respectfully request expedited consideration of their motions to dismiss, given that the Court's January 18, 2005 Order appears to have preclusive effect on these Plaintiffs' claims against Defendant Dallah, Kamel and ABIDC.

Dated: Washington, DC
      June 17, 2005                  **MARTIN MCMAHON & ASSOCIATES**

                                      By:        /s/
                                      Martin F. McMahon, Esq., M.M., 4389
                                      Martin McMahon & Associates
                                      1150 Connecticut Ave., N.W.
                                      Ste. 900
                                      Washington, D.C.  20036
                                      (202) 862-4343

                                      *Attorneys for Defendant Dallah Al Baraka*