## MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

———
Established 1978

TELEPHONE (202) 862-4343
TELECOPIER (202) 828-4130
TELECOPIER (202) 862-4302

MARTIN F. McMAHON
ALSO ADMITTED IN NEW YORK AND
U.S. DISTRICT COURT/MARYLAND

CHRISTOPHER D. BROWN
ADMITTED IN MARYLAND

CHRISTOPHER R. SMITH
ADMITTED IN DISTRICT OF COLUMBIA
MARYLAND

JAMES P. VANN
ADMITTED IN VIRGINIA

OF COUNSEL
CLARK R. SILCOX
ADMITTED IN CALIFORNIA
DISTRICT OF COLUMBIA

JASON A. DZUBOW
ADMITTED IN MARYLAND
DISTRICT OF COLUMBIA

JOHN UMANA
ADMITTED IN DISTRICT OF COLUMBIA

M. WENDELL BELEW
ADMITTED IN DISTRICT OF COLUMBIA

June 15, 2005

Honorable Richard C. Casey
United States District Court
Southern District of New York
500 Pearl Street—Rm. 1950
New York, NY 10007

Re: *In Re: Terrorist Attacks on September 11, 2001—03-MD-1570 (RCC)*

Dear Judge Casey:

We are writing you on behalf of Defendants Saleh Abdullah Kamel ("Saleh Kamel"), Al Baraka Investment & Development Corporation ("ABIDC"), and Dallah Al Baraka Group, LLC ("Dallah") regarding the above matter and the cases consolidated thereunder. We recently filed a Motion on behalf of Dallah for Leave to File its motion to dismiss out of time. The reason for our delay in filing that motion on behalf of Dallah is explained *infra*. It is part of a larger concern that we have.

While our clients truly appreciate the swift resolution of the respective motions to dismiss that we filed in Ashton and Burnett, we are writing you to respectfully request additional relief. Specifically, we are requesting a conference [or some other format] to discuss a very serious issue that has arisen as a result of an unsuccessful dialogue with other Plaintiffs' counsel regarding the ramifications of your January 18, 2005 Opinion. We initiated that dialogue in an attempt to gain insight into how the remaining Plaintiffs' complaints were unique from those already briefed and dismissed [with extensive oral argument] per your Opinion.

Currently, the above-named Defendants have filed motions to dismiss in four of the pending cases—Ashton and Burnett (both of which were successful) as well as Federal Insurance and Cantor Fitzgerald. However, we now face the daunting prospect of having to file fourteen motions in response to additional complaints that are practically mirror-images of the complaints already dismissed per your decision. The reason why we may have to do so is that our recent attempts failed with three different Plaintiffs' attorneys to ascertain the unique allegations that differentiated their claims from those alleged, thoroughly briefed, and thoroughly argued in Ashton and Burnett.

In reviewing these additional complaints, it seems they simply repeat the usual unfounded allegations pertaining to our clients: a) Defendant Kamel's name appears on the so-called "Golden Chain" (a name conjured up by Plaintiffs' attorneys); b) investments in alleged "funnels"; c) the Dallah Avco refrain; and d) RICO claims that admittedly are premised on "economic damages" [one of the attorneys cited this as a vital distinction—apparently not appreciating the fact that we had thoroughly briefed RICO in all aspects, not just on the issue of "damages"]. As a result of our reviewing the complaints and our failed dialogue with Plaintiffs' counsel, we were hoping that you might be able to help to move this process along by scheduling a conference whereby the outstanding consolidated matters might be discussed and narrowed. We are sure that we are not the only successful F.R.C.P. 12(b)(6) Defendants who would be interested in such a meeting.

Such a conference is vital for two reasons. First, there are no unique issues concerning our Defendants that warrant additional rounds of briefing motions, oral argument, and further decisions by this court. Second, undersigned counsel personally knows that Defendant Kamel has already suffered over $100 million in business damages simply by being named in this consolidated lawsuit, as well as considerable damages to his personal and business reputation because of Plaintiffs' sensational but factually devoid claims. The "Golden Chain" allegations in and of itself cost Defendant Kamel $3.2 million in lost sales proceeds, arising from an aborted aircraft sale. The precise reason why the funds could not be wired to Defendant Kamel is that he was listed as one of Osama Bin Laden's "top 20 lieutenants," courtesy of the alleged "Golden Chain" document.

Regarding our most recent filing in Cantor Fitzgerald (Memorandum of Law in Support of Defendant Dallah Al Baraka Group, LLC's Motion to Dismiss, June 9, 2005): we moved to dismiss the Cantor Fitzgerald claims against Defendant Dallah based not only on a lack of subject matter jurisdiction and a failure to state a claim for relief, but also on the well-established doctrine of issue preclusion. It is our position that the current claims outstanding against our Defendants—which were all dismissed "in their entirety" from the Ashton and Burnett actions in your January 18th opinion—are simply mirror images of those earlier complaints and the Plaintiffs should be precluded from re-litigating these claims based on the doctrine of issue preclusion. We have no desire to further burden the court with a dozen additional rounds of briefing and oral argument which would unfairly waste judicial resources and prejudice parties whose claims were already fairly litigated, decided upon, and dismissed by this Court.

We thank Your Honor for your kind attention to this matter,

Respectfully Submitted,

*Martin F. McMahon*

Martin F. McMahon, Esq.
*Counsel for Defendants:*
*Saleh Abdullah Kamel*
*Al Baraka Investment &*
*Development Corporation*
*Dallah Al Baraka Group, LLC*