UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:          All actions

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR ENTRY OF FINAL JUDGMENTS REGARDING DEFENDANTS
KINGDOM OF SAUDI ARABIA, PRINCE SULTAN BIN ABDUL AZIZ
AL SAUD, PRINCE TURKI AL FAISAL AL SAUD, PRINCE MOHAMED
AL FAISAL AL SAUD, AND AL RAJHI BANKING & INVESTMENT CO., INC.**

| | |
|---|---|
| **COZEN O'CONNOR**<br>1900 Market Street<br>Philadelphia, PA 19103<br>Tele: (215) 665-2000<br>Fax: (215) 665-2013 | **KREINDLER & KREINDLER**<br>100 Park Avenue<br>New York, NY 10017<br>Tel: (212) 687-8181<br>Fax: (212) 972-9432 |
| **MOTLEY RICE LLC**<br>28 Bridgeside Boulevard<br>P.O. Box 1792<br>Mount Pleasant, SC 29465<br>Tel: (843) 216-9000<br>Fax: (843) 216-9450 | **HANLY CONROY BIERSTEIN & SHERIDAN, LLP**<br>112 Madison Avenue<br>New York, NY 10016<br>Telephone: (212) 784-6400 |

Despite overwhelming agreement between all Plaintiffs and almost every Defendant in this matter, the Al Rajhi Bank and Saudi American Bank have objected to the agreed Motion for Entry of Partial Final Judgment which seeks to promote judicial efficiency in this complicated matter and resolve crucial issues at an early stage. Were Defendants' objections to be sustained, hundreds of defendants and thousands of plaintiffs might be forced to wait in limbo for years before knowing the ultimate outcome of this litigation, rather than receiving the finality that Rule 54(b) certification can provide. Because their objections run counter both to governing Second Circuit law and to the relief sought in their briefs, the motion should be granted.

It is important to focus upon what is not being objected to here: neither Al Rajhi Bank nor Saudi American Bank has asked this Court to deny the entry of partial final judgment as against the Kingdom of Saudi Arabia, Prince Sultan bin Abdul Aziz al Saud (Prince Sultan), Prince Turki al Faisal al Saud (Prince Turki), or Prince Mohammed al Faisal al Saud (Prince Mohammed). All they have requested is the denial of final judgment as to Al Rajhi Bank. See Al Rajhi Response at 8; Saudi American Response at 6. No one has suggested that 54(b) certification not proceed as to the four defendants that have consented, and this Court should certainly proceed with the certification of partial final judgment as to those four defendants.

All that remains, then, is the question of whether the Al Rajhi Bank should join the other four parties for appellate review before the Second Circuit. In that light, the arguments advanced by Al Rajhi simply make no sense. By conceding that the certification of partial final judgment is proper as to the Kingdom of Saudi Arabia, Prince

Sultan, Prince Turki, and Prince Mohammed, Al Rajhi undercuts every argument it makes as to why the Court should not grant Rule 54(b) certification as to itself.

Notably, Al Rajhi does not dispute that its dismissal is "final" as to the Bank. It argues, however, that appeal from this final ruling should be delayed pending final rulings concerning all of the other defendants in all of the other cases in this proceeding. Al Rajhi is wrong.

The Second Circuit has been clear: so long as Rule 54(b) certification would serve "the interest of sound judicial administration," by whatever factors are relevant in the instant case, it should be granted. <u>Hudson River Sloop Clearwater, Inc. v. Department of the Navy</u>, 891 F.2d 414, 419 (2d Cir. 1989) (noting that in <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 446 U.S. 1, (1980), the U.S. Supreme Court explicitly rejected the prior "infrequently harsh case" standard).

It is not the case, as Al Rajhi contends, that "an immediate appeal of Al Rajhi Bank's dismissal will only lead to inefficiency and multiple appeals on the same issue" any more so than it is the case for the other four defendants. Indeed, to the extent that Al Rajhi Bank is situated differently from the other four defendants, those differences make the case for 54(b) certification stronger, not weaker. This Court dismissed Al Rajhi Bank under Rule 12(b)(6), finding that the specific and unique allegations against the Bank failed to state any claim for which relief could be granted. The Court's ruling is not applicable to any of the other defendants for the simple reason that the allegations against the other defendants are quite different in their particulars. There is no just reason to delay the appeal from the Court's fact-specific ruling until all of the very different

allegations against all of the other defendants are fully litigated. Rather than leading to multiple appeals on the same issue, certification under Rule 54(b) will expedite appeal on the unique issues presented by the pleadings against this particular defendant.

Indeed, the true risk of inefficiency and multiplicity would only come if the dismissal of Al Rajhi were left in limbo while the remainder of the case is litigated. It makes no sense to complete discovery and perhaps trial without a final determination whether Al Rajhi Bank is a defendant in this case. Denying Rule 54(b) certification here could potentially force this Court to coordinate renewed motions and discovery as to Al Rajhi years after similar motions and similar discovery issues are resolved for other defendants, and even to try plaintiffs' claims against the Bank long after trial has been completed for the remainder of defendants.

