UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>EFC Case |

*This document relates to:*

*Federal Insurance Co. v. al Qaida*, 03 CV 6978 (RCC)

---

## OPPOSITION OF DEFENDANTS PRINCE NAIF BIN ABDULAZIZ AL-SAUD AND PRINCE SALMAN BIN ABDULAZIZ AL-SAUD TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH ADDITIONAL EVIDENCE

Defendants Prince Naif Bin Abdulaziz Al-Saud ("Prince Naif") and Prince Salman Bin Abdulaziz Al-Saud ("Prince Salman") (together "the Defendants") oppose Plaintiffs' request for leave to supplement the record of this proceeding with a document written in Arabic and purportedly published in an Egyptian publication. This Court should deny Plaintiffs' motion because: 1) the request is untimely, having been filed just one business day before the hearing on the Defendants' motions to dismiss; 2) the document as translated is unreliable, as the translation is apparently incomplete and lacks any certification of the qualifications of the translator or the accuracy of the translation; 3) the document is unauthenticated hearsay and therefore cannot be considered competent evidence to be used to decide these motions to dismiss; and 4) the document is irrelevant in that it does not support Plaintiffs' contention that the Defendants contributed funds to specific Islamic organizations with knowledge that such organizations supported al Qadea.

## ARGUMENT

### I. Plaintiffs' Request for Leave To Supplement The Record Is Untimely

Plaintiffs filed their Consolidated Memoranda opposing the motions to dismiss of Prince Salman and Prince Naif on July 30, 2004. Many months later, near the close of business on Friday, June 10, 2005, with only one business day remaining before the June 14, 2005 hearing on the Defendants' motions, Plaintiffs sought leave to insert into the record a document that purports to be a translated version of a portion of a news article from an Egyptian publication, Rus al Yusef, in 1998. Although this request was filed on behalf of all the Plaintiffs who opposed the Defendants' motions to dismiss, it is shown in the caption as relating only to Federal Insurance Co. v. al Qaeda. This limited filing may be explained by the fact that the Ashton and Burnett Complaints appear to reference this same article in this Egyptian publication, under the name Rose al-Yusef. Ashton Consol. Master Compl. ¶ 315; Burnett Fourth Am. Compl. ¶ 239.

Plaintiffs' request to supplement the record at this late date would be untimely in any event, but the fact that their purportedly "new" evidence is from a source with which they have been familiar for years underscores the abusive nature of the request. Furthermore, this untimeliness prejudices the Defendants as they have been unable to obtain a full translation of the article.

### II. The Relevance and Reliability of the Document Cannot Be Assessed Because Plaintiffs Have Not Provided an English Translation of the Full Article or Authentication for the Translation

In contravention of this Circuit's law, the Plaintiffs did not provide a complete translation of the document, nor did they include a certification of the translator's qualifications. Because this motion was filed so late, the Defendants have been unable to obtain a full translation of the article. Defendants have been informed that the article includes the wild assertions that the

United States and its arms industry are primary financiers of terrorism and that the German judiciary supports terrorism through leniency for suspected terrorists. Without a full English translation, however, the Court cannot evaluate whether this article is reliable or at all relevant to deciding the Defendants' motions to dismiss.

Furthermore, this Court should not consider the partial English translation of the article because Plaintiffs have provided no foundation for their translation and Prince Naif and Prince Salman have had no opportunity to submit a complete translation. In the analogous context of the admissibility of transcripts of taped conversations in a foreign language, the Second Circuit has ruled such transcripts are only admissible when the proponent of the transcript has provided authentication for the translation and the opposing party has been given the opportunity to present a competing translation. United States v. Ben-Shimon, 249 F.3d 98, 101-02 (2nd Cir. 2001) (finding that a proponent who testified "that he speaks both languages, that he provided accurate translations from Hebrew to English, that the transcript as a whole was fair and accurate" had provided sufficient authentication of the transcript). Plaintiffs, however, have not identified who translated the article and why this person is qualified to perform this task. The absence of such information, together with the untimeliness of Plaintiffs' filing which precludes the Defendants from obtaining their own translation, are ample grounds for the Court to deny Plaintiffs the leave they request.

### III. The Document Is Not Competent Evidence For This Court's Consideration In Ruling On Motions To Dismiss For Lack of Subject Matter Jurisdiction

In Antares Aircraft, L.P. v. Federal Republic of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), vacated on other grounds, 505 U.S. 1215 (1992), the Second Circuit held that a court "may

resolve disputed factual issues pertaining to subject matter jurisdiction by reference to <u>evidence</u> outside the pleadings, such as <u>affidavits</u>" (emphasis added).

