THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) ) ) | 03 MDL 1570 (RCC) |
| Relates to: | ) ) | |
| Federal Insurance Company, *et al.*, | ) ) | 03 CV 6978 (RCC) |
| v. | ) ) ) | |
| Al Qaida, *et al.*, | ) ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS
OF DEFENDANT SAMI OMAR AL-HUSSAYEN**

David Z. Nevin (DN2615)
Scott McKay (SM3330)
Sheryl L. Musgrove (SLM5233)
NEVIN, BENJAMIN & MCKAY LLP
303 West Bannock
P.O. Box 2772
Boise, ID 83701
Telephone:  208-343-1000
Facsimile: 208-345-8274

Joshua L. Dratel (JLD4037)
JOSHUA L. DRATEL, P.C.
14 Wall Street, 28th Floor
New York, NY 10005
Telephone: 212-732-0707
Facsimile: 212-571-6341

Attorneys for Defendant Sami Omar Al-Hussayen

June 27, 2005

**TABLE OF CONTENTS**

A. The Court lacks personal jurisdiction over Mr. Al-Hussayen . . . . . . . . . . . . . . . . . . . . . . . . . 1

B. Plaintiffs failed validly to serve Mr. Al-Hussayen . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    1. Plaintiffs failed to comply with CM02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    2. Plaintiffs cannot show good cause for their failure to timely serve . . . . . . . . . . . . . . 3

    3. Plaintiffs' failure to timely serve should not be excused by the Court . . . . . . . . . . . 3

    4. Plaintiffs' attempt to serve Mr. Al-Hussayen by publication is constitutionally insufficient and should accordingly be quashed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C. The 1AC fails to state any claim upon which relief can be granted . . . . . . . . . . . . . . . . . . . . 5

    1. Plaintiffs' ATA claims are not cognizable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    2. Plaintiffs' claims of assault and battery and intentional infliction of emotional distress are barred by the applicable statute of limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    3. Conspiracy, Aiding and Abetting, and Punitive Damages to not constitute independent causes of action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    4. Plaintiffs' negligence claims cannot be sustained . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    5. Plaintiffs cannot sustain a RICO claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

D. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Plaintiffs advance three arguments in an attempt to meet their burden of establishing personal jurisdiction over Mr. Sami Omar Al-Hussayen: RICO, the ATA, and New York's long-arm conspiracy law. *See* Plaintiffs' Memorandum of Law in Opposition ("Opposition") at 14-18. Plaintiffs, however, have not stated factual allegations necessary to establish personal jurisdiction under any of these theories. Plaintiffs also failed validly to serve Mr. Al-Hussayen in compliance with Case Management Order 2 ("CMO2") and made a material misrepresentation in seeking the Court's authorization to serve him by publication. Finally, Plaintiffs fail to state any claim against Mr. Al-Hussayen upon which relief can be granted and, in an attempt to salvage these claims, rely on alleged conduct protected by the First Amendment and 47 U.S.C. § 230. The Court should reject Plaintiffs' arguments and dismiss Mr. Al-Hussayen from this action.

A.      **The Court lacks personal jurisdiction over Mr. Al-Hussayen.**

None of plaintiffs' three arguments establish personal jurisdiction. First, as discussed below, Plaintiffs' RICO and ATA claims are so insubstantial, implausible, and foreclosed by prior decisions of the Court that they do not provide a basis for personal jurisdiction over Mr. Al-Hussayen. *See IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1055-56 (2d Cir. 1993). Second, Plaintiffs have not alleged specific facts showing Mr. Al-Hussayen's "personal or direct participation in the conduct giving rise to Plaintiffs' [alleged] injuries." *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 809 (S.D.N.Y. 2005) ("*In re Sept. 11*"). Thus, the assertion of personal jurisdiction over Mr. Al-Hussayen based on the ATA would violate his due process rights guaranteed by the Fifth Amendment. *Id.* Third, Plaintiffs have alleged no specific facts from which the Court could infer that Mr. Al-Hussayen "directed, controlled, or requested al Qaeda to undertake its terrorist activities," or had knowledge of, or consented to

1   •      REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

those activities. *Id.* at 806. Accordingly, personal jurisdiction over Mr. Al-Hussayen "cannot be based on a New York long-arm conspiracy theory." *Id.*

All three theories on which Plaintiffs rely to establish personal jurisdiction fail. Accordingly, the Court dismiss Mr. Al-Hussayen from this action.

