THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| _____ ) | | |
| IN RE: TERRORIST ATTACKS ON | ) | 03 MDL 1570 (RCC) |
| SEPTEMBER 11, 2001 | ) | |
| _____ ) | | |
| Relates to: | ) | |
| | ) | |
| World Trade Center Properties LLC, | ) | |
| *et al.*, | ) | 04 CV 7280 (RCC) |
| | ) | |
| v. | ) | |
| | ) | |
| Al Baraka Investment and Development | ) | |
| Corporation, *et al.*, | ) | |
| _____ ) | | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS
OF DEFENDANT SAMI OMAR AL-HUSSAYEN**

David Z. Nevin (DN2615)           Joshua L. Dratel (JLD4037)
Scott McKay (SM3330)              JOSHUA L. DRATEL, P.C.
Sheryl L. Musgrove (SLM5233)     14 Wall Street, 28th Floor
NEVIN, BENJAMIN & MCKAY LLP      New York, NY 10005
303 West Bannock                 Telephone: 212-732-0707
P.O. Box 2772                    Facsimile: 212-571-6341
Boise, ID 83701
Telephone:  208-343-1000
Facsimile: 208-345-8274

Attorneys for Defendant Sami Omar Al-Hussayen

July 5, 2005

## TABLE OF CONTENTS

A.  The Court lacks personal jurisdiction over Mr. Al-Hussayen . . . . . . . . . . . . . . . . . . . 1

B.  Plaintiffs' attempt to serve Mr. Al-Hussayen by publication is constitutionally insufficient . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.  The Complaint fails to state any claim upon which relief can be granted . . . . . . . . . 4

1.  Plaintiffs' ATA claims are not cognizable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2.  Plaintiffs' RICO claims should be dismissed and their RICO statement stricken . . . . 7

3.  Conspiracy and aiding and abetting do not constitute independent causes of action  . 9

4.  Plaintiffs' claims are barred by the First Amendment  . . . . . . . . . . . . . . . . . . . . . . . . 9

D.  Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

i

Plaintiffs advance two arguments in an attempt to meet their burden of establishing the Court has personal jurisdiction over Mr. Sami Omar Al-Hussayen: New York's long-arm conspiracy law and the ATA.  Plaintiffs have not, however, stated factual allegations necessary to support either of these arguments.  Plaintiffs also have failed validly to serve Mr. Al-Hussayen in that their attempt to serve him by publication is constitutionally insufficient and did not comply with this Court's order regarding the method by which Plaintiffs were allowed to serve by publication.  Finally, Plaintiffs have failed to state any claim upon which relief can be granted and, in an attempt to salvage their claims against Mr. Al-Hussayen, rely on alleged conduct that is protected by both the First Amendment and 47 U.S.C. § 230.  Mr. Al-Hussayen respectfully requests that the Court reject Plaintiffs' arguments and dismiss him from this action.

A.     **The Court lacks personal jurisdiction over Mr. Al-Hussayen.**

Plaintiffs rely on two theories in an attempt to establish personal jurisdiction:  New York's long-arm conspiracy law and the ATA.  *See* Plaintiffs' Memorandum of Law in Opposition ("Opposition") at 7-13.  However, neither of these theories provide the Court with personal jurisdiction over Mr. Al-Hussayen.[1]

First, as discussed both below and in Mr. Al-Hussayen's opening memorandum, Plaintiffs' claims are so insubstantial, implausible, and foreclosed by prior decisions of the Court that they do not provide a basis for the assertion of personal jurisdiction over Mr. Al-Hussayen.

---

[1] Plaintiffs' argument that Mr. Al-Hussayen has sufficient contacts with the United States as a whole to support the assertion of personal jurisdiction over him, *see* Opposition at 7-9, misses the point. Mr. Al-Hussayen does not dispute that he had significant contacts with the United States as a whole while he pursued his PhD at the University of Idaho.  These contacts do not, however, subject him to personal jurisdiction in New York (or Washington D.C. for that matter) *unless* Plaintiffs are able to state a cognizable claim under a statute which provides for nationwide service of process, which they cannot.

