## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

> *Estate of O'Neill, et al.  v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS SCHREIBER & ZINDEL TREUHAND ANSTALT, FRANK O. ZINDEL, ENGELBERT SCHREIBER, SR. AND ENGELBERT SCHREIBER, JR.'S MOTION TO DISMISS

**SCHIFF HARDIN LLP**

Donald A. Klein (DK7821)
623 Fifth Avenue
New York, NY 10022
(212) 753-5000

John N. Scholnick (JS7654)
Ayad P. Jacob (AJ6888)
6600 Sears Tower
Chicago, IL  50505
(312) 258-5500

Attorneys for Defendants
*Schreiber & Zindel Treuhand
Anstalt, Frank O. Zindel, Engelbert
Schreiber, Sr., and Engelbert
Schreiber, Jr.*

TABLE OF CONTENTS

I.      **INTRODUCTION**................................................................................................ 1

II.     **ARGUMENT**.................................................................................................... 3

III.    **CONCLUSION** ............................................................................................... 5

**TABLE OF AUTHORITIES**

<u>Cases</u>                                                           <u>Page No.</u>

*In re Terrorist Litigation,*
349 F. Supp.2d 765 (S.D.N.Y. 2005)…………………………………………….……………..*5*

Defendants Schreiber & Zindel Treuhand Anstalt, Frank Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr., (hereinafter collectively "Defendants" unless individually referenced) respectfully submit this memorandum in support of their motion to dismiss Plaintiffs' Third Amended Complaint in *Estate of O'Neill, et al.  v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.) pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## I.
## INTRODUCTION

On December 30, 2004 Plaintiffs filed a Second Amended Complaint in *Estate of O'Neill, et al.  v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.) ("*Republic of Iraq*") accusing Defendants of conspiring to commit the most heinous acts of terrorism without pleading a single averment of fact regarding what Defendants purportedly did in furtherance of this act.   In the place of any specific factual allegations, Plaintiffs in four paragraphs of their Second Amended Complaint – Paragraphs 38, 41, 53, and 256 – offered a mixture of unsupported conclusions about Defendants' purported involvement in a conspiracy to engage in acts of terrorism along with numerous other defendants.

On May 20, 2005, Defendants filed a motion to dismiss the Second Amended Complaint for insufficiency of service of process and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(2), respectively.   That motion is pending.   Before responding to Defendants' motion to dismiss and in an apparent effort to cure the deficiencies that existed in their Second Amended Complaint, Plaintiffs filed a Third Amended Complaint on June 7, 2005.[1]

---

[1] The Amendments of the Third Amended Complaint have no bearing on Defendants' Fed. R. Civ. P. 12(b)(5) motion to dismiss for insufficiency of service of process.   Instead, by

1

In addition to re-pleading the conclusory allegations contained in their Second Amended Complaint,[2] Plaintiffs added two paragraphs -- paragraphs 49 and 50 – to their Third Amended Complaint.  Strangely, paragraphs 49 and 50 are identical to two paragraphs alleged in Plaintiffs' First Amended Complaint[3] that were withdrawn upon the filing of the Second Amended Complaint.  The withdrawal of these particular allegations was the result of the delivery to Plaintiffs' counsel of a Rule 11 letter regarding the falsity of the allegations of these paragraphs.[4]

---

letter to the Court, dated June 15, 2005, Plaintiffs' counsel requested "leave to reserve certain defendants in the event that the court finds service of process defective."  The Court in Case Management Order No. 2 required that service on foreign defendants was to be made by October 15, 2004.  On October 14, 2004, Plaintiffs requested a one-hundred and twenty (120) day extension of time to effectuate service which was granted by the Court.  Plaintiffs, again failing to effectuate service, requested in a letter dated February 4, 2005 an additional one-hundred and twenty (120) day extension of time to serve defendants.  This Court again granted the application but this time noting in the endorsed letter that it was the "final 120 day extension to serve." Defendants are not moving targets.  Schreiber & Zindel Treuhand Anstalt is a well established business in the Principality of Liechtenstein and Frank Zindel, Englebert Schreiber, Sr., and Engelbert Schreiber, Jr., are businessmen who have for years conducted their affairs in Liechtenstein.  The rules of service in Liechtenstein are clear.  There is no excuse for failing to serve the Defendants properly.  Plaintiffs should not be afforded another opportunity to effect service, particularly in light of the pleading deficiencies contained in their complaint as to Defendants.  The Third Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

