Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Blanca I. Rodriguez
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Andrew J. Maloney, III
Daniel O. Rose
Gretchen M. Nelson*
Stuart R. Fraenkel*

Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
   Counsel

# KREINDLER & KREINDLER LLP
100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

Susan A. Friery, M.D.♦
Jacqueline M. James
Brendan S. Maher
Susan D. Bainnson
Dennis J. Nolan
Vincent I. Parrett
William O. Angelley
Michael R. Sherwin[+]

California Office
707 Wilshire Boulevard
Suite 5070
Los Angeles, CA 90017-3613
(213) 622-6469
Fax: (213) 622-6019

*Admitted in CA only
♦Admitted in MA & DC only
[+]Admitted in OH only

July 13, 2005

**By Hand Delivery**
Honorable Richard C. Casey
United States District Court
Southern District of New York
500 Pearl Street - Room 1950
New York, New York 10007

    Re:   *In Re Terrorist Attacks on September 11, 2001*
            03 MDL 1570 (RCC)

Dear Judge Casey:

      I write on behalf of all plaintiffs, in opposition to the July 12, 2005 letter application submitted by Lynne Bernabei, Esquire, on behalf of Saudi Arabian Red Crescent Society, and a number of other defendants represented by her office. In that letter, Ms. Bernabei requests that the Court suspend briefing on her clients' anticipated motions to dismiss in all of the actions, pending resolution of motions filed in the *Burnett* case nearly two years ago. Plaintiffs respectfully submit that the suspension of briefing in the remaining cases would not promote judicial economy of the uniform resolution of the defendants' motions to dismiss in all of the cases, and would prejudice the rights of the plaintiffs in the remaining actions.

      The Saudi Red Crescent and a number of Ms. Bernabei's other clients are seeking dismissal under the Foreign Sovereign Immunities Act ("FSIA"). In connection with motions to dismiss under the FSIA, this Court has previously held that plaintiffs are required to submit detailed factual allegations or other evidence to support any contention that an FSIA defendant knowingly participated in al Qaeda's conspiracy to attack America. In view of that holding, the plaintiffs in all of the actions intend to submit additional evidence in support of their claims filed by Ms. Bernabei's FSIA clients in the *Burnett* action is incomplete, and substantially differs from the record which ultimately will need to be considered in deciding those defendants' motions to

Honorable Richard C. Casey
United States District Court
July 13, 2005
Page 2

dismiss in the other cases. Plaintiffs respectfully submit that the Court and parties would be better served by expediting briefing on the defendants' motions to dismiss in the remaining cases, and deciding those motions simultaneously. No other plaintiffs, with the exception of the *Burnett* plaintiffs, have been heard on these defendants. The plaintiffs would further suggest that these defendants each file a single consolidated motion to dismiss all of the remaining actions, to which the plaintiffs will respond through a consolidated opposition. This process will serve to minimize the burden on the parties and Court in relation to these defendants' motions to dismiss.

Significantly, the fact that plaintiffs in certain of the actions have, in a limited number of instances, agreed to hold briefing on the motions of other defendants in abeyance, pending resolution of motions those same defendants previously filed in other actions, is irrelevant to the present dispute. Ultimately, counsel for each plaintiffs' group must make the determination as to whether the suspension of briefing on a particular defendant's motion to dismiss will adversely affect their clients' interests in the litigation. In conducting that evaluation, the plaintiffs have strived to be mindful of the need to limit the burden on the Court and parties. In certain circumstances, in the interests of judicial economy, plaintiffs have agreed to suspend briefing on the motions of certain defendants, because they did not believe that doing so would adversely affect their clients' interests. However, with respect to Ms. Bernabei's clients, plaintiffs universally feel that the interests of their clients require that briefing go forward at this time.

I would also add that Ms. Bernabei's statement that these defendants were "unable to obtain any substantive response from plaintiffs' counsel" on this issue is simply false. On April 14, 2005, I directly and promptly told Ms. Bernabei's partner Alan Kabat that "plaintiffs cannot agree to the stip[ulation]" to defer the briefing schedule. See A. Maloney to A. Kabat (Apr. 14, 2005) (attached hereto). When Mr. Kabat circulated his April 26, 2005 letter insisting we agree or else he would seek a Court ruling on an indefinite extension, I consulted one last time with my colleagues and told Mr. Kabat our position remained unchanged. Plaintiffs stand by that position.

