**United States District Court**
**Southern District of New York**

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

    *Kathleen Ashton v. Al Qaeda Islamic Army*, 02-CV-6977 (RCC)
    *Ernesto Barrera v. Al Qaeda Islamic Army*, 03-CV-7036 (RCC)
    *Thomas E. Burnett, Sr.  v. Al Baraka Inv. & Dev. Corp.*, 03-CV-5738 (RCC)
    *Thomas E. Burnett, Sr.  v. Al Baraka Inv. & Dev. Corp.*, 03-CV-9849 (RCC)
    *Cantor Fitzgerald v. Akida Bank Private Limited*, 04-CV-7065 (RCC)
    *Continental Cas. Co. v. Al Qaeda*, 04-CV-5970 (RCC)
    *Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7279 (RCC)
    *Federal Ins. v. Al Qaida*, 03-CV-6978 (RCC)
    *New York Marine & General Ins. Co. v. Al Qaida*, 04-CV-6105 (RCC)
    *Estate of John P. O'Neill, Sr.  v. Al Baraka Inv. & Dev. Corp.*, 04-CV-1923 (RCC)
    *Gladys H. Salvo v. Al Qaeda Islamic Army*, 03-CV-5071 (RCC)
    *Walter Tremsky v. Osama bin Laden*, 02-CV-7300 (RCC)
    *World Trade Ctr. Props. L.L.C. v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7280 (RCC)

**CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OF**
**<u>SULAIMAN AL RAJHI</u>**

                                                                **FISH & RICHARDSON P.C.**

                                                                 Thomas M. Melsheimer (TM-4466)
                                                                 (Admitted *pro hac vice*)
                                                                 John M. Helms (JH-7931)
                                                                 (Admitted *pro hac vice*)
                                                                 1717 Main Street, Suite 5000
                                                                Dallas, Texas  75201
                                                                (214) 747-5070 (Telephone)
                                                                (214) 747-2091 (Telecopy)

                                                            **COUNSEL FOR DEFENDANT**

**I.      Plaintiffs' Consolidated Response Fails to Allege Facts That State a Claim Against or Establish Personal Jurisdiction Over Sulaiman Al Rajhi.**

Plaintiffs' allegations against Sulaiman Al Rajhi, though voluminous, are conclusory, vague, and fail to address the specific pleading issues that this Court has already found are determinative in this case. Missing are factual allegations that could support an inference that Sulaiman Al Rajhi knowingly provided material assistance or support to the 9/11 terrorists. As even Plaintiffs recognize, knowing participation is a prerequisite to imparting liability under each of Plaintiffs' theories of liability. Because Plaintiffs have failed to allege sufficiently that Sulaiman Al Rajhi knowingly supported al Qaeda, Plaintiffs have failed to state any claim against Sulaiman Al Rajhi.[1] Similarly, Plaintiffs' allegations fail to support even a *prima facie* case of personal jurisdiction. Accordingly, the Court should grant the motion to dismiss.

**II.     Plaintiffs' Consolidated Response Fails to State a Claim.**

      **A.      Plaintiffs Have Not Alleged Facts Supporting an Inference that Sulaiman Al Rajhi Knowingly Supported al Qaeda.**

Plaintiffs fail to state a claim against Sulaiman Al Rajhi because they have failed to allege *facts* that could give rise to an inference that Sulaiman Al Rajhi *knowingly* supported al Qaeda, an essential element of each of Plaintiffs' asserted claims. Plaintiffs' Consolidated Response offers only the tautological conclusion that Sulaiman Al Rajhi must be part of the "causal chain" simply because of his alleged position as founder, director, or donor to certain charities or businesses that allegedly supported al Qaeda through nebulous channels. The Court, however, has previously rejected similar arguments made against Prince Sultan, Prince Turki, the Al Rajhi Bank and others, and has required Plaintiffs to identify factual allegations in their

---

[1] Plaintiffs devote much of their Consolidated Memorandum of Law in Opposition to Motion to Dismiss of Sulaiman Al Rajhi ("Consolidated Response") to arguing legal issues other than the central issue of their failure to allege facts raising an inference that Sulaiman Al Rajhi was involved in the alleged wrongdoing. In the interests of

1

pleadings indicating that a defendant knew that a non-terrorist entity that he supported was, in turn, providing material assistance to al Qaeda. *See*, *e.g.*, *In Re Terrorist Attacks on September 11, 2001* [hereinafter, "*In re Sept 11th*"], 349 F. Supp. 2d 765, 800-801, 826, 833, 835, 836. As with Prince Sultan ("Sultan"), Prince Turki ("Turki"), Saleh Kamel ("Kamel"), Tariq Binladin ("Tariq"), Bakr Binladen ("Bakr") and others, Plaintiffs have alleged only their desired conclusions rather than facts against Sulaiman Al Rajhi. This failure requires dismissal of Plaintiffs' claims against Sulaiman Al Rajhi for the same reasons that the Court has previously dismissed claims against those similarly situated defendants.

