

Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Blanca I. Rodriguez
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Andrew J. Maloney, III
Daniel O. Rose
Gretchen M. Nelson*
Stuart R. Fraenkel*

Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
   Counsel

**KREINDLER & KREINDLER** LLP
100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

MEMO ENDORSED

Susan A. Friery, M.D.♦
Jacqueline M. James
Brendan S. Maher
Susan D. Bainnson
Dennis J. Nolan
Vincent I. Parrett
William O. Angelley
Michael R. Sherwin†

California Office
707 Wilshire Boulevard
Suite 5070
Los Angeles, CA 90017-3613
(213) 622-6469
Fax: (213) 622-6019

*Admitted in CA only
♦Admitted in MA & DC only
†Admitted in OH only

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-15-05

July 13, 2005



RECEIVED
JUL 14 2005
CHAMBERS OF
RICHARD CONWAY CASEY
U.S.D.J.

**By Hand Delivery**
Honorable Richard C. Casey
United States District Court
Southern District of New York
500 Pearl Street - Room 1950
New York, New York 10007

    Re:    *In Re Terrorist Attacks on September 11, 2001*
            03 MDL 1570 (RCC)

Dear Judge Casey:

    I write on behalf of all plaintiffs, in opposition to the July 12, 2005 letter application submitted by Lynne Bernabei, Esquire, on behalf of Saudi Arabian Red Crescent Society, and a number of other defendants represented by her office. In that letter, Ms. Bernabei requests that the Court suspend briefing on her clients' anticipated motions to dismiss in all of the actions, pending resolution of motions filed in the *Burnett* case nearly two years ago. Plaintiffs respectfully submit that the suspension of briefing in the remaining cases would not promote judicial economy of the uniform resolution of the defendants' motions to dismiss in all of the cases, and would prejudice the rights of the plaintiffs in the remaining actions.

    The Saudi Red Crescent and a number of Ms. Bernabei's other clients are seeking dismissal under the Foreign Sovereign Immunities Act ("FSIA"). In connection with motions to dismiss under the FSIA, this Court has previously held that plaintiffs are required to submit detailed factual allegations or other evidence to support any contention that an FSIA defendant knowingly participated in al Qaeda's conspiracy to attack America. In view of that holding, the plaintiffs in all of the actions intend to submit additional evidence in support of their claims filed by Ms. Bernabei's FSIA clients in the *Burnett* action is incomplete, and substantially differs from the record which ultimately will need to be considered in deciding those defendants' motions to

Honorable Richard C. Casey
United States District Court
July 13, 2005
Page 2

dismiss in the other cases. Plaintiffs respectfully submit that the Court and parties would be better served by expediting briefing on the defendants' motions to dismiss in the remaining cases, and deciding those motions simultaneously. No other plaintiffs, with the exception of the *Burnett* plaintiffs, have been heard on these defendants. The plaintiffs would further suggest that these defendants each file a single consolidated motion to dismiss all of the remaining actions, to which the plaintiffs will respond through a consolidated opposition. This process will serve to minimize the burden on the parties and Court in relation to these defendants' motions to dismiss.

Significantly, the fact that plaintiffs in certain of the actions have, in a limited number of instances, agreed to hold briefing on the motions of other defendants in abeyance, pending resolution of motions those same defendants previously filed in other actions, is irrelevant to the present dispute. Ultimately, counsel for each plaintiffs' group must make the determination as to whether the suspension of briefing on a particular defendant's motion to dismiss will adversely affect their clients' interests in the litigation. In conducting that evaluation, the plaintiffs have strived to be mindful of the need to limit the burden on the Court and parties. In certain circumstances, in the interests of judicial economy, plaintiffs have agreed to suspend briefing on the motions of certain defendants, because they did not believe that doing so would adversely affect their clients' interests. However, with respect to Ms. Bernabei's clients, plaintiffs universally feel that the interests of their clients require that briefing go forward at this time.

I would also add that Ms. Bernabei's statement that these defendants were "unable to obtain any substantive response from plaintiffs' counsel" on this issue is simply false. On April 14, 2005, I directly and promptly told Ms. Bernabei's partner Alan Kabat that "plaintiffs cannot agree to the stip[ulation]" to defer the briefing schedule. See A. Maloney to A. Kabat (Apr. 14, 2005) (attached hereto). When Mr. Kabat circulated his April 26, 2005 letter insisting we agree or else he would seek a Court ruling on an indefinite extension, I consulted one last time with my colleagues and told Mr. Kabat our position remained unchanged. Plaintiffs stand by that position.

Sincerely yours,

Andrew J. Maloney III
KREINDLER & KREINDLER LLP
100 Park Avenue
New York, New York 10017

cc: MDL Plaintiffs and Defendants Counsel (via e-mail)

[Handwritten note from the Court: The Court agrees with Plaintiffs' position. Denies Ms. Bernabei's request to delay the briefing. The Court would prefer to resolve all the motions relating to Ms. Bernabei's clients simultaneously. The parties are to inform the Court of mutually agreed upon schedule by August 4, 2005.

Richard Casey
July 14, 2005]