# LAW OFFICES OF
# JERRY S. GOLDMAN & ASSOCIATES, P.C.

A NEW YORK PROFESSIONAL CORPORATION DULY QUALIFIED TO TRANSACT
BUSINESS WITHIN THE COMMONWEALTH OF PENNSYLVANIA

TWO PENN CENTER PLAZA • SUITE 1411
1500 JFK BOULEVARD
PHILADELPHIA, PA 19102
TEL: 215.569.4500 • FAX: 215.569.8899

111 BROADWAY • 13TH FLOOR
NEW YORK, NY 10005
TEL: 212.242.2232 • FAX: 212.346.4665

JERRY S. GOLDMAN
DIRECT DIAL: 215.569.4500 ext. 12
jgoldman@goldmanlawyers.com
Admitted to: NY, PA & MASS
LLM in Taxation

3109 STIRLING ROAD • SUITE 101
FORT LAUDERDALE, FL 33312
TEL: 954.981.6533 • FAX: 954.989.8068

MEMO ENDORSED

Reply To: New York

July 26, 2005

**VIA OVERNIGHT MAIL AND FACSIMILE**

Hon. Richard C. Casey
Judge, United States District Court
Southern District of New York
500 Pearl Street, Room 1350
New York, N.Y. 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-27-05

Re: *In Re Terrorist Attacks of September 11, 2001, 03-MDL - 1570*
*Estate of John P. O'Neill, Sr. v. Al Baraka Invest. and Develop. Corp., et al., 04-1923 (RCC)*

Dear Judge Casey:

    We are submitting this letter as counsel for the plaintiffs in *Estate of John P. O'Neill, Sr. v. Al Baraka Investment and Development Corporation, et al.*, 04-1923 (RCC) ("O'Neill plaintiffs).

    We received, on behalf of the O'Neill plaintiffs, on July 26, 2005, a copy of a letter addressed to the court from counsel for Metalor Technologies SA ("Metalor"), Mr. David Ryan, Esquire, dated July 25, 2005 ("letter"). A copy of such letter is attached, for your reference, as Exhibit A. Metalor is defendant in the above referenced matter who we recently serviced. Despite this court's clear directives, we were not contacted by counsel for the defendant prior to their delivery of the letter to the court; hence we are responding separately, rather than by way of a consolidated submission.

    With regards to the scheduling of the filing of the defendant's response to our complaint, the O'Neill plaintiffs have, in the past, be accommodating to reasonable scheduling requests, and have repeatedly entered into scheduling stipulations, either individually or in conjunction with the other plaintiff groups. We see no reason why we were not contacted in the first place to arrange for same, pursuant to paragraph 21 of CMO - 2.

    The defendant, as outlined in its letter, requests that this court schedule a pre-motion conference, asserting that it wishes to file a motion to dismiss the complaint based upon a) the

# LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.

July 26, 2005
Page 2

lack of personal jurisdiction and b) upon the purported failure to plead sufficient allegations. The plaintiff suggests that such a pre-motion conference is not necessary, in accordance with this court's prior precedent, and the Case Management Order. See, CMO para. 24 ("except for motions to dismiss"). As to the defendant's contentions as to lack of personal jurisdiction and deficiencies in pleading, the plaintiff denies them, and will respond accordingly to any motion filed.

The defendant further contends that the O'Neill plaintiffs breached their obligation to file a RICO Statement. Plaintiff contends, to the contrary, that it is obligated to file a RICO statement, pursuant to CMO-2, para. 14, only within thirty (30) days of the filing of an entry of appearance by counsel on behalf of a new defendant. Given the fact that neither Mr. Ryan, nor anyone else, for that matter, has entered an appearance for Metalor,[1] the time for filing such a RICO Statement has not yet expired. Such an interpretation is fully consistent with the pattern and practice of this case.

Accordingly, the relief requested by the defendant should be denied.

Respectfully submitted,

LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.

By: _____
JERRY S. GOLDMAN, ESQUIRE

JSG:ng
Enc. a/s
cc: All Counsel

*The Court agrees that a pre-motion conference is unnecessary & asks the parties to work out a schedule for motions*

*7/27/05   Richard Conway*

---

[1] We have not received an entry of appearance directly from purported counsel, nor have we been notified of a filing of same by way the court's ECF system.

X:\Clients\ONeill v. Saudi arabia\Correspondence\-casey72605metalor.lwp