UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) ) ) | 03 MDL 1570 (RCC)<br>ECF CASE |

*This document also relates to:*

*Estate of O'Neill, et al. v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.)

*Estate of O'Neill, et al. v. Al Baraka, et al.*, Case No. 04 CV 1923 (RCC) (S.D.N.Y.)

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MARTIN WACHTER, ERWIN WACHTER, SERCOR TREUHAND ANSTALT AND ASAT TRUST REG.'S MOTION TO DISMISS

NOW APPEAR Defendants Martin Wachter, Erwin Wachter, Secor Treuhand Anstalt, and Asat Trust Reg., by and through undersigned counsel, and respectfully submit this memorandum in support of their motion to dismiss this case as to them pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and Fed. R. Civ. R. 12(b)(2) for lack of personal jurisdiction.

### INTRODUCTION

Plaintiffs allege defendants' complicity in the terrorist attacks of September 11, 2001. Defendants emphatically deny any such complicity. This motion, however, is purely procedural. The case against Defendants must be dismissed because of insufficiency of service of process and lack of personal jurisdiction. Defendants were not served in accordance with Fed. R. Civ. P. 4(h) and Fed. R. Civ. P. 4(f), which govern service on foreign entities and individuals. Second, any exercise of personal jurisdiction would not comport with the requirements of due process because Defendants do not have sufficient minimum contacts with either New York or the United States.

**ARGUMENT**

I.  Plaintiffs' Claims Must Be Dismissed For Insufficiency Of Service Of Process Under Liechtenstein Law.

The adequacy of service of process for entities and individuals located outside of the United States is governed by Fed. R. Civ. P. 4(h) and Fed. R. Civ. P. 4(f), respectively. Rule 4(h), "Service upon Corporations and Associations," states that service may be effected "in any manner prescribed for individuals by subdivision (f) except personal delivery. . . ." Fed. R. Civ. P. 4(h)(2). Under Rule 4(f), service upon an "individual not within any judicial district of the United States" and from whom waiver had not been obtained may be effected

> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
> > (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
> > (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or
> > (C) unless prohibited by the law of the foreign country, by
> > > (i) delivery to the individual personally of a copy of the summons and the complaint; or
> > > (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or
> 
> (3) by other means not prohibited by international agreement as may be directed by the court.

Fed. R. Civ. P. 4(f).

Plaintiffs elected to attempt service under Fed. R. Civ. P. 4(f)(2)(C)(ii), *i.e.*, by sending copies of the summons and Second Amended Complaint by registered mail. This attempt at service, however, was patently invalid. Service of process under Rule 4(f)(2)(C)(ii) is valid only to the extent that it is not "prohibited by the law of the foreign country." Fed. R. Civ. P.

4(f)(2)(C)(ii); *see also Proctor & Gamble Cellulose Co. v. Viskoza-Loznica*, 33 F. Supp. 2d 644, 665 (W.D. Tenn. 1998) (service of process did not satisfy the requirements of Rule 4(f)(2)(c)(ii) when applicable foreign law was prohibitive of such a method of service); *Umbenhaur v. Woog*, 969 F.2d 25, 33 (3d Cir. 1992) (noting that Rule 4(f)(2)(c)(ii) "would preclude a district court clerk from serving process by signed receipt mail on a defendant in a country whose laws forbid that method of service"); *Delaware Corp. v. Aluminio Conesa*, S.A., No. 96 C 6853, 1997 WL 282880 at *8 (N.D. Ill. May 16, 1997) (service by registered mail was invalid where Mexican law did not recognize service of process by registered mail); *Resource Ventures, Inc. v. Resources Mamt. Int'l, Inc.*, 42 F. Supp.2d 423, 430 (D. Del. 1999) ("subsection 4(f)(2)(c)(ii) limits the forms of service to those that do not violate the law of the country where service is attempted"). Here, service was not properly effected on any of the Defendants because Liechtenstein law prohibits service of process in foreign actions by any means without the mutual legal assistance of the Liechtenstein courts. *See* Declaration of Guntram Wolf ¶¶ 9-14, submitted in support of the Motion to Dismiss of Defendant Schreiber & Zindel Treuhand Anstalt, Frank Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr., in this case. Under Liechtenstein law, "service of foreign judicial documents must be effected by way of mutual legal assistance between the foreign and Liechtenstein courts." (Wolf Decl. ¶ 10) As such, the exclusive method for serving a summons and complaint in a foreign proceeding under Liechtenstein law is through letters rogatory directed to the Liechtenstein court. (Wolf Decl. ¶¶ 12-13). Plaintiffs did not seek or obtain letters rogatory or the assistance of the Liechtenstein courts in serving Defendants. Because Liechtenstein law does not give effect to service of a foreign court summons by registered mail sent to the Defendants by the Clerk of this Court or by Plaintiffs, Plaintiffs' attempted service upon Defendants under Fed. R. Civ. P. 4(f)(2)(C)(ii) was

improper.

