UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
                                                         :

IN RE TERRORIST ATTACKS ON         :
SEPTEMBER 11, 2001                       :          03 MD 1570 (RCC)
                                                         :          ECF Case

--------------------------------------------------------------x
                                                         :

NEW YORK MARINE AND GENERAL   :          04 CV 6105 (RCC)
INSURANCE CO.,                            :          ECF Case
                                                         :
                 Plaintiff,              :
v.                                                          :

AL QAIDA, et al.,                            :
                                                         :
                 Defendants.          :
--------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT DMI ADMINISTRATIVE SERVICES S.A.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

30 Rockefeller Plaza
24th Floor
New York, New York 10112
(212) 332-3800

*Attorneys for Defendant*
*DMI Administrative Services S.A.*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...............................................................................................................1

I.  PLAINTIFF HAS ENTIRELY FAILED TO ESTABLISH
    PERSONAL JURISDICTION OVER DMI S.A. ..................................................................2

II. PLAINTIFF HAS ENTIRELY FAILED TO STATE A CLAIM
    AGAINST DMI S.A. .................................................................................................................5

    A.    Plaintiff's Sole Conclusory Allegation Of Conspiracy Fails To Satisfy The
    Pleading Requirements Of Rule 8. .........................................................................................5

    B.    Plaintiff Fails To Plead Proximate Causation As To DMI S.A. ...................................6

    C.    Plaintiff Does Not State A Claim Under Any Of Its Seven Causes Of Action. ............7

        1.    Plaintiff Has No Standing Under RICO And, In The Alternative, Has
    Failed To Sufficiently Plead A RICO Claim – Count 3. ....................................7

        2.    Plaintiff Has Failed To State A Claim Under The Anti-Terrorism
    Act ("ATA") – Count 5. .......................................................................................8

        3.    Plaintiff's State Law Causes of Action Fail to State A Claim. ..........................9

III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE. ..........................10

CONCLUSION ........................................................................................................................................10

**PRELIMINARY STATEMENT**

Defendant DMI Administrative Services S.A. ("DMI S.A.") respectfully submits this Reply Memorandum in support of its Motion to Dismiss the above-captioned action against it.

The New York Marine plaintiff in its two-page Memorandum in Opposition (the "Opposition") does not even attempt to explain its complete failure to make any specific factual allegations against DMI S.A. in the Complaint. Instead, plaintiff adopts wholesale the arguments made by the plaintiffs in Federal Insurance Co., et al. v. Al Qaida, et al., 03-CV-6978 (RCC), in their Memorandum in Opposition to DMI S.A.'s Motion to Dismiss ("Fed. Ins. Mem."). The allegations made by the New York Marine plaintiff, however, are even sparser than those made by the plaintiffs in Federal Insurance and other actions.[1] As noted in DMI S.A.'s opening Memorandum ("Mem."), the *sole,* conclusory allegation made by the New York Marine plaintiff regarding DMI S.A. states that:

> DMI Administrative Services S.A. [and numerous others] . . . have aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons.

New York Marine First Amended Complaint ("NY Marine FAC") ¶ 45. It is facially apparent that this single conclusory allegation is wholly insufficient either to establish personal jurisdiction over DMI S.A. or to state any of plaintiff's claims against DMI S.A. See In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d 765, 804, 833 (S.D.N.Y. 2005). For that reason, and as set forth in DMI S.A.'s opening Memorandum, DMI S.A.'s motion should be granted pursuant to both Rule 12(b)(2) and Rule 12(b)(6), and the claims against it should be dismissed with prejudice.

---

[1] By relying entirely upon other plaintiffs' arguments, without any explanation of how those arguments might apply to its own claims and allegations, the New York Marine plaintiff has rendered it unduly and unnecessarily difficult for DMI S.A. and the Court to discern just what arguments they seek to make in opposition to the present motion to dismiss. See, e.g., Ascione v. Pfizer, Inc. 312 F. Supp. 2d 572, 579 n.6 (S.D.N.Y. 2004) ("The Court admonishes counsel from such practice in the future. Incorporation is a pointless imposition on the Court's time and it also may … thwart the Court's page-limitation rules.") (internal quotations omitted).

