**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re Terrorist Attacks of September 11, 2001** | **03 MDL 1570 (RCC)** <br> **ECF Case** |

*This document relates to:*

> *New York Marine and General Insurance Company v. Al Qaida, et al.*, 04-CV-5970 (RCC)

## <u>MEMORANDUM OF LAW IN SUPPORT OF</u> <u>DEFENDANT MAR-JAC POULTRY, INC.'S,</u> <u>MOTION TO DISMISS</u>

**TABLE OF CONTENTS**

TABLE OF CONTENTS                                                                                    i

TABLE OF AUTHORITIES                                                                                 ii

I.    INTRODUCTION                                                                                    1

II.   ARGUMENT AND CITATION OF AUTHORITIES                                                           1

      A.    The Complaint Should Be Dismissed as Against Mar-Jac Poultry                             1

      B.    Plaintiff Has Failed to State Any Claim Against Mar-Jac Poultry                          3

            1.    Conspiracy and Aiding and Abetting Claims                                          4

            2.    Racketeer Influenced and Corrupt Organizations Claims                              6

            3.    Anti-Terrorism and Effective Death Penalty Act Claim                               9

            4.    Trespass Claim                                                                     10

            5.    Negligence Claim                                                                   11

            6.    Punitive Damages Claim                                                             11

III.  CONCLUSION                                                                                     12

AFFIDAVIT OF SERVICE                                                                                 13

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Attuahene v. City of Hartford*, 10 Fed. Appx. 33 (2d Cir. 2001)                    4

*Bell v. Blaze Magazine*, 2001 WL 262718 (S.D.N.Y Mar. 16, 2001)                    2

*Bichler v. Eli Lilly & Co.,* 55 N.Y.2d 571 (1982)                    4

*Boim v. Quranic Literacy Inst.*, 340 F.Supp.2d 885 (N.D.Ill.2004)                    9

*Boim v. Quranic Literacy Institute & Holy Land Foundation for
    Relief & Development,*291 F.3d 1000 (7th Cir. 2002)                    9

*Bruns v. Ledbetter*, 583 F.Supp. 1050 (S.D.Cal. 1984)                    4

*Burnett v. Al Baraka Inv. & Dev. Corp.* 274 F. Supp. 2d 86 (D.D.C. 2003)                    11, 12

*Chrysler Capital Corp. v. Century Power Corp.,* 778 F.Supp. 1260
    (S.D.N.Y.1991)                    5

*Cohen v. Koenig*, 25 F.3d 1168 (2d Cir. 1994)                    2

*Conley v. Gibson*, 355 U.S. 41 (1957)                    2

*Craighead v. E.F. Hutton & Co.,* 899 F.2d 485 (6th Cir. 1990)                    8

*De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65 (2d Cir. 1996)                    2

*Dixon v. Mack,* 507 F.Supp. 345 (S.D.N.Y.1980)                    5

*Doe v. Islamic Salvation Front*, 257 F.Supp.2d 115 (D.C.Cir. 2003)                    9

*Dubai Islamic Bank v. Citibank, N.A.*, 256 F.Supp.2d 158 (S.D.N.Y. 2003)                    7, 8

*Firman v. Sacia*, 184 N.Y.S.2d 945 (1959)                    6

*Halberstam v. Welch*, 705 F.2d 472 (D.C.Cir. 1983)                    5

*Hecht v. Commerce Clearing House*, 897 F.2d 21 (2d Cir. 1990)                    8

*Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258 (1992)                    9

*In re Livent, Inc. Noteholders Securities Litigation*, 151 F.Supp.2d 371
    (S.D.N.Y. 2001) .................................................................................................... 2

*In re: Terrorist Attacks on September 11, 2001*, 349 F.Supp.2d 765
    (S.D.N.Y. 2005) ........................................................................................... *passim*

*Ivancic v. Olmstead*, 66 N.Y.2d 349 (1985) ................................................................... 10

*Kades v. Organic Inc.*, 2003 WL 470331 (S.D.N.Y. Feb. 24, 2003) ............................... 7

*Kashi v. Gratsos,* 790 F.2d 1050 (2d Cir.1986) .............................................................. 5

*Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649 (S.D.N.Y. 1996) ............... 7, 8

