**SCHIFF HARDIN LLP**
Donald A. Klein (DK7821)
623 Fifth Avenue
New York, NY 10022
(212) 753-5000

Of Counsel:
John N. Scholnick
Ayad P. Jacob
6600 Sears Tower
Chicago, IL 50505
(312) 258-5500
Attorneys for Defendants
*Schreiber & Zindel Treuhand Anstalt,*
*Frank O. Zindel, Engelbert Schreiber, Sr.,*
*and Engelbert Schreiber, Jr.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Estate of O'Neill, et al. v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.)

*Estate of O'Neill, et al. v. Al Baraka, et al.*, Case No. 04 CV 1923 (RCC) (S.D.N.Y.)

### REPLY DECLARATION OF GUNTRAM WOLF IN SUPPORT OF MOTION TO DISMISS OF SCHREIBER & ZINDEL TREUHAND ANSTALT, FRANK K. ZINDEL, ENGELBERT SCHREIBER AND ENGELBERT SCHREIBER, JR.

GUNTRAM WOLF declares and states:

1. I am the same Guntram Wolf who submitted a Declaration, dated May 17, 2005, in support of the Motion to Dismiss filed by Defendants Schreiber & Zindel Treuhand Anstalt, Frank K. Zindel, Engelbert Schreiber, and Engelbert Schreiber, Jr. ("S&Z Defendants") in each of the above-referenced actions.

2. I have read Plaintiffs' memorandum of law in opposition to the Motion to Dismiss filed by the S&Z Defendants. Plaintiffs' memorandum of law contains a number of inaccurate statements and assumptions regarding Liechtenstein law and the service of process

on Liechtenstein residents (whether individuals residing in Liechtenstein or entities domesticated in the Principality) in connection with litigation commenced in the United States. These misstatements have been made by Plaintiffs, notwithstanding the statements I made regarding Liechtenstein law in my original Declaration. I now wish to address the inaccuracies set forth in Plaintiffs' memorandum of law.

3. Plaintiffs are correct that service in Liechtenstein of a summons and complaint in connection with a case commenced in a foreign country like the United States on a resident of Liechtenstein by registered mail is not specifically prescribed by Liechtenstein law. However, they are incorrect in saying that because service by registered mail is not expressly prohibited, service by registered mail can be done by anyone without violating Liechtenstein law regarding service of process. (Pl. Mem. in Opp. at 7-8). Plaintiffs are wrong in assuming that because registered mail is a proper means to effect service in Liechtenstein, it may be employed without regard to going through the proper channels for having the delivery of the registered mail effected, particularly in connection with a lawsuit commenced in a foreign country. Indeed, Plaintiffs assert that the use of Liechtenstein courts to effect service is optional. (Id. at 8) This too is incorrect and inconsistent with Liechtenstein law.

4. As stated in my original Declaration, Liechtenstein law requires that service of a summons and complaint in a lawsuit pending in a foreign country, including the United States, be made by first delivering letters rogatory to a Liechtenstein court, requesting that the Liechtenstein court take steps to accomplish service on the defendant. (Wolf Decl. ¶ 10) The Liechtenstein court will then do what is necessary under Liechtenstein procedural law to effectuate service, including using registered mail (if appropriate) to deliver the required judicial papers. The Liechtenstein court must be used as the intermediary to effect service on Liechtenstein residents. In my earlier Declaration I cited Sections 27 through 29 of the Liechtenstein Code of Jurisdiction (Amendment to the Code of Civil Procedure) and a number of

court decisions in support of this statement. (*Id.*) No other procedure for service of an international summons and complaint is provided for in Liechtenstein law nor is any other procedure allowed.

5.  Service by registered mail sent from the United States District Court or one of its officers, such as the clerk of that court, would violate Sections 27 through 29 of the Liechtenstein Code of Jurisdiction, which requires that service be effected only by way of mutual legal assistance between the foreign and Liechtenstein courts. (*Id.*) The fact that a summons and complaint is mailed by the Clerk of the Court for the Southern District of New York does not cure the deficiencies in Plaintiffs' service. Service of judicial documents within Liechtenstein must be made *ex officio*. (Wolf Decl. ¶ 8) As I noted in my initial declaration, "*ex officio*" within the meaning of the provisions of the Liechtenstein Code of Jurisdiction refers to service performed by the Liechtenstein courts and not by foreign courts or foreign citizens, even if they are officials of the foreign court. (Wolf Decl. ¶ 14) Accordingly, service of judicial documents by an American court or court officer by registered mail directly upon a defendant resident of Liechtenstein is not permitted for by Liechtenstein law and would be deemed ineffective. As the Supreme Court of Liechtenstein has held, alternative service <u>cannot replace proper service by the Liechtenstein courts</u>. (Order of the Supreme Court of Liechtenstein of January 25, 1993, published in the Collected Liechtenstein Decisions [LES], 1994, page 1). (emphasis added)

6.  The only lawful method of serving the S&Z Defendants with the summons and complaints in the above referenced actions would have been for Plaintiffs to have obtained letters rogatory addressed to the court in Liechtenstein, to have delivered such letters rogatory to the court in Liechtenstein, and to have had the Liechtenstein court serve the defendants with the judicial documents. Any other method would not be permitted and would therefore ineffective according to Liechtenstein law. I have used the words "not permitted" rather than

the word "prohibited" because the word "prohibited" suggests to me the imposition of criminal sanctions rather than having a civil procedure consequence.

7. Therefore, I stand by the conclusions in my initial Declaration that Plaintiffs' purported service of a summons and complaint upon the S&Z Defendants was prohibited by Liechtenstein law and would be deemed ineffective.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 07, 2005

_____
Guntram Wolf