LAW FIRM OF
# OMAR T. MOHAMMEDI
200 MADISON AVENUE, SUITE 1901
NEW YORK, NY 10016-3903
PHONE (212) 725-3846
FACSIMILE (212) 725-9160

ASSOCIATE
ALLY HACK, ESQ

OF COUNSEL:
MARC RUBIN
DEVERAUX CANNICK
ARMANI SCOTT
SETH MARCUS

OMAR T MOHAMMEDI
DIRECT LINE: EXT 18

WEBSITE: WWW.OTMLAW.COM
OMOHAMMEDI@OTMLAW.COM

MEMO ENDORSED

September 8, 2005

**VIA HAND DELIVERY**

The Honorable Richard Conway Casey
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-9-05

**RE: MDL 1570**
**_Burnett, et al., v. Al Baraka Investment & Development Corp., et al., 03-CV-9849 (RCC)_**

Dear Judge Casey:

We felt compelled to reply to *Burnett Plaintiffs'* September 6, 2005 letter in response to our September 1, 2005 letter.[1] In order to conserve judicial resources, and without getting mired in detail, we will address specific points made by the Plaintiffs' counsel regarding issues of service and default.

*Burnett Plaintiffs* claim that "WAMY did nothing to file a motion to dismiss or to cure its default until December, 2004."[2] First, contrary to the mischaracterizations contained in Ms. Bierstein's letter, WAMY went to great lengths to convince Plaintiffs to effectuate service. This was done by the outgoing attorneys back in 2002 and upon our involvement in this case in April 2004. Plaintiffs' counsel were given opportunity after

---

[1] With regard to ftnt. 1 of Ms. Bierstein's September 6, 2005 letter, her gripe is unfounded since she received our letter before this Court received it.
[2] September 6, 2005 letter from Andrea Bierstein at 2.

opportunity to cure the service defect. Instead they chose to ignore Defense counsel's communications.[3] It seems that Plaintiffs were biding their time in hopes of being able to file for a default judgment. Second, if WAMY was neither served nor properly served, as is our contention, not only can WAMY not be in default, but WAMY has no time limit by which they need to file a motion to dismiss, or otherwise respond to Plaintiffs' complaint. For some unknown reason however, Plaintiffs expect WAMY to act as if they had been served or properly served.[4]

I personally met with Ms. Bierstein in July, 2004 to request that Plaintiffs respond to our repeated requests and serve WAMY. In fact, *Burnett Plaintiffs* never approached Defense counsel, nor did they ever initiate any contact with us regarding this service issue.

Finally, we are perplexed by Ms. Bierstein's assertion that "WAMY does not need a briefing schedule to file its motion to dismiss."[5] If that is the case, then we wonder why when we filed our application to dismiss for failure to serve on December 20, 2004, Ms. Bierstein requested that Your Honor disregard our application for lack of a briefing schedule. In addition, Defense counsel could not convince Plaintiffs' counsel to serve our client let alone coerce them to waive their intended Default application.

As Ms. Bierstein correctly stated, we were in fact able to enter into briefing schedules with the other Plaintiffs. Such efficiency is due to their responsiveness and willingness to come to amicable terms on procedural issues. This is in contrast to our dealings with *Burnett Plaintiffs*.

In conclusion, we hope that this Court will approve Defendants' September 1, 2005 letter, allowing for a November 1, 2005 deadline to dismiss *Burnett Plaintiffs'* complaint.

Respectfully Submitted,

Omar T. Mohammedi

[handwritten annotation: Application granted. WAMY should consult with parties regarding service on written motion.]

CC: All Counsel via email
WAMY/LT RCC

[signed] Richard [illegible]

---

[3] Contrary to Ms. Bierstein's assertions, WAMY's outgoing attorney contacted *Burnett Plaintiffs* and asked that they properly serve WAMY. Upon our appearance on behalf of WAMY, we also made several such requests to Plaintiffs only to be ignored.
[4] Pursuant to Fed. R. Civ. P. 12(a)(1)(A), a Defendant shall respond "within 20 days *after being served with the summons and complaint*" (emphasis added).
[5] September 6, 2005 letter from Andrea Bierstein, at 2.

2