# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

)
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001    )    No. 03 MDL 1570 (RCC)
)    ECF Case
_____)

This document relates to:

    ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 02-CV-6977;

    BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No. 03-CV-5738;

    CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-CV-05970;

    EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07279;

    FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;

    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-CV-6105;

    TREMSKY, *et al.* v. OSAMA BIN LADEN, *et al.*, Case No. 02-CV-7300; and

    WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

## REPLY BRIEF IN SUPPORT OF
## SAUDI ARABIAN RED CRESCENT SOCIETY'S
## AND DR. ABDUL RAHMAN AL SWAILEM'S
## CONSOLIDATED MOTION TO DISMISS

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendants
 Saudi Arabian Red Crescent Society
 and Dr. Abdul Rahman Al Swailem

DATED:  September 26, 2005

# TABLE OF CONTENTS

I.      Introduction ................................................................................................  1

II.     Factual Background .......................................................................................  2

III.    The Foreign Sovereign Immunities Act Precludes the Exercise of Subject Matter
        Jurisdiction over Plaintiffs' Claims ........................................................  4

IV.     This Court Does Not Have Personal Jurisdiction over the Saudi Red Crescent or
        Dr. Al Swailem ..............................................................................................  6

V.      This Court Must Dismiss Plaintiffs' Complaints Against the Saudi Red Crescent
        and Dr. Al Swailem, for Failure to State a Claim ..................................  8

        CONCLUSION ..............................................................................................  9

## I.    **INTRODUCTION.**

Plaintiffs' opposition to defendants Saudi Arabian Red Crescent Society's ("Saudi Red Crescent") and Dr. Al Swailem's motion to dismiss offered no argument sufficient to rebut this Court's rulings that granted the motions to dismiss of all the sovereign defendants whose Foreign Sovereign Immunities Act ("FSIA") arguments were addressed by this Court:  the Kingdom of Saudi Arabia, the Saudi High Commission, Prince Sultan, Prince Turki, Prince Salman, and Prince Naif.  See *In re*: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 792-804, 812-14 (S.D.N.Y. 2005); *In re*: Terrorist Attacks on Sept. 11, 2001, 2005 WL 2296673, at *6-*11, *14 (S.D.N.Y. Sept. 21, 2005).  Therefore, defendants' motion to dismiss must be granted based on the reasoning in this Court's January 2005 decision, its subsequent September 2005 decision, and Second Circuit precedent.  See Mot. to Dismiss, at 6-15 (Docket No. 1175).

In their opposition, plaintiffs concede that the Saudi Red Crescent, a governmental agency that performs essential governmental functions in the Kingdom of Saudi Arabia, and Dr. Abdul Rahman Al Swailem, who was a Deputy Minister in the Ministry of Health, and the former President of the Saudi Red Crescent, are government agencies or instrumentalities under FSIA.   Therefore, the only remaining FSIA argument left to plaintiffs is whether the tortious activity exception to FSIA applies to the Saudi Red Crescent and Dr. Al Swailem.  As set forth below, even giving credence to the allegations as pled by plaintiffs, notwithstanding their conclusory nature, inaccuracy, or irrelevancy, those allegations fail to satisfy plaintiffs' burden of showing that immunity should not be granted under an exception to FSIA.

This Court need only consider defendants' arguments that plaintiffs have failed to state a claim under Rule 12(b)(6), Fed. R. Civ. P., if it finds that it has personal jurisdiction and that FSIA immunity does not apply.  However, plaintiffs' opposition has not demonstrated how this

Court's prior ruling does anything other than mandate dismissal of these two defendants.

The Second Circuit stated, in affirming the dismissal of a complaint filed by a plaintiff who ignored the district court's adverse rulings against that plaintiff's prior complaints, that:

> At no point, however do his [plaintiff's] conclusory allegations address the substance of the District Court's Memorandum of Decision and Order that dismissed plaintiff's actions.

Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam). In Iwachiw, the plaintiff had filed multiple complaints, and multiple briefs thereto, which did not address the prior judicial rulings.  Id.  Similarly, in this proceeding, even after plaintiffs' complaints were dismissed by this Court for failure to state a claim as to a number of other Saudi defendants, plaintiffs' counsel ignored that ruling in their opposition to the Saudi Red Crescent's and Dr. Al Swailem's motion to dismiss the remaining complaints, which should lead to this Court's automatic dismissal under Iwachiw.

