**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                            )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001   )   No. 03 MDL 1570 (RCC)
                                            )   ECF Case
_____)

This document relates to:
    BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No. 03-CV-5738;
    EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07279;
    FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;
    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-CV-6105; and
    WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.


**REPLY BRIEF IN SUPPORT OF
SHEIKH SALEH AL-HUSSAYEN'S
CONSOLIDATED MOTION TO DISMISS**

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Saleh Al-Hussayen

DATED:  September 27, 2005

**TABLE OF CONTENTS**

I.   Introduction ................................................................................................................ 1

II.  Factual Background ................................................................................................... 2

III. The Foreign Sovereign Immunities Act Precludes the Exercise of Subject Matter
     Jurisdiction Over Plaintiffs' Claims Against Sheikh Al-Hussayen ............................. 4

IV.  This Court Does Not Have Personal Jurisdiction over Sheik Al-Hussayen ................ 6

V.   This Court Must Dismiss Plaintiffs' Claims Against Sheikh Al-Hussayen,
     for Failure to State a Claim ....................................................................................... 7

VI.  This Court Must Dismiss Plaintiffs' Complaints Against Sheikh Al-Hussayen,
     Pursuant to Rule 12(b)(5), Fed. R. Civ. P., for Improper Service of Process. ............. 8

CONCLUSION ................................................................................................................ 9

I.      **INTRODUCTION.**

Plaintiffs' opposition to Sheikh Saleh Al-Hussayen's motion to dismiss relies almost entirely on allegations from the indictment of his nephew, Sami Al-Hussayen, without acknowledging the definitive fact that his nephew was acquitted by an Idaho jury of all terrorism charges.  Moreover, plaintiffs' opposition failed to present any reason that this Court should not follow its rulings granting the motions to dismiss of all the sovereign defendants in analogous positions to Sheikh Al-Hussayen:  the Kingdom of Saudi Arabia, the Saudi High Commission, Prince Sultan, Prince Turki, Prince Salman, and Prince Naif.  See In re: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 792-804, 812-14 (S.D.N.Y. 2005); In re: Terrorist Attacks on Sept. 11, 2001, 2005 WL 2296673, at *6-*11, *14 (S.D.N.Y. Sept. 21, 2005).  Sheikh Al-Hussayen's motion to dismiss should be granted on the same grounds that this Court dismissed the Kingdom, the Saudi High Commission, Prince Sultan, Prince Turki, Prince Salman, and Prince Naif.

Plaintiffs concede that Sheikh Al-Hussayen is a foreign official covered by the FSIA.  There is no exception to the FSIA that would remove his sovereign immunity.  Further, all official acts that plaintiffs ascribe to him are discretionary functions under the FSIA and, therefore, not actionable.

Plaintiffs also allege that Sheikh Al-Hussayen took some acts in his personal capacity, but those acts, all relating personal donations to a non-designated charity, and his service on a board of the Al Rajhi Banking & Investment Corporation, which this Court dismissed, are insufficient to allow this Court to exercise personal jurisdiction over him.  Even if this Court were to find that it has personal jurisdiction, it must still find that the plaintiffs have failed to state a claim under Rule 12(b)(6), because plaintiffs did not plead any facts showing that Sheikh

Al-Hussayen knew that any acts he took were intended to support alleged terrorist activities.

In Sheikh Al-Hussayen's motion to dismiss, he explained how this Court's January 2005 decision, and Second Circuit precedent, mandated dismissal of plaintiffs' complaints as to him. Instead of responding to those legal arguments, or to the applicability of this Court's prior rulings and Second Circuit precedent, plaintiffs largely rehashed the allegations in their complaints, and recycled the brief that the *Burnett* plaintiffs filed in 2004. The Second Circuit stated that one basis for affirming the dismissal of a complaint filed by a plaintiff who ignored the district court's adverse rulings against that plaintiff's prior complaints, was the fact that:

> At no point, however do his [plaintiff's] conclusory allegations address the substance of the District Court's Memorandum of Decision and Order that dismissed plaintiff's actions.

Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam). Here, after plaintiffs' complaints were dismissed by this Court for lack of jurisdiction and failure to state a claim as to a number of other Saudi defendants who made the same or similar arguments as did Sheikh Al-Hussayen, plaintiffs' counsel completely ignored the applicability of that decision, as did the pro se plaintiff in Iwachiw.

