# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                            )
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001   )   No. 03 MDL 1570 (RCC)
                                            )   ECF Case
_____)

This document relates to:
    BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No. 03-CV-5738;
    CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-CV-05970;
    EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07279;
    FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;
    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-CV-6105;
    TREMSKY, *et al.* v. OSAMA BIN LADEN, *et al.*, Case No. 02-CV-7300; and
    WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

**REPLY BRIEF IN SUPPORT OF
DR. ABDULLAH BIN SALEH AL-OBAID'S
CONSOLIDATED MOTION TO DISMISS**

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Dr. Abdullah Bin Saleh Al-Obaid

DATED:  September 27, 2005

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | Introduction ................................................................................................................ | 1 |
| II. | Factual Background ................................................................................................... | 2 |
| III. | The Foreign Sovereign Immunities Act Precludes the Exercise of Subject Matter Jurisdiction Over Plaintiffs' Claims Against Dr. Al-Obaid ......................................... | 4 |
| IV. | This Court Does Not Have Personal Jurisdiction over Dr. Al-Obaid .......................... | 6 |
| V. | This Court Must Dismiss Plaintiffs' Claims Against Dr. Al-Obaid, for Failure to State a Claim ................................................................................................................ | 8 |
| VI. | This Court Must Dismiss Plaintiffs' Complaints Against Dr. Al-Obaid, Pursuant to Rule 12(b)(5), Fed. R. Civ. P., for Improper Service of Process ............................. | 9 |
| CONCLUSION ............................................................................................................... | | 10 |

I.     **INTRODUCTION.**

Plaintiffs' opposition to Dr. Abdullah Bin Saleh Al-Obaid's motion to dismiss offered no argument sufficient to rebut this Court's rulings that granted the motions to dismiss of all the sovereign defendants whose Foreign Sovereign Immunities Act ("FSIA") arguments were addressed by this Court: the Kingdom of Saudi Arabia, the Saudi High Commission, Prince Sultan, Prince Turki, Prince Salman, and Prince Naif. See In re: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 792-804, 812-14 (S.D.N.Y. 2005); In re: Terrorist Attacks on Sept. 11, 2001, 2005 WL 2296673, at *6-*11, *14 (S.D.N.Y. Sept. 21, 2005). Dr. Al-Obaid's motion to dismiss should be granted on the same grounds that this Court dismissed the Kingdom, the Saudi High Commission, Prince Sultan, Prince Turki, Prince Salman, and Prince Naif.

Plaintiffs concede that Dr. Al-Obaid is a foreign official covered by the FSIA, given his former position as one of eight members of the Supreme Council for Islamic Affairs, and his current position as Minister of Education. There is no exception to the FSIA that would remove his sovereign immunity. Further, all official acts that plaintiffs ascribe to him are discretionary functions under the FSIA and, thus, not actionable.

Plaintiffs also allege that Dr. Al-Obaid took some acts in his personal capacity, but those acts, all relating to alleged involvement with various charities, and his serving on the boards of several entities, are insufficient to allow this Court to exercise personal jurisdiction over him. Even if this Court were to find that it has personal jurisdiction, it must still find that the plaintiffs have failed to state a claim under Rule 12(b)(6), because plaintiffs did not plead any facts showing that Dr. Al-Obaid knew that any acts he took were intended to support terrorist activities.

In Dr. Al-Obaid's motion to dismiss, he explained how this Court's January 2005

decision, and Second Circuit precedent, mandated dismissal of plaintiffs' complaints as to him. Instead of responding to those legal arguments, or to the applicability of this Court's prior ruling, and Second Circuit precedent, plaintiffs largely rehashed the allegations in their complaints, and recycled the brief that the *Burnett* plaintiffs filed in 2004. The Second Circuit stated that one basis for affirming the dismissal of a complaint filed by a plaintiff who ignored the district court's adverse rulings against that plaintiff's prior complaints, was the fact that:

> At no point, however do his [plaintiff's] conclusory allegations address the substance of the District Court's Memorandum of Decision and Order that dismissed plaintiff's actions.

Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005) (per curiam). Here, after plaintiffs' complaints were dismissed by this Court for lack of jurisdiction and failure to state a claim as to a number of other Saudi defendants who made the same or similar arguments as did Dr. Al-Obaid, plaintiffs' counsel completely ignored the applicability of that decision, as did the pro se plaintiff in Iwachiw.

For this reason, and those stated below, this Court should dismiss defendant Dr. Al-Obaid from the complaints consolidated in this proceeding.

## II.   FACTUAL BACKGROUND.

Plaintiffs' opposition simply rehashes the facts as scattered through their complaints. Plaintiffs' facts can be divided into three categories: (1) Dr. Al-Obaid's supervision of several Islamic charities; (2) his membership on the boards of two Virginia corporations; and (3) his employment as "Deputy General Manager of Al Watania Poultry . . . from 1994 to the present." See Pls. Opp. at 1-4.

Plaintiffs' allegations regarding acts that Dr. Al-Obaid took in his official governmental

2

capacity, *i.e.*, his supervision of charities, are almost entirely about the acts of charities that plaintiffs allege were carried out under his guidance or supervision. See Pls. Opp. at 1-4. However, plaintiffs did not plead that Dr. Al-Obaid knew that any acts taken by those charities were illegal, or that he knew that any charity or charity employee was knowingly supporting terrorism. Instead, plaintiffs allege that the Muslim World League ("MWL") learned that some employees "exploited this situation and misused some funds." Id. at 4. Even if Dr. Al-Obaid is charged with knowing everything the MWL knew, learning after the fact that an employee has misused funds is not knowing participation in terrorist activities.

  The document that plaintiffs rely upon for their allegation that MWL "funded" terrorism – the Epstein and Kohlmann report (Pls. Opp. at 2-3) – in turn relies primarily upon an evidentiary proffer that was struck by the U.S. District Court for the Northern District of Illinois as inadmissible hearsay in a material support prosecution. See United States v. Arnaout, No. 02 CR 892, 2003 WL 255226, at *1-*2 (N.D. Ill. Feb. 4, 2003). This is the same proffer that contained the discredited "Golden Chain" document. The Epstein and Kohlman report, at 2-3, also relies on several sources published in 1991 and 1993, to support the allegation that MWL funded al Qaeda. However, that time period was several years before al Qaeda targeted the United States in 1996, as plaintiffs' own evidence shows. See Pl. Opp. (Al-Husaini), Ex. 16, at 18 ("Bin Laden's first declaration of war" was in October 1996.) (Docket No. 272).

  Second, plaintiffs' allegations regarding Dr. Al-Obaid's service on the boards of two Virginia corporations, and served in the Virginia office of the MWL, fail to respond to Dr. Al-Obaid's motion to dismiss, which pointed out that he merely served in an *ex officio* capacity with several of the MWL's foreign offices. Moreover, plaintiffs did not plead any facts to show

3

that Dr. Al-Obaid knew that these Virginia entities took any acts that were illegal.

Third, plaintiffs' allegations regarding the Al Watania Poultry Company are factually incorrect, as plaintiffs have confused Dr. Al-Obaid with a former officer of the Saudi Ministry of Agriculture, who has a similar name.  Dr. Al-Obaid attempted to correct the record on this issue in his prior motions to dismiss, see Mot. to Dismiss at 5 & n.3; but plaintiffs evidently have not read his motions to dismiss, for they continue to perpetuate this factual inaccuracy.

### III. THE FOREIGN SOVEREIGN IMMUNITIES ACT PRECLUDES THE EXERCISE OF SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST DR. AL-OBAID.

Plaintiffs concede that Dr. Al-Obaid "is a governmental official" of the Kingdom of Saudi Arabia "within the meaning of the FSIA." See Pls. Opp. at 7.  However, plaintiffs fail to satisfy their "burden of going forward with evidence of showing that, under [one or more] exceptions to FSIA, immunity should not be granted." Virtual Countries, Inc. v. Republic of South Africa, 300 F.3d 230, 241 (2d Cir. 2002).  The only exceptions argued by plaintiffs as to Dr. Al-Obaid are the commercial activities exception, Section 1605(a)(2), and tortious act exceptions, Section 1605(a)(5).  However, plaintiffs did not offer any argument in response to this Court's ruling that the commercial activities exception did not apply, see Terrorist Attacks I, at 792-93, other than to incorporate plaintiffs' opposition to the Saudi Joint Relief Committee's motion to dismiss.  Dr. Al-Obaid therefore adopts the SJRC's motion to dismiss and reply briefs (Docket Nos. 631 and 819) on this point.

Plaintiffs, to satisfy the tortious act exception, must first show that their injuries are "caused by" Dr. Al-Obaid's tortious acts or omissions. Id.  Under Second Circuit precedent, conclusory allegations cannot form the basis for invoking an exception to FSIA. Robinson v.

Government of Malaysia, 269 F.3d 133, 140-41 (2d Cir. 2001).  Here, plaintiffs' allegations are largely about the acts of other individuals and entities, and plaintiffs pled no facts showing that Dr. Al-Obaid knew about, or authorized, those entities' alleged terrorist acts, defeating any alleged claim of causation.

This Court held that:  "Plaintiffs must plead facts from which it reasonably can be inferred that the Defendants knew or should have known that their tortious actions were supporting terrorists or terrorist fronts."  Terrorist Attacks II, 2005 WL 2296673, at *10 (citing Terrorist Attacks I, 349 F. Supp. 2d at 800-01 and Boim v. Quranic Literacy Inst., 291 F.3d 1000, 1023 (7th Cir. 2002)).  Instead, plaintiffs pled themselves out of court by alleging that the acts taken by employees of the MWL were not authorized by the MWL, and, in fact, constituted a "misuse of funds" under the MWL charitable mission.

Plaintiffs' argument that a lenient pleading standard should be applied is based on a cases in which there was a direct relationship between the parties, see Pls. Opp. at 9-11 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (employment relationship); Pelman v. McDonald's Corp., 396 F.3d 508, 509-10 (2d Cir. 2005) (business-customer relationship); Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002) (per curiam) (custodial relationship between prisoner and warden)), which is not the case here.  Thus, in those cases, plaintiffs did not have to plead further facts showing proximate causation, because causation in those cases could be inferred from the existence of the relationship between the parties.

Plaintiffs' reliance on the decision in Linde, see Pls. Opp. at 11-12, is equally misplaced, as the three consolidated complaints in that litigation expressly pled specific factual allegations about a program allegedly administered by the defendant that directly provided payments to the

5

families of Palestinian suicide bombers who had injured plaintiffs.  Linde v. Arab Bank, Plc, No. 04 CV 2799 (NG)(VVP), 2005 WL 2108690, at *9-*10 (E.D.N.Y. Sept. 2, 2005).

Even if this Court were to find that the tort exception applied, it must still find that plaintiffs have not satisfied the second step, which requires them to show that defendants' acts were not discretionary.  Terrorist Attacks I, 349 F. Supp. 2d at 794-97; Terrorist Attacks II, 2005 WL 2296673, at *9.  This Court held that even if plaintiffs alleged that there was "misuse of funds . . . [that] resulted in the funds going to terrorists" by the Saudi High Commission, or that senior officers "ignored warnings" (Prince Naif) and made "funding decisions" (Prince Salman), those acts are discretionary functions that "cannot be the basis for overcoming [defendant's] immunity."  Terrorist Attacks II, 2005 WL 2296673, at *10-*11 (dismissing Saudi High Commission, and Prince Salman and Prince Naif as to acts in their official capacity).  This Court should similarly find that, even accepting plaintiffs' conclusory allegations about Dr. Al-Obaid, his actions in supervising the operation of Saudi charities are discretionary functions, which cannot overcome Dr. Al-Obaid's immunity.

### IV.  THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DR. AL-OBAID.

The only basis on which this Court can find personal jurisdiction over Dr. Al-Obaid is if he engaged in illegal acts in a personal capacity.  Plaintiffs' allegations about Dr. Al-Obaid's personal acts appear to be based on his donations to charities, and his service on the board of two Virginia entities.  This Court previously held that personal donations to charities, absent knowledge that the funds would be diverted to terrorism, cannot form the basis of personal jurisdiction.  See Terrorist Attacks I, 349 F. Supp. 2d at 813-14 (dismissing Prince Sultan and Prince Turki for lack of personal jurisdiction since their donations to charities were made

without knowledge of the use of those funds). Here, as to Dr. Al-Obaid, plaintiffs have only made "conclusory allegations that he donated money to charities, without specific factual allegations that he knew they were funneling money to terrorists," which is insufficient. Id.

Dr. Al-Obaid's role as a board member of two Virginia entities also cannot form the basis for personal jurisdiction over him in this Court, since this Court previously held that service on a board is "insufficient" to establish personal jurisdiction over Prince Sultan. Id. at 812. Moreover, plaintiffs made no attempt to address the case law cited by this court, id., or by Dr. Al-Obaid, see Mot. to Dismiss, at 13 & n.4, under which the exercise of personal jurisdiction over a nonresident officer must be individually established, and must be based on acts of the corporation that are with the knowledge of the officer, and the officer had control over the relevant transactions. Plaintiffs have therefore conceded that they did not plead any facts to satisfy the exercise of personal jurisdiction over Dr. Al-Obaid based on his role as a board member of several Virginia entities.

Further, in their Opposition, plaintiffs did not identify any specific facts showing that Dr. Al-Obaid had sufficient contacts with this forum, or that he purposefully directed his activities at this forum. This Court previously dismissed those sovereign defendants whose contacts with the United States were as minimal as for Dr. Al-Obaid, finding that whatever personal acts they may have taken did not subject them to personal jurisdiction under either a conspiracy theory or a purposefully directed theory. See Terrorist Attacks I, 349 F. Supp. 2d at 812-14 (dismissing Prince Sultan and Prince Turki); Terrorist Attacks II, 2005 WL 2296673, at *14 (dismissing Prince Naif and Prince Salman).

Plaintiffs, in their complaints and opposition, invoked at least four theories of personal

jurisdiction.  As a threshold matter, two are inapplicable since Dr. Al-Obaid was not validly served under FSIA, as required under 28 U.S.C. § 1330(b).  Nor was he otherwise served in this country, as required under Rule 4(k)(1)(d), Fed. R. Civ. P.  Plaintiffs' remaining theories of jurisdiction, a conspiracy theory under the New York long-arm statute, and a purposefully directed theory under Rule 4(k)(2), Fed. R. Civ. P., fare no better, since the exercise of personal jurisdiction over Dr. Al-Obaid must "comport with due process requirements."  Terrorist Attacks II, 2005 WL 2296673, at *13.  Yet the facts pled by plaintiffs show that Dr. Al-Obaid does not have the requisite "minimum contacts" with this country.  Id.  Therefore, this Court must find that plaintiffs have failed to satisfy their burden of showing that Dr. Al-Obaid is subject to the personal jurisdiction of this Court.

## V. THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST DR. AL-OBAID, FOR FAILURE TO STATE A CLAIM.

Even if this Court were to find that it had both subject matter and personal jurisdiction over Dr. Al-Obaid, it must still find that the plaintiffs have failed to state their tort and negligence claims as to him, and that dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted.  Plaintiffs filed several opposition briefs on September 20, 2005, each containing essentially identical legal arguments as to the Rule 12(b)(6) issue, with the only substantive difference being that plaintiffs raised a negligence argument as to the FSIA defendants that they did not raise as to other, non-sovereign defendants.  See Docket Nos. 1245-1255.  Therefore, Dr. Al-Obaid adopts the legal argument set forth by Sheikh Hamad Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 5-9 (Docket No. 1268) (Sept. 26, 2005).

Plaintiffs attempt to amend their negligence claims as to several sovereign defendants by arguing, for the first time, that two United Nations resolutions imposed a duty on Dr. Al-Obaid.

See Pls. Opp. at 20-21.  As plaintiffs raised the same argument as to the Saudi Arabian Red Crescent Society and Dr. Al Swailem, Dr. Al-Obaid adopts the legal argument set forth by those two defendants in their reply brief.  These defendants demonstrated that, under Second Circuit precedent, UN resolutions are not binding on member States.  See Saudi Red Crescent Reply Br., at 8-9 (Docket No. 1270) (Sept. 26, 2005).

### VI. THIS COURT MUST DISMISS PLAINTIFFS' COMPLAINTS AGAINST DR. AL-OBAID, PURSUANT TO RULE 12(b)(5), FED. R. CIV. P., FOR IMPROPER SERVICE OF PROCESS.

Finally, this Court must find that plaintiffs' attempt to serve Dr. Al-Obaid by publication was improper under Section 1608 of the FSIA.  Dr. Al-Obaid, in his motion, argued that Section 1608 was the exclusive means for effecting service of process on sovereign defendants, as recognized by Rule 4(j)(1), Fed. R. Civ. P., which expressly provides that:  "Service upon a foreign state or a political subdivision, agency, or instrumentality thereof shall be effected pursuant to 28 U.S.C. § 1608."  See Mot. to Dismiss, at 24-25 (Docket No. 1181).  Plaintiffs, in their opposition, ignored defendant's Section 1608 argument, and instead referred this Court to their arguments on service of process as to private actors, who are not covered by FSIA.  See Pls. Opp., at 22-23.  Plaintiffs, therefore, have conceded defendant's argument under Section 1608. It is settled law in this Circuit that when a defendant raises a particular defense in a dispositive motion, and the plaintiff fails to respond to that defense, then the plaintiff has conceded the defense.  Edward B. Marks Music Corp. v. Continental Record Co., 222 F.2d 488, 493 (2d Cir. 1955); accord Stephenson v. Cox, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("Furthermore, when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is

9

dismissal of the entire case.").

For these reasons, defendant's motion to dismiss on the ground of improper service should be granted, as conceded by plaintiffs.

## **CONCLUSION**

For the foregoing reasons, and those set forth in his Motion to Dismiss, defendant Dr. Abdullah Bin Saleh Al-Obaid respectfully requests that this Court grant his Motion to Dismiss for lack of subject matter jurisdiction under the FSIA, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper service of process.

Respectfully submitted,

/s/ Lynne Bernabei

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Dr. Abdullah Bin Saleh Al-Obaid

Dated:  September 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat