# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001        )        No. 03 MDL 1570 (RCC)
                                                )        ECF Case
_____)

This document relates to:

    ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 02-CV-6977;

    CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-CV-05970;

    FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978; and

    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-CV-6105.


## REPLY BRIEF IN SUPPORT OF
## DR. ADNAN BASHA'S
## CONSOLIDATED MOTION TO DISMISS

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Dr. Adnan Basha

DATED:  September 27, 2005

## TABLE OF CONTENTS

I.      Introduction ...................................................................................................... 1

II.     Factual Background ........................................................................................... 1

III.    This Court Does Not Have Personal Jurisdiction over Dr. Basha ............................. 2

IV.     This Court Must Dismiss Plaintiffs' Complaints Against Dr. Basha, Pursuant to
        Rule 12(b)(6), Fed. R. Civ. P., for Failure to State a Claim ......................................... 5

V.      This Court Must Dismiss Plaintiffs Claims Against Dr. Basha, Pursuant to
        Rule 12(b)(5), Fed. R. Civ. P., for Improper Service of Process ................................ 6

CONCLUSION ............................................................................................................. 6

## I.     INTRODUCTION.

Plaintiffs' opposition to the motion to dismiss of Dr. Adnan Basha offered no argument

sufficient to rebut this Court's rulings that granted the motions to dismiss of other individual

defendants whose defenses of personal jurisdiction and/or failure to state a claim were before

this Court, i.e., Prince Sultan, Prince Turki, Prince Mohammed, Prince Salman, Prince Naif,

Muhammad Aljomaih, Hamad Al-Husaini, Abdulrahman bin Mahfouz, Tariq, Omar, and Bakr

Binladin, Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal

Unus.   See In re: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 792-804, 812-22

(S.D.N.Y. 2005); In re: Terrorist Attacks on Sept. 11, 2001, 2005 WL 2296673, at *6-*11, *14,

*26-*27 (S.D.N.Y. Sept. 21, 2005).  Therefore, Dr. Basha's motion to dismiss must be granted

based on the reasoning of this Court's two decisions, and Second Circuit precedent.  See Mot. to

Dismiss, at 3-18 (Docket No. 1196).

Plaintiffs' opposition ignores the inadequacy of the facts that they pled against Dr. Basha

by focusing instead on numerous allegations as to other entities, particularly the International

Islamic Relief Organization ("IIRO").  However, plaintiffs never pled any allegations showing

that Dr. Basha knew of every act that anybody ever associated with IIRO took, let alone that he

knew that any of those alleged acts were intended to support terrorism.

## II.     FACTUAL BACKGROUND.

Dr. Basha is named as a defendant in only four complaints:  *Ashton, Continental*

*Casualty, Federal Insurance,* and *NY Marine*, and plaintiffs only pled specific allegations about

him in the *Ashton* and *Continental Casualty* complaints, since the remaining complaints merely

lumped him together with some 300 other defendants.  However, plaintiffs' opposition relies on

allegations about IIRO and numerous other defendants, many of which are taken from five other

complaints in which Dr. Basha is not even named as a defendant: *Burnett, Cantor Fitzgerald, Euro Brokers, O'Neill,* and *WTC Properties*. Aside from the fact that plaintiffs did not plead that Dr. Basha had knowledge of each act allegedly taken by these other defendants, Dr. Basha cannot be expected to address allegations about other defendants in complaints in which he is not named as a defendant. This Court must not condone plaintiffs' impermissible bootstrapping of allegations about *other* defendants in *other* cases in order to state their claims against Dr. Basha.

The facts that are pled against Dr. Basha himself fall into four categories: (1) that he thanked Prince Sultan for his support of IIRO, in December 2000; (2) he wrote that most of IIRO's support comes from the people of Saudi Arabia; (3) at some still unspecified time, IIRO donated to the Taliban and Al Qaeda in Afghanistan; and (4) various employees of IIRO took various acts. <u>See</u> Mot. to Dismiss, at 2. Dr. Basha set forth the evidentiary problems with the latter two allegations, including that the U.S. government itself supported the mujahedin in Afghanistan during the Reagan and first Bush administrations (as IIRO was alleged to have done), and explained that for none of these four allegations did plaintiffs plead that he knew that any donations, or acts by other employees of IIRO, were being diverted to terrorism. <u>Id.</u> at 6-7. Plaintiffs, in their opposition, instead chose to focus on every imaginable allegation about IIRO and its employees, but still have failed to plead facts sufficient to infer that Dr. Basha knew about any act by anyone else that plaintiffs claim is illegal.

### III.   THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DR. BASHA.

This Court correctly ruled that it lacked personal jurisdiction over several other Saudi defendants, including Prince Sultan, Prince Turki, Prince Salman, Prince Naif, Mr. Al-Husaini, Mr. Aljomaih, Mr. Bin Mahfouz, and Tarik, Omar, and Bakr Binladin, on the grounds that their

contacts with this country, which were as minimal as those that plaintiffs ascribe to Dr. Basha, were insufficient for the exercise of personal jurisdiction.  Plaintiffs' allegations about Dr. Basha's own acts appear to be based on his involvement with donations to, and by, charities. This Court previously held that personal donations to charities, absent knowledge that the funds would be diverted to terrorism, cannot form the basis of personal jurisdiction.  See Terrorist Attacks I, 349 F. Supp. 2d at 813-14 (dismissing Prince Sultan and Prince Turki for lack of personal jurisdiction since their donations to charities were made without knowledge of the use of those funds).  Here, as to Dr. Basha, plaintiffs have only made "conclusory allegations" about charitable donations and expenditures, but "without specific factual allegations that he knew they were funneling money to terrorists," which is insufficient.  Id.

Dr. Basha's role as an officer or board member of charities also cannot form the basis for personal jurisdiction over him in this Court, since this Court previously held that service on a board is "insufficient" to establish personal jurisdiction over Prince Sultan.  Id. at 812. Moreover, plaintiffs made no attempt to address the case law cited by this court, id., under which the exercise of personal jurisdiction over a nonresident officer must be individually established, and cannot be based on jurisdiction over the charity itself.  Plaintiffs have therefore conceded that they did not plead any facts to satisfy the exercise of personal jurisdiction over Dr. Basha himself based on his role as a board member or officer of several charities.

Further, in their Opposition, plaintiffs did not identify any specific facts showing that Dr. Basha had sufficient contacts with this forum, or that he purposefully directed his activities at this forum.  This Court previously dismissed those defendants whose contacts with the United States were as minimal as for Dr. Basha, finding that whatever personal acts they may have

3

taken did not subject them to personal jurisdiction under either a conspiracy theory or a purposefully directed theory.  See Terrorist Attacks I, 349 F. Supp. 2d at 812-22 (dismissing Prince Sultan, Prince Turki, Mr. Aljomaih, Mr. Al-Husaini, and Mr. Bin Mahfouz); Terrorist Attacks II, 2005 WL 2296673, at *14 (dismissing Prince Naif and Prince Salman).

Plaintiffs, in their complaints and opposition, invoked three theories of personal jurisdiction.  As a threshold matter, Dr. Basha was not served in this country, as required under Rule 4(k)(1)(d), Fed. R. Civ. P. (other than for *Ashton*).  Plaintiffs' remaining theories of jurisdiction, a conspiracy theory under the New York long-arm statute, and a purposefully directed theory under Rule 4(k)(2), Fed. R. Civ. P., fare no better, since the exercise of personal jurisdiction over Dr. Basha must "comport with due process requirements."  Terrorist Attacks II, 2005 WL 2296673, at *13.  Yet the facts pled by plaintiffs show that Dr. Basha does not have the requisite "minimum contacts" with this country.  Id.  Nor have plaintiffs pled that Dr. Basha purposefully directed his acts towards this forum, which requires a higher showing than plaintiffs have satisfied:

> This Court has held that to succeed on this theory, "Plaintiffs must make a *prima facie* showing of each Defendant's personal or direct participation in the conduct giving rise to Plaintiffs' injuries."  The Court does not require direct participation in the attacks themselves, but at least participation in al Qaeda's terrorist agenda.

Terrorist Attacks II, 2005 WL 2296673, at *13 (quoting Terrorist Attacks I, 349 F. Supp. 2d at 809).  Thus, "a defendant's actions must be personal or direct so that the defendant has fair warning that his activities could subject him to personal jurisdiction in the United States."  Id. at *13 n.5.  Plaintiffs' conclusory allegations that are specifically about Dr. Basha do not provide any basis for alleging that he knowingly supported terrorism.  As this Court held in dismissing Prince Naif, whom plaintiffs alleged made "contributions to several Saudi-based charities," the

4

act of "donating money to established humanitarian organizations that may or may not have been diverting funds to support al Qaeda cannot be considered primary participation in intentional wrongdoing expressly aimed at the United States."  Terrorist Attacks II, 2005 WL 2296673, at *14 (citing Terrorist Attacks I, 349 F. Supp. 2d at 809).  Even if this Court gave any credence to plaintiffs' claims about Dr. Basha's own acts, it must still find that those allegations provide no basis for the exercise of personal jurisdiction over him under Rule 4(k), Fed. R. Civ. P., as there is no indication that Dr. Basha took any acts with the knowledge that funds would be diverted to support terrorism.

Therefore, this Court must find that plaintiffs have failed to satisfy their burden of showing that Dr. Basha is subject to the personal jurisdiction of this Court.

## IV.   THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST DR. BASHA, PURSUANT TO RULE 12(b)(6), FED. R. CIV. P., FOR FAILURE TO STATE A CLAIM.

Even if this Court were to find that it had personal jurisdiction over Dr. Basha, it must still find that the plaintiffs have failed to state their tort and negligence claims as to him, and that dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted.  Plaintiffs filed several opposition briefs on September 20, 2005, each containing essentially identical legal arguments as to the Rule 12(b)(6) issue, with the only substantive difference being that plaintiffs raised a negligence argument as to the FSIA defendants that they did not raise as to other, non-sovereign defendants.  See Docket Nos. 1245-1255.  Therefore, Dr. Basha adopts the legal argument set forth by Sheikh Hamad Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 5-9 (Docket No. 1268) (Sept. 26, 2005).

**V.      THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST DR. BASHA, PURSUANT TO RULE 12(b)(5), FED. R. CIV. P., FOR IMPROPER SERVICE OF PROCESS.**

Finally, this Court must find that plaintiffs misrepresented the necessity for service by publication on Dr. Basha and other Saudi defendants by asserting that their process server, Nelson Tucker, is unable to serve defendants in Saudi Arabia.[1]  See Pls. Opp. at 21-22. Plaintiffs, in their oppositions filed on September 20, 2005, made the same arguments as to several other Saudi defendants as to service of process.  See Docket Nos. 1245-1255.  Therefore, Dr. Basha adopts the legal argument set forth by Sheikh Al-Husaini in his reply brief.  See Al-Husaini Reply Br., at 10 & Ex. 1-2 (Docket No. 1268) (Sept. 26, 2005).  This Court should find that service of process by publication was improper, since plaintiffs' representations to this Court did not justify that means of service.

## CONCLUSION

For the foregoing reasons, and those stated in his motion to dismiss, defendant Dr. Adnan Basha respectfully requests that this Court dismiss plaintiffs' complaints as to him, based on lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper service of process.

---

[1] Dr. Basha is not raising this argument with respect to the *Ashton* plaintiffs, with whom he entered into a briefing stipulation.

Respectfully submitted,


/s/ Lynne Bernabei
_____
Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Dr. Adnan Basha

Dated:  September 27, 2005

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2005, I caused the foregoing to be served

electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant

to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


/s/ Alan R. Kabat
_____

Alan R. Kabat