**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                              )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    )     No. 03 MDL 1570 (RCC)
                                                              )     ECF Case
_____)

This document relates to:
    ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 02-CV-6977;
    BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No.
        03-CV-5738;
    CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-
        CV-05970;
    EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et
        al.*, Case No. 04-CV-07279;
    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-
        CV-6105;
    TREMSKY, *et al.* v. OSAMA BIN LADEN, *et al.*, Case No. 02-CV-7300; and
    WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND
        DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

**REPLY BRIEF IN SUPPORT OF
DR. ABDULLAH NASEEF'S
CONSOLIDATED MOTION TO DISMISS**

              Lynne Bernabei, Esquire  (LB2489)
              Alan R. Kabat, Esquire  (AK7194)
              Bernabei & Katz, PLLC
              1773 T Street, N.W.
              Washington, D.C. 20009-7139
              (202) 745-1942

              Attorneys for Defendant
               Dr. Abdullah Naseef

DATED:  September 27, 2005

**TABLE OF CONTENTS**

I.    Introduction .................................................................................................................. 1

II.    Factual Background ..................................................................................................... 1

III.    This Court Does Not Have Personal Jurisdiction over Dr. Naseef ............................. 3

IV.    This Court Must Dismiss Plaintiffs' Complaints Against Dr. Naseef, Pursuant to Rule 12(b)(6), Fed. R. Civ. P., for Failure to State a Claim ........................................ 5

V.    This Court Must Dismiss Plaintiffs Claims Against Dr. Naseef, Pursuant to Rule 12(b)(5), Fed. R. Civ. P., for Improper Service of Process ................................ 6

CONCLUSION ........................................................................................................................ 6

I. **INTRODUCTION.**

Plaintiffs' opposition to the motion to dismiss of Dr. Abdullah Naseef offered no argument sufficient to rebut this Court's rulings that granted the motions to dismiss of other individual defendants whose defenses of personal jurisdiction and/or failure to state a claim were before this Court, i.e., Prince Sultan, Prince Turki, Prince Mohammed, Prince Salman, Prince Naif, Muhammad Aljomaih, Hamad Al-Husaini, Abdulrahman bin Mahfouz, Tariq, Omar, and Bakr Binladin, Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus.  See In re: Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 792-804, 812-22 (S.D.N.Y. 2005); In re: Terrorist Attacks on Sept. 11, 2001, 2005 WL 2296673, at *6-*11, *14, *26-*27 (S.D.N.Y. Sept. 21, 2005).  Therefore, Dr. Naseef's motion to dismiss must be granted based on the reasoning of this Court's two decisions, and Second Circuit precedent.  See Mot. to Dismiss, at 3-18 (Docket No. 1196).

Plaintiffs' opposition ignores the inadequacy of the facts that they pled against Dr. Naseef by focusing instead on numerous allegations as to other entities, particularly the International Islamic Relief Organization ("IIRO") and Rabita Trust.  However, plaintiffs never pled any allegations showing that Dr. Naseef knew of every act that anybody ever associated with those entities took, let alone that he knew that any of those alleged acts were intended to support terrorism.

II. **FACTUAL BACKGROUND.**

Plaintiffs make only three allegations specifically about Dr. Naseef, all of which are merely copied from one complaint to another, and are untrue or substantially distort the facts.

First, plaintiffs allege that Rabita Trust is somehow connected to the SAAR Network and that Dr. Naseef is currently the chairman of Rabita Trust.  This is incorrect, since Dr. Naseef was

not involved with the day-to-day operations of the so-called SAAR Network, and has not been an officer of the Rabita Trust since 1993.  See Mot. to Dismiss, at 3-4. The U.S. government's designation of Rabita Trust and Wael Julaidin, upon which plaintiffs heavily rely, makes no mention of Dr. Naseef.  Moreover, this Court dismissed nearly all of the so-called SAAR defendants for failure to state a claim, so that any connection with Dr. Naseef cannot form the basis for plaintiffs' claims as to him.  See Terrorist Attacks II, 2005 WL 2296673, at *23-*27.

Second, plaintiffs pled that an undated, unauthenticated memorandum described a meeting between "Abu Abdullah," which plaintiffs claim is an alias for Osama Bin Laden, and three other individuals, including Dr. Naseef, at which the Muslim World League was discussed. Plaintiffs have provided no more information about this document, which is as suspect as the discredited "Golden Chain" document.  Further, Dr. Naseef's involvement with the MWL ended in 1993, which is several years before Al Qaeda targeted the United States, as the *Burnett* plaintiffs admit.  In fact, the U.S. government actively supported the mujahedin in Afghanistan during the Reagan and first Bush administrations.  See Mot. to Dismiss, at 4.

Plaintiffs' remaining allegation against Dr. Naseef, that he was an officer of a Virginia entity that was defunct by 1998, id. at 4-5, fare no better because plaintiffs did not plead any facts to support an allegation that he knew of any acts taken by that entity that were illegal.

Plaintiffs make no further attempt to address these specific allegations in their opposition, thereby conceding that the only basis they have for exercising personal jurisdiction over Dr. Naseef, or stating a claim against him, are the acts taken by other persons and other entities, but without having pled that Dr. Naseef knew of those acts, let alone that those acts were intended to support terrorism.

### III. THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DR. NASEEF.

This Court correctly ruled that it lacked personal jurisdiction over several other Saudi defendants, including Prince Sultan, Prince Turki, Prince Salman, Prince Naif, Mr. Al-Husaini, Mr. Aljomaih, Mr. Bin Mahfouz, and Tariq, Omar, and Bakr Binladin, on the grounds that their contacts with this country, which were as minimal as those that plaintiffs ascribe to Dr. Naseef, were insufficient for the exercise of personal jurisdiction. Plaintiffs' allegations about Dr. Naseef's own acts appear to be based on his involvement with donations to, and by, charities, particularly with charities that Dr. Naseef had no involvement with after 1993.

This Court previously held that personal donations to charities, absent knowledge that the funds would be diverted to terrorism, cannot form the basis of personal jurisdiction. See Terrorist Attacks I, 349 F. Supp. 2d at 813-14 (dismissing Prince Sultan and Prince Turki for lack of personal jurisdiction since their donations to charities were made without knowledge of the use of those funds). Here, as to Dr. Naseef, plaintiffs have only made "conclusory allegations" about charitable donations and expenditures, but "without specific factual allegations that he knew they were funneling money to terrorists," which is insufficient. Id.

Dr. Naseef's role as an officer or board member of charities also cannot form the basis for personal jurisdiction over him in this Court, since this Court previously held that service on a board is "insufficient" to establish personal jurisdiction over Prince Sultan. Id. at 812. Moreover, plaintiffs made no attempt to address the case law cited by this court, id., and in Dr. Naseef's motion to dismiss, under which the exercise of personal jurisdiction over a nonresident officer must be individually established, and cannot be based on jurisdiction over the charity itself. Plaintiffs have therefore conceded that they did not plead any facts to satisfy the exercise

of personal jurisdiction over Dr. Naseef himself based on his role as a board member or officer of several charities.

Further, in their Opposition, plaintiffs did not identify any specific facts showing that Dr. Naseef had sufficient contacts with this forum, other than his brief service on a now-defunct Virginia corporation (which cannot form the basis of personal jurisdiction over him), or that he purposefully directed his activities at this forum. This Court previously dismissed those defendants whose contacts with the United States were as minimal as for Dr. Naseef finding that whatever personal acts they may have taken did not subject them to personal jurisdiction under either a conspiracy theory or a purposefully directed theory. See Terrorist Attacks I, 349 F. Supp. 2d at 812-22 (dismissing Prince Sultan, Prince Turki, Mr. Aljomaih, Mr. Al-Husaini, and Mr. Bin Mahfouz); Terrorist Attacks II, 2005 WL 2296673, at *14 (dismissing Prince Naif and Prince Salman).

Plaintiffs, in their complaints and opposition, invoked three theories of personal jurisdiction. As a threshold matter, Dr. Naseef was not served in this country, as required under Rule 4(k)(1)(d), Fed. R. Civ. P. Plaintiffs' remaining theories of jurisdiction, a conspiracy theory under the New York long-arm statute, and a purposefully directed theory under Rule 4(k)(2), Fed. R. Civ. P., fare no better, since the exercise of personal jurisdiction over Dr. Naseef must "comport with due process requirements." Terrorist Attacks II, 2005 WL 2296673, at *13. Yet the facts pled by plaintiffs show that Dr. Naseef does not have the requisite "minimum contacts" with this country. Id. Nor have plaintiffs pled that Dr. Naseef purposefully directed his acts towards this forum, which requires a higher showing than plaintiffs have satisfied:

> This Court has held that to succeed on this theory, "Plaintiffs must make a *prima facie* showing of each Defendant's personal or direct participation in the conduct

>giving rise to Plaintiffs' injuries."  The Court does not require direct participation in the attacks themselves, but at least participation in al Qaeda's terrorist agenda.

Terrorist Attacks II, 2005 WL 2296673, at *13 (quoting Terrorist Attacks I, 349 F. Supp. 2d at 809).  Thus, "a defendant's actions must be personal or direct so that the defendant has fair warning that his activities could subject him to personal jurisdiction in the United States."  Id. at *13 n.5.  Plaintiffs' conclusory allegations that are specifically about Dr. Naseef do not provide any basis for alleging that he knowingly supported terrorism.  As this Court held in dismissing Prince Naif, whom plaintiffs alleged made "contributions to several Saudi-based charities," the act of "donating money to established humanitarian organizations that may or may not have been diverting funds to support al Qaeda cannot be considered primary participation in intentional wrongdoing expressly aimed at the United States."  Terrorist Attacks II, 2005 WL 2296673, at *14 (citing Terrorist Attacks I, 349 F. Supp. 2d at 809).  Even if this Court gave any credence to plaintiffs' claims about Dr. Naseef's own acts, it must still find that those allegations provide no basis for the exercise of personal jurisdiction over him under Rule 4(k), Fed. R. Civ. P., as there is no indication that Dr. Naseef took any acts with the knowledge that funds would be diverted to Al Qaeda.

Therefore, this Court must find that plaintiffs have failed to satisfy their burden of showing that Dr. Naseef is subject to the personal jurisdiction of this Court.

### IV. THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST DR. NASEEF, PURSUANT TO RULE 12(b)(6), FED. R. CIV. P., FOR FAILURE TO STATE A CLAIM.

Even if this Court were to find that it had personal jurisdiction over Dr. Naseef, it must still find that the plaintiffs have failed to state their tort and negligence claims as to him, and that dismissal, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted.  Plaintiffs filed several

opposition briefs on September 20, 2005, each containing essentially identical legal arguments as to the Rule 12(b)(6) issue, with the only substantive difference being that plaintiffs raised a negligence argument as to the FSIA defendants that they did not raise as to other, non-sovereign defendants. See Docket Nos. 1245-1255.  Therefore, Dr. Naseef adopts the legal argument set forth by Sheikh Hamad Al-Husaini in his reply brief. See Al-Husaini Reply Br., at 5-9 (Docket No. 1268) (Sept. 26, 2005).

> **V.     THIS COURT MUST DISMISS PLAINTIFFS' CLAIMS AGAINST DR. NASEEF, PURSUANT TO RULE 12(b)(5), FED. R. CIV. P., FOR IMPROPER SERVICE OF PROCESS.**

Finally, this Court must find that plaintiffs misrepresented the necessity for service by publication on Dr. Naseef and other Saudi defendants by asserting that their process server, Nelson Tucker, is unable to serve defendants in Saudi Arabia. See Pls. Opp. at 21-22.  Plaintiffs, in their oppositions filed on September 20, 2005, made the same arguments as to several other Saudi defendants as to service of process. See Docket Nos. 1245-1255.  Therefore, Dr. Naseef adopts the legal argument set forth by Sheikh Al-Husaini in his reply brief. See Al-Husaini Reply Br., at 10 & Ex. 1-2 (Docket No. 1268) (Sept. 26, 2005).  This Court should find that service of process by publication was improper, since plaintiffs' representations to this Court did not justify that means of service.

## CONCLUSION

For the foregoing reasons, and those stated in his motion to dismiss, defendant Dr. Abdullah Naseef respectfully requests that this Court dismiss plaintiffs' complaints as to him, based on lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and improper service of process.

Respectfully submitted,

/s/ Lynne Bernabei

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Dr. Abdullah Naseef

Dated:  September 27, 2005

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 27, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

                                                   /s/ Alan R. Kabat
                                                   _____
                                                   Alan R. Kabat