PLAINTIFFS' MORE DEFINITE STATEMENT AS TO DEFENDANT
NATIONAL COMMERCIAL BANK

Plaintiffs hereby incorporate all allegations and counts contained in the Second
Amended Complaint in *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et
al.* (1:04-cv-7065).  The following is asserted upon information and belief.

1.  From the mid-1990s up to and including September 11, 2001, National
Commercial Bank ("NCB"), NCB aided and abetted and conspired to support
terrorism and to obfuscate the roles of the various participants and conspirators
in Al Qaeda, which conspiracy culminated in the September 11, 2001 attack.

2.  NCB undertook the above named actions as part of a conspiracy to commit
murder and arson, in that they knew that Al Qaeda, planned to and would
commit an act of deadly aggression against the United States, its citizens and
property, in the near future, using the resources and support supplied by NCB.

3.  Al Qaeda, as alleged in the Amended Complaint, relied upon funds and
material support provided by others, including NCB.  Indeed, after being turned
out of the Sudan in May 1996, Al Qaeda established itself in Afghanistan, and
relied on well-placed financial facilitators, including, who laundered funds from
Islamic so-called charities and corporations and raised money from witting and
unwitting donors. The funds thus provided were used, among other things, to
operate terrorist training camps in Afghanistan, where some recruits were
trained in conventional warfare but where the best and most zealous recruits
received terrorist training. The curriculum in the camps placed with great
emphasis on ideological and religious indoctrination. All trainees and other
personnel were encouraged to think creatively about ways to commit mass
murder.  The camps were able to operate only because of the worldwide network
of recruiters, travel facilitators, and document forgers who vetted recruits and
helped them get in and out of Afghanistan. From the ranks of these recruits the
nineteen perpetrators of the September 11, 2001 attack were selected. None of
this would have been possible without the funds supplied by participants and
conspirators like NCB.

4.  Al Qaeda would not have been successful without enthusiastic participation
of all of the conspirators, including NCB.  In order to identify nineteen
individuals willing, able and competent to carry out the September 11, 2001
attack, Al Qaeda needed to select from a vast pool of recruits and trainees, which
pool would not have been available to it without the assistance provided by
NCB.  NCB, with knowledge and intent, agreed to the overall objectives of the
conspiracy, and agreed to commit at least two predicate acts and all agreed to
participate in the conspiracy, either expressly or impliedly.

5.  NCB has been implicated in many corrupt practices, including the
manipulation of financial markets, arms trafficking and sponsorship of
international terrorism, including handling the finances of Abu Nidal and his
terrorist organization.  Moreover, NCB has served as one of Al Qaeda's preferred

DSMDB.1986913.1

1

banks for many years, maintaining accounts for many of the charity defendants that operate within or at the behest of Al Qaeda as alleged in the Amended Complaint, including the International Islamic Relief Organization (the "IIRO"), the Muslim World League (the "MWL"), the Benevolence International Foundation ("BIF"), and Al Haramain, among others.

6.  Under the supervision of Sulaiman Abdul Aziz al-Rajhi, NCB also managed the budget of the Saudi Joint Relief Committee, another so-called charity that provided funding to Al Qaeda.  NCB knowingly facilitated Al Qaeda fundraising by advertising the existence and numerical designations of the accounts it maintains for Al Qaeda cooperating charities throughout the Muslim world, so that the supporters can deposit funds directly into those accounts for the benefit of Al Qaeda.

7. During the 1990s, NCB channeled in excess of $74 million to Al Qaeda, through the IIRO, and also transferred significant funding to Al Qaeda though other entities.

DSMDB.1986913.1