**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**IN RE TERRORIST ATTACKS ON**                **Civil Action No.**
**SEPTEMBER 11, 2001**                        **03 MDL 1570 (RCC)**
-------------------------------------------------------x

This document relates to:

*Fiona Havlish, et al. vs. Sheikh Usama Bin-Laden, et al.,*
   *Case No. 03-CV-9848 (S.D.N.Y.)*

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
**AND**
**NOTICE OF INTENT TO WITHDRAW MOTION FOR CLASS CERTIFICATION**

Pursuant to Federal Rules of Civil Procedure 15 (a), 15(c) and 15(d), the *Havlish* Plaintiffs hereby move the Court for leave to file a Second Amended Complaint, a copy of which is attached hereto as Exhibit "A." Plaintiffs seek leave to file this Second Amended Complaint in anticipation of the withdrawal of their pending motion for class certification. Plaintiffs request leave to file this Second Amended Complaint for three reasons: (a) to substitute named Plaintiffs for unnamed class members; (b) to remove Plaintiffs represented by counsel in separate actions pending in this MDL litigation; and (c) to substitute specific named defendants for certain defendants designated as "Unidentified Terrorist Defendants" in Plaintiffs' Amended Class Action Complaint.

In filing this motion, and upon leave of the Court, the Second Amended Complaint, Plaintiffs intend to preserve and protect the defaults that have been previously entered in this action. Plaintiffs seek to supplement their pleading based on information that has come to light and developments that have occurred since the filing of their Amended Complaint. In support of their motion, Plaintiffs state as follows:

1. Plaintiffs commenced this action on February 23, 2002 by filing a Class Action Complaint in the United States District Court for the District of Columbia.

2. On March 3, 2002, Plaintiffs filed an Amended Complaint that included plaintiffs who had sought representation and agreed to act as class representatives as of that date.

3. In the Amended Complaint, Plaintiffs asserted claims under a number of federal statutes (the Foreign Sovereign Immunities Act, the Torture Victim Prevention Act, the Alien Tort Claims Act, 18 U.S.C. §2333) as well as state statutory and common law claims (wrongful death, survival, conspiracy, and infliction of emotional distress).

4. Defendants named in the Amended Complaint include Osama Bin Laden, Al Qaeda, the Taliban, the Republic of Iraq, the Islamic Republic of Iran and certain ministries, agencies and instrumentalities of Iran and Iraq. The Islamic Republic of Iran and its agencies and instrumentalities are referred to jointly herein as the "Iranian Defendants."

4. The Amended Complaint also includes allegations supporting Plaintiffs' request for certification as a class action. On March 9, 2002, Plaintiffs filed a Motion for Class Certification.

5. By March 30, 2003, service had been made to, and defaults were entered against, all named defendants. Since that time, Plaintiffs have been accumulating evidence to present at the proof hearing required by the FSIA before final judgment can be entered against a sovereign state.

6. The Amended Complaint includes claims against "Unidentified Terrorists" who are identified as follows:

> 261. The Unidentified Terrorist Defendants 1-500 (the "Unidentified Terrorists") are other persons, organizations and/or entities that supported, aided,

> abetted and contributed to Osama Bin Laden, Al Qaeda and other defendants in furtherance of their goal to murder American citizens and perform other acts of terrorism.
>
> 262.  In particular, the Unidentified Terrorists performed acts that financially and logistically assisted the named defendants in their terrorist activities that included the use of the September 11, 2001 Terrorist Hijacked Flights to commit the murder of the Decedents. These Unidentified Terrorists are liable to the Class for damages resulting from those terrorist activities.
>
> 263.  The Unidentified Terrorists include agencies and instrumentalities of the Foreign State Defendants and their officials, employees and agents whose full identities are presently unknown to the Class.

7.  Footnote 3 in the Amended Complaint states "Plaintiffs intend to petition the Court for permission to add these Unidentified Terrorists as Named Defendants in this action as their identities and/or the extent of their involvement in the September 11 attacks become known."

8.  Based on evidence accumulated after the filing of the Amended Complaint, Plaintiffs are now able to identify certain defendants previously identified generally as "Unidentified Terrorist Defendants."  As pled in the Amended Complaint, these newly identified defendants are "agencies and instrumentalities of the Foreign State Defendants and their officials, employees and agents" that "performed acts that financially and logistically assisted the named defendants in their terrorist activities that included the use of the September 11, 2001 Terrorist Hijacked Flights to commit the murder of the Decedents."

9.  Specifically, the newly identified defendants are the following agents and instrumentalities of the Iranian Defendants:

- The National Iranian Tanker Corporation
- The National Iranian Oil Corporation
- The National Iranian Gas Company

> • The National Iranian Petrochemical Company
>
> • Iran Airlines
>
> • The Central Bank of the Islamic Republic of Iran
>
> • Akbar Hashemi Rafsanjani

10. Specific factual allegations supporting Plaintiffs' claims against these newly identified defendants are included in paragraph 215 of the Second Amended Complaint, which is attached hereto and incorporated herein by reference.

11. In the time since the filing of the Amended Complaint, the overwhelming majority of putative class members have retained counsel to represent them on an individual basis and have asserted claims against various terrorist defendants. Thus, a class action no longer appears necessary to protect the rights of unrepresented potential claimants. For that reason, the *Havlish* Plaintiffs intend to withdraw their class motion, but only after the claims of unnamed class members are protected through the filing of the attached Second Amended Complaint.

12. Due to the representative nature of a class action, Plaintiffs' counsel did not file further amendments to add new named plaintiffs after the Amended Complaint was filed. The claims of those unnamed class members are preserved as long as the litigation retains its class status. In order to facilitate the anticipated withdrawal of Plaintiffs' class motion and, at the same time, protect the rights of unnamed class members who wish to pursue their individual claims, the Second Amended Complaint identifies those formerly unnamed class members as named plaintiffs.

WHEREFORE, Plaintiffs hereby ask the Court to grant them leave to file and serve the Second Amended Complaint attached as Exhibit "A."

Dated: September 30, 2005

        Respectfully submitted,

        _____
        Thomas E. Mellon, Jr., Esquire
        John A. Corr, Esquire
        Stephen A. Corr, Esquire
        MELLON, WEBSTER & SHELLY
        87 North Broad Street
        Doylestown, PA  18901
        Telephone:  (215) 348-7700
        *Admitted Pro Hac Vice*