IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                        )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001           )    No. 03 MDL 1570 (RCC)
                                                        )    ECF Case
_____)

This document relates to:
    BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No.
        03-CV-5738;
    BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No.
        03-CV-9849;
    CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-
        CV-05970;
    EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et
        al.*, Case No. 04-CV-07279;
    FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978;
    NEW YORK MARINE AND GENERAL INSURANCE CO. v. AL QAIDA, *et al.*, Case No. 04-
        CV-6105;
    ESTATE OF O'NEILL, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
        Case No. 04-CV-1923;
    TREMSKY, *et al.* v. OSAMA BIN LADEN, *et al.*, Case No. 02-CV-7300; and
    WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND
        DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

## SHAHIR A. BATTERJEE'S
## RESPONSE TO PLAINTIFFS' CONSOLIDATED COMPLAINTS

Defendant Shahir A. Batterjee, by and through undersigned counsel, respectfully submits his response to the plaintiffs' "consolidated" complaints.  Defendant's motions to dismiss the *Burnett I, Burnett II, Continental Casualty, Euro Brokers, New York Marine, O'Neill, Tremsky,* and *WTC Properties* complaints are fully briefed.

Subsequently, on September 30, 2005, these plaintiffs filed their "consolidated" complaints, which merely consisted of their complaints supplemented by a total of 164 RICO Statements and Rule 12(e) More Definite Statements (however, the *Tremsky* plaintiffs did not file anything).  However, with one exception, none of these supplemental filings has any new

allegations about Mr. Batterjee that has not already been addressed in his motions to dismiss. The only exception is that the *Burnett* plaintiffs, in their Rule 12(e) statement as to defendant Syrian Arab Republic, state that Shahir Batterjee was the president of the Al Shamal Islamic Bank.  See *Burnett*, Plaintiffs' More Definite Statement as to Defendant the Syrian Arab Republic, at ¶ 13 (Docket No. 1291).  This is in error, as the *Burnett* plaintiffs elsewhere state that it was Adel Batterjee, a different person, who was the chairman of this bank.  See *Burnett*, Plaintiffs' More Definite Statement as to Defendant Al Shamal Islamic Bank, at ¶ 23 (Docket No. 1273).  Further, the plaintiffs' statement as to the Al Shamal Islamic Bank makes no mention of Shahir Batterjee, id., making clear the plaintiffs' error as to him.

Therefore, Mr. Batterjee requests that this Court consider his fully briefed motions to dismiss in *Burnett I*, No. 86 (April 8, 2004) and No. 333 (July 23, 2004), and in the remaining cases, Nos. 1198-1200 (Sept. 6, 2005) and No. 1309 (Sept. 27, 2005), as his response to the plaintiffs' "consolidated" complaints.

    Respectfully submitted,

    /s/ Lynne Bernabei

    Lynne Bernabei, Esquire  (LB2489)
    Alan R. Kabat, Esquire  (AK7194)
    Bernabei & Katz, PLLC
    1773 T Street, N.W.
    Washington, D.C. 20009-7139
    (202) 745-1942

    Attorneys for Defendant
     Shahir A. Batterjee

DATED:  October 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2005, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat

Alan R. Kabat