IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (RCC) |

This document relates to:

*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-CV-6978

### DEFENDANT JAMAL BARZINJI'S ANSWER TO THE FIRST AMENDED COMPLAINT WITH INCORPORATED MORE DEFINITE STATEMENTS, RICO STATEMENTS AND RULE 15(D) SUPPLEMENTAL PLEADINGS

Defendant Jamal Barzinji, through undersigned counsel, hereby submits his Answer to Plaintiffs' First Amended Complaint With Incorporated More Definite Statements, Rico Statements and Rule 15(D) Supplemental Pleadings.

### I. **PARTIES**

1-65. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 1 through 65, and therefore denies the allegations contained in paragraphs 1 through 65.

66. Barzinji denies that he has aided and abetted, conspired with, or provided material support and resources to, defendant al Qaida and/or any affiliated FTOs, associations, organizations or persons, but otherwise states he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66, and therefore denies the allegations contained in paragraph 66.

## II. JURISDICTION

67-69.   Barzinji states that the allegations contained in paragraphs 67 through 69 are legal conclusions to which no response is required.  To the extent a response is required, Barzinji denies the allegations contained in paragraphs 67 through 69.

## III. FACTUAL BACKGROUND

70-145.   Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 70 through 145, and therefore denies the allegations contained in paragraphs 70 through 145.

146.   Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the other allegations contained in paragraph 146, and therefore denies the allegations contained in paragraph 146.

147-159.   Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 147 through 159, and therefore denies the allegations contained in paragraphs 147 through 159.

160.   Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the other allegations contained in paragraph 160, and therefore denies the allegations contained in paragraph 160.

161-221.   Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 161 through 221, and therefore denies the allegations contained in paragraphs 161 through 221.

222. Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations contained in paragraph 222, and therefore denies the allegations contained in paragraph 222.[1]

223. Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations contained in paragraph 223, and therefore denies the allegations contained in paragraph 223.

224. Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations contained in paragraph 224, and therefore denies the allegations contained in paragraph 224.

225. Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations contained in paragraph 225, and therefore denies the allegations contained in paragraph 225.

226. Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to

---

[1] Plaintiffs have stated that additional allegations against Jamal Barzinji can be found in the RICO Statement attached as Exhibit 26 to the Complaint. But, neither the Complaint nor the RICO Statement complies with Paragraph 13 of the Court's Case Management Order #2 (the "CMO-2") because the CMO-2 contemplated Plaintiffs filing a single new amended complaint that contained all of the Plaintiffs' allegations in one document, not a complaint with numerous attached RICO Statements and other documents. Because the Complaint and the RICO Statement do not comply with the CMO-2, and because the RICO claim was dismissed against Mr. Barzinji, no response to the allegations in the RICO Statement is required.

form a belief as to the truth or falsity of any of the allegations contained in paragraph 226, and therefore denies the allegations contained in paragraph 226.

227. Barzinji admits that federal authorities conducted a raid on his home and the offices of IIIT, but denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 227, and therefore denies the allegations contained in paragraph 227.

228. Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations contained in paragraph 228, and therefore denies the allegations contained in paragraph 228.

229. Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations contained in paragraph 229, and therefore denies the allegations contained in paragraph 229.

230. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 230, and therefore denies the allegations contained in paragraph 230.

231. Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations contained in paragraph 231, and therefore denies the allegations contained in paragraph 231.

232. Barzinji denies any knowledge or information concerning any entity referred to by Plaintiffs as the "SAAR Network," and is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations contained in paragraph 232, and therefore denies the allegations contained in paragraph 232.

233-244. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 233 through 244, and therefore denies the allegations contained in paragraphs 233 through 244.

245. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 245, and therefore denies the allegations contained in paragraphs 245.

246-480. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 246 through 480, and therefore denies the allegations contained in paragraphs 246 through 480.

481. Barzinji admits that he has served as a board member of the International Institute of Islamic Thought, but otherwise denies the allegations contained in paragraph 481.

482. Barzinji denies the allegations contained in paragraph 482.

483-588. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 483 through 588, and therefore denies the allegations contained in paragraphs 483 through 588.

## COUNT I

## TRESPASS

589-594. No response is required from Barzinji in response to the allegations in paragraphs 589 through 594 as the Trespass cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT II

## WRONGFUL DEATH

595-597. No response is required from Barzinji in response to the allegations in paragraphs 595 through 597 as the Wrongful Death cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT III

## SURVIVAL ACTION

598-600. No response is required from Barzinji in response to the allegations in paragraphs 598 through 600 as the Survival Action cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT IV

## ASSAULT AND BATTERY

601-604. No response is required from Barzinji in response to the allegations in paragraphs 601 through 604 as the Assault and Battery cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT V

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

605-608.   No response is required from Barzinji in response to the allegations in paragraphs 605 through 608 as the Intentional and/or Negligent Infliction of Emotional Distress cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT VI

## TORTURE VICTIM PROTECTION ACT

609-613.   No response is required from Barzinji in response to the allegations in paragraphs 609 through 613 as the Torture Victim Protection Act cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT VII

## CONSPIRACY

614-617.   No response is required from Barzinji in response to the allegations in paragraphs 614 through 617 as the Conspiracy cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT VIII

## CIVIL RICO

618-620.   No response is required from Barzinji in response to the allegations in paragraphs 618 through 620 as the Civil RICO cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT IX

## AIDING AND ABETTING

621-624. No response is required from Barzinji in response to the allegations in paragraphs 621 through 624 as the Aiding and Abetting cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT X

## 18 U.S.C. § 2333

625. Barzinji incorporates his responses to the previous allegations by reference.

626. Barzinji states that the allegations contained in paragraph 626 are legal conclusions to which no response is required. To the extent a response is required, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 626, and therefore denies the allegations contained in paragraph 626.

627. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 627, and therefore denies the allegations contained in paragraph 627.

628. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 628, and therefore denies the allegations contained in paragraph 628.

629. To the extent the allegations contained in paragraph 629 are asserted against him, Barzinji denies the allegations contained in paragraph 629. Otherwise, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 629, and therefore denies the allegations contained in paragraph 629.

## COUNT XI

## NEGLIGENCE

630-634. No response is required from Barzinji in response to the allegations in paragraphs 630 through 634 as the Negligence cause of action against Barzinji was dismissed by the Opinion and Order of the Court dated September 21, 2005.

## COUNT XII

## PUNITIVE DAMAGES

635. Barzinji incorporates his responses to the previous allegations by reference.

636. To the extent the allegations contained in paragraph 636 are asserted against him, Barzinji denies the allegations contained in paragraph 636. Otherwise, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 636, and therefore denies the allegations contained in paragraph 636.

637. To the extent the allegations contained in paragraph 637 are asserted against him, Barzinji denies the allegations contained in paragraph 637. Otherwise, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 637, and therefore denies the allegations contained in paragraph 637.

## **AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs fail to state a claim against Barzinji for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Causation)

There is no causal connection between any of Barzinji's activities and plaintiffs' injuries.

## THIRD AFFIRMATIVE DEFENSE

### (Causation)

No act or omission of Barzinji proximately caused any harm or damage to plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

### (Other Tortfeasors)

Plaintiffs' damages and injuries were caused by other individuals or entities who are, or are not, named as parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs are estopped from receiving the relief requested against Barzinji.

## SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

Plaintiffs' claims for punitive damages against Barzinji are barred because Barzinji's activities, as alleged by plaintiffs, were not committed with intent, malice, willful and outrageous conduct aggravated by evil motive, or reckless indifference, and none of Barzinji's activities in any way were intended to, or did harm, the plaintiffs in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Double Recovery)

Plaintiffs' claims for compensatory and punitive damages are barred to the extent that any of the plaintiffs are also seeking recovery against Barzinji, for the same or similar claims, in any other action pending in the Case 03 MDL 1570 (RCC) pending in the United States District Court for the Southern District of New York.

## EIGHTH AFFIRMATIVE DEFENSE

In response to plaintiffs' claims, Barzinji intends to invoke any other defenses, including affirmative defenses, as they may become apparent through discovery, and reserves the right to assert such defenses.

## CONCLUSION

Barzinji requests that Plaintiffs' First Amended Complaint With Incorporated More Definite Statements, Rico Statements and Rule 15(D) Supplemental Pleadings be dismissed with prejudice as to Barzinji, and that the Court award attorney's fees and costs to Barzinji in defending against a case with no factual or legal basis against Barzinji, and award any other relief that the Court deems just under the circumstances.

Respectfully submitted,

Dated:   October 18, 2005             By:   /s/ Nancy Luque
                                            Nancy Luque (NL-1012)
                                            Jay Hanson (admitted *pro hac vice*)
                                            Steven K. Barentzen (SB-8777)
                                            DLA PIPER RUDNICK GRAY CARY US LLP
                                            1200 Nineteenth Street
                                            Washington, DC  20036-2247
                                            Tel: 202-861-3900
                                            Fax: 202-223-2085

                                            *Attorneys for Defendant Jamal Barzinji*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2005, I caused an electronic copy of the foregoing Answer to Plaintiffs' First Amended Complaint With Incorporated More Definite Statements, Rico Statements and Rule 15(D) Supplemental Pleadings to be served by the Court's electronic filing system upon all parties scheduled for electronic notice.

/s/ Steven K. Barentzen
Steven K. Barentzen (SB-8777)