**United States District Court**
**Southern District of New York**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

    *Ashton v. Al Qaeda Islamic Army* (02-CV-6977);
    *Barrera v. Al Qaeda Islamic Army* (03-CV-7036);
    *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-5738);
    *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-cv-9849);
    *Continental Cas. Co. v. Al Qaeda* (04-CV-5970);
    *EuroBrokers Inv. v. Al Baraka Inv. & Dev. Corp.* (04-CV-7279);
    *Federal Ins. v. Al Qaida* (03-CV-6978);
    *New York Marine & Gen. Ins. Co. v. Al Qaida* (04-CV-6105);
    *Salvo v. Al Qaeda Islamic Army* (03-CV-5071);
    *Tremsky v. Osama bin Laden* (02-CV-7300);
    *World Trade Ctr. Props. LLC v. Al Baraka Inv. & Dev. Corp.* (04-CV-7280).

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## ARADI INC.

**FISH & RICHARDSON P.C.**

Raymond R. Castello (RC 2106)
153 East 53rd Street, 52nd Floor
New York, NY 10022
(212) 765-5070 (Telephone)
(212) 258-2291 (Facsimile)

**COUNSEL FOR DEFENDANT**

**Page**

## TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................................1

II. PLAINTIFFS' ALLEGATIONS ARE VAGUE, CONCLUSORY,
    AND LEGALLY INSUFFICIENT..........................................................................................2

III. MANY OF THE TORT CLAIMS UNDERLYING THE
     CONCERTED ACTION ALLEGATIONS ALSO FAIL AS A
     MATTER OF LAW................................................................................................................5

    A.  Torture Victims Protection Act Claims Fail Because the Deaths
        at Issue Occurred Within the United States and Without "Color
        of Law."..........................................................................................................................5

    B.  RICO Claims Fail Because Plaintiffs Have Failed to Allege
        That Aradi Invested Racketeering Income or That It Directed
        the Operation or Management of a RICO Enterprise. ..................................................6

    C.  Negligence and Negligent Infliction of Emotional Distress
        Claims Fail Because Claimants to the September 11 Victim's
        Compensation Fund Have Waived These Claims and Because
        Plaintiffs Have Not Alleged that Aradi Owed Them Any Duty...................................7

    D.  The New York Statute of Limitations Bars Intentional Tort
        Claims. ............................................................................................................................8

    E.  The Punitive Damages Allegation under 28 U.S.C. § 1606 Does
        Not Apply to Aradi Because It Is Not a Foreign State. .................................................8

Page

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Arndt v. UBS AG*, 342 F. Supp. 2d 132 (E.D.N.Y. 2004) ................................................................. 5

*In re. Sept. 11th I*, 349 F. Supp. 2d at 804 (holding it improper to consider
   conclusory allegations when considering a motion to dismiss) ..................... 2, 3, 6, 7, 8

*In re: Terrorist Attacks on September 11, 2001*, __ F. Supp. 2d __, 2005 WL
   2296673 (S.D.N.Y.) ........................................................................................................... 1

*In re. Sept 11th II*, 2005 WL. 18 ......................................................................... 1, 2, 3, 4

### STATE CASES

*Ash v. Continental Ins. Co.*, 861 A.2d 979 (Pa. Super. 2004) ........................................... 8

### FEDERAL STATUTES

28 U.S.C. § 1350 note § 2(a) ............................................................................................. 5

28 U.S.C. § 1606 ............................................................................................................ 8, i

49 U.S.C.A. § 40101 note (West 1993) ............................................................................ 7

H.R. Rep. No. 102-367, at 4 (1991) .................................................................................. 5

S. Rep. No. 102-249, at 3-4 (1991) ................................................................................... 5

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Aradi, Inc. ("Aradi") moves for dismissal of all claims purportedly brought against it by the plaintiffs listed *supra* in this Consolidated Action[1] ("Plaintiffs") for failure to state a claim. In support of this motion, Aradi would respectfully show the Court as follows:

I. **INTRODUCTION**

Aradi was a Delaware corporation that was dissolved on December 31, 2002. It has no operations today. The Court's dismissal orders recognized the legal principles that govern the resolution of this motion and established a framework for evaluating the sufficiency of Plaintiffs' pleadings. This Court has clearly stated that Plaintiffs cannot rely on conclusory allegations. Instead, Plaintiffs must point to factual assertions which, if believed, would implicate a specific defendant in the conspiracy to commit terrorist acts or show that the defendant knowingly provided material support to those who committed such crimes. Aradi is similarly situated to defendants the Court has previously dismissed. *See In re: Terrorist Attacks on September 11, 2001*, __ F. Supp. 2d. __, 2005 WL 2296673, *21-*30 (S.D.N.Y.)[hereafter *"In re. Sept. 11th II"*] (dismissing defendants); *In re: Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 837-38 (S.D.N.Y. 2005) [hereinafter, *"In re Sept. 11th I"*] (dismissing numerous defendants).

Out of all of the complaints in this consolidated proceeding, there are four allegations relating to Aradi. They are legally insufficient, separately and cumulatively. *See In re Sept. 11 II*, 2005 WL at *19 ("Defendants may be responsible for the September

---

[1] The cases listed on the cover page have been consolidated into Multi-District Litigation case number 03 MDL 1570 (RCC), referred to herein as the "Consolidated Action."

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ARADI, INC.**       1

11 attacks if they knowingly and intentionally provided material support to al Qaeda."). For the reasons set forth below, the Court should dismiss all claims against Aradi.

## II. PLAINTIFFS' ALLEGATIONS ARE VAGUE, CONCLUSORY, AND LEGALLY INSUFFICIENT.

Plaintiffs' allegations against Aradi in this Consolidated Action rest solely on vague, ambiguous, and conclusory allegations that fail to state any claim upon which relief can be granted by this Court.[2] *In re Sept. 11th I*, 349 F. Supp. 2d at 832-33. Moreover, a complaint fails where it contains "only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based." *In re. Sept 11th II*, 2005 WL *18. The conclusory allegations against Aradi in these consolidated actions neither create any reasonable inference of knowing support for Al Qaeda nor do they sufficiently state the factual grounds on which the claims are based. *See In re Sept. 11th II*, 2005 WL at *18; *In re Sept. 11th I*, 349 F. Supp. 2d at 835.

There are a total of four allegations against Aradi:[3]

First, in *Federal Insurance* and *NYMAGIC*, Plaintiffs allege that Aradi, along with over 200 other defendants, has:

> ". . . aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons, as described herein."[4]

---

[2] Plaintiffs in the *EuroBrokers Inv. v. Al Baraka Inv. & Dev. Corp.* (04-CV-7279) action have named Aradi as a defendant in the complaint's caption, but they have included no mention of it in the complaint's body. Accordingly, that complaint should be dismissed for failure to state a claim.

[3] There are no RICO statements filed against Aradi and Aradi is not aware of any allegations against it that may have been made in unrelated RICO statements.

[4] FIRST AMENDED COMPLAINT WITH INCORPORATED MORE DEFINITE STATEMENTS, RICO STATEMENTS AND RULE 15(D) SUPPLEMENTAL PLEADINGS, FILED IN ACCORDANCE WITH PARAGRAPH 13 OF CASE MANAGEMENT ORDER NUMBER 2, *Federal Ins. v. Al Qaida*, (03-CV-6978), ¶ 66 [hereafter "*Fed. Ins.*"]; accord FIRST AMENDED COMPLAINT, *New York Marine & Gen. Ins. Co. v. Al Qaida* (04-CV-6105), ¶ 45; [hereafter "*NYMAGIC*"].

This allegation is a bald conclusion that is entitled to no deference, and it fails to support any claims. *In re Sept. 11 II*, 2005 WL at *25; *In re. Sept. 11th I*, 349 F. Supp. 2d at 804 (holding it improper to consider conclusory allegations when considering a motion to dismiss). Moreover, the Court has essentially recognized that this allegation fails to state a claim because almost every dismissed defendant is identified in such a boilerplate roll-call allegation. *See, e.g. In re Sept. 11 II*, 2005 WL at *27 (dismissing individuals from the *Fed. Ins.* Complaint that were named in the roll-call allegation). This conclusory allegation is unsupported by any facts and "fails even on the liberal standard of Rule 12(b)(6)." *In re Sept. 11th I*, 349 F. Supp. 2d at 833 (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).

Second, Plaintiffs in *Ashton, Barrera, Burnett, Continental Casualty, Salvo, Tremsky*, and *WTCP* have alleged that:

> Co-conspirators, material sponsors, and/or aiders and abettors of the SAAR network include Defendants: . . . Aradi, Inc. . . .[5]

This is another "roll call" allegation, and the Court has previously held that this exact allegation presents only "the legal conclusion that the SAAR Network entities conspired with the SAAR Network" and that it gave the accused defendants "no notice of the factual grounds on which Plaintiffs' claims of conspiracy are based." *In re Sept. 11 II*, 2005 WL at *25. Just as this allegation failed to state a claim against other defendants, it likewise fails to state a claim against Aradi.

---

[5] THIRD AMENDED CONSOLIDATED MASTER COMPLAINT, *Ashton v. Al Qaeda Islamic Army* (02-CV-6977), ¶ 339 [hereafter "*Ashton*"]; COMPLAINT, *Barrera v. Al Qaeda Islamic Army* (03-CV-7036), ¶ 341 [hereafter "*Barrera*"]; AMENDED COMPLAINT, *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-5738), ¶ 267; THIRD AMENDED COMPLAINT *Burnett v. Al Baraka Inv. & Dev. Corp.*, (03-cv-9849), ¶ 267 [hereafter collectively "*Burnett*"]; FIRST AMENDED COMPLAINT, *Continental Cas. Co. v. Al Qaeda*, (04-CV-5970), ¶ 473 [hereafter "*Cont'l Cas.*"]; CONSOLIDATED FIRST AMENDED MASTER COMPLAINT, *Salvo v. Al Qaeda Islamic Army* (03-CV-5071), ¶ 472 [hereafter "*Salvo*"]; AMENDED COMPLAINT, *Tremsky v. Osama bin Laden* (02-CV-7300), ¶ 156 ["*Tremsky*"]; COMPLAINT, *World Trade Ctr. Props. LLC v. Al Baraka Inv. & Dev. Corp.* (04-CV-7280), ¶ 441 [hereafter "*WTCP*"].

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ARADI, INC.**     3

Third, Plaintiffs in *Federal Insurance* and *NYMAGIC* allege that:

> Many of the organizations within the SAAR network were established funded by, or closely affiliated with, defendant Sulaiman Abdul Aziz al Rajhi, including SAAR Foundation, SAAR International, Safa Group, Mar-Jac Poultry, Mar-Jac Holdings, Inc., Safa Trust, Inc. and Aradi, Inc.[6]

However, this allegation does not even involve alleged tortious conduct, much less demonstrate knowing support for al Qaeda. By analogy, as the Court has already held, even if the Plaintiffs have stated a claim against the so-called "SAAR Network," the bare allegation that a person or entity is "within" that network fails to state a claim. *In re Sept. 11 II*, 2005 WL at *24-27. Similarly, the bare allegation that an entity was established, funded by, or closely affiliated with Sulaiman Abdul Aziz Al Rajhi fails to state a claim as demonstrated by the Court's prior dismissal of the Al Rajhi Bank over allegations that the bank had connections to the Al Rajhi "family." *In re. Sept. 11th I*, 349 F. Supp. 2d at 832-33. This allegation includes no facts which would either entitle plaintiffs to relief or put Aradi on notice of the claims against it.

Fourth, Plaintiffs' in *Ashton* have alleged that:

> One of the companies involved with the terror financing SAAR Network is Aradi, Inc. Aradi's corporate officers were defendants ABDULLAH SULAIMAN AL RAJHI, HISHAM AL TALIB, and CHERIF SEDKY, a close associate of defendant KHALID BIN MAHFOUZ.[7]

Being allegedly "involved" with the so-called "SAAR Network" is even less substantive than "aiding and abetting" or "conspiring" with the so-called "SAAR Network." Moreover, this allegation fails to identify any actions by which Aradi was "involved with" the SAAR Network or to explain how those alleged actions raise an inference of knowing support for al Qaeda. The allegation that Aradi is "involved with" the SAAR

---

[6] *Fed. Ins.* at ¶ 223; *NYMAGIC* at ¶ 202.
[7] *Ashton* at ¶ 263.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ARADI, INC.                    4

Network includes even less suggestion of any alleged wrongdoing than the allegation that Aradi is a co-conspirator of the SAAR Network discussed *supra*. This allegation utterly fails to allege any conduct that could support liability, and thus fails to state a claim.

Finally, Plaintiffs in the *EuroBrokers Inv. v. Al Baraka Inv. & Dev. Corp. (04-CV-7279)* action have named Aradi as a defendant in the complaint's caption, but they have included no mention of it in the complaint's body. Accordingly, that complaint should be dismissed for failure to state a claim.

### III. MANY OF THE TORT CLAIMS UNDERLYING THE CONCERTED ACTION ALLEGATIONS ALSO FAIL AS A MATTER OF LAW.

Because the Plaintiffs' pleadings fail to support a claim for concerted action liability against Aradi, the Court need not rule on the merits of the underlying tort allegations. As to several of those alleged underlying torts, however, Plaintiffs' own pleadings negate essential elements of the claims with respect to Aradi. As discussed below, these pleading failures provide additional or alternative grounds for dismissal.

#### A. Torture Victims Protection Act Claims Fail Because the Deaths at Issue Occurred Within the United States and Without "Color of Law."

Several complaints[8] allege violations of the Torture Victim Protection Act of 1991 ("TVPA"), which imparts liability on any individual who, acting under color of law and outside of the United States, subjects another to "torture" or "extrajudicial killing." *See* 28 U.S.C. § 1350 note § 2(a); *Arndt v. UBS AG*, 342 F. Supp. 2d 132, 141 (E.D.N.Y. 2004); *see also* H.R. Rep. No. 102-367, at 4 (1991) ("While the Alien Tort Claims Act provides a remedy to aliens only, the TVPA [extends] a civil remedy to U.S. citizens who may have been tortured abroad."); S. Rep. No. 102-249, at 3–4 (1991) ("[T]he [TVPA] is designed to respond to [flagrant human rights violations] by providing a civil cause of

---

[8] *See Ashton; Barrera; Burnett; Fed. Ins.; Salvo; Tremsky.*

action in U.S. courts for torture committed abroad."). The September 11th attacks, however, occurred entirely within the United States, and the complaints fail to allege that Aradi, individually, committed any act of torture or extrajudicial killing, much less committed such an act under the color of law. *See In re Sept. 11th I*, 349 F. Supp. 2d at 828 (dismissing TVPA claims where there were no allegations that individual defendants acted under color of law). Thus, Plaintiffs have failed to state a claim against Aradi under the TVPA.

### B. RICO Claims Fail Because Plaintiffs Have Failed to Allege That Aradi Invested Racketeering Income or That It Directed the Operation or Management of a RICO Enterprise.

Several Plaintiffs[9] have alleged violations of sections 1962(a) and 1962(c) of the RICO statute, but the allegations in their complaints fail to support these claims. First, as this Court has found, a plaintiff must allege an injury resulting from the defendant's *investment* of racketeering income to state a claim under section 1962(a). *In re Sept. 11th I*, 349 F. Supp. 2d at 827. The complaints in this Consolidated Action, however, fail to identify (1) the racketeering income that Aradi might allegedly have received, (2) the manner in which any racketeering income was allegedly invested, or (3) any injury that might have resulted from that investment. Second, this Court has found that a plaintiff must allege the defendant directed the operation or management of the alleged RICO enterprise to state a claim under section 1962(c). *See id.* at 827-28. No complaint contains an allegation that Aradi directed or actively managed the operations of al Qaeda, the alleged RICO enterprise. Accordingly, the section 1962(a) & (c) allegations fail to state viable RICO claims. *See id.*

---

[9] *See Burnett; Euro Brokers; Fed. Ins.; NYMAGIC; Tremsky; WTCP.*

### C. Negligence and Negligent Infliction of Emotional Distress Claims Fail Because Claimants to the September 11 Victim's Compensation Fund Have Waived These Claims and Because Plaintiffs Have Not Alleged that Aradi Owed Them Any Duty.

Several of the Plaintiffs assert causes of action for common law negligence[10] and negligent infliction of emotional distress[11] against Aradi. Claimants to the September 11 Victim's Compensation Fund, however, have waived all right to file a civil action to recover for alleged injuries arising from the September 11th attacks, except for "a civil action against any person who is a *knowing* participant in any conspiracy to hijack any aircraft or commit any terrorist act." 49 U.S.C.A. § 40101 note (West 1993), ATSSSA § 405 (c)(3)(B)(i) (emphasis added). This limitation to actions against "knowing" participants necessarily eliminates negligence claims by claimants to the September 11 Victim's Compensation Fund. Accordingly, the Court should dismiss all negligence claims brought by any claimant to the September 11 Victim's Compensation Fund.

Moreover, Plaintiffs' failure to allege the actionable violation of a legal duty owed by Aradi to any Plaintiff is fatal to all negligence claims. As this Court noted in its earlier opinion, "[t]he most basic element of a negligence claim is the existence of a duty owed to the plaintiffs by defendants." *In re Sept. 11th I*, 349 F. Supp. 2d at 830 (citing *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 342 (1928)). Plaintiffs either fail to allege that Aradi violated a specific legal duty,[12] or make only the vague and conclusory

---

[10] *See Burnett; Fed. Ins.; NYMAGIC; Tremsky.*
[11] *See Burnett; Fed. Ins.; Tremsky.*
[12] *See Fed. Ins.; NYMAGIC; Tremsky.*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ARADI, INC.**                    7

allegations which cannot stave off dismissal.[13] *See id.* at 830-31. Therefore, the Court should dismiss any alleged claims of negligence against Aradi.

### D. The New York Statute of Limitations Bars Intentional Tort Claims.

Next, various Plaintiffs allege claims of intentional infliction of emotional distress[14] and assault and battery.[15] As this Court previously recognized, New York's one-year statute of limitations for intentional torts[16] precludes Plaintiffs who filed their complaints after September 11, 2002—*i.e.*, *Burnett*, *Baraka*, and *Fed. Ins.*—from maintaining claims for intentional torts under New York law. *See In re Sept. 11th I*, 349 F. Supp. 2d at 829.

### E. The Punitive Damages Allegation under 28 U.S.C. § 1606 Does Not Apply to Aradi Because It Is Not a Foreign State.

Finally, several Plaintiffs allege an entitlement to recovery of punitive damages from all "Defendants" (necessarily including Aradi) pursuant to 28 U.S.C. § 1606.[17] While these allegations do not state a separate cause of action, they fail as a matter of law because section 1606, by its plain terms, applies only to foreign states. *See* 28 U.S.C. § 1606. As a dissolved domestic corporation, Aradi does not fall within the ambit of section 1606.

For the above reasons, each of these substantive causes of action fails as a matter of law as to Aradi, and the Court should dismiss each of them.[18]

---

[13] *See, e.g.*, *Tremsky*, ¶ 235 ("All Defendants were under a general duty not to intentionally injure, maim or kill, commit criminal or tortious acts, endanger lives, and engage in activity that would foreseeably lead to the personal injury and/or death of Plaintiffs.").
[14] *See Burnett*; *Fed. Ins.*; *Tremsky*.
[15] *See Ashton*; *Barrera*; *Fed. Ins.*; *Salvo*.
[16] The statute of limitations for intentional torts is two years in Pennsylvania and Virginia. *See Ash v. Continental Ins. Co.*, 861 A.2d 979, 980-81 (Pa. Super. 2004); 42 Pa.C.S. § 5524; Va. Code § 8.01-243.
[17] *Ashton*; *Barrera*; *Burnett*; *Salvo*.
[18] Aradi is appearing voluntarily in this action in order to clear its name and to demonstrate that the allegations against it do not state a claim. Aradi therefore is not moving to dismiss on the basis of insufficiency of service of process. However, Aradi objects that it has not been properly served with

## IV. CONCLUSION

For the reasons stated herein, Aradi respectfully requests that the Court dismiss all claims against it and that any request for entry of default judgment be denied.

Respectfully submitted this 19th day of October, 2005.

FISH & RICHARDSON P.C.

By: _____
Raymond R. Castello (RC 2106)
153 East 53rd Street, 52nd Floor
New York, NY 10022
(212) 765-5070 (Telephone)
(212) 258-2291 (Facsimile)

**COUNSEL FOR DEFENDANT**

---

process and therefore objects to any request for or entry of default or a default judgment. In the *Federal Insurance* case, in particular, Aradi understands from materials filed in that case that plaintiffs claim that they made a purported attempt at service of process in the *Federal Insurance* action on or about July 21, 2004, by sending a copy of the Complaint by Federal Express, addressed simply to Aradi, Inc., at 555 Grove Street, Herndon, Virginia, and that, according to a Federal Express record, the package was signed for by "M. Ashraf." This does not constitute proper service for several reasons. As an initial matter, Aradi was dissolved on December 31, 2002. Thus, at the time of the purported attempt at service, Aradi had been dissolved as a corporation. Indeed, long before the attempted service, a Certificate of Withdrawal from the Virginia State Corporation Commission had issued, which recognized that Aradi was no longer even doing business in Virginia, including at the address to which the Federal Express was sent. Moreover, at the time of Aradi's dissolution, "M. Ashraf" was not a registered agent for Aradi and was not an officer or director of the company according to its public filings. The attempt at service was therefore improper.

## CERTIFICATE OF SERVICE

I hereby certify that, on October 19, 2005, I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ARADI, INC. to be served on all counsel in the *Federal Ins. v. Al Qaida* (03-CV-6978) matter via the Court's Electronic Case Filing ("ECF") system.

I hereby certify that, due to an issue with the ECF system, on October 20, 2005, I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ARADI, INC. to be served on all counsel in the 03-MDL-1570 multidistrict litigation electronically via the Court's ECF system.

Dated: October 20, 2005

By: /s/ Raymond R. Castello
Raymond R. Castello (RC 2106)

90147189 2 (3).doc