## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACK
ON SEPTEMBER 11, 2001

CASE NO. 03 MDL 1570

ECF CASE

This filing applies to:

*The Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04 CV 1076 (RCC)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT DR. TAHA AL-ALWANI'S MOTION TO DISMISS

---

Nancy Luque (NL-1012)
Jay Hanson (admitted *pro hac vice*)
Steven K. Barentzen (SB-8777)
DLA PIPER RUDNICK GRAY CARY US LLP
1200 Nineteenth Street
Washington, DC  20036-2247
Tel: 202-861-3900
Fax: 202-223-2085

*Attorneys for Dr. Taha Al-Alwani*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT .................................................................................................................. 5

    I.   THE CLAIMS AGAINST DR. TAHA AL-ALWANI SHOULD BE
        DISMISSED BECAUSE HE IS NOT THE SAME PERSON AS
        THE TAHA AL-ALWANI NAMED IN THE COMPLAINT ...................................... 5

    II.  THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO
        RULE 12(B)(6) BECAUSE IT FAILS TO STATE A CLAIM ..................................... 6

    III. PLAINTIFFS' "CONSOLIDATED" COMPLAINT ALSO FAILS
        TO STATE A CLAIM ................................................................................... 7

       A.  PLAINTIFFS "CONSOLIDATED"  COMPLAINT DOES NOT
           COMPLY WITH THE COURT'S CASE MANAGEMENT ORDER ......................... 7

       B.  THE "MORE DEFINITE STATEMENT" DOES NOT STATE
           A CLAIM AGAINST DR. AL-ALWANI ................................................... 10

CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

## Cases

*De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996)..........................................................7

*Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992)..........................................................9

*Harris v. City of New York*, 186 F.3d 243 (2d Cir. 1999) ..........................................................6

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) ..........................................................6

*In re Terrorist Attacks on September 11, 2001*, 2005 WL 2296673 (S.D.N.Y.2005)............passim

*In re Terrorist Attacks on September 11, 2005,* 349 F. Supp. 2d 765 (S.D.N.Y. 2005) .......6, 7, 12

*Jackson v. BellSouth Telecomms.*, 372 F.2d 1250 (4th Cir. 2004)....................................................7

*Michaelis v. Nebraska State Bar Assoc.*, 717 F.2d 437 (8th Cir. 1983)..........................................9

*Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981)..................................................9

*Simmons v. Abruzzo*, 49 F.3d 83 (2d Cir. 1995)..........................................................6

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771 (7th Cir. 1994) ............................8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | CASE NO. 03 MDL 1570 ECF CASE |

This filing applies to:

*The Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04 CV 1076 (RCC)

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT DR. TAHA AL-ALWANI'S MOTION TO DISMISS**

Dr. Taha Jabir Al-Alwani, by and through undersigned counsel, hereby submits this Memorandum of Law in Support of his Motion to Dismiss Plaintiffs' First Consolidated Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

The claims against movant Dr. Al-Alwani should be dismissed because he is not the Taha Al-Alwani that is named as a Defendant in the complaint.

The Taha Al-Alwani named in the complaint allegedly is a "natural person[ ], subject[ ] and citizen[ ] of Iraq" and a "leader[ ], official[ ], agent[ ]/or employee[ ] of Iraq and/or its Intelligence Agency" who is purportedly liable for actions taken "while acting in the course and scope of [his] employment." (Complaint, ¶ 36.)

The movant, Dr. Al-Alwani, is an American citizen who has resided in the United States for the past 20 years. Dr. Al-Alwani *has not been in Iraq for over 35 years*, and he is not – and never has been – a leader, official, agent or employee of Iraq and/or its Intelligence Agency.

(Declaration of Taha Al-Alwani, ¶¶ 3 and 4.)[1]  Instead, Dr. Al-Alwani is a moderate and progressive voice in American Islam, who denounces and teaches against all forms of terrorism.

Because "Al-Alwani" is a common name in Iraq -- the name of entire tribe -- Plaintiffs have confused the movant Dr. Al-Alwani with an Iraqi also named Taha Al-Alwani -- perhaps the former mayor of Fallujah, named Taha Badwi Hamid Al-Alwani, or possibly a former member of Saddam Hussein's infamous Baath Party -- and served the complaint on the wrong person.  The claims against movant Dr. Al-Alwani should be dismissed because he has never supported Al Qaida nor assisted or funded terrorism of any kind, and Plaintiffs have not alleged facts sufficient to claim that he has done so.

## FACTUAL BACKGROUND

Dr. Al-Alwani has been named as a defendant in three other actions in this MDL: *Burnett, Federal Insurance*[2] and *New York Marine*, all for his purported role in the so-called "SAAR Network."  In January 2005, the *Burnett* Plaintiffs voluntarily dismissed the claims against Dr. Al-Alwani.  On September 21, 2005, the Court dismissed the claims against Dr. Al-Alwani in the *Federal Insurance* action because "the complaint does not adequately provide [Dr. Al-Alwani] with notice as to how [he] provided material support to al Qaeda terrorists."  *In re Terrorist Attacks on September 11, 2001*, 2005 WL 2296673 at * 27 and 30 (S.D.N.Y.2005) ("*In re Terrorist Attacks II*").  On October 28, 2005, Dr. Al-Alwani moved to dismiss the claims against him in the *New York Marine* action, and that motion is currently pending.

---

[1] Hereinafter the "Al-Alwani Decl."  The Al-Alwani Decl. is attached as Exhibit A to the Declaration of Steven K. Barentzen, sworn to on November 4, 2005 (the "Barentzen Decl.").

[2] For example, the *Federal Insurance* Plaintiffs alleged that Dr. Al-Alwani was a President of alleged "SAAR Network" member International Institute of Islamic Thought ("IIIT") and an officer of Heritage Education Trust. (*Federal Insurance* RICO Statement Applicable to SAAR Network Executives at Ex. A.)

In contrast to the other actions, Plaintiffs in this action allege that Taha Al-Alwani is a "natural person[ ], subject[ ] and citizen[ ] of Iraq" and a "leader[ ], official[ ], agent[ ]/or employee[ ] of Iraq and/or its Intelligence Agency, who participated in the acts and conspiracy described below while acting in the course and scope of their employment," along with such well-known nefarious individuals as Saddam Hussein and his two sons, Qusay and Uday, and other members of Saddam Hussein's infamous Baath party. (Complaint, ¶ 36.)[3]  Plaintiffs do not allege that Taha Al-Alwani is liable for his role in the so-called "SAAR Network."  In fact, the complaint is completely devoid of any reference to the so-called "SAAR Network," and none of the other so-called "SAAR Network Defendants" that other Plaintiffs have sued are named as defendants.

After Dr. Al-Alwani was served with the complaint on July 29, 2005, he advised Plaintiffs that he was not the named Taha Al-Alwani and requested that Plaintiffs voluntarily withdraw the Complaint.  Plaintiffs refused, and instead, on August 26, 2005, filed a document styled as a "More Definite Statement Pursuant to the Fed. R. Civ. Pro. Rule 12(e), Judge Casey's CMO-2, Paragraph 13, and/or RICO Applicable to Taha Al Alwani A/K/A Dr. Taha Jabir Al'Alwani." (Barentzen Decl., Ex. B.)[4]

This RICO Statement purported to amend the complaint to include an entirely new set of allegations against Dr. Al-Alwani that were inconstant with those in the complaint.  Rather than base liability against Dr. Al-Alwani for his purported activities as part of the Iraqi government as

---

[3] Plaintiffs also mention Taha Al-Alwani in three other places in the complaint.  (Complaint, ¶¶ 41, 63 and 276.) However, he is merely listed in these paragraphs, and none of these paragraphs contain any information describing or identifying Taha Al-Alwani.

[4] Although styled as a More Definite Statement and/or RICO Statement, the document was in both form and substance a RICO Statement filed in violation of the Court's August 23, 2005 Order which denied the *O'Neill* Plaintiffs' counsel's application to amend paragraph 13 of the Court's Case Management Order # 2 to permit the late filing of RICO Statements.

in the complaint, the More Definite Statement instead alleged that Dr. Al-Alwani lived in Herndon, Virginia and that he was associated with certain so-called "Safa Group"[5] entities and that through his involvement with these "SAAR affiliates" funneled money to Palestinian Islamic Jihad ("PIJ") fronts. (*Id.* at Ex A.)

On September 2, 2005, Dr. Al-Alwani requested that Plaintiffs withdraw the complaint and the prohibited RICO Statement and advised Plaintiffs that if they did not agree to do so, Dr. Al-Alwani would seek sanctions against Plaintiffs and their counsel pursuant to Rule 11. (Barentzen Decl., Ex. C.)

By letter dated September 30, 2005, Plaintiffs refused to withdraw the complaint against Dr. Al-Alwani, but did agree to withdraw the RICO Statement.[6] (Barentzen Decl., Ex. D.)

Later that same day, Plaintiffs filed their First Consolidated Complaint and attached as an exhibit a document entitled a "More Definite Statement/Additional Allegations as to Defendant Taha Al Al-Alwani A/K/A Dr. Taha Jabir Al'Al Wani." The allegations against Taha Al-Alwani in the First Consolidated Complaint were identical to those in the earlier Second Amended Complaint, and the attached "More Definite Statement," although retitled and reformatted, was substantively identical to the RICO Statement that Plaintiffs had withdrawn just earlier that day.

## ARGUMENT

I. **THE CLAIMS AGAINST DR. TAHA AL-ALWANI SHOULD BE DISMISSED BECAUSE HE IS NOT THE SAME PERSON AS THE TAHA AL-ALWANI NAMED IN THE COMPLAINT**

Dr. Taha Jabir Al-Alwani, who was served with the complaint, is not the same person as the Taha Al-Alwani named as a Defendant in the complaint. Plaintiffs allege that Defendant

---

[5] Presumably the "Safa Group" is akin to what other Plaintiffs have called the "SAAR Network."

Taha Al-Alwani is a natural person, subject and citizen of Iraq who participated in the acts and conspiracy described below while acting in the course and scope of his employment for the Iraqi government. (Complaint, ¶ 36.) Defendant Taha Al-Alwani is listed in the same paragraph of the complaint as such nefarious Iraqi's as Saddam Hussein, his two sons, Qusay and Uday, and other members of Saddam Hussein's infamous Baath party such as Abdel "the Ghost" Hussein, former Iraqi vice-president Taha Yassin Ramadan, former Iraqi Trade Minister Muhammad Madhi Salah and former Iraqi diplomat Hisham Hussein.

The movant, Dr. Taha Jabir Al-Alwani, on the other hand, is a United States citizen living in Virginia. (Al-Alwani Decl. at ¶ 3.) Dr. Al-Alwani has not been in Iraq since 1969. (*Id.* at ¶ 3.) He has lived in the United States since 1984 and he became a United States citizen in 1992. (*Id.*) Dr. Al-Alwani is not, and never has been, a leader, official, agent or employee of Iraq its Intelligence Agency, and he did not participate in any of the acts or conspiracies described in the complaint. (*Id.* at ¶ 4.)

Plaintiffs have confused Dr. Al-Alwani with an Iraqi national also named Taha Al-Alwani. The surname "Al-Alwani" is a tribal name in Iraq and there may be as many as 50,000 families living in Iraq with that name. (*Id.* at ¶ 5.) It is likely that the Taha Al-Alwani that the Plaintiffs name as a Defendant is the former mayor of Fallujah, who is named Taha Badwi Hamid Al-Alwani. (*Id.*) Defendant Taha Al-Alwani could also possibly be another Iraqi national that was a member of Saddam Hussein's Baath Party. (*Id.*)

---

[6] Confusingly, Plaintiffs also refused to withdraw their "More Definite Statement" even though that it the same document as the RICO Statement they did agree to withdraw.

Whoever Defendant Taha Al-Alwani is, he is not the same person as movant, Dr. Al-Alwani, who was served with this complaint and for this reason the claims against Dr. Al-Alwani should be dismissed.

## II.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE IT FAILS TO STATE A CLAIM

Even if Plaintiffs did correctly serve the Taha Al-Alwani they named as Defendant, the complaint should be dismissed because it fails to state a claim.

In determining a Rule 12(b)(6) motion to dismiss, the Court accepts as true the facts alleged in the complaints and draws all reasonable inferences in favor of Plaintiffs. *In re Terrorist Attacks II*, 2005 WL at *18 (*citing Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). A complaint should be dismissed only if it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Id.* (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Despite these liberal pleading standards, however, a plaintiff must still give a defendant fair and adequate notice of their claims and the grounds on which they rest. *Id.* (*citing Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("legal conclusions done up as factual allegations are not facts and cannot substitute for facts"). Moreover, "in light of the extreme nature of the charge of terrorism, *fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant, to ensure that he -- or it -- does indeed have fair notice of [the claims]*." *In re Terrorist Attacks on September 11, 2005,* 349 F. Supp. 2d 765, 831 (S.D.N.Y. 2005) ("*In re Terrorist Attacks I*") (emphasis added).

Here, the complaint contains no factual allegations -- none -- against Dr. Al-Alwani that in any way provide him notice of the factual grounds on which Plaintiffs' claims are based. The complaint simply states that Dr. Al-Alwani "participated in the acts and conspiracy described

6

below while acting in the course and scope of their employment." (Complaint at ¶ 36.) These conclusory allegations fail as a matter of law. *See In re Terrorist Attacks I,* at 833 (*quoting De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) ("[A] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)); *In re Terrorist Attacks II*, \*18 (*quoting Jackson v. BellSouth Telecomms.*, 372 F.2d 1250, 1270-71 (4th Cir. 2004) (pleading that "contained only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based" cannot withstand motion to dismiss)).

The Court already has found that the *Federal Insurance* Plaintiffs' more detailed allegations concerning Dr. Al-Alwani's purported role in the so-called "SAAR Network" fail to state a claim because they do not give him notice of the claims against him. *In re Terrorist Attacks II*, 2005 WL 2296673 at \* 27 and 30. Plaintiffs' claims here, which are more conclusory and supported by even less factual allegations, also must be dismissed.

## III.  PLAINTIFFS' "CONSOLIDATED" COMPLAINT ALSO FAILS TO STATE A CLAIM

### A.  PLAINTIFFS "CONSOLIDATED" COMPLAINT DOES NOT COMPLY WITH THE COURT'S CASE MANAGEMENT ORDER

On September 30, 2005, after the Court dismissed Dr. Al-Alwani from the *Federal Insurance* action, Plaintiffs filed their First Consolidated Complaint purportedly in compliance with paragraph 13 of the Court's Case Management Order #2 (the "CMO-2"). That provision of the CMO-2 states in pertinent part that:

> Plaintiffs may file more definite statements and/or additional allegations against existing defendants by filing statements to this effect, which will be treated and accepted as pleadings and deemed amendments to previously-filed Complaints or Amended

7

> Complaints, in lieu of filing an additional Amended Complaint.
> On [September 30,][7] 2005, the plaintiffs shall file an amended
> complaint that includes all amendments made prior to that date,
> whether made pursuant to Rule 12(e) or otherwise.

This "consolidated" complaint, at least with respect to the allegations against Taha Al-Alwani, is identical to the earlier Second Amended Complaint. Plaintiffs, however, also attached as exhibits to the "consolidated" complaint seven "More Definite Statements" that Plaintiffs claim are incorporated into the complaint by reference. One of these is a "More Definite Statement/Additional Allegations as to Defendant Taha Al Al-Alwani A/K/A Dr. Taha Jabir Al'Al Wani." Although styled as a "More Definite Statement," the document is in form and substance a RICO Statement, and virtually identical to the a previous RICO Statement filed by Plaintiffs in violation the Court's CMO-2 and August 23, 2005 Order, and subsequently withdrawn. (Barentzen Decl., Exs. B and D.)

Plaintiffs' "consolidated" complaint fails to comply with the CMO-2 that clearly contemplates the filing of a single document containing all of Plaintiffs' allegations and Fed. R. Civ. P. 10 which requires complaints to list their allegations in sequentially numbered paragraphs. Moreover, the attached "More Definite Statements" impose a burden on both the defendants and the Court to determine exactly what is being alleged against whom that the CMO-2 was specifically designed to prevent. *See, e.g., Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."); *Michaelis v. Nebraska State Bar Assoc.*, 717 F.2d 437, 439 (8th Cir. 1983) (dismissing complaint because "the style and prolixity of these pleadings would

---

[7] The Case Management Order originally provided for amended complaints to be filed by July 31, 2005. That date

8

have made an orderly trial impossible."); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 675

(9th Cir. 1981). ("The appellees herein have had to spend a large amount of time and money

defending against Cissna's poorly drafted proceedings . . . The right of these defendants to be

free from this costly and harassing litigation . . . must be considered.").

This "More Definite Statement" does not clarify or expand upon "vague or ambiguous"

allegations in the complaint as required by Federal Rule Civil Procedure 12(e). Rather, it

contains an entirely new theory of liability against Dr. Al-Alwani and factual allegations in

support of that theory against Dr. Al-Alwani that are inconsistent with the Complaint's

allegations. The Complaint alleged that Dr. Al-Alwani was an Iraqi working for the Iraqi

Government and liable to Plaintiffs for actions taken in the scope of his employment with the

Iraqi government. (Complaint, ¶ 36.) The "More Definite Statement," on the other hand, alleged

that Dr. Al-Alwani lives in Virginia and is liable to Plaintiffs for actions taken in the scope of his

employment for "Safa Group" entities. The "More Definite Statement" is an impermissible

attempt by Plaintiffs to bring Dr. Al-Alwani into this action as a defendant even though he was

not originally named in the complaint.

For these reasons, the Court should strike the "More Definite Statement" and only

consider those allegations that are contained in the actual complaint filed by Plaintiffs.

Alternatively, the Court should consider dismissal of the action for failure to comply with the

CMO-2. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district courts have

"inherent power to control their dockets and, in the exercise of that power they may impose

sanctions including, where appropriate, . . . dismissal of a case") (citations and quotation

omitted); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 35.31 (2004) (courts should

---

was extended until September 30, 2005 by Order of the Court dated July 27, 2005.

consider "dismissal with prejudice where the plaintiff has been given the opportunity to file an amended complaint and persists in filing a lengthy and confusing document.")

**B.   THE "MORE DEFINITE STATEMENT" DOES NOT STATE A CLAIM AGAINST DR. AL-ALWANI**

Even if the Court were to consider the allegations in Plaintiffs' "More Definite Statement," Plaintiffs still have failed to state a claim against Dr. Al-Alwani.

Most of the allegations in the More Definite Statement are an attempt by Plaintiffs to hold Dr. Al-Alwani liable for his alleged role in what Plaintiffs call the "Safa Group." For example, Plaintiffs allege that Dr. Al-Alwani is a "director" of "Safa Group" entities Graduate School for Social and Islamic Sciences, International Institute of Islamic Thought, FIQH Council of North America and Heritage Education Trust. (More Definite Statement, at ¶¶ 22-26.) But, these general allegations are even weaker than the allegations that the *Federal Insurance* Plaintiffs asserted against Dr. Al-Alwani and that the Court already found fail to state a claim because they do "not adequately provide [Dr. Al-Alwani] with notice as to how [he] provided material support to al Qaeda terrorists." *In re Terrorist Attacks II,* at *27.

The "consolidated" complaint in this action was filed after the Court dismissed the *Federal Insurance* claims against Dr. Al-Alwani. Therefore Plaintiffs had full knowledge of precisely what they needed to allege against Dr. Al-Alwani in order to survive a motion to dismiss. Even with the benefit of the roadmap provided by the Court's decision, Plaintiffs still failed to state a claim against Dr. Al-Alwani and the claims now should be dismissed.

The "More Definite Statement" also attempts to allege that Dr. Al-Alwani supported the PIJ. Specifically, Dr. Al-Alwani is alleged: 1) to have "attended and spoke at" an Islamic Concern Project conference that Plaintiffs allege is "in essence, [a] PIJ conference" (More Definite Statement at ¶ 27); 2) in the late 1980's to have proclaimed that "Jihad is the only way

10

to liberate Palestine" (*id.* at ¶ 28); and 3) in his capacity as President of IIIT and officer of Heritage Education Trust and Safa Trust to have "funneled tens of thousands of dollars to the PIJ Fronts" (*id.* at ¶ 30). But, even if these allegations were true, they too fail to state a claim.

Plaintiffs have not alleged that Dr. Al-Alwani supported PIJ. Rather, they allege that Dr. Alwani spoke at an "Islamic Concern Project ('ICP')" that Plaintiffs state was "in essence" a PIJ conference. Plaintiffs do not allege why the ICP conference was in essence a PIJ conference or that Dr. Al-Alwani knew that to be the case. Plaintiffs also allege that Dr. Al-Alwani purportedly issued a fatwa in the 1980's, but this allegation does not even attempt to link Dr. Al-Alwani to the PIJ, or any other group for that matter. Moreover, the allegation that Dr. Al-Alwani "funneled" funds to "PIJ fronts" is fatally vague. Plaintiffs do not allege when these transfers purportedly happened, who the PIJ fronts were or that Dr. Al-Alwani knew them to be PIJ fronts. These vague allegations concerning Dr. Al-Alwani's purported support of PIJ are similar to those asserted in the *Ashton* complaint against IIIT that the Court dismissed because Plaintiffs did not allege that IIIT knew that the charities it allegedly financed "were Islamic Jihad cells or whether and how these cells participated in or contributed to al Qaeda's agenda of terror." *In re Terrorist Attacks II*, at 27.

Even if Dr. Al-Alwani were alleged to be a supporter of the PIJ, Plaintiffs still would not have stated a claim because they have not alleged -- and cannot allege -- that PIJ had any role whatsoever in the September 11th attacks or is in any way connected to Al Qaeda. [8] PIJ has been linked to terrorist attacks in Israel, but it never has been alleged to be responsible for the

---

[8] As counsel for Mar-Jac Poultry, Mr. Wilmer Parker, argued at the June 15, 2005 hearing, PIJ could not possibly have been involved in the September 11th attacks, otherwise the firm Cozen O'Conner could not be the criminal defense attorney for Sami Al-Arian, an individual prominently linked with the PIJ, and also represent the *Federal Insurance* plaintiffs in the MDL without violating its ethical duties. (June 15, 2005 Tr. at 16-17.)

September 11th Attacks or in any way related to Al Qaeda.  In this respect, PIJ is similar to Hamas, and the Court has already found that "Plaintiffs have not alleged any relationship between Hamas and al Qaeda or the terrorist attacks of September 11." *In re Terrorist Attacks I*, at 833.

## CONCLUSION

For all the foregoing reasons, Dr. Taha Al-Alwani respectfully request that the Court grant their Motion to Dismiss the First Consolidated Complaint with prejudice.

Respectfully submitted,


Dated:   November 4, 2005

By: /s/ Nancy Luque _____
Nancy Luque (NL-1012)
Jay Hanson (admitted *pro hac vice*)
Steven K. Barentzen (SB-8777)
DLA PIPER RUDNICK GRAY CARY US LLP
1200 Nineteenth Street
Washington, DC  20036-2247
Tel: 202-861-3900
Fax: 202-223-2085

*Attorneys for Dr. Taha Al-Alwani*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2005, I caused an electronic copy of the foregoing Motion to Dismiss to be served by the Court's electronic filing system upon all parties scheduled for electronic notice.


/s/  Steven K. Barentzen
Steven K. Barentzen (SB-8777)