UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |
| *This document relates to:* | |

*Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02 CV 6977 (RCC)
*Burnett v. Al Baraka Investment & Develop. Corp.*, 03 CV 5738 (RCC)
*Burnett v. Al Baraka Investment & Develop. Corp.*, 03 CV 9849 (RCC)
*Federal Insurance Co., et al. v. Al Qaida, et al.*, 03 CV 6978 (RCC)
*Estate of John P. O'Neill, Sr. v. Al Baraka Inv. & Dev. Corp., et al.*, 04 CV 1923 (RCC)
*John P. O'Neill, Jr., et al. v. The Republic of Iraq, et al.*, 04 CV 1076 (RCC)
*Cantor Fitzgerald Associates, L.P. v. Akida Investment Co., Ltd.*, 04 CV 7065 (RCC)
*Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp*, 04 CV 7279 (RCC)
*World Trade Ctr. Props. L.L.C. v. Al Baraka Inv. & Dev. Corp.*, 04 CV 7280 (RCC)

**PLAINTIFFS' NOTICE OF
SUPPLEMENTAL AUTHORITY
REGARDING THE "GOLDEN CHAIN"**

Plaintiffs in the above-captioned cases hereby provide notice to the Court of two recent court developments in the United States District Court for the Southern District of New York. Plaintiffs believe that the supplemental authority described below bears on the decided and pending Motions to Dismiss filed by the following Defendants at the docket numbers shown:[1]

---

[1] Plaintiffs submit this Notice of Supplemental Authority Regarding the "Golden Chain" while maintaining their position that proof of authenticity of the "Golden Chain" documents is not necessary pursuant to the notice pleading requirements of Fed. R. Civ. Pro. 8(a) which bear upon determination of motions to dismiss for failure to state a claim. Plaintiffs also bring to the Court's attention a recent ruling of the United States Court of Appeals for the Second Circuit reiterating the notice pleading standard. *See Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) (holding "*All* complaints must be read liberally; dismissal on the pleadings *never* is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory" (emphasis in original)); *see also Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 106-07 (2d Cir. 2005).

1

| **Defendant** | **Motion to Dismiss** | **Plaintiffs' Response** | **Reply** |
|---|---|---|---|
| Khalid Bin Mahfouz | 319 (D.C.) | 388 (D.C.) | 426 (D.C.) |
|  | 1013 | 1146 | 1267 |
| Saleh Kamel | 198 (D.C.) | 312 (D.C.) | 355 (D.C.) |
|  | 52 | 238 | 495 |
|  | 1438 | N/A | N/A |
| Hamad Al-Husaini | 82 | 272 | 331 |
|  | 1189 | 1253 | 1268 |
| Adel Batterjee | 101 | 215 | 264 |
| Wael Jalaidan | 53 | 152 | 203 |
|  | 359 | 459 | 492 |
| Yousef Jameel | 299 | 505 | 587 |
|  | 302 | 505 | 587 |
|  | 1057 | 1243 | 1454 |
| Sulaiman Al-Rajhi | 869 | 1029 | 1053 |
| Saleh Al-Rajhi | 865 | 1035 | 1052 |
| Abdullah Al-Rajhi | 863 | 1032 | 1051 |
|  | 867 | 1032 | 1051 |

**I.**   *United States v. Bin Laden, et al.*, **Case No. S7R 98 Cr. 1023 (KTD), 2005 WL 2875320 (S.D.N.Y. Nov. 2, 2005)**

On November 2, 2005, Judge Kevin Duffy, United States District Judge for the Southern District of New York, upheld the conviction of Wadih El-Hage in *United States v. Bin Laden, et al.*, Case No. S7R 98 Cr. 1023 (KTD), 2005 WL 2875320. (A copy of the Court's Opinion and Order is attached hereto as Exhibit A.) In doing so, the Court found that statements made by Jamal al-Fadl, the same witness on whose statements Plaintiffs in these proceedings rely with respect to the "Golden Chain" documents found in raids on the Bosnian office of Defendant Benevolence International Foundation, were "significantly corroborated" and rejected attacks on al-Fadl's credibility. 2005 WL 2875320, *40.

In denying El Hage's motion for a new trial, Judge Duffy addressed allegations by counsel for El Hage that previously undisclosed statements of al-Fadl would serve to conclusively impeach the credibility of his direct testimony used to convict El Hage. Rejecting El Hage's argument, the Court held: "al-Fadl's testimony regarding al Qaeda's violent intentions

2

toward the United States prior to [Bin Laden's August 1996 declaration of "Holy War Against the Americans Who are Occupying the Land of the Two Holy Places"] was significantly corroborated." *Id.* at *38. In assessing the credibility of al-Fadl's testimony in "establishing the structure and history of al Qaeda" in light of the undisclosed videotapes, the Court further held: "[A]s with al-Fadl's other testimony, his testimony on these subjects was significantly corroborated (and in many cases, surpassed) by other evidence." *Id.* at *40.

**II.     *United States v. Paracha*, Case No. 03 Cr. 1197 (SHS), Oral Order of Judge Stein Regarding *Daubert* Motion**

Plaintiffs also submit to this Court the November 3, 2005 *Daubert* ruling by Judge Sidney Stein, United States District Judge for the Southern District of New York, in *United States v. Uzair Paracha*, Case No. 03 Cr. 1197 (SHS), qualifying Evan Kohlmann as an expert on the origin and structure of al Qaeda. (A copy of the November 3, 2005 transcript is attached hereto as Exhibit B.)  Mr. Kohlmann is the same expert on whom plaintiffs in these proceedings rely in presenting evidence about the origin and structure of al Qaeda.  In qualifying Mr. Kohlmann, Judge Stein ruled from the bench as follows:

> The government has met its burden of establishing by a preponderance of the proof that its proposed expert, Evan Kohlmann, has sufficient education, training, and knowledge to be qualified as an expert, and that Kohlmann's methodology - - that is, his process of gathering sources, including a variety of original and secondary sources, cross-checking sources against each other, and subjecting his opinions and conclusions to peer review - - is sufficiently reliable to meet the standards for the admissibility of expert testimony set by the Federal Rules of Evidence.

Tr. at 8.

Furthermore, Judge Stein held:

> The second finding is that the government has met its burden of establishing by a preponderance that Kohlmann reliably applied that methodology in reaching his conclusions about the origins and structure of a1 Qaeda, the identification of its leaders and its use of cells as a means of operating and its use of individuals to

3

provide logistical support, and that testimony will be permitted, assuming the government chooses to adduce it.

Tr. at 10-11.

In detailing Kohlmann's application of his professional methodology, Judge Stein provides justification for expert reliance on source documents that may be based on hearsay evidence. Tr. at 9-10. In the *Daubert* hearing conducted by Judge Stein, Mr. Kohlmann testified that his sources regarding the origins and structure of al-Qaeda included documents seized by federal authorities on the hard drive of a computer in the Bosnian office of Defendant Benevolence International Foundation including the files "known as the Tareekh al-Musadat or the Tareekh Osama file." *United States v. Paracha*, Case No. 03 Cr. 1197 (SHS), Nov. 2, 2005, Tr. at 133 (Cross-Examination of Evan F. Kohlmann). (A copy of the November 2, 2005 transcript is attached hereto as Exhibit C.) The "Golden Chain" document is one of the many documents found in the Tareekh Osama directory of the computer hard drive. Plaintiffs respectfully submit that Judge Stein's allowance of the expert testimony of Mr. Kohlmann regarding the "origins and structure of al Qaeda" provides further support for the use of documents found in the Tareekh Osama directory, including the "Golden Chain" document, to establish the causal chain of al-Qaeda activity, including the raising of funds for al-Qaeda activity.

Dated: New York, New York                    Respectfully submitted,
       November 11, 2005

                                                                   /s/
                                               Ronald L. Motley, Esq. (SC Bar #4123)
                                               Jodi Westbrook Flowers, Esq. (SC Bar #66300)
                                               Donald A. Migliori, Esq. (RI Bar #4936)
                                               Michael Elsner, Esq. (NY & VA Bar #ME-8337)
                                               Robert T. Haefele, Esq. (NJ-58293; PA-57937)
                                               Justin B. Kaplan, Esq. (TN-022145)

John Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Tel:  (843) 216-9000

Paul J. Hanly, Jr., Esq. (PH-5486)
Jayne Conroy, Esq. (JC-8611)
Andrea Bierstein, Esq. (AB-4618)
HANLY CONROY BIERSTEIN &
   SHERIDAN, LLP
112 Madison Avenue, 7th Floor
New York, NY  10016-7416
Tel:  (212) 784-6400

*Attorneys for Plaintiffs*
*Thomas E. Burnett, Jr., et al., Euro Brokers, Inc.,*
   *et al. and World Trade Ctr. Props. L.L.C., et al.*

Sean P. Carter, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103-3508
Tel:  (215) 665-2000

*Attorneys for Plaintiffs*
*Federal Insurance Company, et al.*

James P. Kreindler, Esq.
KREINDLER & KREINDLER LLP
100 Park Avenue, 18th Floor
New York, NY 10017-5590
Tel:  (212) 687-8181

*Attorneys for Plaintiffs*
*Kathleen Ashton, et al.*

Kenneth L. Adams, Esq.
DICKSTEIN SHAPIRO MORIN &
   OSHINSKY LLP
2101 L Street, N.W.
Washington, DC 20037-1526
Tel:  (202) 785-9700

*Attorneys for Plaintiffs*

5

*Cantor Fitzgerald & Co., et al.*

Jerry S. Goldman, Esquire
LAW OFFICE OF JERRY S. GOLDMAN
   AND ASSOCIATES, P.C.
111 Broadway, 13th Floor
New York, NY 10006
Tel:  (212) 242-2232

*Attorneys for Plaintiffs*
*The Estate of John P. O'Neill, Sr. and John P.*
  *O'Neill, Jr.*