**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____x

*In re Terrorist Attacks on September 11, 2001*          ***03 MDL 1570 (RCC)***

_____x

This filing applies to:

      *Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, Case No.
          04-CV-05970 (RCC);

      *Euro Brokers, Inc., et al. v. Al Baraka Investment and Development Corp., et al.*,
          Case No. 04-CV-07279 (RCC);

      *Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-CV-6978 (RCC);

      *New York Marine and General Insurance Co. v. Al Qaida, et al.*, Case No.
          04-CV-6105 (RCC);

      *World Trade Center Properties LLC, et al. v. Al Baraka Investment and
          Development Corp., et al.*, Case No. 04-CV-07280 (RCC).

MEMORANDUM OF LAW IN SUPPORT OF THE WORLD ASSEMBLY OF
MUSLIM YOUTH SAUDI ARABIA AND THE WORLD ASSEMBLY OF MUSLIM
YOUTH INTERNATIONAL IN SUPPORT OF THEIR MOTION TO DISMISS ALL
PROPERTY DAMAGE PLAINTIFFS FOR FAILURE TO STATE A CLAIM

        Omar T. Mohammedi (OTM 7234)
        Law Firm of Omar T. Mohammedi, LLC
        200 Madison Avenue, Suite 1901
        New York, NY 10016
        (212) 725-3846

*Attorneys for defendants*
*WORLD ASSEMBLY OF MUSLIM YOUTH SAUDI ARABIA*
*WORLD ASSEMBLY OF MUSLIM YOUTH INTERNATIONAL*

## TABLE OF CONTENTS

INTRODUCTION ……………………………………………………...1

SUMMARY OF FACTS ……………………………………………….2

LEGAL ARGUMENT ………………………………………………….2

I.   PLAINTIFFS' NEWLY FILED AMENDMENTS TO THEIR
     COMPLAINTS ARE EACH DEFECTIVE AND SHOULD BE
     STRICKEN …………………………………………………..2

II.  THIS COURT MUST DISMISS THE COMPLAINT IN ITS
     ENTIRETY BECAUSE IT FAILS TO STATE A CLAIM AGAINST
     WAMY FOR WHICH RELIEF CAN BE GRANTED …………………4

     a.  Plaintiffs' allegations fall well short of the standard to overcome a
         motion to dismiss based on Fed. R. Civ. P. 12(b)6 ………………… 4

     b.  Plaintiffs' allegations that WAMY conspired to cause the 9/11
         attacks cannot stand as plaintiffs fail to plead mental state and
         proximate cause ……………………………………………………6

         1.  *Plaintiffs fail to allege that WAMY intentionally furthered the
             9/11 attacks* ………………………………………………..7

         2.  *Plaintiffs do not sufficiently allege proximate cause, and thus
             fail to demonstrate that WAMY participated in the 9/11 attacks* … 8

         3.  *Conclusory statements concealed as factual allegations will not
             survive this motion to dismiss* …………………………………… 10

     c.  Plaintiffs' allegations are barred by the First Amendment ……….. 11

         1.  *WAMY is protected because they exercised their Freedom of
             Speech* ……………………………………………………… 11

         2.  *WAMY cannot be held liable because their right to freely
             associate is protected* ………………………………………… 12

     d.  Plaintiffs' allegations are immaterial to the 9/11 attacks ………….. 12

     e.  The Euro Brokers Complaint should be dismissed because it lacks
         any substantive allegation of wrongdoing against WAMY ………....14

**III.**     **PLAINTIFFS FAIL TO PROPERLY ALLEGE A CAUSE OF ACTION AGAINST WAMY** ……………………………………14

     **a.**   **Plaintiffs fail to properly state a claim under the ATA** ……………15

     **b.**   **Plaintiffs fail to properly state a claim under Torture Victim Protection Act** ……………………………………………………15

     **c.**   **Plaintiffs have not properly stated a claim under a theory of Intentional Infliction of Emotional Distress** …………………….... 16

     **d.**   **Plaintiffs have not stated a claim for Assault and Battery** …………16

     **e.**   **Plaintiffs have not properly stated a claim under a theory of Trespass and Property Damage** …………………………………...17

     **f.**   **Plaintiffs have not properly stated a claim for Wrongful Death And Survival** ……………………………………………………...18

     **g.**   **Plaintiffs have not stated a claim for Negligence including Negligent Infliction of Emotional Distress** …………………………19

     **h.**   **Plaintiffs' action under Conspiracy and Aiding and Abetting cannot stand** ………………………………………………… 20

     **i.**   **Plaintiffs' independent cause of action for Violation of International Law cannot stand** ……………………………… 20

     **j.**   **Plaintiffs' independent cause of action for Punitive Damages cannot stand** ……………………………………………… 21

**IV.**     **PLAINTIFFS HAVE FAILED TO STATE A RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ("RICO") CLAIM AGAINST WAMY** …………………………………………...21

     **a.**   **New York Marine Plaintiffs have failed to file a RICO Statement** ..21

     **b.**   **Plaintiffs have failed to state a claim under RICO 18 U.S.C. § 1962(a)** …………………………………………………22

     **c.**   **Plaintiffs have failed to state a claim under RICO 18 U.S.C. §§ 1962 (c) and (d)** ………………………………………23

**V.**     **CONCLUSION** …………………………………………………24

## TABLE OF AUTHORITIES

Am. Arbitration Ass'n, Inc., v. DeFonseca
    1996 WL 363128 (S.D.N.Y. June 28, 1996) …………..………………….... 24

Arndt v. UBS AG
    342 F. Supp. 2d 132 (E.D.N.Y. 2004) …………………………………… 15

Attuahene v. City of Hartford
    10 Fed. Appx. 33 (2nd Cir. 2001) …………………………………………5

Bichler v. Eli Lilly & Co.
    55 N.Y.2d 571, 450 N.Y.S.2d 776, 436 N.E.2d 182 (1982) ………………6

Bodner v. Banque Paribus,
    114 F. Supp. 2d 117 (E.D.N.Y. 2000) …………………………………… 6

Boim v. Quranic Literacy Institute
    291 F.3d 1000 (7th Cir. 2002) …………………………………………... 7-9

Brandenburg v. Ohio
    395 U.S. 444 (1969) …………………………………………………..11

Browning v. Clinton
    292 F.3d 235 (D.C. Cir. 2002) …………………………………………9, 10

Bruns v. Ledbetter
    583 F. Supp. 1050 (S.D. Cal. 1984) ……………………………………..5

Burnett v. Al Baraka Inv. & Dev. Corp.
    274 F. Supp. 2d 86 (D.D.C. 2003) …………………………………....*passim*

Decker v. Massey-Ferguson, Ltd.
    681 F.2d 111 (2d Cir. 1982) …………………………………………… 10

De Jesus v. Sears, Roebuck & Co.
    87 F.3d 65 (2nd Cir. 1996) ………………………………………………7

Dineen v. Stramka
    228 F. Supp. 2d 447 (S.D.N.Y. 2002) ………………………………….. 19

Dubai Islamic Bank v. Citibank, N.A.
    256 F. Supp. 2d 158 (S.D.N.Y. 2003) …………………………………... 24

Dwares v. City of New York
    985 F.2d 94 (2nd Cir. 1993) …………………………………………… 9

iv

Friedman v. Bayer Corp.
  1999 WL 33457825, (S.D.N.Y. Dec. 15, 1999) ................................ 21

Girden v. Sandals Int'l,
  262 F.3d 195 (2nd Cir. 2001) ....................................................... 17

Grove Press, Inc. v. Angleton
  649 F.2d 121 (2nd Cir. 1981) ....................................................... 20

Hayden v. Pataki
  2004 WL 1335921 (S.D.N.Y. June 14, 2004) .................................. 21

Healy v. James
  408 U.S. 169 (1972) .................................................................. 12

Hecht v. Commerce Clearing House
  897 F.2d 21 (2nd Cir. 1990) ......................................................... 24

Hishon v. King & Spalding
  467 U.S. 69 (1984) ................................................................... 10

Howell v. New York Post Co.
  81 N.Y.2d 115, 612 N.E.2d 699 (1993) .......................................... 16

In re Air Crash Disaster at Cove Neck, Long Island, New York on Jan 25, 1990
  885 F. Supp. 434 (E.D.N.Y. 1995) ................................................ 17

In re Livent, Inc. Noteholders Securities Litigation
  151 F. Supp. 2d 371 (S.D.N.Y. 2001) ............................................ 10

In re Terrorist Attacks on September 11, 2001
  349 F. Supp. 2d 765 (S.D.N.Y. 2005) ........................................... *passim*

In re Terrorist Attacks on September 11, 2001 II
  2005 WL 2296673 (S.D.N.Y. September 21, 2005)
  2005 LEXIS 20841 ................................................................. *passim*

Jackson v. BellSouth Telecomms.
  372 F.2d 1250 (4th Cir. 2004) ...................................................... 5

Kowal v. MCI Communication Corp.
  16 F.3d 1271 (D.C. Cir. 1994) ...................................................... 10

McCarthy v. Olin Corp.
  119 F.3d 148 (2nd Cir 1997) ........................................................ 19

McCoy v. Goord
    255 F. Supp. 2d 233 (S.D.N.Y. 2003) ………………………………….. 14

Meroni v. Holy Spirit Ass'n for the Unification of World Christianity
    506 N.Y.S.2d 174, 119 A.D.2d 200 (2d Dept. 1986) ………………........... 18

Michaelis v. Nebraska State Bar Assoc.
    717 F2d 437 (8th Cir. 1981) …………………………………………… 4

Miele v. United States,
    800 F.2d 50 (2d Cir. 1986) …………………………………………... 17

NAACP v. Claiborne Hardware Co.
    458 U.S. 866 (1982) …………………………………………………...11-12

Papasan v. Allain
    478 U.S. 265 (1986) …………………………………………………...9

People v. Summer
    407 N.Y.S.2d 53, 64 A.D.2d 658 (App. Div. 1978) ………………………. 18

Phillips v. Sun Oil Co.
    307 N.Y. 328, 121 N.E.2d 249, 250 (1954) …………………………….17

Pittman v. Grayson
    149 F.3d 111 (2nd Cir. 1998) …………………………………………6

Redtail Leasing, Inc. v. Bellezza
    1997 WL 603496 (S.D.N.Y. Sept. 30, 1997) ………………………….24

Reves v. Ernst & Young
    507 U.S. 170 (1993) ………………………………………………… 24

Schmidt v. Fleet Bank
    16 F. Supp. 2d 340 (S.D.N.Y. 1998) ………………………………… 23

Sepenuk v. Marshall
    2000 WL 1808977 (S.D.N.Y. Dec. 8, 2000) ………………………… 20

Seril v. Bureau of Highway Oprations Dept. of Transportation
    245 A.D.2d 233, 667 N.Y.S.2d 42 (1st Dept. 1997) ………………………17

Small v. Lorillard Tobacco Co.
    94 N.Y. 43, 720 N.E.2d 892 (1999) ………………………………………20

Smith v. County of Erie
    743 N.Y.S.2d 649, 295 A.D.2d 1010 (App. Div. 2002) ..…………………21

Smith v. Islamic Emirate of Afghanistan
    262 F. Supp. 2d 217 (S.D.N.Y. 2003) ……………………………………….. 7

Spadafore v. Gardner
    330 F.3d 849 (6th Cir. 2003) ………………………………………………… 8

Unger v. Islamic Republic of Iran
    211 F. Supp. 2d 91 (D.D.C. 2002) …………………………………………… 8

U.S. Fire Ins. Co. v. United Limousine Serv., Inc.
    303 F. Supp. 2d 432 (S.D.N.Y. 2004) ……………………………………… 23

Vicom, Inc. v. Harbridge Merchant Services, Inc.
    20 F.3d 771 (7th Cir. 1994) ………………………………………………... 4

**Statutes and Rules:**

Anti Terrorism & Effective Death Penalty Act (ATA) ................................. 8, 15

      18 U.S.C. § 2333(a) ................................................................... 8

      18 U.S.C. § 2339A(b) ................................................................ 8

Fed. R. Civ. P. 8 .......................................................................3

Fed. R. Civ. P. 10(b) ...................................................................3

Fed. R. Civ. P. 12(b)(6) ............................................................. *passim*

First Amendment of U.S. Constitution .................................................. 11-12

Moore's Federal Practice ¶ 8.17[6], at 8-109 to 8-110 (2d ed. 1992) quoting 2A ...9

N.Y.C.P.L.R. § 215 (3) (McKinney 2002) ............................................... 16

N.Y.E.P.T.L.  § 11-3.3 (McKinney 2001) ............................................... 18

Racketeer Influenced and Corrupt Organization (RICO) ..............................*passim*

      18 U.S.C. § 1962(a) ............................................................. 21-23

      18 U.S.C. § 1962(c) ............................................................. 23-24

      18 U.S.C. § 1962(d) ............................................................23-24

Torture Victim Protection Act (TVPA) .................................................. 15

## INTRODUCTION

The World Assembly of Muslim Youth in Saudi Arabia ("WAMY S.A.") and the World Assembly of Muslim Youth International ("WAMY USA") were named as defendants in the above referenced actions.[1] Through undersigned counsel, WAMY S.A. and WAMY USA appear for the limited purpose of arguing this motion to dismiss plaintiffs' actions for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) against all captioned Property Damage Plaintiffs.

This memorandum will be addressing 1) <u>Federal Insurance</u> Plaintiffs' First Amended Complaint (hereinafter "<u>Federal</u> Compl.") and the <u>Federal</u> RICO Statement (hereinafter "<u>Federal</u> RICO Stmt."), 2) <u>New York Marine</u> Plaintiffs' Second Amended Complaint (hereinafter "<u>N.Y. Marine</u> Compl."), 3) <u>Euro Brokers</u> Plaintiffs' Complaint (hereinafter "<u>Euro Brokers</u> Compl.") and the <u>Euro Brokers</u> RICO Statement (hereinafter "<u>Euro Brokers</u> RICO Stmt."), 4) <u>World Trade Center</u> Plaintiffs' Complaint (hereinafter "<u>WTC</u> Compl.") and the <u>WTC</u> RICO Statement (hereinafter <u>WTC</u> RICO Stmt.), and 5) <u>Continental Casualty</u> Plaintiffs' Second Amended Consolidated Master Complaint (hereinafter "<u>Continental</u> Compl.") and the <u>Continental</u> RICO Statement (hereinafter <u>Continental</u> RICO Stmt.).

Plaintiffs (hereinafter consolidated as "Property Damage Plaintiffs") each bring actions for damage to property and accuse defendants of helping to sponsor the heinous atrocities of September 11, 2005 (hereinafter the "9/11 attacks"). Plaintiffs fail as a matter of law because each and every one of their allegations are conclusory, and/or irrelevant to the 9/11 attacks. As demonstrated in Part II., <u>infra</u>, plaintiffs fall short of alleging facts to support an inference that

---

[1] The <u>WTC</u> Compl. and the <u>Euro Brokers</u> Compl. list "WAMY" and "WAMY International" in their captions (<u>i.e.</u> listing WAMY International as an "aka" of WAMY). The <u>Continental</u> Compl., the <u>Federal</u> Compl., and the <u>N.Y. Marine</u> Compl. list "WAMY" as a defendant. For purposes of this memorandum, we will be responding to plaintiffs' allegations as if alleged against both "WAMY" and "WAMY International." For the sake of brevity any reference to "WAMY" made herein by Defense Counsel is a reference to both "WAMY" as well as to "WAMY International" unless otherwise specified.

1

WAMY knowingly participated in any 9/11 conspiracy. For all of the reasons stated herein, the motion is meritorious and should be granted in all respects.

## SUMMARY OF FACTS

WAMY S.A. is the largest Muslim youth organization in the world. Its purpose is to strive for world peace and the betterment of mankind through education. It has dedicated its efforts and resources towards guaranteeing human rights of all people while working against violence. WAMY engages in youth education and activities, humanitarian efforts and relief missions. In 2002 WAMY sponsored 24,603 orphans in more than 22 countries. In that same year WAMY built 44 schools and dug 921 wells to alleviate shortage of water in rural countries. WAMY's other humanitarian work includes sponsoring programs to rehabilitate prisoners and assist them in joining schools and universities with distant learning programs.

WAMY U.S.A. was established in the United States as a Virginia corporation in 1992. It is a wholly-owned organization incorporated to fulfill the common humanitarian goals it shares with WAMY S.A. In the aftermath of 9/11, WAMY U.S.A. engaged other religious communities in interfaith activities by sponsoring open houses in Mosques, Churches and Synagogues.

## LEGAL ARGUMENT

### I. PLAINTIFFS' NEWLY FILED AMENDMENTS TO THEIR COMPLAINTS ARE EACH DEFECTIVE AND SHOULD BE STRICKEN

Euro Brokers and WTC Plaintiffs' filed "Notice[s] of Consolidation of Pleadings." They listed approximately 50 documents by reference to consolidate into their Complaints.[2] The N.Y.

---

[2] The filings include not only other plaintiffs' Complaints, but R!CO Stmts. and More Definite Statements as well.

2

Marine Compl.'s[3] incorporation by reference includes numerous RICO Stmts. and More Definite Statements filed in related actions.[4] The Continental Plaintiffs' "Addendum" is a confusing 250 page, near verbatim, copy of the Federal RICO Stmt. Moreover Continental Plaintiffs filed their Complaint on October 6, 2005, a week after the Case Management Order's ("CMO") deadline.[5]

Plaintiffs' aforementioned "amended" or "consolidated" pleadings fail to comply with CMO # 2. N.Y. Marine, Euro Brokers, WTC and Continental Plaintiffs have all improperly incorporated RICO Stmts. into their Complaints. CMO #2 ¶ 14 specifically gives Federal Plaintiffs, but no others, the right of using RICO Stmt. allegations as amendments to their Complaints.

In addition, these attempted pleadings fail to organize their allegations in any fashion that would assist defendants (or this Court) in responding to, or simply understanding, all of the claims against them. Continental and N.Y. Marine Plaintiffs do not attempt to organize and integrate the allegations contained in their "Addendum" and RICO Stmt. references, respectively, while Euro Brokers and WTC Plaintiffs failed to file formal pleadings in the first place.

Furthermore, Euro Brokers, WTC, Continental and N.Y. Marine Plaintiffs' filings violate Fed. R. Civ. P. 10(b). Fed. R. Civ. P. 10(b) stamps out messy and confusing pleadings by requiring that allegations be pled in "numbered paragraphs." These filings also violate Fed. R. Civ. P. 8, which calls for a "short and plain" statement. Instead of "plain" and "numbered"

---

[3] The vast majority of the allegations against WAMY contained in the N.Y. Marine Compl. replicate the allegations in the Federal Compl. In fact, N.Y. Marine Plaintiffs' allegations against WAMY are identical to the section contained in the Federal Compl. Compare, e.g., Federal Compl. ¶¶ 150-166 with N.Y. Marine Compl. ¶¶ 129-145.

[4] N.Y. Marine Plaintiffs mistakenly refer to the Federal RICO Stmt., filed against WAMY, as a "More Definite Statement." See N.Y. Marine Compl. ¶ 129 ftnt. 19.

[5] CMO #2, ¶ 13, states that "on July 31, 2005 [later extended to September 30, 2005], the plaintiffs shall file an amended complaint that includes all amendments made prior to that date...."

3

allegations, however, plaintiffs attempt to incorporate into their Complaints lengthy boiler-plate language, confusing laundry lists of alleged predicate acts and extensive narratives of factual allegations.

Plaintiffs' shortcuts and end-runs around this Court's procedural rules make it not only "difficult for [WAMY] to file a responsive pleading," but also for this Court "to conduct orderly litigation." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775-76 (7th Cir. 1994). Therefore, this Court should dismiss plaintiffs' Complaints, or in the alternative disallow any attempt to make these Statements part of the amended Complaints. This "style and prolixity of [plaintiffs'] pleadings would [make] orderly trial impossible." Michaelis v. Nebraska State Bar Assoc., 717 F.2d 437, 439 (8th Cir. 1981) (dismissing the Complaint).[6]

Moreover, plaintiffs continue to assert no factual allegations to support their Complaints and Amended Complaints. This has resulted in waste of judicial resources and wrongfully naming WAMY as a defendant in this lawsuit. As a matter of substance, even when considering their improperly filed exhibits, attachments and addendums, plaintiffs have added no factual allegations to substantiate their claims. WAMY hereby reserves the right to move for attorneys' fees.

## II. THIS COURT MUST DISMISS THE COMPLAINT IN ITS ENTIRETY BECAUSE IT FAILS TO STATE A CLAIM AGAINST WAMY FOR WHICH RELIEF CAN BE GRANTED.

### a. Plaintiffs' allegations fall well short of the standard to overcome a motion to dismiss based on Fed. R. Civ. P. 12(b)6.

The Court should dismiss the Complaints against WAMY because generalized blanket allegations "lumping all Defendants together … and providing no factual basis to distinguish

---

[6] For the reasons stated, this memorandum will not be addressing: 1) the Federal RICO Stmt., as incorporated by N.Y. Marine Plaintiffs into their Complaint, 2) the "Notice of Consolidated Pleadings" filed by Euro Brokers and WTC Plaintiffs, and 3) the "Addendum" that Continental Plaintiffs pasted onto the end of their Complaint.

4

their conduct are legally insufficient to state a claim against a particular defendant." <u>See</u> <u>Attuahene v. City of Hartford</u>, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (plaintiffs' Complaint failing to "satisfy [the Federal Rules]'s minimum standard"); <u>Bruns v. Ledbetter</u>, 583 F. Supp. 1050, 1051 (S.D. Cal. 1984) (dismissing plaintiffs' claims where the complaint treated 14 diverse defendants "as a monolithic enterprise" with a single purpose).[7] For the court to rule otherwise, it would be contravening a most basic principle of fairness.

When confronted with issues of equity similar to those presently before this Court, Judge Robertson found that "fairness requires extra-careful scrutiny of plaintiff[s'] allegations as to any particular defendant, to ensure that he or it does indeed have fair notice of what the plaintiffs' claim is and…that no inferences are accepted that are unsupported by the facts set out in the [Complaint]." <u>See</u> <u>Burnett v. Al Baraka Inv. & Dev. Corp.</u>, 274 F. Supp. 2d 86, 103-04 (D.D.C. 2003).

"Extra-careful scrutiny" of the plaintiffs' Complaint reveals that the allegations against WAMY lack substance, and are based on speculation, inference and innuendo. <u>Id</u>. The pages of the pleadings are filled up with nothing more than legal conclusions devoid of any factual support, and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). <u>See</u> <u>In re</u> <u>Terrorist Attacks on September 11, 2001</u>, 2005 WL 2296673, at *18 (S.D.N.Y. 2005) (hereinafter "<u>Terrorist Attacks II</u>") (citing <u>Jackson v. BellSouth Telecomms.</u>, 372 F.2d 1250, 1270-71 (4th Cir. 2004) (a pleading that contains "only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based" does not have even a remote chance of survival).

---

[7] Plaintiffs attempt to pouch WAMY together with many other individuals and organizations in an attempt to make conclusory statements against one or a few of them apply to all. <u>See</u>, <u>e.g.</u>, <u>Continental</u> Compl. ¶ 495, <u>N.Y. Marine</u> Compl. ¶ 45, <u>WTC</u> Compl. ¶ 140, and <u>Federal</u> Compl. ¶ 66 (attempting to tie WAMY to hundreds of other defendants).

**b. Plaintiffs' allegations that WAMY conspired to cause the 9/11 attacks cannot stand as plaintiffs fail to plead mental state and proximate cause.**

Plaintiffs' strategy is to rely on theories of concerted action liability (i.e. conspiracy and aiding and abetting) in order to find a causal link between WAMY and the 9/11 attacks. Under New York law, and as stated by this Court, concerted action liability is based on the principle that "all those who, in pursuance of a common plan or design to commit a tortuous act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer…are equally liable with him." In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d 765, 826 (S.D.N.Y. 2005) (citing Pittman v. Grayson, 149 F.3d 111, 122 (2d Cir. 1998) quoting Bichler v. Eli Lilly & Co., 55 N.Y.2d 571, 580, 450 N.Y.S.2d 776, 436 N.E.2d 182 (1982)).  In other words, to plead conspiracy, plaintiffs must put forth sufficient allegations that WAMY "[1] knowingly and intentionally [2] provid[ed] material support to al Qaeda." In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 826. Plaintiffs cannot sufficiently allege either prong of the test laid down by this Court.

As will be demonstrated in Parts II.b.1-3 infra, plaintiffs allege not a single concrete fact or circumstance demonstrating that WAMY participated knowingly in any activity to support the 9/11 terrorist attacks. Plaintiffs' reliance on theories of concerted action liability to find a causal link between WAMY and the 9/11 attacks must therefore fail. See Bodner v. Banque Paribus, 114 F. Supp. 2d 117, 125 (E.D.N.Y. 2000) (noting the Second Circuit's dismissal of Complaints which "plead conspiracy in vague and conclusory terms or which do not allege specific instances of misconduct in furtherance of the conspiracy").

6

### 1. Plaintiffs fail to allege that WAMY intentionally furthered the 9/11 attacks.

To be liable under either conspiracy or aiding and abetting, the defendant must have "know[n] the wrongful nature of the primary actor's conduct." In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 826 (citing Burnett, 274 F. Supp. 2d. at 123). Otherwise the standard would be one of strict liability, a policy generally disfavored by this Court. See Terrorist Attacks II, 2005 WL 2296673, at *23 (adopting the Seventh Circuit's requirement that plaintiffs plead knowledge on the part of defendants); see also Boim v. Quranic Literacy Inst., 291 F.3d 1000, 1012 (7th Cir. 2002) ("To hold the defendants liable for donating money without knowledge of the donee's intended criminal use of the funds would impose strict liability. Nothing in the language of the statute or its structure or history supports that formulation.") see also Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 227 n. 12 (S.D.N.Y. 2003) (along with proximate cause plaintiff "must show knowledge of and an intent to further the criminal acts") (emphasis added).

Assuming, arguendo, that plaintiffs sufficiently allege that WAMY took part in conduct that facilitated the 9/11 attacks, plaintiffs have nevertheless utterly failed to allege facts demonstrating that WAMY "had to know" that it was contributing to the 9/11 attacks. In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 833 (quoting De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996)).[8] See also detailed arguments in Part II.c.2 infra.

---

[8] See, e.g., Continental Compl., ¶ 436, WTC Compl. ¶ 366, Federal Compl. ¶ 90 (concluding but failing to support the inference that WAMY in any way aided Benevolence International Foundation ("BIF") with knowledge that BIF was contributing to al Qaeda);
Federal Compl. ¶¶ 160, 224, 481, 498, N.Y. Marine Compl. ¶¶ 139, 203, 454, 471 (concluding but failing to support the inference that WAMY in any way aided the SAAR Network with knowledge that it was contributing to al Qaeda); see also Federal Compl. ¶¶ 163, 203; N.Y. Marine Compl. ¶¶ 142, 182; Continental Compl. ¶¶ 495, 511; WTC Compl. ¶ 309; Federal RICO Stmt. Exh. A § II. And see Continental Compl. ¶¶ 450; WTC Compl. ¶¶ 140, 160, 165, 183, 185, 293, 933; N.Y. Marine Compl. ¶¶ 129-32, 140, 143, 182, 269, 278, 304, 333, 342, 344; Federal Compl. ¶¶ 113, 124, 127, 150-153, 161, 164, 203, 290, 299, 325, 354, 360, 369, 371; Federal RICO Stmt. ¶¶ 8, 10, 14, Exh. A §§ IV, V.

Plaintiffs' conspiracy theory cannot stand without allegations that WAMY acted with knowledge that it was furthering the 9/11 attacks.

Moreover in the context of the ATA, federal courts have recognized that making donations to an alleged terrorist group, without "knowledge of and intent to further the payee's violent criminal acts," could not sustain a tort claim. Boim, 291 F.3d at 1012. Thus any allegation that purports to address WAMY's contributions to any charitable individual or entity cannot survive a motion to dismiss. See Unger v. Islamic Republic of Iran, 211 F. Supp. 2d 91, 99 (D.D.C. 2002).

### 2. Plaintiffs do not sufficiently allege proximate cause, and thus fail to demonstrate that WAMY participated in the 9/11 attacks.

The Anti-Terrorism Act (the "ATA") provides a "civil remedy for '[a]ny national of the United States injured in his or her person, property or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs.'" Terrorist Attacks II, 2005 WL 2296673, at *19 (citing 18 U.S.C. § 2333(a)).

Plaintiffs fail to factually allege any element of the ATA's material support of terrorism section. See id. (citing 18 U.S.C. § 2339 A(b)). They can muster no sufficient factual allegations to support an inference that WAMY provided, or conspired to provide, any "financial services, lodging, training, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal explosives, personnel, transportation, [or] any other physical assets to any known 9/11 terrorist in furtherance of the 9/11 attacks." Id. It is therefore impossible to infer the manner by which WAMY allegedly proximately caused plaintiffs' injuries.

Conspiracy claims must be specifically pleaded, "vague and conclusory allegations unsupported by material facts will not be sufficient to state" a claim against WAMY. Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003). A plaintiff "should make an effort to provide some

8

'detail of time and place and the alleged effect of the conspiracy.'" <u>Dwares v. City of New York</u>, 985 F.2d 94, 100 (2d Cir. 1993 (quoting 2A Moore's Federal Practice ¶ 8.17[6], at 8-109 to 8-110 (2d ed. 1992)). Instead plaintiffs use bald conclusory allegations to try to pin fault on WAMY. All of plaintiffs' Complaints conclude but fail to allege facts to support the inference that WAMY financed international terrorism.[9]

Plaintiffs' Complaints against WAMY allege status rather than any specific conduct. The reality that plaintiffs' statements allege no wrongful conduct makes it impossible for WAMY to defend itself. For instance, plaintiffs attach substantial weight to WAMY's status as a charity that is "tightly controlled by the Saudi government" without alleging facts to support the inference that WAMY played any role in facilitating the 9/11 attacks.[10]

The Court need not "accept inferences drawn by [the] plaintiff if such inferences are unsupported by the facts set out in the complaint." <u>Terrorist Attacks II</u>, 2005 WL 2296673, at *18; <u>see also</u> <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002); <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1998). Without factual allegations that defendants "'engaged in some act of helping the illegal activities,'" plaintiffs simply cannot maintain their claim. <u>See</u> <u>Terrorist Attacks II</u>, 2005 WL 2296673, at *20 (citing <u>Boim</u>, 291 F.3d at 1023-24); <u>see also</u> <u>In re Terrorist Attacks on September 11, 2001</u>, 349 F. Supp. 2d at 825 (citing <u>Burnett</u>, 274 F. Supp. 2d at 104) ("Plaintiffs have to present a sufficient causal connection between that support and the injuries suffered by the Plaintiffs.").

---

[9] <u>See</u>, <u>e.g.</u>, <u>Continental</u> Compl. ¶¶ 438-39, <u>WTC</u> Compl. ¶ 368 (concluding but failing to allege facts to support the inference that terrorist manuals found in the possession of convicted terrorists have any bearing on WAMY's alleged role in the 9/11 attacks.). For other conclusory statements, <u>see also</u> <u>Continental</u> Compl. ¶¶ 263, 376; <u>Federal</u> Compl. ¶¶ 154, 157, 165, 166; <u>N.Y. Marine</u> Compl. ¶¶ 133, 136, 144-45; <u>WTC</u> Compl. ¶ 698; <u>Federal</u> RICO Stmt. ¶¶ 5(b), 6(b), Exh. A § 1.

[10] <u>See</u>, <u>e.g.</u>, <u>Continental</u> Compl. ¶¶ 260, 263, <u>WTC</u> Compl. ¶¶ 171-72, 177-78, 381, 695, 925, 935, 938-39 (plaintiffs attempting to use WAMY's mere status as an Islamic organization to create suspicion). <u>See also</u> <u>Federal</u> Compl. ¶¶ 151, 156, 162; <u>N.Y. Marine</u> Compl. ¶¶ 130, 135, 141; <u>Continental</u> Compl. ¶¶ 56, 438; <u>WTC</u> Compl. ¶ 420.

9

### 3. *Conclusory statements concealed as factual allegations will not survive this motion to dismiss.*

Under Fed. R. Civ. P. 12 (b)(6), a court may dismiss a complaint if it is clear that no relief can be granted under "any set of facts that could be proven consistent with the allegations." See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). This Court does not need to accept allegations where the facts are not well pleaded; defendants are entitled to "fair and adequate notice" of the claims against them. See Terrorist Attacks II, 2005 WL 2296673, at *18. This Court "need not accept inferences drawn by [the] plaintiff if such inferences are unsupported by the facts set out in the complaint, nor legal conclusions cast in the form of factual allegations." Browning, 292 F.3d at 242 (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). This Court should exclude "pleadings expressing legal conclusions, speculation and unsubstantiated allegations 'so broad and conclusory as to be meaningless.'" In re Livent, Inc. Noteholders Securities Litigation, 151 F. Supp. 2d 371, 406 (S.D.N.Y. 2001) (quoting Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 120 (2d Cir. 1982)).

The Property Damage Complaints against WAMY have failed to satisfy these threshold requirements; they have not pled sufficient facts showing that WAMY knowingly undertook actions that proximately caused plaintiffs' injuries. Plaintiffs have however crafted creative, yet inadequate, theories in their attempts to impose liability on WAMY. They have, inter alia, endeavored 1) tie WAMY to other individuals and organizations without offering any connection between WAMY, these groups and individuals, and 9/11,[11] and 2) put blame on WAMY via its

---

[11] See, e.g., Federal Compl. ¶¶ 157, 159, 331, 461, N.Y. Marine Compl. ¶¶ 136, 138, 310, 434 (concluding but failing to show connections between WAMY and 1) Special Designated Global Terrorists ("SDGT"); 2) convicted terrorists Ahmad Ajaj and Khalid al Fawwaz; and 3) SAAR Network officers and organizations, and the 9/11 attacks).

See also WTC Compl. ¶ 123; Continental Compl. ¶¶ 51, 56, 266, 323, 376, 439; Federal Compl. ¶¶ 155, 156, 160, 331, 430, 431, 435, 442, 443, 451, 452, 463, 498; N.Y. Marine Compl. ¶¶ 134, 135, 139, 310, 403, 404, 408, 415-16, 424-25, 436, 454, 471-72; Federal RICO Stmt. Exh. A §§ II, IV.

10

various humanitarian activities without drawing any connection between these humanitarian activities and the 9/11 attacks.[12] All of plaintiffs' attempts have floundered because from none of these allegations can one reasonable infer that WAMY in any way proximately caused plaintiffs' injuries as demonstrated in Part II.b.1-2, supra.

### c. Plaintiffs' allegations are barred by the First Amendment.

#### 1. WAMY is protected because they exercised their Freedom of Speech.

Many of the activities alleged against WAMY, when taken as true, constitute "speech or conduct ordinarily entitled to protection under the First [] Amendment []." NAACP v. Claiborne Hardware Co., 458 U.S. 886, 907 (1982); see also Brandenburg v. Ohio, 395 U.S. 444, 457 (1969) (protecting speech that does not create a "clear and present danger"). The First Amendment acts as a bar because there are no allegations to suggest that WAMY's alleged speech incited, or for that matter was likely to incite, the 9/11 attackers.

Even assuming, arguendo, that WAMY advocated hate through its alleged publications,[13] plaintiffs never allege that WAMY advocated any violent act to occur imminently in the days leading up to the 9/11 attacks, nor that the attackers were acting pursuant to any alleged incitement of "imminent lawless action."[14] See NAACP, 458 U.S. 927-28. And even assuming, arguendo, that WAMY published hate literature against "Jews, Christians, and civilians in

---

[12] See, e.g., Federal Compl. ¶¶ 430, 461; N.Y. Marine Compl. ¶ 403, 434; Continental Compl. ¶¶ 301, 495, 527; WTC Compl. ¶¶ 284, 293, 737; Federal RICO Stmt. Exh. A § IV (concluding but failing to allege facts to support an inference that WAMY's alleged participation in a joint fundraising effort in any way facilitated the 9/11 attacks).

[13] See, e.g., Continental Compl. ¶ 436, WTC Compl. ¶ 366 (Assuming this allegation is true, plaintiffs fail to allege that cooperation in joint publishing of literature and film between WAMY and BIF led to any imminent terrorism). See WAMY's February 26, 1993 letter to Batterjee, attached hereto as Exh. A.

[14] See, e.g., Federal Compl. ¶ 159, N.Y. Marine Compl. ¶ 138, WTC Compl. ¶ 366 (concluding but failing to allege facts or time frame to support the inference that any publication allegedly connected to WAMY led to criminal activity, let alone the 9/11 attacks). See also Continental Compl. ¶¶ 436, 437, 440; WTC Compl. ¶¶ 367, 370; Federal Compl. ¶ 159; N.Y. Marine Compl. ¶ 138.

11

Israel," or literature glorifying "jihad,"[15] plaintiffs never allege that this supposed hate literature led to any imminent danger for the victims of the 9/11 attacks.[16] Plaintiffs' allegations must therefore be dismissed.

### 2. WAMY cannot be held liable because their right to freely associate is protected.

The Supreme Court has long held that imposing guilt by association violates the First Amendment. See, e.g., NAACP, 458 U.S. at 919-20; Healy v. James, 408 U.S. 169, 186 (1972) (disapproving of the denial of rights and privileges solely because of association with an unpopular organization). If WAMY were held liable for its alleged connections to individuals and entities without sufficient factual allegations of wrongdoing, WAMY's First Amendment right to associate would be infringed upon. Even assuming, arguendo, that plaintiffs' allegations of association against WAMY are true, plaintiffs have no factual basis to allege that these associations somehow caused the 9/11 attacks through acts, conspiracy or otherwise; nor do plaintiffs allege that WAMY undertook these associations with knowledge that it was aiding the 9/11 attacks with a "desire[] to help those activities succeed." See Terrorist Attacks II, 2005 WL 2296673, at * 19. Accordingly, the Court should dismiss these allegations.[17] See detailed arguments referenced in Part II.b.1-3, supra.

### d. Plaintiffs' allegations are immaterial to the 9/11 attacks.

Plaintiffs have attempted to distract this Court's attention from the material issues at hand by leveling allegations that have no bearing at all on the 9/11 attacks or on the plaintiffs' injuries.

---

[15] See, e.g., WTC Compl. ¶ 370, Federal Compl. ¶ 159, N.Y. Marine Compl. ¶ 138.

[16] See, e.g., Federal RICO Stmt. Exh. A § IV (the allegations against alleged WAMY publications fail as a matter of law under the First Amendment). See also Continental Compl. ¶¶ 437, 440; WTC Compl. ¶¶ 367, 370.

[17] See, e.g., Continental Compl. ¶ 495, WTC Compl. ¶¶ 293, 933, Federal RICO Stmt. Exh. A § II  See also, Continental Compl. ¶ 51, 301; WTC Compl. ¶ 123, 737; Federal Compl. ¶ 155-56, 161, 163; N.Y. Marine Compl. ¶¶ 134-35, 140, 142.

Plaintiffs make allegations that, 1) assuming they are true, would be immaterial to the plaintiffs' injuries,[18] and 2) are plain factual misrepresentations.[19]

Plaintiffs attempt to pin liability on WAMY through the alleged actions of an alleged WAMY employee.[20] Beside the fact that plaintiffs do not identify this employee, they fail to even allege that the employee was acting within the scope of his duties as a WAMY employee. As stated by this Court, an employee's actions cannot be a basis for employer liability unless the employee was acting in furtherance of the employer's business. See In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 836. Moreover, plaintiffs fail to allege that the alleged tape delivered by the alleged employee to Al-Jazeerah played any role whatsoever in bringing about the 9/11 attacks.

Plaintiffs also make much out of the fact that WAMY has been the subject of investigations by the U.S. Government.[21] Plaintiffs, however, cannot claim that these investigations resulted in any criminal charges or indictment, let alone any connection to 9/11.

In the aftermath of 9/11 Muslim organizations in the U.S., and especially Saudi funded organizations, became targets of suspicion and subjects of investigations. Plaintiffs, however,

---

[18] See, e.g., Federal Compl. 161. See also Federal Compl. ¶¶ 151, 155-58, 331; N.Y. Marine Compl. ¶¶ 130, 134-137, 310; Continental Compl. ¶ 438, 439; WTC Compl. ¶ 368 420; Federal RICO Stmt. Exh. A § III.

[19] See, e.g., Federal Compl. ¶¶ 90, 164, 331, 490; N.Y. Marine Compl. ¶¶ 69, 143, 310, 463; WTC Compl. ¶¶ 123, 366-68, 923; Continental Compl. ¶¶ 51, 56, 436-38; Federal RICO Stmt. Exh. A §§ IV, V. See Declaration of Adel Batterjee (hereinafter "Batterjee Decl."), attached hereto as Exh. B. See also Declaraion of Saleh Al-Wohaibi (hereinafter "Al-Wohaibi Decl."), attached hereto as Exh. C.

See also Federal Compl. ¶ 157, N.Y. Marine Compl. ¶ 136 (WAMY has never sent any members of its organization to fight under Gulbadin Hekmatyar in Afghanistan); Federal Compl. ¶¶ 160, 224, 481, 498, N.Y. Marine Compl. ¶¶ 139, 203, 454, 471 (WAMY has never conducted any business or maintained any connection with any of the SAAR Network and entities. See Al-Wohaibi Decl., Exh. C). See also Federal Compl. ¶ 461, N.Y. Marine Compl. ¶ 434, Continental Compl. 376.

[20] See Federal Compl. ¶ 154; N.Y. Marine Compl. ¶ 133.

[21] See Federal Compl. ¶¶ 82, 154, 158, 160; N.Y. Marine Compl. ¶¶ 61, 133, 137, 139; Continental Compl. ¶¶ 266, 376; WTC Compl. ¶¶ 698. 937; Federal RICO Stmt. Exh. A § IV.

should not be allowed to use the mere fact of investigation or suspicion, even assuming that they are related to 9/11, to claim that WAMY somehow facilitated the 9/11 attacks. Plaintiffs have alleged no charge or indictment against WAMY for any criminal activity let alone 9/11. In addition, and contrary to plaintiffs' misrepresentations, WAMY has not been designated as a SDGT by the U.S. Government[22] and its assets are not frozen.[23] WAMY USA continues to operate out of its offices in Virginia.

> **e. The Euro Brokers Complaint should be dismissed because it lacks any substantive allegation of wrongdoing against WAMY.**

The Euro Brokers Plaintiffs list WAMY as a defendant in the caption of their Complaint. Nowhere else in the Complaint do the plaintiffs make any mention of WAMY. It is well settled that "where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." McCoy v. Goord, 255 F. Supp. 2d 233, 258 (S.D.N.Y. 2003).

## III. PLAINTIFFS FAIL TO PROPERLY ALLEGE A CAUSE OF ACTION AGAINST WAMY

Plaintiffs have failed to plead the necessary elements of their causes of action. For the reasons explained below, each of plaintiffs' causes of action are worthy of dismissal for failure to properly state a claim.

---

[22] For Judicial Notice, see Office of Foreign Asset Control's official list of SDGTs at: http://www.treas.gov/offices/enforcement/ofac/sdn/t11sdn.pdf.

[23] WAMY has never been charged with any wrongful conduct, nor are WAMY's assets frozen as claimed by Continental Plaintiffs ¶ 376. Materials confiscated on May 28, 2004 were returned on August 31, 2004 to WAMY USA without any charge or indictment.

### a. Plaintiffs fail to properly state a claim under the ATA.[24]

To adequately plead the provision of material support of terrorism under the ATA, according to this Court a plaintiff would have to allege that a defendant knew about the terrorists' illegal activities, the defendant "desired to help those activities succeed, and the defendant engaged in some act of helping the illegal activities." See Terrorist Attacks II, 2005 WL 2296673, at *19; In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 828. As discussed at length in Part II.b, supra, plaintiffs' Complaints allege no knowledge on the part of WAMY, nor any factual allegations to support the conclusion that WAMY engaged in conduct that facilitated the 9/11 attacks.

### b. Plaintiffs fail to properly state a claim under Torture Victim Protection Act.[25]

A cause of action under the TVPA is established when an "'individual who, under actual or apparent authority, or color of law, of any foreign nation subjects an individual to torture or extrajudicial killing.'" See In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 828 (quoting Arndt v. UBS AG, 342 F. Supp. 2d 132, 141 (E.D.N.Y. 2004) ("UBS AG is not an individual, but a corporation, and as such cannot be sued under the TVPA")). Plaintiffs' claims under the TVPA should be dismissed because 1) plaintiffs have not alleged that WAMY was acting under the color of law of any nation, and 2) WAMY is not "an individual" and therefore may not be sued under the TVPA. Id. See also Terrorist Attacks II, 2005 WL 2296673, at * 20.

---

[24] All of the above-captioned plaintiffs assert a cause of action under the ATA.

[25] Federal Plaintiffs assert a claim under the TVPA.

### c. **Plaintiffs have not properly stated a claim under a theory of Intentional Infliction of Emotional Distress.**[26]

The statue of limitations to file an intentional infliction of emotional distress claim is one year. In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 829, N.Y.C.P.L.R. § 215(3) (McKinney 2002). Federal Plaintiffs' intentional infliction of emotional distress claim should be dismissed because plaintiffs' Complaint was filed on September 10, 2003, more than one year after the September 11, 2001 attacks. See Terrorist Attacks II, 2005 WL 2296673, at *20.

Intent is required for all intentional torts, which includes intentional infliction of emotional distress. See Howell v. New York Post Co., 81 N.Y.2d 115, 121, 612 N.E.2d 699, 702 (1993) (intentional infliction of emotional distress requires "intent to cause, or disregard of a substantial probability of causing, severe emotional distress" and "a causal connection between the conduct and injury"). As stated in Part II.b.2, supra, plaintiffs allege an insufficient causal connection between WAMY and the 9/11 attacks. In addition plaintiffs have not pled any facts, let alone sufficient facts, to support any mental state, let alone that WAMY acted intentionally to cause plaintiffs' injuries. This Court should therefore dismiss the plaintiffs' common law claim of intentional infliction of emotional distress.

### d. **Plaintiffs have not stated a claim for Assault and Battery.**[27]

The statue of limitations to file an assault and battery claim is one year. In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 829. Federal Plaintiffs' assault and battery claims should be dismissed because plaintiffs' Complaint was filed on September 10, 2003, more

---

[26] Federal Plaintiffs assert a claim under a theory of Intentional Infliction of Emotional Distress.

[27] Federal Plaintiffs assert a claim under a theory of Assault and Battery.

than one year after the September 11, 2001 attacks. See Terrorist Attacks II, 2005 WL 2296673, at *20.

"Under New York law, 'an assault is an intentional placing of another person in fear of imminent harmful or offensive contact. A battery is an intentional wrongful physical contact with another person without consent....'" Girden v. Sandals Int'l, 262 F.3d 195, 204 (2nd Cir. 2001) (internal citation omitted). The gravamen of an action for assault and battery under New York law is the intent to make contact. See Miele v. United States, 800 F.2d 50, 53 (2d Cir. 1986).

This Court should dismiss the plaintiffs' common law assault and battery tort claims because plaintiffs have not pled any facts, let alone sufficient facts, to support an allegation that WAMY took any intentional act to cause contact that would bring about plaintiffs' injuries. Nor have plaintiffs been able to proximately connect any conduct by WAMY to the 9/11 attacks. All plaintiffs have done is state legal conclusions in an attempt to pass them off as factual allegations. See argument contained in Part II.a-d, supra, and cases cited therein.

   **e.   Plaintiffs have not properly stated a claim under a theory of Trespass and Property Damage.**[28]

Liability for trespass attaches when without justification or permission, one intentionally enters upon another's property. See In re Air Crash Disaster At Cove Neck, Long Island, New York on January 25, 1990, 885 F. Supp. 434, 440 (E.D.N.Y. 1995) (citing Phillips v. Sun Oil Co., 307 N.Y. 328, 121 N.E.2d 249, 250 (1954) (trespass requires that the invasion be the "immediate or inevitable consequence of" the defendant's misconduct or, at a minimum, proximately caused by the defendant)).   Unauthorized entry and wrongful use are two indispensable elements of an action in trespass. See Seril v. Bureau of Highway Operations of Dept. of Transportation, 667 N.Y.S.2d 42, 45, 245 A.D.2d 233 (1st Dept. 1997). Likewise

---

[28] All of the above-captioned plaintiffs assert claims under theories of Trespass and Property Damage.

17

property damage also requires a showing of tortious intent, as well as a showing of proximate cause to connect WAMY to the damaged property. See People v. Summer, 407 N.Y.S.2d 53, 54, 64 A.D.2d 658 (App. Div. 1978) (criminal mischief resulting in property damage requires intent).

Plaintiffs have alleged no intentional conduct by WAMY to enter and/or wrongfully use plaintiffs' property, thus their theories of Trespass and Property Damage cannot stand. Nor can the plaintiffs rely on a conspiracy or aiding and abetting theory to support their claims. They have not pled facts sufficient to show that WAMY associated with or participated in a conspiracy resulting in the property damage, let alone that the property damage was a foreseeable act furthered by participation in this alleged conspiracy. Cf. Terrorist Attacks II, 2005 U.S. Dist. LEXIS 20841, at *63 (plaintiffs must sufficiently plead that WAMY acted in concert with the 9/11 highjackers). Therefore this Court should dismiss plaintiffs' property damage and trespass claims.

### f.   Plaintiffs have not properly stated a claim for Wrongful Death and Survival.[29]

As discussed in Part II.b.1-3, supra, plaintiffs have pled no facts to support an allegation that WAMY "caused the decedent's death," or that it committed a tort against the decedent prior to death. See Meroni v. Holy Spirit Ass'n for the Unification of World Christianity, 506 N.Y.S.2d 174, 178-79, 119 A.D.2d 200 (2d Dept. 1986) (both wrongful death and survival actions require that the defendant have committed some underlying wrongful action against the decedent). In addition, plaintiffs do not sufficiently allege that "[WAMY] supported, aided and abetted or conspired with the 9/11 terrorists," which gave rise to wrongful death and survival claim. In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 829, § 11-3.3

---

[29] Federal Plaintiffs assert a Wrongful Death and Survival claim.

proximate nexus between any action by [WAMY] and [plaintiffs' deaths]." Plaintiffs' common law tort claims for wrongful death and survival must be dismissed. Dineen v. Stramka, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002).

### g. **Plaintiffs have not stated a claim for Negligence including Negligent Infliction of Emotional Distress.**[30]

To establish a claim for negligence under New York Law, "'a plaintiff must show that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate cause of that breach." In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 830-31.

Plaintiffs' fail to allege that WAMY owed a duty of care to the plaintiffs. See Terrorist Attacks II, 2005 WL 2296673, at *20 (citing In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 831 (dismissing plaintiffs' negligence claims against defendants because plaintiffs neither allege nor identify a duty of care)), see also Burnett, 274 F. Supp. 2d at 108.

The closest that plaintiffs come to alleging a duty is at the end of their respective Complaints, where they allege in general terms that defendants owed a duty to all plaintiffs.[31] However there is no such thing as a general duty to control the conduct of third persons to prevent them from causing injury to others. McCarthy v. Olin Corp., 119 F.3d 148, 156-57 (2d Cir. 1997).

In addition, and as stated in Part II.b.2-3, supra, plaintiffs have failed to demonstrate any proximate connection between WAMY and the 9/11 attacks. See In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 830 (listing proximate cause as an element of

---

[30] Federal Plaintiffs assert claims under both, Negligence and Negligent Infliction of Emotional Distress. New York Marine Plaintiffs assert a claim under negligence.

[31] See Federal Compl ¶ 633, N.Y. Marine Compl. ¶ 530.

negligence). Without sufficient factual allegations pertaining to proximate cause and/or duty, no negligence claim may stand, which includes negligent infliction of emotional distress. Therefore this Court should dismiss the negligence and negligent infliction of emotional distress claims against WAMY.

### h. Plaintiffs' action under Conspiracy and Aiding and Abetting cannot stand.[32]

No independent cause of action exists under New York law for Conspiracy. Grove Press, Inc. v. Angleton, 649 F.2d 121, 123 (2d Cir. 1981) ("Under New York law, conspiracy, per se, is not a tort."). As the Second Circuit has previously stated, "[i]t is textbook law that New York does not recognize an independent tort of conspiracy damages may not be awarded on the conspiracy count itself." Sepenuk v. Marshall, No. 98-CV-1569-RBC, 2000 WL 1808977, at *6 (S.D.N.Y. Dec. 8, 2000) (citations omitted). Therefore this Court should follow the well-settled law and dismiss the plaintiffs' independent claims for conspiracy.

No independent cause of action exists under New York Law for aiding and abetting, either. See also Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 57, 720 N.E.2d 892, 898 (N.Y. 1999) (finding that no independent cause of action exists for aiding and abetting). Therefore this Court should follow the well-settled law and dismiss the plaintiffs' independent claims for aiding and abetting as well.

### i. Plaintiffs' independent cause of action for Violation of International Law cannot stand.[33]

No independent cause of action exists for violation of international law. "Customary

---

[32] All of the above-captioned Plaintiffs assert claims under a theory of Conspiracy while all but Continental Plaintiffs assert claims under aiding and abetting.

[33] Euro Brokers Plaintiffs and WTC Plaintiffs assert a claim under a theory of Violations of International Law.

international law prescribes norms of conduct among nations but does not create private rights of action for individuals…Congress has not indicated that a United States citizen may bring a cause of action for violations of customary international law." Friedman v. Bayer Corp., 1999 WL 33457825, at *3 (S.D.N.Y. Dec. 15, 1999); Hayden v. Pataki, 2004 WL 1335921, at *7 (S.D.N.Y. June 14, 2004) ("Customary international law alone does not provide a cause of action in federal court in the absence of a federal statute.").

### j. **Plaintiffs' independent cause of action for Punitive Damages cannot stand.**[34]

Plaintiffs' punitive damages counts should be dismissed because no independent cause of action exists under New York law for this claim.  Punitive damages are merely a form of relief, not an independent cause of action.  Smith v. County of Erie, 743 N.Y.S.2d 649, 651, 295 A.D.2d 1010, 1011 (App. Div. 2002).


## IV. PLAINTIFFS HAVE FAILED TO STATE A RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ("RICO") CLAIM AGAINST WAMY

### a. **New York Marine Plaintiffs have failed to file a RICO Statement.**

In their Complaint, N.Y. Marine plaintiffs bring a cause of action under Civil RICO, pursuant to 18 U.S.C. § 1962(a), (c), and (d). See N.Y. Marine Compl. at ¶ 516-518. Plaintiffs however have filed no RICO Statement against WAMY as required by this Court's Individual Rules. Consequently plaintiffs' RICO claims against WAMY should be stricken.

---

[34] All of the above-captioned Plaintiffs, except for Continental Plaintiffs, assert claims under a theory of Punitive Damages.

21

b. **Plaintiffs have failed to state a claim under RICO 18 U.S.C. § 1962(a).**[35]

Plaintiffs have brought RICO actions pursuant to § 1962(a).[36] This Court has already ruled that without critical elements plaintiffs have failed to state a claim under 1962(a). In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 827 (citing 18 U.S.C. § 1962(a)).[37]

Plaintiffs are required to allege racketeering income as opposed to mere fundraising. In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 827 (requiring racketeering income as opposed to regular fund raising).[38]

Plaintiffs fail to state anywhere in their Complaint or RICO Statement facts to support allegations 1) that WAMY used or invested any racketeering income in order to acquire, establish or operate any interest in any enterprise,[39] 2) concerning the manner in which the racketeering income was allegedly invested,[40] and 3) of any proximate connection between the injury and the alleged investment.[41]

Assuming arguendo that plaintiffs had pled a RICO enterprise, plaintiffs must nonetheless plead facts, rather than mere conclusions, to show that each defendant "knowingly

---

[35] See Federal Compl. ¶¶ 618-620, Federal RICO Stmt. ¶ 1 Euro Brokers Compl. ¶¶ 159-61, Euro Brokers RICO Stmt. ¶ 1, N.Y. Marine ¶¶ 516-518, WTC Compl. ¶¶ 1132-34 and WTC RICO Stmt. ¶ 1.

[36] Continental Plaintiffs filed their RICO Stmt. on September 2, 2005, two days after the deadline set by the briefing schedule.

[37] Under § 1962(a) it is unlawful "to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise, which is engaged in, or the activities of which affect, interstate or foreign commerce."

[38] See, e.g., Federal, Euro Brokers, and WTC RICO Stmts. ¶ 6(b) (alleging of mere fundraising and not racketeering).

[39] See, e.g., Federal, Euro Brokers, and WTC RICO Stmts. ¶ 6(a), (d), (e).

[40] See Federal, Euro Brokers, and WTC RICO Stmt. ¶¶ 5(f), 7, 8, 10, 14.

[41] See Federal, Euro Brokers, and WTC RICO Stmt. ¶¶ 5(b), 5(f), 6(f).

agreed to participate in the alleged conspiracy."[42] See Schmidt v. Fleet Bank, 16 F. Supp. 2d 340, 354 (S.D.N.Y. 1998). Plaintiffs RICO Statements are devoid of any facts to show that WAMY knew that it agreed to participate in an alleged conspiracy to benefit the enterprise, or that the actions of the alleged conspiracy were the proximate cause of the 9/11 attacks. See In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 827. For the foregoing reasons, without these basic pleading requirements, plaintiff's civil RICO claims should be dismissed.

### c. Plaintiffs have failed to state a claim under RICO 18 U.S.C. §§ 1962(c) and (d).[43]

Plaintiffs could not establish under § 1962(c) that WAMY engaged in: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 827 (citing U.S. Fire Ins. Co. v. United Limousine Serv., Inc., 303 F. Supp. 2d 432, 451 (S.D.N.Y. 2004). Paragraph (d) states that it "shall be unlawful for any person to conspire to violate any provision of § 1962(a)-(c)." See In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 827 (citing 18 U.S.C. § 1962(d)).

Plaintiffs have brought RICO actions pursuant to § 1962(c) and (d).[44] Plaintiffs, however, do not allege "anything approaching active 'management or operation.'" Id. Plaintiffs' conclusory statements at best amount to allegations that defendants may have assisted al Qaeda.[45]

---

[42] See Federal RICO Stmt. Exh. A §§ IV-V (making conclusory allegations about WAMY's conduct and knowledge), Euro Brokers and WTC RICO Stmts. Exh. A.

[43] See Fed. Insurance RICO Stmt. ¶1, Euro Brokers Compl. ¶¶ 162-77, Euro Brokers RICO Stmt. ¶ 1, Continental Compl. ¶¶ 607-613, Continental RICO Stmt. ¶ 1, N.Y. Marine Compl. ¶ 516-518, WTC Compl. ¶¶ 1135-50, and WTC RICO Stmt. ¶1.

[44] See Federal, Continental, Euro Brokers, and WTC RICO Stmts. ¶ 1.

[45] See Federal, Continental, Euro Brokers, and WTC RICO Stmts. ¶¶ 5.b, 5.f, 8 and 14. See also Continental RICO Stmt. ¶ 16.

Assuming that plaintiffs have pleaded an enterprise, "under Reves v. Ernst & Young, 507 U.S. 170, 179 (1993), they do not allege that WAMY had 'some part in directing' the 'operation or management' of the enterprise itself" and therefore cannot be held liable. In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 827 (citing Dubai Islamic Bank v. Citibank, N.A., 256 F. Supp. 2d 158, 164 (S.D.N.Y. 2003)); see also 2005 WL 2296673, at *20 (citing Redtail Leasing, Inc. v. Bellezza, No. 95 Civ. 5191 (JFK), 1997 WL 603496, at *5 (S.D.N.Y. Sept. 30, 1997). "A defendant does not 'direct' an enterprise's affairs under § 1962(c) merely by engaging in wrongful conduct that assists the enterprise." Redtail Leasing, Inc., 1997 WL 603496 at *5.

In addition, plaintiffs have not alleged that 1) WAMY was a central figure in the underlying scheme for conspiracy liability under § 1962(d), nor have they alleged 2) "'some factual basis for a finding of a conscious agreement among the defendants.'" See In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 827 (citing Am. Arbitration Ass'n, Inc., v. DeFonseca, No. 93 Civ. 2424(CSH) 1996 WL 363128, at *7 (S.D.N.Y. June 28, 1996) (quoting Hecht v. Commerce Clearing House, 897 F.2d 21, 26 n. 4 (2d Cir. 1990)) (emphasis added). Plaintiffs allege no facts sufficient to show that the alleged conspiracy was the proximate cause of the 9/11 attacks.[46]

## CONCLUSION

Plaintiffs' allegations, when placed in the best possible light, amount to nothing more than vague, conclusory, and therefore legally insufficient statements. Plaintiffs failed to properly allege any wrongful act by WAMY that led to the heinous 9/11 attacks. Furthermore plaintiffs

---

[46] Id. See also Federal and Continental RICO Stmts. Exh. A, §§ !V-V, Euro Brokers and WTC RICO Stmts. Exh. A.

fail to allege any causation between any of WAMY's alleged actions and the injuries sustained by plaintiffs as a result of the 9/11 attacks. Moreover, plaintiffs fail to allege that WAMY even knowingly participated in any conspiracy that materially supported the 9/11 attacks. Finally plaintiffs' allegations fail to support any cause of action against WAMY under RICO. Since conclusory allegations are insufficient when asserted without proximate causation or the proper mental state, plaintiffs can sustain none of the substantive causes of action listed in their Complaints.

For the reasons set forth herein, WAMY respectfully requests that the Court grant its Motion to Dismiss the plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

_____S.S._____

Omar T. Mohammedi (OTM 7234)
The Law Firm of Omar T. Mohammedi, LLC
200 Madison Avenue, Suite 1901
New York, New York 10016
T:   (212) 725-3846
F:   (212) 725-9160

Dated: November 21, 2005