**United States District Court**
**Southern District Of New York**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This Document Relates to:*
      *Burnett v. Al Baraka Inv. & Dev. Corp.*, 03-CV-5738
      *Cantor Fitzgerald Associates v. Akida Investment Co.*, 04-CV-7065
      *Continental Casualty Co. v. Al Qaeda Islamic Army*, 04-CV-5970
      *Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7279
      *New York Marine and General Insurance Co.  v. Al Qaida, et al.*, 04-CV-6105
      *World Trade Center Properties LLC v. Al Baraka Inv. & Dev. Corp.*, 04-CV-7280

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY HIS ROYAL HIGHNESS PRINCE NAIF BIN ABDULAZIZ AL-SAUD, HIS ROYAL HIGHNESS PRINCE SALMAN BIN ABDULAZIZ AL-SAUD AND THE SAUDI HIGH COMMISSION

As the Court is aware, His Royal Highness Prince Naif bin Abdulaziz Al-Saud ("Prince Naif"), His Royal Highness Prince Salman bin Abdulaziz Al-Saud ("Prince Salman"), and the Saudi High Commission (the "SHC") (collectively, the "Defendants"), three sovereigns from the Kingdom of Saudi Arabia, have been named defendants in various actions in this consolidated proceeding.  The Court has previously granted Prince Naif's, Prince Salman's, and the SHC's motions to dismiss certain cases for both lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1603 et seq. ("FSIA"), and lack of personal jurisdiction. See In re Terrorist Attacks on Sept. 11, 2001, No. 03-MDL-1570, 2005 WL 2296673 (S.D.N.Y. Sept. 21, 2005) (the "Sept. 21 Order").[1]

---

[1] The previously dismissed cases include Ashton v. Al Qaeda Islamic Army, 02-CV-6977; Burnett v. Al Baraka Investment & Development Corp., 03-CV-9849; and Federal Insurance Co. v. Al Qaida, 03-CV-6978.  The Court also dismissed Barrera v. Al Qaeda Islamic Army, 03-CV-7036, which had been consolidated with Ashton, and Salvo v. Al Qaeda Army,

Other than the cases dismissed in the Sept. 21 Order, the Defendants are named in Burnett v. Al Baraka Inv. & Dev. Corp., 03-CV-5738 ("New York Burnett");[2] Cantor Fitzgerald Associates v. Akida Investment Co., 04-CV-7065; Continental Casualty Co. v. Al Qaeda Islamic Army, 04-CV-5970; Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp., 04-CV-7279; New York Marine and General Insurance Co. v. Al Qaida, et al., 04-CV-6105; and World Trade Center Properties LLC v. Al Baraka Inv. & Dev. Corp., 04-CV-7280 (collectively, the "Remaining Cases"). A subset of the Remaining Cases, including (i) New York Burnett, Euro Brokers, and World Trade Center Properties as to all of the moving Defendants, and (ii) New York Marine as to the SHC, were never served (the "Unserved Complaints").

Multiple grounds support dismissal of the Remaining Cases as to all of the Defendants. *First*, the plaintiffs in three of the Remaining Cases, Cantor Fitzgerald, Continental Casualty and New York Marine, stipulated with Prince Naif and Prince Salman that these plaintiffs would be bound by the Court's Sept. 21 Order. The plaintiffs in Cantor Fitzgerald and Continental Casualty stipulated to the same effect as to the SHC. Simply by operation of the terms of these stipulations, then, the Cantor Fitzgerald and Continental Casualty complaints should be dismissed as to all three Defendants, and the New York Marine complaint should be dismissed as to Prince Naif and Prince Salman. *Second*, the allegations in all of the Remaining Cases are substantially the same as — and share the fundamental jurisdictional defects of — those found to be insufficient as to these Defendants in the related cases covered by the Sept. 21 Order. The

---

03-CV-5071, which had been consolidated with Burnett. The Court dismissed the SHC on FSIA grounds only.

[2] In their previous motions to dismiss, Prince Naif, Prince Salman, and the SHC moved to dismiss the New York Burnett case, itself a copycat filing of the Burnett case originally filed in the U.S. District Court for the District of Columbia. In its September 21, 2005 Opinion and Order, however, the Court did not reference that complaint.

complaints in the Remaining Cases should, accordingly, be dismissed as well. *Third*, the

Unserved Complaints merit dismissal for failure of timely service, indeed, for the absence of any

attempt at proper service.

## I.  BACKGROUND FACTS

### A.  Case Management Order #2 Sets Forth The Time For Service Of All Complaints Consolidated In This Proceeding

On June 16, 2004, this Court entered Case Management Order #2 ("CMO2") to govern

the procedures to be followed for all cases consolidated prior to and after that date.  For those

defendants named as of June 16, 2004, CMO2 required that the plaintiffs complete service on all

defendants located in a foreign country by October 15, 2004.  For those defendants named after

June 16, 2004, CMO2 required that plaintiffs serve all defendants located in a foreign country

within 120 days of naming those defendants.  CMO2 ¶11.

### B.  The Unserved Complaints Are Filed

On August 1, 2003 – before the Court entered CMO2 – the plaintiffs in New York

Burnett filed their complaint in this Court, mirroring the Burnett action originally filed in the

U.S. District Court for the District of Columbia.  According to the docket of the New York

Burnett action, the plaintiffs filed an amended complaint on September 3, 2003.  New York

Burnett was consolidated into this proceeding on March 10, 2004.

On August 6, 2004, the plaintiff in New York Marine filed its complaint.  On September

21, 2004, the Court consolidated New York Marine into this consolidated proceeding.

According to the docket, the plaintiff filed an amended complaint on December 23, 2004.

On September 10, 2004, the same counsel that represents the plaintiffs in both the

original Burnett action and the New York Burnett case, filed complaints in Euro Brokers and

World Trade Center Properties.  On September 29, 2004, the Court consolidated both Euro

Brokers and World Trade Center Properties into this consolidated proceeding.

C.    **The Court Dismisses The Defendants From Ashton, Burnett, And Federal Insurance**

Following briefing and oral argument, on September 21, 2005, the Court found that the

plaintiffs' claims in Ashton, Burnett, and Federal Insurance must be dismissed against the

moving Defendants.  Specifically, the Court found that it lacked subject-matter jurisdiction under

the FSIA for all claims against Prince Naif and Prince Salman in their official capacities, and

against the SHC.  The Court also found that the plaintiffs failed to meet their burden to establish

that the Court had personal jurisdiction over Prince Naif or Prince Salman for claims arising out

of acts allegedly done in their individual capacities.

D.    **Allegations In The Remaining Cases Do Not Differ From Those Dismissed In The Sept. 21 Order**

None of the Remaining Cases allege any facts or evidence not previously rejected by this

Court as insufficient under the FSIA or personal jurisdiction jurisprudence.  Indeed, the

allegations in New York Burnett are nothing more than a photocopy of the allegations in Burnett,

which this Court dismissed as to these Defendants in its Sept. 21 Order.  Similarly, substantially

all of the allegations in World Trade Center Properties are verbatim renditions of allegations

already found to be insufficient by this Court.[3]  The allegations in Euro Brokers fare no better,

and track the allegations in World Trade Center Properties and the arguments previously made

---

[3] As to Prince Salman, compare World Trade Center Properties ¶¶392-396, 678, 736-774, with Federal Insurance ¶¶461-462, and Burnett ¶¶342, 400-408.  As to Prince Naif, compare World Trade Center Properties ¶¶678, 715-718, 1090, with Burnett ¶¶342, 379-382, and Federal Insurance ¶435.  As to the SHC, compare World Trade Center Properties ¶¶473, 728-744, with Burnett ¶¶298, 392-408.

by these same plaintiffs' counsel to this Court.[4]  Likewise, the allegations against these

Defendants in Cantor Fizgerald are virtually verbatim copies of the allegations in Euro Brokers.[5]

Several of the plaintiffs in the Remaining Cases have, in fact, admitted that their

allegations do not substantially differ from those previously found to be inadequate.  The Cantor

Fitzgerald and Continental Casualty plaintiffs, for example, have acknowledged that "the

allegations" in those cases are "in many instances, identical" and, with respect to each of Prince

Naif, Prince Salman, and the SHC, "substantially similar" to the allegations made in the cases

that comprised the Court's Sept. 21 Order.  See Continental Cas. Docket ## 77, 79, 80

(stipulations with Prince Naif, Prince Salman, and the SHC, respectively); see also Cantor

Fitzgerald Docket # 242 (stipulation with Prince Naif, Prince Salman, and the SHC).  For this

reason, the plaintiffs in Cantor Fitzgerald and Continental Casualty have agreed to be bound by

the Court's Sept. 21 Order, and any appeal taken therefrom.  The New York Marine plaintiffs

have made the same admission, at least with respect to Prince Naif and Prince Salman.  See New

York Marine Docket ## 266, 284 (stipulations with Prince Naif & Prince Salman, respectively).[6]

## II.   ARGUMENT

### A.   Plaintiffs' Stipulated Agreements To Be Bound By The Court's Sept. 21 Order Should Be Given Effect

---

[4] See Euro Brokers ¶¶33-36, 128-133.

[5] Compare Euro Brokers ¶¶33-36, 128-133 with Cantor Fitzgerald ¶¶47-50, 143-148.

[6] Although the New York Marine plaintiffs have not reached a similar stipulation with the SHC – because the plaintiffs have yet to serve the SHC – they have also failed to allege any facts different from those already found insufficient by this Court.  Indeed, the New York Marine First Amended Complaint, filed December 23, 2004, fails to make any factual allegations against the SHC at all, mentioning its name only once – and in a purely conclusory manner – among hundreds of other defendants in the same paragraph, as having "aided and abetted, conspired with, and provided material support and resources to" al Qaeda.  New York Marine FAC ¶45.

As described above, Plaintiffs in several of the Remaining Cases agreed to be bound by the Court's Sept. 21 Order, which granted these Defendants' motions to dismiss. In particular, the plaintiffs in Cantor Fitzgerald and Continental Casualty have stipulated with Prince Naif, Prince Salman, and the SHC that they will be bound by the Sept. 21 Order. Likewise, the plaintiff in New York Marine has stipulated with Prince Naif and Prince Salman that it will similarly be bound.

By stipulating to be bound by the Court's Sept. 21 Order, those plaintiffs have essentially agreed that their complaints ought to be dismissed. Through such an agreement, a party "voluntarily forfeit[s] his legal remedy" that is the subject of the stipulation. Avellino v. Herron, 181 F.R.D. 294, 296-297 (E.D. Pa. 1998). The stipulations here, freely entered by the various plaintiffs to avoid the burden and cost of separately defending against the Defendants' motions to dismiss, fully justify dismissal of the complaints to which they apply. As a result, the Court should dismiss Cantor Fitzgerald and Continental Casualty as to all moving Defendants, and New York Marine as to Prince Naif and Prince Salman.

**B.     The Court Lacks Subject-Matter Jurisdiction Under Rule 12(b)(1) And Should Dismiss All Remaining Cases Against Prince Naif, Prince Salman, And The SHC Because They Are Immune From Suit Under The FSIA**

The Sept. 21 Order dismissed these Defendants from Ashton, Burnett, and Federal Insurance. The Court found, in part, that the Defendants were immune under the FSIA. Because, as shown above, the allegations in the Remaining Cases are substantially identical to those the Court has already found deficient in its Sept. 21 Order, the Court should dismiss the Remaining Cases for the same reasons.[7]

_____

[7] Dismissing cases where the "allegations and evidence presented against these Defendants in the cases still pending against them do not materially differ from the allegations and evidence presented in the cases already dismissed" is not unprecedented in this proceeding.

As such, the Defendants hereby rely on and incorporate their respective memoranda of law supporting their motions to dismiss the Ashton, Burnett, and Federal Insurance cases, as if fully laid out herein. See MDL Docket ## 226, 401 (Prince Naif); 141, 411 (Prince Salman); 262, 421 (SHC). Because the Defendants are immune under the FSIA, and because no exception to that immunity applies, the Court should dismiss with prejudice Prince Naif, Prince Salman, and the SHC from New York Burnett, Cantor Fitzgerald, Continental Casualty, Euro Brokers, New York Marine, and World Trade Center Properties.

**C.     The Court Should Dismiss All Remaining Cases Against Prince Naif, Prince Salman, And The SHC For Lack Personal Jurisdiction Under Rule 12(b)(2)**

The Court, in its Sept. 21 Order, dismissed Prince Naif and Prince Salman from Ashton, Burnett, and Federal Insurance for lack of personal jurisdiction. As shown above, nothing about the allegations in any of the Remaining Cases differs with respect to personal jurisdiction from those the Court has already found deficient in its Sept. 21 Order. Prince Naif and Prince Salman therefore rely on and incorporate their respective memoranda of law supporting their motions to dismiss the Ashton, Burnett, and Federal Insurance cases, as if fully laid out herein. See MDL Docket ## 226, 401 (Prince Naif); 141, 411 (Prince Salman).

The Court did not address the SHC's personal jurisdiction defense in its Sept. 21 Order. To the extent the Remaining Cases against the SHC are not dismissed for lack of subject matter jurisdiction under the FSIA, the SHC hereby relies on and incorporates its motion to dismiss,

---

See MDL Docket # 883 at 3. Indeed, the Court previously entered exactly such an order with respect to several other sovereign defendants following this Court's lengthy opinion on January 18, 2005 dismissing claims against the Kingdom of Saudi Arabia, Prince Sultan bin Abdulaziz Al-Saud, and Prince Turki Al-Faisal Al-Saud, under the FSIA and for lack of personal jurisdiction. The Defendants proposed similarly dismissing the Remaining Cases here, but Plaintiffs were not interested.

including its arguments for dismissal under Rule 12(b)(2) and (6).  See MDL Docket ## 262, 421.

Because the plaintiffs have failed to meet their burden to demonstrate that the Court has personal jurisdiction over the Defendants, the Court should dismiss with prejudice Prince Naif, Prince Salman, and the SHC from New York Burnett, Cantor Fitzgerald, Continental Casualty, Euro Brokers, New York Marine, and World Trade Center Properties.

> **D.**   **In Any Event, The Court Should Dismiss New York Burnett, Euro Brokers, and World Trade Center Properties As To The Defendants, And New York Marine As To The SHC For Failure To Serve Under Rule 12(b)(5)**

Rule 12(b)(5) provides that the Court may dismiss for failure to serve.  Likewise, paragraph 11 of CMO2 provides that the Court may dismiss a case for failure to timely serve as provided in that paragraph, either by motion or through the Court's own initiative.[8]

The plaintiffs in New York Burnett, Euro Brokers, and World Trade Center Properties have failed to even attempt to serve any of the moving Defendants.  Counsel for those plaintiffs have even admitted that failure.  See Nov. 17, 2005 Letter from Andrea Bierstein, attached hereto as Exhibit B.  Similarly, the plaintiff in New York Marine has failed to even attempt to serve the SHC.  With respect to defendants located in a foreign country, CMO2 required plaintiffs to serve all defendants named as of June 16, 2004, by October 15, 2004, or, for those defendants named after June 16, 2004, within 120 days of being named.  CMO2 ¶11.  All of those deadlines have long passed with respect to the Defendants in New York Burnett (consolidated March 10, 2004), Euro Brokers (consolidated September 29, 2004) and World

---

[8] The portion of CMO2 ¶11 requiring notice to the plaintiffs was fulfilled by an exchange of voice mail with counsel for plaintiffs, culminating in a November 7, 2005 letter.  See Nov. 7, 2005 Letter from Jamie S. Kilberg, attached hereto as Exhibit A.

Trade Center Properties (consolidated September 29, 2004), and with respect to the SHC in New York Marine (consolidated September 21, 2004, and amended December 23, 2004).[9]

**E.      The Court Should Enter Rule 54(b) Certifications With Respect To The Unserved Complaints**

After dismissing Prince Naif, Prince Salman, and the SHC from New York Burnett, Cantor Fitzgerald, Continental Casualty, Euro Brokers, New York Marine, and World Trade Center Properties, there will be no claims pending against those defendants.  The Defendants have, simultaneous to filing this motion, joined the Kingdom of Saudi Arabia, now-Crown Prince Sultan bin Abdulaziz Al-Saud, and Prince Turki Al-Faisal Al-Saud in requesting a Rule 54(b) certification as to the already-dismissed complaints, stemming from the Court's January 18, 2005 Opinion and Order; May 5, 2005 Order; and September 21, 2005 Opinion and Order.

For the same reasons outlined in that motion, a Rule 54(b) certification should be granted by the Court with respect to Prince Naif, Prince Salman, and the SHC here in the Unserved Complaints.[10]

---

[9] Undersigned counsel have not stood on formality as to service of process during the course of this litigation; indeed, they have given clear and simple instructions to these same plaintiffs' counsel on effecting service as to the moving Defendants in other cases in this consolidated proceeding.  See, e.g., Nov. 22, 2005 Letter from Jamie S. Kilberg, attached hereto as Exhibit C.  Undersigned counsel would not litigate the issue here had plaintiffs in the Unserved Complaints made even minimal effort to effect service prior to the relevant deadlines.  Defendants' records – as well as, apparently, the Plaintiffs' records – reveal no such effort.

[10] Because of the language agreed to by the parties in the stipulations identified above, whereby the parties agree to be bound by any appellate decision regarding the Sept. 21 Order, the Defendants do not believe Rule 54(b) certifications are necessary with respect to Prince Naif, Prince Salman, or the SHC in the Cantor Fitzgerald and Continental Casualty cases; or with respect to Prince Naif or Prince Salman in the New York Marine case.

## III.   CONCLUSION

For all of the foregoing reasons, this Court should:

(1)   Dismiss with prejudice, on the basis of stipulations, <u>Cantor Fitzgerald</u>, <u>Continental Casualty</u>, and <u>New York Marine</u> as to Prince Naif and Prince Salman, and <u>Cantor Fitzgerald</u> and <u>Continental Casualty</u> as to the SHC;

(2)   Dismiss with prejudice, for lack of subject matter jurisdiction under the FSIA and/or lack of personal jurisdiction, <u>New York Burnett</u>, <u>Cantor Fitzgerald</u>, <u>Continental Casualty</u>, <u>Euro Brokers</u>, <u>New York Marine</u>, and <u>World Trade Center Properties</u> with respect to Prince Naif, Prince Salman, and the SHC; and/or

(3)   Dismiss with prejudice, for failure to serve, <u>New York Burnett</u>, <u>Euro Brokers</u>, and <u>World Trade Center Properties</u> with respect to Prince Naif, Prince Salman, and the SHC, and <u>New York Marine</u> with respect to the SHC.  The Court should also enter Rule 54(b) judgments with respect to Prince Naif, Prince Salman, and the SHC in <u>New York Burnett</u>, <u>Euro Brokers</u>, and <u>World Trade Center Properties</u>; and enter a Rule 54(b) judgment with respect to the SHC in <u>New York Marine</u>.

Date: December 1, 2005

Respectfully Submitted,

BAKER BOTTS L.L.P.

By: _____/S/_____
William H. Jeffress, Jr.  (admitted *pro hac vice*)
Christopher R. Cooper  (admitted *pro hac vice*)
Jamie S. Kilberg  (admitted *pro hac vice*)
Sara E. Kropf  (admitted *pro hac vice*)

1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
Phone: (202) 639-7700
Fax:    (202) 639-7890

*Counsel for Prince Naif bin Abdulaziz Al-Saud and Prince Salman bin Abdulaziz Al-Saud*

BRYAN CAVE LLP

By: ____/S/_____
James M. Cole (admitted *pro hac vice*)
James J. Murphy (admitted *pro hac vice*)
Michael G. Biggers (MB 4743)

700 13th Street, N.W.
Washington, D.C.  20005-6000
Phone:    (202) 508-6000
Fax:      (202) 508-6200

*Counsel for Prince Naif bin Abdulaziz Al-Saud*

ROBBINS, RUSSELL, ENGLERT, ORSECK
& UNTEREINER LLP

By: ___/S/_____
Lawrence S. Robbins (LR 8917)

1801 K Street, N.W.
Washington, D.C.  20006
Phone: (202) 775-4500
Fax:    (202) 775-4510

*Counsel for the Saudi High Commission*

## CERTIFICATE OF SERVICE

I certify that, on this 1st day of December, 2005, I caused copies of (i) the Notice Of Motion To Dismiss By His Royal Highness Prince Naif Bin Abdulaziz Al-Saud, His Royal Highness Prince Salman Bin Abdulaziz Al-Saud And The Saudi High Commission, (ii) the foregoing Memorandum of Law in Support of Motion To Dismiss By His Royal Highness Prince Naif Bin Abdulaziz Al-Saud, His Royal Highness Prince Salman Bin Abdulaziz Al-Saud And The Saudi High Commission, and (iii) Exhibits A, B, and C to the foregoing Memorandum of Law, to be served on all parties electronically pursuant to the Court's ECF system.

_____/S/_____

Jamie S. Kilberg