UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

In re Terrorist Attacks on September 11, 2001          03 MDL 1570 (RCC)
                                                       ECF Case


-------------------------------------------------------------

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02-CV-6977;
*Burnett, et al. v. Al Baraka Investment & Development Corporation, et al.*, Case No. 03-CV-9849;
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Limited, et al.*, Case No. 04-CV-7065;
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04-CV-5970;
*Euro Brokers, Inc., et al. v. Al Baraka Investment & Development Corp.*, et al., Case No. 04-CV-07279;
*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-CV-6978;
*Walter Tremsky, et al. v. Osama Bin Laden, et al.*, Case No. 02-CV-7300;
*World Trade Center Properties LLC, et al. v. Al Baraka Investment and Development Corp., et al.*, Case No. 04-CV-07280;
*Estate of John P. O'Neill v. al Baraka, et al.*, Case No. 04-CV-1923.

**MEMORANDUM OF LAW OF HRH PRINCE MOHAMED AL FAISAL AL SAUD
IN SUPPORT OF HIS MOTION FOR ENTRY OF FINAL JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

**INTRODUCTION**

In Orders dated January 18 and May 5, 2005, the Court dismissed defendant HRH Prince

Mohamed Al Faisal Al Saud ("Prince Mohamed") from all actions pursuant to Federal Rule of

Civil Procedure 12(b)(2) for lack of personal jurisdiction. On May 20, 2005, all plaintiffs moved

for entry of final judgments pursuant to Rule 54(b) with respect to Prince Mohamed and certain

other defendants. On June 2, 2005, Prince Mohamed and others filed a response agreeing with

plaintiffs' motion. To the best of our knowledge, no party to any of these actions opposes a Rule

54(b) final judgment with respect to Prince Mohamed, and he now respectfully moves for such a judgment.[1]

A final judgment for Prince Mohamed pursuant to Rule 54(b), which would dispose of all claims against him, would satisfy all requirements of the Rule, including the requirement that there be no just reason for delay.  For more than three years, Prince Mohamed, over whom this Court has determined it has no jurisdiction, has borne the "unique burdens" of defending himself in a foreign land.  *In Re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 811 (S.D.N.Y. 2005) ("*Terrorist Attacks I*").  He has also borne the obloquy of being listed among those responsible for a terrible crime, even though, as this Court ruled on January 18, there are no *allegations* of personal acts "purposefully directed … at the United States [or] supporting Osama bin Laden, al Qaeda, or their terrorist agenda …."  *Id.* at 816.  A final judgment and prompt review (if plaintiffs elect to appeal) would afford "fair play and substantial justice."  *Id.* at 810 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A Rule 54(b) judgment would also serve the interest of sound judicial administration. This Court's application of the standards for dismissal of an individual for lack of personal jurisdiction may appropriately be reviewed by the Court of Appeals for the Second Circuit in Prince Mohamed's case.  Moreover, similar personal jurisdiction issues will be presented to the Second Circuit if this Court grants any of the Rule 54(b) final judgments that *other* individual defendants (including Prince Sultan, Prince Turki, Prince Salman, and Prince Naif) are now seeking.  Prompt appellate review of these issues will not delay other proceedings in these cases but can be expected to provide standards that will make such proceedings more efficient.

---

[1]     A proposed order is attached as Exhibit A.

## RELEVANT PROCEDURAL HISTORY

On January 18, 2005 the Court entered an Order relating to seven of these cases (the "January 18 Order").[2]   The January 18 Order dismissed Prince Mohamed from *Ashton* and *Federal Insurance* for lack of personal jurisdiction.  *See Terrorist Attacks I*, 349 F. Supp. 2d at 816, 837.  The Order also dismissed several other defendants for lack of subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act ("FSIA"), lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or failure to state a claim.[3]

On March 11, 2005 plaintiffs asked the Court to dismiss five of these defendants from all remaining consolidated cases and enter orders under Rule 54(b):  Prince Mohamed, the Kingdom of Saudi Arabia ("KSA"), Prince Sultan, Prince Turki and al Rajhi Bank ("al Rajhi").  Plaintiffs told the Court that "all plaintiffs are agreeable to relying upon their respective pleadings … previously presented or submitted to the Court in any of the consolidated actions" and that "absent a request by the Court for additional briefing or oral argument," rulings "would be in order" in cases not addressed in the January 18 Order but still pending against these defendants.  *See* 3/11/05 Letter of James P. Kreindler to the Court (copy attached as Exhibit B) at 1-2

---

[2]     *Ashton v. Al Qaeda Islamic Army*, 02-CV-6977 ("*Ashton*"); *Burnett v. Al Baraka Investment & Development*, 03-CV-5738; *Burnett v. Al Baraka Investment & Development*, 03-CV-9849 ("*Burnett II*"); *Federal Insurance Co. v. Al Qaida*, 03-CV-6978 ("*Federal Insurance*"); *Salvo v. Al Qaeda Army*, 03-CV-5071; *Tremsky v. Osama Bin Laden*, 02-CV-7300; and *Vigilant Insurance Co. v. Kingdom of Saudi Arabia*, 03-CV-8591.

[3]     In addition to Prince Mohamed, the January 18 Order dismissed the Kingdom of Saudi Arabia for lack of subject matter jurisdiction under the FSIA. It dismissed Prince Sultan bin Abdulaziz Al-Saud ("Prince Sultan") and Prince Turki Al Faisal bin Abdulaziz Al-Saud ("Prince Turki") for lack of subject matter jurisdiction under the FSIA (with respect to their official acts) and lack of personal jurisdiction under Rule 12(b)(2) (with respect to their personal acts).  It dismissed al Rajhi Bank for failure to state a claim upon which relief can be granted.  It also dismissed several other defendants that were not the subject of plaintiffs' March proposal described below, either for lack of personal jurisdiction under Rule 12(b)(2) or for failure to state a claim.

(emphasis in original).  Plaintiffs also advised the Court that all plaintiffs' counsel and counsel for four of the five named defendants[4/] would "consent to the Court's entry of partial, final judgment in favor of these defendants and against all plaintiffs under Rule 54(b)" so that "an immediate appeal then could be pursued, ideally on an expedited basis."  *Id*. at 2.  Plaintiffs asserted that an "accelerated appellate review" by the Second Circuit "would be beneficial to all parties … ."  *Id*.

On April 15, 2005 counsel for Prince Mohamed, KSA, Prince Sultan and Prince Turki told the Court that they "agree that it would be appropriate to immediately dismiss our clients from all remaining cases consolidated before the Court."  *See* 4/15/05 Letter with attached Proposed Order (copy attached as Exhibit C).   The parties made several more submissions to the Court regarding, *inter alia*, the form of the order, and after reviewing these submissions the Court entered an Order on May 5, 2005 dismissing Prince Mohamed, KSA, Prince Sultan, Prince Turki, and al Rajhi from all remaining cases (the "May 5 Order") (the five are hereinafter referred to as the "Fully Dismissed Defendants").  The Court said, "[T]he parties agree and the Court finds that the allegations and the evidence presented against these Defendants in the cases still pending against them do not materially differ from the allegations and evidence in the cases already dismissed."  *See* May 5 Order at 3.

On May 20, all plaintiffs moved for the entry of final judgments in favor of the Fully Dismissed Defendants ("Plaintiffs' 54(b) Motion").  Plaintiffs stated that an appeal "will not delay the ultimate trial" because it could run concurrently "with the start of the fact-gathering process …."  They said the shifting of "the inevitable appeal of these issues from years from now

---

[4/]      Al Rajhi indicated to plaintiffs that it opposed entry of a final judgment pursuant to Rule 54(b) as to itself.

to the present day" would work "no additional hardship on any party" and that any resulting appellate decision would "streamlin[e] the case management process" and "provid[e] this court with bedrock confidence in its resolution of similar issues."  *See* Memorandum of Law in Support of Plaintiffs' 54(b) Motion at 14-15.

On June 2, 2005 Prince Mohamed, KSA, Prince Sultan and Prince Turki filed a brief response to the Plaintiffs' 54(b) Motion and agreed with plaintiffs "that the legal standards for the issuance of a Rule 54(b) certification to the U.S. Court of Appeals for the Second Circuit have been met" in their cases.[5/]  Plaintiffs' 54(b) Motion remains pending before the Court.[6/]

In the parties' submission to the Court on October 28, 2005, plaintiffs stated that "the only appropriate course is for the Court to decide [their] pending Motion for certification."  *See* 10/28/05 Letter (copy attached as Exhibit D), at 2.  That Motion called for a Rule 54(b) judgment as to Prince Mohamed, and Prince Mohamed continues to agree that his dismissal meets the legal requirements for the entry of final judgment.

## ARGUMENT AND CITATION OF AUTHORITY

Prince Mohamed agrees with the plaintiffs that a Rule 54(b) judgment is appropriate in his case, and to the best of our knowledge no party disagrees with respect to him.  The personal jurisdiction questions presented in his case are similar to the personal jurisdiction questions presented by other defendants seeking Rule 54(b) judgments (including Prince Sultan and Prince Turki).  There is no just reason for delay in his case.

---

[5/]     Al Rajhi filed a response opposing the entry of final judgment as to it.

[6/]     On September 21, 2005 the Court entered an Order relating to *Ashton, Burnett II and Federal Insurance*, dismissing additional defendants for lack of subject matter jurisdiction under the FSIA, lack of personal jurisdiction, or failure to state a claim upon which relief can be granted (the "September 21 Order").  The September 21 Order did not affect Prince Mohamed.

**Federal Rule of Civil Procedure 54(b) Gives the Court the Authority To Enter Final Judgment in Favor of Prince Mohamed.**

Rule 54(b) provides in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). The determination whether and when a Rule 54(b) judgment is appropriate is left to the "sound judicial discretion" of the district court. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980).

Rule 54(b) was adopted specifically to ease the hardship (suffered by parties in the increasing number of cases involving multiple claims and/or parties) of requiring each party to wait until the litigation is fully concluded to obtain finality. *See Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1093 (2d Cir. 1992). "Retaining the rigid 'single judicial unit theory' of appealability would have created a serious danger of hardship and denial of justice through delay if each claim had to await the determination of all claims as to all parties before a final judgment could be entered." *Id*. Rule 54(b) is permissive and affords trial judges the flexibility to avoid that hardship and denial of justice. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956); *Ginett*, 962 F.2d at 1097.

Rule 54(b) sets forth three requirements:

First, the case must involve multiple claims for relief or multiple parties. Fed. R. Civ. P. 54(b). This proceeding unquestionably satisfies that requirement.

Second, the court must make an "express direction for the entry of judgment." *Id*. In order to do so, the "court must first determine that it is dealing with a 'final judgment.'" *Curtiss-*

*Wright,* 446 U.S. at 7; *see also Sears*, 351 U.S. at 436; *Ginett*, 962 F.2d at 1091.  "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an 'ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Curtiss-Wright*, 446 U.S. at 7 (*citing Sears*, 351 U.S. at 436).

An entry of a Rule 54(b) judgment on the basis of the Court's orders dismissing Prince Mohamed from all cases would be a final and complete disposition of the cases against him.  A decision granting a motion to dismiss based on lack of personal jurisdiction satisfies the finality requirement and district courts in the Second Circuit have routinely entered final judgments under Rule 54(b) in similar cases.  *See, e.g., Grand River Enters. Six Nations, Ltd,* 425 F.3d 158, 164-65 (2d Cir. 2005) (54(b) judgment entered for several defendants dismissed for lack of personal jurisdiction); *Retail Software Servs. Inc. v. Lashlee*, 854 F.2d 18, 19-20 (2d Cir. 1988) (same); *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 89 (2d Cir 1975) (same for single defendant); *Freeplay Music, Inc. v. Cox Radio, Inc.*, No. 04 Civ. 5238 (GEL), 2005 WL 2464571 at * 1-2 (S.D.N.Y. Oct. 5, 2005) (same); *Michelson v. Merrill Lynch, Pierce, Fenner & Smith*, 709 F. Supp. 1279, 1290 (S.D.N.Y. 1989) (same).

Third, the Court must make an "express determination that there is no just reason for delay."  Fed. R. Civ. P. 54(b); *Ginett*, 962 F.2d at 1091.  In making that determination, the district court must use its "sound judicial discretion" and "take into account judicial administrative interests as well as the equities involved."  *Curtiss-Wright*, 446 U.S. at 8.  But "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification."  *Ginett*, 962 F.2d  at 1096.

There is ample basis for such a determination here.  In the first place, Prince Mohamed agreed with all plaintiffs several months ago that a Rule 54(b) judgment would be appropriate in

his case, and no party disagrees as to him.  In the second place, the equities are strongly in favor

of such a judgment.  Prince Mohamed lives in a distant country and English is not his native

language.  He has borne for more than three years the burden of participating in this massive

litigation and the burden of standing accused (albeit very indistinctly) of some sort of complicity

in a notorious and terrible crime.  This Court has determined after full briefing and argument that

it does not have personal jurisdiction because plaintiffs' allegations do not connect him with that

crime, and justice and fairness call for making that judgment final so that he does not have to

carry the burden of this litigation over the years that will be required before all claims against

other parties can be resolved.

The Supreme Court, the Second Circuit, and this Court have all recognized that foreign

defendants bear "unique burdens" in defending against claims in U.S. courts.  *Asahi Metal Indus.*

*Co. v. Superior Court*, 480 U.S. 102, 115 (1987) ("great care and reserve should be exercised

when extending our notions of personal jurisdiction into the international field"); *see also*

*Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 244 (2d Cir. 1999); *Terrorist Attacks I*, 349 F.

Supp. 2d at 811.  "If entry of a final judgment were delayed, it is likely that the litigation costs of

[the dismissed defendants] would be increased."  *Olin Corp. v. Ins. Co. of North America*, 771 F.

Supp. 76, 80 (S.D.N.Y. 1991); *aff'd Olin Corp. v. Ins. Co. of North America*, 972 F.2d 1328 (2d

Cir. 1992).  In this case, however, the associated burdens extend far beyond mere economics.

"[I]t is difficult to imagine uglier or more serious charges than those the plaintiffs have leveled at

these defendants. The use of the privileged medium of a lawsuit to publicly label someone an

accomplice of terrorists can cause incalculable reputational damage."  *Burnett v. Al Baraka Inv.*

*& Dev. Corp.*, 274 F. Supp. 2d 86, 103 (D.D.C. 2003).  Prince Mohamed established in this

Court that, as against him, plaintiffs' "ugl[y]" but conclusory charges were not grounded in

allegations of fact sufficient to create a *prima facie* case for personal jurisdiction, and it is entirely equitable that the unique burdens on him should cease.

Finally, a Rule 54(b) judgment in favor of Prince Mohamed would serve the interest of sound judicial administration.  Plaintiffs wish to challenge this Court's explication and application of the law of personal jurisdiction.  These issues would be before the Second Circuit in any event, if this Court grants the motions for Rule 54(b) judgments filed by Prince Sultan, Prince Turki, Prince Salman, and/or Prince Naif, because each of these "FSIA" defendants was dismissed under Rule 12(b)(2) for lack of personal jurisdiction with respect to alleged actions taken in their personal capacities.  The facts in Prince Mohamed's case will enable the Second Circuit to give the issues somewhat fuller consideration without adding significantly to its burdens.  In turn, the results of the Second Circuit's consideration will provide valuable guidance for the ongoing conduct of these cases.

Moreover, as plaintiffs acknowledged last March, Rule 54(b) judgments will not delay further proceedings in this Court, because an immediate appeal "would not delay the prospective trial nor would it interfere with the discovery process."  *Hunt v. Mobil Oil Corp.*, 550 F.2d 68, 70 (2d Cir. 1977); *see also Michelson*, 709 F. Supp. at 1290 ("Rule 54(b) judgment could obviate the need for a second trial, were this decision reversed.").  In their most recent correspondence with the Court on the issue, the parties agreed to extend the closing date for fact discovery to June 30, 2006.  They further agreed that the discovery deadlines may need to be extended further depending on the progress of the case over the next several months.  Any appeal taken by the plaintiffs with respect to Prince Mohamed may very well be finished before fact discovery even closes in the case.  While any such appeal is pending, there is no reason why the case cannot proceed as to non-dismissed defendants.  As the *Freeplay Music* court noted, "allowing an

immediate appeal of the jurisdictional issue [would not] delay adjudication of the claims against the other defendants … .  The jurisdictional issue is entirely distinct from the merits of those claims.  Litigation of the claims against the other defendants may proceed apace."  *Freeplay Music*, 2005 WL 2464571, at * 3.

Finally, the entry of final judgment as to Prince Mohamed (and other moving defendants) would promote judicial economy by finally resolving a portion of the case and allowing the Court and the parties to focus on unresolved issues.  In complex litigation such as this, "it is in the interest of all parties to narrow the remaining pool of pending issues."  *Olin*, 771 F. Supp. at 80.

## <u>CONCLUSION</u>

For the foregoing reasons, Prince Mohamed respectfully requests that the Court grant his

Motion for the Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b).


Respectfully submitted,



_____/s/_____
Louis R. Cohen (LC 4012)
Tracey C. Allen (TA 4353)
WILMER CUTLER PICKERING
   HALE and DORR LLP
2445 M Street, N.W.
Washington, DC  20037
Tel: (202) 663-6000
Fax: (202) 663-6363

Douglas F. Curtis (DC 2076)
David W. Bowker (DB 3029)
WILMER CUTLER PICKERING
   HALE and DORR LLP
399 Park Avenue
New York, NY 10022
Tel.: 212-230-8800
Fax: 212-230-8888

*Counsel for Defendant Prince Mohamed al Faisal
al Saud*


Date:  November 30, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------

In re Terrorist Attacks on September 11, 2001                03 MDL 1570 (RCC)
                                                            ECF Case


--------------------------------------------------------------

### ORDER

Upon consideration of the Motion for the Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 54(b) by HRH Defendant Prince Mohamed Al Faisal Al Saud ("Prince Mohamed"), and all responses thereto, the Court finds as follows:

1.      On January 18, 2005 the Court entered an Order relating to *Ashton v. Al Qaeda Islamic Army*, 02-CV-6977 ("*Ashton*"); *Burnett v. Al Baraka Investment & Development*, 03-CV-5738; *Burnett v. Al Baraka Investment & Development*, 03-CV-9849; *Federal Insurance Co. v. Al Qaida*, 03-CV-6978 ("*Federal Insurance*"); *Salvo v. Al Qaeda Army*, 03-CV-5071; *Tremsky v. Osama Bin Laden*, 02-CV-7300; and *Vigilant Insurance Co. v. Kingdom of Saudi Arabia*, 03-CV-8591.

2.      The January 18, 2005 Order, *inter alia*, dismissed Prince Mohamed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction from *Ashton* and *Federal Insurance*.  Prince Mohamed was named in additional cases consolidated before the Court ("Related Cases").

3.      On May 5, 2005 the Court entered an Order dismissing Prince Mohamed, among other defendants, from all remaining Related Cases.  In doing so, the Court found that the parties agree and the Court finds that the allegations and the evidence presented against these

Defendants in the cases still pending against them do not materially differ from the allegations and the evidence in the cases already dismissed.

      4.      The Court finds that the dismissal of Prince Mohamed is final and that there is no just reason to delay the entry of final judgment in his favor pursuant to Federal Rule of Civil Procedure 54(b).  The Court further finds that entering a final judgment and permitting the plaintiffs to pursue a timely appeal of the threshold personal jurisdiction ruling would afford Prince Mohamed fair play and substantial justice, and would substantially advance the progress of this suit and thus serve the interests of sound judicial administration.

      **ACCORDINGLY**, **IT IS HEREBY ORDERED** this _____ day of _____ 2005 that the Judgment with respect to Prince Mohamed be deemed, and the same hereby, as final.  The Clerk of the Court is directed to promptly prepare, sign and enter final judgment.

 

                           _____
                           The Honorable Richard Conway Casey
                           United States District Judge

# EXHIBIT B



Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Blanca I. Rodriguez
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Andrew J. Maloney, III
Daniel O. Rose
Gretchen M. Nelson•
Stuart R. Fraenkel*

**KREINDLER & KREINDLER** LLP
100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

Susan A. Friery, M.D.♦
Jacqueline M. James
Brendan S. Maher
Susan D. Bainnson
Dennis J. Nolan
Vincent I. Parrett
William O. Angelley
Michael R. Sherwin♦

California Office
707 Wilshire Boulevard
Suite 5070
Los Angeles, CA 90017-3613
(213) 622-6469
Fax: (213) 622-6019

Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
  Counsel

March 11, 2005

*Admitted in CA only
♦Admitted in MA & DC only
*Admitted in OH only

**Via Hand Delivery and Facsimile**
Honorable Richard C. Casey
United States District Court
Southern District of New York
500 Pearl Street - Room 1950
New York, New York 10007

      **Re:**   **MDL 1570**
              **Ashton, et al v. Al Qaeda, et al.**
              **02 CV 6977 (RCC)**

Dear Judge Casey:

      The Court has asked the Plaintiffs' Executive Committee to confer with the Plaintiffs' General Committee, and with representatives of the defense bar in this matter, and then report back to the Court regarding a procedure for addressing certain outstanding motions to dismiss. After appropriate discussion, I am reporting as follows:

      Through its January 18, 2005 Opinion and Order, the Court dismissed the claims asserted against the Kingdom of Saudi Arabia, Prince Sultan bin Abdul Aziz al Saud, Prince Turki al Faisal al Saud, Prince Mohamed al Faisal al Saud and the al Rahji Banking & Investment Co., Inc. in some, but not all, of the consolidated actions. As to these five defendants, <u>all plaintiffs</u> are agreeable to relying upon their respective pleadings, as well as the briefs, exhibits, evidence and arguments previously presented or submitted to the Court in any of the consolidated actions, and further agree that any additional briefing or oral argument may be waived, unless the Court believes that

Honorable Richard C. Casey
March 11, 2005
Page 2

additional briefing and argument would be beneficial. If the Court requires this position to be set forth in a formal stipulation, I would appreciate a member of Your Honor's staff so advising me so that one may be prepared.

   As to these five defendants, absent a request by the Court for additional briefing or oral argument, a ruling on the outstanding motions to dismiss in actions not encompassed by the Court's January 18 Order and Opinion then would be in order. If, following review of the pleadings for the actions not encompassed within the scope of the Court's January 18 Order and Opinion, the Court were to extend its Order and Opinion to these five defendants in the remaining consolidated actions, I further am authorized to represent that all plaintiffs' counsel, as well as counsel for four of the five above-named defendants (all but al Rahji Bank) then would consent to the Court's entry of partial, final judgment in favor of these defendants and against all plaintiffs under Rule 54(b), so that, subject to approval by Your Honor, an immediate appeal then could be pursued, ideally on an expedited basis. An accelerated appellate review would be beneficial to all parties, by enabling the Second Circuit to decide whether this Court's judgment will be affirmed or denied, in whole or in part.

   In addition, counsel for the O'Neill plaintiffs has affirmed that the above agreement and any order that is entered by the Court with respect to the Kingdom of Saudi Arabia would be applicable to and binding upon the following entities which are named as agencies of the Kingdom of Saudi Arabia in the O'Neill Complaint filed against the Kingdom of Saudi Arabia, 04 CV 1922:

   Directorate Of Intelligence

   General Staff

   Intelligence Section (G-2)

   Ministry Of State For Internal Affairs

   Ministry Of Interior

   Saudi Committee For Support Of The Intifada

   The Supreme Council Of Islamic Affairs

Honorable Richard C. Casey
March 11, 2005
Page 3


The Council Of Ministers

The Special Committee of the Council of Ministers

In the interim, of course, there are many defendants whose motions either are, or shortly will be, ripe for resolution. We are in the process of working with defense counsel to develop an appropriate list and proposed schedule for the Court's consideration. We expect to be in a position to report further to the Court within the next two weeks.

Thank you for your kind attention to this matter.

Very truly yours,

KREINDLER & KREINDLER LLP

James P. Kreindler

JPK:dmr

cc:    MDL Plaintiffs and Defendants Counsel (via e-mail)

# EXHIBIT C

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 15, 2005

*VIA OVERNIGHT DELIVERY*

The Honorable Richard C. Casey
United States District Court for the
    Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007-1312

        Re:  *In re Terrorist Attack on September 11, 2001*,
             MDL No. 1570 (RCC)

Dear Judge Casey:

        We write on behalf of five of the defendants who were
dismissed by this Court's Order of January 18, 2005.  By
letter to this Court on behalf of all plaintiffs dated
March 11, 2005, James Kreindler proposed that this Order
should apply to all remaining actions against our clients,
the Kingdom of Saudi Arabia, HRH Prince Sultan bin
Abdulaziz Al-Saud, HRH Prince Turki Al Faisal, HRH Prince
Mohamed Al Faisal, and Al Rajhi Banking & Investment
Corporation.

        We agree that it would be appropriate to immediately
dismiss our clients from all remaining actions consolidated
before the Court.  A proposed Order is attached for the
Court's convenience.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Richard C. Casey
April 15, 2005
Page Two


                                    Respectfully submitted,


      /s/                                 /s/
William H. Jeffress, Jr.          Michael K. Kellogg
Baker Botts LLP                   Kellogg, Huber, Hansen,
The Warner                          Todd, Evans & Figel, P.L.L.C.
1299 Pennsylvania Avenue, N.W.    1615 M Street, N.W., Suite 400
Washington, D.C. 20004            Washington, D.C. 20036
(202) 639-7700                    (202) 326-7900
(202) 639-7890                    (202) 326-7999 (fax)

*Counsel for HRH Prince Sultan*   *Counsel for The Kingdom of*
*bin Abdulaziz Al-Saud*           *Saudi Arabia and*
                                  *HRH Prince Turki Al Faisal*



      /s/                                 /s/
Louis R. Cohen                    Christopher M. Curran
Wilmer Cutler Pickering Hale &    White & Case, LLP
Dorr, LLP                         701 13th Street, N.W.
2445 M Street, N.W.               Washington, D.C. 20005
Washington, D.C. 20037            (202) 626-3643
(202) 663-6000                    (202) 639-9355 (fax)
(202) 663-6363 (fax)

*Counsel for HRH Prince Mohamed*  *Counsel for Al Rajhi Banking &*
*Al Faisal*                       *Investment Corporation*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
                              )
IN RE:  TERRORIST ATTACKS ON  )    Civil Action No. 03 MDL 1570 (RCC)
SEPTEMBER 11, 2001            )
                              )
```

### ORDER OF DISMISSAL

**WHEREAS**, on January 18, 2005, the Court entered an Order relating to *Ashton*

*v. Al Qaeda Islamic Army*, 02-CV-6977;[1] *Burnett v. Al Baraka Investment &*

*Development*, 03-CV-5738; *Burnett v. Al Baraka Investment & Development*, 03-CV-

9849; *Federal Insurance Co. v. Al Qaida*, 03-CV-6978; *Salvo v. Al Qaeda Army*, 03-CV-

5071; *Tremsky v. Osama Bin Laden*, 02-CV-7300; and *Vigilant Insurance Co. v.*

*Kingdom of Saudi Arabia*, 03-CV-8591 (together the "First Order Cases"); and

**WHEREAS**, the Court's January 18, 2005 Order dismissed, among others, the

following five defendants named in the First Order Cases on grounds of FSIA immunity,

and/or lack of personal jurisdiction, or failure to state a claim in the following cases:

    1.    <u>Kingdom of Saudi Arabia</u>

*Federal Insurance Co. v. Al Qaida*, 03-CV-6978
*Vigilant Insurance Co. v. Kingdom of Saudi Arabia*, 03-CV-8591

    2.    <u>HRH Prince Sultan bin Abdulaziz Al-Saud</u>

*Ashton v. Al Qaeda Islamic Army*, 02-CV-6977
*Barrera v. Qaeda Islamic Army*, 03-CV-7036

---

[1] *Ashton* includes the following complaints which were consolidated by the Court:
*Barrera v. Qaeda Islamic Army*, 03-CV-7036; *Bauer v. Al Qaeda Islamic Army*, 02-CV-
7236; *Beyer v. Al Qaeda*, 02-CV-6978; *Burlingame v. Osama Bin Laden*, 02-CV-7230;
*Mayore Estates, LLC v. Al Qaeda Islamic Army*, 02-CV-7214; *Schneider v. Al Qaeda
Islamic Army*, 02-CV-7209.

*Burnett v. Al Baraka Investment & Development Corp.*, 03-CV-5738
*Burnett v. Al Baraka Investment & Development Corp.*, 03-CV-9849
*Federal Insurance Co. v. Al Qaida*, 03-CV-6978
*Salvo v. Al Qaeda Islamic Army*, 03-CV-5071
*Tremsky v. Osama Bin Laden*, 02-CV-7300

3.     HRH Prince Turki Al-Faisal

*Ashton v. Al Qaeda Islamic Army*, 02-CV-6977
*Barrera v. Qaeda Islamic Army*, 03-CV-7036
*Burnett v. Al Baraka Investment & Development Corp.*, 03-CV-5738
*Burnett v. Al Baraka Investment & Development Corp.*, 03-CV-9849
*Federal Insurance Co. v. Al Qaida*, 03-CV-6978
*Salvo v. Al Qaeda Islamic Army*, 03-CV-5071
*Tremsky v. Osama Bin Laden*, 02-CV-7300

4.     HRH Prince Mohamed Al-Faisal

*Ashton v. Al Qaeda Islamic Army*, 02-CV-6977
*Federal Insurance Co. v. Al Qaida*, 03-CV-6978

5.     Al Rajhi Banking & Investment Corporation

*Burnett v. Al Baraka Investment & Development Corp.*, 03-CV-9849

(together the "Defendants") and;

**WHEREAS**, the Defendants are also named in the following additional actions

consolidated before the Court:

1.     Kingdom of Saudi Arabia

*Cantor Fitzgerald Associates v. Akida Investment Co.*, 04-CV-7065
*Morrison v. Kingdom of Saudi Arabia*, 04-CV-7210
*New York Marine & General Insurance Co. v. Al Qaida*, 04-CV-6105
*O'Neill v. Kingdom of Saudi Arabia*, 04-CV-1922[2]
*Pacific Employers Insurance Co. v. Kingdom of Saudi Arabia*, 04-CV-7216

---

[2] *O'Neill* names a number of "Agencies and Instrumentalities of the Kingdom of Saudi Arabia" as defendants. The parties agree that this stipulated order of dismissal extends to these named agencies and instrumentalities.

2.     HRH Prince Sultan bin Abdulaziz Al-Saud

*Cantor Fitzgerald Associates v. Akida Investment Co.*, 04-CV-7065
*Continental Casualty Co. v. Al Qaeda Islamic Army*, 04-CV-5970
*Euro Brokers, Inc. v. Al Baraka Investment & Development Corp.*, 04-CV-7279
*New York Marine & General Insurance Co. v. Al Qaida*, 04-CV-6105
*World Trade Center Properties v. Al Baraka Investment & Development Corp.*,
      04-CV-7280

3.     HRH Prince Turki Al-Faisal

*Cantor Fitzgerald Associates v. Akida Investment Co.*, 04-CV-7065
*Continental Casualty Co. v. Al Qaeda Islamic Army*, 04-CV-5970
*Euro Brokers, Inc. v. Al Baraka Investment & Development Corp.*, 04-CV-7279
*New York Marine and General Insurance Co. v. Al Qaida*, 04-CV-6105
*World Trade Center Properties v. Al Baraka Investment & Development Corp.*,
      04-CV-7280

4.     HRH Prince Mohamed Al-Faisal

*Burnett v. Al Baraka Investment & Development Corp.*, 03-CV-9849
*Cantor Fitzgerald Associates v. Akida Investment Co.*, 04-CV-7065
*Continental Casualty Co. v. Al Qaeda Islamic Army*, 04-CV-5970
*Euro Brokers, Inc. v. Al Baraka Investment & Development Corp.*, 04-CV-7279
*O'Neill v. Al Baraka Investment & Development Corp.*, 04-CV-1923
*Salvo v. Al Qaeda Islamic Army*, 03-CV-5071
*Tremsky v. Osama Bin Laden*, 02-CV-7300
*World Trade Center Properties v. Al Baraka Investment & Development Corp.*,
      04-CV-7280

5.     Al Rajhi Banking & Investment Corporation

*Ashton v. Al Qaeda Islamic Army*, 02-CV-6977
*Burnett v. Al Baraka Investment & Development Corp.*, 03-CV-5738
*Cantor Fitzgerald Associates v. Akida Investment Co.*, 04-CV-7065
*Continental Casualty Co. v. Al Qaeda Islamic Army*, 04-CV-5970
*Euro Brokers, Inc. v. Al Baraka Investment & Development Corp.*, 04-CV-7279
*Federal Insurance Co. v. Al Qaida*, 03-CV-6978
*New York Marine & General Insurance Co. v. Al Qaida*, 04-CV-6105
*O'Neill v. Al Baraka Investment & Development Corp.*, 04-CV-1923
*Salvo v. Al Qaeda Islamic Army*, 03-CV-5071
*Tremsky v. Osama Bin Laden*, 02-CV-7300
*World Trade Center Properties v. Al Baraka Investment & Development Corp.*,
      04-CV-7280

and;

**WHEREAS,** both the Plaintiffs and the Defendants agree that the grounds for dismissal stated in the Court's January 18, 2005 Order apply equally to the remaining cases against these five Defendants, the parties have agreed to the entry of an order dismissing the Defendants from all actions consolidated before the Court in the 03 MDL 1570 docket; it is therefore

**ORDERED** this _____ day of _____, 2005 that the Kingdom of Saudi Arabia, HRH Prince Sultan bin Abdulaziz Al-Saud, HRH Prince Turki Al-Faisal, HRH Prince Mohamed Al-Faisal, and Al Rajhi Banking & Investment Corporation are **DISMISSED** from all remaining cases consolidated before this Court under docket number 03 MDL 1570.

_____
Richard C. Casey
United States District Judge

4

# EXHIBIT D

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

October 28, 2005

The Honorable Richard Conway Casey
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC)

Dear Judge Casey:

At our last case management conference, the Court asked the parties to try to reach agreement on the propriety of Rule 54(b) final judgments with respect to some or all of the already-dismissed defendants, and where agreement cannot be reached, to provide the Court with a succinct statement of the parties' various positions. The parties have discussed the issue but have not been able to reach agreement. We briefly set forth the current positions of the parties below.

**Plaintiffs' Position Statement**

On May 20, 2005, plaintiffs moved pursuant to Rule 54(b) for certification as final of the judgments entered by the Court in all of the consolidated cases in favor of the Kingdom of Saudi Arabia, Prince Sultan, Prince Turki, Prince Mohammed and Al Rajhi Banking & Investment Co. (the Rule 54(b) Motion). Only two parties, Al Rajhi Bank and Saudi American Bank, opposed plaintiffs' Rule 54(b) Motion.

Based on comments made during the September 27, 2005 conference before the Court, plaintiffs' counsel understood that Al Rajhi Bank would be willing to reconsider its position with respect to Rule 54(b) certification, provided that plaintiffs consented to the inclusion of other

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Richard Conway Casey
October 28, 2005
Page 2

banking defendants dismissed pursuant to Rule 12(b)(6) in that process.  During the ensuing
discussions with defense counsel, plaintiffs made clear that they were willing to consider any
reasonable proposal regarding the extension of the 54(b) Motion to other defendants, in order to
reach a consensus regarding Rule 54(b) certification.  Unfortunately, Al Rajhi Bank subsequently
advised plaintiffs that there existed no circumstance under which it would reconsider its position
or withdraw its objection.  As the objective of the discussions among the parties was to
determine whether a compromise could be reached that would result in the withdrawal of the
objections to the Rule 54(b) Motion, Al Rajhi Bank's position presented an impasse in the
negotiations.

At this point, plaintiffs believe the only appropriate course is for the Court to decide the
pending Motion for certification.  For the reasons set forth in greater detail in Plaintiffs'
Memorandum of Law and Reply Brief, the certification and *coordinated* appeal of those five
dismissals will promote judicial efficiency, and represents the best course for advancing this
complex litigation.  Plaintiffs respectfully request that the Court schedule oral argument on the
Rule 54(b) Motion for a date in the near future, to facilitate the Court's consideration of this
important issue.

Finally, plaintiffs understand that several additional defendants now intend to file their
own motions for entry of final judgments pursuant to Rule 54(b).  To the extent any such
defendant has not obtained dismissal from *all* of the pending actions, plaintiffs believe that any
application by that defendant for entry of final judgment is inherently premature and improper.

**Defendants' Position Statement**

In its Order of January 18, 2005, the Court dismissed three defendants under the Foreign
Sovereign Immunities Act (the Kingdom of Saudi Arabia, Prince Sultan, and Prince Turki); six
defendants on personal jurisdiction grounds under Rule 12(b)(2) (Prince Mohamed, Sheikh
Hamad al Husani, Abdulrahman bin Mahfouz, and Tariq, Omar and Bakr Binladen);[1] and five
banking defendants on Rule 12(b)(6) grounds (Al Rajhi Bank, Saudi American Bank, Arab
Bank, Al Baraka, and Saleh Abdullah Kamel).  In its September 21, 2005 Order the Court
dismissed three additional defendants on FSIA grounds (Prince Naif, Prince Salman, and the
Saudi High Commission).

---

[1] The Court also dismissed Mohammad Abdullah Aljomaih on this ground.  But Mr. Aljomaih, who is deceased,
was subsequently dropped as a defendant by all the plaintiffs and is no longer at issue here.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Richard Conway Casey
October 28, 2005
Page 3

Following the Court's January 18 Order, the plaintiffs moved that Rule 54(b) final judgments be entered as to five of the dismissed defendants (the Kingdom of Saudi Arabia, Prince Sultan, Prince Turki, Prince Mohamed, and Al Rajhi Bank). The first four of those defendants supported the motion with respect to themselves. The remaining dismissed personal jurisdiction defendants submitted a letter indicating their belief that any Rule 54(b) dismissals should extend to them as well. Al Rajhi Bank and Saudi American Bank ("Samba") filed briefs in opposition to Plaintiffs Rule 54(b) motion as it related to Al Rajhi Bank. In addition, prior to Plaintiffs' motion, the defendants dismissed by the Court under Rule 12(b)(6) in its January 18 Order submitted a letter dated March 14, 2005 opposing any Rule 54(b) certification as to them.

The FSIA defendants and the personal jurisdiction defendants believe that Rule 54(b) final judgments are appropriate for all six dismissed FSIA defendants and all six dismissed 12(b)(2) defendants, and no defendant objects to this. Plaintiffs, however, have declined to negotiate over the issue of Rule 54(b) final judgments for any defendant unless one or more Rule 12(b)(6) defendants are also included. As explained below, no agreement has been possible on that point. Accordingly, the FSIA defendants and the personal jurisdiction defendants intend to move promptly for entry of Rule 54(b) final judgments with respect to themselves, and the parties have agreed on a briefing schedule for the resolution of those motions. The plaintiffs will have 20 days to respond to the motions, and the defendants will have 10 days to reply.

As communicated to plaintiffs during the course of the parties' recent negotiations on the Rule 54(b) issue, the banking defendants -- and *not* Al Rajhi Bank alone, as Plaintiffs misrepresent -- oppose any entry of Rule 54(b) final judgments as to any Rule 12(b)(6) dismissal at this time.[2]  The banking defendants (including both those who have already been dismissed under Rule 12(b)(6) and those who have filed Rule 12(b)(6) motions that are *sub judice* or in process of briefing) submit that an immediate appeal as to only one -- or even a handful -- of the Rule 12(b)(6) defendants contravenes the longstanding federal policy against piecemeal appeals where the same or closely related issues and claims remain to be litigated by other defendants. *See, e.g., Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992). An immediate appeal of any Rule 12(b)(6) dismissal would deny those banking defendants whose Rule 12(b)(6) motions are either not yet fully briefed or not yet decided the opportunity to participate in an appeal that will directly impact their case. In the interest of fairness and judicial economy, the banking defendants submit that an appeal of the Rule 12(b)(6) dismissals should proceed only

---

[2] The banking defendants include:  Al Baraka Investment & Development Corp., Dallah Al Baraka Group LLC, Al Rajhi Banking & Investment Corp., Arab Bank Plc, Banca Del Gottardo, DMI Administrative Services S.A., Dar Al Maal Al Islami Trust, Islamic Investment Company of the Gulf (Sharjah), Dubai Islamic Bank, Faisal Islamic Bank-Sudan, Saudi American Bank, and Schreiber & Zindel Treuhand Anstalt.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Richard Conway Casey
October 28, 2005
Page 4

once all similar or closely related judgments can be presented to the Second Circuit "in a unified
package." *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980). This position is consistent
with Al Rajhi Bank and Samba's briefs in opposition to plaintiffs' Rule 54(b) motion, which
were filed on June 6, 2005. Like plaintiffs, the banking defendants request oral argument on this
issue.

Yours sincerely,

Michael Kellogg