UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

*Estate of John P. O'Neill, Sr., on behalf John P. O'Neill, Sr., deceased, and on behalf of decedent's heirs-at-law, et al. v. Republic of Iraq,* Case No. 04-CV-1076 (RCC)

## DECLARATION OF STEVEN K. BARENTZEN

STEVEN K. BARENTZEN, on this 1st day of December 2005, hereby declares pursuant to 28 U.S.C. § 1746, and under the penalties of perjury, that the foregoing is true and correct:

1. I am an attorney licensed to practice law in the State of New York and the District of Columbia. I am an associate with the law firm of DLA Piper Rudnick Gray Cary US LLP and I submit this declaration in opposition to Plaintiffs' Cross-Motion requesting, among other things, that the Court strike Defendant Taha Jabir Al-Alwani's Motion to Dismiss.

2. On October 25, 2004, Dr. Al-Alwani's counsel denied Plaintiffs' request to agree to accept service of the First Amended Complaint on behalf of Dr. Al-Alwani, and advised Plaintiffs that "the Taha Al-Alwani you seek to serve in your case against Iraq is not our client, but rather an Iraqi living in Iraq and associated with Iraqi governmental affairs, quite possibly the Mayor of Fallujah." A copy of this letter is attached as Exhibit A.

3. On July 29, 2005, Plaintiffs nevertheless served Dr. Al-Alwani with the Second Amended Complaint ("SAC") in this action which contained the same allegations against Dr. Al-Alwani as the First Amended Complaint.

4. On August 10, 2005 -- before Dr. Al-Alwani's time to respond to the Second Amended Complaint was due -- I called Plaintiffs' counsel Jerry Goldman to discuss a briefing

schedule with respect to the motion Dr. Al-Alwani intended to file seeking to dismiss the SAC on the ground that Plaintiffs had served the wrong person. Mr. Goldman advised me that Dr. Al-Alwani could have as much time as he needed to respond to the SAC and volunteered to send me a draft briefing stipulation.

5. On August 11, 2005, Mr. Goldman sent me a stipulation including a provision we had not discussed: "Plaintiffs shall serve their RICO Statement concerning Defendant, as required by Paragraph 7 of the Court's Standing Rules of Practice and in Paragraph 14 of the Case Management Order No. 2, within thirty (30) days from the Court's approval of this stipulation." A copy of the proposed stipulation is attached for the Court's convenience as Exhibit B. Pursuant to Plaintiffs' proposal, Dr. Al-Alwani would have 45 days after the RICO Statement was filed, or at least until the end of October, to respond to the SAC.

6. I advised Mr. Goldman that Dr. Al-Alwani would not agree to permit Plaintiffs to file a RICO Statement because "Case Management Order No. 2 only applies to the Federal Insurance plaintiffs." A copy of that e-mail is attached as Exhibit C.[1] I requested that Mr. Goldman remove the provision from the draft stipulation.

7. That same day, Mr. Goldman responded in full by stating, "I suggest, then, that you contact the court." A copy of that e-mail is attached as Exhibit D.

8. It was my understanding that the issue Mr. Goldman suggested I take to the Court was whether the CMO-2 permitted Plaintiffs to file a RICO Statement. Further, I believed Plaintiffs intended to honor their agreement to extend Dr. Al-Alwani's time to respond to the SAC.

---

[1] I also objected to the proposed stipulation because the draft contained a provision requiring Dr. Al-Alwani to waive all defenses as to service. After extensive discussion over the issue, on August 25, 2005, Plaintiffs ultimately agreed to remove that provision from the stipulation.

2

9. On August 12, 2005, I asked that the Court "deny the *O'Neill* Plaintiffs' July 19, 2005 letter request to" amend the CMO-2 to permit them to file additional RICO Statements. A copy my August 12, 20005 letter to the Court is attached as Exhibit E.

10. On Tuesday, August 23, 2005, the Court denied "Mr. Goldman's request that the Court amend Paragraph 14 of CMO 2." A copy of the Court's August 23, 2005 Order is attached as Exhibit F.

11. Later that day, I revised the draft briefing stipulation to reflect the Court's Order, removing the provision permitting Plaintiffs to file a RICO Statement, and forwarded a copy to Mr. Goldman for his signature. A copy of this e-mail is attached as Exhibit G.

12. Mr. Goldman responded by stating that "I understand Judge Casey's order, although, obviously, I respectfully disagree." He also stated, for the first time and contrary to his previous representation that Dr. Al-Alwani could have "as much time as he needed to respond to the Complaint," that Dr. Al-Alwani was in default in this action. Mr. Goldman stated he would be willing to waive Dr. Al-Alwani's "default" if we agreed to permit Plaintiffs to file a RICO Statement -- the very relief the Court had denied Plaintiffs the preceding day. A copy of the Mr. Goldman's August 24, 2005 e-mail is attached as Exhibit H.

13. I advised Mr. Goldman that his threat to hold Dr. Al-Alwani in default was an improper attempt to coerce Dr. Al-Alwani into permitting Plaintiffs to file a RICO Statement – even though just a day earlier the Court made clear that they could not. I urged him to enter into the briefing stipulation reflecting the Court's ruling. A copy of that E-mail is attached as Exhibit I.

14. Over the next two days, I made repeated efforts to resolve this issue consensually with Mr. Goldman and strongly urged him to reconsider his position and enter into the proposed

3

briefing schedule to avoid the necessity of bringing this issue to the Court. A copy of these e-mails are attached as Exhibit J. Mr. Goldman, however, would only agree to enter into a briefing stipulation and waive Mr. Al-Alwani's purported "default" if Dr. Al-Alwani agreed to permit Plaintiffs to file a RICO Statement.

15. On August 26, I reluctantly took this issue to the Court and requested that the Court enter the draft briefing stipulation I had proposed to Plaintiffs. A copy of this letter is attached as Exhibit K.

16. In response, Mr. Goldman submitted a letter to the Court stating "I will not respond to the recent letters on the *O'Neill* cases, relative to scheduling, supplemental submissions and the like, unless the Court desires us to respond." A copy of Mr. Goldman's August 26, 2005 letter to the Court is attached as Exhibit L.[2] In response, I again asked Mr. Goldman to discuss a briefing schedule. Again, Mr. Goldman refused. *See* Exhibit M.

17. That same day, on August 26, 2005, Plaintiffs filed a document styled as a "More Definite Statement Pursuant to the Fed. R. Civ. Pro. Rule 12(e), Judge Casey's CMO-2, Paragraph 13, and/or RICO Applicable to Taha Al Alwani A/K/A Dr. Taha Jabir Al'Alwani."

18. On September 2, 2005, I wrote to Mr. Goldman pursuant to Rule 11 to provide him informal notice that both the SAC and the "More Definite Statement and/or RICO Statement" violated Rule 11, and to request that Plaintiffs voluntarily withdraw the SAC and "More Definite Statement and/or RICO Statement." A copy of that letter is attached as Exhibit N.

19. On September 27, 2005, the Court held a status conference and urged the parties not to involve the Court with "routine scheduling matters."

---

[2] The Court has not responded to my August 26, 2005 letter or approved the proposed stipulation.

4

20. On September 30, 2005, almost a month after it was written, Plaintiffs responded to Dr. Al-Alwani's counsels' Rule 11 letter and refused to withdraw the "Amended Complaints [and] our More Definite Statements/additional allegations." Plaintiffs agreed to withdraw their "RICO Statement . . . without prejudice," even though the RICO Statement and the More Definite Statement were contained in the same document. A copy of this letter is attached as Exhibit O.

21. That same day, Plaintiffs filed their First Consolidated Complaint ("FCC") and attached as an exhibit a document styled as a "More Definite Statement/Additional Allegations as to Defendant Taha Al Al-Alwani A/K/A Dr. Taha Jabir Al'Al Wani." This "More Definite Statement" was a reformatted version of the previous "More Definite Statement and/or RICO Statement."

22. On October 12, 2005, before Dr. Al-Alwani's time to respond to the FCC expired, I again called Mr. Goldman this time to try and reach an agreement on a briefing schedule for the motion to dismiss the FCC, and sent him a draft stipulation for his review and comment. A copy of that e-mail is attached as Exhibit P.

23. Mr. Goldman did not respond to my e-mail.

24. Our firm also represents approximately 20 other defendants in seven other actions in this MDL. On, and in one instance a week after, September 30, 2005, Plaintiffs filed "amended" complaints in each of these actions. We contacted Plaintiffs' counsel and requested extensions of time to respond to each of these "amended" complaints on behalf of all of our clients. Like Mr. Goldman, none of the other Plaintiffs' counsel (other than the *Ashton* Plaintiffs' attorneys) would discuss a briefing schedule for any of our clients to respond to any of the "amended" complaints, much less agree to enter in briefing schedules.

25. Therefore, on October 18, 2005, we filed motions to dismiss in the *Federal Insurance* action on behalf of African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sterling Charitable Gift Fund, Sterling Management Group, Inc., York Foundation, Ahmed Totonji and Mohammed Jaghlit.

26. On October 21, 2005, we filed motions to dismiss *Ashton, Burnett, Continental, EuroBrokers, New York Marine* and *World Trade Center* on behalf of African Muslim Agency, Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mena Corporation, Reston Investments, Inc., Safa Trust, Sterling Charitable Gift Fund, Sterling Management Group, Inc. and York Foundation.

27. On October 28, 2005, we filed motions to dismiss *Burnett, Continental, EuroBrokers, New York Marine* and *World Trade Center Properties* on behalf of Dr. Al-Alwani, Muhammed Ashraf, M. Omar Ashraf, Iqbal Unus, Mohammed Jaghlit, Ahmed Totonji and Yaqub Mirza.

28. On November 4, 2005, Dr. Al-Alwani filed his motion to dismiss in this action.

_____
Steven K. Barentzen

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2005, I caused an electronic copy of the foregoing Declaration of Steven K. Barentzen to be served by email upon all parties scheduled for electronic notice.

/s/ Steven K. Barentzen
Steven K. Barentzen (SB-8777)