**PIPER RUDNICK GRAY CARY**

**DLA Piper Rudnick Gray Cary US LLP**
1200 Nineteenth Street, NW
Washington, DC 20036-2430
**T** 202.861.3890
**F** 202.223.2085
**W** www.dlapiper.com

August 12, 2005

VIA FEDERAL EXPRESS

Honorable Richard Conway Casey
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007

Re:   *In re Terrorist Attacks of September 11, 2001*, MDL No. 1570 (RCC);
      *Estate of John P. O'Neill, Sr., et al v. The Republic of Iraq et al.*, 04 CV 1076 (RCC)

Your Honor:

     We represent Defendant Taha Al-Alwani in the above-captioned actions. We write to join in the August 8, 2005 letter (copy attached) from Williams & Connolly, counsel for Mr. Abdulrahman Bin Mahfouz, opposing the *O'Neill* Plaintiffs' July 19, 2005 letter request that they be permitted to file RICO statements in this action at this late date.

     Mr. Al-Alwani was recently served with the second amended complaint in the *O'Neill* action. We are in process of negotiating a briefing schedule with Plaintiffs' counsel with respect to Mr. Al-Alwani's motion to dismiss. We hope to be able to submit a joint briefing schedule to the Court for its approval. Plaintiffs insist, however, that the stipulation provide that before Mr. Al-Alwani is permitted to move to dismiss, Plaintiffs be given 30 days to file a RICO statement. We believe that Case Management Order No. 2 prohibits the filing of a RICO Statement by the *O'Neill* Plaintiffs at this late date. Paragraph 14 of Case Management Order No. 2 only applies to the *Federal Insurance* Plaintiffs. It does not provide a basis for the *O'Neill* Plaintiffs to file a belated RICO Statement, and they should be prohibited from doing so.

**Serving clients globally**


**PIPER RUDNICK**
**GRAY CARY**

Honorable Richard Conway Casey
August 12, 2005
Page Two

For this reason, and the additional reasons stated in the August 8, 2005 letter of counsel for Mr. Bin Mahfouz, the Court should deny the *O'Neill* Plaintiffs' July 19, 2005 letter request to file additional RICO statements, and any RICO statement that they file in this action against Mr. Al-Alwani should be stricken.

Respectfully submitted,

DLA Piper Rudnick Gray Cary US LLP

Steven Barentzen
Attorney
*steven.barentzen@dlapiper.com*

Admitted to practice in the District of Columbia and New York

cc:     All counsel (via e-mail)

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

PETER J. KAHN
(202) 434-5045
FAX (202) 434-5245
pkahn@wc.com

August 8, 2005

*Via facsimile (with permission) and Federal Express*

The Honorable Richard Conway Casey
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

> Re:  <u>In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (RCC)</u>:
> **Response to Plaintiffs' July 19, 2005, Request to Rewrite Paragraph
> 14 of Case Management Order No. 2**

Dear Judge Casey:

By letter dated July 19, 2005 ("Plaintiffs' Letter"), plaintiffs' counsel (Mr. Jerry
S. Goldman) has asked that the Court rewrite Paragraph 14 of its Case Management Order No. 2
("CMO2"), so that it not only apply to the <u>Federal Insurance</u> action, as expressly stated, but that
it now apply, in addition, to all actions consolidated under MDL-1570. On behalf of our client,
Mr. Abdulrahman Bin Mahfouz ("Mr. Bin Mahfouz"), we write to set forth our objections to Mr.
Goldman's request.

This Court's "Instructions for Filing RICO Statement" are clear:

All parties asserting claims pursuant to the Racketeer Influenced and Corrupt
Organizations Act ("RICO"), 18 U.S.C. § 1961, must file and serve upon the
opposing party a RICO Statement . . . <u>within twenty days of filing the pleading
asserting the RICO claim</u>.

(Emphasis added.) Plaintiffs in those cases that assert RICO claims[1] have not complied with this
threshold requirement – rendering their RICO Statements untimely (if and when filed), and

---

[1]  <u>Estate of O'Neill, et al. v. Al Baraka Inv. & Dev. Corp., et al.</u>, Civil Action No. 04-CV-
1923 (Count Ten); <u>Estate of O'Neill, et al. v. Republic of Iraq, et al.</u>, Civil Action No. 04-CV-
1076 (Count Nine); <u>Estate of O'Neill, et al. v. Kingdom of Saudi Arabia, et al.</u>, Civil Action No.
04-CV-1922 (Count Eleven); <u>Burnett v. Al Baraka Inv. & Dev. Corp., et al.</u>, Civil Action No.

WILLIAMS & CONNOLLY LLP
The Honorable Richard Conway Casey
August 8, 2005
Page 2

invalidating plaintiffs' underlying RICO claims. To avoid this result, Plaintiffs' Letter now urges that the Court rewrite paragraph 14 of CMO2 (which by its terms relates only to the filing of RICO Statements in the <u>Federal Insurance</u> action), so that it would "apply to all of the consolidated cases." Plaintiffs' Letter, at 3. Plaintiffs' request is not well-founded.

First, plaintiffs themselves proposed the exact language that the Court adopted as paragraph 14 of CMO2 – and that language is expressly limited to RICO Statements filed in the <u>Federal Insurance</u> action. On or about April 30, 2004, plaintiffs' counsel (Ms. Andrea Bierstein) provided the Court with the proposed CMO2, which included the parties' competing formulations of paragraph 14 (which was labeled as paragraph 15 in the proposed CMO2). (A copy of Ms. Bierstein's correspondence to the Court, and the salient pages from the proposed CMO2, are attached hereto as Exhibit A.) At that time (April 2004), plaintiffs had already commenced no fewer than seven actions asserting RICO claims,[2] including the three <u>O'Neill</u> actions in which Mr. Goldman is plaintiffs' counsel of record. <em>See</em> Schedule A to CMO2 (listing the actions then-consolidated in MDL-1570). Although each of those seven actions asserted RICO claims, plaintiffs expressly limited the scope of their proposed paragraph only to RICO Statements filed in the <u>Federal Insurance</u> action, because "plaintiffs believe no purpose would be served by requiring plaintiffs in cases other than the <u>Federal Insurance</u> case to file RICO statements at this time." Ex. A, at p. 13. Accordingly, Plaintiffs' Letter is in error to the extent it suggests that plaintiffs ever intended paragraph 14, which they drafted, to apply "to all of the cases which were consolidated." Plaintiffs' Letter, at 2.

---

03-5738 (Counts Eleven through Thirteen); <u>Burnett v. Al Baraka Inv. & Dev. Corp., et al.</u>, Civil Action No. 03-9849 (Counts Eleven through Thirteen); <u>Federal Insurance Co., et al. v. Al Qaida, et al.</u>, Civil Action No. 03-CV-6978 (Count Eight); <u>Cantor Fitzgerald Assocs., L.P., et al. v. Akida Bank Private Ltd., et al.</u>, Civil Action No. 04-7065 (Counts Three through Eight); <u>New York Marine & Gen. Ins. Co. v. Al Qaida, et al.</u>, Civil Action No. 04-6105 (Count Three); <u>Continental Casualty Co. v. Al Qaeda, et al.</u>, Civil Action No. 04-5970 (Counts Two and Three); <u>Euro Brokers, Inc. v. Al Baraka Inv. & Dev. Corp., et al.</u>, Civil Action No. 04-7279 (Counts Three through Five); <u>World Trade Center Properties LLC v. Al Baraka Inv. & Dev. Corp., et al.</u>, Civil Action No. 04-7280 (Counts Two through Four); <u>Pacific Employers Ins. Co., et al. v. Kingdom of Saudi Arabia, et al.</u>, Civil Action No. 04-7216 (Count Seven); <u>Tremsky, et al. v. Bin Laden, et al.</u>, Civil Action No. 02-7300 (Counts Ten through Twelve).

[2]    <u>Estate of O'Neill, et al. v. Al Baraka Inv. & Dev. Corp., et al.</u>, Civil Action No. 04-CV-1923 (Count Ten); <u>Estate of O'Neill, et al. v. Republic of Iraq, et al.</u>, Civil Action No. 04-CV-1076 (Count Nine); <u>Estate of O'Neill, et al. v. Kingdom of Saudi Arabia, et al.</u>, Civil Action No. 04-CV-1922 (Count Eleven); <u>Burnett v. Al Baraka Inv. & Dev. Corp., et al.</u>, Civil Action No. 03-5738 (Counts Eleven through Thirteen); <u>Burnett v. Al Baraka Inv. & Dev. Corp., et al.</u>, Civil Action No. 03-9849 (Counts Eleven through Thirteen); <u>Federal Insurance Co., et al. v. Al Qaida, et al.</u>, Civil Action No. 03-CV-6978 (Count Eight); <u>Tremsky, et al. v. Bin Laden, et al.</u>, Civil Action No. 02-7300 (Counts Ten through Twelve).

WILLIAMS & CONNOLLY LLP

The Honorable Richard Conway Casey
August 8, 2005
Page 3

Second, this MDL proceeding has been ongoing for three years, and Mr. Bin Mahfouz, like all defendants, is entitled to an end-date to plaintiffs' repeated, last-minute amendments to their complaints. Plaintiffs' proposed rewrite of paragraph 14 would allow them to execute end-runs around Rule 15 of the Federal Rules of Civil Procedure, by filing a RICO statement against a particular defendant, months after serving a complaint upon that defendant. That contravenes the letter and spirit of the Court's standing "Instructions for Filing RICO Statement."[3]

Third, it is irrelevant that some defendants may "have proceeded as though Paragraph 14 applied to all of the cases which were consolidated." Plaintiffs' Letter, at 2. Undersigned counsel has not done so – and in fact has expressly reserved the right to move to strike any RICO Statements filed against Mr. Bin Mahfouz for, among other reasons, being untimely under CMO2 and/or the Court's "Instructions for filing RICO Statement" referenced therein. See Ex. B, ¶ 2 (attached hereto).[4]

Lastly, plaintiffs' cited cases (Plaintiffs' Letter at 3) are inapposite. What is at issue here is the prescribed time period within which plaintiffs must file RICO Statements – not whether a timely-filed RICO Statement, once filed, amends the RICO claims in a complaint.

For the foregoing reasons, we respectfully request that the Court deny plaintiffs' July 19, 2005, letter application regarding plaintiffs' desire to "rewrite" of paragraph 14 of CMO2.

Respectfully submitted,

Peter J. Kahn
*Counsel for Mr. Abdulrahman Bin Mahfouz*

---

[3]     Plaintiffs' proposal now also runs afoul of the Court's July 28, 2005, Order, which requires plaintiffs to file amended complaints no later than September 30, 2005. Even if it were appropriate to rewrite paragraph 14 as plaintiffs request (which it is not), then the same September 30 deadline would logically also have to govern plaintiffs' filing of any RICO Statements.

[4]     Plaintiffs' Letter also faults undersigned counsel for not objecting to Mr. Jonathan Goodman's February 7, 2005, letter regarding the scope of paragraph 14. See Plaintiffs' Letter at 2-3. In February 2005, Mr. Bin Mahfouz had already been dismissed from the Burnett action for lack of personal jurisdiction, and was facing RICO claims in only one action in which he had been served – the Federal Insurance action that is expressly referenced in paragraph 14. Thus, undersigned counsel had no reason to object, at that time, to Mr. Goodman's letter.

WILLIAMS & CONNOLLY LLP
The Honorable Richard Conway Casey
August 8, 2005
Page 4


Attachments

cc:   All Counsel of Record (w/ attachments) (via electronic mail only)