# LAW OFFICES OF
# JERRY S. GOLDMAN & ASSOCIATES, P.C.

A NEW YORK PROFESSIONAL CORPORATION DULY QUALIFIED TO TRANSACT BUSINESS WITHIN THE COMMONWEALTH OF PENNSYLVANIA

TWO PENN CENTER PLAZA • SUITE 1411
1500 JFK BOULEVARD
PHILADELPHIA, PA 19102
TEL: 215.569.4500 • FAX: 215.569.8899

111 BROADWAY • 13TH FLOOR
NEW YORK, NY 10006
TEL: 212.242.2232 • FAX: 212.346.4665

109 STIRLING ROAD • SUITE 101
FORT LAUDERDALE, FL 33312
TEL: 954.981.6533 • FAX: 954.989.8068

JERRY S. GOLDMAN
DIRECT DIAL: 215.569.4500 ext. 12
jgoldman@goldmanlawyers.com
Admitted to: NY, PA & MASS
LLM in Taxation

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-22-05

MEMO ENDORSED

Reply To: New York

July 19, 2005

**Via Overnight Mail**

Honorable Richard Conway Casey
United States District Court
Southern District of New York
500 Pearl Street, Room 1350
New York, NY 10007



RECEIVED JUL 2 1 2005 CHAMBERS OF RICHARD CONWAY CASEY U.S.D.J.

> Re:  *In re Terrorist Attacks of September 11, 2001*, 03-MDL-1570 (RCC)
> *Estate of O'Neill, et. al. v. Al Baraka, et. al.*, 04-CV-1923 (RCC)
> *Estate of O'Neill, et al. v. Republic of Iraq, et al.*, 04-CV-1076 (RCC)
> *Estate of O-Neill, et al. v. Kingdom of Saudi Arabia, et al.*, 04-CV-1922 (RCC)
> *Cantor Fitzgerald et al. v. Akida Bank Private Limited, et al*, 4-CV-7065 (RCC)
> *New York Marine & General Ins. Co. v. Al Qaida, et al.* 04-CV-1923 (RCC)
> *Continental Casualty Co. v. Al Qaeda, et al*, 04-CV-5970 (RCC)
> *Euro Brokers Inc. v. Al Baraka, et al.* 04-CV-7279(RCC)
> *World Trade Center Properties LLC v. Al Baraka, et al.* 04-CV-7280 (RCC)

Dear Judge Casey:

I am writing this letter on behalf of the plaintiffs in the above referenced matters in partial response to the letter of Peter J. Kahn, Esquire of July 18, 2005, a copy of which is annexed hereto as Exhibit A, addressing solely the issue raised in that communication, of the applicability of Paragraph 14 of CMO 2, to RICO Statements filed by Plaintiffs other than *Federal Insurance*.

In CMO 2, this Court envisioned a coordinated and consolidated pretrial management of all of the cases in *In re Terrorist Attacks of September 11, 2001* 03-MDL-1570 (RCC). See, e.g., CMO Paras. 1, 2; 28 U.S.C. Sec. 1407. The CMO contains an extensive set of inter-related time

**LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.**

July 19, 2005
Page 2

schedules and other important fundamental rules for pre-trial case-management.[1] The Order specifically covers "Pleadings and Parties" in paragraphs 12-14. Paragraph 14, of that section, particularly pertains to RICO Statements. It provides that the RICO Statements are to be filed within thirty (30) days of appearance of counsel and that their contents are to be in the form set forth in Judge Casey's general individual rules pertaining to RICO Statements, as set forth at www.nysd.uscourts.gov/judges/usdj/casey.htm. See also, Individual Practices of Judge Casey, Rule 7. The paragraph further provides that "[a]ny such RICO Statement shall be deemed an amendment to the ...Complaint or Amended Complaint, by incorporation by reference."

On page two of Mr. Kahn's letter, after complaining in footnote 1 that he did not receive notice of the plaintiff's application until July 15, 2005, despite the fact that they had received notice of Plaintiff's proposal some time earlier,[2] he asserts any RICO statement other than those filed by *Federal* should not be considered an amendment to the complaint. Rather, he contends, that Paragraph 14 of the CMO should only be limited to that one group of plaintiffs.

We suggest that such approach is erroneous.

*First*, it was the clear intent of the CMO that its provisions operate to provide consistent and uniform approach to the entire case. That is, after all, the principal reason for consolidation under Section 1407.[3] In fact, many of the defendants, in their memoranda relating to their motions to dismiss, have operated under the assumption that the various RICO Statements, filed by various plaintiffs, are part of the pleadings. See, e.g., Docket 1054, Consolidated Reply Brief in Support of Motion to Dismiss of Sulaiman Al Rajhi, at p 9.

*Second*, back in February, 2005, counsel for the *Cantor/Port Authority* on behalf of the Plaintiffs advised the Court that the parties have proceeded as though Paragraph 14 applied to all of the cases which were consolidated. A copy of that letter is annexed as Exhibit B. To the best

---

[1] The instant application of the plaintiffs pertains to this particular issue of timing, and as to how certain other intervening events, such as the extensive and still pending motion practice and service efforts, have materially impacted on one of the case management dates.

[2] Mr. Carter, on behalf of the Plaintiffs, first circulated a letter to the defendants requesting their consent to an extension on Monday July 11, 2005. In that letter, he requested that they advise whether they would consent by July 13, 2005. Only Mr. Murphy responded, on behalf of "certain" unidentified defendants. He asked for more time, and ultimately sent an e-mail to Mr. Carter, advising that "Our current position is to object. Accordingly, we will await receipt of your letter to Judge Casey and forward to you our response to it for submission to the judge, rather than answering your letter to defense counsel." Thus, the issue was presented to the defendants a full week before we submitted our letters to the Court. In essence, the process was delayed because it took the signatories to the July 18 objection several days to send an e-mail which said nothing more than "no." Moreover, they never identified which defendants intended to object until they sent their July 18 letter. In so far as Williams and Connelly never responded to Mr. Carter's July 11 letter, Plaintiffs are not sure how we were supposed to know that they intended to file a separate objection.

[3] To the best of counsels' knowledge, there has been no objections to such consolidation by the defendants.

LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.

July 19, 2005
Page 3

of counsels' knowledge, no one, including Mr. Kahn, objected.[4]

   *Third,* such an approach is consistent with your Honor's individual rules and the practices of other courts. This practice is in accord with the approach adopted by numerous other courts. See, e.g., McLaughlin v. Anderson, 962 F.2d 187, 195 (2d Cir. 1992) (noting district court dismissed complaint after considering both complaint and RICO case statement); Moses v. Martin, 360 F. Supp. 2d 533, 539, n. 22 (S.D.N.Y. 2004) ("My individual rules require a party alleging a RICO violation to submit a RICO Statement, which is considered part of the complaint); Allen v. New World Coffee, Inc., 2001 U.S. Dist. LEXIS 3269, n. 3 (S.D.N.Y., 2001); Dempsey v. Sanders, 132 F. Supp. 2d 222, 224 (S.D.N.Y., 2001); Mega Tech Int'l Corp. v. Al-Saghyir Establishment, 1999 U.S. Dist. LEXIS 6381 (S.D.N.Y. 1999); A. Terzi Prods. v. Theatrical Protective Union, Local No. One, 2 F. Supp. 2d 485, 509, n. 16 (S.D.N.Y. 1998); Allen Neurosurgical Assocs., Inc. v. Lehigh Valley Health Network, No. CIV. A. 99-4653, 2001 WL 41143, at *3 n.1 (E.D.Pa. Jan. 18, 2001) ("The RICO case statement is a pleading that may be considered part of the operative complaint for purposes of a motion to dismiss.").

   For the sake of clarity, we are requesting that your Honor enter an order modifying Paragraph 14, so that it is clear that its provisions apply to all of the consolidated cases, including, without limitation, its provisions as to scheduling and that the RICO Statements serve as supplemental pleadings.

Respectfully submitted,
LAW OFFICES OF JERRY S. GOLDMAN &
ASSOCIATES, P.C.

By: _____
    JERRY S. GOLDMAN, ESQUIRE

JSG:ng
Enc. a/s
cc: All counsel of record

*[Handwritten note:]* The Court has reviewed the July 19, August 10, and August 16, 2005 letters from Mr. Goldman; the August 8, 2005 letter from Williams & Connolly; and the August 12 and August 18, 2005 letters from DLA Piper Rudnick Gray Cary. Mr. Goldman's request that the Court amend paragraph 14 of CMO 2 is denied.

*[Signed]* August 22, 2005

---

[4] A review of the docket fails to indicate any action having been taken by the Court in response to the letter.