## Barentzen, Steven

**From:** Barentzen, Steven
**Sent:** Thursday, August 25, 2005 11:11 AM
**To:** Barentzen, Steven; 'Jerry S. Goldman'
**Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani

Jerry:

I left you a voicemail earlier this morning asking you to get back me to concerning the proposed briefing stipulation I sent you on Tuesday and the below attached e-mail. I have not heard back from you, and from this, I can only assume that you have no intention of responding to me or attempting to negotiate a joint briefing schedule that the parties can submit to the Court. Instead, you apparently intend to take the position that Mr. Al-Alwani is in default. Obviously, for reasons I have previously provided you, we disagree with you. But, by not even getting back to me -- and instead threatening to hold us in default -- you have left me with no choice but to submit our proposed briefing stipulation to the Court for the Court's approval. We intend to send a letter to the Court by the end of the day asking him to approve the proposed briefing stipulation I sent you on Tuesday. If you would like me to submit anything to the Court on this issue on your behalf, let me know, and I will be happy to make both submissions to the Court simultaneously.

I still would prefer to work this out with you and believe we should submit a joint briefing schedule to the Court. If you are interested in proceeding in this manner, let me know as soon as possible. Otherwise, you have left us no choice but to bring this matter to the Court's attention today.

Steve

---

**From:** Barentzen, Steven
**Sent:** Wednesday, August 24, 2005 10:13 AM
**To:** 'Jerry S. Goldman'
**Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani

Jerry:

I want to follow up on my phone call to you this morning. Your suggestion that Mr. Al-Alwani is in default in this action is absolutely frivolous and an indication that you have no intention in proceeding in this action in anything resembling good faith. The only reason we do not have a signed stipulation for Mr. Al-Alwani's motion to dismiss is your refusal to either enter into, or even negotiate in good faith, a reasonable briefing stipulation. Instead, you admonished me to take it to the Court. As you know, I took it to the Court, and the Court completely agreed with our position and completely rejected your position. I strongly suggest that you agree to the version of the stipulation I sent you last night which reflects the judge's ruling. Be advised that if you make any motion or take any action to hold Mr. Al-Alwani in default, we will not only vehemently oppose your application but seek Rule 11 sanctions as well.

With respect to the service issue, I cannot understand why you stubbornly continue to refuse to enter into a briefing stipulation with us unless Mr. Al-Alwani agrees to waive "any and all affirmative defenses, objections, privileges, immunities and arguments relating to insufficiency of process and insufficiency of service of process." We have entered into stipulations with virtually every Plaintiff in this action and none of those Plaintiffs have demanded the inclusion of such a provision in the briefing stipulation. Moreover, I have never seen any Plaintiff in any action essentially hold a briefing stipulation hostage unless the defendant agreed to waive any service defenses. Your position is particularly inappropriate here where I have specifically advised you that we are contesting service. We can agree to disagree on whether our defense in this action is a defense as to service, or another type of defense. But, there is simply no need to argue that issue now in the context of negotiating a briefing stipulation. That

11/22/2005

issue should be argued in the briefs. Moreover, I do not see how the removal of the service provision from your proposed stipulation could conceivable prejudice Plaintiff here.

I would like to work these issues out with you as soon as possible so that we can present a joint stipulation to Judge Casey for his approval. There is no need to play games here, and I think it is in both party's best interests not to disturb the Judge with this issue. Please let me know whether you will agree to the draft stipulation I sent you last night, and if not why.

I look forward to hearing from you. Steven Barentzen.

**From:** Jerry S. Goldman [mailto:jgoldman@goldmanlawyers.com]
**Sent:** Wednesday, August 24, 2005 9:15 AM
**To:** Barentzen, Steven
**Cc:** Gina MacNeill; 'Fred.salek@verizon.net'
**Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani

I guess the confusion, then Steve, is that your answer was already well past due and we will oppose it as being filed out of time. As you claim, you and your firm has been been involved in the case for many months, and there is no real dispute over the receipt of the summons and complaint, and I don't see an executed stipulation granting you additional time, I'm not sure what your basis for an untimely filing would be.

I understand your service argument is that while we served an individual with that name, and he is the same individual who was served (and/or for whom you accepted service) in 'related' cases, you believe we served the wrong person. I suspect (unless you provide me with authority on this point) that this is not a sufficiency of service or a sufficiency of process argument; rather, that would be a substantive defense (sort of like a criminal defendant claiming that he did not commit the murder, it was his brother).

jsg


Jerry S. Goldman, Esquire

jgoldman@goldmanlawyers.com

Two Penn Center Plaza          The Trinity Building
1500 J.F.K. Blvd. Suite 1411    111 Broadway, 13th Floor
Philadelphia, PA 19102          New York, NY 10006
Telephone: 215.569.4500         Telephone: 212.242.2232
Facsimile: 215.569.8899         Facsimile: 212.346.4665

3109 Stirling Road, Suite 101
Fort Lauderdale, Fl 33312
Telephone: 954.981.6533
Facsimile: 954.989.8068
Facsimile: 856.858.4606

******************************************
Above email is for intended recipient only and may be
confidential and protected by attorney/client privilege. If you
are not the intended recipient, please advise the sender
immediately. Unauthorized use or distribution is prohibited and may be unlawful.

******************************************

11/22/2005

-----Original Message-----
**From:** Barentzen, Steven [mailto:Steven.Barentzen@dlapiper.com]
**Sent:** Wednesday, August 24, 2005 9:15 AM
**To:** Jerry S. Goldman
**Subject:** Re: Stipulation of Briefing Schedule for Taha Al Alwani

Jerry: Just so my position is clear, we do not believe that you can file a RICO statement at this point, and we will oppose any RICO statement you submit. Don't really think that there is any confusion in the judge's order. So, I don't understand the issue.

With respesct to the service provision, Casey did not rule on that because it was not before him. As I told you, we are not going to agree to waive service as a condition of being permitted to file a motion to dismiss. There is no authority for this position, and as I told you service is going to be our our primary defense.

-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Jerry S. Goldman <jgoldman@goldmanlawyers.com>
To: Barentzen, Steven <Steven.Barentzen@dlapiper.com>; Gina MacNeill <gmacneill@goldmanlawyers.com>
CC: Gina MacNeill <gmacneill@goldmanlawyers.com>; 'Fred Salek, Esq.' <fred.salek@verizon.net>
Sent: Wed Aug 24 05:54:39 2005
Subject: RE: Stipulation of Briefing Schedule for Taha Al Alwani

Let me get back to you on this one.
I understand Judge Casey's order, although, obviously, I respectfully disagree.
There is nothing in it, however, about the service issue.

I would assume, that under the terms of his order, we may be late in filing a "RICO Statement"; I understand that your client was served, I believe, on the 29th or 30th of July, which is well over 30 days ago.

jsg



Jerry S. Goldman, Esquire

jgoldman@goldmanlawyers.com

| Two Penn Center Plaza | The Trinity Building |
| 1500 J.F.K. Blvd. Suite 1411 | 111 Broadway, 13th Floor |
| Philadelphia, PA 19102 | New York, NY 10006 |
| Telephone: 215.569.4500 | Telephone: 212.242.2232 |
| Facsimile: 215.569.8899 | Facsimile: 212.346.4665 |

3109 Stirling Road, Suite 101
Fort Lauderdale, Fl 33312
Telephone: 954.981.6533
Facsimile: 954.989.8068
Facsimile: 856.858.4606


*******************************************
Above email is for intended recipient only and may be
confidential and protected by attorney/client privilege. If you
are not the intended recipient, please advise the sender
immediately. Unauthorized use or distribution is prohibited and may be unlawful.


*******************************************

-----Original Message-----
From: Barentzen, Steven [mailto:Steven.Barentzen@dlapiper.com]
Sent: Tuesday, August 23, 2005 7:06 PM
To: Gina MacNeill
Cc: Jerry S. Goldman
Subject: RE: Stipulation of Briefing Schedule for Taha Al Alwani

Here is a new briefing stipulation based upon Judge Casey's ruling today. Let me know if you have any comments.

---

From: Gina MacNeill [mailto:gmacneill@goldmanlawyers.com]
Sent: Thursday, August 11, 2005 10:59 AM
To: Barentzen, Steven
Cc: Jerry S. Goldman
Subject: Stipulation of Briefing Schedule for Taha Al Alwani

Please find attached a proposed briefing schedule.

Please advise whether this is acceptable.

Gina M. Mac Neill, Esquire
Law Offices of Jerry S. Goldman & Associates
1500 JFK Boulevard, Suite 1411
Philadelphia, PA 19102
Phone: 215.569.4500 Ext. 25
Fax:  215.569.8899

*****************************************
Above email is for intended recipient only and may be
confidential and protected by attorney/client privilege. If you
are not the intended recipient, please advise the sender
immediately. Unauthorized use or distribution is prohibited and
may be unlawful.
*****************************************

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

11/22/2005

The information contained in this email may be confidential and/or legally privileged. the sole use of the intended recipient(s). If the reader of this message is not an intende hereby notified that any unauthorized review, use, disclosure, dissemination, distribut this communication, or any of its contents, is strictly prohibited. If you have received in error, please contact the sender by reply email and destroy all copies of the original contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

## Barentzen, Steven

**From:** Barentzen, Steven
**Sent:** Thursday, August 25, 2005 1:52 PM
**To:** 'Jerry S. Goldman'
**Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani

Jerry:

Thanks for getting back to me. I am happy to hear that you finally have agreed to discontinue your demand that the briefing stipulation contain a provision requiring Mr. Al-Alwani to waive all defenses as to service. We therefore now only have one issue between us that needs to be resolved.

Unfortunately, from your e-mail, I have serious concerns whether we will be able to resolve this issue. You take the position that Mr. Al-Alwani has made an "unequivocal, unexplained, unwarranted, and unsanctioned default under the Federal Rules." But as you well know, this is not the case at all, and the facts bear this out. Any "default" was created by you and your refusal to enter into a briefing stipulation in a timely manner.

On August 10, 2005, I called you to discuss a briefing schedule for Mr. Al-Alwani's motion to dismiss. On the call you told me we could have as much time as we needed to respond to the complaint, and I told you that 45 days would be sufficient. The next day, you sent me a draft briefing stipulation. Pursuant to the draft you sent me, your client would have 30 days to serve a RICO Statement following the Court's approval of the stipulation, and Mr. Al-Alwani would then have 45 days to move to dismiss. At the earliest, Mr. Alwani's motion to dismiss would have been due at the end of October. Your draft also contained a provision that would require Mr. Al-Awani to waive all defenses as to service. You have just agreed to drop that provision from the stipulation today.

I responded that same day, August 11, 2005, and advised you that Plaintiff's time to file a RICO Statement had expired and that we therefore could not agree to to permit Plaintiff time to file a RICO Statement. I also advised you that if you did not agree to remove that provision from the briefing stipulation that we would write to Judge Casey and oppose your application to amend the case management order to permit you file belated RICO Statements. Rather than continue to work out a briefing schedule, you responded shortly thereafter that I should take the issue to the Court.

Upon your advice, I did take the issue to the Court. On the next day, August 12, 2005, I wrote to Judge Casey, advised him of our dispute, and opposed your request the amend the case management order to permit you to file belated RICO Statements. After each of us sent additional correspondence to the court of the issue, on Tuesday, August 23, 2005, the Court ruled in our favor and denied your application to amend the case management order to permit you file belated RICO Statements.

That same day, I sent you a new draft briefing stipulation, virtually identical to the draft that you had sent to me, but in accordance with the Judge's Order I had removed the provision that would permit you 30 days to file a RICO statement. I also removed the waiver of service provision that I had initially objected to. Just today you finally agreed to drop that from the stipulation. You did not get back to me on Tuesday with your thoughts.

On Wednesday morning, however, you advised me that it was now your position that Mr.. Al Alana was in default in this action. You also suggest that you would be willing to waive that default if we agreed to permit you to file a RICO Statement -- the very relief you had been denied by the Court just the day before. I advised you by both phone call and e-mail that Mr.. Al Alana was not in default, and that the only reason we did not have a signed briefing stipulation was because you refused to enter into a stipulation with us unless we agreed to permit you to file a RICO Statement. Our refusal to agree to permit you to file a belated RICO Statement was validated by the Court's Order. Yesterday you did not return me e-mail or phone call, or get back to me to discuss this issue at. Instead, you filed an affidavit of service for Mr.. Al-Alana yesterday afternoon with Court, presumably in support of any upcoming default motion.

After I called you and e-mailed you this morning, you have finally gotten back to me, and officially agreed to waive our "default" -- which was caused by your unreasonable insistence that we permit you to file a belated RICO

11/22/2005

Statement -- if we agree to permit you to file a RICO Statement, the very relief the Court just two days ago said that you were not entitled to. We obviously do not agree that we are in default, and will not agree to permit you to file a RICO Statement when the Court just said that you can't. At best, this type of "negotiation" tactic is a thinly veiled effort to exert improper leverage on us to obtain back door relief from the Court's Order. At worst it is tantamount to extortion.

I still harbor hope that you will change your mind and will agree to enter into the briefing schedule I sent you on Tuesday. Therefore, I will not send our Letter to Judge Casey asking him to approve our briefing schedule until the end of the day. You have requested that I first send you a draft of that letter before I send it to the Court. However, I do not see any requirement in Judge Casey's rules that mandates this procedure. His individual practices, amended November 22, 2004, simply states that letters to the Court be in writing with a copy to opposing counsel. Therefore, I decline you invitation to first send you a draft of my letter. I will however forward any letter you wish to send to the Judge along with my letter today.

I look forward to hearing from you so hopefully we can resolve this issue.

Steve.

---

**From:** Jerry S. Goldman [mailto:jgoldman@goldmanlawyers.com]
**Sent:** Thursday, August 25, 2005 12:28 PM
**To:** Barentzen, Steven
**Cc:** Gina MacNeill; 'Fred Salek, Esq.'
**Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani

I was in meetings all morning and have, not been able to return your telephone call or email until now.

We have been evaluating our response to your communication. That being said, generally, our understanding of the concept of negotiation is one of give and take. There were two issues which we insisted upon in our draft stipulation- the issue of the insufficiency of process/insufficiency of service of process, as defined in Fed R. Civ. Proc. 12 (b)(4) and 12(b)(5) and the RICO issue. Your issue, I assume, relates to the time in which to respond, that is, a failure to answer under Fed.R. Civ. Proc. 12(a)(1)(A) within twenty days (or, had you waived service, rather than burden the plaintiff with the unnecessary cost of service, the longer period of time set forth in 12(a)(1)(B); see, Fed. R. Civ. Proc. 4(d)(5)(costs of service together with reasonable attorney's fee of any motion required to collect the costs of service)) of the personal service on July 29, 2005.

In the spirit of maintaining our cordial and collegial professional relationship, by pursuing bona fide and good faith negotiations, we would be amenable to waiving your unequivocal, unexplained, unwarranted, and unsanctioned default under the Federal Rules (particularly in light of your, and your firm's long-term representation of the defendant in the companion cases and your purported entry of appearance last January) in responding, in return for a waiver of the time of the Judge's Individual rules which may not, in any event, be found to apply to the instant matter. So that this is absolutely clear, we are withdrawing our demand relative to the issue of service that particularly troubled you, as well.

I am going to be unavailable for the next few hours, as I am preparing for a hearing for the District Court on a unrelated case scheduled for the beginning of the week.

If this proposal is still deemed unacceptable to you, kindly send me, in accordance with Judge Casey's practice, a copy of the letter that you propose to send to the court; I will then send you our response, by the close of business tomorrow; you can, if you wish, then prepare a reply and submit all three documents to the court for its consideration. Should this procedure be complied with, I will agree that the period of time between your submission of your initial letter to us, until we submit our response to you, should not be considered for default purposes.

On another note, as I indicated to you in our initial telephone conversation, I had understood that your firm represented plaintiffs in another terrorism case where the defendants are co-defendants in this particular action. You may want to look at this relative to whether it represents a conflict. I understand that counsel

11/22/2005

of record include Adam S. Hoffinger, Shale D. Stiller and Elizabeth Renew Dewey. The case is Heisner et al v. Islamic Republic of Iran, et al., 00 CV 02329 (RCL-DAR) (D. D.C.) I understand that the present defendants include the Islamic Republic of Iran, the Iranian Islamic Revoluntionary Guard Corps, and the Iranian Ministry of Information and Security, all of whom are presently defendants in our case (your matter previously named Hizballah, Osama Bin Laden, and a number of John Does- as to the latter, we do not know who you meant; the former are defendants in the instant litigation). I understand that the matter is active. While I have not yet had an opportunity to look at the pleadings, RICO statements, plaintiffs' witnesses, Memoranda or the like, it is my understanding that it relates to the Khobar Tower Bombings in the Kingdom which were investigated by Mr. O'Neill, while he was working for the United States Government.

Sincerely,

Jerry S. Goldman, Esquire.


Jerry S. Goldman, Esquire

jgoldman@goldmanlawyers.com

Two Penn Center Plaza              The Trinity Building
1500 J.F.K. Blvd. Suite 1411       111 Broadway, 13th Floor
Philadelphia, PA 19102             New York, NY 10006
Telephone: 215.569.4500            Telephone: 212.242.2232
Facsimile: 215.569.8899            Facsimile: 212.346.4665

3109 Stirling Road, Suite 101
Fort Lauderdale, Fl 33312
Telephone: 954.981.6533
Facsimile: 954.989.8068
Facsimile: 856.858.4606

*******************************************

Above email is for intended recipient only and may be
confidential and protected by attorney/client privilege. If you
are not the intended recipient, please advise the sender
immediately. Unauthorized use or distribution is prohibited and may be unlawful.

*******************************************

>       -----Original Message-----
>       **From:** Barentzen, Steven [mailto:Steven.Barentzen@dlapiper.com]
>       **Sent:** Thursday, August 25, 2005 11:11 AM
>       **To:** Barentzen, Steven; Jerry S. Goldman
>       **Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani
>
>       Jerry:
>
>       I left you a voicemail earlier this morning asking you to get back me to concerning the proposed briefing stipulation I sent you on Tuesday and the below attached e-mail. I have not heard back from you, and from this, I can only assume that you have no intention of responding to me or attempting to negotiate a joint briefing schedule that the parties can submit to the Court. Instead, you apparently intend to take the position that Mr. Al-Alwani is in default. Obviously, for reasons I have previously provided you, we disagree with you. But, by not even getting back to me -- and instead threatening to hold us in default -- you have left me with no choice but to submit our proposed briefing stipulation to the Court for the Court's approval. We intend to send a letter to the Court by the end of the day asking him to approve the proposed briefing stipulation I sent you on Tuesday. If you would like me to submit anything to the Court on this issue on your behalf, let me know, and I will be happy to make both submissions to the Court simultaneously.

I still would prefer to work this out with you and believe we should submit a joint briefing schedule to the Court. If you are interested in proceeding in this manner, let me know as soon as possible. Otherwise, you have left us no choice but to bring this matter to the Court's attention today.

Steve

---

**From:** Barentzen, Steven
**Sent:** Wednesday, August 24, 2005 10:13 AM
**To:** 'Jerry S. Goldman'
**Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani

Jerry:

I want to follow up on my phone call to you this morning. Your suggestion that Mr. Al-Alwani is in default in this action is absolutely frivolous and an indication that you have no intention in proceeding in this action in anything resembling good faith. The only reason we do not have a signed stipulation for Mr. Al-Alwani's motion to dismiss is your refusal to either enter into, or even negotiate in good faith, a reasonable briefing stipulation. Instead, you admonished me to take it to the Court. As you know, I took it to the Court, and the Court completely agreed with our position and completely rejected your position. I strongly suggest that you agree to the version of the stipulation I sent you last night which reflects the judge's ruling. Be advised that if you make any motion or take any action to hold Mr. Al-Alwani in default, we will not only vehemently oppose your application but seek Rule 11 sanctions as well.

With respect to the service issue, I cannot understand why you stubbornly continue to refuse to enter into a briefing stipulation with us unless Mr. Al-Alwani agrees to waive "any and all affirmative defenses, objections, privileges, immunities and arguments relating to insufficiency of process and insufficiency of service of process." We have entered into stipulations with virtually every Plaintiff in this action and none of those Plaintiffs have demanded the inclusion of such a provision in the briefing stipulation. Moreover, I have never seen any Plaintiff in any action essentially hold a briefing stipulation hostage unless the defendant agreed to waive any service defenses. Your position is particularly inappropriate here where I have specifically advised you that we are contesting service. We can agree to disagree on whether our defense in this action is a defense as to service, or another type of defense. But, there is simply no need to argue that issue now in the context of negotiating a briefing stipulation. That issue should be argued in the briefs. Moreover, I do not see how the removal of the service provision from your proposed stipulation could conceivable prejudice Plaintiff here.

I would like to work these issues out with you as soon as possible so that we can present a joint stipulation to Judge Casey for his approval. There is no need to play games here, and I think it is in both party's best interests not to disturb the Judge with this issue. Please let me know whether you will agree to the draft stipulation I sent you last night, and if not why.

I look forward to hearing from you. Steven Barentzen.

---

**From:** Jerry S. Goldman [mailto:jgoldman@goldmanlawyers.com]
**Sent:** Wednesday, August 24, 2005 9:15 AM
**To:** Barentzen, Steven
**Cc:** Gina MacNeill; 'Fred.salek@verizon.net'
**Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani

I guess the confusion, then Steve, is that your answer was already well past due and

11/22/2005

we will oppose it as being filed out of time. As you claim, you and your firm has been been involved in the case for many months, and there is no real dispute over the receipt of the summons and complaint, and I don't see an executed stipulation granting you additional time, I'm not sure what your basis for an untimely filing would be.

I understand your service argument is that while we served an individual with that name, and he is the same individual who was served (and/or for whom you accepted service) in 'related' cases, you believe we served the wrong person. I suspect (unless you provide me with authority on this point) that this is not a sufficiency of service or a sufficiency of process argument; rather, that would be a substantive defense (sort of like a criminal defendant claiming that he did not commit the murder, it was his brother).

jsg



Jerry S. Goldman, Esquire

jgoldman@goldmanlawyers.com

Two Penn Center Plaza          The Trinity Building
1500 J.F.K. Blvd. Suite 1411   111 Broadway, 13th Floor
Philadelphia, PA 19102         New York, NY 10006
Telephone: 215.569.4500        Telephone: 212.242.2232
Facsimile: 215.569.8899        Facsimile: 212.346.4665

3109 Stirling Road, Suite 101
Fort Lauderdale, Fl 33312
Telephone: 954.981.6533
Facsimile: 954.989.8068
Facsimile: 856.858.4606

*****************************************

Above email is for intended recipient only and may be confidential and protected by attorney/client privilege. If you are not the intended recipient, please advise the sender immediately. Unauthorized use or distribution is prohibited and may be unlawful.

*****************************************

-----Original Message-----
From: Barentzen, Steven [mailto:Steven.Barentzen@dlapiper.com]
Sent: Wednesday, August 24, 2005 9:15 AM
To: Jerry S. Goldman
Subject: Re: Stipulation of Briefing Schedule for Taha Al Alwani

Jerry: Just so my position is clear, we do not believe that you can file a RICO statement at this point, and we will oppose any RICO statement you submit. Don't really think that there is any confusion in the judge's order. So, I don't understand the issue.

With respest to the service provision, Casey did not rule on that because it was not before him. As I told you, we are not going to agree to waive service as a condition of being permitted to file a motion to dismiss. There is no authority for this position, and as I told you service is going to be our our primary defense.
----------------------------
Sent from my BlackBerry Wireless Handheld

-----Original Message-----
From: Jerry S. Goldman <jgoldman@goldmanlawyers.com>
To: Barentzen, Steven <Steven.Barentzen@dlapiper.com>; Gina MacNeill <gmacneill@goldmanlawyers.com>
CC: Gina MacNeill <gmacneill@goldmanlawyers.com>; 'Fred Salek, Esq.' <fred.salek@verizon.net>
Sent: Wed Aug 24 05:54:39 2005
Subject: RE: Stipulation of Briefing Schedule for Taha Al Alwani

Let me get back to you on this one.
I understand Judge Casey's order, although, obviously, I respectfully disagree.
There is nothing in it, however, about the service issue.

I would assume, that under the terms of his order, we may be late in filing a "RICO Statement"; I understand that your client was served, I believe, on the 29th or 30th of July, which is well over 30 days ago.

jsg


Jerry S. Goldman, Esquire

jgoldman@goldmanlawyers.com

| Two Penn Center Plaza | The Trinity Building |
| 1500 J.F.K. Blvd. Suite 1411 | 111 Broadway, 13th Floor |
| Philadelphia, PA 19102 | New York, NY 10006 |
| Telephone: 215.569.4500 | Telephone: 212.242.2232 |
| Facsimile: 215.569.8899 | Facsimile: 212.346.4665 |

3109 Stirling Road, Suite 101
Fort Lauderdale, Fl 33312
Telephone: 954.981.6533
Facsimile: 954.989.8068
Facsimile: 856.858.4606

*****************************************
Above email is for intended recipient only and may be
confidential and protected by attorney/client privilege. If you
are not the intended recipient, please advise the sender
immediately. Unauthorized use or distribution is prohibited and may be unlawful.

*****************************************

-----Original Message-----
From: Barentzen, Steven [mailto:Steven.Barentzen@dlapiper.com]
Sent: Tuesday, August 23, 2005 7:06 PM
To: Gina MacNeill
Cc: Jerry S. Goldman
Subject: RE: Stipulation of Briefing Schedule for Taha Al Alwani


Here is a new briefing stipulation based upon Judge Casey's ruling today. Let me know if you have any comments.

From: Gina MacNeill [mailto:gmacneill@goldmanlawyers.com]
Sent: Thursday, August 11, 2005 10:59 AM
To: Barentzen, Steven
Cc: Jerry S. Goldman
Subject: Stipulation of Briefing Schedule for Taha Al Alwani

Please find attached a proposed briefing schedule.

Please advise whether this is acceptable.

Gina M. Mac Neill, Esquire
Law Offices of Jerry S. Goldman & Associates
1500 JFK Boulevard, Suite 1411
Philadelphia, PA 19102
Phone: 215.569.4500 Ext. 25
Fax: 215.569.8899

*******************************************
Above email is for intended recipient only and may be
confidential and protected by attorney/client privilege. If you
are not the intended recipient, please advise the sender
immediately. Unauthorized use or distribution is prohibited and
may be unlawful.
*******************************************

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

The information contained in this email may be confidential and/or legall
the sole use of the intended recipient(s). If the reader of this message is n
hereby notified that any unauthorized review, use, disclosure, disseminati
this communication, or any of its contents, is strictly prohibited. If you ha
in error, please contact the sender by reply email and destroy all copies o
contact our email administrator directly, send to postmaster@dlapiper.co

11/22/2005

Thank you.

The information contained in this email may be confidential and/or legally privileged. It has the sole use of the intended recipient(s). If the reader of this message is not an intended recip hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or this communication, or any of its contents, is strictly prohibited. If you have received this cc in error, please contact the sender by reply email and destroy all copies of the original messa contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.