# EXHIBIT C



**DLA PIPER RUDNICK GRAY CARY**

**DLA Piper Rudnick Gray Cary US LLP**
1200 Nineteenth Street, NW
Suite 700
Washington, DC 20036-2430
T  202.861.3890
F  202.223.2085
W  www.dlapiper.com

September 2, 2005

**Via Federal Express**

Jerry S. Goldman, Esq.
Law Offices of Jerry S. Goldman & Associates, P.C.
111 Broadway, 13th Floor
New York, New York 10006

Re:   *In re Terrorist Attacks of September 11, 2001*, MDL No. 1570 (RCC);
      *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq et al.*, 04 CV 1076 (RCC)

Dear Mr. Goldman:

Pursuant to Federal Rule of Civil Procedure 11, and the Advisory Committee Notes to Rule 11, we request that Plaintiffs withdraw both the Second Amended Complaint (the "Complaint") and the document styled as a "More Definite Statement Pursuant to the Fed. R. Civ. Pro. Rule 12(e), Judge Casey's CMO-2, Paragraph 13, and/or RICO Applicable to Taha Al-Alwani A/K/A Dr. Taha Jabir Al-Alwani" (the "RICO Statement.") If you do not agree to withdraw these filings, be advised that we intend to bring a Rule 11 motion seeking sanctions against Plaintiffs and your firm for the reasons discussed below.

As we have repeatedly advised you, the complaint violates Rule 11 because Plaintiffs served it on the wrong Taha Al-Alwani. The Taha Al-Alwani identified in paragraph 36 of the Second Amended Complaint is alleged to be a "natural person[ ], subject[ ] and citizen[ ] of Iraq" and a "leader[ ], official[ ], agent[ ]/or employee[ ] of Iraq and/or its Intelligence Agency, who participated in the acts and conspiracy described below while acting in the course and scope of their employment." (Complaint, ¶ 36.)

Dr. Taha Al-Alwani who you served, and who we represent, is an American citizen who has resided in the United States for almost 25 years and has not been in Iraq for over 35 years. He is not – and never has been – a leader, official, agent or employee of Iraq and/or its Intelligence Agency. He did not participate in any of the acts or conspiracies described in the Complaint. He has never been employed by Iraq.

**Serving clients globally**


**PIPER RUDNICK**
**GRAY CARY**

Jerry S. Goldman, Esq.
September 2, 2005
Page Two

As we told you several times, the Al-Alwani named in your complaint is -- from what we can determine -- the former Mayor of Fallujah who coincidentally shares the same name as our client.

For these reasons, the Complaint violates Rule 11 for the following reasons: (1) it is being presented for the improper purposes of harassing our client, causing unnecessary delay and needlessly increasing the cost of litigation, and (2) the allegations and other factual contentions against our client in the Second Amended Complaint have no evidentiary support.

Plaintiffs' RICO Statement also violates Rule 11 for the following reasons: (1) because Plaintiffs were not authorized to file the RICO Statement. The filing of the RICO Statement violates the Court's August 23, 2005 Order that explicitly denied Plaintiffs' request to amend the Second Case Management Order to permit the late filing of RICO Statements. Plaintiffs nevertheless, and in violation of the Court's Order, brazenly filed the RICO Statement. By styling the RICO Statement in the alternative as a "More Definite Statement," Plaintiffs apparently intend to attempt to evade the Court's Order. But the false title that you have given the document does not disguise what it actually is, i.e., a RICO Statement. Even a cursory review of the document reveals that it has the exactly same format as every other RICO Statement that has been filed in this action. And although you pretend otherwise to avoid the Court's ruling, its substance reveals it as an unauthorized RICO Statement.

Even if the Court were to construe your RICO Statement as a More Definite Statement, it would still be unauthorized under the rules. A party may not file voluntarily a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). Rather, a More Definite Statement is proper only in response to a motion for a more definite statement, and Dr. Al-Alwani has not filed such a motion. Moreover, the filing does not clarify or expand upon vague and ambiguous allegations in the Complaint as is authorized by Rule 12(e). Rather, the RICO Statement includes an entirely new set of allegations, against a entirely new party, that not only were not included in the Complaint, but are, in fact, inconsistent with the Complaint's allegations.

Finally, even if the RICO Statement was construed as a More Definite Statement, it would be late. Paragraph 13 of the Second Case Management Order provides that More Definite Statements must have been filed by July 31, 2005. By Order dated July 27, 2005, the Court extended the time for Plaintiff's to "file amended complaints:" It did not extend the time to file More Definite Statements.

In addition, (2) the RICO Statement violates Rule 11 because its allegations do not support a claim against Dr. Al-Alwani in this action. The allegations -- even if assumed to be true and viewed in the light most favorable to Plaintiffs -- at best connect Dr. Al-Alwani to Sami Al-Arian and the Palestinian Islamic Jihad ("PIJ"). But there is no allegation connecting Al-Arian or the PIJ to the September 11th attacks. Moreover, no such link exists. In this respect, PIJ is


**DLA PIPER RUDNICK GRAY CARY**

Jerry S. Goldman, Esq.
September 2, 2005
Page Three

similar to Hamas, and the Court has already found that "Plaintiffs have not alleged any relationship between Hamas and al Qaeda or the terrorist attacks of September 11." *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 833 (S.D.N.Y. 2005). Indeed, as counsel for Mar-Jac Poultry, Mr. Parker, argued during the June 15, 2005 oral argument, Al-Arian and PIJ could not have been involved in the September 11th attacks, otherwise Al-Arian's attorneys, Cozen & O'Connor, could not also represent the *Federal Insurance* plaintiffs in the MDL.

Therefore, your RICO Statement violates Rule 11 because: 1) it was filed solely for purposes of harassing Dr. Al-Alwani, causing unnecessary delay and needlessly increasing the cost of litigation; 2) Plaintiffs had no good faith basis under existing law, or a non-frivolous, argument for the extension or modification of existing law, that would permit Plaintiffs to file the RICO Statement; and 3) the RICO Statement's allegations attempting to link Dr. Al-Alwani to the September 11th attack have no evidentiary support. Accordingly, we ask that you take steps to immediately withdraw the Complaint and the RICO Statement filed against Dr. Al-Alwani.

Very truly yours,

**DLA Piper Rudnick Gray Cary US LLP**

Steven Barentzen
Attorney
*steven.barentzen@dlapiper.com*

Admitted to practice in the District of Columbia and New York

From:   Origin ID: (202)689-7979
Mary Pasternack
DLA Piper Rudnick Gray Cary US
1200 19th Street, NW

WASHINGTON, DC 20036

Ship Date: 02SEP05
Actual Wgt: 1 LB
System#: 3966799/INET2200
Account#: S ********



REF: 353138-6

Delivery Address Bar Code

SHIP TO: (212)800-2222     BILL SENDER
**Jerry S. Goldman, Esq.**
**Jerry S. Goldman & Associates PC**
**111 Broadway**
**13th Floor**
**New York, NY 10006**



**PRIORITY OVERNIGHT**

TRK#   7911 9242 5594    FORM 0201

10006    -NY-US

**TUE**
Deliver By:
06SEP05

EWR    A1

**NE FIDA**



Shipping Label: Your shipment is complete
1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/cgi-bin/ship_it/unity/3CgVz6FeRw2AjSs0IcXr1AdRr9JbVy9HjRz...    9/2/2005