# EXHIBIT D

# LAW OFFICES OF
# JERRY S. GOLDMAN & ASSOCIATES, P.C.

A NEW YORK PROFESSIONAL CORPORATION DULY QUALIFIED TO TRANSACT
BUSINESS WITHIN THE COMMONWEALTH OF PENNSYLVANIA

TWO PENN CENTER PLAZA • SUITE 1411
1500 JFK BOULEVARD
PHILADELPHIA, PA 19102
TEL: 215.569.4500 • FAX: 215.569.8899

111 BROADWAY • 13TH FLOOR
NEW YORK, NY 10006
TEL: 212.242.2232 • FAX: 212.346.4665

3109 STIRLING ROAD • SUITE 101
FORT LAUDERDALE, FL 33312
TEL: 954.981.6533 • FAX: 954.989.8068

JERRY S. GOLDMAN
DIRECT DIAL: 215.569.4500 ext. 12
jgoldman@goldmanlawyers.com
Admitted to: NY, PA & MASS
L.M in Taxation

Reply To: New York

September 30, 2005

**Original Via First Class Mail**
**Copy via Facsimile- 202.223.2085**

Steven Barentzen, Esquire
DLA Piper Rudnick Gray Cary US LLP
1200 Nineteenth Street, NW
Suite 700
Washington, D.C. 20036-2430

Re:   In re Terrorist Attacks of September 11, 2001, MDL No. 1570 (RCC);
      *Estate of John P. O'Neill Sr., et al. v. The Republic of Iraq, et al.*, 04
      CV 1076 (RCC)

Dear Mr. Barentzen:

This letter is in response to your letter dated September 2, 2005 ("letter"), receipt of which is acknowledged, as well as our brief discussion after the court hearing on September 27, 2005.

We have reviewed your contentions contained within the letter, and accept to one aspect, discussed below, we respectfully disagree.

With regard to the RICO Statement, we will be withdrawing same, without prejudice, subject to leave to refile, if and when a the District Court grants leave to file it upon motion (or cross motion); the CMO provision in question is modified upon consent or upon order of the District Court; or, a Court of competent jurisdiction reconsiders or overturns the Judge's decision in this regard.

We will not, however, withdraw our Amended Complaints nor our More Definite Statements/additional allegations.

Procedurally, Plaintiff believe both are proper under CMO 2, Paragraph 13 ("Plaintiffs may file more definite statements and/or additional allegations against existing defendants by filing statements to this effect, which will be treated and accepted as pleadings and deemed amendments to previously filed Complaints or Amended Complaints."); See also, the first and

# LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.

September 29, 2005
Page 2

last sentences of CMO Paragraph 13, as amended, relative to the right to file and the timing of filing, amended complaints.

As we discussed on September 27, 2005, I would like to direct your attention to certain binding and other authority which we believe is relevant to the issues at hand and, we believe, may assist in resolving this issue. Commer. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 387 (2d Cir. 2001), we believe is particularly controlling, and we note that it was decided prior to Swierkiewicz's reiteration of the concept of notice pleading. Such approach has been followed in the 9th Circuit in Wagh v. Metris Direct, Inc., 348 F.3d 1102, 1107-1109 (9th Cir. 2003), cert. denied, 541 U.S. 1043 (2004) (post - Swierkiewicz). See generally, McLaughlin v. Anderson, 962 F.2d 187, 195 (2d Cir. 1992) (noting district court dismissed complaint after considering both complaint and RICO case statement); Moses v. Martin, 360 F. Supp. 2d 533, 539, n. 22 (S.D.N.Y. 2004) ("[m]y individual rules require a party alleging a RICO violation to submit a RICO Statement, which is considered part of the complaint"); Allen v. New World Coffee, Inc., 2001 U.S. Dist. LEXIS 3269, n. 3 (S.D.N.Y., 2001); Dempsey v. Sanders, 132 F. Supp. 2d 222, 224 (S.D.N.Y. 2001); Mega Tech Int'l Corp. v. Al-Saghyir Establishment, 1999 U.S. Dist. LEXIS 6381 (S.D.N.Y. 1999); A. Terzi Prods. v. Theatrical Protective Union, Local No. One, 2 F. Supp. 2d 485, 509, n. 16 (S.D.N.Y. 1998); Allen Neurosurgical Assocs., Inc. v. Lehigh Valley Health Network, No. CIV. A. 99-4653, 2001 WL 41143, at *3 n.1 (E.D.Pa. Jan. 18, 2001) ("[t]he RICO case statement is a pleading that may be considered part of the operative complaint for purposes of a motion to dismiss.").

Substantively, we believe that there is a reasonable basis for our allegations, viewing the pleadings, as a whole, as defined in Rule 11, and the case law relating thereto, applicable in the Second Circuit.

We believe, in fact, that the More Definite Statements/Additional Allegations, for example, clarify the misunderstanding that you have as to identity of your client. See, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). See generally, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993); Pelman v. McDonald's Corp., 396 F.3d 508, 511-12 (2d Cir. 2005) (need only meet the bare-bones notice-pleading requirements of Rule 8(a)). C.f., Fed. R. Civ. Proc. 8 (f); Conley v. Gibson, 355 U.S. 41, 48 (1957) (complaint construed to do substantial justice).

Obviously, there will be a question of proof, to be developed by way of discovery, and ultimately adjudicated, we believe favorably, in the course of a summary judgment motion, should you seek to file one, and a trial on the merits.

We believe that your filing of a Rule 11 motion, at this time, would be procedurally and substantively inappropriate and improper, and we reserve all rights we have to not only challenge same, but to seek sanctions, as well, if it is filed.

Plaintiffs have been, thus far, more than willing to accommodate what now clearly is an inexcusable delay in responding to a complaint which was properly served upon your client on July 29, 2005 - almost two months ago. You are now approximately forty (40) days late in responding to the pleadings as mandated under Fed. R. Civ. Proc. 12 (a) (1).

We urge you so that this litigation can proceed in a timely manner, as envisioned by the

# LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.

September 29, 2005
Page 3

Rules, to avoid prejudice to your client as well as ours, and in the interests of justice, to reconsider a reasonable stipulation which we have discussed. While we unequivocally dispute your claims of improper service, based upon what we believe is your good faith desire to assert them, we withdrew, back in August, our demand that a scheduling stipulation include a waiver of such claim. While we believe, based upon the record, that a RICO Statement is not necessary to proceed, and that based upon the facts and circumstances of this case, a court would grant us leave to file same,[1] in order to avoid a waste of the Court's valuable time, we suggest that it be included in the stipulation, in exchange for our consent not to challenge the continuing disregard of the requirements of filing a response pursuant to Rule 12(a)(1).

Very truly yours,

LAW OFFICES OF JERRY S. GOLDMAN &
ASSOCIATES, P.C.

By: _____
JERRY S. GOLDMAN, ESQUIRE

JSG:alm

---

[1] Recall, the *Iraq* case was originally filed in the District of Columbia in August, 2003. It did not appear on Judge Casey's docket, I believe, until approximately March of 2004. During that period of times, all matters were stayed pending the development of a scheduling order, which was entered, in the form of the CMO on June 16, 2004. If the individual rules were to apply to the *O'Neill-Iraq* case, we would probably have been in 'default' by the time the case was transferred to Judge Casey, or perhaps on the date that the CMO was entered.

This certainly could not have been the result that the Court envisioned.

# LAW OFFICES OF
# JERRY S. GOLDMAN &
# ASSOCIATES, P.C.

A New York Professional Corporation Duly
Authorized to Transact Business Within the
Commonwealth of Pennsylvania

Two Penn Center Plaza
1500 JFK Blvd.
Suite 1411
Philadelphia, PA 19102

Phone: 215-569-4500
FAX: 215-569-8899
JGoldman@Goldmanlawyers.com

# Facsimile

| | |
|---|---|
| To: | Steven Barentzen, Esquire<br>DLA Piper Rudnick Gray Cary US LLP |
| Fax: | 202.223.2085 |
| From: | Jerry S. Goldman, Esq. |
| Date: | September 29, 2005 |
| Re: | In Re Terrorist Attacks of September 11, 2005 |
| Pages: | 4, including this |

Please see attached letter

## CONFIDENTIALITY NOTE

The documents accompanying this telecopier transmission contain information from the law firm of Law Offices of Jerry S. Goldman & Associates, P.C., which is confidential and/or legally privileged. The information contained in this telecopier transmission is intended solely for the recipient. You are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited and that the documents should be returned to this firm immediately. In this regard, if you have received this telecopy in error, please notify us by telephone immediately so that we can arrange for the return of the original documents to us at no cost to you.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2005, I caused an electronic copy of the foregoing Declaration of Steven K. Barentzen to be served by email upon all parties scheduled for electronic notice.

/s/ Steven K. Barentzen
Steven K. Barentzen (SB-8777)