KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET N W

SUITE 400

WASHINGTON, D C 20036-3209

(202) 326 7900

FACS MILE

(202) 326 7999

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/05

October 28, 2005

The Honorable Richard Conway Casey
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

*The Court adopts the Defendants' proposal and asks the parties to submit a proposed order certifying the Defendants dismissed on §2(6)(1) or (2)(6)(2) grounds for a final judgment under Rule 54(b).*

*December 9, 2005* *Richard Conway Casey*

Re:    *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC)

Dear Judge Casey:

At our last case management conference, the Court asked the parties to try to reach agreement on the propriety of Rule 54(b) final judgments with respect to some or all of the already-dismissed defendants, and where agreement cannot be reached, to provide the Court with a succinct statement of the parties' various positions. The parties have discussed the issue but have not been able to reach agreement. We briefly set forth the current positions of the parties below.

**Plaintiffs' Position Statement**

On May 20, 2005, plaintiffs moved pursuant to Rule 54(b) for certification as final of the judgments entered by the Court in all of the consolidated cases in favor of the Kingdom of Saudi Arabia, Prince Sultan, Prince Turki, Prince Mohammed and Al Rajhi Banking & Investment Co. (the Rule 54(b) Motion). Only two parties, Al Rajhi Bank and Saudi American Bank, opposed plaintiffs' Rule 54(b) Motion.

Based on comments made during the September 27, 2005 conference before the Court, plaintiffs' counsel understood that Al Rajhi Bank would be willing to reconsider its position with respect to Rule 54(b) certification, provided that plaintiffs consented to the inclusion of other

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Richard Conway Casey
October 28, 2005
Page 2

banking defendants dismissed pursuant to Rule 12(b)(6) in that process. During the ensuing discussions with defense counsel, plaintiffs made clear that they were willing to consider any reasonable proposal regarding the extension of the 54(b) Motion to other defendants, in order to reach a consensus regarding Rule 54(b) certification. Unfortunately, Al Rajhi Bank subsequently advised plaintiffs that there existed no circumstance under which it would reconsider its position or withdraw its objection. As the objective of the discussions among the parties was to determine whether a compromise could be reached that would result in the withdrawal of the objections to the Rule 54(b) Motion, Al Rajhi Bank's position presented an impasse in the negotiations.

At this point, plaintiffs believe the only appropriate course is for the Court to decide the pending Motion for certification. For the reasons set forth in greater detail in Plaintiffs' Memorandum of Law and Reply Brief, the certification and *coordinated* appeal of those five dismissals will promote judicial efficiency, and represents the best course for advancing this complex litigation. Plaintiffs respectfully request that the Court schedule oral argument on the Rule 54(b) Motion for a date in the near future, to facilitate the Court's consideration of this important issue.

Finally, plaintiffs understand that several additional defendants now intend to file their own motions for entry of final judgments pursuant to Rule 54(b). To the extent any such defendant has not obtained dismissal from *all* of the pending actions, plaintiffs believe that any application by that defendant for entry of final judgment is inherently premature and improper.

**Defendants' Position Statement**

In its Order of January 18, 2005, the Court dismissed three defendants under the Foreign Sovereign Immunities Act (the Kingdom of Saudi Arabia, Prince Sultan, and Prince Turki); six defendants on personal jurisdiction grounds under Rule 12(b)(2) (Prince Mohamed, Sheikh Hamad al Husani, Abdulrahman bin Mahfouz, and Tariq, Omar and Bakr Binladen);[1] and five banking defendants on Rule 12(b)(6) grounds (Al Rajhi Bank, Saudi American Bank, Arab Bank, Al Baraka, and Saleh Abdullah Kamel). In its September 21, 2005 Order the Court dismissed three additional defendants on FSIA grounds (Prince Naif, Prince Salman, and the Saudi High Commission).

---

[1] The Court also dismissed Mohammad Abdullah Aljomaih on this ground. But Mr. Aljomaih, who is deceased, was subsequently dropped as a defendant by all the plaintiffs and is no longer at issue here.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Richard Conway Casey
October 28, 2005
Page 3

Following the Court's January 18 Order, the plaintiffs moved that Rule 54(b) final judgments be entered as to five of the dismissed defendants (the Kingdom of Saudi Arabia, Prince Sultan, Prince Turki, Prince Mohamed, and Al Rajhi Bank). The first four of those defendants supported the motion with respect to themselves. The remaining dismissed personal jurisdiction defendants submitted a letter indicating their belief that any Rule 54(b) dismissals should extend to them as well. Al Rajhi Bank and Saudi American Bank ("Samba") filed briefs in opposition to Plaintiffs Rule 54(b) motion as it related to Al Rajhi Bank. In addition, prior to Plaintiffs' motion, the defendants dismissed by the Court under Rule 12(b)(6) in its January 18 Order submitted a letter dated March 14, 2005 opposing any Rule 54(b) certification as to them.

The FSIA defendants and the personal jurisdiction defendants believe that Rule 54(b) final judgments are appropriate for all six dismissed FSIA defendants and all six dismissed 12(b)(2) defendants, and no defendant objects to this. Plaintiffs, however, have declined to negotiate over the issue of Rule 54(b) final judgments for any defendant unless one or more Rule 12(b)(6) defendants are also included. As explained below, no agreement has been possible on that point. Accordingly, the FSIA defendants and the personal jurisdiction defendants intend to move promptly for entry of Rule 54(b) final judgments with respect to themselves, and the parties have agreed on a briefing schedule for the resolution of those motions. The plaintiffs will have 20 days to respond to the motions, and the defendants will have 10 days to reply.

As communicated to plaintiffs during the course of the parties' recent negotiations on the Rule 54(b) issue, the banking defendants -- and *not* Al Rajhi Bank alone, as Plaintiffs misrepresent -- oppose any entry of Rule 54(b) final judgments as to any Rule 12(b)(6) dismissal at this time.[2] The banking defendants (including both those who have already been dismissed under Rule 12(b)(6) and those who have filed Rule 12(b)(6) motions that are *sub judice* or in process of briefing) submit that an immediate appeal as to only one -- or even a handful -- of the Rule 12(b)(6) defendants contravenes the longstanding federal policy against piecemeal appeals where the same or closely related issues and claims remain to be litigated by other defendants. *See, e.g., Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992). An immediate appeal of any Rule 12(b)(6) dismissal would deny those banking defendants whose Rule 12(b)(6) motions are either not yet fully briefed or not yet decided the opportunity to participate in an appeal that will directly impact their case. In the interest of fairness and judicial economy, the banking defendants submit that an appeal of the Rule 12(b)(6) dismissals should proceed only

---

[2] The banking defendants include: Al Baraka Investment & Development Corp., Dallah Al Baraka Group LLC, Al Rajhi Banking & Investment Corp., Arab Bank Plc, Banca Del Gottardo, DMI Administrative Services S.A., Dar Al Maal Al Islami Trust, Islamic Investment Company of the Gulf (Sharjah), Dubai Islamic Bank, Faisal Islamic Bank-Sudan, Saudi American Bank, and Schreiber & Zindel Treuhand Anstalt.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Richard Conway Casey
October 28, 2005
Page 4

once all similar or closely related judgments can be presented to the Second Circuit "in a unified package." *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980). This position is consistent with Al Rajhi Bank and Samba's briefs in opposition to plaintiffs' Rule 54(b) motion, which were filed on June 6, 2005. Like plaintiffs, the banking defendants request oral argument on this issue.

Yours sincerely,

Michael Kellogg