TWO PENN CENTER PLAZA • SUITE 1411
1500 JFK BOULEVARD
PHILADELPHIA, PA 19102
TEL. 215.569.4500 • FAX 215.569.8899

## LAW OFFICES OF
## JERRY S. GOLDMAN & ASSOCIATES, P.C.

A NEW YORK PROFESSIONAL CORPORATION DULY QUALIFIED TO TRANSACT
BUSINESS WITHIN THE COMMONWEALTH OF PENNSYLVANIA

111 BROADWAY • 13ᵀᴴ FLOOR
NEW YORK, NY 10006
TEL. 212.242.2232 • FAX. 212.346.4665

3109 STIRLING ROAD • SUITE 101
FORT LAUDERDALE FL 33312
TEL: 954.981 6533 • FAX: 954.989.8068

Reply To: New York

December 13, 2005

The Honorable Richard Conway Casey
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

> **USDC SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> **DOC #:** _____
> **DATE FILED:** 12 16 05

Re:     *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC)
        *Estate of John P. O'Neill Sr., et al., v. Al Baraka, et al.*, 04 CV 1923 RCC)
        Motion to Dismiss of Defendant CAIR - Request for Extension of Time

Dear Judge Casey:

The parties have agreed to modify the previously entered into briefing schedule, dated July 9, 2005, in the captioned matter: Plaintiffs shall serve their Opposition to the Defendants' Motion to Dismiss by Friday, December 23, 2005, and the Defendants shall serve their Reply, in accordance with the existing briefing schedule, within thirty (30) days from the receipt of the Plaintiffs' opposing papers. All other provisions of the July 9, 2005 briefing schedule shall remain in full force and effect.

Defendants' counsel has authorized this extension. Would you please endorse this letter for the record.

Sincerely

Jerry S. Goldman, Esq.
Law Offices of Jerry S. Goldman and Assoc., P.C.

RECEIVED

1 2005

RICHARD

cc: Law Firm of Omar T. Mohammed

**So Ordered this** 16 **day of December, 2005:**

**Hon. Richard Conway Casey**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/05

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE: TERRORIST ATTACKS ON )     **Civil Action No. 03 MDL 1570 (RCC)**
SEPTEMBER 11, 2001 )

This document relates to:

Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al., 02-CV-6977;
Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., 03-CV-5738;
Thomas E. Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al., 03-CV-9849;
Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al., 04-CV-7065;
Continental Casualty Co., et al. v. Al Qaeda, et al., 04-CV-5970;
Euro Brokers, Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al., 04-CV-7279;
Federal Ins. Co., et al. v. Al Qaida, et al., 03-CV-6978;
New York Marine and General Ins. Co. v. Al Qaida, et al., 04-CV-6105;
Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al., 04-CV-1923;
Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al., 04-CV-1922;
Pacific Employers Ins. Co., et al. v. Kingdom of Saudi Arabia, et al., 04-CV-7216;
Walter Tremsky, et al. v. Osama Bin Laden, et al., 02-CV-7300;
Vigilant Ins. Co., et al. v. Kingdom of Saudi Arabia, et al., 03-CV-8591;
World Trade Center Prop. LLC, et al. v. Al Baraka Inv. and Dev. Corp., et al., 04-CV-7280.

## ORDER

This matter is before the Court upon the motion of twelve of the defendants who had

cases against them dismissed by the Court's Orders of January 18, 2005, May 5, 2005, and

September 21, 2005. Upon consideration of this motion, the Court finds as follows:

1.    On January 18, 2005, the Court entered an Order dismissing cases against the

Kingdom of Saudi Arabia, HRH Crown Prince Sultan bin Abdulaziz Al-Saud, and HRH Prince

Turki Al-Faisal bin Abdulaziz Al-Saud as barred by sovereign immunity under the Foreign

Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 et seq. ("FSIA"). That Order also

dismissed the claims in Ashton v. Al Qaeda Islamic Army, 02-CV-6977, and Federal Insurance

Co. v. Al Qaida, 03-CV-6978, against HRH Prince Mohamed Al-Faisal Al-Saud and the claims

in Burnett v. Al Baraka Investment & Development Corp., 03-CV-9849, against Sheikh Hamad

Al-Husani, Abdulrahman bin Mahfouz, Tariq Binladen, Omar Binladen, and Bakr Binladen for lack of personal jurisdiction.

2.      On May 5, 2005, the Court entered an Order dismissing the remaining cases against the Kingdom of Saudi Arabia, HRH Crown Prince Sultan bin Abdulaziz Al-Saud, HRH Prince Turki Al-Faisal bin Abdulaziz Al-Saud, and HRH Prince Mohamed Al-Faisal Al-Saud, finding that "the allegations and evidence presented against these defendants in the cases still pending against them do not materially differ from the allegations and evidence presented in the cases already dismissed."

3.      On September 21, 2005, the Court entered an Order dismissing cases against HRH Prince Naif bin Abdulaziz Al-Saud, HRH Prince Salman bin Abdulaziz Al-Saud, and the Saudi High Commission as barred by sovereign immunity under the FSIA. That Order dismissed claims in Ashton v. Al Qaeda Islamic Army, 02-CV-6977; Burnett v. Al Baraka Investment & Development Corp., 03-CV-9849; and Federal Insurance Co. v. Al Qaida, 03-CV-6978. It also dismissed claims in Barrera v. Al Qaeda Islamic Army, 03-CV-7036, which had been consolidated with Ashton, and Salvo v. Al Qaeda Islamic Army, 03-CV-5071, which had been consolidated with Burnett.

4.      There is no just reason to delay the entry of a final judgment dismissing these twelve defendants pursuant to Federal Rule of Civil Procedure 54(b). As the Court stated in its January 18, 2005 Order, questions concerning immunity under the FSIA should be resolved at the outset of a case. Any delay in entering final judgment on these claims would effectively deprive the defendants of their immunity by forcing them to continue actively monitoring cases from which they have been properly dismissed to ensure that their interests are fully protected.

Delaying entry of final judgment with respect to the defendants dismissed for lack of personal jurisdiction would be unfair as well.  For more than three years, those defendants have borne the unique burdens of defending themselves in a foreign land and the obloquy of being listed among those responsible for a terrible crime.

Although some of the defendants still have additional cases pending against them, those cases do not differ materially from the cases already dismissed, and the Court would benefit from review by the Second Circuit Court of Appeals of its rulings to date.  Certification of these threshold jurisdictional rulings as to these twelve defendants in the cases in which they have been dismissed would substantially advance the progress of this suit and would not result in unnecessary appellate review, and it therefore would serve the interests of sound judicial administration.

**ACCORDINGLY, IT IS HEREBY ORDERED** this ⎯⎯ day of December ⎯⎯, 2005 that the Court's dismissals of the Kingdom of Saudi Arabia, HRH Crown Prince Sultan bin Abdulaziz Al-Saud, HRH Prince Turki Al-Faisal bin Abdulaziz Al-Saud, HRH Prince Naif bin Abdulaziz Al-Saud, HRH Prince Salman bin Abdulaziz Al-Saud, HRH Prince Mohamed Al-Faisal Al-Saud, the Saudi High Commission, Sheikh Hamad Al-Husani, Abdulrahman bin Mahfouz, Tariq Binladen, Omar Binladen, and Bakr Binladen in the Court's Orders of January 18, 2005, May 5, 2005, and September 21, 2005, are certified as final pursuant to Federal Rule of Civil Procedure 54(b).  The Clerk of the Court is directed to prepare and enter a final judgment.

Richard C. Casey
United States District Judge

December 16 , 2005