**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*          Federal Insurance Co. v. al Qaida
                                     03 CV 06978 (RCC)

**THE FEDERAL PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO STRIKE THE RENEWED MOTION TO DISMISS FILED BY SAAR NETWORK
DEFENDANTS AFRICAN MUSLIM AGENCY, GROVE CORPORATE, INC.,
HERITAGE EDUCATION TRUST, INTERNATIONAL INSTITUTE OF ISLAMIC
THOUGHT, MAR-JAC INVESTMENTS, INC., MENA CORPORATION, RESTON
INVESTMENTS, INC., SAFA TRUST, SANA-BELL, INC., STERLING CHARITABLE
GIFT FUND, STERLING MANAGEMENT GROUP, INC., AND YORK FOUNDATION**

The Federal plaintiffs herein move to strike the Motion to Dismiss filed by the above

referenced SAAR Network Defendants, on the grounds that it is procedurally improper and

untimely.

**I.     ARGUMENT**

In its Order of January 18, this Court denied without prejudice the SAAR Network

Defendants' Motion to Dismiss the Federal complaint, stating that "It may be renewed upon

completion of personal jurisdiction discovery." In re Terrorist Attacks of September 11, 2001,

349 F. Supp. 2d 765, 837 (S.D.N.Y. 2005).  Plaintiffs issued such discovery on April 20, 2005.

However, via letter dated May 11, 2005, the SAAR Defendants announced that they were

withdrawing their personal jurisdiction defense, did not intend to respond to the discovery, and

would be renewing their Motion to Dismiss on 12(b)(6) grounds. *See* Exhibit A, Steven K.

Barentzen letter of May 11, 2005.  Plaintiffs responded by explaining that the Court's Order

required the SAAR Defendants to complete this discovery before renewing their 12(b)(6)

Motion, and advising them that the jurisdictional discovery should be treated as merits discovery. *See* Exhibit B, Sean P. Carter letter of July 11, 2005.

To date, the SAAR Defendants have not provided any response to Plaintiffs' long outstanding discovery requests. Because the discovery specifically contemplated by the Court's January 18 Order has not been completed, the SAAR Defendants cannot renew their Motion to Dismiss on 12(b)(6) grounds. Any plain reading of this Court's Order makes it clear that any "right to renew" that Motion was conditional at best: *if* Defendants wanted to renew their Motion, which had been denied, *then* they had to participate in jurisdictional discovery. Because they have failed to do so, their Motion must be stricken from the record.

Moreover, to allow the SAAR Defendants to "renew" their Motion to Dismiss at this stage would render meaningless the procedural rules pertaining to the filing of Motions for Reconsideration, and open the floodgates for repetitious motion practice in these already complex proceedings. Since the Court denied the SAAR Defendants' Original Motion to Dismiss, there has been no discovery completed as to those defendants, and the record before the Court has not changed in any respect. Thus, the SAAR Defendants' Renewed Motion to Dismiss is in fact merely a Motion for Reconsideration of the Court's January 18, 2005 decision.

Because the SAAR Defendants in fact seek reconsideration through their Motion, it is both untimely and substantively defective. Pursuant to Local Rule 6.3:

> A notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10 ) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

"To be entitled to reargument and reconsideration the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying

motion." <u>Hamilton v. Garlock, Inc.</u>, 115 F. Supp. 2d 437, 438 (S.D.N.Y. 2000).  A motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." <u>In re Initial Pub. Offering Antitrust Litig.</u>, 2004 U.S. Dist. LEXIS 6248 at \*1 (S.D.N.Y. Apr. 13, 2004) (quoting <u>Yurman Design, Inc. v. Chaindom Enters.</u>, 2003 U.S. Dist. LEXIS 15064 at \*1 (S.D.N.Y. Aug. 29, 2003)).

In view of the foregoing standards, the SAAR Network Defendants' Motion should be stricken as untimely and procedurally improper.  To begin with, the time for moving for reconsideration expired nearly a year ago.  Moreover, the SAAR Network Defendants do not identify any facts or controlling decisions they feel the Court has overlooked, as required by the Local Rules and relevant decisions.  Thus, the Motion represents no more than an improper and untimely attempt to reargue issues already resolved by the Court.  The SAAR Defendants should not be permitted to circumvent the time periods prescribed by the Rules or substantive and procedural standards applicable to reconsideration motions simply by labeling their Motion for Reconsideration as a Motion to Dismiss.  Indeed, were the Court to allow defendants to renew motions to dismiss at will despite the absence of any change in the factual record (as the SAAR Defendants seek to do here), the briefing in this case would run on endlessly.

For all of the foregoing reasons, the Federal Plaintiffs respectfully request that the Court strike the SAAR Defendants' Renewed Motion to Dismiss and direct the SAAR Defendants to respond to Plaintiffs ' long outstanding discovery requests.

COZEN O'CONNOR

BY:    _____
ELLIOTT R. FELDMAN, ESQUIRE
SEAN P. CARTER, ESQUIRE
ADAM C. BONIN, ESQUIRE
1900 Market Street
Philadelphia, PA 19103

(215) 665-2000