# Confirmation Report - Memory Send

```
Page       : 001
Date & Time: Jul-11-05  04:50pm
Line 1     : 215-665-2013
Line 2     :
Machine ID : Cozen O'Connor - Philadelphia
```

| | | |
|---|---|---|
| Job number | : | 130 |
| Date | : | Jul-11 04:49pm |
| To | : | ☎956#117430#0#12022232085# |
| Number of pages | : | 003 |
| Start time | : | Jul-11 04:49pm |
| End time | : | Jul-11 04:50pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 130              *** SEND SUCCESSFUL ***



PHILADELPHIA ATLANTA CHARLOTTE CHERRY HILL CHICAGO DALLAS DENVER HOUSTON LAS VEGAS LONDON LOS ANGELES

COZEN O'CONNOR ATTORNEYS
A PROFESSIONAL CORPORATION

NEWARK NEW YORK SAN DIEGO SAN FRANCISCO SEATTLE TORONTO TRENTON WASHINGTON, DC WEST CONSHOHOCKEN WICHITA WILMINGTON

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

## FACSIMILE

| FROM: | Sean P. Carter | TIMEKEEPER NO.: | 956 |
|---|---|---|---|
| SENDER'S PHONE: | 215.665.2105 | SENDER'S FAX: | 215.701.2105 |
| # OF PAGES (INCLUDING COVER): | 3 | FILE NAME: | WORLD TRADE CENTER SEPTEMBER 11TH ATTACK |
| DATE: | July 11, 2005 | FILE #: | 117430 |

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Steven K. Barentzen, Esquire | 202-861-3890 | 202-223-2085 |

MESSAGE:

JUL 11 '05 P4:45

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL [215.665.2000] or [800.523.2900] IMMEDIATELY.
THIS TRANSMISSION IS ALSO BEING SENT VIA:
☑ Regular Mail
☐ Certified Mail
☐ Hand Delivery
☐ Overnight Mail
☐ Federal Express
☐ E-Mail

NOTICE
The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse you for postage. In addition, if this communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.

PACKAGED BY



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

# COZEN
## O'CONNOR
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

**Sean P. Carter**
Direct Phone   215.665.2105
Direct Fax     215.701.2105
scarter@cozen.com

July 11, 2005

**VIA FACSIMILE**
**VIA US MAIL**

Steven K. Barentzen, Esquire
DLA Piper Rudnick Gray Cary US LLP
1200 19th Street, NW
Washington, DC 20036-2412

      Re:    Federal Insurance Co., et al. v. al Qaida, et al.
               Our File No.: 117430

Dear Steven:

      I write in response to your May 11, 2005 letter, in which you advise that certain of your clients: (1) will no longer be contesting personal jurisdiction in these proceedings; (2) do not intend to respond to plaintiffs' jurisdictional discovery requests, on the grounds that they view those requests to be moot as a result of the abandonment of their personal jurisdiction defenses; and (3) would like to discuss a proposed briefing schedule for "renewed" motions to dismiss those clients intend to file.

      While we are happy that your clients now recognize that the personal jurisdiction defenses they raised in their motions to dismiss are meritless, we do not believe that the Court's January 18, 2005 decision can plausibly be read to permit your clients to file renewed motions to dismiss absent completion of all jurisdictional discovery contemplated by that decision. As you no doubt are aware, in denying your clients' motion to dismiss under 12(b)(6), the Court held as follows:

> The Court's analysis of the SAAR Network's arguments in favor
> of 12(b)(6) dismissal depends on a predicate finding of which
> entities are subject to this Court's personal jurisdiction and which
> entity – and under what circumstances – transfer monies to terror
> fronts. Accordingly, the SAAR Network's Motion to Dismiss is

Steven K. Barentzen, Esquire
July 11, 2005
Page 2

---

               denied without prejudice.  It may be renewed ***upon completion*** of
               personal jurisdiction discovery.

      The plain language of the Court's decision makes clear that your clients have no right to file renewed Motions to Dismiss under 12(b)(6) absent the completion of jurisdictional discovery.  As your clients have indicated that they are withdrawing their personal jurisdiction defenses and do not intend to engage in jurisdictional discovery, they simply have no right to file renewed motions to dismiss under Rule 12(b)(6), and the claims against your clients must necessarily now proceed to merits discovery.

      In view of the foregoing, I write to advise you that you may treat the jurisdictional discovery previously served upon your clients as merits discovery.  Because that discovery was served many months ago, we would ask that you provide responses within thirty (30) days of the date of this letter.  To the extent that you anticipate the production of voluminous documentation in response to plaintiffs' discovery requests, our clients may be willing to consent to production of responsive materials on a rolling basis, within a reasonable time frame.  However, in the event that we do not receive responses to our outstanding discovery requests within thirty (30) days, and have not reached an alternative agreement regarding the production of responsive materials, we will proceed to file a motion to compel.

      In the event that you have any questions, do not hesitate to contact me.

                                      Very truly yours,

                                      COZEN O'CONNOR

                                      BY:    SEAN P. CARTER

SPC/bdw
cc:     Stephen A. Cozen, Esquire
        Elliott R. Feldman, Esquire
        J. Scott Tarbutton, Esquire
        Adam Bonin, Esquire