## EXHIBIT 1: TIME LINE TAHA JABIR AL' ALWANI

1935                                            On information and belief Taha Jabir Al'Alwani was born in Iraq. Goldman Declaration ("Goldman") ¶ 64; Exhibits A, B, C, and D.

1959                                            On information and belief Taha Jabir Al'Alwani graduated with Honors Degree from the College of Shariah and Law at Al Azhar and Law at Al Azhar University in Cairo. Goldman ¶ 64; Exhibits A, B, C, and D.

1963-1969                                    On information and belief Taha Jabir Al'Alwani was a lecturer of Islamic Studies, On information and belief Taha Jabir Al'Alwani Military Academy, Baghdad, Iraq. Goldman ¶ 64; Exhibit B.

1965-1966                                    On information and belief Taha Jabir Al'Alwani was a lecturer for Islamic College, Baghdad, Iraq. Goldman ¶ 64; Exhibit B.

1968                                            On information and belief Taha Jabir Al'Alwani earns a Masters Degree from the College of Shariah and Law at Al Azhar and Law at Al Azhar University in Cairo. Goldman ¶ 64; Exhibits A, B, C, and D.

1973                                            On information and belief Taha Jabir Al'Alwani earns a Doctorate Degree in Usul al Fiqh from the College of Shariah and Law at Al Azhar and Law at Al Azhar University in Cairo. Goldman ¶ 64; Exhibits A, B, C, and D.

1975                                            On information and belief Taha Jabir Al'Alwani served as Legal Adviser, Interior Ministry & Lecturer in the Inst. Of Officers of Security, Riyadh, Saudi Arabia. Goldman ¶ 64; Exhibit B.

| | |
|---|---|
| 1975-1985 | On information and belief Taha Jabir Al'Alwani was a Professor of Fiq and Usul al Fiqh at Imam Muhammad b. Sa'ud University in Riyadh.   Goldman ¶ 64; Exhibits A, B, C, and D. |
| 1981-1986 | On information and belief Taha Jabir Al'Alwani was a founding member of International Institute of Islamic Thought in the United States.   Goldman ¶ 64; Exhibits A, B, C, and D. |
| 1986-1996 | On information and belief Taha Jabir Al'Alwani was President of the International Institute of Islamic Thought, Herndon.   Goldman ¶ 64; Exhibits A, B, and C. |
| 1988 | On information and belief Taha Jabir Al'Alwani became President of the Fiqh Counsel of North America.   Goldman ¶ 64; Exhibits A and C. |
| 1996 | On information and belief Taha Jabir Al'Alwani was founding President of the Graduate School of Islamic and Social Sciences, Leesburg, Va.   Goldman ¶ 64; Exhibits B and D. |
| | On information and belief Taha Jabir Al'Alwani was a Founding member of Muslim World League in Makkah. Goldman ¶ 64; Exhibits A and C. |
| | Additionally, on information and belief Taha Jabir Al'Alwani has been an advisor in Islamic Studies, UNESCO, Adviser, ESESCO, Rabat. Member: Islamic World League, Saudi Arabia; Fiqh Council of Europe; Royal Academy for Islamic Civilization, Jordan; International Fiqh Assembly, Saudi Arabia; Islamic and National Conference, Lebanon; World Forum for Proximity of Islamic Schools of Thought; Member of the Board of Advisors at Al-Hewar Center; Center for Studying |

2

| | |
|---|---|
| | Islam and Democracy.    Goldman ¶ 64; Exhibit B. |
| September 11, 2001 | Murder of over 3,000 individuals at the World Trade Center in New York City, Shanksville, Pennsylvania, and at the Pentagon, in Arlington, Virginia. |
| March 2002 | FBI raids SAAR, SAFA, Taha Al Alwani, etc. offices in and around Herndon, Virginia.   Investigation is reported in the media.  See, e.g., Goldman ¶ 67, Exhibits G1-4; Declaration of Joshua Ambush ("Ambush") ¶¶ 8-10. |
| August 15, 2002 | Complaint filed in *Burnett*, in DC (02-CV-1616), naming Taha Al Alwani as a defendant.  (*Burnett* Docket #1). |
| September 4, 2002 | Complaint filed in *Ashton* (02-CV-6977) naming Taha Al Alwani as a Defendant. (*Ashton* Docket #1). |
| August 20, 2003 | *Estate of John P. O'Neill Sr. et al., v. Republic of Iraq, et al.*, ("Iraq" or "O'Neill Complaint" or "O'Neill") Filed USDC – District of Columbia, 03-1766.  *See*, SDNY 03-MDL-1570[1] Docket # 18.  Ambush ¶¶ 3-9. |
| September 9, 2003 | 20 days subsequent to the filing of the RICO pleading – the due date of the RICO Statement in *Iraq* had it been pending before the Hon. Richard Conway Casey's, according to his Individual Rules; case is still pending before the District Court in the District of Columbia. Ambush ¶19. |
| September 10, 2003 | *Federal* files complaint naming Taha Jabir Al'Alwani as a defendant.  (03-CV-6978). |
| October, 2003 | United States Attorneys Office unseals a redacted version of the search warrant of |

[1] All references to docket are to the 03-MDL-1570 (RCC) docket, *In re Terrorist Attacks of September 11, 2001*, unless otherwise indicated.

|  | Dr. Alwani's house and other locals relative to the SAAR Group. See, Goldman ¶ 67, Exhibits G-1-4. |
|---|---|
| December 10, 2003 | First MDL Order re: Consolidation (but does not list *O'Neill*) (order dated December 9, 2003) (Docket # 1). |
| December 17, 2003 | Defendant served by personal service by *Federal*. (03-CV-6978). (*Federal* Docket # 39 – Affidavit of service). |
| January 6, 2004 | First Transfer In Documents to the SDNY (but does not include *O'Neill*) (Dockets # 3, 4). |
| January 28, 2004 | John Joseph Walsh, Esquire, of Carter, Ledyard and Milburn, enters an appearance on behalf of the Defendant in the multidistrict litigation, 03 MDL 1570 (RCC). (Docket # 7). |
| March 1, 2004 | Initial Hearing on the MDL before Hon. Richard Conway Casey. |
| March 10, 2004 | CMO 1 (Docket # 16) (does not reference *O'Neill*). |
| March 10, 2004 | The *O'Neill* companion case of *Estate of John P. O'Neill, Sr., v. Kingdom of Saudi Arabia, et al.*, filed by Joshua Ambush, Esquire and Jerry S. Goldman, Esquire, at the US District Court for the Southern District of New York, 04- CV -1922 (RCC) ("KSA" or "O'Neill-Kingdom") and made part of *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC). Goldman ¶ 4. |
| March 10, 2004 | The O'Neill companion case of *Estate of John P. O'Neill, Sr., et al., v. Al Baraka Invest. and Develop. Corp., et al.,* filed by Joshua Ambush, Esquire and Jerry S. Goldman, Esquire, at the US District Court for the Southern District of New York, 04-CV-1923 (RCC) ("Al Baraka" or "O'Neill |

|                |                                                                                                                                                                                                      |
|----------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                | Al Baraka") and made part of *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC).  Goldman ¶ 4.                                                                                        |
| March 11, 2004 | *Iraq* case transferred in to the SDNY (Docket # 18) (the transfer order was dated January 9, 2004).  Ambush ¶ 18.                                                                                    |
| March 16, 2004 | Memo Endorsement for Nancy Luque, Steven A. Maddox, Michael D. McNeely and Donna Steinbach to appear pro hac vice for Taha Jabir Al'Alwani in the *Federal* case (03-CV-6978).  Docket No. 30.        |
| March 30, 2004 | Initial Service List, comprised by Peter J. Kahn, Esquire per CMO #1 instruction, filed (Docket #89) - Neither Goldman, Ambush nor any of the *O'Neill* cases are listed.                             |
| April 5, 2004  | Court Orders (Docket # 91) to develop CMO 2, regarding *Iraq* and other cases, but not including *Al Baraka* or *Kingdom of Saudi Arabia.*                                                            |
| May 10, 2004   | Executed Waiver of Service of Summons, in *Federal*, filed with the court which was executed on April 13, 2004 by Donna M. Sheinbach, Esquire on behalf of Taha Al'Alwani. (Docket # 133).            |
| May 10, 2004   | Defendant filed Motion to Dismiss *Federal's* First Amended Complaint (Docket #142).                                                                                                                 |
| May 12, 2004   | Court Conference – Oral Argument on certain issues.                                                                                                                                                   |
| May 25, 2004   | Court Conference on CMO.                                                                                                                                                                              |
| June 4, 2004   | By way of a letter to the Court dated June 4, 2004, Jerry S. Goldman advised the Court that he is not receiving court notices despite the fact that he is local counsel in *Saudi Arabia* and *Al Baraka.*  Goldman FN |

1.

| | |
|---|---|
| June 16, 2004 | CMO 2 is docketed. (Docket # 247). |
| June 16, 2004 | CMO 3 is docketed. (Docket #248). |
| July 9, 2004 | *Federal* filed Response in Opposition to the Defendant's Motion to Dismiss. (Docket #290). |
| July 16, 2004 | RICO Statement regarding Taha Jabir Al'Alwani filed by *Federal*. (Docket #306). |
| July 20, 2004 | Jerry S. Goldman appeared at a status conference on behalf of *O'Neill Al Baraka* and *KSA* cases. Goldman FN 1; see transcript. |
| July 23, 2004 | Defendant filed Reply in support of their motion to dismiss in *Federal*. (Docket #336). |
| August 2, 2004 | Defendant filed a Motion to Strike Portions of *Federal's* response in Opposition to Defendant's Motion to Dismiss. (Docket #382). |
| August 16, 2004 | *Federal* filed Response to Defendant's Motion to Strike. (Docket #382). |
| September 8, 2004 | Defendant filed Reply in Support of their Motion to Strike. (Docket #423). |
| September 10, 2004 | *Eurobrokers* (04-CV-7279) filed Complaint in the SDNY naming Taha Jabir Al'Alwani as a defendant. |
| September 10, 2004 | *World Trade Center Properties* (04-CV-7280) filed complaint in the SDNY naming Taha Jabir Al'Alwani as a defendant. |
| September 10, 2004 | *New York Marine* (04-CV-7280) filed complaint in SDNY naming Taha Al'Alwani as a defendant. |

| | |
|---|---|
| September 13, 2004 | Jerry S. Goldman, Esquire appeared at a status conference on behalf of *O'Neill KSA* and *Al Baraka* cases.  Goldman FN 1; see transcripts. |
| September 22, 2004 | Notice of appearance of Jerry S. Goldman, Esquire in *Iraq*. |
| September 28, 2004 | First Amended Complaint (FAC) filed in *Iraq*, 04-CV-1076.  (Docket # 464). |
| October 14, 2004 | Letter to Defense Counsel for Dr. Taha Jabir Al-Alwani Requesting Acceptance of Service.  MacNeill Declaration in Opposition to the Rule 11 Motion of Taha Jabir Al' Alwani ("MacNeill") ¶¶ 3; Exhibit 1.  Goldman ¶ 9. |
| October 14, 2004 | New York Marine served the Defendant via "nail and mail" in Virginia. |
| October 25, 2004 | Letter from defense counsel refusing to accept service and advising that they are "quite certain" that the person we are looking to serve is not their client; rather, a different individual who quite possibly is the Mayor of Fallujah.  MacNeill ¶ 4, Exhibit 2; see Goldman ¶ 10. |
| December 30, 2004 | Second Amended Complaint (SAC) Filed in *Iraq*. (Docket # 619). |
| December 30, 2004 | Second Amended Complaint (*Al Baraka SAC*) Filed in *Al Baraka*. (Docket #620). |
| January 5, 2005 | NY Marine filed Affidavit of Service on Taha Jabir Al'Alwani on October 14, 2005. (*NY Marine* Docket # 27). |
| February 1, 2005 | Waiver of service under Rule 4 tendered to Defendant in Virginia.  MacNeill, ¶ 5, Exhibit 3. |
| February 25, 2005 | RICO Statement filed regarding Defendant by *Eurobrokers* (04-CV-7279(RCC)) |

|  | (Docket # 699). |
|---|---|
| February 25, 2005 | RICO Statement filed regarding Defendant by *World Trade Center Properties* (04-CV-7280(RCC)) (Docket # 702). |
| March 4, 2005 | RICO Statement filed regarding the Defendant by *NY Marine*. (04-CV-6105) (*NY Marine* Docket # 46.) |
| March 7, 2005 | Defendant entered into a stipulation and order setting forth a briefing schedule with *New York Marine and General Insurance Company* (04-CV-7280) including a provision permitting the filing of a RICO statement. (Docket # 715). |
| March 24, 2005 | Defendant entered into a stipulation and order setting forth a briefing schedule with *New York Marine and General Insurance Company* (04-CV-7280(RCC)).  Docket # 773. |
| April 1, 2005 | Defendant entered into a stipulation and order setting forth a briefing schedule with *New York Marine and General Insurance Company* (04-CV-7280 (RCC)).  Docket #788. |
| April 11, 2005 | Defendant entered into a stipulation with *Federal* regarding a schedule for filing responses to the complaint after decisions are made by the court relating to the pending Motions to Dismiss. (Docket #811). |
| June 7, 2005 | Third Amended Complaint (TAC) Filed in *Iraq* (docket 983). |
| July 18, 2005 | Peter Kahn, Esquire, by way of a letter addressed to the Court dated July 18, 2005, in response and on behalf solely of his client, to a letter submitted by Sean Carter, Esquire, dated July 15, 2005, on behalf of all of the Plaintiffs, seeking an extension of the then July 31, 2005 amendment as of |

|  |  |
|---|---|
|  | right deadline, raised the issue of RICO Statement applicability to other defendants apparently for the first time. Goldman FN 5. |
| July 19, 2005 | Letter to Court from Jerry S. Goldman in response to Kahn letter of July 18, 2005 re RICO. Goldman FN 5. |
| July 29, 2005 at 9:26 A.M. | Defendant Taha Jabir Al-Alwani is personally served with O'Neill Summons and Complaint in Virginia (see 8/24/05, Docket 1145, affidavit of service is docketed). See, Ambush ¶ 17. Goldman FN 5. |
| August 8, 2005 | Letter to Court by Kahn re: RICO. |
| August 9, 2005 | Letter to Court by Goldman re: RICO in response to August 8, 2005 letter. Goldman FN 4-5. |
| August 10, 2005 | Telephone call from Steven Barentzen, Esquire seeking stipulation to Jerry S. Goldman, Esquire. Goldman advises that they will tender a proposed draft the next day. Goldman ¶ 16. |
| August 11, 2005 (10:59 AM) | Gina MacNeill, Esquire tenders proposed stipulation to Steven Barentzen via email, inquiring if it is acceptable. Stipulation provides for RICO Statement within 30 days of Court approval; 45 days thereafter to file motion; 45 days thereafter for response; 15 days thereafter for reply; waiver of service argument. (MacNeill ¶ 7; Exhibit 4 ; Goldman ¶ 17) |
| August 11, 2005 (2:50 PM) | Email from Steven Barentzen to Gina MacNeill demanding the removal of the two provisions sought by the Plaintiffs; otherwise he will write to Judge Casey. (MacNeill ¶ 8; Exhibit 5; Goldman ¶18) |
| August 11, 2005 (4:45 PM) | Email from Jerry S. Goldman to Steven Barentzen indicating that if that if the |

options were either agreeing to all of the Defendant's demands and removing all of the Plaintiffs' requests _or_ have Defendant contact the Court, as set forth in the Defendant's Email the Defendant should contact the Court (MacNeill ¶ 9; Exhibit; 6; Goldman ¶19), .

August 12, 2005          Letter from Steven Barentzen to the Court addressing his demand relative to RICO Statements, but _not_ addressing the time to respond.   (MacNeill ¶ 10; Exhibit 7; Goldman ¶ 20)

August 15, 2005          Goldman responds to the Court regarding RICO. Goldman.

August 18, 2005          Defendant's responds to complaint is due (20 days from the date of service). Fed. R. Civ. Proc. 12(a)(1)(A).

August 22, 2005          Court order re: RICO Statements (Docket # 1144) (MacNeill ¶ 11; Exhibit 8 Goldman ¶ 21). (p.3, refers to this as August 23, 2005)

August 23, 2005 (7:06 PM)     Steven Barentzen e-mail to Jerry S. Goldman, deleting both of Plaintiffs' requests- the RICO Statement provision and the waiver of service argument provision.   (MacNeill ¶ 12; Exhibit 9; Goldman ¶ 22).

August 24, 2005 (8:55 AM)     Email of Jerry S. Goldman to Steven Barentzen advising that while _O'Neill_ may be late under the RICO provision, the Defendant is late under Fed R. Civ. Proc. 12. (MacNeill ¶ 13; Exhibit 10; Goldman ¶ 23).

August 24, 2005 (9:15 AM)     Email of Steven Barentzen to Jerry S. Goldman, that their position is that Plaintiffs can not file at RICO Statement and that they will "oppose any RICO Statement you submit."   They further refuse any discussion on the Plaintiffs' waiver of service request. MacNeill ¶ 14;

|                              | Exhibit 11; Goldman ¶ 24. |
|------------------------------|---------------------------|
| August 24, 2005 (9:15 AM) | Email response of Jerry S. Goldman to Steven Barentzen - In light of the Defendant's position that they will oppose an out of time RICO Statement, as set forth in the previous email from the Defendant, Plaintiffs will oppose an answer as 'being filed out of time. Goldman further inquires as a good faith basis for the service argument which Defendant has steadfastly refused to waive. MacNeill ¶ 15; Exhibit 11; Goldman ¶ 24-5. |
| August 24, 2005 | Telephone conversation between Steven Barentzen and Jerry S. Goldman. Goldman ¶ 26. |
| August 24, 2005 (10:13 AM) | Email from Steven Barentzen to Goldman following up on the telephone conversation, claiming that a default is frivolous and indicative of the Plaintiffs lack of good faith, and that should Plaintiff "make any motion or take any action to hold Mr. (sic) Al-Alwani (sic) in default, we will not only vehemently oppose your application but seek Rule 11 sanctions as well.

After indicating that '[t]here is no need to play games here' he requests that Plaintiffs let him know "whether you will agree to the draft stipulation I sent you last night, and if not why." (MacNeill ¶ 16; Exhibit 11; Goldman ¶ 27). |
| August 24, 2005 | Affidavit of Service regarding personal service upon Dr. Taha Jabir Al-Alwani on July 29, 2005, filed (MacNeill ¶ 17; Exhibit 12; Docket # 1145). |
| August 25, 2005 | Voicemail message left by Steven Barentzen on Jerry S. Goldman's telephone system regarding a stipulation. Goldman ¶ 29. |

| | |
|---|---|
| August 25, 2005 (11:11 AM) | Email from Steven Barentzen to Jerry S. Goldman following up on voice mail, indicating that the lack of a return call within the same morning was indicative of the Plaintiffs' failing to respond or negotiate.  Defendant's counsel indicates that they intend to unilaterally submit the stipulation to the Court for approval and offering to submit the Plaintiffs' response simultaneously. (MacNeill ¶ 18; Exhibit 13; Goldman ¶ 29). |
| August 25, 2005 (12:28) | Email response of Jerry S. Goldman to Steven Barentzen, advising that he was in meetings during the morning. |
| | Goldman advises that Plaintiffs' understanding of negotiations is 'one of give an take' and highlights that there were two issues which the Plaintiffs insisted upon – the service issue and the RICO issue and the issue of the Defendants- an extension of a time to respond. |
| | Plaintiffs "[i]n the spirit of maintaining our cordial and collegial professional relationship, by pursuing bona fide and good faith negotiations" indicated their willingness to waive the defendant's 'unequivocal, unexplained, unwarranted, and unsanctioned default' <u>and</u> withdraw the demand of a waiver 'relative to the issue of service that particularly troubled you' {defendant} in exchange for a concession on the RICO issue. |
| | If this could not be worked out, Plaintiffs requested a copy of Defendant's proposed transmittal to the Court and requested 24 hours to put together a response. MacNeill ¶ 19; Exhibit 14; Goldman ¶ 30. |
| August 25, 2005 (1:52 PM) | Email from Steven Barentzen to Jerry S. Goldman.  After acknowledging the Plaintiffs' concession on the service issue, Defendant's counsel set forth their recollection and interpretation of the |

historical record.

After calling Plaintiffs' RICO Statement request 'unreasonable', and denying that they were not untimely in filing a responsive pleading, they accused Plaintiffs of engaging conduct that was 'at best' 'a thinly veiled effort to exert improper leverage… to obtain back door relief from the Court's Order.   At worst, it is tantamount to extortion.'

Defendant's counsel declined to send a draft of their proposed letter to the Court so that Plaintiffs' counsel could properly prepare. MacNeill ¶ 20; Exhibit 14; Goldman ¶ 31.

| | |
|---|---|
| August 25, 2005 (7:23 PM) | Email from Steven Barentzen to Jerry S. Goldman proffering draft of letter being sent by the close of business August 26, 2005. MacNeill ¶ 21; Exhibit 15; Goldman ¶ 32. |
| August 26, 2005 (1:39 PM) | Email from Jerry S. Goldman to Steven Barentzen "In response to a communication to the Executive Committee, we will not be tendering a response to your letter application to the court.  Rather, we are simply tendering the following directly to the Court".  MacNeill ¶ 22; Exhibit 16; Goldman ¶ 33. |
| | A copy of the proposed August 26, 2005 letter of Goldman to the Hon. Richard Conway Casey was attached.  (MacNeill ¶ 25; Exhibit 17). |
| August 26, 2005 (1:50 PM) | Steven Barentzen responsive email to Jerry S. Goldman "Are you agreeing to sign our stipulation?"   MacNeill ¶ 23; Exhibit 16; Goldman ¶ 34. |
| August 26, 2005 (2:12 PM) | Email from Jerry S. Goldman to Steven Barentzen, declining to sign that stipulation and again proposing a compromise position.   Plaintiffs' counsel provide |

additional factual material relative to the particular facts and circumstances of the *O'Neill Iraq* litigation, namely that it could *not* have complied with Judge Casey's individual rules relative to RICO Statements as the case was pending for 7 months in the District of Columbia before a different judge.

Plaintiffs' counsel advised that they had been accommodating, by offering an extension of time and removing the service request, in exchange for a concession relative to RICO.

Plaintiffs suggested that the Defendant that they 'carefully examine' their position and 'come to the realization that this is more than reasonable (sic) resolution to a dispute that need not take up the Court's valuable time. MacNeill ¶ 24; Exhibit 18; Goldman ¶ 35.

|  |  |
|---|---|
| August 26, 2005 | Defendant submits it letter to the Court complaining of the Plaintiffs' position. (MacNeill ¶ 25; Exhibit 17; Goldman ¶ 36). |
| August 26, 2005 | Plaintiffs' letter to the Court indicates that counsel "will not respond to the recent letters on the O'Neill cases, relative to scheduling, supplemental submissions and the like, unless the Court desires us to respond. MacNeill Exhibit 17; Goldman ¶37 |
|  | The Court declined to force the Plaintiffs to accept the Defendant's unilateral demands as set forth in the letter of counsel dated August 26, 2005.  Docket ____; Goldman ¶38. |
| August 26, 2005 | More Definite Statement- Additional Allegations under CMO 2, Para. 13 ("MDS" or "August MDS") regarding Dr. Taha Jabir Al-Alwani filed by Plaintiffs |

|  | (Docket 1157); Goldman ¶39. |
|---|---|
| August 26, 2005 | RICO Statement regarding Dr. Taha Jabir Al-Alwani filed by Plaintiffs (Docket 1158). Goldman ¶ 40. |
| August 29,2005 | The potential due date of the RICO Statement under CMO 2, ¶ 14, had it applied to all Plaintiffs and not just *Federal*- within 30 days of a specific entry of appearance as filed. Goldman Declaration FN 6. |
| September 2, 2005 | Letter by Barentzen to Jerry S. Goldman threatening Rule 11 sanctions. (MacNeill ¶ 26; Exhibit 19; Goldman ¶ 41.). |
| September 21, 2005 | Judge Casey grants Taha Al-Alwani's motion to dismiss in the *Federal* case (03-CV-6978). (Docket # 1256). |
| September 27, 2005 | Status Conference – US Dist. Ct. SDNY |
| September 30, 2005 | More Definite Statement-Additional Allegations regarding Dr. Taha Jabir Al-Alwani filed (superseding Docket # 1157 filed 8/26/05) (Docket # 1360) ("September MDS"). Substantively, they mirror the allegations of the August, MDS. Goldman ¶ 49. |
| September 30, 2005 | First Consolidated Complaint regarding Dr. Taha Jabir Al-Alwani served and filed. The allegations of Docket #1157 are included as Exhibit G. Goldman ¶ 50. |
| September 30, 2005 | Mr. Goldman sends a letter to Mr. Barentzen discussing the withdrawl of the RICO statement with leave to re-file and supplying legal support for the position. Mac Neill ¶ 27, Exhibit 21. |
| October 12, 2005 | E-mail from Barentzen with a proposed draft briefing stipulation with a provision regarding a Rule 11 motion. (MacNeill ¶ |

|                   |                                                                                                                                                                                                                                                                                    |
|-------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                   | 27; Exhibit 20; Goldman ¶ 48).                                                                                                                                                                                                                                                       |
| October 28, 2005  | Motion to Dismiss filed by Defendant in *New York Marine, Burnett, Continental Casualty, Eurobrokers, and World Trade Center Properties* cases, Docket Nos. 1450, 1453. No Rule 11 filed. Goldman ¶ 51.                                                                               |
| November 4, 2005  | Motion to Dismiss *Iraq* complaint under 12(b)(6) filed by Defendant (Docket #1468), with Memorandum (Docket #1469) of Law and Declaration of S Barentzen (Docket #1470). Goldman ¶ 52.                                                                                               |
| November 11, 2005 | Defendant served but not filed Motion for Rule 11 Sanctions. Goldman ¶ 58.                                                                                                                                                                                                           |
| November 18, 2005 | Plaintiffs filed Opposition to Motion to Dismiss (Docket #1468), along with Declarations of Ambush (Docket #1492), MacNeill (Docket #1493) and Goldman (Docket #1494)[2] Goldman ¶ 53.                                                                                                |
| November 18, 2005 | Cross Motion filed by Plaintiffs (Docket #1495), along with Memorandum of Law (Docket #1496) and Declarations (Ambush- (Docket #1497); MacNeill – (Docket #1498) and Goldman (Docket #1499).[3] Among the relief sought was the withdraw then RICO Statement and withdraw allegations via an amended complaint. Goldman ¶ 54, 59. |
| November 30, 2005 | Plaintiffs inquire of Defendant's counsel if Rule 11 is still pursued or otherwise modified in light of the Cross-Motion. Goldman ¶ 60.                                                                                                                                               |

---

[2] The declarations were re-filed on December 1, 2005, as the copies of the scanned declarations did not bear the signatures (MacNeill, Docket #1517; Goldman Docket #1518).

[3] The declarations were re-filed on December 1, 2005, as the copies of the scanned declarations did not bear the signatures (MacNeill, Docket #1519; Goldman Docket #1520).

| | |
|---|---|
| November 30, 2005 | Defendant's counsel responds that they will file the Rule 11 motion, as tendered, on December 2, 2005. Goldman ¶ 61. |
| December 1, 2005 | Defendant's Reply to Plaintiffs' Opposition to Motion to Dismiss filed (Docket #1530),[4] and served electronically. Goldman ¶ 55. |
| December 1, 2005 | Defendant's Response to Plaintiffs' Cross Motion filed (docket 1531),[5] along with Declarations of Steven Barentzen in Support of Response to Motion to Strike (Docket #1525), and served electronically. Goldman ¶ 56. |
| December 2, 2005 | Defendant's Rule 11 Motion filed (Docket #1526) with Memorandum of Law (Docket #1527) and Declaration of Steven Barentzen (Docket #1528), and served electronically.  Goldman ¶ 62. |
| December 9, 2005 | Plaintiffs Reply Memorandum of Law in Support of Cross Motion filed (Docket #1544) and served electronically.  Goldman ¶ 57. |
| December 19, 2005 | Plaintiffs Respond to Rule 11 Motion, |

X:\Clients\ONeill v. Saudi arabia\Motions\Rule 11\Taha\Final Plaintiffs Documents\Goldman Declaration-Final\Exhibit 1\TimeLine for Rule 11 Exhibit 1FINAL.doc

---

[4] While this was filed on December 5, 2005, we understand that Defendant attempted, unsuccessfully, to properly file and have it on December 1, 2005, and do not object to its late filing.

[5] While this was filed on December 5, 2005, we understand that Defendant attempted, unsuccessfully, to properly file and have it on December 1, 2005, and do not object to its late filing.