**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                    )
In Re TERRORIST ATTACKS on          )   03 MDL 1570 (RCC)
SEPTEMBER 11, 2001                  )   ECF Case
_____)

*This document relates to:*
  *Estate of O'Neill, et al. v. Republic of Iraq, et al.*, 04-CV-1076 (RCC)

**Declaration of Gina MacNeill, Esquire Relating to Taha Al Alwani**

GINA M. MAC NEILL, on this 19th day of December, 2005, hereby declares pursuant to 28 United States Code Section 1746, and under penalties of perjury, that the foregoing is true and correct:

1. I am an attorney at law, licensed to practice law in the Commonwealth of Pennsylvania, the State of New Jersey, and admitted to practice in the United States District Court for the Southern District of New York.

2. I, along with Jerry S. Goldman, Esquire and others, am attorney of record in the instant matter.

3. On October 14, 2004, a letter was sent to Nancy Luque, Esquire, of Gray Cary, attorney of record for Taha Al Alwani a/k/a Dr. Taha Jabir Al Alwani ("Taha Al Alwani") in the multi-district litigation 03 MDL 1570 (RCC). A true and accurate copy of such letter is attached as Exhibit 1.

4. On October 25, 2004, a letter from Jay D. Hanson, Esquire, from Gray Cary, was received by our office  A true and accurate copy of the letter is attached as Exhibit 2.

5. On February 2, 2005, I sent out a service package to Mr. Taha Al Alwani, at 1105 Safa Street, Herndon, VA 20170, via Federal Express, tracking #8507 5919 9999,

1

requesting a waiver of service of summons and which included:

   a. One (1) Notice of Lawsuit and Request for Waiver of Service of Summons ("Notice");

   b. Two (2) copies of a Waiver of Service of Summons ("Waiver");

   c. Two (2) copies of the Original Complaint;

   d. Two (2) Copies of the First Amended Complaint;

   e. Two (2) Copies of the Second Amended Complaint; and

   f. A Federal Express Return Envelope. A true and accurate copy of the transmittal letter is attached as Exhibit 3.

6. I did not receive a response from Mr. Taha Al Alwani, or his counsel who was named as attorney of record in the multi-district litigation, 03 MDL 1570(RCC).

7. On August 11, 2005, I tendered a proposed stipulation via e-mail to Steven Barentzen. A true and accurate copy of the email is attached as Exhibit 4. (The authenticity of this document was admitted by Defendant in Barentzen Declaration in Support of the Defendant's Opposition to Plaintiffs' Cross-Motion ("Barentzen Declaration"), Exhibit B.)

8. On August 11, 2005, Mr. Barentzen responded to the proposed stipulation by ay of an e-mail. A true and accurate copy of the email is attached as Exhibit 5. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit C.)

9. In response, on August 11, 2005, Jerry S. Goldman, Esquire sent an e-mail to Mr.

Barentzen. A true and accurate copy of the email is attached as Exhibit 6. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit D.)

10. On August 12, 2005 Mr. Barentzen sent a letter to the Court addressing his demand that RICO Statements were inappropriate under CMO 2, Para. 14, *not* addressing the time to respond. A true and accurate copy of the email is attached as Exhibit 7. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit E.)

11. On August 22, 2005, the Court issued an Order regarding the RICO statements denying Mr. Goldman's request to amend paragraph 14 on CMO #2. A true and accurate copy of the Order is attached as Exhibit 8, page 3. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit F.)

12. On August 23, 2005 Steven Barentzen sent an email, time stamped 7:06 p.m., revised stipulation to Jerry S. Goldman. A true and accurate copy of the email is attached as Exhibit 9. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit G).

13. On August 24, 2005, an e-mail was sent, time stamped 8:55 a.m., by Jerry S. Goldman to Steven Barentzen. A true and accurate copy of the email is attached as Exhibit 10. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit H).

14. On August 24, 2005, Mr. Barentzen responds to Mr. Goldman's e-mail by way of an e-mail time stamped at 9:15 a.m. A true and accurate copy of the email is attached as

Exhibit 11. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit I).

15. On August 24, 2005, Mr. Goldman e-mails a response to Mr. Barentzen stimestamped at 9:15 a.m. A true and accurate copy of the email is attached as Exhibit 11. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit I).

16. On August 24, 2005, Mr. Barentzen sent an email, time stamped 10:13 a.m., to Mr. Goldman following up on the telephone conversation A true and accurate copy of the email is attached as Exhibit 11 (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit I).

17. On August 24, 2005, the Affidavit of Service regarding personal service on Taha Jabir Al'Alwani on July 29, 2005 was filed with the Court, docket 1145. A true and accurate copy of the Affidavit is attached as Exhibit 12.

18. On August 25, 2005, Mr. Steven Barentzen e-mails Mr. Goldman time stamped 11:11 a.m., following up on voice mail. A true and accurate copy of the email is attached as Exhibit 13. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit J).

19. On August 25, 2005, Mr. Goldman responded to Mr. Barentzen via e-mail, time stamped 12:35 p.m. A true and accurate copy of the email is attached as Exhibit 14. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit J).

20. On August 25, 2005, Mr. Barentzen e-mails Mr. Goldman, time stamped 1:52 p.m. A

true and accurate copy of the email is attached as Exhibit 14. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit J).

21. On August 25, 2005, time stamped 7:23 p.m., Mr. Barentzen e-mailed Mr. Goldman proffering a draft of letter being sent by the close of business August 26, 2005. A true and accurate copy of the email is attached as Exhibit 15. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit M.)

22. On August 26, 2005, Mr. Goldman emailed Mr. Barentzen, time stamped 1:39 p.m., "In response to a communication to the Executive Committee, we will not be tendering a response to your letter to your letter application to the court. Rather, we are simply tendering the following directly to the Court". A true and accurate copy of the email is attached as Exhibit 16. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit M.) Additionally, Mr. Goldman wrote a letter to the Court stating same. Exhibit 23.

23. On August 26, 2005, Mr. Barentzen sent an e-mail, time stamped 1:50 p.m., to Mr. Goldman. A true and accurate copy of the email is attached as Exhibit 16. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit M.)

24. On August 26, 2005, Mr. Goldman sent an e-mail, time stamped 2:12 p.m., to Mr. Barentzen declining to sign that stipulation and again proposing a compromise position. A true and accurate copy of the email is attached as Exhibit 18. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit M.)

25. On August 26, 2005, Mr. Barentzen sent the letter to the court. A true and accurate copy of the letter is attached as Exhibit 17. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit K.)

26. On September 2, 2005, Mr. Barentzen sent a letter to Mr. Goldman. A true and accurate copy of the letter is attached as Exhibit 19. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit N.)

27. On September 30, 2005, Mr. Goldman sent a letter to Mr. Barentzen. Exhibit 21. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit O).

28. On October 12, 2005, Mr. Barentzen sent an e-mail to Mr. Goldman with a proposed draft briefing stipulation with a provision regarding a Rule 11 motion. A trued and accurate copy of email is attached as Exhibit 20. (The authenticity of this document was admitted by Defendant in Barentzen Declaration, Exhibit P.)

29. On November 4, 2005, the Declaration of Taha Jabir Al-Alwani was filed in support of The Declaration of Steven Barentzen in support of the Defendant's Motion to Dismiss. Exhibit 22.

                                                          _____
                                                          GINA M. MAC NEILL, ESQUIRE
                                                          2 Penn Center Plaza
                                                          1500 JFK Blvd, Ste. 1411
                                                          Philadelphia, PA 19102
                                                          215.569.4500

X:\Clients\ONeill v. Saudi arabia\Motions\Rule 11\Taha\Final Plaintiffs Documents\MacNeill Declaration- Final\Declaration of Gina Mac Neill.FINAL.doc

6