## Barentzen, Steven

**From:** Barentzen, Steven
**Sent:** Wednesday, August 24, 2005 10:13 AM
**To:** 'Jerry S. Goldman'
**Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani

Jerry:

I want to follow up on my phone call to you this morning. Your suggestion that Mr. Al-Alwani is in default in this action is absolutely frivolous and an indication that you have no intention in proceeding in this action in anything resembling good faith. The only reason we do not have a signed stipulation for Mr. Al-Alwani's motion to dismiss is your refusal to either enter into, or even negotiate in good faith, a reasonable briefing stipulation. Instead, you admonished me to take it to the Court. As you know, I took it to the Court, and the Court completely agreed with our position and completely rejected your position. I strongly suggest that you agree to the version of the stipulation I sent you last night which reflects the judge's ruling. Be advised that if you make any motion or take any action to hold Mr. Al-Alwani in default, we will not only vehemently oppose your application but seek Rule 11 sanctions as well.

With respect to the service issue, I cannot understand why you stubbornly continue to refuse to enter into a briefing stipulation with us unless Mr. Al-Alwani agrees to waive "any and all affirmative defenses, objections, privileges, immunities and arguments relating to insufficiency of process and insufficiency of service of process." We have entered into stipulations with virtually every Plaintiff in this action and none of those Plaintiffs have demanded the inclusion of such a provision in the briefing stipulation. Moreover, I have never seen any Plaintiff in any action essentially hold a briefing stipulation hostage unless the defendant agreed to waive any service defenses. Your position is particularly inappropriate here where I have specifically advised you that we are contesting service. We can agree to disagree on whether our defense in this action is a defense as to service, or another type of defense. But, there is simply no need to argue that issue now in the context of negotiating a briefing stipulation. That issue should be argued in the briefs. Moreover, I do not see how the removal of the service provision from your proposed stipulation could conceivable prejudice Plaintiff here.

I would like to work these issues out with you as soon as possible so that we can present a joint stipulation to Judge Casey for his approval. There is no need to play games here, and I think it is in both party's best interests not to disturb the Judge with this issue. Please let me know whether you will agree to the draft stipulation I sent you last night, and if not why.

I look forward to hearing from you. Steven Barentzen.

---

**From:** Jerry S. Goldman [mailto:jgoldman@goldmanlawyers.com]
**Sent:** Wednesday, August 24, 2005 9:15 AM
**To:** Barentzen, Steven
**Cc:** Gina MacNeill; 'Fred.salek@verizon.net'
**Subject:** RE: Stipulation of Briefing Schedule for Taha Al Alwani

I guess the confusion, then Steve, is that your answer was already well past due and we will oppose it as being filed out of time. As you claim, you and your firm has been been involved in the case for many months, and there is no real dispute over the receipt of the summons and complaint, and I don't see an executed stipulation granting you additional time, I'm not sure what your basis for an untimely filing would be.

I understand your service argument is that while we served an individual with that name, and he is the same individual who was served (and/or for whom you accepted service) in 'related' cases, you believe we served the wrong person. I suspect (unless you provide me with authority on this point) that this is not a sufficiency of service or a sufficiency of process argument; rather, that would be a substantive defense

11/22/2005

Exhibit 11

(sort of like a criminal defendant claiming that he did not commit the murder, it was his brother).

jsg


Jerry S. Goldman, Esquire

jgoldman@goldmanlawyers.com

| Two Penn Center Plaza | The Trinity Building |
| --- | --- |
| 1500 J.F.K. Blvd. Suite 1411 | 111 Broadway, 13th Floor |
| Philadelphia, PA 19102 | New York, NY 10006 |
| Telephone: 215.569.4500 | Telephone: 212.242.2232 |
| Facsimile: 215.569.8899 | Facsimile: 212.346.4665 |

3109 Stirling Road, Suite 101
Fort Lauderdale, Fl 33312
Telephone: 954.981.6533
Facsimile: 954.989.8068
Facsimile: 856.858.4606

*****************************************
Above email is for intended recipient only and may be
confidential and protected by attorney/client privilege. If you
are not the intended recipient, please advise the sender
immediately. Unauthorized use or distribution is prohibited and may be unlawful.

*****************************************

-----Original Message-----
**From:** Barentzen, Steven [mailto:Steven.Barentzen@dlapiper.com]
**Sent:** Wednesday, August 24, 2005 9:15 AM
**To:** Jerry S. Goldman
**Subject:** Re: Stipulation of Briefing Schedule for Taha Al Alwani

Jerry: Just so my position is clear, we do not believe that you can file a RICO statement at this point, and we will oppose any RICO statement you submit. Don't really think that there is any confusion in the judge's order. So, I don't understand the issue.

With respest to the service provision, Casey did not rule on that because it was not before him. As I told you, we are not going to agree to waive service as a condition of being permitted to file a motion to dismiss. There is no authority for this position, and as I told you service is going to be our our primary defense.

-------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: Jerry S. Goldman <jgoldman@goldmanlawyers.com>
To: Barentzen, Steven <Steven.Barentzen@dlapiper.com>; Gina MacNeill <gmacneill@goldmanlawyers.com>
CC: Gina MacNeill <gmacneill@goldmanlawyers.com>; 'Fred Salek, Esq.' <fred.salek@verizon.net>
Sent: Wed Aug 24 05:54:39 2005
Subject: RE: Stipulation of Briefing Schedule for Taha Al Alwani

Let me get back to you on this one.
I understand Judge Casey's order, although, obviously, I respectfully disagree.
There is nothing in it, however, about the service issue.

11/22/2005

I would assume, that under the terms of his order, we may be late in filing a "RICO Statement"; I understand that your client was served, I believe, on the 29th or 30th of July, which is well over 30 days ago.

jsg


Jerry S. Goldman, Esquire

jgoldman@goldmanlawyers.com

| | |
|---|---|
| Two Penn Center Plaza | The Trinity Building |
| 1500 J.F.K. Blvd. Suite 1411 | 111 Broadway, 13th Floor |
| Philadelphia, PA 19102 | New York, NY 10006 |
| Telephone: 215.569.4500 | Telephone: 212.242.2232 |
| Facsimile: 215.569.8899 | Facsimile: 212.346.4665 |

3109 Stirling Road, Suite 101
Fort Lauderdale, Fl 33312
Telephone: 954.981.6533
Facsimile: 954.989.8068
Facsimile: 856.858.4606

*****************************************
Above email is for intended recipient only and may be
confidential and protected by attorney/client privilege. If you
are not the intended recipient, please advise the sender
immediately. Unauthorized use or distribution is prohibited and may be unlawful.

*****************************************

-----Original Message-----
From: Barentzen, Steven [mailto:Steven.Barentzen@dlapiper.com]
Sent: Tuesday, August 23, 2005 7:06 PM
To: Gina MacNeill
Cc: Jerry S. Goldman
Subject: RE: Stipulation of Briefing Schedule for Taha Al Alwani


Here is a new briefing stipulation based upon Judge Casey's ruling today. Let me know if you have any comments.


From: Gina MacNeill [mailto:gmacneill@goldmanlawyers.com]
Sent: Thursday, August 11, 2005 10:59 AM
To: Barentzen, Steven
Cc: Jerry S. Goldman
Subject: Stipulation of Briefing Schedule for Taha Al Alwani


Please find attached a proposed briefing schedule.

Please advise whether this is acceptable.

Gina M. Mac Neill, Esquire

11/22/2005

Law Offices of Jerry S. Goldman & Associates
1500 JFK Boulevard, Suite 1411
Philadelphia, PA 19102
Phone: 215.569.4500 Ext. 25
Fax: 215.569.8899

*******************************************
Above email is for intended recipient only and may be
confidential and protected by attorney/client privilege. If you
are not the intended recipient, please advise the sender
immediately. Unauthorized use or distribution is prohibited and
may be unlawful.
*******************************************

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please contact the sender by reply email and destroy all copies of the original message. To contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

The information contained in this email may be confidential and/or legally privileged. It has the sole use of the intended recipient(s). If the reader of this message is not an intended recip hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or this communication, or any of its contents, is strictly prohibited. If you have received this cc in error, please contact the sender by reply email and destroy all copies of the original messa contact our email administrator directly, send to postmaster@dlapiper.com

Thank you.

11/22/2005