## Barentzen, Steven

| | |
|---|---|
| **From:** | Jerry S. Goldman [jgoldman@goldmanlawyers.com] |
| **Sent:** | Friday, August 26, 2005 2:12 PM |
| **To:** | Barentzen, Steven |
| **Cc:** | 'Fred Salek, Esq.'; Gina MacNeill |
| **Subject:** | RE: Draft Letter to Judge Casey |

Absolutely not. Rather, I would be willing to execute a stipulation dealing with the filing of the RICO Statement, a response to the Complaint and the supplemental motion practice, withdrawing, for the sake of argument our requirement pertaining to the consent to service which you believe, in apparent good faith, to be a viable issue.

Just note, one thing, Steve, as to a difficulty which I am sure Judge Casey did not envision with regard to the resolution of the timing of the filing of RICO Statements, and wish, I would think, will be rectified.

Your client, Mr. Al Alwani, was named in O'Neill v. Republic of Iraq. The complaint in that case was filed on or about August 20, 2003. Under your interpretation of Judge Casey's recent ruling, which we respectfully disagree with, the RICO Statement would have been due early in September 2003 (20 days later). Hence, as I understand your argument, because it was not filed at that time, it was not timely filed.

However, we could not have known about Judge Casey's individual rules at that time, nor been subject to them, as the case was in the District of Columbia from August until docketed in the Southern District almost seven (7) months later. That is, under that interpretation, we would have been in default, without notice, for almost 6 months before the case even reached Judge Casey.

Again, I suggest that you reconsider your position, so that you can cure your client's failure to timely respond to the service of a summons and complaint, as provided for by the federal rules, in order to defend the case on the merits (and/or, if you chose on the question of service). While we do not have to be accommodating, at this point, relative to the timing of the filing, we are willing to compromise on this point, and have offered to compromise in the past (e.g., the service issue which was your primary defense) in return for something for which we may, in the end, prevail, in any event. We are offering you a major concession--- alleviating an absolute and fundamental failure to timely file a response to a summons and complaint, in exchange for a modest concession - the timing of the filing of a RICO statement which could be included, in any event, as a more definite statement or some form of amendment to the Complaint, and most certainly, will be determined by a Court, as having been timely filed.

I suggest that you carefully examine your position and come to the realization that this is more than reasonable resolution to a dispute that need not take up the Court's valuable time.

Sincerely

jsg


Jerry S. Goldman, Esquire

jgoldman@goldmanlawyers.com

| Two Penn Center Plaza | The Trinity Building |
|---|---|
| 1500 J.F.K. Blvd. Suite 1411 | 111 Broadway, 13th Floor |
| Philadelphia, PA 19102 | New York, NY 10006 |
| Telephone: 215.569.4500 | Telephone: 212.242.2232 |
| Facsimile: 215.569.8899 | Facsimile: 212.346.4665 |

Exhibit 18