**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

IN RE TERRORIST ATTACKS ON                     Civil Action No.
SEPTEMBER 11, 2001                                       03 MDL 1570 (RCC)

------------------------------------------------------------x

This document relates to:

    *Thomas E. Burnett, Sr., et al. vs. Al Baraka*
    *Investment and Development Corp., et al.*
    **03 CV 9849 (RCC)**


### MOTION FOR RECONSIDERATION OF THE COURT'S ORDER[1] THAT THE PARTIES TO SUBMIT A PROPOSED ORDER CERTIFYING THE DEFENDANTS DISMISSED ON 12(B)(1) AND 12(B)(2) GROUNDS BUT NOT THE DEFENDANTS DISMISSED ON 12(B)(6) GROUNDS


### INTRODUCTION

    This MDL was consolidated in December of 2003, the original action having been filed in August of 2002. This court issued substantive orders on motions to dismiss on January 18, 2005, and September 21, 2005. On May 20, 2005, the Plaintiffs moved pursuant to Rule 54(b) for certification as final the judgments on motions to dismiss entered by the Court in the consolidated cases in favor of Defendants including Al Rajhi Banking & Investment Company. On December 9, 2005, the Court finally issued a letter order adopting the Defendants' proposal and asking "the parties to submit a proposed order certifying the Defendants dismissed on 12(b)(1) or 12(b)(2) grounds." The Court denied plaintiffs' request that Defendant Al Rajhi Banking & Development Corporation, which was dismissed on 12(b)(6) grounds in the Court's January 18, 2005 opinion, be included in the proposed order as well.

---

[1] Although the letter order endorsement is dated Friday, December 9, 2005, the letter order was not actually docketed until Monday, December 12, 2005. For the record, Plaintiffs note that the letter at issue did not actually ask for the relief granted.

1

In spite of the detailed allegations plead in the Complaint and the eighty-nine paragraphs of additional detailed allegations pled by the *Burnett* plaintiffs against Al Rajhi in the More Definite Statement filed on August 27, 2003, this Court dismissed Al Rajhi from the *Burnett* litigation on January 18, 2005 for failure to state a claim. *In Re: Terrorist Attacks on September 11, 2001,* 349 F.Supp.2d 765, 837-38 (S.D.N.Y. 2005) (the "January Order"). Although the Court acknowledged that Al Rajhi is alleged "to have 'provided essential support to the al Qaeda organization and operations," and to have acted as an "instrument[s] of terror, in raising, facilitating and transferring money to terrorist organizations," the Court ordered the dismissal of Al Rajhi under Fed. R. Civ. P. 12(b)(6). *In re Terrorist Attacks on September 11, 2001,* 349 F. Supp. 2d at 833.

Final judgment and appeal of the dismissal of Al Rajhi under Fed. R. Civ. P. 12(b)(6) will not delay the proceedings. To the contrary, for the reasons set forth below, final judgment will aid in the administration of justice, promote judicial economy, and properly direct the standards of pleadings to be adopted in this landmark complex litigation of significant legal import. Accordingly, Plaintiffs respectfully request that the Court reconsider its aforementioned December 9, 2005 order.

**I.      Legal Standard**

The Court has broad discretion to reconsider its own decisions prior to the entry of a final judgment. *See*, *Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion; it does not limit the tribunal's power"). A motion for reconsideration may be granted if there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or manifest injustice. *Virgin Atlantic Airways v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also,* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* 18C § 4478, at 790.

Certifying a final judgment for appeal pursuant to Rule 54(b) is appropriate when these criteria are satisfied: 1) the case involves multiple claims for relief or multiple parties[2]; 2) at least one claim or the rights and liabilities of at least one party have been finally decided; and 3) no just reason for delay exists. *See Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992); *see generally* WRIGHT, MILLER AND KANE FEDERAL PRACTICE AND PROCEDURE 3d § 2656 (1998).

## II.   Final Judgment Has Been Reached with Regard to These Defendants

The complete dismissal of all claims against Al Rajhi unmistakably constitutes final judgment under Rule 54(b). As long as the decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment entered on that claim, then the decision is final. *Ginnett v. Computer Task Group*, 962 F.2d 1085 (2d Cir. 1992); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). The grounds on which Al Rajhi was dismissed assures sufficient finality for entry of partial judgments. The dismissal was based on the Court's finding that Plaintiffs failed to state a claim upon which relief can be granted.

Dismissals based on findings of failure to state a claim have been routinely certified for judgment under Rule 54(b) as being sufficiently final. *See e.g. Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (approved 54(b) certification to review dismissal on failure to state a proper claim under ERISA); *Stoney Run Co. v. Prudential-LMI Commercial Ins. Co.*, 47 F.3d 34, 26 (2d Cir. 1995) (approved 54(b) certification to review dismissal on failure to

---

[2] That this matter involves multiple claims for relief and multiple parties is beyond peradventure. The remainder of this brief demonstrates that the other requirements relevant in determining the appropriateness of Rule 54(b) certification have been met as well, entitling Plaintiffs to entry of partial judgments in accordance with the practice in this Circuit in comparable circumstances.

state a proper claim upon exclusion clause in insurance policy); *Malarkey v. Texaco, Inc.*, 704 F.2d 674 (2d Cir. 1983); *Newspaper and Mail Delivers' Union of New York v. United Magazine Co.*, 829 F.Supp. 561, 565 (E.D.N.Y. 1993); *Carson v. Waterfront Comm'n of New York Harbor*, 73 F.3d 24, 26 (3d Cir. 1995). In fact, the Supreme Court itself has made clear that Rule 54(b) certification is appropriate in cases dismissed under Rule 12(b)(6). *See e.g. Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 633 (1981) (partial judgment granted to review whether an antitrust defendant claiming right of contribution from co-conspirators had stated valid claim); *Imbler v. Pachtman*, 424 U.S. 409, 416 (1976). This is particularly true where interests of law, legislative intent, and public policy collide.

### III. There Exists No Just Reason to Delay This Final Judgment

There exists no just reason to delay the appeal of this Court's determination that Plaintiffs have failed to state a claim against al Rajhi Bank upon which relief can be granted. To the contrary, an immediate judgment and any review will better serve the interests of the administration of justice. Delay will only work serious hardship upon Plaintiffs' ability to litigate these claims properly without application of the appropriate pleading standard. Under these circumstances, entry of judgment under Rule 54(b) is appropriate. The Courts in this Circuit have consistently held that judicial efficiency, fairness, the novelty and importance of legal issues presented, and the potential risk of hardship through delay are all relevant factors for the Court's consideration. *See Section II, supra*. In the present case, all of these factors favor Rule 54(b) certification of the dismissals of Defendants.

Without finality this matter cannot proceed with any meaningful, clear guidelines as to the standards to be applied in this action. The plaintiffs have asserted claims against Al Rajhi bank under the civil remedy provision of the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333.

To date, the Second Circuit has not had the opportunity to consider such a case brought under the ATA, let alone to engage in a thorough analysis of the pleading standards a plaintiff must satisfy to survive a pre-discovery motion to dismiss such a claim. As this issue will recur throughout this litigation and in related cases, this Court's decision as to the pleading standard under Fed. R. Civ. P. 12(b)(6) is necessary to promote judicial efficiency, by establishing the standards governing this Court's review of pending and future motions.

Plaintiffs anticipate that any appeals of the Court's judgments in favor of al Rajhi will focus largely on the level of specificity required in pleading a defendant's knowledge and intent in an action under the ATA and concerted action theories. Once the pleading requirements applicable to such claims have been clarified through finality and the appellate process, the parties will not need to revisit those standards with the Second Circuit. Such streamlining will considerably guide future proceedings in this Court. As opposed to inviting further motions to re-plead indefinitely.

It is vital to resolve the appropriate standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6) before the bulk of them are determined, rather than have this Court and the parties rely upon potentially improper standards in evaluating the remaining motions to dismiss. Delaying the finality of the dismissal of Al Rajhi until final disposition of <u>all</u> claims against <u>all</u> parties would only give rise to substantial hardship, and severely prejudice Plaintiffs' efforts to enforce their legal rights. Given the inherent complexity of this litigation, and the number of parties involved, it is reasonable to assume that it may be several years before all claims brought in the consolidated actions are resolved in this Court or remanded to the transferor courts.[3]

---

[3] By way of illustration, these cases were consolidated before this Court more than two years ago, on December 12, 2003. In the two years since consolidation, this Court has held only five status conferences and fewer than ten substantive hearings, and there are many fully-briefed motions waiting to be heard. During this lengthy process the reliability of evidence may degrade, and witnesses will disappear or become unavailable. Thus, delaying the appeal

**IV.     Plaintiffs' Claims Against Al Rajhi are Proper for Review.**

In October of 2005, the Second Circuit re-iterated and re-affirmed the "notice pleading" standard set forth in Fed. R. Civ. P. 8 as applied to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Twombley v. Bell Atlantic Corp.*, 425 F.3d 99 (2d Cir. 2005). In *Twombley*, the Second Circuit reversed a district court decision applying higher pleading standards than those set forth in Rule 8, holding that "[a] requirement of greater specificity for particular claims is a result that must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." 425 F.3d at 107. In the context of anti-trust pleading, the Court reminded us that "although litigation to summary judgment and beyond may place substantial financial and other burdens on the defendants, neither the Federal Rules nor the Supreme Court has placed on plaintiffs the requirement that they plead with special particularity the details of the conspiracies whose existence they allege." *Id.* at 116. The district court may not add or create higher pleading standards than those set forth in the Federal Rules. Recognizing that Fed. R. Civ. P. 8 represents a balance between the benefits of simple, notice pleadings and the burdens Courts face in permitting cases to go forward, the Second Circuit unequivocally held that "[i]f that balance is to be re-calibrated, however, it is Congress or the Supreme Court that must do so." 425 F.3d at 117. This Court is required to enforce the law as it currently exists.[4]

---

will severely impair Plaintiffs from effectively pursuing the claims against the Defendants, should those claims be reinstated. Meanwhile, the Plaintiffs are being held to an unreasonable, untenable, and legally improper legal standard. *E.g.* January 18 order.

[4] In all Circuits, a motion to dismiss for failure to state a claim must be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Wynder v. McMahon*, 360 F.3d 73, 78 n.8 (2d Cir. 2004); *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (*per curiam*). The Court's role is "not to assay the weight of the evidence which might be offered in support" of the Complaint, but "merely to assess the legal feasibility" of the Complaint. *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).

In evaluating whether the plaintiffs ultimately could prevail, the Court must accept as true the facts alleged in the Complaint and draw all reasonable inferences in favor of them. *Wynder*, 360 F.3d at 77; *Phelps*, 308 F.3d at 184. Plaintiffs are not required to prove their case at the pleading stage; indeed, the Second Circuit has cautioned that "[t]he pleading of evidence should be avoided." *Woodford v. Community Action Agency*, 239 F.3d 517 (2d Cir. 2001). The issue on a Rule 12(b)(6) motion "is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

In addition, the United States District Court for the Eastern District of New York rejected a defendant's invitation to impose a heightened pleading requirement in a recent similar case. In *Linde v. Arab Bank*, Case No. 04 CV 2799, the plaintiffs brought claims against Arab Bank for injuries resulting from terrorist attacks carried out by HAMAS and Palestine Islamic Jihad in Israel, based on the bank's sponsorship and support of those terrorist organizations. 384 F.Supp.2d at 575-579. Arab Bank sought dismissal of the plaintiffs' Anti-Terrorism Act (ATA) and common-law claims "on the ground that plaintiffs have not sufficiently alleged knowledge and intent." *Id.* at 585. The Court rejected this argument, reasoning that Arab Bank was attempting to impose a heightened pleading standard not warranted by the Rules of Civil Procedure:

> To the extent the defendant is arguing that plaintiffs have not alleged sufficient facts to establish an evidentiary basis for their allegations of knowledge and intent, defendant simply misapprehends the pleading standard. It is not entitled to dismissal based on the argument that plaintiff's must plead more than the requisite knowledge and intent, either as to their substantive claims or their claims of aiding and abetting a conspiracy.

*Id.* The *Linde* court likewise rejected the defendant's contention that plaintiffs were required to allege that senior officials of the bank were aware of the misconduct underlying plaintiffs'

7

claims. "Once again, defendant attempts to impose a standard of pleading beyond that required by the rules. It is sufficient, for pleading purposes, for plaintiffs to allege the knowledge and intent of Arab Bank and not spell out their proof." *Id.* at 588.

A Rule 12(b)(6) motion is analyzed by the requirements of Fed. R. Civ. P. 8(a)(2), which is quite permissive. *Swierkiewicz v. Sorema*, 534 U.S. 506, 512-13 (2002). Indeed, Rule 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief" and that such a statement simply shall "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. (*quoting, Conley*, 355 U.S. at 47 (1957)); *Wynder*, 360 F.3d at 77; *see also Sparrow v. United Airlines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2002) (allegation "I was turned down for a job because of my race" would be sufficient to survive a Rule 12(b)(6) motion.). Further, in the absence of averments of fraud or mistake, which must be pled with particularity pursuant to Fed. R. Civ. P. 9(b), a federal court is prohibited from imposing more demanding requirements than those proscribed under Rule 8(a). *See, e.g., Leatherman v. Tarrant County*, 507 U.S. 163, 168-69 (1993); *Pelman v. McDonald's Corp.*, 396 F.3d 508, 512-13 (2d Cir. 2005) (plaintiff need not draw causal connection between allegations and injuries in the complaint, but rather it may rely on discovery to flesh out claim).

Given the Court's interpretation of the facts which must be pled to meet the Fed. R. Civ. P. 8 (a) pleading standard for an admittedly non-sovereign defendant such as Al Rajhi, plaintiffs should be given an opportunity **now** to have the Second Circuit review this Court's decision to grant Al Rajhi's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Unless the parties are given a clear and accurate directive on the nature of the claims to be

allowed in this case prior to expensive and lengthy discovery, justice will note be served. The Defendant's noises about "piecemeal" appeals are without foundation.

**V.      Al-Rajhi Should be Included in Any Rule 54(b) Certification.**

If the judgments pursuant to 12(b)(1) and 12(b)(2) are final, particularly in an MDL consolidation where the parties require clarity and coordination, the pleading standard to be imposed is both relevant and imperative. Any review of the propriety of any dismissals of the Defendants necessarily will involve an analysis of the standards for asserting a claim against an alleged sponsor of terrorism for injuries arising out of a terrorist attack. This question contains significant factual overlap with the 12(b)(1) and 12(b)(2) issues and should the Second Circuit have to address this in an appeal, judicial economy will be advanced by uniformity of review. *See, Price v. Socialist Peoples Libyan Arab Jamahiriya (Price II))*, 294 F.3d 82, 93 (D.C. Cir. 2002) (noting that the standard for evaluating the legal sufficiency for a claim against a foreign sovereign is similar to that governing the review of a Motion to Dismiss under Rule 12(b)(6)). The simultaneous appeal of the judgments in favor of the Defendants including Al Rajhi Bank will serve to promote judicial efficiency, by allowing the Second Circuit to consider a broad but manageable group of issues and decisions simultaneously.

## CONCLUSION

THEREFORE, for the reasons set forth above, Plaintiffs respectfully move this honorable Court to reconsider its Order adopting Defendants' Rule 54 (b) certification proposal to the extent that it fails to include Defendant Al Rajhi Banking & Development Corporation dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: New York, NY           Respectfully Submitted,
       December 27, 2005

                                    _____/s/_____
                                    Ronald L. Motley, Esq. (SC Bar #4123)

Jodi Westbrook Flowers, Esq. (SC Bar #66300)
Donald M. Migliori, Esq. (RI Bar #4936)
Michael E. Elsner, Esq. (ME-8337)
Robert T. Haefele, Esq. (NJ-58293; PA-57937)
Justin B. Kaplan, Esq. (TN-022145)
John Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Tel:  (843) 216-9000

Paul J. Hanly, Jr., Esq. (PH-5486)
Jayne Conroy, Esq. (JC-8611)
Andrea Bierstein, Esq. (AB-4618)
HANLY CONROY BIERSTEIN & SHERIDAN, LLP
112 Madison Avenue, 7th Floor
New York, NY  10016-7416
Tel:  (212) 784-6400

*Attorneys for Plaintiffs Burnett; Euro Brokers, et al; and World Trade Center Properties, et al.*