# HANLY CONROY BIERSTEIN & SHERIDAN LLP

112 MADISON AVENUE
NEW YORK, NEW YORK 100167416
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 784-6403
JAYNE CONROY (NY, DC & MA)
(212) 784-6402
CLINTON B. FISHER (NY & DC)
(212) 784-6446
PAUL J. HANLY, JR. (NY & TX)
(212) 784-6401
THOMAS I. SHERIDAN, III (NY)
(212) 784-6404

TELEPHONE (MAIN)
(212) 784-6400

TELECOPIER
(212) 784-6420

EMAIL
abierstein@hanlyconroy.com

December 16, 2005

**BY HAND**

Honorable Richard C. Casey
United States District Court
Southern District of New York
500 Pearl Street - Room 1950
New York, New York 10007

>      Re:    In Re September 11, 2201 Terrorist Attacks
>             MDL 1570

Dear Judge Casey:

Pursuant to Your Honor's December 9, 2005 Order, on behalf of the PCC, I enclose plaintiffs' proposed Order directing entry of judgment pursuant to Rule 54(b). As I am sure Your Honor is aware, only claims that have been finally adjudicated and are severable from the remaining claims can be deemed "final." *See, e.g., Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956); *see also Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 3 (1980). Here, claims remain pending in several of the cases against certain of the 12(b)(1) and 12(b)(2) defendants referenced in the defendants' October 28, 2005 letter endorsed by Your Honor. In certain cases, briefing on motions to dismiss brought by these defendants – including motions to dismiss by Prince Naif and Prince Salman – is still ongoing. Thus, there has not even been an adjudication to certify as final in those cases as to those defendants. Moreover, the judgments entered in favor of those defendants in a few of the actions are not separable from the claims which remain pending against them in the other cases. Plaintiffs had planned to raise these problems in connection with the briefing contemplated and referenced in the defendants' own position statement (and in connection with the pending motion for entry of judgment filed by the Saudi High Commission, and Princes Salman and Naif, the opposition for which has not yet been filed), but did not have the opportunity to do so.

There are only four defendants who have been dismissed with prejudice pursuant to F.R.C.P, 12(b)(1) or 12(b)(2) in all of the various Plaintiffs' cases. Those defendants are:

HANLY CONROY BIERSTEIN & SHERIDAN LLP

Hon. Richard Conway Casey
December 16, 2005                                                          Page 2

      1.   The Kingdom of Saudi Arabia[1]
      2.   Prince Turki
      3.   Prince Sultan
      4.   Prince Mohammed

Other defendants have been dismissed in some, but not all, of Plaintiffs' cases. Judgment under rule 54(b) cannot yet be entered as to them at this time. Plaintiffs' enclosed proposed order, directing entry of final judgment against these defendants, recognizes that these are the only defendants as to whom the Court's 12(b)(1) or 12(b)(2) dismissal can be construed as "final."

Finally, even assuming the Rule 54(b) standards did permit the Court to enter final judgments in favor of a defendant in fewer then all of the actions in which that defendant has been named, the proposed Order would nonetheless be improper. As discussed in further detail in the attached letter, sent by plaintiffs to Defendants' Executive Committee Chairman Michael Kellogg on December 15, 2005, the defendants' proposed Order does not accurately designate the actions in which they propose that final judgment is to be entered in favor of each defendant. In addition, plaintiffs submit that the language in the defendants' proposed Order indicating that the personal jurisdiction defendants "have borne the unique burden of defending themselves in a foreign land and the obloquy of being listed among those responsible for a terrible crime" is a simple attempt by the defendants to slip their own commentary on the suit into the Order.

We are of course available to discuss briefing schedules, 54(b) judgments or any other topic the court wishes discussed.

                         Respectfully yours,

                         Andrea Bierstein, Esq.
                         Sean P. Carter, Esq.
                         James P. Kreindler, Esq.

Encs.
cc:    MDL Plaintiffs and Defendants Counsel (via e-mail, w/encs.)

---

[1] The dismissal of the Kingdom of Saudi Arabia includes dismissal of certain related Saudi government agencies. The specific entities in question are specified and included in the enclosed Proposed Order.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:     *All actions*

## PROPOSED ORDER

And now, on this _____ day of _____, 2005, after careful

consideration of Plaintiff's Motion for Entry of Final Judgments Regarding Defendants Kingdom

of Saudi Arabia[1], Prince Sultan bin Abdul Aziz al Saud, Prince Turki al Faisal al Saud, Prince

Mohamed al Faisal al Saud, and Al Rajhi Banking & Investment Company, the accompanying

Memorandum of Law, and Defendants' responses, if any, this Court finds as follows:

This Court has determined that all three requirements of Rule 54(b) have been

met with regard to the Kingdom of Saudi Arabia, Prince Sultan bin Abdul Aziz al Saud, Prince

Turki al Faisal al Saud, and Prince Mohamed al Faisal al Saud: 1) this case involves multiple

claims for relief or multiple parties; 2) the rights and liabilities of these defendants have been

finally decided; and 3) no just reason for delay exists, for the following reasons:

    a) Immediate appeals of the dismissals of the defendants will not delay these
    proceedings, and, to the contrary, such review will aid in the administration of
    justice and promote judicial economy, and has the potential for synchronizing
    all discovery in the case (*See, e.g.*, *Hudson River Sloop Clearwater, Inc. v.
    Department of the Navy*, 891 F.2d 414 (2d Cir. 1989), *Smith v. Socialist
    People's Libyan Arab Jamahiriya et al*, Civ. Action No. 94-0556 (E.D.N.Y.
    1996));

---

[1] With respect to *Estate of John P. O'Neill, Sr. v. Kingdom of Saudi Arabia*, 04-CV-1922
(*O'Neill*), the "Kingdom of Saudi Arabia" includes as well the following political subdivisions,
agencies and/or instrumentalities of the Kingdom of Saudi Arabia which also are named as
defendants:  Directorate of Intelligence; General Staff; Intelligence Section (G-2); Ministry of
State for Internal Affairs; Ministry of Interior; Saudi Committee for Support of the Intifada;
Supreme Council of Islamic Affairs; the Council of Ministers; and the Special Committee of the
Council of Ministers.

b) Immediate appeals of the dismissals of the defendants would allow the simultaneous trials of similarly situated defendants (*See, e.g., Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997).);

c) Immediate appeals of the dismissals of the defendants would establish clear guidelines as to the standards to be applied to anticipated future motions to dismiss, promoting judicial efficiency by firmly establishing at an early stage the standards governing this Court's review of pending and future motions (*See, e.g., Correspondent Servs. Corp. v. J.V.W. Inv., Ltd.*, 2005 U.S. Dist. LEXIS 254 (S.D.N.Y., Jan. 10, 2005), *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 13 (2d Cir. 1997));

d) Considerations of fairness to the Kingdom of Saudi Arabia, Prince Sultan Prince Turki, and Prince Mohamed weigh strongly in favor of early appeal and swift, final dismissal from protracted litigation should this Court's order of dismissal ultimately be sustained. (*See, e.g., Lombard v. Economic Dev. Admin.*, 1998 U.S. Dist. LEXIS 7822 (S.D.N.Y. May 27, 1988));

e) Alternatively, delaying the appeals of the Court's dismissals of these defendants until final disposition of all claims against all parties would give rise to substantial hardship, and severely prejudice Plaintiffs' efforts to enforce their legal rights (*See Hudson River Sloop Clearwater, Inc. v. Department of the Navy*, 891 F.2d 414 (2d Cir. 1989)); and

f) Immediate appeals of the dismissals of these defendants would allow the resolution of novel issues of great public importance regarding the scope of the exceptions to immunity set forth in the FSIA, and the standards for asserting claims against foreign aiders and abettors of a terrorist organization that attacks U.S. citizens on American soil (*See Hudson River Sloop Clearwater, Inc. v. Department of the Navy*, 891 F.2d 414 (2d Cir. 1989).

For these reasons, it is hereby ORDERED and DECREED that final judgment be ENTERED in favor of defendants Kingdom of Saudi Arabia, Prince Sultan bin Abdul Aziz al Saud, Prince Turki al Faisal al Saud, and Prince Mohamed al Faisal al Saud in all actions consolidated within this multidistrict litigation by the terms of Rule 54(b) of the Federal Rules of Civil Procedure.

It is so ORDERED.

_____
U.S.D.J.

2

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



COZEN
O'CONNOR
ATTORNEYS

A PROFESSIONAL CORPORATION

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SANTA FE
SEATTLE
TORONTO
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

Sean P. Carter
Direct Phone   215.665.2105
Direct Fax     215.701.2105
scarter@cozen.com

December 15, 2005

**VIA E-MAIL**

Michael Kellogg, Esquire
Kellogg, Huber, Hansen, Todd & Evans, PLLC
1615 M Street, NW
Summer Square, Suite 400
Washington, DC 20036-3209

*In Re: Terrorist Attack on September 11, 2001, 03 MDL 1570 (RCC)*

Dear Michael:

As we have discussed already, the plaintiffs do not believe that the standards governing entry of final judgments pursuant to Rule 54(b) permit entry of final judgments in favor of defendants whose claims have not yet been adjudicated in certain of the cases. Plaintiffs plan to raise this issue with the Court via letter, and to present a proposed Order for entry of final judgments in favor of the Kingdom of Saudi Arabia, Prince Sultan, Prince Turki and Prince Mohamed, the only 12(b)(1) and 12(b)(2) defendants dismissed from all pending cases.

Even assuming the Rule 54(b) standards did permit the Court to enter final judgments in favor of a defendant in fewer then all of the actions in which that defendant has been named, the plaintiffs believe that the form of Order that you have distributed is overly broad and violative of paragraph 8 of Case Management Order No. 2. That provision provides as follows:

> When a paper is intended to be applicable to some, but not all, of the Individual Actions, the S.D.N.Y. Docket Number for each Individual Action to which the paper applies and the full name of the first plaintiff and first defendant in that action shall appear immediately after the words "This Document Relates to:" in the caption set forth above.

Michael Kellogg, Esquire
December 15, 2005
Page 2

---

As we understand defendants' position, for those defendants who have not yet been dismissed from all of the actions, final judgments are to be entered only in those cases in which the claims against them have been dismissed. Consistent with the provisions of Case Management Order No. 2, any Order entering final judgment in fewer than all of the actions should be designated as applicable to only those actions in which final judgment is being entered. Simply stated, because of the scope of the final judgments vary by defendant, a single Order is improper and needlessly confusing. Of course, a single Order can be entered as to the Kingdom, Prince Sultan, Prince Turki and Prince Mohamed, as they have been dismissed from all actions.

For the foregoing reasons, we would ask that the defendants at least submit separate Orders for entry of final judgments in favor of the defendants, each bearing only the captions of the actions in which final judgments are being entered.

Finally, the language indicating that the personal jurisdiction defendants "have borne the unique burden of defending themselves in a foreign land and the obloquy of being listed among those responsible for a terrible crime" is, in our view, a simple attempt by the defendants to slip their own commentary on the suit into the Order and should be stricken.

We recognize that the parties cannot reach complete agreement on all issues relating to the Rule 54(b) final judgment process. However, in the event that you agree to revise your Order to address the issues raised above, we will be able to limit the area of disagreement to the propriety of entering final judgment in fewer than all actions, and obviate the need to also present arguments regarding these technical issues.

We look forward to hearing back from you at your earliest convenience.

Very truly yours,

COZEN O'CONNOR

BY:   SEAN P. CARTER

SPC/bdw
cc:   All counsel of record

PHILA1\2398678\1 117430.000