KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900

FACSIMILE:
(202) 326-7999

December 17, 2005

***Via Overnight Mail***

The Honorable Richard C. Casey
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007-1312

     Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL No. 1570 (RCC)

Dear Judge Casey:

     On behalf of the Defendants' Executive Committee, I write to respond to plaintiffs' letter delivered to the Court on December 16, 2005. In that letter, plaintiffs argue that the Court should enter a Rule 54(b) judgment with respect to only those four defendants who have been dismissed from all cases. Plaintiffs' arguments are improper. The Court's December 9, 2005 Order directed the parties to file a proposed order consistent with its decision to enter final judgment with respect to the twelve defendants dismissed on 12(b)(1) or 12(b)(2) grounds; it did not call for letter briefs seeking reconsideration of that order.

     In any event, plaintiffs are incorrect that it would be improper to enter Rule 54(b) judgments as to the defendants with claims still pending against them. Rule 54(b) authorizes the Court to direct the entry of a final judgment as to one or more but fewer than all of the claims against a party that have been finally decided. *See Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005). All the claims against these twelve defendants have been dismissed in some of the cases, and the cases remaining against eight of the defendants raise claims identical to those already dismissed. Entry of 54(b) judgment is proper in these circumstances. *Cf. In re Cruciferous Sprout Litigation*, 301 F.3d 1343, 1346 (Fed Cir. 2002) (affirming judgment entered under 54(b) as to defendants with claims still pending against them in multidistrict litigation).

     Plaintiffs also wrongly claim that the proposed order violates Case Management Order #2 by inaccurately designating the actions from which the defendants have been dismissed. CMO #2 states that "[w]hen a paper is intended to be applicable to some, but not all, of the Individual Actions, the S.D.N.Y. Docket Number for each Individual Action to which the paper applies and

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Richard C. Casey
December 17, 2005
Page 2

the full names of the first plaintiff and first defendant in that action shall appear" in the caption. CMO #2 ¶ 8. Consistent with this requirement, the caption of the proposed order submitted by defendants clearly lists each of the actions affected by the order. In addition, to add further clarity, the body of the proposed order specifically names the actions from which the defendants that still have cases pending against them have been dismissed.

Finally, plaintiffs' complaint about the language stating that defendants dismissed for lack of personal jurisdiction "have borne the unique burdens of defending themselves in a foreign land and the obloquy of being listed among those responsible for a terrible crime" is unwarranted. Far from being unnecessary commentary, that language explains why certification under Rule 54(b) is appropriate. The Second Circuit has advised district courts to provide such an explanation when entering a Rule 54(b) judgment. *Smith ex rel. Smith v. Half Hollow Hills Cent. School Dist.*, 298 F.3d 168, 171 (2d Cir. 2002). Moreover, the statement is indisputably true; these actions have listed these defendants as among those responsible for the attacks of September 11.

Sincerely,

*Michael Kellogg* /FAH

Michael Kellogg
*Defendants' Executive Committee*