# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACK
ON SEPTEMBER 11, 2001

CASE NO. 03 MDL 1570
ECF CASE

This filing applies to:

*The Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04 CV 1076 (RCC)

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT DR. TAHA JABIR AL-ALWANI'S MOTION FOR SANCTIONS PURSUANT TO RULE 11

---

Nancy Luque (NL-1012)
Jay Hanson (admitted *pro hac vice*)
Steven K. Barentzen (SB-8777)
DLA PIPER RUDNICK GRAY CARY US LLP
1200 Nineteenth Street
Washington, DC 20036-2247
Tel: 202-861-3900
Fax: 202-223-2085

*Attorneys for Dr. Taha Jabir Al-Alwani*

# **TABLE OF CONTENTS**

**Page**

ARGUMENT................................................................................................................2

   I.   THE ALLEGATIONS AGAINST DR. AL-ALWANI IN THE COMPLAINT  DIFFER FROM THOSE IN THE OTHER MDL COMPLAINTS ....................................................2

   II.  PLAINTIFFS' PURPORTED "INTENTION" TO NAME  DR. AL-ALWANI AS A DEFENDANT IS IRRELEVANT.....................................................................................3

   III.  PLAINTIFFS CANNOT STATE A CLAIM AGAINST DR. AL-ALWANI ...................5

   IV.  PLAINTIFFS' SUBSEQUENT PLEADINGS ARE  INCONSISTENT WITH THE COMPLAINT AND  VIOLATE THE COURT'S CASE MANAGEMENT ORDERS....6

   V.  PLAINTIFFS HAVE NOT COMPLIED  WITH SAFE HARBOR PROVISIONS...........7

   VI.  DR. AL-ALWANI'S RULE 11 MOTION IS PROCEDURALLY PROPER...................8

   VII.  PLAINTIFFS' REQUEST FOR RULE 11 SANCTIONS SHOULD BE DENIED...........9

CONCLUSION ........................................................................................................10

Dr. Taha Jabir Al-Alwani, by and through undersigned counsel, hereby submits this Reply Memorandum of Law in Further Support of his Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") against Plaintiffs and their attorneys.

Plaintiffs apparently hope to misdirect the Court's focus on their sanctionable conduct by inundating it with hundreds of pages of briefs, footnotes, appendices, affidavits, exhibits and "open source" materials.[1]  The materials that Plaintiffs have culled together, however, do not obscure the fact that Plaintiffs never conducted a reasonable investigation prior to initiating this suit.  Nor do these materials or their arguments address subsequent conduct -- that is, that *after* they were advised that Dr. Al-Alwani was not the person described in the Complaint, they refused to withdraw the offending allegations against Dr. Al-Alwani and instead, insisted on filing a RICO Statement which they knew violated Court's Case Management Order #2 (the "CMO-2") and which contained an entirely different and new set of allegations against Dr. Al-Alwani.

Even assuming these materials were relevant to the Complaint and to Dr. Al-Alwani, they simply confirm that Plaintiffs cannot possibly state a claim against Dr. Al-Alwani.  At best, Plaintiffs have evidenced the existence of a search warrant affidavit -- now almost four years old and which has born no fruit[2] -- that was based upon Dr. Al-Alwani's alleged affiliation with Sami Al-Arian and support of the Palestinian Islamic Jihad ("PIJ") and Hamas, none of which are defendants in this action or are alleged to have any connection to Al Qaeda or the September 11th Attacks.

---

[1] As Dr. Al-Alwani cannot possibly reply to each and every point and argument raised by Plaintiffs in the 10 pages permitted in this reply brief and his failure to address a particular issue should not be deemed as a concession.

[2] This search has not resulted in a single arrest, indictment, terrorist designation or a single frozen account or asset.

## ARGUMENT

### I.    THE ALLEGATIONS AGAINST DR. AL-ALWANI IN THE COMPLAINT DIFFER FROM THOSE IN THE OTHER MDL COMPLAINTS

Plaintiffs argue that they should not be sanctioned because their allegations against Dr. Al-Alwani are similar to those made by other Plaintiffs in this MDL. (O'Neill Plaintiffs' Response to Dr. Al-Alwani's Rule 11 Motion for Sanctions, ("Plaintiffs' Opp."), MDL Docket # 1556, at 2, 3.) But Dr. Alwani is only a Defendant in two cases in this MDL, *Federal Insurance*, where the claims against him have been dismissed, *see In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 570-72 (S.D.N.Y. 2005) ("*In re Terrorist Attacks II*"), and *New York Marine*, where Dr. Al-Alwani moved to dismiss on October 28, 2005. Dr. Al-Alwani was named as a Defendant in *Burnett*, but was voluntarily dismissed on January 3, 2005. (MDL Docket # 602.) He was named as a Defendant, but was not served with a summons or complaint in *Euro Brokers* and *World Trade Center*. Dr. Al-Alwani is not named as a Defendant in *Ashton*.

More to the point -- none of the complaints in those actions allege that Dr. Al-Alwani is liable for actions taken as a part of Saddam Hussein's regime and therefore they are not "similar" to those made by Plaintiffs. Rather, in each of those cases where Dr. Al-Alwani is named as a Defendant his alleged liability is based upon his purported involvement in the so-called "SAAR Network." There are no allegations concerning the existence of a "SAAR Network" in the Plaintiffs' First Amended Complaint (the "Complaint") and none of the other so-called "SAAR Network" Defendants are named as Defendants in *O'Neill*.

Because Dr. Al-Alwani is an American citizen, had absolutely no connection to Saddam Hussein's regime and has not been in Iraq since 1969 and because the Complaint's theory of liability is entirely different from that in the other cases in the MDL, it should surprise no one that Dr. Al-Alwani's immediate response to the Complaint was that Plaintiffs had served the

2

wrong person.  Plaintiffs complain that they have been singled out by Dr. Al-Alwani as the

subject of this Rule 11 motion.  But none of the other Plaintiffs in this MDL made the accusation

that Dr. Al-Alwani was part of Saddam Hussein's regime, refused to withdraw said allegations

and instead blatantly violated the Court's Orders by filing an improper RICO Statement.

## II.     PLAINTIFFS' PURPORTED "INTENTION" TO NAME
##          DR. AL-ALWANI AS A DEFENDANT IS IRRELEVANT

Plaintiffs also assert that they should not be sanctioned because Dr. Al-Alwani is the

person they *intended* to sue.  (Plaintiffs' Opp., at 7-8.)  But Plaintiffs' intention is irrelevant.  It is

black letter law that the Court should use an "objective standard of reasonableness" in

determining the existence of a Rule 11 violation.  *See Jeffreys v. P.O. Rossi*, 275 F. Supp. 2d

463, 479 (S.D.N.Y. 2003).  There is no evidentiary support -- none -- for the allegations

contained in the Complaint against Dr. Al-Alwani.[3]  (Memorandum of Law in Support of

Defendant Dr. Taha Jabir Al-Alwani's Motion for Sanctions Pursuant to Rule 11 (the "Rule 11

Motion"), MDL Docket # 1527, at 2-4, 7-10.)  Under any objective standard, the Complaint does

not name Dr. Al-Alwani as a defendant.

Plaintiffs argue that the Complaint must have named Dr. Al-Alwani because the

individual that Dr. Al-Alwani suggested may be the proper defendant, the former Mayor of

Fallujah, Taha Badwi Hamid Al-Alwani, also was not a member of Saddam Hussein's regime.

(Plaintiffs' Opp., at 9.)  But that argument is a red herring.  Al-Alwani is a common name in Iraq

(because it names a tribe), and Dr. Al-Alwani has stated that that the Complaint describes some

---

[3] Rule 11 "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable
inquiry into the viability of a pleading before it is signed." *Eastway Constr. Corp. v. City of New York*, 762 F.2d
243, 253 (2d Cir. 1985).  Plaintiffs do not state what, if anything, they purportedly did to comply with Rule 11's
reasonable inquiry requirement prior to filing their First Amended Complaint with the Court on September 28, 2004.
(*See* Declaration of Joshua M. Ambush, MDL Docket # 1558, at ¶¶ 3-5.)  At the time, Dr. Al-Alwani had already

Iraqi with that name, possibly the former Mayor of Fallujah *or some member of Saddam Hussein's' Baath Party.* (Rule 11 Motion, at 3.) It is not Dr. Al-Alwani's burden to determine who Plaintiffs included in their Complaint.

Even if the Court were to credit Plaintiffs' position that they intended to sue Dr. Al-Alwani, Plaintiffs still should be sanctioned. Plaintiffs admit that they believed that Dr. Al-Alwani "was living in northern Virginia" and was "subject to an investigation by the United States relative to the funding of terrorist organizations and was subject to a search warrant." (Ambush Decl. at ¶ 8.) Therefore, Plaintiffs knew that the complaint's allegation that Dr. Al-Alwani is a "natural person[], subject[] and citizen[] of Iraq" and a "leader[], official[], agent[]/or employee[] of Iraq and/or its Intelligence Agency" who is purportedly liable for actions taken "while acting in the course and scope of [his] employment" was false. (SAC, ¶ 36.) Nevertheless, Plaintiffs intentionally included this slanderous allegation besmirching Dr. Al-Alwani's good name.

Plaintiffs pretend that this was a harmless mistake. But knowingly and intentionally making false and scandalous allegations against a Defendant is grounds for Rule 11 sanctions. Fed. R. Civ. Pro. 11(b)(3) (Rule 11 requires party signing pleading to certify that "the allegations and other factual contentions have evidentiary support" and that pleading was not interposed to harass.) And it is difficult to credit their claim of "mistake" given that Plaintiffs again violated Rule 11 when they again knowingly included the same false allegation in their "Consolidated Complaint" on September 30, 2005. By this point, Plaintiffs had actual notice that their allegation could not possibly apply to Dr. Al-Alwani yet stubbornly -- and recklessly -- insisted

---

been alleged to be a member of the so-called "SAAR Network" in *Federal Insurance* and *Burnett*. Dr. Al-Alwani was not named as a Defendant in *Ashton* as Plaintiffs argue.

on including it in the Complaint. *See Fuji Photo Film U.S.A., Inc. v. Aero Mayflower Transit Co., Inc.*, 112 F.R.D. 664, 667 (S.D.N.Y. 1986) (persisting with a claim after it has become patently clear that is has no basis in fact or law is grounds for Rule 11 sanctions).

### III.   PLAINTIFFS CANNOT STATE A CLAIM AGAINST DR. AL-ALWANI

Plaintiffs also should be sanctioned because even if they did name Dr. Al-Alwani as a Defendant, they have not -- and cannot -- state a claim against him.  (Rule 11 Motion, at 13.)[4] The Affidavit of David Kane (the "Kane Affidavit") used by the Government to obtain a warrant to search the home and business of Dr. Al-Alwani and other "SAAR Networks Executives" in March 2002 confirms as much.  (Plaintiffs' Opp. at, 14 and n.14; Declaration of Jerry Goldman, (the "Goldman Decl."), MDL Docket # 1566, at Ex. G1-4.)  The affidavit does allege that Dr. Al-Alwani assisted the September 11th attacks or al Qaeda; it alleges only that there was "probable cause" to believe that evidence would be located at these homes and offices of Dr. Al-Alwani's alleged support of the *Palestinian Islamic Jihad ("PIJ")* or *Hamas*.  (Goldman Decl., Ex. G1, at 20-26.)  These organizations, however, had nothing to do with the September 11th attacks and are not associated with Al Qaeda.  *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 833 (S.D.N.Y. 2005) ("Plaintiffs have not alleged any relationship between Hamas and al Qaeda or the terrorist attacks of September 11.")   There is nothing in the affidavit even suggesting a connection between Dr. Al-Alwani or Al Qaeda.

The primary basis for Dr. Al-Alwani's inclusion in the Kane Affidavit was his alleged association with alleged PIJ fundraiser Sami Al-Arian.  (*See* Kane Affidavit, Attachment E at 1)

---

[4] Plaintiffs filed their "Amended" Complaint on September 30, 2005, after the Court had already found that the *Federal Insurance* Plaintiffs' vague and conclusory allegations concerning Dr. Al-Alwani's purported involvement in the so-called "SAAR Network" do "not adequately provide [Dr. Al-Alwani with] notice as to how [he] provided

(defining "Al-Alwani, Taha Jaber" and "Al-Arian, Sami").  However, in a recent lengthy and

well publicized trial in Tampa, Florida, Sami Al-Arian (represented by counsel for *Federal*

*Insurance*) was found not guilty on eight criminal charges related to terrorism support, perjury

and immigration violations.  *See e.g.* Eric Lichtblau, *Not Guilty Verdicts in Florida Terror Trial*

*Are Setback for U.S.*, N.Y. Times, December 7, 2005 at A1.

## IV.   PLAINTIFFS' SUBSEQUENT PLEADINGS ARE INCONSISTENT WITH THE COMPLAINT AND VIOLATE THE COURT'S CASE MANAGEMENT ORDERS

Rather than withdraw the offending allegations against Dr. Al-Alwani, Plaintiffs twice

insisted on filing documents they called a "More Definite Statement and/or RICO Statement."

(MDL Docket # 1156-1158.)  These documents contain an entirely new theory of liability

against Dr. Al-Alwani, one that is inconsistent with that in the Complaint.  It was patently

improper for Plaintiffs to attempt to "fix" the Complaint by filing these pleadings.  *See e.g.*

*Ochoa v. Texas Metal Trades Council*, 989 F. Supp. 828, 832 (S.D. Tex. 1997) (court is

"genuinely irritated at Plaintiff's attempt to bootstrap the Machinists into this action. . . *Manifest*

*procedural defects such as suing an improper party cannot be cured by unilaterally mixing and*

*matching monikers without regard to factual reality*.") (emphasis supplied); *Gambello v. Time*

*Warner Comm., Inc.*, 186 F. Supp. 2d 209, 229 (E.D.N.Y. 2002) (sanctioning counsel for failing

to investigate the claims properly, refusing to withdraw the claim when confronted with facts

that undermined claims and instead improperly resorting to an alternate legal argument).

Plaintiffs have provided no authority permitting them to "fix" the Complaint by filing

RICO Statements or More Definite Statements.  Indeed, just days before Plaintiffs filed their

---

material support to al Qaeda terrorists."  *In re Terrorist Attacks II*, at 570-72.  Plaintiffs' offer no explanation for doing so other than that they "disagree with the Court's decision."  (Plaintiffs' Opp., at n. 41.)

RICO Statement the Court specifically ordered that Plaintiffs could not file a RICO Statement. Plaintiffs have failed to provide a legitimate reason for the filing of this RICO Statement in blatant violation of the Court's Order and instead claim that they filed it in an "abundance of caution." (Plaintiffs' Opp., at 19.) Just recently, with the issuance of Case Management Order # 4, the Court denied Plaintiffs' request to file a RICO Statement yet again, confirming that Plaintiffs' actions were improper.[5]

## V.     PLAINTIFFS HAVE NOT COMPLIED WITH SAFE HARBOR PROVISIONS

Plaintiffs argue that they should not be sanctioned because they complied with Rule 11's safe harbor provisions. But Plaintiffs' invocation of this provision is illusory. Plaintiffs claim to have withdrawn the allegation that Dr. Al-Alwani is liable for actions taken in the course of his employment for the Iraqi government.[6] (Plaintiffs' Opp., at 19, Appendix II.) But what Plaintiffs actually have done is sought to change the words "and" and "or" to "and/or" in paragraph 36 of the Complaint. This proposed "amendment" does not withdraw or correct the offending allegations in the Complaint.[7] It does nothing but render the allegations in the Complaint meaningless.

Plaintiffs also claim that they have agreed to withdraw their RICO Statement. (Plaintiffs' Opp., at 19-20.) But Plaintiffs have only agreed to withdraw the RICO Statement if the Court does not agree to permit them to file it. Because such permission has already been twice denied,

---

[5] Plaintiffs' More Definite Statements and "First Consolidated Complaint" also blatantly violated the CMO-2 and the Federal Rules of Civil Procedure. (Rule 11 Motion, at 9-12.)

[6] Plaintiffs have refused to withdraw their allegation that Dr. Al-Alwani is a citizen and employee of Iraq, even though there is no support for these allegations. (*See* Reply Memorandum of Law in Further Support of Defendant Dr. Taha Jabir Al-Alwani's Motion to Dismiss, MDL Docket # 1530, at 4-6.)

[7] Plaintiffs argue that Dr. Al-Alwani has ignored the other allegations in the Complaint. (Plaintiffs' Opp. at 10.) However, the "allegations" in paragraphs 41, 63 and 276 of the Complaint contain no specific information and are general conclusory allegations purportedly applicable to a laundry list of defendants.

Plaintiffs' "concession" is meaningless. Rule 11's safe harbor provision requires withdrawal of the offending pleading -- not the conditional withdrawal Plaintiffs have offered.[8]

## VI.    DR. AL-ALWANI'S RULE 11 MOTION IS PROCEDURALLY PROPER

Plaintiffs argue that Dr. Al-Alwani's Rule 11 Motion should be denied because Dr. Al-Alwani failed to comply with this Court's Local Rule 2A and engage in a pre-motion conference prior to bringing the Rule 11 motion. (Plaintiffs' Opp., at 22-23.) The Court's rule, however, only applies to "dispositive motions," motions which resolve all issues in a proceeding, such as motions to dismiss or for summary judgment. Because a Rule 11 motion is not a dispositive motion, no pre-motion conference was required.

Plaintiffs also argue that Dr. Al-Alwani failed to comply with Rule 11's 21-day safe harbor provision. (*Id.*) Plaintiffs admit that Dr. Al-Alwani waited 21 days until after service of his Rule 11 Motion before filing the Rule 11 Motion with the Court on Friday December 2, 2005. But, relying on Federal Rule of Civil Procedure 6(e), Plaintiffs assert that Dr. Al-Alwani ought to have waited an additional three days, and filed the Rule 11 motion on the following Monday December 5, 2005, because Dr. Al-Alwani served the Rule 11 motion by e-mail.

Rule 6(e) only applies if "a party has the right or is required to do some act or take some proceedings within a prescribed period of time." Dr. Al-Alwani respectfully suggests that Rule 6(e) doe not apply to Rule 11's 21-day safe harbor provision. But even if the safe harbor provision is extended 3 additional days when service is made by e-mail, Dr. Al-Alwani nevertheless substantially complied with the safe harbor provision which is enough to satisfy Rule 11. *See e.g. Pannonia Farms, Inc. v. USA Cable*, 2004 WL 1276842, * 10 (S.D.N.Y. 2004)

---

[8] Plaintiffs also refuse to withdraw the "More Definite Statements" that are identical to the RICO Statement and also violate Rule 11.

(awarding Rule 11 sanctions even though Rule 11's procedural requirements not "strictly adhered to" because "the purposes of the twenty-one day safe harbor and separate motion requirement have been served.")

Indeed, Plaintiffs do not allege to have suffered any prejudice from the fact that the Rule 11 Motion was filed on a Friday rather than the following Monday.  The parties had extensive back and forth on this issue.  (Goldman Decl., at ¶¶ 41-49.)  Plaintiffs had three months, since September 2, 2005, when Dr. Al-Alwani sent his informal Rule 11 letter to withdraw their claims.  (Declaration of Steven K. Barentzen, dated December 1, 2005, MDL Docket # 1525, Ex. N.)  In fact, just days before Dr. Al-Alwani filed the Rule 11 Motion, the parties exchanged correspondence once again, and on November 30, 2005, Dr. Al-Alwani's counsel specifically advised Plaintiffs that he intended to file the Rule 11 Motion on December, 2, 2005.  (Declaration of Steven K. Barentzen, dated January 6, 2006, Ex. A.)  Plaintiffs did not object, did not ask for additional time to comply with the safe harbor provision and have not stated that they would have withdrawn the offending pleadings if given the weekend to think about it.

## VII.   PLAINTIFFS' REQUEST FOR RULE 11 SANCTIONS SHOULD BE DENIED

Plaintiffs' request for sanctions against Dr. Al-Alwani's counsel's allegedly improper litigation tactics are nothing more than a means to divert attention from their counsel's bad faith conduct, in which they: (1) "intended" to file a complaint against Dr. Al-Alwani, but did not; (2) should have conducted a reasonable inquiry prior to accusing Dr. Al-Alwani of being part of Saddam Hussein's regime, but did not; (3) reneged on their agreement to extend Dr. Al-Alwani's time to respond to the Complaint and then threatening to use Dr. Al-Alwani's alleged "default"

9

to coerce him into permitting them to file a RICO Statement[9]; (4) refused to withdraw their false allegations against Dr. Al-Alwani and instead tried to cure the manifest procedural defects in their Complaint improperly by filing defective a RICO Statement days *after* the ordered that they were not permitted do so; (5) also filed a "More Definite Statement" that contained allegations that contradicted those in the Complaint but still failed to state a claim against Dr. Al-Alwani; (6) field a "consolidated" complaint that violated the CMO-2 and still contained the offending allegation that Dr. Al-Alwani was part of Saddam Hussein's regime; and (7) pretended to comply with Rule 11's safe harbor provision by filing a baseless cross-motion to amend the complaint.

The Court should sanction Plaintiffs and their counsel to deter other prospective plaintiffs and their attorneys from filing and persisting with baseless claims against other innocent people.

## CONCLUSION

For all the foregoing reasons, Dr. Taha Jabir Al-Alwani respectfully requests that the Court sanction Plaintiffs and their attorneys and award him the attorneys' fees and costs incurred in defending this frivolous suit.

Respectfully submitted,

Dated:   January 6, 2006

By: /s/ Nancy Luque
Nancy Luque (NL-1012)
Jay Hanson (admitted *pro hac vice*)
Steven K. Barentzen (SB-8777)
DLA PIPER RUDNICK GRAY CARY US LLP
1200 Nineteenth Street
Washington, DC  20036-2247
Tel: 202-861-3900

---

[9] Plaintiffs' efforts to coerce Dr. Al-Alwani into agreeing to permit them to file a RICO Statement are documented in the Barentzen Declaration, dated December 1, 2005, MDL Docket # 1525, at ¶¶ 4-16.

10

Fax: 202-223-2085

*Attorneys for Dr. Taha Jabir Al-Alwani*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2006, I caused an electronic copy of the foregoing Reply Memorandum of Law in Further Support of Motion for Sanctions Pursuant to Rule 11 to be served by e-mail upon all parties scheduled for electronic notice.


/s/  Steven K. Barentzen
Steven K. Barentzen (SB-8777)