THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ) | Case No. 03 MDL 1570 (RCC) |
| IN RE TERRORIST ATTACKS ON ) | |
| SEPTEMBER 11, 2001 ) | |
| ) | |
| ) | |

This document relates to:

> *Kathleen Ashton, et al v. Al Qaeda Islamic Army, et al.,* Case No. 02 CV 6977 (RCC)
> *Thomas Burnett, et al v. Al Baraka Investment and Dev. Corp, et al.,* Case Nos. 03 CV 9849 (RCC) and 03 CV 5738 (RCC)
> *Euro Brokers, Inc., et al v. Al Baraka Investment and Dev. Corp., et al.,* Case No. 04 CV 7279 (RCC)
> *Federal Insurance Company, et al v. Al Qaida, et al.,* Case No. 03 CV 6978 (RCC)
> *New York Marine and General Insurance Company, et al v. Al Qaida, et al.*, Case No. 04 CV 6105 (RCC)
> *World Trade Center Properties LLC, et al v. Al Baraka Investment and Dev. Corp.,* 04 CV 7280 (RCC)

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED PURSUANT TO CASE MANAGEMENT ORDER NO. 4**

Pursuant to the Court's Case Management Order No. 4 dated December 9, 2005 (Docket No. 1546), Defendant Sami Omar Al-Hussayen, through his attorneys, respectfully submits this supplemental memorandum concerning the motions to dismiss he filed in the six consolidated cases referenced above.

Mr. Al- Hussayen was added as a defendant to this litigation by the plaintiffs in *Burnett* after his arrest in Idaho in late February 2003 on federal criminal charges was widely publicized by the

media. Mr. Al-Hussayen was then added as a defendant to other cases in lock step reliance on the allegations in *Burnett* (which were based almost entirely on the allegations contained in the criminal indictments filed in Idaho). On June 10, 2004, Mr. Al-Hussayen was acquitted of all terrorism charges by a federal jury in Idaho.[1]

Since the acquittal, plaintiffs in some of the consolidated cases abandoned their claims against Mr. Al-Hussayen after he filed a motion to dismiss. Others, however, have steadfastly ignored the acquittal and continue to rely on the criminal allegations in these civil cases with some even referring to the criminal case "now" pending against Mr. Al-Hussayen.

Specifically, Mr. Al-Hussayen filed motions to dismiss in six of the consolidated cases. All of these motions were filed prior to September 30, 2005 and none have been ruled upon by the Court. After filing these motions, Mr. Al-Hussayen was voluntarily dismissed by plaintiffs from two of the cases (*Eurobrokers* and *NY MAGIC*) and informed that he was not intended to be named as a defendant in a third case (*Ashton*), which was confirmed by stipulation. Thus, presently pending are motions to dismiss filed by Mr. Al-Hussayen in three actions (*Burnett*, *Federal*

---

[1] The material support of terrorism charges filed against Mr. Al-Hussayen arose out of his involvement with certain Islamic internet websites while attending school in the United States. The websites were alleged to be supportive of Muslims in Chechnya and Palestine, but were not alleged to have provided material support to al Qaida. In fact, prior to the criminal trial the federal prosecutors involved in the case (from the Counterterrorism Division at the Department of Justice and the local U.S. Attorney's Office) made clear that they did not intend to assert at trial that Mr. Al-Hussayen was involved in, responsible for, or had advance knowledge of the September 11th attacks or connected to al Qaida. *See, e.g.* Government Memo of Law, Docket Entry 483, at 3 ("As we have previously stated, 'The government does not intend to assert during trial, that defendant was involved with the events of September 11, 2001, or that he has any direct connection with Usama bin Laden or al Qaeda'"). The filings in *United States v. Sami Omar Al-Hussayen*, U.S. District Court for the District of Idaho, Case No. CR03-048-C-EJL are available from the District Court's web site, at https://ecf.idd.uscourts.gov/cgi-bin/login.pl.

2 • SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED PURSUANT TO CASE MANAGEMENT ORDER NO. 4

*Insurance* and *World Trade Center Properties*).[2]  Mr. Al-Hussayen submits this memorandum to apprise the Court of these developments and to address plaintiffs recent filings.

### A. CONSOLIDATED CASES IN WHICH MR. AL-HUSSAYEN FILED MOTIONS TO DISMISS BUT IS NO LONGER A PARTY

1. *Kathleen Ashton, et al v. Al Qaeda Islamic Army, et al.,* Case No. 02 CV 6977 (RCC)

On March 14, 2005, Mr. Al-Hussayen filed a motion to dismiss in *Ashton* (Docket No. 251/MDL Docket No. 732) since he was referenced in the body of the pending Complaint but not in the caption, and thus it was unclear whether the plaintiffs intended to name him as a defendant. After filing this motion, Mr. Al-Hussayen was informed by plaintiffs' counsel that in fact he was not intended to be a party defendant, which was confirmed by stipulation of the parties and Court Order. (MDL Docket No. 760 – Stipulation Confirming Sami Omar Al-Hussayen is Not a Defendant and Withdrawing Motion to Dismiss and corresponding Order.)

2. *Euro Brokers, Inc., et al v. Al Baraka Investment and Dev. Corp., et al.,* Case No. 04 CV 7279 (RCC)

On March 14, 2005, Mr. Al-Hussayen filed a motion to dismiss in *Euro Brokers* (Docket No. 20/MDL Docket No. 725). Thereafter, plaintiffs filed a Notice of Voluntary Dismissal of Mr. Al-Hussayen (MDL Docket No. 922).

3. *New York Marine and General Insurance Company, et al v. Al Qaida, et al.*, Case No. 04 CV 6105 (RCC)

On March 14, 2005, Mr. Al-Hussayen filed a motion to dismiss in *NY MAGIC* (Docket No.

---

[2] Mr. Al-Hussayen does not appear from a review of the voluminous pleadings filed to date to be named as a party in any of the other consolidated cases.

3 • SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED PURSUANT TO CASE MANAGEMENT ORDER NO. 4

57/MDL Docket No. 727).  After filing this motion, plaintiffs agreed to Mr. Al-Hussayen's dismissal with prejudice, which was confirmed by stipulation and Court Order (MDL Docket No. 1118 – Stipulation for Dismissal With Prejudice of Defendant Sami Omar Al-Hussayen and corresponding Order).

### B.   CONSOLIDATED CASES IN WHICH MR. AL-HUSSAYEN FILED MOTIONS TO DISMISS AND REMAINS A PARTY

1.  *Thomas Burnett, et al v. Al Baraka Investment and Dev. Corp, et al.,* Case Nos. 03 CV 9849 (RCC) and 03 CV 5738 (RCC)

On July 23, 2004, Mr. Al-Hussayen filed a motion to dismiss in *Burnett* (MDL Docket No. 329).  Notwithstanding the fact that plaintiffs in *Burnett* (as well as *World Trade Center Properties*) are represented by the Motley Rice law firm, the same counsel which filed a Notice of Voluntary Dismissal dismissing Mr. Al-Hussayen from the *Euro Brokers* lawsuit, plaintiffs in the *Burnett* action have not agreed to dismiss Mr. Al-Hussayen from this lawsuit.  Accordingly, this motion is at issue.

Mr. Al-Hussayen was first added as a party to this litigation after the *Burnett* plaintiffs included his name without further detail in Plaintiffs' Second Addition and Removal of Defendants Pursuant to Case Management Order No. 1 and Federal Rule of Civil Procedure 15(d), filed May 2, 2003, before the case was transferred from the District of Columbia.  (Docket No. 139, U.S. District Court for the District of Columbia, Case No. 1:02-CV-1616.)  Plaintiffs later filed a More Definite Statement as to Mr. Al-Hussayen following the transfer to this District (MDL Docket No. 149)

4   •   SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED PURSUANT TO CASE MANAGEMENT ORDER NO. 4

("MDS")[3] which was based almost entirely upon the criminal indictments filed in the District of Idaho alleging criminal terrorism offenses unrelated to the events of September 11, 2001.

Plaintiffs were required by Case Management Order #2 ("CMO2"), as amended, to file "an amended complaint that includes all amendments made prior to that date, whether made pursuant to Rule 12(e) or otherwise." CMO2, p. 7, para 13. Instead plaintiffs filed a "Notice of Consolidation of Pleadings" (MDL Docket No. 1377) which purports to comply with CMO2, but instead merely "consolidates" prior pleadings filed by plaintiffs - - including the two concerning Mr. Al-Hussayen, namely the initial Notice listing him as a defendant and the MDS.[4]

No new allegations concerning Mr. Al-Hussayen are made by plaintiffs in this "Notice of Consolidation" which simply refers to plaintiffs' prior filings.[5]

---

[3] Plaintiffs made the MDS applicable to the transferred *Burnett* case (Case No. 03 CV 9849) as well as the companion *Burnett* case (03 CV 5738).

[4] Mr. Al-Hussayen objects to this filing because it violates CMO2 which required the filing of an amended complaint, not a "Notice of Consolidation" which purports to consolidate approximately fifty (50) separate pleadings and their various attachments in lieu of a complaint filed in conformity with Rules 8 and 10 of the Federal Rules of Civil Procedure.

[5] While not expressly stated by plaintiffs in their filings concerning Mr. Al-Hussayen, it is believed that they no longer intend to pursue a RICO claim against Mr. Al-Hussayen. Plaintiffs have not filed the required RICO Statement concerning Mr. Al-Hussayen and have stated in later filings concerning other defendants that they do not intend to pursue such claims. *See, e.g.* Plaintiffs' Consolidated Memorandum of Law in Opposition to the Motion to Dismiss of Defendant Sheikh Saleh Al-Hussayen, filed September 20, 2005, MDL Docket No. 1248, fn. 17 ("The defendant challenges the standing of the Burnett Plaintiffs to pursue RICO claims. *Those Plaintiffs do not intend to pursue those claims at this time*, and therefore do not address the defendant's standing argument herein." (emphasis added)).

5 • SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED PURSUANT TO CASE MANAGEMENT ORDER NO. 4

2.	*Federal Insurance Company, et al v. Al Qaida, et al.,* Case No. 03 CV 6978 (RCC)

On March 14, 2005, Mr. Al-Hussayen filed a motion to dismiss in *Federal Insurance* (Docket No. 278/MDL Docket No. 729), which is now at issue.

The motion addresses plaintiffs' First Amended Complaint filed March 10, 2004 (Docket No. 104/MDL Docket No. 111) ("1AC") including the failure properly to serve Mr. Al-Hussayen. No factual allegations concerning Mr. Al-Hussayen are contained in the 1AC, only the conclusory allegation that Mr. Al-Hussayen, together with hundreds of other defendants listed in a paragraph that is four pages in length, "aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons, as described herein." 1AC at p. 39.

After filing this motion, plaintiffs on April 13, 2005 filed a RICO Statement (MDL Docket No. 815) which among other matters purports in a footnote to incorporate by reference the complete More Definite Statement filed by the *Burnett* plaintiffs. Plaintiffs filed this RICO Statement in advance of filing their memorandum in opposition to Mr. Al-Hussayen's motion to dismiss (MDL Docket No. 908) and Mr. Al-Hussayen's reply memorandum (MDL Docket No. 1011).

 On September 30, 2005, plaintiffs filed a pleading styled "First Amended Complaint with Incorporated More Definite Statements, RICO and Rule 15(d) Supplemental Pleadings, Filed in Accordance with Paragraph 13 of Case Management Order Number 2" (*See* MDL Docket No. 1407). This second "First Amended" Complaint does not contain new factual allegations concerning Mr. Al-Hussayen but instead purports at footnote 13 to incorporate as part of this Complaint plaintiffs' previously filed RICO Statement as to Mr. Al-Hussayen (and the RICO

6 •	SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO
	DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED
	PURSUANT TO CASE MANAGEMENT ORDER NO. 4

statement incorporates the More Definite Statement filed by the *Burnett* plaintiffs).[6]

     3.    *World Trade Center Properties LLC, et al v. Al Baraka Investment and Dev. Corp.,* 04 CV 7280 (RCC)

On March 14, 2005, Mr. Al-Hussayen filed a motion to dismiss in *World Trade Center Properties* (Docket No. 20/MDL Docket 724), and this motion is at issue. Curiously, on September 27, 2005, plaintiffs filed "Plaintiffs' More Definite Statement as to Defendant Sami Omar Al-Hussayen" (MDL Docket No. 1288), which contains the identical allegations set forth in their Complaint.[7] Plaintiffs then filed a "Notice of Consolidation of Pleadings" (MDL Docket No. 1379) on September 30, 2005, which like the filing in *Burnett* purports to comply with CMO2 and consolidate prior pleadings filed by plaintiffs including two pleadings concerning Mr. Al-Hussayen, which consist of the recently filed More Definite Statement and a RICO Statement.[8]

No new allegations concerning Mr. Al-Hussayen are made by plaintiffs in this "Notice of Consolidation" which simply refers to plaintiffs' prior filings.

---

[6] Mr. Al-Husssayen objects to this filing which seeks by incorporation to expand its allegations *ad infinitum* as it violates the CMO2 and F.R.Civ.P. 8, 10.

[7] This "More Definite Statement" is again a verbatim "cut and paste" recitation of an early filing in *Burnett* including reference to "the defense currently asserted by Sami Al-Hussayen in his criminal trial in Idaho." MDS, para. 31. Mr. Al-Hussayen was, again, acquitted by an Idaho jury of terrorism charges in June of 2004, and we pointed out this patently erroneous reference to these same plaintiffs in *World Trade Center Properties* in our initial memorandum filed March 14, 2005. (MDL Docket No. 724, p. 6, fn.4.). Nevertheless, they continue to stubbornly repeat the same erroneous allegations.

[8] Mr. Al-Hussayen again objects to this filing as it violates the CMO2 and F.R.Civ.P. 8, 10.

7  •  SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED PURSUANT TO CASE MANAGEMENT ORDER NO. 4

### C.    CONCLUSION

For the reasons stated in Mr. Al-Hussayen's pending motions to dismiss and their supporting materials, these motions should be granted.

DATED this 9th day of January, 2006.

                                                    Respectfully submitted,

___/s/_____

| | |
|---|---|
| Joshua L. Dratel (JLD 4037) | Scott McKay (SM3330) |
| JOSHUA L. DRATEL, P.C. | NEVIN, BENJAMIN & MCKAY LLP |
| 14 Wall Street, 28th Floor | David Z. Nevin (DN2615) |
| New York, NY 10005 | Sheryl L. Musgrove (SLM5233) |
| Telephone: 212-732-0707 | 303 West Bannock |
| Facsimile: 212-571-6341 | P.O. Box 2772 |
| | Boise, ID 83701 |
| | Telephone:  208-343-1000 |
| | Facsimile: 208-345-8274 |

*Attorneys for Defendant Sami Omar Al-Hussayen*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of January, 2006, I caused the foregoing to be served electronically pursuant to the Court's ECF system on all counsel of record.

                ___/s/_____
                Scott McKay