UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) <br> ECF Case |

*This document relates to:*

    *Estate of O'Neill, et al. v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.)

    *Estate of O'Neill, et al. v. Al Baraka, et al.*, Case No. 04 CV 1923 (RCC) (S.D.N.Y.)

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS SCHREIBER & ZINDEL TREUHAND ANSTALT, FRANK O. ZINDEL, ENGELBERT SCHREIBER, SR. AND <u>ENGELBERT SCHREIBER, JR.'S MOTION TO DISMISS</u>**

 

**SCHIFF HARDIN LLP**

Donald A. Klein (DK7821)
623 Fifth Avenue
New York, NY 10022
(212) 753-5000

John N. Scholnick (JS7654)
Ayad P. Jacob (AJ6888)
6600 Sears Tower
Chicago, IL 50505
(312) 258-5500

Attorneys for Defendants
*Schreiber & Zindel Treuhand Anstalt, Frank O. Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr.*

TABLE OF CONTENTS

| | | |
|---|---|---:|
| **I.** | **INTRODUCTION**................................................................................................ | 1 |
| **II.** | **ARGUMENT**........................................................................................................ | 4 |
| **III.** | **CONCLUSION** ................................................................................................... | 8 |

## TABLE OF AUTHORITIES

**Cases**                                                                                             **Page No.**

*In re Terrorist Litigation*,
349 F. Supp.2d 765 (S.D.N.Y. 2005)……………………………………….……*passim*

Pursuant to Case Management Order 4, Defendants Schreiber & Zindel Treuhand Anstalt, Frank Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr., (hereinafter collectively "S&Z Defendants" unless individually referenced) respectfully submit this supplemental memorandum in support of their motion to dismiss Plaintiffs' Consolidated Complaints in *Estate of O'Neill, et al. v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.) ("*Republic of Iraq*") and *Estate of O'Neill, et al. v. Al Baraka, et al.*, Case No. 04 CV 1923 (RCC) (S.D.N.Y.) ("*Al Baraka*") pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## I. INTRODUCTION

On August 19, 2003 Plaintiffs filed their initial complaint ("Complaint") in *Republic of Iraq* accusing the S&Z Defendants of conspiring to commit the most heinous acts of terrorism without pleading a single averment of substantive fact.  In the place of specific factual allegations, Plaintiffs, in five paragraphs (¶¶ 31, 39, 41, 56 and 235) offered a mixture of patently false and conclusory allegations about the S&Z Defendants' purported involvement in a conspiracy to engage in acts of terrorism.  In the two paragraphs that contained allegations specific only to the S&Z Defendants, Plaintiffs alleged that "according to documents from the Government of Liechtenstein" the S&Z Defendants were "involved in money laundering activities on behalf of Al Qaeda and Al Taqwa Bank" including the laundering of "revenues from the sale of Iraqi oil under the United Nation's food-for-oil program . . . . " (Complaint ¶¶ 39, 41)

In a February 9, 2004 Rule 11 letter, counsel for Defendants provided Plaintiffs' with certified translations of letters from the government of Liechtenstein specifically contradicting the allegations alleged in paragraphs 39 and 41 of Plaintiffs' initial complaint.  In these letters,

1

the Ministry of Justice of the Principality of Liechtenstein denied that their government ever issued any documents indicating that each of the S&Z Defendants was ever involved in money laundering activities on behalf of Al Qaeda and/or Al Taqwa Bank.  Additionally, a separate letter stated that neither Schreiber & Zindel Treuhand Anstalt nor any company administered by it has ever received approval from the Liechtenstein Government to enter into agreements under the food-for-oil program – a prerequisite for participation under the food-for-oil program.

On December 30, 2004, conceding the baseless nature of these allegations, Plaintiffs filed their Second Amended Complaint, which withdrew the allegations contained in paragraphs 39 and 41 of the their initial Complaint.  (Dkt. No. 619)  In its place Plaintiffs offered mere conclusory allegations that the S&Z Defendants along with numerous other defendants conspired with terrorists to execute the September 11th attacks.  (*see* ¶¶ 38, 41, 53, and 256).  Plaintiffs; at this time also filed a Second Amended Complaint in *Al Baraka* adding the S&Z Defendants as named parties.  (Dkt. No. 620)  Again, in the place of specific factual allegations, Plaintiffs, in two conclusory paragraphs (¶¶ 22 and 76) offered a mixture of unsupported and conclusory allegations of purported involvement in a conspiracy to engage in terrorism.

On May 20, 2005, the S&Z Defendants filed a motion to dismiss the Second Amended Complaints in both *Republic of Iraq* and *Al Baraka* for insufficiency of service of process and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(2), respectively.  (Dkt. Nos.  926-931)  On June 7, 2005, before responding to Defendants' motion to dismiss and in an apparent effort to cure their pleading deficiencies, Plaintiffs filed a Third Amended Complaint in *Republic of Iraq*.  (Dkt. No. 983)  In addition to re-pleading the conclusory allegations contained in their Second Amended Complaint, Plaintiffs re-inserted into paragraphs 49 and 50 the allegations withdrawn from the initial Complaint.  The sufficiency of

2

these additional allegations were addressed in a supplemental memorandum filed by the S&Z Defendants on July 8, 2005. (Dkt. Nos. 1040 and 1041)  Subsequently, the S&Z Defendants' Motion to Dismiss was fully briefed by the parties and courtesy copies provided to the Court on September 26, 2005.

On July 19, 2005, Plaintiffs counsel in a letter to this court requested that an order be entered modifying Case Management Order No. 2 (CMO-2) to provide that RICO Statements constitute supplemental pleadings that serve to amend previously filed complaints.  (*See* Aug. 22, 2005 Endorsed Letter, Dkt. No. 1144)  On August 2, 2005, Plaintiffs filed their Amended RICO Statement as to the S&Z Defendants stating that the filing was a "supplemental" pleading to their complaint.  (Dkt. No. 1105)  On August 22, 2005 the Court entered an Order denying Plaintiffs' request to modify CMO-2 to provide that RICO statements serve as supplemental pleadings. (*See* Aug. 22, 2005 Endorsed Letter, Dkt. No. 1144)

As originally set forth, paragraph 13 of CMO-2 allowed the parties to amend their pleadings to and including July 31, 2005, at which time plaintiffs were required to "file an amended complaint that includ[ed] all amendments made prior to that date. . . ."  The Court subsequently extended this deadline to September 30, 2005.  (*See* July 27, 2005 Endorsed Letter, Dkt. No. 1073).

On September 30, 2005, in a last minute attempt to save their complaints, Plaintiffs filed More Definite Statements/Additional Allegations ("More Definite Statements") against the S&Z Defendants (Dkt. Nos. 1339 and 1361) which they then incorporated by reference into Consolidated Complaints filed the same day. (Dkt. Nos. 1568 and 1570)  While purporting to be new filings, Plaintiffs' More Definite Statements merely repackaged their previously filed RICO Statements, in a blatant end-run around CMO-2 and this Court's order indicating that RICO

3

Statements are not considered amendments to the complaint. (*See* Aug. 22, 2005 Endorsed Letter, Dkt. No. 1144) Moreover, the Consolidated Complaints do not include prior amendments as required by CMO-2 but instead simply incorporate by reference statements that this Court has ruled should not be considered amendments. Because Plaintiffs have attempted to circumvent CMO-2 and this Court's orders regarding the effect of RICO Statements, the allegations contained in the More Definite Statements as incorporated into the Consolidated Complaints should be ignored.

Notwithstanding and without conceding the appropriateness or adequacy of Plaintiffs' recent filings, the allegations contained in the More Definite Statements and incorporated by reference into Plaintiffs' Consolidated Complaints, do not save Plaintiffs' claims. The Consolidated Complaints are still subject to dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.[1] Plaintiffs have again failed to allege with any specificity facts setting forth Defendants' conduct relating to the events of September 11th. Even with these "new" allegations the facts alleged are insufficient, and any exercise of personal jurisdiction here would not comport with the requirements of due process.

## II.
## ARGUMENT

**A.    The More Definite Statements As Incorporated Into Plaintiffs' Consolidated Complaints Were Filed in Violation of this Court's Orders and Should be Disregarded.**

Paragraph 13 of CMO-2 allowed the parties to amend their pleadings to and including July 31, 2005, at which time plaintiffs must "file an amended complaint that includes

---

[1] The allegations raised in Plaintiffs' More Definite Statements do not implicate Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and accordingly this basis for dismissal is not addressed herein.

4

all amendments made prior to that date. . . ."  The Court subsequently extended this deadline to September 30, 2005.  (*See* July 27, 2005 Endorsed Letter, Dkt. No. 1073).

On September 30, 2005 Plaintiffs filed More Definite Statements as to the S&Z Defendants in both *Republic of Iraq* and *Al Baraka*.  While purporting to be new pleadings, Plaintiffs' More Definite Statements simply reiterated verbatim the allegations contained in their RICO Statements.  Plaintiffs' 11th hour filing of these More Definite Statements is a blatant attempt to circumvent CMO-2 and this Court's Aug. 22, 2005 Endorsed Letter denying Plaintiffs' request that CMO-2 be revised to provide that RICO Statements serve as amendments to the complaints in actions other than the *Federal Insurance* case.  (*See* Aug. 22, 2005 Endorsed Letter, Dkt. No. 1144).

Moreover, the Consolidated Complaints fail to include prior amendments as required by CMO-2.  Plaintiffs, instead attach as exhibits and incorporate by reference, "as if set forth at length," numerous filings that this Court has ruled should not be considered amendments.  (*See Republic of Iraq* and *Al Baraka* Consolidated Complaints, ¶¶ 220(d) and 127(m), respectively.).  Plaintiffs' Consolidated Complaints do not simplify and streamline the allegations as envisioned by CMO-2.  Indeed, Plaintiffs in seeking an extension to file their consolidated complaints acknowledged that the clear objective in filing a final amended complaint "was to ensure that any and all additional allegations contained in More Definite Statements or other filings would be incorporated into a single pleading in each of the cases."  (*See* July 15, 2005 Letter from Sean Carter submitted on behalf of all Plaintiffs requesting an extension to the existing deadline for filing amended complaints, Dkt. No. 1073.)  Because Plaintiffs have ignored CMO-2 and this Court's orders regarding the effect of RICO Statements, the allegations contained in the More Definite Statements as incorporated into the Consolidated Complaints should be disregarded.

B.    **Plaintiffs' More Definite Statements Do Not Cure The Deficiencies In Plaintiffs' Complaints.**

The allegations contained in Plaintiffs' More Definite Statements and incorporated into their Consolidated Complaints contain lengthy boiler plate language, interspersed with vague claims of wrongdoing by the S&Z Defendants.  These additional allegations contain no averments of fact, but merely offer once again unsupported conclusory statements that this Court has deemed inadequate to support personal jurisdiction.  *In re Terrorist Litigation*, 349 F. Supp.2d 765 (S.D.N.Y. 2005).

Stripped of boilerplate language Plaintiffs allege that:

> Schreiber and Zindel, Frank Zindel, Engelbert Schreiber and Engelbert Schreiber, Jr. have long provided financial support and other forms of material support to terrorist organizations.  (*Republic of Iraq* and *Al Baraka* More Definite Statements ¶ 21)
>
> [T]he firm of Schreiber and Zindel has been used to launder money for Abdullah Omar Naseef, an individual associated with the SAAR Foundation and Rabita Trust . . . .  Laundering the money occurred through the Al Taqwa Bank, also a co-defendant in the above-referenced cases.  All three entities, SAAR, Rabita Trust and Al Taqwa Bank have been sanctioned by the U.S. Government.  (*Republic of Iraq* and *Al Baraka* More Definite Statements ¶ 22)
>
> Documents from the Government of Liechtenstein reveal that Schreiber and Zindel were "gatekeepers" for laundering funds through Al Taqwa for terrorist recipients, for many years.  Some sources in Liechtenstein say that Schreiber and Zindel were instrumental in establishing Al Taqwa Bank as a shell for this purpose.  (*Republic of Iraq* and *Al Baraka* More Definite Statements ¶ 23)
>
> According to a published report, Engelbert Schreiber and Engelbert Schreiber, Jr. are listed on corporate documents for Nasreddin International Group Ltd. Holding, a co-defendant in this case, and a company which was also sanctioned by the United States Government.  This company is owned by Ahmed Idris Nasreddin, the principal owner of Al Taqwa Bank, is an individual who has also been sanctioned United States Government.  Since 1993, Engelbert Schreiber, who was later replaced by his son, Engelbert Schreiber, Jr., have been trustees of Nasreddin Group International Limited Holdings, also known as

6

> Nasreddin International Group Ltd.  (*Republic of Iraq* and *Al Baraka* More Definite Statements ¶ 26)
>
> As owners and directors of Schreiber and Zindel, Frank Zindel, Engelbert Schreiber and Engelbert Schreiber, Jr. oversaw and had knowledge of the activities that supported Al Qaeda.  (*Republic of Iraq* and *Al Baraka* More Definite Statements ¶ 28)
>
> Frank Zindel, Engelbert Schreiber and Engelbert Schreiber, Jr. have long known that accounts under their control were being used to solicit and transfer funds to terrorist organizations, including Al Qaeda.  Despite this knowledge they continued to permit, make available, assist, and maintain those accounts.  (*Republic of Iraq* and *Al Baraka* More Definite Statements ¶ 29)

Aside from the fact that these allegations are patently false and should be disregarded, the allegations are insufficient averments, even if credited, to establish jurisdiction over each S&Z Defendant.

The allegations contain no factual averments that the S&Z Defendants "directed, controlled, or requested that al Qaeda or any other defendant undertake terrorist activities."  349 F. Supp. 2d at 806.  "Nor are there any specific factual allegations concerning their knowledge of, or consent to those activities." *Id.*.  Plaintiffs conclusory allegations that as owners and directors the S&Z Defendants had knowledge of the activities that supported Al Qaeda (More Definite Statements ¶¶ 28-29) are hardly a sufficient basis from which this Court could impute to Defendants the conduct of their alleged co-conspirators.  Accordingly, the exercise of personal jurisdiction on a conspiracy theory would be inappropriate.

Moreover, Plaintiffs cannot establish on their pleaded facts that the S&Z Defendants "purposefully directed" any activities at the United States.  Plaintiffs must "make a prima facie showing of each Defendant's *personal or direct participation* in the conduct giving rise to the Plaintiffs' injuries."  *In re Terrorist Litigation*, 349 F. Supp.2d at 809. (emphasis added) Plaintiffs' More Definite Statements are completely void of specific allegations that the S&Z

Defendants directly participated in the September 11th attacks. Plaintiffs instead attempt to weave together supposition and speculative, but patently false allegations, in the hope that it will suffice to support their claims. "Legal conclusions done up as factual allegations are not facts and cannot substitute for facts." 349 F. Supp.2d at 813. *See also Burnett v. Al Baraka Invest. and Dev. Corp.*, 292 F.Supp.2d 9, 23 (D.D.C. 2003) (allegations that defendant funded charities with knowledge that the organizations funded terrorist groups fell short of adequately alleging conduct "purposely directed" at the United States). Plaintiffs do not allege and cannot establish that Defendants purposely directed any activities related to events of September 11th. Accordingly, the exercise of specific jurisdiction under a "purposefully directed activities" theory is likewise inappropriate.

## III.
## CONCLUSION

For the foregoing reasons and as set forth in Defendants' various memoranda in support of their motion to dismiss, Defendants Schreiber & Zindel Treuhand Anstalt, Frank O. Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr. respectfully request that this Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Dated: January 9, 2006.	Respectfully Submitted,

          SCHIFF HARDIN LLP

By:	/s/Ayad Paul Jacob
Donald A. Klein (DK7821)
623 Fifth Avenue
New York, NY 10022
(212) 753-5000

John N. Scholnick (JS7654)
Ayad P. Jacob (AJ6888)
6600 Sears Tower
Chicago, IL  50505
(312) 258-5500

Attorneys for Defendants
*Schreiber & Zindel Treuhand Anstalt, Frank O. Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2006, I caused the foregoing **Supplemental Memorandum** to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to paragraph 9(a) of Case Management Order No. 2.

/s/ Ayad Paul Jacob