UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September, 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to: *Burnett v. Al Baraka Inv. & Dev. Corp.*, 03 CV 9849 (RCC)

## AL RAJHI BANK'S OPPOSITION TO
## *BURNETT* PLAINTIFFS' MOTION FOR RECONSIDERATION

January 11, 2005

**WHITE & CASE** LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005

*Attorneys for*
*Al Rajhi Banking & Investment Corporation*

# **TABLE OF AUTHORITIES**

*Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987)..............................................................................2

*Davidson v. Scully*, 172 F. Supp. 2d 458 (S.D.N.Y. 2001)..............................................................1

*In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613
    (S.D.N.Y. 2000)..................................................................................................................1

*Hogan v. Consol. Rail Corp.*, 961 F.2d 1021 (2d Cir. 1992)..........................................................2

*Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341 (S.D.N.Y. 2002),
    *aff'd*, No. 02-7867, 2003 WL 328825 (2d Cir. Feb 13, 2003).............................................1

*In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765
    (S.D.N.Y. 2005) ..................................................................................................................3

*Twombley v. Bell Atlantic Corp.*, 425 F.3d 99 (2d Cir. 2005) ........................................................3

*Watson v. United States*, 04 Civ. 2222, 2005 WL2560375
    (S.D.N.Y. Oct. 12, 2005) ....................................................................................................1

This Court acted well within its discretion in declining to authorize an immediate appeal of the Rule 12(b)(6) dismissal of Al Rajhi Bank. Indeed, this Court's decision is unassailable given that Plaintiffs failed to identify any sound basis for deviating from the ordinary rules of appellate procedure as to the dismissal of Al Rajhi Bank. The *Burnett* Plaintiffs offer no valid reason for revisiting that decision, and their motion for reconsideration should be denied.

## ARGUMENT

This Court has repeatedly emphasized that "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)), *aff'd*, No. 02-7867, 2003 WL 328825 (2d Cir. Feb. 13, 2003); *see also Watson v. United States*, 04 Civ. 2222, 2005 WL 2560375 (S.D.N.Y. Oct. 12, 2005) (same). A motion for reconsideration may not be used "as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

Consistent with these admonitions, Local Civil Rule 6.3 states that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Here, the *Burnett* Plaintiffs do not comply with this requirement; they do not identify any matters or controlling decisions that this Court overlooked. The *Burnett* Plaintiffs instead merely reiterate their prior arguments and invite this Court to reconsider its prior ruling. Such re-argument is not an appropriate basis for a motion for reconsideration.

Al Rajhi Bank will refrain from reiterating here all of the arguments it made in opposing Rule 54(b) certification. Those arguments are fully set forth in Al Rajhi Bank's opposition

memorandum dated June 6, 2005 (Docket # 972) and summarized in the parties' joint letter to the Court dated October 28, 2005. Here the Bank will simply respond to certain specific statements in the *Burnett* Plaintiffs' reconsideration papers.

First, the *Burnett* Plaintiffs' main point — recycled from their initial Rule 54(b) papers — seems to be that immediate Second Circuit guidance on the appropriate pleading standard is needed to guide this Court's resolution of other Rule 12(b)(6) motions. Under controlling law, however, this is not a sound basis for certifying an appeal under Rule 54(b). The Second Circuit could not be more clear on this issue. In *Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987), the Court stated: "In the multiple party situation where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants." 811 F.2d at 710. Similarly, in *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021 (2d Cir. 1992), the Court explicitly rejected the use of Rule 54(b) certification to present the Court of Appeals with test cases to verify the conclusions of a district court: "[A]bsent any special circumstances indicating that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered, disposing of all the claims of all the parties, will cause unusual hardship or work an injustice, the district court's preference to have pretrial appellate review of its assessment of the sufficiency of the evidence to support a given claim is an improper basis for entry of an immediate partial final judgment." 961 F.2d at 1026. Thus, the fact that there will be other Rule 12(b)(6) issues coming before this Court in this proceeding is a reason for declining Rule 54(b) certification, not a reason for granting it as the *Burnett* Plaintiffs assert.

Furthermore, this Court hardly needs any additional guidance as to the appropriate pleading standard. That standard is well established, and the *Burnett* Plaintiffs do not and cannot maintain that this Court has misstated that standard. *See In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 825, 831-33 (S.D.N.Y. 2005) (setting forth liberal notice-pleading standard). The *Burnett* Plaintiffs' real objection is how that standard was applied to the undeniably conclusory allegations made against Al Rajhi Bank. An appellate test case as to the application of the pleading standard to the allegations against Al Rajhi Bank would be unlikely to assist this Court in resolving future 12(b)(6) motions addressing the allegations against other Defendants because the allegations against each Defendant are different.

The *Burnett* Plaintiffs themselves, in their own motion papers, indirectly acknowledge that the pleading standard is well settled and was properly articulated by this Court. In referring to the recent decision of *Twombley v. Bell Atlantic Corp.*, 425 F.3d 99 (2d Cir. 2005), the *Burnett* Plaintiffs state that the Second Circuit "re-iterated" and "re-affirmed" the familiar notice-pleading standard. Notably, in *Twombley*, an antitrust case alleging a conspiracy not to compete, the district court had not applied the ordinary notice-pleading standard. Instead, it had applied a heightened pleading standard requiring the allegation of at least one "plus factor" tending to exclude the possibility of independent conscious parallelism. *Id.* at 104. The Second Circuit reversed, holding that the heightened pleading standard was unwarranted. Tellingly, the Second Circuit's explication of the appropriate notice-pleading standard, with citations to *Swierkiewicz* and *Conley*, is perfectly in line with this Court's recitation of the pleading standard it was applying in its January 18, 2005 opinion and order. *Compare In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d at 825, *with Twombley*, 425 F.3d at 107-08.

Simply put, neither *Twombley* nor any other recent controlling authority calls into question this Court's January 18, 2005 ruling or the recent Rule 54(b) decision. The *Burnett* Plaintiffs may continue to be disappointed with those rulings, but their disappointment is no justification for this Court to reconsider either one.

The *Burnett* Plaintiffs never explain why they have singled out Al Rajhi Bank as the sole 12(b)(6) Defendant for immediate appeal. Al Rajhi Bank is one of five Defendants dismissed under Rule 12(b)(6) in the January 18, 2005 decision. This singling out of one Defendant suggests that the *Burnett* Plaintiffs are motivated by some strategic objective rather than by any bona fide interest in clarifying the appropriate pleading standard.

Finally, contrary to the suggestion by the *Burnett* Plaintiffs, there is nothing inconsistent about certifying an immediate appeal as to certain jurisdictional dismissals on the consent of all affected parties (including foreign sovereigns), while declining to certify an immediate appeal as to a single hand-picked Rule 12(b)(6) Defendant, where that Defendant and other affected Defendants oppose the certification. Each requested certification must be considered on its own merit, and this Court acted appropriately in certifying the jurisdictional dismissals and not the 12(b)(6) dismissal of Al Rajhi Bank.

In short, the *Burnett* Plaintiffs have not provided this Court with any sound basis for reconsidering its Rule 54(b) decision as to Al Rajhi Bank. Notably, the other Plaintiffs evidently agree with this conclusion, as none of them has joined in the *Burnett* Plaintiffs' motion.

## **CONCLUSION**

The *Burnett* Plaintiffs' motion for reconsideration should be denied.

Dated: January 11, 2006  
       Washington, D.C.

Respectfully submitted,

**WHITE & CASE** LLP

By: /s/ Christopher M. Curran  
    Christopher M. Curran (CC-4779)  
    Nicole E. Erb (NE-7104)  
    701 Thirteenth Street, N.W.  
    Washington, D.C. 20005  
    Telephone: (202) 626-3600

*Attorneys for*  
*Al Rajhi Banking & Investment Corporation*