UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) <br><br> ECF Case |

This document relates to:   Continental Casualty Co., et al. v. Al Qaeda Islamic Army (04-CV-5970) (RCC)

Federal Insurance Co. v. al Qaida
(03-CV- 6978) (RCC)

New York Marine and General Insurance Co. v. Al Qaida, et al. (04-CV-6105) (RCC)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT ABDUL AZIZ BIN IBRAHIM AL-IBRAHIM

SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
(212) 332-3800

*Attorneys for Defendant*
 *Abdul Aziz Bin Ibrahim Al-Ibrahim*

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

PRELIMINARY STATEMENT ..................................................................................................... 1

I    PLAINTIFFS HAVE NOT STATED A PRIMA FACIE CASE FOR PERSONAL JURISDICTION OVER AL-IBRAHIM. ........................................................................... 2

    A.    There Is No General Jurisdiction Over Al-Ibrahim. ........................................... 2

    B.    There Is No Specific Jurisdiction Over Al-Ibrahim............................................. 3

II    THE COMPLAINTS FAIL TO STATE A CLAIM AGAINST AL-IBRAHIM. .................... 5

    A.    Plaintiffs' Allegations Fail To Satisfy The Pleading Requirements Of Rule 8................ 5

    B.    Plaintiffs Have Failed To Plead Facts Sufficient To Show Concerted Action By Al-Ibrahim Or That Any Of His Actions Proximately Caused Plaintiffs' Injuries. ..................................................................................................................... 6

    C.    Plaintiffs Have Failed To Plead Facts Sufficient To State Any Causes Of Action................................................................................................................... 7

        1.    Trespass (*Continental* Count 1; *Federal* Count 1)...................................... 7

        2.    RICO (*Continental* Counts 2 and 3; *Federal* Count 8)............................. 8

        3.    Anti-Terrorism Act (*Federal* Count 10)....................................................... 9

        4.    Torture Victims Protection Act (*Federal* Count 6) ................................. 9

        5.    Remaining State Law Claims (*Federal* Counts 2-5, 7, 9, 11, 12) ......................... 9

III    PLAINTIFFS' COMPLAINTS SHOULD BE DISMISSED WITH PREJUDICE ............... 10

CONCLUSION .............................................................................................................................. 10

## INTRODUCTION

Defendant Abdul Aziz Bin Ibrahim Al-Ibrahim ("Al-Ibrahim") respectfully submits this Reply Memorandum of Law in further support of his motions to dismiss (the "Memorandum" or "Mem."), dated September 27, 2005.[1] For all the reasons set forth herein and in the remainder of the record, the Court, we submit, should grant those motions in their entirety.

## PRELIMINARY STATEMENT

The record reflects that Al-Ibrahim has demonstrated that: (i) the allegations in the Complaints identifying him are entirely unrelated to plaintiffs' allegations against Al Qaeda, (ii) plaintiffs' conclusory allegations against "all defendants" are categorically insufficient to withstand a motion to dismiss by Al-Ibrahim, and (iii) Al-Ibrahim's alleged forum contacts do not provide a basis for this Court to exercise personal jurisdiction over him. To disguise these obvious pleading deficiencies, plaintiffs filed a "Consolidated" Opposition to the instant motion and a separate motion to dismiss submitted by defendant Ibrahim Bin Abdul Aziz Al-Ibrahim Foundation ("Foundation").[2]

However, plaintiffs' continuing failure to allege that *Al-Ibrahim* did *anything* conceivably related to Al Qaeda requires his dismissal. To be sure, plaintiffs' allegations against the Foundation are not a substitute for allegations against Al-Ibrahim. Moreover, as set forth in our moving Memorandum, plaintiffs fail to allege a jurisdictional basis because (i) an alleged "courtship" and litigation over a decade ago do not provide a basis for general jurisdiction over Al-Ibrahim and (ii) Al-Ibrahim cannot be individually subject to jurisdiction based on alleged contacts of independent entities because plaintiffs make no argument that any corporate veil should be pierced, nor any allegations that could support such a contention. In sum, the Complaints and Opposition demonstrate that the allegations *against Al-Ibrahim* are not related to the allegations against Al Qaeda.

---

[1] Al-Ibrahim filed two motions to dismiss, one as to *NY Marine* (Docket Nos. 1304-05) and one as to the remaining defendants (Docket Nos. 1302-03). Because the *NY Marine* plaintiffs adopted *Federal* plaintiffs' RICO Statement, see *NY Marine* Complaint at p.28 n.3, Al-Ibrahim is filing a consolidated Reply.

[2] See Plaintiffs' Consolidated Memorandum of Law in Opposition to the Motion to Dismiss of Defendants Abdul Aziz Bin Ibrahim Al-Ibrahim and the Ibrahim Bin Abdul Aziz Bin Ibrahim Al-Ibrahim Foundation, dated November 28, 2005 ("Opposition" or "Opp.") (Docket No. 1508). Al-Ibrahim is only a named defendant in the *NY Marine*, *Federal*, and *Continental* actions.

And, plaintiffs have not even attempted to remedy their failure to allege a jurisdictional basis. Therefore, all plaintiffs' claims against Al-Ibrahim should be dismissed pursuant to Fed. RR. Civ. P. 12(b)(2) and 12(b)(6).

## ARGUMENT

### I
### PLAINTIFFS HAVE NOT STATED A PRIMA FACIE CASE FOR PERSONAL JURISDICTION OVER AL-IBRAHIM.

**A.     There Is No General Jurisdiction Over Al-Ibrahim.**

In the Opposition, plaintiffs assert that Al-Ibrahim is subject to general personal jurisdiction because he allegedly: (i) engaged in a "romantic pursuit" in the "mid 1980s," (ii) filed a lawsuit in 1995 and was involved in litigation, and (iii) owned real estate assets through unnamed "various offshore companies," a company named Al Anwa, USA, and other independent entities.  See Opp. at 6-7, 9.

Tellingly, plaintiffs' Opposition, see id. at 7-13, concedes that an individual cannot be subject to "doing business" jurisdiction under CPLR § 301 pursuant to New York law.  See Mem. at 6-7 (citing cases).[3]  Moreover, and in any event, an alleged "courtship" some twenty years ago (in the "mid-1980's") and litigation nearly ten years ago are stale, "isolated and scattershot contacts, not the substantial, continuous, and permanent contacts required to support § 301 jurisdiction."  See Mem. at 9-10, quoting Reers v. Deutsche Bank, et al., 320 F. Supp. 2d 140, 155 (S.D.N.Y. 2004).

Similarly, assuming *arguendo* that plaintiffs could establish jurisdiction over an entity in which Al-Ibrahim allegedly held ownership interests, plaintiffs do not purport to allege *any* of the factors to warrant veil piercing, i.e., "(i) that [Al-Ibrahim] exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil."  See Mem. at 7-9, citing Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997).  As such, and because "the mere existence of a business relationship with entities within the forum state is insufficient to establish 'presence'"

---

[3]     See Edward B. Marks Music Corp. v. Cont'l Record Co., 222 F.2d 488, 493 (2d Cir. 1955); accord Stephenson v. Cox, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("Furthermore, when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

for the purposes of general jurisdiction, see Reers, 320 F. Supp. 2d. at 155, plaintiffs' allegations do not provide a basis for jurisdiction over Al-Ibrahim. In addition, to establish jurisdiction based on real property ownership as plaintiffs are attempting to do, "the cause of action must arise from the ownership, possession or use of [that] real property." See Mem. at 9 n.5 (citing cases). Here, there is no such allegation.

At bottom, this Court does not have general jurisdiction over Al-Ibrahim.[4]

**B.      There Is No Specific Jurisdiction Over Al-Ibrahim.**

Plaintiffs do not, and cannot, dispute that the allegations actually identifying Al-Ibrahim in the Complaints are unrelated to the allegations against Al Qaeda. Nor could they because the allegations against Al Qaeda are entirely unrelated to the allegations that: (i) Al-Ibrahim owned real estate assets in the United States; (ii) Al-Ibrahim is a Saudi Citizen and a brother-in-law of King Fahd; (iii) Al-Ibrahim created an Arab television satellite service; (iv) Al-Ibrahim owns a company in which two other defendants are also purportedly shareholders; (v) Al-Ibrahim received a loan from BCCI in 1989; (vi) Al-Ibrahim engaged in a romantic pursuit of Brooke Shields; (vii) Al-Ibrahim gambled in the United States; or (viii) Al-Ibrahim hired a law firm in the United States. See Opp. at 1-2, 6-7.

Instead defending the sufficiency of their conclusory conspiracy allegations regarding Al-Ibrahim, plaintiffs merely re-state their boilerplate assertion that "Al-Ibrahim . . . conspired with Al Qaeda to attack the United States." See Opp. at 10. However, given that the allegations against Al-Ibrahim are not related to Al Qaeda, plaintiffs cannot establish specific personal jurisdiction over him under a conspiracy (or any other) theory. See Laborers Local 17, 26 F. Supp. 2d at 601-02 (to establish jurisdiction based on conspiracy "the plaintiff must allege both a *prima facie* case of conspiracy, and allege *specific facts* warranting the inference that defendants were members of the

---

[4]   Plaintiffs' assertion of personal jurisdiction over Al-Ibrahim under the ATA and RICO, see Opp. at 9-10, is of no moment because plaintiffs have not made the *prima facie* showing necessary for due process purposes to invoke personal jurisdiction over Al-Ibrahim. Plaintiffs also misrepresent the decision in IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1055 (2d Cir. 1993) as standing for the proposition that "dismissal for lack of jurisdiction" is not warranted "even if plaintiffs do not ultimately state a claim under the ATA or RICO," see Opp. at 10, because the quoted language concerned a discussion of subject matter jurisdiction, not personal jurisdiction. Finally, the *Continental* plaintiffs do not assert an ATA claim.

conspiracy and set forth *evidentiary facts* to connect the defendants with the conspiracy") (internal quotations and citation omitted, emphases added).  Moreover, plaintiffs simply do not, and cannot, explain how allegations in RICO Statements indiscriminately grouping Al-Ibrahim with allegedly responsible "financial facilitators," "sponsors," and "charities," but do not identify any specific acts or omissions *by Al-Ibrahim*, could possibly provide any basis for the exercise of jurisdiction over Al-Ibrahim.  See In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 801, 805-06 (S.D.N.Y. 2005) ("In re Sept. 11 Attacks I") ("Without supporting factual allegations, [plaintiffs' claim that all Defendants in these actions conspired with the al Qaeda terrorists to perpetrate the attacks of September 11] is insufficient to establish personal jurisdiction.").[5]

By filing a "Consolidated" Opposition -- one that fails to distinguish between the allegations against the Foundation and Al-Ibrahim -- plaintiffs ignore the critical fact that the Complaints do not contain any allegations that Al-Ibrahim did anything relating to Al Qaeda.  However, plaintiffs' allegations against the Foundation are not a substitute for jurisdictional allegations *against Al-Ibrahim*.  See id. at 816, 820 ("Prince Mohamed correctly submits that his position as an officer of DMI, IICG, and FIBS would not be a basis for jurisdiction over him even if the Court had personal jurisdiction over these entities" and dismissing claim against Khalid Bin Mahfouz, director of Blessed Relief Society) (citation omitted).

Nowhere in the Opposition do plaintiffs point to *any* "specific facts from which the Court could infer that [Al-Ibrahim] directed, controlled, or requested al Qaeda to undertake its terrorist activities," see id. at 806, that Al-Ibrahim committed some tortious act, or that he "expressly aimed" any such tortious act at the forum.  See id. at 809 ("Plaintiffs must allege some personal or direct involvement by the Defendants in the conduct giving rise to their claims.").

Thus, the Court has no specific jurisdiction, and the Complaints should be dismissed.

---

[5]   Plaintiffs' boilerplate allegations of aiding and abetting are similarly infirm.  Compare *Federal* RICO Statement, p. 5 (Al Ibrahim "also, with knowledge and intent, agreed to and did aid and abet all of the above illegal activities") with Pittman v. Grayson, 149 F.3d 111, 123 (2d Cir. 1998) (aiding and abetting "requires that the defendant have given substantial assistance or encouragement to the primary wrongdoer" and that he "know[s] the wrongful nature of the primary actor's conduct.").

## II
## THE COMPLAINTS FAIL TO STATE A CLAIM AGAINST AL-IBRAHIM.

### A.     Plaintiffs' Allegations Fail To Satisfy The Pleading Requirements Of Rule 8.

Plaintiffs concede that all of their allegations against Al-Ibrahim are conclusory and unsupported by factual assertions. See Mem. at 15-16, 18 n.5. Nonetheless, plaintiffs point to Sparrow v. United Airlines, Inc., 216 F.3d 1111 (D.C. Cir. 2002), Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002), Pelman v. McDonalds Corp., 396 F.3d 508 (2d Cir. 2005),[6] and Linde v. Arab Bank, Plc, 384 F. Supp. 2d 571 (E.D.N.Y. 2005) to support their proposition that their conclusory, generalized allegations should be deemed sufficient to state their immense and horrifying claims against Al-Ibrahim. See Opp. at 14-18. Sparrow, however, is not persuasive authority. See Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 99-100 (E.D.N.Y. 2004) (distinguishing Sparrow and other non-Second Circuit cases because "the Second Circuit had always adhered to the proposition that conclusory allegations were subject to dismissal under Rule 12(b)(6)"). In addition, the Phelps plaintiff's allegations were "not 'general and conclusory,'" since plaintiff alleged the "who," "what," "where" and "how" of his injury. Id. at 187 & n.6. Similarly, plaintiffs' reliance on Linde also is misplaced because those plaintiffs pled specific factual transactions.[7] Sparrow, Phelps, Pelman, and Linde also do not change the Second Circuit's requirement that a plaintiff plead sufficient facts to make out each element of a claim against a defendant. See, e.g., Gmurzynska v. Hutton, 355 F.3d 206, 210-11 (2d Cir. 2004).

In contrast to the facts alleged in the cases cited by plaintiffs, plaintiffs here fail to provide any facts as to when, where, how, or to whom *Al-Ibrahim* supposedly provided *any* support, knowingly or unknowingly. Simply put, plaintiffs' wholly conclusory allegations fail to provide Al-

---

[6]   Moreover, Pelman is inapposite because the Court held, in the context of a 15-year business-customer relationship, that plaintiffs did not have to plead facts to show their own contributory negligence. See Pelman, 396 F.3d at 511-12. Here, in contrast, plaintiffs failed to plead any facts, let alone sufficient facts, showing that Al-Ibrahim's acts proximately caused their injuries.

[7]   In Linde, plaintiffs set forth specific allegations about a "death and dismemberment benefit plan" exclusively administered by the defendant that directly provided payments, after consultation with Foreign Terrorist Organizations, to the families of Palestinian suicide bombers who had injured plaintiffs. See Linde, 384 F. Supp. 2d at 576-78, 584.

Ibrahim with meaningful notice of the bases of the claims against him. Plaintiffs' claims, therefore, must be dismissed in their entirety.

**B.     Plaintiffs Have Failed To Plead Facts Sufficient To Show Concerted Action By Al-Ibrahim Or That Any Of His Actions Proximately Caused Plaintiffs' Injuries.**

Although plaintiffs state in the Opposition that "Al-Ibrahim . . . conspired with Al Qaeda to attack the United States" see Opp. at 10, as demonstrated in the Memorandum and above, *nowhere* in the Complaints (or the Opposition) do plaintiffs argue that the allegations that describe acts taken by Al-Ibrahim are *in any way* connected with Al Qaeda.[8] Therefore, plaintiffs fail to state a claim that Al-Ibrahim somehow conspired with or aided and abetted Al Qaeda to proximately cause anything. See Laborers Local 17 Health & Ben. Fund v. Philip Morris, Inc., 191 F.3d 229, 235-36 (2d Cir. 1999). Similarly, the Complaints do not contain any of the requisite allegations for concerted action liability. See Pittman, 149 F.3d at 122 (citations omitted) (to establish proximate cause based on concerted action liability requires: "(1) an express or tacit agreement to participate in a common plan or design to commit a tortious act, (2) tortious conduct by each defendant, and (3) the commission by one of the defendants, in pursuance of the agreement, of an act that constitutes a tort.").

Plaintiffs' concerted action theory as to Al-Ibrahim also fails because there are no allegations that Al-Ibrahim had "actual knowledge" of the wrongful nature of the primary actor's conduct. Id. Similarly, the conclusory allegations in plaintiffs' RICO Statements indiscriminately grouping Al-Ibrahim with allegedly responsible "financial facilitators," "sponsors," and "charities" are not supported by any factual allegations, do not allege any wrongful conduct by Al-Ibrahim, and, thus, fall short even under the most liberal pleading standards. See Mem. at 15-20 (citing cases).

In addition, the allegations that Al-Ibrahim "created" the Foundation in 1990 and "through his direction and control, he entrusted the organization with the responsibility of realizing his

---

[8]   See, supra, Section I.B for a summary of the allegations against Al-Ibrahim. Moreover, contrary to the assertion in the Opposition at 5, plaintiffs' Complaints and RICO Statements as to Al-Ibrahim do not assert that Al-Ibrahim's phone number was discovered in any raid. Nevertheless, such an allegation is not sufficient to establish jurisdiction, concerted action liability, or that Al-Ibrahim proximately caused the attacks. See, e.g., In re Sept. 11 Attacks I, 349 F. Supp. 2d at 818 ("[t]he 'Golden Chain' [document] does not say what the Plaintiffs argue it says. It is only a list of names found in a charity's office").

objective of using it as a covert vehicle for supporting the al Qaeda movement and other terrorists"[9] do not allege any wrongdoing by Al-Ibrahim and, in any event, are insufficient to establish that *Al-Ibrahim* proximately caused plaintiffs' injuries. See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 832-33, 836 (dismissing claim against defendant because "majority of the complaints' allegations regarding Al Baraka actually concern Dallah Albaraka," and because "allegation that Mr. Kamel was one of three founders . . . without additional allegation, does not state a claim for relief."). Plaintiffs simply ignore this Court's prior opinion and the cases cited in the Memorandum that demonstrate that allegations against the Foundation are not a substitute for allegations against Al-Ibrahim. See Mem. at 18-19, citing, e.g., Armour & Co. v. Celic, 294 F.2d 432, 439 (2d Cir. 1961) (director "is not personally liable for the torts of his corporation" absent allegations of personal involvement).

Furthermore, given plaintiffs' contradictory theories of liability asserted within one sentence -- that Al-Ibrahim "directed and controlled the Foundation" and, at the same time, "entrusted the Foundation" to carry out his objectives, see *Federal* RICO Statement, p. 7; *Continental* RICO Statement, p. 6 -- plaintiffs' allegations are obviously bereft of any basis in fact.[10] In short, plaintiffs have failed to aver *anything* to buttress a finding of proximate cause as to any of their claims.

**C.    Plaintiffs Have Failed To Plead Facts Sufficient To State Any Causes Of Action.**
   **1.    Trespass (*Continental* Count 1; *Federal* Count 1)**

Although plaintiffs assert that their trespass "allegations are sufficient," see Opp. at 19, plaintiffs proffer no factual allegations sufficient to show that Al-Ibrahim gave "substantial assistance" to al Qaeda, had "actual knowledge" of the Attacks, intended any trespass, assisted in any "breach of duty," or allegations sufficient to plead proximate causation. See Wantanabe Realty Corp. v. City of N.Y., 2003 WL 22862646, at *4 (S.D.N.Y. Dec. 3, 2003). Accordingly, plaintiffs' claims for trespass against Al-Ibrahim should be dismissed.

---

[9]   See *Continental* RICO Statement, p. 6; *Federal* RICO Statement, p. 7.

[10]  See 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice & Procedure § 1363, 120-21 (3d Ed. 2004) (when deciding Rule 12 motion, "district court will not accept as true pleading allegations that are contradicted by . . . other allegations.").

### 2. RICO (*Continental* Counts 2 and 3; *Federal* Count 8)

Based upon one dubious District Court decision, plaintiffs claim to have RICO standing as a subrogee. See Opp. at 19-21.[11] However, as set forth in the Memorandum, see Mem. at 21-22, because the insurance subrogation plaintiffs' RICO claims derive solely from the injuries suffered by persons injured by the September 11 attacks, their injuries are indirect and plaintiffs lack standing to bring their RICO claims. See Laborers Local 17, 191 F.3d at 239 (where plaintiffs' injuries are "purely contingent on harm to third parties, [plaintiffs'] injuries are indirect [and] [c]onsequently . . . plaintiffs lack standing to bring RICO claims . . . .").

Further, plaintiffs' conclusory, boilerplate RICO allegations regarding Al-Ibrahim do not state *any* of the requisite elements of a civil RICO claim against Al-Ibrahim and such a claim must be dismissed. See Mem. at 22-23 (citing cases). In addition, although required under Section 1962(a), plaintiffs do not even allege that their "injury [resulted] from the defendant's investment of the racketeering income." See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 827. And, while plaintiffs admit that "a plaintiff asserting a civil claim under [Section] 1962(c) must allege that the defendant participated in the operation or management of the enterprise," see Opp. at 22,[12] plaintiffs entirely

---

[11] Plaintiffs rely upon National Asbestos Workers Med. Fund v. Phillip Morris, Inc., 74 F. Supp. 2d 221 (E.D.N.Y. 1999). However, that District Court decision fails to follow the Second Circuit's decision in Laborers Local 17, 191 F.3d at 235-241, and has been repeatedly and harshly rejected. See Int'l Bhd. of Teamsters v. Phillip Morris, Inc., 196 F.3d 818, 827 (7th Cir. 1999) (describing National Asbestos as "a thinly guised refusal to accept and follow the Second Circuit's holding [in Laborers Local 17]."); Rhode Island Laborers' Health & Welfare Fund v. Phillip Morris, Inc., 99 F. Supp. 2d 174, 178 (D.R.I. 2000) ("this Court disagrees with the reasoning and result in National Asbestos."); Eastern States Health & Welfare Fund v. Phillip Morris, Inc., 188 Misc.2d 638, 647, 729 N.Y.S.2d 240 (N.Y. Sup. 2000) ("this Court does not find [Judge Weinstein's] analysis [in National Asbestos] persuasive or applicable.").

[12] Plaintiffs contend that the additional pleading requirement for a Section 1962(c) claim has been described as "a relatively low hurdle for plaintiffs to clear." See Opp. at 22, citing First Capital Asset Mgmt. v. Satinwood, Inc., 385 F.3d 159, 176 (2d Cir. 2004), Baisch v. Gallina, 346 F.3d 366, 377 (2d Cir. 2003); De Falco v. Bernas, 244 F.3d 286, 309 (2d Cir. 2001); United States v. Allen, 155 F.3d 35, 42-43 (2d Cir. 1998). However, plaintiffs blatantly misrepresent the state of the law on point: the Court in First Capital affirmed the dismissal of the RICO claims at issue, and none of the remaining cases addressed pleading standards. See Baisch, 346 F.3d at 376-77 (summary judgment); De Falco, 244 F.3d at 309-13 (appeal from jury verdict); Allen, 155 F.3d at 42-44 (summary judgment). In contrast, courts actually faced with the additional pleading requirements of Section 1962(c) have repeatedly stated that the operation-management test is "a very difficult test to satisfy." Dubai Islamic Bank v. Citibank, N.A., 256 F. Supp. 2d 158, 164-65 (S.D.N.Y. 2003), citing LaSalle Nat. Bank v. Duff & Phelps Credit Rating Co., 951 F. Supp. 1071, 1090 (S.D.N.Y. 1996).

fail to allege any such facts as to Al-Ibrahim.  Similarly, although Section 1962(d) requires an allegation "that the defendant was a 'central figure' in the underlying scheme," see id. at 828, plaintiffs do not allege that Al-Ibrahim was a central figure in any endeavor at all.  For all of these reasons, plaintiffs' RICO claims must be dismissed.

### 3. Anti-Terrorism Act (*Federal* Count 10)

As demonstrated above, plaintiffs make no allegation of fact showing that Al-Ibrahim engaged in any act of assistance to terrorists, much less that he did so knowingly or with a desire to see a terrorist plot succeed.  In re Sept. 11 Attacks I, 349 F. Supp. 2d at 828 ("To adequately plead the provision of material support under this section, a plaintiff would have to allege that the defendant knew about the terrorists' illegal activities, the defendant desired to help those activities succeed, and the defendant engaged in some act of helping those activities.").  In fact, "[p]laintiffs have not alleged any relationship between [Al-Ibrahim] and al Qaeda or the terrorist attacks of September 11."  See id. at 832-33.  Accordingly, plaintiffs have failed to state an ATA claim, and it must be dismissed.

### 4. Torture Victims Protection Act (*Federal* Count 6)

Plaintiffs' TVPA claim fails because nothing in the Complaints or the Opposition contain "allegations that [Al-Ibrahim] acted under color of law," In re Sept. 11 Attacks I, 349 F. Supp. 2d at 828, or that Al-Ibrahim committed an extrajudicial act, see Wiwa v. Royal Dutch Petroleum Co., 2002 WL 319887, at *3 (S.D.N.Y. Feb. 28, 2002).

### 5. Remaining State Law Claims (*Federal* Counts 2-5, 7, 9, 11, 12)[13]

Plaintiffs acknowledge that conspiracy, aiding and abetting, and punitive damages (Counts 7, 9 & 12) are not recognized as independent claims under New York law.  See Opp. at 23.  Therefore, those claims should be dismissed.  Second, plaintiffs "disagree[ments]" with the requirement that negligence claim (Count 11) requires an allegation of an identifiable duty and that plaintiffs' claims

---

[13] Plaintiffs' insinuation that Al-Ibrahim did not address certain of these claims in his Memorandum, see Opp. at 24, is belied by the papers. See Mem. at 24-25.

for assault, battery, and intentional infliction of emotional distress (Counts 4 & 5) are barred by the applicable one-year statute of limitations, see Opp. at 23-24, are irrelevant.  Third, plaintiffs wrongful death and survival claims (Counts 2 & 3) fail to allege facts sufficient to satisfy the elements of the claims or that Al-Ibrahim proximately caused their injuries.  See Mem. at 24-25.

### III
### PLAINTIFFS' COMPLAINTS SHOULD BE DISMISSED WITH PREJUDICE

"Even with the opportunity to clarify their claims" in several amended pleadings, plaintiffs' failure to state any of their claims against Al-Ibrahim is as complete, and as conclusive, as one could imagine.  See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 832-33.  There is no indication that plaintiffs will in good faith be able to cure the numerous defects of their claims, as the record makes abundantly clear.  Dismissal of plaintiffs' claims against Al-Ibrahim, therefore, should ensue with prejudice.  See id. at 835 (dismissing claims with prejudice where plaintiffs "have not offered any facts to support an amendment"); Oneida Indian Nation of N.Y. v. City of Sherrill, 337 F.3d 138, 168 (2d Cir. 2003) (leave to amend not warranted where amendment futile).

### CONCLUSION

For the foregoing reasons, Al-Ibrahim respectfully requests that this Court dismiss all claims against him with prejudice and award such further relief as deemed just and proper.

Dated:  New York, New York        Respectfully submitted,
        January 11, 2006

                                              SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                              By:_____/s/_____
                                                 James J. McGuire (JM-5390)

                                              30 Rockefeller Plaza, 24th Floor
                                              New York, New York  10112
                                              (212) 332-3800
                                              *Attorneys for Defendant Abdul Aziz Bin Ibrahim Al-Ibrahim*

Daniel L. Brown
Of Counsel