UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570<br><br>ECF Case |

This document relates to:

Continental Casualty Co., et al. v. Al Qaeda, et al. (04-CV-5970)

Thomas E. Burnett, Sr., et al. v. Al Baraka, et al. (03-CV-5738)

World Trade Center Properties LLC, et al. v. Al Baraka, et al. (04-CV-7280)

Euro Brokers, Inc., et al. v. Al Baraka Investment and Development Corp., et al. (04-CV-7279)

Federal Insurance Co., et al. v. Al Qaida, et al. (03-CV-6978)

New York Marine and General Insurance Co. v. Al Qaida, et al. (04-CV-6105)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT IBRAHIM BIN ABDUL AZIZ AL-IBRAHIM FOUNDATION**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 24th Floor
New York, New York  10112
(212) 332-3800

*Attorneys for Defendant
 Ibrahim Bin Abdul Aziz Al-Ibrahim Foundation*

W02-NY:7DLB1\120007040.3

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................................1

PRELIMINARY STATEMENT ..........................................................................................................1

I    PLAINTIFFS HAVE NOT STATED A PRIMA FACIE CASE FOR PERSONAL JURISDICTION OVER THE FOUNDATION ........................................................................1

II    THE COMPLAINTS FAIL TO STATE A CLAIM AGAINST THE FOUNDATION ................................................................................................................................4

    A.    Plaintiffs' Allegations Fail To Satisfy The Pleading Requirements of Rule 8. ...............4

    B.    Plaintiffs Have Failed To Plead Facts Sufficient To Show Concerted Action By The Foundation Or That The Foundation Proximately Caused Any Of Plaintiffs' Injuries. ....................................................................................................................5

    C.    Plaintiffs Have Failed To Plead Facts Sufficient To State Any Causes Of Action. ....................................................................................................................................6

        1.    Trespass (Continental, Federal, and Euro Brokers Count 1; WTC Count 5) ......................................................................................................................6

        2.    Anti-Terrorism Act (Federal Count 10; Euro Brokers Count 2; WTC Count 1; Burnett Count 3) .......................................................................................7

        3.    RICO (Continental Count 2; Federal Count 8; Euro Brokers Counts 3, 4, and 5; WTC Counts 2, 3, and 4; Burnett Counts 11, 12, and 13) .............7

        4.    Torture Victims Protection Act (Federal Count 6; Burnett Count 2) ...............8

        5.    Violation of International Law (WTC Count 9; Euro Brokers Count 6) ........................................................................................................................................8

        6.    Alien Tort Claims Act (Burnett Count 4) .................................................................9

        7.    Remaining State Law Claims ........................................................................................9

III    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE .........................10

CONCLUSION ......................................................................................................................................10

**INTRODUCTION**

Defendant Ibrahim Bin Abdul Aziz Al-Ibrahim Foundation (the "Foundation") respectfully submits this Reply Memorandum of Law in further support of its motions to dismiss (the "Memorandum" or "Mem."), dated October 4, 2005.[1] For all of the reasons set forth below and in the remainder of the record, the Court, we submit, should grant the instant motion in its entirety.

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition to the motion to dismiss (the "Opposition" or "Opp.")[2] ignores many meritorious arguments. However, plaintiffs' pleading omissions -- most notably, their failure to allege anything even purporting to establish that the Foundation had any contacts with the United States, let alone minimum contacts sufficient to establish personal jurisdiction over the Foundation, and that even if plaintiffs' allegations were true (which they are not), plaintiffs fail to state a claim against the Foundation -- require dismissal of plaintiffs' claims against the Foundation pursuant to Fed. R. Civ. P. 12(b)(2), or alternatively, Fed. R. Civ. P. 12(b)(6).

**I**
**PLAINTIFFS HAVE NOT STATED A *PRIMA FACIE* CASE FOR PERSONAL JURISDICTION OVER THE FOUNDATION.**

Despite the well-settled law that plaintiffs bear the burden of establishing personal jurisdiction over the Foundation, see In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d 765, 804 (S.D.N.Y. 2005) ("In re Sept. 11 Attacks I"), plaintiffs' Opposition disregards the fact that, as plaintiffs' concede, the Foundation only operates abroad.[3] Because the Opposition does not address plaintiffs' failure to allege that the Foundation had any contacts, let alone minimum contacts, with the United States, plaintiffs concede that there is no general jurisdiction over the Foundation.

---

[1] The Foundation filed two motions to dismiss, one as to *NY Marine* (Docket Nos. 1385-87) and one as to the remaining defendants (Docket Nos. 1388-90). Because *NY Marine* adopted *Federal* plaintiffs' RICO Statement, see *NY Marine* Complaint at p.28 n.4 & Ex. 3, the Foundation is filing a consolidated Reply.

[2] See Plaintiffs' Consolidated Memorandum of Law in Opposition to the Motion to Dismiss of Defendants Abdul Aziz Bin Ibrahim Al-Ibrahim and the Ibrahim Bin Abdul Aziz Bin Ibrahim Al-Ibrahim Foundation, dated November 28, 2005 (Docket No. 1508).

[3] See *Continental* Complaint ¶ 313; *WTC* Complaint ¶ 751; *Burnett* Complaint ¶ 415; Ex. A, p.7 of the *Euro Brokers* and *Federal* RICO Statements (the Foundation "is present in Kenya, Bosnia, Chechnya, South America, and Southern Asia.").

Plaintiffs endeavor to assert specific jurisdiction over the Foundation based on a conspiracy theory also fails because plaintiffs fail to allege a *prima facie* case of conspiracy. See Laborers Local 17 Health and Ben. Fund v. Philip Morris, Inc., 26 F. Supp. 2d 593, 601-02 (S.D.N.Y. 1998) (to establish jurisdiction based on conspiracy "the plaintiff must allege both a *prima facie* case of conspiracy, and allege *specific facts* warranting the inference that the defendants were members of the conspiracy and set forth *evidentiary facts* to connect the defendants with the conspiracy") (emphases added). Indeed, plaintiffs' Opposition simply regurgitates allegations from the Complaints but fails to explain how those allegations -- which do not come close to alleging facts implicating the Foundation in a conspiracy culminating in the September 11, 2001 attacks -- are relevant.

Specifically, plaintiffs' Opposition does not dispute and effectively concedes that there is *no* link between the September 11, 2001 attacks and their allegations regarding "Islamist operations [] targeting Russia"[4] or a seminar that allegedly took place almost one year after the attacks.[5] See Mem. at 9-10. Similarly, there is no alleged nexus between alleged funding of the IMU and Al Qaeda, let alone any allegation that the Foundation knew of any such connection. See Mem. at 9 & n.7.[6]

In addition, in its moving papers, the Foundation submitted publicly available information and plaintiffs' own source materials, both of which contradict, and therefore defeat[7] plaintiffs' allegations regarding Kenya.[8] See Mem. at 10-11 & n.10-13. In response, plaintiffs' claim that

---

[4] See *Continental* Complaint ¶¶ 318-320; *WTC* Complaint ¶¶ 757-759; *Burnett* Complaint ¶¶ 421-423; *Federal* RICO Statement pp. 9-10; *Euro Brokers* RICO statement, Ex. A, pp. 3-4.

[5] See *Continental* Complaint ¶¶ 321-323; *Burnett* Complaint ¶¶ 424-426; *WTC* Complaint ¶¶ 760-762; *Euro Brokers* RICO Statement, Ex. A, p.5; *Federal* RICO Statement, pp. 10.

[6] Indeed, plaintiffs' own source material provides that the IMU was founded to overthrow Karimov's secular regime and to create an Islamic state in Uzbekistan as a result of the repressive policy towards its Muslim citizens. See Mem. at 14-15 & n.21.

[7] See Cortec Indus. v. Sum Holding, L.P., 949 F.2d 42, 47-48 (2d Cir. 1991) (Court may consider documents referenced in Complaint); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, Federal Practice & Procedure § 1363, 120-21 (3d Ed. 2004) (when deciding Rule 12 motion, "district court will not accept as true pleading allegations that are contradicted by . . . other allegations.").

[8] Plaintiffs do not deny that the Kenya allegations are premised on the allegation that the Foundation "did not ask the court for an appeal" of a deregistration by Kenya's High Court. See, e.g., *Euro Brokers* RICO Statement, Ex. A, p. 2. However, as explained in the Memorandum at 10 n.10, not only did the Foundation appeal, it was successful, and was reinstated. Moreover, plaintiffs admit that the Kenyan government "crack[ed] down indiscriminately against foreigners and Muslim-run nongovernmental organizations (NGO's)." See, e.g., id. pp. 2-3 (emphasis added).

"these sorts of factual disputes are properly the realm of a motion for summary judgment." See Opp. at 3 n.2. However, Courts in this Circuit frequently consider matters of public record in connection with a motion to dismiss.[9]

Moreover, in the Opposition, plaintiffs do not, and cannot, argue that the Complaints state a conspiracy claim based on the conclusory allegations in the RICO Statements that lump the Foundation with so-called "financial facilitators," "sponsors," and "charities" alleged to have provided support to Al Qaeda.[10] Indeed, none of those allegations specifies any acts *by the Foundation* and are thus insufficient to establish jurisdiction over the Foundation, see In re Sept. 11 Attacks I, 349 F. Supp. 2d at 801, 805-06 ("Without supporting factual allegations, [plaintiffs' claim that all Defendants conspired with the al Qaeda terrorists to perpetrate the attacks of September 11] is insufficient to establish . . . personal jurisdiction [] on a New York long-arm conspiracy theory.").

Plaintiffs are left with the sole allegation that a telephone number of a director of the Foundation was located in Bosnia.[11] That allegation, however, does not come close to an allegation that the Foundation was at all involved with Al Qaeda, let alone that it "expressly aimed" any activities at the United States. See, e.g., id. at 818 ("[t]he 'Golden Chain' [document] does not say what the Plaintiffs argue it says. It is only a list of names found in a charity's office . . . it does not demonstrate that [defendant] purposefully directed his activities at the United States.").

As this Court ruled, "[p]ersonal jurisdiction cannot be based on a New York long-arm conspiracy theory" unless plaintiff "alleges [] specific facts from which the Court could infer that [defendant] directed, controlled, or requested al Qaeda to undertake its terrorist activities." See id. at 806. Here, plaintiffs simply do nothing of the sort. Accordingly, the Court should grant the Foundation's Motion to Dismiss.

---

[9] See Byrd v. The City of N.Y., *2005 U.S. App. LEXIS 10820* (2d. Cir. June 8, 2005) ("document is thus subject to judicial notice, and we have often held that material that is a matter of public record may be considered in a motion to dismiss.") citing Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (Courts "may also look to public records in deciding a motion to dismiss"); Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (affirming dismissal after considering documents without expressly taking judicial notice).

[10] See *Federal* RICO Statement, p.4; *Continental* RICO Statement, p. 4; *Euro Brokers* and *WTC* RICO Statements ¶ 14.

[11] See *Federal* RICO Statement, p. 11; Ex. A, p.11 of the *Euro Brokers* and *WTC* RICO Statements.

II
## THE COMPLAINTS FAIL TO STATE A CLAIM AGAINST THE FOUNDATION

A.      **Plaintiffs' Allegations Fail To Satisfy The Pleading Requirements of Rule 8.**

Plaintiffs do not dispute the Foundation's argument that the Complaints propound conclusory allegations unsupported by factual assertions as to the Foundation and lump defendants together without providing specific facts distinguishing the Foundation's supposed conduct. See Mem. at 13, 16-17 & n.32.  Nonetheless, plaintiffs point to Sparrow v. United Airlines, Inc., 216 F.3d 1111 (D.C. Cir. 2002), Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002), Pelman v. McDonalds Corp., 396 F.3d 508 (2d Cir. 2005),[12] and Linde v. Arab Bank, Plc, 384 F. Supp. 2d 571 (E.D.N.Y. 2005) as support for their proposition that their conclusory, generalized allegations should be deemed sufficient to state their immense and horrifying claims against the Foundation.  See Opp. at 14-18.  Sparrow, however, is not persuasive authority.  See Straker v. Metro. Transit Auth., 333 F. Supp. 2d 91, 99-100 (E.D.N.Y. 2004) (distinguishing Sparrow and other non-Second Circuit cases because "the Second Circuit had always adhered to the proposition that conclusory allegations were subject to dismissal under Rule 12(b)(6)").  In addition, the Phelps plaintiff's allegations were "not 'general and conclusory'" and plaintiff alleged the "who," "what," "where" and "how" of his injury. Id. at 187 & n.6.  Similarly, plaintiffs' reliance on Linde also is misplaced because those plaintiffs pled specific factual transactions.[13]  Sparrow, Phelps, Pelman, and Linde also do not change the Second Circuit's requirement that a plaintiff plead sufficient facts to make out each element of a claim against a defendant.  See, e.g., Gmurzynska v. Hutton, 355 F.3d 206, 210-11 (2d Cir. 2004).

In contrast, here, plaintiffs fail to provide any facts as to when, where, how, or to whom *the Foundation* supposedly provided *any* support, knowingly or unknowingly.  Simply put, plaintiffs'

---

[12] Moreover, Pelman is inapposite because the Court held, in the context of a 15-year business-customer relationship, that plaintiffs did not have to plead facts to show their own contributory negligence. See Pelman, 396 F.3d at 511-12.  Here, in contrast, as shown in our opening papers below, plaintiffs failed to plead any, let alone sufficient, facts showing that the Foundation's acts proximately caused their injuries.

[13] In Linde, plaintiffs set forth specific allegations about a "death and dismemberment benefit plan" exclusively administered by the defendant that directly provided payments, after consultation with Foreign Terrorist Organizations, to the families of Palestinian suicide bombers who had injured plaintiffs. See Linde, 384 F. Supp. 2d at 576-78, 584.

wholly conclusory allegations fail to provide the Foundation with meaningful notice of the bases of the claims against it. Plaintiffs' claims, therefore, must be dismissed in their entirety.[14]

**B.      Plaintiffs Have Failed To Plead Facts Sufficient To Show Concerted Action By The Foundation Or That The Foundation Proximately Caused Any Of Plaintiffs' Injuries.**

In support of their assertion of proximate causation, based on theories of concerted action liability (conspiracy and aiding and abetting), plaintiffs' Opposition asserts that "the Foundation . . . conspired with Al Qaeda to attack the United States" see Opp. at 10, and the Foundation "knowingly provided funds and other forms of support to al Qaeda." See Opp. at 13. However, those conclusory allegations, as with the conclusory allegations in the Complaints, are insufficient to state that the Foundation proximately caused *anything*. See Pittman v. Grayson, 149 F.3d 111, 122 (2d Cir. 1998) (citations omitted) ("The elements of concerted action liability are (1) an express or tacit agreement to participate in a common plan or design to commit a tortious act, (2) tortious conduct by each defendant, and (3) the commission by one of the defendants, in pursuance of the agreement, of an act that constitutes a tort."). Plaintiffs simply do not plead facts sufficient to satisfy any of the elements of concerted action liability.

Indeed, plaintiffs do not allege *any* link between Al Qaeda and the allegations regarding "Islamist operations [] targeting Russia"[15] or a seminar that allegedly took place almost one year after the events at issue.[16] Similarly, there is no alleged connection between a single purported funding of the IMU and Al Qaeda, let alone any allegation that the Foundation knew of any such connection.[17] In fact, plaintiffs' allegations regarding the IMU are just like plaintiffs' allegations that Al Rajhi Bank had connections to Hamas supporters, which allegations this Court determined fail to state a claim "because Plaintiffs have not alleged any relationship between Hamas and al Qaeda." See In re Sept.

---

[14] In the Opposition, the *Euro Brokers* and *Federal* plaintiffs do not dispute the Foundation's argument, see Mem. at 1-2, that their Complaints should be dismissed for failure to put forth allegations that reference the Foundation in their Complaints. Thus, the *Euro Brokers* and *Federal* Complaints must be dismissed.

[15] See *Continental* Complaint ¶¶ 318-320; *WTC* Complaint ¶¶ 757-759; *Burnett* Complaint ¶¶ 421-423; *Federal* RICO Statement pp. 9-10; *Euro Brokers* RICO statement, Ex. A, pp. 3-4.

[16] See *Continental* Complaint ¶¶ 321-323; *Burnett* Complaint ¶¶ 424-426; *WTC* Complaint ¶¶ 760-762; *Euro Brokers* RICO Statement, Ex. A, p.5; *Federal* RICO Statement, pp. 10.

[17] See supra n.6.

11 Attacks I, 349 F. Supp. 2d at 833, 835 ("[w]hile claiming Arab Bank has ties with known Hamas fronts, the *Federal* complaint does not contain any allegation of a connection between Hamas and Osama bin Laden"). In addition, and as explained above, the publicly available information and plaintiffs' own source materials contradict plaintiffs' allegations about the Foundation regarding Kenya and, therefore, those claims should not be considered.[18] Again, the sole allegation that a telephone number of a director of the Foundation was located in Bosnia does not come close to an allegation that the Foundation was at all involved with Al Qaeda or directed any activities at the United States. See, e.g., id. at 818 ("[t]he 'Golden Chain' [document] does not say what the Plaintiffs argue it says. It is only a list of names found in a charity's office").

In short, the Opposition simply does not remedy plaintiffs' failure to allege that the Foundation "agree[d] to commit a tortious act" engaged in any "tortious conduct;" provided "substantial assistance or encouragement" to Al Qaeda or had "actual knowledge" of Al Qaeda's wrongful conduct. See id. at 801 ("[t]here must be some facts to support an inference that the defendant knowingly provided assistance or encouragement to the wrongdoer. . . . Here, there are no such factual bases presented, there are only conclusions."). Furthermore, the conclusory allegations in the RICO Statements that lump the Foundation with so-called "financial facilitators," "sponsors," and "charities" alleged to have provided support to Al Qaeda,[19] fail to identify any acts *by the Foundation*, and are not supported by any factual allegations. See Mem. at 13-18 (citing cases). Plaintiffs simply fail to plead facts to suggest that the Foundation knowingly provided substantial assistance to anyone connected with Al Qaeda. Thus, plaintiffs have failed to support a finding of proximate cause as to any of the pending claims.

**C.      Plaintiffs Have Failed To Plead Facts Sufficient To State Any Causes Of Action.**
   **1.      Trespass (C*ontinental, Federal*, and *Euro Brokers* Count 1; *WTC* Count 5)**

Contrary to the assertion that their "allegations are sufficient," see Opp. at 19, plaintiffs have proffered no factual allegations sufficient to show that the Foundation gave "substantial assistance"

---

[18] See supra n.8. And, Courts in this Circuit frequently consider matters of public record and documents referenced in plaintiffs' complaint in connection with a motion to dismiss. See supra n.7, 9.

[19] See *Federal* RICO Statement, p.4; *Continental* RICO Statement, p. 4; ¶ 14 of the *Euro Brokers* and *WTC* RICO Statements.

to al Qaeda, had "actual knowledge" of the Attacks, intended any trespass, aided a "breach of duty," or allegations sufficient to plead proximate causation. See Mem. at 18. Accordingly, plaintiffs' claims for trespass against the Foundation should be dismissed.

### 2. Anti-Terrorism Act (*Federal* Count 10; *Euro Brokers* Count 2; *WTC* Count 1; *Burnett* Count 3)

As demonstrated above, plaintiffs make no averment of fact that the Foundation engaged in any act of aid to terrorists, much less that it did so knowingly or with a desire to see a terrorist plot succeed. In re Sept. 11 Attacks I, 349 F. Supp. 2d at 828 ("To adequately plead the provision of material support under this section, a plaintiff would have to allege that the defendant knew about the terrorists' illegal activities, the defendant desired to help those activities succeed, and the defendant engaged in some act of helping those activities.") (citation omitted). In fact, "[p]laintiffs have not alleged any relationship between [the Foundation] and al Qaeda or the terrorist attacks of September 11." See id. at 832-33. Accordingly, plaintiffs ATA claim must be dismissed.

### 3. RICO (*Continental* Count 2; *Federal* Count 8; *Euro Brokers* Counts 3, 4, and 5; *WTC* Counts 2, 3, and 4; *Burnett* Counts 11, 12, and 13)

Based upon one tenuous District Court case, plaintiffs claim to have RICO standing as a subrogee. See Opp. at 19-21.[20] However, where plaintiffs' injuries are "purely contingent on harm to third parties, [plaintiffs'] injuries are indirect [and] [c]onsequently . . . plaintiffs lack standing to bring RICO claims . . . ." Laborers Local 17 Health & Ben. Fund v. Philip Morris, Inc., 191 F.3d 229, 239 (2d Cir. 1999). Because the insurance subrogation plaintiffs' RICO claims derive solely from the injuries suffered by persons injured by the September 11 attacks, their injuries are indirect and plaintiffs lack standing to bring their RICO claims.

---

[20] Plaintiffs rely upon National Asbestos Workers Med. Fund v. Phillip Morris, Inc., 74 F. Supp. 2d 221 (E.D.N.Y. 1999). However, that District Court decision fails to follow the Second Circuit's decision in Laborers Local 17, 191 F.3d at 235-241, and has been repeatedly and harshly rejected. See Int'l Bhd. of Teamsters v. Phillip Morris, Inc., 196 F.3d 818, 827 (7th Cir. 1999) (describing National Asbestos as "a thinly guised refusal to accept and follow the Second Circuit's holding [in Laborers Local 17]."); Rhode Island Laborers' Health & Welfare Fund v. Phillip Morris, Inc., 99 F. Supp. 2d 174, 178 (D.R.I. 2000) ("this Court disagrees with the reasoning and result in National Asbestos."); Eastern States Health & Welfare Fund v. Phillip Morris, Inc., 188 Misc.2d 638, 647, 729 N.Y.S.2d 240 (N.Y. Sup. 2000) ("this Court does not find [Judge Weinstein's] analysis [in National Asbestos] persuasive or applicable.").

Further, plaintiffs' conclusory and, boilerplate RICO allegations regarding the Foundation do not state *any* of the requisite elements of a civil RICO claim against the Foundation, and such a claim must be dismissed.  See Mem. at 19-20 (citing cases).  In addition, although required under Section 1962(a), plaintiffs proffer no allegation, nor any argument in their Opposition, that their "injury [resulted] from the defendant's investment of the racketeering income."  See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 827.  And, while plaintiffs admit that "a plaintiff asserting a civil claim under [Section] 1962(c) must allege that the defendant participated in the operation or management of the enterprise," see Opp. at 22,[21] plaintiffs entirely fail to allege any such facts as to the Foundation.  Similarly, although Section 1962(d) requires an allegation "that the defendant was a 'central figure' in the underlying scheme," see In re Sept. 11 Attacks I, 349 F. Supp. 2d at 828, plaintiffs do not allege that the Foundation was a central figure in any endeavor at all.  For all of these reasons, plaintiffs' RICO claims must be dismissed.

### 4. Torture Victims Protection Act (*Federal* Count 6; *Burnett* Count 2)

Plaintiffs' TVPA claim fails because there are no "allegations that [the Foundation] acted under color of law," In re Sept. 11 Attacks I, 349 F. Supp. 2d at 828; "[o]nly individuals maybe sued under the TVPA," id.; and there are no allegations that the Foundation committed an extrajudicial act, see Wiwa v. Royal Dutch Petroleum Co., 2002 WL 319887, at *3 (S.D.N.Y. Feb. 28, 2002).

### 5. Violation of International Law (*WTC* Count 9; *Euro Brokers* Count 6)

Plaintiffs assert that they state a claim for violation of international law because "aircraft hijacking is a well recognized violation of the law of nations." Opp. at 24.  However, as explained more fully in our moving Memorandum, see Mem. at 22-23, "[c]ustomary international law alone

---

[21] Plaintiffs argue that the additional pleading requirement for a Section 1962(c) claim has been described as "a relatively low hurdle for plaintiffs to clear." See Opp. at 22, citing First Capital Asset Mgmt. v. Satinwood, Inc., 385 F.3d 159, 176 (2d Cir. 2004), Baisch v. Gallina, 346 F.3d 366, 377 (2d Cir. 2003); De Falco v. Bernas, 244 F.3d 286, 309 (2d Cir. 2001); United States v. Allen, 155 F.3d 35, 42-43 (2d Cir. 1998).  However, plaintiffs misrepresent the law on point: First Capital affirmed the dismissal of the RICO claims, and none of the remaining cases addressed pleading standards.  See Baisch, 346 F.3d at 376-77 (summary judgment); De Falco, 244 F.3d at 309-13 (appeal from jury verdict); Allen, 155 F.3d at 42-44 (summary judgment).  In contrast, courts actually faced with the additional pleading requirements of Section 1962(c) have repeatedly stated that the operation-management test is "a very difficult test to satisfy." Dubai Islamic Bank v. Citibank, N.A., 256 F. Supp. 2d 158, 164-65 (S.D.N.Y. 2003), citing LaSalle Nat. Bank v. Duff & Phelps Credit Rating Co., 951 F. Supp. 1071, 1090 (S.D.N.Y. 1996).

does not provide a cause of action in federal court in the absence of a federal statute." <u>Hayden v. Pataki</u>, 2004 WL 1335921, at *7 (S.D.N.Y. June, 14, 2004), <u>citing</u> <u>Kadic v. Karadzic</u>, 70 F.3d 232, 246 (2d Cir. 1995); <u>see also</u> <u>Sosa v. Alvarez-Machain</u>, 124 S. Ct. 2739, 2764 (2004) (declining to recognize private cause of action for arbitrary arrest under law of nations); <u>Friedman v. Bayer Corp.</u>, 1999 WL 33457825, *3 (E.D.N.Y. Dec. 15, 1999). ("customary international law . . . does not create private rights of action for individuals. . . . Congress has not indicated that a United States citizen may bring a cause of action for violations of customary international law."). In sum, plaintiffs have no standing to assert their claim for a violation of international law. <u>See</u>, e.g., <u>Alexander v. Sandoval</u>, 532 U.S. 275, 286-87 (2001) ("private rights of action to enforce federal law must be created by Congress."). Lastly, an aiding and abetting theory is not available. <u>See</u> Mem. at 23 (citing case).

### 6. Alien Tort Claims Act (*Burnett* Count 4)

Plaintiffs contend that they state an ATCA claim because the Foundation's arguments are "based on the lack of the underlying tort." <u>See</u> Opp. at 24. However, plaintiffs also have failed to plead a tort in violation of the law of nations; plaintiffs cannot state a claim for accomplice or aiding-and-abetting liability under the ATCA; and plaintiffs concede that the ATCA claims of all United States nationals must be dismissed. <u>See</u> Mem. at 24 & n.36, <u>citing</u> e.g., <u>In re S. Afr. Apartheid Litig.</u>, 346 F. Supp. 2d 538, 549-50 (S.D.N.Y. 2004) (aiding-and-abetting liability unavailable under ATCA after <u>Sosa</u>, 542 U.S. 692).

### 7. Remaining State Law Claims[22]

First, plaintiffs acknowledge that conspiracy, aiding and abetting, and punitive damages are not recognized as independent claims under New York law. <u>See</u> Opp. at 23. Therefore, those claims should be dismissed. Second, plaintiffs "disagree[ments]" with the requirement that a negligence claim requires an allegation of an identifiable duty and that plaintiffs' claims for assault, battery, and intentional infliction of emotional distress are barred by the applicable one-year statute

---

[22] Conspiracy and Aiding and Abetting (*Federal* Counts 7 & 9; *Euro Brokers* Counts 2, 7, & 8; *WTC* Counts 7 & 8; *Burnett* Counts 9 & 10; *Continental* Count 3); Wrongful Death/Survival (*Federal* Counts 2 & 3; *Burnett* Counts 5 & 7); Negligence (*Federal* Count 11; *Burnett* Count 6); Assault and Battery (*Federal* Count 4); Intentional Infliction of Emotional Distress (*Federal* Count 5; *Burnett* Count 8); Property Destruction (*WTC* Count 6); Punitives (*Federal* Count 12; *Euro Brokers* Count 9; *WTC* ¶¶ 1180-83; *Burnett* Count 14).

of limitations, see Opp. at 23-24, are irrelevant. Third, plaintiffs wrongful death and survival claims fail to allege facts sufficient to satisfy the elements of the claims or that the Foundation proximately caused their injuries. See Mem. at 24-25. Fourth, the *WTC* plaintiffs do not even purport to defend their ostensible claim for "intentional destruction of real property" because no such claim exists. Nevertheless, such a claim is without merit, because plaintiffs fail to sufficiently allege that the Foundation had the tortious intent or proximately caused plaintiffs' injury. See Mem. at 24-25.

### III
### PLAINTIFFS' CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.

"Even with the opportunity to clarify their claims" in several amended pleadings, plaintiffs' failure to state any of their claims against the Foundation is as complete, and as conclusive, as one could imagine. See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 832-33. There is no indication that plaintiffs will in good faith be able to cure the numerous defects of their claims, as the record makes abundantly clear. Dismissal of plaintiffs' claims against the Foundation, therefore, should ensue with prejudice. See id. at 835 (dismissing claims with prejudice where plaintiffs "have not offered any facts to support an amendment"); Oneida Indian Nation of N.Y. v. City of Sherrill, 337 F.3d 138, 168 (2d Cir. 2003) (leave to amend not warranted where amendment would futile).

### CONCLUSION

For the foregoing reasons the Foundation respectfully requests that this Court dismiss all claims against it with prejudice and award such further relief as deemed just and proper.

Dated: New York, New York
January 11, 2006

Respectfully submitted,
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:_____/s/_____
   James J. McGuire (JM-5390)
   30 Rockefeller Plaza, 24th Floor
   New York, New York  10112
   (212) 332-3800

*Attorneys for Defendant Ibrahim Bin Abdul Aziz Al-Ibrahim Foundation*

Daniel L. Brown
Of Counsel