UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re Terrorist Attacks on September 11, 2001     :     03 MD 1570 (RCC)
:     ECF Case
:
---------------------------------------------------------------x

This document relates to: *Thomas E. Burnett, Sr., et al.*
   *v. Al Baraka Investment and Development Corp., et*
   *al.*, 03 CV 9849 (RCC)

# OPPOSITION TO BURNETT PLAINTIFFS' MOTION FOR RECONSIDERATION

**SHEARMAN & STERLING LLP**
*Attorneys for Defendant Saudi American Bank*

**KING & SPALDING LLP**
*Attorneys for Defendant Arab Bank Plc*

**MARTIN F. MCMAHON & ASSOCIATES**
*Attorneys for Defendants Al Baraka Investment and Development Corp. and Saleh Abdullah Kamel*

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
*Attorneys for Defendants Dar Al-Maal Al-Islami Trust and DMI Administrative Services S.A.*

Nothing in Plaintiffs' Motion for Reconsideration is sufficient to cast doubt on the Court's Order refusing 54(b) certification for Defendants dismissed on 12(b)(6) grounds. After a year of motions, letters, and argument, the Court has made its decision. Now, without any new evidence, any new law, or any clear reason as to why there has been the required "manifest injustice," Plaintiffs petition the Court to reconsider 54(b) once again. The Motion fails to put forth any coherent reason as to why the Court should spend any more time on this issue, and should therefore be denied.

I. **THE APPROPRIATENESS OF A RULE 54(b) FINAL JUDGEMENT HAS ALREADY BEEN THE SUBJECT OF CAREFUL CONSIDERATION BY THIS COURT**

In the year since this Court dismissed five defendants on 12(b)(6) grounds, the parties and the Court have spent a great deal of time arguing the propriety and timing of any possible Rule 54(b) final order:

- On March 11, 2005, Plaintiffs wrote to the Court asking for Rule 54(b) certification against five Defendants, only one of whom – Al Rajhi Bank – was dismissed on 12(b)(6) grounds. (03 MD 1570 Docket # 722.)

- On March 14, 2005, counsel for all of the Defendants who had been dismissed on 12(b)(6) grounds in the Court's Order of January 18, 2005 (Al Rajhi Bank, Saudi American Bank, Arab Bank Plc, Saleh Abdullah Kamel and Al Baraka Investment and Development Corporation) wrote in opposition to Plaintiffs' request. Those Defendants argued that it was contrary to established case law to enter a final judgment against any or all of those 12(b)(6) Defendants at that time and that in no event should the Plaintiffs be permitted to choose only one 12(b)(6) Defendant to be used as a "test case" on appeal. (03 MD 1570 Docket # 731.)

- On May 20, 2005, Plaintiffs filed their Motion for Entry of Final Judgments ("May 54(b) Motion") which once again requested Rule 54(b) certification against only five Defendants, again including just one of the multiple Defendants dismissed on 12(b)(6) grounds. (03 MD 1570 Docket # 919.)

- Various 12(b)(6) defendants filed oppositions to Plaintiffs' 54(b) Motion on June 6, 2005, reiterating their argument that it would be improper to certify a final judgment for any 12(b)(6) Defendant while numerous other Defendants were in the process of briefing motions to dismiss which implicated the very same issues. Moreover, the opposition briefs reiterated the 12(b)(6) Defendants' opposition to the Plaintiffs' attempt to cherry-pick just one of the 12(b)(6) Defendants for appeal. (03 MD 1570 Docket # 972, 973.)

- Plaintiffs filed a reply brief on June 20, 2005. (03 MD 1570 Docket # 997.)

- Discussion was had concerning Rule 54(b) at a Court conference on September 27, 2005, at which time the Court asked the parties to try to reach agreement on the 54(b) issue.

- The parties engaged in discussions, and were ultimately not able to reach an agreement regarding the 12(b)(6) Defendants. On October 28, 2005, the parties sent a joint letter to the Court outlining the various positions. In this letter, certain 12(b)(6) Defendants once again reiterated their opposition to any Rule 54(b) certification.

- On December 9, 2005, the Court agreed with Defendants that Rule 54(b) final judgments should be certified against those Defendants dismissed pursuant to 12(b)(1) and 12(b)(2), but not with respect to any of the 12(b)(6) Defendants. (03 MD 1570 Docket # 1545.)

- On December 27, the *Burnett* Plaintiffs, but none of the other plaintiffs, filed the present Motion For Reconsideration (the "Motion"). In their Motion, Plaintiffs petition to have

this Court revisit its December 9 Order as it pertains not to the 12(b)(6) Defendants as a whole, but only as to Al Rajhi Bank.  (03 MD 1570 Docket # 1577.)

**Enough is enough.**  Plaintiffs have not even remotely met the standards required to prevail on a reconsideration motion.  Even if those standards had been met, Rule 54(b) certification as to any 12(b)(6) Defendant would violate the strong federal policy disfavoring piecemeal appeals.  Furthermore, Plaintiffs' stubborn insistence that only Al Rajhi Bank – and no other 12(b)(6) Defendant – be included in 54(b) certification shows that their request is based not on promoting efficiency or justice, but rather as a tactic for some perceived advantage on appeal.

## II.	PLAINTIFFS HAVE NOT MET THE HIGH BAR REQUIRED TO PREVAIL ON A MOTION FOR RECONSIDERATION

Local Civil Rule 6.3 requires that a party seeking reconsideration file a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  S.D.N.Y. R. 6.3.  This rule is to be "'strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court.'"  *Gaus v. Conair Corp.*, No. 94 Civ. 5693, 2006 WL 13123, at *2 (S.D.N.Y. Jan. 3, 2006) (quoting *In re Integrated Res. Real Estate Ltd. Partnerships Secs. Litig.,* 850 F. Supp. 1105, 1151 (S.D.N.Y. 1993)).  "A party making such a motion is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings."  *Gaus,* 2006 WL 13123, at *2 (internal quotation marks and citations omitted.)

Plaintiffs state correctly that motions for reconsideration may, at the Court's discretion, be granted only if (1) there is an intervening change of controlling law, (2) new evidence becomes available, or (3) there is a need to correct a clear error or manifest injustice.

(Mot. at 2.)  Yet, after stating the test, Plaintiffs offer no explanation which, if any, of these requirements is met.

**There has been no change of controlling law.**  There is no new law cited in Plaintiffs' papers concerning the propriety of Rule 54(b) final judgments.  Plaintiffs' memorandum on this point is nothing more than a rehashing of their memorandum from last May in support of their original Rule 54(b) motion.  Indeed, the most recent case cited concerning Rule 54(b) was decided in 2002, and was also cited in Plaintiffs' original memorandum last May.  (See May 54(b) Motion at 6.)

**There has been no new evidence.**  No evidence has appeared that would go to the question of whether the Court should grant Rule 54(b) certification against any 12(b)(6) Defendants.

**There was neither "clear error" nor "manifest injustice."**  To the contrary, the Court's December 9, 2005 Order is consistent with longstanding federal policy against piecemeal appeals and with the requirement that Rule 54(b) certification be "exercise[d] sparingly" and "only in the infrequent harsh case."  *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1024-25 (2d Cir. 1992); *Neewra, Inc. v. Manakh Al Khaleej Gen. Trading & Contracting Co.*, No. 03 Civ. 2936,  2004 WL 2813180, at *9 (S.D.N.Y. Dec. 6, 2004) (internal quotation marks omitted).  There are a number of Defendants whose 12(b)(6) motions to dismiss are either not yet fully briefed or have not yet been decided.  Any immediate appeal would deny those Defendants the opportunity to participate meaningfully in an appeal which will directly impact their case.

The Second Circuit has made it clear that "[i]n the multiple party situation where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related

issues remain to be litigated against the undismissed defendants." *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir. 1987).  There is no question that the issues confronted by this Court with respect to Al Rajhi remain to be litigated against other defendants.  Indeed, plaintiffs admit as much when they argue that an immediate appeal will influence how the same issues will be resolved in the motions of other defendants.  (Mot. at 5.)

### III. PLAINTIFFS MAY NOT REARGUE THEIR OPPOSITION TO MOTIONS TO DISMISS IN THIS MOTION FOR RECONSIDERATION

The majority of Plaintiffs' legal argument in their brief does not concern Rule 54(b), but rather concerns whether or not the Court's January 18 Order dismissing the 12(b)(6) Defendants was in error, an irrelevancy here.  Plaintiffs' argument seems to be that since, in their view, Al Rajhi's motion to dismiss should not have been granted in the first instance, Rule 54(b) should be granted to correct that supposed error.  That improper argument should be disregarded for multiple reasons:

*First*, Plaintiffs have filed a motion to reconsider the Rule 54(b) Order, not the January 18 dismissal order, the time for which is long past.  S.D.N.Y. R. 6.3 (motions for reconsideration due within ten days after entry of the Court's determination of a motion.)

*Second*, Plaintiffs hint that one relatively new case, *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99 (2d Cir. 2005), should cause the Court to rethink its January 18 Order (and, evidently, by extension, its 54(b) Order).  But this case was decided more than two months before the December 9 Order and has been cited in other briefs by Plaintiffs.  In any event, it does not change the pleading standard announced by the Supreme Court (and cited by this Court in the January 18 Order) in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Plaintiffs even admit in their Motion that the Second Circuit in *Twombly* "re-iterated and re-affirmed" the notice pleading standards.  (Mot. at 6.)  In short, even if Plaintiffs could somehow properly argue

6

in this Motion that the Court's January 18 Order applied the law incorrectly, they have not cited any law to support that argument.

*Third*, if there were some new required pleading standard, why do Plaintiffs continue to dogmatically single out Al Rajhi Bank for their appeal? In this motion, as in past correspondence and motions, Plaintiffs ignore the argument 12(b)(6) Defendants have been making since last March: that cherry-picking one specific 12(b)(6) Defendant for appeal is improper. If the pleading standards have somehow changed, then they have changed as to all 12(b)(6) Defendants, not just the one Plaintiffs wish to appeal against first.

## CONCLUSION

Nothing in the Plaintiffs' Motion is sufficient to cast doubt on the propriety of the Court's 54(b) Order, and certainly nothing in the Plaintiffs' Motion rises to the level required to prevail on a motion for reconsideration. For the foregoing reasons, Plaintiffs' Motion for Reconsideration of the Court's December 9 Order should be denied.

Dated:   New York, New York
         January 11, 2006

Respectfully submitted,

**SHEARMAN & STERLING LLP**

By: _____/s/_____
      Henry Weisburg (HW 9820)
      Brian H. Polovoy (BP 4723)
      Daniel M. Segal (DS 2106)
599 Lexington Avenue
New York, New York 10022-6069
Telephone: (212) 848-4000

***Attorneys for Defendant Saudi American Bank***

**KING & SPALDING LLP**

By: _____/s/_____
Richard A. Cirillo (RC 7472)
Richard T. Marooney, Jr. (RM 0276)
Jeanette M. Viggiano (JV 0802)
1185 Avenue of the Americas
New York, New York  10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

*Attorneys for Defendant Arab Bank Plc*


**MARTIN F. MCMAHON & ASSOCIATES**

By: _____/s/_____
Martin F. McMahon, Esq. (MM 4389)
1150 Connecticut Ave. N.W.
Suite 900
Washington, DC 20036
(202) 862-4343
(202) 828-4130 (fax)

*Attorneys for Defendants Al Baraka Investment and Development Corp. and Saleh Abdullah Kamel*


**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: _____/s/_____
James J. McGuire (JM 2390)
Timothy J. McCarthy (TM 2118)
30 Rockefeller Plaza
24th Floor
New York, NY 10112
Telephone: (212) 332-3800

*Attorneys for Dar Al-Maal Al-Islami Trust and DMI Administrative Services S.A.*