# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) <br> ECF Case |

*This document relates to:*

*Federal Insurance Co. v. al Qaida*, 03-CV-6978 (RCC)

## PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO MAR-JAC INVESTMENTS, INC.

COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Phone:  (215) 665-2000

## PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO MAR-JAC INVESTMENTS, INC.

Plaintiffs in <u>Federal Insurance Co. v. al Qaida</u>, Civil Action 03-CV-6978 (RCC) ("Plaintiffs"), propound and serve on Mar-Jac Investments, Inc., (hereinafter "SAAR Network Entity" or "defendant") the following Jurisdictional Requests for Production of Documents to be answered fully and under oath, pursuant to Rule 34 of the Federal Rules of Civil Procedure, within 30 days of their receipt.

### DEFINITIONS

A.     The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

B.     The term "identify" when used with reference to an individual person shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

C.     The term "identify" when used with reference to a sovereign shall mean to state the name of the sovereign, the branch(es) of government within the sovereign, and the name or job title or position of the individual(s) within the sovereign, address, or if no other identification is possible provide sufficient description so he or she will be identifiable to the recipients of your answer, and last known residence or business address.

2

D.     The term "identify" when used with reference to a document or written communication shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

E.     The term "identify" when used with reference to an oral communication, discussion, conversation or any other oral statement, shall mean to describe in detail the substance of each such communication, discussion, conversation or statement, state the date of such communication, discussion, conversation or statement, the place where such communication, discussion, conversation or statement was held and identify each person present for such communication, discussion, conversation or statement.

F.     The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

G.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

H.     The term "person" is defined as any natural person or any business, legal or government entity or association.

I.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

J.     The terms "all" and "each" shall be construed as all and each.

K.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

L.      The use of the singular form of any word includes the plural and vice versa.

M.      The terms "You" and "Your" refer to Mar-Jac Investments, Inc. and/or any officer, director, trustee, attorney, consultant, accountant, agent, officer or director, attorney, consultant, accountant, or representative acting on Mar-Jac Investments, Inc.'s behalf.

N.      The term "Plaintiffs" shall refer to Plaintiffs in <u>Federal Insurance Co. v. al Qaida</u>, Civil Action No. 03-CV-6978 (RCC).

O.      The term "Contribution" shall mean the giving, bestowing, granting, awarding, bequeathing, providing of money, checks, services, logistical or administrative support, securities, real estate or any goods, tangible or intangible.

P.      The term "material support or resources," as defined by 18 U.S.C.S. § 2339A, shall mean currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

Q.      The term "international terrorism," as defined by 18 U.S.C.S. § 2331(1), shall mean activities that -- (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State; (B) appear to be intended

– (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

R.      The term "domestic terrorism," as defined by 18 U.S.C.S. § 2331(5), shall mean activities that -- (A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; (B) appear to be intended – (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily within the territorial jurisdiction of the United States.

S.      The SAAR Network-Related Entities:  The term "SAAR Network-Related Entities" means any of the following individuals or entities and any past or present subsidiaries, affiliates, and/or branches of such organizations, their directors, officers, employees, agents and representatives:  African Muslim Agency, Al-Aqsa Educational Fund, AMC Foundation, Amana Limited, Amana Mutual Funds, American Institute for Islamic Societal Studies, American Muslim Foundation, American Muslim Council, Global Enterprises, LLC, Global Holdings, LLC, Grove Corporate Plaza, Grove Street Corporation, Heritage Education Trust, Inc., Heritage Holdings, Herndon Grand, Inc., Humana Charitable Trust, International Education Trust, Inc., International Institution of Islamic Thought, Inc., International Islamic Charitable Organization ("IICO"), International Islamic Relief Organization, Islamic Relief Organization, Makkah Mukarramah Charity Trust, Inc., Mar-Jac Investments, Mar-Jac Farms, Inc., Mar-Jac Holdings,

Inc., Mar-Jac Poultry, Inc., Mena Corporation, Mena Estates, Inc. dba Mena for Development, Mena Investments, Inc., Mirza Family Limited Partnership, Muslim World League, Reston Investments, Inc., SAAR Foundation Canada, Inc., SAAR Foundation, Inc., SAAR International, Inc., Safa Trust, Safty, LLC, Sanabel Al Kheer, Inc., Sana-Bell, Inc., Sterling Advisors, Inc., Sterling Charitable Gift Fund, Sterling Infogain Fund, LLC, Sterling Investment Group, LLC, Sterling Lynux Works, LLC, Sterling Management Group, Inc., Sterling Packet Stream Fund, LLC, Sterling Ptech Fund, LLC, Sterling Poultry Company, Sterling Stock Investments, LLC, Sterling Technology Fund, LLC (formerly Sterling Malaysian Fund, LLC), The Success Foundation, Inc., Taibah International Aid Association, York Foundation, York International, 500 Grove Street, LLC, Abdulrahman Alamoudi, Taha Jaber Al Alwani, Abdullah M. Al Mahdi, Abdullah Bin Saleh Al Obaid, Abdullah Sulaiman Al Rajhi, Sulaiman Abdul Aziz Al Rajhi, Hisham Altalib, M. Omar Ashraf, Muhammad Ashraf, Hassan A.A. Bahafzallah, Jamal Barzinji, Ibrahim Hassabellah, Mohammad Jaghlit, M. Yaqub Mirza, Khaled Nouri, Mohamed S. Omeish, Samir I. Salah, Cherif Sedky, Ahmad Totonji, and Iqbal J. Unus.

T.     Golden Chain-Related-Individuals:  The term "Golden Chain-Related Individuals" means the following individuals: Suleiman al-Rashid, Abdel Qader Bakri, Yousif Jameel, Ibrahim Muhammad Afandi, Saleh Abdullah Kamel, Suleiman Abdulaziz Al-Rajhi, Mohammed Bin Abdullah al-Jumaih, Abdulrahman Hassan Al-Sharbatly, Ahmed Mohamed al-Naghi, Khalid Bin Mahfouz, Abdel Qader Faqeeh, Salah Al-Din Abdel Jawad (a/k/a Salahuddin Abduliawad, Ahmad Turki Yamani (a /k/a Ahmad Zaki Yamani), Abdel Hadi Taher, Ahmad Al-Harbi, Mohammed Al-Issai (a/k/a Mohammed Al-Issaei), Hamad Al- Husaini, Salem Taher, Adel Abdul Jalil Battedee, Usama Bin Laden and Wael Haniza Julaidan.

U.    Nada-Nasreddin Entities:  The term "Nada-Nasreddin Entities" means any and all businesses, companies, trusts, organizations, charities, foundations, and/or organizations which are or have been owned, operated, or controlled by Youssef Nada and/or Ahmed Idris Nasreddin, and/or in which Youssef Nada and/or Ahmed Idris Nasreddin serve or have served as a director, officer, trustee, incorporator, employee, or holds or held more than ten percent (10%) of the outstanding stock, including but not limited to, Bank Al Taqwa, Al Taqwa Management Organization, Nada Management Organization, Al Taqwa Trade, Property and Industry Co. Ltd., Akida Bank Private Limited, Akida Investment Co. Ltd., Nasreddin Group International Holding Limited, Nasco Nasreddin Holding A.S., Nascotex S.A., Nasreddin Foundation, BA Taqwa for Commerce and Real Estate Company Limited, Miga-Malaysian Swiss, Gulf and African Chamber, Gulf Center S.R.L., Nascoservice S.R.L., NASCO Business Residence Center SAS Di Nasreddin Ahmed Idris EC, Nasreddin Company Nasco SAS Di Ahmed Idris Nasreddin EC, Nada International Anstalt, and Nasreddin International Group Limited Holding.

**PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF
DOCUMENTS DIRECTED TO MAR-JAC INVESTMENTS, INC.**

1.      Please provide all documents relating to Your formation and organizational structure, the date of incorporation, the state of incorporation, the duration of Your existence, any documents relating to Your initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of Mar-Jac Investments, Inc. ("Mar-Jac Investments").

**ANSWER:**

2.      Please identify and provide all documents relating to the administration and governance of Mar-Jac Investments, including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, and/or any other related writing.

**ANSWER:**

3.      Please provide all documents identifying each director, official, manager, agent, trustee, and/or other employee of Mar-Jac Investments from the date of its formation to the present.

**ANSWER:**

4.     From the period beginning January 1990 through the present, please provide all documents relating to any meetings of Mar-Jac Investments, or officers of Mar-Jac Investments, including without limitation, any agendas or meeting minutes.

**ANSWER:**

5.     From the period beginning January 1990 through the present, please provide all documents relating to any corporations, partnerships, organizations, businesses, or other entities domiciled in the United States ("American Entity") in which You have held any ownership interest, either directly or indirectly.

**ANSWER:**

6.     From the period beginning January 1990 through the present, provide all documents relating to any commercial and/or residential property ("Real Property") You purchased, rented, leased, resided in, conducted business, charitable and/or religious affairs in, or otherwise occupied in the United States, whether directly or indirectly, including but not limited to, homes, apartments, offices, schools, mosques, prayer centers, social centers and/or community centers.

**ANSWER:**

7.     From the period beginning January 1990 through the present, provide all documents relating to all accounts in United States banking institutions ("U.S. Bank Accounts") held by You, and/or any U.S. Bank Accounts over which You hold or have held signatory authority.   Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You and the U.S. banking institution, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**

8.     From the period beginning January 1990 through the present, provide all documents relating to all accounts in foreign banking institutions ("Foreign Bank Accounts") held by You, and/or any Foreign Bank Accounts over which You hold or have held signatory authority.  Such documents shall include, but are not limited to, those specified in Request #7.

**ANSWER:**

9.      From the period beginning January 1990 through the present, please provide all documents relating to all filings submitted to any local, state, or federal agency by You, including without limitation, the Internal Revenue Service or the Securities Exchange Commission.  Such documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, and judgments.

**ANSWER:**

10.      From the period beginning January 1990 through the present, please provide all documents relating to any audit, analysis, examination, or review of Mar-Jac Investments' assets, investments, capital, and/or financial affairs, conducted either by employees of Mar-Jac Investments or any third party.

**ANSWER:**

11.      From the period beginning January 1990 through the present, provide all documents relating to those individuals whom You hired to provide You with professional services at a time when those individuals were located in the United States ("Professional Service Providers") including, but not limited to, lawyers, accountants, auditors, financial

investment advisors, public relations advisors, lobbyists, marketing advisors, and/or charitable advisors.

**ANSWER:**

12.    From the period beginning January 1990 through the present, provide all documents relating to any investments made within the United States ("American Investments") by You, including without limitation, real estate, real estate ventures, stocks, government bonds, corporate bonds, municipal bonds, cash investments, pooled investments, equity funds, mutual funds, hedge funds, money market securities, U.S. Treasury securities, annuities, commodities, options, futures, collectibles, diamonds, gold, IRAs, and/or municipal debt instruments.

**ANSWER:**

13.    Please provide all documents relating to advertising, marketing, or promotional activities conducted by You in the United States.  Such documents shall include, but are not limited to, books, newsletters, newspapers, magazines, pamphlets, brochures, press releases, websites, and speeches, including the texts, broadcasts, audiotapes, and/or videotapes of such speeches.

**ANSWER:**

14.     Please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by You.  Such documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER:**

15.     Please provide all documents relating to sources of income or revenue for Mar-Jac Investments.  Such documents shall include, but are not limited to, any and all documents referring or relating to gifts, grants, loans, contributions, allocations, payments for services, membership dues and assessments, interest and dividend on savings or investments, rents, amounts received from the sale of assets or inventory, and/or amounts received from special events and activities.

**ANSWER:**

16.     From the period beginning January 1990 through the present, please provide all documents relating to financial contributions of money, stocks, bonds, services, and/or goods, grants, donations, scholarships, or bequests made by You.  If the contribution was made by wire transfer, please provide documents identifying the name of the individual who sent the money, the bank from which the money was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

**ANSWER:**

17.     From the period beginning January 1990 through the present, please provide all documents relating to financial contributions of money, stocks, bonds, services, and/or goods, grants, donations, scholarships, or bequests received by You.  If the contribution was made by wire transfer, please provide documents identifying the name of the individual who sent the money, the bank from which the money was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

**ANSWER:**

18.     Provide all pleadings, motions, correspondence (other than attorney-client communications), discovery materials, experts' reports, orders, opinions, verdict sheets, and trial exhibits relating to any legal proceeding in which Mar-Jac Investments has instituted a civil

action against any other person or corporation, or been named as a defendant in any action, in the United States, either in State court or Federal court, within the past ten years. For each action, such documents shall include, but are not limited to, the title, case number, name of the court in which the action was instituted, the nature of the claim(s) sued upon, and whether the court determined that the court had jurisdiction over You as a defendant.

**ANSWER:**

19.     From the time period beginning January 1990 through September 11, 2001, please provide all documents relating to assistance provided by You to any individual in obtaining a passport, visa, work permit, residence permit, green card or asylum for any country, including the United States.

**ANSWER:**

20.     Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MD 1570, whereby You have agreed to pay or indemnify their costs associated with defending this lawsuit.

**ANSWER:**

21.     From the period beginning January 1990 through the present, please provide all documents relating to any business, financial, or personal relationship between You and Youssef Nada, Ahmed Idris Nasreddin, and/or any agent acting on their behalf.

**ANSWER:**

22.     From the period beginning January 1990 through the present, please provide all documents relating to any business relationships and/or financial transactions between You and Youssef Nada, Ahmed Idris Nasreddin, and/or any agent acting on their behalf.

**ANSWER:**

23.     From the period beginning January 1990 through the present, please provide all documents relating to any business relationships and/or financial transactions between You and any Nada-Nasreddin Entity, and/or any individual or entity associated therewith.

**ANSWER:**

24.     From the period beginning January 1990 through the present, please provide all documents relating to or referring to any entity owned, operated, or controlled by Youssef Nada, Ahmed Idris Nasreddin, and/or any agent acting on their behalf.

**ANSWER:**

25.     Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that Youssef Nada, Ahmed Idris Nasreddin, any Nada-Nasreddin Entity, and/or any individual or entity associated therewith, may have been or were laundering funds on behalf of, diverting funds to, or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) Al Qaida, other terrorist organizations and/or individuals sympathetic to Al Qaida or other terrorist organizations.

**ANSWER:**

26.     Provide all documents relating to any information or notification You received prior to September 11, 2001, that Youssef Nada and/or Ahmed Idris Nasreddin were associates of Osama Bin Laden, and/or were supporters, sympathizers, or financiers of Al Qaeda.

**ANSWER:**

27.    From the period beginning January 1990 through the present, please provide all documents relating to any business, financial, or personal relationship between You and any individuals, businesses, charities, financial institutions, religious organizations, and/or other entities located in, or organized under the laws of, the Isle of Man, including but not limited to, Amana Limited, Human Charitable Trust, York International Trust, and the Happy Hearts Trust.

**ANSWER:**

28.    From the period beginning January 1990 through the present, please provide all documents relating to any business relationships and/or financial transactions between You and any individuals, businesses, charities, financial institutions, religious organizations, and/or other entities located in, or organized under the laws of, the Isle of Man, including but not limited to, Amana Limited, Human Charitable Trust, York International Trust, and the Happy Hearts Trust.

**ANSWER:**

29.    Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that individuals, businesses, charities, financial institutions, religious organizations, and/or other entities located in, or organized under the laws of, the Isle of Man, including but not limited to, Amana Limited, Human Charitable Trust, York International Trust, and the Happy Hearts Trust, may have been or were laundering funds on behalf of, diverting funds to, or otherwise providing material support or resources to: (i) Islamic

radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) Al Qaida, other terrorist organizations and/or individuals sympathetic to Al Qaida or other terrorist organizations.

**ANSWER:**

30.     From the period beginning January 1990 through the present, please provide all documents relating to any business, financial, or personal relationship between You and any of the SAAR Network-Related Entities.

**ANSWER:**

31.     From the period beginning January 1990 through the present, please provide all documents relating to any business relationships and/or financial transactions between You and the SAAR Network-Related Entities, and/or any individual or entity associated therewith.

**ANSWER:**

32.     Please provide all documents relating to Sulaiman Abdul Aziz Al Rajhi's role, or the role of any member of the Al Rajhi family, in the creation, organization, funding, oversight, supervision, operation, and/or management of Mar-Jac Investments.

**ANSWER:**

33.     Please provide all documents relating to the role of any of the Golden Chain-Related Individuals, or any agent acting on their behalf, in the creation, organization, funding, oversight, supervision, operation, and/or management of Mar-Jac Investments.

**ANSWER:**

34.     From the period beginning January 1990 through the present, please provide all documents relating to any business, financial, or personal relationship between You and any of the Golden Chain-Related Individuals.

**ANSWER:**

35.     From the period beginning January 1990 through the present, please provide all documents relating to business relationships and/or financial transactions between You and any of the Golden Chain-Related-Individuals, and/or any individual or entity associated therewith.

**ANSWER:**

36.     Provide all documents relating to investigations conducted by the United States Government or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator") into financial transactions linked to accounts held solely or jointly by You.

**ANSWER:**

37.     Provide all documents relating to investigations conducted by any foreign government or any foreign-based regulatory body, bank, financial institution, accountant, or auditor ("Foreign Investigator") into financial transactions linked to accounts held solely or jointly by You.

**ANSWER:**

38.     Provide all documents relating to investigations conducted by the United States Government or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator") into financial transactions linked to accounts held solely or jointly by Youssef Nada, Ahmed Idris Nasreddin, any Nada-Nasreddin Entity, any of the SAAR Network-Related Entities, any of the Golden Chain-Related-Individuals, and/or any individuals, businesses, charities, financial institutions, religious organizations, and/or other entities located in, or organized under the laws of, the Isle of Man, including but not limited to, Amana Limited, Human Charitable Trust, York International Trust, and the Happy Hearts Trust.

**ANSWER:**

39.     Provide all documents relating to investigations conducted by any foreign government or any foreign-based regulatory body, bank, financial institution, accountant, or auditor ("Foreign Investigator") into financial transactions linked to accounts held solely or jointly by Youssef Nada, Ahmed Idris Nasreddin, any Nada-Nasreddin Entity, any of the SAAR Network-Related Entities, any of the Golden Chain-Related-Individuals, and/or any individuals, businesses, charities, financial institutions, religious organizations, and/or other entities located in, or organized under the laws of, the Isle of Man, including but not limited to, Amana Limited, Human Charitable Trust, York International Trust, and the Happy Hearts Trust.

**ANSWER:**

40.     Provide all documents relating to any decision to terminate any relationship with Youssef Nada, Ahmed Idris Nasreddin, any of the SAAR Network-Related Entities, any Nada-Nasreddin Entity, any of the Golden Chain-Related-Individuals, and/or any individuals, businesses, charities, financial institutions, religious organizations, and/or other entities located in, or organized under the laws of, the Isle of Man, including but not limited to, Amana Limited, Human Charitable Trust, York International Trust, and the Happy Hearts Trust, as a result of an investigation into possible links to the financing of terrorist organizations.

**ANSWER:**

41.     Provide all documents that were in the possession of Mar-Jac Investments, including any agent acting on its behalf, and which were seized by the United States Government between September 11, 2001 and the present.

**ANSWER:**

42.     Provide all documents sent to and/or received from the United States Government in relation to any investigation of Mar-Jac Investments and/or any other SAAR Network defendant or SAAR Network-Related Entity.

**ANSWER:**

Dated: April 20, 2005

_____

Stephen A. Cozen, Esq.
Elliott R. Feldman, Esq.
Sean P. Carter, Esq.
Mark T. Mullen, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2015

Attorneys for *Federal* Plaintiffs

PHILA1\2257575\1 117430.000