**EXHIBIT D**



**DLA Piper Rudnick Gray Cary US LLP**
1200 19th Street, NW
Washington DC 20036-2412
O  202.861.3890
F  202.223.2085
W  www.dlapiper.com

July 18, 2005

OUR FILE NO. 353138-6

**Via Fax and Mail**

Sean Carter, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Re:  In re Terrorist Attacks of September 11, 2001, MDL No. 1570 (RCC);
     Federal Insurance Co. v. Al Qaeda, 03 CV 6978 (RCC)

Dear Sean:

We have reviewed your July 11, 2005 letter, responsive to our letter to you dated May 11, 2005.

You should not view our letter as a concession that the personal jurisdiction defenses we raised on behalf of our clients are meritless. To the contrary, our decision to submit to the jurisdiction of the Court reflects our continued belief that the claims your clients have asserted against our clients are baseless. We also believe that the quickest way to have these claims dismissed by the Court is to proceed directly with Rule 12(b)(6) motions to dismiss, rather than engage you in what is likely to be time-consuming and unnecessary litigation concerning the wildly overbroad and unduly burdensome, so-called "jurisdictional" discovery requests that you served on our clients.

Your discovery requests were not calculated to learn the basis for your jurisdictional claims, rather they were substantive requests, which you concede, when you state that we may "treat the jurisdictional discovery previously served upon your clients as merits discovery." We have little doubt that the Court would have granted our motion for protective order and quashed the substantial majority, if not all, of your "jurisdictional" discovery. However, we believe such motion practice would be a waste of the parties and the Court's resources, and needlessly prolong these proceedings, as the Rule 12(b)(6) motions to dismiss are likely to succeed.

We do not agree with you that Judge Casey's January 18, 2005 Decision precludes us from renewing our motions to dismiss pursuant to Rule 12(b)(6). Our client's initial motion to dismiss was denied *without prejudice* to permit jurisdictional discovery. Because these clients

**Serving clients globally**


**PIPER RUDNICK
GRAY CARY**

Sean Carter, Esq.
July 18, 2005
Page Two

are no longer contesting jurisdiction – a decision made to expedite these proceedings – such discovery is no longer necessary. Therefore, jurisdictional discovery is complete, and there is simply no reason, and nothing in the Court's Decision, to prevent us from bringing a Rule 12(b)(6) motion. Indeed, because the Court did not consider the merits of our initial 12(b)(6) motion when it denied that motion without prejudice, if we now were precluded from bringing a motion we would be denied the basic right to challenge the sufficiency of your pleadings, a right guaranteed to us by the Federal Rules of Civil Procedure.

Therefore, I renew my request that you work with us to discuss a briefing schedule for these motions to be presented to the Court. As we have told you in the past, we believe that no further briefing should be conducted in this matter until after Judge Casey rules upon the long outstanding, and currently *sub judice*, motions to dismiss filed by our clients in the *Ashton* and *Burnett* matters, and the outstanding and *sub judice* motions to dismiss filed by some of our individual clients in this action. Therefore, we request that you enter into a briefing stipulation in which our motion to dismiss is due 45 days following the Court's issuance of its ruling with respect to those motions. Please let us know whether this will be acceptable.

For these same reasons we disagree with you that it is appropriate to proceed with merits discovery at this time. Discovery on the merits of Plaintiff's claims should not proceed until after the Rule 12(b)(6) motion is decided. Moreover, we do not believe that you can convert your "jurisdictional" discovery request into "merits" discovery requests simply by writing a letter – particularly where many of the jurisdictional requests have nothing to do with the merits of this action. For all of these reasons we request that you agree to withdraw your document requests at this time. If you are not willing to do so, we will seek a protective order.

Very truly yours,

DLA Piper Rudnick Gray Cary US LLP

Steven K. Barentzen
Attorney
*steven.barentzen@dlapiper.com*

Admitted to practice in New York and the District of Columbia

DC\14014017.1
353138-6