UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Terrorist Attacks on September 11, 2001          03 MDL 1570 (RCC)
                                                       ECF Case

This document relates to:

   *Ashton v. Al Qaeda Islamic Army* (02-CV-6977);
   *Barrera v. Al Qaeda Islamic Army* (03-CV-7036);
   *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-5738);
   *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-9849);
   *Continental Cas. Co. v. Al Qaeda* (04-CV-5970);
   *EuroBrokers Inv. v. Al Baraka Inv. & Dev. Corp.* (04-CV-7279);
   *Federal Ins. v. Al Qaida* (03-CV-6978);
   *New York Marine & Gen. Ins. Co. v. Al Qaida* (04-CV-6105);
   *Salvo v. Al Qaeda Islamic Army* (03-CV-5071);
   *Tremsky v. Osama bin Laden* (02-CV-7300);
   *World Trade Ctr. Props. LLC v. Al Baraka Inv. & Dev. Corp.* (04-CV-7280).

## REPLY BRIEF IN SUPPORT
## OF MOTION TO DISMISS ARADI, INC.

**FISH & RICHARDSON P.C.**

Raymond R. Castello (RC 2106)
153 East 53rd Street, 52nd Floor
New York, NY 10022
(212) 765-5070 (Telephone)
(212) 258-2291 (Facsimile)

**COUNSEL FOR DEFENDANT ARADI, INC.**

I.      **Introduction.**

A review of Plaintiffs' Consolidated Memorandum of Law In Opposition To The Motion

To Dismiss Filed By Aradi, Inc. ("Plaintiffs' Response") indicates that the Plaintiffs have sued

Aradi, Inc. ("Aradi"), based solely on the location of its physical address prior to dissolution

(555 Grove Street, Herndon, Virginia) and on the mere identity of some of its former officers and

directors (Abdullah Sulaiman Al Rajhi, Hisham Al Talib, and Cherif Sedky, none of whom have

been designated as global terrorists or terrorism supporters).  The rest of Plaintiffs' allegations

concern other persons and entities—not Aradi.  Indeed, nowhere do Plaintiffs identify *a single*

*act* ever taken by Aradi *of any kind*, much less one that could make Aradi liable for the

September 11 attacks.

Plaintiffs' allegations do not state a claim against Aradi.  Nor do they provide Aradi with

notice of the factual grounds on which liability could be based.  The Court should therefore

dismiss all claims against Aradi under Rule 12(b)(6).  *See In re Terrorist Attacks on September*

*11, 2001*, 392 F.Supp.2d 539, 563-64 (S.D.N.Y. 2005) (hereinafter, *In re Sept. 11*[th] II).

II.     **The Legal Standards For Dismissal Are Well-Known, And The Court Has Properly**
        **Applied Them.**

Plaintiffs devote more than six pages of their thirteen page Response to a discourse on the

legal standards for pleading under Rule 8 and dismissal under Rule 12(b)(6).[1]  These standards

are well established, and the Court has carefully and correctly articulated them in two separate

written opinions in this case.

In particular, the Court has correctly held that vague, ambiguous, and conclusory

allegations fail to state any claim upon which relief can be granted.  *In re Terrorist Attacks on*

*September 11, 2001*, 349 F. Supp. 2d 765, 832-33 (S.D.N.Y. 2005) (hereinafter, *In re Sept. 11th*

---

[1] By contrast, Plaintiffs' Response contains only two pages of "factual background."

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ARADI, INC. – Page 1**

I); *see also In re Sept. 11th II*, 392 F.Supp.2d at 564 (a complaint fails where it contains "only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based") (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004)). Additionally, Plaintiffs must "give Defendants fair and adequate notice of their claims and the grounds on which they rest." *In re Sept. 11th II*, 392 F.Supp.2d at 564.

Plaintiffs do not and cannot claim that the Court has misstated these standards. Moreover, none of the cases cited by Plaintiffs has changed the law. Indeed, Plaintiffs themselves state that recent Second Circuit decisions have merely "underscore[d] and re-affirm[ed]" existing law. Plaintiffs' Response at 5. Thus, none of the cases cited by Plaintiffs in any way undercut the principles set forth above.

In *Phelps v. Kapnolas*, 308 F.3d 184 (2d Cir. 2002), for example, the district court dismissed the complaint for not pleading scienter. The Second Circuit reversed because scienter could be inferred from the other factual allegations. In doing so, the Court distinguished that case from cases such as this one by specifically noting that the complaint's factual allegations were not "general and conclusory." *Id.* at 187, 187 n.6.[2]

Likewise, in *Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir. 2005), the plaintiffs alleged facts supporting their claims that McDonald's created false impressions regarding its food's nutritional value. The Second Circuit held that the district court improperly dismissed the complaint for not anticipating defensive causation arguments such as "what else did plaintiffs eat, how much did plaintiffs exercise, and whether plaintiffs had a history of the alleged diseases plaintiffs had contracted." *See id.* at 510-512.

---

[2] The complaint in *Warren v. District of Columbia*, on which Plaintiffs also rely, likewise contains factual allegations sufficient to support the cause of action. *See* 353 F.3d 36, 38 (D.C. Cir. 2004).

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ARADI, INC. – Page 2**

Finally, in *Twombley v. Bell Atlantic Corp.*, 425 F.3d 99 (2d Cir. 2005), the district court went beyond the normal pleading standards and required a plaintiff alleging an antitrust conspiracy not to compete to identify a "plus factor" tending to exclude the possibility of independent conscious parallelism. The Second Circuit rejected the district court's imposition of such a heightened pleading requirement and reaffirmed its commitment to the existing pleading standards. *See id.* at 104.[3]

None of these cases suggest that Plaintiffs can survive dismissal with bare conclusions or without pleading facts sufficient to support "an inference that the defendant knowingly provided assistance or encouragement to" al Qaeda. *In re Sept. 11th I*, 349 F.Supp.2d at 801. As to Aradi, Plaintiffs' allegations are clearly insufficient under these established standards.

## III.    The Court Should Dismiss All Claims Against Aradi.

### A.    Plaintiffs' Allegations Are Legally Insufficient.

Plaintiffs' allegations are insufficient to survive a motion to dismiss. They can be grouped as follows:

### 1.    Allegations Claiming That Aradi Is "Part Of" The So-Called "SAAR Network."

Plaintiffs' Response asserts the conclusion that Aradi is "part of" the so-called "SAAR Network," which is a term and label of Plaintiffs' creation. Plaintiffs' Response at 2. Plaintiffs' Response goes on to describe what Plaintiffs claim to be the nature of the so-called "SAAR Network" and to claim that the "offices of the SAAR Network" were raided by federal

---

[3] Plaintiffs also cite *Linde v. Arab Bank,* 384 F.Supp.2d 571 (E.D.N.Y. 2005). *Linde* is distinguishable because it involved much more specific allegations than the purely conclusory allegations against Aradi. Moreover, *Linde* actually affirms that complaints asserting secondary liability theories must allege facts sufficient to raise an inference of knowing material support. *See id.* at 587. In fact, in distinguishing this Court's first opinion, *Linde* recognized the appropriateness of this Court's dismissal of various defendants due to Plaintiffs' failure to allege facts connecting defendants to Osama Bin Laden, Al Qaeda, or the September 11th Attacks. *See id.*

authorities in March of 2002. Notably, nowhere do Plaintiffs attempt to identify any particular act by *Aradi* at any time that could constitute knowing material support for Al Qaeda.

As this Court has previously held, these allegations do not state a claim. In *In re Sept. 11th* II, the Court rejected these same allegations and granted the motions to dismiss of African Muslim Agency, Grove Corporate, Heritage Education Trust, IIIT, Mar-Jac Investments, Reston Investments, Safa Trust, and York Foundation, each of which were alleged to be part of the so-called "SAAR Network". *See In re Sept. 11th* II, 392 F.Supp.2d at 569-71. In doing so, the Court correctly concluded that these allegations present only "the legal conclusion that the SAAR Network entities conspired with the SAAR Network" and that they give accused defendants "no notice of the factual grounds on which Plaintiffs' claims of conspiracy are based." *Id.* at 570.

  2.    Alleged Overlapping Officers Or Directors.

Next, Plaintiffs' Response alleges that "major Aradi officials are also officers with multiple other entities in the SAAR Network." Plaintiffs' Response at 2. Plaintiffs then claim that two former Aradi officers, Hisham Al Talib and Cherif Sedky, are also officers or directors of other entities alleged to be part of the "SAAR Network." *See id.* These allegations do not state a claim.

Obviously, having officers or directors who are also officers or directors of other corporate entities is not actionable. Moreover, it is basic tort law that a corporation can only be liable for the acts of its agents if they are acting within the scope of their authority or in furtherance of corporate business. *See In re Sept. 11th* I, 349 F.Supp.2d at 836 ("An employee's actions cannot be a basis for employer liability unless the employee was acting in furtherance of the employer's business."); *In re Global Crossing, Ltd. Securities Litig.*, 2005 WL 1881514 at *4

(S.D.N.Y. Aug. 5, 2005) (recognizing that "the employer is only responsible for its employee's actions that were within the scope of his employment"); *Tasso v. Platinum Guild Int'l*, 1997 WL 16066 at *6 (S.D.N.Y. Jan. 16, 1997) (dismissing complaint against corporation that included "no facts from which an inference [could] be drawn that the [individual's] actions…were in furtherance of [the corporate defendant's] business"). Thus, a corporation is not liable for the actions of its officers or directors in their capacity as an officer or director of another corporation. *See Global Crossing*, 2005 WL 1881514 at *3-4. Moreover, conclusory allegations of agency are insufficient to state a claim. *See Global Crossing*, 2005 WL 1881514 at *4 (dismissing complaint containing only conclusory allegations of agency); *Tasso*, 1997 WL 16066 at * 6 (dismissing complaint containing only "some conclusory allegations" that "fail[ed] to allege the facts necessary to impose liability…under the doctrine of *respondeat superior*").

Accordingly, Plaintiffs must at least plead some action by an officer or director of Aradi, acting in the capacity as an officer or director of Aradi, that constitutes knowing material support of Al Qaeda. Plaintiffs have not done so. In fact, other than in their boilerplate conclusory allegations, they have not identified any tortious or wrongful act of any kind by an officer or director of Aradi. Plaintiffs therefore have not pleaded facts sufficient to identify an act constituting knowing material support of Al Qaeda and to justify an inference that any such alleged act was within the scope of someone's authority as an agent of Aradi or in furtherance of Aradi's business. In fact, Plaintiffs have not even demonstrated that they have any idea of the nature of Aradi's business prior to its dissolution.

### 3. Alleged Transfer Of Unidentified Entity's Funds To Youssef Nada and Ahmed Nasreddin.

Next, Plaintiffs' Response asserts that some unidentified "SAAR entities' funds have been transferred to Youssef Nada and Ahmed Nasreddin," who have been designated as global

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ARADI, INC. – Page 5**

terrorist supporters.  Plaintiffs' Response at 2-3.  Notably, Plaintiffs do not plead or suggest that

Aradi had anything to do with any such alleged transfers, that Aradi had any knowledge of any

such alleged transfers, that Aradi had any knowledge of any alleged intent to support Al Qaeda,

or that any such alleged transfers actually did support Al Qaeda.  These assertions therefore fail

to state a claim.  *See In re Sept. 11th II*, 392 F.Supp.2d at 569-71.

      4.     Alleged Connections To Al Rajhi Bank.

Finally, Plaintiffs attempt to link Aradi to the Al Rajhi Bank, which the Court has

previously dismissed for failure to state a claim.  *See In re Sept. 11th I*,  349 F. Supp. 2d 765, 833

(S.D.N.Y. 2005).  These alleged "connections" do not identify any alleged act by Aradi that

could possibly state a claim.

First, Plaintiffs claim that Aradi is "related to a similarly named corporation" called Aradi

1212 New York Avenue ("Aradi 1212"), although Plaintiffs do not say how.  Then, they claim

that Abdullah Sulaiman Al Rajhi was President of Aradi and also a director of Aradi 1212.

Then, they point out that Abdullah Sulaiman Al Rajhi is the General Manager of the Al Rajhi

Bank.  Finally, they allege that an individual named Fahad Sulayman Abdul Aziz was a director

of Aradi 1212 (but not of Aradi) and that he somewhere "listed his address" as the same P.O.

Box as the Al Rajhi Bank.  *See* Plaintiffs' Response at 3.  Of course, none of this even remotely

suggests that Aradi knowingly and materially supported Al Qaeda.

Next, Plaintiffs' Response contains the following sentence, which appears to be carefully

drafted to be intentionally vague and ambiguous:  "Through Abdullah Suleiman Al-Rajhi and

Fahad Sulayman Abdul Aziz, the SAAR Network had access to a bank and banking officials for

purposes of producing checks purportedly for SAAR's charitable purposes but which actually

went towards the benefit of al Qaida."  Plaintiffs' Response at 3.  It appears that all this sentence

really claims is that the so-called "SAAR Network" allegedly had contacts ("access") at the Al Rajhi Bank in the persons of Abdullah Sulaiman Al Rajhi and Fahad Sulayman Abdul Aziz, and that these contacts *potentially could have* been used to obtain a checking account at the Al Rajhi Bank.   There is no suggestion, however, that any unidentified "SAAR" entity actually had an account at the Al Rajhi Bank or actually drew checks on such an account.

In any event, whatever this sentence purportedly means, it does not state a claim against Aradi.   Plaintiffs do not claim or plead that Aradi had anything to do with whatever activity (if any) this sentence references.   Thus, it is insufficient to withstand a motion to dismiss.   *See In re Sept. 11th* II, 392 F.Supp.2d at 571 (holding that an allegation of donating money to "unnamed SAAR Network entities, which was later forwarded to al Qaeda" was insufficient).   Moreover, to the extent that Abdullah Sulaiman Al Rajhi was supposedly involved in whatever alleged activity this sentence is talking about (if any), the phrasing indicates that any such activity would have been in his capacity as an officer of the Al Rajhi Bank.   Plaintiffs' failure to plead facts sufficient to justify an inference that any activity was in the capacity as an agent of Aradi justifies dismissal.   *See Global Crossing*, 2005 WL 1881514 at *4 (dismissing complaint against defendant corporations because plaintiffs failed to plead facts justifying an inference that the defendants' corporate officers were acting in the capacity as agents of the defendant corporations while serving as directors of another corporation).

Finally, Plaintiffs' Response contains the following statement, which again appears to be intentionally vague and ambiguous:   "These connections between organizations comprising the SAAR Network and Al Rajhi Banking and Investment Corporation provided a financial conduit for the movement of money to the terrorist groups these businesses, individuals, and charities supported."   Plaintiffs' Response at 3.   Again, whatever this allegation is supposed to mean, it

fails to state a claim against Aradi. In particular, it refers only generally to the so-called "SAAR Network," and it does not allege any act by *Aradi* that could constitute knowing material support of Al Qaeda. Thus, this allegation fails to state a claim against Aradi. Indeed, the Court has previously rejected allegations that were more specific than this. *See In re Sept. 11th* II, 392 F.Supp.2d at 571 (dismissing claims against Mar-Jac Poultry despite allegations that it donated money to African Muslim Agency, which was allegedly later "laundered," and that it donated money to "unnamed SAAR Network entities, which was later forwarded to al Qaeda").

The conclusory allegations against Aradi in these consolidated actions neither create a reasonable inference of knowing material support for Al Qaeda nor sufficiently state the factual grounds on which the claims are based. Thus, the claims against Aradi do not state a claim, do not give Aradi sufficient notice of the claims against it, and should be dismissed. *See In re Sept. 11th II*, 392 F.Supp.2d at 563-64; *In re Sept. 11th I*, 349 F. Supp. 2d at 835.

**B.    <u>The Court Should Dismiss The RICO Claims Against Aradi.</u>**

The Court has previously ruled that "'a plaintiff must allege injury from the defendant's investment of the racketeering income to recover under [18 U.S.C.] § 1962(a).'" *In re Sept. 11th I*, 349 F.Supp.2d at 827 (quoting *Ouaknine v. MacFarlane*, 897 F.2d 75, 83 (2d Cir. 1990)). Plaintiffs fail to do so. Plaintiffs fail to identify (1) the racketeering income that Aradi might allegedly have received, (2) the manner in which any racketeering income was allegedly invested, or (3) how any injury might have resulted from that investment. The Court should therefore dismiss all section 1962(a) claims against Aradi. As the Court has previously ruled, based on Supreme Court precedent, in order "'to state a claim for liability under § 1962(c), Plaintiffs must allege that the [Defendants] participated in 'the operation or management of the enterprise itself,' which requires that those Defendants must have had some part in directing the

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ARADI, INC. – Page 8**

enterprise's affairs.'" *In re Sept. 11th* II, 392 F.Supp.2d at 566 (quoting *Redtail Leasing, Inc. v. Bellezza*, No. 95 Civ. 5191(JFK), 1997 WL 603496, at *5 (S.D.N.Y. Sept. 30, 1997)).  Again, Plaintiffs fail to do so.  Indeed, Plaintiffs have failed to identify *anything* that Aradi allegedly did, much less how it supposedly directed a RICO enterprise.  The Court should therefore dismiss all claims against Aradi under section 1962(c).  *See In re Sept. 11th* II, 392 F.Supp.2d at 569, 572 (dismissing RICO claims against defendants Wa'el Jalaidan and Jamal Barzinji despite finding that complaints state other claims against them).

Finally, under 18 U.S.C. § 1962(d), which concerns conspiracy to violate the RICO statutes, a plaintiff must plead, among other things, facts justifying an inference that the defendant agreed to further the wrongful conduct of a RICO enterprise and that the defendant agreed to commit two or more RICO predicate acts in furtherance of that enterprise.  *See Morin v. Trupin*, 832 F.Supp. 93, 100 (S.D.N.Y. 1993) ("The Plaintiffs must allege that the defendants agreed to commit two or more RICO predicate acts."); *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F.Supp. 276, 283-84 (S.D.N.Y. 1991) (holding that plaintiffs' pleadings must "'show that the defendants understood the scope of the enterprise and knowingly agreed to further its affairs through the commission of various offenses'") (quoting *Morin v. Trupin*, 774 F.Supp. 1051, 1067 (S.D.N.Y. 1990) (quoting *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 567 F.Supp. 1146, 1154 (D.N.J. 1983))).  Conclusory allegations are insufficient.  *See Morin*, 832 F.Supp. at 100 (dismissing claim and holding that "mere allegations of an agreement to commit the predicate acts is not sufficient"); *Zaro*, 779 F.Supp. at 283-84 (dismissing claim and holding that mere allegation that defendants knowingly committed or agreed to commit two or more predicate acts is insufficient); *see also Koulouris v. Estate of Chalmers*, 790 F.Supp. 1372, 1378 (N.D. Ill. 1992) (dismissing complaint that "failed to allege any facts supporting an

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ARADI, INC. – Page 9**

inference of agreement" on the part of the defendant). Indeed, Rule 9 applies to allegations of mail and wire fraud as predicate acts. *See Zaro*, 779 F.Supp. at 280-81.

Here, Plaintiffs' nonconclusory allegations are insufficient to support a claim for a RICO conspiracy. Plaintiffs have not alleged any facts justifying an inference that Aradi agreed to further the wrongful conduct of a RICO enterprise and agreed to commit at least two RICO predicate acts. Indeed, Plaintiffs have not pleaded facts showing any activity by Aradi at all. The Court should therefore dismiss all RICO claims against Aradi.

**C.**     **The Court Should Grant Aradi's Motion To Dismiss For The Additional Grounds Stated in Part III Of Aradi's Motion To Dismiss.**

In Part III of its Motion to Dismiss, Aradi also moved to dismiss claims under the Torture Victims Protection Act, for negligence and negligent infliction of emotional distress, for intentional torts for plaintiffs filing after September 11, 2002, and for punitive damages under 28 U.S.C. § 1606. Aradi submits that these arguments are supported by the Court's prior rulings and require no further elaboration here. The Court should grant Aradi's motion on these issues.

**IV.**     **Conclusion.**

For the reasons stated herein, the Court should dismiss all claims against Aradi.

Respectfully submitted this 18th day of January, 2006.

FISH & RICHARDSON P.C.


By: _____
Raymond R. Castello (RC 2106)
153 East 53rd Street, 52nd Floor
New York, NY  10022
(212) 765-5070 (Telephone)
(212) 258-2291 (Facsimile)

**COUNSEL FOR DEFENDANT ARADI, INC.**

## CERTIFICATE OF SERVICE

Because the Court's ECF system was unavailable on January 18, 2006 due to maintenance, I hereby certify that I caused a true and correct courtesy copy of the foregoing REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ARADI, INC. to be sent by email to the counsel listed below on January 18, 2006.  I further certify, pursuant to Case Management Order No. 2, that this brief is being filed electronically and served on all counsel electronically by the Court's Electronic Case Filing (ECF) system.

Dated: January 19, 2006

By: _____
Raymond R. Castello (RC 2106)

James P. Kreindler
jkreindler@kreindler.com
Ashton, et al v. Al Qaeda Islamic Army, et al. (02-cv-6977)
Barrera, et al. v. Al Qaeda Islamic Army, et al. (03-cv-7036) [Consolidated with Ashton]

Jodi Flowers
jflowers@motleyrice.com
Burnett v. Al Baraka Investment (1:03-cv-5738);
Burnett v. Al Baraka Investment (1:03-cv-9849)

Robert Kaplan
rkaplan@ferberfrost.com
Continental Casualty Co., et al. v. Al Qaeda, et al. (04-cv-5970)

Andrea Bierstein
abierstein@hanlyconroy.com
Euro Brokers Inc., et al. v. Al Baraka Investment and Development Corp., et al. (1:04-cv-7279);
World Trade Center Properties, L.L.C., et al. v. Al Baraka Investment and Development Corp., et al. (1:04-cv-7280)

Elliot Feldman
efeldman@cozen.com
Federal Insurance, et al. v. Al Qaida, et al.  (1:03 cv. 6978)

Robert Brown
rjb@browngavalas.com
New York Marine and General Insurance Co. v. Al Qaida, et al. (1:04-cv-6105)

Donald Nolan
djn@nolan-law.com
Salvo, et al. v. Al Qaeda Islamic Army, et al. (1:03-cv-5071)

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ARADI, INC. – Page 11**

J. David O'Brien
o'brienlawusa@aol.com
Tremsky, et al. v. Laden, et al. (1:02-cv-7300)

      The email to Mr. O'Brien was returned as "undeliverable."  To the best of counsel's knowledge, Mr. O'Brien has no other email address listed with the Court, and counsel for Aradi has not been able to find another email address for Mr. O'Brien.

Michael Kellogg
mkellogg@khhte.com
Defendants' Committee

90158268 2.doc

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ARADI, INC. – Page 12**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Terrorist Attacks on September 11, 2001          03 MDL 1570 (RCC)
                                                       ECF Case

This document relates to:

> *Ashton v. Al Qaeda Islamic Army* (02-CV-6977);
> *Barrera v. Al Qaeda Islamic Army* (03-CV-7036);
> *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-5738);
> *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-9849);
> *Continental Cas. Co. v. Al Qaeda* (04-CV-5970);
> *EuroBrokers Inv. v. Al Baraka Inv. & Dev. Corp.* (04-CV-7279);
> *Federal Ins. v. Al Qaida*  (03-CV-6978);
> *New York Marine & Gen. Ins. Co. v. Al Qaida*  (04-CV-6105);
> *Salvo v. Al Qaeda Islamic Army* (03-CV-5071);
> *Tremsky v. Osama bin Laden* (02-CV-7300);
> *World Trade Ctr. Props. LLC v. Al Baraka Inv. & Dev. Corp.* (04-CV-7280).

## STATEMENT REGARDING DELAYED FILING OF REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS ARADI, INC.

Counsel for Aradi, Inc. ("Aradi") was unable to file its Reply Brief In Support Of Motion To Dismiss Aradi, Inc. on the date it was due—January 18, 2006—because the Court's electronic filing system ("ECF") was unavailable due to maintenance. Pursuant to the instructions on the Court's web site,[1] rather than filing the document in paper format, Aradi has waited until the ECF system was restored (the next day) and filed the document electronically with a statement explaining the delayed electronic filing. *See* Exhibit A. On the date on which the brief was due, Aradi also emailed courtesy copies of the reply brief to lead counsel for plaintiffs as set forth on the certificate of service.[2]

---

[1] http://www.nysd.uscourts.gov/cmecf/cmecfindex.htm
[2] The one exception to this statement concerns counsel in the *Tremsky* matter, Mr. J. David O'Brien. Aradi's email to Mr. O'Brien was returned as "undeliverable." To the best of counsel's knowledge, Mr. O'Brien has no other email address listed with the Court, and Aradi's counsel has not been able to find another email address for Mr. O'Brien.

Accordingly, Aradi now files the reply brief on the first day when the ECF system is again available.

FISH & RICHARDSON P.C.

By: _____
Raymond R. Castello (RC 2106)
153 East 53rd Street, 52nd Floor
New York, NY 10022
(212) 765-5070 (Telephone)
(212) 258-2291 (Facsimile)

**COUNSEL FOR DEFENDANT ARADI, INC.**

90158822.doc

# EXHIBIT A



# United States District Court
# **Southern District of New York**

---

## ELECTRONIC CASE FILING (ECF)

---



The United States District Court of the Southern District of New York utilizes the Electronic Case Filing (ECF) system for new civil and criminal cases.  This system allow attorneys to file and retrieve documents via the internet.

All District Judges and Magistrate Judges will assign all newly filed civil and criminal cases to the ECF system. With limited exceptions, documents filed in these cases must be filed electronically and will not be accepted in paper form.

Certain types of cases should not be filed using ECF, please see the policies and procedures for  further details.

Also, please keep in mind that you should not include sensitive information in any document filed with the Court unless inclusion is necessary and relevant to the case.



**Privacy and Public Access to Electronic Case Files**
**ECF Court Error Notice to all ECF Filing Users**

**ALL SOUTHERN DISTRICT JUDGES TO REQUIRE ELECTRONIC FILING**
**AMENDED INSTRUCTIONS FOR FILING AN**
**ELECTRONIC CASE OR APPEAL**

**SOUTHERN DISTRICT COURT TO IMPLEMENT ELECTRONIC FILING DECEMBER 1, 2003**

To login, click on **CM / ECF**

Back to Top