**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x
**IN RE TERRORIST ATTACKS ON**                        Civil Action No.
**SEPTEMBER 11, 2001**                                03 MDL 1570 (RCC)
----------------------------------------------------------x

**This document relates to:**

*Thomas E. Burnett, Sr., et al. vs. Al Baraka*
*Investment and Development Corp., et al.*
**03 CV 9849 (RCC)**

## REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURTS' ORDER THAT THE PARTIES SUBMIT A PROPOSED ORDER CERTIFYING THE DEFENDANTS DISMISSED ON 12(B)(1) AND 12(B)(2) GROUNDS BUT NOT THE DEFENDANTS DISMISSED ON 12(B)(6) GROUNDS

This matter has been pending since August of 2002, and justice is not served by delaying a final determination of the application of the pleading standard under F.R.C.P. 12(b)(6). Defendant Al Rajhi Bank opposes Plaintiffs' Motion for Reconsideration claiming that "the *Burnett* Plaintiffs have not provided this Court with any sound basis for reconsidering its Rule 54(b) decision as to Al Rajhi Bank." Opp. Memo at 1. This is simply untrue. In their original memorandum of law in support of the motion to reconsider, the Plaintiffs properly asserted that a motion to reconsider is appropriate when there is a need to correct a clear error or manifest injustice. As the Court will necessarily need to apply the Fed. R. Civ. P. 12(b)(6) standard to all allegations submitted by all plaintiffs in these consolidated cases, reconsideration of the Court's 12(b)(6) order as to Al Rajhi Bank is appropriate in this instance in order to correct a clear error and to aide in judicial administration of this case. Certification of final judgment on only those dismissals rendered pursuant to Rules 12(b)(1) and 12(b)(2) alone does not serve the

1

interest of justice. As such, Plaintiffs submit this reply memorandum of law in further support of its motion for reconsideration and to address arguments raised by the Defendant.[1]

## ARGUMENT

### I. Certification of Final Judgment Pursuant to Rule 54(b) as to Al Rajhi Bank Conserves Scarce Judicial Resources

When there is an intervening change of controlling law, new evidence becomes available, or if there is a need to correct a clear error or manifest injustice, a motion for reconsideration may be granted. *Virgin Atlantic Airways v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d. Cir. 1992); *see also* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure 18C §4478, at 790. Plaintiffs respectfully contend that this Court's decision to deny certification of a final judgment against Al Rajhi Bank was in error and should be revisited. As Defendant states in its Opposition to Plaintiffs' Motion for Reconsideration, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" [Opp. at 1, *citing Montanile v. Nat'l Broad. Co.,* 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (quoting *In re Health Mgmt. Sys. Inc Secs. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) *aff'd,* No. 02-7867, 2003 WL 328825 (2d Cir. Feb. 13 2003)]. It is precisely with those interests of finality and conservation of scarce judicial resources in mind that Plaintiffs have brought their Motion for Reconsideration.

---

[1] Saudi American Bank, Arab Bank plc, Al Baraka Investment and Development Corp., Saleh Abdullah Kamel, Dar Al-Mal Al-Islami Trust, and DMI Administrative Services S.A. also filed similar papers regarding this motion, but since the Plaintiffs' Motion applies only to the Court's decision regarding Al Rajhi, none of these entities have standing to address this motion. In addition, not one of those other defendants have been dismissed pursuant to F.R.C.P. 12(b)(6) in all of the consolidated cases unlike Al Rajhi..

Defendant's Response hinges on the assertion that because there are other defendants in the litigation, entry of a final judgment against Al Rajhi is improper. However, *Hogan v. Consolidated Rail Corp.,* 961 F.2d 1021 (2d Cir. 1992), one of the cases cited by the Defendant, holds that "Rule 54(b) provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated. It empowers the district court to enter a final judgment as to fewer than all of the parties in an action, but only upon an express determination that there is no just reason for delay." 961 F.2d at 1024-25.  No further delay is justified in this instance.  The very policy behind Rule 54(b) is to allow final judgment in multi-party actions such as this.

## II. Plaintiffs' Stipulated Dismissal of Al Rajhi Bank in All Cases Pending Before the Court Favors Certification as to Al Rajhi Bank

As Plaintiffs have demonstrated in their Motion for Reconsideration, and as the record reflects, there is no just reason for delay, and as such, certification for final judgment under Rule 54(b) is warranted.  The complete dismissal of all claims against Al Rajhi Bank by this Court unmistakably warrants a final judgment under Rule 54(b). *See Ginnett v. Computer Task Group*, 962 F.2d 1085 (2d Cir. 1992); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978).  Plaintiffs are merely requesting that the dismissals already entered in Al Rajhi's favor be certified as final judgments by this court.

Furthermore, the Court in *Hogan* expounds, "[c]ertification under Fed. R. Civ. P. 54(b) should be granted only where there are interests of sound judicial administration and efficiency to be served or in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hogan*, 961 F.2d at 1025. The Plaintiffs reiterate that final judgment and any review now

will better serve the interests of the administration of justice, and that additional delay will compromise Plaintiffs' right to timely prosecution of their claims.  Without proper application of the 12(b)(6) pleading standard this will be difficult if not impossible. Simply stated, the *Burnett* pleadings contained literally dozens of paragraphs of specific factual allegations against Al Rajhi[2]; if that is not enough to meet the Rule 12(b)(6) pleading standard, it is difficult to imagine any pleading that would ever satisfy this Court.

Regarding Defendant's contention that Al Rajhi Bank was "singled out" for certification of a final judgment pursuant to Rule 54(b) from among the other 12(b)(6) defendants, Plaintiffs simply point out that on May 5, 2005, this court ordered that Al Rajhi be dismissed in all remaining cases.  Order of Dismissal, Docket # 883.  Al Rajhi Bank pushed to have its motion heard first and foremost as the record attests.  As a result, to date, Al Rajhi is the only defendant who has been dismissed pursuant to F.R.C.P. 12(b)(6) grounds in all of the consolidated cases.  There has been no singling out except by the defendants themselves in their request for expedited treatment and a more definite statement pursuant to F.R.C.P. 12(e).[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs assert that their Motion for Reconsideration should be GRANTED.

Dated: New York, NY                    Respectfully Submitted,
January 19, 2006

---

[2] The Burnett Plaintiffs' More Definite Statement regarding Al Rajhi is attached hereto as Exhibit A.
[3] Al Rajhi's claim that the consolidated cases do not support this request for re-consideration is simply incorrect.  As an example, the plaintiffs in all of the consolidated cases filed a letter application with the Court on this issue objecting to the Court's 54(b) ruling shortly after the present motion was filed.

                                                _____/s/_____
Ronald L. Motley, Esq. (SC Bar #4123)
Jodi Westbrook Flowers, Esq. (SC Bar #66300)
Donald M. Migliori, Esq. (RI Bar #4936)
Michael E. Elsner, Esq. (ME-8337)
Robert T. Haefele, Esq. (NJ-58293; PA-57937)
Justin B. Kaplan, Esq. (TN-022145)
John Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Tel: (843) 216-9000

Paul J. Hanly, Jr., Esq. (PH-5486)
Jayne Conroy, Esq. (JC-8611)
Andrea Bierstein, Esq. (AB-4618)
HANLY CONROY BIERSTEIN & SHERIDAN, LLP
112 Madison Avenue, 7th Floor
New York, NY 10016-7416
Tel: (212) 784-6400
*Attorneys for Burnett Plaintiffs*