*[Handwritten annotation at top:]* The court agrees with Defendants that the subpoena should be quashed with respect to Defendants who have been dismissed from the Burnett action: Grove Corporate, Heritage Education Trust, Int'l Inst of Islamic Thought, Rashid Hussein, Sturm, York Fdn. The subpoena is stayed as to Yaqub Mirza while the parties determine whether he is still a defendant in the Burnett action. Otherwise, Defendant's motion to quash the subpoena is denied. *[signed]* Richard Casey January 12, 2006

**KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.**

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900

FACSIMILE
(202) 326-7999

December 6, 2005

The Honorable Richard C. Casey
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007-1312

    Re:   *In re Terrorist Attacks on September 11, 2001*, MDL No. 1570 (RCC)

Dear Judge Casey:

    On behalf of the Defendants' Executive Committee, I write to object to and move to quash the third-party subpoena *duces tecum*, which counsel for the *Burnett* plaintiffs issued to nonparty Wachovia Bank on November 17, 2005 ("Subpoena"). In the event that the Court does not quash the subpoena in its entirety, we respectfully request that the Court order that any responsive documents not be produced under the Subpoena until after entry of a protective order safeguarding confidential information that may be produced in response to the subpoena. The Defendants' Committee has attempted to resolve these matters without judicial intervention, but we have been unable to reach agreement with counsel for the plaintiffs.

    First, the Court should quash the Subpoena in its entirety because it is impermissibly overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The Subpoena seeks *all* documents from January 1, 1993, through the present in the possession of Wachovia Bank that relate to accounts held by more than 75 persons and entities (as well as "[a]ny person or entity designated by any branch of the United States government as a terrorist") with absolutely no limitation as to the subject matter of the records sought. *See* Ex. A (Subpoena). Plaintiffs have not even attempted to limit the scope of the Subpoena to matters relevant to the *Burnett* complaint, nor have they explained why records from as early as 1993 are relevant to claims that Defendants aided al Qaeda's attacks against the United States nearly 10 years later. Courts in this district have quashed similarly overbroad subpoenas as impermissible fishing expeditions. *See, e.g., Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 51 (S.D.N.Y. 1996) (quashing subpoena served on nonparty on the ground that it went "beyond any reasonable attempt to identify documents pertinent to" plaintiff's claim); *Catskill Development, L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (quashing subpoena issued to bank as "fishing expedition" because "Plaintiffs present[ed] no legitimate need for the . . . bank account information, and ha[d] shown no good faith basis for extending discovery to . . . banking

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Richard C. Casey
December 6, 2005
Page 2

records"); *see also* Fed. R. Civ. P. 26(b)(1) (restricting discovery to matters "relevant to the claim or defense of any party").

    Second, the Subpoena violates the clear dictates of Case Management Order #2 ("CMO #2"), which states: "As to any defendant that has filed a motion to dismiss . . . for lack of personal jurisdiction, merits discovery shall not take place until such jurisdictional motion has been resolved by this Court." CMO #2 ¶ 17 (June 16, 2004). Despite this mandate, the Subpoena seeks discovery as to numerous defendants that have moved to dismiss the *Burnett* actions on personal jurisdiction grounds.[1] The Court should therefore prohibit discovery as to these persons and entities.

    Third, the Subpoena seeks discovery concerning defendants that have been dismissed from the *Burnett* case.[2] The Court should not permit discovery as to those defendants. *See Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 377 (S.D.N.Y. 2004) ("[D]ismissed actions ordinarily would give would-be litigants no authority to conduct discovery of their target defendants."). By seeking records of accounts for which the named defendants have signatory authority, the Subpoena potentially seeks discovery as to unnamed defendants who have filed personal-jurisdiction motions or who have been dismissed, as well as to non-parties.

    Finally, if the Court does not quash the subpoena in its entirety, the Court should order that any responsive documents not be produced under the Subpoena until after entry of an appropriate protective order. The Subpoena seeks more than a dozen years of confidential business and banking information. Courts in this district have ordered production of such records only pursuant to protective orders. *See Brassco, Inc. v. Klipo*, No. 99 Civ. 3014, 2004 U.S. Dist. LEXIS 11164, at *8 (S.D.N.Y. June 21, 2004); *see also Young v. United States Dep't of Justice*, 882 F.2d 633, 643 (2d Cir. 1989) (discussing confidential nature of bank records). The Court should therefore require the parties to meet and confer concerning a protective order and, if the parties cannot agree on one, the Court should require them to submit their disagreements to the Court for resolution.

                              Sincerely,

                              */s/ Michael Kellogg*

                              Michael Kellogg
                              *Defendants' Executive Committee*

---

[1] These defendants include: Al-Haramain Islamic Foundation (SA), Abdullah Bin Ladin, Abdullah Sulaiman Al Rajhi, Abdulrahman Bin Khalid Bin Mahfouz, Aqeel Abdul-Azeel Al Aqeel, Khalid Bin Mahfouz, Saleh Abdul Aziz Al-Rajhi, Shahir Abdulraoof Batterjee, Sulaiman Bin Abdul Aziz Al Rajhi, Yassin Kadi, Yeslam M. Binladen, and Yousef Jameel.

[2] These defendants include: Grove Corporate, Heritage Education Trust, International Institute of Islamic Thought, Reston Investments, Inc., Success Foundation, Inc., York Foundation, Abdul Rahman Al-Almoudi, Abdulrahman Bin Mahfouz, Mohammed Hussein Al-Almoudi, Omar Binladen, Saleh Abdullah Kamel, Tariq M. Binladen, and Yaqub Mirza. The plaintiffs offered to exclude dismissed defendants from the scope of the subpoena, but only if the defendants generally would "agree not to object to the subpoena" on any other grounds. Letter from Robert T. Haefele to Michael Kellogg & Steven Barentzen (Dec. 5, 2005). That condition was unacceptable to defendants.