**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x
:
In re Terrorist Attacks on September 11, 2001 : 03 MD 1570 (RCC)
: ECF Case
:
------------------------------------x

This document relates to: Estate of John P. O'Neill, Sr., et al v. Al Baraka Investment and Development *Corp., et al.*, 04 CV 01923 (RCC)

## DEFENDANT MUSLIM WORLD LEAGUE'S ANSWER TO PLAINTIFFS' FIRST CONSOLIDATED COMPLAINT

Defendant Muslim World League ("MWL"), by and through undersigned counsel, and pursuant to Rule 12, Fed. R. Civ. P., hereby submits its Answer to the Plaintiffs' First Consolidated Complaint ("Complaint").

1. MWL admits that the statements in paragraphs 1-2 are true statements of fact.

2. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 3-5.

3. MWL admits that the statements in paragraphs 6-10 are true statements of fact.

4. MWL does not possess sufficient information to admit or deny the allegations in paragraph 11.

## JURISDICTION AND VENUE

5. MWL denies that this court has jurisdiction over MWL as alleged in paragraph 12.

6. MWL denies that venue is proper in this district as alleged in paragraph 13.

## PLAINTIFFS

*THE CLASS*

7. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 14-15.

## ORIGINAL PLAINTIFFS

8. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 16-21.

## DEFENDANTS

9. MWL does not possess sufficient information to admit or deny the allegations in paragraph 22-23.

10. MWL denies the allegations in paragraph 24 to the extent that they provide MWL is a charity used as a terrorist front to mask money transfers and provide cover for terrorist operatives and operations. To the extent that paragraph 24 identifies MWL offices, subsidiaries, affiliates, and branch offices – defendant MWL admits it has offices worldwide, the bulk of which are identified in this paragraph.

11. MWL denies the allegations of paragraph 25 insofar as they relate to MWL.

12. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 26-27.

## COMMON FACTUAL ALLEGATIONS

13. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 28-38.

14. MWL admits that it is a Muslim charity. To the extent paragraph 39 names the MWL as one of a number of charities that serve as an al Qaeda front, Defendant MWL denies this allegation.

15. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 40.

16. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 41-91.

17. MWL admits that it is a parent organization of IIRO. To the extent paragraph 92 alleges that MWL has been infiltrated by Osama bin Laden and al Qaeda associates, Defendant MWL denies this allegation.

18. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 93-95.

19. MWL of Saudi Arabia admits that it has offices, subsidiaries, affiliates, and/or branch offices worldwide – the bulk of which are listed in paragraph 96.

20. MWL admits in part and denies in part the allegations contained in paragraph 97. To the extent paragraph 97 alleges the MWL was founded in 1962 in Saudi Arabia and is a parent organization of Defendant IIRO, Defendant admits that these allegations are true. To the extent paragraph 97 alleges that MWL uses the "DRO" as an operational arm, Defendant MWL assumes the "DRO" reference is a typo and should read "IIRO." If MWL's assumption is correct, MWL denies this allegation to the extent that IIRO is referenced as an "operational arm" of the MWL.

21. MWL admits that the allegations in paragraph 98 are true to the extent that the MWL has been funded and financed in part by the government of Saudi Arabia. MWL denies it has been controlled by the government of Saudi Arabia.

22. MWL denies the first allegation asserted in paragraph 99, which provides that the MWL has numerous connections to al Qaeda operatives. MWL has no such connections. MWL denies the second allegation asserted in paragraph 99 to the extent that it alleges that Jamal Khalifa opened an MWL office in Pakistan for the purpose of providing an umbrella under which al Qaeda could operate there freely. To the extent that the third allegation relates to or regards the MWL, Defendant MWL admits that Wa'el Jalaidan headed a MWL office in Peshawar, Pakistan in or about the early 90s. To the extent that the third allegation states that Wa'el Jalaidan has been named by the U.S. Treasury Department as one of the founders of al Qaeda, and that he also served as the Secretary-General of the Defendant Rabita Trust, these allegations are not made against the MWL and therefore Defendant MWL cannot admit to or deny these statements. With respect to the fourth allegation asserted in paragraph 99, Plaintiffs' state that Wadih el-Hage testified that he "worked for the MWL in Peshawar". Defendant MWL cannot admit or deny what was said or what was not said at the trial of Wadil el-Hage as Defendant MWL does not possess nor can readily obtain a copy of Wadih el-Hage's trial transcript. The fifth allegation – that Diab Ali worked for the MWL – Defendant MWL does not possess sufficient information to admit or deny this allegation.

23. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 100-103.

24. MWL does not possess sufficient information (i.e. what Plaintiffs mean by "closely intertwined") to admit or deny the allegations in paragraph 104.

25. To the extent paragraph 105 makes allegations against other named Defendants in this case, Defendant MWL neither admits nor denies these allegations. To the extent paragraph 105 alleges that MWL created Defendant Rabita Trust jointly with the government of Pakistan to organize the repatriation and rehabilitation of stranded Pakistanis (Biharis) from Bangladesh, Defendant MWL admits this allegation in part and denies it in part. To the extent that the allegation states that Rabita Trust was created to organize the repatriation and rehabilitation of stranded Pakistanis (Biharis) from Bangladesh, Defendant MWL admits this is true. To the extent that the allegation states that both the MWL and government of Pakistan jointly created the Rabita Trust, Defendant MWL denies this allegation. To the extent paragraph 105 states, "[d]uring its 15-year existence it has managed to relocate only a few hundred Biharis" Defendant MWL objects to this statement as it is founded upon speculation and any answer that may be provided to this allegation would call for speculation.

26. MWL does not possess sufficient information to admit or deny the allegations in paragraph 106.

27. To the extent paragraph 107 alleges that Rabita Trust is a subsidiary of the MWL, Defendant MWL states that the Rabita Trust is a separate and distinct charity.

28. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 108-127.

## CLASS ACTION ALLEGATIONS

29. MWL does not possess sufficient information to admit or deny the allegations in paragraphs 128-133.

## CLAIMS

### COUNT ONE

### *TORTURE VICTIM PROTECTION ACT*

30. The allegations contained in paragraphs 134-137 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

### COUNT TWO

### *ALIEN TORT CLAIMS ACT*

31. The allegations contained in paragraphs 138-141 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

### COUNT THREE

### *WRONGFUL DEATH*

32. The allegations contained in paragraphs 142-147 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

### COUNT FOUR

### *SURVIVAL*

33. The allegations contained in paragraphs 148-150 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT FIVE

### *NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

34. The allegations contained in paragraphs 151-155 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT SIX

### *CONSPIRACY*

35. The allegations contained in paragraphs 156-161 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT SEVEN

### *AIDING & ABETTING*

36. The allegations contained in paragraphs 162-165 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT EIGHT

### *NEGLIGENCE*

37. The allegations contained in paragraphs 166-170 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT NINE

### *18 U.S.C. §2333 (ANTI-TERRORISM ACT)*

38. The allegations contained in paragraphs 171-175 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

### COUNT TEN

### *18 U.S.C. § 1962(A) – CIVIL RICO*

39. The allegations contained in paragraphs 176-180 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

### COUNT ELEVEN

### *PUNITIVE DAMAGES*

40. The allegations contained in paragraphs 181-183 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

### COUNT TWELVE

### *PUNITIVE DAMAGES*

### *FOREIGN STATE AGENCIES AND INSTRUMENTALITIES*

41. The allegations contained in paragraphs 184-187 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

### **PRAYER FOR RELIEF**

42. MWL submits Plaintiffs' claims are not entitled to any relief as alleged in paragraph 188.

## PLAINTIFFS' EXHIBIT A-AG

43. Since exhibits A-AG are not part of Plaintiffs' complaint in terms of reciting specific allegations, MWL neither admits to nor denies any allegations contained in said exhibits.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs' claims fail to state a claim against MWL for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Causation)

There is no causal connection between any of MWL's activities and Plaintiffs' injuries.

## THIRD AFFIRMATIVE DEFENSE

(Causation)

No act or omission of any agent, servant, or employee of MWL proximately caused any harm or damages to Plaintiffs'.

## FOURTH AFFIRMATIVE DEFENSE

(Other Tortfeasors)

Plaintiffs' damages and injuries were caused by other individuals or entities who are, or are not, named as parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

(Improper Venue)

This Court is not the proper venue for Plaintiffs' claims against MWL.

### SIXTH AFFIRMATIVE DEFENSE

(Subject Matter Jurisdiction)

This Court does not have subject matter jurisdiction over Plaintiffs' claims against MWL.

### SEVENTH AFFIRMATIVE DEFENSE

(Immunity)

MWL is an instrumentality of the government of the Kingdom of Saudi Arabia. Accordingly, MWL is immune from suit.

### EIGHTH AFFIRMATIVE DEFENSE

(Personal Jurisdiction)

This Court does not have personal jurisdiction over Plaintiffs' claims against MWL.

### NINTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiffs are estopped from receiving the relief requested against MWL.

### TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiffs' claims against MWL are barred, in whole or in part, by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

(Punitive Damages)

Plaintiffs' claims for punitive damages against MWL are barred because MWL's activities, as alleged by Plaintiffs, were not committed with intent,

malice, willful and outrageous conduct aggravated by evil motive, or reckless indifference, and none of MWL's activities in any way were intended to, or did harm, the Plaintiffs' in this action.

## TWELFTH AFFIRMATIVE DEFENSE

(No Double Recovery)

Plaintiffs' claims for compensatory and punitive damages are barred to the extent that some plaintiffs are also seeking recovery against MWL, for the same or similar claims, in the civil actions comprising the multi-district entitled *In re Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (RCC), pending in the United States District Court for the Southern District of New York.

## THIRTEENTH AFFIRMATIVE DEFENSE

In response to Plaintiffs' claims, MWL intends to invoke any other defenses, including, affirmative defenses, as they may become apparent through discovery, and reserve the right, in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, to assert such defenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Central Intelligence Agency, The Federal Bureau of Investigation, and other agencies of the United States government had information and resources to prevent the September 11, 2001, attacks from occurring. But for their failure to utilize this information and these resources, MWL would not be a named defendant in this action.

WHEREFORE, MWL requests that the Plaintiffs' First Consolidated Complaint be dismissed with prejudice as to MWL, and the Court award attorney's fees and costs to MWL in defending this case with no factual or legal basis against MWL, and award any other relief that the Court deems just under the circumstances.

Respectfully submitted on this 23rd day of January, 2006,

_____/s/_____
Martin F. McMahon, Esq.
Bar No. 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Ste. 900
Washington, D.C.  20036
(202) 862-4343

*Attorney for Defendant MWL*

Lisa D. Angelo, Esq.
Bar No. 491206
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Ste. 900
Washington, D.C.  20036
(202) 862-4356

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of January, 2006, a copy of the foregoing Answers to Plaintiffs' First Consolidated complaint were mailed, postage pre-paid to:

Jerry Goldman, Esq.
Two Penn Center Plaza
1500 JFK Blvd.
Suite 411
Philadelphia, PA 19102

_____/s/_____
Lisa D. Angelo, Esq.