IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────── x

*In re Terrorist Attacks on September 11, 2001*          **03 MDL 1570 (RCC)**
─────────────────────────────────────────── x

This filing applies to:
    *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investment and Development Corporation, et. al., Case No. 04 CV 01923 (RCC)*

DEFENDANTS COUNCIL ON AMERICAN-ISLAMIC RELATIONS ("CAIR") REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

    Omar T. Mohammedi (OTM 7234)
    Law Firm of Omar T. Mohammedi, LLC
    200 Madison Avenue, Suite 1901
    New York, NY 10016
    (212) 725-3846
    (212) 725-9160

*Attorneys for defendants*
*COUNCIL ON AMERICAN-ISLAMIC RELATIONS*

**INTRODUCTION**

CAIR, a domestic non-profit corporation, files this Reply Brief in response to Plaintiffs' Memorandum in Opposition to CAIR's motion to dismiss. Plaintiffs' Opposition is a confusing and irrelevant compilation of ungrounded legal arguments. With it, Plaintiffs abuse rather than "utilize the American system of justice." Pl. Br. Opp. Def. Mot. at p. 1 ( "Pl. Opp. Br.").[1]

Firstly, Plaintiffs restate the same general conclusory statements in an attempt to pass them as factual allegations. They lump CAIR together with other Defendants and allege that all were responsible for the 9/11 attacks. Plaintiffs ignore this Court's January and September 2005 Opinions and Orders, as well as other relevant authority set out in CAIR's initial brief. In particular, they pay no heed to this Court's holding that in order to adequately plead a cause of action, the Complaint "will have to present a sufficient causal connection between [Defendant's material support of al Qaeda] and the injuries suffered by plaintiffs." In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d 765, 825-26 (S.D.N.Y. 2005) (emphasis added). Secondly, Plaintiffs confuse the First Amendment, as their allegations against CAIR's role in the media fail to constitute a basis for connecting CAIR to the 9/11 attacks. And thirdly, Plaintiffs' causes of action under the common law and RICO still fail to state a claim upon which relief can be granted.

**LEGAL ARGUMENT**

I. **The Plaintiffs' procedural defects are fatal to their claims.**

Plaintiffs in their Opposition attempt to mislead this Court by quoting only the part of CMO #2 that suited their needs.[2] For additional arguments, see Def. Mem. Supp. Mot. Dis. ("Def. Br.") at pp. 18-20.[3]

---

[1] It is interesting to note that of the nineteen lawsuits pending before this Court, many of which are repetitive in the Defendants named and allegations stated, only O'Neill, et al. v. Al Baraka, et al. names CAIR as a Defendant.

[2] Plaintiffs cite CMO #2 for the proposition that it "clearly permitted the filing of '. . . more definite statements and/or additional allegations against existing Defendants by filing statements to this effect, which will be treated and

1

Moreover Plaintiffs subvert this Court's 25-page limit on all memoranda of law, pursuant to § 2.C of the Individual Rules. They attempt to list their "facts" in Appendix I (hereinafter "Appdx. I"), and then attach the same to the back of Pl. Opp. Br. Accordingly, pp. 26-41 of Pl. Opp. Brief "should not be considered." Maxwell v. City of New York, 272 F. Supp. 2d 285, 307 (S.D.N.Y. 2003).[4]

## II. The First Consolidated Complaint has no legal feasibility and CAIR's challenge is properly raised in their motion to dismiss.

In Swierkiewicz v. Sorema N.A, a case cited by the Plaintiffs, the Court held that the Plaintiffs must "give the Defendants fair notice [of the claims]" as well as the "grounds upon which [those claims] rest." 534 U.S. 506, 507 (2002).[5] All that CAIR has been put on notice of is that it somehow summarily "[c]onspir[ed] to support and promote Bin Laden and al Qaida…," which somehow was "a proximate cause of the September 11, 2001 terrorist attacks…." Pl. Opp. Br. at p. 3. Such conclusory statements, and others similar to these, give Defendants no notice as to what they have done to cause the 9/11 attacks thus falling well short of the Swierkiewicz standard. See Def. Br. at pp. 5-8. In a recent decision, the Second Circuit restated a similar

---

accepted as pleadings and deemed amendments to previously-filed Complaints. . . .'" See Pl. Opp. at p. 13 (emphasis added) (quoting CMO #2 ¶ 13). Plaintiffs intentionally ignored and failed to comply with the operative and dispositive part, which states that "[o]n [September 30,] 2005, the plaintiffs shall file an amended complaint that includes all amendments made prior to that date, whether made pursuant to Rule 12(e) or otherwise."

[3] It should be noted that it was O'Neill Plaintiffs who specifically moved this Court to expand ¶ 14 to include other Plaintiffs. This Court's August 23, 2005 ruling flatly rejected their application and put O'Neill Plaintiffs directly on notice, thereby rendering their attempts to amend their pleadings by filing a RICO Stmt. especially egregious.

[4] See also Williamson v. Village of Margaretville, 1993 WL 133719, *2 (N.D.N.Y.,1993) (same); Inflight Newspapers, Inc. v. Magazines In-Flight, LLC, 990 F. Supp. 119, *123 (E.D.N.Y. 1997) (disregarding excess pages because "it is fair to [the other parties] who were able to comply with [the Judge's] rules and page limitations").

[5] Plaintiffs cite to Sparrow v. United Airlines, Inc., 216 F.3d 1111, 1115 (D.C. Cir. 2000). According to Plaintiffs, "the allegation 'I was turned down for a job because of my race' would be sufficient to survive a Rule 12(b)(6) motion." Pl. Opp. Br. at p. 4. What Plaintiffs do not realize however is that the allegation in Sparrow contains precisely the ingredient missing from their own allegations, a wrongful act purposefully carried out by the Defendant employer (i.e. the illegal termination). The employer's termination violated Title VII of the 1964 Civil Rights Act. In the present case, all Plaintiffs allege is that CAIR committed a wrongful act without ever alleging what that wrongful act was.

proposition: Plaintiffs' deficient pleadings as against CAIR will not be saved merely because Fed. R. Civ. P. 8 imposes liberal pleading requirements. <u>Twombly v. Bell Atlantic Corp.</u>, 425 F. 3d 99, 114 (2d Cir. 2005) (Plaintiff must allege Conspiracy as well as a "sufficient supporting factual predicate on which that allegation is based").

In their Opposition Brief, Plaintiffs go to great efforts and still fail to meet the lowest pleading standard possible to "show[] that [they are] entitled to relief." <u>See</u> Pl. Opp. Br. at pp. 3-6, (citing <u>Twombly</u>, 425 F. 3d at 106-07). No matter how low the standard however, fairness requires that at a minimum Defendants be given "fair notice" of what wrongful action they have taken to cause the 9/11 attacks. <u>Swierkiewicz</u>, 534 U.S. at 512. Plaintiffs cannot allege that CAIR knowingly committed a wrongful act, or at least provide notice to CAIR of what it did wrong. Simply put, Plaintiffs offer nothing to support the inference that CAIR had anything at all to do with the 9/11 attacks.

Plaintiffs contend that the relevant analysis is not one based on "sufficiency of fact; rather it is a review of sufficiency of the pleadings." Pl. Opp. Br. at p. 6. What Plaintiffs fail to realize however, is that the sufficiency of the pleadings directly correlates to the alleging of a minimal amount of factual allegations to put CAIR on notice. A successful pleading is one that includes "legal <u>and factual</u> justification for th[e] claims [advanced]." <u>In re Auction Houses</u>, 2004 WL 2624896, *5 (S.D.N.Y. 2004) (emphasis added). <u>see also</u> <u>Spadafore v. Gardner</u>, 330 F.3d 849, 854 (6th Cir. 2003) (holding that "vague and conclusory allegations unsupported by material facts will not be sufficient to state" a claim).

A Complaint "'which consists of conclusory allegations <u>unsupported by factual assertions</u> fails even on the liberal standard.'" <u>In re Terrorist Attacks on September 11, 2001</u>, 349 F. Supp. at 833(emphasis added) (citing <u>De Jesus v. Sears, Roebuck & Co.</u>, 87 F. 3d 70. Plaintiffs contend that CAIR's "[m]otion [to dismiss] is based on Defendants' disagreement with the facts alleged in

3

the Complaint." Pl. Opp. Br. at p. 1. In contrast, Defendants argue that Plaintiffs allege no relevant facts, only conclusory statements to connect CAIR to 9/11. See Def. Br. at pp. 3-9. Judging by Plaintiffs' pleading of conclusory, and at times bizarre, statements, it seems that it is Plaintiffs who are "misunderstanding the applicable standard."[6]

Plaintiffs claim that it is Defendants who "confuse the[] notice pleading standards with a review of a complaint upon a motion for summary judgment." Pl. Opp. Br. at p. 6. Plaintiffs, however, have made their Opp. Br. replete with references to authorities discussing standards other than the standard for sufficiency of pleading. Plaintiffs misapply the following cases: U.S. ex rel Epton v. Nenna, 446 F.2d 363, 367 (2d Cir. 1971) (analyzing whether the evidence already in the record supports a jury finding). See Pl. Opp. Br. at p. 7; Boim v. Quranic Literacy Institute ("Boim II"), 340 F. Supp. 2d 885, 913 (N.D. Ill. 2004) (employing a summary judgment standard). See Pl. Opp. Br. at pp. 9, 19, 20; U.S. v. Sattar, 395 F. Supp. 2d 79, 84-85 (S.D.N.Y. 2005) (a criminal case applying a summary judgment standard). See Pl. Opp. Br. at p. 7; U.S. v. Marzook, 2005 WL 3095543, *5 (N.D. Ill. 2005). See Pl. Opp. Br. at p. 10; U.S. v. Rahman, 189 F. 3d 88, 118 (2d Cir. 1999) (a criminal case dealing with the standard for admissibility of certain evidence). See Pl. Opp. Br. at pp. 7, 8, 11.

### III. CAIR was wrongfully named as a conspirator in this lawsuit and Plaintiffs have failed to plead a conspiracy claim against CAIR to show otherwise.

As plainly demonstrated by this Court, the success of the Plaintiffs' First Consolidated Complaint ("FCC") in surviving a 12(b)(6) motion to dismiss, will depend on their alleging of some act that could be considered "material support" under the Anti Terrorism Act, 18 U.S.C. § 2339 A(b). In re Terrorist Attacks on September 11, 2001 ("Terrorist Attacks II"), 392 F. Supp. 2d 539, 568 (S.D.N.Y. 2005). Plaintiffs can muster no sufficient factual allegations to support an

---

[6] Plaintiffs criticize CAIR's motion to dismiss as being based on a "misunderstanding of the applicable standard of pleading and a misinterpretation of the governing law." Pl. Opp. Br. at p. 1.

4

inference that CAIR provided, or conspired to provide, any "financial services, lodging, training, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal explosives, personnel, transportation, [or] any other physical assets to any known 9/11 terrorist in furtherance of the 9/11 attacks." Terrorist Attacks II, 392 F. Supp. 2d at 564 (citing 18 U.S.C. § 2333(a)). It is therefore impossible to infer the manner by which CAIR allegedly conspired to proximately cause Plaintiffs' injuries.

In addition, when pleading conspiracy, a Plaintiff "should make an effort to provide some 'detail of time and place and the alleged effect of the conspiracy.'" Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993 (quoting 2A Moore's Federal Practice ¶ 8.17[6], at 8-109 to 8-110 (2d ed. 1992)). Plaintiffs cannot provide a single factual allegation let alone details of time, place or effect as required by Dwares. See Def. Br. at pp. 5-9.

### a. *Plaintiffs have failed to adequately allege a causal link between CAIR and 9/11.*

Plaintiffs argued that Defendants ignored Congress' express direction to impose liability "at any point along the causal chain." Pl. Opp. Br. at p. 17. However, Plaintiffs have failed to even place CAIR onto the "causal chain" in the first place, let alone pin liability on CAIR for any wrongdoing.

Plaintiffs conclude that CAIR somehow facilitated the 9/11 attacks, without ever stating any conduct by CAIR in support thereof. Pl. Opp. Br. at pp. 14-15; see also Appdx. I ¶¶ 1-34, 50-69 (allegations that on the one hand relate to the 9/11 attacks, but on the other hand fail to make any reference to CAIR). These allegations are not only conclusory, but also so generic that one can simply replace CAIR's name with the name of any other entity in the world. Therefore, Plaintiffs' conclusory statements fall far short of alleging the proper conduct and mental state for liability. See Def. Br. at pp. 5-9.

5

In addition, Plaintiffs allege that CAIR has ties to various individuals and organizations without ever providing any connection between these individuals and organizations and the 9/11 attacks. See Appdx. I ¶¶ 36-49 (allegations against CAIR that, even if taken as true, are unrelated to the 9/11 attacks); see also Def. Br. at pp. 5-9. Moreover, Plaintiffs could not allege that CAIR entered into such relationships with knowledge that they would be facilitating the 9/11 attacks. See, e.g., Appdx. I ¶¶ 44-45. Plaintiffs allege none of the facts required by this Court to support the inference that CAIR was involved in such a conspiracy. Terrorist Attacks II, 392 F. Supp. 2d at 564.[7]

Despite this Court's ruling that organizations such as HAMAS have no links to al Qaeda or the 9/11 attacks, Plaintiffs persist in alleging such irrelevant ties. See Pl. Appdx. I ¶¶ 42-43. Even assuming that CAIR did have ties to organizations like HAMAS, the Islamic Association of Palestine and others, Plaintiffs cannot allege that these organizations have played any role in the 9/11 attacks, let alone allege that CAIR had knowledge that these organizations caused the 9/11 attacks. See In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 800.

Ironically, Plaintiffs cite to Boim v. Quranic Literacy Inst. ("Boim I") for the proposition that "Plaintiffs who are victims of terrorism need to show that Defendant[s] knew of the terrorist organization's illegal activities, desired to help those activities, and engaged in some affirmative act in support thereof." Pl. Opp. Br. at p. 18 (citing, 291 F. 3d 1000, 1023) (emphasis added). Yet, at the same time, Plaintiffs have failed to allege any facts which show that CAIR "had to know" that they were contributing to 9/11. In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 833.

---

[7] See Pl. Opp. Brief at p. 14. Plaintiffs accuse Defendants of "conveniently ignor[ing] [¶¶ 1, 22-3, 144, 157-59, 16, 163, and 167] of the FCC." These paragraphs suffer the same fate as the paragraphs that were directly addressed by Defendants: i.e. they lack the elements of conspiracy to support the inference that CAIR knowingly contributed to the 9/11 attacks, thereby making them prime for dismissal.

6

In addition, Plaintiffs, in a desperate attempt, try to cite their MDS to find support for the allegations contained in the FCC. As argued in Def. Br., at pp. 18-20, these allegations offer no more than the same: legal conclusions passed off as factual allegations. See, e.g., MDS pp. 12-17.

According to Plaintiffs, their FCC "repeatedly alleged . . . that CAIR was a coconspirator who aided and abetted al Qaida and others." Pl. Brief at p. 20. However merely repeating an assertion does not make it so. See, generally, Def. Br. at pp. 3-10. Plaintiffs cannot allege the correct mental state and wrongful act in which CAIR engaged, to "aid[] and abet[] al Qaida and others." Id.[8] Without such claims, CAIR is left guessing as to what wrongful action it has taken to warrant being named in the present lawsuit.[9]

### b. *Plaintiffs' First Amendment analysis is not only misleading, but also ineffective.*

Neither in their pleadings nor in their opposition brief, can Plaintiffs argue that CAIR partook in any speech or writing that later produced an "integral part" of the 9/11 attacks. Therefore CAIR's participation in media and civil rights work cannot possibly be a basis for alleging a role in the 9/11 attacks.[10] See Def. Br. at pp. 11-12.

---

[8] Plaintiffs seem to be having a difficult time grasping the concept that allegations such as those in FCC ¶ 23, and in FCC ¶ 86, as well as others, constitute mere conclusions in that they fail to reveal any wrongful act by Defendants to support their claims. See Pl. Opp. Br., at pp. 14-16 and 20. Plaintiffs would have this Court believe that simply because they use phrases like "material support" and "knowingly participated," that they have automatically stated a claim against CAIR. Pl. Opp. Br. at p. 18.

[9] In one example, Plaintiffs conclude that CAIR "… provided material support in furtherance of the conspiracy." Pl. Opp. Br. at p. 15. In the very next sentence, Plaintiffs go on to conclude that "al Qaida's ambition to attack the United States. . . was well known. . . ." Id. Plaintiffs then draw a third conclusion in the very next sentence, stating that "the potential effects in the United States of assisting al Qaida were undeniably foreseeable." Id. Plaintiffs thereafter attempt to pass off their fourth consecutive legal conclusions as a factual allegation by generically stating that the 9/11 attacks were a "direct, intended and foreseeable product of the material support provided by Defendants." Id. Nowhere in this sequence do Plaintiffs furnish CAIR any notice of what it has done wrong. Instead Plaintiffs hope that liability will attach by naming CAIR in the same paragraph as al Qaeda with absolutely no connectivity. See also Pl. Opp. Br. at p. 18 n. 23 (using the same tactic).

[10] See, e.g., FCC ¶ 87. See also Appdx. I at ¶ 42, MDS at ¶ 23.

7

Plaintiffs cannot allege any facts to support the inference that CAIR indulged in anything other than "pure advocacy"[11] or the "zealous espousing of views,"[12] or even that the views of CAIR put at issue by Plaintiffs have anything at all to do with the 9/11 attacks.[13] Instead Plaintiffs cite to a plethora of cases as support for their First Amendment arguments that have nothing to do with the First Amendment. See Pl. Opp. Br. pp. 6-12.[14]

Plaintiffs cite to United States ex rel. Epton v. Nenna, 446 F.2d 363, 367-68 (2d Cir. 1971). Pl. Opp. Br. at p. 7. In Epton the Court reasoned that it is not the speech that is made criminal after all, "but rather the agreement." Id. What Plaintiffs may not realize however is that nowhere do they properly allege that CAIR knowingly, or through its speech acts, agreed with anyone to further Qaeda's goals to cause the 9/11 attacks.[15]

## IV.     Plaintiffs' common law claims must be dismissed.[16]

### a. *Plaintiffs have still not stated a claim for negligence.*

Although Plaintiffs acknowledge that this Court "has dismissed negligence claims," they still persist in their negligence claim. Plaintiffs respond that CAIR's duty of care is "encompassed

---

[11] Plaintiffs cite to authority that states pure advocacy alone was not included within the scope of "material support" Pl. Opp. Brief at p. 10 (citing Humanitarian Law Project v. Reno, 205 F.3d 1130 (9th Cir. 2000)).

[12] According to Boim I, another case cited by Plaintiffs, "Congress did not attach liability for zealously espousing [an organization's] views." 291 F. 3d at 1027.

[13] See Def. Br. at pp. 11-12 (arguing that Plaintiffs lack any proper allegation that CAIR advocated for any violent act to occur, let alone the 9/11 attacks).

[14] Unlike the conclusory statements made in this case, Plaintiffs cite cases where Defendant allegedly committed overt acts in violation of a criminal statute. For example, in Sattar, 395 F. Supp. 2d at 84-85, a criminal case unrelated to the First Amendment, and in Boim II, 340 F. Supp. at 913, the Court, after a review of the evidence in the record, dispensed with issues under a summary judgment analysis. In Rahman, 189 F. 3d at 118, where the indictment sufficiently alleged acts of Defendants' material support to bomb the World Trade Center in 1993, the issues before the court dealt with admissibility of certain pieces of evidence and not sufficiency of pleading. In

[15] Plaintiffs' broad allegations of agreements between "Defendants [to] unlawfully. . . agree[] to participate. . . in. . . acts. . . resulting in the death and injury of Plaintiffs" cannot apply to CAIR, or any other Defendant, because claims that treat Defendants as a "monolithic enterprise with a single purpose" contravenes basic principles of fairness. See Def. Br. at p. 7.

[16] O'Neill Plaintiffs abandoned their claims under the TVPA. See Pl. Opp. Br. at p. 3 n. 3.

8

in the norms of conduct found in international law." Pl. Opp. Br. at p. 23. However "General Assembly resolutions and declarations do not have the power to bind member States because the member States specifically denied the General Assembly that power after extensively considering the issue." Flores v. Southern Peru Copper Corp., 414 F.3d 233, 259 (2d Cir. 2003). UN Resolutions "are merely aspirational and were never intended to be binding on member States of the United Nations." Id.

### b. *Plaintiffs cannot state a claim under conspiracy, aiding and abetting, punitive damages, and wrongful death.*

Contrary to Plaintiffs' assertions, it would not be premature to dismiss Plaintiffs' cause of action for conspiracy, aiding and abetting, and punitive damages. Simply put, no such separate causes of action exist under New York law, a point that even Plaintiffs concede. See Pl. Opp. Br. at p. 24.

Dismissal of Plaintiffs' wrongful death claim is also proper. As demonstrated above, as well as throughout Def. Br., Plaintiffs have failed to allege any facts to support an inference that CAIR caused the deaths that resulted from 9/11. See e.g., Def. Opp. Br. at p. 15.

### V. PLAINTIFFS' RICO STMT. IS WITHOUT MERIT.

Plaintiffs lack standing to bring a RICO claim because they bring their case under a theory of personal injury. Plaintiffs do not allege that O'Neill had business or property that was affected by the 9/11 attacks. The economic injuries alleged[17] are derivative of Plaintiffs' personal injury claim and thus not recoverable.

In addition, as detailed in Def. Br. at pp. 19-24, Plaintiffs still fail to allege facts to support the inference that CAIR conducted an interest in al Qaeda through a pattern of racketeering

---

[17] Plaintiffs claim economic damages, including but not limited to, pecuniary losses, lost wages, loss of support, loss of prospective inheritance, etc. See Pl. Opp. Br. at p. 21.

9

activity, as required by § 1962. See In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d at 827. Nor have Plaintiffs alleged that CAIR received income from a pattern of racketeering activity to invest in an enterprise engaged in interstate or foreign commerce under § 1962(a). Id.

Furthermore, despite Plaintiffs' arguments, Defendants' stipulating to a Briefing Schedule does not waive their right to argue against the RICO Stmt.'s impropriety. See Pl. Opp. Br. at p. 12. The words in the Briefing Schedule themselves delineate those rights which Defendants preserved[18] and those which they waived.[19]

### VI. PLAINTIFFS' CANNOT BE ALLOWED TO REPLEAD.

Plaintiffs cannot be allowed an opportunity to replead, especially when this Court has given them "every opportunity to plead a proper claim, [by issuing Opinions and Orders that put Plaintiffs on notice] about the pleading requirements." C.A. Westel de Venezuela v. American Tel. & Tel. Co., 1994 WL 558026, *11 (S.D.N.Y. 1994). Plaintiffs have filed a Complaint followed by three amended Complaints. Until now they have had the benefit of every doubt, and yet they still have given this Court no reason to believe that a fifth Complaint would advance their causes. Plaintiffs' repeated failure to "properly state a claim upon which relief may be granted has left this Court with no choice but to conclude that plaintiff is unable to plead" a tenable claim. Id.

---

[18] Under the Briefing Schedule, Defendants preserved "all other defenses, objections, privileges, immunities and arguments [not specifically waived]."

[19] Under the Briefing Schedule, Defendants stipulated to waiving "any and all affirmative defenses, objections, privileges, immunities and arguments relating to insufficiency of process and insufficiency of service of process."

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' action against CAIR should be dismissed in its entirety, with prejudice. CAIR requests an oral argument.

                                            Respectfully Submitted,

                                            _____S.S._____

                                            Omar T. Mohammedi (OTM 7234)
                                            The Law Firm of Omar T. Mohammedi, LLC
                                            200 Madison Avenue, Suite 1901
                                            New York, New York 10016
                                            T:     (212) 725-3846
                                            F:     (212) 725-9160

Dated: January 23, 2006