UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                      )
In Re TERRORIST ATTACKS on            )    03 MDL 1570 (RCC)
SEPTEMBER 11, 2001                    )    ECF Case
                                      )
_____)

This document relates to:

   *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-CV-1923 (RCC)

   *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (RCC)

**O'NEILL PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO SCHREIBER & ZINDEL TREUHAND ANSALT, FRANK ZINDEL, ENGELBERT SCHREIBER, SR. AND ENGELBERT SCHREIBER, JR.'S SUPPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PURPORTEDLY FILED PURSUANT TO CMO 4, PARA. 5 AND IN SUPPORT OF PLAINTIFFS' CROSS MOTION TO STRIKE**

                                                                **LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.**

                                                                111 Broadway, 13th Floor
                                                                New York, NY 10006
                                                                 212.242.2232

                                                                *Attorneys for the Plaintiffs*

On the Memorandum:

Jerry S. Goldman, Esquire (JG 8445)
Gina M. MacNeill, Esquire (GM 0581)
Frederick J. Salek, Esquire (FJS 8565)

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF CASES ........................................................................................................................ ii

INTRODUCTION .......................................................................................................................... 1

BACKGROUND ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 4

I.    THE MOTION WAS IMPROPERLY FILED UNDER CMO 4, PARA. 5 AND SHOULD BE STRICKEN. ........................................................................................................................... 4

   A.    THE RICO STATEMENTS WERE PROPERLY FILED AND MUST BE CONSIDERERD PART OF THE PLEADINGS. ............................................................... 4

      1.    PLAINTIFFS HAD THE RIGHT TO AMEND THEIR RICO STATEMENTS. .......... 7

   B.    THE MORE DEFINITE STATEMENTS/ADDITIONAL ALLEGATIONS WERE PROPERLY FILED AND CONTAINED NO NEW ALLEGATIONS. ................................... 7

   C.    THE FIRST CONSOLIDATED COMPLAINTS WERE PROPERLY FILED AND CONTAINED NO ALLEGATIONS OTHER THAN THOSE SET FORTH IN THE RICO STATEMENTS. ......................................................................................................... 8

   D.    THE DEFENDANTS' SUPPLEMENTAL MEMORANDUM SHOULD BE STRICKEN AS THERE WERE NO ALLEGATIONS CONTAINED IN THE SEPTEMBER MDS OR THE FCC THAT WERE NOT IN THE PREVIOUSLY FILED RICO STATEMENTS. ......... 9

II.    THERE IS A SUFFICIENT BASIS FOR PERSONAL JURISDICTION ........................... 10

CONCLUSION ............................................................................................................................ 10

CERTIFICATE OF SERVICE .................................................................................................... 11

# **TABLE OF CASES**

### *CASES*

*A. Terzi Prods. V. Theatrical Protective Union, Local No. One,* 2 F. Supp. 2d 485 (S.D.N.Y. 1998) ................................................................................................................................ 5

*Allen v. New World Coffee, Inc*., 2001 U.S. Dist. LEXIS 3269 (S.D.N.Y. 2001) .......................... 4

*Commer. Cleaning Servs., L.L.C. v. Colin Serv. Sys.*, 271 F. 3d 374 (2d Cir. 2001) ..................... 5

*Dempsey v. Sanders,* 132 F. Supp. 2d 222 (S.D.N.Y. 2001) ........................................................... 4

*Linde, et al. v. Arab Bank, P.L.C.,* 2005 U.S. LEXIS 18864 (E.D.N.Y. September 2, 2005) ........ 5

*McLaughlin v. Anderson*, 962 F. 2d 187 (2d Cir. 1992) ................................................................. 4

*Mega Tech Int'l. Corp. v. Al-Saghyir Establishment*, 1999 U.S. Dist. LEXIS 6381 (S.D.N.Y. 1999) ................................................................................................................................ 5

*Mendoza v. Zirkle Fruit Co*., 2000 U.S. Dist. LEXIS 21126 (D. Wash. 2000) .............................. 5

*Moses v. Martin*, 360 F. Supp. 2d 533 (S.D.N.Y. 2004) ................................................................ 4

*Pelman v. McDonald's Corp.,* 306 F.3d 508 (2d Cir. 2005) ........................................................... 5

*Phelps v. Kapnolas*, 308 F.3d 180 (2d Cir. 2002) ........................................................................... 5

*Swierkiewicz v. Dorema, N.A.,* 534 U.S. 506, (2002) ..................................................................... 5

*Twombly v. Bell Atlantic Corp.,* 425 F.3d 99 (2d Cir. 2005) .......................................................... 5

*Wagh v. Metris Direct, Inc.*, 348 F. 3d 1101 (9th Cir. 2003), *cert. denied*, 541 U.S. 1043 (2004) 5

### *STATUTES*

28 U.S.C. Sec. 1927 ...................................................................................................................... 10

### *RULES*

Fed. R. Civ. Proc. Rule 6 ......................................................................................................... 7, 10

Fed. R. Civ. Proc. Rule 8(a) ............................................................................................................ 5

Fed. R. Civ. Proc. Rule 10 .............................................................................................................. 9

Fed. R. Civ. Proc. Rule 12(c) .......................................................................................................... 8

Fed. R. Civ. Proc. Rule 12(e) ................................................................................................... 3

Fed. R. Civ. Proc. Rule 15(a) ................................................................................................... 8

Fed. R. Civ. Proc. Rule 16(f) ................................................................................................. 10

*In Re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (RCC), CMO 2, para. 14 ... 3, 8, 10

*In Re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC) CMO 4, para. 5 ... 1, 4, 7, 9

*In Re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (RCC), CMO 2, para. 13 ... passim

Individual Rules of Practice, Hon. Richard Conway Casey, U.S. District Court, S.D.N.Y.,
    http://www.nysd.uscourts.gov/judges/USDJ/casey.htm ...................................................... 5, 6, 9

S.D.N.Y. Local Rule 6.1 ......................................................................................................... 9

## INTRODUCTION

The O'Neill Plaintiffs[1] submit this Memorandum of Law in Opposition to the Supplemental Memorandum of Law (Docket 1591-2) filed by Defendants Schreiber & Zindel Treuhand Ansalt, Frank Zindel, Engelbert Schreiber, Sr. and Engelbert Schreiber, Jr.("S&Z Defendants") purportedly pursuant to CMO 4, ¶ 5 ("Supp. Mem.").

Defendants contend in their Supplemental filing that the Plaintiffs' First Consolidated Complaints failed to comport with CMO 2, ¶ 13 (Supp. Mem. at pp 4-5); that the More Definite Statements/Additional Allegations filed on September 30, 2005, prior to the filing of the FCCs and then incorporated into them as exhibits, were impermissible (Supp. Mem. at pp 4-5); and that the allegations in the MDS and the FCC failed to provide a sufficient basis for personal jurisdiction (Supp. Mem. at pp. 6-8). The O'Neill Plaintiffs contend that Defendants' filing is not permitted and should be stricken as the First Consolidated Complaints ("FCC") contained *no new allegations* other than those contained in filings previously docketed with the court and, accordingly, that the RICO Statements, filed in accordance with stipulations entered into by counsel and specifically approved by the Court, must be considered and treated as pleadings; that the MDS were properly filed and must be considered as part of the pleadings; that the First Consolidated Complaints was properly filed; *and* that the pleadings as a whole sufficiently provide a basis for personal jurisdiction.

## BACKGROUND

Following service, this Court, on May 5, 2005, entered a Scheduling Order for the S & Z Defendants (Docket 876, Ex. A),[2] based upon a stipulation among the parties, which contained

---

[1] The S & Z Defendants were named and served in both *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-CV-1923 (RCC) ("*Al Baraka*") and *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (RCC) ("*Iraq*"). All references to docket numbers will be to the MDL docket.
[2] The Exhibits attached as part of the accompanying Declaration of Gina M. MacNeill, Esquire, is cited as "Ex. _."

provisions relative to the filing of a RICO Statement by the Plaintiffs and the service of a proposed motion to dismiss by the Defendants ("First Order"). The First Order provided:

> IT IS FURTHER HEREBY STIPULATED AND AGREED that the Plaintiff's (sic) will file a RICO statement relating to the Defendants within thirty (30) days from the date the Defendants answer, move or otherwise plead in response to the Second Amended Complaints in each of the cases referenced above.

The First Order further provided a time for the Defendants to file their Motion to Dismiss, the Plaintiffs to respond to such motion, and for the Defendants to file a reply, if they so chose.

On May 20, 2005, at Dockets 926 -931, the S & Z Defendants filed a Motion to Dismiss in both *Iraq* and *Al Baraka*, solely challenging a purported insufficiency of process and lack of personal jurisdiction. The Plaintiffs, pursuant to the time limits agreed to by the Defendants and with the approval by the Court in the First Order, filed a RICO Statement on June 15, 2005. MDL Docket 988. Ex. H. The scheduling Order was modified by the Court on July 1, 2005, at the request of the Defendants, so as to permit the S & Z Defendants to supplement their motion as to *Iraq* ("Second Order"). Docket 1026. Ex. B. Pursuant to the Second Order, on July 8, 2005, the S&Z Defendants filed a supplemental Memorandum of Law. Docket 1040 ("July Mem."). The July Mem. did not challenge the filing of the RICO Statement. The scheduling Order was again revised on July 8, 2005, so that Plaintiffs' responses to the motion in both *Iraq* and *Al Baraka* would be due in a consolidated fashion. ("Third Order"). Docket 1045. Ex. C.

On August 2, 2005, the O'Neill Plaintiffs filed an amended RICO Statement, which contained a few additional allegations generally applicable to all defendants, but no new factual allegations as to the S & Z Defendants. ("Amended RICO Statement"). Docket 1105. Ex. I.

On August 9, 2005, the Plaintiffs filed their opposition to Defendants' motion. Docket 1114. Plaintiffs' filing included extensive references to the RICO Statement in support of their assertion of proper personal jurisdiction, as well as a request for leave to re-serve in the event

2

that service was insufficient. Defendants responded to the latter request by way of a letter to the Court. Letter of Scholnick, August 25, 2005. Ex. F. Plaintiffs objected to this unsanctioned additional filing by way of a letter to Defendants' counsel. MacNeill Letter of August 26, 2005. Ex. G. As a result of discussions, a stipulation was submitted, and approved by the Court, on September 8, 2005, wherein Defendants improper filing was to be withdrawn, and they would be given additional time to file their Reply. ("Fourth Order"). Docket 1222. Ex. D. Their time was further extended by way of a Court endorsed letter ("Fifth Order"). Docket 1223. Ex. E.

On September 9, 2005, the Defendants filed their Reply. Docket 1290. The Reply did not contest the Plaintiffs' proper use of the RICO Statement.[3] They also withdrew their August 25, 2005 letter pursuant to the Fourth Order. Ex. L. On September 30, 2005, the Plaintiffs filed their Additional Allegations/More Definite Statements pursuant to CMO 2, ¶ 13 ("MDS").[4, 5] Dockets 1339 and 1361 (Ex. J (*Iraq*) and Ex. K (*Al Baraka*). These contained no allegations as to the S&Z Defendants which were not in the RICO Statements.[6] Such allegations were then included in Exhibits to the respective FCCs.[7]

---

[3] The Plaintiffs, of course, never objected to the timing of the Defendants filings, as these, like the RICO Statement, were filed in accordance with the stipulation and order. But for such stipulation and order, they were late. As the stipulation and order were agreed to, the Plaintiffs, unlike the Defendants, did not raise this frivolous argument.

[4] The original date contained in CMO 2, ¶ 13 was July 31, 2005. The Court extended same to September 30, 2005.

[5] CMO 2, ¶ 13 provides:

> Plaintiffs may file more definite statements and/or additional allegations against existing defendants by filing statements to that effect, which would be treated and accepted as pleadings and deemed amendments to previously-filed Complaints or Amended Complaints, in lieu of filing an additional Amended Complaint.
> On {September 30, 2005}, the plaintiffs shall file an amended complaint that includes all amendments made prior to that date, whether made pursuant to Rule 12 (e) or otherwise.

[6] In light of the statement in CMO 2, ¶ 13, that Plaintiffs were to file on "an amended complaint" that includes all prior amendments "whether made pursuant to Rule 12(e) or *otherwise*" in the abundance of caution, the substance of each of the prior RICO Statements (except as to dismissed defendants) were incorporated into MDS as provided for in ¶ 13, filed with the Clerk, prior to the submission of the FCC, and then such allegations were incorporated into exhibits appended to the respective First Consolidated Complaints and filed with the Clerk. (Emphasis added).

[7] Paragraph 220 (d) of the FCC in *Iraq* states in pertinent part:

> Attached hereto as Exhibits and incorporated herein as if set forth at length are the following More Definite Statements/Additional Allegations: a) Exhibit A- Victims List …d) Exhibit D- More

**ARGUMENT**

**I. THE MOTION WAS IMPROPERLY FILED UNDER CMO 4, PARA. 5 AND SHOULD BE STRICKEN.**

    **A. THE RICO STATEMENTS WERE PROPERLY FILED AND MUST BE CONSIDERERD PART OF THE PLEADINGS.**

The Defendants in the current filing, for the first time, attack the filing and use of the RICO Statements. They can not do so as they have stipulated to their use, as such filings were proper, and thereby have waived such arguments. This Court must reject their inappropriate use of the Court's endorsed letter of August 22, 2005, Docket 1144, as they specifically agreed to the filing of RICO Statements in the First Order. Moreover, as discussed below, CMO 4, ¶ 5, permitted the instant briefing only as to new allegations, and as the FCC did not contain any allegations which were not contained in the Amended RICO Statement filed well in advance of the Defendants' Reply (in fact, filed prior to the Plaintiffs' Response), the Defendants' Supplemental Memorandum should be stricken.

In light of the stipulation, there can be no doubt that both S & Z Defendants and Plaintiffs understood that any such RICO Statements would serve to augment and amend the allegations against S & Z Defendants. Regardless, judicial precedent uniformly holds that RICO Statements should be treated as part of the pleadings. See, e.g., *McLaughlin v. Anderson*, 962 F. 2d 187, 195 (2d Cir. 1992); *Moses v. Martin*, 360 F. Supp. 2d 533, 539 n. 22 (S.D.N.Y. 2004); *Allen v. New World Coffee, Inc.*, 2001 U.S. Dist. LEXIS 3269, n. 3 (S.D.N.Y. 2001); *Dempsey v. Sanders,* 132 F. Supp. 2d 222, 224 (S.D.N.Y. 2001); *Mega Tech Int'l. Corp. v. Al-Saghyir Establishment*, 1999

---

    Definite Statement- Schreiber & Zindel, Frank Zindel, Engelbert Schreiber, and Engelbert Schreiber, Jr.

Paragraph 127 (m) of the FCC in *Al Baraka* similarly states in pertinent part:

    127. Attached hereto as Exhibits and incorporated herein as if set forth at length are the following More Definite Statements/Additional Allegations/RICO Statements: A) More Definite Statement/Additional Allegations - Victims List …M) More Definite Statement/Additional Allegations- Schreiber & Zindel, Frank Zindel, Engelbert Schreiber, and Engelbert Schreiber, Jr.

4

U.S. Dist. LEXIS 6381 (S.D.N.Y. 1999); *A. Terzi Prods. v. Theatrical Protective Union, Local No. One,* 2 F. Supp. 2d 485, 509, n. 16 (S.D.N.Y. 1998).[8]

In their previous motion papers, Defendants made a tactical choice not to challenge the RICO filings, the use of the allegations contained within the RICO Statements, or even to specifically address the allegations contained in the RICO Statements (except, as set forth below, to contend a purported factual error).  They can not, at this time, in yet another filing, properly raise such claims.

In our Response to Defendants' Motion to Dismiss, the *O'Neill* Plaintiffs stated that:

> The pleadings, pursuant to CMO No. 2, Para. 14, consist of the TAC in Iraq (hereinafter cited as IRAQ TAC ¶), the SAC in Al Baraka (hereinafter cited as Al Baraka SAC ¶), and the RICO Statement filed as to the S & Z Defendants on behalf of both the Iraq and the Al Baraka cases, Docket 988, and as amended, Docket 1105 (hereinafter cited as RICO ¶).  See also, Amended RICO Statement, p 1, third introductory paragraph ("This filing is a supplemental pleading in accordance with 03 MDL 1570, CMO-2, Para. 14, and the Individual Rules of Judge Casey.  It is designed to supplement the Plaintiff's complaint, as a whole, as amended from time to time…").
>
> The Complaints and the RICO Statements will be collectively referred to herein as the O'Neill Pleadings.  O'Neill Mem. p. 2, note 2.

The Amended RICO Statement was cited repeatedly in the Plaintiffs opposition papers.[9]

---

[8] While RICO Statements are pleadings, they can not be used to heighten pleadings requirements.  A RICO Statement is, at best, a case management tool, and can not be utilized to enhance the notice pleadings under Rule 8. *Commer. Cleaning Servs., L.L.C. v. Colin Serv. Sys*., 271 F. 3d 374, 387 (2d Cir. 2001); *Wagh v. Metris Direct, Inc*., 348 F. 3d 1101, 1107-1109 (9th Cir. 2003), *cert. denied*, 541 U.S. 1043 (2004); *Mendoza v. Zirkle Fruit Co*., 2000 U.S. Dist. LEXIS 21126 (D. Wash. 2000).  It is further respectfully submitted that under Rule 8(a) and Supreme Court and Second Circuit jurisprudence, no heightened pleading standards are permitted for either RICO or the ATA. *See, Swierkiewicz v. Dorema, N.A.,* 534 U.S. 506, 512-3 (2002); *Phelps v. Kapnolas*, 308 F.3d 180, 184, 186-7 (2d Cir. 2002); *Pelman v. McDonald's Corp.,* 306 F.3d 508, 512 (2d Cir. 2005); *Twombly v. Bell Atlantic Corp.,* 425 F.3d 99, 106-7 (2d Cir. 2005); *Linde, et al. v. Arab Bank, P.L.C.,* 2005 U.S. LEXIS 18864 (E.D.N.Y. September 2, 2005).

[9] E.g., p. 3 ("RICO ¶¶15, 16"); p. 16 ("RICO Statement, *passim;* see generally, Appendix I"); p. 21 ("Fairly read, the complaints and RICO Statements allege that…"); p. 22 ("and the RICO Statements.  Attached hereto and incorporated herein as Appendix I, is a detailed summary of the various allegations expressly set forth in the pleadings…").  Note 3 of the Memorandum stated:

> Attached hereto and incorporated herein as Appendix I is a table summarizing the factual allegations relevant to the S&Z Defendants for purposes of the jurisdictional issues discussed in Point II of this Memorandum.

That index itself, contains over 20 references to the RICO Statement.

While Defendants did not challenge the use of the RICO Statements, they recognized their existence and their status as pleadings. For example, in their Reply, at note 6, they contended that an allegation contained in Plaintiff's Response should be disregarded as it purportedly was not contained "in their amended complaints or in the *RICO statements*." (Emphasis added). (p. 11).

Defendants never objected to the opening paragraph of the June 15, 2005 RICO Statement ("…plaintiffs submit this RICO Statement pursuant to the Case Management Order dated June 15, 2004 and Judge Casey's individual rules…"). p.1.

The Amended RICO Statement's third introductory paragraph specifically stated:

> This filing is a supplemental pleading in accordance with 03 MDL 1570, CMO 2, Para. 14, and the Individual Rules of Judge Casey. It is designed to supplement the Plaintiff's complaint, as a whole, as amended from time to time, and is not to be construed as revoked, in whole or in part, as a result of any subsequent amendment of the complaint.

Defendants never sought to strike this filing, nor objected to it (or Plaintiffs' use of it in their opposition papers) in their subsequent Reply filed in September.[10]

---

[10] The Plaintiffs suggest that even absent a stipulation, precluding the Plaintiffs from filing and utilizing a RICO Statement would be inappropriate, as applied to the specific facts of the *O'Neill* cases.
Judge Casey's Individual Rules had provided for RICO Statements to be served within 20 days of the filing of the complaint. CMO 2, ¶ 14, provides that rather than forcing Plaintiffs to prepare detailed allegations as to hundreds of Defendants and file the RICO Statements prior to determining, in an orderly fashion, which Defendants, in fact, would be participating in the litigation (as opposed to the many defendants who have chosen not to appear) the RICO Statements were to be filed within the later of thirty (30) days after the entry of the order adopting the Case Management Order (the filing of RICO Statements had been stayed during the pendency of the negotiations and the Court's decision on the CMO) *or* thirty (30) days after the filing of an entry of appearance by counsel in that particular action. It also restated the case law that the RICO Statement would be deemed an amendment to the Complaint. As a matter of stipulation and practice, all of the Plaintiffs who were pursuing RICO claims, and, we submit, the defendants, operated under the assumption that CMO 2, ¶ 14 applied to them, as well. RICO Statements were filed, no objections, on information and belief, were lodged, and they were utilized in motion practice for the next 14 months. In February, 2005, counsel for *Cantor-Port Authority* sought a clarification by the Court pertaining to CMO 2, ¶ 14, as to its applicability to Plaintiffs other than *Federal.* The Court never responded that counsel's interpretation was incorrect. Peter Kahan, Esquire, by way of a letter addressed to the Court dated July 18, 2005, in response and on behalf solely of his client, to a letter submitted by Sean Carter, Esquire, dated July 15, 2005, on behalf of all of the Plaintiffs, seeking an extension of the then July 31, 2005 amendment as of right deadline, raised the issue of the RICO Statements' applicability to other defendants, apparently for the first time. This particular issue was responded to, on behalf of the Plaintiffs, by Jerry S. Goldman, Esquire, by way of a letter dated July 19, 2005. Mr. Kahn submitted another communication dated August 8, 2005, which was responded to by Mr. Goldman on August 9, 2005. This Court, however, entered an order, on August 22, 2005, docket 1144, apparently treating all

### 1. Plaintiffs had the Right to Amend Their RICO Statements.

Defendants' ignore the CMO 2, ¶ 13,[11] which further provided the Plaintiffs with an unlimited and unfettered right to amend the pleadings, at any time, through September 30, 2005.[12] Moreover, they never objected, in their Reply or otherwise, to the language contained in the second introductory paragraphs contained within both the First and Amended RICO Statements, let alone the filing of the Amended RICO Statement on or about August 2, 2005:

> Given the extraordinarily complex nature of the conspiracy and other wrongdoing that led to the events of September 11, 2001, much information is presently unavailable to plaintiffs, absent discovery. Plaintiffs therefore reserve the right to amend this RICO statement as information is learned and verified through discovery and otherwise.

### B. THE MORE DEFINITE STATEMENTS/ADDITIONAL ALLEGATIONS WERE PROPERLY FILED AND CONTAINED NO NEW ALLEGATIONS.

CMO 2, ¶ 13, unequivocally permits the filing of additional allegations or amended complaints, in a variety of forms, as of right, at any time up through September 30, 2005 (provided that some sort of consolidation document is submitted on or before September 30).

Plaintiffs in their filings, including the ones applicable to the Defendants, specifically

---

Plaintiffs other than *Federal* differently.

The *O'Neill* Plaintiffs respectfully believe the August decision was incorrectly decided, as a matter of general application. The *O'Neill* Plaintiffs, further suggest the August decision should not be applicable to situations where the parties stipulated to the filing of a RICO Statement (or otherwise consented to its use and/or otherwise waived an objection), such as the case at bar. The *O'Neill* Plaintiffs further submit that the August decision should not apply to the *O'Neill* litigation as a whole and/or on a case by case basis, exceptions pursuant to Rule 6(b) are warranted.

As discussed in the opposition papers/cross motion relative to *Taha Al' Alwani* (including the Rule 11 response) and *CAIR*, the *O'Neill* plaintiffs could not have complied with the Court's Individual Rules. The undersigned, while counsel of record in the *Al Baraka* and *KSA*, initially serving as local counsel starting on March 11, 2004, did not appear in *Iraq* until approximately some time in September, 2004. *Iraq* was filed in August, 2003, in the District of Columbia and did not reach this Court's docket until March, 2004. At that point, on information and belief, all filings were stayed during the development of CMO 2. *Al Baraka,* filed March 10, 2004, was, on information and belief, not listed as part of the MDL during the consideration of the CMO. Undersigned counsel, had no formal notice of those hearings. When CMO 2 took effect on June 16, 2004 (with a grace period for *Federal* only to file its RICO Statements), both *Iraq* and *Al Baraka* were both allegedly time barred from filing a RICO Statement, as it was well in excess of 20 days from the filings of the pleadings (August, 2003 in the District of Columbia and March 11, 2004, respectively). Certainly this Court did not intend to preclude the Plaintiff from effectively pursuing a RICO claim. However, in light of the stipulation, the Court need not reach this issue.

[11] Defendants have pointed to no language, nor can they point to any language, which limits the scope of CMO 2, ¶ 13 to only certain Plaintiffs, unlike the argument relative to the RICO Statement and CMO 2, ¶ 14.

[12] "Amended pleadings may be filed until [September 30, 2005], after which any amendments must be approved by the Court, pursuant to Federal Rule of Civile (sic) Procedure 15(a)."

7

relied upon that provision. The paragraph simply provided a means to better manage a case of this complexity and is within the discretion of the Court in the proper implementation of the liberal amendment provisions of Rule 15. If Plaintiffs were allowed to file a full amended complaint, certainly they could have filed, prior to the answer, supplemental allegations relative to the Defendant. Significantly, as an examination of the MDS would reveal, they contain no allegations other than those set forth in the RICO Statements. Defendants, in fact, acknowledged that the MDS were comparable to the RICO Statements, by stating in their Supplemental Mememorandum "[w]hile purporting to be new pleadings, Plaintiffs' More Definite Statements simply reiterated verbatim the allegations contained in their RICO Statements". Supp. Mem. p. 5. Based upon that admission alone, their filing must be stricken and costs imposed.

### C. THE FIRST CONSOLIDATED COMPLAINTS WERE PROPERLY FILED AND CONTAINED NO ALLEGATIONS OTHER THAN THOSE SET FORTH IN THE RICO STATEMENTS.

CMO 2, ¶ 13 refers to the filing by September 30, 2005, of "an amended complaint that includes all amendments made prior to that date, whether made pursuant to Rule 12(c) or otherwise." Prior to September 30, 2005, Plaintiff had filed in the instant case and the companion O'Neill prosecutions, a number of amendments to the complaints, in a variety of forms. In certain instances, including in the O'Neill - Iraq case, the Complaint was amended (e.g., the December, 2004 amendment). In many other instances, in this and the companion cases, Plaintiffs, in accordance with CMO 2, ¶¶ 13, 14, the stipulation (First Order) and the Court's Individual Rules, filed a number of RICO Statements and MDS.

On September 30, 2005, Plaintiffs served and then filed the FCCs. Such consolidated complaints included each and every allegation which the Plaintiffs have in each of the respective

complaints. As for 'dismissed' Defendants, a copy of the then-existing RICO statement was attached. As for the others, where one had already been filed and served, the MDS were substantially included. The FCC further fully complied with the requirements of Rule 10, as there were separate statements in numbered paragraphs and Rule 10(c) specifically permits the adoption by reference of items in another part of the pleading (let alone another pleading or other filing), as well as the use of exhibits. The Defendants' claim is devoid of merit. There were no allegations contained within the FCC that were not contained within the MDS of September 30, 2005; there were no allegations contained within the MDS applicable to the S & Z Defendants that were not included in the Amended RICO Statement.

### D. THE DEFENDANTS' SUPPLEMENTAL MEMORANDUM SHOULD BE STRICKEN AS THERE WERE NO ALLEGATIONS CONTAINED IN THE SEPTEMBER MDS OR THE FCC THAT WERE NOT IN THE PREVIOUSLY FILED RICO STATEMENTS.

As set forth herein, as all of the allegations in the FCC were contained within the Amended RICO Statement properly filed pursuant to stipulation, prior to both the Plaintiffs' opposition to the Defendants' motion to dismiss, and the Defendants' Reply, were utilized by the Plaintiffs in such opposition, and were referenced by the Defendants' in their Reply, Defendants' Supplemental Memorandum must be stricken as an improper filing and costs imposed, as CMO 4, ¶5 only permits a supplemental filing to address new allegations. To permit additional, unsanctioned filings and motions would be unfair to the other defendants in this litigation who have complied with the Rules of Civil Procedure and this Court's Individual Rules and Case Management Orders, along with this Court's strict adherence to its page limitation requirements. Individual Rule 2(c); see, also, S.D.N.Y. Local Rule 6.1(a) and (b) and Hon. Richard Conway Casey Individual Rules of Practice Rule 2(c) (envision only a motion, response and reply); See

also, CMO 4, ¶ 5 (first paragraph); c.f., Fed. R. Civ. Proc. Rule 6(d).[13]  Accordingly, as the Defendants' filing was not permissible, it should be stricken and costs imposed.  28 U.S.C. Sec. 1927; see, Fed. R. Civ. Proc. Rule 16(f).

## II.  THERE IS A SUFFICIENT BASIS FOR PERSONAL JURISDICTION.

In the event that this Court determines that the FCC contained 'additional allegations' rather than burden the Court with a repetitive argument, Plaintiffs will reply upon its previously submitted response to the Defendants' motion.

## CONCLUSION

For the reasons set forth herein, as set forth in our Memorandum of Law in Opposition to the Motion to Dismiss, and as addressed at argument, which is requested, the Motion to Dismiss should be denied, as there was proper service and there is personal jurisdiction over the S&Z Defendants, and the Cross Motion to Strike should be granted.  Alternatively, as requested in our original memorandum, leave to re-serve should be granted, as set forth therein, in the event that service is deemed to be insufficient.

Dated: January 24, 2006

                                            Respectfully submitted
                                            LAW OFFICES OF JERRY S. GOLDMAN
                                               & ASSOCIATES, P.C.

                                        By: _____
                                            JERRY S. GOLDMAN, ESQ. (JG8445)
                                            111 Broadway, 13th Floor
                                            New York, N.Y. 10006
                                            212.242.2232

<u>On the Memorandum</u>:                        *Attorneys for the Plaintiffs,*
Jerry S. Goldman, Esq. (JSG8445)        *Estate of John P. O'Neill*, *et al.*
Gina M. Mac Neill, Esq. (GM0581)
Frederick J. Salek, Esquire (FJS 8565)

---

[13] In other situations, this Court has properly refused to permit multiple filings not permitted by the Federal Rules of Civil Procedure or the Individual Rules of this Court.  For example, an attorney for certain co-defendants sought to file a 12(b)(6) motion after unsuccessfully litigating a 12(b)(5) motion.  Co-Plaintiffs' counsel, opposed it.  Letter to Court of Andrea Bierstein.  Ex. M.  This Court denied defendants' request.  Ex. N.  Docket 244.

10

**CERTIFICATE OF SERVICE**

I, JERRY S. GOLDMAN, ESQUIRE, do hereby certify that I served the within Plaintiffs' Memorandum of Law in Opposition to the Defendant's Supplemental Memorandum of Law and in Support of the Plaintiffs' Cross Motion to Strike, on this date, on all of the parties in the case via filing with the Court's electronic case filing (ECF) system.

Dated: January 24, 2006

_____
JERRY S. GOLDMAN, ESQUIRE

X:\Clients\ONeill v. Saudi arabia\Motions\Motions to Dismiss\Schrieber and Zindel\CMO4 Response\Plaintiffs Reply\Final\SupplementalReply MemoofLaw SZ - FINAL.doc