**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*   Federal Insurance Co. v. al Qaida
                              03 CV 06978 (RCC)

**THE FEDERAL PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE THE MOTION TO DISMISS FILED BY SAAR NETWORK DEFENDANTS AFRICAN MUSLIM AGENCY, GROVE CORPORATE, INC., HERITAGE EDUCATION TRUST, INTERNATIONAL INSTITUTE OF ISLAMIC THOUGHT, MAR-JAC INVESTMENTS, INC., MENA CORPORATION, RESTON INVESTMENTS, INC., SAFA TRUST, SANA-BELL, INC., STERLING CHARITABLE GIFT FUND, STERLING MANAGEMENT GROUP, INC., AND YORK FOUNDATION**

In response to Plaintiffs' motion to strike, the SAAR Network Defendants have made a pair of assertions regarding the sequence of this litigation which demand a concise response.

First, with regards to Plaintiffs' filing of its brief in response to the motion to dismiss, Plaintiffs simply note that counsel for the SAAR Network Defendants participated in all the negotiations for Case Management Order No. 4 and consented to its terms well in advance of this Court's ultimate ratification of its terms. They cannot now claim that some different timeline governs the deadlines applicable to this brief – especially given that they chose to file their own reply brief pursuant to CMO #4's terms, within thirty days rather than the five days that would otherwise be required under the Local Rules. The agreement which covered Defendants' reply applies equally to Plaintiff's response which prompted it.

Indeed, the parties included a provision establishing a briefing schedule for Motions to Dismiss filed in the absence of a governing stipulation in order to eliminate petty disputes about procedural matters, and thereby reduce the number of disputes requiring Court intervention. Indeed, the discussions that led to the submission of CMO #4 were conducted at the direction of the Court, for the specific purpose of reducing the number of such procedural disputes. The SAAR Defendants' argument regarding the timing of plaintiffs' Opposition brief blatantly disregards the Court's specific request that the parties work together to resolve procedural disputes without Court intervention, and needlessly complicates the Court's continuing efforts to manage this litigation in an effective manner.

Moreover, the SAAR Defendants' inclusion of this baseless argument regarding the timing of plaintiffs' Opposition is all the more egregious given the number of unresolved Motions pending before the Court, which were filed well before the SAAR Defendants' Motion. As this Court is well aware, dozens of Motions to Dismiss remain to be decided in the *Federal* action, some of which were fully briefed more than a year ago. Given the volume of briefing in

this litigation, and the number of previously filed Motions to Dismiss that remain to be decided, the SAAR Defendants can claim no prejudice due to the timing of plaintiffs' Opposition.  Their decision to present an argument relating to the timing of the Opposition despite the absence of any resulting prejudice, and notwithstanding their explicit consent to the briefing schedule plaintiffs followed, represents precisely the kind of obstructionist behavior from which the Court has asked the parties to refrain.

Secondly, Defendants cast various aspersions upon the timing of Plaintiffs' filing of jurisdictional discovery and responding to Defendants' objections.  Such comments are immaterial to the legal issues before the Court at this time.  Given that Defendants' objections were filed in a procedurally improper manner, Plaintiffs were under no obligation to respond at all, let alone pursuant to some arbitrary schedule invented by Defendants.  After all, it was the SAAR Network Defendants who set the parties on this timetable by lodging jurisdictional challenges and forcing this Court to rule upon them, then withdrawing them rather than see their claims tested through discovery.

With those two points in mind, Plaintiffs are content to rest on the substantive arguments made in support of the initial motion to strike and will not repeat them here.  Because the SAAR Network Defendants have failed to comply with this Court's January 18 Order by failing to participate in minimal jurisdictional discovery, Plaintiffs' Motion to Strike their motion to dismiss must be granted.

                                                 COZEN O'CONNOR
                                                 Attorneys for Plaintiffs

                BY:     _____
                            STEPHEN A. COZEN, ESQUIRE
                            ELLIOTT R. FELDMAN, ESQUIRE

SEAN P. CARTER, ESQUIRE
ADAM C. BONIN, ESQUIRE
1900 Market Street
Philadelphia, PA 19103

(215) 665-2000