

6600 Sears Tower
Chicago, Illinois  60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

John N. Scholnick
312.258.5813
jscholnick@schiffhardin.com

August 25, 2005

**VIA FEDERAL EXPRESS**

The Honorable Richard Conway Casey
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007

  Re: *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (RCC)
     *Estate of O'Neill, et al. v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.)
     *Estate of O'Neill, et al. v. Al Baraka, et al.*, Case No. 04 CV 1923 (RCC) (S.D.N.Y.)

Dear Judge Casey:

  On behalf of Defendants Schreiber and Zindel Treuhand Anstalt, Frank Zindel, Engelbert Schreiber, and Engelbert Schreiber, Jr., (hereinafter collectively "the S&Z Defendants") I write in response to the June 15, 2005 letter submitted by Jerry S. Goldman, counsel for plaintiffs in the above-entitled actions, in which he seeks "leave to re-serve certain defendants in the event that the court finds service defective."

  While Plaintiffs' request to reserve will be fully addressed in the S&Z Defendants reply in support of their motion to dismiss, we wish to raise a number of key points in response to counsel's request for the Court's consideration at this preliminary stage.

  In Case Management Order No. 2, the Court set October 15, 2004 as the deadline for service on foreign defendants. On October 14, 2004, the O'Neill Plaintiffs requested a one-hundred and twenty (120) day extension of time to effectuate service, which was granted by the Court. (*See* Dkt. 671) Despite this extension, Plaintiffs did not attempt to serve the S&Z Defendants during this extended period. Rather, failing to effectuate service, Plaintiffs again requested in a letter dated February 4, 2005 an additional one-hundred and twenty (120) day extension of time to serve various defendants. While granting the application, the Court expressly stated in the endorsed letter that it was the "final 120 day extension to serve." (*See* Dkt. 671)

  Realizing that their sole attempt at serving the S&Z Defendants, in the two-years that have elapsed since naming them as defendants, is likely defective, Plaintiffs now seek additional time to "re-serve" despite the Court's clear directive in the February 4, 2005 Order that the extension would be "final." Moreover, Plaintiffs fail to explain how their failure to effect service was reasonable. *See*



The Honorable Richard Conway Casey
August 25, 2005
Page 2

*Standard Commercial Tobacco Co. v. Mediterranean Shipping Co.*, No. 94 CIV 7040, 1995 WL 753901, at *1 (S.D.N.Y. Dec. 19, 1995) (applying a reasonable diligence standard to determine whether service is in a foreign country is timely).

The S&Z Defendants are not moving targets. Schreiber & Zindel Treuhand Anstalt is a well established business in the Principality of Liechtenstein and Frank Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr., are businessmen who have for years conducted their affairs and resided in Liechtenstein. They are readily able to be located. They have not been in hiding. Plaintiffs just dropped the ball.

Plaintiffs should not be afforded another opportunity to properly effect service, particularly in light of their lack of reasonable diligence. Again, more will be said about Plaintiffs' request in the reply brief in support of the S&Z Defendants' motion to dismiss.

Respectfully yours,

John N. Scholnick

JNS:pdp