# HANLY CONROY BIERSTEIN & SHERIDAN LLP

415 MADISON AVENUE
NEW YORK, NEW YORK 10017-1111
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 401-7556
JAYNE CONROY (NY, DC & MA)
(212) 401-7555
CLINTON B. FISHER (NY & DC)
(212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
(212) 401-7550
THOMAS I. SHERIDAN, III (NY)
(212) 401-7602

TELEPHONE (MAIN)
(212) 401-7600

TELECOPIER
(212) 401-7635

**BY HAND**

June 10, 2004

Hon. Richard Conway Casey
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

      Re: *In re Terrorist Attacks of September 11, 2001*, MDL 1570

Dear Judge Casey:

      I write in response to the letter of Lynne Bernabei dated June 8, 2004 concerning an extension of time for defendants Soliman H.S. Al-Buthe and Perouz Sedaghaty to respond to the Third Amended Complaint. Unfortunately, Ms. Bernabei's letter fails to convey to the Court the true nature of the parties' disagreement. The issue is less about how much time defendants should have than it is about what they need the time for. Ms. Bernabei's partner, Alan Kabat, requested that plaintiffs agree to a briefing schedule for a motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6). Because Al-Buthe and Sedaghaty already filed a Rule 12(b) motion to dismiss (for insufficiency of service of process), they are precluded from filing a second Rule 12(b) motion. Accordingly, I informed Mr. Kabat that plaintiffs would agree to a courtesy extension, until July 21,[1] of these defendants' time to file an Answer, but that I could not agree to a briefing schedule for a motion that defendants had no right to make. (I enclose a print-out of the email correspondence on this subject.) It was at this point that Ms. Bernabei wrote to Your Honor to request "an extension of the briefing schedule" applicable to these defendants, presenting the issue as one of timing only and without disclosing plaintiffs' position that no "briefing schedule" is necessary as defendants are from precluded from filing an additional pre-Answer motion. Our concern is not a technical one: eighteen months after serving these defendants, plaintiffs are entitled to an Answer and to the commencement of discovery. Defendants seek to delay the case with successive pre-Answer motions. Rule 12 precludes precisely this kind of stall tactic.

---

[1] Because of defendants' insistence that we agree to a briefing schedule for their motion to dismiss, there has been no discussion of alternate dates for defendants to file their Answer, nor have Mr. Kabat or Ms. Bernabei offered any explanation why they cannot meet the deadline of July 21 that I proposed.

Hon. Richard Conway Casey
June 10, 2004
Page 2

As Your Honor is aware, this action was commenced in August, 2002. As noted in the Court's recent Order of June 1, 2004, these defendants were served in November, 2002, when multiple copies of the summons and complaint were delivered, by hand, to The Mail Stop at 1257 Siskiyou Blvd., Ashland, Oregon (the address listed for these defendants on documents filed with the IRS and the Oregon Secretary of State), and additional copies were mailed to the same address. A year later, in November, 2003, Al-Buthe and Sedaghaty filed their motion pursuant to F.R.C.P 12(b)(5), asserting that the Complaint against them should be dismissed for insufficiency of service of process. On June 1, 2004, this Court denied that motion to dismiss. Having lost their motion to dismiss, Al-Buthe and Sedaghaty are now obligated, under the Federal Rules of Civil Procedure, to answer the Complaint. Plaintiffs offered to extend, by 30 days, the time for these defendants to file their Answer. Defendants, however, maintain that they are entitled to file a second Rule 12 motion and that they need not only a nine-week extension of their time to respond, but a briefing schedule for them to file a motion to dismiss.

F.R.C.P. Rule 12(g) provides: "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party *shall not thereafter make a motion based on the defense or objection so omitted*, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." (Emphasis added). The rule thus is crystal clear that a defendant who files a motion under Rule 12(b) cannot thereafter file another motion on any other ground specified in Rule 12, except for motions specified in Rule 12(h)(2). It is equally clear that Rule 12(h)(2) does not authorize the filing of an additional pre-Answer motion. Rather, Rule 12(h)(2) provides that certain defenses, including the defense of failure to state a claim upon which relief can be granted "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." That is, once a defendant moves to dismiss under Rule 12(b), but omits to seek dismissal for failure to state a claim, that defense can be raised *only* (i) in the defendant's Answer; (ii) in a motion for judgment on the pleadings (which can be made, under Rule 12(c), only after the pleadings are closed); or (iii) at trial. As explained in the leading treatise on federal civil procedure:

> [I]f defendant exercises the option afforded by Rule 12(b) and raises certain defenses and objections by preliminary motion, he is bound by Rule 12(g), which contemplates a single motion in which defendant asserts all the Rule 12 defenses and objections that are then available to him. *The rule generally precludes a second motion based on any Rule 12 defense or objection that defendant could have but neglected to raise in his original motion.*

Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1385 (emphasis added). Indeed, the treatise is even more specific to defendants' precise situation:

> The ban against successive pre-answer motions extends to the three "substantial defenses" listed in Rule 12(h)(2)--failure to state a claim upon which relief can be granted (Rule 12(b)(6)), failure to join a party indispensable under Rule 19 (Rule 12(b)(7)), and failure to state a legal defense to a claim (Rule 12(f)). *The right to raise these defenses by preliminary motion is lost when defendant neglects to consolidate them in his initial*

Hon. Richard Conway Casey
June 10, 2004
Page 3

> *motion. Consequently, if defendant first moves to dismiss on the ground of lack of jurisdiction over his person, he is not allowed to make a second preliminary motion to dismiss on the ground of failure to state a claim upon which relief can be granted.* After denial of the initial challenge, defendant should file his answer.

*Id.* (emphasis added). *See also* Advisory Committee Notes (1966 Amendment) ("Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him ... and which he could have included, but did not in fact include therein.").

I emphasize that plaintiffs do *not* contend that Al-Buthe and Sedaghaty have waived the defense of failure to state to claim. Under Rule 12(h)(2), that defense may be raised in an Answer and may be the subject of a motion for judgment on the pleadings. But it may not be raised through a second pre-Answer motion to dismiss under Rule 12. Equally important, plaintiffs do not raise this point as a mere technicality or to elevate form over substance. More than 18 months after they were served with the summons and complaint in this action, these defendants still have not answered the Complaint, plaintiffs do not know which allegations are in contention, and discovery has not commenced as to these defendants. In a case with over 200 defendants, it will be impossible ever to move beyond the pleading stage if defendants are permitted to file multiple motions to dismiss addressed to the same complaint. Indeed, under defendants' proposed briefing schedule, their new motions to dismiss would not be heard and decided until more than two years after these defendants were served. Rule 12 expressly bars such an approach and, in the interest of orderly case management and moving this case along, this Court should not permit it. Accordingly, plaintiffs respectfully request that the Court extend only defendants' time to answer the Complaint and not authorize a second pre-Answer motion to dismiss. In this regard, we believe that an extension until July 21 is more than reasonable.

Respectfully,

Andrea Bierstein

cc:  All Counsel (w/enclosure, via email or fax)

**EXHIBIT 1**

## Andrea Bierstein

**From:** Andrea Bierstein
**Sent:** Tuesday, June 08, 2004 6:15 PM
**To:** 'Alan Kabat'
**Subject:** RE: Burnett (MDL 1570)

We do not consent to this schedule. As I noted in my earlier email, because Rule 12 is quite clear that any 12(b)(6) defense you may have cannot be asserted by motion at this time, we will consent only to an extension of time for these defendants to Answer. Moreover, we believe that an extension until July 21 is more than generous under the circumstances.

Andrea Bierstein
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, New York 10017-1111
(212) 401-7600 (main)
(212) 401-7556 (direct)
(212) 401-7635 (fax)
abierstein@hanlyconroy.com
www.hanlyconroy.com

This electronic message contains information from a law firm which may be confidential or privileged. The information is for the use of the entity or individual named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic transmission in error please notify us immediately.

-----Original Message-----
**From:** Alan Kabat [mailto:kabat@bernabeiandkatz.com]
**Sent:** Tuesday, June 08, 2004 6:16 PM
**To:** Andrea Bierstein
**Subject:** RE: Burnett (MDL 1570)

Dear Ms. Bierstein,

As we still intend to file a 12(b)(6) motion, which is permitted under the Federal Rules, we propose an extension to August 27, 2004, with plaintiffs' opposition due by September 27, and defendants' reply brief due by October 18. We will prepare a letter to Judge Casey to that effect; please advise us as to whether plaintiffs will consent to this schedule.

Alan R. Kabat
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
tel. (202) 745-1942 (ext. 242)

6/10/2004

fax (202) 745-2627
email: kabat@bernabeiandkatz.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. This message may be attorney-client communication, and as such, is privileged and confidential. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

**From:** Andrea Bierstein [mailto:abierstein@hanlyconroy.com]
**Sent:** Tuesday, June 08, 2004 1:52 PM
**To:** Alan Kabat
**Subject:** RE: Burnett (MDL 1570)

Dear Alan:

We fail to see any connection between the next status conference in this case and the due date for your clients' Answers. We believe that under Rule 12, Al-Buthe and Sedaghaty must answer the complaint within 20 days of the date of Judge Casey's June 1 order denying your motion to dismiss – that is, no later than June 21. As a courtesy, we are prepared to grant your request for an extension of that date, but, as we approach the 2d anniversary of the filing of this case (and the third anniversary of the tragedy that gave rise to it), and mindful that your clients were served in November, 2002, we cannot consent to an extension of the length that you have requested. We will, however, agree to an additional thirty days, until July 21, for the submission of an Answer. (We do not expect this to be a great hardship, as we note that you have already filed an Answer on behalf of the related defendant, Al Haramain.) We do not, however, understand your request for a briefing schedule. F.R.C.P. 12, sub-divisions (g) and (h), clearly permits only one pre-Answer motion to dismiss on the grounds specified in Rule 12 (b). Defenses not raised in your Rule 12(b) motion, and not waived – see F.R.C.P. 12(h)(1) – can only be raised in accordance with Rule 12(h)(2), *not* by motion under Rule 12(b). Accordingly, we will consent to an extension until July 21 only of your clients' time to answer the Complaint. I would be happy to sign a stipulation to that effect or we can proceed by consent letter to the judge.

Andrea Bierstein
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, New York 10017-1111
(212) 401-7600 (main)
(212) 401-7556 (direct)
(212) 401-7635 (fax)
abierstein@hanlyconroy.com
www.hanlyconroy.com


This electronic message contains information from a law firm which may be confidential or privileged. The information is for the use of the entity or individual named above. If you are not

6/10/2004


the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic transmission in error please notify us immediately.

-----Original Message-----
**From:** Alan Kabat [mailto:kabat@bernabeiandkatz.com]
**Sent:** Tuesday, June 08, 2004 10:04 AM
**To:** Andrea Bierstein; Jayne Conroy; Kaplan, Justin
**Subject:** Burnett (MDL 1570)


Dear counsel:

In light of the fact that the next status conference is not until September, I am writing to request the Burnett plaintiffs' consent to an enlargement of time for Messrs. Al-Buthe and Sedaghaty to respond to the Third Amended Complaint. We propose an enlargement to Tuesday, September 7, 2004 for the defendants' response. What would be a suitable date for your opposition? 45 or 60 days? We would then do a reply brief a month later, which I believe will be consistent with the briefing schedule for other defendants. We will then prepare a consent letter to Judge Casey for his endorsement. Please advise.

Thank you, Alan

Alan R. Kabat
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email: kabat@bernabeiandkatz.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. This message may be attorney-client communication, and as such, is privileged and confidential. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

6/10/2004