**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————x
                                                  :      03 MD 1570 (RCC)

In re Terrorist Attacks on September 11, 2001    :      ECF Case
                                                  :
———————————————————————x

This document relates to:  Estate of John P. O'Neill,
      Sr., et al v. Al Baraka Investment and Development
      *Corp., et al.*, 04 CV 01923 (RCC)

### DEFENDANT INTERNATIONAL ISLAMIC RELIEF ORGANIZATION'S ANSWER TO PLAINTIFFS' FIRST CONCOLIDATED COMPLAINT

      Defendant International Islamic Relief Organization ("IIRO"), through undersigned counsel, and pursuant to Rule 12, Fed. R. Civ. P., hereby submits its Answer to Plaintiffs First Consolidated Complaint ("Complaint").

    1.      IIRO admits that the statements in paragraphs 1-2 are true statements of fact.

    2.      IIRO does not possess sufficient information to admit or deny the allegations in paragraphs 3-5.

    3.      IIRO admits that the statements in paragraphs 6-10 are true statements of fact.

    4.      IIRO does not possess sufficient information to admit or deny the allegations in paragraph 11.

### JURISDICTION AND VENUE

    5.      IIRO denies that this court has jurisdiction over IIRO as alleged in paragraph 12.

    6.      IIRO denies that venue is proper in this district as alleged in paragraph 13.

### PLAINTIFFS
*THE CLASS*

7.      IIRO does not possess sufficient information to admit or deny the allegations in paragraphs 14-15.

## ORIGINAL PLAINTIFFS

8.      IIRO does not possess sufficient information to admit or deny the allegations in paragraphs 16-21.

## DEFENDANTS

9.      IIRO does not possess sufficient information to admit or deny the allegations in paragraph 22-23.

10.     IIRO denies the allegations in paragraph 24 to the extent that they provide IIRO is a charity used as a terrorist front to mask money transfers and provide cover for terrorist operatives and operations.

11.     IIRO denies that the allegations of paragraph 25 insofar as they relate to IIRO.

12.     IIRO does not possess sufficient information to admit or deny the allegations in paragraphs 26-27.

## COMMON FACTUAL ALLEGATIONS

13.     IIRO does not possess sufficient information to admit or deny the allegations in paragraphs 28-38.

14.     IIRO denies the allegation in paragraph 39 that the charity serves as an al Qaeda front.

15.     IIRO does not possess sufficient information to admit or deny the allegations in paragraphs 40-89.

16.     IIRO denies the allegations asserted in paragraph 90-95.

17.     IIRO does not possess sufficient information to admit or deny the allegations in paragraph 96.

18.     To the extent that paragraph 97 provides that MWL is a parent organization of IIRO, IIRO admits this to be true.  IIRO does not possess sufficient information to admit or deny the rest of the allegations in paragraph 97.

19.     IIRO does not possess sufficient information to admit or deny the allegations in paragraphs 98-103.

20.     IIRO does not possess sufficient information (i.e. what Plaintiffs mean by "closely intertwined") to admit or deny the allegations in paragraph 104.

21.     IIRO does not possess sufficient information to admit or deny the allegations in paragraphs 105-127.

## CLASS ACTION ALLEGATIONS

22.     IIRO does not possess sufficient information to admit or deny the allegations in paragraphs 128-133.

## CLAIMS
## COUNT ONE

### *TORTURE VICTIM PROTECTION ACT*

23.     The allegations contained in paragraphs 134-137 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT TWO

### *ALIEN TORT CLAIMS ACT*

24.      The allegations contained in paragraphs 138-141 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT THREE

### *WRONGFUL DEATH*

25.    The allegations contained in paragraphs 142-147 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT FOUR

### *SURVIVAL*

26.    The allegations contained in paragraphs 148-150 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT FIVE

### *NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

27.    The allegations contained in paragraphs 151-155 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT SIX

### *CONSPIRACY*

28.    The allegations contained in paragraphs 156-161 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT SEVEN

### *AIDING & ABETTING*

29.    The allegations contained in paragraphs 162-165 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT EIGHT

### *NEGLIGENCE*

30.    The allegations contained in paragraphs 166-170 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT NINE

### *18 U.S.C. §2333 (ANTI-TERRORISM ACT)*

31.    The allegations contained in paragraphs 171-175 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT TEN

### *18 U.S.C. § 1962(A) – CIVIL RICO*

32.    The allegations contained in paragraphs 176-180 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT ELEVEN

### *PUNITIVE DAMAGES*

33.     The allegations contained in paragraphs 181-183 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## COUNT TWELVE

### *PUNITIVE DAMAGES*

### *FOREIGN STATE AGENCIES AND INSTRUMENTALITIES*

34.     The allegations contained in paragraphs 184-187 constitute conclusions of law to which no responses are required. To the extent any response is required, the allegations are denied.

## PRAYER FOR RELIEF

35.     IIRO submits Plaintiffs' claims are not entitled to any relief as alleged in paragraph 188.

## PLAINTIFFS' EXHIBITS A-AG

36.     Since exhibits A-AG are not part of Plaintiffs' complaint in terms of reciting specific allegations, MWL neither admits to nor denies any allegations contained in said exhibits.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' claims fail to state a claim against IIRO for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Causation)

There is no causal connection between any of IIRO's activities and plaintiffs' injuries.

## THIRD AFFIRMATIVE DEFENSE

(Causation)

No act or omission of any agent, servant, or employee of IIRO proximately caused any harm or damages to plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

(Other Tortfeasors)

Plaintiffs' damages and injuries were caused by other individuals or entities who are, or are not, named as parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

(Improper Venue)

This Court is not the proper venue for plaintiffs' claims against IIRO.

## SIXTH AFFIRMATIVE DEFENSE

(Subject Matter Jurisdiction)

This Court does not have subject matter jurisdiction over plaintiffs' claims against IIRO.

## SEVENTH AFFIRMATIVE DEFENSE

(Immunity)

IIRO is an instrumentality of the government of the Kingdom of Saudi Arabia. Accordingly, IIRO is immune from suit.

## EIGHTH AFFIRMATIVE DEFENSE

(Personal Jurisdiction)

This Court does not have personal jurisdiction over plaintiffs' claims against IIRO.

## NINTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiffs are estopped from receiving the relief requested against IIRO.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiffs' claims against IIRO are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

(Punitive Damages)

Plaintiffs' claims for punitive damages against IIRO are barred because IIRO's activities, as alleged by plaintiffs, were not committed with intent, malice, willful and outrageous conduct aggravated by evil motive, or reckless indifference, and none of IIRO's activities in any way were intended to, or did harm, the plaintiffs in this action.

## TWELFTH AFFIRMATIVE DEFENSE

(No Double Recovery)

Plaintiffs' claims for compensatory and punitive damages are barred to the extent that some plaintiffs are also seeking recovery against IIRO, for the same or similar claims, in the civil actions comprising the multi-district entitled *In re*

*Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (RCC), pending in the United States District Court for the Southern District of New York.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Central Intelligence Agency, The Federal Bureau of Investigation, and other agencies of the United States government had information and resources to prevent the September 11, 2001, attacks from occurring. But for their failure to utilize this information and these resources, IIRO would not be a named defendant in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

In response to plaintiffs' claims, IIRO intends to invoke any other defenses, including, affirmative defenses, as they may become apparent through discovery, and reserve the right, in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, to assert such defenses.

WHEREFORE, IIRO requests that the Plaintiffs' First Consolidated Complaint be dismissed with prejudice as to IIRO, and the Court award attorney's fees and costs to IIRO in defending this case with no factual or legal basis against IIRO, and award any other relief that the Court deems just under the circumstances.

Respectfully submitted on this 2nd day of February, 2006,

_____/s/_____
Martin F. McMahon, Esq.
Bar No. 196642
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Ste. 900
Washington, D.C.  20036
(202) 862-4343

*Attorney for Defendant IIRO*

Lisa D. Angelo, Esq.
Bar No. 491206
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Ste. 900
Washington, D.C.  20036
(202) 862-4356

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of February, 2006, a copy of the foregoing Answers to Plaintiffs' First Consolidated complaint were mailed, postage pre-paid to:

Jerry Goldman, Esq.
Two Penn Center Plaza
1500 JFK Blvd.
Suite 411
Philadelphia, PA 19102

_____/s/_____
Lisa D. Angelo, Esq.