UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) |
| | ECF Case |

This document relates to:     New York Marine and General Ins. Co. v. Al Qaida, et al. (1:04-cv-6105) (RCC)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS OF DEFENDANT DMI ADMINISTRATIVE SERVICES S.A.**

SHEPPARD MULLIN RICHTER & HAMPTON LLP

30 Rockefeller Plaza
24th Floor
New York, New York 10112
(212) 332-3800

*Attorneys for Defendant*
*DMI Administrative Services S.A.*

W02-NY:1ESC1\120008405.1

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................... 1

I    PLAINTIFF HAS ENTIRELY FAILED TO ESTABLISH
PERSONAL JURISDICTION OVER DMI S.A. ................................................................. 2

    A.    There Is No General Jurisdiction Over DMI S.A. .......................................... 2

    B.    There Is No Specific Jurisdiction Over DMI S.A., Because
Plaintiff Concedes That There Is No Conspiracy-Based
Jurisdiction, And Plaintiff Has Not Shown That DMI S.A.
Expressly Aimed Any Tortious Acts At The United States. ........................... 2

II    PLAINTIFF HAS ENTIRELY FAILED TO
STATE A CLAIM AGAINST DMI S.A. ............................................................................ 4

    A.    Plaintiff's Conclusory Allegations Fail To Satisfy
The Requirements Of Rule 8. ........................................................................... 4

    B.    Plaintiff Has Failed To Plead Facts Sufficient To Show
Concerted Action By DMI S.A Or That Any Of Its
Actions Proximately Caused Plaintiff's Injuries. ............................................. 5

    C.    Plaintiff Does Not State A Claim Under Any
Of Its Seven Causes Of Action. ....................................................................... 7

        1.    Plaintiff Has Failed To Sufficiently
Plead A Trespass Claim. (Count 1) ..................................................... 7

        2.    Plaintiff Concedes That Its Causes Of Action For
Conspiracy, Aiding And Abetting, And Punitive Damages
Are Not Independent Claims. (Counts 2, 4, & 7) ................................ 8

        3.    Plaintiff Has No Standing Under RICO And, Alternatively,
Has Failed To Sufficiently Plead A RICO Claim. (Count 3) .............. 8

        4.    Plaintiff Has Failed To Sufficiently Plead
An ATA Claim. (Count 5) .................................................................. 9

        5.    Plaintiff Fails To Sufficiently Plead
A Negligence Claim. (Count 6) .......................................................... 9

III    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE. ......................... 10

CONCLUSION .............................................................................................................................. 10

Defendant DMI Administrative Services S.A. ("DMI S.A.") respectfully submits this Reply Memorandum in further support of its motion to dismiss the *NY Marine* Complaint against it (Docket No. 888).[1] As the record reflects, the motion is meritorious and should be granted in its entirety.

## PRELIMINARY STATEMENT

Contrary to plaintiff's assertion and as DMI S.A.'s prior briefing made clear, "[t]he major thrust of DMI [S.A.]'s argument" is *not* "that DMI [S.A.] cannot be held liable because DMI [S.A.] did not, itself, carry out the September 11 attacks." See Opp. at 2. The key point is that the *NY Marine* plaintiff, as all others, has failed to proffer a single factual allegation tying DMI S.A. to a global terrorist conspiracy, making it liable for mass murder, or even establishing this Court's jurisdiction over it. See Suppl. Mem. at 4.[2]

Plaintiff here largely ignores that argument, instead choosing to recast its allegations into something other than what is actually contained in its pleadings. Plaintiff also blithely ignores this Court's holdings in its January 18, 2005 and September 21, 2005 Orders and the authority set out by DMI S.A. in its Initial and Supplemental Memoranda. Indeed, plaintiff pays no heed to the Court's holdings that (i) conclusory allegations are insufficient to establish jurisdiction or to state a claim; (ii) the provision of routine banking services, without knowledge of any terrorist activities, cannot subject a defendant to liability; and (iii) plaintiff must make a *prima facie* showing of each defendant's personal or direct participation in the conduct giving rise to plaintiff's injuries. Compare In re

---

[1] Pursuant to mutually-agreed to briefing schedule endorsed by the Court (Docket Nos. 966, 986, 1042), on May 9, 2005, DMI S.A. filed a Motion to Dismiss the *NY Marine* action and a Memorandum of Law in support thereof ("Initial Memorandum" or "Init. Mem.") (Docket No. 889); on July 13, 2005, after two extensions, the *NY Marine* plaintiff filed a two-page Opposition (Docket No. 1050); and, on August 3, 2005, DMI S.A. filed its initial Reply brief (Docket No. 1109). However, on September 30, 2005, the *NY Marine* plaintiff filed a 'Second Amended Complaint' ("SAC") copying verbatim the *Federal Insurance* plaintiffs' FAC and the *Federal Insurance* plaintiffs' Amended RICO Statement as to DMI S.A. (Docket No. 949). Therefore, pursuant to the Court's October 27, 2005 Order (Docket No. 1445), DMI S.A. submitted a Supplemental Memorandum of Law ("Supplemental Memorandum" or "Suppl. Mem.") (Docket No. 1472) in further support of its Motion to Dismiss and in response to the *NY Marine* plaintiff's SAC. This Reply brief responds to plaintiff's Opposition (Docket No. 1557) ("Opposition" or "Opp.") filed on December 19, 2005.

[2] As detailed in DMI S.A.'s Supplemental Memorandum, the *NY Marine* plaintiff's SAC and attached Exhibits were filed in contravention of the Court's direct charge that "plaintiffs shall file an amended complaint that includes all amendments made prior to that date," see CMO #2 ¶ 13. In light of the *NY Marine* plaintiff's clear disregard for the Court's Orders, its SAC should be stricken. See Suppl. Mem. at 1 n.1.

Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 805, 809, 835 (S.D.N.Y. 2005) ("In re Sept. 11 Attacks I") with Opp. at 1, 9-14, 17-18, 23-25.  Moreover, plaintiff is silent as to the Court's holding that to plead jurisdiction or state claims based upon a theory of conspiracy, it must make a *prima facie* showing of conspiracy and of DMI S.A.'s participation in it (and again, that conclusory allegations do not suffice).  Compare In re Sept. 11 Attacks I, 349 F. Supp. 2d at 805-6, with Opp. at 23-25.

In both in its pleadings and, now, its Opposition, the *NY Marine* plaintiff offers *nothing* to support the grave accusation that DMI S.A. had anything at all to do with the September 11 attacks, and *nothing* that shows that this complete failure of pleading might be remedied by repleading.  Accordingly, plaintiff's claims should be dismissed in their entirety, with prejudice.

## ARGUMENT

## I

## PLAINTIFF HAS ENTIRELY FAILED TO ESTABLISH PERSONAL JURISDICTION OVER DMI S.A.

**A.    There Is No General Jurisdiction Over DMI S.A.**

Plaintiff does not dispute, and therefore concedes, that neither the allegation that DMI S.A. held an ownership interest in a Boston firm, nor the allegation that DMI S.A. advertised in United States newspapers, amount to "continuous and systematic" contacts with New York or the United States.  See Suppl. Mem. at 9; Init. Mem. at 5-6; see also In re Terrorist Attacks on Sept. 11, 2001, 392 F. Supp. 2d 539, 559 (S.D.N.Y. 2005) ("In re Sept. 11 Attacks II").[3]

**B.    There Is No Specific Jurisdiction Over DMI S.A., Because Plaintiff Concedes That There Is No Conspiracy-Based Jurisdiction, And Plaintiff Has Not Shown That DMI S.A. Expressly Aimed Any Tortious Acts At The United States.**

The *NY Marine* plaintiff does not dispute, and therefore concedes, that its wholly conclusory allegations of conspiracy and aiding and abetting cannot salvage its assertion of personal jurisdiction over DMI S.A. See Suppl. Mem. at 9; Init. Mem. at 8-9; see also In re Sept. 11 Attacks I, 349 F. Supp. 2d at 805-06 ("Without supporting factual allegations," "[p]laintiffs' claim that all Defendants

---

[3] Plaintiff's failure to respond to a defense raised by a defendant in a dispositive motion concedes that defense.  See, e.g., Edward B. Marks Music Corp. v. Cont'l Record Co., 222 F.2d 488, 493 (2d Cir. 1955).

in these actions conspired with the al Qaeda terrorists to perpetrate the attacks of September 11" insufficient to establish personal jurisdiction on New York long-arm conspiracy theory).

Instead, plaintiff seeks to invoke specific personal jurisdiction over DMI S.A. based on its purported purposeful direction of some "conduct" here -- but does not point the Court to any allegations of such conduct. See Opp. at 23. It is no accident that plaintiff fails to cite to any factual support for such an assertion, because plaintiff alleges no wrongful conduct by DMI S.A. at all. See Suppl. Mem. at 6 n.4. Nowhere in the Opposition -- *or* in the allegations of the SAC -- does plaintiff point to *any* "specific facts from which the Court could infer that [DMI S.A.] directed, controlled, or requested al Qaeda to undertake its terrorist activities," see In re Sept. 11 Attacks I, 349 F. Supp. 2d at 806; nor does it "allege personal acts by [the defendant] by which [it] purposefully directed [its] activities at the United States," see id. at 816; nor does it sufficiently aver that DMI S.A. "expressly aimed" any (unalleged) tortious act at the forum. See id. at 809. Instead, plaintiff offers multiple conclusory allegations and vague innuendo, unsupported by specific allegations of fact. This Court has already held, however, that plaintiff may not "circumvent the jurisdictional hurdle… by inserting vague and conclusory allegations of tortious conduct in their complaints -- and… rely[ing] on the federal courts to conclude that some conceivable… tortious act falls within the purview of these generic allegations…." In re Sept. 11 Attacks I, 349 F. Supp. 2d at 801. Thus, the Court has no specific jurisdiction, and the Complaint must be dismissed.[4]

---

[4] Plaintiff also makes the unprecedented argument that, for purposes of invoking personal jurisdiction, it need not satisfy the Due Process requirements of the Fifth Amendment, because DMI S.A. is a foreign defendant. See Opp. at 22-23. However, none of plaintiff's case authority concerns issues of personal jurisdiction, see id., so that purported authority is inapposite. Moreover, in its very next breath, plaintiff's Opposition favorably cites to a long-standing Supreme Court precedent affording a foreign corporation Due Process protections for purposes of personal jurisdiction. See Opp. at 23-24, citing Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., 480 U.S. 102 (1987). Plaintiff's Opposition also cites a recent *slip opinion* from the District Court for the District of Columbia, entitled Baker v. Great Socialist People's Libyan Arab Jamahiriya. Plaintiffs there sought personal jurisdiction over defendants under the FSIA, however, see Baker at 1-2, and "the FSIA is not the basis for personal jurisdiction here." See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 809.

## II

## **PLAINTIFF HAS ENTIRELY FAILED TO STATE A CLAIM AGAINST DMI S.A.**

### A. **Plaintiff's Conclusory Allegations Fail To Satisfy The Requirements Of Rule 8.**

Plaintiff does not contest that the SAC improperly lumps hundreds of defendants together without providing specific facts distinguishing the supposed conduct of DMI S.A. See Suppl. Mem. at 7 & n.6; Init. Mem. at 12 (citing cases). Instead, plaintiff contends that Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), Pelman v. McDonalds Corp., 396 F.3d 508 (2d Cir. 2005), Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002), and Twombly v. Bell Atlantic Corp., 425 F.3d 99 (2d Cir. 2005) support the proposition that conclusory, generalized allegations should be deemed sufficient to state plaintiff's immense and serious claims against DMI S.A. See Opp. 7-11. In Phelps, however, plaintiff's allegations were "not 'general and conclusory,'" since plaintiff alleged the "who," "what," "where," and "how" of his injury. Phelps, 308 F.3d at 187 & n.6. Similarly, Pelman is inapposite because the Court in Pelman held only that plaintiffs did not have to plead facts to show their own contributory negligence. See Pelman, 396 F.3d at 511-12. Here, in contrast, plaintiff has failed to allege *any* specific facts showing that DMI S.A. committed any wrongful acts or that it proximately caused plaintiff's injuries. Plaintiff's reliance on Twombly also is misplaced; the Twombly Court held only that an antitrust claim alleging a price-fixing conspiracy could be stated by directly alleging specific facts showing conspiracy (such as communications of assent to conspiracy) or by alleging "parallel conduct" from which a price-fixing conspiracy could be inferred. See Twombly, 425 F.3d at 114-15. Plaintiff here, however, alleges neither any analogue to price-fixing "parallel conduct" by DMI S.A. and any other defendant, nor any specific facts, such as communications of assent, showing that DMI S.A. participated in any conspiracy. See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 805 (plaintiffs must make *prima facie* showing of conspiracy and allege specific facts warranting inference defendant member of conspiracy); Gmurzynska v. Hutton, 355 F.3d 206, 210-11 (2d Cir. 2004).

In contrast to the facts alleged in the cases cited by plaintiff, plaintiff here fails to provide any factual allegations showing when, where, how, or to whom *DMI S.A.* supposedly provided *any*

support to al Qaeda, knowingly or unknowingly.[5]  Simply put, plaintiff's numerous conclusory allegations -- upon which plaintiff explicitly continues to rely in its Opposition, see, e.g., Opp. at 3, 11-12, even after this Court's clear and repeated rejection of such allegations -- fail to provide DMI S.A. with meaningful notice of the factual basis of the claims against it, and plaintiff's claims therefore must be dismissed in their entirety.

**B.     Plaintiff Has Failed To Plead Facts Sufficient To Show Concerted Action By DMI S.A Or That Any Of Its Actions Proximately Caused Plaintiff's Injuries.**

Because "plaintiff[] rely on theories of concerted action liability -- conspiracy and aiding and abetting -- in support of [its assertion of proximate causation]," plaintiff must sufficiently allege that DMI S.A. either conspired with, or aided and abetted, the primary wrongdoer.  See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 826.  As the Second Circuit has explained, an allegation of causation-by-conspiracy "requires an agreement to commit a tortious act, [and] aiding and abetting requires that the defendant have given 'substantial assistance or encouragement' to the primary wrongdoer."  Pittman v. Grayson, 149 F.3d 111, 122-23 (2d Cir. 1998) (citations omitted).  Under either theory, plaintiff also must allege a *prima facie* case of concerted action[6] and *facts* showing that the defendant had "actual knowledge" of the wrongful nature of the primary actor's conduct.  See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 801, 805-06, 825-26.

Plaintiff's assertion of concerted action by DMI S.A. satisfies none of these elements, whether invoked for purposes of jurisdiction, proximate causation, or otherwise to state a claim.  See Opp. at 11-15.  Instead it relies upon the conclusory, generalized allegations that "[t]he attacks of September 11, 2001 . . . could not have been accomplished without the knowing and intentional financial support lent to Al Qaeda and its leaders by a global network of banks, financial institutions,

---

[5]  For example, plaintiff asserts that "DMI [S.A.]'s misconduct includes laundering money for al Qaida."  See Opp. at 10.  Such a conclusory and unsupported assertion is plainly insufficient.  See Init. Mem. at 14 n.8. Plaintiff also does not dispute, and thus concedes, that allegations regarding former members of the Board of Directors and Sharia Board of DMI S.A.'s ultimate parent are utterly irrelevant.  See Suppl. Mem. at 7 n.6.

[6]  "The elements of concerted action liability are (1) an express or tacit agreement to participate in a common plan or design to commit a tortious act, (2) tortious conduct by each defendant, and (3) the commission by one of the defendants, in pursuance of the agreement, of an act that constitutes a tort."  See Pittman, 149 F.3d at 122 (citations omitted).  As shown in the record, plaintiff does not plead facts sufficient to satisfy any of the elements of concerted action as to DMI S.A.  See Init. Mem. at 21-24.

charities, relief organizations, businesses, individual financiers, foreign governments and foreign governmental officials," see Opp. at 12, and that the September 11, 2001 attacks "would [not] have been possible without the support provided by participants and conspirators like [DMI S.A.]," see Opp. at 13; see also Opp. at 3 (relying upon conclusory allegations in asserting that "plaintiffs allege that DMI [S.A.] *conspired* with bin Laden and *knowingly* laundered money and provided financial services for al Qaeda"). Clearly, as the Court has repeatedly and unequivocally held, these conclusory allegations are inadequate to invoke jurisdiction or to state a claim.

Understanding (but not acknowledging) that such conclusory allegations are woefully inadequate, plaintiff's Opposition half-heartedly attempts to put forth "more specific allegations of causation." See Opp. at 12. Plaintiff's Opposition asserts that "that DMI [S.A.], acting with and through various of its subsidiaries, established and controlled Al Shamal Bank and that Al Shamal [supported al Qaeda in the Sudan]," see Opp. at 10-11, 13, and that "the funds raised and laundered with the assistance of DMI [S.A.] 'were used to, among other things, operate terrorist training camps in Sudan, Afghanistan and elsewhere,'" see Opp. at 13, 14. However, *no such allegations* appear among the actual allegations of the SAC.

For example, as to DMI S.A.'s putative support for terrorist training camps, plaintiff alleges only that al Qaeda members maintained accounts at the Sudanese banks Faisal Islamic Bank (Sudan) ("FIB-Sudan"), Tadamon Islamic Bank ("TIB"), and al Shamal Bank, see SAC ¶¶ 294, 308, 316 and SAC Exhibit 23, Ex. A at 11-13,[7] and that DMI S.A.'s ultimate parent has been an investor or associated with those Sudanese entities. See SAC Exhibit 23, Ex. A at 9, 12. Plaintiff has alleged *no facts whatsoever* indicating that DMI S.A. somehow knowingly supported terrorist training camps, in the Sudan or Afghanistan or anywhere else; no facts showing that DMI S.A. (or any of its affiliates) "established and controlled" al Shamal Bank in any way, directly or indirectly; no facts showing that DMI S.A. has ever engaged in any financial transactions of any sort having anything to do with terrorist camps; and indeed, no facts to suggest that DMI S.A. ever knowingly provided banking

---

[7] Exhibit 23 to the *NY Marine* plaintiff's SAC is simply a verbatim copy of the *Federal Insurance* plaintiffs' Amended RICO Statement as to DMI S.A. (Docket No. 949), filed on May 26, 2005.

services to anyone associated with al Qaeda.[8] See Init. Mem. at 12-15, 23-24. Thus, plaintiff's endeavor to reinvent its allegations, by its Opposition brief, into something other than what it has in fact pleaded, should be rejected out of hand.[9]

In sum, and as the Initial and Supplemental Memoranda profiled, the overwhelming majority of the *NY Marine* plaintiff's allegations regarding DMI S.A. are wholly conclusory. Even with its attempt to recast its allegations, plaintiff's Opposition simply does not remedy its failure to allege facts showing that DMI S.A. did anything more than provide routine banking services, and make innocuous charitable donations, that according to plaintiff's own allegations, neither provided support to al Qaeda nor could have been expected to do so. See Suppl. Mem. at 5-8; In re Sept. 11 Attacks I, 349 F. Supp. 2d at 801 ("[t]here must be some facts to support an inference that the defendant knowingly provided assistance or encouragement to the wrongdoer. . . . Here, there are no such factual bases presented, there are only conclusions."). Plaintiff also has entirely failed to allege facts sufficient to show that DMI S.A. caused its injuries by conspiracy or aiding-and-abetting. See Init. Mem. at 21-24. Thus, plaintiff neither has alleged concerted action nor proximate causation as to any of the pending claims. See, e.g., Dura Pharm., Inc. v. Broudo, -- U.S. --, 125 S.Ct. 1627, 1634 (2005) (dismissing for failure to elucidate plaintiff's theory of causation).

**C.    Plaintiff Does Not State A Claim Under Any Of Its Seven Causes Of Action.**

   **1.    Plaintiff Has Failed To Sufficiently Plead A Trespass Claim. (Count 1)**

Contrary to plaintiff's assertion, see Opp. at 20, DMI S.A. has never "argue[d] that it cannot be liable for Trespass [] because it did not directly carry out [the September 11, 2001 attacks]." DMI S.A. obviously did not directly carry out the attacks and even the assertions invented in plaintiff's Opposition do not attempt so to state. However, plaintiff proffers no factual allegations sufficient

---

[8] Plaintiff also has alleged no facts showing that DMI S.A. could be held liable for the supposed acts of the Sudanese banks. Plaintiff alleges at most that DMI S.A.'s ultimate parent is a "major investor" of Al Shamal, is "associated" with FIB-Sudan, and that FIB-Sudan is a shareholder of TIB. See SAC Exhibit 23, Exh. A at 9, 12. Such allegations wholly fail to plead facts sufficient to establish any of the predicates necessary to pierce the corporate veil and hold DMI S.A. liable for the alleged tortious acts of any putatively related entity. See Init. Mem. at 13 n.6; Suppl. Mem. at 7 & n.6.

[9] It is improper to attempt to amend a Complaint through an opposition brief. See Wright v. Ernst & Young, LLP, 152 F.3d 169, 178 (2d Cir. 1998); Jacobson v. Peat, Marwick, Mitchell & Co., 445 F. Supp. 518, 526 (S.D.N.Y. 1977) ("a party is not entitled to amend his pleading through statements in his brief").

to show that DMI S.A. gave "substantial assistance" to al Qaeda, had "actual knowledge" of the Attacks, intended any trespass, assisted in any "breach of duty," or allegations sufficient to plead proximate causation. See Wantanabe Realty Corp. v. City of N.Y., 2003 WL 22862646, at *4 (S.D.N.Y. Dec. 3, 2003) (setting forth pleading requirements for aiding and abetting trespass claim). Accordingly, plaintiff's trespass claim against DMI S.A. should be dismissed.

### 2. Plaintiff Concedes That Its Causes Of Action For Conspiracy, Aiding And Abetting, And Punitive Damages Are Not Independent Claims. (Counts 2, 4, & 7)

Plaintiff acknowledges that conspiracy, aiding and abetting, and punitive damages are not independent claims under New York law. See Opp. at 22. The fact that no such claims exist is not a technicality, however, and the Court therefore should dismiss such claims with prejudice, so as to avoid the inefficiency of a motion by plaintiff for voluntary withdrawal under Rule 41.

### 3. Plaintiff Has No Standing Under RICO And, Alternatively, Has Failed To Sufficiently Plead A RICO Claim. (Count 3)

The *NY Marine* plaintiff does not dispute that because it asserts RICO claims as a third-party subrogee of its insureds' injuries, see SAC ¶ 505, the RICO claims must be dismissed for lack of standing. See Init. Mem. at 18-19.

Furthermore, although plaintiff purports to assert a claim under Section 1962(a), plaintiff's Opposition effectively concedes that claim has no merit. As to its remaining RICO claims under Sections 1962(c) and (d), plaintiff's conclusory, boilerplate RICO allegations regarding DMI S.A. do not state *any* of the requisite elements of a civil RICO claim against DMI S.A., and those claims must be dismissed. See Init. Mem. at 20-21 (citing cases). In addition, although plaintiff admits that "a plaintiff asserting a civil claim under § 1962(c) must allege that the defendant participated in the operation or management of the enterprise," and that "[t]o sustain a claim under § 1962(d), the plaintiff must allege that the defendant was a 'central figure' in the underlying scheme," see Opp. at 16-17, plaintiff does not allege that DMI S.A. was a central figure in any endeavor at all or actively managed anything whatsoever, let alone directed the operation of the alleged al Qaeda RICO enterprise. See Init. Mem. at 20-21. Instead of defending the sufficiency of its conclusory RICO allegations regarding DMI S.A., plaintiff merely re-states its well-worn boilerplate allegations.

Compare Opp. 17-19 with In re Sept. 11 Attacks II, 392 F. Supp. 2d at 571-72; and Lesavoy v. Lane, 304 F. Supp. 2d 520, 532 (S.D.N.Y. 2004) ("RICO is a specialized statute requiring a particular configuration of elements. These elements . . . must be tightly particularized . . . . Parroting statutory language . . . is inadequate."). For all of these reasons, plaintiff's RICO claims must be dismissed.

### 4. Plaintiff Has Failed To Sufficiently Plead An ATA Claim. (Count 5)

Plaintiff's Opposition disregards the Court's holdings that (i) conclusory allegations, unsupported by allegations of fact, fail to state a claim, compare In re Sept. 11 Attacks I, 349 F. Supp. 2d at 833 with Opp. at 11-12, and (ii) the provision of routine banking services or charitable donations, without knowledge of any terrorist activities, cannot subject a defendant to liability. Compare id. at 835 with Opp. at 11-14. Instead, as set forth above, plaintiff chooses to rely on newly-fabricated assertions of 'fact' that are nowhere alleged in its SAC, such as the non-existent allegation that DMI S.A. provided funds or banking services to support "terrorist training camps in Sudan, Afghanistan and elsewhere." Cf. Opp. at 13. In short, plaintiff simply makes no allegation of fact showing that DMI S.A. engaged in any act of assistance to terrorists, much less that it did so knowingly or with a desire to see a terrorist plot succeed. See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 828 ("To adequately plead the provision of material support under [the ATA], a plaintiff would have to allege that the defendant knew about the terrorists' illegal activities, the defendant desired to help those activities succeed, and the defendant engaged in some act of helping those activities."). Clearly, here, "[p]laintiff[] do[es] not offer facts to support [its] conclusions that [DMI S.A.] had to know that [any recipients of donations or banking services] were supporting terrorism." See id. at 832-33. Thus, plaintiff has failed to state an ATA claim, and that claim must be dismissed.

### 5. Plaintiff Fails To Sufficiently Plead A Negligence Claim. (Count 6)

Plaintiff's "disagree[ment]" with the requirement that negligence claims require an allegation of an identifiable duty, see Opp. at 19 n.7, improperly seeks to litigate an issue already decided by the Court. Moreover, even if some duty could be alleged, plaintiff fails to allege that DMI S.A. breached any such duty or proximately caused its injuries. See Init. Mem. at 15-16, 24-25.

III

**PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE.**

Plaintiff's Opposition pays no heed whatsoever to both this Court's Opinions and Orders, dated January 18, 2005 and September 21, 2005, and the authority cited in DMI S.A.'s Initial and Supplemental Memoranda. Instead, in a final attempt to avoid dismissal, plaintiff floats assertions not borne out by its actual allegations. Yet, "[e]ven with the opportunity to clarify [its] claims" in several Complaints and RICO Statements, plaintiff's failure to state any of its claims against DMI S.A. remains as complete as one could imagine. See In re Sept. 11 Attacks I, 349 F. Supp. 2d at 832-33. There is no indication that plaintiff will in good faith be able to cure the numerous defects of its claims, as the record now makes abundantly clear. Dismissal of plaintiff's claims against DMI S.A., therefore, should ensue with prejudice. See id. at 835; Init. Mem. at 25 (citing cases).

**CONCLUSION**

For the foregoing reasons, defendant DMI S.A. respectfully requests that this Court dismiss all claims against it with prejudice and award such further relief as deemed just and proper.

Dated:  New York, New York         Respectfully submitted,
        February 3, 2006

                                   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                   By:_____/x/_____
                                       James J. McGuire (JM-5390)

                                       30 Rockefeller Plaza, 24th Floor
                                       New York, New York 10112
                                       (212) 332-3800

                                       *Attorneys for Defendant*
                                        *DMI Administrative Services S.A.*