in complete control of the investments although the ownership of the properties is vested in the partnership.

Imperial Plaza.

At the time this investment was made the U.S.A. did not tax capital gains arising from the ownership of land by non-U.S. residents and consequently since all the investors were Saudi nationals the investment was particularly attractive. (This position has now changed, please see heading "Taxation").

Since there were a number of individual investors a non-U.S. Company was formed in which the investors were the only Shareholders and the company then purchased as its only asset the Limited Partnership interest in the property.

It is intended that all future investments will also be made through a company which will be created specifically to participate in the particular property which has been selected and which allows the most tax efficient method of participating.

Woodgate West.

Exactly the same method of participation was adopted in the case of the investment except that by the time this investment was made, the U.S. law relating to the taxation of real estate had changed and consequently a U.S. Company was used instead of a non-U.S. Company as was the case in Imperial Plaza.

At the same time as this investment was made the ownership of Imperial Plaza was transferred to a U.S. Company because of the change in U.S. tax law and this matter is explained in the next heading.

3. Taxation

At the time the investment was made in Imperial Plaza the capital gains arising from the ownership of real estate by non-U.S. residents were not taxable. Accordingly the investment was made through a Company registered in the Netherlands Antilles.

At the time the second investment in Woodgate West was proposed the U.S. tax law had changed and there was no longer any benefit in using a non-U.S. Company to hold the Limited Partnership interest. Furthermore, the first investment, Imperial Plaza, had been yielding income each year far above the budgeted expectations and consequently would begin generating taxable income sooner than had been anticipated. Accordingly part of the investment in Woodgate West was geared to provide the ability to offset some of the taxable income from Imperial Plaza against the tax losses which would be generated by Woodgate West in the first years thereby making a tax saving for the investors.

In order to achieve this however, both properties had to be owned by U.S. companies. Since there was no longer any advantage for capital gains tax purposes in holding property through an off-shore entity it was decided to transfer the Limited Partnership interest in Imperial Plaza to a U.S. Company.

Consequently Sabin Inc., is a Delaware Company created to act as a holding company for Almeda Inc., and Bayou Inc., both of which are also Delaware companies and both of which were created to hold the Limited Partnership interests in Imperial Plaza and Woodgate West respectively. It is anticipated that future investments in U.S. real estate will be made through wholly owned subsidiaries of Sabin Inc.

Each of the companies shown in the diagram is described more fully in the following section.

# SECTION II

## Saudi Investors Inc.

### Description.

This company is duly registered under the laws of Panama. It has an authorised capital of US Dollars 50 million.

### Function.

The function of Saudi Investors Inc. is to act as a holding company for the companies already in existence and which may be formed in the future to make investments in real estate.

It is a convenient method of bringing together as shareholders in the company the various individuals who wish to invest in real estate.

### Directors:

The directors of the company are:-
   YESLAM M. BINLADIN
   SALEH M. BINLADIN
   MAITRE BAUDOUIN DUNAND

### Share holders:

The present holders of shares in the company are:-

Mohamed Binladin Family