# Exhibit C

# Clerk & Comptroller
## Palm Beach County

EXECUTIVE OFFICES. 301 North Olive Ave. West Palm Beach, FL 33401. (561) 355-2996

SHARON R. BOCK
Clerk & Comptroller
Palm Beach County

Home | New Search

## Search: REFLECTIONS PROP

Verified as of 01/29/2006

(Displaying 1-3 of 3 Records)   Page: 1 of 1

\* Designates From Party    Records In Color: Not Verified Record, Replaced Record, Correction Record    Click View to See
Document Details    Click on any Data Element to Filter

| Detail | Name | Cross Name | Date | Type | Book | Page | CFN | Legal |
|--------|------|-----------|------|------|------|------|-----|-------|
| View | REFLECTIONS PROP INC | SHAW DAVID M TR | 05/24/1988 | D | 5680 | 558 | 19880138513 | 21 43 43 POR |
| \* View | REFLECTIONS PROP INC | AETNA LIFE INS CO | 06/27/1988 | AGR | 5718 | 676 | 19880173509 | CLEAR LK PK L3 POR OL |
| \* View | REFLECTIONS PROP INC | DANIEL REALTY CO | 12/30/1988 | D | 5922 | 893 | 19880362683 | CLEAR LK L3 POR |

Copyright © 2006 by NewVision Systems Corporation. All rights reserved.

Gary R. Nikolits, C.F.A.   Property Appraiser's Public Access System
Property Appraiser   Palm Beach County
Home

## Property Information

Location Address: **450 S AUSTRALIAN AVE**

View Map

Municipality: **WEST PALM BEACH**

Parcel Control Number: **74-43-43-21-11-000-0031**

Subdivision: **CLEAR LAKE PARK AS IN**

Official Records Book: **17791**      Page: **662**      Sale Date: **Sep-2004**

Legal Description: **CLEAR LAKE PARK IRREG PAR IN LT 3 MEAS AS SLY 423.59 FT ALG W LI**

## Owner Information

Name: **FIRST STATES INVESTORS 3300 LLC**

All Owners

Mailing Address: **1725 THE FAIRWAY**

**JENKINTOWN PA 19046 1400**

## Sales Information

| Sales Date | Book/Page | Price | Sale Type | Owner |
|---|---|---|---|---|
| Sep-2004 | 17791/0662 | $6,832,346 | WARRANTY DEED | FIRST STATES INVESTORS 3300 LLC |
| Aug-1996 | 09394/0762 | $4,250,000 | WARRANTY DEED | FIRST FED SAV & LOAN ASSN OF |
| Aug-1994 | 08385/1044 | $6,500,000 | WARRANTY DEED | |

All Sales

## Exemptions

**Exemption Information Unavailable.**

## Appraisals

| Tax Year: | 2005 | 2004 | 2003 |
|---|---|---|---|
| Improvement Value: | $0 | $0 | $0 |
| Land Value: | $0 | $0 | $0 |
| Total Market Value: | $14,300,000 | $5,500,000 | $5,500,000 |

Tax Year **2005**

Number of Units: **0**

Acres: **5.1983**

Use Code: **1800**      Description: **OFFICE MULTISTORY**

## Assessed and Taxable Values

| Tax Year: | 2005 | 2004 | 2003 |
|---|---|---|---|
| Assessed Value: | $14,300,000 | $5,500,000 | $5,500,000 |
| Exemption Amount: | $0 | $0 | $0 |
| Taxable Value: | $14,300,000 | $5,500,000 | $5,500,000 |

Structure Detail

## Tax Values

| Tax Year: | 2005 | 2004 | 2003 |
|---|---|---|---|
| Ad Valorem: | $366,867 | $143,788 | $145,192 |
| Non Ad Valorem: | $5,104 | $5,104 | $5,104 |
| Total Tax: | $371,971 | $148,892 | $150,296 |

Tax Calculator

Details

Back to Search      Previous Page      Print

**NOTE: Lower the top and bottom margins to 0.25 on File->Page Setup menu option in the browser to print the detail on one page.**

Record Search | Information | Exemptions | Community | Employment | New Home Buyer | Office Locations
Value Adjustment Board | Save Our Homes | Senior Corner | Disclaimer
Home | Links | Glossary | FAQ | Forms | Contact Us | PAPA

© 2004 Palm Beach County Property Appraiser.

**Gary R. Nikolits, CFA** Property Appraiser's Public Access System
**Property Appraiser** Palm Beach County
Home

## Property Information

**Location Address:** CLEARWATER PARK RD

**Municipality:** WEST PALM BEACH

**Parcel Control Number:** 74-43-43-21-12-000-0150

**Subdivision:** CLEARWATER PARK AS IN

**Official Records Book:** 17791   **Page:** 662   **Sale Date:** Sep-2004

**Legal Description:** CLEARWATER PARK LT 15

[ View Map ]

## Owner Information

**Name:** FIRST STATES INVESTORS 3300 LLC

**Mailing Address:** 1725 THE FAIRWAY

JENKINTOWN PA 19046 1400

[ All Owners ]

## Sales Information

| Sales Date | Book/Page | Price | Sale Type | Owner |
|---|---|---|---|---|
| Sep-2004 | 17791/0662 | $3,304,644 | WARRANTY DEED | FIRST STATES INVESTORS 3300 LLC |
| Aug-1996 | 09394/0762 | $4,250,000 | WARRANTY DEED | FIRST FED SAV & LOAN ASSN OF |
| Aug-1994 | 08385/1044 | $6,500,000 | WARRANTY DEED | |

[ All Sales ]

## Exemptions

**Exemption Information Unavailable.**

## Appraisals

| Tax Year: | 2005 | 2004 | 2003 |
|---|---|---|---|
| Improvement Value: | $6,380 | $6,380 | $6,380 |
| Land Value: | $274,560 | $274,560 | $274,560 |
| Total Market Value: | $280,940 | $280,940 | $280,940 |

**Tax Year 2005**
**Number of Units:** 0
**\*Total Square Feet:** 0
**Acres:** 0.53

**Use Code:** 1700   **Description:** OFFICE ONE STORY

**\* in residential properties may indicate living area.**

## Assessed and Taxable Values

| Tax Year: | 2005 | 2004 | 2003 |
|---|---|---|---|
| Assessed Value: | $280,940 | $280,940 | $280,940 |
| Exemption Amount: | $0 | $0 | $0 |
| Taxable Value: | $280,940 | $280,940 | $280,940 |

[ Structure Detail ]

## Tax Values

| Tax Year: | 2005 | 2004 | 2003 |
|---|---|---|---|
| Ad Valorem: | $7,208 | $7,345 | $7,416 |
| Non Ad Valorem: | $0 | $0 | $0 |
| Total Tax: | $7,208 | $7,345 | $7,416 |

[ Tax Calculator ]

[ Details ]

[ Back to Search ]   [ Previous Page ]   [ Print ]

**NOTE: Lower the top and bottom margins to 0.25 on File->Page Setup menu option in the browser to print the detail on one page.**

Record Search | Information | Exemptions | Community | Employment | New Home Buyer | Office Locations
Value Adjustment Board | Save Our Homes | Senior Corner | Disclaimer
Home | Links | Glossary | FAQ | Forms | Contact Us | PAPA

© 2004 Palm Beach County Property Appraiser.

## All Sales

**Owner Name:** **FIRST STATES INVESTORS 3300 LLC**
**PCN Number:** **74-43-43-21-11-000-0031**

| Sales Date | Book/page | Price | Sale Type | Owner |
|---|---|---|---|---|
| Sep-2004 | 17791/0662 | $6,832,346 | WARRANTY DEED | **FIRST STATES INVESTORS 3300 LLC** |
| Aug-1996 | 09394/0762 | $4,250,000 | WARRANTY DEED | **FIRST FED SAV & LOAN ASSN OF** |
| Aug-1994 | 08385/1044 | $6,500,000 | WARRANTY DEED | |
| Dec-1991 | 07086/0137 | $100 | WARRANTY DEED | |
| Dec-1988 | 05922/0893 | $20,000,000 | WARRANTY DEED | |
| May-1988 | 05680/0558 | $20,000,000 | DEED OF TRUST | |
| Oct-1985 | 04679/0273 | $18,410,000 | WARRANTY DEED | |
| May-1983 | 03940/1893 | $6,300,000 | WARRANTY DEED | |
| May-1982 | 03720/0188 | $4,680,000 | WARRANTY DEED | |




Print    Close



   



# Document Detail

|  |  |
|---|---|
| **Type:** | D |
| **Date/Time:** | 12/30/1988  02:33:00 |
| **CFN:** | 19880362683 |
| **Book Type:** | O |
| **Book/Page:** | 5922/893 |
| **Pages:** | 6 |
| **Consideration:** | $20,000,000.00 |
| **Party 1:** | REFLECTIONS PROP INC |
| **Party 2:** | DANIEL REALTY CO |
| **Legal:** | CLEAR LK L3 POR |

Copyright © 2006 by
NewVision Systems Corporation. All rights reserved.

Name:

Address:

Property Appraisers Parcel Identification (Folio) Number(s):

DEC-30-1988 02:33pm 88-362683

ORB 5922 Pg 893

Con 20,000,000.00 Doc 110,000.00
JOHN B DUNKLE, CLERK - PB COUNTY, FL



### WARRANTY DEED

This DEED, dated this _22_ day of December, A.D. 1988, between REFLECTIONS PROPERTIES, INC., a Delaware corporation, hereinafter called the "Grantor", which term shall include when used herein, wherever the context so required or admits, its successor and assigns, and DANIEL REALTY COMPANY, A New York general partnership with a post office address of c/o Daniel Realty Corporation, Meadow Brook Corporate Park, 1200 Corporate Drive, Birmingham, Alabama 35242-0250, Attention: Stephen R. Monk, hereinafter called the "Grantee", which term shall include when used herein, wherever the context so required or admits, its successors and assigns.

WITNESSETH:  That for the sum of TEN DOLLARS ($10.00) and other good and valuable consideration, Grantor does hereby grant, bargain, sell, alien, remise, release, convey and confirm unto Grantee all that certain piece of property and tract of land situate in the county of Palm Beach and State of Florida, described as follows:

See Exhibit "A" attached hereto.

SUBJECT, HOWEVER, to that certain Mortgage dated March 3, 1988 for the benefit of Aetna Life Insurance Company, recorded in the Public Records of Palm Beach County, Florida, in Official Record Book 5597, at Page 60 (as well as all other security documents recorded or filed in connection therewith); all agreements, restrictions, reservations, covenants, conditions and easements set forth on the attached Exhibit "B"; all facts which would be shown by a current, accurate survey, applicable zoning laws, ordinances and regulations, and real estate taxes for the current year and subsequent years.

And the said Grantor does hereby covenant with the said Grantee that the said Grantor is lawfully seized of said land in fee simple; that the said Grantor has good right and lawful authority to sell and convey said land in fee simple; and that the said Grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever.

ORB 5922 Ps 894
2

IN WITNESS WHEREOF, the said Grantor has caused these presents to be executed the day and year aforesaid.

Signed, sealed and delivered
in the presence of:

REFLECTIONS PROPERTIES, INC.
a Delaware corporation

By: _____
Yeslam M. Binladin

Its: President

This Instrument Prepared By:
David M. Shaw, Esq.
Fleming, Haile & Shaw, P.A.
440 Royal Palm Way, Suite 203
Palm Beach, Florida 33480

Property Appraiser Parcel
Identification Number(s):

CITY OF GENEVA          )
CANTON OF GENEVA        )
SWITZERLAND             ) SS:
CONSULAR SERVICE OF     )
THE UNITED STATES OF AMERICA )

I HEREBY CERTIFY that on this day before me personally appeared YESLAM M. BINLADIN, as President of Reflections Properties, Inc., known to me to be the person who executed the foregoing deed, and, being duly sworn, he acknowledges before me that he executed the same for the purposes therein expressed.

WITNESS my hand and official seal this ___ day of December, 1988.

_____
Consular Officer
United States of America



ORB 5922 Pg 895

Form FS-55
(Revised Feb. 1949)

DEPARTMENT OF STATE
FOREIGN SERVICE OF THE UNITED STATES OF AMERICA

## Certificate of Acknowledgment of Execution of an Instrument

Confederation of Switzerland
(Country)

Geneva, Canton of Geneva
(County and/or other political division)
ss:

Consular Service of the
(County and/or other political division)

United States of America
(Name of foreign service office)

I, Jean Melvin ......................................... Consul

of the United States of America at ... Geneva, Switzerland ..........................

duly commissioned and qualified, do hereby certify that on this ... 22nd .........

day of ... December, 1988 ..........., before me personally appeared ..................
(Date)

---Yeslam M. Binladin--- .....................................

.................................................................................

to me personally known, and known to me to be the individual ... described in, whose

name ... is ... subscribed to, and who executed the annexed instrument, and being

informed by me of the contents of said instrument ... has ... duly acknowledged to me

that ... he ... executed the same freely and voluntarily for the uses and purposes

therein mentioned.

[SEAL]

In witness whereof I have hereunto set my hand and

official seal the day and year last above written.

Jean Melvin
American Consul ............ of the United States of America.

NOTE.—Wherever practicable all signatures to a document should be included in one certificate.

ORB  5922 Pg  896

## EXHIBIT "A"

LEGAL DESCRIPTION

### PHASE I

A parcel of land lying in Section 21,  Township 43 South, Range 43 East, being a part of Lot 3, PLAT OF CLEAR LAKE PARK, according to the Plat thereof, as recorded in Plat Book 30, pages 149 through 150, inclusive, Public Records of Palm Beach County, Florida, being more particularly described as follows:

Commencing at the most Northerly corner of said lot, South 18 degrees 54 minutes 34 seconds East, along the Easterly boundary line of said Lot 3, a distance of 517.40 feet to the point of beginning;

Thence, the following courses along the boundary line of said Lot 3, continue South 18 degrees 54 minutes 34 seconds East, a distance of 51.10 feet to the point of curvature of a curve concave Westerly having a radius of 1026.90 feet; thence Southerly along said curve through a central angle of 15 degrees 28 minutes 38 seconds a distance of 277.39 feet to the point of compound curvature of a curve concave Northwesterly having a radius of 25.00 feet; thence; Southwesterly along said curve through a central angle of 91 degrees 04 minutes 23 seconds, a distance of 39.74 feet to the point of tangency; thence South 87 degrees 38 minutes 27 seconds West, a distance of 419.36 feet to the point of curvature of a curve concave Northeasterly having a radius of 25.00 feet; thence Northwesterly along said curve through a central angle of 88 degrees 40 minutes 12 seconds, a distance of 38.69 feet to the point of reverse curvature of a curve concave Westerly having a radius of 2344.83 feet; thence Northerly along said curve through a central angle of 03 degrees 41 minutes 09 seconds a distance of 150.84 feet to the end of said curve; thence the following courses through said Lot 3, North 87 degrees 38 minutes 27 seconds East, a distance of 72.00 feet; thence North 54 degrees 42 minutes 49 seconds East, a distance of 161.62 feet; thence North 02 degrees 21 minutes 33 seconds West, a distance of 73.15 feet; thence North 87 degrees 38 minutes 27 seconds East, a distance of 173.61 feet; thence North 71 degrees 05 minutes 26 seconds East, a distance of 41.21 feet, to the point of beginning.

TOGETHER WITH Lot 15, Clearwater Park, according to the Plat thereof, as recorded in Plat Book 33, pages 120 through 121, Public Records of Palm Beach County, Florida.

RECORDER'S MEMO: Legibility of Writing, Typing or Printing unsatisfactory in this document when received.

ORB 5922 Ps 897



**PHASE II**

A parcel of land lying in Section 21, Township 43 South,
Range 43 East, being a part of Lot 3, PLAT OF CLEAR LAKE
PARK, according to the Plat hereof as recorded in Plat Book
30, pages 149 and 150, Public Records of Palm Beach County,
Florida, being more particularly described as follows:

Commencing at the most Northerly corner of said Lot; thence
South 18 degrees 54 minutes 34 seconds East, along the
Easterly boundary line of said Lot 3, a distance of 285.53
feet to the point of beginning; thence continue South 18
degrees of 54 minutes 34 seconds East, along said boundary
line, a distance of 231.87 feet; thence the following
courses through said Lot 3; thence South 71 degrees 05
minutes 26 seconds West a distance of 41.21 feet; thence
South 87 degrees 38 minutes 27 seconds West a distance of
173.61 feet; thence South 02 degrees 21 minutes 33 seconds
East, a distance of 73.15 feet; thence South 54 degrees 42
minutes 49 seconds West a distance of 161.62 feet; thence
South 87 degrees 38 minutes 27 seconds West, a distance of
72.00 feet; to a point on a curve concave Westerly having a
radius of 2344.83 feet and whose radius point bears South 82
degrees 37 minutes 31 seconds West; thence Northerly along
said curve and the Westerly line of said Lot 3 through a
central angle of 06 degrees 03 minutes 14 seconds a distance
of 247.75 feet to the end of said curve; thence the
following courses through said Lot 3; thence North 37
degrees 06 minutes 22 seconds East, a distance of 38.60
feet; thence North 87 degrees 38 minutes 27 seconds East, a
distance of 168.77 feet to the point of curvature of a curve
concave Southerly having a radius of 298.00 feet; thence
Easterly along said curve through a central angle of
05 degrees 50 minutes 12 seconds, a distance of 30.05 feet
to the end of said curve; thence North 02 degrees 21 minutes
33 seconds West a distance of 121.53 feet; thence North 87
degrees 38 minutes 27 seconds East, a distance of 166.06
feet to the point of beginning.



ORB  5922 Pg  898

EXHIBIT "B"

a.   THE LIEN OF THE GENERAL TAXES FOR THE YEAR 1989, WHICH BECOMES A
     LIEN AS OF JANUARY 1, 1989, BUT DO NOT BECOME DUE AND PAYABLE
     UNTIL NOVEMBER 1, 1989.

b.   RESTRICTIVE COVENANTS, CONDITIONS, STIPULATIONS, EASEMENTS,
     DEDICATIONS AND RESERVATIONS AS SET FORTH, SHOWN AND RECITED ON
     PLAT RECORDED IN PLAT BOOK 30, PAGE 149 OF THE PUBLIC RECORDS OF
     PALM BEACH, COUNTY, FLORIDA.

c.   RESTRICTIVE COVENANTS, CONDITIONS, STIPULATIONS, EASEMENTS,
     DEDICATIONS AND RESERVATIONS AS SET FORTH, SHOWN AND RECITED ON
     PLAT RECORDED IN PLAT BOOK 33, PAGE 120 OF THE PUBLIC RECORDS OF
     PALM BEACH, COUNTY, FLORIDA.

d.   RESTRICTIVE COVENANTS, CONDITIONS, STIPULATIONS, EASEMENTS AND
     RESERVATIONS AS SET FORTH IN THAT CERTAIN INSTRUMENT RECORDED IN
     OFFICIAL RECORDS BOOK 688, PAGE 89; OFFICIAL RECORDS BOOK 806,
     PAGE 238, AND IN OFFICIAL RECORDS BOOK 2239, PAGE 1329 OF THE
     PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

e.   RESTRICTIVE COVENANTS, CONDITIONS, STIPULATIONS, EASEMENTS AND
     RESERVATIONS AS SET FORTH IN THAT CERTAIN INSTRUMENT RECORDED IN
     OFFICIAL RECORDS BOOK 2253, PAGE 1011, AND MODIFIED IN OFFICIAL
     RECORDS BOOK 2745, PAGE 2745, PAGE 154; OFFICIAL RECORDS BOOK
     3407, PAGE 1456 AND IN OFFICIAL RECORDS BOOK 3407, PAGE 1467 OF
     THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

f.   RESTRICTIVE COVENANTS, CONDITIONS, STIPULATIONS, EASEMENTS AND RESERVATIONS AS SET
     FORTH IN THAT CERTAIN INSTRUMENT RECORDED IN OFFICIAL RECORDS BOOK 2774, PAGE 875
     OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

g.   EASEMENT(S) IN FAVOR OF FLORIDA, POWER & LIGHT COMPANY, RECORDED IN OFFICIAL
     RECORDS BOOK 2204, PAGE 1734, AND MODIFIED IN OFFICIAL RECORDS BOOK 3376, PAGE 539
     OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

RECORD VERIFIED
PALM BEACH COUNTY, FLA
JOHN B. DUNKLE
CLERK CIRCUIT COURT



   

# Document Detail

|  |  |
|---|---|
| **Type:** | AGR |
| **Date/Time:** | 6/27/1988  15:58:00 |
| **CFN:** | 19880173509 |
| **Book Type:** | O |
| **Book/Page:** | 5718/676 |
| **Pages:** | 7 |
| **Consideration:** | $0.00 |
| **Party 1:** | REFLECTIONS PROP INC<br>DANIEL REALTY CO |
| **Party 2:** | AETNA LIFE INS CO |
| **Legal:** | CLEAR LK PK L3 POR OL |

Copyright © 2006 by
NewVision Systems Corporation. All rights reserved.

Mote
*103276*   *WC 09*

JUN-27-1988 03:58pm 88-173509
ORB 5718 Pg 676

MORTGAGE ASSUMPTION AND MODIFICATION AGREEMENT

THIS AGREEMENT, entered into this the __13__ day of __May__, 1988, by and between AETNA LIFE INSURANCE COMPANY, a Connecticut corporation, hereinafter referred to as "Mortgagee", DANIEL REALTY COMPANY, a New York general partnership, hereinafter referred to as the "Maker", and REFLECTIONS PROPERTIES, INC., a Delaware corporation, hereinafter referred to as the "Purchaser".

W I T N E S S E T H:

WHEREAS, Maker executed a promissory note in favor of Mortgagee dated March 3, 1988 in the original principal amount of $12,500,000.00 (the "Note") which Note was secured by a mortgage executed by DAVID M. SHAW, as Trustee under that certain Trust Agreement Designated S-1 and dated September 4, 1985 (the "Mortgagor") of even date therewith in favor of Mortgagee, on the following described real property:

(SEE EXHIBIT "A" ATTACHED HERETO)

(the "Property") which mortgage was recorded March 8, 1988 in Official Records Book 5597, at Page 59 of the Public Records of Palm Beach County, Florida (the "Mortgage");

WHEREAS, Mortgagor transferred title to the Property to Purchaser by Trustees Deed dated __May 13__, 1988, recorded __May 24__, 1988 under Clerk's File No. 88-138513 of the Public Records of Palm Beach County, Florida; and

WHEREAS, Maker and Purchaser have jointly requested Mortgagee and Mortgagee agrees to the assumption of the indebtedness evidenced by the Note by the Purchaser; and

WHEREAS, the parties hereto are desirous of amending and modifying paragraphs 5.04 and 5.07 of the Mortgage in accordance with the terms of this Agreement.

NOW THEREFORE, in consideration of the premises and of the payment of TEN DOLLARS ($10.00) and other good and valuable consideration by each to the other in hand paid, the receipt

PREPARED BY AND RETURN TO:
Drake M. Batchelder, Esquire
HEINRICH, GORDON, BATCHELDER
HARGROVE, WEIHE & GENT
500 E. Broward Blvd., 10th Floor
Ft. Lauderdale, Florida  33301

ORB 5718 Pg 677

and sufficiency of which is hereby acknowledged, and in further consideration of the mutual covenants, conditions and agreements hereinafter set forth, the parties agree as follows:

1.     The recitals set forth above are true and correct.

2.     The principal balance of the Note secured by the Mortgage as of May 17, 1988, is $12,500,000.00.

3.     Mortgagee hereby consents to the assumption of said Note and Mortgage by Purchaser, it being expressly understood and agreed that, notwithstanding anything to the contrary, nothing contained herein shall serve to release the Maker from any and all liability under the Note.

4.     The Mortgage is hereby amended by:

      (a)   deleting paragraph 5.04 thereof in its entirety and substituting in its place the following:

            "5.04 <u>Transfers by Mortgagor</u>. An Event of
            Default shall exist upon the sale or
            transfer by Mortgagor of all or any part of
            its interest in the Premises or the
            execution of a land contract, respecting the
            Premises, or if the composition, form of
            business association or ownership of
            Mortgagor be changed without the prior
            written consent of Mortgagee. No
            dissolution of the corporate borrower shall
            be suffered or permitted without said prior
            written consent having been first obtained.
            Any transfer or transfer of the interest of
            the stockholders of the corporate borrower
            which would have the effect of transferring
            voting control thereof from controlling
            stockholders at the time of the execution of
            this document (except a transfer by reason
            of the death or incompetency of a
            stockholder) shall be deemed to be a
            prohibited transfer by the corporate
            borrower unless the written consent of the
            Mortgagee thereto is first obtained. For a
            change in ownership requiring the consent of
            Mortgagee, Mortgagee may require
            modification of all loan documents,
            including an increase in the interest rate,
            change in the maturity date of the Note and
            payment of a fee as a condition to approval
            of such change in ownership.
            Notwithstanding anything herein contained to
            the contrary and provided the transferee
            meets Mortgagee's customary credit and
            experience standards, Mortgagor may transfer
            or sell the Premises once during the term of
            the Note without any change in the terms of
            the Note or this Mortgage upon the payment
            of a fee equal to one percent (1%) of the

2

ORB 5718 Pg. 678

outstanding balance of the Note."

(b)  deleting paragraph 5.07 thereof in its entirety and substituting in its place the following:

"5.07  <u>Management of Mortgaged Property</u>. Throughout the term of this Mortgage, the management of the Mortgaged Property shall be satisfactory to and approved by Mortgagee. Mortgagee has consented to the management contract between Mortgagor and DANIEL REALTY CORPORATION, an Alabama corporation. Mortgagor shall not without the prior written consent of Mortgagee modify, amend or cancel such contract or enter into any other management agreement relating to the Mortgaged Property. If Mortgagor violates this covenant, then in such event, Mortgagee may, at is option, accelerate the indebtedness hereby secured and declare the entire amount of principal plus accrued interest thereon, plus the Prepayment Fee set forth in the Note secured hereby in the event of acceleration, to be due and payable at once without notice or demand. Any leasing commissions, management fees or management agreement affecting the Mortgaged Property shall be subordinate to the lien of this Mortgage.

5.  Purchaser, by execution hereof, hereby covenants, promises and agrees (a) to pay the Note at the times, in the manner and in all respects as therein provided; (b) to perform each and all of the covenants, agreements and obligations in the Mortgage to be performed by the Mortgagor therein, at the time and in the manner and in all respects as provided therein and as modified hereby; and (c) to perform each and all of the covenants, agreements and obligations in the Tenant Improvement Escrow Agreement to be performed by the Mortgagor therein, at the time and in the manner and in all respects as provided therein (it being agreed that Mortgagee shall cause the Escrow Agent under such Tenant Improvement Escrow Agreement to pay the then Mortgagor any amounts held by Escrow Agent at the time the Note is paid in full); and (d) to perform each and all of the covenants, agreements and obligations in the Rental Achievement Escrow Agreement to be performed by the Mortgagor therein, at the time and in the manner and in all respects as provided

3

ORB **5718** Pg 679

therein (it being agreed that Mortgagee shall cause the Escrow Agent under such Rental Achievement Escrow Agreement to pay the then Mortgagor any amounts held by Escrow Agent at the time the Note is paid in full); and (e) to be bound by each and all of the terms of the Note and the Mortgage as though the Note and Mortgage had originally been made, executed and delivered by Purchaser as modified hereby.

6. That all of the Property shall remain in all respects subject to the lien, charge or encumbrance of the Mortgage, and nothing herein contained, and nothing done pursuant hereto, shall affect or be construed to affect the lien, charge or encumbrance of any warranty of title in, or conveyance affected by said Mortgage, or the priority thereof over other liens, charges, encumbrances or conveyances, or, except as expressly provided herein, to release or affect the liability of any party or parties whomsoever who may now or hereafter be liable under or on account of said Note and Mortgage; nor shall anything herein contained or done in pursuance hereof affect or be construed to affect any other security or instrument, if any, held by Mortgagee as security for or evidence of the indebtedness evidenced by the Note.

7. It is further understood and agreed by and between the parties that, except as modified hereby, all of the terms, covenants, agreements and provisions of the Note and Mortgage shall remain unaltered and in full force and effect and shall inure to the benefit of the parties hereto, their respective heirs, successors and assigns (subject to any limitation of sale or transfer of the Property encumbered by the Mortgage) and anyone claiming by, through and under any of them, and that the Purchaser will perform and observe all of the provisions contained in the Note, the Mortgage and this Agreement on its part to be performed.

IN WITNESS WHEREOF, the parties have hereunto affixed their hands and seals as of the day and year above written.

4

ORB  5718 Pg  680

PROPER DOCUMENTARY STAMPS AND INTANGIBLE TAX HAVE BEEN PAID FOR
AND AFFIXED TO THE MORTGAGE AT THE TIME OF ITS RECORDING.

SIGNED, SEALED AND DELIVERED          MORTGAGEE:
IN THE PRESENCE OF:                    AETNA LIFE INSURANCE COMPANY,
                                       a Connecticut corporation

                                       By:
                                              VICE PRESIDENT

                                       (CORPORATE SEAL)

                                       MAKER:
                                       DANIEL REALTY COMPANY, a New
                                       York general partnership

                                       By:  Daniel Equity Partners,
                                            L.P., a Virginia limited
                                            partnership, Managing
                                            Partner

                                       By:  Daniel Equity
                                            Corporation I, a Virginia
                                            corporation, Managing
                                            General Partner

                                       By:
                                            ALLAN D. WORTHINGTON, Stephen R. Nock
                                            Senior Vice President

                                       (CORPORATE SEAL)

                                       PURCHASER:
                                       REFLECTIONS PROPERTIES, INC.,
                                       a Delaware corporation,

                                       By:

                                       (CORPORATE SEAL)

STATE OF CONNECTICUT
COUNTY OF

     I HEREBY CERTIFY that on this day before me, an officer
duly authorized in the state aforesaid and in the county
aforesaid   to   take   acknowledgements,   personally
appeared James Richmond, Jr., as  VICE PRESIDENT  of
AETNA LIFE INSURANCE COMPANY, a Connecticut corporation,
described in and who executed the foregoing instrument, and he

5

ORB 5718 Pg 681

acknowledged before me that he executed the same as such officer in the name and on behalf of said corporation.

WITNESS my hand and official seal in the county and state last aforesaid, this 26th day of May , 1988.

Patricia J. Gebhardt
Notary Public

My Commission Expires:
PATRICIA J. GEBHARDT
NOTARY PUBLIC
MY COMMISSION EXPIRES MARCH 31, 1991

STATE OF ALABAMA )
                 )
COUNTY OF SHELBY )

I HEREBY CERTIFY that on this day before me, an officer duly authorized in the state aforesaid and in the county aforesaid to take acknowledgments, personally appeared ~~ALLAN D.~~ STEPHEN R. Monk ~~WORTHINGTON~~, as Senior Vice President of Daniel Equity Corporation, a Virginia corporation, Managing General Partner of Daniel Equity Partners, L.P., a Virginia limited partnership, Managing Partner Partner of DANIEL REALTY COMPANY, a New York general partnership, described in and who executed the foregoing instrument, and he acknowledged before me that he executed the same for the purposes and uses therein expressed.

WITNESS my hand and official seal in the county and state last aforesaid, this 17th of May , 1988.

Shula D. Ellis
Notary Public

My Commission Expires:
My Commission Expires February 5, 1990

STATE OF ALABAMA
COUNTY OF SHELBY

I HEREBY CERTIFY that on this day before me, an officer duly authorized in the state aforesaid and in the county aforesaid to take acknowledgements, personally appeared Kjell Carlsson as Vice President of REFLECTIONS PROPERTIES, INC., a Delaware corporation, described in and who executed the foregoing instrument, and he acknowledged before me that he executed the same as such officer in the name and on behalf of said corporation.

WITNESS my hand and official seal in the county and state last aforesaid, this 17th day of May , 1988.

Shula D. Ellis
Notary Public

My Commission Expires:
My Commission Expires February 5, 1990

2106z
05/16/88 (9)

6

EXHIBIT "A"

LEGAL DESCRIPTION

ORB 5718 Pg 682

PHASE I:

A parcel of land lying in Section 21, Township 43 South, Range 43 East, being a part of Lot 3, PLAT OF CLEAR LAKE PARK, according to the Plat thereof, as recorded in Plat Book 30, pages 149 through 150, inclusive, Public Records of Palm Beach County, Florida, being more particularly described as follows:

Commencing at the most Northerly corner of said lot, South 18 degrees 54 minutes 34 seconds East, along the Easterly boundary line of said Lot 3, a distance of 517.40 feet to the point of beginning:

Thence, the following courses along the boundary line of said Lot 3, continue South 18 degrees 54 minutes 34 seconds East, a distance of 51.10 feet to the point of curvature of a curve concave Westerly having a radius of 1026.90 feet; thence Southerly along said curve through a central angle of 15 degrees 28 minutes 38 seconds a distance of 277.39 feet to the point of compound curvature of a curve concave Northwesterly having a radius of 25.00 feet; thence; Southwesterly along said curve through a central angle of 91 degrees 04 minutes 23 seconds, a distance of 39.74 feet to the point of tangency; thence South 87 degrees 38 minutes 27 seconds West, a distance of 419.36 feet to the point of curvature of a curve concave Northeasterly having a radius of 25.00 feet; thence Northwesterly along said curve through a central angle of 88 degrees 40 minutes 12 seconds, a distance of 38.69 feet to the point of reverse curvature of a curve concave Westerly having a radius of 2344.83 feet; thence Northerly along said curve through a central angle of 03 degrees 41 minutes 09 seconds a distance of 150.84 feet to the end of said curve; thence the following courses through said Lot 3, North 87 degrees 38 minutes 27 seconds East, a distance of 72.00 feet; thence North 54 degrees 42 minutes 49 seconds East, a distance of 161.62 feet; thence North 02 degrees 21 minutes 33 seconds West, a distance of 73.15 feet; thence North 87 degrees 38 minutes 27 seconds East, a distance of 173.61 feet; thence North 71 degrees 05 minutes 26 seconds East, a distance of 41.21 feet to the point of beginning.

TOGETHER WITH Lot 15, Clearwater Park, according to the Plat thereof, as recorded in Plat Book 33, pages 120 through 121, Public Records of Palm Beach County, Florida.

PHASE II:

A parcel of land lying in Section 21, Township 43 South, Range 43 East, being a part of Lot 3, PLAT OF CLEAR LAKE PARK, according to the Plat thereof as recorded in Plat Book 30, pages 149 and 150, Public Records of Palm Beach County, Florida, being more particularly described as follows:

Commencing at the most Northerly corner of said Lot; thence South 18 degrees 54 minutes 34 seconds East, along the Easterly boundary line of said Lot 3, a distance of 285.53 feet to the point of beginning; thence continue South 18 degrees 54 minutes 34 seconds East, along said boundary line, a distance of 231.87 feet; thence the following courses through said Lot 3; thence South 71 degrees 05 minutes 26 seconds West a distance of 41.21 feet; thence South 87 degrees 38 minutes 27 seconds West a distance of 173.61 feet; thence South 02 degrees 21 minutes 33 seconds East, a distance of 73.15 feet; thence South 54 degrees 42 minutes 49 seconds West, a distance of 161.62 feet; thence South 87 degrees 38 minutes 27 seconds West, a distance of 72.00 feet; to a point on a curve concave Westerly having a radius of 2344.83 feet and whose radius point bears South 82 degrees 37 minutes 31 seconds West; thence Northerly along said curve and the Westerly line of said Lot 3 through a central angle of 06 degrees 03 minutes 14 seconds a distance of 247.75 feet to the end of said curve; thence the following courses through said Lot 3; thence North 87 degrees 38 minutes 22 seconds East, a distance of 38.60 feet; thence North 87 degrees 38 minutes 27 seconds East, a distance of 168.77 feet to the point of curvature of a curve concave Southerly having a radius of 295.00 feet; thence Easterly along said curve through a central angle of 05 degrees 50 minutes 12 seconds, a distance of 30.05 feet to the end of said curve; thence North 02 degrees 21 minutes 33 seconds West a distance of 121.53 feet; thence North 87 degrees 38 minutes 27 seconds East, a distance of 168.06 feet to the point of beginning.

RECORD VERIFIED
PALM BEACH COUNTY, FLA
JOHN B. DUNKLE
CLERK CIRCUIT COURT

RECORDER'S MEMO: Legibility of Writing, Typing or Printing unsatisfactory in this document when received.



   



# Document Detail

|  |  |
|---|---|
| **Type:** | D |
| **Date/Time:** | 5/24/1988  15:37:00 |
| **CFN:** | 19880138513 |
| **Book Type:** | O |
| **Book/Page:** | 5680/558 |
| **Pages:** | 3 |
| **Consideration:** | $20,000,000.00 |
| **Party 1:** | SHAW DAVID M TR |
| **Party 2:** | REFLECTIONS PROP INC |
| **Legal:** | 21 43 43 POR |

Copyright © 2006 by
NewVision Systems Corporation. All rights reserved.

*103 276*
*wc/09*

MAY-24-1988 03:37pm 88-138513

#09

## TRUSTEE'S DEED

ORB 5680 Pg 558

THIS DEED, dated this 13 day of May, A.D. 1988, between DAVID M. SHAW, as Trustee under unrecorded Land Trust Agreement S-1 dated September 4, 1985, with full power to act and convey under Section 689.071, Florida Statutes, hereinafter called the Grantor, which term shall include when used herein, wherever the context so required or admits, his successors and assigns, and REFLECTIONS PROPERTIES, INC., a Delaware corporation, with a post office address of c/o Daniel Realty Corporation, Meadow Brook Corporate Park, 1200 Corporate Drive, Birmingham, Alabama 35242-0250 Attention Eric B. Muncy , hereinafter called the Grantee, which term shall include when used herein, wherever the context so requires or admits, their successors and assigns. WITNESSETH: That for the sum of TEN DOLLARS ($10.00) and other good and valuable consideration, Grantor does hereby grant, bargain, sell, alien, remise, release, convey and confirm unto Grantee all that certain piece of property and tract of land situate in the County of Palm Beach and State of Florida, described as follows:

See Exhibit "A" hereto

SUBJECT HOWEVER, to that certain Mortgage dated March 3, 1988 for the benefit of Aetna Life Insurance Company, recorded in the Public Records of Palm Beach County, Florida, in Official Record Book 5597 at Page 60, (as well as all other security documents recorded or filed in connection therewith) which Grantee assumes; all agreements, restrictions, reservations, covenants, conditions and easements of record; all facts which would be shown by a current, accurate survey; applicable zoning laws, ordinances and regulations; and real estate taxes for the current year and subsequent years.

And the said Grantor does hereby specially warrant the title to said land, and will defend the same against the lawful claims of all persons claiming by, through or under Grantor, but against no other.

IN WITNESS WHEREOF, the said Grantor has caused these presents to be executed the day and year aforesaid.

Signed, sealed and delivered
in the presence of:

88-138513
Con 20,000,000.00 Doc 110,000.00
JOHN B DUNKLE, CLERK - PB COUNTY, FL

By: _David M. Shaw_
David M. Shaw, as Trustee
under unrecorded Land
Trust Agreement S-1
dated September 4, 1985,
with full power to act
and convey under Section
689.071, Florida Statutes

This Instrument Prepared By:
David M. Shaw, Esq.
Fleming, Haile & Shaw, P.A.
440 Royal Palm Way, Suite 203
Palm Beach, Florida 33480

ORB 5680 Pg 559

STATE OF FLORIDA               :

COUNTY OF BROWARD              :

   I  HEREBY CERTIFY that on  this day before me, a Notary Public in and  for the  State and  County  aforesaid, personally appeared DAVID M. SHAW,  as Trustee under  unrecorded Land Trust Agreement S-1 dated September 4, 1985, with full power to act and convey under Section 689.071, Florida Statutes, well known  to me to be the person who  executed the foregoing Trustee's  Deed, and she  acknowledged before  me that  he executed the same for  the purposes therein expressed.

   WITNESS  my hand  and official  seal this  13th day of _____, 1988.

                                   _____
                                   Notary Public
                                   State of Florida

My Commission Expires: 9/6/88

Not a certified copy

ORB  5680 Pg  560

ORB  5597 Pg  84

### EXHIBIT "A"

#### LEGAL DESCRIPTION

**PHASE I:**

A parcel of land lying in Section 21, Township 43 South, Range 43 East, being
a part of Lot 3, PLAT OF CLEAR LAKE PARK, according to the Plat thereof, as
recorded in Plat Book 30, pages 149 through 150, inclusive, Public Records of
Palm Beach County, Florida, being more particularly described as follows:

Commencing at the most Northerly corner of said lot, South 18 degrees 54
minutes 34 seconds East, along the Easterly boundary line of said Lot 3, a
distance of 517.40 feet to the point of beginning;

Thence, the following courses along the boundary line of said Lot 3, continue
South 18 degrees 54 minutes 34 seconds East, a distance of 51.10 feet to the
point of curvature of a curve concave Westerly having a radius of 1026.90
feet; thence Southerly along said curve through a central angle of 15 degrees
28 minutes 38 seconds a distance of 277.39 feet to the point of compound
curvature of a curve concave Northwesterly having a radius of 25.00 feet;
thence; Southwesterly along said curve through a central angle of 91 degrees
04 minutes 23 seconds, a distance of 39.74 feet to the point of tangency;
thence South 87 degrees 38 minutes 27 seconds West, a distance of 419.36 feet
to the point of curvature of a curve concave Northeasterly having a radius of
25.00 feet; thence Northwesterly along said curve through a central angle of
88 degrees 40 minutes 12 seconds, a distance of 38.69 feet to the point of
reverse curvature of a curve concave Westerly having a radius of 2344.83 feet;
thence Northerly along said curve through a central angle of 03 degrees 41
minutes 09 seconds a distance of 150.84 feet to the end of said curve; thence
the following courses through said Lot 3, North 87 degrees 38 minutes 27
seconds East, a distance of 72.00 feet; thence North 54 degrees 42 minutes 49
seconds East, a distance of 161.62 feet; thence North 02 degrees 21 minutes 33
seconds West, a distance of 73.15 feet; thence North 87 degrees 38 minutes 27
seconds East, a distance of 173.61 feet; thence North 71 degrees 05 minutes 26
seconds East, a distance of 41.21 feet to the point of beginning.

TOGETHER WITH Lot 15, Clearwater Park, according to the Plat thereof, as
recorded in Plat Book 33, pages 120 through 121, Public Records of Palm Beach
County, Florida.

**PHASE II:**

A parcel of land lying in Section 21, Township 43 South, Range 43 East, being
a part of Lot 3, PLAT OF CLEAR LAKE PARK, according to the Plat thereof as
recorded in Plat Book 30, pages 149 and 150, Public Records of Palm Beach
County, Florida, being more particularly described as follows:

Commencing at the most Northerly corner of said Lot; thence South 18 degrees
54 minutes 34 seconds East, along the Easterly boundary line of said Lot 3, a
distance of 285.53 feet to the point of beginning; thence continue South 18
degrees 54 minutes 34 seconds East, along said boundary line, a distance of
231.87 feet; thence the following courses through said Lot 3, thence South 71
degrees 05 minutes 26 seconds West a distance of 41.21 feet; thence South 87
degrees 38 minutes 27 seconds West a distance of 173.61 feet; thence South 02
degrees 21 minutes 33 seconds East, a distance of 73.15 feet; thence South 54
degrees 42 minutes 49 seconds West, a distance of 161.62 feet; thence South 87
degrees 38 minutes 27 seconds West, a distance of 72.00 feet; to a point on a
curve concave Westerly having a radius of 2344.83 feet and whose radius point
bears South 82 degrees 37 minutes 31 seconds West; thence Northerly along said
curve and the Westerly line of said Lot 3 through a central angle of 06
degrees 03 minutes 14 seconds a distance of 247.75 feet to the end of said
curve; thence the following courses through said Lot 3; thence North 37
degrees 06 minutes 22 seconds East, a distance of 38.60 feet; thence North 87
degrees 38 minutes 27 seconds East, a distance of 168.77 feet to the point of
curvature of a curve concave Southerly having a radius of 295.00 feet; thence
Easterly along said curve through a central angle of 05 degrees 50 minutes 12
seconds, a distance of 30.05 feet to the end of said curve; thence North 02
degrees 21 minutes 33 seconds West a distance of 121.53 feet; thence North 87
degrees 38 minutes 27 seconds East, a distance of 166.06 feet to the point of
beginning.

RECORDER'S MEMO: Legibility
of Writing, Typing or Printing
unsatisfactory in this document
when received.

RECORD VERIFIED
PALM BEACH COUNTY, FLA.
JOHN B. DUNKLE
CLERK CIRCUIT COURT

RECORD VERIFIED
PALM BEACH COUNTY, FLA.
JOHN B. DUNKLE
CLERK CIRCUIT COURT