# Exhibit F



PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "KNUTSTORP, INC." AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF INCORPORATION, FILED THE EIGHTH DAY OF AUGUST, A.D. 1986, AT 12 O'CLOCK P.M.

CERTIFICATE OF AGREEMENT OF MERGER, FILED THE TWELFTH DAY OF FEBRUARY, A.D. 1997, AT 9 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID CORPORATION.

*Harriet Smith Windsor*

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 4297502

DATE: 11-15-05

2098426  8100H

050930111

736220009

20984-26

# FILED

AUG 8 1988

12 Noon

CERTIFICATE OF INCORPORATION
OF
Knutstorp, Inc.

## ARTICLE I
### NAME

Section 1.01.  The name of the corporation is  Knutstorp, Inc. _____ (hereinafter referred to as the "Corporation").

## ARTICLE II
### REGISTERED OFFICE AND REGISTERED AGENT

Section 2.01.  The address of the Corporation's registered office in the State of Delaware is 1209 Orange Street, in the City of Wilmington, County of New Castle.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

## ARTICLE III
### PURPOSE

Section 3.01.  The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

## ARTICLE IV
### STOCK

Section 4.01.  The Corporation shall be authorized to issue only one (1) class of stock, to wit: Common Stock.  The total number of shares of Common Stock which the corporation shall have authority to issue is One Thousand (1,000), and the par value of each of such shares is One Dollar ($1.00) amounting in the aggregate to One Thousand Dollars ($1,000.00).

## ARTICLE V
### BOOKS AND RECORDS

Section 5.01.  The books and records of the Corporation shall be kept at the principal place of business of the Corporation, whether or not in the State of Delaware, or at such other place or places, whether or not in the State of Delaware, as may be designated from time to time by the Board of Directors.

## ARTICLE VI
### INCORPORATOR

Section 6.01. Name and Address. The name and mailing address of the incorporator is as follows:

| NAME | MAILING ADDRESS |
|---|---|
| Carolyn R. Conte | 2300 M Street, N.W. Washington, DC  20037 |

## ARTICLE VII
### AUTHORITY OF BOARD OF DIRECTORS

Section 7.01. In furtherance and not in limitation of the powers conferred by statute, the Board of Directors is expressly authorized to:

(a) make, adopt, alter, amend or repeal the By-laws of the Corporation, and

(b) adopt from time to time By-law provisions with respect to indemnification of directors, officers, employees, agents and other persons as it shall deem expedient and in the best interests of the Corporation and to the extent permitted by law.

## ARTICLE VIII
### ELECTIONS OF DIRECTORS

Section 8.01. Elections of directors need not be by written ballot unless the By-laws of the Corporation shall so provide.

## ARTICLE IX
### COMPROMISE AND ARRANGEMENT

Section 9.01. Whenever a compromise or arrangement is proposed between this Corporation and its creditors or any class of them and/or between this Corporation and its stockholders or any class of them, any court of equitable jurisdiction within the State of Delaware may, on the application in a summary way of this Corporation or of any creditor or stockholder thereof or on the application of any receiver or receivers appointed for this Corporation under the provisions of Section 291 of Title 8 of the Delaware Code or on the application of trustees in dissolution or of any receiver or receivers appointed for this Corporation under the provisions of Section 279 of Title 8 of the Delaware Code order a meeting of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this Corporation, as the case may be, to be summoned in such manner as the said court

-2-

directs.  If a majority in number representing three-fourths in value of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this Corporation, as the case may be, agree to any compromise or arrangement and to any reorganization of this Corporation as consequence of such compromise or arrangement, the said compromise or arrangement and the said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the stockholders, or class of stockholders, of this Corporation, as the case may be, and also on this Corporation.

   I, THE UNDERSIGNED, being the incorporator hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Delaware, do make this certificate, hereby declaring and certifying that this is my act and deed and the facts herein stated are true, and accordingly have hereunto set my hand this __8th__ day of __August__, 19_86_.

*Carolyn R. Conte*

Carolyn R. Conte, Incorporator

-3-



**PAGE 1**

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT
COPIES OF ALL DOCUMENTS ON FILE OF "KINNEKULLE, INC." AS
RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF INCORPORATION, FILED THE EIGHTH DAY OF
AUGUST, A.D. 1986, AT 12 O'CLOCK P.M.

CERTIFICATE OF AGREEMENT OF MERGER, FILED THE TWELFTH DAY OF
FEBRUARY, A.D. 1997, AT 9 O'CLOCK A.M.

CERTIFICATE OF MERGER, FILED THE SIXTEENTH DAY OF DECEMBER,
A.D. 1998, AT 12 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF
THE AFORESAID CERTIFICATE OF MERGER IS THE TWENTY-SECOND DAY OF
DECEMBER, A.D. 1998.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID
CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE
AFORESAID CORPORATION.

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

**AUTHENTICATION:** *4298552*

2098425  8100H

050931377

**DATE:** *11-15-05*

20984-25

AUG 8 1988
12 Noon

## CERTIFICATE OF INCORPORATION
### OF
Kinnekulle, Inc.

### ARTICLE I
### NAME

Section 1.01.  The name of the corporation is Kinnekulle, Inc. _____ (hereinafter referred to as the "Corporation").

### ARTICLE II
### REGISTERED OFFICE AND REGISTERED AGENT

Section 2.01.  The address of the Corporation's registered office in the State of Delaware is 1209 Orange Street, in the City of Wilmington, County of New Castle.  The name of the Corporation's registered agent at such address is The Corporation Trust Company.

### ARTICLE III
### PURPOSE

Section 3.01.   The purpose of the Corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

### ARTICLE IV
### STOCK

Section 4.01.  The Corporation shall be authorized to issue only one (1) class of stock, to wit: Common Stock.  The total number of shares of Common Stock which the corporation shall have authority to issue is One Thousand (1,000), and the par value of each of such shares is One Dollar ($1.00) amounting in the aggregate to One Thousand Dollars ($1,000.00).

### ARTICLE V
### BOOKS AND RECORDS

Section 5.01.  The books and records of the Corporation shall be kept at the principal place of business of the Corporation, whether or not in the State of Delaware, or at such other place or places, whether or not in the State of Delaware, as may be designated from time to time by the Board of Directors.

## ARTICLE VI
## INCORPORATOR

Section 6.01. <u>Name and Address</u>. The name and mailing address of the incorporator is as follows:

NAME               MAILING ADDRESS

Carolyn R. Conte           2300 M Street, N.W.
                              Washington, DC  20037

## ARTICLE VII
## AUTHORITY OF BOARD OF DIRECTORS

Section 7.01. In furtherance and not in limitation of the powers conferred by statute, the Board of Directors is expressly authorized to:

         (a)    make, adopt, alter, amend or repeal the By-laws of the Corporation, and

         (b)    adopt from time to time By-law provisions with respect to indemnification of directors, officers, employees, agents and other persons as it shall deem expedient and in the best interests of the Corporation and to the extent permitted by law.

## ARTICLE VIII
## ELECTIONS OF DIRECTORS

Section 8.01. Elections of directors need not be by written ballot unless the By-laws of the Corporation shall so provide.

## ARTICLE IX
## COMPROMISE AND ARRANGEMENT

Section 9.01. Whenever a compromise or arrangement is proposed between this Corporation and its creditors or any class of them and/or between this Corporation and its stockholders or any class of them, any court of equitable jurisdiction within the State of Delaware may, on the application in a summary way of this Corporation or of any creditor or stockholder thereof or on the application of any receiver or receivers appointed for this Corporation under the provisions of Section 291 of Title 8 of the Delaware Code or on the application of trustees in dissolution or of any receiver or receivers appointed for this Corporation under the provisions of Section 279 of Title 8 of the Delaware Code order a meeting of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this Corporation, as the case may be, to be summoned in such manner as the said court

-2-

directs.  If a majority in number representing three-fourths in value of the creditors or class of creditors, and/or of the stockholders or class of stockholders of this Corporation, as the case may be, agree to any compromise or arrangement and to any reorganization of this Corporation as consequence of such compromise or arrangement, the said compromise or arrangement and the said reorganization shall, if sanctioned by the court to which the said application has been made, be binding on all the creditors or class of creditors, and/or on all the stockholders, or class of stockholders, of this Corporation, as the case may be, and also on this Corporation.

I, THE UNDERSIGNED, being the incorporator hereinbefore named, for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Delaware, do make this certificate, hereby declaring and certifying that this is my act and deed and the facts herein stated are true, and accordingly have hereunto set my hand this 8th day of August, 1986.

Carolyn R. Conte

Carolyn R. Conte, Incorporator

-3-

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 02/12/1997
971047499 - 2098425

## ARTICLES OF MERGER

## ARTICLES OF MERGER OF KNUTSTORP, INC. WITH AND INTO KINNEKULLE, INC.

The undersigned domestic corporations do hereby execute the following Articles of Merger pursuant to Section 251 of the General Corporation Law of the State of Delaware for the purpose of merging Knutstorp, Inc., a Delaware corporation, with and into Kinnekulle, Inc., a Delaware corporation.

1.  The name of each of the undersigned corporations and the state in which each is incorporated are as follows:

| Name of Corporation | State of Incorporation |
| --- | --- |
| Kinnekulle, Inc. | Delaware |
| Knutstorp, Inc. | Delaware |

2.  The name which the Surviving Corporation is to have after the merger will be "KINNEKULLE, INC."

3.  This merger is permitted under the laws of the State of Delaware. Knutstorp, Inc. and Kinnekulle, Inc., have complied with the applicable provisions of the laws of the state of Delaware.

4.  The AGREEMENT AND PLAN OF MERGER of Knutstorp, Inc. and Kinnekulle, Inc., (the "Agreement and Plan of Merger") is set forth in Exhibit I, attached hereto and incorporated herein by reference.

5.  The Board of Directors of Kinnekulle, Inc., the Surviving Corporation in the merger, approved and adopted the AGREEMENT AND PLAN OF MERGER by written consent on December 31, 1996, and directed that such document be submitted to a vote of its shareholder. The Board of Directors of Knutstorp, Inc., approved and adopted the AGREEMENT AND PLAN OF MERGER by written consent on December 31, 1996, and directed that such document be submitted to a vote of its shareholders. The shareholders of Kinnekulle, Inc. and Knutstorp, Inc., respectively, duly approved and adopted the AGREEMENT AND PLAN OF MERGER by written consent on December 31, 1996, in the manner prescribed by law.

1

6.     The number of shares outstanding and the number of shares of each corporation entitled to vote on the AGREEMENT AND PLAN OF MERGER were as follows:

| Name of Corporation | Number of Shares Outstanding | Number of Shares Entitled to Vote |
|---|---|---|
| KINNEKULLE, INC. | 1000 | 1000 |
| KNUTSTORP, INC. | 1000 | 1000 |

There were no shares of Kinnekulle, Inc. or Knutstorp, Inc. entitled to vote as a class.

7.     The number of shares voted for and against the approval and adoption of the AGREEMENT AND PLAN OF MERGER were as follows:

| Name of Corporation | Total Shares Voted For | Total Shares Voted Against |
|---|---|---|
| KINNEKULLE, INC. | 1000 | |
| KNUTSTORP, INC. | 1000 | |

8.     The Charter of Kinnekulle, Inc. will not be amended in conjunction with the merger.

9.     These ARTICLES OF MERGER and the AGREEMENT AND PLAN OF MERGER incorporated herein by reference, shall be effective at 11:30 p.m. on December 31, 1996, pursuant to the Delaware Code of Laws and the merger therein contemplated shall be deemed to be completed and consummated at said time.

2

IN WITNESS WHEREOF, these ARTICLES OF MERGER have been signed by the President and Secretary (or Assistant Secretary), of Kinnekulle, Inc. and by the President and Secretary (or Assistant Secretary), of Knutstorp, Inc., each thereunto duly authorized, as of the 31st day of December, 1996.

KINNEKULLE, INC.

By: _____
    Yeslam Binladin
    President

[CORPORATE SEAL]
ATTEST:
_____
Akbar Muawalli, Secretary

KNUTSTORP, INC.

BY: _____
    Yeslam Binladin
    President

[CORPORATE SEAL]
ATTEST:
_____
Akbar Muawalli, Secretary

3

# EXHIBIT I



# AGREEMENT AND PLAN OF MERGER
# OF KNUTSTORP, INC. WITH AND INTO
# KINNEKULLE, INC.

This Agreement and Plan of Merger is made and entered into as of this 31st day of December 1996, by and between Knutstorp, Inc. (hereinafter referred to as "Knutstorp"), a corporation organized and existing under the laws of the State of Delaware (Knutstorp being hereafter sometimes referred to as "the Merging Corporation"), and Kinnekulle, Inc. ("Kinnekulle"), a corporation organized and existing under the laws of the State of Delaware (Kinnekulle being hereinafter sometimes referred to as "the Surviving Corporation"), said two corporations being hereinafter sometimes referred to collectively as the "Constituent Corporations";

**WHEREAS,** the Board of Directors and shareholders of each of the Constituent Corporations deem it advisable and in the best interest of the Constituent Corporations that Knutstorp be merged with and into Kinnekulle, with Kinnekulle being the Surviving Corporation, under and pursuant to the laws of the State of Delaware on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** the parties hereto agree as follows:

## ARTICLE I

## MERGER

1.1     Knutstorp shall be merged with and into Kinnekulle, in accordance with the laws of the State of Delaware. Separate corporate existence of Knutstorp shall thereby cease and Kinnekulle shall be the Surviving Corporation.

1.2     The name of which the Surviving Corporation is to have after the merger shall be "Kinnekulle, Inc."

1.3     On the Effective Time (as defined in Section 2.1 below), the separate existence of the Merging Corporation shall cease. Except as herein otherwise specifically set forth, from and after the Effective Time the Surviving Corporation shall possess all of the rights, privileges, immunities and franchises, to the extent consistent with its Articles of Incorporation, of the Constituent Corporations. All the rights, privileges, powers and franchises of the Merging Corporation, of a public as well as of a private nature, and all property, real, personal and mixed of the Merging Corporation, and all debts due on whatever account to it, including all choses in action and all and every other interest of or belonging to it, shall be taken by and deemed to be transferred to and vested in the Surviving Corporation without further act or deed; and all such property, rights, privileges, immunities and franchises, of a public as well as of a private nature, and all and every other interest of the Merging Corporation shall be thereafter as effectually the property of the Surviving Corporation as they were of the Merging Corporation.

1

1.4    From and after the Effective Time, the Surviving Corporation shall be subject to all the duties and liabilities of a corporation organized under the Delaware Code of Laws and shall be liable and responsible for all the liabilities and obligations of the Constituent Corporations. The rights of the creditors of the Constituent Corporations, or of any person dealing with such corporations, or any liens upon the property of such corporations, shall not be impaired by this merger, and any claim existing or action or proceeding pending by or against either of such corporations may be prosecuted to judgment as if this merger had not taken place, or the Surviving Corporation may be proceeded against or substituted in place of the Merging Corporation. Except as otherwise specifically provided to the contrary herein, the identity, existence, purposes, powers, franchises, rights immunities and liabilities of the Surviving Corporation shall continue unaffected and unimpaired by the merger.

## ARTICLE II

## TERMS AND CONDITIONS OF THE MERGER

The terms and conditions of the merger shall be as follows:

2.1    The merger shall become effective at 12:00 p.m. , on December 31, 1996, pursuant the Delaware Code of Laws. The time and date of such effectiveness is referred to in this Agreement as the "Effective Time".

2.2    Prior to the Effective Time, the Constituent Corporations shall take all such action as shall be necessary or appropriate in order to effect the merger. If at any time after the Effective Time, the Surviving Corporation shall determine that any further conveyance, assignment or other documents or any further action is necessary or desirable in order to vest in, or confirm to, the Surviving Corporation full title to all of the property, assets, rights, privileges and franchises of the Constituent Corporations, or either of them, the officers and directors of the Constituent Corporations shall execute and deliver all such instruments and take all such further actions as the Surviving Corporation may determine to be necessary or desirable in order to vest in and confirm to the Surviving Corporation title to and possession of all such property, assets, rights, privileges, immunities and franchises, and otherwise to carry out the purposes of this Agreement and Plan.

## ARTICLE III

## CHARTER AND BYLAWS:
## DIRECTORS AND OFFICERS

3.1    The Articles of Incorporation of Kinnekulle, as in effect immediately prior to the Effective Time, shall, after the merger, continue to be the Articles of Incorporation of the Surviving Corporation until duly amended in accordance with law, and no change to such Articles of Incorporation shall be effected by the merger.

2

3.2     The Bylaws of Kinnekulle, as in effect immediately prior to the Effective Time, shall, after the merger, continue to be the Bylaws of the Surviving Corporation until duly amended in accordance with law, and no change to such Bylaws shall be effected by the merger.

3.3     The persons who are the Directors and Officers of Kinnekulle immediately prior to the Effective Time shall, after the merger, continue as the Directors and officers of the Surviving Corporation without change, to serve, subject to the provisions of the Bylaws of the Surviving Corporation, until their successors have been duly elected and qualified in accordance with the laws of the State of Delaware and the Articles of Incorporation and Bylaws of the Surviving Corporation.

## ARTICLE IV

## CONVERSION OF SHARES

4.1     There are 1,000 shares issued and outstanding of Knutstorp, Inc. The owner of these shares is Kinnekulle, Inc. These shares would be returned to Knutstorp and voided.

## ARTICLE V

## MISCELLANEOUS

5.1     Notwithstanding anything herein to the contrary, the Board of Directors of either of the Constituent Corporations may, in their sole discretion and at any time prior to the filing with the Secretary of State of Delaware of the necessary Articles of Merger giving effect to the merger, by resolution duly adopted, abandon the merger if it shall deem such action necessary, desirable and in the best interests of the respective Constituent Corporation. In the event of such determination and the abandonment of this Agreement and Plan pursuant to the provisions of this Paragraph 5.1, the same shall become null and void and shall have no further effect. Such termination shall not give rise to any liability on the part of either of the Constituent Corporations or its Directors, officers or shareholders in respect of this Agreement and Plan.

5.2     This Agreement and Plan embodies the entire agreement between the parties hereto and there are no agreements, understandings, restrictions or warranties between the parties hereto other than those set forth herein or herein provided for.

3

IN WITNESS WHEREOF, this Agreement and Plan has been signed by the duly authorized officers of the Constituent Corporations pursuant to the authorization by the Board of Directors and Shareholders of the Constituent Corporations, all as of the day and year first above written.

KINNEKULLE, INC.

By: _____
Yeslam Binladin
President

[CORPORATE SEAL]
ATTEST:
_____
Akbar Moawalli, Secretary

KNUTSTORP, INC,

By: _____
Yeslam Binladin
President

[CORPORATE SEAL]
ATTEST:
_____
Akbar Moawalli, Secretary

4

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 12:00 PM 12/16/1998
981488217 – 2098425

### ARTICLES OF MERGER

## ARTICLES OF MERGER OF KINNEKULLE, INC. WITH AND INTO FALKEN LIMITED

The undersigned domestic and foreign corporations do hereby execute the following Articles of Merger pursuant to the General Corporation Law for the Cayman Islands for the purpose of merging Kinnekulle, Inc., a Delaware corporation with and into Falken Limited, a Cayman Islands corporation.

1.     The name of each of the undersigned corporations in the state in which each is incorporated are as follows:

| **Name of Corporation** | **State of Incorporation** |
| --- | --- |
| Kinnekulle, Inc. | Delaware |
| Falken Limited | Cayman Islands |

2.     The name which the surviving corporation is to have after the merger will be **"FALKEN LIMITED"**.

3.     This merger is permitted under the laws of the States of Delaware and the Cayman Islands. Kinnekulle, Inc. and Falken Limited have complied with the applicable provisions of laws for both the State of Delaware and the Cayman Islands.

4.     The **AGREEMENT AND PLAN OF MERGER** of Kinnekulle, Inc. and Falken Limited (the "Agreement and Plan of Merger"), is set forth in Exhibit I, attached hereto and incorporated herein by reference.

5.     The Board of Directors of Falken Limited, the Surviving Corporation of the merger, approved and adopted the **AGREEMENT AND PLAN OF MERGER** by written consent on December 15, 1998, and directed that such document be submitted to the vote of its shareholders. The Board of Directors of Kinnekulle, Inc., approved and adopted the **AGREEMENT AND PLAN OF MERGER** by written consent on December 15, 1998, and directed that such document be submitted to a vote of its shareholders. The shareholders of Falken Limited and Kinnekulle, Inc., respectively, duly approved and adopted the **AGREEMENT AND PLAN OF MERGER** by written consent on December 15, 1998, in the manner prescribed by law.

1

6.     The number of shares outstanding and the number of shares for each corporation entitled to vote on the **AGREEMENT AND PLAN OF MERGER** were as follows:

| Name of Corporation | Number of Shares Outstanding | Number of Shares Entitled to Vote |
|---|---|---|
| Falken Limited | 100 | 100 |
| Kinnekulle, Inc. | 1000 | 1000 |

There were no shares of Kinnekulle, Inc. or Falken Limited entitled to vote as a class.

7.     The number of shares voted for and against the approval and adoption of the **AGREEMENT AND PLAN OF MERGER** were as follows:

| Name of Corporation | Total Shares Voted For | Total Shares Voted Against |
|---|---|---|
| Falken Limited | 100 | |
| Kinnekulle, Inc. | 1000 | |

8.     The Charter of Falken Limited will not be amended in conjunction with the merger.

9.     These **ARTICLES OF MERGER** and the **AGREEMENT AND PLAN OF MERGER** incorporated herein by referenced, shall be effective at 11:30 p.m. on December 22, 1998, pursuant to the Delaware Code of Laws and the Code of Laws of the Cayman Islands and the merger therein contemplated shall be deemed to be completed and consummated at said time.

**IN WITNESS WHEREOF**, these **ARTICLES OF MERGER** have been signed by the President and Secretary (or Assistant Secretary), of Falken Limited and by the President and Secretary (or Assistant Secretary), of Kinnekulle, Inc., each thereunto duly authorized, as of the 15 day of December, 1998.



2

KINNEKULLE, INC.

By: _____

Yeslam Binladin
President

[CORPORATE SEAL]
ATTEST:

_____
Akbar Moawalli, Secretary

FALKEN LIMITED

By: _____

Yeslam Binladin
President

[CORPORATE SEAL]
ATTEST:

_____
Akbar Moawalli, Secretary

3

## SERVICE OF PROCESS WHEN DELAWARE
## COMPANY MERGES INTO FOREIGN COMPANY

**\*\*\*\*\*\*\*\*\*\***

The surviving corporation hereby agrees that it may be served with process in the State of Delaware in any proceeding for the enforcement of any obligation of **Kinnekulle, Inc.,** arising from the merger, including the rights of any dissenting stockholders thereof, and hereby irrevocably appoints the Secretary of State of Delaware as its agent to accept service of process in any such suit or other proceedings and agrees that service of any such process may be made by personally delivering to and leaving with such Secretary of State of the State of Delaware duplicate copies of such process; and hereby authorizes the Secretary of State of the State of Delaware to send forthwith by registered mail one of such duplicate copies of such process addressed to it at **John C. West, Jr., P.A., 1111 Broad Street, Suite 4-B, Camden, South Carolina 29020,** unless said surviving corporation shall hereafter designate in writing to such Secretary of State of the State of Delaware a different address for such process, in which case the duplicate copy of such process shall be mailed to the last address so designated.

# EXHIBIT "I"

# AGREEMENT AND PLAN OF MERGER
# OF KINNEKULLE, INC. WITH AND INTO
# FALKEN LIMITED

This Agreement and Plan of Merger is made and entered into as of this 15th day of December 1998, by and between Kinnekulle, Inc. (hereinafter referred to as "Kinnekulle"), a corporation organized and existing under the laws of the State of Delaware (Kinnekulle being hereafter sometimes referred to as "the Merging Corporation"), and Falken Limited ("Falken"), a corporation organized and existing under the laws of the Cayman Islands (Falken being hereinafter sometimes referred to as "the Surviving Corporation"), said two corporations being hereinafter sometimes referred to collectively as the "Constituent Corporations";

**WHEREAS,** the Board of Directors and shareholders of each of the Constituent Corporations deem it advisable and in the best interest of the Constituent Corporations that Kinnekulle be merged with and into Falken, with Falken being the Surviving Corporation, under and pursuant to the laws of the State of South Carolina on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** the parties hereto agree as follows:

## ARTICLE I

## MERGER

1.1     Kinnekulle shall be merged with and into Falken, in accordance with the laws of the Cayman Islands. Separate corporate existence of Kinnekulle shall thereby cease and Falken shall be the Surviving Corporation.

1.2     The name of which the Surviving Corporation is to have after the merger shall be "Falken Limited."

1.3     On the Effective Time (as defined in Section 2.1 below), the separate existence of the Merging Corporation shall cease. Except as herein otherwise specifically set forth, from and after the Effective Time the Surviving Corporation shall possess all of the rights, privileges, immunities and franchises, to the extent consistent with its Articles of Incorporation, of the Constituent Corporations. All the rights, privileges, powers and franchises of the Merging Corporation, of a public as well as of a private nature, and all property, real, personal and mixed of the Merging Corporation, and all debts due on whatever account to it, including all choses in action and all and every other interest of or belonging to it, shall be taken by and deemed to be transferred to and vested in the Surviving Corporation without further act or deed; and all such property, rights, privileges, immunities and franchises, of a public as well as of a private nature, and all and every other interest of the Merging Corporation shall be thereafter as effectually the property of the Surviving Corporation as they were of the Merging Corporation.

1

1.4    From and after the Effective Time, the Surviving Corporation shall be subject to all the duties and liabilities of a corporation organized under the laws of the Cayman Islands and shall be liable and responsible for all the liabilities and obligations of the Constituent Corporations. The rights of the creditors of the Constituent Corporations, or of any person dealing with such corporations, or any liens upon the property of such corporations, shall not be impaired by this merger, and any claim existing or action or proceeding pending by or against either of such corporations may be prosecuted to judgment as if this merger had not taken place, or the Surviving Corporation may be proceeded against or substituted in place of the Merging Corporation. Except as otherwise specifically provided to the contrary herein, the identity, existence, purposes, powers, franchises, rights immunities and liabilities of the Surviving Corporation shall continue unaffected and unimpaired by the merger.

## ARTICLE II

## TERMS AND CONDITIONS OF THE MERGER

The terms and conditions of the merger shall be as follows:

2.1    The merger shall become effective at 11:30 p.m., on December 22, 1998, pursuant to the laws of the Cayman Islands. The time and date of such effectiveness is referred to in this Agreement as the "Effective Time".

2.2    Prior to the Effective Time, the Constituent Corporations shall take all such action as shall be necessary or appropriate in order to effect the merger. If at any time after the Effective Time, the Surviving Corporation shall determine that any further conveyance, assignment or other documents or any further action is necessary or desirable in order to vest in, or confirm to, the Surviving Corporation full title to all of the property, assets, rights, privileges and franchises of the Constituent Corporations, or either of them, the officers and directors of the Constituent Corporations shall execute and deliver all such instruments and take all such further actions as the Surviving Corporation may determine to be necessary or desirable in order to vest in and confirm to the Surviving Corporation title to and possession of all such property, assets, rights, privileges, immunities and franchises, and otherwise to carry out the purposes of this Agreement and Plan.

## ARTICLE III

## CHARTER AND BYLAWS:
## DIRECTORS AND OFFICERS

3.1    The Articles of Incorporation of Falken, as in effect immediately prior to the Effective Time, shall, after the merger, continue to be the Articles of Incorporation of the Surviving Corporation until duly amended in accordance with law, and no change to such Articles of Incorporation shall be effected by the merger.

2

3.2     The Bylaws of Falken, as in effect immediately prior to the Effective Time, shall, after the merger, continue to be the Bylaws of the Surviving Corporation until duly amended in accordance with law, and no change to such Bylaws shall be effected by the merger.

3.3     The Officers and Directors of Kinnekulle shall resign their offices as of the Effective Time and shall not become Officers and/or Directors of Falken.

## ARTICLE IV

## CONVERSION OF SHARES

4.1     There are 1,000 shares issued and outstanding of Kinnekulle, Inc. The owner of these shares is Falken Limited, a Cayman Islands corporation.  These shares would be returned to Kinnekulle and voided.

## ARTICLE V

## MISCELLANEOUS

5.1     Notwithstanding anything herein to the contrary, the Board of Directors of either of the Constituent Corporations may, in their sole discretion and at any time prior to the filing with the appropriate authority in the Cayman Islands of the necessary Articles of Merger giving effect to the merger, by resolution duly adopted, abandon the merger if it shall deem such action necessary, desirable and in the best interests of the respective Constituent Corporation.  In the event of such determination and the abandonment of this Agreement and Plan pursuant to the provisions of this Paragraph 5.1, the same shall become null and void and shall have no further effect.  Such termination shall not give rise to any liability on the part of either of the Constituent Corporations or its Directors, officers or shareholders in respect of this Agreement and Plan.

5.2     This Agreement and Plan embodies the entire agreement between the parties hereto and there are no agreements, understandings, restrictions or warranties between the parties hereto other than those set forth herein or herein provided for.

3

IN WITNESS WHEREOF, this Agreement and Plan has been signed by the duly authorized officers of the Constituent Corporations pursuant to the authorization by the Board of Directors and Shareholders of the Constituent Corporations, all as of the day and year first above written.

KINNEKULLE, INC.

By: _____

Yeslam Binladin
President

[CORPORATE SEAL]
ATTEST:

_____
Akbar Moawalli, Secretary

FALKEN LIMITED

By: _____

Yeslam Binladin
President

[CORPORATE SEAL]
ATTEST:

_____
Akbar Moawalli, Secretary

4