**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) ECF Case |

*This document relates to:*

    *Estate of O'Neill, et al.  v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.)

    *Estate of O'Neill, et al. v. Al Baraka, et al.*, Case No. 04 CV 1923 (RCC) (S.D.N.Y.)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS SCHREIBER & ZINDEL TREUHAND ANSTALT,**
**FRANK O. ZINDEL, ENGELBERT SCHREIBER, SR. AND**
**ENGELBERT SCHREIBER, JR.'S MOTION TO DISMISS**

 

**SCHIFF HARDIN LLP**

Donald A. Klein (DK7821)
623 Fifth Avenue
New York, NY 10022
(212) 753-5000

John N. Scholnick (JS7654)
Ayad P. Jacob (AJ6888)
6600 Sears Tower
Chicago, IL  50505
(312) 258-5500

Attorneys for Defendants
*Schreiber & Zindel Treuhand*
*Anstalt, Frank O. Zindel, Engelbert*
*Schreiber, Sr., and Engelbert*
*Schreiber, Jr.*

TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................1

II.     ARGUMENT.......................................................................................................1

III.    CONCLUSION....................................................................................................4

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page No.**

*In re Terrorist Litigation*,
349 F. Supp. 2d 765 (S.D.N.Y. 2005).................................................................................*passim*

*McMcLaughlin v. Anderson*,
962 F.2d 187 (2d Cir. 1992) ........................................................................................3

*Moses v. Martin*,
360 F. Supp. 2d 533 (S.D.N.Y. 2004) ........................................................................3

*Allen v. New World Coffee, Inc.*,
2002 WL 432685 (S.D.N.Y. March 19, 2002) ...........................................................3

*Dempsey v. Sanders*,
132 F. Supp. 2d 222 (S.D.N.Y. 2001) ........................................................................3

*A. Terzi Prods. v. Theatrical Protective Union*,
2 F. Supp. 2d 485 (S.D.N.Y. 1998) ............................................................................3

*Mega Tech Int'l Corp. v. Al-Saghyer Establishment*,
1999 WL 269896 (S.D.N.Y. May 3, 1999) ...............................................................3

Pursuant to Case Management Order 4, Defendants Schreiber & Zindel Treuhand Anstalt, Frank Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr., (hereinafter collectively "S&Z Defendants" unless individually referenced) respectfully submit this reply memorandum in support of their motion to dismiss Plaintiffs' Consolidated Complaints in *Estate of O'Neill, et al. v. The Republic of Iraq, et al.*, Case No. 04 CV 1076 (RCC) (S.D.N.Y.) ("*Republic of Iraq*") and *Estate of O'Neill, et al. v. Al Baraka, et al.*, Case No. 04 CV 1923 (RCC) (S.D.N.Y.) ("*Al Baraka*") pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

## I.
## INTRODUCTION

Plaintiffs' in their opposition memorandum contend that the supplemental memorandum submitted on behalf of the S&Z Defendants was improperly filed under Case Management Order No. 4 and should be stricken. Plaintiffs also maintain that the RICO Statements filed in this action, despite the Court's rulings indicating otherwise, must be considered and treated as amendments to the pleadings, and that their First Consolidated Complaints ("FCC") were properly filed. Plaintiffs assertions distort the record and ignores this Court's clear directives. There is no basis for striking the S&Z Defendants' supplemental memorandum.[1]

## II.
## ARGUMENT

Where "any consolidated or amended complaint filed in an Individual Action on or after September 30, 2005 include[s] additional allegations against a defendant who had previously moved to dismiss the claims against it," Case Management Order No. 4 permits the

---

[1] Plaintiffs do not address the substance of the S&Z Defendants' supplemental memorandum, only their right to file it.

filing of a supplemental brief.  On September 30, 2005, Plaintiffs filed More Definite Statements/Additional Allegations ("More Definite Statements") in both *Republic of Iraq* and *Al Baraka* specifically directed to the S&Z Defendants (Dkt. Nos. 1339 and 1361) which were then incorporated by reference into Plaintiffs' FCCs filed that same day (Dkt. Nos. 1568 and 1570). Unbelievably, Plaintiffs' now argue in their opposition memorandum that these filings add nothing new and that the S&Z Defendants should not be allowed to respond.  Not surprisingly, Plaintiffs provide no explanation as to why, if the More Definite Statements contain no new allegations, they felt compelled to submit these filings in the first instance.  Indeed, Plaintiffs concede that the More Definite Statements reiterate verbatim the allegations contained in their RICO Statements (*See* Opp. Mem. at 8.)  Plaintiffs' inconsistent position serves only to reinforce the fact that they filed the More Definite Statements as a blatant attempt to circumvent CMO-2 and this Court's Aug. 22, 2005 Endorsed Letter denying Plaintiffs' request that CMO-2 be revised to provide that RICO Statements serve as amendments to complaints in actions other than the *Federal Insurance* case.  (*See* Aug. 22, 2005 Endorsed Letter, Dkt. No. 1144).

Moreover, the S&Z Defendants never stipulated to the use of RICO Statements as amendments to the pleadings, as Plaintiffs assert.  The May 5, 2005 stipulation entered into between the parties merely sets a briefing schedule governing the S&Z Defendants' motion to dismiss and sets forth the timing for filing--not the effect of RICO statements.  If, as Plaintiffs maintain, the parties agreed to treat RICO Statements as amendments to the complaints, the S&Z Defendants would not have agreed to the filing of RICO Statements thirty (30) days after submission of their motion to dismiss.  Further, the fact that Plaintiffs felt the need to recast their RICO Statements as More Definite Statements on the last day they were permitted to amend their pleadings is additional evidence that the parties never agreed to treat RICO Statements as

amendments.  If such an agreement had existed, Plaintiffs would have needed only to include their RICO allegations in their FCCs.

Rather, the S&Z Defendants filed their motion to dismiss prior to Plaintiffs' submitting their RICO Statements, and directed their reply memorandum to the allegations contained in Plaintiffs' complaints in specific reliance on Case Management Order No. 2 and this Court's Aug. 22, 2005 Endorsed Letter denying Plaintiffs' request that CMO-2 be revised.  If, as Plaintiffs argue, they possessed an unfettered right to file "additional allegations . . . in a variety of forms," until September 30, 2005, the S&Z Defendants certainly have the right to respond to such allegations.[2] (Opp. Mem. at 7)

Furthermore, the FCCs do not comply, as Plaintiffs argue, with Case Management Order No. 2., which clearly contemplated the filing of a single complaint.  While Fed. R. Civ. P. 10(c) allows the adoption by reference of statements in a pleading, it does not obviate the need to comply with this Court's case management orders or to adhere to Fed. R. Civ. P. 8 and 10(b) which require that averments of a claim be "short and plain," presented in numbered paragraphs,

---

[2] Plaintiffs also argue that judicial precedent uniformly holds that RICO statements serve to amend the pleadings and cite a number of cases in purported support.  Aside from the fact that Plaintiffs' counsel submits the same authority that was offered in his July 19, 2005 letter to this Court in his failed attempt to modify Case Management Order No. 2 (CMO-2) to provide that RICO Statements constitute supplemental pleadings, in each of these cases the RICO statements were considered in motions to dismiss for failures to state a claim under the RICO statute and not for motions to dismiss for lack of personal jurisdiction.  *See McMclaughlin v. Anderson*, 962 F.2d 187, 189 (2d Cir. 1992) (considering RICO Statement in connection with Motion to Dismiss for failure to state a claim under RICO statute); *Moses v. Martin*, 360 F. Supp. 2d 533 (S.D.N.Y. 2004) (same); *Allen v. New World Coffee, Inc.*, 2002 WL 432685 at *2 (S.D.N.Y. March 19, 2002) (same); *Dempsey v. Sanders*, 132 F. Supp. 2d 222, 224 (S.D.N.Y. 2001) (same); *A. Terzi Prods. v. Theatrical Protective Union*, 2 F. Supp. 2d 485 (S.D.N.Y. 1998) (same); *Mega Tech Int'l Corp. v. Al-Saghyer Establishment*, 1999 WL 269896 at *13 (S.D.N.Y. May 3, 1999) (while defendant also moved to dismiss for lack of jurisdiction, RICO statement considered in connection with 12(b)(6) motion).

and limited to a single set of circumstances.  Plaintiffs' More Definite Statements, which contain lengthy boilerplate allegations with numerous subparts and are incorporated by reference into Plaintiffs' FCCs (*See Republic of Iraq* and *Al Baraka* Consolidated Complaints, ¶¶ 220(d) and 127(m), respectively.), impose an undue burden on both the S&Z Defendants and the Court to determine exactly what is being alleged against the S&Z Defendants.

Because Plaintiffs have ignored Case Management Order No. 2 and this Court's orders regarding the effect of RICO Statements, the allegations contained in the More Definite Statements as incorporated into Plaintiffs' FCCs should be disregarded.  In the event that this Court determines that the allegations contained in the More Definite Statements should be considered, for the reasons set forth in the S&Z Defendants' supplemental memorandum, the FCCs are nonetheless subject to dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.[3]

## III.
## CONCLUSION

For the foregoing reasons and as set forth in Defendants' various memoranda in support of their motion to dismiss, Defendants Schreiber & Zindel Treuhand Anstalt, Frank O. Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr. respectfully request that this Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

---

[3] The allegations raised in Plaintiffs' More Definite Statements do not implicate Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process and accordingly this basis for dismissal is not addressed herein.

Dated: February 6, 2006.          Respectfully Submitted,

SCHIFF HARDIN LLP

By:     /s/Ayad Paul Jacob
          Donald A. Klein (DK7821)
          623 Fifth Avenue
          New York, NY 10022
          (212) 753-5000

          John N. Scholnick (JS7654)
          Ayad P. Jacob (AJ6888)
          6600 Sears Tower
          Chicago, IL  50505
          (312) 258-5500

          Attorneys for Defendants
          *Schreiber & Zindel Treuhand Anstalt, Frank O. Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2006, I caused the foregoing **Reply Memorandum** to

be served electronically on counsel of record by the Court's Electronic Case Filing (ECF)

System, pursuant to paragraph 9(a) of Case Management Order No. 2.


/s/ Ayad Paul Jacob