

United States District Court
Southern District Of New York

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) ECF Case |
|---|---|

*This Document Relates to:*
   Burnett v. Al Baraka Inv. & Dev. Corp., 03-CV-5738
   Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp., 04-CV-7279
   World Trade Center Properties LLC v. Al Baraka Inv. & Dev. Corp., 04-CV-7280

### STIPULATION WITH REGARD TO RULINGS ON MOTIONS TO DISMISS OF DEFENDANTS HRH PRINCE NAIF BIN ABDULAZIZ AL-SAUD, HRH PRINCE SALMAN BIN ABDULAZIZ AL-SAUD, AND THE SAUDI HIGH COMMISSION IN RELATED CASES

WHEREAS the plaintiffs in the actions entitled Burnett v. Al Baraka Inv. & Dev. Corp., 03-CV-5738 ("Burnett NY"), Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp., 04-CV-7279, and World Trade Center Properties LLC v. Al Baraka Inv. & Dev. Corp., 04-CV-7280 (the "Actions") commenced the Actions on August 1, 2003 (Burnett NY) and September 10, 2004 (Euro Brokers and World Trade Center Properties);

WHEREAS HRH Prince Naif bin Abdulaziz Al-Saud ("Prince Naif"), HRH Prince Salman bin Abdulaziz Al-Saud ("Prince Salman"), and the Saudi High Commission (the "SHC") are named as a defendants in the Actions;

WHEREAS Prince Naif, Prince Salman, and the SHC filed consolidated motions to dismiss the complaints naming them as defendants in some or all of the following related cases (the "Related Cases"): Ashton v. Al Qaeda Islamic Army, 02-CV-6977 (RCC); Barrera v. Al Qaeda Islamic Army, 03-CV-7036 (RCC); Burnett v. Al Baraka Investment & Development Corp., 03-CV-5738 (RCC); Burnett v. Al Baraka Investment & Development Corp., 03-CV-9849 (RCC); Federal Insurance Co. v. Al Qaida, 03-CV-6978; Salvo v. Al Qaeda Islamic Army, 03-CV-5071 (RCC) (the "Consolidated Motions");

WHEREAS Prince Naif's, Prince Salman's, and the SHC's Consolidated Motions have been ruled on by the Court in its Opinion and Order dated September 21, 2005;[1]

WHEREAS the allegations in the Actions parallel those in the complaints filed in the Related Cases and, in many instances, are identical to them; in particular, the allegations that make specific reference to Prince Naif, Prince Salman, and the SHC in the Actions are substantially similar to those in the Related Cases;

WHEREAS the parties hereto wish to avoid, if possible, burdening the Court with additional filings or themselves with unnecessary litigation costs;

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that:

1. The parties hereto adopt as a binding order in the Actions, with regard to Prince Naif, Prince Salman, and the SHC, the Opinion and Order of this Court dated September 21, 2005, deciding the Consolidated Motions (the "Order").

2. The parties hereto will adopt as a binding order in the Actions, with regard to Prince Naif, Prince Salman, and the SHC, any subsequent rulings by any appellate courts with regard to the Judgment entered in favor of Prince Naif, Prince Salman, and the SHC on January 10, 2006, as amended by Court order on January 17, 2006.

3. In the event the appellate courts do not affirm the dismissals of Prince Naif, Prince Salman, and the SHC as contained in the Order and the Judgment, this stipulation is without prejudice to, and explicitly preserves, Prince Naif's, Prince Salman's,

---

[1] While Prince Naif, Prince Salman, and the SHC moved in their Consolidated Motions to dismiss the Burnett NY case (03-CV-5738) originally filed in this Court, the Court, in its September 21, 2005 Opinion and Order, did not reference that complaint.

2

and the SHC's other defenses including, but not limited to, failure to timely serve the Complaints in the Actions.

4. In the event the appellate courts do not affirm the dismissals of Prince Naif, Prince Salman, and the SHC as contained in the Order and the Judgment, this stipulation is without prejudice to, and explicitly preserves, any argument that Plaintiffs may assert in response to any defenses which Prince Naif, Prince Salman, and SHC may later assert including, but not limited to, Plaintiffs' alleged failure to serve the Complaints in the Actions.

5. Upon execution and filing of this stipulation, Prince Naif, Prince Salman, and the SHC will withdraw their pending motion to dismiss and supporting memorandum of law, filed December 1, 2005, MDL Docket Nos. 1515 & 1516.

Respectfully Submitted,

| BAKER BOTTS, L.L.P. | BRYAN CAVE LLP |
|---|---|
| By: /s/ Jamie S. Kilberg | By: /s/ James M. Cole |
| Jamie S. Kilberg (admitted *pro hac vice*) | James M. Cole (admitted *pro hac vice*) |
| 1299 Pennsylvania Avenue, N.W. | 700 13th Street, N.W. |
| Washington, D.C. 20004-2400 | Washington, D.C. 20005-6000 |
| Phone: (202) 639-7700 | Phone: (202) 508-6000 |
| Fax: (202) 639-7890 | Fax: (202) 508-6200 |
| *Counsel for Defendant Prince Salman bin Abdulaziz Al-Saud* | *Counsel for Prince Naif bin Abdulaziz Al-Saud* |

ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP

By: *Lawrence L. Robbins*
Lawrence S. Robbins (LR 8917)
1801 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 775-4500
Fax:   (202) 775-4510

*Counsel for Defendant the Saudi High Commission*

MOTLEY RICE LLC

By: *Justin B. Kaplan*
Justin B. Kaplan (admitted *pro hac vice*)
28 Bridgeside Boulevard
Mount Pleasant, South Carolina
Phone: (843) 216-9000
Fax: (843) 216-9450

*Counsel for Plaintiffs*

SO ORDERED:

*Richard Casey*

Richard C. Casey
U.S.D.J.
Date: February 8, 2006