UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

    *This document relates to:*        Federal Insurance Co. v. al Qaida
                                                      03 CV 06978 (RCC)

**THE FEDERAL PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED PURSUANT TO CASE MANAGEMENT ORDER NO. 4**

      The <u>Federal</u> plaintiffs herein move to strike the Supplemental Memorandum of Law filed by defendant Sami Omar Al-Hussayen, on the grounds that by its own admission, it squarely violated the terms of Case Management Order No. 4.

**I.     ARGUMENT**

      Case Management Order No. 4 allows for the filing of supplemental motions papers only in limited circumstances:

> [T]o the extent any consolidated or amended complaint field in an Individual Action on or after September 30, 2005 included additional allegations against a defendant who had previously moved to dismiss the claims against it in that Individual Action(s), that defendant may filed a short (not to exceed 10 pages) supplemental brief within thirty (30) days of this Order, addressing the new allegations.

      However, Sami Omar Al-Hussayen's supplemental memorandum of law expressly confesses that it falls outside this requirement:

> On September 30, 2005, plaintiffs filed a pleading styled "First Amended Complaint with Incorporated More Definite Statements, RICO and Rule 15(d) Supplemental Pleadings, Filed in Accordance with Paragraph 13 of Case Management Order Number 2" (*See* MDL Docket No. 1407). <u>This second "First</u>

>   Amended" Complaint does not contain new factual allegations concerning Mr. Al-Hussayen but instead purports at footnote 13 to incorporate as part of this Complaint plaintiffs' previously filed RICO Statement as to Mr. Al-Hussayen (and the RICO statement incorporates the More Definite Statement filed by the *Burnett* plaintiffs).

Supplemental Memorandum of Law at 6-7.  (emphasis added)

The Federal First Amended Complaint with Incorporated More Definite Statements, RICO and Rule 15(d) Supplemental Pleadings filed on September 30, 2005 contained no new factual allegations as to Mr. Al-Hussayen.  Therefore, the factual predicate required for Al Hussayen to file his memorandum of law was wholly lacking as to the Federal plaintiffs, just as it by its own admission is to the other plaintiffs named therein.[1]

In the event the Court elects to accept al Hussayen's procedurally improper supplemental filing, it should reject the arguments raised therein regarding the propriety of the Federal Plaintiffs' September 30, 2005 pleading, as that submission complied with both the spirit and letter of the Federal Rules and Case Management Order #2.  Pursuant to Fed. R. Civ. P. 10(c):

>   Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion.  A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

Fed. R. Civ. P. 10(c).

In view of the plain language of Rule 10(c), plaintiffs' incorporation of the RICO and More Definite Statements into the Complaint, by reference and attachment as exhibits, complies with both the letter and spirit of the Federal Rules.  Moreover, even if the September 30, 2005 pleading did deviate from the requirements of the Rules or CMO #2 in some technical respect, dismissal would be a harsh and inappropriate sanction.  For all of the foregoing reasons, the

---

[1] Regarding both the Burnett and WTC Properties plaintiffs, Al Hussayen similarly admits that "No new allegations concerning Mr. Al-Hussayen are made by plaintiffs in this 'Notice of Consolidation' which simply refers to plaintiffs' prior filings."

Federal Plaintiffs respectfully request that the Court strike the Supplemental Memorandum of Law filed by defendant Sami Omar Al-Hussayen.

                                      COZEN O'CONNOR

BY: _____
       ELLIOTT R. FELDMAN, ESQUIRE
       SEAN P. CARTER, ESQUIRE
       ADAM C. BONIN, ESQUIRE
       1900 Market Street
       Philadelphia, PA 19103

       (215) 665-2000