UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Burnett, et al. v. Al Baraka Investment & Development Corp.*, *et al.*, 03-CV-9849 (RCC);
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-CV-7279 (RCC);
*World Trade Ctr. Props. L.L.C., et al. v. Al Baraka Inv. & Dev. Corp. et al.*, 04-CV-7280 (RCC)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED PURSUANT TO CASE MANAGEMENT ORDER NO. 4**

Plaintiffs herein move to strike the Supplemental Memorandum of Law filed by defendant Sami Omar Al-Hussayen in the *Burnett* and *World Trade Center Properties* cases ("Al-Hussayen's Memo") on the grounds that, by its own admission, it squarely violated the terms of Case Management Order No. 4.[1]

**ARGUMENT**

Case Management Order No. 4 allows for the filing of supplemental motions papers only in limited circumstances:

> [T]o the extent any consolidated or amended complaint filed in an Individual Action on or after September 30, 2005 included additional allegations against a defendant who had previously moved to dismiss the claims against it in that Individual Action(s), that defendant may filed a short (not to exceed 10 pages) supplemental brief within thirty (30) days of this Order, addressing the new allegations.

---

[1] Sami Omar Al-Hussayen was voluntarily dismissed from the *Euro Brokers* action on May 20, 2005 (MDL Docket No. 922).

However, Sami Omar Al-Hussayen's supplemental memorandum of law expressly confesses that it falls outside this requirement. Regarding the *Burnett* Plaintiffs, Al-Hussayen's supplemental memorandum states:

> Plaintiffs were required by Case Management Order # 2 ("CMO2"), as amended, to file "an amended complaint that includes all amendments made prior to that date…" Instead plaintiffs filed a "Notice of Consolidation of Pleadings"…<u>No new allegations concerning Mr. Al-Hussayen are made by plaintiffs in this "Notice of Consolidation"</u> which simply refers to plaintiffs' prior filings.

Supplemental Memorandum of Law at 5. (emphasis added). A "notice," by definition, typically does not contain "allegations."

Al-Hussayen repeats the above claim with regard to the *World Trade Center Properties* Plaintiffs. The *Burnett* and *World Trade Center Properties* Plaintiffs' Notices of Consolidation of Pleadings (MDL Docket No. 1377) and (MDL Docket No. 1379) filed on September 30, 2005, pursuant to this Court's directive on consolidating filed pleadings in Case Management #2 ("CMO2"). The Notices of Consolidation contained no new factual allegations as to Defendant Al-Hussayen or any other Defendant. They simply combined all allegations in one place for ease of reference. Therefore, the factual predicate required for Mr. Al-Hussayen to file his supplemental memorandum is wholly lacking as to the *Burnett* and *World Trade Center Properties* Plaintiffs.

In the event the Court elects to consider Defendant Al-Hussayen's procedurally-improper supplemental filing, it should reject the arguments raised therein regarding the propriety of *Burnett* and *World Trade Center Properties* Plaintiffs' September 30, 2005 pleadings, as those final pleadings – which merely gather into one place all of the allegations against all of the defendants in each action – comply with both the letter and spirit of CMO2. As the Court will

recall, Case Management Order #1 ("CMO1") permitted Plaintiffs to add defendants without pleading specific allegations against those defendants. CMO1 then permitted any defendant as to whom the complaint contains no allegations to seek a "more definite statement," specifying the nature of the claims asserted.  Case Management Order #2 ("CMO2") then expanded on this procedure, providing:

> Plaintiffs may file more definite statements and/or additional allegations against existing defendants by filing statements to this effect, which will be treated and accepted as pleadings and deemed amendments to previously filed Complaints or Amended Complaints, in lieu of filing an additional Amended Complaint.

CMO2 at ¶ 13.  This practice was consistent with what the transferor court in *Burnett* had ordered.  *See Burnett* CMO#1 dated October 7, 2002, D.C. Docket # 15; *See also Burnett v. Al Baraka Investment and Development Corporation*, 274 F.Supp.2d 86, 110 (D.C.D.C. 2003) ("However, there is reason to think that, in the wake of *Swierkiewicz* and *Sparrow*, Rule 12(e) may enjoy a revitalized role in federal practice.") (*Citations omitted*).

      CMO2 then required Plaintiffs to gather all such more definite statements into a single document and to "file an amended complaint that includes all amendments made prior to that date, whether made pursuant to Rule 12(e) or otherwise."  *See* CMO2.  The Order further provided for the filing of RICO Statements in accordance with this Court's Individual Practices.  As a result, the pleadings against each Defendant were scattered over various documents filed over time on different days, in complaints, more definite statements, and RICO Statements.  Pursuant to the Court's directive, Plaintiffs' final pleadings were due by September 30, 2005.  These pleadings incorporated all of these various filings into consolidated documents.  Plaintiffs in *Burnett*, *World Trade Center Properties*, and *EuroBrokers* each filed a "Notice of Consolidated Pleading" incorporating by reference all of the previously-filed amendments to their respective complaints.  Each such document "includes all amendments made prior to" the

3

requisite date, just as required by the Court.  More importantly, the Notices of Consolidated Pleading filed permit each defendant to find in a single place all of Plaintiffs' allegations.  Therefore, Plaintiffs' filings should not be stricken.

Al-Hussayen's attempt to distract the Court from considering all of the allegations contained in the Plaintiffs' final pleadings based on his claim that each pleading merely "consolidates" prior pleadings filed by Plaintiffs, represents a return to a gamesmanship approach to pleading that, as the Second Circuit has recognized, the Federal Rules of Civil Procedure reject.  Rather, "the purpose of pleading is to facilitate a proper decision on the merits." *Usery v. Marquette Cement Mfg. Co.*, 568 F.2d 902, 906 (2d Cir. 1977), *quoting Conley v. Gibson*, 355 U.S. 41, 48 (1957); *see also Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities").  Plaintiffs' final pleadings, More Definite Statements and RICO Statement contain allegations that should not be disregarded by this Court simply because Mr. Al-Hussayen does not like how they are organized.

Furthermore, Al-Hussayen's Memo represents an improper attempt to re-hash the very same arguments which have already been briefed in these cases.  Al-Hussayen once again re-asserts his argument that since he was "acquitted of all terrorism charges by a federal jury in Idaho," *See* Al-Hussayen's Memo at 2, he must necessarily be dismissed from this litigation.  Plaintiffs respectfully disagree with Al-Hussayen's contention and respectfully refer the Court back to the Plaintiffs' prior briefing.  *See* e.g. Docket # 149, 491, 923, and 1288.

## CONCLUSION

For all of the foregoing reasons, the *Burnett*, *World Trade Center Properties*. And *Euro Brokers* Plaintiffs respectfully request that the Court strike the Supplemental Memorandum of Law filed by Defendant Sami Omar Al-Hussayen.

Dated: February 10, 2006                           Respectfully submitted,


                           BY:     _____/s/_____
                                   Ronald L. Motley, Esq. (RM-2730)
                                   Jodi Westbrook Flowers, Esq.
                                   Donald A. Migliori, Esq.
                                   Michael Elsner, Esq. (ME-8337)
                                   Justin B. Kaplan, Esq.
                                   MOTLEY RICE LLC
                                   28 Bridgeside Boulevard
                                   P.O. Box 1792
                                   Mount Pleasant, South Carolina 29465
                                   Telephone:  (843) 216-9000