THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| _____ )<br>*IN RE* TERRORIST ATTACKS ON             )<br>SEPTEMBER 11, 2001                                )<br>_____) | Case No. 03 MDL 1570 (RCC) |

This document relates to:

>   *Kathleen Ashton, et al v. Al Qaeda Islamic Army, et al.,* Case No. 02 CV 6977 (RCC)
>   *Thomas Burnett, et al v. Al Baraka Investment and Dev. Corp, et al.,* Case Nos. 03 CV
>           9849 (RCC) and 03 CV 5738 (RCC)
>   *Euro Brokers, Inc., et al v. Al Baraka Investment and Dev. Corp., et al.,* Case No. 04 CV
>           7279 (RCC)
>   *Federal Insurance Company, et al v. Al Qaida, et al.,* Case No. 03 CV 6978 (RCC)
>   *New York Marine and General Insurance Company, et al v. Al Qaida, et al.*, Case No. 04
>           CV 6105 (RCC)
>   *World Trade Center Properties LLC, et al v. Al Baraka Investment and Dev. Corp.,* 04
>           CV 7280 (RCC)

**REPLY REGARDING SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTIONS TO DISMISS OF DEFENDANT SAMI OMAR AL-HUSSAYEN SUBMITTED
PURSUANT TO CASE MANAGEMENT ORDER NO. 4**

Defendant Sami Omar Al-Hussayen filed motions to dismiss in the six consolidated cases referenced above. Of these cases, Mr. Al-Hussayen remains a defendant in three, *Burnett*, *Federal Insurance* and *World Trade Center Properties*. Mr. Al-Hussayen filed a Supplemental Memorandum Pursuant to Case Management Order No. 4 (hereinafter "Supplemental Memorandum") (MDL Docket No. 1590) to apprise the Court of the status of the six consolidated cases insofar as they apply to Mr. Al-Hussayen and to address the propriety of plaintiffs' recent filings in the three cases in which Mr. Al-Hussayen remains a defendant.

Specifically, as noted in our Supplemental Memorandum, the plaintiffs in the three remaining cases violated the Court's clear and unambiguous directive in Case Management

1

Order #2 ("CMO2"), as amended, that they file "an amended complaint that includes all amendments made prior to that date, whether made pursuant to Rule 12(e) or otherwise." CMO2, p. 7, para 13.  Rather than filing the required amended complaint, the plaintiffs in both *Burnett* and *World Trade Center Properties* filed a document entitled "Notice of Consolidation of Pleadings" which purported to "consolidate" all prior pleadings filed by these plaintiffs.  In *Federal Insurance*, the plaintiffs filed a second "First Amended Complaint" which added footnotes that seek to consolidate by reference the various prior filings by these plaintiffs and by others in other suits.[1]

In response to our Supplemental Memorandum, plaintiffs in *Federal Insurance* filed a brief styled "Memorandum of Law In Support of Motion to Strike Supplemental Memorandum in Support of Motions to Dismiss of Defendant Sami Omar Al-Hussayen Submitted Pursuant to Case Management Order No. 4."  A few days later, plaintiffs in *Burnett* and *World Trade Center Properties* filed a single, identically named memorandum which was substantively identical as well.  In short, both briefs argue that the Supplemental Memorandum should be struck because there are no new allegations concerning Mr. Al-Hussayen in their respective filings and in any event, "even if the September 30, 2005 pleading did deviate from the requirements of the Rules or CMO #2 in some technical respect" both believe their filings comply "with both the letter and spirit" of CMO2.

---

[1] As noted in the Supplemental Memorandum, plaintiffs in their second First Amended Complaint (at footnote 14) attempt to expand their allegations *ad infinitum* by incorporating by reference in this complaint their previously filed RICO Statement as to Mr. Al-Hussayen which RICO Statement in turn incorporates the lengthy More Definite Statement filed in *Burnett*.

A.  *Plaintiffs' "Motion" to Strike Should Be Denied*

Plaintiffs curiously style both of their memoranda as a "memorandum of law in support of motion to strike supplemental memorandum . . .." However, plaintiffs did not file a corresponding motion or notice of motion as required by the Rules. *See* F.R.Civ.P. 7(b)(1) ("An application to the court for an order shall be by motion...."); *see also* Civ. R. 6.1, 7.1 (S.D.N.Y.).

To the extent plaintiffs' memoranda are deemed motions, the motions should be denied. Mr. Al-Hussayen filed his Supplemental Memorandum to apprise the Court of significant developments since he filed motions to dismiss in six of the consolidated cases, namely that he remains a defendant in only three of those cases and that the Court need no longer rule on his motions to dismiss filed in *Ashton, Eurobrokers* and *NY MAGIC*. It is respectfully submitted that such information will be of assistance to the Court in managing this case.

With respect to *Burnett*, *Federal Insurance* and *World Trade Center Properties,* we submit that it was entirely proper in our Supplemental Memorandum to inform the Court of the procedural history in each case insofar as it relates to Mr. Al-Hussayen, to address the plaintiffs' failure to comply with CMO2 which required the filing of an amended complaint, and to further advise the Court that within the morass of filings that plaintiffs sought to "consolidate" pursuant to CMO2[2], no additional allegations concerning Mr. Al-Hussayen were made.

B.  *Plaintiffs' Filings Do Not Comply with CMO2 Which Required the Filing of an Amended Complaint*

1. Burnett and World Trade Center Properties

CMO2, as amended, required plaintiffs to file by September 30, 2005 "*an amended*

---

[2] In *Burnett*, for example, the "Notice of Consolidation" purports to consolidate approximately fifty (50) separate pleadings and their various attachments.

*complaint* that includes all amendments made prior to that date, whether made pursuant to Rule 12(e) or otherwise." CMO2, p. 7, para 13 (emphasis added). Plaintiffs in *Burnett* and *World Trade Center Properties* in their Memorandum now attempt to recast this clear directive from the Court by arguing they were simply required to file final "pleadings" by September 30, 2005. *See* Plaintiffs' Memorandum, at 3 ("Pursuant to the court's directive, Plaintiff's *final pleadings* were due by September 30, 2005.") (emphasis added); *and, see* Memorandum at 2 ("The *Burnett* and *World Trade Center Properties* Plaintiffs' Notices of Consolidation of Pleadings (MDL Docket No. 1377) and (MDL Docket No. 1379) filed on September 30, 2005, pursuant to this Court's directive on consolidating filed pleadings in Case Management #2 [sic] ("CMO2")").

CMO2, however, required the filing by September 30, 2005, of an "amended complaint" not "final pleadings." Plaintiffs acknowledge that they have not done so.

2. Federal Insurance

Plaintiffs in *Federal Insurance* styled their filing on September 30, 2005, a "First Amended Complaint." This pleading differs from their earlier "First Amended Complaint" in that it contains footnotes which refer to various earlier filings (which earlier filings in the case of Mr. Al-Hussayen and possibly others incorporate by reference still earlier filings by other plaintiffs in other suits). This violates CMO2 which required the filing of a single amended complaint -- not a complaint that incorporates by reference, *ad infinitum,* the voluminous previous filings by these plaintiffs and others.

3. Plaintiffs' Pleadings Filed Pursuant to CMO2 are Procedurally Improper

The pleadings filed in *Burnett*, *Federal Insurance* and *World Trade Center Properties* violate not only CMO2 which required the filing of a single complaint, but also Rules 8 and 10

4

of the Federal Rules of Civil Procedure.  Rule 8 requires that pleadings contain "short and plain" statements, while Rule 10 requires a complaint to list allegations in sequentially numbered paragraphs.  Plaintiffs' expansive and rambling series of interconnected pleadings filed throughout these different cases violates both of these rules and places the burden on the Court and defendants to determine what is being alleged and against whom.[3]  In this respect, these pleadings also violate both "the letter and the spirit" of CMO2 which was intended to avoid such confusion.  For the reasons stated herein and in Mr. Al-Hussayen's pending motions to dismiss and their supporting materials, Mr. Al-Hussayen should be dismissed from these remaining actions.

DATED this 21st day of February, 2006.

Respectfully submitted,

Joshua L. Dratel (JLD 4037)
JOSHUA L. DRATEL, P.C.    ___/s/_____
14 Wall Street, 28th Floor    Scott McKay (SM3330)
New York, NY 10005    NEVIN, BENJAMIN & MCKAY LLP
Telephone: 212-732-0707    David Z. Nevin (DN2615)
Facsimile: 212-571-6341    Sheryl L. Musgrove (SLM5233)
303 West Bannock
P.O. Box 2772
Boise, ID 83701
Telephone:  208-343-1000
Facsimile: 208-345-8274

*Attorneys for Defendant Sami Omar Al-Hussayen*

---

[3] *See, also* Manual for Complex Litigation (Fourth) § 35.31 (2004) (courts should consider "dismissal with prejudice where the plaintiff has been given the opportunity to file an amended complaint and persists in filing a lengthy and confusing document"); *Michaelis v. Nebraska Bas Assoc.,* 717 F.2d 437, 439 (8th Cir. 1983) (complaint dismissed because "the style and prolixity of these pleadings would have made an orderly trial impossible"); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992) (district courts have "inherent power to control their dockets and, in the exercise of that power they may impose sanctions including where appropriate . . . dismissal of a case") (citations and quotation omitted).

## CERTIFICATE OF SERVICE

      I hereby certify that on this 21st day of February, 2006, I caused the foregoing to be served electronically pursuant to the Court's ECF system on all counsel of record.

                                          ___/s/_____
                                          Scott McKay