**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001<br><br>*This document relates to:*<br>*Federal Insurance Co. v. al Qaida*, 03-cv-6978 (RCC) | 03 MDL 1570 (RCC)<br><br>ECF Case |

**DEFENDANT AL AQSA ISLAMIC BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, LACK OF PERSONAL JURISDICTION AND INSUFFICIENT AND CONCLUSORY RICO ALLEGATIONS.**

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone: 202-862-4343
Facsimile: 202-828-4130

*Attorney for Defendant Al Aqsa Bank*

## TABLE OF CONTENTS


**I. INTRODUCTION** ... 3

**II. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST AL AQSA** ... 5

A. Standard of Review. ... 6

B. Plaintiffs' Single Allegation Is Conclusory And Insufficient To State a Claim. ... 6

C. Plaintiffs' Complaint Fails to Establish Causation. ... 7

D. Routine Banking Services Cannot Subject A Defendant To Liability. ... 9

**II. PLAINTIFFS' COMPLAINT FAILS FOR WANT OF PERSONAL JURISDICTION OVER AL AQSA.** ... 10

A. Standard of Review ... 10

B. Al Aqsa Lacks Minimum Contacts with the United States ... 10

**III. PLAINTIFFS' SUPPLEMENTAL PLEADINGS, SUCH AS THEIR RECENTLY FILED RICO STATEMENT, CANNOT SALVAGE THEIR DEFICIENT COMPLAINT AS IT REGARDS OR RELATES TO AL AQSA – AS SUCH, DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED.** ... 12

A. Plaintiffs' Supplemental Pleadings Such As Their Recently Filed RICO Statement Are Conclusory In Nature and Irrelevant. ... 12

B. Plaintiffs' Supplemental Pleadings Such As Their Recently Filed RICO Statement Does Not Fall Within The Meaning of Fed. R. Civ. P. 15(d). ... 14

1. *Supplemental Pleadings Are Limited to Subsequent Events Related to the Claim or Defense Presented in the Original Pleading.* ... 15

2. *Supplemental Pleadings Are Limited to Setting Forth Transactions or Occurrences or Events Which Have Happened Since the Date of the Pleading Sought to be Supplemented.* ... 16

**V. CONCLUSION** ... 16

# TABLE OF AUTHORITIES

**Cases**

*Al Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995) .......... 13

*Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) .......... 6

*Burnett v. Al Baraka*, 274 F. Supp. 2d 86, 103-04 (D.D.C. 2003).......... 4, 9

*City of Hawthorne v. Wright*, 493 U.S. 813, (1989) .......... 15

*Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) .......... 15

*DiPonzio v. Riordan*, 89 N.Y.2d 578, 583 (1997) .......... 7

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994).......... 7

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) .......... 6

*In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001) .......... 6

*In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).......... 10

*In re Terrorist Attacks*, MDL 03-1570, slip op. (S.D.N.Y. Jan. 18, 2005)..........14

*In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 833 (S.D.N.Y. 2005) .......... *passim*

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) .......... 5, 10

*Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).......... 15

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1275 (D.C. Cir. 1994)..........6

*Linde v. Arab Bank*, 384 F. Supp. 2d 571 (E.D.N.Y. 2005) .......... 6, 13

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) .......... 6

*Quratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) .......... 15

*Second Amend. Found. v. United States Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001).. 10

*Semi Conductor Materials v. Citibank Int'l PLC*, 969 F. Supp. 243, 244 (S.D.N.Y. 1997)......... 11

*Square D Co. v. Niagara Tariff Bureau Inc.*, 476 U.S. 409, 411 (1986).......... 6

*Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 98 (D.C. 2002).......... 7

*United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 121 (D.D.C. 2000).......... 10

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant Al Aqsa Islamic Bank, by and through its undersigned attorney, move this Court to dismiss Plaintiffs' complaint as it relates to or regards Defendant Al Aqsa Islamic Bank.

**I. INTRODUCTION**

Defendant Al Aqsa Islamic Bank (hereinafter "Al Aqsa") hereby files this memorandum in support of its motion to dismiss the Federal Insurance Plaintiffs' (hereinafter "Plaintiffs") complaint on three bases: (1) failure to state a claim under FRCP 12(b)(6); (2) lack of personal jurisdiction under FRCP 12(b)(2); and (3) Plaintiffs' supplemental pleadings, such as their recently filed RICO statement, are conclusory in nature and do not fall within the meaning of FRCP 15(d) – thus, they should not prevent this Court from dismissing Al Aqsa as a matter of law.

FRCP 12(b)(6) relief is appropriate because: (a) Plaintiffs' single allegation is conclusory and thus insufficient to state a claim; (b) the allegation is lacking in terms of causation; and (c) the provision of routine banking services cannot subject a defendant to liability.

In Plaintiffs' 182 page complaint, *only one general conclusory allegation is presented against Al Aqsa* to wit:

> "In addition, Al Baraka has provided substantial support to al Qaida through its subsidiaries and affiliates, including Al Shamal Islamic Bank, Tadamon Islamic Bank and al Aqsa Bank, as further described herein."

Pls.' Am. Compl. ¶ 304, March 10, 2004.

This single allegation is Plaintiffs' entire case against Al Aqsa.[1] While the term "as further described herein" is noted, only the alleged activities of Al Shamal Bank and Tadamon Islamic Bank are actually "described further" in their complaint. Al Aqsa Islamic Bank is not ever mentioned again. *Id.*

Because Al Aqsa is allegedly a subsidiary or affiliate of Al Baraka – a defendant that has already been dismissed by this Court in the *Ashton* and *Burnett* cases pursuant to FRCP 12(b)(6) – Plaintiffs suggest that Al Aqsa is nevertheless still linked to the 9/11 attacks.[2] This is a far-fetched position which cannot withstand the instant FRCP 12(b)(6) motion to dismiss.[3] Similarly, Plaintiffs' sole allegation against Al Aqsa suggests, by inference, that Al Aqsa is liable for the 9/11 tragedy because it provided classic banking services, whether as an "affiliate or subsidiary" of Al Baraka. However, this Court has already held that the provision of ordinary banking services does not provide a basis for liability.[4] In short, Plaintiffs' sole allegation against Al Aqsa fails to make a claim for which relief can be granted.

Defendant also hereby requests dismissal for lack of personal jurisdiction. As evidenced by the attached affidavit, Al Aqsa has never conducted business of any sort in the United States. *See* Tahboub Aff. Ex. A. Because Al Aqsa has never availed itself in the jurisdiction of the

---

[1] *See infra.* Pt. III and accompanying text for analysis on Plaintiffs' supplemental pleadings and additional allegations against Al Aqsa. These allegations cannot salvage Plaintiffs deficient complaint as it relates to or regards Al Aqsa.

[2] *Query: To the extent that numerous allegations have already been rejected by this Court against an alleged principal [Al Baraka]and have been dismissed "in their entirety," how is it possible to, in effect, transfer or attribute liability to an alleged related entity based upon the identical conduct found wanting by this Court?*

[3] *In re: Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 833 (S.D.N.Y. 2005) ("*Terrorist Attacks I").* As this Court has held, "[T]he extreme nature of the charges of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant." *Id.* at 831 (quoting *Burnett v. Al Baraka*, 274 F. Supp. 2d 86, 103-04 (D.D.C. 2003) ("*Burnett I*")).

[4] *Id.* at 833 (citing *Burnett I*, 274 F. Supp. 2d at 109).

United States, the minimum contacts necessary to sustain this action are lacking and Al Aqsa must be dismissed.[5]

Finally, Defendant hereby requests dismissal for the additional reason that Plaintiffs' supplemental pleadings - such as their recently filed RICO statement - allege events, transactions and occurrences that are far more attenuated than their original allegation noted in paragraph 304 of their complaint. In Plaintiffs' RICO statement, they no longer reference Al Aqsa as a "subsidiary or affiliate" of Al Baraka. Rather, Plaintiffs exclusively reference Hamas activities and Al Aqsa's alleged affiliation thereto. As this Court is also aware, *Linde v. Arab Bank* is a pending lawsuit in the Eastern District of New York that concerns Hamas allegations and affords the Plaintiffs' a viable and alternative forum.[6] In addition, any new allegations that Plaintiffs present against Defendant from their RICO statement should not be considered by this Court as they (1) do not bear any relationship to the subject of the original pleading; and (2) concern matters prior to the date of the original pleading. Fed. R. Civ. P. 15(a),(d); *see infra* pt. III(B). In sum, this Court should not allow this 9/11 family case to morph into a Hamas case.

For any and all of the foregoing reasons Defendant's motion to dismiss must be granted.

## II. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST AL AQSA.

Plaintiffs' complaint can be dismissed for failure to state a claim under FRCP 12(b)(6). Because Plaintiffs' single allegation is conclusory and thus insufficient to state a claim, the allegation is lacking in terms of causation and the allegation states nothing more than the fact that Al Aqsa provided routine banking services.

[5] *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).
[6] 384 F. Supp. 2d 571 (E.D.N.Y. 2005).

A. Standard of Review.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In reviewing such a motion, the court must construe the complaint in the light most favorable to plaintiff and must accept as true all allegations and all reasonable factual inferences drawn from the well-pleaded factual allegations. *Square D Co. v. Niagara Tariff Bureau Inc.*, 476 U.S. 409, 411 (1986).

However, the court need not "accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint." *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1275 (D.C. Cir. 1994)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court must reject legally conclusory allegations, treating only specific factual allegations as true. *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001).

B. Plaintiffs' Single Allegation Is Conclusory And Insufficient To State a Claim.

As noted above, in their 182 page Complaint, Plaintiffs make one general and conclusory allegation against Al Aqsa. Paragraph 304 of said complaint states:

> "In addition, Al Baraka has provided substantial support to al Qaida through its subsidiaries and affiliates, including Al Shamal Islamic Bank, Tadamon Islamic Bank and al Aqsa Bank, as further described herein."

Pls.' Am. Compl. ¶ 304, March 10, 2004.

It is well established that general and conclusory allegations are an insufficient basis of liability as "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." *Terrorist Attacks I*, 349 F. Supp.

2d at 833 (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)). Such conclusive allegations are always insufficient, as a matter of law, to maintain a lawsuit, even if they contain all the requisite elements of a cause of action. *See Terrorist Attacks I*, 349 F. Supp. 2d at 832-33. For example, in examining the claims made against Al Rajhi Bank in *Ashton* and *Burnett*, this Court noted that the plaintiffs "do not offer facts to support their conclusions that Al Rajhi Bank had to know that Defendant Charities … were supporting terrorism." *Id.* at 833. This was the case even though the complaint contained allegations that "Al Rajhi knew or should have known its depositors … were material supporters of terrorism." *Id.* at 831.

When Plaintiffs' sole conclusory allegation made against Al Aqsa is considered with the foregoing holdings in mind, it is clear Al Aqsa must be dismissed from Plaintiffs' complaint for failure to state a claim upon which relief can be granted.

C. Plaintiffs' Complaint Fails to Establish Causation.

Courts deciding issues similar to those presented herein have recognized that the absence of causation may be both a jurisdictional issue and a liability issue. *See Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 98 (D.C. 2002). Additionally, Plaintiffs must show that Defendant's actions were a substantial cause of their injuries and that the injuries were reasonably foreseeable to the Defendant. *See First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994). Because of an obvious lack of connection between the Plaintiffs' injuries and the alleged conduct of Al Aqsa, (i.e. providing banking services) this Court can decline to exercise jurisdiction over such claims. *See DiPonzio v. Riordan*, 89 N.Y.2d 578, 583 (1997).

As this Court is aware, proximate cause is an essential element of any claim made herein. In order to meet their burden, Plaintiffs must present sufficient allegations that Defendant's

conduct, operating as a retail bank in Ramalla City, was the cause-in-fact of Plaintiffs' injuries. *Terrorist Attack I*, 349 F. Supp. 2d at 797 n. 26. Plaintiffs fail to meet their "cause-in-fact burden as they merely allege that a relationship exists between Al Aqsa and Al Baraka. Assuming *arguendo*, even if a "relationship" existed between Al Aqsa and Al Baraka, Plaintiffs fail to establish "causation" or that Al Aqsa was the proximate cause of their injuries because (1) Al Aqsa is neither a "subsidiary and affiliate" of Al Baraka; and (2) all claims against Al Baraka have been dismissed in their entirety. Thus, Plaintiffs fail to meet their burden in showing any causal connection between any action on the part of Al Aqsa with regard to the 9/11 tragedy.

Defendant submits that the reason Plaintiffs' allegation does not include facts verifying or otherwise proving that Al Aqsa is a "subsidiary and affiliate" of Al Baraka is because – consistent with their RICO filing – no such facts exist. See Exhibit B. In a letter from the Managing Director of Al-Aqsa dated February 19, 2006, to Defendant's counsel and attached hereto as Exhibit B, Al Aqsa certifies that Al Baraka only owns 25% of its stock. *See* Ex. B. As this Court knows, to be a "subsidiary corporation" the parent corporation must own at least a majority (i.e. more than 50%) of the shares and thus have control of the subsidiary. *See* Black's Law Dictionary, 1428 (6th ed. 1990). To be an "affiliate company" the company effectively must be controlled by another company such as the parent. *Id.* at 58. Based upon Exhibit B, it is clear that because Al Aqsa is not controlled by Al Baraka, Al Aqsa ***is not*** a subsidiary or affiliate of Al Baraka as alleged by Plaintiffs' in paragraph 304 of their complaint.

Given the foregoing, Plaintiffs fail to meet their burden in showing any causal connection between any action on the part of Al Aqsa with regard to the 9/11 tragedy. As such, Defendant's motion to dismiss should be granted.

D. Routine Banking Services Cannot Subject A Defendant To Liability.

Al Aqsa cannot be held liable for providing banking services.[7] All courts examining this issue have rejected the proposition that a bank can be held responsible for the way in which its alleged customers use their money. *Burnett I*, 274 F. Supp.2d at 109; *Terrorist Attacks I*, 349 F. Supp. 2d at 832. Examining this potential liability, this Court concluded that there is no support "for the proposition that a bank is liable for injuries done with money that passes through its hands in the form of deposits, withdrawals, check clearing services, or any other routine banking service." *Terror Attacks I*, 349 F. Supp. 2d at 832 (quoting *Burnett I*, 274 F. Supp.2d at 109). Although the act of "funneling" or transferring money to a terrorist is "unlawful and actionable," there is no basis for liability if a bank unwittingly served as a "funnel." *Burnett I*, 274 F. Supp. 2d at 109.

In deciding the motion to dismiss of Al Rajhi Banking & Investment Corporation ("Al Rajhi"), Judge Robertson dismissed all claims related to the provision of banking services, but kept Al Rajhi in the suit only because of allegations that it misused its own zakat fund, hence "funneling" money to terrorists rather than being a simple "funnel." *See id.* After receiving the *Burnett* Plaintiffs' response to their motion for a more definite statement, Al Rajhi filed for dismissal before this Court. *Terrorist Attacks I*, 349 F. Supp. 2d at 832. Upholding Judge Roberston's earlier ruling, and rejecting the Plaintiff's expansive rationale regarding a "know your customer rule," this Court dismissed the complaint against Al Rajhi "in its entirety." *Id.* at 833. Likewise, this Court should dismiss the complaint against Al Aqsa. Plaintiffs herein are not even alleging the same basis for liability as in the Al Rajhi case, such that there is no allegation that Al Aqsa violated its zakat fund or any other internal policy or procedures. Rather,

---

[7] Even though the single allegation does not spell out that the Defendant is providing banking services, Defendant assumes that the Plaintiffs are alleging so.

Plaintiffs allege a more attenuated relationship – one between Al Aqsa and Al Baraka, a defendant which has already been dismissed herein on the basis of a failure to state a claim against it. Accordingly, Plaintiffs' claim against Al Aqsa must be dismissed.

## II. PLAINTIFFS' COMPLAINT FAILS FOR WANT OF PERSONAL JURISDICTION OVER AL AQSA.

Besides failure to state a claim, the complaint can also be dismissed for lack of personal jurisdiction under FRCP 12(b)(2). *See* Ex. A.

### A. Standard of Review

Pursuant to FRCP 12(b)(2), the plaintiff bears the burden of making out a *prima facie* case to establish personal jurisdiction over the defendant. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). In order to survive a motion to dismiss pursuant to Rule 12(b)(2), plaintiffs must provide facts sufficient to establish minimum contacts between the defendants and the forum. *See Second Amend. Found. v. United States Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). "A plaintiff makes such a showing by alleging specific acts connecting the defendant with the forum; mere allegations of a conspiracy will not suffice." *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 121 (D.D.C. 2000); *see also Terrorist Attacks I,* 349 F. Supp. 2d at 805.

### B. Al Aqsa Lacks Minimum Contacts with the United States

Al Aqsa has never availed itself to the jurisdiction of the United States in any manner or fashion. Pursuant to well-established case law, minimum contacts are necessary to sustain this action. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, Plaintiffs' suit against Al Aqsa must be dismissed because Plaintiffs have failed to plead a sufficient nexus between Al Aqsa and the United States. Plaintiffs could not plead sufficient contacts because, as

evidenced by the attached affidavit, Al Aqsa has had no contacts with the United States either in the past or present.

Al Aqsa is a bank headquartered in Ramallah City. It is a small bank with no branches or other offices outside of Palestine. Al Aqsa has never been domiciled, organized, or incorporated in any form in the United States. Ex. A at 3 ¶ 5. Al Aqsa is not, and has never been, licensed or registered to do business in the United States. Ex. A at 3 ¶ 6. Al Aqsa does not, and has never owned or leased property in the United States. Ex. A at 3 ¶ 7. Al Aqsa does not have, and never has had, a branch office, a representative, an employee or an agent in the United States, except for its representation by an attorney in this Court. Ex. A at 3 ¶ 8. Al Aqsa does not now, and has never, offered or advertised banking or any other services within the United States. Ex. A at 3 ¶ 9. Al Aqsa has never received funds which originated in the United States. Ex. A at 3 ¶ 10.

Beyond their legally conclusive statements, Plaintiffs allege only a correspondent banking relationship between Al Aqsa and one US registered bank - Citibank. Pls.' RICO Statement, February 6, 2006. However, pursuant to Exhibit A, Defendant submits that during the period 1999-2001 Al Aqsa had a correspondent relationship with Citibank NY but that the relationship was necessary to perform routine international monetary transfers and has never been used to perform any business within the United States. Moreover, Defendant declares, under penalty of perjury, Al Aqsa does not maintain any correspondent relationships with any United States based banks since 2001. Ex. A at 3 ¶¶ 12-13. Notwithstanding the prior relationship Al Aqsa had with Citibank as recited in Exhibit A, "[c]ourts have repeatedly found that a correspondent bank relationship between a foreign bank and a New York financial institution does not provide sufficient grounds to exercise personal jurisdiction over a foreign bank." *Semi Conductor Materials v. Citibank Int'l PLC,* 969 F. Supp. 243, 244 (S.D.N.Y. 1997)

(citing *Terror Attacks I,* 349 F. Supp.2d at 819). This Court itself has recognized that a correspondent relationship with a U.S. based bank, absent additional allegations … does not satisfy due process requirements and requires dismissal. *See Terror Attacks I,* 349 F. Supp. 2d at 820.

Given the foregoing reasons, it is clear that Defendant's motion to dismiss can and should be granted.

## III. PLAINTIFFS' SUPPLEMENTAL PLEADINGS, SUCH AS THEIR RECENTLY FILED RICO STATEMENT, CANNOT SALVAGE THEIR DEFICIENT COMPLAINT AS IT REGARDS OR RELATES TO AL AQSA – AS SUCH, DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED.

Plaintiffs' complaint can also be dismissed notwithstanding Plaintiffs' supplemental pleadings such as their recently filed RICO statement because the allegations contained therein are not only conclusory in nature but focus on Al Aqsa's alleged relationship with Hamas. Thus, they do not fall within the meaning of Fed. R. Civ. P. 15(d).

### A. Plaintiffs' Supplemental Pleadings Such As Their Recently Filed RICO Statement Are Conclusory In Nature and Irrelevant.

Plaintiffs' supplemental pleadings such as their RICO allegations are conclusory in nature and should not be considered by this Court. Plaintiffs' complaint alleges that Al Aqsa was a "subsidiary and affiliate" of Al Baraka and as such, the assumption goes, provided substantial support to al Qaida. Pls.' Am Compl. ¶ 304. It is important to note, however, that Plaintiffs' amended complaint fails to detail the specific banking services and/or the specific banking customers who allegedly supported Al Qaida in some specified manner. *Id.* Further, and as noted above, Al Aqsa is neither a subsidiary nor affiliate of Al Baraka. *See supra* Pt. II (C).

In fact, in Plaintiffs' recently filed RICO statement, they no longer allege that Al Aqsa is either an affiliate or subsidiary under Al Baraka but instead allege that Al Aqsa is a "banking arm" for Hamas and, as such, is affiliated with al Qaida. Plaintiffs make the further leap that through Hamas' alleged affiliation with Al Qaida, Al Aqsa is somehow responsible for the 9/11 terrorist attacks via Hamas' alleged banking activities through Al Aqsa. Pls.' RICO Statement, February 6, 2006. Assuming *arguendo* that Hamas is a banking client of Al Aqsa, this relationship is too attenuated to establish liability on Al Aqsa's part for the 9/11 tragedy.

Furthermore, *Linde v. Arab Bank* is a pending lawsuit in the Eastern District of New York. 384 F. Supp. 2d 571 (E.D.N.Y. 2005). *Linde* specifically concerns Hamas related allegations and addresses the very issue implicated in the Plaintiffs' RICO filing (i.e., what liability does a Bank Defendant have that allegedly provides unspecified banking services to Hamas?). This Court should not allow this 9/11 family case to morph into a Hamas case for any number of reasons:

First, the Eastern District of New York forum, where *Linde v. Arab Bank* is pending, is just as convenient a forum for Plaintiffs as the Southern District. Thus, having the Plaintiffs litigate the issue of Al Aqsa's alleged links to Hamas in the Eastern District is not a burden for them. *See generally Al Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995) (court properly denied supplemental complaints because they alleged additional causes of action against additional defendants, and plaintiff suffered no prejudice because complaints could be refiled as new actions if desired).

Second, and in terms of judicial economy, allowing Al Aqsa to be named a Defendant in this case based on alleged links to funding international terrorism, via tangential Hamas connections, will essentially tie up two very busy judicial tribunals with the same issue.

Third, with respect to the alleged designation of Al Aqsa, as Defendant's counsel understands, Al Aqsa's designation is limited to alleged Hamas connections. See Pls.' RICO Statement, February 6, 2006. To the extent that counsel's understanding is correct, Defendant submits that this situation provides an even more compelling rationale for Plaintiffs to file their complaint in the Eastern District of New York where the pivotal issue being decided concerns what liability attaches to a party that has alleged connections with Hamas?

Finally, and as this court noted on page 23 of its January 18, 2005 opinion, in the Boim case, the defendants' motion to dismiss was denied "because the complaint contains specific allegations tying the Defendant to Hamas." *In re Terrorist Attacks*, MDL 03-1570, slip op. (S.D.N.Y. Jan. 18, 2005). As is obvious in the case herein, the sole allegation in paragraph 304 of Plaintiffs' amended complaint reference the fact that Al Aqsa was providing banking services in its capacity as a subsidiary and affiliate of Al Baraka. As noted *supra*, Al Aqsa is neither a subsidiary and affiliate of Al Baraka and notwithstanding their limited 25% relationship with Al Baraka, any such relationship should not bar this Court from granting the instant motion as Al Baraka has been dismissed in both the *Ashton* and *Burnett* cases on FRCP 12(b)(6) grounds.

B. Plaintiffs' Supplemental Pleadings Such As Their Recently Filed RICO Statement Does Not Fall Within The Meaning of Fed. R. Civ. P. 15(d).

Finally, Plaintiffs new allegations presented in the form of a RICO statement – besides being conclusory in nature – should not be considered by this Court as they (1) do not bear some relationship to the subject of the original pleading; and (2) concern matters prior to the date of the original pleading. Fed. R. Civ. P. 15(a), (d).

1. *Supplemental Pleadings Are Limited to Subsequent Events Related to the Claim or Defense Presented in the Original Pleading.*

Plaintiffs' RICO Statement alleges that Defendant has a banking relationship with Hamas, which was established in 1997. *See* Pls' RICO Statement, p. 9, February 7, 2006. As noted above, Plaintiffs' new allegations presented in the form of a RICO statement – besides being conclusory in nature – should not be considered by this Court as they do not regard subsequent events that relate to their original claim presented in their amended complaint. To reiterate, in Plaintiffs' 182 page complaint, *only one general conclusory allegation is presented against Al Aqsa*. Pls.' Am. Compl. ¶ 304, March 10, 2004. This allegation does not relate to nor regard Hamas. Case law suggests that while allegations in the supplemental pleading do not need to arise out of the same transaction or occurrence as the original allegation they do, however, need to bear some relationship to the subject of the original pleading. Plaintiffs' new allegations against Al Aqsa regarding the alleged relationship with Hamas do not bear any relationship to the subject of the original pleading which alleges that Al Aqsa is a subsidiary and affiliate of Al Baraka. As such, this Court should not entertain Plaintiffs' new allegations in the form of their RICO Statement since case law suggests that some relationship to the subject of the original pleading is required. *See, e.g., Quratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (leave should be freely granted when additional facts connect supplemental pleading to original pleading); *Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) (court granted leave when new claims sufficiently related to existing claims; *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988), *cert. denied sub nom.*, *City of Hawthorne v. Wright*, 493 U.S. 813, (1989) (in order to supplement pleading, some relationship must exist between newly alleged matters and original matters).

2. *Supplemental Pleadings Are Limited to Setting Forth Transactions or Occurrences or Events Which Have Happened Since the Date of the Pleading Sought to be Supplemented.*

In Plaintiffs' recently filed RICO statement, paragraph 5(b) lists the "dates of, the participants in, and a description of the facts surrounding the predicate acts." As this court will observe, the dates plaintiffs' allege regard "early 1990s to 9/11/2001." Pls' RICO Statement, pp. 2-3, February 7, 2006. Moreover the allegations presented in Plaintiffs' Exhibit A, also do not set forth transactions, occurrences or events that have happened since the date of their Amended Complaint (March 10, 2004). As such, this Court should not entertain Plaintiffs' new allegations in the form of their RICO Statement since FRCP 15(d) applies "only to events that have occurred since the date of the filing of the pleading." Fed. R. Civ. P. 15(d).

## V. CONCLUSION

For good cause shown in this memorandum, the Court should grant the motion to dismiss based on failure to state a claim for which relief can be granted, lack of personal jurisdiction and because Plaintiffs' supplemental pleadings cannot salvage their deficient complaint as it regards or relates to Al Aqsa.

Respectfully Submitted,

/s/

Martin McMahon, Esq., M.M. 4389
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343

*Attorney for Defendant Al Aqsa Islamic Bank*

Dated: February 21, 2006

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of Motion to Dismiss was served via electronic case filing on this 21st day of February, 2006, upon the following:

Mr. Sean P. Carter, Esq.
Cozen O'Connor
1900 Market St.
Philadelphia, Pa. 19103-3508

/s/
Lisa D. Angelo, Esq.