# EXHIBIT 3



| | | |
|---|---|---|
| PHILADELPHIA | | NEW YORK |
| ATLANTA | | NEWARK |
| CHARLOTTE | | SAN DIEGO |
| CHERRY HILL | **COZEN** | SAN FRANCISCO |
| CHICAGO | | SEATTLE |
| DALLAS | **O'CONNOR** | TRENTON |
| DENVER | | WASHINGTON, DC |
| HOUSTON | ATTORNEYS | WEST CONSHOHOCKEN |
| LAS VEGAS | | WICHITA |
| LONDON | | WILMINGTON |
| LOS ANGELES | A PROFESSIONAL CORPORATION | |

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

Sean P. Carter
Direct Phone   215.665.2105
Direct Fax     215.701.2105
scarter@cozen.com

July 15, 2005



**VIA HAND DELIVERY**

The Honorable Richard C. Casey
United States District Court for the District
Of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-27-05

*In Re: Terrorist Attack on September 11, 2001*, 03 MDL 1570 (RCC)
*Federal Insurance Company, et al. v. Al Qaida, et al.*, 03 CV 6978 (RCC)

Dear Judge Casey:

Paragraph 13 of Case Management Order No. 2 (CMO2) establishes a July 31, 2005 deadline for plaintiffs to "file an amended complaint that includes all amendments made prior to that date, whether made pursuant to Rule 12(e) or otherwise." On behalf of all plaintiffs, I write to request that the existing deadline for filing amended complaints be adjourned, until after the Court issues decisions on the pending motions to dismiss.

The clear objective of including the July 31, 2005 deadline for filing amended complaints in CMO2 was to ensure that any and all additional allegations contained in More Definite Statements or other filings ultimately would be incorporated into a single pleading in each of the cases. When the Court endorsed CMO2 in June of 2004, plaintiffs submit that the Court and parties envisioned that by this time all RICO and More Definite Statements would have been filed, the vast majority of the motions to dismiss decided, and that any necessary jurisdictional discovery would be nearing completion. In fact, CMO2 sets a December 31, 2005 deadline for completion of fact discovery, and an April 15, 2006 deadline for expert discovery. Within that anticipated framework, July 31, 2005 represented a reasonable deadline for filing amended complaints.

Since the Court entered CMO2, the procedural and substantive landscapes of the proceedings have changed considerably. Of particular note, there are approximately 40 fully briefed motions to dismiss pending before the Court, which remain to be decided. In several of

The Honorable Richard C. Casey
July 15, 2005
Page 2

those motions, the defendants seek an Order compelling the plaintiffs to file a More Definite Statement, as an alternative to dismissal. As a corollary, in their oppositions to the vast majority of the pending motions to dismiss, the plaintiffs have requested leave to re-plead against the moving defendants, in the event that the Court finds the existing allegations deficient in any respect. In view of these arguments, there is a substantial likelihood that the Court's decisions on the pending motions to dismiss will require further amendments to the pleadings.

Furthermore, in its January 18, 2005 Order, this Court denied the motions to dismiss of several defendants without prejudice, pending completion of jurisdictional discovery. At this point in time, that jurisdictional discovery is ongoing or pending.[1] The ongoing jurisdictional discovery will invariably yield additional facts relevant to the personal jurisdiction analyses, which will require further amendments to the pleadings. In addition, jurisdictional discovery may need to be undertaken in relation to other defendants as well, depending on the Court's decisions on pending and anticipated motions to dismiss.

Moreover, because plaintiffs did not receive authorization to serve a large group of defendants via publication until September 15, 2004, proceedings relating to those defendants, several of whom have been represented by counsel from the outset of the proceedings before this Court but declined to accept service, were delayed until recently, and in some cases have not yet begun. In fact, under several existing and anticipated stipulations with defendants who were recently served via publication or otherwise, plaintiffs in the consolidated actions are not scheduled to file their applicable RICO statements until after July 31, 2005, with briefing on anticipated motions to dismiss or motions for more definite statements to proceed after the filing of the plaintiffs' RICO Statements. Pursuant to paragraph 14 of CMO2, all such RICO statements constitute amendments to the complaint. The Court also extended the service deadline in several of the more recently filed actions. The revised deadline for completion of service in those cases has not yet run, and service efforts are continuing in those cases relative to certain defendants.

In view of the foregoing, it is clear that there will be multiple amendments to the plaintiffs' complaints filed after July 31, 2005. As a result, the plaintiffs submit that the filing of an amended complaint in each of the consolidated actions at this time would fail to accomplish the objective underlying the inclusion of a deadline for filing of amended complaints in paragraph 13 of CMO2, and represent a waste of resources. Simply stated, proceedings in the consolidated actions are not as advanced as the Court and parties anticipated that they would be by this date, and the continued adherence to the deadlines set forth in paragraph 13 would be impractical, and would not serve to advance these proceedings.

---

[1] Consistent with the Court's January 18, 2005 Opinion and Order, plaintiffs served jurisdictional discovery on National Commercial Bank (NCB), Saudi bin Laden Group (SBG), and relevant members of the SAAR Network. SBG requested an extension of the response deadlines, to which the plaintiffs consented. NCB has declined to answer the discovery served upon it, pending resolution of a Motion for Reconsideration it filed on February 1, 2005. The SAAR Network defendants have advised that they intend to withdraw their personal jurisdiction defenses, and plaintiffs have therefore asked that they treat the outstanding discovery as merits discovery and respond within thirty days.

The Honorable Richard C. Casey
July 15, 2005
Page 3

---

In lieu of filing of amended complaints each of the consolidated actions on or before July 31, 2005, plaintiffs would propose that they assemble a package for each defendant, containing all of the RICO Statements or More Definite Statements pertaining to that defendant in each of the consolidated actions. The plaintiffs will provide a copy of this packet to the Court in advance of oral argument on that defendant's motion to dismiss, or at an appropriate time in the event that oral argument on a particular motion is deemed unnecessary. This process should ensure that the Court and parties have an efficient means to survey the allegations against a particular defendant, while alleviating the need for the plaintiffs to file multiple amendments to their respective complaints.

Finally, several of the plaintiffs' attorneys are currently scheduled to be away on vacation over the next few weeks. In the event that the Court declines to adjourn the deadline for filing amended complaints until after the resolution of the defendants' motions to dismiss, the plaintiffs would respectfully request an extension of the existing deadline for filing those amended complaints, up to and including September 30, 2005, to accommodate the vacation schedules of counsel.

Respectfully,

COZEN O'CONNOR

BY:   SEAN P. CARTER

SPC/bdw
cc:   All Counsel of Record (*via email*)

---

*Handwritten note:*

The Court has received and reviewed the parties' submissions. The deadline to file amended complaints is extended to September 30, 2005. Thereafter, the parties will comply with Rule 15.

July 27, 2005

Richard Casey