UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001<br><br>*This document relates to:*<br>*Federal Insurance Co. v. al Qaida*, 03-cv-6978 (RCC) | 03 MDL 1570 (RCC)<br><br>ECF Case |

**DEFENDANT DALLAH AVCO TRANS-ARABIA CO., LTD'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, LACK OF PERSONAL JURISDICTION AND INSUFFICIENT AND CONCLUSORY RICO ALLEGATIONS.**

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone: 202-862-4343
Facsimile:      202-828-4130

*Attorney for Defendant Dallah Avco*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST DALLAH AVCO. ...........................................................................................................................2

   A. Standard of Review. ..........................................................................................3
   B. Plaintiffs' Allegations Are Conclusory And Insufficient To State a Claim. ............................4
   C. Plaintiffs' Complaint Fails to Establish Causation. ...............................................4
   D. Plaintiffs' Allegations Mirror Those Previously Considered and Dismissed By This Court ..in the Ashton and Burnett Cases. ..............................................................................5

III. PLAINTIFFS' COMPLAINT FAILS FOR WANT OF PERSONAL JURISDICTION OVER DALLAH AVCO. .........................................................................................6

   A. Standard of Review ...........................................................................................6
   B. Dallah Avco Lacks Minimum Contacts with the United States ............................7

IV. PLAINTIFFS' SUPPLEMENTAL PLEADINGS, SUCH AS THEIR RECENTLY FILED RICO STATEMENT, CANNOT SALVAGE THEIR DEFICIENT COMPLAINT AS IT REGARDS OR RELATES TO DALLAH AVCO – AS SUCH, DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED. ...................................8

   A. Plaintiffs' Supplemental Pleadings Such As Their Recently Filed RICO Statement Are Conclusory In Nature and Irrelevant. ..............................................8
   B. Plaintiffs' Supplemental Pleadings Such As Their Recently Filed RICO Statement Does ..Not Fall Within The Meaning of Fed. R. Civ. P. 15(d)...................................9

V. CONCLUSION...........................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Browning v. Clinton*, 292 F.3d 235 (D.C. Cir. 2002) ..........................................................................4

*De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996)

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994) .........................................5

*Hishon v. King & Spalding*, 467 U.S. 69 (1984)..............................................................................3, 4

*In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204 (2d Cir. 2003) .............................................7

*In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)
    ...................................................................................................................................*passim*

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ......................................................................2, 8

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994)………….....………………………….6

*Papasan v. Allain*, 478 U.S. 265 (1986) ..........................................................................................4

*Second Amend. Found. v. United States Conf. of Mayors*, 274 F.3d 521 (D.C. Cir. 2001) ..................7

*Tasso v. Platinum Guild Int'l.*, No. CIV8288, 1997 WL 16066, (S.D.N.Y. 1997)…………………3, 7

*Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91 (D.C. 2002) ...................................................5

*United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116 (D.D.C. 2000) ............................................7

*Wagner v. Barrick Gold Corp., et al.,* No. 03 Civ. 4302 (S.D.N.Y. 2006)…………………………….4, 5

*W.E. Media Inc. v. General Electric Co.*, 218 F. Supp. 2d 463 (S.D.N.Y. 2002)……….………9, 10

**Rules**

FRCP 12(b)(2) ...............................................................................................................................1, 7

FRCP 12(b)(6) ............................................................................................................................ 1, 2, 3

FRCP 15(d) ................................................................................................................................*passim*

**Other References**

Eggen, Dan, *Who Aided Hijackers is Still Mystery*, Washington Post (Sept. 10, 2003)………….6

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant Dallah Avco Trans-Arabia Co., Ltd. (hereinafter "Dallah Avco"), by and through its undersigned attorney, hereby moves this Court to dismiss the complaint in the Federal Insurance litigation (hereinafter "Complaint") as it relates to or regards Defendant Dallah Avco.  This entity, for the Court's edification had, at all relevant times, provided routine aircraft maintenance support services, which were rendered exclusively within the Kingdom of Saudi Arabia.

I.      **INTRODUCTION**

Defendant Dallah Avco hereby files this memorandum in support of its motion to dismiss the Plaintiffs' Complaint on three bases: (1) failure to state a claim under FRCP 12(b)(6);  (2) lack of personal jurisdiction under FRCP 12(b)(2);  and (3) Plaintiffs' conclusory supplemental pleadings, such as their recently filed RICO statement, do not fall within the meaning of FRCP 15(d) and, therefore, should not prevent this Court from dismissing Dallah Avco as a matter of law.

FRCP 12(b)(6) relief is appropriate because: (a) Plaintiffs' allegations (if any) against Dallah Avco are conclusory in nature and seek to hold the company liable for hiring an alleged aider and abettor of the 9/11 hijackers seven years prior to the 9/11 tragedy – thus, Plaintiffs' allegations are insufficient to state a claim;  (b) Plaintiffs' allegations also fail for failure to allege that any illegal act on Al Bayoumi's part was performed "within the scope" of his employment and that such conduct advanced the interest of his employer – Dallah Avco;  and (c) Plaintiffs' allegations mirror those previously considered and dismissed by this Court in the *Ashton* and *Burnett* cases – as such, their claims against Dallah Avco should also be dismissed.

Out of Plaintiffs' 182 page complaint only four paragraphs actually refer to Dallah Avco.  In these paragraphs, Plaintiffs merely allege that Dallah Avco hired Al-Bayoumi in or about 1994, to work on an aviation project, and that in 1999 Dallah Avco even sought to terminate his employee contract but the Saudi aviation authority would not permit the termination.  *See* Plfs' Am. Compl.  ¶¶ 414-417.  Notwithstanding the foregoing, assuming <u>arguendo</u> that Al Bayoumi did in fact assist two

of the 9/11 hijackers, Plaintiffs do not allege that he did so in the furtherance of Dallah Avco's business interests or at the direction of Dallah Avco. Again, this Court should appreciate that the company had performed standard aviation maintenance support services exclusively in Saudi Arabia.

Defendant also hereby requests dismissal for lack of personal jurisdiction based upon the absence of any jurisdictional allegations made in the Complaint. As evidenced by the attached affidavit, Dallah Avco has never conducted business of any sort in the United States. *See* Kamel Aff. Ex. A. Because Dallah Avco has never availed itself of the jurisdiction of the United States, the minimum contacts necessary to sustain this action are lacking and Dallah Avco must be dismissed.[1]

Finally, Defendant hereby requests dismissal for the additional reason that Plaintiffs' supplemental pleadings - such as their recently filed RICO statement - allege events, transactions and occurrences that are far more attenuated than their original (albeit very limited) allegations noted in paragraphs 414-419 of their complaint. In addition, any new allegations that Plaintiffs present against Defendant from their RICO statement should not be considered by this Court as they (1) do not bear any relationship to the subject of the original pleading; and (2) concern matters prior to the date of the original pleading. FRCP 15 (d); *see infra* pt. III(B).

For any and all of the foregoing reasons Defendant's motion to dismiss must be granted.

## II. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST DALLAH AVCO.

Plaintiffs' complaint can be dismissed for failure to state a claim under FRCP 12(b)(6). As is obvious, Plaintiffs' allegations are conclusory in nature; they are also lacking in terms of causation as they state nothing more than that in 1994 Dallah Avco hired Al Bayoumi to work on an aviation project commissioned by the Saudi government. *See* Plfs' Am. Compl. ¶ 414. More importantly, Plaintiffs note that, as of 1999, Dallah Avco had actually sought to terminate Al-Bayoumi's annual

---

[1] *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

employment contracts.  *Id.* at 417.  Assuming <u>arguendo</u>, that Al Bayoumi assisted the 9/11 hijackers, Judge Robertson's ruling in *Burnett* is that such an allegation is immaterial, to wit:

> The [third amended complaint] asserts claims against members of the Al-Rajhi family who are bank officers, but it makes no allegations that would support an inference that any Al-Rajhi family member was acting within the scope of his bank employment when he allegedly provided support to al Qaeda, as would be necessary to impose vicarious liability on the bank for the acts of its officers and employees. *See e.g., Tasso v. Platinum Guild Int'l.*, No. CIV8288, 1997 WL 16066, at * 6 (S.D.N.Y. Jan. 16, 1997).

274 F. Supp. 2d 86, 109 n.18 (D.D.C. 2003).  With Judge Robertson's opinion in mind, Al-Bayoumi is nothing more than a former employee of Dallah Avco whom the company tried to terminate as of 1999.  *See* Plfs' Am. Compl. ¶ 417.  Whether or not Al-Bayoumi assisted two of the 9/11 hijackers while in San Diego, California, any such alleged act was neither done at the direction of Dallah Avco nor was it done within the scope of his employment.

    A.    <u>Standard of Review.</u>

A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).  As this Court is aware, in reviewing such a motion, the court must construe the complaint in the light most favorable to plaintiff and must accept as true all allegations and all reasonable factual inferences drawn from the factual allegations.  *See Wagner v. Barrick Gold Corp., et al.,* No. 03 Civ. 4302, 2006 U.S. Dist. LEXIS 3854, at *4 (S.D.N.Y. Jan. 31, 2006).

However, the court need not "accept inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint." *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) (*quoting Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

3

B. <u>Plaintiffs' Allegations Are Conclusory And Insufficient To State a Claim.</u>

As noted above, in their 182 page Complaint, Plaintiffs make a total of four general and conclusory allegations against Dallah Avco. It is well established that general and conclusory allegations are an insufficient basis of liability as "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 833 (S.D.N.Y. 2005) (*quoting De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)). Such conclusive allegations are always insufficient, as a matter of law, to maintain a lawsuit, even if they contain all the requisite elements of a cause of action. *See Id.* at 832-33. For example, in examining the claims made against Al Rajhi Bank in *Ashton* and *Burnett*, this Court noted that the plaintiffs "do not offer facts to support their conclusions that Al Rajhi Bank had to know that Defendant charities…were supporting terrorism." *Id.* at 833. This was the case even though the complaint contained allegations that "Al Rajhi knew or had to know that its depositors…were material supporters of terrorism." *Id.* at 831.

When Plaintiffs' conclusory allegations which appear to allege nothing more than a employer/employee relationship between Al Bayoumi and Dallah Avco are considered with the foregoing holdings in mind, it is clear Dallah Avco must be dismissed from Plaintiffs' complaint for failure to state a claim upon which relief can be granted.

C. <u>Plaintiffs' Complaint Fails to Establish Causation.</u>

Courts deciding issues similar to those presented herein have recognized that the absence of causation may be both a jurisdictional issue and a liability issue. *See Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 98 (D.D.C. 2002). Additionally, Plaintiffs must show that Defendant's actions were a substantial cause of their injuries and that the injuries were reasonably foreseeable to the Defendant. *See First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 769 (2d Cir. 1994). Because of an obvious lack of connection between the Plaintiffs' injuries and the alleged conduct of

Dallah Avco, (i.e. hiring an employee who was accused of assisting two of the 9/11 hijackers outside the scope of his employment duties and who was ultimately cleared of any wrongdoing by the Federal Bureau of Investigation) this Court should grant Dallah Avco's Motion to Dismiss. *See Wagner v. Barrick Gold Corp., et al.,* No. 03 Civ. 4302, 2006 U.S. Dist. LEXIS 3854, at *14 (S.D.N.Y. Jan. 31, 2006) (granting defendants' Motion to Dismiss for failure to adequately allege a causal link between defendants' alleged conduct and plaintiff's securities fraud claim).

As this Court is aware, proximate cause is an essential element of any claim made herein. In order to meet their burden, Plaintiffs must present sufficient allegations that Defendant's conduct, providing aviation services exclusively in Saudi Arabia, was the cause-in-fact of Plaintiffs' injuries. *Terrorist Attack I,* 349 F. Supp. 2d at 797 n.26. Plaintiffs fail to meet their "cause-in-fact" burden as they merely allege that an employer/employee relationship existed between Dallah Avco and Al Bayoumi. Notwithstanding that "relationship," Plaintiffs fail to establish "causation" or that Dallah Avco was the proximate cause of their injuries because (1) Dallah Avco never directed Al Bayoumi to go to San Diego or perform any duties outside of his place of employment whether in California or Saudi Arabia; (2) any conduct that Al Bayoumi allegedly engaged in San Diego, California was not performed in the furtherance of his duties, even if we assume (as Plaintiffs' allege) that he was an aviation project worker; and (3) any actions he may have been accused of while in San Diego, California have ultimately been cleared by the FBI and English authorities, thereby making any "link" between Dallah Avco and Plaintiffs' injuries entirely nonexistent.

For any or all of the foregoing reasons, Plaintiffs fail to meet their burden in showing any causal connection between any action on the part of Dallah Avco with regard to the 9/11 tragedy.

    D.    <u>Plaintiffs' Allegations Mirror Those Previously Considered and Dismissed By This Court in the Ashton and Burnett Cases.</u>

Most of the lawsuits in this mass tort litigation contain allegations relating to Dallah Al Baraka's ownership of companies such as Dallah Avco. The allegations in Plaintiffs' amended

5

complaint are no different than the allegations raised and dismissed in the *Ashton* and *Burnett* cases. Thus, it follows that Plaintiffs' claims against Dallah Avco must also be dismissed.

Mirroring *Ashton* and *Burnett*, Plaintiffs' allegations against Dallah Avco concern the company's employment of Omar Al Bayoumi. In paragraphs 411 – 419 of their amended complaint, Plaintiffs allege Al Bayoumi gave support to two of the hijackers while residing in San Diego, California, as a student of San Diego State University. It should be noted, however, that Al Bayoumi was cleared by the FBI [not to mention MI5] over three years ago and is no longer suspected of having any links to international terrorism. Dan Eggen, *Who Aided Hijackers is Still Mystery*, WASH. POST, Sept. 10, 2003, at A1. Moreover, even assuming <u>arguendo</u> that Al Bayoumi has not been "cleared" by the FBI and had actually assisted two of the 9/11 hijackers, Dallah Avco still cannot be held vicariously liable for his actions as this Court has held, "[a]n employee's actions cannot be a basis for employer liability unless the employee was acting in furtherance of the employer's business." *Terrorist Attacks I*, 349 F. Supp. 2d at 836 (*citing Tasso v. Platinum Guild Int'l.*, No. CIV8288, 1997 WL 16066, at * 6 (S.D.N.Y. Jan. 16, 1997). In short, Plaintiffs' allegations against Dallah Avco must be dismissed as they fail to even suggest that at any time while Al Bayoumi was in America he was acting "in the furtherance of [Dallah Avco's] business" i.e., working on an aviation project.

### III. <u>PLAINTIFFS' COMPLAINT FAILS FOR WANT OF PERSONAL JURISDICTION OVER DALLAH AVCO.</u>

Besides failure to state a claim, the complaint can also be dismissed for lack of personal jurisdiction under FRCP 12(b)(2). *See* Ex. A.

#### A. <u>Standard of Review</u>

Pursuant to FRCP 12(b)(2), the plaintiff bears the burden of making out a *prima facie* case to establish personal jurisdiction over the defendant. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). In order to survive a motion to dismiss pursuant to

6

Rule 12(b)(2), plaintiffs must provide facts sufficient to establish minimum contacts between the defendants and the forum. *See Second Amendment Foundation v. United States Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). "A plaintiff makes such a showing by alleging specific acts connecting the defendant with the forum; mere allegations of a conspiracy will not suffice." *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 121 (D.D.C. 2000); *see also Terrorist Attacks I,* 349 F. Supp. 2d at 805.

      B.      <u>Dallah Avco Lacks Minimum Contacts with the United States</u>

Dallah Avco has never availed itself to the jurisdiction of the United States in any manner or fashion. Pursuant to well-established case law, minimum contacts are necessary to sustain this action. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, Plaintiffs' suit against Dallah Avco must be dismissed because Plaintiffs have failed to plead a sufficient nexus between Dallah Avco and the United States.

Dallah Avco is an aviation-services company based in Saudi Arabia. Dallah Avco does not, and has never owned any bank accounts within the United States. Ex. A at 5. Dallah Avco does not, and has never carried out any activitives within the United States. Ex A at 5. Dallah Avco is not, and never has been, domiciled, organized, or incorporated in any form in the United States. Ex. A at 6. Dallah Avco is not, and never has been, licensed or registered to do business in the United States. Ex. A at 7. Dallah Avco does not, and has never, owned or leased property in the United States. Ex. A at 8. Dallah Avco does not have, and never has had, a branch office, a representative, an employee or an agent in the United States, except for its representation by an attorney in this court. Ex. A at 9. Dallah Avco does not, and has never, offered or advertised any activities or services within the United States. Ex. A at 10. Shares of Dallah Avco stock have never been offered of sold in the United States. Ex A at 12.

Given the foregoing reasons, it is clear that Defendant's motion to dismiss can and should be granted.

IV. **PLAINTIFFS' SUPPLEMENTAL PLEADINGS, SUCH AS THEIR RECENTLY FILED RICO STATEMENT, CANNOT SALVAGE THEIR DEFICIENT COMPLAINT AS IT REGARDS OR RELATES TO DALLAH AVCO – AS SUCH, DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED.**

Plaintiffs' complaint can also be dismissed notwithstanding Plaintiffs' supplemental pleadings, such as their recently filed RICO statement, because the allegations contained therein are not only conclusory in nature but focus on an alleged "ghost job" Dallah Avco somehow funded for its former employee Al Bayoumi.  Thus, Plaintiffs' supplemental pleadings, including their RICO statement, do not fall within the meaning of Fed. R. Civ. P. 15(d).  Finally, given the "hot button" nature of his alleged pre-9/11 activities, it is nothing short of remarkable that neither Al Bayoumi himself nor Dallah Avco has been designated (let alone indicted) by any agency of the United States; it has been four and a half years since 9/11.

  A. <u>Plaintiffs' Supplemental Pleadings Such As Their Recently Filed RICO Statement Are Conclusory In Nature and Irrelevant.</u>

Plaintiffs' supplemental pleadings, such as their RICO allegations, are conclusory in nature and should not be considered by this Court.  On page 8 of their RICO statement, Plaintiffs state "[Al Bayoumi's] employment through Dallah Avco was deemed a "ghost job" by observers."  Pls' RICO Statement, p. 8, February 21, 2006.  Without stating who the "observers" were, Plaintiffs aptly note that "[t]he inquiry into Al Bayoumi was closed for unknown reasons."  *Id.*  More importantly, Plaintiffs' own complaint provides evidence that regardless of what Al Bayoumi was doing in America in or about 1999, Dallah Avco sought to "terminate Al Bayoumi's annual employment contracts" but that "the aviation authority sent an urgent letter advising Dallah Avco that the Saudi government wanted Al Bayoumi's contract renewed as quickly as possible."  Pls' Am. Compl. ¶¶ 417-418.

  Based upon the wholly ambiguous and unsupported allegations in their Complaint and given the abundance of contradictory material contained in their recently filed RICO statement vis-à-vis their Amended Complaint, this Court should not entertain any more attenuated and "six degrees of

8

separation" links between Dallah Avco and Plaintiffs' injuries. *See W.E. Media Inc. v. General Electric Co.*, 218 F. Supp. 2d 463, 475 (S.D.N.Y. 2002). Defendant's motion to dismiss should thus be granted.

### B. Plaintiffs' Supplemental Pleadings Such As Their Recently Filed RICO Statement Does Not Fall Within The Meaning of Fed. R. Civ. P. 15(d).

Supplemental pleadings are limited to setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. FED. R. CIV. P. 15(d). Plaintiffs filed their first amended complaint on May 10, 2004. Plaintiffs supplemented their deficient complaint – as it relates to Dallah Avco – with their recently filed RICO Statement. Premised upon their previously discussed complaint allegations, Plaintiffs' RICO Statement alleges that Defendant funded a "ghost job" in or about the "early 1990s to 9/11/01." *See* Pls' RICO Statement, p. 2, February 21, 2006.

As this court will observe, the dates Plaintiffs allege regard the period from the "early 1990s to 9/11/2001." These allegations do not set forth transactions, occurrences or events that have happened since the date of their Amended Complaint (March 10, 2004). As such, this Court should not even entertain Plaintiffs' new allegations in the form of their RICO Statement since FRCP 15(d) applies "only to events that have occurred since the date of the filing of the pleading." FRCP 15(d).

## V. CONCLUSION

For good cause shown in this memorandum, the Court should grant the motion to dismiss based on failure to state a claim for which relief can be granted, lack of personal jurisdiction and because Plaintiffs' supplemental pleadings cannot salvage their deficient complaint as it regards or relates to Dallah Avco.

                                            Respectfully Submitted,

                                            _____/s/_____
                                            Martin McMahon, Esq., M.M. 4389
                                            Martin McMahon & Associates

1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343

*Attorney for Defendant Dallah Avco*

Dated: March 6, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of Motion to Dismiss was served via electronic case filing on this 6th day of March, 2006, upon the following:

Mr. Sean P. Carter, Esq.
Cozen O'Connor
1900 Market St.
Philadelphia, Pa. 19103-3508

_____/s/_____
Lisa D. Angelo, Esq.