# LAW OFFICES OF
# JERRY S. GOLDMAN & ASSOCIATES, P.C.

TWO PENN CENTER PLAZA • SUITE 1411
1500 JFK BOULEVARD
PHILADELPHIA, PA  19102
TEL: 215.569.4500 • FAX: 215.569.8899
——

111 BROADWAY • 13TH FLOOR
NEW YORK, NY  10006
TEL: 212.242.2232 • FAX: 212.346.4665
——

3109 STIRLING ROAD • SUITE 101
FORT LAUDERDALE, FL  33312
TEL: 954.981.6533 • FAX: 954.989.8068
——

A NEW YORK PROFESSIONAL CORPORATION DULY QUALIFIED TO TRANSACT
BUSINESS WITHIN THE COMMONWEALTH OF PENNSYLVANIA

JERRY S. GOLDMAN
DIRECT DIAL: 215.569.4500 ext. 12
jgoldman@goldmanlawyers.com
Admitted to: NY, PA & MASS
LLM in Taxation

Reply To: New York

January 9, 2006

**Via Overnight Mail**

Barry Coburn, Esquire
Trout Cacheris, PLLC
1350 Connecticut Avenue
Suite 300
Washington, D.C. 20036

Re: **Estate of John P. O'Neill,** *et al.* **v. Al Baraka Investment & Devel.,** *et al.*
**Case No. 04-CV-01923 (RCC)**
**Estate of John P. O'Neill,** *et al.* **v. The Kingdom of Iraq,** *et al.*
**Case No. 04-CV-1076 (RCC)**
**In re Terrorist Attacks of September 11, 2001**
**03 MDL 1570 (RCC)**

Dear Barry:

    In response to our telephone conversation last week, and our exchange of emails, I took the time to review the history of your motions and their procedural stance.   As I understand it, you wish to file a separate Rule 12(b)(6) motion to dismiss, after you filed a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(2) (lack of personal jurisdiction) and 12(b)(5) (insufficiency of service).

    According to our records:

1. On April 25, 2005, the District Court approved  a "Stipulated Extension of Time to Answer or Otherwise Plead" for both O'Neill cases for Asat Trust, Erwin Wachter, Martin Wachter, and Sercor Treuhand Anstalt ("Wachter defendants") (See Exhibit A) ("First Stipulation").   The First Stipulation contained a RICO provision which provided that the Plaintiffs "shall serve their RICO Statements concerning the Stipulated Defendants, as required by Paragraph 7 of the Court's Standing Rules of Practice and in Paragraph 14 of the Case Management Order No. 2, not later than thirty (30) days from the date the Court approves this

**LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.**

January 6, 2006
Page 2

Stipulation and Order." (para. 3). It further provided that the defendants' response would be due 30 days thereafter. (para. 4).

2.  On May 31, 2005, the O'Neill Plaintiffs filed RICO Statements for Asat Trust, Erwin Wachter, Martin Wachter, and Sercor Treuhand Anstalt.

3.  On June 23, 2005, the District Court approved a "Stipulated Extension of Time to Answer or Otherwise Plead" ("Second Stipulation") which further extended the time for the Defendants to respond to the Complaint, based upon the RICO Statement of May 31, 2005 and an amended complaint having been filed on June 14, 2005. (See Exhibit B.)

4.  On August 2, 2005, you filed, on behalf of the Wachter defendants. a motion to Dismiss ("Defendants' Motion"), resting solely on the grounds of purported lack of personal jurisdiction and improper service under Fed. R. Civ. Proc. Rules 12(b)(2) and 12(b)(5).

5.  On August 2, 2005, the O'Neill Plaintiffs filed Amended RICO Statements for Asat Trust, Erwin Wachter, Martin Wachter, and Sercor Treuhand Anstalt. ("Amended RICO Statements").

6.  On September 14, 2005 the O'Neill Plaintiffs filed their Opposition to Defendants' Motion to Dismiss ("Plaintiffs' Response"). This included an index as to the applicable allegations relating to the Wachter defendants as Appendix I. The facts in this Appendix I match the facts as set forth in both the RICO Statements and the Amended RICO Statements.

7.  On September 30, 2005, the O'Neill Plaintiffs filed their More Definite Statements/Additional Allegations ("More Definite Statements") pursuant to CMO 2, para. 13, applicable to Asat Trust, Erwin Wachter, Martin Wachter, Sercor Treuhand Anstalt. There were new allegations only in the Asat Trust More Definite Statement. These, were not, however, included in the Plaintiffs' Response. All other More Definite Statements contained substantively the same allegations as were in the prior RICO Statements.

8.  On September 30, 2005 the O'Neill Plaintiffs filed their First Consolidated Complaints (FCC) in *Iraq* and *Al Baraka*. Attached and incorporated therein in each Complaint were exhibits which included the allegations contained in the Wachter defendants More Definite Statements of September 30, 2005 {Exhibits E, K, L, and N in *Al Baraka* incoporated pursuant to FCC paras. 127 (e), (k), (l), and (n); Exhibits B, C, E, and F in *Iraq* incorporated pursuant to FCC paras. 220(b), (c), (e) and (f)} (with the More Definite Statements and the FCCs referred to collectively as "September 30, 2005 filings").

9.  On October 24, 2005 you filed, on behalf of the Wachter defendants, a Reply Plaintiffs Opposition to the Motion to Dismiss ("Defendants' Reply"). In this document your urged that the RICO Statements should not be considered in relation to motions to dismiss based on jurisdiction.

**LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.**

January 6, 2006
Page 3

When we spoke last week, you indicated that you wished preserve your right to file, in the event that the District Court found that service and jurisdiction were proper, a motion to dismiss for the failure to state a claim under Rule 12(b)(6), on behalf of the Wachter Defendants. You also inquired as to potentially another filing as a result of our September 30, 2005 filings (the MDSs and the FCCs).

The O'Neill Plaintiffs position is that the filing of a second Rule 12(b) Motion would not be permissible, and we would object to it.

Rule 12 (g) provides that

> a party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If the party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

You would not be deprived of your ultimate right to assert these grounds as you could raise your 12(b)(6) challenges in an answer, or, if appropriate and in accordance with the Court's Individual Rules, by way of a Rule 12(h)(2) motion for a judgment on the pleadings *after* the pleadings have closed. Further, you can raise the defense in the course of a summary judgment motion after the completion of discovery, and certainly raise it at the trial on the merits.

During the summer of 2004, an attorney, Ms. Lynne Bernabei, Esquire, for other defendants, Soliman H.S. Al-Buthe and Perouz Sedaghaty, similarly sought to file a 12(b)(6). motion after litigating a 12(b)(5) motion based on insufficiency of service of process. Plaintiffs' counsel, Andrea Bierstein, Esquire, opposed it, advising the Court that plaintiffs were

> entitled to an Answer and to the commencement of discovery. Defendants seek to delay the case with successive pre-Answer motions. Rule 12 precludes precisely this kind of stall tactic. Letter to Court of Bierstein, June 10, 2004 (Exhibit C, attached).

Ms. Bierstein similarly raised with the Court the unequivocal limitation established in 12(g), and discussions of such rule in the Advisory Committee Notes (1966 Amendment) and a leading treatise. See, Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* Sec. 1385.

On June 15, 2004, Judge Casey denied defendants' request. (Exhibit D, attached). Docket 244.

**LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.**

January 6, 2006
Page 4

Moreover, to permit successive motions would be unfair to the other defendants in this litigation who have complied with this Rule and Judge Casey's mandate as to page limitations.[1]

We see no reason why a different rule should apply to the Wachter defendants.

We do note, however, under CMO 4, no. 5, you have the right to address *new* allegations contained within the September filings (and we, likewise, would have the opportunity to respond).

Should you wish to enter into a reasonable briefing schedule to address any of the *new* allegations contained within the September filings as might apply to the question of service of personal jurisdiction, we would be glad to do so.

Very truly yours,

LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.

By: _____
JERRY S. GOLDMAN, ESQUIRE

JSG:jf
Enc. a/s
cc: Scott Tarbutton, Esquire
    Gina M. Mac Neill, Esquire
    Fred Salek, Esquire

---

[1] This is comparable to the Rule which would allow successive 12(b)(6) motions to respond to new allegations only in an amended complaint. if the amended complaint also contains new matter, the defendant may bring a second motion under Rule 12 to object to the new allegations only. *FBN Food Services, Inc. v. Derounian*, 6 F.R.D. 11, 13-14 (N.D. Ill. 1946); *Sears Petrolium & Transt. Corp. vs. Ice Ban Am, Inc.*, 2004 U.S. Dist. LEXIS 6661 (N.D.N.Y. 2004).

**LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.**

January 6, 2006
Page 5

bcc:  Sean Carter, Esquire
      Andrea Bierstein, Esquire

# Exhibit A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILE
DOC #:
DATE FILED: 4-26-05
```

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACKS
ON SEPTEMBER 11, 2001

03 MDL 1570 (RCC)

*ECF*

This document relates to:

*Estate of John P. O'Neill, Sr., et al v. Al Baraka Inv. & Dev. Corp., et al,* 04-CV-1923 (RCC)

*Estate of John P. O'Neill, Sr,. et. al v. Republic of Iraq. et. al.,* 04- CV- 1076 (RCC)

## STIPULATED EXTENSION OF TIME
## TO ANSWER OR OTHERWISE PLEAD

TO THE HONORABLE COURT:

NOW APPEAR, without submitting to the jurisdiction of this Court, Martin Wachter, Erwin Wachter, Secor Treuhand Anstalt, and Asat Trust Reg., by and through the undersigned counsel, along with the undersigned counsel representing the Plaintiffs in these matters, and respectfully stipulate and agree to, subject to the approval of this Court, as follows:

1.      On or about March 14, 2005, Martin Wachter, Erwin Wachter, Secor Treuhand Anstalt, and Asat Trust Reg. ("Stipulating Defendants") each received letters from Gina M. MacNeil, Esq., of the Law Offices of Jerry S. Goldman & Associates, P.C., attorneys for the Plaintiffs in the above-referenced action, sent by the Clerk of the United States District Court for the Southern District of New York, enclosing a copy of the Original Complaint, First Amended Complaint, Second Amended Complaint and Summons in these cases.

1

2.      Assuming *arguendo* that receipt of these letters constituted effective service of process upon these Stipulating Defendants, a responsive pleading would be due on April 4, 2005.

3.      Plaintiffs shall serve their RICO Statements concerning the Stipulating Defendants, as required by Paragraph 7 of the Court's Standing Rules of Practice and in Paragraph 14 of Case Management Order No. 2, not later than thirty (30) days from the date the Court approves this Stipulation and Order.

4.      Stipulating Defendants shall answer or otherwise plead thirty (30) days from the date of filing of the aforesaid RICO Statements for the Stipulating Defendants

5.      Plaintiff shall have forty five (45) days from the filing of such pleading, to respond.

6.      Stipulating Defendants shall have thirty (30) days form the receipt of such response to file a reply, if warranted and/or permitted.

RESPECTFULLY SUBMITTED this 4ᵗʰ day of April, 2005.

> Coburn & Schertler
>
> *[signature]*
>
> Lisa Fishberg (S.D.N.Y. # LF6949)
> Barry Coburn (request for admission *pro hac vice* forthcoming)
> Alexander Bopp (request for admission *pro hac vice* forthcoming)
> 1140 Connecticut Avenue, N.W., Suite 1140
> Washington, D.C. 20036
> Tel.: (202) 628-4199
> Fax: (202) 628-4177
> E-mail: Barry.coburn@att.net;
> abopp@coburnandschertler.com
>
> ATTORNEYS FOR MARTIN WACHTER,
> ERWIN WACHTER, SECOR TREUHAND
> ANSTALT and ASAT TRUST REG.

X:\Clients\ONeill v. Saudi arabia\Documents\Stipulations\First Request for Extension of Time to Answer or Otherwise Plead2Wachter et afinal.doc

05 10:21 FAX 2155698899          JERRY S GOLDMAN ASSOC                    ☒009

*And*

Law Offices of Jerry S. Goldman & Associates,
P.C.

Jerry S. Goldman (JG 8445)
The Trinity Building
111 Broadway, 13th Floor
New York, New York
Tel: (212) 242-2232
Fax: (212) 346-4665

April 4, 2005                    ATTORNEYS FOR PLAINTIFFS

So ordered this 25 day of April, 2005

Hon. Richard C. Casey,
United States District Court Judge

3

# **Exhibit B**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-23-05

(A)ETS.

ECF

### UNITED STATES DISTRICT COURT FOR
### THE SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACKS
ON SEPTEMBER 11, 2001

03 MDL 1570 (RCC)

*This document relates to:*

Estate of John P. O'Neill, Sr., et al v. Al Baraka Inv. & Dev. Corp., et al, 04-CV-1923
(RCC)

Estate of John P. O'Neill, Sr., et. al v. Republic of Iraq, et. al., 04- CV- 1076 (RCC)

### STIPULATED EXTENSION OF TIME
### TO ANSWER OR OTHERWISE PLEAD

TO THE HONORABLE COURT:

NOW APPEAR, without submitting to the jurisdiction of this Court, Martin Wachter,

Erwin Wachter, Secor Treuhand Anstalt, and Asat Trust Reg., by and through the undersigned

counsel, along with the undersigned counsel representing the Plaintiffs in these matters, and

respectfully stipulate and agree to, subject to the approval of this Court, as follows:

1.     On or about March 14, 2005, Martin Wachter, Erwin Wachter, Secor Treuhand

Anstalt, and Asat Trust Reg. ("Stipulating Defendants") each received  letters from Gina M.

MacNeil, Esq., of the Law Offices of Jerry S. Goldman & Associates, P.C., attorneys for the

Plaintiffs in the above-referenced action, sent by the Clerk of the United States District Court for

the Southern District of New York, enclosing a copy of the Original Complaint, First Amended

Complaint, Second Amended Complaint and Summons in these cases.

1

2.     Assuming *arguendo* that receipt of these letters constituted effective service of process upon these Stipulating Defendants, a responsive pleading would have been due on April 4, 2005.

3.     Prior to the responsive pleading due date, Plaintiffs and the herein appearing Defendants entered into a stipulation under which a responsive pleading would become due thirty (30) days from the date of filing of the RICO Statements for the Stipulating Defendants.

4.     The RICO Statements were filed on May 31, 2005, making Defendants' initial pleading due on June 30, 2005.

5.     After Plaintiff filed the RICO Statements, an Amended Complaint was filed and a letter was sent to the Court (dated June 15, 2005) regarding the issue of service of process.

6.     In light of both of these occurrences, the herein appearing Defendants require an additional thirty (30) days, that is until August 1, 2005, to prepare their initial pleading.

7.     Plaintiff shall have forty five (45) days from the filing of such pleading, to respond.

8.     Stipulating Defendants shall have thirty (30) days form the receipt of such response to file a reply, if warranted and/or permitted.

RESPECTFULLY SUBMITTED this 21st day of June, 2005.

Coburn & Schertler

Lisa Flabberg (S.D.N.Y. # LF6946)
Barry Coburn (request for admission *pro hac vice* forthcoming)
1140 Connecticut Avenue, N.W., Suite 1140
Washington, D.C. 20036
Tel.: (202) 628-4199
Fax: (202) 628-4177
E-mail: Barry.coburn@att.net

2

ATTORNEYS FOR MARTIN WACHTER,
ERWIN WACHTER, SECOR TREUHAND
ANSTALT and ASAT TRUST REG.

*And*

Law Offices of Jerry S. Goldman & Associates,
    P.C.

Jerry S. Goldman (JG 8445)
The Trinity Building
111 Broadway, 13th Floor
New York, New York
Tel: (212) 242-2232
Fax: (212) 346-4665

ATTORNEYS FOR PLAINTIFFS

June 21, 2005

So ordered this 23 day of June, 2005

Hon. Richard C. Casey,
United States District Court Judge

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date a true and exact copy of this document

was submitted to the Court using the ECF electronic filing system, thereby causing this

document to be served electronically upon all the attorneys of record in these proceedings.

June 21, 2005

_____
JERRY S. GOLDMAN, ESQ.

4

# **Exhibit C**

HANLY CONROY BIERSTEIN & SHERIDAN LLP
415 MADISON AVENUE
NEW YORK, NEW YORK 10017-1111
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 401-7556
JAYNE CONROY (NY, DC & MA)
(212) 401-7555
CLINTON B. FISHER (NY & DC)
(212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
(212) 401-7550
THOMAS I. SHERIDAN, III (NY)
(212) 401-7602

TELEPHONE (MAIN)
(212) 401-7600

TELECOPIER
(212) 401-7635

**BY HAND**

June 10, 2004

Hon. Richard Conway Casey
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

     Re:   *In re Terrorist Attacks of September 11, 2001*, MDL 1570

Dear Judge Casey:

     I write in response to the letter of Lynne Bernabei dated June 8, 2004 concerning an extension of time for defendants Soliman H.S. Al-Buthe and Perouz Sedaghaty to respond to the Third Amended Complaint. Unfortunately, Ms. Bernabei's letter fails to convey to the Court the true nature of the parties' disagreement. The issue is less about how much time defendants should have than it is about what they need the time for. Ms. Bernabei's partner, Alan Kabat, requested that plaintiffs agree to a briefing schedule for a motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6). Because Al-Buthe and Sedaghaty already filed a Rule 12(b) motion to dismiss (for insufficiency of service of process), they are precluded from filing a second Rule 12(b) motion. Accordingly, I informed Mr. Kabat that plaintiffs would agree to a courtesy extension, until July 21,[1] of these defendants' time to file an Answer, but that I could not agree to a briefing schedule for a motion that defendants had no right to make. (I enclose a print-out of the email correspondence on this subject.) It was at this point that Ms. Bernabei wrote to Your Honor to request "an extension of the briefing schedule" applicable to these defendants, presenting the issue as one of timing only and without disclosing plaintiffs' position that no "briefing schedule" is necessary as defendants are from precluded from filing an additional pre-Answer motion. Our concern is not a technical one: eighteen months after serving these defendants, plaintiffs are entitled to an Answer and to the commencement of discovery. Defendants seek to delay the case with successive pre-Answer motions. Rule 12 precludes precisely this kind of stall tactic.

---

[1] Because of defendants' insistence that we agree to a briefing schedule for their motion to dismiss, there has been no discussion of alternate dates for defendants to file their Answer, nor have Mr. Kabat or Ms. Bernabei offered any explanation why they cannot meet the deadline of July 21 that I proposed.

Hon. Richard Conway Casey
June 10, 2004
Page 2

       — —

      As Your Honor is aware, this action was commenced in August, 2002. As noted in the Court's recent Order of June 1, 2004, these defendants were served in November, 2002, when multiple copies of the summons and complaint were delivered, by hand, to The Mail Stop at 1257 Siskiyou Blvd., Ashland, Oregon (the address listed for these defendants on documents filed with the IRS and the Oregon Secretary of State), and additional copies were mailed to the same address. A year later, in November, 2003, Al-Buthe and Sedaghaty filed their motion pursuant to F.R.C.P 12(b)(5), asserting that the Complaint against them should be dismissed for insufficiency of service of process. On June 1, 2004, this Court denied that motion to dismiss. Having lost their motion to dismiss, Al-Buthe and Sedaghaty are now obligated, under the Federal Rules of Civil Procedure, to answer the Complaint. Plaintiffs offered to extend, by 30 days, the time for these defendants to file their Answer. Defendants, however, maintain that they are entitled to file a second Rule 12 motion and that they need not only a nine-week extension of their time to respond, but a briefing schedule for them to file a motion to dismiss.

      F.R.C.P. Rule 12(g) provides: "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party *shall not thereafter make a motion based on the defense or objection so omitted*, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." (Emphasis added). The rule thus is crystal clear that a defendant who files a motion under Rule 12(b) cannot thereafter file another motion on any other ground specified in Rule 12, except for motions specified in Rule 12(h)(2). It is equally clear that Rule 12(h)(2) does not authorize the filing of an additional pre-Answer motion. Rather, Rule 12(h)(2) provides that certain defenses, including the defense of failure to state a claim upon which relief can be granted "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." That is, once a defendant moves to dismiss under Rule 12(b), but omits to seek dismissal for failure to state a claim, that defense can be raised *only* (i) in the defendant's Answer; (ii) in a motion for judgment on the pleadings (which can be made, under Rule 12(c), only after the pleadings are closed); or (iii) at trial. As explained in the leading treatise on federal civil procedure:

> [I]f defendant exercises the option afforded by Rule 12(b) and raises certain defenses and objections by preliminary motion, he is bound by Rule 12(g), which contemplates a single motion in which defendant asserts all the Rule 12 defenses and objections that are then available to him. *The rule generally precludes a second motion based on any Rule 12 defense or objection that defendant could have but neglected to raise in his original motion.*

Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1385 (emphasis added). Indeed, the treatise is even more specific to defendants' precise situation:

> The ban against successive pre-answer motions extends to the three "substantial defenses" listed in Rule 12(h)(2)--failure to state a claim upon which relief can be granted (Rule 12(b)(6)), failure to join a party indispensable under Rule 19 (Rule 12(b)(7)), and failure to state a legal defense to a claim (Rule 12(f)). *The right to raise these defenses by preliminary motion is lost when defendant neglects to consolidate them in his initial*

Hon. Richard Conway Casey
June 10, 2004
Page 3

> motion. Consequently, if defendant first moves to dismiss on the ground of lack of jurisdiction over his person, he is not allowed to make a second preliminary motion to dismiss on the ground of failure to state a claim upon which relief can be granted. After denial of the initial challenge, defendant should file his answer.

*Id.* (emphasis added). *See also* Advisory Committee Notes (1966 Amendment) ("Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him … and which he could have included, but did not in fact include therein.").

I emphasize that plaintiffs do *not* contend that Al-Buthe and Sedaghaty have waived the defense of failure to state to claim. Under Rule 12(h)(2), that defense may be raised in an Answer and may be the subject of a motion for judgment on the pleadings. But it may not be raised through a second pre-Answer motion to dismiss under Rule 12. Equally important, plaintiffs do not raise this point as a mere technicality or to elevate form over substance. More than 18 months after they were served with the summons and complaint in this action, these defendants still have not answered the Complaint, plaintiffs do not know which allegations are in contention, and discovery has not commenced as to these defendants. In a case with over 200 defendants, it will be impossible ever to move beyond the pleading stage if defendants are permitted to file multiple motions to dismiss addressed to the same complaint. Indeed, under defendants' proposed briefing schedule, their new motions to dismiss would not be heard and decided until more than two years after these defendants were served. Rule 12 expressly bars such an approach and, in the interest of orderly case management and moving this case along, this Court should not permit it. Accordingly, plaintiffs respectfully request that the Court extend only defendants' time to answer the Complaint and not authorize a second pre-Answer motion to dismiss. In this regard, we believe that an extension until July 21 is more than reasonable.

Respectfully,

Andrea Bierstein

cc: All Counsel (w/enclosure, via email or fax)

**EXHIBIT I**

**Andrea Bierstein**

From:     Andrea Bierstein
Sent:     Tuesday, June 08, 2004 6:15 PM
To:       'Alan Kabat'
Subject:  RE: Burnett (MDL 1570)

We do not consent to this schedule. As I noted in my earlier email, because Rule 12 is quite clear that any 12(b)(6) defense you may have cannot be asserted by motion at this time, we will consent only to an extension of time for these defendants to Answer.  Moreover, we believe that an extension until July 21 is more than generous under the circumstances.

Andrea Bierstein
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, New York 10017-1111
(212) 401-7600 (main)
(212) 401-7556 (direct)
(212) 401-7635 (fax)
abierstein@hanlyconroy.com
www.hanlyconroy.com

This electronic message contains information from a law firm which may be confidential or privileged. The information is for the use of the entity or individual named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic transmission in error please notify us immediately.

-----Original Message-----
From: Alan Kabat [mailto:kabat@bernabeiandkatz.com]
Sent: Tuesday, June 08, 2004 6:16 PM
To: Andrea Bierstein
Subject: RE: Burnett (MDL 1570)

Dear Ms. Bierstein,

As we still intend to file a 12(b)(6) motion, which is permitted under the Federal Rules, we propose an extension to August 27, 2004, with plaintiffs' opposition due by September 27, and defendants' reply brief due by October 18.  We will prepare a letter to Judge Casey to that effect; please advise us as to whether plaintiffs will consent to this schedule.

Alan R. Kabat
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C.  20009-7139
tel. (202) 745-1942 (ext. 242)

6/10/2004

fax (202) 745-2627
email: kabat@bernabeiandkatz.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. This message may be attorney-client communication, and as such, is privileged and confidential. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

**From:** Andrea Bierstein [mailto:abierstein@hanlyconroy.com]
**Sent:** Tuesday, June 08, 2004 1:52 PM
**To:** Alan Kabat
**Subject:** RE: Burnett (MDL 1570)

Dear Alan:

   We fail to see any connection between the next status conference in this case and the due date for your clients' Answers. We believe that under Rule 12, Al-Buthe and Sedaghaty must answer the complaint within 20 days of the date of Judge Casey's June 1 order denying your motion to dismiss – that is, no later than June 21. As a courtesy, we are prepared to grant your request for an extension of that date, but, as we approach the 2d anniversary of the filing of this case (and the third anniversary of the tragedy that gave rise to it), and mindful that your clients were served in November, 2002, we cannot consent to an extension of the length that you have requested. We will, however, agree to an additional thirty days, until July 21, for the submission of an Answer. (We do not expect this to be a great hardship, as we note that you have already filed an Answer on behalf of the related defendant, Al Haramain.) We do not, however, understand your request for a briefing schedule. F.R.C.P. 12, sub-divisions (g) and (h), clearly permits only one pre-Answer motion to dismiss on the grounds specified in Rule 12 (b). Defenses not raised in your Rule 12(b) motion, and not waived – see F.R.C.P. 12(h)(1) – can only be raised in accordance with Rule 12(h)(2), *not* by motion under Rule 12(b). Accordingly, we will consent to an extension until July 21 only of your clients' time to answer the Complaint. I would be happy to sign a stipulation to that effect or we can proceed by consent letter to the judge.

Andrea Bierstein
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, New York 10017-1111
(212) 401-7600 (main)
(212) 401-7556 (direct)
(212) 401-7635 (fax)
abierstein@hanlyconroy.com
www.hanlyconroy.com

This electronic message contains information from a law firm which may be confidential or privileged. The information is for the use of the entity or individual named above. If you are not

6/10/2004

the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic transmission in error please notify us immediately.

-----Original Message-----
**From:** Alan Kabat [mailto:kabat@bernabeiandkatz.com]
**Sent:** Tuesday, June 08, 2004 10:04 AM
**To:** Andrea Bierstein; Jayne Conroy; Kaplan, Justin
**Subject:** Burnett (MDL 1570)

Dear counsel:

In light of the fact that the next status conference is not until September, I am writing to request the Burnett plaintiffs' consent to an enlargement of time for Messrs. Al-Buthe and Sedaghaty to respond to the Third Amended Complaint. We propose an enlargement to Tuesday, September 7, 2004 for the defendants' response. What would be a suitable date for your opposition? 45 or 60 days? We would then do a reply brief a month later, which I believe will be consistent with the briefing schedule for other defendants. We will then prepare a consent letter to Judge Casey for his endorsement. Please advise.

Thank you, Alan

Alan R. Kabat
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C.  20009-7139
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email:  kabat@bernabeiandkatz.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. This message may be attorney-client communication, and as such, is privileged and confidential. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

LAW OFFICES

**BERNABEI & KATZ, PLLC**

1773 T STREET N W
WASHINGTON, D C 20009-7139

(202) 745-1942
TELECOPIER (202) 745 2627
E-MAIL BERKATZLAW@AOL COM
WEBSITE WWW.BERNABEIANDKATZ.COM

LYNNE BERNABEI
DEBRA S. KATZ °
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
GENA E. WILTSEK °
AVI L. KUMIN *
RASHIDA A ADAMS

OF COUNSEL

DAVID J. MARSHALL
ELAINE D. KAPLAN

+ADMITTED IN MD ALSO
° ADMITTED IN NY ALSO
* ADMITTED IN CA ALSO

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-16-04

By Federal Express
June 11, 2004

Honorable Richard Conway Casey
U.S. District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street,
Room 1350
New York, NY 10007-1312

Re:    *In re* Terrorist Attacks on Sept. 11, 2001, No. 03 MDL 1570 (RCC);
       Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, No. 03-CV-9840 (RCC)

Dear Judge Casey:

I am writing to provide a brief response to the letter from Ms. Bierstein on behalf of the *Burnett* plaintiffs regarding our request for an extension of the briefing schedule applicable to two defendants, Soliman H.S. Al-Buthe and Perouz Sedaghaty. As a threshold matter, we had entered a special appearance on behalf of these defendants in order to contest service of process, without waiving any other defenses under Rule 12(b), Fed. R. Civ. P. See Entry of Appearance (Oct. 29, 2003) (*Burnett* D.D.C. Docket No. 373).

Contrary to plaintiffs' arguments, the district courts in this and other jurisdictions have allowed successive Rule 12 motions to dismiss, particularly where the first motion was a nonwaivable defense (as here), and the second motion is a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Sharma v. Skaarup Ship Mgmt. Corp., 699 F. Supp. 440, 444 (S.D.N.Y. 1988) ("Rule 12 specifically allows for successive motions to dismiss for failure to state a claim."); aff'd on other grounds, 916 F.2d 820 (2d Cir. 1990); Thorn v. N.Y. City Dep't of Social Services, 523 F. Supp. 1193, 1196 n.1 (S.D.N.Y. 1981) (allowing successive Rule 12(b)(6) motion after filing of Rule 12(b)(3) motion); see also Coleman v. Pension Benefit Guaranty Corp., 196 F.R.D. 193, 196-97 (D.D.C. 2000) (allowing successive Rule 12(b)(6) motion); Federal Express Corp. v. U.S. Postal Serv., 40 F. Supp. 2d 943, 948-49 (W.D. Tenn. 1999) (allowing successive Rule 12(b)(6) motion after filing of Rule 12(b)(1) motion); Jones v. Clinton, 858 F. Supp. 902, 906 (E.D. Ark. 1994) ("Rule 12 specifically allows for successive motions to dismiss for failure to state a claim."); Mylan Laboratories v. Akzo, N.V., 770 F.

Honorable Richard Conway Casey
U.S. District Judge
June 11, 2004
Page 2

Supp. 1053, 1059 (D. Md. 1991) ("courts have applied the [12(h)(2)] rule permissively and allowed the 12(b)(6) defense to be raised at other times"), rev'd on other grounds, 7 F.3d 1130 (4th Cir. 1993).

Indeed, the only authority cited by plaintiffs – Wright & Miller – actually supports defendants' position. Wright & Miller expressly recognize that successive motions to dismiss are allowed under circumstances such as those in this case:

> Other courts have . . . allowed the [Rule 12(b)(6)] defenses to be raised at other times. Since the basic purpose of Rule 12(h)(2) probably is to preserve the defenses, rather than to delimit the mechanism for their assertion, this latter approach seems sound and within the spirit, if not the letter, of the provision [in Rule 12(h)(2)].

5A Wright & Miller, Federal Practice & Procedure: Civil, § 1392, at 761-62 (2d ed. 1990). The rationale is that Rule 12(b)(6) motions are not subject to waiver, can be raised at any time, and do not have to be consolidated with other defenses:

> [The consolidation requirement] does not apply to defenses under Rule 12(b)(1), 12(b)(6), and 12(b)(7), which are exempted by Rule 12(g) from the consolidation requirement and are protected against waiver by Rules 12(h)(2) and 12(h)(3).

Id., § 1361, at 447-48. This rationale must be applied in this case, in order to preserve defendants' right to raise their Rule 12(b)(6) defenses, and will favor judicial economy by resolving this defense at a preliminary stage.

Therefore, I respectfully request that this Court endorse defendants' request for an enlargement of time, up to and including Monday, August 27, 2004, for their response.

Sincerely,

*Lynne Bernabei AK*

Lynne Bernabei
Counsel for Defendants Soliman H.S. Al-Buthe and
Perouz Sedaghaty.

cc: *MDL 1570* Counsel (by e-mail)

*The Court has now reviewed Plaintiffs letter of June 10 + this letter Defendant will not be permitted to make another motion to dismiss at this time, but does not lose the defense*

*Received Busy Casey*

6/15/04

# HANLY CONROY BIERSTEIN & SHERIDAN LLP
415 MADISON AVENUE
NEW YORK, NEW YORK 10017-1111
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 401-7556
JAYNE CONROY (NY, DC & MA)
(212) 401-7555
CLINTON B. FISHER (NY & DC)
(212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
(212) 401-7550
THOMAS I. SHERIDAN, III (NY)
(212) 401-7602

TELEPHONE (MAIN)
(212) 401-7600

TELECOPIER
(212) 401-7635

**BY HAND**

June 10, 2004

Hon. Richard Conway Casey
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

Re:    *In re Terrorist Attacks of September 11, 2001*, MDL 1570

Dear Judge Casey:

I write in response to the letter of Lynne Bernabei dated June 8, 2004 concerning an extension of time for defendants Soliman H.S. Al-Buthe and Perouz Sedaghaty to respond to the Third Amended Complaint. Unfortunately, Ms. Bernabei's letter fails to convey to the Court the true nature of the parties' disagreement. The issue is less about how much time defendants should have than it is about what they need the time for. Ms. Bernabei's partner, Alan Kabat, requested that plaintiffs agree to a briefing schedule for a motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6). Because Al-Buthe and Sedaghaty already filed a Rule 12(b) motion to dismiss (for insufficiency of service of process), they are precluded from filing a second Rule 12(b) motion. Accordingly, I informed Mr. Kabat that plaintiffs would agree to a courtesy extension, until July 21,[1] of these defendants' time to file an Answer, but that I could not agree to a briefing schedule for a motion that defendants had no right to make. (I enclose a print-out of the email correspondence on this subject.) It was at this point that Ms. Bernabei wrote to Your Honor to request "an extension of the briefing schedule" applicable to these defendants, presenting the issue as one of timing only and without disclosing plaintiffs' position that no "briefing schedule" is necessary as defendants are from precluded from filing an additional pre-Answer motion. Our concern is not a technical one: eighteen months after serving these defendants, plaintiffs are entitled to an Answer and to the commencement of discovery. Defendants seek to delay the case with successive pre-Answer motions. Rule 12 precludes precisely this kind of stall tactic.

---

[1] Because of defendants' insistence that we agree to a briefing schedule for their motion to dismiss, there has been no discussion of alternate dates for defendants to file their Answer, nor have Mr. Kabat or Ms. Bernabei offered any explanation why they cannot meet the deadline of July 21 that I proposed.

Hon. Richard Conway Casey
June 10, 2004
Page 2

— —

As Your Honor is aware, this action was commenced in August, 2002. As noted in the Court's recent Order of June 1, 2004, these defendants were served in November, 2002, when multiple copies of the summons and complaint were delivered, by hand, to The Mail Stop at 1257 Siskiyou Blvd., Ashland, Oregon (the address listed for these defendants on documents filed with the IRS and the Oregon Secretary of State), and additional copies were mailed to the same address. A year later, in November, 2003, Al-Buthe and Sedaghaty filed their motion pursuant to F.R.C.P 12(b)(5), asserting that the Complaint against them should be dismissed for insufficiency of service of process. On June 1, 2004, this Court denied that motion to dismiss. Having lost their motion to dismiss, Al-Buthe and Sedaghaty are now obligated, under the Federal Rules of Civil Procedure, to answer the Complaint. Plaintiffs offered to extend, by 30 days, the time for these defendants to file their Answer. Defendants, however, maintain that they are entitled to file a second Rule 12 motion and that they need not only a nine-week extension of their time to respond, but a briefing schedule for them to file a motion to dismiss.

F.R.C.P. Rule 12(g) provides: "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party *shall not thereafter make a motion based on the defense or objection so omitted*, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated." (Emphasis added). The rule thus is crystal clear that a defendant who files a motion under Rule 12(b) cannot thereafter file another motion on any other ground specified in Rule 12, except for motions specified in Rule 12(h)(2). It is equally clear that Rule 12(h)(2) does not authorize the filing of an additional pre-Answer motion. Rather, Rule 12(h)(2) provides that certain defenses, including the defense of failure to state a claim upon which relief can be granted "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." That is, once a defendant moves to dismiss under Rule 12(b), but omits to seek dismissal for failure to state a claim, that defense can be raised *only* (i) in the defendant's Answer; (ii) in a motion for judgment on the pleadings (which can be made, under Rule 12(c), only after the pleadings are closed); or (iii) at trial. As explained in the leading treatise on federal civil procedure:

> [I]f defendant exercises the option afforded by Rule 12(b) and raises certain defenses and objections by preliminary motion, he is bound by Rule 12(g), which contemplates a single motion in which defendant asserts all the Rule 12 defenses and objections that are then available to him. *The rule generally precludes a second motion based on any Rule 12 defense or objection that defendant could have but neglected to raise in his original motion.*

Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1385 (emphasis added). Indeed, the treatise is even more specific to defendants' precise situation:

> The ban against successive pre-answer motions extends to the three "substantial defenses" listed in Rule 12(h)(2)--failure to state a claim upon which relief can be granted (Rule 12(b)(6)), failure to join a party indispensable under Rule 19 (Rule 12(b)(7)), and failure to state a legal defense to a claim (Rule 12(f)). *The right to raise these defenses by preliminary motion is lost when defendant neglects to consolidate them in his initial*

Hon. Richard Conway Casey
June 10, 2004
Page 3

> *motion. Consequently, if defendant first moves to dismiss on the ground of lack of jurisdiction over his person, he is not allowed to make a second preliminary motion to dismiss on the ground of failure to state a claim upon which relief can be granted.* After denial of the initial challenge, defendant should file his answer.

*Id.* (emphasis added). *See also* Advisory Committee Notes (1966 Amendment) ("Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him ... and which he could have included, but did not in fact include therein.").

I emphasize that plaintiffs do *not* contend that Al-Buthe and Sedaghaty have waived the defense of failure to state to claim. Under Rule 12(h)(2), that defense may be raised in an Answer and may be the subject of a motion for judgment on the pleadings. But it may not be raised through a second pre-Answer motion to dismiss under Rule 12. Equally important, plaintiffs do not raise this point as a mere technicality or to elevate form over substance. More than 18 months after they were served with the summons and complaint in this action, these defendants still have not answered the Complaint, plaintiffs do not know which allegations are in contention, and discovery has not commenced as to these defendants. In a case with over 200 defendants, it will be impossible ever to move beyond the pleading stage if defendants are permitted to file multiple motions to dismiss addressed to the same complaint. Indeed, under defendants' proposed briefing schedule, their new motions to dismiss would not be heard and decided until more than two years after these defendants were served. Rule 12 expressly bars such an approach and, in the interest of orderly case management and moving this case along, this Court should not permit it. Accordingly, plaintiffs respectfully request that the Court extend only defendants' time to answer the Complaint and not authorize a second pre-Answer motion to dismiss. In this regard, we believe that an extension until July 21 is more than reasonable.

Respectfully,

Andrea Bierstein

cc:  All Counsel (w/enclosure, via email or fax)

**EXHIBIT I**

**Andrea Bierstein**

| | |
|---|---|
| **From:** | Andrea Bierstein |
| **Sent:** | Tuesday, June 08, 2004 6:15 PM |
| **To:** | 'Alan Kabat' |
| **Subject:** | RE: Burnett (MDL 1570) |

We do not consent to this schedule. As I noted in my earlier email, because Rule 12 is quite clear that any 12(b)(6) defense you may have cannot be asserted by motion at this time, we will consent only to an extension of time for these defendants to Answer.  Moreover, we believe that an extension until July 21 is more than generous under the circumstances.

Andrea Bierstein
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, New York 10017-1111
(212) 401-7600 (main)
(212) 401-7556 (direct)
(212) 401-7635 (fax)
abierstein@hanlyconroy.com
www.hanlyconroy.com

This electronic message contains information from a law firm which may be confidential or privileged. The information is for the use of the entity or individual named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic transmission in error please notify us immediately.

-----Original Message-----
**From:** Alan Kabat [mailto:kabat@bernabeiandkatz.com]
**Sent:** Tuesday, June 08, 2004 6:16 PM
**To:** Andrea Bierstein
**Subject:** RE: Burnett (MDL 1570)

Dear Ms. Bierstein,

As we still intend to file a 12(b)(6) motion, which is permitted under the Federal Rules, we propose an extension to August 27, 2004, with plaintiffs' opposition due by September 27, and defendants' reply brief due by October 18.  We will prepare a letter to Judge Casey to that effect; please advise us as to whether plaintiffs will consent to this schedule.

Alan R. Kabat
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C.  20009-7139
tel. (202) 745-1942 (ext. 242)

Page 2 of 3

fax (202) 745-2627
email: kabat@bernabeiandkatz.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. This message may be attorney-client communication, and as such, is privileged and confidential. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

**From:** Andrea Bierstein [mailto:abierstein@hanlyconroy.com]
**Sent:** Tuesday, June 08, 2004 1:52 PM
**To:** Alan Kabat
**Subject:** RE: Burnett (MDL 1570)

Dear Alan:

   We fail to see any connection between the next status conference in this case and the due date for your clients' Answers. We believe that under Rule 12, Al-Buthe and Sedaghaty must answer the complaint within 20 days of the date of Judge Casey's June 1 order denying your motion to dismiss – that is, no later than June 21. As a courtesy, we are prepared to grant your request for an extension of that date, but, as we approach the 2d anniversary of the filing of this case (and the third anniversary of the tragedy that gave rise to it), and mindful that your clients were served in November, 2002, we cannot consent to an extension of the length that you have requested. We will, however, agree to an additional thirty days, until July 21, for the submission of an Answer. (We do not expect this to be a great hardship, as we note that you have already filed an Answer on behalf of the related defendant, Al Haramain.) We do not, however, understand your request for a briefing schedule. F.R.C.P. 12, sub-divisions (g) and (h), clearly permits only one pre-Answer motion to dismiss on the grounds specified in Rule 12 (b). Defenses not raised in your Rule 12(b) motion, and not waived – see F.R.C.P. 12(h)(1) – can only be raised in accordance with Rule 12(h)(2), *not* by motion under Rule 12(b). Accordingly, we will consent to an extension until July 21 only of your clients' time to answer the Complaint. I would be happy to sign a stipulation to that effect or we can proceed by consent letter to the judge.

Andrea Bierstein
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, New York 10017-1111
(212) 401-7600 (main)
(212) 401-7556 (direct)
(212) 401-7635 (fax)
abierstein@hanlyconroy.com
www.hanlyconroy.com

This electronic message contains information from a law firm which may be confidential or privileged. The information is for the use of the entity or individual named above. If you are not

6/10/2004

the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic transmission in error please notify us immediately.

-----Original Message-----
**From:** Alan Kabat [mailto:kabat@bernabeiandkatz.com]
**Sent:** Tuesday, June 08, 2004 10:04 AM
**To:** Andrea Bierstein; Jayne Conroy; Kaplan, Justin
**Subject:** Burnett (MDL 1570)


Dear counsel:

In light of the fact that the next status conference is not until September, I am writing to request the Burnett plaintiffs' consent to an enlargement of time for Messrs. Al-Buthe and Sedaghaty to respond to the Third Amended Complaint. We propose an enlargement to Tuesday, September 7, 2004 for the defendants' response. What would be a suitable date for your opposition? 45 or 60 days? We would then do a reply brief a month later, which I believe will be consistent with the briefing schedule for other defendants. We will then prepare a consent letter to Judge Casey for his endorsement. Please advise.

Thank you, Alan

Alan R. Kabat
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email: kabat@bernabeiandkatz.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box. This message may be attorney-client communication, and as such, is privileged and confidential. Do NOT forward this message to any third party. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

6/10/2004

# **Exhibit D**

LAW OFFICES

**BERNABEI & KATZ, PLLC**

1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

LYNNE BERNABEI
DEBRA S. KATZ °
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
GENA E. WILTSEK °
AVI L. KUMIN *
RASHIDA A. ADAMS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-16-04

OF COUNSEL:

DAVID J. MARSHALL
ELAINE D. KAPLAN

+ ADMITTED IN MD ALSO
° ADMITTED IN NY ALSO
* ADMITTED IN CA ALSO

By Federal Express
June 11, 2004

RECEIVED
JUN 1 ... 2004
CHAMBERS OF
RICHARD CONWAY CASEY
U.S.D.J.

Honorable Richard Conway Casey
U.S. District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street,
Room 1350
New York, NY 10007-1312

Re:    *In re* Terrorist Attacks on Sept. 11, 2001, No. 03 MDL 1570 (RCC);
       Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, No. 03-CV-9840 (RCC)

Dear Judge Casey:

I am writing to provide a brief response to the letter from Ms. Bierstein on behalf of the *Burnett* plaintiffs regarding our request for an extension of the briefing schedule applicable to two defendants, Soliman H.S. Al-Buthe and Perouz Sedaghaty. As a threshold matter, we had entered a special appearance on behalf of these defendants in order to contest service of process, without waiving any other defenses under Rule 12(b), Fed. R. Civ. P. See Entry of Appearance (Oct. 29, 2003) (*Burnett* D.D.C. Docket No. 373).

Contrary to plaintiffs' arguments, the district courts in this and other jurisdictions have allowed successive Rule 12 motions to dismiss, particularly where the first motion was a nonwaivable defense (as here), and the second motion is a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Sharma v. Skaarup Ship Mgmt. Corp., 699 F. Supp. 440, 444 (S.D.N.Y. 1988) ("Rule 12 specifically allows for successive motions to dismiss for failure to state a claim."); aff'd on other grounds, 916 F.2d 820 (2d Cir. 1990); Thorn v. N.Y. City Dep't of Social Services, 523 F. Supp. 1193, 1196 n.1 (S.D.N.Y. 1981) (allowing successive Rule 12(b)(6) motion after filing of Rule 12(b)(3) motion); see also Coleman v. Pension Benefit Guaranty Corp., 196 F.R.D. 193, 196-97 (D.D.C. 2000) (allowing successive Rule 12(b)(6) motion); Federal Express Corp. v. U.S. Postal Serv., 40 F. Supp. 2d 943, 948-49 (W.D. Tenn. 1999) (allowing successive Rule 12(b)(6) motion after filing of Rule 12(b)(1) motion); Jones v. Clinton, 858 F. Supp. 902, 906 (E.D. Ark. 1994) ("Rule 12 specifically allows for successive motions to dismiss for failure to state a claim."); Mylan Laboratories v. Akzo, N.V., 770 F.

Honorable Richard Conway Casey
U.S. District Judge
June 11, 2004
Page 2

Supp. 1053, 1059 (D. Md. 1991) ("courts have applied the [12(h)(2)] rule permissively and allowed the 12(b)(6) defense to be raised at other times"), rev'd on other grounds, 7 F.3d 1130 (4th Cir. 1993).

Indeed, the only authority cited by plaintiffs – Wright & Miller – actually supports defendants' position. Wright & Miller expressly recognize that successive motions to dismiss are allowed under circumstances such as those in this case:

> Other courts have . . . allowed the [Rule 12(b)(6)] defenses to be raised at other times. Since the basic purpose of Rule 12(h)(2) probably is to preserve the defenses, rather than to delimit the mechanism for their assertion, this latter approach seems sound and within the spirit, if not the letter, of the provision [in Rule 12(h)(2)].

5A Wright & Miller, Federal Practice & Procedure: Civil, § 1392, at 761-62 (2d ed. 1990). The rationale is that Rule 12(b)(6) motions are not subject to waiver, can be raised at any time, and do not have to be consolidated with other defenses:

> [The consolidation requirement] does not apply to defenses under Rule 12(b)(1), 12(b)(6), and 12(b)(7), which are exempted by Rule 12(g) from the consolidation requirement and are protected against waiver by Rules 12(h)(2) and 12(h)(3).

Id., § 1361, at 447-48. This rationale must be applied in this case, in order to preserve defendants' right to raise their Rule 12(b)(6) defenses, and will favor judicial economy by resolving this defense at a preliminary stage.

Therefore, I respectfully request that this Court endorse defendants' request for an enlargement of time, up to an including Monday, August 27, 2004, for their response.

Sincerely,

*Lynne Bernabei AK*

Lynne Bernabei
Counsel for Defendants Soliman H.S. Al-Buthe and
Perouz Sedaghaty.

cc: *MDL 1570* Counsel (by e-mail)

The Court has now reviewed Plaintiffs letter of June 10 + this letter. Defendant will not be permitted to make another motion to dismiss at this time, but does not lose the defense

*Richard Conway Casey*

6/15/04

**Jeannine Fitzgerald**

**From:**    Jeannine Fitzgerald
**Sent:**    Monday, January 09, 2006 4:05 PM
**To:**      Gina MacNeill; 'Fred Salek'
**Subject:** O'neill - Letter to Barry Coburn

See attached.

*Jeannine M. Fitzgerald*
*Law Offices of Jerry S. Goldman & Associates, P.C.*
*Two Penn Center Plaza*
*1500 JFK Boulevard, Suite 1411*
*Philadelphia, PA 19102*
*215-569-4500 ext. 10*
*Fax - 215-569-8899*

FedEx | Ship Manager | Label 7926 2654 6881

Page 1 of 1

From:   Origin ID:   (215)569-4500
AmyLee Murray
L.O. OF JERRY S. GOLDMAN
1500 JFK BLVD
STE. 1411
PHILADELPHIA, PA 19102

FedEx Express **E**

CLS 10/27/0500/10

Ship Date: 09JAN06
ActWgt: 1 LB
System#: 3618554/INET2300
Account#: S *********

REF: O'Neill

Delivery Address Bar Code

SHIP TO:   (202)464-3300          BILL SENDER

**Barry Coburn**
**Trout Cacheris, PLLC**
**1350 Connecticut Avenue**
**Suite 300**
**Washington, DC 20036**



**PRIORITY OVERNIGHT**                                    **TUE**

TRK#   **7926 2654 6881**   FORM 0201      Deliver By:
                                                          10JAN06
                                          **IAD**        A1

**20036**   -DC-US

**ZM JPNA**

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2.  Fold the printed page along the horizontal line.
3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.