# TROUT CACHERIS PLLC

ATTORNEYS AT LAW

PLATO CACHERIS
ROBERT P. TROUT
JOHN THORPE RICHARDS, JR.
BARRY COBURN
AMY BERMAN JACKSON
JOHN F. HUNDLEY
PATRICIA E. CONNELLY*

1350 CONNECTICUT AVENUE, N.W.
SUITE 300
WASHINGTON, D.C. 20036
(202) 464-3300

FAX (202) 464-3319

WWW.TROUTCACHERIS.COM

January 18, 2006

111 ORONOCO STREET
ALEXANDRIA, VIRGINIA 22314
(703) 519-8840

*NOT ADMITTED IN VA

WRITER'S DIRECT DIAL/EMAIL
(202) 464-3305
BCOBURN@TROUTCACHERIS.COM

**By Fax**

Jerry S. Goldman
Law Offices of
   Jerry S. Goldman and Associates
The Trinity Building
111 Broadway, 13th Floor
New York, New York 10006

> Re: <u>Estate of John P. O'Neill, et al. v. Al Baraka Investment and Development, et al.</u>, Case No. 04-CV-01923(RCC), <u>Estate of John P. O'Neill, et al. v. The Kingdom of Iraq, et al.</u>, Case No. 04-CV-1076)(RCC), <u>In Re Terrorist Attacks of September 11, 2001</u>, 03 MDL 1750(RCC)

Dear Jerry:

   We are writing to respond to your letter dated January 9, 2006. The court has made it clear that it expects counsel to resolve such matters among themselves, and we hope that you will work with us to work out a reasonable solution as the court expects us to do. As we have indicated before, what we would like to do is await the court's ruling on the service and personal jurisdiction motions filed in the <u>O'Neill</u> cases and then brief the motion to dismiss the substantive charges in your cases as well as Scott's and any others.

   At the outset, we submit that our position is supported by a close reading of Rule 12. While Rule 12 parts (g) and (h) make it clear that certain defenses are waived if omitted from a motion filed under Rule 12(b), Rule 12(h)(2) specifically carves out the defense of failure to state a claim upon which relief can be granted as an exception. According to Rule 12(h), a

# TROUT CACHERIS PLLC

Jerry S. Goldman
January 18, 2006
Page 2

defense for failure to state a claim may be made in any pleading permitted or ordered under Rule 7(a).

Rule 7(a) calls for, *inter alia,* a complaint and an answer. Rule 12(a) prescribes the timing for the filing of that answer, and Rule 12(a)(4)(1) specifically notes that "the service of a motion permitted under this rule alters these periods of time." How is the time to file a responsive pleading "altered?" Under Rule 12(a)(4)(A), the responsive pleading shall be served 10 days after the court denies the 12(b) motion. Thus, if a motion raising failure to state a claim can be made in any pleading, and a responsive pleading is not due until 10 days after the denial of the service or jurisdictional motion, the rule permits the filing of the 12(b)(6) motion at that time. *See* Advisory Committee Notes, 1966 Amendment, Subdivision (h)("It is to be noted that while the defenses specified in subdivision (h)(1) are subject to waiver as there provided, the more substantial defenses of failure to state a claim upon which relief can be granted … [etc]… are expressly preserved against waiver by amended subdivision (h)(2) and (3)).[1]

Second, we contend that simple fairness and the sound administration of justice support the schedule we are seeking. According to your own chronology, the plaintiffs were obliged to file their RICO statements thirty days after the court approved the Stipulated Extension of Time on April 25, 2005. Your RICO statements were filed a few days late, on May 31, 2005. Thereafter, not in accordance with any order from the court, you amended those RICO statements on August 2, 2005.[2] Then, on September 30, you filed more pleadings, entitled "More Definite

---

[1] We appreciate your bringing to our attention the correspondence with Ms. Bernabei on behalf of her clients, but we do not believe that the court's response in that circumstance necessarily governs the situation here. In the first place, our clients have never been properly served. Furthermore, the court's denial of her application occurred well before your filing of the succession of amended allegations involved here.

[2] You omit from your chronology the fact that on August 22, 2005, the court specifically denied your request to consider the RICO statements to be "supplemental pleadings."

# TROUT CACHERIS PLLC

Jerry S. Goldman
January 18, 2006
Page 3

Statements/Additional Allegations," further revising your allegations. And, on that date, while we were in the process of filing a reply to your opposition to our motion to dismiss on grounds of insufficient service and lack of personal jurisdiction, you filed the Consolidated Complaint, purporting to revise the original complaint to include the material contained in the More Definite Statements.[3]

In other words, plaintiffs have continuously availed themselves of multiple opportunities to revise and supplement their allegations, and the complaint that you claim we should have already moved to dismiss has been something of a moving target. Under those circumstances, we believe it would be appropriate for the plaintiffs to agree to a reasonable briefing schedule for our clients to take their first bite at the apple of challenging the legal sufficiency of everything that you have filed to date. We are not seeking, as you suggest in your footnote, to file "successive 12(b)(6) motions;" we are talking about the filing of the first one.

Third, it would waste the parties' resources and the court's time to initiate briefing on a motion to dismiss a complex civil RICO action while our motion to dismiss on service and jurisdiction grounds is pending. The service motion is not a frivolous one; this court has yet to rule that service on any of the Liechtensteinian defendants was proper. And in our view, nothing in any of the pleadings you have filed to date has cured the jurisdictional deficiencies.

Fourth, we believe that your insistence that a 12(b)(6) motion can no longer be filed elevates form over substance. If -- even under your understanding of the procedural posture of the matter -- all that is required to tee this up is the filing of an answer denying the allegations along with a motion for judgment on the pleadings under Rule 12(c), and that need not be done until the court rules on our motion to dismiss, why not

---

[3] Indeed, as noted in the Supplemental Memorandum of Law in Support of the S&Z defendants on January 9, 2006, it is questionable whether the More Definite Statements and Consolidated Complaint comport with CMO-2 at all.

# TROUT CACHERIS PLLC

Jerry S. Goldman
January 18, 2006
Page 4

agree that we can move under 12(b)(6) at that time? The result would be exactly the same.

Finally, we submit that your letter is inconsistent with the ongoing discussions we have been having with counsel. Scott Tarbutton contacted us in an effort to arrange a mutually agreeable briefing schedule *specifically for the motion to dismiss for failure to state a claim*. We understood from him, and you confirmed in our most recent telephone conversation, that he was speaking as the representative of a group of plaintiffs' counsel, including you. After participating in discussions concerning when a motion would be filed, it is somewhat unseemly for you to take the position now that the filing of the same motion has been waived, particularly since, in CMO #4, on December 9, 2005, the court directed the parties to work on an agreed briefing schedule with respect to motions to dismiss.

We proposed to Scott when we spoke in December that the parties agree that our clients' motion to dismiss could be filed after the ruling upon the service and personal jurisdiction motions. We continue to believe that is the most prudent and efficient course to take, and that it is in accordance with the rules. We had not yet heard back from Scott when we spoke with you on the phone last week. After you wrote your letter, we received an e-mail from Scott indicating that the plaintiffs in his cases want to go ahead and set up a briefing schedule, but that your cases were no longer part of the arrangement.

We urge you and Scott to confer once more to see if we can come up with a mutually agreeable arrangement that would cover all of the cases. Frankly, we cannot imagine what the objection would be to awaiting the court's ruling. The Liechtensteinians' motions have been fully briefed and are ripe for decision. We are certainly willing to work with you to figure out a way to get the service motions heard and resolved if that would help move things along.

# TROUT CACHERIS PLLC

Jerry S. Goldman
January 18, 2006
Page 5

    Thank you for your consideration.

                          Sincerely,

                          Barry Coburn

BC/mbb
cc: J. Scott Tarbutton
    Gina M. MacNeill
    Fred Salek
l-goldman.doc

# TROUT CACHERIS PLLC

ATTORNEYS AT LAW

SUITE 300
1350 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20036

(202) 464-3300

FAX (202) 464-3319

**TO:** Gina M. McNeill

**FAX NUMBER:** (215) 569-8899

**TELEPHONE NUMBER:** (215) 569-4525 ext 25

**FROM:** Barry Coburn

**DATE:** January 18, 2006

**NUMBER OF PAGES INCLUDING COVER:**

**MESSAGE:**

If any pages were not received or are illegible, please call: (202) 464-3300

## CONFIDENTIALITY NOTICE:

The following facsimile is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

212) 784-6420 - Rierstein

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO                 1722
CONNECTION TEL                    12127846420
SUBADDRESS
CONNECTION ID
ST. TIME                 01/18 15:27
USAGE T                  03'16
PGS. SENT                    6
RESULT                   OK
```

# LAW OFFICES OF JERRY S. GOLDMAN & ASSOCIATES, P.C.

A New York Professional Corporation Duly Authorized to Transact Business Within the Commonwealth of Pennsylvania

Two Penn Center Plaza
1500 JFK Blvd.
Suite 1411
Philadelphia, PA 19102

Phone: 215-569-4500
FAX: 215-569-8899
JGoldman@Goldmanlawyers.com

# *Facsimile*

To: Andrea Bierstein
Fax: 212-784-6420
From: Jerry S. Goldman, Esquire
Date: January 18, 2006
Re: Fax from Barry Coburn on 1/18/06
Pages: 6, including this

For your information.

**CONFIDENTIALITY NOTE**