USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 6-16-04

LAW OFFICES
BERNABEI & KATZ, PLLC
1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

LYNNE BERNABEI
DEBRA S. KATZ °
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
GENA E. WILTSEK °
AVI L. KUMIN *
RASHIDA A. ADAMS

OF COUNSEL:
DAVID J. MARSHALL
ELAINE D. KAPLAN

+ADMITTED IN MD ALSO
°ADMITTED IN NY ALSO
*ADMITTED IN CA ALSO

By Federal Express
June 11, 2004




Honorable Richard Conway Casey
U.S. District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street,
Room 1350
New York, NY 10007-1312

Re: *In re* Terrorist Attacks on Sept. 11, 2001, No. 03 MDL 1570 (RCC);
Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, No. 03-CV-9840 (RCC)

Dear Judge Casey:

I am writing to provide a brief response to the letter from Ms. Bierstein on behalf of the *Burnett* plaintiffs regarding our request for an extension of the briefing schedule applicable to two defendants, Soliman H.S. Al-Buthe and Perouz Sedaghaty. As a threshold matter, we had entered a special appearance on behalf of these defendants in order to contest service of process, without waiving any other defenses under Rule 12(b), Fed. R. Civ. P. See Entry of Appearance (Oct. 29, 2003) (*Burnett* D.D.C. Docket No. 373).

Contrary to plaintiffs' arguments, the district courts in this and other jurisdictions have allowed successive Rule 12 motions to dismiss, particularly where the first motion was a nonwaivable defense (as here), and the second motion is a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Sharma v. Skaarup Ship Mgmt. Corp., 699 F. Supp. 440, 444 (S.D.N.Y. 1988) ("Rule 12 specifically allows for successive motions to dismiss for failure to state a claim."); aff'd on other grounds, 916 F.2d 820 (2d Cir. 1990); Thorn v. N.Y. City Dep't of Social Services, 523 F. Supp. 1193, 1196 n.1 (S.D.N.Y. 1981) (allowing successive Rule 12(b)(6) motion after filing of Rule 12(b)(3) motion); see also Coleman v. Pension Benefit Guaranty Corp., 196 F.R.D. 193, 196-97 (D.D.C. 2000) (allowing successive Rule 12(b)(6) motion); Federal Express Corp. v. U.S. Postal Serv., 40 F. Supp. 2d 943, 948-49 (W.D. Tenn. 1999) (allowing successive Rule 12(b)(6) motion after filing of Rule 12(b)(1) motion); Jones v. Clinton, 858 F. Supp. 902, 906 (E.D. Ark. 1994) ("Rule 12 specifically allows for successive motions to dismiss for failure to state a claim."); Mylan Laboratories v. Akzo, N.V., 770 F.

Supp. 1053, 1059 (D. Md. 1991) ("courts have applied the [12(h)(2)] rule permissively and allowed the 12(b)(6) defense to be raised at other times"), rev'd on other grounds, 7 F.3d 1130 (4th Cir. 1993).

Indeed, the only authority cited by plaintiffs – Wright & Miller – actually supports defendants' position. Wright & Miller expressly recognize that successive motions to dismiss are allowed under circumstances such as those in this case:

> Other courts have . . . allowed the [Rule 12(b)(6)] defenses to be raised at other times. Since the basic purpose of Rule 12(h)(2) probably is to preserve the defenses, rather than to delimit the mechanism for their assertion, this latter approach seems sound and within the spirit, if not the letter, of the provision [in Rule 12(h)(2)].

5A Wright & Miller, Federal Practice & Procedure: Civil, § 1392, at 761-62 (2d ed. 1990). The rationale is that Rule 12(b)(6) motions are not subject to waiver, can be raised at any time, and do not have to be consolidated with other defenses:

> [The consolidation requirement] does not apply to defenses under Rule 12(b)(1), 12(b)(6), and 12(b)(7), which are exempted by Rule 12(g) from the consolidation requirement and are protected against waiver by Rules 12(h)(2) and 12(h)(3).

Id., § 1361, at 447-48. This rationale must be applied in this case, in order to preserve defendants' right to raise their Rule 12(b)(6) defenses, and will favor judicial economy by resolving this defense at a preliminary stage.

Therefore, I respectfully request that this Court endorse defendants' request for an enlargement of time, up to an including Monday, August 27, 2004, for their response.

Sincerely,

Lynne Bernabei /AK

Lynne Bernabei
Counsel for Defendants Soliman H.S. Al-Buthe and Perouz Sedaghaty.

cc: *MDL 1570* Counsel (by e-mail)

The Court has now reviewed Plaintiffs letter of June 10 + this letter. Defendant will not be permitted to make another motion to dismiss at this time, but does not lose the defense

Richard Conway Casey

6/15/04