# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

> *Thomas E. Burnett, Sr., et al. v. Al Baraka Investment & Development Corp., et al.*, Case No. 03-CV-9849 (S.D.N.Y.)
> *Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-CV-6978 (S.D.N.Y.)
> *Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, Case No. 04-CV-05970-UA (S.D.N.Y.)
> *Euro Brokers, Inc., et al. v. Al Baraka Investment and Development Corp., et al.*, Case No. 04-CV-07279-UA (S.D.N.Y.)
> *New York Marine and General Insurance Co. v. Al Qaida, et al.*, Case No. 04-CV-6105 (S.D.N.Y.)
> *World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development Corp., et al.*, Case No. 04-CV-7280 (S.D.N.Y.)

## DECLARATION OF GÉRARD PIQUEREZ

I, Gérard Piquerez, state under penalty of perjury as follows:

1.   I am a judge at the State Court of the Republic and canton of Jura in Switzerland (*Tribunal cantonal de la République et canton du Jura*) and a professor of law in criminal proceeding at the University of Berne and Fribourg in Switzerland.

2.   The attached letters, dated March 3, 2006 and March 8, 2006, represent my opinion on matters of Swiss law.

3.   I understand that my opinion has been requested in connection with the above-captioned litigation .

1

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this 10 day of March, 2006.

Gérard Piquerez

2



**TRANSPERFECT**
T R A N S L A T I O N S

### AFFIDAVIT OF ACCURACY

I, Tyler Mickelson, hereby certify that the following is, to the best of my knowledge and belief, within the given parameters, a true and accurate translation of the accompanying document from French into English.

Tyler Mickelson
TransPerfect Translations, Inc.
601 Thirteenth Street, NW
Suite 320 North
Washington, DC 20005

Sworn to before me this
9th day of March 2006

Signature, Notary Public

Lisa Sherfinski
Notary Public, District of Columbia
My Commission Expires 01-01-2008

_____
Stamp, Notary Public

District of Columbia

ATLANTA
BOSTON
BRUSSELS
CHICAGO
DALLAS
DENVER
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
RESEARCH
TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
STOCKHOLM
TOKYO
WASHINGTON, DC

**GERARD PIQUEREZ**

Docteur en droit h.c.
Professeur aux Universités de Berne et Fribourg
Juge au Tribunal cantonal
Tél.-Fax 032 / 466 33 70

Tribunal:
Tél.   bureau 032 / 420 33 00
Fax   bureau 032 / 420 33 01

## AVIS DE DROIT

*délivré à Me Saskia Ditisheim, avocate au Barreau de Genève,*
*au sujet de la pratique du « plea-deal » (ou « plea bargaining ») en Suisse et de sa légalité*

## 1.    La situation de fait

Une procédure américaine a été intentée à l'encontre du client de Me Ditisheim accusé d'avoir financé les attentats du 11 septembre 2001. Selon les avocats américains, le défendeur aurait évité une inculpation par les autorités suisses pour avoir collaboré, notamment en acceptant de coopérer moyennant une renonciation à exercer des poursuites (*négociation pénale*).

Dès lors, il convient d'examiner quelle est la pratique de la *négociation pénale* (« *plea-deal* », « *plea bargaining* ») sur territoire suisse et plus particulièrement sa recevabilité en droit suisse.

## 2.    Les questions de droit

Me Ditisheim nous pose les questions suivantes :

1.  Existe-il un genre de « plea-deal » en Suisse et plus particulièrement au niveau fédéral, soit le Ministère public de la Confédération ?
2.  Le principe de la légalité aurait-il été respecté si un tel accord avait été passé entre Y et le Ministère public de la Confédération ? Est-ce que d'autres principes auraient été violés ?

1

**3. Notion et définition du « *plea bargaining* »**

3.1 Selon la définition donnée par le dictionnaire juridique *Black's*, le « plea bargaining » est « *un accord négocié entre un procureur et un accusé aux termes duquel l'accusé plaide coupable pour une infraction moindre, ou pour l'un des multiples chefs d'accusation, en échange d'une concession par le procureur, habituellement d'une peine moins sévère ou d'un abandon des autres chefs d'accusation* »[1].

En quelque sorte, le *plea bargaining* est un marchandage judiciaire ou une négociation pénale dictée avant tout par un souci de simplification de la poursuite et du jugement susceptible de gérer l'augmentation des affaires pénales et d'accélérer l'issue du procès. Aux Etats-Unis, le système du *plea bargaining* permet de mettre fin à la poursuite pénale sans jugement sur la détermination de la culpabilité, en opérant une *négociation* entre l'accusation et la défense, en renonçant au jury pour juger l'affaire, le juge étant seul compétent pour prononcer la sentence.

**4. La justice négociée ou la négociation pénale en Europe et en Suisse**

***En droit continental***, ce sont les principes d'autorité et d'égalité devant l'action publique qui prévalent. Conformément au *principe d'autorité*, dès qu'il existe des soupçons suffisants qu'une infraction se poursuivant d'office a été commise, l'Etat est tenu d'agir d'*office*, en poursuivant *tous* les délinquants. Ce postulat s'impose sans réserve pour garantir la règle de l'*égalité devant l'action publique* qui prescrit que tout délinquant, quelle que soit sa nationalité, quel que soit son rang social, est soumis à l'action publique née de l'infraction qu'il a commise. Enfin, l'action publique étant d'*ordre public*, elle ne permet pas de transiger, conformément au *principe d'immutabilité*.

En conséquence, le droit européen (y compris le droit suisse) rejette par principe la technique de la justice négociée.

**5. La situation en Suisse**

***Le droit de procédure suisse*** (fédéral et cantonal) considère d'une manière générale que la pratique de la *justice négociée* ou du *plea bargaining* selon l'exemple américain est *illégale*, ce

2

que confirment les avis unanimes de la doctrine[2] et la jurisprudence[3], qui considèrent que le juge répressif (et l'autorité de poursuite en général) ne peut, avant l'audience de jugement, promettre à un prévenu qu'il échappera à toute sanction ou qu'il pourra bénéficier d'une réduction de peine s'il consent à passer aux aveux ou coopère. De tels compromis sont étrangers au droit suisse, car ils violent les principes procéduraux de la *légalité* et de l'*égalité devant l'action publique* et ils contreviennent aux garanties de procédure de l'*interdiction de l'auto-incrimination forcée* et du *droit d'être entendu.*

6.

6.1 ***En droit cantonal,*** un seul canton (Bâle-Campagne) a légiféré en la matière, en adoptant une « procédure simplifiée » (art. 137 à 142 Cpp BL). Toutefois, l'accord écrit – qui exige l'assentiment de toutes les parties – est soumis au Tribunal, qui décide librement de sa ratification.

A Genève, la justice négociée résulte d'une pratique du Parquet du procureur général et existe à différents stades du procès.

6.2 ***En droit fédéral,*** l'article 41 PPF fait interdiction au juge de faire des promesses, donc de procéder à une négociation pénale et, par exemple, d'assurer le prévenu qu'il ne sera pas poursuivi ou qu'il bénéficiera d'une réduction de peine. Le Tribunal fédéral, quant à lui, condamne expressément cette pratique[4]. Quant au législateur, il a renoncé à introduire la pratique de la justice négociée, dans le projet de Code de procédure pénale fédéral[5].

***En conclusion,*** *nous pouvons affirmer :*

1) *que d'une manière générale, la pratique du « plea-deal » ou du « plea bargaining » (négociation pénale) est inconnue en Suisse et qu'elle est même interdite au niveau fédéral par la loi et la jurisprudence ;*

---

1   PAPADOPOULOS, "Plaider coupable". La pratique américaine. Le texte français, Paris, 2005, p. 18.
2   HAUSER/SCHWERI/HARTMANN, Schweizerisches Strafprozessrecht, 6ème éd., n°s 6 ad § 49 et 9 ad § 50 ; OBERHOLZER, Strafprozessrecht, 2ème éd., n° 710 ; DONATSCH, Vereinbarungen im Strafprozess, in : Problèmes actuels de la lutte contre la criminalité, Berne, 1992, p. 167 ; SCHMID, Strafprozessrecht, 4ème éd., n° 113, parmi d'autres.
3   ATF 6S. 300/2004, du 16 février 2005 et 6S. 186/2003, du 22 janvier 2004, cons. 5.7.1.
4   ATF 6S. 186/2003, cons. 5.7.1.
5   Message relatif à l'unification du droit de la procédure pénale du 21 décembre 2005, in : FF 2006 I, p. 1085, n°s 1.5.4 et 1.5.4.2 ; Rapport de la commission d'experts, "unification de la procédure pénale", de 29 à l'unité, Berne 1997, p. 54, n° 4.155.

2)   *qu'en recourant à cette pratique, l'autorité de poursuite fédérale (le Ministère public de la Confédération) viole les principes de la* **légalité**, *de l'***égalité devant l'action publique**, *de l'***interdiction de l'auto-incrimination forcée** *et du* **droit d'être entendu**.

Porrentruy, le 3 mars 2006 / si

Gérard Piquerez

4

**GERARD PIQUEREZ**

Docteur en droit h.c.
Professeur aux Universités de Berne et Fribourg
Juge au Tribunal cantonal
Tél.-Fax 032 / 466 33 70

Tribunal:
Tél.    bureau 032 / 420 33 00
Fax    bureau 032 / 420 33 01

REÇU 0 9 MARS 2006

**Par télécopie : 022/311.23.41**
**et courrier séparé**

Maître
Saskia Ditisheim
Avocate
8, Rue Pierre-Fatio
1204 Genève

Porrentruy, le 8 mars 2006 / si

## Avis de droit

Maître,

J'ai pris bonne note de votre courrier du 1er mars 2006 par lequel vous m'informez qu'aux Etats-Unis, il peut y avoir une différence entre « a non prosecution agreement » (un accord aux termes duquel on renonce à poursuivre un suspect en échange de sa coopération) et « a plea bargain » (qui implique qu'on plaide coupable en échange d'une peine moins lourde).

En conséquence, vos confrères américains vous interpellent pour savoir si l'autorité de poursuite, en particulier le procureur général de la Confédération (Ministère public fédéral) est autorisé à renoncer à exercer des poursuites pénales contre une personne en échange de sa collaboration ou si ce procédé est considéré comme illégal.

Je puis répondre comme suit à cette question.

1.    **La renonciation à poursuivre en droit suisse : l'application du principe de l'opportunité.**

En Suisse, quatre cantons (Glaris, Appenzell Rhodes-Intérieures, les Grisons et le Valais) sont régis par le système strict de la légalité des poursuites et sont tenus de poursuivre dès que les conditions de l'action publique sont données. Quelques cantons ont adopté un système d'opportunité limitée lors de la révision récente de leur procédure pénale : Zurich, Berne, Lucerne, Uri, Schwyz, Obwald, Nidwald, Zug, Fribourg, Soleure, Bâle-Ville, Bâle-Campagne, Schaffhouse, Appenzell-Rhodes Extérieures, Saint-Gall, Argovie, Thurgovie. Le projet du code de procédure pénale suisse, adopte également le principe limité de l'opportunité des poursuites (art. 8). Enfin, quatre cantons (Genève, Neuchâtel, Vaud et Jura) ont opté pour le principe de l'opportunité des poursuites, avec une pratique différente et nuancée dans chaque canton. Le législateur fédéral, quant à lui, a introduit le système de l'opportunité dans la loi fédérale sur les stupéfiants (à l'art. 19a), en autorisant de renoncer à poursuivre l'auteur de l'infraction qui s'est soumis, pour avoir consommé des stupéfiants, à des mesures médicales. Il a fait de même dans le Code pénal, à l'art. 66bis CP, en imposant aux cantons de renoncer à poursuivre le délinquant lorsque sa culpabilité et les

conséquences de son acte sont peu importantes, s'il a été atteint directement par les conséquences de son acte ou s'il a réparé le dommage ou accompli tous les efforts que l'on pouvait attendre de lui pour compenser le tort qu'il a causé ; à l'article 66<sup>ter</sup> en autorisant la suspension provisoire de la poursuite lorsque la victime est le conjoint ou le partenaire hétéro – ou homosexuel de l'auteur. Il a en outre prévu la possibilité (à titre exceptionnel) d'opérer un classement en opportunité (à l'art. 10d LAVI), si l'intérêt de l'enfant victime de l'infraction l'exige impérativement et qu'il l'emporte manifestement sur l'intérêt de l'Etat à la poursuite pénale. Enfin, en matière de délits politiques, le Conseil fédéral peut renoncer à engager des poursuites judiciaires lorsque l'intérêt de l'Etat l'exige (art. 105 PPF et 302 CP).

**2.     Système des poursuites en procédure pénale fédérale**

En droit de procédure pénale fédérale, c'est-à-dire pour les affaires soumises à la juridiction fédérale, l'autorité de poursuite pénale (Ministère public fédéral) est tenue au principe de la légalité, qui l'oblige à ordonner par écrit l'ouverture de l'enquête (ouverture des poursuites) « lorsque des soupçons suffisants laissent présumer que des infractions relevant de la juridiction fédérale ont été commises » (art. 101 al. 1 PPF). Il ne peut mettre un terme à son enquête et renoncer à saisir le juge d'instruction fédéral que « lorsqu'il n'y a pas de motif d'ouvrir l'instruction préparatoire », ce qui se pratique par une décision de suspension qui est notifiée aux parties (art. 106 al. 1 PPF).

Ainsi, en droit de procédure pénale fédérale, en dehors des hypothèses mentionnées sous chiffre précédent (art. 66<sup>bis</sup>, 66<sup>ter</sup>, 10d LAVI, 105 PPF et 302 CP), le procureur général de la Confédération n'est pas habilité à renoncer à exercer des poursuites pénales ou à y mettre un terme en renonçant à saisir le juge d'instruction fédéral, lorsque la commission d'infractions au droit fédéral est avérée et que les conditions d'exercice de l'action publique sont données.

**3.     Admission du procédé de la négociation pénale en cas de coopération du suspect ?**

Comme nous l'avons précisé dans notre avis du 3 mars 2006, le Ministère public de la Confédération (autorité de poursuite fédérale) n'est pas autorisé à recourir à la pratique de la *négociation pénale* et à renoncer à ouvrir une enquête ou intenter des poursuites pénales contre un individu, par le seul fait qu'il aurait coopéré. Cette pratique est interdite au niveau fédéral tant par la loi que par la jurisprudence (ATF 6S. 186/2003, du 22 janvier 2004, cons. 5.7.1). En outre, le législateur fédéral a expressément renoncé à introduire le système du *témoin de la couronne* et prohibe par là la pratique de la renonciation à exercer des poursuites en échange de la collaboration du suspect (à ce sujet, cf. SCHMID, Strafprozessrecht, 4<sup>e</sup> éd., n° 113 ; Message relatif à l'unification du droit de la procédure pénale, du 21 décembre 2005, FF 2006, p. 1086, ch. 1.5.4.2). La seule possibilité qui est admise par la jurisprudence de notre Cour suprême est d'envisager une réduction de peine dans le cadre de la procédure de jugement, en application de l'article 63 CP.

***En conclusion***, je puis confirmer que tant le droit de procédure pénale fédérale que la jurisprudence du Tribunal fédéral prohibent la négociation pénale, tout particulièrement la renonciation à exercer des poursuites pénales au seul motif que le suspect aurait coopéré dans le cadre d'une procédure pénale.

Je vous prie de croire, Maître, à l'assurance de ma considération distinguée.

Gérard Piquerez

**JURA≡CH** **RÉPUBLIQUE ET CANTON DU JURA**                                                          **JUSTICE**

## Tribunal cantonal

**Le Tribunal cantonal est compétent dans les domaines civil, pénal et administratif. Il comprend:**

| | |
|---|---|
| La Cour constitutionnelle | contrôle, sur requête et avant mise en vigueur, la conformité des dispositions légales cantonales et communales au droit de rang supérieur. Elle est également compétente en matière de contentieux électoral, de conflit de compétence et de litiges relatifs à l'autonomie des collectivités publiques.<br>• Président: Pierre Broglin; vice-président: Pierre Boinay |
| La Cour civile | connaît des litiges dont la valeur litigieuse est de Fr 20'000.- au moins. Elle traite des recours (appels et pourvois en nullité) contre les jugements rendus par le juge civil du Tribunal de première instance.<br>• Président: Gérard Piquerez; vice-président: Pierre Theurillat |
| La Cour pénale | traite des recours (appels et pourvois en nullité) formés contre les jugements rendus par le juge pénal et le Tribunal correctionnel<br>• Président: Daniel Logos; vice-président: Gérard Piquerez |
| La Cour criminelle | connaît des crimes punis de la réclusion pour plus de cinq ans.<br>• Président: Gérard Piquerez; vice-président: Daniel Logos |
| La Cour de cassation | traite des pourvois formés contre des arrêts de la Cour criminelle et des demandes en révision concernant tout jugement pénal.<br>• Président: Pierre Boinay; vice-président: Pierre Broglin |
| La Chambre d'accusation | est autorité de surveillance et de recours dans le domaine de la poursuite pénale et de l'instruction.<br>• Président: Pierre Theurillat; vice-président: Pierre Broglin |
| La Chambre administrative | connaît des recours formés contre les jugements rendus par le juge administratif du Tribunal de première instance, la Commission cantonale de recours en matière d'impôts et contre les décisions rendues par la plupart des organes de l'administration cantonale.<br>• Président: Pierre Broglin; vice-président: Pierre Theurillat |
| La Chambre des assurances | connaît des contestations dans le domaine de la sécurité sociale.<br>• Président: Pierre Boinay; vice-président: Daniel Logos |
| La Cour des poursuites et faillites | fonctionne en qualité d'autorité cantonale de surveillance en matière de poursuites et faillites.<br>• Président: Pierre Theurillat; vice-président: Gérard Piquerez |

### Composition

**Président pour 2005**: Daniel Logos
**Vice-président pour 2005**: Pierre Broglin
**Autres membres permanents du Tribunal cantonal:** Pierre Boinay - Gérard Piquerez - Pierre Theurillat
**Juges non permanents:** Carmen Bossart Steulet - Corinne Suter - Jean Crevoisier - Philippe Guélat - Pierre Lachat - Geneviève Bugnon - Jean-François Kohler
**Juges suppléants:** Sylviane Liniger Odiet - Jean Moritz - Vincent Paupe
**Premier greffier:** Jean Moritz
**Greffières:** Sylviane Liniger Odiet - Françoise Stocker

Tribunal cantonal                    Le Château, cp 24, 2900 Porrentruy 2              Email: secr.tc@jura.ch
                                     Tél. 032 420 33 00 / fax 032 420 33 01

**◄ JURA≡CH**

**Page d'accueil ■ Chaire ■** Professeur titulaire de procédure pénale

Université de Fribourg

Rechercher.

**NEWSFLASI**

Trouvez tou
cours et exe
calendrier c
Bonne journ

**Webmastei**

**MENU PRINCIPAL**

Page d'accueil

Chaire

Communications

Cours

Cours Intensif / Master

Examens

Travaux écrits

Bibliographie

Liens pratiques

Contact

**LOGIN DES ÉTUDIANTS**

Nom d'utilisateur

Mot de passe

☐ Se souvenir de moi

**Se connecter**

**Perdu votre mot de passe ?**
Pas encore de compte ?
**Enregistrez-vous**

### Professeur titulaire de procédure pénale

Page 2 sur 2

**INDEX DE L'ARTICLE**

**Contact**

**Publications**

Liste des publications du Prof. Gérard Piquerez:

Traité de procédure pénale bernoise et jurassienne / Gérard Piquerez
Neuchâtel : Ides et Calendes, 1983-1984

Application du principe de la bonne foi et de la règle de l'interdiction de la
"reformatio in pejus" dans le domaine des voies de recours / Gérard Piquerez,
In: Revue jurassienne de jurisprudence / publ. sous l'autorité du Tribunal
cantonal jurassien. - Porrentruy : Chancellerie du Tribunal cantonal. - 1991,
no 1, p. 92-96

L'avenir de la procédure pénale en Suisse / Gérard Piquerez
In: Revue pénale suisse. - Berne. - Année 110 (1992), p. 366-382

La célérité de la procédure pénale en Suisse / Gérard Piquerez
In: Revue internationale de droit pénal. - Toulouse. - N.S. année 66(1995),
no 3/4, p. 657-670

Circulation routière et procédure pénale / Gérard Piquerez
In: Collezione Assista. - Genève : Assista TCS, 1998. - P. 480-498

Commentaire du code de procédure pénale jurassien : du 13 décembre 1990 /
par Gérard Piquerez
Fribourg Suisse : Ed. universitaires, cop. 1993

Commentaire du code de procédure pénale jurassien : du 13 décembre 1990 /
par Gérard Piquerez.
Fribourg Suisse : Ed. universitaires, Cop. 1993

Le concordat sur l'entraide judiciaire et la coopération intercantonale
en matière pénale / Gérard Piquerez
In: Revue fribourgeoise de jurisprudence. - Fribourg. - 1994, 1, p. 1-31

Le concordat sur l'entraide judiciaire et la coopération intercantonale
en matière pénale / Gérard Piquerez
[Fribourg] : [Greffe du Tribunal cantonal], 1994
Tiré à part de: Revue fribourgeoise de jurisprudence. - Fribourg. - 1994, 1

Cours élémentaire d'organisation judiciaire, de procédure administrative,
civile et pénale / par Gérard Piquerez
[S.I.] : [Gérard Piquerez], 1992

Le droit à un juge indépendant et impartial garanti par les articles 58 Cst. et 6

**SONDAGE**

**CALENDRIE**

📅**Mars 2**

Lu  Ma  M

                    1

6    7    8

13   14   1

20   21   2

27   28   2

**EN LIGNE...**

Il y a actuell
en ligne

ch. 1 CEDH impose-t-il de manière absolue une séparation des fonctions judiciaires ? : réflexions d'un praticien / par Gérard Piquerez
In: La semaine judiciaire. - Genève. - Année 111 (1989), no 7, p. 114-132

Les droits de la défense dans le procès pénal suisse / Gérard Piquerez
In: Procédure pénale, droit pénal international, entraide pénale : études en l'honneur de Dominique Poncet. - Chêne-Bourg : Georg, 1997. - P. 71-96

La durée du procès pénal / Gérard Piquerez
In: L'avocat suisse. - Zürich. - Nr. 148(1994), 1, p. 24-26

Expertise sur l'instruction pénale dans le canton de Fribourg : résumé du rapport au Conseil d'Etat / Gérard Piquerez, Pierre Cornu
Porrentruy ; Neuchâtel : [s.n.], 2000

Le fédéralisme : un obstacle à la lutte contre la criminalité ? / Gérard Piquerez
In: Revue pénale suisse. - Berne. - Année 110 (1992), p. 57-67

L'interdiction de la "reformatio in pejus" en procédure civile et en procédure pénale / par Gérard Piquerez
In: Mélanges Assista / coordination générale par François Antoniazzi. - Genève : Touring Club Suisse : Assista, 1989. - P. 495-517

Manuel de procédure pénale suisse / Gérard Piquerez
Zurich : Schulthess juristische Medien, 2001

Les mesures protectrices de l'union conjugale selon le nouveau droit du mariage / par Gérard Piquerez
In: Problèmes de droit de la famille. - Neuchâtel : Ides et Calendes, cop. 1987. - P. 113-126

Les mesures provisoires en procédure civile, administrative et pénale : la procédure pénale / Gérard Piquerez
In: Revue de droit suisse. - Basel. - N.F. Bd. 116(1997), Halbbd. 2, H. 1, p. 1-133

La motivation des décisions de justice en droit pénal / Gérard Piquerez
In: Strafrecht und Öffentlichkeit : Festschrift für Jörg Rehberg zum 65. Geburtstag. - Zürich : Schulthess Polygraphischer Verl., 1996. - P. 251-267

Les nouvelles dispositions en matière de procédure pénale / par Gérard Piquerez
In: Revue jurassienne de jurisprudence. - Porrentruy. - 2001, 1, p. 73-94

Le point sur le droit pénal et la procédure pénale = Entwicklungen im Strafrecht und Strafprozessrecht / Gérard Piquerez
In: Schweizerische Juristen-Zeitung. - Zürich. - Jg. 91 (1995), H. 19, S. 367-369

Précis de procédure pénale suisse / Gérard Piquerez
Lausanne : Payot, 1987
Collection juridique romande. Précis et traités

Précis de procédure pénale suisse / Gérard Piquerez
Lausanne : Payot, 1994
2e èd. revue et complété
Collection juridique romande. Précis et traités

La preuve pénale : présentation générale / par Gérard Piquerez
In: Revue jurassienne de jurisprudence. - Porrentruy. - 2004, 1, p. 7-23

La procédure des mesures protectrices de l'union conjugale selon les articles
172 ss CC / par Gérard Piquerez
In: Revue jurassienne de jurisprudence. - Porrentruy. - 1993, no 2, p. 101-131

Procédure pénale bernoise / Gérard Piquerez
Neuchâtel : Ides et Calendes, 2002-2003

Procédure pénale jurassienne / Gérard Piquerez
Fontenais : G. Piquerez, [2002]

Procédure pénale suisse : traité théorique et pratique / Gérard Piquerez
Zürich : Schulthess, 2000

Quelques problèmes posés par l'exercice de l'action civile en procédure
pénale, en particulier avec le système des prétentions civiles de la LAVI / par
Gérard Piquerez
In: Responsabilité civile et assurance : études en l'honneur de Baptiste Rusconi. -
Lausanne : Bis et Ter, 2000. - P. 279-293

La responsabilité des hôpitaux publics jurassiens en raison de l'exercice des
professions médicales  dans ces établissements / Gérard Piquerez ; [éd.] Ordre
des avocats jurassiens, Société médicale du Canton du Jura
[Porrentruy] : [Tribunal cantonal], [1987]

Revue jurassienne de jurisprudence : répertoire 1991-2001 / par Pierre
Broglin et Gérard Piquerez
[Porrentruy] : [Chancellerie du Tribunal cantonal], [2003]

La saisie probatoire en procédure pénale / Gérard Piquerez
In: Wirtschaft und Strafrecht : Festschrift für Niklaus Schmid zum 65.
Geburtstag. - Zürich : Schulthess, 2001. - P. 659-677

<<Précédent - Suivant

Dernière mise à jour : ( 02-02-2006 )

**< Précédent          Suivant >**

[ Retour ]

Copyright 2000 - 2005 Miro International Pty Ltd. All rights reserved.
**Mambo** is Free Software released under the GNU/GPL License.

**Page d'accueil ■ Chaire ■** Professeur titulaire de procédure pénale

**Université de Fribourg**

Rechercher.

**NEWSFLASI**

Trouvez tou
cours et exe
calendrier c
Bonne jourr

**Webmaster**

**MENU PRINCIPAL**

Page d'accueil

Chaire

Communications

Cours

Cours Intensif / Master

Examens

Travaux écrits

Bibliographie

Liens pratiques

Contact

**LOGIN DES ÉTUDIANTS**

Nom d'utilisateur

Mot de passe

☐ Se souvenir de moi

**Se connecter**

**Perdu votre mot de passe ?**
Pas encore de compte ?
**Enregistrez-vous**

**Professeur titulaire de procédure pénale**

Page 1 sur 2

**Gérard Piquerez**, Professeur titulaire de procédure pénale



**Bureau**

La Chaive
**2902 Fontenais**
**+41324663370 (privé)**
**+41324663300 (prof.)**
**g.piquerez@jura.ch**

**INDEX DE L'ARTICLE**

Contact
**Publications**

**SONDAGE**

**CALENDRIE**

🖼Mars 2

Lu  Ma  M

        1
6   7   8
13  14  1
20  21  2
27  28  2

**EN LIGNE...**

Il y a actuell
en ligne

Dernière mise à jour : ( 02-02-2006 )

Précédent - **Suivant>>**

**< Précédent          Suivant >**

[ **Retour** ]

Copyright 2000 - 2005 Miro International Pty Ltd. All rights reserved.
**Mambo** is Free Software released under the GNU/GPL License.

Cantonal Court Judge
Phone/Fax: 032/486.33.70

Court
Tel: office 032/420.33.00
Fax: office 032/420.33.01

LEGAL OPINION

*issued to Ms. Saskia Ditisheim, Esq., attorney at the Geneva Bar,*
*on the subject of plea bargaining in Switzerland and its legality*

1.      Facts

Legal proceedings were initiated in the U.S. against Ms. Ditisheim's client, who was accused of having financed the September 11, 2001 attacks. According to the American attorneys, the defendant avoided a conviction by Swiss authorities for this collaboration, specifically by having accepted to cooperate in exchange for a waiver of initiation of criminal proceedings.

Thus, this opinion will examine the nature of "plea bargaining" in Switzerland and specifically its admissibility under Swiss law.

2.      Legal Questions

Ms. Ditisheim asked us the following questions:

1. Does a form of plea-bargaining exist in Switzerland, particularly at the federal level such as the Public Prosecutor's office?
2. Will there have been compliance with the  principle of legality if such an agreement was reached between Y and the Public Prosecutor's office? Will any other principles have been violated?

1

3. Concept and definition of plea-bargaining

3.1 According to the definition in *Black's Law Dictionary,* plea bargaining is "an agreement negotiated between a prosecutor and a suspect, under which the suspect pleads guilty to a lesser offense or to one of multiple charges in exchange for a concession on the prosecutor's part, generally a lesser sentence or waiver of additional charges".[1]

Essentially, plea bargaining is a legal bargaining tool designed primarily to simplify the prosecution and ruling process to manage the increase in criminal cases and accelerate the closing of the case. In the United States, the plea bargaining system allows criminal proceedings to be ended without a ruling on determination of guilt by allowing the prosecution and defense to negotiate, eliminating the jury, and having the judge pronounce the sentence.

4. Plea bargaining in Europe and Switzerland

*In European law*, the principles of authority and equality in public prosecution prevail. In accordance with the principle of authority, when there is sufficient suspicion that a punishable offense has been committed, the States is required to act, prosecuting all of the offenders. This principle applies without exception to guarantee the principle of equality in public prosecution that states that all offenders, regardless of nationality and social class, shall be subject to public prosecution based on the offense that they committed. Finally since public prosecution is a public process, it does not allow for compromise in accordance with the principle of immutability.

Consequently, European law, including Swiss law, rejects the technique of plea-bargaining on principle.

5. The situation in Switzerland

Swiss law governing legal proceedings (federal and cantonal) generally considers the practice of plea-bargaining, in the American sense, to be illegal, which

2

confirms the unanimous conclusions based on law[2] and jurisprudence[3], which state that the repressive judge (and the prosecutor's office in general) may not, before the hearing, promise a suspect that he/she will escape all punishment or receive a reduced sentence if he/she consents to make a confession or cooperate. These types of compromise are foreign to Swiss law, since they violate the principles of legality and equality in public prosecution and they contradict the guarantees of prohibition of forced self-incrimination and right to a hearing.

6.

6.1 In terms of cantonal law, only one canton (Basel Land) has legislation on the subject, by adopting a "simplified procedure" (Art. 137-152 CPP BL). However, the written agreement, which requires consent from all parties, is submitted to the Court, which freely decides whether it shall be accepted.

In Geneva, plea-bargaining is a practice conducted by the General Prosecutor and exists at various stages of the proceedings.

6.2 In terms of federal law, Article 41 of the Federal Criminal Code prohibits the judge from making any promises, and thus from conducting any plea bargaining, or for example, guaranteeing any suspect that he/she will not be prosecuted or will receive a reduced sentence. The Federal Court expressly prohibits this practice.[4] Legislators have also failed to incorporate the practice of plea-bargaining into the draft Federal Criminal Code (PPF).[5]

*In conclusion, we can confirm:*

*1) that in general, the practice of plea bargaining is not used in Switzerland and that it is even prohibited at the federal level by both law and jurisprudence;*

---

[1] Papadopoulos, "Plaider coupable". La pratique américaine. Le texte français. ["Plead Guilty." American Practice and French Law. ] Paris, 2005, p.18.

[2] Hauser/Schmeri/Hartmann, Schweizerisches Strafprozessnecht. 6th ed. Nos. 6 ad § 49 el 9 § ad 50; Oberholzer, Strafprozessrecht, 2nd ed. No. 710; Donatsch, Vereinbarungen im Strafprozessnecht, in Problèmes actuels de la little contre la criminalité [Current Issues in the Fight against Criminal Behavior]. Bern, 1002, p. 167; Schmid, Strafprozessrecht 4th ed., No. 113, and others.

[3] ATF 6S. 300/2004 of February 16, 2005 and 6S. 186/2003 of January 22, 2004, 5.7.1.

[4] ATF 6S. 186/2003, 5.7.1.

[5] Message on the unification of criminal law proceedings of December 21, 2006 in FF 2006 l. p. 1085, Nos. 1.5.4 and 1.5.4.2; Expert commission report "unification de la procedure pénale" [unification of criminal law proceedings], "de 29 à unite" [from 29 to unity]. Bern 1997, p. 54, No. 4.155.

2) *that by engaging in this practice the Federal public prosecutor's office would be in violation of the principles of legality and equality in public action, the prohibition of forced self-incrimination and the right to a hearing.*

Porrentruy, March 3, 2006/si

[signature]

Gérard Piquerez

GERARD PIQUEREZ
Doctor of Law (JD)
Professor, University of Bern and University of Freiburg
Cantonal Court Judge
Phone/Fax: 032/486.33.70

Court
Tel: office 032/420.33.00
Fax: office 032/420.33.01

By fax: 022/011.23.41
Hard copy mailed to:

Ms. Saskia Ditisheim, Esq.
Attorney-at-law
8, Rue Pierre-Falio
1204 Geneva

Porrentruy, March 8, 2006

Legal Opinion

Dear Madam:

I received your letter dated March 1, 2006, in which you informed me that in the United States, there can be a difference between a "non-prosecution agreement" (in which a suspect is excused from prosecution in exchange for his/her cooperation) and a "plea bargain" (which involves an admission of guilt in exchange for a lesser sentence).

As a result, your American colleagues have inquired whether the legal authorities involved in the proceedings, in particular the general prosecutor for the Confederation, is authorized to halt legal proceedings against an individual in exchange for his/her cooperation or if this is considered an illegal practice.

My response to this question is as follows:

1.      Waiver of prosecution under Swiss law: application of the principle of opportunity.

In Switzerland, four cantons (Glarus, Appenzell Innerrhoden, Graubunden and Valais) are governed by a strict system for legal prosecution and are required to prosecute if the conditions for public action exist. Several cantons have adopted a limited opportunity based system during the recent revision of their legal procedures: Zurich, Bern, Luzern, Uri, Schwyz, Obwalden, Nidwalden, Zug, Freiburg, Solothurn, Basel Stadt, Basel Land, Schaffhausen, Appenzell Ausserrhoden, Sankt Gallen, Aargau and Thurgau). The draft Swiss legal procedure code also included the limited opportunity prosecution system (Art. 8). Finally, four cantons (Geneva, Neufchatel, Vaud and Jura) opted for the opportunity system for prosecution, with a slightly different procedure in each canton. Federal legislation introduced the opportunity system into the federal law on narcotics (Art. 19e) by authorizing the waiver of prosecution of an offender who has been admitted for medical care following the consumption of narcotics. The same occurred in the Legal Code in Article 68.5, requiring Cantons to waive prosecution of an offender if he/she admits guilt and that the consequences of his/her action are insignificant, if he/she was directly

injured by the consequences of his/her act, or if he/she provided compensation for the damages or took every action to attempt to compensate for the wrong that he/she did. Article 68.5 authorizes temporary suspension of the proceedings in the event that the victim is the spouse or heterosexual or homosexual partner of the offender. It also includes the possibility (on a single occasion) to conduct a opportunity classification )in Art. 10d LAVI) in the event that a child victim is involved and his/her interests are clearly a priority over those of the state in the legal prosecution. Finally, in terms of political infractions, the Federal Counsel may waive the right to prosecution if the interest of the State require (Art. 105 PPF, Art. 302 CP).

2.      System of prosecution under federal criminal law

Under federal criminal law, meaning for cases submitted to federal court, the Federal Public Prosecutor's Office is required to comply with legal principles, which require the start of the inquiry to be ordered in writing (initiation of proceedings) "when there is adequate suspicion that the offense submitted to federal court was committed" (Art. 101, par. 1 PPF). It cannot end the inquiry and waive the right to convene the examining judge unless "there is no reason to begin the preliminary examination", which occurs through a suspension order. Notice is then issued to both parties (Art. 106, par. 1 PPF).

In this way, in federal criminal law, with the exception of those scenarios listed under number 1, (Art. 66, 10d LAVI, 105 PPF and 302 CP) the general prosecutor for the Confederation does not have the authority to waive the initiation of criminal prosecution or end them by not convening the federal examining judge in the event that a violation of criminal law is committed and that the conditions for the initiation of public action exist.

3.      Acceptance of plea-bargaining with suspect cooperation?

As explained in our legal opinion dated March 3, 2006, the Confederation Public Prosecution Department is not authorized to use the practice of plea bargaining, waiving the right to start an inquiry or initiate legal proceedings against an individual solely based on said individual's cooperation. This practice is prohibited on the federal level by both law and jurisprudence (ATF 6S, 186/2003 of January 22, 2004, 5.7.1). In addition, the federal lawmaker expressly did not adopt the "crown witness" system and thus prohibits the practice of waiving the initiation of legal proceedings in exchange for the suspect's cooperation (for more information, see Schmid, Strafprozessnecht, 4th ed. No. 11; *Message relatif a l'unification du droit de la procedure pénale*, December 21, 2005, FF 2006, p. 1086, ch. 1.5.4.2]. The only possibility that is admissible based on our Supreme Court's jurisprudence is to consider a reduced sentence during the sentencing procedure, pursuant to Art. 83 of the Criminal Code (CP).

*In conclusion*, I can confirm that  both federal criminal law and Federal Court jurisprudence prohibit plea-bargaining, specifically in the form of waiving the initiation of criminal proceedings, based solely on the fact that the suspect would have cooperated in these proceedings.

Best regards,

[signature]

Gérard Piquerez
GERARD PIQUEREZ
Doctor of Law (JD)
Professor, University of Bern and University of Freiburg

# JURA CH REPUBLIC AND CANTON OF JURA

## Cantonal Court

**The cantonal Court is competent to rule on civil, criminal and administrative matters. It includes the following:**

| | |
|---|---|
| **Constitutional Court** | rules upon request and before implementation into law on the compliance of cantonal and local legal provisions with higher-level law. It is also competent to rule on election disputes, jurisdiction disputes and disputes related to the autonomy of local governments.<br>* Presiding judge: Pierre Broglin; Assistant judge: Pierre Bolnay |
| **Civil Court** | rules on disputes with a monetary value less than or equal to CHF 20,000. it also handles appeals against rulings handed down by the High Court  civil judge.<br>* Presiding judge: Gérard Piquerez; Assistant judge: Pierre Theurillat |
| **Criminal Court** | handles appeals against rulings handed down by the Criminal Court judge and the Correctional Court.<br>* Presiding judge: Daniel Logos; Assistant judge: Gérard Piquerez |
| **High Criminal Court** | handles criminal offenses with sentences of more than five years of imprisonment..<br>* Presiding judge: Gérard Piquerez; Assistant judge: Daniel Logos |
| **Court of Cassation** | handles appeals against rulings by the Criminal Court and requests for review from all criminal courts.<br>* Presiding judge: Pierre Broglin; Assistant judge: Pierre Bolnay |
| **Criminal Appeals Court** | is the monitoring authority in the area of criminal proceedings and examination.<br>* Presiding judge: Pierre Theurillat; Assistant judge: Pierre Broglin |
| **Administrative Court** | handles appeals against rulings by the High Court administrative judge, the cantonal tax appeals Commission and the most cantonal administrative bodies.<br>* Presiding judge: Pierre Broglin; Assistant judge: Pierre Theurillat |
| **Insurance Court** | handles disputes regarding social security.<br>* Presiding judge: Pierre Bolnay; Assistant judge: Daniel Logos |
| **Bankruptcy Court** | operates as a cantonal monitoring authority for lawsuits and bankruptcies.<br>* Presiding judge: Pierre Theurillat; Assistant judge: Gérard Piquerez |

### Composition

Presiding judge for 2005: Daniel Logos
Assistant judge for 2005: Pierre Broglin
Other permanent members of the Cantonal Court: Pierre Bolnay – Gérard Piquerez – Pierre Theurillat
Non-permanent judges: Carmen Bossart Steulet – Corinne Suter – Jean Crevoisier – Philippe Guelat – Pierre Lachat – Geneviève Bugnen – Jean-François Kohler
Deputy judges:  Sylviane Liniger Odlet – Jean Moritz – Vincent Paupe
Head Bailiff: Jean Moritz
Bailiffs: Sylviane Liniger Odlet – Françoise Stocker

Home page "Chair" Senior Professor of Criminal Procedure          University of Freiburg

| MAIN MENU | Senior Professor of Criminal Procedure<br>Page 2 of 2 | ARTICLE INDEX<br>Contact<br>Publication | |
|---|---|---|---|
| Home page | | | |
| Chair | List of material published by Prof. Gérard Piquerez | | |
| Communication | Traité de procedure bernoise et jurassienne [Treatise on Criminal Procedure in Bern and Jura] / Gérard Piquerez | | |
| Courses | Neuchâtel: Idies et Calendes, 1983-1984 | | |
| Intensive Master Courses | Application du principe de la bonne foi et de le règle de l'interdiction de la "reformatio in pejus" dans le domaine des voies de recours [Application of the good faith principle and the prohibition of "reformatio in pejus" in the area of appeals proceedings] / Gérard Piquerez | | |
| Exams | In: Revue jurassienne de jurisprudence, published under the authority of the Jura Cantonal Court – Porrentruy: Canceterie de Tribunal cantonal – 1991, No. 1, p. 92-96. | | |
| Written work | L'avenir de la procedure pénale en Suisse [The Future of Criminal Procedure in Switzerland] Gérard Piquerez | | |
| Bibliography | In: Revue pénale Suisse. – Bern. – Year 110 (1992), p. 366-382 | | |
| Helpful links | La célérité de la procedure pénale en Suisse [The Celerity of Criminal Procedure in Switzerland] / Gérard Piquerez | | |
| Contact | In: Revue internationale de droit penal – Toulouse – N.S. Year 66 (1995). No. 3/4, p. 657-670 | | |
| STUDENT LOGIN | Circulation routière et procedure pénale [Road traffic and criminal procedure] / Gérard Piquerez | | |
| | In: Collezione Assista – Geneva: Assista TCS, 1998 – P. 480-496 | | |
| User name | Commentaire de code de procedure pénale jurassien [Commentary on the Jura Criminal Procedure]: December 13, 1990 by Gérard Piquerez. | | |
| | Freiburg, Switzerland: University Ed., Cop. 1993. | | |
| Password | Commentaire de code de procedure pénale jurassien [Commentary on the Jura Criminal Procedure]: December 13, 1990 by Gérard Piquerez. | | |
| | Freiburg, Switzerland: University Ed., Cop. 1993. | | |
| ☐ Remember me | Le concordat sur l'entraide judiciaire et le coopération intercantonale en matière pénale [Agreement on international legal cooperation and intercantonal cooperation in the area of criminal law] / Gérard Piquerez | | |
| Log in | In: Revue fribeurgeoise de jurisprudence – Freiburg – 1994,1 p.1-31. | | |
| Lost password? Account expired? Register here | Le concordat sur l'entraide judiciaire et le coopération intercantonale en matière pénale [Agreement on international legal cooperation and intercantonal cooperation in the area of criminal law] / Gérard Piquerez | | |
| | [Freiburg]: [Cantonal Tribunal Office of the Clerk of the Court], 1994. Excerpted from: Revue fribeurgeoise de jurisprudence – Freiburg – 1994, 1 | | |
| | Cours élémentaire d'organisation judiciaire, de procedure administrative, civile et penale [Elementary course in civil and criminal legal organization and administrative procedure] / by Gérard Piquerez | | |
| | [S.I.]: [Gérard Piquerez], 1992 | | |
| | Le droit à un juge indépendant et impartial garanti par les articles 58 Cst and 5, Ch. 1 CEDH | | |

impose-t-il de manière absolue une separation des fonctions judiciaire?: réflexions d'un praticien [Does the right to an independent and impartial judge guaranteed by Articles 58 Cst and 5 Ch. 1 CEDH absolutely require a separation of functions?: reflections of a practitioner.
Gérard Piquerez
In: La semaine judiciaire – Geneva – Year 111 (1989) No. 7. p. 114-132

Les droits de la defense dans le procès penal suisse [The defense's rights in the Swiss criminal process] / Gérard Piquerez
In: Procédure pénale, droit pénale international, entraide pénal: etudes en l'honneur de Dominique Poncet – Chene-Bourg: Georg, 1997 – P. 71-96.

La durée du procès pénal [The length of the criminal process] / Gérald Piquerez
In: l'avocat Suisse – Zurich – No. 148 (1994), 1. p. 24-26

Expertise sur l'instruction pénale dans le canton de Frieburg: résumé du rapport au Conseil d'Etat [Expert's report on criminal case preparation in the canton of Frieburg] / Gérard Piquerez, Pierre Cornu
Porrendruy; Neuchâtel: [s.n.]. 2000

La féderalisme: un obstacle à la lutte contre la criminalité? [Federalism: an obstacle to the flight against criminality] / Gérard Piquerez
In: Revue pénale Suisse – Bern – Year 110 (1992) p. 57-67

Interdiction de la "reformatio in pejus" in civil and criminal procedure {Prohibition of "reformatio in pejus" in civil and criminal procedure] / Gérard Piquerez
In: Melanges Assista / general coordination by François Antoriisuzzi – Geneva: Touring Club Suisse: Assista, 1989 – P. 495-517

Manuel de procedure pénale Suisse [Manual of Swiss Criminal Law] / Gérard Piquerez
Zurich: Schulthess Polygraphischer VerL, 1996 – P. 251-267

Les measures protectrices de l'union conjugale selon le nouveau droit du marriage [Protective measures for the conjugale union according to the new marriage rights]
/ Gérard Piquerez
In: Problèmes de droit de la famille – Neuchatel: Ides et Calendes, cop. 1987. p. 113-126

Les measures provisoires en procedure civile, administrative et pénale: le procedure pénale [Provisional measures in civil, administrative and criminal procedure: criminal procedure]. / Gérard Piquerez
In: Revue de droit Suisse – Basel – N.F. Bd. 116(1997), Halbbd. 2 H. 1 p. 1-133.

La motivation des decision de justice en droit pénal [Motivation of Judicial Decisions] / Gérard Piquerez
In: Strafrecht und Ottentlichkeit: Festschrift fur Jorg Rehberg zum 85.
Birthday– Zurich: Schulthess Polygraphischer VerL. 1996. – P. 251-267

Les nouvelle dispositions en matière de procedure pénale [New provisions in the area of criminal law]/ Gérard Piquerez
In: Revue jurassienne de jurisprudence.  – Porrentruy – 2001, 1. p. 73-94

Le point sur le droit pénal et la procedure pénale = Entwichlungen im Strefrecht und Stasfprozessrecht / Gérard Piquerez
In: Schweizerische Jurisien-Zeitung – Zurich – Jg. 1 (1995) H. 19. S. 167-369

Précis de procedure pénale suisse [Handbook on Swiss criminal procedure] / Gérard Piquerez
Lucerne: Payet, 1987.
Collection juridique romande. Handbook and treatises.

Précis de procedure pénale suisse [Handbook on Swiss criminal procedure] / Gérard Piquerez
Lucerne: Payet, 1994.
Second edition, reviewed and completed.
Collection juridique romande. Handbook and treatises.

La preuve pénale: présentation générale [Criminal proof: a general presentation] Gérard Piquerez

In Revue jurassianne de jurisprudence – Porrentruy – 2004, 1, p.7-23

La procedure des measures protectrices de l'union conjugale selon les articles 172 ss CC
[Procedure for protective measures for the conjugal union according to articles 172 ss CC]
/ Gérard Piquerez
In: Revue jurassienne de jurisprudence – Porrentruy – 1993, No. 2. p. 101-131,

Procédure pénale [bernoise.] [Bern Criminal procedure] / Gérard Piquerez
Neuchatel: Ides et Calendes, 2002-2003

Procédure pénale jurassienne [Jura criminal procedure]
Forntenais: G. Piquenez [2002]

Procédure pénale Suisse: traité théorique et pratique [Swiss criminal procedure: theoretical and practic·
treatise]
Zurich: Schulthess [2000]

Quelques problèmes poses par l'exercise de l'action civile en procedure penale, en particulier avec le
système des prétentions civiles de la LAVI [Several issues raised by the use of civil action in criminal
proceedings, particularly with LACI civil claims] Gérard Piquerez
Lucerne: Bis et Ter, 2000 – P. 279-293

La responsibilité des hopitaux publics jurassiens en raison de l'exercices des professions
médicales dans ces établissements [Jura public hospitals' liability due to the exercice of medical
professions in these establishments] Gérard Piquerez; [ed.] Ordre des avocats jurassiens, Société
médicale du Canton du Jura.
[Porrentruy]: [Tribunal cantonal] [1987]

Revue jurassienne de jurisprudence: repertoire 1991-2001 [Jura jurisprudence review: 1991-2001
Pierre Broglin and Gérard Piquerez
[Porrentruy]: [Chancellerie du Tribunal cantonal] [2003]

La saisie probaloire en procedure pénale [Probationary sequester in criminal procedure]
Gérard Piquerez
In: Wirtschalt und Strafrecht: Festschnift fur Niklaus Schmid zum 65.
Geburtstag – Zurich: Schulthess, 2001 – P. 659-677.


Last updated on (2-2-2006)                    <<Previous – Next>>


<Previous                              Next>>



[Home]

Senior Professor of Criminal Procedure

Page 1 of 2

ARTICLE INDEX
Contact
Publication

MAIN MENU

Home page

**Gérald Piquerez** Senior Professor of Criminal Procedure

Chair

Communication

Courses

Office

Intensive Master
Courses

La Chaive
2902 Fontenais
+41324663370 (personal)

Exams

+41324663300 (business)

Written work

g.piquerez@jura.ch

Bibliography

Helpful links

Last updated (2-2-2006)                    Previous – Next>>

Contact

**<Previous                    Next>**

STUDENT
LOGIN

User name

**[Home]**

Password

☐ Remember
me

Log in

Lost password?
Account
expired?
Register here