UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re:  TERRORIST ATTACKS OF<br>SEPTEMBER 11, 2001 | )<br>)  03 MDL 1570 (RCC)<br>)  ECF CASE<br>)<br>)<br>)<br>) |

*This document relates to:*

*Estate of O'Neill, et al. v. The Republic of Iraq, et al.,* Case No. 04 CV 1076 (RCC) (S.D.N.Y.)
*Estate of O'Neill, et al, v. Al Baraka, et al.,* Case No. 04 CV 1923 (RCC) (S.D.N.Y.)

**DEFENDANT ASAT TRUST REG.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION TO STRIKE**

Defendant Asat Trust Reg. ("Asat Trust"), appearing specially by and through counsel, respectfully submits this memorandum in opposition to the Cross-Motion to Strike filed by Plaintiffs Estate of John P. O'Neill, Sr., *et al.* (the "O'Neill Plaintiffs") in the two above-referenced cases (the "*O'Neill* cases").

**PROCEDURAL BACKGROUND**

A.   **The Motions to Dismiss in the *O'Neill* and *Ashton/Federal Insurance Cases***

Asat Trust is a registered trust organized under the laws of Liechtenstein. It is among the multitude of persons and entities named as defendants in various actions in this multi-district litigation. Asat Trust, along with three allegedly related Liechtensteinian defendants (Martin Wachter, Erwin Wachter, and Secor Treuhand Anstalt, referred to herein collectively as the "Wachter Defendants") is a defendant in the two *O'Neill* cases referenced above. Asat Trust, but not the Wachter Defendants, has also been named as a defendant in 8 additional cases (Case Nos.

02 CV 6977, 03 CV 6978, 03 CV 9849, 04 CV 5970, 04 CV 6105, 04 CV 7065, 04 CV 7279, and 04 CV 7280) (referred to herein as the "*Ashton/Federal Insurance* cases").

Asat Trust has filed motions to dismiss in both the *O'Neill* cases and the *Ashton/Federal Insurance* cases. Its motions in both cases raise insufficiency of service of process as a defense. In the *O'Neill* cases, Asat Trust's motion, filed on August 2, 2005, was addressed to the insufficiency of the plaintiffs' attempt at service by registered mail. The motion was opposed by the O'Neill Plaintiffs, and defendants filed a timely reply; the motion has not been decided and is currently pending. In the *Ashton/Federal Insurance* cases, Asat Trust's motion, filed on February 20, 2006, was addressed to the plaintiffs' attempt to serve Asat Trust by publication.

As discussed in further detail below, although the O'Neill Plaintiffs had repeatedly indicated that they were relying on service by registered mail as their grounds for bringing Asat Trust and the Wachter Defendants into court, their opposition to defendants' motion to dismiss contained one footnote claiming that Asat Trust had also been served by publication. When Asat Trust filed its motion papers in the *Ashton/Federal Insurance* cases, therefore, it indicated that they were also being submitted as a supplement to the briefing in the *O'Neill* cases on this point. The O'Neill Plaintiffs have moved to strike Asat Trust's motion papers insofar as they apply to the *O'Neill* cases.

**B.     References to Methods of Service**

In two stipulations signed by counsel for the O'Neill Plaintiffs regarding extensions of time for responses to the complaints, the only method of service referenced was service by mail. The first stipulation states as follows:

> 1. On or about March 14, 2005, **Martin Wachter, Erwin Wachter, Secor Treuhand Anstalt, and Asat Trust Reg. ("Stipulating Defendants") each received letters** from Gina M. MacNeil, Esq., of the Law Offices of Jerry S. Goldman & Associates, P.C., attorneys for the Plaintiffs in the above-referenced

>action, sent by the Clerk of the United States District Court for the Southern District of New York, *enclosing a copy of the Original Complaint, First Amended Complaint, Second Amended Complaint and Summons in these cases.*
>
>2.  *Assuming arguendo that receipt of these letters constituted effective service of process upon these Stipulating Defendants*, a responsive pleading would be due on April 4, 2005.

Stipulated Extension of Time to Answer or Otherwise Plead, dated April 26, 2005, attached as Exhibit A to O'Neill Plaintiffs' Memorandum of Law in Support of Plaintiffs' Cross Motion to Strike Asat Trust's Motion to Dismiss, Docket # 1697-8 ("Plaintiffs' Memo to Strike") (emphasis added). The corresponding language in the second stipulation, dated June 23, 2005, is virtually identical. *See* Exhibit C to Plaintiffs' Memo to Strike.

Accordingly, when Asat Trust and the Wachter Defendants moved to dismiss the complaints in the *O'Neill* cases, their arguments regarding insufficiency of service of process were addressed to the inadequacies of the attempted service by mail. In particular, the defendants demonstrated that the O'Neill Plaintiffs' failure to follow the letters rogatory procedure – the only permissible method for service of foreign process in Liechtenstein – rendered their attempted service invalid. *See* Memorandum of Law in Support of Defendants Martin Wachter, Erwin Wachter, Secor Treuhand Anstalt and Asat Trust Reg.'s Motion to Dismiss (Docket No. 1106), at 2-4; Reply Memorandum in Support of Motion to Dismiss Filed by Defendants Martin Wachter, Erwin Wachter, Secor Treuhand Anstalt, and Asat Trust Reg. (Docket No. 1435), at 1-3. As is discussed further below, with the exception of one footnote, the O'Neill Plaintiffs' opposing arguments addressed only the question of service by mail.

During briefing on the motions to dismiss in the *O'Neill* cases, counsel for plaintiffs in the *Ashton/Federal Insurance* cases contacted counsel for Asat Trust to negotiate a briefing schedule for motions to dismiss in those cases. As set forth in the draft stipulation prepared by

plaintiffs' counsel, the *Ashton/Federal Insurance* plaintiffs relied on publication as their method of service on Asat Trust. Further, they requested that Asat Trust waive all objections to the sufficiency of such service as part of the stipulation:

> IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs in all of the above-referenced cases consolidated under 03 MDL 1570 and Defendant Asat Trust, by and through their undersigned counsel, that ***the undersigned Defendant hereby agrees that it was served with the Complaint in each of the cases referenced above as a result of the publication of the Legal Notice of Suit*** in the USA Today, International Herald Tribune and Al Quds Al Arabi newspapers, which was authorized by Judge Richard C. Casey's Order dated September 15, 2004.
>
> \* \* \*
>
> IT IS FURTHER HEREBY STIPULATED AND AGREED that ***Asat Trust hereby waives any and all affirmative defenses, objections, privileges, immunities and arguments relating to service of process in each of the cases referenced above***, but preserves any and all other defenses, objections, privileges, immunities and arguments available to it.

Proposed Stipulation as to Service of Process and Briefing Schedule for Asat Trust to Respond to Complaints Consolidated under MDL 1570, at 1-2 (emphasis added) (copy with October 5, 2005 transmittal e-mail attached hereto as Exhibit 1).

Asat Trust was unwilling to enter the stipulation because, *inter alia*, it did not want to waive its rights to challenge service by publication. After correspondence and negotiations among counsel relating to various pleading issues, by e-mail dated January 19, 2006, counsel for Asat Trust proposed to plaintiffs' counsel that Asat Trust would file a motion to dismiss within 30 days, "assuming that schedule is acceptable from your perspective." *See* January 19, 2006 e-mail (copy attached as Exhibit 2). No objection having been made, Asat Trust filed its Motion to Dismiss in the *Ashton/Federal Insurance* cases on February 20, 2006 (Docket Nos. 1697-1698). As noted, Asat Trust also submitted its filing as a supplement to the briefing on its motions to dismiss in the *O'Neill* cases. The O'Neill Plaintiffs' motion to strike followed.

## ARGUMENT

### A. The O'Neill Plaintiffs Have Waived Their Right to Rely on Service by Publication.

The O'Neill Plaintiffs' motion to strike asserts that Asat Trust is improperly seeking to file a new motion to dismiss on an issue – service by publication – that was properly before the Court in the previous round of briefing. But this argument turns the situation on its head. A review of the procedural history of this case makes it clear that the O'Neill Plaintiffs failed to assert in any meaningful way that they were relying on service by publication on Asat Trust and, therefore, have waived that claim.

Asat Trust's motion to dismiss the *O'Neill* complaints addressed the insufficiency of plaintiffs' attempted service by mail because the plaintiffs relied on service by mail as their ground for bringing Asat Trust (and the Wachter Defendants) before the Court. In both stipulations entered by the parties concerning the time for responses to the *O'Neill* complaints, the *only* method of service mentioned was service by mail. In their opposition to defendants' motion to dismiss, the *only* method of service addressed in the text of the O'Neill Plaintiffs' memorandum was service by mail. *See* O'Neill Plaintiffs' Memorandum of Law in Opposition to Martin Wachter, Erwin Wachter, Secor Treuhand Anstalt and Asat Trust Reg.'s Motion to Dismiss (Docket No. 1235) ("O'Neill Opposition"), at 3-12.

The sole reference to service by publication on Asat Trust in the O'Neill Opposition came in one short, two-sentence footnote. *See* O'Neill Opposition, at 3 n.3. The O'Neill Plaintiffs did not argue that Asat Trust had been served by publication anywhere in the body of their memorandum, nor did they provide any proof of service by publication or otherwise attempt to show that it was proper or permissible – despite the fact that the defendants had

explicitly argued that the only valid method of service under Liechtenstein law was through the letters rogatory procedure.  In fact, the O'Neill Plaintiffs explicitly sought leave in their Opposition to re-serve the defendants if their initial service was found to be improper.  It is telling that they did not limit their request to the three Wachter Defendants, or otherwise assert that further service on Asat Trust would not be necessary because Asat Trust had been served by publication.  *See* O'Neill Opposition Memo, at 10-12.  The O'Neill Plaintiffs themselves did not rely on the argument that they had accomplished service on Asat Trust by publication.

It is well established that an argument made raised only in a footnote has not been properly raised or preserved.  *See Zurich American Insurance Co. v. ABM Industries, Inc.*, 397 F.3d 158, 172 (2d Cir. 2005) (mention of issue in footnote in summary judgment motion was not sufficient);  *see also Beechwood Restorative Care Center v. Leeds,* 436 F.3d 147, 154 n.3 (2d Cir. 2006) (defense that appears only in a footnote is considered waived); *U.S. v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993) (argument mentioned only in a footnote is not adequately raised or preserved for appellate review).  The O'Neill Plaintiffs have, therefore, waived their right to rely on service by publication on Asat Trust.

The *Ashton/Federal Insurance* plaintiffs did assert their intent to rely on service by publication.  Indeed, the plain treatment of the issue in the proposed stipulation drafted by counsel for the *Ashton/Federal Insurance* plaintiffs stands in sharp contrast to its one minimal mention in the O'Neill Opposition.  In response to the position stated by the *Ashton/Federal Insurance* plaintiffs, Asat Trust prepared and filed its motion to dismiss addressing the insufficiency of service by publication.  Having made the arguments for the purposes of the *Ashton/Federal Insurance* cases, Asat Trust also submitted its new motion papers as a supplement to the previous filings in the *O'Neill* cases, as a precaution in the event that the

O'Neill Plaintiffs sought later to rely on the publication argument they had raised only in a footnote.

If the Court agrees that the O'Neill Plaintiffs have failed to properly raise or preserve the argument that Asat Trust has been served by publication, then the motion to strike is moot. If the Court finds otherwise, then Asat Trust respectfully submits that, in light of the ambiguities created by the procedural history described above, Asat Trust should be permitted to file its motion papers as a supplement to the briefing in the *O'Neill* cases.

The O'Neill Plaintiffs will not be unfairly prejudiced by this result in any way. Indeed, it appears that they may not even need to do any further work to respond to Asat Trust's arguments regarding the invalidity of the attempted service by publication, since their memorandum indicates that they will rely in that regard on "the arguments set forth in the Plaintiffs' Consolidated Response to the Defendant Asat Trust Reg.'s motion to dismiss." *See* O'Neill Memo to Strike, at 11.[1] Further, since the O'Neill Plaintiffs are prepared to rely on the arguments made in the *Ashton/Federal Insurance* cases, there is no reason to permit the incongruous results that could occur if Asat Trust were permitted to challenge service by publication in the *Ashton/Federal Insurance* cases but not in the *O'Neill* cases.

**B.     Asat Trust Is Not Attempting to File Successive Rule 12(b) Motions.**

The case law cited by the O'Neill Plaintiffs concerning the permissibility of filing successive Rule 12(b) motions is not relevant here. Asat Trust is not attempting to file a new motion to dismiss in the *O'Neill* cases, nor is it attempting to raise a new ground for dismissal. Instead, Asat Trust simply seeks to supplement its pending motion to dismiss for insufficiency of

---

[1]     Apparently such a consolidated response will be forthcoming. Asat Trust and the Wachter Defendants have no objection to a short deferral of a ruling on their motions to dismiss the *O'Neill* complaints as necessary to allow the briefing on this issue in the *Ashton/Federal Insurance* cases to be completed.

7

service of process with arguments regarding service by publication that were prepared for the related *Ashton/Federal Insurance* cases, as a protective matter under the unique circumstances present here. Courts have the discretion to permit amendments or supplements to Rule 12 motions in appropriate circumstances. *See MacNeil v. Whittemore*, 254 F.2d 820 (2d Cir. 1958); *Nycal Corp. v. Inoco PLC,* 949 F. Supp. 1115 (S.D.N.Y. 1997). Asat Trust respectfully submits that this is such a case.

The cases cited by the O'Neill Plaintiffs for the proposition that the filing of an amended complaint does not revive a defendant's right to raise grounds for dismissal are similarly irrelevant, because Asat Trust is not relying on such an argument herein.

Moreover, the O'Neill Plaintiffs' concern that defendants are planning to file yet another Rule 12(b) motion is unfounded. While Asat Trust and the Wachter Defendants believe that, in addition to other deficiencies, the *O'Neill* complaints fail to state a claim against them on which relief may be granted, they do not intend to file a Rule 12(b)(6) motion in these cases. Instead, defendants will, if necessary, address the issue in a post-answer motion as permitted by the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the reasons set forth above, Asat Trust respectfully submits that the O'Neill Plaintiffs' motion to strike should be denied. Asat Trust further respectfully submits that the Court should find that the O'Neill Plaintiffs have waived their right to rely on service by publication; in the alternative, Asat Trust should be permitted to file its motion papers from the *Ashton/Federal Insurance* cases as a supplement to the motion papers filed in the *O'Neill* cases.

Respectfully submitted,

Barry Coburn
E-mail: bcoburn@troutcacheris.com
Amy Berman Jackson
E-mail: ajackson@troutcacheris.com
TROUT CACHERIS PLLC
1350 Connecticut Avenue N.W.
Suite 300
Washington, D.C. 20035
Tel:  (202) 464–3000
Fax: (202) 464–3319


_____/s/_____
David U. Gourevitch (SDNY #DG8795)
LAW OFFICE OF DAVID GOUREVITCH, P.C.
Tower 56, Second Floor
126 East 56th Street
New York, NY  10022
Tel:    (212) 355-1300
Fax:   (212) 355-1531
Email: david@gourevitchlaw.com


Attorneys for ASAT TRUST REG.