UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re:  TERRORIST ATTACKS OF<br>        SEPTEMBER 11, 2001 | )<br>)  03 MDL 1570 (RCC)<br>)  ECF CASE<br>)<br>)<br>)<br>) |

*This document relates to:*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 CV 6977 (RCC) (S.D.N.Y.)
*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03 CV 6978 (RCC) (S.D.N.Y.)
*Thomas E. Burnett, Sr., et al. v. Al Baraka Investment & Development Corp., et al*, Case No. 03 CV 9849 (RCC) (S.D.N.Y.)
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, Case No. 04 CV 5970 (RCC) (S.D.N.Y.)
*New York Marine and General Insurance Co., et al. v. Al Qaida, et al.*, Case No. 04 CV 6105 (RCC) (S.D.N.Y.)
*Cantor Fitzgerald Associates, L.P., et al.  v. Akida Investment Co., Ltd., et al.*, Case No. 04 CV 7065 (RCC) (S.D.N.Y.)
*Euro Brokers, Inc., et al. v. Al Baraka Investment and Development Corp., et al.*, Case No. 04 CV 7279 (RCC) (S.D.N.Y.)
*World Trade Center Properties, L.L.C., et al. v. Al Baraka Investment and Development Corp., et al.*, Case No. 04 CV 7280 (RCC) (S.D.N.Y.)

*This document also relates to and supplements the motions to dismiss filed in:*

*Estate of O'Neill, et al. v. The Republic of Iraq, et al.,* Case No. 04 CV 1076 (RCC) (S.D.N.Y.)
*Estate of O'Neill, et al, v. Al Baraka, et al.,* Case No. 04 CV 1923 (RCC) (S.D.N.Y.)[1]

**MEMORANDUM IN SUPPORT OF MOTIONS
TO DISMISS FILED BY DEFENDANT ASAT TRUST REG.**

---

[1]   This document also applies to any additional cases in which Asat Trust was named as a defendant and service was purportedly made by publication.

Barry Coburn
E-mail: bcoburn@troutcacheris.com
Amy Berman Jackson
E-mail: ajackson@troutcacheris.com
TROUT CACHERIS PLLC
1350 Connecticut Avenue N.W.
Suite 300
Washington, D.C. 20035
Tel:  (202) 464–3000
Fax: (202) 464–3319

David U. Gourevitch (SDNY #DG8795)
LAW OFFICE OF DAVID GOUREVITCH, P.C.
Tower 56, Second Floor
126 East 56th Street
New York, New York  10022
Tel:     (212) 355-1300
Fax:    (212) 355-1531
Email: david@gourevitchlaw.com

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION AND BACKGROUND ............................................................................... 2

ARGUMENT ............................................................................................................................. 4

    I.    ASAT TRUST HAS NEVER BEEN PROPERLY SERVED ..................................... 4

        A.    Due Process Imposes Limits on the Validity of Service by Publication ............................................................... 4

        B.    Service by Publication on Asat Trust Does Not Comply With the Terms of the Publication Order Itself ........................................................................................... 5

        C.    Service by Publication on Asat Trust Could Not Properly Be Authorized In Any Event Because It Is Prohibited by Liechtenstein Law ........................................................ 6

        D.    In the Alternative, Asat Trust is Entitled to Discovery Into Plaintiffs' Compliance with the Publication Order ........................................................................................... 9

    II.    ASAT TRUST DOES NOT HAVE SUFFICIENT CONTACTS WITH NEW YORK OR THE UNITED STATES TO SUPPORT THE EXERCISE OF PERSONAL JURISDICTION OVER IT ............................................................... 10

        A.    The Complaints Contain No Allegations That Could Support a Finding of General Jurisdiction over Asat Trust ............................................................................................ 10

        B.    Plaintiffs Have Not Raised Any Non-Conclusory Allegations of Purposeful or Direct Involvement by Asat Trust in the Terrorist Activities at Issue and, Therefore, Cannot Establish Specific Jurisdiction ............................ 11

            1.    New York's long arm statute ......................................................... 11

            2.    Jurisdiction under Rule 4(k)(2) ..................................................... 12

3. Further due process considerations............................................................13

4. The requirements of due process are not satisfied
   here .............................................................................................................15

# **TABLE OF AUTHORITIES**

**Cases**

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987).................................................. 14

*Bank Brussells Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779
 (2d Cir. 1999)............................................................................................................................ 10

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ..................................................................... 13, 14

*Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260
 (S.D.N.Y. 1991)........................................................................................................................ 12

*Hanson v. Denckla*, 357 U.S. 235 (1958) ..................................................................................... 14

*In re Ski Train Fire*, 2003 WL 21659368 (S.D.N.Y. July 15, 2003).............................................. 7

*In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765
 (S.D.N.Y.  2005)............................................................................................................. 10-13, 17, 18

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ...................................................... 14

*Jung v. Neschis*, 2003 WL 1807202 (S.D.N.Y. April 7, 2003) ..................................................... 8

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir.),
*cert. denied*, 519 U.S. 1006 (1996).............................................................................. 10, 13, 14

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).......................................... 4

*Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97 (1987) ................................................... 4

*PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105 (2d Cir. 1997) ................................................... 10

*Prewitt Enterprises, Inc. v. OPEC*, 353 F.3d 916 (11th Cir. 2003),
*cert. denied*, 543 U.S. 814 (2004)........................................................................................ 4, 7

*SEC v. Tome*, 833 F.2d 1086 (2d Cir. 1987)................................................................................. 5

*Smith v. Islamic Emirate of Afghanistan*, 2001 WL 1658211
 (S.D.N.Y. Dec. 26, 2001)........................................................................................................... 5

*United States v. Int'l Bhd. of Teamsters*, 945 F. Supp. 609 (S.D.N.Y. 1996) ............................. 13

*Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) .......................................... 10

**Statutes and Rules**

N.Y. C.P.L.R. § 302(a)(2) ................................................................................................................ 12

18 U.S.C. § 2331 *et seq.* ................................................................................................................. 12

Fed.R.Civ.P. Rule 4(f) ............................................................................................................... 4, 6-8

Fed.R Civ.P. Rule 4(k) ............................................................................................................. 12-14

Fed.R Civ.P. Rule 12(b)(2) ............................................................................................................. 10

Fed.R Civ.P. Rule 44.1 ..................................................................................................................... 8