**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------X

IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001

03 MDL 1570 (RCC)
ECF Case

**Memorandum and Order**

-------------------------------------------------------------------------------X

*This document relates to*:   <u>Burnett v. Al Baraka Inv. & Dev. Corp.</u>   03 Civ. 9849

**Richard Conway Casey, United States District Judge:**

On December 9, 2005, after considering Plaintiffs' and Defendants' arguments regarding the entry of final judgment with respect to the Defendants dismissed by the Court's January 18, 2005 and September 21, 2005 orders, the Court adopted the Defendants' proposal and certified only the Defendants dismissed on Rule 12(b)(1) or 12(b)(2) grounds.

The Burnett Plaintiffs now move for reconsideration of the Court's December 9, 2005 order and renew their request that Al Rajhi Bank, a Defendant dismissed on Rule 12(b)(6) grounds in the Court's January 18, 2005 order, be included among the Defendants who have been certified for appeal. Al Rajhi Bank, Saudi American Bank, Arab Bank, Al Baraka Investment and Development Corporation, Saleh Abdullah Kamel, Dar Al-Maal Al-Islami Trust, and DMI Administrative Services S.A. oppose the Burnett Plaintiffs' application. For the reasons explained below, Plaintiffs' motion is denied.

**I.  Standard for Reconsideration**

A motion for reconsideration under Rule 59(e) or Local Rule 6.3 "must be narrowly construed and strictly applied to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." <u>Range Road Music, Inc. v. Music Sales Corp.</u>, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Reconsideration is appropriate in the limited circumstances in which the court has overlooked relevant data or case law, which, had it been considered, might have reasonably altered the result. <u>Shrader v. CSX Transp. Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may also be granted to "correct a clear error or prevent manifest injustice." <u>Doe v. New York City Dep't of Soc. Servs.</u>, 709 F.2d 782, 789 (2d Cir. 1983). A court will deny the motion when the movant "seeks solely to relitigate an issue already decided." <u>Shrader</u>, 70 F.3d at 257.

**II.  Discussion**

In ruling in Defendants' favor on the 54(b) issue, the Court specifically chose to not certify those Defendants dismissed on Rule 12(b)(6) grounds to avoid piecemeal litigation. <u>See</u>

Cullen v. Margiotta, 811 F.2d 698, 710 (2d Cir. 1987) ("[T]he matter of whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in the suit must be considered in light of the goal of judicial economy as served by the 'historic federal policy against piecemeal appeals.'") (quoting Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980)).

In their arguments to the Court, the Burnett Plaintiffs are relitigating the substance of the Court's decision in Al Rajhi's motion to dismiss. They also submit that the Court's refusal to certify Al Rajhi will wreck havoc on their ability to litigate their claims. Although all claims against Al Rajhi have been dismissed, the fact remains that similar claims against similarly situated Defendants remain before the Court. See id. at 711 ("In the multiple party situation where the complaint is dismissed as to one defendant but not others, the court should not . . . direct the entry of a final judgment . . . if the same or closely related issues remain to be litigated against the undismissed defendants."). The Court will not certify Al Rajhi to serve as a test case until the motions to dismiss by those other Defendants have been resolved. Plaintiffs have not provided the Court with any new case law that merits a different outcome. Nor have they demonstrated any supposed injustice that could not have been expected in multi-district case of this magnitude.

### III. Conclusion

For the reasons explained above, the Burnett Plaintiffs' motion for reconsideration is denied.

So ordered.

Richard Conway Casey, U.S.D.J.

Dated:
March 20, 2006
New York, New York