UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                      )
In Re TERRORIST ATTACKS on            )   03 MDL 1570 (RCC)
SEPTEMBER 11, 2001                    )   ECF Case
                                      )
_____)

This document relates to:

   *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-CV-1923 (RCC)

   *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (RCC)


**O'NEILL PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
IN SUPPORT OF PLAINTIFFS' CROSS MOTION TO STRIKE
ASAT TRUST'S MOTION TO DISMISS, DOCKET #1697-8**


**LAW OFFICES OF JERRY S. GOLDMAN &
ASSOCIATES, P.C.**

111 Broadway, 13th Floor
New York, NY 10006
212.242.2232

*Attorneys for the Plaintiffs*


On the Memorandum:

Jerry S. Goldman, Esquire (JG 8445)
Gina M. MacNeill, Esquire (GM 0581)
Frederick J. Salek, Esquire (FJS 8565)

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF CASES ....................................................................................................................... ii

ARGUMENT .................................................................................................................................. 1

   THE BURDEN IS ON THE DEFENDANT TO RAISE A CHALLENGE TO SERVICE. ..... 1

CONCLUSION ............................................................................................................................... 4

CERTIFICATE OF SERVICE ....................................................................................................... 5

# **TABLE OF CASES**

### *Cases*

*Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907 (5th Cir. 1993) .................................. 2

*Flory v. United States*, 79 F.3d 24 (5th Cir. 1996) ....................................................................... 2

*Insurance Corporation of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694 (1982) ................................................................................................................................ 3

*Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293 (2d Cir. 2002)....................................................... 2

*Olivia Rux v. The Republic of the Sudan*, Civil Action 2:04cv428, 2005 U.S. Dist. LEXIS 36575 (E.D.Va. August 26, 2005) ............................................................................................... 3

*Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092 (2d Cir. 1990) ...................................... 2, 3

*Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724 (2d Cir. 1998) ................................ 3

*Zurich American Insurance Co. v. ABM Industries, Inc.*, 397 F.3d 158 (2d Cir. 2005) ................ 2


### *Rules*

Fed. R. Civ. Proc. Rule 12(g)......................................................................................................... 2

Fed. R. Civ. Proc. Rule 4(f)(2)(C)(ii) ......................................................................................... 1, 2

Fed. R. Civ. Proc. Rule 4(f)(3)........................................................................................................ 1


### *Other Authorities*

Advisory Committee Notes to the 1966 Amendment to Rule 12(g) ............................................. 4

**ARGUMENT**

**THE BURDEN IS ON THE DEFENDANT TO RAISE A CHALLENGE TO SERVICE.**

In its Response to the cross motion, the defendant ("Asat") improperly has attempted to shift the burden of raising the issue of a purported insufficiency in the service of process to the Plaintiffs by claiming that the O'Neill plaintiffs waived their right to rely on service by publication.

As the procedural history of this case is abundantly clear, the defendant was plainly listed on the publication order, pursuant to Fed. R. Civ. Proc. Rule 4(f)(3), and, as set forth in the proof of service duly filed with the court subsequent to publication, in fact was served by publication. The proofs of publication pertaining to same, were filed on March 4, 2005 (Docket no. 709, USA Today and Herald Tribune) and on March 16, 2004 (Docket no. 735, Al Quds)

In the course of serving certain other defendants, subsequent to the publication, the O'Neill Plaintiffs *additionally* served the instant defendant pursuant to Fed. R. Civ. Proc. Rule 4(f)(2)(C)(ii).[1] There is absolutely nothing in the record to support a claim that the O'Neill plaintiffs ever intentionally abandoned or waived the previous service by publication. To the contrary, it is respectfully submitted that plaintiffs have properly complied with their obligations and have consistently maintained their position.

In the course of a consolidated motion filed on behalf of several defendants (including Asat) there was an attack on service solely relating to the 4(f)(2)(c)(ii) service,[2] but no such attack raised relating to the service by publication permitted by Rule 4(f)(3). In fact, in plaintiffs' response, it specifically noted that an alternative ground for sustaining service as to

---

[1] The previous motion of the defendant, which is still pending, consisted of an attack on the propriety of such service, as well as on personal jurisdiction.

[2] The other defendants who were presented that motion, along with Asat, were not served by publication.

Asat (but not the other defendants) was by way of the court ordered publication.  Defendant chose to ignore it, as well as the actual publication and the docketed proofs of publication, in the course of its reply, and raised the issue, for the very first time, months later in the so-called supplemental filing.

Defendant's protracted motion practice, is the type of wasteful litigation which limitations of Rule 12(g) were designed to avoid.  *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990); *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996)

We suggest that defendant's reliance upon *Zurich American Insurance Co. v. ABM Industries, Inc.*, 397 F.3d 158, 172 (2d Cir. 2005) is misplaced.  The insurance carrier in *Zurich*, having failed to raise a defense in responsive pleadings, via the unequivocal testimony of a witness, via its damage computations, sought to rely upon an ambiguous footnote in a summary judgment motion.  In the case at bar, upon being served with a motion attacking service pursuant to Rule 4(f)(2)(c)(ii) , Plaintiffs, in their response, set forth the following:

> Additionally, the Defendant Asat Trust Reg. was served by publication, and has not challenged same.  As such, in any event, Asat Trust Reg was properly served independent of any potential error by way of the Fed. R. Civ. Proc. 4(f)(2)(C)(ii) service.

The defendant, having ignored actual publication, the previously filed proofs of publication, and our specific reference to same as an independent basis for sufficient service, should not be allowed to raise yet another attack upon plaintiffs' months later.  It can not be permitted to assert, in such circumstances, that the *plaintiffs* waived the basis for proper service.

The burden on raising a defense is clearly upon the defendant.  *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993); Advisory Committee Notes to the 1966 Amendment to Rule 12(g).  Under notice pleading standards, it only needed to raise the attack in its first responsive filing and need not articulate with any rigorous degree to specificity.

*Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002). But the defendant must raise the defense, or he has waived it. *Insurance Corporation of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 703-4 (1982); *Santos v. State Farm Fire and Casualty Company*, 902 F.2d 1092, 1095 (2d Cir. 1990). *See*, *Olivia Rux v. The Republic of the Sudan*, Civil Action 2:04cv428, 2005 U.S. Dist. LEXIS 36575, *48-9 (E.D. Va. August 26, 2005)

The Second Circuit has ruled that "Rule 12(h)(1) advises a litigant to exercise great diligence in challenging personal jurisdiction . . . or service of process. If he wishes to raise [either] of these defenses he must do so at the time he makes his first significant defensive move . . . ." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998).

The Defendant has failed to follow such rule; it can not now blame the plaintiffs for such noncompliance.[3]

---

[3] Notably, the issue of plaintiffs' purported 'waiver' was first raised, over a year after service by publication, when, in response to the defendant's <u>second</u> motion to dismiss based upon insufficiency of service, filed prior to even a decision on the first motion, defendant, the plaintiff sought to strike based upon the *defendant's* failure to assert such ground in the one motion to dismiss which it is permitted to file under the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the reasons set forth herein, and our initial Memorandum of Law, the Plaintiffs' Cross Motion to Strike should be granted. In the event that such motion is denied, Plaintiffs rely upon the arguments set forth in the Plaintiffs' Consolidated Response to the Defendant Asat Trust Reg.'s motion to dismiss.

Dated: March 28, 2006

        Respectfully submitted

        LAW OFFICES OF JERRY S. GOLDMAN
            & ASSOCIATES, P.C.


        By: _____
           JERRY S. GOLDMAN, ESQ. (JG8445)
           111 Broadway, 13th Floor
           New York, N.Y. 10006
           212.242.2232

        *Attorneys for the Plaintiffs,*
        *Estate of John P. O'Neill*, *et al.*

On the Memorandum:

Jerry S. Goldman, Esq. (JSG8445)
Frederick J. Salek, Esquire (FJS 8565)
Gina M. Mac Neill, Esq. (GM0581)

X:\Clients\ONeill v. Saudi arabia\Motions\Motions to Dismiss\Asat Trust- Wachter\ASAT TRUST II\Plaintiffs' Response\Final\Reply\Reply Memorandum Submitted in Support of Plaintiffs' Cross Motiont o Strike.doc

4

5

## **CERTIFICATE OF SERVICE**

I, JERRY S. GOLDMAN, ESQUIRE, do hereby certify that I served the within Plaintiffs' Reply Memorandum of Law in Support of the Plaintiffs' Cross Motion to Strike, on this date, on all of the parties in the case via filing with the Court's electronic case filing (ECF) system.

Dated: March 28, 2006

_____
JERRY S. GOLDMAN, ESQUIRE