**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) |
| *This document relates to:*<br>*Federal Insurance Co. v. al Qaida*, 03-cv-6978 (RCC) | ECF Case |

## DEFENDANT TADAMON ISLAMIC BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, LACK OF PERSONAL JURISDICTION AND INSUFFICIENT AND CONCLUSORY RICO ALLEGATIONS.

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:        202-862-4343
Facsimile:    202-828-4130

*Attorney for Defendant Tadamon Islamic Bank*

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................. 1

II.    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST
       TADAMON. ........................................................................................................ 3

       A.   Standard of Review ..................................................................................... 3
       B.   Plaintiffs' Allegations Are Conclusory And Insufficient To State a Claim ...................... 4
       C.   Plaintiffs' Complaint Fails to Establish Causation ........................................... 5
       D.   Routine Banking Services Cannot Subject A Defendant To Liability .............................. 6

III.   PLAINTIFFS' COMPLAINT FAILS FOR WANT OF PERSONAL
       JURISDICTION OVER TADAMON. .............................................................. 7

       A.   Standard of Review ..................................................................................... 7
       B.   Tadamon Lacks Minimum Contacts with the United States ............................................ 8

IV.    PLAINTIFFS' SUPPLEMENTAL PLEADINGS, SUCH AS THEIR RECENTLY
       FILED RICO STATEMENT, CANNOT SALVAGE THEIR DEFICIENT
       COMPLAINT AS IT REGARDS OR RELATES TO TADAMON – AS SUCH,
       DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED. ............................. 9

V.     CONCLUSION ................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

<u>Federal Cases</u>

*Browning v. Clinton*, 292 F.3d 235 (D.C. Cir. 2002)…………………………………………….. 3

*Burnett v. Al Baraka*, 274 F. Supp. 2d 86 (D.D.C. 2003)…………………………………2, 6, 7

*DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996)………………………………….4

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994)………………………5

*Hishon v. King & Spalding*, 467 U.S. 69 (1984)……………………………………………………3

*In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371 (S.D.N.Y. 2001)………………...3

*In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204 (2d Cir. 2003)………………………….7

*In re: Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)……………………………………………………………………………...passim

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)…………………………………………….7, 8

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994)…………………………..3

*Leema Enters. Inc. v. Wili*, 575 F. Supp. 1533 (S.D.N.Y. 1983)………………………………….9

*Papasan v. Allain*, 478 U.S. 265 (1986)....……………………………………………………...3

*Semi Conductor Materials v. Citibank Int'l PLC*, 969 F. Supp. 243 (S.D.N.Y. 1997)……………9

*United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116 (D.D.C. 2000)…………………………8

*Wagner v. Barrick Gold Corp.*, 2006 U.S. Dist. LEXIS 3854, at *4-5 (S.D.N.Y. Jan. 31, 2006)………………………………………………………………………………2, 3, 5

*W.E. Media Inc. v. Gen. Elec. Co.*, 218 F. Supp. 2d 463 (S.D.N.Y. 2002)………………………4


<u>Rules</u>

Fed. R. Civ. P. 12(b)(2)....……………………………………………………………………1, 7

Fed. R. Civ. P. 12(b)(6)....……………………………………………………………….........1, 3

Fed. R. Civ. P. 15(d)………..……………………………………………………………1, 3, 9, 10

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant Tadamon Islamic Bank, by and through its undersigned attorney, moves this Court to dismiss Plaintiffs' complaint as it relates to or regards Defendant Tadamon Islamic Bank.

## I.      INTRODUCTION

Defendant Tadamon Islamic Bank (hereinafter "Tadamon") hereby files this memorandum in support of its motion to dismiss the Federal Insurance Plaintiffs' (hereinafter "Plaintiffs") complaint on three bases: (1) failure to state a claim under FRCP 12(b)(6); (2) lack of personal jurisdiction under FRCP 12(b)(2); and (3) Plaintiffs' supplemental pleadings, such as their recently filed RICO statement, are conclusory in nature and do not fall within the meaning of FRCP 15(d) – thus, they should not prevent this Court from dismissing Tadamon as a matter of law.

FRCP 12(b)(6) relief is appropriate because: (a) Plaintiffs' allegations are conclusory in nature;  (b) they are lacking in terms of causation;  and (c) the provision of routine banking services cannot subject a defendant to liability.

As to the first point, Plaintiffs allege that because Tadamon is an alleged subsidiary or affiliate of Al Baraka (a defendant that has already been dismissed by this Court in the *Ashton* and *Burnett* cases pursuant to FRCP 12(b)(6)) Tadamon is somehow linked to the 9/11 attacks.[1] This is a far-fetched position which cannot withstand the instant FRCP 12(b)(6) motion to dismiss.[2]   As to the second point, Plaintiffs fail to establish any kind of connection or causal link

---

[1]  *Query:  To the extent that numerous allegations have already been rejected by this Court against an alleged principal [Al Baraka]and have been dismissed "in their entirety," how is it possible to, in effect, transfer or attribute liability to an alleged related entity based upon the identical conduct found wanting by this Court?*

[2]  As this Court has held, "[T]he extreme nature of the charges of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant."  *In re: Terrorist Attacks on September 11, 2001,* 349 F. Supp. 2d 765, 833 (S.D.N.Y. 2005) ("*Terrorist*

between their injuries and the alleged conduct of Tadamon (i.e. providing banking services).
Failure to adequately allege a causal link between Defendant's alleged conduct and Plaintiffs'
injuries alone warrants dismissal of their complaint.[3]

As to the third point, Plaintiffs' allege that Tadamon is liable for the 9/11 tragedy because
it provided classic banking services and had shareholders that were alleged supporters of
terrorism.  This Court has already held however, that the provision of ordinary banking services
does not provide a basis for liability.[4]  Moreover, this Court upheld Judge Roberston's earlier
ruling, that rejected an expansive "know your customer rule," which Plaintiffs' attenuated
allegations propose.[5]  For any or all of the foregoing reasons, Plaintiffs' allegations against
Tadamon fail to make a claim for which relief can be granted.

Defendant also hereby requests dismissal for lack of personal jurisdiction.  As evidenced
by the attached affidavit, Tadamon has never conducted business of any sort in the United States.
(Aihmaidi Aff.) ("Ex. A.").  Because Tadamon has never availed itself in the jurisdiction of the
United States, the minimum contacts necessary to sustain this action are lacking and Tadamon
must be dismissed.[6]

Finally, Defendant hereby requests dismissal for the additional reason that Plaintiffs'
supplemental pleadings - such as their recently filed RICO statement – are conclusory in nature

---

*Attacks I") (quoting Burnett v. Al Baraka*, 274 F. Supp. 2d 86, 103-04 (D.D.C. 2003) ("*Burnett
I*")).

[3] *See Wagner v. Barrick Gold Corp.,* 2006 U.S. Dist. LEXIS 3854, at *14 (S.D.N.Y. Jan.
31, 2006) (granting defendants' Motion to Dismiss for Plaintiffs' failure to adequately allege a
causal link between defendants' alleged conduct and plaintiff's securities fraud claim);  *see infra.*
Pt. II(C) and accompanying text.

[4] *Terrorist Attacks I*, 349 F. Supp. 2d at 833 (citing *Burnett I,* 274 F. Supp. 2d at 109).

[5] *See infra.* Pt. II (D).

[6] *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

2

and concern matters prior to the date of their original pleading and as such violate FRCP 15(d). *See infra* Pt. III.

For any and all of the foregoing reasons Defendant's motion to dismiss must be granted.

## II.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST TADAMON.

Plaintiffs' complaint can be dismissed for failure to state a claim under FRCP 12(b)(6). As is obvious, Plaintiffs' allegations are conclusory in nature, they are also lacking in terms of causation and they state nothing more than the fact that Tadamon provided routine banking services.

### A.   <u>Standard of Review</u>

A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). In reviewing such a motion, the court must construe the complaint in the light most favorable to plaintiff and must accept as true all allegations and all reasonable factual inferences drawn from the factual allegations. *See Wagner v. Barrick Gold Corp.*, 2006 U.S. Dist. LEXIS 3854, at *4-5 (S.D.N.Y. Jan. 31, 2006).

However, the court need not "accept inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint." *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court must reject legally conclusory allegations, treating only specific factual allegations as true. *In re Livent, Inc. Noteholders Sec. Litig.,* 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001).

B.      Plaintiffs' Allegations Are Conclusory And Insufficient To State a Claim

As noted above, in their 182 page Complaint, Plaintiffs make two points:  (1)  that Tadamon provided financial and routine banking services and by virtue of their operation as a bank in the Sudan, they provided services to alleged known supporters of terror;  and (2) that by providing financial services and maintaining accounts for certain "shareholders" Tadamon is within six-degrees of separation from Osama Bin Laden and therefore supported international terrorism and/or the 9/11 terrorist attacks.  (Pls.' Am. Compl. ¶¶ 334-342, March 10, 2004).  This Court should not entertain any more attenuated and "six degrees of separation" links between Tadamon and Plaintiffs' injuries.  *See W.E. Media Inc. v. Gen. Elec. Co.*, 218 F. Supp. 2d 463, 475 (S.D.N.Y. 2002).  Defendant's motion to dismiss should thus be granted.

It is well established that general and conclusory allegations are an insufficient basis of liability as "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." *Terrorist Attacks I*, 349 F. Supp. 2d at 833 (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).  Such conclusive allegations are always insufficient, as a matter of law, to maintain a lawsuit, even if they contain all the requisite elements of a cause of action.  *See id.* at 832-33.  For example, in examining the claims made against Al Rajhi Bank in *Ashton* and *Burnett*, this Court noted that the plaintiffs "do not offer facts to support their conclusions that Al Rajhi Bank had to know that Defendant Charities … were supporting terrorism."  *Id.* at 833.  This was the case even though the complaint contained allegations that "Al Rajhi knew or hod to know that its depositors … were material supporters of terrorism."  *Id.* at 831.

Likewise, Plaintiffs' complaint alleges that Tadamon has long provided financial services and other forms of material support to Al Qaida.  (Pls.' Am Compl. ¶ 336).  It is important to

note, however, that Plaintiffs' Amended Complaint fails to detail the specific banking services

and/or the "other forms of material support" that Tadamon provided which led to their

supporting of international terrorism and/or the 9/11 tragedy.  Thus, Plaintiffs' conclusive

allegations in paragraphs 334-342 of their Amended Complaint are insufficient and, just as this

Court previously held for Al Rajhi, Tadamon should be dismissed for Plaintiffs' failure to state a

claim upon which relief can be granted.

      C.    <u>Plaintiffs' Complaint Fails to Establish Causation</u>

As this Court is aware, Plaintiffs must show that Defendant's actions were a substantial

cause of their injuries and that their injuries were reasonably foreseeable to Defendant.  *See First*

*Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 769 (2d Cir. 1994).  Because of an

obvious lack of connection between the Plaintiffs' injuries and the alleged conduct of Tadamon,

(i.e. providing banking services) this Court can and should dismiss the complaint on this basis

alone.  *See Wagner v. Barrick Gold Corp.,* 2006 U.S. Dist. LEXIS 3854, at *14 (S.D.N.Y. Jan.

31, 2006) (granting defendants' Motion to Dismiss for Plaintiffs' failure to adequately allege a

causal link between defendants' alleged conduct and plaintiff's securities fraud claim).

Pursuant to this Court's previous ruling, proximate cause is an essential element of any

claim and to meet their causation burden, Plaintiffs must present sufficient allegations that

Defendant's conduct (i.e., operating as a retail bank in the Sudan) was the proximate cause of

Plaintiffs' injuries.  *See Terrorist Attacks I,* 349 F. Supp. 2d at 797 n. 26.  Defendant submits that

in their Complaint, Plaintiffs fail to meet their "cause-in-fact" burden because they merely allege

that a relationship between Tadamon and Al Baraka or "shareholders" such as Sheikh Saleh

Kamel existed.  Assuming *arguendo,* even if a "relationship" existed between Tadamon and Al

Baraka and/or "shareholders" such as Mr. Kamel, both parties have already been dismissed by

this Court and cannot be the causal link Plaintiffs would otherwise suggest they are between Tadamon's conduct and Plaintiffs' injuries.

As such, Plaintiffs fail to meet their burden in showing any causal connection between any action on the part of Tadamon with regard to the 9/11 tragedy.  As such, their complaint should be dismissed.

       D.      <u>Routine Banking Services Cannot Subject A Defendant To Liability</u>

Tadamon cannot be held liable for providing banking services.  All courts examining this issue have rejected the proposition that a bank can be held responsible for the way in which its alleged customers use their money.  *Burnett I*, 274 F. Supp. 2d at 109; *Terrorist Attacks I,* 349 F. Supp. 2d at 832.  Examining this potential liability, this Court concluded that there is no support "for the proposition that a bank is liable for injuries done with money that passes through its hands in the form of deposits, withdrawals, check clearing services, or any other routine banking service."  *Terrorist Attacks I,* 349 F. Supp. 2d at 832 (quoting *Burnett I*, 274 F. Supp. 2d at 109). Although the act of "funneling" or transferring money to a terrorist is "unlawful and actionable," there is no basis for liability if a bank unwittingly served as a "funnel."  *Burnett I,* 274 F. Supp. 2d at 109.

In deciding the motion to dismiss of Al Rajhi, Judge Robertson dismissed all claims related to the provision of banking services, but kept Al Rajhi in the suit only because of allegations that it misused its own zakat fund, hence "funneling" money to terrorists rather than being a simple "funnel."  *Id.*  However, after receiving the *Burnett* Plaintiffs' response to their motion for a more definite statement, Al Rajhi renewed its Motion to Dismiss before this Court. *Terrorist Attacks I,* 349 F. Supp. 2d at 832.  Upholding Judge Robertson's earlier ruling, and rejecting the Plaintiffs' expansive rationale regarding a "know your customer rule," this Court

dismissed the complaint against Al Rajhi "in its entirety." *Id.* at 833.  Likewise, this Court should dismiss the complaint against Tadamon.  Plaintiffs herein are not even alleging the same basis for liability as in the Al Rajhi case (i.e. there is no allegation that Tadamon violated its zakat fund or any other internal policy or procedures).  Rather, Plaintiffs allege a more attenuated relationship – one between Tadamon and Al Baraka or one between Tadamon and alleged shareholders who allegedly have links to international terrorism.  This is the classic six degrees of separation theory.  However, as already referenced above, both Al Baraka and Mr. Kamel have been dismissed on failure to state a claim grounds.  Thus, Tadamon submits it should also be dismissed as (1) it cannot be held responsible for the way its alleged customers used their money;  and (2) even if money was allegedly funneled or transferred through Tadamon to terrorists, it was done so "unwittingly" by Tadamon and liability cannot as a result thereof.  Accordingly, Plaintiffs' claim against Tadamon must be dismissed.

## II.    PLAINTIFFS' COMPLAINT FAILS FOR WANT OF PERSONAL JURISDICTION OVER TADAMON.

Besides failure to state a claim, Plaintiffs' complaint can also be dismissed for lack of personal jurisdiction under FRCP 12(b)(2).  *See* Ex. A.

### A.    Standard of Review

Pursuant to FRCP 12(b)(2), the plaintiff bears the burden of making out a *prima facie* case to establish personal jurisdiction over the defendant.  *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).  In order to survive a motion to dismiss pursuant to Rule 12(b)(2), plaintiffs must provide facts sufficient to establish minimum contacts between the defendants and the forum.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  "A plaintiff makes such a showing by alleging specific acts connecting the defendant with the forum; mere allegations of a conspiracy will not suffice." *United States v. Philip Morris*

*Inc.*, 116 F. Supp. 2d 116, 121 (D.D.C. 2000); *see also Terrorist Attacks I,* 349 F. Supp. 2d at 805.

      B.    <u>Tadamon Lacks Minimum Contacts with the United States</u>

Tadamon has never availed itself to the jurisdiction of the United States in any manner or fashion.  Pursuant to well-established case law, minimum contacts are necessary to sustain this action.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Here, Plaintiffs' suit against Tadamon must be dismissed because Plaintiffs have failed to plead a sufficient nexus between Tadamon and the United States.  Plaintiffs could not plead sufficient contacts because, as evidenced by the attached affidavit, Tadamon has had no direct contacts with the United States either in the past or present.  (Ex. A.)

Tadamon is a banking institution headquartered in Sudan.  Tadamon is not, and has never been, domiciled, organized, or incorporated in any form in the United States.  (Ex. A at 5.)  Tadamon is not, and has never been, licensed or registered to do business in the United States.  Ex A at 6.  Tadamon does not, and has never owned or leased property in the United States.  (Ex. A at 7.)  Tadamon does not have, and never had, a branch office, a representative, an employee or an agent in the United States, except for its representation by an attorney in this court.  (Ex. A at 8.)  Tadamon does not now, and has never, offered or advertised banking or any other services within the United States.  (Ex. A at 9.)  Tadamon have never received funds which originated in the United States.  (Ex. A at 10.)  Shares of Tadamon stock has never been offered or sold in the United States.  (Ex A at 11.)  Tadamon does not have a bank account in the United States, but it had a correspondent account in the United States with the Bank of New York for a short period which was closed in or about February 1994.  Tadamon also has never, on its own initiative or at the request of any customer, transferred funds to the United States.  (Ex. A at 12.)  Tadamon

does not now maintain any correspondent relationships with United States based Banks.  (Ex. A. at 13.)

Although Tadamon had a correspondent relationship with the Bank of New York, it is important to note that this relationship was necessary to perform routine international monetary transfers and has never been used to perform any business within the United States.  (Ex. A at ¶¶ 11-13.)  Moreover, "[c]ourts have repeatedly found that a correspondent bank relationship between a foreign bank and a New York financial institution does not provide sufficient grounds to exercise personal jurisdiction over a foreign bank."  *Semi Conductor Materials v. Citibank Int'l PLC,* 969 F. Supp. 243, 246 (S.D.N.Y. 1997).  This Court itself has recognized that a correspondent relationship with a U.S. based bank, absent additional allegations does not satisfy due process requirements and requires dismissal.  *See Terrorist Attacks I,* 349 F. Supp. 2d at 820 (citing *Leema Enters. Inc. v. Wili*, 575 F. Supp. 1533, 1537 (S.D.N.Y. 1983)).

Given the foregoing reasons, it is clear that Defendant's motion to dismiss can and should be granted.

## III.   PLAINTIFFS' SUPPLEMENTAL PLEADINGS, SUCH AS THEIR RECENTLY FILED RICO STATEMENT, CANNOT SALVAGE THEIR DEFICIENT COMPLAINT AS IT REGARDS OR RELATES TO TADAMON – AS SUCH, DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED.

Plaintiffs' Complaint can also be dismissed notwithstanding Plaintiffs' supplemental pleadings, such as their recently filed RICO statement.  The allegations contained therein are: (a) conclusory in nature; (b) simply restate Tadamon's alleged relationship with certain shareholders, and (c) accuse Tadamon once more of providing routine banking services to alleged  shareholders.  In addition, the statement does not fall within the meaning of FRCP 15(d).

Supplemental pleadings are limited to setting forth transactions, occurrences or events which have happened since the date of the pleading sought to be supplemented.  Fed. R. Civ. P.

15(d).  In Plaintiffs' recently filed RICO statement, paragraph 5(b) lists the "dates of, the participants in, and a description of the facts surrounding the predicate acts."  As this court will observe, the dates plaintiffs' allege regard "early 1990s to 9/11/2001."  (Pls.' RICO Statement, 2-3, March 13, 2006.)  Moreover the allegations presented in Plaintiffs' Exhibit A, also set forth transactions, occurrences or events that have happened subsequent to their Complaint dated March 10, 2004.  As such, this Court should not entertain Plaintiffs' new allegations in the form of their RICO Statement since FRCP 15(d) applies "only to events that have occurred since the date of the filing of the pleading."  Fed. R. Civ. P. 15(d).

## V.    CONCLUSION

For good cause shown in this memorandum, this Court should grant Defendant's motion to dismiss based on failure to state a claim for which relief can be granted, lack of personal jurisdiction and because Plaintiffs' supplemental pleadings cannot salvage their deficient complaint as it regards or relates to Tadamon.

Respectfully Submitted,

_____/s/_____
Martin McMahon, Esq., M.M. 4389
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343

*Attorney for Defendant Tadamon Islamic Bank*

Dated: March 27, 2006

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of

Motion to Dismiss was served via electronic case filing on this 27th day of March, 2006, upon the

following:

> Mr. Sean P. Carter, Esq.
> Cozen O'Connor
> 1900 Market St.
> Philadelphia, Pa. 19103-3508

_____/s/_____
Lisa D. Angelo, Esq.
