

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202 457-6315
www.pattonboggs.com

SO ENDORSED

March 21, 2006

Ronald S. Liebman
(202) 457-6310
rliebman@pattonboggs.com

The Honorable Richard C. Casey
United States District Judge
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, NY 10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-3-06

Re:   In re Terrorist Attacks on September 11, 2001, MDL No. 1570 (RCC)
      Burnett v. Al Baraka Investment & Develop. Corp., 03 CV 9849 (RCC)
      Ashton v. Al Qaeda Islamic Army, 02 CV 6977 (RCC)

Dear Judge Casey:

    On behalf of defendant, The National Commercial Bank ("NCB"), we write to address matters raised for the first time in Mr. Andrew Maloney's letter of March 20, 2006. We apologize for prolonging the correspondence, but we did everything contemplated by the Court's June 17, 2004 Order to present NCB's letter application in a streamlined fashion.

    Incredibly, plaintiffs seek to blame NCB for their own failure to respond to our repeated communications over a six-month period. In September and October 2005, Mr. Maloney did not respond to our three written requests to meet and confer over plaintiffs' discovery requests. In March 2006, Mr. Maloney did not respond to our e-mail and telephone communications asking him to provide us plaintiffs' position on NCB's application to set a briefing schedule without any further hiatus for jurisdictional discovery. Mr. Maloney simply could not have been engaged in other matters at all times over that six-month period, or unable to ask one of his colleagues to respond to us in his absence.

    It is no excuse for Mr. Maloney to say that we should have communicated with someone else. On questions affecting jurisdictional discovery, as shown by the attachments to our letters, NCB has consistently communicated with Mr. Maloney, following my initial contact with Mr. Kreindler, because: (1) *Ashton* plaintiffs' counsel propounded the jurisdictional discovery requests to NCB; (2) Mr. Maloney wrote all of plaintiffs' correspondence to us about those jurisdictional discovery requests; and (3) Mr. Maloney was the attorney with whom we reached the agreement


**PATTON BOGGS** LLP
ATTORNEYS AT LAW

The Honorable Richard C. Casey
March 21, 2006
Page 2

to meet and confer about jurisdictional discovery after the Court ruled on NCB's motion for reconsideration. Mr. Maloney would have had a right to complain only if we had communicated with someone else once the Court ruled on NCB's motion for reconsideration.

Plaintiffs now improperly seek to profit from their six months of silence not only by delaying NCB's renewed motion to dismiss, but also by forcing NCB to produce documents before a "meet and confer" to address NCB's objections. Any such outcome would reward plaintiffs for their inaction, and would breach the parties' agreement to "meet and confer" as the first step in their effort to resolve NCB's objections. That agreement—reached through an exchange of correspondence—was made in good faith and was enforceable under Fed. R. Civ. P. 29 (see *Cotto v. Clark Investigs. & Sec. Servs., Ltd.*, 2003 WL 22358797 (Oct. 16, 2003) (Eaton, Mag. J.)), and under ¶ 21 of the Court's Case Management Order #2 in these MDL proceedings.

As noted in my March 17 letter, NCB is compelled by Saudi law to maintain the confidentiality of bank records. NCB never could simply produce documents first and discuss its objections later, as Mr. Maloney now, for the first time, suggests. The record shows that NCB sought, obtained and repeatedly tried to get the plaintiffs to comply with their agreement to meet and confer as the first step in the jurisdictional discovery process following the ruling on reconsideration. Having lived up to its end of the bargain with the plaintiffs, NCB should not be penalized for plaintiffs' inaction. Indeed, it was NCB—not the plaintiffs—that brought this matter to the Court for resolution because plaintiffs' delay was keeping NCB in limbo, and thus causing prejudice to NCB.

Respectfully submitted,

Ronald S. Liebman

cc: All Counsel

---

*Handwritten note from the Court:*

The Court has reviewed the correspondence from Mr. Liebman and Mr. Maloney + orders counsel for NCB + Plaintiffs to meet and confer + work out a production schedule within 10 days. If the parties are unable to reach an agreement the Court will assign a magistrate to oversee a strict schedule. The Court urges the parties to act professionally.

4/3/06    Richard Casey