UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS on SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC) |

This document relates to:

*Federal Insurance Co., et al. v. Al Qaida, et al. (03 CV 6978)*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al. (02 CV 6977)*

*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al. (04 CV 7065)*

*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et. al. (04 CV 5970)*

*New York Marine & General Ins. Co. v. Al Qaida, et al. (04 CV 6105)*

*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al. (04 CV 1923)*

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT AL SHAMAL ISLAMIC BANK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, LACK OF PERSONAL JURISDICTION AND LACK OF SUBJECT MATTER JURISDICTION**

Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Ste. 900
Washington, D.C. 20036
(202) 862-4343
(202) 828-4130
*Attorney for Defendant*
*Al Shamal Islamic Bank*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................... 1

II.   PLAINTIFFS' OPPOSITION DOES NOT SALVAGE THEIR INSUFFICIENT COMPLAINTS AS THEY FAIL TO STATE A CLAIM AGAINST AL SHAMAL ....... 1

   A.   Plaintiffs' Notice-Pleading Argument Is Non-Responsive To Al Shamal's Original 12(b)(6) Arguments. ...................................................................... 1

   B.   Plaintiffs Have Not Properly Pled Their Claim For Liability Against Al Shamal. . 2

   C.   Plaintiffs' Allegations Fail to State a Claim Because They Are Based Solely Upon Legal Conclusions And Conclusory Allegations. ......................................... 3

   D.   Al Shamal's Non-Designated Status Warrants Deference By This Court In Support of its Motion to Dismiss Plaintiffs' Complaints. .............................. 6

   E.   Any Attempt to Proffer Evidence to Plaintiffs by Defendant's Counsel Was Done Solely in an Attempt to "Clarify" Statements Made At Oral Argument. ........... 6

III.   THIS COURT LACKS PERSONAL JURISDICTION OVER AL SHAMAL ......... 7

IV.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER AL SHAMAL ............................................................................................................. 10

V.   CONCLUSION .................................................................................................. 10

# **TABLE OF AUTHORITIES**

FEDERAL CASES

*Am. Fuel Corp. v. Utah Energy Dev. Co., Inc.*, 122 F.3d 130 (2d Cir. 1997)......................3

*Asahi Metal Ind. Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987).............9

*Burnett v. Al Baraka*, 274 F. Supp. 2d 86 (D.D.C. 2003) ...................................................5

*Campbell v. San Antonio*, 43 F.3d 973 (5th Cir. 1995).......................................................4

*Chrysler Capital Corp. v. Century Power Corp.*, 779 F. Supp. 1260, 1266 (S.D.N.Y. 1991)...................................................................................................................8

*Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183 (11th Cir. 2003)........................................4

*Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993) ...................................................4

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994) .......................2

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)........................8

*In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005) ................................................................................................................ passim

*In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539 (S.D.N.Y. 2005).....6

*Intermor v. Walt Disney Co.*, 250 F. Supp. 2d 116, 120 (E.D.N.Y. 2003) .......................10

*JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Services, Inc.*, 306 F. Supp. 2d 482 (S.D.N.Y. 2004)...............................................................................3, 5

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) ..................................................10

*Linde v. Arab Bank*, 384 F. Supp. 2d 571 (E.D.N.Y. 2005)...............................................2

*Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir. 2005) ......................................... 1, 2

*Semiconductor Materials v. Citibank Int'l PLC*, 969 F. Supp. 243 (S.D.N.Y. 1997).........9

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780 (9th Cir. 1996).3

*Tasso v. Platinum Guild Int'l*, 1997 WL 16066 (S.D.N.Y. Jan. 16, 1997).........................5

*Timberlane Lumber Co. v. Bank of America*, 749 F.2d 1378 (9th Cir. 1984)..................11

*United States ex rel Willard v. Humana Health Plan of Tx Inc.*, 336 F.3d 375 (5th Cir. 2003).....................................................................................................................4

*United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116 (D.D.C. 2000) ..........................7

*Volkswagenwerk Aktisngesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117 (2d Cir. 1984) ..............................................................................................................................10

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)...................................8

STATE CASES

*DiPonzio v. Riordan*, 679 N.E.2d 616 (N.Y. 1977) .......................................................... 10

FEDERAL RULES

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 1, 3, 4

**I.      INTRODUCTION**

Defendant Al Shamal Islamic Bank ("Al Shamal") hereby files this reply memorandum in support of its motion to dismiss the six Multidistrict Litigation complaints cited in the caption (hereinafter referred to collectively as "Plaintiffs").  In its original motion, Al Shamal requested dismissal on three bases: (1) failure to state a claim under Fed. R. Civ. P. 12(b)(6); (2) lack of personal jurisdiction under Fed. R. Civ. R. 12 (b)(2); and (3) lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) (hereinafter referred to as "FRCP").  Plaintiffs' opposition serves as nothing more than another example of how the Plaintiffs string together conclusory allegations and legal conclusions masquerading as factual conclusion.[1]  As such and for reasons detailed *infra*, Al Shamal asks this Court to grant its motion to dismiss.

**II.     PLAINTIFFS' OPPOSITION DOES NOT SALVAGE THEIR INSUFFICIENT COMPLAINTS AS THEY FAIL TO STATE A CLAIM AGAINST AL SHAMAL.**

    **A.     <u>Plaintiffs' Notice-Pleading Argument Is Non-Responsive To Al Shamal's Original 12(b)(6) Arguments.</u>**

In their opposition, Plaintiffs suggest that Al Shamal's motion should be denied because they do not have a burden to "prove their case at the pleading stage." (Pls.' Opp'n at 11.)  This was hardly the position articulated by Al Shamal in its motion to dismiss.  As Plaintiffs' opposition reveals, they have simply failed to state a claim under FRCP 12(b)(6).  With respect to Plaintiffs' invocation of Rule 8(a), even "notice pleading" requires more than what they have articulated in their complaints.  In the underlying motion, Al Shamal argued that Plaintiffs' complaints should be dismissed for several reasons including failure to state a claim.  With respect to FRCP 12(b)(6), Al Shamal also provided the Court with several reasons for dismissing Plaintiffs' complaints under this rule.  Only one reason was for lack of causation.  Plaintiffs

---

[1] *Campbell v. San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *see infra* Pt. II(C).

1

reference to *Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir. 2005), should not carry any great weight with this Court as a rebuttal to Al Shamal's failure to state a claim argument. In *Pelman* the Second Circuit vacated a district court's 12(b)(6) dismissal because "an action under the deceptive trade practices provision of the New York Consumer Protection Act is not subject to the pleading-with-particularity requirements for *fraud* claims…" *Id. at* 511 (emphasis added). Again, both this Court and the Second Circuit have noted the importance of alleging a causal link even at this stage of litigation. *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 797 n. 26 (hereinafter "Terrorist Attack I"); *see also First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 769 (2d Cir. 1994). Thus, for Plaintiffs to meet their "causation" burden, they must present sufficient allegations that Defendant's conduct, operating as a retail bank in Khartoum, Sudan, was the proximate cause of their injuries. *Terrorist Attack I,* 349 F. Supp. 2d at 797 n. 26; *see also First Nationwide Bank*, 27 F.3d at 767 (holding that the Plaintiffs' complaint "must be dismissed" because it did not adequately allege proximate cause). Here, and notwithstanding the distinguishable case law cited in their opposition, Plaintiffs have failed to make allegations sufficient to meet their causation burden with respect to Al Shamal.

  **B.**  **Plaintiffs Have Not Properly Pled Their Claim For Liability Against Al Shamal.**

Regarding Plaintiffs' latest argument (i.e., the provision of "extraordinary banking services"), it is important to note that this argument has not been mentioned previously or argued in this case. This fact is all but admitted by Plaintiffs when they stated – without reference to any authority or a previously filed complaint – that, "Al Shamal's pervasive support of Osama bin Laden through the years … is far more than mere 'ordinary banking services'." (Pls.' Opp'n at 14.)

2

Moreover, Plaintiffs' reference to *Linde v. Arab Bank*, 384 F. Supp. 2d 571, 588 (E.D.N.Y. 2005), is also misplaced because the case is highly distinguishable in that *Linde* specifically concerns Hamas related allegations and addresses the issue of liability on a Bank Defendant when it allegedly provided banking services to a designated terrorist group, Hamas, and administered a trust account for the benefit of Hamas. No such allegations have been made against Al Shamal.

When seeking vicarious liability based on the actions of alleged minority shareholders in Al Shamal Bank, Plaintiffs fail to cite any case law on their investor argument and, more importantly, Plaintiffs fail to acknowledge or rebut Al Shamal's "reverse piercing" argument. To briefly reiterate, for a company to be held liable for the acts of an investor, there must be a "reverse piercing" of the corporate veil. *Am. Fuel Corp. v. Utah Energy Dev. Co., Inc.*, 122 F.3d 130, 134 (2d Cir. 1997). Plaintiffs have not made the necessary arguments to accomplish this reverse piercing. *See id.; see also JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Services, Inc.*, 306 F. Supp. 2d 482, 485 (S.D.N.Y. 2004). As further detailed in the underlying motion, Al Shamal cannot be held liable for the actions of other alleged investors.

**C.      Plaintiffs' Allegations Fail to State a Claim Because They Are Based Solely Upon Legal Conclusions And Conclusory Allegations.**

FRCP 12(b)(6) tests the legal sufficiency of a party's claim for relief. A claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996), *cert. den.*, 519 U.S. 1028 (1996). Conclusory allegations or legal conclusions masquerading as factual conclusions are not sufficient to warrant denial of a motion to dismiss. *Campbell v. San Antonio*, 43 F.3d

3

973, 975 (5th Cir. 1995); *see also United States ex rel Willard v. Humana Health Plan of Tx Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (holding that unwarranted factual deductions, inferences, and legal conclusions "masquerading as facts" will not defeat a Rule 12(b)(6) motion).

As only one example, in ¶ 302 of New York Marine & General Insurance Co.'s second amended complaint, Plaintiffs allege that, "according to *published reports*, Osama bin Laden remains the principal shareholder in Al Shamal Bank." (N.Y. Marine Compl. ¶ 302 Sept. 30, 2005.)  This is one significant example of the deficiencies in Plaintiffs' complaints.  *Query: Have we now reached such a level that unidentified "published reports" (perhaps news articles) can serve as a basis for keeping a defendant in a case?*

Moreover, Judge Roberts specifically rejected this sensational and speculative approach when he dismissed all claims related to the provision of banking services and the "know your customer rule".  *Terrorist Attacks I,* 349 F. Supp. 2d at 833.  If newspaper articles are to serve as the basis for a bank knowing what a customer is doing then any bank in the world could be joined as a defendant in this lawsuit.  Because Plaintiffs allege the same basis for liability against Al Shamal as the *Ashton* and *Burnett* plaintiffs did against Al Rajhi, all claims against Al Shamal should likewise be dismissed. Finally, and with respect to any RICO allegations filed by Plaintiffs against Al Shamal, "conspiracy claims should contain more than conclusory, vague, or general allegations, and should provide some 'details of time and place and the alleged effect of the conspiracy'." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993).

The Plaintiffs rely almost exclusively on general and conclusory allegations that Al Shamal supported international terrorism.  As this Court has held, conclusory allegations alone

4

cannot survive a motion to dismiss pursuant to FRCP 12(b)(6) for failure to state a claim. *See Terrorist Attacks I*, 349 F. Supp. 2d at 833 (S.D.N.Y. 2005).

In sum, Plaintiffs' litany of conclusory allegations lack a sufficient factual basis that supports or otherwise suggests that Al Shamal's conduct was the proximate cause of their injuries. Nothing in Plaintiffs' opposition to Al Shamal's motion remedies this very material deficiency. For these reasons, Al Shamal's motion to dismiss should be granted.

### D. Al Shamal's Non-Designated Status Warrants Deference By This Court In Support of its Motion to Dismiss Plaintiffs' Complaints.

Plaintiffs cavalierly dismiss out of hand the inconvenient and embarrassing fact that Al Shamal has not been designated as a terrorist sponsor by the U.S. Government more than four and a half years after the 9/11 tragedy. This Court has recently taken into consideration the significance of designation as a terrorist entity in its latest opinion – as was urged by Plaintiffs' counsel – and noted that when a Defendant has been designated some "deference" is warranted. *In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 561 (S.D.N.Y. 2005) (hereinafter "Terrorist Attacks II"). It follows that if deference is given when a party has been "designated" by the U.S. Government, the converse must also be true when a party has not been designated. Thus, Plaintiffs' suggestion on page 12 of their opposition – that this Court should simply disregard the fact that Al Shamal has not been designated – is logically flawed. Indeed, given the sensational nature of the charges that have been leveled against Al Shamal, the fact that the Government has not designated or indicted the entity suggests there is not even a scintilla of evidence to support these charges.

E. **Any Attempt to Proffer Evidence to Plaintiffs by Defendant's Counsel Was Done Solely in an Attempt to "Clarify" Statements Made At Oral Argument.**

Plaintiffs submit that Al Shamal offered "evidence" that should not be considered by this Court. (Pls.' Opp'n at 12.) But the fact that Congressional Research Survey ("CRS") publications no longer contain the sensational charge that OBL invested $50 million dollars in Al Shamal is pertinent to the underlying motion and something, which this Court can take judicial notice of. The CRS documents are official government publications, and it is proper for this Court to consider that the alleged investment by OBL in Al Shamal does not appear anywhere. As was represented to this Court during oral argument, Defense Counsel tried numerous times to educate Plaintiffs' counsel on this and other factual issues, in the hope of avoiding unnecessary litigation. But Defense Counsel has been continuously rebuffed and felt at the time that it was proper to share this information with the Court. Since that time, and for the Court's edification, Defendant's counsel has actually shared this critical information with Plaintiffs' counsel – but to no avail.

For these reasons, Plaintiffs' opposition and the allegations contained on pages 10-12 regarding this alleged "evidence" should not be entertained by this Court.

III. **THIS COURT LACKS PERSONAL JURISDICTION OVER AL SHAMAL**

In an affidavit from the assistant general manager of Al Shamal, Mohamed Bushra Khalaf Alla, Mr. Alla states quite clearly that Al Shamal has no contacts and never has had any contacts with the United States. See *See Alla Aff.* Nonetheless, in their opposition, Plaintiffs submit that this Court should find that Al Shamal availed itself of this jurisdiction because "a plaintiff need only present allegations that connect the defendant with the applicable forum." (Pls.' Opp'n at 20.) Plaintiffs cannot, however, "connect" Al Shamal with this forum via any credible allegation

6

because none exists. On page 19 of their opposition, Plaintiffs submit only a conclusory allegation of conspiracy. This type of allegation is *not* sufficient to survive the present motion. *See United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 121 (D.D.C. 2000); *see also Terrorist Attacks I,* 349 F. Supp. 2d at 805.

Also with regard to Plaintiffs' conspiracy based personal jurisdiction argument, this Court has held that "Plaintiffs must make a prima facie showing of conspiracy, and allege specific facts warranting the inference that the defendant was a member of the conspiracy, and show that the defendant's co-conspirator committed a tort in" the forum. *Terrorist Attacks I*, 349 F. Supp. 2d at 805 (citing *Chrystler Capital Corp. v. Century Power Corp.*, 779 F. Supp. 1260, 1266 (S.D.N.Y. 1991)). Plaintiffs have not met any of these requirements as to Al Shamal. As such, the actions of alleged co-conspirators cannot be attributed to Al Shamal for purposes of determining whether this Court has personal jurisdiction over the defendant.

Plaintiffs additionally suggest that personal jurisdiction is satisfied under a general jurisdiction standard based upon Al Shamal's correspondent banking relationships with institutions throughout Africa, Europe, the Middle East and North America (among others). However, even under a general jurisdiction argument, Plaintiffs must still prove systematic and continuous contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 411-12 (1984). Plaintiffs cannot meet their burden because no such contacts exist. See *See Alla Aff.*

Moreover, even if Al Shamal has a correspondent banking relationship with an American Bank as Plaintiffs allege on page 21 of their opposition, "[c]ourts have repeatedly found that a correspondent bank relationship between a foreign bank and a New York financial institution

7

does not provide sufficient grounds to exercise personal jurisdiction over a foreign bank." *See Semiconductor Materials v. Citibank Int'l PLC,* 969 F. Supp. 243, 246 (S.D.N.Y. 1997) (cited *in Terror Attacks I,* 349 F. Supp. 2d at 819). This Court itself has recognized that a correspondent relationship with a U.S. based bank, absent additional allegations that are lacking herein as to Al Shamal, does not satisfy due process requirements. *Id.* at 820.

On page 22 of their opposition Plaintiffs state that "jurisdiction is proper under a... 'purposeful direction' theory." (Pls.' Opp'n at 22.) But this is incorrect as Al Shamal has submitted evidence that it never purposefully availed itself of any forum within the United States such that it would "reasonably anticipate being haled into court". *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Asahi Metal Ind. Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987); *see also Alla Aff.*

Second, under the "reasonableness" prong of the "purposeful direction theory" the exercise of jurisdiction over Al Shamal will not promote fair play and substantial justice. *See Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 113-114 (1987)First, the burden on Al Shamal being haled into a New York court is great. Al Shamal will incur tremendous financial hardship if forced to defend itself in this Court. Second, the Court's interest in haling a defendant that has not been designated and who, by all accounts, is merely being sued for performing routine banking services does not weigh in the Plaintiffs' favor. Additionally, social policy would likely weigh in favor of not haling financial institutions from all over the world into American courts as it is a financial burden to all parties to this case. Finally, to haul Al Shamal into this Court based on newspaper articles, (i.e. "published reports"), would

8

open the floodgates of litigation such that any corporation or bank, which allegedly provided services to a terrorist would face suit in the United States.[2]

In sum, Plaintiffs' arguments of general jurisdiction, pendent personal jurisdiction, and specific jurisdiction all fail because it is well settled law that the connections of one corporate entity cannot serve as minimum contacts for a related corporate entity. *Volkswagenwerk Aktisngesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117, 120 (2d Cir. 1984). As the contacts of a parent corporation cannot be attributed to a wholly owned subsidiary, the alleged contacts of a few minority shareholders of Al Shamal cannot serve to grant this Court personal jurisdiction over Al Shamal. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *see also Intermor v. Walt Disney Co.*, 250 F. Supp. 2d 116, 120 (E.D.N.Y. 2003).

### IV.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER AL SHAMAL

In their opposition, Plaintiffs did not address this issue, however, it bears repeating that due to a fundamental lack of connection between the Plaintiffs' injuries and the alleged conduct of Al Shamal, this Court can decline to exercise jurisdiction over Plaintiffs claims. (Def.'s Mot. to Dismiss Pt. IV.)

Even if the Court makes a giant leap of logic that there is some consequential relationship between this "conduct" and the occurrence of September 11th, it is the kind of "indirect consequence...at most, a remote possibility at the time the conduct occurred and thus was not a foreseeable consequence." *DiPonzio v. Riordan*, 679 N.E.2d 616, 620 (N.Y. 1977); *see also*

---

[2] Banks which have been accused of providing financial services to terrorists and specifically the 9/11 hijackers include: CitiBank, SunTrust, Deutsche Bank, and Bank of America. It is quite possible that allowing Plaintiffs' to pursue their unfounded case against Al Shamal could result in these, and many other, financial institutions being forced to defend themselves in the US on accusations as flimsy as those made against Al Shamal.

9

*Timberlane Lumber Co. v. Bank of America*, 749 F.2d 1378, 1385 (9th Cir. 1984), *cert. den.*, 472 U.S. 1032 (1985) (holding that an investment decision to foreclose on assets in Honduras, which later has effect on plaintiff in the United States does not meet the foreseeability requirement for subject matter jurisdiction).

## V.   CONCLUSION

For good cause shown in this reply memorandum, the Court should grant Al Shamal's motion to dismiss as Plaintiffs' complaints fail to state a claim for which relief can be granted, there is no basis to assert personal jurisdiction and the Court should decline entertaining this suit for lack of subject matter jurisdiction.

Respectfully Submitted,

_____/s/_____
Martin McMahon, Esq., M.M. 4389
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
(202) 828-4130

*Attorney for Defendant Al Shamal Islamic Bank*

Dated:   April 19, 2006

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of Motion to Dismiss was served via electronic case filing on this 19th day of April, 2006, upon all counsel for the above-captioned parties.

_____/s/_____
Lisa D. Angelo, Esq.