UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates only to: Ashton v. Al Qaeda Islamic Army, 02-CV-6977 (RCC)*

*This document is filed on behalf of those plaintiffs in the above case seeking unliquidated damages for losses as they relate to personal injuries and deaths suffered by victims of the September 11th Terrorist Attacks. Those plaintiffs are listed in Exhibit A hereto.*

### AFFIDAVIT FOR ENTRY OF DEFAULT AND JUDGMENT BY DEFAULT

STATE OF NEW YORK     )
                                        ) ss.:
COUNTY OF NEW YORK )

ANDREW J. MALONEY III, ESQ., being duly sworn, deposes and says:

1. I am a partner of Kreindler & Kreindler LLP, attorneys for the *Ashton* Plaintiffs in the above action. I am familiar with all facts and circumstances in this action, and I am admitted to practice in this Court.

2. I make this Affidavit under Rule 55.1(a) and Rule 55.1(b) of the Local Civil Rules of the Southern District of New York, in support of the *Ashton* Plaintiffs' application for the entry of default and judgment by default against the defendants listed in Exhibit B hereto.

3. This is an action to recover damages owed by defendants to the *Ashton* Plaintiffs for personal injuries, wrongful deaths and other injuries resulting from the terrorist attacks upon the United States on September 11, 2001 (the "September 11th Terrorist Attacks"). Defendants listed in Exhibit B have been sued in this action based on their participation in the conspiracy to commit acts of international terrorism against the United States, its nationals and allies, of which the September 11th Terrorist Attacks were a direct, intended and foreseeable product.

4. Subject matter jurisdiction of this action is based on diversity, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331; the Anti-Terrorism Act, 18 U.S.C. § 2333 *et seq.*, the Air Transportation Safety and System Stabilization Act, Pub. L. 107-42, 115 Stat. 230-242, § 408(b)(1)(Sept. 22, 2001)(reprinted as amended, at 49 U.S.C. § 40101), the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330, 28 U.S.C. §§ 1605(a)(2), 1605(a)(5) & 1605(a)(7); the Alien Tort Claims Act, 28 U.S.C. § 1350; the Torture Victim Protection Act, PL 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note), as well as 28 U.S.C. § 1367.

5. This action was commenced on September 4, 2002, in the United States District Court for the Southern District of New York by the filing of the *Ashton* Summons and Complaint; the First Amended Complaint was filed on September 10, 2002, the Consolidated Master Complaint was filed on March 6, 2003, the First Amended Consolidated Master Complaint was filed on August 5, 2003, the Second Amended Consolidated Master Complaint was filed on August 13, 2003, the Third Amended Consolidated Master Compliant was filed on September 5, 2003, the Fourth Amended Consolidated Master Complaint was filed on March 10, 2004, the Fifth Amended Consolidated Master Complaint was filed on September 20, 2004, and the Sixth Amended Consolidated Master Complaint was filed on September 30, 2005, respectively. Each of the defendants listed in Exhibit B were served the Third Amended Consolidated Master Compliant by publication pursuant to an Order of this Court dated September 16, 2004, permitting service by publication, and proofs of such service were filed on dates set forth in Exhibit B.

6. The defendants listed in Exhibit B have failed to answer or otherwise defend against this action, and the time for these defendants to answer or otherwise defend against this

action has expired.

7. I certify that the defendants listed in Exhibit B are not infants, incompetent persons, nor are they in the military service of the United States.

8. Inasmuch as the defendants at issue in this Affidavit and listed in Exhibit B were served pursuant to an Order of the Court permitting service by publication, Rule 5 of the Individual Practice Rules for the Honorable Richard C. Casey regarding defaults does not apply.

9. The *Ashton* Plaintiffs listed in Exhibit A suffered personal injury or represent the Estates of individuals who suffered personal injury, death, or other injuries as a result of the September 11th Terrorist Attacks.

10. This action seeks judgment for the unliquidated damages in an amount to be determined by the Court, for personal injuries and deaths suffered by victims of the September 11th Terrorist Attacks, which amount is justly due and owed, and no part of which has been paid.

11. The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, the Plaintiffs in *Ashton v. Al Qaeda Islamic Army*, 02-CV-6977 (RCC), specifically identified in Exhibit A, respectfully request the entry of Default and Judgment by Default against the defendants listed in Exhibit B, and a hearing before the Court to establish the aggregate value of the *Ashton* Plaintiffs' unliquidated damages.

Dated: April 13, 2006
      New York, New York

                                                    ANDREW J. MALONEY III, ESQ. (AM8684)
                                                    KREINDLER & KREINDLER LLP
                                                    100 Park Avenue
                                                    New York, New York 10017
                                                    Tel:  (212) 687-8181
                                                    amaloney@kreindler.com

Sworn to before me this 13th
day of April, 2006

_____
Notary Public

LESLIE J. WASSERBAUER
NOTARY PUBLIC, State of New York
No. 30-4860403
Qualified in Nassau County
Commission Expires June 9, 2006