UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) <br> ECF case |

*This document relates only to: Ashton v. Al Qaeda Islamic Army,* 02-CV-6977 (RCC)

*This document is filed on behalf of Defendant Sheikh Yusuf al Qaradawi*

### DEFENDANT SHEIKH YUSUF AL QARADAWI'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT BY PLAINTIFFS IN ASHTON V. AL QAEDA ISLAMIC ARMY

Defendant Sheikh Yusuf al Qaradawi submits this memorandum of law in opposition to the motion for a default judgment filed by the plaintiffs in Ashton v. al Qaeda Islamic Army. As set forth in the accompanying declaration of Amy Rothstein ("Rothstein Declaration"), counsel for Sheikh Yusuf, despite substantial efforts over a fourteen-month period, the Sheikh only recently was able to obtain counsel. (Rothstein Declaration at ¶ 2.) The Sheikh now intends to move to dismiss the complaint in Ashton (and in the related multi-district litigation cases) because it fails to state a claim on which relief may be granted. (*Id.* at 4.) Additionally, depending on the facts ascertained from Sheikh Yusuf, counsel expects also to move for dismissal on the grounds of lack of personal jurisdiction and insufficient service of process. (*Id.*)

"It is well established that default judgments are disfavored [,]" *Pecarseky v. Galaxiworld.com* Ltd., 249 F. 3d 167, 174 (2d Cir.2001); *Mingoia et el. v. North East*

1

*Construction et al.*, 2005 U.S. Dist. LEXIS 25762 *2 (SDNY), and that entry of a default should be set aside "for good cause shown." F.R. Civ. P. 55(c). Generally, a defendant against whom a default judgment has already been entered is entitled to vacatur of that judgment if the facts leading to the default do not demonstrate a wilful default, there is a defense on the merits, and the plaintiff has not been prejudiced. *Whiton v. Brownstein*, 2006 U.S. Dist. LEXIS 2284 (SDNY) *4; *Mingoia* at *3.

Given the facts of this case, where no default judgment has been entered, Sheikh Yusuf is clearly entitled to resolution in his favor of any doubts about the propriety of such a judgment. *See Mingoia* at *2. The facts demonstrate that a default judgment would be improper.

First of all, the Sheikh is an elderly man who lives half-way across the world. The purported service upon him was by publication and it is yet unclear when and how he learned that the instant lawsuits named him as a defendant. (*See* Rothstein Declaration at ¶¶ 3, 4.) Sheikh Yusuf also encountered substantial difficulty in obtaining counsel and has only recently succeeded in doing so. (*Id.* at 2.) Counsel has not yet had an opportunity to communicate with Sheikh Yusuf directly and is therefore unable to articulate facts that would support a challenge to service and to personal jurisdiction. (Rothstein Declaration)

However, as noted above, based on plaintiffs' allegations against Sheikh Yusuf, counsel has already determined to file a motion to dismiss for failure to state a claim. (*Id.*

2

at ¶ 4.) The allegations against Sheikh Yusuf consist of two essential claims, neither of which, even if true, can establish that Sheikh Yusuf was a supporter of al Qaeda or of attacks against the United States. First, plaintiffs allege that Sheikh Yusuf is a "principal" and "major shareholder" of Bank al Taqwa, an organization named by the United States Treasury as a "Specially Designated Global Terrorist ("SDGT")." (Sixth Amended Consolidated Master Complaint at ¶¶ 385, 389, 391.) There is no allegation that: (a) Bank al Taqwa had been designated an SDGT prior to September 11, 2001 or that (b) Sheikh Yusuf had knowledge of any material support to terrorists allegedly given by Bank al Taqwa. Therefore the allegations relating to Bank al Taqwa fail to state a cause of action. *See In re Terrorist Attacks*, 392 F. Supp. 2d 539, 571 (S.D.N.Y.2005).

Second, plaintiffs allege that Sheikh Yusuf has supported suicide attacks. (Sixth Amended Consolidated Master Complaint, ¶ 389.) There is no allegation that Sheikh Yusuf supported any attacks against the United States. This Court has already recognized that allegations of support for one terrorist organization – Hamas – do not constitute an allegation of support for al Qaeda or the September 11 attacks. *In re Terrorist Attacks*, 349 F. Supp. 2d 765 (S.D.N.Y. at 833).

Therefore, Sheikh Yusuf has not only a meritorious defense to the <u>Ashton</u> complaint (*see Whiton* at *4; *Mingoia* at *3), but can demonstrate that the complaint will not survive a motion to dismiss. And in this multi-district litigation in which there are literally hundreds of defendants, it cannot be argued that plaintiffs are in any way

prejudiced by their inability to obtain a default judgment against this defendant.

Given the disfavor in which default judgments are held and under the circumstances of this case – no willfulness in Sheikh Yusuf's failure thus far to appear in this litigation, his complete defense to the complaint, and the absence of any prejudice to plaintiffs – and given that no default judgment has yet been entered, Sheikh Yusuf respectfully submits that no such judgment should be entered.

Respectfully submitted,

*Amy Rothstein*

Dated:     New York, New York
               April 18, 2006

Amy Rothstein
AR- 3463
Attorney for Sheikh Yusuf al Qaradawi
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007
212-618-3730
arothstein@doarlaw.com