```
AUDIENCE DU :     MARDI 14 MARS 2006
PRESIDENCE DE : M. Pierre Henri WINZAP
GREFFIER :        Mme F. Lambelet, ah
HUISSIER :        M. P. Devaud
```

A 09   HEURES 10   EST INTRODUITE EN AUDIENCE PUBLIQUE
LA CAUSE CONCERNANT:

       B R I S A R D   Jean-Charles, né le 13 mai 1968 à Dijon/France, originaire de France, fils de BRISARD Maurice et de JEROCKA Bogena, divorcé de LESIEUR Géraldine, chef d'entreprise, domicilié av. du Léman 18, à 1025 St-Sulpice/VD

**accusé de** diffamation

Il se présente, il est identifié, il est assisté de Me Laurent BAERISWYL, avocat, défenseur de choix

La cause se poursuit sur plainte

o Plaignants - + Parties civiles

o DMI Administrative Services SA, par Me Laurent MOREILLON, av., pl. St.-François 5, CP 7175, 1002 Lausanne

Pour DMI Administrative Services se présente M. Mohamed Ali OSAMA, conseiller juridique général, selon procuration qu'il produit (p. 69), DMI Administrative Services SA elle-même assistée de son conseil de choix, Me Laurent MOREILLON, avocat

D'entrée de cause, Me Moreillon confirme qu'il entend faire entendre deux témoins amenés, accompagnés d'un interprète anglais.

La conciliation est à nouveau tentée. Elle échoue.

Me Baeriswyl produit un Bordereau de pièces (P. 70).

Le témoin suivant, amené, est entendu :

M. Mushtak PARKER, 1951, éditeur, à Londres, qui est exhorté à dire la vérité, qui est entendu par l'intermédiaire de l'interprète anglais.

Son Altesse Royale Mohammad Al Faisal Al Saud, 1937, Président du Conseil de surveillance de DMI, à Djeddah, qui est exhorté à dire la vérité et qui est entendu par l'intermédiaire de l'interprète.

L'audience est suspendue à 10h35.

Elle est reprise, toujours publique, à 10h40.

Le Président interroge l'accusé qui est entendu dans ses explications au fur et à mesure de la lecture donnée de l'ordonnance de renvoi rendue par le juge d'instruction du canton de Vaud le 9 mars 2004.

Me Moreillon produit une pièce (P. 71).

M. Mohamed Ali OSAMA (DMI) est entendu.

Le Président requiert de l'accusé qu'il apporte ses diplômes à la reprise d'audience de cette après-midi.

L'audience est suspendue à 11h45 et sera reprise à 14h30.

Elle est reprise, toujours publique, à 14h30.

Pas de réquisition.

L'accusé Jean-Charles BRISARD produit ses diplômes (P. 72) et une liasse de pièces (P. 73), qu'il commente, et dont Me Moreillon prend connaissance.

L'instruction se poursuit.

L'accusé est encore interrogé et entendu dans ses explications.

Me Moreillon produit une pièce (P. 74).

M. Mohamed Ali OSAMA (DMI) est encore entendu.

Me Moreillon produit encore une pièce (P. 75).

L'audience est suspendue à 16h15.

Elle est reprise, toujours publique, à 18h10.

La conciliation est encore tentée. Elle aboutit comme il suit :

Il est préliminairement exposé que la plainte est suspendue jusqu'à l'exécution fidèle par Jean-Charles BRISARD des chiffres 2 et 4 de la transaction qui va suivre. Moyennant bonne et fidèle exécution dedite transaction, le Président du Tribunal est invité à prendre acte du retrait de la plainte et à statuer hors audience sur la question des frais.

A ce titre, un délai est imparti à Jean-Charles BRISARD pour déposer ses éventuelles déterminations. Dit délai, non prolongeable, est fixé au 21 avril 2006. Sans nouvelles de l'accusé Jean-Charles BRISARD, le Président partira du principe qu'il s'en remet à justice.

Cela étant, parties conviennent de ce qui suit :

### 1. Rétractation – Correctif

Jean-Charles BRISARD, dans le cadre de la procédure pénale suisse dirigée contre lui à l'instance de DMI Administrative Services SA à la suite de son témoignage du 22 octobre 2003 devant la Commission bancaire du Sénat des Etats-Unis, diffusé sur le site de cette Commission, tient à préciser, lorsqu'il mentionne dans ce témoignage DMI, ses filiales ainsi que les organes du groupe, qu'à aucun moment il n'a voulu laisser entendre que ces entités aient pu, directement ou indirectement financer ou participer au financement du terrorisme, et regrette que ses propos aient pu être mal interprétés.

### Withdrawal - Correction

In view of the Swiss criminal proceedings engaged against Jean-Charles BRISARD by DMI Administrative Services SA following his written testimony dated October 22nd 2003 lodged with the Banking Committee of the US Senate and made accessible on said authoritie's website, Jean-Charles BRISARD wishes to specify that when he mentionned DMI, its subsidiaries or the Group's organs, he never meant that these entities could have directly or indirectly financed or participated in the financing of terrorism. He regrets that these statements may have been wrongly interpreted.

2. La déclaration figurant sous chiffre 1 ci-dessus, en langue française et anglaise, sera diffusée sur la page d'accueil du site internet de Jean-Charles BRISARD http://jcb.blogs.com ainsi que sur tout autre site qui devrait lui succéder pour une durée de trois ans, soit jusqu'au 15 mars 2009. Elle sera communiquée en outre par Jean-Charles BRISARD par e-mail et par courrier aux personnes et institutions suivantes, soit la Commission bancaire du Sénat américain (US Senate), MM. Jean-Jacques ROTH et

- 5 -

Sylvain BESSON du quotidien Le Temps, M. Alain Menusier, journaliste freelance à Paris.

3. Jean-Charles BRISARD autorise DMI à diffuser de la manière qu'elle jugera appropriée la déclaration figurant sous chiffre 1 ci-dessus.

4. Jean-Charles BRISARD transmettra au conseil de la plaignante la copie des communications adressées aux destinataires figurant sous chiffre 2 du présent accord, d'ici au vendredi 9 avril 2006.

5. DMI s'engage à retirer la plainte pénale qu'elle a déposée contre Jean-Charles BRISARD le 15 décembre 2003 une fois les conditions fixées sous chiffres 2 et 4 réalisées. La parfaite exécution desdites conditions vaut retrait de plainte.

6. Aux clauses qui précèdent, DMI renonce à toute indemnité et dépens.

7. Pour le surplus, parties se réfèrent au préambule du présent accord.

Pour DMI                                    
M. Mohamed Ali OSAMA                        Jean-Charles BRISARD

Le Président prend acte de la transaction qui précède. En accord avec la convention, la présente audience est suspendue jusqu'au retrait de plainte de DMI Administrative Services SA.

Le Président statuera hors audience sur la question des frais d'audience.

Sans autre mesure d'instruction, l'audience est suspendue ce mardi 14 mars 2006, à 18h50.

Le Président :                              la greffière :

Pierre-Henri WINZAP                         Françoise Lambelet, ah

- 2 -

HEARING DATE:       TUESDAY, MARCH 14, 2006
PRESIDING JUDGE:    Mr. Pierre Henri WINZAP
CLERK:              Ms. F. Lambelet, ah
BAILIFF:            Mr. P. Devaud

AT 9:30 AM, THE FOLLOWING CASE WAS HEARD IN A PUBLIC HEARING:

**Jean-Charles BRISARD**, born on May 13, 1968 in Dijon, France, a French native, son of Maurice BRISARD and Bogena JEROCKA, divorced from Géraldine LESIEUR, company director, residing at 18, Ave. du Léman, 1025 St-Sulpice, Vaud

**accused of** slander.

He introduced himself, was identified and was represented by his selected attorney-at-law, Mr. Laurent BAERISWYL.

The case is based on a complaint.

o Plaintiffs - + Civil Parties claiming damages

o DMI Administrative Services SA, represented by Mr. Laurent MOREILLON, Esq., 5 Ave. Place St.-François, CP 7175, 1002 Lausanne

Representing DMI Administrative Services is Mr. Mohamed Ali OSAMA, general legal counsel, as evidenced by a power of attorney (p. 69), DMI Administrative Services SA was represented by its attorney-at-law, Mr. Laurent MOREILLON, Esq.

- 3 -

At the opening of the hearing, Mr. Moreillon, Esq. stated that he had two witnesses present who would testify, accompanied by an English interpreter.

There is another attempt at conciliation. It fails.

Mr. Baeriswyl, Esq. produced a list of documents (P. 70).

The following witness was called and heard:

<u>Mr. Mushtak PARKER</u>, 1951, publisher, a London resident, who is ordered to tell the truth, heard through the intermediary of the English interpreter.

<u>His Royal Highness, Mohammad Al Faisal Al Saud</u>, 1937, Chairman of the DMI Oversight Committee in Jeddah, who was ordered to tell the truth, heard through the intermediary of the interpreter.

The hearing was recessed at 10:35 a.m.

It resumed, still open to the public, at 10:40 a.m.

The Presiding Judge questioned the defendant, whose explanations were heard during the reading of the committal for trial returned by the Examining Magistrate of the Canton of Vaud on March 9, 2004.

Mr. Moreillon, Esq. entered a document into evidence (P.71).

Mr. Mohamed Ali OSAMA (DMI) testified.

The Presiding Judge ordered the defendant to bring his diplomas when the hearing resumed this afternoon.

The hearing was recessed at 11:45 a.m. until 2:30 p.m.

It resumed, still open to the public, at 2:30 p.m.

No motions.

The defendant, Jean-Charles BRISARD submitted his diplomas (P. 72) and a sheaf of documents (P. 73), which he explained, and which Mr. Moreillon, Esq. perused.

The preliminary investigation continued.

The defendant was questioned again, and his explanations heard.

Mr. Moreillon, Esq. entered a document into evidence (P. 74).

Mr. Mohamed Ali OSAMA (DMI) testified again.

Mr. Moreillon, Esq. again entered a document into evidence (P. 75).

The hearing was recessed at 4:15 p.m.

It resumed, still open to the public, at 6:10 p.m.

- 4 -

There was another attempt at settlement, which was resolved as follows:

It was first set forth that the complaint would be withdrawn until the full completion, by Jean-Charles BRISARD, of Paragraphs 2 and 4 of the agreement set forth below. Upon complete and specific performance of the abovementioned settlement, the Court's Presiding Judge shall be asked to take note of the withdrawal of the complaint and to rule, in chambers, on costs.

To this end, Jean-Charles BRISARD was granted an extension in order to submit any possible supporting evidence. This extension, which cannot be prolonged, shall end on April 21, 2006. If there is no news from the defendant, Jean-Charles BRISARD, the Presiding Judge shall assume that he is prepared to continue.

This having been decided, the parties agreed to the following:

1. <u>Withdrawal – Correction</u>

In view of the Swiss criminal proceedings engaged against Jean-Charles BRISARD by DMI Administrative Services SA following his written testimony dated October 22nd 2003 lodged with the Banking Committee of the US Senate and made accessible on said authority's website, Jean-Charles BRISARD wishes to specify that when he mentioned DMI, its subsidiaries or the Group's organs, he never meant that these entities could have directly or indirectly financed or participated in the financing of terrorism. He regrets that these statements may have been wrongly interpreted.

<u>Withdrawal – Correction</u>
[English duplicate of paragraph above]

2. The statement in Paragraph 1 above, in French and in English, shall be made accessible on the home page of Jean-Charles BRISARD's Internet site: http://jcb.blogs.com, as well as any site which might take its place, and this until March 15, 2009. Jean-Charles BRISARD shall also send this statement by e-mail and postal mail to the following persons and organizations: the Banking Committee of the US Senate, Messrs. Jean-Jacques ROTH and Sylvain BESSON

- 5 -

of the daily Newspaper "Le Temps", Mr. Alain Menusier, a freelance journalist in Paris.

3. Jean-Charles BRISARD hereby authorizes DMI to distribute, in the manner it deems fit, the statement set forth above in Paragraph 1.

4. Jean-Charles BRISARD shall give plaintiff's counsel copies of the letters sent to the addressees listed in Paragraph 2 of the present agreement no later than Friday, April 9, 2006.

5. DMI shall then withdraw the criminal complaint which it lodged against Jean-Charles BRISARD on December 15, 2003, once the conditions set forth in Paragraphs 2 and 4 have been met. Should these conditions be fully met, the complaint shall be withdrawn.

6. With respect to the preceding paragraphs, DMI waives all compensation and expenses.

7. With respect to any additional matters, the parties refer to the present agreement's preamble.

For DMI.
[signature]                                [signature]
Mr. Mohamed Ali OSAMA                      Jean-Charles BRISARD

The Presiding Judge has taken note of the preceding settlement. As per the decision, this hearing is recessed until the withdrawal of the DMI Administrative Services SA's complaint.

The Presiding Judge shall rule, in chambers, on the hearing's costs.

With nothing further pending, the hearing was recessed until Tuesday, March 14, 2006, at 6:50 p.m.

The Presiding Judge:                       The Clerk
[signature]                                [signature]
Pierre-Henri WINZAP                        Françoise Lambelet, ah


**TRANSPERFECT**
TRANSLATIONS

City of New York, State of New York, County of New York

I, Amy Ditrani, hereby certify that the following document 'Swiss Judgment' is, to the best of my knowledge and belief, a true and accurate translation from French into English.

*Amy Ditrani*
Amy Ditrani

Sworn to before me this

16th day of March 2006

*Heather Bosley*
Signature, Notary Public

HEATHER BOSLEY
Notary Public - State of New York
No. 01BO6116856
Qualified in NEW YORK County
My Commission Expires OCT 12, 2008

Stamp, Notary Public

ATLANTA
BOSTON
BRUSSELS
CHICAGO
DALLAS
DENVER
FRANKFURT
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES
MIAMI
MINNEAPOLIS
MONTREAL
MUNICH
NEW YORK
PARIS
PHILADELPHIA
RESEARCH TRIANGLE PARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
STOCKHOLM
TOKYO
WASHINGTON, DC

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016   T 212.689.5555   F 212.689.1059   WWW.TRANSPERFECT.COM