**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

>   *Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.*, Case No. 03-CV-9849 (RCC) (S.D.N.Y.)

**DEFENDANTS AL SHAMAL ISLAMIC BANK, TADAMON ISLAMIC BANK, AND SANABEL AL-KHEER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO VACATE JUDGMENT BY DEFAULT.**

                                                                Respectfully Submitted,


                                                                _____/s/_____
                                                                Martin F. McMahon, Esq., #M.M.4389
                                                                MARTIN F. MCMAHON & ASSOCIATES
                                                                1150 Connecticut Avenue NW, Suite 900
                                                                Washington, DC 20036
                                                                Phone:         202-862-4343
                                                                Facsimile:     202-828-4130

                                                                *Attorney for Defendants Al Shamal Islamic Bank,*
                                                                *Tadamon Islamic Bank, and Sanabel Al Kheer, Inc.*

COMES NOW, Defendants Al Shamal Islamic Bank, Tadamon Islamic Bank, and Sanabel Al Kheer, Inc., by and through their undersigned counsel, hereby move this Court to vacate the judgment by default filed on April 7, 2006 and entered onto the docket on or about April 10, 2006.  On April 7, 2006, the day this Court entered judgment by default in favor of the Plaintiffs noted herein, Defendants learned for the first time that (1) a motion for default had been filed by the Plaintiffs and (2) that this Court granted Plaintiffs motion thereby placing the Defendants in default.  Evidence of Defendants' surprise by the motion and judgment is attached hereto as Exhibit A.[1]

Pursuant to Rule 60(b), on motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect.  Fed. R. Civ. P. 60(b)(1).  When a party seeks relief from a default judgment in a timely manner, and if a party has a meritorious claim or defense, a court should resolve all doubts in favor of granting relief so that the matter may be determined on its merits.  See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) ("This court has never hesitated to reverse the denial of a motion to vacate a default judgment where further factfinding was necessary to ensure that substantial justice was served.").

**I.    THIS COURT SHOULD VACATE THE JUDGMENT BY DEFAULT ENTERED AGAINST DEFENDANTS AS MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT AS PROVIDED IN RULE 60(B)(1) PROVIDES FOR SUCH RELIEF.**

In short, this Court should vacate the judgment by default entered on April 7, 2006 as it relates to Defendants because (1) the danger of prejudice to Plaintiffs is minuscule given the numerous cases and parties involved and (2) Defendants' failure to answer or respond to

---

[1] To ensure similar motions such as this one do not have to be filed with the Court, Defendants' Counsel advises the Court that on this day notice to all Plaintiffs' counsel was sent via US Mail and requested that Plaintiffs' counsel either (1) enter into a stipulation for an extension of time and opportunity to respond to their complaints; or (2) enter into a consent motion to vacate any judgment by default already entered by this Court as we fully intend to file any and all required pleadings on behalf of our clients (some of which were only recently retained).

2

Plaintiffs' complaint was excusable neglect and a mistake which Rule 60(b)(1) specifically provides for relief.

Defendants are entitled to Rule 60(b)(1) relief because through no fault of their own, Defendants' counsel neglected to file a responsive pleading to the Plaintiffs' third amended complaint. In Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, the Supreme Court provided guidance as to the meaning of the term "excusable neglect." The Court found that as used in Rule 60(b)(1), the word "neglect" encompasses negligence and carelessness. 507 U.S. 380, 394 (1993). The Court further held that determining whether a particular instance of neglect is "excusable" is an equitable determination. 12 James Wm. Moore, et al., Moore's Federal Practice ¶ 60.41[1][a] (3rd ed. 2003]). Most importantly, the Court made clear that attorney negligence or carelessness can constitute excusable neglect. Id. at ¶ 60.41[1][a] (3rd ed. 2003).

Should this Court vacate the judgment by default as it relates to Defendants, the danger of prejudice to Plaintiffs is minuscule given the numerous cases and parties involved.[2] Moreover, each Defendant has filed responsive pleadings in several cases associated with 03-MD-1570. The fact that an answer or responsive pleading was never filed by Defendants' in response to Plaintiffs' third amended complaint was nothing more than an oversight or mistake.

## II. THIS COURT SHOULD VACATE THE JUDGMENT BY DEFAULT ENTERED AGAINST DEFENDANTS PURSUANT TO WELL ESTABLISHED CASE LAW.

Typically, courts use a three-pronged standard for setting aside both defaults and default judgments. 12 Moore's Federal Practice ¶ 60.22[3][b] (3d ed. 2003). Relief is generally granted for defaults if (1) the plaintiff will not be prejudiced by granting the relief; (2) the defendant has

---

[2] See infra Pt. II (A) (for further "lack of prejudice" analysis).

a meritorious defense; and (3) culpable or not excusable conduct of the defaulting party was not the cause of the default.  See, e.g., Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982); United States v. Dimucci, 879 F.2d 1488, 1495 (7th Cir. 1989);  United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983); Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

### A.   Plaintiffs Will Not Be Prejudiced Should This Court Granting Rule 60(b) Relief To Defendants.

Should this Court apply the above noted test, and vacate the judgment by default as it relates to Defendants, the danger of prejudice to the Plaintiffs is minuscule given the numerous cases and parties involved in this massive lawsuit.  The danger of prejudice to Defendants, however, is extremely large given the fact that due to a mistake and/or excusable neglect, Defendants will never have an opportunity to present their valid and meritorious defenses.

The bottom line is that Plaintiffs will be in this litigation for numerous years if not decades.  Having three more defendants to litigate against in the pool of Defendants named in this matter will not prejudice the Plaintiffs.  For this reason as well as those noted below, this Court should grant Rule 60(b) relief to the Defendants.

### B.   Defendants Have a Meritorious Defense.

The existence of a meritorious defense is essential criterion in determining whether a Court should set aside default judgment.  Davis v. Musler, 713 F.2d 907, 915-916 (2d Cir. 1983). Defendants submit, however, that a showing of a "meritorious" defense does not mean that the moving party must show that he or she is likely to prevail.  See id. at 916 (holding that a defendant seeking to vacate a default judgment need not conclusively establish the validity of the defense(s) asserted").

As this Court may take notice, Defendants herein have each made appearances in this lawsuit and replied or responded to numerous pleadings and complaints in this multi-district litigation. For example, on April 19, 2006 Defendant Al Shamal filed a reply motion to dismiss in 03-MD-1570 against six consolidated complaints. In its motion and reply Al Shamal provided several defenses including failure to state a claim and lack of personal jurisdiction. Because the allegations made by the Burnett Plaintiffs are similar if not identical to the allegations made by the Ashton Plaintiffs, it is clear Defendant Al Shamal has a meritorious defense against the Plaintiffs.

Likewise is the case for Tadamon Islamic Bank and Sanabel Al-Kheer who have also filed responsive pleadings with meritorious defenses in other cases such as 03-cv-1923 and 04-cv-9849. The allegations made by the Burnett Plaintiffs are similar if not identical to the allegations (or lack thereof) by the Federal Insurance and O'Neill Plaintiffs. As such, it is clear that Defendants Tadamon and Sanabel Al-Kheer have meritorious defenses which will be raised if they are provided the relief sought herein.

### C. Culpable Conduct Was Not The Cause For The Default.

As explained above, Defendants' failure to respond to Plaintiffs' complaint was not deliberate or willful. Therefore, denial of the instant motion is warranted. Only in extreme cases a district court will deny a Rule 60(b)(1) relief due to "culpable conduct." For example, in African Methodist Episcopal Church, Inc. v. Ward, the district court denied a Rule 60(b) motion because defendants "simply ignored complaint and summons and offered no reason for their failure to respond). 185 F.3d 1201, 1202-1203 (11th Cir. 1999). In SEC v. McNilty, this Circuit has held that "willful conduct" will occur when a defendant's counsel failed to file an answer despite receiving several letters from the Plaintiff warning that the failure to file an answer

5

would result in a default.  137 F.3d 732, 738-740 (2d Cir. 1998), <u>cert. denied sub nom</u>. <u>Shanklin v. SEC</u>, 525 U.S. 931 (1998).

     Here, neither of the examples of willful conduct applies to the instant matter as Defendants did not ignore Plaintiffs' complaint; rather, Defendants' failure to respond was nothing more than inadvertence due to the highly complex nature of this multidistrict lawsuit. We submit that Defendants' failure to respond is a proper example of when 60(b)(1) relief is warranted.  As noted above, Defendant Al Shamal filed a motion to dismiss and replied to the same as recently as April 19, 2006, in six consolidated cases.  Only due to the mistake or inadvertence of counsel were the instant Plaintiffs not consolidated or named on Al Shamal's original motion to dismiss.  Likewise is the case for Defendant Tadamon Islamic Bank and Sanabel al-Kheer.

     For any and all the foregoing reasons it is clear that "culpable" conduct was not the reason for Defendants failure to respond to the Plaintiffs' complaint.  As such, relief provided by Rule 60(b)(1) can and should be afforded to the Defendants.

## CONCLUSION

In sum, a court may deny a Rule 60(b) motion when the default has been willful. As noted throughout this brief and as evidenced by the docket report, Defendants have repeatedly made their appearance known and filed numerous responses to other Plaintiffs' complaints. The fact that Defendants herein failed to answer the Burnett Plaintiffs' complaint was not willful or deliberate and thus, relief under Rule 60(b)(1) should be provided to Defendants.

Respectfully Submitted,

_____/s/_____
Martin F. McMahon, Esq., #M.M.4389
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW, Suite 900
Washington, DC 20036
Phone:        202-862-4343
Facsimile:    202-828-4130

*Attorney for Defendants Al Shamal Islamic Bank, Tadamon Islamic Bank, and Sanabel Al Kheer, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Vacate Judgment by Default and the accompanying Notice of Motion were served via electronic case filing on this 16th day of May, 2006, upon the following:

Robert T. Haefele, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792 (29465)
Mount Pleasant, SC 29464

_____/s/_____
Lisa D. Angelo, Esq.