# Exhibit A

Reply in Support of
Defendant Yassin Abdullah Kadi's
Memorandum in Support of Motion to Dismiss

03 MDL 1570 (RCC)

The Office of the Attorney General of Switzerland

| | | |
|---|---|---|
| Deputy Attorney General: | Claude Nicati | Marc BONNANT, Esq. |
| Assistant to the Attorney General: | Juliette Noto Lheminé | Attorney at Law |
| Clerk of the court:: | Annick Vuilleumier | Etude Bonnant Warluzel & Associés |
| | | 12, rue de Saint-Victor |
| 3003 Berne | | PO Box 473 |
| | | 1211 Geneva 12 |

Tel. +41 31 322 06 74
Fax: +41 31 322 05 03

e-mail : annick.vuilleumier@ba.admin.ch

Proceedings n° MPC/EAII/1/01/0006                    Berne, 1 July 2004

## Investigation by the Criminal Police Department against Yassin al KADI (Art. 260ter of the Swiss Criminal Code); Your letter of 11 June 2004

Dear Mr. Bonnant,

Following my letter of 24 June 2004, please allow me to take position on the different requests you formulate in your letter of 11 June 2004.

As a preliminary, I go on the assumption that I may, once more, dispense with sending a copy of this position paper to Mr. al KADI's other attorneys.

### Ref. number I of your letter (Access to the file)

Swiss federal law on criminal proceedings[1] does not regulate, in a precise manner, the access to the file during the phase called "Investigation by the Criminal Police Department"[2]. The cross-reference provided under Art. 103 of the Swiss federal law on criminal proceedings (SFLCP), assimilating the principles applicable to the preparatory investigation, does not answer all questions asked. Art. 103 para. 2 SFLCP does not specify the conditions under which the access to the file is possible. Reading the Swiss Federal Council's message[3] does not give any complementary information.

According to the doctrine[4], *"the Attorney General is henceforth required to allow the accused and his counsel to consult the file under the terms of that clause"* (Art. 116 SFLCP).

---

[1] Swiss federal law on criminal proceedings (SFLCP) ; RS 312.0
[2] Arts. 103 para. 2 and 116 SFLCP
[3] Message regarding the amendment of the Swiss Criminal Code, of the Federal law on Swiss criminal proceedings and of the Federal law on administrative criminal law of 28 January, 1998; 98.009; pages 29 and 30.
[4] The new involvement of the Confederation in criminal proceedings; Felix Bänzinger and Luc Leimgruber ; edited by Stämpfli SA, Bern 2001 ; pages 191 to 195.

2

In our view and as a general rule, the access to the file, possibly to a limited extent, is however essential in order that the accused may usefully exercise their right as parties. We therefore invite you to contact by telephone our clerk to arrange a meeting in our premises and have access to the file in question.

However, please note that we are about to commence setting the file in order with a new pagination so as to facilitate its legibility. Therefore, we kindly ask you to wait for a while. In view of the volume of the file (some 70 ring binders) and the fact that I am still expecting to receive additional documents, a date around the end of August would seem to me to be reasonable. For your information, apart from this administrative work, very few investigations shall take place this summer.

### Ref. number I (Access to a file) specifically regarding further proceedings

By her letter of the 8 June 2004, my assistant informed you at my request that "the Attorney General's Office was going to refer, in the course of this summer, the above-mentioned proceedings to the Swiss federal examining magistrate for a preparatory investigation."

This means *a contrario* that the Attorney General's Office does not envisage to make use of Art. 106 SFLCP and that it shall not deliver a deferment order in respect of these investigations. Indeed, although the concept of presumption of innocence must guide the steps of any investigating authority, we believe that the elements in our possession, in particular those expressed at the occasion of the hearing of your client in Riyadh in July 2003, are sufficient enough to require the Swiss federal examining magistrate to initiate a preparatory investigation[5].

Such a request shall be made in the course of the summer on receipt of the last requested reports. You shall, of course, be informed in due time of the exact date of the transfer of the file and of the name of the magistrate to whom the case shall be submitted.

### Ref. number II (Submission of Mr. David Aufhauser's letter of 29 November 2001 to Mr. Jean-Charles Brisard)

By his letter of 5 May 2004, Mr. Jean-Charles Brisard - in his capacity as the person in charge of investigations for civil proceedings initiated in the United States against the persons suspected of having financially supported the attacks of 11 September 2001[6] - asked me for a copy of the fax letter sent to me on 29 November 2001[7] by Mr. David Aufhauser, then General Counsel of the American Treasury Department.

Said letter containing no information which could only be obtained under constraint, it appeared to me that it were possible to transfer it with the aim of having it added to the file of other judicial proceedings for similar charges made against the same

---

[5] Art. 108 SFLCP
[6] Proceedings held before the United district Court for the district of Columbia ; Thomas Burnet, SR and others vs Al Baraka Investment and development Corporation and others ; attached pages 1 and 37 to 41.
[7] Attached.

person[8], i.e. against your client, Mr. Yassin Abdullah al KADI. Moreover, Mr. David Aufhauser has expressly specified[9] that "*This summary may be disclosed publicly in legal proceedings*".

Attached is a copy of Mr. Brisard's request and of my answer of 7 May 2004.

As far as I know, the document has immediately been added to the file of the American proceedings.

I note again in this context, that it would have been very easy for the plaintiffs in this case to request from the American Treasury Department a copy of this document. The final result would have been exactly the same.

I note moreover that this document does not have any attachments, which is truly regrettable and that you will not be unaware of the fact that, in American as well as in Swiss proceedings, simple assertions are not sufficient to win the court's conviction.

### Ref. number II (The part played by Mr. Jean-Charles Brisard in the proceedings)

As a preliminary, I note that the Attorney General's Office, during the phase of an investigation by the Criminal Police Department[10], cannot order an expert appraisal to be effected in the usual sense given to those terms[11]. Indeed, according to the SFLCP, the right to request an expert appraisal is reserved to the examining magistrate.

Be that as it may, the fact that the Attorney General's Office, in order to better comprehend the particulars of a complex case, can without further ado entrust a third party with such an assignment and ask the latter to draw up a report on the stated facts. Indeed, such an appraisal does not have the objective impartiality of an actual expert report, but shall be more like an appraisal liable to be filed by the parties to the proceedings. We call it a mandate for an analysis. The latter must allow the Criminal Police Officer in charge[12] to focus his investigations and above all, in complex cases, to better understand "what is going on".

Such a mandate has been given to Mr. Jean-Charles Brisard due to his vast knowledge of the realm of Islamic terrorism. You may as well request the Swiss federal examining magistrate to have an <u>appraisal</u> delivered during the phase of the preparatory investigation, which might infirm the conclusions to which Mr. Brisard has come.

In so far as Mr. Brisard is not an expert in the sense described by the above-mentioned articles, the question of filing a challenge loses its pertinence.

---

[8] Civil proceedings mentioned above, page 41 of the request.
[9] Letter of 29.11.2001, page 1, § 1 *in fine*.
[10] Arts. 100 et seq. SFLCP
[11] Arts. 89 to 96 SFLCP *a contrario*
[12] Art. 104 SFLCP

4

### Ref. number 14 (That is not all)

I agree with you that the American system is very different from ours. Our investigations take on a very confidential character which has certain drawbacks.

In the present case, I confirm having known, at the onset, that Mr. Brisard had drawn up a certain number of reports on terrorism and the way it is financed. However, these reports have not exclusively been drawn up against your client, but against other persons equally liable to have connections with the financing of terrorist organisations.

In a more general way, it shall fall, in the first place, to the commissioning authority, i.e. the Attorney General's Office, to decide as to the value of Mr. Brisard's appraisal; then, in the second place, to the Swiss federal examining magistrate to decide whether to entrust a person suitable for all the parties with another appraisal[13].

I shall add that I do not intend to comment on Mr. al KADI's reactions in relation with Mr. Brisard's various pieces of writing.

### Ref. number 15 (Submission of Mr. Aufhauser's document to Mottley Rice, Attorneys at Law)

Having already answered this question above, I dispense with expressing myself on it a second time. I note however that the realisation of the offences described at Arts. 271 and 272 of the Swiss Criminal Code seem to me to be difficult to construe.

### Ref. letter a (Page 7 of your request: Please)

Having expressed myself on the nature of the assignment given to Mr. Brisard, I feel that I do not need to revert to that point.

With respect to precautions, please be informed that I have given, as it is usual, the assignment for this appraisal on the basis of a contract which draws the attention of the assignee to a certain number of obligations.

Finally, I do not believe to have shown any "thoughtlessness" nor to have "neglected the information, and therefore the warnings" which have been given to me by memorandum. In this context, you have the possibility[14] of putting in a claim before the court of complaints of the Federal Criminal Court in Bellinzona.

### Ref. letter b (Page 7 of your request: We request)

I do not intend to be accountable to a party to the proceedings on the number of times I have met Mr. Brisard, on the number of hours he has dedicated to that task nor on the documents he may or may not have consulted, nor give you access to any notes that I might have taken during the discussions I have had with Mr. Brisard.

---

[13] Art. 92 SFLCP
[14] Arts. 105 bis para. 2 and 214 SFLCP

For your information, Mr. Brisard has had access to the entirety of the proceedings initiated against your client in order to be able to accomplish the mission he has been entrusted with. Partial access to the file would have been a nonsense and a "première" *in se*.

My decision is subject to the claim described above[15].

### Ref. letter c (Page 7 of your request: We also request)

I do not intend either to revoke the assignment given to Mr. Brisard. I shall decide upon receipt of his report on the quality of the latter and on the fate which shall be reserved to it.

The other points of your request, under letter c, are thus groundless for the time being.

My decision is also subject to the claim described above[16].

### Ref. letter d (Page 8 of your request: We also request)

Up to this day, no document of Mr. Brisard has yet been added to the file. The first one shall be the report that he is to draw up.

### Ref. letter e (Page 8 of your request: We finally request)

Mr. Brisard having transferred Mr. David Aufhauser's document with my consent, there is no question of initiating criminal proceedings against him.

Assuming that you believe it not to be the case, you are free to put in a claim pursuant Art. 100 SFLCP. It goes without saying that I cannot be the recipient of the latter, as I have authorised the transfer of the incriminated document.

I have duly noted the fact that you have sent a copy of your letter to the Attorney General of Switzerland owing to the importance that you rightly vest in your letter. Please note, however, that he cannot be an authority for appeal against my decisions[17].

Finally, I have taken due note of the fact that you have raised the question of filing a challenge against me[18]. The decision is yours and you will let me know your final position in due course.

Yours truly,

Claude Nicati,
Deputy Attorney General

---

[15] Art. 105bis and 214 SFLCP
[16] Arts. 105 bis and 214 SFLCP
[17] Arts. 105 bis and para. 1 SFLCP *a contrario*
[18] Art 99 SFLCP and OJF (RS 173.110)