**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001<br><br>*This document relates to:*<br>*Federal Insurance Co. v. al Qaida*, 03-cv-6978 (RCC) | 03 MDL 1570 (RCC)<br><br>ECF Case |

<u>**DEFENDANT SANABEL AL-KHEER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, LACK OF SUBJECT MATTER JURISDICTION AND FOR INSUFFICIENT AND CONCLUSORY RICO ALLEGATIONS.**</u>

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:          202-862-4343
Facsimile:     202-828-4130

*Attorney for Defendant Sanabel Al-Kheer*

# TABLE OF CONTENTS

I.    INTRODUCTION...................................................................................................... 1

II.   PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST
SANABEL.......................................................................................................................3

  A.  Standard of Review........................................................................................... 3

  B.  Plaintiffs' Allegations Are Conclusory And Insufficient To State a Claim................ 3

     1.  *Sanabel did not act as a "funnel" for terrorism when it allegedly received donations from several Princes at fund raising events for Islamic charities.*................... 4

     2.  *Sanabel cannot be held liable for the alleged acts of a former employee.*.................... 6

  C.  Plaintiffs' Complaint Fails to Establish Causation........................................7

III.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE
CLAIMS AGAINST SANABEL ................................................................................ 8

IV.  PLAINTIFFS' SUPPLEMENTAL PLEADINGS, SUCH AS THEIR RECENTLY
FILED RICO STATEMENT, CANNOT SALVAGE THEIR DEFICIENT
COMPLAINT AS IT REGARDS OR RELATES TO SANABEL – AS SUCH,
DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED ............................ 8

V.   CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Am. Arbitration Ass'n, Inc. v. DeFonseca*, 1996 U.S. Dist. LEXIS 9160 (S.D.N.Y. June 28, 1996)..................................................................................................................9

*Browning v. Clinton*, 292 F.3d 235 (D.C. Cir. 2002) .................................................. 3

*Burnett v. Al Baraka*, 274 F. Supp. 2d 86 (D.D.C. 2003) .................................... 2, 5

*DeJesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996)..........................................4

*Dubai Islamic Bank v. Citibank*, 256 F. Supp. 2d 158 (S.D.N.Y. 2003)........................................9

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994)...................................7

*Hishon v. King & Spalding*, 467 U.S. 69 (1984) .......................................................... 3

*In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371 (S.D.N.Y. 2001) ......................... 3

*In re Terrorist Attacks on September 11, 2001*, 2005 U.S. Dist. LEXIS 20841 (S.D.N.Y. Sept. 21, 2005).................................................................................................1

*In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)...... *passim*

*Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C. Cir. 1994)...........................................3

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) ............................................................... 3

*Tasso v. Platinum Guild Int'l*, 1997 WL 16066 (S.D.N.Y. Jan 16, 1997).....................................................................................................................7

*Timberlane Lumber Co. v. Bank of America*, 749 F.2d 1378 (9th Cir. 1984)..............................8

*Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91 (D.D.C. 2002).....................................2, 8

*W.E. Media Inc. v. Gen. Elec. Co.*, 218 F. Supp. 2d 463 (S.D.N.Y. 2002) .................................. 4

*Wagner v. Barrick Gold Corp.*, 2006 U.S. Dist. LEXIS 3854 (S.D.N.Y. Jan. 31, 2006)........2, 3, 7


**STATE CASES**

*DiPonzio v. Riordan*, 679 N.E.2d 616 (N.Y. 1977).......................................................................8


**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(1).......................................................................................................1

Fed. R. Civ. P. 12(b)(6).................................................................................................1, 2, 3

Fed. R. Civ. P. 15(d) .................................................................................................. 1, 2, 8, 10

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant Sanabel Al-Kheer, by and through its undersigned attorney, moves this Court to dismiss Plaintiffs' complaint as it relates to or regards Defendant Sanabel Al-Kheer.

## I.    INTRODUCTION

Defendant Sanabel Al-Kheer (hereinafter "Sanabel") hereby files this memorandum in support of its motion to dismiss the Federal Insurance Plaintiffs' (hereinafter "Plaintiffs") complaint on three bases: (1) failure to state a claim under FRCP 12(b)(6); (2) lack of subject matter jurisdiction under FRCP 12(b)(1); and (3) because Plaintiffs' supplemental pleadings, such as their recently filed RICO statement, are conclusory in nature and do not fall within the meaning of FRCP 15(d) – thus, they should not prevent this Court from dismissing Sanabel as a matter of law.

FRCP 12(b)(6) relief is appropriate because: (a) Plaintiffs' allegations are conclusory in nature;  (b) they are lacking in terms of causation;  and (c) because allegations as to receiving monetary contributions from Princes Sultan, Naif,[1] Turki, Salman,[2] Abdullah, and Mohamed cannot subject Sanabel to liability.

First, and as only one example, Plaintiffs allege (generally) that because Sanabel received monetary contributions from several Princes, Sanabel is thereby linked to the 9/11 attacks.  This is a far-fetched and conclusory allegation which cannot withstand the instant FRCP 12(b)(6)

---

[1]   Dismissed from this matter on September 21, 2005 for want of subject matter and personal jurisdiction.  *See In re Terrorist Attacks on September 11, 2001*, 2005 U.S. Dist. LEXIS 20841 (S.D.N.Y. Sept. 21, 2005).

[2]   Dismissed from this matter on September 21, 2005 for want of subject matter and personal jurisdiction.  *See In re Terrorist Attacks on September 11, 2001*, 2005 U.S. Dist. LEXIS 20841 (S.D.N.Y. Sept. 21, 2005).

motion to dismiss.[3]   Second, Plaintiffs fail to establish any kind of connection or causal link between their injuries and the alleged conduct of Sanabel (i.e., receiving donations from several Princes).  Failure to adequately allege a causal link between the Defendant's alleged conduct and Plaintiffs' injuries alone warrants dismissal of their complaint.[4]  Third, Plaintiffs' allege that Sanabel is liable for the 9/11 tragedy merely because it received donations from the above-mentioned Princes *and* because an employee who formerly worked for the Sanabel investment firm made contributions on behalf of Sanabel to charities allegedly operating within al Qaida's infrastructure.  These far fetched allegations cannot withstand the instant motion to dismiss for failure to state a claim.  *See infra* Pt. II.

Defendant also hereby requests dismissal for lack of subject matter jurisdiction.  Due to a fundamental lack of connection between the Plaintiffs' injuries and the alleged conduct of Sanabel, this Court can and should decline to exercise subject matter jurisdiction over Plaintiffs' claims.  *See infra* Pt. III.

Finally, Defendant hereby requests dismissal for the additional reason that Plaintiffs' supplemental pleadings - such as their recently filed RICO statement – are conclusory in nature and concern matters prior to the date of their original pleading and as such violate FRCP 15(d). *See infra* Pt. IV.

For any or all of the foregoing reasons Defendant's motion to dismiss must be granted.

---

[3]  As this Court has held, "in light of the extreme nature of the charges of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant…" *In re: Terrorist Attacks on September 11, 2001,* 349 F. Supp. 2d 765, 831 (S.D.N.Y. 2005) (*"Terrorist Attacks I")* (quoting *Burnett v. Al Baraka*, 274 F. Supp. 2d 86, 103-04 (D.D.C. 2003) (*"Burnett I"*)).

[4]  *See Wagner v. Barrick Gold Corp.,* 2006 U.S. Dist. LEXIS 3854, at *14 (S.D.N.Y. Jan. 31, 2006) (granting defendants' Motion to Dismiss for plaintiffs' failure to adequately allege a causal link between defendants' alleged conduct and plaintiffs' securities fraud claim);  *see infra.* Pt. II(C) and accompanying text.

## II.     PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST SANABEL.

Plaintiffs' complaint can be dismissed for failure to state a claim under FRCP 12(b)(6). Plaintiffs' allegations are conclusory in nature, they are lacking in terms of causation and they state nothing more than the fact that Sanabel received donations from several Princes – some of who have already been dismissed by this Court in its September 21, 2005 opinion.

### A.     Standard of Review

A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). In reviewing such a motion, the court must construe the complaint in the light most favorable to plaintiff and must accept as true all allegations and all reasonable factual inferences drawn from the factual allegations. *See Wagner v. Barrick Gold Corp.*, 2006 U.S. Dist. LEXIS 3854, at *4-5 (S.D.N.Y. Jan. 31, 2006).

However, the court need not "accept inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint." *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court must reject legally conclusory allegations, treating only specific factual allegations as true. *In re Livent, Inc. Noteholders Sec. Litig.,* 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001).

### B.     Plaintiffs' Allegations Are Conclusory And Insufficient To State a Claim

As noted above, in their 182 page Complaint, Plaintiffs generally make two overarching allegations with regard to Sanabel:  (1)  that Sanabel received monetary contributions from several Princes who allegedly "knew" their monies were going to fund acts of international

terrorism;  and (2) that because a former Sanabel employee allegedly made monetary

contributions to charities allegedly operating within al Qaida's infrastructure, Sanabel therefore

supports or has supported international terrorism.  (Pls.' Am. Compl. ¶ 484, March 10, 2004.)

This Court should not entertain these attenuated and "six degrees of separation" links between

Sanabel and Plaintiffs' injuries.  *See W.E. Media Inc. v. Gen. Elec. Co.*, 218 F. Supp. 2d 463, 475

(S.D.N.Y. 2002).  Defendant's motion to dismiss should thus be granted.

> 1. <u>Sanabel did not act as a "funnel" for terrorism when it allegedly received
> donations from several Princes at fund raising events for Islamic
> charities.</u>

The fact that Sanabel may have received monetary donations from Princes Sultan, Naif,

Turki, Salman, Abdullah, and Mohamed cannot subject Sanabel to liability for the 9/11 tragedy.

(Pls. Am. Compl. ¶¶ 431, 443, 452, 461, 463, 468, and 476.)[5]  It is well established that general

and conclusory allegations such as those made by Plaintiffs' herein are an insufficient basis of

liability as "[a] complaint which consists of conclusory allegations unsupported by factual

assertions fails even on the liberal standard of Rule 12(b)(6)." *Terrorist Attacks I*, 349 F. Supp.

2d at 833 (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).

Moreover, such conclusive allegations are always insufficient, as a matter of law, to

maintain a lawsuit, even if they contain all the requisite elements of a cause of action.  *See

Terrorist Attacks I,* 349 F. Supp. 2d at 832-33.  For example, in examining the claims made

against Al Rajhi Bank in *Ashton* and *Burnett*, this Court noted that the plaintiffs "do not offer

facts to support their conclusions that Al Rajhi Bank had to know that Defendant charities…

were supporting terrorism." *Id.* at 833.  This was the case even though the complaint contained

---

[5]  As noted above, two Princes (Naif and Salman) have already been dismissed from this
suit for lack of personal and subject matter jurisdiction.  Order and Op'n J. Casey 9/21/05 at *92.

allegations that "Al Rajhi knew or had to know that its depositors … were material supporters of terrorism." *Id.* at 831.

The same holding should apply to the instant case.  As one of several examples, paragraph 476 of Plaintiffs' Amended Complaint alleges that Prince Mohamed "knew and intended that the contributions he made to … Sanabel al-Kheer … would be used to fund al Qaida's global operations and acts of international terrorism." (Pls. Am. Compl. ¶ 476.) Plaintiffs fail to explain, however, ***how*** they "know" this very general allegation.[6]  This is the same reason why this Court granted Al Raji's motion to dismiss.  Since all of Plaintiffs' allegations regarding alleged donations from the above-noted Princes do not explain the basis for their allegations, they must be dismissed as to Sanabel.

Alternatively, and to the extent that Plaintiffs suggest in their complaint that Sanabel was acting as a "funnel" for the transfer of money from donors to supporters of international terrorism, this Court has held that although the act of "funneling," or transferring money to a terrorist, is "unlawful and actionable," there is no basis for the liability of [an entity] which ***unwittingly*** served as a "funnel."  *See Burnett I,* 274 F. Supp. 2d at 109.  Applying this holding to the instant facts and assuming *arguendo* Sanabel received monetary donations from donors that somehow ended up in the hands of terrorists, any such transfer of funds was done so "***unwittingly***" and thus, Sanabel cannot be held to be a willing funnel for terrorists such that Sanabel is liable to the Plaintiffs' for the 9/11 tragedy.

---

[6] *Query:  If allegations such as those presented in paragraphs 431, 443, 452, 461, 463, 468, and 476 of Plaintiffs' Amended Complaint are not deemed conclusory and general, what then qualifies as a conclusory and general allegation?*

2.        *Sanabel cannot be held liable for the alleged acts of a former employee.*

Plaintiffs also allege that actions by a former Sanabel employee link his employer Sanabel to terrorism and/or the 9/11 tragedy.  (Pls. Am. Compl. ¶ 484.)  Specifically, Plaintiffs allege that in or around 1992 Dr. Sulaiman bin Ali al-Ali (hereinafter referred to as "Ali"), a wealthy Saudi businessman, was responsible for executing and managing Sanabel, Inc's investments.  *Id.*  Plaintiffs further allege that during the period of time that Ali controlled these alleged investments, millions of dollars of donations disappeared without explanation.  *Id.*  Plaintiffs do not allege that any of these missing dollars ended up in the hands of the terrorists that hijacked the planes during the 9/11 tragedy, however.  Rather, Plaintiffs allege that Ali invested in Global Chemical Corporation between 1993 and 1997 and that Ali made substantial contributions to many charities allegedly operating within al Qaida's infrastructure "with full knowledge."  *Id.*  This is another instance of the Plaintiffs advancing conslusory allegations about someone's knowledge without affording the Court the specific factual bases for their claim.  This again is the reason that the Court granted Al Raji's motion to dismiss.

To reiterate, these far fetched allegations cannot be construed as anything more than general and conclusory allegations that must be dismissed.  However, assuming *arguendo* these allegations are not deemed general and conclusory, Plaintiffs do not state how they know that Ali had "full knowledge" that any charity to which he contributed alleged Sanabel funds would be using said funds to support al Qaida's operations and terrorist attacks.  Moreover, even if the Court is swayed that Ali did in fact have "full knowledge" that he was donating Sanabel funds to a charity for the purpose of funneling the money into terrorist hands, "an employee's actions cannot be a basis for employer liability unless the employee was acting in furtherance of the

employer's business." *Terrorist Attacks I,* 349 F. Supp. 2d at 836 (citing *Tasso v. Platinum Guild Int'l,* 1997 WL 16066, at *6, *20-21 (S.D.N.Y. Jan. 16, 1997)).

For any or all of the foregoing reasons, Defendant's motion to dismiss should thus be granted.

### C.   **Plaintiffs' Complaint Fails to Establish Causation**

As this Court is aware, Plaintiffs must show that Defendant's actions were a substantial cause of their injuries and that their injuries were reasonably foreseeable to Defendant. *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 769 (2d Cir. 1994). Because of an obvious lack of connection between the Plaintiffs' injuries and the alleged conduct of Sanabel (i.e. operating as an investment firm), this Court can and should dismiss Plaintiffs' complaint as it applies to Sanabel. *See Wagner v. Barrick Gold Corp.,* 2006 U.S. Dist. LEXIS 3854, at *14 (S.D.N.Y. Jan. 31, 2006) (granting defendants' Motion to Dismiss for plaintiffs failure to adequately allege a causal link between defendants' alleged conduct and plaintiffs' securities fraud claim).

In short, Plaintiffs fail to make allegations sufficient to meet their causation burden as to Sanabel because Plaintiffs have not alleged actions on the part of the Sanabel which actually led to the terrorist attacks of September 11, 2001. Plaintiffs have neither alleged sufficient facts to demonstrate that Sanabel should have been able to foresee the 9/11 attacks from investments going back to the early 1980s. Instead, Plaintiffs have merely strung together a list of conclusory legal allegations absent the necessary facts to support their conclusions. Because the Plaintiffs have not met their burden of alleging specific facts that Sanabel's conduct was the proximate cause of their injuries, all the claims presented in Plaintiff's Complaint must be dismissed.

**III.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS AGAINST SANABEL.**

Sanabel additionally moves to dismiss the complaints for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).  Courts deciding similar issues to those presented in the cases at hand have previously recognized that the absence of causation may be both a jurisdictional issue and a liability issue.  *See Ungar v. Islamic Republic of Iran*, 211 F.Supp.2d 91, 98 (D.C. 2002).  Plaintiffs' allegations revolve around Sanabel investments dating back to the 1980s.  Even if the Court makes a giant leap of logic that there is some consequential relationship between this "conduct" and the occurrence of September 11th, it is the kind of "indirect consequence...at most, a remote possibility at the time the conduct [ ] occurred and thus was not a *foreseeable* consequence."  *Di Ponzio v. Riordan,* 679 N.W.2d 616, 620 (Ct. App. N.Y. 1977);  *see also Timberlane Lumber Co. v. Bank of America*, 749 F.2d 1378, 1385 (9th Cir. 1984), *cert. den*., 472 U.S. 1032 (1985) (investment decision to foreclose on assets in Honduras, which later has effect on plaintiff in the United States does not meet foreseeability requirement for subject matter jurisdiction).  Because of a fundamental lack of connection between the Plaintiffs' injuries and the alleged conduct of Sanabel, this Court can dismiss the complaint as to Sanabel.

**IV.   PLAINTIFFS' SUPPLEMENTAL PLEADINGS, SUCH AS THEIR RECENTLY FILED RICO STATEMENT, CANNOT SALVAGE THEIR DEFICIENT COMPLAINT AS IT REGARDS OR RELATES TO SANABEL – AS SUCH, DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED.**

Plaintiffs' Complaint can also be dismissed notwithstanding Plaintiffs' supplemental pleadings, such as their recently filed RICO statement.  The allegations contained therein are: (a) conclusory in nature; and (b) do not fall within the meaning of FRCP 15(d).

First, Plaintiffs have initiated a civil RICO action under 28 U.S.C. § 1964 against Sanabel for violations of 18 U.S.C. § 1962 (a), (c) and/or (d).  Under § 1962(c) "an alleged RICO defendant must have had 'some part in directing' the 'operation or management' of the enterprise itself to be liable." *Dubai Islamic Bank v. Citibank, N.A.,* 256 F. Supp. 158, 164 (S.D.N.Y. 2003).  As demonstrated above, Plaintiffs have failed to state even a claim that Sanabel aided or abetted al Qaida's criminal enterprises or the 9/11 tragedy in particular, let alone managed or directed the enterprise and attack.

Next, "[t]he Second Circuit has held in the context of a motion to dismiss that to state a claim under *[§ ] 1962(d)*, the 'complaint must allege some factual basis for a finding of a conscious agreement among the defendants'."  *Am. Arbitration Ass'n, Inc. v. DeFonseca*, 1996 U.S. Dist. LEXIS 9160 (S.D.N.Y. June 28, 1996).  But as argued above, Plaintiffs have not pleaded Sanabel's knowledge of or participation in al Qaida's conspiracy to inflict the 9/11 attack on our country.  Those conclusory allegations of knowledge and activities in support of the alleged conspiracy are legally insufficient as they fail to provide any factual basis for their legal conclusions.  *See Terrorist Attacks I,* 349 F. Supp. 2d at 833.  For the same reasons this Court should dismiss the general and conclusory allegations presented in Plaintiffs' Amended Complaint, this Court should also dismiss the general and conclusory RICO claims against Sanabel.

Second, supplemental pleadings are limited to setting forth transactions, occurrences or events which have happened since the date of the pleading sought to be supplemented.  Fed. R. Civ. P. 15(d).  In Plaintiffs recently filed RICO statement, paragraph 5(b) lists the "dates of, the participants in, and a description of the facts surrounding the predicate acts."  As this court will observe, the dates Plaintiffs allege regard "early 1990s to 9/11/2001."  (Pls.' RICO Statement, 2-

3, February 27, 2006.)  Moreover the allegations presented in Plaintiffs' "Exhibit A," also set forth transactions, occurrences or events that have happened prior to their Complaint dated March 10, 2004.  As such, this Court should not entertain Plaintiffs' new allegations in the form of their RICO Statement since FRCP 15(d) applies "only to events that have occurred since the date of the filing of the pleading."  Fed. R. Civ. P. 15(d).

## V.   CONCLUSION

For good cause shown in this memorandum, this Court should grant Defendant's motion to dismiss based on failure to state a claim for which relief can be granted, lack of subject matter jurisdiction and because Plaintiffs' supplemental pleadings cannot salvage their deficient complaint as it regards or relates to Sanabel.

Respectfully Submitted,


_____/s/_____
Martin McMahon, Esq., M.M. 4389
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
(202) 828-4130
*Attorney for Defendant Sanabel Al-Kheer*

Dated: May 19, 2006

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of

Motion to Dismiss was served via electronic case filing on this 19th day of March, 2006, upon the

following:

> Mr. Sean P. Carter, Esq.
> Cozen O'Connor
> 1900 Market St.
> Philadelphia, Pa. 19103-3508

_____/s/_____
Lisa D. Angelo, Esq.
