

ECF





Robert T. Haefele
Licensed in NJ & PA
DIRECT DIAL 843.216.9184
DIRECT FAX 843.216.9450
RHaefele@motleyrice.com

May 19, 2006

**VIA HAND DELIVERY**

The Honorable Richard C. Casey
United States District Court for the
 Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007-1312



Re:  In re Terrorist Attacks on September 11, 2001, Case No. 03 MDL 1570 (RCC)

*This document relates to: Euro Brokers Inc., et al., v. al Baraka Investment & Development Corp, et al., 1:04 CV 7279; World Trade Center Properties LLC, et al. v. al Baraka Development Corp, et al., 1:04 CV 7280*

Dear Judge Casey:

    We are writing to object to the May 16, 2006 letter request proposed to Your Honor by Michael Kellogg on behalf of the Defendants' Executive Committee. Mr. Kellogg's letter application comes somewhat as a surprise in that, although he recites and encourages strict adherence to the Court's various case management orders, ironically his letter application was sent to the Court in complete violation of the Court's June 17, 2004 order regarding letter briefs. Although that order requires that counsel confer and fully brief all letter applications in advance of approaching the Court, Mr. Kellogg has sought the Court's involvement without conferring with plaintiffs' counsel. Nonetheless, we offer the following in opposition to his request.

    In his letter, Mr. Kellogg asks Your Honor to vacate default judgments entered against numerous defendants who have ignored the pleadings in these cases for years, have never filed any form of a responsive pleading, and have had proper default judgments entered against them. For a variety of reasons outlined herein, we ask Your Honor to deny Mr. Kellogg's request. However, we are amenable to discussing with counsel for any particular defendant against whom default judgment has been entered the circumstances that lead them to believe default was

www.motleyrice.com

Motley Rice LLC
Attorneys at Law

MT PLEASANT
28 BRIDGESIDE BLVD
PO BOX 1792
MT PLEASANT, SC 29465
843 216 9000
843-216-9450 FAX

BARNWELL
1750 JACKSON ST
P.O. BOX 365
BARNWELL, SC 29812
803-224-8800
803-259-7048 FAX

PROVIDENCE
321 SOUTH MAIN ST
PO BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

NEW ORLEANS
9701 LAKE FOREST BLVD
NEW ORLEANS, LA 70127
504-245-1612
504-245-1816 FAX

HARTFORD
ONE CORPORATE CENTER
20 CHURCH ST, 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX

improper.[1]  Aside from that issue, however, we believe that Mr. Kellogg's point is moot.  For a period of time extending over the course of years, dozens of nearly identical defaults have been filed and granted against many of the very same defendants at issue here.  During the extended course of time that those default papers were pending, the same defendants involved here never objected to entry of default.

The circumstances regarding service of the default papers that Mr. Kellogg describes in his letter, perhaps to ascribe wrongdoing to plaintiffs' counsel, appear to be merely a result of an inadvertent, administrative gap in the interplay between the ECF system and the manner in which the default papers are filed with the Orders and Judgments clerk.  Ordinarily, when motions are filed via ECF, all counsel receive notice through the ECF system.  However, according to instructions received from the Orders and Judgments clerk, the default papers could not be filed using the ECF system and were required to be filed in hard copy.  As a result, parties who are active in the litigation, but who possess no interest in the default proceeding, do not receive automatic notice.  Of course, by definition, this procedure has caused no harm to the movants represented by Mr. Kellogg, because the defaults pertain only to defendants who never filed a responsive pleading to identify counsel for plaintiffs to contact and never objected to previous defaults in related litigation.

Mr. Kellogg's omnibus approach to setting aside defaults – purportedly on behalf of unidentified defendants who never identified themselves to the court, let alone the parties, and without a formal motion articulating the proper requirements necessary to vacate a default judgment – raises several other concerns.  Throughout the entire time these cases have been pending, the defendants at issue in the defaults have ignored the litigation.  Nonetheless, by Mr. Kellogg's approach, these absent defendants would be entitled to all the benefits of being active participants to the litigation, without accepting any of the responsibilities that run therewith.  Accordingly, he contends, despite having no knowledge of whom to notify concerning the pending default papers, the plaintiffs ought to provide the other defendants in the litigation notice so that they can step in and protect the rights of the absent parties.

We respectfully offer that the proper means by which to approach the issue of vacating any of the default judgments is not for Mr. Kellogg to raise it on behalf of all of the absent, defaulted defendants, but rather for each defendant who believes that default was improperly entered, to confer with us to see if we can agree to vacating the judgment and, if agreement cannot be reached, for the individual party to file the proper application bearing the burden of demonstrating that the requirements necessary to vacate a default judgment – none of which have been identified in Mr. Kellogg's letter – are met.

---

[1] For example, if our default application inadvertently misstated the status of a defendant who has filed a responsive pleading, we would agree to stipulate to vacating the default judgment.

Accordingly, for the reasons stated herein, plaintiffs respectfully request that Your Honor deny Mr. Kellogg's request to set aside the default judgments.

Respectfully submitted,

Robert T. Haefele/mp

Robert T. Haefele

cc: Michael Kellogg, Esq.

---

The Court asks the parties to discuss the possibility of vacating any default judgments that the parties agree were entered improperly. If the parties cannot agree about any particular defendant, that defendant should make the appropriate motion.

Additionally, the Court asks plaintiffs' counsel to avoid this notification problem in the future if default applications cannot be filed electronically. Plaintiffs' counsel should provide all defense counsel who have appeared in this case with notice of plaintiffs' intent to file such an application.

So ordered

5/22/06   Richard Casey