UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 *This document relates to:* *Ashton et al v. al Qaeda et al*, 02-cv-6977 (RCC) | 03 MDL 1570 (RCC) ECF Case |

**DEFENDANT DALLAH AVCO TRANS-ARABIA CO., LTD'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AND LACK OF PERSONAL JURISDICTION**

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:          202-862-4343
Facsimile:     202-828-4130

*Attorney for Defendant Dallah Avco*

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant Dallah Avco Trans-Arabia Co., Ltd. (hereinafter "Dallah Avco"), by and through its undersigned attorney, and hereby moves this Court to dismiss the Ashton et al. (hereinafter "Plaintiffs") Complaint as it relates to or regards Defendant Dallah Avco.  This entity, for the Court's edification had, at all relevant times, provided routine aircraft maintenance support services, which were rendered exclusively within the Kingdom of Saudi Arabia.

## I.     INTRODUCTION

Defendant Dallah Avco files this memorandum in support of its Motion to Dismiss the Plaintiffs' Complaint on two bases: (1) failure to state a claim under FRCP 12(b)(6) and (2) lack of personal jurisdiction under FRCP 12(b)(2).

FRCP 12(b)(6) relief is appropriate because: (a) Plaintiffs' allegations against Dallah Avco, of which there are only three at best, are conclusory in nature and seek to hold the company liable for hiring an alleged aider and abettor (Mr. Al Bayoumi) of the 9/11 hijackers seven years prior to the 9/11 tragedy – thus, Plaintiffs' allegations are insufficient to state a claim and (b) Plaintiffs' allegations also fail to allege that any illegal act by Al Bayoumi was performed "within the scope" of his employment and that such conduct in any manner advanced the interest of his employer – Dallah Avco.

Most of the lawsuits in this mass tort litigation contain allegations relating to Dallah Al Baraka's ownership of companies such as Dallah Avco.  The allegations in Plaintiffs' Amended Complaint are no different than allegations already raised and dismissed by this very court.  *See generally Terrorist Attacks I*, 349 F. Supp. 2d 765 (S.D.N.Y 2005). Accordingly, Plaintiffs' claims against Dallah Avco should also be dismissed.

As already stated, Plaintiffs' allegations against Dallah Avco concern the company's employment of one Omar Al Bayoumi. In paragraph 454 of their Amended Complaint, Plaintiffs allege Al Bayoumi gave support to two of the hijackers while residing in San Diego, California. (Pls.' Am. Compl. at 454, September 30, 2005). It should be noted, however, that Al Bayoumi was cleared by the FBI [not to mention MI5] over three years ago and is no longer suspected of having any links to international terrorism. Dan Eggen, *Who Aided Hijackers is Still Mystery*, WASH. POST, Sept. 10, 2003, at A1. Moreover, even assuming <u>arguendo</u> that Al Bayoumi was not "cleared" by the FBI and had actually assisted two of the 9/11 hijackers, Dallah Avco still could not be held vicariously liable for his actions as this Court has held, "[a]n employee's actions cannot be a basis for employer liability unless the employee was acting in furtherance of the employer's business." *Terrorist Attacks I*, 349 F. Supp. 2d at 836 (*citing Tasso v. Platinum Guild Int'l.*, No. CIV8288, 1997 WL 16066, at *6 (S.D.N.Y. Jan. 16, 1997). In short, Plaintiffs' allegations against Dallah Avco must be dismissed as they fail to even suggest that at any time while Al Bayoumi was in America he was acting "in the furtherance of [Dallah Avco's] business." This would be impossible since, <u>inter</u> <u>alia</u>, Dallah Avco had no business to perform in America, only in the Kingdom of Saudi Arabia, i.e. routine aircraft maintenance support services.

Defendant also hereby requests dismissal for lack of personal jurisdiction based upon the absence of any jurisdictional allegations made in the Complaint. As evidenced by the attached affidavit, Dallah Avco has never conducted business of any sort in the United States. (*See* Kamel Aff. Ex. A.) Because Dallah Avco has never availed itself of the jurisdiction of the

United States, the minimum contacts necessary to sustain this action are lacking and Dallah Avco must be dismissed.[1]

For any and all of the foregoing reasons Defendant's Motion to Dismiss should be granted.

## II.     PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST DALLAH AVCO.

Plaintiffs' Complaint can be dismissed for failure to state a claim under FRCP 12(b)(6). As is obvious, Plaintiffs' allegations are conclusory in nature and are lacking in terms of causation, as they essentially ask this Court to link an alleged "living allowance" to an employee Dallah Avco may have not have even had a choice of employing.  (*See* Pls.' Am. Compl. at 452-55; *see also* Fed. Ins. Am. Compl. at 417, (March 10, 2004) (The Federal Insurance Amended Complaint (03-cv-6978) specifically states that as of 1999, Dallah Avco had actually sought to terminate Al-Bayoumi's annual employment contracts).

### A.     Standard of Review.

A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).  In reviewing such a motion, the court must construe the complaint in the light most favorable to plaintiff and must accept as true all allegations and all reasonable factual inferences drawn from the factual allegations.  *See Wagner v. Barrick Gold Corp., et al.,* No. 03 Civ. 4302, 2006 U.S. Dist. LEXIS 3854, at *4 (S.D.N.Y. Jan. 31, 2006).

However, the court need not "accept inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint."  *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) (*quoting Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir.

---

[1]   *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

3

1994)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

      B.      <u>Plaintiffs' Allegations Are Conclusory And Insufficient To State a Claim.</u>

In paragraph 452 of their Sixth Amended Complaint, Plaintiffs make their first allegation that "[d]uring his time in the United States, Omar Al Bayoumi received a monthly salary and living allowance from Dallah Avco." In paragraph 454, Plaintiffs make their only other two allegations that (1) during the time Al Bayoumi allegedly housed the 9/11 hijackers in San Diego, his living allowance was increased by 800% by Dallah Avco; and (2) that via Al Bayoumi, Dallah Avco financially supported the 9/11 hijackers.

As noted above, Al Bayoumi was cleared by the FBI [not to mention MI5] over three years ago and is no longer suspected of having any links to international terrorism. Dan Eggen, *Who Aided Hijackers is Still Mystery*, WASH. POST, Sept. 10, 2003, at A1. Moreover, and as corroborated by the Federal Insurance Amended Complaint, for five of the seven years Al Bayoumi was employed by Dallah Avco, the Saudi government reimbursed Dallah Avco for Al Bayoumi's salary and Al Bayoumi was considered a Saudi civil servant. (Fed. Ins. Compl. at 415). Then, in 1999, Dallah Avco sought to terminate Al-Bayoumi's annual employment contracts, which the Saudi government would not allow. (*Id.* at 417-18). Notwithstanding these relevant points, Plaintiffs three allegations against Dallah Avco are general and conclusory and therefore are an insufficient basis of liability as "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." *Terrorist Attacks I*, 349 F. Supp. 2d at 833 (*quoting De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)). Such conclusive allegations are always insufficient, as a matter of law, to maintain a lawsuit, even if they contain all the requisite elements of a cause of action. *See* 349 F.

Supp. 2d at 832-33.  For example, in examining the Plaintiffs' claims made against Al Rajhi Bank, this Court noted that the plaintiffs "do not offer facts to support their conclusions that Al Rajhi Bank had to know that Defendant charities…were supporting terrorism."  *Id.* at 833.  This was the case even though the complaint contained allegations that "Al Rajhi knew or had to know that its depositors…were material supporters of terrorism."  *Id.* at 831.

When Plaintiffs' conclusory allegations, which appear to allege nothing more than an employer/employee relationship between Al Bayoumi and Dallah Avco are considered, it is clear Dallah Avco must be dismissed from Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

        C.      <u>Plaintiffs' Complaint Fails to Establish Causation.</u>

Courts deciding issues similar to those presented herein have recognized that the absence of causation may be both a jurisdictional issue and a liability issue.  *See Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91, 98 (D.D.C. 2002).  Plaintiffs must show that Defendant's actions were a substantial cause of their injuries and that the injuries were reasonably foreseeable to the Defendant.  *See First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 769 (2d Cir. 1994).  Because of an obvious lack of connection between the Plaintiffs' injuries and the alleged conduct of Dallah Avco, (i.e. hiring an employee who was accused of assisting two of the 9/11 hijackers outside the scope of his employment duties and who was ultimately cleared of any wrongdoing by the Federal Bureau of Investigation) this Court should grant Dallah Avco's Motion to Dismiss.  *See Wagner v. Barrick Gold Corp., et al.,* No. 03 Civ. 4302, 2006 U.S. Dist. LEXIS 3854, at *14 (S.D.N.Y. Jan. 31, 2006) (granting defendants' Motion to Dismiss for failure to adequately allege a causal link between defendants' alleged conduct and plaintiff's securities fraud claim).

As this Court is aware, proximate cause is an essential element of any claim made herein. Moreover, Plaintiffs must present sufficient allegations that Defendant's conduct in Saudi Arabia was the cause-in-fact of Plaintiffs' injuries. *Terrorist Attack I,* 349 F. Supp. 2d at 797 n.26. Plaintiffs fail to establish "causation" or that Dallah Avco was the proximate cause of their injuries because (1) Dallah Avco never directed Al Bayoumi to go to San Diego or perform any duties outside of his place of employment whether in California or Saudi Arabia; (2) any conduct that Al Bayoumi allegedly engaged in San Diego, California was not performed in the furtherance of his duties; and (3) any actions he may have been accused of while in San Diego, California have ultimately been cleared by the FBI and English authorities, thereby making any "link" between Dallah Avco and Plaintiffs' injuries entirely nonexistent. *See supra* Pt. II(B). For any or all of the foregoing reasons, Plaintiffs fail to meet their burden in showing any causal connection between any action on the part of Dallah Avco with regard to the 9/11 tragedy.

Finally, assuming <u>arguendo</u> that Al Bayoumi assisted the 9/11 hijackers, Judge Robertson's ruling in *Burnett* is that such an allegation is immaterial. 274 F. Supp. 2d 86, 109 n.18 (D.D.C. 2003). To wit:

> The [Third Amended Complaint] asserts claims against members of the Al-Rajhi family who are bank officers, but it makes no allegations that would support an inference that any Al-Rajhi family member was acting within the scope of his bank employment when he allegedly provided support to al Qaeda, as would be necessary to impose vicarious liability on the bank for the acts of its officers and employees. *See e.g., Tasso v. Platinum Guild Int'l.*, No. CIV8288, 1997 WL 16066, at *6 (S.D.N.Y. Jan. 16, 1997).

With Judge Robertson's opinion in mind, whether Al-Bayoumi assisted two of the 9/11 hijackers while in San Diego, California, must not be misconstrued to mean that such "assistance" was done either at the direction of Dallah Avco or within the scope of Al Bayoumi's employment with Dallah Avco.

### III. PLAINTIFFS' COMPLAINT FAILS FOR WANT OF PERSONAL JURISDICTION OVER DALLAH AVCO.

Besides failure to state a claim, the complaint can also be dismissed for lack of personal jurisdiction under FRCP 12(b)(2). (Kamel Aff. Ex. A.)

#### A.   Standard of Review

Pursuant to FRCP 12(b)(2), the plaintiff bears the burden of making a *prima facie* case to establish personal jurisdiction over the defendant. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). In order to survive a motion to dismiss pursuant to Rule 12(b)(2), plaintiffs must provide facts sufficient to establish minimum contacts between the defendants and the forum. *See Second Amendment Foundation v. United States Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). "A plaintiff makes such a showing by alleging specific acts connecting the defendant with the forum; mere allegations of a conspiracy will not suffice." *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 121 (D.D.C. 2000); *see also Terrorist Attacks I,* 349 F. Supp. 2d at 805.

#### B.   Dallah Avco Lacks Minimum Contacts with the United States

Dallah Avco has never availed itself to the jurisdiction of the United States in any manner. Pursuant to well-established case law, minimum contacts are necessary to sustain this action. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, Plaintiffs' suit against Dallah Avco must be dismissed because Plaintiffs have failed to plead a sufficient nexus between Dallah Avco and the United States.

Dallah Avco is an aviation-services company based in Saudi Arabia. Dallah Avco does not, and has never owned any bank accounts within the United States. (Kamel Aff. Ex. A at 5.) Dallah Avco does not, and has never carried out any activitives within the United States. (Kamel Aff. Ex. A at 5.) Dallah Avco is not, and never has been, domiciled, organized, or incorporated

7

in any form in the United States. (Kamel Aff. Ex. A at 6.) Dallah Avco is not, and never has been, licensed or registered to do business in the United States. (Id. at 7.) Dallah Avco does not, and has never, owned or leased property in the United States. (Kamel Aff. Ex. A at 8.) Dallah Avco does not have, and never has had, a branch office, a representative, an employee or an agent in the United States, except for its representation by an attorney in this court. (Kamel Aff. Ex. A at 9.) Dallah Avco does not, and has never, offered or advertised any activities or services within the United States. (Kamel Aff. Ex. A at 10.) Shares of Dallah Avco stock have never been offered of sold in the United States. (Kamel Aff. Ex. A at 12.)

Given the foregoing reasons, it is clear that Defendant's Motion to Dismiss can and should be granted.

## IV.   CONCLUSION

For good cause shown in this memorandum, the Court should grant the motion to dismiss based on failure to state a claim for which relief can be granted and lack of personal jurisdiction.

Respectfully Submitted,

/s/
Martin McMahon, Esq., M.M. 4389
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343

*Attorney for Defendant Dallah Avco*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of Motion to Dismiss was served via electronic case filing on this 26th day of May, 2006, upon the following:

    Andrew J. Malloney III, Esq.
    Kriendler & Kriendler
    100 Park Avenue
    New York, NY 10017-5590

                                    _____/s/_____
                                    Lisa D. Angelo, Esq.