UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 *This document relates to:* *Federal Insurance Co. v. al Qaida*, 03-cv-6978 (RCC) | 03 MDL 1570 (RCC) ECF Case |

**DEFENDANT AL BARAKA BANKCORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED, LACK OF SUBJECT MATTER JURISDICTION AND FOR INSUFFICIENT AND CONCLUSORY RICO ALLEGATIONS.**

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:       202-862-4343
Facsimile:   202-828-4130

*Attorney for Defendant Al Baraka Bankcorp*

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant Al Baraka Bankcorp, by and through its undersigned attorney, moves this Court to dismiss Plaintiffs' Complaint as it relates to or regards Defendant Al Baraka Bankcorp.

## I.   INTRODUCTION

Defendant Al Baraka Bankcorp (hereinafter "Al Baraka") files this memorandum in support of its Motion to Dismiss the Federal Insurance Plaintiffs' (hereinafter "Plaintiffs") Complaint on four bases: (1) Al Baraka no longer exists; (2) failure to state a claim under FRCP 12(b)(6); (3) lack of subject matter jurisdiction under FRCP 12(b)(1); and (4) Plaintiffs' supplemental pleadings, such as their recently filed RICO statement, are conclusory in nature and do not fall within the meaning of FRCP 15(d) – thus, they should not prevent this Court from dismissing Al Baraka as a matter of law.

As of April 28, 2002, Al Baraka was involuntary dissolved. *See infra* Pt. I. Accordingly, this Court should dismiss the former entity from this suit with prejudice.

FRCP 12(b)(6) relief is appropriate because Plaintiffs fail to make any specific allegations relating to Al Baraka and therefore are unable to show causation. In Plaintiffs only allegation against Al Baraka, they suggest that Al Baraka "aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs and is thereby linked to the 9/11 attacks." Nowhere else, however, do Plaintiffs provide even a scintilla of evidence that supports this far-fetched and conclusory allegation.[1] Moreover, Plaintiffs fail to establish any kind of connection or causal link between their injuries and the alleged conduct of

---

[1] As this Court has held, "in light of the extreme nature of the charges of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant…" *In re: Terrorist Attacks on September 11, 2001,* 349 F. Supp. 2d 765, 831 (S.D.N.Y. 2005) ("*Terrorist Attacks I*") (quoting *Burnett v. Al Baraka*, 274 F. Supp. 2d 86, 103-04 (D.D.C. 2003) ("*Burnett I*")).

Al Baraka.  Failure to adequately allege a causal link between the Defendant's alleged conduct and Plaintiffs' injuries alone warrants dismissal of their complaint.[2]  *See infra* Pt. II.

Defendant also requests dismissal for lack of subject matter jurisdiction.  Due to a fundamental lack of connection between the Plaintiffs' injuries and the alleged conduct of Al Baraka, this Court can and should decline to exercise subject matter jurisdiction over Plaintiffs' claims.  *See infra* Pt. III.

Finally, Defendant hereby requests dismissal for the additional reason that Plaintiffs' supplemental pleadings - such as their recently filed RICO statement – are conclusory in nature and concern matters prior to the date of their original pleading and as such violate FRCP 15(d).  *See infra* Pt. IV.

For any and all of the foregoing reasons Defendant's motion to dismiss must be granted.

## II.     AL BARAKA NO LONGER EXISTS AND THUS, SHOULD BE DISMISSED FROM PLAINTIFFS' COMPLAINT.

Al Baraka should be dismissed from Plaintiffs' Complaint as it no longer exists.  Moreover, because the entity has no assets, any lawsuit filed against it may be interpreted as frivolous.  Evidence of Al Baraka's dissolution on August 28, 2002 is attached hereto in Exhibit A.  See Exhibit A.  Based upon the evidence submitted hereto as well as the arguments noted *infra*, the undersigned counsel submits that this Court should dismiss Al Baraka from the Plaintiffs' Complaint with prejudice.

---

[2] *See Wagner v. Barrick Gold Corp.,* 2006 U.S. Dist. LEXIS 3854, at *14 (S.D.N.Y. Jan. 31, 2006) (granting defendants' Motion to Dismiss for plaintiffs' failure to adequately allege a causal link between defendants' alleged conduct and plaintiffs' securities fraud claim);  *see infra.* Pt. II(C) and accompanying text.

3

### III. DEFENDANT SHOULD BE DISMISSED AS THE COMPLAINT FAILS TO MAKE ANY ALLEGATIONS AGAINST DEFENDANT.

At most, Plaintiffs make only one allegation against Al Baraka in their amended complaint. (Pls.' Am. Compl. ¶ 66, March 10, 2004). A copy of this allegation is attached hereto for the Court's convenience. See Exhibit B. As the Court will observe, ¶ 66 only consists of four pages of names (which includes Al Baraka) and one allegation:

> "…have aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons, as described herein."

This conclusory allegation lacks in terms of causation and should be dismissed for failure to state a claim under FRCP 12(b)(6).

#### A.     Standard of Review

A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). In reviewing such a motion, the court must construe the complaint in the light most favorable to plaintiff and must accept as true all allegations and all reasonable factual inferences drawn from the factual allegations. *See Wagner v. Barrick Gold Corp.*, 2006 U.S. Dist. LEXIS 3854, at *4-5 (S.D.N.Y. Jan. 31, 2006).

However, the court need not "accept inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint." *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court must reject legally conclusory allegations, treating only specific factual allegations as true. *In re Livent, Inc. Noteholders Sec. Litig.,* 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001).

B.  <u>Plaintiffs' Allegations Are Conclusory And Insufficient To State a Claim</u>

As noted above, in their 182-page Complaint, Plaintiffs make one point: that Al Baraka aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons. (Pls.' Am. Compl. ¶ 66, March 10, 2004). Plaintiffs do not subsequently reference Al Baraka nor do they provide any facts to support their lone contention. This Court should not entertain any more attenuated and "six degrees of separation" links between Al Baraka and Plaintiffs' injuries. *See W.E. Media Inc. v. Gen. Elec. Co.*, 218 F. Supp. 2d 463, 475 (S.D.N.Y. 2002).

Likewise, Plaintiffs' sole allegation fails to detail any facts citing how Al Baraka as well as the other four pages of named defendants aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs. It is well established that general and conclusory allegations are an insufficient basis of liability as "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." *Terrorist Attacks I*, 349 F. Supp. 2d at 833 (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)). Such conclusory allegations are always insufficient, as a matter of law, to maintain a lawsuit, even if they contain all the requisite elements of a cause of action. *See id.* at 832-33.

Because Plaintiffs' conclusive allegation in ¶ 66 of their Amended Complaint is insufficient, general, and conclusory, Al Baraka should be dismissed pursuant to FRCP 12(b)(6).

## IV.     THIS COURT SHOULD NOT ENTERTAIN SUBJECT MATTER JURISDICTION OVER THE SINGLE CLAIM MADE AGAINST AL BARAKA.

Al Baraka additionally moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1).  Courts deciding similar issues to those presented in the cases at hand have previously recognized that the absence of causation may be both a jurisdictional issue and a liability issue.  *See Ungar v. Islamic Republic of Iran*, 211 F.Supp.2d 91, 98 (D.C. 2002).  Plaintiffs fail to provide any factual support for their sole allegation against Al Baraka.  Nor do Plaintiffs present even a scintilla of evidence that a connection between Plaintiffs' injuries and the alleged conduct of Al Baraka existed.  Accordingly, this Court can and should dismiss the Plaintiffs complaint against Al Baraka.

## V.     PLAINTIFFS' SUPPLEMENTAL PLEADINGS, SUCH AS THEIR RECENTLY FILED RICO STATEMENT, CANNOT SALVAGE THEIR DEFICIENT COMPLAINT AS IT REGARDS OR RELATES TO AL BARAKA – AS SUCH, DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED.

Plaintiffs' Complaint can also be dismissed notwithstanding Plaintiffs' supplemental pleadings, such as their recently filed RICO statement.  The allegations contained therein are: (a) conclusory in nature; and (b) do not fall within the meaning of FRCP 15(d).

First, Plaintiffs have initiated a civil RICO action under 28 U.S.C. § 1964 against Al Baraka for violations of 18 U.S.C. § 1962 (a), (c) and/or (d).  Under § 1962(c) "an alleged RICO defendant must have had 'some part in directing' the 'operation or management' of the enterprise itself to be liable."  *Dubai Islamic Bank v. Citibank, N.A.,* 256 F. Supp. 2d 158, 164 (S.D.N.Y. 2003).  As demonstrated above, Plaintiffs have failed to state a claim supporting its allegation that Al Baraka aided or abetted al Qaida's criminal enterprises.  More importantly, Plaintiffs failed to mention any alleged conduct by Al Baraka that linked it to the 9/11 tragedy.

"The Second Circuit has held in the context of a motion to dismiss that to state a claim under *[§ ] 1962(d)*, the 'complaint must allege some factual basis for a finding of a conscious agreement among the defendants.'" *Am. Arbitration Ass'n, Inc. v. DeFonseca*, 1996 U.S. Dist. LEXIS 9160 (S.D.N.Y. June 28, 1996). Again, Plaintiffs have not pleaded that Al Baraka had knowledge of or participated in al Qaida's conspiracy to inflict the 9/11 attack on our country. Their single conclusory allegation of knowledge and activities in support of the alleged conspiracy are legally insufficient as they fail to provide any factual basis for their legal conclusions. *See Terrorist Attacks I,* 349 F. Supp. 2d at 833. Based upon the foregoing, this Court should dismiss the general and conclusory allegations presented in Plaintiffs' Amended Complaint, as well as the general and conclusory RICO claims recently made against Al Baraka.

Second, supplemental pleadings are limited to setting forth transactions, occurrences or events which have happened since the date of the pleading sought to be supplemented. Fed. R. Civ. P. 15(d). In Plaintiffs' recently filed RICO statement, paragraph 5(b) lists the "dates of, the participants in, and a description of the facts surrounding the predicate acts." As this court will observe, the dates Plaintiffs allege regard "early 1990s to 9/11/2001." (Pls.' RICO Statement, 2-3, February 27, 2006.) Moreover the allegations presented in Plaintiffs' "Exhibit A" to the RICO statement also set forth transactions, occurrences or events that have happened prior to their Complaint dated March 10, 2004. This Court should not entertain Plaintiffs' new allegations in the form of their RICO Statement because FRCP 15(d) applies "only to events that have occurred since the date of the filing of the pleading." Fed. R. Civ. P. 15(d).

## V. CONCLUSION

For good cause shown in this memorandum, this Court should grant Defendant's motion to dismiss based upon the fact that Al Baraka does not exist and for failure to state a claim for which relief can be granted, lack of subject matter jurisdiction and because Plaintiffs' supplemental pleadings cannot salvage their deficient complaint as it regards or relates to Al Baraka.

        Respectfully Submitted,

        _____/s/_____
        Martin McMahon, Esq., M.M. 4389
        Martin McMahon & Associates
        1150 Connecticut Ave., N.W.
        Suite 900
        Washington, D.C. 20036
        (202) 862-4343
        (202) 828-4130
        *Attorney for Defendant Al Baraka Bankcorp*

        Dated: May 26, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of Motion to Dismiss was served via electronic case filing on this 26th day of May, 2006, upon the following:

    Mr. Sean P. Carter, Esq.
    Cozen O'Connor
    1900 Market St.
    Philadelphia, Pa. 19103-3508

        _____/s/_____

Lisa D. Angelo, Esq.

Lisa D. Angelo, Esq.