**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Thomas E. Burnett, Sr., et al. v. Al Baraka Investment & Development Corp., et al.*
Case No. 03-CV-9849 (originally 1:02-1616 USDC (JR))  (S.D.N.Y.)




# PLAINTIFFS' OPPOSITION TO THE MOTION OF DEFENDANTS AL SHAMAL ISLAMIC BANK, TADAMON ISLAMIC BANK, AND SANABEL AL KHEER, INC., TO SET ASIDE DEFAULT JUDGMENTS

May 30, 2006

# TABLE OF CONTENTS

**INTRODUCTION** ...................................................................................................1

**FACTS** .....................................................................................................................1

**LEGAL ARGUMENTS** .........................................................................................4

    **I.**     **THE DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF ESTABLISHING THEY ARE ENTITLED TO AN ORDER SETTING ASIDE THE DEFAULT JUDGMENTS**......................................4

    **II.**    **THE DEFENDANTS OR THEIR COUNSEL ARE RESPONSIBLE FOR COSTS INCURRED** ........................................................................7

**CONCLUSION**.......................................................................................................8

# TABLE OF AUTHORITIES

**CASES**

Bank of Montreal v. Mitsui Mfgs. Bank, 1992 WL 79293, at *3 (S.D.N.Y. April 7, 1992)......................6

Cott Corp. v. W.F. Funke Dairy Supplies, Inc., 16 B.R. 526, 527-28 (D.Conn.1981)..........................5

Davis v. Musler, 713 F.2d 907, 915 (2nd Cir.1983) ..............................................................................6

Dominguez v. United States, 583 F.2d 516, 518 (2nd Cir.1978) ...........................................................4

H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir.1970)......................................................................................................................5

Hensey Properties, Inc. v. Lamagna, 258 N.Y.S.2d 495 (1st Dep't 1965)............................................8

In re Candor Diamond Corp., 21 B.R. 144, 146 (S.D.N.Y. 1982)........................................................5

In re Intern. Picture Show, Inc., 28 B.R. 313 (S.D.N.Y. 1983)............................................................5

In re Martin-Trigona, 763 F.2d 503, 505 and n. 2 (2nd Cir.1985) .........................................................5

In re Suprema Specialties, Inc., 330 B.R. 40, 51 (S.D.N.Y. 2005) ......................................................4

In re Wright, 247 F.Supp. 648 (E.D. Mo. 1965) ..................................................................................7

Jackson v. Beech, 636 F.2d 831, 836 (D.C.Cir.1980)..........................................................................5

Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167 (5th Cir. 1990), reh'g denied, 920 F.2d 259, *cert.* denied, 510 U.S. 859 .......................................................................7

Link v. Wabash R.R. [370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ........................................5

Mason Tenders District Council Welfare Fund v. M & M Contracting and Consulting, 193 F.R.D. 112, 115 (S.D.N.Y.2000) ........................................................................................4

McKenzie v. Wakulla County, 89 F.R.D. 444 (N.D. Fla. 1981) ..........................................................5

New York v. Green, 420 F.3d 99 (2nd Cir. 2005) .................................................................................7

Pioneer Invest. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993)................4

Roundball Enterprises, Inc. v. Richardson, 99 F.R.D. 174 (S.D.N.Y. 1983)........................................8

S.E.C. v. McNulty, 137 F.3d 732 (2nd Cir. 1998) ................................................................................4

Sears, Sucsy & Co. v. Insurance Co. of North America, 392 F.Supp. 398, 411 (N.D. Ill. 1974)............4

SEC v. McNulty, 1996 WL 422259, at *4 (S.D.N.Y. July 29, 1996), aff'd, 137 F.3d 732 (2nd Cir.1998) ......................................................................................................................................4

Sony Corp. v. S.W.I. Trading, Inc., 104 F.R.D. 535 (S.D.N.Y. 1985).................................................5

State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2nd Cir. 2004).......................................................................................................................................4, 6

Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C. Cir. 1966) .......................................................................8

U. S. v. 1,550.44 Acres of Land, More or Less, in McLean County, State of N. D., 369 F.Supp. 1078 (D.C.N.D. 1974)..............................................................................................7

U. S. v. Cirami, 563 F.2d 26 (2nd Cir. 1977) ..............................................................................4, 5

U.S. v. Bank of New York, 14 F.3d 756, 759 (2nd Cir. 1994) ........................................................4

United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs., 755 F.
  Supp. 1195, 1205 (S.D.N.Y. 1989)..........................................................................................6

Waifersong, Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. Ohio) ..............................6

**RULES**

Fed. R. Civ. P. 60(b)(1)....................................................................................................... 1, 5, 6, 7

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 60(b)(1), defendants, Al Shamal Islamic Bank, Tadamon Islamic Bank, and Sanabel Al Kheer, Inc. ("the defendants"), seek to reopen default judgments entered onto the court's docket on April 10, 2006. The underlying rationale for defendants' reliance upon Rule 60(b)(1) is defense counsel's purported "excusable neglect" and "mistake" in neglecting to file answers or responses to plaintiffs' complaint. Defendants also contend that they were "surprised" by plaintiffs' exercise of their right to seek default judgments because, defendants contend, they first learned that plaintiffs were seeking default judgments on April 7, 2006. In fact, however, defendants omit substantial facts that demonstrate that their failure to file any responsive pleading to plaintiffs' complaint was willful, and that they were provided notice of plaintiffs' application for default on April 4, 2006, when it was filed with the Orders and Judgment Clerk.

The reason for defendants' bald assertions that their failure to file responsive pleadings was due to simple "excusable neglect" or "mistake" without further explanation, is because any further explanation would have uncovered that rather than being either "excusable neglect" or "mistake" the defendants' failure to file responsive pleadings was willful.

## FACTS

Nearly four years have passed since plaintiffs' complaint was filed against the defendants. During that time period, Martin McMahon & Associates ("McMahon"), counsel for these defendants, has been heavily involved in representing at least 14 defendants, beginning as early as July 10, 2003, when he filed motions to dismiss on behalf of defendants Al Baraka Investment & Development Corp. and Saleh Abdullah Kamel while the matter

1

was still pending before Judge Robertson in Washington, D.C.[1] On multiple occasions beginning as early as on October 12, 2004, representatives of Mr. McMahon's office have appeared at hearings in the MDL matter on behalf of defendants Saleh Abdullah Kamel, Al Baraka Investment & Development Corp., International Islamic Relief Organization, Rabita Trust, Dallah Al Baraka Group, LLC, Makkah Mukarrahman Charity Trust, and Wael Jalaidan. All tolled, he has filed at least at least 78 filings, including 9 documents filed in Washington, D.C. before the matter was consolidated in multidistrict litigation, and 69 filings in the MDL.

Based on the level of involvement counsel has had, he has had ample time and means to determine which defendants – in particular defendants represented by Mr. McMahon – have been sued, as well as the time and opportunity to file answers for them. Notwithstanding this significant involvement and the substantial passage of time, neither the defendants nor counsel on behalf of the defendants has sought to file any responsive pleadings.

Particularly telling of the defendants' willfulness in their failure to file responsive pleadings is the defendants' rejection of an offer to obtain extensions of time within which to file responsive pleadings. In September 2005, counsel for plaintiffs in the related Federal action filed an application for defaults against the defendants in that case. Shortly after the default application was filed in the Federal action, but before defaults or judgments were entered, Scott Tarbutton, of Cozen O'Connor, counsel for the plaintiffs in the Federal action, had discussions with counsel for the defendants concerning an extension of time for the defendants to file responsive pleadings in the Federal action. Because neither a default

---

[1] He appeared before the MDL court in the Southern District of New York on behalf of other defendants as early as May 26, 2004, when he filed a motion for extension of time to file a response/reply on behalf of defendants Al Baraka Investment & Development Corp., International Islamic Relief Organization, Wael Jalaidan, Saleh Abdullah Kamel, and Rabita Trust.

2

nor a judgment had been entered, Mr. Tarbutton consented to extending the time within which the defendants would have to respond to the <u>Federal</u> complaint. During those discussions, Mr. Tarbutton specifically recommended and offered to solicit similar extensions for the defendants regarding the remaining plaintiffs' cases. However, counsel for the defendants specifically rejected Mr. Tarbutton's recommendation and offer, indicating instead that they were seeking the extension as to the <u>Federal</u> action only. See Affidavit of J. Scott Tarbutton, Esq. At no time before judgment had been entered had counsel for the defendants ever sought a similar extension from counsel for the <u>Burnett</u> plaintiffs.

Although defendants' failure to anticipate that the plaintiffs might exercise their right to enter default judgments against the defendants is hardly an excuse worthy of setting aside a default judgment,[2] the defendants are nonetheless also incorrect regarding their assertion that April 7, 2007 was the first time they had learned that plaintiffs had requested default be entered. In an email dated November 21, 2005, counsel for the defendants advised plaintiffs' counsel that the email address for service upon counsel for the defendants had been changed and the new address is mfm@martinmcmahonlaw.com. See Exhibit A (November 21, 2005, electronic mail from Michael McMahon/Lisa Angelo, indicating change of e-mail address for Martin F. McMahon & Associates). In an email dated April 4, 2006, plaintiffs' counsel electronically served upon counsel for the defendants at the email prescribed by defendants a copy of the application for default. See Exhibit B (Electronic Email from Richard Cashon to MARTIN F. McMAHON & ASSOCIATES, inter alia,

---

[2] Defendants' position that default judgment should be set aside because they were unaware of plaintiffs' intention to enter default judgments seems to stand on its head the requirement that a defendant answer a complaint or face the plaintiff's remedy of having default judgment entered for such failure.

3

attaching application for default in Burnett) and Exhibit C (printout showing the address used for MARTIN F. McMAHON & ASSOCIATES).

## LEGAL ARGUMENTS

I. **The Defendants Have Failed to Meet Their Burden of Establishing They Are Entitled To An Order Setting Aside The Default Judgments**

Rule 60(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for ... mistake, inadvertence, surprise, or excusable neglect...." The rule applies only in proper cases – that is, only in cases involving extraordinary circumstances or extreme hardship. U.S. v. Bank of New York, 14 F.3d 756, 759 (2nd Cir. 1994); U. S. v. Cirami, 563 F.2d 26 (2nd Cir. 1977), and not where the rule by its very terms precludes application. Sears, Sucsy & Co. v. Insurance Co. of North America, 392 F.Supp. 398, 411 (N.D. Ill. 1974). More specifically, it is not to be used where, as here, the conduct of the party seeking to employ the rule has acted without diligence, with willful misconduct, or without explanation. See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2nd Cir. 2004) ("When a party demonstrates a lack if diligence in defending a law suit, a court need not set aside a default judgment.") and S.E.C. v. McNulty, 137 F.3d 732 (2nd Cir. 1998) (default may have been willful where the conduct of counsel or the litigant was not satisfactorily explained).[3]

---

[3] The defendants cite Pioneer Invest. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), in support of their contention that counsel's negligence or carelessness constitutes "excusable neglect." But this court has already distinguished Pioneer, recognizing it is inapposite in cases concerning "excusable neglect" in the context of default judgments. In re Suprema Specialties, Inc., 330 B.R. 40, 51 (S.D.N.Y. 2005); see also Dominguez v. United States, 583 F.2d 516, 518 (2nd Cir.1978) (imputing to client counsel's negligence and affirming denial of Rule 60(b) motion to vacate judgment); SEC v. McNulty, 1996 WL 422259, at *4 (S.D.N.Y. July 29, 1996), aff'd, 137 F.3d 732 (2nd Cir.1998) (imputing defense counsel's negligent conduct to defendant and denying defendant's motion to vacate default judgment). Mason Tenders District Council Welfare Fund v. M & M Contracting and Consulting, 193 F.R.D. 112, 115 (S.D.N.Y.2000) (same).

On motion to set aside a default judgment, the defaulting party carries the burden of setting forth the facts substantiating its claim of excusable neglect. In re Intern. Picture Show, Inc., 28 B.R. 313 (S.D.N.Y. 1983) (citing Cott Corp. v. W.F. Funke Dairy Supplies, Inc., 16 B.R. 526, 527-28 (D.Conn.1981); see In re Martin-Trigona, 763 F.2d 503, 505 and n. 2 (2nd Cir.1985). The court in Cott wrote:

> [W]here parties are claiming that a default judgment had been entered as a result of attorney neglect, affidavits should be furnished containing reasons why the attorney neglected to ··· properly defend the litigation ···· [I]gnorance or carelessness on the part of the attorney will not provide grounds for relief under Fed.R.Civ.P. § 60(b)(1) quoting Mr. Justice Harlan in Link v. Wabash R.R. [370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ] (citations omitted).

Id. at 527-28; see also United States v. Cirami, 535 F.2d 736 (2nd Cir.1976); In re Candor Diamond Corp., 21 B.R. 144, 146 (S.D.N.Y. 1982).

When a defendant's actions or inactions amount to willful misconduct, gross neglect, or other extreme and unusual behavior, as they do here, default judgment is appropriate and even necessary to ensure functioning of the judicial process; defendants should not be permitted to avoid or delay the plaintiffs' right to judicial resolution of a dispute by ignoring the proceedings, McKenzie v. Wakulla County, 89 F.R.D. 444 (N.D. Fla. 1981), and "when the adversary process has been halted because of an essentially unresponsive party," default judgment is appropriate not only to protect the judicial process, but also to protect the non-defaulting party from "interminable delay and continued uncertainty as to his rights." Sony Corp. v. S.W.I. Trading, Inc., 104 F.R.D. 535 (S.D.N.Y. 1985); Jackson v. Beech, 636 F.2d 831, 836 (D.C.Cir.1980) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir.1970) (per curiam)).

The Second Circuit has construed Rule 60(b)(1) to include a three-part test: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the

5

level of prejudice that may occur to the non-defaulting party if relief is granted." Davis v. Musler, 713 F.2d 907, 915 (2nd Cir.1983). The threshold question in the assessment concerns the question of the defendants' culpability; if the moving party fails to establish a right to relief on this ground, the court need not even assess the remaining two factors. Bank of Montreal v. Mitsui Mfgs. Bank, 1992 WL 79293, at *3 (S.D.N.Y. April 7, 1992); United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs., 755 F. Supp. 1195, 1205 (S.D.N.Y. 1989). The Sixth Circuit has explained the relative weight of the factors this way:

> [W]hile it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he can also satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

Waifersong, Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. Ohio) (footnote omitted).

All of the available evidence demonstrates plainly that defendants' conduct was willful. The defendants offer no explanation for their failure to file responsive pleadings in the intervening years since the suit was filed against them; they insist that they did not ignore plaintiffs' complaint, and offer without any explanation only that counsel for the defendants was negligent or careless in neglecting to file responsive pleadings. Though such naked offerings, by themselves, hardly constitute "*excusable* neglect," see State Street Bank and Trust Co. v. Inversiones Errazuriz, Limitada, 374 F.3d 158, 178 (2nd Cir. 2004) (where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted "excusable neglect") – and standing by themselves warrant upholding the default judgments,

6

see id. ("when a party demonstrates lack of diligence in defending a lawsuit, a court need not set aside a default judgment.")[4] – consideration of the full facts reveals much more serious and willful conduct on the defendants' part. Given the extended involvement on the part of counsel for the defendants, particularly when coupled with the exchange between defense counsel and counsel for the Federal plaintiffs, wherein the defendants rejected the notion of obtaining extensions of time to respond to the other plaintiffs' complaints, it becomes evident that defense counsel's real intention was to exercise a litigation strategy of ignoring complaints until defaults had been entered. In fact, the strategy is consistent with counsel's response upon learning that the default judgments had been entered: "Had we known your firm was moving for a default against three of our clients, we would have entered into a dialogue with you as we have with the Federal Ins. and O'Neil Plaintiffs…." Exhibit D (April 12, 2006 electronic mail from Lisa Angelo to Robert T. Haefele.). Counsel's tactical maneuvering to avoid responding to plaintiffs' complaint is intentional conduct and cannot be considered "excusable neglect." New York v. Green, 420 F.3d 99 (2nd Cir. 2005); U. S. v. 1,550.44 Acres of Land, More or Less, in McLean County, State of N. D., 369 F.Supp. 1078 (D.C.N.D. 1974).

## II.     The Defendants Or Their Counsel Are Responsible For Costs Incurred

Rule 60(b) expressly authorizes relief "upon such terms as are just." Because counsel for the defendants has acknowledged responsibility for the entry of the default judgments in this case, it is appropriate that either the defendants or their counsel bear the costs incurred because of the defaults. Roundball Enterprises, Inc. v. Richardson, 99 F.R.D. 174 (S.D.N.Y.

---

[4] See also In re Wright, 247 F.Supp. 648 (E.D. Mo. 1965) (carelessness, negligence, or ignorance of rules of procedure do not constitute "excusable neglect" within this rule); cf. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167 (5th Cir. 1990), reh'g denied, 920 F.2d 259, cert. denied, 510 U.S. 859 (abuse of discretion to reopen case on basis of excusable neglect where moving party failed to submit evidence because of negligence or carelessness of attorney)

1983); see, e.g., Hensey Properties, Inc. v. Lamagna, 258 N.Y.S.2d 495 (1st Dep't 1965); cf., Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C. Cir. 1966) (discussing imposition of costs). Plaintiffs, therefore, ask that the court order the defendants or counsel for the defendants to pay plaintiffs' costs incurred because of the defaults.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the defendants' motion to set aside the default judgments be denied and that the defendants or their attorney be directed to pay plaintiffs' costs incurred because of the defaults.

Respectfully Submitted,

/s/
_____
Ronald L. Motley, Esquire (SC Bar No. 4123)
Jodi Westbrook Flowers, Esquire (SC Bar No. 66300)
Donald Migliori, Esquire (RI Bar No. 4936; MA Bar No. 567562; MN Bar No. 0245951)
Michael E. Elsner, Esquire (ME-8337)
Robert T. Haefele, Esquire (NJ Bar No. 58293; PA Bar No. 57937)
Justin B. Kaplan, Esquire (TN Bar No. 022145)
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465
Telephone: (843) 216-9000
Fax (843) 216-9450

 - and -

Jayne Conroy, Esquire (JC-8611)
Paul J. Hanly, Jr., Esquire (PH-5486)
Andrea Bierstein, Esquire (AB-4618)
**HANLY CONROY BIERSTEIN & SHERIDAN LLP**
112 Madison Avenue
New York, NY 10016-7416
Telephone: (212) 784-6400
Fax: (212) 784-6420

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Opposition to Defendants' Motion to Vacate Judgment By Default were served via electronic case filing on this 30th day of May, 2006, upon the following:

Martin F. McMahon, Esq.
Lisa D. Angelo, Esq.
Martin F. McMahon & Associates
1150 Connecticut Avenue NW, Suite 900
Washington, DC 20036

*Attorney for Defendants Al Shamal Islamic Bank,
Tadamon Islamic Bank, and Sanabel Al Kheer, Inc.*