IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                       )
In Re Terrorist Attacks on September 11, 2001   )   03 MDL No. 1570 (RCC)
                                       )   ECF Case
_____)

This document relates to:
  BURNETT, et al. v. AL BARAKA INV. AND DEV. CORP., et al., Case No. 03-CV-9849.

### AFFIDAVIT OF DAVID E. NACHMAN IN SUPPORT OF SHEIKH ABDULLAH'S MOTION TO VACATE DEFAULT JUDGMENT

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

DAVID E. NACHMAN, being sworn, says:

1. I am a member of DLA Piper Rudnick Gray Cary US LLP ("DLA Piper"), counsel for Sheikh Abdullah Bin Khalid Al-Thani ("Sheikh Abdullah"). I submit this affidavit in support of Sheikh Abdullah's motion to dismiss the default judgment entered against him on April 7, 2006 in the above-referenced action.

2. Sheikh Abdullah is the Interior Minister of Qatar. DLA Piper -- in particular, my colleagues Sheldon Krantz and Rachel Tausend in Washington, D.C., and I -- were retained to represent him in the above-referenced multi-district litigation ("MDL") in October 2005. Once retained, we ascertained that there were 19 actions comprising the MDL, hundreds of defendants, several thousand docket entries, and thousands of pages of pleadings and other documents.

3. In reviewing the complaints in the 19 actions, we determined that Sheikh Abdullah's name appeared in the caption of the complaints in three of these actions -- Euro Brokers, Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al., Case No. 04-CV-7279 ("Euro Brokers"); New York Marine and Gen. Ins. Co. v. Al Qaida, et al., Case No. 04-CV-6105 ("NY Marine"); and World Trade Ctr. Props., LLC, et al. v. Inv. & Dev. Corp., et al., Case No. 04-CV-

7280 ("WTCP").  Sheikh Abdullah is not named as a defendant in the caption of the Burnett Third Amended Complaint, and nowhere does that pleading refer to him by name.

4. We diligently proceeded to prepare a motion to dismiss in the three MDL cases in which Sheikh Abdullah was named as a defendant -- Euro Brokers, NY Marine and WTCP. Preparation of the motion proved to be more time-consuming than would ordinarily be the case. In addition to all the legal complexity presented by the plaintiffs' multiple theories of relief and the numerous jurisdictional and service issues posed in this case, our client is a senior government Minister of a foreign country, with numerous affairs of state to attend, and is not a native English speaker. In these circumstances, obviously, communications can present a challenge. Nevertheless, we pushed forward with our client and were prepared to file a motion to dismiss in Euro Brokers, NY Marine and WTCP by April, 2006.

5. On April 7, 2006, after months of preparation, Sheikh Abdullah filed his motion to dismiss the Euro Brokers, NY Marine and WTCP actions; these papers are attached as Exhibit 1 hereto. As our motion papers make clear, Sheikh Abdullah has serious -- we believe powerful and meritorious -- defenses to these actions. Among other things:

- The allegations against him are either non-existent or so insubstantial, conclusory and vague as not to state a cognizable claim under any of plaintiffs' federal or state law theories;

- Sheikh Abdullah is a foreign sovereign entitled to immunity under the Foreign Sovereign Immunities Act;

- Sheikh Abdullah, whose address is easily ascertained, was never served personally, and service by publication is neither legally permissible as to him nor authorized by the Court's prior orders on service by publication; and

2

- Subject matter and personal jurisdiction both are lacking.

6. Whether also to file a motion to dismiss in the <u>Burnett</u> action was a matter we periodically discussed. We saw from the electronic docket entries that the <u>Burnett</u> plaintiffs, who are represented by the same counsel who represent the plaintiff in <u>Euro Brokers</u> and <u>WTCP</u>, had purported to join in the Plaintiffs' More Definite Statement as to Defendant Abdulla Bin Khalid Al Thani (03-MDL-1570, Docket #1275), but we did not see any other indication that our client was, in fact, a defendant in the <u>Burnett</u> action. In this regard, we placed heavy reliance on the fact that, unlike as in <u>Euro Brokers</u>, <u>NY Marine</u> and <u>WTCP</u>, neither the original Complaint nor any subsequent Amended Complaint in <u>Burnett</u> named Sheikh Abdullah as a defendant or otherwise asserted any claims against him. We therefore drafted Sheikh Abdullah's motion to dismiss as directed to the <u>Euro Brokers</u>, <u>NY Marine</u> and <u>WTCP</u> actions but, in an excess of caution, included the <u>Burnett</u> action in the caption of the draft document and planned to note in a footnote that, to the extent the <u>Burnett</u> plaintiffs purported to assert claims against Sheikh Abdullah, the motion was directed to that action as well.

7. That, then, was the situation in early April: After months of careful preparation, we were about to file our motion in <u>Euro Brokers</u>, <u>NY Marine</u> and <u>WTCP</u>, and we were not going to file in 15 of the other 16 cases that were part of the MDL. In those cases, our client had not been named as a defendant anywhere we could find. With respect to the 16th other action, the <u>Burnett</u> case, as just noted, we intended to file our motion to dismiss in that action as well, but again, solely as a protective measure, and not because we believed that Sheikh Abdullah actually was a party in that action.

8. On April 4, 2006, just as we were finalizing Sheikh Abdullah's motion to dismiss the <u>Euro Brokers</u>, <u>NY Marine</u>, <u>WTCP</u> and <u>Burnett</u> actions, which as previously mentioned was filed on April 7, 2006, we saw that the plaintiffs had filed an application for default in <u>Burnett</u>

3

and had included our client among the many "defendants" in their Exhibit B against whom they sought the entry of a default judgment. In response to this surprising development, we did three things: we deleted the Burnett action from the caption of the motion to dismiss in view of the fact that the Burnett plaintiffs had just applied for default; we proceeded (as we had always planned) to serve Sheikh Abdullah's motion to dismiss in Euro Brokers, NY Marine and WTCP; and we wrote a letter to the Orders & Judgment Clerk dated April 7, 2006 setting forth our position that Sheikh Abdullah was not a defendant in Burnett and asking that the plaintiffs' request for a Certificate of Default be summarily denied. That letter is attached as Exhibit 2 hereto.

9. It bears emphasis that both before and after we saw the Burnett plaintiffs' application for default, our firm belief was that Sheikh Abdullah was not a defendant in the Burnett action. In that regard, it was (and remains) my understanding, based on the Federal Rules and more than 20 years of practice, that one cannot be a defendant in an action in which the operative complaint does not, at least at some point, name that person or assert any claim or allegation against him.

10. Moreover, it was only *after* we saw the Burnett plaintiffs' application for default (in particular, upon receiving the plaintiffs' counsel's April 10, 2006 letter, which is attached as Exhibit 3 hereto) that we learned that the Burnett plaintiffs had filed in late December 2003 a "Notice of Addition of Parties…". (02-CV-1616, Docket #438.) Our client is not named in the title of the document or in the corresponding docket entry but rather only in an attachment to the notice. As discussed more fully in the accompanying Memorandum of Law, at pages 2-3 and 7-8, while Case Management Order ("CMO") #1 in the DC Burnett action allowed plaintiffs to file "Notices of Addition" of new defendants and CMO #2 in the MDL allowed plaintiffs to file "More Definite Statements" as to existing defendants, consistent with the understanding I have

just stated, these CMOs also provide that such plaintiffs would be required to list in docket entries any additional defendant upon the issuance of summons for that defendant and, moreover, to file by a date certain an Amended Complaint setting out in one pleading all the parties in the case and the allegations against them. (02-CV-1616, Docket #15; 03-MDL-1570, Docket #247, as amended by Docket #1073.)

11.  Very shortly after sending our April 7, 2006 letter to the Clerk of the Court, we learned that, prior to receiving the letter, and in advance of the Clerk having entered a Certificate of Default, the Court had entered default judgment against all of the defendants identified in Exhibit B to the Burnett plaintiffs' April 4, 2006 application.

12.  This led to a further exchange of letters and phone calls between the parties' counsel setting forth our respective positions as to whether the Burnett plaintiffs had effectively and properly added Sheikh Abdullah as a defendant, whether the plaintiffs would agree voluntarily to request that the Court vacate the default judgment as to Sheikh Abdullah, and whether the default judgment should be summarily vacated by the Court without the need for a formal motion. That correspondence is set out in Exhibits 3 - 6 to this Affidavit.

13.  On May 22, 2006, the Court issued a "Memo-Endorsed" Order directing Sheikh Abdullah to file a formal motion setting forth the grounds in support of vacatur of the default judgment entered against him. (Exhibit 7, attached hereto.) This motion to vacate is submitted pursuant to that direction.

14.  One last point deserves mention. No conceivable prejudice to plaintiffs will result if this particular default is vacated. Sheikh Abdullah has motions to dismiss in three companion cases, including two handled by the same counsel that represents the Burnett plaintiffs, that remain to be fully briefed and decided. Upon vacatur of this default, and should the Court determine that Sheikh Abdullah was properly added as a defendant in Burnett, he will promptly

file a motion to dismiss and we will agree with plaintiffs' counsel to coordinate the briefing and argument of the four motions. Neither discovery nor the ultimate resolution of this enormous action will be delayed at all.

15. For the reasons stated above and in the accompanying memorandum of law, I respectfully request that Sheikh Abdullah's motion to vacate be granted.

_____
David E. Nachman

Sworn to before me this
2nd day of June, 2006

_____
Notary Public

BECKY HERNANDEZ
Notary Public, State Of New York
No. 01HE6014791
Qualified In Bronx County
Commission Expires October 19, 20 06

6