# Exhibit 5



**Robert T. Haefele**
Licensed in NJ & PA
DIRECT DIAL 843.216.9184
DIRECT FAX 843.216.9450
RHaefele@motleyrice.com

April 19, 2006

<u>VIA FEDERAL EXPRESS</u>
Clerk of the Court
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007-1312

Re: <u>In re Terrorist Attacks on September 11, 2001, MDL No. 1570 (RCC)</u>
This Document relates to: *Burnett et al. v. Al Baraka Inv. & Dev., et al,* Case No. 03-CV-9849

Dear Clerk of the Court:

On behalf of the plaintiffs in the above-referenced matter, we write in opposition to the April 11, 2006 letter of David E. Nachman, Esq., counsel for defendant Abdullah Bin Khalid Al-Thani. As we indicated in our April 10, 2006 correspondence, defendant Al-Thani was added to the complaint on December 30, 2003 and served pursuant to an order permitting service via publication. Contrary to defense counsel's assertions, plaintiffs have abided by the court's prescriptions – from both Judge Robertson and Judge Casey -- and on April 7, 2006, Judge Casey properly entered an order granting plaintiffs default judgment against, inter alia, defendant Al-Thani.

Although plaintiffs are more than willing to resolve issues amicably without involving the Court unnecessarily, where a genuine dispute exists, as here – if defendant believes he can satisfy Rule 60(b) – plaintiffs respectfully submit that defendant must file a proper motion so that the issue may be fully developed for the court's consideration. First defendant ignored his opportunity to contest service by filing a motion under Rule 12(b)(6), now he seeks to ignore Rule 60(b) so that he can sidestep the standards and burdens imposed by the rule. Plaintiffs submit that defendant may not ignore the Federal Rules of Civil Procedure, the local rules, Case Management Orders, and the court's rules of practice; if he wants to vacate the default judgment, he may not have it done pursuant to a letter, but must file a proper motion and meet the standards and burdens imposed under Rule 60(b). Fed. R. Civ. P. 55(c); <u>Gray v. John Jovino Co., Inc.</u>, 84 F.R.D. 46, 47 (D.Tenn. 1979).

Merely by way of a brief introduction to this defendant, plaintiffs note that, according to the 9/11 Commission Report and former U.S. government officials, defendant Al-Thani, provided safe harbor and assistance to Al Qaeda leaders during the 1990s, including the suspected mastermind of the September 11 hijacking plot, Khalid Shaikh Mohammed. Former U.S. officials and leaked U.S. government reports state that Osama Bin Laden also visited Doha twice during the mid-1990s as a guest of defendant Al-Thani, and during a January 1996 visit to Doha, Bin Laden reportedly "discussed the successful movement of explosives into Saudi Arabia, and operations targeted against U.S. and U.K. interests in Dammam, Dharan, and Khobar, using clandestine al Qaeda cells in Saudi Arabia." According too their accounts, defendant Al-Thani welcomed dozens of so-called "Afghan Arab" veterans of the anti-Soviet conflict in Afghanistan to Qatar in

| www.motleyrice.com | MT. PLEASANT | BARNWELL | PROVIDENCE | HARTFORD | ATLANTA |
|---|---|---|---|---|---|
| Motley Rice LLC Attorneys at Law | 28 BRIDGESIDE BLVD. P.O. BOX 1792 MT. PLEASANT, SC 29465 843-216-9000 843-216-9450 FAX | 1750 JACKSON ST. P.O. BOX 365 BARNWELL, SC 29812 803-224-8800 803-259-7048 FAX | 321 SOUTH MAIN ST. P.O. BOX 6067 PROVIDENCE, RI 02940 401-457-7700 401-457-7708 FAX | ONE CORPORATE CENTER 20 CHURCH ST., 17TH FLOOR HARTFORD, CT 06103 860-882-1681 860-882-1682 FAX | 600 WEST PEACHTREE ST. SUITE 800 ATLANTA, GEORGIA 30308 404-201-6900 404-201-6959 FAX |

the early 1990s and operated a farm where some of those individuals lived and worked over a period of several years. *See, e.g.*, 9/11 Commission Report, at 73,147-148, 488-489 and Memorandum from Department of Defense to Senate Select Committee on Intelligence, partially reprinted in Steven F. Hayes, "Case Closed," *Weekly Standard*, Nov. 24, 2003.

In summary, if defendant were to file a proper application pursuant to Rule 60, plaintiffs will demonstrate that defendant Al-Thani was properly added to the case on December 30, 2003, served as prescribed by the court, never filed an Answer or any other responsive pleading to the Complaint, and despite being aware of the complaint filed against him, defendant Al-Thani never communicated with plaintiffs counsel in any manner until after the default was filed. Accordingly, plaintiffs' counsel asserts that – even if the Court were to entertain a proper motion to vacate the court's default judgment – the conduct involved here did not involve the type of excusable neglect that would warrant an order pursuant to Rule 60(b) vacating default.

Respectfully submitted,

ROBERT T. HAEFELE

cc:   Hon. Richard C. Casey, U.S.D.J. (Via Facsimile)
      David E. Nachman, Esq. (Via Facsimile)



# FAX



**MotleyRice**
Motley Rice LLC – Attorneys at Law

28 BRIDGESIDE BOULEVARD
MOUNT PLEASANT, SC 29464
TEL: 843-216-9524
FAX: 843-216-9450

| | |
|---|---|
| Date: | Thursday, April 20, 2006 |
| To: | DLA Piper Rudnick Gray Cary<br>**ATTN: David E. Nachman, Esq.** |
| Fax: | (212) 884-8574 |
| Re: | Burnett et al v. Al Baraka Inv. & Dev., et al |
| Sender: | Marvetta Scott on behalf of Robert T. Haefele |
| Client No.: | N/A |

The original will not be mailed to you.

You should receive 3 pages, including this cover sheet.
If you do not receive all the pages, please call 843-216-9524.

**CONFIDENTIALITY NOTE:** This facsimile transmission contains legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, disclosure, distribution or copying of this transmission is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service.