# Exhibit 7



ECF

DLA PIPER RUDNICK GRAY CARY

DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
T 212.835.6000
F 212.884.8574
W www.dlapiper.com

DAVID E. NACHMAN
david.nachman@dlapiper.com
T 212.835.6074  F 212.884.8574

May 5, 2006

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-23-06

**BY HAND DELIVERY**

Clerk of the Court
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Burnett, et al. v. Al Baraka Inv. & Dev., et al.; Case No. 03-CV-9849

Dear Clerk of the Court:

On behalf of Sheikh Abdullah Bin Khalid Al-Thani ("Sheikh Abdullah"), I write in response to plaintiffs' counsel's April 19, 2006 letter. We regret having to burden the Court further with this matter, but Mr. Haefele's last letter is too extreme and flawed to go unanswered. We will be brief.

First, counsel's argument that instead of writing to the Court about the improper default, Sheikh Abdullah should have moved formally under Rule 12(b)(6) to challenge service and, failing that, under Rule 60(b) to vacate the default judgment, is disingenuous. Sheikh Abdullah does not require instruction on how to move to dismiss and to challenge plaintiffs' defective service; in fact, he has done just that in the three companion actions in which he was duly named as a party (Euro Brokers, New York Marine and World Trade Center). Here, however, plaintiffs did not comply with the Court's orders for adding parties, and did not give Sheikh Abdullah fair notice he was even a defendant in this action -- an issue that Mr. Haefele glosses over entirely. With respect to a formal 60(b) motion, we wrote to the Court immediately upon notice that the Burnett plaintiffs had requested a certificate of default from the Clerk of Court, and, once advised that the default order already had been signed, we were invited by Chambers to write in the event plaintiffs would not voluntarily withdraw the default as against our client. While we can easily satisfy the requirements of a formal 60(b) motion, our position remains that, as someone not even properly added as a party, Sheikh Abdullah should not be put to the burden of filing one.

Second, for no apparent reason other than to prejudice the Court's consideration of the issue presented, counsel offers what he describes as "a brief introduction" to our client. The


**DLA PIPER RUDNICK GRAY CARY**

Clerk of the Court
United States District Court
Southern District of New York
May 5, 2006
Page 2

purported introduction not only badly distorts the sources cited, but it goes well beyond the allegations in plaintiffs' pleadings. In fact, Sheikh Abdullah is the respected Minister of the Interior of Qatar, a staunch American ally in the war against terrorism, and the allegations against him (with or without the newly-added literary references) do not remotely make out a cognizable claim. This too is demonstrated in Sheikh Abdullah's motion to dismiss in the companion cases -- but it is this opportunity to defend himself that plaintiffs' counsel wants to deny the Minister in this case.

Respectfully yours,

David E. Nachman

cc (via facsimile):
    The Honorable Richard C. Casey
    Robert T. Haefele, Esq.

*[handwritten note:] Sheikh Abdullah should make a motion to vacate the judgment entered against him.*

*[signed] Richard Casey*

*5/22/06*