IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                    )
*In Re* Terrorist Attacks on September 11, 2001    )    03 MDL No. 1570 (RCC)
                                                    )    ECF Case
_____)

This document relates to:
   BURNETT, *et al.* v. AL BARAKA INV. AND DEV. CORP., *et al.*, Case No. 03-CV-9849.

### MEMORANDUM OF LAW IN SUPPORT OF ABDULLAH BIN KHALID AL-THANI'S MOTION TO VACATE DEFAULT JUDGMENT

**DLA PIPER RUDNICK GRAY CARY US LLP**

David E. Nachman (DN-6684)
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: (212) 835-6000

Sheldon Krantz *(Admitted Pro Hac Vice)*
Rachel Tausend *(Admitted Pro Hac Vice)*
1200 Nineteenth Street, NW
Washington, DC 20036
Telephone: (202) 861-3900

Attorneys for Defendant
Abdullah Bin Khalid Al-Thani

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...............................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................................1

III. ARGUMENT.......................................................................................................................6

    A.    Legal Standard ........................................................................................................6

    B.    The Default Judgment Should Be Vacated Because The Plaintiffs Never Properly And Effectively Added Sheikh Abdullah As A Defendant. ......................7

    C.    Even If The Court Finds That Sheikh Abdullah Was Properly Named As A Defendant, He Has Not Acted With Willful Disregard So As To Warrant Default Judgment. ...............................................................................................................9

    D.    The Motion To Dismiss Sheikh Abdullah Has Filed In Related Actions Demonstrates That He Has Meritorious Defenses.................................................10

    E.    The Plaintiffs Will Suffer No Prejudice If The Default Judgment Against Sheikh Abdullah Is Vacated..................................................................................11

IV. CONCLUSION .................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,
  92 F.3d 57 (2d Cir. 1996) .................................................................................... 6, 7, 9, 10

Davis v. Musler,
  713 F.2d 907 (2d Cir. 1983) .................................................................................... 1, 11

Enron Oil Corp. v. Diakuhara,
  10 F.3 90 (2d Cir. 1993) .................................................................................................. 7

L.A. Gear v. Kobacker Co., Inc.,
  No. 93 Civ. 8651 (RWS), 1994 WL 455573 (S.D.N.Y. Aug. 23, 1994) ....................... 1, 9

New York v. Green,
  420 F.3d 99 (2d Cir. 2005) ...................................................................................... 6, 7, 9

SEC v. McNulty,
  137 F.3d 732 (2d Cir. 1998), cert. denied sub nom. Shanklin v. SEC, 525 U.S.
  931 (1998) ...................................................................................................................... 9

State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada,
  374 F.3d 158 (2d Cir 2004) ............................................................................... 7, 10, 11


**Statutes and Rules**

Federal Rule of Civil Procedure 10(a) ............................................................................... 10

Federal Rule of Civil Procedure 55(c) ................................................................................. 6

Federal Rule of Civil Procedure 60(b) ................................................................................. 6


**Other Authorities**

10 C. Wright, et al., Fed. Practice & Procedure: Civil § 2699 (1983) .............................. 11

I.  **INTRODUCTION**

Sheikh Abdullah Bin Khalid Al-Thani ("Sheikh Abdullah"), the Interior Minister and a member of the ruling family of the sovereign state of Qatar, moves pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) to vacate the default judgment entered against him in the Burnett action on two grounds. First, the Burnett plaintiffs failed to effectively add Sheikh Abdullah as a defendant in accordance with the case management orders ("CMOs") of both this Court and the U.S. District Court of the District of Columbia. Second, even if the Court concludes that the plaintiffs did comply with the relevant CMOs, default judgment is "a weapon of last, rather than first, resort," and it would be fundamentally inappropriate to impose this "extreme sanction" against Sheikh Abdullah. L.A. Gear v. Kobacker Co., Inc., No. 93 Civ. 8651 (RWS), 1994 WL 455573, *3 (S.D.N.Y. Aug. 23, 1994) (quoting Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)). He did not in any sense willfully disregard this action, he has meritorious defenses (including sovereign immunity) that deserve to be heard – and, indeed, have already been set forth in a motion to dismiss three related actions[1] – and the plaintiffs will suffer no prejudice from opening the default.

II.  **FACTUAL AND PROCEDURAL BACKGROUND**

This multi-district litigation commenced in 2002 with the filing of multiple individual actions in various jurisdictions. Those cases included Burnett, et al. v. Al Baraka Investment & Development Corp., et al., Case #02-CV-1616, in the United States District Court for the District of Columbia ("DC Burnett"), which was subsequently transferred to the United States District

---

[1] These actions are: Euro Brokers, Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al., Case No. 04-CV-7279 ("Euro Brokers"); New York Marine and Gen. Ins. Co. v. Al Qaida, et al., Case No. 04-CV-6105 ("NY Marine"); and World Trade Ctr. Props., LLC, et al. v. Inv. & Dev. Corp., et al., Case No. 04-CV-7280 ("WTCP"). (03-MDL-1570, Docket #s 1758-760.) For purposes of this motion, the memorandum of law Sheikh Abdullah filed in support of his motion to dismiss those actions will be referred to as Sheikh Abdullah's Motion to Dismiss. (Id.)

Court for the Southern District of New York as Case #03-CV-9849 ("SDNY Burnett") and consolidated with the multi-district litigation, Case #03-MDL-1570 (the "MDL"). (02-CV-1616, Jan. 2, 2004 entry; 03-CV-9849, Docket #1; 03-MDL-1570, Docket #1.)

On November 22, 2002, the Burnett plaintiffs filed a Third Amended Complaint in the DC action. (02-CV-1616, Docket #29.) Sheikh Abdullah was not named as a defendant in the caption of that pleading, and nowhere does that pleading refer to him by name. On December 30, 2003, the Burnett plaintiffs filed in DC a document entitled Notice by All Plaintiffs of December 30, 2003 Addition of Parties Pursuant to Case Management Order No. 1 and Federal Rule of Civil Procedure 15(d) ("Notice of Addition"). (02-CV-1616, Docket #438.) The names of the added parties were not included in the title of the document, the docket entry, or the body of the document. Rather, the names of the two additional defendants, one of whom was "Abdulla bin Khalid al Thani," could be found only in an Attachment A to the notice.

CMO #1 in the DC Burnett action permitted the plaintiffs to add or remove parties by listing their names and filing the lists as supplemental pleadings without changing the caption in the Court's docket or listing the names of added or withdrawn parties in docket entries, "except that each additional defendant will be listed upon the issuance of summons for that defendant." (02-CV-1616, Docket #15 at ¶¶3-4) (emphasis in original).) Between December 2004 and January 2005, the Burnett and other plaintiffs published legal notices of the multi-district litigation that purported to summon the hundreds of listed defendants, including Sheikh Abdullah, to the United States District Court for the Southern District of New York. (See Apr. 4, 2006 Burnett 03-CV-9849 Application for Default Judgment, Ex. D.)[2]

---

[2] The plaintiffs have asserted that these notices were published pursuant to the Court's September 16, 2004 order, which permitted service by publication on "defendants specified on Attachment A for whom an address or location to serve the Summons and Complaint is unknown and cannot be

*(footnote continued to next page)*

2

CMO #2 in the MDL permitted plaintiffs to file more definite statements against existing defendants and stated that such statements would be treated and accepted as pleadings and deemed amendments to previously-filed complaints until September 30, 2005, at which time all plaintiffs were required to "file an amended complaint that includes all amendments made prior to that date." (03-MDL-1570, Docket #247 at ¶13, as amended by Docket #1073.)

On September 27, 2005, the Burnett, Euro Brokers and WTCP plaintiffs filed Plaintiffs' More Definite Statement as to Defendant Abdulla Bin Khalid Al Thani ("September 27, 2005 More Definite Statement"). (03-MDL-1570, Docket #1275.) On September 30, 2005, the Burnett plaintiffs filed a Notice of Consolidation of Pleadings that listed the titles of 50 pleadings previously filed in the DC Burnett or SDNY Burnett actions that they deemed "consolidated pursuant to Case Management Order No. 2" ("Notice of Consolidation"). While the Euro Brokers and WTCP plaintiffs, represented by the same counsel as the Burnett plaintiffs, similarly and also improperly, filed notices of consolidation of pleadings rather than amended complaints,[3] there were two significant differences. First, the Euro Brokers and WTCP complaints named Sheikh Abdullah in their captions. Second, the notices of consolidation filed in those cases listed only more definite statements and RICO statements that included the names of the relevant

---

*(footnote continued from previous page)*
    ascertained through reasonable means" or for whom service "was attempted and rejected or otherwise not responded to at an address that was discovered." (See 03-CV-9849, Docket #136 & Apr. 4, 2006 Burnett 03-CV-9849 Application for Default Judgment, Affidavit for Entry of Default and Judgment by Default.) The plaintiffs have not alleged that they have attempted service upon Sheikh Abdullah by any means other than publication. As explained in detail in Sheikh Abdullah's Motion to Dismiss, it is unclear how the plaintiffs could claim that an address or location to serve the Summons and Complaint upon the Qatari Minister of the Interior was unknown and could not be reasonably ascertained. (See Nachman Aff., ¶5 & Ex. 1, at 19-21.)

[3] As explained in Sheikh Abdullah's Motion to Dismiss, as a result of the Euro Brokers and WTCP plaintiffs' failure to comply with the CMOs and file on September 30, 2005 amended complaints that included all prior amendments, the allegations in the September 27, 2005 More Definite Statement should be disregarded. (See Nachman Aff., Ex. 1, at 6-7.)

3

defendants in their titles. In contrast, the Burnett Notice of Consolidation listed multiple notices of addition or removal of parties with no indication of the identity of the affected party.

In October 2005, DLA Piper Rudnick Gray Cary US LLP ("DLA Piper") was retained to represent Sheikh Abdullah in the MDL. (June 2, 2006 Affidavit of David E. Nachman ("Nachman Aff.") at ¶2.) Once retained, DLA Piper ascertained that there were 19 actions comprising the MDL, hundreds of defendants, several thousand docket entries, and thousands of pages of pleadings and other documents. (Id.) In reviewing the complaints in the 19 actions, it was determined that Sheikh Abdullah's name appeared in the caption of only the Euro Brokers, NY Marine and WTCP complaints. (Id. at ¶3.) Necessary steps were then taken to prepare a motion to dismiss in those three cases. (Id. at ¶4.)[4] Because of the inherent difficulties in representing a non-English speaking Minister of a foreign country, the challenges associated with catching up on massive, complex litigation that had generated thousands of pleadings and documents and had been ongoing since 2002, and the multitude of legal issues relating to the motion to dismiss, the motion was not ready filing until early April 2006. (Id.) The motion, however, had been prepared and was ready to be filed electronically subject to client final approval by the time that Sheikh Abdullah's counsel learned that on April 4, 2006, the Burnett plaintiffs had written to the Orders & Judgment Clerk to request entry of default for certain defendants that it claimed were served by publication but had failed to respond to the complaint. (Id. at ¶4.)

---

[4] Sheikh Abdullah's counsel did not believe it should be necessary to move to dismiss the Burnett action because Sheikh Abdullah's name did not appear in the caption or anywhere else in the operative Burnett complaint and the plaintiffs therefore had not effectively named him as a defendant. (Nachman Aff. at ¶4.) However, because the Burnett plaintiffs, who are represented by the same counsel as the Euro Brokers and WTCP plaintiffs, appeared to have joined in the September 27, 2005 More Definite Statement filed in those actions and because Sheikh Abdullah's defenses are the same in each of the three actions, in an excess of caution, his counsel planned to file the motion in Burnett as well and to note in a footnote that to the extent the Burnett plaintiffs purported to have asserted claims against Sheikh Abdullah, Sheikh Abdullah moved to dismiss those claims, too. (Id.)

4

Sheikh Abdullah's counsel responded immediately, writing to the Orders & Judgment Clerk on April 7, 2006 to oppose the Burnett plaintiffs' request. (Nachman Aff. at ¶6 and Ex. 2.) Sheikh Abdullah simultaneously filed a motion to dismiss the claims against him in the Euro Brokers, NY Marine and WTCP actions. (03-MDL-1570, Docket #s 1758-760.)[5] Also on April 7, 2006, prior to receipt of Sheikh Abdullah's letter, the Court entered default judgment against all of the defendants identified in the Burnett plaintiffs' April 4, 2006 application. (03-MDL-1570, Docket #1756.)

On April 11, 2006, Sheikh Abdullah's counsel learned, through an April 10, 2006 letter from the Burnett plaintiffs' counsel to the Clerk of the Court, when and how the Burnett plaintiffs claimed to have added Sheikh Abdullah as a defendant to the action. (Nachman Aff., Ex. 3.) Sheikh Abdullah's counsel again immediately responded, setting forth in an April 11, 2006 letter to the Clerk of the Court why the Burnett plaintiffs' method of adding Sheikh Abdullah as a defendant was improper and ineffective. (Nachman Aff., Ex. 4.) On April 11, 2006, Sheikh Abdullah's counsel spoke with the Burnett plaintiffs' counsel, who stated that they would not voluntarily vacate the default entered against Sheikh Abdullah notwithstanding Sheikh Abdullah's counsel's good faith arguments regarding the CMOs and his appearance and pending motion to dismiss in three other actions in the MDL. (Id.)

On April 13, 2006, the Burnett plaintiffs, without explanation, apparently filed in the SDNY Burnett action, but not in the MDL, the December 30, 2003 Notice of Addition, attaching as Exhibit 1, again without explanation, the September 27, 2005 More Definite Statement as to Sheikh Abdullah. (03-CIV-9849, Docket #458). This filing was not entered onto the docket and notice was not provided to the parties until May 23, 2006. (Id.)

---

[5] Sheikh Abdullah's Motion to Dismiss initially was filed electronically on April 7, 2006; due to technical issues, it was re-filed and entered onto the docket on April 11, 2006.

On May 5, 2006, at the Court's invitation, Sheikh Abdullah's counsel again wrote to the Clerk of the Court setting forth his position and responding to arguments raised by the Burnett plaintiffs' counsel. (Nachman Aff, Ex. 5 & 6.)

On May 22, 2006, this Court directed Sheikh Abdullah to make a formal motion to vacate the judgment entered against him. (03-MDL-1570, Docket #1812.)

On May 24, 2006, the Burnett plaintiffs apparently attempted to file in the MDL by paper, rather than through the electronic filing system, Plaintiff's More Definite Statement as to Defendant Abdulla Bin Khalid Al Thani. (03-MDL-1570, May 24, 2006 ECF Notice).[6]

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 55(c) permits a court to "set aside any default that has entered for good cause shown, and if a judgment has entered on the default, the court is authorized to set the judgment aside in accordance with the provisions of Rule 60(b)." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (citing Fed. R. Civ. P. 55(c)). A district court may vacate a default judgment pursuant to Rule 60(b) for any of a number of reasons, including: (1) mistake, inadvertence, surprise, or excusable neglect; or (6) "any other reason justifying relief from the operation of the judgment." Id. (citing Fed. R. Civ. P. 60(b)).

A district court's decision whether to grant a motion to vacate a default judgment is guided by three principal factors: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether, and to what extent, the non-defaulting party may be prejudiced if relief is granted. Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d

---

[6] As this document was not served upon defense counsel and is not available through the electronic filing system, Sheikh Abdullah's counsel cannot confirm whether this is the September 27, 2005 More Definite Statement previously filed in the SDNY Burnett action or whether the Burnett plaintiffs are seeking to file additional untimely allegations in violation of the operative CMOs.

Cir. 1996) (quotation and citation omitted). "Default judgments are generally disfavored and are reserved for rare occasions. As such, the criteria for vacating a default judgment pursuant to Rule 60, including the meritorious defense factor, should be construed generously." State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 168 (2d Cir 2004) (internal quotation and citation omitted); see also Am. Alliance, 92 F.3d at 58 ("We conclude that 'excusable neglect' is to be construed generously in the context of an attempt to vacate a default judgment"). "In ruling on a motion to vacate a default judgment, the Court must resolve all doubts in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." Green, 429 F.3d at 104 (citation omitted); see also Enron Oil Corp. v. Diakuhara, 10 F.3 90, 96 (2d Cir. 1993) ("because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. In other words, 'good cause' and the criteria of the Rule 60(b) set aside should be construed generously") (citations omitted).

**B.     The Default Judgment Should Be Vacated Because The Plaintiffs Never Properly And Effectively Added Sheikh Abdullah As A Defendant.**

As set forth in Sheikh Abdullah's April 11 and May 5, 2006 letters (see Nachman Aff., Ex. 4 and 6) and here, Sheikh Abdullah is not named as a defendant in the Burnett Third Amended Complaint filed on November 22, 2002 and the plaintiffs failed to abide by two CMOs governing the addition of defendants thereafter. As a result of these failures, the plaintiffs did not effectively name Sheikh Abdullah as a defendant, and Sheikh Abdullah's alleged non-responsiveness to the Burnett plaintiffs' claims can be satisfactorily explained, as set forth in further detail below.

First, the plaintiffs failed to comply with paragraph 4 of CMO #1 in the DC Burnett action, which stated that the caption in the Court's docket would not be changed to reflect the

7

names of parties added by amendments to or supplementation of the pleadings and that the names of added parties would not be listed in docket entries, "<u>except that each additional defendant will be listed upon the issuance of summons for that defendant.</u>"  (02-CV-1616, Docket #15 at ¶¶3-4.) (emphasis added.)  Thus, when the plaintiffs purported to serve Sheikh Abdullah by publishing a legal notice summoning each of the listed defendants, including Sheikh Abdullah, to the Court, the plaintiffs should have listed him (and the other defendants) in the caption and/or in the docket entries.  They did not.

Second, the plaintiffs also failed to comply with the plain language of paragraph 13 of this Court's CMO #2, which required the plaintiffs, on September 30, 2005, to "file <u>an amended complaint</u> that includes all amendments made prior to that date."  (03- MDL-1570, Docket #247, as amended by 03-MDL-1570, Docket #1073) (emphasis added).)  The plaintiffs have admitted that "[t]he clear objective of including the ... deadline for filing amended complaints in CMO #2 was to ensure that <u>any and all additional allegations contained in MDSs or other filings ultimately would be incorporated into a single pleading</u> in each of the cases." (<u>See</u> Endorsed Letter from Sean P. Carter, July 27, 2005 (03-MDL-1570, Docket #1073) (emphasis added).)  By simply listing in the Notice of Consolidation the titles of dozens of pleadings, many of which did not even include the name(s) of the affected defendant(s) in the titles, the plaintiffs disregarded and defeated this "clear objective," as the allegations were not organized in a way that would assist the defendants in identifying, let alone understanding and responding to, the claims against them.

Because the Burnett plaintiffs, in disregard of two Court orders, failed to effectively add Sheikh Abdullah as a defendant, the default judgment entered against him in this action should be vacated and the case dismissed as against him.[7]

### C. Even If The Court Finds That Sheikh Abdullah Was Properly Named As A Defendant, He Has Not Acted With Willful Disregard So As To Warrant Default Judgment.

In the context of a default judgment, the Second Circuit has held that willfulness "requires something more than mere negligence, such as egregious or deliberate conduct." Green, 429 F.3d at 108-09 (quotation and citation omitted) (affirming default judgment where defendants offered no explanation for their counsel's failure to appear and no justification for their own failure to take action after receiving notice that the clerk had entered a default against them); see also SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998), cert. denied sub nom. Shanklin v. SEC, 525 U.S. 931 (1998) ("the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained"). While "[c]onduct resulting in a default will be considered willful when the defaulting party intended to ignore the action or the authority of the Court," this Court has held that "imprudent, inattentive, careless, or even negligent handling of a case, although not to be condoned, does not demonstrate willfulness." L.A. Gear, 1994 WL 455573 at *2 (citations omitted); see also Am. Alliance, 92 F.3d at 61 (reversing denial of motion to vacate default judgment where, inter alia, defendant's conduct, "though grossly negligent, .... was not willful, deliberate, or evidence of bad faith").

---

[7] As Sheikh Abdullah is a sovereign defendant and his address could be reasonably ascertained, the Burnett plaintiffs' attempt to serve him by publication was improper and inadequate and provides further grounds for vacatur and dismissal, as explained in detail in Sheikh Abdullah's Motion to Dismiss. (See Nachman Aff., Ex. 1, at 19-21.)

9

Even if the Court ultimately disagrees with Sheikh Abdullah's reading of the CMOs and the Federal Rules of Civil Procedure, which state in Rule 10(a) that the title of the action in the complaint shall include the names of all parties, as demonstrated by the facts set forth above, neither Sheikh Abdullah nor his counsel deliberately or egregiously disregarded the Burnett plaintiffs' pleadings, acted in bad faith, or intended to ignore the action or the authority of the Court. The reasons for what took place in Burnett are satisfactorily explained in paragraphs 4 through 10 in the accompanying Affidavit of David E. Nachman, and they cannot, by any reasonable definition, constitute "willful disregard."[8] On the contrary, Sheikh Abdullah has shown his respect for this Court's processes by coming into this foreign jurisdiction, with which he has no contacts, in actions in which has was never properly served, and submitting a carefully researched and reasoned motion to dismiss. This factor therefore weighs in favor of vacatur.

### D. The Motion To Dismiss Sheikh Abdullah Has Filed In Related Actions Demonstrates That He Has Meritorious Defenses.

This Court has a "strong preference for resolving disputes on the merits." Am. Alliance, 92 F.3d at 62 (citation omitted). Accordingly, "[i]n order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively." State Street Bank, 374 F.3d at 167 (quotation and citation omitted). Thus, "[w]hether a defense is meritorious is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial,

---

[8] It is worth noting that the volume of pleadings in the MDL and 19 related actions has created default-related issues for plaintiffs as well as defendants. For example, even *after* the exchange of correspondence about this matter (see Nachman Aff. Exs. 2 – 6), the Burnett plaintiffs' counsel sought entry of default and default judgment against Sheikh Abdullah in Euro Brokers and WTCP, incorrectly representing to the Court that Sheikh Abdullah had not responded to the complaints in those actions when in fact he had filed his motion to dismiss one month earlier. No defendants even learned of the Euro Brokers or WTCP default applications until after default judgment was entered on May 12, 2006 because the plaintiffs' counsel inexplicably filed the applications with the Court on May 3, 2006 without serving any of the defendants. When Sheikh Abdullah's April 7, 2006 motion to dismiss was brought to the attention of the Euro Brokers and WTCP plaintiffs' counsel, they agreed to request vacatur of the default judgments against him in those actions. (03-MDL-1570, Docket #1818.)

would constitute a complete defense. ... Judging the merit of a defense for the purposes of a motion to vacate a default judgment pursuant to a more rigorous standard would be inappropriate." Id. at 167-68 (quotation and citation omitted).

The only allegations the Burnett plaintiffs purport to have plead against Sheikh Abdullah are set forth in the September 27, 2005 More Definite Statement, which they filed jointly with the Euro Brokers and WTCP plaintiffs. Sheikh Abdullah's Motion to Dismiss demonstrates that he has complete, well-grounded and important defenses, including sovereign immunity, to each of the allegations and claims made against him in that document. Nonetheless, the Burnett plaintiffs are asking the Court to preclude Sheikh Abdullah from having those defenses heard in an action in which he still is not named as a defendant in the operative pleading. In sum, because Sheikh Abdullah has meritorious defenses, this factor, too, weighs in favor of vacating the default judgment entered against him.

### E.  The Plaintiffs Will Suffer No Prejudice If The Default Judgment Against Sheikh Abdullah Is Vacated.

The plaintiffs must show something more than mere delay to establish prejudice in connection with vacatur of a default judgment. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). For example, the plaintiffs must demonstrate that the alleged resulting delay will "'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Id. (quoting 10 C. Wright, et al., Fed. Practice & Procedure: Civil § 2699, at 536-37 (1983)).

Here, the Burnett plaintiffs cannot show such prejudice. Indeed, they cannot show any prejudice whatsoever given the procedural posture of the MDL. Sheikh Abdullah has served motions in three other, related cases that remain to be fully briefed and decided. He is prepared promptly to move to dismiss the Burnett action if the Court vacates the default judgment but permits the Burnett plaintiffs' claims against Sheikh Abdullah to proceed, notwithstanding the

11

plaintiffs' violation of the CMOs, and to coordinate the briefing and hearing of that motion with his already-served motion to dismiss the Euro Brokers, NY Marine and WTCP actions (Nachman Aff. at ¶14). Trial on the merits is, at a minimum, months away, and any delay from vacatur of the default judgment against Sheikh Abdullah will not result in the loss of evidence, impact discovery or provide greater opportunity for fraud and collusion. Accordingly, this factor, like the other two, weighs in favor of vacatur.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above and in the accompanying Affidavit, this Court should vacate the default judgment entered against Sheikh Abdullah in this action.

Respectfully submitted,

**DLA PIPER RUDNICK GRAY CARY US LLP**

_____
David E. Nachman (DN-6684)
1251 Avenue of the Americas
29th Floor
New York, NY  10020-1104
Telephone:  (212) 835-6000

Sheldon Krantz *(Admitted Pro Hac Vice)*
Rachel Tausend *(Admitted Pro Hac Vice)*
1200 Nineteenth Street, NW
Washington, DC  20036
Telephone: (202) 861-3900

Attorneys for Defendant
Abdullah Bin Khalid Al-Thani

June 2, 2006

12

## CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of June, 2006, I caused an electronic copy of the foregoing Notice of Motion, Affidavit of David E. Nachman and exhibits thereto, and accompanying Memorandum of Law in Support of Abdullah Bin Khalid Al-Thani's Motion to Vacate Default Judgment to be served by the Court's electronic filing system.

_____
David E. Nachman

13