**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

   *Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.*, Case No. 03-CV-9849 (RCC) (S.D.N.Y.)

# DEFENDANTS AL SHAMAL ISLAMIC BANK, TADAMON ISLAMIC BANK, AND SANABEL AL-KHEER'S REPLY IN SUPPORT OF MOTION TO VACATE JUDGMENT BY DEFAULT.

                         Martin F. McMahon, Esq.
                         MARTIN F. MCMAHON & ASSOCIATES
                         1150 Connecticut Avenue NW
                         Suite 900
                         Washington, DC 20036
                         Phone:        202-862-4343
                         Facsimile:   202-828-4130

                         *Attorney for Defendants Al Shamal Islamic Bank,*
                         *Tadamon Islamic Bank, and Sanabel Al Kheer, Inc.*

This Court should vacate the judgment by default entered on April 7, 2006 as it relates to Defendants because (1) the danger of prejudice to Plaintiffs is minuscule given the numerous cases and parties involved and (2) Defendants' failure to answer or respond to Plaintiffs' complaint was due to excusable neglect and a mistake for which Fed. R. Civ. P. 60 (b) (1) specifically provides for relief.

## I.     PLAINTIFFS FAIL TO PRESENT ANY EVIDENCE OF PREJUDICE.

In Plaintiffs' opposition, aside from the harsh allegations which will be addressed supra, Plaintiffs fail to submit that they will be prejudiced if this Court vacates the Judgment by default entered against the Defendants herein.  Defendants thus submit that Plaintiffs could not allege prejudice because they are not prejudiced.

The danger of prejudice to Plaintiffs is minuscule given the numerous cases and parties involved in this massive lawsuit.  Neither Plaintiffs' counsel nor their clients will be prejudiced in any manner should our clients be given the opportunity to address Plaintiffs' third amended complaint.  As the Court is undoubtedly aware, our firm has pending motions to dismiss with respect to most of our clients in other cases pending herein.  To address the *Burnett* allegations would not be burdensome for our firm given the similarity in their allegations.  Likewise is the case for Plaintiffs counsel, as they have filed numerous oppositions for motions to dismiss premised on the same concepts which would likely be presented again by the instant Defendants (i.e. failure to state a claim under Fed. R. Civ. P. 12 (b) (6) and lack of jurisdiction).

For reasons set forth in Plaintiffs' underlying motion as well as those noted above, the default judgment entered by this Court on April 7, 2006 should be vacated pursuant to Rule 60(b).

## II. DEFENDANTS FAILURE TO RESPOND TO PLAINTIFFS' COMPLAINT WAS NEITHER DELIBERATE NOR WILLFUL

Only in extreme cases will a district court deny Rule 60(b)(1) relief due to "culpable conduct." For example, in <u>African Methodist Episcopal Church, Inc. v. Ward</u>, the district court denied a Rule 60(b) motion because defendants "simply ignored complaint and summons and offered no reason for their failure to respond). 185 F.3d 1201, 1202-1203 (11th Cir. 1999). In <u>SEC v. McNilty</u>, this Circuit has held that "willful conduct" will occur when a defendant's counsel failed to file an answer despite receiving several letters from the Plaintiff warning that the failure to file an answer would result in a default. 137 F.3d 732, 738-740 (2d Cir. 1998), <u>cert. denied sub nom</u>; <u>Shanklin v. SEC</u>, 525 U.S. 931 (1998).

Plaintiffs' counsel alleges that defense counsel's "litigation strategy" is to only address complaints after defaults have been entered. Pls. Opp'n at 7. This allegation is sheer nonsense and serves as nothing more than presenting this Court with improper contentions that increase the cost of litigation and warrant sanctions under Fed. R. Civ. P. 11(b).

The claims against the first two defendants our firm represented in this case, Sheikh Saleh Kamel and Dallah Al Baraka, were vigorously pursued and all motions to dismiss were filed accordingly. In fact, this Court granted our motions to dismiss, thereby illustrating that our firm has *not* had a practice of waiting for default judgments to be entered. Notwithstanding this evidence, Plaintiffs' counsel seeks to increase the cost of litigation by opposing a "mistake" that warrants Rule 60 (b) relief.

Defendants' underlying motion sufficiently explains that Defendants' counsel did not ignore Plaintiffs' complaint; rather, any failure to respond was nothing more than inadvertence due to the highly complex nature of this multidistrict lawsuit, coupled with a major change in counsel within the firm as well as senior counsel being out of the Country at or near the time

3

noted in Plaintiffs' opposition and affidavit (i.e. September 30, 2005). <u>See</u> McMahon Affidavit, attached hereto as Ex. A,   As this Court will observe, "willfully" ignoring Plaintiffs' complaint was hardly the case herein and to reiterate, Defendants' failure to respond is a proper example of when Rule 60(b)(1) relief is warranted.

For any and all of the foregoing reasons it is clear that "culpable" conduct was not the reason for Defendants failure to respond to the Plaintiffs' complaint.  As such, relief provided by Rule 60(b)(1) can and should be afforded to the Defendants.

Respectfully Submitted,

_____/s/_____
Martin F. McMahon, Esq., #M.M.4389
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW, Suite 900
Washington, DC 20036
Phone:        202-862-4343
Facsimile:    202-828-4130

*Attorney for Defendants Al Shamal Islamic Bank, Tadamon Islamic Bank, and Sanabel Al Kheer, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Reply in support of Motion to Vacate Judgment by Default was served via electronic case filing on this 5th day of June, 2006, upon the following:

Robert T. Haefele, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792 (29465)
Mount Pleasant, SC 29464

_____/s/_____
Lisa D. Angelo, Esq.