UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

> *Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.*, Case No. 03-CV-9849 (RCC) (S.D.N.Y.)

Affidavit of Martin F. McMahon offered by defendants in the above-referenced *Burnett* action in support of the motion filed on behalf of Al Shamal Islamic Bank, Tadamon Islamic Bank, and Sanabel Al-Kheer, Inc., to vacate default judgments which have been entered against them.

**IN THE DISTRICT OF COLUMBIA**

1. I am an attorney admitted to practice in the above-captioned multidistrict legislation and am familiar with the facts and circumstances in this action.

2. I give this affidavit in further support of the motion our firm has filed on behalf of the entities Al Shamal Islamic Bank, Tadamon Islamic Bank and Sanabel Al-Kheer Inc., to vacate default judgments which have been entered against them.

3. As soon as I was informed that this Court entered default judgments against Shamal Islamic Bank, Tadamon Islamic Bank and Sanabel Al-Kheer Inc., I instructed one of my associates to contact Plaintiffs counsel to see whether a consent motion to vacate would be possible and whether Plaintiffs would further consent to stipulations for extensions of time so that my clients would be able to respond to their complaint.

4. Upon being rebuffed by Plaintiffs' counsel, our firm was forced to file the underlying motion to vacate, which Plaintiffs' counsel has now opposed.

5. In their opposition, Plaintiffs' counsel has claimed that it is our firm's "litigation strategy" to only address complaints after defaults have been entered. This allegation is sheer nonsense. For the first two defendants that we represented in this case, Sheikh Saleh Kamel and Dallah Al Baraka, we vigorously pursued our motions to dismiss and filed them accordingly. In fact, this Court granted those motions to dismiss, illustrating that our firm certainly has not had a practice of waiting for default judgments to be entered.

6. I never had any knowledge of Plaintiffs' application for default judgment, and had I had such knowledge, I would have immediately ordered one of our associates to contact Plaintiffs' counsel and secure a stipulation to file a motion to dismiss. This is what we have done in all of the instances where a law firm has notified us (typified by the O'Neill case) and stated that they understood our firm represents Defendant X and asked whether our firm sought to enter into a stipulation, et al. At all times, we have complied with such overtures and would have done the same in this instance, had we been asked.

7. With respect to entity Al Shamal Bank, I have no idea why the Burnett Plaintiffs were not included in the stipulation we had with five other Plaintiffs. As this Court knows, our firm recently filed our reply in support of Al Shamal's consolidated motion to dismiss in five other Plaintiffs' cases. Since the allegations are virtually identical, it certainly would have made common sense to address the identical allegation from the Burnett complaint in our consolidated motion to dismiss. Again, I have no idea why the Burnett Plaintiffs were not included.

8. With respect to attorney Scott Tarbutton's affidavit filed with Plaintiffs' opposition, Mr. Tarbutton references an initial contact from our office on September 30, 2005. The firm at that time was in a period of transition with respect to associates working on the 9/11 case. In fact, according to my U.S. passport, I was out of the country from October 1 through 9, 2005 and my newest associate Lisa Angelo, began to work for the firm on October 3, 2005. I can only attribute the conversation Mr. Tarbutton speaks of as occurring during a significant transition period within the firm and as I was preparing to leave the country and conduct due diligence for the purpose of this multi-district case.

9. We apologize to the Court for any unnecessary work that this motion and/or the entry of default judgments have caused it. In an effort to make sure that this will not occur again, please know that we have mailed all Plaintiffs' counsel and advised them of who we represent and our desire to enter into the necessary stipulations if our clients had not yet responded to any of their complaints. As the Court is no doubt aware, not all of the cases in this multi-district litigation are active. Thus, it has been very difficult to ascertain the status of some of the proceedings against the Defendants our firm represents.

10. Finally, it is obvious to everyone but Plaintiffs' counsel that their clients will not be prejudiced in any manner if and when our clients are given the opportunity to address their complaints. As the Court knows, our firm has pending motions to dismiss with respect to all of our clients in other cases pending herein. To now address the Burnett allegations would not be burdensome for our firm given the similarity in their allegations. Likewise should be the case for Plaintiffs counsel to file the appropriate legal opposition thereto as they have filed numerous oppositions for motions to dismiss premised on these same concepts such as failure to state a claim under Fed. R. Civ. P. 12b(6) and lack of jurisdiction over the Defendants.

_____        June 2, 2006
Martin F. McMahon, Esq.                               Dated

Subscribed and sworn to before me, this 2nd day of June, 2006.

_____
Pat Martin

NOTARY PUBLIC

My commission expires: March 31, 2006