# Exhibit B

# RAYNER M. HAMILTON

ATTORNEY AT LAW

OFFICE

WHITE & CASE LLP
1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
212-819-8822
FAX: 212-354-8113
rhamilton@whitecase.com

RESIDENCE

136 LOWER CROSS ROAD
GREENWICH, CONNECTICUT 06831
203-629-9552
FAX: 203-622-8148

152 SHEEPSHANK COURT, BOX 808
BOCA GRANDE, FLORIDA 33921
941-964-9320
FAX: 941-964-8197

April 17, 2006

**VIA FACSIMILE AND REGULAR MAIL**

Ronald L. Motley, Esq.
Robert T. Haefele, Esq.
Motley Rice LLC
P. O. Box 1792
Mount Pleasant, S.C. 29465

Re: In re Terrorist Attacks on September 11, 2001 (MDL 1570)(RCC)
    Burnett, et. al v. Al Baraka Investment & Development, et. al, 03-CV-9849

Gentleman:

The letter from Richard I. Cashon, Jr, Paralegal, on your firm's letterhead dated April 4, 2006, to the Clerk of Court in the Southern District of New York, with eight enclosures including Mr. Haefele's affidavit, has just been called to my attention. Exhibit B, Enclosure 4, the List of Defendants Served by Publication and Currently in Default, includes the name of my client, Ahmed Zaki Yamani. That is an error.

Attached please find a copy of my letter dated February 25, 2005, a little more than a year ago, to Liaison Counsel to Plaintiffs' Executive Committee in this consolidated litigation, appearing on behalf of Sheikh Yamani, and requesting that plaintiffs (i) dismiss Sheikh Yamani as a defendant in all of these cases, (ii) if not, serve a more definite statement pursuant to F.R.C.P. 12(e) and Case Management Order # 2 within 30 days, and (iii) file RICO statements, if any, as contemplated by paragraph 14 of Case Management Order #2 within the same 30 day period. I noted in that letter that Sheikh Yamani's time to answer, move or otherwise respond to the complaints in any and all actions purporting to name him as a defendant would run from service of the more definite statement requested.

No such more definite statement has ever been served, nor have plaintiffs' counsel otherwise responded to my letter. Accordingly, my client is most certainly not in default, and thus I demand that his name immediately be removed from your Exhibit B.

NEWYORK 4261703 (2K)

Mr. Robert Hunziker
August 16, 2004
Page 2

By copy of this letter addressed to members of Plaintiffs' General Committee and Executive Committees, I renew my request that Sheikh Yamani be dismissed by consent from all actions and complaints purporting to name him as a defendant. If that request is declined, then the more definite statement, RICO statement, and jurisdictional particulars previously requested are hereby demanded again. As previously emphasized, I do not believe that plaintiffs can establish personal jurisdiction over Sheikh Yamani in New York or elsewhere in the United States, nor can plaintiffs plead, let alone prove, a viable cause of action against him.

I do not think that Judge Casey is interested in addressing unnecessary motions, nor should plaintiffs be interested in requiring same. It seems clear to me that Judge Casey's previous decisions mandate dismissal of my client. Thus, I request that this be done at once. Please respond to this letter before April 30, both to my office in New York and to my residence in Florida.

Very truly yours,

Rayner M. Hamilton

Cc: Sean P. Carter, Esq.
    Cozen O'Connor

    Andrea Bierstein, Esq.
    Hanley Conroy Bierstein & Sheridan

    James P. Kreindler, Esq.
    Kreindler & Kreindler LLP

    Defendants' Executive Committee
        Michael K. Kellogg, Esq.
        Christopher Curran, Esq.

NEWYORK 4261703 (2K)

# RAYNER M. HAMILTON

### ATTORNEY AT LAW

| OFFICE | | RESIDENCE |
|---|---|---|
| WHITE & CASE LLP<br>1155 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK 10036<br>212-819-8822<br>FAX: 212-354-8113<br>rhamilton@whitecase.com | | 136 LOWER CROSS ROAD<br>GREENWICH, CONNECTICUT 06831<br>203-829-9552<br>FAX: 203-622-8148<br><br>152 SHEEPSHANK COURT, BOX 808<br>BOCA GRANDE, FLORIDA 33921<br>941-964-9320<br>FAX: 941-964-8197 |

February 25, 2005

Paul J. Hanly, Jr., Esq.
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, N.Y. 10017

Justin T. Green, Esq.
Kreindler & Kreindler LLP
100 Park Avenue
New York, N.Y. 10017

J. Scott Tarbutton, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Re:   In re Terrorist Attacks on September 11, 2001

Gentleman:

    I am the attorney for Ahmed Zaki Yamani. This letter is being written to you in your capacity as Liaison Counsel to the Plaintiffs' Executive Committees in the above-mentioned litigation.

    Sheikh Yamani is a citizen of the Kingdom of Saudi Arabia, and resides outside the United States. On January 10, 2005, the Legal Notice published that day in the International Herald Tribune was brought to his attention. As you know, that Legal Notice purports to list him as a defendant in this litigation. Sheikh Yamani has not been served personally with process in this litigation or served in any manner other than by publication as just stated. Sheikh Yamani will challenge the validity of such service by publication.

    I have read the decision of Judge Casey dated January 18, 2005. Based upon the principles set out and applied to the moving defendants therein, I do not believe that plaintiffs can establish personal jurisdiction over Sheikh Yamani in New York or elsewhere in the United States. Plaintiffs also have not and cannot plead a viable cause of action against him. Sheikh Yamani has had no involvement with, nor has he made any contributions, charitable or otherwise, to any of the Muslim organizations and/or charities alleged to have been engaged in,

Page 2

or supporting, terrorist activities. For decades he has criticized, publicly and privately, the ideology of the Islamic fundamentalists, and has sought to counter the image of Islam portrayed by them. Accordingly, I request that plaintiffs immediately dismiss Sheikh Yamani as a defendant in all cases.

If plaintiffs are not prepared to dismiss Sheikh Yamani at this time, please consider this letter to be a request "by motion or otherwise" pursuant to Paragraph 12 of Case Management Order #2 for a more definite statement pursuant to F.R.C.P. 12(e), to be served within 30 days as provided in Case Management Order #2, in that no allegations have been asserted as to Sheikh Yamani. Please also particularize the alleged basis for personal jurisdiction of the United States District Court over Sheikh Yamani. Further, if any plaintiff intends to assert RICO claims against Sheikh Yamani, such plaintiffs are requested to file RICO statements as contemplated by paragraph 14 of Case Management Order #2 within the same 30 day period.

Please be advised that pursuant to Paragraph 12 of Case Management Order #2, it is my understanding that the time of Sheikh Yamani to answer, move, or otherwise respond to the complaints in any and all of the actions purporting to name him as a defendant shall run from service of the more definite statement just requested. Please advise if this is disputed in any respect.

A response to the above at your earliest convenience is requested, and in any event within 30 days of this letter.

Very truly yours,

Rayner M. Hamilton

RMH: ad