UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 *This document relates to:* *Federal Insurance Co. v. al Qaida*, 03-cv-6978 (RCC) | 03 MDL 1570 (RCC) ECF Case |

# **DEFENDANT DALLAH AVCO TRANS-ARABIA CO., LTD'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS.**

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:         202-862-4343
Facsimile:    202-828-4130

*Attorney for Defendant Dallah Avco*

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant Dallah Avco Trans-Arabia Co., Ltd. (hereinafter "Dallah Avco"), by and through its undersigned attorney, hereby replies to the Plaintiffs Federal Insurance, Co. (hereinafter "Plaintiffs") opposition and specifically to sub-parts D and E titled, " 'Causation Been Sufficiently Pled' " and " 'Conclusory' Allegations Are Perfectly Proper' ".

Notwithstanding the liberal requirements of Rule 8(a) which Plaintiffs have largely relied upon in their opposition, Plaintiffs fail to explain how the facts they allege, including those presented in their RICO statement, sufficiently plead a causal connection or "direct relation between the injury asserted and the injurious conduct alleged." Anza v. Ideal Steel Supply Corp., 547 U.S. ___ (2006); 126 S. Ct. 1991 (2006) (quoting Holmes v. Securities Investor Protection Corporation, 503 U.S. 258, 268 (1992)). Because Plaintiffs fail to allege facts relating to proximate causation – an element which must be "noticed" at the pleading stage – dismissal of Dallah Avco pursuant to Rule 12(b)(6) is proper. Moreover, as evidenced by the affidavit submitted with its underlying motion, Dallah Avco has never conducted business of any sort in the United States, and contrary to Plaintiffs misinterpretation of said motion, Dallah Avco has never availed itself of the jurisdiction of the United States.

In sum, Dallah Avco must be dismissed from Plaintiffs complaint for want of personal jurisdiction or Plaintiffs inability to state a claim.

## I. PLAINTIFFS' COMPLAINT AND RICO STATEMENT FAIL TO ALLEGE A DIRECT RELATIONSHIP BETWEEN THEIR INJURIES AND THE ALLEGED CONDUCT OF DALLAH AVCO.

Dallah Avco does not submit that Plaintiffs failed to plead their allegations with "special particularity." Pls.' Opp'n at 10. Rather, Dallah Avco contends that Plaintiffs' allegations are conclusory and insufficient to state a claim because Plaintiffs fail to allege plausible facts

1

presenting a direct link between Plaintiffs' injuries and the alleged conduct of Dallah Avco.[1] A recent Supreme Court opinion, which reversed the Second Circuit's rationale that attenuated allegations of proximate causation are sufficient to state a claim (Anza, 126 S.Ct. 1991 (2006); Ideal Steel Supply Corp. v. Anza, 373 F.3d 251, 263 (2d Cir. 2004)), supports Dallah Avco's position that Plaintiffs' allegations are too tenuous and implausible to show any basis for asserting causation and thus fail to allege a claim under Rule 12(b)(6).

Although Plaintiffs counter that "[m]any well-pleaded complaints are conclusory" and that "the[ir] pleadings are sufficient" to establish causation, (Pls' Am. Compl. at 12-14) an application of the Anza proximate causation analysis (discussed infra) to Plaintiffs' allegations in both their complaint and RICO statement will prove otherwise.

In Anza, the Supreme Court held that the central question a district court must ask in evaluating the sufficiency of proximate causation in relation to a civil RICO suit, is "whether the alleged violation led directly to the plaintiff's injuries." 126 S.Ct. at __.[2] The Anza ruling is germane to the instant case as it echoes Dallah Avco's contentions, as well as those of numerous defendants in this multi-district litigation, to the extent that when analyzing a Rule 12(b)(6) motion, Plaintiffs must allege facts showing a direct relation in order to establish proximate cause, and unless this requirement is satisfied, the 12(b)(6) motion must be granted.[3]

---

[1] This Court has held "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." *Terrorist Attacks I*, 349 F. Supp. 2d at 833 (*quoting De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).

[2] The Court further stated that the notion of explaining away the lack of a direct relation to Plaintiffs' injuries as Defendant's "indirect route to accomplish their goal" does not accord with the Holmes proximate cause test which Anza expounds upon. Anza, 126 S.Ct at __.

[3] In citing Holmes v. Securities Investor Protection Corporation, 503 U.S. 258 (1992), Anza holds that proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged." 126 S.Ct. at . When applying this requirement, Anza reasoned that even though the Holmes and Anza plaintiffs alleged entirely distinct RICO violations against

2

In their opposition, Plaintiffs urge this Court not to grant Dallah Avco's motion because any information missing in their Complaints' allegations is "the sort of information that is appropriately the subject of discovery." Pls' Opp'n at 12 (citing Pelman v. McDonald's Corp., 396 F.3d 508 (2d Cir. 2005). This argument serves to circumvent the proximate cause requirement (as applied in Anza) in an effort to conduct a costly fishing expedition in the name of discovery. See Anza 126. S.Ct. at __. (holding that "a RICO plaintiff cannot circumvent the proximate-cause requirement" and discussing the rationale for applying the proximate-cause analysis).

Because Plaintiffs herein have filed a RICO statement against Dallah Avco, citing unlawful conduct in violation of 18 U.S.C. § 1962(a), (c) and/or (d), and since Plaintiffs submit their statement has been "properly supplemented" and "incorporated into their Complaints" (Pls' Opp'n at 11) Plaintiffs' allegations should be held to the Anza/Holmes proximate cause / direct relation standard.

Should the Court apply this standard, Plaintiffs' alleged "links" (if any) are too remote and cannot withstand the Anza/Holmes directness requirement for proximate causation. To reiterate, Plaintiffs have only alleged that Dallah Avco hired an employee at the direction of the Kingdom of Saudi Arabia who may have come to the United States – not to work on an aviation project at the direction of Dallah Avco – but to go to school and allegedly open a Mosque and that while this "employee" was in America, he may have housed two of the 9/11 hijackers.[4] At

---

their respective defendants, "the absence of proximate causation is equally clear in both cases" when the directness requirement of the proximate cause analysis is applied. Id. at __.

[4] Pls' Am. Compl. ¶ 414-415, 417-418 (quoting:
> In or around 1994, Al-Bayoumi was hired by Dallah Avco, a division of the Dallah al-Baraka business group, to work on an aviation project commissioned by the Saudi Government. … Al-Bayoumi remained in the employment of Dallah Avco for the next seven years. For five of those years, the Saudi government

no point do Plaintiffs allege that Dallah Avco was a direct link to the 9/11 tragedy as the Anza/Holmes directness factor of proximate causation requires.

In sum, because Plaintiffs Complaint and Rico statement each fail to allege a direct relationship between their injuries and the alleged conduct of Dallah Avco, Plaintiffs' complaint fails to state a claim for which relief can be granted.

## II.   THE CRUX OF RULE 8(a) IS FAIRNESS.

Plaintiffs repeatedly note that the requirements of notice-pleading are "liberal", however, Plaintiffs complaint must provide enough information and detail to enable defendants to respond and defend. Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir. 1986). Fairness is the rationale behind these requirements (i.e. information and detail) such that defendants like Dallah Avco may have a *fair* understanding of what the plaintiffs are complaining about and whether there is even a legal basis for recovery. Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) (emphasis added). As to the "short and plain statement" requirement of Rule 8(a), the principal purpose of the statement is to give *fair* notice to enable an adverse party to answer and prepare for trial. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citing 2A MOORE'S FEDERAL PRACTICE para. 8.13, at 8-61 (2d ed. 1987)) (emphasis added).

To support their contention that conclusory allegations are sufficient under the "liberal" requirements of Rule 8(a), Plaintiffs cite Twombly v. Bell Atlantic Corp., 425 F.3d 99 (2d Cir.

---

> reimbursed Dallah Avco for Al-Bayumi's salary and Al-Bayoumi was considered a Saudi civil servant. … Dallah Avco records indicate that, as of 1999, Dallah Avco sought to terminate Al-Bayoumi's annual employment contracts. … To that end, a Dallah Avco official wrote to the Saudi aviation authority saying 'the company is not willing to renew the period for another year and wish this to be known'. … In response, the aviation authority sent an urgent letter advising Dallah Avco that the Saudi government wanted Al-Bayoumi's contract renewed "as quickly as possible."). Id.

4

2005) and Pelman v. McDonald's Corp., 396 F.3d 508 (2d Cir. 2005).  However, as the court in Twombly states, "a barebones statement of conspiracy or of injury under antitrust laws without any supporting facts permits dismissal" and that "[a]ntitrust claims are, for pleading purposes, no different."  Twombly, 428 F.3d at 108-09.  Although, as Plaintiffs assert, the requirements of Rule 8 are flexible and liberally applied, the court in Twombly clarified that: "[m]inimal requirements are not tantamount to nonexistent requirements,"  (Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)), and require that "some threshold of *plausibility* must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase."  Id. at 111 (quoting J. Posner in Asahi Glass Co., Ltd. v. Pentech Pharms., Inc., 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003)) (emphasis added).  Since the Twombly court clearly stated that this "plausibility" requirement is no different for anti-trust claims than it is for other claims subject to Rule 8(a) notice pleading requirements, Dallah Avco submits that Plaintiffs should also meet this plausibility standard before both parties are forced into what will be an "inevitably costly and protracted discovery phase," based only on specious allegations.  See Twombly, 428 F.3d at 108,111.

When Plaintiffs are held to the "plausibility" standard, Plaintiffs' allegations will not meet the standard due to the paucity of facts supporting their conspiracy claims, and because they fail to provide "a short and plain statement of the claim *showing that the pleader is entitled to relief*." Fed. R. Civ. P. 8(a) (emphasis added).  Although the Plaintiffs argue that their factually unsupported allegations of conspiracy are sufficient to cast their net so wide as to include Dallah Avco as a defendant, this is in direct contravention to the purpose of the Rule – *fair* notice.  The few facts that are presented are so tenuously related to the counts charged as to suggest a fishing expedition and make it impossible for the defendant to properly respond.  As

5

noted in Defendant's underlying motion, any and all references made by Plaintiffs about Dallah Avco are done so in passing[5] or through allegations intended for other Defendants.[6]  Referring to an entity in passing and stating nothing more than that a forced employee/employer relationship existed between Dallah Avco and Al-Bayoumi – a man who was cleared by the FBI [not to mention MI5] over three years ago and is no longer suspected of having any links to international terrorism[7] – can hardly be considered sufficient "information and detail" to give Dallah Avco sufficient notice of the basis upon which Plaintiffs have founded their claims.

In sum, even when Plaintiffs' factual statements are taken as true, this Court should nonetheless dismiss Dallah Avco from Plaintiffs' complaint pursuant to Rule 12(b)(6) as the Plaintiffs have failed to state a claim upon which recovery can be granted.

## III.     JURISDICTION DOES NOT EXTEND OVER DALLAH AVCO IN ANY CASE.

Plaintiffs misinterpret Dallah Avco's memorandum in support of its motion to dismiss when they state that Dallah Avco conceded personal jurisdiction when it admitted to hiring Omar Al Bayoumi while he was in San Diego, Ca.".  Pls' Opp. at 14.  Even if Al Bayoumi was deemed an "employee" of Dallah Avco, Plaintiffs note in their own complaint that the Kingdom of Saudi Arabia essentially forced Dallah Avco to hire and maintain Al Bayoumi as an employee as they paid Al Bayoumi's salary until 1999.  Plaintiffs further note that monies Al Bayoumi received while he was in San Diego, Ca. came from various sources and fall short of accusing Dallah Avco of willingly paying Al Bayoumi after funds from the Kingdom for his salary had ceased.

---

[5] See supra n. 4.
[6] As this Court is aware, any and all references made by Plaintiffs against Dallah Avco are done so under the heading "KINGDOM OF SAUDI ARABIA, SAUDI ROYAL FAMILY AND SAUDI ELITES" and directed to the Kingdom.  Pls' Am. Compl. ¶ ___.
[7] Dan Eggen, *Who Aided Hijackers is Still Mystery*, WASH. POST, Sept. 10, 2003, at A1.

To reiterate, even if Al Bayoumi did in fact assist two of the 9/11 hijackers, Plaintiffs do not allege that he did so in the furtherance of Dallah Avco's business interests or at the direction of Dallah Avco.

Respectfully Submitted,

/s/
Martin McMahon, Esq., M.M. 4389
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343

*Attorney for Defendant Dallah Avco*

Dated: June 19, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of Motion to Dismiss was served via electronic case filing on this 19th day of June 2006, upon the following:

Mr. Sean P. Carter, Esq.
Cozen O'Connor
1900 Market St.
Philadelphia, Pa. 19103-3508

/s/
Lisa D. Angelo, Esq.

7