**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br><br>**ECF Case** |

**This document relates to:**

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*
**(02 CV 6977)**

*Thomas E. Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.* **(03 CV 9849)**

*Thomas E. Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.* **(03 CV 5738)**

*Cantor Fitzgerald & Co., et al. v. Al Baraka Inv. & Dev. Corp., et al.* **(04 CV 7065)**

*Continental Casualty Co., et al. v. Al Qaeda, et al.*
**(04 CV 5970)**

*Euro Brokers, Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.* **(04 CV 7279)**

*Federal Ins. Co., et al. v. Al Qaida, et al.* **(03 CV 6978)**

*New York Marine and General Ins. Co. v. Al Qaida, et al.* **(04 CV 6105)**

*Estate of John P. O'Neill, Sr. v. Al Baraka Inv. & Dev. Corp., et al.* **(04 CV 1923)**

*World Trade Center Prop., LLC, et al. v. Al Baraka Inv. & Dev. Corp., et al.* **(04 CV 7280)**

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE REQUEST FOR JUDICIAL NOTICE OF DEFENDANTS DAR AL-MAAL AL-ISLAMI TRUST AND DMI ADMINISTRATIVE SERVICES S.A.**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

30 Rockefeller Plaza
24th Floor
New York, New York  10112
Tel:  (212) 332-3800
Fax:  (212) 332-3888

*Attorneys for Defendants*
*Dar Al-Maal Al-Islami Trust and*
*DMI Administrative Services S.A.*

Defendants Dar Al-Maal Al-Islami Trust ("DMI Trust") and DMI Administrative Services S.A. ("DMI S.A.") respectfully submit this Memorandum in Opposition to Plaintiffs' Motion to Strike the DMI Defendants' Request for Judicial Notice of the Swiss Record (Docket No. 1838) ("Motion to Strike").

## INTRODUCTION

Having missed the deadline to respond in opposition to the Request for Judicial Notice of Defendants DMI Trust and DMI S.A. (Docket No. 1789) ("Request for Judicial Notice" or "Request"), plaintiffs now submit a *de novo* motion to strike that Request.[1]  Remarkably, however, plaintiffs' motion to strike includes no substantive discussion either of Fed. R. Evid. 201(d) -- upon which authority the Request relies -- or of Fed. R. Civ. P. 12(f) -- upon which plaintiffs' motion relies.  Instead, plaintiffs cursorily argue, without citation to any applicable authority, that (i) the Request for Judicial Notice is an improper extension of briefing upon DMI Trust's and DMI S.A.'s motions to dismiss, see Motion to Strike at 1, and (ii) the disavowal of the gravamen of their case by their own lead investigator and expert is "immaterial and irrelevant to" the pending motions to dismiss.  Id. at 6.  The former argument is meritless, because the Request is a wholly proper and thoroughly routine means of submitting a public record for judicial notice (especially one generated only after the close of briefing).  The latter assertion is nothing more than an attempt to obscure the plain fact that the proposition that has been publicly and formally recanted by plaintiffs' own lead investigator and expert -- i.e., that DMI Trust and DMI S.A. somehow participated in terrorist financing -- *is the very proposition upon which all plaintiffs' claims against DMI Trust and DMI S.A. wholly depend*.  Accordingly, in the absence of any responsive (or responsible) argument against the propriety of judicial notice of the Swiss court record *sub judice*, plaintiffs' motion to strike should be summarily denied.

---

[1] DMI Trust's and DMI S.A.'s Request for Judicial Notice was filed on May 9, 2006.  Under Local Rule 6.1(b), plaintiffs thereafter had 10 business days to respond in opposition.  That period expired on May 23, 2006.  Plaintiffs' motion to strike was filed another three weeks after that period expired, on June 14, 2006.

**A.    Rule 12(f) Precludes Plaintiffs' Motion To Strike, And
Mr. Brisard's Retraction Is Indisputably Material.**

Plaintiffs characteristically ignore the standards applicable to their motion to strike, including even the plain language of Fed. R. Civ. P. 12(f), upon which they purport to rely.  See Motion to Strike at 1; Fed. R. Civ. P. 12(f):

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

Plaintiffs' decision to omit discussion of the very authority upon which they rely is perhaps not the result of mere inattention.  Rule 12(f) by its explicit terms applies only to pleadings, not to motions or materials submitted in support of motions.  See id.; George v. Letren, 1998 WL 684857, at *2 (S.D.N.Y. Sept. 30, 1998) (Rule 12(f) applies only to pleadings as defined in Rule 7; "the plain language of Rule 12(f) relates to the striking of pleadings, not a motion to dismiss"); Walker v. Cox, 1997 WL 177854, at *5 (E.D.N.Y. Mar. 27, 1997) (motion to strike under Rule 12(f) inappropriate when addressed to affidavit submitted on motion); Moore's Fed. Prac. - Civil § 12.37[2] (2006)(Rule 12(f) applicable only to motions to strike pleadings, not papers submitted on motions).  Moreover, even if plaintiffs' motion to strike were addressed to a pleading, plaintiffs have missed the 20-day deadline imposed by Rule 12(f) itself (just as they missed the 10-day deadline to respond in opposition to the Request for Judicial Notice).[2]

---

[2] The Court of course retains the inherent authority to strike motion papers in management of its proceedings and docket, or where a filing is abusive or improper.  See, e.g., Sierra v. U.S., 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (Court has inherent authority to strike improper filings, but motion to strike under Rule 12(f) is an improper means of challenging a motion).  The Court should not exercise its authority to do so here, however, where the Request that plaintiffs seek to strike is wholly proper, see infra, and where the parties moving to strike themselves ignored the deadline to respond in opposition to the Request (and the analogous deadline provided by Rule 12(f)), and even in their motion to strike have failed to address the substance of that Request (i.e., that the Swiss Record is properly judicially noticeable under Fed. R. Evid. 201).

Furthermore, plaintiffs ignore the law of this Circuit regarding motions to strike, which establishes that such motions are highly disfavored and subject to a stringent standard of review. See Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984) (Courts highly disfavor motions to strike and routinely deny them); Allocco v. Dow Jones & Co., Inc., 2002 WL 1484400, at *1 (S.D.N.Y. July 10, 2002) ("Generally motions to strike are disfavored and are usually granted only for scandalous material. To have redundant, immaterial or impertinent matters stricken from a pleading, the defendant must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant."); Connell v. City of New York, 230 F.Supp.2d 432, 438-39 (S.D.N.Y. 2002) (motions to strike disfavored; denying motion to strike where moving plaintiff brought motion with "unclean hands," having himself failed to observe deadlines).[3]  To prevail upon their motion to strike, plaintiffs must clearly show that the challenged matter is "immaterial or impertinent," i.e., that it is in no way responsive or relevant to the issues involved in the action.  See Cabble v. Rollieson, 2006 WL 464078, at *10-11 (S.D.N.Y. Feb. 27, 2006) (Maas, M.J.) (same); Dannenberg v. ABC Carpet, 1996 WL 422265, at *2 (S.D.N.Y. July 29, 1996) (same); Beatie & Osborn LLP v. Patriot Scientific Corp., 1996 WL 1233937, at *20 (S.D.N.Y. May 9, 1996) (denying motion to strike); Oliner v. McBride's Indus., 106 F.R.D. 14, 17 (S.D.N.Y. 1985) (noting that motions to strike are often employed as a dilatory tactic; citing Moore's); FRA S.p.A. v. Surg-O-Flex of America, Inc., 415 F.Supp. 421, 427 (S.D.N.Y. 1976) (same); see also Morse v. Weingarten, 777 F.Supp. 312, 319 (S.D.N.Y. 1991).[4]

Here, plaintiffs argue that the retraction and apology made by their investigator and expert upon the public record of the Cantonal Court of Lausanne, Switzerland, is "immaterial and

---

[3] Unsurprisingly, plaintiffs demonstrate more intimate acquaintance with this law in their Opposition to the Motion to Strike of Yeslam Binladin, Docket No. 1779, in which they argue *against* the striking of their own motion papers.  See id. at 4 (citing Rule 12(f), Salcer, and Connell).

[4] Plaintiffs do not argue that Mr. Brisard's retraction of the claim that DMI Trust or DMI S.A. participated in terrorism financing is either "scandalous" or "redundant" within the meaning of Rule 12(f).

irrelevant."  See Motion to Strike at 6 ("as the Swiss Record is immaterial and irrelevant to [DMI

Trust's and DMI S.A.'s] Rule 12(b)(2) and Rule 12(b)(6) Motions to Dismiss," the Request for

Judicial Notice thereof should be stricken).[5]  Peculiarly, however, plaintiffs argue that their expert's

retraction is irrelevant because he truly meant only to retract DMI Trust's and DMI S.A.'s

*understanding* of his accusation against them, not the accusation itself.  See id. at 2 ("Mr. Brisard  . . .

simply acknowledged that the inferences drawn from his testimony . . . were wrongly interpreted by

the DMI Defendants.").  Plaintiffs willfully ignore -- and plainly mean to obscure -- the facts that:

- DMI Trust and DMI S.A., together with the Court in Lausanne, read Mr. Brisard's testimony before the United States Senate, quite fairly, as asserting that DMI Trust and DMI S.A. somehow participated in the financing of terrorism;

- After an opportunity to show the truth of his accusation in open court, Mr. Brisard instead explicitly, formally, and publicly recanted the proposition that DMI Trust or DMI S.A. "could have directly or indirectly financed or participated in the financing of terrorism" upon the record of the Court in Lausanne; and

- The substantive proposition that DMI Trust and DMI S.A. "directly or indirectly financed or participated in the financing of terrorism," which plaintiffs' expert has formally and publicly recanted, *is the very same substantive proposition upon which all of plaintiffs' claims against DMI Trust and DMI S.A. depend.*

    Accordingly, the retraction on the public record submitted for judicial notice is not merely

*relevant and material* to plaintiffs' case; it is substantively *central* to that case, and contradicts it at its

core.  See Request at 5-6.  Plaintiffs therefore have not shown, and cannot possibly show, that Mr.

---

[5] Plaintiffs briefly attempt to distance themselves from Mr. Brisard (at least for purposes of *this* motion to strike), by arguing that only some plaintiffs have cited his work in their Complaints.  See Motion to Strike, at 2.  This argument is both disingenuous and irrelevant.  Plaintiffs in most of the actions against DMI Trust and DMI S.A. have submitted affidavit testimony by Mr. Brisard to this Court, and he has held himself out as plaintiffs' "lead investigator" and expert before the United States Senate and in many other public fora without any apparent objection from any plaintiff.  See, e.g., Declaration of Jean-Charles Brisard, attached as Exhibit B to Declaration of Jodi Westbrook Flowers in Opposition to Motion to Dismiss of Yeslam Binladin (Docket No. 1665) (filed by plaintiffs in Burnett, Federal Insurance, Continental Casualty, Euro Brokers, New York Marine, and World Trade Center Properties actions); Written Testimony of Jean-Charles Brisard Before the Committee on Banking, Housing and Urban Affairs (attached as Exhibit C to Request for Judicial Notice).  More to the point, the Swiss Record is not submitted as a party admission exception to the hearsay rule, compare Fed. R. Evid. 804(b)(3), and the judicial noticeability of that publicly-available court document does not depend upon plaintiffs' affiliation with Brisard, open and notorious as it may be.  Rather, that affiliation, and the fact that Brisard has been relied upon by plaintiffs in submissions to and argument before this Court, merely indicate that his public retraction of the accusation that DMI Trust and DMI S.A. participated in terrorism financing should be given some substantial weight.

Brisard's retraction and apology, as recorded in the Swiss Record, is "immaterial or impertinent" to their claims against DMI Trust and DMI S.A., as Rule 12(f) requires.  In short, Mr. Brisard's retraction and apology speaks for itself.[6]  Accordingly, because Rule 12(f) precludes plaintiffs' motion to strike, and because the retraction recorded in the Swiss Record is indisputably material to plaintiffs' claims, that motion must be denied.

A.     **The Request For Judicial Notice Is Routine And Proper, And
       The Swiss Record Is Judicially Noticeable Upon Such A Request.**

       The Request for Judicial Notice is a wholly routine and proper means of submitting a public record for judicial notice, especially one that was generated after close of briefing on the pending motions to dismiss and hence could not have been addressed therein.  See Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."); Sprague & Rhodes Commodity Corp. v. Instituto Mexicano del Cafe,  566 F.2d 861, 862 (2d Cir. 1977) (taking judicial notice of foreign judgment entered after dismissal of action in District Court, even though presented for the first time on appeal); A.I. Trade Finance, Inc. v. Centro Internationale Handelsbank AG, 926 F.Supp. 378, 383-90 (S.D.N.Y. 1996) (granting in part renewed motion for summary judgment in reliance upon subsequently-generated record of foreign Court, and denying motion to strike); see also Alaska Cargo Transp. Inc. v. Alaska R.R. Corp., 834 F.Supp. 1216, 1219 (D. Alaska 1991) (taking judicial notice of materials submitted subsequent to briefing on motion to dismiss); 21B Charles Alan Wright & Kenneth W. Graham Jr., Federal Practice and Procedure § 5107.1, at 263 (2005 ed.) (written requests for judicial notice proper and sufficient to invoke mandatory notice under Fed. R. Evid. 201(d)); id. § 5110, at 294 ("The power to take judicial notice at the pretrial stage

---

[6] Plaintiffs also argue that the omission of the phrase "in this testimony" from the English version of the retraction in the Swiss Record somehow demonstrates that that retraction has no bearing upon the adequacy of their claims against DMI Trust and DMI S.A.  See Motion to Strike at 2.  This argument barely even qualifies as a red herring.  Mr. Brisard, who has submitted English testimony to this Court and the Senate, himself endorsed both the French and English versions of his retraction upon the Swiss Record itself.  See Swiss Record, a copy of which is annexed to Request as Exhibit A, at 4.  More saliently, the phrase is wholly immaterial; again, Mr. Brisard's retraction of the accusation that DMI Trust and DMI S.A. "directly or indirectly financed or participated in the financing of terrorism" speaks for itself, and contradicts plaintiffs' claims, regardless of the *locus* of the published accusation that it withdraws.

has seldom been questioned," and "Courts have long taken judicial notice when ruling on . . . motions to dismiss.").

Additionally, plaintiffs' assertion that the Court is restrained to the four corners of their Complaints, and forbidden to take notice of their expert's recantation, is both contrary to the settled law cited in the Request, and disingenuous.  See Request at 5-7 (citing cases)[7]; Plaintiffs' Opposition to Motion to Strike of Yeslam Binladin, Docket No. 1779, at 6-9 (arguing for consideration of affidavit of Mr. Brisard and other materials not within four corners of Complaints).  Finally, plaintiffs should hardly be heard to complain of an accumulation of briefing where they themselves have missed the deadline for simply responding in opposition to the Request, and instead have submitted an untimely and *de novo* motion to strike, which will duplicate briefing and improperly give plaintiffs a briefing advantage.  Accordingly, because the Request is entirely routine and proper, plaintiffs' motion to strike should be summarily denied.

In conclusion, DMI Trust and DMI S.A. agree that their motions to dismiss depend upon whether plaintiffs' allegations, fairly read,[8] state a *prima facie* case for personal jurisdiction and

---

[7] Contrary to plaintiffs' mischaracterization, see Motion to Strike at 3, and as the Request itself clearly states, DMI Trust and DMI S.A. ask the Court only to take notice of the public Swiss Record and the formal retraction it contains, as the law requires.  See Request at 4 n.4 and accompanying text (Swiss Record submitted "merely to show that the proceeding was concluded by Mr. Brisard's formal retraction and apology, as recorded therein") (citing cases); Fed. R. Evid. 201(d) (Court shall take judicial notice of noticeable matters upon request); see also, e.g., A.I. Trade Finance, 926 F.Supp. at 387 (taking judicial notice of foreign judgment, but not truth of matters asserted therein).  Again, DMI Trust and DMI S.A. do not ask the Court to take Mr. Brisard's retraction as definitive proof of all their defenses, but only to notice that the gravamen of plaintiffs' allegations against them has been publicly contradicted by Mr. Brisard.  See, e.g., Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1095 (2d Cir. 1995) (sustaining dismissal of Complaint where "attenuated allegations" supporting claim "are contradicted both by more specific allegations in the complaint and by facts of which [the Court] may take judicial notice.").

[8] Contrary to plaintiffs' assertion, see Motion to Strike at 5, the Court need not necessarily accept plaintiffs' conclusory and self-contradictory allegations as true, however restated and embellished.  See In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1363 at 120-21 (3d ed. 2004) ("[T]he district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed. . . ."); see also In re Yukos Oil Co. Sec. Litig., 2006 WL 800736, at *11 (S.D.N.Y. Mar. 30, 2006) (Court need not accept truth of allegations that are contradicted by materials amenable to judicial notice).

adequately state claims against them.  DMI Trust and DMI S.A. do *not* argue that Mr. Brisard's retraction, as recorded in the Swiss Record, independently resolves the question of the adequacy of plaintiffs' claims; nor do those companies seek to "deflect attention" from that question, <u>see</u> Motion to Strike at 3, which they have exhaustively briefed.  Rather, DMI Trust and DMI S.A. assert that, for the many reasons set forth in their respective motions to dismiss, plaintiffs have stated no case against these defendants at all.  The fact that plaintiffs' own investigator and expert has now publicly forsworn the accusation that DMI Trust and DMI S.A. "directly or indirectly financed or participated in the financing of terrorism," and thus has squarely contradicted Plaintiffs' claims, only makes that conclusion even more plain.  <u>See, e.g., Hirsch</u>, 72 F.3d at 1095 (sustaining dismissal of Complaint where "attenuated allegations" supporting claim "are contradicted both by more specific allegations in the complaint and by facts of which [the Court] may take judicial notice"); <u>Munno v. Town of Orangetown</u>, 391 F. Supp. 2d 263, 269, 271-72 (S.D.N.Y. 2005) (dismissing, where plaintiff's allegations were contradicted both by other allegations in Complaint and by judicially-noticed filings of record in separate action); <u>Jacobs v. Law Offices of Leonard N. Flamm</u>, 2005 WL 1844642, at *2 (S.D.N.Y. July 29, 2005) (dismissing in partial reliance upon judicially-noticed findings of fact in separate action, which contradicted plaintiff's allegations); <u>Harris v. New York State Dept. of Health</u>, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002) (dismissing; Court "may take judicial notice of admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action"); <u>Simpson v. Putnam Cty. Nat'l Bank of Carmel</u>, 20 F. Supp. 2d 630, 634-35 n.4 (S.D.N.Y. 1998) (dismissing in partial reliance upon judicially-noticed filings of record in separate action, which filings contradicted plaintiffs' allegations to Court).

## CONCLUSION

Plaintiffs' motion to strike must be denied, because (i) Rule 12(f) precludes plaintiffs' motion; (ii) the retraction recorded in the Swiss Record is indisputably material to plaintiffs' claims; and (iii) the Request for Judicial Notice is entirely routine and proper.  Furthermore, Fed. R. Evid. 201(d) requires judicial notice of a record such as the Swiss Record upon such a request, and in the absence of a timely opposition, the Request now stands unopposed.  The Court therefore should grant the Request and issue such other relief as may be deemed just and proper.  See Local Rule 7.1 (willful failure to file memorandum in opposition may be deemed sufficient basis for granting of motion); Loew v. Kolb, 2003 WL 22077454, at *1 (S.D.N.Y. Sept. 8, 2003) (Casey, J.) (failure to file memorandum in opposition to motion "is, by itself, a sufficient basis to grant the motion").


Dated:  New York, New York      Respectfully submitted,
       June 28, 2006

            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP



            By:_____/s/_____
               James J. McGuire (JM-5390)

               30 Rockefeller Plaza
               24th Floor
               New York, New York  10112
               Tel:  (212) 332-3800
               Fax:  (212) 332-3888
               *Attorneys for Defendants*
                *DMI Administrative Services S.A. and*
Tim McCarthy            *Dar Al-Maal Al-Islami Trust*
Eric O'Connor
Of Counsel