UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.* (02 CV 6977)
*Thomas E. Burnett, et al. v. Al Bakara Inv. & Dev. Corp., et al.* (03 CV 9849)
*Thomas E. Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.* (03 CV 5738)
*Cantor Fitzgerald & Co. et al. v. Al Bakara Inv. & Dev. Corp., et al.* (04 CV 7065)
*Continental Casualty Co., et al. v. Al Qaeda, et al.* (04 CV 5970)
*Euro Brokers, Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.* (04 CV 7279)
*Federal Ins. Co., et al. v. Al Qaida, et al.* (03 CV 6978)
*New York Marine & General Ins. Co. v. Al Qaida, et al.* (04 CV 6105)
*Estate of John P. O'Neill, Sr. v. Al Baraka Inv. & Dev. Corp., et al.* (04 CV 1923)
*World Trade Center Prop., LLC, et al. v. Al Baraka Inv. & Dev. Corp., et al.* (04 CV 7280)

**PLAINTIFFS' REPLY TO DMI'S OPPOSITION TO THE MOTION TO STRIKE DMI'S REQUEST FOR JUDICIAL NOTICE OF THE SWISS RECORD "IN FURTHER SUPPORT OF MOTIONS TO DISMISS"**

**INTRODUCTION**

"A court has inherent authority to strike matters which it deems improper." *Martinez v. Sanders*, 2004 U.S. Dist. LEXIS 10060 at *9 (S.D.N.Y. June 3, 2004)(Casey, J.)(*citing Sierra v. United States*, 1998 U.S. Dist. LEXIS 14135 at * 27 (S.D.N.Y. Sept. 10, 1998))(*citing Jenkins v. City of New York*, 1992 U.S. Dist. LEXIS 8279 at *9-11 (S.D.N.Y. June 15, 1992)(striking affidavit opposing summary judgment as improper hearsay)). DMI's [1] "Request for Judicial Notice in Further Support of Motions to Dismiss" seeks to bolster DMI's Rule 12(b)(2) & Rule 12(b)(6) Motions with a Swiss Record [2] that DMI now concedes is irrelevant to those Motions. *See* DMI Opposition Brief to Motion to Strike at 6-7 ("DMI Trust and DMI S.A. ***agree that their motions to dismiss depend upon*** whether ***plaintiffs' allegations***, fairly read, state a *prima facie* case for personal jurisdiction and adequately state claims against them.")(emphasis added). In other words, DMI's Motions to Dismiss hinge upon Plaintiffs' pleadings, *not* the Swiss Record. Hence, DMI's Request to supplement DMI's Motions to Dismiss with the irrelevant Swiss Record should be struck as improper.[3]

**I.      The Court Has Full Authority To Strike DMI's Improper Request To Supplement DMI's Motions To Dismiss With The Irrelevant Swiss Record**

DMI's Opposition Brief insists for several pages that Plaintiffs' Motion to Strike DMI's

---

[1] "DMI" as used herein means Dar al-Maal al-Islami Trust and DMI Administrative Services S.A..

[2] The "Swiss Record" is the record of the March 14, 2006 Judgment Hearing before the Court of the Arrondissement of Lausanne, Switzerland, of which DMI now asks this Court to take Judicial Notice "[i]n further support of their motions to dismiss." DMI Request for Judicial Notice at 1.

[3] Moreover, for the reasons already set forth in Plaintiffs' Motion to Strike, DMI's Request should also be struck as: (1) an improper end-run around the closed briefing schedule without leave of Court, in contravention of the Case Management Order as well as the Scheduling Stipulations negotiated amongst the parties, and (2) misleading. The Opposition Brief of DMI fails even to attempt to rebut those arguments.

Request is "preclude[d]" by the law of this Circuit because DMI's Request is not a pleading.  *See* DMI Opposition Brief to Motion to Strike at 2-5.  Nonsense.  "A court has inherent authority to *strike any filed paper* which it determines to be abusive or otherwise improper under the circumstances."  *Sierra*, 1998 U.S. Dist. LEXIS 14135 at * 27 (S.D.N.Y. Sept. 10, 1998)(emphasis added)(cited with approval in *Martinez*, 2004 U.S. Dist. LEXIS 10060 at *9 (S.D.N.Y. June 3, 2004)(Casey, J.)("A court has inherent authority to strike matters which it deems improper.")

Contrary to the DMI's assertion, courts have repeatedly ruled that a Motion to Strike is an appropriate vehicle to quash improper filings with the District Court.  For example, in the context of summary judgment motion practice, courts have routinely granted motions to quash affidavits and exhibits which contained, for example, inadmissible hearsay.  *Hollander v. American Cyanamid Co.*, 172 F. 3d 192, 198 (2d Cir. 1999), *affirming*, *Hollander v. American Cycanmid Co.*, 999 F. Supp. 252, 255 (D. Conn. 1998); *Spector v. Experian Information Services, Inc.*, 321 F. Supp. 2d 348, 352 (D. Conn. 2004) ("a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain any inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated"); *Glynn v. Bankers Life and Casualty Co.*, Civil No. 3:02CV1802 (AVG), 2005 U.S. Dist. LEXIS 41984 at *3-4 (D. Conn. August 19, 2005) (a motion to strike was appropriate where material submitted in support of a motion for summary judgment would not be admissible at trial); *Adams v. Shelby County*, Tenn. No. 03-2975 B, 2006 U.S. Dist. LEXIS 11715 at *6 (W.D. Tenn. March 3, 2006)(same).  Indeed, this Court, in *Gucci America, Inc. v. Ashley Reed  Trading, Inc.*, 00-

CV-6041, 2003 U.S. Dist. LEXIS 18062 at *5 (S.D.N.Y. Oct. 10, 2003)(Casey, J.), entertained a Motion to Strike filed by defendants in response to plaintiff's motion for summary judgment.

Similarly, Judge Keenan of this District ruled that a Motion to Strike was appropriate where a party filed documents in support of a motion for reargument, which contained new facts, issues or arguments not previously presented to the Court. *Texaco A/S, S.A., v. Commercial Insurance Co. of Newark*, N.J., 90 Civ. 2722 (JFK), 1996 U.S. Dist. LEXIS 13792 at *3-5 (S.D.N.Y. Sept. 19, 1996). This rule has been applied to considering a Motion to Strike portions of an affidavit submitted in support of a motion to proceed as a collective action pursuant to 29 U.S.C § 216(b), *Richards v. Computer Sciences Corporation*, No. 3-03-CV-00630 (DJS), 2004 U.S. Dist. LEXIS 19637 at *2-3 (D. Conn., Sept. 28, 2004), to strike jury trial demands, *DeVere v. Northrop Grumman Corp.*, 97-CV-3324, 1997 U.S. Dist. LEXIS 23237 at *8 (E.D.N.Y. December 8, 1997), and to strike testimony. *Kolt v. United States*, 94-CV-0293E(H), 1998 U.S. Dist. LEXIS 6063 at *3 (W.D.N.Y. April 27, 1998).

Moreover, notwithstanding DMI's protestations to the contrary, *see* DMI Opposition Brief at 2, Plaintiffs' Motion to Strike may indeed be filed in excess of twenty days after the service of DMI's Request that Plaintiffs seek to strike, unless there is *bona fide* prejudice to DMI. *Sosland Publishing Co. v. Mulholland*, No. 87 Civ. 8432 (MBM), 1988 U.S. Dist. LEXIS 8933 at *2 (S.D.N.Y. August 17, 1988) (filing motion to strike two months after the submission of the improper document did not bar the Court's consideration of the motion to strike). Here, there was no undue or prejudicial delay to DMI.

Hence, upon finding DMI's "Request for Judicial Notice in Further Support of Motions to Dismiss" to be the improper filing that it is, the Court has the power to strike that Request.

3

**II.     DMI's Request For Judicial Notice of the Swiss Record "In Further Support Of Motions To Dismiss" Is Irrelevant To DMI's Motions To Dismiss & Should Be Struck As Improper**

DMI's Opposition Brief to the Motion to Strike cites no authority – and Plaintiffs are aware of none – that suggests that the Swiss Record is relevant to the Court's resolution of DMI's pending Rule 12(b)(2) & 12(b)(6) Motions.

Notwithstanding that lack of support, the DMI defendants insist that the Court take Judicial Notice of the Swiss Record "[i]n further support of their motions to dismiss." DMI Request for Judicial Notice at 1.

Yet as already explained at length in Plaintiffs' Motion to Strike, the Swiss Record – regardless of DMI's skewed interpretation thereof – is irrelevant to whether the Court may exercise jurisdiction over DMI or whether Plaintiffs have stated claims against DMI based upon Plaintiffs' pleadings. Indeed, DMI concedes as much in their Opposition Brief to the Motion to Strike: "In conclusion, DMI Trust and DMI S.A. *agree that their motions to dismiss depend upon* whether *plaintiffs' allegations*, fairly read, state a *prima facie* case for personal jurisdiction and adequately state claims against them." DMI Opposition Brief at 6-7 (emphasis added). In short, the Swiss Record has nothing to do with these motions to dismiss, which all parties agree depend upon Plaintiffs' well-pleaded allegations, *not* the Swiss Record.

Moreover, it bears emphasis that in the context of resolving DMI's motions to dismiss at this early stage of the proceedings before discovery, Plaintiffs are entitled to have the Court accept their well-pleaded allegations against DMI as true, *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999), regardless of whatever spin DMI would give the Swiss Record.

Hence, as the Swiss Record is immaterial and irrelevant to DMI's motions to dismiss, DMI's Request for Judicial Notice of the Swiss Record "in further support of their motions to dismiss" should be struck as improper.

## **CONCLUSION**

For the above reasons, Plaintiffs' Motion to Strike should be granted.


Dated: July 6, 2006
New York, New York                    Respectfully submitted,


                                 /S/
James P. Kreindler, Esq. (JK7084)
Justin T. Green, Esq.  (JG0318)
Andrew J. Maloney, III, Esq. (AM8684)
Kreindler & Kreindler LLP
100 Park Avenue
New York, NY 10017-5590
Phone: (212) 687-8181
*Attorneys for the Ashton Plaintiffs*


                                 /S/
Ronald L. Motley, Esq. (RM2730)
Jodi Westbrook Flowers, Esq.
Michael Elsner, Esq. (ME8337)
Justin B. Kaplan, Esq.
Motley Rice LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Phone: (843) 216-9000

-and-

                                  /S/
Paul J. Hanly, Jr., Esq. (PH5486)
Jayne Conroy, Esq. (JC8611)
Andrea Bierstein, Esq. (AB4618)
Hanly Conroy Bierstein Sheridan
   Fisher & Hayes LLP
112 Madison Avenue, 7th Floor
New York, NY 10016
Phone: (212) 784-6400
*Attorneys for the Burnett, Euro Brokers Inc. and World Trade Ctr. Props. Plaintiffs*


                                  /S/
Elliott R. Feldman, Esq. (admitted *pro hac vice*)
Sean P. Carter, Esq. (admitted *pro hac vice*)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000
*Attorneys for the Federal Ins. Plaintiffs*


                                  /S/
Jerry S. Goldman, Esq. (JG8445)
Law Offices of Jerry S. Goldman
   & Associates, P.C.
The Trinity Building
111 Broadway, 13th Floor
New York, NY 10060
Phone: (212) 242-2232
*Attorneys for Plaintiff Estate of O'Neill*

                                            /S/
Kenneth L. Adams, Esq. (admitted *pro hac vice*)
Richard W. Fields, Esq. (admitted *pro hac vice*)
Christopher T. Leonardo, Esq. (CL3043)
Dickstein Shapiro Morin & Oshinsky
1177 Avenue of the Americas
New York, NY 10036-2714
Phone: (212) 835-1400
*Attorneys for Cantor Fitzgerald & Co. Plaintiffs*


                                            /S/
Robert M. Kaplan, Esq. (RK1428)
Ferber Chan Essner & Coller, LLP
530 Fifth Avenue
New York, NY 10036
Phone: (212) 944-200
*Attorneys for Plaintiff Continental Cas. Co.*


                                            /S/
Frank J. Rubino, Esq. (FR6202)
Brown Gavalas & Fromm LLP
355 Lexington Avenue
New York, NY 10017
Phone: (212) 983-8500
*Attorney for Plaintiff NY Marine & General Ins. Co.*