**United States District Court**
**Southern District of New York**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Burnett, et al., v. al Baraka Inv. & Dev. Co., et al., Case No. 03-CV-9849(RCC)*
*Burnett, et al., v. al Baraka Inv. & Dev. Co., et al., Case No. 03-CV-5738(RCC)*
*Eurobrokers, Inc., et al., v. Al Baraka Inv. & Dev. Corp., et al., No 04-CV-7279 (RCC)*
*World Trade Center Prop., et al. v. Al Baraka Inv. & Dev. Corp., et al., No 04-CV-7280 (RCC)*

**Plaintiffs' Opposition To The Motion Of Defendant**
**Ahmed Zaki Yamani To Set Aside Default Judgments and**
**Response to Defaulted Defendant's Improperly Filed Motion to Dismiss**

Robert T. Haefele, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Phone:        (843) 216-9000
Facsimilie:   (843) 216-9410

*Attorney for Plaintiffs*

July 17, 2006

1

## TABLE OF CONTENTS

INTRODUCTION …………………………………………………………………………..1

STATEMENT OF FACTS……………………………………………………………………2

LEGAL ARGUMENTS………………………………………………………………………3

    I.    DEFENDANT HAS FAILED TO MEET HIS BURDEN OF ESTABLISHING HE IS ENTITLED TO AN ORDER SETTING ASIDE THE DEFAULT JUDGMENTS……………………………………………………………….3

        A.    The defaults at issue here are default judgments, subject to Rule 60(b)…………………………………………..3

        B.    Defendants cannot satisfy the standards in Rule 60(b)………...4

        C.    Even if the defaults were governed by Rule 55(c), defendant has still failed to meet the standard to set them aside………….9

            1.    Willfulness………………………………………………10

            2.    Prejudice…………………………………………………10

            3.    Existence of Meritorious Defenses……………………..11

CONCLUSION…………………………………………………………………………..11

i

## TABLE OF AUTHORITIES

**CASES**

Aberson v. Glassman, 70 F.R.D. 683 (S.D.N.Y. 1976) ....................................................................8
Bank of Montreal v. Mitsui Mfgs. Bank, 1992 WL 79293, at *3 (S.D.N.Y. April 7, 1992)...................7
Brown v. DeFilippis, 695 F. Supp. 1528 (S.D.N.Y. 1988) ...............................................................8
Cott Corp. v. W.F. Funke Dairy Supplies, Inc., 16 B.R. 526, 527-28 (D.Conn.1981).........................6
Davis v. Musler, 713 F.2d 907, 915 (2nd Cir.1983) .....................................................................7, 11
Dow Chemical Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d. 329, 336 (2nd Cir. 1986),...................5
Enron Oil Corp. v. Diahuhara, 10 F.3d 90, 96 (2nd Cir. 1993)........................................................11
In re Candor Diamond Corp., 21 B.R. 144, 146 (S.D.N.Y. 1982) ....................................................6
In re Intern. Picture Show, Inc., 28 B.R. 313 (S.D.N.Y. 1983) ........................................................6
In re Martin-Trigona, 763 F.2d 503, 505 and n. 2 (2nd Cir.1985) ....................................................6
Jackson v. Beech, 636 F.2d 831, 836 (D.C.Cir.1980) (quoting H.F. Livermore Corp. v.
   Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir.1970) (per curiam)) ................7
Link v. Wabash R.R. [370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ] (citations omitted) ...........6
Marziliano v. Heckler, 728 F.2d 151 (2nd Cir. 1984) ................................................................8, 11
McKenzie v. Wakulla County, 89 F.R.D. 444 (N.D. Fla. 1981)........................................................6
New York v. Green, 420 F.3d 99 (2nd Cir. 2005) .........................................................................10
Owatonna Tool Co. v. Pan American Container Corp., 1985 WL 1319 (S.D.N.Y. May 09, 1985) (NO.
   84 CIV. 8736-CSH),...............................................................................................................5
S.E.C. v. McNulty, 137 F.3d 732 (2nd Cir. 1998)..........................................................................6
Sears, Sucsy & Co. v. Insurance Co. of North America, 392 F.Supp. 398, 411 (N.D. Ill. 1974) ..........5
Sony Corp. v. S.W.I. Trading, Inc., 104 F.R.D. 535 (S.D.N.Y. 1985) ..............................................7
State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2nd Cir. 2004) .............6, 9
Suprema Specialties, Inc., 330 B.R. 40 (S.D.N.Y. 2005) ..........................................................5, 10
U. S. v. 1,550.44 Acres of Land, More or Less, in McLean County, State of N. D., 369 F.Supp. 1078
   (D.C.N.D. 1974) ...................................................................................................................10
U. S. v. Cirami, 563 F.2d 26 (2nd Cir. 1977) ...........................................................................5, 6
U.S. v. Bank of New York, 14 F.3d 756, 759 (2nd Cir. 1994)........................................................5
United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs., 755 F. Supp.
   1195, 1205 (S.D.N.Y. 1989) ..................................................................................................7
Waifersong, Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. Ohio) (footnote omitted)..............7

**RULES**

Fed. R. Civ. P. 12............................................................................................................................2
Fed. R. Civ. P. 12(b)(2) ..................................................................................................................2
Fed. R. Civ. P. 12(b)(5) ..................................................................................................................2
Fed. R. Civ. P. 12(b)(6) ..................................................................................................................2
Fed. R. Civ. P. 12(e)................................................................................................................2, 3, 9
Fed. R. Civ. P. 55............................................................................................................................3
Fed. R. Civ. P. 55(a).....................................................................................................................10
Fed. R. Civ. P. 55(c).........................................................................................................2, 4, 7, 10
Fed. R. Civ. P. 60....................................................................................................................10, 11
Fed. R. Civ. P. 60(b) .............................................................................................................2, 4, 5
Fed. R. Civ. P. 60(b)(1) .......................................................................................................4, 5, 6, 7

**INTRODUCTION**

Pursuant to Fed. R. Civ. P. 55(c) or 60(b), defendant, Ahmed Zaki Yamani ("defendant"), seeks to reopen default judgments entered onto the court's docket on April 10, 2006 and May 15, 2006 in the above cases.[1] In addition to seeking to reopen these defaults, and not waiting for an order (to which, as described below it is not entitled) relieving him of them, defendant seeks an order dismissing all of the plaintiffs' claims against him, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6).[2]

Defendant's argument hinges first, on his mis-characterization of the defaults at issue here as merely defaults and not default judgments, to enable him to take advantage of the standard in F.R.C.P. 55(c), and then on his contention that he has satisfied the standards of Rule 55(c) because, he claims, he acted "promptly and responded quickly to developments in this litigation." Separate and apart from the fact that the defaults at issue here are, by their own terms, default judgments governed by the more stringent standard of Rule 60(b) and not by Rule 55(c), the problem with defendant's assertion is that his so-called "prompt" response was sufficiently selective to demonstrate that he was paying close attention to the events going on in the litigation and understood that he was a defendant, but nonetheless voluntarily refused to enter an appearance or file any responsive pleadings to plaintiffs' complaints.

In his entirely misleading recitation of the underlying events, defendant contends he acted properly in all respects, never conceding any responsibility for failing to file responsive

---

[1] The Burnett case bearing docket number 03-cv-5738 (RCC) is an inactive case that plaintiffs agree to dismiss and a stipulation of dismissal for that case is forthcoming.

[2] Inasmuch as the defendant is in default, defendants Rule 12 arguments are untimely and improper. Because the portions of defendant's motion related to Rule 12 arguments are neither timely nor properly before the court – in light of defendant's default status – plaintiffs have not responded herein substantively to those portions of defendant's application, but reserve the right to do so. In the event that the Court were to set aside the default judgments and grant the defendant additional time to respond to plaintiffs' complaints, including an extension of the deadline for filing motions to dismiss, plaintiffs will respond accordingly.

1

pleadings and never even acknowledging that plaintiffs filed timely Rule 12(e) statements on September 30, 2005, which even by defendant's account obligated defendant to file timely responsive pleadings.[3] Defendant completely ignores that defendant's obligation to file responsive pleadings began to run, <u>at the latest</u>, on September 30, 2005, when the Rule 12(e) statements were filed, and accordingly, defendant was in default at least as of October 30, 2005. Defendant's actions – to simply sit by the sidelines until the entry of default – are simply not permissible under the Federal Rules of Civil Procedure. Fed. R. Civ P. 55.

**STATEMENT OF FACTS**[4]

On May 2, 2003 and September 10, 2004, plaintiffs filed actions against defendant. By orders of the Court, service by publication was approved and publication was issued on 6/27/03 and 1/13/05. Accordingly, defendant was obligated to file responsive pleadings within 120 days after service. According to defendant, his counsel wrote (not to plaintiffs' counsel, but to) Plaintiffs' liaison counsel, and captioned the letter simply in "In re Terrorist Attacks on September 11, 2001" without any reference to any particular individual law suit, contesting service by publication, asserting other defenses, and requesting that plaintiffs dismiss their cases against defendant. The non-case-specific letter to liaison counsel also requested that plaintiffs provide a more definite statement pursuant to Rule 12(e).

On September 30, 2005, pursuant to CMO #2, as modified by a July 27, 2005 endorsement extending the deadline to September 30, 2005 for filing Rule 12(e) statements, plaintiffs filed Rule 12(e) statements as to defendant. *See* Docket Entry 1368 (Burnett 12e statements) and Docket Entry 1369 (WTC/EuroBrokers 12e statements).

---

[3] CMO #2, as modified by a July 27, 2005 endorsement extended the deadline to September 30, 2005 for filing Rule 12(e) more definite statements.

[4] Much of the defendants' misleading recitation concerns defendant's improper, incorrect, and unsupported statements that are aimed at his arguments for dismissal. Though plaintiffs dispute these contentions, and will, if necessary, assert so in response to a properly filed motion to dismiss, plaintiffs will not engage the Court in that dispute in this motion to set aside the default judgments.

In his February 25, 2005 letter to liaison counsel, defendant's counsel acknowledges that defendant's obligation to respond to plaintiffs' pleadings runs, at the very latest, from the date plaintiffs filed the 12(e) statements.

Despite acknowledging that he knew he was a defendant in the litigation, defendant has never filed any timely responsive pleadings to plaintiffs' complaints. In fact, before June 5, 2006, simultaneous to his filing the motion at issue, defendant had never even filed a notice of appearance in the litigation. Accordingly, plaintiffs sought orders entering default judgments, which this court granted and entered onto the docket on April 10, 2006 and May 15, 2006. It is from these orders that defendant seeks relief.

## LEGAL ARGUMENTS

**I.   DEFENDANT HAS FAILED TO MEET HIS BURDEN OF ESTABLISHING HE IS ENTITLED TO AN ORDER SETTING ASIDE THE DEFAULT JUDGMENTS**

Pursuant to F.R.C.P. 55(c), "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides: ""On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for ... mistake, inadvertence, surprise, or excusable neglect...." Here, whether the Court considers its orders defaults or, as the orders themselves state, default judgments, the result is the same; in either case, the Court should reject defendant's request to set aside the Court's orders granting default judgment.

**A.   The defaults at issue here are default judgments, subject to Rule 60(b)**

The defaults at issue here are, by their own terms, default judgments, governed by the standards set forth in Rule 60(b)(1). Each of the orders entered in these cases are plainly identified as "Default Judgment" and each indicate in the present tense that it is "ORDERED, ADJUDGED AND DECREED: That the Plaintiffs … *have* judgment

3

against the defendant[]...." (emphasis added)  Inasmuch as the orders here contemplated, and were so phrased, that judgment as to liability was entered contemporaneously, the orders here are distinguished from the order described in Dow Chemical Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d. 329, 336 (2nd Cir. 1986), the case on which defendant relies.  The order described in that case contemplated, and was phrased so, that judgment was to be entered only after the damages inquest had been completed.

Unlike the default in Rascator, the default judgment here is akin to other liability-only judgments recognized by this court.  For example, in In re Suprema Specialties, Inc., 330 B.R. 40 (S.D.N.Y. 2005), the district court affirmed the Bankruptcy Court's default judgment for liability only, and remanded the matter to the bankruptcy court for a calculation of damages.  Id. at 56.  Similarly, in Owatonna Tool Co. v. Pan American Container Corp., 1985 WL 1319 (S.D.N.Y. May 09, 1985) (NO. 84 CIV. 8736-CSH), this court specifically amended a default judgment to grant judgment on liability only and referred the issue of damages to a magistrate judge for determination.  Id. at *3.

      **B.**      **Defendant cannot satisfy the standards in Rule 60(b)**

Because the default at issue here is a default judgment, the standard for setting it aside is that set forth in Rule 60(b)(1).  As noted above, Rule 60(b) requires a defendant to demonstrate "mistake, inadvertence, surprise, or excusable neglect...."  The rule applies only in proper cases – that is, only in cases involving extraordinary circumstances or extreme hardship.  U.S. v. Bank of New York, 14 F.3d 756, 759 (2nd Cir. 1994); U. S. v. Cirami, 563 F.2d 26 (2nd Cir. 1977), and not where the rule by its very terms precludes application.  Sears, Sucsy & Co. v. Insurance Co. of North America, 392 F.Supp. 398, 411 (N.D. Ill. 1974). More specifically, it is not to be used where, as here, the conduct of the party seeking to employ the rule has acted without diligence, with willful misconduct, or without explanation.

4

See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2nd Cir. 2004) ("When a party demonstrates a lack of diligence in defending a law suit, a court need not set aside a default judgment."). This is precisely the case here. See also S.E.C. v. McNulty, 137 F.3d 732 (2nd Cir. 1998) (willful default where the conduct of counsel or the litigant was not satisfactorily explained).

On motion to set aside a default judgment, the defaulting party carries the burden of setting forth the facts substantiating its claim of excusable neglect. In re Intern. Picture Show, Inc., 28 B.R. 313 (S.D.N.Y. 1983) (citing Cott Corp. v. W.F. Funke Dairy Supplies, Inc., 16 B.R. 526, 527-28 (D.Conn.1981); see In re Martin-Trigona, 763 F.2d 503, 505 and n. 2 (2nd Cir.1985). The court in Cott wrote:

> [W]here parties are claiming that a default judgment had been entered as a result of attorney neglect, affidavits should be furnished containing reasons why the attorney neglected to ··· properly defend the litigation ···· [I]gnorance or carelessness on the part of the attorney will not provide grounds for relief under Fed.R.Civ.P. § 60(b)(1) quoting Mr. Justice Harlan in Link v. Wabash R.R. [370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)] (citations omitted).

Id. at 527-28; see also United States v. Cirami, 535 F.2d 736 (2nd Cir.1976); In re Candor Diamond Corp., 21 B.R. 144, 146 (S.D.N.Y. 1982). Here, defendant has not only submitted no such affidavits, but denies any wrongdoing, despite having never responded to plaintiffs complaints.

When a defendant's actions or inactions resulting in default are willful, as they are here, default judgment is appropriate and even necessary to ensure functioning of the judicial process; defendant should not be permitted to avoid or delay the plaintiffs' right to judicial resolution of a dispute by ignoring the proceedings, McKenzie v. Wakulla County, 89 F.R.D. 444 (N.D. Fla. 1981), and "when the adversary process has been halted because of an essentially unresponsive party," default judgment is appropriate not only to protect the

5

judicial process, but also to protect the non-defaulting party from "interminable delay and continued uncertainty as to his rights.'" Sony Corp. v. S.W.I. Trading, Inc., 104 F.R.D. 535 (S.D.N.Y. 1985); Jackson v. Beech, 636 F.2d 831, 836 (D.C.Cir.1980) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir.1970) (per curiam)).

The Second Circuit has construed Rule 60(b)(1) to include a three-part test: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." Davis v. Musler, 713 F.2d 907, 915 (2nd Cir.1983). The threshold question in the assessment concerns the question of the defendant's culpability; if the moving party fails to establish a right to relief on this ground, the court need not even assess the remaining two factors.[5] Bank of Montreal v. Mitsui Mfgs. Bank, 1992 WL 79293, at *3 (S.D.N.Y. April 7, 1992); United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs., 755 F. Supp. 1195, 1205 (S.D.N.Y. 1989). The Sixth Circuit has explained the relative weight of the factors this way:

> [W]hile it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he can also satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

Waifersong, Ltd. Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. Ohio) (footnote omitted).

---

[5] Because the willful nature of defendant's conduct is a threshold question, plaintiffs do not address here the remaining two considerations. However, such assessment is provided *infra*, in regard to Rule 55(c), and a balancing of all three considerations likewise supports upholding the default judgments.

6

A party cannot simply ignore its obligation to file responsive pleadings. Firing off a single letter and then ignoring one's obligation to defend does not meet the defendant's obligations under the federal rules. Nowhere does defendant offer any credible explanation for, or evidence justifying, his failure to defend or file any responsive pleadings; instead, he reasons that the default judgments must be set aside because he responded *to the entry of defaults* in a "prompt" and "quick" manner. But defendant glosses over the important fact that, despite knowing the litigation had been filed against him and having hired counsel, his response to plaintiffs' complaints has been simply to ignore them.

Even under defendant's own tortured interpretation of the facts, defendant's obligation to file responsive pleadings began no later than September 2005, and to avoid being in default, defendant must have filed his responsive pleadings no later than October 30, 2005. Yet the fact remains, the complaints were filed, notice was provided pursuant to court order, and no responsive pleadings were ever filed.

Where a party ignores its obligation to file a responsive pleading, as defendant has done here, the resulting default is willful, Marziliano v. Heckler, 728 F.2d 151 (2nd Cir. 1984); Brown v. DeFilippis, 695 F. Supp. 1528 (S.D.N.Y. 1988), and lack of diligence or mere carelessness on part of defendant's counsel is not sufficient cause to set aside a default. Aberson v. Glassman, 70 F.R.D. 683 (S.D.N.Y. 1976).

Defendant's likely "rationales" for not responding are not excuses for defendant's failure to respond. Though counsel may have written a letter to liaison counsel in February 2005 asking liaison counsel to have the claims against his client dismissed, that letter is not a responsive pleading. Similarly, defendants intimation that he was not obligated to respond to Plaintiffs' complaints because he was dissatisfied with, or unaware of, plaintiffs 12(e) statements both strains credulity and is nonetheless no defense. Though counsel may have

7

thought that the Rule 12(e) filings in September 2005 were insufficient, that did not alleviate defendant's obligation to file timely responsive pleadings. In fact, even if plaintiff had <u>never</u> filed Rule 12(e) statements, defendant could not have stood idly by and ignored the complaints.

Moreover, given defendant's familiarity with this litigation, defendant's position that he was unaware of the Rule 12(e) filings is just not credible. In his February 25, 2005 letter to Plaintiffs' liaison counsel, defense counsel acknowledged that defendant knew he was a defendant in this litigation at least by January 10, 2005, when he saw the notice published that day in the International Herald Tribune. Only a month later, defendant had hired counsel and counsel was sufficiently familiar with the litigation to have considered the case, examined the relevant Case Management Orders, and written the February 25, 2005 letter to Plaintiffs' liaison counsel requesting that plaintiffs' claims be dismissed, or a Rule 12(e) statement filed. Similarly, defendant was monitoring the litigation sufficiently to take note of the entries of default against him and many other defendants. Given defendant's familiarity with this litigation since January and February 2005 and the admission that he never entered an appearance until just after the defaults were entered, it is hardly credible that he would not have taken notice of the Rule 12(e) statements that counsel himself had requested, particularly since defendant's name is prominently noted on the Court's docket entry. Presumably defendant would have been watching for the 12(e) statements given that counsel had acknowledged in his February 25 letter that he considered defendant's obligation to answer the complaint being dependant upon such statements.

Defendant's likely "rationales" for blatantly ignoring his obligation to file responsive pleadings hardly constitute "*excusable* neglect," <u>see</u> <u>State Street Bank and Trust Co. v. Inversiones Errazuriz, Limitada</u>, 374 F.3d 158, 178 (2nd Cir. 2004) (where a party fails to act

8

with diligence, he will be unable to demonstrate that his conduct constituted "excusable neglect"), and standing by themselves warrant upholding the default judgments, see id. ("when a party demonstrates lack of diligence in defending a lawsuit, a court need not set aside a default judgment.").[6] Instead of filing an Answer to plaintiffs' complaints, defendant relied upon the tactical decision that the letter demanding a Rule 12(e) statement would somehow protect defendant from having to file responses, then apparently gambled that no default would be entered. Such tactical maneuvering to avoid responding to plaintiffs' complaints is willful and intentional conduct and cannot be considered "excusable neglect." New York v. Green, 420 F.3d 99 (2nd Cir. 2005); In re Suprema Specialties, 330 B.R. 40, 52-53; U. S. v. 1,550.44 Acres of Land, More or Less, in McLean County, State of N. D., 369 F.Supp. 1078 (D.C.N.D. 1974).

### C. Even if the defaults were governed by Rule 55(c), defendant has still failed to meet the standard to set them aside.

Even if the Court determines that the order it entered was a default as opposed to a default judgment, the default should not be set aside.

Rule 55(a), which provides that a default may be entered against a party against whom judgment for affirmative relief is sought who "has failed to plead or otherwise defend," also provides that the court may set aside a default "[f]or good cause shown." Fed. R. Civ. P. 55(c). Although Rule 55(c) does not define "good cause," the Second Circuit has established the same three criteria described above in regard to Rule 60 as the criteria to be analyzed in deciding whether to set aside entry of default – namely, whether the default was willful; whether defendant has presented a meritorious defense; and whether the non-

---

[6] See also In re Wright, 247 F.Supp. 648 (E.D. Mo. 1965) (carelessness, negligence, or ignorance of rules of procedure do not constitute "excusable neglect" within this rule); cf. Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167 (5th Cir. 1990), reh'g denied, 920 F.2d 259, cert. denied, 510 U.S. 859 (abuse of discretion to reopen case on basis of excusable neglect where moving party failed to submit evidence because of negligence or carelessness of attorney).

9

defaulting party will be prejudiced if the default is set aside. Marziliano v. Heckler, 728 F.2d 151, 156 (2nd Cir. 1984). Though the factors are the same, they are applied less rigorously in the case of defaults. Enron Oil Corp. v. Diahuhara, 10 F.3d 90, 96 (2nd Cir. 1993).

       1.     Willfulness

Defendant's conduct in ignoring plaintiffs' complaints resulting in the defaults being entered was willful and the analysis of defendant's willfulness is the same as the analysis provided above in regard to Rule 60. Fed. R. Civ. P. 60.

       2.     Prejudice

Defendant gives short shrift to the prejudice plaintiffs may suffer from setting aside the defaults. Prejudice from setting aside defaults results when, for example, the delay may result in loss of evidence or create difficulties of discovery. Davis v. Musler, 713 F.2d 907, 916 (S.D.N.Y. 1983). In this litigation, involving many defendants, many who are also in default; substantial motions practice; substantial international discovery, and many novel issues, the Court should consider the potential for both individual and collective delay that will undeniably prejudice plaintiffs.

Defendant's refusal to file timely responses, which resulted in his default, would cause plaintiffs prejudice if the defaults are vacated because the plaintiffs will risk being unable to obtain discovery lost or unrecoverable due to the delay. As is plainly evident to all familiar with this litigation, the precipitating events happened in September of 2001, now nearly five years ago. Many of the allegations involve inquiry into defendants' conduct dating back to years preceding the September 11, 2001 terrorist attacks. The delay caused by defendant's conduct leading to his default place at risk plaintiffs' ability to collect important facts to develop the factual mosaic underlying plaintiffs' claims. At the very least, as the documents become more remote in time, they become more difficult – or impossible – for

10

the plaintiffs to collect, either because of document retention policies or simply because of shear age.  Moreover, as defendants are no doubt aware, the costs of the litigation continue to mount, wearing down the plaintiffs and eroding their abilities to effectively litigate against the defendant[7].

Defendant's assertion that his delay is inconsequential because he is one of many defendants ignores the real prejudice caused by the collective delay that would result were the court were to condone similar conduct by each defendant.  In this litigation, which is already several years old and has seen substantial motion practice, including a number of outstanding motions demanding the court's attention, and where perhaps more than any other litigation, discovery from the various defendants is crucial to piecing together the interconnections among the defendants to develop the full mosaic the individual pieces create, each additional delay caused by each defendant's dilatory conduct becomes more prejudicial to the plaintiffs' efforts both to conduct and collect discovery, and to press for a resolution of the plaintiffs' claims.

        3.      Existence of Meritorious Defenses

Though plaintiffs do not concede the merits of defendant's defenses, plaintiffs recognize that defendant has alleged such claims and need not actually establish that he will prevail on them.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that the defendant's motion to set aside the default judgments be denied.  As to the remaining arguments contained in defendant's motion – concerning defendant's arguments requesting dismissal of plaintiffs'

---

[7] This prejudice may be further complicated by the simple fact that obtaining discovery from this defendant, who is 77 years old in a nation where the average life expectancy is approximately 67, becomes a more immediate priority than other defendants, which may have more institutional resources to preserve discovery.

11

claims – because defendant is in default, plaintiffs ask that the Court strike those portions as being untimely and improper.  If the Court should determine to set aside the orders entering default judgments against defendant and grant defendant an extension of time to respond to plaintiffs' complaints, defendant may thereafter file his motion to dismiss.  In any case, plaintiffs respectfully reserve their right to respond substantively to defendant's arguments in the event defendant files a properly filed motion to dismiss.

Respectfully Submitted,

_____
Ronald L. Motley, Esquire (SC Bar No. 4123)
Jodi Westbrook Flowers, Esquire (SC Bar No. 66300)
Donald Migliori, Esquire (RI Bar No. 4936; MA Bar No. 567562; MN Bar No. 0245951)
Michael E. Elsner, Esquire (ME-8337)
Robert T. Haefele, Esquire (NJ Bar No. 58293; PA Bar No. 57937)
Justin B. Kaplan, Esquire (TN Bar No. 022145)
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Telephone:  (843) 216-9000
Fax (843) 216-9450

 - and -

Jayne Conroy, Esquire (JC-8611)
Paul J. Hanly, Jr., Esquire (PH-5486)
Andrea Bierstein, Esquire (AB-4618)
**HANLY CONROY BIERSTEIN
 & SHERIDAN LLP**
112 Madison Avenue
New York, NY 10016-7416
Telephone: (212) 784-6400
Fax: (212) 784-6420

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Opposition to Defendant's Motion to Vacate Judgment By Default were served via electronic case filing on this 17th day of June, 2006, upon the following:

Rayner M. Hamilton, Esq.
1155 Avenue of the Americas
New York, New York 10036
*Attorney for Defendant Ahmed Zaki Yamani*