**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) |
| *This document relates to:* | ECF Case |
| *Ashton et al v. al Qaeda et al,* 02-cv-6977 (RCC) | |

## DEFENDANT DALLAH AVCO TRANS-ARABIA CO., LTD'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS.

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone: 202-862-4343
Facsimile:      202-828-4130

*Attorney for Defendant Dallah Avco*

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION……………………………………………………………….. 1

II.  PLAINTIFFS HAVE NOT PLED SUFFICIENT FACTUAL ALLEGATIONS TO
SUPPORT THEIR CIVIL CONSPIRACY CLAIMS AND THUS FAIL TO ALLEGE A
CLAIM FOR WHICH RELIEF CAN BE GRANTED. ...................................................2

III.  PLAINTIFFS' ALLEGATIONS AGAINST DALLAH AVCO, WHETHER PLED
UNDER THE ATA, ATCA, OR COMMON LAW, ARE CONCLUSORY AND
INSUFFICIENT TO STATE A CLAIM...................................................................3

   A.  Even Under Rule 8(a), Plaintiffs Cannot Present Conclusory Allegations.......................4

IV.  PLAINTIFFS' ALLEGATIONS, WHETHER PLED UNDER THE ATA, ATCA, OR
COMMON LAW, PLAINTIFFS' COMPLAINT FAILS TO PRESENT A DIRECT LINK
BETWEEN THEIR INJURIES AND THE ALLEGED CONDUCT OF DALLAH AVCO.
..................................................................................................................7

V.  PLAINTIFFS FAIL TO ALLEGE A LEGALLY SUFFICIENT BASIS FOR PERSONAL
JURISDICTION. ........................................................................................10

   A.  Plaintiffs Have Not Presented Sufficient Facts That Establish Minimum Contacts……10

   B.  Plaintiffs Have Not Presented Sufficient Facts Or Arguments That Suggest It Is
"Reasonable" To Haul Dallah Avco Into This
Court .................................................................................................11

VI.  PLAINTIFFS' CONSPIRACY BASED JURISDICTION THEORY SHOULD BE
DENIED………………………………………………………………….12

VII.  PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE
DENIED………………………………………………………………….13

VII.  CONCLUSION……………………………………………………………15

## TABLE OF AUTHORITIES

**CASES**

Anza v. Ideal Steel Supply Corp., 547 U.S. ___ (2006); 126 S. Ct. 1991, 1998 (2006)……......6,7,8,9

Asahi Glass Co., Ltd. v. Pentech Pharms., Inc., 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003)...………..5

Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260 (S.D.N.Y. 1991))…..…….3, 12

Corris v. White, 29 A.D. 2d 470 (App. Div. 4th Dept. 1968)……………………………..……...15

DM Research v. College of Am. Pathologists, 170 F.3d 53 (1st Cir. 1999)..………………….…...6

Gooley v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988)……………………..……………….....5

Holmes v. Securities Investor Protection Corporation, 503 U.S. 258 (1992)…………………….....7

Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) ..........................................................................11

Jin v. Ministry of State Sec., 335 F. Supp. 2d 72 (D.D.C. 2004)…..…………………………......12

Kelly v. Schmidberger, 806 F.2d 44 (2d Cir. 1986)…..……………………...………………....4

Kittay v. Kornstein, 230 F.3d 531 (2d Cir. 2000)…………………………..…………………....4

Migdal v. Rowe Price-Fleming Int'l, 248 F.3d 321 (4th Cir. 2001)…………………………….....6

N.X. v. Cabrini Med. Ctr., 97 N.Y.2d 247 (2002)…………………………………………….....9

Pelman v. McDonald's Corp., 396 F.3d 508 (2d Cir. 2005)…………………………..……......5,6,8

Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002)……………………………..………………....5

Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988)…………….         …………….…..…………….…….5

Singer v. Bell, 585 F. Supp. 300 (S.D.N.Y. 1984) ……………………………………………....8,13

Terrorist Attacks I, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)…..…………………….....……....3,6,8,9,12

Terrorist Attacks II, 392 F. Supp. 2d 539 (S.D.N.Y. 2005) …………………………..……....10,11,13,14

Twombly v. Bell Atlantic Corp., 425 F.3d 99 (2d Cir. 2005)…………………….…...………….5,6

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 8(a)…………………………………………………………………..1, 4, 5, 6

Fed. R. Civ. P. 12(b)(2)…………………………………………………………….........10

Fed. R. Civ. P. 12(b)(6)…………………………………………………...…passim

Fed. R. Civ. P. 34……………………………………………………………………………14

**OTHER AUTHORITIES**

Peter L. Bergen , *The Osama Bin Laden I Know*, 164 (2006))………………………………….1

Eggen, Dan, *Who Aided Hijackers is Still Mystery*, Washington Post (Sept. 10, 2003)……………..7

## I.    INTRODUCTION.

Pursuant to the Federal Rules of Civil Procedure ("FRCP"), Defendant Dallah Avco Trans-Arabia Co., Ltd. ("Dallah Avco"), by and through its undersigned attorney hereby replies to the Plaintiffs Ashton, et. al. ("Plaintiffs") opposition to Dallah Avco's motion to dismiss.  To reiterate, and to put the Plaintiffs' opposition in context, at all relevant times, Dallah Avco provided routine aircraft maintenance support services, which were rendered exclusively within the Kingdom of Saudi Arabia.

Contrary to Plaintiffs' legal conclusion that Dallah Avco "knowingly provid[ed] financial support to al Qaida for a decade"[1], (Pls' Opp'n at 1) Dallah Avco submits that this accusation is conclusory and most importantly, lacking in terms of causation.  Since all Plaintiffs' allegations are similar to this one, they cannot withstand Dallah Avco's Rule 12(b)(6) motion.

In their opposition, Plaintiffs present four theories – Rule 8(a), the Anti-Terrorism Act ("ATA"), Alien Tort Claims Act (ATCA), and the common law – as support for their contention that they have presented valid claims against Dallah Avco upon which relief can be granted.  Under any of these theories, Plaintiffs must still present allegations in their Sixth Amended Complaint ("Complaint"), that are not conclusory and *sufficiently* plead a causal connection between their injuries asserted and the alleged injurious conduct of Dallah Avco.  Even at the pleading stage these requirements must be satisfied in order to withstand the instant Rule 12(b)(6) motion.  For reasons set forth infra, Plaintiffs' arguments fail to adequately rebut Dallah Avco's underlying motion since the question is not whether they can ultimately prove their claims under various legal theories, but whether *in their complaint*, they have asserted non-conclusory and well-pleaded facts

---

[1] For the Court's edification, in 1991, i.e., a "decade" back from 9/11 OBL was not on anybody's radar screen.  To wit:  "OBL's first declaration that he was at war with the United States was issued [o]n August 23, 1996, three months after his return to Afghanistan" (Peter L. Bergen, *The Osama Bin Laden I Know*, 164 (2006)).  Even "the Agency (CIA) simply had no idea of [OBL's] possible significance until the bin Laden unit was set up within the CIA in January 1996." Id. at 61.  The outlines of what would become the 9/11 plot were not even discussed until 1996 when Khaled Sheikh Mohammed met with OBL in Tora Bora.  Id. at XVI.

demonstrating that a causal connection between Dallah Avco's conduct and the Plaintiffs' injuries exist.  Because Plaintiffs have failed to assert that Dallah Avco was directly involved in the attacks that led to their injuries, Dallah Avco's Rule 12(b)(6) motion should be granted.

Plaintiffs' personal jurisdiction argument rests primarily on three incorrect assertions.  First, that Dallah Avco purposely directed an employee to come to America and assist two would-be 9/11 hijackers.  Second, that Dallah Avco "knew" it was financially assisting al Qaida through said employee.  Third, that Dallah Avco "knew" and intended that al Qaida would attack America.  In short, Dallah Avco did not avail itself of the jurisdiction of the United States through a former employee.  Plaintiffs' allegations are again conclusory and do not satisfy the due process requirements of establishing minimum contacts and reasonableness.

With respect to Plaintiffs' claim that Dallah Avco is part of this amorphous world wide conspiracy to fund terrorism, Plaintiffs' conspiracy based jurisdiction's premise fails as it is unreasonable to infer that conclusion from either their sensational allegations submitted herein or from the factual allegations in paragraphs 451-455 of their Complaint.  Plaintiffs' jurisdictional discovery request also fails for reasons set forth in Part VI of this reply.  In sum, Dallah Avco's motion to dismiss should be granted.

## II.   PLAINTIFFS HAVE NOT PLED SUFFICIENT FACTUAL ALLEGATIONS TO SUPPORT THEIR CIVIL CONSPIRACY CLAIMS AND THUS FAIL TO ALLEGE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

In order to present factual allegations sufficient to support their civil tort claims, Plaintiffs must have made factual allegations in their Complaint whereby this Court could reasonably infer that Dallah Avco was a part of a vast conspiracy that funded and supported the terrorist attacks of 9/11.  Any reading of Plaintiffs' Complaint at paragraphs 451-455 (the only paragraphs that discuss Dallah Avco) will not support the inferences Plaintiffs make in their opposition.  Without establishing that Dallah Avco was part of an alleged conspiracy that led to or assisted the hijackers

in attacking America, it follows that Plaintiffs can not present any factual allegations that tie, link, or otherwise suggest that Dallah Avco is liable to Plaintiffs for their injuries incurred on 9/11.[2]

Both this Court and well established case law have ruled that "to recover Tort damages on a conspiracy theory, a Plaintiff must establish the commission of a tort and the following four elements:  '(a) a corrupt agreement between two or more persons, (b) an overt act in furtherance of the agreement, (c) the parties intentional participation in furtherance of a plan or purpose, and (d) the resulting damage or injury.'" J. Maas, Op. at 7 (July 28, 2006) (citing Terrorist Attacks I, 349 F. Supp. 2d 765, 805 (S.D.N.Y. 2005) (citing Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1266 (S.D.N.Y. 1991)).

Even if, at this stage of litigation, it is not necessary for Plaintiffs to prove the elements of conspiracy, it *is* necessary, under Rule 12(b)(6), that they present factual allegations of conspiracy that suggest Dallah Avco had a "corrupt agreement" with al Qaida, that Dallah Avco intentionally participated in said agreement through an "overt act in furtherance of" said agreement, and that Dallah Avco's actions resulted in Plaintiffs injuries.  Even under the most liberal reading, paragraphs 451-455 of Plaintiffs' Complaint do not present these necessary factual allegations as to Dallah Avco.  Because Plaintiffs fail to present legally sufficient allegations of conspiracy, their claims against Dallah Avco must be dismissed.

III.     **PLAINTIFFS' ALLEGATIONS AGAINST DALLAH AVCO, WHETHER PLED UNDER THE ATA, ATCA, OR COMMON LAW, ARE CONCLUSORY AND INSUFFICIENT TO STATE A CLAIM.**

Even if Plaintiffs established a prima facie case of conspiracy, Rule 12(b)(6) relief is still warranted because Plaintiffs' Complaint allegations are no more than legal conclusions.[3]

---

[2]  No where in Plaintiffs' counts against the defendants do they allege that Dallah Avco was directly involved in 9/11.  For example, Plaintiffs' Complaint at ¶ 473 alleges Assault and Battery counts against the defendants "as a result of the September 11, 2001 highjackings."  But, without establishing a connection between the "September 11, 2001 highjackings" and Dallah Avco, the Plaintiffs' have made no meritorious allegations directed at Dallah Avco.  The failure to establish conspiracy is crucial to the Plaintiffs' ability to survive the instant motion.

In their opposition, Plaintiffs present four theories – Rule 8(a), the Anti-Terrorism Act ("ATA"),

Alien Tort Claims Act (ATCA), and the common law – as support for their contention that they

have presented valid claims against Dallah Avco upon which relief can be granted.  Under any of

these theories, Plaintiffs must still present allegations in their Complaint that are not conclusory.

As recently as June 28, 2006, United States Magistrate Judge Frank Maas, presided over a

discovery dispute concerning the <u>Burnett</u> Plaintiffs' attorney's discovery requests and specifically

the production of customer bank records from the NCB defendants.  Judge Maas concluded that the

allegations  were "[o]nce again … 'conclusory'".  J. Maas, Op. at 10.  To illustrate the conclusory

nature of a particular allegation Judge Maas provided an example.[4]  This example is precisely the

type of allegations Plaintiffs have made against Dallah Avco.  As such, Dallah Avco submits

Plaintiffs' allegations are conclusory and are not sufficient to withstand the instant Rule 12(b)(6)

motion.

### A.     Even Under Rule 8(a), Plaintiffs Cannot Present Conclusory Allegations.

Although the Plaintiffs repeatedly note that the requirements of Rule 8(a) are

"extremely permissive", and that "[m]any well-pleaded complaints are conclusory" (Pls.'

Opp'n at 4, 7) their complaint must still provide enough information and detail to enable

defendants to respond and defend.  <u>Kelly v. Schmidberger</u>, 806 F.2d 44, 46 (2d Cir. 1986).

Fairness is the rationale behind these requirements (i.e. information and detail) such that

defendants like Dallah Avco may have a *fair* understanding of what the plaintiffs are

complaining about and whether there is even a legal basis for recovery.  <u>Kittay v. Kornstein</u>,

---

[3]  In their opposition, Plaintiffs present an example of an allegation that overcame a Rule 12(b)(6) motion.
Pls.' Opp'n at 4.  This example hardly mimics the allegations presented in Plaintiffs' Complaint.  In fact, Plaintiffs
example supports Dallah Avco's proximate cause analysis (<u>infra</u> Pt. III(B)) as the Defendant's conduct in their
example was the direct link to the Plaintiffs' injuries.

[4]  "in addition to the sort of boilerplate that the plaintiffs recited in their discussion of the other banks, the
Burnett complaint referred to a '1999 United States Senate Report on the [Bank of Credit and Commerce
International] scheme [which] detailed the role of [NCB] in hiding assets, money laundering, the cover-up and
obstruction of a Senate investigation, and sponsoring international terrorism.'"  J. Maas, Op. at 10.

230 F.3d 531, 541 (2d Cir. 2000) (emphasis added).  As to the "short and plain statement" requirement of Rule 8(a), the principal purpose of the statement is to give *fair* notice to enable an adverse party to answer and prepare for trial.  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (emphasis added).

To support their contention that their allegations are sufficient under the "extremely permissive" requirements of Rule 8(a), and thus, can overcome Dallah Avco's Rule 12(b)(6) motion, Plaintiffs cite Phelps v. Kapnolas, 308 F.3d 180 (2d Cir. 2002 2005); Twombly v. Bell Atlantic Corp., 425 F.3d 99 (2d Cir. 2005); and, Pelman v. McDonald's Corp., 396 F.3d 508 (2d Cir. 2005).

Phelps is easily distinguished from the instant matter for any number of reasons.  First, Phelps involves a § 1983 claim which is inapposite to the allegations of international terrorism in this case.  Second, the claims herein rely on imputed liability where the potential for an improper extension of liability based upon conclusory allegations is magnified.  Third, the fact that a "heightened pleading standard" was rejected in Phelps does not preclude a heightened standard applied herein given Plaintiffs' damaging and sensational allegations which seek to impose liability on hundreds of disparate and tenuously connected defendants.  Again, this danger of unfairness and prejudice was *not* present in Phelps.  Phelps, 380 F. 3d at 186.  Actually, Phelps reiterates Dallah Avco's argument that "a court should [not] hesitate to dismiss a complaint when the plaintiff's allegation … fails as a matter of law."  Id. at 187.

Twombly adds that: "[m]inimal requirements are not tantamount to nonexistent requirements," (Id. at 109 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)), and require that "some threshold of *plausibility* must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase."  Id. at 111 (quoting J. Posner in Asahi Glass Co., Ltd. v. Pentech Pharms., Inc., 289 F. Supp. 2d 986,

995 (N.D. Ill. 2003)) (emphasis added).  Since the Twombly court clearly stated that this "plausibility" requirement is no different for anti-trust claims than it is for other claims subject to Rule 8(a) notice pleading requirements, (Id. at 108) Dallah Avco submits that Plaintiffs should also meet this plausibility standard before both parties are forced into what will be an "inevitably costly and protracted discovery phase".[5]  Id. at 111.  This Court has embraced its own version of plausibility in Terrorist Attacks I.[6]

When Plaintiffs are held to the "plausibility" standard presented in Twombly, it is clear that this standard will not be met because Plaintiffs' Complaint fails to provide both sufficient "information and detail" as well as "a short and plain statement of the claim *showing that the pleader is entitled to relief*." Fed. R. Civ. P. 8(a) (emphasis added).

Regarding Pelman, the Supreme Court recently held that "a RICO plaintiff cannot circumvent the proximate-cause requirement." Anza v. Ideal Steel Supply Corp., 547 U.S. ___ (2006); 126 S. Ct. 1991, 1998 (2006).  As discussed infra Pt. IV, Plaintiffs "wait until discovery" arguments on this issue are flawed.

In sum, the few facts presented in their Complaint are so tenuously related to the counts charged as to suggest a fishing expedition and make it impossible for Dallah Avco to properly respond.[7]  As noted in the underlying motion, alleging nothing more than that an employee/employer relationship existed between Dallah Avco and Al-Bayoumi – a man who was cleared by the FBI over three years ago and is no longer suspected of having any links to

---

[5] This Court should know and can take judicial notice that counsel for Dallah Avco also represents the International Islamic Relief Organization (IIRO), which has been served with extremely burdensome discovery requests.  In responding to said requests, counsel has already received preliminary estimates for simply scanning the documents requested by the Plaintiffs in IIRO's general warehouse in Jeddah that are in the $500,000-$1,000,000 range.

[6] "While applying the liberal notice pleading requirements of Rule 8, this Court has noted that in light of 'the extreme nature of the charge of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant, to ensure that he-or it-does indeed have fair notice of [the claims].'" See Terrorist Attacks I, 349 F. Supp. 2d 765, 831 (S.D.N.Y. 2005).

[7] "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." Migdal v. Rowe Price-Fleming Int'l, 248 F.3d 321, 326 (4th Cir. 2001) (quoting, DM Research v. College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999)).

international terrorism[8] – can hardly be considered sufficient "information and detail" to give Dallah Avco a reasonable opportunity to respond to the serious claims with which it is faced. Effectively there is no notice of the basis upon which Plaintiffs have founded their claims.

IV.     **PLAINTIFFS' ALLEGATIONS, WHETHER PLED UNDER THE ATA, ATCA, OR COMMON LAW, PLAINTIFFS' COMPLAINT FAILS TO PRESENT A DIRECT LINK BETWEEN THEIR INJURIES AND THE ALLEGED CONDUCT OF DALLAH AVCO.**

Even if Plaintiffs established a prima facie case of conspiracy, Rule 12(b)(6) relief is still warranted because Plaintiffs' Complaint fails to establish proximate cause.  As noted above, even if Plaintiffs have plead claims under the ATA, ATCA, or Common Law, they still must present enough factual allegations that show a direct link between their injuries and alleged conduct on Dallah Avco's part.

Since filing the underlying motion to dismiss, the United States Supreme Court handed down an opinion, stating *inter alia*, that a "directness requirement" for proximate causation is part of the necessary standard that a Plaintiff must satisfy to withstand a 12(b)(6) motion. Anza, 126 S. Ct. at 1997-98 (citing Holmes v. Securities Investor Protection Corporation, 503 U.S. 258, 268 (1992)).[9]  In Anza, the Court held that the central question a district court must ask in evaluating the sufficiency of proximate causation [when considering a RICO complaint in a 12(b)(6) motion] is "whether the alleged violation led directly to the plaintiff's injuries."

_____

[8]  Dan Eggen, *Who Aided Hijackers is Still Mystery*, WASH. POST, Sept. 10, 2003, at A1.
[9]  In citing Holmes, 503 U.S. 258 (1992), Anza holds that proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged."  Anza, 126 S. Ct. at 1996.  In applying this principle, e.g., Anza held that even though the Holmes and Anza plaintiffs alleged entirely distinct RICO violations against their respective defendants, "the absence of proximate causation is equally clear in both cases" when the directness requirement of the proximate cause analysis is applied.  Id. at 1997.

Id. at 1998.[10]   The Anza ruling is germane to the instant case as it affirms Dallah Avco's contention that proximate causation is essential to withstand a Rule 12(b)(6) motion.

Although the instant case does not concern an anti-trust matter as in Anza, Dallah Avco nevertheless submits that Plaintiffs' Amended Complaints, RICO, and More Definite Statements (hereinafter referred to collectively as "Complaints") should nonetheless be held to the Anza "directness requirement" or at least some modified version thereof.  Even if the Anza test is not applied herein, Dallah Avco submits the Plaintiffs have not established proximate cause under this Court's analysis in Terrorist Attacks I, 349 F. Supp. 2d 765, 798-801 (S.D.N.Y. 2005).

In their opposition, Plaintiffs urge this Court not to grant Dallah Avco's motion because any information missing in their Complaints' allegations is "the sort of information that is appropriately the subject of discovery."  Pls' Opp'n at 12 (citing Pelman v. McDonald's Corp., 396 F.3d 508 (2d Cir. 2005).  As noted above, this argument serves to circumvent the proximate cause requirement (as applied in Anza) in an effort to conduct a costly fishing expedition in the name of discovery. See Anza 126. S.Ct. at 1998 (holding that "a RICO plaintiff cannot circumvent the proximate-cause requirement" and discussing the rationale for applying the proximate-cause analysis).  Moreover, in Singer v. Bell, Judge Weinfeld held that,  "[t]he discovery rules 'are not a hunting license to conjure up a claim that does not exist.'"  585 F. Supp. 300, 304 (S.D.N.Y. 1984).[11]

On page 8 of their opposition, Plaintiffs provide two statements that they submit are sufficient to show "proximate causation" under an ATA claim.  Plaintiffs state, "Dallah Avco's knowing provision of financial support and assistance to Al Qaida was a proximate cause of the September 11 attacks" and "[a]dditionally, proximate cause may be supported by plaintiffs'

---

[10]   The Court further stated that the notion of explaining away the lack of a direct relation to Plaintiffs' injuries as Defendant's "indirect route to accomplish their goal" does not accord with the Holmes proximate cause test which Anza expounds upon.  Id. at 1998.

[11] See infra Pt. VII and accompanying text for additional Singer v. Bell analysis.

allegations that Dallah Avco aided and abetted or conspired with the Al Qaeda terror network leading up to the September 11 attacks". Pls.' Opp'n at 8. Certainly these statements do not qualify under any analysis as establishing proximate causation. To reiterate, at no point do Plaintiffs allege that Dallah Avco was a direct link to the 9/11 tragedy.

Plaintiffs best attempt to link Dallah Avco with 9/11 is their allegation that a former employee (Mr. Mr. Al Bayoumi) was affiliated with two would-be 9/11 hijackers. Even this allegation, fails to draw a line from Dallah Avco to Plaintiffs' injuries. First, the FBI has already cleared Mr. Mr. Al Bayoumi of any and all involvement with the 9/11 tragedy as did British intelligence. Second, Dallah Avco hired Mr. Mr. Al Bayoumi to work in the Kingdom of Saudi Arabia and not in America, i.e., to reiterate, its business is the provision of aircraft maintenance services solely in Saudi Arabia. Third, even if Mr. Mr. Al Bayoumi did house two of the 9/11 hijackers, Plaintiffs do not allege that he did so *in the furtherance of Dallah Avco's business interests or at the direction of Dallah Avco,* indeed how could they?[12] Thus, Based upon what Plaintiffs have alleged in their complaint it is not reasonable to draw any kind of inference that Dallah Avco is a member of a vast financial network supporting.

In sum, Plaintiffs fail to present sufficiently detailed allegations showing that Dallah Avco's conduct was the proximate cause of Plaintiffs' injuries. Neither the Anza test nor the standard that this Court applied in Terrorist Attacks I can be satisfied by the bare allegations

---

[12] Plaintiffs question Dallah Avco's use of vicarious liability in footnote 1 of their opposition. To respond, Dallah Avco submits "[u]nder the doctrine of respondeat superior an employer may be *vicariously liable* for the tortuous acts of its employees *only if* those acts were committed in furtherance of the employer's business and within the scope of employment." N.X. v. Cabrini Med. Ctr., 97 N.Y.2d 247, 251 (2002) (emphasis added). Moreover, by Judge Robertson in Burnett v. Al Baraka Inv. And Dev. Corp. stated, "The [plaintiffs] asserts claims against members of the al-Rajhi family who are bank officers, but it makes no allegations that would support an inference that any al-Rajhi family member was acting within the scope of his bank employment when he allegedly provided support to al Qaeda, as would be necessary to impose vicarious liability on the bank for the acts of its officers and employees. 274 F. Supp. 2d 86, 109 n.18. Here, Dallah Avco should not be vicariously liable for any tortious acts committed by Mr. Mr. Al Bayoumi since anything he may have done in San Diego, Ca. was not in furtherance of Dallah Avco's aviation business which performs exclusively within the Kingdom of Saudi Arabia.

Plaintiffs present.  For any or all of these reasons, Plaintiffs' complaint fails to state a claim for which relief can be granted.

## V.  PLAINTIFFS FAIL TO ALLEGE A LEGALLY SUFFICIENT BASIS FOR PERSONAL JURISDICTION.

Although Plaintiffs argue that their Complaint asserts a legally sufficient basis for personal jurisdiction, their arguments are inherently flawed because jurisdiction depends on their insufficient claims of conspiracy, without which the Plaintiffs have alleged no facts that could connect Dallah Avco with the forum.  Again, Dallah Avco has never availed itself of the jurisdiction of the United States nor had direct contacts with the United States either in the past or present.  See Ex. A (attached hereto).  Consequently, the Plaintiffs have failed to establish personal jurisdiction and their Complaint should be dismissed pursuant to Rule 12(b)(2).

Notwithstanding the arguments presented supra Part II of this Reply, should this Court find that a conspiracy exists, merely stating that "by knowingly providing financial support to al Qaida to attack the United States, Dallah Avco subjected itself to the personal jurisdiction of this United States Court[ ]" (Pls.' Opp'n at 10) is not enough to establish a prima facie showing of personal jurisdiction as it is nothing more than a "conclusory allegation" and "argumentative inference" which this Court has previously held is simply not acceptable.  Terrorist Attacks II, 392 F. Supp. 2d at 556.

### A.  Plaintiffs Have Not Presented Sufficient Facts That Establish Minimum Contacts.

Plaintiffs submit, "Dallah Avco engaged in business in San Diego, California.  That is unquestionably sufficient to establish minimum contacts."  Pls.' Opp'n at 11.  Even assuming that a former employee of Dallah Avco was in San Diego, Ca. in 2000, Dallah Avco did not direct this employee to relocate his position to the United States.  Again, Dallah Avco is an aviation-services company performing such services exclusively in Saudi Arabia.  Dallah Avco has no aviation

location services in any part of the United States where this employee could have worked.
Plaintiffs' one sentence minimum contacts analysis (Id. at 11) is not sufficient and does not
illustrate minimum contacts such that this Court should exercise personal jurisdiction over Dallah
Avco.

Should the Court, however, find that Plaintiffs have presented sufficient contacts
notwithstanding the foregoing, Dallah Avco submits it is not "reasonable" to haul it into this Court.

**B.      Plaintiffs Have Not Presented Sufficient Facts Or Arguments That Suggest It
Is "Reasonable" To Haul Dallah Avco Into This Court.**

There is a good reason why neither Dallah Avco nor Mr. Mr. Mr. Al Bayoumi (a) has been
designated by the Treasury Department;[13]  (b) or has been designated by the State Department (c)
or is not the subject of any current or past criminal investigation; and (d) or has not even been
called into a grand jury investigation let alone been indicted as a 9/11 conspirator.  The reason is
that these allegations are entirely baseless in nature.  Certainly by now, five years after 9/11, the
U.S. Government would have gathered enough information to support an indictment if one was
warranted.[14]

Given the above factors, Dallah Avco submits that to extend jurisdiction over it would open
the floodgates of jurisdiction to such an extreme level, that the traditional notions of fair play and
substantial justice would be offended.  See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
In the 11th hour, Plaintiffs now allege that Dallah Avco knowingly financially supported al Qaida
with an eye toward attacking America.  Pls.' Opp'n at 9, 10.  This allegation is "conclusory" and
conjures up the type of "argumentative inferences" which this Court has already held are *not*
acceptable for establishing a prima facie case for jurisdiction.  Terrorist Attacks II, 392 F. Supp. 2d
at 556.

---

[13]  See Office of Foreign Assets Control Specially Designated Nationals and Blocked Persons
(http://www.treasury.gov/offices/enforcement/ofac/sdn/t11sdn.pdf) last updated 6/17/06
[14]  Query:  *Do the Plaintiffs' really believe that the FBI (not to mention MI 5 in London) would release a
known financier of the 9/11 tragedy?*

With respect to Plaintiffs' statement, "[b]ecause the court has personal jurisdiction over Dallah Avco with respect to plaintiffs' ATA claims, then it may also assert pendent jurisdiction over the remaining claims that derive from the same events", (Pls.' Opp'n at 11), as noted <u>supra</u> Part II, Plaintiffs cannot assert a "valid claim" because their allegations are conclusory and because they do not present factual allegations establishing proximate cause.  Without a valid claim, Plaintiffs cannot argue that this Court has jurisdiction over Dallah Avco, especially when the entity has neither availed itself of the jurisdiction of the United States in any manner nor had direct contacts with the United States either in the past or present.  <u>See</u> Ex. A.  In short, these statutes cannot in effect nullify the due process requirements for personal jurisdiction.  <u>Jin v. Ministry of State Sec.</u>, 335 F. Supp. 2d 72, 80 (D.D.C. 2004).

For any or all of the foregoing reasons this Court should not extend jurisdiction over Dallah Avco.

## VI.    PLAINTIFFS' CONSPIRACY BASED JURISDICTION THEORY SHOULD BE DENIED.

Plaintiffs' conspiracy-based jurisdiction theory should be rejected just as Judge Maas rejected Plaintiffs' similar arguments supporting their claim that they were entitled to lists of customers from NCB in his recent July 28, 2006 discovery Order.[15]

In their Complaint, Plaintiffs present no facts whereby one could "reasonably infer" that "Dallah Avco and Al Qaeda agreed to injure America through terror attacks" as the Plaintiffs now (in their opposition) suggest.  Pls.' Opp'n at 13.  Simply stated, Plaintiffs' last minute conspiracy analysis proffered on page 13 of their opposition, is a circular argument in that they allege Dallah

---

[15] Most of Judge Maas' analysis echoes Dallah Avco's arguments including the argument that Plaintiffs have failed to make a prima facie showing of conspiracy. J. Maas, Op. at 7.  In citing this Court's opinion in <u>Terrorist Attacks I</u>, Judge Maas affirms that to establish personal jurisdiction on a conspiracy theory, plaintiffs must make a prima facie case, allege specific facts warranting the inference that the defendant was a member of the conspiracy, and show that the defendant's co-conspirator committed a tort in New York.  <u>Id.</u> (citing <u>Terrorist Attacks I</u>, 349 F. Supp. 2d at 805 (citing <u>Chrysler Capital Corp. v. Century Power Corp.</u>, 778 F. Supp. 1260, 1266 (S.D.N.Y. 1991)).

Avco "channel[ed] money" to the 9/11 hijackers via Mr. Al Bayoumi as the basis for an inference that there was a corrupt agreement. However, there is nothing to suggest that any of Dallah Avco's actions would be considered "channeling money" *without* a corrupt agreement. Finally, Plaintiffs can not establish a prima facie showing of conspiracy jurisdiction based upon the very few facts they have asserted against Dallah Avco in their Complaint. Based upon the foregoing, Plaintiffs' request for conspiracy based jurisdiction should be denied.

## VII.   PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY SHOULD BE DENIED.

"If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdictional discovery is appropriate even in the absence of a prima facie showing as to the existence of jurisdiction." Terrorist Attacks II, 392 F. Supp. 2d at 812. Courts are not obligated to subject a foreign defendant to discovery, however, where the allegations of jurisdictional facts, construed in plaintiffs' favor, fail to state a basis for the exercise of jurisdiction or where discovery would not uncover sufficient facts to sustain jurisdiction. Id. (citing Jazini, 148 F.3d at 183-85 (granting a motion to dismiss and *denying jurisdictional discovery where [the] complaint was described as "sparse" and "conclusory"*) (emphasis added).

Plaintiffs ask this Court to "at a minimum" order jurisdictional discovery over Dallah Avco. Pls.' Opp'n at 13. However, as repeated numerous times herein, Plaintiffs' Complaint is "conclusory" and fails to identify any genuine issue of jurisdictional fact.

When referring to the jurisdictional discovery requests served upon NCB, Judge Maas, noted that "these Plaintiffs have already established that they will serve "far-reaching" requests much beyond the scope of attempting to establish a factual predicate for their conclusory allegations." J. Maas, Op. at 8-9.

Furthermore, permitting jurisdictional discovery will only lead to incredible cost and further unnecessary litigation. In Singer v. Bell, Judge Weinfeld held,

Apparently recognizing that their showing is woefully inadequate, plaintiffs argue that they should not be required to make a prima facie showing of conspiracy until they have had an opportunity for discovery. The New York Court of Appeals has held that if plaintiffs have "made a sufficient start, and shown their position not to be frivolous" they should be afforded an opportunity for discovery before the Court decides the motion to dismiss for lack of personal jurisdiction. Here, however, as indicated previously, plaintiffs have come forward with no evidence linking [ ] and the firm to the alleged conspiracy, other than the allegations of *guilt by association*, and therefore cannot be said to have made the "sufficient start" required to justify discovery. The discovery rules "are not a hunting license to conjure up a claim that does not exist." As Judge Griesa has stated: To compel a defendant to remain in an action during discovery . . . is an assertion of jurisdiction to some extent -- and no trivial burden in a substantial case. Surely a plaintiff must make some specific factual showing in order to assert such jurisdiction. A plaintiff cannot be permitted to effect service of process on an out-of-state defendant on the mere basis that such plaintiff hopes somehow and somewhere to find enough facts to create grounds for jurisdiction.

585 F. Supp. 300, 304 (S.D.N.Y. 1984).

As to Plaintiffs' statement in support of their request that this Court has allowed jurisdictional discovery over *other* defendants in this case, it is important to note that when doing so, this Court reasoned that "some deference should be given" as said defendants were designated by the Treasury Department as "terrorists". Terrorist Attacks II, 392 F. Supp. 2d 539, 561 (S.D.N.Y. 2005). As noted above, Dallah Avco has not been designated as a terrorist entity (nor any of its employees) by the United States and thus, no similar deference is appropriate.

Despite the foregoing, should this Court permit the instant Plaintiffs the right to jurisdictional discovery, Dallah Avco submits that specific guidelines should be set by this Court as to what Plaintiffs may seek in their Rule 34 requests, especially in light of Judge Maas's holding. The jurisdictional discovery requests the instant Plaintiffs' have served upon other defendants in this litigation, evidences that their requests seek both substantive and jurisdictional discovery. [16] Although New York courts have allowed some overlap with substantive issues under the agency theory of personal jurisdiction, in this case there is no distinction left between jurisdictional

---

[16] Rule 34 Requests Served Upon Defendant Rabita Trust.

discovery and full discovery because the substantive overlap touches all of the substantive allegations.[17]

In sum, Dallah Avco urges this Court not to grant jurisdictional discovery as it would undermine the inherent protections of notice pleading and subject Dallah Avco to full-blown discovery even though the plaintiffs' pleadings are insufficient.

## VII.   CONCLUSION

Given the foregoing reasons, it is clear that Dallah Avco's motion to dismiss can and should be granted.  Attenuated, conclusory, and remote allegations without any causal connection between the parties can hardly serve as the underpinnings for denial of a 12(b)(6) motion.

Respectfully Submitted,

_____/s/_____
Martin McMahon, Esq., M.M. 4389
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343

*Attorney for Defendant Dallah Avco*

Dated: July 24, 2006

---

[17]  Since under the relevant provision of the NY long arm statute is section 302(a)(2), a civil conspiracy is not a cause of action in and of itself (Corris v. White, 29 A.D. 2d 470, 472 (App. Div. 4th Dept. 1968)) but simply serves to link the parties for the purpose of imposing civil liability  (Id. at 473), the grant of jurisdictional discovery would, in this case, involve discovery regarding:  (1) Plaintiffs' allegations of conspiracy (to link the defendant to alleged co-conspirators);  and (2) Plaintiffs' tort allegations (to establish that the alleged co-conspirators actually committed a tort within the state).  Thus, in this case, jurisdictional discovery has the effect of becoming full blown substantive discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of Motion

to Dismiss was served via electronic case filing on this 24th day of July 2006, upon the following:

Andrew J. Maloney III, Esq.
Kreindler & Kreindler
100 Park Avenue
New York, NY 10017-5590

_____/s/_____
Lisa D. Angelo, Esq.

16