UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 *This document relates to:* *Ashton et al v. al Qaeda et al*, 02-cv-6977 (RCC) | 03 MDL 1570 (RCC) ECF Case |

# **DEFENDANT SANABEL AL KHEER'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS.**

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:        202-862-4343
Facsimile:    202-828-4130

*Attorney for Defendant Sanabel Al-Kheer*

**TABLE OF CONTENTS**

I. INTRODUCTION……………………………………………………………………..2

II. PLAINTIFFS' COMPLAINT FAILS TO STATE A
    CLAIM AGAINST SANABEL. ........................................................................................ 3

  A. Standard of Review................................................................................................ 3

  B. Plaintiffs' Allegations Are Conclusory And Insufficient
     To State a Claim................................................................................................... 4

  C. Plaintiffs' Complaint Fails to Establish Causation......................................................... 7

  D. Besides Filing To Establish Causation The Allegations
     Made Herein Concern Alleged Investments That Go As
     Far Back As The 1980s……………………………...……………………………..8

III. CONCLUSION ........................................................................................................ 9

# TABLE OF AUTHORITIES

**CASES**

Anza v. Ideal Steel Supply Corp., 126 S. Ct. 1991 (2006) ............................................7,8

Atuahene v. City of Hartford, 10 Fed. Appx. 33 (2d Cir. 2001)...........................................5

Browning v. Clinton, 292 F.3d 235 (D.C. Cir. 2002) ................................................... 4

Burnett v. Al Baraka, 274 F. Supp. 2d 86 (D.D.C. 2003)...........................................2,6

De Jesus v. Sears, Roebuck & Co., 87 F.3d 65 (2d Cir. 1996).........................................7

DiPonzio v. Riordan, 89 N.Y.2d 578 (1997) ........................................................... 2, 9

Hishon v. King & Spalding, 467 U.S. 69 (1984)........................................................... 3

Holmes v. Securities Investor Protection Corporation, 503 U.S. 258 (1992)........ ……………..7

In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371 (S.D.N.Y. 2001) ......................... 4

Kowal v. MCI Communications Corp., 16 F.3d 1271 (D.C. Cir. 1994) ..........................…..4

First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763 (2d Cir. 1994) ...........………………7

Papasan v. Allain, 478 U.S. 265 (1986)........................................................................ 4

Terrorist Attacks I, 349 F. Supp. 2d 765 (S.D.N.Y. 2005) ........ ……………………......2,5,6,8

Lumber Co. v. Bank of Am., 749 F.2d 1378 (9th Cir. 1984)

cert. den., 472 U.S. 1032 (1985) ...........…………………………………………..………...9

Ungar v. Islamic Republic of Iran, 211 F. Supp. 2d 91 (D.C. 2002) ..... …………………......…8

W.E. Media Inc. v. Gen. Elec. Co., 218 F. Supp. 2d 463 (S.D.N.Y. 2002).................................. 5

Wagner v. Barrick Gold Corp., 2006 U.S. Dist. LEXIS 3854,

at *14 (S.D.N.Y. Jan. 31, 2006)……………………………………………………….....2,4,7

**RULES**

FRCP 12(b)(6) ........................................................................................................ 2,8

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant Sanabel Al-Kheer, by and through its undersigned attorney, moves this Court to dismiss Plaintiffs' complaint as it relates to or regards Defendant Sanabel Al-Kheer. For both the Plaintiffs' and Court's edification, Plaintiffs are under the mistaken notion that "there are three similarly named entities affiliated with IIRO."[1] Plaintiffs have named three "Sanabel" entities in their complaint: Sanabil Al-Khair, Sana-Bell, Inc., and Sanabel Al-Kheer, Inc. As to the first named entity, Sanabil Al-Khair, undersigned counsel does not represent this entity and has reason to believe it does not exist as it appears to be a misspelling of Sanabel Al-Kheer, Inc. As to the second named entity, Sana-Bell, Inc., the undersigned also submits it no longer exists. On or about February 28, 2001 Sana-Bell, Inc. was, in effect, donated to Sanabel Al-Kheer, Inc. and assigned all right, title and interest to the entity as well.[2] As stated in Sana-Bell, Inc.'s accompanying motion to dismiss, undersigned counsel specifically represents to this Court that Sanabel Al-Kheer is the successor entity.

Given the evidence furnished hereto as Exhibits A and B, the undersigned counsel submits that this Court should dismiss Sana-Bell, Inc. from the Plaintiffs' complaint and consider this motion and memorandum as responsive to both entities as the Sana-Bell, Inc. merged into Sanabel Al-Kheer, Inc. Counsel further submits that any and all of Plaintiffs' allegations against Sana-Bell, Inc. should likewise merge into Plaintiffs' allegations against Sanabel Al-Kheer, Inc..[3]

---

[1] Pls.' Am. Compl. ¶ 235.
[2] See Ex. A, Assignment of Judgment, dated February 28, 2001 and signed by the then secretary M. Yaqub Mirza. Ex. A states inter alia, that Sana Bell, Inc., assigned all right, title and interest to Sanabel Al-Kheer; see also Ex. B, Certificate from the Government of the District of Columbia, Department of Consumer and Regulatory Affairs, dated September 9, 2002. Ex. B certifies that Sana Bell's Articles of Incorporation were "revoked by proclamation.".
[3] Both this Court as well as Plaintiffs' counsel should be aware that any assets Sanabil may have had would have also merged into Sanabel Al-Kheer in or about 2001 when all the right, title and interest was assigned to Sanabel Al-Kheer.

1

## I. INTRODUCTION

Defendant Sanabel Al-Kheer, Inc. (hereinafter "Sanabel") and hereby files this memorandum in support of its motion to dismiss the Ashton, et. al.'s (hereinafter "Plaintiffs") sixth amended complaint (hereinafter referred to as "Complaint") on the basis of failure to state a claim for which relief can be granted under FRCP 12(b)(6).

FRCP 12(b)(6) relief is appropriate because: (a) Plaintiffs' allegations are conclusory in nature; (b) they are lacking in terms of causation; and (c) because their indirect and implied allegations regarding Prince Sultan[4] and the International Islamic Relief Organization ("IIRO") – cannot subject Sanabel to liability.

First, Plaintiffs allege that because Prince Sultan gave monetary donations to various charities including IIRO *and* because Sanabel is allegedly the "financial fund" for IIRO, *that* Sanabel is linked to the 9/11 attacks. This is a far-fetched and conclusory two-part allegation which cannot withstand the instant FRCP 12(b)(6) motion to dismiss.[5]  Second, Plaintiffs fail to establish any kind of connection or causal link between their injuries and the alleged conduct of Sanabel (i.e., acting as a "financial fund" for the IIRO). Failure to adequately allege a causal link between the Defendant's alleged conduct and Plaintiffs' injuries alone warrants dismissal of their complaint.[6]  Third, this Court can decide not to entertain claims made against Sanabel

---

[4] A previously named Defendant who was dismissed from this matter on January 18, 2005 for want of subject matter and personal jurisdiction. Terrorist Attacks I, 349 F. Supp. 2d 765, 837 (S.D.N.Y. 2005).

[5] As this Court has held, "in light of the extreme nature of the charges of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant…" In re: Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d 765, 831 (S.D.N.Y. 2005) ("Terrorist Attacks I") (quoting Burnett v. Al Baraka, 274 F. Supp. 2d 86, 103-04 (D.D.C. 2003) ("Burnett I")).

[6] See Wagner v. Barrick Gold Corp., 2006 U.S. Dist. LEXIS 3854, at *14 (S.D.N.Y. Jan. 31, 2006) (granting defendants' Motion to Dismiss for plaintiffs' failure to adequately allege a causal link between defendants' alleged conduct and plaintiffs' securities fraud claim); *see infra*. Pt. II(C) and accompanying text.

based on the doctrine of Subject Matter Jurisdiction since the claims herein relate to investments that go as far back as the 1980s.[7]

For any or all of the foregoing reasons Defendant's motion to dismiss can and should be granted.

## II.     PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST SANABEL.

Without alleging, much less establishing that Sanabel was part of an alleged conspiracy that led to or assisted the hijackers in attacking America, it follows that Plaintiffs can not present any factual allegations that tie, link, or otherwise suggest that Sanabel is liable to Plaintiffs for their injuries incurred on 9/11.[8] Furthermore, even if Plaintiffs established a prima facie case of conspiracy, Rule 12(b)(6) relief is still warranted because Plaintiffs' Complaint allegations are conclusory in nature, they are lacking in terms of causation and they allege nothing more than that Sanabel was a financial fund for IIRO _and_ that because IIRO received monetary donations from Prince Sultan – a former Defendant who this Court ordered dismissed on January 21, 2005[9] – Sanabel is somehow liable for the 9/11 attacks.

### A.     Standard of Review

A court may dismiss a complaint if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In reviewing such a motion, the court must construe the complaint in the light most favorable to plaintiff and must accept as true all allegations and all reasonable factual

---

[7] See infra. Pt. II (D).
[8] No where in Plaintiffs' counts against the defendants do they allege that Sanabel was directly involved in 9/11. For example, Plaintiffs' Complaint at ¶ 473 alleges Assault and Battery counts against the defendants "as a result of the September 11, 2001 highjackings." But, without establishing a connection between the "September 11, 2001 highjackings" and Sanabel, the Plaintiffs' have made no meritorious allegations directed at Sanabel. The failure to establish conspiracy is crucial to the Plaintiffs' ability to survive the instant motion.
[9] See supra n. 4.

3

inferences drawn from the factual allegations.  See Wagner v. Barrick Gold Corp., 2006 U.S. Dist. LEXIS 3854, at *4-5 (S.D.N.Y. Jan. 31, 2006).

However, the court need not "accept inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint."  Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).  A court must reject legally conclusory allegations, treating only specific factual allegations as true.  In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 405 (S.D.N.Y. 2001).

### B.    Plaintiffs' Allegations Are Conclusory And Insufficient To State a Claim

In their 243 page Complaint, Plaintiffs make two allegations that mention and impliedly refer to Sanabel.  First, in paragraph 200 of their Complaint, Plaintiffs imply *that* because Prince Sultan personally donated money to Islamic Charities such as the IIRO, Al-Haramain, Muslim World League (MWL) and the World Assembly of Muslim Youth *and* because Sanabel[10] was the alleged "financial fund" for the IIRO, *that* Sanabel was involved in the financing of international terrorism.  Second, Plaintiffs imply through a creative reading of paragraphs 235, 236 and 380, *that* because Hassan A.A. Bahfzallah, Yaqu M. Mirza and Abdullah Al Obaid were officers or directors of Sanabel *and* because these officers or directors were also officers and directors of MWL, *and* because MWL's Pakistani branch is Rabita Trust *and* because "Rabita Trust is an entity named by the United States and the United Nations as associated with Al Qaida", *that* Sanabel is somehow also related to Al Qaida.  Pls. Am. Compl. at ¶¶ 235-36, 380. This Court should not entertain these attenuated and "six degrees of separation" links between

---

[10]  Plaintiffs actually allege that "Sanabel El-Khair" is the "financial fund" for IIRO, however, for purposes of this motion only, we will presume Plaintiffs meant to direct this allegation as to Sanabel Al-Kheer, Inc.

4

Sanabel and Plaintiffs' injuries. See W.E. Media Inc. v. Gen. Elec. Co., 218 F. Supp. 2d 463, 475 (S.D.N.Y. 2002).[11]

The allegation against Sanabel of having been the recipient of monetary donations from Prince Sultan, which were allegedly intended as financial donations to Islamic charities including IIRO, (Pls. Am. Compl. ¶¶ 200, 201, 236, 380) alleges nothing that could subject Sanabel to liability for the 9/11 tragedy. It is well established that general and conclusory allegations such as those made by Plaintiffs herein are an insufficient basis for liability as "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." Terrorist Attacks I, 349 F. Supp. 2d at 833 (quoting De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996)).

Moreover, such conclusory allegations are always insufficient, as a matter of law, to maintain a lawsuit, even if they address all the requisite elements of a cause of action. See Terrorist Attacks I, 349 F. Supp. 2d at 832-33. Here, not even one fact that would support the claims alleged in Counts One – Eight are in fact alleged by Plaintiffs as to Sanabel. Sanabel has simply been lumped in with hundreds of other defendants without any specific factual allegations to support their claims. Thus, Plaintiffs fail to "give *each* defendant fair notice of what their claim is and the ground upon which it rests." Atuahene v. City of Hartford, 10 Fed. Appx. 33 (2d Cir. 2001) (emphasis added).

Plaintiffs have not even alleged that Sanabel "had to know" that it was supporting terrorism by being financially affiliated with IIRO, MWL, or other Muslim charities. Assuming

---

[11] The term "six degrees of separation" comes from Judge Marrero's analysis in W.E. Media, 218 F. Supp. 2d 463, 475 (S.D.N.Y. 2002) ("[Plaintiff] also invokes a six-degrees-of-separation argument that because [plaintiff] dealt with corporate entities owned in part by certain Defendants [that] Defendants knew of [plaintiff]. Given the legal divide between the day-to-day operations of a corporation and its shareholders or between a parent and subsidiary [citation omitted], [plaintiffs'] factual arguments are too attenuated to support its point".).

*arguendo* the Plaintiffs did allege that Sanabel "knew" it was supporting terrorism, that would still be insufficient to withstand the instant motion pursuant to this Court's holding in Terrorist Attacks I. 349 F. Supp. 2d at 833. When examining the claims made against Al Rajhi Bank, this Court noted that the plaintiffs "do not offer facts to support their conclusions that Al Rajhi Bank had to know that Defendant charities… were supporting terrorism." Id. This was the case even though the Plaintiffs' complaint contained allegations that "Al Rajhi knew or had to know that its depositors … were material supporters of terrorism." Id. at 831. The only implied allegation against Sanabel may be found at paragraph 200 of the Plaintiffs' Complaint. As noted above, this allegation of such an attenuated connection between Prince Sultan and IIRO, cannot possibly withstand the instant motion to dismiss.

Alternatively, and to the extent that Plaintiffs impliedly suggest that Sanabel was acting as a "funnel" for the transfer of money from alleged donors (i.e. Prince Sultan) to alleged supporters of international terrorism (i.e. IIRO), this Court has upheld Judge Robertson's ruling that although the act of "funneling," or transferring money to a terrorist, is "unlawful and actionable," there is no basis for the liability of [an entity] which ***unwittingly*** served as a "funnel." See Burnett I, 274 F. Supp. 2d at 109. Applying this holding to the instant facts and assuming *arguendo* Sanabel was financially related to IIRO *and* that IIRO did receive donations from Prince Sultan; Plaintiffs make NO allegations that Sanabel knew it was funneling money that would somehow end up in the hands of terrorists.

In short, Plaintiffs' conclusory and "six degrees of separation" allegations are not sufficient to subject Sanabel to this Court's jurisdiction.

6

### C. Plaintiffs' Complaint Fails to Establish Causation

As this Court is aware, Plaintiffs must show that Defendant's actions were a substantial cause of their injuries and that their injuries were reasonably foreseeable to Defendant. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 769 (2d Cir. 1994). Because of an obvious lack of connection between the Plaintiffs' injuries and the alleged conduct of Sanabel (i.e. operating as an alleged financial fund), this Court can and should dismiss Plaintiffs' complaint as it applies to Sanabel. See Wagner v. Barrick Gold Corp., 2006 U.S. Dist. LEXIS 3854, at *14-15 (S.D.N.Y. Jan. 31, 2006) (granting in part, defendants' Motion to Dismiss due to plaintiffs' failure to adequately allege a causal link between defendants' alleged conduct and plaintiffs' securities fraud claim).

Moreover, a recent Supreme Court decision relating to Rule 12(b)(6) motions and the importance of causation (and specifically proximate causation as it relates to Conspiracy allegations states inter alia, that a "directness requirement" for proximate causation is part of the necessary standard that a Plaintiff must satisfy to withstand a 12(b)(6) motion. Anza v. Ideal Steel Supply Corp., 126 S. Ct. 1991, 1997-98 (2006) (citing Holmes v. Securities Investor Protection Corporation, 503 U.S. 258, 268 (1992)).[12]  In Anza, the Court held that the central question a district court must ask in evaluating the sufficiency of proximate causation [when considering a RICO complaint in a 12(b)(6) motion] is "whether the alleged violation led directly to the plaintiff's injuries." Id. at 1998.[13]  The Anza ruling is germane to the instant case as it

---

[12] In citing Holmes, 503 U.S. 258 (1992), Anza holds that proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged." Anza, 126 S. Ct. at 1996.  In applying this principle, e.g., Anza held that even though the Holmes and Anza plaintiffs alleged entirely distinct RICO violations against their respective defendants, "the absence of proximate causation is equally clear in both cases" when the directness requirement of the proximate cause analysis is applied. Id. at 1997.

[13] The Court further stated that the notion of explaining away the lack of a direct relation to Plaintiffs' injuries as Defendant's "indirect route to accomplish their goal" does not accord with the Holmes proximate cause test which Anza expounds upon. Id. at 1998.

7

affirms Sanabel's contention that proximate causation is essential to withstand a Rule 12(b)(6) motion.

Although the instant case does not concern an anti-trust matter as in Anza, Sanabel submits that Plaintiffs' complaint should nonetheless be held to the Anza "directness requirement" or at least some modified version thereof. Even if the Anza test is not applied herein, Sanabel submits that the Plaintiffs have not established proximate cause under this Court's analysis in Terrorist Attacks I, 349 F. Supp. 2d 765, 798-801 (S.D.N.Y. 2005). Plaintiffs fail to make allegations sufficient to meet their causation burden as to Sanabel because Plaintiffs have not alleged actions on the part of Sanabel which actually led to the terrorist attacks of September 11, 2001. Moreover, and as further discussed below, Plaintiffs have not alleged sufficient facts to demonstrate that Sanabel should have been able to foresee the 9/11 attacks from investments made as long ago as the early 1980s. Instead, Plaintiffs have merely strung together a list of legal conclusions which lack the necessary facts to support these conclusions. Because the Plaintiffs have not met their burden of alleging specific facts that Sanabel's conduct was the proximate cause of their injuries, all the claims presented in Plaintiff's Complaint must be dismissed.

### D. Besides Filing To Establish Causation The Allegations Made Herein Concern Alleged Investments That Go As Far Back As The 1980s.

Courts deciding similar issues to those presented herein have previously recognized that the absence of causation may be both a jurisdictional and a liability issue. See Ungar v. Islamic Republic of Iran, 211 F. Supp. 2d 91, 98 (D.C. 2002). Plaintiffs' allegations go as far back as the 1980s. Any such allegations obviously bear no relationship to the actual occurrence that caused the Plaintiffs' harm on September 11, 2001. Even if the Court makes a giant leap of logic that there is some consequential relationship between Sanabel's "conduct" and the occurrence of

8

September 11th, it is the kind of "indirect consequence … at most, a remote possibility at the time the conduct occurred and thus was not a foreseeable consequence." Di Ponzio v. Riordan, 89 N.Y.2d 578, 585 (1997); see also Timberlane Lumber Co. v. Bank of Am., 749 F.2d 1378, 1385 (9th Cir. 1984) cert. den., 472 U.S. 1032 (1985) (holding that investment decision to foreclose on assets in Honduras, which later has effect on plaintiff in the United States does not meet foreseeability requirement for subject matter jurisdiction). Because of a lack of connection between the Plaintiffs' injuries and the alleged conduct of Sanabel, this Court can decline to exercise jurisdiction over such claims. See Diponzio, 89 N.Y. 2d at 583.

### III.  CONCLUSION

For good cause shown in this memorandum, this Court should grant Defendant's motion to dismiss.

Respectfully Submitted,

/s/
Martin McMahon, Esq., M.M. 4389
Martin McMahon & Associates
1150 Connecticut Ave., N.W.
Suite 900
Washington, D.C. 20036
(202) 862-4343
(202) 828-4130

*Attorney for Defendant Sanabel Al-Kheer*

Dated: July 31, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum in Support of Motion to Dismiss was served via electronic case filing on this 31st day of July, 2006, upon the following:

Andrew J. Maloney III, Esq.
Kreindler & Kreindler
100 Park Avenue
New York, NY 10017-5590

                                                                                           /s/
                                              Lisa D. Angelo, Esq.