**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) | No. 03 MDL 1570 (RCC) |
| | ) | ECF Case |
| | ) | |

This document relates to: All actions.

**NOTICE OF FILING**

PLEASE TAKE NOTICE, that defendant Al Haramain Islamic Foundation, Inc. (USA) is

hereby filing with this Court the renewed License issued by the Office of Foreign Assets

Control, U.S. Department of the Treasury (attached hereto as Exhibit 1).

Respectfully submitted,

/s/ Lynne Bernabei

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
The Bernabei Law Firm, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
tel. (202) 745-1942
fax (202) 745-2627

Attorneys for Defendant
  Al Haramain Islamic Foundation, Inc. (U.S.A.)

DATED:  August 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2006, I caused the foregoing to be served

electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant

to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


/s/ Alan R. Kabat

_____

Alan R. Kabat



DEPARTMENT OF THE TREASURY

WASHINGTON, D.C. 20220

LICENSE No. SDGT-343c

## Global Terrorism Sanctions Regulations

## AMENDED LICENSE

(Granted under the authority of the International Emergency Economic Powers Act (50 U.S.C. §§ 1701 *et seq.),* the National Emergencies Act (50 U.S.C. § 1601 *et seq.*), 22 U.S.C. § 287c, Executive Order 13224,  as amended, and 31 C.F.R. Parts 501 and 594.)

To:    The Bernabei Law Firm, PLLC (the "Licensee")
       1773 T Street, N.W.
       Washington, D.C.  20009-7139
       Attn:  Lynne Bernabei, Esq.

1. Based on your letter of July 10, 2006 (the "Application"), to the Office of Foreign Assets Control on behalf of Al Haramain Islamic Foundation, Inc., and information otherwise available to the Office of Foreign Assets Control, the transactions and activities delineated on the reverse hereof are hereby authorized.

2.  This License is granted upon the statements and representations made in the Application, or otherwise filed with or made to the Treasury Department as a supplement to the Application, or based on information available to the Treasury Department, and is subject to the condition, among others, that the Licensee complies in all respects with all regulations, rulings, orders and instructions issued by the Secretary of the Treasury under the authority of the International Emergency Economic Powers Act (50 U.S.C. §§ 1701 *et seq.*), the National Emergencies Act (50 U.S.C. §§ 1601 *et seq.*), section 5 of the United Nations Participation Act of 1945, as amended (22 U.S.C. § 287c), section 301 of title 3 of the United States Code, Executive Order 13224 of September 23, 2001, as amended, and the terms of this License.

3.  The Licensee shall furnish and make available for inspection any relevant information, records, or reports requested by the Secretary of the Treasury, or any other duly authorized officer or agency.

4.  This License expires on **July 31, 2007**, is not transferable, and is subject to E.O. 13224, as amended, the provisions of 31 C.F.R. Parts 501 and 594, and any regulations and rulings issued pursuant thereto.  This License may be revoked or modified at any time at the discretion of the Secretary of the Treasury.  If this License was issued as a result of willful misrepresentation, it may, at the discretion of the Secretary of the Treasury, be declared void from the date of its issuance or from any other date.

5.  This License does not excuse compliance with any law or regulation administered by the Office of Foreign Assets Control or another agency (including reporting requirements) applicable to the transactions herein licensed, nor does it release the Licensee or third parties from civil or criminal liability for violation of any law or regulation.

Issued by direction and on behalf of the Secretary of the Treasury:

OFFICE OF FOREIGN ASSETS CONTROL

By  *Barbara C. Hammerle*   7-31-06

Barbara C. Hammerle

Acting Director

Attention is directed to 18 U.S.C. § 1001, 50 U.S.C. § 1705, and 31 C.F.R. Part 594.701 for provisions relating to penalties.

**SECTION I - AUTHORIZATION**: **(a)** Subject to the conditions and limitations set forth herein, The Bernabei Law Firm, PLLC (the "Licensee"), is hereby authorized to receive payment for legal services rendered and reimbursement of incurred expenses for the provision of legal services to Al Haramain Islamic Foundation, Inc. ("AHIF") **(i)** in connection with <u>Burnett, et al. v. Al Baraka Investment & Development Corporation, et al.</u>, Case No. 03-CV-09849 (RCC) (S.D.N.Y.), <u>Ashton, et al. v. Al Queda, et al.</u>, Case No. 02-CV-06977 (RCC) (S.D.N.Y.) and cases consolidated under Case No. 03 MDL 1570 (RCC) (S.D.N.Y.), and **(ii)** in connection with U.S. government investigations related to the blocking of AHIF's assets pending investigation as described in the Application.

**(b)** Any transfers of funds through the U.S. financial system pursuant to the authorization set forth above should reference the number of this license to avoid the blocking or rejection of the transfer.

**SECTION II – CONDITIONS:** **(a)** Payments to the Licensee for professional fees and expenses authorized by this License must not originate from a source within the United States or within the possession or control of a U.S. person, including its overseas branches.

**(b)** The Licensee must certify that neither it nor persons in its employment, its agencies or instrumentalities have, knowingly or with reason to know, accepted, directly or indirectly, from or on behalf of AHIF, any funds or other property in which a Designated Person has or has had an interest. For the purpose of this License, the term Designated Person means any individual or entity, other than AHIF or Soliman H.S. Al-Buthe in his role as a director of AHIF, whose property or interests in property are blocked pursuant to any Executive order or Chapter V of Title 31 of the C.F.R.

This includes funds or other property obtained for or on behalf of AHIF through the services of a Designated Person. The certification required under this License is to cover the period commencing the date of this License through July 31, 2007 and is to be received by the Office of Foreign Assets Control no later than 30 days after the period for which it is being filed or together with an application for renewal, whichever occurs first. The certification is to be mailed to: ASSISTANT DIRECTOR FOR LICENSING, Office of Foreign Assets Control, U.S. Department of the Treasury, 1500 Pennsylvania Avenue, NW, Treasury Annex, Washington, DC 20220, and is to reference License No. SDGT-343c.

**(c)** The Licensee must submit a copy of this License to the relevant court or any other decision-making body or forum.

**SECTION III – WARNING:** **(a)** Except as expressly authorized by the terms of this License, or otherwise by the Office of Foreign Assets Control, this License does not authorize the transfer of any blocked property, the debiting of any blocked account, the entry of any judgment or order that effects a transfer of blocked property, or the execution of any judgment against property blocked pursuant to any Executive order or Chapter V of Title 31 of the C.F.R.

**(b)** Except as expressly authorized by the terms of this License, or otherwise by the Office of Foreign Assets Control, nothing in this License authorizes the receipt of funds or other property, directly, or indirectly, from any entity or individual whose property or interests in property are blocked pursuant to any Executive order or Chapter V of Title 31 of the C.F.R.

**(c)** Nothing in this License authorizes the provision of services or the receipt of payment of fees or reimbursement of expenses other than for the purposes delineated in Section I above.

**LICENSE No. SDGT-343c**                                                                                    **Page 3 of 3**

**SECTION IV – REPORTING REQUIREMENTS:** (a) The Licensee is subject to the recordkeeping and reporting requirements of, *inter alia*, 31 C.F.R. §§ 501.601 and 501.602, including the requirement to maintain full and accurate records concerning the transactions undertaken pursuant to this License for a period of five years from the date of each transaction.

(b) In the event of litigation or similar proceedings, other than proceedings to which the Office of Foreign Assets Control is a party, the Licensee is required to report by immediate telephone call or facsimile transmission to the Chief Counsel, Office of Foreign Assets Control (Tel: 202/622-2410; Fax: 202/622-1911), the scheduling of any hearing or status conference in the proceedings whenever it appears that a court or other adjudicating body may issue an order or judgment or default judgment or is considering or may decide any pending request dispositive of the merits of the proceeding or of any claim raised in the proceeding.  31 C.F.R., § 501.605.

(c) See 31 C.F.R. § 501.605 for additional requirements regarding reports on litigation, arbitrations and dispute resolution proceedings.

**SECTION V - PRECEDENCE:** The authorization contained in this License is limited to the facts and circumstances specific to the Application.