IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (RCC) ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-CV-6978

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAMAL BARZINJI'S MOTION FOR LEAVE TO FILE HIS UNREDACTED MOTION FOR A STAY FOR THE COURT'S *IN CAMERA* REVIEW

Defendant Jamal Barzinji, by and through undersigned counsel, hereby submits this Memorandum of Law in Support of his motion for leave to file his unredacted Motion for a Stay for the Court's *in camera* review.

### ARGUMENT

Simultaneously herewith, Defendant Dr. Jamal Barzinji has moved this Court for an order staying this action pending the Court's resolution of outstanding motions to dismiss and completion of the Government's criminal investigation of Dr. Barzinji. One of the grounds for that motion is that, in light of an ongoing criminal investigation of the very same matters as alleged in the complaint, a stay is necessary to protect Dr. Barzinji's Fifth Amendment Rights. To support that argument, Dr. Barzinji must provide the Court with the current status of the criminal investigation being conducted by the United States Attorneys' Office for the Eastern District of Virginia.

There is no question that Dr. Barzinji's discussion of the status of the investigation is entitled to secrecy. Accordingly, Dr. Barzinji has redacted from the motion that he filed with Plaintiffs and served upon the Court's ECF system any discussion of the status of the criminal investigation.

However, because it is necessary for the Court to consider and review the nature and extent of the criminal investigation in order to rule on his motion, Dr. Barzinji seeks leave to file with this Court, for its *in camera* review, the unredacted motion which contains the discussion of the status of the criminal investigation.

This use of *in camera* submissions, while not favored, is justified by a compelling interest such as maintaining grand jury secrecy. *See In re John Doe Corp.*, 675 F.2d 482, 490 (2d Cir. 1982). The Second Circuit has held that "where an *in camera* submission is the only way to resolve an issue without compromising a legitimate need to preserve the secrecy of the grand jury, it is an appropriate procedure." *See John Doe v. U.S.*, 13 F.3d 633, 636 (2d Cir. 1994).

Here, the *in camera* presentation to the Court proposed by Dr. Barzinji is the only means by which the motion to stay can be resolved by the Court while at the same time maintaining secrecy of the status of the criminal investigation.

## CONCLUSION

Therefore, Dr. Barzinji respectfully requests that the Court grant his motion for leave to file with the Court for its *in camera* review an unredacted copy of his motion to stay containing a discussion of the status of the criminal investigation.

Respectfully submitted,

Dated:   September 15, 2006          By: /s/ Nancy Luque
                                      Nancy Luque (NL-1012)
                                      Steven K. Barentzen (SB-8777)
                                      DLA PIPER RUDNICK GRAY CARY US LLP
                                      1200 Nineteenth Street
                                      Washington, DC  20036-2247
                                      Tel: 202-861-3900
                                      Fax: 202-223-2085

                                      *Attorneys for Jamal Barzinji*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2006, I caused an electronic copy of the foregoing Memorandum Of Law In Support Of Motion For Leave to File Unredacted Motion for a Stay for the Court's *in camera* Review to be served by the Court's electronic filing system upon all parties scheduled for electronic notice.

/s/  Steven K. Barentzen
Steven K. Barentzen (SB-8777)