UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) |
| *This document relates to:* | ECF Case |
| *Ashton et al v. al Qaeda et al*, 02-cv-6977 (RCC) | |

# DEFENDANT SANA-BELL INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:           202-862-4343
Facsimile:      202-828-4130

*Attorney for Defendant*

I.     INTRODUCTION.

Defendant Sana-Bell, Inc.[1] (hereinafter "Sana-Bell") files this reply separate from Sanabel Al Kheer to illustrate the need for this Court to at a minimum, dismiss Sana-Bell from Plaintiffs' complaint since it is no longer in existence, has no assets from which any judgment could be collected upon, and because it assigned all right, title and interest to Sanabel Al-Kheer in 2001.  See Ex. A previously submitted with underlying motion.

II.    **PLAINTIFFS 9 PAGES OF ALLEGED FACTS, WHICH ARE NON RESPONSIVE TO THE UNDERLYING MOTION TO DISMISS, ARE FLAWED, CANNOT SUPPLEMENT PLAINTIFFS' FACTUALLY SPARSE COMPLAINT, AND SHOULD NOT BE ENTERTAINED BY THIS COURT.**

Plaintiffs' notion that "over $2 million of Sana-Bell, Inc.'s funds invested with Soliman Biheiri went missing and have never been accounted for" (Pls. Opp'n at 7) is simply nonsense. Plaintiffs' are well aware of the Maryland District Court case Sana-Bell, Inc. v. BMI et. al., Case No. 98-CV-4177.  As noted therein, "Sana-Bell brought [an] action on December 23, 1998 to recover its investment of over two-million dollars made in two limited partnerships managed by Defendants BMI REDI and BMI Leasing."  Pls. Mot. Sum. Judgment, at 2 (December 15, 1999). For the Court's edification, the two-million dollar loss was the result of poor investment decisions made by the defendants.  U.S. District Judge Peter J. Messitte entered an order in favor of Sana-Bell, Inc. and in the amount of $2,300,287.50 (the amount lost).  J. Messite, Order September 29, 2000.  To date, this Judgment has not been collected upon since there were and still are no assets from which to collect upon.  See Aff. Attached hereto as Ex. A.  Thus, Plaintiffs' contention that two-million Sana-Bell dollars are "missing" or not "accounted for" as is a false and non-responsive statement that should have no bearing on this Court when considering the instant motion to dismiss.

---

[1] Undersigned counsel notes that "Sanabil, Inc." may have been used interchangeably with Sana-Bell, Inc.. Regardless of the spelling difference, there exists only one entity.

Furthermore, to accuse two fine members of the D.C. Bar[2] of filing a "bogus lawsuit", as part of a money laundering scheme, on Sana-Bell's behalf (Pls' Opp'n at 8) is far fetched, unethical and defamatory.

### III. SANA-BELL SHOULD BE DISMISSED AS AN ENTITY NO LONGER IN EXISTENCE.

Both this Court as well as Plaintiffs' counsel should be aware that any assets Sana-Bell may have had merged into Sanabel Al-Kheer in or about 2001 when all Sana-Bell's right, title and interest was assigned to Sanabel Al-Kheer. Based upon the previously submitted exhibits as well as the undersigned counsel's representation to this Court that Sana-Bell no longer exists, this Court can and should dismiss Sana-Bell from the Plaintiffs' complaint. Sana-Bell's underlying proposed Order should also be entered as it would maintain the status quo by redirecting Plaintiffs' allegations from a non-existent entity and into an existent entity that holds any and all remaining assets from the former entity. To reiterate, Sana-Bell has merged into Sanabel Al Kheer, any and all of Plaintiffs' allegations against Sana-Bell should also merge into Plaintiffs' allegations against Sanabel Al Kheer.

---

[2] Richard A. Gross, Esq. and Michael D. Gaffney, Esq of the former law firm Rosenman & Colin LLP.

### IV. CONCLUSION.

Undersigned counsel for the former entity Sana-Bell requests the Court hereby dismiss with prejudice the claims in the above referenced action against Defendant Sana-Bell and that all parties bear their own attorneys' fees, costs, and expenses.

                                                            Respectfully Submitted,

                                                            _____/s/_____
                                                          Martin McMahon, Esq., M.M. 4389
                                                          Martin McMahon & Associates
                                                          1150 Connecticut Ave., N.W.
                                                          Suite 900
                                                         Washington, D.C. 20036
                                                         (202) 862-4343
                                                         (202) 828-4130

                                                         *Attorney for Defendant*

                                                         Dated: October 12, 2006

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Reply Memorandum was served via electronic case filing on this 12th day of October 2006, upon the following:

Andrew J. Maloney III, Esq.
Kreindler & Kreindler
100 Park Avenue
New York, NY 10017-5590

                                                          _____/s/_____
                                                          Lisa D. Angelo, Esq.