UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.* (02 CV 6977)


**PLAINTIFFS' RESPONSE TO DEFENDANT KHALID BIN MAHFOUZ'S MOTION TO SUPPLEMENT HIS MOTION TO DISMISS**

**INTRODUCTION**

On October 5, 2006, Khalid Bin Mahfouz filed a request to supplement his fully briefed motion to dismiss with the annexed record of the recent statement of Jean-Charles Brisard, an individual who's statements have nothing to do with the allegations against Khalid Bin Mahfouz set forth in the *Ashton* complaint.   As used by defendant Khalid Bin Mahfouz to "supplement" his Rule 12(b)(6) and Rule 12(b)(2) arguments, the Brisard statement is an attempt to circumvent the closed briefing schedule and have the Court consider material completely irrelevant to the *Ashton* allegations.

I.  **Defendant Khalid Bin Mahfouz Request's to Supplement His Motion to Dismiss is an Impermissible End Run Around the Closed Briefing Schedule**

Defendant Khalid Bin Mahfouz's request to "supplement" his Motion to Dismiss represents an improper attempt to supplement the closed briefing without leave of Court, in contravention of the Case Management Order and the Scheduling Stipulations negotiated amongst the parties.  It is also an improper attempt to foist additional pages of argument upon the

Court beyond those allowed in the Brief and Reply Brief in support of his Motions to Dismiss. The Court should strike such impermissible "supplemental" materials.

**II.      The Statement of Jean-Charles Brisard is Irrelevant to the Allegations in the *Ashton* Complaint**

Characterizing Mr. Brisard as "Plaintiffs' lead investigator" whose work is the basis for plaintiffs' claims is false. His statements are neither referenced nor cited in the *Ashton* complaint. He was never hired by the *Ashton* plaintiffs. Tellingly, while the instant motion refers to statements made by Burnett counsel who hired Brisard and refers to claims in most of the other complaints, there is no mention made of the *Ashton* action. In fact, the defendant does not raise any issue with the *Ashton* plaintiffs. This is because the *Ashton* allegations against defendant Bin Mahfouz did not derive from Mr. Brisard's statements.

In considering a Rule 12(b)(6) Motion to Dismiss, the Court is limited to the materials that are within the four corners of the complaint. *Carter v. Stanton*, 405 U.S. 669, 671 (1972). Brisard's statements do not fall within the four corners of the *Ashton* complaint. They are not used as a basis for argument in the *Ashton* Plaintiffs' Motion in Opposition to Kahid Bin Mahfouz's Motion to Dismiss.

In submitting the witness statement of Jean-Charles Brisard, the defendant hopes to deflect the Court's attention from the *Ashton* complaint's well-grounded and well-pleaded allegations that Bin Mahfouz knowingly supported terror attacks on America.

The *Ashton* Plaintiffs' allegations have nothing to do with Mr. Brisard's books and publications. The allegation in the *Ashton* complaint are based on the following sources:

**1. The NCB Audit**

This document was put into the Court record by the defendant Mahfouz himself.[1] The relevant sections of the audit unequivocally state that the "Muwafaq charity received SR11.38 million in loans and deposits." It goes on to state that "special accounts were not authorized nor reviewed neither by the Audit Division nor by the Zakat Committee in 1998. SR 279.5 million were transferred through these two accounts to the International Islamic Relief."[2] This discussion of how funds were misdirected to different charities including Muwafaq and the IIRO was clearly laid out in the Saudi National Commercial Bank Audit Report. Moreover, the United States Department of Treasury has called Muwafaq an al Qaeda front.[3] Corroboration was provided by the former CIA counter-terror chief, Victor Cannistraro, who stated to Congressional Committee, that NCB was the funnel to al Qaeda from wealthy Saudi businessmen.[4]

### 2. The Muwafaq Foundation

The United States Department of Treasury calls the Muwafaq charity an al Qaeda front. Yasin al Qadi who ran the day to day operations of Muwafaq states that Khalid Bin Mahfouz

---

[1] Submitted to the Court in *Memorandum in Support of Defendant Khalid Bin Mahfouz's Motion to Dismiss Plaintiff's Complaint ,Tab B*, Summary of the Saudi National Commercial Bank Audit. *See also*, Exhibit A (For the convenience of the Court, Plaintiffs have attached the same as Exhibit A)

[2] *Id.*

[3] Submitted to the Court in Plaintiffs' *Motion of Opposition to Khalid Bin Mahfouz' Motion to Dismiss*, in the First Affidavit of John Fawcett. Plaintiffs submitted a Press Release, Office of Foreign Asset Control, United States Treasury, October 12, 2001. The Press Release specifically lists Yasin a-Qadi and discusses his charitable relations with al Qaeda. Plaintiffs also submitted a letter from David Aufhauser, Deputy Counsel of the Department of Treasury November 29, 2001 letter to Claude Nicati, Substitut du Procureur General, Switzerland, where the Deputy Counsel discusses Yassin Kadi, Muwafaq and Al Qaeda. *See also*, Exhibit B. (For the convenience of the Court, Plaintiffs have attached the same as Exhibit B)

[4] *Ashton* 6AC ¶424.

founded Muwafaq[5] and appointed key officials and chose the countries in which Muwafaq was to incorporate and operate.[6] On October 12, 2001 the Treasury Department published a list of designated global terrorists including entities and individuals. About Yasin al Qadi, the Treasury Department said; "He heads the Saudi-based Muwafaq Foundation. Muwafaq is an al-Qaeda front that receives funding from wealthy Saudi businessmen."[7]

### 3. The Golden Chain

The early supporters of al Qaeda were listed in a document known as the "Golden Chain," a document that has been authenticated by numerous U.S. Government agencies. The name Bin Mahfouz appears on the Golden Chain list. Defendant makes the point that his first name does not appear, but confirms both that his surname does appear on list and the existence of such a list. The document that lists members of the Golden Chain has been recognized as an accurate al Qaeda document by it's use in the 9/11 Commission and the United States Department of Justice.[8]

### 4. Bank of Credit and Commerce International

---

[5] Submitted to the Court in Plaintiffs' *Motion of Opposition to Khalid Bin Mahfouz' Motion to Dismiss*, in the First Affidavit of John Fawcett. Plaintiffs submitted a Office of Foreign Asset Control, United State Treasury, *In the Matter of Yassin Abdullah Kadi, Statement of Yassin Abdullah Kadi,* ¶24. *See also*, Attached Exhibit B.

[6] *Id* at ¶¶26-29.

[7] *See*, October 12, 2001, Press Release. November 29, 2001 Dept. of Treasury letter. *See also*, Attached Exhibit B.

[8] Submitted to the Court in Plaintiffs' *Motion in Opposition to Motion to Dismiss of Hamad al-Husaini*, in the Affirmation of Andrea Bierstein. Plaintiff submitted, *United States v. Arnaout*, No. 02 CR 892 (N..D. Ill. Jan 6, 2003), the Govt.'s Evidentiary Proffer Supporting the Admissibility of Co-Conspirator Statements. Also submitted to the Court, *9/11 Commission Final Report*, July 2004, pps. 55, 66. *See also*, Attached Exhibit C.

Our complaint is in error where we state that Khalid Bin Mahfouz was the CEO of BCCI, when, in fact, he was the main shareholder and had stated that he "planned ultimately to become the sole owner of both First American and BCCI."[9] Court appointed fiduciaries confirmed that defendant's ultimate goal was a "plan to merge or integrate NCB, First American and BCCI into a single global bank under U.S. supervision."[10] The allegations in the complaint regarding BCCI come from the United States Senate investigation into the banking scandal which was lead by Senator John Kerry.[11] However, the defendant's plan for establishing a U.S. banking conglomerate comes from the defendant himself.

Whether Brisard retracted his statements or not is therefore irrelevant to resolution of Bin Mahfouz's motion to dismiss against the *Ashton* plaintiffs. The Defendant ignores that the Court's role here is "not to assay the weight of the evidence which might be offered in support" of the Complaint, but "merely to assess the legal feasibility" of the Complaint. *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). In evaluating whether plaintiffs ultimately could prevail, the Court must "accept all of Plaintiffs' factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the Plaintiffs." *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999). The witness statement of Brisard is immaterial.

---

[9] *BCCI Holdings v. Sheikh Khalid Bin Mahfouz*, Civil Action No. 92-2763 ( DDC1993), the Affidavit of Howard B. Dyson, page 6, quoting defendant Mahfouz's deposition on May 18-19, 1992. *See also*, Attached Exhibit D.

[10] *Id* at page 2 .

[11] *The BCCI Affair, A Report to the Committee on Foreign Relations*,102d Congress 2d Session, (December 1992) (statement of Senator John Kerry and Senator Hank Brown).

Likewise, the witness statement of Brisard has nothing to do with the defendant's Rule 12(b)(2) Motions for lack of jurisdiction.  To resolve these Rule 12(b)(2) Motions, the Court must construe all pleadings and affidavits in the light most favorable to Plaintiffs, draw all inferences in the Plaintiffs' favor, and resolve all doubts in Plaintiffs' favor.  *PDK Labs v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir. 1997); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir. 1993).  The defendant's supplement is immaterial to the Court's task of construing the *Ashton* pleadings and affidavits to resolve whether *Ashton* Plaintiffs have made out a *prima facie* case of jurisdiction against the Defendant.

## CONCLUSION

For the above reasons, Defendant Bin Mahfouz's Motion to Supplement his Motion to Dismiss must be denied in the *Ashton* action.

Dated:  October 16, 2006
New York, New York                              Respectfully submitted,


                                        _____/S/_____
                                        James P. Kreindler, Esq. (JK7084)
                                        Justin T. Green, Esq.  (JG0318)
                                        Andrew J. Maloney, III, Esq. (AM8684)
                                        Kreindler & Kreindler LLP
                                        100 Park Avenue
                                        New York, NY 10017-5590
                                        Phone: (212) 687-8181
                                        *Attorneys for the Ashton Plaintiffs*