UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, No 04-CV-7065

## PLAINTIFFS' JOINDER RESPONSE TO DEFENDANT KHALID BIN MAHFOUZ'S MOTION TO SUPPLEMENT HIS MOTION TO DISMISS

### INTRODUCTION

Plaintiffs join in the memorandum of law filed in the *Federal Insurance* and *Estate of John P. O'Neill* actions opposing Defendant's effort to "supplement" his motion to dismiss with a written statement of Jean-Charles Brisard ("Brisard Statement"),[1] and move the Court to deny Defendant's motion. Defendant's belated attempt to "supplement" his motion runs afoul of the closed briefing schedule, is wholly irrelevant to the allegations contained in Plaintiffs' Amended Complaint, and should not be considered on a motion to dismiss. For these reasons, Defendant's motion should be denied.

---

[1] *Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-CV-6978 (S.D.N.Y.); *Estate of John P. O'Neill, Sr., v. Al Baraka Investment and Development Corp., et al.*, Case No. 04-CV-1923 (S.D.N.Y.).

1

## ARGUMENT

Defendant's motion fails in a host of respects, not the least of which is that the Brisard Statement is wholly irrelevant to Plaintiffs' Amended Complaint. Defendant attempts to paint his "relevancy" arguments with a broad brush when he asserts that the "claims Plaintiffs' have made against Mr. Bin Mahfouz restate, and appear to be based upon, the allegations made in Mr. Brisard's publications." Def. Mtn. at 3. Yet, Defendant does not, because he cannot, demonstrate that the Amended Complaint cites to or even references Mr. Brisard or his investigation of Defendant. See Def. Mtn. at 4, note 2 (omitting any reference to Plaintiffs). That is because the allegations contained in the Amended Complaint are based upon a variety of data which collectively supports Plaintiffs' claims. Linde v. Arab Bank, PLC, 384 F.Supp.2d 571, 580, 585 (E.D.N.Y. 2005); Strauss v. Credit Lyonnais, S.A., 2006 WL 2862704, at *6 (E.D.N.Y. Oct. 5, 2006).

Defendant's relevancy argument fails even when he takes liberties with the facts: contrary to Defendant's motion, Mr. Brisard does *not* work for Plaintiffs; *nor* is he Plaintiffs' "lead investigator". The Brisard Statement therefore cannot be considered "relevant" in the face of Defendant's erroneous misstatements.

Even if Plaintiffs relied upon Mr. Brisard's investigative conclusions in framing their allegations, that would be of no legal moment. Plaintiffs' allegations against Defendant must be taken in their totality and assumed as true. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514-15 (2002); Leatherman v. Tarrant Co. Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the *Federal Insurance* and *O'Neill* plaintiffs correctly assert, and as detailed in Plaintiffs' opposition motion to Defendant's motion to dismiss, the Federal Rules do not empower the Defendant to argue the sufficiency of the evidence on a motion to dismiss. Linde v. Arab Bank, PLC, 384 F.Supp.2d 571, 580, 585

(E.D.N.Y. 2005) ("Arab Bank seeks dismissal of the first seven counts of the *Linde* complaint, and the corresponding counts of the *Litle* and *Coulter* complaints, on the ground that plaintiffs have not sufficiently alleged knowledge and intent. To the extent that defendant is arguing that plaintiffs have not alleged sufficient facts to establish an evidentiary basis for their allegations of knowledge and intent, defendant simply misapprehends the pleading standard. It is not entitled to dismissal based on the argument that plaintiffs must plead more than the requisite knowledge and intent, either as to their substantive claims or their claims of aiding and abetting and conspiracy."). Defendant's motion to supplement, and its motion to dismiss, mutually reflect Defendant's ignorance of this most basic rule of pleading.

The Federal Rules require the Court to view the Amended Complaint in the light most favorable to Plaintiffs and to resolve all doubts and inferences in Plaintiffs' favor. Albright v. Oliver, 510 U.S. 266, 267, reh. denied, 510 U.S. 1215 (1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gryl ex rel. Shire Pharmaceuticals Group PLC v. Shire Pharmaceuticals Group PLC, 298 F.3d 136, 140 (2d Cir. 2002), cert. denied, 537 U.S. 1191 (2003); LaBounty v. Adler, 933 F.2d 121, 123 (2d Cir. 1991). The Amended Complaint should therefore not be dismissed for failure to state a claim "unless it appears beyond doubt that" Plaintiffs can prove "no set of facts in support of" their claim which would entitle them to relief. Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993); Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980) (holding courts task in addressing Rule 12(b)(6) motions "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.").

For this reason alone, Defendant's effort to "supplement" his motion with Brisard Statement should be denied. The Brisard Statement supplements nothing but Defendant's misunderstanding of Federal Rule 12(b)(6). Paulemon v. Tobin, 30 F.3d 307, 308-09 (2d Cir.

1994) (holding courts are limited to consideration of factual allegations in complaint on motion to dismiss). Likewise, the Brisard Statement has nothing to do with Defendant's Rule 12(b)(2) Motions for lack of jurisdiction. To resolve Defendant's Rule 12(b)(2) Motions, the Court must construe all pleadings and affidavits in the light most favorable to Plaintiffs, draw all inferences in the Plaintiffs' favor, and resolve all doubts in Plaintiffs' favor. *PDK Labs v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir. 1997); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir. 1993). The Defendant's supplement is immaterial to the Court's task of construing Plaintiffs' Amended Complaint and the *Federal* and *O'Neill* pleadings and affidavits to resolve whether Plaintiffs have made out *prima facie* cases of jurisdiction against this Defendant.

Finally, Defendant's motion should be denied because it is filed long past close of he briefing schedule. Defendant concedes that he began contesting Mr. Brisard's contentions in 2003. Def. Mtn. at p.2. Defendant also cannot deny that his motion to dismiss in this action has been fully briefed since September, 2005. Thus, for two years prior to moving to dismiss, Defendant was afforded given every opportunity to formulate his objections to any claim that he materially supported terrorism. Certainly, Defendant contests his role in financing Al Qaeda and terrorism in his motion to dismiss. Given that the Brisard Statement is irrelevant to the Amended Complaint, and has no place when deciding Defendant's motion to dismiss, allowing Defendant to "supplement" its motion at this late stage of the proceedings would be unjustified and prejudicial to Plaintiffs.

Based on the foregoing, Defendant's motion should be denied.

Respectfully submitted,

Dated: October 17, 2006

DICKSTEIN SHAPIRO LLP

BY: \_\_\_\_/s/ *Kenneth L. Adams* by CL

Kenneth L. Adams, Esq.
Christopher T. Leonardo, Esq.
Dickstein Shapiro LLP
1825 Eye Street, NW
Washington, DC 20006
(202) 420-2200 (p)
(202) 420-2201 (fx)

*Attorneys for Plaintiffs in Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, No 04-CV-7065