**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| *In re Terrorist Attacks on September 11, 2001* | 03 MDL 1570 (RCC) |
| --- | --- |
| | ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. Al Qaida, et al.*, No. 03-CV-6978

**FEDERAL INSURANCE PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT JAMAL BARZINJI'S MOTION FOR LEAVE TO FILE HIS
UNREDACTED MOTION FOR A STAY FOR THE COURT'S *IN CAMERA* REVIEW**

COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Phone:  (215) 665-2000
October 25, 2006

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

I.      INTRODUCTION ............................................................................................................ 1

II.     ARGUMENT .................................................................................................................... 2

        A.   Dr. Barzinji's Request For *In Camera*, *Ex Parte* Consideration Of The
             "Redacted" Information Violates Due Process.............................................................. 2

        B.   Absent A Compelling Interest Or Extraordinary Circumstances, *In Camera*
             Proceedings Are Not Favored........................................................................................ 4

        C.   Dr. Barzinji Does Not Have Standing To Assert Secrecy Of The Criminal
             Investigation................................................................................................................... 5

        D.   Dr. Barzinji's "Redacted" Motion To Stay Does Not Meet The Legal
             Standards For An Indefinite Stay To These Proceedings ............................................. 7

III.    CONCLUSION ................................................................................................................. 8

## TABLE OF AUTHORITIES

Page

CASES

*Abourezk v. Reagan,*
    785 F. 2d 1043 (D.C. Cir. 1986) ......................................................................... 2-3

*Hansberry v. Father Flanagan's Boys' Home,*
    2004 U.S. Dist. LEXIS 26937 (E.D.N.Y. 2004) ......................................................3

*In Re: Shopping Carts Antitrust Lit.,*
    95 F.R.D. 299 (S.D.N.Y. 1982) ...............................................................................6

*In Re: John Doe, Corp.,*
    675 F.2d 482 (2d Cir. 1982) ...................................................................................5

*In Re: John Doe, Inc.,*
    13 F.3d 633 (2d Cir. 1994).......................................................................................4

*John Doe v. Gonzales,*
    386 F. Supp. 2d 66 (D. Conn. 2005).....................................................................2, 4

*Joint Anti-Fascist Refugee Comm. v. McGrath,*
    341 U.S. 123 (1951) .................................................................................................3

*Liberty Mutual Insur. Co. v. Diamante,*
    193 F.R.D. 15 (D. Mass. 2000) ...............................................................................6

*United States v. Camacho,*
    2002 U.S. Dist. LEXIS 23741 (S.D.N.Y. 2002) .....................................................3

*United States v. Harloff,*
    826 F. Supp. 675 (W.D.N.Y. 1993) .........................................................................6

*United States v. Hornick,*
    182 F.R.D. 9 (N.D.N.Y. 1998) .............................................................................3, 4

*United States v. Marcos,*
    1989 U.S. Dist. LEXIS 10885 (S.D.N.Y. 1989)......................................................4

*United States v. The Premises Known as 25 Coligni Avenue,*
    120 F.R.D. 465 (S.D.N.Y. 1988) .............................................................................3

*Vining v. Runyon,*
    99 F.3d 1056 (11th Cir. 1996) ............................................................................3, 4

*Weberman v. National Security Agency,*
    668 F.2d 676 (2d Cir. 1982) ................................................................................................4

## FEDERAL RULES

Federal Rule of Criminal Procedure 6 ...........................................................................5, 6

## I.     INTRODUCTION

In an effort to avoid answering discovery in these consolidated proceedings, defendant Jamal Barzinji ("Dr. Barzinji") has moved this Court for an order staying the *Federal Insurance* action indefinitely.  In support of his Motion to Stay, and despite the fact that he did not obtain the consent of the plaintiffs or approval of this Court to do so, Dr. Barzinji has filed a Memorandum of Law with significant portions of the brief having been "redacted."  Allegedly, these redacted sections of the Memorandum detail the status, nature, and extent of a criminal investigation.  Simultaneously, Dr. Barzinji moved this Court for leave to file the "unredacted" version of the Motion to Stay for *in camera* review, arguing that the defendant's entitlement to secrecy of a grand jury investigation permits him to shield any discussion of the status of the criminal investigation from the parties to these proceedings.  For the reasons set forth below, Dr. Barzinji's motion for *in camera* review should be denied in its entirety.

To begin, Dr. Barzinji's proposed *in camera*, *ex parte* submission runs contrary to this Court's strong policy favoring openness of court proceedings, and violates the plaintiffs' constitutional due process rights to be made aware of and confront the evidence presented to this Court in support of an application for relief.  Moreover, Dr. Barzinji has failed to present any compelling interest or extraordinary circumstances in this case which warrant *in camera* review of an "unredacted" Motion to Stay.  Finally, the Federal Rules relating to grand jury proceedings make clear that the obligation to maintain secrecy of the grand jury proceedings extends only to the prosecutors and other government personnel.  The rules do not impose any obligation on Dr. Barzinji to keep those matters confidential and/or prevent him from openly sharing any information relating to the investigation in support of his motion.  Accordingly, the *Federal Insurance* plaintiffs respectfully request that Dr. Barzinji's motion for leave to file an unredacted motion to stay for *in camera* inspection be denied.

## II.     ARGUMENT

### A.     Dr. Barzinji's Request For *In Camera*, *Ex Parte* Consideration Of The "Redacted" Information Violates Due Process

In support of his Motion to Stay these proceedings, Dr. Barzinji has filed a Memorandum of Law which "redacts" significant sections of the brief.  Allegedly, these redacted sections detail the status and nature of the federal government's on-going criminal investigation.  Dr. Barzinji acknowledges that this Court cannot rule on the Motion to Stay without first considering the redacted sections of the Memoradum of Law, and therefore, has simultaneously moved for leave to file an "unredacted" brief with this Court for *in camera* review.

Plaintiffs submit that the defendant's proposed *in camera*, *ex parte* submission runs contrary to the strong policy favoring openness of court proceedings and further violates the plaintiffs' due process rights to be made aware of and confront the evidence presented against them.  The decision in *Abourezk v. Reagan*, 785 F. 2d 1043 (D.C. Cir. 1986), is particularly instructive here.  Reversing and remanding the case to the lower court, the Court of Appeals for the District of Columbia expressed serious concerns about the district court's heavy reliance upon *in camera* evidence when it granted the defendant's motion for summary judgment.  *Id.* at 1060.  Cautioning the district court to make certain that the plaintiffs were given access to the *in camera* evidence to the fullest extent possible, the court stated the following:

> It is a hallmark of our adversary system that we safeguard party access to the evidence tendered in support of a requested court judgment.  The openness of judicial proceedings serves to preserve both the appearance and reality of fairness in the adjudications of the United States courts.  It is therefore the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte*, *in camera* submissions.

*Id.* at 1060-1061.

The courts within this Circuit have followed the reasoning in *Abourezk* to hold that *ex parte* determinations on the merits of a civil case are generally not condoned.  *See John Doe v. Gonzales*, 386 F. Supp. 2d 66, 70-71 (D. Conn. 2005) (citing *Abourezk* and stating that justice

relies on the adversarial process to reveal the strengths and deficiencies in parties' litigation postures); *Hansberry v. Father Flanagan's Boys' Home*, 2004 U.S. Dist. LEXIS 26937, *15 (E.D.N.Y. 2004) (citing to the reasoning in *Abourezk* and declining to consider *in camera* evidence submitted by the defendant where the plaintiff had a right to be aware of and refute evidence); *United States v. Camacho*, 2002 U.S. Dist. LEXIS 23741 (S.D.N.Y. 2002) (rejecting party's request to consider *ex parte* submission).  *See also Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 170 (1951) (stating that "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights."); *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996) (concluding that the district court erred in using information obtained during *ex parte*, *in camera* examination to judge the merits of the plaintiffs' Title VII claims).

Moreover, the courts have held that *in camera* submissions are generally not favored and should be used sparingly because they typically deny one party to a proceeding of a full opportunity to be heard on an issue.  *See United States v. The Premises Known as 25 Coligni Avenue*, 120 F.R.D. 465, 470 (S.D.N.Y. 1988) (holding that "*in camera* proceedings should be used sparingly because they necessarily deprive one party of the opportunity to confront the evidence or even to articulate intelligent legal arguments"); *United States v. Hornick*, 182 F.R.D. 9, 11 (N.D.N.Y. 1998) (stating that *in camera* submissions deprive one party to a proceeding the full opportunity to be heard on an issue).

Consistent with the reasoning articulated by the courts, the proposed *in camera* submission of Dr. Barzinji's "unredacted" Motion to Stay runs contrary to the court's strong policy favoring the openness of judicial proceedings.  Moreover, the *in camera* submission jeopardizes the plaintiffs' due process rights to be made aware of the evidence presented against them in the Motion to Stay, and to further oppose it.  For these reasons, Dr. Barzinji's motion for leave to file an unredacted motion to stay for *in camera* review must be denied.

3

**B.      Absent A Compelling Interest Or Extraordinary Circumstances, *In Camera* Proceedings Are Not Favored**

The courts have further held that absent a compelling interest, *in camera* examination of evidence should not be allowed. *Hornick*, 182 F.R.D. at 11. Indeed, the courts have held that only in the most extraordinary circumstances may a court rely upon *ex parte* evidence to decide the merits of a dispute. *See Gonzales*, 386 F. Supp. 2d at 71 (reasoning that "it is only in the most extraordinary circumstances that precedent countenances court reliance upon ex parte evidence to decide the merits of a dispute."); *Vining*, 99 F.3d at 1057 (holding that the "consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for *in camera* resolution of the dispute."); *Weberman v. National Security Agency*, 668 F.2d 676, 678 (2d Cir. 1982) (affirming the district court's decision to review an affidavit *in camera* and *ex parte* where the disclosure of the details of the affidavit might result in serious consequences to the nation's security operations); *United States v. Marcos*, 1989 U.S. Dist. LEXIS 10885, *2-5 (S.D.N.Y. 1989) (agreeing to undertake *ex parte*, *in camera* review where particular facts would harm the national security of the United States).

In the instant case, Dr. Barzinji has failed to articulate any compelling interest or extraordinary circumstance (i.e., national security, statute, or otherwise) as to why this Court should conduct an *in camera*, *ex parte* review of an "unredacted" Motion to Stay. Dr. Barzinji merely asserts that any discussion of the status of the criminal investigation is entitled to secrecy without setting forth any specific or particular facts in support of that proposal. Dr. Barzinji does, however, cite to two Second Circuit cases which do not support his application to file an "unredacted" motion in this circumstance. *See In Re: John Doe, Inc.*, 13 F.3d 633 (2d Cir. 1994) (holding that *ex parte*, *in camera* review of evidence submitted by the government was appropriate to determine if allegedly privileged communications between the target of a grand

4

jury investigation and its attorneys were used for criminal purposes under the crime-fraud exception); *In Re: John Doe, Corp.*, 675 F.2d 482 (2d Cir. 1982) (permitting prosecutors to submit *in camera* evidence that privileged attorney-client communications were used for criminal purposes).  While the court did grant the *in camera*, *ex parte* review, it did so only after determining that the adversarial limitations caused by the *in camera* submission were outweighed by the public interest in preserving the confidentiality of communications between clients and their attorneys.  More importantly, the decisions cited by the defendant emphasize the compelling nature of the proof that must made in support of *in camera*, *ex parte* review.

Having failed to present this Court with compelling evidence and/or extraordinary circumstances in support of his assertion that the discussion of the federal government's criminal investigation is entitled to secrecy, and thus warrants *in camera* review of an "unredacted" Motion to Stay, plaintiffs request that Dr. Barzinji's motion must be denied in its entirety.

### C.  Dr. Barzinji Does Not Have Standing To Assert Secrecy Of The Criminal Investigation

Finally, pursuant to Federal Rule of Criminal Procedure 6(e), Dr. Barzinji has no obligation to keep grand jury matters confidential, no matter whether he is a target of the investigation, subject of the investigation, and/or a witness to the grand jury proceedings.  In particular, Rule 6(e)(2)(A) specifically addresses the matter of maintaining secrecy in the grand jury proceedings and provides that no obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).  In turn, Rule 6(e)(2)(B) identifies those classes of individuals who are prohibited from disclosing matters occurring before the grand jury:

> (i)     a grand juror;
> (ii)    an interpreter;
> (iii)   a court reporter;
> (iv)    an operator of a recording device;
> (v)     a person who transcribes recorded testimony;

(vi)     an attorney for the government; or

(vii)    a person to whom disclosure is made under the Rule 6(e)(3)(A)(ii) or (iii).

Fed. R. Crim. Pro. 6(e)(2)(B).  Furthermore, the Advisory Committee notes to Rule 6 state that the "rule does not impose any obligation of secrecy on witnesses."  *See* Notes of Advisory Committee, Federal Rule of Criminal Procedure 6.

Rule 6 is clear that the obligation to maintain secrecy of the grand jury proceedings extends only to the government attorneys and other government personnel.  No where does the rule impose any obligation on a defendant to keep those matters confidential and/or prevent them from sharing information relating to the investigation.  See *Liberty Mutual Insur. Co. v. Diamante*, 193 F.R.D. 15, 17 (D. Mass. 2000) (holding that Rule 6(e) imposes no rule of secrecy upon a defendant because they are not specifically listed under the rule); *United States v. Harloff*, 826 F. Supp. 675 (W.D.N.Y. 1993) (stating that Rule 6(e) imposes secrecy limitations only on the government and does not impose any such limitations on a defendant or his counsel); *In Re: Shopping Carts Antitrust Lit.*, 95 F.R.D. 299, 302 (S.D.N.Y. 1982) (noting the language of Rule 6(e) and stating that "it is evident that this Rule itself does not prohibit the corporate defendant in a criminal proceeding or in a separate civil proceeding, or its attorney, from disclosing any information it has about the grand jury proceedings.").

As the foregoing demonstrates, neither Federal Rule of Criminal Procedure 6 or the federal government precludes Dr. Barzinji from sharing information he possesses about the criminal investigation.  Indeed, if Dr. Barzinji firmly believes that he is entitled to an indefinite stay of these proceedings, he should openly disclose that information with this Court and the parties.  Nevertheless, Dr. Barzinji does not have standing to assert secrecy of the criminal investigation and/or grand jury proceedings and his motion should therefore be denied.

**D.    Dr. Barzinji's "Redacted" Motion To Stay Does Not Meet The Legal Standards For An Indefinite Stay To These Proceedings**

Simultaneous with this motion, Dr. Barzinji has moved this Court for an order staying the *Federal Insurance* action indefinitely.  In support, Dr. Barzinji has filed a Memorandum of Law in Support of the Motion to Stay with significant portions of the brief having been "redacted." Plaintiffs have opposed that motion, arguing that the redacted brief is inadequate to sustain his burden as the party seeking a stay.  Moreover, although most of the factual details relating to the criminal investigation have been redacted from the motion and are therefore unknown to the plaintiffs, the limited information available reveals that the defendant has failed to meet the legal standards for an indefinite stay of these proceedings.

In further support of the plaintiffs' opposition to Dr. Barzinji's motion for leave to file an unredacted motion to stay for *in camera* review, plaintiffs incorporate herein by reference those arguments set forth in the *Federal Insurance* Plaintiffs' Memorandum of Law in Opposition to Defendant Jamal Barzinji's Motion to Stay.

## III.    CONCLUSION

For the reasons stated above, the *Federal Insurance* Plaintiffs respectfully request that defendant Jamal Barzinji's motion for leave to file an unredacted motion to stay for *in camera* review be denied in all respects.

Respectfully submitted,

COZEN O'CONNOR

Dated:  October 25, 2006                    BY: _____

Stephen A. Cozen, Esquire
Elliott R. Feldman, Esquire
Sean P. Carter, Esquire
J. Scott Tarbutton, Esquire
1900 Market Street
Philadelphia, PA  19103
Tele: (215) 665-2000
Fax:  (215) 665-2013

Attorneys for *Federal Insurance* Plaintiffs

PHILADELPHIA\2799783\3  117430.000