USDC FILED
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11-20-06__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ECF

---

IN RE: TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

03 MDL 1570 (RCC)

**MEMORANDUM**
**& ORDER**

---

*This document relates to*: Federal Insurance Company et al. v. Al Qaida, et al., 03 Civ. 6978

### RICHARD CONWAY CASEY, United States District Judge:

The Court presumes familiarity with the factual background giving rise to this multi-district

litigation. See In re: Terrorist Attacks of September 11, 2001, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)

("Terrorist Attacks I"). Defendant Saudi American Bank moves to dismiss, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, all claims against it in Federal Insurance v. al

Qaida, 03 Civ. 6978, a class action brought on behalf of insurance companies ("Plaintiffs") that

insured individual and corporate victims of the September 11, 2001 terrorist attacks. The Court

previously dismissed similar claims against Saudi American Bank in two related actions. See

Terrorist Attacks I, 349 F. Supp. 2d at 833-34. For the following reasons, Saudi American Bank's

motion to dismiss is **GRANTED** in its entirety and Plaintiffs' request for leave to amend the

complaint is **DENIED**.

### I.      FAILURE TO STATE A CLAIM

In considering Saudi American Bank's motion to dismiss for failure to state a claim under

Rule 12(b)(6), the Court must "accept all of Plaintiffs' factual allegations in the complaint as true

and draw inferences from those allegations in the light most favorable to the Plaintiffs." Desiderio

v. Nat'l Ass'n of Sec. Dealers, Inc., 191 F.3d 198, 202 (2d Cir. 1999)). "[L]egal conclusions,

deductions or opinions couched as factual allegations," however, "are not given a presumption of truthfulness." Mason v. Am. Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003). Dismissal is appropriate under Rule 12(b)(6) only if it appears beyond doubt, "even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Desiderio,191 F.3d at 202; Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Furthermore, Rule 8(a) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court recently reinforced this liberal pleading standard, observing that the "short and plain statement" required by Rule 8 "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47). This Court is mindful, however, that in light of "the extreme nature of the charge of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant, to ensure that he—or it —does indeed have fair notice of [the claims]." Burnett v. Al Baraka Inv. & Dev. Corp., 274 F. Supp. 2d 86, 103-04 (D.D.C. 2003).

Plaintiffs in this case claim that Saudi American Bank provided material support to the al Qaeda terrorists who perpetrated the attacks on September 11, 2001. (FAC ¶¶ 368, 372.) Under the Anti-Terrorism Act ("ATA"), material support includes money, financial services, lodging, training, safehouses, and false documentation or identification. 18 U.S.C. §§ 2339A(b), 2339B(g). Assuming such support is alleged, Plaintiffs will have to present a sufficient causal connection between that support and the injuries suffered by Plaintiffs. See Burnett, 274 F. Supp. 2d at 104. Proximate cause will support this connection. See Terrorist Attacks I, 349 F. Supp. 2d at 826 (citing First Nationwide

Bank v. Gelt Funding Corp., 27 F.3d 763, 769 (2d Cir. 1994)). As the Court has previously explained, "[i]n light of al Qaeda's public acknowledgments of its war against the United States, the September 11 attacks may be the natural and probable consequence of knowingly and intentionally providing material support to al Qaeda." Id. (citing Burnett I, 274 F. Supp. 2d at 104).

Plaintiffs proffer theories of concerted action liability- -conspiracy and aiding and abetting—in support of this causal link. (See, e.g., FAC ¶¶ 601, 615-16, 621, 624-25, 628, 631-32, 638, 640-41, 645.) To be liable under either conspiracy or aiding and abetting, however, the defendant must, among other things, "know the wrongful nature of the primary actor's conduct," Pittman v. Grayson, 149 F.3d 111, 123 (2d Cir. 1998), and the conduct must be tied to a substantive cause of action, Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1267 (S.D.N.Y. 1991).

Plaintiffs' First Amended Complaint ("FAC" or "Complaint") lists three federal and nine common law causes of action. Plaintiffs' federal claims are brought under the ATA, the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (c)–(d), and the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350, respectively.[1] Plaintiffs' common law claims are delineated as trespass, wrongful death, survival, assault and battery, intentional and/or negligent infliction of emotional distress, conspiracy, aiding and abetting, negligence, and punitive damages. All of Plaintiffs' claims rest upon the central assertion that Saudi American Bank, through its relationships with other banks, Islamic charities, and its support of construction projects in Sudan, provided material support to al Qaeda. (See FAC ¶¶ 367, 369.) As with similar allegations against

[1] Plaintiffs have since abandoned their claim against Saudi American Bank under the TVPA. (Pl.'s Opp. at 14.)

Saudi American Bank in related actions, Plaintiffs allegations in this case fail to satisfy Rule 8(a) pleading requirements. See Terrorist Attacks I, 349 F. Supp. 2d at 834.

Specifically, Plaintiffs allege that all of the banking defendants named in the Complaint "operated as fully integrated components of the al Qaida's [sic] financial and logistical structure," which included, inter alia, "knowingly maintain[ing] accounts for individuals and organizations operating within al Qaida's infrastructure" and, in some instances, "directly fund[ing] al Qaida's global operations." (FAC ¶ 258.) Plaintiffs' particular allegations against Saudi American Bank say little more. Indeed, Plaintiffs allege that Saudi American Bank "financed many of the projects undertaken by Osama bin Laden and al Qaida in the Sudan," and conclude that Saudi American Bank "knowingly provided material support and resources to al Qaida," without alleging any facts to support an inference that Saudi American Bank provided funds to Osama bin Ladin or to al Qaeda directly. (FAC ¶¶ 367, 368.) Plaintiffs likewise fail to allege any facts to support an inference that Saudi American Bank knew or should have known that funds they purportedly provided for construction projects in Sudan would aid al Qaeda. Plaintiffs' allegations in this regard are nothing more than legal conclusions couched as fact.[2]

Furthermore, Plaintiffs allegations that Saudi American Bank "maintained accounts for many of the ostensible charities that operate within al Qaida's infrastructure, " and did so knowingly, fail

---

[2] Plaintiffs attempt to remedy this insufficiency with supplemental material submitted in connection with their opposition brief. When presented with a 12(b)(6) motion, however, the district court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment. Courtenay Communications Corp. v. Hall, 334 F.3d 210, 213 (2d Cir. 2003); Friedl v. City of New York, 210 F.3d 79, 83-84 (2d Cir. 2000). While the Court will not convert the instant motion into one for summary judgment, the Court does address Plaintiffs' supplemental materials below. For present purposes, it is sufficient to note that inclusion of such materials for purposes of this motion to dismiss would not change the result.

4

to state a claim. (FAC ¶¶ 369, 372.) "As the Court has stated before, there can be no bank liability for injuries caused by money routinely passing through the bank." Terrorist Attacks I, 349 F. Supp. 2d at 834. Plaintiffs' additional allegations—that Saudi American Bank "serves as the Saudi Arabia correspondent for many other banks within al Qaida's infrastructure," (FAC ¶ 373) and also "funneled money to and/or from the Spanish al Qaida cell" (RICO Statement Applicable to Saudi American Bank, 03 MD 1570 Docket # 393, at Exhibit A)—both fail for the same reason. Finally, Plaintiffs' allegation that Saudi American Bank "advertises the existence and numerical designation of the accounts it maintains for [al Qaida-related] charities . . . to allow al Qaida supporters to deposit funds directly into those accounts" (FAC ¶ 370) fails to support an inference that Saudi American Bank knew or should have known that such charities were really fronts for al Qaeda, see Terrorist Attacks I, 349 F. Supp. 2d at 834.

Accordingly, the Complaint does not provide Saudi American Bank with notice of the claims against it, and certainly does not indicate the grounds upon which such claims rest. Fed. R. Civ. P. 8(a); see also, Swierkiewicz, 534 U.S. at 512. "[A] complaint which consists of conclusory allegations unsupported by factual assertions fails even on the liberal pleading standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996).

## II.   LEAVE TO AMEND

In their opposition brief to Saudi American Bank's motion to dismiss, Plaintiffs request that "[t]o the extent that this Court finds the . . . allegations to be insufficient, the Federal Plaintiffs should be granted leave to amend." (Pl.'s Opp. at 16.) Presumably, Plaintiffs base this request on the materials submitted as exhibits to their opposition brief, which Plaintiffs claim establish that "the construction projects that the [Saudi American Bank] financed were essentially al Qaida's payment

to Sudan for safe harbor." (Pl.'s Opp. at 9.) Rule 15(a) of the Federal Rules of Civil Procedure grants district courts discretion over such requests for leave to amend, but demands that leave be granted "freely . . . when justice so requires." Where a court determines that "it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

Having reviewed the voluminous materials submitted as exhibits to Plaintiffs' opposition brief, the Court finds that further amendments to the Complaint would be unproductive. Not one of Plaintiffs' exhibits mentions Saudi American Bank. Instead, they primarily outline the history of Osama bin Laden and al Qaeda. Moreover, the exhibits that Plaintiffs specially refer to in their brief are reports produced by government offices or agencies after Osama bin Laden and al Qaeda were expelled from Sudan, and therefore provide no support for Plaintiffs' allegation that Saudi American Bank was aware of Osama bin Laden's purported quid pro quo with the Sudanese government at the time. Accordingly, the Court denies Plaintiffs' request for leave to amend the First Amended Complaint.

## III.  CONCLUSION

For the foregoing reasons, defendant Saudi American Bank's motion to dismiss the claims against it in Federal Ins. Co. v. Al Qaida, 03 Civ. 6978, is **GRANTED**, and Plaintiffs' request for leave to amend the First Amended Complaint is **DENIED**.

**So Ordered:**  New York, New York
November 20, 2006

*Richard Conway*

**Richard Conway Casey, U.S.D.J.**

6