IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACK<br>ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (RCC)<br>ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-CV-6978

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JAMAL BARZINJI'S MOTION FOR LEAVE TO FILE HIS UNREDACTED MOTION FOR A STAY FOR THE COURT'S *IN CAMERA* REVIEW

**REDACTED  REDACTED  REDACTED**

[1] Because his actions were entirely proper and supported by law Dr. Barzinji's motion should be granted.

---

[1] For the same reasons contained in Dr. Barzinji's Motion For Leave To File His Unredacted Motion For A Stay For The Court's In Camera Review (MDL Docket # 1898), which Dr. Barzinji incorporates by reference, Dr. Barzinji also hereby seeks leave to file an unredacted copy of this Reply Memorandum of Law with the Court.

I.  **Dr. Barzinji's Request to File *In Camera* Material With The Court Should Be Granted**

Plaintiffs complain that Dr. Barzinji's motion should be denied because his "proposed *in camera, ex parte* submission runs contrary to the strong policy favoring openness of court proceedings and further violates the plaintiffs' due process rights to be made aware of and confront the evidence presented against them." (Plaintiffs' Opp. at 2.) While the use of *in camera* submissions generally is not favored by the Courts, it is well-recognized that their use may be justified by a compelling interest REDACTED *See In re John Doe Corp.*, 675 F.2d 482, 490 (2d Cir. 1982).

The Second Circuit has held that "where an *in camera* submission is the only way to resolve an issue without compromising a legitimate need to preserve the secrecy of the grand jury, it is an appropriate procedure." *John Doe v. U.S.*, 13 F.3d 633, 636 (2d Cir. 1994); *Marc Rich & Co.*, 707 F.2d 663, 670 (2d Cir. 1983) (although "*in camera* submissions of affidavits are not to be routinely accepted, an exception to this general rule may be made" to preserve grand jury secrecy); *In re Grand Jury,* 103 F.3d 1140 (3d Cir. 1997) ("*Ex parte in camera* hearings have been held proper in order to preserve the ongoing interest in grand jury secrecy.")

None of the cases relied upon by Plaintiffs cautioning against the use of *in camera* submissions are relevant because each either concerns the use of *in camera* materials to resolve the merits of a case, REDACTED For example, Plaintiffs' lead case, *Abourrezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986), involved a review of a grant of summary judgment to Defendants and did not concern the *in camera* review of grand jury material. That case simply holds that "a court may not dispose of *the merits of a case* on the basis of *ex parte, in camera* submissions." (Emphasis added.) Dr. Barzinji's is not seeking to have the merits of his case decided. Rather, all that is before the

2

Court is the procedural question of whether this case should be temporarily stayed in light of an ongoing criminal investigation. Resolution of a procedural issue such as this does not raise the same constitutional or due process concerns that are raised when a case is decided on the merits.

Plaintiffs' other citations, if anything, support the use of *in camera* procedures. In *John Doe v. Gonzales*, 386 F. Supp. 2d 66, 70-71 (D. Conn. 2005) the court permitted the use of *in camera* submissions in deciding a preliminary injunction. In *U.S. v. Camacho*, 2002 U.S. Dist. LEXIS 23741, *4 (S.D.N.Y. 2002), a criminal case, and the court noted that "submission of evidence *ex parte* is *more readily justified in a civil forfeiture action*," such as this, "than in a criminal case." (Emphasis added.) In *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996), the Court found that *ex parte* submissions may only be used under exceptional circumstances to rule on the merits of an action, but noted that "a judge may freely use *in camera*, *ex parte* examination of evidence *to prevent the discovery or use of evidence*." (Emphasis added.)



---

[2] Plaintiffs' other cases are completely inapposite. *Hansberry v. Father Flanagan's Boys' Home*, 2004 U.S. Dist. LEXIS 26937, * 15 (E.D.N.Y. 2004) concerned the use of *in camera* submissions to decide the merits of a case on summary judgment. *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 170 (1951), deals not with the use of *in camera* submissions, but whether due process requires that a party be given notice and an opportunity to be heard prior to being designated as a Communist by the Attorney General.

3

II.     Dr. Barzinji Has "Standing"

Plaintiffs argue that Dr. Barzinji's use of *in camera* submissions is unnecessary because he "has no obligation to keep grand jury matters confidential." (Plaintiffs' Opp. at 5.) But Federal Rule of Criminal Procedure Rule 6(e)(5) provides that "the court shall order a hearing on matters *affecting a grand jury proceeding* to be closed to the extent necessary to prevent disclosure of matters occurring before a grand jury." (Emphasis added.)  Rule 6(e)(6) states "[r]ecords, orders and subpoenas *relating to grand jury proceedings* shall be kept under seal to the extent and for such time as is necessary to prevent disclosure of matters occurring before a grand jury." (Emphasis added.)  Taken together, these provisions provide that a grand jury proceeding must be sealed if a particular proceeding is related to or affects a grand jury proceeding. *See, e.g., In re Newark Morning Ledger*, 260 F.3d 217, 222 (3d Cir. 2001) (presumption of secrecy applies to all proceedings that "affect grand jury proceedings" or "relate to grand jury proceedings").



For example, in *In re Grand Jury Proceeding*, 103 F.3d 234 (2d

REDACTED

4

Cir. 1996), the Second Circuit held that a grand jury proceeding concerning enforcement of a subpoena *duces tecum* was properly sealed. The Second Circuit found that:

> The plain language of [Federal Rule of Criminal Procedure 6(e)] shows that Congress intended for its confidentiality provisions to cover matters beyond those actually occurring before the grand jury: Rule 6(e)(6) provides that all records, orders, and subpoenas relating to grand jury proceedings be sealed, not only actual grand jury materials; similarly, Rule 6(e)(5) refers to matters affecting a grand jury proceeding, not only the proceedings themselves.

*Id.*




### III. Dr. Barzinji's Motion For Leave To File Materials For The Court's *In Camera* Review Was Procedurally Proper

Plaintiffs also argue that Dr. Barzinji's motion for leave to file materials with the Court *in camera* was procedurally improper.[5] The thrust of Plaintiffs' complaint seems to be that Dr. Barzinji did not seek leave to provide the Court an unredacted version of the motion to stay *prior*

---

**REDACTED**

[5] Plaintiffs' Opposition to the Motion for Leave expressly incorporates by reference "those arguments set forth in the *Federal Insurance* Plaintiffs' Memorandum of Law in Opposition to Defendant Jamal Barzinji's Motion to Stay." (Plaintiffs' Opp. at 7.) Therefore, Plaintiffs' arguments in this section are actually located in the Plaintiffs' Opposition to the Motion for Stay. (MDL Docket # 1915.)

to filing the motion to stay, and instead sought the relief at the same time he filed the motion to stay. (Plaintiffs' Opp. to Motion to Stay, MDL Docket # 1915 at n. 7.) But if Dr. Barzinji had attempted to obtain permission from the Court to file materials *in camera* prior to filing the motion to stay -- as Plaintiffs suggest -- that would have delayed resolution of this motion even longer. Moreover, it would have been difficult, if not impossible, for the Court to rule on the motion for leave without having the materials that Dr. Barzinji seeks to file *in camera* before it. Filing the two motions simultaneously, was the most efficient if not the only means of seeking the Court's resolution of this issue.

Plaintiffs also complain that Dr. Barzinji "did not obtain the consent of the plaintiffs" prior filing and serving on Plaintiffs a redacted version of his motion to stay. (*Id.* at 1.) But this argument is disingenuous. It was obvious at the time, as is confirmed by Plaintiffs' oppositions, that the Plaintiffs were not going to agree to permit Dr. Barzinji to file material *in camera*. Moreover, even had Plaintiffs agreed, Dr. Barzinji would nevertheless need the Court's permission to file the materials *in camera*; a motion was necessary either way. Again, the procedures adopted by Dr. Barzinji were the most efficient way to resolve this dispute and should not be the subject of second-guessing by Plaintiffs at this time.

## **CONCLUSION**

For these reasons, Dr. Barzinji respectfully requests that the Court grant his motion for leave to file with the Court for its *in camera* review an unredacted copy of his motion to stay.

Respectfully submitted,

Dated:   November 28, 2006          By:  /s/ Nancy Luque
                                        Nancy Luque (NL-1012)
                                        Steven K. Barentzen (SB-8777)
                                        DLA PIPER US LLP
                                        1200 Nineteenth Street
                                        Washington, DC  20036-2247
                                        Tel: 202-861-3900
                                        Fax: 202-223-2085

                                        *Attorneys for Jamal Barzinji*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of November, 2006, I caused an electronic copy of the foregoing Reply Memorandum Of Law In Support Of Motion For Leave to File Unredacted Motion for a Stay for the Court's *in camera* Review to be served by the Court's electronic filing system upon all parties scheduled for electronic notice.

                                                   /s/ Steven K. Barentzen
                                                   Steven K. Barentzen (SB-8777)