UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*
    *Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-CV-6978 (S.D.N.Y.)
    *New York Marine and General Insurance Co. v. Al Qaida, et al.*, Case No. 04-CV-6105 (S.D.N.Y.)
    *Estate of John P. O'Neill, Sr., on behalf John P. O'Neill, Sr., deceased, and on behalf of decedent's heirs-at-law, et al. v. Republic of Iraq., et al.*, Case No. 04-CV-1076 (S.D.N.Y.)

**STIPULATION AS TO SERVICE OF PROCESS,
RELIEF FROM AND SETTING ASIDE OF DEFAULT, AND
EXTENSION OF TIME TO RESPOND TO
COMPLAINTS CONSOLIDATED UNDER MDL 1570**

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs in each of the three above-referenced cases consolidated under 03 MDL 1570 ("Plaintiffs") and Defendant Republic of Iraq ("Republic of Iraq"), by and through their undersigned counsel, that: (1) Republic of Iraq was properly and timely served with the Summons and Complaint in each of the three above-referenced cases (the "Cases"); and (2) Republic of Iraq contends that Republic of Iraq has not been served (properly or otherwise) with any Summons and Complaint in any other case/action encompassed by the *In re Terrorist Attacks on September 11, 2002* multi-district litigation, 03-MDL-1570 (RCC).

IT IS FURTHER HEREBY STIPULATED AND AGREED that Plaintiffs hereby: (1) waive any and all arguments, objections and/or benefits relating to Republic of Iraq's failure to timely appear in the consolidated action, including the Court's entry of default against the Republic of Iraq; (2) join the Republic of Iraq in requesting that the Court relieve the Republic of

Iraq from and set aside the Republic of Iraq's default in the Cases (the "Defaults"), and, (3) if necessary, will join in and support any motion to set aside the Defaults;

IT IS FURTHER HEREBY STIPULATED AND AGREED that the Republic of Iraq and Plaintiffs shall proceed according to the following schedule as to the Republic of Iraq filing consolidated Motion(s) to Dismiss and related proceedings pertaining to the Cases:

1. Iraq will identify the areas relative to which it requests supplemental pleading within thirty (30) days of the entry of this stipulation;

2. Upon receipt of a letter from Iraq's undersigned counsel identifying the areas for which Iraq seeks supplementation of the allegations against it, Plaintiffs shall have forty-five (45) days to file their RICO Statements and/or More Definite Statements, to the extent that they desire. The submission of allegations in such supplemental pleadings shall not constitute a waiver, by the Plaintiffs of their contention that the complaints, as on file with the Clerk, are sufficient as a matter of law. To the extent that such documents are filed by the Plaintiffs they shall be deemed to be amendments to the previously filed Complaints, by incorporation by reference;

3. Upon the filing of the RICO Statements and/or More Definite Statements, Iraq shall have seventy-five (75) days to file a consolidated Motion to Dismiss the Complaint in each of the cases referenced above;

4. Upon the filing of Iraq's Motion to Dismiss, Plaintiffs shall have sixty (60) days to file a consolidated Opposition to Iraq's Motion to Dismiss; and

5 Upon the filing of Plaintiffs' consolidated Opposition to Iraq's Motion to Dismiss, Iraq shall have forty-five (45) days to file reply papers.

IT IS FURTHER HEREBY STIPULATED AND AGREED that Republic of Iraq waives the right to object that the Republic of Iraq was not served with judicial process in the Cases in

the manner required by Federal Rule of Civil Procedure (Fed. R. Civ. P.) 4 ("Rule 4") and the applicable provisions of the Foreign Sovereign Immunities Act pertaining to service of judicial process. The Republic of Iraq retains all defenses or objections to the lawsuit or to the jurisdiction or venue of the court, except for objections based on a defect in the summons or in the service of the summons and may later object to the jurisdiction of the court or to the place where the action has been brought.

DATED: October 24, 2006

                                      Respectfully submitted,

                                      COZEN O'CONNOR

                                      By: _____
                                            Sean P. Carter
                                            J. Scott Tarbutton
                                            1900 Market Street
                                            Philadelphia, PA 19103

                                      *Attorneys for Federal Insurance Plaintiffs*

                                      LAW OFFICES OF JERRY S. GOLDMAN
                                      & ASSOCIATES

                                      By: _____
                                            Jerry S. Goldman
                                            111 Broadway, Suite 1305
                                            New York, NY 10006

                                      *Attorneys for O'Neill Plaintiffs*

BROWN GAVALAS & FROMM, LLP

By: _____
Frank J. Rubino, Jr.
355 Lexington Avenue
New York, New York 10017

*Attorneys for New York Marine Plaintiffs*

MAGGS & McDERMOTT LLC

By: _____
Timothy B. Mills
910 17th Street N.W., Suite 800
Washington, D.C. 20006

*Lead Counsel for Defendant
Republic of Iraq*

BAKER & HOSTETLER LLP

By: _____
Marc D. Powers
666 Fifth Avenue, 16th Floor
New York, New York 10103

*Co-Counsel for Defendant Republic of
Iraq*

SO ORDERED:

_____
RICHARD CONWAY CASEY, U.S.D.J.

Dated: 11/27/06