USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-6-06

RECEIVED
NOV 1 _ 2006
CH.... ...
RICHARD ... ...Y CASEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x

In re Terrorist Attacks on September 11, 2001      03 MDL 1570 (RCC)
                                                    ECF Case
---------------------------------x

This document relates to:    *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*
                             *(1:04-cv-7065)*

### STIPULATION AS TO EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT AND APPLICATION OF ORDERS AS TO TADAMON BANK AND INTERNATIONAL ISLAMIC RELIEF ORGANIZATION

WHEREAS the plaintiffs in the above-referenced action, *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al. (1:04-cv-7065)* (the "*Cantor* plaintiffs"), are property damage plaintiffs who brought suit against Tadamon Bank and the International Islamic Relief Organization ("IIRO");

WHEREAS the property damage plaintiffs in the related action of *Federal Ins. Co., et al. v. Al Qaida, et al.* (1:03-cv-6978) ("*Federal Insurance*") have also brought suit against Tadamon Bank and IIRO;

WHEREAS the *Cantor* plaintiffs, like the *Federal Insurance* plaintiffs, assert claims against Tadamon Bank and IIRO for Aiding and Abetting, Trespass, violations of the Antiterrorism Act, violations of the Racketeering Influenced and Corrupt Organizations act (RICO), and for punitive damages;

WHEREAS the *Cantor* plaintiffs' First Amended Complaint Count Nine (International Law) and Count Thirteen (Contribution and Indemnity), are unique to *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al. (1:04-cv-7065)* and are not asserted in the *Federal Insurance* action;

STIPULATION AS TO EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT AND APPLICATION OF ORDERS AS TO
TADAMON BANK AND INTERNATIONAL ISLAMIC RELIEF ORGANIZATION

1

WHEREAS the *Federal Insurance* plaintiffs' claims against Tadamon Bank are the subject of fully briefed and pending motions to dismiss brought by Tadamon Bank;

WHEREAS the *Federal Insurance* plaintiffs' claims against IIRO were the subject of the Court's opinion and order dated September 21, 2005, where the Court denied IIRO's motion to dismiss the *Federal Insurance* plaintiffs' complaint but granted its motion to dismiss the *Federal Insurance* plaintiffs' RICO claims. (*In re Terrorist Attacks on September 11, 2001*, 392 F.Supp.2d 539 (S.D.N.Y. 2005));

WHEREAS Tadamon Bank's time to respond to or answer the *Cantor* plaintiffs' First Amended Complaint has expired;

WHEREAS the *Cantor* plaintiffs' First Amended Complaint asserts claims for relief in Count Nine (International Law) and Count Thirteen (Contribution and Indemnity) against defendants Saleh Kamel, Al Baraka Investment and Development, and Dallah Al Baraka, respectively;

WHEREAS counsel for Tadamon Bank and IIRO also represents Saleh Kamel, Al Baraka Investment and Development, and Dallah Al Baraka, respectively;

WHEREAS Saleh Kamel's, Al Baraka Investment and Development's, and Dallah Al Baraka's motions to dismiss the *Cantor* plaintiffs' First Amended Complaint, including the *Cantor* plaintiffs' claims Count Nine (International Law) and Count Thirteen (Contribution and Indemnity), are fully briefed and pending decision by the Court;

WHEREAS except for the *Cantor* plaintiffs' claims in Count Nine (International Law) and Count Thirteen (Contribution and Indemnity), the *Cantor* plaintiffs' factual and legal allegations against Tadamon Bank parallel those in the *Federal Insurance* action such that both

STIPULATION AS TO EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT AND APPLICATION OF ORDERS AS TO TADAMON BANK AND INTERNATIONAL ISLAMIC RELIEF ORGANIZATION

2

Tadamon Bank and the *Cantor* plaintiffs are in a position to rely upon resolution of Tadamon Bank's motion to dismiss the *Federal Insurance* action for issues and claims common to each case;

WHEREAS except for the *Cantor* plaintiffs' First Amended Complaint Count Nine (International Law) and Count Thirteen (Contribution and Indemnity), the *Cantor* plaintiffs' factual and legal allegations against IIRO parallel those in the *Federal Insurance* such that both IIRO and the *Cantor* plaintiffs are in a position to adopt as binding in this case the Court's opinion and order dated September 21, 2005 denying in part and granting in part IIRO's motion to dismiss the *Federal Insurance* action;

WHEREAS the *Cantor* plaintiffs, Tadamon Bank, and IIRO recognize the need to coordinate the instant action as a means of reducing the burdens on the Court and preserving judicial economy;

WHEREAS the *Cantor* plaintiffs, Tadamon Bank, and IIRO wish to avoid duplicative and unnecessary motion practice by moving the Court to adopt this Stipulation;

WHEREAS the terms of this Stipulation are consistent with the Court's endorsed letter of May 22, 2006 (regarding the filing of motions for default judgments), directives to the parties to coordinate and achieve consolidated briefing schedules where possible, governing Case Management Orders, and, will serve the interests of justice and increase the efficiency of this multidistrict litigation; and

WHEREAS the parties to this Stipulation have given their express authority and permission to their undersigned counsel to enter into this Stipulation and have agreed to be bound thereby.

STIPULATION AS TO EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT AND APPLICATION OF ORDERS AS TO TADAMON BANK AND INTERNATIONAL ISLAMIC RELIEF ORGANIZATION

3

IT IS THEREFORE HEREBY STIPULATED AND AGREED, by, between, and among counsel to the respective parties, that:

1. Counsel for Tadamon Bank hereby accepts service of the *Cantor* plaintiffs' First Amended Complaint in the above-captioned action on behalf of Tadamon Bank.

2. The parties adopt and agree to be bound by the Court's opinion and order dated September 21, 2005 denying in part and granting in part IIRO's motion to dismiss the *Federal Insurance* action for issues and claims common to each case as to IIRO.

3. The parties agree to adopt and be bound by the Court's future opinion and order deciding Tadamon Bank's motion to dismiss the *Federal Insurance* action for issues and claims common to each case as to Tadamon Bank.

4. The parties agree to adopt and be bound by the Court's future opinion and order deciding Saleh Kamel's, Al Baraka Investment and Development's, and Dallah Al Baraka's motions to dismiss the *Cantor* First Amended Complaint Count Nine (International Law) and Count Thirteen (Contribution and Indemnity) as to Tadamon Bank and IIRO.

5. In the event that the Court denies Tadamon Bank's motion to dismiss the *Federal Insurance* action and denies Saleh Kamel's, Al Baraka Investment and Development's, and Dallah Al Baraka's motions to dismiss the *Cantor* plaintiffs' First Amended Complaint Count Nine (International Law) and Count Thirteen (Contribution and Indemnity), then Tadamon Bank shall have sixty (60) days from the date of the latter of said order(s) in which to file its Answer to the *Cantor* plaintiff's First Amended Complaint.

6. In the event that the Court denies Saleh Kamel's, Al Baraka Investment and Development's, and Dallah Al Baraka's motions to dismiss the *Cantor* plaintiffs' First Amended

STIPULATION AS TO EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT AND APPLICATION OF ORDERS AS TO TADAMON BANK AND INTERNATIONAL ISLAMIC RELIEF ORGANIZATION

4

Complaint Count Nine (International Law) and Count Thirteen (Contribution and Indemnity), then IIRO shall have ~~thirty~~ sixty (60) days from the date of that order in which to file its Answer to the *Cantor* plaintiff's First Amended Complaint.

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

By: /s/ Kenneth L. Adams
Kenneth L. Adams, Esq.
Christopher T. Leonardo, Esq.
Dickstein Shapiro LLP
1825 Eye St., NW
Washington, D.C. 20006

*Attorneys for the Cantor plaintiffs named in Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al. (1:04-cv-7065)*

MARTIN F. MCMAHON & ASSOCIATES

By: /s/ Martin F. McMahon
Martin F. McMahon, Esq.
Lisa D. Angelo, Esq.
Martin F. McMahon & Associates
1150 Connecticut Ave., NW
Suite 900
Washington, D.C. 20036

*Attorneys for Tadamon Bank and the International Islamic Relief Organization*

SO ORDERED:

/s/ Richard C. Casey
Richard C. Casey
U.S.D.J.
Date: December 5, 2006

STIPULATION AS TO EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT AND APPLICATION OF ORDERS AS TO TADAMON BANK AND INTERNATIONAL ISLAMIC RELIEF ORGANIZATION

5