MEMO ENDORSED

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W
SUITE 400
WASHINGTON D.C. 20036-3209

(202) 326-7900

FACSIMILE:
(202) 326-7999

November 22, 2006



*Via Hand Delivery*

The Honorable Kimba M. Wood
United States District Judge for the
  Southern District of New York
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10017-1312

Re: *In re: Terrorist Attacks on September 11, 2001*, Case No. 03 MDL 1570 (RCC)

Dear Chief Judge Wood:

I am writing on behalf of the Defendants' Executive Committee in response to a November 20, 2006 letter from certain (but not all) Plaintiffs criticizing the pace at which Judge Casey is resolving the outstanding motions to dismiss in these matters and asking that the cases be reassigned. Plaintiffs' criticism is misplaced and their request unsupported.

Although Plaintiffs note the complexity of these cases, they decline to acknowledge that the burdens and delays in these matters arise in substantial measure from Plaintiffs' own haphazard attempt to assign blame for the tragic events of September 11, 2001. In particular, the volume of motions to dismiss pending in front of Judge Casey stems directly from Plaintiffs' decision to file a host of sprawling complaints accusing more than 200 individuals, non-profits, financial institutions, foreign officials, and sovereign states of complicity in the September 11 attacks. Moreover, Plaintiffs have added to the burden imposed on Judge Casey (and the Defendants) by making no effort to consolidate their overlapping complaints and, with a single exception, by disregarding a case management order that required each Plaintiff group to file an

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Kimba M. Wood
November 22, 2006
Page 2

amended Complaint on September 30, 2005, that included all prior amendments.[1] Instead, Plaintiffs either attached to and purported to incorporate by reference in their prior complaints the scores of previously filed More Definite Statements and RICO Statements, or they simply filed Notices of Consolidation of Pleadings which listed all previously filed documents and "deemed" them part of their complaints. The resulting morass of filings is so confounding that, when in September of this year Plaintiffs attempted to provide Judge Casey with a chart of outstanding motions to dismiss, they were unable accurately to identify which Defendants they had sued in which actions, and which moving parties and complaints are involved in which pending motions to dismiss.

In these circumstances, Judge Casey's pace in resolving the outstanding motions to dismiss cannot legitimately be faulted. Since inheriting these matters in December 2003, Judge Casey has issued multiple decisions resolving 100 motions to dismiss, including two comprehensive opinions that together comprise approximately 110 pages in the federal reports.[2] At the request of Plaintiffs, Judge Casey has also directed entry of judgment as to several defendants pursuant to Rule 54(b), thus allowing plaintiffs immediately to appeal what they have characterized as representative motions to dismiss. In response to Plaintiffs' inaccurate and incomplete list of pending motions, moreover, Defendants have provided Judge Casey with accurate charts identifying the outstanding motions in these matters, and just yesterday Judge Casey issued yet another order resolving a motion to dismiss.

Plaintiffs' request that Judge Casey be removed from these cases appears to stem, not from Judge Casey's pace in resolving the outstanding motions to dismiss, but rather from the substance of his rulings. In several of the decisions issued to date, Judge Casey has properly dismissed various Defendants on the basis of lack of jurisdiction and Plaintiffs' failure to state a claim. While Plaintiffs insist that their request to remove Judge Casey is solely intended to "mov[e] the litigation forward" and is unrelated to the substance of his rulings, that statement is difficult to credit in view of the fact that assignment of this matter to another judge unfamiliar with the legal and factual background of the case could only result in delay. In this respect, Plaintiffs' effort is reminiscent of their change in position before the Judicial Panel on Multidistrict Litigation. After first agreeing that the cases should be assigned to Judge Robertson of the United States District Court for the District of Columbia, Plaintiffs urged that the cases be consolidated in the Southern District of New York after Judge Robertson issued a comprehensive and careful ruling dismissing certain Defendants.[3]

---

[1] The exception is *Ashton*, No. 02 CV 6977, counsel for which did not join Plaintiffs' November 20, 2006 letter. Counsel in *Federal Insurance*, No. 03 CV 06978, and *Continental Casualty*, No. 04 CV 5970, also did not join Plaintiffs' letter.

[2] *See In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005); *In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539 (S.D.N.Y. 2005).

[3] *Burnett v. Al Baraka Inv. & Dev. Corp.*, 292 F. Supp. 2d 9 (D.D.C. 2003); *see* Letter from James E. Gauch, Counsel for Defendant Saudi Binladin Group, to Michael J. Beck, Clerk of the Panel, Judicial Panel on Multidistrict Litigation, *In re Terrorist Attacks of September 11, 2001*, MDL 1570 (Dec. 2, 2003) (recounting Plaintiffs' shift in position).

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

The Honorable Kimba M. Wood
November 22, 2006
Page 3

      Defendants are keenly interested in the prompt resolution of the outstanding motions to dismiss. The means to that end, however, is to permit Judge Casey to continue to give those motions the careful attention that they deserve and that has characterized his prior rulings. Particularly in view of the inefficiencies that would arise if a new judge were required to master the complex legal and factual background reflected in Judge Casey's prior orders, Plaintiffs' request to remove Judge Casey from these matters should be rejected.[4]

                              Respectfully submitted,

                              Michael K. Kellogg
                              *Defendants' Executive Committee*

cc:    Hon. Richard C. Casey
        Counsel of Record

> I have taken into account the parties' submissions, and have discussed these matters with Judge Casey. I conclude that neither reassignment nor assignment of an additional Judge is warranted.
>
> SO ORDERED   S.D.N.Y.   12-4-06
> Kimba M. Wood
> KIMBA M. WOOD
> U.S.D.J.

**MEMO ENDORSED**

**IT IS ORDERED** that counsel to whom this **Memo Endorsement** is sent is responsible for **faxing a copy** to all counsel and retaining verification **of such** in the case file. <u>**Do not Fax such verification to chambers.**</u>

U.S. DISTRICT COURT FILED JUL -5 2006 S.D. OF N.Y.

---

[4] Plaintiffs request in the alternative that an additional judge be assigned to these matters in order to expedite resolution. The Rule relied upon by Plaintiffs (Rule 19 of the Court's Rules for the Division of Business Among District Judges) does not by its terms authorize such action, and we are not aware of any other authority that would permit two district court judges to be assigned to the same proceeding.