UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In Re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

:   **DISCOVERY ORDER**

:   03 MDL 1570 (RCC)(FM)

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

      On December 13, 2006, I heard argument from counsel concerning the scope of the jurisdictional discovery regarding the Saudi Binladen Group ("SBG") and its former subsidiary, SBG USA, that Judge Casey had authorized pursuant to his decision in In re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d 765, 821-22 (S.D.N.Y. 2005) ("Terrorist Attacks I"). Having now had a further opportunity to review that decision, the case law cited by the parties, and the transcript of the December 13 conference, I direct that:

      a.    Prior to any jurisdictional discovery by SBG, the plaintiffs shall be permitted to complete their jurisdictional discovery. This discovery shall not be limited solely to the five topics set forth in Mr. Gauch's letter to Judge Casey dated October 13, 2006. Nevertheless, the scope of the plaintiffs' discovery shall not extend to (i) passive investments by SBG, (ii) entities not domiciled or doing business in the United States, (iii) SBG's management or similar role in banks operating in the United States, (iv) the purchase or sale of publicly-traded securities, (v) professional services rendered to SBG by third parties in the United States, (vi) the payment or indemnification of defense costs in this action, (vii) contributions to charities in which SBG did not play a management or similar role, (viii) military contracts performed overseas for the United States, (ix) government decrees or the like prohibiting Saudi organizations from supporting Osama bin Laden or Al Qaeda, (x) donations to educational organizations in the United States, or (xi) the distribution of literature unrelated to business activities.

      b.    Decision is reserved as to any request by the plaintiffs to take depositions as part of jurisdictional discovery.

   c. Following the completion of the plaintiffs' jurisdictional discovery, SBG may serve interrogatories and document requests to elicit the information upon which the plaintiffs intend to rely in opposition to SBG's renewed motion to dismiss.

   d. The Court reserves decision as to whether SBG will be permitted to take any depositions as part of jurisdictional discovery before that motion is filed.

   e. The "look back" period for any interrogatories or document requests to which SBG has yet to respond shall be three years from the date the complaint in this action was filed. For jurisdictional discovery requests previously answered, the "look back" period shall be January 1, 1997, through August 15, 2002.

   f. The parties shall meet and confer promptly regarding a proposed jurisdictional discovery schedule and the scope of the discovery required by this order. Additionally, a conference will be held on February 22, 2007, at 10 a.m. to discuss any outstanding issues related to jurisdictional discovery. The conference will be held in Courtroom 20A, 500 Pearl Street, New York, New York. If this date is not convenient, counsel should place a conference call to my Chambers to rearrange the conference. At least three business days before the conference, counsel shall send letters to the Court detailing any areas of continuing disagreement or other concerns related to the jurisdictional discovery concerning SBG.

  SO ORDERED.

Dated:  New York, New York
     January 23, 2007

                  _____
                   FRANK MAAS
                   United States Magistrate Judge

Copies to:

Honorable Richard C. Casey
United States District Judge

Robert T. Haefele, Esq.
Motley Rice LLC
(843) 216-9450 (fax)

James E. Gauch, Esq.
Jones Day
(202) 626-1700 (fax)