UNITED STATES DISTRICT COURT  ECF
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br><br>**MEMORANDUM & ORDER** |

*This document relates*: Federal Insurance Company et al. v. Al Qaida, et al., 03 Civ. 6978

**RICHARD CONWAY CASEY, United States District Judge:**

On November 20, 2006, the Court issued a Memorandum and Order ("Order") granting defendant Saudi American Bank's motion to dismiss all claims against it in Federal Insurance v. Al Qaida, 03 Civ. 6978, and denying the Federal Insurance plaintiffs' ("Plaintiffs") motion for leave to amend the First Amended Complaint ("Amended Complaint"). Plaintiffs now move for reconsideration of the portion of the Order denying their request for leave to amend.[1] For the reasons that follow, Plaintiffs' motion for reconsideration is **DENIED**.

**I.   STANDARD FOR RECONSIDERATION**

A motion for reconsideration under Rule 59(e) or Local Rule 6.3 "must be narrowly construed and strictly applied to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Reconsideration is appropriate in the limited

---

[1] In the Notice of Motion for Reconsideration, Plaintiffs state that they "shall seek an Order reconsidering the Court's granting of Saudi American Bank's Motion to Dismiss and the Court's denial of plaintiffs' request for leave to amend the complaint." (Pl.'s Mot. Reconsid. at 1.) In their memorandum in support of that Motion, however, Plaintiffs state that they seek only reconsideration of the Court's decision denying leave to amend the Amended Complaint. (Pl.'s Mem. Supp. Reconsid. at 1.) Plaintiffs make no argument that the Court should reconsider its decision granting Defendant's motion to dismiss. The Court, seeing no reason to reconsider that portion of the decision, will not address it further in this opinion.

circumstances where the court has overlooked relevant data or case law, which, had it been considered, might have reasonably altered the result. Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration also may be granted to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). But a party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Primavera Familienstifung v. Askin, 137 F. Supp. 2d 438, 442 (S.D.N.Y. 2001).

**II.     DISCUSSION**

The Order granted Saudi American Bank's motion to dismiss on grounds, in part, that Plaintiffs did not allege any facts "support[ing] an inference that Saudi American Bank provided funds to Osama Bin Ladin or to al Qaeda directly," nor any facts "to support an inference that Saudi American Bank knew or should have known that funds they purportedly provided for construction projects in Sudan would aid al Qaeda." In re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (RCC), 2006 WL 3386841, at *2 (S.D.N.Y. Nov. 20, 2006). The Court also denied Plaintiffs' request for leave to amend the Amended Complaint on the ground that doing so would be futile. The Court based this conclusion on its thorough review of "the voluminous materials submitted as exhibits to Plaintiffs' opposition brief," which primarily outlined the history of Osama bin Laden and al Qaeda but said nothing of substance about Saudi American Bank. Id. at *3.

In their motion for reconsideration, however, Plaintiffs argue that the Court erred when it denied leave to amend because "the assumption underlying that decision—that plaintiffs would merely restate the information contained in the exhibits to their [Saudi American Bank] opposition if permitted leave to amend—is incorrect." (Pl.'s Mem. Supp. Recons. at 2.) In support of this

contention, Plaintiffs offer twenty-two "particularized" allegations which "might alter this Court's reasoning." (Id. at 3.) But much, if not all, of the information in these proposed allegations was available to the Court in the exhibits to Plaintiffs' opposition papers. (Compare Pl.'s Opp. Exs. 1-9 with Pl.'s Mem. Supp. Recons. at 3-6.) The Court considered these facts and determined that under no circumstances could they support adequate allegations against Saudi American Bank. Nonetheless, Plaintiffs now attempt to create "new" allegations from largely the same set of facts. They do so to no avail. As the Court stated in the Order, granting Plaintiffs leave to amend based on the factual allegations they have offered thus far would be futile.[2] See In re: Terrorist Attacks, 2006 WL 3386841, at *3.

Indeed, leave to amend in this case would remain futile because Plaintiffs still do not offer facts supporting an inference that Saudi American Bank directly or knowingly provided funds to either Osama Bin Ladin or al Qaeda in aid of any purported quid pro quo with the Sudanese government. When describing the purported relationship between Saudi American Bank, Osama Bin Laden, and Sudan, for instance, Plaintiffs assert only that Saudi American Bank "entered into its financial partnerships with Osama Bin Laden relative to the aforementioned construction projects in the Sudan . . . ." (Pl.'s Mem. Supp. Recons. at 4.) Such an allegation is not, it seems, the mere product of an inelegant pen but rather the handiwork of calculated circumlocution. Indeed, Plaintiffs conspicuously forego any simple, straightforward statement that Saudi American Bank provided funds directly to Osama Bin Laden for the stated purpose of financing one or more of Bin Laden's own construction projects in Sudan. The Court views this omission as a signal that Plaintiffs cannot

---

[2] In addition, the extent to which Plaintiffs' proposed allegations provide new information not previously available to the Court, that information is not properly considered on a motion for reconsideration. Askin, 137 F. Supp. 2d at 442.

offer such an averment in good faith.

Nor do Plaintiffs offer any proposed factual allegations to support an inference that Saudi American Bank knew or should have known of the purported quid pro quo between Osama Bin Laden and the Sudanese government. Plaintiffs do offer facts in support of their contention that Osama bin Laden provided construction services to Sudan in exchange for "safe haven" in that country. (See id. at 3-4.) In addition, Plaintiffs offer facts indicating that Bin Laden was known to reside in Sudan in the early 1990s (id. at 4-6) as well as the conclusory allegation that Sudan's "safe haven and support would not have been possible without the financing and other support [Saudi American Bank] provided for [construction] projects" in that country (id. at 4). But Plaintiffs offer no facts, only speculation and conjecture, in support of their allegation that Saudi American Bank knew or had any reason to know such an arrangement existed between Bin Laden and Sudan at the time. As the product of speculation, Plaintiffs' proposed allegation is insufficient to sustain their claims against Saudi American Bank in this case. See In re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (RCC), 2006 WL 3702725, at * 2-3 (S.D.N.Y. Dec. 14, 2006). Accordingly, the Court can find no reason to reconsider its previous decision denying Plaintiffs' request for leave to amend the Amended Complaint.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED**.

So ordered.

*/s/ Richard Conway Casey/*
Richard Conway Casey, U.S.D.J.

Dated: January 23, 2007
New York, New York