# Exhibit B



## COZEN
## O'CONNOR
### ATTORNEYS

A PROFESSIONAL CORPORATION

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

**Sean P. Carter**
Direct Phone   215.665.2105
Direct Fax   215.701.2105
scarter@cozen.com

September 28, 2006

**VIA E-MAIL**

Steven K. Barentzen, Esquire
DLA Piper Rudnick Gray Cary US LLP
1200 19th Street, NW
Washington, DC 20036-2412

> **Re:**   **In Re: Terrorist Attacks on September 11, 2001**
> **03 MDL 1570 (RCC)**
> **Our File No.: 117430**

Dear Steve:

I write on behalf of the *Federal Insurance* and *Burnett* plaintiffs, in response to your request that those plaintiffs agree to voluntarily vacate the default judgments entered against Samir Salah. In your initial email relating to this issue, you suggested that Mr. Salah would prevail on a motion to vacate the default judgments, because: (1) Mr. Salah allegedly did not have notice that he was a party to these lawsuits until after the default judgments were entered; and (2) in your view, the Complaints do not provide an adequate basis for the entry of default judgments against him.

While we are willing to consider whether Mr. Salah would be entitled to have the default judgments vacated based on his alleged ignorance of his status as a defendant in these cases, we have not been provided sufficient information to engage in any meaningful analysis of that argument. To facilitate a dialogue on that question, we would request that Mr. Salah provide an affirmation addressing issues bearing on his knowledge of his status as a defendant and service of the Complaints upon him, and submit to a brief deposition limited to those same issues. While we anticipate that the specific scope of the affirmation and deposition will need to be discussed further, we believe they should at least address the following topics and circumstances:

Steven K. Barentzen, Esquire
September 28, 2006
Page 2

---

(1)     Mr. Salah's place(s) of residence between the dates the Complaints were filed and the present;

(2)     Mr. Salah's physical location when the notices of the lawsuits were published in the *International Herald Tribune*, *Al Quds al Arabi* and *USA Today* newspapers;

(3)     Any employment positions Mr. Salah has held between the dates the Complaints were filed and the present;

(4)     Any positions Mr. Salah has held as an executive or member of the board of directors of any companies between the dates the Complaints were filed and the present;

(5)     Whether Mr. Salah has been in contact with any other parties named as defendants in any of the consolidated MDL cases since the date the Complaints were filed;

(6)     Whether Mr. Salah has been in contact with counsel for any defendant in any of the consolidated cases since the Complaints were filed;

(7)     Whether Mr. Salah was aware that any companies or organizations with which he was at one time affiliated had been named as defendants in any of the consolidated MDL cases;

(8)     Whether Mr. Salah received any information regarding the pendency any of the consolidated MDL cases, regardless of whether he was aware of his status as defendant in those cases;

(9)     The date on which Mr. Salah first became aware of his status as a defendant in any of the consolidated MDL cases; and

(10)    The manner in which Mr. Salah first became aware of his status as a defendant in any of the consolidated MDL cases.

As Mr. Salah would bear the burden of establishing that he was unaware of the claims against him in any motion to vacate the default judgments, we do not believe that the proposed affirmation and deposition impose any additional burden on Mr. Salah. Moreover, because the exchange of this information may enable us to resolve this issue without court intervention, it seems like the sensible course to pursue. Of course, we are amenable to discussing the specific content of the affirmation and scope of the proposed deposition with you in further detail.

As to the second argument you raised in your request that plaintiffs agree to vacate the default judgments, after careful consideration of the question, we remain convinced that the default judgments entered against Mr. Salah are valid. Accordingly, we are not willing to voluntarily vacate the default judgments entered against Mr. Salah on that basis.

Steven K. Barentzen, Esquire
September 28, 2006
Page 3

---

At your earliest convenience, please let us know if Mr. Salah is willing to provide an affirmation to support his claim that he was unaware of his status as a defendant in the suits, and to submit to a brief deposition limited to issues bearing on his notice of the claims against him.

Finally, the *Burnett, Euro Brokers and WTC Properties* plaintiffs have authorized me to advise you that the points and proposals raised above apply equally to your request that those plaintiffs agree to vacate their default judgments against Abdul Hamid Abu-Sulayman.

We look forward to hearing back from you in the near future.

Very truly yours,

COZEN O'CONNOR

BY: SEAN P. CARTER

SPC/bdw
cc:     Stephen A. Cozen, Esquire
        Elliott R. Feldman, Esquire
        Robert Haefele, Esquire
        Jodi Westbrook Flowers, Esquire