UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE: TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

Civil Action No. 03 MDL 1570 (GBD)

This document relates to: All Actions

## NOTICE OF SUPPLEMENTAL AUTHORITY

This Notice, submitted on behalf of defendants with motions to dismiss pending in this MDL, is filed to bring to the Court's attention the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, No. 05-1126 (May 21, 2007), which reversed a decision of the Second Circuit.[1] A copy of the Supreme Court's decision is attached.

Plaintiffs in this MDL have sued hundreds of defendants, accusing individuals, non-profits, financial institutions, foreign officials, and sovereign states of complicity in the September 11 attacks. Plaintiffs' allegations against many of these defendants rest on conclusory assertions, with little or no supporting factual averments, that defendants conspired with terrorists or intentionally aided terrorism directed at the United States. Many defendants accordingly moved to dismiss the claims against them on a variety of grounds, including for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. Judge Richard C. Casey granted many of these motions on the ground that conclusory allegations are insufficient either to establish personal jurisdiction or to state a claim; others were denied without prejudice to re-filing; and still others remain pending.

---

[1] In *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99 (2d Cir. 2005), the Second Circuit reversed a decision by Judge Gerard Lynch dismissing a conclusory charge of conspiracy for failure to state a claim under § 1 of the Sherman Act.

The Supreme Court's decision in *Twombly* confirms that, as Judge Casey held,[2] conclusory allegations such as those plaintiffs make here are insufficient to survive a motion to dismiss. The Court first held, as a general pleading principle, that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Slip op. at 8 (brackets omitted). To plead a conspiracy claim under federal antitrust law, the Court explained, a complaint must state "enough factual matter (taken as true) to suggest that an agreement was made." *Id.* at 9. Neither "a bare assertion of conspiracy" nor "a conclusory allegation of agreement" suffices. *Id.* at 10.

In explaining those principles, the Court rejected a literal reading of the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), making clear that a plaintiff claiming conspiracy must allege specific facts sufficient to "show" that an agreement was made. *See id.* at 8-9 and n.3. The Court explained that the *Conley* language, which many plaintiffs in this MDL have relied upon in opposing pending motions to dismiss, "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 16. The Court explained that, even though "heightened fact pleading of specifics" is not required under Federal Rule of Civil Procedure 8, a complaint must allege "enough facts to state a claim for relief that is plausible on its face," not merely one that is "conceivable." *Id.* at 24.

---

[2] *See In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 794-804, 812-16 (S.D.N.Y. 2005); *In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 553-56, 558-59 (S.D.N.Y. 2005).

Applying those principles, the Court held that "a few stray statements" in a complaint "speak[ing] . . . of agreement" between defendants did not properly allege a conspiracy because those statements were, without more, "mere[] legal conclusions." *Id.* at 18; *see also id.* at 8 n.3 ("blanket assertion[] of entitlement to relief" is insufficient); *id.* at 10 n.5 (the lines "between the conclusory and the factual" and "between the factually neutral and the factually suggestive" "[e]ach must be crossed" to survive a motion to dismiss).

The Supreme Court's decision establishes that, absent specific factual averments, conclusory allegations — for example, that defendants conspired with terrorists or intentionally and knowingly supported terrorism directed at the United States — are insufficient to withstand a motion to dismiss for lack of personal jurisdiction or for failure to state a claim. The Supreme Court's decision in *Twombly* accordingly validates the approach that Judge Casey took to these issues, and that approach should govern this Court's resolution of pending motions to dismiss.

Respectfully submitted,

    /s/ Michael K. Kellogg
Michael K. Kellogg
Kellogg, Huber, Hansen, Todd,
  Evans & Figel, P.L.L.C.
1615 M Street, N.W.
Washington, D.C. 20036
(202) 326-7900

May 31, 2007

## CERTIFICATE OF SERVICE

I hereby certify that, on this 31st day of May 2007, I caused copies of the foregoing Notice of Supplemental Authority to be served electronically through the Court's ECF system upon all parties in this MDL scheduled for electronic notice.

              /s/ Elizabeth M. Forney
              Elizabeth M. Forney