```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re:                                          :

TERRORIST ATTACKS                               :
ON SEPTEMBER 11, 2001

                                                :

------------------------------------------------------------x

**DISCOVERY ORDER**

03 MDL 1570 (GBD)(FM)

**FRANK MAAS**, United States Magistrate Judge.

By letter dated June 13, 2007, counsel for The National Commercial Bank ("NCB), a defendant in the Burnett action, has asked the Court to quash (or require the plaintiffs to withdraw) nine subpoenas addressed to banks, each of which is worded in a manner that might require the production of records regarding NCB's correspondent bank accounts in the United States. NCB argues, inter alia, that these subpoenas constitute an improper attempt on the part of the plaintiffs to obtain merits discovery with respect to NCB before the parties have completed their jurisdictional discovery and the Court has had an opportunity to determine whether there is a basis for the exercise of personal jurisdiction over NCB.

Following letter briefing, the Court held a telephone conference on June 10, 2007, during which plaintiffs' counsel indicated that one of the subpoenas never was served and that another subpoena was withdrawn. NCB's application therefore relates to subpoenas addressed to seven banks. According to NCB's counsel, three of these banks had a correspondent banking relationship with NCB (the "Correspondent Banks"); the remaining banks (Non-Correspondent Banks") did not.*

For the reasons discussed during the conference, my rulings with respect to NCB's letter-motion are as follows:

1. The motion is denied as to the Non-Correspondent Banks, which shall produce the documents responsive to the plaintiffs' subpoenas without restriction.

---

\* During the conference, NCB's counsel identified the three Correspondent Banks as Bank of America, American Express Bank, and HSBC. It appears, however, that the third Correspondent Bank was a bank other than HSBC.

2. If it has not already done so, NCB shall promptly identify any accounts that NCB maintains at the Correspondent Banks in its own name or on behalf of its customers (the "NCB Accounts").

3. The Correspondent Banks shall produce **to the plaintiffs** any documents responsive to the subpoenas which relate to accounts at the Correspondent Banks other than the NCB Accounts.

4. The Correspondent Banks shall further produce **to the plaintiffs** any documents related to the NCB Accounts if those documents are retrievable from bank records related to accounts set forth on Exhibit B to the subpoenas other than the NCB accounts.

5. Unless and until the Court otherwise directs, the Correspondent Banks shall produce **to NCB's counsel** (Ronald S. Liebman, Esq., of Patton Boggs, LLP, 2550 M Street, NW, Washington, DC 20037) any documents responsive to the subpoenas which relate solely to the NCB accounts.

SO ORDERED.

Dated: New York, New York
July 25, 2007

FRANK MAAS
United States Magistrate Judge

Copies to:

Hon. George B. Daniels
United States District Judge

Robert T. Haefele, Esq.
Motley Rice LLC
(843) 216-9450      (fax)

Ronald S. Liebman, Esq.
Patton Boggs LLP
(202) 457-6315      (fax)