

**MotleyRice**

Robert T. Haefele
Licensed in SC, NJ & PA
DIRECT DIAL 843.216.9184
DIRECT FAX 843.216.9450
RHaefele@motleyrice.com

July 9, 2007



**Via Facsimile (212) 805-6724 and Federal Express**
Honorable Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007-1312

*Re:    In re Terrorist Attacks on September 11, 2001 v. NCB*
03 MDL 1570 (GBD)(FM)

*[handwritten: As Mr. Gauch indicates in his responsive letter, even if I accept Mr. Haefele's representations at face value, they do not suggest a basis for jurisdiction over SBG.]*

Dear Judge Maas:

Pursuant to Your Honor's direction during the recent June 29, 2007, conference regarding *[handwritten: Accordingly]* jurisdictional discovery from defendant Saudi Binladin Group ("SBG"), we are submitting this letter *[handwritten: the]* in support of plaintiffs' request that the Court direct SBG to produce information regarding its *[handwritten: request for]* contacts with U.S.-based Techmaster Incorporated ("Techmaster") as well as SBG's and its PCM *[handwritten: discovery]* Division's U.S.-based business dealings with 7000 active venders and 2,500 manufacturers from *[handwritten: concerning]* which it reportedly received discounts. *[handwritten: Techmaster/PCM is DENIED.]*

*[handwritten: Maas, USMJ, 7/26/07]*

Although, as our request for discovery suggests, plaintiffs do not know all the facts regarding Techmaster and its relationship with SBG, the following provides a summary of the information available.

Techmaster is an engineering, procurement, and construction services company that provides services for the industrial, power, and water resources sectors. Originally established in Texas, in 1980, under the name Project Resources and Development, it later relocated to Fort Lee, New Jersey and changed its name to Techmaster.

As plaintiffs expressed in our June 15, 2007 letter to the Court, for jurisdictional discovery purposes, in addition to inquiring into SBG's various contacts in the forum, plaintiffs may also inquire into SBG's relationships with other entities whose contacts may be imputed to SBG, including alter egos, "agents," and "mere departments." *See, e.g., Marine Midland Bank, N.A. v Miller,* 664 F.2d 899, 904 (2nd Cir. 1981) (corporate formality ignored); *Gelfand v Tanner Motor Tours Ltd.,* 385 F.2d 116, 120-121 (2nd Cir. 1967) (agency); *Oriska Ins. Co v Brown & Brown of Tex., Inc.,* 2005 U.S. Dist. LEXIS 6623, *7-8 (S.D.N.Y. 2005), citing *Schenk v Walt Disney Co.,* 742 F. Supp. 838, 842 (S.D.N.Y. 1990) (mere department). The available information supports plaintiffs' contention that Techmaster has, at least in the past, been used by SBG as an agent in the United States to perform

www.motleyrice.com    MT PLEASANT                BARNWELL              PROVIDENCE            HARTFORD                  ATLANTA

Motley Rice LLC        28 BRIDGESIDE BLVD.        1750 JACKSON ST       321 SOUTH MAIN ST    ONE CORPORATE CENTER      600 WEST PEACHTREE ST.
Attorneys at Law       P.O. BOX 1792             P.O. BOX 365           P.O. BOX 6067         20 CHURCH ST., 17TH FLOOR SUITE 800
                       MT. PLEASANT, SC 29465     BARNWELL, SC 29812     PROVIDENCE, RJ 02940  HARTFORD, CT 06103        ATLANTA, GEORGIA 30308
                       843-216-9000              803-224-8800           401-457-7700          860-882-1681              404-201-6900
                       843-216-9450 FAX          803-259-7048 FAX       401-457-7708 FAX      860-882-1681 FAX          404-201-6959 FAX

various U.S.-based activities.  Plaintiffs should be afforded discovery from SBG regarding its contacts with Techmaster to investigate the extent to which the Court may – when it assesses jurisdictional contacts –  impute Techmaster's contacts to SBG.

In this instance, plaintiffs assert that the Court may assert jurisdiction over SBG where it has affiliated itself with Techmaster, a resident entity, or "agent" and the agent renders services on SBG's behalf sufficiently important to SBG that it would have performed equivalent services itself had the agent not been available.  *See, e.g., Frummer v Hilton Hotels Intern., Inc.*, 19 N.Y.2d 533, 537, 281 N.Y.S.2d 41, 44, 227 N.E.2d 851, 854 (1967) (jurisdiction over foreign hotel chain based on activities of affiliated reservations service); *Gelfand*, 385 F.2d 120-121 (jurisdiction over tour operator based on activities of affiliated travel agent).  For the contacts to be imputed, plaintiffs do *not* need to prove either a formal agency agreement nor that the defendant exercised direct control over the putative agent.  *See, e.g., New York Marine Managers, Inc. v M.V. "Topor-1,"* 716 F.Supp. 783, 785 (S.D.N.Y. 1989); *Palmieri v Estefan,* 793 F.Supp. 1182, 1194 (S.D.N.Y. 1992).  A foreign defendant like SBG is doing business, in the traditional sense, if the resident representative provides any services beyond "mere solicitation" and the services are sufficiently important that the defendant would have done them itself in the resident representative's absence.  *Gelfand*, 385 F.2d 120-121, citing *Frummer*, 19 N.Y.2d at 537, 281 N.Y.S.2d at 44, 227 N.E.2d at 854.

Under the circumstances – where SBG is a large international but privately owned company and much of its business dealings are not made public – plaintiffs have the following limited information that supports their contention that SBG has treated Techmaster as an "affiliated" entity that represents SBG's interests in the United States.  In at least one SBG company report, SBG has represented that SBG Industrial and Power Projects Division was supported by "... a network of world-wide subsidiaries and affiliates in the U.S.A. and Europe."  In another company report SBG identified Techmaster's Fort Lee, New Jersey address as SBG's United States support office.  On the website of SBG's Arabian Bemco, where SBG lists affiliate companies separately from companies with which it merely conducts business, SBG lists Techmaster as an affiliated company.  Business news articles have characterized Techmaster as SBG's United States engineering and procurement affiliate.  Each of these representations indicate a much closer relationship than has been represented either to the plaintiffs or to the Court.

One explanation for the close interactions, and further support for considering Techmaster's contacts as imputed to SBG, is that a number of the SBG-related directors overlap with Techmaster as well.  For example, Techmaster directors Henry Sarkissian and Souren Sarkissian are directors of SBG's Arabian Bemco group as well.  Henry Sarkissian has also been a board member of SBG and managing director of Binladin International Group, another entity under the SBG-control umbrella.  Henry Sarkissian, Kouren Sarkissian and Techmaster "employee" Robert McBride were all directors of SBG, USA.  Partial telephone records of SBG, USA reveal that SBG, USA communicated with Techmaster extensively over the limited period covered by the records.

The available information indicates that Techmaster has acted in the U.S. as SBG's surrogate for projects abroad.  Electronic mails between Techmaster officer Samir Akl and SBG Bemco

executive Henry Cabrera suggest that contract proposals were developed by SBG and then given to Techmaster to submit on SBG's behalf.  For example, one electronic mail shows Akl corresponding with Cabrera and Henry Sarkissian, asking for Cabrera's permission to submit to an Illinois corporation SBG's Arabian BEMCO's pre-qualifications for new Mideast projects and noting that Akl already had SBG prequalified with another U.S. company.  In another exchange, Akl circulates to SBG's Arabian BEMCO executives a list of U.S. Army Corp of Engineers projects in Iraq and asks for their advice regarding Arabian BEMCO's participation in the projects.

Techmaster is also tied to JEDAC, SBG's joint venture with General Electric.  Although the joint venture is to perform work in the Mideast, facts connecting Techmaster and JEDAC indicate that JEDAC's contacts in the U.S. may also be imputed to SBG as a partner in the joint venture. JEDAC has, while purchasing hardware in the U.S., used Techmaster's physical address in Naperville, Illinois with acknowledgement for JEDAC going to Mr. Akl at Techmaster's address and faxed to Techmaster's telephone number.  Mr. Akl has also apparently used two email addresses, one for Techmaster and another for SBG's joint venture, JEDAC.

Based on the known facts and circumstances, plaintiffs contend that further discovery is warranted to uncover the full extent of SBG's business contacts with Techmaster, whether through its Arabian BEMCO entity, its JEDAC joint venture, or otherwise.

SBG's PCM Division was formed to consolidate and expand SBG's services to the petroleum, chemical and mining industries, and is another SBG entity that has had apparent contacts in the U.S. – in Houston, Texas.  One integrated aspect of the PCM Division has been the SBG-PCM EDI on-line system, which facilitates the fast and accurate flow of information between the SBG's customers, PCM and suppliers, enabling PCM to use a total interchange of stocking inventories at all warehouse facilities.  SBG's PCM Division has represented that "PCM maintains full EDI capabilities from Saudi Arabia and *from Houston, Texas, where PCM has 7000 active vendors on a database and receives discounts from 2,500 manufacturers.*"  Plaintiffs request that SBG disclose the business dealings that its PCM Division has had with the 7000 active venders and the 2,500 manufacturers from which it has reportedly received discounts.

By: _____
Robert T. Haefele

cc:     James Gauch, Esq.
        Counsel for SBG

        Plaintiffs Executive Committee