# EXHIBIT 6

# C L I F F O R D
# C H A N C E

CLIFFORD CHANCE US LLP

2001 K STREET NW
WASHINGTON, DC 20006 - 1001

TEL +1 202 912 5000
FAX +1 202 912 6000

www.cliffordchance.com

Steven T. Cottreau
Partner

DIRECT TEL +1 202 912 5109
DIRECT FAX +1 202 912 6000
Steve.Cottreau@Cliffordchance.com

July 7, 2011

<u>Via Email</u>

Sean P. Carter, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Re:  *In re Terrorist Attacks of September 11, 2001*, 03-md-1570 (S.D.N.Y.)

Dear Sean:

I am writing to clarify the current status of our discussions regarding Plaintiffs' Responses To Dubai Islamic Bank's First Set of Requests For Production Of Documents And Tangible Things ("Plaintiffs' Responses") and Dubai Islamic Bank's ("DIB") Responses and Objections to Plaintiffs' First Set of Document Requests ("DIB's Responses").  As you know, the parties have met and conferred several times in an effort to resolve any outstanding disputes regarding Plaintiffs' Responses and DIB's Responses.  Below is our understanding of the disputes that the parties have raised and the current status of those issues.  Please let us know if we have misstated in any way your position on any of these issues or if we have omitted any agreement that we have reached during our discussions.  We remain ready to discuss these issues further at your convenience so that we can try to resolve any remaining issues and move forward in discovery.

I.     DUBAI ISLAMIC BANK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS ("DIB'S REQUESTS")

With respect to DIB's Requests, we discussed certain issues DIB had with Plaintiffs' Responses and have reached the following understandings during our meet and confer sessions.

A.     Plaintiffs' General Objections

DIB inquired whether Plaintiffs intend to withhold any documents responsive to DIB's Requests based on the General Objections section set forth in Plaintiffs' Responses.  Plaintiffs stated that they do not intend to withhold any responsive documents based on the General

CLIFFORD CHANCE US LLP

Objections and will inform DIB if Plaintiffs actually withhold any documents based on any General Objection.

### B. Other Objections

DIB inquired as to whether Plaintiffs plan to withhold any documents based upon any of the objections that are repeated throughout Plaintiffs' Responses—these objections are in some cases labeled as objections (a) though (h) (*e.g.*, Plaintiffs' Response to DIB Request No. 1), though more frequently the repeated objections are labeled (a) though (g) (*e.g.*, Plaintiffs' Response to DIB Request No. 4). Plaintiffs confirmed that they do not intend to withhold any documents on the basis of any of these repeated objections, with the possible exception of certain documents that Plaintiffs may withhold on the basis of privilege or work product protection. In the event that Plaintiffs withhold documents on the grounds of privilege or work product protection, Plaintiffs agreed to include those documents on a privilege log in a manner consistent with any privilege log agreement reached by the parties.

### C. Documents Received From Third Parties

DIB asked whether Plaintiffs planned to produce all documents that they obtained from third parties that are responsive to any of DIB's Requests. Plaintiffs agreed to produce all responsive documents they have received from third parties, including documents obtained from public sources, with the following exception: Plaintiffs may withhold documents created by consulting experts in connection with the litigation on the grounds of privilege or work product protection, in which case Plaintiffs will include such documents on a privilege log.

### D. DIB's Request Nos. 6 and 52

DIB's Request Nos. 6 and 52 seek all documents and tangible things relevant to DIB's or any Plaintiff's claims or defenses in the case. Plaintiffs objected to these Requests as overly broad and unduly burdensome in seeking documents and tangible things relevant to claims and defenses pertaining exclusively to defendants other than DIB. In response, DIB agreed to narrow these Requests as follows:

> Document Request No. 6 now seeks "All documents relevant to any of DIB's defenses or any of Plaintiff's claims against DIB in the above-captioned case."

> Document Request No. 52 now seeks "Any tangible thing relevant to any of DIB's defenses or any of Plaintiff's claims against DIB in the above-captioned case."

Plaintiffs agreed to produce all documents responsive to these requests as narrowed.

CLIFFORD CHANCE US LLP

### E.     DIB's Request No. 7

In Plaintiffs' Responses, Plaintiffs raised a number of objections to DIB's Request No. 7. DIB agreed to narrow that request as follows:

> Document Request No. 7 now seeks "All documents concerning DIB that are related to or relevant to any of the allegations, claims, or defenses in the above-captioned case."

Plaintiffs agreed to produce all documents responsive to this request as narrowed.

## II.    PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS ("PLAINTIFFS' REQUESTS")

With respect to Plaintiffs' Requests, we discussed certain issues Plaintiffs had with DIB's Responses and have reached the following understandings during our meet and confer sessions.

### A.     Document Request Responses

Plaintiffs inquired whether DIB intends to produce documents or to make them available for inspection in the U.A.E. DIB stated it planned to produce the categories of documents that it agreed to produce in DIB's Responses. Plaintiffs similarly confirmed that they also planned to produce documents responsive to DIB's Requests rather than make such documents available for inspection.

### B.     Definitions Used In Plaintiffs' Requests

#### 1.      Conformity with Local Rules

DIB objected to the definitions set forth in Plaintiffs' Requests to the extent they differ from the Local Rules of the United States District for the Southern District of New York ("Local Rules"). Plaintiffs stated their belief that their Definitions generally conform to the definitions set forth in the Local Rules. DIB believes that the definitions in the Local Rules should prevail and will respond to the requests accordingly.

#### 2.      Definition of "United Arab Emirates" or "U.A.E."

Plaintiffs questioned DIB's objection to Plaintiffs' definition of "United Arab Emirates" or "U.A.E." DIB explained that this definition is overly broad to the extent that it goes beyond the government and its representatives and requires DIB to identify members of various ruling families. The parties agreed to limit the definition as follows: "The terms 'United Arab Emirates' or 'U.A.E.' shall mean the United Arab Emirates, including any agency, instrumentality, organ, political subdivision, official, representative, or agent of the United Arab Emirates."

### C. DIB's Search Methodology

#### 1. Search Terms

Throughout DIB's Responses, DIB proposed using a search term methodology in response to a number of objections that DIB raised to Plaintiffs' Requests. See, e.g., DIB's Responses to Plaintiffs' Request Nos. 1-8, 10, 11, 15, 16-19, 24-26, 29, 30, 32, 37, 38, 43, 44, 69, and 78-82. As set forth in DIB's Responses, DIB explained that it would search certain of its records systems using as search terms of the names of individuals and entities as identified in Plaintiffs' Requests. Plaintiffs asked that DIB include additional search terms. DIB agreed to do so provided that the additional list of terms was not subject to a valid objection, such as unduly burdensomeness or irrelevance. DIB also suggested that Plaintiffs include on that list (a) names in Arabic because many records are not in English and (b) alternative spellings of both English and Arabic names that it would like searched. Plaintiffs agreed to provide for DIB's consideration a proposed list of additional search terms, including terms in Arabic and alternate spellings of terms. We understand that you have been assembling a list of search terms. We believe that time is now of the essence to provide us with that list so that we can attempt to conclude the search process and related pulling of records by the document discovery deadline.

#### 2. Beneficial Ownership & Signatory Authority

Several of Plaintiffs' Requests seek documents concerning beneficial ownership of and signatory authority over accounts held in the names of alleged al Qaeda members. (*See, e.g.,* Plaintiffs' Requests Nos. 1, 3, 5, 7, 10, 11, 15, 20, and 21.) DIB objected to these requests in part because these Requests are unduly burdensome. Plaintiffs asked whether it was possible to use search terms to electronically search for information about beneficial ownership of accounts and signatory authority over accounts. DIB agreed to determine whether such an electronic search was possible.

#### 3. Irrelevant Hits on Search Terms

Plaintiffs asked about the meaning of DIB's use of the phrase "provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaeda" in certain of DIB's Responses.

DIB explained that this phrase clarifies that DIB will not necessarily produce all documents that are identified using the search term methodology if it appears from the search results that certain individuals are not relevant to the claims or defense in this case. Such a result may occur, for example, when an individual coincidentally has the same name as another individual who may be allegedly affiliated with al Qaeda. Plaintiffs did not object to the exclusion of such irrelevant hits on search terms, but asked that DIB identify instances when it

excludes such documents from its production. DIB agreed that it would disclose to Plaintiffs instances where it excludes information from its production despite a positive search term match.

    4.    <u>Checks</u>

DIB objected to the production of "cleared or canceled checks" in its Responses. Plaintiffs inquired about the objection. DIB explained that generally checks are stored in transaction records for each branch organized by the date the transaction was processed. As a result, checks are co-mingled with all other checks cashed on the same date by a particular branch. Indeed, even locating the correct box in storage may be difficult. To find a single check, if it exists, is thus very burdensome. Given this recordkeeping situation, the parties agreed to address on a case-by-case basis at a later stage the issue of whether DIB needs to pull particular checks referenced in account statements that DIB produces.

    D.    **Plaintiffs' Request No. 22**

Plaintiffs' Request No. 22 seeks certain documents concerning an alleged "July 1999 Meeting(s)" in the U.A.E. between the U.S. government, U.A.E. government, and DIB regarding Osama bin Laden. DIB responded that it would produce certain responsive non-privileged documents. Plaintiffs asked whether DIB intended to exclude otherwise responsive documents that concerned a meeting between the U.S. and U.A.E. government officials, if DIB officials also did not attend the meeting. DIB agreed that Plaintiffs' definition of "July 1999 Meeting(s)" would include a meeting between U.S. and U.A.E. government officials that was not attended by DIB officials.

    E.    **Plaintiffs' Request No. 26**

Plaintiffs' Request No. 26 seeks correspondence exchanged between DIB and the U.A.E. government relating to an alleged July 1999 meeting. DIB responded that it will produce any non-privileged responsive correspondence between it and the U.A.E. government relating to any July 1999 meeting concerning allegations that DIB was associated with any individual or entity included in the Search Terms. Plaintiffs stated that this response is too narrow. The parties agreed to the following amended Response by DIB:

> Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged correspondence, if any exists,

CLIFFORD CHANCE US LLP

between Dubai Islamic Bank and the U.A.E. government relating to any July 1999 Meeting(s).[1]

### F. Plaintiffs' Request No. 28

Plaintiffs' Request No. 28 seeks documents regarding any accounts discussed at an alleged July 1999 Meeting. DIB objected to this Request as vague, ambiguous, overly broad, unduly burdensome, and uncertain. Plaintiffs inquired about this objection. DIB explained that it is currently unaware of any accounts allegedly discussed at the alleged meeting and therefore is unable to produce any documents responsive to this Request.

### G. Plaintiffs' Request No. 29

The parties discussed DIB's Response to Plaintiffs' Request No. 29. Plaintiffs expressed the concern that DIB's Response failed to capture certain communications between the U.S. government and the U.A.E. As a result, DIB agreed to modify its Response by adding the words "or the U.A.E." following the phrase "U.S. government to Dubai Islamic Bank."

### H. Plaintiffs' Requests Nos. 29-30 and 89-105

Plaintiffs' Requests Nos. 29-30 and 89-106 seek information concerning DIB's alleged associations with the Taliban, Hamas, and other organizations. DIB objected to these Requests in part because they were overly broad, unduly burdensome, and sought information not relevant to a claim or defense of any party. Plaintiffs stated that they disagree with DIB's position and contend that such topics are relevant. DIB explained that it did not believe that this information was relevant to Plaintiffs' claims and that defining the scope of responsive documents was exceedingly difficult, as evidenced by parties' experience in defining al Qaeda. The parties agreed to revisit the issue.

### I. Plaintiffs' Requests Nos. 33-36

Plaintiffs' Requests Nos. 33-36 seek documents related to the 1998 U.S. Embassy bombings. DIB objected to these requests in part because the information Plaintiffs seek related the 1998 Embassy bombings is overly broad, unduly burdensome and not relevant to a claim or defense of any party. The parties agreed to revisit the issue.

---

[1] The phrase "July 1999 Meeting(s)" has the same meaning as set forth in Plaintiffs' Request No. 22 and DIB's Response thereto.

### J. Plaintiffs' Request No. 37

Plaintiffs' Request No. 37 concerns DIB accounts frozen after the September 11, 2001 attacks. In its response to this request, DIB raised a number of objections, but agreed to produce certain documents related to accounts held in the names of specific individuals. Plaintiffs stated their concern that DIB's Response would exclude all documents for accounts explicitly identified as being related to al Qaeda by government officials in correspondence with DIB if those accounts failed to match one of the names specified in DIB's Response. In response, DIB agreed to produce any correspondence from the U.S. or U.A.E. governments that identifies a person as being affiliated with al Qaeda and to produce for any account in the same name of such a person the documents set forth in part (iii) of DIB's Response to Request No. 37.

### K. Plaintiffs' Request No. 43

Plaintiffs' Request No. 43 seeks "all documents relating to any investigation, inquiry, audit, due diligence or analysis conducted by the U.A.E., relating in any way to DIB." DIB objected to the Request on a number of grounds and, as set forth in detail in its Response, offered to produce such documents to the extent that they concern al Qaeda and certain related persons. Plaintiffs' have asked that DIB produce documents responsive to this request that relate to terrorism financing in general. The parties agreed to revisit the issue.

### L. Plaintiffs' Requests Nos. 46-64

The parties also have discussed DIB's Responses to Plaintiffs' Requests No. 46.64, which concern DIB's Fatwa and Shariah Supervision Board. DIB has raised a number of objections to Plaintiffs' Requests. DIB, however, confirmed that it would not withhold any documents based on its objection that the term "Fatwa and Shariah Supervisory Board" is vague and ambiguous. In addition, DIB agreed to consider whether it could produce to Plaintiffs a document setting forth the Board's role at DIB. To overcome unduly burdensomeness objections, Plaintiffs also offered to propose a list of search terms for DIB to use to electronically search the Board's records. DIB raised relevance concerns related to the records but agreed to determine whether DIB's Fatwa and Shariah Supervision Board possesses records that may be searched electronically.

### M. Politically Exposed Persons

Plaintiffs questioned why DIB excluded documents concerning Politically Exposed Persons ("PEPs") from its Responses to certain of Plaintiffs' Requests. DIB stated that it contends that documents concerning PEPs are not relevant to a claim or defense of any party. Plaintiffs stated that they disagree with this position. While DIB did not agree that documents concerning PEPs are relevant, DIB agreed to consider producing a document setting forth DIB's account policies regarding PEPs.

CLIFFORD CHANCE US LLP

- 8 -

\* \* \*

We look forward to continuing our discussions with you in an effort to resolve these outstanding issues.

Sincerely,

*/s/ Steven T. Cottreau*

Steven T. Cottreau