# EXHIBIT 18

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number:  (202) 879-5572
scottreau@jonesday.com

July 29, 2022

**Via email**

Sean Carter, Esq.
J. Scott Tarbutton, Esq.
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Email: scarter1@cozen.com
Email: STarbutton@cozen.com

Robert T. Haefele
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Email: rhaefele@motleyrice.com

Re:  In re Terrorist Attacks of September 11, 2001, 03 MDL 1570

Dear Sean, Scott, and Bob:

We are writing in response to your letter dated July 27, 2022.  We appreciate the need to resolve your request, but your letter concocts a false emergency with an unreasonable deadline of three business days (August 1, 2022) for DIB to respond to your last minute request.  You have had the FBI documents at issue for over 4 months, and thus any urgency now is of your own making.

These FBI documents were released with redactions to the public on March 15, 2022 (though you may have had access earlier).  Plaintiffs never relied upon these FBI documents during our discussions earlier this year regarding Plaintiffs' desire to dismiss the claims against DIB with prejudice prior to the disclosure of files by the CIA under Executive Order 14040.  These FBI documents also were not part of your letter of May 9, 2022, which requested additional document productions (made well past the discovery deadline and without Court permission).  It now appears you are making yet another supplementary discovery request (again past the discovery deadline and without Court permission).

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

J. Scott Tarbutton, Esq.
Sean Carter, Esq.
Cozen O'Connor
Robert Haefele, Esq.
Motley Rice
July 29, 2022
Page 2

In addition, we dispute your representation of the prior discovery record and prior Court rulings. As twice detailed for the Court in two rounds of motion to compel briefing in 2015 and 2018, the parties (i) initially spent six months negotiating a search term methodology in 2011 that resulted in DIB searching for 261 search terms in 2011 and (ii) subsequently reached an agreement to search 629 search terms in 2015. *See*, *e.g.*, ECF No. 3057 at 2; 5-8; ECF No. 3788 at 2-5. After Plaintiffs' motion to compel, Judge Maas in March 2016 ordered that DIB search using 421 search terms that he identified in four categories. Hearing Tr. at 58, 51, 55 (March 22, 2016). Judge Maas also allowed Plaintiffs to supplement those search terms with aliases and other names in those four categories, but search terms were to total "not more than 500" search terms. *Id.* at 58. DIB ultimately agreed to allow Plaintiffs to expand the number of search terms to 629—129 terms more than Judge Maas had ordered. Judge Netburn thereafter denied Plaintiffs' motion to compel additional search terms beyond the 629 as "exceed[ing] the search-term limit set by the Court." *See* ECF No. 4046 at 9 ("[T]he Court intended for the PECs to provide a list of 500 search terms—not a list of 500 individuals or entities plus an unlimited number of alternative spellings and aliases.").

At all times during discovery in this case, DIB has made clear that the searches would be for exact matches on full names in its legacy banking system and, as a result, suggested that Plaintiffs consider using Arabic names and alternative spellings in proposing their search terms. *See*, *e.g.*, S. Cottreau Letter to S. Carter (July 7, 2011) ("As set forth in DIB's Responses, DIB explained that it would search certain of its records systems using as search terms the names of individuals and entities as identified in Plaintiffs' Requests…DIB also suggested that Plaintiffs include on that list (a) names in Arabic because many records are not in English and (b) alternative spellings of both English and Arabic names that it would like searched."); S. Cottreau Letter to S. Carter (September 8, 2011) at 3-4 ("We will conduct the search for these additional 194 search terms in the same fashion as we have agreed to search the other terms in DIB's Responses: we will search for exact matches on the search term in the full name accountholder field in DIB's electronic account record keeping system"); S. Cottreau Letter to S. Carter (September 22, 2011) ("[W]e believe that DIB's electronic account record keeping system, at various points in time, may not have reflected special characters present in certain search terms (such as hyphens, periods, parentheses, commas, and accent marks). Accordingly, for each term containing such special characters, we have added additional search terms that attempt to take into account alternative ways in which these names could have been stored."); DIB's Opp. to Pls' Mot. to Compel, ECF No. 3057 at 5-6 ("Counsel for DIB and Plaintiffs repeatedly met and conferred in March and July 2011 and reached agreement on the search term methodology by which DIB would search its records. On July 7, 2011, DIB sent Plaintiffs a letter summarizing the parties' agreed search

JONES DAY

J. Scott Tarbutton, Esq.
Sean Carter, Esq.
Cozen O'Connor
Robert Haefele, Esq.
Motley Rice
July 29, 2022
Page 3

protocol…As a result of this process, DIB agreed to search for and produce documents related to (1) 'names of individuals and entities as identified in Plaintiffs' Requests' and 'additional search terms' agreed upon by the parties, and (2) all persons identified in DIB's 'correspondence from the U.S. or U.A.E. governments that identifies a person as being affiliated with al Qaeda. DIB agreed 'to conduct the search for these additional [] search terms in the same fashion as [DIB had] agreed to search the other terms in DIB's Responses") (alterations in original) (quoting S. Cottreau Letters to S. Carter (July 7, 2011, Sept. 8, 2011); Hearing Tr. 56 ("[T]his list of not more than 500 names that the plaintiffs have that they just gather it, send it to us as search terms, and we will query our database using those as search terms using the same methodology that we did to do the 261"); S. Cottreau Letter to S. Carter (Apr. 13, 2016) ("As we summarized to the Court at the hearing: 'So plaintiffs will provide us a list with 500 names, we will search it using the same methodology that we searched the 261 names, and if there are any accounts for those individuals we will produce the first three items that I talked about out of the four items that we have [:] account opening documentation complete account statements, and any electronic transaction data that exists in our primary legacy account record keeping system.' In short, DIB will 'search for exact matches on the search term in the full name accountholder field in DIB's electronic account record keeping system[.]'") (quoting March 2016 hearing transcript and S. Cottreau Letter to S. Carter (Sept. 8, 2011), respectively); Letter from K. Barlow to S. Carter and S. Tarbutton (Mar. 22, 2017) ("As we previously agreed, DIB will search for exact matches on the search term in the full name accountholder field in DIB's electronic account record keeping system") (internal quotations omitted); Letter from S. Cottreau to S. Carter, S. Tarbutton, and R. Haefele (Aug. 14, 2017) ("You asked for clarification on search term methodology. As we explained in our March 22, 2017 letter: DIB will search for exact matches on the search term in the full name accountholder field in DIB's electronic account record keeping system…You also asked whether DIB will search for aliases or related entity accounts. DIB will provide each accounts that is identified by the methodology above, including accounts that match aliases and entity names that appear on the list of search terms that the parties are trying to negotiate.") (internal citations omitted). DIB appropriately conducted a search of its legacy system based on this exact match methodology using Plaintiffs' proposed search terms.

Plaintiffs' counsel now seek to blame DIB for their own lack of diligence. In the final list of 629 search terms proposed by Plaintiffs in 2016, Plaintiffs sought just ***one search term*** for "Sulaiman al Ali." This was in stark contrast to other individuals, where Plaintiffs proposed upwards of 17 search terms, including different spellings and aliases (but not Arabic search terms, which Plaintiffs removed).

JONES DAY

J. Scott Tarbutton, Esq.
Sean Carter, Esq.
Cozen O'Connor
Robert Haefele, Esq.
Motley Rice
July 29, 2022
Page 4

We are happy to discuss these issues with you, but we want to do so with a proper understanding of what has already occurred.

Sincerely,

*/s/ Steven T Cottreau*
Steven T. Cottreau
Jones Day
51 Louisiana Ave. N.W.
Washington D.C. 20001
202-879-5572
scottreau@jonesday.com

cc: Jerry Goldman
Bruce Strong
Jade Haileselassie
Ross Heyl
Abby Sher