# EXHIBIT 7


**PATTON BOGGS**LLP
ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

August 20, 2007

Ronald S. Liebman
202-457-6310
rliebman@pattonboggs.com

**BY FEDERAL EXPRESS**

The Honorable Frank Maas
United States Magistrate Judge
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

Re:     *In re Terrorist Attacks on September 11, 2001*, MDL 03-1570 (GBD);
        *Burnett v. Al Baraka*, Case No. 03 CV 9849 (S.D.N.Y.)

Dear Judge Maas:

This letter briefly replies, on behalf of The National Commercial Bank ("NCB"), to new arguments— raised for the first time in Mr. Maloney's August 16, 2007 letter— concerning plaintiffs' request to take depositions of former employees of SNCB Securities Inc. ("SNCB").

Plaintiffs acknowledge that they seek evidence concerning SNCB solely to support their theory of general ("doing business") jurisdiction over NCB. (Aug. 16 Ltr., p. 2.) Plaintiffs do not assert that SNCB had anything to do with the 9/11 attacks or that SNCB's activities relate to their theories of specific (conspiracy or purposefully-directed action) jurisdiction. SNCB depositions are not relevant to the question of general jurisdiction over NCB because SNCB was dissolved in 2001 and— as confirmed by the SNCB documents that NCB has produced— was not doing business for itself or for NCB at the time that the earliest of the 9/11 lawsuits was filed in August 2002. (*See* NCB's Aug. 13 Ltr., pp. 2-5.)

Plaintiffs' selection of documents from the SNCB document production simply confirms NCB's earlier showing (*id.*) that: (i) SNCB did not ever engage in the business of banking on behalf of NCB; and (ii) SNCB ceased operations in 2001 following its formal dissolution as a Delaware corporation. Specifically, in connection with SNCB's February 2001 dissolution:

•       On February 16, 2001 SNCB terminated its lease on office space at 420 Lexington Avenue in Manhattan. (MDL Dkt. # 170, Exh. 8 at Exh. A) (copy attached hereto as Exh.


**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Honorable Frank Maas
August 20, 2007
Page 2

1). Plaintiffs have provided the Court with an e-mail that simply discusses SNCB's earlier, December 2000 efforts to terminate that lease. (Aug. 16 Ltr., Exh. B at NCB01574.)

- NCB (as SNCB's ultimate parent) entered into short-term consulting agreements with former SNCB employees Thomas Krohley (ending June 30, 2001) and Virginia Pensa (ending February 28, 2001) to assist NCB with the "termination" and "liquidation" of SNCB's activities, including the "transfer" of its remaining activities to NCB in Saudi Arabia, and the "liquidation of the assets of Hospitality Investment Partners, an investment vehicle formed by and indirectly controlled by NCB." (*Id*, at NCB016258-60, NCB016264-66.)

- Discharging those functions, Mr. Krohley and Ms. Pensa operated from their homes (*id*, at NCB01574) and collected funds as part of the liquidation of the assets of Hospitality Investment Partners. (*Id*, at NCB01558, 1560-61, and 1568.) These and related activities—including the collection of tax refunds from the IRS— allowed the calculation of SNCB's final operating gain or loss and the "sending [of the] balance of money to LDN [SNCB Securities Ltd. in London] as dividend payment." (*Id*, at NCB01558).

- All of these activities were completed before the termination of Mr. Krohley's consulting agreement at the end of June 2001. (*Id*) All of these documents are consistent with NCB's prior showing that SNCB was out of business not later than the October 17, 2001 filing of it Surrender of Authority in New York. (*See* NCB's Aug. 16 Ltr., p. 3 n.1.)

In sum, plaintiffs can point to no evidence that SNCB did any business— on behalf of itself, or on behalf of NCB, including the business of liquidating SNCB— beyond 2001 and at the time the 9/11 lawsuits were filed. Plaintiffs' application to take SNCB depositions should be denied.

Respectfully submitted,

Ronald S. Liebman
*Counsel for Defendant The National Commercial Bank*

cc:    All Counsel

2