# EXHIBIT 9

LEXSTAT WHITE P B1006.01

White, New York Business Entities

Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

11 BUSINESS CORPORATION LAW
ARTICLE 10 NON-JUDICIAL DISSOLUTION
§ B1006 Corporate Action and Survival of Remedies After Dissolution
ANALYSIS of BCL § 1006

3- 10 White, New York Business Entities P B1006.01

## P B1006.01 Corporate Action and Survival of Remedies After Dissolution

BCL § 1006 provides for the legality of actions taken by a dissolved corporation to wind up its affairs, and for the survival of its pre-dissolution claims and remedies. This section should be read in close conjunction with BCL §§ 1005, 1007, and 1008. BCL §§ 1005 through 1008 extend the life of a dissolved corporation strictly for the purpose of winding up its affairs. Under BCL § 1005 the dissolved corporation is forbidden to carry on any business except for the purpose of winding up, and is expressly empowered to do all acts appropriate to wind up and liquidate its business.10_and_@_B1006.01)_and_footnotes(n1);.vk n1 BCL § 1006 provides that a dissolved corporation and its directors, officers, and shareholders may, except as specifically provided elsewhere in Article 10 of the BCL or by court order, continue to function for the purpose of winding up the affairs of the corporation in the same manner as if dissolution had not taken place.10_and_@_B1006.01)_and_footnotes(n2);.vk n2 Specifically, title to the dissolved corporation's property remains in the corporation;10_and_@_B1006.01)_and_footnotes(n3);.vk n3 quorum and voting requirements are unchanged;10_and_@_B1006.01)_and_footnotes(n4);.vk n4 shares may be transferred until the record is closed;10_and_@_B1006.01)_and_footnotes(n5);.vk n5 and the corporation may sue or be sued.10_and_@_B1006.01)_and_footnotes(n6);.vk n6 Furthermore, the dissolution does not affect any remedy available to or against the corporation, its directors, officers, or shareholders for any right or claim existing or any liability incurred before such dissolution, except as provided in BCL §§ 1007 and 1008.10_and_@_B1006.01)_and_footnotes(n7);.vk n7

A corporation that has been dissolved by the state but that continues to carry on new business in violation of BCL § 1005(a)(1) presents a special problem that has been resolved over the years by case law. This situation arises often in connection with corporations that have been dissolved by proclamation under Tax Law § 203-a for failure to pay taxes.10_and_@_B1006.01)_and_footnotes(n8);.vk n8

## FOOTNOTES:

(n1)Footnote 1. BCL § 1005(a)(1), (2). *See* P B1005.01 *et seq.*

(n2)Footnote 2. BCL § 1006(a).

(n3)Footnote 3. BCL § 1006(a)(1).

(n4)Footnote 4. BCL § 1006(a)(2).

(n5)Footnote 5. BCL § 1006(a)(3).

(n6)Footnote 6. BCL § 1006(a)(4).

(n7)Footnote 7. BCL § 1006(b). TEDESCO v. A.P. GREEN INDUS., INC., 2007 N.Y. LEXIS 207 (Feb. 22, 2007) (held dissolved corporation may, as part of winding up its affairs, bring third-party claim for indemnity or contribution in action arising out of pre-dissolution events).

(n8)Footnote 8. *See* P B1006.06 *below.*

LEXSTAT WHITE P B1006.01

White, New York Business Entities

Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

II BUSINESS CORPORATION LAW
ARTICLE 10 NON-JUDICIAL DISSOLUTION
§ B1006 Corporate Action and Survival of Remedies After Dissolution
ANALYSIS of BCL § 1006

3- 10 White, New York Business Entities P B1006.05

**P B1006.05 Corporation as Party to Legal Proceedings**

 BCL § 1006(a) further provides that after dissolution the corporation may sue or be sued in any court and participate in any judicial, administrative, arbitration, or other proceeding, in its corporate name, and process may be served by or upon it10_and_@_B1006.05)_and_footnotes(n1);.vk n1. This provision is part and parcel of the scheme governing dissolved corporations. As discussed in earlier sections relating to BCL § 1005 (see P B1005.01 *above*), dissolved corporations are fully empowered and expected to collect their assets and wind up their affairs. A dissolved corporation continues to exist for as long as is necessary to wind up its affairs, and it may sue or be sued until its business affairs are fully adjusted. Under BCL § 1006, a dissolved corporation continues to function in the same manner as if dissolution had not taken place and it may pursue any remedies available to it for any right or claim existing prior to dissolution, taking any actions and entering into any transactions reasonably incidental to the liquidation of its business. With respect to all pre-dissolution conduct and liabilities the rule is the same, whether the dissolution was voluntary or involuntary, whether accomplished under Article 10 or Article 11, whether for non-payment of taxes or for expiration of its period of duration, whether the corporation is solvent or insolvent10_and_@_B1006.05)_and_footnotes(n2);.vk n2. A dissolved New York corporation may, in connection with winding up its affairs, sue and be sued on pre-dissolution liabilities but it must do so in its corporate name and not in the name of its office and shareholders. As to the survival of pre-dissolution remedies and the possibility of suit on post-dissolution liabilities, see P B1006.06 *below.*

Shareholders continue to have a stake in a cause of action existing in favor of the corporation, even if dissolution and distribution of corporation's assets are accomplished contemporaneously. Under BCL § 1006(a)(4) the shareholders of the corporation continue to have standing to maintain a derivative action against the officers and directors of a dissolved corporation.10_and_@_B1006.05)_and_footnotes(n3);.vk n3

In actions by a creditor to satisfy or enforce a corporate liability it has been said that the creditor must ordinarily exhaust his or her remedies at law by obtaining a judgment against the corporation and returning an unsatisfied execution. Where it is impossible or futile to obtain such judgment, however, the creditor can maintain an action directly against the directors or shareholders, even though no judgment against the corporation has been obtained.10_and_@_B1006.05)_and_footnotes(n4);.vk n4

Since a dissolved corporation continues in existence for the purpose of winding up and may sue and be sued, it has been held that a dissolved corporation has a continuing obligation to respond to subpoenas relating to pre-dissolution corporate actions10_and_@_B1006.05)_and_footnotes(n5);.vk n5. It has further been held that BCL § 1006 authorizes such a dissolved corporation to appoint an agent to produce the records subpoenaed and to make any authentication required to comply with the subpoena.10_and_@_B1006.05)_and_footnotes(n6);.vk n6

**FOOTNOTES:**
(n1)Footnote 1.  BCL § 1006(a)(4).

   (n2)Footnote 2.  *See* P B1006.02 *above.*

(n3)Footnote 3.  *See*   Indep. Investor Protective League v. Time, Inc., 50 N.Y.2d 259, 428 N.Y.S.2d 671, 406 N.E.2d 486 (1980) (under BCL 1006(a)(4), which permits a dissolved corporation to sue or be sued in all courts and participate in actions and proceedings even after distribution of assets, shareholders aggrieved by mismanagement and consequent drop in price of shares in connection with merger, have standing to bring derivative suit after dissolution and distribution).

(n4)Footnote 4.   Rodgers v. Logan, 121 A.D.2d 250, 253, 503 N.Y.S.2d 36 (1st Dep't 1986) .

**Shareholders hold assets in trust for benefit of creditors**- After the distribution of corporate assets, the shareholders to whom the remaining assets of the corporation are distributed are said to "hold the assets which they received, in trust for the benefit of creditors." As a result, the shareholders remain jointly and severally liable to existing creditors of the corporation.   Wells v. Ronning, 269 A.D.2d 690, 692, 702 N.Y.S.2d 718 (3d Dep't 2000) ;  Rodgers v. Logan, 121 A.D.2d 250, 253, 503 N.Y.S.2d 36 (1st Dep't 1986) .

**Aggrieved shareholders have standing to bring derivative suit after distribution of assets**-   Indep. Investor Protective League v. Time, Inc., 50 N.Y.2d 259, 428 N.Y.S.2d 671, 406 N.E.2d 486 (1980) .

(n5)Footnote 5.  *In re* Grand Jury Subpoenas Issued to Thirteen Corps., 775 F.2d 43 (2d Cir. 1985) ; *see also* Simplicity Pattern Co., Inc. v. Miami Tru-Color Off-Set Serv., Inc., 210 A.D.2d 24, 619 N.Y.S.2d 29 (1st Dep't 1994) (corporation remained obligated after dissolution to respond to subpoena and produce officer at trial).

(n6)Footnote 6.  *In re* Grand Jury Subpoenas Issued to Thirteen Corps., 775 F.2d at 43 . The court speculated in dictum that BCL § 1008(a)(7) might serve as an alternative basis for securing the corporate records of a dissolved corporation.

LEXSTAT N.Y. BUS. CORP. LAW 1007

NEW YORK CONSOLIDATED LAW SERVICE
Copyright (c) 2007 Matthew Bender & Company, Inc.,
one of the LexisNexis (TM) companies
All rights reserved

*** THIS SECTION IS CURRENT THROUGH CH. 678, 8/28/2007 ***
*** With the exception of chs. 628, 665 and 672 ***

BUSINESS CORPORATION LAW
ARTICLE 10.  NON-JUDICIAL DISSOLUTION

**Go to the New York Code Archive Directory**

NY CLS Bus Corp § 1007  (2007)

§ 1007.  Notice to creditors; filing or barring claims

  (a) At any time after dissolution, the corporation may give a notice requiring all creditors and claimants, including any with unliquidated or contingent claims and any with whom the corporation has unfulfilled contracts, to present their claims in writing and in detail at a specified place and by a specified day, which shall not be less than six months after the first publication of such notice. Such notice shall be published at least once a week for two successive weeks in a newspaper of general circulation in the county in which the office of the corporation was located at the date of dissolution. On or before the date of the first publication of such notice, the corporation shall mail a copy thereof, postage prepaid and addressed to his last known address, to each person believed to be a creditor of or claimant against the corporation whose name and address are known to or can with due diligence be ascertained by the corporation. The giving of such notice shall not constitute a recognition that any person is a proper creditor or claimant, and shall not revive or make valid, or operate as a recognition of the validity of, or a waiver of any defense or counterclaim in respect of any claim against the corporation, its assets, directors, officers or shareholders, which has been barred by any statute of limitations or become invalid by any cause, or in respect of which the corporation, its directors, officers or shareholders, has any defense or counterclaim.

(b) Any claims which shall have been filed as provided in such notice and which shall be disputed by the corporation may be submitted for determination to the supreme court under section 1008 (Jurisdiction of supreme court to supervise dissolution and liquidation). A claim filed by the trustee or paying agent for the holders of bonds or coupons shall have the same effect as if filed by the holder of any such bond or coupon. Any person whose claim is, at the date of the first publication of such notice, barred by any statute of limitations is not a creditor or claimant entitled to any notice under this section or section 1008. The claim of any such person and all other claims which are not timely filed as provided in such notice except claims which are the subject of litigation on the date of the first publication of such notice, and all claims which are so filed but are disallowed by the court under section 1008, shall be forever barred as against the corporation, its assets, directors, officers and shareholders, except to such extent, if any, as the court may allow them against any remaining assets of the corporation in the case of a creditor who shows satisfactory reason for his failure to file his claim as so provided. If the court requires a further notice under section 1008, any reference to a notice in this section shall, to the extent that the court so orders, mean such further notice, except that a claim which has been filed in accordance with a notice under this section need not be refiled under such further notice.

(c) Notwithstanding this section and section 1008, tax claims and other claims of this state and of the United States shall not be required to be filed under those sections, and such claims shall not be barred because not so filed, and distribution of the assets of the corporation, or any part thereof, may be deferred until determination of any such claims.

(d) Laborer's wages shall be preferred claims and entitled to payment before any other creditors out of the assets of the corporation in excess of valid prior liens or encumbrances.

HISTORY:   Formerly § 1006, renumbered, L 1962, ch 834, § 76, eff Sept 1, 1963.
   Former § 1007, add, L 1961, ch 855, renumbered § 1008, L 1962, ch 834, § 77, eff Sept 1, 1963.
   Par (b), amd, L 1962, ch 834, § 76, L 1963, ch 748, § 18, eff Sept 1, 1963.
   Par (c), amd, L 1962, ch 834, § 76, eff Sept 1, 1963.

## NOTES:

REVISION NOTE
   The notice to creditors may be given "at any time after dissolution" rather than "at any time after three years from the filing of the certificate." The notice given must allow "not less than six months" for filing claims rather than "not less than 40 days." "Unliquidated and contingent claims" have been included with those that will be barred if not presented within six months.
   Paragraph (d) has been added. Its equivalent is in Stk. Corp. Law § 15.

Practice Checklists:
   Checklist for Terminating Corporation LexisNexis AnswerGuide New York Business Entities § 5.20

Treatises & Practice Guides:

Matthew Bender's New York Practice Guides:
   New York Practice Guide: Business & Commercial § 6.17 Dissolution
   LexisNexis AnswerGuide New York Business Entities § 2.38 Assessing C Corporation
   LexisNexis AnswerGuide New York Business Entities § 2.40 Assessing S Corporation
   LexisNexis AnswerGuide New York Business Entities § 5.14 Addressing Federal Tax Considerations
   LexisNexis AnswerGuide New York Business Entities § 5.21 Meeting Procedural Requirements for Terminating Corporation
   LexisNexis AnswerGuide New York Business Entities § 5.22 Understanding Effect of Terminating Corporation
   LexisNexis AnswerGuide New York Business Entities 12.03 Analyzing Reasons for Valuing Business
   White, New York Business Entities PP B1007.01 et seq Notice to Creditors; Filing or Barring Claims

Practice Forms:
White, New York Business Entities Form B1007:1 Notice to Creditors to Present Claims Following Dissolution of Corporation

Research References & Practice Aids:

Jurisprudence:
   15A NY Jur 2d, Business Relationships §§ 1267, 1307
   91 NY Jur 2d, Receivers §§ 72, 82, 93, 97
   19 Am Jur 2d, Corporations §§ 1586 et seq

NY CLS Bus Corp § 1007

Case Notes:

In proceeding arising out of dissolution of closely held corporation, landlord of corporate tenant was entitled to en-force its claim as creditor against assets of dissolved corporation, and referee properly ordered satisfaction of that claim from proceeds of sale of corporation's assets where (1) terms of public auction sale identified lease of premises where corporation conducted business as corporate asset, (2) at time of sale, corporate tenant had defaulted in payment of rent due under lease, (3) landlord advised referee prior to sale that it was corporation's creditor for balance due under lease, and (4) highest bidder at auction sale purchased all of corporation's assets. Goldberg v Harwood (1996) 88 NY2d 911, 646 NYS2d 663, 669 NE2d 821.

Under provision of Business Corporation Law governing nonjudicial dissolution of the corporation that the bar of an order confirming dissolution does not extend to claims which were subject to litigation on the date of first publication of notice of dissolution, the dissolved corporation must be a party to any litigation relied on as preserving claims against it. Gardner v Fyr-Fyter Co. (1975, 4th Dept) 47 AD2d 591, 363 NYS2d 690.

Error in defendant's notice of dissolution under CLS Bus Corp § 1007, by which another undissolved corporation was named instead of defendant, rendered notice ineffective to limit defendant's liability to claims brought within pre-scribed period (CLS Bus Corp § 1006), and thus, although defendant was dissolved and its assets distributed, it could be sued in connection with claims that arose prior to its dissolution. Fernandez v Kinsey (1994, 1st Dept) 205 AD2d 448, 613 NYS2d 894.

Trial court improperly sua sponte appointed a referee to hear and report as to the value of the corporation's proper-ties and leasehold interest and the appropriate procedures following dissolution in the judicial dissolution of the corpo-ration; post-dissolution procedures in a judicial proceeding, provided for in N.Y. Bus. Corp. Law §§ 1005-1008, as pro-vided under N.Y. Bus. Corp. Law § 1117, did not include the appointment of a referee. In re Oak St. Mgmt. (2003, App Div, 2d Dept) 762 NYS2d 522.

After obtaining a judgment against a lessor, the lessee was permitted to amend the complaint to include the defunct lessor's director pursuant to N.Y. Uniform Dist. Ct. Act §§ 1813(a) and 1814(a) because while N.Y. Bus. Corp. Law § 1007 allowed informal dissolution of corporations without notice to creditors, the director could not be shielded against corporate creditor liability. Parent v Amity Autoworld, Ltd. (2007, Dist Ct) 15 Misc 3d 633, 832 NYS2d 775.

Forms:                          Form
   Notice to Present Claims on Dissolution of Corporation

To all creditors of and claimants against

   [-----------] .

YOU ARE HEREBY NOTIFIED that a certificate of dissolution of [-----] a New York corporation with its office and place of business then or theretofore at [-----] , was filed in the office of the Secretary of State at Albany, N. Y., on [-----] , 19 [--] , pursuant to section 1003 of the Business Corporation Law.

YOU ARE FURTHER NOTIFIED, pursuant to said section and law, that all creditors of and claimants against [-----] are hereby required to present their respective accounts, claims and demands against said Corporation in writing and in detail, to the directors thereof, at [-----] , N. Y., on or before [-----] , 19 [--] , and all claims and demands which shall not be presented and filed as provided herein and on or before the date herein specified shall be forever barred as against the property and assets of the corporation and its directors and stockholders.

Dated [-----] , 19 [--] .

[----------] [----------] [----------] Directors of [----------]