UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____x

IN RE: TERRORIST ATTACKS ON          03 MDL 1570 (RCC)
SEPTEMBER 11, 2001

_____x

THIS DOCUMENT RELATES TO:

*Fiona Havlish, et al. v. Bin-Laden, et al.*
03 CV 9848 (RCC)

**AFFIDAVIT IN SUPPORT OF RULE 55(a) DEFAULTS
FOR FAILURE TO PLEAD, OR OTHERWISE DEFEND, IN RESPONSE TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

I, Stephen A. Corr, Esquire, being duly sworn, do hereby depose and say:

1. I am an attorney for the plaintiffs in the above-entitled case;

2. The defendants, Central Bank of the Islamic Republic of Iran, National Iranian Petro Chemical Company, National Iranian Oil Company, National Iranian Tanker Company, Iran Air, National Iranian Gas Company, Iran Ministry of Defense and Armed Forces Logistics*, Iran Ministry of Petroleum*, Iran Ministry of Economic Affairs and Finance*, and Iran Ministry of Commerce* were served with Plaintiffs' Second Amended Complaint pursuant to 28 U.S.C. § 1608(a)(4) as of January 20, 2007 (*See* Affidavit of Service of the Second Amended Complaint, Docket Document number 2033, filed on August 24, 2007);

3. The defendants, Iran Ministry of Intelligence & Security*, Islamic Republic of Iran*, The Islamic Revolutionary Guard Corps.*, Hezbollah*, Ali Akbar Hashemi Rafsanjani, and Ayatollah Ali Hoseini-Khamenei* were served with Plaintiffs'

_____

\* On December 23, 2002, the clerk of the U.S.D.C., District of Columbia entered Rule 55(a) defaults against each of these defendants. *See* U.S.D.C., District of Columbia, No. 02-0305, docket documents 40 and 41.

Second Amended Complaint pursuant to 28 U.S.C. § 1608(a)(4) and *via* email addressed to the Permanent Mission of Iran to the U.N. and Ambassador H.E. Mohammad Javad Zarif[1] as of January 15, 2007 (*See* Affidavit of Service of the Second Amended Complaint, Docket Document number 2033, filed on August 24, 2007);

    4.    The Authority for obtaining personal jurisdiction over the defendants served outside the District of Columbia is 28 U.S.C. §§ 1330(a), 1331 and 1332(a)(2), 18 U.S.C. § 2388, 28 U.S.C. §§ 1605(a)(5) and (a)(7), 28 U.S.C. § 1350 and 18 U.S.C. § 2333;

    5.    I certify under penalty of perjury that no appearance or defense has been entered by any of the defendants in this case, no pleading has been filed and none served upon the attorney for the plaintiffs, no extension has been given and the time for filing has expired, Plaintiffs' Second Amended Complaint was properly served, no defendant is a member of the military, and no defendant is an infant or incompetent person.

    The Clerk is requested to enter a default, pursuant to Rule 55(a) against each of the defendants identified in paragraphs 2 and 3 above.

                                  Attorney for Plaintiffs

                                  /s/ Stephen A. Corr
                                  Stephen A. Corr, Esquire
                                  Pa. Bar Id. No.  65266
                                  Mellon, Webster & Shelly
                                  87 N. Broad Street
                                  Doylestown, PA  18901
                                  (215) 348-7700

---

[1] By Order entered on September 30, 2002, in the U.S.D.C., District of Columbia, No. 02-0305, the Honorable James Robertson, found that such service was "reasonably calculated" to apprise certain defendants of the lawsuit.  *See* U.S.D.C., District of Columbia, No. 02-0305, docket document 32.  The defendants listed in paragraph 3, with the exception of Ali Akbar Hashemi Rafsanjani, were all subject to the Rule 55(a) Default entered by the U.S.D.C., District of Columbia.