

**PATTON BOGGS LLP**
ATTORNEYS AT LAW

**MEMO ENDORSED**

RECEIVED
NOV 3 0 2007
FRANK MAAS
U.S. MAGISTRATE JUDGE

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

Mitchell R. Berger
202-457-5601
mberger@pattonboggs.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/26/07
November 29, 2007

> *[Handwritten memo endorsement:]* I have reviewed this letter and its December 3 and 7 progeny, and I adhere to my view that NCB is entitled to meaningful answers to its contention interrogatories. In my judgment, answers which merely reference a mass of documents do not suffice to meet the plaintiffs' obligations. Accordingly, the plaintiffs are directed to provide revised interrogatory answers, in narrative form, by February 1, 2008. The plaintiffs retain the right to revise or supplement those answers, of course, should Judge Daniels (or I) permit them to engage in further discovery concerning NCB's alleged aviation business. /s/ Maas, USMJ, 12/26/07

**BY FEDERAL EXPRESS**

The Honorable Frank Maas
United States Magistrate Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

Re:  *In re Terrorist Attacks on September 11, 2001*, MDL 03-1570 (GBD)(FM)

Dear Judge Maas:

On behalf of defendant, The National Commercial Bank ("NCB"), I am writing to request that the Court order plaintiffs to provide sufficient responses, in narrative form, to NCB's First Set of Jurisdictional Interrogatories and Requests for Production of Documents ("NCB's contention discovery").[1]

On September 18, 2007, the Court ordered that "NCB is entitled to answers to its contention interrogatories," a copy of which had been submitted to the Court with NCB's July 31, 2007 application for leave to propound contention discovery. MDL Dkt. # 2037. The Court also ordered plaintiffs to respond to NCB's contention discovery by October 16, 2007. *Id.* On October 1, 2007, plaintiffs filed FED. R. CIV. P. 72 objections to the Court's order. MDL Dkt. # 2040; *see also* MDL Dkt. # 2045 (NCB's response to plaintiffs' objections).

Plaintiffs requested that NCB agree to stay their obligation to respond to the contention discovery until Judge Daniels ruled on plaintiffs' Rule 72 objections. NCB declined to agree to a stay[2] but agreed to extend the due date of plaintiffs' response until November 1, 2007. Plaintiffs

---

[1] Pursuant to the Court's Order of July 31, 2007, we circulated this letter to plaintiffs' counsel five business days before sending it to Your Honor, by e-mail on Tuesday, November 20, 2007.

[2] *See Herskowitz v. Charney*, No. 93 CIV. 5248, 1995 WL 104007, at *3 (S.D.N.Y. Mar. 8, 1995) ("In the absence of a stay, the fact that a litigant has appealed to the District Court from a Magistrate Judge's discovery order does not excuse failure to comply with that order.").

Case 1:03-md-01570-GBD-SN   Document 2060   Filed 12/26/07   Page 2 of 6



Honorable Frank Maas
November 29, 2007
Page 2

made no application to obtain the Court's approval for that extension, but did serve written responses to NCB's contention discovery on November 1, 2007 ("plaintiffs' responses"), along with CD-ROMs of documents referenced in their responses. See Exh. A.

Plaintiffs' responses do not contain narrative answers to NCB's interrogatories, which request plaintiffs to state their jurisdictional contentions and the basis for those contentions. Instead, plaintiffs' responses simply identify documents by bates numbers in response to each of the fourteen interrogatories, referencing a total of approximately 16,442 pages of documents.[3] Plaintiffs' responses do not provide any narrative explanation as to how any aspect of those documents either reflects or supports their jurisdictional contentions. As a result, plaintiffs have avoided the obligation established by the Court's order to state and to support the bases on which they contend that the Court may exercise personal jurisdiction over NCB. By avoiding that obligation, plaintiffs are impeding NCB's ability to present its renewed motion to dismiss for lack of personal jurisdiction. Without narrative responses to NCB's contention discovery, NCB cannot focus its renewed motion to dismiss upon the theories that, after nearly two years of jurisdictional discovery, plaintiffs contend the Court may use to exercise personal jurisdiction over NCB.

NCB's interrogatories ask straightforward questions about whether, following jurisdictional discovery, plaintiffs now contend— and, if so, the basis on which they contend— that:

- NCB allegedly is subject to personal jurisdiction in the above-captioned actions based on any theory of specific jurisdiction [Req. # 1].

- NCB allegedly is subject to personal jurisdiction in the above-captioned actions based on any theory of general jurisdiction [Req. # 2].

- NCB allegedly knowingly provided material support to Al Qaeda and/or Osama bin Laden to aid the 9/11 Attacks [Req. # 3].

- A 1998 audit of the National Commercial Bank of Saudi Arabia allegedly reveals that NCB knowingly participated in the financing of charities related to Osama bin Laden and/or al Qaeda [Req. # 4].

- NCB allegedly knowingly facilitated or otherwise engaged in fund transfers to charities that supported Osama bin Laden and/or al Qaeda [Req. # 5].

---

[3] Plaintiffs' response to NCB's Interrogatory Number 3 contains the non-specific assertion that "any defendant which provided support to al Qaeda and/or Osama Bin Laden knowing that al Qaeda and/or Osama Bin Laden intended to attack America or Americans, is responsible for the 911 Terrorist Attacks." This statement is not tied in any way to NCB.



Honorable Frank Maas
November 29, 2007
Page 3

- NCB allegedly "was used by Osama bin Laden and al Qaeda as a financial arm, operating as a financial conduit for Osama bin Laden's operations" [Req. # 6].

- NCB allegedly intentionally supported terrorists whose express aim was to cause injury in the U.S. [Req. # 7].

- Any correspondent account(s) held by NCB with any United States bank(s) allegedly provide(s) a basis for the exercise of personal jurisdiction over NCB [Req. # 8].

- Any advertisement(s) placed by NCB in U.S. publications allegedly provide(s) a basis for the exercise of personal jurisdiction over NCB in the above-captioned actions [Req. # 9].

- NCB's participation in other lawsuits allegedly provides a basis for the exercise of personal jurisdiction over NCB in the above-captioned actions [Req. # 10].

- The presence or activities of an NCB branch office in New York until 1992 allegedly provides a basis for the exercise of personal jurisdiction over NCB [Req. # 11].

- The presence or activities of SNCB Securities, Inc. until 2001 allegedly provides a basis for the exercise of personal jurisdiction over NCB [Req. # 12].

See Exh. B. The interrogatories also asked plaintiffs to identify, to the extent not covered by the other interrogatories, each act, event, contact or other fact that they contend supports or otherwise provides a basis for the Court to exercise personal jurisdiction over NCB [Req. # 13]. Id.

Presumably, plaintiffs are relying on Federal Civil Procedure Rule 33(d) in failing to provide narrative answers to NCB's jurisdictional contention discovery. Rule 33(d) states in pertinent part:

> When the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served ..., and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained.... A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

**PATTON BOGGS**LLP
ATTORNEYS AT LAW

Honorable Frank Maas
November 29, 2007
Page 4

FED. R. CIV. P. 33(d). However, generally "Rule 33[d] is not an available alternative if an interrogatory can be responded to more readily and conveniently by written answer." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 44 (S.D.N.Y. 1984) (citing *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221, 226 (10th Cir.); *Atlanta Fixture & Sales Co. v. Bituminous Fire & Marine Ins. Co.*, 51 F.R.D. 311, 312 (N.D.Ga. 1970)).

Moreover, Rule 33(d) does not justify plaintiffs' attempt to provide only a massive document dump on NCB as their sole response to NCB's contention interrogatories. NCB is seeking the as-yet undisclosed bases for plaintiffs' contentions, rather than answers to purely factual questions such as the date a contract was signed, or the identities of persons attending a particular meeting, for which the designation of documents might be proper. *See In re Savitt/Adler Litigation*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997) (citing with approval *United States v. Dist. Council of New York City*, 1992 WL 188379, at *5 (S.D.N.Y. July 30, 1992) ("Where the interrogating party makes a request for an answer to certain questions, a [party] responds inappropriately by merely designating documents because the interrogatory did not call for business records"); *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D. Mass. 1992) ("totally improper" for party to designate its testimony at prior trial in response to interrogatories); *Smith v. Logansport Comm Sch. Corp.*, 139 F.R.D. 637, 650 (N.D. Ind. 1991) (reference to depositions in response to interrogatories seeking factual bases for allegations in complaint was "evasive and clearly insufficient")).

Even after spending four weeks reviewing the 16,442 pages of documents identified by plaintiffs, NCB cannot discern the contentions that plaintiffs intend to make to support their jurisdictional theories and the bases thereof. For example, plaintiffs identified thousands of pages of documents in response to Interrogatory No. 1, which requests that plaintiffs provide the bases for their contention that NCB is subject to personal jurisdiction on any theory of specific jurisdiction. These documents include the following, which have no apparent reference to, or bearing on, NCB:

- A 274-page book on Jihad in the Philippines. (ASH002924-3198).

- An excerpt of a book by Jean-Charles Brisard on Abu Musab Al-Zarqawi. (ASH000326-335).

- Business cards that are mostly of people based in Kenya. (ASH000338-342; ASH003621-3623).

- A case file from *Sana-Bell, Inc. v. BMI Real Estate Development*, a case in Maryland federal court alleging business torts with respect to an investment in a company unrelated to NCB. (ASH000605-863).

- Corporate documents of The Sana-Bell, Inc. (ASH002884-2898).

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Honorable Frank Maas
November 29, 2007
Page 5

- Russian News Media Reports discussing Osama bin Laden's brother's activities in Russia. (ASH004757-4782; ASH004787-4790).

Similarly, plaintiffs identified thousands more pages of documents in response to Interrogatory No. 2, which requests that the plaintiffs provide the bases for their contention that subject to personal jurisdiction based on any theory of general jurisdiction, including:

- A $167.99 housewares invoice from Accessories of Tampa Bay. (NCB000812).

- The Motion to Dismiss filed by NCB on May 12, 1992 in *AM Diagnostics, Inc. v. Denney*, Case No. 92 CV 71157 in the United States District Court for the Eastern District of Michigan, a case from which NCB was dismissed for lack of personal jurisdiction. (PLEAD000398-447).

- Audited Financial Statements for SNCB-NY for years ended December 31, 2000 and 1999 prepared by Ernst & Young on January 31, 2001, which includes the following comments: "As of December 31, 2000, SNCB has ceased operations and is in the process of liquidation. ... Effective December 31, 2000, the Services and the Realty Services Agreements with NCB were terminated. ... As of December 31, 2000, employees of SNCB have vacated [its] office space." (NCB016226-36).

- Hundreds of pages of pleadings in *BCCI Holdings (Luxembourg), Societe Anonyme v. Mahfouz*, Case No. 92-CV-02763 in the United States District Court for the District of Columbia, a case that was dismissed on the ground of forum non-conveniens on July 26, 1993. (PLEAD002064-779; PLEAD003843-4089; PLEAD007369-91; PLEAD008795-937; PLEAD008941-69; PLEAD010065-138).

- ICC Information Group Ltd. directory entries for SNCB Securities, Inc., and SNCB Corporate Finance Ltd. (ASH006604-14; ASH006639-49).

These are just a few representative examples of the documents plaintiffs identified, without explanation, in their interrogatory responses. The ___ that NCB cannot ___ from plaintiffs' document dump whatever jurisdictional contentions plaintiffs intend to make, or how the mass of designated documents supports those contentions. "It is 'an abuse of the [Rule 33(d)] option' to merely direct the interrogating party to a mass of business records." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur*, 105 F.R.D. at 44 (quoting Advisory Committee Note to the 1980 Amendment to Rule 33). Plaintiffs' summary reference to thousands of pages of documents is so uninformative that NCB would have to speculate about plaintiffs' jurisdictional contentions when it renews its motion to dismiss.



**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Honorable Frank Maas
November 29, 2007
Page 6

In addition, few, if any, of the 16,442 pages of documents designated by plaintiffs are their own business records. Rule 33(d) permits the designation of documents in lieu of narrative answers to interrogatories only when, *inter alia*, "'the answer to an interrogatory may be derived or ascertained from *the business records of the party upon whom the interrogatory has been served*.'" *In re Savitt/Adler Litigation*, 176 F.R.D. 44, 49 (N.D.N.Y. 1997) (emphasis in original) (quoting FED. R. CIV. P. 33(d)). Here, as in *In re Savitt*:

> The records referred to by plaintiffs include ... documents produced by defendants during discovery. None of these documents constitute business records of plaintiffs and, therefore, references to those documents and materials by plaintiffs in response to interrogatories was improper.

*Id.*

Accordingly, plaintiffs should be directed to provide sufficient responses to NCB's contention discovery by providing narrative answers that set forth, and explain the factual bases for, plaintiffs' jurisdictional contentions.

Respectfully submitted,

Mitchell R. Berger
*Counsel for Defendant*
*The National Commercial Bank*

cc:     Plaintiffs' Counsel

Enclosure