UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

Civil Action No.
03 MDL 1570 (GBD)
ECF Case

This document relates to:

*Burnett v. Al Baraka Inv. & Dev. Corp.*, No. 03 CV 5738 (GBD) (S.D.N.Y.)
*Burnett v. Al Baraka Inv. & Dev. Corp.*, No. 03 CV 9849 (GBD) (S.D.N.Y.)
*Federal Ins. Co., et al. v. Al Qaida, et al.*, No. 03 CV 6978 (GBD) (S.D.N.Y.)
*New York Marine and Gen. Ins. Co. v. Al Qaida, et al.*, No. 04 CV 6105 (GBD) (S.D.N.Y.)
*Euro Brokers Inc. v. Al Baraka Inv. and Dev. Corp.*, No. 04 CV 7279 (GBD) (S.D.N.Y.)
*World Trade Ctr. Properties v. Al Baraka Inv. and Dev. Corp.*, No. 04 CV 7280 (GBD) (S.D.N.Y.)

## NOTICE OF SUPPLEMENTAL AUTHORITY

Mr. Yousef Jameel, who has pending motions to dismiss the above-referenced cases, now respectfully brings to the Court's attention the recent decision *Boim v. Holy Land Foundation for Relief and Development*, Nos. 05-1815, *et al.*, __ F.3d __, 2007 U.S. App. Lexis 29864 (7th Cir. Dec. 28, 2007) ("*Boim IV*") (attached hereto as Exhibit 1). In that decision, the Seventh Circuit reversed a magistrate judge's grant of summary judgment against defendants who were alleged to have violated the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, by providing support to Hamas, a terrorist organization that murdered the plaintiffs' son. According to the Court of Appeals, the plaintiffs failed to demonstrate that the defendants caused or contributed to the attack. This decision bolsters Mr. Jameel's argument in support of dismissal.

### I.  Procedural Background.

On July 16, 2004 and July 18, 2005, Mr. Jameel filed motions to dismiss the claims against him in this case. Mr. Jameel's filings invoked the Seventh Circuit's earlier ruling in the *Boim* litigation, *Boim v. Quranic Literacy Institute*, 291 F.3d 1000 (7th Cir. 2002) ("*Boim II*"), to

support his argument that Plaintiffs have not alleged sufficient facts to state a claim under 18 U.S.C. § 2333.[1]

In particular, Mr. Jameel pointed to the Seventh Circuit's holding that civil liability is not available under the ATA unless the defendant had knowledge of, and intended to support, terrorist activities. "To hold the defendants liable for donating money without knowledge of the donee's intended criminal use of the funds would impose strict liability. Nothing in the language of the statute or its structure or history supports that formulation." *Boim II*, 291 F.3d at 1012. *See Burnett* MTD (Dkt. # 303), at 22 (arguing that Plaintiffs "bear the burden of pleading (and ultimately proving) that Mr. Jameel's conduct was the proximate cause of the 9/11 attacks" (citing *Boim II*, 291 F.3d at 1011-12)).

Relying in part on *Boim II*'s interpretation of the ATA, Judge Richard Casey in 2005 dismissed the Plaintiffs' claims against a number of the Defendants in this case. According to Judge Casey, Plaintiffs had failed to make any allegations that Defendants knew their activities would somehow assist al Qaeda or that they knew the organizations to which they were contributing were supporting terrorism. *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 828-29 (S.D.N.Y. 2005) (hereinafter "*In re Terrorist Attacks I*") (citing *Boim II*, 291 F.3d at 1023). Several months later, Judge Casey again looked to the Seventh Circuit for guidance in dismissing Plaintiffs' claims against another group of Defendants. *In re Terrorist Attacks on Sept. 11, 2001*, 392 F. Supp. 2d 539, 564-65 (S.D.N.Y. 2005) (hereinafter "*In re*

---

[1] *See* Memorandum of Law in Support of Motion to Dismiss, *Burnett v. Al Baraka Inv. & Dev. Corp.*, 03 CV 5738 (GBD) & 03 CV 9849 (GBD) at 14, 15, 17, 22 (S.D.N.Y. filed July 16, 2004) (Dkt. # 303) (hereinafter "*Burnett* MTD"); Reply Memorandum of Law in Support of Motion to Dismiss, *Burnett v. Al Baraka Inv. & Dev. Corp.*, 03 CV 5738 (GBD) & 03 CV 9849 (GBD) at 10 (S.D.N.Y. filed Dec. 17, 2004) (Dkt. # 587) (hereinafter "*Burnett* MTD Reply"); Memorandum of Law in Support of Motion to Dismiss the Consolidated Cases of *Federal Insurance Company, et al. v. Al Qaida, et al.*, No. 03 CV 6978 (GBD), *New York Marine and General Insurance Company v. Al Qaida, et al.*, No. 04 CV 6105 (GBD), *Euro Brokers Inc. v. Al Baraka Investment and Development Corp.*, No. 04 CV 7279 (GBD), and *World Trade Center Properties v. Al Baraka Investment and Development Corp.*, No. 04 CV 7280 (GBD) at 14 (S.D.N.Y. filed July 18, 2005) (Dkt. # 1058).

*Terrorist Attacks II*") (citing *Boim II*, 291 F.3d at 1023-24).  Indeed, Judge Casey was quite explicit that he was "adopt[ing]" the Seventh Circuit's reasoning, *id*. (citing *Boim II*, 291 F.3d at 1023-24), in particular the requirement that plaintiffs must "allege that the defendant knew about the terrorists' illegal activities, the defendant desired to help those activities succeed, and the defendant engaged in some act of helping those activities," *In re Terrorist Attacks I*, 349 F. Supp. 2d at 828-29 (citing *Boim II*, 291 F.3d at 1023).

### II.     The Seventh Circuit's Decision in *Boim IV*

On December 28, 2007, the Seventh Circuit reversed the District Court's decision in *Boim v. Quranic Literacy Inst.*, 340 F. Supp. 2d 885 (N.D. Ill. 2004) ("*Boim III*"), which granted the plaintiffs' motion for summary judgment against several defendants.  According to the Court of Appeals, the plaintiffs – the parents of a dual American-Israeli citizen who was murdered by Hamas gunmen in the West Bank – had not sufficiently demonstrated that the defendants somehow contributed to the attack on their son.  Hence they could not be said to be "a cause in fact" of his death.  *Boim IV*, slip op. at 4.

The Seventh Circuit renewed its insistence that plaintiffs must offer more than conclusory and unsupported allegations if they hope to prevail under the ATA.  The *Boim* court's repeated holdings that plaintiffs are required to show that defendants actually contributed to terrorist activities are consistent with this Court's rulings that, when testing the sufficiency of a complaint, a plaintiff must allege facts tending to show a defendant had the knowledge and intent to support terrorism.  For that reason, *Boim IV* is further authority in support of Mr. Jameel's pending motions to dismiss.

The *Boim IV* court held that the plaintiffs had failed "to produce some evidence permitting a jury to find that the activities of [defendants] contributed to the fatal attack on David

Boim and were therefore a cause in fact of his death." *Boim IV*, slip op. at 4. Specifically, the District Court erred in allowing the plaintiffs to recover under the ATA without establishing "a causal link" between the defendants' alleged support of Hamas and the death of David Boim. *Id.*, slip op. at 65.

The Seventh Circuit decisively rejected the plaintiffs' view that "all that need be shown is that it was *foreseeable* to the defendants that their support of Hamas might result in someone's death." *Id.*, slip op. at 55 (emphasis added). That, according to the Seventh Circuit, is not what the law provides. Such a view "constitutes a profound misreading of our decision in *Boim* [*II*]." *Id*; *see also id.*, slip op. at 55-56 ("Contrary to the district court's apparent impression, this court's opinion in *Boim* [*II*] did not relieve plaintiffs of the burden of showing causation in fact. . . . On the contrary, there are multiple references in *Boim* [*II*] to the necessity of causation in fact.").

Instead, the court explained, a plaintiff cannot establish civil liability under the ATA based on a defendant's alleged financial contributions to terrorist organizations, unless the plaintiff is able to show *causation* – *i.e.*, that the defendant's contributions caused a terrorist attack. *See id.*, slip op. at 59 ("Thus, implicit if not explicit throughout *Boim* [*II*]'s analysis is the notion that there must be a causal link between the defendant's actions and the plaintiff's injury."); *id.*, slip op. at 61 (emphasizing that both the aiding and abetting theory of liability, and the civil conspiracy theory, require "a showing of cause in fact").

Such a showing in turn requires an ATA plaintiff to demonstrate that the defendant both knew and intended that his contributions would further the recipient's terrorist activities: "[A]s we have explained, plaintiffs must nevertheless prove, for each defendant, *knowledge and intent that their financial contributions (or other aid) to Hamas would support—directly or indirectly—*

4

*Hamas's terrorist activities*. An assumption that such proof will be easy is no substitute for the real thing." *Id*., slip op. at 91 (emphasis added) (citing *Boim II*, 291 F.3d at 1011-12, 1014-15, 1021-24). The Seventh Circuit went on to stress:

> *Belief, assumption, and speculation are no substitutes for evidence in a court of law.* However the plaintiffs might establish a line of proof connecting the defendants with the murder of David Boim, *the law demands that they demonstrate such a nexus before any defendant may be held liable for David's death. We must resist the temptation to gloss over error, admit spurious evidence, and assume facts not adequately proved simply to side with the face of innocence and against the face of terrorism.* Our endeavor to adhere to the dictates of law that this great nation has embodied since its founding must persevere, no matter how great our desire to hold someone accountable for the unspeakably evil acts that ended David Boim's life and created a lifetime of grief not only for the Boims but also for every other family scarred by terrorism.

*Id*., slip op. at 93 (emphasis added).

The *Boim* court's insistence that plaintiffs proffer specific evidence of knowledge and intent follows from the very structure of the Anti-Terrorism Act. If the standard of proof were any lower, the court explained, plaintiffs' theory of liability would impermissibly amend the ATA into a strict liability statute, and improperly relieve them of their burden of establishing causation: "Permitting liability to be imposed on a defendant based solely on proof that the death of David Boim was a foreseeable result of the defendant's conduct, without proof that the conduct actually was a cause of the death, would give section 2333 a far broader sweep than traditional tort principles would allow. . . ." *Id*., slip op. at 65.

Similar considerations justify the dismissal of the claims against Mr. Jameel. Like the plaintiffs in *Boim IV*, Plaintiffs here have offered little more than conclusory and unsupported allegations that Mr. Jameel provided assistance that helped support Al Qaeda. Plaintiffs' failure to allege knowledge and intent is precisely why this Court has dismissed claims against other defendants in this case – especially defendants who, like Mr. Jameel, are alleged to have

supported terrorism though purported contributions to charitable organizations. As the Court emphasized, "[c]onclusory allegations that [a defendant] donated money to charities, without specific factual allegations that he knew they were funneling money to terrorists, do not suffice." *In re Terrorist Attacks I*, 349 F. Supp. 2d at 813-14; *see also id*. at 801 ("Similarly, Plaintiffs have not pleaded facts to suggest the Princes knew they were making contributions to terrorist fronts and provided substantial assistance or encouragement to the terrorists to satisfy *Boim* or New York law.").

It is of little moment that *Boim IV* dealt with a motion for summary judgment and not, as here, a motion to dismiss. The substantive law – *i.e.*, the necessity of proving (or pleading) knowledge, intent, and causation – does not change based on the stage of the litigation. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's pleading as against the substantive legal standards. *See Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007) (affirming the dismissal of plaintiff's complaint because it failed to state a cognizable claim that plaintiff's substantive due process rights were violated). Likewise, a Rule 56 motion for summary judgment looks to the substantive law and tests whether a genuine issue exists as to any material fact. "As to materiality, the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law upon which the plaintiff's claims are based is the same throughout the case, even if the standard of proof varies at different stages of the litigation. To survive a Rule 12(b)(6) motion to dismiss plaintiffs must plead knowledge, intent, and causal link between the defendant's conduct and the September 11 attacks, just as for Rule 56 motions plaintiffs must demonstrate that a genuine issue exists with regard to the defendant's knowledge, intent, and cause in fact.

As Mr. Jameel has explained in his motions to dismiss, Plaintiffs' vague and general allegations that he somehow provided support to terrorism fall well short of establishing knowledge, intent, or causation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1965 (2007) (emphasizing that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (citation omitted)).

The Seventh Circuit's decision in *Boim IV* accordingly bolsters Judge Casey's insistence that Plaintiffs allege knowledge and intent to support terrorism. That approach should guide this Court's resolution of Mr. Jameel's pending motions to dismiss.

        Respectfully submitted,

        /s/      Viet D. Dinh
        Viet D. Dinh
        Bancroft Associates PLLC
        1919 M St., N.W.
        Suite 470
        Washington, D.C. 20036
        (202) 234-0090

January 16, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 16th day of January 2008, I caused copies of the foregoing Notice of Supplemental Authority to be served electronically through the Court's ECF system upon all parties in this MDL scheduled for electronic notice.

/s/     Viet D. Dinh