UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

IN RE: TERRORIST ATTACKS ON                      ORDER
SEPTEMBER 11, 2001                               03 MDL 1570 (GBD)

---------------------------------------------------------------x
This document relates to:
    02 CV 6977 (GBD)
    03 CV 6978 (GBD)
---------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

    Defendant Sana-Bell, Inc. moved to dismiss the complaints against it on the sole ground that "the corporation no longer exists" because it had allegedly merged into codefendant Sanabel Al Kheer.[1]  Although it is presumed that the motion was made in good faith, the evidence submitted by defendant Sana-Bell, Inc. was insufficient to establish that the entity had formally dissolved and no longer was a viable legal entity.[2]  Accordingly, by Order dated July 27, 2007, this Court denied defendant Sana-Bell, Inc.'s motion to dismiss.  Thereafter, defendant Sana-Bell, Inc. refused to respond to plaintiffs' document requests claiming that it had adopted the outstanding motion by defendant Sanabel Al Kheer to dismiss for failure to state a claim

---

    [1] The Notices of Motion, separately filed in the Federal Ins. Co. v. al Qaeda and Ashton v. al Qaeda actions, both state that Sana-Bell, Inc. is seeking "the following relief: Dismissal with prejudice from plaintiffs' Complaint as the entity no longer exists." (Notices of Mot., dated 5/19/06 & 7/31/06, at 1).  It's proposed Court order of dismissal reads as follows: "That Sana-Bell, Inc. is dismissed with prejudice as a Defendant from Plaintiffs' complaint as Sana-Bell, Inc. has merged into Sanabel Al Kheer." (Sana-Bell, Inc.'s Supp. Mems., Ex. C) (Defendant Sana-Bell, Inc. identifies itself as "Sanabil, Inc." in the Federal Insurance proposed order).

    [2] In support of its motion, defendant Sana-Bell, Inc. submitted: (1) an Assignment of Judgment, dated February 28, 2001, wherein defendant Sana-Bell, Inc. assigned, as a charitable donation to defendant Sanabel Al Kheer, it legal rights to prosecute and collect a potential judgment in a pending litigation entitled Sana-Bell, Inc. v. BMI Leasing, Inc.; and (2) a June 3, 2004 Certificate, from the Department of Consumer and Regulatory Affairs for the District of Columbia, indicating that Sana-Bell, Inc.'s articles of incorporation were revoked on September 9, 2002, for failure to file reports and pay fees.

pursuant to Fed.R.Civ.P. 12(b)(6).  Plaintiffs are requesting that this Court instruct defendant Sana-Bell, Inc. to comply with the document requests served upon it.  In response, defendant Sana-Bell, Inc. is seeking clarification of the July 27th Order.

    Defendant Sana-Bell, Inc. contends that, in its original moving papers, it had incorporated by reference the Rule 12(b)(6) motion asserted by its claimed successor entity, defendant Sanabel Al Kheer.  Defendant Sana-Bell, Inc. was required to "state with particularity the grounds" upon which its motion was based.  Fed.R.Civ.P. 7(b)(1).[3]  Defendant Sana-Bell, Inc.'s passing reference to defendant Sanabel Al Kheer's motion did not have the effect of asserting additional grounds for dismissal, or seeking separate relief not requested in defendant Sana-Bell, Inc.'s own Rule 12 motion.

    Defendant Sana-Bell, Inc. objects to plaintiffs' discovery requests noting that "most if not all of Sana-Bell's documents are in the custody and possession of Sanabel Al Kheer . . ." (Letter from McMahon to Court of 11/14/07, at 2).  Thus, defendant Sana-Bell, Inc. "reasonably believe[s] that it was not the Court's intent, by its specific limiting Order, to place Sanabel Al Kheer in the unique position of having to tender discovery prior to having its motion to dismiss ruled upon."  (Id.).

    The outstanding discovery request at issue is not directed to defendant Sanabel Al Kheer.  Given defendant Sana-Bell, Inc.'s argument that it no longer exists, it would, therefore, either not be in possession of responsive documents or to the extent that it has possession, custody or control over responsive documents, such documents should be produce.

---

[3] The only argument made in support of the motion to dismiss was that defendant Sana-Bell, Inc. "assigned all right, title and interest to Sanabel Al Kheer in 2001 and because the corporation no longer exists." (Sana-Bell, Inc.'s Supp. Mems. at 2).

Both defendant Sana-Bell, Inc. and defendant Sanabel Al Kheer are being individually and separately sued. The discovery demands served on defendant Sana-Bell, Inc., therefore, does not give rise to any separate obligation on the part of defendant Sanabel Al Kheer to additionally respond, or to respond on defendant Sana-Bell, Inc.'s behalf. Moreover, this Order neither addresses any discovery request made directly to defendant Sanabel Al Kheer, nor does it address any independent discovery obligation at this stage of the proceedings on the part of defendant Sanabel Al Kheer.

The position defendant Sana-Bell, Inc. urged upon this Court is that it no longer exists. It, however, independently continues to actively defend itself in this litigation. Defendant Sana-Bell, Inc., therefore, minimally has the responsibility to respond to plaintiffs' discovery requests by indicating whether there are any responsive documents in its possession or control, and if so, identifying the documents, their location, and their custodian. Defendant Sana-Bell, Inc. shall appropriately respond to plaintiffs within sixty (60) days of the date of this Order.

Dated: New York, New York
       March 18, 2008

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

3