**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: TERRORIST ATTACKS ON | ) | |
| SEPTEMBER 11, 2001 | ) | **MDL 03-1570 (GBD)** |
| | | **Filed Electronically** |
| THIS DOCUMENT RELATES TO: | ) | |
| FIONA HAVLISH, et al. | ) | **CIVIL ACTION NO.:** |
| v.  BIN-LADEN, et al., | ) | **CV-03-9848 (GBD)** |

## PLAINTIFFS' MOTION FOR SUGGESTION OF REMAND

Plaintiffs respectfully request that the Court enter a Suggestion of Remand informing the Judicial Panel on Multidistrict Litigation ("MDL Panel") that the case styled, Fiona Havlish, et al. v. Bin-Laden, et al., pending before this Court should be remanded pursuant to 28 U.S.C. § 1407(a) and J.P.M.L.R. 7.6(b).  All pretrial proceedings appropriate for this Court to oversee as the MDL transferee court will be concluded in this case by July 30, 2008, at the latest.  Upon completion of all pretrial proceedings, 28 U.S.C. § 1407(a), J.P.M.L.R. 7.6(b), and Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), mandate remand of each case to the transferor court in which such action originated for trial.  This Motion has been discussed with the Plaintiffs' Steering Committee, and there is no opposition to this Motion.  Accordingly, Havlish should be remanded after that date.

## The Havlish Case

The Havlish action was filed in the United States District Court for the District of Columbia on February 19, 2002, and an Amended Complaint was filed on May 3, 2002.  Summonses were issued to the Iranian defendants on June 24, 2002, and an Order approving alternative service was entered on September 30, 2002.  A Return of Service Affidavit was filed

1

on October 30, 2002, and an Affidavit of Service upon all defendants was filed on November 1, 2002.  An Affidavit in Support of Default was filed on November 20, 2002, and an Affidavit for Rule 55(a) default was filed on December 17, 2002.  The Clerk's Entry of Default Against Iranian Defendants was entered on December 23, 2002, and on December 9, 2003, the MDL Panel issued its Transfer Order that transferred the Havlish case to this Court "for coordinated or consolidated pretrial proceedings"  (December 9, 2003 Transfer Order, p. 2; Exhibit A).  On September 30, 2005, a Motion for Leave to File Second Amended Complaint was filed.  On January 12, 2006, an Order granting leave to file the Second Amended Complaint was entered.  On September 7, 2006, the Second Amended Complaint was filed, and on December 27, 2007, the Clerk's Certificate for Default was entered.

      After the Havlish case was transferred to this Court in its capacity as a MDL court, the Court set various discovery and trial deadlines for the parties.  The Havlish attorneys have spent thousands of hours reviewing the standards to be applied in this country and abroad, obtained witness statements, obtained experts, reviewed hundreds of documents, and are now ready to submit proof of damages against the defaulted defendants.  In essence, this case is ready to be tried.  Pretrial activity has been concluded, and pursuant to the MDL Panel's Order of December 9, 2003, the case should be transferred back to the United States District Court for the District of Columbia.

**Memorandum of Law**

**I.      The Havlish Case Must Be Remanded Under 28 U.S.C. § 1407(a).**

Remand of MDL transferred cases, such as the <u>Havlish</u> case, to the original transferor court is mandated by 28 U.S.C. § 1407(a), which clearly states, in pertinent part, that "[e]ach action [transferred for coordinated or consolidated proceedings] *shall be remanded* by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred . . ." 28 U.S.C. § 1407(a) (emphasis added).  Consistent with this mandate, the MDL Panel expressly transferred the <u>Havlish</u> case to this Court only for "coordinated or consolidated pretrial proceedings." (December 9, 2003 Transfer Order, p. 2, Exhibit A).

In <u>Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998), the Supreme Court of the United States definitively established both that MDL courts are obligated to suggest the remand of cases at or before the conclusion of pretrial proceedings, and that any failure by a MDL court to obey this obligation results in automatic reversal.  The only relevant facts in <u>Lexecon</u> are simple: Because it had invested so much time resolving pretrial matters in a case that had been transferred to it under § 1407(a), a MDL court decided it would be more efficient to transfer that case to itself for trial rather than allow the case to be remanded by the panel . . . to the district from which it was transferred.  In a unanimous decision, the Supreme Court held that the MDL court's self-transfer of the case to itself for trial was contrary to the language of § 1407(a), and that this sole error by the MDL court warranted a new trial for Lexecon - this time in the original transferor court.  <u>Id</u>. at 28.

The Court recognized the long-standing judicial practice of self-transfer of MDL

cases for trial, but it determined that this practice could not override the unequivocal language of 28 U.S.C. § 1407(a).  See id. at 35.  As the Court noted, Congress' use of the "mandatory 'shall' creates an obligation" to remand that is "**impervious to judicial discretion**." Id. (emphasis added).  Thus, according to the Court, the "remand obligation" is "**uncompromising**" in light of the fact that "the statute places an obligation on the Panel to remand no later than the conclusion of the pretrial proceedings in the transferee court, and no exercise in rulemaking can read that obligation out of the statute." Id. at 36-37.[1]

Since Lexecon, lower courts have uniformly adhered to its clear holding.  See, e.g., Shah v. Pan Am. World Svcs., Inc., 148 F.3d 84, 90 (2d Cir. 1998) (stating that transfer pursuant to bankruptcy venue statutes for consolidated trials in transferee forum would be improper in light of Lexecon); In re Brand-Name Prescription Drug Antitrust Litig., 264 F. Supp. 2d 1372, 1377 n.4 (J.P.M.D.L. 2003) ("The Lexecon court, addressing the issue of self-assignment under section 1404(a), concluded that the transferee court could not employ section 1404(a) to transfer a case to itself for trial, but rather, was obligated, upon the completion of coordinated or consolidated pretrial proceedings to remand any remaining actions. . . .");

---

[1]The Court buttressed its interpretation of the "mandatory shall" language of 28 U.S.C. § 1407(a) with the legislative history behind the remand provision.  The Court quoted a House Report, which states that § 1407(a) "requires that transferred cases be remanded to the originating district at the close of coordinated proceedings.  The bill does not, therefore, include the trial of cases in the consolidated proceedings." Id. at 40 (quoting H.R. Rep. No. 1130, 90th Cong. 2d Sess. at 3-4 (1968)).  The Court also noted that congressional reports called for amendment of the statute in the event Congress ultimately determined that multidistrict litigation cases should be consolidated for trial, in addition to pretrial proceedings.  Id. at 40 (citing S. Rep. No. 454 90th Cong., 1st Sess., at 5 (1967)).  Echoing the congressional reports, the Court noted that, even if it was desirable to permit MDL courts to self-assign MDL-transferred cases to themselves for trial, such a change could come only from Congress. Id.  To date, Congress has adopted no such amendment to § 1407(a)

Altamont Pharm., Inc., No. 94 C 6282, 2002 WL 69495 *4 (N.D. Ill. Jan. 18, 2002) (stating that, even though transferee court was more familiar with case, self-transfer would be contrary to remand requirement that transferee's role be limited to oversight of coordinated or pretrial proceedings); In re Gen. Instr. Corp. Sec. Litig., No. 96 C 1129, 1999 WL 515485 *3 (N.D. Ill. June 18, 1999) ("The United States Supreme Court has held that the remand directive is mandatory"). See also 15 Wright & Miller, Federal Practice and Procedure § 3866 ("[T]he Lexecon decision unambiguously settles the question of a transferee court's authority to assign a case to itself for trial."). In fact, following Lexecon, the Judicial Panel on Multidistrict Litigation has even amended its rules to make clear to all parties and courts that "[e]ach action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court *shall be remanded* by the Panel to the transferor district for trial." J.P.M.L.R. 7.6(b) (emphasis added).

There are no exceptions to § 1407(a)'s mandatory remand rule. The requirement that all cases transferred to a MDL court must be remanded to their original court may result in multiple trials, but neither 28 U.S.C. § 1407(a), J.P.M.L.R. 7.6(b), nor Lexecon allow a MDL court to avoid remand in order to minimize the number of trials resulting from a MDL proceeding (or for any other reasons).

## II.     The Remand Should Occur No Later Than July 30, 2008.

Under 28 U.S.C. § 1407(a), the only relevant inquiry for purposes of determining the latest date by which the Havlish case is to be remanded to the transferor court is "at or before the conclusion of . . . pretrial proceedings." 28 U.S.C. § 1407(a). Since all pretrial activity will have been concluded before July 30, 2008, and, thus, everything will be completed, the Court

should remand the Havlish case immediately as of that date.  This Court, therefore, should suggest to the MDL Panel that, on July 30, 2008, the Havlish case should be remanded to its transferor court for trial-related proceedings.

In addition to entering a suggestion that the Havlish case be remanded as of July 30, 2008, the Havlish Plaintiffs respectfully request that the Court vacate its trial and pretrial deadlines as it relates to the Havlish Plaintiffs.  Those deadlines would be moot as of the remand date.

## Conclusion

As required by 28 U.S.C. § 1407(a), J.P.M.L.R. 7.6(b), Lexecon, and the plain language of the Transfer Order of the MDL Panel (see Exhibit A), the Havlish Plaintiffs respectfully request that this Court enter a Suggestion of Remand to the MDL Panel recommending that the Havlish case be remanded to its trial court, the United States District Court for the District of Columbia, as of July 30, 2008.  The Havlish Plaintiffs will present that Suggestion to the MDL Panel so that remand can be implemented in a timely fashion.

RESPECTFULLY SUBMITTED,

/s/_____
Thomas E. Mellon, Jr. (PA. Bar No. 16767)
Stephen A. Corr (Pa. Bar No. 65266)
MELLON, WEBSTER & SHELLY
87 North Broad Street
Doylestown, PA 18901
Telephone: (215) 348-7700
**Admitted Pro Hac Vice**

R. Douglas Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3815 River Crossing Parkway

6

Suite 340
Indianapolis, Indiana 46240
Telephone: (317) 848-7939

Dennis G. Pantazis, Esquire
WIGGINS, CHILDS, QUINN &
   PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500

Timothy B. Fleming, Esquire
WIGGINS, CHILDS, QUINN &
   PANTAZIS, PLLC
2031 Florida Avenue - Suite 300
Washington, DC 20009
Telephone: (202) 467-4123

J. D. Lee (N Bar No. 2030)
David C. Lee (TN Bar No. 015217)
LEE, LEE & LEE
422 South Gay Street
Knoxville, Tennessee
Telephone: (865) 544-0101

Evan J. Yegelwel, Esquire
TERRELL HOGAN ELLIS
   YEGELWEL, P.A.
233 East Bay Street
Blackstone Building, 8th Floor
Jacksonville, Florida 32202
Telephone: (904) 632-2424

Suzelle M. Smith (CA Bar No. 113992)
Don Howarth (CA Bar No. 53783)
Robert D. Brain (CA Bar No. 98815)
HOWARTH & SMITH
523 W. 6th Street - Suite 728
Los Angeles, CA 90014-1223
Telephone: (213) 955-9400

Edward H. Rubenstone (Pa. Bar No. 16542)
LAMM, RUBENSTONE & DAVID, LLC

7

3600 Horizon Boulevard - Suite 200
Trevose, PA 19053
Telephone: (215) 638-9330

Donald J. Winder (Utah Bar No. 3519)
John Warren May (Utah Bar No. 7412)
WINDER & HASLAM, P.C.
175 West 200 South - Suite 4000
Post Office Box 2668
Salt Lake City, UT 84110-2668
Telephone: (801) 322-2222

Richard D. Burbidge (Utah Bar No. 0492)
Stephen B. Mitchell (Utah Bar No. 2278)
Jefferson W. Gross (Utah Bar No. 8339)
BURBIDGE AND MITCHELL
139 East South Temple - Suite 2001
Salt Lake City, UT 84111
Telephone: (801) 355-6677

**Attorneys for Plaintiffs**

8

## **CERTIFICATE OF SERVICE**

I, Stephen A. Corr, Esquire, hereby certify that the defendants in the matter of *Havlish, et al. v. bin Laden, et al.*, are in default and have not registered for ECF and, therefore, those defendants have not been served with the attached Motion.  All other interested parties in the consolidated actions are being served through the ECF system this 23rd day of June, 2008.


s/
_____
Stephen A. Corr, Esquire (PA 65266)
MELLON, WEBSTER & SHELLY
87 N. Broad Street
Doylestown, PA  18901
(215) 348-7700
scorr@mellonwebster.com