UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

IN RE: TERRORIST ATTACKS ON                                    ORDER
SEPTEMBER 11, 2001                                             03 MDL 1570 (GBD)

------------------------------------------------------------------x

This document relates to:
    03 CV 9848 (GBD)

    The plaintiffs in Havlish, *et al*. v. Bin-Laden, *et al*., No. 03 CV 9848 (GBD), have moved, for a suggestion of remand to the Judicial Panel on Multidistrict Litigation ("MDL"), seeking their action be remanded back to the United States District Court for the District of Columbia, the transferor court from which it originated.[1]  The motion is denied.

    The MDL Panel consolidated and centralized, for pretrial proceedings, the Havlish action and several similar actions that seek to hold responsible those who committed, financed, or otherwise supported the terrorist attacks of September 11, 2001.  In re Terrorist Attacks on September 11, 2001, 295 F.Supp.2d 1377 (Jud.Pan.Mult.Lit. 2003).  The Havlish plaintiffs represent that all pretrial proceedings will be concluded in their case no later than July 30, 2008, whereupon remand to the transferor court, for purposes of trial, is mandated pursuant to 28 U.S.C. § 1407(a), Rule 7.6(b) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L."),  and Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  Plaintiffs argue that the mandatory nature of such a remand cannot be avoided simply in an effort "to minimize the number of trials that will occur" in an MDL proceeding. (Pls.' Mot. at 5).

    As the plaintiffs correctly note, an action, that has not been terminated during the pretrial

---

[1] The Havlish plaintiffs indicate that the Plaintiffs' Executive Committee, which is overseeing the consolidated actions, does not oppose their motion.  (Pls.' Mot. at 1).

period, should be remanded for trial to the district from which it was transferred once pretrial proceedings have been completed. See, 28 U.S.C. § 1407(a); R.P.J.P.M.L.7.6(b); Lexecon Inc., 523 U.S. at 37. Even though plaintiffs advises that "everything will be completed" by the end of the month and that remand "for trial-related proceedings" is warranted, they do not claim that their case will be trial ready by July 30th. (Pls.' Mot. at 5-6). Rather, they assert that "[i]n essence, this case is ready to be tried" because plaintiffs "are now ready to submit proof of damages against the defaulted defendants." (Id. at 2). Although plaintiffs represent that they stand poised to proceed with an inquest on damages, no judgment of default has been entered in this case as plaintiffs have never made such a motion. Such a motion, and any related proceedings required, are pretrial proceedings not mandated for remand under Lexecon. See, In re African-American Slave Descendants Litig., 471 F.3d 754, 756-57 (7th Cir. 2006); In re "Agent Orange" Prod. Liability Litig., 304 F.Supp.2d 404, 416-17 (E.D.N.Y. 2004), aff'd 517 F.3d 76 (2d Cir. 2008).

Since this case is not to be tried, it is appropriate for further pretrial proceedings to remain before this Court, which is authorized to review and determine any dispositive motions that plaintiffs may wish to file. See, Lexecon Inc., 523 U.S. at 37; In re WorldCom, Inc. Secs. Litig., 2005 WL 2403856, at *3 (S.D.N.Y. Sept. 30, 2005); In re Global Crossing, Ltd. Secs. Litig., 2004 WL 2584874, at *2 (S.D.N.Y. Nov. 12, 2004); In re Rezulin Prods. Liability Litig., 2003 WL 1900870, at *1 (S.D.N.Y. Apr. 16, 2003).

Accordingly, plaintiffs' motion for a suggestion of remand is denied.

Dated: New York, New York
       July 8, 2008

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

2