# Exhibit A

.

<u>SERVICES AGREEMENT</u>

Services agreement, dated as of November __(_____, 1995, between SNCB Securities Inc., a Delaware corporation ("SNCB") and The National Commercial Bank, a joint liability partnership established in Saudi Arabia ("NCB Jeddah").

<u>PREAMBLE</u>

NCB Jeddah has created certain stock, securities and commodities investment funds in the British Virgin Islands ("BVI") to hold and invest funds of its clients who are located in Saudi Arabia. The investment funds consist of various trusts established under the laws of the BVI which are listed on Annex One hereto (the "Established Trusts" and together with other such trusts to be established from time to time in the future in the BVI, the "Trusts") each of which owns one or more underlying BVI operating companies listed on Annex Two hereto (the "Existing Operating Companies" and together with other such companies to be formed in the BVI, the "Operating Companies") that make the investments.

NCB Jeddah has entered (with respect to each Existing Operating Company) and intends to (with respect to the each Operating Company to be formed in the future) enter into separate administrative services agreements (the "Administrative Agreements") with each of the Operating Companies and NCB Investment Services Company Limited, an international business company formed in the BVI ("Investment Services") in its capacity as trustee of the respective Trust pursuant to which NCB Jeddah has, or will be, appointed administrative manager, to administer the day-to-day business of Investment Services, the particular Operating Company and the particular Trust (Investment Services, the Operating Companies and the Trusts are collectively referred to herein as the "Managed Funds").

Investment Services as trustee of each of the Trusts has appointed, and intends to appoint, one or more investment advisors, to buy, sell, trade, reinvest and otherwise manage the assets owned by the Operating Companies (an "Investment Advisor").

NCB Jeddah wishes to retain SNCB as a consultant and advisor to assist NCB Jeddah in connection with limited matters relating to the duties and obligations of NCB Jeddah under the Administrative Agreements.

1.   <u>SNCB as Consultant</u>

(a)  NCB Jeddah appoints SNCB, and SNCB accepts such appointment, as a consultant and advisor to assist and advise NCB Jeddah on matters described below and generally relating to the duties and obligations of NCB Jeddah under the Administrative Agreements. Subject to the limitations in Section Two hereof, in connection with this undertaking, SNCB, as consultant, shall have the following obligations and responsibilities:

SS_NYL4/106196 1

CONFIDENTIAL: This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015273

2

     (i)     Furnishing NCB Jeddah with advice with respect to identifying potential Investment Advisors located in the United States and elsewhere, soliciting the services of Investment Advisors and conducting the relationship between NCB Jeddah and the Investment Advisors;

     (ii)     Furnishing NCB Jeddah with advice with respect to developing, identifying, and analyzing potential investment products (including but not limited to financial products pertaining to stocks, securities and commodities) for offering in Saudi Arabia or elsewhere outside of the United States;

     (iii)     Monitoring and evaluating the performance of the Investment Advisors and advising NCB Jeddah on such performance;

     (iv)     Assisting NCB Jeddah in identifying and evaluating legal counsel and such other professionals and advisors as NCB Jeddah deems necessary or desirable to advise or assist NCB Jeddah in connection with the duties and obligations of NCB Jeddah under the Administrative Agreements;

     (v)     Establishing and maintaining, at the request of NCB Jeddah, one or more separate bank accounts, collecting and depositing into any such account or accounts money due a Managed Fund and collected from investments of the Managed Fund and promptly forwarding collections to NCB Jeddah for the account of the Managed Fund, provided that SNCB shall have no discretionary authority with respect to such accounts, no money in any such account shall be commingled with SNCB's funds, and that SNCB shall from time to time render appropriate accounting of such collections and payments to NCB Jeddah and provided further that disbursing payments of dividends, legal fees and officers' and directors' salaries for the Managed Funds shall be carried out from or at offices of the Managed Funds in Saudi Arabia and SNCB shall make no disbursements of such items from the United States;

     (vi)     Maintaining duplicate copies of the principal official corporate books and documents for the Managed Funds (except for records relating to the Managed Funds' investors and the Managed Funds' books of account), it being agreed that the originals of all such books, documents and records shall be maintained outside the United States;

     (vii)     At the request of NCB Jeddah, discuss the performance, investment structure, prospects and other matters pertaining to the Managed Funds with members of NCB Jeddah's staff; and

     (viii)     Preparing, or causing to be prepared, the organizational documents for new Trusts and new Operating Companies at the request of NCB Jeddah.

SS_NYLA/106196 1

CONFIDENTIAL: This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015274

3

   (b)  Except as provided in this Section One, SNCB shall have no duty or responsibility to act for NCB Jeddah or one or more of the Managed Funds.

  2.  Limitations

   Notwithstanding anything to the contrary set forth in Section One or otherwise in this Agreement, unless specifically granted such authority in writing by the party to be bound, after the date of this Agreement, SNCB shall have no power or authority to bind or contract for NCB Jeddah, Investment Services, the Trusts or the Operating Companies.

   The parties hereto agree that none of the directors, employees or officers of SNCB shall be directors, officers or employees of NCB Jeddah, Investment Services, and/or one or more of the Operating Companies, except that one individual may be both a director of SNCB as well as an officer and/or a director of NCB Jeddah, Investment Services and one or more of the Operating Companies provided such individual is not resident in the United States and such individual performs outside of the United States substantially all of his services performed in the capacity as an officer or director, as the case may be, of NCB Jeddah, Investment Services and one or more of the Operating Companies.

   Additionally, the parties hereto agree that the administration and day-to-day operation of all of the Managed Funds shall continue to be performed by NCB Jeddah at their principal business offices in Saudi Arabia, that NCB Jeddah and the Service Companies shall continue to manage and direct the investments of the Managed Funds from outside the U.S. and that SNCB shall have no power, authority or obligation hereunder to manage or otherwise direct the investments of one or more of the Managed Funds. By way of illustration, but not limitation, of the absence of such authority, SNCB shall have no power, authority or obligation to (X) retain, terminate or manage one or more of the Investment Advisors, or (Y) establish or modify guidelines, allocations, strategies or policies for investments for the Managed Funds or (Z) approve, disapprove or modify the acquisition, retention or disposition of investments by Managed Funds.

   NCB Jeddah and SNCB are not partners or joint venturers with each other with respect to the matters subject to this Agreement and nothing herein shall be construed so as to make them such partners or joint venturers or to impose any liability as such on either of them. SNCB shall not be subject to the supervision of the NCB Jeddah, Investment Services, the Trusts or the Operating Companies, in respect of the manner in which SNCB accomplishes the performance of its obligations under this Agreement.

  3.  Right to Engage in Other Activities

   Nothing in this Agreement shall limit or restrict the right of NCB Jeddah or SNCB, or of any officer, director, or employee of NCB Jeddah or SNCB, to engage in any

SS_NYL4/106196 1

CONFIDENTIAL: This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015275

4

other business or to render services of any kind to any third parties (it being understood, that this Agreement restricts the activities of SNCB and NCB Jeddah as among themselves and as among the Managed Funds).

4.    Fees and Expenses

(a)    As consideration for services rendered under this Agreement, SNCB shall be entitled to receive such fees and expenses as set forth below:

(i)    Annual Fee:  Subject to adjustment as provided herein, NCB Jeddah agrees to pay SNCB an annual fee (the "Annual Fee") equal to U.S.$500,000, except that for any year, the amount of Annual Fee shall not be less than the Minimum Fee (as defined below).  The Minimum Fee for each year shall not be less than an amount equal to (X) the aggregate of the costs incurred by SNCB for such year in performing the services and otherwise fulfilling the obligations required to be performed and fulfilled by SNCB under this Agreement for or on account of NCB Jeddah, the Trusts, the Operating Companies and Investment Services, plus (Y) 10% of the aggregate of the costs described in clause (X).  The Annual·Fee shall be paid in quarterly installments on each March 31, June 30, September 30, and December 31 (each, a "Payment Date"), in an amount equal to one quarter of the Annual Fee.  At the request of SNCB, NCB Jeddah shall advance a quarterly installment of the Annual Fee at any time during the quarter prior to the Payment Date for such installment.  In the event this Agreement is not terminated on a Payment Date, the Annual Fee then due (exclusive of any delinquent payments) shall be prorated on a daily basis to such termination date.  The Annual Fee may be adjusted (but not below the Minimum Fee) from time to time by agreement of the parties to reflect increases or decreases in the number of Managed Funds in existence after the date of this agreement.

(ii)    Origination Fee:  NCB Jeddah agrees to pay to SNCB a fund origination fee (the "Origination Fee") with respect to each investment made by a Managed Fund, any Operating Company, or any financial product otherwise offered by NCB Jeddah which is made, established or offered after the date hereof, in whole or in part, as a result of the consulting and advisory efforts of SNCB on or prior to the effective date of termination of this Agreement.  An Origination Fee shall be an arm's-length fee mutually agreed upon on or about the time of the investment, the establishment of the Operating Company, or the offering of the financial product, as the case may be, and shall be paid to SNCB at the close of the year in which such establishment, investment or offering occurs.  When determining the Origination Fee, the factors to be taken into account shall include the potential return to investors, the size and complexity of the investment of the Operating Company, the exclusivity of the investments of such Operating Company and such other factors as are customary in computing arm's length consideration for the services provided by SNCB.  The

SS_NYL4/106196 1

CONFIDENTIAL:  This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015276

5

amount of the Origination Fees due SNCB for any year shall be reduced on a dollar for dollar basis by an amount equal to one half of the Annual Fee due SNCB for such year.

(iii)      Third-Party Expenses:  Subject to (b) below, SNCB shall be reimbursed for all of its reasonable out of pocket or third-party expenses incurred in performance of the services and duties set forth herein plus a 10% handling charge. Such expenses shall be billed by SNCB to NCB Jeddah monthly and subject to verification are payable within 30 days after delivery of said bill.

(b)      Expenses of SNCB:  Without regard to the amount of compensation received hereunder by SNCB, SNCB shall bear the following expenses:

(i)      Employment expenses of SNCB's personnel, including, but not limited to, fees, salaries, wages, bonuses, payroll taxes, and the cost of employee benefit plans and temporary help expense; and

(ii)      Rent, telephone, utilities and office furnishings and other office expenses of SNCB, and such other items generally falling under the category of SNCB's overhead.

5.      Indemnification

NCB Jeddah shall indemnify and hold harmless SNCB and the directors, officers and employees of SNCB (each, an "indemnified party") from and against any and all liabilities, claims, demands, losses, damages, causes of actions, costs or expenses (other than those specified in Section 4(b) hereof, but including, without being limited to, attorneys' fees and disbursements) of any nature whatsoever arising out of or incidental to (i) a breach by NCB Jeddah of its obligations under, or a failure by NCB Jeddah to comply with any of the terms and provisions of, this Agreement, or (ii) SNCB's performance of the activities covered herein, except in cases of gross negligence or wilful misconduct by the indemnified party seeking indemnification.  This right of indemnification shall survive termination of this Agreement.

Promptly after receipt by an indemnified party of notice of commencement of any action, such indemnified party shall, if a claim in respect thereof is to be made against NCB Jeddah, notify NCB Jeddah in writing of the commencement of such action.  NCB Jeddah shall be entitled to participate therein and, to the extent that it wishes, to assume the defense thereof, with counsel satisfactory to NCB Jeddah (who shall not, except with the consent of the indemnified party, be counsel to NCB Jeddah), and, after notice from NCB Jeddah to such indemnified party of its election so to assume the defense of such action, NCB Jeddah shall not be liable to such indemnified party for any legal expenses of other

SS_NYL4/106196 1

CONFIDENTIAL:  This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015277

6

counsel or any other expenses subsequently incurred by such  indemnified party in connection with the defense of such
action, other than reasonable costs of investigation.

6.   Term

This agreement shall be effective on January 1, 1996 and shall continue in force for a period from such effective date until March 1, 2000 unless earlier terminated by NCB Jeddah or SNCB giving not less than 60 days' prior written notice of termination.

7.   Amendments

This Agreement shall not be changed, modified, terminated, or discharged in whole or in part except by an instrument in writing signed by the parties hereto, or their respective successors or assigns.

8.   Assignment

Neither party hereto may assign any of its rights or obligations hereunder without the prior written consent of the other party.

9.   Notices

All notices or communications required or permitted hereunder shall be in writing and sent to the address set forth below:

to NCB Jeddah:

The National Commercial Bank
Al Nakheel Center
Jeddah 21481, Saudi Arabia
Attention:  Investment Services Division

to SNCB:

SNCB Securities Inc.
33 East 67th Street
New York, New York  10021
Attention:  John Bouckley

10.   Governing Law

SS_NYL4/106196 1

CONFIDENTIAL:  This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015278

7

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York.

IN WITNESS WHEREOF, SNCB SECURITIES INC. and THE NATIONAL COMMERCIAL BANK, each by an authorized officer, have caused this Agreement to be duly executed on _December 31_,1995.

THE NATIONAL COMMERCIAL BANK

By: _____

SNCB SECURITIES INC.

By: _____

Agreed to and Accepted by:
NCB INVESTMENT SERVICES
COMPANY LIMITED

By: _____

SS_NYLA/106196 1

CONFIDENTIAL: This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015279

Annex One

Hospitality Investment Partners
International Real Estate Fund I
International Real Estate Fund
International Real Estate Fund II
Palm Beach Real Estate Fund
NCB Commodity Fund

CONFIDENTIAL:  This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015280

Annex One

The Short Term Dollar Fund
The Currency Fund
The International Trade Fund
The Balanced Fund
The Global Equity Fund
U.S. Dollar Fixed Income Fund
Short Term Sterling Fund
Swiss Equity Index Fund
European Bond Fund
The National Investment Fund
Saudi Riyal Trade Fund
Global Trading Equity Fund
Japan Equity Fund
Europe Equity Fund
International Equity Fund
U.S. Equity Fund
South East Asia Equity Fund
Arab Equity Fund
Far East Development Fund
Capital Protected Fund 1

CONFIDENTIAL: This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015281

Annex Two

Emily Morgan Hotel Limited
First I.R.E. Limited
Second I.R.E Limited
Third I.R.E Limited
Phoenix Fund III Limited
Kingwood Fund III Limited
Blue Ash Fund II Limited
Omaha Fund II Limited
Tampa Fund II Limited
Palm Beach Real Estate Limited
International Portfolio Fund III Limited
Angler Limited
Bigmouth Bass Limited
DTW Hotel Limited
Huck Finn Inn Limited
Dean Country Limited
Denver Hotel Limited
CS San Francisco Limited
Castle Limited
Trevose Hotel Limited
Commodity Trading Co. Limited
Medical Equipment Leasing Partners Limited
Montecito Fund III Limited

CONFIDENTIAL: This Document is subject to a
Protective Order regarding confidential information
in 03 MDL 1570 (RCC), United States District
Court for the Southern District of New York.

NCB015282