# Delaware

PAGE 1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "U.S. TAMPA MANAGEMENT II CORP." AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF INCORPORATION, FILED THE ELEVENTH DAY OF MARCH, A.D. 1997, AT 9 O'CLOCK A.M.

CERTIFICATE OF DISSOLUTION, FILED THE TWENTY-SEVENTH DAY OF MAY, A.D. 1998, AT 9 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID CORPORATION, "U.S. TAMPA MANAGEMENT II CORP.".

*Harriet Smith Windsor*

Harriet Smith Windsor, Secretary of State

2693803   8100H

080140092

You may verify this certificate online
at corp.delaware.gov/authver.shtml

AUTHENTICATION: 6372765

DATE: 02-11-08

*STATE OF DELAWARE*
*SECRETARY OF STATE*
*DIVISION OF CORPORATIONS*
*FILED 09:00 AM 03/11/1997*
*971078662 - 2693803*

## CERTIFICATE OF INCORPORATION

### OF

### U.S. TAMPA MANAGEMENT II CORP.

Pursuant to Section 102 of the General
Corporation Law of the State of Delaware

---

**FIRST**: The name of the corporation is U.S. TAMPA MANAGEMENT II CORP. (the "Corporation").

**SECOND**: The registered office of the Corporation in the State of Delaware is located at 1013 Centre Road, City of Wilmington, County of New Castle, Delaware 19805. The name and address of the Corporation's registered agent is Corporation Service Company, 1013 Centre Road, Wilmington, Delaware 19805.

**THIRD**: The sole purpose of the Corporation is to acquire, own, hold, maintain, manage, operate and convey the property commonly known as "Calibre Chase Apartments" located in Tampa, Florida (the "Property"), together with such other activities as may be necessary or advisable in connection with the ownership of the Property. Notwithstanding anything contained herein to the contrary, the Corporation shall not engage in any business, and it shall have no other purpose, unrelated to the Property and shall not acquire any real property or own assets other than those related to the Property and/or otherwise in furtherance of the purposes of the Corporation.

**FOURTH**: The total number of shares of stock which the Corporation shall have the authority to issue is three thousand (3,000), with each such share having a par value of $0.01 per share. All such shares are of one class and are shares of common stock (the "Common Stock").

**FIFTH**: The name and mailing address of the sole incorporator is Harold D. Garrison, 700 Market Tower, 10 West Market Street, Indianapolis, Indiana 46204.

**SIXTH**: The Corporation shall have perpetual existence.

**SEVENTH**: The Corporation specifically elects not to be subject to the provisions of Section 203 of the General Corporation Law of the State of Delaware, as the same may be amended, supplemented or restated from time to time.

NY1-182668.2

**EIGHTH:**   The Board of Directors is expressly authorized to adopt, amend or repeal the by-laws of the Corporation.

**NINTH:**   Elections of directors need not be by written ballot unless the by-laws of the Corporation shall otherwise provide.

**TENTH:**   The number of directors constituting the Board of Directors shall be determined by the Board of Directors, subject to the by-laws of the Corporation. Any vacancy in the Board of Directors, whether arising from death, resignation, removal (with or without cause), an increase in the number of directors or any other cause, may be filled by the vote of either a majority of the directors then in office, though less than a quorum, or by the stockholders at the next annual meeting thereof or at a special meeting called for such purpose. Stockholders may not apply to request that the Delaware Court of Chancery summarily order an election to be held to fill any vacancies in the Board of Directors whether or not, at the time of filling any vacancy or any newly created directorship, the directors then in office shall constitute less than a majority of the whole Board of Directors as constituted immediately prior to any such vacancy or increase. Each director so elected shall hold office until the next meeting of the stockholders in which the election of directors is in the regular order of business and until his successor shall have been elected and qualified.

**ELEVENTH:**   Special meetings of the stockholders of the Corporation may only be called by the Board of Directors of the Corporation upon the request of any two directors, by the holders of one-third or more of the outstanding Common Stock, or by the duly elected officers of the Corporation.

**TWELFTH:**   No director of the Corporation shall be liable to the Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, provided, however, that the foregoing shall not eliminate or limit the liability of a director (i) for any breach of the director's duty of loyalty to the Corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the General Corporation Law of the State of Delaware, or (iv) for any transaction from which the director derived an improper personal benefit.

**THIRTEENTH:**   Whenever a compromise or arrangement is proposed between the Corporation and its creditors or any class of them and/or between the Corporation and its stockholders or any class of them, any court of equitable jurisdiction within the State of Delaware may, on the application in a summary way of the Corporation or of any creditor or stockholder thereof or on the application of any receiver or receivers appointed for the Corporation under the provisions of Section 291 of Title 8 of the Delaware Code or on the application of trustees in dissolution or of any receiver or receivers appointed for the Corporation under the provisions of Section 279 of Title 8 of the Delaware Code order a meeting of the creditors or class of creditors, and/or of the stockholders or class of stockholders of the Corporation, as the case may be, to be summoned in such manner as the said court

directs. If a majority in number representing three-fourths in value of the creditors or class of creditors, and/or of the stockholders or class of stockholders of the Corporation, as the case may be, agree to any compromise or arrangement and to any reorganization of the Corporation as a consequence of such compromise or arrangement, the said compromise or arrangement and the said reorganization shall, if sanctioned by the court to which said application has been made, be binding on all the creditors or class of creditors, and/or on all of the stockholders or class of stockholders of the Corporation, as the case may be, and also on the Corporation.

               **FOURTEENTH:**     The Corporation shall not, without the affirmative vote of 100 percent of the Board of Directors, institute proceedings to be adjudicated bankrupt or insolvent; or consent to the institution of bankruptcy or insolvency proceedings against it; or file a petition seeking, or consent to, reorganization or relief under any applicable federal or state law relating to bankruptcy; or consent to the appointment of a receiver, liquidator, assignee, trustee, sequestrator (or other similar official) of the Corporation or a substantial part of its property; or make any assignment for the benefit of creditors; or admit in writing its inability to pay its debts generally as they become due; or take any corporate action in furtherance of any such action;

               **FIFTEENTH:**     The Corporation shall not, without the affirmative vote of 100 percent of the Board of Directors, (a) liquidate or dissolve the Corporation in whole or in part, (b) consolidate, merge or enter into any form of consolidation with or into any other entity, nor convey, transfer or lease its assets substantially as an entirety to any person or entity nor permit any entity to consolidate, merge or enter into any form of consolidation with or into the Corporation, nor convey, transfer or lease its assets substantially as an entirety to any person or entity, (c) place any secondary financing on all or any part of the Property, and (d) amend or modify this Certificate of Incorporation.

               **SIXTEENTH:**     Except as may otherwise be specifically provided in this Certificate of Incorporation, no provision of this Certificate of Incorporation is intended by the Corporation to be construed as limiting, prohibiting, denying or abrogating any of the general or specific powers or rights conferred under the General Corporation Law upon the Corporation, upon its stockholders, bondholders and security holders, and upon its directors, officers and other corporate personnel, including, in particular, the power of the Corporation to furnish indemnification to directors and officers in the capacities defined and prescribed by the General Corporation Law and the defined and prescribed rights of said persons to indemnification as the same are conferred under the General Corporation Law. The Corporation shall, to the fullest extent permitted by the laws of the State of Delaware, including, but not limited to Section 145 of the General Corporation Law of the State of Delaware, as the same may be amended and supplemented, indemnify any and all directors and officers of the Corporation and may, in the discretion of the Board of Directors, indemnify any and all other persons whom it shall have power to indemnify under said Section or otherwise under Delaware law, from and against any and all of the expenses, liabilities or other matters referred to or covered by said Section. The indemnification provisions contained in the Delaware General Corporation Law shall not be

                      **3**

deemed exclusive of any other rights to which those indemnified may be entitled under any By-Law, agreement, resolution of stockholders or disinterested directors, or otherwise, and shall continue as to a person who has ceased to be a director, officer, employee or agent, both as to action in his official capacity and as to action in another capacity while holding such office, and shall inure to the benefit of the heirs, executors and administrators of such person.

**SEVENTEENTH:** The Corporation reserves the right to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, in the manner now or hereafter prescribed by statute or by this Certificate of Incorporation, and all rights conferred upon stockholders herein are granted subject to this reservation.

**IN WITNESS WHEREOF,** I have hereunto set my hand this ___5___ day of March, 1997 and I affirm that the foregoing certificate is my act and deed and that the facts stated herein are true.

Harold D. Garrison, Sole Incorporator
700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204

*STATE OF DELAWARE*
*SECRETARY OF STATE*
*DIVISION OF CORPORATIONS*
*FILED 09:00 AM 05/27/1998*
*981202642 - 2693803*

## CERTIFICATE OF DISSOLUTION

### OF

### U.S. TAMPA MANAGEMENT II CORP.

Pursuant to Section 275 of the General
Corporation Law of the State of Delaware

FIRST:    The name of the corporation is U.S. Tampa Management
II Corp. (the "Corporation").

SECOND:    The dissolution of the Corporation was authorized on
April 29, 1998.

THIRD:    The dissolution of the Corporation was authorized and
approved by the board of directors and the sole stockholder of the Corporation, in
accordance with the provisions of Section 275(a) and (b) of the General Corporation
Law of the State of Delaware

FOURTH:    The names and addresses of the officers and directors of
the Corporation are as follows:

| Name | Title | Address |
|---|---|---|
| Frederik O. Crawford | President and Director | 700 Market Tower 10 West Market Street Indianapolis, IN 46204 |
| Cornelius M. Alig | Vice President and Director | 700 Market Tower 10 West Market Street Indianapolis, IN 46204 |
| Harold D Garrison | Vice President and Director | 700 Market Tower 10 West Market Street Indianapolis, IN 46204 |
| Thomas M. Krohley | Secretary, Treasurer and Director | 33 East 67th Street New York, NY 10021 |

DOCSNY1:442732.1

**IN WITNESS WHEREOF**, I have hereunto set my hands this _29_ day of April, 1998 and I affirm that the foregoing certificate is the act and deed of the Corporation and that the facts stated herein are true.

Name: Thomas M. Krohley
Title:   Secretary, Treasurer and Director

DOCSNY1:442732.1