HQ03X03141

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

MR JUSTICE EADY

B E T W E E N:



KHALID SALIM A BIN MAHFOUZ

Claimant

and

(1) JEAN-CHARLES BRISARD

(2) JCB CONSULTING

(3) JCB CONSULTING INTERNATIONAL SARL

Defendants

**ORDER**

**PURSUANT** to paragraph 4 of the Order of Mr Justice Eady dated 30 January 2004 by which he ordered that there be an assessment of the damages to be paid by the Defendants to the Claimant

**AND PURSUANT** to paragraph 1 of the Order of Mr Justice Eady dated 21 April 2004 by which he ordered that the Claimant do serve on the Defendants an application for summary disposal

**AND UPON THE APPLICATION** of the Claimant dated 30 April 2004 for the said assessment of damages to be dealt with by way of Summary Disposal pursuant to sections 8 to 10 of the Defamation Act 1996

**AND UPON READING** the witness statements of Cherif Sedky dated 29 April 2004 and Khalid Salim A bin Mahfouz dated 28 April 2004

**AND UPON HEARING** the Solicitor for the Claimant

**IT IS ORDERED THAT**

PCL2/1155054/2

1.  The Defendants do pay the Claimant the sum of £10,000 by way of damages, such payment to be made within 28 days of the date of this Order;

2.  The Court hereby declares that pursuant to section 9(1)(a) of the Defamation Act 1996, the statements made by the Defendants in the publications which are the subject matter of this action are defamatory of the Claimant and false, namely that:
    2.1  the Claimant was one of the main individual Saudi sponsors of the terrorist network al-Qaida
    2.2  the Claimant knowingly supported and assisted in terrorism:
        2.2.1  as a banker, by playing a leading role in the provision of financial support to the al-Qaida terrorist network over a ten year period, totalling between $300 million and $500 million and providing an annual income of around $50 million;
        2.2.2  as Chairman of the National Commercial Bank, by diverting or being responsible for the diversion of millions of dollars to terrorist organisations, in particular to al-Qaida which was led by Osama bin Laden
    2.3  the Claimant is the brother-in-law of Osama bin Laden.

3.  There be publication by the Defendants of a suitable correction and apology in accordance with the following provisions:
    3.1  the parties are to agree a suitable correction and apology within 21 days of the date of this Order. The parties should by that date also reach agreement about the content, time, manner, form and place of the publication of the correction and apology by the Defendants, and the Defendants will publish the correction and apology in accordance with that agreement;
    3.2  In default of agreement being reached between the parties in accordance with paragraph 3.1 above, the Claimant is to prepare a summary of the judgment (the **Summary**) given by the Court and serve it upon the Defendants within 24 days of the date of this Order;
    3.3  The Summary is to be agreed between the parties within 14 days of service of the Summary by the Claimant upon the Defendants. If it is agreed, then the Defendants will publish the Summary in a manner, form, place and at a time agreed between the parties;
    3.4  In default of agreement being reached between the parties in accordance with paragraph 3.3 above, the parties are to file within 3 days of service of the Summary with the clerk to Mr Justice Eady and serve upon each other a copy

of the Summary and the revisions they wish to make to it, and apply to the Court for the Court to settle the Summary. The Court will then settle the final version of the Summary;

3.5    Once the Court has settled the final version of the Summary, the Court shall make an order as to the manner, form and place of publication by the Defendants.

4.  Paragraph 2 of the Order of Mr Justice Eady dated 30 January 2004 shall continue in full force and effect.

5.  The costs of and occasioned by the Claimant's application dated 30 April 2004, and the costs of and occasioned by the hearing on 21 April 2004 be paid by the Defendants to the Claimant, such costs to be the subject of detailed assessment if they cannot be agreed.

6.  The Defendants do make an interim payment to the Claimant of £30,000 in respect of the costs of this action ordered to be paid by them pursuant to paragraph 5 of the Order of Mr Justice Eady dated 30 January 2004, and in respect of paragraph 5 of this Order, such payment to be made within 28 days of the date of this Order.

7.  In default of payment by the Defendants of the amounts ordered to be paid to the Claimant pursuant to paragraphs 1 and 6 of this Order within the time therein specified for payment, the Claimant may enforce this Order without further notice to the Defendants or further Order from the Court.

8.  Each Defendant is jointly and severally liable for the payments ordered at paragraphs 1 and 6 of this Order and the Claimant may enforce this Order and any subsequent Order for any additional payment found due to the Claimant after the assessment of costs, against each and any of the Defendants, save that the Claimant may not recover more than the total amount ordered to be paid to him.

Dated 1 July 2004

HQ03X03141

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

MR JUSTICE EADY

B E T W E E N:

KHALID SALIM A BIN MAHFOUZ

Claimant

and

(1) JEAN-CHARLES BRISARD

(2) JCB CONSULTING

(3) JCB CONSULTING INTERNATIONAL SARL

Defendants

**ORDER**

Kendall Freeman
43 Fetter Lane
London
EC4A 1JU