

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL RESOURCE MANAGEMENT, INC.

Plaintiff,

-against-

NATIONAL COMMERCIAL BANK OF SAUDI ARABIA,

Defendant.

Civil Action No. 96 CIV. 8444

U S DISTRICT COURT S.D.N.Y.

DEFENDANT'S NOTICE OF REMOVAL

Defendant, by and through its attorneys and expressly preserving its objections with respect to personal jurisdiction and all other matters, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, the action styled Global Resource Management, Inc. v. National Commercial Bank of Saudi Arabia, Index No. 604540/96, filed in the Supreme Court of the State of New York, County of New York.

In support of its notice of removal, defendant states as follows:

Plaintiff is incorporated under the laws of Ohio and has its principal place of business at 4644 Kenny Road, Columbus, Ohio. Defendant is a citizen of the Kingdom of Saudi Arabia, with its principal offices at King Abdul Aziz Street, Jeddah 21481. The amount in controversy exceeds the sum of $50,000.00, exclusive of interest and costs. Accordingly, this Court has subject-matter jurisdiction over this case pursuant to 28



PLEAD013236

U.S.C. § 1332(a)(2).

This notice is being filed within thirty days after the defendant's receipt, through service or otherwise, of copies of the plaintiff's summons and complaint in the state court action, true and complete copies of which are attached hereto as Exhibit A. Removal is therefore timely under 28 U.S.C. § 1446(b).

No further proceedings have been held in state court.

Promptly after the filing of this notice of removal, written notice hereof will be given to the plaintiff and a copy of the notice of removal will be filed with the clerk of the Supreme Court of the State of New York, New York County, as required by 28 U.S.C. § 1446(d). See Notice of Filing of Removal, attached hereto as Exhibit B.

WHEREFORE, defendant files this notice to remove the action in the Supreme Court of the State of New York, New York County, Index No. 604540/96, from that court to this Court.

Dated: New York, New York
November 8, 1996

Respectfully submitted,

LAW OFFICES OF MATTHEW S. DONTZIN

By: ______________________

Matthew S. Dontzin (MD-9377)
Attorneys for Defendant
885 Third Avenue 30th Floor
New York, New York 10022
(212) 593-3014

F:\WPDATA\KBM\GRM\REMVLA11.08



Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
CIVIL DIVISION

FILED
SEP 06 1996
COUNTY CLERK'S OFFICE
NEW YORK

Global Resource Management, Inc.
4644 Kenny Road
Columbus, Ohio 43220,

Plaintiff,

vs.

National Commercial Bank of Saudi Arabia
P.O. Box 3555
Jeddah
21481 King Abdulaziz Street
Kingdom of Saudi Arabia,

Defendant.

Index No. 96604540

Judge: ____________

**SUMMONS**

To the above named defendant:

You are hereby summoned and required to serve an answer to the attached complaint, either personally or through an attorney, within 28 days after service of this summons upon you, exclusive of the day of service. A copy of the answer must be mailed to the plaintiff. Its address appears below.

You are also required to file the answer with the Court either before service or within 5 days after you have served it. The answer must be filed at the office of the Clerk of Courts, Supreme Court of the County of New York, Civil Division, County Courthouse, 60 Centre Street, Room 141-B, New York City, 10007 between the hours of 9:00 A.M. and 4:30 P.M. Monday through Friday.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU

OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.

Clerk of the Court

Jeff Niemeyer
Global Resource Management, Inc.
4644 Kenny Road
Columbus, Ohio 43220
(614) 538-5442

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
CIVIL DIVISION

**Global Resource Management, Inc.**
4644 Kenny Road
Columbus, Ohio 43220,

Plaintiff,

vs.

**National Commercial Bank of Saudi Arabia**
P.O. Box 3555
Jeddah
21481 King Abdulaziz Street
Kingdom of Saudi Arabia,

Defendant.

Index No. ____________

Judge: ____________

96604540

COMPLAINT

RECITALS

1. The Kingdom of Saudi Arabia desired to construct an oil underground facility for the storage and protection of oil.

2. A joint venture ("ABV Rock Group") of two Swedish ("Swedish") firms was hired to construct the project.

3. ABV Rock Group received credit from defendant, the National Commercial Bank of Saudi Arabia ("NCB"). Two off-shore businesses owned by Shiek Khaled Bin Mahfouz ("Mahfouz") held collateral.

4. NCB is owned in its entirety by Mahfouz.

5. Mahfouz and NCB, through the off-shore companies, undertook to illegally obtain the profits from the project.

6. Mahfouz and NCB conspired with Mohammed Hussein Al Amoudi ("Hussein") and others to authorize the purchase of ABV Rock Group by two Mahfouz and NCB owned entities (the off-shore companies) through illegal activities.

7. When the first two payments, as evidenced by payment orders received by NCB from the Ministry of Defense of Saudi Arabia ("MODA"), in August and November of 1987 for the SSSP project were made to the Swedish in their NCB account, Mahfouz in representing the NCB, and in perpetrating a fraud, lied to the Swedish stating funds were not paid by MODA and were not on deposit with NCB and told Swedish that MODA would not pay unless Swedish sold their subsidiary to him as per instruction of the Royal Family.

8. Mahfouz and NCB illegally retained money belonging to the Swedish and falsely denied access or use of the funds by NCB's client (Swedish). Mahfouz through the NCB used that money to pay for his criminal penalty as a result of the Bank of Commerce and Credit International ("BCCI") scandal to the United States Federal Reserve.

9. Mahfouz and NCB pressured the Swedish to sell their subsidiary to cover the Swedish expenses and subcontracting obligations when in fact they had funds available in their NCB account, as evidenced by two MODA payment orders. This illegal, dishonest activity by NCB caused serious and irrevocable damage to the Swedish, especially in view of the pressure by Mahfouz, NCB owner, and his allies claiming that they represented the Royal Family.

10. When contract payments were made by MODA, plaintiff, successor to Swedish, did not receive its sponsor subcontractor fees nor did it receive its agent fees.

11. The monies that should have been paid to plaintiff as successor were retained by Mahfouz, and channelled into defendant, NCB. It is believed that Mahfouz and NCB used the funds to pay criminal fines in the United States for their role in the BCCI scandal and to acquire Midrock Real Estate Company and OKP Refinery Petroleum Company, both based in Sweden. (A 1991 Price Waterhouse report states that the collusion of Mahfouz and NCB "appears to have been a major factor in hiding the fraud at BCCI.") Currently, a search of the Washington D.C. courts shows the following case activity:

BCCI Holdings (Luxembourg) v. Mahfouz, 828 F.Supp. 92 (D.D.C., July 26, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 121457 (D.D.C., April 8, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 70451 (D.D.C., March 5, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 62305 (D.D.C., February 24, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 45221 (D.D.C., February 12, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 23580 (D.D.C., January 21, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1992 WL 38234 (D.D.C., December 10, 1992) (No. CIV A 92-2763 (JHG))

Board of Governors of Federal Reserve System v. Mahfouz, 1992 WL 183556 (S.D.N.Y., July 23, 1992) (No. 92 CIV. 5096 (MGC))

A search is currently being made in other jurisdictions.

12. The funds to have been paid to plaintiff as successor are being sought by plaintiff from the joint venture.

13. Swedish, among other transactions, has assigned its interest in the misappropriated funds to Global Resource Management.

14. This action arose out of the transaction of business by the defendants within the State of New York.

15. Proceeds of the transactions illegally obtained continue to be held in the State of New York.

COUNT I

16. Each of the previous paragraphs is hereby incorporated by reference.

17. NCB enabled Mahfouz to acquire his interest in ABV Rock Group by fraudulent means.

COUNT II

18. Each of the previous paragraphs is hereby incorporated by reference.

19. NCB enabled Mahfouz to acquire the funds which should have paid the sponsorship and agency fees.

COUNT III

20. Each of the previous paragraphs is hereby incorporated by reference.

21. NCB will not enable the subsidiary to be transferred to its original parent.

COUNT IV

22. Each of the previous paragraphs is hereby incorporated by reference.

23. NCB will not pay the illegally retained funds to the proper party with the attendant interest.

COUNT V

24. Each of the previous paragraphs is hereby incorporated by reference.

25. NCB was used as a conduit in Mahfouz acquiring his interest in ABV Rock Group by fraudulent means including the use of accounts and facilities at NCB.

COUNT VI

26. Each of the previous paragraphs is hereby incorporated by reference.

27. Funds were channeled into NCB that Mahfouz unlawfully acquired which should have paid the sponsorship and agency fees.

COUNT VII

28. Each of the previous paragraphs is hereby incorporated by reference.

29. Entanglements with NCB prohibit the subsidiary to be transferred to its original parent.

COUNT VIII

30. Each of the previous paragraphs is hereby incorporated by reference.

31. NCB will not release the illegally retained funds from its accounts to the proper party with the attendant interest.

WHEREFORE, Plaintiff respectfully demands judgment against the defendant, in an amount exceeding the Court's minimum jurisdictional limit and in an exact amount to be established through proceedings herein, for a transfer of ABV Rock Group to its rightful owner, for a constructive trust on the Midrock Real Estate Company and OKP Refinery Petroleum Company, for punitive damages, plus costs, reasonable attorneys fees, and other relief the Court deems necessary and proper.

Respectfully submitted,

Jeff Niemeyer
Global Resource Management, Inc.
4644 Kenny Road
Columbus, Ohio 43220
(614) 538-5442

**JURY DEMAND**

The plaintiff requests a trial by jury in this action.

Jeff Niemeyer

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT NATIONAL COMMERCIAL BANK OF SAUDI ARABIA**

Now comes Plaintiff, and hereby requests that, pursuant to the State of New York Rules of Civil Procedure, Defendant answer under oath and in writing the following interrogatories and produce the hereinafter described documents and/or things for inspection and/or copying within thirty (30) days after the service hereof.

**DEFINITIONS AND INSTRUCTIONS**

Prior to answering the following interrogatories and request for production of documents, you are requested to make a due and diligent search of your books, records, and papers, and a due and diligent inquiry of your agents and employees with a view to eliciting all information available in this action.

**These interrogatories and production requests are continuing in nature.** If, subsequent to filing your answers, you discover additional matter which was not included in your original answers, you are under a continuing duty to promptly supplement your original answers.

The pronoun "you" refers to Defendant National Commercial Bank of Saudi Arabia and all other persons or entities acting or purporting to act with or on behalf thereof, including employees and agents.

As used herein, the term "person" includes natural persons, corporations, public corporations, governments, governmental agencies, partnerships, groups, firms, associations, or other organizations or entities of any description.

As used herein, the term "identify" shall have the following meaning:

1. When used with reference to a natural person, "identify" shall mean setting forth, to the extent known, that person's: full name; current address; occupation; title, if any; general duties; and dates of first and last employment in each position, if serving any organization in any capacity.

2. When used with reference to a corporation, "identify" shall mean setting forth: the date and place of incorporation; each and every state in which the corporation is licensed or authorized to do business; each officer, director, and managing agent of such corporation during the time encompassed by the allegations set forth in the Complaint, and in accordance with the instructions herein with respect to the "identification" of natural persons, and with respect to any predecessor of such corporation, if pertinent; the corporation's federal tax identification number; and the corporation's address of principal place of business.

3. When used with reference to a partnership or other business entity, "identify" shall mean setting forth: the identity of each owner, whether a partner, joint venturer, sole proprietor, or otherwise, including identifying what each such owner's interest in the entity is (i.e., 40% limited partner interest; owner of joint venture, etc.); the date and county of filing of

any business formation certificate or its equivalent; the date of formation; the identity of any agreement which is controlling of the business entity's operations and/or its principals' relationships (i.e., partnership agreement; association agreement; joint venture agreement, etc.); and the identity of each person active in the management of the affairs of the entity during the period encompassed by the complaint herein, in accordance with the instructions set forth herein regarding "identification" of persons.

4. When used with reference to a document or writing, "identify" shall mean setting forth: the nature of the document (i.e., letter, voucher, book memorandum, note, etc.); the date of the document; the author, in accordance with the instructions herein regarding identification of persons; any and all addressees, including each addressee's full name and address; a summary of the contents of the document; the present location of the document; and the identity of the custodian of the document. In lieu of furnishing this information, you may produce a copy of the document in accordance with the instructions regarding the production of documents.

5. When used with reference to any conversation or oral communication, "identify" shall mean, with regard to each such conversation or communication, setting forth: the nature of the conversation (e.g. a telephone call, interview, face-to-face conversation, etc.); the date

of the conversation; the place where the conversation took place; the identity of each and every person participating in or witness to the conversation; the exact words used by each person participating in the conversation, in sequence (if the exact words of the conversation are not available, set forth the substance of the conversation, omitting no material statement expressed by any participant thereto); and whether any written summary or description of the conversation exists, and whether any recording (written transcript or tape recording) of the conversation exists. If so, identify such writing or recording pursuant to the terms of the definition of "identify" contained herein at Paragraph 4.

As used herein, the term "document" means any medium to which you now have or previously had access, or of which you now have or previously had custody, control, or possession, and upon which information is recorded or from which information can be retrieved, including, but without limiting the generality of the foregoing, the following: acknowledgments, advertisements, agreements, analyses, appointment books or calendars, authorizations, blue prints, books, budgets, calculations, charts, checks, contracts, correspondence, diaries, drafts, drawings, graphs, invoices, ledgers, letters, magazines, magnetic tape or wire, memoranda, microfilm, minutes of meetings, movie film, notebooks, notes, papers, patents or applications therefor, phonograph records, photographs, plans, printout sheets,

projections, punch cards, purchase orders, receipts, registers, reports, reprints, schedules, sketches, specifications, studies, summaries, tables, transcripts, work sheets, each copy or draft of any of the foregoing which is non-identical because of marginal or other notations or otherwise, and any other documents as defined in Rule 34 of the Rules of Civil Procedure. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

Each request herein for a document or documents to be produced contemplates production of the document in its entirety without abbreviation or deletions. In the event that any document called for by this Request is to be withheld on the basis of a claim of privilege, that document is to be identified as follows: addresser, addressee, indicated and/or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, present custodian and nature of the privilege asserted. In the event that any document called for by this Request has been destroyed, that document is to be identified as follows: addresser, addressee, indicated and/or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction, manner of destruction, reason for destruction, person authorizing destruction, and person destroying the document.

You are required to choose one or more of your proper employees, officers, or agents to supply the hereinafter-requested information, or to supply the information

yourself, and the employee, officer, agent, or you shall furnish such information as is known or available to any or all of the parties, their agents, representatives, and, unless privileged, their attorneys.

You are reminded that all answers must be made separately and fully, and that an incomplete or evasive answer is a failure to answer.

If you are unable to respond to any information request in the space provided, please respond on the blank pages attached hereto.

INTERROGATORIES

1. What was your involvement in the purchase of ABV Rock Group that had the contract to construct the Oil Underground Facility.

2. Did this purchase require the approval of any individual or entity.

3. Who provided the approval.

4. Was Ali Bin Mussalam involved in this process.

5. Was any money paid to Ali Bin Mussalam for his participation.

6. What is the current ownership of ABV Rock Group.

7. Do you have any accounts from ABV Rock Group.

8. Did any proceeds of the contract payments on the subject contract from the Ministry of Defense flow through any accounts with you.

9. Where did the money go that was to be paid to the plaintiff as successor for the sponsorship and agency fees.

10. Have any monies been withdrawn from any accounts with you to pay fines regarding Shiek Khaled Bin Mahfouz's dealings with BCCI.

11. Does Shiek Khaled Bin Mahfouz own an interest in the National Commercial Bank of Saudi Arabia. If so, describe the interest.

12. What law suits are currently pending against you in the United States.

13. What law suits have been resolved to which you were a party in the United States.

14. Have you been charged with any criminal act in the United States.

15. Have you pled guilty to any criminal act in the United States.

16. Have you been convicted of any criminal act in the United States.

17. In any lawsuit or administrative proceeding to which you are a party, are there any court or hearing dates currently pending. If so, which case and what date.

18. What assets do you own in the state of New York, including real, personal, tangible, intangible, and other.

19. What assets do you own in the United States, including real, personal, tangible, intangible, and other.

Jeff Niemeyer

The above answers are true and accurate to the best of my knowledge.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL RESOURCE MANAGEMENT, INC.<br><br>Plaintiff,<br><br>-against-<br><br>NATIONAL COMMERCIAL BANK OF SAUDI ARABIA,<br><br>Defendant. | Civil Action No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, by and through its attorneys and expressly preserving its objections with respect to personal jurisdiction and all other matters, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, the action styled Global Resource Management, Inc. v. National Commercial Bank of Saudi Arabia, Index No. 604540/96, filed in the Supreme Court of the State of New York, County of New York.

In support of its notice of removal, defendant states as follows:

Plaintiff is incorporated under the laws of Ohio and has its principal place of business at 4644 Kenny Road, Columbus, Ohio. Defendant is a citizen of the Kingdom of Saudi Arabia, with its principal offices at King Abdul Aziz Street, Jeddah 21481. The amount in controversy exceeds the sum of $50,000.00, exclusive of interest and costs. Accordingly, this Court has subject-matter jurisdiction over this case pursuant to 28



PLEAD013256

U.S.C. § 1332(a)(2).

This notice is being filed within thirty days after the defendant's receipt, through service or otherwise, of copies of the plaintiff's summons and complaint in the state court action, true and complete copies of which are attached hereto as Exhibit A. Removal is therefore timely under 28 U.S.C. § 1446(b).

No further proceedings have been held in state court.

Promptly after the filing of this notice of removal, written notice hereof will be given to the plaintiff and a copy of the notice of removal will be filed with the clerk of the Supreme Court of the State of New York, New York County, as required by 28 U.S.C. § 1446(d). See Notice of Filing of Removal, attached hereto as Exhibit B.

WHEREFORE, defendant files this notice to remove the action in the Supreme Court of the State of New York, New York County, Index No. 604540/96, from that court to this Court.

Dated: New York, New York
November 8, 1996

Respectfully submitted,

LAW OFFICES OF MATTHEW S. DONTZIN

By: ____________________

Matthew S. Dontzin (MD-9377)
Attorneys for Defendant
885 Third Avenue 30th Floor
New York, New York 10022
(212) 593-3014

F:\WPDATA\KBM\GRM\REMVLA11.08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL RESOURCE MANAGEMENT, INC.

Plaintiff,

-against-

NATIONAL COMMERCIAL BANK OF SAUDI ARABIA,

Defendant.

Civil Action No. _____

**AFFIDAVIT OF SERVICE BY MAIL**

The undersigned, being duly sworn, deposes and says:

1. Deponent is not a party to this action, is over 18 years of age, and resides in Queens, New York.

2. On November 8, 1996, I served upon Global Resource Management, the Plaintiff herein, a true copy of the annexed Notice of Removal by depositing it in a postpaid properly addressed wrapper, in an official depository, under the exclusive custody of the United States Postal Service within the State of New York, addressed to Global Resource Management, Inc., 4644 Kenny Road, Columbus, Ohio 43220.

PASQUALE VISCUSI

Sworn to before me this
8th day of November, 1996

Notary Public

F:\WPDATA\KBM\GRM\PVSDNY.AFF

ANDREA H. STEMPEL
Notary Public, State of New York
No. 31-4984670
Qualified in New York County
Commission Expires July 29, 1917

46-3004R-100M92

**COUNTY CLERK, NEW YORK COUNTY**

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

**FEE $170.00**

**INDEX NUMBER**

Do not write in this space

Spaces below to be TYPED or PRINTED by applicant

**TITLE OF ACTION OR PROCEEDING**

~~Breach of Contract.~~

Global Resource Mgt. Inc.
4644 Kenny Rd.
Columbus, Ohio 43220
Plaintiff

vs.

National Commercial Bank of Saudia Arabia
P.O. Box 3555,
Jeddah
21481 King Abdulaziz St. Kingdom of Saudia Arabia — defendant

CHECK ONE

| | | | |
|---|---|---|---|
| ☐ | COMMERCIAL ACTION | ☐ | NOT COMMERCIAL ACTION |
| ☐ | CONSUMER CREDIT TRANSACTION | ☐ | NOT CONSUMER CREDIT TRANSACTION |
| ☐ | THIRD PARTY ACTION | ☐ | NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION MAIN INDEX NO.**

Name and address of Attorney for Plaintiff or Petitioner. Global Resource Mgt. Inc.
Telephone No. 614-538-5443

96604540

Name and address of Attorney for Defendant or Respondent. National Commercial Bank of Saudi Arabia
Telephone No. P.O. Box 3555 Jeddah 21481 King Abdulaziz St. S.A.

A. Nature and object of action or Nature of special proceeding Breach of Contract

B. Application for Index Number filed by: Plaintiff ☐ Defendant ☐

C. Was a pervious Third Party Action filed? Yes ☐ No ☐

Date Filed

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
CIVIL DIVISION

FILED
SEP 06 1996
COUNTY CLERK'S OFFICE
NEW YORK

Global Resource Management, Inc.
4644 Kenny Road
Columbus, Ohio 43220,

Plaintiff,

Index No. ____________

vs.

National Commercial Bank
of Saudi Arabia
P.O. Box 3555
Jeddah
21481 King Abdulaziz Street
Kingdom of Saudi Arabia,

Judge: ____________

96604540

Defendant.

SUMMONS

To the above named defendant:

You are hereby summoned and required to serve an answer to the attached complaint, either personally or through an attorney, within 28 days after service of this summons upon you, exclusive of the day of service. A copy of the answer must be mailed to the plaintiff. Its address appears below.

You are also required to file the answer with the Court either before service or within 5 days after you have served it. The answer must be filed at the office of the Clerk of Courts, Supreme Court of the County of New York, Civil Division, County Courthouse, 60 Centre Street, Room 141-B, New York City, 10007 between the hours of 9:00 A.M. and 4:30 P.M. Monday through Friday.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU

OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.

Clerk of the Court

Jeff Niemeyer
Global Resource Management, Inc.
4644 Kenny Road
Columbus, Ohio 43220
(614) 538-5442

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
CIVIL DIVISION

**Global Resource Management, Inc.**
4644 Kenny Road
Columbus, Ohio 43220,

Plaintiff,

vs.

**National Commercial Bank**
**of Saudi Arabia**
P.O. Box 3555
Jeddah
21481 King Abdulaziz Street
Kingdom of Saudi Arabia,

Defendant.

Index No. ______________

Judge: ______________

96604540

COMPLAINT

RECITALS

1. The Kingdom of Saudi Arabia desired to construct an oil underground facility for the storage and protection of oil.

2. A joint venture ("ABV Rock Group") of two Swedish ("Swedish") firms was hired to construct the project.

3. ABV Rock Group received credit from defendant, the National Commercial Bank of Saudi Arabia ("NCB"). Two off-shore businesses owned by Shiek Khaled Bin Mahfouz ("Mahfouz") held collateral.

4. NCB is owned in its entirety by Mahfouz.

5. Mahfouz and NCB, through the off-shore companies, undertook to illegally obtain the profits from the project.

6. Mahfouz and NCB conspired with Mohammed Hussein Al Amoudi ("Hussein") and others to authorize the purchase of ABV Rock Group by two Mahfouz and NCB owned entities (the off-shore companies) through illegal activities.

7. When the first two payments, as evidenced by payment orders received by NCB from the Ministry of Defense of Saudi Arabia ("MODA"), in August and November of 1987 for the SSSP project were made to the Swedish in their NCB account, Mahfouz in representing the NCB, and in perpetrating a fraud, lied to the Swedish stating funds were not paid by MODA and were not on deposit with NCB and told Swedish that MODA would not pay unless Swedish sold their subsidiary to him as per instruction of the Royal Family.

8. Mahfouz and NCB illegally retained money belonging to the Swedish and falsely denied access or use of the funds by NCB's client (Swedish). Mahfouz through the NCB used that money to pay for his criminal penalty as a result of the Bank of Commerce and Credit International ("BCCI") scandal to the United States Federal Reserve.

9. Mahfouz and NCB pressured the Swedish to sell their subsidiary to cover the Swedish expenses and subcontracting obligations when in fact they had funds available in their NCB account, as evidenced by two MODA payment orders. This illegal, dishonest activity by NCB caused serious and irrevocable damage to the Swedish, especially in view of the pressure by Mahfouz, NCB owner, and his allies claiming that they represented the Royal Family.

10. When contract payments were made by MODA, plaintiff, successor to Swedish, did not receive its sponsor subcontractor fees nor did it receive its agent fees.

11. The monies that should have been paid to plaintiff as successor were retained by Mahfouz, and channelled into defendant, NCB. It is believed that Mahfouz and NCB used the funds to pay criminal fines in the United States for their role in the BCCI scandal and to acquire Midrock Real Estate Company and OKP Refinery Petroleum Company, both based in Sweden. (A 1991 Price Waterhouse report states that the collusion of Mahfouz and NCB "appears to have been a major factor in hiding the fraud at BCCI.") Currently, a search of the Washington D.C. courts shows the following case activity:

BCCI Holdings (Luxembourg) v. Mahfouz, 828 F.Supp. 92 (D.D.C., July 26, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 121457 (D.D.C., April 8, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 70451 (D.D.C., March 5, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 62305 (D.D.C., February 24, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 45221 (D.D.C., February 12, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 23580 (D.D.C., January 21, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1992 WL 38234 (D.D.C., December 10, 1992) (No. CIV A 92-2763 (JHG))

Board of Governors of Federal Reserve System v. Mahfouz, 1992 WL 183556 (S.D.N.Y., July 23, 1992) (No. 92 CIV. 5096 (MGC))

A search is currently being made in other jurisdictions.

12. The funds to have been paid to plaintiff as successor are being sought by plaintiff from the joint venture.

13. Swedish, among other transactions, has assigned its interest in the misappropriated funds to Global Resource Management.

14. This action arose out of the transaction of business by the defendants within the State of New York.

15. Proceeds of the transactions illegally obtained continue to be held in the State of New York.

COUNT I

16. Each of the previous paragraphs is hereby incorporated by reference.

17. NCB enabled Mahfouz to acquire his interest in ABV Rock Group by fraudulent means.

COUNT II

18. Each of the previous paragraphs is hereby incorporated by reference.

19. NCB enabled Mahfouz to acquire the funds which should have paid the sponsorship and agency fees.

COUNT III

20. Each of the previous paragraphs is hereby incorporated by reference.

21. NCB will not enable the subsidiary to be transferred to its original parent.

COUNT IV

22. Each of the previous paragraphs is hereby incorporated by reference.

23. NCB will not pay the illegally retained funds to the proper party with the attendant interest.

COUNT V

24. Each of the previous paragraphs is hereby incorporated by reference.

25. NCB was used as a conduit in Mahfouz acquiring his interest in ABV Rock Group by fraudulent means including the use of accounts and facilities at NCB.

COUNT VI

26. Each of the previous paragraphs is hereby incorporated by reference.

27. Funds were channeled into NCB that Mahfouz unlawfully acquired which should have paid the sponsorship and agency fees.

COUNT VII

28. Each of the previous paragraphs is hereby incorporated by reference.

29. Entanglements with NCB prohibit the subsidiary to be transferred to its original parent.

COUNT VIII

30. Each of the previous paragraphs is hereby incorporated by reference.

31. NCB will not release the illegally retained funds from its accounts to the proper party with the attendant interest.

WHEREFORE, Plaintiff respectfully demands judgment against the defendant, in an amount exceeding the Court's minimum jurisdictional limit and in an exact amount to be established through proceedings herein, for a transfer of ABV Rock Group to its rightful owner, for a constructive trust on the Midrock Real Estate Company and OKP Refinery Petroleum Company, for punitive damages, plus costs, reasonable attorneys fees, and other relief the Court deems necessary and proper.

Respectfully submitted,

Jeff Niemeyer
Global Resource Management, Inc.
4644 Kenny Road
Columbus, Ohio 43220
(614) 538-5442

**JURY DEMAND**

The plaintiff requests a trial by jury in this action.

Jeff Niemeyer

PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS
PROPOUNDED UPON DEFENDANT
NATIONAL COMMERCIAL BANK OF SAUDI ARABIA

Now comes Plaintiff, and hereby requests that, pursuant to the State of New York Rules of Civil Procedure, Defendant answer under oath and in writing the following interrogatories and produce the hereinafter described documents and/or things for inspection and/or copying within thirty (30) days after the service hereof.

DEFINITIONS AND INSTRUCTIONS

Prior to answering the following interrogatories and request for production of documents, you are requested to make a due and diligent search of your books, records, and papers, and a due and diligent inquiry of your agents and employees with a view to eliciting all information available in this action.

**These interrogatories and production requests are continuing in nature.** If, subsequent to filing your answers, you discover additional matter which was not included in your original answers, you are under a continuing duty to promptly supplement your original answers.

The pronoun "you" refers to Defendant National Commercial Bank of Saudi Arabia and all other persons or entities acting or purporting to act with or on behalf thereof, including employees and agents.

As used herein, the term "person" includes natural persons, corporations, public corporations, governments, governmental agencies, partnerships, groups, firms, associations, or other organizations or entities of any description.

As used herein, the term "identify" shall have the following meaning:

1. When used with reference to a natural person, "identify" shall mean setting forth, to the extent known, that person's: full name; current address; occupation; title, if any; general duties; and dates of first and last employment in each position, if serving any organization in any capacity.

2. When used with reference to a corporation, "identify" shall mean setting forth: the date and place of incorporation; each and every state in which the corporation is licensed or authorized to do business; each officer, director, and managing agent of such corporation during the time encompassed by the allegations set forth in the Complaint, and in accordance with the instructions herein with respect to the "identification" of natural persons, and with respect to any predecessor of such corporation, if pertinent; the corporation's federal tax identification number; and the corporation's address of principal place of business.

3. When used with reference to a partnership or other business entity, "identify" shall mean setting forth: the identity of each owner, whether a partner, joint venturer, sole proprietor, or otherwise, including identifying what each such owner's interest in the entity is (i.e., 40% limited partner interest; owner of joint venture, etc.); the date and county of filing of

any business formation certificate or its equivalent; the date of formation; the identity of any agreement which is controlling of the business entity's operations and/or its principals' relationships (i.e., partnership agreement; association agreement; joint venture agreement, etc.); and the identity of each person active in the management of the affairs of the entity during the period encompassed by the complaint herein, in accordance with the instructions set forth herein regarding "identification" of persons.

4. When used with reference to a document or writing, "identify" shall mean setting forth: the nature of the document (i.e., letter, voucher, book memorandum, note, etc.); the date of the document; the author, in accordance with the instructions herein regarding identification of persons; any and all addressees, including each addressee's full name and address; a summary of the contents of the document; the present location of the document; and the identity of the custodian of the document. In lieu of furnishing this information, you may produce a copy of the document in accordance with the instructions regarding the production of documents.

5. When used with reference to any conversation or oral communication, "identify" shall mean, with regard to each such conversation or communication, setting forth: the nature of the conversation (e.g. a telephone call, interview, face-to-face conversation, etc.); the date

of the conversation; the place where the conversation took place; the identity of each and every person participating in or witness to the conversation; the exact words used by each person participating in the conversation, in sequence (if the exact words of the conversation are not available, set forth the substance of the conversation, omitting no material statement expressed by any participant thereto); and whether any written summary or description of the conversation exists, and whether any recording (written transcript or tape recording) of the conversation exists. If so, identify such writing or recording pursuant to the terms of the definition of "identify" contained herein at Paragraph 4.

As used herein, the term "document" means any medium to which you now have or previously had access, or of which you now have or previously had custody, control, or possession, and upon which information is recorded or from which information can be retrieved, including, but without limiting the generality of the foregoing, the following: acknowledgments, advertisements, agreements, analyses, appointment books or calendars, authorizations, blue prints, books, budgets, calculations, charts, checks, contracts, correspondence, diaries, drafts, drawings, graphs, invoices, ledgers, letters, magazines, magnetic tape or wire, memoranda, microfilm, minutes of meetings, movie film, notebooks, notes, papers, patents or applications therefor, phonograph records, photographs, plans, printout sheets,

projections, punch cards, purchase orders, receipts, registers, reports, reprints, schedules, sketches, specifications, studies, summaries, tables, transcripts, work sheets, each copy or draft of any of the foregoing which is non-identical because of marginal or other notations or otherwise, and any other documents as defined in Rule 34 of the Rules of Civil Procedure. In all cases where originals and/or non-identical copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

Each request herein for a document or documents to be produced contemplates production of the document in its entirety without abbreviation or deletions. In the event that any document called for by this Request is to be withheld on the basis of a claim of privilege, that document is to be identified as follows: addresser, addressee, indicated and/or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, present custodian and nature of the privilege asserted. In the event that any document called for by this Request has been destroyed, that document is to be identified as follows: addresser, addressee, indicated and/or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction, manner of destruction, reason for destruction, person authorizing destruction, and person destroying the document.

You are required to choose one or more of your proper employees, officers, or agents to supply the hereinafter-requested information, or to supply the information

yourself, and the employee, officer, agent, or you shall furnish such information as is known or available to any or all of the parties, their agents, representatives, and, unless privileged, their attorneys.

You are reminded that all answers must be made separately and fully, and that an incomplete or evasive answer is a failure to answer.

If you are unable to respond to any information request in the space provided, please respond on the blank pages attached hereto.

INTERROGATORIES

1. What was your involvement in the purchase of ABV Rock Group that had the contract to construct the Oil Underground Facility.

2. Did this purchase require the approval of any individual or entity.

3. Who provided the approval.

4. Was Ali Bin Mussalam involved in this process.

5. Was any money paid to Ali Bin Mussalam for his participation.

6. What is the current ownership of ABV Rock Group.

7. Do you have any accounts from ABV Rock Group.

8. Did any proceeds of the contract payments on the subject contract from the Ministry of Defense flow through any accounts with you.

9. Where did the money go that was to be paid to the plaintiff as successor for the sponsorship and agency fees.

10. Have any monies been withdrawn from any accounts with you to pay fines regarding Shiek Khaled Bin Mahfouz's dealings with BCCI.

11. Does Shiek Khaled Bin Mahfouz own an interest in the National Commercial Bank of Saudi Arabia. If so, describe the interest.

12. What law suits are currently pending against you in the United States.

13. What law suits have been resolved to which you were a party in the United States.

14. Have you been charged with any criminal act in the United States.

15. Have you pled guilty to any criminal act in the United States.

16. Have you been convicted of any criminal act in the United States.

17. In any lawsuit or administrative proceeding to which you are a party, are there any court or hearing dates currently pending. If so, which case and what date.

18. What assets do you own in the state of New York, including real, personal, tangible, intangible, and other.

19. What assets do you own in the United States, including real, personal, tangible, intangible, and other.

Jeff Niemeyer

The above answers are true and accurate to the best of my knowledge.