IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO
CIVIL DIVISION

Global Resource Management, Inc.
4144 Kenny Road
Columbus, Ohio 43220,

    Plaintiff,

vs.

National Commercial Bank
of Saudi Arabia
P.O. Box 3555
Jeddah
21481 King Abdulaziz Street
Kingdom of Saudi Arabia,

and

Eastbrook, Inc.
c/o Noushir Hasan
24th Floor
757 Third Avenue
New York, NY 10017

and

Sheik Kahled Bin Mahfouz
P.O. Box 3555
Jeddah
21481 King Abdulaziz Street
Kingdom of Saudi Arabia,

and

Mohammed Hussein Al Amoudi
P.O. Box 3555
Jeddah
21481 King Abdulaziz Street
Kingdom of Saudi Arabia,

Case No. 96CVH07-5570
Jury Demand Endorsed
JUDGE LISA SADLER

AMENDED COMPLAINT

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
96 NOV -5 AM 10:02
CLERK OF COURTS

Ali Bin Mussalem
P.O. Box 3555
Jeddah
21481 King Abdulaziz Street
Kingdom of Saudi Arabia,

and

John Doe,

and

Jane Doe,

    Defendants.

## AMENDED COMPLAINT

### Recital Of Fact

1. The Kingdom of Saudi Arabia desired to construct an oil underground facility for the storage and protection of oil.

2. A joint venture ("ABV Rock Group") of two Swedish ("Swedish") firms was hired to construct the project.

3. ABV Rock Group received credit from defendant, the National Commercial Bank of Saudi Arabia ("NCB"). Two off-shore businesses (defendant Eastbrook, Inc. and Ross Construction) owned by Sheik Khaled Bin Mafouz (Mahfouz) held collateral.

4. NCB is owned in its entirety by Mahfouz.

5. Mahfouz, through the off-shore companies, undertook to illegally obtain the profits from the project.

6. Mahfouz conspired with Mohammed Hussein Al Amoudi (Hussein) and others to authorize the purchase of ABV Rock Group by two Mahfouz owned entities (the off-shore companies) through fraud and other illegal activities.

7. Mahfouz conspired with Ali Bin Hussein ("Hussein") and others to arrange the purchase of ABV Rock Group by two Mahfouz owned entities (defendant Eastbrook Inc. & Ross Construction (the off-shore companies)) through illegal means.

8. When contract payments were made by the Ministry of Defense of Saudi Arabia, plaintiff, the successor in interest to Swedish, did not receive its sponsor fees nor did it receive its agent fees.

9. The moneys that should have been paid to plaintiff as successor in interest were retained by Mahfouz, and channeled into defendant, NCB. Mahfouz then used these funds to pay criminal fines levied against defendants Eastbrook, Inc., Mohammed Hussein Al Amoudi, Haroon Kahlon (a nominee for Bin Mafouz and Mohammed Hussein; and Bin Mafouz by the United States and State of New York for their roles in the Bank of Commerce and Credit International ("BCCI") scandal, and to acquire Midroc Real Estate Company and OKP Refinery Petroleum Company, both based in Sweden. (A 1991 Price Waterhouse report states that the collusion of Mahfouz and NCB "appears to have been a major factor in hiding the fraud at BCCI.") Currently, a search of the Washington, DC court records shows the following case activity:

- *BCCI Holdings (Luxembourg) v. Mahfouz*, 828 F.Supp. 92 (D.D.C., July 26, 1993) (No. CIV A 92-2763 (JHC));
- *BCCI Holdings (Luxembourg) v. Mahfouz*, 1993 WL 121457 (D.D.C. April 8, 1993) (No. CIV A 92-2763 (JHG));
- *BCCI Holdings (Luxembourg) v. Mahfouz*, 1993 WL 70451 D.D.C., March 5, 1993) (No. CIV A 92-2763 (JHG));

3

- *BCCI Holdings (Luxembourg) v. Mahfouz*, 1993 WL 62306 (D.D.C., February 24, 1993) (No. CIV A 92-2763 (JHG));

- *BCCI Holdings (Luxembourg) v. Mahfouz*, 1993 WL 4522 (D.D.C., February 12, 1993) (No. CIV A 92-2763 (JHG));

- *BCCI Holdings (Luxembourg) v. Mahfouz*, 1993 WL 23580 (D.D.C., January 21, 1993) (No. CIV A 92-2763 (JHG));

- *BCCI Holdings (Luxembourg) v. Mahfouz*, 1992 WL 38234 (D.D.C., December 10, 1992) (No. CIV A 92-2763 (JHG));

- *Board of Governors Of Federal Reserve System v. Mahfouz*, 1992 WL 183556 (S.D.N.Y., July 23, 1992) (No. 92 CIV. 5036 (MOC)).

A search is currently being made in other jurisdictions.

10. The funds to have been paid to plaintiff as successor in interest are being sought by plaintiff from the joint venture and from the defendants.

11. Swedish, among other transactions, has assigned its interest in the embezzled, stolen and misappropriated funds to plaintiff Global Resource Management, Inc.

12. This action arose out of the transaction of business by one or more of the defendants in Washington, DC, the State of Ohio and the State of New York.

13. Proceeds from the illegal transactions continue to be held in Washington, DC, the State of Ohio and/or the State of New York.

## COUNT I

14. Each of the previous paragraphs is hereby incorporated by reference.

15. NCB was part of a conspiracy to take and retain the interest in ABV Rock Group by fraudulent means including the use of accounts and facilities at NCB to either make or delay payments illegally, and other artifice or fraudulent device.

## COUNT II

16. Each of the previous paragraphs is hereby incorporated by reference.

17. Funds were channeled into NCB that Mahfouz unlawfully acquired which should have paid the sponsorship and agency fees which are now due and owing with interest to plaintiff.

## COUNT III

18. Each of the previous paragraphs is hereby incorporated by reference.

19. Entanglements with NCB prohibit the subsidiary to be transferred to its original parent company.

## COUNT IV

20. Each of the previous paragraphs is hereby incorporated by reference.

21. NCB will not release the illegally retained funds from its accounts to the proper party with the attendant interest.

## COUNT V

22. Each of the previous paragraphs is hereby incorporated by reference.

23. Mafouz will not pay the illegally retained funds to the proper party with the attendant interest.

### COUNT VI

24. Each of the previous paragraphs is hereby incorporated by reference.

25. The defendants have joined together and conspired to defraud, embezzle, illegally divert and steal money due and owing the plaintiff.

26. In the course of this conspiracy the defendants have violated various state and federal laws including those laws prohibiting mail, wire and bank fraud (18 USC Sections 1341, 1343 & 1344), money laundering (18 USC Section 1956) and they have made material false and misleading statements to federal regulatory agencies in violation of 18 USC Section 1001.

WHEREFORE, Plaintiff respectfully demands judgment against the defendant in an exact amount to be established through proceedings herein, for a transfer of ABV Rock Group to its rightful owner, for a constructive trust on the Midrock Real Estate Company and OKP Refinery Petroleum Company, for punitive damages, plus costs, reasonable attorneys fees, and such other relief as the Court deems necessary, just and proper.

Respectfully submitted,

_____
HARRY R. REINHART (0008294)
REINHART LAW OFFICE
330 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4510
614-228-7771

Counsel for the Plaintiff

### JURY DEMAND

The plaintiff requests a trial by jury in this action.

_____

s:\user\t2\global\complnt2

FILED
COMMON PLEAS COURT
96 NOV -5 AM 10:02
CLERK OF COURTS