DISTRICT OF COLUMBIA SUPERIOR COURT
CIVIL DIVISION

**JEFF NIEMEYER**
4644 Kenny Road
Columbus, Ohio 43220,

    Plaintiff,

    vs.

**National Commercial Bank of Saudi Arabia**
P.O. Box 3555
Jeddah
21481 King Abdulaziz Street
Kingdom of Saudi Arabia,

    Defendant.



CAL 11   96ECA06432
Case No. _____

Judge: _____

FILED AUG 0 8 1996
Superior Court
of the District of Columbia
Washington, D.C.

COMPLAINT

RECITALS

1. The Kingdom of Saudi Arabia desired to construct an oil underground facility for the storage and protection of oil.

2. A joint venture ("ABV Rock Group") of two Swedish ("Swedish") firms was hired to construct the project.

3. ABV Rock Group received credit from defendant, the National Commercial Bank of Saudi Arabia ("NCB"). Two off-shore businesses owned by Shiek Khaled Bin Mahfouz ("Mahfouz") held collateral.

4. NCB is owned in its entirety by Mahfouz.

5. Mahfouz, through the off-shore companies, undertook to illegally obtain the profits from the project.

6. Mahfouz conspired with Mohammed Hussein Al Amoudi ("Hussein") and others to authorize the purchase of ABV Rock Group by two Mahfouz owned entities (the off-shore companies) through illegal activities.

7. When contract payments were made by the Ministry of Defense of Saudi Arabia, plaintiff, successor to Swedish, did not receive its sponsor fees nor did it receive its agent fees.

8. The monies that should have been paid to plaintiff as successor were retained by Mahfouz, and channelled into defendant, NCB. It is believed that Mahfouz used the funds to pay criminal fines in the United States for his role in the Bank of Commerce and Credit International ("BCCI") scandal and to acquire Midrock Real Estate Company and OKP Refinery Petroleum Company, both based in Sweden. (A 1991 Price Waterhouse report states that the collusion of Mahfouz and NCB "appears to have been a major factor in hiding the fraud at BCCI.") Currently, a search of the Washington D.C. courts shows the following case activity:

   BCCI Holdings (Luxembourg) v. Mahfouz, 828 F.Supp. 92 (D.D.C., July 26, 1993) (No. CIV A 92-2763 (JHG))

   BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 121457 (D.D.C., April 8, 1993) (No. CIV A 92-2763 (JHG))

   BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 70451 (D.D.C., March 5, 1993) (No. CIV A 92-2763 (JHG))

   BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 62305 (D.D.C., February 24, 1993) (No. CIV A 92-2763 (JHG))

   BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 45221 (D.D.C., February 12, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1993 WL 23580 (D.D.C., January 21, 1993) (No. CIV A 92-2763 (JHG))

BCCI Holdings (Luxembourg) v. Mahfouz, 1992 WL 38234 (D.D.C., December 10, 1992) (No. CIV A 92-2763 (JHG))

Board of Governors of Federal Reserve System v. Mahfouz, 1992 WL 183556 (S.D.N.Y., July 23, 1992) (No. 92 CIV. 5096 (MGC))

A search is currently being made in other jurisdictions.

9. The funds to have been paid to plaintiff as successor are being sought by plaintiff from the joint venture.

10. Swedish, among other transactions, has assigned its interest in the misappropriated funds to Global Resource Management.

## COUNT I

11. Each of the previous paragraphs is hereby incorporated by reference.

12. NCB was used as a conduit in Mahfouz acquiring his interest in ABV Rock Group by fraudulent means including the use of accounts and facilities at NCB.

## COUNT II

13. Each of the previous paragraphs is hereby incorporated by reference.

14. Funds were channeled into NCB that Mahfouz unlawfully acquired which should have paid the sponsorship and agency fees.

## COUNT III

15. Each of the previous paragraphs is hereby incorporated by reference.

16. Entanglements with NCB prohibit the subsidiary to be transferred to its original parent.

## COUNT IV

17. Each of the previous paragraphs is hereby incorporated by reference.

18. NCB will not release the illegally retained funds from its accounts to the proper party with the attendant interest.

WHEREFORE, Plaintiff respectfully demands judgment against the defendant, in an amount exceeding the Court's jurisdictional limits and in an exact amount to be established through proceedings herein, for a transfer of ABV Rock Group to its rightful owner, for a constructive trust on the Midrock Real Estate Company and OKP Refinery Petroleum Company, for punitive damages, plus costs, reasonable attorneys fees, and other relief the Court deems necessary and proper.

Respectfully submitted,

_____
Jeff Niemeyer

4644 Kenny Road
Columbus, Ohio  43220
(614) 538-5442


## JURY DEMAND

The plaintiff requests a trial by jury in this action.

_____
Jeff Niemeyer