UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GLOBAL RESOURCE MANAGEMENT, INC., :
:
         Plaintiff, :
:
  v. : Civil No. 96 CV 8444 (RPP)
: Civil No. 96 CV 8446 (RPP)
NATIONAL COMMERCIAL BANK OF :
SAUDI ARABIA, :
:
         Defendant. :
:
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINTS**

Law Offices of Matthew S. Dontzin
Attorneys for Defendant
885 Third Avenue, 30th floor
New York, New York 10022
(212) 593-3014

**TABLE OF CONTENTS**

I. LACK OF PERSONAL JURISDICTION ............................... 3

II. PLAINTIFF'S FAILURE TO APPEAR THROUGH
AN ATTORNEY ............................................. 6

III. THE CLAIMS ARE CHAMPERTOUS AND IN VIOLATION
OF SECTION 489 OF THE JUDICIARY ACT ......................... 7

IV. STATUTE OF LIMITATIONS ..................................... 9

V. FORUM NON CONVENIENS ...................................... 9

VI. FAILURE TO STATE A CLAIM .................................. 11

CONCLUSION .................................................... 13

PLEAD013287

# TABLE OF AUTHORITIES

**Cases:**                                                                                                           **Page:**

*All Peoples Congress v. Metropolitan Transp. Auth.*, 147 Misc.2d 1020,
    559 N.Y.S.2d 462 (Sup. Ct. N.Y. Cty. 1990) .............................. 7
*Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996 (2d Cir.),
    *cert. denied*, 510 U.S. 945 (1993) ................................. 10, 11
*A&M Exports v. Meridien Int'l Bank*, 207 A.D.2d 741,
    616 N.Y.S.2d 621 (1st Dept. 1994) ................................... 10
*American Dental Coop., Inc. v. Attorney General of New York*, 127 A.D.2d 274,
    514 N.Y.S.2d 228 (1st Dept. 1987) .................................... 4
*American Restaurant China Manuf. Assn., Inc. v. Corning Glass Works*,
    24 Misc. 2d 634, 198 N.Y.S.2d 366 (Sup. Ct. Erie Cty. 1960) ............... 8
*Apicella v. Valley Forge Military Academy and Junior College*, 103 A.D.2d 151,
    478 N.Y.S.2d 663 (2d Dept. 1984) .................................... 4
*Aubrey Equities, Inc. v. SMZH 73rd Associates*, 212 A.D.2d 397,
    622 N.Y.S.2d 276 (1st Dept. 1995) .................................... 8
*Barclays Bank of New York, N.A. v. Heady Elec. Co.*, 87 N.Y.2d 1008,
    642 N.Y.S.2d 856, 665 N.E.2d 658 (1996) .............................. 7
*Beacon Enters., Inc. v. Menzies*, 715 F.2d 757 (2d Cir. 1983) ................... 4
*Borden, Inc. v. Meiji Milk Prods. Co.*, 919 F.2d 822 (2d Cir. 1990),
    *cert. denied*, 500 U.S. 953 (1991) ................................... 10
*Brooke Group v. JCH Syndicate 488*, 214 A.D.2d 486, 625 N.Y.S.2d 223
    (1st Dept. 1995), *appeal granted*, 86 N.Y.2d 707, 634 N.Y.S.2d 441,
    658 N.E.2d 219, *aff'd*, 87 N.Y.2d 707, 634 N.Y.S.2d 441,
    658 N.E.2d 219 (1996) ............................................. 10
*Butler v. Castro*, 896 F.2d 698 (2d Cir. 1990) ............................... 12
*De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996) .................. 12
*Egan v. Resorts Int'l, Inc.*, 169 A.D.2d 679, 565 N.Y.S.2d 58 (1st Dept. 1991) ....... 4
*Elghanayan v. Elghanayan*, 148 Misc.2d 552, 560 N.Y.S.2d 955
    (Sup. Ct. N.Y. Cty. 1990) .......................................... 13
*Global Resource Management, Inc. v. Sheikh Khalid bin Mahfouz*, No. 96CVH-0-5570
    (Franklin County, Ohio, Court of Common Pleas) ........................ 2
*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ............ 4
*Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir. 1996) ................... 5
*Islamic Republic of Iran v. Pahlavi*, 62 N.Y.2d 474, 478 N.Y.S.2d 597,
    467 N.E.2d 245 (1984), *cert. denied*, 469 U.S. 1108 (1985) ................. 10

PLEAD013288

# TABLE OF AUTHORITIES (continued)

**Cases:**                                                                 **Page:**

*Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2d Cir. 1983) .............. 6

*Laufer v. Ostrow*, 55 N.Y.2d 305, 449 N.Y.S.2d 456,
  434 N.E.2d 692 (1982) ........................................ 4

*Lee v. Community Capital Corp.*, 67 Misc.2d 699, 324 N.Y.S.2d 583
  (Sup. Ct. Nassau Cty. 1971) .................................. 8

*Mareno v. Rowe*, 910 F.2d 1043 (2d Cir. 1990),
  *cert. denied*, 498 U.S. 1028 (1991) .......................... 6

*Murray v. British Broadcasting Corp.*, 81 F.3d 287 (2d Cir. 1996) ............ 10, 11

*New World Capital Corp. v. Poole Truck Line, Inc.*, 612 F. Supp. 166
  (S.D.N.Y. 1985) .............................................. 4

*Niemeyer v. National Commercial Bank of Saudi Arabia*,
  Civ. No. 96-06432 (D.C. Super. Ct.) .......................... 2

*Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738 (1824) .............. 6-7

*Overseas Nat'l Airways, Inc. v. Cargolux Airlines Int'l, Inc.*,
  712 F.2d 11 (2d Cir. 1983) ................................... 10

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) ............................ 10

*P.T. Delami Garment Indus. v. Cassa di Risparmio di Torino*, 164 Misc.2d 38,
  623 N.Y.S.2d 476 (Sup. Ct. N.Y. Cty. 1994) ................... 10

*Refac Int'l, Ltd. v. Lotus Development Corp.*, 131 F.R.D. 56 (S.D.N.Y. 1990) ........ 8

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994) .............. 3

*Savin v. Ranier*, 898 F.2d 304 (2d Cir. 1990) ............................... 3-4

*Scottish Air International, Inc. v. British Caledonian Group, PLC*,
  81 F.3d 1224 (2d Cir. 1996) ................................. 10, 11

*Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426 (2d Cir. 1967)
  (*per curiam*) ............................................... 7

*Stoomhamer Amsterdam N.V. v. CLAL (Isr.) Ltd*, 204 A.D. 186,
  611 N.Y.S.2d 556 (1st Dept. 1994) ............................ 10

*Sussman v. Bank of Israel*, 990 F.2d 71 (2d Cir. 1993) ....................... 10

*Trafalgar Capital Corp. v. Oil Producers Equipment Corp.*, 555 F. Supp. 305
  (S.D.N.Y. 1983) ............................................. 5-6

*Ultracashmere House, Ltd. v. Nordstrom, Inc.*, 123 F.R.D. 435 (S.D.N.Y. 1988) ...... 7

*United States v. Ribadeneira*, 920 F. Supp. 553 (S.D.N.Y. 1996) ................ 13

*Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480 (1983) ................. 9

*Walton v. Arabian American Oil Co.*, 233 F.2d 541 (2d Cir. 1953) ............... 13

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ................. 6

# TABLE OF AUTHORITIES (continued)

**Cases:** **Page:**

*W.T. Grant Co. v. Payne,* 64 Misc.2d 797, 315 N.Y.S.2d 910
    (Sup. Ct. N.Y. Cty. 1970) ............................................. 7
*Zaref v. Berk & Michaels, P.C.,* 192 A.D.2d 346,
    595 N.Y.S.2d 772 (1st Dept. 1993) ................................. 12

**Statutes and Rules:**

28 U.S.C. § 1446(b) ................................................................. 1
Fed. R. Civ. P. 4(f) .................................................................. 1
Fed. R. Civ. P. 9(b) ................................................................ 12
Fed. R. Civ. P. 12(b) ................................................................ 1
New York CPLR § 213(2) ........................................................ 9
New York CPLR § 213(8) ........................................................ 9
New York CPLR § 214(4) ........................................................ 9
New York CPLR § 301 ........................................................ 3, 4
New York CPLR § 302 ...................................................... 3, 4, 6
New York CPLR § 321(a) ........................................................ 7
New York Judiciary Law § 489 ............................................ 7, 8

F:\WPDATA\KBM\GRM\DISMISS5.NY3

PLEAD013290

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GLOBAL RESOURCE MANAGEMENT, INC.,   :
:
          Plaintiff,   :
:
   v.   : Civil No. 96 CV 8444 (RPP)
: Civil No. 96 CV 8446 (RPP)
NATIONAL COMMERCIAL BANK OF   :
SAUDI ARABIA,   :
:
          Defendant.   :
:
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS THE COMPLAINTS

These related cases have been removed from the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1446(b). The National Commercial Bank of Saudi Arabia, the defendant in these cases, hereby makes a special and limited appearance in this Court, without conceding jurisdiction or waiving any other objection, for the purpose of respectfully moving this Court to dismiss the plaintiff's complaints with prejudice, pursuant to Fed. R. Civ. P. 12(b).[1]

Plaintiff, Global Resource Management, Inc. ("Global"), is an Ohio corporation that was incorporated only a few months ago, evidently for the sole purpose of bringing this litigation. Together with its bookkeeper, Jeffrey F. Niemeyer, Global has

---

[1] In particular, defendant does not waive its objection to plaintiff's failure to comply with Fed. R. Civ. P. 4(f). Plaintiff has never served defendant.

orchestrated in the past several months the filing, or attempted filing, of six separate virtually identical complaints against the defendant in three different jurisdictions, all based on the same essential allegations. In New York state court, plaintiff filed two duplicative complaints, both of which have been removed to this Court. In addition to the two New York complaints, plaintiff filed a third complaint in Franklin County, Ohio, where it filed an amended complaint on November 5, 1996.[2] In Washington, D.C., the plaintiff attempted to file two additional complaints.[3] One was stamped but apparently never properly filed, and the other was dismissed by operation of law on October 7, 1996, for failure of the plaintiff to file proof of service in timely fashion. The Superior Court of the District of Columbia so noted the dismissal at a hearing on November 15, 1996, the plaintiff having elected not even to appear to contest its dismissal. None of the complaints has been served on defendant.

The complaints in this Court were filed on behalf of the plaintiff corporation by a person who is not even an attorney, much less admitted to practice in the State of New York or before this Court. The complaints — substantial portions of which are frankly incoherent — apparently concern supposed business transactions in Saudi Arabia

---

[2] *Global Resource Management v. Sheikh Khalid bin Mahfouz,* No. 96CVH-07-5570 (Franklin County, Ohio, Court of Common Pleas) (filed July 26, 1996 and amended Nov. 5, 1996).

[3] *Global Resource Management v. National Commercial Bank* (D.C. Super. Ct.) (dated Aug. 8, 1996 but apparently never filed); *Jeffrey Niemeyer v. National Commercial Bank,* Civ. No. 96-06432 (D.C. Super. Ct.) (filed Aug. 8, 1996).

2

involving defendant — a Saudi Arabian bank — and two unidentified Swedish companies which formed a joint venture known as "ABV Rock Group." Plaintiff claims — without providing a single fact in support — that it has acquired an "assign[ment]" (Complaint ¶ 11) from one or both of the unidentified Swedish companies which entitles it to bring suit. Yet it is not even alleged that defendant had any contact with Global and no identifying information concerning plaintiff Global is offered. Neither this case nor this defendant has the requisite connection to New York. Moreover, even if personal jurisdiction could be found — and it cannot be — the complaints are frivolous. They fail to state a cause of action, even if the confused and contradictory allegations in them are accepted as true for the purpose of argument.

These lawsuits represent an abuse of the judicial process and the complaints should be dismissed in their entirety with prejudice, for any of several independent reasons.

## I.  LACK OF PERSONAL JURISDICTION

The complaints must be dismissed for the reason that plaintiff has failed to fulfill its burden (*see, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507, 510-11 (2d Cir. 1994)) of demonstrating that this Court possesses personal jurisdiction over the defendant. In a diversity action, a plaintiff must show both that the defendant is amenable to jurisdiction under New York's long-arm statute (CPLR § 301, 302) and also that the court's assertion of jurisdiction comports with the requirements of due process. *E.g.,*

3

*Savin v. Ranier*, 898 F.2d 304, 306 (2d Cir. 1990). The facts of this case fail to establish either standard, much less both.

In New York, personal jurisdiction may be obtained over a foreign corporation: (i) through CPLR § 301 if the corporation engages in such a "continuous and systematic course of doing business here" (*Laufer v. Ostrow*, 55 N.Y.2d 305, 308, 449 N.Y.S.2d 456, 458, 434 N.E.2d 692, 695 (1982)) that it may be deemed to be "doing business" in the State, or (ii) pursuant to CPLR § 302, if the corporation commits certain enumerated acts in New York which give rise to the plaintiff's cause of action. Neither statutory provision is satisfied in the case at bar.

Defendant NCB has no branch in New York. It has no corporate employees in New York. It engages in no continuous, substantial, and regular sales, shipments, or other business transactions in New York. Plaintiff does not contend otherwise. NCB is plainly not "doing business" in New York either for purposes of CPLR § 301,[4] or for purposes of the constitutional requirements of due process. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 410-11 (1984).

---

[4] *See, e.g., Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 763 (2d Cir. 1983) (mail order sales insufficient to confer jurisdiction under § 301); *New World Capital Corp. v. Poole Truck Line, Inc.*, 612 F. Supp. 166, 171-72 (S.D.N.Y. 1985) (large volume of freight deliveries in New York inadequate); *American Dental Coop., Inc. v. Attorney General of New York*, 127 A.D.2d 274, 280, 514 N.Y.S.2d 228, 233 (1st Dept. 1987) ("doing business" means "not occasionally or casually, but with a fair measure of permanence or continuity"); *Egan v. Resorts Int'l, Inc.*, 169 A.D.2d 679, 565 N.Y.S.2d 58, 59 (1st Dept. 1991) (telephone listing inadequate); *Apicella v. Valley Forge Military Academy and Junior College*, 103 A.D.2d 151, 153-54, 478 N.Y.S.2d 663, 665 (2d Dept. 1984) (visits to New York insufficient).

4

Plaintiff asserts, in an evident attempt to satisfy CPLR § 302(a)(1), that "[t]his action arose out of the transaction of business" in New York. Complaint in No. 96-604540, ¶ 14; Complaint in No. 96-604644, ¶ 12. But this assertion is the sort of unadorned legal conclusion that need not be credited for purposes of a motion to dismiss. See, e.g., Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1996). Plaintiff's bald assertion of a New York nexus is contradicted by the remainder of the complaint, which shows unmistakably that the alleged action arose, if at all, solely out of the transaction of business overseas. There is no allegation — nor could there be — that the defendant and the Swedish companies negotiated or signed a contract in New York or performed any contract or portion thereof in New York.

Plaintiff also asserts that "[p]roceeds of the transactions illegally obtained continue to be held in the State of New York." Complaint in No. 96-604540, ¶ 15; Complaint in No. 96-604644, ¶ 13. Yet NCB has no branch in New York. It certainly holds none of the alleged "proceeds" here.

In any event, an unnamed third party supposedly holding in New York the proceeds of the Saudi Arabian transactions could not provide a jurisdictional basis for plaintiff's suit. The possible presence of the funds in New York — which defendant categorically denies — would be nothing more than a "remote or consequential" byproduct of the alleged wrongdoing and is "not sufficient to satisfy jurisdictional requirements." Trafalgar Capital Corp. v. Oil Producers Equipment Corp., 555 F. Supp.

PLEAD013295

305, 312 (S.D.N.Y. 1983); *see also Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990), *cert. denied*, 498 U.S. 1028 (1991). Plaintiff's cause of action does not arise out of the funds' alleged presence in New York, as required by CPLR § 302(a). Rather, plaintiff's cause of action arises, if at all, from supposed events that took place *nine years ago* in Saudi Arabia. The possible existence of the alleged funds in New York does not constitute "injury to person or property within the state," as required by CPLR § 302(a)(3). Even if it did, the actions of third parties in holding funds in New York would not qualify as a purposeful act *by the defendant* directed at New York, as required by both § 302 and due process. *E.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Accordingly, the complaints must be dismissed for lack of personal jurisdiction over the defendant.

## II. PLAINTIFF'S FAILURE TO APPEAR THROUGH AN ATTORNEY

Plaintiff's action must be dismissed because it has not been filed by an attorney, much less a member of the bar of New York or of this Court. The complaints purport to be filed on behalf of plaintiff Global Resource Management, Inc., by "Jeff Niemeyer," who is apparently the company's bookkeeper.

Yet "[t]he rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *see also Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 830

6

PLEAD013296

(1824) ("[a] corporation . . . can appear only by attorney"); *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (*per curiam*) (entering default judgment against corporation that did not appear through counsel); *Ultracashmere House, Ltd. v. Nordstrom, Inc.*, 123 F.R.D. 435, 436 (S.D.N.Y. 1988) (dismissing action for corporation's failure to appear through counsel). The New York rule is the same. *See* CPLR § 321(a) ("a corporation or voluntary association shall appear through an attorney," except in certain situations not relevant here). Where a complaint is filed by a corporation in violation of this requirement, "[t]he court therefore obtain[s] no jurisdiction over plaintiff or of its alleged cause of action." *W.T. Grant Co. v. Payne*, 64 Misc.2d 797, 798, 315 N.Y.S.2d 910, 912 (Sup.Ct. N.Y. Cty. 1970); *see also Barclays Bank of New York, N.A. v. Heady Elec. Co.*, 87 N.Y.2d 1008, 642 N.Y.S.2d 856; *All Peoples Congress v. Metropolitan Transp. Auth.*, 147 Misc.2d 1020, 1026, 559 N.Y.S.2d 462, 466 (Sup.Ct. N.Y. Cty. 1990). Accordingly, the complaints must be dismissed.

## III. THE CLAIMS ARE CHAMPERTOUS AND IN VIOLATION OF SECTION 489 OF THE JUDICIARY ACT

Plaintiff lacks the capacity to bring suit for an entirely separate reason: it has violated New York Judiciary Law § 489 (the "Champerty Statute"), which provides, in relevant part, that:

> no . . . corporation or association directly or indirectly, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other

7

> thing in action, or any claim or demand, with the intent and purpose of bringing an action thereon.

A plaintiff who acquires a claim in violation of this provision may not recover on the claim — indeed, assignments made in violation of this provision are not only void as against public policy, but actually constitute a crime under New York law. *Refac Int'l, Ltd. v. Lotus Development Corp.*, 131 F.R.D. 56, 58 (S.D.N.Y. 1990); *Lee v. Community Capital Corp.*, 67 Misc.2d 699, 701, 324 N.Y.S.2d 583, 585 (Sup. Ct. Nassau Cty. 1971).

A court may find an assignment to be champertous on a motion to dismiss. *See Refac Int'l*, 131 F.R.D. at 58; *American Restaurant China Manuf. Assn., Inc. v. Corning Glass Works*, 24 Misc. 2d 634, 638, 198 N.Y.S.2d 366, 370-71 (Sup. Ct. Erie Cty. 1960). The test is whether commencement of the suit was the primary purpose of the assignment. *E.g., Aubrey Equities, Inc. v. SMZH 73rd Associates*, 212 A.D.2d 397, 622 N.Y.S.2d 276, 278 (1st Dept. 1995) — a clear violation of the Champerty Statute. Here, it is plain that commencing suit was the *sole* purpose of the assignment. Global was incorporated only very recently, on May 20, 1996. There is no indication that the supposed assignment had any purpose other than enabling this litigation to be brought. In fact, Global's agents have *admitted* to counsel for defendant that Global was created for the sole purpose of accepting the assignment of these purported claims and bringing these lawsuits. Accordingly, plaintiff has acted in violation of Section 489 of the New York Judiciary Law, and the resulting complaints should be dismissed.

8

PLEAD013298

## IV. STATUTE OF LIMITATIONS

In New York, a contract action — if that is what plaintiff is attempting to assert — must be commenced within six years of the alleged breach. CPLR § 213(2). Similarly, an action "based upon fraud" is governed by a six-year statute of limitation. CPLR § 213(8). An action to recover damages for an injury to property must be brought within three years. CPLR § 214(4).

The current complaints are time-barred. According to plaintiff, the alleged payments withheld by NCB from the Swedish companies (plaintiff's supposed predecessors in interest) date back to "August and November 1987." Complaint in No. 96-604540, ¶ 7. Plaintiff also targets certain payments made by NCB "in the latter part of 1988." Complaint in No. 96-604644, ¶ 7.

These purported events are alleged to have occurred eight and nine years ago. Although, as previously noted, the complaint is so poorly constructed and pleaded that it is not possible to determine any particular discrete causes of action, the time for bringing suit has passed under any possible theory of recovery. The complaints should be dismissed.

## V. FORUM NON CONVENIENS

The forum non conveniens doctrine reflects the principle that United States District Courts are not "international courts of claims." *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 490 (1983). Under this doctrine, a district court may dismiss a

9

case "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative legal problems.'" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). "The discretionary power to dismiss under this doctrine exists even when the district court has jurisdiction and venue has properly been laid before it." *Scottish Air International, Inc. v. British Caledonian Group, PLC*, 81 F.3d 1224, 1232 (2d Cir. 1996). This doctrine has often been invoked to dismiss claims against foreign defendants based on events occurring elsewhere.[5]

The factors to be considered include:

> the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. . . . Public interest factors include administrative difficulties stemming from court congestion, the undesirability of imposing jury duty upon the people of a community which

---

[5] *See, e.g., Scottish Air International*, 81 F.3d at 1232-34; *Murray v. British Broadcasting Corp.*, 81 F.3d 287, 292-94 (2d Cir. 1996); *Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 1001 (2d Cir.), *cert. denied*, 510 U.S. 945 (1993); *Sussman v. Bank of Israel*, 990 F.2d 71, 72 (2d Cir. 1993); *Borden, Inc. v. Meiji Milk Prods. Co.*, 919 F.2d 822, 827 (2d Cir. 1990), *cert. denied*, 500 U.S. 953 (1991); *Overseas Nat'l Airways, Inc. v. Cargolux Airlines Int'l, Inc.*, 712 F.2d 11, 14 (2d Cir. 1983); *see also Islamic Republic of Iran v. Pahlavi*, 62 N.Y.2d 474, 481, 478 N.Y.S.2d 597, 601, 467 N.E.2d 245, 249 (1984), *cert. denied*, 469 U.S. 1108 (1985); *Brooke Group v. JCH Syndicate 488*, 214 A.D.2d 486, 625 N.Y.S.2d 223, 224 (1st Dept. 1995), *appeal granted*, 86 N.Y.2d 707, 634 N.Y.S.2d 441, 658 N.E.2d 219, *aff'd*, 87 N.Y.2d 707, 634 N.Y.S.2d 441, 658 N.E.2d 219 (1996); *A&M Exports v. Meridien Int'l Bank*, 207 A.D.2d 741, 741-42, 616 N.Y.S.2d 621, 622 (1st Dept. 1994); *Stoomhamer Amsterdam N.V. v. CLAL (Isr.) Ltd*, 204 A.D. 186, 611 N.Y.S.2d 556, 557 (1st Dept. 1994); *P.T. Delami Garment Indus. v. Cassa di Risparmio di Torino*, 164 Misc.2d 38, 40, 623 N.Y.S.2d 476, 477 (Sup. Ct. N.Y. Cty. 1994).

PLEAD013300

has no relation to the litigation; the local interest in having localized
controversies decided at home; and the appropriateness of holding the trial
in a forum that is at home with the applicable law, rather than having a
court . . . untangle problems in conflict of laws, and in law foreign to itself.

*Id.* (internal quotations omitted).

Here, all of these factors militate toward dismissal. The alleged transactions that form the basis of this suit occurred in Saudi Arabia and perhaps Sweden involving Saudi Arabian citizens, a Saudi Arabian bank, and Swedish companies. All relevant witnesses and documents are located overseas. *See, e.g., Murray v. BBC*, 81 F.3d at 295; *Allstate Life Ins. Co.*, 994 F.2d at 1001. The law that would govern this action is foreign. *See, e.g., Scottish Air International*, 81 F.3d at 1234. In fact, the only connection between this dispute and the United States (let alone New York) is the wholly coincidental fact that the plaintiff corporation was incorporated earlier this year in Ohio and was purportedly "assigned" a cause of action allegedly held by the Swedish companies. Yet no one before this Court — including the plaintiff — is even a New York resident.

This action should be dismissed.

## VI. FAILURE TO STATE A CLAIM

The full record would show that plaintiff's charges are pure fabrications, concocted for the purpose of extorting a settlement from defendant. We recognize, however, that for present purposes the factual allegations within the complaint must be accepted as true. Nonetheless, the complaints should be dismissed as a matter of law.

11

PLEAD013301

Plaintiff's complaints fail to allege the elements of any cause of action. In fact, very few of the allegations bear any relationship to Global's apparent claim that NCB received funds supposedly owed to the unnamed Swedish entities. None of the eight separate "counts" states a cause of action. Indeed, only two of the "counts" -- Counts IV and VIII (which are virtually identical) -- even arguably appear to apply to Global.

The claim is denominated a "breach of contract," but no contract between the plaintiff and defendant (much less a breach) is alleged. The elements of fraud (*see, e.g., Zaref v. Berk & Michaels, P.C.*, 192 A.D.2d 346, 348-49, 595 N.Y.S.2d 772, 774-75 (1st Dept. 1993)) are not pleaded at all, much less with the requisite particularity. Fed. R. Civ. P. 9(b). The complaints allege tersely that the defendant's activities were "illegal" (Complaint in No. 96-604644, ¶¶ 5, 6; Complaint in No. 96-604540, ¶¶ 5, 6, 8), but such conclusory allegations cannot create cognizable claims. *E.g., De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (Citation and internal quotation omitted); *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990) ("A conclusory allegation . . . without evidentiary support or allegations of particularized incidents, does not state a valid claim.").

Because all of the relevant parties and transactions were located abroad in this case, it is certain that foreign law applies to this action. Yet plaintiff has failed even to *identify* the foreign law it believes is applicable, let alone to plead the substance of the

12

PLEAD013302

foreign law upon which it relies. The complaint should be dismissed for this reason alone. *E.g., Walton v. Arabian American Oil Co.*, 233 F.2d 541, 546 (2d Cir. 1953); *Elghanayan v. Elghanayan*, 148 Misc.2d 552, 555, 560 N.Y.S.2d 955 (Sup. Ct. N.Y. Cty. 1990) ("neither the court nor defendants can be expected to determine if plaintiff has framed a proper complaint, providing the material elements of causes of action under Iranian law").[6]

## CONCLUSION

Plaintiff's complaints should be dismissed, in their entirety, with prejudice.

Dated:     New York, New York
           November 27, 1996

                    Respectfully submitted,

                    LAW OFFICES OF MATTHEW S. DONTZIN

           By:      _____
                    Matthew S. Dontzin (MD-9377)
                    Attorneys for Defendant
                    885 Third Avenue 30th floor
                    New York, New York 10022
                    (212) 593-3014

---

[6] In addition, plaintiff's requests for equitable relief — a return of ABV Rock to its "rightful owner" and the creation of a constructive trust — are wholly improper. Damages would be an adequate remedy for any injury that plaintiff has suffered. *See, e.g., United States v. Ribadeneira*, 920 F. Supp. 553, 556 (S.D.N.Y. 1996) ("It is hornbook law that before a court may impose equitable relief, it must find there to be no adequate legal remedy available."). Plaintiff has alleged nothing that would warrant the sort of exceptional relief it purports to seek: an extraterritorial injunction interfering with international commerce in Saudi Arabia, and intruding upon the interests of third parties who are not before this Court.

PLEAD013303

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GLOBAL RESOURCE MANAGEMENT, INC.      :
                                      :   Civil No. 96 CV 8444 (RPP)
                  Plaintiff,          :   Civil No. 96 CV 8446 (RPP)
                                      :
     -against-                        :   **AFFIDAVIT OF**
                                      :   **SERVICE BY MAIL**
NATIONAL COMMERCIAL BANK OF           :
SAUDI ARABIA,                         :
                                      :
                  Defendant.          :
-----------------------------------------------------------------X

The undersigned, being duly sworn, deposes and says:

1. Deponent is not a party to this action, is over 18 years of age, and resides in Queens, New York.

2. On November 27, 1996, I served upon Global Resource Management, the Plaintiff herein, a true copy of the annexed Notice of Motion, Affidavit of Matthew S. Dontzin, Esq., and Memorandum of Law in Support of Defendant National Commercial Bank's Motion to Dismiss the Complaint by depositing them in a postpaid properly addressed wrapper, in an official depository, under the exclusive custody of the United

1

States Postal Service within the State of New York, addressed to Global Resource Management, Inc., c/o Jeffrey Niemeyer, 4644 Kenny Road, Columbus, Ohio 43220.

_____
JULIE FIORELLA

Sworn to before me this
27th day of November, 1996

_____
Notary Public

F:\WPDATA\KB\GRMPVSDNY3.AFF

MATTHEW S. DONTZIN
Notary Public, State of New York
No. 31-4968945
Qualified in New York County
Commission Expires July 2, 19__

2

PLEAD013305