ENTERED ON ACMS

ALEXANDER & BARTLETT, LLP
Robert L. Alexander, Esq.
50 Beaver Avenue
Annandale, New Jersey 08801
(Mailing address: PO Box 5449
Clinton, New Jersey 08809)
(908) 735-2626
Attorneys for the Plaintiff

REC'D. & FILED
SUPERIOR COURT
OF NEW JERSEY
JAN 21 1999

SUPERIOR COURT OF N.J.
PAID
JAN 21 1999
GENERAL EQUITY UNIT

E

F

---

THE NATIONAL COMMERCIAL BANK,

    Plaintiff,

vs.

JOHN J. HANLY and
EILEEN M. HANLY, husband and wife,
and BENEFICIAL NEW JERSEY, INC.
D/B/A BENEFICIAL MORTGAGE CO.,

    Defendants.

: SUPERIOR COURT OF NEW JERSEY
: CHANCERY DIVISION
: HUNTERDON COUNTY
: HNT
: Docket Number: F-1137-99
: CIVIL ACTION
:
:
:
: **COMPLAINT IN FORECLOSURE**
: 087

---

Plaintiff, The National Commercial Bank, organized under the laws of the Kingdom of Saudi Arabia, having its principal office at Post Office Box 3555, King Abdul Aziz Street, Jeddah, Saudi Arabia, says:

<u>FIRST COUNT</u>

1. Defendants, John J. Hanly and Eileen M. Hanly reside at 73 Bissell Road, Tewksbury Township, Hunterdon County (for mailing: 73 Bissell Road, Lebanon, New Jersey, 08833).

2. On or about March 26, 1991, John J. Hanly and Eileen M. Hanly, (the "Borrower" or "Defendants Hanly" herein) executed and delivered to plaintiff a

Promissory Note ("the Note") of that date in the original face amount of $160,000 bearing interest at the rate of nine percent (9%) per annum.

3. To secure the repayment of the Note, Defendants Hanly signed and delivered to Plaintiff a first mortgage of even date and even amount with the Note and thereby granted to Plaintiff a mortgage covering the land hereinafter described, which mortgage, having first been duly endorsed thereon, was recorded on April 5, 1991 in the Hunterdon County, New Jersey, Clerk's Office in Mortgage Book 941 at Page 188 (the "Mortgage").

4. A First Amendment to the Note and the "Mortgage" was signed by Defendants Hanly on August 24, 1992, amending the interest rate and terms of repayment and was recorded in the Hunterdon County, New Jersey, Clerk's Office in Mortgage Book 1029 at Page 597 on May 6, 1993 (referred to herein as the "First Amendment to Mortgage").

5. The mortgaged premises are described on Schedule A annexed hereto (the "Premises" or "Mortgaged Premises").

6. The said Note and Mortgage and First Amendment to Note and Mortgage (collectively "The Note and Mortgage") contain a default clause that failure to pay the full amount of each monthly payment on time constitutes an event of default thereunder. The Note and Mortgage also provide that after providing the Borrower with the prescribed notice of default, which notice was given, and the Borrower's failure to cure such default, Plaintiff may elect to accelerate the unpaid balance of the principal

PLEAD014234

sum of indebtedness, together with the interest thereon due under the Note and the Mortgage and to declare such amounts to be immediately due and payable.

7. The Mortgage contained an agreement that the Defendants Hanly were to "pay all fire and other hazard insurance premiums, real estate taxes, municipal water charges, sewer rents and special assessments on the property" against the premises described in the mortgage before the same or any part thereof should become delinquent, and should payment of such taxes or charges or any part thereof remain in default, the Plaintiff may pay them and Defendants Hanly "will repay you" (Plaintiff) "at the maximum legal rate" and if said Defendants Hanly failed to pay Plaintiff, the whole principal amount of indebtedness, together with interest thereon, should at the option of the mortgagee become immediately due and payable.

8. The Borrower defaulted in making the monthly installments due under the Note and Mortgage on August 15, 1993, and the 15th day of each month thereafter.

9. The Plaintiff, or Plaintiff's attorney, on October 14, 1998, served a Notice of Intention to Foreclose on the Defendants Hanly, by certified mail, as required by NJSA 2A:50-56. Said Defendants Hanly failed to cure the default before or after the date of that notice.

10. During the course of this action, Plaintiff has advanced and/or paid property tax for the premises in the amount of $15,092.57 on October 22, 1998, and has been or will be obliged to make additional advances for the payment of taxes, other municipal liens, governmental charges, insurance premiums and other necessary expenses to

PLEAD014235

preserve the security, and such sums advanced under the terms of the Note and Mortgage together with interest thereon will be added to the amount due.

11. The Defendants Hanly are presently in possession of the Premises.

12. On July 23, 1986, Defendants John J. Hanly and Eileen M. Hanly, husband and wife, signed a mortgage on the premises described in paragraph 5 herein to Beneficial Mortgage Co. (Beneficial New Jersey, Inc. d/b/a Beneficial Mortgage Co.) in the amount of $50,000; said mortgage was recorded on July 29, 1986, in the office of the Clerk of Hunterdon County, New Jersey in Mortgage Book 765 at Page 0066; said mortgage was postponed to Plaintiff's Mortgage described in paragraph 3 by postponement filed in the office of the Clerk of Hunterdon County, New Jersey on November 6, 1991, in Book 959 at Page 312.

13. On August 1, 1996, Defendants, John J. Hanly and Eileen M. Hanly, his wife, signed a mortgage on the premises described in paragraph 5 herein to Beneficial New Jersey, Inc. d/b/a Beneficial Mortgage Co., in the amount of $75,000; said mortgage was recorded on August 6, 1996, in the Office of the Clerk of Hunterdon County, New Jersey in Mortgage Book 1181 at Page 99.

14. Any interest or lien which any of the Defendants have or claim to have, in or upon the Premises, is subject and subordinate to the lien of Plaintiff's Mortgage.

WHEREFORE, Plaintiff demands judgment:

a. Fixing the amount due on the Note and Mortgage,

b. Barring and foreclosing the Defendants and each of them of all equity of redemption in and to the Premises:

PLEAD014236

c. Directing that Plaintiff be paid the amount due on the Note and the Mortgage, together with interest at the rates set forth in the Note to the date of payment, late fees and costs of suit, including attorneys' fees;

d. Adjudging that the Premises be sold according to law to satisfy the amount due Plaintiff;

e. Directing that a Receiver of the rents, issues and profits of the Premises be appointed; and

f. Such other relief as the Court may deem just and equitable.

## SECOND COUNT

1. Plaintiff repeats the allegations of the First Count as though recited at length herein.

2. Plaintiff is entitled to possession of the Premises with appurtenances situated in the Township of Tewksbury, Hunterdon County, New Jersey, and commonly known as 73 Bissell Road (formerly 51A Bissell Road), Lebanon, New Jersey 08833, which Premises are more particularly described on Schedule A annexed hereto.

3. Plaintiff's right to possession accrued on August 15, 1993.

4. The Defendants Hanly are presently in possession of the Premises, and have at all times deprived Plaintiff of possession of the Premises.

Wherefore, Plaintiff demands judgment against the Defendants Hanly on behalf of itself and/or the purchaser at the foreclosure sale for:

a. Possession of the premises;

b. Damages for mesne profits;

PLEAD014237

c. Costs of suit including Attorney' fees; and

d. Such other relief as the Court may deem just and equitable.

        Alexander & Bartlett, LLP

        Attorneys for Plaintiff

Dated: 1/19, 1999    By _____
                                         Robert L. Alexander

PLEAD014238

## **RULE 4:5-1 CERTIFICATION**

I hereby certify that there are no other actions or arbitration proceedings pending or anticipated with regard to the subject matter of this litigation, except that a deficiency action may follow, and that there are no other parties interested in the subject matter of this litigation except those who are parties, except that a deficiency action may be filed against any one or all of the defendants for any deficiency or balance of the debt remaining after the foreclosure sale.

Robert L. Alexander

PLEAD014239

## SCHEDULE A

BOOK 09.11 PAGE 0195

## Township of Tewksbury, County of Hunterdon, State of New Jersey

BEGINNING at an iron spike located in or near the middle of Bissell Road, a public macadam road, said spike also marking the most easterly corner of lands belonging to Albert P. Dusey, said spike also marking the termination of the forty-fifth (45th) course in a description of a 161.193 acre tract of land (from which this lot is being cut) previously conveyed by Otto E. Schmid et als to Foerstner Jewelry, Inc., by deed dated April 12, 1966, recorded at the Hunterdon County Clerk's Office in Book 694 of Deeds on Page 510, and running from said beginning point

1) Along said lands of Dusey, being also along the line of the said 45th course (reversed) and by a line which at 50.00 feet passes through a concrete monument on line South 62 degrees 18 minutes West 554.24 feet to an iron pipe marking the most southerly corner of said Dusey's land, corner also to Lot 7-G of the below mentioned major subdivision plat; thence

2) South 30 degrees 28 minutes East 208.08 feet to a corner; thence

3) By a line which at 581.95 feet passes through a concrete monument set on line North 66 degrees 47 minutes 15 seconds East 621.95 feet to a corner in the traveled way of Bissell Road; thence

4) By a line in Bissell Road North 19 degrees 15 minutes West 35.00 feet to a corner at the intersection of Bissell Road and Still Hollow Road; thence

5) By a line in Bissell Road North 47 degrees 45 minutes West 236.20 feet to the place of BEGINNING.

Being further described in accordance with a survey made by Ombalski Consulting Engineers, Inc. dated February 22, 1991:

BEGINNING at an iron spike located in or near the middle of Bissell Road, a public macadam road, said spike also marking the most easterly corner of lands belonging to Albert P. Dusey, now Tibor and Elizabeth Sipos, tax map Lot 8, said spike also marking the termination of the forty-fifth (45th) course in a description of a 161.193 acre tract of land (from which this lot was cut) previously conveyed by Otto E. Schmid et als to Foerstner Jewelry, Inc., by deed dated April 12, 1966, recorded at the Hunterdon County Clerk's Office in Book 694 of Deeds on Page 510, and from said beginning point running thence

(continued)

MINNESOTA TITLE

BOOK 0911 PAGE 0196          **SCHEDULE A**

(continued)

1) Along lands of said Sipos, being also along the line of said 45th course (reversed) passing over a concrete monument found at 50.00 feet from the beginning of this course, South 62 degrees 18 minutes 00 seconds West, a distance of 554.24 feet to a point marking the most southerly corner of said Sipos' land, corner also to tax map lot 7.17 now or formerly Bissell Associates, thence

2) Along the easterly line of Bissell Associates, and a portion of the easterly line of tax map lot 7.18, other lands of now formerly Bissell Associates, South 30 degrees 28 minutes 00 seconds East, a distance of 208.08 feet to a corner to tax map lot 7.26, other lands of now or formerly Bissell Associates, thence

3) Along the northerly line of Bissell Associates, North 66 degrees 47 minutes 15 seconds East, a distance of 621.95 feet to a corner in the traveled way of Bissell Road, passing over a concrete monument 40.00 feet from the termination of this course, thence

4) Along Bissell Road, North 19 degrees 15 minutes 00 seconds West, a distance of 35.00 feet to a corner at the intersection of Bissell Road and Still Hollow Road, thence

5) Still along Bissell Road, North 47 degrees 45 minutes 00 seconds West, a distance of 236.20 feet to the point and place of BEGINNING.

BEING known and designated as Lot 7-F as shown on a certain map entitled "Major Subdivision of a portion of lands belonging to Foerstner Jewelry, Inc., 1012 S. Springfield Ave., Mountainside, N.J. in Tewksbury Township, Hunterdon County, N.J." which map was filed in the Hunterdon County Clerk's Office on October 26, 1966 as Map No. 262.

BEING also known and designated as Lot 7.9 in Block 33 on the Official Tax Map of the Township of Tewksbury.


MINNESOTA
TITLE
TIM 3515

PLEAD014241