PROMISSORY NOTE
(Fixed Rate)

BOOK 0911 PAGE 0137

This PROMISSORY NOTE is made, executed and delivered in the City, County and State of New York on March 26, 1991 by JOHN J. HANLY and EILEEN M. HANLY each residing at 51A Bissel Road, Lebanon, New Jersey 08833:

DESCRIPTION OF PROPERTY
51A Bissel Road
Lebanon, New Jersey

As used in this Promissory Note, the words "I", "me", and "mine" mean JOHN J. HANLY and EILEEN M. HANLY, (each a "Borrower" and together the "Borrowers"). The words "you", "your" and "yours" means The National Commercial Bank (New York Branch), or any other party to whom this Promissory Note may be transferred.

BORROWERS' PROMISE TO PAY:

hereby acknowledge receipt of a loan in the amount of ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00), (herein the "Loan"), from The National Commercial Bank (New York Branch), of 245 Park Avenue, New York, New York. I promise to repay the Loan in 360 consecutive monthly installments of ONE THOUSAND SIX HUNDRED TEN and 10/100 DOLLARS ($1,610.10), each inclusive of principal and interest, (the total amount that I owe is called "Principal"). The Lender is The National Commercial Bank (New York Branch), 245 Park Avenue, New York, N.Y. I understand that the Lender may transfer this Promissory Note. The Lender or anyone who takes this Promissory Note by transfer and who is entitled to receive payments under this Promissory Note is called the "Note Holder"; (this Promissory Note, is hereinafter called the "Mortgage Note").

INTEREST:

(A) Interest Owed

Interest will be charged on that part of Principal which has not been paid, beginning on the date I receive the Principal and continuing until the full amount of Principal has been paid.

Beginning on the date I receive the Principal, I will owe interest at the fixed rate of NINE percent (9%) per year.

B) Interest After Default

The interest rate required by this Section 2 and section 5 below is the rate I will pay both before and after any default described in Section 5(B) below.

-1-

BOOK 0911 PAGE 0198

(C) Interest After Default or Termination of Employment

The interest rate required by this Section 2 will be adjusted in the event that I shall not be employed by the Lender, as is more fully set forth in Section 6.

### 3. TIME AND PLACE OF PAYMENTS:

I PROMISE to pay Principal and interest by making 360 consecutive monthly payments, each in the amount of ONE THOUSAND SIX HUNDRED TEN and 10/100 DOLLARS ($1,610.10) on the 15th day of every month beginning on MAY 15, 1991. I will make these payments monthly until I have paid all the Principal and interest and any other charges described below that I may owe under this Mortgage Note. If, on APRIL 15, 2021 I still owe amounts under this Mortgage Note I will pay those amounts in full on that date, which is called the "Maturity Date".

My payments will be applied to interest before Principal.

I will make my monthly payments payable to the order of The National Commercial Bank (New York Branch), at 245 Park Avenue, New York, N.Y. or at a different place if required by the Note Holder.

### 4. BORROWER'S RIGHT TO PREPAY:

I have the right to make a full prepayment or partial prepayments of Principal at any time before they are due provided however that any partial prepayment shall be made on the 15th day of the month. A payment of Principal only is known as a "Prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full Prepayment or a partial Prepayment without paying any penalty. The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Mortgage Note. If I make a partial Prepayment, there will be no delays in the due dates of my monthly payments unless the Note Holder agrees in writing to those delays. Any partial Prepayment that I may make will reduce the amount of my monthly payments commencing on the 15th day of the month following the day that I made the partial prepayment.

### 5. BORROWER'S FAILURE TO PAY AS REQUIRED:

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of ten (10) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be calculated at the rate of Two Percent (2%) per year of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on any late payment.

-2-

(B) Default

If I do not pay the full amount of each monthly payment on time, I will be in default.

BOOK 0911 PAGE 0100

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least thirty (30) days after the date on which the notice is mailed to me or if it is not mailed, thirty (30) days after the date on which it is delivered to me.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses in enforcing this Mortgage Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

(E) No Waiver by Note Holder

Even if at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above in section 5(C), the Note Holder will still have the right to do so if I am in default at a later time.

6. TERMINATION OF EMPLOYMENT:

I, understand that the Loan evidenced by this Mortgage Note is made by THE NATIONAL COMMERCIAL BANK (NEW YORK BRANCH), as an JOHN J. HANLY benefit by the Lender to JOHN J. HANLY and I further acknowledge that the interest charged by the Lender is below the current market rate for similar loans in effect today. In the event that the employment of JOHN J. HANLY with the Lender shall terminate for any reason including but not limited to resignation, retirement, disability, discharge or death I AGREE that the unpaid Principal balance of the Loan together with accrued interest shall be due and payable to the Note Holder on the day six (6) months from the date of such termination of employment. Interest on the unpaid Principal amount of the Loan will be adjusted as of the date of such termination to a rate which will not exceed the applicable legal rate of interest.

7. GIVING OF NOTICES:

Unless applicable law requires a different method of giving notice, any notice that must be given to me under this Mortgage Note will be given by delivering it or by mailing it by first class mail addressed to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

-3-

BOOK 0711 PAGE 0200

Any notice that must be given to the Note Holder under this Mortgage Note will be given by mailing it by first class mail to the Note Holder at the 245 Park Avenue, New York, N.Y. 10167 or a different address if I am given a notice of that different address.

8. OBLIGATIONS OF PERSONS UNDER THIS NOTICE:

If more than one person signs this Mortgage Note, each person is fully and personally obligated to keep all of the promises made in this Mortgage Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Mortgage Note is also obligated to do these things. Any person who takes over the obligations under this Mortgage Note or any person who takes over the obligations of a guarantor, surety or endorser of this Mortgage Note is also obligated to keep all of the promises made in this Mortgage Note. The Note Holder may enforce its rights under this Mortgage Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Mortgage Note.

9. WAIVERS:

I and any other person who has obligations under this Mortgage Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice that amounts due have not been paid.

10. THIS MORTGAGE NOTE SECURED BY A MORTGAGE

In addition to the protection given to the Note Holder under this Mortgage Note, a Mortgage, dated today, protects the Note Holder from possible losses which may result if I do not keep the promises which I make in this Mortgage Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Mortgage Note. Any default by me under the Mortgage will be deemed a default under the Mortgage Note. The Mortgage covers the Property known as, and located at street address 51A Bissel Road, Lebanon, New Jersey, Hunterdon County, State of New Jersey, and is more fully described in the Mortgage.

11. FURTHER DOCUMENTATION

In the event any further documentation is required by the Bank to perfect its security or for any other reason that may be required of the Bank by any Federal or State statute or government regulatory or administrative body, I agree to execute such documentation, including but not limited to, any amendments, corrections, deletions, or additions to the loan documents executed and delivered by me to the Bank with respect to the Loan, or any periodic filing of Uniform Commercial Code Financing Statements, or renewals. In the event I am required to furnish such necessary docu-

-4-

BOOK 09.11 PAGE 0201

mentation and I fail to do so within thirty (30) days from receipt of written demand, then such failure shall be an event of default under the terms of the Loan and the Bank shall have the right to demand payment in full under the Mortgage, and this Mortgage Note secured thereby.

JOHN J. HANLY and EILEEN M. HANLY, have signed this Mortgage Note in the principal amount of ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00) to the order of The National Commercial Bank (New York Branch) on **March 26, 1991**.

_____
Witness:                            JOHN J. HANLY

_____
Witness:                            EILEEN M. HANLY

State of New York  )
                   ss:
County of New York )

On March 26, 1991, before me personally came JOHN J. HANLY and EILEEN M. HANLY to me known to be the individuals described in and who executed the foregoing instrument, and they acknowledged that they executed the same.

**END OF DOCUMENT**