Recorded ⎽⎼⎽⎼
Vo. /029 Page 597
#/25582

Recorded 1-28-99
Vo. 24 Page 175

BOOK 09.11 PAGE 0188    & 5910

See Discharge 1-21-2000
Recorded 40 Page 309
Vo. 80 6559

104194

This First Mortgage was prepared by:

C.P. [signature]

Constantine P. Georgiopoulos

# FIRST MORTGAGE

This First Mortgage which is dated March 26, 1991, will be called the "Mortgage" and is an agreement between JOHN J. HANLY and EILEEN M. HANLY, both, residing at 51A Bissel Road, Lebanon, New Jersey 08833, the Borrower (herein the "Mortgagor") and The National Commercial Bank (New York Branch) having a place of business at No. 245 Park Avenue, in the Borough of Manhattan, City and State of New York, the Lender (herein the "Mortgagee").

In this document, the words "I", "me", and "mine" mean each person whose name appears at the top of the page. The words "you", "your" and "yours" mean THE NATIONAL COMMERCIAL BANK (New York Branch) or any other person to whom this Mortgage may be transferred.

By signing this Mortgage, I give you a mortgage on my Property located at 51A Bissel Road, Lebanon, New Jersey, Hunterdon County State of New Jersey, as security for your loan to me of ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00), to be paid by me in 360 monthly installment, each in the amount of ONE THOUSAND SIX HUNDRED TEN and 10/100 DOLLARS ($1,610.10); each monthly installment will include payment by me of a portion of the principal, and interest computed at the rate of NINE percent (9%) per year starting today, as more fully described in the Promissory Note signed the same day as this Mortgage, a copy of which is attached to this Mortgage. (The terms of the Promissory Note are included in the terms of this Mortgage; the Promissory Note is hereinafter called the "Mortgage Note").

1. MORTGAGED PROPERTY:

I give you a mortgage on my Property located at 51A Bissel Road, Lebanon, New Jersey, Hunterdon County, State of New Jersey and all the buildings and improvements on it. The legal description of my Property for the official records is more fully described in Schedule "A", which is attached to this Mortgage and made a part hereof by reference:

I also give you a mortgage on any right that I may have in the land, or the streets or roads in front of or alongside my Property.

I also give you a mortgage on the Property now or later attached to my land and buildings, and on all replacements of the Prop-

-1-

BOOK 0911 PAGE 0189

erty. These are called "fixtures", (some examples of fixtures: furnaces, radiators, plumbing and heating plant, bathroom fixtures, kitchen and other cabinets, stoves, shrubbery and trees).

I also give you a mortgage on any money I am entitled to receive if all or part of my Property or my right to use it is taken from me by a government agency or other lawful authority. You are authorized to collect this money, give receipts for it, and use it to reduce my debt to you. I agree to give you a written assignment or any other document you may need to obtain this money. If for a time after the Property is taken, the agency or authority delays making payment, but instead pays you interest, I agree to pay you the difference between the interest you receive and the interest I would owe you under the Mortgage Note.

2. WARRANTY:

I represent and warrant to you that I have good title to this Property (free and clear ownership) and that I have the legal right to give you a first mortgage to it. I will defend my title to, and your rights in, this Property against any claim of any person to the Property.

3. USE OF MORTGAGE MONEY:

I agree to keep in trust any money you have lent me in order to pay the cost of any improvements made to the Property before using the money for any other purposes.

4. PAYMENTS AND LATE CHARGE:

I promise to repay the loan according to the terms of the Mortgage Note and this Mortgage. For each payment that reaches you more than 10 days late, I will pay you a late charge of two cents ($.02) for each dollar of the late payment. This charge covers the extra cost to you of handling late payments.

5. PAYMENT OF INSURANCE AND TAXES:

I agree to pay when due all fire and other hazard insurance premiums, real estate taxes, municipal water charges, sewer rents and special assessments on the Property (together called the "Charges"). I will promptly show you receipts for these payments if you request it. If I do not pay these Charges when they are due, you may do so and I will repay you immediately with interest at the maximum legal rate. Even though I may be given the choice of paying an assessment in installments, if you demand that I pay the full assessment when the first installment is due, I agree to do so.

6. INSURANCE:

I agree to keep the buildings on my Property insured at all times against fire and any other risks you may request. All policies will be for at least the amounts and time periods that you specify and issued by an insurance company acceptable to you. Each

BOOK 0941 PAGE 0190

policy will contain the usual extended coverage endorsement. (A "Homeowner's Policy" will satisfy the extended coverage requirement). If the Property is located in an area with a high risk of flooding, I will insure it against flood damage if insurance is available under the National Flood Insurance Act of 1968. All policies will name you as the Loss Payee, which means you will receive payment made on any insurance claims. I agree to pay all insurance premiums on all insurance policies when due and do any other thing necessary to keep these insurance policies in effect. If I do not, you may make the payment for me, and I will repay you immediately with interest at the maximum legal rate.

The form of all policies and renewals must be acceptable to you. You will have the right to hold the policies and renewals. If you require, I will promptly give you all receipts of paid premiums and renewal notices that I receive.

If there is a loss or damage to the Property, I will promptly notify the insurance company and you. If I do not promptly prove to the insurance company that the loss or damage occurred, then you may do so.

The amount paid by the insurance company is called "Proceeds". The Proceeds will be used to repair or to restore the damaged Property unless: (A) it is not economically feasible to make the repairs or restoration; or (B) the use of the Proceeds for that purpose would lessen the protection given to you by this Mortgage (C) You and I have agreed in writing not to use the Proceeds for that purpose. If the repair or restoration is not economically feasible or if it would lessen your protection under this Mortgage, then the Proceeds will be used to reduce the amount that I owe to you under the Mortgage Note and under this Mortgage. If any of the Proceeds remain after the amount that I owe to you has been paid in full, the remaining Proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within 30 days, a notice from you stating that the insurance company has offered to settle a claim, you may collect the Proceeds. You may use the Proceeds to repair or restore the Property or to pay the sums secured. The 30 day period will begin when the notice is given.

If any Proceeds are used to reduce the amount of principal which I owe to you under the Mortgage Note, that use will not delay the due date or change the amount of any of my monthly payments under the Mortgage Note and under Paragraph 4 above. However, you and I may agree in writing to those delays or changes.

If you acquire the Property under Paragraph 16 below, all of my rights in the insurance policies will belong to you. Also, all of my rights in any Proceeds which are paid because of damage that occurred before the Property is acquired by you or sold will belong to you. However, your rights in those Proceeds will not be greater than the sums secured immediately before the Property is acquired by you or sold.

-3-

### 7. REPAIRS AND ALTERATIONS

BOOK 09.11 PAGE 0193

I will keep the buildings on the Property in good repair, and I will not make major changes in them, tear them down or move them without first getting your consent. If the buildings are damaged or destroyed, I will repair or replace them. If any of the fixtures are destroyed or removed, I will replace them with other fixtures of the same quality and condition which are free of any mortgages.

### 8. GOVERNMENT REGULATIONS

If any government authority issues regulations, orders or notices of violation about the use or condition of my Property, I understand I must correct the violations and comply with the orders or regulations within a reasonable time.

### 9. SALE OR TRANSFER OF PREMISES

If I sell or transfer ownership of my Property, I agree to repay what I owe you in full with interest up to the date of the sale or transfer under the Mortgage Note and this Mortgage.

### 10. STATEMENT OF AMOUNT DUE

Within five days after a request in person or within 10 days after a request by mail, I will give to you a signed statement of the amount due on this Mortgage and whether there are any defenses to your right to demand payment of the amount due.

### 11. BORROWERS OBLIGATION TO PAY AND LIENS AND CLAIMS

Any claim demand or charge that is made against Property because an obligation has not been fulfilled is known as a "lien". I will promptly pay or satisfy all liens against the Property that may be superior to this Mortgage. However, this Mortgage does not require me to satisfy a superior lien if: (A) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up or (B) I secure from the holder of that other lien an agreement, approved in writing by you, that the lien of this Mortgage is superior to the lien held by that person. If you determine that any part of the Property is subject to a superior lien, you may give me a notice identifying the superior lien. I shall pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

### 12. RIGHT TO INSPECT THE PROPERTY

You have the right to enter onto and inspect the Property on reasonable notice and at any reasonable time.

### 13. PAYMENTS BY YOU

If I do not pay all taxes, assessments, sewer rents, or water rates, insurance premiums, costs, maintenance and any other pay-

-4-

BOOK 09.11 PAGE 0192

ments I am required to make to protect the value of the Property, and my title to, and your rights in, the Property, you may pay these charges, although you do not have to, and such sums shall be added to the amount I owe you. If you do pay these charges, I will repay you immediately at your request with interest at the maximum legal rate.

### 14. CHANGES IN LAW

If any new law is passed which requires you to pay a tax or assessment because you are the holder of the Mortgage Note and this Mortgage, then you may request that I pay you all the monies I owe you. If requested by you, I agree to pay all the monies I owe you under the Mortgage Note and this Mortgage within thirty (30) days after you give me notice of the passage of such a law.

### 15. DEFAULT

I will be in default if I do not make any payment within the time period required by this Mortgage or the Mortgage Note. I will also be in default if I violate any other terms and conditions of (i) this Mortgage, (ii) the Mortgage Note and (iii) and the Bank's Commitment Letter dated **February 6, 1991**. If my Property is threatened with destruction or demolition, you may consider me to be in default. If I am in default for any reason, you have the right to demand payment of the entire amount I owe you, with interest up to the day you receive payment of the entire amount I owe you. I agree to repay you for your reasonable legal expenses, if any, in collecting what I owe you.

### 16. FORECLOSURES

If I am in default and I do not pay what I owe you when you demand payment, you will have the right to sell my Property. This is called foreclosing the mortgage. You may use what you receive from the sale to repay what I owe you after fully paying the foreclosure expenses and your reasonable attorney's fees. If what you receive is not enough to pay off the entire amount I owe you, I will still have to pay you the difference. If the sale brings in more money than is needed to pay your expenses and my debt to you, any money left over will be paid to me. If you foreclose, you may have a receiver appointed to collect rents and to take care of my Property for you until the sale. At the foreclosure sale, you may sell my Property in one parcel, and you may bid on the Property yourself.

### 17. SUITS

If you are sued in any legal action which concerns this Mortgage or if you have to defend your rights to my Property, I agree to repay your expenses (including reasonable lawyer's fees) with interest at the highest legal rate. This Mortgage is your security for these expenses, plus interest, as if they were part of my original debt to you.

18. PAYMENTS

If I fail to make any payments or keep any promises under this Mortgage or the Mortgage Note, then I shall make payments to you or to any Receiver at the beginning of each month of a fair charge for the use of the Property that I occupy. If I do not pay this fair charge, you or the Receiver may sue to collect it or to remove me, or both.

19. NOTICE

You may give any written notices regarding the Mortgage Note and this Mortgage to me by personal delivery or by ordinary mail at the address of the Property.

20. APPLICABLE LAW

This Mortgage is governed by the laws of the STATE OF NEW JERSEY.

21. ENFORCEMENT OF YOUR RIGHTS

If you do not exercise or enforce any of your rights under this Mortgage, the Mortgage Note, or under the law, you will still have all of those rights and you may exercise and enforce them in the future. Each of your rights under the Mortgage Note and this Mortgage is separate, and the exercise of one right will not prevent you from exercising another right. You may exercise and enforce one or more of those rights as well as any of your rights under the law one at a time or all at once.

22. CHANGES

The terms of this Mortgage may be changed only by written agreement signed by you and me.

23. PERSONS COVERED BY MORTGAGE

Until I have satisfied all my obligations under this Mortgage and the Mortgage Note, the terms of this Mortgage will be binding on me, my heirs and all those acting for me, and also on all future owners and tenants of my Property. This Mortgage is for your benefit, and for the benefit of anyone to whom you may assign it.

24. FAILURE TO OCCUPY

If I do not occupy the mortgaged Property for the term of this Mortgage as my principal residence, I agree to repay upon your demand what I owe you in full with interest up to the date of the repayment.

25. CONDEMNATION CLAUSE

The proceeds of any award or claim for damages, direct or consequential, payable to me in connection with any condemnation or other taking of all or any part of the Property, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to you. Such proceeds shall be applied by you to the sums secured by this Mortgage.

BOOK 0911 PAGE 0194

**26. MORTGAGE NOTE ATTACHED TO THIS MORTGAGE**

This Mortgage secures a fixed interest rate mortgage loan. Annexed hereto as Schedule A is a copy of the Mortgage Note which this Mortgage secures. The terms of the Mortgage Note are included in the terms of this Mortgage.

We, JOHN J. HANLY and EILEEN M. HANLY have signed this First Mortgage on March 26, 1991.

_____
JOHN J. HANLY

_____
EILEEN M. HANLY

Signed, sealed and delivered in the presence of:

_____
TODD L. PLATEK

RECORDED
JUN 5 [illegible] '91
HUNT[illegible]
CO[illegible] COUNTY
CLERK [illegible] OK

State of New York )
                  ) SS:
County of New York )

On the March 26, 1991 before me personally came JOHN J. HANLY and EILEEN M. HANLY to me known to be the individuals described in and who executed the foregoing First Mortgage, and acknowledged that they executed the same.

_____
TODD L. PLATEK
Notary Public, State of New York
Qualified in [illegible] County
Commission Expires June 30, 1992

Receipt of a true copy of this instrument, provided without charge, is hereby acknowledged.

WITNESS:

_____
TODD L. PLATEK

_____
TODD L. PLATEK

_____
John J. Hanly (Borrower)

_____
Eileen M. Hanly (Borrower)

-7-

SCHEDULE A

BOOK 0911 PAGE 0195

## Township of Tewksbury, County of Hunterdon, State of New Jersey

BEGINNING at an iron spike located in or near the middle of Bissell Road, a public macadam road, said spike also marking the most easterly corner of lands belonging to Albert P. Dusey, said spike also marking the termination of the forty-fifth (45th) course in a description of a 161.193 acre tract of land (from which this lot is being cut) previously conveyed by Otto E. Schmid et als to Foerstner Jewelry, Inc., by deed dated April 12, 1966, recorded at the Hunterdon County Clerk's Office in Book 694 of Deeds on Page 510, and running from said beginning point

1) Along said lands of Dusey, being also along the line of the said 45th course (reversed) and by a line which at 50.00 feet passes through a concrete monument on line South 62 degrees 18 minutes West 554.24 feet to an iron pipe marking the most southerly corner of said Dusey's land, corner also to Lot 7-G of the below mentioned major subdivision plat; thence

2) South 30 degrees 28 minutes East 208.08 feet to a corner; thence

3) By a line which at 581.95 feet passes through a concrete monument set on line North 66 degrees 47 minutes 15 seconds East 621.95 feet to a corner in the traveled way of Bissell Road; thence

4) By a line in Bissell Road North 19 degrees 15 minutes West 35.00 feet to a corner at the intersection of Bissell Road and Still Hollow Road; thence

5) By a line in Bissell Road North 47 degrees 45 minutes West 236.20 feet to the place of BEGINNING.

Being further described in accordance with a survey made by Ombalski Consulting Engineers, Inc. dated February 22, 1991:

BEGINNING at an iron spike located in or near the middle of Bissell Road, a public macadam road, said spike also marking the most easterly corner of lands belonging to Albert P. Dusey, now Tibor and Elizabeth Sipos, tax map Lot 8, said spike also marking the termination of the forty-fifth (45th) course in a description of a 161.193 acre tract of land (from which this lot was cut) previously conveyed by Otto E. Schmid et als to Foerstner Jewelry, Inc., by deed dated April 12, 1966, recorded at the Hunterdon County Clerk's Office in Book 694 of Deeds on Page 510, and from said beginning point running thence

(continued)

MINNESOTA TITLE

BOOK 0911 PAGE 0196        **SCHEDULE A**

(continued)

1) Along lands of said Sipos, being also along the line of said 45th course (reversed) passing over a concrete monument found at 50.00 feet from the beginning of this course, South 62 degrees 18 minutes 00 seconds West, a distance of 554.24 feet to a point marking the most southerly corner of said Sipos' land, corner also to tax map lot 7.17 now or formerly Bissell Associates, thence

2) Along the easterly line of Bissell Associates, and a portion of the easterly line of tax map lot 7.18, other lands of now formerly Bissell Associates, South 30 degrees 28 minutes 00 seconds East, a distance of 208.08 feet to a corner to tax map lot 7.26, other lands of now or formerly Bissell Associates, thence

3) Along the northerly line of Bissell Associates, North 66 degrees 47 minutes 15 seconds East, a distance of 621.95 feet to a corner in the traveled way of Bissell Road, passing over a concrete monument 40.00 feet from the termination of this course, thence

4) Along Bissell Road, North 19 degrees 15 minutes 00 seconds West, a distance of 35.00 feet to a corner at the intersection of Bissell Road and Still Hollow Road, thence

5) Still along Bissell Road, North 47 degrees 45 minutes 00 seconds West, a distance of 236.20 feet to the point and place of BEGINNING.

BEING known and designated as Lot 7-P as shown on a certain map entitled "Major Subdivision of a portion of lands belonging to Foerstner Jewelry, Inc., 1012 S. Springfield Ave., Mountainside, N.J. in Tewksbury Township, Hunterdon County, N.J." which map was filed in the Hunterdon County Clerk's Office on October 26, 1966 as Map No. 262.

BEING also known and designated as Lot 7.9 in Block 33 on the official Tax Map of the Township of Tewksbury.


MINNESOTA TITLE