# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jerry S. Goldman, Esq.
Jgoldman@andersonkill.com
212-278-1000

*By Hand Delivery*

August 15, 2008

The Honorable Frank Maas
United States Magistrate Judge
United States District Court for the Southern
District of New York
500 Pearl Street, Room 740
New York, NY 10007

Re: *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM)
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-1923 (GBD) (FM)
*New York Marine and General Ins. Co. v. Al Qaida, et al.*, 04-cv-6105 (GBD) (FM)
*Continental Cas. Co., et al. v. Al Qaeda Islamic Army, et al.*, 04-cv-5970 (GBD) (FM)
*Cantor Fitzgerald & Co., et al. v. Akidu Bank Private Ltd., et al.*, 04-cv-7065 (GBD) (FM)

Dear Judge Maas:

Pursuant to the Court's Order of July 11, 2001 (MDL Dkt. # 2106),[1] we write on behalf of the Plaintiffs in the *O'Neill*, *New York Marine*, *Continental*, and *Cantor* matters ("Plaintiffs") to request the Court grant Plaintiffs an extension of time to respond to Defendant The National Commercial Bank's ("NCB") Renewed Motion to Dismiss (the "Motion"), which was filed on July 22, 2008, until sixty (60) days after the full completion of the necessary, ongoing jurisdictional discovery referenced herein. Furthermore, Plaintiffs request that the Court vacate the portion of its August 20, 2007 Order prohibiting the deposition of Mr. Krohley and allow Plaintiffs to take his deposition. Finally, Plaintiffs request that the Court grant the discovery being requested by letter requests in the *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD) (FM), *Burnett, et al. v. Al Baraka Inv. & Dev. Corp. et al.*, 03-cv-9849 (GBD) (FM), and *Federal Insurance Co., et al v. al Qaida, et al.*, 03-cv-6978 (GBD) (FM). These letter requests are being filed by the plaintiffs in the related matters[2] and Plaintiffs hereby incorporate and adopt by reference the substance of those letter requests. For the reasons

---

[1] In the July 11, 2008 Order the Court granted NCB's request to file its Renewed Motion to Dismiss and for leave to have the Memorandum of Law accompanying the Motion be thirty-five (35) pages. The July 11, 2008 Order also permitted the plaintiffs in all of the *In re Terrorist Attacks on September 11, 2001* matters to make "specific discovery request[s] and requests for a stay or extension of time in which to respond to the motion," if additional jurisdictional discovery is necessary

[2] One letter is being filed by plaintiffs in *Ashton* and *Burnett* and another letter is being filed by plaintiffs in *Federal Insurance*.

**Anderson Kill & Olick, P.C.**

The Honorable Frank Maas
August 15, 2008
Page 2

discussed below and for the additional reasons specified in the *Ashton-Burnett* and *Federal Insurance* letter requests, good cause exists for Plaintiffs to receive an extension of time to respond to the Motion.

In conjunction with application for an extension of time, good cause also exists to vacate that part of the Court's August 20, 2007 Order prohibiting the depositions of various witnesses to allow Plaintiffs to depose Thomas M. Krohley, whose June 22, 2007 Affidavit was submitted by NCB in support of its Motion (the "Krohley Affidavit"),[3] NCB's reliance on the Krohley Affidavit is entirely misplaced. Yet, the Krohley Affidavit is dated June 22, 2007, nearly two full months prior to NCB's August 20, 2007 letter[4] to the Court in which NCB requested that the Court prohibit Plaintiffs from deposing former employees of SNCB Securities Inc. ("SNCB"). NCB neither attached the Affidavit to its August 20, 2007 letter nor disclosed its existence. NCB also failed to produce the Affidavit in response to then outstanding discovery requests. Yet, NCB now relies on the Krohley Affidavit in support of its Motion. NCB's actions demonstrate its continued efforts to obfuscate and even withhold key jurisdictional facts and witnesses and underscore the need for further jurisdictional discovery. Therefore, Plaintiffs respectfully request that the Court vacate the portion of its August 20, 2007 Order prohibiting the deposition of Mr. Krohley and allow Plaintiffs to take his deposition.

### I.   RELEVANT PROCEDURAL HISTORY

In the above-referenced matters, Plaintiffs filed claims against NCB stemming from its involvement in the funding of the terrorist attack on September 11, 2001. The Plaintiffs in each of the matters entered into separate scheduling stipulations, which were adopted by the Court. *See* MDL Dkt. #532 (*Cantor*);[5] MDL Dkt. #542 (*O'Neill*);[6] MDL Dkt. #621 (*NY Marine* and *Continental*).[7] Pursuant to these stipulations, NCB had forty-five (45) days from the date on which the Court decided NCB's Motion to Dismiss in *Ashton v. Al Qaeda Islamic Army*, 02-cv-6977 and *Burnett v. Al Baraka Inv. & Dev. Corp.*, 03-cv-9849. On January 18, 2005, the Court denied without prejudice NCB's Motion to Dismiss in *Ashton* and *Burnett*, with leave to renew the motion after completing jurisdictional discovery. *See* MDL Dkt. #632 (Jan. 18, 2005 Op. and Order).[8]

---

[3]  A copy of the Affidavit of Thomas M. Krohley dated June 22, 2007 (MDL Dkt. # 2113) is attached hereto as Exhibit "A."

[4]  A copy of the August 20, 2007 letter from Ronald S. Liebman, Esq. of Patton Boggs LLP to The Honorable Frank Maas is attached hereto as Exhibit "B."

[5]  A copy of the *Cantor* scheduling stipulation is attached hereto as Exhibit "C."

[6]  A copy of the *O'Neill* scheduling stipulation is attached hereto as Exhibit "D."

[7]  A copy of the *NY Marine/Continental* scheduling stipulation is attached hereto as Exhibit "E."

[8]  A copy of the Court's January 18, 2005 Opinion and Order is attached hereto as Exhibit "F."

**Anderson Kill & Olick, P.C.**

The Honorable Frank Maas
August 15, 2008
Page 3

      On March 7, 2005, Plaintiffs and NCB entered into a new Stipulation, which was signed by the Court on March 8, 2005. *See* MDL Dkt. #718 (Stipulation and Order Setting Schedule for The National Commercial Bank to Respond to Complaints (the "Stipulation").[9] Pursuant to the Stipulation, NCB would "file a consolidated Motion to Dismiss, or otherwise file individual responses to, the Complaints in *O'Neill, New York Marine, Continental Casualty,* and *Cantor* on the same date that NCB renews its Motion to Dismiss the *Burnett* and *Ashton* actions, as allowed by the Court's January 18, 2005, Opinion and Order."[10] (Stipulation ¶ 3). Plaintiffs would have sixty (60) days "from the date on which it is served with NCB's consolidated Motion to Dismiss to file their consolidated response to NCB's Motion to Dismiss." (Stipulation ¶ 4). Based on the Stipulation and NCB serving the Motion on July 22, 2008, Plaintiffs have to file their response, which is separate from a response by plaintiffs in *Ashton* and *Burnett*, or any other related matter, by September 22, 2008.[11]

      Following the Court's dismissal of NCB's original Motion to Dismiss, the *Ashton* and *Burnett* parties began jurisdictional discovery. As part of this discovery, plaintiffs in *Ashton* and *Burnett* sought to depose former employees of SNCB with knowledge of the dealings between and relationship of SNCB and NCB. On August 16, 2007, counsel for *Burnett* sent a letter to the Court requesting, at a minimum, the right to depose Mr. Krohley "to determine the relationship between NCB-SNCB and how long they and others continued to conduct business for NCB or SNCB in the United States beyond 2001."[12] (Maloney Aug. 16, 2007 Ltr., p.2). On August 20, 2007, counsel for NCB sent a response to the Court arguing that evidence sufficient to show that jurisdictional discovery related to SNCB was unnecessary because "(i) SNCB did not ever engage in the business of banking on behalf of NCB; and (ii) SNCB ceased operations in 2001 following its formal dissolution as a Delaware corporation." (Liebman Aug. 20, 2007 Ltr., p.1). Based on these representations by NCB, the Court denied the *Burnett* plaintiffs request for the deposition of, amongst others, Mr. Krohley, because it "would be a fishing expedition."

---

[9]    A copy of the Stipulation is attached hereto as Exhibit "G."

[10]   On July 11, 2008, this Court granted leave for NCB to file a "single supporting memorandum of law not to exceed 35 pages," which appears to be in response to the requirements of the Stipulation that NCB file a consolidated Motion to Dismiss against Plaintiffs separate from its renewed motion to dismiss the *Ashton* and *Burnett* claims.

[11]   Plaintiffs in *Federal Insurance Co., et al. v. al Qaida, et al.*, 03-cv-6978 are filing separate motions that are also hereby incorporated. Because the motion to dismiss NCB filed against the *Federal Insurance* plaintiffs in 2004 remains pending, those plaintiffs are in a different procedural position than all other plaintiffs. Nonetheless, the *Federal Insurance* motions relate to the ongoing discovery disputes that are the basis for Plaintiffs' request for an extension of time.

[12]   A copy of the August 16, 2007 letter from Andrew J. Maloney, III, Esq. of Kreindler & Kreindler LLP to the Honorable Frank Maas is attached hereto as Exhibit "H."

**Anderson Kill & Olick, P.C.**

The Honorable Frank Maas
August 15, 2008
Page 4

   Despite the arguments by NCB in its August 20, 2007 letter to the Court about the irrelevance of SNCB's employee's testimony to the jurisdictional dispute at issue, NCB had, in fact, sought and obtained an Affidavit from Mr. Krohley, a former employee of SNCB, prior to sending the August 20, 2007 letter to the Court. NCB's knowledge and involvement with the Krohley Affidavit, which is dated June 22, 2007, is evidenced by the statement in the Krohley Affidavit that Mr. Krohley had "been assisted by NCB's legal counsel in the phrasing of this Affidavit." (Krohley Aff. ¶ 2). Furthermore, in a letter dated August 13, 2007 from counsel for NCB to counsel for the *Burnett* plaintiffs, NCB stated that it would "submit an Affidavit of a more knowledgeable former SNCB employee to address the nature of and scope of SNCB's operations."[13] (Liebman Aug. 13, 2007 Ltr., p.5). In that letter, NCB further states that "the decision whether to authorize depositions of former SNCB employees should be made by the court when it adjudicates NCB's renewed Motion to Dismiss for lack of jurisdiction." (Liebman Aug. 13, 2007 Ltr., p.5). Nonetheless, NCB opted not to produce the Krohley Affidavit, which was signed two months prior to the August 20, 2007 letter to the Court, despite the Krohley Affidavit relating directly to NCB's claims regarding SNCB's involvement with NCB.

   Last, on October 12, 2007, the plaintiffs in *Ashton* and *Burnett* served discovery requests seeking information related to NCB's involvement in the aviation business in the United States and a trust account that NCB held for Osama Bin Laden. On November 13, 2007, NCB objected to the requests and refused to provide any information. On December 20, 2007, a motion to compel production of this requested information was filed and remains pending.

## II. ARGUMENT

### A. Good Cause Exists To Extend The Time For Plaintiffs To Respond To NCB's Motion.

   Pursuant to the Stipulation, Plaintiffs must file their response to the Motion on or before September 22, 2008. However, under Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." District courts have "wide discretion to grant an enlargement of time." *Choi v. Chemical Bank*, 939 F. Supp. 304, 309 (S.D.N.Y. 1996) (citing *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1014 (S.D.N.Y. 1973). Here, the record fairly and reasonably supports the Court's exercise of discretion in favor of extending Plaintiffs' time to respond to until jurisdictional discovery is fully completed.

   First, as a prudential matter, the Court should not even consider granting NCB the relief it seeks—an outcome which Plaintiffs believe NCB is in know way entitled—until the December 20, 2007 Motion to Compel filed by the *Ashton* and *Burnett* plaintiffs is decided. As the Court is aware, the Motion to Compel has been pending for many months now. Further, the

---

[13]   A copy of the August 13, 2007 letter from Ronald S. Liebman, Esq. to Andrew J. Maloney, III, Esq. is attached hereto as Exhibit "I."

**Anderson Kill & Olick, P.C.**

The Honorable Frank Maas
August 15, 2008
Page 5

Motion to Compel is important because it seeks relevant jurisdictional information including NCB's involvement in activities in the United States and this district in the relevant time period. Therefore, the Motion to Compel must be addressed on the merits before NCB's Motion is deemed ripe for review. Otherwise, the Court risks error in considering NCB's Motion, then granting the Motion to Compel, and then having to schedule another round of briefing on how to best rejoin NCB as a party. Such a result would be an unfortunate waste of the Court's and parties' limited resources, and can easily be avoided by granting the relief Plaintiffs presently seek.

Second, even if the Court is inclined to deny the Motion to Compel, NCB's Motion is still premature. All parties to the litigation have the right to respectfully disagree with the Court's discovery rulings and to appeal those rulings to Judge Daniels. Hence, deciding NCB's Motion while the Motion to Compel remains unresolved would be improvident because it would undermine the parties' right to appeal any later decision on the Motion to Compel.

Third, it would be incongruous for NCB's Motion to be considered at this time given the substance of the discovery sought in the Motion to Compel. The information is obviously germane to the arguments NCB raises in its Motion—indeed, without the information, NCB can easily challenge every basis upon which jurisdiction could conceivably be found knowing that relevant facts remain hidden from discovery. NCB's misplaced reliance on the Krohley Affidavit is a case in point. See Section B, infra.

Last, the plaintiffs in *Ashton* and *Burnett* and in *Federal Insurance* are filing similar letter requests seeking an extension of time to respond to NCB's Motion. These bases are all relevant to the Court's good cause analysis and include but are not limited to: (1) that discovery has not yet commenced in *Federal Insurance*, and a stay in all other matters is necessary to harmonize the procedural status of all of the cases; (2) that NCB has submitted affidavits of employees in support of its Motion, even though it previously represented that these same witnesses did not possess relevant knowledge, and a stay is consequently necessary to allow for the depositions of those employees; (4) that the theories of jurisdiction as to NCB directly implicate the conduct of several former executives of NCB, who are themselves defendants, and that the Court should resolve the jurisdictional contests as to all of those defendants simultaneously (in the interests of justice and to avoid prejudice); and (5) that there remains unresolved discovery issues in the *Ashton* and *Burnett* matters. These letter requests provide further good cause to grant an extension for Plaintiffs to respond to NCB's Motion.

**B.    No Response To NCB's Motion Should Be Required Until Plaintiffs Are Permitted To Depose Mr. Krohley And The Discovery Sought By The *Ashton* And *Burnett* Plaintiffs And The *Federal Insurance* Plaintiffs Is Produced.**

On August 16, 2007, counsel for *Burnett* sent a letter to the Court requesting, at a minimum, the right to depose Mr. Krohley "to determine the relationship between NCB-SNCB and how long they and others continued to conduct business for NCB or SNCB in the United States beyond 2001." It is clear that NCB had knowledge of the Krohley Affidavit at the time it

**Anderson Kill & Olick, P.C.**

The Honorable Frank Maas
August 15, 2008
Page 6

submitted its August 20, 2007 letter to the Court discussing the role of SNCB. It made the tactical decision not to produce the Krohley Affidavit at that time, and elected not to produce his written testimony in response to pending discovery requests. Instead, NCB represented to the Court that jurisdiction discovery was no longer needed while simultaneously withholding Mr. Krohley's written testimony so that he could not be cross-examined.

NCB's reliance on the Krohley Affidavit per se demonstrates that Mr. Krohley is a key witness. Plaintiffs, along with the plaintiffs in the related matters, should have the opportunity to depose Mr. Krohley before being required to respond to NCB's Motion. The fullness and accuracy of Plaintiffs' response to NCB's Motion should not be frustrated by NCB's bold attempt to defeat Plaintiffs' ability to fully explore the complex jurisdictional issues in this case by holding onto the Krohley Affidavit for over a year before producing it in support of the Motion. NCB's subterfuge and obfuscation provide good cause to extend discovery and grant Plaintiffs request to vacate the August 20, 2007 Order as to Mr. Krohley and allow Plaintiffs to depose him.

In addition, specific and necessary discovery is either in dispute, in the case of the pending December 20, 2007 Motion to Compel, or has been sought, in the case of various requests by *Federal Insurance*, and not responded to fully. These specific discovery issues are addressed more fully in the letter requests by *Ashton* and *Burnett* and by *Federal Insurance*. Until these discovery issues are resolved, Plaintiffs cannot fully respond to the arguments presented by NCB in its Motion. Thus, in order to ensure that Plaintiffs have a full and fair opportunity to investigate the entirety of the jurisdictional issues in these matters, the Court should grant the specific requests sought in the *Ashton-Burnett* and *Federal Insurance* letter requests.

    **C.    NCB Will Not Be Prejudiced By The Granting Of Any Extension To Respond To The Motion.**

First, pursuant to the Court's March 14, 2008 Order, the Court intends to address subject matter jurisdiction motions prior to reaching motions, such as NCB's, which seek dismissal on personal jurisdiction grounds. Since a number of subject matter jurisdiction motions are long pending (as well as many earlier filed personal jurisdiction motions) it is unlikely that the Court will be able to resolve the issues raised by NCB's Motion without first disposing of the other matters before it. Therefore, the requested extension of time will in no way burden NCB.

Second, as discussed above, there remains outstanding discovery motions, including the Motion to Compel, which should be resolved before NCB's Motion becomes ripe for disposition. Until these discovery motions are fairly resolved, and the parties exhaust their rights to appeal vis-à-vis any adverse rulings on the motions, jurisdictional discovery is not—contrary to NCB—concluded. NCB's Motion is entirely premature, and it will suffer no prejudice if its Motion to set aside until discovery is completed.

Anderson Kill & Olick, P.C.

The Honorable Frank Maas
August 15, 2008
Page 7

      Finally, any claim of prejudice is offset by NCB's inappropriate failure to disclose the Krohley Affidavit. NCB created the need for an extension by wrongfully withholding documents and information which are subject of the Motion to Compel. It then compounded its error by holding onto the Krohley Affidavit rather than producing it. NCB has therefore created the need to vacate the Court's Order to allow Plaintiffs to depose Mr. Krohley. NCB's unclean hands should preclude it from asserting any prejudice by the granting of this, or any other motion filed by Plaintiffs in these consolidated actions.

### III. CONCLUSION

      For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' request for an extension of time of sixty (60) days after the full completion of the necessary, ongoing jurisdictional discovery referenced herein. In addition, Plaintiffs respectfully request that this Court grant Plaintiffs' request for the Court to allow Plaintiffs to vacate in part its August 20, 2007 Order and allow Plaintiffs to depose Thomas M. Krohley and to allow the specific discovery sought by the *Ashton* and *Burnett* plaintiffs and the *Federal Insurance* plaintiffs in their respective letter requests.

      Respectfully submitted,

ANDERSON KILL & OLICK, P.C.

_____
Jerry S. Goldman (JG 8445)
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 278-1000
Fax:   (212) 278-1733

*Counsel for plaintiffs in O'Neill*

BROWN GAVALAS & FROMM, LLP

_____
Frank J. Rubino, Jr. (FR 6202)
355 Lexington Avenue
New York, NY 10017
Phone: (212) 983-8500
Fax:   (212) 983-5946

*Counsel for plaintiffs in New York Marine*

PHIDOCS-58439.2

**Anderson Kill & Olick, P.C.**

> The Honorable Frank Maas
> August 15, 2008
> Page 8

FERBER FROST CHAN & ESSNER, LLP

*Robert M. Kaplan* (signature)

Robert M. Kaplan (RK 1428)
530 Fifth Avenue
23d Floor
New York, NY 10036-5101
Phone: (212) 944-2200
Fax:    (212) 944-7630

*Counsel for plaintiffs in Continental Casualty*

DICKSTEIN SHAPIRO LLP

*Christopher Leonardo* (signature)

Christopher T. Leonardo (CL 3043)
1825 Eye Street NW
Washington, DC 20006-5403
Phone: (202) 420-2200
Fax:    (202) 420-2201

JSG:whp
Enclosures

cc:     The Honorable George B. Daniels (via Fed. Ex.)
        Mitchell Berger, Esq. (via e-mail)
        Plaintiffs Executive Committee