UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | ORDER<br>03 MDL 1570 (GBD) |

------------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

The United States Court of Appeals for the Second Circuit has made the following relevant determinations in <u>In re Terrorist Attacks on September 11, 2001</u>, - - F.3d - -, 2008 WL 3474167 (2d Cir. Aug. 14, 2008):

> 1. The "terrorism exception," to the jurisdictional immunity of a foreign state under the Foreign Sovereign Immunities Act ("FSIA"), cannot be applied to a foreign state that has not been designated a state sponsor of terrorism by the United States.
>
> 2. Where the district courts' consideration of the five <u>Filler</u>[1] factors indicate that an entity is an organ of the foreign state, it is an "agency or instrumentality" of the foreign state protected by the FSIA grant of immunity.
>
> 3. Individual officials of a foreign state, acting in their official capacity, are an "agency or instrumentality" of the foreign state, and are thereby protected by the FSIA grant of immunity for their official-capacity acts.
>
> 4. The FSIA "tort exception" does not apply where the alleged conduct of the defendants amount to terrorism within the meaning of the "terrorism exception."
>
> 5. The FSIA "commercial activities exception" does not apply where the only alleged conduct of the defendants is donating money to charities with the intent that it be funneled to terrorist organizations.
>
> 6. Personal jurisdiction in American courts is not established by merely alleging that the defendant intended to fund al Qaeda through donations to Muslim charities.

Given these determinations, defense counsel is directed to provide, to this Court and to

---

[1] <u>Filler v. Hanvit Bank</u>, 378 F.3d 213, 217 (2d Cir. 2004).

plaintiffs' counsel, on or before October 17, 2008, a list of all defendants (with corresponding docket numbers) for whom they contend those rulings would require dismissal.

On or before November 21, 2008, plaintiffs' counsel shall designate those listed defendants for whom there exists a good faith basis to assert that those rulings should not be so dispositive.

Dated: New York, New York
September 15, 2008

SO ORDERED:

GEORGE B. DANIELS
United States District Judge