# DEFENDANTS TO BE DISMISSED ON THE BASIS OF THE
# SECOND CIRCUIT'S DECISION[1]

| Defendant's Name | Docket Number(s) and Case Name(s) in which Defendant has filed MTD | Motion to Dismiss Grounds | Explanation Of Basis For Dismissal |
|---|---|---|---|
| Alfaisaliah Group (a/k/a Faisal Group Holding Co.) ("AFG") | 03-9849 (*Burnett*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs' claim that AFG is the representative agent for several international companies is insufficient to establish minimum contacts with the United States. Likewise, plaintiffs' bare allegation that suspected al Qaeda members had a registered address at a post office box in Taif, Saudi Arabia under AFG's name cannot possibly meet the due process requirements of specific jurisdiction, even if true (and it is not true). AFG also cannot be subject to personal jurisdiction in the United States based solely on the conclusory allegation that AFG "conspired" or "aided and abetted" terrorism. |
| Al Aqsa Islamic Bank | 03-6978 (*Federal Insurance*) | Personal Jurisdiction | **Personal Jurisdiction:** Plaintiffs have failed to allege facts sufficient to show minimum contacts for due process purposes, or for specific or general jurisdiction. Plaintiffs' attenuated and conclusory allegations of funding al Qaeda are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States. |
| Talal M. Badkook; M.M. Badkook Company | 04-5970 (*Continental Casualty*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*). | Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda, or that Mr. Badkook served on the board of a Delaware charity that existed from 1992 through 1994, are insufficient to establish that these two defendants expressly aimed intentional tortious acts at residents of the United States, particularly when Judge Casey previously found no personal jurisdiction over another defendant who also had a role with that same Delaware charity. *See In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765 at 820-21 (S.D.N.Y. 2005) ("*Terrorist Attacks I*"). |

---

[1] The Second Circuit's decision affirmed Judge Casey's dismissal of the *Burnett 9849*, *Ashton*, and *Federal Insurance* complaints against HRH Prince Naif bin Abdulaziz al-Saud, HRH Prince Salman bin Abdulaziz al-Saud, and the Saudi High Commission ("SHC") on FSIA and/or personal-jurisdiction grounds. Subsequent to Judge Casey's dismissal, Prince Naif, Prince Salman, and the SHC reached stipulations with the plaintiffs in all remaining cases in which those defendants were named. *See* MDL Dkt. Nos. 915, 918, 932 (stipulations in *Continental Casualty* (04-CV-5970) case); MDL Dkt. Nos. 1466, 1506, 1677 (stipulations in *N.Y. Marine & Gen. Ins. Co.* (04-CV-6105) case); MDL Dkt. No. 1510 (stipulation in *Cantor Fitzgerald* (04-CV-7065) case); MDL Dkt. No. 1678 (stipulation in the since-dismissed parallel *Burnett* (03-CV-5738) case and the *Euro Brokers* (04-CV-7279) and *World Trade Center Properties* (04-CV-7280) cases). In particular, the parties agreed that both Judge Casey's dismissal and any subsequent appellate decisions relating thereto, once final, would be binding on the remaining cases against those defendants.

| | | | |
|---|---|---|---|
| Shahir A. Batterjee | 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-1923 (*O'Neill v. Al Baraka*); 02-7300 (*Tremsky*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda, or serving for several years on the board of a charity, at a time when the U.S. government has admitted that the charity's president (Arnaout) deceived the board members, are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |
| Abdullah Binladin | 02-6977 (*Ashton*); 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-07279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege that, in the early 1990's, Abdullah founded and managed U.S. offices of two foreign-based Islamic charities but they do not allege that he – or the U.S. offices of the charities – had any connection to 9/11 or any other al Qaeda attack on the U.S. (or, indeed, anywhere else in the world). |
| Bakr Binladin | 02-6977 (*Ashton*); 04-5970 (*Continental Casualty*); 04-07279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege (1) a 1992 donation for Bosnian relief to the Saudi charity IIRO (an allegation squarely covered by the Second Circuit's decision); (2) inclusion on the so-called "Golden Chain" document found in the offices of a Bosnian charity (which Judge Casey found insufficient to establish jurisdiction because of its "serious foundational flaws" and lack of probative value, *Terrorist Attacks I*, 349 F. Supp 2d at 817); and (3) that in 1993 Bakr became a signatory on his brother Ghaleb's account at a Bahamian bank. There is no allegation that the account had any connection to terrorism, the September 11 attacks, or the United States, and no allegation that Bakr ever exercised his signatory authority over the account. Eight years after the account was established, and three years after Ghaleb tried to close the account, the bank was accused of providing financial services to terrorists.[2] |

---

[2] Judge Casey has already dismissed Bakr Binladin as a defendant in the *Burnett 9849* action, a complaint that raised many of the same allegations as those which are the subject of the pending motion. Although a final order was entered, the *Burnett 9849* Plaintiffs chose not to appeal that dismissal to the Second Circuit. *See Terrorist Attacks I*, 349 F. Supp. 2d at 822.

2

| | | | |
|---|---|---|---|
| Omar Binladin | 04-5970 (*Continental Casualty*); 04-07279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege membership on the board of directors of two Saudi companies, Saudi Binladin Group and Mohammed Binladin Organization, but do not allege that Omar Binladin or either company expressly aimed any intentional tortious acts at residents of the United States. *See* Saudi Binladin Group and Mohammed Binladin Company discussions below.[3] |
| Tariq Binladin | 04-5970 (*Continental Casualty*); 04-07279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege that Tariq served in a "prominent role" in 1990 at the Saudi charity International Islamic Relief Organization ("IIRO"), but do not allege any action with respect to that charity or al Qaeda, much less any conduct directed at the United States.[4] |
| Yeslam Binladin | 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-07279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege that Yeslam was one of the signatories on accounts set up in August 1990, in the immediate wake of Saddam Hussein's invasion of Kuwait, at a Swiss bank in the names of each of the 54 members of the Binladin family, including Osama. Essentially all of the funds in Osama's sub-account were withdrawn in 1991, ten years before the September 11 attacks and five years before plaintiffs claim Osama first publicly declared war on the United States. Plaintiffs do not allege that Yeslam took any action with respect to Osama's account, much less any action directed at the United States. |
| Binladin Group International ("BGI") | 04-5970 (*Continental Casualty*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege that BGI was a party to the contract with the Sudanese government for the construction of the Port Sudan airport in 1989-92. *See* Mohammed Binladin Company discussion below. |

---

[3] Judge Casey has already dismissed Omar Binladin as a defendant in the *Burnett 9849* action, a complaint which raised identical allegations as those which are the subject of the pending motion. Although a final order was entered, the *Burnett 9849* Plaintiffs chose not to appeal that dismissal to the Second Circuit. *Terrorist Attacks I*, 349 F. Supp. 2d at 822.

[4] Judge Casey has already dismissed Tariq Binladin as a defendant in the *Burnett 9849* action, a complaint which raised identical allegations as those which are the subject of the pending motion. Although a final order was entered, the *Burnett 9849* Plaintiffs chose not to appeal that dismissal to the Second Circuit. *Terrorist Attacks I*, 349 F. Supp. 2d at 822.

| | | | |
|---|---|---|---|
| Dallah Avco Trans-Arabia Co., Ltd. | 02-6977 (*Ashton*); 03-6978 (*Federal Insurance*) | Personal Jurisdiction | **Personal Jurisdiction:** Plaintiffs have failed to allege facts sufficient to show minimum contacts for due process purposes, or for specific or general jurisdiction. Plaintiffs' conclusory allegation that Dallah Avco funded al Qaeda by paying the salary of an employee who allegedly supported the 9/11 highjackers is insufficient to establish that Dallah Avco expressly aimed intentional tortious acts at residents of the United States, as "[a]n employee's actions cannot be a basis for employer liability unless the employee was acting in furtherance of the employer's business." *Terrorist Attacks I*, 349 F. Supp. 2d at 836 (citing *Tasso v. Platinum Guild Int'l.*, No. CIV8288, 1997 WL 16066, at * 6 (S.D.N.Y. Jan. 16, 1997). |
| DMI Administrative Services S.A. ("DMI S.A.") | 03-9849 (*Burnett*); 04-7065 (*Cantor Fitzgerald*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-1923 (*O'Neill v. Al Baraka*); 04-7280 (*WTC*) | Personal Jurisdiction | **Personal Jurisdiction:** Plaintiffs have failed to allege facts sufficient to show minimum contacts for due process purposes or either specific or general jurisdiction. In particular, plaintiffs' conspiracy theory of jurisdiction, based on conclusory allegations of charitable donations and provision of routine banking services, fails to demonstrate that DMI S.A. ever directed any tortious act at this forum. Plaintiffs have also failed to show that DMI S.A. has ever conducted business in New York, sufficient to establish general jurisdiction or to invoke New York's long-arm statute. |
| Dubai Islamic Bank ("DIB") | 02-6977 (*Ashton*); 03-9849 (*Burnett*); 04-7065 (*Cantor Fitzgerald*); 04-5970 (*Continental Casualty*); 04 7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-1923 (*O'Neill v. Al Baraka*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **Personal Jurisdiction:** The Second Circuit determined that personal jurisdiction in American courts is not established by merely alleging that the defendant intended to fund al Qaeda through donations to Muslim charities. Plaintiffs alleged far less than that against DIB. For example, the RICO statement's allegation that "the hijackers also use DIB to donate to Muslim charities" is insufficient to establish that DIB expressly aimed intentional tortious acts at residents of the United States. |

4

| | | | |
|---|---|---|---|
| Faisal Islamic Bank-Sudan ("FIBS") | 02-6977 (*Ashton*); 03-9849 (*Burnett*); 04-7065 (*Cantor Fitzgerald*); 04-5970 (*Continental Casualty*); 03-7279 (*Euro Brokers*); 03-3978 (*Federal Insurance*); 04-1923 (*O'Neill v. Al Baraka*); 04-7280 (*WTC*) | Personal Jurisdiction | **Personal Jurisdiction:** Plaintiffs' theory of liability rests solely on allegations that, several years before the September 11 attacks were contemplated or planned, al Qaeda supporters had depository accounts at FIBS, or at banks at which FIBS was a shareholder. This argument is insufficient to establish personal jurisdiction. Plaintiffs do not (and cannot in good faith) allege that FIBS "directed the September 11 attacks or commanded an agent (or authorized al Qaeda) to commit them." *In re Terrorist Attacks on Sept. 11, 2001*, 538 F.3d 71 at 94 (2d Cir. 2008) ("*Terrorist Attacks III*"). Finally, Plaintiffs plead no facts showing that FIBS provided funding or other assistance to those involved in the September 11 attacks or otherwise "engaged in 'intentional, and allegedly tortuous, actions . . . expressly aimed' at residents of the United States." *Id.* at 93. |
| Safer Al-Hawali | 03-9849 (*Burnett*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda or making public statements about religious issues, or serving as an agent of a charity in Ireland, are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |
| Hamad Al-Husaini | 04-7279 (*Euro Brokers*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda, or that he was listed in the so-called "Golden Chain," or that he supported a Dutch charity, are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, as Judge Casey found in dismissing him from the *Burnett 9849* complaint. *See Terrorist Attacks I*, 349 F. Supp. 2d 765, 818. |
| Saleh Al-Hussayen | 03-9849 (*Burnett*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | FSIA; Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **FSIA:** Defendant, the General President of the Committee of the Two Holy Mosques, is an "agency or instrumentality" of Saudi Arabia and is immune from suit to the same extent as are Prince Sultan, Prince Turki, Prince Naif, and Prince Salman.<br><br>**Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda, or participating in Islamic charities, or serving on the charity board of the Al Rajhi Bank (which Judge Casey dismissed from this case), or assisting his nephew (who was acquitted of all terrorism charges in a jury trial in Idaho), are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |

| | | | |
|---|---|---|---|
| Abdul Aziz bin Ibrahim Al-Ibrahim | 04-5970 (*Continental Casualty*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 03-5071 (*Salvo*) | Personal Jurisdiction | **Personal Jurisdiction:** Plaintiffs' generic allegations that Sheikh Abdul Aziz bin Ibrahim Al-Ibrahim supported an Islamic charity are insufficient to establish that he expressly aimed intentional tortious acts at residents of the United States. Indeed, allegations that some defendants "supported Muslim charities knowing that their money would be diverted to al Qaeda, which then used the money to finance the September 11 attacks," *Terrorist Attacks III*, 538 F.3d at 95 (2d Cir. 2008), are insufficient to establish personal jurisdiction, and plaintiffs' burden of proof on jurisdiction "is not satisfied by the allegation that the [defendants] intended to fund al Qaeda through their donations to Muslim charities." *Id.* |
| Ibrahim bin Abdul Aziz Al-Ibrahim Foundation | 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 03-5071 (*Salvo*); 04-7280 (*WTC*) | Personal Jurisdiction | **Personal Jurisdiction:** Plaintiffs' generic allegations of tenuous links to al Qaeda are insufficient to establish that the Ibrahim bin Abdul Aziz Al-Ibrahim Foundation expressly aimed intentional tortious acts at residents of the United States. Indeed, "[e]ven if the [defendants] were reckless in monitoring how their donations were spent, or could and did foresee that recipients of their donations would attack targets in the United States, that would be insufficient to ground the exercise of personal jurisdiction." *Terrorist Attacks III*, 538 F.3d at 94-95 (internal quotations omitted). |
| Yousef Jameel | 03-9849 (*Burnett*); 04-07279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*N.Y. Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs' conclusory allegations of contributions to Islamic charities and causes fail to establish that Mr. Jameel directed any activities toward the United States or knew about al Qaeda's activities or intentions against the United States. Judge Casey rejected as nonprobative allegations based upon the "Golden Chain" list, and the Second Circuit rejected as unavailing similar claims of indirect funding. |
| Zahir Kazmi | 04-5970 (*Continental Casualty*); 02-7300 (*Tremsky*); 03-5071 (*Salvo*) | Personal Jurisdiction | **Personal Jurisdiction:** Plaintiffs' generic allegations as to this individual accountant, who was an independently retained accountant for Global Relief Foundation, are clearly insufficient to establish that he expressly aimed any tortious acts at residents of New York or any forum states of the complaints. Moreover, he has not been properly served in several of the actions.[5] |

---

[5] Current counsel for Mr. Kazmi was retained in 2007. Mr. Kazmi has not yet gained the Court's permission to move to dismiss the remaining claims against him. In the event that plaintiffs seek to pursue claims against Mr. Kazmi in the wake of the Second Circuit's decision – Mr. Kazmi has already been voluntarily dismissed from two cases – Mr. Kazmi stands ready promptly to move to dismiss all claims against him.

| | | | |
|---|---|---|---|
| Abdulrahman Bin Mahfouz | 02-6977 (*Ashton*); 04-5970 (*Continental Casualty*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*) | Personal Jurisdiction | **Personal Jurisdiction:** Plaintiffs have failed to allege specific facts from which it could be inferred that Mr. Bin Mahfouz engaged in any "intentional, and allegedly tortious, actions . . . expressly aimed" at the United States. Judge Casey dismissed Mr. Bin Mahfouz from *Burnett 9849* on substantially identical allegations to those in the remaining cases – i.e., Mr. Bin Mahfouz's alleged affiliations with the Muwafaq (Blessed Relief) charity and with National Commercial Bank. The Second Circuit has held with respect to other defendants that similar allegations regarding charities and financial institutions do not suffice. Judge Casey held further that Mr. Bin Mahfouz's alleged contacts with the United States were insufficient for general personal jurisdiction. |
| Khalid Bin Mahfouz | 02-6977 (*Ashton*); 02-1616 (*Burnett*)[6]; 03-9849 (*Burnett*); 04-7065 (*Cantor Fitzgerald*); 04-5970 (*Continental Casualty*); 04-07279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-1923 (*O'Neill v. Al Baraka*) 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege that Mr. Bin Mahfouz: (1) created and provided initial funding in 1991-1992 for a Jersey Isle charity called Muwafaq, which ceased its operations by 1998;[7] (2) is included on the so-called "Golden Chain" document found in the offices of a Bosnian charity (which Judge Casey found insufficient to establish jurisdiction because of its "serious foundational flaws" and lack of probative value, *Terrorist Attacks I*, 349 F. Supp 2d at 817); and (3) was a top executive, prior to his resignation in 1999, at the National Commercial Bank of Saudi Arabia, which in turn is alleged to have provided financial services to and to have directed contributions to Islamic charities which Plaintiffs characterize as al Qaeda fronts. Plaintiffs allege no connection between any of this conduct and the United States, much less the September 11 attacks. The first and third allegations present the identical scenario as those rejected by the Second Circuit with respect to other defendants. |
| Mohammed Binladin Company ("MBC") | 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege that MBC and SBG participated in the construction of the Port Sudan Airport from 1989-92 pursuant to a contract with the government of Sudan (before Sudan was designated as a state sponsor of terrorism by the United States), and allege (falsely) that a construction company controlled by Osama bin Laden had some undefined role in that project. Not only was the Port Sudan project completed years before Osama bin Laden publicly declared war on the United States, but plaintiffs cannot show that MBC's or SBG's participation in a legitimate public works project in the Sudan constitutes tortious conduct expressly aimed at residents of the United States. |

---

[6] Motions to dismiss in 02-1616 (*Burnett*) were filed in the United States District Court for the District of Columbia prior to the transfer to this Court.

[7] Judge Casey previously held that the involvement of Khalid Bin Mahfouz's son, Abdulrahman Bin Mahfouz, with that same charity was insufficient to allow the exercise of personal jurisdiction over him. *See Terrorist Attacks I*, 349 F. Supp. 2d at 820.

| Defendant | Cases | Grounds | Argument |
|---|---|---|---|
| Mohamed Al Mushayt | 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda, including through alleged business transactions which the recipient (Zouaydi) allegedly diverted to al Qaeda in Germany without this defendant's knowledge (even though the 9/11 Commission found that there was no evidence that Zouaydi funded the plot participants), are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |
| Mushayt for Trading Establishment | 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04 6105 (*NY Marine*); 04 7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda, including through alleged business transactions which the recipient (Zouaydi) allegedly diverted to al Qaeda in Germany without this defendant's knowledge (even though the 9/11 Commission found that there was no evidence that Zouaydi funded the plot participants), are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |
| National Commercial Bank ("NCB") | 03-MDL-1570 (*All Cases*) | Personal Jurisdiction (specific) | **Personal Jurisdiction:** Plaintiffs' theory of specific jurisdiction over NCB is based on their jurisdictionally-insufficient allegations (1) that, in Saudi Arabia, NCB "funneled," "channeled," and/or "transferred" funds to two overseas Islamic charities – Muwafaq and the International Islamic Relief Organization ("IIRO") – at a time when Khalid Bin Mahfouz and other members of his family owned the majority of NCB's shares, *see Ashton* 6AC ¶¶ 423, 429, 431-32; *Burnett 9849* 3AC ¶¶ 88, 94, 96; *Federal Insurance* 1AC ¶¶ 286, 292 (not specifying whether such funds belonged to NCB, its owners or NCB customers); and (2) that NCB was a "financial conduit" in Saudi Arabia for donations by others to various overseas Islamic charities, including Muwafaq, IIRO, and the Saudi Joint Relief Committee for Kosovo and Chechnya, by maintaining bank accounts for them and providing other banking services, including loans and credit facilities, in Saudi Arabia at a time when the Bin Mahfouz family owned the majority of NCB's shares. *See Ashton* 6AC ¶¶ 423-24, 430, 432; *Burnett 9849* 3AC ¶¶ 88-89, 95-96; *Federal Insurance* 1AC ¶¶ 290-95. |
| Salman Al-Oadah | 03-9849 (*Burnett*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda or making public statements about religious issues are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |

8

| | | | |
|---|---|---|---|
| Abdullah bin Saleh Al Obaid | 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 02-7300 (*Tremsky*); 04-7280 (*WTC*) | FSIA; Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process. | **FSIA:** Defendant, the Minister of Education of Saudi Arabia, is an "agency or instrumentality" of Saudi Arabia and is immune from suit to the same extent as are Prince Sultan, Prince Turki, Prince Naif, and Prince Salman.<br><br>**Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda, or serving as an officer of a charity, are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |
| Abdullah Al Rajhi | 02-6977 (*Ashton*); 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 02-7300 (*Tremsky*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege that Abdullah Al Rajhi supported and financially contributed to the Saar Foundation and other related charitable entities, which plaintiffs allege were run and operated by other individuals. Plaintiffs further allege that he was an officer of the Al Rajhi Bank, which has been dismissed as a defendant in all cases. Plaintiffs' allegations concerning this defendant's alleged involvement with and donations to charities or businesses, his role with a Saudi bank that was providing routine banking services, and plaintiffs' generic allegations of terrorism support, are insufficient to establish that Abdullah Al Rajhi expressly aimed intentional tortious acts at residents of the United States. These allegations are therefore insufficient to support personal jurisdiction. |
| Khalid Al Rajhi | 02-7300 (*Tremsky*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Khalid Al Rajhi has been dismissed voluntarily in every other case in which he was sued except for this one. The plaintiff in this case failed to file a response to Mr. Al Rajhi's motion to dismiss. The plaintiff makes only generic allegations of terrorism support that are insufficient to establish that Mr. Al Rajhi expressly aimed intentional tortious acts at residents of the United States. The allegations are therefore insufficient to support personal jurisdiction. |
| Saleh Al Rajhi | 02-6977 (*Ashton*); 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 02-7300 (*Tremsky*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs make only generic allegations of terrorism support that are insufficient to establish that Saleh Al Rajhi expressly aimed intentional tortious acts at residents of the United States. The allegations are therefore insufficient to support personal jurisdiction. |

| | | | |
|---|---|---|---|
| Sulaiman Al Rajhi | 02-6977 (*Ashton*); 03-9849 (*Burnett*); 04-7065 (*Cantor Fitzgerald*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-1923 (*O'Neill v. Al Baraka*); 02-7300 (*Tremsky*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege that Sulaiman Al Rajhi supported and financially contributed to the Saar Foundation and other related charitable entities, which plaintiffs allege were run and operated by other individuals. Plaintiffs further allege that he was an officer of the Al Rajhi Bank, which has been dismissed as a defendant in all cases. Plaintiffs' allegations concerning this defendant's alleged involvement with and donations to charities or businesses, his role with a Saudi bank that was providing routine banking services, and plaintiffs' generic allegations of terrorism support, are insufficient to establish that Sulaiman Al Rajhi expressly aimed intentional tortious acts at residents of the United States. These allegations are therefore insufficient to support personal jurisdiction. |
| Saudi Binladin Group ("SBG")[8] | 02-6977 (*Ashton*); 02-1616 (*Burnett*) | Personal Jurisdiction; Failure to State a Claim | **Personal Jurisdiction:** Plaintiffs allege: (1) construction of the Port Sudan Airport from 1989-92 pursuant to a contract with the government of Sudan (*see* Mohammed Binladin Company discussion above); (2) that Osama bin Laden's name was still listed in the shareholder register of SBG, a Saudi company (a demonstrably false allegation, but one which would not constitute tortious conduct expressly aimed at the United States); and (3) that an SBG executive introduced a company owned by Yassin Kadi as a potential investor in Global Diamond Resources ("GDR"), a U.S. holding company that owned gold mines in South Africa. Yassin Kadi was subsequently designated as a terrorist financier, a charge he denies. Plaintiffs cannot show that SBG's alleged introduction was tortious conduct expressly aimed at the United States, or that Kadi's investment in GDR had any connection whatsoever to any terrorist attack in the United States or anywhere else. |
| Saudi Joint Relief Committee ("SJRC") | 03-6978 (*Federal Insurance*) | FSIA; Personal Jurisdiction | **FSIA:** Defendant is an "agency or instrumentality" of Saudi Arabia and is immune from suit to the same extent as Saudi Arabia and the Saudi High Commission.<br><br>**Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda are insufficient to establish that the SJRC expressly aimed intentional tortious acts at residents of the United States. |

---

[8] SBG does not have a motion to dismiss currently pending because it has been in jurisdictional discovery for more than three years. It intends to submit a renewed motion to dismiss at the earliest opportunity once its discovery against plaintiffs is completed.

| | | | |
|---|---|---|---|
| Saudi Red Crescent Society ("SRCS") | 02-6977 (*Ashton*); 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 02-7300 (*Tremsky*); 04-7280 (*WTC*) | FSIA; Personal Jurisdiction; Failure to State a Claim | **FSIA:**  Defendant is an "agency or instrumentality" of Saudi Arabia and is immune from suit to the same extent as Saudi Arabia and the Saudi High Commission.<br><br>**Personal Jurisdiction:**  Plaintiffs' generic allegations of funding al Qaeda, through provision of humanitarian relief to refugees in Europe and Asia, are insufficient to establish that the SRCS expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |
| Schreiber & Zindel Treuhand Anstalt, Frank Zindel, Engelbert Schreiber, Sr., and Engelbert Schreiber, Jr. | 04-1923 (*O'Neill v. Al Baraka*); 04-1076 (*O'Neill v. Iraq*) | Insufficiency of Service of Process; Personal Jurisdiction | **Personal Jurisdiction:**  Plaintiffs' generic allegations of funding al Qaeda are insufficient to establish that the Schreiber & Zindel Defendants expressly aimed intentional tortious acts at residents of the United States. |
| Al Shamal Islamic Bank | 02-6977 (*Ashton*); 04-7065 (*Cantor Fitzgerald*); 04-5970 (*Continental Casualty*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-1923 (*O'Neill v. Al Baraka*) | Personal Jurisdiction | **Personal Jurisdiction:**  Plaintiffs have failed to allege facts sufficient to show minimum contacts for due process purposes, or for specific or general jurisdiction.  Plaintiffs' attenuated and conclusory allegations of funding al Qaeda are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States. |
| Abdul Rahman Al Swailem | 02-6977 (*Ashton*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 02-7300 (*Tremsky*); 04-7280 (*WTC*) | FSIA; Personal Jurisdiction; Failure to State a Claim | **FSIA:**  Defendant, the former Deputy Minister of Health, and currently a member of the parliament of Saudi Arabia, is an "agency or instrumentality" of Saudi Arabia and is immune from suit to the same extent as are Prince Sultan, Prince Turki, Prince Naif, and Prince Salman.<br><br>**Personal Jurisdiction:**  Plaintiffs' generic allegations of funding al Qaeda are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |

11

| Tadamon Islamic Bank | 03-6978 (*Federal Insurance*); 04-1923 (*O'Neill v. Al Baraka*) | Personal Jurisdiction | **Personal Jurisdiction:** Plaintiffs have failed to allege facts sufficient to show minimum contacts for due process purposes, or for specific or general jurisdiction. Plaintiffs' attenuated and conclusory allegations of funding al Qaeda are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States. |
|---|---|---|---|
| Sheikh Abdullah bin Khalid Al Thani | 03-9849 (*Burnett*); 04-7279 (*Euro Brokers*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | FSIA; Personal Jurisdiction | **FSIA:** Sheikh Abdullah, at all relevant times a high-ranking official of the government of Qatar and, since 1997, Qatar's Minister of the Interior, is an "agency or instrumentality" of Qatar immune from suit for all acts taken in his official capacity, which are all the acts that are alleged in the More Definite Statement filed in the *Euro Brokers*, *World Trade Center*, and *Burnett 9849* actions.<br><br>**Personal Jurisdiction:** The conclusory allegations in plaintiffs' More Definite Statement that Sheikh Abdullah provided assistance to al Qaeda in Qatar, even if true, are not allegations that Sheikh Abdullah engaged in any intentional and tortious action expressly aimed at residents of the United States, and therefore, do not suffice to establish jurisdiction. |
| Abdullah Muhsen Al Turki | 02-6977 (*Ashton*); 03-9849 (*Burnett*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | FSIA; Personal Jurisdiction; Failure to State a Claim; Insufficient Service of Process | **FSIA:** Defendant, an Advisor to the Royal Court of Saudi Arabia, and formerly the Minister of Islamic Affairs and a member of the Counsel of Ulema (Senior Council of Scholars), is an "agency or instrumentality" of Saudi Arabia and is immune from suit to the same extent as are Prince Sultan, Prince Turki, Prince Naif, and Prince Salman.<br><br>**Personal Jurisdiction:** Plaintiffs' generic allegations of funding al Qaeda, including through alleged business transactions which the recipient (Zouaydi) allegedly diverted to al Qaeda in Germany without this defendant's knowledge (even though the 9/11 Commission found that there was no evidence that Zouaydi funded the plot participants), or that this defendant organized a conference in 2002, after the Sept. 11 attacks, are insufficient to establish that this defendant expressly aimed intentional tortious acts at residents of the United States, and are insufficient to establish personal jurisdiction. |

| | | | |
|---|---|---|---|
| Martin Wachter, Erwin Wachter, Sercor Treuhand Anstalt and Asat Trust Reg | 02-6977 (*Ashton*); 03-9849 (*Burnett*); 04-7065 (*Cantor Fitzgerald*); 04-5970 (*Continental Casualty*); 04-7279 (*Euro Brokers*); 03-6978 (*Federal Insurance*); 04-6105 (*NY Marine*); 04-7280 (*WTC*) | Personal Jurisdiction; Insufficient Service of Process | **Personal Jurisdiction:** The plaintiffs' vague allegations are insufficient to establish that the defendants engaged in intentional and tortious acts expressly aimed at residents of the United States.  Even if the defendants were reckless in monitoring how the alleged donations were spent, or could and did forsee that recipients of the alleged donations would attack the United States, that would be insufficient to ground the exercise of personal jurisdiction.  *Terrorist Attacks III*, 583 F.3d at 94-95. |
| Ahmed Zaki Yamani | 03-9849 (*Burnett*); 04-7279 (*Euro Brokers*); 04-7280 (*WTC*) | Personal Jurisdiction; Failure to State a Claim; Defective Service | **Personal Jurisdiction:** Plaintiffs' allegation that Mr. Yamani was the former Oil Minister of Saudi Arabia in the 1980s is even more remote than the allegations against Saudi officials that the Second Circuit found "far too attenuated to establish personal jurisdiction." *Terrorist Attacks III*, 538 F.3d at 95.  Plaintiffs' allegation of the mere appearance of Mr. Yamani's name (if indeed his name is there, which is not accepted) on the so-called "Golden Chain," a document found in the offices of a charity in Bosnia, is insufficient to establish personal jurisdiction under the standard articulated by the Second Circuit and has already been rejected by Judge Casey.  *See Terrorist Attacks I*, 349 F. Supp. 2d at 817. |