# Exhibit C

# 06-0319-cv(L),

06-0321-CV (CON);
06-0348-CV (CON); 06-0397-CV (CON); 06-0398-CV (CON); 06-0436-CV
(CON); 06-0442-CV (CON); 06-0453-CV (CON); 06-0458-CV (CON); 06-
0461-CV (CON); 06-0473-CV (CON); 06-0477-CV (CON); 06-0487-CV
(CON); 06-0657-CV (CON); 06-0674-CV (CON); 06-0693-CV (CON);
06-0700-CV (CON); 06-0702-CV (CON),

## United States Court of Appeals

*for the*

## Second Circuit

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF OF THE *O'NEILL* PLAINTIFFS-APPELLANTS

JERRY S. GOLDMAN
FREDERICK J. SALEK
LAW OFFICES OF
  JERRY S. GOLDMAN
  & ASSOCIATES, P.C.
*Attorneys for the O'Neill*
  *Plaintiffs-Appellants*
111 Broadway, Suite 1305
New York, New York 10006
(212) 242-2232

# TABLE OF CONTENTS

TABLE OF CONTENTS..........................................................................................i

TABLE OF AUTHORITIES ...................................................................................ii

PRELIMINARY STATEMENT ...........................................................................1

JURISDICTIONAL STATEMENT ......................................................................3

STATEMENT OF ISSUES PRESENTED FOR REVIEW ...................................5

PRELIMINARY STATEMENT UNDER LOCAL RULE 28(2)..........................5

STATEMENT OF THE CASE..............................................................................5

STATEMENT OF FACTS· ...................................................................................9

SUMMARY OF ARGUMENT ...........................................................................32

ARGUMENT ......................................................................................................32

CONCLUSION ...................................................................................................37

CERTIFICATION OF PAGES AND/OR WORDS..............................................38

terrorist attacks that killed and injured the plaintiffs and destroyed their property.
KSA ¶¶ 40, 143-6, 148, 163, 165, 171-2, 176, 178-9, 181-2 [A 2102, 2126, 2127,
2130, 2131, 2132, 2133, 2134]; SAC ¶¶ 137, 140, 144-46, 150, 153-4, 160-3, 164,
167, 170, 173-4, 180 [SA 47, 48, 49, 50-51, 51-52, 53, 53-54, 54, 55, 56]; KSA
RICO ¶¶ 14-17 [A 4135-36]; Prince Mohammed RICO ¶¶ 14-17 [A 4821-37].

The plaintiffs have brought the instant actions, in a United States court, in an
effort, utilizing statutory and common law remedies, designed to afford them
redress for such harm.  They seek to use the American system of justice to seek
accountability for those who participated in these barbaric acts.

## SUMMARY OF ARGUMENT

The O'Neill plaintiffs-appellants respectively join, adopt, and incorporate by
reference in the instant appeal and brief the Summaries of Argument asserted in the
respective Joined Briefs.

## ARGUMENT

The *O'Neill* plaintiffs-appellants respectively join, adopt, and incorporate by
reference in the instant appeal and brief the Arguments asserted in the respective
Joined Briefs pursuant to Fed. R. App. P. 28(i).  Joinder of the Arguments asserted in
the Joined Briefs is proper because the causes of action and claims for relief asserted in
the *O'Neill* action are in almost every respect duplicative of the causes of action and

claims for relief found in the complaints and record of the actions consolidated with this appeal.

The O'Neill plaintiffs-appellants, however, wish to expand upon the argument raised in the *Ashton* brief as to Prince Mohammed - namely the error by the district court in failing to find an alternative basis of personal jurisdiction as to Prince Mohammed due to his participation in the conspiracy, as alleged, at length, in the pleadings.

In certain situations, a defendant may be considered to have established contacts through the acts of a third party, such as the actions by a co-conspirator.[17]  By joining a conspiracy, knowing that acts in furtherance of the conspiracy have taken place or will take place in the forum state, the defendant purposefully avails himself of the privileges of the forum state and should reasonably expect to be haled into court there. *See, e.g., Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 581-2 (E.D.N.Y. 1998); *Allstate Life Ins. Co. v. Linter Grp. Ltd.,* 782 F. Supp. 215, 220-222 & n.6 (S.D.N.Y. 1992) (plaintiff must "(1) make a prima facie factual showing of a conspiracy, (2) allege specific facts warranting the *inference* that the defendant was a

---

[17] The New York long arm statute, N.Y. Civ. Prac. L. & R. 302(a) (McKinney 2003) provides that there is personal jurisdiction over non-domiciliaries, who act via agents.  For purposes of the New York long arm statute, N.Y. Civ. Prac. L. & R. 302(a) (McKinney 2003), a co-conspirator may be an agent.  *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122-3 (2d Cir. 1981); *Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 581 (E.D.N.Y. 1998); *Best Cellars Inc. v. Grape Finds at Dupont, Inc.*, 90 F. Supp. 2d 431, 445-6 (S.D.N.Y. 2000).

member; and (3) show that defendant's co-conspirator committed a tortious act pursuant to the conspiracy in this jurisdiction" *citing Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260 (S.D.N.Y. 1991)); *Singer v. Bell*, 585 F. Supp. 300, 302-3 (S.D.N.Y. 1984); *Best Cellars Inc. v. Grape Finds at Dupont, Inc.*, 90 F. Supp. 2d 431, 446 (S.D.N.Y. 2000).  *See Lehigh Valley Industries, Inc. v. Lehigh Colonial Corp*, 527 F.2d 87, 93 (2d Cir. 1975).  Merely asserting of the existence conspiracy, may not be sufficient to establish jurisdiction for purposes of N.Y. Civ. Prac. L. & R. 302(a)(2).  *Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 582 (E.D.N.Y. 1998) (plaintiff "must demonstrate (i) a prima facie factual showing of a conspiracy to commit a tort in New York; and (ii) allege specific facts warranting the *inference* that the defendant was a member of the conspiracy").[18]

To make a prima facie showing of conspiracy, the plaintiff must allege the primary tort and the following four elements:

    (i)    a corrupt agreement between two or more parties;

    (ii)    an overt act in furtherance of the agreement;

    (iii)    the parties intentional participation in the furtherance of the plan or purpose; and,

    (iv)    the resulting damage or injury.

---

[18] A conspiracy can rarely be proved by direct evidence and usually is established by circumstantial evidence and the totality of conduct of the parties and the reasonable inferences which can be drawn therefrom; mere speculation and conjecture are not enough. *Singer v Bell,* 585 F. Supp. 300, 303-4 (S.D.N.Y. 1984).

*Cleft of the Rock Foundation v. Wilson*, 992 F. Supp. 574, 582 (E.D.N.Y. 1998),

*citing Kashi v. Gratsos,* 790 F.2d 1050, 1055 (1986).[19]

The prima facie showing of conspiracy requires allegations of the primary

tort (in this case, the attacks of September 11) and four additional elements: (1) a

corrupt agreement between two or more parties; (2) an overt at in furtherance of

the agreement; (3) the defendant's intentional participation in the furtherance of a

plan; and (4) resulting damage or injury. *See Simon v. Philip Morris, Inc.*, 86 F.

Supp. 2d 95, 120 (E.D.N.Y. 2000); *see also Chrysler Capital*, 778 F. Supp. at

1267.  The district court held that: "[t]o warrant the inference that a defendant was

a member of the conspiracy, plaintiffs must show that "(a) the defendant had an

awareness of the effects in New York of its activity; (b) the activity of the co-

conspirators in New York was to the benefit of the out-of-state conspirators; and

(c) the co-conspirators acting in New York acted 'at the direction or under the

control' or 'at the request of or on behalf of' the out-of-state defendant." *In re*

*Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 805 (S.D.N.Y.

2005).

As set forth in the instant Statement of Facts, as well as those of the co-

appellants, the pleadings more than amply allege the existence of the corrupt

agreement (the conspiracy or Enterprise), the overt acts (e.g., the September 11

---

[19] It should be noted that these cases pre-date the Supreme Court's re-emphasis of
the directive of notice pleading as provided for in Fed. R. Civ. P. 8(a).

attacks), Prince Mohammed's participation in furtherance of its plan and purpose,[20] and the resulting damage or injury.

Accordingly, there exists a sufficient alternative basis for asserting personal jurisdiction as to Prince Mohammed, and the decision of the district court must be reversed, or, in the alternative, as set forth in the Joinder Briefs, jurisdictional discovery granted.

---

[20] The *Ashton* brief discusses allegations contained in the pleadings as to the defendant-appellee, Prince Mohammed's actions and activities.