# Exhibit D

# 06-0319-cv(L), 06-0321-CV (CON);
**06-0348-CV (CON); 06-0397-CV (CON); 06-0398-CV (CON); 06-0436-CV (CON); 06-0442-CV (CON); 06-0453-CV (CON); 06-0458-CV (CON); 06-0461-CV (CON); 06-0473-CV (CON); 06-0477-CV (CON); 06-0487-CV (CON); 06-0657-CV (CON); 06-0674-CV (CON); 06-0693-CV (CON); 06-0700-CV (CON); 06-0702-CV (CON),**

# United States Court of Appeals
*for the*
# Second Circuit

———————————

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**BRIEF OF THE *FEDERAL INSURANCE*
PLAINTIFFS-APPELLANTS**

*Of Counsel:*
STEPHEN B. BURBANK
3400 Chestnut Street
Philadelphia, PA 19104

STEPHEN A. COZEN
ELLIOTT R. FELDMAN
SEAN P. CARTER
COZEN O'CONNOR
*Attorneys for the Federal Insurance
   Plaintiffs-Appellants*
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, counsel for Plaintiffs-Appellants certifies the following:

Appellants Federal Insurance Company, Pacific Indemnity Company, Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, Chubb Insurance Company of Canada, Chubb Insurance Company of New Jersey, Great Northern Insurance Company, and Vigilant Insurance Company are members of the Chubb Group of Insurance Companies.  Appellants' parent organization, Chubb Corporation, a publicly traded corporation, owns more than 10% of their stock.

Appellants Zurich American Insurance Company, American Guarantee and Liability Insurance Company, American Zurich Insurance Company, Assurance Company of America, Colonial American Casualty and Surety Insurance Company, Fidelity and Deposit Company of Maryland, Maryland Casualty Company, Northern Insurance Company of New York, Steadfast Insurance Company, and Valiant Insurance Company are members of the Zurich Financial Services Group.  Appellants' parent organization, Zurich Financial Services Group, a publicly traded corporation, owns more than 10% of their stock.

Appellants One Beacon Insurance Company, One Beacon America Insurance Company, American Employers' Insurance Company, The Camden Fire

Insurance Association, and Homeland Insurance Company of New York are members of the One Beacon Insurance Group. Appellants' parent organization, White Mountains Insurance Group, a publicly traded corporation, owns more than 10% of their stock.

Appellants Crum & Forster Indemnity Company, North River Insurance Company, United States Fire Insurance Company, Seneca Insurance Company, and TIG Insurance Company are members of the Fairfax Financial Group. Appellants' parent organization, Fairfax Financial Holdings Ltd, a publicly traded corporation, owns more than 10% of their stock.

Appellants American Alternative Insurance Corporation, Great Lakes Reinsurance U.K. PLC, and The Princeton Excess and Surplus Lines Insurance Company are members of the Munich Re Group. Appellants' parent organization, Muenchener Rueckversicherungs, a publicly traded corporation, owns more than 10% of their stock.

Appellant Allstate Insurance Company is a member of The Allstate Insurance Group. Allstate Insurance Company is wholly owned by The Allstate Corporation, a publicly traded corporation.

Appellants Boston Old Colony Insurance Company, Continental Insurance Company, Commercial Insurance Company of Newark, NJ, CNA Casualty of California, Continental Insurance Company of New Jersey, Fidelity and Casualty

Company of New York, Glens Falls Insurance Company, and National Ben Franklin Insurance Company of Illinois are members of the CNA Insurance Companies. Appellants' parent organization, the CNA Financial Corporation, a publicly traded corporation, owns more than 10% of their stock.

Appellant Amlin Underwriting, Ltd. is a wholly-owned subsidiary of Amlin PLC and is a member of the Lloyds' Syndicate 2001.

Appellant Hiscox Dedicated Corporation Member, Ltd. is a member of Lloyds' Syndicate 33.

Appellants ACE American Insurance Company, ACE Capital V Ltd for itself and as representative of all subscribing underwriters for ACE Global Markets Syndicate 2488, ACE Bermuda Insurance Ltd, ACE INA (Canada), ACE Indemnity Insurance Company, ACE Insurance SA-NV, ACE Property & Casualty Insurance Company, Atlantic Employers Insurance Company, Bankers Standard Insurance Company, Indemnity Insurance Company of North America, Insurance Company of North America, Westchester Fire Insurance Company, Westchester Surplus Lines Insurance Company, and Pacific Employers Insurance Company are members of ACE INA Group. Appellants' parent organization, ACE Limited, a publicly traded corporation, owns more than 10% of their stock.

Appellant Woburn Insurance Ltd. is a captive insurance company, wholly owned by Viacom Inc.

Appellants AXA Corporate Solutions Assurance, AXA Corporate Solutions Insurance Company, AXA Corporate Solutions Assurance UK Branch, AXA Corporate Solutions Assurance (Canada), AXA RE Asia Pacific Pte. Limited, AXA RE, AXA RE Canadian Branch, AXA RE UK Plc., AXA Corporate Solutions Reinsurance Company, AXA Art Insurance Corporation, SPS Reassurance, AXA Re Madeira Branch, Compagnie Gererale de Reinsurance de Monte Carlo, AXA Versicherung AG, AXA Cessions and AXA Global Risks UK, Ltd. are members of the AXA Group.  Appellants' parent organization, AXA Group, a publicly traded corporation, owns more than 10% of their stock.

Respectfully submitted,

Dated: January 5, 2007            BY: _____
                                       Stephen A. Cozen, Esq.
                                       Elliott R. Feldman, Esq.
                                       Sean P. Carter, Esq.
                                       1900 Market Street
                                       Philadelphia, PA 19103
                                       Tele: (215) 665-2000
                                       Fax: (215) 665-2013

                                       Attorneys for Appellants

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT PURSUANT TO LOCAL RULE 28(2) ................................................................................................1

II. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ...................................................................................................1

III. STATEMENT OF ISSUES PRESENTED FOR REVIEW ...........................2

IV. STATEMENT OF THE CASE ...................................................................3

V. STATEMENT OF FACTS ..........................................................................6

VI. SUMMARY OF ARGUMENT .................................................................18

VII. ARGUMENT ............................................................................................20

    A. The Standard of Review ................................................................20

    B. The Defendant Bears the Burden to Demonstrate That an Exception to Immunity Does Not Apply ........................................21

    C. The District Court Committed Clear Error in Deciding the Motion to Dismiss of the Kingdom of Saudi Arabia Without Considering Whether the Conduct of the Kingdom's Controlled Charities and Alter Egos Fell Within the Tortious Act or Commercial Activity Exceptions of the FSIA ...................................22

    D. The Sponsorship of a Terrorist Organization That Has Declared *Jihad* Against the United States is Not a Discretionary Function Under the FSIA ..............................................................................27

    E. The District Court Erred in Holding That Plaintiffs Were Required to Come Forward With Particularized Facts or Evidence to Substantiate Their Allegations Against Princes Sultan and Turki Prior to Discovery ......................................................33

    F. The District Court Erred in Holding That Criminal Conduct Can Never Qualify as Commercial Activity Under the FSIA ............40

G.    The District Court Erred in Dismissing Plaintiffs' Claims Against Princes Mohamed, Sultan, Turki, Salman and Naif for Lack of Personal Jurisdiction .............................................................. 44

CONCLUSION ........................................................................................................ 46

As the foregoing discussion demonstrates, the criminal character of a foreign sovereign's conduct does not preclude application of the FSIA's commercial activity exception, and the district court committed error in endorsing such a bright line rule. In keeping with this Court's holding in Goodwin, the defendants' money laundering activities constitute a quintessential commercial activity, and the district court's dismissal of plaintiffs' claims arising from the defendants' money laundering services on behalf of al Qaida should be reversed. Goodwin, 141 F.3d at 399.

On remand, the district court should determine whether plaintiffs' money laundering claims meet the other requirements for applying the commercial activity exception, a question the district court did not reach in deciding any of the defendants' Motions to Dismiss and is therefore beyond the scope of the present appeals. See Gregorian v. Izvestia, 871 F.2d 1515, 1528 (9th Cir. 1989), cert. denied, 493 U.S. 891 (1989) (remanding case for determination whether "direct effect" sufficiently supported in evidentiary record); Gould, Inc. v. Pechiney Ugine Kuhlmann, 853 F.2d 445, 453 (6th Cir. 1988) (same).

### G. The District Court Erred in Dismissing Plaintiffs' Claims Against Princes Mohamed, Sultan, Turki, Salman and Naif for Lack of Personal Jurisdiction

The district court also erred in dismissing plaintiffs' claims against Princes Mohamed, Sultan, Turki, Salman and Naif for lack of personal jurisdiction. From its inception, al Qaida has been singularly dedicated to attacking America through acts of terrorism, an objective it has declared openly and repeatedly. As a result, those who have knowingly supported and sponsored that organization, as these defendants are alleged to have done, have purposefully directed their conduct at the

United States, and should reasonably anticipate being haled into court here.  <u>Morris v. Khadr</u>, 415 F. Supp. 2d 1323, 1335-36 (D. Ut. 2006).  Moreover, as members of al Qaida's conspiracy to attack America, the in-state acts of the other al Qaida conspirators are attributable to these defendants.  <u>Chrysler Capitol Corp. v. Century Power Corp</u>., 778 F. Supp. 1260, 1266 (S.D. N.Y. 1991).  Accordingly, plaintiffs made a *prima facie* showing of jurisdiction as to these defendants through the allegations of the FAC, and the district court erred in dismissing them for lack of personal jurisdiction.  On these points, plaintiffs adopt the arguments and points of error raised in:  The Principal Brief of the Euro Brokers and World Trade Center Properties Plaintiffs-Appellants; the Principal Brief of the Ashton Plaintiffs-Appellants; and Point II of the Principal Brief of the Burnett Plaintiffs-Appellants.