UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

IN RE: TERRORIST ATTACKS ON                    ORDER
SEPTEMBER 11, 2001                             03 MDL 1570 (GBD)(FM)

---------------------------------------------------------------x
This document relates to:
Gallop v. Riggs National Corp., 04 CV 7281 (GBD)(FM)
---------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

      Survivors and representatives of victims of the September 11, 2001 terrorist attacks commenced this action against defendants Riggs National Corporation and its subsidiary Riggs Bank, N.A. ("Riggs Bank") (collectively "Riggs.").[1] All of the plaintiffs, with the sole exception of plaintiff April Gallop, voluntarily dismissed their action. As the single remaining plaintiff, Ms. Gallop is prosecuting this action *pro se*. Since plaintiff is proceeding *pro se*, her submissions are to be liberally construed and interpreted to raise the strongest argument they suggest. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (*quoting* Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

      Plaintiff seeks to hold defendants liable for injuries she allegedly sustained in the terrorist attack on the Pentagon, in Virginia. Plaintiff alleges that defendants failed to comply with anti-money laundering statutes and regulations, and other national and international industry standards. Such purported noncompliance is alleged to have "significantly contributed to concealing the true source and/or destination of funds passing through accounts at Riggs Bank and *ultimately* being used for the benefit of terrorists, and *ultimately* facilitated and significantly contributed to the terrorists being able to complete their terrorist deeds on September 11, 2001

---

[1] In June of 2005, defendant Riggs National Corporation merged into the PNC Financial Services Group, Inc., and PNC Bank acquired the assets of Riggs Bank, N.A.

..." (Am. Comp. ¶ 2) (emphasis added). Plaintiff does not allege that the monies were transferred from Riggs Bank directly to a terrorist organization or to the terrorists themselves. Rather, she claims that the recipients of those transferred funds channeled the money to two of the September 11th hijackers. Plaintiff maintains that "[i]f Riggs had reported ... unusual or suspicious [financial] transactions in a timely manner, the United States authorities would have been alerted to the presence of the terrorist support [and would have been able] to intercede and prevent the terrorist hijackers from proceeding with their deadly plot." (Id. ¶ 2509). Plaintiff pleads causes of action, under both primary and concerted liability theories, for violation of the Antiterrorism Act, 18 U.S.C. § 2333, and state-law torts sounding in negligence, including negligent and/or intentional infliction of emotional injury.

Defendants moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the amended complaint for failure to state a claim upon which relief can be granted.[2] The late Judge Richard C. Casey, before whom this case was originally pending, referred the defendants' motion to Magistrate Judge Frank Maas for a Report and Recommendation ("Report"). Magistrate Judge Maas recommended that the motion be granted. He found that none of plaintiff's claims were tenable because: (1) defendants owed no legal duty to plaintiff; (2) plaintiff failed to plead factual allegations sufficient to show that it was plausible that tighter financial oversight would have averted the 9/11 tragedy; (3) the prospect that monies paid to third parties for a legitimate purpose might eventually find their way to terrorists through a series of unrelated transfers was, as a matter of law, not reasonably foreseeable; (4) plaintiff neither alleged facts nor does she

---

[2] Defendants seek, in the alternative, dismissal of all claims involving negligence and the intentional infliction of emotional distress on the grounds that they are time-barred.

contend that defendants violated any banking rules with the intention of aiding terrorists; (5) aiding and abetting in the material support of terrorism cannot survive in the absence of any showing of intentional conduct or an actionable tort; and (6) allegations of poor banking practices are insufficient to state a claim for either intentional or negligent infliction of emotional distress.[3]  In his Report, Magistrate Judge Maas advised the parties that failure to file timely objections to the Report will result in a waiver of those objections for purposes of appeal.  None of the parties have filed objections to the Report.

The Court may accept, reject or modify, in whole or in part, the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1).  The Court must make a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.  It is not required, however, that the Court conduct a *de novo* hearing on the matter.  See, United States v. Raddatz, 447 U.S. 667, 676 (1980).  Rather, "[i]t is sufficient that the district court 'arrive at its own, independent conclusion'" regarding those portions of the Report to which objections were made.  Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (*quoting* Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).  Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed findings and recommendations.  Raddatz, 447 U.S. at 676.  The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court

---

[3] Magistrate Judge Maas determined that dismissal of the state-law claims was warranted regardless of whether New York or Virginia state law was found to be controlling.

need only satisfy itself that there is no clear error on the face of the record." Nelson, 618 F.Supp. at 1189.

After thoroughly reviewing the Report, this Court finds that the record is not facially erroneous. Noncompliance with banking laws and industry standards is insufficient, standing alone, to render a bank liable for the acts of terror committed against the United States by terrorists, who were the recipients of monies that had passed through the bank while being channeled to them by third parties.

Accordingly, the Court adopts Magistrate Judge Maas' recommendation that defendants' motion be granted. Defendants' motion to dismiss the amended complaint, pursuant to Fed.R.Civ.P. 12(b)(6), is hereby granted.

Dated: New York, New York
December 23, 2008

SO ORDERED:

*George B. Daniel* (signature)
GEORGE B. DANIELS
United States District Judge
**HON. GEORGE B. DANIELS**

4