UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) ) ) | 03 MDL 1570 (GBD)(FM) ECF Case |

*This document relates to*:
    All Cases

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF
<u>MOTION FOR DECLARATORY RELIEF</u>**

February 23, 2009

**Table of Contents**

*page*
TABLE OF AUTHORITIES……………………………………………………………………...…ii

INTRODUCTION……………………………………………………………………………………1

BACKGROUND FACTS & NATURE OF THE DISPUTE……………………………………………….2

THE DECLARATORY RELIEF SOUGHT BY PLAINTIFFS IS PROPER…………………………………..5

REQUEST FOR RELIEF……………………………………………………………………………9

## Table of Authorities

**Cases**                                                                                                                                       **Pages**

*Alderman v. United States*,
    394 U.S. 166 (1969)..................................................................................................................8

*Broadview Chemical Corp. v. Loctite Corp.*,
    417 F.2d 998 (2d Cir. 1969)..................................................................................................5, 6, 9

*Duane Reade, Inc. v. St. Paul Fire & Marine Insurance Co.*,
    411 F.3d 384 (2d Cir. 2005)..................................................................................................5, 6

*Fort Howard Paper Co. v. William D. Witter, Inc.*,
    787 F.2d 784 (2d Cir. 1986)..................................................................................................7

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
    312 U.S. 270, 61 S. Ct. 510, 85 L. Ed. 826 (1941)..................................................................5

*Roe v. City of New York*,
    232 F. Supp. 2d 240 (S.D.N.Y. 2002)....................................................................................6

*Taglianetti v. United States*,
    394 U.S. 316 (1969)..................................................................................................................7

*United States v. Ajlouny*,
    629 F.2d 830 (2d Cir. 1980)..................................................................................................8

*United States v. Bin Laden*,
    126 F. Supp. 2d 26 (S.D.N.Y. 2000)......................................................................................7

*United States v. Southard*,
    700 F.2d 1 (1st Cir. 1983)......................................................................................................7

**Statutes, Rules and Regulations**

28 U.S.C. §2201................................................................................................................................5

**I.      INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201, all Plaintiffs in 03 MDL 1570 move for entry of declaratory judgment that the Court will securely keep and review *in camera* the documents the *Burnett* plaintiffs sent to the Court on August 25, 2008 ("the August 25 documents") to determine whether additional jurisdictional discovery as to defendant National Commercial Bank ("NCB") is warranted before Plaintiffs respond to NCB's renewed motion to dismiss for lack of personal jurisdiction.  The Department of Justice ("DOJ") has determined that at least some of the August 25 documents are classified and the *Burnett* plaintiffs have agreed to the DOJ's request to surrender the classified documents.  Given the gravity of the information and the Court's clearance to examine classified material, the Plaintiffs seek the Court's determination that it will retain and review the documents.  NCB opposes the Plaintiffs' request for *in camera* review of the classified documents.

The immediacy of the request arises not only from the need for the additional discovery before responding to NCB's renewed motion, but also from the need for the Court to exert its authority to retain and examine the classified evidence should the DOJ seek return of the documents from the Court.  Prompt resolution of this motion will alleviate the necessity for any ancillary litigation with the government concerning the need for the Plaintiffs to have access to and use of the documents or any of the evidence contained therein.  Accordingly, Plaintiffs urge the Court to promptly exert its authority to keep and review the documents.

Given the clear and immediate controversy, Plaintiffs request the Court to resolve this motion for declaratory relief under Rule 57 on an expedited basis.

## II.     BACKGROUND FACTS & NATURE OF THE DISPUTE

On July 11, 2008, the Court granted NCB's application for leave to renew its motion to dismiss for lack of personal jurisdiction.  03 MDL 1570 Dkt. # 2106.  That Order further provided that "[t]o the extent that plaintiffs believe that additional jurisdictional discovery is necessary prior to filing a response, a specific discovery request and a request for a stay or extension of the time in which to respond to the motion should be made to the magistrate judge." *Id.*

After NCB filed its renewed motion on July 22, 2008, Dkt. # 2110, and pursuant to the Court's July 11, 2008 order, the various Plaintiffs submitted three distinct letter applications to Judge Maas on August 15, 2008, asking Judge Maas for leave to serve additional jurisdictional discovery on NCB and to extend the time to respond to NCB's renewed motion until that jurisdictional discovery was completed.[1]  In the letter applications, Plaintiffs identified specific jurisdictional discovery requests concerning NCB and presented legal arguments as well as multiple supporting factual data demonstrating the need for the discovery sought.  *See* Letter Applications attached to Haefele Decl. as Exhibits A, B, and C, and attachments thereto.

On August 25, 2008, in further support of Plaintiffs' August 15, 2008 requests for additional jurisdictional discovery, the *Burnett* plaintiffs submitted to the Court additional documents that supported the propriety of Plaintiffs' requested additional jurisdictional discovery.  Because of the possibility that some of the August 25 documents were classified, they were sent to the Court under seal with a copy to the DOJ, and a copy of the cover letter was

---

[1] More specifically, on August 15, 2008, three letter applications requesting that relief were submitted to Magistrate Judge Maas separately from (1) the *Burnett* and *Ashton* Plaintiffs, (2) the *Federal Insurance* Plaintiffs, and (3) the *O'Neill, Cantor, Continental,* and *N.Y. Marine* Plaintiffs.  *See* Letter Applications attached to Declaration of Robert T. Haefele (Haefele Decl.), respectively, as Exhibits A, B, and C.

sent to counsel for NCB.[2]  *See* Cover Letters to the Hon. Frank Maas, U.S.M.J. and to Assistant U.S. Attorney Sarah S. Normand, attached to Haefele Decl. as Exhibits D and E.[3]  On August 27, 2008, the U.S. Attorney's Office wrote to Judge Maas to advise that a preliminary review indicated that at least some of the August 25 documents remained classified and directed that the documents should be treated as classified national security information.  *See* August 27, 2008 Letter of Assistant U.S. Attorney Sarah S. Normand to Hon. Frank Maas, U.S.M.J., attached to Haefele Decl. as Exhibit F.

On August 26 and 28, 2008, defense counsel for NCB wrote to Judge Maas objecting to Plaintiffs' requests that the Court review *in camera* the August 25 documents, which prompted responses from plaintiffs' counsel on August 27 and September 2, 2008.  *See* Correspondence at Haefele Decl., Exhibits G, H, I, and J.

On September 5, 2008, Judge Maas ruled that "[t]o afford the Court additional time to consider the plaintiffs' discovery motions, their time to respond to defendant National Commercial Bank's recently-filed motion to dismiss is adjourned until further order of the Court."  Dkt. # 2126, attached to Haefele Decl. as Exhibit K.

On December 19, 2008, Assistant U.S. Attorney Normand wrote to counsel for the *Burnett* plaintiffs, advising that the United States had confirmed and identified as classified at least some of the August 25 documents, and requested that those documents be turned over to the Office of the U.S. Attorney for the Southern District of New York.

---

[2] Although all of the Plaintiffs rely upon the August 25 documents in support of their request for additional discovery, because of the sensitive nature of the documents and the directions from the DOJ, counsel for the *Burnett* plaintiffs have not shared the documents with the other plaintiffs' counsel.

[3] Again because of the sensitive nature of the documents and the directions from the DOJ, we do not include herein the materials that accompanied the August 25, 2008 correspondence.  However, we refer the court to the original August 25, 2008 submissions and incorporate same herein by reference.

In January 2009, Motley Rice LLC agreed to surrender to the Office of the U.S. Attorney for the Southern District of New York the documents identified as classified. Since then, Motley Rice LLC has continued to work with the DOJ to achieve a safe and orderly surrender of any of the documents confirmed to be classified.

If the Court were to relinquish its secured custody of any or all of the August 25 documents without reviewing them as requested, the Court would not have facts highly relevant to its determinations, first on the jurisdictional discovery question and later on the issue of the Court's jurisdiction over NCB, and Plaintiffs would be irreparably prejudiced.

In light of the above facts, a real and immediate controversy exists between Plaintiffs and NCB, parties with adverse legal interests in this litigation, over several issues relating to the August 25 documents, including:

- whether the Court will maintain secured custody of and review *in camera* the August 25 documents to determine whether additional jurisdictional discovery is warranted and whether the Court may rely upon the documents in regard to its decision on NCB's renewed motion to dismiss;
- after that *in camera* review, whether the Court will permit additional jurisdictional discovery as to NCB; and
- whether the Court will permit Plaintiffs access to unclassified evidentiary facts contained in those documents to respond to NCB's renewed motion to dismiss.

Given that this controversy hinges on whether the Court will maintain secured custody of and review *in camera* the August 25 documents and allow Plaintiffs to use unclassified evidentiary facts from redacted versions of those documents in opposing NCB's renewed motion, immediate declaratory relief is warranted.

4

### III. THE DECLARATORY RELIEF SOUGHT BY PLAINTIFFS IS PROPER

In order to resolve this dispute over whether the Court will review the classified documents to resolve whether additional jurisdictional discovery against NCB is warranted, Plaintiffs move that under Rule 57 and 28 U.S.C. §2201 this Court declare the respective rights and duties of the parties in this matter; specifically, that the Court declare:

- Judge Daniels, as an Article III Judge, has the security clearance and authority to securely keep and review *in camera* all of the August 25 documents;

- Judge Daniels, as an Article III Judge, will securely keep and review *in camera* all of the August 25 documents;

- After conducting that *in camera* review, Judge Daniels, will determine whether additional jurisdiction discovery on NCB is warranted; and

- Plaintiffs may use unclassified facts from the August 25 documents, to the extent they are available, in opposing NCB's renewed motion.

Under the Declaratory Judgment Act, a court may "declare the rights and other legal relations of any interested party seeking such a declaration" in "a case of actual controversy." 28 U.S.C. §2201(a). An "actual controversy" exists if there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.,* 411 F.3d 384, 388 (2nd Cir. 2005) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941)).

The Second Circuit has made clear that declaratory relief should be entertained "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and … when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir. 1986)(quoting *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir.

1969)).  "It follows as a general corollary to this rule that if either of these objections can be achieved the action should be entertained…."  *Broadview Chem. Corp.*, 417 F.2d at 1001.

Here, an actual controversy exists between the parties:  Plaintiffs contend it is essential that the Court review *in camera* the August 25 documents to resolve whether additional jurisdictional discovery is warranted; NCB strenuously opposes that *in camera* review to resolve the jurisdictional discovery dispute.  Plaintiff and NCB are sharply adverse and have vigorously contested in multiple filings with Judge Maas whether additional jurisdictional discovery is warranted.

The standing of Plaintiffs to make this request is beyond dispute – Plaintiffs include thousands of personal injury, wrongful death, and business and property loss victims of the September 11th attacks who brought this action against the terrorists and financial supporters of terrorists responsible for the September 11th attacks.  As all Plaintiffs claim that NCB directed its conduct at the United States by knowingly providing material support to Osama bin Laden and the al Qaeda terrorist network that carried out the September 11th attacks, all Plaintiffs would be injured if the Court grants NCB's renewed motion to dismiss for lack of personal jurisdiction before giving Plaintiffs the fair chance to conduct additional jurisdictional discovery that the August 25 documents plainly demonstrate is warranted.  *See Roe v. City of New York*, 232 F. Supp. 2d 240, 252-53 (S.D.N.Y. 2002)("Plaintiffs have standing to pursue their declaratory judgment claim because an actual controversy exists between the parties as to the proper interpretation of the laws governing [the dispute], and because Plaintiffs are likely to suffer future harm as a result of the Defendants' interpretation [of those laws]").

Moreover, the need for the Court to resolve this dispute is "of sufficient immediacy and reality," *Duane Reade,* 411 F.3d at 388, because: (1) Plaintiffs are faced with a renewed motion

to dismiss for lack of personal jurisdiction; (2) the August 25 documents are highly relevant to the question of whether additional jurisdictional discovery is both warranted and necessary to develop a more complete record of the facts before responding to that renewed motion; and (3) the plaintiffs would be irreparably prejudiced if, after the plaintiffs surrender the documents to the DOJ, the Court were also to return the documents to the DOJ without having reviewed them as requested.  Hence, the dispute is ripe for declaratory relief.

Although Plaintiffs recognize that *in camera* review must be the exception to the rule, NCB's objection to the Court's *in camera* review of the August 25 documents ignores that such review is necessary and appropriate under the circumstances presented.  *In camera* review is particularly proper given the DOJ's letter to the Court advising that at least some of the documents contain classified information.  As an Article III judge, this Court is authorized to examine classified information pursuant to its Article III Constitutional power to resolve cases and controversies, and *in camera* review is among the tools properly available for the Court to conduct such an examination.  *See United States v. Bin Laden*, 126 F. Supp. 2d 264, 286 (S.D.N.Y. 2000) ("The Supreme Court has confirmed the validity of *in camera, ex parte* review"), citing *Taglianetti v. United States*, 394 U.S. 316, 317-18 (1969); *United States v. Southard*, 700 F.2d 1, 11 (1st Cir. 1983) (recognizing *ex parte, in camera* hearing are "part of a trial judge's procedural arsenal").  Where documents concern the "threat posed by al Qaeda," an *in camera* examination is especially appropriate.  *United States v. Usama Bin Laden*, 126 F. Supp. 2d at 287.

NCB's objection to the Court's *in camera* review of the August 25 documents also ignores the precedent in this very litigation for such *in camera* review in much less exceptional circumstances – not the least of which is NCB's own request for *in camera* review of evidence –

7

a request that was granted (Dkt. Nos. 1964 and 1971).  At NCB's request and over Plaintiffs' objections, the Court ordered NCB to produce, for *in camera, ex parte* inspection only, an audit report Arthur Anderson prepared for NCB and that was purportedly in response to Plaintiffs' discovery demands.  *See* Order dated March 23, 2007 (Dkt. Nos. 1964 and 1971).  In addition, in November 2006, counsel for another defendant, defendant Jamal Barzinji, submitted a motion for *in camera, ex parte* consideration, which was later considered by the Court on its merits without the Plaintiffs having the benefit of examining the unredacted version of the papers that the Court reviewed *in camera*.  (*See* Dkt. Nos. 1895-1898, 1921.)  Unlike the Barzinji instance, the Plaintiffs' original application for additional NCB discovery was not filed *ex parte* or *in camera*; only certain supporting papers were submitted to the Court for *in camera* review.

Plaintiffs request at this time is not for a determination on the merits of Plaintiffs' allegations, but merely whether Plaintiffs have identified sufficient reason to permit the specific additional jurisdictional discovery already outlined and supported by the documents that have been submitted for the Courts' examination.  For the purpose of determining whether to allow the specific additional jurisdictional discovery, the Court can independently examine the modest number of documents submitted in support of Plaintiffs' request without the need for an adversary hearing.  *See United States v. Ajlouny*, 629 F.2d 830, 839 (2d Cir. 1980) (quoting *Alderman v. United States*, 394 U.S. 166, 183-84 (1969) (holding that where district court had not been called on to conduct a "painstaking search through 'a large volume of factual materials," issues regarding lawfulness of electronic surveillance were properly resolved without adversary hearing.).

NCB's overarching objective in objecting to the Court's *in camera* review of the documents is consistent with its approach to every discovery request throughout the discovery

8

process – namely, to prevent both the Plaintiffs and the Court from making any jurisdictional analysis based on a complete factual record. Notwithstanding the Court's need to make a jurisdictional determination based on the totality of the factual circumstances, NCB has consistently undermined the confidence in the validity of that analytical process by impeding Plaintiffs' jurisdictionally targeted discovery efforts, both from NCB directly as well as from co-defendants and third-parties. If the Court declines to examine the August 25 documents in relation to its determination of whether to grant additional jurisdictional discovery, confidence in the validity of that analysis would be further eroded.

## IV.    REQUEST FOR RELIEF

Because granting the declaratory relief requested would immediately clarify what additional jurisdictional discovery is warranted before Plaintiffs must respond to NCB's renewed motion filed in July 2008, as well as dispel the "uncertainty" surrounding how the Court will handle the classified documents that lend further support to the issue of whether additional jurisdictional discovery *is* warranted, declaratory judgment is appropriate.[4]  *Broadview Chem. Corp.*, 417 F.2d at 1001. Specifically, all Plaintiffs respectfully request that the Court render a declaratory judgment that:

1. Judge Daniels, as an Article III Judge, has security clearance and authority to securely keep and review all the August 25 documents;

2. Judge Daniels, as an Article III Judge, will securely keep and review *in camera* all of the August 25 documents;

3. After conducting that *in camera* review, Judge Daniels will determine whether additional jurisdictional discovery against NCB is warranted; and

4. Plaintiffs may use unclassified facts from the August 25 documents, to the extent they are available, in opposing NCB's renewed motion to dismiss for lack of personal jurisdiction.

---

[4] Plaintiffs emphasize that in addition to the August 25 documents, Plaintiffs have also submitted voluminous additional factual support for their requested additional jurisdictional discovery. Those documents were included in the Plaintiffs' August 15, 2008 letter applications. *See* Letter Applications attached to Haefele Decl. as Exhibits A, B, and C, and attachments thereto.

9

And as provided by Federal Rule of Civil Procedure 57, Plaintiffs respectfully request that the Court resolve this motion for declaratory relief on an expedited basis.

Dated: February 23, 2009
      Mount Pleasant, SC

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
Ronald L. Motley
Jodi Westbrook Flowers
Donald A. Migliori
Michael E. Elsner
Robert T. Haefele
Elizabeth S. Smith
John M. Eubanks
Vincent I. Parrett
Leah J. Donaldson

28 Bridgeside Boulevard
Post Office Box 1792
Mount Pleasant, SC 29465
Tel: (843) 216-9000
*Counsel for Burnett Plaintiffs*