# EXHIBIT G


2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

August 26, 2008

Mitchell R. Berger
202-457-5601
mberger@pattonboggs.com

**BY FACSIMILE**

The Honorable Frank Maas
United States Magistrate Judge
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

    Re:    *In re Terrorist Attacks on September 11, 2001*, MDL 03-1570 (GBD)(FM)
           This document relates to: All Cases

Dear Judge Maas:

    On behalf of Defendant, The National Commercial Bank ("NCB"), we object to the submission of, and the requests made in, the August 25, 2008 letter from plaintiffs' counsel Robert Haefele. Without advance notice to NCB or authorization from this Court, Mr. Haefele's letter submitted documents for *ex parte* and *in camera* review in connection with plaintiffs' requests for additional jurisdictional discovery. The Court should reject the plaintiffs' *ex parte* submission, and deny their request for *in camera* review of these documents, whatever they may be. Indeed, if plaintiffs' documents relate to their jurisdictional contentions, then the plaintiffs were required to disclose them to NCB nearly a year ago in response to the NCB contention discovery requests that this Court authorized. *See* MDL Dkt. # 2037 (order), *aff'd*, MDL Dkt. # 2057 (order); MDL Dkt. # 2060 (order).

    We first learned of plaintiffs' *ex parte* submission and request for *in camera* review at 5:27 p.m. yesterday, when we received by e-mail a copy of Mr. Haefele's letter to Your Honor dated August 25, 2008. As Mr. Haefele's letter confirms, plaintiffs did not provide a copy of the accompanying documents to NCB. Apparently, Mr. Haefele's letter and the accompanying documents were delivered to Your Honor earlier in the day on August 25. I immediately responded to the e-mail from Mr. Haefele's office and objected to the plaintiffs' *ex parte* submission, and also attempted to reach Mr. Haefele by phone. After I was unable to reach Mr. Haefele, I left a voicemail with Your Honor's Chambers asking the Court to await NCB's response to Mr. Haefele's letter before reviewing any documents that he submitted.



**PATTON BOGGS LLP**
ATTORNEYS AT LAW

Honorable Frank Maas
August 26, 2008
Page 2

Due process is violated "when an attempt is made by one party to submit matters *in camera* without advance notice to the opposing party that *in camera* review will be sought." *Parisi v. Rochester Cardiothoracic Assoc.*, 159 F.R.D. 406, 407 (W.D.N.Y. 1995). As the *Parisi* court explained:

> The properly limited use of *in camera* review typically occurs during the course of litigation and *requires adversarial safeguards*. Initially, a party seeking an *in camera* review of any material must give appropriate notice of such a request to the opposing party as well as the court. Once the purpose for the *in camera* review is explained, the opposing party has an opportunity to respond, and the court may then either accept or reject the review proposal.

*Id.* (quoting *United States v. Hall*, 854 F.2d 1036, 1042 (7th Cir. 1988) (emphasis in original)). When, as here, a party does not follow those procedures, the Court should reject the proffered *ex parte* submission and require the opposing party "to make application on notice, with an opportunity to be heard, for *in camera* review." *Id.* at 408.

Plaintiffs' one cited case, *Weberman v. National Security Agency*, 668 F.2d 676 (2d Cir. 1982), does not supplant these important adversarial safeguards. In *Weberman*, a FOIA case, the government submitted public affidavits explaining the national security sensitivity of requested documents and information, and offered a further affidavit for *in camera* review if the court desired. *Id.* at 678. One of the publicly-filed affidavits "explained that [the affiant] had disclosed as much as possible without violating national security." *Id.* at 678. Here, Mr. Haefele's letter says nothing more than that plaintiffs' improperly-submitted documents are of a "sensitive nature" and that there is a "possibility" that the documents "could" contain "classified" information. Plaintiffs, of course, do not explain why they might be in possession of classified information. The law, in any event, is quite clear that private parties like the plaintiffs have no standing to assert a state secrets privilege. *E.g.*, *Zuckerbraun v. General Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991).

Plaintiffs also are incorrect that their unauthorized *ex parte* submission of documents is "consistent" with the procedures that preceded this Court's *in camera* review of a 1998 audit report concerning NCB that (as this Court subsequently found) contained "nothing ... which relates to issues presently pending before the Court concerning NCB." MDL Dkt. # 1971 (order). To the contrary, this Court ordered *in camera* review of the audit report only after receiving full briefing and conducting a hearing on March 23, 2007, during which the parties addressed, *inter alia*, the relevance of the audit report to plaintiffs' jurisdictional allegations and the Saudi law provisions that required NCB to maintain the confidentiality of the audit report. *See* MDL Dkt. # 1964, ¶ 1.a. No similar procedural safeguards have been followed here.



Honorable Frank Maas
August 26, 2008
Page 3

      NCB's August 21, 2008 letter to Your Honor explains comprehensively why plaintiffs are not entitled to additional jurisdictional discovery. NCB's letter specifically explained that plaintiffs cannot base their discovery requests on documents that they have not disclosed to NCB. *See* NCB 8/21/08 Ltr. at 22, citing *Weiss v Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 68 (E.D.N.Y. 2007) ("information and documents may not be used by the plaintiffs as a sword and, to the extent they seek protection from disclosure, as a shield"); *Strauss v Credit Lyonnais, S.A.*, 242 F.R.D. 199, 237-38 (E.D.N.Y. 2007) (same).

      The *Weiss* and *Strauss* decisions are particularly instructive here. There, plaintiffs suing banks under the Antiterrorism Act sought to withhold from the banks documents that they claimed to have obtained from "government officials and/or sources who have assisted and provided plaintiffs with information regarding terrorist networks," on which plaintiffs relied "to allege that [the bank] has a connection to the attacks that caused plaintiffs' injuries." *Weiss*, 242 F.R.D. at 68; *see also Strauss*, 242 F.R.D. at 237 (same). In both instances, the Court found that the plaintiffs had not provided a sufficient justification for withholding these documents from the defendant banks. The conclusory statements in Mr. Haefele's letter do not rise even to the level of the arguments that the *Weiss* and *Strauss* courts found insufficient to prevent adversarial examination.

      Independent of this line of authority, the plaintiffs are in violation of this Court's contention discovery orders by withholding from NCB documents that purportedly relate to their jurisdictional contentions. As explained in NCB's August 21, 2008 letter to Your Honor (at 20 n.24), the Court can and should preclude plaintiffs' use of documents that intentionally have been withheld from NCB. *See, e.g., Pal v New York University*, 2008 WL 2627614, at *5-*6 (S.D.N.Y. June 30, 2008) (Maas, U.S.M.J.).

      For all of these reasons, the plaintiffs' *ex parte* submission of documents for *in camera* review is improper, their application for *in camera* review should be denied, and the Court should not consider whatever documents the plaintiffs have submitted.

      Respectfully submitted,

Mitchell R. Berger
*Counsel for Defendant*
*The National Commercial Bank*

cc:      The Honorable George Daniels
          All Counsel