# EXHIBIT H



**MotleyRice**
ATTORNEYS AT LAW

Robert T. Haefele
Licensed in SC, NJ & PA
DIRECT DIAL 843.216.9184
DIRECT FAX 843.216.9450
RHaefele@motleyrice.com

August 27, 2008

**Via Hand Delivery**
Honorable Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007-1312

   Re: *In re Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD)(FM)

Dear Judge Maas:

   We write on behalf of the *Burnett* Plaintiffs' to respond to Mr. Berger's August 26, 2008 letter to Your Honor, wherein Mr. Berger objects to our request that Your Honor consider certain documents submitted to you for *ex parte* and *in camera* review. As we previously indicated, we have submitted the documents for your Honor's review and determination. If Your Honor determines that the documents may be turned over to NCB, we will do so immediately.

   Regarding Mr. Berger's implicit comments that the Plaintiffs provided the documents to Your Honor substantially before advising Mr. Berger, I can attest that I was unable to confirm that the documents were actually going to the courthouse until late in the afternoon and instructed that notice be sent to Mr. Berger immediately once I learned that the documents were being delivered. It is my understanding that Mr. Berger was notified within the hour of my knowing the package was delivered to the courthouse.

   Regarding Mr. Berger's comments that the Plaintiffs failed to produce these documents in a timely manner, we note the following. First, timely objections were included in the Plaintiffs' responses that we believe in good faith covered production of such documents. Second, because the Plaintiffs were required to produce documents substantially before NCB's renewed motion, as the Plaintiffs expressed on numerous occasions and the Court has recognized, we could not possibly know the universe of documents that would be necessary to oppose the motion. Although in many regards the Plaintiffs likely overproduced in response to NCB's requests, these documents represent an example where the Plaintiffs, at the time, anticipated using the documents to craft discovery requests, rather than using the sensitive documents, themselves. So for the very reason the Plaintiffs have been hesitant to produce them now, the documents would not have been produced previously. However, the Plaintiffs did

www.motleyrice.com

Motley Rice LLC
Attorneys at Law

MT. PLEASANT
28 BRIDGESIDE BLVD.
MT. PLEASANT, SC 29464
843-216-9000
843-216-9450 FAX

PROVIDENCE
321 SOUTH MAIN ST.
SUITE 200
PROVIDENCE, RI 02903
401-457-7700
401-457-7708 FAX

HARTFORD
ONE CORPORATE CENTER
20 CHURCH ST., 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX

The Honorable Frank Maas<br>
June 18, 2007<br>
MDL 1570<br>
Page 2 of 2

anticipate receiving in NCB's discovery responses information supporting the content of the documents.

We find it ironic that Mr. Berger is arguing that Due Process rights have been violated inasmuch as the defendants have employed quite similar procedures of seeking *ex parte* and *in camera* review in this litigation. As we pointed out previously, Your Honor previously reviewed an NCB document *ex parte*, over the Plaintiffs' objection. But in addition to that, in November 2006, on behalf of defendant Jamal Barzinji, one of Mr. Berger's colleagues on the defendants' executive committee submitted a motion for *ex parte*, *in camera* consideration, which was later considered by the Court on its merits without the Plaintiffs having the benefit of examining an unredacted version of the papers reviewed by the Court. Unlike the Barzinji instance, the Plaintiffs' original application to the Court for additional discovery was not filed *ex parte* or *in camera*; only certain supporting papers were provided to the Court in such a manner with a request to consider them *ex parte* and *in camera*.

Although Mr. Berger complains that no procedural safeguards have been employed here, the very fact that he has written to the Court in response to our notice to him belies his argument. In fact, the safeguards employed here – i.e., placing him on notice that we have sought Your Honor's review of the documents – are superior to those that were employed by Mr. Berger's colleague in the Barzinji instance.

In short, the documents in question not only demonstrate that NCB has not been forthcoming in its discovery responses, but also demonstrate the propriety of the targeted jurisdictional discovery that the Plaintiffs have requested. Although Plaintiffs have time and again explained why it is problematic for the Plaintiffs to be required to demonstrate precisely what the Plaintiffs expect to learn through formal discovery, these documents are particularly good examples of what discovery may reveal and why it should be granted.

Respectfully Submitted,

MOTLEY RICE LLC

By: _Robert Haefele_ ef

Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Michael Elsner, Esq.
Robert Haefele, Esq.
28 Bridgestone Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Phone: (843) 216-9000

cc:  Hon. George B. Daniels, U.S.D.J.
     Mitchell Berger, Esq. - Patton Boggs (Counsel for NCB) (without enclosures)
     Plaintiffs Executive Committee (without enclosures)