# EXHIBIT I



2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

August 28, 2008

Mitchell R. Berger
202-457-5601
mberger@pattonboggs.com

**BY FACSIMILE**

The Honorable Frank Maas
United States Magistrate Judge
United States District Court for the
  Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

      Re:   *In re Terrorist Attacks on September 11, 2001*, MDL 03-1570 (GBD)(FM)
           This document relates to: All Cases

Dear Judge Maas:

      On behalf of Defendant, The National Commercial Bank ("NCB"), I am writing to respond to points raised for the first time in Mr. Haefele's August 27, 2008 letter in support of plaintiffs' improper *ex parte* submission of unidentified documents (the "Documents") for an unauthorized *in camera* review.

      First, Mr. Haefele concedes that plaintiffs have had the Documents in their possession for some substantial period but did not produce them in their response to NCB's contention discovery requests. Ltr. at p. 1. By withholding the Documents from NCB, plaintiffs plainly violated this Court's contention discovery orders:

    •    NCB's contention interrogatories called for disclosure, *inter alia*, of all facts and documents that plaintiffs relied on to support "any theory of specific jurisdiction" and "any theory of general jurisdiction" over NCB in this litigation.[1]

    •    This Court authorized NCB to propound those (and other) contention discovery requests; Judge Daniels affirmed that order; and this Court thereafter required plaintiffs to revise their original responses, which had omitted any narrative answers to NCB's

---

[1] *See* NCB's 1st Set of Jurisdictional Interrogatories and Requests for Production of Documents, Requests ## 1-2 (attached to NCB's July 31, 2007 letter application to this Court).



Honorable Frank Maas
August 28, 2008
Page 2

       contention interrogatories. MDL Dkt. # 2037 (order), *aff'd*, MDL Dkt. # 2057 (order); MDL Dkt. # 2060 (order).

       •   At no time did plaintiffs seek an exemption from the scope of their required disclosure on the basis that any responsive documents contained classified information.

       •   Plaintiffs nevertheless now contend that the Documents contain classified information, and do support some theory of specific or general jurisdiction over NCB.

Whatever the Documents may be, by withholding them from their contention discovery responses plaintiffs simply engaged in "'sandbagging' of an opposing party with new evidence," which the discovery rules prohibit. *Pal v New York University*, 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008) (Maas, U.S.M.J.).

       Second, even if plaintiffs had been forthright about withholding the Documents at the time they provided their contention discovery responses, the law still would prohibit plaintiffs from making affirmative, substantive use of withheld documents. *Weiss v Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 68 (E.D.N.Y. 2007); *Strauss v Credit Lyonnais, S.A.*, 242 F.R.D. 199, 237-38 (E.D.N.Y. 2007) (discussed in NCB's 8/27/08 Ltr. at p.2). Under the sword-and-shield rule recognized by the *Weiss* and *Strauss* courts, a bank facing claims like those made here is "entitled to have access to the information and documents upon which plaintiffs rely to establish the chain of parties who allegedly received and used [the bank's customer]'s funds to cause the plaintiffs' injuries." *Weiss*, 242 F.R.D. at 68.

       Third, despite his dim view of due process requirements,[2] Mr. Haefele concedes that this Court conducted full adversarial proceedings <u>in advance</u> of its March 2007 order for *in camera* submission of a 1998 audit report concerning NCB. Importantly, this Court undertook that *in camera* review to test NCB's contention that— as this Court subsequently found— the report was entirely <u>irrelevant</u> to plaintiffs' allegations. MDL Dkt. # 1971 (order). On other occasions, this Court— again after full, advance adversarial procedures— has authorized the *ex parte* submission of evidence that appeared to be "utterly collateral to the central issue in th[e] case" in order to <u>foreclose</u> areas for further discovery. *Surles v Air France*, 2001 WL 815522 at *2 (S.D.N.Y. July 19, 2001). By contrast, plaintiffs contend that the circumstances here are exactly the opposite, *i.e.*, that the Documents are <u>material</u> to their jurisdictional claims. If so, then *in camera* review is improper because— as this Court pointed out in *Surles*— the secret adjudication of claims went out with the abolition of the Star Chamber. 2001 WL 815522 at *2 n.4.

---

[2] Mr. Haefele's August 25, 2008 letter also failed to give the five business days advance notice of letter applications required by this Court's July 31, 2007 Order. MDL Dkt. # 1992.



Honorable Frank Maas
August 28, 2008
Page 3

Fourth, long after plaintiffs gained possession of the Documents— and only after NCB noted the impropriety of plaintiffs' attempt to control supposedly classified information— Mr. Haefele belatedly has sent a copy of the Documents to the United States Attorney for this District.[3] Although Mr. Haefele's purpose in doing so remains unclear, it at least is clear from the U.S. Attorney's letter that the United States government did not provide plaintiffs with the Documents in the first place. The dubious provenance of the Documents, and plaintiffs' questionable possession of the Documents, only reinforces the importance of adversarial safeguards.

Plaintiffs simply cannot justify their actions. By withholding the Documents from contention discovery, plaintiffs consciously violated this Court's orders. By submitting the Documents to the Court *ex parte* and without authorization, plaintiffs violated important due process safeguards. By sandbagging NCB with secret and untimely new jurisdictional contentions, plaintiffs are attempting to prejudice NCB and subvert the orderly adjudication of NCB's renewed motion to dismiss, which was filed more than a month ago. For all of these reasons, and those set out in NCB's August 21 and 26, 2008 letters, this Court should deny plaintiffs' procedurally improper request for *in camera* review, and should preclude any consideration of the proffered Documents.

Respectfully submitted,

Mitchell R. Berger
*Counsel for Defendant*
*The National Commercial Bank*

cc: The Honorable George B. Daniels
All Counsel

---

[3] *See* AUSA Sarah Normand's letter to the Court dated August 27, 2008.