# EXHIBIT J



**MotleyRice**

Robert T. Haefele
Licensed in SC, NJ & PA
DIRECT DIAL 843.216.9184
DIRECT FAX 843.216.9450
RHaefele@motleyrice.com

September 2, 2008

<u>Via Facsimile</u>

Honorable Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007-1312

      Re:    *In re Terrorist Attacks on September 11, 2001*, **03 MDL 1570 (GBD)(FM)**

Dear Judge Maas:

      We write once again on behalf of the *Burnett* Plaintiffs', this time to respond to Mr. Berger's August 28, 2008 letter to Your Honor. Although we had hoped to avoid writing again on this issue, we are compelled to respond briefly to address the vitriolic, invective-filled attacks and other unsubstantiated commentary in Mr. Berger's letter. The documents submitted to Your Honor demonstrate clearly why the additional discovery plaintiffs have requested is necessary before the plaintiffs are obligated to respond to NCB's motion to dismiss. Notwithstanding the plaintiffs' efforts over the past years, NCB has avoided disclosure of anything indicative of the information included in these documents. Regarding Mr. Berger's interpretation of the recent Second Circuit decision, we note that all parties – both plaintiffs and defendants – have agreed that briefing on the import of the Circuit's decision to pending claims is appropriate; if Your Honor's determination will depend upon interpreting that decision, we request that Your Honor have the benefit of those briefs before deciding any related issues.

      Mr. Berger's vituperative assertion that plaintiffs cannot justify the decision not to produce the documents to NCB is particularly incredible in light of the fact that it was made immediately after he read the Justice Department's letter which specifically directed plaintiffs' counsel to collect and secure the documents and refrain from further dissemination of the documents. Having read that, how could Mr. Berger possibly argue credibly that it was unreasonable for plaintiffs' counsel to have refrained from providing NCB with the documents?[1]

---

[1] Though I suspect Your Honor ascribes little value to Mr. Berger's characterization that plaintiffs' counsel has a "dim view of due process requirements," in response to his footnote 2 we note that, in a dispute among the parties concerning application of the five-day advanced notice rule, Mr. Berger took the position that the rule "pertain[s] to

www.motleyrice.com

Motley Rice LLC
Attorneys at Law

MT. PLEASANT
28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

PROVIDENCE
321 SOUTH MAIN ST.
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

HARTFORD
ONE CORPORATE CENTER
20 CHURCH ST., 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX

Honorable Frank Maas, U.S.M.J.<br>
*In re:Terrorist Attacks on Sept. 11, 2001,* 03 MDL 1570 (GBD)(FM)<br>
September 2, 2008<br>
Page 2 of 3

  Mr. Berger's letters miss the point of the plaintiffs' request. The two issues before Your Honor are (1) whether the Court will consider these documents *ex parte* and *in camera*, and (2) whether the Court will permit the additional jurisdictional discovery outlined by the plaintiffs. One the first issue, as our previous letter explained and as supported by assistant U.S. Attorney Normand's letter, our request for *ex parte, in camera* review was not to gain a tactical advantage, but because a preliminary review of the documents indicates that they are government documents that may contain classified information. We simply believed requesting *ex parte, in camera* review on notice to the Justice Department was the responsible approach – a decision confirmed by the Justice Department's letter. Any implication to the contrary from Mr. Berger should be ignored. On the second issue, without revealing the substance of the documents, the documents unquestionably demonstrate that the targeted jurisdictional discovery sought is more than warranted.[2]

  Although plaintiffs do not believe they were required, under the circumstances, to disclose documents that were not then anticipate to be used in opposition to NCB's motion to dismiss, Mr. Berger's focus on whether the plaintiffs ought to have produced these documents in response to NCB's discovery requests completely ignores the reason the documents were submitted to the Court – viz, as a demonstration why the discovery sought is necessary.

  The purpose for allowing NCB to serve jurisdictional discovery was to permit NCB to know what documents plaintiffs would rely upon in opposing NCB's renewed motion to dismiss, which had not yet been filed. At the time of production, plaintiffs asserted objections and produced documents they anticipated using in opposition. Given the sensitive nature of the documents as issue, rather than produce the documents, they were used to inform plaintiffs' discovery efforts with the reasonable expectation that the plaintiffs would be allowed to inquire into the eminently appropriate areas for jurisdictional discovery.

  Much of the remainder of Mr. Berger's letter, arguing that plaintiffs are endeavoring to "sandbag" and use the documents in a "sword-and-shield" manner, is completely without

---

opening letter applications that seek specific relief of the Court and not to "subsequent correspondence in connection with a pending letter application." Accordingly, he opined it did not apply to subsequent authority supporting the originally requested relief. E-mail from Mitchell R. Berger dated Thursday, May 29, 2008 2:28 PM. Whether his interpretation is correct or not, plaintiffs' submission of the documents in further support of the additional discovery sought in the request pending before Your Honor is nonetheless consistent with his own interpretation of the rule.

[2] Mr. Berger has taken issue with plaintiffs' characterization of the discovery sought as being targeted. But a disturbing irony rests in the defendants' implied argument that, the more a defendant has materially supported terrorism – thus demonstrating more avenues of discovering greater evidence of jurisdiction – the more discovery must be more restricted. The contrary would seem the more reasoned approach – i.e., if the defendant may have had thousands of instances of directing conduct at the forum, the plaintiffs ought to be entitled to discovery on each.

foundation. Plaintiffs can hardly be considered to be "sandbagging" NCB by using the documents to demonstrate that NCB is the party that ought to be producing more in discovery. Similarly, by using the documents to demonstrate the need for the additional jurisdictional discovery outlined by the plaintiffs and the lack of candor in NCB's past production, plaintiffs are not using the documents in any sword-and-shield manner. In fact, plaintiffs defer to Your Honor and the government on whether the documents are to be provided to NCB's counsel.

Respectfully Submitted,

MOTLEY RICE LLC

By: _____
Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Michael Elsner, Esq.
Robert Haefele, Esq.
28 Bridgestone Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465
Phone: (843) 216-9000

cc: Hon. George B. Daniels, U.S.D.J.
Mitchell Berger, Esq. - Patton Boggs (Counsel for NCB)
Sarah S. Normand, AUSA
Plaintiffs Executive Committee