# Exhibit A



2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

April 21, 2008

Mitchell R. Berger
202-457-5601
mberger@pattonboggs.com

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
Room 630
New York, NY 10007-1312

Re: *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(FM)
This document relates to: All Cases

Dear Judge Daniels:

Pursuant to Your Honor's June 26, 2007 minute order, we submit this application, on behalf of defendant The National Commercial Bank ("NCB"), for leave to file, on or before May 21, 2008, NCB's renewed motion to dismiss for lack of personal jurisdiction. NCB's motion to dismiss is ripe for renewal now that the jurisdictional discovery previously authorized by Judge Casey, and subsequently directed by Magistrate Judge Maas, has been completed. Further, it is timely for NCB to renew its personal jurisdiction arguments because Your Honor's March 14, 2008 Order (MDL Dkt. # 2072) explains that the Court plans to address "all personal jurisdiction motions to dismiss" after it resolves the "subject matter jurisdiction motions to dismiss on the grounds of sovereign immunity [that] are currently under consideration." NCB plans to make its renewed personal jurisdiction motion to dismiss on a consolidated basis in all of the pending lawsuits in which it has appeared: *Ashton*; *Burnett*; *Cantor Fitzgerald*; *Continental Casualty*; *Federal Insurance*; *New York Marine General Insurance*; and, *O'Neill*. To address all issues efficiently in a consolidated motion, NCB also seeks leave to submit a single supporting memorandum of law not to exceed 35 pages, rather than multiple separate and cross-referenced supporting memoranda.

NCB's original motion to dismiss in *Burnett* and *Ashton* was denied without prejudice to renewal following "limited jurisdictional discovery" on issues concerning "NCB's contacts with the United States." *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 820 (S.D.N.Y. 2005) ("*Terrorist Attacks I*"). Judge Casey explained that, once "the parties have completed their



April 21, 2008
Page 2

personal jurisdiction discovery... this Court [would] determine[ ] whether it has personal jurisdiction over NCB." *In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 572, 575 (S.D.N.Y. 2005) ("*Terrorist Attacks II*") (on reconsideration). The "limited jurisdictional discovery" was intended to facilitate the Court's determination whether the exercise of personal jurisdiction over NCB would "satisfy due process requirements." *Terrorist Attacks I*, 349 F. Supp. 2d at 820.[1]

Jurisdictional discovery issues as to NCB were referred to Magistrate Judge Maas for supervision in April 2006. Pursuant to several discovery orders entered by Magistrate Judge Maas:

- NCB produced documents "concerning its United States contacts for the six-year period preceding commencement of these suits." MDL Dkt. # 1849 (Discovery Order).

- Plaintiffs took the deposition of a former officer of NCB who had supervised NCB's N.Y. branch until its closure in 1992.

- NCB obtained confirmation from its regulator, the Saudi Arabian Monetary Agency ("SAMA") that—contrary to plaintiffs' allegations—NCB had never been audited, examined or investigated for alleged involvement in the financing of terrorism.

- Magistrate Judge Maas conducted an *in camera* review of a SAMA audit report on NCB, and he found "nothing... which relates to the issues presently pending before the Court concerning NCB." MDL Dkt. # 1971 (Order).

In May 2007, Magistrate Judge Maas expressly "decline[d] to direct any further discovery (not previously ordered) related to NCB." MDL Dkt. # 1971. In September 2007, Magistrate Judge Maas rejected plaintiffs' renewed requests for additional jurisdictional discovery as to NCB. MDL Dkt. # 2038. Simultaneously, he required plaintiffs to provide contention discovery disclosing all of plaintiffs' bases for asserting personal jurisdiction over NCB. MDL Dkt. # 2037.

---

[1] NCB's original motion to dismiss also challenged subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), and the legal sufficiency of plaintiffs' claims. Judge Casey denied those other aspects of NCB's original motion to dismiss without prejudice. *Terrorist Attacks I*, 349 F. Supp. 2d at 792, 836. Initially, he held that limited FSIA-related jurisdictional discovery would be appropriate, and that it would be premature to address the legal sufficiency of plaintiffs' "largely conclusory" claims against NCB until the Court had resolved the jurisdictional issues. *Id.* On reconsideration, Judge Casey found that "the personal jurisdiction issue raised by NCB is 'straightforward' when compared to the more 'difficult' subject matter jurisdiction question posed by NCB's status within the Kingdom of Saudi Arabia" and that, therefore, "[f]urther inquiry into NCB's status as a foreign sovereign is postponed until the parties have completed their personal jurisdiction discovery and this Court has determined whether it has personal jurisdiction over NCB." *Terrorist Attacks II*, 392 F. Supp. 2d at 575.


**PATTON BOGGS** LLP
ATTORNEYS AT LAW

April 21, 2008
Page 3

In December 2007, Your Honor affirmed those two orders, bringing jurisdictional discovery as to NCB to a close. MDL Dkt. # 2057. Thereafter, due to deficiencies in plaintiffs' contention discovery responses, Magistrate Judge Maas held that "NCB is entitled to meaningful answers to its contention interrogatories" and required plaintiffs to serve revised answers, which they did on February 1, 2008.

Now that jurisdictional discovery is complete and the plaintiffs have fully stated their jurisdictional contentions as to NCB, the record is ripe for NCB to renew its motion to dismiss the *Ashton* and *Burnett* lawsuits for lack of personal jurisdiction. For efficiency, NCB plans to move simultaneously on a consolidated basis to dismiss the other MDL 1570 lawsuits against it on the same basis. Accordingly, based on the post-discovery factual record, NCB seeks leave to: (i) renew its motion to dismiss the *Ashton* and *Burnett* complaints as contemplated by Judge Casey's September 2005 order (*see supra* n.1); (ii) replace its pending, pre-discovery motion to dismiss the *Federal Insurance* complaint (MDL Dkt. # 416) with NCB's new post-discovery motion; and, (iii) move to dismiss the remaining lawsuits against NCB— *Cantor Fitzgerald, Continental Casualty, New York Marine General Insurance,* and *O'Neill*— pursuant to the parties' March 2005 stipulation.[2]

Despite Magistrate Judge Maas' May and September 2007 orders closing jurisdictional discovery as to NCB, plaintiffs (without leave of the Court) subsequently propounded additional discovery requests to NCB in an apparent effort to delay renewal of its motion to dismiss. As explained in our letter to Your Honor dated December 26, 2007, the additional discovery requests propounded by the *Ashton* and *Burnett* plaintiffs are improper.[3] Moreover, the

---

[2]    On March 7, 2005, Judge Casey approved a stipulation among NCB and the *Cantor Fitzgerald, Continental Casualty, New York Marine* and *O'Neill* plaintiffs that NCB would respond to the complaints in those actions "on the same date that NCB renews its motion to dismiss the *Burnett* and *Ashton* actions." MDL Dkt. # 718, at ¶ 3. The stipulation (at ¶ 4) also provided for a consolidated brief in support of NCB's motion to dismiss those four lawsuits not to exceed 25 pages in length. Now that NCB plans to move to dismiss not only those four lawsuits, but also *Ashton, Burnett* and *Federal Insurance* using a single consolidated motion, NCB respectfully submits that it would be appropriate and efficient to allow NCB to submit a supporting legal memorandum of up to 35 pages.

[3]    Those *Ashton* and *Burnett* discovery requests deal with two subjects: (i) NCB's supposed involvement in the aviation business in the United States; and (ii) a trust account that, according to the defendant Saudi Binladin Group ("SBG"), is held at NCB. Our December 7, 2007 letter to Magistrate Judge Maas and our December 26, 2007 letter to Your Honor previously explained that NCB was not and is not involved in the aviation business in the United States. Further, in support of its motion to dismiss, NCB will submit the attached affidavit from its Head of Finance and Accounting, Dr. Abubaker Ali Bagabir, FCCA, confirming that NCB was not and is not involved in the aviation business in the United States. As to the trust account, both our Dec. 26, 2007 letter and the Dec. 27, 2007 letter from Jones Day (counsel for SBG) to Your Honor explained that SBG already had provided plaintiffs all discovery allowed under orders issued by Magistrate Judge Maas and affirmed by Your Honor (MDL Dkt. # 2058). On April 11, 2008, following an order of referral by this Court (MDL Dkt. ## 2071, 2074), Magistrate Judge Maas held a hearing to determine whether to allow any further discovery from SBG— not from NCB— beyond the scope of those prior orders.



April 21, 2008
Page 4

jurisdictional discovery record developed in the *Ashton* and *Burnett* actions applies equally to all other MDL 1570 lawsuits because the case management orders require all plaintiffs to conduct discovery on a consolidated basis.[4]

All authorized jurisdictional discovery as to NCB has been completed, and NCB is ready to renew its motion to dismiss focusing upon plaintiffs' jurisdictional theories as fully stated in their contention discovery responses. Plaintiffs' unauthorized requests for additional jurisdictional discovery are not legally sufficient to prevent NCB from renewing its motion to dismiss at this stage, because plaintiffs have not shown the specific and jurisdictionally "material fact[s]" that they contend further discovery would establish. *See Melnick v. Adelson-Melnick*, 346 F. Supp. 2d 499, 504-05 (S.D.N.Y. 2004) (refusing to delay adjudication of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction when plaintiff failed to show, by way of Rule 56(f)-type affidavit, the jurisdictionally material facts that jurisdictional discovery would establish).

Second Circuit law governing personal jurisdiction over a foreign defendant like NCB is well established.[5] The facts to which that law will be applied have been fully developed since 2006 under the supervision of Magistrate Judge Maas. Moreover, plaintiffs' jurisdictional theories as to NCB have now been fully stated in their contention interrogatory answers. Accordingly, NCB respectfully submits that it should have leave to file, on or before May 21, 2008, its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction in *Ashton, Burnett, Cantor Fitzgerald, Continental Casualty, Federal Insurance, New York Marine General Insurance,* and *O'Neill,* and to submit a consolidated supporting memorandum of law of up to 35 pages in length.

---

[4]  *See* Case Management Order No. 2 (MDL Dkt. # 247), ¶ 20 ("To the extent possible, the parties shall conduct consolidated discovery and all discovery notices served and all responses to all discovery requests in an Individual Action shall be deemed to be part of the Consolidated Action and each Individual Action."); Case Management Order No. 3 (MDL Dkt. # 248), ¶ 9 (Plaintiffs' Executive Committees "shall coordinate and, whenever possible, submit joint discovery demands... and other filings regarding all matters common to the Individual Actions."). Accordingly, NCB in September 2007 objected to the discovery requests from the *Federal Insurance* plaintiffs, which the *Federal Insurance* plaintiffs served after Magistrate Judge Maas' May 2007 order declining to authorize any additional jurisdictional discovery as to NCB. The *Federal Insurance* plaintiffs did not seek authorization from Magistrate Judge Maas to pursue these discovery requests.

[5]  The MDL 1570 appeals currently pending before the Second Circuit involve issues predominantly concerning subject matter jurisdiction under the FSIA and, to the extent they involve personal jurisdiction, the application of settled Second Circuit law to the facts concerning specific defendants.



April 21, 2008
Page 5

                                                          Respectfully submitted,

                                                          Mitchell R. Berger
                                                          *Counsel for The National Commercial Bank*

cc:    Hon. Frank Maas
        Plaintiffs' Counsel
        Defendants' Counsel

Enclosure