# Exhibit D



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, Third Floor*
*New York, New York 10007*

March 9, 2009

BY FACSIMILE

Honorable George B. Daniels
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007

     Re: <u>In re Terrorist Attacks of September 11, 2001</u>
        03 MDL 1570 (GBD)(FM)

Dear Judge Daniels:

     We write respectfully on behalf of the United States
(the "Government") in opposition to the motion for declaratory
relief filed on February 23, 2009, on behalf of all plaintiffs in
the above-referenced litigation ("plaintiffs"). The Court should
reject plaintiffs' request that the Court consider <u>in camera</u> the
documents they submitted <u>ex parte</u> in connection with defendant
National Commercial Bank's motion to dismiss and plaintiffs'
related request for jurisdictional discovery. Plaintiffs should
not be allowed to use or benefit from classified and otherwise
restricted documents that they are not, and never were,
authorized to possess.

BACKGROUND

A. **Motley Rice's Submission of the Documents to the Court**

     As set forth in plaintiffs' motion, on August 25, 2008,
the law firm of Motley Rice, counsel for the <u>Burnett</u> plaintiffs,
submitted a set of 55 documents (collectively, the "Documents")
to Magistrate Judge Maas and Your Honor <u>ex parte</u>, and asked Judge
Maas to review the Documents <u>in camera</u> for purposes of resolving
a pending motion to dismiss and request for jurisdictional
discovery. <u>See</u> Declaration of Robert T. Haefele dated February
23, 2009 ("Haefele Decl."), Exh. D. Mr. Haefele's cover letter
submitting the Documents to the Court stated:

Honorable George B. Daniels                                    Page 2
United States District Judge
March 9, 2009

> Based on the sensitive nature of the documents,
> including the possibility that the documents could bear
> information that is in some manner classified or
> otherwise inappropriate for dissemination either to the
> public or to potential targets of governmental
> investigations, we are requesting that the Court accept
> them under seal and examine them <u>ex parte</u> and <u>in</u>
> <u>camera</u>.

<u>Id.</u> (citation omitted).  Mr. Haefele's August 25, 2008 letter to
the Court was not copied to counsel for the Government, nor did
the letter provide any indication that the Documents either had
been or would be provided to the Government for review.  <u>See id.</u>

        On August 26, 2008, counsel for defendant National
Commercial Bank ("NCB") wrote to Judge Maas, objecting to the
<u>Burnett</u> plaintiffs' request that the Court consider the Documents
<u>ex parte</u> and <u>in camera</u>.  <u>See</u> Haefele Decl., Exh. G.  Among other
things, NCB contended that the Documents should have been
disclosed in response to earlier discovery requests.[*]

**B.   Motley Rice's Provision of the Documents to the Government**

        On August 27, 2008, after receiving NCB's objection to
the <u>Burnett</u> plaintiffs' submission of the Documents to the Court,
Motley Rice sent the documents to counsel for the Government.
<u>See</u> Haefele Decl., Exh. F.  Mr. Haefele's letter to Government
counsel did not indicate that the Documents were potentially
classified or otherwise sensitive, nor did it seek review of the

---

        [*]    Motley Rice has advised the Government that it has been
unable to determine when or from whom the Documents were received
by the firm.  It appears, however, that Motley Rice has had the
Documents since at least 2007, when Motley Rice responded to
NCB's contention interrogatories.  <u>See</u> Haefele Decl., Exh. G
(August 26, 2008 letter contending that "if plaintiffs' documents
relate to their jurisdictional contentions, then the plaintiffs
were required to disclose them to NCB nearly a year ago in
response to the NCB contention discovery requests that this Court
authorized"); Exh. H (August 27, 2008 letter responding that "the
Plaintiffs, at the time, anticipated using the documents to craft
discovery requests, rather than using the sensitive documents,
themselves").

Honorable George B. Daniels                                Page 3
United States District Judge
March 9, 2009

Documents by the Government.   The letter stated simply:

> Please find enclosed herewith a set of documents that
> we have produced to the Court in the In re Terrorist
> Attacks on September 11, 2001 Litigation, 03 MDL 1570
> (GBD)(FM), for in camera and ex parte review.   We have
> not and do not intend to produce them or use them in
> the In re September 11 Litigation, 21 MC 101 (AKH).*
>
> If you have any questions about what was submitted for
> the Court's review, please do not hesitate to contact
> me.

Id.

        Upon even a cursory review of the Documents, it was
readily apparent that many of them bore classification markings
and accordingly should be treated as classified national security
information.   We therefore immediately forwarded the Documents to
the relevant Government agencies for review.   We also contacted
the Court and requested that Judge Maas refrain from reviewing
the Documents until we could advise the Court of their
classification status, and until arrangements could be made to
obtain any necessary security clearances.   Haefele Decl., Exh. F
(citing 28 C.F.R. § 17.46(c)).   We further requested that Motley
Rice immediately collect all paper and electronic versions of the
Documents, safeguard them during the pendency of the Government's
review of the Documents, and refrain from any further
dissemination of the Documents.   Id.

        We understand that, shortly thereafter, the Court
provided the Documents in its possession (including the Documents
sent by Motley Rice to both Your Honor and Judge Maas) to a
security specialist with the Department of Justice's Litigation
Support Section, who in turn secured the Documents in the Court's
facility for storage of classified information, where the
documents remain.

_____

        *       Motley Rice also represents plaintiffs in the
consolidated tort litigation pending before Judge Hellerstein,
entitled In re September 11 Litigation, 21 MC 97 & 101 (AKH), in
which the Government has intervened for the purpose of protecting
sensitive (but unclassified) aviation security information sought
in discovery.

Honorable George B. Daniels                          Page 4
United States District Judge
March 9, 2009

C.   **The Government's Review and Motley Rice's Return of the Documents**

        Since August 2008, the Government has been engaged in
the process of reviewing the classification status of the
Documents.   This effort has been complicated, and in some cases
severely hampered, by the fact that many of the Documents contain
unexplained redactions that make it extremely difficult to
determine their source.   In addition, the review has required the
participation and coordination of multiple Government agencies.
To date, the Government has confirmed that Documents 1-49
(referring to the tabs by which Motley Rice organized the
Documents) remain classified or otherwise restricted from public
disclosure.   The review of Documents 50-55 remains pending.

        Following discussions with Motley Rice throughout the
fall and winter, on February 24, 2009, the firm provided its
remaining copies of Documents 1-49 to the Government, and
confirmed in writing that it had "either turned over or destroyed
all originals and all copies (including both electronic and paper
versions) of documents 1-49, and any documents derived from
documents 1-49."   See attached letter dated February 24, 2009.*
Motley Rice further confirmed that Documents 50-55 remain secured
at the firm pending the completion of the Government's review of
those Documents.

        On February 23, 2009, the day before Motley Rice
provided its copies of Documents 1-49 to the Government,
plaintiffs filed the instant motion for declaratory relief.   In
their motion, plaintiffs request that the Court enter a
declaratory judgment that (1) Your Honor has security clearance
and authority to keep and review the Documents, (2) Your Honor
will keep and review the Documents in camera, (3) after
conducting such in camera review of the Documents, Your Honor
will determine whether additional jurisdictional discovery
against defendant NCB is warranted, and (4) plaintiffs may use

---

        *   By letter dated October 1, 2008, the Government
requested that Motley Rice immediately turn over all of the
Documents because it had been confirmed that they contained
classified information.   Motley Rice did not return the Documents
at that time, as requested, but indicated that it would return
specific documents that the Government determined were
classified.

Honorable George B. Daniels                              Page 5
United States District Judge
March 9, 2009


"unclassified facts" from the Documents, "to the extent they are
available," in opposing NCB's renewed motion for lack of personal
jurisdiction.  See Plaintiffs Memorandum of Law in Support of
Motion for Declaratory Relief ("Pl. Mem.") at 9.

                    **THE GOVERNMENT'S POSITION**

          As a preliminary matter, the Government does not object
to the Court's retaining custody of the Documents pending its
determination of plaintiffs' motion.  As noted, we understand
that the Court has provided the Documents to a security
specialist from the Department of Justice's Litigation Support
Section, for appropriate storage in the Court's secure facility.

          The Government also agrees that Your Honor may view
classified materials without receiving a security clearance from
the Executive Branch.  See 28 C.F.R. § 17.46(c).  Court staff,
including law clerks, by contrast, must undergo a background
investigation and other necessary procedures prior to reviewing
such materials.  Id.

          Here, however, the Court should not review the
documents because they are not properly before the Court.  The
Documents were provided to Motley Rice in violation of the
Executive Order governing handling of classified national
security information, and potentially in violation of federal
criminal law as well as other prohibitions on the disclosure of
restricted Government information.  The Government opposes any
effort by plaintiffs to use the Documents for any purpose, and
respectfully requests that plaintiffs' motion for declaratory
relief be denied.*

**A.   The Court Should Decline to Review the Documents In Camera**

          The vast majority of Documents 1-49 contain classified
national security information.  By definition, classified
information is information the unauthorized disclosure of which
could reasonably be expected to cause damage to national
security.  See Executive Order 12,958, 60 Fed. Reg. 19,825,

_____

          *    Because the Government has not completed review of
Documents 50-55, they should be treated in the same manner as
Documents 1-49, pending the completion of the Government's
review.

Honorable George B. Daniels                           Page 6
United States District Judge
March 9, 2009


19,836 (Apr. 17, 1995), as amended by Executive Order 13,292, 68
Fed. Reg. 15,315 (Mar. 25, 2003) ("Executive Order 12,958" or the
"Executive Order").  The classification level of an individual
document varies based on the harm that could reasonably be
expected to result from the information's unauthorized
disclosure: "CONFIDENTIAL" denotes information that, if released,
could reasonably be expected to cause damage to the national
security; "SECRET" denotes information that, if released, could
reasonably be expected to cause serious damage to the national
security, and "TOP SECRET" denotes information that, if released,
could reasonably be expected to cause exceptionally grave damage
to the national security.

        Classified information generally belongs to the United
States, and the Executive Branch has discretion to determine who
will be granted access to it.  See Dep't of the Navy v. Egan, 484
U.S. 518, 527 (1988).  Under Executive Order 12,958, access to
classified information is limited to persons (1) as to whom a
favorable determination of eligibility for access has been made
by an agency head or his or her designee, (2) who have signed an
approved non-disclosure agreement, and (3) who have a "need-to-
know" the information.  Id. § 4.1(a).  A "need-to-know," in turn,
is defined by the Executive Order as "a determination made by an
authorized holder of classified information that a prospective
recipient requires access to specific classified information in
order to perform or assist in a lawful and authorized
governmental function."  Id. § 6.1(z).

        Here, plaintiffs would not have satisfied the
requirements prescribed by the Executive Order for access to
classified information contained in the Documents.  The attorneys
at Motley Rice had not been determined by an agency head or his
or her designee to be eligible for access to classified
information, nor had they signed approved nondisclosure
agreements.  Further, because they did not require access to the
Documents "in order to perform or assist in a lawful and
authorized governmental function," they had no "need-to-know" the
information within the meaning of the Executive Order.  In sum,
the Government has not afforded plaintiffs or their counsel any
right to access or use the Documents, which are the property of
the United States.

        The provision of the Documents to Motley Rice thus
constituted a security violation under Executive Order 12,958.
In addition, this act may have implicated federal criminal law.

Honorable George B. Daniels                                    Page 7
United States District Judge
March 9, 2009

See, e.g., 18 U.S.C. § 793.  To the extent the Documents also
contain information that, while unclassified, is privileged or
otherwise protected from public release, their disclosure to
Motley Rice may have contravened other applicable regulations and
restrictions.  See, e.g., 28 C.F.R. § 16.22 (example of general
agency prohibition on production or disclosure of material within
agency's files without prior agency approval).

        Because Motley Rice did not have authorized possession
of the Documents in the first instance, and may have received
them as a result of possible criminal activity, plaintiffs should
not be permitted to use them in any fashion.  If Documents 1-49
had been stolen from the United States, by a rogue employee or by
Motley Rice itself, that surely would not give plaintiffs any
right to use the information.  Yet, that is tantamount to what
plaintiffs are requesting here -- that they be permitted to
benefit from the unauthorized and potentially criminal disclosure
of information to Motley Rice.  Notably, the cases cited by
plaintiffs for the proposition that the Court may review the
Documents in camera, see Pl. Mem. at 7, did not involve a private
party seeking to use classified documents to which that party did
not have authorized access.

        Allowing civil litigants to use classified information
that they have obtained through unauthorized means would confer a
benefit on those litigants who improperly obtain and disclose
national security information, and thereby create problematic
incentives.  In addition, as courts have recognized, even a
court's in camera consideration of classified information poses a
risk of inadvertent disclosure and consequent harm to national
security.  See, e.g., United States v. Reynolds, 345 U.S. 1, 10
(1953); Sterling v. Tenet, 416 F.3d 338, 348 (4th Cir. 2005).

        The Court accordingly should deny plaintiffs' request
that the Court review the Documents in camera.

**B.     Plaintiffs May Not Use Purportedly "Unclassified Facts"
        Contained Within the Documents**

        With regard to plaintiffs' request to use "unclassified
facts" purportedly contained within the Documents, there are
well-established mechanisms in place for obtaining information
from the Government.  In addition to the Freedom of Information
Act ("FOIA"), 5 U.S.C. § 552, most federal agencies have
promulgated regulations governing requests for documents and

Honorable George B. Daniels                                    Page 8
United States District Judge
March 9, 2009

information for use in litigation to which the Government is not
a party.  See, e.g., 28 C.F.R. § 16.21(a) (Department of Justice
regulations setting forth "procedures to be followed with respect
to the production or disclosure of any material contained in the
files of the Department, any information relating to material
contained in the files of the Department, or any information
acquired by any person while such person was an employee of the
Department as a part of the performance of that person's official
duties or because of that person's official status"); see also
United States ex rel. Touhy v. Regan, 340 U.S. 462, 468 (1951)
(upholding validity of such regulations).

     Motley Rice is familiar with both FOIA and agency Touhy
regulations, having employed both in In re September 11
Litigation to obtain documents from the Government relating to
pre-September 11 aviation security and the FBI's investigation of
the September 11 attacks.  Cf. United States v. Moussaoui, 483
F.3d 220, 237 (4th Cir. 2007) (noting, in decision reversing
district court order granting access to Burnett plaintiffs, among
others, to information provided to attorneys representing
criminal defendant Zacarias Moussaoui, that plaintiffs could seek
discovery of government information in ordinary course under Rule
26 of the Federal Rules of Civil Procedure).

     FOIA and agency Touhy regulations, moreover, contain
defined procedures and protections to ensure that classified and
privileged information, and information otherwise inappropriate
for public disclosure, is not released.  See, e.g., 5 U.S.C.
§ 552(b) (setting forth exemptions from disclosure for, among
other things, classified national security information, law
enforcement information, and otherwise privileged information);
28 C.F.R. § 16.26(a)(2), (b)(3)-(5) (prohibiting disclosure of
classified or law enforcement privileged information); see also
Touhy, 340 U.S. at 468 ("When one considers the variety of
information contained in the files of any government department
and the possibilities of harm from unrestricted disclosure in
court, the usefulness, indeed the necessity, of centralizing
determination as to whether subpoenas duces tecum will be
willingly obeyed or challenged is obvious.").  Motley Rice should
not be permitted to circumvent these procedures and protections
by submitting classified and otherwise restricted Government
documents to the Court -- which documents the firm had no
authority to possess -- without the Government's knowledge or
consent.

Honorable George B. Daniels                                    Page 9
United States District Judge
March 9, 2009


        For these reasons, we respectfully request that the
Court deny plaintiffs' request for declaratory relief relating to
the Documents.  We thank the Court for its consideration of this
submission.


                              Respectfully,

                              LEV L. DASSIN
                              Acting United States Attorney


                          By: _____
                              SARAH S. NORMAND
                              Assistant U.S. Attorney
                              Telephone: (212) 637-2709
                              Facsimile: (212) 637-2702


Encl.

cc:  Hon. Frank Maas, United States Magistrate Judge (by
     facsimile)
     Robert Haefele, Esq., Motley Rice (by email)
     Mitchell R. Berger, Esq., Patton Boggs LLP (by email)