# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street, Third Floor
New York, New York 10007

April 3, 2009

BY FACSIMILE

Honorable George B. Daniels
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 630
New York, New York  10007

    Re:  In re Terrorist Attacks of September 11, 2001
           03 MDL 1570 (GBD)(FM)

Dear Judge Daniels:

      We write respectfully in the above-referenced matter to respond to certain statements in plaintiffs' reply memorandum of law in further support of their motion for declaratory relief. Plaintiffs' motion requests, among other things, that the Court review in camera the classified and otherwise restricted documents that Motley Rice submitted to the Court on August 25, 2008 (the "Documents").

      First, the Government does not "concede[]" that "the Court has the authority and discretion to examine the classified material." Plaintiff's Reply at 1. To the contrary, the Government made clear in its letter dated March 9, 2009, that the Court should not examine the Documents because Motley Rice received them as a result of a serious and potentially criminal security violation, from which plaintiffs should not be permitted to benefit.

      Nor does the Government concede that Motley Rice engaged in no "wrongful conduct" in connection with the Documents. See Plaintiffs' Reply at 1 & n.1. While Motley Rice states that it received the Documents from an "anonymous source,"* there appears to be no dispute that Motley Rice

---

    \*    Plaintiffs maintain that "it has been fairly
                                                (continued...)

Honorable George B. Daniels					Page 2
United States District Judge
April 3, 2009

retained the Documents for over a year without notifying the Government. Then, without notifying the Government in advance, Motley Rice submitted the Documents to the Court, thus depriving the Government of any opportunity to object to that submission. Plaintiffs now claim that "the Court should consider readily available information that elucidates," Plaintiffs' Reply at 5, but the Documents are only "readily available" because of the improper manner in which Motley Rice has proceeded here.

In any event, whether or not Motley Rice acted wrongfully is immaterial. Plaintiffs do not dispute that the Documents are the property of the United States Government; they are classified or otherwise restricted; and plaintiffs never had any right to possess them. Plaintiffs have cited no authority for the Court to engage in review under the circumstances presented here. None of the cases cited by plaintiffs, see Plaintiffs' Reply at 5-8 & n.3, involved facts even remotely similar to this case.

Plaintiffs are simply incorrect that allowing them to use or benefit from the Documents "does absolutely nothing either to incentivize wrongful conduct or to create a risk to national security." Plaintiffs' Reply at 4. As the Government's March 9, 2009 letter noted, any disclosure of classified materials, even to the Court in camera, presents a potential risk to national security. See March 9, 2009 Letter at 7 (citing cases); cf. also United States v. Amawi, 531 F. Supp. 2d 832, 838 n.10 (N.D. Ohio 2008) (noting that there is "always an indirect risk, however slight, of inadvertent disclosure, no matter how strenuous the

---

*(...continued)
commonplace for Plaintiffs' counsel here to receive unsolicited evidence from well-meaning, ordinary citizens, whose sole incentive presumably is to provide information thought to be relevant to preventing terrorists and their supporters from succeeding in their terrorist goals." Plaintiffs' Reply at 2. Given that Motley Rice purportedly has no knowledge of the "anonymous source" of the Documents, it can only speculate as to that source's intentions and incentives. Moreover, Motley Rice's implication that the Documents here were provided by "well-meaning, ordinary citizens" cannot be squared with the undisputed fact that their disclosure constituted a security violation.

Honorable George B. Daniels                                Page 3
United States District Judge
April 3, 2009

efforts to contain the scope of disclosure"). Furthermore, if plaintiffs here are permitted to use or benefit from classified documents that they purportedly received from an anonymous source, the Court will be sending a message to Government employees, and other persons with authorized access to classified information, that they can effectively leak classified information for their own purposes, whatever they may be, so long as they do so anonymously. Additionally, allowing plaintiffs to use or benefit from the Documents here would incentivize other recipients of anonymous leaks of classified documents to retain such documents, without notifying the Government, and to use them for their own private purposes, notwithstanding the risks to national security.

Finally, plaintiffs' argument regarding the alleged inefficiency of the Freedom of Information Act, see Plaintiffs' Reply at 14-16, misses the point entirely.* In citing FOIA and agency Touhy regulations (which plaintiffs do not even address), the Government explained that these mechanisms not only afford the public a means of obtaining Government documents where appropriate, they also afford the respective federal agencies a means of protecting from public disclosure classified, privileged and otherwise restricted information. See March 9, 2009 Letter at 8. Plaintiffs should not be permitted to circumvent these well-established procedures simply by submitting the Documents to the Court.

---

  \*  Plaintiffs' argument is also disingenuous. Although plaintiffs complain that their counsel have made "numerous" FOIA requests of which "dozens" remain outstanding, and cite a news report faulting the FBI's responses under FOIA, Plaintiffs' Reply at 15, the statute affords any requestor (including plaintiffs' counsel) a judicial remedy if the requestor does not receive a timely response from the agency. See 5 U.S.C. § 552(a)(4)(B). Plaintiffs also fail to acknowledge that in the consolidated September 11 Litigation pending before Judge Hellerstein, the FBI, the Transportation Security Administration, and the Federal Aviation Administration collectively have produced well over fifty thousand pages of information requested by plaintiffs and other parties pursuant to the agencies' respective Touhy regulations.

...

Honorable George B. Daniels                                              Page 4
United States District Judge
April 3, 2009

     We thank the Court for its consideration of this submission.

          Respectfully,

          LEV L. DASSIN
          Acting United States Attorney

          By: _____
          SARAH S. NORMAND
          Assistant U.S. Attorney
          Telephone: (212) 637-2709
          Facsimile: (212) 637-2702

Encl.

cc:  Hon. Frank Maas, United States Magistrate Judge (by facsimile)
    Robert Haefele, Esq., Motley Rice (by email)
    Mitchell R. Berger, Esq., Patton Boggs LLP (by email)