A CERTIFIED TRUE COPY
ATTEST

By Mecca S. Thompson on Aug 10, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION



U.S. DISTRICT COURT
FILED
AUG 10 2009
S.D. OF N.Y.

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Aug 10, 2009**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001
John Doe, etc. v. Sheik Usama Bin Laden, et al., )
    D. District of Columbia, C.A. No. 1:01-2516 )



03
MDL No. 1570

## TRANSFER ORDER

**Before the entire Panel:** Plaintiff in an action pending in the District of District of Columbia (*Doe*) has moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring the action to the Southern District of New York for inclusion in MDL No. 1570. Responding defendant the Islamic Republic of Afghanistan opposes the motion to vacate.

After considering all argument of counsel, we find that *Doe* involves common questions of fact with those actions previously transferred to the Southern District of New York, and that transfer of the action to the Southern District of New York for inclusion in MDL No. 1570 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was a proper Section 1407 forum for actions sharing factual questions "concerning the efforts of plaintiffs to hold liable an array of defendants who allegedly promoted, financed, sponsored or otherwise supported the acts of terrorists that led to the deaths and injuries arising from the September 11, 2001 attacks on the United States." *See In re Terrorist Attacks on September 11, 2001*, 295 F.Supp.2d 1377, 1378 (J.P.M.L. 2003).

In opposing transfer, plaintiff argues, *inter alia*, that *Doe* is not subject to transfer because an interlocutory appeal is currently pending therein. We respectfully disagree with this argument. We routinely transfer actions in which such appeals are pending. *See, e.g., Charlotte Russe, Inc., Fair and Accurate Credit Transactions Act (FACTA) Litigation*, 505 F.Supp.2d 1377 (J.P.M.L. 2007) (centralizing two actions, including an action in which the district court's ruling denying class certification was on appeal).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable George B. Daniels for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.        Kathryn H. Vratil
David R. Hansen           W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.