UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD)(FM) |

*This document relates to: All Actions*

### BINLADIN DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN RELATION TO PENDING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

The Binladin Defendants[1] respectfully submit this notice of supplemental authority to highlight the impact of the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) on the motions to dismiss pending before the Court. This notice is submitted in light of plaintiffs' prior notice, via letter to the Court dated January 14, 2008, regarding the Second Circuit's decision in *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007), which has now been directly overruled. Indeed, in both *Iqbal* and its predecessor, *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the Supreme Court reversed Second Circuit rulings on the standard for evaluating pleadings under Rule 8. Virtually all of the pending motions to dismiss were briefed before *Twombly* and *Iqbal* were decided, and plaintiffs relied heavily on the Second Circuit's now-reversed opinions as a basis for sustaining their complaints. Although both sides addressed *Iqbal* in their recent letters to the Court in advance of last month's status conference, the Binladin Defendants believe that a formal notice is in order due to the plaintiffs' intent, stated at last month's status conference, to provide charts to the Court of the motions to which all previous

---

[1] This filing is made on behalf of Defendants Bakr Binladin, Omar Binladin, Tariq Binladin, Yeslam Binladin, Abdullah Binladin, Mohammad Binladin Company, and Binladin Group International Company Ltd. In addition, Counsel for Defendant National Commercial Bank ("NCB"), Mitchell R. Berger, has authorized us to state that NCB joins in the positions expressed in this notice.

notices of supplemental authority apply.  This notice applies to all pending cases naming the Binladin Defendants and to all pending motions to dismiss filed by the Binladin Defendants.

As this Court is aware, *Twombly* rejected the oft-cited but misconceived notion that a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Twombly*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)).  The Supreme Court observed that "after puzzling the profession for 50 years, this famous observation has earned its retirement." *Id.* at 1969.  Plaintiffs relied on *Conley* in virtually all of their oppositions to motions to dismiss filed prior to *Twombly,* and Judge Casey cited it as well in his opinions on motions to dismiss.  *See In re September 11, 2001 Terrorist Attacks*, 349 F. Supp. 2d 765, 825 (S.D.N.Y. 2005); *In re September 11, 2001 Terrorist Attacks*, 392 F. Supp. 2d 539, 563-64 (S.D.N.Y. 2005).

After *Twombly*, plaintiffs argued that the decision should be narrowly construed and that, as interpreted by the Second Circuit's subsequent *Iqbal* decision, it did nothing to change the pleading standards "discussed at length in plaintiffs' memoranda of law in opposition to various motions to dismiss."  Letter from Plaintiffs' Executive Committee to Hon. George B. Daniels at 3 (Jan. 14, 2008).[2]  The Second Circuit did adopt a narrow reading of *Twombly*, but that view has now been rejected.  The Supreme Court overruled the Second Circuit's decision in *Iqbal* and clarified that the pleading standard articulated in *Twombly* applies to all motions under Rule 8. The Supreme Court expressly rejected not only the narrow reading of *Twombly* urged by plaintiffs but also the other Second Circuit pleading decisions on which plaintiffs relied.  *See Iqbal,* 129 S. Ct. at 1944.  Instead, as *Twombly* before it had said, *Iqbal* requires the following:

---

[2] The letter is erroneously dated on the first page "January 14, 2007," but subsequent pages bear the correct date.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Iqbal*, 129 S.Ct. at 1949. This represents the controlling interpretation of Rule 8's pleading standard: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief'" and should be dismissed. *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's application of the pleading standard to the allegations in that case is instructive. In that case, the plaintiff alleged that the defendants "knew of, condoned, and willfully and maliciously agreed to" subject him to harsh confinement on account of his race and national origin, and that named defendants were respectively the "principal architect" of and "instrumental" in adopting and executing that policy. *Id.* at 1951 (quoting complaint). Such conclusory allegations were "not entitled to be assumed true" but instead were subject to the need for plausible support in "well pleaded facts." *Id*. Likewise here, plaintiffs' conclusory allegations of what defendants "knew" or "intended," and conclusory characterizations of defendants' status or associations, are not assumed to be true without well pleaded factual support.

Respectfully submitted,

/s/______________________________________

Stephen J. Brogan
Mary Ellen Powers
James E. Gauch
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
*On Behalf of Defendants Bakr Binladin, Omar Binladin, Tariq Binladin, Yeslam Binladin, Abdullah Binladin, Mohammad Binladin Company, and Binladin Group International Company Ltd.*

September 2, 2009