Steven K. Barentzen
Admitted in DC and NY

1575 Eye Street, NW, Suite 300
Washington, DC 20005
phone: (202) 289-4333
fax:     (202) 289-8450
Steven@Barentzenlaw.com

The Law Office of Steven Barentzen
www.Barentzenlaw.com

**MEMO ENDORSED**

[Stamp: OCT 26 2009]

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 10-26-09]

October 23, 2009

Via Federal Express

The Honorable Frank B. Maas
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 740
New York, New York 10007

[Handwritten endorsement: Dr. Mirza may submit a letter-brief on or before November 10, 2009. Thereafter, the Court will hold a conference on November 20, 2009, at 11 a.m., in Courtroom 20A, to discuss the plaintiffs' application. If this date and time are inconvenient, Counsel should place a conference call to my Chambers to reschedule the conference. /s/ FM USMJ 10/26/09]

Re: *In re Terrorist Attacks of September 11, 2001*, MDL No. 1570 (GBD)

Dear Judge Maas:

    I represent Dr. Yaqub Mirza, a named defendant in the *Ashton, Burnett, Federal Insurance, New York Marine, Euro Brokers, Continental* and *World Trade Center* actions, and write to respond to the Plaintiffs' October 22, 2009 letter requesting to "put before you a dispute between Defendant Sana-Bell, Inc. and the Plaintiffs." However, the issue should not be "put before you" because Dr. Mirza, the primary target of the discovery sought by Plaintiffs, has not been afforded an opportunity to respond to and oppose Plaintiffs' motion.

    In January 2009, the Plaintiffs in the *Ashton, Burnett* and *Federal Insurance* cases moved to compel the production of documents from Defendant Sana-Bell, Inc., an entity that dissolved over nine years ago. Sana-Bell opposed the motion. Despite that the motion sought the production of documents from Dr. Mirza along with his deposition, the motion was not served on Dr. Mirza or his counsel. As a result, Dr. Mirza did not learn of the motion until weeks after it and the opposition were filed, when it was given to his counsel by counsel for *a defendant other than Sana-Bell*.

    After his counsel finally learned of the fully briefed motion, by letter dated February 10, 2009 to Judge Daniels (a copy of which is attached as Exhibit A), Dr. Mirza sought permission to intervene and requested permission to oppose the motion on the ground that Plaintiffs have provided no authority -- because none exists -- for the proposition that a discovery notice served on one party, Sana-Bell, which has been defunct for over nine years could be used to compel the production of discovery from another party in that same lawsuit who already had the claims against him dismissed for failure to state a claim. *See e.g., In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 570-72 (S.D.N.Y. 2005). Moreover, in the letter, Dr. Mirza stated that even if such authority did exist, the motion should nevertheless be denied because Dr. Mirza is not in the possession of any documents related to Sana-Bell.

Plaintiffs' October 22, 2009 letter fails to disclose the fact that Judge Daniels never ruled on Dr. Mirza's request to intervene. Nevertheless, Plaintiffs are now seeking to "put before you" the motion even though Dr. Mirza has not been afforded an opportunity to oppose the motion and respond to the allegations against him.

Accordingly, the Court should grant Dr. Mirza's request and provide him with an opportunity to submit a response to the January 6, 2009 letter motion. Dr. Mirza requests 14 days to prepare, file and serve his response. Alternatively, because neither the motion nor any discovery requests were ever served on Dr. Mirza, and because Dr. Mirza has no responsive documents in any event, the Court should simply deny the motion to the extent it seeks discovery from Dr. Mirza.

Respectfully submitted,

Steven K. Barentzen

cc: The Honorable George B. Daniels
All Counsel of Record (by e-mail)

# EXHIBIT A

**Steven K. Barentzen**
Admitted in DC and NY

The Law Office of Steven Barentzen

www.Barentzenlaw.com

1575 Eye Street, NW, Suite 300
Washington, DC 20005
phone: (202) 289-4333
fax:     (202) 289-8450
Steven@Barentzenlaw.com

February 10, 2009

*Via Federal Express*

Honorable George B. Daniels
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007

      Re:    *In re Terrorist Attacks of September 11, 2001*, MDL No. 1570 (GBD)

Your Honor:

      I represent Dr. Yaqub Mirza in the above-referenced action. Dr. Mirza was named as a defendant in the *Ashton, Burnett, Federal Insurance, New York Marine, Euro Brokers, Continental* and *World Trade Center* actions. In January 2005, the *Burnett* Plaintiffs voluntarily dismissed their claims against Dr. Mirza and in September 2005, the Court dismissed the claims asserted against Dr. Mirza by the *Federal Insurance* Plaintiffs for failure to state a claim. *See In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 570-72 (S.D.N.Y. 2005). Dr. Mirza has moved to dismiss the claims against him in the remainder of the actions for failure to state claims, and those motions have been fully briefed and have been pending before the Court since January 2006.

      It recently came to my attention that by letter dated January 6, 2009, the Plaintiffs in the *Ashton, Burnett* and *Federal Insurance* cases moved to compel the production of documents from Defendant Sana-Bell, Inc., and that by letter dated January 23, 2009, Sana-Bell opposed the motion. I am just learning of the motion because, even though Dr. Mirza is its primary focus, neither the motion nor the opposition were served on me or Dr. Mirza's co-counsel Nancy Luque or for that matter, on counsel for any other party in this action.

      I write to request permission from the Court to submit a response on behalf of Dr. Mirza to address allegations and significant misstatements in both the motion and Sana-bell's opposition. Specifically, I request permission to address (1) Plaintiffs' unsubstantiated misrepresentation that Dr. Mirza "performed most, if not all of the administrative, clerical, and financial tasks of both Sana-Bell and Sanabel"; (2) Plaintiffs' baseless argument that even though Plaintiffs have had their claims against Dr. Mirza dismissed, they nevertheless can require Dr. Mirza to respond to a discovery request served on an entirely different party, a party that apparently dissolved nine years ago, prior to the events that form the basis of Plaintiffs'

claims and (3) Sana-Bell's misrepresentation that its counsel contacted Dr. Mirza's counsel on four or five occasions but did not receive a response.

As to the latter and to the contrary, I personally e-mailed Sana-Bell's counsel in October 2008 to advise him (1) of our position that it is improper for Plaintiffs to seek documents through counsel for another party *indirectly* that which they could not do directly and (2) that Dr. Mirza is not in possession of any documents related to Sana-Bell.

Because Dr. Mirza was not given timely notice of the motion to compel or an opportunity to be heard, I request that he be given an opportunity to correct the record and permission to submit a response to the January 6, 2009 letter motion to compel the production of documents from Sana-Bell. Dr. Mirza requests that he be given seven days to prepare, file and serve his response.

Respectfully submitted,

Steven K. Barentzen

cc:   All Counsel of Record (by e-mail)