## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(FM)<br>ECF Case |

*This document relates to:*

All Cases

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE SUGGESTION OF DEATH FOR DEFENDANT KHALID BIN MAHFOUZ PURSUANT TO RULE 25, OR IN THE ALTERNATIVE, PURSUANT TO RULE 6(b)  A MOTION TO ENLARGE TIME TO FILE A MOTION FOR SUBSTITUTION

Plaintiffs hereby move the Court to Strike the Suggestion of Death Pursuant to Federal Rule of Civil Procedure 25, filed on August 21, 2009 by counsel for Defendant Khalid Bin Mahfouz. (Attached hereto as Exhibit A). In the Suggestion of Death, Counsel failed to identify the executors of the decedent's estate. Plaintffs made a good faith effort to resolve this issue with counsel for Khalid Bin Mafouz, but he claimed he did not have authority at this time to identify the successors, could not agree to an extension of time and does not currently represent the estate.    In the alternative, the Plaintiffs request an enlargement of time to file a motion for substitution. As a final protective measure, plaintiffs have simultaneously filed a separate Motion for Substitution. Plaintiffs further request that the Court order counsel for Khalid Bin Mahfouz to provide the names of any and all known successors and to produce certain documents relevant thereto.

## I.    THE COURT SHOULD STRIKE THE STATEMENT OF DEATH AS VOID

Courts have long interpreted Rule 25[1] to require such a designation in cases where the defendant is on notice of the successors.  In *Young v Patrice*, 832 F.Supp. 721, 725 (S.D.N.Y. 1993), the Court held, "The statement of death must be filed and served according to Rule 25, which most courts (including this one) have interpreted to require at least the naming of the executors of the estate."  In *Bradley v Balta*, (Memorandum and Order,  W.D. PA, 02-cv-00423-TFM-ARH, filed on November 10, 2005) the Court, after citing *Young v. Patrice*, wrote "Accordingly, this 10th day of November, 2005, IT IS HEREBY ORDERED that on or before November 28, 2005, counsel for Dr. Balta shall file a proper notice or suggestion of death indicating the name and address of Dr. Balta's successor, or of the representative or executor of Dr. Balta's estate."  Plaintiffs request the Court order counsel for Khalid Bin Mahfouz to file a new Suggestion of Death indicating the name and address of Khalid Bin Mahfouz's successor(s) or the executor(s) of his estate and the estate's beneficiaries. [2]  See also, *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990); *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985); *McSurely v. McClellan*, 753 F.2d 88, 98 (D.C.Cir.) cert. denied, 474 U.S. 1005 (1985); *Rende v. Kay*, 415 F.2d 983, 986 (D.C.Cir. 1969).

---

[1]  Rule 25(a)(1) states:

> Substitution if the Claim Is Not Extinguished.  If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

[2]  Plaintiffs note that the 90-day limit for filing a Motion for Substitution should not commence until a proper Suggestion of Death has been filed. *See Bradley v Balta*, "Further, as the *McSurely* Court recognized, a suggestion of death does not set in motion Rule 25(a)(1)'s ninety-day limitation unless the suggestion 'identif[ies] the representative or successor ... who may be substituted as a party.'"

Further, the Suggestion of Death filed by Defendant Khalid Bin Mahfouz's counsel is void because it did not serve the interested non-parties as required by Rule 25(a)(3).[3] Courts hold that suggestions of death are void if nonparties are not served. *Brown v. Mustain*, 30 FR Ser. 2d 534, 536-539 (4th Cir. 1980) (Defendant filed the Suggestion of Death of the plaintiff and moved to dismiss after no motion to substitute was filed;  The appellate court held that the Suggestion of Death was void because non-parties were not served, even though no representative had been appointed); *Bass v. Attardi*, 868 F.2d 45, 50 n.12 (3d Cir. 1989) (when the defendant's attorney filed a suggestion of death but did not serve the defendant's successors, the court held that the suggestion of death was void because nonparties were not served); *Town of Newcastle v. Yonkers*, 1991 Lexis 8477 (S.D. N.Y. 1999) (defendant's attorney sent a notice of death of one of the defendants to the plaintiff; the notice of death was void because it did not identify the proper party to be substituted and the defendant's attorney did not serve nonparties); *Young v. Patrice*, 832 F.Supp. 721, 725 (S.D. N.Y. 1993) (after the defendant died, defendant's attorney produced an affidavit that the defendant died, but did not serve nonparties).

In short, filing a notice of an alleged suggestion of death is not enough, counsel must still serve nonparty successors.  In this case, the filed Suggestion of Death was not served on nonparty successors and should be deemed void for this additional reason.

## II.    IN THE ALTERNATIVE, PLAINTIFFS' REQUEST THE COURT GRANT AN EXTENSION OF TIME TO FILE THE MOTION FOR PLAINTIFF'S REQUEST FOR SUBSTITUTION

---

[3] Rule 25(a) (3) states:

Service.  A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner. Service may be made in any judicial district.

In the alternative, the Plaintiffs respectfully request an extension of time under Fed.R.Civ.P. 6(b)[4] to enlarge the time to file a motion for substitution. *See Unicorn Tales*, Inc. *v. Banerjee*, 138 F.3d 467, 470 (2nd Cir. 1998).

Although Rule 25 states that an action "must" be dismissed if a motion to substitute is not brought within ninety days, this has been held not to preclude a Rule 6(b) motion to enlarge this timeframe. Rule 6(b) explicitly specifies a number of time periods that may not be expanded. Rule 25(a)(1) motions were formerly included on this list, but have since been removed, indicating that the period for Rule 25 motions may be extended.

In *Unicorn*, the Second Circuit reasoned that Rule 25 only requires the statement of death be served on the parties and that there were usually conventional means to identify and substitute the estate representative. However, the Court further found that if a "particular dilemma" existed where there was no conventional representative appointed, then it would be wise to require counsel to identify the successor(s) or legal representative. *Unicorn* at 470. Indeed, "if there was an inability or a significant difficulty in identifying [defendant's] legal representative or successor, a motion could be brought under Rule 6(b) to enlarge the time in which to file the Motion for Substitution." *Id.*

Federal Rule of Civil Procedure 6(b) is a rule of general application giving discretion to the trial court to enlarge time limits either before or after they have expired.

---

[4]  Rule 6(b) states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect....

*Wesolek v. Canadair Limited*, 838 F.2d 55, 58 (2d Cir. 1988) ("The granting or denial of a motion to extend the time ... lies within the discretion of the district court").  Because this Court may exercise its discretion under Rule 6(b)(1) only for "cause shown," a party must demonstrate some justification for the issuance of the enlargement order. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) ("Had appellants applied to the court within that prescribed period for an extension of time to respond, the court in its discretion would have been free to grant such an extension 'for cause shown' pursuant to Fed.R.Civ.P. 6(b)(1)").  [A]n application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 1165.

In this case, enlargement is proper due to complexities of the estate, especially as the estate appears to involve Saudi Law.  Plaintiffs do not know if Khalid Bin Mafouz had a will nor do Plaintiffs have an expertise in Saudi Estate Law.  The probate procedure and estate process in the United States may be very different from the process in the Kingdom of Saudi Arabia.  Plaintiffs need additional information and time in order to determine the successors and file a valid notice of substitution naming the proper parties.

## III.    THE COURT SHOULD ORDER DISCOVERY TO BE PRODUCED

In light of the position of opposing counsel, Plaintiffs further respectfully request the Court order counsel for Khalid Bin Mahfouz to provide the names of any and all known successors and to produce the following documents:

1)    Death Certificate of Khalid Bin Mahfouz (KBM);

2)    Last Will and Testament of KBM;

3)    All Saudi Court documents pertaining to KBM's estate and/or probate,

including application to the Court, Applicant's Declaration or Deed, Published

Notices, Court Orders, and Deed or Certificate of Inheritance;

4)        All documents provided to, or received from, the Ministry of Finance

pertaining to KBM's estate and/or inheritance;

5)        All documents provided to, or received from, the Ministry of Justice

pertaining to KBM's estate and/or inheritance.

## IV.    AS A PROTECTIVE MEASURE, PLAINTIFFS HAVE FILED A MOTION TO SUBSTITUTE SUCCESSORS AND REQUEST LEAVE TO AMEND WITHOUT PREJUDICE TO ADD OTHER SUCCESSORS

As a protective measure, Plaintiffs have filed a Notice of Motion to Substitute

Successors.  Although Plaintiffs are uncertain and unaware of all known successors, Plaintiffs

take this protective measure in the case that this Court denies the above requested relief.  Further,

Plaintiffs request that they be allowed to amend without any prejudice upon the discovery of the

correct successors and any additional successors.

Dated:  November 9, 2009

Respectfully submitted,
KREINDLER & KREINDLER, LLP


Andrew J. Maloney, III
100 Park Avenue
New York, New York 10017
212-973-3438
Plaintiff's Liaison Counsel

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | )<br>)<br>)<br>)<br>) |

**Civil Action No. 03 MDL 1570 (GBD)(FM)**

*This document relates to: All Actions*

## SUGGESTION OF DEATH PURSUANT TO
## <u>FEDERAL RULE OF CIVIL PROCEDURE 25</u>

Pursuant to Federal Rule of Civil Procedure 25, the undersigned provide notice on the record of the death of Khalid Bin Mahfouz, who is named as a defendant in several of the consolidated cases.

Respectfully submitted,

_____/s/_____

Stephen J. Brogan
Timothy J. Finn
Mary Ellen Powers
James E. Gauch
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

August 21, 2009