UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE:  TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) ) ) | **Civil Action No. 03 MDL 1570 (GBD)(FM)** |

*This document relates to:  All Actions*

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE SUGGESTION OF DEATH FOR DEFENDANT KHALID BIN MAHFOUZ

As former counsel to Defendant Khalid Bin Mahfouz, who died on August 16, 2009, the undersigned submit this Opposition concerning Plaintiffs' motions and supporting memorandum filed on November 9, 2009 (Dkt. Nos. 2194, 2195, 2196).  Plaintiffs filed a motion to strike the Suggestion of Death filed for Defendant Khalid Bin Mahfouz on August 21, 2009 (Dkt. No. 2189) (hereinafter "Suggestion") on grounds that it failed to identify and serve a successor defendant.  Alternatively, Plaintiffs moved for an enlargement of the 90-day time period (after notice of death) provided by Rule 25 in which to file a motion for substitution.  Plaintiffs also ask the Court to order former counsel to Mr. Bin Mahfouz to produce information and documents that would help Plaintiffs identify a successor defendant.  And, in the event that the Court does not strike the Suggestion of Death or enlarge time for filing a motion for substitution, Plaintiffs have offered a "protective" motion to substitute parties.

As discussed below, Plaintiffs seek to compel former counsel for Mr. Bin Mahfouz to identify and serve a successor defendant.  In fact, it is Plaintiffs' burden to identify a successor,

to provide the Court with grounds to support a motion to substitute, and to serve the substitute defendant. Accordingly, Plaintiffs' motions to strike the Suggestion and to order counsel to produce information, as well as their "protective" motion to substitute parties, should be denied. We take no position on the motion to extend time in which to file a motion to substitute.

**I.      THE SUGGESTION OF DEATH IS VALID UNDER THE FEDERAL RULES**

Plaintiffs argue that the Suggestion, which notified all parties and the Court of Mr. Bin Mahfouz's death, must be stricken because it failed to identify and serve the decedent's successors. But it is well settled that there is no such requirement in this Circuit. *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469-70 (2d Cir. 1998) (holding that Rule 25 "does not require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties"); *see also Palmer v. Stewart*, No. 02 Civ. 4076, 2003 U.S. Dist. LEXIS 9214, at *3 (S.D.N.Y. June 4, 2003) ("[T]he Suggestion of Death did not provide a name for the executor or administrator of the Estate. Nor must a Suggestion of Death contain such information (the statement to the contrary in [*Young v. Patrice*, 832 F. Supp. 721, 725 (S.D.N.Y. 1993)] notwithstanding).").

Plaintiffs rely exclusively on cases that precede *Unicorn Tales* that are no longer good law. *See Pastorello v. City of New York*, No. 95 Civ. 470, 2000 U.S. Dist. LEXIS 15137, *4-8 (S.D.N.Y. Oct. 17, 2000) (holding that *Unicorn Tales* overrules previous cases in the Second Circuit that required a suggesting party to provide the identity of the substituting representative or successor, because *Unicorn Tales* "unequivocally announces the *de minimis* standard to which suggesting parties are held, and the standard by which this Court is governed").

Plaintiffs' argument that a suggestion of death must be served on nonparty successors similarly ignores the law in this Circuit. As *Unicorn Tales* and subsequent authorities make clear,

Rule 25 does not require that the decedent's successors or representatives be identified and served in order to validly provide notice of death on the record.  Rather, Rule 25 "merely requires that the statement of death be served on the involved parties."  138 F.3d at 470.  While Rule 25(a)(3) does note that service on non-parties must follow the requirements of Rule 4, "[t]here is no language in Rule 25 suggesting that 'non-parties' means 'successors' or that the reference to non-parties is meant to require service [of the suggestion of death] on a decedent's successors or heirs."  *Steward v. City of New York*, No. 04-CV-1508, 2007 WL 2693667, *4 (E.D.N.Y. Sept. 10, 2007).  This conclusion is, of course, unsurprising given the Circuit's rule that a suggestion of death need not identify the decedent's successors.

Accordingly, courts in this Circuit hold suggestions of death to be valid under Rule 25 whether or not non-party successors are served.  *See, e.g.*, *Miller v. DCM, Inc.*, No. 04 Civ. 1931, 2007 U.S. Dist. LEXIS 25283, at *2 (S.D.N.Y. Mar. 14, 2007) (dismissing case pursuant to Rule 25 even though the deceased plaintiff's successors were not served, noting that "it is unnecessary for the person who files a suggestion of death on the record to identify the successor or legal representative of the deceased party").  This is because the "purpose of Rule 25 is 'to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party,' rather than to inform successors that a decedent is deceased."  *Steward*, 2007 WL 2693667 at *4 (quoting *Unicorn Tales*, 138 F.3d at 469-70).  As above, Plaintiffs simply ignore *Unicorn Tales*, the controlling Circuit precedent on this issue, and cite only cases that predate this Circuit's rejection of the requirement to name and serve successors.

## II.     COUNSEL SHOULD NOT BE SUBJECT TO DISCOVERY IN THIS MATTER

The burden of locating a proper party to substitute falls to the party moving for substitution.  *Amaker v. Kelley*, No. 9:01-CV-877, 2006 U.S. Dist. LEXIS 92760, *9 (N.D.N.Y.

Dec. 20, 2006) (stating that "it is ultimately [p]laintiff's burden to ascertain the identity of [the deceased defendant's] representative"). The movant likewise bears the burden of providing some evidence that the party proposed for substitution is a "proper party" under Rule 25. *See, e.g.*, *Billups v. West*, No. 95 Civ. 1146, 1998 U.S. Dist. LEXIS 9583 (S.D.N.Y. June 26, 1998) (denying Rule 25 motion because movant failed to show that she was either a successor or representative of the decedent); *Graham v. Henderson*, 224 F.R.D. 59, 65 (N.D.N.Y. 2004) (motion rejected where movant only provided obituary showing that decedent was survived by a wife, which was not sufficient to show that she was decedent's successor).

Plaintiffs should not be permitted to carry their burden through discovery against counsel for the decedent. The Second Circuit has warned of the "burdens imposed on the adversary process when lawyers themselves have been the subject of discovery requests," including the risk of infringing upon privilege and attorney work product. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003).[1] Even discovery "limited to relevant and non-privileged information [is] likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case." *Bey v. City of New York*, 99 Civ. 3873, 2007 U.S. Dist. LEXIS 47319, at *17 (S.D.N.Y. June 28, 2007) (internal citations omitted). Courts in this district, relying on *Friedman,* have consequently denied requests for discovery on opposing counsel when the moving party fails to establish sufficient need and where the risk of encountering privilege and work product issues is too great. *See, e.g.*, *ResQNet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2004 U.S. Dist. LEXIS 13579, at *13, 16 (S.D.N.Y. July 23, 2004) (movant failed

---

[1] In *Friedman*, the Second Circuit noted four nonexclusive factors that indicate when discovery on opposing counsel may be permissible, including "[1] the need to depose the lawyer, [2] the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, [3] the risk of encountering privilege and work-product issues, and [4] the extent of discovery already conducted." 350 F.3d at 72.

to demonstrate need to depose opposing counsel where it did not show "why the information has not been or cannot be obtained through [other] means").[2]

Plaintiffs here have moved the Court to order counsel to "provide the names of any and all known successors" and to produce various documents pertaining to the estate of Khalid Bin Mahfouz "and/or inheritance." Pls.' Mem. in Supp. of Mot. to Strike (Dkt. No. 2195) at 5-6. Any information that counsel for Mr. Bin Mahfouz has on these topics, however, would be protected by attorney-client privilege and/or the attorney work product doctrine. Plaintiffs have made no argument that the information they seek cannot be obtained through other means but, to the contrary, have contended that they need additional time to obtain expertise in Saudi estate law and research the facts. Plaintiffs should be required to determine a successor defendant through their own efforts, rather than through the decedent's legal counsel.

### III. THE COURT SHOULD DENY PLAINTIFFS' "PROTECTIVE" MOTION TO SUBSTITUTE

"As a protective measure" in case the Court denies their motions to strike the suggestion of death and to extend time in which to file a motion to substitute, Plaintiffs have filed a motion to substitute for Defendant Khalid Bin Mahfouz the estate of Khalid Bin Mahfouz and members of his immediate family. Mot. to Substitute (Dkt. No. 2196). But Plaintiffs implicitly acknowledge that they have not yet met the prerequisites for such a motion: they make no effort to meet their burden to show that these are "proper parties" under Rule 25 (conceding that they do not yet know the "correct successors," Pls.' Mem. in Supp. of Mot. to Strike at 6) and they provide no evidence that they have served non-parties with their motion as required by Rule

---

[2] Plaintiffs' well-funded counsel cannot claim the exceptional need for assistance found by the court in *Amaker*, which directed opposing counsel to share information with a pro se incarcerated plaintiff because "there is no question that a pro se inmate such as Plaintiff has limited resources with which to conduct the necessary inquiry." 2006 U.S. Dist. LEXIS 92760, at *9.

25(a)(3). *See, e.g., Amaker*, 2006 U.S. Dist. LEXIS 92760, at *8 ("Plaintiff's failure to name [the deceased defendant's] legal representative and to effect service of his motion in accordance with Rule 4 . . . requires that the Court deny his motion pursuant to Rule 25(a)(1)."). Accordingly, the Court should deny Plaintiffs' "protective" motion to substitute parties.

                                                                    Respectfully submitted,

                                                                       /s/

Stephen J. Brogan
Timothy J. Finn
Mary Ellen Powers
James E. Gauch
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

Michael Nussbaum (MN-9981)
BONNER KIERNAN TREBACH &
CROCIATA, LLP
1233 20th Street, N.W. Suite 800
Washington, D.C. 20036
Tel: (202) 712-7000
Fax: (202) 712-7100

November 23, 2009