UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) ECF Case |

*This document relates to:*

All Cases

### PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE SUGGESTION OF DEATH FOR DEFENDANT KHALID BIN MAHFOUZ PURSUANT TO RULE 25, OR IN THE ALTERNATIVE, PURSUANT TO RULE 6(b) MOTION TO ENLARGE TIME TO FILE A MOTION FOR SUBSTITUTION

Plaintiffs hereby respectfully submit this reply memorandum in support of Plaintiffs' Motion to Strike the Suggestion of Death for Defendants Khalid Bin Mahfouz Pursuant to Rule 25 or in the Alternative, Pursuant to Rule 6(b) Motion to Enlarge Time to File A motion for Substitution" ("Motion to Strike") (Docket Nos. 2194 and 2195). In the Response to the Motion to Strike ("Opposition"), Defendant Khalid Bin Mahfouz's purported former counsel[1] argue that the Suggestion of Death filed was properly filed even though it was filed by the decedent's former counsel and failed to name the decedent's successors. These arguments are without merit and contradict the logic surrounding Rule 25.

---

[1] Counsel opened their Response by stating that they are "former counsel" to Khalid Bin Mahfouz. A review of the docket fails to indicate any Order authorizing their withdrawal, let alone a Motion to Withdraw or letter to the Court noting their status. *See* S.D.N.Y. L.R. 1.4; *Stephens v. American Risk Mgmt, Inc.*, No. 89-cv-2999 (JSM)(AJP), 1995 WL 479438 (S.D.N.Y. Aug. 14, 1995). If, in fact, they no longer represent him, they lack standing to oppose the relief requested herein. *See id;* 7C C. Wright, A. Miller & M. Kane, Federal Practice & Procedure [hereafter, "Wright & Miller"] § 1955 (It has been held that the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule.).

1

## I. THE COURT SHOULD STRIKE THE STATEMENT OF DEATH TENDERED BY DECEDENT'S COUNSEL AS VOID.

In the Opposition, Decedent Khalid Bin Mahfouz's former counsel argues their Suggestion of Death is valid and conforms with Second Circuit precedent. Khalid Bin Mahfouz's former counsel argue that the Second Circuit set forth a broad rule that allows the deceased party's attorney to tender the notice of substitution without any requirement to name and serve the decedent's successors – even when the deceased party's counsel knows the identity of the successors, relying upon *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir. 1998). To the contrary, the Second Circuit's decision can not be read that expansively. Such a broad interpretation is counter to Rule 25 and contradicts every other circuit that has reviewed such a fact pattern.

Defendant's former counsel states that Plaintiffs have ignored *Unicorn Tales Inc. v. Bannerjee*, 138 F.3d (2d Cir. 1998) and rely on cases "that are no longer good law." To the contrary, Plaintiffs cited to Unicorn in our Motion to Strike at page 4 for its most relevant point, e.g., if a "particular dilemma" existed the Court "might see the wisdom of the requirement" [that a suggestion of death identify the representative or successor of an estate]. *Unicorn* at 470. Additionally, "if there was an inability or a significant difficulty in identifying [defendant's] legal representative or successor, a motion could be brought under Rule 6(b) to enlarge the time in which to file the Motion for Substitution."*Id.*

Defendant Khalid Bin Mahfouz's former counsel argues that *Unicorn Tales* is akin to this case and precludes any requirement to name and/or serve any decedent's successors. (Resp. Mem. at 2). The facts of this case are clearly distinguishable from *Unicorn Tales*. Unlike

2

the case at bar where the suggestion of death was filed in the name of and by the defendant's former counsel, in *Unicorn Tales* it was submitted by the defendant's surviving spouse and presumptive heir.[2] Further, *Unicorn Tales* is consistent with the requirements of Rule 25 that make the Suggestion of Death, as tendered by Decedent Khalid Bin Mahfouz's former counsel, void. The suggestion of death filing may be made by any party (including a co-defendant to the deceased defendant), or by the successor or representative of the deceased. *See* 7C Wright & Miller § 1956. Magistrate Judge Peck found that the "suggestion of death filing, however is not effective if made by counsel for the party who has died. *Stephens v. American Home Insurance* SDNY *1995 U.S. Dist. LEXIS 11553.citing [Wright & Miller]*. § 1955 at fn 13 (citing cases); *Rende v. Kay*, 415 F.2d 983, 985-86 (D.C. Cir. 1969); *Smith v. Planas*, 151 F.R.D. 547, 549-50 (S.D.N.Y. 1993); *Coverdale v. Apel*, No. 98 Civ. 2531, 1999 U.S. Dist. LEXIS 9549, at *2 (S.D.N.Y. June 22, 1999); *Roe v. City of New York*, 2003 WL 22715832, at * 2 (S.D.N.Y. Nov. 19, 2003).[3]

*Unicorn Tales* is simply the *de minimis* standard when the Suggestion of Death is filed by a presumptive *pro se* heir. *Unicorn Tales* should not be interpreted broadly to allow a decedent's former counsel with knowledge of successors to file a Suggestion of Death and then

---

[2] The residency of the deceased and the spouse in *Unicorn Tales* appears to be California. Under the intestacy scheme of California , the surviving spouse is entitled to all of the decedent's community property and quasi-community property. *See* Cal. Prob. Code 100(a), 101(a). Moreover, under California law the surviving spouse has first priority of appointment as administrator of an intestate estate. California Probate Code § 8461. New York has similar laws. *See* NY EPTL 5-1.1-A.

[3] In the *Smith* case, the suggestion of death was invalid since it was made by the deceased's attorney. As the court explained, "the attorney for the decedent has no authority to suggest the death of his or her client upon the record. The attorney is not a party to the action and the attorney's authority to represent the decedent terminated upon death." *Smith v. Planas*, 151 F.R.D. 547, 549-50 (S.D.N.Y.1993). Coverdale held that "[a] lawyer who represented a party before that party's death is not a 'representative' within the meaning of Rule 25, and consequently cannot continue an action on behalf of the decedent unless asked to do so by a representative of the estate." *Coverdale v. Apel*, No. 98 Civ. 2531, 1999 U.S. Dist. LEXIS 9549, at *2 (S.D.N.Y. June 22, 1999). A lawyer who represented a party before that party's death is not a 'representative' within the meaning of Rule 25. *Roe v. City of New York*, 2003 WL 22715832, at * 2 (S.D.N.Y. Nov. 19, 2003) (citing and quoting *Coverdale v. Apel*, 1999 U.S. Dist. LEXIS 9549, at *2 (S.D.N.Y. June 22, 1999)).

when asked questions about the successors refuse to give any information. Furthermore, *Unicorn Tales* did not overturn well-established case law precluding counsel for a deceased party to file a suggestion of death; to the contrary, such counsel lacks standing to do so.

As the Court of Appeals[4] in *Unicorn Tales* declared: "Plainly, then, if there was an inability or a significant difficulty in identifying Banerjee's legal representative or successor, a motion could be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution." 138 F.3d at 470. In the case at bar Plaintiffs did just that. Following the instructions of the *Unicorn Tales* Court, Plaintiffs moved for an extension of time and, given the time limits, as a protective measure, filed the motion for substitution. *See Id.*

The D.C. Circuit has interpreted the Advisory Committee's statement "that suggestion of death could be made by 'the representative of the deceased party' " as "plainly contemplat[ing] that the suggestion emanating from the side of the deceased would identify a representative of the estate, such as an executor or administrator, who could be substituted for the deceased as a party, with the action continued in the name of the representative." *Rende*, 415 F.2d at 985.

## II.   DECEDENT KHALID BIN MAHFOUZ'S FORMER COUNSEL SHOULD BE SUBJECT TO DISCOVERY.

In the Motion to Strike, Plaintiffs requested that the Court order Decedent Khalid Bin Mahfouz's former counsel to provide the names on any and all known successors and to produce the following documents:

---

[4] The Second Circuit in *Unicorn Tales* addressed the argument that the "district court should have granted the motion to substitute ... out of time, pursuant to Rule 6(b)," and rejected it because "there was no motion for the district court to allow substitution out of time under Rule 6(b)." 138 F.3d at 470. The Court found that the motion made before the district court was one filed under Rule 25, and therefore since the party below did not make a motion under Fed.R.Civ.P. 6(b), it was deemed waived. *Id.*

4

1)  Death Certificate of Khalid Bin Mahfouz ("KBM");

2)  Last Will and Testament of KBM;

3)  All Saudi Court documents pertaining to KBM's estate and/or probate, including application to the Court, Applicant's Declaration or Deed, Published Notices, Court Orders, and Deed or Certificate of Inheritance;

4)  All documents provided to, or received from, the Ministry of Finance pertaining to KBM's estate and/or inheritance; and

5)  All documents provided to, or received from, the Ministry of Justice pertaining to KBM's estate and/or inheritance.

Decedent Khalid Bin Mahfouz's former counsel refused to provide any such information. The cases they cited are distinguishable from the facts of this case, wherein the majority involved the denial of a motion for substitution by the successor. *See Billups v. West*, No. 95-cv-1146, 1998 WL 341939 (S.D.N.Y. June 26, 1998). Plaintiffs clearly possess the right under Rule 26 (b)(1) to pursue discovery of – "any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" – in order confirm the identities of the valid representatives to the bin Mahfouz estate. See *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 837 (3d Cir. 1994) (abuse of discretion to fail to allow written discovery as to the estate before ruling on motion to substitute); *Merit Ins. Co. v. Colao*, 1986 U.S. Dist. LEXIS 21100, *9-10 (N.D. Ill. 1986) (discovery permitted "to learn the place of death, the names of the heirs, and other information necessary to identify the proper parties to substitute.").

Decedent Khalid Bin Mahfouz's former counsel cites only one case, *Amaker v. Kelly*, No. 01-cv-877 (FSP)(DEP), 2007 WL 838984 (N.D.N.Y. Mar. 15, 2007), wherein the court denied the motion for substitution that was not made by the decedent's counsel. In *Amaker*, the court denied the motion for substitution without prejudice to file a renewed motion for substitution and further ordered decedent's counsel to promptly disclose <u>any and all</u> information he had regarding the identity of the decedent's legal representative. *Id.* at * 9 *citing Stephens v. American Risk Mgmt, Inc.*, No. 89-cv-2999 (JSM)(AJP), 1995 WL 479438 (S.D.N.Y. Aug. 14, 1995). Although *Amaker v. Kelly* involved a pro se plaintiff in prison, *Stephens* involved a plaintiff counsel's seeking information on the proper successor of a decedent in Bermuda. *See id.* Even though the decedent's counsel represented other defendants in the matter, the *Stephens Court* ordered that decedent's counsel produce any information regarding the decedent's successor or representative, including the name and address. *Id.* at * 3.

Plaintiffs' discovery requests herein are similarly limited in scope to information regarding the Decedent Khalid Bin Mahfouz's successors. Despite Decedent Khalid Bin Mahfouz's former counsel's arguments that such information is protected by the attorney-client privilege and/or work product doctrine, Plaintiffs seek limited discovery that, at least in the U.S., are public documents and/or of public record, such as a death certificate, last will and testament, and various court documents. Such public documents are not subject to the attorney-client privilege or work product doctrine. Nor does Counsel claim to represent the successors or the Estate and would therefore have no privileged attorney-client communications.

IV. **PLAINTIFFS PROPERLY FILED A MOTION FOR SUBSTITUTION WITH A REQUEST TO AMEND WITHOUT PREJUDICE.**

Simultaneously with the Motion to Strike, Plaintiffs filed a Motion for Substitution. (Docket 2196). In the Motion to Strike, Plaintiffs notified the Court that Plaintiffs were also filing a Motion for Substitution and the parties: Khalid Bin Mahfouz's Estate, widow, and known children.

In their Response to the Motion to Strike, Decedent Khalid Bin Mahfouz's former counsel argue that the Motion to Substitute is improper because it did not identify all correct successors and all non-parties were not served. (Resp. Mot. Strike at 5-6). Pursuant to Rule 4, the period for service has not yet expired and Plaintiffs are in the process of obtaining proper service which may require publication in the manner previously authorized by this Court. Indeed, decedent's son, Abdulrahman Bin Mahfouz is also a co-defendant in this case and is represented by counsel who can be served. Further, Decedent Khalid Bin Mahfouz's former counsel does not deny that the persons named in the Motion to Substitute are proper parties. A review of the applicable Saudi law indicates that these should be the proper successors, but that additional successors may also be present. Indeed, all Fed. R. Civ. P. 25(a)(1) requires is that plaintiffs provide some evidence that the persons indicated on the motion to substitute are valid successors in interest or legal representatives of the estate. *Veliz v. Cintas Corp.*, 2008 U.S. Dist. LEXIS 79833, * 6 (N.D. Cal. 2008). This showing requires nothing more than plaintiffs making the necessary representations in a signed motion. *Gerlib v. R.R. Donnelley & Sons Co.*, 2001 U.S. Dist. LEXIS 14091, * 4 (N.D. Ill. 2001). Language as simple as "Because of the death of the plaintiff, the wife (as executrix of his estate) is to become the substitute plaintiff" is sufficient to constitute the entire motion under Fed. R. Civ. P. 25(a)(1). *Anderson v. Republic Motor Inns, Inc.*, 444 F.2d 87, 88 (3d Cir. Pa. 1971). The Motion to Substitute was legally sufficient.

7

## V. IN THE ALTERNATIVE, THE BALANCE OF THE RELIEF REQUESTED SHOULD BE GRANTED AS UNOPPOSED.

In both Plaintiffs' Motion to Strike and Motion for Substitution (Docket No.2196), Plaintiffs sought leave of the Court to amend, without prejudice, the protective Motion to Substitute pursuant to Fed. R. Civ. Proc. 25. As this was unopposed, the relief sought should be granted forthwith.

Furthermore, Plaintiffs sought in the Motion to Strike, an extension of time to file the substitution pursuant to Rule 25 (Docket 2195, Mem. of Law, at 1, 3-5), having filed the Motion for Substitution as a "protective measure" in the event that the motion for the extension of time was denied. Although former counsel for decedent Khalid Bin Mahfouz has contended that they believe that the protective Motion for Substitution was improper (*See* Def's Mem. at 5-6), they did not oppose the alternative request for an extension of time to file same.

Moreover, this Circuit has long recognized that when there is an inability or a significant difficulty in identifying a party's legal representative or successor, a motion under Fed. R. Civ. P. 6(b) would be appropriate to enlarge the time in which to file the motion for substitution. *Unicorn Tales v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998). Indeed, such relief is to be liberally granted. "While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90-day requirement may be extended by Federal Rule of Civil Procedure 6(b). Rule 6(b)(2) states that a district court 'for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .' The history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted."

*Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993), quoting *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 20 (W.D. Pa. 1984). "When analyzing a claim of excusable neglect, courts should take account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322 (11th Cir. 1996); see also *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005); *Kasting v. American Family Mut. Ins. Co.*, 196 F.R.D. 595, 602 (D. Kan. 2000) (recognizing that excusable neglect is "an elastic concept"); *Zeidman v. General Acci. Ins. Co.*, 122 F.R.D. 160, 162 (S.D.N.Y. 1988) (party seeking enlargement of 90-day period prescribed by Rule 25(a) must show both good faith and reasonable basis for noncompliance to be successful, but excusable neglect is an elastic concept).

Accordingly, that relief should be granted.

## VI.   CONCLUSION

Rule 25 was amended so as to make the process of substitution easier when a litigant passes away. *See, e.g., Staggers v. Otto Gerdau*, 359 F.2d 292, 296 (2nd Cir. 1966). Wright and Miller, § 1955 (The 1963 amendment was intended to liberalize substitution after death). Defendant Khalid Bin Mahfouz's former counsel has taken the opposite approach. It should not be countenanced here.

Dated: December 3, 2009

Respectfully submitted,

KRIENDLER & KREINDLER, LLP

*/s/ Andrew J. Maloney, III*

Andrew J. Maloney, III
100 Park Avenue
New York, New York 10017
Ph: 212-973-3438

COZEN O'CONNOR, LLP
Sean Carter, Esq.
Adam C. Bonin, Esq.
1900 Market Street
Philadelphia, Pennsylvania 19103
Ph: 215-665-2105

ANDERSON KILL & OLICK, P.C.
Jerry S. Goldman, Esq.
Virginia I. Miller, Esq.
1251 Avenue of the Americas
New York, NY 10020
Ph: 212-278-1000

On behalf of all Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion to Strike the Suggestion of Death for Defendant Khalid Bin Mahfouz Pursuant to Rule 25, or in the Alternative, Pursuant to Rule 6(b) Motion to Enlarge Time to File a Motion for Substitution was served via the Court's Electronic Case Filing System, on December 3, 2009, on all counsel of record.

_____
Andrew J. Maloney, III