**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**


**IN RE: TERRORIST ATTACKS ON**          :
**SEPTEMBER 11, 2001**                   :          **MDL 03-1570 (GBD)**


**This Document Relates To:**
*HAVLISH, et al. v. BIN LADEN, et al.*
**Civil Action No. CV-03-9848 (GBD**)


**PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD
AMENDED COMPLAINT IN ORDER TO PROCEED UNDER
AMENDMENTS TO THE FOREIGN SOVEREIGN IMMUNITIES ACT**

At the July 15, 2009 status conference, Plaintiffs in the *Havlish* action asked the

Court to set a hearing date for the presentation of evidence in support of default judgments

against the Islamic Republic of Iran and certain Iranian agencies and instrumentalities.  The

Court advised *Havlish* counsel to submit that evidence under seal for the Court's review.

The *Havlish* Plaintiffs have now compiled affidavits, video testimony and documentary

evidence that they intend to file shortly.  In anticipation of the Court's review of that

evidence, Plaintiffs submit this motion for leave to file a Third Amended Complaint

(attached hereto as Exhibit "A") for the purpose of proceeding under amendments to the

Foreign Sovereign Immunities Act.  Specifically, Plaintiffs seek to proceed under new

§1605A which creates a federal cause of action in lieu of proceeding under various state

personal injury laws.  In support of their request for leave to file their Third Amended

Complaint, Plaintiffs state as follows:

## I.   PROCEDURAL BACKGROUND

This action was initiated in the United States District Court for the District of

Columbia on February 19, 2002.  Plaintiffs are personal representatives and family members

of victims of the September 11, 2001 terrorist attacks who seek to recover damages caused

by defendants who perpetrated and supported those attacks.  After the *Havlish* case was

consolidated into the present MDL proceedings, this Court granted plaintiffs' motion for

leave to file a Second Amended Complaint, which plaintiffs filed on September 7, 2006.

The defendants named in that Second Amended Complaint include the Islamic Republic of

Iran ("Iran") and certain agencies and instrumentalities of Iran (referred to collectively

herein as the "Iranian defendants").[1]

All defendants were properly served in accordance with 28 U.S.C. §1608 and forms

of alternative service approved by the Court.  No defendants have entered an appearance in

this matter.  Plaintiffs filed appropriate affidavits of service and affidavits in support of

default judgment.[2]  The Clerk of the District of Columbia filed an Entry of Default on

December 23, 2002, and the Clerk of this Court filed an Entry of Default on December 27,

---

[1] The Iranian defendants named in the Amended Complaint are The Islamic Republic of Iran, Ayatollah Ali
Hoseini-Khamenei, the Iranian Ministry of Information and Security, the Iranian Ministry of Petroleum, the
Islamic Revolutionary Guard Corps., Hezzbollah, the Iranian Ministry of Economic Affairs and Finance, the
Iranian Ministry of Commerce, and the Iranian Ministry of Defense and Armed Forces Logistics.  The
Iranian defendants added in the Second Amended Complaint are Ali Akbar Hashemi Rafsanjani, the National
Iranian Tanker Corporation, the National Iranian Gas Corporation, the National Iranian Oil Corporation, the
National Iranian Petrochemical Corporation, Iran Airlines and the Central Bank of the Islamic Republic of
Iran.

[2] At the July 15, 2009 status conference, the Court instructed plaintiffs' counsel to submit a memorandum
describing the steps taken to effectuate service on the defaulting defendants.  Plaintiffs submitted a
memorandum and supporting documents regarding service on October 27, 2009.

2007.  Plaintiffs filed a Motion for Default Judgment on August 29, 2008.  At the Court's direction, Plaintiffs are preparing to file under seal the evidence required by 28 U.S.C. §1608(e) supporting the entry of default judgment against the Iranian defendants.

## II.    PLAINTIFFS' FEDERAL SOVEREIGN IMMUNITIES ACT CLAIM

Plaintiffs' claims against the Iranian defendants are based on the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1602, et seq.  In the Second Amended Complaint, Plaintiffs asserted liability claims against the Iranian defendants under state personal injury laws and under §1605(a)(7) of the FSIA.  Plaintiffs' complaint contains a specific count seeking an award of damages against the Iranian defendants for violation of the FSIA.

The FSIA provides foreign states with immunity from suit in U.S. courts unless Congress waives immunity under an enumerated exception.  In 1996, as part of the Antiterrorism and Effective Death Penalty Act, Congress enacted the "terrorism exception" to the FSIA, waiving the immunity of foreign states and their agents in any case

> in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources (as defined in section 2339A of title 18) for such an act if such act or provision of material support is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency ...

28 U.S.C. § 1605(a)(7)(repealed).  The *Havlish* plaintiffs specifically referred to this section when setting forth their FSIA claim.

Under the terrorism exception, foreign sovereign immunity is eliminated in two different categories of terrorism cases: (1) those in which the designated foreign state is

alleged to have committed certain acts of terrorism, i.e., torture, extrajudicial killing, aircraft sabotage, or hostage taking; and (2) those in which the designated state is alleged to have provided "material support or resources" for such terrorist acts. *See* § 1605A(a)(1); § 1605(a)(7) (repealed). Here, Plaintiffs seek entry of judgment against Iran, a designated state sponsor of terrorism,[3] for its "provision of material support or resources" in furtherance of acts of terrorism committed on September 11, 2001. *See* §1605A(a)(1); §1605(a)(7) (repealed).

When the FSIA terrorism exception was first enacted in April 1996, it was not clear whether the statute served as a basis for an independent federal cause of action against foreign state sponsors of terrorism. In an attempt to clarify matters, Congress created what is commonly referred to as the "Flatow Amendment," enacted as part of the Omnibus Consolidated Appropriations Act, 1997. *See* Pub.L. 104-208, § 589, 110 (1996), 110 Stat. 3009-1, 3009-172 (codified at 28 U.S.C. § 1605 note). In pertinent part, the Flatow Amendment provides:

> (a) An official, employee, or agent of a foreign state designated as a state sponsor of terrorism designated under section 6(j) of the Export Administration Act of 1979 [section 2405(j) of the Appendix to Title 50, War and National Defense] while acting within the scope of his or her office, employment, or agency shall be liable to a United States national or the national's legal representative for personal injury or death caused by acts of that official, employee, or agent for which the courts of the United States may maintain

---

[3] The Islamic Republic of Iran has been designated by the Secretary of State as a state sponsor of terrorism since January 19, 1984. The State Department maintains a list of countries that have been designated as state sponsors of terrorism on the Department's website. *See* U.S. Dep't of State, State Sponsors of Terrorism, www.state.gov/s/ct/c14151.htm. As noted at the website, countries designated as state sponsors of terrorism are those countries that the Secretary of State has determined "have repeatedly provided support for acts of international terrorism." *Id.*

> jurisdiction under section 1605(a)(7) of title 28, United States Code
> [subsec. (a)(7) of this section] for money damages which may
> include economic damages, solatium, pain, and suffering, and
> punitive damages if the acts were among those described in section
> 1605(a)(7) [subsec. (a)(7) of this section].

The Flatow Amendment permits U.S. nationals injured in terrorist attacks to pursue a

private right of action against officials, employees, and agents of designated foreign states

acting in their personal capacities. However, in 2004, two years after the present action was

filed, the United States Court of Appeals for the District of Columbia ruled that § 1605(a)(7)

conferred jurisdiction on the district court, but did not create a substantive cause of action

against a foreign state. *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024, 1032

(D.C. 2004).  The *Cicippio-Puleo* court also held that there is no federal private right of

action against foreign governments -- as opposed to individuals -- under the Flatow

Amendment.  *Id.* at 1027.  The D.C. Circuit Court concluded that FSIA plaintiffs cannot

state a claim under the "generic common law" but must "identify a particular cause of action

arising out of a specific source of law."  *Id.* at 1037.  *See also Acree v. Republic of Iraq,* 370

F.3d 41, 59 (D.C.Cir.2004).  As a result, plaintiffs seeking to recover damages caused by

state-sponsored acts of terrorism could assert jurisdiction under the FSIA, but were then

required to establish liability under the various personal injury laws of U.S. states.

This construct no longer applies. Congress abrogated the *Cicippio* holding in 2008

when it enacted §1083 of the National Defense Authorization Act for Fiscal Year 2008 (the

"NDAA").  *See* P.L. 110-181, §1083, 122 Stat. 3, 338-44.  NDAA §1083 amended the FSIA

by repealing §1605(a)(7) and replacing it with a new §1605A (28 U.S.C. §1605A).  The

new §1605A settles the issue by unequivocally creating a federal private right of action

against foreign state sponsors of terrorism:

> **(c) Private right of action.**--A foreign state that is or was a state sponsor of terrorism as described in subsection(a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to--
>
> **(1)** a national of the United States,
>
> **(2)** a member of the armed forces,
>
> **(3)** an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
>
> **(4)** the legal representative of a person described in paragraph (1), (2), or (3),
>
> for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

While the jurisdictional exception to foreign sovereign immunity under the new

provision is identical to that which was contained in §1605(a)(7), the new law eliminates the

need for terrorism plaintiffs to rely on a myriad of state tort laws as the bases of liability.

Under §1605A(c), U.S. citizens who are victims of state-sponsored terrorism can sue a

responsible foreign state directly.  State law no longer controls the nature of the liability and

damages that may be sought when a foreign government is sued.  The statute provides a

6

private right of action and precisely enumerates the types of damages recoverable, thereby

eliminating the inconsistencies that arose in earlier cases decided under various state laws.[4]

### III.  RETROACTIVE APPLICATION OF THE NEW §1605A TO PENDING CASES FILED UNDER REPEALED §1605(a)(7)

The new cause of action created by §1605A has an expanded statute of limitations.

Specifically, §1605A(b) provides:

> An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or [the Flatow Amendment] not later than the later of-
>
> (1) 10 years after April 24, 1996; or
>
> (2) 10 years after the date on which the cause of action arose.

Here, the cause of action in *Havlish* arose on September 11, 2001, so the limitations

period on Plaintiffs' §1605A claim would extend to September 2011.

Rather than require plaintiffs in pending actions to dismiss and re-file their

complaints, NDAA §1083 provides alternative methods for effectuating the retroactive

application of new §1605A to pending actions that were filed under the earlier version of the

FSIA.  Specifically, §1083(c)[5] provides as follows:

> **(1) In general.**--The amendments made by this section [enacting this section and amending 28 U.S.C.A. §§1605, 1607, 1610, and 42 U.S.C.A. § 10603c] shall apply to any claim arising under section 1605A of title 28, United States Code [this section].

---

[4] Judge Royce Lamberth, Chief Judge of the United States District Court for the District of Columbia, provides extensive analysis of new §1605A and its retroactive application under NDAA §1083 in *In re Islamic Republic of Iran Terrorism Litigation*, 659 F.Supp.2d 31 (2009), and *Heiser, et al. v. Islamic Republic of Iran*, 605 F.Supp.2d 248 (2009).

[5] *See* Pub.L. 110-181, Div. A, Title X, § 1083(c), Jan. 28, 2008, 122 Stat. 342.

**(2) Prior actions.--**

    **(A) In general.**--With respect to any action that—

        **(i)** was brought under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [not classified to the Code], before the date of the enactment of this Act [Jan. 28, 2008],

        **(ii)** relied upon either such provision as creating a cause of action,

        **(iii)** has been adversely affected on the grounds that either or both of these provisions fail to create a cause of action against the state, and

        **(iv)** as of such date of enactment [Jan. 28, 2008], is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure,

that action, and any judgment in the action shall, on motion made by plaintiffs to the United States district court where the action was initially brought, or judgment in the action was initially entered, be given effect as if the action had originally been filed under section 1605A(c) of title 28, United States Code [subsec. (c) of this section].

**(B) Defenses waived.**--The defenses of res judicata, collateral estoppel, and limitation period are waived--

        **(i)** in any action with respect to which a motion is made under subparagraph (A), or

        **(ii)** in any action that was originally brought, before the date of the enactment of this Act [Jan. 28, 2008], under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [not classified to the Code], and is refiled under section 1605A(c) of title 28, United States Code [subsec. (c) of this section],

to the extent such defenses are based on the claim in the action.

**(C) Time limitations.**--A motion may be made or an action may be refiled under subparagraph (A) only--

> **(i)** If the original action was commenced not later than the latter of--
>
> > **(I)** 10 years after April 24, 1996; or
> >
> > **(II)** 10 years after the cause of action arose; and
>
> **(ii)** within the 60-day period beginning on the date of the enactment of this Act [Jan. 28, 2008].

**(3) Related actions.**--If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code [this section], if the action is commenced not later than the latter of 60 days after--

> **(A)** the date of the entry of judgment in the original action; or
>
> **(B)** the date of the enactment of this Act [Jan. 28, 2008].

## IV.   APPLICATION OF FSIA §1605A IN THE *HAVLISH* ACTION

NDAA §1083(c)(2) allows plaintiffs with pending actions under repealed §1605(a)(7) to proceed under new §1605A simply by filing a motion with the court. However, §1083(c)(2)(C)(ii) required such a motion to be filed within 60 days of the enactment of §1083, or by March 28, 2008.  Since the *Havlish* plaintiffs did not file a motion within that time period, they must rely on §1083(c)(3) in seeking retroactive application of §1605A.  That section provides that, where an action arising out of a particular act or incident has been timely commenced under §1605(a)(7), any other action

arising out of the same act or incident may be brought under §1605A if the action is commenced not later than 60 days after the date of the entry of judgment in the original action.

Included in the present MDL consolidation are several actions that arose out of the terrorist acts of September 11, 2001.  In particular, *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Civil Action No. 02-cv-6977 and *Federal Insurance Co., et al. v. Al Qaida, et al.*, Civil Action No. 03-cv-6978 assert claims against Iran under §1605(a)(7) on behalf of victims of the September 11 terrorist attacks.  Thus *Havlish,* as another "action arising out of the same act or incident" may be brought under §1605A.  The most efficient way to effectuate the *Havlish* Plaintiffs' claim under the new FSIA provisions is through an amendment to the existing complaint.  Indeed, that is the very procedure recommended by Judge Lamberth in *In re Islamic Republic of Iran Terrorism Litigation*, 659 F.Supp.2d 31 (D.C. 2009).

The court in *In re Islamic Republic of Iran* addressed the status of FSIA claims in a number of cases seeking judgment against Iran under repealed §1605(a)(7) in connection with the terrorist bombing of the United States Marine Barracks in Beirut, Lebanon in 1983. Plaintiffs in some of those actions had filed timely motions to proceed under §1605A, while others did not.  In those suits where plaintiffs failed to file timely motions, the court approved the filing of amended complaints containing §1605A claims against Iran.  For example, in discussing the status of claims against Iran in the *Valore* case, the court noted that plaintiffs filed an amended complaint that "sufficiently comports with the related case

filing procedures of §1083(c)(3), and thus this action may now proceed under §1605A."

659 F.Supp. at 100.

Similarly, in discussing plaintiffs' failure to file a timely motion under §1083(c)(2)(C) in the *Peterson* case, the court noted that "At this juncture, counsel in *Peterson* may want to consider filing an amended complaint, consistent with the procedures for related actions in § 1083(c), and similar to that which was filed in *Valore, supra,* as there are several cases still pending with the special masters that relate to the Marine Barracks Bombing and which were timely commenced under §1605(a)(7)." 659 F.Supp. at 101.  Accordingly, the *Havlish* Plaintiffs seek an order from the Court granting leave to file a Third Amended Complaint that includes a claim against the Iranian defendants under §1605A.  A copy of Plaintiffs' Third Amended Complaint is attached as Exhibit "A."

In addition, since the Iranian defendants have been served multiple times in this litigation and the Plaintiffs' §1605A claims are substantially similar to the state law claims contained in previous versions of the complaint, Plaintiffs seek a determination that service of the Third Amended Complaint is not required at this time.  If the court enters a final default judgment after review of the evidence, Plaintiffs will serve the Iranian defendants with notice of that judgment.[6]

---

[6] 28 U.S.C. §1608(e) requires plaintiffs to serve a defaulting foreign state with a copy of any default judgment entered against that state.  Plaintiffs have served Iranian defendants with prior complaints on three occasions.  Plaintiffs intend to serve the Iranian defendants with notice of the default judgment required by 28 U.S.C. §1608(e) once the court has reviewed the evidence and made a final determination regarding liability.

## V.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully move this Honorable Court for an order granting leave to file the attached Third Amended Complaint in order to proceed under 28 U.S.C. §1605A and determining that Plaintiffs are not required to serve the Third Amended Complaint on defendants that have already defaulted.

Respectfully submitted,


 /s/ Thomas E. Mellon, Jr.
Thomas E. Mellon, Jr., (Pa. Bar No. 16767)
John A. Corr, (Pa. Bar No. 52820)
Stephen A. Corr, (Pa. Bar No. 65266)
MELLON, WEBSTER & SHELLY
87 North Broad Street
Doylestown, PA  18901
Telephone:  (215) 348-7700
*Admitted Pro Hac Vice*

## CERTICIATION OF SERVICE

I, Stephen A. Corr, Esquire, hereby certify that on this date I electronically filed

the foregoing document with the Clerk of Court using the CM/ECF system and that

electronic notice and service will be completed through the ECF system.


Respectfully submitted,


Date:  March 1, 2010                                     /s/ Stephen A. Corr

Stephen A. Corr (Pa. Bar No. 65266)
Mellon, Webster & Shelly
87 N. Broad Street
Doylestown, PA 18901
(215) 348-7700
scorr@mellonwebster.com
*Attorney for Plaintiffs*