**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re TERRORIST ATTACKS on
SEPTEMBER 11, 2001

)
)
)
)
)
)

03 MDL 1570 (GBD) (FJM)
ECF Case

This document relates to: *All Cases*

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE**
**THE SUR-REPLY OF THE DEFENDANT, NATIONAL COMMERCIAL BANK,**
**FILED IN RESPONSE TO PLAINTIFF'S REPLY, MDL DOCUMENT NO. 2232**

ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
212.278.1000

*Attorneys for the Plaintiffs*

*On Behalf of the Plaintiffs' Executive*
*Committees*

Dated: March 16, 2010
New York, New York

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................... I

TABLE OF AUTHORITIES.......................................................................... II

BACKGROUND ....................................................................................... 1

ARGUMENT............................................................................................ 2

I....THE DEFENDANT'S SUR-REPLY TO THE PLAINTIFFS' REPLY REGARDING THE OBJECTIONS TO THE MEMORANDUM DECISION AND ORDER OF MAGISTRATE JUDGE MAAS DATED JANUARY 13, 2010 SHOULD BE STRICKEN. ......................... 2

    A.   THERE IS NO BASIS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF PRACTICE OF THE SOUTHERN DISTRICT OF NEW YORK, THE INDIVIDUAL RULES OF JUDGE DANIELS OR THE CASE MANAGEMENT ORDERS FOR THE FILING OF SURREPLIES IN THIS CASE. ...................................................................... 2

    B.   BOTH OF NCB'S BRIEFS WERE FILED IN CONTRAVENTION OF THE PROCEDURES GOVERNING OBJECTIONS TO MAGISTRATE JUDGE ORDERS UNDER RULE 72. ............................................................................. 3

    C.   DEFENDANT'S SELF-TITLED SUR-REPLY IS MERELY A MECHANISM TO SUPPLEMENT AND RESTATE ITS PREVIOUSLY TENDERED SUBSTANTIVE ARGUMENTS. ........................................................... 4

CONCLUSION .......................................................................................... 5

CERTIFICATE OF SERVICE ...................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page**

### CASES

*Alexander v. Evans*,
  1993 WL 427409 (S.D.N.Y. October 15, 1993).......................................................... 3

*Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*,
  225 F.R.D. 247 (N.D.Ca. 2003) ................................................................................. 4

*Henderson v. Horace Mann Inc., Co,*
  560 F. Supp. 2d 1099 (N.D.  Okla. 2008) ................................................................. 4

### RULES

Fed. R. Civ. Proc. 1 ........................................................................................................ 3

Fed. R. Civ. Proc. 72(a) ............................................................................................ 1, 2, 3

Fed. R. *Civ.* Proc. 72(b) .................................................................................................. 3

Indiv. *Rules* of George B. Daniels, Sec. 2-C ................................................................... 2

S.D.N.Y. *Civ.* R. 6.1 ........................................................................................................ 2

## BACKGROUND

On January 13, 2010 Magistrate Judge Maas handed down a Memorandum
Decision and Order in the above captioned litigation pertaining to the defendant,
National Commercial Bank ("NCB").  Plaintiffs on February 1, 2010 filed objections
pursuant to Fed. R. Civ. Proc. 72(a).  MDL Document no. 2220.  While not authorized
by the rules, defendant filed a response on February 10, 2010.  MDL Document no.
2226.  Plaintiffs filed a reply in response to the matters raised by the defendant on
March 2, 2010.  MDL Document no. 2229.

On March 11, 2010, defendant, apparently in an attempt to yet again have the
'last word' in a dispute, and without any legal basis to do so, filed a so-called "Sur-reply"
"In Response to Plaintiffs' Unauthorized Reply."  MDL Document no. 2232 ("Sur-reply").

NCB's obsessive arguments throughout this litigation about the "burdens" of
discovery can not be reconciled with its demonstrated willingness to dedicate limitless
resources to the filing of briefs not permissible under the applicable rules of civil
procedure and their continued manufacturing of procedural obstacles to the most basic
permissible discovery.

Plaintiffs, in the interests of judicial economy and fairness, submit this motion to
strike such "sur-reply".

## ARGUMENT

## I.  THE DEFENDANT'S SUR-REPLY TO THE PLAINTIFFS' REPLY REGARDING THE OBJECTIONS TO THE MEMORANDUM DECISION AND ORDER OF MAGISTRATE JUDGE MAAS DATED JANUARY 13, 2010 SHOULD BE STRICKEN.

### A.  THERE IS NO BASIS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF PRACTICE OF THE SOUTHERN DISTRICT OF NEW YORK, THE INDIVIDUAL RULES OF JUDGE DANIELS OR THE CASE MANAGEMENT ORDERS FOR THE FILING OF SURREPLIES IN THIS CASE.

Neither the Federal Rules of Civil Procedure, the Local Rules of the Practice of the Southern District of New York, the Individual Rules of Judge Daniels, nor the Case Management Orders in this case permit the filing of surreplies.  *See* S.D.N.Y. Civ. R. 6.1(a), 6.1(b); Indiv. Rules of Hon. George B. Daniels, Sec. 2-C (only supporting, opposition and reply memoranda of law are discussed relative to motion practice). Consistent with the governing procedures, the parties have limited briefing on formal motions and letter applications to an initial brief, opposition brief, and reply.[1]  Indeed, plaintiffs refrained from filing any sur-reply briefs in relation to the multitude of motions to dismiss, and there can be little doubt that the defendants would have vehemently objected had plaintiffs attempted to do so.  NCB should not be permitted to unilaterally change the rules, simply because it now finds itself in the position of responding to a motion.

---

[1] Given the established practice of filing reply briefs – a practice that has primarily benefited the defendants in relation to the motions to dismiss – NCB's argument that Plaintiffs' Reply was impermissible is deeply disingenuous.  Further, for the reasons discussed more fully below, Plaintiffs' Reply was necessitated by NCB's improper filing of an opposition not authorized by Rule 72(a).

The allowance of such an unauthorized sur-reply and the unnecessary procedural battle that this has now created, has forced yet another burden on the plaintiffs, and will prove to be yet another drain on the limited resources of the Court. Now is the time to reign in this unnecessary practice so that the Court, in its proper oversight of this litigation, can best manage its and the parties' time, to fulfill the critical injunction of Rule 1 of the Federal Rules of Civil Procedure – that the courts should administer the Rules to secure "the just, speedy and inexpensive" resolution of this litigation.

**B.    BOTH OF NCB'S BRIEFS WERE FILED IN CONTRAVENTION OF THE PROCEDURES GOVERNING OBJECTIONS TO MAGISTRATE JUDGE ORDERS UNDER RULE 72.**

In light of the fact that neither of NCB's briefs submitted in opposition to plaintiffs' objections were authorized under Rule 72(a), not only should NCB not be heard to complain about plaintiffs' reply[2] to its improperly filed opposition, but NCB's sur-reply should be stricken and not considered by the Court in its determination.

In attacking the plaintiffs' reply, defendant, in its footnote 1, erroneously characterizes plaintiffs' Rule 72(a) objection as an objection filed pursuant to Rule 72(b). On the basis of this mischaracterization, NCB cites the decision in *Alexander v. Evans*, 1993 WL 427409, at *4 (S.D.N.Y. October 15, 1993), which pertained to objections filed pursuant to Rule 72(b), not pursuant to Rule 72(a), in support of the argument that plaintiffs' reply was impermissible. Whereas *Alexander* involved an objection filed

---

[2]    Defendant having never sought to strike plaintiffs' purportedly "unauthorized" reply has waived any such claim. Nonetheless, particularly to the extent that the court considers NCB's opposition brief, the practice throughout the course of this litigation has been to permit timely filed reply briefs.

pursuant to Rule 72 (b), the distinct provision governing the objection at issue here is

Rule 72(a). This distinction is important because the filings authorized by the separate

provisions are different. While Rule 72(b) authorizes an objection to be filed 14 days

after a magistrate judge's determination *and an opposition* to the objection to be filed 14

days later, Rule 72(a) authorizes an objection to be filed *but does not authorize the filing*

*of any opposition*, let alone a sur-reply. What NCB completely avoids in its improper

sur-reply is that for nearly the identical reason NCB argues – though erroneously relying

on the wrong rule, neither NCB's opposition to plaintiffs' objection nor its improper sur-

reply are filings authorized by Rule 72(a). *See Henderson v. Horace Mann Inc., Co,*

560 F. Supp 2d 1099, 1102-3 (N.D. Okla. 2008); *Cannon Partners, Ltd. v. Cape Cod*

*Biolab Corp.*, 225 F.R.D. 247, 250 (N.D.Ca. 2003).

### C. DEFENDANT'S SELF-TITLED SUR-REPLY IS MERELY A MECHANISM TO SUPPLEMENT AND RESTATE ITS PREVIOUSLY TENDERED SUBSTANTIVE ARGUMENTS.

Though defendant's filing is couched in terms of being filed to object to plaintiffs'

purportedly "unauthorized" reply, NCB's procedural complaint is nothing more than a

pretext to improperly restate its substantive arguments in an unauthorized sur-reply in

keeping with its compulsive need to always get the last word.[3] The pretextual character

of the procedural argument is evidenced by the fact that NCB devotes only one line to

the propriety of plaintiffs' filing, and then spends 10 pages re-stating its substantive

arguments. If NCB were truly concerned about the procedural propriety of plaintiffs'

reply, it would simply have moved to strike the brief on procedural grounds without

---

[3] As but one example, after the second lengthy hearing before the Magistrate Judge on the
discovery disputes at issue, which itself occurred only after voluminous briefing on those issues,
NCB submitted a supplemental letter brief on May 22, 2010 in which it restated the arguments it
previously advanced at length.

advancing responsive arguments, the precise approach plaintiffs now take to NCB's decidedly improper filing. Moreover, NCB makes no effort to defend the propriety of its own sur-reply, and misrepresents the law about the rules applicable to plaintiffs' filing.

## **CONCLUSION**

For the reasons set forth herein, the Plaintiffs' Motion to Strike should be granted. In the event that such motion is denied, Plaintiffs rely upon the arguments set forth in the Plaintiffs' Objections and Reply.

Dated: March 16, 2010
     New York, N.Y.

Respectfully submitted

/s/

Sean P. Carter, Esquire
Elliot R. Feldman, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

*Co-Chairs, Plaintiffs' Executive Committee for Commercial Claims and Attorneys for the Federal Insurance Plaintiffs*

/s/

Ronald L. Motley, Esquire
Robert T. Haefele Esquire
Motley Rice, LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
(843) 216-9000

*Co-Chair/member, Plaintiffs' Executive Committee for Personal Injury and Wrongful Death Claims and Attorneys for Burnett, EuroBrokers and WTC Properties Plaintiffs*

/s/
_____

James P. Kreindler, Esquire
Kreindler & Kreindler, LLP
100 Park Avenue
New York, NY  10017
(212) 687-8181

*Co-Chair, Plaintiffs' Executive Committee for
Personal Injury and Wrongful Death Claims
Attorneys for Ashton Plaintiffs*

/s/
_____

Andrea Bierstein, Esquire
Hanley, Conroy, Bierstein, Sheridan, Fisher &
Hayes, LLP
112 Madison Avenue
New York, NY  10016
(212) 784-6400

*Attorneys for Burnett, EuroBrokers and WTC
Properties Plaintiffs*

/s/
_____

Jerry S. Goldman, Esquire
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
42nd Floor
New York, NY  10020
(212) 278-1000

*Attorneys for O'Neill Plaintiffs*

**CERTIFICATE OF SERVICE**

I, JERRY S. GOLDMAN, ESQUIRE, do hereby certify that I served the within

Plaintiffs' Notice of Motion and Memorandum of Law in Support of the Plaintiffs' Motion

to Strike, on this date, on all of the parties in the case via filing with the Court's

electronic case filing (ECF) system.

Dated: March 16, 2010


_____

JERRY S. GOLDMAN, ESQUIRE