UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Terrorist Attacks on September 11, 2001* | 03 MDL 1570 (GBD)(FM)<br>ECF Case |

*This document relates to:*
    All Actions

### OPPOSITION OF THE NATIONAL COMMERCIAL BANK TO PLAINTIFFS' MOTION TO STRIKE THE SURREPLY OF THE DEFENDANT, NATIONAL COMMERCIAL BANK, FILED IN RESPONSE TO PLAINTIFFS' REPLY, MDL DOCUMENT NO. 2232

The fundamental, but false, premise of plaintiffs' Motion to Strike (Dkt. ##2233-2234) is that Fed. R. Civ. P. 72(a) differs from Fed. R. Civ. P. 72(b) in the briefing allowed when a losing party objects to the decisions of a magistrate judge. Dkt. #2234 at 3-4. As the Advisory Committee Notes make clear, Rule 72(a)—just like Rule 72(b)—"contemplate[s] that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling." FED. R. CIV. P. 72(a), 1983 Advisory Committee Notes. Accordingly, NCB's Response to Plaintiffs' Objections to the Memorandum Decision and Order of Magistrate Judge Maas dated January 13, 2010 (Dkt. #2226) was fully "authorized under Rule 72(a)," contrary to plaintiffs' mistaken argument. *See* Dkt. #2234 at 3.

Neither Rule 72(a) nor Rule 72(b), however, provides for a reply in further support of Rule 72 objections. *See Alexander v. Evans*, 1993 WL 427409, at *4 (S.D.N.Y. Oct. 15, 1993) (noting that "[n]o explicit provision is made for reply papers" in Rule 72(b); and denying a motion for leave to file a Rule 72 reply). Accordingly, plaintiffs' 17-page reply brief in support of their Rule 72 objections (Dkt. #2229) was unauthorized and, in any event, substantially exceeded the 10-page limit that this Court has established even for authorized reply briefs. NCB thus acted reasonably in submitting a limited surreply (Dkt. #2232) to plaintiffs' unauthorized and lengthy Rule 72 reply, and

we respectfully submit that the Court should consider NCB's surreply to the extent that it considers plaintiffs' unauthorized reply.

**1.     Entitlement to an Opposition Brief.**  Courts consistently follow the Rule 72 Advisory Committee Notes and allow the party prevailing before the magistrate judge to respond to objections filed by the losing party.  *See, e.g., Gonzalez v. Rakkas*, 846 F. Supp. 229, 233 n.6 (E.D.N.Y. 1994) ("A party who is successful before the magistrate judge, upon service of its adversary's objections, is 'afforded an opportunity to respond to objections raised to the magistrate's ruling.'" (quoting FED. R. CIV. P. 72(a) Advisory Committee Notes)); *Nat'l Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 223 n.13 (S.D. Fla. 1989) ("National was entitled to file a response to Jefferson's objections." (citing FED. R. CIV. P. 72(a) Advisory Committee Notes)).[1]  This objection-and-response format sensibly ensures that the Court hears from both sides, and is not limited to a one-sided attack on the magistrate judge's work.

**2.     No Entitlement to a Reply Brief.**  Courts likewise view Rule 72(a) and Rule 72(b) as providing for the <u>same briefing procedure</u>—limited to an opening set of objections and a response by the party opposing the objections.  *See Gonzalez*, 846 F. Supp. at 233 n.7 ("As is the case with a magistrate judge's order concerning a nondispositive matter [under Rule 72(a)], a party, upon being served with another party's objections to a magistrate judge's report and recommendation [under Rule 72(b)], has ten days to file his response thereto" (citing the version of Rule 72 that was amended in 2009 only to change the length of the deadlines from 10 to 14 days)).  Neither the text of, nor the Advisory Committee Notes to, Rule 72(a) permits a reply brief in further support of objections, and Rule 72(b) case law makes clear that advance leave of court is required for any such

---

[1] *See also TVT Records v. Island Def Jam Music Group*, 447 F. Supp. 2d 311, 314-15 (S.D.N.Y. 2006) (considering Rule 72(a) objections and the prevailing party's response in adopting the magistrate judge's non-dispositive report and recommendation); *Dubai Islamic Bank v. Citibank, N.A.*, 211 F. Supp. 2d 447, 449 (S.D.N.Y. 2001) (considering plaintiff's Rule 72(a) objections and defendant's response and affidavit in opposition to the objections in upholding a magistrate judge's discovery ruling).

reply. *See Alexander*, 1993 WL 427409, at *4. Indeed, plaintiffs (Dkt. #2234 at 4) cite to a case explicitly holding that reply briefs are impermissible under Rule 72(b). *See Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*, 225 F.R.D. 247, 250 (N.D. Cal. 2003) ("Neither Rule 72(b) nor [the court's local rules] ... authorizes the filing of a reply brief in support of objections to a magistrate judge's recommendation and report regarding a dispositive motion. Accordingly, the court has not considered plaintiff's reply brief …").

       3.       **Plaintiffs' Unauthorized and Over-Length Reply.** Plaintiffs did not seek or obtain leave either to submit a reply or to exceed the ten-page limit that this Court prescribes even for authorized replies. *See* Judge Daniels' Indiv. R. Prac. 2(C). Plaintiffs' sole proffered basis for ignoring the leave-of-court requirement is their false contention that "Rule 72(a) … *does not authorize the filing of any opposition*" to objections and that, therefore, their reply "was necessitated by NCB's improper filing of an opposition not authorized by Rule 72(a)." Dkt. #2234 at 2 n.1, 4 (emphasis in original). Because NCB's opposition to plaintiffs' objections in fact was authorized by the Rule 72 Advisory Committee Notes and the above-cited case law, plaintiffs' attempt to excuse their unauthorized reply must be rejected.[2]

      NCB accordingly could have moved to strike plaintiffs' reply. *See Alexander*, 1993 WL 427409, at *4; *Cannon Partners,* 225 F.R.D. at 250. Instead, in an effort to expedite resolution of plaintiffs' objections, NCB submitted a limited surreply of roughly the same length by which plaintiffs had exceeded this Court's ten-page reply limit (Dkt. #2232), thereby preserving the objection-and-response format envisioned by Rule 72. We respectfully submit that, consistent with Rule 72 case law on briefing procedure, the Court either should consider both plaintiffs' reply and

---

[2] Plaintiffs' effort to analogize Rule 72 briefing to the parties' letter applications and other correspondence to Magistrate Judge Maas (Motion to Strike, at 4 n.3) also is inapposite because the sequence of, and schedule for, such correspondence was regulated by the Magistrate Judge's individualized orders and other circumstances (*e.g.*, intervening decisions of the Supreme Court) that warranted supplemental reports to the Court.

NCB's surreply, or should limit its review instead solely to plaintiffs' objections and NCB's response.

Plaintiffs' feigned concern about judicial economy (Dkt. #2234 at 1) is misdirected given their own disregard of Rule 72 in submitting an unauthorized reply. Indeed, plaintiffs have further disserved judicial economy by filing Rule 72 objections that fail to acknowledge the "substantial deference" afforded to a magistrate judge's discovery orders, *see McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007), and by making a motion to strike that ignores both the Advisory Committee Notes and case law regulating the briefs permitted in connection with Rule 72(a) objections.

### Conclusion

For the foregoing reasons, plaintiffs' Motion to Strike should be denied.

Dated: March 25, 2010  
       Washington, D.C.

Respectfully submitted,

/s/Mitchell R. Berger  
Mitchell R. Berger (MB-4112)  
Alan T. Dickey  
PATTON BOGGS LLP  
2550 M Street, N.W.  
Washington, D.C. 20037  
Phone: 202-457-6000  
Fax:    202-457-6315

*Attorneys for Defendant*  
*The National Commercial Bank*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 25, 2010, I caused copies of the OPPOSITION OF THE NATIONAL COMMERCIAL BANK TO PLAINTIFFS' MOTION TO STRIKE THE SURREPLY OF THE DEFENDANT, NATIONAL COMMERCIAL BANK, FILED IN RESPONSE TO PLAINTIFFS' REPLY, MDL DOCUMENT NO. 2232, to be served via the Court's Electronic Case Filing System with a Courtesy Copy via Federal Express to Magistrate Judge Maas.

                                      /s/Mitchell R. Berger
                                      Mitchell R. Berger