UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: TERRORIST ATTACKS ON	Civil Action No.
SEPTEMBER 11, 2001	03 MDL 1570 (GBD) (FJM)

---

*This document relates to: All Actions*

# PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN RELATION TO ALL PENDING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

April 23, 2010

NYDOCS1-943220.7

## **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| I. THE NON-RESIDENT DEFENDANTS WHO HAVE NOT ASSERTED ANY NO MEANINGFUL CONTACTS WITH THE UNITED STATES CAN NOT BE HEARD TO ASSERT A VIOLATION OF FIFTH AMENDMENT DUE PROCESS RIGHTS | 1 |
|     A. Introduction | 1 |
|     B. *Frontera Resources Azerbaijan Corp. v. State Oil Company of the Azerbaijan Republic* | 4 |
|     C. *Yassin Abdullah Kadi v. Timothy Geithner, et al.* | 6 |
|     D. Conclusion | 6 |
| CERTIFICATE OF SERVICE | 9 |

# **TABLE OF AUTHORITIES**

<u>Page</u>

**CASES**

*32 County Sovereignty Comm. v. Dep't of State,*
    292 F.3d 797 (D.C. Cir. 2002) ............................................................................. 3

*Arbelaez v. Newcomb,*
    C.A No. 00-5217, 2001 WL 500337 (D.C. Cir. Jan. 18, 2001) ........................... 3

*Baker v. Socialist People's Libyan Arab Jamahiriya,*
    Civ. No. 03-749 (D.D.C. June 30, 2005) ........................................................ 2, 6

*Boumediene v. Bush,*
    553 U.S. 723 (2008) ............................................................................................ 4

*First Nat. City Bank v. Banco Paralel Comercio Exterior De Cuba,*
    462 U.S. 611 (1983) ............................................................................................ 5

*Frontera Resources Azerbaijan Corp. v. State Oil Company of the Azerbaijan Republic,*
    582 F.3d 393 (2d Cir. 2009) ........................................................................... 4, 5

*International Shoe Co. v. Washington,*
    326 U.S. 310 (1945) ............................................................................................ 2

*Jifrey v. FAA,*
    370 F.3d 1174 (D.C. Cir. 2004) *cert. denied* 125 S. Ct. 1299 (2005) ............ 2, 3, 6

*Nat'l Council of Resistance of Iran v. Dep't of State,*
    252 F.3d 192 (D.C. Cir. 2001) ............................................................................. 3

*People's Mojahedin Org. of Iran v. U.S. Dep't of State,*
    182 F.3d 17 (D.C.Cir. 1999) ........................................................................ 2, 3, 6

*Price v. Socialist People's Libyan Arab Jamahiriya,*
    294 F.3d 82 (D.C. Cir. 2002) .............................................................................. 5

*Reid v, Covert,*
    354 U.S. 1 (1957) ................................................................................................ 4

*Republic of Argentina v. Weltover, Inc.,*
    504 U.S. 607 (1992) ............................................................................................ 2

## TABLE OF AUTHORITIES
(continued)

**Page**

*South Carolina v. Katzenbach*,
    383 U.S. 301 (1966) ............................................................................................. 2

*TMR Energy Ltd. v. State Prop. Fund of Ukr.*,
    411 F.3d 296 (D.C. Cir. 2005) .......................................................................... 5, 6

*Texas Trading & Milling Corp. v. Federal Republic of Nigeria*,
    647 F.2d 300 (2d Cir. 1981) .............................................................................. 4, 5

*United States v. Verdugo-Urquidez*,
    494 U.S. 259 (1990) ..................................................................................... 2, 4, 6

*Veiga v. World Meteorological Org.*,
    568 F. Supp. 2d 367 (S.D.N.Y. 2008) ................................................................. 3

### CONSTITUTIONAL PROVISIONS

United States Const. Amend. 1 ................................................................................. 3

United States Const. Amend. IV ............................................................................ 2, 3

United States Const. Amend. V ........................................................................ *passim*

### STATUTES

18 U.S.C. Sec. 2339B ............................................................................................... 3

22 U.S.C. Sec. 288 *et seq* ........................................................................................ 3

### OTHER

Petitioner's Brief, *Republic of Argentina v. Weltover, Inc.*,
    1992 WL 526250, *35-9 (US Sup. Ct.) ................................................................ 2

Respondent's Brief, *Republic of Argentina v. Weltover, Inc.*,

Case 1:03-md-01570-GBD-SN   Document 2238   Filed 04/23/10   Page 5 of 14

## TABLE OF AUTHORITIES
## (continued)

**Page**

1993 WL 432511, *16-17 (US Sup. Ct.) ......................................................................... 2

Petitioner's Reply Brief, *Republic of Argentina v. Weltover, Inc.*,
1993 WL 431508, *14-6 (US Sup. Ct.) ......................................................................... 2

Government's Memorandum of Law in Support of Motion to Dismiss Or, In the Alternative, For Summary Judgment, *Yassin Abdullah Kadi v. Timothy Geithner, et al.*, United States District Court for the District of Columbia, Civil Action No. 09-0108 (JDB), (May 22, 2009) - ................................................... 4, 6

I.  **THE NON-RESIDENT DEFENDANTS WHO HAVE NOT ASSERTED ANY MEANINGFUL CONTACTS WITH THE UNITED STATES CAN NOT BE HEARD TO ASSERT A VIOLATION OF FIFTH AMENDMENT DUE PROCESS RIGHTS**

A.  **Introduction**

In at least six (6) filings with this Court, specifically the Plaintiffs' Consolidated Memorandum of Law in Opposition to the Motion to Dismiss of Khalid bin Mahfouz dated August 24, 2005 ("Resp. to Mahfouz Mot.") (MDL Docket Nos. 1146-9), the O'Neill Plaintiffs' Memorandum of Law in Opposition to Martin Wachter, Erwin Wachter, Sercor Truehand Ansalt and Asat Trust Reg.'s Motion to Dismiss dated September 17, 2005 ("Resp. to Wachter Mot.") (MDL Docket No. 1235), Plaintiffs' Notice of Supplemental Authority in Relation to All Pending Motions to Dismiss for Failure to State a Claims and/or Lack of Personal Jurisdiction, dated February 4, 2009 ("Supp. Auth.") (MDL Docket No. 2156),[1] and Plaintiffs' Executive Committee's Status Conference Letter of July 8, 2009, a copy of which is annexed hereto and incorporated herein as Exhibit "B" ("Status Ltr."), Plaintiffs discussed the limitations on the availability of Constitutional protections to aliens with limited or no connections to the United States of America. Resp. to Mahfouz Mot. 22 n.45; Resp. to Wachter Mot. 24-25; Supp. Auth. 11 n. 3; Status Ltr. 3, n. 1. *See also*, Plaintiffs' Objections to the Memorandum Decision and Order of Magistrate Judge Maas dated January 13, 2010 (MDL Docket No. 2220) 6, 9-12; Reply Memorandum of Law (MDL Docket No. 2229) 4-7.[2] As

---

[1]  A copy of the Notice of Supplemental Authority is attached hereto as Exhibit "A" for the Court's convenience.

[2]  This issue will be raised, as well, in the Plaintiffs' response to the motion to dismiss brought by Defendant, National Commercial Bank, to be filed later today pursuant to the scheduling stipulation.

discussed in these filings, those Defendants who insist that they have no connection to the United States of America can not also assert that the Court lacks personal jurisdiction based on the minimum contacts due process protections of the Fifth Amendment of the United States Constitution, under *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) and its progeny, because "non-resident aliens who have insufficient contacts with the United States are not entitled to Fifth Amendment protections." *Jifrey v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004) *cert. denied* 125 S. Ct. 1299 (2005); *Baker v. Socialist People's Libyan Arab Jamahiriya*, Civ. No. 03-749, *slip op.* 11 (D.D.C. June 30, 2005) (quoting *Jifrey*).[3]

In *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990), the Supreme Court held that the Fourth Amendment did not apply to an extra-territorial search of an alien's residence even when the case was prosecuted in a U.S. court. *See*, *South Carolina v. Katzenbach*, 383 U.S. 301, 323-4 (1966) ("States of the Union are not 'persons' for purposes of the Due Process Clause "); *c.f.*, *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 619 (1992) (assuming, without deciding, that a foreign state is a person for Due Process Clause analysis, citing *Katzenbach*).[4]

The D.C. Circuit, citing *Verdugo-Urquidez*, has adopted this approach in *People's Mojahedin Org. of Iran v. U.S. Dep't of State* ("PMOI"), 182 F.3d 17, 22 (D.C.Cir. 1999), in holding that a non-citizen and non-resident must have "substantial

---

[3] A copy of the decision *Baker v. Socialist People's Libyan Arab Jamahiriya* is attached for the Court's convenience as Exhibit "C."

[4] The question as to whether a foreign state is entitled to due process protections was not briefed in *Republic of Argentina v. Weltover, Inc.* Petitioner's Brief, 1992 WL 526250, *35-9; Respondent's Brief, 1993 WL 431511, *16-7; Petitioner's Reply Brief, 1993 WL 431508, *14-6

connections" to the United States in order to be protected by the First, Fourth, and Fifth Amendments to the U.S. Constitution. That Circuit ruled that "aliens receive constitutional protections only when they have come within the territory of the United States and developed substantial connections with this country." 182 F.3d at 22. In *PMOI*, the D.C. Circuit strictly imposed this constitutional presence requirement in reviewing designations of two groups as "foreign terrorist organizations" under AEDPA, 18 U.S.C. Sec. 2339B, declaring that:

> A foreign entity without property or presence in this country has no constitutional rights, under the due process clause or otherwise....

*Id.* at 22; Accord, *32 County Sovereignty Comm. v. Dep't of State*, 292 F.3d 797, 799 (D.C. Cir. 2002); *Nat'l Council of Resistance of Iran v. Dep't of State*, 252 F.3d 192, 201-2 (D.C. Cir. 2001) (foreign defendant could claim due process protections where it had 'substantial connections to this country' including an 'overt presence' in an office building in Washington, D.C.); *Arbelaez v. Newcomb*, C.A No. 00-5217, 2001 WL 500337, at *1 (D.C. Cir. Jan. 18, 2001) (appellants could not assert constitutional claims in an OFAC matter where they were "foreign nationals without a substantial connection to the United States"); *Jifry v. Fed. Aviation Admin.*, supra ("The Supreme Court has long held that non-resident aliens who have insufficient contacts with the United States are not entitled to Fifth Amendment protections.")[5]

---

[5] This Court, in *Veiga v. World Meteorological Org.*, 568 F. Supp. 2d 367, 370-4 (S.D.N.Y. 2008), was also confronted with a claim by an alien in which she challenged the Constitutionality of the International Organizations Immunities Act ("IOIA"), 22 U.S.C. Sec. 288 *et seq.*, because, according to the alien plaintiff, "immunity from process pursuant to the IOIA in this case would deprive [the plaintiff] of all rights of action, remedies and access to an American court without any substantial legal recourse, thus denying her justice in violation of fundamental rights she asserts under the United States Constitution." In a decision by Judge Marrero, this Court noted that the "two available toeholds to persons who assert constitutional rights from outside the sovereign territory

A recent Second Circuit opinion, *Frontera Resources Azerbaijan Corp. v. State Oil Company of the Azerbaijan Republic,* 582 F.3d 393 (2d Cir. 2009), as well as a brief filed by the United States in *Yassin Abdullah Kadi v. Timothy Geithner, et al.,* United States District Court for the District of Columbia, Civil Action No. 09-0108 (JDB) 26-9 (May 22, 2009), have discussed this doctrine and are pertinent to this Court's determination of the overwhelming majority of the pending jurisdictional motions.

### B.  *Frontera Resources Azerbaijan Corp. v. State Oil Company of the Azerbaijan Republic*

This past fall, the Second Circuit, in *Frontera Resources Azerbaijan Corp. v. State Oil Company of the Azerbaijan Republic,* 582 F.3d 393, 399-401 (2d Cir. 2009), held that foreign states and their agents are not entitled to Due Process protections, and expressed serious doubt as to whether agencies of foreign states may claim Due Process rights. In that case, the plaintiff had brought suit against the State Oil Company of the Azerbaijan Republic (SOCAR) in the Southern District of New York, to confirm a Swedish arbitration award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. *Id.* at 395. SOCAR moved to dismiss the Complaint for lack of personal jurisdiction, arguing that it had insufficient contacts with the United States to satisfy the requirements of the Due Process Clause. *Id.* The district court questioned the propriety of affording Due Process protections to SOCAR, a company owned by the government of Azerbaijan, but held that it was bound to apply

---

of the United States of America are American citizenship and some element of *de facto* or *de jure* American sovereignty over the territory of the events in question." Id. at 374 (citing *Boumediene v. Bush,* 553 U.S. 723 (2008); *Verdugo-Urquidez,* 494 U.S. at 274-75; *Reid v. Covert,* 354 U.S. 1, 5-6 (1957)). Because the plaintiff in the *Veiga* case was an alien "who proffer[ed] no evidence of any connection to the United States," the plaintiff was not entitled to the Constitutional protections that she invoked. *Id.*

the traditional Due Process test in light of Second Circuit's ruling in *Texas Trading & Milling Corp. v. Federal Republic of Nigeria*, 647 F.2d 300 (2d Cir. 1981). Concluding that SOCAR did not have sufficient contacts with the United States to satisfy Due Process requirements, the District Court dismissed the action, and the plaintiffs then appealed to the Second Circuit. *Frontera*, 582 F.3d at 395.

On appeal, the Second Circuit, overturned *Texas Trading*, and held that "a, foreign state" is not a "person' within the meaning of the Due Process Clause. *Frontera*, 582 F.3d at 399-400, citing *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 96-9 (D.C. Cir. 2002). The Court of Appeals then considered whether SOCAR, as an instrumentality of a foreign state rather than a foreign state itself, retained the capacity to invoke Due Process protections. *Id.* at 400. Citing the Supreme Court's decision in *First Nat. City Bank v. Banco Paralel Comercio Exterior De Cuba ("Bancec")*, 462 U.S. 611, 626-27 (1983), the court concluded that entities over which a government exerts "sufficient control" lose their presumption of juridical independence, and are treated as the state itself. *Frontera*, 582 F.3d at 400. On that basis, the *Frontera* Court concluded that "if SOCAR is an agent of the Azerbaijani state...SOCAR lacks Due Process rights." *Id.*

In addition, the Second Circuit specifically questioned whether foreign corporations that are owned, but not controlled, by a foreign state are entitled to Due Process protection, noting that the D.C. Circuit has called this question "far from obvious." *Id.* at 401, citing *TMR Energy Ltd. v. State Prop. Fund of Ukr.*, 411 F.3d 296, 301-2 (D.C. Cir. 2005). ("Aliens receive constitutional protections only when they have

come within the territory of the United States and developed substantial connections with this country." quoting, as modified, *Verdugo-Urquidez, supra*).

### C. Yassin Abdullah Kadi v. Timothy Geithner, et al.

The United States Government has recently taken the position, consistent with *Verdugo-Urquidez, Jifrey* and *Baker*, that a foreign national, who claims no contacts with the United States, can not assert a Due Process Claim. Government's Memorandum of Law In Support of Motion to Dismiss Or, In The Alternative, For Summary Judgment, *Yassin Abdullah Kadi*[6] *v. Timothy Geithner, et al.*, United States District Court for the District of Columbia, Civil Action No. 09-0108 (JDB) 26-9 (May 22, 2009) ("Kadi Govt. Mem."), relying on *PMOI, supra*. A copy of the Kadi Govt. Mem. is attached hereto as Exhibit "D."[7]

### D. Conclusion

In the present case, many of the defendants have argued that they have no substantial connection to the United States of America, while simultaneously seeking the protection of minimum contacts requirements for personal jurisdiction under the due process clause of the Fifth Amendment of the United States Constitution. Because the law remains that nonresident aliens outside of the sovereignty of the United States of America are not entitled to most Constitutional rights, including the minimum contacts Due Process protection of the Fifth Amendment, these defendants, who describe themselves as being nonresident aliens without substantial connections to the United

---

[6] Yassin Abdullah Kadi is a defendant in the litigations pending before this Court.

[7] As of this date no decision on the Government's motion appears on the docket, a copy of which is annexed hereto as Exhibit "E."

States of America, are simply not entitled to the minimum contacts analysis that they inappropriately rely upon.

Dated:   April 23, 2010

>Respectfully submitted,
>
>_____/s/_____
>Sean P. Carter, Esquire
>Elliott R. Feldman, Esquire
>Cozen O'Connor
>1900 Market Street
>Philadelphia, PA  19103
>(215) 665-2000
>
>Co-Chairs, *Plaintiffs' Executive Committee for Commercial Claims*
>
>
>_____/s/_____
>Ronald L. Motley, Esquire
>Motley Rice, LLC
>28 Bridgeside Boulevard
>Mount Pleasant, SC  29465
>(843) 216-9000
>
>Co-Chair, *Plaintiffs' Executive Committee for Personal Injury and Wrongful Death Claims*
>
>
>_____/s/_____
>James P. Kreindler, Esquire
>Kreindler & Kreindler, LLP
>100 Park Avenue
>New York, NY  10017
>(212) 687-8181
>
>Co-Chair, *Plaintiffs' Executive Committee for Personal Injury and Wrongful Death Claims*

/s/
---

Andrea Bierstein, Esquire
Hanley, Conroy, Bierstein, Sheridan, Fisher & Hays, LLP
112 Madison Avenue
New York, NY 10016
(212) 784-6400

Attorney for *Burnett, EuroBrokers* and *WTC Properties* Plaintiffs

/s/
---

Jerry S. Goldman, Esquire
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
42nd Floor
New York, NY 10020
(212) 278-1000

Attorney for *O'Neill* Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify, on this 23rd day of April, 2010, that a true copy of the foregoing Plaintiffs' Notice of Supplemental Authority in Relation to all Pending Motions To Dismiss For Lack of Personal Jurisdiction was served electronically via the Court's Electronic Case Filing ("ECF") System upon all 03 MDL 1570 Counsel of Record.

_____
Jerry S. Goldman, Esquire