UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)<br>ECF Case |

### AFFIRMATION OF SEAN P. CARTER IN SUPPORT OF PLAINTIFFS' REQUEST FOR DISCOVERY RELEVANT TO PLAINTIFFS' THEORIES OF SPECIFIC JURISDICTION AS TO NATIONAL COMMERCIAL BANK

1. Pursuant to the Federal Rules of Civil Procedure and Magistrate Judge Maas' January 13, 2010 Memorandum Decision and Order, I submit this affirmation in support of plaintiffs' request for an Order compelling National Commercial Bank (NCB) to provide discovery relevant to plaintiffs' theories of specific jurisdiction.

2. Plaintiffs allege that NCB provided material support and resources to al Qaeda in support of that terrorist organization's jihad against the United States. More specifically, plaintiffs have alleged and offered evidence that NCB maintained a close and direct relationship with al Qaeda, for the purpose of enabling al Qaeda to wage jihad against the United States. The direct and intimate relationship between NCB and al Qaeda is manifested (in part) by their collaboration relative to the Muwafaq Foundation, a financial and operational arm of al Qaeda founded by Senior NCB executives Khalid bin Mahfouz and Yassin al Kadi. Plaintiffs maintain that NCB channeled resources to Muwafaq, for the purpose of enabling al Qaeda to realize its stated ambition to attack America. NCB provided further support for al Qaeda's jihad via its relationships with IIRO and SJRC, two other ostensible charities with intimate financial and operational ties to al Qaeda. As is the case with Muwafaq, plaintiffs have offered detailed facts and evidence to demonstrate that NCB was specifically aware of the terrorist activities of the IIRO and SJRC at relevant times. By virtue of those activities, NCB engaged in intentional actions directed at the United States, and should reasonably anticipate being haled into court here to respond for those actions.

3. On August 24, 2007, the *Federal Insurance* plaintiffs served jurisdictional discovery on NCB, seeking documents and evidence relevant to their theories of specific jurisdiction. This discovery sought information and documentation relating to NCB's ties to Muwafaq Foundation, IIRO and SJRC, and NCB's knowledge of the terrorist activities of those purported charities.

4. On April 25, 2008, plaintiffs moved to compel NCB to respond to their long outstanding specific jurisdiction discovery requests, through a letter brief submitted to the Honorable George B. Daniels. A copy of plaintiffs' April 25, 2008 submission is attached as Exhibit 1 hereto, and incorporated herein by reference.

5. On July 11, 2008, Judge Daniels referred the dispute concerning plaintiffs' specific jurisdiction discovery requests, along with other disputes between plaintiffs and NCB, to Magistrate Judge Frank Maas for resolution.

6. On August 8, 2008, plaintiffs served supplemental discovery requests and noticed several depositions relevant to their specific jurisdiction theories.

7. On August 15, 2008, plaintiffs submitted a letter brief to Judge Maas in accordance with Judge Daniels' July 11, 2008 directive, seeking an Order compelling NCB to respond to plaintiffs' specific jurisdiction discovery requests. A copy of plaintiffs' August 15, 2008 submission is attached as Exhibit 2 hereto, and incorporated herein by reference.

8. On April 30, 2009, Judge Maas held a hearing concerning the discovery disputes between plaintiffs and NCB, including plaintiffs' motion to compel NCB to respond to plaintiffs' specific jurisdiction discovery requests.

9. After hearing extensive argument from the parties at the April 30, 2009 hearing, Judge Maas requested that the parties submit supplemental letter briefs concerning the specific jurisdiction dispute.

10. Plaintiffs submitted their supplemental brief on May 7, 2009. In connection with that filing, and at Judge Maas' request, plaintiffs served a targeted set of revised discovery requests in support of their specific jurisdiction theories. A copy of plaintiffs' May 9, 2009 submission is attached as Exhibit 3 hereto, and incorporated herein by reference.

11. On May 19, 2009, Judge Maas held another hearing concerning plaintiffs' motion to compel NCB to respond to plaintiffs' specific jurisdiction discovery requests.

12. On January 13, 2010, Judge Maas issued a Memorandum Decision and Order addressing various disputes between plaintiffs and NCB, including plaintiffs' motion to compel NCB to respond to plaintiffs' specific jurisdiction discovery requests.

13. In the January 13, 2010 Decision, Judge Maas expressed an inability to rule on the specific jurisdiction discovery dispute, due solely to his continuing uncertainty regarding the legal standards governing the specific jurisdiction analysis. January 13, 2010 Decision at p. 33. In particular, Judge Maas concluded that the Second Circuit's Due Process ruling in In re: Terrorist Attacks On September 11, 2001, 538 F.3d 71 (2d Cir. 2008) (*Terrorist Attacks III*) was subject to varying interpretations, and that it remained unclear which interpretation of that ruling would be embraced by the presiding district court judge. *Id.* at 31-33. As a result solely of the uncertainty concerning the Due Process standard, Judge Maas held that "[r]easonable observers could disagree as to the adequacy *of the Plaintiffs' prima facie showing* in light of the Second Circuit's decision in Terrorist Attacks III. In these circumstances, Judge Daniels should have the opportunity *to consider in the first instance* whether the conduct *alleged* by the Plaintiffs is sufficient to bring NCB within the Court's jurisdiction." *Id.* at 32-33 (emphasis supplied).

14. However, given plaintiffs' "legitimate concerns regarding the possible loss of evidence," Judge Maas directed "[NCB] to preserve any documents relevant to jurisdictional discovery."

15. On February 1, 2010, plaintiffs filed Objections to the January 13, 2010 Order, in which they argued that they had made a compelling prima facie showing in support of their specific jurisdiction theories, and that deferring a final ruling concerning plaintiffs' entitlement to the specific jurisdiction discovery would severely and irreparably prejudice plaintiffs. Accordingly, plaintiffs asserted that this Court should issue an order compelling NCB to respond to plaintiffs' specific jurisdiction discovery requests. Plaintiffs filed a Reply in Further Support of Plaintiffs' Objections to the January 13, 2010 Order on March 2, 2010. Plaintiffs' Objections and Reply in Further Support of Plaintiffs' Objections are included as Exhibits 4 and 5 hereto, and incorporated herein by reference.

16. To date, this Court has not issued a ruling on plaintiffs' Objections.

17. For the reasons set forth in their prior filings concerning the specific jurisdiction disputes, as well as plaintiffs' Opposition to NCB's Renewed Motion to Dismiss, plaintiffs have made a compelling showing in favor of their repeated requests for discovery in support of their specific jurisdiction theories as to NCB.

18. For all of the foregoing reasons, plaintiffs respectfully request that this Court should direct NCB to produce all documents and information relevant to plaintiffs' specific jurisdiction theories, including all documents and information responsive to plaintiffs' discovery requests of May 7, 2009. In addition, this Court should grant plaintiffs' motion to compel the deposition of Yassin al Kadi, a defendant in this case and former official of NCB with singular knowledge relevant to plaintiffs' specific jurisdiction theories. Plaintiffs should also be afforded the opportunity to pursue discovery from the Estate of Khalid bin Mahfouz, NCB's former CEO.

19. This discovery will provide direct evidence that NCB knowingly sponsored al Qaeda, through its relationships with Muwafaq, IIRO and SJRC.

_____
Sean P. Carter, Esq.

Executed on ____04/23____, 2010 in Philadelphia, Pennsylvania.

3