

# COZEN
# O'CONNOR

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

Sean P. Carter
Direct Phone   215.665.2105
Direct Fax     215.701.2105
scarter@cozen.com

April 25, 2008

**VIA FEDERAL EXPRESS**

The Honorable George B. Daniels
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 630
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD)
            *Federal Insurance Co., et al. v. al Qaida, et al.*, 03 CV 6978 (GBD)

Dear Judge Daniels:

    I write on behalf of the *Federal Insurance* plaintiffs, to oppose the April 21, 2008 letter application submitted by National Commercial Bank (NCB), for leave to file a "renewed" Motion to Dismiss for lack of personal jurisdiction in all of the pending cases against it.

    For the reasons set forth in greater detail below, the filing of a "renewed" Motion to Dismiss by NCB in the *Federal Insurance* action is procedurally and substantively improper. NCB has a fully briefed Motion to Dismiss pending in the *Federal Insurance* case, and is therefore procedurally prohibited from filing a "renewed" Motion to Dismiss at this time. The fact that certain jurisdictional discovery has been undertaken as to NCB in the *Burnett* and *Ashton* cases does not alter this fact, as those are separate cases and the discovery proceedings in those actions did not involve the *Federal Insurance* suit. To bind the *Federal Insurance* plaintiffs by the discovery proceedings in those separate cases would violate established Supreme Court and Second Circuit authority, and deprive the *Federal Insurance* plaintiffs of fundamental rights guaranteed by the Federal Rules of Civil Procedure.

    Rather than the illegitimate procedural course NCB seeks to pursue, this Court should extend its prior denials of NCB's Motion to Dismiss the *Ashton* and *Burnett* actions for lack of

personal jurisdiction to the *Federal Insurance* case, and formally authorize the *Federal Insurance* plaintiffs to conduct limited jurisdictional discovery as to NCB. The conduct of such discovery is necessary to create an adequate record in the *Federal Insurance* case relative to NCB's personal jurisdiction defense, and therefore a procedural prerequisite for the disposition of that defense in *Federal Insurance*. Thus, the *Federal Insurance* plaintiffs' proposed approach represents the only valid means to harmonize the procedural status of the claims against NCB in all of the MDL cases and allow further proceedings against NCB to move forward on a consolidated basis, while at the same time protecting the procedural rights of *all* parties.

In advocating this course, the *Federal Insurance* plaintiffs by no means seek to replicate the discovery that has already been undertaken as to NCB in *Ashton* and *Burnett*. To the contrary, the *Federal Insurance* plaintiffs seek discovery as to only a few discrete issues and relationships, critical to the specific jurisdictional theories they have advanced as to NCB based on the unique allegations of their Complaint, and evidence which corroborates those detailed factual allegations. As discussed in greater detail below, the *Federal Insurance* plaintiffs have already served Requests for Production of Documents upon NCB relative to the limited topics at issue, consisting of only 28 individual requests.

By previously serving those requests, the *Federal Insurance* plaintiffs sought to promote efficiency in the MDL, by ensuring that jurisdictional discovery as to NCB in all of the MDL cases could be completed simultaneously. Unfortunately, NCB refused to substantively respond to that discovery, and also declined to voluntarily withdraw its pending Motion to Dismiss for lack of personal jurisdiction in the *Federal Insurance* case, as the *Federal Insurance* plaintiffs requested that it do in light of the prior denials of that Motion in *Ashton* and *Burnett*.

I. PROCEDURAL BACKGROUND

On January 18, 2005, the Court issued a decision addressing NCB's then pending Motion to Dismiss the *Burnett* and *Ashton* actions only. In that decision, the Court denied without prejudice NCB's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under the Foreign Sovereign Immunities Act, reasoning that NCB's entitlement to the protections of the FSIA was unclear, and that the *Ashton* and *Burnett* plaintiffs were entitled to "take discovery of the jurisdictionally relevant facts." Following that ruling, NCB urged the Court to rule on its personal jurisdiction defenses in the *Ashton* and *Burnett* cases, before permitting those plaintiffs to move forward with discovery as to the subject matter jurisdiction question. The Court consented to that approach, and thereafter issued a ruling authorizing the plaintiffs in the *Burnett* and *Ashton* cases, and no other plaintiffs, to move forward with discovery as to the jurisdictional theories advanced by those plaintiffs. In Re: Terrorist Attacks on September 11, 2001, 392 F. Supp. 2d 539, 573-75. As that decision was limited to the *Burnett* and *Ashton* cases, the Court did not consider any of the factual or legal theories of personal jurisdiction advanced by the *Federal Insurance* plaintiffs in issuing that ruling.

During the early stages of discovery proceedings as to NCB in the *Ashton* and *Burnett* cases, several disputes arose between those plaintiffs and NCB, requiring judicial intervention. On April 18, 2006, the Court referred a number of particular disputes in those cases, outlined in an April 12, 2006 letter, to Judge Maas for resolution. Judge Maas issued a decision as to those

The Honorable George B. Daniels
April 25, 2008
Page 3

---

particular disputes on June 29, 2006. During the course of subsequent discovery proceedings, Judge Maas issued orders pertaining to a number of additional disputes between NCB and the *Ashton* and *Burnett* plaintiffs.

All of the discovery proceedings as to NCB to date have been expressly limited to the *Ashton* and *Burnett* actions. In this regard, it is notable that NCB itself designated all of its responses and objections to the discovery in question as applicable only to the *Ashton* and *Burnett* cases. See Relevant Pages from NCB's Discovery Responses, attached hereto as Exhibit 1. Furthermore, in resolving discovery disputes pertaining to NCB, Judge Maas considered only the allegations of the *Ashton* and *Burnett* Complaints, and the legal and factual submissions offered by those plaintiffs. Judge Maas never considered any of the allegations of the *Federal Insurance* Complaint, or the extrinsic evidence offered by those plaintiffs in opposition to NCB's Motion to Dismiss the *Federal Insurance* action. Judge Maas considered argument only from counsel for the *Ashton* and *Burnett* plaintiffs.

Given the fact that discovery proceedings as to NCB were expressly limited by both the Court and the parties to the *Ashton* and *Burnett* actions, the *Federal Insurance* plaintiffs were understandably surprised by NCB's assertion, in the parties' August 3, 2007 status report to the Court concerning jurisdictional discovery, that "NCB contends that *Federal Insurance* plaintiffs' counsel have participated in the jurisdictional discovery process as to NCB, without objection by NCB, and NCB's pending Motion to Dismiss the *Federal Insurance* Complaint therefore does not provide a reason to prolong the jurisdictional discovery process." By virtue of that statement, the *Federal Insurance* plaintiffs came to realize that NCB was seeking to avoid discovery in the *Federal Insurance* action altogether, and, in effect, bind the *Federal Insurance* plaintiffs by the discovery proceedings conducted in the separate *Burnett* and *Ashton* cases.

Although it is impossible for the *Federal Insurance* plaintiffs to know the precise thinking underlying NCB's stated strategy, it is logical to presume that NCB was concerned that the *Federal Insurance* plaintiffs' Complaint and submissions relative to NCB's Motion to Dismiss could potentially open the door to additional areas of discovery relating to personal jurisdiction, and that it was therefore to NCB's advantage to limit discovery to the *Burnett* and *Ashton* matters. Were that not the case, NCB would simply have voluntarily withdrawn its Motion to Dismiss the *Federal Insurance* case, and invited the *Federal Insurance* plaintiffs to actively participate in the jurisdictional discovery proceedings.[1]

In any event, promptly after NCB disclosed its planned strategy to avoid any jurisdictional discovery in the *Federal Insurance* action, the *Federal Insurance* plaintiffs took action to protect their rights and interests, by serving their First Set of Jurisdictional Requests for Production of Documents on NCB. See Exhibit 2. Following service of those discovery

---

[1] It is should be noted that NCB did approach the *Federal Insurance* plaintiffs following the Court's decision to permit personal jurisdiction discovery in the *Burnett* and *Ashton* cases, to request that the *Federal Insurance* plaintiffs stipulate to postpone adjudication of NCB's Motion to Dismiss the *Federal Insurance* action. The *Federal Insurance* rejected that proposal because, among other things, it did not provide the *Federal Insurance* plaintiffs with the right to actively participate in the jurisdictional discovery proceedings in the other cases.

The Honorable George B. Daniels
April 25, 2008
Page 4

requests, counsel for NCB and counsel for the *Federal Insurance* plaintiffs exchanged a series of letters, outlining their respective positions as to the *Federal Insurance* plaintiffs' entitlement to jurisdictional discovery, and how that discovery should be approached given the differing procedural statuses of the various cases. In its first letter relating to the *Federal Insurance* discovery requests, attached hereto as Exhibit 3, NCB argued that the *Federal Insurance* plaintiffs discovery to NCB was improper, because the Court had never authorized the *Federal Insurance* plaintiffs to conduct discovery as to NCB. More specifically, NCB's letter stated as follows:

> As you know, NCB has a pending Motion to Dismiss the *Federal Insurance* Complaint (MDL DKT. #416), and briefing of that Motion was completed on November 29, 2004…. Accordingly, under Case Management Order No. 2, paragraph 17 (MDL DKT. #247), the *Federal Insurance* plaintiffs may not proceed with merits discovery as to NCB. Equally important, however, the Court has not authorized the *Federal Insurance* plaintiffs to proceed with jurisdictional discovery as to NCB.

Exhibit 3 at p. 1.

Notwithstanding its assertion that the *Federal Insurance* plaintiffs were procedurally prohibited from conducted discovery as to NCB, NCB's letter went on to argue that the *Federal Insurance* plaintiffs were bound by all discovery proceedings conducted in the separate *Ashton* and *Burnett* cases. In support of this argument, NCB argued that the *Federal Insurance* plaintiffs had participated "in the jurisdictional discovery process in *Burnett* and *Ashton*" by passively attending a few proceedings concerning the jurisdictional discovery as to NCB in *Ashton* and *Burnett*. Id. at p. 2.

The *Federal Insurance* plaintiffs responded to NCB's letter on September 14, 2007. In that letter, attached hereto as Exhibit 4, counsel explained that the arguments raised in NCB's August 31, 2007 letter were misplaced, and that the conduct of limited discovery as to NCB in *Federal Insurance* matter would promote efficiency and conserve judicial resources by allowing all jurisdictional discovery as to NCB in the MDL to be completed simultaneously. As a preliminary matter, the *Federal Insurance* plaintiffs noted that NCB's argument that they were bound by the discovery conducted as to NCB in the *Ashton* and *Burnett* actions misapprehended the fundamental nature of consolidated proceedings, explaining as follows:

> As the Supreme Court and 2nd Circuit have explained, consolidation is merely a procedural devise designed to promote judicial economy, and cannot affect the merger of the actions or the claims of the separate parties. Accordingly, consolidation does not change the rights of the parties in the separate suits. As a result, the district court is required to consider the jurisdictional basis of each suit in the consolidated proceeding separately. Johnson v. Manhattan RY, 289 U.S. 479, 496-97, 77 L.Ed. 1331,

The Honorable George B. Daniels
April 25, 2008
Page 5

>     53 S. Ct. 721 (1933); Cole, et al. v. Schenley Industries, Inc., et al.,
>     563 F.2d 35, 38 (2nd Cir. 1977).

Exhibit 4 at p. 1.

In light of the controlling authorities establishing the distinct character of individual actions within a consolidated proceeding, the *Federal Insurance* plaintiffs noted that they simply could not have "actively participated" in the discovery in the *Burnett* and *Ashton* cases as NCB argued. "Because of the distinct and separate nature of the individual actions, the *Federal* plaintiffs have no standing to conduct discovery via the *Ashton* or *Burnett* cases, direct discovery conducted as to NCB in those cases, define the arguments raised to the Court in relation to discovery disputes in those separate actions, or otherwise protect their interest via discovery in those cases." Furthermore, as a factual matter, the *Federal Insurance* plaintiffs noted that they had not presented any argument at any of the discovery hearings concerning NCB, or asked any questions during the deposition of Lawrence Smith. Id. at p. 2.

In response to the *Federal Insurance* plaintiffs' September 14, 2007 letter, NCB sent a correspondence on September 24, 2007, attached hereto as Exhibit 5, in which it advanced arguments inherently inconsistent with the positions asserted in its first letter, apparently due to an evolution in its thinking triggered by the legal authorities cited by the *Federal Insurance* plaintiffs. Specifically, despite having argued in its August 31, 2007 letter that the *Federal Insurance* plaintiffs were procedurally prohibited from conducting jurisdictional discovery as to NCB, the letter NCB sent to plaintiffs' counsel on September 24, 2007 asserted that the *Federal Insurance* plaintiffs were *compelled* to conduct discovery as to NCB in concert with the *Burnett* and *Ashton* plaintiffs. According to NCB's second letter, the *Federal Insurance* plaintiffs' "participation [in that discovery] was not elective...it was mandatory."[2] As support for its new position, NCB cited paragraph 20 of Case Management Order No. 2, which states: "***To the extent possible***, the parties shall conduct consolidated discovery..." (emphasis supplied). Exhibit 5 at p. 2.

Following the parties' exchange of letters, the *Federal Insurance* plaintiffs sought judicial intervention relative to their dispute with NCB. Specifically, in the plaintiffs' Executive Committee's November 16, 2007 letter to the Court regarding the proposed agenda for the case management conference that had been scheduled for January 15, 2008, plaintiffs requested that the Court take up the issue at the heart of the *Federal Insurance* plaintiffs' dispute with NCB:

> Decisions Applicable in Fewer Than All Cases:
>
> Plaintiffs would like to discuss with the Court their request that the
> Court extend to all cases denials of motions to dismiss that Judge
> Casey issued in some, but fewer than all, cases. Defense counsel
> have taken inconsistent positions ... arguing in some instances that

---

[2] That this represented a new position for NCB is self-evident from the fact that NCB designated its discovery responses as applicable only to the *Ashton* and *Burnett* cases, and only served contention discovery requests relating to jurisdiction on those plaintiffs. In simple terms, NCB did not treat the *Federal Insurance* plaintiffs as participants in the jurisdictional discovery proceedings at any time.

> discovery cannot proceed in the cases where motions are still
> pending, and in other cases that any discovery taking place now
> must be applied to all cases, including those in which motions are
> still pending.

The Court adjourned the January 15, 2008 case management conference until March 18, 2008, without issuing a decision relative to plaintiffs' request that the Court extend previous denials of motions to dismiss to all remaining cases. Shortly before the scheduled March 18, 2008 conference, the Court requested that the parties identify any agenda items for the case management conference which remained unresolved. In response to that inquiry, plaintiffs again requested judicial intervention relative to the procedural complications and inefficiencies arising from the differing procedural statuses of the various cases as to common defendants, including NCB. By Order dated March 14, 2008, the Court invited the parties to submit specific applications to have prior decisions in fewer than all cases extended to the remaining cases.

Before the *Federal Insurance* plaintiffs had an opportunity to submit such an application as to NCB, that defendant filed its letter application for leave to file renewed Motion to Dismiss in all of the pending actions, including the *Federal Insurance* case. In that letter, NCB argues that it is entitled to file a renewed Motion to Dismiss in *Federal Insurance*, despite the fact that its pending Motion to Dismiss has not been decided and it has refused to respond to discovery in *Federal Insurance*, because (NCB theorizes) "the jurisdictional discovery record developed in the *Ashton* and *Burnett* actions applies equally to all other MDL 1570 lawsuits because the case management orders require all plaintiffs to conduct discovery on a consolidated basis."

For the reasons set forth below, NCB's position is fundamentally incorrect, and the *Federal Insurance* plaintiffs are entitled to the limited discovery they seek in support of their jurisdictional theories as to NCB.

II.   ARGUMENT

    A.   The *Federal Insurance* Plaintiffs Were Not Participants in the Discovery Proceedings as to NCB in the *Ashton* and *Burnett* Cases, and Cannot be Deemed Bound by the Discovery Proceedings in Those Separate Cases

NCB's contention that the jurisdictional discovery record developed in the *Ashton* and *Burnett* actions applies equally to all other MDL 1570 lawsuits is legally and factually incorrect. As explained in the *Federal Insurance* plaintiffs' September 14, 2007 letter to counsel for NCB, the consolidation of these cases does not affect a merger of the actions or the claims of the separate parties, and the district court is therefore *required* to consider the jurisdictional basis of each suit in a consolidated proceeding separately. Johnson, 289 U.S. at 496-97; Cole, 563 F.2d 35, 38 (2nd Cir. 1977). NCB's effort to bind the *Federal Insurance* plaintiffs by the discovery proceedings in the separate *Ashton* and *Burnett* cases runs afoul of those well established legal principles, which at their core, serve to protect the fundamental procedural rights of litigants.

Moreover, the provisions of the relevant Case Management Orders do not (and could not) alter this analysis. In advancing its argument based on the provisions of paragraph 20 of Case

The Honorable George B. Daniels
April 25, 2008
Page 7

---

Management Order No. 2, NCB conveniently ignores the qualifying language of that provision, which dictates that consolidated discovery should be undertaken "to the extent possible...."[3] Significantly, other defendants in this litigation have specifically argued that this language precludes consolidated discovery where a decision authorizing discovery has been issued in fewer than all cases. In fact, defendant Jamal Barzinji has gone so far as to argue that discovery responses provided in a certain case cannot even be shared with plaintiffs who have not yet been authorized to proceed with discovery against him:

> Dr. Barzinji objects to producing any documents to any plaintiffs other than the *Federal Insurance* Plaintiffs.... Dr. Barzinji currently has outstanding Motions to Dismiss the claims asserted against him by the Plaintiffs in *Ashton, Burnett, NY Marine, Continental,* and *World Trade Center.* Unless and until those plaintiffs are found to have stated claims against Dr. Barzinji, the *Federal Insurance* plaintiffs should be precluded from sharing any discovery with any of the other plaintiffs.

Thus, NCB's argument is not only inconsistent with the plain language of Case Management Order No. 2, but also the stated positions of other defendants in this litigation.

Beyond the legal deficiencies in NCB's possession, its arguments fail as a factual matter, because the record makes clear that neither the Court nor the parties regarded the *Federal Insurance* plaintiffs to be participants in the jurisdictional discovery proceedings as to NCB, and consequently there has been no consideration of the factual and legal predicates underlying the *Federal Insurance* plaintiffs' jurisdictional theories as to NCB in the context of those proceedings. As mentioned previously, NCB's own actions in relation to the jurisdictional discovery proceedings demonstrate that it did not treat the *Federal Insurance* plaintiffs as participants in that process. NCB specifically labeled its responses to the discovery served upon it as applicable only to the *Ashton* and *Burnett* cases. See Exhibit 1. Furthermore, NCB limited its application for leave to serve contention discovery to the *Ashton* and *Burnett* cases, and in fact only served contention discovery upon those plaintiffs. Had NCB believed that the jurisdictional discovery proceedings concerning it were in fact consolidated and involved all plaintiffs, it most certainly would have designated its discovery responses as applicable to all actions, and served contention discovery requests relating to jurisdiction upon all plaintiffs.

More significantly, the record makes clear that the Court did not consider the *Federal Insurance* plaintiffs to be participants in the discovery as to NCB, and engaged in no consideration of the *Federal Insurance* plaintiffs' jurisdictional theories in resolving any of the discovery disputes pertaining to NCB. Indeed, in resolving the jurisdictional discovery disputes

---

[3] Paragraph 9 of Case Management Order No. 3, which discusses the rights and duties of the Plaintiffs Executive Committees, contains similar qualifying language. More fundamentally, Case Management Order No. 3 governs the organizational structure of the Plaintiffs' Executive Committees and duties and responsibilities of the Committee members, and NCB, as a defendant, has no standing to invoke any of those provisions as protection against discovery. In fact, the defendants specifically refused to have any involvement in the drafting or approval of Case Management Order No. 3, because they deemed it to have no relevance to them.