# EXHIBIT 3

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

August 31, 2007

Ronald S. Liebman
202-457-6310
rliebman@pattonboggs.com

**VIA E-MAIL**

Sean P. Carter, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508

Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(FM)

Dear Sean:

This letter responds to yours of August 24, 2007, which enclosed The Federal Insurance Plaintiffs' First Set of Jurisdictional Requests for Production of Documents Directed to The National Commercial Bank ("NCB"). Within the time provided by FED. R. CIV. P. 34, NCB will serve formal objections to those discovery requests. In the interim, I am writing to correct your erroneous assumption that the *Federal Insurance* plaintiffs are authorized to serve these discovery requests simply because NCB has not objected to the active participation of the *Federal Insurance* plaintiffs in the jurisdictional discovery that has been conducted in the *Burnett* and *Ashton* lawsuits. We regard the service of the *Federal Insurance* discovery requests as a violation of orders by Magistrate Judge Maas, which establish the scope of jurisdictional discovery as to NCB. Those orders bind the *Federal Insurance* plaintiffs just as much as they bind the *Burnett* and *Ashton* plaintiffs precisely because the *Federal Insurance* plaintiffs have participated actively in the *Burnett* and *Ashton* jurisdictional discovery.

As you know, NCB has a pending motion to dismiss the *Federal Insurance* complaint (MDL Dkt. # 416), and briefing of that motion was completed on November 29, 2004. NCB's motion raises jurisdictional defenses— both lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), and lack of personal jurisdiction— and it challenges the legal sufficiency of the complaint. Accordingly, under Case Management Order No. 2, ¶ 17 (MDL Dkt. # 247), the *Federal Insurance* plaintiffs may not proceed with merits discovery as to NCB. Equally important, however, the Court has not authorized the *Federal Insurance* plaintiffs to proceed with jurisdictional discovery as to NCB. Instead, the Court authorized "limited jurisdictional discovery" as to personal jurisdiction over NCB only in the *Burnett* and *Ashton*

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Sean P. Carter, Esq.
August 31, 2007
Page 2

lawsuits. *In re Terrorist Attacks II*, 392 F. Supp. 2d 539, 575 (S.D.N.Y. 2005); *In re Terrorist Attacks I*, 349 F. Supp. 2d 765, 792, 820 (S.D.N.Y. 2005).

Nonetheless, the *Federal Insurance* complaint is substantively identical to the *Burnett* and *Ashton* complaints, as NCB pointed out in its motion to dismiss the *Federal Insurance* complaint. Accordingly, NCB did not object when counsel for the *Federal Insurance* plaintiffs sought to participate in the jurisdictional discovery process in *Burnett* and *Ashton*. For example, at least one lawyer from your firm participated in the review of documents produced by NCB in October 2006, and other lawyers from your firm have attended NCB jurisdictional discovery hearings before Magistrate Judge Maas in May 2006 and March 2007, and the deposition of Lawrence Smith conducted before Judge Maas in July 2007.

For these reasons, the July 31, 2007 status report to Judge Daniels by the Defendants' Executive Committee suggested (at p. 4 n.6) that, "with respect to NCB's pending motion to dismiss the *Federal Insurance* complaint . . . the Court should first resolve NCB's personal jurisdiction defense (following completion of ongoing jurisdictional discovery in the *Burnett* and *Ashton* matters), and defer resolution of its FSIA defense." Similarly, in the parties' August 3, 2007 status report to Judge Daniels concerning jurisdictional discovery (at p. 5 n.4), NCB "contend[ed] that *Federal Insurance* plaintiffs' counsel have participated in the jurisdictional discovery process as to NCB, without objection by NCB, and that NCB's pending motion to dismiss the *Federal Insurance* complaint therefore does not provide a reason to prolong the jurisdictional discovery process."

Having participated in the *Burnett* and *Ashton* jurisdictional discovery process as to NCB, the *Federal Insurance* plaintiffs are bound by the Court's orders, which establish and limit the scope of permissible jurisdictional discovery. In NCB's Rule 34 objections to the *Federal Insurance* discovery requests, we will set out in detail all of the ways in which your August 24 discovery requests are improper under the Court's orders. In the interim, however, we note the following:

- On May 1, 2007 Magistrate Judge Maas entered an order (MDL Dkt. # 1971) in which he "decline[d] to direct any further discovery (not previously ordered) related to NCB." The *Federal Insurance* discovery requests violate this restriction on further jurisdictional discovery as to NCB.

- Judge Maas entered his May 1 order after reviewing, *inter alia*, allegations in Mr. Maloney's April 30, 2007 letter concerning supposed connections between NCB, Khalid Bin Mahfouz, Muwafaq/Blessed Relief Foundation, the IIRO and other "'customers' specifically identified as terrorist organizations." (*See id.* at pp 2-3 & n.2, and p. 5.) Those same allegations appear in the *Federal Insurance* First Amended Complaint, ¶¶ 290-297. Moreover, those same allegations apparently underlie all 28

4907099

**PATTON BOGGS LLP**
ATTORNEYS AT LAW

Sean P. Carter, Esq.
August 31, 2007
Page 3

of the *Federal Insurance* plaintiffs' discovery requests. Those discovery requests therefore transparently seek to evade Judge Maas' conclusion that these allegations do not justify further jurisdictional discovery as to NCB.

- In his earlier June 28, 2006 Discovery Order (MDL Dkt. # 1849), Judge Maas held that the *Burnett* and *Ashton* complaints "have failed to make a prima facie showing of [a 9/11] conspiracy" involving NCB, and were "conclusory." *In re Terrorist Attacks [III]*, 440 F. Supp. 2d 281, 287 (S.D.N.Y. 2006). Specifically, "they establish neither that NCB or its customers contributed funds to organizations serving as Al Qaeda fronts with 'an awareness of the effects in New York' of such monetary contributions, nor that the co-conspirators in New York–namely, the Al Qaeda terrorists who executed the September 11 attacks–'acted at the direction or under the control or at the request of' NCB." *Id.*, quoting *In re Terrorist Attacks I*, 349 F. Supp. 2d at 805. That holding applies equally to the substantively identical allegations against NCB in the *Federal Insurance* complaint. Because the *Federal Insurance* complaint does not make a prima facie showing of conspiracy involving NCB, the *Federal Insurance* plaintiffs have not satisfied the prerequisite for discovery concerning their "conspiracy" theory of jurisdiction. *In re Terrorist Attacks [III]*, 440 F. Supp. 2d at 285 ("To establish personal jurisdiction on a conspiracy theory, [p]laintiffs must make a prima facie showing of conspiracy, allege specific facts warranting the inference that the defendant was a member of a conspiracy, and show that the defendant's co-conspirator committed a tort in New York."), quoting *In re Terrorist Attacks I*, 349 F. Supp. 2d at 805. Equally, under Case Management Order No. 2, the *Federal Insurance* plaintiffs cannot pursue these requests as merits discovery.

Accordingly, if the *Federal Insurance* plaintiffs do not withdraw their August 24, 2007 discovery requests, then NCB will submit its objections to those requests pursuant to Rule 34 and will seek other appropriate remedies from the Court.

Very truly yours,

Ronald S. Liebman

cc:   All Counsel

4907099