# **EXHIBIT 5**

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

September 24, 2007

Ronald S. Liebman
202-457-6310
rliebman@pattonboggs.com

VIA E-MAIL

Sean P. Carter, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103-3508

Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(FM)

Dear Sean:

Enclosed please find the Objections of The National Commercial Bank ("NCB") to The Federal Insurance Plaintiffs' First Set of Jurisdictional Requests for Production of Documents Directed to The National Commercial Bank. Although the Objections address many statements made in your September 14, 2007 letter to me, this letter separately responds to certain points regarding your request that we meet and confer concerning these discovery requests.

The *Federal Insurance* complaint is substantively identical to the *Burnett* and *Ashton* complaints with respect to every issue within the scope of your discovery requests, as the Objections explain. Indeed, the three complaints— and all of the other 9/11 litigation complaints against NCB— are substantively identical on every issue affecting personal jurisdiction over NCB.[1] *Compare, e.g., Federal Insurance* 1st *Am Complt.* ¶¶ 288-295 *with, e.g., Burnett* 3rd *Am Complt.* ¶¶ 89-96 and *Ashton* 6th *Am Complt.* ¶¶ 424-434. Given the substantive identity of all of these complaints, the *Federal Insurance*, *Burnett* and *Ashton* (and all other 9/11 litigation plaintiffs) were obligated under the Court's Case Management Orders to coordinate their discovery efforts as to NCB. Moreover, discovery taken in the *Burnett* and *Ashton* cases is deemed, under those Case

---

[1]   Notably, as regards <u>subject matter jurisdiction</u> over NCB under the FSIA (as NCB pointed out in its motion to dismiss the *Federal Insurance* complaint), the *Federal Insurance* plaintiffs do part company with the *Burnett* and *Ashton* plaintiffs by alleging (1st Am. Complt. ¶¶ 286-287) that NCB— at all times relevant to FSIA immunity— has been operated as an agency, instrumentality or organ of the Saudi government. However, issues of FSIA jurisdiction and immunity as to NCB are not presently before the Court. *See In re Terrorist Attacks II*, 392 F. Supp. 2d 539, 575 (S.D.N.Y. 2005).

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Sean P. Carter, Esq.
September 24, 2007
Page 2

Management Orders, to be discovery taken in all of the other consolidated 9/11 lawsuits. It is therefore not surprising that the *Federal Insurance* plaintiffs in fact did actively participate in the jurisdictional discovery process as to NCB over the past two years. That participation was not elective, as you appear to think my August 31 letter implies; it was mandatory. Consequently, the *Federal Insurance* plaintiffs are fully bound by Judge Maas' discovery orders as to NCB, as my August 31 letter noted.

Specifically, Case Management Order No. 2 (MDL Dkt. #247), ¶ 20 states: "To the extent possible, the parties shall conduct consolidated discovery and all discovery notices served and all responses to all discovery requests in an Individual Action shall be deemed to be part of the Consolidated Action and each Individual Action." Further, Case Management Order No. 3 (MDL Dkt. # 248), ¶ 9 requires that the two Plaintiffs' Executive Committees— on which you and other *Federal Insurance* plaintiffs' counsel serve— "shall coordinate and, wherever possible, submit joint discovery demands. . . and other filings regarding all matters common to the Individual Actions." Accordingly, it is simply incorrect for you to assert (your Sept. 14 letter, at 2) that the *Federal Insurance* plaintiffs had "no standing" and "absolutely no procedural rights in relation to the discovery as to NCB in the *Ashton* and *Burnett* cases." To the contrary, the jurisdictional discovery record developed over the past two years in the *Burnett* and *Ashton* cases, under the oversight of Judge Maas, is also the jurisdictional discovery record on which the Court can and should resolve NCB's pending motion to dismiss the *Federal Insurance* complaint.

All of the document requests, moreover, concern the relationship, if any, between or among NCB, "NCB Personnel" or other defendants and the Muwaffaq Foundation. As you will recall, you participated in the October 12, 2004 motions hearing before Judge Casey and you argued in opposition to the motion of NCB to be dismissed for lack of personal jurisdiction. (10/12/04 Tr. at 77-80.) During your argument, you stated: "Now, there is an entire section of the Federal, Ashton, and Burnett complaints dedicated to setting forth allegations regarding the conduct of the Muwaffaq Foundation... . All of that must be read as a whole... ." (*Id.*, at 77:8-15.) You did not draw the Court's attention to any difference among the allegations of the *Federal Insurance*, *Burnett* and *Ashton* complaints as to the Muwaffaq Foundation because there are no material differences among them. It is far too late in the jurisdictional discovery process for the *Federal Insurance* plaintiffs to try to contend that they have any basis on which to proceed separately from the *Burnett* and *Ashton* plaintiffs. Indeed, the belated attempt by the *Federal Insurance* plaintiffs to proceed separately seems to be an obvious effort to postpone the conclusion of the jurisdictional discovery process as to NCB, following NCB's July 31, 2007 application to Judge Maas to terminate further jurisdictional discovery and for leave to propound contention discovery to the plaintiffs.

NCB has consistently taken the position that jurisdictional discovery in the *Burnett* and *Ashton* lawsuits will provide the appropriate record for the Court's resolution of NCB's motion to

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Sean P. Carter, Esq.
September 24, 2007
Page 3

dismiss all of the 9/11 lawsuits based on lack of personal jurisdiction. Accordingly, on March 8, 2005, Judge Casey approved NCB's stipulation with the *New York Marine, Cantor, O'Neill* and *Continental Casualty* plaintiffs to permit NCB to file a consolidated motion to dismiss those complaints at the same time that NCB renews its motion to dismiss the *Burnett* and *Ashton* complaints, following jurisdictional discovery. (MDL Dkt. # 718, ¶ 3.) NCB sought to enter into a similar stipulation with the *Federal Insurance* plaintiffs, which we proposed to you on October 19, 2005 (copy attached in Exhibit A). That same day you responded that you would review the proposed stipulation and would "get back to [us] no later than tomorrow." We did not hear further from you. However, you are hardly in a position to contend that the Federal Insurance plaintiffs are somehow surprised by NCB's position, or that the *Federal Insurance* plaintiffs are motivated solely by an interest in achieving the efficiencies of MDL consolidation.

In short, the Case Management Orders require and provide for consolidated discovery, all of the 9/11 complaints are substantively identical on issues affecting personal jurisdiction over NCB, and NCB consistently has sought to achieve an efficient and consolidated resolution of its motions to dismiss based on a single jurisdictional discovery record as developed pursuant to the orders of Judge Maas. For all of these reasons, there is no basis on which the *Federal Insurance* plaintiffs can belatedly opt-out of the jurisdictional discovery process as to NCB, or seek to evade the scope of that jurisdictional discovery as established by Judge Maas' orders.

Once you have reviewed the enclosed Objections, we would be available to meet and confer with you in Washington on either October 10 or 11.

Very truly yours,

Ronald S. Liebman

cc: All Counsel