UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) ) ) | Civil Action No. 03 MDL 1570 (GBD)(FM) |

*This document relates to: All Actions*

### DEFENDANTS' RESPONSE TO PLAINTIFFS' APRIL 23, 2010 NOTICE OF SUPPLEMENTAL AUTHORITY IN RELATION TO ALL PENDING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiffs' purported "Notice of Supplemental Authority" submitted on April 23[1] is procedurally improper and, more importantly, legally disingenuous. While its defects may be apparent to the Court, Defendants respectfully request leave to make this short response.

As a procedural matter, Plaintiffs' filing can have no other purpose than to delay the Court's imminent issuance of opinions on pending motions. First, Plaintiffs declined, just a week before their filing, to give the Court notice of the issue despite the Court's invitation for updates from counsel. *See* April 15, 2010 Tr. at 21. Second, the cited case authority, *Frontera Res. Azerbaijan Corp. v. State Oil Comp. of the Azerbaijan Republic*, 582 F.3d 393 (2d Cir. 2009), is itself now more than seven months old and has already been briefed by several parties in this litigation.[2] Third, the other "authority" Plaintiffs cite, a nearly year-old brief in another case, is not authority at all.[3]

---

[1] *See* Notice of Supplemental Authority in Relation to All Pending Motions to Dismiss for Lack of Personal Jurisdiction (Apr. 23, 2010) (MDL Dkt. #2238) ("Pls. Notice").

[2] *See, e.g.*, Plaintiffs' Objections to the Memorandum Decision and Order of Magistrate Judge Maas dated January 13, 2010, 6, 9-12 (Feb. 1, 2010) (MDL Dkt. #2010); Response of The National Commercial Bank to Plaintiffs' Objections to the Memorandum Decision and Order of Magistrate Judge Maas dated January 13, 2010, 2, 13-19 (Feb. 18, 2010) (MDL Dkt. #2226); Plaintiffs' Reply in Further Support of Their Objections to the January 13, 2010 Memorandum Decision and Order of Magistrate Judge Frank Maas, 4-7 (Mar. 2, 2010) (MDL Dkt. #2229);

Substantively, Plaintiffs' oft-repeated argument[4] defies controlling law and has no support in the authorities they cite. They argue, in effect, that alien defendants who lack sufficient contacts with the United States to support personal jurisdiction also lack, for that reason, the due process right to object to the Court's assertion of jurisdiction it does not have. That idea is flatly contrary to *Helicopteros* and its progeny as well as to the Second Circuit's decision in this very case, all of which apply the dictates of minimum contacts analysis to alien defendants. The sources Plaintiffs cite do not claim the contrary, but instead deal with the much different circumstance of an alien's affirmative invocation of the Due Process Clause, a distinction recognized by courts faced with questions of personal jurisdiction.

### A. Minimum Contacts Analysis Applies to Alien Defendants

Plaintiffs assert that many defendants, including those "who insist that they have no connection to the United States," may not assert any personal jurisdiction defense at all because "non-resident aliens" who have "insufficient contacts with the United States" cannot claim the protection of the Due Process Clauses.[5] That is just wrong. Twenty-five years ago it was "too solidly entrenched to be questioned" that foreign entities "have all the rights of U.S. citizens" to

---

(continued…)

Surreply of The National Commercial Bank in Response to Plaintiffs' Unauthorized Reply in Further Support of their Objections to the Memorandum Decision and Order of Magistrate Judge Maas dated January 13, 2010, 6-8 (MDL Dkt. #2232); Plaintiffs' Memorandum of Law in Opposition to Renewed Motion to Dismiss of Defendant National Commercial Bank for Lack of Personal Jurisdiction, 13-16 (Apr. 23, 2010) (MDL Dkt. #2240).

[3] *See* July 15, 2009 Hr'g Tr. at 7; *see also In Re South African Apartheid Litig.*, 617 F. Supp. 2d 228, 281 (S.D.N.Y. 2009) ("The Executive Branch's interpretations of the applicable law and the allegations made in the Complaint 'merit no special deference,' as they are pure questions of law that are 'well within the province of the Judiciary'" (quoting *City of New York v. Permanent Mission of India to the United Nations*, 446 F.3d 365, 376 n.17 (2d Cir. 2006)).

[4] *See, e.g.*, Notice of Supplemental Authority in Relation to All Pending Motions to Dismiss for Failure to State a Claim and/or Lack of Personal Jurisdiction (Feb. 4, 2009) (MDL Dkt. #2156) (arguing that "non-resident aliens" without "ongoing contacts with the United States" cannot claim Due Process protection); *see also* Pls. Notice at 1.

[5] Pls. Notice at 7.

object to personal jurisdiction. *Afram Export Corp. v. Metallurgiki Halyps, S.A.*, 772 F.2d 1358, 1362 (7th Cir. 1985). The Supreme Court's decision in *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 413-14 (1984), which defines the minimum contacts analysis as it applies to alien defendants, rested on that fundamental assumption. In this very case, the Second Circuit, after disposing of FSIA issues, applied that analysis to the question of personal jurisdiction over alien defendants. *See In re Terrorist Attacks on September 11, 2001* (*Terrorist Attacks III*), 538 F.3d 71, 93 (2d Cir. 2008). Were Plaintiffs correct, that would have been unnecessary.

    **B.**    **Plaintiffs' Supplemental Authority Has No Bearing on the Personal Jurisdiction Issues Before This Court**

In arguing that the due process limits on personal jurisdiction do not apply to alien defendants, Plaintiffs attempt to use the Second Circuit's *Frontera* decision in a way the court itself disclaimed. *Frontera* concerned whether a foreign state and its "agents" and "instrumentalities" were persons under the Due Process Clause. 582 F.3d at 400. The court itself acknowledged, however, that "[t]he Supreme Court has gone so far as to accord due process protections to privately owned foreign corporations," *id.* at 401 (citing *Helicopteros*), and recognized that the Second Circuit had done the same. *See id.* (citing *Bank of Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 571 (2d Cir. 1996)).

Plaintiffs' use of the government's brief in *Yassin Abdullah Kadi v. Timothy Geithner, et al.*, United States District Court for the District of Columbia, Civil Action No. 09-0108 (JDB) 26-9 (May 22, 2009) ("Kadi Govt. Mem."), is even further afield. That case involved Mr. Kadi's affirmative invocation of the Due Process Clause in a suit against the government. As courts have recognized, whether "*a plaintiff*[] has sufficient connections with the United States as a whole to have standing to raise claims under our Constitution," as Mr. Kadi contended there, is

"quite different" from whether "*a defendant*[] had purposely availed [it]self of the protections of the law of the forum . . . for the court to exercise personal jurisdiction over" it.  *Al-Aqeel v. Paulson*, 568 F. Supp. 2d 64, 70 (D.D.C. 2008) (emphasis added).  Plaintiffs notably have cited *no* authority suggesting that alien *defendants* lack the benefit of the due process limitations on jurisdiction.  Both *Jifry v. FAA*, 370 F.3d 1174 (D.C. Cir. 2004), and *People's Mujahedin Org. of Iran v. United States Dep't of State*, 182 F.3d 17 (D.C. Cir. 1999), addressed alien *plaintiffs* challenging U.S. government action.  Other cases Plaintiffs cite, *TMR Energy Ltd. v. State Prop. Fund of Ukraine*, 411 F.3d 296, 302 (D.C. Cir. 2005) and *Veiga v. World Meteorological Org.*, 568 F. Supp. 2d 367, 374 (S.D.N.Y. 2008), involve alien *plaintiffs* suing non-government parties in U.S. courts.  None of these cases speaks to the issue before this Court:  a foreign *defendant's* rights when he is involuntarily "haled into" U.S. court.

      The only decision Plaintiffs cite that comes close to suggesting that an alien defendant (other than the foreign states and their agents addressed in *Frontera*) might not enjoy the protection of the Due Process Clause is the unpublished decision in *Baker v. Great Socialist People's Libyan Arab Jamahiriya*, Civ. No. 03-749, slip op. 9-10 (D.D.C. June 30, 2005).  That decision, however, is not good law even in the circuit where it was issued.  The D.C. Circuit has subsequently held a court's exercise of personal jurisdiction over a defendant – even an alien defendant with no ties to the United States or the forum – requires a "'constitutionally sufficient relationship between the defendants and the forum.'"  *Mwani v. Bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005) (quoting *Omni Capital Int'l. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).  That position is, as it was 25 years ago, "too solidly entrenched to be questioned."  *Afram Export Corp.*, 772 F.2d at 1362; *accord, Terrorist Attacks III*, 538 F.3d at 93 (applying due process analysis to five alien defendants *in this case*).

- 5 -

        Respectfully submitted,

        /s/_____
        Stephen J. Brogan
        Mary Ellen Powers
        James E. Gauch
        JONES DAY
        51 Louisiana Avenue, N.W.
        Washington, D.C. 20001
        Tel: (202) 879-3939
        Fax: (202) 626-1700

        *On Behalf of Defendants' Executive Committee*

May 3, 2010