MEMO ENDORSED

**Steven K. Barentzen**
Admitted in DC and NY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-18-10

The Law Office of Steven Barentzen

www.Barentzenlaw.com

1575 Eye Street, NW, Suite 300
Washington, DC 20005
phone: (202) 289-4333
fax:     (202) 289-8450
Steven@Barentzenlaw.com

May 10, 2010

R E C E I V E D

MAY 1 3 2010

FRANK MAAS
U.S. MAGISTRATE JUDGE

*Via Federal Express*

The Honorable Frank B. Maas
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 740
New York, New York 10007

*The requests set forth in this letter are denied with one exception. Dr. Mirza may be questioned about Sana-Bell, Inc. and the whereabouts of its documents. If Dr. Mirza*

Re:     *In re Terrorist Attacks of September 11, 2001*, MDL No. 1570 -- *questions about other areas, he may decline to*
        Dr. Yaqub Mirza's Motion to Quash Subpoena *does not want to answer*

Dear Judge Maas: *do so, understanding that he may be deposed again after Judge*

        I represent Dr. Yaqub Mirza, a named defendant in the *Ashton, Burnett, Federal* *Daniels rules.*
*Insurance, New York Marine, Euro Brokers, Continental* and *World Trade Center* actions. Dr. *[signature]*
Mirza respectfully moves to quash the April 28, 2010 subpoena served on him by Andrew *USMJ*
Maloney, counsel for the *Ashton* Plaintiffs, requiring Dr. Mirza to appear for deposition and *5/18/10*
produce documents related to Sana-Bell, Inc. and other entities on May 19, 2010. A copy of that
subpoena is attached hereto as Exhibit A.

        As discussed in detail below, Dr. Mirza asserts five grounds for quashing or modifying
the subpoena: (1) Plaintiffs have conceded that they intend to depose Dr. Mirza on topics beyond
the limited issue authorized by the Court, *i.e.*, "what documents [Sana-Bell, Inc.] had originally
and what happened to those documents," February 9, 2010 Hearing Tr. at 18; (2) the *duces
tecum* portion of the subpoena should be quashed in its entirety because it was not authorized by
the Court, and at a minimum should be limited to documents concerning Sana-Bell, Inc., (3) a
protective order should be issued limiting the access to the deposition, and any transcripts or
videotapes of the deposition, to only those Plaintiffs that have asserted claims against Sana-Bell,
Inc., *i.e.*, *Ashton* and *Federal Insurance*; (4) prior to the deposition on the merits proposed by
Plaintiffs, Dr. Mirza should be permitted to take his own limited discovery from Plaintiffs, and
(5) in light of Judge Daniels' statements at the April 15th status conference that decisions on the
outstanding motions to dismiss are imminent and that merits discovery will begin as to all parties
in July, the Court should reconsider its decision to permit Plaintiffs to depose Dr. Mirza at this
time.

## FACTUAL BACKGROUND

Dr. Mirza has been a United States citizen for nearly forty years. He holds a Ph.D. in Physics (1974) and M.A. in Teaching Science (1975) from the University of Texas at Dallas. He lives in Virginia where he is a successful businessman and a well-known moderate and progressive voice in his community. Dr. Mirza abhors violence and has never supplied Al Qaida nor assisted or funded terrorism of any kind. Nevertheless, following the September 11th attacks, Dr. Mirza's home and office, along with the homes and offices of numerous other American Muslims living in and around Herndon, Virginia were raided by the government's "Operation Green Quest," a task force formed by U.S. Customs to investigate the alleged financing of terrorist activity.

In the over 8 years since these searches, Dr. Mirza has not been indicted or charged with any crimes, and whatever investigation the government may have conducted in connection with the searches has been closed.

The Court previously dismissed the claims asserted against Dr. Mirza by the *Federal Insurance* Plaintiffs, finding that their "complaint does not adequately provide [Dr. Mirza] with notice as to how [he] provided material support to al Qaeda terrorists." *In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539,570-72 (S.D.N.Y. 2005). The Burnett Plaintiffs voluntarily dismissed the claims against Dr. Mirza with prejudice on January 3, 2005. *See* Plaintiffs' December 30, 2004, Addition/Removal of Parties, MDL Docket # 602. Dr. Mirza's motions to dismiss the claims asserted by other plaintiffs are fully briefed and pending before the Court.

Sana-Bell, Inc. is also a defendant in this case. According to documents produced by Sana-Bell's counsel, Sana-Bell was a non-profit corporation incorporated in the District of Columbia on July 28, 1989. It dissolved over nine years ago pursuant to a Written Consent of the Board of Directors dated October 19, 2000. By Order dated July 27, 2007, the Court denied Sana-Bell's motion to dismiss the claims asserted by the *Ashton* and *Federal Insurance* Plaintiffs. No other Plaintiffs have asserted claims against Sana-Bell.

On September 13, 2007, Plaintiffs sent document requests to Sana-Bell. A copy was neither served on nor otherwise provided to Dr. Mirza who did not know discovery against Sana-Bell was ongoing. Sana-Bell's counsel apparently provided responses to Plaintiffs that were unsatisfactory, and Plaintiffs moved to compel. By Order dated March 18, 2008, the Court required Sana-Bell, Inc. -- and Sana-Bell, Inc. only -- to respond. Further, the Order made clear that the "outstanding discovery request at issue is not directed to defendant Sanabel Al Kheer" and the Order "neither addresses any discovery request made directly to defendant Sanabel Al Kheer, nor does it address any independent discovery obligation . . . on the part of defendant Sanabel Al Kheer." A copy of the March 18, 2008 Order is attached as Exhibit B.

Apparently still unsatisfied with Sana-Bell's response to the document requests, on January 6, 2009, Plaintiffs again moved the Court to compel Sana-Bell to produce documents. Moreover, despite that it had never served Dr. Mirza with any discovery requests, had not

engaged in any type of informal discussion with Dr. Mirza's counsel to obtain discovery and failed to conduct the "meet and confer" required by the Court's local rules prior to bringing a discovery motion, Plaintiffs also sought the deposition of Dr. Mirza on the limited issue concerning "*the circumstances relating to the dissolution of defendant Sana-Bell and the transfer of any and all assets and organization documents.*"  Plaintiffs' January 6, 2009 Letter Motion to Judge Daniels at 4 (emphasis added).

Dr. Mirza was never served with this letter either. After learning of the motion from counsel for another defendant, Dr. Mirza's counsel moved to intervene in the matter and opposed the requested deposition. A hearing on the motion was held before the Court on February 8, 2010.

At the hearing Plaintiffs' counsel repeated their desire to depose Dr. Mirza to determine "if there are documents." Feb. 8, 2010 Tr. at 8; *id.* at 13 ("we're entitled to ask some questions and find out where these documents might be or what he remembers about it."). Consistent with Plaintiffs' request, the Court found that Plaintiffs may take Dr. Mirza's testimony on the limited issue of "*what documents [Sana-Bell, Inc.] had originally and what happened to those documents.*" *Id.* at 18 (emphasis added). On February 9, 2010, the Court issued an Order memorializing this finding and stating "that as part of their discovery related to defendant Sana-Bell, Inc., the plaintiffs may take Dr. Mirza's deposition." A copy of that Order is attached as Exhibit C.

Two months later, on April 8, 2010, Plaintiffs served Dr. Mirza's counsel with a facially defective subpoena issued from the United States District Court for the Eastern District of Virginia, seeking to compel him to appear for deposition in Washington, D.C. on May 19, 2010 and requiring him to produce documents, although the subpoena did not specify when those documents were to be produced. Dr. Mirza was not provided with any witness fees. On April 13, 2010, Dr. Mirza's counsel wrote Plaintiffs' counsel a letter objecting to the subpoena on numerous grounds and requesting that Plaintiffs withdraw it. A copy of that letter is attached as Exhibit D.

On April 28, 2010, Plaintiffs conceded that their initial subpoena was defective, agreed to withdraw it, and served on Dr. Mirza's counsel a new subpoena with witness fees. As previously noted, a copy of this subpoena is attached as Exhibit A. This subpoena also commanded Dr. Mirza to appear for deposition on May 19, 2010, but unlike the original states that the "deposition will be video-taped." The subpoena also commands the production of documents, including documents relating to entities other than Sana-Bell, Inc, such as Sanabel Al Kheer.

On May 3, 2010, Dr. Mirza's counsel again wrote to Plaintiffs' counsel objecting to the subpoena on the ground that it sought the production of documents and testimony well beyond the limited discovery authorized by the Court, *i.e.*, testimony concerning the existence and location of Sana-Bell, Inc. documents. A copy of that letter is attached as Exhibit E. Dr. Mirza's counsel offered to engage in a "meet and confer" with Plaintiffs' counsel to discuss and attempt to resolve the issues such that the subpoena conformed to this Court's Order. Plaintiffs counsel did not accept the offer.

**ARGUMENT**

Federal Rule of Civil Procedure 45(c)(1) states that: "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(c)(1) provides that a court "must quash or modify a subpoena that . . . subjects a person to undue burden." For the reasons that follow, the Court should quash and/or modify the subpoena served on Dr. Mirza.

**I.     Dr. Mirza's Deposition Should Be Limited to Questions Concerning the Existence and Location of Documents Concerning Sana-Bell, Inc.**

At the February 8, 2010 hearing Plaintiffs' counsel argued that "we're entitled to ask some questions and find out where these documents might be or what he remembers about it." February 8, 2010 Hearing Tr. at 13. The Court agreed and determined that Plaintiffs may take Dr. Mirza's testimony on the limited issue of "what documents [Sana-Bell, Inc.] had originally and what happened to those documents." *Id.* at 18.

Dr. Mirza's counsel has twice attempted to obtain assurances from Plaintiffs' counsel that they intend to so limit their questioning of Dr. Mirza. *See* Exhibits D and E. But, Plaintiffs have refused to limit the deposition in any way, instead ignoring the Court's clear intention and claiming "[t]here is no language in the governing Order that would support the restrictions on the scope of examination you propose . . . and plaintiffs intend to conduct the deposition in accordance with the Federal Rules of Civil Procedure." *See* Exhibit F.

The hearing transcript makes clear that Plaintiffs did not request, and the Court did not grant, unlimited discovery from Dr. Mirza. Because Plaintiffs are unwilling to limit their questioning of Dr. Mirza in any way, the Court should issue an order clarifying its February 9, 2009 Order and making clear that Plaintiffs' deposition of Dr. Mirza should be limited to the issue of the location and existence of Sana-Bell, Inc.'s documents.

**II.    The *Duces Tecum* Portion of the Subpoena Should Be Quashed**

The February 9th Order permitted Plaintiffs only to depose Dr. Mirza. Plaintiffs never asked for, or received permission to, subpoena documents from Dr. Mirza. Accordingly, the *duces tecum* portion of the subpoena requiring Dr. Mirza to produce documents should be quashed.

This portion of the subpoena also must be quashed because in addition to requesting documents concerning Sana-Bell, it requests documents concerning "any Sana-Bell entities, (Sanabel al Kheer Inc., Sanabel al Khair, Sanabil al Kheer, Sanabil al Khair.)" Exhibit A. As the Court made clear in both its March 18, 2008 and February 9, 2009 Orders, Plaintiffs are not authorized to take discovery from any entity other than Sana-Bell, Inc. According the subpoena's documents requests should be so limited.

4

III.    **A Protective Order Should Be Put in Place Limiting Access to Dr. Mirza's Deposition to the *Ashton* and *Federal Insurance* Plaintiffs**

Even though only the *Ashton* and *Federal Insurance* Plaintiffs have asserted claims against Sana-Bell Inc,. and thus are the only parties that would conceivably have an interest in a deposition concerning the existence and location of Sana Bell, Inc.'s documents, Plaintiffs nevertheless requested a room for Dr. Mirza's deposition large enough to accommodate 10 Plaintiffs' attorneys. Similarly, although there is no conceivable need to videotape a limited deposition of this nature, Plaintiffs have stated their intention to videotape Dr. Mirza. This strongly evidences the fact that Plaintiffs do not intend to take a simple custodial deposition of Dr. Mirza to determine the status of documents requested from a party, but instead intend to take full merits discovery. Dr. Mirza has legitimate concerns that Plaintiffs will share the deposition transcript and videotape with others who are not parties to the litigation against Sana-Bell, Inc., and use, or attempt to use, the deposition for purposes other than this litigation.

Accordingly, Dr. Mirza respectfully requests that a protective order be entered: (1) limiting attendance at and participation in his deposition to attorneys for the *Ashton* and *Federal Insurance*; (2) limiting the use of the deposition transcript and videotape to this litigation, and (3) prohibiting anyone other than counsel for the *Ashton* and *Federal Insurance* Plaintiffs from obtaining a copy of the deposition transcript or videotape.

IV.    **Prior to Any Deposition, Dr. Mirza Should Be Permitted to Take Discovery From Plaintiffs**

Although Dr. Mirza was subpoenaed as a non-party with respect to Plaintiffs' claims against Sana-Bell, he is nevertheless a party to this action. Therefore it would be improper to permit Plaintiffs to take discovery of Dr. Mirza without letting Dr. Mirza take discovery from Plaintiffs. In particular, Dr. Mirza should be entitled to request from Plaintiffs (1) copies of any documents they intend to introduce as exhibits at the deposition, and (2) any documents that support, evidence or form the basis of any allegations Plaintiffs have made against Dr. Mirza and Sana-Bell.

Dr. Mirza has requested this information informally from Plaintiffs. Exhibits D and E. But Plaintiffs have refused to provide Dr. Mirza with any of the requested information. While such discovery is much less important -- and may not be necessary at all --- if the Court were to limit the deposition of Dr. Mirza to the existence and location of Sana-Bell documents, to the extent Plaintiffs are permitted to ask Dr. Mirza questions concerning the merits of their claims -- which they are certain to do absent a limiting Order -- such discovery becomes imperative. It would be improper, and provide Plaintiffs with an unfair and impermissible advantage in this litigation, to permit Plaintiffs to depose Dr. Mirza without him first having an opportunity to discover whatever evidence Plaintiffs believe supports their claims against him. Accordingly, Dr. Mirza should be permitted to take discovery from Plaintiffs.

**V.     The Court Should Reconsider Its Order Permitting Plaintiffs to Take Dr. Mirza's Deposition In Light Of The Imminent Beginning of Merits Discovery**

At the April 15th status conference, the Court stated that decisions on all of the outstanding motions to dismiss, including those filed by Dr. Mirza, were imminent and that merits discovery would begin with respect to all parties in July, just two months from now. While Dr. Mirza fully intends to comply with the Court's February 10, 2010 Order permitting Plaintiffs to take his deposition, in light of Judge Daniels comments at the April 15th status conference, Dr. Mirza respectfully respects that the Court reconsider its decision permitting Dr. Mirza's deposition at this time, and instead require Plaintiffs to take discovery from Dr. Mirza in the ordinary course in July along with the other parties.

There are two reasons why discovery from Dr. Mirza should be on the same schedule as everyone else. First, in the event that Dr. Mirza's motion to dismiss is denied, he will likely have to sit for two depositions, one now and one a few months from now when discovery begins. The prejudice, hardship and undue burden that Dr. Mirza would face from having to sit for two depositions greatly outweighs whatever benefit would accrue to Plaintiffs from to taking his deposition now. Plaintiffs issued the document request to Sana-Bell nearly three years ago and waited nearly three months after receiving the February 9, 2010 Order before issuing Dr. Mirza a valid subpoena. It is not clear how, at this point, requiring Plaintiffs to wait an additional two months could possibly harm them.

Second, at the April 15th hearing, Plaintiffs made clear that to the extent that a defendant successfully moves to dismiss, Plaintiffs will seek leave to amend their complaints yet again. As is evident from the subpoena and as detailed above, Plaintiff's clear intention in deposing Dr. Mirza is not to determine the location of Sana-Bell's documents, but to take merits discovery from Dr. Mirza. While Dr. Mirza does not believe that Plaintiffs should be permitted yet another opportunity to amend their complaints, it is quite clear that Plaintiffs hope to obtain evidence at the deposition of Dr. Mirza that they can use to salvage their complaints -- including complaints against Dr. Mirza-- to the extent motions to dismiss are granted.

This improper use of discovery is a factor that weighs heavily in favor of postponing Dr. Mirza's deposition two months until after the motions to dismiss have been decided. *See Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 377 (S.D.N.Y. 2004) ("discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed.)

6

For these reasons, Dr. Mirza respectfully requests that the Court issue an Order either quashing the subpoena in its entirety, or modifying it so that it is limited to testimony concerning the existence and location of Sana-Bell, Inc.'s documents.

Respectfully submitted,

Steven K. Barentzen

cc:    The Honorable George B. Daniels
       All Counsel of Record (by e-mail)

7