UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (GBD)<br>ECF Case |

*This document relates to:*

*Burnett v. Arab Bank, PLC, 03-cv-9849*
*Federal Insurance Co. v. Al Qaida, 03-cv-6978*
*O'Neill v. Al Baraka Investment & Devel. Corp., 04-cv-01923*
*Continental Casualty Co. v. Al Qaeda, 04-cv-05970*
*New York Marine & Gen. Ins. Co. v. Al Qaida, 04-cv-06105*
*Cantor Fitzgerald & Co. v. Akida Bank Private Limited, 04-cv-07065*
*Euro Brokers Inc. v. Al Baraka Investment & Devel. Corp., 04-cv-07279*
*World Trade Center Properties LLC v. Al Baraka Investment & Devel. Corp., 04-cv-07280*

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DUBAI ISLAMIC BANK'S MOTION FOR CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. §1292(B)

# <u>TABLE OF CONTENTS</u>

**Page**

I.   BRIEF PROCEDURAL HISTORY ........................................................................2

II.  DIB'S MOTION SHOULD BE DENIED BECAUSE IT WAS NOT
     PROMPTLY AND PROPERLY FILED................................................................4

III. THIS CASE DOES NOT WARRANT CERTIFICATION FOR APPEAL
     PURSUANT TO 28 U.S.C. §1292(b).................................................................6

   A.   The Motion To Dismiss Does Not Involve  A Controlling Question of Law....................8

   B.   This Reivew DIB Seeks Does Not Involve A Question For Which There Is
        "Substantial Ground for a Difference of Opinion" ..........................................12

   C.   An Immediate Appeal Would Not Materially Advance The Ultimate
        Termination of the Litigation.........................................................................13

   D.   DIB Has Not Presented "Exceptional Circumstances".....................................16

IV.  CONCLUSION..............................................................................................18

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Ahrenholz v. Board of Trustees,
219 F.3d 674 (7th Cir. 2000) ...................................................................7

Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas,
426 F. Supp. 2d 125 (S.D.N.Y. 2005)......................................................12

Aspen Ford v. Ford Motor Co.,
No. CV-01-4677, 2008 U.S. Dist. LEXIS 3163 (E.D.N.Y. Jan. 15, 2008) ...........................13

Babbitt v. Sweet Home Chapter of Communities for a Great Oregon,
515 U.S. 687, 115 S. Ct. 2407, 132 L. Ed. 2d 597 (1995)......................10

Buckley v. Fitzsimmons,
919 F.2d 1230 (7th Cir. 1990) ................................................................18

Bush v. Adams,
629 F. Supp. 2d 468 (E.D. Pa. 2009) ......................................................14

California Pub. Employees' Ret. Sys. v. Worldcom, Inc.,
368 F.3d 86 (2d Cir. 2004)........................................................................8

Consub Delaware, LLC v. Schahin Engenharia Limitada,
476 F. Supp. 2d 305 (S.D.N.Y. 2007).....................................................7, 8

Coopers & Lybrand v. Livesay,
437 U.S. 463 (1978).................................................................................7, 16

Devaney v. Chester,
813 F.2d 566 (2d Cir. 1987).....................................................................16

Ferraro v. Secretary of United States HHS,
780 F. Supp. 978 (E.D.N.Y. 1992) ..........................................................4, 5

Garg v. Winterthur Life,
573 F. Supp. 2d 763 (E.D.N.Y. 2008) .....................................................10

Genentech, Inc. v. Novo Nordisk A/S,
907 F. Supp. 97 (S.D.N.Y. 1995) ............................................................13

German v. Federal Home Loan Mortgage Corp.,
896 F. Supp. 1385 (S.D.N.Y. 1995).........................................................7

Goldberg v. UBS AG,
    690 F. Supp. 2d 92 (E.D.N.Y. 2010) ......................................................................8

Gottesman v. General Motors Corp.,
    268 F.2d 194 (2d Cir. 1959)...............................................................................8

Green v. City of New York,
    No. 05-CV-0429, 2006 U.S. Dist. LEXIS 77074 (E.D.N.Y. Oct. 23, 2006)...........................5

Gulino v. Board of Education,
    234 F. Supp. 2d 324 (S.D.N.Y. 2002).....................................................................16

Harriscom Svenska AB v. Harris Corp.,
    947 F.2d 627 (2d Cir. 1991)................................................................................15

Hemi Group, LLC v. City of New York, N.Y.,
    U.S. , 130 S.Ct. 983, 175 L. Ed. 2d 943 (Jan. 25, 2010).....................................................10

In re Adelphia Communications Corp.,
    2008 U.S. Dist. LEXIS 11304 (S.D.N.Y. Feb. 7, 2008)......................................................7

In re Ambac Fin. Group,
    693 F. Supp. 2d 241 (S.D.N.Y. 2010).....................................................................6

In re Currency Conversion Fee Antitrust Litig.,
    MDL No. 1409, M 21-95, 2005 U.S. Dist. LEXIS 16130 (S.D.N.Y. Aug. 9, 2005) ..............15

In re Enron Corp.,
    No. 01-16034, 2007 U.S. Dist. LEXIS 70731 (S.D.N.Y. Sept. 24, 2007)..............................12

In re Enron Corp.,
    No. 01-16034, 2008 U.S. Dist. LEXIS 7340 (S.D.N.Y. Jan. 25, 2008) ...................................9

In re Enron Creditors Recovery Corp.,
    No. 01-16034, 2009 U.S. Dist. LEXIS 98611 (S.D.N.Y. Oct. 16, 2009)................................12

In re Flor,
    79 F.3d 281 (2d Cir. 1996).........................................................................12, 13, 16

In re Levine,
    2004 U.S. Dist. LEXIS 6025 (S.D.N.Y. Apr. 9, 2004)..........................................................7

In re Lloyd's American Trust Fund Litigation,
    No. 96-CV-1262, 1997 U.S. Dist. LEXIS 11937 (S.D.N.Y. Aug. 12, 1997)....................8, 12

In re Miva, Inc.,
    511 F. Supp. 2d 1242 (M.D. Fla. 2007) ...................................................................14

In re MTBE Prods. Liab. Litig.,
    No. 1:00-1898 MDL 1358, 2008 U.S. Dist. LEXIS 47222 (S.D.N.Y. June 18, 2008) ..........11

In re Oxford Health Plans, Inc.,
    182 F.R.D. 51 (S.D.N.Y. 1998) ................................................................................14

In re Semgroup Energy Partners, L.P., Secs. Litig.,
    No. 08-MD-1989-GKF-FHM, 2010 U.S. Dist. LEXIS 77328
    (N.D. Okla. July 30, 2010) ......................................................................................14

In re South African Apartheid Litig.,
    624 F. Supp. 2d 336 (S.D.N.Y. 2009) ....................................................................17

In re Terrorist Attacks of September 11, 2001,
    No. 03 MDL 1570, 2010 U.S. Dist. LEXIS 69371 (S.D.N.Y. June 16, 2010)...............3, 4, 11

In re World Trade Ctr. Disaster Site Litig.,
    469 F. Supp. 2d 134 (S.D.N.Y. 2007)....................................................................16

Kelly v. Lee's Old Fashioned Hamburgers, Inc.,
    908 F.2d 1218 (5th Cir. 1990) ...............................................................................15

Klinghoffer v. S.N.C. Achille Lauro,
    921 F.2d 21 (2d Cir. 1990)..........................................................................7, 8, 12, 16

Koehler v. Bank of Bermuda,
    101 F.3d 863 (2d Cir. 1996)...........................................................................9, 10, 15

Kogut v. County of Nassau,
    No. 06-CV-6695, 2010 U.S. Dist. LEXIS 21668 (E.D.N.Y. Mar. 8, 2010).............................5

Laborers Local 17 Health & Benefit Fund v. Philip Morris. Inc.,
    191 F.3d 229 (2d Cir. 1999)...................................................................................11

Luckenbach S.S. Co. v. H. Muehlstein & Co.,
    280 F.2d 755 (2d Cir. 1960)...................................................................................18

Manning v. Utils. Mut. Ins. Co.,
    254 F.3d 387 (2d Cir. 2001)...................................................................................15

Mastafa v. Australian Wheat Bd. Ltd.,
    No. 07 Civ. 7955, 2008 U.S. Dist. LEXIS 73305 (S.D.N.Y. Sept. 25, 2008) ........................16

Morris v. Flaig,
    511 F. Supp. 2d 282 (E.D.N.Y. 2007) ...............................................................8, 13

National Asbestos Workers Med. Fund v. Philip Morris, Inc.,
    71 F. Supp. 2d 139 (E.D.N.Y. 1999) .....................................................................16

North Fork Bank v. Abelson,
   207 B.R. 382 (E.D.N.Y. 1997) ...........................................................................12

Perez v. Time Moving & Storage, Inc.,
   No. 08 Civ. 2775, 2009 U.S. Dist. LEXIS 17065 (S.D.N.Y. Jan. 15, 2009)...........................16

Rein v. Socialist People's Libyan Arab Jamahiriya,
   162 F.3d 748 (2d Cir. 1998)...............................................................................8

Richardson Elec. v. Panache Broadcasting,
   202 F.3d 957 (7th Cir. 2000) ..............................................................................5

S.W.B. New Eng., Inc. v. R.A.B. Food Group, LLC,
   No. 06 Civ. 15357, 2008 U.S. Dist. LEXIS 14892 (S.D.N.Y. Feb. 27, 2008) .......................16

Santiago v. Pinello,
   647 F. Supp. 2d 239 (E.D.N.Y. 2009) ..................................................................7

SEC v. First Jersey Secur., Inc.,
   587 F. Supp. 535 (S.D.N.Y. 1984) .......................................................................8

Telectronics Proprietary, Ltd. v. Medtronic, Inc.,
   690 F. Supp. 170 (S.D.N.Y. 1987) .......................................................................6

United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.,
   668 F. Supp. 2d 780 (E.D. La. 2009).....................................................................15

United States v. Layton,
   645 F.2d 681 (9th Cir. 1981) ..............................................................................9

United States v. Levy,
   947 F.2d 1032 (2d Cir. 1991)...............................................................................8

Van Cauwenberghe v. Biard,
   486 U.S. 517 (1988).........................................................................................8

Weir v. Propst,
   915 F.2d 283 (7th Cir. 1990) ..............................................................................5

Williston v. Eggleston,
   410 F. Supp. 2d 274 (S.D.N.Y. 2006)..........................................................6, 7, 13

**STATUTES**

28 U.S.C. § 1292(b) ................................................................................ passim

**OTHER AUTHORITIES**

19 James Wm. Moore, et al., Moore's Federal Practice, § 203.31[1], at 203-86-87 (ed. 1999) ....................................................................................................................................7

Fed. R. Civ. P. 15(a) ....................................................................................................................15

Fed. R. Civ. P. 54(b) ..............................................................................................................17, 18

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (GBD)<br>ECF Case |

*This document relates to:*

*Burnett v. Arab Bank, PLC, 03-cv-9849*
*Federal Insurance Co. v. Al Qaida, 03-cv-6978*
*O'Neill v. Al Baraka Investment & Devel. Corp., 04-cv-01923*
*Continental Casualty Co. v. Al Qaeda, 04-cv-05970*
*New York Marine & Gen. Ins. Co. v. Al Qaida, 04-cv-06105*
*Cantor Fitzgerald & Co. v. Akida Bank Private Limited, 04-cv-07065*
*Euro Brokers Inc. v. Al Baraka Investment & Devel. Corp., 04-cv-07279*
*World Trade Center Properties LLC v. Al Baraka Investment & Devel. Corp., 04-cv-07280*

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DUBAI ISLAMIC BANK'S MOTION FOR CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. §1292(B)**

Two months after this Court's decision denying its Rule 12 Motion to Dismiss, Dubai Islamic Bank ("DIB") filed an untimely motion seeking the extraordinary remedy of an interlocutory appeal of this Court's ruling. Such relief is strenuously disfavored in Federal practice, and the actual standards for its availability are far more stringent than DIB describes in its rather cursory legal analysis. Because an interlocutory appeal of the Court's fact specific ruling at this premature stage would neither involve a pure question of law (let alone a controlling one) for which there is substantial ground for difference of opinion, nor materially advance the ultimate termination of this litigation as a whole, DIB fails to satisfy a single one of the three absolute prerequisites for certification pursuant to 28 U.S.C. § 1292(b). Moreover, DIB's motion is procedurally improper, in that it is: (1) untimely; (2) was filed without leave of Court in violation of this Court's June 26, 2007 Minute Order; and (3) contravenes the terms of

the Stipulation DIB entered into with plaintiffs following denial of its motion to dismiss.

Accordingly, DIB's motions should be summarily denied.

## I.      BRIEF PROCEDURAL HISTORY

Following a stipulation between the parties entered on March 16, 2005 (Dkt. Entry No.

738), Plaintiffs filed their particularized RICO Statements against DIB on April 29 and May 2,

2005 (Dkt. Entry Nos. 854, 856-60 and 871), and on May 27, 2005, DIB filed its motion to

dismiss (Dkt. Entry Nos. 955-58), seeking dismissal under Rule 12 for lack of personal

jurisdiction and failure to state a claim.  DIB's filing included an affidavit from a Bank official

attesting to his beliefs regarding the Bank's activities within and contacts with the United States.

Plaintiffs responded on July 26, 2005 through a consolidated memorandum of law in opposition

to the motion to dismiss, along with an affirmation transmitting for the Court's review several

extrinsic documents relevant to DIB's material sponsorship of al Qaeda..  On August 25, 2005,

DIB filed a reply memorandum of law.  Dkt. Entry No. 1150.

In all, the Court's evaluation of the DIB motion to dismiss involved hundreds of pages of

pleadings, as well as extrinsic evidence submitted with regard to the jurisdictional

dispute.  Because of DIB's interrelations with other defendants, the record relevant to resolution

of DIB's motion to dismiss also included the allegations and extrinsic evidence submitted

relative to a number of other parties, which spanned hundreds, if not thousands, of additional

pages.

Based on its review of this vast record, this Court entered its decision denying DIB's

motion to dismiss on June 17, 2010.  This decision was based on the Court's analysis of the

complete factual record in accordance with the standards elucidated by the Second Circuit in its

2008 decision in this very litigation.  In applying those standards to the voluminous factual

record, this Court specifically noted the evidence and facts offered by plaintiffs concerning the

United States government's 1999 confirmation that DIB was laundering money for Osama bin

Laden; plaintiffs' evidence that Osama bin Laden had a financial relationship with DIB, which was arranged with the approval of the officials who control the bank; plaintiffs' allegations and evidence regarding a 1999 meeting between United States officials and United Arab Emirates officials to put a halt to this relationship by demanding the government end its purported lax supervision of the bank; and allegations that DIB continued to knowingly provide financial and other forms of material aid to Osama bin Laden and al Qaeda, disregarding the warnings and refusing to adhere to even minimal banking industry standards designed to thwart the support of terrorist networks.   In re Terrorist Attacks of September 11, 2001, No. 03 MDL 1570, 2010 U.S. Dist. LEXIS 69371 at *132-33 (S.D.N.Y. June 16, 2010).

  The Court further noted allegations that DIB itself provided direct financial services and support for the attacks against the United States on 9/11, including that the bank account of Osama bin Laden's Chief Financial Officer was the source of thousands of dollars of money transfers from DIB to two of the hijackers and that such fund transfers were used to pay for the hijackers' training, including flight lessons, and other expenses incurred in preparing for the 9/11 terrorist attacks. Id. at *133-34.  Accordingly, the Court found specific jurisdiction to lie here:

> [T]he allegations indicate that DIB was an intentional, knowing and direct participant in providing money laundering services to al Qaeda, which allowed for direct funding of terrorist attacks. The terrorist-related effects, of DIB's claimed misconduct, were of such significant alarm and concern as to spur the United States government into action to end the banking services it believed DIB was performing for Osama bin Laden and al Qaeda. Despite the bank's purported knowledge that the material support it was allegedly providing to al Qaeda posed a threat to United States' interests, DIB allegedly continued to provide banking and other financial services directly to Osama bin Laden and al Qaeda, in violation of accepted international banking standards adopted to prevent the illicit movement of funds to terrorists. By allegedly doing so, DIB became directly involved in helping to fund the execution of the terrorist attacks of 9/11, carrying out financial services and transactions to aid the hijackers in preparing for those attacks. Thus, DIB's alleged activities go far beyond simply

> providing support to an organization openly hostile to the United
> States. It can be reasonably inferred, from the allegations pled, that
> DIB personally and intentionally provided material support to al
> Qaeda in aid of al Qaeda's plan to commit an aggressive terrorist
> strike against the United States, with knowledge that the United
> States and its residents would likely bear the brunt of the resulting
> injuries. Since plaintiffs' claimed injuries are related to DIB's
> alleged tortious conduct, the requirements for the exercising of
> specific jurisdiction are satisfied.

Id. at *135-36. In addition, the Court denied most of DIB's motion to the extent it claimed the Complaints raised claims upon which relief could not be granted, including making a specific finding that proximate cause had been properly alleged by Plaintiffs. Id. at *141-52. Significantly, this Court did not express any confusion regarding the legal standards governing resolution of the many motions to dismiss addresses in its decision, and did not certify any aspect of its decision as appropriate for interlocutory appeal.

Following denial of its motion to dismiss, DIB's then counsel requested a lengthy extension of time to answer plaintiffs' complaints, to allow counsel sufficient time to meet with DIB officials and gather information relevant in responding to the allegations presented in plaintiffs' complaints.  Plaintiffs acceded to DIB's request, and the parties entered into a Stipulation, later endorsed by the Court, extending the time for DIB to answer the complaints.

Thereafter, two months after the Court issued its decision denying DIB's motion to dismiss, DIB filed its motion seeking certification for interlocutory appeal pursuant to 1292(b).

## II.    DIB'S MOTION SHOULD BE DENIED BECAUSE IT WAS NOT PROMPTLY AND PROPERLY FILED

As a preliminary matter, DIB's two month delay in filing its motion bars it from obtaining the relief it seeks.  In Ferraro v. Secretary of United States HHS, 780 F. Supp. 978 (E.D.N.Y. 1992), the Court denied a motion seeking certification pursuant to 1292(b) because the movant had waited "nearly two and a half months" before seeking such relief.  Id. at 979. Such behavior, explained the Court, strongly suggested that the movant did not in fact require

4

such extraordinary and urgent relief. "There was no justification for plaintiff's delay in requesting certification. Moreover, plaintiff's two and a half month delay is an indication that the saving of time is of little concern in this case." Id.

Other courts have similarly found that two months' delay is the threshold that renders a motion for certification pursuant to 1292(b) untimely. See Kogut v. County of Nassau, No. 06-CV-6695, 2010 U.S. Dist. LEXIS 21668 at * 2-4 (E.D.N.Y. Mar. 8, 2010) (less than two months' delay before seeking interlocutory review deemed "likely untimely"); Green v. City of New York, No. 05-CV-0429, 2006 U.S. Dist. LEXIS 77074 at *4-6 (E.D.N.Y. Oct. 23, 2006) (two-and-a-half month delay before seeking interlocutory review had "no justification" and was therefore untimely); Richardson Elec. v. Panache Broadcasting, 202 F.3d 957, 958 (7th Cir. 2000) ("A district judge should not grant an inexcusably dilatory [1292(b) certification] request [relating to a two month delay]."); Weir v. Propst, 915 F.2d 283, 287 (7th Cir. 1990) ("The delay here was as gratuitous as it was protracted").

The motion further fails procedurally because DIB failed to seek or obtain leave of court before filing it. At the status conference held on June 26, 2007, the Court instructed the parties to seek leave of Court before filing any new motion in this multi-district litigation proceeding. As the docket reflects, "The parties are not to file new motions without submitting a letter to the Court 30 days prior to the expected filing date." See Dkt Minute Entry of June 26, 2007. Having not sought leave of Court to file its motion in advance, nor sought the opinion or consent of opposing counsel as required, DIB is foreclosed from obtaining this relief now.

Finally, DIB's motion violates the terms and understanding of the Stipulation which it entered with Plaintiffs on July 16, 2010 and ordered by the Court on July 21, 2010. Under the terms of the Stipulation, Plaintiffs agreed to extend significantly the time required for DIB to file its answer to Plaintiffs' complaints, with the understanding that it would be an answer that DIB

5

would be filing, and DIB agreed to do so by September 7, 2010.  See Dkt. Entry No. 2261.  By

agreeing in the Stipulation to file an "answer" – and not, generically, *any* subsequent responsive

pleading – DIB forfeited the right to file the instant motion and seek this exceptional relief.  Its

answer remains due on September 7, 2010, and for this reason as well its motion must be denied.

## III.    THIS CASE DOES NOT WARRANT CERTIFICATION FOR APPEAL PURSUANT TO 28 U.S.C. §1292(B)

28 U.S.C. §1292(b), which governs the extraordinary relief DIB seeks in its motion,

states as follows:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there
> is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state in writing in
> such order. The Court of Appeals which would have jurisdiction of
> an appeal of such action may thereupon, in its discretion, permit an
> appeal to be taken from such order, if application is made to it
> within ten days after the entry of the order: *Provided, however,*
> That application for an appeal hereunder shall not stay proceedings
> in the district court unless the district judge or the Court of Appeals
> or a judge thereof shall so order.

Certification for interlocutory appeal pursuant to 1292(b) is "strongly disfavored in

federal practice."  In re Ambac Fin. Group, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010).  Indeed,

"[c]ourts in the Second Circuit and elsewhere have noted that certification is appropriate only in

'exceptional cases.'"  Williston v. Eggleston, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006) (quoting

Telectronics Proprietary, Ltd. v. Medtronic, Inc., 690 F. Supp. 170, 172 (S.D.N.Y. 1987)).  It is

not intended "as a vehicle to provide early review of difficult rulings in hard cases."  Id.

Consistent with the foregoing policies, the rule is strictly construed and the party seeking

certification must establish that the order appealed from (1) "involves a controlling question of

law," (2) as to which there is a "substantial ground for difference of opinion," and (3) "that an

immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C.

§ 1292(b); Consub Delaware, LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 310 (S.D.N.Y. 2007).  Each of these elements is an absolute prerequisite to certification pursuant to 1292(b).  "The criteria are conjunctive, not disjunctive. 'The federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.'" Williston, 410 F. Supp. 2d at 276-277 (quoting Ahrenholz v. Board of Trustees, 219 F.3d 674, 676 (7th Cir. 2000)).   As Moore's Federal Practice further confirms, "In practice the courts treat the statutory criteria as a unitary requirement, and the decisions granting and discussing interlocutory appeals under 28 U.S.C. § 1292(b) uniformly cite all three of the elements as being present in any particular case."  19 James Wm. Moore, et al., Moore's Federal Practice, § 203.31[1], at 203-86-87 (ed. 1999)

In addition to the three statutory elements set forth above, the party seeking certification of an interlocutory appeal has the burden of showing the presence of exceptional circumstances. Coopers & Lybrand v. Livesay, 437 U.S. 463, 474-75 (1978).  "Only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. at 475).  Not only are such appeals strongly disfavored, but "movants cannot invoke the appellate process 'as a vehicle to provide early review of difficult rulings in hard cases.'" In re Levine, 2004 U.S. Dist. LEXIS 6025 at *2 (S.D.N.Y. Apr. 9, 2004), quoting German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995); see also In re Adelphia Communications Corp., 2008 U.S. Dist. LEXIS 11304 at *1 (S.D.N.Y. Feb. 7, 2008); Santiago v. Pinello, 647 F. Supp. 2d 239, 243 (E.D.N.Y. 2009) (noting that "[t]he Second Circuit has urge[d] the district courts to exercise great care in making a § 1292(b) certification because § 1292(b) is a 'rare exception to the final judgment rule that generally prohibits piecemeal appeals.'")

As this memorandum of law will make clear, Dubai Islamic Bank's motion meets not one of the three required factors, let alone all three, and the denial of its Rule 12 motion does not present exceptional circumstances.

### A.     The Motion To Dismiss Does Not Involve  A Controlling Question of Law

Intensely fact-based questions such as findings on personal jurisdiction and proximate cause are the exact opposite of what constitutes a "controlling question of law" suitable for interlocutory appeal.  For a question of law to be "controlling," it means that "reversal of the district court's order would terminate the action," <u>Klinghoffer</u>, 921 F.2d at 24, or at a minimum "materially affect the litigation's outcome." <u>Consub Delaware LLC</u>, 476 F. Supp. 2d at 309.

And to concern a question "of law," the issue for certification must "refer to a 'pure' question of  law that the reviewing court 'could decide quickly and cleanly without having to study the record.." <u>Goldberg v. UBS AG</u>, 690 F. Supp. 2d 92, 111 (E.D.N.Y. 2010) (quoting <u>Morris v. Flaig</u>, 511 F. Supp. 2d 282, 315 (E.D.N.Y. 2007)).  "A mixed question of law and fact, not a controlling issue of pure law," is not appropriate for certification.  <u>SEC v. First Jersey Secur., Inc.</u>, 587 F. Supp. 535, 536 (S.D.N.Y. 1984).  "By its plain terms, Section 1292(b) may only be used to challenge legal determinations." <u>California Pub. Employees' Ret. Sys. v. Worldcom, Inc.</u>, 368 F.3d 86, 96 (2d Cir. 2004)

As a general matter, therefore, "rulings on the sufficiency of pleadings are not appropriate for interlocutory review." <u>In re Lloyd's American Trust Fund Litigation</u>, No. 96-CV-1262, 1997 U.S. Dist. LEXIS 11937, at *11 (S.D.N.Y. Aug. 12, 1997) (citing <u>Gottesman v. General Motors Corp.</u>, 268 F.2d 194, 196 (2d Cir. 1959)).  In particular, as the Second Circuit has plainly stated, "Denials of motions to dismiss for jurisdictional reasons cannot ordinarily be the subject of interlocutory appeals" because the "denial is entirely reviewable on appeal from final judgment."  <u>Rein v. Socialist People's Libyan Arab Jamahiriya</u>, 162 F.3d 748, 756 (2d Cir. 1998) (citing <u>Van Cauwenberghe v. Biard</u>, 486 U.S. 517, 527 (1988); <u>United States v. Levy</u>, 947

F.2d 1032, 1034 (2d Cir. 1991); and United States v. Layton, 645 F.2d 681, 683 (9th Cir. 1981));

see also In re Enron Corp., No. 01-16034, 2008 U.S. Dist. LEXIS 7340, at *18, n.5 (S.D.N.Y.

Jan. 25, 2008).

Indeed, as the Second Circuit has made clear, mixed questions of law and fact such as

presented by Dubai Islamic Bank regarding personal jurisdiction and proximate cause create

precisely the sort of issue it does not wish to handle through this avenue.  In Koehler v. Bank of

Bermuda, 101 F.3d 863 (2d Cir. 1996), the defendant Bank lost its motion to dismiss based on

lack of personal jurisdiction in an execution action, but succeeded in convincing the district court

to certify its ruling pursuant to §1292(b).   The Second Circuit reversed and declined to hear the

interlocutory appeal, finding such relief premature, and explained from the start its disdain for

such a maneuver:

> This appeal from an interlocutory order is before us because a
> district court certified it under 28 U.S.C. § 1292(b) and a motions
> panel of this Court granted leave to appeal. What seemed at first
> like a good idea turns out, on further reflection, not to meet the
> criteria for certification because allowing the appeal will not
> materially advance the ultimate termination of the underlying
> litigation. In fact, quite the opposite.

Id. at 863.  As the Court explained, the plaintiff had met its initial burden of

demonstrating a *prima facie* case for personal jurisdiction, "based upon allegations of the parties

and affidavits filed in support of their arguments," and the Second Circuit would not revisit that

question because it did not present a controlling question of law.  The Court observed that

"[e]ven if we affirm the district court, that court will still need to determine whether [the

plaintiff] can meet his ultimate burden of showing personal jurisdiction over [the defendant] by a

preponderance of the evidence at a later stage of the trial proceedings." Id. at 866. The Second

Circuit determined that "certification of the personal jurisdiction question at this initial stage of

the proceeding in the absence of discovery and a district court hearing to determine the

jurisdictional question by a preponderance of the evidence was improvidently granted." <u>Id</u>. at 867.  The Court added, "Moreover, since the exercise of personal jurisdiction over a foreign parent corporation through a resident subsidiary is a question of law which turns on a thorough examination of the facts defining the relationship between the two corporations, we are reluctant to rely on what may turn out to be an incomplete record to clarify legal doctrine for the district court's guidance." <u>Id.</u> at 866.

Similarly, in <u>Garg v. Winterthur Life</u>, 573 F. Supp. 2d 763 (E.D.N.Y. 2008), a district court relying extensively on <u>Koehler</u> denied a motion for §1292(b) certification of its order denying defendant's motion to dismiss based upon personal jurisdiction – again, as in <u>Koehler</u> and the instant case, based the claims of a foreign corporation that it lacked sufficient contacts for jurisdiction.  As the district court concluded, the jurisdictional question "could well disappear in light of a complete and final record," and therefore:

> Having found that the plaintiff made a prima facie showing of personal jurisdiction sufficient to survive a motion to dismiss, the plaintiff is entitled to discovery before the Court decides the ultimate jurisdictional question. Accordingly, the defendant's motion to certify the jurisdictional question for interlocutory appeal is denied.

<u>Id.</u> at 769.  The proximate cause inquiry, as well, presents neither a controlling question nor one purely of law.  As DIB's memorandum of law makes plain at pages 11-14, any review of proximate cause is an intensely fact-based question.  As this Court noted in ruling on the motion to dismiss:

> The issue of proximate cause is generally a factual one, resolution of which is best suited for the trier of fact. "Proximate causation is not a concept susceptible of precise definition" as it "depends to a great extent on considerations of fairness of imposing liability for remote consequences." <u>Babbitt v. Sweet Home Chapter of Communities for a Great Oregon</u>, 515 U.S. 687, 717, 115 S. Ct. 2407, 132 L. Ed. 2d 597 (O'Connor, concurring). "The concepts of direct relationship and foreseeability are . . . two of the many shapes proximate cause took at common law[.] " <u>Hemi Group,</u>

> LLC v. City of New York, N.Y., ___ U.S. ___, 130 S.Ct. 983, 991,
> 175 L. Ed. 2d 943 (Jan. 25, 2010) (internal quotation marks and
> brackets omitted). Thus, traditional tort causation requires a
> sufficient showing that the alleged wrongdoing was a substantial
> factor in leading to the injury, that the injury was directly related to
> the wrongdoing, and the injury was reasonably foreseeable. See,
> Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.,
> 191 F.3d 229, 235-36 (2d Cir. 1999).

In re Terrorist Attacks on Sept. 11, 2001, 2010 U.S. Dist. LEXIS 69371 at *144. Based

on its analysis of the facts in the context of international terrorism financing, this court

reasonably concluded that proximate cause had been shown:

> Given the purported warnings by the United States government of
> the dangers posed by the perceived banking misconduct of DIB, it
> was reasonably foreseeable that DIB's alleged continuation of its
> performance of extraordinary banking services for al Qaeda would
> result in the injuries suffered from terror attacks launched against
> the United States by al Qaeda. Such direct and specific banking
> services allegedly included the transfers of money to two of the
> hijackers; which monies are claimed to have been used specifically
> to prepare for the 9/11 attacks. Thus, an articulable nexus exists
> between the wire transfer services allegedly provided by DIB to al
> Qaeda and the specific terrorist attacks that give rise to plaintiffs'
> claims against DIB. Since DIB's alleged wrongdoing is directly
> related to the injuries sustained in the terror attacks of September
> 11th, the plaintiffs have made a sufficient showing of causation for
> pleading purposes.

Id. at *146-47. Indeed, in other MDL contexts within the Southern District of New York,

it has already been held to be an improper use of the interlocutory certification process to

challenge a proximate cause standard developed in a specific factual terrain. In re MTBE Prods.

Liab. Litig., No. 1:00-1898 MDL 1358, 2008 U.S. Dist. LEXIS 47222, at *8-9 (S.D.N.Y. June

18, 2008). In sum, neither of the issues for which DIB seeks premature appeal are purely legal

ones, and neither presents a "controlling" issue because, as demonstrated in Part C, it would not

lead to this litigation's termination as to this or any other defendant.

**B.     This Reivew DIB Seeks Does Not Involve A Question For Which There Is "Substantial Ground for a Difference of Opinion"**

The second requirement for a grant of the relief DIB seeks is that the question to be reviewed is one on which there is "substantial ground for a difference of opinion."  However, a "mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." <u>Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas</u>, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005).  To prove such substantial ground, it is not even sufficient to merely allege that the relevant cases "are less than clear or not in accord" on the issue at hand. <u>North Fork Bank v. Abelson</u>, 207 B.R. 382, 390 (E.D.N.Y. 1997).  Instead, "it is the duty of the district judge … to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." <u>In re Flor</u>, 79 F.3d 281, 284 (2d Cir. 1996); <u>In re Enron Corp.</u>, No. 01-16034, 2007 U.S. Dist. LEXIS 70731, at *6-7 (S.D.N.Y. Sept. 24, 2007) (collecting cases).

To meet this requirement DIB must demonstrate that "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." <u>In re Lloyd's</u>, 1997 U.S. Dist. LEXIS 11937, at *13 (citing <u>Klinghoffer</u>, 921 F.2d at 25).  This standard can be met, for example, if a decision "appears to run contrary to 20 years of decisions from at least five circuit courts of appeal." <u>In re Enron Creditors Recovery Corp.</u>, No. 01-16034, 2009 U.S. Dist. LEXIS 98611, at *35-36 (S.D.N.Y. Oct. 16, 2009).  Such is not the case here.

Obviously, this is not a case of first impression for the Second Circuit.  This Court's rulings as to personal jurisdiction and proximate cause were based upon the Second Circuit's own ruling in this MDL, and neither this Court nor the Second Circuit regarded this as a case of first impression nor one concerning an ambiguous area of the law.  Indeed, both Courts cited to specific precedent which each believed controlled the outcome here.  Accordingly, as to this requirement DIB (as it must) simply restated its arguments presented in its motion to dismiss and

offered its faint hope that, perhaps, "another court may reasonably conclude" differently and advance an even more stringent understanding of the requirements for personal jurisdiction and proximate cause at the pleadings stage. DIB Mem. Law at 11 and 12. This showing is not sufficient under the law. "The mere presence of a disputed issue," even if it were a question of first impression (which this is not), "standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d at 284.

To be clear, Plaintiffs too take issue with certain aspects of this Court's rulings as to personal jurisdiction. Plaintiffs recognize, however, that the proper time for such questioning as to whether precedent was correctly applied is after the entry of final judgment as to a particular defendant. The standards for interlocutory appeal simply have not been met. As one recent New York decision concluded, "Here, the parties disagree as to the interpretation of persuasive authority … and plaintiffs argue that the court's decision … and distinction made between this case and [other precedent] was incorrect. Neither disagreement as to the interpretation of persuasive authority, nor a claim that a district court's decision is incorrect suffice to establish a substantial ground for a difference in opinion." Aspen Ford v. Ford Motor Co., No. CV-01-4677, 2008 U.S. Dist. LEXIS 3163, at *8 (E.D.N.Y. Jan. 15, 2008) (citing Williston, 410 F.Supp.2d at 277 and Morris v. Flaig, 511 F.Supp.2d at 318). The same is true here, and DIB has not met the legal requirements.

**C.    An Immediate Appeal Would Not Materially Advance The Ultimate Termination of the Litigation**

The third factor in determining whether interlocutory appeal is appropriate is whether granting such an appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This element requires that the appeal would "literally accelerate the action as a whole." Genentech, Inc. v. Novo Nordisk A/S, 907 F. Supp. 97, 100 (S.D.N.Y. 1995). Such an

appeal must "advance the time for trial or … shorten the time required for trial."  <u>In re Oxford</u>

<u>Health Plans, Inc.</u>, 182 F.R.D. 51, 53 (S.D.N.Y. 1998).

 As noted above, this factor cannot be met by DIB here.  A ruling in DIB's favor would

not materially advance the ultimate termination of the litigation for several key, and obvious

reasons.  First, of course, is that the litigation encompasses far more defendants than merely DIB.

This extraordinary litigation will continue as to those defendants regardless of what happens to

DIB, which has pointed to no way in which preemptive resolution of the issues raised in its

motion will hasten the end of this litigation as to them.  It will not.  But as the law requires and

DIB's memorandum of law ignores, Section 1292(b) certification requires that the litigation <u>as a</u>

<u>whole</u> be impacted, and not just in favor of the moving party.  <u>See, e.g.</u>, <u>Bush v. Adams</u>, 629 F.

Supp. 2d 468 (E.D. Pa. 2009):

> Even if the Court were to find a substantial ground for
> disagreement with the correctness of its dismissal orders,
> certification would still be inappropriate because the Court cannot
> find that an interlocutory appeal would materially advance the
> ultimate termination of the litigation. An interlocutory appeal of
> the dismissal orders might materially advance the termination of
> the plaintiffs' claims against Serene, Adams, and Russell, because
> an appeal of those orders would otherwise have to wait until the
> remaining claims against the other defendants are resolved**. An
> interlocutory appeal, however, would not materially advance
> the termination of the litigation as a whole because it would not
> hasten the termination of the claims against the remaining
> defendants.**

 <u>Id.</u> at 475 (emphasis added).  See, similarly, <u>In re Semgroup Energy Partners, L.P., Secs.</u>

<u>Litig.</u>, No. 08-MD-1989-GKF-FHM, 2010 U.S. Dist. LEXIS 77328, at *21 (N.D. Okla. July 30,

2010); <u>In re Miva, Inc.</u>, 511 F. Supp. 2d 1242, 1262 (M.D. Fla. 2007).  Moreover, this factor

requires the interlocutory appeal to enhance judicial efficiency:

> [A] district court must consider the institutional efficiency of the
> federal judiciary when considering an application for  Section
> 1292(b) certification. The efficiency of both the district court and

the appellate court should be considered. Balancing these efficiencies, the benefit to the district court of obviating needless trial time must outweigh the inefficiency to the Court of Appeals in hearing multiple appeals in the same case. See <u>Harriscom Svenska AB v. Harris Corp</u>., 947 F.2d 627, 631 (2d Cir. 1991) ("It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case.").

<u>In re Currency Conversion Fee Antitrust Litig.</u>, MDL No. 1409, M 21-95, 2005 U.S. Dist. LEXIS 16130, at *10-11 (S.D.N.Y. Aug. 9, 2005).  As one court has put it,

> It is true that every non-final order issued by a federal district court -- if reviewed by the court of appeals, reversed, and made subject to a mandate ordering the dismissal of the entire suit -- would materially advance the ultimate termination of the litigation.  This, however, does not entitle a litigant to interlocutory appeal of every non-final order. Here, defendants have done little more than suggest that, if the Fifth Circuit were to decide every issue in their favor, the case would be over. The Court cannot disagree with this statement. It also, however, cannot disagree with the statement that defendants' motion presents a substantial opportunity for "fragmented, piecemeal appeals" that complicate and delay litigation and are disfavored in federal courts.

<u>United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.</u>, 668 F. Supp. 2d 780, 815-816 (E.D. La. 2009) (citing <u>Kelly v. Lee's Old Fashioned Hamburgers, Inc.</u>, 908 F.2d 1218, 1225 (5th Cir. 1990)).

Second, an interlocutory appeal would not materially advance this litigation even as to DIB because of Plaintiffs' right to seek jurisdictional discovery as well as its right to replead. <u>See</u> discussion of <u>Koehler v. Bank of Bermuda</u>, 101 F.3d 863 (2d Cir. 1996) at pages 9-11, *supra*.  Moreover, under Fed. R. Civ. P. 15(a) as interpreted by this Circuit, leave to replead shall be freely given when justice so requires, and said interests of justice strongly favor the right to replead to add specificity to plaintiffs' allegations.  <u>Manning v. Utils. Mut. Ins. Co.</u>, 254 F.3d

387, 402 (2d Cir. 2001); <u>Devaney v. Chester</u>, 813 F.2d 566, 569 (2d Cir. 1987) (abuse of discretion not to allow leave to replead with greater particularity).  This is especially true in cases applying the standards of <u>Twombly</u> and <u>Iqbal</u> to complaints filed prior to those decisions being rendered. <u>See</u> <u>Perez v. Time Moving & Storage, Inc.</u>, No. 08 Civ. 2775, 2009 U.S. Dist. LEXIS 17065, at *2 (S.D.N.Y. Jan. 15, 2009); <u>Mastafa v. Australian Wheat Bd. Ltd.</u>, No. 07 Civ. 7955, 2008 U.S. Dist. LEXIS 73305, at *35 (S.D.N.Y. Sept. 25, 2008); <u>S.W.B. New Eng., Inc. v. R.A.B. Food Group, LLC</u>, No. 06 Civ. 15357, 2008 U.S. Dist. LEXIS 14892, at *23 (S.D.N.Y. Feb. 27, 2008).

### D.    **DIB Has Not Presented "Exceptional Circumstances"**

As noted above, in order for DIB to merit relief here it not only must manifest the three criteria contained in 28 U.S.C. §1292(b) but must also demonstrate that "exceptional circumstances" exist.  <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. at 474-75; <u>Klinghoffer</u>, 921 F.2d 25.  The Second Circuit has explained that this is an additional, necessary brake on the process: "As we have repeatedly cautioned, however, use of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." <u>In re Flor</u>, 79 F.3d at 284.

Given the need to identify such circumstances, "The district judge has 'unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met.'" <u>In re World Trade Ctr. Disaster Site Litig.</u>, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (quoting <u>Gulino v. Board of Education</u>, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002)).   Accordingly, "the legislative history, congressional design and case law indicate that district court judges retain unfettered discretion to deny certification of an order for interlocutory appeal even where the three legislative criteria of section 1292(b) appear to be met." <u>National Asbestos Workers Med. Fund v. Philip Morris, Inc.</u>, 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999)

In the recent case of <u>In re South African Apartheid Litig.</u>, 624 F. Supp. 2d 336 (S.D.N.Y. 2009), Judge Scheindlin noted as follows in denying interlocutory review:

> [I]t is important to note that these actions have been pending for seven years without any discovery and that most of the conduct at issue in this litigation occurred over 20 years ago. As memories fade and relevant actors pass away, discovery becomes more difficult and plaintiffs lose their chance for relief. In these extraordinary circumstances, I would exercise my discretion not to certify this appeal even if the statutory grounds were met.

<u>Id.</u> at 342.  Nowhere in its memorandum of law does DIB acknowledge that extraordinary circumstances must exist, nor does it make any argument that they do exist.  As with <u>In re South African Apartheid Litig.</u>, to the extent that other circumstances bear review they argue in favor of denying the motion, not granting it, as the need to pursue discovery during this litigation while key witnesses have already died (Khalid bin Mahfouz, Mohamed Jamal Khalifa) remains crucial. There is simply nothing extraordinary about having lost a motion to dismiss and having to face discovery as a result.

In sum, DIB's motion would not hasten closure to any aspect of this litigation.  It would needlessly involve the Second Circuit as to issues on which it has already rendered its opinion in this litigation, and without providing any benefit to this Court or to the defendants still before it in various stages of the pretrial process.  These litigation circumstances are not extraordinary in anyway.  DIB has not met its burden.[1]

---

[1]    This is distinguishable from the procedure for seeking entry of partial final judgment under Fed. R. Civ. P. 54(b).  As the Seventh Circuit has noted, the two procedures reflect entirely different stages of a case:

> When an issue is unresolved and interlocutory resolution could materially advance the termination of the litigation, § 1292(b) allows the district judge to certify the question. The court of appeals decides whether to entertain the appeal. Rule 54(b) serves a different function: carving out of a complex case individual claims that have been finally resolved.  Rule 54(b) allows a court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or

*(cont'd next page …)*

IV.      **CONCLUSION**

For all the aforementioned reasons, Dubai Islamic Bank's motion should be denied.

Dated; September 2, 2010                    Respectfully Submitted,

/s/_____
Ronald L. Motley
Jodi Westbrook Flowers
Michael Elsner
Robert T. Haefele
Vincent I. Parrett
rhaefele@motleyrice.com
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Tel:  (843) 216-9000

Stephen A. Cozen
Sean P. Carter
Adam C. Bonin
J. Scott Tarbutton
scarter@cozen.com

---

parties" but does not change the ordinary meaning of "final". So it does not authorize appeal of decisions that, if made in stand-alone litigation, would not be "final". Unless the court enters final judgment on an entire "claim", or wraps up the case with respect to all claims involving a particular party, Rule 54(b) does not permit an immediate appeal.

Buckley v. Fitzsimmons, 919 F.2d 1230, 1236-1237 (7th Cir. 1990) (internal cites omitted).  See also Luckenbach S.S. Co. v. H. Muehlstein & Co., 280 F.2d 755, 757 (2d Cir. 1960) ("Obviously the certification for an interlocutory appeal under 28 U.S.C. § 1292(b) is of a different tenor and serves a different purpose [than Rule 54(b)]; it affords a means of selecting certain interlocutory orders for immediate appeal and does not, as does the rule, define the elements of finality which is the normal basis for appellate action. The salutary limitations contained in the rule are not to be set at naught by accepting in substitution a quite different procedure aimed at a different end.")

COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel:  (215) 665-2000
Fax:   (215) 665-2013

Paul J. Hanly, Jr.
Jayne Conroy
Andrea Bierstein
abierstein@hanlyconroy.com
HANLY CONROY BIERSTEIN SHERIDAN FISHER
 & HAYES, LLP
112 Madison Avenue
New York, NY 10016
Tel:  (212) 784-6400
Fax:  (212) 213-5949

Jerry S. Goldman
jgoldman@andersonkill.com
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas, 42nd Floor
New York, N.Y. 10020-1182
Telephone:  (212) 278-1498
Fax:  (212) 278-1733

For the Plaintiffs' Executive Committees