UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| | ) |
| | ) |
| | ) |
| In re Terrorist Attacks on September 11, 2001 | ) 03 MDL 1570 (GBD) |
| | ) ECF Case |
| | ) |
| | ) |
| | ) |

This document relates to:
*Burnett v. Arab Bank, PLC, 03-cv-9849*
*Federal Insurance Co. v. Al Qaida, 03-cv-6978*
*O'Neill v. Al Baraka Investment & Devel. Corp., 04-cv-01923*
*Continental Casualty Co. v. Al Qaeda, 04-cv-05970*
*New York Marine & Gen. Ins. Co. v. Al Qaida, 04-cv-06105*
*Cantor Fitzgerald & Co. v. Akida Bank Private Limited, 04-cv-07065*
*Euro Brokers Inc. v. Al Baraka Investment & Devel. Corp., 04-cv-07279*
*World Trade Center Properties LLC v. Al Baraka Investment & Devel. Corp., 04-cv-07280*

**REPLY IN SUPPORT OF DUBAI ISLAMIC BANK'S
MOTION FOR CERTIFICATION OF APPEAL
PURSUANT TO 28 U.S.C. § 1292(B)**

Pursuant to 28 U.S.C. § 1292(b), Dubai Islamic Bank ("DIB") submits this reply in

support of its motion for certification of appeal (MDL Docket #2270) ("Motion for

Certification") from this Court's June 17, 2010 Order (MDL Docket #2252) ("Order") denying

DIB's Motion to Dismiss (MDL Docket #955) ("Motion to Dismiss").  The reasons for granting

leave to appeal are set forth below.

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................................................ii

I.      DIB'S APPEAL IS TIMELY AND PROPER.............................................................. 2

    A.      DIB's Motion For Certification Was Timely Filed With The Court............................ 2

    B.      DIB's Motion For Certification Was Properly Filed. ................................................... 4

    C.      The Stipulation Is Irrelevant To This Motion For Certification. ................................. 5

II.     THE ISSUES ON APPEAL MEET THE STANDARDS SET FORTH BY 28 U.S.C.
      § 1292(b) AND THE SECOND CIRCUIT...................................................................... 5

    A.      The Issues For Certification Present Controlling Questions Of Law. .......................... 5

    B.      There Exist Substantial Grounds For Difference Of Opinion. ..................................... 7

    C.      Reversal In Favor Of DIB Would Materially Advance The Litigation. ....................... 7

    D.      Exceptional Circumstances Warrant An Appeal. ......................................................... 9

CONCLUSION ................................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Ark. Blue Cross & Blue Shield v. Philip Morris, Inc.*, No. 98 C 2612, 1999 WL 592671 (N.D. Ill. Aug. 3, 1999) .................................................................................................................... 6

*Bates v. Dura*, No. 1:08-0029, 2009 WL 2356546 (M.D. Tenn. July 29, 2009) ........................... 3

*Bush v. Adams*, 629 F. Supp. 2d 468 (3d Cir. 2009) ...................................................................... 9

*Ferraro v. Secretary of U.S. Dep't of HHS*, 780 F. Supp. 978 (E.D.N.Y. 1992) ........................... 2

*Garg* v. *Winterthur Life*, 573 F. Supp. 2d 763 (E.D.N.Y 2008) ..................................................... 6

*Giddes v. Glens Falls*, No. 2:02-CV-282-FTM-29NF, 2003 WL 23486911 (M.D. Fla. Aug. 5, 2003) .......................................................................................................................................... 4

*Green v. City of N.Y.*, No. 05-CV-0429, 2006 U.S. Dist. LEXIS 77074 (E.D.N.Y. Oct. 23, 2006) ................................................................................................................................... 2, 3

*In re Lloyd's Am. Trust Fund Litig.*, No. 96-CV-1262, 1997 U.S. Dist. LEXIS 11937 (S.D.N.Y. Aug. 12, 1997) .......................................................................................................... 7, 10

*In re Miva, Inc.*, 511 F. Supp. 2d 1242 (M.D. Fla. 2007) .............................................................. 8

*In re MTBE Prods. Liab. Litig.*, No. 1:00-1898 MDL 1358, 2008 U.S. Dist. LEXIS 47222 (S.D.N.Y. June 18, 2008) .................................................................................................... 7

*In re Semgroup Energy Partners, L.P. Secs. Litig.*, 08-MD-1989, 2010 U.S. Dist. LEXIS 77328 (N.D. Okla. July 30, 2010) ................................................................................................... 8

*Indemnity Ins. Co. of N. Am. v. K-Line America, Inc.*, No. 06 Civ. 0615, 2007 WL 1732435 (S.D.N.Y. June 14, 2007) .................................................................................................... 9

*Johnston v. Multidata Sys. Intern. Corp.*, No. G-06-313, 2007 WL 3998804 (S.D. Tex. Nov. 14, 2007) ......................................................................................................................................... 10

*Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602 (5th Cir. 2008) ........................................... 6

*Kernan v. Kurz-Hastings*, 175 F.3d 236 (2d Cir. 1999) ................................................................ 6

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21 (2d Cir. 1990) ................................................. 6

*Koehler v. Bank of Bermuda*, 101 F.3d 863 (2d Cir. 1996) ....................................................... 5, 6

*Kogut v. County of Nassau*, No. 06-CV-6695, 2010 U.S. Dist. LEXIS 21668 (E.D.N.Y. Mar. 8, 2010) ........................................................................................................................................ 2

*Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229 (2d Cir. 1999) ... 6

*Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326 (2d Cir. 1972) ....................... 6

*Lopez v. Youngblood*, No. 1:07cv0474, 2009 WL 2062883 (E.D. Cal. July 15, 2009).................. 3

*Marriott Int'l Resorts v. United States*, 63 Fed. Cl. 144 (2004) ...................................... 3

*McGow v. McCurry*, 412 F.3d 1207 (11th Cir. 2005) .................................................. 6

*McLaurin v. United States*, No. 2:06 cv 169, 2008 WL 782487 (S.D. Miss. Mar. 24, 2008) ........ 3

*Milbert v. Bison Labs.*, 260 F.2d 431 (3d Cir. 1958).................................................. 10

*Republic of Colombia v. Diageo N. Am. Inc.*; 619 F.Supp.2d 7 (E.D.N.Y. 2007) ......................... 6

*Richardson Elec. v. Panache Broad.*, 202 F.3d 957 (7th Cir. 2000) ......................................... 2, 3

*Transp. Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347 (S.D.N.Y. 2005) ...................................................................................... 8

*Tuepker v. State Farm Fire & Cas. Co.*, NO. 1:05CV559, 2006 WL 2794773 (S.D. Miss. 2006) 8

*Vereda, LTDA v. United States*, 46 Fed Cl. 569 (2000)................................................. 4

*Weir v. Propst*, 915 F.2d 283 (7th Cir. 1990) ......................................................... 2, 3

**Statutes**

28 U.S.C. § 1292(b) ......................................................................................... passim

## INTRODUCTION

In its Memorandum in Support of its Motion for Certification, (MDL Docket #2271) ("Memorandum"), DIB explained why it should be permitted to immediately appeal the denial of its motion to dismiss on the issues of personal jurisdiction and proximate causation. As demonstrated in the Memorandum, these grounds are ones on which there are substantial grounds for difference of opinion. Plaintiffs only half-heartedly contest this point. Instead, Plaintiffs divert focus, contending that DIB's motion is procedurally defective and does not meet the requirements of § 1292(b). Opp'n to Mot. for Certification (MDL Docket #2279) ("Opposition"). Neither argument has any merit. Plaintiffs claim that DIB's motion was untimely because it was filed less than two months after this Court's order. Plaintiffs' own cases, however, note that longer delays only rendered motions for certification untimely where the delays had "no justification," were "inexcusable," or were "gratuitous." Opp'n at 5. That is plainly not the case here. Since the Court's issuance of its Order, DIB retained new counsel and new counsel promptly filed the Motion for Certification. Moreover, the delay has not adversely affected the conduct of these proceedings, as DIB seeks no stay and the litigation continues.

Plaintiffs also claim that "mixed questions of law and fact such as … personal jurisdiction and proximate cause" are not appropriate issues for appeal. Opp'n at 9. Plaintiffs are simply mistaken. Numerous courts—including the Second Circuit—have allowed interlocutory review of these issues. Indeed, such review is especially warranted in this case. This action involves 18 consolidated cases (8 of which name DIB as a defendant), thousands of plaintiffs and scores of defendants. It raises novel legal questions and daunting discovery issues that involve documents and witnesses across the world (including those in custody) and numerous domestic and foreign government officials. It further presents exceedingly complex

causation and damages issues.  If, however, DIB is permitted to appeal and is successful, the complexity of the issues would be significantly reduced.  Reduction of such inefficiencies and the attendant unfairness is precisely the reason that § 1292(b) appeals are permitted.  For these and the other reasons set forth, DIB respectfully requests that this Court grant the Motion.

## I.     DIB'S APPEAL IS TIMELY AND PROPER.

In an attempt to sidestep the merits of DIB's request for the certification of an appeal, Plaintiffs raise three procedural arguments.  None of these arguments have merit.

### A.     DIB's Motion For Certification Was Timely Filed With The Court.

DIB filed its Motion for Certification less than two months after this Court issued its Order.  Section 1292(b) does not specify the time in which a party must seek certification from the district court.  Nonetheless, Plaintiffs contend that "DIB's two month delay in filing its motion bars it from obtaining the relief it seeks."  Opp'n at 4.

The cases that Plaintiffs rely upon, however, do not impose any fixed timeframe for filing a request for certification. Instead, those cases—as the quotations in Plaintiffs' own brief indicate—only deny certification where delay was "gratuitous," "inexcusably dilatory," and with "no justification."  Opp'n at 5.  In fact, four of the cases relied upon by Plaintiffs expressly rely upon unjustifiable delays.[1]  Indeed, three of those cases involved attempts to use § 1292(b) to

---

[1]   *See Ferraro v. Secretary of U.S. Dep't of HHS*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (denying interlocutory review of denial of disability benefits because "there was no justification for plaintiff's delay in requesting certification"); *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) ("Neither the parties nor the district judge have presented any reason for the delay …; the delay as we have said was gratuitous."); *Green v. City of N.Y.*, No. 05-CV-0429, 2006 U.S. Dist. LEXIS 77074, at *6 (E.D.N.Y. Oct. 23, 2006) (defendants offered "no justification for … more than two-month delay in requesting certification"); *Richardson Elec. v. Panache Broad.*, 202 F.3d 957, 958 (7th Cir. 2000) (defendants' delay was "inexcusably dilatory" because "no excuse for the defendants' taking two months to appeal ha[d] been offered").  A fifth case cited by Plaintiffs denied certification on other grounds.  *See Kogut v. County of Nassau*, No. 06-CV-6695, 2010 U.S. Dist. LEXIS 21668, at *4, *6 (E.D.N.Y. Mar. 8, 2010) (basing denial of certification because defendants did not "demonstrate[e] the alleged misapplication … of the *Heck* standard" and based on "Defendants' repeated dilatory conduct").

circumvent time limits imposed by other procedural means of appeal.[2]

Here, however, DIB has not attempted to circumvent any other time limit. The less than two month interval between the Order issued by this Court and DIB's Motion for Certification was not unreasonable for a number of reasons. First, the Court's Order must be put into context: this is an extraordinarily complicated litigation, with 18 cases (8 of which name DIB as a defendant) and literally thousands of allegations in 8 operative complaints and supplemental filings. The challenges associated with digesting these materials make this an extraordinary case. Indeed, none of the cases relied upon by plaintiffs were decided in the context of an MDL proceeding. Second, following the issuance of the Order denying DIB's motion to dismiss, DIB retained new counsel. New counsel had to quickly acquaint themselves with this complicated litigation, including digesting the allegations and a consolidated docket that spans more than 700 pages. Third, the Motion for Certification poses no threat of delay. Unlike in other cases, DIB does not seek to stay discovery during the appeal. Moreover, the Court is continuing to deal with the outstanding motions to dismiss. In essence, this case remains at the motion to dismiss stage.

In fact, many other Courts—in circumstances far less compelling than those here—have granted motions for certification filed more than two months after the issuance of the orders sought to be appealed.[3] In light of the nature of this MDL proceeding and DIB's recent retention of new counsel, this Court should find that DIB's Motion for Certification was timely filed.

---

[2] *See Weir*, 915 F.2d at 285 (finding circumvention of 30 day limit of § 1291); *Green*, 2006 U.S. Dist. LEXIS 77074, at *6 (finding circumvention by seeking "reconsideration of the order sought to be appealed"); *Panache*, 202 F.3d at 959 (finding "circumvent[ion] the 10-day limitation in Rule 23(f)").

[3] *See Lopez v. Youngblood*, No. 1:07cv0474, 2009 WL 2062883, at *4 (E.D. Cal. July 15, 2009) (certifying appeal where "[d]efense counsel responsible for the instant motion was unaware of the Court's March 2009 order until early May"); *Bates v. Dura*, No. 1:08-0029, 2009 WL 2356546, at *5 n.8 (M.D. Tenn. July 29, 2009) (finding that "courts have found motions for certification of an interlocutory appeal to be appropriate months after a judgment"); *McLaurin v. United States*, No. 2:06 cv 169, 2008 WL 782487, at *1 (S.D. Miss. Mar. 24, 2008) (concluding delay of "several months" was acceptable); *Marriott Int'l Resorts v. United States*, 63 Fed. Cl. 144 (2004) (certifying appeal after three-month period)*; Giddes v. Glens Falls*, No. 2:02-CV-282-FTM-29NF,

*(footnote continued)*

## B.        DIB's Motion For Certification Was Properly Filed.

Plaintiffs also claim that DIB's Motion for Certification violated this Court's June 2007 minute order because "DIB failed to seek or obtain leave of court before filing it."  Opp'n at 5. The minute entry which Plaintiffs cite (June 26, 2007, no MDL docket number) appears to have been an interim order that was subsequently superseded by this Court's December 27, 2007 order, which does not contain this notice requirement.[4]  *See* MDL Docket #2061.

Other parties apparently share this understanding, and have not sought to notice new motions 30 days in advance.[5]  *See, e.g.* MDL Docket ## 2157, 2203, 2210, 2228, 2233, 2235, 2243, 2265.  To the extent that DIB has misconstrued this Court's intentions and that this Motion for Certification is considered a new motion under the June 26, 2007 Order (as opposed to an adjunct to DIB's motion to dismiss), DIB respectfully requests this Court's clarification and its consent to file its Motion for Certification.

---

2003 WL 23486911, at *1 (M.D. Fla. Aug. 5, 2003) (concluding two-month delay was timely because "[t]he time limits of Fed. R. App. P. 5(a) and [Section] 1292(b) do not apply to the district court's consideration of a request for certification"); *Vereda, LTDA v. United States*, 46 Fed Cl. 569 (2000) (certifying appeal after three-month period).

[4]    The docket entry to which Plaintiffs refer and which is not numbered, reads as follows (emphasis added):

Minute Entry for proceedings held before Judge George B. Daniels : Status Conference held on 6/26/2007. The Court informed the parties of its plan to move forward with the litigation and instructed the parties to submit letters on outstanding issues by 8/1/07, including letters regarding proposed oral argument and a joint letter regarding the discovery schedule. The parties are not to file new motions without submitting a letter to the Court 30 days prior to the expected filing date. All discovery disputes should be addressed to the Court by letter, rather than by motion. A party submitting any letter to the Court must provide opposing counsel with the letter five days beforehand. … (Entered: 07/09/2007)

The superseding Order (MDL Docket #2061) reads (emphasis added):

**All issues to be addressed by the Court should be presented in the form of a filed and docketed letter application or motion.** To determine the necessity and ensure the productivity of such a conference, the scheduled 1/18/08 conference will be postponed 60 days …. If all outstanding issues are resolved prior to March 18th ... the regularly anticipated six-month conference will be scheduled for 7/15/08... and as further set forth in said order….

[5]    The June Order's notice requirement appears to have applied only to discovery motions, as several other motions were filed in the interval between the June and December entries without 30-days notice by letter. *See, e.g.*, MDL Docket ## 2028, 2031, & 2046.  The only motions filed with such notice arise out of discovery disputes. *See, e.g.*, MDL Docket # 2040.

C.      **The Stipulation Is Irrelevant To This Motion For Certification.**

Plaintiffs' last-ditch effort to block DIB's Motion for Certification is to claim that it "violates the terms and understanding of the [July 21, 2010] Stipulation" between the parties. Opp'n at 5.  That stipulation, however, only addressed the issue of the time period in which DIB had to answer the complaints.  *See* Stipulation (MDL Docket #2261) ("DIB's time to answer Plaintiffs' Complaints in the above-captioned consolidated actions is extended until September 7, 2010.").  Consistent with that stipulation, DIB filed its Answers to Plaintiffs' Complaints on September 7, 2010.  The stipulation simply did not address the issue of a motion for certification.

II.     **THE ISSUES ON APPEAL MEET THE STANDARDS SET FORTH BY 28 U.S.C. § 1292(b) AND THE SECOND CIRCUIT.**

A.      **The Issues For Certification Present Controlling Questions Of Law.**

As DIB explained in its opening brief, the two issues of personal jurisdiction and causation involve controlling questions of law under § 1292(b).  *See* Mem. at 5-6.  As DIB explained, for that reason other courts have repeatedly certified these issues.  Mem. at 5-6.

Plaintiffs now claim that "mixed questions of law and fact … regarding personal jurisdiction and proximate cause create precisely the sort of issue [the Court of Appeals] does not wish to handle."  Opp'n at 9.  Plaintiffs primarily rely upon *Koehler v. Bank of Bermuda*, 101 F.3d 863 (2d Cir. 1996).  *See* Opp'n at 9-10.  That case, however, has nothing to do with the "controlling question of law" prong of § 1292(b).  Instead—as Plaintiffs' own quote from that case reveals on its face—the Second Circuit based its holding on the fact that the appeal would not "materially advance the ultimate termination of the underlying litigation."  101 F.3d at 863 (quoted in Opp'n at 9).  The Eastern District of New York followed the Second Circuit's ruling

in reaching a similar conclusion in the other case upon which Plaintiffs place primary reliance, *Garg* v. *Winterthur Life*, 573 F. Supp. 2d 763 (E.D.N.Y 2008).[6]

In fact, the Second Circuit in *Koehler* repeatedly cited other cases in which it had "permitted an appeal to be taken when the interlocutory order involves issues of *in personam* jurisdiction." *Koehler*, 101 F.3d at 866 (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) ("[I]t is apparent that the present appeal does involve a "controlling question of law."); *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1330 (2d Cir. 1972)). These cases are in line with other Second Circuit cases entertaining interlocutory appeals in similar situations.[7]

Numerous other courts in other jurisdictions have also permitted interlocutory appeals on the issues of personal jurisdiction and proximate cause, necessarily finding them both "pure" and "controlling" questions of law—even though those issues were raised on an appeal of motion to dismiss orders.[8] In short, Plaintiffs are simply mistaken in their argument that the issues of personal jurisdiction and proximate causation are not controlling issues of law under § 1292(b).[9]

---

[6] Both *Koehler* and *Garg* held that an appeal on personal jurisdiction would not materially advance the ultimate termination of the litigation because Plaintiffs were entitled to jurisdictional discovery. These holdings are inapposite here, however, for the reasons set forth below in Section II.C.

[7] S*ee Kernan v. Kurz-Hastings*, 175 F.3d 236, 238 (2d Cir. 1999) (addressing "whether a New York court has personal jurisdiction over a Japanese manufacturer of a machine said to have caused plaintiff's injuries"); *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 234 (2d Cir. 1999) (considering "[w]hether … injuries incurred by a union health care trust fund are  … too remote to permit recovery as a matter of law" under RICO); *Klinghoffer*, 921 F.2d at 25 (certifying issue of whether PLO "is entitled to 'functional immunity since its presence in New York is principally connected with its status as an Observer at the United Nations").

[8] *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 608 (5th Cir. 2008) (granting petition for appeal of "denial of Defendants' motions to dismiss for lack of personal jurisdiction"); *McGow v. McCurry*, 412 F.3d 1207, 1213 (11th Cir. 2005) (granting petition to review denial of motion to dismiss and alternative motion for summary judgment, which contended "that the district court lacked personal jurisdiction"); *Republic of Colombia v. Diageo N. Am. Inc.*, 619 F.Supp.2d 7, 11 (E.D.N.Y. 2007) (holding that the issue of "how Supreme Court and Second Circuit cases address[] the RICO proximate cause requirement should be reconciled with each other is a pure question of law" and certifying appeal of motion to dismiss); *Ark. Blue Cross & Blue Shield v. Philip Morris, Inc.*, No. 98 C 2612, 1999 WL 592671, at *1 (N.D. Ill. Aug. 3, 1999) (certifying appeal on a
*(footnote continued)*

**B.**     **There Exist Substantial Grounds For Difference Of Opinion.**

As DIB explained in almost 9 pages of detail in its opening brief, substantial grounds for difference of opinion exist on the two issues on which DIB requests certification.  *See* Mem. at 6-14.   Plaintiffs essentially concede this point, including in the Opposition **just a single paragraph** of analysis on this issue.  Opp'n at 12-13.  In that Paragraph, Plaintiffs simply assert that each of the issues in the case do not "involve a case of first impression nor one concerning an ambiguous area of the law."  Opp'n at 12.  Plaintiffs, however, simply do not analyze any of the cases that DIB discussed in its Memorandum.  Those cases established at length the existence of conflicting authority over the issues sought to be certified for appeal.  Mem. at 6-15.  The proximate cause issue presented in this case is "particularly difficult and of first impression for the Second Circuit."  *In re Lloyd's*, 1997 U.S. Dist. LEXIS 11937, at \*13.  Moreover, this Court's ruling that "in actions arising from a terrorist attack, the proximate cause element is relaxed" involves novel and difficult issues that warrant review at this stage.  Order at 55.

**C.**     **Reversal In Favor Of DIB Would Materially Advance The Litigation.**

In its Memorandum, DIB explained that its dismissal from this case would materially advance the ultimate termination of the litigation.  Mem. at 14.  An appeal advances the ultimate termination of the litigation if it "promises to advance the time for trial or to shorten the time required for trial."  *Transp. Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth.*,

---

motion to dismiss the question "Does the concept of proximate cause bar plaintiffs as a matter of law from seeking to prove their RICO and antitrust claims against defendants?").

[9]    One of the cases upon which Plaintiffs rely (Opp'n at 8) actually granted a defendant's motion for interlocutory appeal of a motion to dismiss order.  *See In re Lloyd's Am. Trust Fund Litig.*, No. 96-CV-1262, 1997 U.S. Dist. LEXIS 11937, at \*11 (S.D.N.Y. Aug. 12, 1997) (holding that "decisions on the pleadings may be appropriate for interlocutory review when they present difficult questions of substantive law").  Other cases relied upon by Plaintiffs simply are irrelevant to the issue at hand.  *See* Opp'n at 11 (relying upon *In re MTBE Prods. Liab. Litig.*, No. 1:00-1898 MDL 1358, 2008 U.S. Dist. LEXIS 47222, at \*8 (S.D.N.Y. June 18, 2008), which held that "the commingled product theory of liability" was not appropriate for interlocutory review).

358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005).  That is plainly the case here because DIB's liability

turns on facts that have no overlap with those of any other defendant.  Indeed, each of the key

factual allegations against DIB have no relationship to the liability of the remaining defendants.[10]

But each of these assertions and other facts relevant to DIB's liability will require the testimony

of witnesses and introduction of other evidence that are unique to the case against DIB.[11]  If DIB

were dismissed from the case, all of these issue unique to DIB would drop out of the case.

Accordingly, an interlocutory appeal would "enhance judicial efficiency."[12]

Plaintiffs respond with two arguments, neither of which have merit.  First, Plaintiffs

argue that dismissal of DIB would not advance the litigation because "the litigation encompasses

far more defendants than merely DIB."  Opp'n at 14.  But each of the multi-defendant cases that

Plaintiffs rely upon for support involved the potential dismissal of defendants that would not

substantially alter the shape of trial because each defendant's liability turned on similar facts.[13]

---

[10]  Plaintiffs claim that DIB "laundered money for Osama bin Laden," (02-cv-1616, Burnett II, ¶ 113), "that a United States delegation traveled to the United Arab Emirates with evidence that Osama bin Laden was channeling funds through the Dubai Islamic Bank," (02-cv-1616, Burnett II, ¶ 114), that DIB "has long known that accounts it maintained were being used to [sic] launder and distribute funds for al Qaida operations and terrorist attacks" (03-cv-6978, Federal Insurance, ¶ 346).

[11]  In fact, the testimony of many of these witnesses likely will not be straightforward to arrange.  Some of them will be foreign and will involve a number of complicating logistical issues, including service of process and translation.  Still others may be current or former U.S. government officials or al Qaida detainees, which could implicate a host of other issues.

[12]  Additionally, DIB's appeal could further enhance judicial efficiency by clarifying the controlling standards governing both personal jurisdiction and proximate cause, which could help ensure that no errors of law occur as to the remaining defendants in this action.  *See Tuepker v. State Farm Fire & Cas. Co.*, No. 1:05CV559, 2006 WL 2794773, at *2 (S.D. Miss. 2006) (certifying appeal when "given the magnitude of the … docket … the standards and burdens to be applied in pending litigation" would affect the current and future cases").

[13]  For example, in *In re Semgroup Energy Partners, L.P. Secs. Litig.,* plaintiffs brought "control person liability claims against … [defendants] under … the Securities Act… and … Securities Exchange Act" against the defendants, "SemGroup Energy Partners, G.P., LLC, and their principals."  08-MD-1989, 2010 U.S. Dist. LEXIS 77328, at *9 (N.D. Okla. July 30, 2010).  The court found that dismissing only a few defendants would not materially advance the appeal when "there are 22 other defendants in the case" whose liability would turn on similar facts and where "a stay of proceedings pending an appeal … would almost certainly delay the ultimate resolution of the case."  *Id.* at *21.  Similarly, in *In re Miva, Inc.,* the court declined to allow appeal of an issue pertinent to only one defendant because liability of all of the defendants—a corporation and "three of its officers or former officers"—turned on common issues of fact.  511 F. Supp. 2d 1242, 1246 (M.D. Fla. 2007).  Plaintiffs
*(footnote continued)*

Second, Plaintiffs contend that the appeal will be fruitless "because of Plaintiffs' right to seek jurisdictional discovery as well as its right to replead." Opp'n at 13. DIB, however, contends that Plaintiffs have not pled a prima facie case of jurisdiction. If the Second Circuit were to agree, Plaintiffs would not be entitled to jurisdictional discovery because the factual allegations failed to show "that additional discovery would potentially reveal a connection between [Defendant] and [the forum] sufficient to establish … jurisdiction." *Indemnity Ins. Co. of N. Am. v. K-Line America, Inc.*, No. 06 Civ. 0615, 2007 WL 1732435, at *7 (S.D.N.Y. June 14, 2007). Moreover, repleading would be futile. Plaintiffs have had multiple opportunities─amending their complaints as many as 3 times and submitting "More Definite Statements"─to allege facts sufficient to support personal jurisdiction. No further effort would alter the factual allegations. In fact, it is telling that Plaintiffs do not proffer a single new allegation on the issues of jurisdiction or causation that they have not already asserted.

### D.     Exceptional Circumstances Warrant An Appeal.

Lastly, Plaintiffs claim that an interlocutory appeal is only permissible in "exceptional circumstances" and with little explanation assert that there is "nothing extraordinary" about this case. Opp'n at 16, 17. Plaintiffs, however, note that this is an "extraordinary litigation." Opp'n at 14. It is indeed: the case itself, in its size, scope, and complexity is exceptional—one of the rare types of cases in which § 1292(b) authorizes an appeal. The challenging issues of jurisdiction and causation are especially exceptional because they confront the courts with the extent of civil liability in the U.S. for a foreign defendant who is alleged to have provided

---

also misplace reliance on *Bush v. Adams*, which involved the interlocutory appeal of a **plaintiff** appealing the **dismissal** of three of six defendants from the litigation. 629 F. Supp. 2d 468, 475 (3d Cir. 2009). The court held that an appeal to reinstate the dismissed defendants "would not materially advance the termination of the litigation as a whole" but would rather *prolong* the litigation as to the remaining defendants. *Id.*

financial services for a network of terrorists who ultimately carried out attacks in the U.S.  In addition, this case is exceptional because of the complicated nature of the alleged damages.

Plaintiffs suggest that DIB should be required to litigate the case to final judgment before obtaining any review of the legal standards governing the jurisdictional, causation, and damages issues.  Opp'n at 13.  That approach, however, would require DIB and this Court to spend an enormous amount of time and resources evaluating and testing the individual damages claims of hundreds—if not thousands—of Plaintiffs.  The fact and expert discovery on these issues are daunting—particularly given the number of defendants, the number of plaintiffs, the international dimension of this case, and the discovery needed from various governments.

When faced with such complexity, other courts have similarly found the existence of exceptional circumstances warranting immediate appeal. [14]   Indeed, that is precisely what Congress intended.[15]  In short, this case—and the situation that DIB confronts—is undoubtedly extraordinary and warrants the certification of an immediate appeal.

### CONCLUSION

DIB respectfully requests that the Court grant its Motion for Certification.

---

[14]   *See, e.g., In re Lloyd's*, 1997 U.S. Dist. LEXIS 11937 at *8 (certifying interlocutory appeal "where early appellate review might avoid protracted and expensive litigation" (internal quotation marks omitted)); *Johnston v. Multidata Sys. Intern. Corp.*, No. G-06-313, 2007 WL 3998804, at *1 (S.D. Tex. Nov. 14, 2007) (granting certification "[b]ased on the magnitude of this case, the complexity of the fact-intensive issues that cross international borders, the vastly expensive discovery and litigation phases that may follow, … and to avoid unnecessary delay and expense").

[15]   In considering the addition of § 1292(b), The House Committee on the Judiciary noted:

There should be some way, for example, in long-drawn-out cases such as antitrust and conspiracy cases, to dispose of vital questions which are raised in the trial without having to wait for the taking of testimony and the conclusion of the trial before the questions can be finally determined on appeal. Without cataloging all of the cases in which interlocutory appeals could be proper, the following categories are those which would generally be affected: … cases where a long trial would be necessary for the determination of liability or damages upon a decision overruling a defense going to the right to maintain the action ….

*Milbert v. Bison Labs.*, 260 F.2d 431, 433 (3d Cir. 1958).

DATED:  September 13, 2010          Respectfully submitted,

                                    /s/ Robert G. Houck
                                    Robert G. Houck
                                    Juan P. Morillo (admitted *pro hac vice*)
                                    Steven T. Cottreau (admitted *pro hac vice*)
                                    CLIFFORD CHANCE U.S. LLP
                                    31 West 52nd Street
                                    New York, New York 10019-6131
                                    Telephone: (212) 878-8000

                                    *Counsel for Defendant Dubai Islamic Bank*