**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------)
In re Terrorist Attacks on September 11, 2001    )      03 MDL 1570 (GBD)
                                       )      ECF Case
-------------------------------------------------------------)

This document relates to:

*Ashton v. Al Qaeda Islamic Army, et al.* (02-CV-6977)
*Barrera v. Al Qaeda Islamic Army* (03-CV-7036)
*Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-9849)
*Continental Cas. Co. v. Al Qaeda Islamic Army* (04-CV-5970)
*Euro Brokers Inc. v. Al Baraka Inv. & Dev. Corp.* (04-CV-7279)
*Federal Ins. Co., et al. v. Al Qaida* (03-CV-6978)
*New York Marine & Gen. Ins. Co. v. Al Qaida* (04-CV-6105)
*Salvo v. Al Qaeda Islamic Army* (03-CV-5071)
*Tremsky v. Osama bin Laden* (02-CV-7300)
*World Trade Center Prop., LLC v. Al Baraka Inv. & Dev. Corp.* (04-CV-7280)

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER RULE 12(b)(6) TO DISMISS ALL CLAIMS AGAINST CHERIF SEDKY</u>

OLDAKER BELAIR & WITTIE, LLP

Karla J. Letsche
818 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20006
Phone: 202-496-3491
Email: kletsche@obwlaw.com
Fax:   202-293-6111

Counsel for Cherif Sedky

**TABLE OF CONTENTS**

INTRODUCTION...................................................................................................... 1

ARGUMENT............................................................................................................. 3

I.   THE COMPLAINTS' CONCLUSORY CONSPIRACY ALLEGATIONS
     FAIL TO STATE A CLAIM................................................................................ 3

     A.   This Court Has Clearly Defined the Pleading Standard
          Under Rule 12(b)(6)................................................................................. 3

     B.   The *Euro Brokers* Complaint Includes No Allegations
          Against Mr. Sedky.................................................................................... 6

     C.   Plaintiffs' Conspiracy Allegations Include No Facts At All................... 6

          1.   The Single Conspiracy Allegation in *Federal* and *NY Marine*
               Fails to State a Claim..................................................................... 6

          2.   The Single Conspiracy Allegation in *Barrera, Burnett, Continental,
               Tremsky, Salvo, Ashton,* and *WTC* Fails to State a Claim........... 7

          3.   Plaintiffs' Corporate Officer Allegations in *Ashton, WTC,* and
               *Burnett* Fail to State a Claim to Overcome or Remedy the
               Insufficient Conspiracy Allegations............................................... 9

               a.   *Ashton's* Allegations Concerning Aradi, Inc. Alleges
                    No Wrongdoing...................................................................... 9

               b.   A SAAR-Related Allegation in *WTC* and *Burnett* Alleges
                    No Wrongful Conduct by Mr. Sedky...................................... 11

II.  THE COMPLAINTS FAIL TO STATE ANY OTHER CAUSE OF ACTION
     AGAINST MR. SEDKY................................................................................... 12

     A.   ATCA, ATA, and Common Law Tort Claims Are Premised on Legally
          Insufficient Concerted Action Allegations; They Have No Factual Basis
          and Fail to State a Claim........................................................................ 13

     B.   Plaintiffs Fail to State a Civil RICO Claim............................................ 13

     C.   Plaintiffs' TVPA Claims Fail to Allege Acts Under Color of Law, and
          Fail to State a Claim.............................................................................. 16

D.   The Complaints Fail to State Any Negligence-Based Claims................................ 16

E.   Punitive Damages Claims Fail to State a Claim..................................................... 17

CONCLUSION................................................................................................................................. 17

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Arar v. Ashcroft*, 585 F. 3d 559 (2d Cir. 2009)........................................................... 5, 7

*Ashcroft v. Iqbal*, __U.S. __, 129 S. Ct. 1937 (2009) ................................................ 4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 4, 7

*Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86 (D.D.C. 2003) ................................. 3

*Conley v. Gibson*, 355 U.S. 41 (1957) .................................................................. 3

*De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65 (2d Cir. 1996) ............................................. 3

*Dep't of Econ. Dev. v. Arthur Andersen & Co.*, 924 F. Supp. 449 (S.D.N.Y. 1996) ..................... 14

*Harlem River Consumers Cooperative, Inc. v. Assoc. Grocers of Harlem, Inc.*, 408
   F. Supp. 1251 (S.D.N.Y. 1976)...................................................................... 10, 11

*In re Terrorist Attacks on Sept. 11, 2001*, 2010 WL ___ (S.D.N.Y. Sept. 13, 2010)............ passim

*In re Terrorist Attacks on Sept. 11, 2001*, ___ F. Supp. 2d ___, 2010 WL 2484411
   (S.D.N.Y. June 17, 2010)......................................................................... 4, 5, 10, 15

*In re Terrorist Attacks on Sept. 11, 2001*, 392 F. Supp. 2d 539 (S.D.N.Y. 2005)................ passim

*In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765 (S.D.N.Y. 2005)................ passim

*Jackson v. BellSouth Telecomms.*, 372 F.3d 1250 (11th Cir. 2004) ................................... 4

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt, LLC*,
   595 F.3d 86 (2d Cir. 2010)........................................................................ 4

*Productores Asociados de Cafe Rio Claro, C.A. v. Barnett*, 1999 WL 287389
   (S.D.N.Y. 1999).................................................................................. 11

*Redtail Leasing, Inc. v. Bellezza*, 1997 WL 603496 (S.D.N.Y. 1997) ................................. 14

*Reves v. Ernst & Young*, 507 U.S. 170 (1993)....................................................... 14

*Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340 (S.D.N.Y. 1998) ........................................ 15

*Simon v. Costello*, 172 F.R.D. 103 (S.D.N.Y. 1997) ................................................ 12

*Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010) ..................................................... 5

## FEDERAL STATUTES

18 U.S.C. § 1962.................................................................................................................. 13

18 U.S.C. § 2333.................................................................................................................. 13

28 U.S.C. § 1350.................................................................................................................. 13

28 U.S.C. § 1350 note §2(a) ................................................................................................ 16

28 U.S.C. § 1606.................................................................................................................. 17

## OTHER AUTHORITIES

3A William Meade Fletcher, *Cyclopedia of the Law of Corporations* § 1137 (1975) ................ 10

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Cherif Sedky hereby moves for dismissal of all claims made against him by various Plaintiffs in this consolidated action, for failure to state a claim.[1] He submits this memorandum of law in support of such motion.

## INTRODUCTION

It goes without saying that the events of September 11, 2001 were shocking, horrendous, and tragic. Individuals who suffered losses on that day understandably seek redress. These facts do not justify, however, lodging baseless allegations of conspiracy or other involvement in those events against literally hundreds of innocent individuals and entities, as the complaints in this consolidated action have done.

Just like every American, Cherif Sedky was horrified, outraged and saddened by the 9/11 attacks. Indeed, the attacks hit him close to home, since at the time he had children and grandchildren working and living in Manhattan and in Washington, D.C. Born a U.S. citizen and raised primarily in California, Mr. Sedky worked for almost 40 years as a corporate lawyer and civil litigator. His practice focused on corporate and business issues, securities matters and commercial transactions, and he represented both domestic and international clients. He graduated from Stanford University and from Georgetown Law School; he was admitted to the District of Columbia Bar in 1969, and later to the Virginia Bar. For over 20 years, he was an associate and then a partner in a prominent Washington law firm -- originally Hill, Christopher & Phillips, which merged with Kirkpatrick & Lockhart, and is now K&L Gates LLP. In the mid-

---

[1]        In Fall 2004, undersigned counsel entered an appearance and agreed to accept service on behalf of Mr. Sedky, with respect to the *Burnett, Ashton, Barrera, Continental Casualty, NYMAGIC, Federal, WTC, and Euro Brokers* complaints, subject to reaching agreement with Plaintiffs' counsel on a stipulation concerning response dates to those complaints. To date, counsel have not yet finalized such a stipulation. Although counsel in the *Tremsky* or *Salvo* cases have never served the complaints or contacted undersigned counsel, Mr. Sedky nonetheless hereby moves to dismiss those complaints as well.

seventies, on leave from the firm, he served as Associate General Counsel of MCI, Inc. After leaving his large firm in 1992, Mr. Sedky practiced in two small law firms bearing his name.  For a time he was legal counsel to Al Murjan Trading & Industrial Co., Ltd., a company based in Jeddah, Saudi Arabia, which served as a holding company for a number of business activities including mining, telecommunications, and retail trade. He also served as legal advisor to the Bin Mahfouz family, primarily providing legal advice with regard to investments in a number of businesses (including several in the energy, transportation, and manufacturing fields), and with regard to the family's legal and public relations response to post-9/11 media reports. Although still a member of the Virginia Bar, Mr. Sedky retired from the active practice of law in 2010.

There is absolutely no basis for any suggestion that Mr. Sedky had, or could have had, any involvement with Al Qaeda, terrorism, or the events of September 11 (nor have Plaintiffs stated any).  Nonetheless, Mr. Sedky is named as a defendant in ten of the complaints consolidated in this action.[2]  Over these duplicative complaints, Mr. Sedky is mentioned in a total of only **four** complaint allegations, and in a single RICO statement.  Six complaints  include only one of these allegations mentioning him; three complaints have two allegations mentioning him; and one names him only in the caption and includes no allegations against him at all.

To the extent that these four references to Mr. Sedky are intended to constitute allegations supporting claims of conspiracy, aiding and abetting, or providing material support to

---

[2]      The apparently operative complaints addressed and cited in this motion are: Sixth Amended Consolidated Master Complaint, *Ashton v. Al Qaeda Islamic Army* (02-CV-6977) (hereinafter cited as "*Ashton*"); Complaint, *Barrera v. Al Qaeda Islamic Army* (03-CV-7036) ("*Barrera*"); Amended Complaint, *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-5738) and Third Amended Complaint, *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-9849) (collectively, "*Burnett,*" with citation references to 03-CV-9849); Second Amended Complaint, *Continental Cas. Co. v. Al Qaeda* (04-CV-5970) ("*Continental* "); Complaint, *Euro Brokers, Inc. v. Al Baraka Inv. & Dev. Corp.* (04-CV-7279) ("*Euro Brokers* "); First Amended Complaint, *Federal Ins. v. Al Qaida* (03-CV-6978) ("*Federal* "); Second Amended Complaint, *New York Marine & Gen. Ins. Co. v. Al Qaida* (04-CV-6105) ("*NY Marine* "); Consolidated First Amended Master Complaint, *Salvo v. Al Qaeda Islamic Army* (03-CV-5071) ("*Salvo* "); Amended Complaint, *Tremsky v. Osama bin Laden* (02-CV-7300) ("*Tremsky* "); Complaint, *World Trade Center Prop. LLC v. Al Baraka Inv. & Dev. Corp.* (04-CV-7280) ("*WTC* ").

Al Qaeda or any other tortious activity, they clearly fail under applicable pleading standards. The allegations are devoid of facts; they fail to include any allegations of conduct or actions by Mr. Sedky; they include no factual bases for Plaintiffs' unsupported assertions that Mr. Sedky engaged in conspiracy or other wrongdoing in furtherance of the despicable September 11 attacks. This Court has already held the identical allegations to be legally insufficient, in granting numerous other Defendants' motions to dismiss under Rule 12(b)(6). For the same reasons, the complaints should all be dismissed as to Mr. Sedky, under Rule 12(b)(6), for failure to state a claim.

## ARGUMENT

### I.   THE COMPLAINTS' CONCLUSORY CONSPIRACY ALLEGATIONS FAIL TO STATE A CLAIM

#### A.   This Court Has Clearly Defined the Pleading Standard Under Rule 12(b)(6)

From the outset, this Court has recognized that "in light of 'the extreme nature of the charge of terrorism, fairness requires extra-careful scrutiny of Plaintiffs' allegations as to any particular defendant, to ensure that he – or it – does indeed have fair notice' of the claims." *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 831 (S.D.N.Y. 2005) (hereafter *"In re Terrorist Attacks I"*) (quoting *Burnett v. Al Baraka Inv. & Dev. Corp.*, 274 F. Supp. 2d 86, 108-09 (D.D.C. 2003)). Thus, in dismissing complaints against numerous Defendants for failing to state a claim, Judge Casey ruled that a complaint "which consists of conclusory allegations unsupported by factual assertions fails even on the liberal standard of Rule 12(b)(6)." *In re Terrorist Attacks I*, 349 F. Supp. 2d at 833 (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)). He observed that Supreme Court cases relying upon *Conley v. Gibson*, 355 U.S. 41 (1957) (which was still controlling at that time), do not "even remotely suggest that a pleading could survive dismissal when it contained only the barest of conclusory allegations

3

without notice of the factual grounds on which they purport to be based." *In re Terrorist Attacks on Sept. 11, 2001*, 392 F. Supp. 2d 539, 564 (S.D.N.Y. 2005) (hereafter *"In re Terrorist Attacks II"*) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270-71 (11th Cir. 2004)).

Now the standard for surviving a Rule 12(b)(6) motion is even more stringent, in light of the Supreme Court's rulings in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009). Not only must plaintiffs allege facts to support their conclusions, but they must be a plausible set of facts that support a reasonable inference – beyond speculation or a mere possibility – that the defendant is liable for the alleged misconduct. *See In re Terrorist Attacks on Sept. 11, 2001*, 2010 WL _____ (S.D.N.Y. Sept. 13, 2010), slip op. at 16 (hereafter, *"In re Terrorist Attacks V"*).[3] Focusing on conspiracy allegations, this Court has summarized the applicable standards.

First, "[t]o withstand a Rule 12(b)(6) motion, a complaint must allege a plausible set of facts that, when accepted as true, is sufficient to state a claim for relief **above the speculative level.**" *In re Terrorist Attacks on Sept. 11, 2001*, ___ F. Supp. 2d ___, 2010 WL 2484411, * 27 (S.D.N.Y. June 17, 2010) (hereafter *"In re Terrorist Attacks IV"*) (citing *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt., LLC*, 595 F.3d 86, 91 (2d Cir. 2010), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added)).

Second, "Plaintiffs cannot plead conclusory concerted theories of liability in an effort to attribute alleged wrongdoing of others to a particular defendant himself." *In re Terrorist Attacks V*, slip op. at 16-17. Thus, "[b]road allegations of conspiracy are insufficient; the plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into

---

[3]     Citations herein to the slip opinion are to the Memorandum Decision and Order (Sept. 13, 2010) (MDL Docket # 2312).

4

an agreement, express or tacit, to achieve the unlawful end.'" *Id.* (quoting *Arar v. Ashcroft,* 585

F. 3d 559, 569 (2d Cir. 2009) (internal citations omitted)).

Third, citing *Iqbal*, 129 S. Ct. at 1949 (2009), the Court noted that a claim "has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *In re Terrorist Attacks IV,* ___

F. Supp. 2d ___, 2010 WL 2484411, * 27.  Finally, "[w]here the complaint merely pleads facts

giving rise to an inference of a defendant's **possible** wrongdoing, the claims against that

defendant must be dismissed." *In re Terrorist Attacks V*, slip op. at 17 (citing *Starr v. Sony BMG

Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (emphasis added)).

We identify and discuss below each of the four allegations, across ten complaints, that

mention Cherif Sedky.  None of them satisfy the pleading requirements.  They purport to allege

that Mr. Sedky conspired, aided or abetted, or provided material support to Al Qaeda, or to the

so-called "SAAR Network."[4]  But, the allegations fail to include any factual bases or support for

a conspiracy allegation against Mr. Sedky; therefore, as the previous decisions in these

consolidated cases have held, they fail to state a claim.  Every complaint should be dismissed as

to Mr. Sedky.[5]

---

[4]      Plaintiffs invented the term "SAAR Network" to refer to a large number of individual entities. The Court
adopted the term in its decisions solely because it was used in the complaints, *In re Terrorist Attacks II*, 392 F. Supp.
2d at n.15, but acknowledged that "Defendants have provided scant basis for linking ... entities under the SAAR
Network title." *In re Terrorist Attacks I*, 349 F. Supp. 2d at 823.
[5]      In the most recent decision ruling on motions to dismiss, this Court observed that there is no appreciable
difference in the factual allegations pled against individual Defendants in the various complaints, and thus, to the
extent appropriate, the Court analyzed motions to dismiss in light of the pleadings as a whole, without differentiating
between the various complaints. *See In re Terrorist Attacks V*, slip op. at 16-17. The similarity of allegations across
complaints is certainly true with respect to Mr. Sedky. Thus, we only briefly highlight the minor differences in the
complaints' factual allegations. As the Court has already ruled, however, the differences are not dispositive, because
the complaints as a whole fail to meet the standards for surviving a Rule 12(b)(6) motion.

### B. The *Euro Brokers* Complaint Includes No Allegations Against Mr. Sedky

The complaint in *Euro Brokers* lists Mr. Sedky among the Defendants in the caption, but includes no other mention of him in the complaint. Making no allegations at all against Mr. Sedky, this complaint fails to state a claim and must be dismissed.

### C. Plaintiffs' Conspiracy Allegations Include No Facts at All

#### 1. The Single Conspiracy Allegation in *Federal* and *NY Marine* Fails to State a Claim

The *Federal* and *NY Marine* complaints include the following conclusory allegation:

> [Numerous Defendants including] Sherif Sedky [sic] . . . have aided and abetted, conspired with, and provided material support and resources to, defendant al Qaida and/or affiliated FTOs, associations, organizations or persons, as described herein.[6]

Notwithstanding the "as described herein" notation, in fact this is the **only** allegation in the *Federal* and *NY Marine* complaints that mentions Mr. Sedky at all.[7]

This allegation, asserted against more than 200 defendants in addition to Mr. Sedky, plainly includes no facts, and no asserted bases for its conspiracy allegations. It identifies no actions or conduct of any sort by Mr. Sedky, much less any wrongful conduct by him. It does not allege knowledge by Mr. Sedky of any wrongful actions by any primary actor, as required for concerted action liability. *See In re Terrorist Attacks I,* 349 F. Supp. 2d at 826, 833. It is devoid of content altogether, save for its baseless, and outrageous, generalized conclusion. It fails to meet the most basic pleading requirements.

As the Second Circuit has held, allegations against "undifferentiated" defendants, that "fail[] to specify any culpable action taken by any single defendant" or facts showing the "'meeting of the minds' that a plausible conspiracy claim requires," fail to state a claim.

---

[6] *Federal* ¶ 66; *NY Marine* ¶ 45.
[7] We separately address in section II.B below the RICO statement applicable to Mr. Sedky, filed in *Federal* and incorporated in *NY Marine*, and demonstrate that it fails to state a civil RICO claim.

*Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (emphasis added). *See also Twombly*, 550 U.S. at 555, 557 (2007) (complaints that offer "labels and conclusions," "a formulaic recitation" of cause of action elements, or "naked assertion[s]" devoid of "further factual enhancement" are insufficient). The single conclusory allegation against Mr. Sedky clearly fails under every applicable formulation.

Indeed, the Court has already ruled that this very conspiracy allegation fails to state a claim. For example, the Court dismissed the *Federal* complaint as to so-called "SAAR Executives" Taha Al-Alwani, Muhammad Ashraf, M. Omar Ashraf, M. Yaqub Mirza, and Iqbal Unus, noting that the *Federal* complaint contained no other allegations against these Defendants, and holding that "the complaint does not adequately provide these Defendants with notice as to how they provided material support to al Qaeda terrorists." *In re Terrorist Attacks II*, 392 F. Supp. 2d at 571, 572. Subsequently, the Court also dismissed the *NY Marine* complaint – and every other complaint – as to these Defendants. *In re Terrorist Attacks V*, slip op. at 36-38 ("An attribution of wrongdoing is not factually pled. Plaintiffs merely plead conclusory assertions against a large group of defendants . . ."). *See also In re Terrorist Attacks I*, 349 F. Supp. 2d at 835 (dismissing *Federal* complaint against Arab Bank; "A complaint alleging conclusions without supporting facts will not survive a Rule 12(b)(6) motion").

Since the *Federal* and *NY Marine* complaints include only this clearly insufficient allegation as to Mr. Sedky, those complaints should be dismissed.

### 2. The Single Conspiracy Allegation in *Barrera, Burnett, Continental, Tremsky, Salvo, Ashton,* and *WTC* Fails to State a Claim

Seven complaints – *Barrera, Burnett, Continental, Tremsky, Salvo, Ashton, and WTC* – include the following, similarly conclusory, allegation against Mr. Sedky:

7

> Co-conspirators material sponsors, and/or aiders and abettors of the SAAR
> network include Defendants ... Cherif Sedky .... [8]

Twenty-five other individuals and entities are included in the list of Defendants named in this

generalized, conclusory allegation (28 are listed in *Ashton).*  Clearly, this allegation is as faulty

as the *Federal* conspiracy allegation discussed above.  It contains no facts at all; it identifies no

alleged actions or conduct by Mr. Sedky, and no asserted bases for its conspiracy allegation.

This allegation fails under every applicable pleading standard.

     Moreover, as to most of the other Defendants listed in this allegation, the Court has

already dismissed complaints because this allegation fails to state a claim.  Thus, for example,

Judge Casey granted motions to dismiss the *Burnett* action filed by nine so-called "SAAR

Network Entities" listed in this allegation, finding that although the complaint included separate

allegations that the "SAAR Network" and the SAAR Foundation were financial sponsors of

terror, in this allegation Plaintiffs merely "offer the legal conclusion" that the Defendant entities

"conspired with" the "SAAR Network." *In re Terrorist Attacks II,* 392 F. Supp. 2d at 570

(Plaintiffs failed to provide these Defendants with any "notice of the factual grounds on which

Plaintiffs' claims of conspiracy are based).[9]  For the same reasons, as to Mar-Jac Poultry, the

Court dismissed the *Ashton* complaint, which includes the identical conspiracy allegation.  *Id.* at

570-71. Finally, this Court dismissed all the other complaints as to these and several additional

SAAR Network Entities, and as to many so-called "SAAR Executives," finding that "[a]n

attribution of wrongdoing is not factually pled. Plaintiffs merely plead conclusory

---

[8]     *Ashton* ¶ 269; *Barrera* ¶ 341; *Burnett* ¶ 267; *Continental* ¶ 473; *Tremsky* ¶ 156 (alleges only that
Defendants are "co-conspirators and aiders and abettors," not "material sponsors"); *Salvo* ¶ 472; *WTC* ¶ 441(adds
that Defendants are "participants in the illicit scheme and enterprise").  All of these complaints except *Ashton* refer
to Mr. Sedky as "Sherif Sedky."
[9]     The entities thus dismissed from *Burnett* were the African Muslim Agency, Grove Corporate, Heritage
Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Mar-Jac Poultry, Reston
Investments, Safa Trust, and York Foundation. *In re Terrorist Attacks II,* 392 F. Supp. 2d at 576.

assertions . . . ." *In re Terrorist Attacks V*, slip op. at 37-38.[10] *See also In re Terrorist Attacks I,*

349 F. Supp. 2d at 833, 835 (dismissing *Burnett* as to Al Rajhi Bank and as to Arab Bank for

failure to allege facts in support of aiding and abetting allegations).

This legally insufficient conspiracy allegation is the **only** allegation in the *Barrera,*

*Continental, Tremsky and Salvo* complaints that mentions Mr. Sedky, and, therefore, those four

complaints should be dismissed for failure to state a claim.

> ### 3. Plaintiffs' Corporate Officer Allegations in *Ashton, WTC,* and *Burnett* Fail to State a Claim and Fail to Overcome or Remedy the Insufficient Conspiracy Allegations

>> #### a. *Ashton*'s Allegation Concerning Aradi, Inc. Alleges No Wrongdoing

In addition to the insufficient SAAR Network conspiracy allegation discussed above, that

it shares with six other complaints, the *Ashton* complaint includes a second paragraph

mentioning Mr. Sedky:

> One of the companies involved with the terror financing SAAR Network is
> ARADI, INC. ARADI's corporate officers were defendants ABDULAH
> SULAIMAN AL RAJHI, HISHAM AL TALIB, and CHERIF SEDKY, a close
> associate of defendant KHALID BIN MAHFOUZ.[11]

This paragraph does not contain even a conclusory allegation of actionable wrongdoing by Mr.

Sedky. It includes no facts or allegations concerning any conduct by Mr. Sedky at all, much less

any that could give rise to liability. Although the SAAR Network is mentioned in the same

paragraph, there are no facts supporting the suggestion that Mr. Sedky "conspired" with the

SAAR Network, as the conspiracy allegation so baldly asserts; it adds nothing to that empty, fact

deficient and conclusory conspiracy allegation.

---

[10]     All complaints have now been dismissed as to SAAR Network Entities Aradi, Inc., Grove Corporate, Inc.,
Mar-Jac Investments, Inc., Mar-Jac Poultry, Inc., Mena Corporation; Reston Investments, Inc., Sterling Management
Education Trust, Sterling Charitable Gift Fund, African Muslim Agency, Heritage Education Trust, IIIT, Safa Trust,
and York Foundation; and as to SAAR Executives Yaqub Mirza, Muhammad Ashraf, M. Omar Ashraf, Iqbal Unus,
Ahmen Totonji, Mohammed Jaghlit, Samir Saleh, and Taha Al Alwani. *In re Terrorist Attacks V*, slip op. at 37-38.
[11]     *Ashton* ¶ 263.

Even assuming the truth of the allegation that Mr. Sedky was an officer of Aradi, Inc., such a circumstance provides no basis for liability of any sort. First, as noted, all complaints have been dismissed as to Aradi, Inc., for failure to state a claim. *In re Terrorist Attacks V*, slip op. at 37-38. Second, the allegation that Aradi, Inc. "was involved" with the SAAR Network is meaningless; it fails to allege any actions or conduct by Aradi, Inc., any factual support for any alleged wrongdoing by Aradi, Inc., or any facts alleging knowledge by Aradi, Inc. of any wrongdoing by any other actor. Such unidentified alleged "involvement" **by Aradi, Inc.** clearly provides no factual support for any actionable claim **against Mr. Sedky.**[12] This *Ashton* complaint paragraph includes no allegation of any conduct by Mr. Sedky at all, much less any knowledge of, or participation in, any wrongful corporate activity.

Finally, the allegation that Mr. Sedky is "a close associate" of Khalid Bin Mahfouz (as to whom Plaintiffs' claims have been dismissed, *In re Terrorist Attacks IV*, ___ F. Supp. 2d __, 2010 WL 2484411 at *18, *31), similarly fails to allege any wrongful actions or conduct by Mr. Sedky, or to provide any notice of the factual bases for any actionable claim against him.[13]

Because the *Ashton* complaint contains only the insufficient "conspiracy with the SAAR Network" allegation and this equally insufficient Aradi, Inc. allegation, the *Ashton* complaint fails to state a claim against Mr. Sedky and it should be dismissed.

---

[12]    Moreover, it is black letter law that an "officer or director of a corporation is not personally liable for torts of the corporation or of its other officers and agents merely by virtue of holding corporate office, but can only incur personal liability by participating in the wrongful activity."3A William Meade Fletcher, *Cyclopedia of the Law of Corporations* § 1137 (1975). *See, e.g., Harlem River Consumers Cooperative, Inc. v. Assoc. Grocers of Harlem, Inc.*, 408 F. Supp. 1251, 1271 (S.D.N.Y. 1976) ("A corporate officer or director is not liable for the illegal actions of others in the corporation merely by virtue of his position or office. He may become liable if he knowingly participates in such actions").

[13]    Moreover, this Court has dismissed as insufficient similar claims based solely on alleged "associations." *See, e.g., In re Terrorist Attacks I*, 349 F. Supp. 2d at 825, 835 (*Ashton* and *Burnett* complaints dismissed as to Saleh Abdullah Kamel, notwithstanding allegation that he was "a founder" of Al Shamal Islamic Bank, which had allegedly "admitted and substantial ties to Osama bin Laden"); and 833-34 (*Ashton and Burnett* complaints dismissed as to Saudi American Bank notwithstanding alleged association with Bin Laden family).

**b.    A SAAR-Related Allegation in *WTC* and *Burnett* Alleges No Wrongful Conduct by Mr. Sedky**

The *WTC* and *Burnett* complaints also include a corporate officer allegation against Mr.

Sedky, in addition to the insufficient "conspiring with the SAAR Network" allegation:

> The al-Rajhi Family is the biggest donor to the SAAR Foundation. SAAR is an acronym for Sulaiman Abdul Aziz al-Rajhi. The SAAR organization was incorporated in Herndon, Virginia as a non-profit organization on July 29, 1983 and voluntarily dissolved on December 28, 2000. It was incorporated at 555 Grove Street, Herndon, Virginia. It was operated by Yacub Mirza (President and Registered Agent, CEO and Trustee), Mohammed Jaghlit (Treasurer and Director), **Cherif Sedky (Secretary, Trustee and Director)**, Hisham Al-Talib (Registered Agent), Jamal Barzinji (Chairman) and Ahned Toronji [sic] (CFO and previously employed by Al Rajhi as an executive at its Majlis-al-Shura branch bank).[14]

This paragraph includes no facts that could support a claim against Mr. Sedky.  Like every other

allegation Plaintiffs have asserted against him, this one fails to allege facts relating to any

conduct by Mr. Sedky, wrongful or otherwise.  Indeed, it does not include even a conclusory

allegation of any claim or cause of action.

Furthermore, as noted above, the Court has now dismissed all complaints as to other so-

called "SAAR Executives" who are also identified in this allegation (Mirza, Jaghlit, and Totonji),

finding that the "attribution of wrongdoing is not factually pled." *In re Terrorist Attacks V*, slip

op. at 37-38 (defendants cannot be held liable based on such conclusory assertions).  The same

result is required as to Mr. Sedky.[15]  This paragraph in the *WTC* complaint and in the *Burnett*

---

[14]    *WTC* ¶ 215 (emphasis added). Plaintiffs' Response to Al Rajhi Bank's Rule 12(e) Request, filed on August 27, 2003 in *Burnett v. Al Baraka Inv. & Dev. Corp.* (02-CV-1616), which apparently was incorporated into *Burnett*, includes the identical language in its paragraph 80.  As noted, the *Burnett* complaint has since been dismissed as to Al Rajhi Bank.  *In re Terrorist Attacks I*, 349 F. Supp. 2d at 837.

[15]    Even assuming that, as alleged, Mr. Sedky served as Secretary, Trustee, or Director of the SAAR Foundation, and that, with several others, he allegedly "operated" it, merely citing an individual's alleged status as a corporate officer or director fails to state any actionable claim against him. *See, e.g., Harlem River Consumers Cooperative, Inc. v. Assoc. Grocers of Harlem, Inc.*, 408 F. Supp. 1251, 1271 (S.D.N.Y. 1976) ("A corporate officer or director is not liable for the illegal actions of others in the corporation merely by virtue of his position or office. He may become liable if he knowingly participates in such actions"). *See also, e.g., Productores Asociados de Cafe Rio Claro, C.A. v. Barnett*, 1999 WL 287389, * 3 (S.D.N.Y. 1999) (to be liable for tort of corporation, corporate

Response to Al Rajhi Bank's Rule 12(e) Request, fails to allege any participation by Mr. Sedky in any specified corporate wrongdoing; any knowledge by him of any such wrongdoing; or even any timeframe when Mr. Sedky allegedly held any corporate office. This allegation fails to state a claim.

Finally, as evidenced by the Court's dismissal rulings as to other Defendants named in this allegation, Plaintiffs' attempt to link Mr. Sedky to the SAAR Foundation (against which Plaintiffs have made other allegations) does nothing to address the fundamental legal insufficiency of the *WTC* and *Burnett* complaints. Those complaints remain devoid of facts stating any actionable connection between Mr. Sedky and any wrongful conduct, by way of knowledge, actions, or participation. Thus, they still fail to state, or to provide Mr. Sedky with notice of, any factual grounds or bases for either: (a) the *WTC* allegation that Mr. Sedky conspired with, provided material support to, or aided and abetted, the SAAR Foundation in any wrongful act, or that he had knowledge of any alleged wrongdoing by that Foundation; or (b) the *Burnett* allegation that Mr. Sedky conspired with, provided material support to, or aided or abetted Al Qaeda, or had any knowledge of any such actions by any primary actors. The *WTC* and *Burnett* complaints should be dismissed.

## II.    THE COMPLAINTS FAIL TO STATE ANY OTHER CAUSE OF ACTION AGAINST MR. SEDKY

For the reasons stated above, none of the complaint allegations against Mr. Sedky state a claim for conspiracy, aiding or abetting, or any other concerted action. And, as noted, **the complaints include no other allegations against Mr. Sedky**. Given the failure to state a

---

officers must have knowingly fostered the tort, or been aware of the tort and declined to set it right); *Simon v. Costello*, 172 F.R.D. 103, 106-107 (S.D.N.Y. 1997) ("it is well established under New York law that 'a corporate officer or director is liable for the torts of the corporation only when he or she knowingly participated in the wrong'" (citations omitted)).

concerted action claim against Mr. Sedky, the Court need not rule on the merits of the underlying tort allegations lodged against "All Defendants"; as to Mr. Sedky, they are premised entirely on the insufficient concerted action allegations. Such underlying tort allegations all fail to state a claim and should be dismissed.

> **A.      ATCA, ATA, and Common Law Tort Claims Are Premised on Legally Insufficient Concerted Action Allegations; They Have No Factual Basis and Fail to State a Claim**

Plaintiffs' claims against all Defendants under the Alien Tort Claims Act, 28 U.S.C. § 1350 ("ATCA"), and the Antiterrorism Act, 18 U.S.C. § 2333 ("ATA"), are premised solely on their concerted action allegations, which fail to state a claim as to Mr. Sedky. Similarly, as the Court has noted, Plaintiffs' claims of assault and battery, intentional infliction of emotional distress, wrongful death and survival, property damage, and trespass, can survive only if Plaintiffs state a claim under their concerted action theories. *See In re Terrorist Attacks V*, slip op. at 19. *Accord, In re Terrorist Attacks I*, 349 F. Supp. 2d at 830; *In re Terrorist Attacks II*, 392 F. Supp. 2d at 566.[16] Since Plaintiff's concerted action allegations against Mr. Sedky fail to state a claim as discussed above, all these additional claims premised on them fail as well and must be dismissed.

> **B.      Plaintiffs Fail to State a Civil RICO Claim**

In six of the complaints in which Mr. Sedky is named, Plaintiffs assert RICO claims against all Defendants under 18 U.S.C. § 1962.[17] Only one RICO Statement applicable to Mr.

---

[16]      The Court has also dismissed other purported causes of action pled by Plaintiffs (e.g., for punitive damages, conspiracy, or aiding and abetting) because they are not independent causes of action, or because they are time barred. *See, e.g., In re Terrorist Attacks V*, slip op. at 19, n.6; *In re Terrorist Attacks I*, 349 F. Supp. 2d at 829-30.
[17]      *Burnett* ¶¶ 689-74; *Continental* ¶¶ 607-17; *Federal* ¶¶ 618-20; *NY Marine* ¶¶ 516-18; *Tremsky* ¶¶ 263-73; *WTC* ¶¶ 1132-50.

Sedky has been filed, however.[18]  With respect to almost all Defendants who have filed Rule

12(b)(6) motions, the Court has dismissed Plaintiffs' RICO claims as deficient.  The same result

is required here: none of the RICO claims asserted against Mr. Sedky state a claim and all must

be dismissed.  In addition to failing to allege facts to support conclusory allegations, they fail to

allege that Mr. Sedky had any role in directing or managing the operation of the Al Qaeda

enterprise, or that he was a central figure in the underlying Al Qaeda scheme.

This Court has clearly articulated the pleading standard for a civil RICO claim.  *See In re*

*Terrorist Attacks V*, slip op. at 21-22.  To state a RICO claim under Section 1962(a), Plaintiffs

must allege injury resulting from a Defendant's *investment* of racketeering income.  None of the

complaints include allegations relating to any such investment by Mr. Sedky, and neither does

the *Federal* RICO statement.

To state a claim under Section 1962(c), assuming plaintiffs properly plead an enterprise,

a complaint must allege that a Defendant had "some part in directing the affairs of the al Qaeda

enterprise." *Id.* at 22 (citing *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (dismissing for

failing to state a claim RICO claims against SAAR Executives, SAAR Network Entities, and

other defendants).  *Accord, In re Terrorist Attacks I*, 349 F. Supp. 2d 765 at 827 (for Section

1962(c) liability, defendant must have a part in directing the "operation or management" of the

enterprise itself); *id.* at 828 (dismissing Section 1962(d) claims against Arab Bank and the SAAR

Network Entities because Plaintiffs did not allege that Defendants were central figures in the

underlying schemes).[19]  Indeed, the Court has dismissed RICO claims for failure to allege that a

---

[18]    A "RICO Statement Applicable to Sherif Sedky" [sic] was filed in the *Federal* case, and incorporated into
the Second Amended Complaint in *NY Marine* (¶ 201, n. 28). No RICO statements applicable to Mr. Sedky have
been filed in any other case.
[19]    *See also Redtail Leasing, Inc. v. Bellezza*, 1997 WL 603496, *5 (S.D.N.Y. 1997) ("A defendant does not
'direct' an enterprise's affairs under § 1962(c) merely by engaging in wrongful conduct that assists the enterprise");
*Dep't of Econ. Dev. v. Arthur Andersen & Co.*, 924 F. Supp. 449, 466-67 (S.D.NY. 1996) (providing services to
racketeering enterprise is not directing the enterprise).

14

Defendant managed or directed the operation of the Al Qaeda enterprise, even when other portions of that Defendant's Rule 12(b)(6) motion have been denied.[20]

      None of the complaints allege that Mr. Sedky had any part in managing or directing the Al Qaeda enterprise, or that he was a central figure in its underlying scheme, nor do they allege any facts that could support such a suggestion. The single Sedky RICO statement is similarly deficient, just like the RICO Statements applicable to all the Defendants whose motions to dismiss the complaints have already been granted.[21]

      Finally, the complaints and the Sedky RICO statement also fail to allege any facts – as opposed to repetitious, generalized, and non-specific boilerplate conclusions – to support the allegation that there was "a conscious agreement" by Mr. Sedky to participate in any plan, scheme, or actions of the Al Qaeda enterprise. This is yet another fatal deficiency. *In re Terrorist Attacks V*, slip op. at 22 (dismissing RICO claims because complaints alleged "no factual basis . . . that would support a finding of a conscious agreement, among the defendants, to commit two predicate acts in furtherance of the common purpose of the RICO enterprise," as required under Section 1962(d)). *Accord, In re Terrorist Attacks I*, 349 F. Supp. 2d, 827 (Plaintiffs must allege "some factual basis for a finding of a conscious agreement among the defendants"); *Schmidt v. Fleet Bank*, 16 F. Supp. 2d 340, 354 (S.D.N.Y. 1998) ("Bare and conclusory allegations are insufficient to withstand a motion to dismiss and a plaintiff must plead facts sufficient to show that each defendant knowingly agreed to participate in the [RICO] conspiracy" (citations omitted)).

---

[20]   *See, e.g., In re Terrorist Attacks IV*, __ F. Supp. 2d __, 2010 WL 2484411 at *31 (dismissing RICO claims as to Dubai Islamic Bank because, *inter alia*, Plaintiffs "alleg[ed] insufficient facts to demonstrate that DIB had some part in directing the operation or management of the al Qaeda enterprise itself, or was a central figure in the underlying scheme"); *In re Terrorist Attacks II*, 392 F. Supp. 2d at 567, 568, 569, 572 (dismissing *Federal* RICO claims as to Wa'el Jalaidan, Tarik Hamdi, Abdulrahman Alamoudi, and Jamal Barzinji).

[21]   In ruling on the Motions to Dismiss, the Court has always considered the RICO Statements incorporated into complaints along with the allegations in the complaints. *See, e.g., In re Terrorist Attacks V*, slip op. at 16, n.4.

None of the RICO claims asserted against Mr. Sedky state a claim. Consistent with the rulings as to multiple other Defendants, they should all be dismissed.[22]

### C.     Plaintiffs' TVPA Claims Fail to Allege Acts Under Color of Law, and Fail to State a Claim

Several complaints allege violations by all Defendants of the Torture Victim Protection Act of 1991, 28 U.S.C. § 1350 note §2(a).[23] The Court has dismissed such claims because Plaintiffs fail to allege that Defendants acted "under color of law," as required for liability. *See, e.g., In re Terrorist Attacks* V, slip op. at 21 ("allegations pled are insufficient to demonstrate that any of the moving defendants were themselves individuals acting under color of state authority, or that they were acting in concert with such an individual . . ."). *Accord, In re Terrorist Attacks I*, 349 F. Supp. 2d at 828 (dismissing *Burnett* TVPA claims against individual Defendants because there are no allegations that Defendants acted under color of law). The complaints fail to allege any conduct by Mr. Sedky, much less any "under color of law." The TVPA claims against Mr. Sedky fail to state a claim and must be dismissed.

### D.     The Complaints Fail to State Any Negligence-Based Claims

The Court has dismissed Plaintiffs' common law claims, against all Defendants, of negligence and negligent infliction of emotional distress. *In re Terrorist Attacks I*, 349 F. Supp. 2d at 837-38; *In re Terrorist Attacks II*, 392 F. Supp. 2d at 575-76.[24] These rulings were based on Plaintiffs' failure to allege that individual Defendants owe a duty to Plaintiffs. *See In re*

---

[22]     The RICO Statements of Defendants as to whom RICO claims have been dismissed contain the same kind of repetitious, non-specific, boilerplate and conclusory allegations that are contained in the RICO Statement applicable to Mr. Sedky; indeed, many allegations are identical, with only the names changed. *Compare, e.g.,* the *Federal* RICO Statements Applicable to Arab Bank, SAAR Network Entities, and SAAR Network Executives, *with* the RICO Statement Applicable to Sherif Sedky [sic]. The only allegation unique to Mr. Sedky is a recitation of certain alleged activities of Khalid bin Mahfouz and National Commercial Bank accompanied by the vague, non-specific, and unexplained comment "with Sherif Sedky's assistance."

[23]     *Ashton* ¶¶ 480-83; *Barrera* ¶¶ 631-34; *Burnett* ¶¶ 641-44; *Federal* ¶¶ 609-12; *Salvo* ¶¶ 609-12; *Tremsky* ¶¶ 226-29.

[24]     Such claims are made against all Defendants in *Burnett* (¶¶ 665-76); *Federal* (¶¶ 605-08, 630-34); *NY Marine* (¶¶ 527-31); and *Tremsky* (¶¶ 234-36, 240-45).

*Terrorist Attacks V*, slip op. at 19, n.6; *In re Terrorist Attacks II*, 392 F. Supp. 2d at 566; *In re Terrorist Attacks I*, 349 F. Supp. 2d at 830-31.  For the same reason, the negligence and negligent infliction of emotional distress claims asserted against Mr. Sedky must also be dismissed for failing to state a claim.

### E.   Punitive Damages Claims Fail to State a Claim

Finally, three complaints allege, as to all Defendants, entitlement to punitive damages pursuant to 28 U.S.C. § 1606.[25]  These allegations fail to state a claim against Mr. Sedky because on its face the referenced section applies only to foreign states, not to individuals.

### CONCLUSION

For the foregoing reasons, and pursuant to Rule 12(b)(6), Cherif Sedky respectfully submits that complaints in the following actions should be dismissed as to him, for failure to state a claim:

> *Ashton v. Al Qaeda Islamic Army* (02-CV-6977)
> *Barrera v. Al Qaeda Islamic Army* (03-CV-7036)
> *Burnett v. Al Baraka Inv. & Dev. Corp.* (03-CV-5738) and (03-CV-9849)
> *Continental Casualty Co. v. Al Qaeda* (04-CV-5970)
> *Euro Brokers, Inc. v. Al Baraka Inv. & Dev. Corp.* (04-CV-7279)
> *Federal Insurance v. Al Qaida* (03-CV-6978)
> *New York Marine & Gen. Ins. Co. v. Al Qaida* (04-CV-6105)
> *Salvo v. Al Qaeda Islamic Army* (03-CV-5071)
> *Tremsky v. Osama bin Laden* (02-CV-7300)
> *World Trade Center Prop., LLC v. Al Baraka Inv. & Dev. Corp.* (04-CV-7280)

---

[25]   Such claims are made against all Defendants in *Ashton* (¶¶ 491-92); *Barrera* (¶¶ 641-42); and *Salvo* (¶¶ 619-20).

Dated: September 14, 2010                Respectfully submitted,

OLDAKER BELAIR & WITTIE, LLP

By:_____/s/_____

Karla J. Letsche (admitted *pro hac vice*)
Oldaker Belair & Wittie, LLP
818 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20006
Phone: 202-496-3491
Email: kletsche@obwlaw.com
Fax:    202-293-6111

Counsel for Cherif Sedky

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2010, I caused an electronic copy of the foregoing

Memorandum of Law in Support of Motion under Rule 12(b)(6) to Dismiss All Claims

Against Cherif Sedky, to be served on all counsel electronically, by the Court's electronic

filing system.

/s/ _____
Karla J. Letsche