**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (RCC) |

This document relates to:

　*Ashton v. Al Qaeda Islamic Army*, Case No. 02-cv-06977

**JAMAL BARZINJI'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' SIXTH AMENDED CONSOLIDATED COMPLAINT**

　　Defendant Dr. Jamal Barzinji, through undersigned counsel, hereby submits his Answer and Affirmative Defenses to Plaintiffs' Sixth Amended Consolidated Complaint.

　　1.　Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1, and therefore denies the allegations contained in paragraph 1.

　　2-4.　The allegations contained in paragraphs 2 through 4 are conclusions of law to which no response is required. To the extent these allegations are deemed to require a response, they are denied.

　　5.　To the extent the allegations contained in paragraph 5 relate to Barzinji, he denies the allegations contained in paragraph 5.  To the extent the allegations contained in paragraph 5 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

　　6-250.　Barzinji is wholly without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 6 through 250 and therefore denies those allegations.

251.   Barzinji admits that the Saar Foundation was incorporated in Herndon, Virginia, was granted 501(c)(3) status by the IRS and was dissolved in 2000.  Barzinji has no knowledge of any organization referred to by Plaintiffs as "this SAAR network" and denies each of the allegations contained in paragraph 251 that appear to equate or relate the Saar Foundation or Barzinji to something called the "SAAR network."   To the extent the remainder of the allegations contained in paragraph 251 relate to Barzinji, or to Ahmed Totonji, Hisham Al Talib, M. Yaqub Mirza, Mohamed Ashraf, M. Omar Ashraf, or Iqbal Unus, he denies these allegations as well.

252.   Barzinji denies any knowledge of or involvement with any so-called "SAAR Network" and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of paragraph 252 and therefore denies those allegations.  Barzinji denies the allegations contained in the third sentence of paragraph 252.

253.   Barzinji denies the allegations contained in paragraph 253 to the extent they relate to him.  To the extent the allegations contained in paragraph 253 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

254.   Barzinji denies the allegations contained in paragraph 254 that relate to him.  To the extent the allegations contained in paragraph 254 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

255.   To the extent the allegations contained in paragraph 255 relate to Barzinji, he denies the allegations contained in paragraph 255.  Barzinji specifically denies any knowledge of

or involvement with any entity known as the SAAR Network with "headquarters" at 555 Grove Street in Herndon, Virginia. To the extent the allegations contained in paragraph 255 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

256.    Barzinji admits that he was President of Mena Estates and that prior to Nada's designation as a Specially Designated Global Terrorist, Mena Estates loaned $500,000 to Yousef Nada.  Barzinji denies the remainder of the allegations contained in the first five sentences of paragraph 256 and specifically denies any knowledge of or involvement in any SAAR Network. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the remainder of paragraph 256, and therefore denies the allegations.

257.    To the extent the allegations contained in paragraph 257 connect Barzinji to something called the "SAAR Network," he denies them.  To the extent the allegations contained in paragraph 257 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

258.    To the extent the allegations contained in paragraph 258 relate to Barzinji, he denies the allegations contained in paragraph 258.  To the extent the allegations contained in paragraph 258 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

259-263.  Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 259 through 263, and therefore denies the allegations.

264. To the extent the allegations contained in paragraph 264 relate to Barzinji, he denies the allegations contained in paragraph 264, and he specifically denies any knowledge of or involvement with any so-called SAAR Network. To the extent the allegations contained in paragraph 264 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

265. Barzinji admits that federal authorities conducted a search of his home and the offices of various entities on March 20-21, 2002, but denies any knowledge or information concerning any entity or individual referred to by Plaintiffs as the "SAAR Network." To the best of his knowledge and belief, there is no such entity or individual. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 265, and therefore denies the allegations contained in paragraph 265.

266-68. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 266 through 268, and therefore denies the allegations. Barzinji specifically denies any knowledge of or involvement with any so-called SAAR Network.

269. To the extent the allegations contained in paragraph 269 relate to Barzinji, he denies the allegations contained in paragraph 269. Barzinji specifically denies any knowledge of or involvement with any so-called SAAR Network. To the extent the allegations contained in paragraph 269 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

270-386. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 270 through 386, and therefore denies the allegations.

387. Barzinji denies the allegations contained in paragraph 387 relate to Barzinji, and he specifically denies any knowledge of or involvement in any so-called SAAR Network. To the extent the allegations contained in paragraph 387 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

388-462. Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 388 through 462, and therefore denies the allegations.

462-495. To the extent the allegations contained in paragraphs 462 through 495 relate to Barzinji and require a response, he denies the allegations contained in paragraphs 462 through 495. To the extent the allegations contained in paragraph 462 through 495 relate to others and require a response, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiffs fail to state a claim against Barzinji for which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

**(Causation)**

There is no causal connection between any of Barzinji's alleged activities and plaintiffs' injuries.

### THIRD AFFIRMATIVE DEFENSE

### (Causation)

No alleged act or omission nor any act or omission of Barzinji proximately caused any harm or damage to plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

### (Other Tortfeasors)

Plaintiffs' damages and injuries were caused by other individuals or entities who or which are, or are not, named as parties to this action.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs are estopped from receiving the relief requested against Barzinji.

### SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

Plaintiffs' claims for punitive damages against Barzinji are barred because Barzinji's activities, as alleged by plaintiffs, were not committed with intent, malice, willful and outrageous conduct aggravated by evil motive, or reckless indifference, and none of Barzinji's activities in any way were intended to, or did harm, the plaintiffs in this action.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Double Recovery)

Plaintiffs' claims for compensatory and punitive damages are barred to the extent that any of the plaintiffs are also seeking recovery against Barzinji, for the same or similar claims, in

any other action pending in the Case 03 MDL 1570 (RCC) pending in the United States District Court for the Southern District of New York.

## EIGHTH AFFIRMATIVE DEFENSE

In response to plaintiffs' claims, Barzinji intends to invoke any other defenses, including affirmative defenses, as they may become apparent through discovery, and reserves the right to assert such defenses.

## CONCLUSION

Barzinji requests that Plaintiffs' Sixth Amended Consolidated Complaint be dismissed with prejudice as to Barzinji, and that the Court award attorney's fees and costs to Barzinji in defending against a case with no factual or legal basis against Barzinji, and award any other relief that the Court deems just under the circumstances.

Respectfully submitted,

Dated:   October 15, 2010              By:   /s/ Nancy Luque_____
                                             Nancy Luque (NL-1012)
                                             LUQUE MARINO LLP
                                             910 17th Street, NW, Suite 800
                                             Washington, DC  20006
                                             Telephone:   202.223.8888
                                             Facsimile:   202.223.8677

                                             Steven K. Barentzen (SB-8777)
                                             LAW OFFICE OF STEVEN BARENTZEN
                                             1575 Eye Street, N.W., Suite 300
                                             Washington, DC 20005
                                             Telephone:   202.289.4333
                                             Facsimile:   202.289.8450

                                             *Attorneys for Dr. Jamal Barzinji*