**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE TERRORIST ATTACK
ON SEPTEMBER 11, 2001

Civil Action No. 03 MDL 1570 (RCC)

This document relates to:

*Burnett v. Al Baraka Investment and Dev. Corp.*, Case No. 02-cv-1616

**JAMAL BARZINJI'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Dr. Jamal Barzinji, through undersigned counsel, hereby submits his Answer and
Affirmative Defenses to Plaintiffs' Third Amended Complaint.

With respect to the allegations in the "Introduction," to the extent those allegations relate
to Barzinji, he denies them.  To the extent the allegations relate to others, Barzinji is without
knowledge or information sufficient to form a belief as to the truth or falsity of the allegations
and therefore he denies these allegations as well.

1-3.    The allegations contained in paragraphs 1 through 3 are conclusions of law to
which no response is required. To the extent these allegations are deemed to require a response,
they are denied.

4-260.  Barzinji is without knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraphs 4 through 260 and therefore denies
those allegations.

261.    Barzinji admits that the Saar Foundation was incorporated in Herndon, Virginia,
was granted 501(c)(3) status by the IRS and was dissolved in 2000, but denies any knowledge of
or involvement with any so-called SAAR Network, and specifically denies any allegations which

suggest that the Saar Foundation and the SAAR Network are one in the same, or related in any way.  He denies the remainder of the allegations contained in paragraph 261.

262.    Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences of paragraph 262 and therefore denies those allegations.  Barzinji denies the allegations related to the Saar Foundation contained in the third sentence of paragraph 262.

263.    Barzinji admits that federal authorities conducted a search of his home and the offices of various entities, but denies any knowledge or information concerning any so-called "SAAR Network."  Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 263, and therefore denies the allegations contained in paragraph 263.

264.    Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 264, and therefore denies the allegations.

265.    Barzinji denies the allegations contained in paragraph 265 relate to Barzinji, and specifically denies any knowledge of or involvement in any so-called SAAR Network.  To the extent the allegations contained in paragraph 265 relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

266.    To the extent the allegations contained in paragraph 266 relate to Barzinji, he denies them.  To the extent the allegations contained in paragraph 266 suggest a relationship or a connection between the Saar Foundation and the "SAAR Network," Barzinji denies such allegations.  And to the extent these allegations relate to others, Barzinji is without knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

267.    To the extent the allegations contained in paragraph 267 relate to Barzinji, he denies them.  To the extent the allegations contained in paragraph 267 suggest a relationship or a connection between the Saar Foundation and the "SAAR Network," Barzinji denies such allegations.  And to the extent these allegations relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

268-723.  To the extent the allegations contained in paragraphs 268 through 723 relate to Barzinji and require a response, he denies the allegations contained in paragraphs 268 through 723.  To the extent the allegations contained in paragraph 268 through 723 suggest a connection or relationship between the Saar Foundation and the "SAAR Network" Barzinji denies the allegation.  And to the extent these allegations relate to other, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

#### **(Failure to State a Claim)**

Plaintiffs fail to state a claim against Barzinji for which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

#### **(Causation)**

There is no causal connection between any of Barzinji's alleged activities and plaintiffs' injuries.

### THIRD AFFIRMATIVE DEFENSE

### (Causation)

No alleged act or omission nor any act or omission of Barzinji proximately caused any harm or damage to plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

### (Other Tortfeasors)

Plaintiffs' damages and injuries were caused by other individuals or entities that are, or are not, named as parties to this action.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs are estopped from receiving the relief requested against Barzinji.

### SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

Plaintiffs' claims for punitive damages against Barzinji are barred because Barzinji's activities, as alleged by plaintiffs, were not committed with intent, malice, willful and outrageous conduct aggravated by evil motive, or reckless indifference, and none of Barzinji's activities in any way were intended to, or did harm, the plaintiffs in this action.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Double Recovery)

Plaintiffs' claims for compensatory and punitive damages are barred to the extent that any of the plaintiffs are also seeking recovery against Barzinji, for the same or similar claims, in any other action pending in the Case 03 MDL 1570 (RCC) pending in the United States District Court for the Southern District of New York.

## EIGHTH AFFIRMATIVE DEFENSE

In response to plaintiffs' claims, Barzinji intends to invoke any other defenses, including affirmative defenses, as they may become apparent through discovery, and reserves the right to assert such defenses.

## <u>CONCLUSION</u>

Barzinji requests that Plaintiffs' Third Amended Complaint be dismissed with prejudice as to Barzinji, and that the Court award attorney's fees and costs to Barzinji in defending against a case with no factual or legal basis against Barzinji, and award any other relief that the Court deems just under the circumstances.

Respectfully submitted,

Dated:   October 15, 2010

By:  /s/ Nancy Luque_____
Nancy Luque (NL-1012)
LUQUE MARINO LLP
910 17th Street, NW, Suite 800
Washington, DC  20006
Telephone:   202.223.8888
Facsimile:    202.223.8677

Steven K. Barentzen (SB-8777)
LAW OFFICE OF STEVEN BARENTZEN
1575 Eye Street, N.W., Suite 300
Washington, DC 20005
Telephone:   202.289.4333
Facsimile:    202.289.8450

*Attorneys for Dr. Jamal Barzinji*