**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (RCC) |

This document relates to:

*Continental Casualty Co. v. Al Qaeda,* Case No. 04-cv-5970

**JAMAL BARZINJI'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Dr. Jamal Barzinji, through undersigned counsel, hereby submits his Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint.

1.      To the extent the allegations in paragraph 1 relate to Barzinji, he denies the allegations.  To the extent the allegations relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

2-4.    The allegations contained in paragraphs 2 through 4 are conclusions of law to which no response is required. To the extent these allegations are deemed to require a response, they are denied.

5-375.  The allegations in paragraphs 5 through 375 relate to defendants other than Barzinji.  Therefore, Barzinji is not required to respond to these allegations.  To the extent he is required to do so, he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 5 through 375 and therefore denies those allegations.

376.    Barzinji admits his home was searched by government agents.  He denies the remainder of the allegations in paragraph 376 that relate to him and specifically denies that the

U.S. government has frozen his assets.  As to those allegations that relate to others, he is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

and therefore denies those allegations.

377-470.  The allegations in paragraphs 377 through 470 relate to defendants other than

Barzinji.  Therefore, Barzinji is not required to respond to these allegations.  To the extent he is

required to do so, he is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraphs 377 through 470 and therefore denies

those allegations.

471.  Barzinji denies the allegations in paragraph 471 that relate to him and has no

knowledge of any organization referred to by Plaintiffs as the "SAAR network" and specifically

denies each of the allegations contained in paragraph 471 that appear to equate or relate the Saar

Foundation or Barzinji to something called the "SAAR network."  To the extent the allegations

contained in paragraph 471 relate to others, Barzinji is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the

allegations.

472-473.  To the extent the allegations contained in paragraph 472 through 473 relate to

Barzinji, he denies the allegations contained in paragraph 473.  He specifically denies any

knowledge of or involvement in any so-called SAAR Network.  To the extent the allegations

contained in paragraphs 472 through 473 relate to others, Barzinji is without knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations and therefore

denies the allegations.

474-617.      To the extent the allegations contained in paragraphs 474 through 617

relate to Barzinji, he denies the allegations contained in paragraphs 474 through 617.  To the

extent the allegations contained in paragraphs 474 through 617 relate to others and require a response, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

Barzinji objects to the Addendum of the Second Amended Complaint because it does not comply with Federal Rule of Civil Procedure 10(b).  To the extent a response is required to the allegations contained in the Addendum, Barzinji denies the allegations.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs fail to state a claim against Barzinji for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Causation)

There is no causal connection between any of Barzinji's alleged activities and plaintiffs' injuries.

### THIRD AFFIRMATIVE DEFENSE

### (Causation)

No alleged act or omission nor any act or omission of Barzinji proximately caused any harm or damage to plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

### (Other Tortfeasors)

Plaintiffs' damages and injuries were caused by other individuals or entities who or which are, or are not, named as parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs are estopped from receiving the relief requested against Barzinji.

## SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

Plaintiffs' claims for punitive damages against Barzinji are barred because Barzinji's activities, as alleged by plaintiffs, were not committed with intent, malice, willful and outrageous conduct aggravated by evil motive, or reckless indifference, and none of Barzinji's activities in any way were intended to, or did harm, the plaintiffs in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Double Recovery)

Plaintiffs' claims for compensatory and punitive damages are barred to the extent that any of the plaintiffs are also seeking recovery against Barzinji, for the same or similar claims, in any other action pending in the Case 03 MDL 1570 (RCC) pending in the United States District Court for the Southern District of New York.

## EIGHTH AFFIRMATIVE DEFENSE

In response to plaintiffs' claims, Barzinji intends to invoke any other defenses, including affirmative defenses, as they may become apparent through discovery, and reserves the right to assert such defenses.

## CONCLUSION

Barzinji requests that Plaintiffs' Second Amended Complaint be dismissed with prejudice as to Barzinji, and that the Court award attorney's fees and costs to Barzinji in defending against a case with no factual or legal basis against Barzinji, and award any other relief that the Court deems just under the circumstances.

Respectfully submitted,


Dated:   October 15, 2010

By:   /s/ Nancy Luque
Nancy Luque (NL-1012)
LUQUE MARINO LLP
910 17th Street, NW, Suite 800
Washington, DC  20006
Telephone:   202.223.8888
Facsimile:   202.223.8677

Steven K. Barentzen (SB-8777)
LAW OFFICE OF STEVEN BARENTZEN
1575 Eye Street, N.W., Suite 300
Washington, DC 20005
Telephone:   202.289.4333
Facsimile:   202.289.8450

*Attorneys for Dr. Jamal Barzinji*