**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (RCC) |

This document relates to:

*New York Marine and General Ins. Co. v. Al Qaida,* Case No. 04-cv-6105

**JAMAL BARZINJI'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' SECONDAMENDED COMPLAINT**

Dr. Jamal Barzinji, through undersigned counsel, hereby submits his Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint.

1-45.   To the extent the allegations in paragraphs 1 through 45 relate to Barzinji, he denies the allegations. To the extent the allegations relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

46-48.   The allegations contained in paragraphs 46 through 48 are conclusions of law to which no response is required. To the extent these allegations are deemed to require a response, they are denied.

49-453.   Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 49 through 453 and therefore denies those allegations.

454.   Barzinji admits that he was an officer of Safa Trust, Mar-Jac Poultry, Inc. and Saar Foundation, has served as a board member of the International Institute of Islamic Thought, in the 1970's was a board member of WAMY, and was a board member of the American Muslim Council, but denies all of the other allegations in paragraph 454. Specifically, Barzinji denies

that he is a Saudi national and that he has any knowledge of any organization referred to by Plaintiffs as "this SAAR network" and denies each of the allegations contained in paragraph 454 that appear to equate or relate the Saar Foundation or Barzinji to something called the "SAAR network."

455.   Barzinji denies the allegation in paragraph 455.

456-534.   To the extent the allegations contained in paragraphs 456 through 534 relate to Barzinji and require a response, he denies them.  To the extent the allegations contained in paragraphs 456 through 534 relate to others and require a response, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiffs fail to state a claim against Barzinji for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Causation)**

There is no causal connection between any of Barzinji's alleged activities and plaintiffs' injuries.

### THIRD AFFIRMATIVE DEFENSE

**(Causation)**

No alleged act or omission nor any act or omission of Barzinji proximately caused any harm or damage to plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

**(Other Tortfeasors)**

Plaintiffs' damages and injuries were caused by other individuals or entities that are, or are not, named as parties to this action.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs are estopped from receiving the relief requested against Barzinji.

**SIXTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

Plaintiffs' claims for punitive damages against Barzinji are barred because Barzinji's activities, as alleged by plaintiffs, were not committed with intent, malice, willful and outrageous conduct aggravated by evil motive, or reckless indifference, and none of Barzinji's activities in any way were intended to, or did harm, the plaintiffs in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Double Recovery)**

Plaintiffs' claims for compensatory and punitive damages are barred to the extent that any of the plaintiffs are also seeking recovery against Barzinji, for the same or similar claims, in any other action pending in the Case 03 MDL 1570 (RCC) pending in the United States District Court for the Southern District of New York.

**EIGHTH AFFIRMATIVE DEFENSE**

In response to plaintiffs' claims, Barzinji intends to invoke any other defenses, including affirmative defenses, as they may become apparent through discovery, and reserves the right to assert such defenses.

## **CONCLUSION**

Barzinji requests that Plaintiffs' Second Amended Complaint be dismissed with prejudice as to Barzinji, and that the Court award attorney's fees and costs to Barzinji in defending against a case with no factual or legal basis against Barzinji, and award any other relief that the Court deems just under the circumstances.

Respectfully submitted,

Dated:   October 15, 2010                By:  /s/ Nancy Luque
Nancy Luque (NL-1012)
LUQUE MARINO LLP
910 17th Street, NW, Suite 800
Washington, DC  20006
Telephone:   202.223.8888
Facsimile:    202.223.8677

Steven K. Barentzen (SB-8777)
LAW OFFICE OF STEVEN BARENTZEN
1575 Eye Street, N.W., Suite 300
Washington, DC 20005
Telephone:   202.289.4333
Facsimile:    202.289.8450

*Attorneys for Dr. Jamal Barzinji*