**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACK ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (RCC) |

This document relates to:

*New York Marine and General Ins. Co. v. Al Qaida,* Case No. 04-cv-6105

**JAMAL BARZINJI'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' COMPLAINT**

Dr. Jamal Barzinji, through undersigned counsel, hereby submits his Answer and Affirmative Defenses to Plaintiffs' Complaint.

1-40.   To the extent the allegations in paragraphs 1 through 40 relate to Barzinji, he denies the allegations.  To the extent the allegations relate to others, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies these allegations as well.

41-43.  The allegations contained in paragraphs 41 through 43 are conclusions of law to which no response is required. To the extent these allegations are deemed to require a response, they are denied.

44-214.  The allegations contained in paragraphs 44 through 214 relate to defendants other than Barzinji, therefore Barzinji is not required to admit or deny these allegations.  To the extent Barzinji is required to respond to these allegations, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 44 through 214 and therefore denies those allegations.

215.   Barzinji admits that the Saar Foundation was incorporated in Herndon, Virginia at 555 Grove Street as a non-profit organization and dissolved in 2000.  Barzinji also admits that he

was Chairman of the Saar Foundation at one point in time.  He denies the remainder of the allegations that relate to him and has no knowledge of any organization referred to by Plaintiffs as the "SAAR network" and denies each of the allegations contained in paragraph 215 that appear to equate or relate the Saar Foundation or Barzinji to something called the "SAAR network."  Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to others and therefore denies those allegations.

      216-438.  The allegations contained in paragraphs 216 through 438 relate to defendants other than Barzinji, therefore Barzinji is not required to admit or deny these allegations.  But Barzinji denies the allegations to the extent they can be interpreted to state that "organizations at 555 Grove Street" are "known or reasonably suspected terrorist organizations," and to the extent Barzinji is required to respond to others of these allegations, Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 216 through 438 and therefore denies them..

      439-441.     Barzinji denies the allegations contained in paragraphs 439 through 441 that relate to him, and specifically denies any knowledge of or involvement with any so-called "SAAR Network."  Barzinji is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 439 through 441 relating to other defendants and therefore denies those allegations.

      442-1192.     To the extent the allegations contained in paragraphs 442 through 1192 relate to Barzinji and require a response, he denies the allegations contained in paragraphs 442 through 1192.  To the extent the allegations contained in paragraphs 442 through 1192 relate to defendants other than Barzinji and require a response, Barzinji is without knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiffs fail to state a claim against Barzinji for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Causation)**

There is no causal connection between any of Barzinji's alleged activities and plaintiffs' injuries.

### THIRD AFFIRMATIVE DEFENSE

**(Causation)**

No alleged act or omission nor any act or omission of Barzinji proximately caused any harm or damage to plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

**(Other Tortfeasors)**

Plaintiffs' damages and injuries were caused by other individuals or entities who or which are, or are not, named as parties to this action.

### FIFTH AFFIRMATIVE DEFENSE

**(Estoppel)**

Plaintiffs are estopped from receiving the relief requested against Barzinji.

### SIXTH AFFIRMATIVE DEFENSE

**(Punitive Damages)**

Plaintiffs' claims for punitive damages against Barzinji are barred because Barzinji's activities, as alleged by plaintiffs, were not committed with intent, malice, willful and outrageous conduct aggravated by evil motive, or reckless indifference, and none of Barzinji's activities in any way were intended to, or did harm, the plaintiffs in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Double Recovery)

Plaintiffs' claims for compensatory and punitive damages are barred to the extent that any of the plaintiffs are also seeking recovery against Barzinji, for the same or similar claims, in any other action pending in the Case 03 MDL 1570 (RCC) pending in the United States District Court for the Southern District of New York.

## EIGHTH AFFIRMATIVE DEFENSE

In response to plaintiffs' claims, Barzinji intends to invoke any other defenses, including affirmative defenses, as they may become apparent through discovery, and reserves the right to assert such defenses.

## CONCLUSION

Barzinji requests that Plaintiffs' Complaint be dismissed with prejudice as to Barzinji, and that the Court award attorney's fees and costs to Barzinji in defending against a case with no factual or legal basis against Barzinji, and award any other relief that the Court deems just under the circumstances.

Respectfully submitted,

Dated: October 15, 2010       By: /s/ Nancy Luque_____
                                   Nancy Luque (NL-1012)
                                   LUQUE MARINO LLP
                                   910 17th Street, NW, Suite 800
                                   Washington, DC  20006

Telephone:   202.223.8888
Facsimile:    202.223.8677

Steven K. Barentzen (SB-8777)
LAW OFFICE OF STEVEN BARENTZEN
1575 Eye Street, N.W., Suite 300
Washington, DC 20005
Telephone:   202.289.4333
Facsimile:    202.289.8450

*Attorneys for Dr. Jamal Barzinji*