**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(FM) ECF Case |

This document relates to: *O'Neill, et al. v. Al Baraka Investment and Development Corporation, et al., Case No. 04 CV 1923*

**DEFENDANTS WORLD ASSEMBLY OF MUSLIM YOUTH SAUDI ARABIA AND WORLD ASSEMBLY OF MUSLIM YOUTH INTERNATIONAL ANSWER TO PLAINTIFFS' SECOND AMDENDED CLASS ACTION COMPLAINT[1]**

1. Defendants are without knowledge or information sufficient to admit or deny. Defendant admits only that on September 11, 2001, passenger jet airliners crashed into the World Trade Center Towers in New York, the Pentagon in Arlington County, Virginia, and a field near Shanksville, Pennsylvania.

2. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

3. To the extent these allegations are deemed to require a response, they are denied.

4. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

5. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

6. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

---

[1] Note that each numbered paragraph in this answer corresponds with and responds to the paragraph in the *O'Neill v. Al Baraka Investment and Devel. Corp.* Second Amended Class Action Complaint bearing the same number.

7.  Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

8.  Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

9.  Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

10. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

11. To the extent these allegations are deemed to require a response, they are denied.

## JURISDICTION AND VENUE

12. To the extent these allegations are deemed to require a response, they are denied.

13. To the extent these allegations are deemed to require a response, they are denied.

## PLAINTIFFS

14. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

15. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

16. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

17. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

18. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

19. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

20. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

21. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

## **<u>DEFENDANTS</u>**

22. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

23. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

24. To the extent the allegations implicate Defendants, the allegations are denied. Defendants further deny that Defendant WAMY Saudi Arabia is also known as  Defendant WAMY International.  Defendant WAMY International admits that WAMY International is a U.S. based organization separate from WAMY Saudi Arabia.  Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

25. To the extent the allegations implicate Defendants, the allegations are denied. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

26. To the extent the allegations implicate Defendants, the allegations are denied. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

27. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

## COMMON FACTUAL ALLEGATIONS

28. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

29. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

30. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

31. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

32. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

33. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

34. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

35. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

36. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

37. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

38. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

39. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

40. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

41. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

42. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

43. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

44. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

45. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

46. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

47. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

48. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

49. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

50. To the extent the allegations implicate Defendants, the allegations are denied. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

51. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

52. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

53. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

54. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

55. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

56. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

57. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

58. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

59. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

60. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

61. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

62. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

63. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

64. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

65. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

66. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

67. To the extent the allegations implicate Defendants, the allegations are denied. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

68. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

69. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

70. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

71. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

72. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

73. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

74. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

75. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

76. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

77. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

78. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

79. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

80. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

81. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

82. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

83. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

84. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

85. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

86. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

87. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

88. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

89. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

90. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

91. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

92. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

93. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

94. To the extent the allegations implicate Defendants, the allegations are denied. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

95. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

96. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

97. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

98. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

99. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

100.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

101.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

102.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

103.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

104.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

105.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

106.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

107.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

108.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

109.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

110.   Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

111.   To the extent the allegations implicate Defendants, the allegations are denied. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

112.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

113.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

114.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

115.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

116.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

117.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

118.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

119.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

120.    To the extent the allegations implicate Defendants, the allegations are denied. Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

121.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

122.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

123.    To the extent the allegations implicate Defendants, the allegations are

denied.  Defendants further deny that Defendant WAMY Saudi Arabia is also

known as Defendant WAMY International.  Defendant WAMY International

admits that WAMY International is a U.S. based organization separate from

WAMY Saudi Arabia.  To the extent the allegations implicate other

defendants, Defendants are without knowledge or information sufficient to

admit or deny, therefore the allegations are denied.

124.    To the extent the allegations implicate Defendants, the allegations are

denied.  To the extent the allegations implicate other defendants, Defendants

are without knowledge or information sufficient to admit or deny, therefore

the allegations are denied.

125.    To the extent the allegations implicate Defendants, the allegations are

denied.  To the extent the allegations implicate other defendants, Defendants

are without knowledge or information sufficient to admit or deny, therefore

the allegations are denied.

126.    Defendants are without knowledge or information sufficient to admit or

deny, therefore the allegations are denied.

**CLASS ACTION ALLEGATIONS**

127.    To the extent these allegations are deemed to require a response, they are

denied.

128.    To the extent these allegations are deemed to require a response, they are

denied.

129.   To the extent these allegations are deemed to require a response, they are denied.

130.   To the extent these allegations are deemed to require a response, they are denied.

131.   To the extent these allegations are deemed to require a response, they are denied.

132.   To the extent these allegations are deemed to require a response, they are denied.

133.   Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause.

## COUNT ONE

## TORTURE VICTIM PROTECTION ACT

134.   Defendants incorporate their responses to the preceding paragraphs by reference.

135.   This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

136.   This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

137.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

## COUNT TWO

## ALIEN TORT CLAIMS ACT

138.    Defendants incorporate their responses to the preceding paragraphs by reference.

139.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

140.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

141.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the

allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

## COUNT THREE

## WRONGFUL DEATH

142.    Defendants incorporate their responses to the preceding paragraphs by reference.

143.    To the extent the allegations implicate Defendants, the allegations are denied.  To the extent the allegations implicate other defendants, Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

144.    To the extent the allegations implicate Defendants, the allegations are denied.  To the extent the allegations implicate other defendants, Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

145.    To the extent the allegations implicate Defendants, the allegations are denied.  To the extent the allegations implicate other defendants, Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

146.    To the extent the allegations implicate Defendants, the allegations are denied.  To the extent the allegations implicate other defendants, Defendants

are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

147.    To the extent the allegations implicate Defendants, the allegations are denied.  To the extent the allegations implicate other defendants, Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

## COUNT FOUR

## SURVIVAL

148.    Defendants incorporate their responses to the preceding paragraphs by reference.

149.    To the extent the allegations implicate Defendants, the allegations are denied.  To the extent the allegations implicate other defendants, Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

150.    To the extent the allegations implicate Defendants, the allegations are denied.  To the extent the allegations implicate other defendants, Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the

WHEREFORE clause from Defendants.  Defendants are without knowledge
or information sufficient to admit or deny whether Plaintiffs are entitled to
relief from other defendants.

### COUNT FIVE

### NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL
### DISTRESS

151.    Defendants incorporate their responses to the preceding paragraphs by
reference.

152.    This Count was dismissed pursuant to the Court's Order of September 13,
2010 as far as negligent infliction of emotional distress is concerned, and
therefore these paragraphs require no response.  To the extent the Count is not
dismissed and the allegations implicate Defendants, the allegations are denied.

153.    This Count was dismissed pursuant to the Court's Order of September 13,
2010 as far as negligent infliction of emotional distress is concerned, and
therefore these paragraphs require no response.  To the extent the Count is not
dismissed and the allegations implicate Defendants, the allegations are denied.

154.    This Count was dismissed pursuant to the Court's Order of September 13,
2010 as far as negligent infliction of emotional distress is concerned, and
therefore these paragraphs require no response.  To the extent the Count is not
dismissed and the allegations implicate Defendants, the allegations are denied.

155.    This Count was dismissed pursuant to the Court's Order of September 13,
2010 as far as negligent infliction of emotional distress is concerned, and
therefore these paragraphs require no response.  To the extent the Count is not

dismissed and the allegations implicate Defendants, the allegations are denied. Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

<u>**COUNT SIX**</u>

<u>**CONSPIRACY**</u>

156.    Defendants incorporate their responses to the preceding paragraphs by reference.

157.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

158.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

159.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

160.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the

Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

161.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

## COUNT SEVEN

## AIDING AND ABETTING

162.    Defendants incorporate their responses to the preceding paragraphs by reference.

163.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

164.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

165.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

## COUNT EIGHT

## NEGLIGENCE

166.    Defendants incorporate their responses to the preceding paragraphs by reference.

167.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

168.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

169.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the

Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

170.     This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

**COUNT NINE**

**18 U.S.C. Section 2333 (ANTI-TERRORISM ACT)**

171.     Defendants incorporate their responses to the preceding paragraphs by reference.

172.     To the extent the allegations implicate Defendants, the allegations are denied.  To the extent the allegations implicate other defendants, Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

173.     To the extent the allegations implicate Defendants, the allegations are denied.  To the extent the allegations implicate other defendants, Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

174.     To the extent the allegations implicate Defendants, the allegations are
denied.  To the extent the allegations implicate other defendants, Defendants
are without knowledge or information sufficient to admit or deny, therefore
the allegations are denied.

175.     To the extent the allegations implicate Defendants, the allegations are
denied.  To the extent the allegations implicate other defendants, Defendants
are without knowledge or information sufficient to admit or deny, therefore
the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the
WHEREFORE clause from Defendants.  Defendants are without knowledge
or information sufficient to admit or deny whether Plaintiffs are entitled to
relief from other defendants.

## COUNT TEN

## 18 U.S.C. Section 1962(a) – CIVIL RICO

176.     Defendants incorporate their responses to the preceding paragraphs by
reference.

177.     This Count was dismissed pursuant to the Court's Order of September 13,
2010, and therefore these paragraphs require no response.  To the extent the
Count is not dismissed and the allegations implicate Defendants, the
allegations are denied.

178.     This Count was dismissed pursuant to the Court's Order of September 13,
2010, and therefore these paragraphs require no response.  To the extent the

Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

179.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

180.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

## COUNT ELEVEN

## PUNITIVE DAMAGES

181.    Defendants incorporate their responses to the preceding paragraphs by reference.

182.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

183.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

## COUNT FIFTEEN

## PUNITIVE DAMAGES – AGENCIES AND INSTRUMENTALITIES OF FOREIGN STATE DEFENDANT

184.    Defendants incorporate their responses to the preceding paragraphs by reference.

185.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

186.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

187.    This Count was dismissed pursuant to the Court's Order of September 13, 2010, and therefore these paragraphs require no response.  To the extent the

Count is not dismissed and the allegations implicate Defendants, the allegations are denied.

Defendants deny that Plaintiffs are entitled to the relief listed in the WHEREFORE clause from Defendants.  Defendants are without knowledge or information sufficient to admit or deny whether Plaintiffs are entitled to relief from other defendants.

188.    These allegations are conclusions of law to which no response is required. To the extent these allegations are deemed to require a response, Defendants deny that Plaintiffs are entitled to the relief listed in this paragraph.

## **VICTIMS LIST**

1.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

2.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

3.    Defendants are without knowledge or information sufficient to admit or deny, therefore the allegations are denied.

## **AFFIRMATIVE DEFENSES**

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  This Court does not have personal jurisdiction over Plaintiffs' claims against Defendants.

3.  This Court does not subject matter jurisdiction over Plaintiffs' claims against Defendants.

4.  There is no causal connection between any of Defendants' activities and Plaintiffs' alleged injuries.

5.  No act or omission of any agent, servant, or employee of Defendants proximately caused any harm or damages to Plaintiffs.

6.  Plaintiffs fail to adequately allege scienter.

7.  Plaintiffs fail to adequately allege proximate cause.

8.  Plaintiffs' alleged damages and injuries were caused by other individuals or entities who are, or are not, named as parties to this action.

9.  Defendants are not liable for Plaintiffs' damages based on the doctrines of several liability and/or combined or comparative fault pursuant to N.Y. C.P.L.R. Section 1601 et seq.

10. This Court is not proper venue for Plaintiff' claims against Defendants.

11. Plaintiffs have waived their claims based on the doctrine disallowing double-recovery.

12. Plaintiffs have waived their claims based on the collateral source doctrine.

13. Plaintiffs have waived their claim based on the doctrine of equitable subrogation.

14. Plaintiffs' claims are barred to the extent that they failed to mitigate damages.

15. Plaintiffs have waived their claims against Defendants.

16. Plaintiffs' claims have been waived to the extent that certain Plaintiffs are seeking recovery against Defendants for the same or similar claims in other actions comprising the multi-district litigation entitled *In re Terrorist Attacks*

*on September 11, 2001*, 03 MDL 1570 (RCC), pending the United States

District Court for the Southern District of New York.

17. Plaintiffs' state-law claims are pre-empted by federal law.

18. Plaintiffs' claims are barred based on principles of International Comity.

19. Plaintiffs' claims are barred by the doctrines of laches.

20. Plaintiffs' claims are barred by the doctrine of election of remedies.

21. Plaintiffs' claims are barred by Political Question doctrine.

22. Plaintiffs' claims are barred based on Sovereign Immunity.

23. Plaintiffs' claims are barred by the Act of State doctrine.

24. Plaintiffs have released their claims against Defendants.

25. Plaintiffs have discharged their claims against Defendants.

26. Plaintiffs' claims are barred by the doctrine of compromise and settlement.

27. Plaintiffs are precluded from asserting their claims by the doctrine of res

judicata.

28. Plaintiffs are precluded from asserting their claims by the doctrine of

collateral estoppel.

29. Plaintiffs lack standing to pursue their claims against Defendants.

30. Plaintiffs' claims are barred by the statute of limitations.

31. Plaintiffs are estopped from receiving the relief requested against Defendants.

32. Plaintiffs' claims are barred to the extent that they violate Defendants' right to

Due Process.

33. Plaintiffs' claims are invalid in light of workers' compensation laws,

regulations, rules and case law.

34. Plaintiffs' claims for punitive damages against Defendants are invalid because Defendants' activities as alleged by Plaintiffs, were not committed with intent, malice and outrageous conduct aggravated by evil motive, or reckless indifference and none of Defendants' activities in any way were intended to, or did harm, the Plaintiffs in this action.

35. Defendants intend to invoke all other defenses, including affirmative defenses, that become apparent in the future (including through discovery) and reserve the right, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, to assert such defenses at a later point in time.

Dated: October 15, 2010             Respectfully submitted,


                                    /s/Omar T. Mohammedi_____
                                    Omar T. Mohammedi, Esq.
                                    Law Firm of Omar T. Mohammedi, LLC
                                    Woolworth Building
                                    233 Broadway, Suite 801
                                    New York, NY 10279
                                    *Attorneys for World Assembly of Muslim Youth*
                                    *Saudi Arabia and World Assembly of Muslim Youth*
                                    *International*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 15, 2010, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 of June 16, 2004.

/s/Omar T. Mohammedi_____
Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 801
New York, NY 10279
*Attorneys for World Assembly of Muslim Youth*
*Saudi Arabia and World Assembly of Muslim Youth*
*International*