# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

                                                      )

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    ) No. 03 MDL 1570 (GBD/FM)
                                                      )        ECF Case

_____)

This document relates to:

      ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
          Case No. 02-CV-6977;
      BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*,
          Case No. 03-CV-5738;
      CANTOR FITZGERALD ASSOCIATES, LP, *et al.* v. AKIDA INVESTMENT CO., LTD., *et al.*,
          Case No. 04-CV-7065;
      CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
          Case No. 04-CV-05970;
      EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
          Case No. 04-CV-07279;
      FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*,
          Case No. 03-CV-6978;
      ESTATE OF O'NEILL, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
          Case No. 04-CV-1923; and
      WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND
          DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

## Defendant Al Haramain Islamic Foundation, Inc. (USA)
## <u>Rule 72 Objections to October 28, 2010 Ruling</u>

**Table of Contents**

I.   Factual and Procedural Background   .        .        .        .        .        .        1

     A.   Judge Robertson's 2002 Ruling        .        .        .        .        .        1

     B.   Discovery (2003 and 2004) and Plaintiffs' Motion to Compel (2009)        2

     C.   This Court's Ruling on AHIF-USA's Motion to Dismiss        .        .        3

     D.   The Magistrate Judge's Ruling on Plaintiffs' Motion to Compel        .        4

II.  Standard of Review        .        .        .        .        .        .        .        .        5

III. The Magistrate Judge's Ruling Impermissibly Converted Plaintiffs' Discovery
     Motion to Compel into a Motion for Summary Judgment in Plaintiffs' Favor,
     Thereby Violating the Law of the Case Doctrine        .        .        .        .        6

     A.   Judge Robertson's Ruling Is the Law of the Case        .        .        .        6

     B.   Disputed Issues of Material Fact Exist as to Whether the Two Defendants
          are Alter Egos, Which Cannot be Resolved on a Discovery Motion        8

IV.  The Magistrate Judge's Ruling that AHIF-USA has to Produce Documents
     from Al Haramain Saudi Arabia was Clearly Erroneous or Contrary to Law        11

V.   The Magistrate Judge's Ruling Denying AHIF-USA's Overbreadth and
     Burdensomeness Objections was Clearly Erroneous or Contrary to Law        .        14

VI.  Conclusion        .        .        .        .        .        .        .        .        .        15

**Table of Authorities**

**Cases:**

American Booksellers Assn. v. Houghton Mifflin Co.,
    No. 94 Civ. 8566 (JFK), 1995 WL 72376 (S.D.N.Y. Feb. 22, 1995)  .  13

Burnett v. Al Baraka Inv. & Devel. Corp.,
    274 F. Supp. 2d 86 (D.D.C. 2003)  .  .  .  .  .  .  *passim*

Camofi Master LDC v. College P'ship, Inc.,
    452 F. Supp. 2d 462 (S.D.N.Y. 2006)  .  .  .  .  .  9, 11

Greene v. WCI Holdings Corp.,
    956 F. Supp. 509 (S.D.N.Y. 1997)  .  .  .  .  .  .  5

Highland Capital Mgmt., L.P. v. Schneider,
    551 F. Supp. 2d 173 (S.D.N.Y. 2008)  .  .  .  .  .  6, 11

*In re* Brand-Name Prescription Drugs Antitrust Litig.,
    264 F. Supp. 2d 1372 (J.P.M.L. 2003)  .  .  .  .  .  7

*In re* Multi-Piece Rim Products Liability Litig.,
    653 F.2d 671 (D.C. Cir. 1981)  .  .  .  .  .  .  7

*In re* Ski Train Fire in Kaprun, Austria on Nov. 11, 2000,
    224 F.R.D. 543 (S.D.N.Y. 2004)  .  .  .  .  .  .  7

*In re* Terrorist Attacks on Sept. 11, 2001,
    No. 03 MDL 1570 (GBD), 2010 WL 3783702 (S.D.N.Y. Sept. 13, 2010)  .  *passim*

Integrated Systems & Power, Inc. v. Honeywell Intl., Inc.,
    No. 09 CV 5874 (RPP), 2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009)  .  13

Jackson v. Goord,
    664 F. Supp. 2d 307 (S.D.N.Y. 2009)  .  .  .  .  .  5, 8

Magnetic Eng'g and Mfg. Co. v. Dings Mfg. Co.,
    178 F.2d 866 (2d Cir. 1950)  .  .  .  .  .  .  7

M'Baye v. N.J. Sports Production, Inc.,
    No. 06 Civ. 3439 (DC), 2008 WL 1849777 (S.D.N.Y. Apr. 21, 2008)  .  12

Miramax Film Corp. v. Abraham,
    No. 01 CV 5202 (GBD), 2003 WL 22832384 (S.D.N.Y. Nov. 25, 2003)  .  9

Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand,
    322 F.3d 147 (2d Cir. 2003)   .   .   .   .   .   .   .   7-8

Rosendale v. Lejeune,
    420 F. Supp. 2d 315 (S.D.N.Y. 2006)   .   .   .   .   .   14-15

Shcherbakovskiy v. Da Capo Al Fine, Ltd.,
    490 F.3d 130 (2d Cir. 2007)   .   .   .   .   .   .   .   11-13

Spencer Trask Software & Info. Serv., LLC, v. RPost Intl. Ltd.,
    206 F.R.D. 367 (S.D.N.Y. 2002)   .   .   .   .   .   .   13

United States v. Funds Held in the Name of or for the Benefit of Wetterer,
    210 F.3d 96 (2d Cir. 2000)   .   .   .   .   .   .   .   9, 11

Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,
    933 F.2d 131 (2d Cir. 1991)   .   .   .   .   .   .   .   8-11

Zervos v. S.S. Sam Houston,
    79 F.R.D. 593 (S.D.N.Y. 1978)   .   .   .   .   .   .   12

**Statutes, Rules, and Regulations:**

28 U.S.C. § 636(b)(1) .   .   .   .   .   .   .   .   .   *passim*

Rule 72, Fed. R. Civ. P.   .   .   .   .   .   .   .   .   *passim*

**Other Sources:**

Office of Foreign Assets Control, "Specially Designated Nationals and Blocked
Persons" http://www.treas.gov/offices/enforcement/ofac/sdn/t11sdn.pdf
(last updated Nov. 4, 2010)   .   .   .   .   .   .   .   .   14

Defendant Al Haramain Islamic Foundation, Inc. (USA) ("AHIF-USA"), pursuant to 28 U.S.C. § 636(b)(1) and Rule 72, Fed. R. Civ. P., respectfully submits its objections to the Magistrate Judge's ruling dated October 28, 2010, on the <u>Burnett</u> plaintiffs' motion to compel. That ruling required AHIF-USA to produce documents in the possession, custody, or control of another defendant, the Al-Haramain Foundation (Saudi Arabia) ("Al Haramain Saudi Arabia"), based on the Magistrate Judge's determination that these two defendants were alter egos.

As set forth below, the Magistrate Judge's ruling was in error, since it effectively granted summary judgment to the <u>Burnett</u> plaintiffs on a disputed issue of material fact – whether the two defendants are alter egos or "one and the same" – that both Judge Robertson and this Court stated could only be resolved through discovery and a properly briefed motion for summary judgment, thereby violating the law of the case doctrine.  In particular, plaintiffs have not made the requisite showing of "complete domination" of AHIF-USA by Al Haramain Saudi Arabia.

The ruling was also in error as it failed to recognize that AHIF-USA has no possible means for obtaining documents in the possession of Al Haramain Saudi Arabia – and has been unable to do so since 2004, when the Saudi government shut down Al Haramain Saudi Arabia.

**I.      <u>Factual and Procedural Background.</u>**

**A.      <u>Judge Robertson's 2002 Ruling.</u>**

AHIF-USA was incorporated in Oregon as a non-profit organization in 1999, and was among the over three-hundred named defendants in the <u>Burnett</u> complaint filed in the U.S. District Court for the District of Columbia in August, 2002.  Al Haramain Saudi Arabia was named as a separate defendant in the <u>Burnett</u> complaint.  Judge Robertson granted AHIF USA's motion to dismiss the RICO, negligence, and negligent infliction of emotional distress claims, and denied the motion to dismiss as to plaintiffs' remaining claims against AHIF USA.  <u>Burnett</u>

v. Al Baraka Inv. & Devel. Corp., 274 F. Supp. 2d 86, 100-02, 108-09 (D.D.C. 2003).  Judge

Robertson specifically stated that while AHIF-USA "fervently disputes the allegation that it is

one and the same as Al-Haramain [Al Haramain Saudi Arabia]," that dispute "is a factual one, to

be sorted out in discovery, and with a motion for summary judgment, but not on a motion to

dismiss under Rule 12(b)(6)."  Burnett, 274 F. Supp. 2d at 104 n.11.

### B. Discovery (2003 and 2004) and Plaintiffs' Motion to Compel (2009).

AHIF-USA and the Burnett plaintiffs began discovery in August 2003.  AHIF-USA

produced documents in April 2004, as supplemented in October 2004.  See AHIF-USA, Opp. to

Mot. to Compel, at 2-3 (Dec. 10, 2009) (attached and incorporated hereto as Exhibit A).  The

majority of plaintiffs' discovery requests sought documents from Al Haramain Saudi Arabia and

yet other entities, including third parties that are not defendants in this litigation.  Id. at 6, 11.

AHIF-USA objected to producing documents from Al Haramain Saudi Arabia, on the

grounds that AHIF-USA "does not have possession, custody, or control of their records."  See

AHIF-USA, Resp. to Req. for Docs., at 3 ff. (Apr. 26, 2004) (attached as Exhibit 3 to Opp. to

Mot. to Compel).

However, plaintiffs did not respond to AHIF-USA's letters (dated April 29, 2004 and

October 28, 2004) regarding the scope of plaintiffs' discovery requests and AHIF-USA's

responses until September 2005, upon which AHIF-USA repeated that it could not produce

documents over which it did not have control, including those in the possession of Al Haramain

Saudi Arabia.  See Ex. A, at 2-3 & A. Kabat letter to R. Haefele (Sept. 21, 2005) (attached as

Exhibit 9 to Opp. to Mot. to Compel).

Plaintiffs did not further respond at the time, and instead waited over four years, until

December 2, 2009, to file a motion to compel.  Id.  AHIF-USA submitted its opposition on

December 10, 2009, which argued that:  (1) it lacked the requisite custody or control of documents in the possession of Al Haramain Saudi Arabia, and it is reversible error to impose sanctions on a party for not producing documents that it does not possess or cannot obtain, <u>id.</u> at 6-10; (2) plaintiffs' discovery requests were overbroad and unduly burdensome, particularly in seeking information about the over 800 defendants in this proceeding, along with the numerous individuals and entities in OFAC's voluminous list of specially designated terrorists, and another 61 named individuals, <u>id.</u> at 11; and (3) plaintiffs' interrogatories had multiple, discrete subparts, vastly exceeding the agreed-upon limit of 50 interrogatories.  <u>Id.</u> at 12-13.

On February 8, 2010, Magistrate Judge Maas heard oral argument on the <u>Burnett</u> plaintiffs' motion to compel and AHIF-USA's opposition.  <u>See</u> Transcript (Feb. 8, 2010) (excerpts attached and incorporated hereto as Exhibit B).

### C.   <u>This Court's Ruling on AHIF-USA's Motion to Dismiss.</u>

Meanwhile, AHIF-USA filed, in this Court, motions to dismiss the other actions in which it was named as a defendant.  <u>See</u> Doc. Nos. 654, 656 (Feb. 7, 2005).  Al Haramain Saudi Arabia, represented by separate counsel, filed a motion to dismiss the <u>Burnett</u> complaint.  <u>See</u> Doc. No. 104 (Apr. 10, 2004).  However, the Saudi government began dissolving Al Haramain Saudi Arabia in June 2004, and completed its closure by October 2004, which resulted in blocking access to its documents and files.  <u>See</u> Ex. A, at 4.

On September 13, 2010, this Court issued its decision on the motions to dismiss filed by AHIF-USA and Al Haramain Saudi Arabia.  <u>See</u> Doc. No. 2312, <u>In re</u> <u>Terrorist Attacks on Sept. 11, 2001</u>, No. 03 MDL 1570 (GBD), 2010 WL 3783702 (S.D.N.Y. Sept. 13, 2010).  This Court dismissed the claims under the Alien Tort Statute, the Torture Victim Protection Act, RICO, and violations of international law, <u>id.</u> at *10-*12, dismissed the punitive damages, conspiracy,

aiding and abetting, and negligence claims, id. at *10 n.6, and dismissed the Federal Insurance

plaintiffs' intentional infliction of emotional distress and assault and battery claims.  Id.  This

Court denied the motions as to the remaining claims.  Id. at *16.

This Court specifically recognized that Judge Robertson held that the allegation that

AHIF-USA and Al Haramain Saudi Arabia are "one and the same" was a factual dispute, "to be

sorted out in discovery, and with a motion for summary judgment."  Id. at *16 n.9 (quoting

Burnett, 274 F. Supp. 2d at 104 n.11).

**D.    The Magistrate Judge's Ruling on Plaintiffs' Motion to Compel.**

On October 28, 2010, at the discovery scheduling conference, Magistrate Judge Maas

read into the record his ruling on the Burnett plaintiffs' motion to compel.  See Transcript, at 16-

18 (Oct. 28, 2010) (excerpts attached hereto as Exhibit C).  The ruling agreed with AHIF-USA

that plaintiffs had not made the requisite showing that AHIF-USA "had control in some sense of

those documents" in the files of Al Haramain Saudi Arabia.  Id. at 16.  However, the ruling then

agreed with plaintiffs that the two groups were one and the same:

> On the other hand, to the extent that the argument is that the U.S. and Saudi entities are
> alter egos of one another -- it seems to me that that is correct based on each of the factors
> that was discussed during oral argument -- it seems to me that essentially the Saudi entity
> controlled in many respects the U.S. entity and that the two were indistinguishable from
> one another, which gives rise to a duty to produce.

Id. at 16-17.  Magistrate Judge Maas agreed with AHIF-USA that the plaintiffs' interrogatories

(including subparts) were too numerous, so that AHIF-USA did not have to further respond, but

rejected the overbreadth and burdensomeness objections to the document requests.  Id. at 17.

Magistrate Judge Maas then ordered AHIF-USA "to produce the documents requested by

the plaintiffs which are in its possession, custody, or control," and stated that "I'm going to make

the same direction as to the Saudi foundation."  Id. at 17-18.  Magistrate Judge Maas found that

4

the two declarations submitted by AHIF-USA did "not amount to an adequate showing that the Saudi foundation, even in the circumstance that persists today, necessarily cannot obtain documents," and concluded that, "having directed both the U.S. and the Saudi entities to produce documents . . . I intend to leave for another day what the consequences of any nonproduction by either of those two defendants will be." Id. at 18.

## II.    Standard of Review.

Rule 72, Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1) govern this Court's review of a magistrate judge's ruling, and expressly differentiate dispositive and non-dispositive motions.  A magistrate judge can only make "proposed findings of fact and recommendations for the disposition" by a district judge of dispositive motions, which include motions for summary judgment.  See 28 U.S.C. § 636(b)(1)(B); see also Rule 72(b)(1), Fed. R. Civ. P. ("a pretrial matter dispositive of a claim or defense").  In contrast, a magistrate judge can issue a decision on a "pretrial matter not dispositive of a party's claim or defense."  See Rule 72(a), Fed. R. Civ. P.

This Court conducts a *de novo* review of a magistrate judge's ruling on a dispositive matter, including a motion for summary judgment, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  See 28 U.S.C. § 636(b)(1); Rule 72(b)(3), Fed. R. Civ. P.  "When there are objections to a report, the Court must make a *de novo* determination of those portions of the report to which objections are made." Jackson v. Goord, 664 F. Supp. 2d 307, 310 (S.D.N.Y. 2009).  A "*de novo* determination" is "an independent determination of a controversy that accords no deference to any prior resolution of the same controversy."  Greene v. WCI Holdings Corp., 956 F. Supp. 509, 514 (S.D.N.Y. 1997).

This Court reviews a magistrate judge's ruling on a non-dispositive matter under the "clearly erroneous or contrary to law" standard.  See 28 U.S.C. § 636(b)(1)(A); Rule 72(a), Fed.

R. Civ. P.  "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted).

### III.    The Magistrate Judge's Ruling Impermissibly Converted Plaintiffs' Discovery Motion to Compel into a Motion for Summary Judgment in Plaintiffs' Favor, Thereby Violating the Law of the Case Doctrine.

This Court must conduct a *de novo* review of the Magistrate Judge's ruling under Rule 72(b)(3) and 28 U.S.C. § 636(b)(1), since that ruling had the consequence of resolving, in plaintiffs' favor, a key issue that is dispositive of plaintiffs' claims against AHIF-USA (and AHIF-USA's defenses), i.e., whether AHIF-USA and Al Haramain Saudi Arabia are alter egos.

### A.    Judge Robertson's Ruling Is the Law of the Case.

Although this Court recognized that some of plaintiffs' allegations pertained specifically to the activities of AHIF-USA, see In re Terrorist Attacks on Sept. 11, 2001, 2010 WL 3783702, at *16, the vast majority of plaintiffs' allegations about "Al Haramain" instead relate to the activities of Al Haramain Saudi Arabia.[1]  Hence, a significant element of plaintiffs' claims against AHIF-USA, and AHIF-USA's defenses to those claims, is whether AHIF-USA and Al Haramain Saudi Arabia are alter egos, or "one and the same."  Id.

It is for this reason that Judge Robertson stated that the determination of whether the two defendants are "one and the same" was a factual dispute, "to be sorted out in discovery, and with a motion for summary judgment."  Burnett, 274 F. Supp. 2d at 104 n.11; accord In re Terrorist Attacks on Sept. 11, 2001, 2010 WL 3783702, at *16 n.9 (quoting Burnett).  Hence, Judge

---

[1] For example, in the Burnett Third Amended Complaint, there are 42 paragraphs that mention "Al Haramain," but 35 of those paragraphs (¶¶ 48-49, 62, 64-65, 85, 147, 158-165, 167-172, 175-179, 353, 359, 382, 401, 418-420, 551-552) are about Al Haramain Saudi Arabia or other "Al Haramain" entities, and only 7 of those paragraphs (¶¶ 150, 154-157, 173-174) mention AHIF-USA.  And, only 2 of those paragraphs (¶¶ 173 and 174) have specific factual allegations about AHIF-USA's activities.

Robertson's ruling in <u>Burnett</u>, which this Court cited in ruling on the remaining complaints, recognized that the parties would have to engage in discovery in order to determine whether the two defendants are "one and the same."

The law of the case doctrine limits the discretion of this Court (including the Magistrate Judge) in reconsidering a non-final ruling made by Judge Robertson. Under the law of the case doctrine, earlier decisions "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." <u>Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand</u>, 322 F.3d 147, 167 (2d Cir. 2003) ("<u>Color Tile</u>"); <u>see also</u> <u>In re</u> <u>Ski Train Fire in Kaprun, Austria on Nov. 11, 2000</u>, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (same; applying law of the case doctrine in MDL proceeding). As Judge Learned Hand explained, when an action is transferred from one court to another, as here, the law of the case doctrine applies: "when an action is transferred, it remains what it was; all further proceedings in it are merely referred to another tribunal, leaving untouched whatever has been already done." <u>Magnetic Eng'g and Mfg. Co. v. Dings Mfg. Co.</u>, 178 F.2d 866, 868 (2d Cir. 1950); <u>accord</u> <u>In re</u> <u>Brand-Name Prescription Drugs Antitrust Litig.</u>, 264 F. Supp. 2d 1372, 1378 (J.P.M.L. 2003) (citing <u>Magnetic Eng'g</u>); <u>see also</u> <u>In re</u> <u>Multi-Piece Rim Products Liability Litig.</u>, 653 F.2d 671, 678 (D.C. Cir. 1981) ("The doctrine of the law of the case has its application in multidistrict litigation . . .").

Here, instead of leaving for discovery and summary judgment the determination of whether AHIF-USA and Al Haramain Saudi Arabia were "one and the same," the Magistrate Judge's ruling improperly converted the plaintiffs' motion to compel – a non-dispositive motion – into a motion for summary judgment by prematurely deciding that issue in plaintiffs' favor. Hence, this Court must treat the Magistrate Judge's ruling as a recommendation that is subject to

*de novo* review, as for other dispositive motions.  Jackson, 664 F. Supp. 2d at 310.

Under the law of the case doctrine, it was clear error for the Magistrate Judge to determine, without any further discovery, and without proper summary judgment briefing in compliance with Rule 56, Fed. R. Civ. P., that AHIF-USA and Al Haramain Saudi Arabia were alter egos, i.e., "one and the same."  Neither the Magistrate Judge nor plaintiffs identified any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice," Color Tile, 322 F.3d at 167, that had occurred since Judge Robertson's determination that resolution of this matter – which is dispositive of many of plaintiffs' claims and AHIF-USA's defenses – would have to wait for discovery and a properly-briefed summary judgment motion.  Hence, under Color Tile, the law of the case doctrine barred the Magistrate Judge from determining, at this stage, that the two defendants were "one and the same," so that this Court should reject the Magistrate Judge's findings or recommendations, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3), Fed. R. Civ. P.

**B.      Disputed Issues of Material Fact Exist as to Whether the Two Defendants are Alter Egos, Which Cannot be Resolved on a Discovery Motion.**

Even if this Court were to consider the merits of the Magistrate Judge's determination that AHIF-USA and Al Haramain Saudi Arabia were alter egos, it must find that the ruling should be set aside.  There exist disputed issues of material fact on this point, and the Second Circuit has made clear that an alter ego determination requires a significantly greater factual showing, particularly including a showing of "complete domination" of AHIF-USA by Al Haramain Saudi Arabia, than plaintiffs have or can make.

The Second Circuit, in applying New York law, made clear that in order to impose liability on one party based on an alter ego theory, the plaintiff must prove "a showing of fraud or . . . complete control by the dominating corporation that leads to a wrong against third

parties." Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 138

(2d Cir. 1991). As the Second Circuit subsequently held, the courts "must be extremely reluctant

to disregard corporate form," and "should do so only when the corporation *primarily* transacts

the business of the dominating interest rather than its own." United States v. Funds Held in the

Name of or for the Benefit of Wetterer, 210 F.3d 96, 106 (2d Cir. 2000) (citing Passalacqua, 933

F.2d at 138 and William Wrigley, Jr. Co. v. Waters, 898 F.2d 594, 600 (2d Cir. 1989)). This

Court similarly recognized the burden on the plaintiff to show complete domination which was

used to injure the plaintiff, in order to impose liability on an alter ego theory:

> **Complete domination of the corporation is the key to piercing the corporate veil**,
> especially when the controlling entity is using the corporation as a mere device to further
> its personal business and not that of the subject corporation. Such domination, standing
> alone, is not a sufficient basis to pierce the corporate veil to impose liability. Rather
> **there must also be a showing that the domination was used to commit a fraud,
> wrong or unjust act against the plaintiff**, causing plaintiff to suffer an injury.

Miramax Film Corp. v. Abraham, No. 01 CV 5202 (GBD), 2003 WL 22832384, at *7 (S.D.N.Y.

Nov. 25, 2003) (emphasis added) (citing Passalacqua, 933 F.2d at 138).

Thus, the "alter ego question depends upon the totality of the facts." Wetterer, 210 F.3d

at 106. This factual determination, the predicate for "ignoring the corporate form and imposing

liability on affiliated corporations … is the sort of determination usually made by a jury because

it is so fact specific." Passalacqua, 933 F.2d at 137; accord Camofi Master LDC v. College

P'ship, Inc., 452 F. Supp. 2d 462, 474 (S.D.N.Y. 2006) ("The determination of alter ego status is

a factual one. On the record before the Court, reasonable jurors could draw differing conclusions

as to whether CAMOFI and Bridges were alter egos of Duncan. Hence, summary judgment on

this issue is not appropriate.").

Here, there are numerous factual issues that go into determining whether AHIF-USA and

Al Haramain Saudi Arabia are alter egos, as the Second Circuit recognized:

> Plaintiffs assert that the Resnick corporations were one whole entity . . . . To determine whether these assertions are valid, the triers of fact are entitled to consider factors that would tend to show that defendant was a dominated corporation, such as: (1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, *i.e.,* issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, (7) whether the related corporations deal with the dominated corporation at arms length, (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

Passalacqua, 933 F.2d at 139.

The most important factors applicable to AHIF-USA, as a non-profit, non-stock organization, are also those for which significant factual disputes exist. In particular, there exist disputes as to whether AHIF-USA exercised "business discretion" (No. 6), whether AHIF-USA dealt with Al Haramain Saudi Arabia "at arms length" (No. 7), whether Al Haramain Saudi Arabia paid or guaranteed the debts of AHIF-USA (No. 9), and whether AHIF-USA's property was used by Al Haramain Saudi Arabia "as if it were its own" (No. 10). Most importantly, plaintiffs have not shown – and the Magistrate Judge did not find – "complete domination" of AHIF-USA by Al Haramain Saudi Arabia. These disputes can only be addressed through a properly-briefed motion for summary judgment, not through a ruling on a discovery motion.

Moreover, it is undisputed that AHIF-USA was separately incorporated with its own corporate records (No. 1), was not "owned" by Al Haramain Saudi Arabia and had only partial overlap of officers, with no overlap in the employees (No. 4), and did not share office space with Al Haramain Saudi Arabia (No. 5).

Under Passalacqua, it was reversible error for the Magistrate Judge to determine that AHIF-USA and Al Haramain Saudi Arabia were alter egos, since significant factors underlying

that determination are in dispute, and plaintiffs have not made the requisite showing of

"complete domination" of AHIF-USA by Al Haramain Saudi Arabia.  "The jury must decide

whether – considering the totality of the evidence – the policy behind the presumption of

corporate independence . . . is outweighed by the policy justifying disregarding the corporate

form."  Passalacqua, 933 F.2d at 139 (reversible error to determine the alter ego issue on

summary judgment); accord Wetterer, 210 F.2d at 109 ("Therefore, we are left with a firm

conviction that a mistake has been made on the alter ego finding, and we reject the finding of the

district court as clearly erroneous."); Camofi Master, 452 F. Supp. 2d at 474 (denying summary

judgment, since "reasonable jurors could draw differing conclusions" on the alter ego issue).

 This Court, if it considers the merits of the Magistrate Judge's ruling on the alter ego

issue, should set aside that ruling, since it improperly used a motion to compel to determine

significant issues of material fact for which genuine disputes exist, and plaintiffs have not made

the requisite showing of "complete domination" of AHIF-USA by Al Haramain Saudi Arabia.

### IV. The Magistrate Judge's Ruling that AHIF-USA has to Produce Documents from Al Haramain Saudi Arabia was Clearly Erroneous or Contrary to Law.

 Even if this Court were to consider the Magistrate Judge's ruling as a non-dispositive

ruling, it must still find that the ruling must be set aside under the "clearly erroneous or contrary

to law" standard, see 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), Fed. R. Civ. P., since it was

based on a clear factual and legal mistake, leaving this Court "with the definite and firm

conviction that a mistake has been committed."  Highland Capital, 551 F. Supp. 2d at 177.

 It is settled law that a party cannot be required to produce documents that it cannot

obtain, and that a party cannot be sanctioned for any such failure to produce documents.  The

Second Circuit held that it was reversible error to impose sanctions on a party for failure to

produce documents from a related, overseas corporate entity, since "a party is not obliged to

11

produce, at the risk of sanctions, documents that it does not possess or cannot obtain."
Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007); see also Zervos v.
S.S. Sam Houston, 79 F.R.D. 593, 595 (S.D.N.Y. 1978) ("one 'cannot be required to produce the
impossible'") (quoting La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164, 172 (D. Del. 1973)).
As Judge Chin recently held, where one party's efforts to obtain documents from his overseas
agent were unsuccessful, that party could not be compelled to produce those documents.
M'Baye v. N.J. Sports Production, Inc., No. 06 Civ. 3439 (DC), 2008 WL 1849777, at *4
(S.D.N.Y. Apr. 21, 2008) ("M'Baye's inability to obtain more documents from Roos [overseas
agent] after these efforts shows that he does not have control over them.").

        Here, the Magistrate Judge's ruling unilaterally rejected AHIF-USA's showing, through
two affidavits, that it could not obtain documents from Al Haramain Saudi Arabia, despite
repeated requests.  Compare Ex. C (Transcript), at 18 with Ex. A (Opp. to Mot. to Compel), at
Ex. 14 & 15 (Declaration of Thomas Nelson, Esquire (Dec. 9, 2009) and Declaration of Soliman
H. Al-Buthe (Dec. 9, 2009)).  Specifically, AHIF-USA explained that two of its board members
"made several requests for documents" since 2004 from Al Haramain Saudi Arabia, but were
unable to obtain any documents, see Nelson Dec. at ¶ 3, and that since the 2004 closure of Al
Haramain Saudi Arabia, "it has become impossible to obtain any records relating to Al Haramain
Saudi Arabia's activities from Al Haramain Saudi Arabia."  See Al-Buthe Dec. at ¶ 4.  Plaintiffs
offered no evidence to rebut these sworn declarations that information or documents could
somehow be obtained from Al Haramain Saudi Arabia.

        Moreover, the Magistrate Judge's ruling impermissibly went beyond the issues before it
by stating that the sworn declarations somehow did not show "that the Saudi foundation . . .
necessarily cannot obtain documents."  See Ex. C (Transcript), at 18.  However, Al Haramain

Saudi Arabia was <u>not</u> a party to the motion to compel or the underlying discovery, nor could it be, since its motion to dismiss was still pending.[2]  Hence, Al Haramain Saudi Arabia was under no obligation in 2009 to explain whether it, as a separately represented defendant that was subsequently closed, could produce its own documents in discovery in this litigation.

If this Court analyzes the Magistrate Judge's ruling under the Rule 72(a) standard applicable to non-dispositive motions, it should find that the Magistrate Judge committed two separate "mistakes" that are clearly erroneous or contrary to law.

First, the ruling was clearly erroneous and contrary to law by imposing a duty on AHIF-USA to produce documents from Al Haramain Saudi Arabia (or to suffer the consequences of any non-production by either defendant), when AHIF-USA had made the unrebutted showing that its board members had made several requests for these documents, to no avail.  Under the Second Circuit's ruling in <u>Shcherbakovskiy</u>, 490 F.3d at 138, this was clear error, and alone warrants rejection of the ruling.

Second, the ruling was clearly erroneous and contrary to law insofar as it relied on the "fact" that Al Haramain Saudi Arabia had not shown that it could not produce the requested documents.  Here, the latter entity was not even in discovery, so it could not be the subject of plaintiffs' motion to compel, or required to make any showing as to its ability to produce documents, while its motion to dismiss was still pending.

---

[2] <u>See</u>, <u>e.g.</u>, <u>Integrated Systems & Power, Inc. v. Honeywell Intl., Inc.</u>, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery because defendant "has put forth in its motion multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law.'"); <u>Spencer Trask Software & Info. Serv., LLC, v. RPost Intl. Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery because "defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit."); <u>American Booksellers Assn. v. Houghton Mifflin Co.</u>, No. 94 Civ. 8566 (JFK), 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995) (granting stay of discovery because the "discovery sought by plaintiffs is very broad and to require defendants to respond to it at this juncture, when their motion to dismiss may be granted, would be extremely burdensome.").

**V.      The Magistrate Judge's Ruling Denying AHIF-USA's Overbreadth and <u>Burdensomeness Objections was Clearly Erroneous or Contrary to Law.</u>**

This Court should further find that the Magistrate Judge's ruling that denied the overbreadth and burdensomeness objections raised by AHIF-USA to the plaintiffs' discovery requests, was clearly erroneous or contrary to law, and must be set aside under Rule 72(a), Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1)(A).

AHIF-USA properly objected to plaintiffs' discovery requests, which demanded that AHIF-USA identify and produce any information in its possession relating to (1) the over 800 named defendants in this proceeding; (2) the innumerable individuals and entities in the Office of Foreign Assets Control (OFAC) listing of specially designated terrorists – a listing that at the time of AHIF-USA's opposition to the motion to compel ran to 431 pages, and that currently runs to 475 pages, with each page containing anywhere from 20 to 30 or more entries;[3] and (3) another 61 named individuals.  <u>See</u> Ex. A (Opp. to Mot. to Compel), at 11.

Plaintiffs have not identified any case law – nor has AHIF-USA found any – in which a party was required to review every page of its paper records in order to determine whether several thousand named individuals and entities were mentioned in any way in those records, and to identify the specific page(s) on which any of those several thousand individuals and entities are mentioned.  If plaintiffs desire to seek this information, which is of questionable relevance given the dismissal of the vast majority of the represented defendants in this litigation, it should conduct its own review of AHIF-USA's document production, and plaintiffs have had six years – since 2004 – to do so.  Instead, it appears that this discovery is just an improper fishing expedition.  <u>See, e.g., Rosendale v. Lejeune</u>, 420 F. Supp. 2d 315, 325 (S.D.N.Y. 2006) ("the federal rules do not allow a litigant to file a case in order to get discovery to find out if he has a

---

[3] <u>See</u> Office of Foreign Assets Control, "Specially Designated Nationals and Blocked Persons" http://www.treas.gov/offices/enforcement/ofac/sdn/t11sdn.pdf (last updated Nov. 4, 2010).

case; such fishing expeditions are not countenanced"), <u>aff'd in part, vacated in part on other grounds</u>, 233 Fed. Appx. 51 (2d Cir. 2007).

Under Rule 72(a), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1)(A), this Court should set aside the Magistrate Judge's ruling denying AHIF-USA's overbreadth and burdensomeness objections, which improperly had the effect of requiring AHIF-USA to review its document production anew in order to identify for plaintiffs which documents mention any of several thousand individuals and entities.

**VI.   Conclusion.**

For the foregoing reasons, and pursuant to Rule 72(b)(3), Fed. R. Civ. P., this Court should reject the Magistrate Judge's ruling that AHIF-USA be required to produce documents in the custody of Al Haramain Saudi Arabia on the grounds that the two defendants were alter egos. This ruling improperly converted the <u>Burnett</u> plaintiffs' motion to compel into a motion for summary judgment, thereby violating the law of the case doctrine, since Judge Robertson held that determining whether the two defendants were "one and the same" required discovery and a properly briefed motion for summary judgment.  There exist significant disputed issues of material fact that preclude this resolution at this stage, particularly as plaintiffs have not made the requisite showing of "complete domination" of AHIF-USA by Al Haramain Saudi Arabia.

In the alternative, and pursuant to Rule 72(a), Fed. R. Civ. P., this Court should set aside the Magistrate Judge's ruling that AHIF-USA has to produce documents from Al Haramain Saudi Arabia, as clearly erroneous or contrary to law.  A party cannot be compelled to produce documents that it cannot obtain, and cannot be sanctioned for any failure to produce such documents, and AHIF-USA has made a sufficient, unrebutted showing that it cannot obtain documents from Al Haramain Saudi Arabia.

This Court should also set aside the Magistrate Judge's ruling that denied AHIF-USA's objections that the plaintiffs' discovery requests were overbroad and unduly burdensome in requiring AHIF-USA to review its document production and identify for plaintiffs each document that mentions any of several thousand named individuals and entities.  That identification is of dubious relevance to plaintiffs' claims against AHIF-USA, one of only fourteen remaining defendants, and plaintiffs already had over six years to review AHIF-USA's document production for that purpose.

Respectfully submitted,

/s/ Lynne Bernabei

_____
Lynne Bernabei          D.C. Bar No. 938936
Alan R. Kabat           D.C. Bar No. 464258
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009
(202) 745-1942

Attorneys for Al Haramain Islamic Foundation, Inc.

DATED:  November 12, 2010

16

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2010, I caused the foregoing Rule 72 Objections to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


/s/ Alan R. Kabat
_____
Alan R. Kabat