**Exhibit A**


AHIF-USA, Opposition to Motion to Compel
(Dec. 10, 2009)

LAW OFFICES

# BERNABEI & WACHTEL, PLLC
1775 T STREET, N.W.
WASHINGTON, D.C.  20009-7124
————

LYNNE BERNABEI
DAVID WACHTEL +
ALAN R. KABAT ∎
KATI DAFFAN ✷
ANDREA LOVELESS ●
EMMA ANDERSSON ●
PETE WHELAN ♦

(202) 745-1942
TELECOPIER (202) 745-2627
WWW.BERNABEIPLLC.COM

+ADMITTED IN MD ALSO
∎ADMITTED IN MD & VA ALSO
✷ADMITTED IN NY ONLY
●ADMITTED IN CA ONLY
♦ADMITTED IN VA ONLY

By Federal Express
December 10, 2009

Honorable Frank Maas
U.S. Magistrate Judge
U.S. District Court for the
 Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:    *In re* Terrorist Attacks of September 11, 2001, 03 MDL 1570 (GBD)(FM);
        Burnett v. Al Baraka Invest. & Devel. Corp., No. 03 CV 9849 (GBD)(FM).

Dear Judge Maas:

Defendant Al Haramain Islamic Foundation, Inc. (USA) ("AHIF USA"), through undersigned counsel, respectfully submits its response to the Burnett plaintiffs' request for a court order compelling it to supplement its responses to plaintiffs' discovery requests.

As set forth below, this Court should deny plaintiffs' request, because: (1) AHIF USA lacks the ability to produce documents in the possession of the Al Haramain Foundation (Saudi Arabia) ("Al Haramain Saudi Arabia") and the Qur'an Foundation, since both entities have been defunct or dissolved since November 2004; (2) even before November 2004, AHIF USA lacked the requisite custody or control of the documents in the possession of those two entities; (3) plaintiffs' discovery requests were overbroad and unduly burdensome in seeking information about hundreds of individuals and entities; (4) plaintiffs' discovery requests included multiple, discrete subparts that substantially exceeded the agreed-upon limit of 50 interrogatories; (5) AHIF USA properly responded to plaintiffs' discovery requests regarding contributions that constituted material support under the criminal statutes; and (6) plaintiffs already have the information about other civil and administrative proceedings that they now seek, including proceedings in which plaintiffs' counsel are counsel of record for other parties.

Honorable Frank Maas
December 10, 2009
Page 2 of 15

## I.     <u>Procedural Background.</u>

### A.     <u>Discovery Responses and Correspondence.</u>

AHIF USA was incorporated in Oregon in 1999, and was granted tax-exempt status as a 501(c)(3) charity by the Internal Revenue Service. AHIF USA was among the several hundred named defendants in the <u>Burnett</u> complaint filed in the U.S. District Court for the District of Columbia in August, 2002. Judge Robertson granted AHIF USA's motion to dismiss plaintiffs' RICO, negligence, and negligent infliction of emotional distress claims, and denied the motion to dismiss as to plaintiffs' remaining claims against AHIF USA. <u>Burnett v. Al Baraka Inv. & Devel. Corp.</u>, 274 F. Supp. 2d 86, 100-02, 108-09 (D.D.C. 2003).

Pursuant to the Local Rules of the U.S. District Court for the District of Columbia, the plaintiffs and AHIF USA commenced discovery. The parties, at the discovery conference and in their Joint Report (Sept. 18, 2003), agreed to increase the number of interrogatories from 25 to 50. The parties also agreed to extend the time for the discovery responses, and Judge Casey entered an order granting AHIF USA's request for extension of time to April 26, 2004. <u>See</u> Order (Doc. No. 69) (Mar. 22, 2004).

In advance of producing its discovery responses, AHIF USA's counsel wrote that a review of plaintiffs' interrogatories revealed that many had multiple, discrete subparts. AHIF USA agreed that it would treat those interrogatories with several closely-related subparts as a single interrogatory, but those that had five to sixty or more subparts were impermissible. Hence, AHIF USA proposed answering Interrogatories Nos. 1 to 19, corresponding to slightly more than fifty interrogatories, and requested that plaintiffs advise if they were willing to revise or omit some interrogatories, so that AHIF USA could answer other interrogatories. <u>See</u> A. Kabat letter to M. Elsner (Apr. 21, 2004) (attached hereto as Exhibit 1).

Since plaintiffs did not respond to the April 21, 2004 letter, AHIF USA produced its discovery responses on April 26, 2004, which included almost 1,800 pages of documents and a CD-ROM with financial files. AHIF USA voluntarily agreed to respond to Interrogatories Nos. 1 to 21, which resulted in it answering a total of more than 65 discrete subparts. <u>See</u> L. Bernabei letter to M. Elsner (Apr. 26, 2004); Def. Resp. to Pls. Req. for Prod. Doc. (Apr. 26, 2004); Def. Resp. to Pls. Interrog. (Apr. 26, 2004) (attached hereto as Exhibits 2-4).

Plaintiffs' counsel then wrote on April 28, 2004, claiming that the subparts were not discrete, and citing two unpublished cases. <u>See</u> J. Conroy letter to A. Kabat (Apr. 28 ["22"], 2004) (attached hereto as Exhibit 5). AHIF USA responded, explaining that the two cited cases were inapposite, since many of the interrogatories each asked about separate groups, which those court decisions actually held constituted separate interrogatories. <u>See</u> A. Kabat letter to J. Conroy (Apr. 29, 2004) (attached hereto as Exhibit 6). AHIF USA explained that if plaintiffs had one or two additional interrogatories that they particularly wanted answered, AHIF USA would consider the request. <u>Id.</u> at 2. Plaintiffs did not respond to this letter.

Honorable Frank Maas
December 10, 2009
Page 3 of 15

In October 2004, AHIF USA supplemented its document production, and offered to meet to discuss its discovery responses. See A. Kabat letter to M. Elsner (Oct. 28, 2004) (attached hereto as Exhibit 7). Plaintiffs did not respond.

Nearly one year later, plaintiffs wrote regarding several issues, and incorrectly claimed that AHIF USA had never responded to the April 28, 2004 letter regarding the interrogatory subparts, having ignored the April 29, 2004 letter (Ex. 6, supra). See R. Haefele letter to L. Bernabei (Sept. 15, 2005) (attached hereto as Exhibit 8).

AHIF USA responded, explaining that it had produced all documents in its custody and control, and that both the Al Haramain Saudi Arabia and the Qur'an Foundation were separate legal entities, the first of which was separately sued by the plaintiffs in the Burnett complaint, and the second of which was not a defendant in the MDL litigation. See A. Kabat letter to R. Haefele (Sept. 21, 2005) (attached hereto as Exhibit 9). AHIF USA explained that, as a matter of law, it could not produce documents over which it did not have control. Id. at 2-3 (collecting cases). AHIF USA reiterated its analysis of the multiple, discrete subparts in plaintiffs' interrogatories. Id. at 3 (collecting cases). Plaintiffs did not respond to this letter at the time.

AHIF USA also requested that the plaintiffs supplement their discovery responses, pursuant to Rule 26(e)(2), Fed. R. Civ. P. See A. Kabat letter to M. Elsner (Sept. 28, 2005) (attached hereto as Exhibit 10). Plaintiffs had only produced about 30 documents, mostly news articles and other documents about Al Haramain Saudi Arabia, with little about AHIF USA. Plaintiffs never responded, and have never supplemented their discovery responses.

Over four years later, plaintiffs belatedly responded to AHIF USA's September 21, 2005 correspondence, but only to repeat their listing of alleged deficiencies, and did not address the legal arguments set forth in AHIF USA's 2004 and 2005 correspondence. See R. Haefele letter to A. Kabat (Nov. 3, 2009) (attached hereto as Exhibit 11).

AHIF USA promptly responded by noting that nearly all of the issues were discussed in its 2004 and 2005 correspondence. See A. Kabat letter to R. Haefele (Nov. 10, 2009) (attached hereto as Exhibit 12). Plaintiffs did not respond to this letter. Instead, on November 12, 2009, only two days later, plaintiffs sent a draft of a detailed letter that would be sent to this Court. After further correspondence regarding confidential documents, a modified version of that letter was submitted to this Court on December 2, 2009.

**B.      The Status of AHIF USA from 2002 to the Present.**

At the time the Burnett complaint was filed in August 2002, AHIF USA was a charitable corporation in good standing under the laws of Oregon. AHIF USA filed its motion to dismiss the Burnett complaint on February 7, 2003, and Judge Robertson partially granted that motion on July 25, 2003. After the Burnett complaint was transferred to this Court, AHIF USA filed its motions to dismiss the remaining complaints, which were fully briefed as of May 9, 2005.

Honorable Frank Maas
December 10, 2009
Page 4 of 15

On February 19, 2004, the Office of Foreign Assets Control (OFAC), U.S. Department of Treasury, announced that AHIF USA's assets were blocked pending investigation. As a result, AHIF USA ceased its operations, other than an administrative challenge of the pending designation. On September 9, 2004, OFAC formally designated AHIF USA as a Specially Designated Global Terrorist (SDGT). See Department of Treasury, Press Release (Sept. 9, 2004) (attached hereto as Exhibit 13).

As a result of that designation, AHIF USA ceased its charitable operations, and is limited to pursuing its judicial challenge to the OFAC designation in the U.S. District Court for the District of Oregon, defending itself in this Court, and pursuing a separate challenge to the wiretapping of communications that its officers had with its attorneys.

On February 17, 2005, the U.S. Attorney issued an indictment of AHIF USA and two of its officers. See United States v. Al Haramain Islamic Foundation, Inc., et al., No. CR 05-60008-HO (D. Or.). The indictment had two counts against AHIF USA, i.e., conspiracy in violation of 18 U.S.C. § 371, and a tax code violation, 26 U.S.C. § 7206(c), both based on allegations regarding a charitable donation and the purchase of property. The indictment did not have any counts that charged violations of the laws proscribing material support to terrorist organizations, i.e., 18 U.S.C. § 2339A. On August 4, 2005, the U.S. Attorney voluntarily dismissed the indictment as to AHIF USA, pursuant to Rule 48(a), Fed. R. Crim. P. See United States v. Al Haramain Islamic Foundation, Inc., et al., Government's Motion to Dismiss, No. CR 05-60008-HO (D. Or. Aug. 4, 2005). The prosecution is proceeding solely against Pete Seda, one of the founders of AHIF USA.

**C.      The Status of Al Haramain Saudi Arabia from 2004 to the Present.**

Al Haramain Saudi Arabia, represented by its own counsel, filed its motion to dismiss the Burnett complaint (Doc. No. 104) (Apr. 10, 2004). Plaintiffs filed their opposition (Doc. No. 220) (June 4, 2004). That motion remains pending. Subsequently, OFAC reported that the government of Saudi Arabia announced that Al Haramain Saudi Arabia was being dissolved:

> In June of 2004, the Saudi government announced it was dissolving AHF and other Saudi charities and committees operating abroad and folding their assets into a newly created entity, the Saudi National Commission for Relief and Charity Work Abroad. . . .

See Ex. 13, at 2-3. By October 2004, the Saudi government had completed the closure of Al Haramain Saudi Arabia's offices, and had blocked access to its documents or files by the former employees and officers, or by others. See Declaration of Thomas Nelson, Esquire, at ¶ 3 (Dec. 9, 2009); Declaration of Soliman H. Al-Buthe, at ¶ 4 (Dec. 9, 2009) (attached hereto as Exhibits 14-15).

In June 2008, OFAC designated Al Haramain Saudi Arabia. See OFAC, Recent OFAC Designations (June 19, 2008) (attached hereto as Exhibit 16).

Honorable Frank Maas
December 10, 2009
Page 5 of 15

### D.    The Status of the Qur'an Foundation from 2004 to the Present.

The Qur'an Foundation was a nonprofit charity, incorporated under the laws of Oregon in 1989.  The Qur'an Foundation was not named as a defendant in any of the complaints consolidated before this Court under No. 03 MDL 1570.  According to public records, the Qur'an Foundation has not been indicted, and OFAC has not designated it or blocked its assets.

However, on November 5, 2004, the Oregon Secretary of State, Corporations Division, administratively dissolved the Qur'an Foundation after it did not file its annual report.  See Oregon Secretary of State Business Entity Report, Qur'an Foundation (attached hereto as Exhibit 17).  Under Oregon law, this dissolution means that the Qur'an Foundation "may not carry on any activities except those necessary to wind up and liquidate its affairs under ORS 65.637, and notify its claimants under ORS 65.641 and 65.644." See Oregon Rev. Stat. § 65.651(3).

### II.    AHIF USA Cannot Produce Documents from Other, Defunct Entities.

As a threshold matter, this Court must find that AHIF USA cannot produce documents that were in the custody or control of Al Haramain Saudi Arabia, or any other Al Haramain entity, or the Qur'an Foundation, since those entities were dissolved or otherwise defunct, as of late 2004.  Although plaintiffs continue to insist that AHIF USA must produce discovery as to those entities, see Pls. Mot. at 2-13, plaintiffs ignore that those entities are now defunct.[1]

As one court held, once a defendant "has produced all documents in its possession, custody or control," it "cannot be required to produce the impossible." La Chemise Lacoste v. Alligator Co., 60 F.R.D. 164, 172 (D. Del. 1973) (denying motion to compel as to document request); see also Zervos v. S.S. Sam Houston, 79 F.R.D. 593, 595 (S.D.N.Y. 1978) ("one 'cannot be required to produce the impossible…'") (quoting La Chemise Lacoste).

Here, the uncontroverted evidence shows that Al Haramain Saudi Arabia and the Qur'an Foundation were dissolved or otherwise defunct since late 2004, and that counsel for AHIF USA have been unable to obtain documents from Al Haramain Saudi Arabia since its closure.[2]  Thus, there is no basis for this Court to require AHIF USA "to produce the impossible" by producing documents from dissolved corporations to which AHIF USA has no access.

---

[1] Although plaintiffs' motion to compel included the Oregon Secretary of State's registration information as to the Qur'an Foundation, see Pls. Mot., Ex. 45, plaintiffs did not acknowledge that this document confirms that this entity has been defunct since November 2004.

[2] Plaintiffs' motion to compel states that AHIF USA obtained documents, including an affidavit, from Al Haramain Saudi Arabia. See Pls. Mot., at 12-13.  However, the affidavit was obtained prior to the closure of Al Haramain Saudi Arabia, and the other documents were from the personal files of Soliman Al-Buthe, who kept copies of certain documents. See Ex. 15, at ¶ 3.

Honorable Frank Maas
December 10, 2009
Page 6 of 15

### III.  **AHIF USA Lacks the Requisite Custody or Control of the Documents.**

Even if Al Haramain Saudi Arabia and the Qur'an Foundation were not defunct, this
Court must still find that AHIF USA lacked the requisite custody or control of their documents.
The courts have recognized that one corporate entity cannot be required to produce documents
from another, related corporate entity – whether a parent, subsidiary, or sister corporation –
absent a showing that the first entity had custody or control of the documents, or had the
contractual right to demand the documents from the other entity.

The majority of plaintiffs' discovery requests were <u>not</u> limited to AHIF USA, but
included interrogatories and document requests directed to other entities:

(1)     The Qur'an Foundation.  <u>See</u> Ex. 3 (Doc. Req.), at Nos. 2 and 8; Ex. 4 (Interrog.),
        at Nos. 4 and 13.

(2)     "Al Haramain Worldwide."  <u>See</u> Ex. 4 (Interrog.), at No. 41.[3]

(3)     AHIF USA and the Qur'an Foundation.  <u>See</u> Ex. 3 (Doc. Req.), at No. 45; Ex. 4
        (Interrog.), at Nos. 5, 7, 8, 9, 15, 24, 36, and 37.

(4)     AHIF USA and "Al Haramain Worldwide."  <u>See</u> Ex. 3 (Doc. Req.), at No. 39; Ex.
        4 (Interrog.), at No. 42.

(5)     AHIF USA, the Qur'an Foundation, and Al Haramain Saudi Arabia.  <u>See</u> Ex. 3
        (Doc. Req.), at Nos. 20, 22, 25, and 27; Ex. 4 (Interrog.), at Nos. 20, 21, 38, and
        46.

(6)     AHIF USA, the Qur'an Foundation, and "Al Haramain Worldwide."  <u>See</u> Ex. 3
        (Doc. Req.), at Nos. 28 and 29; Ex. 4 (Interrog.), at Nos. 14, 16, 18, 19, 22, 25,
        29, and 33.

(7)     AHIF USA, Al Haramain Saudi Arabia, and "Al Haramain Worldwide."  <u>See</u> Ex.
        3 (Doc. Req.), at Nos. 37 and 40; Ex. 4 (Interrog.), at Nos. 11, 12, and 44.

(8)     AHIF USA, the Qur'an Foundation, Al Haramain Saudi Arabia, and "Al
        Haramain Worldwide."  <u>See</u> Ex. 3 (Doc. Req.), at Nos. 2, 7, 9, 10, 13, 14, 15, 16,
        17, 18, 19, 21, 24, 26, 30, 31, 33, 34, 35, 36, 38, and 43; Ex. 4 (Interrog.), at Nos.
        17, 23, 26, 30, 31, 32, 34, 35, 39, 40, 45, and 47.

---

[3] Plaintiffs defined the term "Al Haramain Worldwide" broadly:  "… all Al Haramain offices
and/or affiliates throughout the world including all predecessors and/or offices which are
currently closed.  'Al Haramain Worldwide' also includes 'Al Haramain USA' and 'Al
Haramain Saudi Arabia.'"  <u>See</u> Pls. Mot., Ex. 1, at 4-5.

Honorable Frank Maas
December 10, 2009
Page 7 of 15

Here, AHIF USA was incorporated as an independent entity in Oregon, and was <u>not</u> owned by Al Haramain Saudi Arabia.  But even if this Court were to accept plaintiffs' legal fiction that AHIF USA was a wholly owned subsidiary of Al Haramain Saudi Arabia, plaintiffs have not presented sufficient facts to satisfy their "burden … to make a showing that the other party has control over the materials sought."  <u>Securities & Exchange Comm'n v. Credit Bancorp, Ltd.</u>, 194 F.R.D. 469, 473 (S.D.N.Y. 2000) (denying motion to compel discovery from corporate affiliate).  As Judge Sweet explained, "control" for the purposes of obtaining discovery relating to a corporate affiliate is "the legal right, authority, or practical ability to obtain the materials sought upon demand."  <u>Id.</u> at 471 (collecting cases).  Further, this definition of "control" applies equally to party discovery under Rule 34 and non-party discovery under Rule 45, <u>id.</u> at 472 n.4, so that case law under either Rule may be relevant to this Court's analysis.

Numerous court decisions have held that the requisite control by one entity over another entity's documents was absent in circumstances similar to those presented by the inchoate relationship of AHIF USA and Al Haramain Saudi Arabia, let alone the absence of a corporate relationship between AHIF USA and the Qur'an Foundation.

While a parent corporation may have control of its subsidiary's documents, where discovery is sought from a subsidiary corporation as to its parent corporation, one court held that there was no presumption of control:

> A subsidiary, by definition, does not control the parent corporation.  Further, the separate and distinct corporate identities of a parent and its subsidiary are not readily disregarded, except in rare circumstances justifying the application of the alter ego doctrine to pierce the corporate veil of the subsidiary.

<u>Power Integrations, Inc. v. Fairchild Semiconductor Intl., Inc.</u>, 233 F.R.D. 143, 145 (D. Del. 2005) (granting motion to quash discovery requests).  Here, AHIF USA is not a corporate subsidiary of either Al Haramain Saudi Arabia or the Qur'an Foundation, and plaintiffs have not shown that AHIF USA otherwise controlled either of those entities.

The Second Circuit held that it was reversible error to impose sanctions on a party for failure to produce documents from a related, overseas corporate entity, since "a party is not obliged to produce, at the risk of sanctions, documents that it does not possess or cannot obtain." <u>Shcherbakovskiy v. Da Capo Al Fine, Ltd.</u>, 490 F.3d 130, 138 (2d Cir. 2007).

Hence, Judge Chin of this court recently held that where a party had made efforts to obtain documents from his overseas agent, but was unsuccessful in doing so, that the party lacked the requisite control over the documents: "M'Baye's inability to obtain more documents from Roos [agent] after these efforts shows that he does not have control over them." <u>M'Baye v. N.J. Sports Production, Inc.</u>, No. 06 Civ. 3439 (DC), 2008 WL 1849777, at *4 (S.D.N.Y. Apr. 21, 2008).

Honorable Frank Maas
December 10, 2009
Page 8 of 15

For example, the Ninth Circuit affirmed the denial of a motion to compel a domestic entity to produce documents from an overseas corporate affiliate, since the two entities are "separate entities under the law," and "there is no contract giving [the U.S. entity] the right to compel [the Swiss entity] to furnish it with documents in [the Swiss entity's] possession," so that the Swiss entity "could legally – and without breaching any contract – continue to refuse to turn over such documents" to the U.S. entity. _In re_ Citric Acid Litig., 191 F.3d 1090, 1107, 1109 (9th Cir. 1999). Here, plaintiffs have not shown that AHIF USA had any contractual or other legal right to demand that either Al Haramain Saudi Arabia or the Qur'an Foundation turn over documents to AHIF USA.

One court found that the requisite control was absent where the entities in question, even if "closely affiliated," did not have a contractual obligation creating "the legal right to obtain documents in possession of [the other entity] on demand." Beilstein-Institut zur Förderung der Chemischen Wissenschaften v. MDL Info. Syst., Inc., No. C 04-05368 SI, 2006 WL 3742244, at *3 (N.D. Cal. Dec. 19, 2006). Another court found that even though one entity (SUI) "is 100% owned by" the other corporate entity (SPIL), and they "have overlapping management teams," that was insufficient to show control, since the plaintiff "has not shown the court the court that SUI has any legal right to obtain upon demand responsive documents from SPIL," as there was no contract giving the right to demand the documents, and there was no "statute or binding principle of law that grants SIL this right." Micron Technology, Inc. v. Tessera, Inc., No. C 06-80096 JW/HRL, 2006 WL 1646133, at *2 (N.D. Cal. June 14, 2006). As before, plaintiffs have not shown that AHIF USA had any contractual or legal right to demand that either Al Haramain Saudi Arabia or the Qur'an Foundation turn over documents.

Another court denied the motion to compel as to information about two foreign affiliates of a domestic corporation (Ernst & Young LLP), where there was no evidence that the entities were "under common ownership," or that a "consolidated financial statement" was issued, since the evidence instead showed that these entities "maintain separate revenues," and that they were organized separately under the laws of Delaware, Singapore, and Thailand. Goh v. Baldor Electric Co., No. 3:98-MC-064-T, 1999 WL 20943, at *2-*3 (N.D. Tex. Jan. 13, 1999). Here, too, plaintiffs have not shown that AHIF USA and Al Haramain Saudi Arabia issued consolidated financial statements or maintained common revenues, and these entities were not organized under the laws of the same jurisdiction.

Another court found that control was absent, where the party seeking discovery from a domestic entity as to its Belgian sister corporation "makes no showing that the companies operated as a single functional unit, had identical stockholders and directors, or that HEN [the domestic corporation] used the documents to meet its own business needs." Heraeus Electro-Nite Co. v. Midwest Instrument Co., C.A. No. 06-355, 2006 WL 3004877, at *3 (E.D. Pa. Oct. 18, 2006) (denying motion to compel). Here, plaintiffs have not shown that AHIF USA and either Al Haramain Saudi Arabia or the Qur'an Foundation operated as a single unit or had identical directors, and plaintiffs cannot show that AHIF USA is now able to obtain documents from either entity for purposes of this litigation.

Honorable Frank Maas
December 10, 2009
Page 9 of 15

Numerous other courts have similarly refused to order discovery where control was absent. See, e.g., Cochran Consulting, Inc. v. Uwatec USA, Inc., 102 F.3d 1224, 1229 (Fed. Cir. 1996) (reversible error to issue discovery order where party did not have "ownership, custody, or control of a demanded document" since control "is defined not only as possession, but as the legal right to obtain the documents requested upon demand"); Gerling Int'l Ins. Co. v. Commissioner, IRS, 839 F.2d 131, 140 (3d Cir. 1988) ("In the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce."); Klesch & Co., Ltd. v. Liberty Media Corp., 217 F.R.D. 517, 520 (D. Colo. 2003) (denying motion to compel where defendant did not have "custody or control" of documents of other corporate affiliates); EEOC v. Carrols Corp., 215 F.R.D. 46, 52 (N.D.N.Y. 2003) ("It is axiomatic that a request to produce relevant documents is subject to that caveat that a party must have the documents in its 'possession, custody or control.' Fed. R. Civ. P. 34(a). In other words, a party cannot produce that which it does not have."); Mackey v. IBP, Inc., 167 F.R.D. 186, 207 (D. Kan. 1996) ("The court declines to compel production of documents which are not within the possession, custody, or control of the responding party.").

This well-developed body of case law makes clear that plaintiffs have not satisfied their burden of "showing that the other party [AHIF USA] has control over the materials sought." Securities & Exchange Comm'n v. Credit Bancorp, Ltd., 194 F.R.D. 469, 473 (S.D.N.Y. 2000).

Moreover, since Al Haramain Saudi Arabia is a separately represented defendant in this proceeding, with a pending motion to dismiss, it is improper to try to obtain discovery of its documents through that of another defendant. Only if a defendant has its motion to dismiss denied, or if the Court otherwise allows limited jurisdictional discovery, would discovery from that defendant be permissible. See generally In re Perrier Bottled Water Litig., 138 F.R.D. 348, 350-51 (D. Conn. 1991) ("the Court fails to see a legitimate reason why these defendants should be required to produce documents under a co-defendant's control").

Plaintiffs' reliance on Alcan Intl. Ltd. v. S.A. Day Mfg. Co., 176 F.R.D. 75, 79 (W.D.N.Y. 1996) and Cooper Industries, Inc. v. British Aerospace, 102 F.R.D. 918, 919-20 (S.D.N.Y. 1984), is misplaced, since those cases concerned discovery regarding the foreign corporate affiliate that manufactured the product which a domestic party imported and sold in this country, so it was "inconceivable" that the party "would not have access to this information and the ability to obtain it … for the purpose of conducting its business under its distribution and representative agreements with" the foreign corporation. Similarly, in Camden Iron & Metal, Inc. v. Marubeni America Corp., 138 F.R.D. 438, 443-44 (D.N.J. 1991), the plaintiff showed that the defendant "has easy and customary access to the [foreign entity's] documents involving this transaction," and "possesses the ability to obtain such documents … for its usual business needs." Here, in contrast, plaintiffs have not shown that AHIF USA required access to internal Al Haramain Saudi Arabia documents in order to conduct its charitable operations in this country, or that it routinely obtained those internal documents for its business needs.

Plaintiffs' reliance on United States v. Stein, 488 F. Supp. 2d 350, 362-63 (S.D.N.Y. 2007) and In re Auction Houses Antitrust Litig., 196 F.R.D. 444, 445-46 (S.D.N.Y. 2000), is

also misplaced, since both decisions involved a party that had a contractual right to obtain documents from a third party. Here, plaintiffs have not shown that AHIF USA had a contractual right to obtain documents from either the Qur'an Foundation or Al Haramain Saudi Arabia.

Plaintiffs' reliance on American Rock Salt Co. v. Norfolk Southern Corp., 228 F.R.D. 426 (W.D.N.Y. 2005), is also misplaced since that concerned a defendant that owned another corporate entity (Conrail), so that there was direct control. Here, Al Haramain Saudi Arabia did not own AHIF USA, or vice versa, and the same also applies to the Qur'an Foundation.

Plaintiffs' reliance on Compagnie Française d'Assurance pour le Commerce Extérieur v. Phillips Petroleum Co., 105 F.R.D. 16 (S.D.N.Y. 1984), is even more misplaced, since that concerned discovery from one plaintiff, a French government agency, about other French agencies, in a lawsuit that was brought in order to "benefit … the French treasury," id. at 33, so that the other French agencies were entities "with a substantial interest in the litigation," i.e., "any award [plaintiff] may obtain in this action." Id. at 34. Moreover, this case involved a government agency as a party, and the case law holds that an agency, as a plaintiff, "may be required to produce the documents of another agency." Id. at 35 (collecting cases). Here, AHIF USA is not a plaintiff in this Court, will not be obtaining any recovery that might inure to the benefit of either Al Haramain Saudi Arabia or the Qur'an Foundation, and those entities, being defunct, are not even in a position to receive any such recovery.

Zervos v. S.S. Sam Houston, 79 F.R.D. 593, 595 (S.D.N.Y. 1978), is inapposite since in that case, the party opposing discovery failed to "allege[] that he has requested the Swiss banks to furnish him with the documents which he has been directed to produce," i.e., documents relating to his own bank accounts. Similarly, in Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 479 (S.D.N.Y. 2009), the defendant had not made a "serious effort" to request the materials from two other entities. Here, in contrast, AHIF USA has satisfied its burden of showing that it has requested documents from Al Haramain Saudi Arabia, but has been consistently rebuffed in its efforts. See Ex. 14 & 15 (Nelson and Al-Buthe Declarations).

Finally, M.L.C., Inc. v. North American Philips Corp., 109 F.R.D. 134, 138 (S.D.N.Y. 1986), involved three corporations that had shared a single attorney in previous, related litigation, in which that attorney produced documents on behalf of the three corporations, and the defendants had the "ability to easily obtain these [documents] when it was in their interest to do so." Here, in contrast, AHIF USA does not share attorney(s) with either the Qur'an Foundation or Al Haramain Saudi Arabia, and has not been able to obtain documents from Al Haramain Saudi Arabia since the latter's closure in late 2004.

Therefore, even if Al Haramain Saudi Arabia and the Qur'an Foundation were not defunct entities, this Court must still find that plaintiffs have not satisfied their burden of showing that AHIF USA had the requisite custody and control over those entities' documents.

IV.     **AHIF USA Satisfied Its Burden of Showing that Plaintiffs' Discovery
        Requests were Overbroad and Unduly Burdensome.**

       This Court should find that many of plaintiffs' discovery requests were overbroad, and it
would have been unduly burdensome on AHIF USA to have responded to them.  As a threshold
matter, the majority of plaintiffs' interrogatories and document requests asked for information
not only about AHIF USA, but also about the Qur'an Foundation, Al Haramain Saudi Arabia,
and "Al Haramain Worldwide," an inchoate assemblage of several dozen or more entities that
used the "Al Haramain" name.  See Part III, at 6, supra.  Even if AHIF USA had access to those
documents and information, it would have been unduly burdensome for it to obtain that
information from several dozen or more entities scattered across the globe.

       Even those requests that AHIF USA could answer as to itself were still vastly overbroad,
and AHIF USA had to answer based on the information available to itself.  For example,
Interrogatory No. 16 asked for all publications, both print and other media, that AHIF USA "ever
subscribed to or received and the corresponding dates for each."  In response, AHIF USA was
able to list the periodicals that it subscribed to, but noted that it did not maintain a list of free
publications that it received, and that it had an open lending policy, meaning that visitors could
bring, borrow, or keep publications, so that AHIF USA simply could not reconstruct all the
publications that it ever received or were placed in its library.  See Ex. 4, at 12.

       Finally, Interrogatory No. 45 and Document Request No. 42 asked AHIF USA to identify
and produce all publications, documents, web pages, etc., that mentioned "any of the plaintiffs or
defendants in this suit, any individual, group, association or entity designated by OFAC or any
governmental body as a terrorist, a supporter of terrorism, a specifically designated global
terrorist, or any of the individuals or entities named below."  See Ex. 3, at 24-25; Ex. 4, at 29-30.
These discovery requests thus required AHIF USA to respond as to the following:

       (1) The over 3,000 named plaintiffs in this proceeding;

       (2) The over 800 named defendants in this proceeding;

       (3) The numerous individuals and entities on OFAC's list of specially designated
           terrorists, which currently runs to 431 pages, each with three columns, see OFAC,
           Specially Designated Nationals and Blocked Persons (online at
           http://www.treas.gov/offices/enforcement/ofac/sdn/t11sdn.pdf) (Dec. 3, 2009); and

       (4) The 61 individuals and entities listed in Interrogatory No. 45 and Document Request
           No. 42.  See Ex. 3, at 24-25; Ex. 4, at 29-30.

       Requiring AHIF USA to provide specific information on thousands of defendants and
designated individuals and entities, or to search its voluminous paper records to see whether any
of those individuals and entities are mentioned, would be unduly burdensome.

Honorable Frank Maas
December 10, 2009
Page 12 of 15

**V.     AHIF USA Satisfied Its Burden of Showing that Plaintiffs' Interrogatories Improperly Included Multiple, Discrete Subparts.**

This Court should find that AHIF USA properly objected to plaintiffs' interrogatories, which contained multiple, discrete subparts that vastly exceeded the agreed-upon limit of 50 interrogatories. While the courts have recognized that an interrogatory can contain subparts, those subparts must be interrelated or otherwise logically part of a single question. In contrast, the majority of plaintiffs' interrogatories (36 out of 50) each asked about two or more discrete entities, i.e., the Qur'an Foundation, Al Haramain Saudi Arabia, and/or "Al Haramain Worldwide," which are separate from AHIF USA. See Ex. 4 (Interrog.), Nos. 5, 7, 8, 9, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 44, 45, 46, and 47. And, Interrogatory No. 45 listed an additional 62 individuals and entities, in addition to all the defendants in this case, and all those listed on OFAC's SDGT list.

Despite these multiple subparts, AHIF USA voluntarily provided plaintiffs with the opportunity to revise or omit some interrogatories, so that others could be answered. See Ex. 1. Plaintiffs did not respond until after AHIF USA submitted its discovery responses, and even then, only to claim that there were no discrete subparts. See Ex. 5. AHIF USA renewed its offer by volunteering to answer one or two additional interrogatories, if plaintiffs would identify those they most wanted answered, see Ex. 6 at 2, to which plaintiffs did not respond.

Plaintiffs' citation in their motion to compel to two unpublished decisions, see Pls. Mot. at 14, is unavailing, since both decisions support AHIF USA's argument that plaintiffs' interrogatories impermissibly exceeded the agreed-upon number.

In Security Ins. Co. of Hartford v. Trustmark Ins. Co., No. 3:01CV2198 (PCD), 2003 WL 22326563, at *2 (D. Conn. Mar. 7, 2003), the court recognized that an interrogatory that sought information "of two separate groups [] is thus two separate interrogatories." Here, many of the plaintiffs' interrogatories sought information of three "separate groups" in addition to AHIF USA, i.e., (1) the Qur'an Foundation, which is not even a defendant in this case; (2) Al Haramain Saudi Arabia, which is a separate defendant and a distinct corporate entity; and (3) the so-called "Al Haramain Worldwide," an inchoate assemblage of defendants and third-parties. Yet other interrogatories asked for information about contacts with a large number of other individuals and entities, which is even more improper.

Similarly, plaintiffs' reliance on Bender v. General Serv. Admin., No. 05 Civ. 6459 (GEL)(RLE), 2006 U.S. Dist. LEXIS 55806 (S.D.N.Y. Aug. 8, 2006), is also misplaced, since Magistrate Judge Ellis held that "if a question listed as a subpart … can be answered independently from that preceding it … that question must be counted separately." Id. at *3. Under Bender, since the majority of plaintiffs' interrogatories had subparts asking about distinct corporate entities, i.e., the Qur'an Foundation, Al Haramain Saudi Arabia, and/or "Al Haramain Worldwide," each of those subparts "can be answered independently," thereby constituting a discrete question that must be counted separately from the interrogatory as to AHIF USA itself.

Honorable Frank Maas
December 10, 2009
Page 13 of 15

Other courts, in published opinions, have found that interrogatories with multiple discrete subparts are proscribed under Rule 33, Fed. R. Civ. P. <u>See</u>, <u>e.g.</u>, <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441, 443 (C.D. Cal. 1998) ("Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a) by rendering it meaningless, unless each subpart counts as a separate interrogatory); <u>Aetna Cas. & Sur. Co. v. W.W. Grainger, Inc.</u>, 170 F.R.D. 454, 455 (E.D. Wis. 1997) (denying motion to compel interrogatory responses, since "if each subpart is counted as a separate question, the interrogatories aggregate substantially more than the [permissible number]").

The Advisory Committee Notes to the 1993 amendments to the Rule 33 similarly recognized that "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." <u>See</u> Advisory Committee Note to 1993 Amendment to Fed. R. Civ. P. 33, 146 F.R.D 675, 676 (1993).

This Court should find that the majority of plaintiffs' interrogatories impermissibly contained multiple, discrete subparts, so that each subpart counts against the agreed-upon limit of 50 interrogatories. Hence, AHIF USA properly answered Interrogatories Nos. 1 to 21, even though that encompassed a total of more than 65 discrete subparts. <u>See</u> Ex. 2 & 4. There is no basis under Rule 33 or the case law to order AHIF USA to answer additional interrogatories, and this Court should deny plaintiffs' motion to compel.

## VI.    AHIF USA Properly Responded to Discovery Requests Regarding Contributions that Constituted Material Support of Terrorist Organizations.

This Court should further find that AHIF USA properly answered plaintiffs' Document Request Nos. 15 and 16, based on the precise wording of those requests. Specifically, these requests asked for information about contributions to, and from, AHIF USA (as well as the Qur'an Foundation, Al Haramain Saudi Arabia, and "Al Haramain Worldwide"), "which has been defined as material support in 18 USC 2339(a) [*sic*]." <u>See</u> Ex. 3, at 10.[4]

Since plaintiffs' document requests asked for information about contributions that constituted material support under 18 U.S.C. § 2339A, AHIF USA had to answer those requests in terms of the cited statute, which, as of 2004, defined "material support" as follows:

§ 2339A.  Providing material support to terrorists.

(a) Offense.  Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of section … of this title … or in preparation for, or in carrying out, the concealment of an escape from the commission of any such

---

[4] It appears that plaintiffs meant to refer to 18 U.S.C. § 2339A, since 18 U.S.C. § 2339(a) concerns the harboring or concealing of terrorists, not the material support of terrorism.

Honorable Frank Maas
December 10, 2009
Page 14 of 15

> violation, or attempts or conspires to do such an act, shall be fined under this title, imprisoned not more than 15 years or both. . . .
>
> (b) Definition.  In this section, the term "material support or resources" means currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

See 18 U.S.C. § 2339A (2004 ed.).  The statute was amended subsequent to AHIF USA's discovery responses, primarily to expand upon the definitions in Section 2339A(b).  Section 2339B, another material support statute, adopts the same definition of "material support" in Section 2339A.  See 18 U.S.C. § 2339B(g)(4) (2004 ed.).

AHIF USA answered Document Request Nos. 15 and 16, which specifically asked for "contributors" to, and "contributions" by, AHIF USA and three other entities, "which has [have] been defined as material support in 18 USC 2339(a)."  AHIF USA responded that it has not received or made any contributions "that constitute material support under 18 U.S.C. § 2339(a), so that AHIF has no responsive documents that relate to AHIF alone."  See Ex. 3, Nos. 15 & 16.

Since plaintiffs' document requests specifically asked for contributions and contributors that constituted material support to terrorists – and cited the specific statute – AHIF USA properly responded according to the plain language of the document requests and Section 2339A. There is no basis for this Court to order AHIF USA to supplement its response, since there are no documents reflecting contributions that fall within the scope of Section 2339A.

## VII.   AHIF USA Does Not Need to Supplement Its Discovery Responses Since Plaintiffs Already Have the Information about Other Proceedings.

Finally, there is no need for this Court to order AHIF USA to supplement its discovery responses as to other proceedings, since the plaintiffs already have that information, or can readily access it through the Pacer system of the federal courts.

First, plaintiffs' counsel continue to receive, through this Court's ECF system, the filings submitted by AHIF USA in the MDL 1570 action.

Second, plaintiffs' counsel appear to have the court filings that were submitted by AHIF USA in its judicial challenge to the OFAC designation, Al Haramain Islamic Foundation, Inc. v. U.S. Department of Treasury, Case No. 3:07-CV-01155-KI (D. Or.), since their motion to compel references at least one such filing, i.e., the administrative record, which was filed with the U.S. District Court for the District of Oregon on February 7, 2008.  See Ex. 60 to Pls. Mot. to Compel.  Any remaining court filings are equally accessible to plaintiffs' counsel through that court's Pacer system.

Honorable Frank Maas
December 10, 2009
Page 15 of 15

Third, plaintiffs' counsel already have the court filings that were submitted by AHIF USA in its judicial challenge to the warrantless wiretapping of the communications between its officers and its attorneys, <u>Al Haramain Islamic Foundation v. Obama</u>, No. 07-CV-0109-VRW, MDL No. 06-1791 VRW (N.D. Cal.). The Motley Rice firm, lead counsel for the <u>Burnett</u> plaintiffs, is also counsel of record to several plaintiffs in another wiretapping case that was consolidated by the Judicial Panel on Multidistrict Litigation with AHIF USA's wiretapping case in the U.S. District Court for the Northern District of California. See <u>In re</u> <u>National Security</u> <u>Agency Telecomm. Records Litig.</u>, MDL No. 06-1791 VRW, Attorney Listing, at 18, 64, 130, and 141-42 (N.D. Cal.) (excerpts attached hereto as Exhibit 18). Further, the Motley Rice firm signed on to an *amici* brief in support of AHIF USA in that proceeding. <u>See</u> Amici Curiae Memorandum of MDL Plaintiffs (Apr. 7, 2008) (excerpts attached hereto as Exhibit 19). Of the six Motley Rice attorneys listed in these two documents, five are also counsel of record in the <u>Burnett</u> case. Thus, the <u>Burnett</u> plaintiffs' counsel not only sued AHIF USA in this Court, but also submitted an *amici* brief in support of AHIF USA in another district court.

## **CONCLUSION.**

For the foregoing reasons, this Court should deny plaintiffs' motion to compel, since plaintiffs have failed to show that AHIF USA has any ability to produce documents from two entities (Al Haramain Saudi Arabia and the Qur'an Foundation) that have been defunct for over five years, or that AHIF USA has the requisite custody or control of the documents formerly in the possession of those defunct entities.

Further, plaintiffs' discovery requests were vastly overbroad and unduly burdensome, since plaintiffs sought information about hundreds if not thousands of other individuals and entities, and their interrogatories had multiple, discrete subparts that significantly exceeded the agreed-upon limit of 50 interrogatories.

Sincerely,

Lynne Bernabei
Attorney for Al Haramain Islamic Foundation, Inc. (USA)

Enc.

cc:   Hon. George B. Daniels
      MDL 1570 counsel (by e-mail)



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| | ) |
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) 03 MDL No. 1570 (GBD)(FM) |
| | ) |
| | ) |

---

This Document relates to:

THOMAS E. BURNETT, SR., *et al.* v.
AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*,
No. 03 CV 9849 (GBD)(FM)

## DECLARATION OF ALAN R. KABAT

I am an attorney licensed to practice in the District of Columbia and am admitted *pro hac vice* in this matter. I am with the law firm of Bernabei & Wachtel, PLLC, counsel to the Al Haramain Islamic Foundation, Inc. (USA). I submit this declaration to transmit to the Court the following documents submitted in support of the Al Haramain Islamic Foundation, Inc.'s Opposition to the <u>Burnett</u> Plaintiffs' Motion to Compel:

1.    Exhibit 1 is a copy of a letter from A. Kabat to M. Elsner (Apr. 21, 2004).

2.    Exhibit 2 is a copy of a letter from L. Bernabei to M. Elsner (Apr. 26, 2004).

3.    Exhibit 3 is a copy of Defendant Al Haramain Islamic Foundation, Inc.'s Responses to Plaintiffs' Request for Production of Documents (Apr. 26, 2004).

4.    Exhibit 4 is a copy of Defendant Al Haramain Islamic Foundation, Inc.'s Responses to Plaintiffs' Interrogatories (Apr. 26, 2004).

5.    Exhibit 5 is a copy of a letter from J. Conroy to A. Kabat (Apr. 28, 2004).

6.    Exhibit 6 is a copy of a letter from A. Kabat to J. Conroy (Apr. 29, 2004).

7.    Exhibit 7 is a copy of a letter from A. Kabat to M. Elsner (Oct. 28, 2004).

8.    Exhibit 8 is a copy of a letter from R. Haefele to L. Bernabei (Sept. 15, 2005).

9.      Exhibit 9 is a copy of a letter from A. Kabat to R. Haefele (Sept. 21, 2005).

10.     Exhibit 10 is a copy of a letter from A. Kabat to M. Elsner (Sept. 28, 2005).

11.     Exhibit 11 is a copy of a letter from R. Haefele to A. Kabat (Nov. 3, 2009).

12.     Exhibit 12 is a copy of a letter from A. Kabat to R. Haefele (Nov. 10, 2009).

13.     Exhibit 13 is a copy of a press release from the U.S. Department of Treasury (Sept. 9, 2004).

14.     Exhibit 14 is a copy of the Declaration of Thomas Nelson, Esquire (Dec. 9, 2009).

15.     Exhibit 15 is a copy of the Declaration of Soliman H. Al-Buthe (Dec. 9, 2009).

16.     Exhibit 16 is a copy of a statement from the U.S. Department of Treasury, Office of Foreign Assets Control, "Recent OFAC Designations" (June 19, 2008).

17.     Exhibit 17 is a copy of Oregon Secretary of State Business Entity Report for the Qur'an Foundation.

18.     Exhibit 18 is a copy of excerpts of the Attorney Listing, _In re_ National Security Agency Telecomm. Records Litig., MDL No. 06-1791 VRW (N.D. Cal.).

19.      Exhibit 19 is a copy of excerpts of the Amici Curiae Memorandum of MDL Plaintiffs, Al Haramain Islamic Foundation v. Obama, No. 07-CV-0109-VRW, MDL No. 06-1791 VRW (N.D. Cal. Apr. 7, 2008).

I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed on December 10, 2009.

_Alan R. Kabat_

_____
Alan R. Kabat, Esquire

**Exhibits to Opposition to Motion to Compel**
**(Dec. 10, 2009)**

1.      A. Kabat letter to M. Elsner (Apr. 21, 2004).

2.      L. Bernabei letter to M. Elsner (Apr. 26, 2004).

3.      Defendant Al Haramain Islamic Foundation, Inc.'s Responses to Plaintiffs' Request for
        Production of Documents (Apr. 26, 2004).

4.      Defendant Al Haramain Islamic Foundation, Inc.'s Responses to Plaintiffs'
        Interrogatories (Apr. 26, 2004).

5.      J. Conroy letter to A. Kabat (Apr. 28, 2004).

6.      A. Kabat letter to J. Conroy (Apr. 29, 2004).

7.      A. Kabat letter to M. Elsner (Oct. 28, 2004).

8.      R. Haefele letter to L. Bernabei (Sept. 15, 2005).

9.      A. Kabat letter to R. Haefele (Sept. 21, 2005).

10.     A. Kabat letter to M. Elsner (Sept. 28, 2005).

11.     R. Haefele letter to A. Kabat (Nov. 3, 2009).

12.     A. Kabat letter to R. Haefele (Nov. 10, 2009).

13.     Department of Treasury, Press Release (Sept. 9, 2004).

14.     Declaration of Thomas Nelson, Esquire (Dec. 9, 2009).

15.     Declaration of Soliman H. Al-Buthe (Dec. 9, 2009).

16.     OFAC, Recent OFAC Designations (June 19, 2008).

17.     Oregon Secretary of State Business Entity Report, Qur'an Foundation (Dec. 7, 2009).

18.     Attorney Listing, *In re* National Security Agency Telecomm. Records Litig., MDL No.
        06-1791 VRW (N.D. Cal.) (excerpts).

19.     Amici Curiae Memorandum of MDL Plaintiffs, Al Haramain Islamic Foundation v.
        Obama, No. 07-CV-0109-VRW, MDL No. 06-1791 VRW (N.D. Cal. Apr. 7, 2008)
        (excerpts).

**Exhibit 1**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**

A. Kabat letter to M. Elsner (Apr. 21, 2004).

LAW OFFICES

**BERNABEI & KATZ, PLLC**

1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

LYNNE BERNABEI
DEBRA S. KATZ °
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
GENA E. WILTSEK °
AVI L. KUMIN *
RASHIDA A. ADAMS

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:

DAVID J. MARSHALL
ELAINE D. KAPLAN

+ADMITTED IN MD ALSO
°ADMITTED IN NY ALSO
*ADMITTED IN CA ALSO

By Telecopier and First Class Mail
April 21, 2004

Michael E. Elsner, Esquire
Motley Rice, P.A.
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, S.C. 29465

Jayne Conroy, Esquire
Hanly Conroy Bierstein & Sheridan, LLP
415 Madison Avenue
15th Floor
New York, NY 10017-1111

Re:   Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-CV-9849 (RCC).

Dear Counsel:

I am writing regarding plaintiffs' Interrogatories to defendant Al Haramain Islamic Foundation, Inc. As you know, the parties agreed, in their Joint Report Pursuant to Local Civil Rule 16.3 (Sept. 18, 2003), to increasing the number of interrogatories from 25 to 50.

In reviewing plaintiffs' interrogatories, it is obvious that a number of the interrogatories have multiple discrete subparts. Although we will consider treating those interrogatories that have two or three subparts that are closely related to comprise a single interrogatory, those interrogatories that have anywhere from five to sixty or more subparts are impermissible under Rule 33(a), Fed. R. Civ. P.

Therefore, we currently will only answer what we have identified as comprising the first fifty interrogatories, with multiple subparts to be counted separately. By our count, this will result in answering Interrogatories Nos. 1 through 19 (since Interrogatory No. 17 has eight subparts applied to four entities, thereby comprising a total of 32 interrogatories).

Michael E. Elsner, Esquire
Jayne Conroy, Esquire
April 21, 2004
Page 2


      In the interests of cooperation, if there are interrogatories in that series that you want to revise or omit, please advise us in writing by the close of business on Thursday, April 22, 2004. For example, if you were to omit a single interrogatory in that series, then we would increase the count to Interrogatory No. 20.

      I look forward to receiving your written response. Thank you for your anticipated cooperation.

           Sincerely,

           Alan R. Kabat

**Exhibit 2**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


L. Bernabei letter to M. Elsner (Apr. 26, 2004).

LAW OFFICES
## BERNABEI & KATZ, PLLC
1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

**LYNNE BERNABEI**
**DEBRA S. KATZ** °
**LISA J. BANKS**
**ARI M. WILKENFELD** +
**ALAN R. KABAT** +
**GENA E. WILTSEK** °
**AVI L. KUMIN** *
**RASHIDA A. ADAMS**

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:

DAVID J. MARSHALL
ELAINE D. KAPLAN

+ADMITTED IN MD ALSO
°ADMITTED IN NY ALSO
*ADMITTED IN CA ALSO

By Overnight Mail
April 26, 2004

Michael E. Elsner, Esquire
Jodi W. Flowers, Esquire
Motley Rice, P.A.
28 Bridgeside Boulevard
Mount Pleasant, S.C. 29465

Re:   Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-CV-9849 (RCC).

Dear Counsel:

Enclosed please find:  (1) Defendant Al Haramain Islamic Foundation, Inc.'s Responses to Plaintiffs' Request for Production of Documents; (2) Defendant Al Haramain Islamic Foundation, Inc.'s Responses to Plaintiffs' Interrogatories; (3) documents Bates-Stamped AHIF 000001-0001868; and (4) a CD-ROM containing financial files.  The interrogatory responses are not executed by the client.  However, we hope to be able to send to you, later this week, an executed copy of the interrogatory responses.

We never received any response to Mr. Kabat's letter of April 21, 2004, regarding plaintiffs' interrogatories, including discrete subparts, as exceeding the agreed-upon total of 50. Therefore, Al Haramain Islamic Foundation, Inc. has responded through Interrogatory No. 21, which consists of more than 65 discrete subparts.

Sincerely,

*Lynne Bernabei/AK*

Lynne Bernabei

Enc.
cc: *MDL-1570* counsel (by e-mail)

**Exhibit 3**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


Defendant Al Haramain Islamic Foundation, Inc.'s Responses
to Plaintiffs' Request for Production of Documents (Apr. 26, 2004).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| *In Re* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) | MDL No. 1570 |
| | ) | |
| THOMAS E. BURNETT, SR., *et al.*, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 03 CV 9849 (RCC) |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT AL HARAMAIN ISLAMIC FOUNDATION, INC.'S
## RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Al Haramain Islamic Foundation, Inc. (U.S.A.) ("AHIF"), through

undersigned counsel, hereby responds to Plaintiffs' Request for Production of Documents.

### GENERAL OBJECTIONS

1.     Defendant AHIF objects to plaintiff's "Definitions" and Document Requests

insofar as they:

(a) request information or identification of documents concerning confidential

communications between defendant and its attorneys, on the grounds that the information sought

is protected under the attorney/client privilege;

(b) request information or identification of documents prepared by defendant's counsel

for their own use, or prepared by defendant or defendant's witnesses for use by defendant's

counsel, on the grounds that the information sought is protected from disclosure by the attorney

work-product doctrine;

(c)  seek to enlarge defendant's obligation to respond to discovery beyond the obligations established by the Federal Rules of Civil Procedure and the Local Rules of this Court;

(d) are overbroad, vague, ambiguous, unduly burdensome, not limited to the subject matter of this litigation, not reasonably calculated to lead to the discovery of admissible information, and/or do not specify the information sought with sufficient particularity;

(e) seek discovery from AHIF of records and documents that are in the possession, custody, or control of persons or entities other than AHIF;

(f) seek discovery from AHIF of records and documents that are in the possession, custody, or control of the Qur'an Foundation, which is not a defendant in this litigation. Defendant AHIF has answered these document requests with respect to AHIF itself.

2.    Defendant AHIF has made a diligent and reasonable search and inquiry for the information requested by the interrogatories.  Any response contained herein, however, is given with the understanding that AHIF and its attorneys are still conducting discovery and investigation in connection with this action.  Defendants' responses are therefore without waiver of, or prejudice to, its right to later use additional information not set forth or referred to in this response.  In addition, any response contained herein is made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

3.    The above-stated General Objections are hereby incorporated in each of Defendant AHIF's following responses to specific requests, whether or not expressly repeated in response to a particular request.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST No. 1:**

All documents identified in or used to respond to your answers to Plaintiffs' interrogatories.

**Response to Document Request No. 1:**

<u>See</u> Documents Bates-Stamped AHIF 000001-000037, 000040-000496, 000498, 000511-

000572, 000575-000603, 000606, 000608-000614, 000625-000626, 000628, 000632-000655,

000666-000687, 000707-000799, 000808-001057, 001062-001133, 001139-001146, 001233-

001279, 001283-001400, 001402-001531, 001578-001672, 001851-001868.

**DOCUMENT REQUEST No. 2:**

All documents which state or discuss how and why the Qur'an Foundation was formed, the purpose or mission statement of the Foundation, the date that the Foundation was formed, how the Foundation was capitalized, and the owners and beneficiaries of the Qur'an Foundation.

**Response to Document Request No. 2:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation is a

separate entity, which is not a defendant in this case.  AHIF does not have possession, custody,

or control of the Qur'an Foundation's records.

**DOCUMENT REQUEST No. 3:**

Please provide all documents relating to the formation and organizational structure of the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia, and Al Haramain Worldwide.

**Response to Document Request No. 3:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records.  AHIF further objects to this request on the

3

grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, AHIF is producing responsive documents that

relate to AHIF alone.

See Documents Bates-Stamped AHIF 000006-000019, 001233-001234, 001344-001393,

001403-001531.

**DOCUMENT REQUEST No. 4:**

Please provide all documents concerning the name change from the Qur'an Foundation to Al Haramain Islamic Foundation, Inc. Such documents shall include, but shall not be limited to:

a. all correspondence from Al Haramain Saudi Arabia or Al Haramain Worldwide, concerning the name change;

b. any and all proposals or agreements related to this name change including all meeting minutes, transcripts, notes, e-mails or other document from Al Haramain Worldwide concerning the name change;

c. any and all audits, inquires and/or investigatory documents and things compiled on behalf of the Qur'an Foundation and/or on behalf of Al Haramain Worldwide concerning the name change;

d. any and all documents concerning the new purpose of Al Haramain Islamic Foundation;

e. any and all documents concerning the reason for the changes of the directors of the Qur'an Foundation from David Rogers, Robert Brown, Perouz Seda Ghaty and Robab Tavalie to the new directors of Al Haramain Islamic Foundation, Aqeel Al Aqeel, Soliman HS Buthe, Mansour Al Kadi and Perouz Seda Ghaty;

f. please provide any and all documents which discuss or relate to any previous relationships between the Qur'an Foundation and/or any of its employees, officers or directors and Al Haramain Saudi Arabia and/or Al Haramain Worldwide.

**Response to Document Request No. 4:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation is a

separate entity, which is not a defendant in this case. AHIF does not have possession, custody,

or control of the Qur'an Foundation's records. AHIF further objects on the grounds that the

Qur'an Foundation did not change its name to Al Haramain Islamic Foundation, Inc.

4

**DOCUMENT REQUEST No. 5:**

Please produce any and all documents related to the resignations of Aqeel Al Aqeel, Soliman H.S. Buthe [*sic*], Mansour Al Kadi from the Al Haramain Islamic Foundation. Responsive documents shall include any and all meeting minutes, correspondence and/or documents related to the reason for their resignations and any reports, audits and/or investigations concerning resignation of these directors.

**Response to Document Request No. 5:**

AHIF objects to this request on the grounds that Soliman H.S. Al-Buthe did not resign

from the board of AHIF in 2003. Subject to and without waiving this request, AHIF is

producing responsive documents.

See Documents Bates-Stamped AHIF 001851-001852.

**DOCUMENT REQUEST No. 6:**

Any and all documents relating to Aqeel Al Aqeel's, Soliman HS Buthe's [*sic*], and Mansour Al Kadi's:
      a.     travel to the United States;
      b.     purchase or ownership of any property in the United States;
      c.     the maintenance of any bank accounts in the United States;
      d.     the negotiation of any contracts or other business transactions in the United
             States,
[i]n connection with Al Haramain USA, Al Haramain Saudi Arabia or Al Haramain Worldwide.

**Response to Document Request No. 6:**

AHIF objects to this request on the grounds that this document request should be directed

to the individuals in question, and not to AHIF, which does not have possession, custody, or

control of their records. AHIF further objects to this request on the grounds that Al Haramain

Saudi Arabia and Al Haramain Worldwide are separate entities, and AHIF does not have

possession, custody, or control of their records.

**DOCUMENT REQUEST No. 7:**

Please produce any and all advertising, marketing, public relations promotional materials

by the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia or Al Haramain Worldwide.  Such advertising, marketing and/or public relations promotional material shall include those sent by e-mail or on the internet, from whatever source.

**Response to Document Request No. 7:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of their records.  AHIF further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity.  Subject to and without waiving this objection, AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-Stamped AHIF 000416, 001795.

**DOCUMENT REQUEST No. 8:**

Please produce any and all documents related to how the assets of the Qur'an Foundation, if any, were transferred or distributed when the charity was dissolved.

**Response to Document Request No. 8:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case.  AHIF does not have possession, custody, or control of the Qur'an Foundation's records.

**DOCUMENT REQUEST No. 9:**

Please produce any and all documents related to assets, real estate, businesses, mosques, schools, residences, and/or offices owned by the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia and/or Al Haramain Worldwide.

**Response to Document Request No. 9:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

6

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of their records. AHIF further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-Stamped AHIF 000250-000255, 000427-000492, 000496-000497, 000572, 000609, 000628, 000707, 000882-000998, 001596-001624.

**DOCUMENT REQUEST No. 10:**

Please produce all documents related to the organizational purpose(s) of the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia and/or Al Haramain Worldwide.

**Response to Document Request No. 10:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of their records. AHIF further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-Stamped AHIF 000006-000019, 001344-001393.

**DOCUMENT REQUEST No. 11:**

Please produce any and all documents and things related to any investigation and/or disciplinary action taken by the Qur'an Foundation and/or Al Haramain USA with any of its employees, officers, directors, supporters, donors, suppliers, contributors, facilitators, speakers,

7

foreign government supporters, business supporters, banks and other charities because of financial irregularities, suspicious activities, and/or the support of violence of jihad.

**Response to Document Request No. 11:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case. AHIF does not have possession, custody, or control of the Qur'an Foundation's records. Subject to and without waiving this objection, AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-Stamped 000493-000496, 000569-000571.

**DOCUMENT REQUEST No. 12:**

Please produce a copy of all publications, newspapers, newsletters, periodicals, books, reports, pamphlets, videotapes, audiotapes, websites, that the Qur'an Foundation and/or Al Haramain USA subscribed to or received.

**Response to Document Request No. 12:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case. AHIF does not have possession, custody, or control of the Qur'an Foundation's records. AHIF further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, AHIF has no responsive documents that relate to AHIF alone.

**DOCUMENT REQUEST No. 13:**

Please produce all newsletters, magazines, books, reports, advertisements, periodicals, pamphlets, videotapes, audiotapes, television appearances, websites and/or any other form of media that the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide has produced and/or distributed and/or contributed to either financially or through any other form of support such as writing, editing, and/or review.

8

**Response to Document Request No. 13:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records. AHIF further objects to this request on the

grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, AHIF will make available for inspection, at the

law offices of Bernabei & Katz, PLLC, responsive documents, which are currently under

copyright protection, that relate to AHIF alone.

**DOCUMENT REQUEST No. 14:**

Please produce any and all lists of materials maintained in a library or reading room by
the Qur'an Foundation, AL Haramain USA, Al Haramain Sandia Arabia and/or AL Haramain
Worldwide.

**Response to Document Request No. 14:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records. AHIF further objects to this request on the

grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, AHIF has no responsive documents that relate to

AHIF alone.

**DOCUMENT REQUEST No. 15:**

Please produce all records concerning contributors to the Qur'an Foundation and/or to Al

9

Haramain USA, Al Haramain Saudi Arabia and/or Al Haramain Worldwide, whether in dollars, riyals or any other currencies, goods, services or any other action which has been defined as material support in 18 USC 2339(a). Such documents shall include any and all financial, banking, accounting, audit records, wire transfer records, bank transfers, invoices, receipts, memoranda and/or reports concerning the identity of the contributor and the amount, date, type, purpose, and/or reason for the contribution and the means and methods by which the support was provided.

**Response to Document Request No. 15:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records.  Subject to and without waiving this

objection, AHIF states that it has not received any contributions that constitute material support

under 18 U.S.C. § 2339(a), so that AHIF has no responsive documents that relate to AHIF alone.

**DOCUMENT REQUEST No. 16:**

Please produce all records concerning contributions and/or zakat and/or payments made by the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia and/or Al Haramain Worldwide, whether in dollars, riyals or any other currencies, goods, services or any other action which has been defined as material support in 18 USC 2339(a).  Such documents shall include any and all financial, banking, accounting, audit records, wire transfer records, bank transfers, invoices, receipts, memoranda and/or reports concerning the identity of the recipient (whether the recipient is an individual, government, charity, financial institution, association, group or other type of entity), and the amount, date, type, purpose, and/or reason for the contribution and the means and methods by which the support was distributed.

**Response to Document Request No. 16:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records.  Subject to and without waiving this

objection, AHIF states that it has not made any contributions, zakat, or payments that constitute

material support under 18 U.S.C. § 2339(a), so that AHIF has no responsive documents that

relate to AHIF alone.

**DOCUMENT REQUEST No. 17:**

In the event that the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide ever assisted anyone in obtaining a passport, visa, work permit, residence permit, green card, or asylum for/in any country, please produce all documents and things related to these efforts.

**Response to Document Request No. 17:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records.  Subject to and without waiving this

objection, AHIF has no responsive documents that relate to AHIF alone.

**DOCUMENT REQUEST No. 18:**

Please produce all documents concerning the Qur'an Foundation's and/or Al Haramain USA's and/or Al Haramain Saudi Arabia's and/or Al Haramain Worldwide's contributions to any individual and/or entity to travel internationally between the years 1989 and 2002. Responsive documents shall include all travel records, receipts, ticket stubs, and documents related to the travel including, but not limited to, the reason or purpose of the travel.

**Response to Document Request No. 18:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records.  AHIF further objects to this request on the

grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, AHIF has no responsive documents that relate to

AHIF alone.

**DOCUMENT REQUEST No. 19:**

11

Please produce and [*sic*] any all documents related to how the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide determined or decided to whom financial or other forms of goods, services or support would be dispersed.

**Response to Document Request No. 19:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of their records. AHIF further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. AHIF further objects to this request on the grounds that the information sought by this request is relevant solely to plaintiffs' negligence claims, which were dismissed by Judge Robertson.

**DOCUMENT REQUEST No. 20:**

Please produce any and all documents related to the Qur'an Foundation's and/or Al Haramain USA's and/or Al Haramain Saudi Arabia's and [*sic*] revocation of support of any individual, charity, school, mosque, cause, project, foreign government, financial institution or any other entity.

**Response to Document Request No. 20:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation and Al Haramain Saudi Arabia are separate entities, and AHIF does not have possession, custody, or control of their records. Subject to and without waiving this objection, AHIF is producing responsive documents with respect to AHIF alone.

See Documents Bates-Stamped 000493-000496, 000569-000571.

**DOCUMENT REQUEST NO. 21:**

Please produce any and all documents related to any fundraising, action, event, and/or conferences that the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide has run, coordinated, organized, and/or assisted.

Responsive documents shall include, but shall not be limited to, documents related to the
purpose or reason for the event, where the event was held, all advertising, marketing or
promotional material for the event, the list of invitees and attendees of the event, the speakers or
presenters of the event, all handouts or materials sold and/or distributed at the event, all
documents related to monies raised or donations made at the event, any audio or video
demonstrations shown at the event.

**Response to Document Request No. 21:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records. AHIF further objects to this request on the

grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, AHIF has no responsive documents that relate to

AHIF alone.

**DOCUMENT REQUEST No. 22:**

Please produce the financial records for all bank accounts held by the Qur'an Foundation
and/or Al Haramain USA and/or Al Haramain Saudi Arabia from 1989 until the present.
Responsive documents shall include, but shall not be limited to: a) documents relating to shari'a
boards of any entity including businesses, banks, mosques, charities, among others; b)
documents relating to "amils" or zakat workers; and c) records relating to the Saudi Department
of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

**Response to Document Request No. 22:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation and Al

Haramain Saudi Arabia are separate entities, and AHIF does not have possession, custody, or

control of their records. AHIF further objects to this request on the grounds that it is overbroad,

vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

evidence, and does not seek discovery with sufficient particularity. Subject to and without

13

waiving this objection, AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-Stamped 000044-000130, 000131-000145, 000223-000248,
000256-000278, 000279-000314, 000315-000318, 000319-000395, 000396-000415, 000417-
000426, 000511-000554, 000560-000567, 000575-000596, 000597, 000598-000600, 000604-
000605, 000607, 000610-000614, 000616-000620, 000621-000622, 000624, 000625-000626,
000627, 000629, 000630, 000631, 000632-000655, 000656-000662, 000663, 000664-000665,
000666-000687, 000688, 000689-000706, 000709, 000710-000759, 000760, 000761-000799,
001058-001061, 001062-001117, 001122, 001134-001138, 001147-001219, 001220-001230,
001231-001232, 001235-001279, 001280-001282, 001283-001343, 001395-001396, 001401,
001625-001672.  Those documents that contain the home addresses of donors will be produced
upon entry of a suitable protective order.

**DOCUMENT REQUEST No. 23:**

Please produce all insurance contracts, policies, term sheets and records or agreements
which may be utilized by Defendant to satisfy part or all of a judgment that may be entered in
this action or to indemnify or reimburse for payments to satisfy the judgment.

**Response to Document Request No. 23:**

There are no responsive documents with respect to AHIF.

**DOCUMENT REQUEST No. 24:**

Please produce any and all documents concerning any agreement between the Qur'an
Foundation, Al Haramain USA, Al Haramain Saudi Arabia and/or Al Haramain Worldwide, and
any other individual, entity, and/or government whereby an individual, entity or government has
agreed to pay all legal fees and/or satisfy part or all of a judgment that may be entered in this
action or to indemnify or reimburse for payments to satisfy the judgment.

**Response to Document Request No. 24:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

14

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records.  Subject to and without waiving this

objection, there are no responsive documents with respect to AHIF alone.

**DOCUMENT REQUEST No. 25:**

Please produce all financial records, audits and reports which reflect the total dollar income and expenditures from all sources to and from the Qur'an Foundation and/or Al Haramain USA, and/or Al Haramain Saudi Arabia for each year from 1989 to 2002.

**Response to Document Request No. 25:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation and Al

Haramain Saudi Arabia are separate entities, and AHIF does not have possession, custody, or

control of their records.  AHIF further objects to this request on the grounds that it is overbroad,

vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

evidence, and does not seek discovery with sufficient particularity.  Subject to and without

waiving this objection, AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-Stamped 000044-000130, 000131-000145, 000223-000248,

000256-000278, 000279-000314, 000315-000318, 000319-000395, 000396-000415, 000417-

000426, 000511-000554, 000560-000567, 000575-000596, 000597, 000598-000600, 000604-

000605, 000607, 000610-000614, 000616-000620, 000621-000622, 000624, 000625-000626,

000627, 000629, 000630, 000631, 000632-000655, 000656-000662, 000663, 000664-000665,

000666-000687, 000688, 000689-000706, 000709, 000710-000759, 000760, 000761-000799,

001058-001061, 001062-001117, 001122, 001134-001138, 001147-001219, 001220-001230,

001231-001232, 001235-001279, 001280-001282, 001283-001343, 001395-001396, 001401,

001625-001672.  Those documents that contain the home addresses of donors will be produced

upon entry of a suitable protective order.

**DOCUMENT REQUEST No. 26:**

Please produce any records concerning any investigation, inquiry and/or audit by any bank, financial institution, government agency, accountant and/or auditor of the Qur'an [*sic*] Foundation's and/or Al Haramain USA's and/or Al Haramain Saudi Arabia's and/or Al Haramain Worldwide's financial transactions.

**Response to Document Request No. 26:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records.  Subject to and without waiving this

objection, AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-Stamped AHIF 001532-001577.

**DOCUMENT REQUEST No. 27:**

Please produce any and all documents concerning the Qur'an Foundation's, and/or Al Haramain USA's, and/or Al Haramain Saudi Arabia's attempts to collect, maintain, and distribute its finances in accordance with the tenets of Islamic banking principles.  Responsive documents shall include, but shall not be limited to: a) documents relating to shari'a boards of any entity including businesses, banks, mosques, charities, among others; b) documents relating to "amils" or zakat workers; and c) records relating to the Saudi Department of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

**Response to Document Request No. 27:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation and Al

Haramain Saudi Arabia are separate entities, and AHIF does not have possession, custody, or

control of their records.  AHIF further objects to this request on the grounds that it is overbroad,

vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

evidence, and does not seek discovery with sufficient particularity.  Subject to and without

waiving this objection, AHIF has no responsive documents that relate to AHIF alone.

16

**DOCUMENT REQUEST No. 28:**

Please produce copies of all United States tax returns filed by the Qur'an Foundation, Al Haramain USA, and Al Haramain Worldwide.  Please include all applications and correspondence between Al Haramain Worldwide and the Internal Revenue Service and all other correspondence concerning Al Haramain's tax exempt status.

**Response to Document Request No. 28:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation and Al

Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or

control of their records.  Subject to and without waiving this objection, AHIF is producing

responsive documents that relate to AHIF alone.

See Documents Bates-Stamped AHIF 000006-000019, 001130-001133, 001139-001145,

001398-001400, 001402, 001403-001531.

**Document Request No. 29:**

Please produce any and all documents concerning Al Haramain USA's, the Qur'an Foundation's, or Al Haramain Worldwide's maintenance of its assets in the form of gold, silver, other precious metals, precious stones, or similar commodities.

**Response to Document Request No. 29:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation and Al

Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or

control of their records.  Subject to and without waiving this objection, AHIF has no responsive

documents with respect to AHIF itself.

**DOCUMENT REQUEST No. 30:**

Please produce any and all documents concerning the Qur'an Foundation's and/or Al Haramain USA's, and/or Al Haramain Saudi Arabia's and/or Al Haramain Worldwide's involvement with criminal or civil proceedings in the United States or in any foreign country. Such documents shall include, but shall not be limited to:

a. all pleadings, motions, orders, and decisions filed in the case;
b. all documents concerning the subject matter of the case(s) or proceeding(s);
c. all documents and materials produced or obtained in discovery;
d. All deposition and/or trial testimony;
e. All records concerning who paid the legal fees for the Qur'an Foundation and/or Al Haramain USA, and/or Al Haramain Worldwide;
f. All settlement documents;
g. All documents concerning how the case or proceeding was resolved.

**Response to Document Request No. 30:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of their records. Subject to and without waiving this objection, AHIF states that the only civil proceeding in which it has been served with process and entered an appearance is the instant litigation, Burnett, _et al._ v. Al Baraka Investment & Development Corporation, _et al._, No. 03-CV 9849 (RCC), and plaintiffs already have all pleadings and Court orders relating to AHIF from that litigation. There is also a pending investigation by the IRS, Nos. 03-376, 04-4009.

See Documents Bates-stamped AHIF 001532-001577.

**DOCUMENT REQUEST No. 31:**

Please produce any and all standards, protocols, and/or guidelines used by the Qur'an Foundation and/or Al Haramain USA, and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide concerning:
a. financial crimes such as money laundering or the facilitation of terrorist financing;
b. the acceptance of donations;
c. the distribution of donations to ensure that they are being used for charitable purposes.

**Response to Document Request No. 31:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records. AHIF further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. AHIF further objects to this request on the grounds that the information sought by this request is relevant solely to plaintiffs' negligence claims, which were dismissed by Judge Robertson.

**DOCUMENT REQUEST No. 32:**

Please produce any and all documents related to any disputes concerning the use of the Qur'an Foundation's and/or Al Haramain USA's use of assets.

**Response to Document Request No. 32:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case. AHIF does not have possession, custody, or control of the Qur'an Foundation's records. AHIF further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, there are no responsive documents with respect to AHIF itself.

**DOCUMENT REQUEST No. 33:**

Please produce any and all documents related to the relationship between the Qur'an Foundation, Al Haramain USA, and Al Haramain branches located in Kenya, Bosnia, Somalia, Saudi Arabia, Sudan, Pakistan, Albania, and Indonesia, including, but not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails and web based messages. Please produce all correspondence between Al Haramain Worldwide with any individual or entity in Kenya, Bosnia, Saudi Arabia, Sudan, Pakistan, Albania, and Indonesia.

**Response to Document Request No. 33:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation and Al

Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of their records. AHIF further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-Stamped 000038-000039, 000615, 000623, 001119-001121.

**DOCUMENT REQUEST No. 34:**

Please produce all directives, instructions, and/or communications by officers or directors of Al Haramain Saudi Arabia and/or Al Haramain Worldwide to the Qur'an Foundation and/or Al Haramain USA.

**Response to Document Request No. 34:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of their records. AHIF further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, AHIF has no responsive documents that relate to AHIF alone.

**DOCUMENT REQUEST No. 35:**

Please produce an electronic or paper copy of all web pages that were ever operated by the Qur'an Foundation and/or Al Haramain USA, and/or Al Haramain Saudi Arabia, and/or Al Haramain Worldwide. Please produce all documents related to the e-mail server(s); webmasters(s); website designer(s); domain names and registration of domain names.

**Response to Document Request No. 35:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

20

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records.  Subject to and without waiving this

objection, AHIF has no responsive documents that relate to AHIF alone.

**DOCUMENT REQUEST No. 36:**

Please produce all documents concerning any web "links" that the Qur'an Foundation
and/or any Al Haramain office website(s) have to other internet websites, web pages or chat
rooms.  Such documents shall include, but shall not be limited to, the reason for the link, how the
decision was made to add such a link to the site, whether the charity received any compensation
for maintaining the link, and the content of the linked internet website, web page or chat room.
Please produce any internal regulations, rules or protocols concerning web links, e-mail and
website uses.

**Response to Document Request No. 36:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records.  Subject to and without waiving this

objection, AHIF has no responsive documents that relate to AHIF alone.

**DOCUMENT REQUEST No. 37:**

Please produce any and all documents which relate to the organizational structure of Al
Haramain USA, Al Haramain Saudi Arabia and Al Haramain Worldwide.  Responsive
documents shall include those which relate to Al Haramain board, general committees, the
members on each board of committee, and the role and purpose of each board or committee.

**Response to Document Request No. 37:**

Defendant AHIF objects to this request on the grounds that Al Haramain Saudi Arabia

and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody,

or control of their records.  AHIF further objects to this request on the grounds that it is

overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of

admissible evidence, and does not seek discovery with sufficient particularity.  Subject to and

without waiving this objection, AHIF is producing responsive documents that relate to AHIF

alone.

See Documents Bates-Stamped 001344-001393, 001403-001531.

**DOCUMENT REQUEST No. 38:**

Please produce any and all documents concerning all other groups, mosques and
associations affiliated with Al Haramain USA and/or AL Haramain Saudi Arabia and/or Al
Haramain Worldwide. In the event that Qur'an Foundation and/or Al Haramain USA and/or any
of its officers, employers or directors shared office space or bank accounts with any other
charity, Al Haramain Worldwide, mosque, prison, imam, school or other individual please
produce such records.

**Response to Document Request No. 38:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al

Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not

have possession, custody, or control of their records. AHIF further objects to this request on the

grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the

discovery of admissible evidence, and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, AHIF is producing responsive documents that

relate to AHIF alone.

See Documents Bates-Stamped AHIF 000499-000510, 000573-000574.

**DOCUMENT REQUEST No. 39:**

Please produce all documents which relate to how long-term strategic decisions for Al
Haramain USA and Al Haramain Worldwide are made.

**Response to Document Request No. 39:**

Defendant AHIF objects to this request on the grounds that Al Haramain Worldwide

consists of separate entities, and AHIF does not have possession, custody, or control of their

records.  AHIF further objects to this request on the grounds that it is overbroad, vague, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does

not seek discovery with sufficient particularity.  Subject to and without waiving this objection,

AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-Stamped 001344-001393.

**DOCUMENT REQUEST No. 40:**

Please produce copies of all warnings, notices, reports, advisements from any country,
regulatory body, business, charity (including Al Haramain's other offices), auditors, financial
institutions, sanction enforcement body or any other individual or entity that:

a.  Any Al Haramain office, its directors, officers and employees is being or has been:
investigated for its support of terrorist activity or for disbursing funds for non-charitable
purposes; investigated for having an employee, officer or director suspected of terrorism
or for supporting criminal activity.
b.  The Kingdom of Saudi Arabia was closing all foreign offices of Al Haramain;
c.  Islamic charities had been infiltrated by terrorist cells and monies had been diverted
by those individuals to support Al-Qaeda, Hamas and other alleged terrorist groups.
d.  The United States Treasury Department and/or any other division of the United States
government and/or any foreign government, or subdivision thereof, had identified and
seized assets of any Al Haramain charitable office.
e.  The Kingdom of Saudi Arabia was investigating Aqeel Al Aqeel.

**Response to Document Request No. 40:**

Defendant AHIF objects to this request on the grounds that this seeks discovery of

individuals and other entities, including but not limited to Al Haramain Saudi Arabia and Al

Haramain Worldwide, which are separate entities, and AHIF does not have possession, custody,

or control of their records.  Subject to and without waiving this objection, AHIF has no

responsive documents that relate to AHIF alone.

**DOCUMENT REQUEST No. 41:**

Please produce any and all documents related to any terrorist incident or attack.

23

**Response to Document Request No. 41:**

AHIF objects to this request on the grounds that it is overbroad, vague, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does

not seek discovery with sufficient particularity.  Subject to and without waiving this objection,

AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-stamped AHIF 001673-001850.

**DOCUMENT REQUEST No. 42:**

Please produce any books, articles, reports, memorandum, e-mails, letters,
communications, interviews, pictures, web pages, or any other document, image or thing which
discusses or mentions any terrorist incident or attack and/or of any of the plaintiffs or defendants
in this suit, any individual, group, association or entity designated by the Office of Foreign Asset
Control ("OFAC") or any governmental body as a terrorist or a supporter of terrorism, a
specifically designated global terrorist, or of any of the individuals or entities named below:

|     |                                |
|-----|--------------------------------|
| a.  | Osama bin Laden                |
| b.  | Mullah Omar                    |
| c.  | Emaan Arnout                   |
| d.  | Abdullah Azzam                 |
| e.  | Sheik Ahmed Azzam              |
| f.  | Adel Baterjee                  |
| g.  | Al Qaeda                       |
| h.  | Armed Islamic Group of Algeria |
| i.  | Safar al-Hawali                |
| j.  | Salman al-Awda                 |
| k.  | Khalid Al-Midhar               |
| l.  | Majed Moqed                    |
| m.  | Nawaq Alhamzi                  |
| n.  | Salem Alhamzi                  |
| o.  | Hani Hanjour                   |
| p.  | Satam Al Suqami                |
| q.  | Waleed M. Alshehri             |
| r.  | Wail Alshehri                  |
| s.  | Mohamed Atta                   |
| t.  | Abdulaziz Alomari              |
| u.  | Marwan Al-Shehhi               |
| v.  | Fayez Ahmed                    |
| w.  | Ahmed Alghamdi                 |

24

| | |
|---|---|
| x. | Hamza Alghamdi |
| y. | Mohald Alshehri |
| z. | Saeed Alghamdi |
| aa. | Ahmed Alhaznawi |
| bb. | Ahmed Alnami |
| cc. | Ziad Jarrah |
| dd. | Al-Gama'at al-Islamiyya |
| ee. | Harakat ul-Mujahidin |
| ff. | Egyptian Islamic Jihad |
| gg. | Jamiat-ul-Ulema-e-Pakistan |
| hh. | Jihad Movement in Bangladesh |
| ll. | Islamic Movement of Uzbekistan |
| mm. | Salafist Group for Call and Combat (GSPC) |
| nn. | Armed Islamic Group (GIA) |
| oo. | Muslim Brotherhood |
| pp. | Asbat Al Ansar |
| qq. | Al-Faran |
| rr. | Jaish-e-Mohammed |
| ss. | Lashkar-e-Tayyiba |
| tt. | Abu Sayyaf |
| uu. | Jamaat ul-Fuqra |
| vv. | Ghaith Pharaon |
| ww. | Sheikh Al Hawali |
| xx. | Sheikh Salmon Al Auda |
| yy. | Sheikh Nassar Al Omar |
| zz. | Abdel Latyfben Abdel Karim ad-Daraan |
| aaa. | Agus Dwikarna |
| bbb. | Omar al Faruq |
| ccc. | Abu Saleh |
| ddd. | Ayman al-Zawahiri |
| eee. | Islamic Center of Milan |
| fff. | Islamic Center in the Village of Karmmakhi in the Republic of Makhachkala |
| ggg. | Foundation Regarding Chechnya |
| hhh. | Abu Omar Mohammed As-Seif |
| iii. | Mansur ben Abdel Rahman al-Kad |

**Response to Document Request No. 42:**

AHIF objects to this request on the grounds that it is overbroad, vague, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does

not seek discovery with sufficient particularity. Subject to and without waiving this objection,

25

AHIF is producing responsive documents that relate to AHIF alone.

See Documents Bates-stamped AHIF 001673-001850.

**DOCUMENT REQUEST No. 43:**

Please produce a copy of all documents and things that have been seized or produced by the Qur'an Foundation, Al Haramain USA, and/or Al Haramain Worldwide to any investigators, auditors, government agencies concerning its alleged support or connections with alleged terrorists [*sic*] organizations, groups or activities.

**Response to Document Request No. 43:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of their records. Subject to and without waiving this objection, AHIF has no responsive documents that relate to AHIF alone.

**DOCUMENT REQUEST No. 44:**

All documents in your possession or control relating in any way to meetings, correspondence, statements or other communications concerning terrorist financing.

**Response to Document Request No. 44:**

AHIF has no responsive documents.

**DOCUMENT REQUEST No. 45:**

Please produce all telephone and facsimile records for the Qur'an Foundation and Al Haramain USA from 1989 to the present.

**Response to Document Request No. 45:**

Defendant AHIF objects to this request on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case. AHIF does not have possession, custody, or control of the Qur'an Foundation's records. Subject to and without waiving this objection, AHIF has no responsive documents.

**DOCUMENT REQUEST No. 46:**

Please produce a copy of any and all document "retention" policy, plan or program.

**Response to Document Request No. 46:**

AHIF has no responsive documents.

**DOCUMENT REQUEST No. 47:**

Please produce any records or documents concerning the destruction of documents, including descriptions of all destroyed documents.

**Response to Document Request No. 47:**

AHIF has no responsive documents.

**DOCUMENT REQUEST No. 48:**

Produce each exhibit that you intend to rely upon at trial.

**Response to Document Request No. 48:**

AHIF objects to this request as being premature, since discovery is still underway, and

the summary judgment or related dispositive motions have not yet been briefed. If this case is

set for trial, AHIF will produce its exhibits in accordance with an appropriate pre-trial order and

the Local Rules of this Court.

**DOCUMENT REQUEST No. 49:**

Copies of all reports, correspondence and records which relate to the subject matter of this case from any expert expected to testify at trial. Please produce all expert reports and documents reviewed and relied upon by any expert expected to testify at trial.

**Response to Document Request No. 49:**

AHIF objects to this request as being premature, since fact discovery is still underway,

and the parties have not yet designated any expert witnesses. AHIF will produce information

relating to its experts in accordance with an appropriate case management order, the Federal

27

Rules of Civil Procedure, and the Local Rules of this Court.

**DOCUMENT REQUEST No. 50:**

Please produce all electronically-stored materials which relate to the subject matter of the documents and things described herein including:
a.  Data files created by a word processor, spreadsheet or other application software;
b.  Databases and structural information about the databases, including network activity logs and audit trails;
c.  Electronic calendars and telephone logs; whether this information exists on a network file server, main frame computer, mini-computer, stand-alone personal computer, network workstation, off-line data-storage media, including back-ups and archives, floppy diskettes, tapes and other removable electronic media.

**Response to Document Request No. 50:**

AHIF objects to this request on the grounds that it is overbroad, vague, unduly

burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does

not seek discovery with sufficient particularity.  AHIF further objects that this request seeks

documents that are protected by privileges, including the attorney work product doctrine and the

attorney-client privilege.  Subject to and without waiving this objection, AHIF will produce a

CD-ROM containing financial databases.

28

Respectfully submitted,

Alan R. Kabat

_____
Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
 Al Haramain Islamic Foundation, Inc.

DATED:  April 26, 2004

29

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2004, I caused the foregoing to be served electronically on counsel of record by e-mail, and by first class-mail, postage prepaid, on any counsel of record for whom no e-mail address is available.

Alan R. Kabat

**Exhibit 4**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**

Defendant Al Haramain Islamic Foundation, Inc.'s Responses
to Plaintiffs' Interrogatories (Apr. 26, 2004).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) | MDL No. 1570 |
| | ) | |
| THOMAS E. BURNETT, SR., *et al.*, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 03 CV 9849 (RCC) |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT AL HARAMAIN ISLAMIC FOUNDATION, INC.'S**
**RESPONSES TO PLAINTIFFS' INTERROGATORIES**

Defendant Al Haramain Islamic Foundation, Inc. (U.S.A.) ("AHIF"), through undersigned counsel, hereby responds to Plaintiffs' Interrogatories.

**GENERAL OBJECTIONS**

1.    Defendant AHIF objects to plaintiffs' definitions and instructions insofar as they

(a)    request information or identification of documents concerning confidential communications between defendant and its attorneys, on the ground that the information sought is protected under the attorney/client privilege;

(b)    request information or identification of documents prepared by defendant's counsel for their own use, on the ground that the information sought protected from disclosure by the attorney work-product doctrine;

(c)    seek to enlarge defendant's obligation to respond to discovery beyond the obligations established by the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.      Defendant AHIF objects to plaintiffs' interrogatories insofar as they exceed, including subparts, the 50 interrogatories as agreed to by the parties.

3.      Defendant AHIF objects to plaintiffs' interrogatories insofar as they seek discovery from AHIF of records and documents that are in the possession, custody, or control of entities other than AHIF.

4.      Defendant AHIF objects to plaintiffs' interrogatories insofar as they seek discovery from AHIF of records and documents that are in the possession, custody, or control of the Qur'an Foundation, which is not a defendant in this litigation.  Defendant AHIF has answered these interrogatories with respect to AHIF itself.

5.      Defendant AHIF objects to plaintiffs' interrogatories insofar as they are overbroad, vague, ambiguous, unduly burdensome, not limited to the subject matter of this litigation, not reasonably calculated to lead to the discovery of admissible information, and/or do not specify the information sought with sufficient particularity.

6.      Defendant AHIF objects to plaintiffs' interrogatories insofar as they seek information beyond the scope of permissible discovery, under Local Civil Rule 33.3, at this stage of the litigation.

7.      Defendant AHIF has made a diligent and reasonable search and inquiry for the information requested by the interrogatories.  Any response contained herein, however, is given with the understanding that AHIF and its attorneys are still conducting discovery and investigation in connection with this action.  Defendants' responses are therefore without waiver of, or prejudice to, its right to later use additional information not set forth or referred to in this response.  In addition, any response contained herein is made with the express reservation of all

2

rights pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to

supplement or amend these responses or to present evidence either discovered subsequent to the

date hereof, or the significance of which is later discovered.

8.      The above-stated General Objections are hereby incorporated in each of

Defendant AHIF's following responses to specific interrogatories, whether or not expressly

repeated in response to a particular request.

## RESPONSES

**INTERROGATORY No. 1:**

Please state the full name, address, telephone number and position of the charity officer
or director answering these interrogatories.  Please identify each person who provided
information that was included in response to each of these interrogatories and identify which
interrogatory to which the individual provided the information.  In addition if any documents and
records have been used or referred to, in connection with the preparation of or answers to these
interrogatories, for each document referred to, state the following:

        a.      the number of the question and its subpart;
        b.      the identity and title of the document;
        c.      the name and location of the file in which the document was found;
        d.      the name and location of the file in which the document is presently
             located.

**RESPONSE TO INTERROGATORY No. 1:**

AHIF objects to this interrogatory to the extent that it seeks information protected by

privileges, including the attorney-client privilege and attorney work product doctrine.  AHIF

further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome.

Subject to and without waiving this objection, AHIF responds as follows:

Perouz Sedaghaty, c/o Bernabei & Katz, PLLC, 1773 T Street N.W., Washington, D.C.

20008-2669, tel. (202) 745-1942.  Mr. Sedaghaty provided information in response to those

interrogatories addressed to AHIF.

**INTERROGATORY No. 2:**

Identify each person who was spoken to or who provided information to assist in answering these interrogatories and for each person state the following:

    a.    the number of each question and its subpart for which such personnel provided information;

    b.    for each question identified in "a.", state the name, title and position description of the personnel supplying information;

    c.    the present location and address of the personnel supplying information;

    d.    the contents of the information provided.

**RESPONSE TO INTERROGATORY No. 2:**

Defendant AHIF objects to this interrogatory to the extent that it seeks information protected by privileges, including the attorney-client privilege and attorney work product doctrine. AHIF further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving this objection, AHIF responds as follows with respect to AHIF alone:

<u>See</u> Response to Interrogatory No. 1.

**INTERROGATORY No. 3:**

Identify and provide the last known address(es) and telephone number(s) of all persons who have knowledge of any relevant facts relating to this suit against Al Haramain Worldwide.

**RESPONSE TO INTERROGATORY No. 3:**

AHIF objects to this interrogatory to the extent that it seeks information protected by privileges, including the attorney-client privilege and the attorney work product doctrine. AHIF further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. AHIF further objects to this interrogatory on the grounds that Al Haramain Worldwide is a separate entity, and AHIF does not have possession, custody, or control of the records of Al Haramain Worldwide, so is unable to answer this interrogatory. Subject to and without waiving

4

this objection, AHIF responds as follows with respect to AHIF alone:

(1) Soliman H.S. Al-Buthe, c/o Bernabei & Katz, PLLC, 1773 T Street N.W.,

Washington, D.C. 20008-2669, tel. (202) 745-1942. Mr. Al-Buthe is a director of AHIF.

(2) Doug Gard, Esquire, 313 S. Ivy Street, P.O. Box 4356, Medford, Oregon 97501. Mr.

Gard was the attorney who prepared the incorporation papers for AHIF.

(3) Tom Wilcox, CPA, 1017 N. Riverside Ave. #106, Medford, Oregon 97501. Mr.

Wilcox prepared AHIF's tax returns and financial reports.

See also Response to Interrogatory No. 1.

**INTERROGATORY No. 4:**

Please describe how the Qur'an Foundation was formed, the purpose or mission statement of the Foundation, the date that the Foundation was formed, how the Foundation was capitalized, and identify the owners and beneficiaries of the Qur'an Foundation, the years it was in operation and the reasons it was dissolved.

**RESPONSE TO INTERROGATORY No. 4:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation

is a separate entity, which is not a defendant in this case, and AHIF does not have possession,

custody, or control of the Qur'an Foundation's records, so is unable to answer this interrogatory.

**INTERROGATORY No. 5:**

Identify and provide the last known addresses and phone numbers of all managers, officers, directors, agents, trustees and/or employees of the Qur'an Foundation and Al Haramain USA including but not limited to all professional consultants such as lawyers, accountants, auditors, financial investment advisors, religious advisors, public relations advisors, marketing advisors and charitable advisors. Please identify next to each name the various positions that the individual held and the time period the person was in each position.

**RESPONSE TO INTERROGATORY No. 5:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation

5

is a separate entity, which is not a defendant in this case, and AHIF does not have possession,

custody, or control of the Qur'an Foundation's records, so is unable to answer this interrogatory.

Subject to and without waiving this objection, AHIF responds as follows with respect to AHIF

itself:

See Documents Bates-Stamped AHIF 000001-000005, 000020-000037, 000040-000043,

000249, 000498, 000555-000559, 000568, 000602-000603, 000608, 000761-000799, 000880,

001130-001133, 001139-001145, 001344-001393, 001398-001400, 001402, 001853-001868.

**INTERROGATORY No. 6:**

State the full and complete legal name under which your charity or any predecessor is
now doing business and has done business. Please state the locations of all Al Haramain offices
and affiliates and Al Haramain's principal place of business. Please state the responsibilities of
each office.

**RESPONSE TO INTERROGATORY No. 6:**

Defendant AHIF objects to this interrogatory on the grounds that it seeks discovery of

entities other than AHIF itself, and AHIF does not have possession, custody, or control of the

records of other entities, so is unable to answer this interrogatory. Subject to and without

waiving this objection, AHIF responds as follows with respect to AHIF itself:

See Documents Bates-Stamped AHIF 000006-000019, 001233-001234, 001344-001393.

**INTERROGATORY No. 7:**

Please describe how the Qur'an Foundation decided to change its name to Al Haramain
Islamic Foundation, including any contact between the Qur'an Foundation and Al Haramain
USA, Al Haramain Saudi Arabia and Al Haramain Worldwide. Identify who contacted the
Qur'an Foundation, describe how it was contacted (phone call, letter, e-mail, facsimile, personal
visit), when and over what time period the contact(s) were made, and describe the content of the
contact. Describe the nature and content of any proposal from Al Haramain Worldwide to the
Qur'an Foundation and Al Haramain Worldwide including, but not limited to, identification of
all participants in such meetings, before the Qur'an Foundation changed its name and directors?

6

**RESPONSE TO INTERROGATORY No. 7:**

Defendant AHIF objects to this interrogatory on the grounds that it seeks discovery of entities other than AHIF itself, and AHIF does not have possession, custody, or control of the records of other entities, so is unable to answer this interrogatory. Subject to and without waiving this objection, AHIF states that the Qur'an Foundation, which is not a defendant in this case, did not change its name to Al Haramain Islamic Foundation.

**INTERROGATORY No. 8:**

Please describe what, if any, due diligence, investigation or inquiries the Qur'an Foundation conduction on Al Haramain Worldwide before agreeing to change its name and change members of the Qur'an Foundation directors.

**RESPONSE TO INTERROGATORY No. 8:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case, and AHIF does not have possession, custody, or control of the Qur'an Foundation's records. Subject to and without waiving this objection, AHIF states that the Qur'an Foundation did not change its name to Al Haramain Islamic Foundation.

**INTERROGATORY No. 9:**

Please describe why the Qur'an Foundation changed its directors from David Rogers, Robert Brown, Perouz Seda Ghaty and Robab Tavalie to Aqeel Al Aqeel, Soliman HS Buthe [*sic*], Mansour Al Kadi and Perouz Seda Ghaty. Describe the previous relationship between the new board members and the Qur'an Foundation or any of its employees, officers or directors.

**RESPONSE TO INTERROGATORY No. 9:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case. AHIF does not have possession, custody, or control of the Qur'an Foundation's records, so is unable to answer this interrogatory.

**INTERROGATORY No. 10:**

Please describe why Aqeel Al Aqeel, Soliman HS Buthe [*sic*], Mansour Al Kadi all resigned as directors of Al Haramain Islamic Foundation in 2003. Identify who, if anyone, advised Al Haramain, or these directors individually, that they should resign. Please identify all documents concerning the resignations and the reason for these resignations and the reason for these resignations.

**RESPONSE TO INTERROGATORY No. 10:**

AHIF objects to this interrogatory on the grounds that Soliman H.S. Al-Buthe did not

resign as a director of AHIF in 2003. AHIF further objects to this interrogatory on the grounds

that it seeks information from persons other than AHIF, and AHIF does not have possession,

custody, or control of those persons' records. Subject to and without waiving this objection,

AHIF responds as follows with respect to AHIF itself:

Mr. Sedaghaty asked Messrs. Al-Aqeel and Al-Kadi to resign from the board of directors

of AHIF, since their involvement with AHIF had been decreasing.

See also Documents Bates-Stamped AHIF 001851-001852.

**INTERROGATORY No. 11 :**

Please state whether Aqeel Al Aqeel, Soliman HS Buthe [*sic*], Mansour Al Kadi ever traveled to the United States, owned or purchased any property in the United States, maintained any bank accounts in the United States, or negotiated any contracts or conducted any business in the United States in connection with Al Haramain USA, Al Haramain Saudi Arabia or Al Haramain Worldwide. If so, please identify any such events for each individual.

**RESPONSE TO INTERROGATORY No. 11:**

AHIF objects to this interrogatory on the grounds that it seeks information from persons

other than AHIF, and AHIF does not have possession, custody, or control of those person's

records. AHIF further objects on the grounds that this interrogatory consists of three discrete

subparts. Subject to and without waiving this objection, AHIF responds as follows with respect

to AHIF itself:

Mr. Al-Buthe traveled to the United States on business related to AHIF on the following

occasions: (1) December 30, 1997, to Ashland, Oregon; (2) August 13, 1998, to Ashland,

Oregon; (3) February 7-14, 1999, to Ashland, Oregon; (4) March 7, 2000, to Ashland, Oregon;

(5) April 5-6, 2000, to Springfield, Missouri, and Ashland, Oregon; (6) May 17-21, 2000, to

Ashland, Oregon and Springfield, Missouri; (7) November 10-17, 2000, to Ashland, Oregon; (5)

April 24-29, 2001, to Ashland, Oregon and Springfield, Missouri.

Mr. Al-Kadi traveled to the United States on business related to AHIF on one occasion.

Upon information and belief, this visit to Ashland, Oregon, took place on or around August 13,

1998. Mr. Al-Aqeel traveled to the United States on business related to AHIF on one occasion.

Upon information and belief, this visit to Springfield, Missouri and Ashland, Oregon, took place

on or around April 5-6, 2000.

See also Documents Bates-Stamped AHIF 000882-000998.

**INTERROGATORY No. 12:**

Please state whether Al Haramain USA, Al Haramain Saudi Arabia, or Al Haramain
Worldwide ever conducted any advertising, marketing, fundraising or promotional activities in
the United States. If so, please identify each advertising, marketing, fundraising or promotional
activity, the date of each and the reason for each.

**RESPONSE TO INTERROGATORY No. 12:**

AHIF objects to this interrogatory on the grounds that it seeks information from entities

other than AHIF, and AHIF does not have possession, custody, or control of the records of those

entities. AHIF further objects on the grounds that this interrogatory contains three discrete

subparts. Subject to and without waiving this objection, AHIF responds as follows with respect

to AHIF itself:

9

AHIF, upon information and belief, does not have any knowledge of any advertising, marketing, fundraising, or promotional activities by the al-Haramain Foundation (Saudi Arabia) that took place in the United States, other than the inclusion of the name and address of the al-Haramain Foundation (Saudi Arabia) on several publications distributed by AHIF, and an advertisement that appeared in *Al Jumuah Magazine*. As for AHIF itself, AHIF prepared a one-page informational circular which also served as a form for interested persons to request copies of publications and/or make donations to AHIF.

See Documents Bates-Stamped AHIF 000416, 001795.

**INTERROGATORY No. 13:**

At the time of the name change from the Qur'an Foundation to Al Haramain Islamic Foundation, identify the Qur'an Foundation's assets. Describe these assets and whether those assets were distributed or transferred. If they were distributed, identify to whom they were distributed.

**RESPONSE TO INTERROGATORY No. 13:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case. AHIF does not have possession, custody, or control of the Qur'an Foundation's records. Subject to and without waiving this objection, AHIF states that the Qur'an Foundation did not change its name to Al Haramain Islamic Foundation.

**INTERROGATORY No. 14:**

State whether the Qur'an Foundation, Al Haramain Saudi Arabia, and/or Al Haramain Worldwide owns or occupies or shares any real estate including, but not limited to, offices or residences in the United States and including, but not limited to, schools, mosques, prayer centers, social centers, social centers and community centers. If so, specify the location, address and function or purpose of such offices or real estate.

**RESPONSE TO INTERROGATORY No. 14:**

10

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects to this interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. AHIF further objects on the grounds that this interrogatory contains three discrete subparts. Subject to and without waiving this objection, AHIF responds as follows with respect to AHIF itself:

See Documents Bates-Stamped AHIF 000250-000255, 000427-000492, 000496-000497, 000572, 000609, 000628, 000707, 000882-000998, 001022-001024, 001596-001624.

**INTERROGATORY No. 15:**

Did the Qur'an Foundation and/or Al Haramain USA ever terminate its relationship with any employee, officer, director, supporter, donor, supplier, contributor, facilitator, speaker, government, business, bank, consultant or charity because of financial irregularities, suspicious activities, and/or the support of violence? If so, please identify the individual(s) or entities and:
   a.   provide last known addresses and phone numbers;
   b.   state the reason for the termination and the date of the termination; and
   c.   identify any and all documents which relate to the decision.

**RESPONSE TO INTERROGATORY No. 15:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case, which is not a defendant in this case. AHIF does not have possession, custody, or control of the Qur'an Foundation's records, so is unable to answer this interrogatory. Subject to and without waiving this objection, AHIF responds as follows with respect to AHIF itself:

See Documents Bates-Stamped AHIF 000493-000496, 000569-000571.

11

**INTERROGATORY No. 16:**

Please list all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, websites, and satellite or cable television channels that the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Worldwide ever subscribed to or received and the corresponding dates for each. Please include all such materials and/or services that Al Haramain USA currently subscribes.

**RESPONSE TO INTERROGATORY No. 16:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects to this interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. AHIF further objects on the grounds that this interrogatory contains three discrete subparts. Subject to and without waiving this objection, AHIF states that it has previously subscribed to several periodicals, including the *Christian Science Monitor*, *Washington Report on the Middle East*, and *Al Jumuah Magazine*. In addition, AHIF previously received various free magazines and newspapers for its reading room, but does not have a list of those serials. AHIF had an open lending policy, whereby visitors could bring, borrow, or keep publications. These included publications on Christianity, Islamic history, Judaism, various editions of the Bible, works on religious issues such as those by Salman Rushdie and other authors, and other related topics.

**INTERROGATORY No. 17:**

Please list all newsletters, magazines, books, reports, advertisements, pamphlets, videotapes, audiotapes, television appearances, websites and/or any other form of media that the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide has produced and/or distributed and/or contributed to either financially or

through any other form of support such as writing, editing, and/or review.  For each:

    a.    describe each publication, taping or broadcast;

    b.    state the date the material was distributed;

    c.    state the purpose of the distribution;

    d.    describe the content of the material;

    e.    identify the individual who provided the support;

    f.    describe how the charity determined that the material should be distributed;

    g.    state whether the Qur'an Foundation and/or the Al Haramain USA ever refused to distribute or support a newsletter, magazine, book, report, advertisement, pamphlet, videotape, audiotape, television appearance, website and/or any other form of media.  If so, please identify the author and date and describe the subject and content of the material and the reason for the refusal.

    h.    whether the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide maintained or maintains a reading room and/or library.  If so, please list the collection of books, periodicals, pamphlets, videos, audiotapes or any other media form maintained in the library or reading room of any Al Haramain or Qur'an Foundation office.

**RESPONSE TO INTERROGATORY No. 17:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities.  AHIF further objects to this interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity.  AHIF further objects to this interrogatory as comprising thirty-two (32) discrete subparts.  Subject to and without waiving this objection, AHIF states that it has previously distributed several publications, either gratis or at a nominal price, to individuals and organizations who requested copies.  AHIF will make these publications, which are currently under copyright protection, available for inspection at the law offices of Bernabei & Katz, PLLC.  These publications comprise: (1) Sa'd bin Abi Waqqas (1999); (2) Prophet Muhammad: A Blessing for Mankind (1998 rev. ed.); (3) 33 Lessons for Every Muslim (1998); (4) We

13

Believe in Jesus (1998); (5) A Brief Illustrated Guide to Understanding Islam (1997); (6) This Is

the Truth (3d ed. 1999); (7) A Call to the Real Salvation (1998); (8) Islam Is (2002); (9)

Interpretation of the Meaning of the Noble Qur'an in the English Language (1996); (10) Private

Devotions for Morning & Evening (1996); (11) Supplication; (12) What a Muslim Believes

(1996); (13) The Islamic Library (1995-1996); (14) Rruga e Myslimanit (1993/1999).  AHIF also

maintained a reading room in its Ashland, Oregon office.

      See also Response to Interrogatory No. 17.

**INTERROGATORY No. 18:**

      Please identify all financial contributors to the Qur'an Foundation and/or to Al Haramain
Worldwide.  This list shall include, but shall not be limited to, organizations, mosques, schools,
individuals, associations, foreign governments, businesses, charities, and/or financial
institutions.  Please provide:  the name of the individual or entity; the last known address and
telephone number the amount and the date of each contribution, to whom the contribution was
made and the purpose of each contribution.

**RESPONSE TO INTERROGATORY No. 18:**

      Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation,

Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does

not have possession, custody, or control of the records of these entities.  AHIF further objects on

the grounds that this interrogatory contains three discrete subparts.  Subject to and without

waiving this objection, AHIF responds as follows with respect to AHIF itself:

      See Documents Bates-Stamped AHIF 000131-000145, 000315-000318, 000319-000395,

000597, 000598-000600, 000625-000626, 000710-000759, 000760, 000761-000799, 000999-

001021, 001025-001057, 001062-001117, 001122, 001146, 001235-001278, 001395-001396,

001403-001531, 001625-001672.  Those documents that contain the home addresses of donors

will be produced upon entry of a suitable protective order.

**INTERROGATORY No. 19:**

Please identify all persons or entities to which the Qur'an Foundation and/or to Al Haramain USA and/or Al Haramain Worldwide have financially contributed monies. This list shall include, but shall not be limited to, organizations, associations, individuals, foreign governments, businesses, charities, mosques, schools, and/or financial institutions. Please provide: the name of the individual or entity; the last known address and telephone number; the amount and the date of each contribution; which entity made the donation; the purpose of the donation; and the method of the distribution. If the distribution was made by wire transfer, please identify the name of the individual who sent the money, the bank from which the money was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

**RESPONSE TO INTERROGATORY No. 19:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains three discrete subparts. Subject to and without waiving this objection, AHIF responds as follows with respect to AHIF itself:

See Documents Bates-Stamped AHIF 000044-000130, 000223-000248, 000256-000278, 000279-000314, 000396-000415, 000417-000426, 000511-000554, 000560-000567, 000575-000596, 000597, 000598-000600, 000601, 000606, 000610-000614, 000632-000655, 000666-000687, 000708, 000808-000879, 000881, 001118, 001119-001121, 001123-001129, 001235-001278, 001283-001343, 001394, 001397, 001403-001531, 001578-001595, 001625-001672.

**INTERROGATORY No. 20:**

In the event that Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia made a contribution of support other than monetarily, such as goods or services, please list the type of support, the date it was given, the charity which gave the support. In addition, please identify the name of the individual, association or entity which received the support. In addition, please identify the name of the individual, association or entity which received the support; their last known address and telephone number; the amount and the date of each gift of support; the purpose of the donation; and the means and methods by which the support was

15

provided.

**RESPONSE TO INTERROGATORY No. 20:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains three discrete subparts. Subject to and without waiving this objection, AHIF responds as follows with respect to AHIF itself:

See Documents Bates-Stamped AHIF 000044-000130, 000146-000222, 000223-000248, 000256-000278, 000279-000314, 000396-000415, 000417-000426, 000511-000554, 000560-000567, 000575-000596, 000597, 000610-000614, 000632-000655, 000666-000687, 000808-000879, 000881, 001118, 001119-001121, 001123-001129, 001403-001531, 001578-001595.

**INTERROGATORY No. 21:**

Has the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia ever assisted anyone in obtaining a passport, visa, work permit, residence permit, green card, or asylum for/in any country? If so, please identify the individual and provide address and telephone number; which office provided the assistance; the date the assistance was given; the nature of the assistance; and the reason for the assistance.

**RESPONSE TO INTERROGATORY No. 21:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories. AHIF further objects to this interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the

16

discovery of admissible evidence, and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, AHIF responds with respect to AHIF itself, i.e.,

that upon information and belief it has never assisted anyone in obtaining a passport, visa, work

permit, residence permit, green card, or asylum.

**INTERROGATORY No. 22:**

Has the Qur'an Foundation and/or Al Haramain Islamic Foundation and/or Al Haramain Worldwide ever paid or contributed money to an individual to be used in traveling internationally between 1989 to 2002? If so, please identify the individual and provide their last known address and telephone number; which office provided the assistance; the date the assistance was given; where the person was traveling to and from; and the reason for the travel.

**RESPONSE TO INTERROGATORY No. 22:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation,

Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does

not have possession, custody, or control of the records of these entities. AHIF further objects on

the grounds that this interrogatory contains three discrete subparts. AHIF further objects on the

grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-

upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 23:**

Please describe how the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide determined to whom financial or other forms of support would be dispensed. Please identify all written standards or decisions. Please include interactions between the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide with any shari'a boards, amils, zakat workers and the Saudi Department of Zakat and Income Tax.

**RESPONSE TO INTERROGATORY No. 23:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation,

Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does

17

not have possession, custody, or control of the records of these entities.  AHIF further objects on

the grounds that this interrogatory contains four discrete subparts.  AHIF further objects on the

grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-

upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 24:**

Did the Qur'an Foundation and/or Al Haramain USA ever revoke its support of an
individual, charity, mosque, school, cause, project, foreign government, financial institute or any
other entity?  If so, please identify any such persons or entities and state when this occurred,
what cause was revoked, how the decision to revoke the support was made, and the reason for
the revocation.

**RESPONSE TO INTERROGATORY No. 24:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation,

is a separate entity, which is not a defendant in this case.  AHIF does not have possession,

custody, or control of the records of that entity.  AHIF further objects on the grounds that

plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of

fifty (50) interrogatories.

**INTERROGATORY No. 25:**

Please describe all educational and fundraising activity by the Qur'an Foundation and/or
Al Haramain USA and Al Haramain Worldwide including:
- a.   when and where the fundraising or educational event or conference was held;
- b.   who was invited to attend the event, how the decision to invite an individual or
  group was made and identify the attendees to said event;
- c.   who spoke or presented at the event;
- d.   where there advertisements, promotional materials, and/or invitations for the
  event?  If so, state how were they distributed;
- e.   what amount of money was collected at the event and how was the money
  collected (e.g., cash, check, credit card)?  Were receipts written and records of the
  donations maintained?  If so, identify the person in charge of maintaining these
  records and distributing these receipts;
- f.   state the purpose of the educational program or fundraiser, event or convention;
- g.   identify and describe the content of any materials which were distributed at the

educational program or fundraiser or conference;

h.      were there any videos, slides or movies shown at the event? If so, please identify the video, slide or movie, identify the produce, and/or filmmaker, and describe the content.

i.      Was the event organized, chaired or otherwise conducted in association with any other group, charity, mosque or other persons or entities? If so, please identify and provide the last known address of each associated party for each educational program or fundraising event.

**RESPONSE TO INTERROGATORY No. 25:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains twenty-seven discrete subparts. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 26:**

Please identify document related to all bank accounts ever held by or associated with the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide from 1989 until 2002. Identify each bank, the entity or individual which held each account, the account number(s), the address of the bank, the purpose(s) for which the account is/was used and the individual(s) who have/had signatory rights over the account(s).

**RESPONSE TO INTERROGATORY No. 26:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains four discrete subparts. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 27:**

Please state whether there are any insurance policies, contracts or agreement which may be utilized by Defendant to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  If so, please identify:
- a.   the number of the policy;
- b.   the name and address of the insurer or issuer,
- c.   the inception and expiration dates;
- d.   the names and addresses of all persons issued thereunder; and
- e.   the personal injury limits.

**RESPONSE TO INTERROGATORY No. 27:**

Defendant AHIF objects to this interrogatory on the grounds that plaintiffs'

interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50)

interrogatories.

**INTERROGATORY No. 28:**

Please state whether any other individual, entity, and/or government may be liable under any contract, policy and/or agreement to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  If so, please identify:
- a.   the parties to such an agreement;
- b.   the reason for such and agreement;
- c.   the limits, if any, to such an agreement.

**RESPONSE TO INTERROGATORY No. 28:**

Defendant AHIF objects to this interrogatory on the grounds that plaintiffs'

interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50)

interrogatories.

**INTERROGATORY No. 29:**

Did the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Worldwide including its officers or directors ever share a bank account with any other charity, mosque, individual, group, association, business or entity?  If so:
- a.   who did they share the account with?
- b.   what is the name, address and phone number of the bank?

20

      c.       what is the bank account number?
      d.       what was the purpose of the account?
      e.       who was authorized to use the account?
      f.       who was a signatory on the account?
      g.       what was the average daily balance on the account?

**RESPONSE TO INTERROGATORY No. 29:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains three discrete subparts. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 30:**

State the total dollar income from all sources to the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide for each year from 1989 until 2002. State the total expenditures that each entity made for each year from 1989 until 2002.

**RESPONSE TO INTERROGATORY No. 30:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains at least four discrete subparts. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 31:**

Did any bank, financial institution, accountant or auditor ever question any of the Qur'an

21

Foundation's and/or Al Haramain USA's and/or Al Haramain Saudi Arabia's and/or Al
Haramain Worldwide's financial transactions?  If so, please identify:

    a.    the name, address and phone number of the bank;

    b.    the name of the specific individual who questioned the transaction;

    c.    the date of the original transaction;

    d.    the stated purpose of the transaction;

    e.    the amount of the transaction;

    f.    the recipient of the transaction;

    g.    how the dispute was resolved;

    h.    all documents related to the inquiry.

**RESPONSE TO INTERROGATORY No. 31:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation,

Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does

not have possession, custody, or control of the records of these entities.  AHIF further objects on

the grounds that this interrogatory contains at least four discrete subparts.  AHIF further objects

on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the

agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 32:**

State whether the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain
Saudi Arabia and/or Al Haramain Worldwide ever attempted to collect, maintain and distribute
its finances in accordance with the tenets of Islamic banking principles including zakat and
shari'a.  If so, please describe how this was done; the identity of any all documents which
describe these procedures and regulations; identify and provide the last known address and
phone number of the individuals, banks or other charities with which that the Qur'an Foundation
and/or Al Haramain Islamic Foundation consulted to accomplish this task.

**RESPONSE TO INTERROGATORY No. 32:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation,

Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does

not have possession, custody, or control of the records of these entities.  AHIF further objects to

this interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not reasonably

22

calculated to lead to the discovery of admissible evidence, and does not seek discovery with

sufficient particularity.  AHIF further objects on the grounds that this interrogatory contains four

discrete subparts.  AHIF further objects on the grounds that plaintiffs' interrogatories, including

discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 33:**

Does or did Al Haramain USA, the Qur'an Foundation, or Al Haramain Worldwide ever
maintained any significant assets in the form of gold, silver, jewelry, diamonds, precious metals,
precious stones or similar commodities?  If so, please identify which entity, the amount
maintained in these commodities, the time period in which these commodities were maintained;
where these commodities are stored and who supervises these commodities.

**RESPONSE TO INTERROGATORY No. 33:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation,

Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does

not have possession, custody, or control of the records of these entities.  AHIF further objects to

this interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not reasonably

calculated to lead to the discovery of admissible evidence, and does not seek discovery with

sufficient particularity.  AHIF further objects on the grounds that this interrogatory contains

three discrete subparts.  AHIF further objects on the grounds that plaintiffs' interrogatories,

including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 34:**

Has the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia
and/or Al Haramain Worldwide ever been a party to and/or a witness in a civil or criminal
proceeding in the United States or in any foreign country.  For each case separately:
     a.     state the full caption and/or name of the case or proceeding, the date the case was
             commenced, and the name of the court or judicial body deciding the matter.
     b.     state the nature or subject matter of the case(s) and/or proceeding(s);
     c.     state the nature of the Qur'an Foundation's and/or Al Haramain USA's and/or Al
             Haramain Saudi Arabia's and/or Al Haramain Worldwide's involvement (e.g.,

          witness, defendant, plaintiff, third-party);

d.      identify the names, last known addresses and telephone numbers of all partied involved in the case(s) or proceeding(s);

e.      identify all pleadings, testimony, and/or discovery responses;

f.      identify who paid the legal fees for the Qur'an Foundation and/or Al Haramain USA's and/or Al Haramain Saudi Arabia's and/or Al Haramain Worldwide?

g.      discuss how the case or proceeding was resolved.

**RESPONSE TO INTERROGATORY No. 34:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains at least four discrete subparts. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 35:**

Did the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide have any standards, protocols, and/or guidelines:

a.      to prevent or deter financial crimes such as money laundering or the facilitation of terrorist financing? Please describe in detail.

b.      for accepting donations? If so, please describe those requirements. Did the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia ever refuse a donation? If so, please describe the reason for the refusal and what steps were taken to insure that donations given by the charity were used for charitable purposes.

**RESPONSE TO INTERROGATORY No. 35:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains four discrete subparts. AHIF further objects on the

24

grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 36:**

Has there ever been a dispute concerning the use of the Qur'an Foundation's and/or Al Haramain USA's use of assets? If so, please describe the nature of the dispute, who the dispute was between, when was the dispute and how was the dispute resolved.

**RESPONSE TO INTERROGATORY No. 36:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation is a separate entity, which is not a defendant in this case. AHIF does not have possession, custody, or control of the records of that entity. AHIF further objects to this interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 37:**

Please identify all correspondence and financial transactions between the Qur'an Foundation, Al Haramain USA and Al Haramain charitable organizations located in Kenya, Bosnia, Chechnya, Somalia, Sudan, Saudi Arabia, Pakistan, Albania, Philippines and Indonesia.

**RESPONSE TO INTERROGATORY No. 37:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains three discrete subparts. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-

25

upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 38:**

Identify all directives, instructions, and/or communications by officers or directors of Al Haramain Saudi Arabia to the Qur'an Foundation and Al Haramain USA.

**RESPONSE TO INTERROGATORY No. 38:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation

and Al Haramain Saudi Arabia are separate entities, and AHIF does not have possession,

custody, or control of the records of these entities. AHIF further objects on the grounds that

plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of

fifty (50) interrogatories.

**INTERROGATORY No. 39:**

Please list all websites operated by the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al/Haramain Worldwide. For each entity please identify: the e-mail server; the webmaster; the website designer; all domain names; where the domain names are registered; the controller of each domain name and/or website; identify what company and/or individual operates the e-mail server(s) and/or website server(s) for each entity.

**RESPONSE TO INTERROGATORY No. 39:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation,

Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does

not have possession, custody, or control of the records of these entities. AHIF further objects on

the grounds that this interrogatory contains four discrete subparts. AHIF further objects on the

grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-

upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 40:**

Please state all "links" that the Qur'an Foundation and/or Al Haramain USA and/or Al

26

Haramain Saudi Arabia and/or Al Haramain Worldwide website(s) have to other internet websites, web pages or chat rooms.  State the date for each link, the reason for the link, how the decision was made to have such a link to the site, whether the charity received any compensation for maintaining the link, and the content of the linked internet website, web page or chat room. Has al Haramain Worldwide ever hosted a "chat room."  If so, please state when, why, and what topics were discussed.  Please produce any internal regulations, rules or protocols concerning web links, e-mails, chat rooms and website uses.

**RESPONSE TO INTERROGATORY No. 28:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities.  AHIF further objects on the grounds that this interrogatory contains at least four discrete subparts.  AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 41:**

Please state the organizational structure of Al Haramain Worldwide, the purpose of Al Haramain's board and general committees, the members on each board or committee, and the role and purpose of each board or committee.

**RESPONSE TO INTERROGATORY No. 41:**

Defendant AHIF objects to this interrogatory on the grounds that Al Haramain Saudi Arabia and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities.  AHIF further objects to this interrogatory on the grounds that it is overbroad, vague, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and does not seek discovery with sufficient particularity. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

27

**INTERROGATORY No. 42:**

Please identify and provide the last known address and telephone number of all other groups, mosques, individuals, schools and associations affiliated with Al Haramain USA and/or Al Haramain Worldwide. This list shall include all other groups which may or may not use the Al Haramain name.

**RESPONSE TO INTERROGATORY No. 42:**

Defendant AHIF objects to this interrogatory on the grounds that Al Haramain Saudi

Arabia and Al Haramain Worldwide are separate entities, and AHIF does not have possession,

custody, or control of the records of these entities. AHIF further objects on the grounds that

plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of

fifty (50) interrogatories.

**INTERROGATORY No. 43:**

Please describe how long-term strategic decisions for Al Haramain USA are made. Please identify who makes day-to-day decisions for Al Haramain USA.

**RESPONSE TO INTERROGATORY No. 43:**

Defendant AHIF objects to this interrogatory on the grounds that it is overbroad, vague,

unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence,

and does not seek discovery with sufficient particularity. AHIF further objects to this

interrogatory on the grounds that plaintiffs' interrogatories, including discrete subparts, have

exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 44:**

Please identify and disclose all warnings, notices, reports, advisements from any country, regulatory body, business, charity (including Al Haramain's other offices), auditors, or any other individual or entity that:

  a.     any Al Haramain office is or had been: investigated for its support of terrorist activity or for disbursing funds for non-charitable purposes; closed for supporting criminal activity or for disbursing funds for non-charitable purposes; investigated

28

for having an employee, officer or director suspected of terrorism or for supporting criminal activity;

b. the United States Treasury Department and/or any other division of the United States government including, but not limited to OFAC (Office of Foreign Asset Control) ans/or any foreign government, or subdivision thereof, had identified and seized assets of any Al Haramain charitable offices.

c. Islamic charities had been infiltrated by terrorist cells and monies had been diverted by those individuals to support Al-Qaeda and other international terrorist groups;

d. the Kingdom of Saudi Arabia was closing the foreign offices of Al Haramain.

e. Aqeel al Aqeel is allegedly under investigation in Saudi Arabia.

**RESPONSE TO INTERROGATORY No. 44:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains at least five discrete subparts. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 45:**

Please identify any books, articles, reports, memorandum, e-mails, letters, communications, interviews, pictures, web pages, or any other documents, image or thing which discusses or mentions any prior terrorist attacks or incidents and/or of any of the plaintiffs or defendants in this suit, any individual, group, association or entity designated by OFAC or any governmental body as a terrorist, a supporter of terrorism, a specifically designated global terrorist or of any of the individuals or entities named below:

a. Osama bin Laden
b. Mullah Omar
c. Emaan Arnout
d. Abdullah Azzam
e. Sheik Ahmed Azzam
f. Adel Baterjee
g. Al Qaeda
h. Armed Islamic Group of Algeria
i. Safar al-Hawali

29

j.      Salman al-Awda
k.      Khalid Al-Midhar
l.      Majed Moqed
m.      Nawaq Alhamzi
n.      Salem Alhamzi
o.      Hani Hanjour
p.      Satam Al Suqami
q.      Waleed M. Alshehri
r.      Wail Alshehri
s.      Mohamed Atta
t.      Abdulaziz Alomari
u.      Marwan Al-Shehhi
v.      Fayez Ahmed
w.      Ahmed Alghamdi
x.      Hamza Alghamdi
y.      Mohald Alshehri
z.      Saeed Alghamdi
aa.     Ahmed Alhaznawi
bb.     Ahmed Alnami
cc.     Ziad Jarrah
dd.     Al-Gama'at al-Islamiyya
ee.     Harakat ul-Mujahidin
ff.     Egyptian Islamic Jihad
gg.     Jamiat-ul-Ulema-e-Pakistan
hh.     Jihad Movement in Bangladesh
ll.     Islamic Movement of Uzbekistan
mm.     Salafist Group for Call and Combat (GSPC)
nn.     Armed Islamic Group (GIA)
oo.     Muslim Brotherhood
pp.     Asbat Al Ansar
qq.     Al-Faran
rr.     Jaish-e-Mohammed
ss.     Lashkar-e-Tayyiba
tt.     Abu Sayyaf
uu.     Jamaat ul-Fuqra
vv.     Ghaith Pharaon
ww.     Sheikh Al Hawali
xx.     Sheikh Salmon Al Auda
yy.     Sheikh Nassar Al Omar
zz.     Abdel Latyfben Abdel Karim ad-Daraan
aaa.    Agus Dwikarna
bbb.    Omar al Faruq
ccc.    Abu Saleh
ddd.    Ayman al-Zawahiri

eee.   Islamic Center of Milan
fff.   Islamic Center in the Village of Karmmakhi in the Republic of Makhachkala
ggg.   Foundation Regarding Chechnya
hhh.   Abu Omar Mohammed As-Seif
iii.   Mansur ben Abdel Rahman al-Kad

**RESPONSE TO INTERROGATORY No. 45:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation,

Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does

not have possession, custody, or control of the records of these entities.  AHIF further objects on

the grounds that this interrogatory contains over sixty discrete subparts.  AHIF further objects on

the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the

agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 46:**

Has any Al Haramain office been investigated for its alleged support or connections with
alleged terrorists [*sic*] organizations, groups or activities?  If so, please describe when the Qur'an
Foundation and/or Al Haramain Saudi Arabia and/or Al Haramain USA became aware of the
investigation; the purpose and/or cause of the investigation; identify any and all documents and
things which were seized in any such investigations; describe how Al Haramain Saudi Arabia or
Al Haramain USA became aware of the investigation.

**RESPONSE TO INTERROGATORY No. 46:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation

and Al Haramain Saudi Arabia are separate entities, and AHIF does not have possession,

custody, or control of the records of these entities.  AHIF further objects on the grounds that this

interrogatory contains three discrete subparts.  AHIF further objects on the grounds that

plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of

fifty (50) interrogatories.

**INTERROGATORY No. 47:**

31

Does or did the Qur'an Foundation and/or Al Haramain Saudi Arabia and/or Al Haramain USA and/or Al Haramain Worldwide have a record or document "retention" policy, plan or program? If so, please describe the plan. If the plan is different for separate categories of records, please describe the plan for each category. Please include:

    a.    the name and title and last known address and the telephone number of the custodian of the records;

    b.    the length of time for which records are retained;

    c.    the titles and names and last known address and telephone number of the personnel responsible for determining the policy or plan;

    d.    the titles and names the last known address and telephone number of the personnel responsible for the removal and destruction of any records, pursuant to any such plans.

**RESPONSE TO INTERROGATORY No. 47:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that this interrogatory contains four discrete subparts. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 48:**

Have you destroyed any documents, records or writings pertaining to any of the matters referenced in Plaintiffs complaint and/or any of the issues raised in any of these interrogatories or requests for production of documents? If so, please identify what documents were destroyed and the reason for their destruction.

**RESPONSE TO INTERROGATORY No. 48:**

Defendant AHIF objects to this interrogatory on the grounds that the Qur'an Foundation, Al Haramain Saudi Arabia, and Al Haramain Worldwide are separate entities, and AHIF does not have possession, custody, or control of the records of these entities. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the

32

agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 49:**

If there is any person whom the defendant expects to call as an expert witness at trial, please provide a copy of the witness' curriculum vitae, or summary of the witness' qualifications if there is no vitae, and please state for each such expert witness:

a.  the person's identity, giving name, profession or occupation, and address;
b.  the subject matter on which each such expert is to testify;
c.  the substance of all facts and opinions regarding which each such expert is to testify;
d.  a summary of the grounds for each opinion of each such expert;
e.  whether the facts and opinions listed in c. above are contained in a written report, memorandum or transcript and if they are, produced the same pursuant to the Rule 34 Notice of Production of Documents attached hereto;
f.  if the opinion of any expert listed above is based in whole or in part on any code or regulation, governmental or otherwise, identify said code or regulation and specifically set forth the section relied upon;
g.  whether each such expert intends to base his or her testimony on any book treatise, article, study, or any other document, and, if so, identify all such documents; and
h.  whether the witness has testified at trial or by deposition in any other cases, and if so, state for each such case;
i.  The name and docket number;
j.  the court in which each such case was pending; and
k.  The party for whom the witness testified.

**RESPONSE TO INTERROGATORY No. 49:**

Defendant AHIF objects to this interrogatory on the grounds that it is premature, since

fact discovery is still underway, and the parties have not yet designated any expert witnesses.

AHIF will produce information relating to its experts in accordance with an appropriate case

management order, the Federal Rules of Civil Procedure, and the Local Rules of this Court.

AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts,

have exceeded the agreed-upon limit of fifty (50) interrogatories.

**INTERROGATORY No. 50:**

Identify the name and address of each nonexpert witness whom you intend to call at trial,

and specifically set forth the nature and substance of the matters to which each such person will testify and summarize the facts to which such person will testify.

**RESPONSE TO INTERROGATORY No. 50:**

AHIF objects to this interrogatory as being premature, since discovery is still underway, and the summary judgment or related dispositive motions have not yet been briefed. If this case is set for trial, AHIF will identify its non-expert witnesses in accordance with an appropriate pre-trial order and the Local Rules of this Court. AHIF further objects on the grounds that plaintiffs' interrogatories, including discrete subparts, have exceeded the agreed-upon limit of fifty (50) interrogatories.

I solemnly swear under the penalties of perjury that the contents of the foregoing paper are true, to the best of my knowledge, information and belief.

_____

Perouz Sedaghaty

Subscribed and sworn to before me,

this ____ day of _____, 2004.


_____


**AS TO OBJECTIONS:**

*Alan R. Kabat*
_____
Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
  Al Haramain Islamic Foundation, Inc. (U.S.A.)

DATED:  April 26, 2004

I solemnly swear under the penalties of perjury that the contents of the foregoing paper are true, to the best of my knowledge, information and belief.

JD

Perouz Sedaghaty

Subscribed and sworn to before me,

this 7 day of _mei_, 2004.

_____

*Seen for legalisation, the signature of Pirouz Sadaghaty, born in Iran on the 2th day of January 1958, by me, mr. Jan Smit, civil law notary, practising at Wageningen, on this 7th day of may 2004.*

**AS TO OBJECTIONS:**

Alan R. Kabat

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139
(202) 745-1942

Attorneys for Defendant
  Al Haramain Islamic Foundation, Inc. (U.S.A.)

DATED:  April 26, 2004

35

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2004, I caused the foregoing to be served electronically on counsel of record by e-mail, and by first class-mail, postage prepaid, on any counsel of record for whom no e-mail address is available.

Alan R. Kabat

**Exhibit 5**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


J. Conroy letter to A. Kabat (Apr. 28 ["22"], 2004).

04/28/2004 19:06 FAX 2124017618 ☑002

# HANLY CONROY BIERSTEIN & SHERIDAN LLP

415 MADISON AVENUE
NEW YORK, NEW YORK 10017-1111
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 401-7556
JAYNE CONROY (NY, DC & MA)
(212) 401-7555
CLINTON B. FISHER (NY & DC)
(212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
(212) 401-7550
THOMAS I. SHERIDAN, III (NY)
(212) 401-7602

TELEPHONE (MAIN)
(212) 401-7600

TELECOPIER
(212) 401-7635

April 22, 2004

*VIA FACSIMILE*
Alan R. Kabat, Esq.
Bernabei & Katz, PLLC
1773 T Street, N.W.
Washington, D.C. 20008-7139

Re:  *Burnett, et al. v. Al A Baraka Inv. & Dev. Corp. et al*
     No. 03-CV-9840

Dear Mr. Kabat:

Your letter comes as a surprise. While each interrogatory certainly contains subparts, the subparts are not logically or factually independent from the basic interrogatory that they follow. In other words, there are not "multiple discrete subparts." Several months ago, Al Haramain propounded interrogatories to plaintiffs that likewise contain numerous subparts. We consider it unfair for you to follow one set of rules, only to change the rules, months later. We also do not agree to your proposal to only answer interrogatories 1 through 19. You cannot pick and chose the interrogatories that you want to answer just as you cannot change the definition of a subpart to avoid fully answering our discovery.

We direct your attention to <u>Security Ins. Co. v. Trustmark Ins. Co.</u>, 2003 WL 22326563 (D. Conn.) and <u>Denmeade v. King</u>, 2001 WL 1823579 (W.D.N.Y.).

In addition, we do not consider your April 21st letter, giving us little more than a day to respond, as a good faith effort to resolve any differences or confusion concerning the discovery process. I am available to discuss this matter and look forward to speaking.

Very truly yours,

Jayne Conroy

JC:lmw

cc:  Michael E. Elsner, Esq.

**Exhibit 6**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**

A. Kabat letter to J. Conroy (Apr. 29, 2004).

LAW OFFICES

**BERNABEI & KATZ, PLLC**

1773 T STREET, N.W.

WASHINGTON, D.C. 20009-7139

LYNNE BERNABEI
DEBRA S. KATZ °
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
GENA E. WILTSEK °
AVI L. KUMIN *
RASHIDA A. ADAMS

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:

DAVID J. MARSHALL
ELAINE D. KAPLAN

+ADMITTED IN MD ALSO
° ADMITTED IN NY ALSO
* ADMITTED IN CA ALSO

By Telecopier and First Class Mail
April 29, 2004

Jayne Conroy, Esquire
Hanly Conroy Bierstein & Sheridan, LLP
415 Madison Avenue
New York, NY 10017-1111

     Re:    Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, No. 03-CV-9840 (RCC)

Dear Ms. Conroy:

    I am writing in response to your letter of April 22, 2004, which was not received at this office until the evening of April 28, 2004, regarding defendant Al Haramain Islamic Foundation, Inc.'s objections to plaintiffs' interrogatories as constituting more than fifty interrogatories, including discrete subparts.

    As a threshold issue, the two unpublished cases that you cite do not support your position. In Security Ins. Co. of Hartford v. Trustmark Ins. Co., No. 3:01CV2198(PCD), 2003 WL 22326563, at *2 (D. Conn. Mar. 7, 2003), the court recognized that an interrogatory that sought information "of two separate groups [] is thus two separate interrogatories." Here, many of the *Burnett* plaintiffs' interrogatories sought information of three or even four "separate groups," i.e., (1) the Qur'an Foundation, which is not even a defendant in this case; (2) the al-Haramain Foundation (Saudi Arabia), which is a separate defendant and a distinct corporate entity; and (3) the so-called "Al Haramain Worldwide," an inchoate assemblage of defendants and third-parties, which are also separate corporate entities. Other interrogatories ask for information about contacts with a large number of individuals and entities.

    Similarly, in Denmeade v. King, No. 00-CV-0407E(F), 2001 WL 1823579, at *1 (W.D.N.Y. Dec. 6, 2001), the court simply stated that a subpart that "simply ask the person answering the interrogatory to elaborate on his response to an earlier part thereof" did not constitute a proscribed discrete subpart. Here, the *Burnett* plaintiffs' interrogatory subparts did not merely ask for an "elaboration" of a previous response, but constituted separate topics on discrete issues.

Jayne Conroy, Esquire
April 29, 2004
Page 2


Other courts, in published opinions, have found that interrogatories with multiple discrete subparts are proscribed under Rule 33, Fed. R. Civ. P. See, e.g., Safeco of America v. Rawstron, 181 F.R.D. 441, 443 (C.D. Cal. 1998) ("Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a) by rendering it meaningless, unless each subpart counts as a separate interrogatory); Aetna Cas. & Sur. Co. v. W.W. Grainger, Inc., 170 F.R.D. 454, 455 (E.D. Wis. 1997) (denying motion to compel interrogatory responses, since "if each subpart is counted as a separate question, the interrogatories aggregate substantially more than the [permissible number]"). The Advisory Committee Notes to the 1993 amendments to the Federal Rules of Civil Procedure similarly recognize that "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Advisor Committee Note to 1993 Amendment to Fed. R. Civ. P. 33, 146 F.R.D 675, 676 (1993).

I trust that the foregoing analysis has addressed your questions regarding defendant's objections to the plaintiffs' interrogatories as exceeding the agreed-upon limit of fifty, through the use of discrete subparts. Indeed, in a good-faith effort to cooperate in discovery, and out of an abundance of caution, we answered through Interrogatory No. 21, which totaled more than 65 discrete subparts. If there are one or two additional interrogatories that you particularly want information, please advise us, and we will consider your request.

Sincerely,

Alan R. Kabat

**Exhibit 7**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


A. Kabat letter to M. Elsner (Oct. 28, 2004).

LAW OFFICES
# BERNABEI & KATZ, PLLC
1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

**LYNNE BERNABEI**
**DEBRA S. KATZ** °
**LISA J. BANKS**
**ARI M. WILKENFELD** +
**ALAN R. KABAT** +
**AVI L. KUMIN** *
**RASHIDA A. ADAMS** §
**RENEE SERVANCE** ›

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:

**PATRICIA IRELAND** ۱
**DAVID J. MARSHALL**

+ADMITTED IN MD ALSO
° ADMITTED IN NY ALSO
* ADMITTED IN CA ALSO
§ ADMITTED IN MA ALSO
۱ ADMITTED IN FL ONLY
› ADMITTED IN WI ONLY

By Overnight Mail
October 28, 2004

Michael E. Elsner, Esquire
Jodi W. Flowers, Esquire
Motley Rice, P.A.
28 Bridgeside Boulevard
Mount Pleasant, S.C. 29465

Re:   Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, No. 03-CV-9849 (RCC).

Dear Counsel:

Enclosed please find:  (1) Defendant Al Haramain Islamic Foundation, Inc.'s
Supplemental Responses to *Burnett* Plaintiffs' Request for Production of Documents; and (2)
documents Bates-Stamped AHIF 001869-002073.  Please note that Documents Bates-stamped
AHIF 001869, 001934, 001938, 001955-61, 001968, and 001976-77 also have bulky exhibits
that are available for inspection and copying at our law firm office.  With this response, we are
making available all documents under the custody and control of AHIF.  However, if plaintiffs'
counsel wish to discuss AHIF's discovery responses further, we would be happy to do so.  We
are generally available in early- to mid-November to host a meeting at our office for that purpose.
Please provide us with your available dates during that time period.

Sincerely,

*Lynne Bernabei (AW)*

Lynne Bernabei

Enc.

cc: *MDL-1570* counsel (by e-mail)

**Exhibit 8**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**

R. Haefele letter to L. Bernabei (Sept. 15, 2005).

SEP 1 9 2005



**MotleyRice**

**Robert T. Haefele**
**Licensed in NJ & PA**
DIRECT DIAL 843.216.9184
DIRECT FAX 843.216.9450
RHaefele@motleyrice.com

September 15, 2005

<u>Via U.S. Mail and Facsimile</u>

Lynn Bernabai, Esquire
Bernabai & Katz, PLLC
1773 T Street, NW
Washington, DC 20009-7139

Re:   **In re Terrorist Attacks on September 11, 2001, MDL 1570**
      **Al Haramain Islamic Foundation Discovery**

Dear Ms. Bernabai:

        We are writing once again regarding your discovery responses on behalf of defendant al Haramain Islamic Foundation in the above-referenced matter. Despite your supplemental production of documents referenced in your October 28, 2004 correspondence, al Haramain's discovery responses remain deficient. Accordingly, we would renew our request that you provide us with dates of availability for us to confer on al Haramain's discovery responses as required by Judge Casey's local rule.

        In addition to some other more detailed deficiencies that we may discuss, we note here that a number of the documents appear to be missing from the productions. In particular, we note that the following Bates-stamped pages are missing from the production: AHIF 000001-000003; 000131-000134; 000136-000140; 000142; 000315-000395; 000560; 000625; 000626; 000631; 000710-000799; 000999-001021; 001025-001057; 001062-001068; 001099-001102; 001146, and 001395-001396. Please produce copies of these pages, or if they were intentionally not produced, explain why you removed those pages from the production.

        In your October 28th correspondence, you indicated that you also had "bulky exhibits" to the documents Bates-stamped AHIF 001869, 001934, 001938, 001955, and 001968, and 001976 to 001977. Please advise us as to what the volume of those documents is, describe them and identify what they consist of, and when we may come review those documents.

        Finally, in advance of our conference we ask that you consider two legal points that address much about al Haramain's deficiencies. In regard to your unilateral continued refusal to respond to Plaintiffs interrogatories 22-50, we would refer you back to the April 22, 2004 correspondence from Jayne Conroy, which your supplemental responses never addressed. As Ms. Conroy explained, although plaintiffs' interrogatories do contain subparts, the subparts are not logically or factually independent from the basic interrogatory – that is, they are not "multiple discrete parts." Once

www.motleyrice.com

Motley Rice LLC
Attorneys at Law

Mt. Pleasant                Barnwell                  Providence                Hartford

28 Bridgeside Blvd.         1750 Jackson St.          321 South Main St.        One Corporate Center
P.O. Box 1792               P.O. Box 365              P.O. Box 6067             20 Church St., 17th Floor
Mt. Pleasant, SC 29465      Barnwell, SC 29812        Providence, RI 02940      Hartford, CT 06103
843-216-9000               803-224-8800              401-457-7700             860-882-1681
843-216-9450 fax           803-259-7048 fax          401-457-7708 fax         860-882-1682 fax

again, we recommend that you review <u>Security Ins. Co. v. Trustmark Ins. Co.</u>, 2003 WL 22326563 (D. Conn.) and <u>Denmeade v. King</u>, 2001 WL 1823579 (W.D.N.Y.) on this point.  In regard to your unilateral continued refusal to answer discovery requests regarding al Haramain's affiliated entities, we would refer you to Local Rule 26.3(c)(5), defining "parties" to include, inter alia, corporate parents, subsidiaries and affiliates.

We hope that this follow up letter will prompt you to provide more forthcoming discovery responses from your client.  In the meantime, however, we look forward to hearing back from you promptly and to arranging a mutually convenient time for us to review your remaining documents and discuss al Haramain's further discovery obligations.

Sincerely,

ROBERT T. HAEFELE

cc:    Ronald Motley Esq.
       Jodi Flowers, Esq.
       Michael Elsner, Esq.
       Jayne Conroy, Esq.
       Andrea Bierstein, Esq.

**Exhibit 9**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


A. Kabat letter to R. Haefele (Sept. 21, 2005).

LAW OFFICES
# BERNABEI & KATZ, PLLC
1773 T STREET, N.W.
WASHINGTON, D.C.  20009-7139

LYNNE BERNABEI
DEBRA S. KATZ ◦
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
AVI KUMIN ◊

(202) 745-1942
TELECOPIER:  (202) 745-2627
E-MAIL:  BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:
DAVID J. MARSHALL
DAVID WACHTEL +

+ ADMITTED IN MD ALSO
◦ ADMITTED IN NY ALSO
◊ ADMITTED IN CA ALSO

By Telecopier and First Class Mail
September 21, 2005

Robert T. Haefele, Esquire
Motley Rice, P.A.
28 Bridgeside Boulevard
Mount Pleasant, S.C. 29465

Re:   Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-CV-9849 (RCC).

Dear Mr. Haefele:

I am writing in response to your letter of September 15, 2005, regarding the discovery responses of defendant Al Haramain Islamic Foundation, Inc. (USA) ("AHIF").

As a threshold matter, in our letter to plaintiffs' counsel in October 28, 2004, nearly one year ago, we specifically wrote that we were available to discuss any concerns that plaintiffs may have about AHIF's discovery responses:

However, if plaintiffs' counsel wish to discuss AHIF's discovery responses further, we would be happy to do so.  We are generally available in early- to mid-November [2004] to host a meeting at our office for that purpose.  Please provide us with your available dates during that time period.

See L. Bernabei to M. Elsner (Oct. 28, 2004) (attached hereto as Exhibit 1).  Plaintiffs never provided us with any dates in response to our request.  AHIF reiterates that it is willing to meet with plaintiffs' counsel, at our office, to discuss discovery issues.  Please provide us with your available dates in late September and early October 2005 for this purpose.

AHIF has produced all of its documents to plaintiffs, other than documents that were withheld because they contained confidential personnel or financial information relating to third parties, or documents that related to the Quran Foundation.

Robert T. Haefele, Esquire
September 21, 2005
Page 2

Our copying service made a complete set of copies of AHIF's document production. During the discovery conference on October 17, 2003, we noted that it would be necessary to have the entry of a stipulated protective order and confidentiality agreement to cover the production of confidential documents. We never received any response from plaintiffs' counsel on this issue, despite having produced the remaining documents more than sixteen months ago. The listing of missing pages in your letter consists almost entirely of these confidential documents. There are only four pages (0001-0003 and 0560) that were not withheld as confidential, and I am producing them anew, although I suspect that they were simply misplaced at plaintiffs' office. Defendant AHIF remains willing to discuss the contents of a protective order, at your convenience.

As for the "bulky exhibits" that AHIF referenced in its supplemental production, we believe that the contents of those exhibits are more than adequately referenced in the cover letters that AHIF produced. These documents were produced nearly a year ago, see Exhibit 1, but we received no response on this issue until eleven months later. We reiterate that we are willing to make these documents available for inspection and copying at a mutually convenient time.

Thus, AHIF has produced all documents that are in its custody and control, as required by Rule 26, Fed. R. Civ. P. AHIF is under no obligation to produce documents that are not under its custody and control, which encompasses plaintiffs' request for documents to the Quran Foundation or al-Haramain Foundation (Saudi Arabia). As we have previously explained, both in AHIF's discovery responses, and in AHIF's motions to dismiss, the Quran Foundation is a separate legal entity that has no legal relationship to AHIF. Indeed, the Quran Foundation is not even a party in any of the lawsuits consolidated under No. 03 MDL 1570. As AHIF has briefed, as a matter of law, al-Haramain (Saudi Arabia) is not the "parent" corporation of AHIF, nor does it have any ownership interest in AHIF. Moreover, al-Haramain (Saudi Arabia) is separately represented in this litigation by Mr. Ashraf Nubani. Perhaps you could serve paper discovery requests on al-Haramain (Saudi Arabia) through its counsel.

Absent the requisite legal relationship between the AHIF and these other entities, AHIF does not have the "custody or control" over the documents of either the Quran Foundation or al-Haramain (Saudi Arabia). See, e.g., In re Citric Acid Litig., 191 F.3d 1090, 1108 (9th Cir. 1999) ("we conclude – consistently with all of our sister circuits who have addressed the issue – that the legal control test is the proper standard" for obtaining documents about multiple corporate entities from a single corporate entity) (upholding denial of motion to compel documents in possession of corporate affiliate through discovery of another corporate entity); Cochran Consulting, Inc. v. Uwatec USA, Inc., 102 F.3d 1224, 1229 (Fed. Cir. 1996) (reversible error to issue discovery order where party did not have "ownership, custody, or control of a demanded document" since control "is defined not only as possession, but as the legal right to obtain the documents requested upon demand"); Gerling Int'l Ins. Co. v. Commissioner, IRS,

Robert T. Haefele, Esquire
September 21, 2005
Page 3

839 F.2d 131, 140 (3d Cir. 1988) ("In the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce."); Klesch & Co., Ltd. v. Liberty Media Corp., 217 F.R.D. 517, 520 (D. Colo. 2003) (denying motion to compel where defendant did not have "custody or control" of documents of other corporate affiliates); EEOC v. Carrols Corp., 215 F.R.D. 46 (N.D.N.Y. 2003) ("It is axiomatic that a request to produce relevant documents is subject to that caveat that a party must have the documents in its 'possession, custody or control.' Fed. R. Civ. P. 34(a). In other words, a party cannot produce that which it does not have."); Dietrich v. Bauer, 198 F.R.D. 397, 400-02 (S.D.N.Y. 2001) (finding control only because parent corporation had control over the documents of its wholly-owned subsidiary); Mackey v. IBP, Inc., 167 F.R.D. 186, 207 (D. Kan. 1996) ("The court declines to compel production of documents which are not within the possession, custody, or control of the responding party."); In re Perrier Bottled Water Litig., 138 F.R.D. 348, 350-51 (D. Conn. 1991) ("the Court fails to see al legitimate reason why these defendants should be required to produce documents under a co-defendant's control"). Therefore, there is no basis for plaintiffs to seek documents that are in the possession of the Quran Foundation or al-Haramain (Saudi Arabia) from AHIF.

Finally, AHIF has already addressed the two cases cited in your letter regarding AHIF's refusal to answer plaintiffs' interrogatories that substantially exceeded the number of allowable interrogatories, including subparts. See A. Kabat to J. Conroy (Apr. 29, 2004) (attached hereto as Exhibit 2). In that letter, we explained that plaintiffs' reliance on Security Insurance was misplaced, since in that case the court recognized that an interrogatory that sought information "of two separate groups [] is thus two separate interrogatories," Security Ins. Co. of Hartford v. Trustmark Ins. Co., No. 3:01CV2198(PCD), 2003 WL 22326563, at *2 (D. Conn. Mar. 7, 2003). Here, however, the *Burnett* plaintiffs' interrogatories lumped together four separate groups: AHIF, the Quran Foundation, al-Haramain (Saudi Arabia), and "Al Haramain Worldwide," an inchoate assemblage of every entity with "Al Haramain" in its name. We also explained that plaintiffs' reliance on Denmeade was equally misplaced, since in Denmeade v. King, No. 00-CV-0407E(F), 2001 WL 1823579, at *1 (W.D.N.Y. Dec. 6, 2001), the court simply stated that a subpart that "simply ask the person answering the interrogatory to elaborate on his response to an earlier part thereof" did not constitute a proscribed discrete subpart. Here, the *Burnett* plaintiffs' interrogatory subparts did not merely ask for an "elaboration" of a previous response, but constituted separate topics on discrete issues. We also cited cases which held that interrogatories with multiple subparts, as used by the *Burnett* plaintiffs, were impermissible. See Exhibit 2, at 2. In fact, out of an abundance of caution, AHIF answered a total of more than 65 interrogatories, including discrete subparts, which exceeds the limit of 50 interrogatories, and we even offered to answer an additional interrogatory or two, if plaintiffs would select them accordingly. Id. Thus, contrary to your letter, AHIF has fully responded to Ms. Conroy's April 22, 2004 letter. We received no further response from Ms. Conroy to our discussion of these cases in our April 29, 2004 letter.

Robert T. Haefele, Esquire
September 21, 2005
Page 4


      I trust that the foregoing has answered the issues raised in your letter of September 15, 2004 – indeed, these issues have already been fully addressed in our prior correspondence in 2004, and during the discovery conference on October 17, 2003.  I reiterate, as we expressly stated a year ago, that we remain willing to meet with plaintiffs' counsel to discuss any remaining concerns that plaintiffs may have.

                    Sincerely,

                    Alan R. Kabat


Enc.

cc:  MDL-1570 counsel
      (by e-mail)

LAW OFFICES
# BERNABEI & KATZ, PLLC
1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

**LYNNE BERNABEI**
**DEBRA S. KATZ** °
**LISA J. BANKS**
**ARI M. WILKENFELD** +
**ALAN R. KABAT** +
**AVI L. KUMIN** *
**RASHIDA A. ADAMS** §
**RENEE SERVANCE** ›

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:

**PATRICIA IRELAND** ›
**DAVID J. MARSHALL**

+ADMITTED IN MD ALSO
°ADMITTED IN NY ALSO
*ADMITTED IN CA ALSO
§ADMITTED IN MA ALSO
¶ADMITTED IN FL ONLY
›ADMITTED IN WI ONLY

By Overnight Mail
October 28, 2004

Michael E. Elsner, Esquire
Jodi W. Flowers, Esquire
Motley Rice, P.A.
28 Bridgeside Boulevard
Mount Pleasant, S.C. 29465

    Re:   Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, No. 03-CV-9849 (RCC).

Dear Counsel:

    Enclosed please find: (1) Defendant Al Haramain Islamic Foundation, Inc.'s Supplemental Responses to *Burnett* Plaintiffs' Request for Production of Documents; and (2) documents Bates-Stamped AHIF 001869-002073. Please note that Documents Bates-stamped AHIF 001869, 001934, 001938, 001955-61, 001968, and 001976-77 also have bulky exhibits that are available for inspection and copying at our law firm office. With this response, we are making available all documents under the custody and control of AHIF. However, if plaintiffs' counsel wish to discuss AHIF's discovery responses further, we would be happy to do so. We are generally available in early- to mid-November to host a meeting at our office for that purpose. Please provide us with your available dates during that time period.

    Sincerely,

Lynne Bernabei/ALO

Lynne Bernabei

Enc.

cc: *MDL-1570* counsel (by e-mail)

**Exhibit 1**

LAW OFFICES

# BERNABEI & KATZ, PLLC

1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

LYNNE BERNABEI
DEBRA S. KATZ °
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
GENA E. WILTSEK °
AVI L. KUMIN *
RASHIDA A. ADAMS

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:

DAVID J. MARSHALL
ELAINE D. KAPLAN

+ADMITTED IN MD ALSO
°ADMITTED IN NY ALSO
* ADMITTED IN CA ALSO

By Telecopier and First Class Mail
April 29, 2004

Jayne Conroy, Esquire
Hanly Conroy Bierstein & Sheridan, LLP
415 Madison Avenue
New York, NY 10017-1111

      Re:    <u>Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, No. 03-CV-9840 (RCC)</u>

Dear Ms. Conroy:

      I am writing in response to your letter of April 22, 2004, which was not received at this office until the evening of April 28, 2004, regarding defendant Al Haramain Islamic Foundation, Inc.'s objections to plaintiffs' interrogatories as constituting more than fifty interrogatories, including discrete subparts.

      As a threshold issue, the two unpublished cases that you cite do not support your position.  In <u>Security Ins. Co. of Hartford v. Trustmark Ins. Co.</u>, No. 3:01CV2198(PCD), 2003 WL 22326563, at *2 (D. Conn. Mar. 7, 2003), the court recognized that an interrogatory that sought information "of two separate groups [] is thus two separate interrogatories." Here, many of the *Burnett* plaintiffs' interrogatories sought information of three or even four "separate groups," <u>i.e.</u>, (1) the Qur'an Foundation, which is not even a defendant in this case; (2) the al-Haramain Foundation (Saudi Arabia), which is a separate defendant and a distinct corporate entity; and (3) the so-called "Al Haramain Worldwide," an inchoate assemblage of defendants and third-parties, which are also separate corporate entities.  Other interrogatories ask for information about contacts with a large number of individuals and entities.

      Similarly, in <u>Denmeade v. King</u>, No. 00-CV-0407E(F), 2001 WL 1823579, at *1 (W.D.N.Y. Dec. 6, 2001), the court simply stated that a subpart that "simply ask the person answering the interrogatory to elaborate on his response to an earlier part thereof" did not constitute a proscribed discrete subpart. Here, the *Burnett* plaintiffs' interrogatory subparts did not merely ask for an "elaboration" of a previous response, but constituted separate topics on discrete issues.

**Exhibit 2**

Jayne Conroy, Esquire
April 29, 2004
Page 2

     Other courts, in published opinions, have found that interrogatories with multiple discrete subparts are proscribed under Rule 33, Fed. R. Civ. P. See, e.g., Safeco of America v. Rawstron, 181 F.R.D. 441, 443 (C.D. Cal. 1998) ("Extensive use of subparts, whether explicit or implicit, could defeat the purposes of the numerical limit contained in Rule 33(a) by rendering it meaningless, unless each subpart counts as a separate interrogatory); Aetna Cas. & Sur. Co. v. W.W. Grainger, Inc., 170 F.R.D. 454, 455 (E.D. Wis. 1997) (denying motion to compel interrogatory responses, since "if each subpart is counted as a separate question, the interrogatories aggregate substantially more than the [permissible number]"). The Advisory Committee Notes to the 1993 amendments to the Federal Rules of Civil Procedure similarly recognize that "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Advisor Committee Note to 1993 Amendment to Fed. R. Civ. P. 33, 146 F.R.D 675, 676 (1993).

     I trust that the foregoing analysis has addressed your questions regarding defendant's objections to the plaintiffs' interrogatories as exceeding the agreed-upon limit of fifty, through the use of discrete subparts. Indeed, in a good-faith effort to cooperate in discovery, and out of an abundance of caution, we answered through Interrogatory No. 21, which totaled more than 65 discrete subparts. If there are one or two additional interrogatories that you particularly want information, please advise us, and we will consider your request.

                       Sincerely,

                       Alan R. Kabat

**Exhibit 10**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**

A. Kabat letter to M. Elsner (Sept. 28, 2005).

LAW OFFICES
# BERNABEI & KATZ, PLLC
1773 T STREET, N.W.
WASHINGTON, D.C. 20009-7139

LYNNE BERNABEI
DEBRA S. KATZ ∘
LISA J. BANKS
ARI M. WILKENFELD +
ALAN R. KABAT +
AVI KUMIN ∘

(202) 745-1942
TELECOPIER: (202) 745-2627
E-MAIL: BERKATZLAW@AOL.COM
WEBSITE: WWW.BERNABEIANDKATZ.COM

OF COUNSEL:
DAVID J. MARSHALL
DAVID WACHTEL +

+ ADMITTED IN MD ALSO
∘ ADMITTED IN NY ALSO
◊ ADMITTED IN CA ALSO

By Telecopier and First Class Mail
September 28, 2005

Michael E. Elsner, Esquire
Motley Rice, P.A.
28 Bridgeside Boulevard
Mount Pleasant, S.C. 29465

Andrea Bierstein, Esquire
Hanly Conroy Bierstein & Sheridan, LLP
112 Madison Avenue, 7th Floor
New York, NY 10016-7416

Re:   Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-CV-9849 (RCC).

Dear Counsel:

I am writing to request that the *Burnett* plaintiffs supplement their discovery responses to defendant Al Haramain Islamic Foundation, Inc. (USA)'s discovery requests, as required under Rule 26(e)(2), Fed. R. Civ. P. Under Rule 26(e)(2), defendant's discovery requests are deemed to be continuing and any additional documents or information relating in any way to these requests which plaintiffs acquire subsequent to the date of answering them are to be produced.

Please tell us no later than Friday, September 30, 2005, as to the date when you will supplement plaintiffs' discovery responses.

Thank you for your anticipated cooperation.

Sincerely,

*Alan R. Kabat*

Alan R. Kabat

**Exhibit 11**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**

R. Haefele letter to A. Kabat (Nov. 3, 2009).



**MotleyRice®** LLC

ATTORNEYS AT LAW

**Robert T. Haefele**
*Licensed in NJ, PA, SC*

South Carolina Office
Direct Dial 843.216.9184
Direct Fax 843.216.9450
rhaefele@motleyrice.com

November 3, 2009

**VIA U.S. Mail and Electronic Mail**

Alan Kabat, Esq.
Bernabei & Wachtel, PLLC
1775 T Street
Washington, DC 20009

Re:     *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (GBD)(FM);
        *Burnett, et al. v. Al Baraka Investment & Development, et al.*, 03 CV 9849
        (GBD)(FM)

Dear Alan:

       This letter is a follow up to my telephone call to you yesterday afternoon, wherein I sought to discuss with you the discovery issues referenced below regarding discovery from the Al Haramain branch office in Ashland, Oregon. Each of these issues is essentially the same as what we discussed during our last meet and confer session. But rather than calling them to the Court's attention without allowing you an opportunity to reconsider the issues and determine whether you will change your position, obviating the need to ask for the Court's assistance, we have called the issues to your attention once again. Please address these six issues, which we are prepared to address to the Court's attention for assistance in resolution:

1.     Have you reconsidered your view that Al Haramain will not produce any information regarding the other Al Haramain-related entities? We remain of the position that your client is all part of the worldwide Al Haramain organization and must make all reasonable efforts to respond to discovery requests with all available information.

2.     Do you have any evidence to support your various "boilerplate" objections (*e.g.*, overbreadth, vagueness and undue burden)?

3.     Have you reconsidered your position that you will not answer various discovery requests premised on your position that plaintiffs' 50 interrogatories exceed the number of interrogatories agreed upon by counsel?

4.     Have you reconsidered your position that you will not provide certain information withheld in response to Request 25 and Interrogatory 18 until after a Protective Order is entered?

5.     Have you reconsidered your refusal to answer requests 15 and 16 by misconstruing the requests to interpret contributions received or given as not being responsive because the contributions were not "Material Support"?

6.     Will you agree to update your responses, and in particular Request 30? AHIF produced only 45 pages that are arguably responsive to Request 30

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000
**f.** 843.216.9450

321 South Main St.
Providence, RI 02903
**o.** 401.457.7700
**f.** 401.457.7708

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
**o.** 860.882.1681
**f.** 860.882.1682

7 Dey St., 14th Floor
New York, NY 10007
**o.** 212.577.0040
**f.** 212.577.0044

320 Chestnut St.
Morgantown, WV 26505
**o.** 304.413.0456
**f.** 304.413.0458

www.motleyrice.com

Alan Kabat, Esq.
November 3, 2009
Re:  03 MDL 1570
Page 2 of 2

(regarding the IRS investigation of AHIF), but we are aware of other proceedings in which AHIF has been involved and have not received any updated responses or responsive documents produced.

For your ease of reference, I am enclosing with this letter a copy of your previous discovery responses.

Sincerely,

ROBERT T. HAEFELE

ENCLOSURES

**Exhibit 12**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


A. Kabat letter to R. Haefele (Nov. 10, 2009).

LAW OFFICES

## BERNABEI & WACHTEL, PLLC
1775 T STREET, N.W.
WASHINGTON, D.C.  20009-7124

LYNNE BERNABEI
DAVID WACHTEL +
ALAN R. KABAT ■
KATI DAFFAN ✳
ANDREA LOVELESS ●
EMMA ANDERSSON ●
PETE WHELAN ♦

(202) 745-1942
TELECOPIER (202) 745-2627
WWW.BERNABEIPLLC.COM

✛ADMITTED IN MD ALSO
■ADMITTED IN MD & VA ALSO
✳ADMITTED IN NY ONLY
● ADMITTED IN CA ONLY
♦ ADMITTED IN VA ONLY

By Electronic Mail and First Class Mail
November 10, 2009

Robert T. Haefele, Esquire
Motley Rice, LLC
28 Bridgeside Boulevard
Mount Pleasant, S.C. 29465

      Re:    Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, 03-CV-9849 (GBD/FM).

Dear Mr. Haefele:

      I am writing in response to your letter of November 3, 2009, regarding the discovery responses of defendant Al Haramain Islamic Foundation, Inc. (USA) ("AHIF").

      As a threshold matter, most of the issues that you raised were already addressed in our correspondence in 2004 and 2005, but plaintiffs did not respond at the time.

      **1.**     **AHIF Is Not Obligated to Produce Information Not in Its Possession.**

      As AHIF previously explained, by letter dated September 21, 2005, AHIF is under no legal obligation to produce documents or information that are in the possession of other entities over which AHIF lacks possession or control:

            Thus, AHIF has produced all documents that are in its custody and control, as required by Rule 26, Fed. R. Civ. P. AHIF is under no obligation to produce documents that are not under its custody and control, which encompasses plaintiffs' request for documents to the Quran Foundation or al-Haramain Foundation (Saudi Arabia). As we have previously explained, both in AHIF's discovery responses, and in AHIF's motions to dismiss, the Quran Foundation is a separate legal entity that has no legal relationship to AHIF. Indeed, the Quran Foundation is not even a party in any of the lawsuits consolidated under No. 03 MDL 1570. . . .

Robert T. Haefele, Esquire
November 10, 2009
Page 2 of 5

Absent the requisite legal relationship between the AHIF and these other entities, AHIF does not have the "custody or control" over the documents of either the Quran Foundation or al-Haramain (Saudi Arabia). See, e.g., In re Citric Acid Litig., 191 F.3d 1090, 1108 (9th Cir. 1999) ("we conclude – consistently with all of our sister circuits who have addressed the issue – that the legal control test is the proper standard" for obtaining documents about multiple corporate entities from a single corporate entity) (upholding denial of motion to compel documents in possession of corporate affiliate through discovery of another corporate entity); Cochran Consulting, Inc. v. Uwatec USA, Inc., 102 F.3d 1224, 1229 (Fed. Cir. 1996) (reversible error to issue discovery order where party did not have "ownership, custody, or control of a demanded document" since control "is defined not only as possession, but as the legal right to obtain the documents requested upon demand"); Gerling Int'l Ins. Co. v. Commissioner, IRS, 839 F.2d 131, 140 (3d Cir. 1988) ("In the absence of control by a litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce."); Klesch & Co., Ltd. v. Liberty Media Corp., 217 F.R.D. 517, 520 (D. Colo. 2003) (denying motion to compel where defendant did not have "custody or control" of documents of other corporate affiliates); EEOC v. Carrols Corp., 215 F.R.D. 46 (N.D.N.Y. 2003) ("It is axiomatic that a request to produce relevant documents is subject to that caveat that a party must have the documents in its 'possession, custody or control.' Fed. R. Civ. P. 34(a). In other words, a party cannot produce that which it does not have."); Dietrich v. Bauer, 198 F.R.D. 397, 400-02 (S.D.N.Y. 2001) (finding control only because parent corporation had control over the documents of its wholly-owned subsidiary); Mackey v. IBP, Inc., 167 F.R.D. 186, 207 (D. Kan. 1996) ("The court declines to compel production of documents which are not within the possession, custody, or control of the responding party."); In re Perrier Bottled Water Litig., 138 F.R.D. 348, 350-51 (D. Conn. 1991) ("the Court fails to see a legitimate reason why these defendants should be required to produce documents under a co-defendant's control"). Therefore, there is no basis for plaintiffs to seek documents that are in the possession of the Quran Foundation or al-Haramain (Saudi Arabia) from AHIF.

See A. Kabat letter to R. Haefele, at 2-3 (Sept. 21, 2005).

Plaintiffs never responded to this legal authority, and have identified no factual or legal basis to compel AHIF to produce documents that may be in the possession of "the other Al Haramain-related entities" or "the worldwide Al Haramain organization." AHIF simply does not have possession, custody, or control of documents that are in the possession of any other "Al Haramain-related entity," so AHIF is unable to produce any such documents or information.

Robert T. Haefele, Esquire
November 10, 2009
Page 3 of 5

       **2.**      **AHIF's Discovery Objections Were Proper.**

      AHIF properly objected to numerous discovery requests on the grounds of overbreadth, vagueness, and undue burden.  For example, many requests asked for information about the Qur'an Foundation, Al Haramain Saudi Arabia and "Al Haramain Worldwide," which is vastly overbroad given that these requests were directed to AHIF alone.  The Qur'an Foundation is not even a party to this litigation, and Al Haramain Saudi Arabia has a pending, briefed motion to dismiss so that it is improper under the Case Management Order to seek discovery from one party as to information that is in the possession of another party.

      Document Request No. 12 asked for copies of "all publications, newspapers, newsletters, periodicals, books, reports, pamphlets, videotapes, audiotapes, websites that the Qur'an Foundation and/or Al Haramain USA subscribed to or received," and Interrogatory No. 16 similarly asked for the same information.  Even if AHIF still had copies of these publications, the potential number of issues of every periodical that it ever received would be too voluminous to produce, not to mention identifying and printing out every website that anyone ever accessed from its office.  Nonetheless, AHIF did identify periodicals that it subscribed to, and explained that it had an open lending policy at its library, so it did not have records of what publications were donated or borrowed.

        **3.**      **Plaintiffs' Interrogatories Vastly Exceeded the Permissible Number.**

      As AHIF has explained several times, plaintiffs' interrogatories, including subparts, improperly exceeded the permissible number of interrogatories.  Although the parties agreed in their Rule 16.3 Joint Report (Sept. 18, 2003), to increase the number of interrogatories from 25 to 50, a careful review of the plaintiffs' interrogatories confirmed that, counting discrete subparts, some interrogatories had as many as ten or more subparts.  Interrogatory No. 37 asked about twelve discrete entities; Interrogatory No. 45 asked about sixty-one individuals and discrete entities; and numerous other interrogatories asked about three or four discrete groups.

      Thus, AHIF originally proposed to answer Interrogatories Nos. 1 to 19 (since No. 17 has eight subparts applied to four entities, comprising a total of 32 interrogatories), which would result in AHIF answering fifty interrogatories.  See A. Kabat letter to M. Elsner & J. Conroy, at 1 (Apr. 21, 2004).  I further advised that if plaintiffs were willing to revise or omit interrogatories in that series, that AHIF would, in turn, be able to answer additional interrogatories.  Id. at 2.

      However, plaintiffs did not respond to the April 21, 2004 letter.  Hence, AHIF, in an exercise of discretion, then responded to Interrogatories Nos. 1 to 21, which resulted in answering sixty-five interrogatories, a considerable expansion from the agreed-upon limit of fifty interrogatories.  See L. Bernabei letter to M. Elsner & J. Flowers (Apr. 26, 2004).

Robert T. Haefele, Esquire
November 10, 2009
Page 4 of 5

On April 28, 2004, plaintiffs faxed and mailed a letter – erroneously dated "April 22," but the postmark confirms the April 28 date – which cited to two unpublished court decisions regarding interrogatory subparts. See J. Conroy letter to A. Kabat (Apr. 28, 2004).

I responded by explaining that the two unpublished decisions did not support plaintiffs' position; indeed, one decision held that an interrogatory that sought information "of two separate groups ... is thus two separate interrogatories," see Security Ins. Co. of Hartford v. Trustmark Ins. Co., 2003 WL 22326563, at *2 (D. Conn. Mar. 7, 2003), which was consistent with AHIF's interpretation of plaintiffs' interrogatories that sought information about three or four separate groups. See A. Kabat letter to J. Conroy, at 1 (Apr. 29, 2004). I further wrote that other, published court decisions held that interrogatories with multiple discrete subparts were prohibited under Rule 33, Fed. R. Civ. P. Id. at 2 (collecting cases).

Plaintiffs did not respond to the April 29, 2004 letter until this month, so we concluded that plaintiffs had abandoned this issue in the intervening five years. However, the November 3, 2009 letter still fails to identify any factual or legal basis for compelling AHIF to answer any additional interrogatories, given the multiple subparts and that AHIF has already responded to the equivalent of sixty-five interrogatories.

### 4.     AHIF Will Produce Confidential Information Subject to a Protective Order.

As AHIF stated in its original discovery responses, AHIF will produce documents and information that contain confidential information "upon entry of a protective order." See Def. AHIF's Responses to Pls. Interrog., No. 18 (Apr. 26, 2004); Def. AHIF's Responses to Pls. Doc. Req., No. 25 (Apr. 26, 2004).

Since that time, we received no response from plaintiffs about a proposed protective order. Given the passage of over five years, we concluded that plaintiffs were not interested in pursuing that discovery. However, as the Court has entered confidentiality orders as to discovery involving other defendants, then a comparable protective order could be entered as to AHIF.

### 5.     Plaintiffs' Document Request Nos. 15 and 16.

AHIF properly answered Document Request Nos. 15 and 16, which specifically asked for "contributors" and "contributions" by or to AHIF and three other entities, "which has [have] been defined as material support in 18 USC 2339(a)." AHIF responded that it has not received or made any contributions "that constitute material support under 18 U.S.C. § 2339(a), so that AHIF has no responsive documents that relate to AHIF alone." See Def. AHIF's Responses to Pls. Doc. Req. Nos. 15 & 16 (Apr. 26, 2004).

Robert T. Haefele, Esquire
November 10, 2009
Page 5 of 5

Since plaintiffs' document requests specifically asked for contributions and contributors that constituted material support – and cited a specific statute – AHIF responded according to the plain language of plaintiffs' document request.

### 6.    Plaintiffs' Document Request No. 30.

AHIF has provided plaintiffs with numerous documents relating to the designation by the Office of Foreign Assets Control. See Documents Bates-stamped 1869-2073 (many of which had bulky exhibits, not bates-stamped). Since that time, as plaintiffs' counsel has admitted (you wrote that "we are aware of other proceedings"), AHIF filed a lawsuit challenging that designation. The court filings are available on the docket of the U.S. District Court for the District of Oregon, No. 07-1155, and are equally accessible to plaintiffs as to defendants, so that plaintiffs may obtain the court filings from that court's docket. Plaintiffs already have the filings made by AHIF in the MDL 1570 proceeding.

In conclusion, I trust that the foregoing has answered your questions. Indeed, most of these questions were already addressed in our 2004 and 2005 correspondence, which plaintiffs ignored during the subsequent years.

Sincerely,

*Alan R. Kabat*

Alan R. Kabat

**Exhibit 13**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


Department of Treasury, Press Release (Sept. 9, 2004).



PRESS ROOM

**FROM THE OFFICE OF PUBLIC AFFAIRS**

September 9, 2004
JS-1895

**U.S.-Based Branch of Al Haramain Foundation Linked to Terror**
**Treasury Designates U.S. Branch, Director**

The Treasury Department announced today the designation of the U.S. branch of the Saudi Arabia-based Al Haramain Islamic Foundation (AHF), along with one of its directors, Suliman Al-Buthe.  In addition, the AHF branch located in the Union of the Comoros was also designated today.

"We continue to use all relevant powers of the U.S. government to pursue and identify the channels of terrorist financing, such as corrupted charities, at home and abroad.  Al Haramain has been used around the world to underwrite terror, therefore we have taken this action to excommunicate these two branches and Suliman Al-Buthe from the worldwide financial community," said Stuart Levey, Treasury's Under Secretary for Terrorism and Financial Intelligence.

The assets of the U.S. AHF branch, which is headquartered in Oregon, were blocked pending investigation on February 19, 2004.  On the previous day, a federal search warrant was executed against all property purchased on behalf of the U.S. AHF branch.  The investigation involved agents from the Internal Revenue Service – Criminal Investigations (IRS-CI), the Federal Bureau of Investigation (FBI) and the Department of Homeland Security's Immigration and Customs Enforcement (ICE).

The U.S.-based branch of AHF was formally established in 1997.  Documents naming Al-Buthe as the organization's attorney and providing him with broad legal authority were signed by Aqeel Abdul Aziz Al-Aqil, the former director of AFH.  Aqil has been designated by the United States and the UN 1267 Sanctions Committee because of AHF's support for al Qaida while under his oversight.

The investigation shows direct links between the U.S. branch and Usama bin Laden.  In addition, the affidavit alleges the U.S. branch of AHF criminally violated tax laws and engaged in other money laundering offenses.  Information shows that individuals associated with the branch tried to conceal the movement of funds intended for Chechnya by omitting them from tax returns and mischaracterizing their use, which they claimed was for the purchase of a prayer house in Springfield, Missouri.

Other information available to the U.S. shows that funds that were donated to AHF with the intention of supporting Chechen refugees were diverted to support mujahideen, as well as Chechen leaders affiliated with the al Qaida network.

AHF has operations throughout the Union of the Comoros, and information shows that two associates of AHF Comoros are linked to al Qaida.  According to the transcript from U.S. v. Bin Laden, the Union of the Comoros was used as a staging area and exfiltration route for the perpetrators of the 1998 bombings of the U.S. embassies in Kenya and Tanzania.  The AHF branches in Kenya and Tanzania have been previously designated for providing financial and other operational support to these terrorist attacks.

Since March 2002, the United States and Saudi Arabia have jointly designated eleven branches of AHF based on evidence of financial, material and/or logistical support to the al Qaida network and affiliated organizations.  These branches, Afghanistan, Albania, Bangladesh, Bosnia, Ethiopia, Indonesia, Kenya, the

Netherlands, Pakistan, Somalia, and Tanzania, along with the former director of AHF, Aqeel Abdul Aziz Al-Aqil, are named on the UN's 1267 Committee's consolidated list of terrorists associated with al Qaida, Usama bin Laden and the Taliban and are subject to international sanctions.

The entities were designated today pursuant to Executive Order 13224 pursuant to paragraphs (d)(i) and (d)(ii) based on a determination that they assist in, sponsor or provide financial, material, or technological support for, or financial or other services to or in support of, or are otherwise associated with, persons listed as subject to E.O. 13224. These entities also meet the standard for inclusion in the UN 1267 Sanctions Committee's consolidated list because of the support provided to UBL, al Qaida or the Taliban.

Inclusion on the 1267 Committee's list triggers international obligations on all member countries, requiring them to freeze the assets of these offices. Publicly identifying these supporters of terrorism is a critical part of the international campaign to counter terrorism. Additionally, other organizations and individuals are put on notice that they are prohibited from doing business with them.

Blocking actions are critical to combating the financing of terrorism. When an action is put into place, any assets existing in the formal financial system at the time of the order are to be frozen. Blocking actions serve additional functions as well, acting as a deterrent for non-designated parties who might otherwise be willing to finance terrorist activity; exposing terrorist financing "money trails" that may generate leads to previously unknown terrorist cells and financiers, disrupting terrorist financing networks by encouraging designated terrorist supporters to disassociate themselves from terrorist activity and renounce their affiliation with terrorist groups; terminating terrorist cash flows by shutting down the pipelines used to move terrorist-related assets; forcing terrorists to use alternative, more costly and higher-risk means of financing their activities; and engendering international cooperation and compliance with obligations under UN Security Council Resolutions.

The United States has designated 387 individuals and entities as terrorists, their financiers or facilitators. In addition, the global community has frozen over $142 million in terrorist-related assets.

**Al Haramain Islamic Foundation – United States**

1257 Siskiyou Blvd.
Ashland, Oregon  97520

3800 Highway 99 S
Ashland, Oregon  97520

2151 E. Division Street
Springfield, MO  65803

**Al Haramain Islamic Foundation – Union of the Comoros**

B/P: 1652 Moroni
Union of the Comoros

**Suliman Al-Buthe**
DOB: 12/08/1961
POB: Egypt
Nationality: Saudi Arabian
Passport No: B049614

For more information on the February 19, 2004 designation of the U.S.-based AHF branch, please visit: http://www.treasury.gov/press/releases/js1183.htm.

Note: In June of 2004, the Saudi government announced it was dissolving AHF and other Saudi charities and committees operating aboard and folding their assets into

a newly created entity, the Saudi National Commission for Relief and Charity Work Abroad.  According to the Saudi Embassy, the Commission, which will be a non-governmental body, will take over all aspects of private overseas aid operations and assume responsibility for the distribution of private charitable donations from Saudi Arabia.

**Exhibit 14**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


Declaration of Thomas Nelson, Esquire (Dec. 9, 2009).

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001   ) 03 MDL No. 1570 (GBD)(FM)
                                                )
_____ )
                                                )
THOMAS E. BURNETT, SR., _et al._,               )
                                                )
          Plaintiffs,                           )
                                                )
          v.                                    ) No. 03 CV 9849 (GBD)(FM)
                                                )
AL BARAKA INVESTMENT AND DEVELOPMENT            )
          CORPORATION, _et al._,                )
                                                )
          Defendants.                           )
_____ )


**DECLARATION OF THOMAS NELSON**

I, Thomas Nelson, Esquire, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.       I am an attorney who resides in Oregon and am currently a board member of the Al Haramain Islamic Foundation, Inc. ("AHIF USA").  I submit this declaration in support of AHIF USA's response to the plaintiffs' motion to compel.

2.       As a board member of AHIF USA, I had no involvement with the activities of the Al-Haramain Islamic Foundation (Saudi Arabia) ("Al Haramain Saudi Arabia").

3.       In June 2004, the government of Saudi Arabia closed Al Haramain Saudi Arabia in response to pressure from the United States.  Although I have made several trips to Saudi Arabia since 2004, and have made several requests for documents, I have been unable to obtain any documents relating to Al Haramain Saudi Arabia, other than a few documents that were

already in the possession of other individuals, who had retained personal copies.


Thomas Nelson, Esquire


DATED:   December 9, 2009

**Exhibit 15**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


Declaration of Soliman H. Al-Buthe (Dec. 9, 2009).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) 03 MDL No. 1570 (GBD)(FM) |
| THOMAS E. BURNETT, SR., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No. 03 CV 9849 (GBD)(FM) |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, | ) |
| Defendants. | ) |

**DECLARATION OF SOLIMAN H. AL-BUTHE**

I, Soliman H. Al-Buthi, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.      I reside in Riyadh, Saudi Arabia, and am currently the General Director of Environmental Health for the Capital City of Riyadh, Saudi Arabia. I have held this position since 2006. I submit this declaration in support of Al Haramain Islamic Foundation's (AHIF USA) response to the plaintiffs' motion to compel.

2.      I attended the King Saud University in Riyadh from 1981 to 1985, and earned a Bachelor's degree in Agricultural Science in 1985. From 1985 to 2006, I was the Landscaping Engineer for the City of Riyadh, General Administration of Gardens and Beautification, and was subsequently promoted to General Director of the Environmental Health Department.

3.      I have reviewed the plaintiffs' motion to compel. On pages 12 and 13 of the motion to compel, reference is made to certain documents relating to the Al Haramain Islamic

Declaration of Soliman H. Al-Buthi

Foundation (Saudi Arabia) ("Al Haramain Saudi Arabia"), as listed in plaintiffs' Exhibits 58, 59, and 60.  These receipts and letters were documents that I provided in early 2004 to the attorneys for AHIF-USA, since I had kept copies in my personal files.  I did not have to request those documents from Al Haramain Saudi Arabia in 2004, since I already had them in my possession. The motion to compel, Exhibit 58, also refers to an affidavit from Mr. Khalid Bin Obaid Azzahri, which is a document that AHIF USA's attorneys were able to obtain in early May 2004, at a time when Al Haramain Saudi Arabia was legally operating in Saudi Arabia.

4.      However, in June 2004, the Saudi Arabia government shut down Al Haramain Saudi Arabia under pressure from the United States.  At that time, its offices were closed, and since then it has become impossible to obtain any records relating to Al Haramain Saudi Arabia's activities from Al Haramain Saudi Arabia.  I have worked closely with attorney Tom Nelson, who has traveled to Riyadh on several occasions, to try to obtain such records, but we were not able to obtain any documents from Al Haramain Saudi Arabia.

Soliman H. Al-Buthi

DATED:  December 9, 2009

**Exhibit 16**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**

OFAC, Recent OFAC Designations (June 19, 2008).

OFFICE OF FOREIGN ASSETS CONTROL

## Office of Foreign Assets Control

**RECENT OFAC ACTIONS**

Full List | Previous | Next

*To view or print the PDF content on this page, download the free Adobe® Acrobat® Reader®.*

**06/19/2008**

The following entities have been added to OFAC's SDN list:

AL-HARAMAIN ISLAMIC FOUNDATION, P.O. Box 69606, Riyadh 11557, Saudi Arabia; West Al-M'ather Street, Riyadh, Saudi Arabia; all offices worldwide [SDGT]

The following deletions have been made to OFAC's SDN list:

CGWIC (a.k.a. CHINA GREAT WALL INDUSTRY CORPORATION; a.k.a. ZHONGGUO CHANGCHENG GONGYE ZONGGONGSI), No. 30 Haidian Nanlu, Beijing, China; Moscow, Russia; and all other locations worldwide [NPWMD]

CHINA GREAT WALL INDUSTRY CORPORATION (a.k.a. CGWIC; a.k.a. ZHONGGUO CHANGCHENG GONGYE ZONGGONGSI), No. 30 Haidian Nanlu, Beijing, China; Moscow, Russia; and all other locations worldwide [NPWMD]

ZHONGGUO CHANGCHENG GONGYE ZONGGONGSI (a.k.a. CGWIC; a.k.a. CHINA GREAT WALL INDUSTRY CORPORATION), No. 30 Haidian Nanlu, Beijing, China; Moscow, Russia; and all other locations worldwide [NPWMD]

G.W. AEROSPACE, INC. (a.k.a. GREAT WALL AEROSPACE, INC.), 21515 Hawthorne Blvd., Suite 670, Torrance, CA 90503; California Corporate Number C1458237 (United States) [NPWMD]

GREAT WALL AEROSPACE, INC. (a.k.a. G.W. AEROSPACE, INC.), 21515 Hawthorne Blvd., Suite 670, Torrance, CA 90503; California Corporate Number C1458237 (United States) [NPWMD]

Case 1:03-md-01570-GBD-SN   Document 2384-2   Filed 11/12/10   Page 135 of 151

**Exhibit 17**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


Oregon Secretary of State Business Entity Report, Qur'an Foundation (Dec. 7, 2009).

OREGON SECRETARY OF STATE
► **Corporation Division**

HOME

business information center | business name search | oregon business guide
referral list | business registry/renewal | forms/fees | notary public
uniform commercial code | uniform commercial code search | documents & data services

## Business Name Search

**New Search**   **Printer Friendly**      Business Entity Data      **12-07-2009 11:53**

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Duration Date | Renewal Date |
|---|---|---|---|---|---|---|
| 170551-87 | DNP | INA | OREGON | 09-05-1989 | | 09-05-2004 |
| **Entity Name** | QUR'AN FOUNDATION | | | | | |
| **Foreign Name** | | | | | | |
| **Non Profit Type** | RELIGIOUS WITH MEMBERS | | | | | |

**New Search**   **Printer Friendly**      Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| Addr 1 | 1257 SISKIYOU BLVD #224 | | | |
| Addr 2 | | | | |
| CSZ | ASHLAND | OR | 97520 | Country | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | | Start Date | 08-12-1996 | Resign Date | |
|---|---|---|---|---|---|---|---|
| Name | P.SADA | | GHATY | | | | |
| Addr 1 | 1257 SISKIYOU BLVD #224 | | | | | | |
| Addr 2 | | | | | | | |
| CSZ | ASHLAND | OR | 97520 | | Country | UNITED STATES OF AMERICA | |

| Type | PRE | PRESIDENT | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | P.SADA | | GHATY | | | |
| Addr 1 | 1257 SISKIYOU BLVD #224 | | | | | |
| Addr 2 | | | | | | |
| CSZ | ASHLAND | OR | 97520 | Country | UNITED STATES OF AMERICA | |

| Type | SEC | SECRETARY | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | DAVID | | RODGERS | | | |
| Addr 1 | PO BOX 871 | | | | | |

| Addr 2 | | | | | | |
|---|---|---|---|---|---|---|
| CSZ | ASHLAND | OR | 97520 | | Country | UNITED STATES OF AMERICA |

**New Search**    **Printer Friendly**    ## Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| QUR'AN FOUNDATION | EN | CUR | 09-05-1989 | |

Please read before ordering Copies.

**New Search**    **Printer Friendly**    ## Summary History

| Image Date | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| 11-05-2004 | ADMINISTRATIVE DISSOLUTION | 11-05-2004 | | SYS | | |
| 09-10-2004 | NOTICE LATE ANNUAL | 09-10-2004 | | SYS | | |
| 10-23-2003 | ANNUAL REPORT PAYMENT | 10-23-2003 | | SYS | | |
| 09-12-2003 | NOTICE LATE ANNUAL | 09-12-2003 | | SYS | | |
| 08-13-2002 | ANNUAL REPORT PAYMENT | 08-13-2002 | | SYS | | |
| 08-17-2001 | ANNUAL REPORT PAYMENT | 08-17-2001 | | SYS | | |
| 08-17-2000 | STRAIGHT RENEWAL | 08-17-2000 | | FI | | |
| 08-25-1999 | STRAIGHT RENEWAL | 08-18-1999 | | FI | | |
| 10-14-1998 | STRAIGHT RENEWAL | 10-14-1998 | | FI | | |
| 09-11-1998 | NOTICE | 09-14-1998 | | SYS | | |
| 08-19-1997 | STRAIGHT RENEWAL | 08-19-1997 | | FI | | |
| 08-12-1996 | AMENDED RENEWAL | 08-12-1996 | | FI | | |
| 08-12-1996 | AGENT/AUTH REP CHNG | 08-12-1996 | | FI | | |
| 08-08-1995 | STRAIGHT RENEWAL | 08-08-1995 | | FI | | |
| 08-08-1994 | STRAIGHT RENEWAL | 07-26-1994 | | FI | | |
| 08-02-1993 | STRAIGHT RENEWAL | 07-27-1993 | | FI | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 12-01-1992 | REINSTATEMENT | 12-01-1992 | | FI | | |
| 11-13-1992 | INVOL DISSOLUTION | 10-30-1992 | | SYS | | |
| 09-11-1992 | NOTICE | 09-15-1992 | | SYS | | |
| 08-16-1991 | STRAIGHT RENEWAL | 08-09-1991 | | FI | | |
| 01-24-1991 | REINSTATEMENT | 01-24-1991 | | FI | | |
| 12-28-1990 | INVOL DISSOLUTION | 12-20-1990 | | SYS | | |
| 09-14-1990 | NOTICE | 09-18-1990 | | SYS | | |
| 09-05-1989 | NEW FILING | 09-05-1989 | | FI | | |

About Us | Announcements | Laws & Rules | Feedback
Site Map | Policy | SOS Home | Oregon Blue Book | Oregon.gov

For comments or suggestions regarding the operation of this site,
please contact : businessregistry.sos@state.or.us



© 2009  Oregon Secretary of State.  All Rights Reserved.

http://egov.sos.state.or.us/br/pkg_web_name_srch_inq.show_detl?p_be_rsn=218521&p_sr...   12/7/2009

**Exhibit 18**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**


Attorney Listing,
<u>*In re* National Security Agency Telecomm. Records Litig.</u>,
MDL No. 06-1791 VRW (N.D. Cal.) (excerpts).

**M:06-cv-01791-VRW** In re National Security Agency Telecommunications Records Litigation
Vaughn R. Walker, presiding
**Date filed:** 08/14/2006
**Date of last filing:** 12/03/2009

# Attorneys

**AT&T Communications, Inc.**
*Assigned: 10/03/2006*
*TERMINATED: 11/09/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**AT&T Communications of California, Inc.**
*(Defendant)*

**Brian Hugh Adler**
Bader Stillman & Adler PL
6100 West Atlantic Blvd.
Margate, FL 33063
954-971-3399
954-979-3101 (fax)
*Assigned: 05/14/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**Howard Jacobs**
*(Plaintiff)*

**Kathleen Miller**
*(Plaintiff)*

**Laurence Kornblum**
*(Plaintiff)*

**Bruce Ira Afran**
Bruce Afran, Attorney at Law
10 Braeburn Drive
Princeton, NJ 08540
609-924-2075
609-924-1045 (fax)
*Assigned: 10/16/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

representing

**Electron Tubes, Inc.**
*(Plaintiff)*

**Alicia McCollum**
*(Plaintiff)*

**Andrew Jaffe**
*(Plaintiff)*

Company L.P.
*(Defendant)*

**Sidney M Bach**
425 Kimberly Avenue
Asheville, NC 28804
828-350-1510                    representing    **D. Clive Hardy**
sbach@bellsouth.net                             *(Plaintiff)*
 *Assigned: 11/07/2006*
 *ATTORNEY TO BE NOTICED*

**Kimberly B. Baden**
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465          representing    **Pamela A. Mahoney**
843-216-9000                                    *(Plaintiff)*
843-216-9450 (fax)
 *Assigned: 04/21/2008*
 *ATTORNEY TO BE NOTICED*

**Thomas Erik Bailey**
Briggs & Morgan, PA
80 South 8th Street
Suite 2200
Minneapolis, MN 55402           representing    **AT&T Corp.**
612-977-8670                                    *(Defendant)*
612-977-8650 (fax)
 *Assigned: 03/02/2007*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**David L. Balser**
McKenna Long & Aldridge, LLP
303 Peachtree Street, N.E.
Suite 5300
Atlanta, GA 30308               representing    **Cingular Wireless LLC**
404-527-4000                                    *(Plaintiff)*
404-527-4198 (fax)
dbalser@mckennalong.com
 *Assigned: 01/24/2007*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Kevin Stuart Bankston**


*ATTORNEY TO BE NOTICED*

**Richard C. Fipphen**
Verizon Communications, Inc. - NYC
140 W. Street
Room 2707
New York, NY 10007                    representing    **Verizon New York Inc.**
212-321-8115                                           *(Defendant)*
212-962-1687 (fax)
 *Assigned: 03/07/2007*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Mark D. Flanagan**
WilmerHale
1117 California Avenue
Palo Alto, CA 94304
650-858-6000                          representing    **Verizon Communications, Inc.**
650-858-6100 (fax)                                     *(Defendant)*
mark.flanagan@wilmerhale.com
 *Assigned: 06/05/2006*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Jodi W. Flowers**
Motley Rice, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465              representing    **Anthony Bartelemy**
 *Assigned: 08/14/2006*                                *(Plaintiff)*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

                                                       **Dawn Furler**
                                                       *(Plaintiff)*

                                                       **Fran Blamer**
                                                       *(Plaintiff)*

                                                       **Gerard P. Clerkin**
                                                       *(Plaintiff)*

                                                       **Jennifer Florio**

*Assigned: 01/29/2007*
*ATTORNEY TO BE NOTICED*


**Donald A. Migliori**
Motley Rice LLC
321 South Main Street
Providence, RI 02940                    representing        **Healing Arts Center**
  *Assigned: 10/03/2006*                                    *(Plaintiff)*
  *LEAD ATTORNEY*
  *ATTORNEY TO BE NOTICED*


                                                            **Libertarian party of Indiana**
                                                            *(Plaintiff)*


                                                            **Sam Goldstein Insurance Agency,
                                                            Inc.**
                                                            *(Plaintiff)*


                                                            **Carolyn W. Rader**
                                                            *(Plaintiff)*


                                                            **David Kadlec**
                                                            *(Plaintiff)*


                                                            **Gabrielle Filippelli**
                                                            *(Plaintiff)*


                                                            **John Elder**
                                                            *(Plaintiff)*


                                                            **Sam Goldstein**
                                                            *(Plaintiff)*


                                                            **Sean Shepherd**
                                                            *(Plaintiff)*


                                                            **Tim Peterson**
                                                            *(Plaintiff)*


                                                            **Travis Cross**

*(Plaintiff)*

**Stephen J. Mather**
*(Plaintiff)*

**Tom Campbell**
*(Plaintiff)*

**Wendy Sangbee Park**
Roger Baldwin Foundation of ACLU,
Inc.
180 North Michigan Avenue
Suite 2300                           representing
Chicago, IL 60601
312-201-9740
  *Assigned: 08/30/2006*
  *ATTORNEY TO BE NOTICED*

**American Civil Liberties Union
of Illinois, Inc.**
*(Plaintiff)*

**Barbara Flynn Currie**
*(Plaintiff)*

**Diane C. Geraghty**
*(Plaintiff)*

**Gary S. Gerson**
*(Plaintiff)*

**James D. Montgomery**
*(Plaintiff)*

**Quentin Young**
*(Plaintiff)*

**Studs Terkel**
*(Plaintiff)*

**Vincent Ian Parrett**
Motley Rice LLC
28 Bridgeside Boulevard
PO Box 1792 (29465)
Mount Pleasant, SC 29464

**Charles F. Bissit**

843-216-9000                                    *(Plaintiff)*
843-216-9450 (fax)
vparrett@motleyrice.com                representing
 *Assigned: 06/22/2007*
 *ATTORNEY TO BE NOTICED*

**Darryl Hines**
*(Plaintiff)*

**Donald Herron**
*(Plaintiff)*

**Elaine Spielfogel-Landis**
*(Plaintiff)*

**Greg Conner**
*(Plaintiff)*

**James Joll**
*(Plaintiff)*

**Pamela A. Mahoney**
*(Plaintiff)*

**Rhea Fuller**
*(Plaintiff)*

**Sandra Bissit**
*(Plaintiff)*

**Tina Herron**
*(Plaintiff)*

**A. Joris Watland**
*(Plaintiff)*

**Achieng Warambo**
*(Plaintiff)*

**Exhibit 19**
**Opposition to Motion to Compel**
**(Dec. 10, 2009)**

Amici Curiae Memorandum of MDL Plaintiffs,
<u>Al Haramain Islamic Foundation v. Obama</u>,
No. 07-CV-0109-VRW, MDL No. 06-1791 VRW (N.D. Cal. Apr. 7, 2008) (excerpts).

ELECTRONIC FRONTIER FOUNDATION
CINDY COHN (CSB No. 145997)
cindy@eff.org
LEE TIEN (CSB No. 148216)
KURT OPSAHL (CSB No. 191303)
KEVIN S. BANKSTON (CSB No. 217026)
CORYNNE MCSHERRY (CSB No. 221504)
JAMES S. TYRE (CSB No. 083117)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

LAW OFFICE OF RICHARD R. WIEBE
RICHARD R. WIEBE (CSB No. 121156)
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

FENWICK & WEST LLP
LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER KELLY (CSB No. 193416)
CANDACE MOREY (CSB No. 233081)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Amici

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE NATIONAL SECURITY AGENCY TELECOMMUNICATIONS RECORDS LITIGATION, MDL No. 1791<br><br>This Document Relates To:<br><br>Al-Haramain Islamic Foundation, et al.,<br><br>v.<br><br>Bush, et al. (07-CV-0109-VRW) | MDL Docket No 06-1791 VRW<br><br>**AMICI CURIAE MEMORANDUM OF MDL PLAINTIFFS ADDRESSING THE APPLICATION OF THE PROTOCOL OF SECTION 1806(f), TITLE 50 U.S.C., TO CIVIL ACTIONS FOR UNLAWFUL ELECTRONIC SURVEILLANCE**<br><br>Date: April 23, 2008<br>Time: 10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Judge: The Hon. Vaughn R. Walker |

DATED: April 7, 2008                    Respectfully submitted,


                                        _____/s/ Richard R. Wiebe_____
                                                Richard R. Wiebe

Laurence F. Pulgram (CSB No. 115163)    Richard R. Wiebe
Jennifer Kelly (CSB No. 193416)         LAW OFFICE OF RICHARD R. WIEBE
Candace Morey (CSB No. 233081)          425 California Street
FENWICK & WEST LLP                      Suite 2025
555 California Street, 12th Floor        San Francisco, CA 94104
San Francisco, CA 94104                 Telephone: (415) 433-3200
Telephone: (415) 875-2300               Facsimile:  (415) 433-6382
Facsimile:  (415) 281-1350
                                        COUNSEL FOR AMICI;
                                        ATTORNEY FOR
COUNSEL FOR AMICI;                      AT&T CLASS PLAINTIFFS
ATTORNEYS FOR PLAINTIFFS IN
CAMPBELL v. AT&T AND IN RIORDAN
v. VERIZON COMMUNICATIONS INC.

                                        ELECTRONIC FRONTIER FOUNDATION
                                        Cindy A. Cohn, Esq. (SBN 145997)
Ann Brick (CSB No. 65296)               Lee Tien, Esq. (SBN 148216)
AMERICAN CIVIL LIBERTIES UNION          Kurt Opsahl, Esq. (SBN 191303)
FOUNDATION OF NORTHERN                  Kevin S. Bankston, Esq. (SBN 217026)
CALIFORNIA                              Corynne McSherry, Esq. (SBN 221504)
39 Drumm Street                         James S. Tyre, Esq. (SBN 083117)
San Francisco, CA 94111                 454 Shotwell Street
Telephone: (415) 621-2493               San Francisco, CA 94110
Facsimile:  (415) 255-8437              Telephone: (415) 436-9333 x108
                                        Facsimile:  (415) 436-9993

COUNSEL FOR AMICI;                      COUNSEL FOR AMICI;
ATTORNEYS FOR PLAINTIFFS IN             ATTORNEYS FOR
CAMPBELL v. AT&T AND IN RIORDAN         AT&T CLASS PLAINTIFFS AND
v. VERIZON COMMUNICATIONS INC.          CO-CHAIR OF PLAINTIFFS' EXECUTIVE
                                        COMMITTEE

-26-

Additional Plaintiffs' Counsel on Executive Committee and Liaison Counsel:

| | |
|---|---|
| ROGER BALDWIN FOUNDATION OF ACLU<br>HARVEY GROSSMAN<br>ADAM SCHWARTZ<br>180 North Michigan Avenue<br>Suite 2300<br>Chicago, IL 60601<br>Telephone: (312) 201-9740<br>Facsimile: (312) 201-9760 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>ELIZABETH J. CABRASER<br>BARRY R. HIMMELSTEIN<br>ERIC B. FASTIFF<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 |
| PLAINTIFFS' COUNSEL FOR AT&T SUBSCRIBER CLASS AND CO-CHAIR OF PLAINTIFFS' EXECUTIVE COMMITTEE | PLAINTIFFS' COUNSEL FOR MCI SUBSCRIBER CLASS |
| MOTLEY RICE LLC<br>RONALD MOTLEY<br>DONALD MIGLIORI<br>JODI WESTBROOK FLOWERS<br>JUSTIN KAPLAN<br>28 Bridgeside Boulevard<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465<br>Telephone: (843) 216-9163<br>Facsimile: (843) 216-9680 | GEORGE & BROTHERS, L.L.P.<br>R. JAMES GEORGE, JR.<br>DOUGLAS BROTHERS<br>1100 Norwood Tower<br>114 W. 7th Street<br>Austin, Texas 78701<br>Telephone: (512) 495-1400<br>Facsimile: (512) 499-0094 |
| PLAINTIFFS' COUNSEL FOR VERIZON SUBSCRIBER CLASS AND MISCELLANEOUS SUBSCRIBER CLASSES | PLAINTIFFS' COUNSEL FOR CINGULAR SUBSCRIBER CLASS |
| THE MASON LAW FIRM, PC<br>GARY E. MASON<br>NICHOLAS A. MIGLIACCIO<br>1225 19th St., NW, Ste. 500<br>Washington, DC 20036<br>Telephone: (202) 429-2290<br>Facsimile: (202) 429-2294 | ILANN M. MAAZEL<br>EMERY CELLI BRINCKERHOFF & ABADY LLP<br>75 Rockefeller Plaza, 20th Floor<br>New York, NY 10019<br>Telephone: (212) 763-5000<br>Facsimile: (212) 763-5001 |
| PLAINTIFFS' COUNSEL FOR SPRINT SUBSCRIBER CLASS | PLAINTIFFS' COUNSEL IN SHUBERT V. BUSH |

AMICI CURIAE MEMORANDUM OF MDL PLAINTIFFS
ADDRESSING APPLICATION OF THE PROTOCOL OF
SECTION 1806(f) TO CIVIL ACTIONS

CENTER FOR CONSTITUTIONAL
RIGHTS
SHAYANA KADIDAL
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6438
Facsimile: (212) 614-6499

PLAINTIFFS' COUNSEL IN
CENTER FOR CONSTITUTIONAL
RIGHTS v. BUSH

NATIONAL LAWYERS GUILD
MICHAEL AVERY
c/o Suffolk Law School
120 Tremont Street
Boston, MA 02108
Telephone: (617) 573-8551
Facsimile: (617) 305-3090

PLAINTIFFS' COUNSEL IN
CENTER FOR CONSTITUTIONAL RIGHTS
v. BUSH

BRUCE I AFRAN, ESQ.
10 Braeburn Drive
Princeton, NJ 08540
609-924-2075

PLAINTIFFS' COUNSEL FOR
BELLSOUTH SUBSCRIBER CLASS

MAYER LAW GROUP LLC
CARL J. MAYER
66 Witherspoon Street, Suite 414
Princeton, New Jersey 08542
Telephone: (609) 921-8025
Facsimile: (609) 921-6964

PLAINTIFFS' COUNSEL FOR BELLSOUTH
SUBSCRIBER CLASS

KRISLOV & ASSOCIATES, LTD.
CLINTON A. KRISLOV
20 North Wacker Drive
Suite 1350
Chicago, IL 60606
Telephone: (312) 606-0500
Facsimile: (312) 606-0207

PLAINTIFFS' COUNSEL FOR
BELLSOUTH SUBSCRIBER CLASS

LISKA, EXNICIOS & NUNGESSER
ATTORNEYS-AT-LAW
VAL PATRICK EXNICIOS
One Canal Place, Suite 2290
365 Canal Street
New Orleans, LA 70130
Telephone: (504) 410-9611
Facsimile: (504) 410-9937

PLAINTIFFS' COUNSEL FOR BELLSOUTH
SUBSCRIBER CLASS

THE LAW OFFICES OF STEVEN E.
SCHWARZ, ESQ.
STEVEN E. SCHWARZ
2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone: (773) 837-6134

PLAINTIFFS' COUNSEL FOR BELLSOUTH
SUBSCRIBER CLASS

-28-