**Exhibit C**

Transcript
(Oct. 28, 2010) (excerpts)

```
                                                                       1
     0asrterc
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   In re:   TERRORIST ATTACKS ON
 3            SEPTEMBER 11, 2001           03 MDL 1570 (GBD)
 4
 4   ------------------------------x
 5
 5                                         New York, N.Y.
 6                                         October 28, 2010
 6                                         11:00 a.m.
 7   Before:
 7
 8            HON. FRANK MAAS
 8
 9                                         Magistrate Judge
 9
10
10
11            APPEARANCES
11
12
12
13   COZEN O'CONNOR
13        Attorneys for plaintiff Federal Insurance
14   BY:  SEAN P. CARTER
14
15
15   KREINDLER & KREINDLER
16        Attorneys for Ashton plaintiffs
16   BY:  ANDREW J. MALONEY, III
17
17
18   MOTLEY RICE LLC
18        Attorneys for Burnett plaintiffs
19   BY:  ROBERT T. HAEFELE
19
20
20   HANLY CONROY BIERSTEIN SHERIDAN FISHER HAYES LLP
21        Attorneys for Burnett and Euro Brokers plaintiffs
21   BY:  ANDREA BIERSTEIN
22
22
23   ANDERSON KILL & OLICK, P.C.
23        Attorneys for O'Neill plaintiffs
24   BY:  JERRY S. GOLDMAN
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
     0asrterc
1    specific.
2             MR. CARTER:  That's fine.  Thank you, your Honor.
3             MR. HAEFELE:  Your Honor, you had set three dates, and
4    I think we moved the January 14th date.  Did you want to keep
5    the February 8th date?
6             THE COURT:  I thought about pushing that back a
7    little.  I may be out of town the following week.  The 11th is
8    a holiday.  Why don't we leave it for now and see what happens
9    as we go along.
10            Is there anything else that we ought to take up other
11   than the Al Haramain motion?
12            MR. CARTER:  No, your Honor.
13            THE COURT:  Having read through the papers regarding
14   the Al Haramain U.S. entity's duty to produce documents within
15   the files of the Saudi Arabian entity, it seems to me that the
16   only real showing that was made of the practical ability of the
17   U.S. entity to obtain documents, as opposed to money, from the
18   Saudi entity was a request for certain Islamic literature,
19   which, it seems to me, was not indicative of its ability to
20   secure financial and other records from the Saudi Arabian
21   entity.
22            To the extent that the motion is predicated on the
23   theory that the U.S. entity had control in some sense of those
24   documents, I reject that claim.
25            On the other hand, to the extent that the argument is
```

                                                                    17
         0asrterc
    1    that the U.S. and Saudi entities are alter egos of one
    2    another -- it seems to me that that is correct based on each of
    3    the factors that was discussed during oral argument -- it seems
    4    to me that essentially the Saudi entity controlled in many
    5    respects the U.S. entity and that the two were
    6    indistinguishable from one another, which gives rise to a duty
    7    to produce.
    8            Turning to the specific discovery requests, there are
    9    document requests and there are interrogatories, none of which
   10    were discussed when the motion was orally argued but which
   11    certainly are fully briefed in the letter submissions that were
   12    made to me.
   13            As to the interrogatories, I agree with the defendants
   14    that they violated the prior arrangements concerning the number
   15    of acceptable interrogatories and did so without prior
   16    permission of the Court.  So as to interrogatories, I'm going
   17    to sustain the objection and not compel further answers.
   18            On the other hand, as to the document requests, it
   19    seems to me essentially what I was given was only boilerplate
   20    assertions of burdensomeness.  To the extent that the
   21    objections were on that ground, I'm going to overrule those
   22    objections.  I am therefore going to direct the U.S. foundation
   23    to produce the documents requested by the plaintiffs which are
   24    in its possession, custody, or control.  And notwithstanding
   25    the complications that were outlined in the defendants' papers,
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300

                                                                        18
          0asrterc
 1   I'm going to make the same direction as to the Saudi
 2   foundation.
 3            I agree with the plaintiffs that there has been no
 4   adequate showing that the Saudi entity has sought to obtain the
 5   documents but cannot.  There was an affidavit or declaration
 6   from Mr. Nelson and also from the second individual, Mr.
 7   al-Buti.  But the two of them together, it seems to me, does
 8   not amount to an adequate showing that the Saudi foundation,
 9   even in the circumstance that persists today, necessarily
10   cannot obtain documents.
11            Having directed both the U.S. and the Saudi entities
12   to produce documents, I recognize that that may not open the
13   floodgates in terms of document production, and I intend to
14   leave for another day what the consequences of any
15   nonproduction by either of those two defendants will be.
16            That is my ruling with respect to the letter
17   application concerning Al Haramain.  Any questions?
18            Anything further we ought to take up today?
19            MR. CARTER:  I don't think so, your Honor.
20            THE COURT:  Good.  Thank you for coming in.
21            (Adjourned)
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300