# EXHIBIT 25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE TERRORIST ATTACKS ON                              Civil Action No.
SEPTEMBER 11, 2001                                      03 MDL 1570 (RCC)
-----------------------------------------------------------x

**This document relates to:**

*Thomas E. Burnett, Sr., et al. v. Al Baraka Investment and Development Corp., et al.*
03 CV 9849 (RCC)

## DEFENDANT SAUDI BINLADIN GROUP, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF JURISDICTIONAL INTERROGATORIES

Pursuant to Magistrate Judge Maas' January 23, 2007 Order ("Judge Maas' Order"), Defendant Saudi Binladin Group, Inc. ("SBG"), by and through its undersigned counsel, hereby provides the following supplemental objections and responses to certain of Plaintiffs' First Set of Jurisdictional Interrogatories ("Plaintiffs' Interrogatories"). These supplemental responses and objections are based upon information available through reasonable investigation of sources most likely to contain relevant information. SBG hereby incorporates by reference all General Objections and Responses made in its Responses and Objections to Plaintiffs First Set of Jurisdictional Interrogatories as if repeated fully herein.

Interrogatory No. 4: Identify any business entity not domiciled in the United States ("Non-American Entity") in which SBG has or had any ownership interest, either directly or indirectly, that has done or currently is doing the following: distributes products or provides services in the United States; distributes products manufactured and/or designed in the United States; solicits business in the United States; maintains an office in the United States; maintains a bank account in the United States; advertises products or services in any manner within the United States; has or had contracts with companies in the United States for the purchase and/or sale of merchandise and/or services; maintains a registered agent in the United States; and/or otherwise transacts business in the United States. Please describe SBG's ownership interest in the Non-American Entity, the date on which SBG acquired the interest, the nature of the aforementioned conduct that the Non-American Entity engages in, the dates of such conduct or activity by the Non-American Entity and the parties with whom the Non-American Entity engages in such conduct or activity.

magazine which, according to its website, is published in the United States but "has the largest circulation serving the international stone industry." Based on reasonable investigation, SBG has been unable to identify any other subsidiary or majority-owned and controlled affiliate domiciled outside the United States which, during the Relevant Time Period, sold products directly to any customer in the United States or advertised in a publication that was published in the United States.

Interrogatory No. 11: From the period beginning January 1990 through the present, please state whether SBG, through its agents and/or instrumentalities, traveled to the United States for any purpose. If the answer is yes, then please specify the location(s) within the United States to which SBG traveled, the frequency and dates of such visit(s) to the United States, the purpose of such visit(s) to the United States and who, if anyone, accompanied SBG on such visit(s).

Objections: SBG objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is outside the scope of the Court's January 18, 2005 Order and Judge Maas' Order, and is not relevant to the Court's jurisdiction, or lack thereof, over SBG. Travel by employees is not a sufficient contact to establish the continuous and substantial business presence required for the assertion of general jurisdiction against a foreign corporation. SBG further objects on the grounds that the demand for travel by a corporation "through its agents and/or instrumentalities" is vague, ambiguous, overly broad and incapable of response. SBG further objects to this interrogatory as overly broad with respect to time period and to the extent it seeks information regarding trips "for any purpose." Finally, SBG objects on the grounds that it is unduly burdensome to review travel records, many of which are in Arabic, for a significant number of employees to determine whether any of them ever traveled to the United States and the purpose and details of such travel.

Supplemental Response: Subject to and without waiving the foregoing objections or the General Objections, SBG states, based on reasonable investigation, that it has identified the

magazine which, according to its website, is published in the United States but "has the largest circulation serving the international stone industry." Based on reasonable investigation, SBG has been unable to identify any other subsidiary or majority-owned and controlled affiliate domiciled outside the United States which, during the Relevant Time Period, sold products directly to any customer in the United States or advertised in a publication that was published in the United States.

Interrogatory No. 11: From the period beginning January 1990 through the present, please state whether SBG, through its agents and/or instrumentalities, traveled to the United States for any purpose. If the answer is yes, then please specify the location(s) within the United States to which SBG traveled, the frequency and dates of such visit(s) to the United States, the purpose of such visit(s) to the United States and who, if anyone, accompanied SBG on such visit(s).

Objections: SBG objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information which is outside the scope of the Court's January 18, 2005 Order and Judge Maas' Order, and is not relevant to the Court's jurisdiction, or lack thereof, over SBG. Travel by employees is not a sufficient contact to establish the continuous and substantial business presence required for the assertion of general jurisdiction against a foreign corporation. SBG further objects on the grounds that the demand for travel by a corporation "through its agents and/or instrumentalities" is vague, ambiguous, overly broad and incapable of response. SBG further objects to this interrogatory as overly broad with respect to time period and to the extent it seeks information regarding trips "for any purpose." Finally, SBG objects on the grounds that it is unduly burdensome to review travel records, many of which are in Arabic, for a significant number of employees to determine whether any of them ever traveled to the United States and the purpose and details of such travel.

Supplemental Response: Subject to and without waiving the foregoing objections or the General Objections, SBG states, based on reasonable investigation, that it has identified the

following SBG employees who, during the Relevant Time Period, traveled to the United States on behalf of SBG:

|    | Name | Dates of Travel | Destination | Purpose |
|----|------|-----------------|-------------|---------|
| 1. | Fahd Rustom (possibly accompanied by Amr Abdel Bary) | Oct. 14–22, 1999 | Greensboro, NC | Attend High Point furniture fair; stopover in New York |
| 2. | Mohammed Abuzaid <br> Hesham Bendari | Approximately Nov. 7–12, 1999 | Chicago, IL | Attend "Computers for Contractors '99" conference |
| 3. | Issam Barghooti | 5–7 day trip in or about 1999 (precise dates not available) | Boston, MA | Attend meeting with Bose Corporation engineers regarding sound system for Haram Grand Mosque in Mecca |
| 4. | Fahd Rustom <br> Amr Abdel Bary | Apr. 6–12, 2000 | Greensboro, NC | Attend High Point furniture fair |
| 5. | Bashar Al-Sibai | June 3–10, 2000 | Chicago, IL | Attend seminar at invitation of Caterpillar S.A.R.L. |
| 6. | Issam Barghooti | 5–7 day trip in or about 2000 (precise dates not available) | Boston, MA | Attend meeting with Bose Corporation engineers regarding sound system for Haram Grand Mosque in Mecca |
| 7. | Abdullah Awad Binladin | Approximately Feb. 24 –Mar. 6, 2001 | Orlando, FL and San Diego, CA | Attend InfoSec World and Geospatial Information and Technology Association (GITA) conferences |
| 8. | Yasser Bakr | Apr. 16–22, 2001 | Greensboro, NC | Attend High Point furniture fair; purchase furniture |
| 9. | Hesham Bendari | Aug. 2001 (precise dates not available) | Los Angeles, CA | Meeting with JD Edwards regarding software services for SBG Public Buildings & Airports Division |

SBG further states that Fuad Rihani, a U.S. citizen, currently works for SBG as a Consultant/Advisor for Research and Development in Jeddah, Saudi Arabia, but maintains a second residence in the United States. Prior to becoming a Consultant/Advisor in 1997, Dr. Rihani held a variety of positions for SBG from 1989 to 1997, and for Mohammed Binladin Company and its predecessors in the 1960's and again from 1978 till 1989. At all times, including during the Relevant Time Period, Dr. Rihani's sole SBG office and his residence for

tax purposes were in Jeddah, Saudi Arabia. For personal reasons relating to family, health and the increasingly difficult security environment for U.S. citizens, Dr. Rihani began in 1997 to spend portions of the year telecommuting from his second home which, at various times during the Relevant Time Period, was either in Alexandria, Virginia or in Hickory, North Carolina. SBG did not request or require that Dr. Rihani work from his second home in the United States, but allowed him to do so periodically at his request and for his convenience because of his long-standing relationship with the company. When working from his second home in the United States, Dr. Rihani performed substantially the same types of work as he did from his office in Jeddah, Saudi Arabia, which focused exclusively on construction projects in Saudi Arabia and the Middle East. Dr. Rihani from time to time traveled to meetings and conferences within the United States in connection with his role as a Consultant/Advisor to SBG. The chart below lists Dr. Rihani's travel as an SBG Consultant/Advisor in the United States during the Relevant Time Period.

|    | Dates of Travel | Destination | Purpose |
|----|---|---|---|
| 1. | Sept. 26, 1999–Oct. 1, 1999 | Washington, DC area | Attend the annual meeting of the U.S.-Saudi Arabian Business Council and a seminar on toll roads. |
| 2. | Mar. 9–12, 2000 | Washington, DC | Attend reception and conference with a Saudi delegation at the Saudi Embassy, at the invitation of the U.S.-Saudi Arabian Business Council. |
| 3. | Mar. 21–23, 2000 | Atlanta, GA | Deliver books and architectural models of the two holy mosques in Mecca and Medina as a gift to the Carter Center from Bakr Binladin; brief meeting with President Carter and his family. |
| 4. | Aug. 27–31, 2000 | Atlanta, GA | Attend American Management Association seminar on strategic planning. |
| 5. | Sept. 3–9, 2000 | New York, NY | Accompany Bakr Binladin and Saudi delegation to meetings and events associated with the Millennium Summit of the United Nations. |
| 6. | Sept. 10–14, 2000 | Savannah, GA | Attend annual meeting of the |

| | Dates of Travel | Destination | Purpose |
|---|---|---|---|
| | | | International Road Federation |
| 7. | May 20–24, 2001 | Boston, MA and New York, NY | Meeting with potential consultant (Owner Managed Business Institute ("OMBI")); courtesy visit with Turner Construction International, a contractor working with SBG on a major construction project in Saudi Arabia. Accompanied by Dr. Khemakhem, an advisor to SBG. |
| 8. | July 26, 2001–Aug. 2, 2001 | Minneapolis, MN | Attend annual meeting of the World Future Society |
| 9. | Aug. 5–7, 2001 | Miami, FL | Informational meeting with University of Miami representatives regarding the university's program on coastal zone management and the protection of coral reefs |
| 10. | Nov. 26–29, 2001 | San Francisco, CA | Meeting with T.Y. Lin International regarding its evaluation of German consultant's feasibility study for shading and lighting project at the Royal Haram El Shareef mosque in Mecca. |
| 11. | Mar. 17–22, 2002 | Las Vegas, NV | Attend annual meeting of the International Road Federation |
| 12. | Apr. 25-26, 2002 | Buffalo, NY | Meeting with Birdair Inc. to evaluate its qualifications as a potential supplier of membrane structures for the Royal Haram El Shareef mosque in Mecca. |

SBG further states that Bakr Binladin, the Chairman of SBG, traveled to the United States in September 2000 as a member of an official Saudi delegation to the Millennium Summit of the United Nations, which was held in conjunction with the opening ceremonies for the United Nations General Assembly. Bakr Binladin was accompanied in New York by Dr. Rihani, as noted in the chart above, but the trip was not directly related to any SBG business.

Interrogatory No. 12: State whether SBG has ever instituted an action against any other person, entity or corporation, or been named as a defendant in any action, in the United States, either in State court or Federal court, within the past ten years, and, if so, for each action, state:
    a.    the title;
    b.    case number;
    c.    name of the court in which the action was instituted;
    d.    the nature of the claim(s) sued upon;
    e.    whether the court determined that the court had jurisdiction over SBG as a defendant; and
    f.    disposition of the matter.

of the organization at issue, as described further in response to Interrogatory 14 and incorporated by reference here. SBG further objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it fails to identify in Attachment B specific chapters for which it is seeking information.

Supplemental Response:   Subject to and without waiving the foregoing objections or the General Objections, SBG refers plaintiffs to its supplemental response to Interrogatory No. 14. Consistent with Judge Maas' Order, no further response is required of SBG.

DATED:   March 16, 2007

_____
Stephen J. Brogan
Mary Ellen Powers
James E. Gauch
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

Geoffrey S. Stewart (GS-5413)
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Tel: (212) 326-3939
Fax: (212) 755-7306

## CERTIFICATE OF SERVICE

     I hereby certify that on March 16, 2007, I caused a copy of Defendant Saudi Binladin Group, Inc.'s Supplemental Responses and Objections to Plaintiffs' First Set of Jurisdictional Interrogatories in the above-referenced matter to be served by electronic mail upon all counsel of record and by Federal Express upon counsel for the *Burnett* Plaintiffs.

Date:   March 16, 2007

                                                                     James E. Gauch

WAI-2812177v3