# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In Re* Terrorist Attacks on September 11, 2001 | ) <br> ) No. 03 MDL 1570 (GBD/FM) <br> )     ECF Case <br> ) |

This document relates to:

    Ashton, *et al.* v. Al Qaeda Islamic Army, *et al.*,
        Case No. 02-CV-6977;
    Burnett, *et al.* v. Al Baraka Investment & Development Corp., *et al.*,
        Case No. 03-CV-5738;
    Continental Casualty Co., *et al.* v. Al Qaeda Islamic Army, *et al.*,
        Case No. 04-CV-05970;
    Euro Brokers, Inc., *et al.* v. Al Baraka Investment and Development Corp., *et al.*,
        Case No. 04-CV-07279;
    Federal Insurance Co., *et al.* v. Al Qaida, *et al.*,
        Case No. 03-CV-6978; and
    World Trade Center Properties LLC, *et al.* v. Al Baraka Investment and
        Development Corp., *et al.*, Case No. 04-CV-07280.

**Memorandum of Law in Support of**
**<u>Defendant Perouz Sedaghaty's Motion to Stay</u>**

Defendant Perouz Sedaghaty respectfully submits his motion to stay pending resolution of the parallel criminal prosecution in the U.S. District Court for the District of Oregon. As set forth below, this Court should stay this case as to Mr. Sedaghaty, because he is facing an appeal of a conviction, or a new trial, in a criminal case involving the same events and transactions underlying the civil proceeding before this Court, so that his Fifth Amendment privilege against self-incrimination would be violated by allowing civil discovery to go forward.

I. **Procedural and Factual Background.**

   A. **The Pending Criminal Case.**

Mr. Sedaghaty and the Al Haramain Islamic Foundation, Inc. (USA) ("AHIF-USA") were indicted by a grand jury in the U.S. District Court for the District of Oregon in 2005. See United States v. Al Haramain Islamic Foundation, Inc., *et al.*, No. 6:05-cr-60008-HO (D. Or.). The indictment charged Mr. Sedaghaty with two counts relating to a transaction that the government alleged involved support for rebels in Chechnya, and that Mr. Sedaghaty claims was part of a Saudi government charitable relief project in Chechnya. Mr. Sedaghaty was never charged with providing support for terrorism, and was instead charged with conspiracy to defraud the government through reporting this transaction as a charitable donation, and for filing a false tax return that allegedly misrepresented the cost basis for property in Springfield, Missouri, in order to conceal the Chechnya transaction. Id., Indictment (Doc. No. 1) (Feb. 17, 2005). The government dismissed the indictment as to AHIF-USA on September 8, 2005. Id., Minute Order (Doc. No. 19) (Sept. 8, 2005). Mr. Sedaghaty voluntarily surrendered to the government, and the criminal trial commenced on August 30, 2010, resulting in a jury verdict in the government's favor on both counts. Id., Jury Verdict (Doc. No. 466) (Sept. 9, 2010).

In advance of sentencing, Mr. Sedaghaty moved for a new trial on several grounds, and

recently filed a supplemental motion for a new trial based on the government's failure to disclose that the government's key fact witness was paid a substantial incentive fee for her testimony. Id., Def. Supp. to Mot. for New Trial (Doc. No. 517) (Jan. 12, 2011).  Mr. Sedaghaty also filed a motion for immediate release, which was granted.  Id., Order (Doc. No. 525) (Jan. 19, 2011). The Court scheduled further briefing on double jeopardy issues.  Id., Order (Doc. No. 526) (Jan. 19, 2011).  If the motion for a new trial is denied, Mr. Sedaghaty's counsel in the criminal case intend to appeal to the U.S. Court of Appeals for the Ninth Circuit, and will seek an expedited briefing schedule.[1]  Alternatively, if the motion for a new trial is granted, his counsel will proceed promptly with the new trial, unless the government dismisses the indictment.

### B.    Discovery in the Civil Cases in This Court.

Plaintiffs in this Court have similarly alleged that Mr. Sedaghaty and AHIF-USA accepted certain donations and took steps to conceal their use, in order to provide support to terrorists in Chechnya, and have further alleged that these acts somehow led to the 9/11 attacks. See, e.g., Ashton Sixth Am. Compl., at ¶¶ 363-365; Burnett Third Am. Compl., at ¶¶ 172-174; Continental Casualty Second Am. Compl., at ¶¶ 511-513 & More Def. St., § U; Euro Brokers Compl., at ¶¶ 65, 69; Fed. Ins. First Am. Compl., at ¶ 177; World Trade Center Compl., at ¶¶ 294, 309-311.

The plaintiffs have sought extensive discovery from Mr. Sedaghaty into the same acts and transactions underlying the pending criminal case:  (1) the charitable donation to AHIF-USA which defendants stated was to be used for humanitarian relief in Chechnya and the government and plaintiffs both allege was to be used for supporting terrorists, see Pls. Doc. Req. Nos. 33-41 (Dec. 10, 2010) (attached and incorporated hereto as Exhibit A); (2) the management, control

---

[1] Mr. Sedaghaty is represented by court-appointed counsel in the criminal case.  Undersigned counsel do not represent him in that case.

and distribution of AHIF-USA's funds, including those intended for Chechnya, id., Nos. 9-10; (3) AHIF-USA's bank accounts and financial transactions, id., Nos. 11-18, 20-22; (4) AHIF-USA's financial records, tax filings, and audits, id., Nos. 49-51; (5) AHIF-USA's funding of projects, id., Nos. 52-58, 60; and (6) the property in Springfield, Missouri. Id., Nos. 70-76. Thus, the majority of plaintiffs' document requests relate to the exact same events underlying the pending criminal case. Most of the remaining document requests relate to the general operations of AHIF-USA, which also directly implicate the pending criminal case.

## II. Standard of Review.

"It is well-settled that a court has the discretionary authority to stay a case if the interests of justice so require." Trustees of the Plumbers & Pipefitters Natl. Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) (collecting cases); accord Volmar Distributors, Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (collecting cases). The rationales for granting a stay in a civil case when there is a pending criminal proceeding involving the same defendant are that "the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." Trustees, 886 F. Supp. at 1138; accord In re Par Pharmaceutical, Inc. Sec. Litig., 133 F.R.D. 12, 13 (S.D.N.Y. 1990).

As another judge in this district recognized, "the weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." In re Par Pharmaceutical, 133 F.R.D. at 13 (collecting cases). Hence, "the strongest case for granting a stay is where the party under criminal indictment is required to defend a civil proceeding involving the same matter." Volmar Distributors, 152 F.R.D at 39.

3

### III.     Legal Argument.

This Court should stay this case as to Mr. Sedaghaty, because he has shown that he has satisfied all the criteria that the courts in this Circuit consider in ruling upon a motion to stay pending resolution of a parallel criminal proceeding.  Judge Chin set forth six factors that are to be balanced in this analysis, recognizing that the need to protect the defendant's Fifth Amendment rights is the paramount consideration:

> There are numerous factors that should be considered in determining whether a stay is warranted, including:  1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Trustees, 886 F. Supp. at 1139 (citations omitted); accord Volmar Distributors, 152 F.R.D. at 39 (identifying similar factors); Hon. Milton Pollack, "Parallel Civil and Criminal Proceedings," 129 F.R.D. 201, 203-05 (1989) (hereinafter "Parallel Proceedings") (same).

### A.     Mr. Sedaghaty's Criminal Case Overlaps with the Issues in This Court.

The most important factor in determining whether to grant a motion to stay is whether the issues in the civil case overlap with the criminal case.  See Trustees, 886 F. Supp. at 1139 ("The first question to be resolved is the extent to which the issues in the criminal case overlap with those present in the civil case, since self-incrimination is more likely if there is a significant overlap."); see also Securities & Exchange Comm'n v. Boock, No. 09 Civ. 8261(DLC), 2010 WL 2398918, at * 2 (S.D.N.Y. June 15, 2010) ("There is a sufficient similarity in the civil and criminal cases to create a serious risk of prejudice to the two defendants."); Corcoran Law Group, LLC v. Posner, No. 09 Civ. 1861 (WHP), 2009 WL 1739702, at *1 (S.D.N.Y. June 10, 2009) ("Rather, the two actions clearly arise from the same underlying events.  Accordingly, this

4

factor weighs in favor of a stay."); Johnson v. N.Y. City Police Dept., No. 01 Civ. 6570 (RCC)(JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter."); Parallel Proceedings, 129 F.R.D. at 203 ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.").

The reason for analyzing the overlap in issues is that if overlap exists, then the defendant may have to assert the Fifth Amendment in response to written discovery requests and deposition questions in the civil case. Otherwise, civil discovery would violate the defendant's constitutional right against self-incrimination in the criminal proceedings, as information obtained from the defendant in the civil case could be improperly used in the criminal proceeding. See also United States v. Hubbell, 530 U.S. 27, 37 (2000) ("It has, however, long been settled that [the Fifth Amendment's] protection encompasses compelled statements that lead to the discovery of incriminating evidence even though the statements themselves are not incriminating and are not introduced into evidence."); id. at 42 ("It is abundantly clear that the testimonial aspect of respondent's act of producing subpoenaed documents was the first step in a chain of evidence that led to this prosecution"); *In re* Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992, 1 F.3d 87, 93 (2d Cir. 1993) ("the act of producing [documents] in response to a subpoena may require incriminating testimony in two situations: (1) if the existence and location of the subpoenaed papers are unknown to the government; or (2) where production would implicitly authenticate the documents"). Hence, staying discovery "until after criminal proceedings are complete will enable [defendant] to defend the civil case vigorously without fear of subsequent prosecution." Brock v. Tolkow, 109 F.R.D. 116, 120 (E.D.N.Y. 1985).

Here, the issues in Mr. Sedaghaty's criminal case extensively overlap with the issues

5

before this Court.  Although Mr. Sedaghaty was <u>not</u> charged with supporting terrorism in the criminal case, the criminal case is predicated upon AHIF-USA's use of a charitable donation, which the government alleges was actually intended to support terrorists in Chechnya, and the government charged Mr. Sedaghaty with conspiring to conceal that transaction from the government, and with filing a false tax return in an attempt to conceal that transaction, including through improperly representing the cost basis for property located in Springfield, Missouri.  <u>See</u> Part I.A, *supra*.  Plaintiffs in this Court have similarly alleged that Mr. Sedaghaty and AHIF-USA accepted these same funds and took steps to conceal their use, in order to provide support to terrorists in Chechnya, and that this support, in some inexplicable manner, led to the 9/11 attacks.  <u>See</u> Part I.B, *supra*.  Plaintiffs have similarly sought discovery from Mr. Sedaghaty into the <u>same</u> transactions and events underlying the pending indictment.  <u>Id.</u>

Moreover, the government used some of the same "expert witnesses" in the prosecution that plaintiffs have used in this Court – Evan Kohlmann testified at the trial about Internet websites and historical facts about terrorism, and the information disclosed by the prosecutors to Mr. Sedaghaty's criminal defense counsel included documents received by the government directly from Jean Brisard, who is plaintiffs' investigator in the MDL-1570 litigation.

This almost complete overlap of issues between Mr. Sedaghaty's criminal and civil cases "reveals that the wrongful conduct alleged in both cases is the same," so that "this factor weighs in favor of granting a stay."  <u>Trustees</u>, 886 F. Supp. at 1139.

### B. The Status of Mr. Sedaghaty's Criminal Case Favors a Stay.

The second factor is whether the parallel criminal case is sufficiently far advanced so that it is likely to proceed (or will proceed) with a trial.  "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct."  <u>Trustees</u>, 886 F.

6

Supp. at 1139; accord Johnson, 2003 WL 21664882, at *2 ("The existence of an indictment generally favors the granting of a stay in a related civil proceeding."); Volmar Distributors, 152 F.R.D. at 39 ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter."); Parallel Proceedings, 129 F.R.D. at 203 ("The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned.").

Here, Mr. Sedaghaty has been indicted, and has been through a trial, which will result in either the granting of his motion for a new trial, or an immediate appeal as to the conviction, which may also lead to a new trial. The prospect of a new trial militates strongly in favor of granting the stay pending resolution of the criminal proceedings, as any information obtained in discovery in the civil case in this Court could be improperly used by the government in the criminal case, in violation of Mr. Sedaghaty's right against self-incrimination.

### C. The Private and Public Interests Favor a Stay.

The remaining factors – a balancing of the private and public interests – also weigh strongly in favor of staying this proceeding as to Mr. Sedaghaty. A stay is warranted if the interests of both the defendant and the public in preserving the constitutional right against self-incrimination outweigh those of plaintiffs in obtaining discovery in a civil case. Trustees, 886 F. Supp. at 1140-41; Volmar Distributors, 152 F.R.D. at 39-40.

Hence, the courts in this district have held that the plaintiffs' interests in obtaining discovery or resolving their claims "are trumped by defendants' interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case." Trustees, 886 F. Supp. at 1140; accord Volmar Distributors, 152 F.R.D. at 39 ("Proceeding with discovery would force these defendants into the uncomfortable position of

7

having to choose between waiving their Fifth Amendment privilege or effectively forfeiting the civil suit."). Hence, any "inconvenience and delay to plaintiffs . . . [is] outweighed by the defendants' significant Fifth Amendment concerns." Trustees, 886 F. Supp. at 1140-41; accord Volmar, 152 F.R.D. at 40 ("The Court appreciates that this stay will result in inconvenience and delay to plaintiffs. But under settled authority the Fifth Amendment is the more important consideration") (collecting cases); Dienstag v. Bronsen, 49 F.R.D. 327, 329 (S.D.N.Y. 1970) ("protection of defendants' constitutional rights against self-incrimination is the more important consideration") (collecting cases). As Judge Lynch explained:

> When a defendant has been indicted, his situation is particularly dangerous, and takes a certain priority, for the risk to his liberty, **the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest**. Moreover, if the potential prejudice to the defendant is particularly high post-indictment, the prejudice to the plaintiff of staying proceedings is somewhat reduced, since the criminal litigation has reached a crisis that will lead to a reasonably speedy resolution.

Sterling Natl. Bank v. A-1 Hotels Intl., Inc., 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) (emphasis added).

The public interest is best served through a criminal prosecution, not private litigation, since the government as the prosecutor represents the public interest, unlike private plaintiffs. This is particularly the case where, as here, there are overlapping issues. Trustees, 886 F. Supp. at 1140 ("the criminal prosecution will serve to advance the public interests at stake"); Volmar, 152 F.R.D. at 40 ("However, the pending criminal prosecution serves to advance those same interests."); Brock, 109 F.R.D. at 121 ("a criminal prosecution serves to enforce these same interests").

Hence, the courts in this district have not hesitated to grant a stay in a civil case where, as here, the issues overlap with those in a pending criminal case, and the defendant would be

8

improperly forced to choose between waiving his Fifth Amendment rights in the criminal proceeding through responding to discovery in the civil case, or forfeiting his right to defend himself in the civil case.  Boock, 2010 WL 2398918, at *2 (granting motion to stay); Corcoran Law Group, 2009 WL 1739702, at *2 (same); Johnson, 2003 WL 21664882, at *2 (same) Trustees, 886 F. Supp. at 1141 (same); Volmar Distributors, 152 F.R.D. at 40-42 (same); Clark v. United States, 481 F. Supp. 1086, 1100 (S.D.N.Y. 1979) (same); Dienstag, 49 F.R.D. at 329 (same).  This Court should similarly grant a stay as to Mr. Sedaghaty.

**IV.     Conclusion.**

This Court should stay this case as to Mr. Sedaghaty – including any attempt by plaintiffs to obtain discovery about AHIF-USA from him – since (1) there is almost complete overlap between the issues in the pending criminal prosecution and the civil cases in this Court; (2) the criminal prosecution is at an advanced stage, with the prospect of a new trial; and (3) the interests of the public and Mr. Sedaghaty in preserving a defendant's right to avoid self-incrimination through discovery in a civil proceeding substantially outweigh the plaintiffs' interests in obtaining civil discovery.

    Respectfully submitted,

    /s/ Lynne Bernabei

    _____
    Lynne Bernabei     D.C. Bar No. 938936
    Alan R. Kabat      D.C. Bar No. 464258
    Bernabei & Wachtel, PLLC
    1775 T Street, N.W.
    Washington, D.C. 20009
    tel. (202) 745-1942
    fax (202) 745-2627
    Attorneys for Perouz Sedaghaty

DATED:  January 21, 2011

## CERTIFICATE OF SERVICE

      I hereby certify that on January 21, 2011, I caused the foregoing Memorandum of Law in Support of Motion to Stay to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

                                                  /s/ Alan R. Kabat
                                                  _____
                                                  Alan R. Kabat