**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) No. 03 MDL 1570 (GBD/FM) <br> )      ECF Case <br> ) |

This document relates to:

> ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
>      Case No. 02-CV-6977;
> BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*,
>      Case No. 03-CV-5738;
> CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
>      Case No. 04-CV-05970;
> EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
>      Case No. 04-CV-07279;
> FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*,
>      Case No. 03-CV-6978; and
> WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND
>      DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

**DECLARATION OF ALAN R. KABAT IN SUPPORT OF**
**DEFENDANT PEROUZ SEDAGHATY'S MOTION TO STAY**

I am an attorney licensed to practice in the District of Columbia and am admitted *pro hac vice* in this matter. I am with the law firm of Bernabei & Wachtel, PLLC, counsel to defendant Perouz Sedaghaty. I submit this declaration to transmit to the Court the following document submitted in support of Mr. Sedaghaty's motion to stay (Jan. 21, 2011):

     1.      Exhibit 1 to Mr. Sedaghaty's motion is a copy of the Plaintiffs' First Set of Requests for Production of Documents Directed to Perouz Sedaghaty (Dec. 10, 2010).

     I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on January 21, 2011.

*Alan R. Kabat*
_____
ALAN R. KABAT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(FM)<br>ECF Case |

*This document relates to:*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ 6977
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03 Civ 9849
*Federal Insurance Co., et al. v. Al Qaida, et al.*, No. 03 Civ. 6978
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka., et al.*, No. 04 Civ. 1923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04 Civ. 5970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd, et al.*, No. 04 Civ. 7065
*Euro Brokers Inc., et al., v. Al Baraka, et al.*, No. 04 Civ. 7279
*WTC Properties LLC, et al. v. Al Baraka, et al.*, No. 04 Civ. 7280

# PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PEROUZ SEDAGHATY

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES
December 10, 2010

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO PEROUZ SEDAGHATY**

Plaintiffs in *Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ.

6977, *Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849,

*Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978, *Estate of John P.

O'Neill, Sr., et al. v. Al Baraka., et al.*, Case No. 04 Civ. 1923, *Continental Casualty Co., et al. v.

Al Qaeda, et al.*, Case No. 04 Civ. 5970, *Cantor Fitzgerald & Co., et al. v. Akida Bank Private

Ltd, et al.*, Case No. 04 Civ. 7065, *Euro Brokers Inc., et al., v. Al Baraka, et al.*, Case No. 04

Civ. 7279, and *WTC Properties LLC, et al. v. Al Baraka, et al.*, Case No. 04 Civ. 7280, propound

and serve on Perouz Sedaghaty (hereinafter "Defendant" or "Sedaghaty"), the following

Requests for Production of Documents to be answered fully and under oath, pursuant to Rule 34

of the Federal Rules of Civil Procedure, within 30 days of their receipt.

## INSTRUCTIONS

1.      In producing documents and other things, Defendant is requested to furnish all

documents or things in his possession, custody or control, regardless of whether such documents

or things are possessed directly by Defendant or by Defendant's employees, agents, attorneys,

accountants, auditors, investigators, or other representatives.

2.      Documents are to be produced in full; redacted documents will not constitute

compliance with this request.  If any requested document or thing cannot be produced in full,

Defendant is requested to produce it to the extent possible, indicating which document or portion

of that document is being withheld and the reason that document is being withheld.

3.      In producing documents, Defendant is requested to produce the original of each

document requested together with all non-identical copies and drafts of that document.  If the

original of any document cannot be located, an identical copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.     Documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in this request. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by Defendant. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5.     Documents shall be produced in such fashion as to identify any organization, department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

6.     Documents attached to each other should not be separated.

7.     If any documents requested herein have been lost, discarded, destroyed or are otherwise no longer in Defendant's possession, custody or control, they shall be identified as completely as possible including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

8.     Documents shall be produced in such fashion as to identify which request(s) they are responsive to.

9.     Each of these requests shall be continuing. If at any time after production of these requests any information becomes available that calls for any supplement to a previous response,

provide such documents within a reasonable time period from the time when it becomes available.

10.     If Defendant asserts a privilege or other authorized protection from disclosure with respect to any document requested herein, Defendant is required to provide a privilege log containing the following as to each such document withheld:

a.     The type of document or information (e.g., letter, notebook, telephone conversation, etc.);

b.     The date of the document or transaction involving the information;

c.     The names of each author and any and all participants with respect to the information;

d.     The names of any and all signatories of the document, if any;

e.     The name of the document's current custodian;

f.     The present whereabouts of the document and/or the names of all persons with personal knowledge with respect to the information; and

g.     A statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld.

11.     For the purpose of these discovery requests, except to the extent specifically indicated in the "Definitions" section of this Set of Requests, the words used herein are considered to have, and should be understood to have, their ordinary, every day meaning and Plaintiffs refer Defendant to any collegiate dictionary such as *Webster's New World Dictionary,* Second College Edition by Prentice Hall Press.  In the event Defendant asserts that the wording which has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other boiler plate objections to avoid squarely addressing the specific discovery request,

Plaintiffs refer Defendant to *Webster's Dictionary* for the plain meaning of the terms defined herein.

12.     If you object to any request for production on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this action, you should state what you contend to be the proper scope of the request for production and respond in accordance with what you contend is the proper scope.

13.     Unless otherwise specified, the relevant scope of discovery will be for the time period from January 1, 1990 through the present.

14.     Unless otherwise specified, Sedaghaty's responses to Plaintiffs' First Set of Requests for Production of Documents Directed to Perouz Sedaghaty, including any production of documents by the defendant, shall be directed to the law offices of Motley Rice at 275 Seventh Ave., 2nd Floor, New York, NY 10001, c/o Robert T. Haefele, Esq.

## DEFINITIONS

1.     The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

2.     The term "Plaintiffs" shall refer to Plaintiffs in *Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977, *Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849, *Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978, *Estate of John P. O'Neill, Sr., et al. v. Al Baraka., et al.*, Case No. 04 Civ. 1923, *Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04 Civ. 5970, *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd, et al.*, Case No. 04 Civ. 7065, *Euro Brokers*

*Inc., et al., v. Al Baraka, et al.,* Case No. 04 Civ. 7279, and *WTC Properties LLC, et al. v. Al Baraka, et al.,* Case No. 04 Civ. 7280.

3.       The terms "Defendant," "You," "Your," and "Sedaghaty" shall refer to Perouz Sedaghaty (a/k/a Pete Seda; Pete Seda Ghaty; Perouz Seda Ghaty; Pirouz Sedaghaty; and Abu Yunus).

4.       The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.       The term "person" is defined as any natural person or any business, legal or government entity or association.

6.       The term "concerning" means relating to, referring to, describing, evidencing or constituting.

7.       The terms "all" and "each" shall be construed as all and each.

8.       The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.       The use of the singular form of any word includes the plural and vice versa.

10.       The term "Contribution" shall mean the giving, bestowing, granting, awarding, bequeathing, and/or providing of money, checks, services, logistical or administrative support, assets, rights, securities, real estate or any goods, tangible or intangible, including the giving of any "zakat."

11.     The terms "Kingdom of Saudi Arabia" or "KSA" shall mean the Kingdom of Saudi Arabia, including any agency, instrumentality, organ, political subdivision, official, or agent of the Kingdom of Saudi Arabia.

12.     The terms "Al Haramain-USA" or "AHIF-USA" shall mean all Al Haramain Islamic Foundation offices in the United States (a/k/a Al Haramain Islamic Foundation, Inc.; Al Haramain Islamic Foundation; Al Haramain Foundation; Al Haramain; and any predecessors and/or offices which are currently closed including the Qur'an Foundation), including without limitation, any officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Al Haramain-USA's behalf.

13.     The terms "Al Haramain-Saudi Arabia" or "AHIF-SA" shall mean Al Haramain Islamic Foundation–Saudi Arabia and all branch offices, including without limitation, any officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Al Haramain-Saudi Arabia's behalf.

14.     The terms "Islamic Center of Springfield, Missouri" or "ICSM" shall mean the Islamic Center of Springfield, Missouri located at 2151 East Division Street, Springfield, Missouri, including without limitation, any officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, religious leader, member of the congregation, or representative acting on the Islamic Center of Springfield, Missouri's behalf.

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PEROUZ SEDAGHATY

1.      Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and the Quran Foundation, including without limitation, all documents relating to all positions You held within the Quran Foundation.

**ANSWER:**

2.      Please provide all documents illustrating, describing or otherwise relating to the Quran Foundation's formation and organizational structure, the date of incorporation, the state of incorporation, the duration of the Quran Foundation's existence, any documents relating to the Quran Foundation's initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the Quran Foundation.

**ANSWER:**

3.      Please provide all documents relating to Your role in the organization, funding, oversight, supervision, management, and/or control over the Quran Foundation's operations, including without limitation, selection of committee/board members or other officers, internal and external auditing or due diligence, budgeting, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, and distribution of financial and non-monetary support to charitable designees.

**ANSWER:**

4.      Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the Quran Foundation, including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER:**

5.      Please provide all documents relating to the Quran Foundation's dissolution, including without limitation, all documents detailing, describing, or summarizing the disposition of the Quran Foundation's assets following dissolution.

**ANSWER:**

6.      Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and Al Haramain-USA ("AHIF-USA") and Al Haramain-Saudi Arabia ("AHIF-SA"), including without limitation, all documents relating to all positions you held or hold within AHIF-USA and AHIF-SA.

**ANSWER:**

7.      Please provide all documents relating to Your role in the organization, funding, oversight, supervision, management, and/or control over AHIF-USA's and/or AHIF-SA's operations, including without limitation, selection of committee/board members or other officers,

internal and external auditing or due diligence, budgeting, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, and distribution of financial and non-monetary support from AHIF-USA and AHIF-SA to charitable designees.

**ANSWER:**

8.    Please provide all documents relating to Your role in the oversight, supervision, management, and/or control over AHIF-USA's and AHIF-SA's various committees, including without limitation, the Continuous Charity Committee, African Committee, Asian Committee, Da'wah and Sponsorship Committee, Masjid Committee, Seasonal Projects Committee, Doctor's Committee, European Committee, Internet and the American Committee, the Domestic Committee, Zakaat Committee, and the Worldwide Revenue Promotion Committee.

**ANSWER:**

9.    Please provide all documents relating to Your supervision, management, control of, or distribution of any of AHIF-USA's and AHIF-SA's funds, including without limitation, all documents relating to Your duties and responsibilities to determine and/or make recommendations as to which charities, humanitarian organizations, individuals, or entities should receive financial and/or non-monetary support from AHIF-USA and AHIF-SA and the purpose for such disbursements.

**ANSWER:**

10.     Please provide all documents relating, in whole or in part, to Your involvement in the distribution of funds on behalf of AHIF-USA and AHIF-SA to conflicts regions in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER:**


11.     Please provide all documents relating to all accounts in United States banking institutions ("U.S. Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of You, any account for any entity in which You held any beneficial interest, and/or any account over which You had signatory authority or had any actual or potential beneficial interest.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You and the United States banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**

12.     Please provide all documents relating to all accounts in foreign banking institutions ("Foreign Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of You, any account for any entity in which You held any beneficial interest, and/or any account over which You had signatory authority or had any actual or potential beneficial interest.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You and the foreign banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**


13.     Please provide all documents relating to all U.S. and Foreign bank accounts established or held in the name of, on behalf of and/or for the benefit of the AHIF-USA and/or AHIF-SA (including Bank of America Account Nos. 2880311561 and 003473324381), including without limitation, any Al Haramain accounts over which you had signatory authority. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You, Al Haramain, and the U.S. or foreign banking institutions, documents detailing the establishment

of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**

14.    Please provide all documents relating to any investigation, inquiry, review, audit, or analysis conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi Arabian-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "KSA Investigator"), which references or addresses any of the accounts identified in, and/or in response to, Requests Nos. 11-13 above.

**ANSWER:**

15.     Please provide copies of all documents that have been seized by, or produced by You, AHIF-USA and/or AHIF-SA to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses any of the accounts identified in, and/or in response to, Requests Nos. 11-13 above.

**ANSWER:**

16.     Please provide all documents relating to any investigation, audit, analysis, examination, survey, or review of the accounts identified in, and/or in response to, Requests Nos. 11-13 above, conducted either by You, AHIF-USA, AHIF-SA, and/or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Such documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or the Saudi Arabian Monetary Agency ("SAMA").

**ANSWER:**

17.     Please provide all documents relating to any written or oral communication between or among You, AHIF-USA, AHIF-SA, the KSA and/or SAMA, which references or addresses any of the accounts identified in, and/or in response to, Requests Nos. 11-13 above. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**

18.     Please provide all documents relating to any business, employment, financial, charitable, religious, personal or other relationship between You and Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi.

**ANSWER:**

19.     Please provide all documents relating to the United States Treasury Department's investigation and designations of Aqeel Abdulaziz al Aqil and Soliman al Buthe as Specially Designated Global Terrorists ("SDGTs") under Executive Order 13224. Responsive documents shall include, but are not limited to, all documents identifying all accounts, assets, and monies that were seized and/or frozen following the designations.

**ANSWER:**

20.     Please provide all documents You sent to, and/or received from Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi, including without limitation, all documents relating to the transfer of funds between You and those individuals. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**

21.     Please provide all documents relating to any accounts in any banking or financial institution You currently hold, or have held, jointly with or on behalf of Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi, and/or any such accounts over which You currently hold, or have held, signatory authority.

**ANSWER:**

22.     Please provide all documents relating to any investigations or inquiries conducted by any United States Investigator, any Foreign Investigator, and any KSA Investigator into financial transactions linked to accounts You currently hold, or have held, jointly with or on behalf of Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi, including any such accounts over which You currently hold, or have held, signatory authority.

**ANSWER:**

23.     Please provide all documents relating to the resignations of Aqeel Abdulaziz al Aqil, Soliman al Buthe, and Mansour al Kadi from the AHIF-USA Board of Directors, including without limitation, all documents detailing, describing, or summarizing Your reasons and/or rationale for seeking their resignations.  Responsive documents shall include, but are not limited to, all documents relating to your travel to Saudi Arabia to request and obtain their resignations.

**ANSWER:**

24.     Please provide all documents relating to the United States Treasury Department's investigation and designation of AHIF-SA in its entirety under Executive Order 13224, including without limitation, the designation of AHIF-SA's branch offices in Bosnia-Herzegovina, Somalia, Indonesia, Kenya, Tanzania, Pakistan, Afghanistan, Albania, Bangladesh, Ethiopia, Netherlands, and the Union of Comoros, for providing "financial, material and logistical support to Usama bin Laden's (UBL's) al-Qaida network and other terrorist organizations." Responsive documents shall include, but are not limited to, all documents identifying all accounts, assets, and monies that were seized and/or frozen following the designations.

**ANSWER:**



25.     Please provide all documents relating to any investigation or inquiry undertaken by the Kingdom of Saudi Arabia concerning AHIF-USA's and/or AHIF-SA's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities, including without limitation, any investigation or inquiry undertaken by the Saudi intelligence agency, the Mahabith.

**ANSWER:**



26.     Please provide all documents relating to the more than forty (40) Al Haramain-affiliated individuals arrested as a result of investigations undertaken by the Kingdom of Saudi Arabia and the Mahabith.

**ANSWER:**

27.    Please provide all documents relating to the 2003 grand jury subpoena served upon AHIF-USA for books, records, and other information.  Responsive documents shall include, but are not limited to, copies of all documents and things that were produced to and/or seized by the U.S. Government in response to the subpoena.

**ANSWER:**

28.    Please provide all documents relating to the February 2004 raid of AHIF-USA's office(s) in Ashland, Oregon by U.S. authorities, or any investigation by any governmental authority relating to AHIF-USA and/or AHIF-SA.  Responsive documents shall include, but are not limited to, copies of all documents and things that were seized by the U.S. Government.

**ANSWER:**

29.    Please provide all documents relating to the United States Treasury Department's investigation and September 9, 2004 designation of AHIF-USA as a Specially Designated Global Terrorist entity under Executive Order 13224, for "direct links between the U.S. branch and Usama bin Laden."  Responsive documents shall include, but are not limited to, all documents identifying all accounts, assets, and monies that were seized and/or frozen following the designation.

**ANSWER:**

30.     Please provide all copies of any and all documents and things that have been seized by, or produced by AHIF-USA to, any United States Investigator, any Foreign Investigator, any KSA Investigator, and/or international bodies concerning AHIF-USA's and AHIF-SA's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER:**

31.     Please provide copies of all documents and things that were in Your possession and which were seized by, or produced by You to, the U.S. Government between September 11, 2001 and the present.

**ANSWER:**

32.     Please provide copies of any and all documents and things that have been seized by, or produced by You to, any United States Investigator, any Foreign Investigator, any KSA Investigator, and/or international bodies concerning Your alleged support for, or connections to, alleged terrorist or criminal organizations, groups, individuals, or activities.

**ANSWER:**

33.     Please provide all documents relating to the $150,000 wire transfer from Dr. Mahmoud T. El Fiki to You and/or AHIF-USA on or about February 24, 2000.  Responsive documents shall include, but are not limited to, all banking and financial records, wire transfer records, and all documentation showing the source(s) and destination(s) of the funds.

**ANSWER:**


34.     Please provide all documents relating to any written or oral communication between or among You, Dr. Mahmoud T. El Fiki, Aqeel Abdulaziz al Aqil, Soliman al Buthe, Mansour al Kadi, Abdul Qaadir Abdul Khaaliq, AHIF-USA, and/or AHIF-SA, which references or addresses the $150,000 wire transfer.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**


35.     Please provide all documents relating to any written or oral communication between or among You, Aqeel Abdulaziz al Aqil, Soliman al Buthe, Mansour al Kadi, Abdul Qaadir Abdul Khaaliq, AHIF-USA, and/or AHIF-SA, which references or addresses the conflict facing Muslims in Chechnya.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**

36.    Please provide all documents relating to any written or oral communication between or among You, Aqeel Abdulaziz al Aqil, Soliman al Buthe, Mansour al Kadi, Abdul Qaadir Abdul Khaaliq, AHIF-USA, and/or AHIF-SA, which references or addresses mujahideen fighters in Chechnya.    Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**

37.    Please provide all documents relating to the one hundred thirty (130) $1,000 American Express Travelers Checks and the $21,000 cashier's check obtained by You and Soliman al Buthe at the Bank of America in Ashland, Oregon.    Responsive documents shall include, but are not limited to, copies of each of the Travelers Checks and cashier's check, and any receipts relating to the transactions.

**ANSWER:**

38.    Please provide copies of the two agreements signed by You and Soliman al Buthe after obtaining the American Express Travelers Checks and the cashier's check from Bank of America, regarding the disposition of the monies.

**ANSWER:**

39.    Please provide all documents relating to any written or oral communications regarding the conflict in Chechnya, including without limitation, all communications addressing or referencing: (i) Your participation in translating Internet postings about attacks and other terrorist activities carried out by mujahideen fighters in Chechnya; (ii) Your expressed desire to fight alongside mujahideen fighters in Chechnya; (iii) the intention of mujahideen fighters to form an Islamic state in Chechnya; and (iv) AHIF-USA's and/or AHIF-SA's role in providing material support or resources to mujahideen fighters in Chechnya, including without limitation, the support of training camps in and/or around Chechnya, recruitment, training, transportation, lodging, the acquisition, trafficking, and/or smuggling of weapons and arms such as grenade launchers, sniper rifles, rockets, mortars, rifles, dynamite, bombs and other weapons, and the provision of boots, tents, and uniforms.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**


40.    Please provide all documents relating to any written or oral communications to and/or from mujahideen fighters and/or members of al Qaida regarding the conflict in Chechnya, including without limitation, all communications relating to battlefield updates and pro-mujahideen propaganda.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**

41.     Please provide all documents relating to Your indictment, trial, and conviction for conspiracy and tax fraud in the United States District Court for the District of Oregon for Your role in transmitting nearly $150,000 to mujahideen fighters in Chechnya.  Responsive documents shall include, but are not limited to, all pleadings, motions, memoranda, witness lists, exhibits, orders, opinions, and other submissions in *United States v. Pirouz Sedaghaty*, Case No. 05-CR-60008-HO.

**ANSWER:**

42.     Please provide all documents relating to Your travel outside of the United States following September 11, 2001, including without limitation, any and all trips to Saudi Arabia. Responsive documents shall include, but are not limited to, travel records, receipts, ticket stubs, and any documentation detailing, describing, or summarizing trip destinations, the dates of those trips, and the purpose of those trips.

**ANSWER:**

43.     Please provide all documents relating to any written or oral communication between or among You and Soliman al Buthe following September 11, 2001, including without limitation, any and all communications relating to: (i) trips to the Kingdom of Saudi Arabia; and (ii) Your legal representation in all civil and criminal proceedings in the United States.

**ANSWER:**

44.    Please provide all documents illustrating, describing or otherwise relating to AHIF-USA's formation and organizational structure, the date of incorporation, the state of incorporation, the duration of AHIF-USA's existence, any documents relating to AHIF-USA's initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of AHIF-USA.

**ANSWER:**

45.    Please provide all documents relating to the administration, governance, and long-term strategic decision-making of AHIF-USA, including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER:**

46.    Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of AHIF-USA.

**ANSWER:**

47.    Please provide all documents identifying each officer, director, trustee, board member, committee member, employee, and/or volunteer of AHIF-USA.  Responsive documents shall include, but are not limited to, their personnel files.

**ANSWER:**

48.    Please provide all documents relating to any and all meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of AHIF-USA, including without limitation, any agendas or meeting minutes.

**ANSWER:**

49.    Please provide all financial statements, balance sheets, income statements and annual reports for AHIF-USA.

**ANSWER:**

50.    Please provide all documents relating to all filings submitted to any local, state, or federal agency by AHIF-USA, including without limitation, the Internal Revenue Service or the Securities Exchange Commission.  Responsive documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning AHIF-USA's tax-exempt status.

**ANSWER:**

51.     Please provide all documents relating to any audit, analysis, examination, survey, or review of AHIF-USA's bank accounts, investments, assets, capital, and/or financial affairs, conducted either by employees of AHIF-USA, AHIF-SA, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Responsive documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or SAMA.

**ANSWER:**

52.     From the period beginning January 1, 1990 through September 11, 2001, please provide all documents identifying projects undertaken or financed by AHIF-USA.

**ANSWER:**

53.     From the period beginning January 1, 1990 through September 11, 2001, please provide all documents summarizing the funds allocated by AHIF-USA to projects undertaken or financed by AHIF-USA.

**ANSWER:**

54.     Please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by AHIF-USA. Responsive documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and

attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER:**

55.     Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by AHIF-USA by which charitable contributions are either made to and/or raised by AHIF-USA, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER:**

56.     Please provide all documents relating to the involvement of any official, trustee, committee, or board associated with AHIF's headquarters in Saudi Arabia in determining how funds collected by AHIF-USA should be allocated and/or in the distribution of funds.

**ANSWER:**

57.    Please provide all summaries of contributions received and/or disbursements made by AHIF-USA.

**ANSWER:**


58.    Please provide all information contained in any database maintained by AHIF-USA and/or AHIF-SA, identifying or relating to the sources of funds contributed to AHIF-USA, and/or the destination of funds distributed by AHIF-USA.

**ANSWER:**


59.    Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between AHIF-USA and AHIF-SA.  Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**


60.    Please provide all documents AHIF-USA sent to, and/or received from AHIF-SA, including without limitation, all documents relating to the transfer of funds between AHIF-USA and AHIF-SA.

**ANSWER:**

61.     Please provide all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of AHIF-SA to AHIF-USA.

**ANSWER:**


62.     Please provide all documents relating to any and all delegations, envoys, or representatives sent on behalf of AHIF-SA to AHIF-USA's offices in the United States. Responsive documents shall include, but are not limited to, all documents detailing, describing, or summarizing the identities of the AHIF-SA's delegations, envoys, or representatives, the dates of their visit(s), and the purpose for the visit(s).

**ANSWER:**


63.     Please provide all annual, semi-annual, periodic, and monthly reports submitted by AHIF-USA to AHIF headquarters in Saudi Arabia concerning its finances and operations, including without limitation, annual reports, balance sheets, financial statements, bank account summaries, and audits.    Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, reports, notes, emails, facsimiles or otherwise.

**ANSWER:**

64.     Please provide all documents relating to the role of any official, trustee, committee, or board associated with AHIF's headquarters in Saudi Arabia in the fundraising efforts of AHIF-USA.

**ANSWER:**


65.     Please provide all documents relating to any written or oral communications between AHIF-USA, AHIF-SA and/or the KSA regarding anti-terrorism policies, practices or procedures.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**


66.     Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by AHIF-USA concerning the acceptance and distribution of monetary donations, which were implemented and used, or are currently being used, to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER:**


67.     Please provide all documents in relating in any way to AHIF-USA and/or AHIF-SA meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER:**

68.     Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by AHIF-USA and/or AHIF-SA.

**ANSWER:**

69.     Please provide copies of all documents authored, published, or disseminated by You, AHIF-USA and/or AHIF-SA to Muslim prisoners.

**ANSWER:**

70.     Please provide all documents relating to AHIF-USA's purchase of the property located at 2151 East Division Street, Springfield, Missouri, including without limitation, all documents detailing, describing, or summarizing the source(s) and amount(s) of funds used to purchase the property.

**ANSWER:**

71.     Please provide all documents relating to any written or oral communication between or among You, Aqeel Abdulaziz al Aqil, Soliman al Buthe, Mansour al Kadi, AHIF-USA, and/or AHIF-SA, which references or addresses the property located at 2151 East Division Street, Springfield, Missouri.   Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**

72.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between or among You, AHIF-USA, AHIF-SA, and the Islamic Center of Springfield, Missouri ("ICSM") (located at 2151 East Division Street).

**ANSWER:**


73.     Please provide all documents relating to Your role, and/or the roles of AHIF-USA and AHIF-SA, in the organization, funding, oversight, supervision, management, and/or control over ICSM's operations, including without limitation, selection and oversight of committee/board members or other officers, internal and external auditing or due diligence, budgeting, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, implementation of religious, educational, and social activities, and distribution of financial and non-monetary support to charitable designees.   Responsive documents shall include, but are not limited to, the ICSM constitution, articles of incorporation, by-laws, and any agreements between ICSM, AHIF-USA, and/or AHIF-SA.

**ANSWER:**


74.     Please provide all documents relating to any and all trips You made to the ICSM. Responsive documents shall include, but are not limited to, all documents detailing, describing, or summarizing the dates of Your visits and the purpose for Your visits.

**ANSWER:**

75.     Please provide all documents relating to any written or oral communication between or among You, the ICSM, and/or members of the ICSM, regarding complaints expressed by members of the congregation that Sheikh Abu Salman Deva-ud-Deen Eberle exhibited radical and/or inappropriate behavior and ideology.   Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**


76.     Please provide all documents relating to any written or oral communication between or among You, AHIF-USA, and/or AHIF-SA regarding the ICSM, including without limitation, any and all communications relating to Sheikh Abu Salman Deva-ud-Deen Eberle. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER:**


77.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and the persons and entities identified in Attachment A.

**ANSWER:**

78.     Please provide all documents You sent to, and/or received from the persons and entities identified in Attachment A, including without limitation, all documents relating to the transfer of funds between You and those persons and entities.

**ANSWER:**

79.     Please provide all documents relating to any accounts in any banking or financial institution You currently hold, or have held, jointly with or on behalf of the persons and entities identified in Attachment A, and/or any accounts over which You hold or have held signatory authority.

**ANSWER:**

80.     Please provide all documents relating to any formal or informal record keeping and document retention policies, practices, or procedures maintained by AHIF-USA and/or AHIF-SA.

**ANSWER:**

81.     Please provide all documents relating to any formal or informal document destruction policies, practices, or procedures maintained by AHIF-USA and/or AHIF-SA, including without limitation, descriptions of all documents destroyed by AHIF-USA and/or AHIF-SA.

**ANSWER:**

82.     Please provide all documents relating to any understanding or agreement between You and any other individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse You for any costs associated with defending this lawsuit and/or the criminal action brought against You by the United States (*United States v. Pirouz Sedaghaty*, Case No. 05-CR-60008-HO), including legal fees and/or payments to satisfy part or all of a judgment that may be entered against You.  Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

Dated: December 10, 2010                         Respectfully submitted,

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Plaintiffs' First Set of Requests for Production of

Documents Directed to Perouz Sedaghaty was served via electronic mail and U.S. first-class

mail, postage prepaid, this 10th day of December 2010, upon:

Alan R. Kabat, Esq.
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C.  20009-7124
(Counsel for Defendant Perouz Sedaghaty and Defendants' Executive Committee's appointed
representative to receive discovery requests and responses in 03-MDL-1570)

J. Scott Tarbutton, Esq.

## ATTACHMENT A

Abdul Qaadir Abdul Khaaliq
Abdulaziz S. al Shouman
Abdullah an Najashi
Ahmed Ezzat
Aiasha Obeidat (a/k/a Brenda Obeidat)
David Rogers
Dr. Mahmoud T. El Fiki
Ibn Khattab
Idris Palmer
Kamran Ashgar Bokhavi
Mohamed al Kadas
Robab Tavalie
Robert Brown
Robert Jackson
Sami Abd al Aziz al Sanad
Sheikh Abu Salman Deva-ud-Deen Eberle
Sheikh Abu Umar al Saif
Sheikh Hassan Zabady
Al Muhajiroun
Azzam Publications