**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | No. 03 MDL 1570 (GBD/FM)<br>ECF Case |

This document relates to:

ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 02-CV-6977;
BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*, Case No. 03-CV-9849;
CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*, Case No. 04-CV-05970;
EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07279;
FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*, Case No. 03-CV-6978; and
WORLD TRADE CENTER PROPERTIES LLC, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*, Case No. 04-CV-07280.

# Plaintiffs' Memorandum of Law in Opposition to Defendant Perouz Sedaghaty's Motion to Stay

**The Plaintiffs Executive Committees**

# TABLE OF CONTENTS

**Introduction**........................................................................................................1

**Argument**..............................................................................................................2

1. A stay in a civil case is an extraordinary remedy that is not warranted here where Sedaghaty has already been convicted .............................................................2

2. All factors weigh against granting the convict Sedaghaty a stay in this civil action.......3

   a. Sedaghaty has not demonstrated adequate overlap between this civil action claiming Sedaghaty provided material support for terrorism and the criminal action where Sedaghaty was tried and convicted of fraud and filing a false tax return .........................................................................4

   b. Because he has already been tried and convicted, a stay of this civil action is not warranted...........................................................................................5

   c. The Plaintiffs have a strong interest in proceeding expeditiously, and will be prejudiced by a stay of this civil action.........................................................6

   d. Sedaghaty will not be unduly burdened by this civil action going forward and Fifth Amendment protections have been implicated ..................................8

   e. The Court has an interest in moving forward and resolving this civil action efficiently, not in granting a stay because of a speculative criminal re-trial that might never happen..........................................................................9

   f. There is a strong public interest in moving forward and resolving this litigation seeking to hold accountable those who provided material support for the September 11 terror attacks.......................................................10

**Conclusion** .........................................................................................................11

**Table of Authorities**

*Braswell v. United States,*
487 U.S. 99 (1988)....8

*Brock v. Tolkow,*
109 F.R.D. 116 (E.D.N.Y. 1985)....10, 11

*Cameron v. P.O. Sidney Wise,*
09 Civ. 967 (PKC)(DFE), 2009 U.S. Dist. LEXIS 105871
(S.D.N.Y. Nov. 2, 2009)....2

*Citibank N.A. v. Hakim,*
92 Civ. 6233, 1993 U.S. Dist. LEXIS 16299 (S.D.N.Y. Nov. 17, 1993)....9

*Fisher v. United States,*
425 U.S. 391 (1975)....8

*In. Re: Grand Jury Subpoena Duces Tecum Dated October 29,*
1 F.3d 87 (2d Cir. 1993)....8, 9

*JHW Greentree Capital, L.P. v. Whittier Trust Co.,*
05 Civ. 2985 (HB), 2005 U.S. Dist. LEXIS 14687 (S.D.N.Y. July 22, 2005)....6, 9

*Karimona Investments, LLC v. Weinrab,*
02 CV 1792 (WHP)(THK), 2003 U.S. Dist. LEXIS 3324
(S.D.N.Y. March 7, 2003)....6, 9

*Paine, Webber, Jackson & Curtis Inc. v. Andrus,*
486 F. Supp. 1118 (S.D.N.Y. 1980)....9

*Panaro v. U.S. Securities and Exchange Comm.,*
CV-86-4122, 1987 U.S. Dist. LEXIS 16810 (E.D.N.Y. August 5, 1987)....9

*Sparkman v. Thompson,*
No. 08-01-KKC, 2009 U.S. Dist. LEXIS 57540 (E.D.Ky., July 6, 2009).... 5, 6, 10

*Sterling Nat'l Bank, v. A-1 Hotels Int'l, Inc.,*
175 F. Supp. 2d 573 (S.D.N.Y. 2001)....6, 9

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,*
886 F. Supp. 1134 (S.D.N.Y. 1995).... 2, 3, 4

*Volmar Distributors, Inc. v. The New York Post Co., Inc.,*
152 F.R.D. 36 (S.D.N.Y 1993)....3

*Wallace v. Kato*,
549 U.S. 384 (2007)....................................................................................................2

## Introduction

The extraordinary remedy of a stay of this civil action – sought by defendant Sedaghaty, who has already been tried before a jury and convicted of all criminal counts for defrauding the United States and filing false tax returns – should be denied. Sedaghaty's request to stay should be denied because it rests entirely on speculation that he *may* someday be successful in the criminal case on an appeal or in obtaining a new trial, and also because moving forward with discovery in this civil action for supporting terrorism will not expose Sedaghaty's theories or defenses in advance of any speculated criminal trial and will implicate no legitimate Fifth Amendment concerns.

Fifth Amendment concerns are not implicated for two primary reasons. First, Sedaghaty has already played his hand and lost his criminal trial. There is no risk of civil discovery forcing Sedaghaty to "show his cards" to the Government, which has already assembled and presented sufficient evidence to convict Sedaghaty once. Second, Fifth Amendment concerns are not implicated here also because, thus far, the defendant has invoked the protection only to prevent the production of non-testimonial communication, to which the protection does not extend – namely, the Fifth Amendment does not protect voluntarily prepared business or personal documents. In short, because the possibility and timing of a successful appeal or criminal re-trial remain speculative at best, and because no legitimate Fifth Amendment interests are implicated, a stay of this civil action is not warranted.

Last but not least, the strong interest of the Plaintiffs as victims of the September 11th attacks and the public at large in holding those responsible like Sedaghaty who provided support for those attacks weighs against granting the extraordinary remedy of a stay here.

## Argument

**1. A stay in a civil case is an extraordinary remedy that is not warranted here where Sedaghaty has already been convicted.**

The rationales undergirding the discretion afforded district courts to stay civil proceedings do not apply here, where the government has *already* tried and convicted Sedaghaty criminally. "Federal courts may, in their discretion, stay a pending civil action when a parallel criminal action is ongoing." *Cameron v. P.O. Sidney Wise*, 09 Civ. 967 (PKC)(DFE), 2009 U.S. Dist. LEXIS 105871, * 7 (S.D.N.Y. Nov. 2, 2009)(quoting *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)("it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case *is ended*") (emphasis added). "Courts are afforded this discretion because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution *in advance of trial*, or otherwise prejudice the criminal case." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.* 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995)(emphasis added). "A stay of the civil case, however, is an extraordinary remedy." *Id.* at 1139.

Here, a fatal flaw in Sedaghaty's motion for the extraordinary remedy of a stay is that he has *already* been tried before a jury and convicted on all counts, namely, of conspiracy to defraud the United States and of filing a false tax return. D.E. 2404 at 1, Def. Mem in Support of Motion for Stay. Hence, there is little if any risk that going forward with discovery in this civil action will expose Sedaghaty's "theory to the prosecution *in advance of trial*"—because his

criminal trial has already occurred and Sedaghaty has already put forward (and lost) his theories and defenses.

Under the circumstances presented, Sedaghaty has already gotten all the benefit of any stay to which he may arguably been entitled. Although Sedaghaty has been a defendant in this litigation for several years, he fled from the United States for several years to avoid criminal prosecution. Discovery against Sedaghaty in the civil litigation ensued only after he had negotiated his return, faced prosecution, was tried and convicted in the criminal matter. To the extent that Sedaghaty may have been entitled to any stay, he has already received that benefit and any additional delay in obtaining discovery from Sedaghaty is entirely unwarranted.

**2. All factors weigh against granting the convict Sedaghaty a stay in this civil action**

Specifically, district courts in this Circuit consider the following factors for determining whether the extraordinary remedy of a stay of a civil action is warranted, in the interests of justice:

(1) The extent to which the issues in the criminal case overlap with those presented in the civil case;

(2) The status of the case, including whether the defendants have been indicted;

(3) The private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay;

(4) The private interests of and burden on the defendants;

(5) The interests of the courts; and

(6) The public interest.

*Transworld Mech.*, 886 F. Supp. at 1138 (citing *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). Here, none of those factors favor granting the extraordinary remedy of a stay of this civil action.

**a. Sedaghaty has not demonstrated adequate overlap between this civil action claiming Sedaghaty provided material support for terrorism and the criminal action where Sedaghaty was tried and convicted of fraud and filing a false tax return.**

Even Sedaghaty admits that in the criminal case he "was never charged with providing support for terrorism, and was instead charged with conspiracy to defraud the government through reporting [a] transaction as a charitable donation, and for filing a false tax return." D.E. 2404 at 1. The criminal case was tried on discrete factual and legal issues distinct from those central to the claims of all of the plaintiffs in the civil action – namely, that Sedaghaty provided material support for terrorism that contributed to the 9/11 attacks. *See, e.g., Burnett* Third Am. Compl. at ¶¶157-175, 645-652. In the criminal conviction, the specific factual conduct for which Sedaghaty was convicted relates to fraud and false tax returns, *not* to providing financial support to terrorists, and demonstrating merely that Sedaghaty violated tax laws would not, in and of itself, give rise to liability in the civil case. Moreover, the legal issues involved in criminal fraud and false-tax return cases differ from those presented in civil actions for providing material support to terrorists. Hence, this case is distinguishable from cases such as *Transworld Mech., supra*, where defendants faced both criminal and civil liability for the same conduct under the same fraud-based legal theories. *Transworld Mech.*, 886 F. Supp. at 1138.

Perhaps more to the point, however, even if Sedaghaty were able to articulate sufficient overlap, the risk to be protected by a stay is absent where, as here, the criminal trial has already been conducted. Where the government and the defendant have already tried the criminal case, and any future criminal litigation is speculative at best, the purported Fifth Amendment risk that a proposed stay seeks to prevent – namely, the risk of the civil case leading to self-incrimination – is absent.

Accordingly, any alleged overlap between the factual and legal issues in Sedaghaty's criminal and civil cases does not warrant the extraordinary relief sought.

**b. Because he has already been tried and convicted, a stay of this civil action is not warranted.**

As well put by the district court in *Sparkman v. Thompson*, No. 08-01-KKC, 2009 U.S. Dist. LEXIS 57540 (E.D. Ky., July 6, 2009), "the status of Defendant's criminal case weighs strongly against granting a stay because Defendant has already been tried, convicted, and sentenced." *Id.* at *6. Sedaghaty relies on language in caselaw involving post-indictment, pre-conviction settings. But the rationale in those cases is not supported where, as here, the setting is post-conviction. In *Sparkman*, the district court there explained:

> First, because Defendant has already challenged the government's case in trial, he knows exactly how the government intends to prove his guilt and he is exceedingly able to avoid making incriminating statements that might be used against him if retried. Also, absent a waiver of his *Fifth Amendment* privilege, he has only a minimal concern that civil discovery will aid the criminal prosecution because the government has already assembled all the evidence needed for a conviction.

*Id.* at *6. The same holds true here. Because Sedaghaty has already been tried before a jury and convicted, there is no risk to him "showing his cards" to the Government that has already assembled and presented enough evidence to convict him. Sedaghaty has already played his hand and lost his criminal trial.

Another flaw in relying on the post-indictment, pre-conviction line of cases is that they rely on rationale that does not apply here to protect the civil plaintiff from the prejudice of additional extraordinary delay. The pre-conviction cases reason that, once an indictment is in place, any potential prejudice to the plaintiff in the civil case is ameliorated because the criminal case must be resolved quickly due to Speedy Trial Act considerations. But here, Sedaghaty has

no idea *whether* a new trial will ever take place, let alone *when*. While he has appealed his conviction and alternatively moved for a new trial, it is pure speculation at this point whether a new trial will ever happen, because no one knows whether he will win his appeal or the motion for a new trial. Hence, granting a stay in this civil action based on a purely speculative event of a criminal re-trial that may never even happen would be improper. *See Sparkman* at **6-7 ("Finally, since Defendant's criminal case is currently on appeal, the possibility and timing of a re-trial remains speculative at best. Unlike pre-trial requests for a stay, the Speedy Trial Act provides Plaintiffs no assurance that Defendant's criminal case will be resolved quickly.").

**c. The Plaintiffs have a strong interest in proceeding expeditiously, and will be prejudiced by a stay of this civil action.**

Plaintiffs have a strong interest in completing discovery and in the ultimate resolution of this civil action involving Sedaghaty's support of terrorism that caused tremendous death and destruction on September 11, 2001. Plaintiffs allege that Sedaghaty provided material support to terrorists that contributed to the attacks of September 11, 2001. *See, e.g., Burnett* Third Am. Compl. at ¶¶157-175, 645-652. Plaintiffs' ability to proceed expeditiously in presenting their case is dependent on showing material support to those terrorists. Sedaghaty was an actor in providing that material support, and the inability to proceed against him would undermine the Plaintiffs' efforts. *See Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 579 (S.D.N.Y. 2001) ("It is unclear whether defendants have sufficient assets to permit any meaningful recovery, and permitting a further delay during which assets can be dispersed or hidden—or called upon for the expensive business of defending a grand jury investigation and potential criminal litigation—will increase the risks that plaintiff could succeed in the litigation, without being able to collect on any judgment"); *JHW Greentree Capital, L.P. v. Whittier Trust Co.*, 05 Civ. 2985 (HB), 2005 U.S. Dist. LEXIS 14687 at *5 (S.D.N.Y. July 22, 2005) (reasoning

that an indefinite stay would frustrate any real recovery should the plaintiffs succeed, and thus weighed against a stay); *Karimona Investments*, *LLC v. Weinrab*, 02 CV 1792 (WHP)(THK), 2003 U.S. Dist. LEXIS 3324 at *9-11 (S.D.N.Y. March 7, 2003)(same).

This factor weighs even more heavily against staying the action given the following considerations: (1) a stay as to Sedaghaty would effectively stay the action as to other defendants in the litigation, (2) a stay as to Sedaghaty would effectively frustrate the already aggressive discovery schedule, which schedule was opposed by plaintiffs' but actively advocated by counsel for Sedaghaty, and (3) as this court is aware, the discovery stage of this litigation has already suffered from substantial delay and any additional delay would only add to the irreparable prejudice already suffered (*e.g.*, the deaths of defendants/witnesses during the pre-discovery pendency of the litigation, and the likely disappearance of documents in the intervening years).

In addition to discovery as to Sedaghaty individually, discovery is also ongoing as to other defendants, including defendant Al Haramain. Because Sedaghaty was a principal officer of Al Haramain's US branch, actively participated in the activities that form the bases of the claims against al Haramain, and much of the documentation related to that defendant is anticipated to be in the control of Sedaghaty, a stay as to Sedaghaty would likely effect a broader stay of discovery in the MDL. Indeed, the potential for prejudice resulting from the delay is already evident by the apparent spoliation of documents in the possession of al Haramain, which has yet to produce a single document from its Saudi headquarters.

Hence, this factor does not warrant granting the extraordinary remedy of a stay of this civil action now.

**d. Sedaghaty will not be unduly burdened by this civil action going forward and no Fifth Amendment protections have been implicated.**

Sedaghaty's sole claim of prejudice is that "significant Fifth Amendment concerns" will arise if discovery in this civil action proceeds *after* he has already been convicted. D.E. 2404 at 8. As explained above, that argument is not at all convincing because: (a) Sedaghaty has already presented and lost his defenses at his criminal fraud and false-tax return trial, (b) there is *no* new criminal trial set, and (c) even the possibility of re-trial at this point is pure speculation. So it is difficult to see exactly what significant Fifth Amendment concerns he is talking about.

Moreover, the only specific discovery in this civil action that Sedaghaty objects to now is Plaintiffs' First Set of Request for Production of Documents. D.E. 2404 at 2-3; *see also*, D.E. 2404-1, Decl. of Alan R. Kabat (attaching only Plaintiffs' First Set of Request for Production of Documents as an exhibit). Yet Sedaghaty grossly overstates the Fifth Amendment concerns regarding document production requests. Many of the document production requests relate to corporate records over which Sedaghaty has had authority. And those corporate records are *not* protected by the Fifth Amendment.

It is simply false that requiring Sedaghaty to answer the Plaintiffs' discovery requests would compel him to assert the protections of the Fifth Amendment. The Fifth Amendment privilege "applies only when the accused is compelled to make a testimonial communication that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408 (1975). Consistent with that fundamental principle, the production of records, either business or personal, does not implicate Fifth Amendment concerns. *See In Re: Grand Jury Subpoena Duces Tecum Dated October 29,* 1 F.3d 87, 93 (2d Cir. 1993) (holding that the Fifth Amendment does not protect the contents of voluntarily prepared documents, either business or personal); *Braswell v. United States*, 487 U.S. 99, 104 (1988) (holding that the Fifth Amendment privilege may not be asserted on the basis of

corporate books and records); *Panaro v. U.S. Securities and Exchange Comm.*, CV-86-4122, 1987 U.S. Dist. LEXIS 16810, *7 (E.D.N.Y. August 5, 1987) (holding that bank records are not considered to be compelled testimonial evidence because they are voluntarily prepared by the bank). Moreover, a defendant's production of documents cannot be incriminating testimony if the receiving party can independently authenticate the documents, *In Re: Grand Jury Subpoena*, 1 F.3d at 93, which Sedaghaty does not challenge here. Under those standards, Plaintiffs' outstanding document production requests to Sedaghaty simply do not raise Fifth Amendment concerns. Hence, Sedaghaty's argument that he would be prejudiced because of "significant Fifth Amendment concerns" is meritless and does not warrant the extraordinary relief sought.

**e. The Court has an interest in moving forward and resolving this civil action efficiently, not in granting a stay because of a speculative criminal re-trial that might never happen.**

When facing motions to stay proceedings indefinitely, the courts recognize their interest in resolving litigation efficiently weighs against a stay. *See Karimona Investments*, 2003 U.S. Dist. LEXIS 3324 at *13-14; *JHW Greentree Capital*, 2005 U.S. Dist. LEXIS 14687 at *7. The courts explain that they must be mindful that "a policy of issuing stays solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration." *Paine, Webber, Jackson & Curtis Inc. v. Andrus*, 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980); *see also, Sterling Nat'l Bank*, 175 F. Supp. 2d at 580; *Citibank, N.A. v. Hakim*, 92 Civ. 6233, 1993 U.S. Dist. LEXIS 16299 at *6 (stating that the convenience to the court weighs against a stay because it is unrealistic to postpone indefinitely the pending action until criminal charges are brought). Plaintiffs respectfully submit that a stay would indefinitely delay the resolution of this action without any predictability about: (1) whether and when Sedaghaty will ever face a criminal re-trial (because no one knows whether

his appeal or motion for a new trial will be granted), and (2) when this civil action (if stayed until that uncertain re-trial occurred) would ever return to this Court's active docket.

Indeed, because Sedaghaty has already faced his criminal trial regarding fraud and false tax returns, and this civil case largely focuses on different conduct involving terrorism financing, a re-trial of the criminal case (if and whenever that happens) will not likely narrow or refine the scope of this civil case. As well put by *Sparkman* in denying a stay: "The Court faces the same judicial task regardless, and a stay would simply put off until tomorrow what is scheduled for today." *Sparkman*, 2009 U.S. Dist. LEXIS 57540, at * 8. Hence, this factor does not warrant granting the extraordinary remedy of a stay of this civil action now.

**f. There is a strong public interest in moving forward and resolving this litigation seeking to hold accountable those who provided material support for the September 11 terror attacks.**

Moreover, the strong public interest in the September 11th terror attacks—and specifically in the prosecution of this civil action to hold responsible those who provided material support for those terror attacks—favors denying Sedaghaty's request for a stay. The September 11, 2001 terrorist attack on the World Trade Center Complex in New York and the Pentagon in Arlington, Virginia, resulted in the tragic loss of several thousand innocent lives, personal injuries to countless other persons, and property damage on a catastrophic scale, including the complete destruction of the World Trade Center Complex. As the worst attack ever on United States soil and its citizens, there can be no doubt that the public has a significant interest in the investigation and prosecution of those responsible—including Sedaghaty in this civil action now.

Sedaghaty argues that a delay in this case will not harm the public interest by citing to the markedly distinct case of *Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985), D.E. 2404 at 8-9.

*Brock* was a case involving simultaneous civil and criminal cases relating to ERISA violations. *Id.* Even if Sedaghaty cannot see the room to distinguish between the limited public interest in the ERISA violations involved in that case and the unprecedented public interest in the horrific events of the September 11th terror attacks, surely this court will recognize the distinction. Hence, the public's interest in the administration of justice is best served in this case by denying the convict Sedaghaty's request for a stay and preventing an indefinite stay of these proceedings.

## CONCLUSION

For all the above reasons, Sedaghaty's request for a stay of this civil action should be denied.

Dated: New York, NY
February 4, 2011

Respectfully Submitted:

/s/___________________________
The Plaintiffs' Executive Committees