UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____x
                                          :
In Re: TERRORIST ATTACKS ON               :
SEPTEMBER 11, 2001                        :        MDL No.: 03-1570 (GBD)
_____:
                                          :
This Document Relates to:                 :
                                          :
Fiona Havlish, et al., v. Bin-Laden, et al., :
1:03-CV-09848                             :
_____x
```

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE PLAINTIFFS' FIRST
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
BY DEFAULT AGAINST SOVEREIGN DEFENDANTS WHICH EXCEEDS THE PAGE
LIMIT SET FORTH IN THE COURT'S INDIVIDUAL PRACTICES**

Pursuant to paragraph 2.C. of the Individual Practices of Judge George B. Daniels dated

May 1, 2001, Plaintiffs respectfully move for leave to exceed the page limit for Plaintiffs' First

Memorandum of Law in Support of Motion for Entry of Judgment by Default Against Sovereign

Defendants.  Plaintiffs seek judgment pursuant to the Foreign Sovereign Immunities Act

("FSIA") 28 U.S.C. § 1602, *et seq.,* as amended.  The FSIA provides that a court cannot enter

judgment by default against a foreign state "unless the claimant establishes his claim or right to

relief by evidence satisfactory to the court."  28 U.S.C. §1608(e); See also *Roeder v. Islamic*

*Republic of Iran* 333 F.3d 228, 232 (D.C. Cir. 2003) ("The Court still has an obligation to satisfy

itself that plaintiffs have established a right to relief.").  Plaintiffs believe exceeding the page

limit is necessary in order for Plaintiffs to fully address the evidence establishing the Sovereign

Defendants' material support for the terrorist attacks giving rise to this action.  This is especially

true in this case where Plaintiffs will be seeking to enforce their judgment in foreign courts which will require a thorough briefing of the law and evidence in support of the judgment.

Not a single Defendant has appeared in this case and therefore this Motion is unopposed. For the Court's convenience, Plaintiffs' First Memorandum of Law in Support of Motion for Entry of Judgment by Default Against Sovereign Defendants, along with its exhibits, is being filed electronically simultaneously with this Motion.

WHEREFORE, Plaintiffs respectfully request and Order granting Plaintiffs' Motion to exceed the page limit for their Memorandum of Law.

Dated: <u>May 19, 2011</u>

Respectfully submitted,

*/s/  Stephen A. Corr*
Stephen A. Corr, Esquire
Pa. Bar No.:  65266
MELLON, WEBSTER & SHELLY
87 N. Broad Street
Doylestown, PA  18901
(215) 348-7700
scorr@mellonwebster.com
*Counsel for Havlish Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen A. Corr, Esquire, hereby certify that the defendants in the matter of *Havlish, et al. v. bin Laden, et al.*, are in default and have not registered for ECF and, therefore, those defendants have not been served with the attached Motion.  All other interested parties in the consolidated actions are being served through the ECF system this 19th day of May, 2011.


s/  Stephen A. Corr
Stephen A. Corr, Esquire
Pa. Bar No.:  65266
MELLON, WEBSTER & SHELLY
87 N. Broad Street
Doylestown, PA  18901
(215) 348-7700
scorr@mellonwebster.com
*Counsel for Havlish Plaintiffs*