UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001

03 MDL 1570 (GBD)
ECF Case

*This document relates to:*

All Cases

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 13 2011

## ORDER

And now, on this 13th day of July, 2011, after careful consideration of the joint request for entry of final judgments, this Court finds that there is no just reason to delay the entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) dismissing the defendants listed in Exhibit A.

This litigation has now been pending since 2002, and many of the listed defendants obtained dismissal orders in 2005 or 2006. Absent the entry of Rule 54(b) judgments, it could be several more years before all claims against all defendants are resolved — the claims against non-dismissed defendants are still in the early stages of discovery, and are complicated by the fact that many of the relevant documents are located abroad and are in foreign languages. In the meantime, the already-dismissed defendants will be unable to obtain repose, and the plaintiffs will be unable to seek appellate review of the Court's prior dismissal orders. It is thus appropriate at this juncture to enter partial final judgments under Rule 54(b) with respect to the defendants that have been entirely dismissed from the case. *See Cullen v. Margiotta*, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate where additional proceedings "could last years," and there was "no just reason to require the parties to await the conclusion of that remedy phase in order to seek review of the claims already dismissed").

The Court's Orders have dismissed all claims asserted by any plaintiff against said defendants and have decided finally the rights and liabilities of these defendants, constituting final decisions within the meaning of 28 U.S.C. § 1291 as to these defendants.

**ACCORDINGLY, IT IS HEREBY ORDERED** this ___13th___ day of ___July___, 2011 that the Court's dismissals of the defendants identified in Exhibit A are certified as final pursuant to Federal Rule of Civil Procedure 54(b). The Clerk of the Court is directed to prepare and enter a final judgment.

SO ORDERED.   JUL 13 2011

_____
Hon. George B. Daniels
United States District Judge

## EXHIBIT A – LIST OF DEFENDANTS

1. Saudi Joint Relief Committee
2. Saudi Red Crescent Society
3. Saudi High Commission[1]
4. Prince Naif bin Abdulaziz al-Saud
5. Prince Salman bin Abdulaziz al-Saud
6. Sheikh Abdullah bin Khalid Al Thani
7. Prince Abdullah al Faisal bin Abdulaziz al Saud
8. National Commercial Bank
9. Al Aqsa Islamic Bank
10. Al-Baraka Investment and Development Corporation
11. Al Rajhi Banking and Investment Co.
12. Al Shamal Islamic Bank
13. Alfaisaliah Group a/k/a Faisal Group Holding Company
14. Arab Bank PLC
15. Aradi, Inc.
16. Asat Trust Reg.
17. Banca del Gottardo
18. Binladin Group International
19. Council on American-Islamic Relations
20. Council on American-Islamic Relations-Canada
21. Dallah Al Baraka L.L.C.
22. Dallah Avco Trans-Arabia Co. Ltd.
23. Dar Al-Maal-Al-Islami Trust
24. DMI Administrative Services S.A.
25. Faisal Islamic Bank-Sudan
26. Ibrahim bin Abdul Aziz Al-Ibrahim Foundation
27. Islamic Assembly of North America
28. M.M. Badkook Company
29. Mar-Jac Poultry, Inc.
30. Mohammed Binladin Company
31. Mushayt for Trading Establishment

---

[1] As to defendants Saudi High Commission, Prince Salman bin Abdulaziz al-Saud and Prince Naif bin Abdulaziz al-Saud, the parties had stipulated that Judge Casey's September 21, 2005 decision was binding as to all remaining claims, as well as any subsequent appellate rulings by any courts. See MDL Dkt. Nos. 915, 918, 932, 1466, 1506, 1510, 1677 and 1678; see also letter of September 4, 2009 by William H. Jeffress, Jr. and Lawrence S. Robbins and accompanying exhibits. Those defendants are accordingly dismissed from the remaining cases against them.

32. Saudi American Bank[2]
33. Schreiber & Zindel Treuhand Anstalt
34. Sercor Treuhand Anstalt
35. Success Foundation, Inc.
36. Tadamon Islamic Bank
37. Abdullah Al Rajhi
38. Khalid Al Rajhi
39. Saleh Al Rajhi
40. Sulaiman Al Rajhi
41. Abdul Rahman Al Swailem
42. Abdullah Muhsen Al Turki
43. Sulamain Al-Ali
44. Aqeel Al-Aqeel, a/k/a Aqeel Abdul-Aziz Aqeel
45. Soliman H.S. Al-Buthe
46. Safer Al-Hawali
47. Hamad Al-Husaini
48. Saleh Al-Hussayen
49. Sami Al-Hussayen
50. Abdul Aziz bin Ibrahim Al-Ibrahim
51. Abdullah bin Saleh Al Obaid
52. Salman Al-Oadah
53. Talal M. Badkook
54. Adnan Basha
55. Shahir A. Batterjee
56. Omar Binladin
57. Abdullah Binladin
58. Bakr Binladin
59. Tariq Binladin
60. Yeslam Binladin
61. Yousef Jameel
62. Yassin Abdullah Kadi
63. Saleh Kamel
64. Zahir Kazmi
65. Jamal Khalifa, a/k/a Mohammad Jamal Al Khalifa
66. Abdulrahman Bin Mahfouz
67. Khalid Bin Mahfouz
68. Mohamed Al Mushayt
69. Abdullah Naseef
70. Engelbert Schreiber, Jr.

---

[2] Saudi American Bank has been dismissed formally from all cases except for Estate of John P. O'Neill, Sr. v. Al Baraka, 04 CV 1923. The plaintiffs in that matter entered into a stipulation with Saudi American Bank agreeing to be bound to the results of briefing as to other cases, and Saudi American Bank was dismissed as to Ashton and Burnett in Judge Casey's January 18, 2005 decision, and as to Federal Insurance in his decision of November 20, 2006. Saudi American Bank is accordingly dismissed from the remaining cases against it.

71. Engelbert Schreiber, Sr.
72. Erwin Wachter
73. Martin Wachter
74. Ahmed Zaki Yamani
75. Frank Zindel