UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | ) |  |
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) ) | Civil Action No. 03 MDL 1570 (GBD)(FM) |

*This document relates to:*

*Ashton v. Al Qaeda*, No. 02-CV-6977 (GBD)
*Burnett v. Al Baraka*, No. 03-CV-9849 (GBD)
*Continental Casualty v. Al Qaeda*, No. 04-CV-5970 (GBD)
*Euro Brokers v. Al Baraka*, No. 04-CV-7279 (GBD)
*Federal Insurance v. Al Qaida*, No. 03-CV-6978 (GBD)
*New York Marine v. Al Qaida*, No. 04-CV-6105 (GBD)
*World Trade Center v. Al Baraka*, No. 04-CV-7280 (GBD)

**DEFENDANT SAUDI BINLADIN GROUP'S NOTICE OF SUPPLEMENTAL AUTHORITY IN RELATION TO ITS PENDING RENEWED MOTION TO DISMISS**

Defendant Saudi Binladin Group ("SBG") respectfully submits this notice of supplemental authority to bring to the Court's attention two recent Supreme Court decisions that bear directly on jurisdictional arguments in briefing on SBG's Renewed Motion to Dismiss (MDL Dkt. #2284) (Sept. 7, 2010) ("SBG RMTD"):[1]

- *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, No. 10-76 (June 27, 2011), attached as Exhibit A; and

- *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, No. 09-1343 (June 27, 2011), attached as Exhibit B.

---

[1] SBG renewed its motion to dismiss after jurisdictional discovery with leave of the Court on September 7, 2010. Plaintiffs filed an opposition brief on November 18, 2010 (MDL Dkt. #2385). SBG filed a reply brief on December 20, 2010 (MDL Dkt. #2395).

### 1.     *Applicability of the Due Process Clause to Foreign Corporations*

First, Plaintiffs argued that as a foreign corporation SBG could not invoke the Due Process Clause's limitations on personal jurisdiction. Pls.' Opp. to SBG RMTD at 5 (MDL Dkt. #2385) (Nov. 18, 2010). Both *Goodyear* and *J. McIntyre* put that novel argument to rest. In *Goodyear*, the Supreme Court unanimously held that the Due Process Clause barred jurisdiction over the foreign corporate defendants in that case. The constitutional limit on personal jurisdiction is an affirmative limit on judicial power rather than (as plaintiffs argued here) a right to which foreigners are not entitled: "The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear*, slip op. at 6. Leaving no doubt that this applied to non-U.S. as well as domestic corporations, the Court applied its analysis to "foreign (sister-state *or foreign-country*) corporations." *Id*. at 2 (emphasis added). Similarly, in *J. McIntyre*, although the members of the Supreme Court disagreed on the result, all agreed that specific jurisdiction over a foreign corporation must be judged against the constitutional limitations of due process. *See, e.g.*, *J. McIntyre* (Ginsburg, J., dissenting), slip op. at 7–8.

### 2.     *Distinctness of General and Specific Jurisdictional Inquiries*

Second, Plaintiffs argued that this Court should apply a "sliding scale" analysis that takes into account general jurisdiction contacts when assessing whether specific jurisdiction exists. Pls.' Opp. to SBG RMTD at 7 & n.3. In *Goodyear*, however, the Supreme Court expressly criticized the North Carolina courts for "[c]onfusing or blending general and specific jurisdictional inquiries." *Goodyear*, slip op. at 3. The Court unanimously reaffirmed the "essential difference" between those two inquiries and rejected the idea that a court may merge the factors relating to the two. *See id*. at 10–11 ("ties serving to bolster the exercise of specific

jurisdiction do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant") (emphasis in original).

### 3. *Legal Standard for General Jurisdiction*

Third, Plaintiffs argued that despite SBG's lack of any business activity in the United States – no office, no sales, no construction or other projects, and no revenue in or from the United States – a "totality" of minor alleged contacts subjects it to personal jurisdiction. Pls.' Opp. to SBG RMTD at 17–32. *Goodyear* establishes, however, that general jurisdiction lies only in a forum where the corporate defendants' contacts are "so 'continuous and systematic' as to render them *essentially at home* in the forum State." Slip op. at 2 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)) (emphasis added). It explained that this is akin to the idea of a person's domicile: "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 7. In *Goodyear*, parents of North Carolina teenagers killed in a bus accident in France brought a wrongful-death suit in North Carolina state court against three overseas Goodyear affiliates, including the one that manufactured the bus's allegedly defective tires. The foreign defendant corporations were not registered to do business in North Carolina, had no place of business in North Carolina, did not solicit business in North Carolina, and did not themselves sell or ship tires to North Carolina customers, although other Goodyear affiliates distributed a small percentage of those companies' tires within North Carolina. *See id.* at 4. Such "attenuated connections" with the forum state, the Court unanimously held, fell "far short of" what is required. *Id*. at 13. Because the subsidiaries were "in no sense at home in North Carolina," jurisdiction was inappropriate. *Id.* Similarly, in *J. McIntyre*, there was no dispute that the foreign corporation did not satisfy this standard for general jurisdiction: "[A]ll agree, [the foreign corporation defendant] surely is not subject to

general (all-purpose) jurisdiction in New Jersey courts, for that foreign-country corporation is hardly 'at home' in New Jersey." *J. McIntyre* (Ginsburg, J., dissenting), slip op. at 7.

### 4. *Legal Standard for Specific Jurisdiction*

In *J. McIntyre*, the Supreme Court focused on specific jurisdiction, and particularly an application of the "purposeful availment" theory on which Plaintiffs rely.  An English machinery manufacturer was sued after one of its machines, sold in the United States by an independent distributor, injured the plaintiff in New Jersey.  Like Plaintiffs have argued here, the New Jersey Supreme Court held that specific jurisdiction was appropriate "so long as [the defendant] 'knows or reasonably should know'" that its conduct "'*might*'" have an impact in the forum.  *J. McIntyre* (Breyer, J., concurring), slip op. at 5 (quoting New Jersey Supreme Court decision; emphasis by Justice Breyer).  In separate opinions, however, a majority of the Court rejected that standard.  A plurality stressed that specific jurisdiction is proper only where "the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State."  *J. McIntyre* (plurality opinion), slip op. at 7.  Justice Breyer, writing for himself and Justice Alito, disagreed on the precise limits of specific jurisdiction, but expressly rejected the state court's "'knows or reasonably should know'" standard.  *J. McIntyre* (Breyer, J., concurring), slip op. at 5.  He explained that it is not enough that a foreign defendant "places his goods in the stream of commerce, fully aware (and hoping), that such a sale will take place," without also making a "specific effort" directed at the forum.  *Id.* at 2–3.  Thus, while disagreeing on the precise rule, a six-justice majority reaffirmed the Second Circuit's conclusion in this case that mere foreseeability does not permit the exercise of specific jurisdiction over a foreign defendant.  *Cf. In re Terrorist Attacks on Sept. 11, 2001*, 538 F.3d 71, 94–95 (2d Cir. 2008).

- 5 -

Dated:  July 18, 2011

Respectfully submitted,

/s/ James E. Gauch
Stephen J. Brogan
Mary Ellen Powers
James E. Gauch
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

*Counsel for Defendant Saudi Binladin Group*