```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/11
```

**MEMO ENDORSED**



LAW FIRM OF
## OMAR T. MOHAMMEDI, LLC

233 BROADWAY, SUITE 801
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
PHONE: (212) 725-3846
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, FIGHT CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL TRADE

October 21, 2011

## VIA HAND DELIVERY

Honorable Frank Maas
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

### RE: *In re Terrorist Attacks of September 11, 2001, 03 MDL 1570 (GBD)(FM)*

Dear Judge Maas:

Defendants WAMY Saudi Arabia and WAMY International (collectively as "WAMY"), Dubai Islamic Bank ("DIB"), MWL, IIRO, Rabita Trust, Wael Jelaidan, and Al Haramain Islamic Foundation, Inc. (USA) respectfully submit their objections to Plaintiffs' noticed depositions for Dr. Yaqub Mirza, Dr. Jamal Barzinji, and Mr. Hisham Altalib scheduled for October 26, 2011-October 28, 2011, to take place in the Eastern District of Virginia. *See* J. Fawcett emails to T. Allen, *et al.* (Oct. 19, 2011, at 5:28 p.m.; Oct. 20, 2011, at 10:40 a.m.) (attached and incorporated hereto as Exhibits 1-2). Due to the fact that the depositions are scheduled for next week and counsel for WAMY was only informally apprised of such depositions yesterday, there was not enough time for the 3-week letter application process.

Plaintiffs have provided insufficient notice of the depositions and have suggested that counsel for the Defendants may not attend the depositions. The remaining Defendants listed below respectfully request that Your Honor issue an emergency order directing that these depositions be postponed. In addition, the undersigned Defendants request an order that

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

Plaintiffs may not exclude the remaining Defendants from attending these depositions or any other depositions in the case.

### Factual Background

On October 20, 2011, counsel for WAMY wrote to Plaintiffs' counsel to object to the two deposition notices on the grounds that they were not served on all counsel, and did not provide adequate time. *See* O. Mohammedi letter to S. Carter (Oct. 20, 2011) (attached and incorporated hereto as Exhibit 3). The letter also reminded plaintiffs that counsel for WAMY would be out of the country for the next two weeks. *Id.*

In response, Plaintiffs' counsel wrote that:

These depositions are being conducted pursuant to an agreement between plaintiffs and these individual deponents, and under that agreement the timing of the depositions is not under our control, and as a result we cannot unilaterally consent to the adjournment you propose. In addition, **we are not entirely sure that the deponents' counsel agree that counsel for parties other than plaintiffs have the right to participate in these depositions.** We would suggest that you raise your desire to participate and request for an adjournment with the deponents' counsel. If you secure their agreement, we have no problem accommodating a brief adjournment, although a full month delay may not be appropriate.

*See* S. Carter email to S. Hasan, *et al.* (Oct. 20, 2011, at 4:43 p.m.) (emphasis added) (attached and incorporated hereto as Exhibit 4).

On October 21, 2011, counsel for Defendants contacted counsel for the three deponents to inquire whether counsel for Defendants would be allowed to attend the depositions, but have not yet received a response. Thus, at present, it appears that counsel for the other Defendants will not be allowed to attend these depositions.

### Legal Argument

The undersigned remaining Defendants seek entry of a protective order under Rule 26(c)(1)(B), and we respectfully request that this Court either rule on the motion prior to the October 26, 2011 date of the first deposition, or, alternatively, rule that the plaintiffs cannot use the information obtained in the deposition against the remaining Defendants in this case. This Court should grant the requested emergency relief for the following reasons.

First, Plaintiffs have suggested that counsel for the remaining Defendants may be excluded from the deposition. If Plaintiffs or counsel for the three deponents believe that

2

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

---

confidential or sensitive information will be produced during these depositions, the proper remedy is to resort to the confidentiality order in this case—not to exclude parties from the depositions. Indeed, Plaintiffs have explained to this Court that they seek information in the depositions of dismissed parties to use in their case against the remaining Defendants. Thus, the remaining Defendants clearly have a right to attend these depositions, including under the Due Process Clause. While courts have allowed parties to be excluded from depositions, "such exclusion should be ordered rarely." *Galella v Onassis,* 487 F.2d 986, 997 (2d Cir. 1973) (excluding a party witness from a deposition but allowing his counsel to attend).

Second, Plaintiffs failed to provide adequate advanced notice of these depositions. Plaintiffs inexplicably have provided only a week's notice of the depositions. Plaintiffs' notice to the deponents was signed on October 20, 2011, setting the depositions for October 26-28, 2011 in Virginia. As Plaintiffs' counsel was aware, counsel for WAMY is out of the country next week and is unable to attend, potentially resulting in significant prejudice to his clients. *Compare Bland v. Fairfax County, Va,* --- F.R.D. ----, 2011 WL 2491356 at *7 (E.D. Va. 2011) (denying defendant's motion to quash solely because plaintiffs had good cause for issuing an untimely subpoena and no prejudice resulted to defendant). In addition, as a result of late notice, the remaining Defendants have fewer than 6 days to make the appropriate travel arrangements and to get prepared in this complex multi-district litigation.

Moreover, under Federal Rule of Civil Procedure 32(a)(5)(A), a deposition "must not be used" against a party who has received less than 14-days notice of the deposition and who makes a motion for a protective order requesting the deposition be changed when the deposition was actually taken. *See In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 320, 327-28 (N.D. Ill. 2005). Furthermore, EDVA Local Civil Rule 45(E) specifically requires 14 days service of subpoenas under Rule 45. *See Saudi v. Northrop Grumman Corp.,* 427 F.3d 271, 279 (4th Cir. 2005) (quashing an untimely subpoena).

Lastly, counsel for Defendants WAMY and Dubai Islamic Bank were not served with any deposition notices. Under Federal Rule of Civil Procedure 30(b)(1), a party who wishes to take a deposition must give written notice to all parties. Counsel for these defendants only obtained notice from other counsel in this action. *See* Ex. 1-2. Indeed, the vast majority of the recipients of the deposition notices are counsel for Defendants who have been dismissed and are either now on appeal, or were already dismissed by the Second Circuit. Plaintiffs have a responsibility under the Federal Rules of Civil Procedure to serve all the parties with notices of depositions. Due to the improper service, we believe that the deposition notices should be quashed and new depositions should be issued and served on all counsel.

For all of these reasons, we respectfully request that Your Honor postpone the noticed depositions, require Plaintiffs to provide sufficient advance notice to all Defendants who are in

LAW FIRM OF
## OMAR T. MOHAMMEDI, LLC

discovery, and allow counsel for all remaining Defendants to participate in these and any other depositions in the case.

1) The notion that the PEC and deponents could, by agreement, limit the defendants' right to attend the depositions and participate is, frankly, absurd.

2) If deponents wish to adhere to the schedule they negotiated, they may. Any questioning that takes place later this week, however, will be without prejudice to a later application to continue the depositions so that the deponents may be cross-examined.

If the PEC is correct, that this Court can rule on that application pursuant to 28 USC §1407(b), it is likely to be granted. If not, I would hope that a judge in the Eastern District of Virginia would view such an application equally charitably.

3) Deponents' counsel [is] strongly urged to agree to a 30-day extension, as the PEC suggests, so that the deponents need not be subjected to two depositions each.

So ordered. [signature] Maas, USMJ, 10/24/11

Respectfully Submitted,

/s/
_____
Omar Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 801
New York, NY 10279
*Counsel for WAMY*

/s/
_____
Steve Cottreau, Esq.
Clifford Chance
2001 K Street, N.W.
Washington D.C., 20006-1001
*Counsel for DIB*

/s/
_____
Martin McMahon, Esq.
Martin F. McMahon & Associates
1150 Connecticut Ave., N.W. Suite 900
Washington, D.C. 20036
*Counsel for MWL, et al.*

/s/
_____
Alan Kabat, Esq.
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington D.C. 20009-7124
*Counsel for Al Haramain Islamic Foundation, Inc USA*

cc:     Nancy Luque and Steven Barentzen,
        *Counsel for Deponents Barzinji, Mirza, and Altalib*
        All MDL Counsel (via email)

4