USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/11

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

VIA ELECTRONIC MAIL

July 6, 2011

Honorable Frank Maas, U.S.M.J.
United States District Court
    for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

Re:   In re Terrorist Attacks on Sept. 11, 2001, 03-MDL-1570 (GBD) (S.D.N.Y.)
      This document relates to: All Cases

Dear Judge Maas:

   For the Plaintiffs Executive Committees on behalf of all of the plaintiffs ("Plaintiffs"), we write in reply to the June 29, 2011 letter of defendant Perouz Sedaghaty (a/k/a Pete Seda, a/k/a Abu Yunas) ("Sedaghaty") and in further support of Plaintiffs' request dated June 17, 2011. Plaintiffs' move for an order under Rule 37 (a)(3)(B)(iv) of the Federal Rules of Civil Procedure compelling defendant Sedaghaty to respond to (Sedaghaty never answered Plaintiffs' requests) and produce the information requested in Plaintiffs' First Set of Requests for Production of Documents Directed to Perouz Sedaghaty, served on December 10, 2010.

   Because defendant Sedaghaty relies nearly exclusively on his un-granted motion to stay to excuse his complete failure to respond to discovery, in addition to the reasons expressed in Plaintiffs' letter of June 17, 2011, Plaintiffs' incorporate their opposition to Sedaghaty's motion for a stay as additional support for Plaintiffs' motion to compel. Plaintiffs' Memorandum of Law in Opposition to Defendant Perouz Sedaghaty's Motion to Stay (Docket Entry No. 2405), is attached hereto for the Court's convenience.

The Honorable Frank Maas, U.S.M.J.
July 6, 2011
Page 2

---

Moreover, the Court should not countenance defendant's newly introduced rationale for avoiding its discovery obligations. To the extent that the protective order on which defendant replies applies at all, it applies *only* to *discovery* materials produced by the U.S. government in the criminal trial; it does *not* apply to *trial* materials or to materials *seized and returned*. Indeed, defendant's newly-raised protective order argument provides an excellent example why Sedaghaty was obligated to respond to Plaintiffs' discovery requests, raising all of his objections. Had Plaintiffs' not moved to compel, Plaintiffs would not likely have learned that Sedaghaty is holding back requested documents allegedly premised on an inappropriately broad interpretation of a protective order that does not, by its own terms, prevent the production of the materials sought in Plaintiffs' discovery requests.

### The Stay, Which Has Not Been Implemented, Would Be Inappropriate

First, Plaintiffs reiterate that the stay on which Sedaghaty purports to rely to obviate his need to even acknowledge Plaintiffs' discovery requests, has never been implemented. Defendant purports to distinguish the cases Plaintiffs cite, but fails to explain why the proposition for which they stand – namely, that a stay is not implemented until the court acts to grant it – is not applicable here. Though waving his hand dismissively at the cases Plaintiffs cite, defendant offers no support for his own position that the Court's inaction on a motion to stay may be interpreted to passively implement the "extraordinary remedy" of a stay. *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case ... is an extraordinary remedy.").

Second, though Plaintiffs refer the Court to their opposition to defendant's stay application for a more complete explanation as to why the stay would be inappropriate, Plaintiffs emphasize the following salient points of that opposition.

1. Defendant over-extends Fifth Amendment concerns to a post-trial, post-conviction setting where the defendant has already "shown its hand," the government has already collected its evidence and successfully tried and convicted the defendant, and any potential re-trial implicating the concerns is, at best, speculative, dependent on a reversal of the defendant's conviction, granting of a new trial, and a decision to retry. *See* Docket Entry No. 2405, at 1-3, 5-6; *see also Sparkman v. Thompson*, No. 08-01KKC, 2009 U.S. Dist. LEXIS 57540 (E.D. Ky. July 6, 2009). Moreover, to the extent that a re-trial *may* happen in the future, the protections that apply in pre-trial settings, where the Speedy Trial Act assures prompt resolution of the criminal case, are absent. *Sparkman*, at *6-7.

2. Defendant's Fifth Amendment concerns are not implicated by the production of non-testimonial documentation – e.g., voluntarily prepared business or personal documents – to which Fifth Amendment protection does not extend. *See* Docket Entry No. 2405, at *8-9; *see also In Re: Grand Jury Subpoena Duces Tecum Dated October 29*, 1 F.3d 87, 93 (2d Cir. 1993) (the Fifth Amendment does not protect the contents of voluntarily prepared documents, either business or personal); *Braswell v. United States*, 487 U.S. 99, 104 (1988) (the Fifth Amendment privilege may not be asserted on the basis of corporate books and

The Honorable Frank Maas, U.S.M.J.
July 6, 2011
Page 3

---

    records); *Panaro v U.S. Securities and Exchange Comm*, CV-86-4122, 1987 U.S. Dist. LEXIS 16810, *7 (E.D.N.Y. August 5, 1987) (bank records are not considered to be compelled testimonial evidence because they are voluntarily prepared by the bank).

3. The Plaintiffs' the Court's and the public's interests in proceeding expeditiously to avoid the additional prejudice of further delay far outweigh the interest of Sedaghaty in fostering indefinite extension of already long-delayed discovery proceedings. *See* Docket Entry No. 2405, at *6-7. As articulated in Plaintiffs' opposition to the stay, due to the long interval between the court's decision to deny Sedaghaty's motion to dismiss and the initial setting of discovery deadlines, defendant has *already* reaped whatever benefit to which he may have been entitled. Additional delay will serve only to further prejudice the plaintiffs, who have waited almost a decade to proceed in discovery. The prejudice of even more delay will be compounded by the fact that a delay versus Sedaghaty would effectively also cause delay to discovery regarding the Al Haramain defendants, and potentially other defendants as to which discovery from Sedaghaty may eventually be shown relate. Notwithstanding the aggressive discovery schedule implemented by the Court, substantially at the urging of defendants' counsel, it is impossible to meet that schedule with continued delays like those urged by Sedaghaty.

<u>The Protective Order Implemented in the Criminal Proceedings Does Not
Prohibit The Discovery Of Documents Within Sedaghaty's Control</u>

    Although never raised in any discovery responses, Sedaghaty asserts for the first time that he is not obliged to produce any discovery documents because of a protective order that an Oregon court entered in a criminal proceeding; but that order, by its own terms relates to only "discovery material provided by the government." Protective Order, at 1. Moreover, the protective order obviously contemplates that defendants would have in their possession originally from other sources some material that the government provided in discovery and that that material may be reproduced and disseminated. On this point the order provides: "Nothing in this protective order shall in any manner limit the right of counsel for defendant Sedaghaty to reproduce and disseminate any document that they obtain from independent sources other than the government even if it is within the material provided to the defense by the government in the discovery process." Protective Order, at 2. Sedaghaty's broad extension of that order to contend that he may not produce trial documents or, perhaps more obviously, documents originally in his own possession, seized by the government, and later returned to the defendant, is improper, overly broad, and misleading. Clearly, most (or perhaps all) of the documents requested by the Plaintiffs' fall into the category of documents that would be permitted to be produced in this litigation as having come from the defendant initially.

    To the extent that there is any *real* issue identified in producing any responsive documents – that is, where production is, in fact, indicated to be in conflict with the protective order – the Court may consider implementing appropriate protections under Rule 26 of the Federal Rules of Civil Procedure, allowing production but preserving the protections of the existing order.

The Honorable Frank Maas, U.S.M.J.
July 6, 2011
Page 4

### Conclusion

For the reasons expressed herein, as well as in Plaintiffs letter dated June 17, 2011, and in Plaintiffs' Memorandum of Law in Opposition to Defendant Perouz Sedaghaty's Motion to Stay (Docket Entry No. 2405), the Court should compel Sedaghaty to respond fully to each request and make all of the requested documents available.

The mere existence of a parallel criminal case, even one that includes a protective order, does not automatically immunize Sedaghaty in a separate civil action in another jurisdiction from having to participate in discovery under the federal rules. This is, particularly true where the proceedings in the criminal action have essentially concluded and the proceedings in the civil action have *not* been stayed. The defendant should be required to continue to engage in discovery to advance the civil case in an orderly, efficient, and timely manner. For example, rather than assuming the proceedings were stayed, the appropriate approach would have been for the defendant to have responded – asserting his objections, including his claims of Fifth Amendment protection – and produced the documents he determined were fully responsive. Plaintiffs could then have made an independent assessment of the responses – including the objections – and moved to compel based on the responses and documents provided. But the defendant should not be permitted to unilaterally put a halt on this decade old litigation.

Respectfully submitted,

ROBERT T. HAEFELE,
FOR THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

Enclosures
cc:   The Honorable George B. Daniels (Via Federal Express)
      Alan Kabat, Esquire – attorney of record for defendant Perouz Sedaghaty
      All counsel of record (Via Electronic Mail)