## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)<br>ECF Case |

This document applies to:

*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-cv-06978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 03-cv-08591
*Pacific Employers Insurance, et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 04-cv-7216
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-09849
*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02-cv-06977
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia*, Case No. 04-cv-1922
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04-cv-5970

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RELIEF OF THE FINAL JUDGMENTS ENTERED IN FAVOR OF THE KINGDOM OF SAUDI ARABIA AND SAUDI HIGH COMMISSION FOR RELIEF OF BOSNIA & HERZEGOVINA

Pursuant to Federal Rule of Civil Procedure 60(b)(6), Plaintiffs respectfully move that the Court vacate the judgments issued in favor of defendants the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina ("SHC")[1] in light of the Court of Appeals' recent decision, *Doe v. Bin Laden*, No. 09-4958-cv, 2011 U.S. App. LEXIS 22516 (2d Cir. Nov. 7, 2011) (per curiam). The relief requested is appropriate because *Doe* set aside the Second Circuit's earlier holding that formed the basis for dismissing plaintiffs' claims against the

---

[1] Plaintiffs seek relief from the judgments entered in favor of the Kingdom in the following actions: *Federal Insurance v. Al Qaida*, No. 03-cv-06978; *Vigilant Insurance v. Kingdom of Saudi Arabia*, No. 03-cv-08591; *Pacific Employers Insurance v. Kingdom of Saudi Arabia*, No. 04-cv-7216; and *O'Neill v. Kingdom of Saudi Arabia*, No. 04-cv-1922. *See* Rule 54(b) J., *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-1570 (S.D.N.Y. Jan. 10, 2006). Plaintiffs seek relief from the judgments entered in favor of the SHC in the following actions: *Federal Insurance v. Al Qaida*, No. 03-cv-06978; *Burnett v. Al Baraka Investment & Development Corp.*, No. 03-cv-09849; *Ashton v. Al Qaeda Islamic Army*, No. 02-cv-06977; and *Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04-cv-5970. *See id.*

Kingdom of Saudi Arabia and SHC and would otherwise produce contradictory results as to two identically-situated sovereign states in the same litigation.

## I.     RELEVANT CASE HISTORY

The judgments at issue arose out of a multi-district litigation proceeding ("MDL") in which various plaintiffs groups seek relief from defendants alleged to be responsible for the September 11, 2001, terrorist attacks.  On January 18, 2005, Judge Casey dismissed claims asserted by most groups of plaintiffs against the Kingdom of Saudi Arabia, reasoning that the Kingdom was immune from suit under the Foreign Sovereign Immunities Act ("FSIA").  *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 803 (S.D.N.Y. 2005).  On September 21, 2005, Judge Casey dismissed claims by most groups of plaintiffs against the SHC, finding that the SHC was an alter-ego of the Saudi government and that no exception to immunity under the FSIA was available for the claims against that defendant.  *In re Terrorist Attacks on Sept. 11, 2001*, 392 F. Supp. 2d 539, 555 (S.D.N.Y. 2005).  A Rule 54(b) final judgment was entered in favor of the Kingdom and SHC on January 10, 2006.  Plaintiffs filed timely appeals.

On appeal, the Second Circuit affirmed the dismissals of the Kingdom and SHC on the sole ground that the FSIA's noncommercial tort exception, 28 U.S.C. §1605(a)(5), did not provide a basis for subject matter jurisdiction for a claim arising from an act of terrorism.  *In re Terrorist Attacks on Sept. 11, 2001* (*Terrorist Attacks III*), 538 F.3d 71, 89-90 (2d Cir. 2008), *abrogated in part by Doe*, 2011 U.S. App. LEXIS 22516, at *18 n.10, *and Samantar v. Yousuf*, 130 S. Ct. 2278 (2010).  The Court reasoned that the state sponsor of terrorism exception, enacted by Congress in 1996 and codified at 28 U.S.C. §1605A, provides the exclusive basis under the FSIA for claims arising from an act of terrorism.  *Id.* at 90.

Plaintiffs petitioned the Supreme Court for a writ of certiorari, seeking review of the panel's decision dismissing the Kingdom and SHC and its construction of Section 1605(a)(5).

The Supreme Court denied plaintiffs' petition on June 29, 2009. *Fed. Ins. Co. v. Kingdom of Saudi Arabia*, 129 S. Ct. 2859 (2009). On July 13, 2011, the District Court dismissed the claims against the Kingdom and SHC asserted by the New York Maritime and Continental Casualty plaintiffs groups. Rule 54(b) Order, *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-1570 (S.D.N.Y. July 13, 2011).

## II.    THE DECISION IN *DOE V. BIN LADEN, ET AL.*

On November 7, 2011, the Second Circuit in *Doe v. Bin Laden* – a case transferred into the MDL in August 2009 – held that the FSIA's "terrorism exception, rather than limiting the jurisdiction conferred by the noncommercial tort exception, provides an *additional* basis for jurisdiction." 2011 U.S. App. LEXIS 22516, at *19 (emphasis added). The Court held that "the noncommercial tort exception [§ 1605(a)(5)] can be a basis for a suit arising from the terrorist attacks of September 11, 2001." *Id.* at *5. Consistent with that holding, the Court permitted the suit against the sovereign defendant seeking damages for the September 11, 2001, attacks to proceed and remanded the case for jurisdictional discovery. *Id.* at *1-2.

In *Doe*, the Court stated that its "holding is inconsistent with that reached by a different panel of our Court in *In re Terrorist Attacks on September 11, 2001*, 538 F.3d 71, 89 (2d Cir. 2008)," referring to the decision affirming the dismissals of the Kingdom of Saudi Arabia and SHC. *Id.* at *19 n.10. To overturn that earlier decision, the *Doe* Court circulated its opinion to all active members of the Second Circuit and received no objection to issuing its new construction of Section 1605(a)(5). *Id.* Thus, pursuant to the Second Circuit's "mini-*en banc*" procedure, *Doe* overrules the earlier panel decision in *Terrorist Attacks III,* and *Doe's* construction of Section 1605(a)(5) is now the law of this Circuit. *Id.* (citing *Shipping Corp. of India v. Jaldhi Overseas PTE Ltd.*, 585 F.3d 58, 67 & n.9 (2d Cir. 2009) (providing the "mini-*en banc*" process permits a Second Circuit panel to declare an earlier decision "no longer . . .

binding precedent in this Circuit")); *see Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic*, 582 F.3d 393, 400 (2d Cir. 2009) (applying the mini-en banc process and holding that "to the extent that" an earlier opinion "conflicts with our holding today … it is overruled").

And, because both *Terrorist Attacks III* and *Doe* arose from the same MDL, the result of *Doe* is that one foreign state (Afghanistan) has been deemed subject to jurisdiction for 9/11 claims under the FSIA's noncommercial tort exception while another foreign state (Saudi Arabia) has been deemed immune from such claims for the opposite reason in the same case. The Court should correct this manifestly unjust outcome.

## III.   RELIEF PURSUANT TO FED. R. CIV. P. 60(b)(6) IS WARRANTED[2]

### A.   <u>Legal Standards for Granting Rule 60(b)(6) Relief</u>

Rule 60(b)(6) of the Federal Rules of Civil Procedure dictates that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or procedure for … any other reason that justifies relief."   Fed. R. Civ. P. 60(b)(6).   As the Supreme Court has recognized: "In simple English, the language of the 'other reason' clause … vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949) (plurality opinion).

Consistent with that purpose, Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] constitutes a grand reservoir of

---

[2] If the Court determines that Rule 60(b)(6) is not appropriate in this case, then the Court should apply Rule 60(b)(5), which permits relief from a judgment that was "based on an earlier judgment that has been reversed or vacated," may be utilized instead. Fed. R. Civ. P. 60(b)(5). Although there is little case law in the Second Circuit interpreting this language, this Court has held that relief under that section is not permissible where the judgment applied law "subsequently overruled or declared erroneous in another unrelated proceeding." *Eubanks v. United States*, 2005 U.S. Dist. LEXIS 16712, at *8-9 (S.D.N.Y. Aug. 11, 2005). Here, as explained throughout, the judgment dismissing the defendants was declared erroneous in the *same* MDL proceeding.

equitable power to do justice in a particular case." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (quotation marks and citations omitted).  Relief under Rule 60(b)(6) "is warranted 'where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Matarese*, 801 F.2d at 106).

### B.      Intervening Change Affecting Basis of Judgment and Inconsistent Results

This Rule 60(b)(6) legal standard is readily met where, as here, an intervening decision of law directly overturns or abrogates the legal basis upon which the judgment has been upheld. Where the change in decisional law "'calls into serious question the correctness of the court's judgment[,]'" Rule 60(b)(6) relief may be particularly appropriate. *Sargent v. Columbia Forest Prods., Inc.*, 75 F.3d 86, 90 (2d Cir. 1996).  Here, of course, the correctness of the legal basis for upholding the judgment has not only been called into serious question, it has expressly been considered, set aside, and replaced with a different and contrary legal rule. *See supra* pp. 3-4.

The Second Circuit has found relief to be necessary even where the abrogation of the legal basis for a judgment was far less clear and direct than here.  Recently, it held that a district court had abused its discretion in not granting a 60(b)(6) motion when a change in governing law had wholly undermined the legal basis of the judgment against the defendant. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55-56 (2d Cir. 2004).  The Court explained that 60(b)(6) relief was warranted because the change in law worked a "manifest injustice … go[ing] to the very basis" of the judgment under review. *Id.* at 56.  Similarly, this Court granted a 60(b)(6) motion after the Second Circuit reversed an opinion relied upon "exclusively" in dismissing the plaintiffs' claims. *Pasquino v. Lev Parkview Developers, LLC*, No. 09 Civ. 4255, 2011 U.S. Dist. LEXIS 112460, at *16-17 (S.D.N.Y. Sept. 29, 2011).

In addition, courts have granted Rule 60(b)(6) relief where, as here, a failure to vacate a judgment based on an intervening change of law would produce inconsistent judgments in related proceedings arising from the same incident. *E.g.*, *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748 n.6 (5th Cir. 1995) ("where two cases arising out of the same transaction result in conflicting judgments, relief has been found to be warranted"); *Pierce v. Cook & Co.*, 518 F.2d 720, 723-24 (10th Cir. 1975); *First Am. Nat'l Bank of Nashville v. Bonded Elevator, Inc.*, 111 F.R.D. 74, 75 (W.D. Ky. 1986) (granting 60(b)(6) relief where divergent outcomes for two plaintiffs seeking recovery under the same promissory note resulted from choice of federal rather than state forum, since federal court based its decision on state law subsequently invalidated by Kentucky Supreme Court in related case); *Norman v. Nichiro Gyogyo Kaisha, Ltd.*, 761 P.2d 713, 717 (Alaska 1988) (granting post-judgment relief under Alaska rule identical to Rule 60(b)(6) where divergent outcome for two plaintiffs seeking recovery under the same shareholder agreement resulted from subsequently invalidated interpretation of Alaska law in related case); *Cf. Gondeck v. Pan Am. World Airways, Inc.*, 382 U.S. 25, 27 (1965) (per curiam) (granting post-judgment relief where divergent results for the survivors of two people killed in the same car accident resulted from a circuit split in statutory interpretation).

Similarly, the Second Circuit has also emphasized the importance of inconsistent results arising in the same litigation for purposes of applying Rule 60(b)(6). In *DeWeerth v. Baldinger*, 38 F.3d 1266 (2d Cir. 1994), the movant sought 60(b)(6) relief based on a state court decision in an unrelated case which altered the applicable law. *Id.* at 1272. Although the Second Circuit found that 60(b)(6) relief was not warranted, it carefully distinguished cases where a change in decisional law would cause "actions arising out of the same accident and involving the same parties to have opposite results." *Id.* at 1274-75 (citing *Pierce*, 518 F.2d at 723).

Here, *Doe* establishes each of these bases for granting Rule 60(b)(6) relief. As described above, it directly overruled and set aside the legal basis upon which the judgments at issue were upheld. *See supra* pp. 3-4. And, the change in law produced by *Doe* has resulted in inconsistent judgments in related proceedings – indeed, in the *same* MDL – arising from the same tragedy. Rule 60(b)(6)'s standard is readily met here.

### C.   Additional Factors Support Relief Under Rule 60(b)(6)

When not addressing a clear and direct overruling of the basis for a legal decision or confronted with conflicting determinations arising in the same litigation, courts have considered additional factors in deciding whether Rule 60(b)(6) relief is warranted. These factors include when the court is on notice of the pending case that may alter the legal rule, the timing of the motion for relief, and general equitable considerations. *See Sargent*, 75 F.3d at 90-91; *Tal v. Miller*, No. 97 Civ. 2275, 1999 U.S. Dist. LEXIS 652, at *5-6 (S.D.N.Y. Jan. 25, 1999).

Here, these factors also support Rule 60(b)(6) relief. The Court was clearly on notice of the proceedings that led to the *Doe* decision. *Doe* is part of this MDL, and this Court was aware of its pending appeal and the potential that the Second Circuit's decision could alter the relevant decisional law.[3]

As to timing, this application is being presented within two months of the intervening change of law and presents no bar to granting relief. A district court assessing whether a Rule 60(b) motion has been presented within a reasonable time "'must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay.'" *Eubanks v. United States*, No. 97 Civ. 3891, 2005 U.S. Dist. LEXIS 16712, at *9 (S.D.N.Y. Aug.

---

[3] The Order transferring *Doe* into the MDL was sent to and received by this Court. Transfer Order, *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-1570 (S.D.N.Y. Aug. 10, 2009). Also, on November 25, 2008, plaintiffs sent this Court the petition for writ of certiorari, which cited *Doe*, providing this Court with notice as to the appeal it was inheriting. *See* Exhibit 1.

11, 2005) (quoting *Moses v. United States*, No. 97 Civ. 2833, 2002 U.S. Dist. LEXIS 16799, at

*2 (S.D.N.Y. Sept. 9, 2002)).  Applying that standard, courts in this Circuit have on numerous

occasions concluded that a Rule 60(b)(6) motion filed within a few months of the intervening

change of law is timely, even where the judgment at issue was entered several years earlier.  *See,*

*e.g.*, *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (holding that Rule 60(b)(6) relief

was timely where motion was filed two years after entry of summary judgment and over two

months after intervening change in decisional law); *Dunlop v. Pan Am. World Airways, Inc.*, 672

F.2d 1044, 1051 (2d Cir. 1982) (holding that Rule 60(b)(6) relief was timely over two years after

settlement and over four months after intervening change in decisional law); *Air India, LTD. v.*

*Brien*, 239 F.R.D. 306, 310, 314 (E.D.N.Y. 2006) (holding that Rule 60(b)(6) relief was timely

twenty-two months after final order of dismissal, over two months after an intervening change in

decisional law), *rev'd on other grounds*, *United Airlines*, 588 F.3d at 177.  Consistent with these

holdings, and in view of the unique nature of this case and its procedural status, the present

application, filed less than two months after the decision in *Doe*, has been filed within a

reasonable time.

Moreover, a not inappropriate amount of time has elapsed between this motion and when

the judgments at issue became final.  The Supreme Court denied certiorari, and the initial

judgment in favor of the Kingdom and SHC became final on June 29, 2009.  *Cf. Cirami*, 563

F.2d at 32 (relief granted two-years after entry of summary judgment); *Dunlop*, 672 F.2d at 1051

(relief granted more than two-years after settlement); *Air India*, 239 F.R.D. at 314 (relief granted

nearly two years after final order of dismissal).  Additionally, the Rule 54(b) Order dismissing

the New York Maritime and Continental Casualty plaintiffs groups' claims against SHC was

issued on July 13, 2011, and became final once the period for filing a notice of appeal expired.

Nor will vacating the judgments result in any undue hardship to the Kingdom of Saudi Arabia or SHC.  Claims remain pending against two acknowledged alter-egos of the Kingdom, the Saudi Red Crescent Society and Saudi Joint Relief Committee for Kosovo and Chechnya, as well as one self-identified agency of the Kingdom, National Commercial Bank.  In addition, claims remain pending against several alleged officials of the Saudi government, who have claimed immunity under the theory that the conduct which forms the basis of the claims against them was undertaken on behalf of the Saudi government itself.  By virtue of the continuing claims against its alter-egos and officials, the Kingdom has retained a continuing interest in this litigation.[4]  In fact, the Kingdom's counsel continues to serve as Chair of the Defendants' Executive Committee, and has actively participated in this MDL.

In addition, the equities implicated here strongly favor granting Rule 60(b)(6) relief.  The decision in *Doe* was issued in another case in this same MDL and directly abrogated the legal basis for upholding the judgments at issue, and the Second Circuit's decision has produced inconsistent results as to two identically situated foreign states, in relation to substantively identical claims.  Indeed, the failure to remedy the inconsistent results as to the Kingdom/SHC and Afghanistan would be especially inequitable, given the Kingdom's continuing interests in this case and the historic significance and the public interest of the events of September 11, 2001, which give rise to these claims.

---

[4] Further, during a hearing on June 23, 2011, counsel for the International Islamic Relief Organization indicated that he was engaged in a dialogue with counsel for the Kingdom to determine whether the Saudi government would object to the disclosure of certain of the IIRO's documents in response to plaintiffs' discovery requests, under the theory that those documents were somehow protected from discovery by the Kingdom's purported immunity, thus confirming the Kingdom's ongoing interest and participation in discovery proceedings.  In response, the Court indicated that it may require the Kingdom to "come to court to clarify this issue."  June 23, 2011, Transcript, at p. 30.

For the foregoing reasons, relief under Rule 60(b)(6) is warranted.

Dated:  December 21, 2011

/s/_____
Stephen A. Cozen, Esq.
Elliott R. Feldman, Esq.
Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2000


/s/_____
Dorothy J. Spenner
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
Tel: (212) 839-5300

Of Counsel:

Carter G. Phillips
Richard Klingler
Christian P. Huebner
Paul R. Perkins
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Tel: (202) 736-8000


On Behalf of the *Federal Insurance*, *Vigilant, and Pacific Employers* Plaintiffs

/s/
Ronald L. Motley, Esq
Jodi Westbrook Flowers, Esq.
Michael Elsner, Esq.
Robert Haefele, Esq.
Vincent I. Parrett, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Tel: (843) 216-9000


/s/
Paul J. Hanly, Jr., Esq.
Jayne Conroy, Esq.
Andrea Bierstein, Esq.
HANLY CONROY BIERSTEIN & SHERIDAN,
LLP
415 Madison Avenue
New York, NY 10017-1111
Tel: (212) 401-7600


On Behalf of the *Burnett* Plaintiffs


/s/
James P. Kreindler, Esq.
Justin T. Green, Esq
Andrew J. Maloney III, Esq.
KREINDLER & KREINDLER LLP
100 Park Avenue
New York, NY 10017-5590
Tel:  (212) 687-8181


On Behalf of the *Ashton* Plaintiffs

/s/_____
Jerry S. Goldman, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020
Tel:  (212) 687-8181


On Behalf of the *O'Neill* Plaintiffs


/s/_____
Robert M. Kaplan, Esq.
FERBER CHAN ESSNER & COLLER, LLP
530 Fifth Avenue, 23rd Floor
New York, New York 10036-5101
(212) 944-2200

On Behalf of the *Continental Casualty* Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Plaintiffs' Memorandum of Law in Support of Their Motion for Relief of the Final Judgments Entered in Favor of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina was filed electronically this 21st day of December 2011.  Notice of this filing will be sent to all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system. Parties may access this filing through the Court's ECF system.  In addition, copies of Plaintiffs' Memorandum of Law were sent via express U.S. mail to Michael K. Kellogg, Esq. and Lawrence S. Robbins, Esq.


/s/
J. Scott Tarbutton

PHILADELPHIA\6288195\1