USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 10 2012

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001<br><br>This document relates to:<br><br>Federal Insurance Co., et al v. al Qaida, et al<br>03 CV 06978 (GBD) | 03 MDL 1570 (GBD)<br>ECF Case |

## ORDER

And now, on this 10th day of January, 2012, after careful consideration of the request for entry of final judgments in favor of certain plaintiffs and against defendant al Qaeda, this Court finds that there is no just reason to delay the entry of final monetary judgments pursuant to Federal Rule of Civil Procedure 54(b).

This litigation has now been pending since 2002. On April 7, 2006, Judge Casey ordered that a default judgment be entered against al Qaeda and a number of other defendants. The certain plaintiffs in Federal Insurance Co. v. al Qaeda ("Plaintiffs")[1] subsequently moved pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331, et seq., to assess damages against al Qaeda for injuries sustained by their "property or business." See 03-CV-06978 Docket Entry No. 688. This Court referred the matter to Magistrate Judge Frank Maas, who

---

[1] These Plaintiffs are AXA Art Insurance Company, AXA Global Risks (LTK) Ltd., AXA CSA UK Branch, AXA Insurance Company, AXA Reinsurance Company, AXA Re, AXA Re Canadian Branch, AXA Re UK Plc, AXA Versicherung, and SPS Re (collectively, "AXA"); Chubb Custom Insurance Company, Chubb Insurance Company of Canada, Chubb Insurance Company of New Jersey, Chubb Indemnity Insurance Company, Federal Insurance Company, Great Northern Insurance Company, Pacific Indemnity Insurance Company, and Vigilant Insurance Company (collectively, "Chubb"); American Alternative Insurance Company, The Princeton Excess & Surplus Lines Insurance Company (collectively, "MRAm"); Great Lakes Reinsurance (UK) Limited; OneBeacon Insurance Company; and TIG Insurance Company ("TIG"). Docket Entry No. 688.

recommended that Plaintiffs be awarded $9,351,247,965.99. This Court adopted that recommendation, and ordered that Plaintiffs be awarded judgment in that amount in an order dated December 15, 2011 (Exhibit "A"). This Court subsequently entered judgment in favor of Plaintiffs and against al Qaeda on December 22, 2011 (Exhibit "B").

Absent the entry of a Rule 54(b) judgment, it could be several more years before all claims against all defendants in this action are resolved. Many claims remain in the early stages of discovery, complicated by the fact that many of the relevant documents are located abroad and are in foreign languages.

In the meantime, Plaintiffs are unable to enjoy the benefit of their judgments and monetary award, and will likely be prejudiced in relation to their efforts to obtain partial satisfaction of their judgments should these judgments not be made final at the earliest possible date. Specifically, failure to enter final judgments in favor of the Plaintiffs and against al Qaeda could prejudice Plaintiffs' rights to protect their interests relative to domestic frozen assets of al Qaeda, which are available to them to satisfy a final judgment pursuant to Section 201 of the Terrorism Risk Insurance Act, Pub. L. No. 107-297, 116 Stat. 2322 (Nov. 26 2002). Meanwhile, neither al Qaeda nor any other party in this action has given this Court any just reason for delay of final judgment.

It is thus appropriate at this juncture to enter partial final judgments under Rule 54(b) with respect to the monetary judgments previously entered against al Qaeda. See Cullen v. Margiotta, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate where additional proceedings "could last years," and where there was "no just reason to require the parties to await the conclusion" of all related proceedings until making the already entered judgments final). This Court's Orders have decided all claims asserted by Plaintiffs against al

Qaeda and have decided finally the rights and liabilities of this defendant, constituting final decisions within the meaning of 28 U.S.C. § 1291.

**ACCORDINGLY, IT IS HEREBY ORDERED**, this 10th day of January, 2012 that the Court's entry of judgment, identified as Exhibit "B," be certified as final pursuant to Federal Rule of Civil Procedure 54(b). The Clerk of the Court is directed to prepare and enter a final judgment.

JAN 10 2012

SO ORDERED

_George B. Daniels_
HON. George B. Daniels
United States District Judge