UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re Terrorist Attacks on September 11, 2001

MEMORANDUM DECISION AND
ORDER

03 MDL 1570 (GBD)(FM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 11 2012

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

This document relates to:

*Ashton v. Al Qaeda Islamic Army*, No. 02-CV-6977 (GBD) (FM)
*Burnett v. Al Baraka Inv. & Dev. Corp.*, No. 03-CV-9849 (GBD) (FM)
*Continental Casualty v. Al Qaeda Islamic Army*, No. 04-CV-5970 (GBD) (FM)
*Euro Brokers v. Al Baraka*, No. 04-CV-7279 (GBD)(FM)
*Euro Brokers v. Al Baraka Inv. & Dev. Corp.*, No. 04-CV-7279 (GBD) (FM)
*Federal Insurance v. Al Qaida*, No. 03-CV-6978 (GBD) (FM)
*World Trade Center Properties, L.L.C. v. Al Baraka Inv. & Dev. Corp.*, No. 04-CV-7280 (GBD) (FM)

GEORGE B. DANIELS, District Judge:

This multi-district litigation was referred for general pre-trial supervision to Magistrate Judge Frank Maas. Plaintiffs allege that Defendant Perouz Sedaghaty ("Sedaghaty") conspired with Al-Haramain Islamic Foundation, Inc. ("Al-Haramain") to unlawfully aid, abet, conspire with and offer material support to Al Qaeda. In an unrelated criminal case in the District of Oregon, Sedaghaty was convicted of conspiring to defraud the United States in connection with a scheme to transport nearly $200,000 in traveler's checks from the United States to Saudi Arabia without filing the required Currency Transaction Reports, and aiding and abetting the filing of a false tax return, in his role as founder and officer of Al-Haramain (USA). Sedaghaty filed a motion to stay discovery against him pending his appeal of the District of Oregon criminal conviction.

Sedgahaty argued that responding to Plaintiffs' discovery may cause him to waive or forfeit his Fifth Amendment privilege against self-incrimination. Plaintiffs opposed Sedaghaty's motion and requested that Magistrate Judge Maas compel him to respond to their document requests. Magistrate Judge Maas denied Sedaghaty's motion to stay discovery and granted Plaintiffs' motion to compel document discovery. Sedaghaty timely objected to Magistrate Judge Maas's order pursuant to Fed. R. Civ. P. 72(a) on December 6, 2011. Plaintiffs filed an opposition on December 20, 2011. Sedaghaty filed no reply.[1]

Under Rule 72(a), a court reviews a non-dispositive order of a magistrate judge and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435(1985). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." MacNamara v. City of New York, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

"It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." RMED Int'l, Inc. v. Sloan's Supermarkets, Inc., 2000 U.S. Dist.

---

[1] On December 29, 2011, just two days after his reply would have been due to this Court, Sedaghaty petitioned the Second Circuit Court of Appeals for a writ of mandamus ordering the district court to vacate Magistrate Judge Maas's Memorandum Opinion (Docket Entry No. 2491) and Order (Docket Entry No. 2501), which denied his motion to stay discovery and ordered him to respond in full to plaintiffs' document requests by January 20, 2012. The Second Circuit denied that petition without opinion on January 10, 2012.

LEXIS 4892, at *4 (S.D.N.Y. Apr. 17, 2000); accord Beckles v. City of New York, 2010 U.S. Dist. LEXIS 45423, at *5 (S.D.N.Y. May 10, 2010). Thus, "[t]he party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., 04 Civ. 6189 (JFK), 2007 U.S. Dist. LEXIS 59233, at *4 (S.D.N.Y. Aug. 13, 2007).

Magistrate Judge Maas did not abuse his discretion when he denied Sedaghaty's motion to stay and compelled Sedghaty to respond to Plaintiffs' document requests. In determining motions to stay civil actions while criminal litigation is pending, courts consider "1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." In re 650 Fifth Ave., No. 08 Civ. 10934, 2011 WL 3586169, at *3 (S.D.N.Y. Aug. 12, 2011) (quoting Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). In weighing these factors, however, a court must recognize that "[a] stay of the civil case . . . is an extraordinary remedy." Id. (internal quotation marks omitted). Magistrate Judge Maas carefully weighed each of the relevant factors and came to the well supported conclusion that a stay was not appropriate.

Magistrate Judge Maas found that there was some overlap between the criminal proceedings and this litigation but the charged criminal conduct was not unextricably interrelated to the civil claims. He found that that the likelihood that Sedaghaty would "effectively forfeit his civil case" by asserting his Fifth Amendment privilege is minimal.

3

Specifically, he noted that given the issues that Sedaghaty raised on appeal, it is unlikely that the act of producing non-testimonial documents in response to Plaintiffs' document requests will implicate Sedaghaty's Fifth Amendment privilege. Further, Magistrate Judge Maas noted that the Plaintiffs have a strong interest in proceeding with this litigation which has been pending over seven years, but in which merits discovery as to Sedaghaty and some of the other defendants has only recently begun.

Sedaghaty has not raised any meritorious objections that would entitle him to relief from Magistrate Judge Maas's order. Sedaghaty argues that Magistrate Judge Maas erred in holding that a Defendant cannot assert his Fifth Amendment privilege against self-incrimination while his appeal of parallel conduct is pending. Magistrate Judge Maas made no such holding. Magistrate Judge Maas simply refused to stay all discovery against Sedaghaty. Moreover, Sedaghaty has not asserted a Fifth Amendment privilege in response to any particular discovery request. Sedaghaty also argues that Magistrate Judge Maas erred in concluding that there was little or no factual overlap between the criminal proceedings and this litigation. On the contrary, Magistrate Judge Maas recognized the extent of the overlap between the criminal proceedings and this litigation, but upon weighing all of the relevant factors, determined that a stay was not appropriate.

Sedaghaty's objection is overruled and rejected in its entirety.

Dated: New York, New York
      January 11, 2012

SO ORDERED:

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

4