UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

In re Terrorist Attacks on September 11, 2001

MEMORANDUM DECISION AND
ORDER

03 MDL 1570 (GBD)(FM)

------------------------------------ x

This document relates to:

*Ashton v. Al Qaeda Islamic Army*, No. 02-CV-6977 (GBD) (FM)
*Burnett v. Al Baraka Inv. & Dev. Corp.*, No. 03-CV-9849 (GBD) (FM)
*Cantor Fitzgerald Associates, LP v. Akida Investment Co., Ltd*, No. 04-CV-7065 (GBD) (FM)
*Continental Casualty v. Al Qaeda Islamic Army*, No. 04-CV-5970 (GBD) (FM)
*Euro Brokers v. Al Baraka Inv. & Dev. Corp.*, No. 04-CV-7279 (GBD) (FM)
*Federal Insurance v. Al Qaida*, No. 03-CV-6978 (GBD) (FM)
*Estate of O'Neill v. Al Baraka Inv. & Dev. Corp.*, No. 04-CV-1923 (GBD)(FM)
*World Trade Center Properties, L.L.C. v. Al Baraka Inv. & Dev. Corp.*, No. 04-CV-7280 (GBD) (FM)

GEORGE B. DANIELS, District Judge:

This multi-district litigation was referred for general pre-trial supervision to Magistrate Judge Frank Maas. During discovery, Plaintiffs requested documents relating to Al-Haramain Foundation (Saudi Arabia) ("Al Haramain Saudi Arabia") from Defendant Al-Haramain Islamic Foundation, Inc. (USA) ("AHIF-USA"). Defendant AHIF-USA objected to Plaintiffs' requests on the grounds that it does not have possession, custody or control of Al Haramain Saudi Arabia's records. Defendant AHIF-USA also objected on the grounds that the requests are overbroad and unduly burdensome. Plaintiffs subsequently filed a motion to compel Defendant AHIF-USA to respond to the document

requests. Defendant AHIF-USA filed an opposition and Magistrate Judge Maas heard oral argument on the motion.

Magistrate Judge Maas granted the motion to compel in part by oral order at a later discovery conference. Magistrate Judge Maas directed AHIF-USA to produce documents regarding Al Haramain Saudi Arabia that were in AHIF-USA's possession, custody, and control because "essentially the Saudi entity controlled in many respects the U.S. entity and the two were indistinguishable from one another, which gives rise to a duty to produce." See Transcript (Oct. 28, 2010) at 17: 4-7. Magistrate Judge Maas also overruled AHIF-USA's objections to producing responsive documents to the extent those objections were "boilerplate assertions of burdensomeness," and found that there was no adequate showing that the defendant necessarily could not obtain the documents. Id. at 16: 25- 18:10. AHIF-USA timely objected to Magistrate Judge Maas's oral order pursuant to Fed. R. Civ. P. 72(a)

Under Rule 72(a), a court reviews a non-dispositive order of a magistrate judge and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435(1985). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." MacNamara v. City of New York, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).

"It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." RMED Int'l, Inc. v. Sloan's Supermarkets, Inc., 94 Civ. 5587, 2000 U.S. Dist. LEXIS 4892, at *4 (S.D.N.Y. Apr. 17, 2000); accord Beckles v. City of New York, 2010 U.S. Dist. LEXIS 45423, at *5 (S.D.N.Y. May 10, 2010). Thus, "[t]he party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc., 04 Civ. 6189, 2007 U.S. Dist. LEXIS 59233, at *4 (S.D.N.Y. Aug. 13, 2007).

AHIF-USA argues that Magistrate Judge Maas's ruling should not be subject to the clearly erroneous standard of review because Magistrate Judge Maas impermissibly converted Plaintiffs' discovery motion to compel into a motion for summary judgment by ruling that AHIF-USA and Al Haramain Saudi Arabia are alter egos of each other. AHIF-USA also argues that Magistrate Judge Maas's ruling contradicted the law of the case doctrine because it contradicted Judge Robertson's prior ruling that Plaintiffs' allegation that AHIF-USA and Al Haramain Saudi Arabia are alter egos is a factual dispute to be sorted out in discovery, and with a motion for summary judgment.

Contrary to AHIF-USA's arguments, Magistrate Judge Maas only determined that for the purposes of document production, there is evidence that AHIF-USA and Al Haramain Saudi Arabia are alter egos sufficient to impose a duty on AHIF-USA to produce Al Haramain Saudi Arabia's documents. Magistrate Judge Maas made no final dispositive determination of whether AHIF-USA is liable for Al Haramain Saudi Arabia's actions based on an alter-ego theory. Thus, the abuse of discretion standard applies and Judge Robertson's ruling is not relevant to this discovery dispute.

Magistrate Judge Maas did not abuse his discretion when he compelled AHIF-USA to produce documents regarding Al Haramain Saudi Arabia.  Plaintiffs submitted documents demonstrating (1) substantial overlap of the officers and directors of AHIF-USA and Al Haramain Saudi Arabia, (2) the use of the same corporate office by AHIF and Al Haramain Saudi Arabia, (3) AHIF-USA's financial dependence on Al Haramain Saudi Arabia, (4) informal inter-corporate loan transactions between AHIF-USA and Al Haramain Saudi Arabia, (5) Al Haramain Saudi Arabia's control over certain AHIF-USA decision making, among other evidence.  See Transcript (Feb 8, 2010) at 25:24- 35:23.  Upon considering that evidence, as well as the evidence presented by AHIF-USA, Magistrate Judge Maas made a factually supported finding that the Saudi entity controlled in many respects the U.S. entity, which compelled a duty to produce.

Magistrate Judge Maas also did not abuse his discretion when he overruled AHIF-USA's objections to produce documents because those objections were "boilerplate assertions of burdensomeness."  To assert a valid objection on the basis that a document request is overly broad or unduly burdensome, one must do more than "simply intone [the] familiar litany that the [requests] are burdensome, oppressive or overly broad." Compaigne Francaise d'Assurance pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984).  Instead, the objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."  Id.  Upon reviewing AHIF-USA's affidavits and hearing oral

4

argument, Magistrate Judge Maas properly determined that there was no adequate showing that the discovery requests were overly broad or unduly burdensome.

AHF-USA also argues that Magistrate Judge Maas's ruling is clearly erroneous because it is contrary to settled law that a party cannot be required to produce documents that it cannot obtain, and that a party cannot be sanctioned for any such failure to produce documents. However, Magistrate Judge Maas specifically directed AHF-USA to produce documents in its possession, custody and control, and left the potential issue of sanctions for willful failure to produce the relevant documents for a later date.

AHF-USA has not raised any meritorious objections that would entitle it to relief from Magistrate Judge Maas's order. AHF-USA's objection is overruled and rejected in its entirety.

Dated: New York, New York
January 17, 2012

SO ORDERED:

GEORGE B. DANIELS
United States District Judge