IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re Terrorist Attacks on
September 11, 2001

03 MDL 1570 (GBD)

---------------------------------------------------------------x

The document relates to:

*Cantor Fitzgerald L.P. et al vs. Akida Investment Co et al., 04 CV 7065 (GBD)*
*EuroBrokers, Inc. v. Al Baraka Inv. & Dev. Corp, et al., 04 CV 07279 (GBD)*

## NOTICE OF JOINDER

Pursuant to Federal Rule of Procedure 60(b), Plaintiffs respectively join, adopt, and incorporate by reference the argument(s) and the request(s) for relief asserted in:

- Notice of Motion for Relief of the Final Judgments Entered in Favor of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (03-md-1570-GBD-FM, Document 2507, Filed 12/21/2011); and

- Memorandum of Law in Support of their Motion for Relief of the Final Judgments Entered in Favor of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (03-md-1570-GBD-FM, Document 2509, Filed 12/22/2011)

Joinder is proper because it promotes judicial economy. Plaintiffs in *the Federal Insurance, Vigilant Insurance, Pacific Employers Insurance, Burnett, Ashton, O'Neill* and *Continental Casualty* actions, respectively, jointly moved the Court to vacate judgments in favor of the Kingdom and the Saudi High Commission. Plaintiffs here merely seek to join in that joint Motion and Request for Relief. Plaintiffs seek to vacate

judgments entered in favor of the Kingdom and the Saudi High Commission for Relief in Plaintiffs' actions on the same basis as asserted in the aforementioned Motion for Relief and Memorandum of Law in Support under Fed. R. Civ. P. 60(b).

Moreover, Plaintiffs here are in the same procedural posture as the actions consolidated before this Court. On January 18, 2005, the Court entered an order of dismissal in favor of the Kingdom of Saudi Arabia from cases consolidated with Plaintiffs' actions, reasoning that the Kingdom was immune from suit under the Foreign Sovereign Immunities Act ("FSIA"). *In re Terrorist Attacks on Sept.* 11, 2011, 349 F. Supp. 2d 765, 803 (S.D.N.Y. 2005). On May 5, 2005, the Court extended the January 18, 2005 dismissal order to Plaintiffs' actions. The May 5 order found that dismissal was appropriate because the factual "allegations and evidence presented against these Defendants" in Plaintiffs' actions did "not materially differ from the allegations and evidence presented in the cases already dismissed" in the January 18, 2005 order.

On September 21, 2005, the Court entered an order of dismissal in favor of the Saudi High Commission from cases consolidated with Plaintiffs' actions, reasoning that the Saudi High Commission was an alter-ego of the Saudi-government and that no exception to immunity under the FSIA applied. *In re Terrorist Attacks on Sept. 11, 2011*, 392 F. Supp. 2d 539, 555 (S.D.N.Y. 2005). On November 28, 2005, the court entered an order adopting the September 21, 2005 order as binding in Plaintiffs' actions and directed that any further appellate rulings would apply to Plaintiffs' actions with respect to the Saudi High Commission.[1]

---

[1] Unlike the May 5, 2005 order, the November 28, 2005 order did not dismiss these defendants from Plaintiffs' actions. Rather, the November 28, 2005 order found that the allegations in Plaintiffs' actions "parallel those in the complaints" which were the subject of the September 21, 2005 dismissal order, and "in many instances, are identical to them;

A Rule 54(b) final judgment was then entered in favor of the Kingdom and the Saudi high Commission on January 10, 2006. Plaintiffs filed timely appeals. The Second Circuit Court of Appeals affirmed the dismissals in favor of the Kingdom and the Saudi High Commission. *In re Terrorist Attacks on Sept. 11, 2011*, 538 F.3d 71, 89-90 (2d Cir. 2008), *abrogated in part by Doe*, 2011 U.S. App. LEXIS 22516, at *18 n.10, and *Samantar v. Yousuf*, 130 S. Ct. 2278 (2010). The Supreme Court denied Plaintiffs' petition for *writ of certiorari* on June 29, 2009. *Fed. Ins. Co. v. Kingdom of Saudi Arabia*, 129 S. Ct. 2859 (2009). On July 13, 2011, the District Court dismissed the claims against the Kingdom of Saudi Arabia and the Saudi High Commission in Plaintiffs' actions pursuant to Fed. R. Civ. P. 54(b). *In re Terrorist Attacks on September 11, 2011*, No. 03-MD-1570 (S.D.N.Y. July 13, 2011).

Dated: February 1, 2012

/s/ Kenneth L. Adams
Kenneth L. Adams
Christopher T. Leonardo
Adams Holcomb LLP
1875 Eye St., NW, Suite 810
Washington DC 20006
Tel: (202) 580-8820

-and-

/s/ Howard Feldman
Howard N. Feldman
Dickstein Shapiro LLP
1825 Eye St., NW
Washington DC 20006
Tel: (202) 420-2200

---

in particular, the allegations that make specific reference to" the Saudi High Commission, which "are substantially similar to those" dismissed complaints. November 28, 2005 Order at p. 2. Thus, the November 28, 2005 order directed that "any subsequent rulings by any appellate courts" in respect to the September 21, 2005 order would apply to and bind Plaintiffs' actions. November 28, 2005 Order at p. 2.

*Counsel to Cantor Fitzgerald Plaintiffs*

/s/Andrea Bierstein
Hanly Conroy Bierstein Sheridan Fisher &
   Hayes LLP
112 Madison Ave., 7th floor
New York, New York 10016
Tel: (212) 784-6403

-and-

/s/ Robert T. Haefele
Robert T. Haefele
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 216-9184

*Counsel to EuroBroker Plaintiffs*