UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                                        )
IN RE:  TERRORIST ATTACKS ON            )    **Civil Action No. 03 MDL 1570 (GBD)**
SEPTEMBER 11, 2001                                )    **ECF Case**
_____ )

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03-cv-06978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 03-cv-08591
*Pacific Employers Insurance, et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 04-cv-7216
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-09849
*Euro Brokers Inc., et al. v. Al Baraka, et al.*, Case No. 04-cv-7279
*Kathleen Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-cv-06977
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia*, Case No. 04-cv-1922
*Continental Casualty Co., et al. v. al Qaeda, et al.*, Case No. 04-cv-5970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private, Ltd., et al.*, Case No. 04-cv-7065


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE**


    Mark C. Hansen (MH0359)
    Michael K. Kellogg (MK4579)
    KELLOGG, HUBER, HANSEN, TODD,
      EVANS & FIGEL, P.L.L.C.
    Sumner Square
    1615 M Street, N.W., Suite 400
    Washington, D.C. 20036-3209
    (202) 326-7900
    (202) 326-7999 (fax)
    *Attorneys for the Kingdom of Saudi Arabia*

    Lawrence S. Robbins (LR8917)
    Roy T. Englert, Jr.
    ROBBINS, RUSSELL, ENGLERT,
      ORSECK, UNTEREINER & SAUBER LLP
    1801 K Street, N.W., Suite 411
    Washington, D.C. 20006
    (202) 775-4500
    (202) 775-4510 (fax)
    *Attorneys for the Saudi High Commission for Relief of*
    *Bosnia & Herzegovina*

February 28, 2012

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT ............................................................................................................................1

CONCLUSION .........................................................................................................................7

## TABLE OF AUTHORITIES

Page

CASES

*Advanced Fiber Techs. Trust v. J & L Fiber Servs., Inc.*, No. 1:07-CV-1191 LEK/DRH, 2010 WL 1948242 (N.D.N.Y. May 12, 2010) ........................................2

*Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18 (S.D.N.Y. 2007) ..............................................................................................2

*Doe v. Bin Laden*, 663 F.3d 64 (2d Cir. 2011) ...............................................................6

*Florez v. United States*, No. 07-CV-4965 (CPS), 2009 WL 2228121 (E.D.N.Y. July 24, 2009) ..............................................................................................2

*Friedlander v. Port Jewish Ctr.*, 588 F. Supp. 2d 428 (E.D.N.Y. 2008), *aff'd*, 347 F. App'x 654 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 1714 (2010) ..........................................................................................................2

*Gonzalez v. Crosby*, 545 U.S. 524 (2005) .......................................................................3

*King v. First Am. Investigations, Inc.*, 287 F.3d 91 (2d Cir. 2002) .................................4

*Letelier v. Republic of Chile*, 488 F. Supp. 665 (D.D.C. 1980) ......................................6

*Liu v. Republic of China*, 892 F.2d 1419 (9th Cir. 1989) ................................................6

*Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710 (S.D.N.Y. 1997), *aff'd*, Nos. 97-9208 et al., 1998 WL 398795 (2d Cir. June 8, 1998) .........................2

*Rowley v. City of New York*, No. 00 CIV. 1793 (DAB), 2005 WL 2429514 (S.D.N.Y. Sept. 30, 2005) ..........................................................................2

*United States v. International Bhd. of Teamsters*, 247 F.3d 370 (2d Cir. 2001) ........................................................................................................................3

*Warren v. Garvin*, 219 F.3d 111 (2d Cir. 2000) ...............................................................3

*Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07 CV 2352 HB, 2007 WL 1098714 (S.D.N.Y. Apr. 12, 2007) ..............................................1, 2

STATUTES AND RULES

Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1604 ................................................ 4

Fed. R. Civ. P.:

    Rule 7(b) ................................................................................................................ 1

    Rule 54(b) .............................................................................................................. 3

    Rule 60(b)(3) ......................................................................................................... 3

    Rule 60(b)(2) ................................................................................................. 2, 3, 4

    Rule 60(b)(6) ..................................................................................................... 3, 7

    Rule 60(c)(1) ......................................................................................................... 2

Local Civ. R. 7.1 ........................................................................................................... 1

OTHER MATERIALS

11 Charles A. Wright et al., *Federal Practice and Procedure* (2d ed. 1995) ................ 3

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1, Defendants the Kingdom of Saudi Arabia and the Saudi High Commission for Relief of Bosnia & Herzegovina (the "SHC") move to strike the Affirmation of Sean P. Carter and accompanying exhibits submitted by Plaintiffs in support of their motion for relief from the final judgments dismissing these cases against Saudi Arabia and the SHC.  In the alternative, Saudi Arabia and the SHC respectfully request that this Memorandum be made part of the record and considered as a response to the new material that Plaintiffs have improperly sought to introduce on reply.

## ARGUMENT

**A.**     Plaintiffs seek to rely on 156 pages of purported "evidence" submitted for the first time "in support of [their] Reply" that they claim implicates Saudi Arabia and the SHC in the September 11 attacks.[1]  Their attempt to present new factual material for the first time with their reply brief is entirely inappropriate:  "[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply.  Typically, in such situations, the Court strikes the evidence presented for the first time in reply, and does not consider it for purposes of ruling on the motion."  *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07 CV 2352 HB, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) (citations and internal quotation marks omitted; alteration in original).  Plaintiffs have offered no reason for failing to submit these materials earlier.[2]  The Court should therefore strike the Carter affirmation and

---

[1] Plfs.' Reply in Support of Their Mot. for Relief of the Final Judgments Entered in Favor of Saudi Arabia and the SHC at 1-2 (filed Feb. 24, 2012) (ECF No. 2557) ("Reply").

[2] Plaintiffs depict their purported evidence as a response to Defendants' reliance on the Report of the 9/11 Commission, which "'found no evidence that the Saudi government as an institution or senior Saudi officials individually funded' al Qaeda."  Defs.' Con. Mem. of Law in Opp. to Plfs.' Mot. for Relief of Final Judgments at 1 (filed Jan. 30, 2012) (ECF No. 2542) ("Opp.") (quoting 9/11 Report at 171); *see* Reply 1.  But the 9/11 Report is hardly new, and Defendants are not relying on it for the first time.  The same references to the 9/11 Report

accompanying exhibits.  *See id.* ("This Court will . . . strike Plaintiff's evidence presented with its reply brief, and not consider it for the purposes of ruling on this motion."); *Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 19-20 (S.D.N.Y. 2007) (granting motion to strike factual material submitted for first time on reply).[3]

The Court should also strike the voluminous new material submitted with Plaintiffs' reply for the independent reason that Plaintiffs cannot meet the requirements for seeking to reopen a judgment based on new evidence, and do not even try.  Rule 60(b)(2) permits litigants to seek relief from final judgments based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  But a motion under that provision must be brought "no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(c)(1).  It is well-settled that "[t]he one-year limit on motions under" Rule 60(b)(2) "runs from the date the judgment was entered *in the district*

---

contained in Defendants' opposition appeared in Saudi Arabia's original motion to dismiss seven and a half years ago, Saudi Arabia's Second Circuit brief more than five years ago, and Defendants' joint opposition to Plaintiffs' petition for certiorari more than three years ago. *Compare* Opp. at 1, 4, *with* Mem. of Law in Support of the Mot. To Dismiss of Saudi Arabia at 1, 3, 6, 14, No. 03-CV-6978 (S.D.N.Y. filed Aug. 4, 2004) (ECF No. 177-2), Br. of Def.-Appellee Saudi Arabia at 1, 6-7, *In re Terrorist Attacks on September 11, 2001*, No. 06-0319-cv (2d Cir. filed Jan. 5, 2007), 2007 WL 6101571, *and* Br. in Opp. for Resps. Saudi Arabia and the SHC at 1, 6-7, *Federal Ins. Co. v. Kingdom of Saudi Arabia*, No. 08-640 (U.S. filed Dec. 30, 2008), 2008 WL 5433365.

[3] *See also Advanced Fiber Techs. Trust v. J & L Fiber Servs., Inc.*, No. 1:07-CV-1191 LEK/DRH, 2010 WL 1948242, at *3 (N.D.N.Y. May 12, 2010) (granting motion to strike "new arguments made in a reply brief"); *Florez v. United States*, No. 07-CV-4965 (CPS), 2009 WL 2228121, at *8 n.13 (E.D.N.Y. July 24, 2009) ("evidence supplied for the first time in a reply memorandum need not be addressed"); *Friedlander v. Port Jewish Ctr.*, 588 F. Supp. 2d 428, 430 (E.D.N.Y. 2008) (refusing to "consider 'new material' introduced by the Defendant in its reply"), *aff'd*, 347 F. App'x 654 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 1714 (2010); *Rowley v. City of New York*, No. 00 CIV. 1793 (DAB), 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005) ("This Circuit has made clear it disfavors new issues being raised in reply papers.") (collecting cases); *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) (refusing to consider argument raised for first time in reply brief), *aff'd*, Nos. 97-9208 et al., 1998 WL 398795 (2d Cir. June 8, 1998) (judgment noted at 159 F.3d 1347 (table)).

*court.*"  11 Charles A. Wright et al., *Federal Practice and Procedure* § 2866, at 390 (2d ed. 1995) (emphasis added); *accord King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (per curiam) (one-year period runs from district court's judgment and is not tolled during appeal).  Rule 60(b)(6) cannot be used to evade the requirements of Rule 60(b)(2), including the one-year time limitation.  *See Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) (Rule 60(b)(6) permits reopening of judgments for reasons "other than the more specific circumstances set out in Rules 60(b)(1)-(5)"); *United States v. International Bhd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001) (holding that attempt to seek relief under Rule 60(b)(6) based on new evidence "was correctly rejected" because, "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)"); *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) ("Rule 60(b)(6) may not be used to circumvent the 1-year limitations period").

The one-year time limitation would plainly have precluded Plaintiffs from seeking Rule 60(b) relief based on new evidence for all of the cases against Saudi Arabia and the SHC.  *See* Opp. 7-9.[4]  Three cases against the SHC awaited the ministerial entry of a final judgment on the

---

[4] After Defendants filed their opposition to Plaintiffs' Rule 60(b) motion, Plaintiffs in *Cantor Fitzgerald Associates L.P. v. Akida Investment Co.*, No. 04-CV-7065, and *Euro Brokers Inc. v. Al Baraka Investment & Development Corp.*, No. 04-CV-7279, filed a notice joining in Plaintiffs' motion.  *See* Notice of Joinder, No. 03-MDL-1570 (filed Feb. 1, 2012) (ECF No. 2543).  The *Cantor Fitzgerald* Plaintiffs' claims against Saudi Arabia were covered by the final judgment entered in this Court in January 2006.  *See* Opp. 7-8 & n.6 (citing pertinent orders and judgment).  The *Euro Brokers* Plaintiffs did not name Saudi Arabia as a defendant in their complaint.  *See* Compl., No. 04-CV-7279 (filed Sept. 10, 2004) (ECF No. 1).

With respect to those Plaintiffs' claims against the SHC, the parties entered into stipulations, which the Court signed, providing that they would be bound by the Court's decision granting the SHC's motion to dismiss.  *See* Stip. with Regard to Rulings on Mot. To Dismiss of Defs. in Related Cases, No. 03-MDL-1570 (filed Nov. 28, 2005) (ECF No. 1510); Stip. with Regard to Rulings on Mot. To Dismiss of Defs. in Related Cases, No. 03-MDL-1570 (filed Feb. 8, 2006) (ECF No. 1678).  The Court entered a final judgment pursuant to Rule 54(b) in the

docket (which ultimately occurred on July 14, 2011), but those cases were subject to binding stipulations entered in 2005 and 2006.  *See* Opp. 7-8 & n.5; *supra* note 4.  Plaintiffs have made no effort to show that the materials submitted with their reply "could not have been discovered in time to move for a new trial," as required by Rule 60(b)(2).

Thus, even if Plaintiffs' new factual materials constituted competent evidence that was in any way relevant or probative – which they do not – they would not be properly before this Court, and they should be stricken from the record.

**B.**     In all events, nothing in the Carter affirmation or accompanying exhibits casts doubt on the correctness of this Court's judgments dismissing these cases for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1604.  Indeed, Plaintiffs themselves do not even contend that their purported "evidence" is relevant to any issue now before the Court.  *See* Reply 1 (arguing that the 9/11 Report is not "relevant to the Rule 60(b) motion").

Plaintiffs highlight the affirmations of former Senators Graham and Kerrey, *see* Reply 1-2, but those documents cannot help them.  The former Senators' personal opinions are not competent evidence of anything and do not reflect any official view of the 9/11 Commission, the Senate, or the United States.[5]  On the contrary, the United States has provided its opinion on the

---

*Cantor Fitzgerald* and *Euro Brokers* actions on July 14, 2011.  *See* Order, No. 03-MDL-1570 (July 13, 2011) (ECF No. 2445); Rule 54(b) Judgment, No. 03-MDL-1570 (July 14, 2011) (ECF No. 2446).

[5] The remaining exhibits to the Carter affirmation, which supposedly implicate the SHC in supporting extremist groups, are even less enlightening, and Plaintiffs' descriptions of them are highly misleading.  For example, the "Matrix" document, *see* Carter Affirm., Ex. 3, lists the SHC as one of 68 organizations "[k]nown *or suspected* of wittingly *or unwittingly* providing support or cover to al-Qaida *or other* terrorist organizations," *id.*, Ex. 3, at 16 n.41 (emphases added).  Further, the document itself, which appears to have been written to be used in assessing detainees at Guantanamo Bay, makes clear that the "indicators" it contains are "***not . . . evidence***

4

appropriate outcome in these cases, and it has concluded that this Court properly granted Defendants' motions to dismiss. Specifically, the Solicitor General – expressing "the views of the United States," in response to the Supreme Court's invitation – represented that "[t]he lower courts correctly concluded that Saudi Arabia and its officials are immune from suit for governmental acts outside the United States." Br. for United States as Amicus Curiae at 1, 3, *Federal Ins. Co. v. Kingdom of Saudi Arabia*, No. 08-640 (U.S. filed May 29, 2009), 2009 WL 1539068. Defendants discussed the United States' position prominently in their opposition to Plaintiffs' motion, *see* Opp. 2, 10, 20, 22-23, but Plaintiffs simply ignore it.

In sum, Plaintiffs' improper attempt to introduce new evidence on reply does not overcome their failure to provide any justification for reopening the final judgments in these cases. The change in decisional law on which they rely is not a proper ground for relief under Rule 60(b). *See* Opp. 11-17. The Court's judgments dismissing the cases against these Defendants under the FSIA are correct for three independent reasons. *See* Opp. 17-23. Most significantly, and contrary to Plaintiffs' misleading assertion that there has been "a direct overruling of the basis for the district court's decision," Reply 2, nothing has called into question this Court's rulings that discretionary-function immunity under the FSIA bars Plaintiffs' claims against Saudi Arabia and the SHC, *see* Opp. 18-20.

---

**to prove a detainee's guilt or innocence.**" *Id.* at 1 (emphasis and boldface in original). Likewise, the Carter affirmation describes Ali Ahmed Ali Hamad as a "former employee of the SHC," Carter Affirm. ¶ 5, but the actual Hamad Declaration makes clear that he never was an employee of the SHC, that he merely tries to make something out of documentation he was supposedly given after the Bosnian war ended in 1995 *saying* that he had been an employee, that his purported (and not at all specific) "knowledge" of connections between the SHC and al Qaeda pertains only to activities in Bosnia, not any plans to attack the United States, and that he was in jail starting in 1997, making it exceedingly improbable that he knows anything at all relevant to al Qaeda's terrorist attack of September 11, 2001, *see* Carter Affirm., Ex. 4 ¶¶ 4, 37, 54-55. Such tenuous "evidence" would have no probative value even at the early stages of a lawsuit, but the impropriety of relying on it at this late date is even clearer.

In their motion, Plaintiffs failed even to acknowledge this Court's rulings on discretionary-function immunity. In their reply, Plaintiffs again ignore those rulings, but assert for the first time that *Doe v. Bin Laden*, 663 F.3d 64 (2d Cir. 2011) (per curiam), casts doubt on the applicability of discretionary-function immunity here. *See* Reply 8-9. Not so. The Second Circuit went out of its way to "be clear" that it was not deciding any issue other than whether the FSIA's torts and terrorism exceptions are mutually exclusive, including "whether the allegations in the complaint are sufficient . . . to provide jurisdiction" under the FSIA. 663 F.3d at 70-71.[6] Moreover, the defendant in *Doe* did not dispute that discovery on the discretionary-function exclusion was appropriate in that case if the Second Circuit rejected the contention that the torts exception cannot apply to a terrorism-related claim. *See* Opp. 19. Here, by contrast, Plaintiffs identified no dispute of material fact on the discretionary-function issue in opposing Defendants' motions to dismiss, and this Court determined in 2005 that discovery on these issues was unwarranted. *See* Opp. 5-7 & nn.3-4, 19-20. Plaintiffs' new arguments provide no appropriate reason for this Court to reconsider that ruling six years later.

Hauling a sovereign nation (or its agent or instrumentality) into the courts of another nation is no small thing. Doing so to accuse that nation of complicity in a terrorist attack raises issues of the greatest diplomatic sensitivity. Here, Plaintiffs were given an extensive opportunity to mount their "evidence" to try to overcome sovereign immunity, and this Court upheld the sovereign immunity of Saudi Arabia and the SHC in 2005. The Second Circuit affirmed, the

---

[6] *Doe* did not "h[o]ld that Congress had implicitly adopted" statements about discretionary-function immunity in *Liu v. Republic of China*, 892 F.2d 1419 (9th Cir. 1989), or *Letelier v. Republic of Chile*, 488 F. Supp. 665 (D.D.C. 1980). Reply 8-9. Instead, *Doe* refused to accept that Congress, in enacting the terrorism exception, had intended to effect "a partial repeal by implication" of the torts exception insofar as the torts exception had been interpreted in those cases to "allow[]" claims for "arguably 'terrorist' . . . acts occurring in the United States." 663 F.3d at 68.

6

Supreme Court asked the federal government for its views, and the federal government said that the cases against Saudi Arabia and the SHC had been properly dismissed. The Supreme Court denied certiorari. It is not a proper use of Rule 60(b)(6) to try to restart this case years later based on a change in decisional law, and it is even more obviously improper to introduce new factual material in a reply in support of a Rule 60(b)(6) motion.

## CONCLUSION

The Court should grant Defendants' motion and strike the Carter affirmation and accompanying exhibits.

Respectfully submitted,

/s/ *Mark C. Hansen*
Mark C. Hansen (MH0359)
Michael K. Kellogg (MK4579)
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)
*Attorneys for the Kingdom of Saudi Arabia*

/s/ *Lawrence S. Robbins*
Lawrence S. Robbins (LR8917)
Roy T. Englert, Jr.
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411
Washington, D.C. 20006
(202) 775-4500
(202) 775-4510 (fax)
*Attorneys for the Saudi High Commission for Relief of Bosnia & Herzegovina*

February 28, 2012

7

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of February 2012, I caused copies of Defendants' Memorandum of Law in Support of Motion To Strike to be served electronically pursuant to the Court's ECF system and by United States first-class mail on any parties not participating with the Court's ECF system as thereafter advised by the Court.

/s/ *Michael K. Kellogg*
Michael K. Kellogg