UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                     )
IN RE:  TERRORIST ATTACKS ON       )          **Civil Action No. 03 MDL 1570 (GBD)**
SEPTEMBER 11, 2001                             )          **ECF Case**
_____  )

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03-cv-06978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 03-cv-08591
*Pacific Employers Insurance, et al. v. Kingdom of Saudi Arabia, et al.*, Case No. 04-cv-7216
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-09849
*Euro Brokers Inc., et al. v. Al Baraka, et al.*, Case No. 04-cv-7279
*Kathleen Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-cv-06977
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia*, Case No. 04-cv-1922
*Continental Casualty Co., et al. v. al Qaeda, et al.*, Case No. 04-cv-5970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private, Ltd., et al.*, Case No. 04-cv-7065

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE**

Mark C. Hansen (MH0359)
Michael K. Kellogg (MK4579)
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)
*Attorneys for the Kingdom of Saudi Arabia*

Lawrence S. Robbins (LR8917)
Roy T. Englert, Jr.
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411
Washington, D.C. 20006
(202) 775-4500
(202) 775-4510 (fax)
*Attorneys for the Saudi High Commission for Relief of Bosnia & Herzegovina*

March 14, 2012

In response to Plaintiffs' motion to re-open final judgments dismissing cases against them, the Kingdom of Saudi Arabia and the Saudi High Commission ("SHC") (collectively, "Defendants") quoted the Report of the 9/11 Commission in two sentences in the introduction and background sections of their opposition. That Report has been part of the public record since July 2004, and Defendants cited it in their original motion to dismiss Plaintiffs' claims. Despite arguing that the 9/11 Report is not "relevant to the Rule 60(b) motion," Pls.' Reply in Support of Their Mot. for Relief at 1 (ECF No. 2557) ("Pls.' Reply"), Plaintiffs nevertheless proceeded to attach 156 pages of purported new "evidence" to their reply, and now seek to justify that untimely submission as a response to Defendants' references to the 9/11 Commission's findings. The Court can judge for itself which party has improperly "interjected" extraneous evidence into consideration of Plaintiffs' motion. In any event, Plaintiffs' objections to Defendants' motion to strike lack merit.

**A.**   The Court should strike the new factual material Plaintiffs submitted with their reply (the Carter Affirmation and accompanying exhibits) for three reasons.

*First*, Plaintiffs improperly attempted to submit new "evidence" for the first time in reply. It is well settled that a motion to strike is an appropriate procedural mechanism in response to an adversary's submission of new factual material in reply, and courts regularly grant such requests. *See* Defs.' Mem. of Law in Support of Mot. To Stike at 1-2 & n.3 (ECF No. 2561) ("Defs.' Mem."); *see also E2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-CV-629-SLC, 2010 WL 1981640, at *1 (W.D. Wis. May 17, 2010) (granting motion to strike factual material submitted for first time on reply); *Vakas v. Transamerica Occidental Life Ins. Co.*, 242 F.R.D. 589, 593 (D. Kan. 2006) (granting "motion to strike the portions of [a] supplemental affidavit

asserting new facts" in support of a reply brief). Plaintiffs neither acknowledge nor attempt to distinguish the authorities Defendants cited in their memorandum on those points.

Plaintiffs instead argue (at 5-6) that Rule 12(f) provides for motions to strike matter from a "pleading" and that a motion is not a pleading. Pls.' Mem. in Opp. to Mot. To Strike at 5-6 (ECF No. 2572) ("Pls.' Opp."); *see* Fed. R. Civ. P. 7(a). But Defendants did not rely on Rule 12(f) as authority for their motion; instead, they sought relief under Rule 7(b), which generally authorizes requests for action by the Court. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Rule 12(f) does not purport to set forth the "sole basis" for a motion to strike, as demonstrated by the cases Defendants have cited granting motions to strike factual material submitted with replies in support of motions.

Plaintiffs suggest (Opp. at 6) that their untimely evidentiary submissions were appropriately submitted for the first time in reply because they are meant to respond to "matters interjected into this dispute by defendants themselves." But Defendants' references to the 9/11 Commission Report were not new. As Defendants explained, and Plaintiffs ignore, Defendants relied on the same passages of the Commission's Report at each stage in the original litigation. *See* Defs.' Mem. at 1 n.2. Briefing a Rule 60(b) motion by reference to arguments made and sources cited in the original record of this case (as Defendants did) was proper. Attempting to insert into the record 156 pages of purported evidence for the first time on reply (as Plaintiffs have) was not.

In all events, Defendants alternatively requested in their motion that their memorandum be made part of the record and considered as a response to Plaintiffs' new factual material. *See* Defs.' Notice of Mot. To Strike at 1 (ECF No. 2560) (requesting "[i]n the alternative" that the motion to strike "be made part of the record and considered as a response to the new material

2

that Plaintiffs have improperly sought to introduce on reply"); Defs.' Mem. at 1 (same). Plaintiffs ignore that fact in arguing (Opp. at 6) that Defendants failed to seek leave to file a surreply.[1]

*Second*, Plaintiffs' new factual matter should be stricken for the separate reason that Plaintiffs cannot – and have not even attempted to – satisfy the requirements for seeking to re-open a judgment based on new evidence. *See* Fed. R. Civ. P. 60(b)(2). Although Defendants relied on Rule 60(b)(2) prominently, *see* Defs.' Mem. at 2-4, Plaintiffs' opposition ignores it entirely. Further, Plaintiffs suggest (Opp. at 8) that the Carter Affirmation and exhibits are not "new" because those documents supposedly support *allegations* that Plaintiffs made in their pleadings during the original litigation. But the point of Rule 60(b)(2) is that a plaintiff should submit any "evidence" supporting its allegations *before* the Court renders a final judgment, not more than six years later.

Furthermore, contrary to Plaintiffs' assertion (Opp. at 2), they were not entitled simply to stand on their pleadings in response to Defendants' motions to dismiss filed in 2004. Defendants' motions relied on sovereign immunity under the FSIA and thus challenged the Court's subject-matter jurisdiction under Rule 12(b)(1). When a defendant presents a "*prima facie* case that it is a foreign sovereign," the plaintiff "has the burden of going forward with evidence showing that, under exceptions to the FSIA, immunity should not be granted." *Virtual*

---

[1] Moreover, Plaintiffs improperly criticize (Opp. at 12) Defendants for responding to Plaintiffs' new assertions – made for the first time in reply – that *Doe* had somehow called into question this Court's judgments dismissing these cases based on discretionary-function immunity under the Foreign Sovereign Immunities Act of 1976 ("FSIA"). Any argument that Plaintiffs had regarding the basis for this Court's judgments should properly have been made in their Rule 60(b) motion. Having held those arguments in reserve for reply, Plaintiffs have no cause to complain about the brief response that Defendants provided in their motion to strike.

3

*Countries, Inc. v. Republic of South Africa*, 300 F.3d 230, 241 (2d Cir. 2002) (emphasis and internal quotation marks omitted). Any evidence that Plaintiffs believed was pertinent to the question of jurisdiction under the FSIA should have been submitted during the original litigation, and Rule 60(b)(2) precludes Plaintiffs from seeking to cure that failure now.

*Third*, the Carter Affirmation and exhibits should be stricken from the record because those documents are irrelevant to the issues before the Court. *See* Defs.' Mem. at 4. Plaintiffs do not merely fail to show that this material is relevant to the propriety of relief under Rule 60(b) or the existence of subject-matter jurisdiction under the FSIA – they *affirmatively contend* (Opp. at 3-4) that it is not. There is accordingly no reason to permit 156 pages of improperly submitted and irrelevant factual material to remain on the Court's docket.

**B.** Plaintiffs also continue to mischaracterize the content and import of their purported new evidence. Plaintiffs note that the Graham Affirmation's reference to Omar Bayoumi's alleged support for the September 11 hijackers is consistent with allegations in their complaint,[2] but those allegations were neither "detailed" nor sufficient to show Bayoumi's "status as an agent of the Saudi government." Pls.' Opp. at 9. Instead, Plaintiffs allege in conclusory terms that "a Saudi intelligence official named Omar al Bayoumi provided direct assistance" to September 11 hijackers and that, "[a]ccording to various sources, Al-Bayoumi is an intelligence agent of the Kingdom of Saudi Arabia." Fed. Ins. Compl. ¶¶ 411, 414. As the U.S. government explained in its brief urging the Supreme Court to deny certiorari and to uphold the dismissal of Plaintiffs' complaints against Defendants, those allegations do "'not permit the court to infer more than the mere possibility of misconduct,' and [are] therefore inadequate to

---

[2] *See Federal Insurance* Plaintiffs' First Amended Complaint ¶¶ 411-420, Case No. 03-cv-06978 (filed Mar. 10, 2004) (ECF No. 104) ("Fed. Ins. Compl.").

4

sustain [Plaintiffs'] burden" under the FSIA.  Br. for United States as Amicus Curiae at 16 n.4, *Federal Ins. Co. v. Kingdom of Saudi Arabia*, No. 08-640, 2009 WL 1539068 (U.S. filed May 29, 2009) ("U.S. Br.") (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).[3]

Moreover, the various pieces of evidence purporting to support Plaintiffs' allegations against the SHC do not bolster their claims.  For example, Plaintiffs claim that the "import of the Threat Matrix is clear" when "[c]oupled" with other evidence purporting to connect the SHC with terrorist activity, Pls.' Opp. at 11 n.5, but Plaintiffs overstate that document's actual contents.[4]  Plaintiffs' remaining evidence against the SHC provides no basis for inferring that SHC "directly participated in al Qaeda plots targeting U.S. interests."  *Id.* at 11.[5]

\*     \*     \*

The Court can and should consider, as part of the background for its determination whether there is any reason to re-open the long-final judgments in these cases, the findings of the 9/11 Commission – which speak for themselves, and which have long been part of the public

---

[3] The U.S. government noted further that the 9/11 Commission "found, after considering that connection and others, that al Bayoumi was 'an unlikely candidate for clandestine involvement with Islamic extremists.'"  U.S. Br. at 16 n.4 (quoting 9/11 Commission Report 218).

[4] Plaintiffs continue to emphasize the language of the Threat Matrix placing the SHC in a "list of [68] terrorist and terrorist support entities identified as associate forces," but they have no persuasive response to the document's own statement that the list contains organizations "[k]nown *or suspected* of wittingly *or unwittingly* providing support or cover to al-Qaida *or other* terrorist organizations," Carter Affirm., Ex. 3, at 16 n.41 (emphases added) (ECF No. 2557-4).  It is quite clear from the document itself – whatever its probative value may be – that its definition of "terrorist support entities" *includes* organizations that did not knowingly support terrorism.

[5] Plaintiffs note that they had relied on one exhibit to the Carter Affirmation during the original litigation. Pls.' Opp. at 11 n.4.  At most, this shows that Plaintiffs' inclusion of that lone document was therefore slightly less improper than the remainder of Plaintiffs' lengthy submission.  It is, of course, still irrelevant to the Rule 60(b) motion actually before the Court.

5

record and part of the record of this case. Defendants' references to this widely available, historical document in their opposition gave Plaintiffs no license to sandbag Defendants with voluminous new evidence for the first time in reply, without making any attempt at all to satisfy the requirements of Rule 60(b)(2).

The Court accordingly should grant Defendants' motion and strike the Carter affirmation and accompanying exhibits.

Respectfully submitted,

/s/ *Mark C. Hansen*
Mark C. Hansen (MH0359)
Michael K. Kellogg (MK4579)
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)
*Attorneys for the Kingdom of Saudi Arabia*

/s/ *Lawrence S. Robbins*
Lawrence S. Robbins (LR8917)
Roy T. Englert, Jr.
ROBBINS, RUSSELL, ENGLERT,
  ORSECK, UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411
Washington, D.C. 20006
(202) 775-4500
(202) 775-4510 (fax)
*Attorneys for the Saudi High Commission for Relief of Bosnia & Herzegovina*

March 14, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of March 2012, I caused copies of Defendants' Reply in Support of Motion To Strike to be served electronically pursuant to the Court's ECF system and by United States first-class mail on any parties not participating with the Court's ECF system as thereafter advised by the Court.

    /s/ *Michael K. Kellogg*
Michael K. Kellogg