

MANDATE

## United States Court of Appeals

FOR THE

SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand twelve.

Present:

> John M. Walker, Jr.,
> Chester J. Straub,
> Gerard E. Lynch,
>> *Circuit Judges.*

| USDC SDNY |
| --- |
| **DOCUMENT** |
| **ELECTRONICALLY FILED** |
| **DOC #:** _____ |
| **DATE FILED:** April 20, 2012 _____ |

_____

*In re* Perouz Sedaghaty,                                                                11-5371-op
                      *Petitioner.*

_____

Petitioner, through counsel, has filed a petition for a writ of mandamus. Upon due consideration, it is hereby ORDERED that the mandamus petition is DENIED because Petitioner has not demonstrated that he has "no other adequate means to attain the relief he desires" or that "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380–81 (2004) (citations and internal quotation marks omitted).

Contrary to Petitioner's arguments, the district court has not forced him to waive his Fifth Amendment privilege against self-incrimination or disclose any incriminating information, and did not conclude that the privilege did not apply during his pending criminal appeal before the Ninth Circuit. The fact that a litigant may be forced to choose "between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination." *Williams v. Florida*, 399 U.S. 78, 84 (1970). He is free to assert the privilege in response to discovery requests or during testimony, and then challenge the district court's orders in a post-judgment appeal, without disclosing incriminating information. In sum, he has not shown that a post-judgment appeal would be inadequate to review the denial of his motion to stay discovery, *see Schlagenhauf v. Holder*, 379 U.S. 104, 110 (1964) ("It is, of course, well settled, that the writ is not to be used as a substitute for appeal, even though hardship may result from delay and perhaps unnecessary trial." (internal citation omitted)), or "the presence of a novel and significant question of law" to warrant the exercise of our mandamus power, *In re The City of N.Y.*, 607 F.3d 923, 939

SAO-AFB

(2d Cir. 2010) (citation and quotation marks omitted); *cf. SEC v. Stewart*, 476 F.2d 755, 758 (2d Cir. 1973) ("The competing rights of the [g]overnment and of individuals, who are faced with parallel civil and criminal proceedings or the threat of them, hardly raise questions of first impression.").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy

Catherine O'Hagan Wolfe, Clerk
SAO-AFB

United States Court of Appeals, Second Circuit

2