```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10·3·12
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001  :
                                               :
                                               :    MEMORANDUM DECISION
                                               :    AND ORDER
                                               :    03 MDL 1570 (GBD)(FM)
                                               :
                                               :
------------------------------------X

This Document Relates to
<u>Havlish v. bin Laden</u>,
03 Civ. 9848 (GBD) (FM)

GEORGE B. DANIELS, District Judge:

  The plaintiffs in this multi-district litigation ("MDL") seek monetary damages from defendants who are liable for the physical destruction, death, and injuries suffered as a result of the terrorist attacks of September 11, 2001 ("September 11th Attacks"). On December 22, 2011, default judgment was entered on behalf of the plaintiffs in the <u>Havlish</u> action ("Plaintiffs"), against (a) certain sovereign defendants, including the Islamic Republic of Iran, Ayatollah Ali Hoseini Khamenei, Hezbollah, and other Iranian individuals and entities ("Sovereign Defendants"); and (b) certain non-sovereign defendants, including Osama bin laden, the Taliban, and al Qaeda ("Non-Sovereign Defendants") (collectively, the "Defendants"). <u>See</u> Docket Entry No. 2516. This Court referred the matter to Magistrate Judge Frank Maas for an inquest on damages.

  Magistrate Judge Maas issued a Report and Recommendation ("Report") recommending that Plaintiffs collectively be awarded damages in the amount of $6,048,513,805, plus prejudgment interest.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y.2005) (citation omitted). In his report, Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

**Sovereign Defendants**

Magistrate Judge Maas properly determined that Plaintiffs may recover for "economic damages, solatium, pain and suffering, and punitive damages" in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4). In such an action, the "estates of those who [died] can recover economic losses stemming from the wrongful death of the decedent; family members can

2

recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." Valore v. Islamic Republic of Iran, 700 F. Supp. 2d 52, 83 (D.D.C. 2010).

Magistrate Judge Maas properly determined that economic damages totaling $394,277,884, as broken down in Appendix 1 of this opinion, are appropriate. Plaintiffs submitted extensive analyses from a forensic economist with detailed calculations for two decedents, as well as damage calculations for the remaining forty-five decedents done in the same manner. These analyses yield proposed economic damages comparable to those in other cases. See, e.g., Dammarell v. Islamic Republic of Iran, 404 F. Supp. 2d 261, 310-24 (D.D.C. 2005); Alejandre v. Republic of Cuba, 996 F. Supp. 2d 261, 310-24 (D.D.C. 2005). Plaintiffs have thus provided a sufficient basis to determine damages and are entitled to economic damages as outlined in the Report. See Transatl. Marine Claims Agency, Inc. v. ACE Shipping Corp., 109 F. 3d 105, 111 (2d Cir. 1997) (noting that the Court "should take the necessary steps to establish damages with reasonable certainty").

Magistrate Judge Maas also properly determined that $2,000,000 per decedent, for a total of $94,000,000, is an appropriate measure of damages which meets the standard of reasonableness for pain and suffering awards. See Mastrantuono v. United States, 163 F. Supp. 2d 244, 258 (S.D.N.Y. 2001). Calculating a precise award for each decedent's individual pain and suffering would be impossible because the decedents in this case may have experienced different levels of pain and suffering dependent on their precise locations at the time of the September 11th attacks. However, Plaintiff's expert report confirms that many, if not all of the decedents in this case experienced horrific pain and suffering on September 11, 2001. Awards in other FSIA cases, particularly those determined by Judge Baer in Smith ex rel. Smith v. Islamic Emirate of Afghanistan, suggest that $2 million per decedent is a reasonable figure. See Smith

ex rel. Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 233 (S.D.N.Y. 2003), amended, 2003 WL 23324214 (S.D.N.Y. May 19, 2003); see also Pugh v. Socialist People's Libyan Arab Jamahiriya, 530 F. Supp. 2d 216 (D.D.C. 2008); Stethem v. Islamic Republic of Iran, 201 F. Supp. 2d 87, 89 (D.D.C. 2002).

Magistrate Judge Maas properly determined that the following solatium[1] awards are appropriate[2], as an upward departure from the framework in Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229 (D.D.C. 2006):

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

A review of Plaintiff's submissions makes clear that all of the Individual Plaintiffs have suffered profound agony and grief as a result of the tragic events of September 11th. Considering the extraordinarily tragic circumstances surrounding the September 11th attacks, the indelible impact on the lives of the victims' families, and the frequent reminders that each of the individual Plaintiffs face daily, upward departures from the Heiser framework are warranted.

---

[1] "A claim for solatium refers to the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." Dammarell v. Islamic Republic of Iran, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), vacated on other grounds, 404 F. Supp. 2d 261 (D.D.C. 2005).

[2] Magistrate Judge Maas properly determined that one individual Plaintiff is not entitled to a solatium award because he is not a spouse, child, parent, or sibling of a decedent. Although that plaintiff is the niece of one of the decedents, she has not demonstrated that she is entitled to a solatium award because she does not serve functionally as an immediate family member. See Smith, 262 F. Supp. 2d at 234.

Magistrate Judge Maas also properly determined that Plaintiffs are entitled to punitive damages pursuant to the FSIA in an amount of 3.44 multiplied by their compensatory damages, for a total of $4,686,235,921. See Section 1605(c)(4); Estate of Bland v. Islamic Republic of Iran, 831 F. Supp. 2d 150, 158 (D.D.C. 2011). The 3.44 ratio has been used as the standard ratio applicable to a number of cases arising out of terrorist attacks. See id.; Valore, 700 F. Supp. 2d at 52; Murphy v. Islamic Republic of Iran, 740 F. Supp. 2d 51, 76 (D.D.C. 2011).

Magistrate Judge Maas also properly determined that prejudgment interest is appropriate on Plaintiffs' damages for solatium and pain and suffering. The decision to award prejudgment interest, as well as how to compute that interest, rests within the discretion of the court, subject to equitable considerations. Baker v. Socialist People's Libyan Arab Jamahirya, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). Courts "have awarded prejudgment interest in cases where plaintiffs were delayed in recovering compensation for their injuries—including, specifically, where such injuries were the result of targeted attacks perpetrated by foreign defendants." Id. (internal quotations omitted). An appropriate measure of what rate to use when calculating prejudgment interest is the prime rate. Id. Magistrate Judge Maas properly accepted testimony from Plaintiffs' expert that the average prime rate from September 11, 2001 through the date of his report was 4.96%. Thus, Plaintiffs should be awarded prejudgment interest at the rate of 4.96% per annum on their damages of solatium and pain and suffering damages, which total $968,000,000, from the period from September 11, 2001, through the date that judgment is entered.

**Non-Sovereign Defendants**

Magistrate Judge Maas properly determined that the Non-Sovereign Defendants are jointly and severally liable for the damages against the Sovereign Defendants. The Non-

Sovereign Defendants are liable for the same damages as the Sovereign Defendants under traditional tort principles. See Valore, 700 F. Supp. 2d at 76-80.

**Costs**

Magistrate Judge Maas properly determined that Plaintiffs are not entitled to the $2 million they seek in costs. Plaintiffs' requested costs are primarily for expenses that are not recoverable pursuant to 28 U.S.C. § 1920 and Local Rule 54.1(c). For expenses that are recoverable, Plaintiffs have not provided sufficient evidence to establish these amounts with reasonable certainty. Transatl. Marine Claims Agency, Inc. v. ACE Shipping Corp., 109 F. 3d 105, 111 (2d Cir. 1997; See N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Thus Plaintiffs' application for costs is denied without prejudice.

## Conclusion

This Court adopts the Report and Recommendation in its entirety. Judgment should be entered against the Sovereign Defendants for (1) economic damages totaling $394,277,884 as broken down in Appendix 1 of this Opinion; (2) damages for pain and suffering of $2,000,000 per decedent totaling $94,000,000; (3) punitive damages totaling $4,686,235,921; and (4) damages for solatium totaling $874,000,000. The Non-Sovereign Defendants are joint and severally liable for these damages. Plaintiffs' additional claims for costs are denied without prejudice.

Dated: New York, New York
October 3, 2012

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge