UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/2012
```

In re Terrorist Attacks on September 11, 2001

) ) ) ) ) ) ) ) )

03 MDL 1570 (GBD)(FM)
ECF Case

This document relates to: ALL ACTIONS

## ORDER
## GOVERNING IDENTIFICATION OF PRIVILEGED DOCUMENTS

WHEREAS, the Court has conferred with counsel concerning the listing of privileged documents on a privilege log; and

WHEREAS, the Court has considered counsel's competing positions concerning certain portions of a proposed order relating to that subject;

IT IS HEREBY ORDERED that:

1. The parties need not include the following types of documents on privilege logs in this matter:

   (i) Communication between (i) plaintiffs' counsel and their clients, including then-current officers and employees of the clients, after September 10, 2001; and (ii) each defendant's counsel and that counsel's client(s), including then-current officers and employees of the client(s), after September 10, 2001;

   (ii) Communications between or among plaintiffs' counsel;

   (iii) Communications between or among defense counsel;

   (iv) Pursuant to Fed. R. Civ. Proc. 26(b)(3)(A) and (B) and 26(b)(4)(B) and (C), drafts of any expert reports or disclosures required under Rule

26(a)(2), unless otherwise discoverable under Fed. R. Civ. P. 26(b)(3)(A)(i), (ii);

(v) Pursuant to Fed. R. Civ. Proc. 26(b)(4)(C), all protected communications between a party's counsel and any witness required to provide a report under Rule 26(a)(2)(B), except to the extent that the communications fall within the categories described in Rule 26(b)(4)(C)(i), (ii), or (iii), unless otherwise discoverable under Fed. R. Civ. P. 26(b)(3)(A)(i), (ii);

(vi) Pursuant to Fed. R. Civ. Proc. 26(b)(4)(D), any facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial, except as such discovery is permitted under Rule 26(b)(4)(D)(i) and (ii); and

(vii) Such other categories as the parties may agree upon or the court may order as discovery proceeds (*i.e.*, this stipulation order has been entered based on the status of existing discovery requests and additional categories of exclusion may be added as discovery continues to unfold).

2. For the purpose of the foregoing paragraph, the term "counsel" includes the parties' attorneys, and the attorneys' staff, employees, and consultants or *experts* not anticipated to testify at trial.

3. To the extent that a party seeks to claim privilege or protection over a category of documents, rather than on a document-by-document basis, the parties shall meet and confer at least fourteen days before the privilege log is due in an effort to determine the categories of documents to be withheld:

(i) During the meet and confer, the withholding party shall set forth (a) a description of the proposed category, including a description of the general subject matter of the documents in each such category, and (b) the basis for the withholding of documents in each such category;

(ii) For each proposed category, the requesting party may request or the producing party may offer an affidavit attesting to the facts that support the privileged or protected status of documents within the category; The affidavit need not identify or address the documents on an individual basis, but shall serve to provide the evidentiary context and support for the category as a whole;

(iii)Unless and until the Court determines otherwise, under the authority of Rule 502(d), the sharing of information in the meet and confer process conducted pursuant to Paragraph 2 regarding documents that are claimed to be privileged or otherwise protected is to be held confidential and will not be deemed a waiver of any privileges, and the intentional or inadvertent inclusion of privileged in an index or privilege log will not be deemed a waiver of any privileges;

(iv)To the extent the parties can agree that a category may be excluded from production, the parties will submit a joint proposal to amend this stipulation order to add the category to paragraph 1;

(v) To the extent the parties cannot agree that a category may be excluded and the producing party continues to assert in good faith a claim of privilege or protection over the category, the producing party shall present the discovery dispute for the court's consideration within five business days of either party's determination that the meet and confer has concluded, and the requesting party may respond to the application within five business days.

4.  The parties shall produce privilege logs no longer  than 45 days from the state of the Court's entry of this Stipulation for any privileged documents withheld from the production due on August 30, 2012, and the parties shall produce privilege logs for any future productions within 45 days following such production.

5.  Subject to the foregoing modifications, the parties shall produce privilege logs that conform to the Federal Rules of Civil Procedure and Local Rule 26.2 (2012), and to the extent that divulgence of such information does not cause disclosure of the allegedly privileged information, shall identify the following information:

(i)  the type of document;

(ii) the general subject matter of the document;

(iii)the date of the document

(iv)the authors of the document, the addressees of the document and any other recipients, and, where not apparent, the relationship of the authors, addressees, and recipients to one another; and

(v) if the document is an electronic document, its file size.

6.  The basis for the privileges or protections claimed, and, if the privilege is governed by state law, the state's privilege rule being invoked.

7. Instructions for inclusion of certain items of information:  To the extent that any of the following categories of information are included on a privilege log, the following instructions shall apply:

   (i) E-mail strings:  The parties shall include the "last-in-time" email in a string provided that (a) each separate communication in the chain is at some point the "last-in-time" e-mail in a string, and (b) the index or privilege log notes that the e-mail communication is part of a string.  It is not necessary to index separately each e-mail in a string if the authors and addressees are unchanged throughout the string.  If an embedded e-mail communication is not otherwise available, then it must be identified and included. To the extent that a portion of a string is produced (no privilege or protection is claimed), that portion of the string need not be separately included in the privilege log;

   (ii) Attachments: Attachments to emails and other documents should be identified as attachments and included in the entry for the email or other document to which said attachment(s) were attached.

SO ORDERED:

This 19th day of November 2012

_____
/ FRANK MAAS
United States Magistrate Judge