IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | : : : : | Civil Action No. 03 MDL 1570 (GBD) (FM) |
| *This document applies to:* | : : | |
| *Hoglan, et al. v. Islamic Republic of Iran, of Iran, et al.* *1:11-cv-07550-GBD* | : : : | |

### ORDER

AND NOW, this _____ day of _____, 2012, it is hereby ORDERED and DECREED that Plaintiffs' Motion for Leave to File Second Amended Complaint is GRANTED. Plaintiffs' Second Amended Complaint shall relate back to the filing of the Complaint on September 9, 2011, and be deemed as filed on that date. Plaintiffs shall file the Second Amended Complaint attached to said Motion via the Electronic Court Filing system for this Court.

BY THE COURT:

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001** | : : : : | Civil Action No. 03 MDL 1570 (GBD) (FM) |
| *This document applies to:* | : : | |
| *Hoglan, et al. v. Islamic Republic of Iran, of Iran, et al.* *1:11-cv-07550-GBD* | : : : | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs, through counsel, hereby respectfully submit this Motion for Leave to File Second Amended Complaint and in support thereof aver the following:

1. This case is a related action to *Havlish, et al. v. bin Laden, et al.*, 03 Civ. 9848 (GBD) (FM), upon which final judgment was entered in this Court on October 12, 2012, and docketed on October 16, 2012. *Havlish, et al. v. bin Laden, et al.* was timely commenced under § 1605(a)(7) of Title 28, United States Code and is part of the Multidistrict Litigation *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GDB) (FM).

2. Plaintiffs, who are either family members or personal representatives of the Estates of Decedents killed as a result of the terrorist attacks of September 11, 2001, originally commenced this action under the state sponsor of terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. §1605A, by way of Complaint filed on September 9, 2011, in the United States District Court for the District of Columbia.

3. Plaintiffs filed an Amended Complaint on September 13, 2011, which added seven Defendants to the action, namely Islamic Republic of Iran Shipping Lines, Bonyad Taavon Sepah aka

IRGC Cooperative Foundation, Ansar Bank, aka Ansar Finance and Credit Fund, Mehr Bank, aka Mehr Interest-Free Bank, Moallem Insurance Company, Liner Transport Kish, aka LTK, and Pars Oil & Gas Company, aka POGC.

4. This case was transferred to this Court via a Conditional Transfer Order issued by the United States Judicial Panel on Multidistrict Litigation on October 17, 2011. It is part of *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM).

5. Plaintiffs seek to file the attached Second Amended Complaint in order to remove the seven Defendants listed in ¶ 3 above that were a part of the Amended Complaint filed on September 13, 2011. In addition, Plaintiffs seek to add the Estate of Osama bin Laden and al-Qaeda as Defendants.

6. Plaintiffs also seek to add approximately twenty-five (25) additional Claimants who wish to be a part of this litigation.

7. None of the Defendants have ever entered their appearance during the liability phase of any of the many actions brought under the state sponsor of terrorism exception to the Foreign Sovereign Immunities Act since it was enacted in 1996.

8. Fed.R.Civ.P. 15(2) allows Plaintiffs to file the attached Second Amended Complaint with leave of this Court. The Rule further provides that the Court "should freely give leave when justice so requires." Without leave, new Claimants who wish to become a party to this action will be forced to file a new, separate lawsuit under 28 U.S.C. §1605A to protect their rights, rather than joining the instant suit which remains open and pending in this Court. The filing of an additional lawsuit would expend additional judicial resources when these additional Claimants have a ready avenue for relief available by way of the instant action.

9. The National Defense Authorization Act of 2008 defines a "related action" under the

FSIA as one that is filed within 60 days of the entry of judgment an action that was "timely commenced under § 1605(a)(7)" and arises out of the "same act or incident." Pub. L. 110-181, div. A, title X, § 1083(c), Jan. 28, 2008, 122 Stat. 342. *Havlish* was timely commenced under § 1605(a)(7) on February 19, 2002. Final judgment in *Havlish* was entered by this Court on October 12, 2012, and docketed on October 16, 2012. Both *Havlish* and the instant action arise out of the terrorist attacks of September 11, 2001. Therefore, the proposed Second Amended Complaint attached to this Motion has been submitted herewith for filing upon leave of this Court prior to the expiry of the statute of limitations for actions related to *Havlish.*

10. The claims against the new parties, the Estate of Osama bin Laden and al-Qaeda, arise out the same conduct or occurrence set forth in the Complaint and Amended Complaint in this matter.

11. The Estate of Osama bin Laden and al-Qaeda suffer no prejudice as a result of being added as Defendants to the instant lawsuit, as the statute of limitations has not yet expired on Plaintiffs' claims. Further, Defendants could in no way argue that they did not reasonably expect to be hailed into this Court for claims related to the terrorist attacks of September 11, 2001. Both Osama bin Laden and al-Qaeda were named Defendants in the already adjudicated and related case of *Havlish, et al. v. bin Laden, et al.*

12. In an abundance of caution, Plaintiffs respectfully request that, should leave be granted by this Court, the Court specifically hold that the filing of the attached Second Amended Complaint relate back to the commencement of this action on September 9, 2011. Plaintiffs note that, given this Court's voluminous docket, should the Court be unable to consider this Motion within the next 14 days, leave to file may not be granted until after the above-mentioned 60-day period.

13. Defendants suffer no prejudice as a result of the relation back to September 9, 2011, as both *Havlish* and the instant action were timely commenced, all Defendants are on notice that claims have been filed against them as a result of their role in the terrorist attacks of September 11, 2001, and all Defendants can reasonably expect that claims will be filed against them as a result of their role in these attacks as long as the statute of limitations period has not expired.

14. Further, it is the Defendants that have the burden of proving that demonstrating that the relation back of an amended pleading would be futile or inappropriate. *Velez v. Fogarty*, 2008 WL 5062601 (S.D.N.Y.)

WHEREFORE, Plaintiffs pray that this Honorable Court enter the attached proposed Order GRANTING this Motion for Leave to File Plaintiffs' Second Amended Complaint.

>Respectfully submitted,
>
>  /s/ Thomas E. Mellon, Jr.
>Thomas E. Mellon, Jr. (PA Bar No. 16767)
>MELLON & WEBSTER, P.C.
>87 North Broad Street
>Doylestown, PA  18901
>(215) 348-7700
>
>Timothy B. Fleming, Esq. (DC Bar No. 351114)
>WIGGINS CHILDS QUINN
>   & PANTAZIS, PLLC
>1850 M Street, NW, Suite 720
>Washington, DC  20036
>(202) 467-4123
>
>Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
>Melina Goldfarb (AL Bar No. ASB- 3739-R71M)
>WIGGINS CHILDS QUINN
>   & PANTAZIS, LLC
>The Kress Building
>301 19th Street North
>Birmingham, AL  35203
>(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

J.D. Lee (TN Bar No. 2030)
David C. Lee (TN Bar No. 015217)
LAW OFFICE OF J.D. LEE
422 South Gay Street, 3rd Floor
Knoxville, TN  37902
(865) 544-0101

Evan J. Yegelwel (FL Bar No. 319554)
TERRELL HOGAN ELLIS
  YEGELWEL. P.A.
233 East Bay Street
Blackstone Building, 8th Floor
Jacksonville, FL  32202
(904) 632-2424

Edward H. Rubenstone (PA Bar No. 16542)
LAMM RUBENSTONE LLC
3600 Horizon Boulevard, Suite 200
Trevose, PA  19053
(215) 638-9330

Donald J. Winder (UT Bar No. 3519)
Jerald V. Hale (UT Bar No. 8466)
WINDER & COUNSEL, PC
175 West 200 South, Suite 4000
P.O. BOX 2668
Salt Lake City, UT  84110-2668
(801) 322-2222

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MEYERS, MIELKE
  & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, IL  60174

6

(630) 232-6333
(630) 845-8982

*Attorneys for Plaintiffs*

**CERIFICATE OF SERVICE**

  I, Thomas E. Mellon, Jr., Esquire, hereby certify that on the date listed below that I electronically filed the foregoing document with the Clerk of Court via the CM/ECF system and that electronic notice and service will be completed through the ECF system.

                Respectfully submitted,

                 /s/ Thomas E. Mellon, Jr.
                Thomas E. Mellon, Jr. (PA Bar No. 16767)
                MELLON & WEBSTER, P.C.
                87 North Broad Street
                Doylestown, PA  18901
                (215) 348-7700
                *tmellon@mellonwebster.com*

Date:  November 28, 2012