# Exhibit O

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Al Haramain Islamic Foundation, Inc., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> United States Department of the Treasury, *et al.*, <br><br> Defendants. | Case No. 07-CV-1155-KI <br><br> **DECLARATION OF THOMAS H. NELSON** |

I, Thomas H. Nelson, Esquire, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.  I am an attorney who resides in Oregon and am currently an attorney for, and a board member of, the Al Haramain Islamic Foundation, Inc. ("AHIF-Oregon"). I submit this declaration in support of AHIF-Oregon's challenge to its designation as a specially designated global terrorist ("SDGT").

2.  I commenced my involvement on behalf of AHIF-Oregon as an attorney in the spring or summer of 2004, before AHIF-Oregon or Soliman H. Al-Buthe was "designated" by the United States Department of the Treasury as SDGTs.

3.  I became a board member of AHIF-Oregon in 2005 after it was designated because there were at that time only two active board members and under Oregon law there must be three board members for the organization to remain legally viable. The purpose of my becoming a board member was to facilitate the sale of AHIF-Oregon properties.

4.  As a board member of AHIF-Oregon, I had no involvement with the activities of

the Al-Haramain Islamic Foundation (Saudi Arabia) ("AHF-SA").

5. Had I known that the involvement of Soliman Al-Buthe with AHIF-Oregon was a potential basis for designating AHIF-Oregon, I would have recommended that he resign and that another person serve as a member of the board in his place. Because I was not informed that his involvement was an issue until it was too late – until AHIF-Oregon had already been redesignated – I was unable to take this action.

6. Had I been informed in 2004, when AHIF-Oregon's assets were frozen, that OFAC was considering designating AHIF-Oregon for its support of Al Qaeda and other SDGTs through its relationship to AHF-SA, I would likely have been able to obtain substantial records from AHF-SA showing that AHIF-Oregon acted independently of AHF-SA and was not involved in any decisionmaking regarding AHF-SA's activities in other countries or with any of AHF-SA's affiliated organizations. I might also have asked OFAC to specify which SDGTs it thought AHIF-Oregon had supported so that I could have responded to those specific charges. AHF-SA at that time was not an SDGT, and therefore our understanding under the Department of the Treasury's regulations was that there was no bar on transactions with it, so long as those transactions were not intended to support terrorist activity or an SDGT. However, in June 2004, Saudi Arabia shut down AHF-SA under pressure from the United States to do so, and we were not informed of OFAC's concern until February 2008. Although I have made numerous trips to Saudi Arabia since then and have attempted to obtain documents from AHF-SA, I have been unable to obtain any documents from AHF-SA, an entity that has been closed for four years and is no longer in operation.

7. Had I known that OFAC sought to designate AHIF-Oregon based on a claim that it supported SDGTs through its activities with AHF-SA, I would have attempted to obtain

records in 2004 of all the financial transactions between AHF-SA and AHIF-Oregon, and believe that those transactions would have shown that none of them funded any SDGTs. But because we did not even learn that this was a basis for designation until AHIF-Oregon was redesignated in February 2008, we never had an opportunity to develop the record. And now that AHF-SA has been closed down at the request of the U.S. government, it is exceedingly difficult to obtain such evidence.

*Thomas Nelson*
Thomas Nelson, Esquire

DATED: February 13, 2009