# Exhibit B

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                                Docket #03md1570
 TERRORIST ATTACKS On                   :
   SEPTEMBER 11th, 2001
                                        : December 2, 2010
                                          New York, New York
------------------------------------:


                        PROCEEDINGS BEFORE
                   MAGISTRATE JUDGE FRANK MAAS,
         UNITED STATES DISTRICT COURT CHIEF MAGISTRATE JUDGE
```

APPEARANCES:

```
For Federal Plaintiffs      COZEN O'CONNOR
and Plaintiffs Committee:   BY: SEAN CARTER, ESQ.
                            1900 Market Street
                            Philadelphia, Pennsylvania 19103
                            (215) 665-2000

For Ashton Plaintiffs       KREINDLER KREINDLER & KREINDLER
and Plaintiffs Committee:   BY:  JAMES KREINDLER, ESQ.
                            750 Third Avenue
                            New York, New York 10017-2703
                            (212) 687-8181

For Burnett Plaintiffs      MOTLEY RICE
and Plaintiffs Committee:   BY:  ROBERT HAEFELE, ESQ.
                            28 Bridgeside Boulevard
                            Mt. Pleasant, South Carolina 29465
                            (843) 216-9000

For O'Neill Plaintiffs      ANDERSON KILL & OLICK
and Plaintiff Committee:    BY:  JERRY S. GOLDMAN, ESQ.
                            1251 Avenue of the Americas
                            New York, New York 10020
                            (212) 278-1733




Transcription Service: Carole Ludwig, Transcription Services
                       141 East Third Street #3E
                       New York, New York 10009
                       Phone:   (212) 420-0771
                       Fax:    (212) 420-6007
```

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

APPEARANCES CONTINUED:

For Dr. Jamal Barzinjii:   LAW OFFICE OF STEVEN K. BARENTZEN
                           BY: STEVEN BARENTZEN, ESQ.
                           1575 Eye Street, Suite 300
                           Washington, D.C.  20005
                           (202) 289-4333

For Dubai Islamic Bank:    CLIFFORD CHANCE
                           BY:   STEVEN COTTREAU, ESQ.
                                 ANGELA STONER, ESQ.
                           2001 K Street, N.W.
                           Washington, D.C. 20006
                           (202) 912-5000

For World Assembly of      LAW FIRM OF OMAR T. MOHAMMEDI, LLC
Muslim Youth:              BY:   OMAR MOHAMMEDI, ESQ.
                           233 Broadway, Suite 801
                           New York, New York 10279
                           (212) 752-3846

For Al Haramain Islamic    BERNABEI & WACHTEL, P.L.L.C.
Foundation (USA)and        BY:   ALAN KABAT
Defendants Committee:      1775 T Street, N.W.
                           Washington, DC 20009-7124
                           (202) 745-1942


For Muslim World League,   MARTIN F. MCMAHON & ASSOCIATES
International Islamic      BY:   CHERYL TORRALBA, ESQ.
Relief Organization        1150 Connecticut Avenue, N.W., 900
Saudi Arabia, and          Washington, D.C. 20036
Wael Jelaidan              (202) 862-4343

16

1        THE COURT:  By December 29, and that any
2   opposition papers be filed by January 10.  That'll give me
3   hopefully some prayer of reading through all of this before
4   you folks are before me on the 14th.
5        And we've got the Al-Haramain Foundation issue,
6   where, frankly, I don't have my decision in front of me.
7   Hang on, maybe I do have it here.  Oh, right, it was – bear
8   with me a second.
9        (pause in proceeding)
10       MR. KABAT:  Well, Your Honor, you pointed out in
11  the letter we could file objections if we think it's
12  (inaudible) the Al-Haramain Foundation doesn't set a date to
13  comply with the discovery responses until objections have
14  been resolved by (inaudible).
15       THE COURT:  Well, the objections don't stay an
16  order that I've given, but, quite frankly, I'm not sure
17  there's much point to my setting a date because the position
18  of the Saudi entity is that there are no documents it can
19  get because it's been locked out of its office.  The U.S.
20  entity is no better able presumably to get documents that
21  may exist in Saudi Arabia --
22       MR. HAEFELE:  Your Honor --
23       THE COURT:  -- and that's --
24       MR. HAEFELE:  Your Honor --
25       THE COURT:  Hang on a second.  In that

1   circumstance doesn't seem like one that's going to change
2   over the next period of time.  So if Judge Daniels at some
3   point rules on the objections, I can then direct that the
4   documents be produced in ten days, and that will then tee up
5   the issue.
6           MR. HAEFELE:  Your Honor, this is Robert Haefele
7   from Motley Rice.  One factual clarification I just want to
8   make is if you look back at the papers that were filed,
9   there was not, to my understanding when I looked back, a
10  filing from the Al-Haramain headquarters on that issue.
11  What you got was documentation from individuals on behalf of
12  the, who are representatives of the U.S. headquarters or
13  U.S. branch that said what you just said.  It wasn't Al-
14  Haramain Saudi's headquarters' office that said that.
15          THE COURT:  No, I think that's right, but --
16          (interposing)
17          THE COURT:  Hang on a second, but am I mistaken
18  in my understanding that Mr. Kabat was purportedly to
19  represent both?
20          MR. HAEFELE:  I'll let him speak to that, but
21  it's my understanding that Al-Haramain, the headquarters,
22  had entered an appearance by a different lawyer and - well,
23  I'll let Mr. Kabat say whether he represents both at this
24  point though.
25          MR. KABAT:  Your Honor, Alan Kabat here.  We do

1  not represent Saudi Al-Haramain group.

2              THE COURT:   Okay.  Well, so then I guess the
3  issue is --

4              MR. HAEFELE:   Your Honor, can I interject one
5  more thing?

6              THE COURT:   Sure, absolutely.

7              MR. HAEFELE:   What we've been trying to do really
8  is get the discovery rolling and get it rolling on a level
9  that would be consistent with what Your Honor's previous
10 decisions were and what the scheduling was for all of the
11 defendants.  And given that, as Your Honor indicated
12 correctly, the objections don't necessarily stay in any
13 order, it would seem consistent with Your Honor's previous
14 orders that they should at least be obligated to produce,
15 all of the defendants will be obligated to produce by the
16 deadline in early January that Your Honor set.

17             THE COURT:   I think that's correct, but as a
18 practical matter, I'm unlikely to do anything with respect
19 to Al-Haramain further until Judge Daniels rules, and I
20 don't think that's going to prejudice you because it doesn't
21 appear that any – Mr. Kabat can correct me if I'm wrong – if
22 the objections are overruled, that's not going to lead to
23 more documents being produced.  Am I misapprehending that?

24             MR. HAEFELE:   The answer I think is no one knows
25 because there has been no word from the lawyer representing

1  the Saudi headquarters as to whether or not – I mean one of
2  the concerns we have, Your Honor, is we don't even have
3  initial disclosures from the lawyers representing the Saudi
4  headquarters.
5           THE COURT:  Right, and I guess I'm not astonished
6  by that.  I guess I was operating with the assumption, and
7  we had alluded to it last time, that certain of the
8  defendants who are in the case now may, in fact, default,
9  both in discovery obligations and every other obligation.
10          (interposing)
11          MR. HAEFELE:  I guess my perspective, Your Honor,
12 would be I would rather in a sense, I don't mean this in a
13 derogatory way, but I would rather force their hand to do
14 that so that we know sooner rather than later that that's
15 what they're planning on doing.  And if Your Honor orders
16 them to have a deadline, and if they don't meet that
17 deadline, then we have a better indication of who's actually
18 active in the case.
19          THE COURT:  Well, I directed that rolling
20 productions begin by what date?  I know I said they're to be
21 completed by April 29.  Refresh my recollection as to when I
22 said they should begin.  Responses were to be January 7.  I
23 guess it was from that date forward that there be a rolling
24 production.
25          MR. HAEFELE:  That was my understanding, Your

1  Honor, and, quite frankly, our position would be that to the
2  extent that there is any documents that were covered by Your
3  Honor's order that do exist and were objected to but now
4  Your Honor has overruled, those should be produced
5  immediately at the beginning, at the inception of that
6  deadline rather than throughout the rolling production,
7  especially given that these are requests that have been
8  outstanding for years.
9           THE COURT:   As to –
10          MR. KABAT:   Your Honor, may I briefly step in?
11 I just want to reiterate that our client, the (inaudible)
12 Group, simply has no ability to get the documents from the
13 Saudi group.  We've made that clear, and we know the
14 plaintiff waited five years to file the motion to compel.
15 So any delay (inaudible) problem of their own making.
16          THE COURT:   What I'm willing to do, because maybe
17 it'll give us a paradigm for discussion, is I will say that
18 the Al-Haramain Saudi entity is to produce its documents by
19 January 7.  It hasn't filed –
20          (interposing)
21          MR. KABAT:   -- documents we have --
22          THE COURT:   Sorry?  I didn't hear what you said,
23 Mr. Kabat.
24          MR. KABAT:   (no response)
25          THE COURT:   Hello?  Did we just lose everybody?

```
 1              (interposing)
 2              MR. HAEFELE:   He may not have heard you, Your
 3   Honor.
 4              THE COURT:   Oh, Mr. Kabat, you said something
 5   that I didn't hear.
 6              MR. KABAT:   I said we will certainly produce what
 7   documents we have on January 7, but we do not currently have
 8   any access to the Saudi documents.  And I would be surprised
 9   if we get access by January 7, but if we do, we'll produce
10   those as well.
11              MR. HAEFELE:   Your Honor, can we ask for one
12   clarification in writing?  When Mr. Kabat says that he has
13   or his client has no documents, I want to make sure that
14   we're not doing the same things we've done with Miss Lukee's
15   client where the documents happen to be in the lawyer's
16   possession and not in the client's possession.  We'd like
17   that in writing if that's the case.
18              THE COURT:   Well, as to any defendants or anybody
19   subpoenaed, the documents that are to be produced are those
20   within the defendant or subpoeanant's possession, custody,
21   or control, and documents in the hands of lawyers and
22   accountants and other agents are in the custody or control
23   of a party that was subpoenaed or requested to produce the
24   documents.  So that I think is clear with respect to all
25   entities.
```

1          In light of what Mr. Kabat said, I will direct
2   that both of the Al-Haramain entities produce their
3   documents by January 7.
4          MR. KABAT:  Yes, Your Honor, Alan Kabat here.
5   (inaudible) documents that we have and our client has will
6   be produced if they haven't already been produced.
7          THE COURT:  Okay, terrific.  And I didn't
8   explicitly say, but I would like to receive in advance of
9   the January 14 conference a letter, say, by – I'm mindful
10  that the holidays are between now and then, again, a letter,
11  hopefully a joint letter, by January 10 – I think we should
12  be getting back to joint letters – identifying the issues
13  that people believe ought to be discussed on January 14 and
14  the two sides' positions with respect to that.  And I'll
15  leave it to you folks to figure out how to manage to make it
16  a joint letter.  Is that acceptable?
17         MR. HAEFELE:  Yes, Your Honor.
18         MR. KABAT:  Yes, Your Honor.
19         THE COURT:  Anything else anybody wishes to bring
20  up today?
21         MR. GOLDMAN:  This is Jerry Goldman.  There's a
22  bit of ambiguity, and we'd like some clarification, in terms
23  of Your Honor's desires with the five-day rule with regard
24  to advance notice.  Specifically when does the responding
25  party have to make its submission to the Court?

1

2              C E R T I F I C A T E

3

4        I, Carole Ludwig, certify that the foregoing

5  transcript of proceedings in the United States District

6  Court, Southern District of New York, In Re: Terrorist

7  Attacks on September 1, 2001, docket #03md11570, was

8  prepared using digital electronic transcription equipment

9  and is a true and accurate record of the proceedings.

10

11

12

13

14  Signature_____

15                CAROLE LUDWIG

16  Date:   December 7, 2010

17

18

19

20

21

22

23

24

25