# MEMO ENDORSED

**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/15/13

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

<u>Via Facsimile</u>

February 14, 2013

The Honorable Frank Maas
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

Re: *In Re: September 11, 2001 World Trade Center Attack*, 03 MDL 1570 (GBD)

Dear Judge Maas:

[Handwritten endorsement: I prefer to table the letter motions to a conference in March. The remaining agenda would not seem to justify an in-court conference. Accordingly, I suggest we proceed via telephone conference on 2/21. In March, the conference will be on 3/19 at 11:30 a.m. in Courtroom 9A. /s/ Maas, USMJ, 2/14/13]

The Plaintiffs' Executive Committees and the Defendants' Executive Committee, on behalf of the defendants who are currently subject to discovery, respectfully submit their proposals concerning the agenda for the February 21, 2013 discovery conference.

**Plaintiffs' Proposed Agenda for the February 21, 2013 Conference:**

At the moment, the only discovery dispute that Plaintiffs know to be fully briefed for the Court's consideration is the dispute concerning Al Haramain, which has been the subject of briefing submitted for Your Honor's consideration in Plaintiffs' initial letter briefing (January 9, 2013), Al Haramain's opposition (January 31, 2013) and Plaintiffs' reply (February 7, 2013).

Plaintiffs have also submitted, on January 30, 2013, for Your Honor's consideration two additional disputes, concerning defendants Wa'el Jelaidan and Rabita Trust. The defendants' opposition is due February 20, 2013.[1] If needed, Plaintiffs' response would be due a week later.

In addition, although no additional discovery disputes are presently ripe for Your Honor's consideration, Plaintiffs believe it would be helpful to take a moment to update Your Honor on the status of discovery and the production of the parties' respective privilege logs – *e.g.*, on February 1, 2013, Plaintiffs jointly served a log on all active defense counsel; Al Haramain advised all PECs' counsel that it

---

[1] These defendants have submitted to the Court a request, to which Plaintiffs have consented, to extend this due date to March 1, 2013.

The Honorable Frank Maas
February 14, 2013
Page 2

had no documents to identify on a log; and Dubai Islamic Bank, Muslim World League, and IIRO each advised Federal Insurance's counsel, Sean Carter, that they each had no documents to identify on a log; the remaining defendants (WAMY/ WAMY Int'l, Sana-Bell/Sanabel al Kheer, Rabita Trust, Pirouz Sedaghaty, and Wa'el Jelaidan) did not serve logs.

Finally, Plaintiffs believe it advisable for the parties and the Court to discuss the status of the appeals argued on December 4, 2012, before the Second Circuit Court of Appeals and the possibility that the anticipated resulting decision may affect the progression of discovery in this multidistrict litigation. In this regard, Plaintiffs note that many of the defendants involved in the appeal are closely related to the defendants presently engaged in discovery (e.g., appellee Adnan Basha is directly related to IIRO; appellees Abdullah Naseef, Abdullah Al-Turki, and Abdullah Al-Obaid are all directly related to Muslim World League, and appellees Soliman al-Buthe and Aqeel al-Aqeel are directly related to Al Haramain).

### Defendants' Proposed Agenda for the February 21, 2013 Conference:

Defendants believe that the discovery conference scheduled for February 21 should be continued to a mutually convenient date in the week of March 18-22, 2013.

There are four discovery issues that are currently pending, but only one has completed briefing: (1) Plaintiffs' letter application as to Al Haramain Islamic Foundation; (2) Plaintiffs' letter application as to Rabita Trust; (3) Plaintiffs' letter application as to Wael Jelaidan; and (4) Defendants' objections to Plaintiffs' Privilege Log. The second, third, and fourth issues could be addressed in March, unless the parties are able to resolve them beforehand.

Further, with respect to the Al Haramain issue, the prosecutors and the attorneys for Perouz Sedaghaty are currently discussing a modification to the protective order in the Oregon case to address the concerns that the prosecutors had with disclosure of the documents. This may moot the Al Haramain discovery dispute, but another week or more may be needed to resolve that. Therefore, as the Al Haramain issue may be mooted, and may require some additional time to reach a resolution, it is not fully ripe for review next week. Judicial economy would favor postponing any resolution of the Al Haramain issue until after the Oregon attorneys are able to resolve the prosecutors' concerns with disclosure of documents in this litigation, as that resolution may obviate the need for any status conference as to the Al Haramain issue.

### Defendants' Response to Plaintiffs' Proposed Agenda:

Defendants do not believe that it would be appropriate to consume the Court's or the parties' time speculating as to how the Second Circuit may rule on the pending appeals, or how, if at all, any such decision may impact ongoing discovery as to the defendants not on appeal.

If this Court desires, Defendants are willing to provide a general update regarding the status of the Second Circuit appeal, recognizing that counsel for most of the defendants on appeal would not be present at this Court's status conference.

### Plaintiffs' Reply to Defendants' Response:

Plaintiffs defer to the Courts' preference as to whether to delay consideration of the items referenced in Plaintiffs' initial proposed agenda (stated above), but disagree with the defendants' characterization of the currently pending motions. As indicated in Plaintiffs' initial proposal, only one

The Honorable Frank Maas
February 14, 2013
Page 3

motion is presently ripe for the Court's consideration (Al Haramain) and only two additional motions are otherwise pending with briefing incomplete (Rabita Trust and Wa'el Jelaidan). Although Defendants may *anticipate* filing a motion regarding what they may perceive as shortcomings in Plaintiffs' privilege log, *no such motion is presently pending*. In fact, the Plaintiffs became aware of those perceived shortcomings only on February 12, 2013, and other than the Plaintiffs offering to meet and confer at a future mutually convenient time, the parties have had no meet and confer dialogue.[2] Accordingly, Defendants' endeavor to place the issue on a tentative agenda for a March conference is premature. To the extent that such a motion is actually filed and at least scheduled to be fully briefed at the time of the next scheduled conference, then the parties would presumably place such a motion on the proposed agenda for that conference.

Plaintiffs also disagree with the defendants' characterization that Plaintiffs' motion concerning Al Haramain would become moot if Al Haramain were to produce the documents that, on January 28, 2013 (while responding to Plaintiffs' motion for sanctions), it finally requested from the federal prosecutor in Oregon. Al Haramain's long-overdue production of those documents would not address the substantial issues of: (1) Al Haramain's willful avoidance of its discovery obligations (including both its failure to preserve and failure to produce); (2) its global spoliation conduct, in its U.S. branch office, Saudi headquarters, and elsewhere; or (3) its substantial non-production from all its other branch offices globally.

So, while Plaintiffs defer to the Court's preference concerning when Your Honor will hear Plaintiffs' motion for sanctions against Al Haramain, the defendants' characterization that the motion may be mooted is inaccurate. Moreover, if the Court opts not to hear the Al Haramain motion on February 21, 2013, the motion should nonetheless be placed on the agenda for the next hearing date. If for no other reason, the endeavor in Oregon to work out language to allow the parties in this litigation access to the documents (language that Plaintiffs believe was already worked out between Magistrate Judge Maas and his counterpart in Oregon) should have a short deadline.

Respectfully,

Robert T. Haefele
THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

Alan R. Kabat
THE DEFENDANTS' EXECUTIVE COMMITTEE

cc:   Hon. George B. Daniels (By Federal Express)
      MDL-1570 counsel (By electronic mail)

---

[2] Although no motion about the log is pending, Defendants did send *Burnett* counsel a five-page letter identifying, broadly speaking, three areas of alleged deficiency and their interpretation of authority purporting to support their position. Not only is it inefficient to try to address Defendants' concerns before Plaintiffs have responded to Defendants' letter, but it is also quite possible that the entire dispute may be resolved based on the parties' meet and confer.