**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

:      MOTION TO REQUEST THE ISSUANCE OF LETTERS

:      ROGATORY

:      03 MDL 1570 (GBD) (FM)

:

-------------------------------------------------------------------X

This Document Relates to
Havlish v. bin Laden,
03 Civ. 9848 (GBD) (FM)

      The *Havlish* Plaintiffs, through counsel, hereby respectfully submit this Motion to Request the Issuance of Letters Rogatory, and in support thereof, aver the following:

      1. On December 22, 2011, this Court entered a default judgment as to liability against the Islamic Republic of Iran, a foreign state, and seven (7) of its political subdivisions for providing material support and assistance to al-Qaeda in carrying out the terrorist attacks of September 11, 2001. A copy of the Order of Judgment is attached hereto as **Exhibit A**.

      2. Included in the Order of Judgment of December 22, 2011, were eight (8) other Iranian persons or entities that also provided material support to al-Qaeda in carrying out the terrorist attacks of September 11, 2001: (1) Ayatollah Ali Hosenei Khamenei, Supreme Leader of Iran; (2) Ali Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran; (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Corporation; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah.

3. Following the entry of the Order of Judgment, the *Havlish* Plaintiffs submitted materials to United States Magistrate Judge Frank Mass regarding their damages.

4. Upon the Recommendation of Judge Maas, this Court entered an Order and Judgment on October 12, 2012, awarding damages to the *Havlish* Plaintiffs in the amount of $6,048,513,805. The Order and Judgment required service of it upon all Defendants pursuant to the provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. §1602 *et seq.* ("FSIA"). A copy of the Order and Judgment entered on October 12, 2012, is attached hereto as **Exhibit B**.

5. The FSIA service provisions are contained in §1608(a) and §1608(b). Subsection (a) applies to service upon "a foreign state or a political subdivision of a foreign state." 28 U.S.C. §1608(a). Subsection (b) applies to service upon "an agency or instrumentality of a foreign state." 28 U.S.C. §1608(b). Each subsection lists several methods of service in descending order of preference. The first two methods of service in both subsections (a) and (b) are virtually identical, and neither is applicable to the Islamic Republic of Iran.[1] The third method of service requires that a party such as the *Havlish* Plaintiffs send a copy of the default judgment, together with a translation into Farsi, to Iran "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court." 28 U.S.C. §1608(a)(3); 28 U.S.C. §1608(b)(3)(B).

---

[1] The first two methods of service of default judgment are "in accordance of a special arrangement for service between the plaintiff and the foreign state" or, if no special arrangement exists, by delivery of the default judgment "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. §1608(a)(1)-(2); 28 U.S.C. §1608(b)(1)-(2). No "special arrangement" for service of the default judgment exists between the *Havlish* Plaintiffs and Iran, as Iran failed to appear to defend the case. Indeed, Iran has never appeared to defend *any* claim in the courts of the United States brought by plaintiffs under the state sponsor of terrorism exception to sovereign immunity found at 28 U.S.C. §1605A. Further, Iran is not a signatory to any "applicable international convention on service of judicial documents." See Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organisation at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last accessed February 11, 2013). A copy of the signatories to the Hague Convention, 20 U.S.T. 361, that is found on that webpage is attached hereto as **Exhibit C**. See also United States District Court for the Southern District of New York, Foreign Mailing Instructions, pp. 5-6.

6. The *Havlish* Plaintiffs obtained a shipping license from the Office of Foreign Assets Control through DHL Express on October 18, 2012. This license permitted the Clerk of Court to send the requisite documents for service of the default judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran on behalf of the *Havlish* Plaintiffs in accordance with §1608(a)(3). On November 15, 2012, pursuant to Plaintiffs' request for service upon each of sixteen (16) Iranian Defendants, the Clerk of Court dispatched a set of documents provided by the *Havlish* Plaintiffs to Tehran, Iran via DHL Express. A copy of one of the sixteen (16) Certificates of Mailing from the Clerk of Court is attached hereto as **Exhibit D**.

7. On November 26, 2012, the Ministry of Foreign Affairs in Tehran refused delivery of all sixteen (16) DHL Express packages containing the requisite documents for service of the *Havlish* default judgment. A copy of the materials sent by counsel to the Clerk of Court as Returns of Service, including the DHL tracking summaries, is attached hereto as **Exhibit E**. DHL Express contacted counsel for the *Havlish* Plaintiffs to advise that the shipments had been refused, and to request authorization to dispose of the packages, or return the shipments to Mellon & Webster, P.C. in Doylestown, PA. A copy of an e-mail by Carolina Ramirez of DHL Express to James P. McCoy, Esquire of Mellon & Webster, P.C. dated December 3, 2012, is attached hereto as **Exhibit F**.

8. The fourth method of service under the FSIA, should service under §1608(a)(3) not be effectuated, is service through diplomatic channels via the U.S. Department of State pursuant to §1608(a)(4) or §1608(b)(3)(A). The fundamental difference between subsection (a) and (b) for service involving the Department of State is that letters rogatory must be issued in order for the Department of State to serve agencies and instrumentalities of Iran; there is no such

requirement of letters rogatory for service upon a foreign state, or a political subdivision of a foreign state. 28 U.S.C. §1608(b)(3)(A).

      9. On January 14 and January 15, 2013, the Clerk of Court, pursuant to Plaintiffs' request under §1608(a)(4), mailed sixteen (16) sets of documents that were provided to the Clerk by counsel to the U.S. Department of State for service upon the sixteen (16) Iranian Defendants through diplomatic means. Included with the requisite documents for service of the default judgment was a check in the amount of $2,275.00 for each of the sixteen (16) Iranian Defendants to be served. A copy of one of the sixteen (16) Certificates of Mailing from the Clerk of Court to the U.S. Department of State is attached hereto as **Exhibit G**.

      10. On January 25, 2013, William P. Fritzlen of the U.S. Department of State corresponded with the Clerk of Court to inform the Clerk that the Department of State was empowered to serve only eight (8) of the sixteen (16) Iranian Defendants in the *Havlish* action under §1608(a)(4). The eight (8) Defendants that would be served by the Department of State were those that were "a foreign state or a political subdivision of a foreign state." The remaining Defendants, the Department of State explained, could not be served unless there was a determination by the Court that these Defendants were agencies and instrumentalities of Iran and letters rogatory were first issued, as contemplated by 28 U.S.C. §1608(b)(3)(A). The eight (8) Defendants for which the Department of State has yet to attempt service are: (1) Ayatollah Ali Khamenei, Supreme Leader of Iran; (2) Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran; (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Corporation; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah. A copy of the letter by William P.

Fritzler, U.S. Department of State, to Ruby J. Krajick, Clerk of Court, dated January 25, 2013, is attached hereto as **Exhibit H**.

11. The Conclusions of Law entered by this Court on December 22, 2011, included the following paragraphs:

> 35. Under the FSIA, "a 'foreign state' . . . includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state" as defined in the FSIA. 28 U.S.C. §1603(a). The FSIA defines the term "agency or instrumentality of a foreign state" as any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of . . . the United States . . . nor created under the laws of any third country. 28 U.S.C. §1603(b)(1)-(3); *see Estate of Heiser, et al. v. Islamic Republic of Iran*, No. 00-cv-2329 (RCL), Consolidated With No. 01-cv-2104 (RCL) (D.D.C. August 10, 2011). Accordingly, Iran's Ministry of Information and Security, the Islamic Revolutionary Guard Corps, Iran's Ministry of Petroleum, Iran's Ministry of Economic Affairs and Finance, Iran's Ministry of Commerce, and Iran's Ministry of Defense and Armed Forces Logistics, which are all political subdivisions of Defendant Iran, are all legally identical to Defendant Iran for purposes liability under the FSIA.
>
> 36. Further, **Defendants Hizballah, the National Iranian Tanker Corporation, the National Iranian Oil Corporation, the National Iranian Gas Company, Iran Airlines, the National Iranian Petrochemical Company**, and the Central Bank of the Islamic Republic of Iran, **at all relevant times acted as agents or instrumentalities of Defendant Iran. Each of these defendants is subject to liability under as agents of Iran under §1606A(c)** [sic][2] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.
>
> 37. The two Iranian individuals, **Defendant Ayatollah Ali-Hoseini Khamenei and Ali Akbar Hashemi Rafsanjani, each are an "official, employee, or agent of [Iran] . . . acting with the scope of his or her office, employment, or agency" and therefore, Khamenei and Rafsanjani are legal equivalent to Defendant Iran for purposes of the FSIA which authorizes against a cause of action against them to the same extent as it does a cause of action against the "foreign state that is or was a state sponsor of terrorism" itself. 28 U.S.C. §1605A(c). Each of these defendants is subject to liability under as agents and officials of Iran under §1606A(c)** [sic][3] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.
>
> 38. **Iran is liable for damages caused by the acts of all agency and instrumentality Defendants because "[i]n any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents."** *Id*. **28 U.S.C. §1605A(c).**

See Findings of Fact and Conclusions of Law, Document #294, ¶ ¶ 35-38. [emphases added].

12. As this Court has adjudged the eight (8) Iranian Defendants for which the Department of State will not provide service under §1608(a)(4) to be agencies and

---

[2] The correct citation is §1605A(c).
[3] The correct citation is §1605A(c).

instrumentalities of Iran, the issuance of Letters Rogatory by this Court will assist the *Havlish* Plaintiffs in effectuating service of their judgment upon all of the sixteen (16) liable Iranian Defendants.

13. As this Court has adjudged the eight (8) Iranian Defendants for which the Department of State will not provide service under §1608(a)(4) to be agencies and instrumentalities of Iran, the Department of State will forward any Letters Rogatory issued by the Court to the Islamic Republic of Iran with a request to effectuate service upon these eight (8) parties which this Court has adjudged liable.

14. A copy of the proposed Letters Rogatory directed to the Islamic Republic of Iran is attached hereto as **Exhibit I**.

15. A copy of *Murphy v. Islamic Republic of Iran*, 778 F.Supp.2d 70 (D.D.C. 2011), upon which Plaintiffs rely in the accompanying Memorandum of Law, is attached for the Court's convenience as **Exhibit J**.

**WHEREFORE,** the *Havlish* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Havlish* Plaintiffs' request for the issuance of Letters Rogatory directed toward the Islamic Republic of Iran, to be forwarded to the Islamic Republic by the U.S. Department of State, along with the necessary legal documents and translations, including this Court's final judgment in Plaintiffs' favor.

                                                Respectfully submitted,

                                                /s/ Thomas E. Mellon, III
                                                Thomas E. Mellon, III (PA Bar No. 81631)
                                                MELLON & WEBSTER, P.C.
                                                87 North Broad Street
                                                Doylestown, PA 18901
                                                (215) 348-7700

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
Melina Goldfarb (AL Bar No. ASB- 3739-R71M)
WIGGINS CHILDS QUINN
& PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS QUINN
& PANTAZIS, PLLC
1850 M Street, NW, Suite 720
Washington, DC 20036
(202) 467-4123

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN 46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-6333

J.D. Lee (TN Bar No. 2030)
David C. Lee (TN Bar No. 015217)
LAW OFFICE OF J.D. LEE
422 South Gay Street, 3rd Floor
Knoxville, TN 37902
(865) 544-0101

Evan J. Yegelwel (FL Bar No. 319554)
TERRELL HOGAN ELLIS
YEGELWEL. P.A.
233 East Bay Street
Blackstone Building, 8th Floor
Jacksonville, FL 32202
(904) 632-2424

Edward H. Rubenstone (PA Bar No. 16542)
LAMM RUBENSTONE LLC
3600 Horizon Boulevard, Suite 200
Trevose, PA 19053
(215) 638-9330

Donald J. Winder (UT Bar No. 3519)
Jerald V. Hale (UT Bar No. 8466)
WINDER & COUNSEL, PC
175 West 200 South, Suite 4000
P.O. BOX 2668
Salt Lake City, UT 84110-2668
(801) 322-2222

*Attorneys for the Havlish Plaintiffs*