UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

:     MEMORANDUM OF LAW
    IN SUPPORT OF PLAINTIFFS'
:     MOTION TO REQUEST THE
    ISSUANCE OF LETTERS
:     ROGATORY

:     03 MDL 1570 (GBD) (FM)

-------------------------------------------------------------------X

This Document Relates to
Havlish v. bin Laden,
03 Civ. 9848 (GBD) (FM)

      The *Havlish* Plaintiffs, through counsel, hereby respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Request the Issuance of Letters Rogatory.

**I.**     **STATEMENT OF FACTS**

      This action was brought by representatives of 47 Estates and 111 family members who are victims of the terrorist attacks of September 11, 2001, in order to hold accountable those who planned, executed, and/or provided material support and assistance to al-Qaeda in carrying out the most deadly and outrageous act to occur on American soil. On December 22, 2011, this Court entered an Order of Judgment granting a default judgment as to liability against the two categories of Defendants which Plaintiffs sought to hold accountable: those Defendants that were related to the Islamic Republic of Iran ("Iranian Defendants") and other non-Sovereign Defendants (Osama bin Laden, al-Qaeda, The Taliban a/k/a The Islamic Emirate of Afghanistan, and Muhammad Omar). An Order and Judgment followed on October 12, 2012, awarding the *Havlish* Plaintiffs damages in excess of $6 billion. The Order and Judgment required that the *Havlish* Plaintiffs serve it forthwith, along with other pertinent documents in the case, upon the

Iranian Defendants in accordance with the service provisions of the Foreign Sovereign Immunities Act ("FSIA") found at 28 U.S.C. §1608.

The FSIA contains parallel service provisions depending on the classification of the sovereign defendant. For service upon "a foreign state or a political subdivision of a foreign state," the four methods of service contained in 28 U.S.C. §1608(a)(1)-(4) apply, listed in descending order of preference. For service upon "an agency or instrumentality of a foreign state," there are five methods of service, including the use of letters rogatory. 28 U.S.C. §1608(b)(3)(A). The service provisions are similar for both "foreign states" and a foreign state's "agencies and instrumentalities" in that private plaintiffs are afforded three means of service under subsection (a) or (b) before the assistance of the United States or the Court in effectuating service becomes warranted.

The fundamental difference between the two subsections, should a private plaintiff be unable to effectuate service, is a procedural one. In the case of a foreign state or political subdivision, subsection (a) permits service via the U.S. Department of State through diplomatic means should the other proscribed methods of service fail. 28 U.S.C. §1608(a)(4). For an agency or instrumentality of an instrumentality of a foreign state, the Department of State will not serve the agency or instrumentality directly. Rather, the Department of State will request the judicial assistance of the foreign state in serving their agencies and instrumentalities after letters rogatory has been issued by the Court. 28 U.S.C. §1608(b)(3)(A).

The Iranian Defendants in the *Havlish* action are: (1) Islamic Republic of Iran; (2) Ayatollah Ali Hosenei Khamenei, Supreme Leader of Iran; (3) Ali Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran; (4) Ministry of Information and Security; (5) Islamic Revolutionary Guard Corps; (6) Ministry of Petroleum; (7)

2

National Iranian Tanker Corporation; (8) National Iranian Oil Corporation; (9) National Iranian Gas Company; (10) National Iranian Petrochemical Company; (11) Iran Airlines; (12) Ministry of Economic Affairs and Finance; (13) Ministry of Commerce; (14) Ministry of Defense and Armed Forces Logistics; (15) Central Bank of the Islamic Republic of Iran; and (16) Hezbollah.

This Court has adjudged <u>all</u> of the Iranian Defendants to be the legal equivalent of Iran for purposes liability under the state sponsor of terrorism exception to sovereign immunity codified at 28 U.S.C. §1605A. The Conclusions of Law entered by this Court on December 22, 2011, included the following paragraphs:

> 35. Under the FSIA, "a 'foreign state' . . . includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state" as defined in the FSIA. 28 U.S.C. §1603(a). The FSIA defines the term "agency or instrumentality of a foreign state" as any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of . . . the United States . . . nor created under the laws of any third country. 28 U.S.C. §1603(b)(1)-(3); *see Estate of Heiser, et al. v. Islamic Republic of Iran*, No. 00-cv-2329 (RCL), Consolidated With No. 01-cv-2104 (RCL) (D.D.C. August 10, 2011). Accordingly, Iran's Ministry of Information and Security, the Islamic Revolutionary Guard Corps, Iran's Ministry of Petroleum, Iran's Ministry of Economic Affairs and Finance, Iran's Ministry of Commerce, and Iran's Ministry of Defense and Armed Forces Logistics, which are all political subdivisions of Defendant Iran, are all legally identical to Defendant Iran for purposes liability under the FSIA.
>
> 36. Further, **Defendants Hizballah, the National Iranian Tanker Corporation, the National Iranian Oil Corporation, the National Iranian Gas Company, Iran Airlines, the National Iranian Petrochemical Company**, and the Central Bank of the Islamic Republic of Iran, **at all relevant times acted as agents or instrumentalities of Defendant Iran. Each of these defendants is subject to liability under as agents of Iran under §1606A(c)** [sic] [1] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.
>
> 37. The two Iranian individuals, **Defendant Ayatollah Ali-Hoseini Khamenei and Ali Akbar Hashemi Rafsanjani, each are an "official, employee, or agent of [Iran] . . . acting with the scope of his or her office, employment, or agency" and therefore, Khamenei and Rafsanjani are legal equivalent to Defendant Iran for purposes of the FSIA which authorizes against a cause of action against them to the same extent as it does a cause of action against the "foreign state that is or was a state sponsor of terrorism" itself. 28 U.S.C. §1605A(c). Each of these defendants is subject to liability under as agents and officials of Iran under §1606A(c)** [sic] [2] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.

---

[1] The correct citation is §1605A(c).
[2] The correct citation is §1605A(c).

> 38. **Iran is liable for damages caused by the acts of all agency and instrumentality Defendants because "[i]n any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents."** *Id*. **28 U.S.C. §1605A(c).**

See Findings of Fact and Conclusions of Law, Document #294, ¶ ¶ 35-38. [emphases added].

**The Attempts to Serve the Iranian Defendants by the *Havlish* Plaintiffs**

The methods of service under the FSIA are listed in descending order of preference in both subsections (a) and (b). See 28 U.S.C. §1608 (a)(1)-(4); 28 U.S.C. (b)(1)-(3). The first two methods under each subsection are virtually identical and neither is applicable to the Islamic Republic of Iran. The first method is "by delivery of a copy of the [default judgment] in accordance with any special arrangement for service between the plaintiff and political subdivision."[3] 28 U.S.C. §1608(a)(1); 28 U.S.C. §1608(b)(1). No "special arrangement" for service of the default judgment exists between the *Havlish* Plaintiffs and Iran, as Iran failed to appear to defend the case. Indeed, Iran has never appeared to defend *any* of the dozens of claims brought against the Islamic Republic by plaintiffs in the courts of the United States under the state sponsor of terrorism exception to sovereign immunity found at 28 U.S.C. §1605A. See *In re Islamic Republic of Iran Terrorism Litig.*, 659 F.Supp.2d 31, 85 (D.D.C. 2009) (observing "the notion" that Iran might appear to defend an action brought under the state sponsor of terrorism exception to sovereign immunity "is almost laughable because that nation has never appeared in any of the terrorism actions that have been litigated against it in this Court.") See also *Heiser v. Islamic Republic of Iran*, 00-cv-2329 (D.D.C. Aug. 10, 2011) (Lamberth, C.J.) (denying a motion by private U.S. telecommunications company to interplead Iran in an execution proceeding against funds owed by telecommunications company to Iran, holding that "this action has been proceeding for almost a decade, yet in all this time Iran has not appeared to

---

[3] Though the language of the FSIA service provisions is couched in terms applicable to service of original process, these same provisions at §1608(a)(1)-(4) or §1608(b)(1)-(3) are applicable to service of a default judgment by operation of §1608(e), which states that "[a] copy of any…default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section." 28 U.S.C. §1608(e).

account for its role in the horrific bombing of the Khobar Towers residential complex. This choice was made despite both exposure to more than $500 million in damages and evidence that Iran is perfectly capable of appearing when it wishes.").

When no special arrangement for service exists, as is the case here, the second method of service under the FSIA is by delivery of the default judgment "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. §1608(a)(2); 28 U.S.C. §1608(b)(2). Iran is not a signatory to any such international convention. See Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organisation at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last accessed February 11, 2013). A copy of the signatories to the Hague Convention, 20 U.S.T. 361, that is found on that webpage is attached hereto as **Exhibit C**. See also United States District Court for the Southern District of New York, Foreign Mailing Instructions, pp. 5-6.

If service of the default judgment cannot be made by the first two methods, the FSIA permits a plaintiff to request that the Clerk of Court send the required documents "by any form of mail requiring a signed receipt…to the head of the ministry of foreign affairs of the foreign state concerned" or, in the case of an agency or instrumentality, directly to the agency or instrumentality itself. 28 U.S.C. §1608(a)(3); 28 U.S.C. §1608(b)(3)(B). The *Havlish* Plaintiffs obtained the shipping license required to ship packages to Iran on October 18, 2012, from the Office of Foreign Assets Control through the international courier DHL Express.[4] The *Havlish* Plaintiffs subsequently hand delivered sixteen (16) sets of legal documents, one for each of the

---

[4] The Office of Foreign Assets Control is the arm of the United States Treasury that is responsible for promulgating and enforcing the Iranian Transaction Regulations that have been implemented pursuant to Executive Order by the past six presidential administrations.

sixteen (16) Iranian Defendants, to the Clerk of Court for the Southern District of New York for shipment to Tehran, Iran via DHL Express pursuant to 28 U.S.C. §1608(a)(3) and 28 U.S.C. §1608(b)(3)(B). Plaintiffs' hand delivery included translations of each document into Farsi and the completed shipping waybills, which directed each package of legal documents to the Ministry of Foreign Affairs of the Islamic Republic of Iran, the address of which was verified through the English version of the Foreign Ministry's own website, http://www.mfa.gov.ir/Default.aspx?lang=en.

The Clerk of Court dispatched the sixteen (16) DHL Express packages to Iran on Plaintiffs' behalf on November 15, 2012. According to the tracking summaries provided by DHL Express, the packages arrived in Tehran on November 22, 2012, and the shipment was refused by the Ministry of Foreign Affairs on November 26, 2012. A copy of the 16 tracking summaries forwarded to the Clerk of Court as Returns of Service is attached hereto as **Exhibit E**. DHL Express contacted counsel for the *Havlish* Plaintiffs to advise that the shipments had been refused, and to request authorization to dispose of the packages, or return the shipments to Mellon & Webster, P.C. in Doylestown, PA. A copy of an e-mail by Carolina Ramirez of DHL Express to James P. McCoy, Esquire of Mellon & Webster, P.C. dated December 3, 2012, is attached hereto as **Exhibit F**.

Following the Iranian Defendants' refusal to accept service of the *Havlish* judgment, Plaintiffs requested that the Clerk of Court attempt service via the final method proscribed by the FSIA, which involves transmission of the necessary documents by the Clerk to the Department of State in Washington D.C. for service via diplomatic channels. See 28 U.S.C. § 1608(a)(4). Plaintiffs again hand delivered to the Clerk of Court the requisite documents for service upon the sixteen (16) Sovereign Defendants in the *Havlish* action, along with a cashier's check in the

amount of $2,275 for each Defendant to be served. The Clerk of Court dispatched the documents on Plaintiffs' behalf to Washington on January 14 and January 15, 2013. A copy of a Certificate of Mailing from the Clerk of Court to the Department of State is attached hereto as **Exhibit G**.

On January 25, 2013, Mr. William P. Fritzlen of the Department of State informed the Clerk of Court via correspondence that service would only be effectuated on eight (8) of the sixteen (16) Iranian Defendants. See letter by William P. Fritzlen to Ruby J. Krajick, Clerk of Court dated January 25, 2013, is attached hereto as **Exhibit H**. The eight Sovereign Defendants that would not be served were considered "agencies and instrumentalities" by the Department of State and, therefore, the Court would first be required to issue letters rogatory under 28 U.S.C. §1608(b)(3)(A) for the Department of State to assist with service of the following Defendants: (1) Ayatollah Ali Hoseini Khamenei, Supreme Leader of Iran; (2) Ali Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran; (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Corporation; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah. The Department of State assured the *Havlish* Plaintiffs that service upon the remaining eight (8) Iranian Defendants would be effectuated as requested.

The *Havlish* Plaintiffs now respectfully request that this Court issue Letters Rogatory so that service upon the eight (8) agencies and instrumentalities of the Islamic Republic of Iran, all of which this Court has adjudged to be liable to the *Havlish* Plaintiffs, can be effectuated with the assistance of the U.S. Department of State.

## II.    LEGAL ARGUMENT

### A.    The Issuance of Letters Rogatory by this Court Is Necessary for the *Havlish* Plaintiffs to Comport with the Service Requirements of the FSIA.

"Under the FSIA, entry of a default judgment against a foreign state or its instrumentalities must be accompanied by service of that judgment." *Murphy v. Islamic Republic of Iran*, 778 F.Supp.2d 70 (D.D.C. 2011). This requirement of service, coupled with the requirement that a plaintiff pursuing a claim under §1605A of the FSIA can only obtain a default judgment after presenting evidence satisfactory to the court, both "ensure[s] that having been served with an initial complaint and declining to participate in the litigation[,] a foreign state or entity remains protected by the requirement that a plaintiff substantiate her claim" and that foreign property interests are preserved "by insisting upon prompt notification of any entry of judgment that might put such interests at risk." *Murphy*, 778 F.Supp.2d at 72.

Rather than serve all of the sovereign defendants in their action, the *Murphy* Plaintiffs requested that they be permitted to serve only Iran with the judgment, since the other defendants in the case were found to be the equivalent of Iran for purposes of liability. The *Murphy* Plaintiffs also proposed to only attach and execute upon property of Iran itself, in lieu of serving each individual Iranian defendant with notice of their judgment.[5] The court rejected both requests, holding that <u>all</u> sovereign defendants in an FSIA action must be served with the judgment in order to comply with not only the provisions regarding service, but the provisions regarding attachment of, and execution upon, defendants' property. "Had Congress wished to selectively choose those defendants upon which they would serve then seek enforcement, it would have provided such a mechanism. It did not…[t]hus, no Order permitting the execution of

---

[5] Apparently, the Murphy Plaintiffs were concerned with the cost of serving each defendant with their judgment. The Department of State charges $2,275 per foreign defendant for service.

8

plaintiffs' judgment will be entered in this case until all defendants have been served with the final judgment and given an opportunity to respond." *Id*.

The *Havlish* Plaintiffs, both under statutory and case law, are obligated to serve all sovereign Defendants in this action with their judgment before any order permitting execution, upon application by Plaintiffs, can be issued by this Court. For this reason, the *Havlish* Plaintiffs respectfully request that this Court issue the requisite Letters Rogatory that will allow the Department of State to request the assistance of the Islamic Republic of Iran in serving the eight (8) agencies and instrumentalities of Iran adjudged by this Court to be liable to the *Havlish* Plaintiffs for their material support and assistance to al-Qaeda in executing the horrific attacks of September 11, 2001.

A copy of *Murphy v. Islamic Republic of Iran*, 778 F.Supp.2d 70 (D.D.C. 2011), is attached for the Court's convenience to Plaintiffs' Motion as **Exhibit J**.

### III.   CONCLUSION

For the reasons stated above, the *Havlish* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Havlish* Plaintiffs' request for the issuance of Letters Rogatory directed toward the Islamic Republic of Iran, to be forwarded to the Islamic Republic by the U.S. Department of State, along with the necessary legal documents and translations, including this Court's final judgment in Plaintiffs' favor.

Respectfully submitted,

/s/ Thomas E. Mellon, III
Thomas E. Mellon, III (PA Bar No. 81631)
MELLON & WEBSTER, P.C.
87 North Broad Street
Doylestown, PA 18901
(215) 348-7700

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
Melina Goldfarb (AL Bar No. ASB- 3739-R71M)
WIGGINS CHILDS QUINN
& PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS QUINN
& PANTAZIS, PLLC
1850 M Street, NW, Suite 720
Washington, DC 20036
(202) 467-4123

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN 46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-6333

J.D. Lee (TN Bar No. 2030)
David C. Lee (TN Bar No. 015217)
LAW OFFICE OF J.D. LEE
422 South Gay Street, 3rd Floor
Knoxville, TN 37902
(865) 544-0101

Evan J. Yegelwel (FL Bar No. 319554)
TERRELL HOGAN ELLIS
YEGELWEL. P.A.
233 East Bay Street
Blackstone Building, 8th Floor
Jacksonville, FL 32202
(904) 632-2424

Edward H. Rubenstone (PA Bar No. 16542)
LAMM RUBENSTONE LLC
3600 Horizon Boulevard, Suite 200
Trevose, PA 19053
(215) 638-9330

Donald J. Winder (UT Bar No. 3519)
Jerald V. Hale (UT Bar No. 8466)
WINDER & COUNSEL, PC
175 West 200 South, Suite 4000
P.O. BOX 2668
Salt Lake City, UT 84110-2668
(801) 322-2222

*Attorneys for the Havlish Plaintiffs*