UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

: SUPPLEMENTAL MOTION FOR APPROVAL OF FORM AND PROCEDURE FOR *LIS PENDENS* PURSUANT TO §1605A(g)(1) OF THE FOREIGN SOVEREIGN IMMUNITIES ACT

: 03 MDL 1570 (GBD) (FM)
------------------------------------------------------------------X

This Document Relates to
Havlish v. bin Laden,
03 Civ. 9848 (GBD) (FM)

   The *Havlish* Plaintiffs, through counsel, hereby submit this Supplemental Motion for Approval of Form and Procedure for *Lis Pendens* Pursuant to §1605A(g)(1) of the Foreign Sovereign Immunities Act and in support thereof aver the following:

   1. On March 30, 2012, the *Havlish* Plaintiffs filed a Motion for Approval for Form and Procedure for *Lis Pendens*. This Motion is still pending before the Court and is Document No. 311 on the docket for this case. Plaintiffs filed this document prior to receiving a judgment as to damages in this case. The purpose was to seek the Court's approval for asserting a lien of *lis pendens* against holders of any property of the Islamic Republic of Iran ("Iran"), certain named political subdivisions of Iran, and certain named agencies and instrumentalities of Iran, including Hezbollah (collectively, the "Iranian Defendants"), as provided by §1605A(g)(1) of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1602 *et. seq.* A copy of this Motion for Approval for Form and Procedure for *Lis Pendens* is attached hereto as **Exhibit A**.[1]

   2. This Court entered an Order and Judgment on October 12, 2012, in the amount of

---

[1] The Third Amended Complaint has been omitted from this and other Exhibits due to its length and the Court's familiarity with this case.

$6,048,513,805 in favor of *Havlish* Plaintiffs and against the Iranian Defendants.  The Order and Judgment required that Plaintiffs serve the judgment forthwith, along with other relevant documents in this case. A copy of this Order and Judgment is attached hereto as **Exhibit B**.

3. Despite the diligence of the *Havlish* Plaintiffs in attempting to serve the Iranian Defendants, service of the Order and Judgment remains unperfected at this time.  On November 26, 2012, the Ministry of Foreign Affairs in Tehran refused delivery of sixteen (16) packages, mailed pursuant to a shipping license from the Office of Foreign Assets Control ("OFAC") obtained via DHL Express, that contained the requisite documents for service of the *Havlish* judgment in accordance with §1608(a)(3) of the FSIA.

4. Due to the Iranian Defendants' refusal to accept the service of the judgment issued by this Court via mail, as permitted by the FSIA under §1608(a)(3), Plaintiffs were forced to expend a great amount of time and money to attempt to serve the Iranian Defendants through diplomatic means as contemplated by §1608(a)(4).  Prior to attempting service through diplomatic channels, the *Havlish* Plaintiffs were subject to a 30-day waiting period mandated by statute.  See 28 U.S.C. §1608(a)(4); see also United States District Court for the Southern District of New York, Foreign Mailing Instructions, Attachment A.

5. On January 14 and January 15, 2013, the Clerk of Court, pursuant to Plaintiffs' request, mailed sixteen (16) sets of documents that were provided by counsel to the U.S. Department of State for service of the *Havlish* judgment upon the sixteen (16) Iranian Defendants through diplomatic means.

6. On January 25, 2013, William P. Fritzlen of the U.S. Department of State corresponded with the Clerk of Court to inform the Clerk that the Department of State was empowered to serve only eight (8) of the sixteen (16) Iranian Defendants in the *Havlish* action.

2

The eight (8) Defendants that would be served by the Department of State were those that were "a foreign state or a political subdivision of a foreign state." The remaining Defendants, the Department of State explained, could not be served unless there was a determination by the Court that these Defendants were agencies and instrumentalities of Iran and letters rogatory were first issued as contemplated by 28 U.S.C. §1608(b)(3)(A). This Court has already found that these Defendants were agencies and instrumentalities of Iran, and the *Havlish* Plaintiffs filed a Motion to Request the Issuance of Letters Rogatory with respect to these eight (8) Iranian Defendants on February 21, 2013. This Motion is currently pending before the Court.

      7.      On March 4, 2013, the *Havlish* Plaintiffs filed a Notice of Pending Action Pursuant to §1605A(g)(1) of the Foreign Sovereign Immunities Act ("Notice of Pending Action"). Under this provision of the FSIA, Plaintiffs' filing of its Notice of Pending Action with the Clerk of Court establishes "a lien of *lis pendens* upon any real property or tangible personal property that is subject to attachment in aid of execution, or execution" of any sovereign defendant that is located within the Southern District of New York. 28 U.S.C. §1605A(g)(1)(A)-(C). Plaintiffs' Notice of Pending Action is Document No. 363 on the docket for this case. A copy of this Notice of Pending Action is attached hereto as **Exhibit C**.

      8.      The filing of a Notice of Pending Action by the *Havlish* Plaintiffs was necessary to protect their interest in the Order and Judgment issued by this Court in on October 12, 2012, while the Iranian Defendants continue to evade service.

      9.      With the Notice of Pending Action now filed, and a *lis pendens* thus established, the *Havlish* Plaintiffs now file the instant Supplemental Motion to approve the form of the notice by which Plaintiffs will assert their right of *lis pendens* afforded under the FSIA as to any person or entity holding property of the Islamic Republic of Iran, or its political subdivisions, or its

agencies and instrumentalities, that are named Defendants in this action. Additionally, Plaintiffs have listed as Defendants on the Notice of Pending Action certain entities "controlled by" the named Defendants in the case, as permitted by 28 U.S.C. §1605A(g)(1)(C).

10.   The *Havlish* Plaintiffs received notice on March 25, 2013, that the Foreign Interests Section of the Embassy of Switzerland in Tehran, Iran served eight (8) Iranian Defendants with the necessary documents related to the Order and Judgment issued by this Court, and their translations into Farsi, on February 13, 2013, via the Ministry of Foreign Affairs of the Islamic Republic of Iran. These documents were refused the same day by the Ministry of Foreign Affairs. A copy of the letter by the Federal Department of Foreign Affairs of the Swiss Confederation to the Embassy of the United States of America in Berne, Switzerland dated February 19, 2013, is attached hereto as **Exhibit D**.

11.   Even after service upon the remaining eight (8) Iranian Defendants has been effectuated by the Department of State, pending the issuance of letters rogatory by this Court, Plaintiffs are required to wait "a reasonable period of time" before applying to this Court for an Order pursuant to §1610(c) of the FSIA, which will formally permit the attachment and execution upon assets of the Iranian Defendants.

12.   The *Havlish* Plaintiffs have been prejudiced by the Iranian Defendants' evasion of service of the Order and Judgment issued by this Court. Even though Plaintiffs have held a final judgment since October 12, 2013, Plaintiffs have yet to perfect service on all sixteen (16) Iranian Defendants, and are still subject to a mandated waiting period under the FSIA before collection activity to enforce Plaintiffs' judgment can begin in earnest. This is true even though the Ministry of Foreign Affairs in Tehran has refused service of the judgment both by mail and through diplomatic means, which are the only two methods of service available to the *Havlish*

Plaintiffs under the FSIA.  See 28 U.S.C. §1608(a)(3)-(4); see also Plaintiffs' Motion to Request the Issuance of Letters Rogatory, Document No. 359 on Docket 1:03-cv-09848 (GBD) (FM) (currently pending).

13. During the pendency of the *Havlish* action, the New York City branches of foreign-based banks have performed financial transactions for the Islamic Republic of Iran despite the sanctions regime instituted by the U.S. Department of Treasury through regulations promulgated by OFAC.  Enforcement actions against these banking institutions by OFAC, the Department of the Treasury and the Department of Justice have lead to over $3,000,000,000 in fines and penalties being levied against banking institutions with branches located in the Southern District of New York due to their profitable financial dealings with Iran and other state sponsors of terrorism - all while judgment creditors of Iran, like the *Havlish* Plaintiffs, remain unpaid.

14. The *Havlish* Plaintiffs are currently hamstrung in their collection efforts by Iran's evasion of service and statutory requirements of the FSIA that mandate a waiting period for the Iranian Defendants to respond to this Court's Order and Judgment, even though the Iranian Defendants are certainly aware of the *Havlish* judgment and have willingly refused its service. The entry of the judgment, as well as the issuance of Report and Recommendation to the Honorable George B. Daniels by U.S. Magistrate Judge Frank Maas on July 30, 2012, was reported in hundreds of news outlets worldwide, including the semi-official propaganda arm of the Islamic Republic, the *Fars* News Agency.

15. Further, Iran has never appeared to defend *any* of the dozens of lawsuits brought against the Islamic Republic by plaintiffs in the courts of the United States under the state sponsor of terrorism exception to sovereign immunity found at 28 U.S.C. §1605A.  See *In re*

*Islamic Republic of Iran Terrorism Litig.*, 659 F.Supp.2d 31, 85 (D.D.C. 2009) (observing "the notion" that Iran might appear to defend an action brought under the state sponsor of terrorism exception to sovereign immunity "is almost laughable because that nation has never appeared in any of the terrorism actions that have been litigated against it in this Court.")  See also *Heiser v. Islamic Republic of Iran*, 00-cv-2329 (D.D.C. Aug. 10, 2011) (Lamberth, C.J.) (denying a motion by private U.S. telecommunications company to interplead Iran in an execution proceeding against funds owed by telecommunications company to Iran, holding that "this action has been proceeding for almost a decade, yet in all this time Iran has not appeared to account for its role in the horrific bombing of the Khobar Towers residential complex.  This choice was made despite both exposure to more than $500 million in damages and evidence that Iran is perfectly capable of appearing when it wishes.").

16. Plaintiffs have attached hereto their proposed Notice of Lis Pendens for asserting this statutory right provided by the FSIA.  A copy of this Notice is attached hereto as **Exhibit E**.

17. In light of the lack of statutory guidance provided by the *lis pendens* provisions of the FSIA, and the dearth of case law interpreting same, the *Havlish* Plaintiffs propose that this Court adopt a procedure for docketing and providing notice of the *lis pendens* that is similar to that approved by Chief Judge Royce C. Lamberth of the U.S. District Court for the District of Columbia in *Heiser v. Islamic Republic of Iran*, 605 F.Supp.2d 248 (D.D.C. 2009).  This proposed procedure for indexing and providing notice of *lis pendens* is as follows:

> A. The Clerk of Court for the Southern District of New York shall index the Notice of Pending Action Pursuant to §1605A(g)(1) of the Foreign Sovereign Immunities Act filed by the *Havlish* Plaintiffs on March 4, 2013, on the miscellaneous docket by listing as Defendants the sixteen (16) Iranian Defendants in the *Havlish* action, as stated on the Notice, plus the ten (10) listed entities on the Notice that are "controlled by" one or more of the Iranian Defendants;

  B. The *Havlish* Plaintiffs shall provide notice of *lis pendens* to, upon information and belief, the holder of any property of any of the Iranian Defendants, or the ten entities listed as controlled by the Iranian Defendants, by serving such property holder with the Notice of *Lis Pendens* in the form approved by this Court pursuant to this Motion;

  C. Along with the Notice of *Lis Pendens*, Plaintiffs shall serve upon the holder of any property of any of the Iranian Defendants, or the ten entities listed as controlled by the Iranian Defendants, a copy of this Court's Order approving the form and procedure for *lis pendens* pursuant to §1605A(g)(1) of the FSIA, a copy of the Order and Judgment issued by this Court on October 12, 2012, a copy of the Order of Judgment issued by this Court on December 22, 2011, and a copy of Plaintiffs' Third Amended Complaint.

  D. The *Havlish* Plaintiffs will not attempt to enforce their liens of *lis pendens* prior to the issuance of an Order by this Court pursuant to §1610(c) of the FSIA that permits Plaintiffs formally to attach and execute upon property of the Iranian Defendants.

  18. A copy of *Heiser v. Islamic Republic of Iran*, 605 F.Supp.2d 248 (D.D.C. 2009), upon which Plaintiffs rely, is attached hereto for the convenience of the Court as **Exhibit F**.

**WHEREFORE**, the Havlish Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order approving the form of the Notice of *Lis Pendens* and procedure for indexing and docketing the *lis pendens* by the Clerk of Court.

         Respectfully submitted,

         /s/ Thomas E. Mellon, III
         Thomas E. Mellon, III (PA Bar No. 81631)
         James P. McCoy (PA Bar No. 90330)
         MELLON & WEBSTER, P.C.
         87 North Broad Street
         Doylestown, PA 18901
Date: March 28, 2013     (215) 348-7700

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
Melina Goldfarb (AL Bar No. ASB- 3739-R71M)
WIGGINS CHILDS QUINN
 & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS QUINN
 & PANTAZIS, PLLC
1850 M Street, NW, Suite 720
Washington, DC 20036
(202) 467-4123

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN 46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-6333

J.D. Lee (TN Bar No. 2030)
David C. Lee (TN Bar No. 015217)
LAW OFFICE OF J.D. LEE
422 South Gay Street, 3rd Floor
Knoxville, TN 37902
(865) 544-0101

Evan J. Yegelwel (FL Bar No. 319554)
TERRELL HOGAN ELLIS
 YEGELWEL. P.A.
233 East Bay Street
Blackstone Building, 8th Floor
Jacksonville, FL 32202
(904) 632-2424

Edward H. Rubenstone (PA Bar No. 16542)
LAMM RUBENSTONE LLC
3600 Horizon Boulevard, Suite 200
Trevose, PA 19053
(215) 638-9330

Donald J. Winder (UT Bar No. 3519)
Jerald V. Hale (UT Bar No. 8466)
WINDER & COUNSEL, PC
175 West 200 South, Suite 4000
P.O. BOX 2668
Salt Lake City, UT 84110-2668
(801) 322-2222

*Attorneys for the Havlish Plaintiffs*