**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

                                      :

                                      :

                                      :

MEMORANDUM OF
LAW IN SUPPORT OF
MOTION FOR APPROVAL OF
FORM AND PROCEDURE FOR
*LIS PENDENS* PURSUANT TO
§1605A(g)(1) OF THE FOREIGN
SOVEREIGN IMMUNITIES ACT

                                      :     03 MDL 1570 (GBD) (FM)

------------------------------------------------------------------X

This Document Relates to
Havlish v. bin Laden,
03 Civ. 9848 (GBD) (FM)

       The *Havlish* Plaintiffs, through counsel, hereby submit this Memorandum of Law in Support of Supplemental Motion for Approval of Form and Procedure for *Lis Pendens* Pursuant to §1605A(g)(1) of the Foreign Sovereign Immunities Act.

## I.     STATEMENT OF FACTS

       This action was brought by the *Havlish* Plaintiffs against the Islamic Republic of Iran ("Iran"), certain named political subdivisions of Iran, and certain named agencies and instrumentalities of Iran, including Hezbollah (collectively, the "Iranian Defendants") for their provision of material support to al-Qaeda in carrying out the terrorist attacks of September 11, 2001. The governing law is the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1602 *et seq.*, which contains an exception to the general immunity afforded foreign sovereigns in the courts of the United States for specific outrageous acts carried out against American citizens by state sponsors of terrorism. See 28 U.S.C. §1605A.

       This Court issued an Order of Judgment on December 22, 2011, finding all Sovereign and Non-Sovereign Defendants liable to the *Havlish* Plaintiffs for their involvement in the September 11, 2001, terrorist attacks. Prior to a determination by the Court as to Plaintiffs'

damages, the *Havlish* Plaintiffs filed a Motion for Approval of Form and Procedure for *Lis Pendens* with this Court on March 30, 2012.  Plaintiffs filed this document in order to seek the approval of the Court for asserting a pre-judgment lien of *lis pendens* against holders of any property of the Iranian Defendants as provided for at 28 U.S.C. §1605A(g)(1).  This Motion is currently pending, and is and is Document No. 311 on the docket for this case.  A copy of this Motion for Approval for Form and Procedure for *Lis Pendens* is attached to the accompanying Motion as **Exhibit A**.[1]  The instant Motion is intended to supplement the Motion for Form and Approval of *Lis Pendens* that was filed on March 30, 2012.

On October 12, 2012, this Court entered an Order and Judgment in favor of the *Havlish* Plaintiffs and against the Iranian Defendants in the amount of $6,048,513,805.  The Order and Judgment required that Plaintiffs serve it forthwith upon the Iranian Defendants, along with other relevant documents in the case. A copy of this Order and Judgment is attached to the accompanying Motion as **Exhibit B**.

On March 4, 2013, the *Havlish* Plaintiffs filed a Notice of Pending Action Pursuant to §1605A(g)(1) of the Foreign Sovereign Immunities Act ("Notice of Pending Action").  Under this provision of the FSIA, Plaintiffs' filing of its Notice of Pending Action with the Clerk of Court establishes "a lien of *lis pendens* upon any real property or tangible personal property that is subject to attachment in aid of execution, or execution" of any sovereign defendant that is located within the Southern District of New York.  28 U.S.C. §1605A(g)(1)(A)-(C).  Plaintiffs' Notice of Pending Action is Document No. 363 on the docket for this case. A copy of this Notice of Pending Action is attached to the accompanying Motion as **Exhibit C**.

The *Havlish* Plaintiffs have been working diligently to perfect their judgment against the

---

[1] The Third Amended Complaint has been omitted from this and other Exhibits due to its length and the Court's familiarity with this case.

Iranian Defendants since the Order and Judgment was issued.  The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1602 *et seq.*, contains specific provisions for service of a judgment upon a foreign sovereign, its political subdivisions, and its agencies and instrumentalities.  Iran, which does not appear to defend actions brought against it in the United States pursuant to the state sponsor of terrorism exception to sovereign immunity, often evades service by mail, and forces plaintiffs to resort to the time-consuming and expensive method of serving judgments in these cases through diplomatic channels.  Iran still refuses to acknowledge the receipt of judgments through diplomatic means.  Plaintiffs received notice while drafting the instant Motion that eight (8) of the Iranian Defendants refused service of the *Havlish* judgment through diplomatic channels.  These eight (8) Defendants are: (1) the Islamic Republic of Iran; (2) Ministry of Information and Security ("MOIS"); (3) Islamic Revolutionary Guard Corps ("IRGC"); (4) Ministry of Petroleum; (5) Ministry of Economic Affairs and Finance; (6) Ministry of Commerce; (7) Ministry of Defense and Armed Forces Logistics; and (8) Central Bank of the Islamic Republic of Iran.  A copy of the letter by the Federal Department of Foreign Affairs of the Swiss Confederation to the Embassy of the United States of America in Berne, Switzerland dated February 19, 2013, is attached to the accompanying Motion as **Exhibit D**.

After service of the judgment on all sixteen (16) Iranian Defendants - a judgment of which the Islamic Republic is certainly aware, as it has been reported by the semi-official *Fars News Agency* - the *Havlish* Plaintiffs must afford the Iranian Defendants 60 to 90 days to respond.  Iran, however, has never responded to, or appealed, a judgment entered against it for state sponsorship of terrorism, choosing only to appear when a successful plaintiff attempts to enforce that judgment by attaching property in which Iran may have an interest.

Even though the Iranian Defendants have shown no interest in defending this action,

accepting service of the judgment, or taking an appeal of the Order and Judgment, the Iranian

Defendants are still afforded the protections of the FSIA that are in place to ensure that foreign

sovereigns receive notice of a judgment against them and are granted adequate time to appeal.

Even after the remaining eight (8) Iranian agency and instrumentality Defendants are provided

formal notice of the judgment through the service of letters rogatory via diplomatic means, the

FSIA, and case law interpreting the FSIA, compel the *Havlish* Plaintiffs to wait for 60 to 90 days

before applying to the Court for an order under 28 U.S.C. §1610(c) permitting the formal

attachment of, and execution upon, any property in which Iran holds an interest.  The entire pre-

execution process, from perfecting service upon Iran to the issuance of an order of the Court

permitting attachment of assets, is a process that can take over one year's time.

     While they endeavor to perfect service, the *Havlish* Plaintiffs are losing valuable time

during which they can attach and execute upon property of Defendants in order to enforce their

judgment.  Iran has many judgment creditors to whom Iran owes billions of dollars in the

aggregate, yet it has limited assets in both the Southern District of New York and the United

States as a whole.

     To protect the *Havlish* Plaintiffs' interest in their judgment, Plaintiffs filed a Notice of

Pending Action Pursuant to §1605A(g)(1) of the Foreign Sovereign Immunities Act to establish

a lien of *lis pendens* upon any property of the Iranian Defendants, or specified entities controlled

by the Iranian Defendants, located in the Southern District of New York.  The *Havlish* Plaintiffs

now seek the approval of this Court for the Notice of *Lis Pendens* to be served upon any person

or entity holding property of any Iranian Defendant, or an entity controlled by an Iranian

Defendant.  The *Havlish* Plaintiffs also seek approval for the procedure by which the Clerk of

Court will properly docket Plaintiffs' Notice of Pending Action, which establishes their lien of

*lis pendens*, so that no one holding property of the Iranian Defendants, or of an entity controlled by the Iranian Defendants, can claim that there is no public record of the lien.

## II.   LEGAL ARGUMENT

### A.   The *Havlish* Plaintiffs Have A Statutory Right To A Lien Of *Lis Pendens* Against The Property Of The Iranian Defendants

"The Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C. §§1330, 1602-1611, is the sole basis of jurisdiction over foreign states in our courts." *In re Islamic Republic of Iran Terrorism Litigation*, 659 F.Supp.2d 31 (D.D.C. 2009) (Lamberth, C.J.) citing *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989); *Prevatt v. Islamic Republic of Iran*, 421 F.Supp.2d 152, 157-58 (D.C.C. 2006).  The FSIA codifies a restrictive theory of foreign state sovereign immunity by which states are generally immune from the jurisdiction of the courts of the United States, subject to a few carefully delineated exceptions.  *In re Islamic Republic of Iran Terrorism Litigation*, 659 F.Supp.2d 31 at 39.  In 1996, an exception was added to preclude state sponsors of terrorism from pleading any defense of sovereign immunity for claims arising out of aircraft hijackings, torture, extrajudicial killings, and similar outrageous conduct.  *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, §221(a)(1(C), 110 Stat. 1214, 1241 (formerly codified at 28 U.S.C. §1605(a)(7)).

Pursuant to the FSIA's state sponsor of terrorism exception, the *Havlish* Plaintiffs successfully obtained a judgment against the Iranian Defendants for their material support of al-Qaeda in carrying out the terrorist attacks of September 11, 2001.  While Plaintiffs await service of their judgment, Plaintiffs filed a Notice of Pending Action with the Clerk of Court on March 4, 2013.  Under 28 U.S.C. §1605A(g)(1), "the filing of a notice of pending action pursuant to this section…shall have the effect of establishing a lien of *lis pendens* upon any real property or

tangible personal property that is-

> (A)   subject to attachment in aid of execution, or execution, under
>         section 1610;
> (B)   located within that judicial district; and
> (C)   titled in the name of any defendant, or titled in the name of any
>         entity controlled by the defendant in such notice contains a
>         statement listing such controlled entity."

28 U.S.C. §1605A(g)(1)(A)-(C).

The FSIA is the only federal statute that allows a plaintiff to seek a lien of *lis pendens*. Though the power of *lis pendens* afforded to the *Havlish* Plaintiffs is "exceedingly broad," the provision "offers little in terms of specific guidance for how federal courts might implement *lis pendens*." *Heiser v. Islamic Republic of Iran*, 605 F.Supp.2d 248 (D.D.C. 2009). The FSIA directs the Clerk of Court to file such a Notice "in the same manner as any pending action" and it "shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant." 28 U.S.C. §1605A(g)(2). In addition to the sixteen (16) Iranian Defendants in the *Havlish* action, Plaintiffs' Notice lists ten (10) entities who, among many others, are "controlled by" one or more of the sixteen (16) Iranian Defendants.

In light of the lack of statutory guidance provided by the *lis pendens* provisions of the FSIA, and the dearth of case law interpreting same, the *Havlish* Plaintiffs seek the approval of this Court of the form of notice by which Plaintiffs will apprise the Iranian Defendants, and those holding assets of the Iranian Defendants, of the *Havlish* Plaintiffs' interest in any property held by them. A copy of Plaintiffs' proposed Notice of *Lis Pendens* is attached to the accompanying Motion as **Exhibit E**.

**B.      A *Lis Pendens* Is Necessary To Protect Plaintiffs' Judgment
Given Iran's Total Disregard Of The Proceeding In This Court.**

The *Havlish* Plaintiffs have been prejudiced by the Iranian Defendants' evasion of service

by mail.  Even though Plaintiffs have held a judgment issued by this Court since October 12, 2012, Plaintiffs have yet to perfect service and are still subject to a mandated waiting period under the FSIA before collection activity to enforce Plaintiffs' judgment can begin in earnest. While evading service, the Iranian Defendants are still able to avail themselves of the protections contained in the FSIA that safeguard foreign sovereigns from those plaintiffs who might hastily attempt to enforce their judgment without providing the sovereign with adequate notice. These protections are afforded to Iran even though the Islamic Republic has never appeared to defend *any* of the dozens of claims brought against it by plaintiffs in the courts of the United States under the state sponsor of terrorism exception.  See *In re Islamic Republic of Iran Terrorism Litig.*, 659 F.Supp.2d 31, 85 (D.D.C. 2009) (observing "the notion" that Iran might appear to defend an action brought under the state sponsor of terrorism exception to sovereign immunity "is almost laughable because that nation has never appeared in any of the terrorism actions that have been litigated against it in this Court.")  See also *Heiser v. Islamic Republic of Iran*, 00-cv-2329 (D.D.C. Aug. 10, 2011) (Lamberth, C.J.) (denying a motion by private U.S. telecommunications company to interplead Iran in an execution proceeding against funds owed by telecommunications company to Iran, holding that "this action has been proceeding for almost a decade, yet in all this time Iran has not appeared to account for its role in the horrific bombing of the Khobar Towers residential complex.  This choice was made despite both exposure to more than $500 million in damages and evidence that Iran is perfectly capable of appearing when it wishes.").

Given the limited Iranian assets existing in the United States, and the large number of judgment creditors of the Islamic Republic, the *Havlish* Plaintiffs must be able to apprise any potential holders of Iranian property of the Order and Judgment issued by this Court on October

12, 2012, so that Plaintiffs' interest can be protected while Iran continues to evade service of the judgment.

A copy of *Heiser v. Islamic Republic of Iran*, 605 F.Supp.2d 248 (D.D.C. 2009), upon which Plaintiffs rely, is attached to the accompanying Motion for the convenience of the Court as **Exhibit F**.

## III.    CONCLUSION

For the reasons stated above, the *Havlish* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order, approving Plaintiffs' form of Notice of *Lis Pendens* and directing the Clerk of Court to index Plaintiffs' Notice of Pending Action, as required by the FSIA.

Respectfully submitted,

 /s/ Thomas E. Mellon, III _____
Thomas E. Mellon, III (PA Bar No. 81631)
James P. McCoy (PA Bar No. 90330)
MELLON & WEBSTER, P.C.
87 North Broad Street
Doylestown, PA 18901
Date:  March 28, 2013                    (215) 348-7700

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
Melina Goldfarb (AL Bar No. ASB- 3739-R71M)
WIGGINS CHILDS QUINN
 & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS QUINN
 & PANTAZIS, PLLC
1850 M Street, NW, Suite 720
Washington, DC 20036
(202) 467-4123

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN 46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-6333

J.D. Lee (TN Bar No. 2030)
David C. Lee (TN Bar No. 015217)
LAW OFFICE OF J.D. LEE
422 South Gay Street, 3rd Floor
Knoxville, TN 37902
(865) 544-0101

Evan J. Yegelwel (FL Bar No. 319554)
TERRELL HOGAN ELLIS
 YEGELWEL. P.A.
233 East Bay Street
Blackstone Building, 8th Floor
Jacksonville, FL 32202
(904) 632-2424

Edward H. Rubenstone (PA Bar No. 16542)
LAMM RUBENSTONE LLC
3600 Horizon Boulevard, Suite 200
Trevose, PA 19053
(215) 638-9330

Donald J. Winder (UT Bar No. 3519)
Jerald V. Hale (UT Bar No. 8466)
WINDER & COUNSEL, PC
175 West 200 South, Suite 4000
P.O. BOX 2668
Salt Lake City, UT 84110-2668
(801) 322-2222

*Attorneys for the Havlish Plaintiffs*

9