**C L I F F O R D**
**C H A N C E**



In re Terrorist Attacks of September 11, 2001, 03 MDL 1570 (GBD) (FM)
This document relates to:
*Ashton, et al v. Al Qaeda Islamic, et al, 02-cv-6977*
*Burnett v. Arab Bank, PLC, 03-cv-9849*
*Federal Insurance Co. v. Al Qaida, 03-cv-6978*
*O'Neill v. Al Baraka Investment & Devel. Corp., 04-cv-01923*
*Continental Casualty Co. v. Al Qaeda, 04-cv-05970*
*Cantor Fitzgerald & Co. v. Akida Bank Private Limited, 04-cv-07065*
*Euro Brokers Inc. v. Al Baraka Investment & Devel. Corp., 04-cv-07279*

APR 1 0 2013

Dear Judge Maas:

     Pursuant to this Court's January 20, 2011 order regarding discovery motions and Federal Rule of Civil Procedure 37 the Moving Defendants[1] submit this Letter Motion To Compel Production of Documents Improperly Designated as Privileged in the above-captioned case (the "Litigation").

     Plaintiffs in the Litigation submitted a privilege log ("Privilege Log") on February 1, 2013 that is materially deficient for two reasons.  First, it appears that all of the documents on the log are plainly not privileged and, in addition, many should not have been part of this litigation. Second, the log itself is deficient in that is lacks adequate details about the documents—indeed, we cannot even assess to which defendant a document relates.  Regrettably, Plaintiffs' have refused to engage with Moving Defendants on these issues.  Thus, Moving Defendants respectfully request that the Court order Plaintiffs to produce each document on their log.  In the alternative, the Court should order Plaintiffs to amend their log to comply with Local Rule 26.2 and this Court's order concerning privilege logs.

## INTRODUCTION

     Plaintiffs and Moving Defendants conducted extensive negotiations regarding the content of the privilege logs.  Throughout these negotiations, Plaintiffs pushed for the exchange of detailed privileged logs. Plaintiffs explained that such logs were necessary to ensure that the logs would contain enough information to "distill which privilege claims will be disputed, help the parties engage in meaningful meet and confers to distill what issues need to be brought to the

---

[1]    The Privilege Log relates to requests for production submitted by Defendants Al Haramain Islamic Foundation, Inc. (USA), Dubai Islamic Bank, International Islamic Relief Organization, Muslim World League, Sana-Bell, Inc., Sanabel Al Kheer, World Assembly of Muslim Youth / World Assembly of Muslim Youth International, Wael Jelaidan, and Perouz Sedaghaty.

**C L I F F O R D**

**C H A N C E**

courts [*sic*] attention, and help the court [*sic*] to work through the disputes that are brought to the Court for resolution." *See* PEC Letter to Judge Maas dated October 19, 2012, attached hereto as Ex. 1.   On November 19, 2012, the Court ordered the parties to include the following information in their privilege logs: the type of document; the general subject matter of the document; the date of the document; the authors of the document, the addressees of the document and any other recipients, and, where not apparent, the relationship of the authors, addressees, and recipients to one another; and if the document is an electronic document, its file size. *See* Ex. 2.

On February 1, 2013, the parties exchanged their privilege logs.   Plaintiffs' Privilege Log (attached as Ex. 3) suffers from two key defects.   First, Plaintiffs' Privilege Log includes two general categories of documents that, on their face, are not privileged: (i) documents associated with Plaintiffs' FOIA requests to various government agencies and the agencies' responses; and (ii) documents that were produced in the case captioned *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG) (VVP) (E.D.N.Y.).   Second, the Privilege Log is not sufficiently detailed because it did not (i) delineate what purportedly privileged document pertained to which Moving Defendant's document requests, nor (ii) contain other information necessary to determine the subject matter of the listed documents.

On February 12, 2013, Moving Defendants sent Plaintiffs a letter detailing these deficiencies and asking Plaintiffs to produce the non-privileged documents and, to the extent Plaintiffs continued to claim privilege for any remaining documents, to amend their log to describe more clearly the claimed privilege.   Plaintiffs have neither responded to this letter nor produced the documents.   As set forth more fully below, Plaintiffs' failure to produce non-privileged documents and to amend their log violate the Federal Rules and this Court's orders. Therefore, the Court should order Plaintiffs to produce each document on their log and further, to amend their Privilege Log to comply with Local Rule 26.2 and this Court's previous orders.

**ARGUMENT**

**I.    Improperly Withheld Documents.**

**A.    FOIA Requests and Responses.**

Eight hundred fifty entries in Plaintiffs' Privilege Log consist almost entirely of correspondence relating to FOIA requests Plaintiffs served on various agencies of the U.S. government (ranging from the Bureau of Engraving and Printing to the Jimmy Carter Presidential Library), with a small number of other items relating to similar correspondence with international judicial tribunals (collectively, "FOIA Documents").   The FOIA Documents fall generally into three categories: (i) correspondence from Plaintiffs' counsel to government officials; (ii) correspondence from government officials to Plaintiffs' counsel; and (iii) attachments to government responses that are apparently government documents produced in response to FOIA requests.   The Privilege Log erroneously asserts a blanket "Attorney Work Product" protection as to each of these entries.   None of these three categories are privileged.

- 2 -

**C L I F F O R D**

**C H A N C E**

<u>First</u>, with regard to correspondence from Plaintiffs' counsel to government officials, "it is well settled that the 'voluntary disclosure of confidential material to a third party waives any applicable attorney-client privilege.'" *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 43 (S.D.N.Y. 2009) (Maas, M.J.) (quoting *Schanfield v. Sojitz Corp. of Am.*, No. 07-9716, 2009 WL 577659, at *3 (S.D.N.Y. Mar. 6, 2009)). In the Second Circuit and elsewhere, voluntary disclosure of information to the government waives the privilege, including the work-product doctrine. *See, e.g., In re Initial Public Offering Sec. Litig.*, 249 F.R.D. 457, 466-67 (S.D.N.Y. 2008); *Bank of Am., N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166, 170-71 (S.D.N.Y. 2002). Plaintiffs voluntarily disclosed to the recipient agencies information in these FOIA requests. Such information is no more work product than any document request served under Federal Rule of Civil Procedure 34 or any subpoena served under Federal of Civil Procedure Rule 45. Because FOIA requests are functionally analogous to requests like Rule 45 third-party subpoenas—which are not work product protected—Plaintiffs cannot shield their discovery of governmental records through the guise of a FOIA request.

<u>Second</u>, correspondence prepared by government officials is not attorney work product. The government officials responsible for preparing these responses are in no way involved in the MDL-1570 litigation and did not prepare the responses or attachments in anticipation of litigation. Indeed, this correspondence was prepared by third parties—not agents of Plaintiffs.

<u>Third</u>, underlying primary-source documents attached to the government's responses to Plaintiffs' FOIA requests are not work product. Accordingly, they do not pose any conceivable privilege concerns.

In fact, "[i]t is generally accepted that a response to a request under the FOIA is a public disclosure." *U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1050-1051 (10th Cir. 2004); *see also United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1519-20 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997); *United States ex rel. Reagan v. East Texas Medical Ctr. Reg'l Healthcare Sys.*, 274 F.Supp.2d 824, 845 n. 15 (S.D. Tex. 2003) (and cases cited therein). Such information can be obtained by any other person through making its own FOIA request. "When a document must be disclosed under FOIA, it must be disclosed to the general public and the identity of the requester is irrelevant to whether disclosure is required." *Stonehill v. IRS*, 558 F.3d 534, 538-39 (D.C. Cir. 2009).

Plaintiffs should have produced the FOIA requests and responses in discovery months ago, and no basis exists for including these documents on the Privilege Log. Moving Defendants seek an order compelling Plaintiffs to produce these responsive documents to defense counsel.

**B.     The Arab Bank Confidential Documents.**

Plaintiffs appear to have used confidential documents in violation of court orders in another litigation and now attempt to use the Privilege Log unfairly to shield those documents from production. Plaintiffs have withheld documents pursuant to approximately 167 privilege log entries, noting the documents are subject to a "Protective Order dated August 1, 2005, in *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG)(VVP) and related cases" pending in the U.S. District Court for the Eastern District of New York. However, the protective order in

- 3 -

**C L I F F O R D**

**C H A N C E**

that case specifically provided that documents produced and marked as confidential in that litigation can only be used in the consolidated *Arab Bank* litigation, and in any cases consolidated by that court:

> 3.  Use of Confidential Information:  **Confidential Information and Highly Confidential Information shall not be used by any person, other than the Designating Party, for any purpose other than prosecuting, defending or settling** Linde, et al. v. Arab Bank, PLC, Case No. CV-04-2799; Litle, et al. v. Arab Bank, PLC, Case No. CV-04-5449; Almog, et al. v. Arab Bank, PLC, Case No. CV-04-5564; Coulter, et al. v. Arab Bank, PLC, Case No. CV-05-365; and Afriat-Kurtzer, et al. v. Arab Bank, PLC, Case No. CV-05-388.  Any additional cases that are designated by order of the Court for cooperative or consolidated discovery with the foregoing cases shall by order therein be made subject to this Order and the parties thereto may use Confidential Information or Highly Confidential Information for no purpose other than prosecuting, defending or settling such cases.  In no event shall Confidential Information or Highly Confidential Information be used for any business, competitive, personal, private, public, or other purposes, except as required by law.

Protective Order, ¶ 3, *Linde v. Arab Bank,* No. 04-2799 (E.D.N.Y. Aug. 1, 2005) (emphasis added) (attached as Ex. 4).

Counsel for the plaintiffs in these cases (*Almog* and *Afriat-Kurtzer*) also represent the *Burnett* and *Euro Brokers* plaintiffs in the MDL-1570 litigation, and are among the signatories to the *Arab Bank* Protective Order.  It is not clear which of Plaintiffs' counsel in these cases have seen the *Arab Bank* documents listed on the Privilege Log or how the documents are responsive to requests for production in the instant Litigation.  Plaintiffs have not obtained an order designating MDL-1570 for "cooperative or consolidated discovery" with the *Arab Bank* litigation.  Thus, the *Arab Bank* discovery documents cannot be used by counsel in the MDL-1570 case for any purpose.

Plaintiffs' entry of documents subject to the *Arab Bank* Protective Order in the Privilege Log, however, suggests that the MDL-1570 plaintiffs and their counsel have been improperly using *Arab Bank* confidential documents in this Litigation, in direct contravention of the *Arab Bank* Protective Order.  *See In re Zyprexa Injunction,* 474 F. Supp. 2d 385, 426-30 (E.D.N.Y. 2007), *aff'd sub nom. Eli Lilly & Co v. Gottstein,* 617 F.3d 186 (2d Cir. 2010) (sanctioning attorneys for improperly disclosing confidential discovery documents beyond the cases covered by the protective order); *see also Hunt v. Enzo Biochem, Inc.,* No. 06-170, 2012 WL 5199247, at *6-7 (S.D.N.Y. Oct. 22, 2012) (sanctions for improperly disclosing confidential documents).

Having assessed confidential documents from the *Arab Bank* litigation for responsiveness and relevance to this litigation, the MDL-1570 Plaintiffs cannot now hide behind the *Arab Bank* Protective Order to prevent their disclosure to Moving Defendants.  Plaintiffs should have sought permission to disclose these documents during the discovery period, but failed to do so.  Moving Defendants seek an order compelling Plaintiffs to immediately seek such permission and turn over these responsive documents to defense counsel.

- 4 -

**C L I F F O R D**
**C H A N C E**

## II.   Lack of Sufficient Detail.

Even if the documents underlying Plaintiffs' Privilege Log were potentially subject to privilege protection, Plaintiffs' Privilege Log does not satisfy the express requirements of SDNY Local Rule 26.2 or the Court's November 19, 2012 Order Governing Identification of Privileged Documents ("Order"). Both Local Rule 26.2 and the Order require that Plaintiffs' Privilege Log identify the following information:

(i)     the type of document;
(ii)    the general subject matter of the document;
(iii)   the date of the document;
(iv)    the authors of the document, the addressees of the document and any other recipients, and, where not apparent, the relationship of the authors, addressees, and recipients to one another; and
(v)     if the document is an electronic document, its file size.

### A.   Subject Matter of Allegedly Privileged Documents.

Plaintiffs failed to provide the general subject matter of any purportedly privileged FOIA request, i.e., the categories of information—including the names of any individuals and entities—sought by each FOIA request. Indeed, Plaintiffs failed even to provide a heading for the subject matter of any document. Rather, the Privilege Log contains merely a "Title Ref./Description." The title of a document alone does not afforded the opposing party any way to assess the propriety of the assertion of privilege. *See Klig v. Deloitte LLP*, C.A. No. 4993-VCL, 2010 WL 3489735, at *5-6 (Del. Ch. Sept. 7, 2010) (finding a waiver of privilege because a party's log contained only boilerplate information about the logged documents). In addition, Plaintiffs have failed to list separately on their Privilege Log any of the documents produced by governmental agencies in response to FOIA requests. Instead, Plaintiffs merely show these documents as a "Yes" in an attachments field, without providing any details about those attachments.

Plaintiffs' log entries for the *Arab Bank* documents are also deficient. For example, Plaintiffs have failed to identify a single author or recipient for any of the *Arab Bank* documents listed on their log.

### B.   Defendants are Unable to Challenge Individual Log Entries.

Additionally, Plaintiffs failed to identify to which requests these allegedly privileged documents are responsive, or even *to which defendant* the "privileged" documents pertain. By omitting this information and by providing vague details about each document, Plaintiffs made it impossible for a defendant to assess whether an entry is responsive to the request of that defendant. Thus, a defendant needs to challenge the all of the documents on the Privilege Log because it cannot determine what entries may be relevant to that defendant.

**C L I F F O R D**
**C H A N C E**

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request the Court to order Plaintiffs to produce all of the documents on Plaintiffs' Privilege Log, or in the alternative, to amend the Privilege Log to comply with S.D.N.Y. Local Rule 26.2 and the Court's November 19, 2012 Order, including an adequate description of each document and a delineation as to which defendant each entry pertains.

Respectfully submitted,

Steven T. Cottreau

cc:     MDL 1570 Plaintiffs' Executive Committees
        Alan Kabat, Bernabei & Wachtel, PLLC

- 6 -

# EXHIBIT 1

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA FACSIMILE**

October 19, 2012

The Honorable Frank Maas
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 740
New York, NY 10007

  Re:  *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

  On behalf of the Plaintiffs' Executive Committees, we write in response to the letter sent to Your Honor earlier today from Clifford Chance on behalf of the defendants about the parties' ongoing discussions concerning a framework for exchanging privilege logs in the above-referenced litigation. As the PECs expressed in their portion of the agenda letter sent to Your Honor yesterday, we believe that the log issue remains the subject of ongoing meet and confer discussions and would have preferred to finalize those discussions before raising this issue for the Court's consideration. The defendants insistence to shortcut that obligation by failing to engage in discussions until the last minute, then seeking to cram down their version of a proposed order at the 11-hour is frustrating, to say the least. The fact that the parties conferring remained incomplete is evidenced by the fact that, among the defendants' last communications to plaintiffs is a communication advising that, because defendants had not had time to circulate our proposal to other defendants for comment or consensus, they would wait to address the proposal at the hearing on Monday.

  However, inasmuch as defendants have raised the issue for the Court's attention, plaintiffs are providing Your Honor with the (1) the language plaintiffs propose for the Stipulation Order (Attachment A), (2) a version of the proposed stipulation order that indicates in margin comments where the plaintiffs' version differs with the defendants' proposal (Attachment

The Honorable Frank Maas, U.S.M.J.
October 19, 2012
Page 2

B), (3) the plaintiffs' correspondence with defendants explaining the plaintiffs' rationale for the plaintiffs' proposal (Attachments C and D).

Plaintiffs note the following differences, as indicated in the margins of Attachment B.

1. **The Date Privilege Attaches to Defendants' Communications with Their Counsel Should Mirror the Date the Duty to Preserve Begins. [*See* Proposed Stipulation 1.(i) and Comment A1.]**

The first dispute concerns when privilege attaches to a defendant's communications with that defendant's counsel. Defendants contend that privilege attaches to their communication on after September 10, 2001, based on the theory that even before a complaint was filed and served they may have communicated with counsel in anticipation of litigation. Plaintiffs have countered that that view is not consonant with at least some defendants' view that their obligation to preserve documents did not begin on September 11, 2001. Accordingly, plaintiffs have recommended that the provision proposed for paragraph 1.(i) should create consistency between a defendant's position on privilege and its position on the date a duty to preserve evidence attached. For example, if a defendant argues that its duty to preserve evidence attaches later, then the privilege should not attach until that time either. Plaintiffs have proposed the following language:

> "Any defendant asserting that its duty to preserve evidence did not attach until after September 11, 2001, shall identify in its privilege log any communications with counsel for which it is claiming privilege between September 10, 2001 and the date on which the defendant claims that its duty to preserve evidence attached."

2. **The Extent to Which Defendants' Counsels' Communications Are Excluded Form a Privilege Log Should Be Determined Based on the Authorizations the Defendants Accepted in CMO # 5. [*See* Proposed Stipulation 1.(iii) and Comment A2.]**

The second dispute concerns whether communication among defense counsel is entitled to be broadly recognized as privileged and omitted from the privilege logs. Despite repeated requests, defendants have offered little explanation as to why communications among defendants' counsel should be privileged. And contrary to defendants' letter to the Court, plaintiffs have explained the reason for the distinct difference between plaintiffs' counsels' communication and theirs.

Since the outset of this litigation, defendants have emphasized the varying interests of each of the defendants and used those varying interests as a premise to resist the organizational structure and authority of the Defendants' Executive Committee ("DEC"). Only after plaintiffs complained about the inability to coordinate even minor procedural matters with the defendants, the defendants crafted their own Case Management Order ("CMO") that specifically and strictly

The Honorable Frank Maas, U.S.M.J.
October 19, 2012
Page 3

limited the authority of the DEC to four items specifically set out in the CMO. The order, crafted by the defendants, provides for the following strictly limited authority for the DEC:

> a.    To confer and agree with the Plaintiffs' Executive Committees on scheduling matters relating to court hearings, depositions, and deadlines affecting Defendants generally, and on proposed agenda items for court hearings;
>
> b.    To coordinate communications with counsel for any Plaintiff seeking the consent of Defendants generally to a nondispositive motion;
>
> c.    To coordinate the examination of witnesses by defense counsel at a deposition or hearing; and
>
> d.    To coordinate communications with Plaintiffs' Executive Committees and with the Court concerning any requested changes in this Case Management and Pretrial Scheduling Order.

CMO #5, Docket Entry  # 1547 (filed December 9, 2005).  In fact, the order even states that aside from these four areas of authority, the DEC "shall have … no other authority."

These limited responsibilities stand in stark contrast with the broad obligations and authority the Court imposed on the PECs in CMO #3, Docket Entry # 248 (filed June 16, 2004). In CMO # 3, the Court authorized the PECs to fulfill its responsibilities by conducting a wide range of tasks, concluding with the authority to "otherwise coordinate the work of plaintiffs' counsel and perform such other functions as necessary and appropriate to complete pretrial proceedings in [03 MDL 1570] as may be authorized by the Court."

Although defense counsel have expressed division among themselves and resisted the same type of coordination to which the plaintiffs' counsel have agreed, plaintiffs have expressed willingness to compromise to exclude from the log those communications among defendants' counsel which are within the authorizations described in CMO # 5, paragraph 1.(a) to 1.(d).

To the extent that defendants insist that a broader recognition of a privilege is warranted, plaintiffs request that the Court direct them to make an application to the Court and allow the issue to be fully brief.

> 3.    **The Framework for the Proposed Privilege Log Should be Informed By the Facciola-Redgrave Framework Recommended By Judge Maas During the April 12, 2011 Conference.  [*See* Proposed Stipulation 3.(i), 5, 6 and Comments A3-A6 and A8-A11, and Transcript of April 12, 2011 Conference, at 61.]**

Although plaintiffs do not dispute that the items referenced in Local Rule 26.2 should be included on the proposed privilege logs, plaintiffs have recommended incorporation of proposals included in the article by Judge Facciola concerning privilege logs, which the court recommended to the parties during the April 12, 2011 conference in this matter.  *See* John M. Facciola and Jonathan M. Redgrave, Asserting and Challenging Privilege Claims in Modern Litigation: The Facciola-Redgrave Framework, Federal Courts L. Rev. Vol. 4, Issue 1, at 48-49 (hereinafter "Facciola").  While the plaintiffs appreciate the defendants focus on simplifying the

The Honorable Frank Maas, U.S.M.J.
October 19, 2012
Page 4

process of creating the logs, inclusion of the several additional items of information suggested in the Facciola article will also help to distill which privilege claims will be disputed, help the parties engage in meaningful meet and confers to distill what issues need to be brought to the courts attention, and help the court to work through the disputes that are brought to the Court for resolution.

   **4. Dates Provided in Privilege Logs Should Include Western (*i.e.*, Gregorian) dates. [*See* Proposed Stipulation 5 (vi) and Comment A7.]**

   Many documents in this litigation present with dates that are not in Western format. Plaintiffs merely propose, and the defendants oppose, that to the extent that the date on the document is depicted in non-Western format (*e.g.*, a Hijra date), in addition to providing the date depicted in the document, a Western date (*i.e.*, Gregorian date) should be provided in the log where it is possible to discern that date.

                              Respectfully submitted,


                              */s/ Robert T. Haefele*
                              ROBERT T. HAEFELE
                              FOR THE MDL 1570 PLAINTIFFS' EXECUTIVE
                              COMMITTEES

cc:    Hon. George B. Daniels (By Federal Express)
       MDL-1570 counsel (By electronic mail)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | ) <br> ) <br> ) <br> ) 03 MDL 1570 (GBD)(FM) <br> ) ECF Case <br> ) <br> ) <br> ) |

This document relates to: ALL ACTIONS

## STIPULATION ORDER
### GOVERNING IDENTIFICATION OF PRIVILEGED DOCUMENTS

WHEREAS, Magistrate Judge Maas has asked that the parties meet and confer regarding an agreement concerning the listing of privileged documents on a privilege log;

WHEREAS, the parties have conferred about this issue; and

WHEREAS, the parties wish to decrease the burdens associated with creating privilege logs concerning certain communications after the filing of the first complaint in the above-captioned litigation on August 15, 2002;

IT IS HEREBY AGREED by Plaintiffs and the remaining Defendants in the above-captioned action that:

1. The parties need not include the following types of documents on privilege logs in this matter:

    (i) Communication between (i) plaintiffs' counsel and their clients, including then-current officers and employees of the clients, after September 10, 2001; and (ii) each defendant's counsel and that counsel's client(s), including then-current officers and employees of the client(s), after September 10, 2001; Any defendant asserting that its duty to preserve evidence did not attach until after September 11, 2001, shall identify in its privilege log any communications with counsel for which it is claiming privilege between September 10, 2001 and the date on which the defendant claims that its duty to preserve evidence attached;

(ii) Communications between or among plaintiffs' counsel;

(iii) Communications between or among defense counsel to the extent that such communications were within the specific authority that the Court recognized for the Defendants' Executive Committee in Case Management Order # 5 (D.E. 1547, filed December 9, 2005), namely:

- To confer and agree with the Plaintiffs' Executive Committees on scheduling matters relating to court hearings, depositions, and deadlines affecting Defendants generally, and on proposed agenda items for court hearings;

- To coordinate communications with counsel for any Plaintiff seeking the consent of Defendants generally to a nondispositive motion;

- To coordinate the examination of witnesses by defense counsel at a deposition or hearing; and

- To coordinate communications with Plaintiffs' Executive Committees and with the Court concerning any requested changes in this Case Management and Pretrial Scheduling Order;

(iv) Pursuant to Fed. R. Civ. Proc. 26(b)(3)(A) and (B) and 26(b)(4)(B) and (C), drafts of any expert reports or disclosures required under Rule 26(a)(2), unless otherwise discoverable under Fed. R. Civ. P. 26(b)(3)(A)(i), (ii);

(v) Pursuant to Fed. R. Civ. Proc. 26(b)(4)(C), all protected communications between a party's counsel and any witness required to provide a report under Rule 26(a)(2)(B), except to the extent that the communications fall within the categories described in Rule 26(b)(4)(C)(i), (ii), or (iii), unless otherwise discoverable under Fed. R. Civ. P. 26(b)(3)(A)(i), (ii);

(vi) Pursuant to Fed. R. Civ. Proc. 26(b)(4)(D), any facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial, except as such discovery is permitted under Rule 26(b)(4)(D)(i) and (ii); and

(vii)       Such other categories that the parties may agree upon or the court may order as discovery proceeds (*i.e.*, this stipulation order has been

entered based on the status of existing discovery requests and additional categories of exclusion may be added as discovery continues to unfold); and

2. For the purpose of the foregoing paragraph, the term "counsel" includes the parties' attorneys, and the attorneys' staff, employees, and consultants or experts not anticipated to testify at trial; and

3. To the extent that a party seeks to claim privilege or protection over a category of documents, rather than on a document-by-document basis, the parties shall meet and confer at least fourteen days before the privilege log is due in an effort to determine the categories of documents to be withheld:

   (i) During the meet and confer, the withholding party shall set forth (a) a description of the proposed category, including a description of the general subject matter of the documents in each such category, (b) the basis for the withholding of documents in each such category, and (c) to the extent possible, the withholding party shall provide an objective index of readily available information about the documents in the category to aid the parties in understanding the universe of documents at issue (*e.g.*, authors, recipients, dates, bates numbers, file size, etc.);

   (ii) For each proposed category, the requesting party may request or the producing party may offer an affidavit attesting to the facts that support the privileged or protected status of documents within the category; The affidavit need not identify or address the documents on an individual basis, but shall serve to provide the evidentiary context and support for the category as a whole;

   (iii) Unless and until the Court determines otherwise, under the authority of Rule 502(d), the sharing of information in the meet and confer process conducted pursuant to Paragraph 2 regarding documents that are claimed to be privileged or otherwise protected is to be held confidential and will not be deemed a waiver of any privileges, and the intentional or inadvertent inclusion of privileged in an index or privilege log will not be deemed a waiver of any privileges;

   (iv) To the extent the parties can agree that a category may be excluded from production, the parties will submit a joint proposal to amend this stipulation order to add the category to paragraph 1;

(v) To the extent the parties cannot agree that a category may be excluded and the producing party continues to assert in good faith a claim of privilege or protection over the category, the producing party shall present the discovery dispute for the court's consideration within five business days of either party's determination that the meet and confer has concluded, and the requesting party may respond to the application within five business days; and

4. The parties shall produce privilege logs no longer than 45 days from the state of the Court's entry of this Stipulation for any privileged documents withheld from the production due on August 30, 2012, and the parties shall produce privilege logs for any future productions within 45 days following such production; and

5. Subject to the foregoing modifications, the parties shall produce privilege logs that conform to the Federal Rules of Civil Procedure and Local Rule 26.2 (2012), and to the extent that divulgence of such information does not cause disclosure of the allegedly privileged information, shall identify the following information:

   (i) Unique document identification number (*e.g.,* bates numbers);

   (ii) Document type (*e.g.,* letter or memorandum);

   (iii) General subject matter of the document;

   (iv) Document length and, where applicable, file size;

   (v) Identification and description of attachments;

   (vi) Date (in Western format);

   (vii)       Author;

   (viii)       Copyees and/or Addressees;

   (ix) Other Recipients;

   (x) Description of the relationship of the author, copyees/addressees, and recipients to each other;

   (xi) Categories;

   (xii)       The basis for the claimed privileges or protections and, if the privilege is governed by state law, indicate the state's privilege rule being invoked, including information sufficient to establish the elements of each asserted privilege invoked, or protection meeting agreed-upon criteria; and

6. Instructions for inclusion of certain items of information:  To the extent that any of the following categories of information are included on a privilege log, the following instructions shall apply:

(i)  E-mail strings:   The parties shall include the "last-in-time" email in a string provided that (a) each separate communication in the chain is at some point the "last-in-time" e-mail in a string, and (b) the index or privilege log notes that the e-mail communication is part of a string.  If an embedded e-mail communication is not otherwise available, then it must be identified and included. To the extent that a portion of a string is produced (no privilege or protection is claimed), that portion of the string need not be separately included in the privilege log;

(ii)  Attachments: Attachments to emails and other documents should be identified as attachments and separately included with an indication as to which email or document said attachment(s) were attached.

_____

THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

_____

THE DEFENDANTS' EXECUTIVE COMMITTEE

SO ORDERED:

This ____ day of October 2012

_____

Magistrate Judge Frank Maas

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | ) <br> ) <br> ) <br> ) 03 MDL 1570 (GBD)(FM) <br> ) ECF Case <br> ) <br> ) <br> ) |

This document relates to: ALL ACTIONS

## STIPULATION ORDER
## GOVERNING IDENTIFICATION OF PRIVILEGED DOCUMENTS

WHEREAS, Magistrate Judge Maas has asked that the parties meet and confer regarding an agreement concerning the listing of privileged documents on a privilege log;

WHEREAS, the parties have conferred about this issue; and

WHEREAS, the parties wish to decrease the burdens associated with creating privilege logs concerning certain communications after the filing of the first complaint in the above-captioned litigation on August 15, 2002;

IT IS HEREBY AGREED by Plaintiffs and the remaining Defendants in the above-captioned action that:

1. The parties need not include the following types of documents on privilege logs in this matter:

   (i) Communication between (i) plaintiffs' counsel and their clients, including then-current officers and employees of the clients, after September 10, 2001; and (ii) each defendant's counsel and that counsel's client(s), including then-current officers and employees of the client(s), after September 10, 2001; Any defendant asserting that its duty to preserve evidence did not attach until after September 11, 2001, shall identify in its privilege log any communications with counsel for which it is claiming privilege between September 10, 2001 and the date on which the defendant claims that its duty to preserve evidence attached;

**Comment [A1]:** There needs to be consistency between a defendant's position on this issue and its position on the date a duty to preserve evidence attached. For example, if a defendant argues that its duty to preserve evidence attaches later, then the privilege should not attach until that time either.

One solution might be to add the following language to what has been proposed for 1.(i):

"Any defendant asserting that its duty to preserve evidence did not attach until after September 11, 2001, shall identify in its privilege log any communications with counsel for which it is claiming privilege between September 10, 2001 and the date on which the defendant claims that its duty to preserve evidence attached."

(ii) Communications between or among plaintiffs' counsel;

(iii) Communications between or among defense counsel to the extent that such communications were within the specific authority that the Court recognized for the Defendants' Executive Committee in Case Management Order # 5 (D.E. 1547, filed December 9, 2005), namely:

- To confer and agree with the Plaintiffs' Executive Committees on scheduling matters relating to court hearings, depositions, and deadlines affecting Defendants generally, and on proposed agenda items for court hearings;

- To coordinate communications with counsel for any Plaintiff seeking the consent of Defendants generally to a nondispositive motion;

- To coordinate the examination of witnesses by defense counsel at a deposition or hearing; and

- To coordinate communications with Plaintiffs' Executive Committees and with the Court concerning any requested changes in this Case Management and Pretrial Scheduling Order;

(iii)(iv)   Pursuant to Fed. R. Civ. Proc. 26(b)(3)(A) and (B) and 26(b)(4)(B) and (C), drafts of any expert reports or disclosures required under Rule 26(a)(2), unless otherwise discoverable under Fed. R. Civ. P. 26(b)(3)(A)(i), (ii);

(iv)(v)   Pursuant to Fed. R. Civ. Proc. 26(b)(4)(C), all protected communications between a party's counsel and any witness required to provide a report under Rule 26(a)(2)(B), except to the extent that the communications fall within the categories described in Rule 26(b)(4)(C)(i), (ii), or (iii),   unless otherwise discoverable under Fed. R. Civ. P. 26(b)(3)(A)(i), (ii);

(v)(vi)   Pursuant to Fed. R. Civ. Proc. 26(b)(4)(D), any facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial, except as such discovery is permitted under Rule 26(b)(4)(D)(i) and (ii); and

**Comment [A2]:** Although plaintiffs have asked, defendants have offered little explanation as to why communications among defendants' counsel should be privileged. In recent discussions, defense counsel explained that, to the extent that they communicated among members of the Defendants' Executive Committees as directed by the Court (e.g., to draft coordinated discovery requests, to propose agenda items), those communications should enjoy the privilege.

Since the outset of this litigation, defendants have emphasized the varying interests of each of the defendants and used those varying interests as a premise to resist the organizational structure and authority of the DEC. Only after plaintiffs complained about the inability to coordinate even minor procedural matters with the defendants, the defendants crafted their own CMO that specifically and strictly limited the authority of the DEC to four items specifically set out in the CMO. The order, crafted by the defendants, even states that aside from these four areas of authority, the DEC shall have "no other authority." See CMO #5, Docket Entry # 1547 (filed December 9, 2005).

The limited responsibilities authorized in CMO # 5 stands in stark contrast with the broad obligations and authority the Court imposed on the PECs in CMO #3, Docket Entry # 248 (filed June 16, 2004). In CMO # 3, the Court authorized the PECs to fulfill its responsibilities by conducting a wide range of tasks, concluding with the authority to "otherwise coordinate the work of plaintiffs' counsel and perform such other functions as necessary and appropriate to complete pretrial proceedings in [03 MDL 1570] as may be authorized by the Court.

Although defense counsel have expressed division among themselves and resisted the same type of coordination that the plaintiffs' counsel have agreed to, plaintiffs are willing to compromise to exclude from the log those communications among defendants' counsel which are within the authorizations described in CMO # 5, paragraph 1.(a) to 1.(d).

Plaintiffs recommend that, to the extent that defendants would like a broader recognition of the privilege, they make an application to the court to fully brief the issue.

(vi)(vii)   Such other categories that the parties may agree upon or the court may order as discovery proceeds (*i.e.*, this stipulation order has been entered based on the status of existing discovery requests and additional categories of exclusion may be added as discovery continues to unfold); and

2. For the purpose of the foregoing paragraph, the term "counsel" includes the parties' attorneys, and the attorneys' staff, employees, and consultants or experts not anticipated to testify at trial; and

3. To the extent that a party seeks to claim privilege or protection over a category of documents, rather than on a document-by-document basis, the parties shall meet and confer at least fourteen days before the privilege log is due in an effort to determine the categories of documents to be withheld:

(i) During the meet and confer, the withholding party shall set forth (a) a description of the proposed category, including a description of the general subject matter of the documents in each such category, (b) the basis for the withholding of documents in each such category, and (c) to the extent possible, the withholding party shall provide an objective index of readily available information about the documents in the category to aid the parties in understanding the universe of documents at issue (*e.g.*, authors, recipients, dates, bates numbers, file size, etc.);

**Comment [A3]:** This provision is part of what was suggested in Judge Facciola's law review article. *See* John M. Facciola and Jonathan M. Redgrave, Asserting and Challenging Privilege Claims in Modern Litigation: The Facciola-Redgrave Framework, Federal Courts L. Rev. Vol. 4, Issue 1, at 48-49 (hereinafter "Facciola").

The provision is essential to minimize the number of disputes and to enable the parties to engage in a meaningful M&C dialogue as to how a claimed privilege is supportable.

(ii) For each proposed category, the requesting party may request or the producing party may offer an affidavit attesting to the facts that support the privileged or protected status of documents within the category; The affidavit need not identify or address the documents on an individual basis, but shall serve to provide the evidentiary context and support for the category as a whole;

(iii) Unless and until the Court determines otherwise, under the authority of Rule 502(d), the sharing of information in the meet and confer process conducted pursuant to Paragraph 2 regarding documents that are claimed to be privileged or otherwise protected is to be held confidential and will not be deemed a waiver of any privileges, and the intentional or inadvertent inclusion of privileged in an index or privilege log will not be deemed a waiver of any privileges;

(iv) To the extent the parties can agree that a category may be excluded from production, the parties will submit a joint proposal to amend this stipulation order to add the category to paragraph 1;

(v) To the extent the parties cannot agree that a category may be excluded and the producing party continues to assert in good faith a claim of privilege or protection over the category, the producing party shall present the discovery dispute for the court's consideration within five business days of either party's determination that the meet and confer has concluded, and the requesting party may respond to the application within five business days; and

4. The parties shall produce privilege logs no longer than 45 days from the state of the Court's entry of this Stipulation for any privileged documents withheld from the production due on August 30, 2012, and the parties shall produce privilege logs for any future productions within 45 days following such production; and

5. Subject to the foregoing modifications, the parties shall produce privilege logs that conform to the Federal Rules of Civil Procedure and Local Rule 26.2 (2012), and to the extent that divulgence of such information does not cause disclosure of the allegedly privileged information, shall identify the following information:

    (i) Unique document identification number (*e.g.*, bates numbers);

    (ii) Document type (*e.g.*, letter or memorandum);

    (iii) General subject matter of the document;

    (iv) Document length and, where applicable, file size;

    (v) Identification and description of attachments;

    (vi) Date (in Western format);

    (vii)      Author;

    (viii)     Copyees and/or Addressees;

    (ix) Other Recipients;

    (x) Description of the relationship of the author, copyees/addressees, and recipients to each other;

    (xi) Categories;

    (xii)     The basis for the claimed privileges or protections and, if the privilege is governed by state law, indicate the state's privilege rule being invoked, including information sufficient to establish the elements of each asserted privilege invoked, or protection meeting agreed-upon criteria; and

6. Instructions for inclusion of certain items of information: To the extent that any of the following categories of information are included on a privilege log, the following instructions shall apply:

**Comment [A4]:** This item is one of the items suggested for inclusion in Facciola at 48-49.

It is important to facilitate the parties' and the court's review and assessment.

**Comment [A5]:** This item is one of the items suggested for inclusion in Facciola at 48-49.

It is important to help define disputes and to facilitate the parties' and the court's review and assessment.

**Comment [A6]:** This item is one of the items suggested for inclusion in Facciola at 48-49.

It is important to help define disputes and to facilitate the parties' and the court's review and assessment.

**Comment [A7]:** To the extent that the date on the document is depicted in non-Western format (e.g., a Hijra date), in addition to providing the date depicted in the document, a Western date (i.e., Gregorian date) should be provided in the log where it is possible to discern that date.

**Comment [A8]:** This item is one of the items suggested for inclusion in Facciola at 48-49.

It is important to help define disputes and to facilitate the parties' and the court's review and assessment.

**Comment [A9]:** This item is one of the items suggested for inclusion in Facciola at 48-49.

It is important to help define disputes and to facilitate the parties' and the court's review and assessment.

(i) E-mail strings:   The parties shall include the "last-in-time" email in a string provided that (a) each separate communication in the chain is at some point the "last-in-time" e-mail in a string, and (b) the index or privilege log notes that the e-mail communication is part of a string. ~~It is not necessary to separately index each e-mail in a string if the entire string is privileged.~~  If an embedded e-mail communication is not otherwise available, then it must be identified and included. To the extent that a portion of a string is produced (no privilege or protection is claimed), that portion of the string need not be separately included in the privilege log;

(ii) Attachments:  Attachments to emails and other documents should be identified as attachments and separately included with an indication as to which email or document said attachment(s) were attached.

> **Comment [A10]:** This item is stated as suggested for inclusion in Facciola at 48-49. Since each email entry is a separate "document," which (for example) may have been to, from, or cc'd to a non-privilege person, each needs to be separately logged for consideration, and enable the parties to engage in dialogue about the validity of privilege claims and provide the court with sufficient indicia as to the validity of the claim.
>
> It is important to help define disputes and to facilitate the parties' and the court's review and assessment.

> **Comment [A11]:** The phrasing suggested comes from the language in Judge Facciola's law review article.  See Facciola, Vol. 4, Issue 1, at 49.
>
> It is important to help define disputes and to facilitate the parties' and the court's review and assessment.

_____

THE MDL 1570 PLAINTIFFS' EXECUTIVE
COMMITTEES


_____

THE DEFENDANTS' EXECUTIVE
COMMITTEE


SO ORDERED:

This ____ day of October 2012


_____

Magistrate Judge Frank Maas

5

# Exhibit C

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA Electronic Mail**

August 3, 2012

Alan R. Kabat, Esq.
BERNABEI & WACHTEL, PLLC
1775 T Street, NW
Washington, DC 20009-7124

      Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM)

Dear Mr. Kabat:

    Attached for discussion purposes is plaintiffs' initial proposal for a stipulation regarding the privilege log. Although we are sending this to you now for discussion purposes, we anticipate that we may have several additional suggestions that we have not quite finished thinking through; but to help us start the process we are offering the attached. Please circulate our proposal among your side and let us know a convenient time to meet and confer about the issue.

    In addition, because the tone of each of your emails about the stipulation has implied some urgency or impatience about the progress of this project, we wanted to address that tone. Because I understand that Clifford Chance played some role in drafting your proposal and that at least some of the other defendants have encouraged you to pressure plaintiffs since you sent your proposal, our comments here are not necessarily intended to be directed at you, Alan, alone. But for a variety of reasons, we take issue with the tone of your emails and the implication that the chain in your last email accurately represents the history and current state of the negotiations about this stipulation.

    As you know, defendants took on the responsibility of drafting a proposal for plaintiffs' consideration at least as early as our video conference meet and confer in March 2011. We never got any proposal for consideration until you provided something for us to consider in March 2012. So perhaps you can understand our view that the comment in your last email that "it should not take anyone four months to address this issue" comes off a bit ironic to us. Your email is misleading in that it implies that the starting point of our discussions concerning the stipulation dates back to only late March 2012, when in reality there was a full one-year gap where plaintiffs were waiting for a proposal from the defendants.

Alan R. Kabat, Esq.
August 3, 2012
Page 2

Moreover, we also find it a bit ironic, and quite concerning, that the parties complaining that plaintiffs are somehow untimely in responding to defendants' proposed stipulation, are, themselves, egregiously behind in their own discovery obligations. Because, by and large, defendants have failed to demonstrate even a good faith effort to engage in rolling productions consistent with Judge Maas's directions, they should focus much more sharply on completing discovery, rather than demanding that plaintiffs stipulate concerning a log that will not need to be completed until sometime after the initial production deadline.

As we have expressed all along, we agree that the stipulation concerning the log needs to be done, but the continued insistence that it take priority over other obligations is not a position to which we have subscribed. To add some perspective to your sense of urgency – consider that when you first sent your proposal, a year after initially discussed, the close of initial document production was scheduled for late April 2012. Since then, that date has been moved to late August. And any obligations to produce a log would not begin until some agreed upon time after that date.

Plaintiffs also take exception to your characterization that plaintiffs have "delayed" responding to your proposal. First, as we have explained in our several exchanges, in the interim since receipt of your proposal in April, several other obligations took priority, not the least of which was substantial appellate briefing in this litigation. Second, while we would have anticipated that the year-long effort to produce a stipulation would have afforded defendants ample time to address the concerns Judge Maas raised during the April 12, 2011 discovery conference, we do not believe that your proposal did so. According, rather than simply commenting on what you proposed, we had to essentially re-write the proposal more or less from scratch. In addition to offering our proposal, we are also providing you with a copy of the article that Judge Maas commended to our attention during that hearing. We have tried to incorporate into our proposal the aspects from the article that we found most appropriate for our case.

Thank you for your efforts to reach an amicable agreement regarding this stipulation. After you have had an opportunity to discuss this proposal with your colleagues, we would ask that you provide us with suggested dates to meet and confer in sufficient advance to enable us to circulate to those on our side who may wish to participate. In addition, to the extent that we have additional revisions to this proposal, we will forward them to your attention.

Sincerely,

THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

cc:   Jodi Westbrook Flowers, Esq. (Via Electronic Mail)
      Sean P. Carter, Esq. (Via Electronic Mail)
      J. Scott Tarbutton, Esq. (Via Electronic Mail)
      John M. Eubanks, Esq. (Via Electronic Mail)
      James P. Kreindler, Esq. (Via Electronic Mail)
      Andrew J. Maloney, Esq. (Via Electronic Mail)
      Jerry S. Goldman, Esq. (Via Electronic Mail)

# Exhibit D

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair* <br> MOTLEY RICE LLC <br> James P. Kreindler, *Co-Chair* <br> KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel* <br> KREINDLER & KREINDLER LLP <br> Paul J. Hanly, Jr., *Co-Liaison Counsel* <br> HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA Electronic Mail**

October 16, 2012

Alan R. Kabat, Esq.
BERNABEI & WACHTEL, PLLC
1775 T Street, NW
Washington, DC 20009-7124

Re:  *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Mr. Kabat:

In response to the proposal that you sent to us on October 3, 2012, attached are plaintiffs' comments about the proposed stipulation concerning a privilege log. As you can see from the comments, we have two generally overarching concerns.

First, when we sent you our proposal on August 3, we were clear that much of what we added was added after considering the *Facciola-Redgrave* framework that Judge Maas recommended that we consider. Although you have opted to delete much of what was added from that framework, you have not explained why we should not employ the framework that the Court suggested.

Second, You have not responded to our specific request that you explain why the communications among defendants' counsel, who have worked largely independent of one another and have identified diverging interests, would be subject to a privilege. Instead of offering any explanation, you have merely pointed out that counsel for certain plaintiffs who have never had claims against the active defendants have worked apart from the PECs. The misleading anecdotal example, which ignores the constant close coordination among the PECs, does nothing to explain why the privilege suggested should be recognized.

We suggest that you take a second review of the proposal and either offer explanations for the items where explanation is requested, accept the language as we have proposed, or suggest substitute language with an explanation as to why the substitute is better.

Sincerely,

/S/

ROBERT T. HAEFELE
FOR THE MDL 1570 PLAINTIFFS' EXECUTIVE
COMMITTEES

cc:  Jodi Westbrook Flowers, Esq. (Via Electronic Mail)
Sean P. Carter, Esq. (Via Electronic Mail)

Alan R. Kabat, Esq.
October 16, 2012
Page 2

---

J. Scott Tarbutton, Esq. (Via Electronic Mail)
John M. Eubanks, Esq. (Via Electronic Mail)
James P. Kreindler, Esq. (Via Electronic Mail)
Andrew J. Maloney, Esq. (Via Electronic Mail)
Jerry S. Goldman, Esq. (Via Electronic Mail)

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 | 19 | 2012
```

```
                                          )
                                          )
                                          )
In re Terrorist Attacks on September 11,  )  03 MDL 1570 (GBD)(FM)
2001                                      )  ECF Case
                                          )
                                          )
                                          )
```

**This document relates to: ALL ACTIONS**

## ORDER
## GOVERNING IDENTIFICATION OF PRIVILEGED DOCUMENTS

WHEREAS, the Court has conferred with counsel concerning the listing of privileged documents on a privilege log; and

WHEREAS, the Court has considered counsel's competing positions concerning certain portions of a proposed order relating to that subject;

IT IS HEREBY ORDERED that:

1. The parties need not include the following types of documents on privilege logs in this matter:

   (i) Communication between (i) plaintiffs' counsel and their clients, including then-current officers and employees of the clients, after September 10, 2001; and (ii) each defendant's counsel and that counsel's client(s), including then-current officers and employees of the client(s), after September 10, 2001;

   (ii) Communications between or among plaintiffs' counsel;

   (iii) Communications between or among defense counsel;

   (iv)Pursuant to Fed. R. Civ. Proc. 26(b)(3)(A) and (B) and 26(b)(4)(B) and (C), drafts of any expert reports or disclosures required under Rule

26(a)(2), unless otherwise discoverable under Fed. R. Civ. P. 26(b)(3)(A)(i), (ii);

(v) Pursuant to Fed. R. Civ. Proc. 26(b)(4)(C), all protected communications between a party's counsel and any witness required to provide a report under Rule 26(a)(2)(B), except to the extent that the communications fall within the categories described in Rule 26(b)(4)(C)(i), (ii), or (iii), unless otherwise discoverable under Fed. R. Civ. P. 26(b)(3)(A)(i), (ii);

(vi) Pursuant to Fed. R. Civ. Proc. 26(b)(4)(D), any facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial, except as such discovery is permitted under Rule 26(b)(4)(D)(i) and (ii); and

(vii) Such other categories as the parties may agree upon or the court may order as discovery proceeds (*i.e.*, this stipulation order has been entered based on the status of existing discovery requests and additional categories of exclusion may be added as discovery continues to unfold).

2. For the purpose of the foregoing paragraph, the term "counsel" includes the parties' attorneys, and the attorneys' staff, employees, and consultants or *experts* not anticipated to testify at trial.

3. To the extent that a party seeks to claim privilege or protection over a category of documents, rather than on a document-by-document basis, the parties shall meet and confer at least fourteen days before the privilege log is due in an effort to determine the categories of documents to be withheld:

(i) During the meet and confer, the withholding party shall set forth (a) a description of the proposed category, including a description of the general subject matter of the documents in each such category, and (b) the basis for the withholding of documents in each such category;

(ii) For each proposed category, the requesting party may request or the producing party may offer an affidavit attesting to the facts that support the privileged or protected status of documents within the category; The affidavit need not identify or address the documents on an individual basis, but shall serve to provide the evidentiary context and support for the category as a whole;

2

(iii) Unless and until the Court determines otherwise, under the authority of Rule 502(d), the sharing of information in the meet and confer process conducted pursuant to Paragraph 2 regarding documents that are claimed to be privileged or otherwise protected is to be held confidential and will not be deemed a waiver of any privileges, and the intentional or inadvertent inclusion of privileged in an index or privilege log will not be deemed a waiver of any privileges;

(iv) To the extent the parties can agree that a category may be excluded from production, the parties will submit a joint proposal to amend this stipulation order to add the category to paragraph 1;

(v) To the extent the parties cannot agree that a category may be excluded and the producing party continues to assert in good faith a claim of privilege or protection over the category, the producing party shall present the discovery dispute for the court's consideration within five business days of either party's determination that the meet and confer has concluded, and the requesting party may respond to the application within five business days.

4. The parties shall produce privilege logs no longer than 45 days from the state of the Court's entry of this Stipulation for any privileged documents withheld from the production due on August 30, 2012, and the parties shall produce privilege logs for any future productions within 45 days following such production.

5. Subject to the foregoing modifications, the parties shall produce privilege logs that conform to the Federal Rules of Civil Procedure and Local Rule 26.2 (2012), and to the extent that divulgence of such information does not cause disclosure of the allegedly privileged information, shall identify the following information:

(i) the type of document;

(ii) the general subject matter of the document;

(iii) the date of the document

(iv) the authors of the document, the addressees of the document and any other recipients, and, where not apparent, the relationship of the authors, addressees, and recipients to one another; and

(v) if the document is an electronic document, its file size.

6. The basis for the privileges or protections claimed, and, if the privilege is governed by state law, the state's privilege rule being invoked.

7. Instructions for inclusion of certain items of information:  To the extent that any of the following categories of information are included on a privilege log, the following instructions shall apply:

    (i) E-mail strings:  The parties shall include the "last-in-time" email in a string provided that (a) each separate communication in the chain is at some point the "last-in-time" e-mail in a string, and (b) the index or privilege log notes that the e-mail communication is part of a string.  It is not necessary to index separately each e-mail in a string if the authors and addressees are unchanged throughout the string.  If an embedded e-mail communication is not otherwise available, then it must be identified and included. To the extent that a portion of a string is produced (no privilege or protection is claimed), that portion of the string need not be separately included in the privilege log;

    (ii) Attachments: Attachments to emails and other documents should be identified as attachments and included in the entry for the email or other document to which said attachment(s) were attached.

SO ORDERED:

This 19th day of November 2012

_____
/ FRANK MAAS
United States Magistrate Judge

# EXHIBIT 3

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Wire Transfer | 3/15/1995 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212255 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 2 | Wire Transfer | 4/11/1995 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212256 | | | | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 3 | Wire Transfer | 10/27/1995 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212257 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 4 | Account Statement | 12/29/1995 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC009874 | | | No | No | 88 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 5 | Wire Transfer | 3/28/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC215855 | | | No | No | 64 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 6 | Wire Transfer | 4/8/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212259 | | | No | No | 47 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 7 | Wire Transfer | 4/15/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212258 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 8 | Wire Transfer | 7/22/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211756 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

## 03-MDL-1570 Plaintiffs' Executive Committees' Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 9 | Wire Transfer | 7/24/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212260 | | | No | No | 50 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 10 | Wire Transfer | 9/18/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212261 | | | No | No | 50 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 11 | Wire Transfer | 9/18/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212262 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 12 | Wire Transfer | 11/26/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211757 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 13 | Wire Transfer | 11/26/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211758 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 14 | Wire Transfer | 12/10/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212263 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 15 | Wire Transfer | 12/12/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212264 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 16 | Wire Transfer | 12/18/1996 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211798 | | | No | No | 47 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC. Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 17 | Wire Transfer | 1/30/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211759 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 18 | Wire Transfer | 2/3/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212265 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 19 | Wire Transfer | 2/20/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211760 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 20 | Wire Transfer | 2/20/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211761 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 21 | Wire Transfer | 2/25/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007062 | | | No | No | 64 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 22 | Wire Transfer | 2/28/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211762 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 23 | Wire Transfer | 2/28/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211763 | | | No | No | 44 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 24 | Wire Transfer | 3/3/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212266 | | | No | No | 50 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 25 | Wire Transfer | 4/28/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212990 - ABPLC212991 | | | No | No | 75 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 26 | Wire Transfer | 6/12/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212704 | | | No | No | 55 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 27 | Wire Transfer | 6/12/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212999 | | | No | No | 31 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 28 | Wire Transfer | 6/26/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212267 | | | No | No | 50 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 29 | Wire Transfer | 7/3/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212268 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 30 | Wire Transfer | 7/7/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212269 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 31 | Wire Transfer | 9/15/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212270 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 32 | Wire Transfer | 10/14/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC0070 65 | | | No | No | 62 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 33 | Wire Transfer | 11/10/1997 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212484 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 34 | Wire Transfer | 1/2/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212271 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 35 | Wire Transfer | 1/5/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212189 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 36 | Wire Transfer | 1/7/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212180 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 37 | Wire Transfer | 1/16/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212273 | | | No | No | 50 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 38 | Wire Transfer | 1/27/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC192044 | | | No | No | 71 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 39 | Wire Transfer | 2/23/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212192 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 40 | Wire Transfer | 2/24/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211796 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 41 | Wire Transfer | 3/10/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212988 | | | No | No | 47 KB | Produced pursuant to Protective Order dated August 1, 2005, in *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 42 | Wire Transfer | 3/10/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212989 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 43 | Wire Transfer | 3/25/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211795 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 44 | Wire Transfer | 3/25/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212194 | | | No | No | 44 KB | Produced pursuant to Protective Order dated August 1, 2005, in *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 45 | Wire Transfer | 3/25/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212195 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 46 | Wire Transfer | 3/25/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212196 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 47 | Wire Transfer | 4/16/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211794 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 48 | Wire Transfer | 4/30/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212197 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in *Linde, et al. v. Arab Bank, PLC*, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 49 | Wire Transfer | 7/6/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211793 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 50 | Wire Transfer | 7/6/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212198 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 51 | Wire Transfer | 8/4/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212199 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 52 | Wire Transfer | 10/5/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212272 | | | No | No | 47 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 53 | Wire Transfer | 10/20/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212200 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 54 | Wire Transfer | 11/3/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212987 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 55 | Wire Transfer | 11/3/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007085 | | | No | No | 62 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 56 | Wire Transfer | 11/23/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212202 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

**03-MDL-1570 Plaintiffs' Executive Committees'**
**Privilege Log**

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 57 | Wire Transfer | 12/16/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211764 | | | No | No | 43 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 58 | Wire Transfer | 12/21/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212986 | | | No | No | 31 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 59 | Wire Transfer | 12/21/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007088 | | | No | No | 62 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 60 | Wire Transfer | 12/24/1998 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212203 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 61 | Wire Transfer | 5/25/1999 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212965 | | | No | No | 31 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 62 | Wire Transfer | 5/26/1999 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212711 | | | No | No | 51 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 63 | Wire Transfer | 7/19/1999 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212274 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 64 | Wire Transfer | 7/20/1999 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212275 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

**03-MDL-1570 Plaintiffs' Executive Committees'**
**Privilege Log**

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 65 | Wire Transfer | 12/8/1999 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211765 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 66 | Wire Transfer | 12/13/1999 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007108 | | | No | No | 62 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 67 | Wire Transfer | 12/14/1999 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212949 | | | No | No | 30 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 68 | Wire Transfer | 1/19/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212904 | | | No | No | 31 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 69 | Wire Transfer | 1/19/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007109 | | | No | No | 64 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 70 | Wire Transfer | 1/19/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212716 | | | No | No | 50 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 71 | Wire Transfer | 2/10/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212206 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 72 | Wire Transfer | 5/19/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212276 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

## 03-MDL-1570 Plaintiffs' Executive Committees'
## Privilege Log

| | Doc Type: | Doc Date: | Title Ref:/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 73 | Wire Transfer | 6/27/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212983 | | | No | No | 31 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 74 | Wire Transfer | 6/27/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007112 | | | No | No | 64 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 75 | Wire Transfer | 7/25/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212277 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 76 | Report | 8/24/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC005485 - ABPLC005506 | Osman Asoli | Abdul Majeed Shoman | No | No | 2056 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 77 | Wire Transfer | 9/12/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212252 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 78 | Wire Transfer | 9/12/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212207 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 79 | Wire Transfer | 10/5/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212208 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 80 | Wire Transfer | 10/6/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC215701 | | | No | No | 64 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 81 | Wire Transfer | 10/10/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212253 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 82 | Wire Transfer | 10/16/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212981 | | | No | No | 32 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 83 | Bank Record | 10/16/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC188951 | | | No | No | 127 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 84 | Wire Transfer | 10/26/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212720 | | | No | No | 30 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 85 | Wire Transfer | 10/26/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212862 | | | No | No | 32 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 86 | Wire Transfer | 11/28/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212254 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 87 | Wire Transfer | 11/28/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212278 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 88 | Wire Transfer | 11/30/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC213005 | | | No | No | 32 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

## 03-MDL-1570 Plaintiffs' Executive Committees' Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 89 | Wire Transfer | 11/30/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212980 | | | No | No | 30 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 90 | Wire Transfer | 11/30/2000 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212721 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 91 | Wire Transfer | 1/19/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212961 | | | No | No | 31 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 92 | Wire Transfer | 1/19/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007118 | | | No | No | 65 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 93 | Wire Transfer | 1/19/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212723 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 94 | Wire Transfer | 2/6/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212279 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 95 | Wire Transfer | 2/8/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211766 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 96 | Wire Transfer | 2/16/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211768 | | | No | No | 47 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 97 | Wire Transfer | 2/16/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211770 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 98 | Wire Transfer | 2/16/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211767 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 99 | Wire Transfer | 2/16/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212280 | | | No | No | 30 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 100 | Wire Transfer | 4/27/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212765 | | | No | No | 28 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 101 | Wire Transfer | 5/15/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007120 | | | No | No | 64 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 102 | Wire Transfer | 5/15/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212725 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 103 | Wire Transfer | 5/16/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211769 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 104 | Wire Transfer | 5/22/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212979 | | | No | No | 32 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 105 | Wire Transfer | 5/22/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007122 | | | No | No | 65 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 106 | Wire Transfer | 5/22/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212727 | | | | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 107 | Wire Transfer | 6/11/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212281 | | | | No | 52 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 108 | Wire Transfer | 6/11/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212282 | | | | No | 51 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 109 | Wire Transfer | 7/24/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212776 | | | No | No | 28 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 110 | Wire Transfer | 7/24/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212777 | | | No | No | 29 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 111 | Wire Transfer | 7/24/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212778 | | | No | No | 28 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 112 | Wire Transfer | 7/25/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212283 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

**03-MDL-1570 Plaintiffs' Executive Committees'**
**Privilege Log**

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 113 | Wire Transfer | 8/8/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196927 - ABPLC196928 | | | No | No | 151 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 114 | Wire Transfer | 9/10/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC191333 | | | No | No | 53 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 115 | Report | 9/10/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC005507 - ABPLC005524 | | Abdul Majeed Shoman | No | No | 1710 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 116 | Wire Transfer | 9/25/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC191337 | | | No | No | 62 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 117 | Wire Transfer | 10/1/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC191324 | | | No | No | 62 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 118 | Wire Transfer | 10/4/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC191325 | | | No | No | 62 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 119 | Wire Transfer | 10/5/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212764 | | | No | No | 28 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 120 | Wire Transfer | 10/9/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC191328 | | | No | No | 54 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 121 | Wire Transfer | 10/18/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212942 | | | No | No | 30 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 122 | Account Statement | 10/21/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC211300 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 123 | Wire Transfer | 11/13/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007127 | | | No | No | 62 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 124 | Wire Transfer | 11/14/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212998 | | | No | No | 30 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 125 | Wire Transfer | 11/23/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212284 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 126 | Wire Transfer | 11/23/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007128 | | | No | No | 64 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 127 | Wire Transfer | 12/4/2001 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC192047 - ABPLC192048 | | | No | No | 126 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 128 | Wire Transfer | 1/7/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212285 | | | No | No | 47 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 129 | Wire Transfer | 1/31/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212286 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 130 | Wire Transfer | 2/20/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212978 | | | No | No | 30 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 131 | Wire Transfer | 3/11/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC007130 | | | No | No | 24 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 132 | Wire Transfer | 4/29/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212287 | | | No | No | 45 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 133 | Wire Transfer | 4/29/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212288 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 134 | Report | 5/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC005861 - ABPLC005914 | | | No | No | 4775 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 135 | Presentation | 5/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC003793 - ABPLC003832 | | | No | No | 1865 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 136 | Wire Transfer | 6/20/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC213099 | | | No | No | 29 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

## 03-MDL-1570 Plaintiffs' Executive Committees' Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 137 | Wire Transfer | 7/30/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC008729 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 138 | Letter | 8/8/2002 | Correspondence re FOIA Request 2002-0195 | Kevin R. Smith, National Central Bureau Interpol, US Department of Justice | Christine Negroni, Kreindler & Kreindler | no | yes | 1389 KB | Attorney Work Product |
| 139 | Wire Transfer | 9/19/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212289 | | | No | No | 42 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 140 | Wire Transfer | 9/19/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212280 | | Disclosure Services Department of the Treasury, United States Customs Service, Internal Revenue | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 141 | Letter | 10/2/2002 | Motley Rice FOIA request to Dept of Treasury, Disclosure Services, US Customs Services, and IRS | Ronald Motley | | No | Yes | 158 KB | Attorney Work Product |
| 142 | Letter | 10/2/2002 | Motley Rice FOIA request to FBI | Ronald Motley | FOIA/PA Section, FBI Department of Justice | no | no | 158 KB | Attorney Work Product |
| 143 | Letter | 10/2/2002 | Motley Rice FOIA request to Dept of Treasury, Disclosure Services, US Customs Services, and IRS | Ronald L. Motley | Department Offices Disclosure Services Department of the Treasury; US Customs Service FOIA; IRS Freedom Information Request | no | yes | 158 KB | Attorney Work Product |
| 144 | Wire Transfer | 11/1/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212291 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 145 | Wire Transfer | 11/15/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212292 | | | No. | No | 42 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 146 | Wire Transfer | 11/15/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212293 | | | No | No | 48 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 147 | Wire Transfer | 12/4/2002 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212294 | | | No | No | 51 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 148 | Wire Transfer | 3/10/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196288 | | | No | No | 49 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 149 | Wire Transfer | 3/11/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196289 | | | No | No | 54 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 150 | Wire Transfer | 3/17/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196290 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 151 | Bank Note | 4/1/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC008892 | | | No | No | 32 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 152 | Letter | 4/15/2003 | Motley Rice FOIA request to US Customs Service | Ronald Motley | United States Customs Service | No | No | 163 KB | Attorney Work Product |
| 153 | Letter | 4/15/2003 | Motley Rice FOIA request to Defense Intelligence Agency | Ronald Motley | Defense Intelligence Agency, ISM-1 (FOIA) | No | No | 163 KB | Attorney Work Product |
| 154 | Letter | 4/15/2003 | Motley Rice FOIA request to Defense Intelligence Agency | Ronald Motley | Defense Intelligence Agency, ISM-1 (FOIA) | No | No | 163 KB | Attorney Work Product |
| 155 | Letter | 4/15/2003 | Motley Rice FOIA request to Defense Intelligence Agency | Ronald Motley | Defense Intelligence Agency, ISM-1 (FOIA) | No | No | 163 KB | Attorney Work Product |
| 156 | Letter | 4/15/2003 | Motley Rice FOIA request to Justice Management Department | Ronald Motley | FOIA/PA Mail Referral Unit, Justice Management Division | No | No | 163 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 157 | Letter | 4/15/2003 | Motley Rice FOIA request to Justice Management Division | Ronald Motley | FOIA/PA Mail Referral Unit, Justice Management Division | No | No | 163 KB | Attorney Work Product |
| 158 | Letter | 4/15/2003 | Motley Rice FOIA request to Justice Management Division | Ronald Motley | FOIA/PA Mail Referral Unit, Justice Management Division, Department of Justice | No | No | 163 KB | Attorney Work Product |
| 159 | Letter | 4/15/2003 | Motley Rice FOIA request to Drug Enforcement Administration | Ronald Motley | Katherine L. Myrick, Chief, Freedom of Information Operations Unit, Drug Enforcement Administration | No | No | 163 KB | Attorney Work Product |
| 160 | Letter | 4/15/2003 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Ronald Motley | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 163 KB | Attorney Work Product |
| 161 | Letter | 4/15/2003 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Ronald Motley | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 67 KB | Attorney Work Product |
| 162 | Letter | 4/15/2003 | Motley Rice FOIA request to Dept of State, Office of Information Programs | Margaret P. Grafeld | Ronald Motley | No | No | 76 KB | Attorney Work Product |
| 163 | Letter | 4/15/2003 | Dept of State response to Motley Rice FOIA Request | Rene Lindsey | Ronald Motley | No | Yes | 151 KB | Attorney Work Product |
| 164 | Letter | 4/15/2003 | Motley Rice FOIA request to Office of Foreign Assets Control (OFAC) | Ronald Motley | United States Department of the Treasury, Office of Foreign Assets Control (OFAC) Disclosure Services, Department of the Treasury | No | No | 163 KB | Attorney Work Product |
| 165 | Letter | 4/15/2003 | Motley Rice FOIA request to Departmental Offices, Disclosure Services | Ronald Motley | United States Customs Service | No | Yes | 221 KB | Attorney Work Product |
| 166 | Letter | 4/15/2003 | Motley Rice FOIA request to US Customs Services | Ronald Motley | Disclosure Services, Department of the Treasury | No | Yes | 239 KB | Attorney Work Product |
| 167 | Letter | 4/15/2003 | Motley Rice FOIA request to Disclosure Services | Ronald Motley | U.S. Department of the Treasury, Financial Crimes Enforcement Network (FinCen) | No | No | 163 KB | Attorney Work Product |
| 168 | Letter | 4/15/2003 | Motley Rice FOIA request to Financial Crimes Enforcement Network (FinCEN) | Ronald Motley | | No | No | 163 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 169 | Letter | 4/15/2003 | Motley Rice FOIA request to Financial Crimes Enforcement Network (FinCEN) | Ronald Motley | U.S. Department of the Treasury, Financial Crimes Enforcement Network (FinCEN) | No | No | 163 KB | Attorney Work Product |
| 170 | Letter | 4/15/2003 | Motley Rice FOIA request to FBI | Ronald Motley | FOIA/PA Section, FBI Department of Justice | no | no | 81 KB | Attorney Work Product |
| 171 | Letter | 4/15/2003 | Motley Rice FOIA request to FBI | Ronald Motley | David Hardy, Chief FOIA Section FBI, Department of Justice | no | no | 163 KB | Attorney Work Product |
| 172 | Letter | 4/15/2003 | Motley Rice FOIA request to FBI | Ronald L. Motley | FOIA/PA Section, FBI Department of Justice | no | no | 81 KB | Attorney Work Product |
| 173 | Letter | 4/15/2003 | Motley Rice FOIA request to Defense Intelligence Agency | Ronald L. Motley | Defense Intelligence Agency | no | no | 163 KB | Attorney Work Product |
| 174 | Letter | 4/15/2003 | Motley Rice FOIA request to Defense Intelligence Agency | Ronald L. Motley | Defense Intelligence Agency | no | no | 163 KB | Attorney Work Product |
| 175 | Letter | 4/16/2003 | Motley Rice FOIA request to Justice Management Department | Ronald L. Motley | FOIA/PA Mail Referral Unit Justice Management Division, Department of Justice | no | no | 163 KB | Attorney Work Product |
| 176 | Letter | 4/16/2003 | Motley Rice FOIA request to Justice Management Department | Ronald L. Motley | FOIA/PA Mail Referral Unit Justice Management Division, Department of Justice | no | no | 163 KB | Attorney Work Product |
| 177 | Letter | 4/16/2003 | Motley Rice FOIA request to Drug Enforcement Administration | Ronald L. Motley | Katherine L. Myrick, Chief Freedom of Information Operations Unit, Drug Enforcement Administration, Department of Justice | no | no | 163 KB | Attorney Work Product |
| 178 | Letter | 4/16/2003 | Motley Rice FOIA request to Justice Management Department | Ronald L. Motley | FOIA/PA Mail Referral Unit Justice Management Division | no | no | 163 KB | Attorney Work Product |
| 179 | Letter | 4/16/2003 | Motley Rice FOIA request to Dept of Treasury, Disclosure Services | Ronald Motley | Disclosure Services, Department of the Treasury | No | No | 64 KB | Attorney Work Product |
| 180 | Letter | 4/16/2003 | Motley Rice FOIA request to Dept of Treasury, Disclosure Services | Ronald Motley | Disclosure Services, Department of the Treasury | No | No | 64 KB | Attorney Work Product |
| 181 | Letter | 4/16/2003 | Motley Rice FOIA request to Financial Crimes Enforcement Network (FinCEN) | Ronald Motley | U.S. Department of the Treasury, Financial Crimes Enforcement Network (FinCEN) | No | No | 64 KB | Attorney Work Product |

Page 21 of 75

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 182 | Wire Transfer | 4/17/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196291 | | United States Customs Service | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 183 | Letter | 4/18/2003 | Motley Rice FOIA request to US Customs Service | Ronald Motley | | No | No | 81 KB | Attorney Work Product |
| 184 | Letter | 4/18/2003 | Motley Rice FOIA request to Executive Office for United States Attorneys | Ronald Motley | Marie A. O'Rourke, Assistant Director, FOIA/Privacy Unit, Executive Office for United States Attorneys, Department of Justice | No | No | 81 KB | Attorney Work Product |
| 185 | Letter | 4/18/2003 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Ronald Motley | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 81 KB | Attorney Work Product |
| 186 | Letter | 4/18/2003 | Motley Rice FOIA request to Dept of Treasury, Disclosure Services | Ronald Motley | Disclosure Services, Department of the Treasury | No | No | 84 KB | Attorney Work Product |
| 187 | Letter | 4/18/2003 | Motley Rice FOIA request to Dept of Treasury, Disclosure Services | Ronald Motley | Disclosure Services, Department of the Treasury | No | No | 64 KB | Attorney Work Product |
| 188 | Letter | 4/18/2003 | Motley Rice FOIA request to US Embassy-Syria | Ronald L. Motley | Embassy of the United States of America, Abou Roumaneh | no | no | 81 KB | Attorney Work Product |
| 189 | Letter | 4/18/2003 | Motley Rice FOIA request to US Customs Services | Ronald L. Motley | US Customs Service Freedom of Information Request | no | no | 81 KB | Attorney Work Product |
| 190 | Letter | 4/18/2003 | Motley Rice FOIA request to Dept of Treasury, Disclosure Services | Ronald L. Motley | Departmental Offices, Disclosure Services, Department of the Treasury | no | no | 84 KB | Attorney Work Product |
| 191 | Letter | 4/18/2003 | Motley Rice FOIA request to Executive Office for United States Attorneys | Ronald L. Motley | Marie A. O'Rourke, Assistance Director, FOIA/Privacy Unit, Executive Office for the US Attorneys, Department of Justice | no | no | 81 KB | Attorney Work Product |
| 192 | Letter | 4/23/2003 | Defense Intelligence Agency response to Motley Rice FOIA Request | Robert P. Richardson | Ronald Motley | No | No | 71 KB | Attorney Work Product |

Page 22 of 75

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 193 | Wire Transfer | 4/24/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC191113 | | | No | No | 61 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 194 | Letter | 4/25/2003 | Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Rene Lindsey | Ronald Motley | No | Yes | 151 KB | Attorney Work Product |
| 195 | Wire Transfer | 4/29/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196292 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 196 | Letter | 4/29/2003 | Defense Intelligence Agency response to Motley Rice FOIA Request | Robert P. Richardson | Ronald Motley | No | No | 25 KB | Attorney Work Product |
| 197 | Letter | 4/30/2003 | Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Richard C. Devine | Ronald Motley | No | Yes | 594 KB | Attorney Work Product |
| 198 | Letter | 4/30/2003 | FBI response to Motley Rice FOIA Request | David Hardy | Ronald Motley | no | yes | 1,439 KB | Attorney Work Product |
| 199 | Wire Transfer | 5/5/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196293 | | | No | No | 47 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 200 | Wire Transfer | 5/7/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196294 | | | No | No | 67 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 201 | Wire Transfer | 5/12/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196295 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 202 | Wire Transfer | 5/14/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196296 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 203 | Letter | 5/16/2003 | Executive Office for United States Attorneys response to Motley Rice FOIA Request | Marie O'Rourke | Ronald Motley | No | No | 50 KB | Attorney Work Product |

**03-MDL-1570 Plaintiffs' Executive Committees' Privilege Log**

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 204 | Wire Transfer | 5/20/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196297 | | | No | No | 67 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 205 | Letter | 5/23/2003 | Justice Management Division response to Motley Rice FOIA Request | Benjamin F. Burrell | Ronald Motley | No | Yes | 76 KB | Attorney Work Product |
| 206 | Wire Transfer | 5/27/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196298 | | | No | No | 46 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 207 | Wire Transfer | 5/28/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC196299 | | | No | No | 47 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 208 | Facsimile | 6/4/2003 | Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Karen Brothers | Ronald Motley | No | Yes | 121 KB | Attorney Work Product |
| 209 | Letter | 6/9/2003 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Alana Johnson | Ronald Motley | No | No | 30 KB | Attorney Work Product |
| 210 | Letter | 6/11/2003 | Justice Management Division response to Motley Rice FOIA Request | Stephen K. Myers | Ronald Motley | No | Yes | 87 KB | Attorney Work Product |
| 211 | Letter | 6/13/2003 | US Customs Service response to Motley Rice FOIA Request | Gloria L. Marshall | Ronald Motley | No | No | 45 KB | Attorney Work Product |
| 212 | Letter | 6/19/2003 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Anne McGinness Kearse | Karen Brothers, U.S. Department of State, Office of IRM Programs and Services | No | Yes | 65 KB | Attorney Work Product |
| 213 | Letter | 6/23/2003 | Department of Commerce response to Motley Rice FOIA Request | Brenda Dolan | Ronald Motley | No | No | 110 KB | Attorney Work Product |
| 214 | Letter | 6/30/2003 | Motley Rice FOIA request to Dept of Disclosure Services | Anne McGinness Kearse | Alana Johnson, Department of the Treasury | No | No | 66 KB | Attorney Work Product |
| 215 | Letter | 6/30/2003 | Motley Rice FOIA request to IRS | Anne McGinness Kearse | Internal Revenue | No | No | 70 KB | Attorney Work Product |
| 216 | Letter | 7/9/2003 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Alana Johnson | Anne McGinness Kearse | No | No | 27 KB | Attorney Work Product |
| 217 | Letter | 7/9/2003 | Dept of Treasury response to Motley Rice FOIA Request | Alana Johnson | Ronald Motley | No | No | 22 KB | Attorney Work Product |
| 218 | Letter | 7/14/2003 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Alana Johnson | Ronald Motley | No | No | 22 KB | Attorney Work Product |
| 219 | Letter | 7/22/2003 | Motley Rice FOIA request to USAID | Anne McGinness Kearse | Carolyn Carroll, USAID | no | no | 42 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 220 | Attachment | | Attachment to email correspondence with U.S. National Security Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | National Security Agency, FOIA Office. | No | No | 470 KB | Attorney Work Product |
| 221 | Letter | 7/30/2003 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Alana Johnson, Department of Treasury. | No | No | 557 KB | Attorney Work Product |
| 222 | Letter | 7/30/2003 | Letter correspondence with U.S. National Security Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | National Security Agency, FOIA Office. | No | No | 470 KB | Attorney Work Product |
| 223 | Letter | 7/30/2003 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Justice, FOIA Office. | No | No | 367 KB | Attorney Work Product |
| 224 | Letter | 7/30/2003 | Letter correspondence with U.S. Bureau of Alcohol, Tobacco and Firearms regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Dorothy Chambers, Bureau of Alcohol, Tobacco and Firearms. | No | No | 442 KB | Attorney Work Product |
| 225 | Letter | 7/30/2003 | Letter correspondence with U.S. National Security Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | National Security Agency, FOIA Office. | No | No | 365 KB | Attorney Work Product |
| 226 | Letter | 7/30/2003 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Alana Johnson, Department of Treasury. | No | No | 447 KB | Attorney Work Product |
| 227 | Letter | 7/30/2003 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Defense Intelligence Agency, FOIA Office. | No | No | 345 KB | Attorney Work Product |
| 228 | Letter | 7/30/2003 | FOIA Request | Andrew Maloney, Kreindler & Kreindler | Freedom Of Information Section, Executive Office of United States Attorneys, U.S. Department of Justice | no | no | 941 KB | Attorney Work Product |
| 229 | Letter | 8/4/2003 | Dept of Justice, Criminal Division response to Motley Rice FOIA Request | Thomas J. McIntyre | Ronald Motley | No | No | 53 KB | Attorney Work Product |
| 230 | Letter | 8/8/2003 | Criminal Division response to Motley Rice FOIA Request | Thomas J. McIntyre | Ronald Motley | No | No | 33 KB | Attorney Work Product |
| 231 | Letter | 8/11/2003 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | Robert P. Richardson, Defense Intelligence Agency. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 45 KB | Attorney Work Product |
| 232 | Letter | 8/12/2003 | IRS response to Motley Rice FOIA Request | Symeria R. Rascoe | Anne McGinness Kearse | No | No | 43 KB | Attorney Work Product |
| 233 | Letter | 8/13/2003 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | David M. Hardy, Department of Justice. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 42 KB | Attorney Work Product |
| 234 | Letter | 8/13/2003 | Letter correspondence with U.S. Bureau of Alcohol, Tobacco and Firearms regarding FOIA request. | Melissa Blevins, Bureau of Alcohol, Tobacco and Firearms. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 57 KB | Attorney Work Product |
| 235 | Letter | 8/14/2003 | Letter correspondence with U.S. Defense Security Office regarding FOIA request. | Leslie R. Blake, Defense Security Office. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 381 KB | Attorney Work Product |
| 236 | Letter | 8/26/2003 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | Alana Johnson, Department of Treasury. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 79 KB | Attorney Work Product |

## 03-MDL-1570 Plaintiffs' Executive Committees' Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 237 | Letter | 9/8/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2798(NG)(VVP) and related cases with bates number ABPLC200301 | Muhammad al-Baasiri | Special Investigation Committee, Banque du Liban | No | No | 31 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2798(NG)(VVP) and related cases. |
| 238 | Letter | 9/16/2003 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | Stephen K. Myers, Department of Justice. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 146 KB | Attorney Work Product |
| 239 | Letter | 9/26/2003 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | David M. Hardy, Department of Justice. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 19 KB | Attorney Work Product |
| 240 | Letter | 10/8/2003 | Letter correspondence with U.S. Defense Security Office regarding FOIA request. | Leslie R. Blake, Defense Security Office. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 88 KB | Attorney Work Product |
| 241 | Letter | 10/8/2003 | IRS response to Motley Rice FOIA Request | Symeria R. Rascoe | Anne McGinness Kearse | No | No | 73 KB | Attorney Work Product |
| 242 | Letter | 10/8/2003 | IRS response to Motley Rice FOIA Request | Symeria R. Rascoe | Anne McGinness Kearse | No | No | 26 KB | Attorney Work Product |
| 243 | Email | 10/9/2003 | Email correspondence with U.S. Department of Homeland Security regarding FOIA request. | Elizabeth Withnell, Department of Homeland Security. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 34 KB | Attorney Work Product |
| 244 | Letter | 10/9/2003 | IRS response to Motley Rice FOIA Request | Symeria R. Rascoe | Anne McGinness Kearse | No | No | 26 KB | Attorney Work Product |
| 245 | Letter | 10/16/2003 | Letter correspondence with National Commission on Terrorist Attacks Upon the United States regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | National Commission on Terrorist Attacks Upon the United States. | No | No | 49 KB | Attorney Work Product |
| 246 | Letter | 10/17/2003 | Letter correspondence with U.S. Bureau of Alcohol, Tobacco and Firearms regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Dorothy Chambers, Bureau of Alcohol, Tobacco and Firearms. | No | No | 36 KB | Attorney Work Product |
| 247 | Letter | 10/17/2003 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Treasury, FOIA Office. | No | No | 32 KB | Attorney Work Product |
| 248 | Letter | 10/17/2003 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Defense Intelligence Agency, FOIA Office. | No | No | 34 KB | Attorney Work Product |
| 249 | Letter | 10/17/2003 | Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Margaret P. Grafeld | Ronald Motley | No | Yes | 13,976 KB | Attorney Work Product |
| 250 | Letter | 10/24/2003 | Dept of Treasury response to Motley Rice FOIA Request | Alana Johnson | Anne McGinness Kearse | No | No | 21 KB | Attorney Work Product |
| 251 | Email | 10/27/2003 | Email correspondence with U.S. Department of Treasury regarding FOIA request. | Cawana Pearson, Department of Treasury. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 25 KB | Attorney Work Product |
| 252 | Letter | 10/29/2003 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | Laurie Ann Day, Department of Justice. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 62 KB | Attorney Work Product |
| 253 | Letter | 10/29/2003 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Alana Johnson | Anne McGinness Kearse | No | No | 23 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 254 | Letter | 10/31/2003 | Motley Rice FOIA request to the Bureau of Engraving and Printing | Ronald Motley | Patricia Warden, Bureau of Engraving and Printing–FOIA Office | No | No | 771 KB | Attorney Work Product |
| 255 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Justice, Justice Management Division | Ronald Motley | FOIA/PA Mail Referral Unit, Justice Management Division, Department of Justice | No | No | 79 KB | Attorney Work Product |
| 256 | Letter | 10/31/2003 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Ronald Motley | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 771 KB | Attorney Work Product |
| 257 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Treasury Alcohol and Tobacco Tax and Trade Bureau | Ronald Motley | Dorothy Chambers, U.S. Department of the Treasury, Alcohol and Tobacco Tax and Trade Bureau | No | No | 769 KB | Attorney Work Product |
| 258 | Letter | 10/31/2003 | Motley Rice FOIA request to Comptroller of the Currency | Ronald Motley | Frank Vance, Comptroller of the Currency Disclosure (FOIA) Office | No | No | 769 KB | Attorney Work Product |
| 259 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Treasury, Departmental Offices | Ronald Motley | Alana Johnson, Department of the Treasury | No | No | 771 KB | Attorney Work Product |
| 260 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Treasury, Financial Management Services | Ronald Motley | Robert Spiegel, U.S. Department of the Treasury, Financial Management Service, Disclosure Branch | No | No | 777 KB | Attorney Work Product |
| 261 | Letter | 10/31/2003 | Motley Rice FOIA request to Inspector General for the Tax Administration | Ronald Motley | Melissa Stuart, U.S. Department of the Treasury, Office of the Inspector General for Tax Information | No | No | 771 KB | Attorney Work Product |
| 262 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Treasury, Bureau of the Public Debt | Ronald Motley | Denise Hofmann, U.S. Department of the Treasury, Bureau of the Public Debt | No | No | 773 KB | Attorney Work Product |
| 263 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Treasury, Office of Third Supervision | Ronald Motley | Dirk Roberts, U.S. Department of the Treasury, Office of Thrift Supervision | No | No | 777 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 264 | Letter | 10/31/2003 | Motley Rice FOIA request to Financial Crimes Enforcement Network (FinCEN) | Ronald Motley | Gregory Smith, U.S. Department of the Treasury, Financial Crimes Enforcement Network (FinCEN) | No | No | 771 KB | Attorney Work Product |
| 265 | Letter | 10/31/2003 | Motley Rice FOIA request to Bureau of Engraving and Printing | Ronald L. Motley | Patricia Warden, Bureau of Engraving and Printing | no | no | 771 KB | Attorney Work Product |
| 266 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of State, Office of Information Resources Management Programs and Services | Ronald L. Motley | Margaret Grafeld, Information & Privacy Coordinator, Office of Information Resources Management Programs and Services | no | no | 771 KB | Attorney Work Product |
| 267 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Treasury, Financial Management Services | Ronald L. Motley | Robert Spiegel, US Department of the Treasury Financial Management Service, Disclosure Branch | no | no | 777 KB | Attorney Work Product |
| 268 | Letter | 10/31/2003 | Motley Rice FOIA request to Inspector General for the Tax Administration | Ronald L. Motley | Melissa Stuart, US Department of the Treasury Office of the Inspector General for Tax Administration | no | no | 771 KB | Attorney Work Product |
| 269 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Treasury, FinCEN | Ronald L. Motley | Gregory Smith, US Department of the Treasury (FinCEN) | no | no | 771 KB | Attorney Work Product |
| 270 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Treasury Alcohol and Tobacco Tax and Trade Bureau | Ronald L. Motley | Dorothy Chambers, US Department of the Treasury Alcohol and Tobacco Tax and Trade Bureau | no | no | 769 KB | Attorney Work Product |
| 271 | Letter | 10/31/2003 | Motley Rice FOIA request to Comptroller of the Currency | Ronald L. Motley | Frank Vance, Comptroller of the Currency Disclosure (FOIA) Office | no | no | 769 KB | Attorney Work Product |
| 272 | Letter | 10/31/2003 | Motley Rice FOIA request to Dept of Treasury, Office of Third Supervision | Ronald L. Motley | Dirk Roberts, US Department of the Treasury, Office of Thrift Supervision | no | no | 777 KB | Attorney Work Product |
| 273 | Letter | 11/6/2003 | Dept of Treasury, Bureau of the Public Debt response to Motley Rice FOIA Request | Denise K. Hofmann | Ronald Motley | No | No | 25 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 274 | Letter | 11/12/2003 | Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Rene Lindsey | Ronald Motley | No | No | 200 KB | Attorney Work Product |
| 275 | Letter | 11/17/2003 | Dept of Treasury, Financial Management Services response to Motley Rice FOIA Request | Tom Longnecker | Ronald Motley | No | No | 26 KB | Attorney Work Product |
| 276 | Letter | 11/18/2003 | Letter correspondence with National Commission on Terrorist Attacks Upon the United States regarding FOIA request. | Daniel Marcus, National Commission on Terrorist Attacks Upon the United States. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 36 KB | Attorney Work Product |
| 277 | Letter | 11/18/2003 | Bureau of Engraving and Printing response to Motley Rice FOIA Request | Patricia Warden | Ronald Motley | No | No | 30 KB | Attorney Work Product |
| 278 | Letter | 11/18/2003 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Alana Johnson | Ronald Motley | No | No | 30 KB | Attorney Work Product |
| 279 | Letter | 11/18/2003 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Alana Johnson | Ronald Motley | No | No | 28 KB | Attorney Work Product |
| 280 | Wire Transfer | 11/21/2003 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC212784 | | | No | No | 30 KB | Attorney Work Product Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 281 | Letter | 11/21/2003 | Dept of Treasury, FinCEN response to Motley Rice FOIA Request | Gregory A. Smith | Ronald Motley | No | Yes | 592 KB | Attorney Work Product |
| 282 | Letter | 11/25/2003 | Dept of Treasury, Disclosure Services Office response to Motley Rice FOIA Request | Melissa D. Stuart | Ronald Motley | No | Yes | 96 KB | Attorney Work Product |
| 283 | Letter | 11/25/2003 | Motley Rice FOIA request to FBI | Michael E. Elsner | FBI, Attn: Freedom of Information-Privacy Act Unit, Records Resources Division | no | no | 114 KB | Attorney Work Product |
| 284 | Letter | 12/3/2003 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Michael Elsner | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 29 KB | Attorney Work Product |
| 285 | Letter | 12/3/2003 | Motley Rice FOIA request to US Dept of Treasury, Departmental Offices | Michael Elsner | Alana Johnson, Department of the Treasury | No | No | 29 KB | Attorney Work Product |
| 286 | Letter | 12/3/2003 | FAA response to Motley Rice FOIA Request | Michael E. Elsner | Alana Johnson, FOIA Request Department of Treasury | no | no | 44 KB | Attorney Work Product |
| 287 | Letter | 12/3/2003 | Motley Rice FOIA request to FBI | Michael E. Elsner | David Hardy, Chief FOIA Section FBI, Department of Justice | no | no | 29 KB | Attorney Work Product |
| 288 | Letter | 12/3/2003 | Motley Rice FOIA request to Central Intelligence Agency | Michael E. Elsner | Information and Privacy Coordinator, CIA | no | no | 29 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 289 | Letter | 12/3/2003 | Motley Rice FOIA request to FBI | Michael E. Elsner | David M. Hardy, Chief FOIA Section, FBI Department of Justice | no | no | 29 KB | Attorney Work Product |
| 290 | Letter | 12/3/2003 | Motley Rice FOIA request to Dept of Treasury, Departmental Offices | Michael E. Elsner | Alana Johnson, FOIA Request Department of Treasury | no | no | 29 KB | Attorney Work Product |
| 291 | Letter | 12/8/2003 | Bureau of Immigration and Customs response to Motley Rice FOIA Request | Gloria L. Marshall | Ronald Motley | No | No | 112 KB | Attorney Work Product |
| 292 | Letter | 12/10/2003 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | Laurie Ann Day, Department of Justice. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 48 KB | Attorney Work Product |
| 293 | Letter | 1/6/2004 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Michael Elsner | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 31 KB | Attorney Work Product |
| 294 | Letter | 1/6/2004 | Motley Rice FOIA request to Departmental Offices | Michael Elsner | Alana Johnson, Department of the Treasury | No | No | 31 KB | Attorney Work Product |
| 295 | Letter | 1/6/2004 | Motley Rice FOIA request to National Security Council | Michael E. Elsner | National Security Council, Freedom of Information Act Requests, Executive Office of the President | no | no | 32 KB | Attorney Work Product |
| 296 | Letter | 1/8/2004 | FBI response to Motley Rice FOIA Request | David Hardy | Michael Elsner | no | no | 96 KB | Attorney Work Product |
| 297 | Letter | 1/21/2004 | Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Rene Lindsey | Ronald Motley | No | No | 333 KB | Attorney Work Product |
| 298 | Letter | 1/22/2004 | Dept of Justice, Justice Management Division response to Motley Rice FOIA Request | Stuart Frisch | Ronald Motley | No | No | 70 KB | Attorney Work Product |
| 299 | Letter | 1/27/2004 | Alcohol and Tobacco Tax and Trade Bureau to Alana Johnson, Departmental Offices response to Motley Rice FOIA Request | William H. Foster | Alana Johnson, Department of the Treasury | No | No | 21 KB | Attorney Work Product |
| 300 | Letter | 2/4/2004 | Letter correspondence with U.S. Department of Homeland Security regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Elizabeth Withnell, Department of Homeland Security. | No | No | 29 KB | Attorney Work Product |
| 301 | Letter | 2/4/2004 | Letter correspondence with U.S. Bureau of Alcohol, Tobacco and Firearms regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Dorothy Chambers, Bureau of Alcohol, Tobacco and Firearms. | No | No | 33 KB | Attorney Work Product |
| 302 | Letter | 2/4/2004 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Treasury, FOIA Office. | No | No | 32 KB | Attorney Work Product |
| 303 | Letter | 2/4/2004 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Defense Intelligence Agency, FOIA Office. | No | No | 30 KB | Attorney Work Product |
| 304 | Letter | 2/17/2004 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | Alana Johnson, Department of Treasury. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 17 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 305 | Letter | 2/17/2004 | Motley Rice FOIA request to Justice Management Division | Michael Elsner | FOIA/PA Mail Referral Unit, Justice Management Division, Department of Justice, David M. Hardy, Chief Record/Information Dissemination Section, Records Management Division, FBI | No | No | 114 KB | Attorney Work Product |
| 306 | Letter | 2/17/2004 | Motley Rice FOIA request to FBI | Michael E. Elsner | FOIA/PA Mail Referral Unit, Justice Management Division, Department of Justice | no | no | 114 KB | Attorney Work Product |
| 307 | Letter | 2/17/2004 | Motley Rice FOIA request to Dept of Justice Management Division | Michael E. Elsner | Department of Justice | no | no | 114 KB | Attorney Work Product |
| 308 | Statement | 2/29/2004 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC000888 | | | No | No | 36 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 309 | Account Statement | 2/29/2004 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC000066 | | | | | 34 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 310 | Wire Transfer | 3/1/2004 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC195816 | | | No | No | 63 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 311 | Letter | 3/18/2004 | Correspondence re FOIA Request 03-2560 | Marie A. O'Rourke, Executive Office US Attorneys, Freedom of Information Unit, Department of Justice | Andrew Maloney, Kreindler & Kreindler | no | yes | 566 KB | Attorney Work Product |
| 312 | Letter | 3/19/2004 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | Melissa Blevins, Department of Justice. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 58 KB | Attorney Work Product |
| 313 | Letter | 3/26/2004 | Dept of Justice, Criminal Division response to Motley Rice FOIA Request | Thomas J. McIntyre | Ronald Motley | No | No | 33 KB | Attorney Work Product |
| 314 | Letter | 3/29/2004 | FOIA Request | Andrew Maloney, Kreindler & Kreindler | Marie A. O'Rourke, Executive Office US Attorneys, Freedom of Information Unit, Department of Justice | no | yes | 514 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 315 | Letter | 3/31/2004 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Gregory A. Smith | Ronald Motley | No | No | 97 KB | Attorney Work Product |
| 316 | Letter | 3/31/2004 | Motley Rice FOIA request to FAA | Michael E. Elsner | Federal Aviation Administration, National Freedom of Information Act Staff | no | no | 22 KB | Attorney Work Product |
| 317 | Letter | 4/5/2004 | Motley Rice FOIA request to Office of General Council | Michael Elsner | Executive Office of Immigration Review | No | No | 37 KB | Attorney Work Product |
| 318 | Letter | 4/12/2004 | Motley Rice FOIA request to Commodity Futures Trading Commission | Michael Elsner | Eileen Donovan, Assistant Secretary for FOIA Matters, Commodity Futures Trading Commission | No | No | 23 KB | Attorney Work Product |
| 319 | Letter | 4/12/2004 | Motley Rice FOIA request to Commodity Futures Trading Commission | Michael E. Elsner | Eileen Donovan, Assistant Secretary for FOIA Matters Commodity Futures Trading Commission | no | no | 23 KB | Attorney Work Product |
| 320 | Letter | 4/14/2004 | Motley Rice FOIA request to CIA | Michael Elsner | Information and Privacy Coordinator, Central Intelligence Agency | No | No | 23 KB | Attorney Work Product |
| 321 | Letter | 4/14/2004 | Motley Rice FOIA request to Office of Information Services | Michael Elsner | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 21 KB | Attorney Work Product |
| 322 | Letter | 4/27/2004 | Motley Rice FOIA request to CIA | Michael Elsner | Information and Privacy Coordinator, Central Intelligence Agency | No | No | 22 KB | Attorney Work Product |
| 323 | Letter | 4/27/2004 | Motley Rice FOIA request to Office of Information Programs | Michael Elsner | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 22 KB | Attorney Work Product |
| 324 | Letter | 4/27/2004 | Motley Rice FOIA request to National Security Council | Michael E. Elsner | Rob Souders, Director Access Management | no | no | 23 KB | Attorney Work Product |
| 325 | Letter | 5/6/2004 | Motley Rice FOIA request to National Central Bureau | Michael Elsner | Dorothy S. Turner, FOIA/PA Specialist, INTERPOL, United States National Central Bureau, Department of Justice | No | No | 23 KB | Attorney Work Product |

## 03-MDL-1570 Plaintiffs' Executive Committees' Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 326 | Letter | 5/6/2004 | Molley Rice FOIA request to Office of Information Resources Management Programs and Services | Michael Elsner | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 22 KB | Attorney Work Product |
| 327 | letter | 5/6/2004 | Molley Rice FOIA request to FBI | Michael E. Elsner | David M. Hardy, Chief Record/Information Dissemination Section, Records Management Division, FBI, Department of Justice | no | no | 22 KB | Attorney Work Product |
| 328 | Letter | 5/13/2004 | CIA response to Molley Rice FOIA Request | Alan W. Tate | Michael Elsner | No | Yes | 562 KB | Attorney Work Product |
| 329 | Letter | 5/13/2004 | Office of Information Programs response to Molley Rice FOIA Request | Jerry Allsbrook, Jr. | Michael Elsner | No | No | 73 KB | Attorney Work Product |
| 330 | Letter | 5/13/2004 | Molley Rice FOIA request to Office of Information Resources Management Programs and Services | Michael Elsner | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 22 KB | Attorney Work Product |
| 331 | Letter | 5/13/2004 | Molley Rice FOIA request to FAA | Michael Elsner | Federal Aviation Administration, National Freedom of Information Act Staff | No | No | 22 KB | Attorney Work Product |
| 332 | Letter | 5/27/2004 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Laurie Ann Day, Department of Justice. | No | No | 25 KB | Attorney Work Product |
| 333 | Letter | 5/27/2004 | Letter correspondence with U.S. Department of Homeland Security regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Elizabeth Withnell, Department of Homeland Security. | No | No | 114 KB | Attorney Work Product |
| 334 | Letter | 5/27/2004 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Melissa Blevins, Department of Justice. | No | No | 167 KB | Attorney Work Product |
| 335 | Letter | 5/27/2004 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Alana Johnson, Department of Treasury, Robert P. Richardson. | No | No | 116 KB | Attorney Work Product |
| 336 | Letter | 5/27/2004 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Defense Intelligence Agency. | No | No | 142 KB | Attorney Work Product |
| 337 | Wire Transfer | 5/27/2004 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC195817 | | | No | No | 61 KB | Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 338 | Letter | 6/2/2004 | Molley Rice FOIA request to Jimmy Carter Presidential Library | Michael Elsner | James A. Yancey, Jr., Jimmy Carter Library | No | No | 22 KB | Attorney Work Product |
| 339 | Letter | 6/7/2004 | National Central Bureau response to Molley Rice FOIA Request | Kevin R. Smith | Michael Elsner | No | No | 41 KB | Attorney Work Product |

Page 33 of 75

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 340 | Letter | 6/8/2004 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | Alana Johnson, Department of Treasury. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 18 KB | Attorney Work Product |
| 341 | Letter | 6/9/2004 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | Robert P. Richardson, Defense Intelligence Agency. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 60 KB | Attorney Work Product |
| 342 | Letter | 6/11/2004 | Motley Rice FOIA request to the 9/11 Commission | Michael Elsner | National Commission on Terrorist Attacks Upon the United States | No | No | 22 KB | Attorney Work Product |
| 343 | Letter | 6/11/2004 | Motley Rice FOIA request to President George H.W. Bush Library | Michael Elsner | Warren Finch, President George H.W. Bush Library | No | No | 199 KB | Attorney Work Product |
| 344 | Letter | 6/11/2004 | Motley Rice FOIA request to Jimmy Carter Presidential Library | Michael Elsner | James A. Yancey, Jr., Jimmy Carter Library | No | No | 42 KB | Attorney Work Product |
| 345 | Letter | 6/11/2004 | Motley Rice FOIA request to Jimmy Carter Presidential Library | Michael Elsner | James A. Yancey, Jr., Jimmy Carter Library | No | No | 23 KB | Attorney Work Product |
| 346 | Letter | 6/11/2004 | Motley Rice FOIA request to the White House | Michael E. Elsner | The White House, FOIA Officer | No | yes | 199 KB | Attorney Work Product |
| 347 | Letter | 6/11/2004 | Motley Rice FOIA request to White House | Michael E. Elsner | The White House, FOIA Officer | no | yes | 199 KB | Attorney Work Product |
| 348 | Letter | 6/11/2004 | Motley Rice FOIA request to President George H.W. Bush Library | Michael E. Elsner | Warren Finch, President George H.W. Bush Library | no | no | 199 KB | Attorney Work Product |
| 349 | Letter | 6/11/2004 | Motley Rice FOIA request to Jimmy Carter Presidential Library | Michael E. Elsner | James A. Yancey, Jr., Jimmy Carter Library | no | no | 23 KB | Attorney Work Product |
| 350 | Letter | 6/11/2004 | Motley Rice FOIA request to Jimmy Carter Presidential Library | Michael E. Elsner | James A. Yancey, Jr., Jimmy Carter Library | no | no | 42 KB | Attorney Work Product |
| 351 | Letter | 6/14/2004 | Motley Rice FOIA request to US Dept of Justice FAA, NW Region response to Motley Rice FOIA | Michael Elsner | Patricia D. Harris, Management Analyst, FOIA/PA Mail Referral Unit, Department of Justice | No | Yes | 87 KB | Attorney Work Product |
| 352 | Letter | 6/21/2004 | Request | Karl B. Lewis | Michael Elsner | No | Yes | 463 KB | Attorney Work Product |
| 353 | Letter | 6/22/2004 | Motley Rice FOIA request to FBI | Michael E. Elsner | David M. Hardy, Chief Record/Information Dissemination Section, Records Management Division, FBI, Department of Justice | no | no | 22 KB | Attorney Work Product |
| 354 | Letter | 6/23/2004 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | Marilyn R. LaBrie, Department of Justice. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 101 KB | Attorney Work Product |
| 355 | Letter | 6/26/2004 | FAA response to Motley Rice FOIA Request | Joann Noonan | Michael Elsner | No | No | 40 KB | Attorney Work Product |

Page 34 of 75

## 03-MDL-1570 Plaintiffs' Executive Committees' Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 356 | Letter | 6/28/2004 | Motley Rice FOIA request to DEA | Michael Elsner | Katherine L. Myrick, Chief, Freedom of Information Operations Unit, Drug Enforcement Administration | No | No | 22 KB | Attorney Work Product |
| 357 | Letter | 6/28/2004 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Michael Elsner | Margaret P. Grafeld, Information and Privacy Coordinator, Department of State | No | No | 22 KB | Attorney Work Product |
| 358 | Letter | 6/28/2004 | Motley Rice FOIA request to FBI | Michael E. Elsner | David M. Hardy, Chief Record/Information Dissemination Section, Records Management Division, FBI. | no | no | 22 KB | Attorney Work Product |
| 359 | Letter | 6/29/2004 | Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Margaret P. Grafeld | Ronald Motley | No | Yes | 11,234 KB | Attorney Work Product |
| 360 | Letter | 7/8/2004 | US Dept. of State response to Motley Rice FOIA Request | Richard C. Devine | Michael Elsner | No | Yes | 97 KB | Attorney Work Product |
| 361 | Letter | 7/8/2004 | Motley Rice FOIA request to FBI | David Hardy | Michael Elsner | no | yes | 118 KB | Attorney Work Product |
| 362 | Letter | 7/13/2004 | Justice Management Division response to Motley Rice FOIA Request | Thomas J. McIntyre | Michael Elsner | No | No | 43 KB | Attorney Work Product |
| 363 | Letter | 7/14/2004 | Justice Management Division response to Motley Rice FOIA Request | Ronald L. Deacon | Michael Elsner | No | Yes | 66 KB | Attorney Work Product |
| 364 | Letter | 7/15/2004 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor | Alana Johnson, Department of Treasury. | No | No | 49 KB | Attorney Work Product |
| 365 | Email | 7/16/2004 | FAA response to Motley Rice FOIA Request | Joann Noonan | Michael Elsner | yes | no | 2 KB | Attorney Work Product |
| 366 | Letter | 7/23/2004 | Motley Rice FOIA request to President Ronald Reagan Library | Michael E. Elsner | Sherrie Fletcher, President Ronald Reagan Library | no | no | 37 KB | Attorney Work Product |
| 367 | Letter | 7/26/2004 | FAA response to Motley Rice FOIA Request | Joann Noonan | Michael Elsner | no | no | 40 KB | Attorney Work Product |
| 368 | Letter | 7/26/2004 | FAA response to Motley Rice FOIA Request | Joann Noonan | Michael Elsner | no | no | 40 KB | Attorney Work Product |
| 369 | Letter | 8/9/2004 | FAA response to Motley Rice FOIA Request | Joseph Tintera | Michael Elsner | no | yes | 73 KB | Attorney Work Product |
| 370 | Letter | 8/10/2004 | Motley Rice FOIA request to DEA | Michael Elsner | Katherine L. Myrick, Chief, Freedom of Information Operations Unit, Drug Enforcement Administration | No | No | 22 KB | Attorney Work Product |
| 371 | Letter | 8/10/2004 | Motley Rice FOIA request to FAA | Michael E. Elsner | Federal Aviation Administration, National Freedom of Information Act Staff | no | no | 22 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

|  | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 372 | Letter | 8/10/2004 | Molley Rice FOIA request to FBI | Michael E. Elsner | David M. Hardy, Chief FOIA Section, FBI | no | no | 22 KB | Attorney Work Product |
| 373 | Letter | 8/12/2004 | FOIA Request | John Fawcett, Kreindler & Kreindler | Margaret P. Grafeld, Office of Information Programs and Services, U.S. Department of State, | no | no | 26 KB | Attorney Work Product |
| 374 | Letter | 8/13/2004 | FAA response to Molley Rice FOIA Request | Joann Noonan | Michael Elsner | no | no | 27 KB | Attorney Work Product |
| 375 | Letter | 8/13/2004 | FAA response to Molley Rice FOIA Request | Joann Noonan | Michael Elsner | no | no | 30 KB | Attorney Work Product |
| 376 | Letter | 8/20/2004 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Justice, FOIA Office. | No | No | 234 KB | Attorney Work Product |
| 377 | fax | 8/24/2004 | Correspondence Re FOIA Request 200403264 | John Fawcett, Kreindler & Kreindler | Margaret P. Grafeld, Office of Information Programs and Services, U.S. Department of State, | no | yes | 2134 KB | Attorney Work Product |
| 378 | Letter | 8/27/2004 | Criminal Division response to Molley Rice FOIA Request | Thomas J. McIntyre | Michael Elsner | No | No | 41 KB | Attorney Work Product |
| 379 | Letter | 8/27/2004 | Correspondence Re FOIA Request 200403264 | Margaret P. Grafeld, Office of Information Programs and Services, U.S. Department of State | John Fawcett, Kreindler & Kreindler | no | no | 57 KB | Attorney Work Product |
| 380 | Letter | 8/28/2004 | Molley Rice FOIA request to FAA | Michael E. Elsner | Federal Aviation Administration, National Freedom of Information Act Staff | no | no | 22 KB | Attorney Work Product |
| 381 | Letter | 8/30/2004 | Dept of Treasury response to Molley Rice FOIA Request | Merete M. Evans | Ronald Motley | No | No | 25 KB | Attorney Work Product |
| 382 | Letter | 9/1/2004 | President George H.W. Bush Library response to Molley Rice FOIA | Michael Elsner | Warren Finch, President George H.W. Bush Library | No | No | 504 KB | Attorney Work Product |
| 383 | Letter | 9/8/2004 | FAA_SW Region response to Molley Rice FOIA Request | Ava Wilkerson | Michael Elsner | no | yes | 4,071 KB | Attorney Work Product |
| 384 | Letter | 9/8/2004 | FAA response to Molley Rice FOIA Request | Ava Wilkerson | Michael Elsner | no | yes | 4,080 KB | Attorney Work Product |
| 385 | Letter | 9/11/2004 | Molley Rice FOIA request to FAA | Michael E. Elsner | Associate Administrator for Regions and Center Operation, ARC-1, Federal Aviation Administration | no | no | 545 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 386 | Letter | 9/13/2004 | Re: MDL 1570 | Andrew Maloney, Kreindler & Kreindler | Sarah Normand, Executive Office US Attorneys, U.S. Department of Justice | no | yes | 112 KB | Attorney Work Product |
| 387 | Letter | 9/14/2004 | FAA response to Motley Rice FOIA Request | Tracy Paquin | Michael Elsner | no | no | 24 KB | Attorney Work Product |
| 388 | Letter | 9/22/2004 | Motley Rice FOIA request to FBI | Mary Schiavo | David M. Hardy, Chief FOIA Section, FBI | no | no | 27 KB | Attorney Work Product |
| 389 | Letter | 9/22/2004 | Motley Rice FOIA request to FBI | Mary Schiavo | FBI Laboratory | no | no | 27 KB | Attorney Work Product |
| 390 | Letter | 9/24/2004 | Motley Rice FOIA request to President Ronald Reagan Library | Michael E. Elsner | Sherrie Fletcher, President Ronald Reagan Library | no | no | 25 KB | Attorney Work Product |
| 391 | Letter | 9/27/2004 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | Priscilla Jones, Department of Justice. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 53 KB | Attorney Work Product |
| 392 | Letter | 9/30/2004 | Motley Rice FOIA request to DEA | Michael Elsner | Katherine L. Myrick, Chief, Freedom of Information Operations Unit, Drug Enforcement Administration | No | No | 21 KB | Attorney Work Product |
| 393 | Letter | 9/30/2004 | Motley Rice FOIA request to FBI | Michael E. Elsner | David M. Hardy, Chief FOIA Section, FBI Department of Justice | no | no | 22 KB | Attorney Work Product |
| 394 | Letter | 10/5/2004 | Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Margaret P. Grafeld | Ronald Motley | No | Yes | 494 KB | Attorney Work Product |
| 395 | Letter | 10/29/2004 | TSA response to Motley Rice FOIA Request | Catrina Pavlik | Michael Elsner | No | Yes | 555 KB | Attorney Work Product |
| 396 | Letter | 1/15/2004 | FOIA Request | John Fawcett, Kreindler & Kreindler | FOIA Office, U.S. Department of Justice | no | no | 25 KB | Attorney Work Product |
| 397 | Letter | 11/8/2004 | President Ronald Reagan Library response to Motley Rice FOIA Request | Shelly Jacobs | Michael Elsner | no | no | 90 KB | Attorney Work Product |
| 398 | Letter | 11/15/2004 | Motley Rice FOIA request to Office of Information Programs | Michael Elsner | Karen Brothers, U.S. Department of State, Office of IRM Programs and Services | No | Yes | 75 KB | Attorney Work Product |
| 399 | Letter | 11/24/2004 | US Dept of State, Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Margaret P. Grafeld | Ronald Motley | No | Yes | 2,585 KB | Attorney Work Product |
| 400 | Letter | 12/28/2004 | FBI response to Motley Rice FOIA Request | David Hardy | Michael Elsner | no | yes | 99 KB | Attorney Work Product |
| 401 | Letter | 1/5/2005 | Dept of the Navy response to Motley Rice FOIA Request | Jason Jones | Ronald Motley | no | yes | 510 KB | Attorney Work Product |
| 402 | Letter | 1/17/2005 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Alana Johnson, Department of Treasury. | No | No | 2317 KB | Attorney Work Product |

**03-MDL-1570 Plaintiffs' Executive Committees'**
**Privilege Log**

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 403 | Letter | 1/25/2005 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | Alana Johnson, Department of Treasury. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 78 KB | Attorney Work Product |
| 404 | Letter | 2/10/2005 | Motley Rice FOIA request to Office of Information Programs and Services | Michael Eisner | Karen Brothers, U.S. Department of State, Office of IRM Programs and Services | No | No | 34 KB | Attorney Work Product |
| 405 | Letter | 2/10/2005 | Re: In re Terrorist Attacks Litigation of September 11, 2001 | United States Attorney Southern District of New York | Andrew Maloney, Kreindler & Kreindler | no | No | 31 KB | Attorney Work Product |
| 406 | Letter | 2/16/2005 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Alana Johnson, Department of Treasury. | No | No | 1024 KB | Attorney Work Product |
| 407 | List | 3/27/2005 | Arab Bank internal document produced in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases with bates number ABPLC002292 - ABPLC002326 | | | No | No | 2734 KB | Attorney Work Product / Produced pursuant to Protective Order dated August 1, 2005, in Linde, et al. v. Arab Bank, PLC, Case No. 04-CV-2799(NG)(VVP) and related cases. |
| 408 | Letter | 5/10/2005 | Office of Information Programs response to Motley Rice FOIA Request | Margaret P. Grafeld | Ronald Motley | No | Yes | 3,367 KB | Attorney Work Product |
| 409 | Letter | 5/16/2005 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Alana Johnson, Department of Treasury. | No | No | 1067 KB | Attorney Work Product |
| 410 | Letter | 5/18/2005 | Correspondence re FOIA Request 03-2560 | Marie A. O'Rourke, Executive Office US Attorneys, Freedom of Information Unit, Department of Justice | Andrew Maloney, Kreindler & Kreindler | no | yes | 603 KB | Attorney Work Product |
| 411 | Letter | 5/23/2005 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Alana Johnson, Department of Treasury. | No | No | 871 KB | Attorney Work Product |
| 412 | Letter | 5/24/2005 | Dept of Treasury, Departmental Offices response to Motley Rice FOIA Request | Alana Johnson | Ronald Motley | No | No | 20 KB | Attorney Work Product |
| 413 | Letter | 5/25/2005 | Motley Rice FOIA request to Justice Management Division | Benjamin Davis | FOIA/PA Mail Referral Unit, Justice Management Division, Department of Justice | No | No | 33 KB | Attorney Work Product |
| 414 | Letter | 5/25/2005 | Motley Rice FOIA request to Dept of Transportation | Benjamin Davis | Kathy Ray, Department of Transportation | No | No | 33 KB | Attorney Work Product |
| 415 | Letter | 5/25/2005 | Motley Rice FOIA request to Justice Management Division | Benjamin Davis | FOIA/PA Mail Referral Unit, Justice Management Division, Department of Justice | no | no | 33 KB | Attorney Work Product |
| 416 | Letter | 6/22/2005 | FAA response to Motley Rice FOIA Request | John Barrett | Michael Eisner | no | no | 108 KB | Attorney Work Product |
| 417 | Letter | 7/5/2005 | Re: In re Terrorist Attacks Litigation of Septemebr 11, 2001 | United States Attorney, Southern District of New York | Andrew Maloney, Kreindler & Kreindler | no | no | 93 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 418 | Letter | 7/18/2005 | FBI response to Motley Rice FOIA Request | William A. Miller | Michael Hall | No | Yes | 146 KB | Attorney Work Product |
| 419 | Letter | 7/18/2005 | Dept of Justice Office of Information and Privacy response to Motley Rice FOIA Request | Richard L. Huff | Michael Elsner | No | No | 38 KB | Attorney Work Product |
| 420 | Letter | 7/18/2005 | FBI response to Motley Rice FOIA Request | William A. Miller | Michael Hall | no | yes | 146 KB | Attorney Work Product |
| 421 | Letter | 8/19/2005 | CIA response to Motley Rice FOIA Request | Scott Koch | Ronald Motley | No | Yes | 79 KB | Attorney Work Product |
| 422 | Letter | 9/9/2005 | US Dept of State, Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Margaret P. Grafeld | Michael Elsner | No | Yes | 176 KB | Attorney Work Product |
| 423 | Letter | 9/30/2005 | Dept of Treasury, FinCEN response to Motley Rice FOIA Request | Gregory A. Smith | Ronald Motley | No | No | 34 KB | Attorney Work Product |
| 424 | Letter | 11/17/2005 | Correspondence Re FOIA Request 200403264 | Margaret P. Grafeld, Office of Information Programs and Services, U.S. Department of State | John Fawcett, Kreindler & Kreindler | no | no | 1002 KB | Attorney Work Product |
| 425 | Letter | 11/22/2005 | Motley Rice FOIA request to Dept of Transportation | Michael Elsner | Law Enforcement, Department of the Treasury, Disclosure Services | No | No | 160 KB | Attorney Work Product |
| 426 | Letter | 11/28/2005 | FBI response to Motley Rice FOIA Request | David M. Hardy | Michael Elsner | No | Yes | 93 KB | Attorney Work Product |
| 427 | Letter | 11/28/2005 | FBI response to Motley Rice FOIA Request | David M. Hardy | Michael Elsner | No | Yes | 1,789 KB | Attorney Work Product |
| 428 | Letter | 12/2/2005 | Letter correspondence with U.S. Central Intelligence Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Central Intelligence Agency, FOIA Office. | No | No | 129 KB | Attorney Work Product |
| 429 | Letter | 12/5/2005 | Dept of Justice, Justice Management Division response to Motley Rice FOIA Request | Ronald Deacon | Michael Elsner | no | yes | 76 KB | Attorney Work Product |
| 430 | Letter | 12/16/2005 | Dept of Treasury Disclosure Services response to Motley Rice FOIA Request | Alana Johnson | Michael Elsner | No | No | 61 KB | Attorney Work Product |
| 431 | Letter | 12/16/2005 | Defense Intelligence Agency response to Motley Rice FOIA Request | Margaret Bestrain | Michael Elsner | no | yes | 184 KB | Attorney Work Product |
| 432 | Letter | 2/7/2006 | Dept of Justice Office of Information and Privacy response to Motley Rice FOIA Request | Priscilla Jones | Michael Elsner | No | No | 32 KB | Attorney Work Product |
| 433 | Letter | 2/13/2006 | Motley Rice FOIA request to Office of Information Programs and Services | Michael Elsner | Office of Information Programs and Services, AIRPS/IPS/RL, U.S. Department of State | No | No | 767 KB | Attorney Work Product |
| 434 | Letter | 2/14/2006 | Motley Rice FOIA request to Dept of Treasury, Disclosure Services | Michael Elsner | Law Enforcement, Department of the Treasury, Disclosure Services | No | No | 68 KB | Attorney Work Product |
| 435 | Letter | 2/16/2006 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Alana Johnson, Department of Treasury. | No | No | 41 KB | Attorney Work Product |
| 436 | Letter | 2/16/2006 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Treasury, FOIA Office. | No | No | 293 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 437 | Letter | 2/17/2006 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Brian S. Kinsey, Defense Intelligence Agency. | No | No | 168 KB | Attorney Work Product |
| 438 | Letter | 3/22/2006 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | Margaret A. Bestrain, Defense Intelligence Agency. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 33 KB | Attorney Work Product |
| 439 | Letter | 4/6/2006 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Margaret P. Grafeld | Michael Elsner | No | Yes | 2,618 KB | Attorney Work Product |
| 440 | Letter | 4/12/2006 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | Margaret A. Bestrain, Defense Intelligence Agency. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 55 KB | Attorney Work Product |
| 441 | Letter | 4/20/2006 | Office of Information Program response to Motley Rice FOIA Request | Margaret P. Grafeld | Michael Elsner | No | Yes | 2,909 KB | Attorney Work Product |
| 442 | Letter | 5/10/2006 | FinCEN Disclosure Offices response to Motley Rice FOIA Request | Gregory A. Smith | Michael Elsner | No | No | 44 KB | Attorney Work Product |
| 443 | Letter | 5/11/2006 | USAID response to Motley Rice FOIA Request | Carolyn a. Carroll | Anne McGinness Kearse Law Enforcement, Department of the Treasury, Disclosure Services | no | yes | 89 KB | Attorney Work Product |
| 444 | Letter | 5/23/2006 | Motley Rice FOIA request to Dept of Treasury, Disclosure Services | Michael Elsner | Anne McGinness Kearse | No | Yes | 242 KB | Attorney Work Product |
| 445 | Letter | 5/26/2006 | Federal Reserve System response to Motley Rice FOIA Request | Margaret McCloskey Shanks | Michael Elsner | no | yes | 96 KB | Attorney Work Product |
| 446 | Letter | 6/2/2006 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Dale Underwood | Anne McGinness Kearse | No | Yes | 103 KB | Attorney Work Product |
| 447 | Letter | 6/2/2006 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Dale Underwood | Ronald Motley | No | Yes | 176 KB | Attorney Work Product |
| 448 | Letter | 6/2/2006 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Dale Underwood | Anne McGinness Kearse | No | No | 34 KB | Attorney Work Product |
| 449 | Fax | 6/5/2006 | FOIA Request | FAA Aircraft Registry | John Fawcett, Kreindler & Kreindler | no | no | 416 KB | Attorney Work Product |
| 450 | Letter | 6/8/2006 | US Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Hugh Gilmore | Michael Elsner | No | No | 68 KB | Attorney Work Product |
| 451 | Letter | 6/21/2006 | Bureau of Diplomatic Security response to Motley Rice FOIA Request | Joe Morton | Michael Elsner | No | Yes | 275 KB | Attorney Work Product |
| 452 | Letter | 6/27/2006 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Margaret A. Bestrain, Defense Intelligence Agency. | No | No | 198 KB | Attorney Work Product |
| 453 | Letter | 6/29/2006 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Michael Elsner | Dale Underwood, Department of the Treasury, Disclosure Services | No | Yes | 68 KB | Attorney Work Product |
| 454 | Letter | 7/19/2006 | TSA response to Motley Rice FOIA Request | Scott Koch | Michael Elsner | No | Yes | 81 KB | Attorney Work Product |

Page 40 of 75

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 455 | Letter | 8/24/2006 | Motley Rice FOIA request to Dept of Treasury Disclosure Services | Michael Elsner | Alana Johnson, Department of the Treasury | No | No | 135 KB | Attorney Work Product |
| 456 | Letter | 8/29/2006 | USAID response to Motley Rice FOIA Request | J.M. Paskar | Anne McGinness Kearse | no | no | 254 KB | Attorney Work Product |
| 457 | Letter | 9/1/2006 | US Dept of State, Office of Information Resources Management Programs and Services response to Motley Rice FOIA Request | Charlene Wright Thomas | Michael Elsner | No | No | 57 KB | Attorney Work Product |
| 458 | Letter | 9/1/2006 | Dept of Treasury Disclosure Services response to Motley Rice FOIA Request | Dale Underwood | Michael Elsner | No | No | 54 KB | Attorney Work Product |
| 459 | Letter | 9/25/2006 | Motley Rice FOIA request to the White House | Michael E. Elsner | Keith Roberts, Chief FOIA Officer, White House | no | yes | 70 KB | Attorney Work Product |
| 460 | Letter | 9/25/2006 | Motley Rice FOIA request to White House | Michael E. Elsner | Keith Roberts, Chief FOIA Officer, White House | no | yes | 70 KB | Attorney Work Product |
| 461 | Letter | 9/26/2006 | FOIA Request | John Fawcett, Kreindler & Kreindler | U.S. Department of the Treasury FOIA Office | no | no | 22 KB | Attorney Work Product |
| 462 | Letter | 9/27/2006 | FAA response to Motley Rice FOIA Request | Douglas Murphy | Michael Elsner | no | no | 132 KB | Attorney Work Product |
| 463 | Letter | 10/4/2006 | Motley Rice FOIA request to Office of Information Resources Management Programs and Services | Michael Elsner | U.S. Department of State, Office of Information Programs and Services | No | No | 66 KB | Attorney Work Product |
| 464 | Letter | 10/16/2006 | US Immigration and Customs Enforcement response to Motley Rice FOIA Request | Gloria Marshall | Michael Elsner | no | yes | 132 KB | Attorney Work Product |
| 465 | Letter | 10/16/2006 | Correspondence Re FOIA Request 2006-10-03 | Hugh Gilmore, Disclosure Services, U.S. Department of the Treasury | John Fawcett, Kreindler & Kreindler | no | no | 429 KB | Attorney Work Product |
| 466 | Letter | 11/20/2006 | Motley Rice FOIA request to Dept of Homeland Security | Michael E. Elsner | Privacy Office, Department of Homeland Security | no | yes | 339 KB | Attorney Work Product |
| 467 | Letter | 12/5/2006 | Dept of State, Office of Information Programs and Services response to Motley Rice FOIA Request | Erica Perel | Michael Elsner | no | no | 94 KB | Attorney Work Product |
| 468 | Letter | 12/5/2006 | Dept of Homeland Security, Office of the General Council response to Motley Rice FOIA Request | Erica Perel | Michael Elsner | no | no | 27 KB | Attorney Work Product |
| 469 | Letter | 12/15/2006 | FinCEN Disclosure Offices response to Motley Rice FOIA Request | Gregory A. Smith | Michael Elsner | No | No | 109 KB | Attorney Work Product |
| 470 | Letter | 1/18/2007 | Office of Information Programs and Services response to Motley Rice FOIA Request | Margaret P. Grafeld | Michael Elsner | No | Yes | 177 KB | Attorney Work Product |
| 471 | Email | 1/25/2007 | Email correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Defense, FOIA Office. | No | Yes (see ID # 472) | 1 KB | Attorney Work Product |

**03-MDL-1570 Plaintiffs' Executive Committees'**
**Privilege Log**

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 472 | Attachment | | Attachment to email correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Defense, FOIA Office. | No | No | 103 KB | Attorney Work Product |
| 473 | Letter | 1/25/2007 | Letter correspondence with U.S. Department of Treasury regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Defense, FOIA Office. | No | No | 103 KB | Attorney Work Product |
| 474 | Letter | 1/31/2007 | Office of Information Program and Services response to Motley Rice FOIA Request | Margaret P. Grafeld | Michael Eisner | No | Yes | 508 KB | Attorney Work Product |
| 475 | Letter | 2/1/2007 | US Dept of State, Office of Information Programs and Services response to Motley Rice FOIA Request | Margaret Grafield | Anne McGinness Kearse | no | yes | 596 KB | Attorney Work Product |
| 476 | Email | 3/15/2007 | Email correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Defense, FOIA Office. | No | Yes (see ID # 477) | 1 KB | Attorney Work Product |
| 477 | Attachment | 3/15/2007 | Attachment to email correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Defense, FOIA Office. | No | No | 117 KB | Attorney Work Product |
| 478 | Letter | 3/15/2007 | Letter correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Defense, FOIA Office. | No | No | 117 KB | Attorney Work Product |
| 479 | Email | 3/16/2007 | Email correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Defense, FOIA Office. | No | Yes (see ID # 480) | 1 KB | Attorney Work Product |
| 480 | Attachment | 3/16/2007 | Attachment to email correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Defense, FOIA Office. | No | No | 152 KB | Attorney Work Product |
| 481 | Letter | 3/16/2007 | Letter correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Department of Defense, FOIA Office. | No | No | 172 KB | Attorney Work Product |
| 482 | Letter | 4/23/2007 | Letter correspondence with U.S. Department of Defense regarding FOIA request. | Will Kämmrer, Department of Defense. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 49 KB | Attorney Work Product |
| 483 | Letter | 5/17/2007 | Motley Rice FOIA request to FinCEN | Michael Eisner | Gregory Smith, Financial Crimes Enforcement Network, Disclosure Office | No | No | 88 KB | Attorney Work Product |
| 484 | Letter | 5/17/2007 | Motley Rice FOIA request to Dept of Treasury, FinCEN | Michael Eisner | Gregory Smith, Financial Crimes Enforcement Network, Disclosure Office | No | No | 91 KB | Attorney Work Product |
| 485 | Letter | 6/22/2007 | Dept of Treasury Financial Crimes Enforcement Network response to Motley Rice FOIA Request | Gregory A. Smith | Ronald Motley FOIA Unit, Federal Bureau of Investigation, U.S. Department of Justice | No | Yes | 7,316 KB | Attorney Work Product |
| 486 | Letter | 8/24/2007 | Correspondence Re FOIA Request | John Fawcett, Kreindler & Kreindler | U.S. Securities and Exchange Commission | no | no | 1388 KB | Attorney Work Product |
| 487 | Fax | 8/28/2007 | FOIA Request | John Fawcett, Kreindler & Kreindler | Scott Koch, Information and Privacy Coordinator, Central Intelligence Agency | no | yes | 1656 KB | Attorney Work Product |
| 488 | Fax | 8/31/2007 | FOIA Request | John Fawcett, Kreindler & Kreindler | | no | yes | 2332 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref/Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 489 | Letter | 8/31/2007 | Correspondence Re FOIA Request | David M. Hardy, Records Management Division, Federal Bureau of Investigation, U.S. Department of Justice | John Fawcett, Kreindler & Kreindler | no | yes | 1020 KB | Attorney Work Product |
| 490 | Letter | 9/14/2007 | Correspondence Re FOIA Request 2007-09-17 | Dale Underwood, Disclosure Services, U.S. Department of the Treasury | John Fawcett, Kreindler & Kreindler | no | no | 517 KB | Attorney Work Product |
| 491 | Letter | 9/17/2007 | Correspondence Re FOIA Request 07-08345 | Everene Johnson, FOIA/Privacy Act Officer, U.S. Securities and Exchange Commission | John Fawcett, Kreindler & Kreindler | no | no | 876 KB | Attorney Work Product |
| 492 | Letter | 9/17/2007 | Correspondence Re FOIA Request 2005-01-014 | Brookly McLaughlin, Deputy Asst Secretary, Office of Public Affairs, U.S. Department of the Treasury | Christine Negroni, Kreindler & Kreindler | no | no | 398 KB | Attorney Work Product |
| 493 | Email | 9/18/2007 | Correspondence Re FOIA Request 2007-7730 | John Fawcett, Kreindler & Kreindler | U.S. Federal Aviation Administration FOIA Coordinator | no | no | 13 KB | Attorney Work Product |
| 494 | Letter | 9/19/2007 | Correspondence Re FOIA Request 2007-7730 | Joann Noonan, FOIA Specialist, Federal Aviation Authority, U.S. Department of Transportation | John Fawcett, Kreindler & Kreindler | no | no | 117 KB | Attorney Work Product |
| 495 | Letter | 9/21/2007 | Letter correspondence with U.S. Defense Intelligence Agency regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor | Margaret A. Bestrain, Defense Intelligence Agency. | No | No | 100 KB | Attorney Work Product |
| 496 | Letter | 9/25/2007 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | Janice Galli McLeod, Department of Justice. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 31 KB | Attorney Work Product |
| 497 | Letter | 9/26/2007 | Correspondence re FOIA 04-FOIA-15887 | Gloria L. Marshall, Information Disclosure Unit, Immigration and Customs Enforcement, Department of Homeland Security | Christine Negroni, Kreindler & Kreindler | no | no | 443 KB | Attorney Work Product |
| 498 | Fax | 9/27/2007 | Letter correspondence with U.S. Department of State regarding FOIA request. | Wilma Manning, Department of State. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 38 KB | Attorney Work Product |
| 499 | Email | 9/27/2007 | Email correspondence with U.S. Department of State regarding FOIA request. | Wilma Manning, Patrick D. Scholl, Department of State. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 22 KB | Attorney Work Product |

03-MDL-1570 Plaintiffs' Executive Committees'
Privilege Log

| | Doc Type: | Doc Date: | Title Ref./Description: | Author Name: | Recipients: | Email String: | Attachments: | File Size: | Privilege/Protection: |
|---|---|---|---|---|---|---|---|---|---|
| 500 | Fax | 9/27/2007 | FOIA Request | John Fawcett, Kreindler & Kreindler | FOIA/PA Request, Disclosure Services, U.S. Department of the Treasury | no | yes | 2192 KB | Attorney Work Product |
| 501 | Email | 9/28/2007 | Email correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Aaron Graves, Department of Defense. | Yes | No | 5 KB | Attorney Work Product |
| 502 | Email | 9/28/2007 | Email correspondence with U.S. Department of State regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Wilma Manning, Department of State. | Yes | No | 24 KB | Attorney Work Product |
| 503 | Email | 9/28/2007 | Email correspondence with U.S. Department of Defense regarding FOIA request. | Aaron Graves, Department of Defense. | J. Scott Tarbutton, Cozen O'Connor. | Yes | No | 8 KB | Attorney Work Product |
| 504 | Letter | 10/1/2007 | Correspondence re FOIA Req F-2007-1961 | Scott Koch, Information and Privacy Coordinator, Central Intelligence Agency | John Fawcett, Kreindler & Kreindler | no | no | 999 KB | Attorney Work Product |
| 505 | Letter | 10/2/2007 | Letter correspondence with U.S. Department of Justice regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Janice Galli McLeod, Department of Justice. | No | No | 76 KB | Attorney Work Product |
| 506 | Email | 10/4/2007 | Correspondence Re FOIA Request 2007-7730 | Michael A. Cirillo, Systems Operations Services, Federal Aviation Authority, U.S. Department of Transportation | John Fawcett, Kreindler & Kreindler | no | yes | 811 KB | Attorney Work Product |
| 507 | Email | 10/8/2007 | Email correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Aaron Graves, Department of Defense. | No | No | 3 KB | Attorney Work Product |
| 508 | Email | 10/9/2007 | Email correspondence with U.S. Department of Defense regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Aaron Graves, Department of Defense. | Yes | No | 9 KB | Attorney Work Product |
| 509 | Email | 10/9/2007 | Email correspondence with U.S. Department of Defense regarding FOIA request. | Aaron Graves, Department of Defense. | J. Scott Tarbutton, Cozen O'Connor. | Yes | No | 10 KB | Attorney Work Product |
| 510 | Email | 10/25/2007 | Email correspondence with U.S. Department of State regarding FOIA request. | Wilma Manning, Department of State. | J. Scott Tarbutton, Cozen O'Connor. | Yes | No | 7 KB | Attorney Work Product |
| 511 | Email | 10/26/2007 | Email correspondence with U.S. Department of State regarding FOIA request. | J. Scott Tarbutton, Cozen O'Connor. | Wilma Manning, Department of State. | Yes | No | 7 KB | Attorney Work Product |
| 512 | Letter | 10/29/2007 | Letter correspondence with U.S. Federal Bureau of Investigation regarding FOIA request. | Loren Shawer, Federal Bureau of Investigation. | J. Scott Tarbutton, Cozen O'Connor. | No | No | 139 KB | Attorney Work Product |
| 513 | Letter | 10/29/2007 | Dept of Treasury, Disclosure Services response to Motley Rice FOIA Request | Amanda Michanczyk | Michael Elsner | No | Yes | 80 KB | Attorney Work Product |
| 514 | Letter | 1/15/2007 | FinCEN Disclosure Offices response to Motley Rice FOIA Request | William F. Baity | Michael Elsner | No | No | 34 KB | Attorney Work Product |
| 515 | Letter | 1/16/2007 | Dept of Treasury response to Motley Rice FOIA Request | Amanda Michanczyk | Michael Elsner | No | No | 95 KB | Attorney Work Product |