

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN
O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

**J. Scott Tarbutton**
Direct Phone   215.665.7255
Direct Fax      215.701.2467
starbutton@cozen.com

OF THE TREASURY
DISCLOSURE SERVICES

MAY 2 6 2005

RECEIVED

May 17, 2005

**VIA FEDERAL EXPRESS**

Alana Johnson
Chief, Disclosure Services
Disclosure Services, DO
Department of the Treasury
Washington, D.C. 20220

    Re:    Freedom of Information Act Request
        FOIA Case Number: 2003-08-003

Dear Ms. Johnson:

    Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, I am writing to make the following request as it relates to FOIA Case No. 2003-08-003, which was originally submitted to your office on July 30, 2003. That FOIA request, included as Attachment "A" hereto, asks for documents and materials relating to several hundred individuals and organizations which have been identified as engaging in terrorist activity, providing material support or financing to designated terrorists, or associating with designated terrorists. To date, FOIA Case No. 2003-08-003 remains unanswered by your office.

    Realizing that the broad scope of our original request may be delaying the Department of Treasury's response time, we write to prioritize the parties included in request No. 2003-08-003. In particular, I am writing to request that you prioritize your search for copies of any and all documents and materials maintained by the Treasury Department and/or the Office of Foreign Assets Control, relating to the following: International Islamic Relief Organization ("IIRO"), Muslim World League ("MWL"), World Assembly of Muslim Youth ("WAMY"), Saudi Joint Relief Committee ("SJRC"), Saudi Red Crescent Society ("SRCS"), and Saudi High Commission ("SHC").

Alana Johnson
May 17, 2005
Page 2

Based on the July 31, 2003 testimony of Richard Newcomb before the Senate Committee on Governmental Affairs, I understand that the Treasury Department maintains an evidentiary file relative to each entity it considers, investigates, and/or later proposes for designation pursuant to Executive Order 13224. I would specifically request that you provide copies of any documents contained in any such evidentiary files for IIRO, MWL, WAMY, SJRC, SRCS, and SHC, and affiliated branch offices.

Please be sure also to include copies of any letters or documents sent by the Treasury Department or the Office of Foreign Assets Control to representatives of any foreign state, relative to IIRO, MWL, WAMY, SJRC, SRCS, and SHC, and/or through which the Treasury Department or the Office of Foreign Assets Control requested that the receiving state investigate and/or take any action against these entities, including without limitation any request that the receiving state block the assets of IIRO, MWL, WAMY, SJRC, SRCS, and SHC pursuant to any mutual legal assistance treaty between the United States and the receiving state. By way of an example of the type of documents we believe the Treasury Department possesses which are responsive to this specific request, I have included as Attachment "B" hereto a November 29, 2004 letter from Treasury Department General Counsel David Aufhauser to Swiss Substitut du Procureur General Claude Nicati, relating to the designation of Yassin A. Kadi.

In the event that you decline to produce any responsive documents pursuant to a FOIA exemption, please produce a "*Vaughn* Index," including a detailed description of each document withheld or redacted and an explanation of the reasons for non-disclosure. *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1975). I would also request that you perform a "segrebility analysis" to distinguish exempt from non-exempt material within any particular document. *Id.* at 825.

We agree to pay any applicable fee, to a limit of $1,000, required for this information pursuant to the Freedom of Information Act. If you expect the cost associated with responding to this request to exceed that limit, I would ask that you provide an estimate for my approval.

Please forward all responsive materials relating to IIRO, MWL, WAMY, SJRC, SRCS, and SHC as soon as they are assembled. In the near future, we will write to you again to establish additional priorities among the persons and organizations referenced in request No. 2003-08-003.

I thank you in advance for your cooperation relative to the foregoing.

Sincerely,

COZEN O'CONNOR

By:   J. Scott Tarbutton

JST

Exhibit A  Page 37

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



**COZEN**
**O'CONNOR**
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

1900 MARKET STREET     PHILADELPHIA, PA 19103-3508     215.665.2000     800.523.2900     215.665.2013 FAX     www.cozen.com

DEPT. OF THE TREASURY
DISCLOSURE SERVICES

JUN 0 1 2005

RECEIVED

**J. Scott Tarbutton**
Direct Phone   215.665.7255
Direct Fax     215.701.2467
starbutton@cozen.com

May 18, 2005

**VIA FEDERAL EXPRESS**

Alana Johnson
Chief, Disclosure Services
Disclosure Services, DO
Department of the Treasury
Washington, D.C. 20220

     Re:    Freedom of Information Act Request
            FOIA Case Number: 2003-08-003

Dear Ms. Johnson:

     Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, I am writing to make the following request as it relates to FOIA Case No. 2003-08-003, which was originally submitted to your office on July 30, 2003. That FOIA request, included as Attachment "A" hereto, asks for documents and materials relating to several hundred individuals and organizations which have been identified as engaging in terrorist activity, providing material support or financing to designated terrorists, or associating with designated terrorists. To date, FOIA Case No. 2003-08-003 remains unanswered by your office.

     Realizing that the broad scope of our original request may be delaying the Department of Treasury's response time, we write to prioritize the parties included in request No. 2003-08-003. In particular, I am writing to request that you prioritize your search for copies of any and all documents and materials maintained by the Treasury Department and/or the Office of Foreign Assets Control, relating to the following: Al Rajhi Banking and Investment Corporation, Dar Al-Maal Al-Islami Trust (a/k/a "DMI Trust"), DMI Administrative Services S.A., Islamic Investment Company of the Gulf, Faisal Islamic Bank-Sudan, Shamil Bank of Bahrain, Tadamon Islamic Bank, Al Shamal Islamic Bank-Sudan, Faisal Finance S.A. (Switzerland), and National Commercial Bank (hereinafter referred to collectively as the "Corporate Entities").

Alana Johnson
May 18, 2005
Page 2

Based on the July 31, 2003 testimony of Richard Newcomb before the Senate Committee on Governmental Affairs, I understand that the Treasury Department maintains an evidentiary file relative to each entity it considers, investigates, and/or later proposes for designation pursuant to Executive Order 13224. I would specifically request that you provide copies of any documents contained in any such evidentiary files for the Corporate Entities and affiliated branch offices.

Please be sure also to include copies of any letters or documents sent by the Treasury Department or the Office of Foreign Assets Control to representatives of any foreign state, relative to the Corporate Entities, and/or through which the Treasury Department or the Office of Foreign Assets Control requested that the receiving state investigate and/or take any action against these entities, including without limitation any request that the receiving state block the assets of the Corporate Entities pursuant to any mutual legal assistance treaty between the United States and the receiving state. By way of an example of the type of documents we believe the Treasury Department possesses which are responsive to this specific request, I have included as Attachment "B" hereto a November 29, 2004 letter from Treasury Department General Counsel David Aufhauser to Swiss Substitut du Procureur General Claude Nicati, relating to the designation of Yassin A. Kadi.

In the event that you decline to produce any responsive documents pursuant to a FOIA exemption, please produce a "*Vaughn* Index," including a detailed description of each document withheld or redacted and an explanation of the reasons for non-disclosure. *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1975). I would also request that you perform a "segrebility analysis" to distinguish exempt from non-exempt material within any particular document. *Id.* at 825.

We agree to pay any applicable fee, to a limit of $1,000, required for this information pursuant to the Freedom of Information Act. If you expect the cost associated with responding to this request to exceed that limit, I would ask that you provide an estimate for my approval.

Please forward all responsive materials relating to the Corporate Entities as soon as they are assembled. In the near future, we will write to you again to establish additional priorities among the persons and organizations referenced in request No. 2003-08-003.

I thank you in advance for your cooperation relative to the foregoing.

Sincerely,

COZEN O'CONNOR

By:   J. Scott Tarbutton

JST

May 23, 2005

RE: 2003-08-003

Mr. J. Scott Tarbutton
Cozen/ O'Connor Attorneys
1900 Market Street
Philadelphia, PA  19103-3508

Dear Mr. Tarbutton:

This office is in receipt of your follow-up letters dated May 16 and 17, 2005, concerning your Freedom of Information Act (FOIA) request dated July 30, 2003.

We have forwarded your letters to the offices that are responsible for processing your FOIA request.

Sincerely,

/S/

Alana Johnson
Director, Disclosure Services

Exhibit A  Page 40



**COZEN**
**O'CONNOR**
ATTORNEYS

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

*PT OF THE TREASURY*
*DISCLOSURE SERVICES*

*JUN 01 2005*

*RECEIVED*

**J. Scott Tarbutton**
Direct Phone  215.665.7255
Direct Fax    215.701.2467
starbutton@cozen.com

May 23, 2005

**VIA FEDERAL EXPRESS**

Alana Johnson
Chief, Disclosure Services
Disclosure Services, DO
Department of the Treasury
Washington, D.C. 20220

    Re:   Freedom of Information Act Request
          FOIA Case Number: 2003-08-003

Dear Ms. Johnson:

    Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, I am writing to make the following request as it relates to FOIA Case No. 2003-08-003, which was originally submitted to your office on July 30, 2003. That FOIA request, included as Attachment "A" hereto, asks for documents and materials relating to several hundred individuals and organizations which have been designated pursuant to Executive Order 13224. To date, FOIA Case No. 2003-08-003 remains unanswered by your office.

    Realizing that the broad scope of our original request may be delaying the Department of Treasury's response time, we write to prioritize the parties included in request No. 2003-08-003. In particular, I am writing to request that you prioritize your search for copies of any and all documents and materials maintained by the Treasury Department and/or the Office of Foreign Assets Control, relating to or supporting the designations of Aqeel Abdulaziz Al-Aqil and Soliman Al-Buthe pursuant to Executive Order 13224.

    Based on the July 31, 2003 testimony of Richard Newcomb before the Senate Committee on Governmental Affairs, I understand that the Treasury Department maintains an evidentiary file relative to each entity it proposes for designation pursuant to Executive Order 13224. I would specifically request that you provide copies of any documents contained in any such

Alana Johnson
May 23, 2005
Page 2

evidentiary files for Messieurs Al-Aqil and Al-Buthe.  To assist you in responding to this request, I have included as Attachment "B" hereto Treasury Department press statements relating to the designations of Messieurs Al-Aqil and Al-Buthe.

Please be sure also to include copies of any letters or documents sent by the Treasury Department or the Office of Foreign Assets Control to representatives of any foreign state, relative to the designation of Messieurs Al-Aqil and Al-Buthe, and/or through which the Treasury Department or the Office of Foreign Assets Control requested that the receiving state take any action against these individuals, including without limitation any request that the receiving state block the assets of Messieurs Al-Aqil and Al-Buthe pursuant to any mutual legal assistance treaty between the United States and the receiving state.  By way of an example of the type of documents we believe the Treasury Department possesses which are responsive to this specific request, I have included as Attachment "C" hereto a November 29, 2004 letter from Treasury Department General Counsel David Aufhauser to Swiss Substitut du Procureur General Claude Nicati, relating to the designation of Yassin A. Kadi.

In the event that you decline to produce any responsive documents pursuant to a FOIA exemption, please produce a "*Vaughn* Index," including a detailed description of each document withheld or redacted and an explanation of the reasons for non-disclosure.  *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1975).  I would also request that you perform a "segrebility analysis" to distinguish exempt from non-exempt material within any particular document.  *Id.* at 825.

We agree to pay any applicable fee, to a limit of $1,000, required for this information pursuant to the Freedom of Information Act.  If you expect the cost associated with responding to this request to exceed that limit, I would ask that you provide an estimate for my approval.

Please forward all responsive materials relating to Messieurs Al-Aqil and Al-Buthe as soon as they are assembled.  In the near future, we will write to you again to establish additional priorities among the persons and organizations referenced in request No. 2003-08-003.

I thank you in advance for your cooperation relative to the foregoing.

Sincerely,

COZEN O'CONNOR

By:   J. Scott Tarbutton

JST

PHILA1\2273722\1 117430.000

June 1, 2005

RE:  2003-08-003

Mr. J. Scott Tarbutton
Cozen/ O'Connor Attorneys
1900 Market Street
Philadelphia, PA  19103-3508

Dear Mr. Tarbutton:

This office is in receipt of your follow-up letters dated May 18 and 23, 2005, concerning your Freedom of Information Act (FOIA) request dated July 30, 2003.

We have forwarded your letters to the offices that are responsible for processing your FOIA request.

Sincerely,

/s/

Alana Johnson
Director, Disclosure Services

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
LAS VEGAS
LONDON
LOS ANGELES



**COZEN
O'CONNOR**
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

November 11, 2005

Direct Phone 215.665.2051
Direct Fax    215.701.2321
abonin@cozen.com

**VIA ELECTRONIC MAIL**

Renée S. Orleans
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 7120
Washington, DC  20530

Re:    <u>Cozen O'Connor v. United States Department of the Treasury</u>,
05-CV-4332 (E.D. Pa.)

Dear Ms. Orleans:

I write in order to memorialize my understanding of the proposal you communicated yesterday on behalf of the Treasury Department, and in an final effort to reach a reasonable compromise that will limit the scope of issues requiring judicial intervention.

By way of background, shortly after our Complaint was filed, you asked if we could create a prioritized list of entities from among all those named in our FOIA request to be processed promptly by Treasury. On September 9, 2005, we provided you with that list of seventeen entities, and in that spirit of cooperation filed a joint stipulation with the Court the following week to delay your need to answer the Complaint by sixty days.

We entered that stipulation with the understanding that production of documents related to those seventeen entities would begin before the stipulation expired. It did not. Instead, by letter of October 24, you proposed that production could begin by November 14 on documents related to Benevolence International Foundation, ranked sixteenth on the list of 17 entities, and Global Relief Foundation, which was not prioritized at all. In response, we asked you for a plan to be provided by November 7 which would cover all entities on the prioritized list, so that we would have sufficient time to determine whether to extend the stipulation beyond November 14,

Exhibit A  Page 44

Renée S. Orleans
November 11, 2005
Page 2

Instead, you presented a proposal on November 9-10 which you would not commit to writing and gave us a twenty-four hour ultimatum in which to decide whether to advance to Treasury the $86,765.14 in processing fees you demanded. In exchange, you promised, certain already-public documents would be provided to us, though the schedule for such production continued to extend as our discussions proceeded. We asked for a thirty-day stay to consider this proposal and work out the details with you; you insisted that a permanent stay be placed on the case, with a status report to the Court in ninety days. We could not agree to this in good conscience, especially given that you had emailed me to confirm that the Treasury written proposal had been prepared and you were ready to send it.

We are disappointed that a reasonable extension of the stipulation could not be negotiated. Given that Treasury has had since July 2003 to begin processing our request, however, the three months-plus you have requested seemed extraordinary. Had Treasury begun processing our request at some point in the intervening twenty-eight months, we could have worked out these issues on a rolling basis.

As we have stated, we continue to be willing to work with Treasury to narrow and fine-tune the initial request. We also remain cognizant of Treasury's concerns regarding the sensitive nature of some of these documents and the need for a thorough review during processing.

This is what we understand you are willing to do at the present time:

1.    You have agreed to forward Categories A and B of our initial request (designations of foreign states as State Sponsors of Terrorism; designations of groups and organizations as Foreign Terrorist Organizations) to the Department of State, and urge them to promptly respond, as our separate FOIA request to that agency has also remained pending since July 30, 2003. We appreciate your agreement to do so, and look forward to a progress update from them in addition to Treasury.

2.    Treasury is prepared to release, by December 15, the nonclassified documents for Benevolence International Foundation, Global Relief Foundation, the Holy Land Foundation, Al Haramain, Aqeel al Aqeel and Rabita Trust. We agree to pay the $850.00 fee for Benevolence International Foundation, and are awaiting Treasury's determination as to the costs of the other five entities. Please provide us with an estimate of the cost for production, and we will be prepared to issue the check for the reasonable fees covering all six entities promptly.

3.    Treasury plans to present a blanket objection to the production of *any* documents regarding the remaining thirteen entities on our prioritized list – Saudi Joint Relief Committee for Kosovo and Chechnya; Saudi Red Crescent; the Saudi High Commission for Bosnia and Herzegovina; the International Islamic Relief Organization; the World Assembly of Muslim Youth; Muslim World League; Al Rajhi Banking and Investment Co.; National Commercial Bank; Dar Al-Maal Al-

Exhibit A   Page 45

# EXHIBIT 5

# LeBoeuf, Lamb, Greene & MacRae llp

| | | |
|---|---|---|
| NEW YORK | 125 WEST 55TH STREET | LONDON |
| WASHINGTON, D.C. | NEW YORK, NY 10019-5389 | A MULTINATIONAL PARTNERSHIP |
| ALBANY | (212) 424-8000 | PARIS |
| BOSTON | FACSIMILE: (212) 424-8500 | BRUSSELS |
| CHICAGO | | JOHANNESBURG (PTY) LTD. |
| HARTFORD | | MOSCOW |
| HOUSTON | | RIYADH |
| JACKSONVILLE | | AFFILIATED OFFICE |
| LOS ANGELES | | BISHKEK |
| PITTSBURGH | | ALMATY |
| SAN FRANCISCO | | BEIJING |

July 28, 2005

**BY HAND AND ELECTRONIC FILING**

The Honorable Viktor V. Pohorelsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   **Linde v. Arab Bank, PLC, 04 Civ 2799 and related cases**
> *Protective Order Regarding Confidentiality*

Dear Judge Pohorelsky:

In light of your Honor's Decision and Order of yesterday afternoon, the parties jointly submit the attached revised proposed protective order regarding the confidentiality of materials and information in the above-referenced litigation.

We respectfully request that your Honor enter this revised protective order.

Respectfully submitted,

Randall M. Fox

Enclosure
Copies by Electronic Delivery to
Counsel on Attached List.

**BY ELECTRONIC DELIVERY:**

*LITLE, ET AL. V. ARAB BANK, PLC, CV 04-5449*

Lee S. Shalov, Esq. (lshalov@lawssb.com)
James P. Bonner, Esq.(jbonner@lawssb.com)
SHALOV, STONE & BONNER LLP
    **Liaison Counsel for *Litle* Plaintiffs:**

Mark S. Werbner, Esq. (mwerbner@swtriallaw.com)
SAYLES WERBNER P.C.
Richard D. Heideman, Esq. (rheideman@HLNKlaw.com)
HEIDEMAN LEZELL NUDELMAN & KALIK, P.C.
Steven R. Perles, Esq. (sperles@perleslaw.com)
PERLES LAW FIRM, P.C.
    **Co-Counsel for *Litle* Plaintiffs**

*LINDE, ET AL. v. ARAB BANK, PLC, CV 04-2799*
*& COULTER, ET AL. v. ARAB BANK, PLC, CV 05-365*

Andrew D. Friedman, Esq. (afriedman@whesq.com)
Joshua D. Glatter, Esq. (jglatter@whesq.com)
WECHSLER HARWOOD LLP
    **Liaison Counsel for *Linde* Plaintiffs; Co-counsel for the *Coulter* Plaintiffs**

Gary M. Osen, Esq. (gmo@osen.us)
Naomi B. Weinberg, Esq. (nbw@osen.us)
OSEN & ASSOCIATES, LLC
    **Counsel for the *Coulter* Plaintiffs; Co-Counsel for *Linde* Plaintiffs**

Robert A. Swift, Esq. (rswift@kohnswift.com)
Steven M. Steingard, Esq. (ssteingard@kohnswift.com)
KOHN SWIFT & GRAF, P.C.
    **Counsel for the *Coulter* Plaintiffs; Co-Counsel for *Linde* Plaintiffs**

*IN ALMOG, ET AL. . v. ARAB BANK, PLC, CV 04-5564*
*& AFRIAT-KURTZER, ET AL. V. ARAB BANK, PLC, CV 05-388*

Ronald L. Motley, Esq. (rmotley@motleyrice.com)
Jodi W. Flowers, Esq. (jflowers@motleyrice.com)
John M. Eubanks, Esq. (jeubanks@motleyrice.com)
MOTLEY RICE LLC
    **Counsel for *Almog & Afriat-Kurtzer* Plaintiffs**

Alan Gerson, Esq. (gerson@gilgintl.org)
ATTORNEY AT LAW
    **Co-Counsel for *Almog* Plaintiffs**

# ATTACHMENT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COURTNEY LINDE, et al. : | Case No. CV 04 2799 (NG/VVP) |
|                 Plaintiff, : | |
|       -against- : | |
| ARAB BANK, PLC, : | |
|                 Defendant. : | |

| | |
|---|---|
| PHILIP LITLE, et al. : | Case No. CV 04 5449 (NG/VVP) |
|                 Plaintiff, : | |
|       -against- : | |
| ARAB BANK, PLC, : | |
|                 Defendant. : | |

| | |
|---|---|
| ORAN ALMOG, et al. : | Case No. CV 04 5564 (NG/VVP) |
|                 Plaintiff, : | |
|       -against- : | |
| ARAB BANK, PLC, : | |
|                 Defendant. : | |

| | |
|---|---|
| ROBERT L. COULTER, SR., : | Case No. CV 05 365 (NG/VVP) |
| FOR THE ESTATE OF JANIS : | |
| RUTH COULTER, et al. : | |
|                 Plaintiff, : | |
|       -against- : | |
| ARAB BANK, PLC, : | |
|                 Defendant. : | |

GILA AFRIAT-KURTZER, et al.     :

                                       :     Case No. CV 05 388 (NG/VVP)

               Plaintiff,       :

                                         :

     -against-                  :

                                       :

ARAB BANK, PLC,               :

                                       :

              Defendant.      :

_____:

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order ("Order") limiting the disclosure and use of certain discovered information as hereinafter provided.

IT IS HEREBY ORDERED THAT:

1.    <u>Designation of Confidentiality:</u>

        (a)    All documents and information produced in conjunction with this litigation that:

                i.    contain or are derived from trade secrets or other proprietary commercial or financial information; or

                ii.    contain or are records in the possession of Arab Bank relating to financial information of persons who are not parties to this litigation; or

                iii.    contain or are derived from personal private financial, medical, employment, educational information or disclose the current or past location of a party.

2

may be designated "CONFIDENTIAL" by the person producing documents or information in this litigation or a party to this litigation (the "Designating Party"). Information described in paragraphs i-iii above shall be referred to herein as "Confidential Information."

(b)     All Confidential Information that a Designating Party believes to be either of such a highly sensitive nature that disclosure of such information may result in substantial commercial or financial harm to a party or its employees or customers, or that a party believes to be of such a highly personal nature that it may expose a party to risk of harm may be designated "HIGHLY CONFIDENTIAL" by that party. The release of plaintiffs' current or past street addresses and phone numbers, social security numbers, passport identification numbers or Israeli identification numbers is so highly confidential that the information will be redacted from all produced materials including those produced by third parties.

(c)     The designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall constitute a representation that such document, material, or information has been reviewed and that the Designating Party has a good faith basis for the designation.

(d)     A person receiving Confidential Information or Highly Confidential Information shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

(e)     The provisions of this Order extend to all designated Confidential Information and Highly Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery

3

materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing.

2.   <u>Means of Designating Documents Confidential:</u>  Documents or information may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within the meaning of this Order in the following ways:

(a)   Documents:  The Designating Party will place the following legend on each page of any such document:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(b)   Interrogatory Answers and Responses to Requests for Admissions:  The Designating Party will place a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In addition, the Designating Party will place the following legends on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION;" and "DESIGNATED PARTS NOT TO BE USED, COPIED OR DISCLOSED EXCEPT AS AUTHORIZED BY COURT ORDER."

(c)   Depositions:  The Designating Party or the witness producing such information will identify on the record the portions of the transcript (including exhibits) that contain Confidential Information or Highly Confidential Information or will submit a letter making that identification within 30 days of receipt of the deposition transcript or a copy thereof, or written notification that the transcript is available.  The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Information under this Order until the expiration

4

of the 30-day period for designation by letter, except that the deponent may review the transcript during this 30-day period.  The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION;" and "DESIGNATED PARTS NOT TO BE USED, COPIED OR DISCLOSED EXCEPT AS AUTHORIZED BY COURT ORDER."  If all or part of a videotaped deposition is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the videocassette, other videotape container or DVD shall be labeled with these legends.

    (d)  Electronic Data:  "Electronic Data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).  The Designating Party will designate Electronic Data as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a cover letter identifying the information generally.  When feasible, the Designating Party will also mark the electronic or magnetic media with the appropriate designation.  Whenever any party to whom Electronic Data designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the legends provided for in Paragraph 2(a) above.  Whenever any Electronic Data designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is copied into another file, all such copies shall also be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate.

    (e)  To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media,

computers, discs, networks or tapes any information, files, databases or programs that contain

information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that party and its

counsel must take all necessary steps to insure that access to that electronic or magnetic media is

properly restricted to those persons who, by the terms of this Order, may have access to

Confidential Information and Highly Confidential Information.

    (f)    Documents and materials filed with the Court:

    i.    Any Confidential Information or Highly Confidential Information filed

with the Court shall be filed in sealed envelopes or other appropriate sealed

containers on which shall be endorsed the caption of this litigation, a generic

designation of the contents, the words "CONFIDENTIAL INFORMATION" (or

"HIGHLY CONFIDENTIAL INFORMATION") and "SUBJECT TO COURT

ORDER" and words in substantially the following form:

> This enveloped contains documents that are filed
> under seal in this case by [name of party] and, by
> Order of this Court dated _____, 2005, shall not be
> opened nor its contents displayed or revealed except
> as provided in that Order or by further Order of the
> Court.

Any pleading or other paper required to be filed under seal pursuant to this

Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right

hand corner of the cover page of the document.

    ii.    Only those portions of such documents and materials containing or

reflecting Confidential Information or Highly Confidential Information shall be

considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and may be

disclosed only in accordance with this Order.  Where feasible, only those portions of such filings that are Confidential Information or Highly Confidential shall be filed under seal.

iii.     Any sealed document may be opened by the presiding Judge or designated Magistrate, the presiding Judge's or designated Magistrate's law clerks, and other Court personnel without further order of the Court.

iv.     Each document filed under seal may be returned to the party that filed it under the following circumstances: (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the ruling of the last reviewing court that disposes of this litigation in its entirety is filed.  If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document, return the document to counsel for the Designating Party or the party that filed the sealed document (if not the same as the Designating Party) upon request within two years after termination of the litigation, or take any other action to dispose of the document that the clerk deems appropriate.

v.     Notwithstanding any provision in this Order to the contrary, any Designating Party may determine to reclassify a document it previously designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and is not required to file such document under seal if the previously designated Confidential Information or Highly Confidential Information was so designated

7

solely by that party and all other parties are notified of the change in classification at the time such material is reclassified.

3.   <u>Use of Confidential Information</u>:  Confidential Information and Highly Confidential Information shall not be used by any person, other than the Designating Party, for any purpose other than prosecuting, defending or settling <u>Linde, et al. v. Arab Bank, PLC,</u> Case No. CV-04-2799; <u>Litle, et al. v. Arab Bank, PLC,</u> Case No. CV-04-5449; <u>Almog, et al. v. Arab Bank, PLC,</u> Case No. CV-04-5564; <u>Coulter, et al. v. Arab Bank, PLC,</u> Case No. CV-05-365; and <u>Afriat-Kurtzer, et al. v. Arab Bank, PLC,</u> Case No. CV-05-388.  Any additional cases that are designated by order of the Court for cooperative or coordinated discovery with the foregoing cases shall by order therein be made subject to this Order and the parties thereto may use Confidential Information and Highly Confidential Information for no purpose other than prosecuting, defending or settling such cases.  In no event shall Confidential Information or Highly Confidential Information be used for any business, competitive, personal, private, public, or other purposes, except as required by law.

4.   <u>Disclosure of Confidential Information</u>:  Access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to:

(a)   Attorneys for the parties (including members, associates, counsel, and any attorneys in private law firms representing the parties), as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this litigation;

(b)   Outside photocopying, document storage, data processing, or graphic production services employed or retained by the parties or their counsel to assist in this litigation provided that Paragraph 6 of this Protective Order has been complied with;

8

(c)     Any expert, consultant, or investigator retained by counsel for the purposes of consulting or testifying in this litigation, provided that Paragraph 6 of this Protective Order has been complied with;

(d)     Any person, director, officer, or employee of defendant Arab Bank plc charged with the responsibility for making decisions dealing directly with the pursuit, defense, or resolution of this action;

(e)     The Designating Party and any current employee of a Designating Party, or any other person who, as appears from the face of the document, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Confidential Information sought to be disclosed to that person;

(f)     This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(g)     Third-party witnesses in good faith preparation for, during the course of, or in review of deposition or (subject to the provisions of Paragraph 8) trial testimony provided that prior to furnishing such Confidential Information to such witness, the witness shall be provided a copy of this Protective Order and shall, prior to disclosure, execute a Confidentiality Agreement such as that annexed as Appendix A, stating that he or she has read this Protective Order and agrees to be bound by its terms.  Where a third-party witness refuses to execute a Confidentiality Agreement, that witness may not be shown Confidential Information unless the parties have agreed in writing to the terms and conditions under which disclosure is to be permitted or as ordered by the Court.  A party that wishes to disclose Confidential Information to

9

such third-party witness may seek an order of the Court, supported by a showing of the need to disclose the Confidential Information, and accompanied by a certification that the party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party.  A person opposing disclosure would thereafter have an opportunity to respond within five business days, after which the Court will determine the conditions under which any disclosure is permitted.

       (h)     Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 6 of this Protective Order has been complied with; and

       (i)     Any other person whom the Court directs should have access to the Confidential Information.

     5.    <u>Disclosure of Highly Confidential Information:</u>  Access to information designated "HIGHLY CONFIDENTIAL" pursuant to this Order shall be limited to:

       (a)     Outside attorneys for the parties (including members, associates, counsel, and any attorneys in private law firms representing the parties), as well as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this litigation.

       (b)     Outside photocopying, document storage, data processing, or graphic production services employed or retained by the parties or their counsel to assist in this litigation provided that Paragraph 6 of this Protective Order has been complied with.

(c)     Any expert, consultant, or investigator retained by counsel for the purposes of consulting or testifying in this litigation, provided that Paragraph 6 of this Protective Order has been complied with.

(d)     The Designating Party and any current employee of a Designating Party, or any other person who, as appears from the face of the document, authored, received, or otherwise has been provided access to (in the ordinary course, outside this litigation) the Highly Confidential Information sought to be disclosed to that person;

(e)     This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation.

(f)     Third-party witnesses in good faith preparation for, during the course of, or in review of deposition or (subject to the provisions of Paragraph 8) trial testimony provided that prior to furnishing such Highly Confidential Information to such witness, the witness shall be provided with a copy of this Protective Order and shall, prior to disclosure, execute a Confidentiality Agreement such as that annexed as Appendix A, stating that he or she has read this Protective Order and agrees to be bound by its terms.  However, if the third-party witness is a competitor, customer or regulator of the Designating Party, or an employee or agent of a competitor, customer, or regulator of the Designating Party, then the party wishing to make such disclosure shall meet and confer with the Designating Party a reasonable period in advance of such use to discuss the procedures for the treatment of Highly Confidential Information, with all parties reserving their rights to apply to the Court for further protections.  Where a third-party witness refuses to execute a Confidentiality Agreement, that witness may not be shown Highly

11

Confidential Information unless the parties have agreed in writing to the terms and conditions under which disclosure is to be permitted or as ordered by the Court. A party that wishes to disclose Highly Confidential Information to such third-party witness may seek an order of the Court, supported by a showing of the need to disclose the Highly Confidential Information, and accompanied by a certification that the party seeking disclosure has attempted to reach agreement on disclosure with the Designating Party. A person opposing disclosure would thereafter have an opportunity to respond within five business days, after which the Court will determine the conditions under which any disclosure is permitted.

(g)     Any other person to whom the Designating Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 6 of this Protective Order has been complied with; and

(h)     Any other person whom the Court directs should have access to the Highly Confidential Information.

5.1     Non-Application of Order: The restrictions set forth above shall not apply to documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that were, are or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the receiving party from a source that was not required to maintain the confidentiality of such information. Before such documents are publicly released, a party will follow the procedures described in Paragraph 7.

12

6.     Notification of Confidentiality Order:

(a)     All persons who are authorized to receive and are to be shown Confidential Information or Highly Confidential Information under this Protective Order (other than the persons listed in paragraphs 4(a), (d), (e), (f), and (i), and 5(a), (d), (e) and (h)) shall be provided a copy of this Protective Order prior to the receipt of Confidential Information or Highly Confidential Information, and shall, unless otherwise agreed upon in writing by the parties or authorized by a Court order issued pursuant to the procedure set forth in either paragraph 4(g) or paragraph 5(f), in a written and signed Confidentiality Agreement such as that annexed as Appendix A, state that he or she has read this Protective Order and agrees to be bound by its terms.

(b)     The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation, including appeals. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

7.     Objections to Designations:  A failure to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time the material is produced shall not preclude a subsequent challenge to the designation.  In the event a party objects to the designation of any material under this Order by another party, the objecting party first shall consult with the Designating Party to attempt to resolve the differences.  If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may, on notice to the other party, apply to the Court for a ruling that the material shall not be so

treated. If such motion is made, the Designating Party will have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be treated as such until the Court rules that they should not be so treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed.

8.   <u>Use of Confidential Information or Highly Confidential Information at Trial or Hearing:</u> The restrictions, if any, that will govern the use of Confidential Information or Highly Confidential Information at trial or hearings will be determined at a later date by the parties, in consultation with the Court, if necessary.

9.   <u>Preservation of Rights and Privileges:</u> Nothing contained in this Order shall affect the right of any party or witness to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, questions at a deposition, or any other discovery request. Nothing contained in this Protective Order shall operate to require the production of any information or document that is privileged or otherwise protected from discovery. The parties expressly preserve any and all privileges and exemptions, including without limitation the attorney-client privilege and work product immunity. Inadvertent disclosure or production of materials so protected shall not be deemed a waiver of any privilege or immunity. Upon written request, a party shall return, immediately and in no event later than two (2) business days after the receipt of written notice, such materials and any copies or reproductions thereof. The party shall also return or destroy any work product materials derived from the produced protected

14

material. The return of purported protected material shall not in any way waive a party's right to challenge the claim of privilege and/or exemption, but such challenge shall neither (i) be based in any way on the fact of the production or disclosure of such material; nor (ii) divulge the contents of the protected material except to the Court under seal as provided herein.

      10.   <u>Return of Materials:</u>  Within sixty (60) days after the final resolution of all litigation identified in paragraph 3 above, all Confidential Information and Highly Confidential Information, including all copies, abstracts and summaries, shall be returned to counsel for the Designating Party or, if the Designating Party's counsel is so informed, destroyed, with the party that had received the Confidential Information or Highly Confidential Information certifying to the return or destruction, as appropriate. As to those materials that contain or reflect Confidential Information or Highly Confidential Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Highly Confidential Information, so long as such pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to Protective Order, and maintained as such.

15

11.    <u>Compliance Not An Admission:</u>  A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

12.    <u>Subpoenas:</u>  Any party or person in possession of Confidential Information or Highly Confidential Information who receives a subpoena or other process from any person or entity who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Highly Confidential Information, shall promptly and in any case within three (3) business days give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Designating Party, identifying the materials sought and enclosing a copy of the subpoena or other process.  The party or person receiving the subpoena shall also inform the person seeking the Confidential Information or Highly Confidential Information that such information is subject to this Protective Order.  No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process.  Nothing contained within this Paragraph shall obligate any party or person who receives a subpoena or other process seeking the production or disclosure of Confidential Information or Highly Confidential Information to resist such production or disclosure, or be construed as encouraging any party or person not to comply with any court order, subpoena, or other process.

13.    <u>Application to Non-Parties:</u>  This Order shall apply to any non-party who is obligated to provide discovery, by deposition, production of documents or otherwise, in this litigation, if that non-party requests the protection of this Order as to its Confidential Information

16

or Highly Confidential Information and agrees to be bound by the provisions of this Order by executing a Confidentiality Agreement in substantially the form attached hereto as Exhibit A. This Order shall also apply to non-parties who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents or otherwise. Unless otherwise agreed upon in writing by the parties or authorized by a Court order issued pursuant to the procedure set forth in either paragraph 4(g) or paragraph 5(f), such non-parties shall execute a Confidentiality Agreement in substantially the form attached hereto as Exhibit A. For purposes of this Paragraph only, a non-party shall submit to the personal jurisdiction of the Court, as provided in Paragraph 3 of Exhibit A.

14.   <u>Modification of the Order</u>: This Order shall not foreclose a Party from moving this Court for an order that documents or information within the meaning of this Order are, in fact, not "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or otherwise subject to protection under Rule 26(c). In addition, this Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

15.   <u>Objections</u>: Nothing contained in this Protective Order shall preclude non-parties from submitting objections for ruling by the Court.

16.   <u>Inadvertent Disclosure</u>: If a person bound by this Order discloses inadvertently Confidential Information or Highly Confidential Information to a person not authorized to receive that information, or if a person authorized to receive Confidential Information or Highly Confidential Information breaches any obligations under this Protective Order, that person shall immediately give notice of the unauthorized disclosure to the Designating Party. In addition, if a

17

person bound by this Order becomes aware of unauthorized disclosure of Confidential

Information or Highly Confidential Information by a non-party, that person shall immediately

give notice of the unauthorized disclosure to the Designating Party.  Notice in either

circumstance described in this paragraph shall include a full description of all facts that are

pertinent to the wrongful disclosure.  The person disclosing the Confidential Information or Non-

Confidential Information shall make every reasonable effort to retrieve the information that was

disclosed without authorization and to limit the further dissemination or disclosure of such

information.  Persons who violate the provisions of this Protective Order shall be subject to

sanctions as provided by statute, rule, or the inherent power of this Court.

17.     Binding:  Upon the final resolution of this litigation, the provisions of this Order

shall continue to be binding.  This Court expressly retains jurisdiction over this action for

enforcement of the provisions of this Order following the final resolution of this litigation.  This

Order is binding on all parties to this litigation, on all third parties who have agreed to be bound

by this Order and on all others who have signed the Confidentiality Agreement in substantially

the form attached hereto as Exhibit A, and shall remain in force and effect until modified,

superseded, or terminated by consent of the parties or by Order of the Court.

18.     Time:  All time periods set forth in this Order shall be calculated according to

Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

SO ORDERED:

July ____, 2005                              _____

571056                                       United States Magistrate Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

COURTNEY LINDE, et al.                     :

                              Plaintiff,    :        Case No. CV 04 2799 (NG/VVP)

        -against-                           :

ARAB BANK, PLC,                             :

                              Defendant.    :

---

PHILIP LITLE, et al.                        :

                              Plaintiff,    :        Case No. CV 04 5449 (NG/VVP)

        -against-                           :

ARAB BANK, PLC,                             :

                              Defendant.    :

---

ORAN ALMOG, et al.                          :

                              Plaintiff,    :        Case No. CV 04 5564 (NG/VVP)

        -against-                           :

ARAB BANK, PLC,                             :

                              Defendant.    :

---

ROBERT L. COULTER, SR.,                     :
FOR THE ESTATE OF JANIS                     :        Case No. CV 05 365 (NG/VVP)
RUTH COULTER, et al.                        :

                              Plaintiff,    :

        -against-                           :

ARAB BANK, PLC,                             :

                              Defendant.    :

---

GILA AFRIAT-KURTZER, et al.     :

                           :     Case No. CV 05 388 (NG/VVP)

             Plaintiff,    :

                           :

   -against-                 :

                           :

ARAB BANK, PLC,          :

                           :

             Defendant.   :

## CONFIDENTIALITY AGREEMENT

1.    My name is _____, I live at _____

_____ . I am employed as _____

(state position) by _____

(state name and address of employer).

2.    I have read the Protective Order that has been entered in this case, and a copy of it

has been given to me.  I understand the provisions of this Order, and agree to comply with and to

be bound by its provisions.

3.    I understand that sanctions may be entered for violation of the Protective Order.  I

consent to personal jurisdiction over me by the United States District Court for the Eastern

District of New York with respect to the Protective Order.

          Executed this ___ day of _____, 200__.

          Signature:

          _____