C L I F F O R D
C H A N C E







**In re Terrorist Attacks of September 11, 2001, 03 MDL 1570 (GBD) (FM)**
This document relates to: All cases

Via Hand Delivery

May 23, 2013

Dear Judge Maas:

Moving Defendants submit this letter in response to Plaintiffs' April 30, 2013 supplement letter ("April 30 Letter") relating to Plaintiffs' correspondence with the federal government concerning FOIA requests ("Plaintiffs' Correspondence") and the government's responses thereto ("Government Correspondence") (collectively "FOIA Correspondence"). While Defendants recognize that the Court has not requested further briefing, we seek this Court's permission to quickly respond to a few contentions in Plaintiffs' April 30 Letter.

Plaintiffs' attempts to cloud the issue by drawing distinctions between work product protections under the common law and Federal Rules of Civil Procedure are immaterial, inaccurate, and fail to deal with the heart of the matter: that the FOIA Correspondence is not protected work product because of the nature of that communication and, even if it could be protected, Plaintiffs waived that protection. As set forth below, none of the cases upon which Plaintiffs rely supports the position they take with regard to work product protection.

**I. Plaintiffs' Correspondence Is Not Protected Under Rule 26(b)(3) Or The Common Law**

Plaintiffs' assert that Plaintiffs' Correspondence to the government is within the spirit of the work product doctrine and that the common law protection is broader than that afforded under Rule 26. April 30 Letter at 2. But Plaintiffs' resort to the common law is not particularly helpful because the result is the same: Plaintiffs sent letters to the federal government and accordingly those communications are no longer work product protected. Indeed, under Plaintiffs' logic, they would be able to prevent the federal government from disclosing the letters the government received because such letters are Plaintiffs' protected work product. Nothing in law or logic permits the Plaintiffs to send letters to third parties and then control the further disclosure of those letters.

Indeed, serving discovery requests on other parties (whether by Rule 34, Rule 45, or FOIA) is by its nature an adversarial process that destroys work product protection. In fact, the conflicts of interest in such discovery are inherent and recognized by the rules of ethics. *See* ABA Op. 92-367 1992 (noting a conflict of interest when a lawyer representing one client serves discovery upon another client). Here, that adversarial process is reflected both in the letters themselves and by virtue of the fact that Plaintiffs had to sue the federal government over their FOIA requests. *See Cozen O'Connor v. U.S. Dep't of the Treasury,* 570 F.Supp.2d 749 (E.D.Pa. 2008).

The analogies to Rule 34 and 45 are plain. Plaintiffs' three attempts to distinguish those rules prove feeble. *See* April 30 Letter at 3-4. First, Plaintiffs argue that unlike Rules 34 and 45, there is no rule requiring Plaintiffs to serve FOIA requests on adversaries. This reasoning is flawed for several reasons. The reason Rules 34 and 45 require service is that a requesting party has no protectable work product interest in document requests to third parties. The same is true of a FOIA request. Instead, the disclosure of such requests minimizes the burdens associated with discovery (including by reducing duplicative discovery) and ensures that information collected during the discovery process is equally accessible to all parties. Moreover, Plaintiffs ignore that Rules 26 and 34 require Plaintiffs to produce all relevant documents that are responsive to a party's document requests. Plaintiffs have conceded the relevance of the documents at issue.

Second, Plaintiffs attempt to distinguish Rules 34 and 45 by asserting that parties are not required to produce correspondence regarding the negotiation of the scope of responses to Rule 34 and 45 document requests. Plaintiffs cite no support for this proposition. Indeed, nothing in Rules 34 and 45 protect such "negotiation" letters. Instead, such letters are subject to document production just like any other relevant document in a case. *See Ricoh Co. v. Aeroflex*, 219 F.R.D. 66, 70 (S.D.N.Y. 2003) (allowing party to subpoena documents and deposition testimony from third party including communications with opposing party related to a subpoena). Plaintiffs' unsupported view that production of such documents regarding negotiation of discovery disputes would create "disorder and a quagmire that would threaten litigation" is at odds with the reality of litigation, where parties frequently copy their adversaries on such negotiation communications.

Third, Plaintiffs assert that "even under Rules 34 and 45, work product need not be produced." April 30 Letter at 4. That argument is simply beside the point. The issue is whether the requests themselves are protected work product. Rules 34 and 45 make clear that such document requests are not. The same result should apply in the FOIA context.

## II. Government Correspondence Is Not Protected Under Rule 26(B)(3) Or Common Law

Plaintiffs' effort to claim work product protection over correspondence created by the federal government (at taxpayers' expense) fairs no better. Plaintiffs contend that such correspondence is work product protected because those letters were "prepared 'for' a party or its representative," namely, Plaintiffs and their counsel. April 30 Letter at 4; *see also Bodega Invs., LLC v. United States*, 08 Civ. 4065 (RMB)(MHD), 2009 U.S. Dist. LEXIS 48513, at *8 (S.D.N.Y. May 14, 2009) (recognizing work product protection only if it is "prepared by a litigant or by someone else on the litigant's behalf").

The government did not prepare its letters for Plaintiffs as an agent of Plaintiffs or to assist Plaintiffs with this litigation. Instead, the government prepared its letters on its own behalf pursuant to its own legal requirements to do so. *See Ricoh*, 219 F.R.D. at 69 (noting "documents prepared by one who is not a party in the case at bar are not protected by Rule 26(b)(3)" and

refusing to extend work product protection to documents of a non-party without "any interest in the action").

Plaintiffs' reliance on case law is not persuasive. See April 30 Letter at 5. *In re Student Finance Corp.*, suggests only that, where a document is created by a third-party, work product protection can "extend to material prepared in anticipation of litigation by an attorney's '**investigators and other agents**.'" 06 MC 69, 2006 U.S. Dist. LEXIS 82225, at *37 (quoting *United States v. Nobles*, 422 U.S. 225, 238 (1975) (emphasis added)). Plaintiffs have not and cannot contend that the government served as counsel's investigator or agent, particularly given the adversarial nature of Plaintiffs' relationship with the government.

The remaining cases Plaintiffs cited to support protection of the Government Correspondence plainly do not apply and in some cases support production of the Correspondence:

- Plaintiffs contended that the *Jaroslawicz* court held that correspondence exchanged in FOIA proceedings fell within the work product doctrine. 115 F.R.D. 515 (D.N.J. 1987). However, this case expressly held that correspondence from the SEC was "not afforded any protection." *Id.* at 518.

- Plaintiffs cited *Ricoh* for holding that three emails sent by a party's attorney to a third party seeking information to develop the client's case were protected work product. 219 F.R.D. at 70. *Ricoh* does not support Plaintiffs' contention that work product protection may apply to documents created by third parties because the cited portion of the case only addresses documents created by the party's attorney, not a third party. Plaintiffs also failed to mention that the court went on to hold that the attorney had waived work product protection as to these emails by disclosing them to a non-party. More troubling, Plaintiffs failed to consider and convey *Ricoh*'s clear holding regarding emails sent from a non-party to defendant's counsel that "[c]ourts have routinely held that documents prepared by one who is not a party in the case at bar are not protected by Rule 26(b)(3)." *Id.* at 69.

- Plaintiffs' analysis of *Seven Hanover Associates v. Jones Lang La Salle Americas*, is similarly flawed. No. 04 Civ. 4143 (PAC)(MHD), 2005 WL 3358597 (S.D.N.Y. Dec. 7, 2005). This case likewise deals only with correspondence prepared by a plaintiff's attorney, not a third party. *Id.* at *1. Further, unlike here, the letter and enclosures sent to a third-party attorney contained a joint-interest and confidentiality agreement between the two attorneys, making it unlikely that the documents would be disclosed to an adversary. *Id.*

- Plaintiffs cite *Comptel v. FCC* for the proposition that "government-prepared records may be protected if they summarize information obtained from another person." 2012 U.S. Dist. LEXIS 179059, at *24 (D.D.C. Dec. 19, 2012). This is

misleading. This quote refers to the applicability of FOIA Exemption 4, not work product protection.

- Finally, neither *Tankleef v. County of Suffolk* nor *Haus v. City of New York* established that a party may assert work product protection over materials prepared by a non-party. Rather, these cases hold that a third party may prevent disclosure of its *own* work product when disclosure of that work product would implicate the purposes of attorney work product protection. *Tankleef v. County of Suffolk,* No. 09-CV-1207 (JS) (WDW), 2011 U.S. Dist. LEXIS 135691, at *3-6 (E.D.N.Y. Nov. 22, 2011); *Haus v. City of New York*, No. 03-CV-4915 (RWS) (MHD), 2006 U.S. Dist. LEXIS 85225, at *10-11 (S.D.N.Y. Nov. 17, 2006). In the present case the federal government is not seeking to withhold documents it claims to be its own protected work product.

Thus, despite an additional opportunity to support the far-fetched view that the Government Correspondence is Plaintiffs' own work product, Plaintiffs have failed to cite any persuasive or compelling authority. The Court should compel production of the Government Correspondence.

## III. Plaintiffs Waived Any Purported Work Product Protection

### A. Plaintiffs Waived Any Purported Protection By Sharing All FOIA Correspondence with the Government

Plaintiffs waived any purported work product protection by disclosing all of the FOIA Correspondence to the government in a manner that made it likely to be disclosed to Defendants through their own FIOA requests. Plaintiffs concede that work product protection is waived when it is disclosed to a third party in a manner that makes it likely to be revealed to an adversary. April 30 Letter at 8. However, Plaintiffs incorrectly contend that exchanging FOIA Correspondence with the government did not make disclosure to Defendants likely because FOIA includes exemptions that would shield the FOIA Correspondence.

That argument misses the mark because the government is free to release the correspondence as it sees fit. Plaintiffs have no control over the disclosure of information in the government's possession. In fact, some of Plaintiffs' Correspondence with the Treasury Department were publicly disclosed in FOIA litigation initiated by Plaintiffs' counsel. *See Cozen O'Connor v. U.S. Dep't of the Treasury*, 570 F.Supp.2d 749 (E.D.Pa. 2008); Exhibits to Gov.'s Mot. for Summ. J. in Cozen O'Connor v. U.S. Dep't of the Treasury (attached to Moving Defendants' Reply as Ex. 4). Such disclosure undermines several propositions in Plaintiffs' brief, including their assertions that nondisclosure has not been demonstrated beyond the actual parties to that correspondence; that Plaintiffs' counsel require nondisclosure else their behavior would be altered; and that the government is somehow Plaintiffs' agent for work product purposes. *See* April 30 Letter at 9, 10, & 4.

In any event, none of the FOIA exemptions cited by Plaintiffs apply here.[1] Plaintiffs misplace reliance on Exemption 4, which only prohibits the government's disclosure of "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4) (emphasis added). FOIA Correspondence concern only their discovery efforts and does not constitute "trade secrets and commercial or financial information." *See Pub. Citizen Health Research Group v. FDA,* 704 F.2d 1280, 1290 (D.C. Cir. 1983) (noting that in order to be protected by Exemption 4 an individual must have a "commercial or trade interest" in the record requested or the information requested must be financial in nature). Exemption 5 only prevents agencies from disclosing "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption protects only the government's internal work product. *Dep't of the Interior v. Klamath Water Users Protective Association,* 532 U.S. 1, 14 (2001) (holding that records submitted by an "outside consultant" do not qualify for attorney work product or deliberative process protection under Exemption 5). FOIA Correspondence does not satisfy that statutory criterion. Lastly, FOIA Correspondence is not subject to the government's deliberative process privilege under Exemption 5 because in addition to not being an inter-agency or intra-agency document, it is also not predecisional or deliberative. *See Tigue v. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002). A communication is predecisional only if it is "antecedent to the adoption of an agency policy," *Jordan v. Dep't of Justice,* 591 F.2d 753, 774 (D.C. Cir. 1978), and deliberative only if it is "a direct part of the deliberative process in that it makes recommendations or expresses opinion on legal or policy matters." *Vaughn v. Rosen,* 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). FOIA Correspondence is neither.

Plaintiffs cite two non-binding opinions that provide little help. First, Plaintiffs mistakenly rely on *Jaroslawicz v. Engelhard Corp.*, 115 F.R.D. 515 (D.N.J. 1987), for the proposition that FOIA Correspondence is protected despite disclosure to third parties. *Jaroslawicz* is inapposite because the documents, which related to an investigation of a corporate transaction, were submitted to the Securities and Exchange Commission as confidential commercial information subject to Exemption 4. Furthermore, the *Jaroslawicz* court did not take issue with whether Exemption 4 would shield the documents from government disclosure by FOIA request. 115 F.R.D. at 516. By contrast, Plaintiffs' Correspondence are plainly *not* subject to a FOIA exemption.

Second, Plaintiffs cite *In re Student Finance Corp.*, No. 06-MC-69, 2006 U.S. Dist. LEXIS 86603 (E.D. Pa. Nov. 29, 2006). In an unpublished decision, the court found that a broad collection of public documents, including FOIA results and requests, were protected work protect in that case. *Id.* at *47. The opinion provides little analysis and did not address why any FOIA request or response was entitled to protection, leaving it unclear whether the documents at issue were subject to a FOIA exemption or included any related correspondence. Further, the facts in that case were quite different: there, the defendant sought to enforce a third-party

[1] Plaintiffs' contention that they could object to production by the Government ignores that there is no applicable exemption here.

subpoena, seeking the entire file of a private investigator retained by attorneys for a non-party creditor. The court found that disclosure of the investigator's file (not just the FOIA materials therein) implicated the purposes for work product protection because it included work product gathered to assess potential (but never filed) causes of action and was not disclosed to anyone other than the investigator. *Id.* Here, by contrast, Plaintiffs do not seek to protect the documents produced by the government or the fact of the government contacts. Instead, they seek only to withhold certain pieces of FOIA Correspondence after having produced and made public other pieces of the same correspondence. Plaintiffs' work product assertions (1) concern already filed claims; (2) seek to burden the Defendants and the government by requiring duplicative FOIA requests for the same information; and (3) delay this litigation instead of expediting it.

### B. Plaintiffs Waived Any Purported Protection Over Government Correspondence By Selectively Producing It to Defendants

Additionally, Plaintiffs waived any purported work product protection over the Government Correspondence because they admittedly and intentionally produced to Defendants all of the attachments to the correspondence and select Government Correspondence from, for example, the Department of Justice, the Department of State, the Department of Defense, the Defense Intelligence Agency, the Central Intelligence Agency and Immigrations and Customs Enforcement regarding their FOIA requests. *See* Moving Defendant's Reply Ex. 1. Moreover, Plaintiffs seek to rely upon the underlying documents produced by the government without providing the accompanying relevant correspondence. Plaintiffs do not dispute that the scope of work product waiver is governed by Federal Rule of Evidence 502, which states that waiver extends to undisclosed communications where, "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together."[2] Fed. R. Evid. 502(a).

Instead, Plaintiffs now contend that they have not waived any work product protection because those documents were "at the time, determined not to contain work product." April 30 Letter at 6. But Plaintiffs also inconsistently contend that all pieces of the FOIA Correspondence "are work product in their entirety." *Id.* at 10. Thus, Plaintiffs waived work product protection by intentionally producing to Defendants all of the underlying attachments and certain pieces of Government Correspondence regarding FOIA requests. *See Bodega Invs., LLC*, 2009 U.S. Dist. LEXIS 48513 at *24 (holding work product protection is waived by disclosing the protected material to an adversary). Plaintiffs failed to articulate a single characteristic which distinguishes the Government Correspondence they seek to withhold. Plaintiffs do not contest that the undisclosed communications concern the same subject matter or that such correspondence is integral to an understanding of, for example, the authenticity of the documents or the nature of the redactions.[3] Plaintiffs simply ignore Defendants' contention that the Government

---

[2] While Plaintiffs extensively discussed cases that addressed the scope of waiver before the recent adoption of Rule 502, Plaintiffs ultimately acknowledge that Rule 502 provides the appropriate standard for the scope of waiver. April 30 Letter at 6.

[3] *See* April 30 Letter at 6; Plaintiffs' Privilege Log (describing communication with the identical phrase "regarding FOIA request") (attached to Moving Defendant's Motion to Compel as Ex. 3).

Correspondence ought in fairness be considered together with documents Plaintiffs already disclosed because Defendants need the Government Correspondence "to judge [the] provenance and reliability" of the documents that Plaintiffs have placed at issue. *Id.* at *20–21. Plaintiffs "may not reveal only information that is favorable to [their] case while concealing what may be unfavorable." *Id.* Here, Plaintiffs incorrectly stated that "Defendants would be required to show that Plaintiffs deliberately disclosed certain documents and not others to create a tactical advantage." April 30 Letter, at 7. This unsupported contention misstates the law, and, at best, is based on Plaintiffs' own assessment of pre-Rule 502 cases. Therefore, the Court should compel production of all of the FOIA Correspondence.

**IV. Defendants Have A Substantial Need For FOIA Correspondence**

Even assuming the FOIA Documents are work product, Defendants have a substantial need for these responsive documents. *Egiazaryan v. Zalmayev*, 11 Civ. 2760 (PKC) (GWG), 2013 U.S. Dist. LEXIS 33351, at *37 (S.D.N.Y. 2013) (work product must be produced upon a showing of "substantial need" and a "hardship" in obtaining it by alternative means)). Plaintiffs dismiss Defendants' contention that the FOIA Correspondence may have significant evidentiary value and that without them Defendants may be unable to make determinations about their credibility and admissibility as a "feeble proffer." April 30 Letter at 10. It is anything but. Because Defendants have not seen the FOIA Correspondence other than that already disclosed in discovery or in the FOIA litigation that Plaintiffs initiated, it is impossible to be certain about its importance. However given that much of Plaintiffs' evidence in this case is the fruit of FOIA requests, it is reasonable to assume that the FOIA Correspondence will be of significant evidentiary value.

Plaintiffs' argument that Defendants must demonstrate an "extraordinary justification" for production of the FOIA Correspondence is wrong. Indeed, in *In re Student Finance Corp.*, relied upon heavily by Plaintiffs, the court concluded that despite a finding of work product, "[Defendant] could nonetheless obtain [FOIA results and FOIA requests] upon a showing of <u>substantial need</u> and undue hardship . . . ." 2006 U.S. Dist. LEXIS 86603, at *47 (emphasis added). Defendants have a substantial need for the FOIA Correspondence for at least six reasons: (1) to understand the source of the FOIA documents and test authenticity; (2) to understand the redactions of the documents; (3) to put the selectively disclosed documents into context, including clarifying whether the documents are complete or potentially contain omissions; (4) to establish the non-existence of documents, which may be relevant to certain Defendants' defenses; (5) to obtain correspondence between Plaintiffs and the government concerning fact witnesses; and (6) to avoid unduly burdening government agencies by making duplicative FOIA requests.

**V. Conclusion**

For the foregoing reasons, the Moving Defendants respectfully request the Court to order Plaintiffs to produce all of the FOIA documents on Plaintiffs' Privilege Log, or in the alternative, to amend the Privilege Log to include an adequate description of each document and a

CLIFFORD

CHANCE

delineation as to which defendant each entry pertains, in order to allow Defendants to challenge individual entries on the Privilege Log.

Respectfully submitted,

Steven T. Cottreau

cc: MDL 1570 Plaintiffs' Executive Committees
Alan Kabat, Bernabei & Wachtel, PLLC