The Bank nevertheless persists in claiming that Rule 54(b) certification is an extraordinary remedy which should be avoided whenever possible; however, their selective use of quotations (without context) misses the thrust of the law, as demonstrated by an examination of the cases Al Rajhi cites. To take one example, contrary to the Bank's assertions, entry of partial final judgment is warranted when it "will make possible a more expeditious and just result for the parties," Cullen v. Margiotta, 811 F.2d 698, 711 (2d Cir. 1987). Indeed, although the Bank purports to rely on Cullen, the Cullen Court approved a grant of Rule 54(b) certification in a case involving multiple claims and parties in which all the claims against one of the defendants and one of the remaining claims against the others because the remaining phases of the case "could last years [and] there was no just reason to require the parties to await the conclusion of that [] phase in order to seek review of the claims already dismissed." Id. at 712. Precisely the same

concerns exist in this action. In trying to claim Cullen as somehow counseling against certification, Al Rajhi Bank misses the mark entirely.

Further, Al Rajhi Bank utterly ignores those cases that are directly on point, such as Smith v. Socialist People's Libyan Arab Jamahiriya et al., 101 F.3d 239, 241 (2d Cir. 1996), in which the Second Circuit found it wholly appropriate to engage in early appellate review of the dismissals of defendants in a civil action regarding allegations of international terrorism.

Al Rajhi Bank claims it would work "fundamental unfairness" not to allow every defendant seeking Rule 12(b)(6) dismissal the right to participate in Al Rajhi's appeal.[1] Not only is this a concern found nowhere in the law (and the Bank cites no cases in support thereof), but Al Rajhi fundamentally misapprehend the role of *stare decisis*: precedent is traditionally made without the participation of others who may later be affected by it, and it is not a cognizable objection that a prior decision on point cannot apply because one was not a party to the original case. The question is whether any subsequent appeal from a Rule 12(b)(6) dismissal of other defendants in these cases would be sufficiently duplicative as to warrant delaying this appeal. That the issue on all such appeals will be the proper application of Rule 12(b)(6) does not justify delaying the appeal of this dismissal, given the uniqueness of the allegations against Al Rajhi Bank. The fact that others may have to live with a precedent is not a just reason for delay.

Moreover, delaying the appeal from the dismissal of Al Rajhi from these cases would work a particular injustice in the circumstances of this case. There are hundreds of defendants in multiple lawsuits in these proceedings. Additional lawsuits may yet be filed, as the statute of limitations for claims under the Anti-Terrorism Act has not yet run.

---

[1] This, too, forms the basis of the Saudi American Bank's objections.

To delay final judgment until resolution of all claims against all defendants could mean waiting not one year or two, but many, many years., This is especially true because the Court has denied motions to dismiss filed by some of the defendants, ensuring that this litigation will continue through discovery, and perhaps trial, at least as to those defendants.

There is simply no justification to leave plaintiffs – and the Bank – in doubt as to whether Al Rajhi is a proper defendant here for the length of time it is likely to take to resolve the remainder of the claims. Indeed, as pointed out in our main brief, without the benefit of discovery we can only speculate for now as to the state of Al Rajhi's evidence or the health and mental state of the aging bank executives who would have to testify on their behalf should the entries of dismissal be reversed. Since it has been dismissed from every single case, Al Rajhi Bank has nothing left to do in this litigation but the appeal, and delaying it serves no conceivable legitimate interest.

Dated: June 20, 2005

                                                        Respectfully submitted,

                                                        ____/s/_____
                                                        Ronald L. Motley, Esq. (RM-2730)
                                                        Jodi Westbrook Flowers, Esq.
                                                        Donald A. Migliori, Esq.
                                                        Michael Elsner, Esq. (ME-8337)
                                                        Justin B. Kaplan, Esq.
                                                        MOTLEY RICE LLC
                                                        28 Bridgeside Boulevard
                                                        P.O. Box 1792
                                                        Mount Pleasant, South Carolina 29465
                                                        Telephone: (843) 216-9000

Stephen A. Cozen (SC 1625)
Elliott R. Feldman (EF 8111)
Sean P. Carter (SC 0636)
Mark T. Mullen (MM 2384)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2000

James P. Kreindler, Esq.
Justin T. Green, Esq.
Andrew Maloney, Esq.
KREINDLER & KREINDLER LLP
100 Park Avenue
New York, New York 10017-5590
Telephone: (212) 687-8181

Paul J. Hanly, Jr., Esq. (PH-5486)
Jayne Conroy, Esq. (JC-8611)
Andrea Bierstein, Esq. (AB-4618)
HANLY CONROY BIERSTEIN &
SHERIDAN, LLP
112 Madison Avenue
New York, NY 10016
Telephone: (212) 784-6400

For the Plaintiffs' Executive Committees