In <u>Kamen v. American Telephone & Telegraph Co.</u>, 791 F.2d 1006 (2d Cir. 1986), a case similarly involving a Rule 12(b)(1) motion and cited by the <u>Antares</u> court, the Second Circuit noted that "the body of decisions under [Federal Civil] Rule 56 offers guidelines in considering evidence submitted outside the pleadings." <u>Id.</u> at 1011. It explained that "courts have required that evidence submitted outside the pleadings be 'competent,'" and that "affidavits not based upon personal knowledge have been held not to comply with Rule 56(e)." <u>Id.</u> Thus, the court held the district court erred in "consider[ing] the conclusory and hearsay statements contained in the affidavits submitted by defendants." <u>Id.</u> Consistent with <u>Kamen</u>, this Court's January 18 Order similarly required submissions by Prince Sultan to meet this standard. See <u>In re Terrorist Attacks on September 11, 2001</u>, 349 F. Supp. 2d 765, 785 n. 20 (D.D.C. 2005).

The document proffered by Plaintiffs falls far short of the Rule 56(e) standard. It is, on its face, conclusory, it consists of several degrees of hearsay and, as previously noted, it is unauthenticated. It is not evidence and should not be considered by the Court.

### IV.   The Article Is Irrelevant to the Issues Presented by the Motions to Dismiss

Plaintiffs seek leave to supplement the record to support their allegation that Prince Naif and Prince Salman raised funds for Islamic charitable organizations with knowledge that these organizations would direct funds to al Qaeda and that al Qaeda would then use these funds to attack targets in the United States. The article, however, provides no support for these contentions.

Specifically, the portion translated makes no reference whatsoever to Prince Salman and does not identify any particular charity to which Prince Salman or Prince Naif supposedly made

4

donations. The absence of this type of specificity was a critical factor identified by the Court in its January 18, 2005 Order. In re Terrorist Attacks, 349 F. Supp. 2d at 800-801. The translation also does not identify al Qaeda, Osama Bin Laden, or any other party responsible for the September 11, 2001 attacks as recipients of contributions.

Rather than supporting Plaintiffs' allegations, the sole reference to Prince Naif in the translation corroborates Prince Naif's position that he opposed the distribution of charitable contributions to terrorist organizations such as al Qaeda. The translation notes that when the Saudi Interior Minister was informed by the former Egyptian Interior Minister, Major General Hasan Al-Alfi, that "charity money" was being directed to terrorists, he "responded by saying that if charity money is going to illegitimate targets, it must stop immediately." Assuming, *arguendo*, that these statements were actually made and that the person speaking was Prince Naif, the article shows that Prince Naif wanted to stop any funneling of charitable contributions to terrorist organizations. It follows that his own contributions to charity were made without any intention that the funds be used to aid terrorism in general, or al Quada in particular.

Because the article provides no support for Plaintiffs' allegations, it should be excluded as irrelevant.

## CONCLUSION

For the reasons stated, Prince Salman and Prince Naif submit that Plaintiffs' request for leave to supplement the record in this proceeding should be denied.

Respectfully submitted,

_____S/_____
James M. Cole (admitted *pro hac* vice)
D.C. Bar No. 385857

Michael G. Biggers (MB 4743)

James J. Murphy (admitted *pro hac* vice)
D.C. Bar No. 227926

BRYAN CAVE LLP
700 Thirteenth Street, N.W.
Washington, DC 20005
Phone: (202) 508-6000
Fax: (202) 508-6200

BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104
Phone: (212) 541-2000
Fax:   (212) 541-4630

*Counsel for Prince Naif Bin Abdulaziz Al-Saud*


_____S/_____
William H. Jeffress, Jr. (admitted *pro hac* vice)
Christopher R. Cooper (admitted *pro hac* vice)
Jamie S. Kilberg (admitted *pro hac* vice)
Sara E. Kopf (admitted *pro hac* vice)

BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 639-7700
Fax: (202) 639-7890

*Counsel for Prince Salman Bin Abdulaziz Al-Saud*

## CERTIFICATE OF SERVICE

I certify that, on this 13th day of June, 2005, I caused copies of the Opposition of Defendants Prince Naif Bin Abdulaziz Al-Saud and Salman bin Abdulaziz Al-Saud to Plaintiffs' Motion for Leave to Supplement the Record with Additional Evidence to be served electronically pursuant to the Court's ECF system.

S/
Jamie S. Kilberg