**B.**     **Plaintiffs failed validly to serve Mr. Al-Hussayen.**

Plaintiffs admit that they failed to serve Mr. Al-Hussayen within the 120 days required by Federal Rule of Civil Procedure 4(m). *See* Opposition at 7. They argue, however, that they served Mr. Al-Hussayen by publication in compliance with CMO2, and that it would be "inappropriate" for the Court to dismiss the action for failure to timely serve. *See* Opposition at 6, 8-12. The Court should reject these arguments.

**1.**     **Plaintiffs failed to comply with CMO2.**

Plaintiffs argue that CMO2 "merely recites the language of Rule 4(m)," implying that the Court's mandate in CMO2 that "[s]ervice of the summons and complaint on a defendant not located in a foreign country shall be made in accordance with [Rule 4(m)]," CMO2 at 5, ¶ 11, is superfluous. *See* Opposition at 8, n.3. The quoted language from CMO2, however, makes clear that as to those defendants *not located in a foreign country*, Plaintiffs must comply with the 120 day service requirement of Rule 4(m).

Plaintiffs do not dispute that Mr. Al-Hussayen resided in the U.S. at the time the Complaint and First Amended Complaint ("1AC") were filed, and at the time the Court issued CMO2. Plaintiffs were thus mandated by CMO2 to serve Mr. Al-Hussayen within the 120 days required by Rule 4(m). Plaintiffs could readily have effected service on Mr. Al-Hussayen but

nonetheless failed to do so.[1]   The Court may therefore dismiss Mr. Al-Hussayen from the action *unless* Plaintiffs show good cause for failing to timely serve him.  Fed. R. Civ. P. 4(m).

    2.    **<u>Plaintiffs cannot show good cause for their failure to timely serve.</u>**

Plaintiffs do not even attempt to demonstrate "good cause" for their failure to serve Mr. Al-Hussayen within the 120 days mandated by both CMO2 and Rule 4(m).  Perhaps this is because any attempt to show "good cause" would be futile in light of Plaintiffs' failure to make *any effort* to serve Mr. Al-Hussayen during the significant period he resided in the United States.

    3.    **<u>Plaintiffs' failure to timely serve should not be excused by the Court.</u>**

It is true that a Court has discretion under Rule 4(m), even in the absence of good cause, to grant a plaintiff an extension of time within which to serve a defendant.  *See* Advisory Committee Notes, 1993 Amendment to Rule 4(m); *Henderson v. United States*, 517 U.S. 654, 662-63 (1996).  However, this Court should decline to exercise that discretion here.  First, Plaintiffs' failure to make any attempt whatsoever to timely serve Mr. Al-Hussayen as mandated by CMO2 and Rule 4(m), and their failure to request an F.R.C.P. 6(b) extension of time to serve, show a  total disregard both for this Court's orders and for the Federal Rules of Civil Procedure.

Second, and perhaps more significantly, Plaintiffs made a material misrepresentation to the Court by stating, in their letter to the Court seeking authorization to serve Mr. Al-Hussayen by publication, that he was one of the defendants that Plaintiffs "have been unable to serve despite our best efforts." (*See* Docket No. 468.)  In light of the fact that Plaintiffs had made *absolutely no attempt* to serve Mr. Al-Hussayen as mandated by CMO2, despite the ease with

---

[1] As Plaintiffs were aware, Mr. Al-Hussayen was in federal custody in Idaho from February 26, 2003, through July 21, 2004.  Thus, for 315 days after the Complaint was filed, 133 days after the 1AC was filed, and 35 days after the Court issued CMO2,  Mr. Al-Hussayen was one of the easiest persons in the country to locate and serve with process.

3 •    REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

which they could have done so, such a bald and material misrepresentation to the Court is sufficient, in and of itself, for the Court to base its decision not to excuse Plaintiffs' failure to timely serve Mr. Al-Hussayen and to dismiss Mr. Al-Hussayen from this action.[2]

### 4. Plaintiffs' attempt to serve Mr. Al-Hussayen by publication is constitutionally insufficient and should accordingly be quashed.

As discussed at pp. 5-6 of Mr. Al-Hussayen's opening Memorandum, the attempts by Plaintiffs to serve Mr. Al-Hussayen by publication were insufficient because they were nothing more than mere gestures and fail to constitute "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullan v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). Additionally, Mr. Al-Hussayen stands by his assertion that Plaintiffs failed to comply with the requirements for publication using the www.sept11terrorlitigation.com website as ordered by the Court, which is a different website than www.september11terrorlitigation.com that Plaintiffs apparently now rely on. Moreover, because authorization allowing service on Mr. Al-Hussayen by publication was extended in reliance on a material misrepresentation by Plaintiffs, the Court should withdraw this authorization and quash service as to Mr. Al-

---

[2] Notwithstanding Plaintiffs' arguments to the contrary, *see* Opposition at 7-8, both this Court and other courts routinely dismiss cases for failure to timely serve. *See e.g., Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 934-35 (7th Cir. 2002); *Adams v. Allied Signal Gen. Aviat. Avionics*, 74 F.3d 882, 887-88 (8th Cir. 1996); *Pearson v. Board of Ed.*, No. 02-CV-3629, 2004 WL 2297354, at *3-4 (S.D.N.Y. 2004); *Hutchinson v. New York State Correct. Officers*, No. 02-CV-2407, 2003 WL 22056997, at *10-11 (S.D.N.Y. Sept. 4, 2003); *American Comm. Barge Line Co., LLC v. Tug Joan Salton*, No. 99-CV-0846, 2001 WL 262724, at *4-5 (S.D.N.Y. March 16, 2001); *Figueroa v. National Audubon Soc.*, No. 99-CV-1651, 2000 WL 1170116, at *2 (S.D.N.Y. Aug. 17, 2000); *Sanchez v. Bushrod*, No. 98-CV-3830, 1999 WL 1565180, at *1-2 (S.D.N.Y. Jan. 21, 1999). This is true even in cases where the statute of limitations has run and would bar refiling of the dismissed action. *See Adams*, 74 F.3d at 887-88; *Hutchinson*, 2003 WL 22056997, at *10-11; *American Comm. Barge Line*, 2001 WL 262724, at *4-5; *see also Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997) (recognizing that courts retain "discretion to refuse to extend time, even if the statute of limitations has run").

4 • REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

Hussayen.[3]

C.  **The 1AC fails to state any claim upon which relief can be granted.**

Even if the Court finds that Plaintiffs have met their burden of establishing personal jurisdiction and service, the Court should still dismiss Mr. Al-Hussayen because Plaintiffs have failed to state any claim upon which relief can be granted.

1.  **Plaintiffs' ATA claims are not cognizable.**

Plaintiffs contend that they have alleged in the 1AC and RICO Statement Applicable to Sami Omar Al-Hussayen ("RICO Statement")[4] that Mr. Al-Hussayen "knowingly and intentionally provided money, computer and financial services, and other forms of material support to Osama bin Laden and al Qaida." Opposition at 12-13.[5] This conclusory statement is not, however, supported by the factual allegations contained in either the 1AC or the RICO Statement. At most, the factual allegations of the RICO Statement support a finding that Mr. Al-Hussayen engaged in conduct protected by both the First Amendment and 47 U.S.C. § 230; and that, while "functioning" as an officer and employee of IANA, Mr. Al-Hussayen was "actively involved in IANA's business transactions and fundraising activities, and helped direct money towards a number of so-called 'charities' which were in fact part of the Enterprise," and

---

[3] The Court should reject Plaintiffs' attempt to shift the burden on this issue – the burden is on Plaintiffs not only to properly serve all defendants, but also to prove that proper service has been accomplished. *See Pearson v. Board of Educ.*, No. 02-CV-3629, 2004 WL 2297354, at *4 (S.D.N.Y. 2004) (discussing Plaintiffs' burden to establish proper service).

[4] There are no factual allegations concerning Mr. Al-Hussayen in the 1AC - only the recently filed RICO Statement. We object to Plaintiffs' attempt to incorporate by reference in a footnote in this RICO Statement the More Definite Statement previously filed by the *Burnett* plaintiffs. This maneuver by Plaintiffs is an attempt to amend the 1AC beyond that allowed by the Court in CMO2, ¶ 14, without first obtaining leave of the Court to do so.

[5] Plaintiffs do not cite the portions of the 1AC or the RICO Statement on which they rely.

5  •   REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

transferred sums of money to IANA and other unspecified organizations and individuals.  RICO Statement, Exhibit "A."   Such allegations are grossly insufficient to support a finding that Mr. Al-Hussayen knew about the al Qaida terrorists' illegal activities, desired those activities to succeed, and engaged in some act of advancing those activities; that Mr. Al-Hussayen was involved in an agreement to accomplish an unlawful act and that the attacks of September 11 were a reasonably foreseeable consequence of that conspiracy; or that Plaintiffs were injured as a result of Mr. Al-Hussayen's conduct.[6]  *See In re Sept. 11,* 349 F. Supp. 2d at 828-29.  Plaintiffs' ATA claims therefore fail as a matter of law and should be dismissed.  *See id.*

Finally, because the September 11 attacks "occurr[ed] primarily within the territorial jurisdiction of the United States," they were acts of domestic, as opposed to "international" terrorism.  *See* 18 U.S.C. § 2331(5).  Thus, the ATA does not apply to Plaintiffs' claims.[7]  *See* 18 U.S.C. § 2333(a); *cf. Boim v. Quranic Literary Inst.*, 291 F.3d 2000, 1010-11 (7th Cir. 2002) (ATA was implemented to extend civil liability to "terrorism that occurred in a foreign country").

> **2.     Plaintiffs' claims of assault and battery and intentional infliction of emotional distress are barred by the applicable statute of limitations.**

This Court already has held that the statute of limitations for Plaintiffs' assault and battery and intentional infliction of emotional distress claims is one year, that Plaintiffs filed their complaint nearly two years after September 11, 2001, and that these claims are accordingly barred.  *In re Sept. 11,* 349 F. Supp. 2d at 829.  Plaintiffs have not argued that there is "an

---

[6] Paragraph 74 of the 1AC, relied on by Plaintiffs, does not contain any specific factual allegation that Plaintiffs were injured as a result of Mr. Al-Hussayen's conduct and is thus inadequate to show causation under the ATA.  *See In re Sept. 11*, 349 F. Supp. 2d at 828-29.

[7] Plaintiffs' argument that the Court "has already held that the September 11th Attack was an act of international terrorism" under the ATA, *see* Opposition at 13 n.5,  is entirely disingenuous in view of the Court's clear statement that, "[f]or now, the Court *assumes* the attacks of September 11 were an act of international terrorism."  *In re Sept. 11,* 349 F. Supp. 2d at 829 n.39 (emphasis added).

6  •     REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).  Thus, these claims are foreclosed by the law of the case notwithstanding Plaintiffs' argument to the contrary.

### 3. Conspiracy, Aiding and Abetting, and Punitive Damages do not constitute independent causes of action.

Plaintiffs do not deny that there is not a separate cause of action in New York for civil conspiracy, aiding and abetting, or punitive damages, but contend that these causes of action should not be dismissed because (1) the question of what law governs Plaintiffs' claims remains open, (2) conspiracy and aiding and abetting are alternative bases of liability, and (3) punitive damages are available in connection with other claims Plaintiffs have asserted.

As to the governing law, it is not clear to what question of law Plaintiffs refer.  No question of law has been raised in this particular case and New York law is the only law that possibly could apply.  Plaintiffs' argument that conspiracy and aiding and abetting are alternative bases of liability fails to recognize that to rely on these bases of liability, Plaintiffs must first establish an underlying actionable tort, which they cannot do.  *See Sepenuk v. Marshall*, No. 98-cv-1569-RCC, 2000 WL 1808977, at *6 (S.D.N.Y Dec. 8, 2000).  The conspiracy and aiding and abetting claims should therefore be dismissed.  *See id.; see also In re Kings County Tobacco Litigation*, 727 N.Y.S.2d 241, 246 (2000).  Finally, even assuming that punitive damages may be available as a remedy in connection with one of Plaintiffs' other claims, this availability as a remedy does not provide a basis for maintaining an independent cause of action for punitive damages.  *See Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 327 (E.D.N.Y. 2001); *Better Environment, Inc. v. ITT Hartford Ins. Group*, 96 F. Supp. 2d 162, 171 (N.D.N.Y. 2000).  The

7 •  REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

Court should therefore dismiss Plaintiffs' cause of action for punitive damages.

### 4. Plaintiffs' negligence claim cannot be sustained.

Plaintiffs argue they sufficiently pled a negligence claim against Mr. Al-Hussayen, citing ¶ 74 of the 1AC in support of this claim. However, ¶ 74 does not allege that Mr. Al-Hussayen owed a duty to Plaintiffs or that he breached any such duty. Plaintiffs' negligence claims therefore fail as a matter of law. *See In re Sept. 11*, 349 F. Supp. 2d at 830-31 ("The most basic element of a negligence claim is the existence of a duty owed to plaintiffs by defendants.")[8]

### 5. Plaintiffs cannot sustain a RICO claim.

Plaintiffs now purport to make claims under 18 U.S.C. § 1962(c) and (d).[9] However, these claims are so insubstantial, implausible, and foreclosed by prior decisions of the Court that they fail as a matter of law and should therefore be dismissed.

First, Plaintiffs have not stated a claim under § 1962(c) because, even assuming Plaintiffs sufficiently pleaded an "enterprise," they have not alleged specific facts showing that Mr. Al-Hussayen had a part in directing the operation or management of the "enterprise." *See In re Sept. 11*, 349 F. Supp. 2d at 827-28. At most, Plaintiffs have alleged that Mr. Al-Hussayen assisted IANA which may have supported unspecified individuals and organizations that were part of the

---

[8] Even if Plaintiffs had alleged a duty, their negligence claims would fail because, as they admit, their claim is based on an alleged conspiracy, *see* Opposition at 19 ("all of the *Federal* Plaintiffs' claims arise from [Mr. Al-Hussayen's] participation in the conspiracy"), and the case law is clear that it is impossible as a matter of law to conspire to act negligently. *Sackman v. Liggett Group, Inc.*, 965 F. Supp. 391 (E.D.N.Y. 1997); *Rosen v. Brown & Williamson Tobacco Corp.*, 782 N.Y.S.2d 795 (N.Y.App. Div. 2004); *United States v. Mitlof*, 165 F. Supp. 2d 558, 564 (S.D.N.Y. 2001).

[9] In the civil RICO claim of the 1AC (Count VIII), Plaintiffs cite only to § 1962(a). Now, in the RICO Statement, Plaintiffs cite only to § 1962(c) and (d), apparently abandoning any claim under § 1962(a). *See In re Sept. 11*, 349 F. Supp. 2d at 827. Even assuming that Plaintiffs have not abandoned their § 1962(a) claim, the claim would fail because neither the 1AC nor the RICO Statement contain specific factual allegations showing that Mr. Al-Hussayen invested racketeering income or that Plaintiffs sustained injuries arising from Mr. Al-Hussayen's investment of such income. *See id.*

8 • REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

Enterprise.  Such allegations are insufficient to state a claim under § 1962(c).  *See id.*

Second, Plaintiffs have not stated a claim under § 1962(d) because they have not alleged Mr. Al-Hussayen was a central figure in the underlying schemes or that he made a conscious decision or agreement to engage in conduct that violates §§ 1962(a), (b) or (c).  *See id.*; 18 U.S.C. § 1962(d).[10]  Third, the paragraphs in the 1AC on which Plaintiffs rely in arguing they sufficiently alleged causation under RICO, ¶¶ 72-74 (Opposition at 21-22), contain no specific factual allegations that show a direct relation between Plaintiffs' injuries and the injurious conduct in which they allege Mr. Al-Hussayen engaged.  *See Holmes v. Securities Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992) (plaintiff must establish a "direct relation between the injury asserted and the injurious conduct alleged"); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (injury must be proximately caused "by the conduct constituting the violation").

Fourth, the alleged conduct upon which Plaintiffs rely – Mr. Al-Hussayen's alleged association with others, exercise of his religious beliefs, and assistance in the publication of protected speech – is protected by the First Amendment and cannot form the basis of liability.  *See NAACP v. Claiborne Hardware Co.*, 458 U.S. 866, 920, 927-29 (1982) (freedoms of association and speech); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993) (freedom of religion).[11]

Fifth, Mr. Al-Hussayen, as a mere user or provider of an interactive computer service, is

---

[10] *See also American Arbitration Ass'n, Inc. v. DeFonseca,* No. 93 Civ. 2424(CSH), 1996 WL 363128, at *7 (S.D.N.Y. June 28, 1996) ("the 'complaint must allege some factual basis for a finding of a conscious agreement among the defendants'"); *Schmidt v. Fleet Bank,* 16 F. Supp. 2d 340, 354 (S.D.N.Y. 1998) ("Bare and conclusory allegations are insufficient to withstand a motion to dismiss and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in the [RICO] conspiracy.").

[11] *See also Turkish Am. Soc. v. ABC*, 620 F. Supp. 56, 58 (S.D.N.Y. 1985); *Perez v. Posse Comitatus*, No. 03-7963, 2004 WL 1435116, at *2 (2d Cir. June 28, 2004).

9   •   REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

immunized under 47 U.S.C. § 230 from civil liability for his alleged conduct of making available or publishing on the internet information provided by third parties. *See Blumenthal v. Drudge*, 992 F. Supp. 44, 49-52 (D.D.C. 1998) (holding that § 230 provides immunity from civil liability "even where the interactive service provider has an active, even aggressive role in making available content prepared by others"); *Ben Ezra, Weinstein, and Co., Inc. v. America Online, Inc.*, 206 F.3d 980, 985-86 (10th Cir. 2000) (holding that interactive service provider did not transform itself into an information content provider by deleting portion of original content and was therefore immune from suit under § 230); *see also Blatzel v. Smith*, 333 F.3d 1018, 1030-35, *cert. denied*, 124 S.Ct. 2812 (2004) (holding that mere operation of a website or moderation of a listserv qualifies as a "user of an interactive computer service" under § 230); *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997) ("[L]awsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content – are barred.").

Finally, to the extent Plaintiffs seek to recover damages related to personal injuries, such recovery is not available under RICO. *See Sedima*, 473 U.S. at 458 (1985); *Hollander v. Flash Dancers Topless Club*, 340 F. Supp. 2d 453, 458 (S.D.N.Y. 2004).

Plaintiffs have failed to state a cognizable claim under RICO.

**D.** **Conclusion**

The Court should dismiss Mr. Al-Hussayen from this action with prejudice.

DATED this 27th day of June, 2005.

                                                NEVIN, BENJAMIN & McKAY, LLP

By:   /s/
      Scott McKay (SM3330)
      Attorneys for Defendant Sami Omar Al-Hussayen

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2005, I caused a copy of the **Reply Memorandum of Law in Support of Motion to Dismiss of Defendant Sami Omar Al-Hussayen** to be served electronically pursuant to the Court's ECF system.

/s/
Scott McKay