*See IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1055-56 (2d Cir. 1993).  Second,

Plaintiffs have alleged no specific facts from which the Court could infer that Mr. Al-Hussayen

"directed, controlled, or requested al Qaeda to undertake its terrorist activities," or had

knowledge of, or consented to those activities.[2]  *In re Terrorist Attacks on September 11, 2001*,

349 F. Supp. 2d 765, 806 (S.D.N.Y. 2005) ("*In re Sept. 11*").  Accordingly, personal jurisdiction

over Mr. Al-Hussayen "cannot be based on a New York long-arm conspiracy theory."  *Id.*  Third,

Plaintiffs have not alleged specific facts showing Mr. Al-Hussayen's "personal or direct

participation in the conduct giving rise to Plaintiffs' [alleged] injuries."  *Id.* at 809.  Thus, the

assertion of personal jurisdiction over Mr. Al-Hussayen based on the ATA would violate his due

process rights guaranteed by the Fifth Amendment.  *Id.*

**B.**     **Plaintiffs' attempt to serve Mr. Al-Hussayen by publication is constitutionally insufficient.**

As discussed at pp. 2-3 of Mr. Al-Hussayen's opening memorandum, the attempts by

Plaintiffs to serve Mr. Al-Hussayen by publication were insufficient because they were nothing

more than mere gestures, and fail to constitute "notice reasonably calculated, under all

circumstances, to apprise interested parties of the pendency of the action and afford them an

---

[2] In an attempt to establish their conspiracy theory, Plaintiffs exaggerate and misstate allegations contained in the Complaint.  For example, Plaintiffs cite ¶¶ 519-20 of the Complaint in support of their assertion, "When IANA needed funds, Al-Hussayen transferred those funds directly to IANA knowing that IANA was supporting al-Qaeda."  Opposition at 12.  However, ¶¶ 519-20 do not allege that IANA supported al Qaeda nor that Mr. Al-Hussayen had knowledge of such alleged support.  Similarly, at page 4 of the Opposition, Plaintiffs cite ¶ 993 of the Complaint for the proposition that Mr. Al-Hussayen "maintained bank accounts in the United States which he used to receive donations and large sums of money for Al Qaeda affiliated charities and other organizations and individuals."  Opposition at 4.  Paragraph 993 of the Complaint does not, however, contain any allegations regarding bank accounts maintained by Mr. Al-Hussayen (or anyone else for that matter), let alone any allegations that Mr. Al-Hussayen received donations and large sums of money for al Qaeda affiliated charities.

opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

Additionally, Plaintiffs failed to comply with the requirements for publication using the www.sept11terrorlitigation.com website as ordered by the Court.  Plaintiffs incorrectly assert that they complied with the Court's Order regarding publication by posting the complaints on the website www.september11terrorlitigation.com, *see* Opposition at 16, which is a different website than the www.sept11terrorlitigation.com website on which the Court ordered Plaintiffs to post the complaints.  *See* September 15, 2004, Order Granting Plaintiffs' Joint Motion to Serve Specified Defendants by Publication (Docket No. 445); endorsed Letter Granting Plaintiffs' Application for the September 15, 2004, Order on Publication to Apply to all Cases in MDL 1570 (Docket No. 468).

The very legal notices published by Plaintiffs demonstrate this failure.  *See, e.g.*, Legal Notice posted in USA Today (Docket No. 709) (listing the www.september11terrorlitigation.com website on which Plaintiffs now claim that they posted the complaints, but not the www.sept11terrorlitigation.com, website on which the Court ordered the complaints posted); Legal Notice posted in Al-Quds Al-Arabi (Docket No. 735) (same); *but see* Legal Notice posted in The World's Daily Newspaper (Docket No. 709) (listing instead the www.sept11terrorlitigation.com website on which the complaints *were not posted* until sometime near or after the conclusion of the four week publication period and not referencing the www.september11terrorlitigation.com website on which Plaintiffs assert they posted the complaints).

In light of the deficiencies in Plaintiffs' attempt to serve Mr. Al-Hussayen by publication

and the confusion generated by Plaintiffs' reference to different websites in their filings with this

Court and in the notices of publications themselves, service as to Mr. Al-Hussayen should be

quashed.[3]

**C.    The Complaint fails to state any claim upon which relief can be granted.**

Even if the Court finds that Plaintiffs have met their burden of establishing personal

jurisdiction and service, the Court should still dismiss Mr. Al-Hussayen because Plaintiffs have

failed to state any claim upon which relief can be granted.

**1.    Plaintiffs' ATA claims are not cognizable.**

Plaintiffs argue that they have sufficiently pled an ATA claim by alleging in the

Complaint that "Mr. Al-Hussayen provided 'material support' to al Qaeda in violation of

§ 2339B and that he aided and abetted al Qaeda in its terrorist enterprise" and "provided material

financing support to terrorist groups and their international affiliate organizations."  Opposition

at 19, 23.  Plaintiffs' conclusory statements are not, however, supported by specific factual

allegations contained in the Complaint and are insufficient to sustain a claim under the ATA.

At most, the allegations in the Complaint upon which Plaintiffs rely support a finding that

Mr. Al-Hussayen engaged in conduct involving the internet and operation of websites which is

conduct protected by both the First Amendment and 47 U.S.C. § 230; that Mr. Al-Hussayen

"served as an employee and official of IANA" and, in those capacities, was involved in IANA's

business transactions and fundraising activities; that he assisted in the coordination of IANA

---

[3] The Court should reject Plaintiffs' attempt to shift the burden on this issue to Mr. Al-Hussayen
– the burden is on Plaintiffs not only to properly serve all defendants, but also to prove that proper
service has been accomplished.  *See Pearson v. Board of Educ.*, No. 02-CV-3629, 2004 WL 2297354, at
*4 (S.D.N.Y. 2004) (discussing Plaintiffs' burden to establish proper service).

4   •   REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

conferences, some of which were co-sponsored and financed by specially designated global terrorists organizations; and that Mr. Al-Hussayen transferred sums of money to IANA and unspecified "Al Qaeda affiliated charities and other organizations and individuals."  Such allegations are grossly insufficient to support a finding that Mr. Al-Hussayen knew about the al Qaeda terrorists' illegal activities, desired those activities to succeed, and engaged in some act of advancing those activities; that Mr. Al-Hussayen was involved in an agreement to accomplish an unlawful act and that the attacks of September 11 were a reasonably foreseeable consequence of that agreement; or that Plaintiffs were injured as a result of Mr. Al-Hussayen's conduct.  *See In re Sept. 11,* 349 F. Supp. 2d at 828-29.  Plaintiffs' ATA claims therefore fail as a matter of law and should be dismissed.

Plaintiffs also argue that Mr. Al-Hussayen's conduct is not protected by the First Amendment because he allegedly made disbursements of $300,000 to IANA and IANA officers and a portion of those funds was used to pay IANA operating expenses and that he thereby provided material financing to terrorist groups and their international affiliate organizations.  *See* Opposition at 23.  Notwithstanding the fact that the Michigan based religious organization IANA has never been designated a terrorist organization and continues to operate openly in the U.S. to this day, the foregoing proves nothing.  Plaintiffs do not cite to any specific factual allegation in the Complaint that would support a finding that Mr. Al-Hussayen contributed to, disbursed to, or directed contributions, disbursements or other financial support to al Qaeda, let alone that he had knowledge of the al Qaeda terrorists' illegal activities and desired those activities to succeed; that he was involved in an agreement to accomplish an unlawful act and that the attacks of September 11 were a reasonably foreseeable consequence of that conspiracy; or that Plaintiffs were injured

as a result of Mr. Al-Hussayen's alleged conduct.  *See In re Sept. 11,* 349 F. Supp. 2d at 828-29.

Plaintiffs further argue that Mr. Al-Hussayen is not entitled to the immunity provided by 47 U.S.C. § 230, because he exercised significant control over the IANA websites and others; was recognized for his expertise and deferred to on decisions as to the content and management of the websites; and selected materials for and exercised a great deal of control over the editorial content of the websites.  *See* Opposition at 26.  However, § 230 provides immunity from civil liability even where the service provider "has an active, even aggressive role in making available content prepared by others."  *Blumenthal v. Drudge*, 992 F. Supp. 44, 49-52 (D.D.C. 1998); *see Ben Ezra, Weinstein, and Co., Inc. v. America Online, Inc.*, 206 F.3d 980, 985-86 (10th Cir. 2000) (holding that interactive service provider did not transform itself into an information content provider by deleting portion of original content and was therefore immune from suit under § 230); *see also Blatzel v. Smith*, 333 F.3d 1018, 1030-35, *cert. denied*, 124 S.Ct. 2812 (2004) (holding that mere operation of a website or moderation of a listserv qualifies as a "user of an interactive computer service" under § 230).[4]  Moreover, this immunity is not lost merely because a service provider exercises "a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content . . ."  *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997).  The alleged conduct of Mr. Al-Hussayen upon which Plaintiffs so heavily rely to support their claims thus is not only protected by the First

---

[4] Plaintiffs' reliance on *Blatzel* is misplaced.  The issue in *Blatzel* to which Plaintiffs refer was the posting by a website operator of an email where the author of the email did not intend it to be placed on the website.  *See Blatzel*, 333 F.3d at 1033.  Despite Plaintiffs' contentions to the contrary, that is not what is at issue here as there is no allegation in the Complaint that Mr. Al-Hussayen published information, articles or fatwas received by him that were not intended by their authors for publication on the websites.

Amendment, but also is immunized from liability by § 230.

Finally, because the September 11 attacks "occurr[ed] primarily within the territorial jurisdiction of the United States," they were acts of domestic, as opposed to "international" terrorism. *See* 18 U.S.C. § 2331(5). Thus, the ATA does not apply to Plaintiffs' claims. *See* 18 U.S.C. § 2333(a); *cf. Boim v. Quranic Literary Inst.*, 291 F.3d 2000, 1010-11 (7th Cir. 2002) (ATA was implemented to extend civil liability to "terrorism that occurred in a foreign country").

### 2.   Plaintiffs' RICO claims should be dismissed and their RICO statement stricken.

The only argument presented by Plaintiffs in support of their RICO claims is a reference to, and attempt to incorporate by such reference, a memorandum filed by Plaintiffs in opposition to another defendant's motion to dismiss. *See* Opposition at 28 n.13. This attempt by Plaintiffs to expand their memorandum beyond the length allowed by the Court should be rejected, *see Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir. 1993) (declining to review issues incorporated by reference where the brief had already reached the page limit) and Plaintiffs should be deemed to have abandoned their RICO claims in their entirety. The Court should accordingly strike Plaintiffs' RICO statement as to Mr. Al-Hussayen and dismiss the RICO claims against him with prejudice.

Even if the Court does not reject Plaintiffs' incorporation by reference, the Court still should dismiss Plaintiffs' RICO claims because they are so insubstantial, implausible, and foreclosed by prior decisions of the Court that they fail as a matter of law. First, Plaintiffs have not stated a claim under § 1962(a) because neither the Complaint nor the RICO Statement contain specific factual allegations showing that Mr. Al-Hussayen invested racketeering income

7   •   REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

or that Plaintiffs sustained injuries arising from Mr. Al-Hussayen's investment of such income. *See In re Sept. 11*, 349 F. Supp. 2d at 827.  Second, Plaintiffs have not stated a claim under § 1962(c) because, even assuming Plaintiffs sufficiently pleaded an "enterprise," they have not alleged specific facts showing that Mr. Al-Hussayen had a part in directing the operation or management of the "enterprise." *See In re Sept. 11*, 349 F. Supp. 2d at 827-28.  At most, Plaintiffs have alleged that Mr. Al-Hussayen assisted IANA which may have supported unspecified individuals and organizations that were part of the enterprise.  Such allegations are insufficient to state a claim under § 1962(c).  *See id.*

Third, Plaintiffs have not stated a claim under § 1962(d) because they have not alleged that Mr. Al-Hussayen was a central figure in the underlying schemes or that he made a conscious decision or agreement to engage in conduct that violates §§ 1962(a), (b) or (c).  *See id.*; 18 U.S.C. § 1962(d).[5]  Fourth, neither the Complaint nor the RICO statement contain specific factual allegations that show a direct relation between Plaintiffs' injuries and the injurious conduct in which they allege Mr. Al-Hussayen engaged.  *See Holmes v. Securities Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992) (plaintiff must establish a "direct relation between the injury asserted and the injurious conduct alleged"); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (injury must be proximately caused "by the conduct constituting the violation").

Fifth, as discussed above in addressing Plaintiffs' claims under the ATA, the alleged

---

[5] *See also American Arbitration Ass'n, Inc. v. DeFonseca,* No. 93 Civ. 2424(CSH), 1996 WL 363128, at *7 (S.D.N.Y. June 28, 1996) ("the 'complaint must allege some factual basis for a finding of a conscious agreement among the defendants'"); *Schmidt v. Fleet Bank,* 16 F. Supp. 2d 340, 354 (S.D.N.Y. 1998) ("Bare and conclusory allegations are insufficient to withstand a motion to dismiss and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in the [RICO] conspiracy.").

conduct upon which Plaintiffs rely – Mr. Al-Hussayen's alleged association with others, exercise of his religious beliefs, and assistance in the publication of protected speech – is protected by the First Amendment and cannot form the basis of liability.  Sixth, as also discussed above in addressing Plaintiffs' ATA claims, Mr. Al-Hussayen, as a mere user or provider of an interactive computer service, is immunized under 47 U.S.C. § 230 from civil liability for his alleged conduct of making available or publishing on the internet information provided by third parties.  Finally, to the extent Plaintiffs seek to recover damages related to personal injuries, such recovery is not available under RICO.  *See Sedima*, 473 U.S. at 458; *Hollander v. Flash Dancers Topless Club*, 340 F. Supp. 2d 453, 458 (S.D.N.Y. 2004).

    **3.**    <u>**Conspiracy and aiding and abetting do not constitute independent causes of action.**</u>

Plaintiffs admit that there is not a separate cause of action in New York for civil conspiracy and aiding and abetting.  *See* Opposition at 9-10.  The Court should therefore dismiss both the conspiracy and aiding and abetting claims against Mr. Al-Hussayen.  *See Sepenuk v. Marshall*, No. 98-cv-1569-RCC, 2000 WL 1808977, at *6 (S.D.N.Y Dec. 8, 2000); *see also  In re Kings County Tobacco Litigation*, 727 N.Y.S.2d 241, 246 (2000)*.*

    **4.**    <u>**Plaintiffs' claims are barred by the First Amendment**</u>

As discussed in our opening Memorandum at pp. 11-17, Plaintiffs are attempting to hold Mr. Al-Hussayen civilly liable for alleged conduct protected by the Fist Amendment and immunized by federal law at 47 U.S.C. § 230.  Accordingly, Plaintiffs have failed to state a claim upon which relief may be granted and all claims against Mr. Al-Hussayen should be dismissed.

**D.  Conclusion.**

Plaintiffs have failed to meet their burden of demonstrating that the Court has personal jurisdiction over Mr. Al-Hussayen and that they validly served him by publication.  Plaintiffs also have failed to state a claim upon which relief can be granted and attempt to impose civil liability against Mr. Al-Hussayen based on alleged conduct protected by the First Amendment and federal law.[6]  Accordingly, Mr. Al-Hussayen respectfully requests that the Court dismiss him from this action with prejudice.

DATED this 5th day of July, 2005.

NEVIN, BENJAMIN & McKAY LLP


By:    ___/s/_____
       Scott McKay (SM3330)
       Attorneys for Defendant Sami Omar Al-Hussayen

---

[6] Plaintiffs indicate "Defendant Al-Hussayen also has moved to dismiss plaintiffs' claim under the Torture Victim Protection Act ('TVPA')" but note that they "do not currently intend to pursue this claim against this defendant."  *See* Opposition at 27 n.12.  The foregoing was apparently cut and pasted from briefing by the same plaintiffs' counsel in the *Burnett* case in response to Mr. Al-Hussayen's earlier filed motion to dismiss in that case.  Mr. Al-Hussayen did not move to dismiss a TVPA claim in the present case because no such claim has been alleged by these Plaintiffs.

10   •   REPLY IN SUPPORT OF MOTION TO DISMISS OF SAMI OMAR AL-HUSSAYEN

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of July, 2005, I caused a copy of the **Reply Memorandum of Law in Support of Motion to Dismiss of Defendant Sami Omar Al-Hussayen** to be served electronically pursuant to the Court's ECF system.

_____/s/_____
Scott McKay