[2] Paragraphs 38, 41, 53, and 256 of the Second Amended Complaint are now pled, verbatim as Paragraphs 38, 41, 63, and 275 of the Third Amended Complaint.

[3] Paragraphs 49 and 50 of the Third Amended Complaint were paragraphs 39 and 41 of the First Amended Complaint.

[4] In a February 9, 2004 letter, counsel for Defendants provided Plaintiffs' counsel, Joshua M. Ambush, certified translations of letters from the government of Liechtenstein specifically contradicting the allegations that are re-alleged in paragraphs 49 and 50 of the Third Amended Complaint.  In these letters, the Ministry of Justice of the Principality of Liechtenstein took the extraordinary step of denying that the government ever issued any documents indicating that each of the Defendants was ever involved in money laundering activities on behalf of Al Qaeda and/or Al Taqwa Bank.  Additionally, a separate letter stated that neither Schreiber & Zindel Treuhand Anstalt nor any company administered by it has ever received approval from the Liechtenstein Government to enter into agreements under the food-for-oil program – a prerequisite for participation under the food-for-oil program.  (see February 9, 2004 letter addressed to Joshua M. Ambush with accompanying exhibits attached hereto as Exhibit 6).

2

The allegations of paragraphs 49 and 50 of the Third Amended Complaint are no less false today than they were in 2004 when they were withdrawn by Plaintiffs. Plaintiffs' inclusion of them in the Third Amended Complaint may well subject them and their counsel to Rule 11 sanctions.

Notwithstanding the falsity of Paragraphs 49 and 50, these allegations do not save Plaintiffs' Third Amended Complaint. It is still subject to dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiffs still fail to allege with any specificity facts setting forth Defendants' conduct relating to the events of September 11th. Even with these "new" allegations the facts alleged are insufficient, and any exercise of personal jurisdiction here would not comport with the requirements of due process because Defendants do not have sufficient minimum contacts with either New York or the United States.

## II.
## ARGUMENT

Defendants adopt and incorporate herein as their arguments in support of their motion to dismiss Plaintiffs' Third Amended Complaint, their memorandum in support of their motion to dismiss Plaintiffs' Second Amended Complaint filed on May 20, 2005 (*see* Exhibit 1), as well as the supporting declarations of Guntram Wolf (*see* Exhibit 2), Frank Zindel (*see* Exhibit 3), Engelbert Schreiber, Sr. (*see* Exhibit 4), and Englebert Schreiber Jr. (*see* Exhibit 5) filed therewith. The law and arguments set forth in Defendants pending motion to dismiss the Plaintiffs' Second Amended Complaint on the grounds of insufficiency of service of process and lack of personal jurisdiction are entirely applicable to Plaintiffs' Third Amended Complaint.

The inclusion of allegations from the Second Amended Complaint of course, adds nothing. These paragraphs contain no averments of fact, but merely offer once again

3

unsupported conclusory statements.   Plaintiffs alleged that Defendants along with numerous
other parties:

> [C]onspired with Osama Bin Laden, Al Qaeda, Iraq and the Taliban to
> raise, launder, transfer, distribute, and hide funds for Bin Laden and Al
> Qaeda in order to support and finance their terrorist activities  including,
> but not limited to, the September 11[th] attacks. (Second Amended Compl.
> ¶ 38; Third Amended Compl. ¶ 38)

> [P]articipated in the acts and conspiracy described below, in their
> individual capacities and while acting in the course and scope of their
> employment and/or conspired with Osama Bin Laden, Al Qaeda,
> Hesbollah, Iran, and the Taliban to raise, launder, transfer, distribute, and
> hide funds for Bin Laden and Al Qaeda in order to support and finance
> their terrorist activities including, but not limited to, the September 11[th]
> attacks. (Second Amended Compl. ¶ 41; Third Amended Compl. ¶ 41)

> [C]onspired for many years to attack the United States and murder United
> States citizens.   Defendants supported, conspired, aided and abetted,
> sponsored, planned and executed the September 11th terror attacks that
> killed thousands of people and injured many thousands more.   (Second
> Amended Compl. ¶ 53; Third Amended Compl. ¶ 63)

> [C]aused the extrajudicial killing of John Partick O'Neill, Sr.   (Second
> Amended Compl. ¶ 256; Third Amended Compl. ¶ 275)

These allegations, as discussed in Defendants' memorandum in support of their motion to
dismiss the Second Amended Complaint, do not provide a sufficient basis for the exercise of
personal jurisdiction over Defendants.

Moreover, the addition of Paragraphs 49 and 50 does not cure the deficiencies present in
the Third Amended Complaint.   Aside from the fact that these allegations are patently false and
should be disregarded, these recycled allegations are insufficient averments, even if credited, to
establish jurisdiction over each Defendant.   Paragraphs 49 and 50 state:

> Defendant Schreiber & Zindel of Vaduz, Liechtenstein, is a legal entity
> involved in money laundering activities on behalf of Al Qaeda and Al
> Taqwa Bank, according to documents from the Government of

4

Liechtenstein. Upon information and belief, revenues from the sale of Iraqi oil under the United Nation's food-for-oil program were laundered to help finance Al Qaeda. Laundering activity, undertaken with the knowledge of Iraqi officials including Defendant the late Uday Hussein, the eldest son of Saddam Hussein, was undertaken through many of the same middlemen in Switzerland, Liechtenstein, and Italy that administered funds on behalf of sanctioned Al Taqwa bank and other fiduciaries associated with the Muslim Brotherhood. (Third Amended Compl. ¶ 49)

Upon information and belief, Defendant[] . . . Schreiber and Zindel engaged in money laundering on behalf of Al Taqwa and Al Qaeda. Their assets have not been frozen by the United States after the events of September 11, 2001. (*Id.* ¶ 50).

Paragraphs 49 and 50 contain only conclusory allegations about Defendants' conduct and make no credible attempt to allege actual facts establishing that Defendants engaged in any activity on behalf of a terrorist group or network. These allegations fall far short of those required by this Court in *In re Terrorist Litigation*, 349 F. Supp.2d 765 (S.D.N.Y. 2005). For this reason and as set forth in Defendants' prior memorandum in support of their motion to dismiss, Plaintiffs' claims must be dismissed for lack of personal jurisdiction.

## III.
## CONCLUSION

For the foregoing reasons and as set forth in Defendants' memorandum in support of their motion to dismiss Plaintiffs' Second Amended Complaint, Defendants Schreiber & Zindel Treuhand Anstalt, Frank O. Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr. respectfully request that this Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Dated: July 8, 2005.

Respectfully Submitted,

SCHIFF HARDIN LLP

By: _Donald A. Klein_

Donald A. Klein (DK7821)
623 Fifth Avenue
New York, NY 10022
(212) 753-5000

John N. Scholnick (JS7654)
Ayad P. Jacob (AJ6888)
6600 Sears Tower
Chicago, IL  50505
(312) 258-5500

Attorneys for Defendants
*Schreiber & Zindel Treuhand Anstalt, Frank
O. Zindel, Engelbert Schreiber, Sr., and
Engelbert Schreiber, Jr.*