                 Sincerely yours,

                 Andrew J. Maloney III
                 KREINDLER & KREINDLER LLP
                 100 Park Avenue
                 New York, New York 10017

cc: MDL Plaintiffs and Defendants Counsel (via e-mail)

# Andrew Maloney

**From:** Andrew Maloney
**Sent:** Thursday, April 14, 2005 11:20 AM
**To:** zAlan Kabat
**Cc:** TERROR PLAINTIFFS COUNSEL
**Subject:** RE: MDL 1570 (stipulation)

Alan, according to many of the other plaintiffs' counsel, the other stipulations you refer to were on defendants who were addressed in Judge Casey's Jan 18 order, with some limited exceptions. You are asking for a stip for defendants for whom the Court has yet to rule on. Some of them, like SRC, raise FSIA defenses which means that new motions will need to address any new information on that defense that has come to light since the filing of your motions in Burnett, in order for the Court to have a complete record.

My initial reaction in leaning towards agreeing with your request was based on your representation (which may not be entirely accurate, albeit an innocent mistake) and of course the need to conserve judicial resources. Upon further review and discussion with my colleagues, the request appears to be fraught with logistical problems and in the end could result in actually increasing delay and wasting judicial resources. I am afraid plaintiffs cannot agree to the stip.

Andrew J. Maloney
Kreindler & Kreindler

-----Original Message-----
**From:** zAlan Kabat
**Sent:** Wednesday, April 13, 2005 9:20 PM
**To:** Andrew Maloney
**Subject:** RE: MDL 1570 (stipulation)

Andrew,

I have already asked and answered your question, in my email of March 17, 2005 (attached). At that time, I pointed out that plaintiffs had entered into similar stipulations with several other defendants, through which briefing was deferred pending resolution of a fully-briefed motion. Plaintiffs did not enter into any conditions with those defendants based on the outcome of future court decisions. You have not given any reason for taking a different approach with respect to our clients. In fact, in your response on March 18, you wrote that "I do not believe the stip[ulation] will be a problem..."

As officers of the court, we should all do our utmost to conserve judicial economy by avoiding the expenditure of unnecessary time and resources, both our own, and that of the court. Plaintiffs' demand that defendants Saudi Red Crescent Society, et al., commence a second round of briefing while their motions to dismiss in the Burnett case are still pending is contrary to this obligation, and would force the parties to incur expenses that could be conserved by waiting for the Court to rule on the first round of motions filed by these defendants.

7/12/2005  Page 1 of 3

If plaintiffs refuse to consent to this stipulation, then we will initiate the letter application process.

Thank you for your consideration of this request.

Alan R. Kabat
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email: kabat@bernabeiandkatz.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. This message may be attorney-client communication, and as such, is privileged and confidential. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

---

**From:** Andrew Maloney [mailto:AMaloney@kreindler.com]
**Sent:** Friday, April 08, 2005 5:35 PM
**To:** Alan Kabat
**Subject:** RE: MDL 1570 (stipulation)

Alan, I am sorry to say that we could not arrive at a consensus to your requested stipulation. The reason is that we do not know if your clients intend to be bound by any decision Judge Casey makes as to your clients in the pending Burnett motion. In other words, if Burnett prevails would you still intend to file a motion to dismiss in the other cases? There may be some new evidence that you or plaintiffs wish to add in a future motion.

Accordingly, many other plaintiffs would like to be on the same schedule, rather than wait 2 months for your clients to file another brief and prolong the process.

If you need some more time to file you motions due to my failure to respond sooner on the extension, a reasonable extension should not be a problem, just let me know what you need.

-----Original Message-----
**From:** zAlan Kabat
**Sent:** Thursday, April 07, 2005 3:02 PM
**To:** Andrew Maloney
**Subject:** MDL 1570 (stipulation)

7/12/2005

Page 2 of 3