### B. Allegations Regarding a Defendant's Position Within an Organization Do Not Substitute For Allegations Regarding a Defendant's Actual Conduct.

The Court's dismissal of defendants Kamel, Tariq, and Bakr established that allegations regarding a person's position within an organization are no substitute for factual allegations that a defendant provided support to an organization that he knew was materially assisting al Qaeda. For example, Plaintiffs' allegations that employees of Al Baraka, an organization founded by Kamel, supported al Qaeda did "not translate into an allegation that Mr. Kamel provided material support to terrorism or aided and abetted those that provided material support." *In Re Sept. 11th*, 349 F. Supp. 2d at 836. Neither did Plaintiffs' allegations that Al Baraka provided financial support to al Qaeda through the Al Haramain charity. *Id*. Similarly, allegations that Tariq and Bakr were board members of an organization that allegedly sheltered and supported al Qaeda operatives did not support a claim that Tariq and Bakr were members of the al Qaeda conspiracy, themselves. *Id*. at 821-822.

The same holds true for Sulaiman Al Rajhi. Plaintiffs cannot avoid their pleading requirements merely by alleging that a defendant (here, Sulaiman Al Rajhi) founded an

---

brevity, those allegations are addressed in the Consolidated Reply Brief in Support of the Motion to Dismiss

organization (*e.g.*, the Saar Foundation) or sat on the board of an organization (*e.g.*, the IIRO) that allegedly, indirectly supported al Qaeda through undefined channels.  Rather, Plaintiffs must allege facts demonstrating that the defendant knowingly affiliated himself with an apparently legitimate entity that he knew was actually an al Qaeda front.  Plaintiffs fail to state a claim against Sulaiman Al Rajhi because they allege only that he founded, donated to, or sat on the board of various organizations—they do not allege facts that could give rise to an inference that he knew anything was amiss with those organizations.

      **C.**    **The Allegation that Sulaiman Al Rajhi Founded the "SAAR Network" Fails To Raise an Inference That He Knowingly Supported al Qaeda.**

Plaintiffs' allegations that Sulaiman Al Rajhi "founded" what they refer to as the "SAAR Network" are so conclusory and stale as to be practically meaningless.  The "SAAR Network" is a term coined by the Plaintiffs to describe a group of allegedly related entities.[2]  The Court noted however that there is "scant basis for linking the entities under the SAAR Network title."  *In Re Sept. 11th*, 349 F.Supp.2d at 823.  The Plaintiffs do not plead any facts that explain what Sulaiman Al Rajhi allegedly did to "found" this purported "network" or what "founding" a network supposedly means.  They only allege that he took part in starting a specific entity called the Saar Foundation in 1983 and that he and/or other unidentified members of the Al Rajhi family made donations to it at unknown times since then.[3]  Plaintiffs do not allege that Sulaiman Al Rajhi was involved in the operation or management of the Saar Foundation or that he was an officer, director, or employee of it at any relevant time.  Nor do they allege that he was involved in "founding," running, or operating any other entity within what they call the "SAAR Network."

---

Abdullah Al Rajhi, filed concurrently herewith and incorporated by reference into this reply.
[2] *See e.g.*, *Ashton* ¶ 338; *Barrera* ¶ 340; *Burnett* ¶ 266; *Cont'l Cas.* ¶ 472; *Fed. Ins.* ¶ 224; *O'Neill 1923* ¶ 104; *Salvo* ¶ 471; *Tremsky* ¶ 155; *WTCP* ¶ 440.  Plaintiffs coined the term "SAAR Network" to refer to a group of allegedly loosely related charities and businesses.  *See, e.g., Fed. Ins.* RICO; *Cont'l Cas.* RICO.
[3] *See e.g., Ashton* ¶ 333; *Barrera* ¶ 335; *Burnett* ¶ 261; *Cont'l Cas.* ¶ 467; *Salvo* ¶ 466; *Tremsky* ¶ 150; *WTCP* ¶¶ 215, 435; *O'Neill* RICO; *Cantor Fitzgerald* ¶ 107; *Euro Brokers* ¶ 93; *Cantor Fitzgerald* RICO; *Fed. Ins.* RICO.

Indeed, they do not plead any facts suggesting that he was even aware of the other entities described as constituting the "SAAR Network." In fact, Plaintiffs have specifically identified individuals other than Sulaiman Al Rajhi who they say *were* involved in running the Saar Foundation and the entities in the "SAAR Network," and who they say *were* officers and directors of those entities: Yakub Mirza (President and Registered Agent, CEO, and Trustee of Saar Foundation), Mohammed Jaghlit (Treasurer and Director of Saar Foundation), Cherif Sedky (Secretary, Trustee and Director of Saar Foundation), Hisham Al-Talib (Registered Agent of Saar Foundation), Jamal Barzinji (Chairman of Saar Foundation), Ahmed Totonji (CFO of Saar Foundation), Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, and Iqbal Yunus.[4]

     Plaintiffs fail to state a claim because they simply rely on Sulaiman Al Rajhi's alleged position as "founder" of the Saar Foundation rather than alleging conduct that would raise an inference that he actively supported entities that he knew supported al Qaeda.[5] Plaintiffs' only factual connections between Sulaiman Al Rajhi and the Saar Foundation are allegations that (1) he founded the Saar Foundation in 1983, (2) the Saar Foundation is named for him, and (3) he donated money to it. The single act of allegedly founding an entity in 1983 (seven years before al Qaeda was allegedly formed), however, does not permit an inference of responsibility for, or knowledge of, everything that the entity and its employees are alleged to have done over the next two decades. Plaintiffs likewise fail to explain how donating money to the Saar Foundation, in and of itself, imputes responsibility for or knowledge of the Saar Foundation's alleged activities to Sulaiman Al Rajhi. *See id.* at 799 (finding that Prince Sultan and Prince Turki's donations to charities did not imply knowledge of those charities' alleged terrorist ties). Plaintiffs offer

---

[4] *See*, *e.g.*, *WTCP* ¶ 215; *Burnett*, PLS.' RESP. TO AL RAJHI BANK'S RULE 12(E) REQUEST TO PLS. (Aug. 27, 2003) ¶ 80; RICO Statement Applicable to the SAAR Network Executives, *Federal Ins. v. Al Qaida*, (03-cv-6978).

neither factual allegations suggesting involvement, control, or participation in the Saar Foundation after the alleged founding in 1983, nor allegations regarding when or how Sulaiman Al Rajhi allegedly financed the Saar Foundation or any other allegedly related entity. Moreover, although the Court's opinion permitted jurisdictional discovery to determine which, if any, of the "SAAR Network" entities may have transferred funds to Youssef Nada or Ahmed Nasreddin, there is no allegation that Sulaiman Al Rajhi knew about or participated in any such alleged transfer or that he was involved with any entity that allegedly made such a transfer. Thus, just as Kamel's establishment of Al Baraka did not raise an inference that he knew of or supported the alleged conduct of Al Baraka or its employees, Sulaiman Al Rajhi's alleged founding of the Saar Foundation fails to raise any inference that he knew of or supported any alleged misconduct.

> D. **Plaintiffs' Allegations That Sulaiman Al Rajhi Sat on the Boards of Various Entities Fail To Raise an Inference That He Knowingly Supported al Qaeda.**

Similarly, Plaintiffs' Consolidated Response fails to explain how their allegations regarding Sulaiman Al Rajhi's alleged positions on various boards of directors raise an inference that he knew of or supported those entities' alleged terrorist activities. Plaintiffs allege that Sulaiman Al Rajhi sat on the board of the IIRO, that he managed the National Commercial Bank budget for the Saudi Joint Relief Committee, that he sat on the Board of the Akida Bank, and that he sat on the Board of Trustees of Sanabel with Kamel. However, Plaintiffs have utterly failed to respond to the Motion's detailed explanation of why those allegations do not raise an inference of knowing support for any alleged terrorist activities.[6] As the Court's dismissal of Tariq and Bakr illustrates, Plaintiffs must plead more than that Sulaiman Al Rajhi allegedly held

---

[5] Plaintiffs often conflate and interchangeably use the terms Saar Foundation and SAAR Network. The Saar Foundation was a charitable entity incorporated in Virginia. The "SAAR Network" is allegedly a nebulous, loosely formed group of entities that Plaintiffs accuse of much wrongdoing but fail to define.

[6] For example, it is doubtful that al Qaeda even existed on the date at which Sulaiman Al Rajhi was allegedly on Akida Bank's board, given (1) Plaintiffs' failure to allege when Sulaiman Al Rajhi allegedly sat on the board and (2)

5

an executive position with an organization at an unidentified point in time. *Id.* at 821-822 (plaintiffs failed to state a claim against Tariq and Bakr based on their executive positions with the Saudi Binladin Group).

### E. The So-Called "Golden Chain Letter" Does Not Suggest that Sulaiman Al Rajhi Knowingly Supported al Qaeda.

Plaintiffs' also attempt to rely on the so-called "Golden Chain Letter," claiming that Sulaiman Al Rajhi's name is on it. Although the document itself only mentions the last name "Al Rajhi," the Court has previously concluded that it "is only a list of names found in a charity's office," and "with no indication of who wrote the list, when it was written or for what purpose, the Court cannot make the logical leap that the document is a list of early al Qaeda supporters." *See id.* at 817, 818.[7] Accordingly, the allegation that a person's name is on the so-called Golden Chain Letter fails to raise an inference of knowing support of al Qaeda.

### F. The Purported Kane Affidavit Does Not Support Plaintiffs' Claims.

Plaintiffs attach as Exhibit 10 to their Consolidated Response a document purporting to be an unsigned "[p]roposed" affidavit of a Customs agent named David Kane. The Court may, and should, refuse to consider the document because it was not attached to Planitiffs' original pleading. *See Zeising v. Kelly*, 152 F. Supp. 2d 335, 342 (S.D.N.Y. 2001) (Casey, J.). Even if the Court were to consider the document, however, it does not implicate Sulaiman Al Rajhi. The document never suggests that Sulaiman Al Rajhi knowingly supported terrorism, knowingly

---

that the documents Plaintiffs attach suggest that, if Sulaiman Al Rajhi was ever on the Board of Akida Bank, it would have been in the early 1980's, years before al Qaeda ever existed. *See* CONSOLIDATED RESPONSE, Exhibit 12.

[7] Plaintiffs' other briefing suggests that the "Golden Chain" document's lone reference to "Al Rajhi" refers to other persons or entities. For example, Plaintiffs have asserted in other briefs that the document refers to Abdullah Al Rajhi or to Saleh Al Rajhi rather than Sulaiman Al Rajhi. *See* PLAINTIFFS' CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS OF ABDULLAH AL RAJHI at 17; PLAINTIFFS' CONSOLIDATED MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS OF SALEH AL RAJHI at 17. Furthermore, recent supplemental "evidence" filed by Plaintiffs appears to posit that the "Al Rajhi" to which the "Golden Chain" refers may be the Al Rajhi Bank, an entity with respect to which this Court has already found that Plaintiffs failed to state a claim. *See In re Sept. 11th*, 349 F. Supp. 2d at 833; Plaintiffs' Supplemental Memorandum in Opposition to Motions to Dismiss of

supported al Qaeda, or engaged in any other wrongdoing.  Indeed, to the contrary, the document identifies Abdulhamid Abusulayman, Taha Jaber Al-Awani, Hisham Al-Talib, M. Omar Ashraf, Jamal Barzinji, Mohammed Jaghlit, M. Yaqub Mirza, Ahmad Totonji, and Iqbal Unus as the individuals founding, controlling, and running what the proposed affidavit calls the "Safa Group."[8] CONSOLIDATED RESPONSE, Exhibit 10 p.33 ¶ 59, p. 35 ¶¶ 64-79.  Likewise, the proposed affidavit does not even concern alleged support for al Qaeda.  Instead, it claims that certain specific individuals and entities (not including Sulaiman Al Rajhi) may be supporting Hamas and Palestinian Islamic Jihad.  *Id*. at p. 50 ¶ 3.  Finally, the document does not and cannot state that any monies transferred by the "Safa Group"/"SAAR Network"[9] ultimately went to any particular terrorist group because the document admits that the monies were untraceable.  *Id*. at p.46 ¶ 7, p. 49 ¶14.  Unsurprisingly, Plaintiffs fail to cite any particular page or paragraph in which the document allegedly concludes (or even suggests) that Sulaiman Al Rajhi supported al Qaeda.  Plaintiffs reliance on the purported proposed Kane affidavit avails them nothing.

### G.     If Considered, the Extraneous Testimony Actually Supports Dismissal.

Plaintiffs also attach testimony from three individuals named Michael Waller ("Waller"), Jonathan Winer ("Winer"), and Dore Gold ("Gold").  The Court may refuse to consider this testimony as improper in the context of a Rule 12(b)(6) motion.[10]  If the Court does consider them, however, they actually support dismissal because, contrary to Plaintiffs' Consolidated Response, the materials do not suggest that Sulaiman Al Rajhi knowingly supported al Qaeda, and they contain no facts from which such an inference could be drawn.  Plaintiffs claim that the

---

Wa'El Hamza Jelaidan, Khalid Bin Mahfouz and Yousef Jamee (Docket No.977), Exhibit E at 24 ("[T]he name AL-RAJHI . . . is the name of a bank in which Al Qaeda had funds on deposit").
[8] The document does not use the term "SAAR Network."  Rather, it describes the entities allegedly located at 555 Grove Street as the "Safa Group."  *See* CONSOLIDATED RESPONSE, Exhibit 10 at p. 4.
[9] As noted previously, Plaintiffs have renamed what the document calls the "Safa Group," the "SAAR Network."

7

materials identify Sulaiman Al Rajhi as an "al Qaeda terrorism sponsor working through the SAAR Network" despite the fact that the materials do not even mention Sulaiman Al Rajhi in the context of al Qaeda. *See* CONSOLIDATED RESPONSE at 5-6. For instance, Waller's testimony states no more than the conclusion that "Sulaiman is a wealthy figure and *reputed* financier of terrorism."[11] Similarly, Winer stated that alleged "links" between the country of Saudi Arabia and "terrorist funding" include "in the U.S., funding of numerous charities by Sulaiman Abdul al-Aziz al-Rajhi, a senior member of one of Saudi Arabia's most prominent families. These charities, largely based in Herndon, Virginia, are according to press reports under current investigation by the FBI and have been in turn linked to the Muslim Brotherhood and specially designated terrorist finance company Al-Taqwa."[12] Gold testified that "Sulaiman al-Rajhi, headed the family that established the SAAR (the acronym for his name) foundation in Herndon, Virginia, which was raided last year by U.S. federal agents because of suspected terrorist links."[13] None of these statements even mentions al Qaeda in the context of Sulaiman Al Rajhi, and none of them concludes that he knowingly supported al Qaeda. At most, they refer to nebulous alleged "links." The fact that Plaintiffs would characterize these materials as they have is symptomatic of their willingness to take extreme and unjustified liberties with the facts.

Likewise plaintiffs' extraneous report concerning an investigation in the Court of Criminal Justice[14] does not suggest that donors to the Bosnian charity TWRA were knowingly supporting Al Qaeda, does not suggest that Sulaiman Al Rajhi supported terrorism, and merely

---

[10] *In re Sept. 11th*, 349 F.Supp.2d at 825 ("When presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings without converting the motion in to a motion for summary judgment."); *Zeising*, 152 F. Supp. 2d at 342 (Casey, J.) (refusing to consider extraneous materials on 12(b)(6) motion).
[11] *O'Neill* RICO, Exhibit A (emphasis added).
[12] CONSOLIDATED RESPONSE, Exhibit 4 p. 10.
[13] CONSOLIDATED RESPONSE, Exhibit 5 p. 5.
[14] The Court may refuse to consider the evidence and allegations regarding the investigation in the Court of International Justice because they are extraneous materials. *Zeising*, 152 F. Supp. 2d at 342 (Casey, J.) (refusing to consider extraneous materials on a 12(b)(6) motion.

references two credits of money allegedly made in Sulaiman Al Rajhi's name to a Bosnian charity in 1993. *Id*. at 20. The report does not even remotely suggest that Sulaiman Al Rajhi knowingly supported al Qaeda or any entities that supported al Qaeda.

### H. Contrary to Plaintiffs' Consolidated Response, Plaintiffs' Complaints Do Not Allege That Sulaiman Al Rajhi Supported Al Haramain and BIF.

Contrary to the misrepresentations in Plaintiffs' Consolidated Reply, Plaintiffs do not allege that Sulaiman Al Rajhi supported al Qaeda through Al Haramain and Benevolence International Foundation ("BIF"). Plaintiffs cite the *Federal Ins.* RICO, Exhibit A and *O'Neill* RICO p. 15 for the proposition that "Sulaiman Al Rajhi also materially supported SDGT's and al Qaeda fronts Al Haramain and Benevolence International Foundation." CONSOLIDATED REPLY at 6. However, the complaints actually say nothing more than that those organizations held accounts at Al Rajhi Banking and Investment Corporation.[15] The Court has dismissed all claims against Al Rajhi Banking and Investment Corporation for failure to state a claim and *a fortiori*, those same claims fail to state a claim against the bank's officers. Plaintiffs' complaints do not connect Sulaiman Al Rajhi with Al Haramain or BIF, and Plaintiffs misrepresent their own allegations to the contrary in an attempt to bolster their legally deficient pleadings.

### III. Plaintiffs' Consolidated Response Fails to Identify a Sufficient Basis for the Exercise of Personal Jurisdiction Over Sulaiman Al Rajhi.

Plaintiffs have failed to meet their burden to establish a *prima facie* case supporting the exercise of personal jurisdiction over Sulaiman Al Rajhi. As discussed above, Plaintiffs have failed to make allegations sufficient to hold Sulaiman Al Rajhi liable under any concerted action

---

[15] *Fed. Ins.* RICO, Exhibit A. *O'Neill* RICO p. 11-12. Note that Plaintiffs' Consolidated Response actually cites to p. 15 of the *O'Neill* RICO statement. However, p. 15 has no mention of Al Haramain or BIF. The cite on pp. 11-12 included in this brief is the nearest reference to Al Haramain or BIF in the *O'Neill* RICO statement.

9

or conspiracy theory. Accordingly, Plaintiffs' conclusory and generalized allegations[16] do not support the exercise of direct personal jurisdiction. *See*, *e.g.*, *In re Sept. 11th*, 349 F. Supp. 2d at 812-13 (granting Prince Sultan's motion to dismiss for lack of personal jurisdiction).

Similarly, Plaintiffs' assertions that Sulaiman Al Rajhi has "business interests" in the United States or that he "conducts business" "through" various entities allegedly conducting business in the U.S., *see* CONSOLIDATED RESPONSE at 21-22, fail to provide a sufficient basis for the exercise of general jurisdiction. These vague and conclusory allegations fail to suggest (much less show) the precise nature and scope of any alleged contacts with the forum. Regardless, this Court has already ruled that the mere affiliation with an entity having contact with the U.S. is insufficient to support a finding of personal jurisdiction. *See In re Sept. 11th*, 349 F. Supp. 2d at 820-21. Moreover, Plaintiffs' suggestion that Sulaiman Al Rajhi established the Saar Foundation in 1983, without any factual allegations of continuing contacts with the Saar Foundation (or the alleged "SAAR Network" entities), fails to explain how he could be subject to jurisdiction in the United States in 2005. Accordingly, Plaintiffs have failed to establish a *prima facie* basis for the exercise of either specific or general personal jurisdiction over Sulaiman Al Rajhi.

## IV.   Conclusion

For the foregoing reasons, Sulaiman Al Rajhi respectfully requests that the Court grant his motion to dismiss for failure to state a claim and for lack of personal jurisdiction.

---

[16] Additionally, as discussed throughout this brief, Plaintiffs' exhibits are: inauthentic, fail to demonstrate that Sulaiman Al Rajhi participated in any alleged al Qaeda conspiracy; and fail to demonstrate any contacts with the United States that may subject him to jurisdiction in this or any other matter.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: July 14, 2005             By: /s/ Thomas M. Melsheimer
                                    Thomas M. Melsheimer (TM-4466)
                                    (Admitted *pro hac vice*)
                                    John M. Helms (JH-7931)
                                    (Admitted *pro hac vice*)
                                    1717 Main Street, Suite 5000
                                    Dallas, TX  75201
                                    (214) 747-5070 (Telephone)
                                    (214) 747-2091 (Telecopy)

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that, pursuant to this Court's Case Management Order No. 2, on July 14, 2005, I caused a true and correct copy of the foregoing to be served on all counsel electronically by the Court's Electronic Case Filing (ECF) system.

Dated: July 14, 2005                                              /s/ Thomas M. Melsheimer_____
                                                                             Thomas M. Melsheimer (TM-4466)
                                                                             (Admitted pro hac vice)

90132316.4.doc