The invalidity under Liechtenstein law (and therefore under Federal Rule 4) of attempted service of process in precisely the manner undertaken in these actions -- registered mail sent by the Court's Clerk directly to the defendant -- was recently addressed in *Jung v. Neschis,* No. 01 Civ. 6993, 2003 WL 1807202 (S.D.N.Y. April 7, 2003). In *Jung*, plaintiffs attempted service on the defendants by having the Clerk of the Court of the Southern District of New York mail a copy of the summons and complaint to defendants via international registered mail. *Id.* at *1. After considering Liechtenstein law, Judge Richard M. Berman of this Court held that "[h]aving the Clerk of the Court for the Southern District mail service to defendants is not sufficient, i.e., it is in these circumstances, 'prohibited by the laws' of Liechtenstein and was, therefore, improper under Rule 4(f)(2)(C)(ii)." *Id.* at *2. Rather, to properly serve a foreign summons and complaint in Liechtenstein, a party must proceed through the Liechtenstein courts. *Id.* at *3. As in *Jung*, because Plaintiffs' method of service is prohibited by the law of the foreign country in which they attempted to effect service, their claims must be dismissed under Rule 12(b)(5) for insufficiency of service of process.

II.   Plaintiffs' Claims Must Be Dismissed For Lack Of Personal Jurisdiction.

To avoid dismissal for lack of personal jurisdiction under Rule 12(b)(2), Plaintiffs bear the burden of establishing personal jurisdiction over each Defendant. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.), *cert. denied*, 519 U.S. 1006 (1996). While at this stage of the proceedings allegations in the complaints are construed in a light most favorable to plaintiff, *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir.1997), the court will not accept legally conclusory allegations or draw argumentative inferences. *In re Terrorist*

*Litigation*, 349 F. Supp.2d at 804. Rather, Plaintiffs' complaints and any supporting affidavits must contain averments of fact that, if credited, would suffice to establish jurisdiction over each Defendant. *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). Plaintiffs' Complaints contain only conclusory allegations about Defendants' conduct and make no credible attempt to allege facts to support any assertion of personal jurisdiction over Defendants. On this ground alone, Plaintiffs' Complaints should be dismissed.

### A. Plaintiffs Fail To Allege Any Facts That Would Support A Finding Of Personal Jurisdiction Under New York's Long-Arm Statute.

In a federal question case involving a defendant residing outside the forum state, the district court applies the personal jurisdiction rules of the state in which it sits unless the federal statute explicitly provides for nationwide service of process. *In re Terrorist Litigation*, 349 F. Supp.2d at 804. Similarly, a federal court sitting in diversity exercises personal jurisdiction over a foreign defendant to the same extent as courts of general jurisdiction of the state in which it sits pursuant to Federal Rule of Civil Procedure 4(k)(1)(A). *Id.* In either case, personal jurisdiction is only appropriate if New York law confers jurisdiction through its long-arm statute, and the exercise of jurisdiction comports with the requirements of due process under the Fourteenth Amendment. *Id.*

#### 1. Plaintiffs' Conclusory Allegations Of Conspiracy Are Insufficient To Establish Specific Jurisdiction Over The Defendants.

Plaintiffs claim that the Defendants conspired with Osama Bin Laden, Al Qaeda, Iraq and the Taliban to "raise, launder, transfer, distribute, and hide funds" in order to support and finance their terrorist activities including the September 11th attacks. Under § 302(a)(2) of New York's Civil Practice Law & Rules (New York's long-arm statute), "acts committed in New York by . . . co-conspirator[s] of an out-of-state defendant pursuant to a conspiracy may subject the

defendant[s] to [personal] jurisdiction . . . ." *In re Terrorist Litigation*, 349 F. Supp.2d at 805, *quoting Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260, 1266 (S.D.N.Y. 1991). Section 302(a)(2) states, in relevant part: "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state . . . ." N.Y. C.P.L.R. § 302(a)(2).

While New York federal courts recognize conspiracy-based personal jurisdiction, attempts to establish jurisdiction through "bland assertion[s] of conspiracy or agency is insufficient to establish jurisdiction for the purpose of section 302(a)(2)." *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93 (2d Cir. 1975). To establish jurisdiction over a non-resident defendant on a conspiracy theory, "Plaintiffs must make a prima facie showing of conspiracy, allege specific facts warranting the inference that the defendant was a member of the conspiracy, and show that the defendant's co-conspirator committed a tort in New York." *In re Terrorist Litigation*, 349 F. Supp.2d at 805. "To warrant the inference that a defendant was a member of the conspiracy, Plaintiffs must show that '(a) the defendant had an awareness of the effects in New York of its activity; (b) the activity of the co-conspirators in New York was to the benefit of the out-of-state conspirators; and (c) the co-conspirators acting in New York acted "at the direction or under the control" or "at the request of or on behalf of" the out-of-state defendant.'" *Id.* at 806, *quoting Chrysler Capital Corp.*, 778 F. Supp. at 1268-69 (S.D.N.Y. 1991).

While Plaintiffs' Complaints allege generally that Defendants participated in a conspiracy, their pleadings are devoid of any specific facts from which the Court could reasonably infer personal jurisdiction. The Complaints contain no factual allegations that Defendants "directed, controlled, or requested that al Qaeda or any other defendant undertake

terrorist activities." 349 F. Supp. 2d at 806. "Nor are there any specific factual allegations concerning their knowledge of, or consent to those activities." *Id.* In fact, Plaintiffs' allege nothing at all that is specific to Defendants. The Complaints contain only the most vague and conclusory allegations of conspiracy, hardly a sufficient basis from which this Court could impute to Defendants the conduct of their alleged co-conspirators. As noted by this Court previously, without supporting factual allegations, Plaintiffs' general allegation that Defendants conspired with al Qaeda to perpetrate the attacks of September 11th is insufficient to establish jurisdiction. *Id.* at 805-06.

### 2. Defendants Lack The Requisite Contacts With New York To Support General Jurisdiction.

Section 301 of New York's Civil Practice Law & Rules provides for general jurisdiction over defendants domiciled or "doing business" in New York. *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990), *cert. denied*, 498 U.S. 1028 (1991). Under the "doing business" test, a defendant "is amenable to suit in New York if it 'engage[s] in such a continuous and systematic course' of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *Aerotel Ltd. v. Sprint Corp.*, 100 F.Supp.2d 189, 191-92 (S.D.N.Y.2000), *quoting Frummer v. Hilton Hotels Int'l Inc.*, 19 N.Y.2d 533, 536 (1967). That is, a "corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action . . . if it does business in New York '*not occasionally or casually, but with a fair measure of permanence and continuity.*" *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir.2000), *cert. denied*, 532 U.S. 941 (2001), *quoting Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir.1985) (emphasis added). "The doing business standard is a stringent one because a corporation which is amenable to the Court's general jurisdiction may be sued in New York on causes of action wholly unrelated to acts done in New York." *Jacobs v.*

*Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F.Supp.2d 722, 731 (S.D.N.Y.2001).  New York courts have enumerated various factors to consider when determining whether a defendant engages in "continuous and systematic" conduct.  For example, maintaining bank accounts, offices and employees, ownership of leases on real property, engaging in public relations and publicity work, or sales within the state are relevant indicia of conduct that may justify a New York court's exercise of jurisdiction over a defendant.  *Vendetti v. Fiat Auto S.p.A.*, 802 F.Supp. 886, 890 (W.D.N.Y.1992).

Plaintiffs' Complaints contain no factual allegations of "continuous and systematic" contact with the forum that would justify general jurisdiction over any of the Defendants.  The reason for this failure is clear – there are no contacts with New York sufficient to establish personal jurisdiction.  None of the Defendants owns property, maintains bank accounts, or conducts business in New York.  Nor are any of them licensed to do business in New York, maintain bank accounts or offices here, have employees here, solicit or conduct business in New York, nor have ever been subject to the jurisdiction of New York courts.  Thus no contacts between the forum and the Defendants exist to support a finding of personal jurisdiction in this case.

### B. Defendants Lack The Requisite Minimum Contacts With The United States To Support The Exercise Of Personal Jurisdiction.

Fed. R. Civ. P. 4(k)(2) provides long-arm authorization over foreign defendants for claims arising under federal law when the defendants have sufficient contacts with the nation as a whole to justify the imposition of United States law but without sufficient contacts to satisfy the due process concerns of the long-arm statute of any particular state.  Fed. R. Civ. P. 4(k)(2) states:

> If the exercise of jurisdiction is consistent with the Constitution and laws

> of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

For jurisdiction to be appropriate under Fed. R. Civ. P. 4(k)(2), there must be a federal claim, the foreign defendant must lack sufficient contact with any single state to subject it to personal jurisdiction there, and the plaintiff must demonstrate sufficient aggregate contacts with the United States to comport with constitutional notions of due process under the Fifth Amendment. *See U.S. v. Int'l Broth. of Teamsters*, 945 F.Supp. 609, 617 (S.D.N.Y. 1996).

### 1. Defendants Lack Substantial, Continuous, And Systematic Contacts With The United States Sufficient To Support General Jurisdiction.

The exercise of personal jurisdiction over a nonresident defendant comports with due process if the defendant has had "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." *See International Shoe v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts test rests on whether a defendant's "conduct and connection with the forum" are such that "it should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A non-resident defendant has minimum contacts with the forum state if he commits "some act by which [he] purposely avails [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1940). Moreover, a defendant's contacts with the forum must be "*continuous or systematic*," otherwise the suit must arise out of or relate to the alleged contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 413, 414-16 (1984) (emphasis added).

Far from alleging "continuous or systematic contacts" between the Defendants and the

United States, Plaintiffs' Complaints completely fail to plead any contact at all. Indeed, Defendants contacts with the United States are virtually nonexistent. They do not transact or solicit business in the United States nor are they licensed to do so. Moreover, they have never authorized an agent to accept service of process in the United States, waived service of process, or been subject to the jurisdiction of a United States court. They have not used, owned, leased, rented, or possessed real property in the United States. They maintain no offices, employees, bank accounts, or telephone numbers in the United States. Accordingly, they have no constitutionally relevant contacts with the United States.

Likewise, none of the Defendants owns property, maintains bank accounts, conducts business, or holds investments in the United States either individually or through an agent. These contacts are insufficient to rise to the level of "systematic and continuous activity" necessary to justify personal jurisdiction. *See Jacobs*, 160 F.Supp.2d at 733 ("occasional trips . . . an average of four to five visits per year, are an insufficient basis for jurisdiction"); *Bozell Group, Inc. v. Carpet Co-op of America Assoc., Inc.*, No. 00 Civ 1248, 2000 WL 1523282, at *5 (S.D.N.Y. October 11, 2000) (two visits in three months insufficient); *Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205, 211 (2d Cir.1970) (visits every few months insufficient); *Hoffritz*, 763 F.2d at 57-58 (fifty-four visits to New York insufficient). Given Defendants' extremely limited contact with the United States, Plaintiffs are incapable of pleading or demonstrating any, let alone the requisite "substantial, continuous and systematic," contacts with the United States necessary to support personal jurisdiction. *Helicopteros Nacionales de Colombia*, 466 U.S. at 413-15.

    **2.**    **Defendants Are Not Subject to Specific Jurisdiction.**

Exercise of personal jurisdiction may be appropriate if a Court determines that the

Defendants "purposefully directed [their] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Daventree Ltd. v. Republic of Azerbaijan*, 349 F.Supp.2d 736, 763 (S.D.N.Y. 2004). *See also Calder v. Jones*, 465 U.S. 783, 789 (1984) (finding personal jurisdiction appropriate over non-resident defendants who "expressly aimed" intentionally tortious conduct at residents of forum state, even where defendants were never physically present in forum). However, in order to assert jurisdiction on this basis, Plaintiffs must "make a prima facie showing of each Defendant's personal or direct participation in the conduct giving rise to the Plaintiffs' injuries." *In re Terrorist Litigation*, 349 F. Supp.2d at 809.

Once again, Plaintiffs' Complaints contain only conclusory allegations regarding Defendants' participation in terrorist activities and their involvement in a conspiracy to raise, launder and distribute funds for Bin Laden and Al Qaeda. Plaintiffs fail to plead a single fact establishing Defendants' "personal or direct participation" in the Sept. 11th tragedy. "Legal conclusions done up as factual allegations are not facts and cannot substitute for facts." *In re Terrorist Litigation*, 349 F. Supp.2d at 813. *See also Burnett v. Al Baraka Invest. and Dev. Corp.*, 292 F.Supp.2d 9, 23 (D.D.C. 2003) (allegations that defendant funded charities with knowledge that the organizations funded terrorist groups fell short of adequately alleging conduct "purposely directed" at the United States). Plaintiffs do not allege and cannot establish that Defendants purposely directed any activities even remotely related to events of September 11th. Accordingly, the exercise of specific jurisdiction under a "purposefully directed activities" theory is inappropriate.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant their

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and Fed. R. Civ. R. 12(b)(2) for lack of personal jurisdiction.

                                              Respectfully submitted,

                                         _____/s/_____
                                         Barry Coburn
                                         Trout Cacheris PLLC
                                         1350 Connecticut Avenue, Northwest
                                         Third Floor
                                         Washington, DC 20036
                                         202-466-3030

                                         Lisa Fishberg
                                         Schertler & Onorato LLP
                                         1140 Connecticut Avenue, Northwest
                                         Suite 1140
                                         Washington, DC 20036
                                         202-628-4199

                                         *Attorneys for Defendants*
                                         *Martin Wachter, Erwin Wachter,*
                                         *Sercor Treuhand Anstalt and*
                                         *Asat Trust Reg.*