I.
**PLAINTIFF HAS ENTIRELY FAILED TO ESTABLISH PERSONAL JURISDICTION OVER DMI S.A.**

As DMI S.A.'s initial Memorandum detailed, plaintiff's wholly conclusory allegations of conspiracy and aiding and abetting cannot salvage its meritless assertion of personal jurisdiction over DMI S.A. "[T]he bland assertion of conspiracy . . . is insufficient to establish [personal] jurisdiction . . . ." Lehigh Valley Indus., Inc. v. Birenbaum, 527 F.2d 87, 93-94 (2d Cir. 1975); see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 793 (2d Cir. 1999) (same). "Before jurisdiction based on a conspiracy can be upheld under New York law, . . . the plaintiff must allege both a *prima facie* case of conspiracy, and allege *specific facts* warranting the inference that the defendants were members of the conspiracy and set forth *evidentiary facts* to connect the defendants with transactions occurring in the United States." Laborers Local 17 Health and Ben. Fund v. Philip Morris, Inc., 26 F. Supp. 2d 593, 601-02 (S.D.N.Y. 1998) (internal quotation marks and citation omitted, emphases added); see also Agron v. Dunham, 2004 WL 691682, at *6 (S.D.N.Y. March 31, 2004) (conclusory allegations insufficient). First, "[t]o establish a *prima facie* case for conspiracy under New York law, a plaintiff must properly allege the primary tort and the following four elements: (1) a corrupt agreement between two or more persons, (2) an overt act in furtherance of the agreement, (3) the parties' intentional participation in the furtherance of a plan or purpose, and (4) the resulting damage or injury." Laborers Local 17, 26 F. Supp. 2d at 602. Second, plaintiff must allege specific facts connecting DMI S.A. to the conspiracy and specific facts connecting DMI S.A. to the in-state actors. In other words, "plaintiff[] must show a relationship between the defendant and the conspiracy by showing: (1) that the out-of-state co-conspirator had an awareness of the effects of the activity in New York, (2) that the New York co-conspirators' activity was for the benefit of the out-of-state conspirators, and (3) that the co-conspirators in New York acted at the behest of or on behalf of, or under the control of the out-of-state conspirators." Id. at 602; see also Grove Press, Inc. v. Angleton, 649 F.2d 121, 122 (2d Cir. 1981) (to establish jurisdiction, plaintiff must show that in-state conspirator acted "for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal"). In short, while

plaintiff is not required "to set forth every wrongful act" of a defendant, see Fed. Ins. Mem. at 7, it is required to allege specific facts that, if proven out, would suffice to establish the defendant's active, intentional participation in a tortious conspiracy. See In re Sept. 11 Attacks, 349 F. Supp. 2d at 805-06 ("Without supporting factual allegations," "[p]laintiffs' claim that all Defendants in these actions conspired with the al Qaeda terrorists to perpetrate the attacks of September 11" is insufficient to establish personal jurisdiction on a New York long-arm conspiracy theory).

    As its own perfunctory submission makes clear, the New York Marine plaintiff has done none of the above. Instead of attempting to defend the sufficiency of its wholly conclusory allegation of conspiracy regarding DMI S.A., see NY Marine FAC ¶ 45, plaintiff apparently adopts the Federal Insurance plaintiffs' assertion that "allegations of conspiracy are, in and of themselves, sufficient to satisfy due process at this stage of the litigation." See Fed. Ins. Mem. at 9 n.13.[2] This bald, unsupported assertion of the merit of plaintiff's allegations is flatly untrue. In the Complaint, plaintiff conclusorily asserts that all defendants were co-conspirators, see NY Marine FAC ¶¶ 44-45, without any supporting factual allegations as to DMI S.A. And while plaintiff alleges that the conspiracy to carry out the September 11 attack required the material support of the co-defendants, see NY Marine FAC ¶¶ 51-53, plaintiff has entirely failed to allege facts sufficient to show that DMI S.A. entered into any agreement with any in-state actor; that any such in-state actor acted for the benefit of DMI S.A.; or that that DMI S.A. exercised control over any such actor. Nor has plaintiff alleged any specific wrongful act by DMI S.A., any agreement by DMI S.A. to enter into a

---

[2]  In support of this assertion, the Federal Insurance plaintiffs cite to In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 208 (2d Cir. 2003); the Second Circuit, however, stated therein that "the plaintiff's *prima facie* showing, necessary to defeat a jurisdiction testing motion, *must include an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant,*" see id. at 206. The Court in In re Magnetic Audiotape also pointed out numerous specific facts, regarding specific transactions, meetings, and corporate control factors, that plaintiffs in that case had alleged. As the parties' submissions make clear, plaintiff here has made no such specific allegations of fact as to DMI S.A. The Federal Insurance plaintiffs also cite to Davis v. Barrett Day Sec., Inc., 1995 U.S. Dist. LEXIS 15434, at *11-12 (M.D.N.C. Aug. 31, 1995) -- a decade-old, unpublished decision from the Middle District of North Carolina -- yet even Davis notes that "a bare allegation of conspiracy between a defendant and a person over which the court has personal jurisdiction is insufficient to allow the court to exercise personal jurisdiction over the defendant," see id. at *12, and recites numerous specific factual allegations made in that case regarding particular agreements and transactions, of the sort that plaintiff here has been unable to make as to DMI S.A.

conspiracy or any communications by DMI S.A. personnel that could be read to imply such an agreement. In sum, plaintiff has alleged nothing at all to connect DMI S.A. to the September 11 attack or to the United States.[3]

The New York Marine plaintiff also apparently hopes to rely upon Pugh v. Socialist People's Libyan Arab Jamahirya, 290 F. Supp. 2d 54 (D.D.C. 2003) and Rein v. Socialist People's Libyan Arab Jamahirya, 995 F. Supp. 325 (E.D.N.Y. 1998), both of which were cited by the Federal Insurance plaintiffs in an attempt to import the due process standards of the Foreign Sovereign Immunities Act ("FSIA") to cases brought under the Anti-Terrorism Act ("ATA"). See Fed. Ins. Mem. at 10-11. The District Court for the District of Columbia, however, when recently presented with this exact question, held that "the differences between the ATA and the FSIA are too great for their common focus on antiterrorism to allow cross-pollination on this issue" of personal jurisdiction. Biton v. Palestinian Interim Self-Government, 310 F. Supp. 2d 172, 178 (D.D.C. 2004); see also Estates of Ungar v. The Palestinian Authority, 153 F. Supp. 2d 76, 95 (D.R.I. 2001) ("this Court declines plaintiffs' invitation to extend the due process analysis applied by the district courts under the state-sponsored terrorist exception to the FSIA to the case currently before the Court" brought under the ATA). In both Biton and Ungar the Courts, applying traditional minimum contacts analysis, dismissed claims against individual defendants for lack of personal jurisdiction. See Biton, 310 F. Supp. 2d at 178-79; Ungar, 153 F. Supp. 2d at 95; see also In re September 11 Attacks, 349 F. Supp. 2d at 806-7 (plaintiff must demonstrate sufficient contacts to satisfy traditional due process analysis). Indeed, while Pugh and Rein applied FSIA due process standards to sovereigns, the Courts in each of those two cases also applied traditional minimum contacts analysis to individuals -- just as DMI S.A. requests here. See Pugh, 290 F. Supp. 2d at 56-61; Rein, 995 F.Supp. at 329-30; see also In re September 11 Attacks, 349 F. Supp. 2d at 809 (even where FSIA is

---

[3] Because New York's long-arm statute is not intended to reach to the full limits of personal jurisdiction allowed under the Due Process Clause, see Banco Ambrosiano, S.p.A. v. Artoc Bank & Trust, Ltd., 62 N.Y.2d 65, 67-69, 476 N.Y.S.2d 64, 67 (1984), plaintiff's conclusory, boilerplate allegations fail to satisfy the stricter requirements of that statute, independently of its failure to satisfy the requirements of due process. See, e.g., Cornell v. Assicurazioni Generali S.p.A.Consolidated, 2000 WL 284222, at *5-6 (S.D.N.Y. March 16, 2000).

not the basis for personal jurisdiction, plaintiffs must show minimum contacts).  More importantly, Pugh and Rein simply do not address the fundamental issue presented here -- whether the plaintiff has alleged sufficient facts to connect DMI S.A. to the United States or the attacks of September 11.[4]  As is abundantly clear, the New York Marine plaintiff has not done so in any way.

For the foregoing reasons and those set forth in DMI S.A.'s initial Memorandum, plaintiff has completely failed to make out a *prima facie* case for personal jurisdiction over DMI S.A.[5]  Plaintiff's claims against DMI S.A. therefore should be dismissed in their entirety.

## II.
## PLAINTIFF HAS ENTIRELY FAILED TO STATE A CLAIM AGAINST DMI S.A.

### A. Plaintiff's Sole Conclusory Allegation Of Conspiracy Fails To Satisfy The Pleading Requirements Of Rule 8.

Plaintiff does not dispute DMI S.A.'s argument, see Mem. at 12-13, that the Complaint lumps hundreds of defendants together without providing specific facts distinguishing the supposed conduct of DMI S.A.  See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000); Gillette Co. v. Philips Oral Healthcare, Inc., 2001 WL 1442637, at *7 (S.D.N.Y. Nov. 15, 2001); Glasheen v. City of Albany, 1999 WL 1249409, at *1 (N.D.N.Y. Dec. 16, 1999) (conclusory,

---

[4]   The plaintiff also apparently invokes two disfavored decisions from the Eastern District of New York, Simon v. Phillip Morris, Inc., 86 F. Supp. 2d 95 (E.D.N.Y. 2000), and In re DES Cases, 789 F. Supp. 552 (E.D.N.Y. 1992), in support of the ambitious proposition that in mass tort class actions, a Court may do away with the Constitutionally-required, due process minimum contacts test, and instead seek to exercise personal jurisdiction over a non-resident defendant based upon a loosely-drawn 'governmental interest' test.  As this Court has held, however, see In September 11 Attacks, 349 F. Supp. 2d at 809-810, these decisions, and the disfavored doctrine that they invoke, do not change the applicable analysis here.

[5]   The Federal Insurance plaintiffs argued that the Court should allow jurisdictional discovery as to DMI S.A. because their jurisdictional allegations were "simply insufficiently developed at this time."  See Fed. Ins. Mem. at 7 n.10, citing Texas Int'l Magnetics, Inc. v. BASF AG, 31 Fed. Appx. 738, 739 (2d Cir. 2002).  Here, however, plaintiff's jurisdictional allegations are not merely 'insufficiently developed' but *entirely absent* -- again, plaintiff's single, conclusory paragraph regarding DMI S.A. fails to include any allegation of fact that could be read to tie DMI S.A. to the United States or to the September 11 attacks.  Moreover, plaintiff has not requested such discovery, either in its cursory Opposition or otherwise.  In such a case, jurisdictional discovery is plainly inappropriate.  See In re Sept. 11 Attacks, 349 F. Supp. 2d at 813-14 ("Courts are not obligated to subject a foreign defendant to discovery . . . where the allegations of jurisdictional facts, construed in plaintiffs' favor, fail to state a basis for the exercise of jurisdiction or where discovery would not uncover sufficient facts to sustain jurisdiction."); see also Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185-86 (2d Cir. 1998); Madison Models, Inc. v. Casta, 2003 WL 21978628, *6 (S.D.N.Y. Aug. 20, 2003) ("Jurisdictional discovery is inappropriate where, as in the instant case, a plaintiff has failed entirely even to allege facts from which a court could properly infer the existence of jurisdiction.").

generalized allegations "render[ ] it virtually impossible for each [d]efendant to respond to the allegations"). Instead, the New York Marine plaintiff chooses to parrot the Federal plaintiffs' argument that Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), and Sparrow v. United Airlines, Inc., 216 F.3d 1111, 1115 (D.C. Cir. 2002), support the proposition that conclusory, generalized allegations should be deemed sufficient to state plaintiff's immense and serious claims against DMI S.A. See Fed. Ins. Mem. at 5-6, 6 n.8. Swierkiewicz, however, "did not change the law of pleading . . . but simply re-emphasized" that heightened pleading standards do not apply to Title VII claims such as those brought therein. Twombly v. Bell Atlantic Corp., 313 F. Supp. 2d 174, 180 (S.D.N.Y. 2003). This Court in Twombly explained that a plaintiff's theory in Title VII cases is "fairly self-evident" so that "defendants will be apprised of the basic facts, and will know how to defend the action." Id. at 181. In contrast (and particularly here), a plaintiff's conspiracy theory "is not evident from a conclusory allegation of conspiracy, and there is simply no way to defend against such a claim without having some idea of how and why the defendants are alleged to have conspired." Id.[6] Simply put, the New York Marine plaintiff's wholly conclusory allegation that DMI S.A. "conspired with" al Qaeda fails to provide DMI S.A. with any meaningful notice of the basis of the claims against it, and plaintiff's claims therefore must be dismissed.

**B.      Plaintiff Fails To Plead Proximate Causation As To DMI S.A.**

Plaintiff does not dispute that, as to each of its causes of action, it must plead that DMI S.A. proximately caused the injuries suffered by plaintiff as a result of the September 11th attack. "Central to the notion of proximate cause is the idea that a person is not liable to all those who may have been injured by his conduct, but only to those with respect to whom his acts were a substantial factor in the sequence of responsible causation, and whose injury was reasonably foreseeable or anticipated as a natural consequence." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 123 (2d Cir. 2003) (internal citations and quotation marks omitted); see also Sosa v. Alvarez-Machain,

---

[6]      Swierkiewicz also does not change the Second Circuit's requirement that a plaintiff plead sufficient facts to make out each element of a claim against a defendant. See Gmurzynska v. Hutton, 355 F.3d 206 (2d Cir. 2004); Internet Law Library, Inc. v. Southbridge Cap. Mgmt., LLC, 223 F. Supp. 2d 474, 488 (S.D.N.Y. 2002).

124 S.Ct. 2739, 2750 (2004) ("Proximate cause is causation substantial enough and close enough to the harm to be recognized by law . . ."). As set forth in detail in DMI S.A.'s opening Memorandum, the New York Marine plaintiff has alleged no facts showing that any actions by DMI S.A. -- whatever those unalleged actions might have been -- were a "substantial factor" in the September 11th attack or that DMI S.A. should have "reasonably foreseen" that the September 11th attack would ensue from anything that it has ever done.

### C. Plaintiff Does Not State A Claim Under Any Of Its Seven Causes Of Action.

Finally, the New York Marine plaintiff, like the Federal Insurance plaintiffs, ignores DMI S.A.'s arguments regarding the specific requirements of each of its causes of action. Rather than address DMI S.A.'s specific arguments, the New York Marine plaintiff apparently adopts the Federal Insurance plaintiffs' plea for leave to amend and for discovery "if the Court, for some reason, does not assume the truth of all of [plaintiffs'] allegations." See Fed. Ins. Mem. at 16 n.19. To be clear, DMI S.A. implores the Court to assume the truth of all of plaintiff's allegations, and then to test those allegations against the pleading standards of Rule 8 -- including the well-established principle that neither inferences unsupported by factual allegations, nor legal conclusions cast as factual allegations, suffice to state a claim. See Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002); York v. Ass'n of the Bar of the City of New York, 286 F.3d 122, 125 (2d Cir. 2002).

#### 1. Plaintiff Has No Standing Under RICO And, In The Alternative, Has Failed To Sufficiently Plead A RICO Claim – Count 3.

RICO standing is a "threshold question" that "represents a jurisdictional requirement." Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994). Here, plaintiff seeks RICO standing as a subrogee of insurance claims by airline companies. See NY Marine FAC ¶ 54. However, as set forth in DMI S.A.'s initial Memorandum, see Mem. at 18-19, where plaintiff's injuries are "purely contingent on harm to third parties, [plaintiff's] injuries are indirect [and] [c]onsequently . . . plaintiff[] lack[s] standing to bring RICO claims." Laborers Local 17 Health and Benefit Fund v. Phillip Morris, Inc., 191 F.3d 229, 239 (2d Cir. 1999); see also Burnett v. Al Baraka

Inv. & Dev. Corp., 274 F. Supp. 2d 86, 106 (D.D.C. 2003) ("Burnett I") (holding that plaintiffs alleging personal injuries and economic losses derived therefrom lacked standing to bring RICO claims).[7]  Here, the insurance subrogation plaintiff lacks standing to bring RICO claims because such claims derive solely from the injuries suffered by persons injured by the September 11th attacks.

Furthermore, neither the New York Marine plaintiff, nor the Federal Insurance plaintiffs before them, offer any elaboration of the New York Marine plaintiff's conclusory, boilerplate allegation regarding DMI S.A., or any explanation of how that allegation, even if proven out, might state *any* of the requisite elements of a civil RICO claim against DMI S.A.  See Mem. at 16, 20-21.  Although plaintiff apparently asserts RICO claims under 18 U.S.C. 1962(a), (c) and (d), plaintiff wholly fails to allege any of the factual predicates --  i.e., plaintiff does not allege injury from DMI S.A.'s supposed investment of the racketeering income, or that DMI S.A. was a central figure in any endeavor at all or actively managed anything whatsoever, let alone directed the operation of the alleged al Qaeda RICO enterprise.  Plaintiff's RICO claims therefore, must be dismissed.

**2.     Plaintiff Has Failed To State A Claim Under
The Anti-Terrorism Act ("ATA") – Count 5.**

Again, the New York Marine plaintiff has wholly failed to allege the elements of an ATA claim, and cannot do so in keeping with its obligations under Rule 11.  Plaintiff has proffered no allegation that, if proved out, would show that DMI S.A. engaged in any actions constituting "international terrorism" or that DMI S.A. did so knowingly, as the ATA has been held to require.  See In re September 11 Attacks, 349 F.Supp. 2d at 826, 828-29; Boim v. Quranic Literacy Inst. and

---

[7]     One District Court case, National Asbestos Workers Med. Fund v. Phillip Morris, Inc., 74 F. Supp. 2d 221 (E.D.N.Y. 1999), has been read broadly by some plaintiffs to warrant RICO standing as a subrogee.  However, the District Court opinion in National Asbestos cannot control, because it is directly contrary to the earlier decision of the Second Circuit in Laborers Local 17, 191 F.3d at 235-241.  Moreover, the holding in National Asbestos has been repeatedly and harshly rejected.  See Int'l Brotherhood of Teamsters v. Phillip Morris, Inc., 196 F.3d 818, 827 (7th Cir. 1999) (describing National Asbestos opinion as "a thinly guised refusal to accept and follow the Second Circuit's holding [in Laborers Local 17].");  Rhode Island Laborers' Health & Welfare Fund v. Phillip Morris, Inc., 99 F. Supp. 2d 174, 178 (D.R.I. 2000) ("this Court disagrees with the reasoning and result in National Asbestos.");  Eastern States Health & Welfare Fund v. Phillip Morris, Inc., 188 Misc.2d 638, 647, 729 N.Y.S.2d 240 (N.Y. Sup. 2000) (recognizing cases criticizing National Asbestos and stating "this Court does not find [Judge Weinstein's] analysis [in National Asbestos] persuasive or applicable.").

Holy Land Found. for Relief and Dev., 291 F.3d 1000, 1012, 1023 (7th Cir. 2002) ("Boim II") (holding that the ATA requires allegations that defendants acted knowingly); Burnett I, 274 F. Supp. 2d at 106 (ATA claim requires allegation of knowledge and intent to further violent acts, and allegation that injuries were reasonably foreseeable results of defendant's actions).  And, to the extent that plaintiff might hope to rely upon Halberstam or Boim II for a concerted action theory of liability under the ATA, Halberstam requires allegations that the defendant knowingly provided help and did in fact "substantially aid[]" the tortfeasor, see Halberstam, 705 F.2d at 478, and Boim II requires allegations that the defendant knowingly, substantially, and actually assisted in the allegedly tortious act, see Boim II, 291 F.3d at 1021.[8]  Clearly, as this Court held regarding Al Rajhi Bank, "Plaintiff[] do[es] not offer facts to support [its] conclusions that [DMI S.A.] had to know that [*any* persons associated with DMI S.A.] were supporting terrorism."  See In re Sept. 11 Attacks, 349 F. Supp. 2d at 832-33.  Plaintiff's Complaint, which fails to aver *any* specific conduct by DMI S.A. *whatsoever*, obviously falls entirely short of the pleading requirements of Halberstam, Boim II, and this Court's January 18, 2005 Order.  Accordingly, the New York Marine plaintiff's ATA claim against DMI S.A. must be dismissed.

### 3. Plaintiff's State Law Causes of Action Fail to State A Claim.

As to plaintiff's state law claims, plaintiff again refers the Court to the Federal Insurance brief, which of course offers no explanation of the supposed factual bases of the New York Marine plaintiff's inflammatory claims against DMI S.A.[9]  Furthermore, for all the reasons set forth above and in DMI S.A.'s initial Memorandum, plaintiff's state law claims are not saved by its conclusory allegations of conspiracy and aiding and abetting.  Simply put, plaintiff has nowhere alleged any facts as to DMI S.A. that, if proved out, would establish *any* of the many elements of *any*

---

[8] The Federal Insurance plaintiffs also relied upon the recent decision of the magistrate judge in Boim v. Quranic Literacy Inst., No. 00-2905, 2004 WL 2554446 (N.D. Ill., Nov. 10, 2004) ("Boim III").  The magistrate judge in Boim III, however, followed the holdings of the Seventh Circuit in Boim II, 291 F.3d 1000, which have been discussed at length above and in DMI S.A.'s opening Memorandum, see Mem. at 19.  Further, the facts of the Boim case, unlike the allegations here, were alleged definitely and specifically.  See Boim v. Quranic Literacy Inst. & Holy Land Found., 127 F. Supp. 2d 1002, 1006-1008. (N.D. Ill. 2001).

[9] Moreover, plaintiff has not made any attempt to justify their 'claim' for punitive damages.  See Mem. at 25.

of plaintiff's state law causes of action.  As to DMI S.A., plaintiff has offered nothing at all that could warrant further lenience from this Court.

### III.
### PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

Finally, because plaintiff has now filed two successive Complaints, and its failure to state any of its claims against DMI S.A. is as nearly complete as one could imagine, its Complaint should be dismissed with prejudice.  See, e.g., Electronic Communications Corp. v. Toshiba America, 129 F.3d 240, 246 (2d Cir. 1997) (denying leave to amend because complaint failed to state claim and amendment would be futile).  Indeed, plaintiff has effectively conceded the futility of amendment of its Complaint; there is no indication, within or outside of the four corners of the Amended Complaint, or in plaintiff's half-hearted Opposition, that it will in good faith be able to cure these defects.  See, e.g., Acito v. Imcera Grp., Inc., 47 F.3d 47, 55 (2d Cir. 1995) (denying leave to amend Complaint as "futile").  Dismissal of plaintiff's claims against DMI S.A., therefore, should ensue with prejudice.

### CONCLUSION

For the foregoing reasons, defendant DMI S.A. respectfully requests that this Court dismiss all claims against it with prejudice and award such further relief as deemed just and proper.

Dated: New York, New York
August 3, 2005

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _____/s/_____
James J. McGuire (JM-5390)

30 Rockefeller Plaza, 24th Floor
New York, New York 10112
(212) 332-3800

*Attorneys for Defendant
DMI Administrative Services S.A.*

Timothy J. McCarthy
Eric S. O'Connor
   Of Counsel