*King v. Crossland Savings Bank*, 111 F.3d 251 (2d Cir.1997) ..................................... 11

*N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339 (2d Cir.1989) ..................... 10

*Nat'l Westminster Bank v. Weksel*, 511 N.Y.S.2d 626 (App. Div. 1987) ....................... 5

*O & G Carriers, Inc. v. Smith*, 799 F.Supp. 1528 (S.D.N.Y. 1992) ............................... 8

*Pittman v. Grayson,* 149 F.3d 111 (2d Cir.1998) .................................................... 3, 4, 5

*Schmidt v. Fleet Bank*, 16 F.Supp.2d 340 (S.D.N.Y. 1998) ........................................... 8

*Smith v. Islamic Emirate of Afghanistan*, 262 F.Supp.2d 217 (S.D.N.Y. 2003) .......... 9

*U.S. Fire Ins. Co. v. United Limousine Serv., Inc.,* 303 F.Supp.2d 432
    (S.D.N.Y. 2004) ................................................................................................... 7

*U.S. for Use & Benefit of Evergreen Pipeline Constr. Co., Inc. v.*
    *Merritt Meridian Constr. Corp.*, 95 F.3d 153 (2d Cir. 1996) ......................... 11

*Ungar v. Islamic Republic of Iran*, 211 F.Supp.2d 91 (D.D.C. 2002) .......................... 10

*Vision Stecialty Food Prods., Inc. v. Ultimate Gourmet, L.L.C.*,
    2001 WL 1506008 (S.D.N.Y. Nov.26, 2001) ...................................................... 6

*Ying Jing Gan v. City of New York*, 996 F.2d 522 (2d Cir. 1993) .................................. 2

iii

**Statutes**

18 U.S.C. § 1962                                                           6, 7, 8

18 U.S.C. § 2331                                                                9

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6)                            1, 2, 12

## I.   INTRODUCTION

Plaintiff New York Marine and General Insurance Company is the latest plaintiff to attempt to link Mar-Jac Poultry, Inc., to the terrorist attacks against the United States on September 11, 2001, in a flimsy and grossly deficient effort even by the standard of preceding insufficient efforts.[1] Plaintiff alleges, in its First Amended Complaint ("Complaint"), that hundreds of defendant entities and individuals, including Mar-Jac Poultry, Inc., conspired to commit the September 11 attacks. (Complaint ¶ 51). This broad, vague and conclusory conspiracy allegation contains, however, the entire substance of Plaintiff's Complaint. The entirety of the Complaint is essentially a conclusory conspiracy allegation with a laundry list of defendants from which it seeks to recover tacked on, rounded off by a few broad, vague and conclusory claims and a prayer for relief. Plaintiff alleges no facts or circumstances which could conceivably be relied upon to support any of its claims against Mar-Jac Poultry, or any act or omission by Mar-Jac Poultry which could be construed as causing, or contributing to, any act of terrorism, or any of Plaintiff's alleged damages. Plaintiff has patently failed to state any claim against Mar-Jac Poultry, and Mar-Jac Poultry should therefore properly be dismissed from this action.

## II.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   The Complaint Should Be Dismissed as Against Mar-Jac Poultry

Mar-Jac Poultry freely acknowledges that, on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the allegations of the complaint as true and must

---

[1] Mar-Jac Poultry previously moved to dismiss the respective complaints in *Ashton et al. v. Al Qaeda Islamic Army et al.*, 02 CV 6977 (RCC) (S.D.N.Y. 2002); *Burnett et al. v. Al Baraka Investment and Development Corp. et al.*, 02 CV 1616 (JR) (S.D.N.Y. 2002) and *Federal Insurance Co. et al. v. Al Qaida et al.*, 03 CV 6978 (S.D.N.Y. 2003). It hereby incorporates by reference its arguments in its motions to dismiss in those actions.

1

draw all reasonable inferences in favor of the plaintiff. See *Bell v. Blaze Magazine*, 2001 WL 262718, *2 (S.D.N.Y Mar. 16, 2001) (citing *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994)). It is also true that a Rule 12(b)(6) motion should not be granted unless it is clear that the plaintiff can prove no set of facts which could establish its claim for relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bell*, at *2.

However, this Court has recognized in related actions that "'a complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6).'" *In re: Terrorist Attacks on September 11, 2001*, 349 F.Supp.2d 765, 833 (S.D.N.Y. 2005) (quoting *De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir. 1996)). Only factual allegations must be taken as true on a Rule 12(b)(6) motion, *In re Livent, Inc. Noteholders Securities Litigation*, 151 F.Supp.2d 371, 406 (S.D.N.Y. 2001) (emphasis supplied; citations omitted), not "legal conclusions, deductions or opinions couched as factual allegations…," *Ying Jing Gan v. City of New York*, 996 F.2d 522, 534 (2d Cir. 1993).

Plaintiff alleges not a single fact relating to Mar-Jac Poultry in its Complaint. Rather, Plaintiff has inserted Mar-Jac Poultry in its list of approximately 250 entities and individuals from which Plaintiff hopes to recover, which Plaintiff then proceeds to transform into an allegation, adding the bare conclusion that they "have aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons." (Complaint ¶ 45). This list of alleged co-conspirators incredibly places Mar-Jac Poultry, a Georgia poultry company, among such reviled figures as former Iraqi dictator Sadam Hussein, and al Qaida terrorist Abu Musab Al-Zarqawi. (*See id.*). Mar-Jac Poultry's appearance in this list constitutes Mar-Jac Poultry's sole appearance in Plaintiff's Complaint.

Plaintiff alleges no facts as to when, where or how any of the Defendants—to say nothing of Mar-Jac Poultry—conspired to provide material support or resources to al Qaida or any affiliated FTOs, associations, organizations or persons, or when, where or how any of the Defendants might have aided or abetted any such provision of support or resources. Plaintiff's Complaint therefore contains only conclusory allegations regarding Mar-Jac Poultry—indeed, Plaintiff's Complaint is essentially a single, bare conclusion, virtually unsupported by any facts. The 37-page Complaint, which attempts to allege an overarching conspiracy between hundreds of Defendants to allegedly perpetrate the September 11th attacks, spectacularly fails even the liberal pleading standards of Rule 12(b)(6). There is simply nothing to give Mar-Jac Poultry notice of what its alleged participation in the alleged conspiracy may have been, and therefore what it must defend itself against. There are further no facts tending to show that Mar-Jac Poultry knew "the wrongful nature of the primary actor's conduct," *In re: Terrorist Attacks*, 349 F.Supp.2d at 826, or that its "conduct [is] tied to a substantive cause of action," *id*. (Quoting *Pittman v. Grayson,* 149 F.3d 111, 122 (2d Cir.1998)).

As this Court has recognized regarding related actions, such bare, conclusory pleading is vulnerable to dismissal. This Court has further dismissed similar conclusory claims of aiding and abetting, materially supporting or conspiring to commit acts of terrorism against Defendants against whom specific facts were alleged reputedly demonstrating a connection to terrorism. In contrast, neither Plaintiff, nor any other plaintiff, have to date alleged a single concrete fact concerning Mar-Jac Poultry's alleged knowing relationship to financing al Qaida. Accordingly, Plaintiff's claims against Mar-Jac Poultry should be dismissed.

**B.**     **Plaintiff Has Failed to State Any Claim Against Mar-Jac Poultry**

Plaintiff's bald, generalized and conclusory allegations against all Defendants are likewise

clearly insufficient to sustain any of Plaintiff's claims against Mar-Jac Poultry. General allegations against numerous defendants are insufficient to make out a claim against individual defendants. *See Attuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001); *Bruns v. Ledbetter*, 583 F.Supp. 1050, 1051 (S.D.Cal. 1984). Neither can Plaintiff rely on its claims for relief to make out any claim against Mar-Jac Poultry, since the claims merely refer to all Defendants in an undifferentiated mass in making their conclusory assertions. (See Complaint ¶¶ 55-83).

Regardless of how many times Plaintiffs repeat the assertion that Defendants' aided or abetted, provided material support, or conspired to commit the September 11 attacks, this does not suffice to state a claim. Plaintiff apparently believes that its assertions, simply by virtue of Plaintiff having made them, should be assumed to establish the inferences necessary to state its claims. However, as this Court has recognized, such conclusory allegations do not suffice. Plaintiff's Complaint leaves virtually all details to the imagination. Plaintiff has thereby failed to establish essential elements on all of Plaintiff's claims against Mar-Jac Poultry, and its claims against Mar-Jac Poultry should therefore be dismissed.

1.    <u>Conspiracy and Aiding and Abetting Claims</u>

Plaintiff's claims for conspiracy and aiding and abetting against Mar-Jac Poultry in Count II and Count IV of the Complaint should be dismissed. (*See* Complaint ¶¶ 61-64, 68-71). As this Court has recognized:

> Concerted action liability under New York law is based on the principle that '[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer ... are equally liable with him.

*In re Terrorist Attacks*, 349 F.Supp.2d at 826 (quoting *Pittman,* 149 F.3d at 122; quoting *Bichler v.*

4

*Eli Lilly & Co.,* 55 N.Y.2d 571, 580 (1982)).

> To plead a valid cause of action for conspiracy under New York law, a plaintiff must allege the primary tort and four elements: "(a) a corrupt agreement between two or more persons, (b) an overt act in furtherance of the agreement, (c) the parties' intentional participation in the furtherance of a plan or purpose, and (d) the resulting damage or injury." [Cits.]. To warrant the inference that a defendant was a member of the conspiracy, Plaintiffs must show that "(a) the defendant had an awareness of the effects in New York of its activity; (b) the activity of the co-conspirators in New York was to the benefit of the out-of-state conspirators; and (c) the co-conspirators acting in New York acted "at the direction or under the control" or "at the request of or on behalf of" the out-of-state defendant."

*Id.* at 805 (internal citations omitted) (quoting *Chrysler Capital Corp. v. Century Power Corp.,* 778 F.Supp. 1260, 1267, 68-69 (S.D.N.Y.1991); citing *Kashi v. Gratsos,* 790 F.2d 1050, 1055 (2d Cir.1986); *Dixon v. Mack,* 507 F.Supp. 345, 350 (S.D.N.Y.1980)); *see also Halberstam v. Welch*, 705 F.2d 472, 477 (D.C.Cir. 1983). Aiding and abetting liability, in turn, "requires that the defendant have given substantial assistance or encouragement to the primary wrongdoer." *Id.* at 799 (quoting *Pittman,* 149 F.3d at 122-23).

As demonstrated above, Plaintiff alleges no facts regarding Mar-Jac Poultry's knowing participation in any alleged conspiracy to provide support or resources to al Qaida or its affiliates, or to aid or abet any provision of such support or resources. It must follow that Plaintiff has failed to allege all or most of the essential elements to state a claim for conspiracy or aiding or abetting against Mar-Jac Poultry. The Complaint contains nothing which could support a conclusion that Mar-Jac Poultry intentionally entered into any corrupt agreement with any persons, knowingly committed any overt act in furtherance of any alleged agreement, or that it possessed any awareness that the terrorist attacks in New York, Washington D.C. or Pennsylvania would result from any conduct on its part. Similarly, there is no allegation of any assistance which Mar-Jac Poultry allegedly

provided in the commission of the attacks.

Furthermore, Plaintiff's failure to allege any facts which could be relied upon to demonstrate causation is a serious infirmity which plagues Plaintiff's conspiracy, aiding and abetting, and other claims. Under New York law, "[r]easons of policy, as well as good sense, forbid an illimitable extension of liability for a train of events proceeding into the indefinite future with arguable dependence (usually in decreasing degree) upon the original act." *Firman v. Sacia*, 184 N.Y.S.2d 945, 948 (1959). Plaintiff cannot establish that Mar-Jac Poultry owed any duty to Plaintiff or its insureds, that Mar-Jac Poultry breached any duty, or that Mar-Jac Poultry committed any act or omission which proximately caused any of Plaintiff's injuries. Any hypothetical connection of Mar-Jac Poultry with the September 11th terrorist attacks would further be severed by unnumbered intervening and superseding acts by criminal third parties.

"A bare conclusory allegation of conspiracy is usually held insufficient." *Vision Stecialty Food Prods., Inc. v. Ultimate Gourmet, L.L.C.*, 2001 WL 1506008, *4 (S.D.N.Y. Nov. 26, 2001) (citing *Nat'l Westminster Bank v. Weksel*, 511 N.Y.S.2d 626, 629 (App. Div. 1987)). Plaintiff's bare and conclusory conspiracy and aiding and abetting claims against Mar-Jac Poultry should therefore be dismissed.

## 2.   Racketeer Influenced and Corrupt Organizations Claims

Plaintiff similarly fails to state a claim against Mar-Jac Poultry pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Plaintiff asserts civil RICO claims against all Defendants pursuant to 18 U.S.C. §§ 1962(a), (c) and (d) in Count III. (*See* Complaint ¶¶ 65-67). However, "[c]ivil RICO is an unusually potent weapon… [and] 'courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *In re: Terrorist Attacks*, 349 F.Supp.2d

at 833 (quoting *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 658 (S.D.N.Y. 1996)). Mar-Jac Poultry notes that Plaintiff, following the service of the Complaint herein, has failed to file any RICO statement regarding Mar-Jac Poultry.

In order to state a claim pursuant to § 1962(a), a plaintiff must allege "that defendants used or invested racketeering income to acquire or maintain an interest in the alleged enterprise, and second, that the plaintiff suffered an injury as a result of that investment by the defendants." *Kades v. Organic Inc.*, 2003 WL 470331, *13 (S.D.N.Y. Feb. 24, 2003). The elements of § 1962(c) are, in turn, "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *In re Terrorist Attacks*, 349 F.Supp.2d at 827 (quoting *U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F.Supp.2d 432, 451 (S.D.N.Y. 2004)).

Plaintiffs do not even allege in their RICO claim that Defendants, much less Mar-Jac Poultry, used or invested any racketeering income to acquire or maintain any interest in any enterprise in order to make even a *prima facie* allegation under § 1962(a). (*See* Complaint ¶¶ 65-67). Neither do they allege that the Defendants participated in the conduct of any enterprise through a pattern of racketeering activity. (*See id.*). This Court dismissed more detailed § 1962(c) claims in a related matter, observing that although the plaintiffs "allege[d] the moving Defendants may have assisted al Qaeda, but they do not allege anything approaching active 'management or operation,'" *In re Terrorist Attacks*, 349 F.Supp.2d at 827, 28 (citing *Dubai Islamic Bank v. Citibank, N.A.*, 256 F.Supp.2d 158, 164 (S.D.N.Y. 2003)).

Finally, it follows as a matter of course that, where Plaintiff has failed to state claims for conspiracy or aiding or abetting against Mar-Jac Poultry, and has utterly failed to allege a claim under the RICO statute pursuant to § 1962(a), (b) or (c), it cannot state a claim pursuant to 18 U.S.C.

7

§ 1962(d) for conspiracy to violate the RICO statute. *Katzman*, 167 F.R.D. at 658 (citing *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 495 (6th Cir. 1990)). This Court has dismissed claims pursuant to § 1962(d) as a result of plaintiffs' failure to allege that defendants "were central figures in the underlying schemes or for conspiracy liability under § 1962(d)." *In re Terrorist Attacks*, 349 F.Supp.2d at 828. Here, there are no facts alleged as to any role by Mar-Jac Poultry in any alleged conspiracy. Plaintiff's allegations simply do not allege "anything approaching active management or operation." *Id*. at 827 (quoting *Dubai Islamic Bank*, 256 F.Supp.2d at 164).

"Bare and conclusory allegations are insufficient to withstand a motion to dismiss, and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in the [RICO] conspiracy." *Schmidt v. Fleet Bank*, 16 F.Supp.2d 340, 354 (S.D.N.Y. 1998). "It is difficult to imagine a vaguer or more conclusory conspiracy allegation," *O & G Carriers, Inc. v. Smith*, 799 F.Supp. 1528, 1543 (S.D.N.Y. 1992), than an allegation that "all defendants" conspired together to violate §§ 1962(a), (b) or (c), *id*. Even assuming for the sake of this Motion that Plaintiff has plead a RICO enterprise, Plaintiff still alleges no facts sufficient to show that Mar-Jac Poultry knew of any enterprise, that it at any time agreed to participate in an alleged conspiracy to benefit the enterprise, or that the actions of the alleged conspiracy were the proximate cause of the September 11 attacks. *See In re Terrorist Attacks*, 349 F.Supp.2d at 827. The RICO allegations simply do not provide a "factual basis for finding a conscious agreement among the defendants." *Id*. (quoting *Hecht v. Commerce Clearing House*, 897 F.2d 21, 26 n.4 (2d Cir. 1990). Plaintiff's failure to make even *prima facie* allegations on its RICO claims is fatal to its ability to state a claim against Mar-Jac Poultry. Plaintiff's civil RICO claims against Mar-Jac Poultry should therefore be dismissed.

### 3.    <u>Anti-Terrorism and Effective Death Penalty Act Claim</u>

Given the complete absence of any concrete facts relating to Mar-Jac Poultry in its Complaint, Plaintiff's claim against Mar-Jac Poultry pursuant to the Anti-Terrorism and Effective Death Penalty Act, or Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331 *et seq*., in Count V should be dismissed. (*See* Complaint ¶¶ 72-75). As this Court has recognized, "New York law and the courts interpreting the ATA in *Boim* make very clear that concerted action liability requires general knowledge of the primary actor's conduct." *In re Terrorist Attacks*, 349 F.Supp.2d at 828 (citing *Boim v. Quranic Literacy Institute & Holy Land Foundation for Relief & Development*, 291 F.3d 1000, 1023 (7th Cir. 2002) ("*Boim I*")). "To adequately plead the provision of material support under this section, a plaintiff [has] to allege that the defendant knew about the terrorists' illegal activities, the defendant desired to help those activities succeed, and the defendant engaged in some act of helping those activities. *Id.*   at 828 (citing *Boim I* at 1023; *Boim v. Quranic Literacy Inst.*, 340 F.Supp.2d 885, 906-913 (N.D.Ill.2004) ("*Boim II*")). As the Seventh Circuit Court of Appeals in *Boim I* recognized, a plaintiff must "show knowledge of and intent to further the payee's violent criminal acts…" *Boim I*, at 1011. Furthermore, liability pursuant to § 2333 "… require[s] a showing of proximate cause." *Id*. at 1011-12 (citing *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 265-68 (1992)); *see also Smith v. Islamic Emirate of Afghanistan*, 262 F.Supp.2d 217, 226-27 (S.D.N.Y. 2003).

The foregoing authorities make it apparent that Plaintiff has alleged no facts which could conceivably be construed to show that Mar-Jac Poultry knew about any plan to perpetrate terrorist attacks on the United States, that it desired to assist any alleged plan, that it engaged in any act which assisted the attacks, or that any act by it was connected to the attacks. *See Doe v. Islamic Salvation*

9

*Front*, 257 F.Supp.2d 115, 121 (D.C.Cir. 2003) (granting defendant's motion to dismiss plaintiffs' claims pursuant to ATA where plaintiffs could not offer "more than conclusory statements about [the defendant's] alleged role"); *Ungar v. Islamic Republic of Iran*, 211 F.Supp.2d 91, 92, 93, 100 (D.D.C. 2002) (holding that plaintiffs failed to establish their claims that defendants, the government of Iran and officials, conspired with, or aided or abetted, Hamas in the killing of two Israeli citizens, where sole connection of gunmen to Iran was that they allegedly received training from another terrorist, who had in turn been trained in Iran. "No reasonable juror could find the defendants liable on a conspiracy theory without speculating about matters that have not been established in this record—that [the terrorists] had guilty knowledge of the Iran-Hamas partnership and that they understood and shared its goal[s]…"). Plaintiffs fail to specify when any alleged acts attributed to Mar-Jac Poultry took place, thereby making it impossible to make any inference about how those actions are linked to the intentions and plans of al Qaida. The requisite knowledge, intent and causation to establish Plaintiff's ATA claim against Mar-Jac Poultry can be inferred if, and only if, at the time Mar-Jac Poultry engaged in any alleged act, it knew and intended that those activities would support the September 11 attacks. Plaintiff's ATA claim against Mar-Jac Poultry must therefore be dismissed.

### 4.   Trespass Claim

Plaintiff's remaining intentional tort claim for trespass in Count I fares no better than its other claims. (*See* Complaint ¶¶ 55-60). Trespass is "the interference with a person's right to possession of real property either by an unlawful act or a lawful act performed in an unlawful manner." *In re Terrorist Attacks*, 349 F.Supp.2d at 830 (citing *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1361 (2d Cir.1989); citing *Ivancic v. Olmstead*, 66 N.Y.2d 349, 352 (1985)). Plaintiff alleges

no facts, however, as to how Mar-Jac Poultry could have possibly interfered, directly or indirectly, with the right to possession of property of Plaintiff or any of its insureds. Plaintiff's claim for trespass may therefore clearly be dismissed against Mar-Jac Poultry.

### 5.   __Negligence Claim__

"To establish a claim for negligence under New York law, 'a plaintiff must show that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate cause of that breach.'" *In re Terrorist Attacks*, 349 F.Supp.2d at 830 (citing *King v. Crossland Savings Bank*, 111 F.3d 251, 259 (2d Cir.1997)). This Court has dismissed similar negligence claims in related actions where the "complaints… [did] not allege or identify a duty owed to Plaintiffs by moving Defendants." *Id*. at 830-31 (citing *Burnett v. Al Baraka Inv. & Dev. Corp.* 274 F. Supp. 2d 86, 108-09 (D.D.C. 2003)). Likewise, Plaintiff has alleged no duty which Mar-Jac Poultry allegedly owed to Plaintiff or its insureds. Plaintiff's negligence claim is accordingly subject to dismissal as against Mar-Jac Poultry.

### 6.   __Punitive Damages Claim__

In New York, "a private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally." *U.S. for Use & Benefit of Evergreen Pipeline Constr. Co., Inc. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 161 (2d Cir. 1996). In this case, Plaintiff cannot show that Mar-Jac Poultry engaged in any tortious conduct, much less a pattern of similar conduct directed at the public generally. Plaintiff is accordingly barred from recovery of any punitive damages from Mar-Jac Poultry.

11

### III.   <u>CONCLUSION</u>

The Court in *Burnett v. Al Baraka lnv. & Dev. Corp.*, recognized, given the gravity of the allegations, as in this case, of providing material support to the most heinous attacks in U.S. history, that:

> *[F]airness requires extra-careful scrutiny of plaintiff's allegations as to any particular defendant, to ensure that he or it does indeed have fair notice of what the plaintiffs' claim is and the grounds upon which it rests, and that no inferences are accepted that are unsupported by the facts set out in the [complaint].*

*Burnett*, 274 F. Supp.2d at 104 (emphasis supplied). Plaintiff's claims against Mar-Jac Poultry fail in all these respects. Plaintiff has not provided Mar-Jac Poultry with fair notice of the alleged conduct on which Plaintiff's claims against it are based, and against which it must defend. On the contrary, sustaining Plaintiff's claims against Mar-Jac Poultry would require this Court to make inferences which are devoid of any supporting fact whatsoever. For these reasons, even under the liberal pleading standards of Rule 12(b)(6), the Court may properly dismiss Plaintiff's claims against Mar-Jac Poultry.

Respectfully submitted, August 10, 2005.

/s/ Wilmer Parker

_____

Wilmer Parker (WP-1376)
GILLEN PARKER & WITHERS LLC
 (Admitted *pro hac vice*)
3490 Piedmont Road, N.E.
Suite 1050
Atlanta, Georgia 30305
Phone: 404.842.9700
Fax:    404.842.9750

*Counsel for Mar-Jac Poultry, Inc.*

12

## **AFFIDAVIT OF SERVICE**

The undersigned hereby certifies that the foregoing Defendant Memorandum of Law in Support of Mar-Jac Poultry, Inc.'s Motion to Dismiss has this day been filed on the Court's Electronic Case Filing (ECF) System, and that copies have been served on all parties who are registered ECF filing users. Copies will be sent to all parties who are not ECF filing users by United States mail.

This 10th day of August, 2005.

/s/ Wilmer Parker

_____

Wilmer Parker (WP-1376)
GILLEN PARKER & WITHERS LLC
 (Admitted *pro hac vice*)
3490 Piedmont Road, N.E.
Suite 1050
Atlanta, Georgia 30305
Phone: 404.842.9700
Fax:    404.842.9750

*Counsel for Mar-Jac Poultry, Inc.*

13