## II.    FACTUAL BACKGROUND.

Plaintiffs misrepresent the facts that they pled as to the Saudi Red Crescent and Dr. Al Swailem, and attempt to distract this Court with numerous allegations about other defendants and third parties, but without pleading that the Saudi Red Crescent or Dr. Al Swailem knew of, or approved, those entities' alleged acts.  Given the voluminous nature of their misstatements, it is not possible to address all of them in this brief, and the following is but a sampling.  As a threshold matter, plaintiffs' "More Definite Statement" (Sept. 9, 2005) contains 78 paragraphs, of which 43, or more than half, do not mention the Saudi Red Crescent or Dr. Al Swailem.[1]

---

[1] Defendants did not even request a "More Definite Statement," and this Court should disregard plaintiffs' filing.  "Motions for more definite statements are generally disfavored," MTV Networks v. Curry, 867 F. Supp. 202, 207-08 (S.D.N.Y. 1994), since Rule 12(e) "is designed to correct only unintelligibility in a pleading, not merely a claimed lack of detail."  FRA S.p.A. v. Surg-O-Flex of Amer., Inc., 415 F. Supp. 421, 427 (S.D.N.Y. 1976).

Plaintiffs' remaining allegations, including those based on articles attached to Sean Carter's two declarations, fare no better.  Plaintiffs devote much effort to arguing that the Saudi Red Crescent supported the mujahedin in Afghanistan in the 1980's.  Id. at ¶¶ 31, 39, 43; Pls. Opp. at 1, 5.  This is irrelevant, since the U.S. Government also supported the mujahedin during that exact same time period, and Al Qaeda did not target the United States until 1996, as plaintiffs admit.  See Al-Husaini Reply Br., at 5-6 (Docket No. 331) (July 23, 2004).

Plaintiffs' attempt to link the Saudi Red Crescent and Dr. Al Swailem with Wael Julaidin, a designated terrorist, does not succeed as plaintiffs themselves recognize that the Saudi Red Crescent could not have authorized Julaidin's acts, in stating that "Julaidin misused the employees of the Saudi Red Crescent Society."  See More Definite Statement, at ¶ 51.  Similarly, they admit this lack of connection with, or knowledge of, Julaidin's acts through their statement that Al Qaeda was unable to continue using the Saudi Red Crescent's office in Pakistan after Julaidin was "recalled to Saudi Arabia."  See Pls. Opp. at 2.

Plaintiffs' allegations about the Saudi High Commission ("SHC"), see More Definite Statement, at ¶¶ 62-64, cannot form any basis for the exercise of subject matter or personal jurisdiction over the Saudi Red Crescent and Dr. Al Swailem, since this Court dismissed the SHC for lack of jurisdiction, finding that its acts were purely discretionary functions.  Terrorist Attacks II, 2005 WL 2296673, at *7-*10.

Numerous other allegations that plaintiffs raise have nothing to do with the Saudi Red Crescent and Dr. Al Swailem, such as plaintiffs' continued reliance on the discredited "Golden Chain" document, which even plaintiffs do not allege has anything to do with either defendant.  See More Definite Statement, at ¶¶ 23, 67; Pls. Opp. at 2.  Plaintiffs allege that a donor to the

3

Saudi Red Crescent also somehow "conspired with Sami Al-Arian." <u>See</u> More Definite Statement, at ¶ 70.  In fact, the *Federal Insurance* plaintiffs' law firm is also defending Mr. Al-Arian in his criminal trial, <u>see</u> Tr. at 16-17, 20 (June 15, 2005), so plaintiffs' counsel know that Mr. Al-Arian has nothing to do with the September 11 attacks, as otherwise they could not continue to represent him.

### III.   THE FOREIGN SOVEREIGN IMMUNITIES ACT PRECLUDES THE EXERCISE OF SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS.

Plaintiffs concede that the Saudi Red Crescent and Dr. Al Swailem are agencies or instrumentalities of the Kingdom of Saudi Arabia.  <u>See</u> Pls. Opp. at 8.  Plaintiffs fail to satisfy their "burden of going forward with evidence of showing that, under [one or more] exceptions to FSIA, immunity should not be granted."  <u>Virtual Countries, Inc. v. Republic of South Africa</u>, 300 F.3d 230, 241 (2d Cir. 2002).  The only exception argued by plaintiffs as to these two defendants is the tortious act exception, Section 1605(a)(5).[2]  To satisfy this exception, plaintiffs must first show that their injuries are "caused by" these two defendants' tortious acts or omissions.  <u>Id.</u> Under Second Circuit precedent, conclusory allegations cannot form the basis for invoking an exception to FSIA.  <u>Robinson v. Government of Malaysia</u>, 269 F.3d 133, 140-41 (2d Cir. 2001). Here, plaintiffs' allegations are largely about the acts of other individuals and entities, and plaintiffs pled no facts showing that the Saudi Red Crescent or Dr. Al Swailem knew about, or authorized, those entities' alleged terrorist acts, defeating the causation requirement.  This Court held that:  "Plaintiffs must plead facts from which it reasonably can be inferred that the

---

[2]  The *Federal Insurance* plaintiffs, in a footnote, rejected this Court's prior ruling that the commercial activity exception to FSIA did not apply, and instead incorporated their opposition to the Saudi Joint Relief Committee's motion to dismiss.  <u>See</u> Pls. Opp. at 8 n.5.  Defendants Saudi Red Crescent and Dr. Al Swailem therefore adopt the SJRC's motion to dismiss and reply briefs (Docket Nos. 631 and 819) on this point.

4

Defendants knew or should have known that their tortious actions were supporting terrorists or terrorist fronts." Terrorist Attacks II, 2005 WL 2296673, at *10 (citing Terrorist Attacks I, 349 F. Supp. 2d at 800-01 and Boim v. Quranic Literacy Inst., 291 F.3d 1000, 1023 (7th Cir. 2002)). Instead, plaintiffs pled themselves out of court by alleging that some of those acts were adverse to the Saudi Red Crescent.

Plaintiffs' argument that proximate causation only requires a lenient pleading standard is based on a cases in which there was a direct relationship between the parties, see Pls. Opp. at 10-11 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (employment relationship); Pelman v. McDonald's Corp., 396 F.3d 508, 509-10 (2d Cir. 2005) (business-customer relationship); Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002) (per curiam) (custodial relationship between prisoner and warden)), which is not the case here. Thus, those plaintiffs did not have to plead further facts showing proximate causation, because causation in those cases could be inferred from the existence of the relationship between the parties.

Plaintiffs' reliance on the decision in Linde, see Pls. Opp. at 11-12, is also misplaced, as the three consolidated complaints in that litigation expressly pled specific factual allegations about a program allegedly administered by the defendant that directly provided payments to the families of Palestinian suicide bombers who had injured plaintiffs. Linde v. Arab Bank, Plc, No. 04 CV 2799 (NG)(VVP), 2005 WL 2108690, at *9-*10 (E.D.N.Y. Sept. 2, 2005).

Even if this Court were to give credence to plaintiffs' allegations, it must still find that plaintiffs have not satisfied the second step, which requires them to show that defendants' acts were not discretionary. Terrorist Attacks I, 349 F. Supp. 2d at 794-97; Terrorist Attacks II, 2005 WL 2296673, at *9. This Court held that even if plaintiffs alleged that there was "misuse of

funds . . . [that] resulted in the funds going to terrorists" by the Saudi High Commission, or that senior officers "ignored warnings" (Prince Naif) and made "funding decisions" (Prince Salman), those acts are discretionary functions that "cannot be the basis for overcoming [defendant's] immunity."  <u>Terrorist Attacks II</u>, 2005 WL 2296673, at *10-*11 (dismissing Saudi High Commission, and Prince Salman and Prince Naif as to acts in their official capacity).  This Court should similarly find that, even accepting plaintiffs' conclusory allegations about the Saudi Red Crescent and Dr. Al Swailem, their actions in managing and operating the Saudi Red Crescent fall squarely within the Saudi government's discretionary functions.

### IV.   THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THE SAUDI RED CRESCENT OR DR. AL SWAILEM.

Even if this Court were to decide that some of plaintiffs' allegations as to the Saudi Red Crescent and Dr. Al Swailem fall outside the scope of sovereign immunity under FSIA, although plaintiffs did not plead that either defendant took any acts in their "personal" capacity, such as making personal donations to charities, it must still find that plaintiffs have failed to show that this Court can exercise personal jurisdiction over either defendant, because those defendants lack the requisite minimum contacts and did not purposefully direct their acts at this forum.

Plaintiffs pled only two allegations to link the Saudi Red Crescent to the United States: (1) that it is part of the International Red Cross, as is the American Red Cross; and (2) that Mr. Zawahiri, in 1995, "presented himself as a representative of the Saudi Red Crescent and raised $500,000 in the San Francisco area."  <u>See</u> More Definite Statement, at ¶¶ 4, 10; Pls. Opp., at 4.

First, the American Red Cross provides no basis to exercise personal jurisdiction over the Saudi Red Crescent.  Under plaintiffs' theory, the American Red Cross would be equally subject to personal jurisdiction in Saudi Arabia, as it belongs to the International Red Cross, even if the

American Red Cross has no operations in that country.  This, clearly, is not the law.

Second, although plaintiffs' sources recognize that Zawahiri misled his donors into thinking that the funds were being raised for the Saudi Red Crescent, see Mot. to Dismiss, at 14 & Ex. 3, plaintiffs claim that this one fundraising effort constituted "extensive contacts" with the United States.  See Pls. Opp. at 18.  Of course, there is no allegation that the Saudi Red Crescent authorized Zawahiri to make these representations, or that the Saudi Red Crescent and Dr. Al Swailem knew about them.  Indeed, Zawahiri could have claimed to be collecting on behalf of any charity.  Aside from misrepresenting their allegations, plaintiffs' theory would allow the American Red Cross to be subject to personal jurisdiction in any foreign country in which a con artist falsely claimed to be collecting donations for the American Red Cross on behalf of the victims of Hurricanes Katrina and Rita.  Again, this is not the law of personal jurisdiction.

This Court previously dismissed those sovereign defendants whose contacts with the United States were as minimal as for the Saudi Red Crescent and Dr. Al Swailem, finding that whatever personal acts they may have taken did not subject them to personal jurisdiction under either a conspiracy theory or a purposefully directed theory.  See Terrorist Attacks I, 349 F. Supp. 2d at 812-14 (dismissing Prince Sultan and Prince Turki); Terrorist Attacks II, 2005 WL 2296673, at *14 (dismissing Prince Naif and Prince Salman).  Here, plaintiffs have not have not alleged that either the Saudi Red Crescent or Dr. Al Swailem took any "personal" acts not covered under FSIA.  Moreover, the exercise of personal jurisdiction over these two defendants would not "comport with due process requirements" since neither defendant has the requisite "minimum contacts" with this country.  Terrorist Attacks II, 2005 WL 2296673, at *13. Therefore, this Court must find that plaintiffs have failed to satisfy their burden of showing that

either defendant is subject to the personal jurisdiction of this Court.

## V.    THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST THE SAUDI RED CRESCENT AND DR. AL SWAILEM, FOR FAILURE TO STATE A CLAIM.

Even if this Court were to find that it had subject matter and personal jurisdiction over the Saudi Red Crescent and Dr. Al Swailem, it must still find that the plaintiffs have failed to state their tort and negligence claims as to either defendant, and that dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted.  Plaintiffs filed several opposition briefs on September 20, 2005, each containing essentially identical legal arguments as to the Rule 12(b)(6) issue, with the only substantive difference being that plaintiffs raised a negligence argument as to the FSIA defendants that they did not raise as to other, non-sovereign defendants.  See Docket Nos. 1245-1255.  Therefore, the Saudi Red Crescent and Dr. Al Swailem adopt the legal argument set forth by Sheikh Hamad Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 5-9 (Docket No. 1268) (Sept. 26, 2005).

Plaintiffs attempt to amend their negligence claims as to the sovereign defendants by arguing, for the first time, that two United Nations resolutions imposed a duty on the Saudi Red Crescent and Dr. Al Swailem.  See Pls. Opp. at 24-25.  Neither resolution was cited in plaintiffs' negligence claims, which only alleged a conclusory "duty" on the part of all defendants.  See Mot. to Dismiss, at 23-24.  Further, under clear Second Circuit precedent, United Nations "General Assembly resolutions and declarations do not have the power to bind member States because the member States specifically denied the General Assembly that power after extensively considering the issue."  Flores v. Southern Peru Copper Corp., 414 F.3d 233, 259 (2d Cir. 2003).  Instead, only the Security Council has "the authority to make pronouncements that

8

could be legally binding" on the member States.  Id. at 261.  In Flores, the Second Circuit upheld

the district court's dismissal of plaintiffs' claims for failure to state a claim, on the grounds that

UN Resolutions, and other sources of international law relied upon by plaintiffs, "are merely

aspirational and were never intended to be binding on member States of the United Nations."  Id.

at 259.

Thus, the UN Resolutions cited by plaintiffs cannot form the basis for any duty on

defendants' part, so that plaintiffs' negligence claims must be dismissed for failure to state any

duty on the part of the Saudi Red Crescent and Dr. Al Swailem.  Terrorist Attacks II, 2005 WL

2296673, at *20 ("the negligence claims against the Defendants are dismissed because the

complaints do not allege or identify a duty owed to Plaintiffs by these Defendants"); Terrorist

Attacks I, 349 F. Supp. 2d at 830-31 (same).  This Court must dismiss plaintiffs' negligence

claims as to the Saudi Red Crescent and Dr. Al Swailem.

## CONCLUSION

For the foregoing reasons, and those stated in their motion to dismiss, defendants Saudi

Arabian Red Crescent Society and Dr. Abdul Rahman Al Swailem respectfully request that this

Court grant their Motion to Dismiss for lack of subject matter jurisdiction, lack of personal

jurisdiction, and failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Lynne Bernabei

_____

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendants
  Saudi Arabian Red Crescent Society
  and Dr. Abdul Rahman Al Swailem

Dated:  September 26, 2005

10

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2005, I caused the foregoing to be served

electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant

to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat
_____
Alan R. Kabat