For these reasons, and those stated below, this Court should dismiss defendant Sheikh Al-Hussayen from the complaints consolidated in this proceeding.

**II.     FACTUAL BACKGROUND.**

Plaintiffs' opposition simply rehashes the facts as scattered through the *WTC Properties* complaint; the remaining complaints in which he is named as a defendant either listed him solely in the caption (*Burnett II* and *Euro Brokers*) or only listed him as one of some three hundred defendants generically alleged to have supported Al Qaeda (*Federal Insurance* and *NY Marine*).

Plaintiffs' allegations about Sheikh Al-Hussayen fall into three categories:

First, plaintiffs rely on evidence from the indictment of his nephew, Sami Al-Hussayen. Plaintiffs fail to inform this Court of what Sheikh Al-Hussayen has briefed in his motion to dismiss – the fact that an Idaho jury acquitted the nephew of terrorism charges on June 10, 2004, more than a year ago. See Mot. to Dismiss, at 5-6 & Ex. 2-3. Moreover, an indictment is inadmissible evidence. Falter v. United States, 23 F.2d 420, 425 (2d Cir. 1928); In re Worldcom, Inc. Sec. Litig., No. 02 CIV 3288 DLC, 2005 WL 375315, at *9 (S.D.N.Y. Feb. 17, 2005) ("The Government cannot rely on an indictment to prove its case at trial, and the parties here cannot rely on the Government's indictment to prove theirs."). Thus, this Court should give no credence to plaintiffs' reliance on the indictment, given the subsequent acquittal, or the terrorism charges in the indictment.

Second, plaintiffs rely on the allegation Sheikh Al-Hussayen coincidentally stayed in the same hotel as did several of the Sept. 11 hijackers, and that he fainted during an interview with the FBI. As Sheikh Al-Hussayen previously briefed, plaintiffs did not plead that he knew or met the hijackers, and that the FBI allowed him to resume his travels after the interview. See Mot. to Dismiss, at 6 & Ex. 1 at ¶ 8.

Third, plaintiffs rely on the allegation that Sheikh Al-Hussayen served as a member of the Sharia Board at Al Rajhi Banking & Investment Company. See Pls. Opp. at 3. As this Court dismissed the plaintiffs' claims against Al Rajhi for failure to state a claim, see Terrorist Attacks II, 349 F. Supp. 2d at 831-33, any involvement Sheikh Al-Hussayen had with its Sharia Board cannot form the basis for any claim against him.

### III. THE FOREIGN SOVEREIGN IMMUNITIES ACT PRECLUDES THE EXERCISE OF SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST SHEIKH AL-HUSSAYEN.

Plaintiffs concede that Sheikh Al-Hussayen "is a governmental official" of the Kingdom of Saudi Arabia "within the meaning of the FSIA." See Pls. Opp. at 5-6. However, plaintiffs fail to satisfy their "burden of going forward with evidence of showing that, under [one or more] exceptions to FSIA, immunity should not be granted." Virtual Countries, Inc. v. Republic of South Africa, 300 F.3d 230, 241 (2d Cir. 2002). The only exceptions argued by plaintiffs as to Sheikh Al-Hussayen are the commercial activities exception, Section 1605(a)(2), and tortious act exceptions, Section 1605(a)(5). However, plaintiffs did not offer any argument in response to this Court's ruling that the commercial activities exception did not apply, see Terrorist Attacks I, at 792-93, other than to incorporate plaintiffs' opposition to the Saudi Joint Relief Committee's motion to dismiss. Sheikh Al-Hussayen therefore adopts the SJRC's motion to dismiss and reply briefs (Docket Nos. 631 and 819) on this point.

Plaintiffs, to satisfy the tortious act exception, must first show that their injuries are "caused by" Sheikh Al-Hussayen's tortious acts or omissions. Id. Under Second Circuit precedent, conclusory allegations cannot form the basis for invoking an exception to FSIA. Robinson v. Government of Malaysia, 269 F.3d 133, 140-41 (2d Cir. 2001). Here, plaintiffs' allegations are largely about the acts of other individuals and entities, and plaintiffs pled no facts showing that Sheikh Al-Hussayen knew about, or authorized, those entities' alleged terrorist acts, defeating any alleged claim of causation. Moreover, the individuals and entities with whom plaintiffs allege he was involved were acquitted (Sami Al-Hussayen), dismissed by this Court (Al Rajhi Bank), or have not been designated as terrorists (Islamic Assembly of North America).

4

Since plaintiffs' allegations as to Sheikh Al-Hussayen are entirely derivative of those three individuals and entities, this Court need go no further in granting defendant's motion to dismiss.

This Court held that: "Plaintiffs must plead facts from which it reasonably can be inferred that the Defendants knew or should have known that their tortious actions were supporting terrorists or terrorist fronts." Terrorist Attacks II, 2005 WL 2296673, at *10 (citing Terrorist Attacks I, 349 F. Supp. 2d at 800-01 and Boim v. Quranic Literacy Inst., 291 F.3d 1000, 1023 (7th Cir. 2002)).  Instead, plaintiffs pled no facts that Sheikh Al-Hussayen knowingly supported terrorism.

Plaintiffs' argument that a lenient pleading standard should be applied is based on a cases in which there was a direct relationship between the parties, see Pls. Opp. at 7-9 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (employment relationship); Pelman v. McDonald's Corp., 396 F.3d 508, 509-10 (2d Cir. 2005) (business-customer relationship); Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002) (per curiam) (custodial relationship between prisoner and warden)), which is not the case here.  Thus, in those cases, plaintiffs did not have to plead further facts showing proximate causation, because causation in those cases could be inferred from the existence of the relationship between the parties.

Plaintiffs' reliance on the decision in Linde, see Pls. Opp. at 9-10, is equally misplaced, as the three consolidated complaints in that litigation expressly pled specific factual allegations about a program allegedly administered by the defendant that directly provided payments to the families of Palestinian suicide bombers who had injured plaintiffs.  Linde v. Arab Bank, Plc, No. 04 CV 2799 (NG)(VVP), 2005 WL 2108690, at *9-*10 (E.D.N.Y. Sept. 2, 2005).

This Court should find that, absent any relationship between Sheikh Al-Hussayen and the

5

plaintiffs that would allow an inference as to proximate causation, and given that plaintiffs' allegations against him are entirely derivative of other parties who have not been found liable for supporting terrorism, there is no basis for applying any FSIA exception to waive Sheikh Al-Hussayen's sovereign immunity.

### IV. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER SHEIKH AL-HUSSAYEN.

The only basis for this Court to exercise personal jurisdiction over Sheikh Al-Hussayen is if he engaged in illegal acts in a personal capacity. Plaintiffs' allegations about Sheikh Al-Hussayen are entirely derivative, based on his alleged involvement with three other parties – his nephew, the Islamic Assembly of North America, and Al Rajhi Bank.

First, plaintiffs did not plead that Sheikh Al-Hussayen knew that any act he took with respect to any of those three parties would be diverted to support terrorism, or that he otherwise knew that they were supporting terrorism.

Further, in their Opposition, plaintiffs did not identify any specific facts showing that Sheikh Al-Hussayen had relevant contacts with this forum, or that he purposefully directed his activities at this forum. The only contacts of any relevance that plaintiffs plead are his coincidental staying at the same hotel as did several of the hijackers, and his donations to an American charity. Under plaintiffs' theory, every person who stayed in the same hotel as the 9/11 hijackers would be subject to personal jurisdiction of this Court. Of course, plaintiffs fail to recognize that foreign travelers are likely to choose a hotel near an airport, as did Sheikh Al-Hussayen, but this coincidence cannot form a basis for personal jurisdiction. Plaintiffs' theory would also result in every overseas donor to the American Red Cross being subject to personal jurisdiction in any lawsuit based on an allegation arising from that charity's conduct.

Plaintiffs' theory of personal jurisdiction stretches into *terra incognita*, as this Court has already found, Terrorist Attacks I, 349 F. Supp. 2d at 812-18, and therefore, it cannot form the basis for personal jurisdiction over Sheikh Al-Hussayen.

This Court previously dismissed those sovereign defendants whose contacts with the United States were as minimal as for Sheikh Al-Hussayen, on the ground that whatever personal acts they may have taken did not subject them to personal jurisdiction under either a conspiracy theory or a purposefully directed theory. See Terrorist Attacks I, 349 F. Supp. 2d at 812-14 (dismissing Prince Sultan and Prince Turki); Terrorist Attacks II, 2005 WL 2296673, at *14 (dismissing Prince Naif and Prince Salman).

Plaintiffs, in their complaints and opposition, invoked at least four theories of personal jurisdiction. As a threshold matter, two are inapplicable since Sheikh Al-Hussayen was not validly served under FSIA, as required under 28 U.S.C. § 1330(b). Nor was he otherwise served in this country, as is required under Rule 4(k)(1)(d), Fed. R. Civ. P. Plaintiffs' remaining theories of jurisdiction, a conspiracy theory under the New York long-arm statute, and a purposefully directed theory under Rule 4(k)(2), Fed. R. Civ. P., fare no better, since the exercise of personal jurisdiction over Sheikh Al-Hussayen must "comport with due process requirements." Terrorist Attacks II, 2005 WL 2296673, at *13. Yet the facts pled by plaintiffs show that Sheikh Al-Hussayen does not have the requisite "minimum contacts" with this country. Id. Therefore, this Court must find that plaintiffs have failed to satisfy their burden of showing that he is subject to the personal jurisdiction of this Court.

### V. THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST SHEIKH AL-HUSSAYEN, FOR FAILURE TO STATE A CLAIM.

Even if this Court were to find that it had subject matter and personal jurisdiction over

7

Sheikh Al-Hussayen, it must still find that the plaintiffs have failed to state their tort and negligence claims as to him, and that dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted. Plaintiffs filed several opposition briefs on September 20, 2005, each containing essentially identical legal arguments as to the Rule 12(b)(6) issue, with the only substantive difference being that plaintiffs raised a negligence argument as to the FSIA defendants that they did not raise as to other, non-sovereign defendants. See Docket Nos. 1245-1255. Therefore, Sheikh Al-Hussayen adopts the legal argument set forth by Sheikh Hamad Al-Husaini in his reply brief. See Al-Husaini Reply Br., at 5-9 (Docket No. 1268) (Sept. 26, 2005).

Plaintiffs attempt to amend their negligence claims as to several sovereign defendants by arguing, for the first time, that two United Nations resolutions imposed a duty on Sheikh Al-Hussayen. See Pls. Opp. at 21-22. As plaintiffs raised the same argument as to the Saudi Arabian Red Crescent Society and Dr. Al Swailem, Sheikh Al-Hussayen adopts the legal argument set forth by those two defendants in their reply brief. These defendants demonstrated that, under Second Circuit precedent, UN resolutions are not binding on member States. See Saudi Red Crescent Reply Br., at 8-9 (Docket No. 1270) (Sept. 26, 2005).

## VI. THIS COURT MUST DISMISS PLAINTIFFS' COMPLAINTS AGAINST SHEIKH AL-HUSSAYEN, UNDER RULE 12(b)(5), FED. R. CIV. P., FOR IMPROPER SERVICE OF PROCESS.

Finally, this Court must find that plaintiffs' attempt to serve Sheikh Al-Hussayen by publication was improper under Section 1608 of the FSIA. Sheikh Al-Hussayen, in his motion, argued that Section 1608 was the exclusive means for effecting service of process on sovereign defendants, as recognized by Rule 4(j)(1), Fed. R. Civ. P., which expressly provides that: "Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall

be effected pursuant to 28 U.S.C. § 1608." See Mot. to Dismiss, at 21-22 (Docket No. 1178). Plaintiffs, in their opposition, ignored defendant's Section 1608 argument, and instead referred this Court to their arguments on service of process as to private actors, who are not covered by FSIA. See Pls. Opp., at 22-23. Plaintiffs, therefore, have conceded defendant's argument under Section 1608. It is settled law in this Circuit that when a defendant raises a particular defense in a dispositive motion, and the plaintiff fails to respond to that defense, then the plaintiff has conceded the defense. Edward B. Marks Music Corp. v. Continental Record Co., 222 F.2d 488, 493 (2d Cir. 1955); accord Stephenson v. Cox, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("Furthermore, when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

For these reasons, defendant's motion to dismiss on the ground of improper service should be granted, as conceded by plaintiffs.

## CONCLUSION

For the foregoing reasons, and those set forth in his motion to dismiss, defendant Sheikh Saleh Al-Hussayen respectfully requests that this Court grant his Motion to Dismiss for lack of subject matter jurisdiction under the FSIA, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper service of process.

Respectfully submitted,

/s/ Lynne Bernabei

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Saleh Al-Hussayen

Dated:  September 27, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat