11-3294-cv(L), et al.
*In re Terrorist Attacks on September 11, 2001 (Saudi Joint Relief Comm., et al.)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2012

(Argued On: December 4, 2012                    Decided: April 16, 2013)

Docket Nos.

11-3294-cv(L), 11-3407-cv, 11-3490-cv, 11-3494-cv, 11-3495-cv, 11-3496-cv, 11-3500-cv, 11-3501-cv, 11-3502-cv, 11-3503-cv, 11-3505-cv, 11-3506-cv, 11-3507-cv, 11-3508-cv, 11-3509-cv, 11-3510-cv, 11-3511-cv, 12-949-cv, 12-1457-cv, 12-1458-cv, 12-1459-cv.

───────────────────────────────────────────

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 (SAUDI JOINT RELIEF COMMITTEE, et al.)

JOHN PATRICK O'NEILL, JR., et al.,

*Plaintiffs-Appellants*,

v.

SAUDI JOINT RELIEF COMMITTEE,
SAUDI RED CRESCENT SOCIETY,

*Defendants-Appellees.*\*

───────────────────────────────────────────

---

\* The multiple appeals arising from the underlying multi-district litigation have been grouped under the case name "*In re Terrorist Attacks on September 11, 2001*." This opinion, however, only addresses the claims against two defendants—the Saudi Joint Relief Committee ("SJRC") and the Saudi Red Crescent Society ("SRC")—dismissed by the District Court pursuant to the Foreign Sovereign Immunities Act. Accordingly, the caption above refers only to these two defendants. For the purpose of the disposition of the claims against these two defendants, the Clerk of Court is directed to amend the caption to conform to the listing of the parties shown above.

On February 9, 2012, the parties entered into a stipulation withdrawing the appeals with regard to twenty-seven defendants. Case No. 11-3294-cv(L), Dkt. No. 328. To the extent that the caption in this case includes any defendants listed in that stipulation, the Clerk of Court is directed amend the caption accordingly.

Before: CABRANES, RAGGI, *Circuit Judges*, and RAKOFF, *District Judge*.**

These appeals involve claims by families and estates of the victims of the September 11, 2001 terrorist attacks, individuals injured by the attacks, and various commercial entities that incurred damages and losses as a result of the attacks. Before us are claims under the Anti-Terrorism Act, the Alien Tort Statute, the Torture Victim Protection Act, as well as various common law tort claims against purported charities, financial institutions, and other individuals who allegedly provided support and resources to Osama Bin Laden and al Qaeda. The United States District Court for the Southern District of New York (George B. Daniels, *Judge*), granted judgment in favor of seventy-six defendants, dismissing them on various grounds, including: (1) lack of personal jurisdiction; (2) failure to state a claim upon which relief can be granted; and (3) immunity from suit pursuant to the Foreign Sovereign Immunities Act ("FSIA").

This opinion involves only two defendants, the Saudi Joint Relief Committee ("SJRC") and the Saudi Red Crescent Society ("SRC"), that were dismissed from this action pursuant to the FSIA. That statute generally confers upon foreign states and their instrumentalities immunity from the jurisdiction of the courts of the United States.

The question addressed in this opinion is whether the actions of the SJRC and SRC satisfy the requirements of the noncommercial tort exception, which provides an exception to FSIA immunity when money damages are sought against a foreign state or its instrumentalities "for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment." 28 U.S.C. § 1605(a)(5). Because the alleged "torts" committed by the SJRC and the SRC occurred outside the United States, we

---

** The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

2

conclude that the noncommercial tort exception does not apply in this case. Accordingly, we affirm the judgment of the District Court in favor of these two defendants.

Affirmed.

> SEAN P. CARTER (Stephen A. Cozen, Elliott R. Feldman, Cozen O'Connor, Philadelphia, PA; Ronald L. Motley, Robert T. Haefele, Motley Rice, LLC, Mount Pleasant, SC; Carter G. Phillips, Richard Klingler, Sidley Austin, LLP, Washington, DC; Andrea Bierstein, Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP, New York, NY; Robert M. Kaplan, Ferber Chan Essner & Coller, LLP, New York, NY; James P. Kreindler, Justin T. Green, Andrew J. Maloney, III, Kreindler & Kreindler LLP, New York, NY; Jerry S. Goldman, Anderson Kill & Olick, P.C., New York, NY; Chris Leonardo, Adams Holcomb LLP, Washington, DC, *on the brief*), Cozen O'Connor, Philadelphia, PA, *for Plaintiffs-Appellants on Foreign Sovereign Immunities Act Issues.*
>
> MICHAEL K. KELLOGG (Gregory G. Rapawy, Brendan Crimmins, William J. Rinner, *on the brief*), Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC, Washington, DC, *for Defendant-Appellee Saudi Joint Relief Committee.*
>
> Lynne Bernabei, Alan R. Kabat, Bernabei & Wachtel, PLLC, Washington, DC, *for Defendant-Appellee Saudi Red Crescent Society.*[1]

JOSÉ A. CABRANES, *Circuit Judge*:

These appeals involve claims by families and estates of the victims of the September 11, 2001 terrorist attacks, individuals injured by the attacks, and various commercial entities that incurred damages and losses as a result of the attacks (jointly, "plaintiffs"). Before us are claims under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, the Alien Tort Statute ("ATS"), 28 U.S.C.

---

[1] Due to the large number of attorneys involved in these appeals, we only list here the attorneys representing the SJRC and the SRC, and the attorneys for the plaintiffs involved in the argument and briefing of the FSIA issues.

3

§ 1350, the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 note, as well as various common law tort claims against purported charities, financial institutions, and other individuals who are alleged to have provided support and resources to Osama Bin Laden and al Qaeda. The United States District Court for the Southern District of New York (George B. Daniels, *Judge*), granted judgment in favor of seventy-six defendants, dismissing them on various grounds, including: (1) lack of personal jurisdiction; (2) failure to state a claim upon which relief can be granted; and (3) immunity from suit pursuant to the Foreign Sovereign Immunities Act ("FSIA").

Due to the logistical challenges associated with these appeals, we address the various issues they raise in separate decisions. This opinion involves only two defendants that were dismissed from this action pursuant to the FSIA—the Saudi Joint Relief Committee ("SJRC") and the Saudi Red Crescent Society ("SRC"). In separate opinions filed today, we address the claims against the defendants dismissed by the District Court for lack of personal jurisdiction, as well as the claims against the defendants dismissed by the District Court for failure to state a claim upon which relief can be granted.

Generally, the FSIA confers upon foreign states and their instrumentalities immunity from the jurisdiction of the courts of the United States. *See* 28 U.S.C. § 1604. The question addressed in this opinion is whether the actions of the SJRC and the SRC satisfy the requirements of the noncommercial tort exception, which provides an exception to FSIA immunity when money damages are sought against a foreign state or its instrumentalities "for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment." *Id.* § 1605(a)(5). Because the alleged "torts" committed by the SJRC and the SRC occurred outside the United States, we conclude that the noncommercial tort

4

exception does not apply in this case. Accordingly, we affirm the judgment of the District Court in favor of the SJRC and the SRC.

## BACKGROUND

The SJRC and the SRC purportedly are humanitarian relief organizations established and sponsored by the Kingdom of Saudi Arabia. In 2004 and 2005, after being named as defendants for allegedly providing financial support to Osama Bin Laden and al Qaeda, the SJRC and the SRC filed motions to dismiss the action, claiming, *inter alia*, immunity from the jurisdiction of the courts of the United States as instrumentalities of a foreign state, pursuant to the FSIA. *See* 28 U.S.C. §§ 1603(a), 1604 (providing that foreign states and their instrumentalities are "immune from the jurisdiction of the courts of the United States" unless certain specified exceptions apply).

Plaintiffs argued that the FSIA's noncommercial tort exception, 28 U.S.C. § 1605(a)(5), applied to the actions of the SJRC and the SRC, and thus, that the SJRC and the SRC lacked jurisdictional immunity.[2] The SJRC and the SRC replied, however, that the noncommercial tort exception to the immunity from suit conferred by the FSIA did not apply because: (1) plaintiffs failed to allege that the "entire tort" occurred in the United States; (2) the "discretionary function" exclusion to the FSIA's noncommercial tort exception applied, *see id.* § 1605(a)(5)(A); and (3) plaintiffs did not plead the necessary causation to satisfy the FSIA's noncommercial tort exception.

In 2008, while the claims against the SJRC and the SRC were pending before the District Court, we affirmed the District Court's dismissal of certain similarly-situated defendants in this

---

[2] Section 1605(a)(5), the so-called noncommercial tort exception, provides:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case— . . . in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment . . . .

28 U.S.C. § 1605(a)(5).

5

multi-district litigation—namely, the Kingdom of Saudi Arabia and the Saudi High Commission. *See In re Terrorist Attacks on September 11, 2001*, 538 F.3d 71 (2d Cir. 2008) ("*In re Terrorist Attacks III*"). The District Court had dismissed the claims against the Kingdom of Saudi Arabia and the Saudi High Commission pursuant to the FSIA, *see In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 555 (S.D.N.Y. 2005) ("*In re Terrorist Attacks II*"); *In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 803-04 (S.D.N.Y. 2005) ("*In re Terrorist Attacks I*"), concluding that their immunity from suit had been preserved by the "discretionary function" exclusion to the FSIA's noncommercial tort exception;[3] the "discretionary function" exclusion provides that a foreign sovereign retains immunity under the FSIA even if its act or omission is deemed to be tortious if the act is "based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion [is] abused," 28 U.S.C. § 1605(a)(5)(A).

In *In re Terrorist Attacks III*, we affirmed the District Court's dismissal of the claims asserted against the Kingdom of Saudi Arabia and the Saudi High Commission, but on an alternative basis. *See* 538 F.3d at 89-90. In particular, we held that the FSIA's noncommercial tort exception cannot apply to claims based on alleged involvement in terrorist activities, because "claims based on terrorism must be brought under the Terrorism Exception, and not under any other FSIA exception." *Id.* at 90.[4] In light of our holding in *In re Terrorist Attacks III*, plaintiffs conceded that their claims against the SJRC and the SRC must be dismissed, and the District Court dismissed those

---

[3] As noted above, *see* note 2, *ante*, the noncommercial tort exception sets forth certain conditions under which a foreign state will not be immune from suit pursuant to the FSIA. *See* 28 U.S.C. § 1605(a)(5). However, "[t]he discretionary function exception preserves the immunity of a sovereign nation when it would otherwise be abrogated by the [noncommercial tort] exception 'if two conditions are met: (1) the acts alleged to be negligent must be discretionary, in that they involve an element of judgment or choice and are not compelled by statute or regulation, and (2) the judgment or choice in question must be grounded in considerations of public policy or susceptible to policy analysis.'" *USAA Cas. Ins. Co. v. Permanent Mission of Republic of Namib.*, 681 F.3d 103, 111-12 (2d Cir. 2012) (quoting *Coulthurst v. United States*, 214 F.3d 106, 109 (2d Cir. 2000)).

[4] In reaching this conclusion, we noted that the defendants had "raise[d] three other challenges to the application of [the FSIA's] Torts Exception," but we found it "unnecessary to reach th[o]se additional arguments" in light of our decision to affirm the judgment of the District Court on an alternative basis. *In re Terrorist Attacks III*, 538 F.3d at 90 n.15.

6

claims on June 17, 2010.  *See In re Terrorist Attacks on September 11, 2001*, 718 F. Supp. 2d 456, 467 & n.4 (S.D.N.Y. 2010) ("*In re Terrorist Attacks IV*").

In November 2011, however, we decided *Doe v. Bin Laden*, 663 F.3d 64 (2d Cir. 2011), which revisited the issue of whether the FSIA's noncommercial tort exception and terrorism exception are mutually exclusive.  Through use of this Court's "mini-*en banc*" procedure, *see Shipping Corp. of India v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 67 & n.9 (2d Cir. 2009) (describing the "*mini-en banc*" procedure), we partially overruled our judgment in *In re Terrorist Attacks III*, holding that "the terrorism exception, rather than limiting the jurisdiction conferred by the noncommercial tort exception, provides an additional basis for jurisdiction," *Doe*, 663 F.3d at 70.

Following our decision in *Doe*, plaintiffs now argue (1) that the District Court erred by dismissing the SJRC and the SRC for want of jurisdiction pursuant to the FSIA, and (2) that we should vacate the District Court's judgment with regard to the SJRC and the SRC and remand that portion of this action to the District Court for further proceedings, including a regular course of discovery.  The SJRC and the SRC do not dispute that *Doe* overruled the stated basis for the District Court's decision to dismiss them from this lawsuit or that the District Court's judgment dismissing the claims against them must be modified or vacated insofar as it relies on the *In re Terrorist Attacks III* holding.  They argue, however, that the judgment of the District Court can and should be affirmed because FSIA's noncommercial tort exception does not apply to their actions for the three reasons initially outlined in their 2004 and 2005 motions to dismiss.  *See* Dist. Ct. Dkt. Nos. 631-1, 1175 (arguing that the FSIA's noncommercial tort exception does not apply because: (1) plaintiffs fail to allege that the "entire tort" occurred in the United States; (2) the "discretionary function" exclusion to the FSIA's noncommercial tort exception applies; and (3) plaintiffs do not plead the necessary causation).

7

## DISCUSSION

### A. Standard of Review

"The standard of review applicable to district court decisions regarding subject matter jurisdiction under the FSIA is clear error for factual findings and *de novo* for legal conclusions," *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 150-51 (2d Cir. 2001) (citing *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 930 (2d Cir. 1998)), "accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff[s'] favor," *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).

As noted, there is no dispute that the District Court's stated reason for dismissing the claims against the SJRC and the SRC is no longer valid in light of *Doe*. We therefore consider whether any of the three alternate arguments raised by the SJRC and the SRC justify affirming the judgment of the District Court. *See, e.g.*, *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) ("[W]e are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied." (citing *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000))); *see also Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990) (same).

### B. Jurisdiction

"It is well settled that the only source of subject matter jurisdiction over a foreign sovereign [or its instrumentalities] in the courts of the United States is [the FSIA]." *Garb v. Republic of Poland*, 440 F.3d 579, 581 (2d Cir. 2006). The parties do not dispute that the SJRC and the SRC qualify as instrumentalities of a foreign sovereign within the meaning of the FSIA. *See* 28 U.S.C. § 1603(b).[5]

---

[5] In full, 28 U.S.C. § 1603(b) provides:

> **(b)** An "agency or instrumentality of a foreign state" means any entity—
>
> **(1)** which is a separate legal person, corporate or otherwise, and

8

"Once the defendant presents a prima facie case that it is a foreign sovereign [or an instrumentality of a foreign sovereign], the plaintiff has the burden of going forward with evidence showing that, under exceptions to the FSIA, immunity should not be granted, although the ultimate burden of persuasion remains with the alleged foreign sovereign." *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1016 (2d Cir. 1993) (citation omitted). The FSIA thus establishes a general rule of immunity from the jurisdiction of the courts in the United States, except as provided by certain statutory exceptions.[6] *See* 28 U.S.C. § 1604. With respect to the claims against the SJRC and

---

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

[6] These exceptions to the FSIA's jurisdictional immunity from suit are set out in 28 U.S.C. § 1605(a), which provides:

**(a)** A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

**(1)** in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

**(2)** in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

**(3)** in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

**(4)** in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

**(5)** not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

9

the SRC, the only relevant exception is the noncommercial tort exception.[7] *See id.* § 1605(a)(5); *see also* note 3, *ante*.

### C. The Noncommercial Tort Exception to the FSIA and the "Entire Tort" Rule

As noted, the FSIA's noncommercial tort exception provides:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case— . . . in which money damages are sought against a foreign state for personal injury or death, or damage to or

---

> (A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or
>
> (B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or
>
> (6) in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607, or (D) paragraph (1) of this subsection is otherwise applicable.

[7] The FSIA's terrorism exception, *see* 28 U.S.C. § 1605A(a), does not apply to the SJRC or the SRC because that exception is only available against a nation that has been designated by the United States government as a state sponsor of terrorism at the time of, or due to, a terrorist act. Section 1605A(a) provides, in relevant part:

> **(a) In general.—**
>
> **(1) No immunity.—**A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.
>
> **(2) Claim heard.—**The court shall hear a claim under this section if—
>
>> **(A)(i)(I)** the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section . . . .

Currently, the Secretary of State has designated only four states as state sponsors of terrorism: Cuba, Iran, Sudan, and Syria. United States Department of State, State Sponsors of Terrorism, http://www.state.gov/j/ct/list/c14151.htm (last visited Mar. 13, 2013).

10

> loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment.

28 U.S.C. § 1605(a)(5). For this exception to apply, however, the entire tort must be committed in the United States. This so-called "entire tort" rule was first articulated by the Supreme Court in *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428 (1989). In that case, the Supreme Court considered whether courts in the United States had jurisdiction over a suit brought by two Liberian corporations against the Argentine Republic to recover damages stemming from a tort allegedly committed by Argentina's armed forces on the high seas in violation of international law. *Id.* at 431. The Court held that the action was barred by the FSIA, holding that the noncommercial tort exception "covers only torts occurring within the territorial jurisdiction of the United States." *Id.* at 441.

After *Amerada Hess Shipping Corporation* was decided, we described and explained the "entire tort" rule in *Cabiri v. Government of Ghana*, 165 F.3d 193 (2d Cir. 1999), noting that "[a]lthough [the words of the statute are] cast in terms that may be read to require that only the injury rather than the tortious acts occur in the United States, the Supreme Court has held that this exception 'covers only torts occurring within the territorial jurisdiction of the United States.'" *Id.* at 200 n.3 (quoting *Amerada Hess Shipping Corp.*, 488 U.S. at 441). At least two of our sister circuits have applied the "entire tort" rule as well. *See O'Bryan v. Holy See*, 556 F.3d 361, 382 (6th Cir. 2009) ("We join the Second and D.C. Circuits in concluding that in order to apply the tortious act exception, the 'entire tort' must occur in the United States. This position finds support in the Supreme Court's decision in *Amerada Hess Shipping* . . . ."); *Asociacion de Reclamantes v. United Mexican States*, 735 F.2d 1517, 1525

11

(D.C. Cir. 1984) ("Even if the [alleged tort] had the effect of retroactively rendering the prior acts on United States soil tortious, at the very least the entire tort would not have occurred here . . . .").[8]

Here, plaintiffs do not claim that the "torts" allegedly committed by the SJRC and the SRC occurred in the United States. They assert instead that the injuries and damage caused by the September 11, 2001 attacks in the United States were related to, and a result of, the actions taken by the SJRC and the SRC abroad—namely, allegedly contributing financial and other resources to support Osama Bin Laden and al Qaeda.[9] Plaintiffs' FSIA Reply Br. 9. But such allegations are insufficient to satisfy the requirements of the FSIA's noncommercial tort exception, and thus, cannot strip the SJRC and the SRC of their jurisdictional immunity from suit.

Even though plaintiffs assert that "[t]he September 11th Attack was a direct, intended and foreseeable product of participation [by the SJRC and the SRC] in al Qaida's jihadist campaign," Joint App'x 3809-10, they do not allege that the SJRC or the SRC participated in the September 11, 2001 attacks or committed any tortious act in the United States. Nor do plaintiffs allege that any employees of the SJRC and SRC—or anyone controlled by these entities—committed a tortious act in the United States. Rather, they argue that the SJRC and the SRC can be held liable simply because "personal injury, death or property damage occur[red] in the United States." Plaintiffs' FSIA Reply Br. 3. But such allegations are not enough; plaintiffs do not allege that the SJRC or the

---

[8] The FSIA's legislative history also supports the proposition that the noncommercial tort exception should apply to relatively few situations. Indeed, one of our sister circuits has noted that the primary purpose of this exception to the FSIA "was to enable officials and employees of foreign sovereigns to be held liable for the traffic accidents which they cause in this country, whether or not in the scope of their official business." *Asociacion de Reclamantes*, 735 F.2d at 1525 (citing H.R. Rep. No. 94-1487, at 20-21, *reprinted in* 1976 U.S.C.C.A.N. 6604, 6619-20).

[9] Specifically, plaintiffs' allegations with regard to the SJRC are that it "diverted more than $74 million to al Qaida members and loyalists," Joint App'x 3793; "served as a cover for several al Qaida operatives," *id.*; and "has been connected to Osama bin Laden and two of his top operatives," *id.* at 851. In one of their supplemental RICO statements, plaintiffs also assert that the SJRC's "involvement with terrorist attacks in Albania, Kosovo, Egypt, Tanzania and Kenya" has been discussed publicly. *Id.* at 2484. With regard to the SRC, plaintiffs allege that it was a purported charitable organization that provided support for the mujahideen in Afghanistan, *id.* at 3808; that it "redirected its efforts towards the fulfillment of the objectives of . . . al Qaida" following the withdrawal of Soviet troops from Afghanistan, *id.* at 3808; and that SRC employees "have repeatedly been implicated in al Qaida attacks and plots," *id.* at 3809.

12

SRC committed a single tortious act in the United States. Put another way, plaintiffs attempt to hold the SJRC and the SRC liable for providing funding and other aid to entities that purportedly supported al Qaeda, but the actions allegedly taken by the SJRC and the SRC in this regard took place completely outside the United States. As *all of the tortious conduct* allegedly committed by the SJRC and the SRC occurred abroad,[10] plaintiffs' allegations cannot satisfy the noncommercial tort exception to the immunity conferred by the FSIA, and therefore, courts in the United States lack jurisdiction to consider these claims against the SJRC and the SRC.[11]

Plaintiffs argue, alternatively, that even if we conclude that the FSIA bars this action against the SJRC and the SRC, we nevertheless should remand this action so that the District Court can consider these arguments in the first instance. *See* Plaintiffs' FSIA Reply Br. 4-5 (citing *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000)). We disagree.

First, as noted above, it is well established that we can affirm the dismissal of a complaint on any basis supported by the record. *See, e.g.*, *Leecan*, 893 F.2d at 1439. Second, a central purpose of the FSIA is to "enable a foreign government to obtain an early dismissal when the substance of the claim against it does not support jurisdiction." *Robinson v. Gov't of Malay.*, 269 F.3d 133, 146 (2d Cir. 2001). As no relevant facts are in dispute, remanding the matter to the District Court at this juncture of a prolonged litigation would simply delay the inevitable and keep the SJRC and the SRC in this lawsuit longer than appropriate. Third, we recently concluded that a district court's judgment should be affirmed on an "alternative ground" when a plaintiff "fail[s] to make the threshold

---

[10] Although the September 11, 2001 attacks constitute a "tort," the SJRC and the SRC are not alleged to have participated in that "tort." Instead, the "torts" allegedly committed by the SJRC and the SRC only involve giving money and aid to purported charities that supported al Qaeda. *See* note 9, *ante*. The September 11, 2001 attacks thus are distinct and separate from the "torts" allegedly committed by the SJRC and the SRC.

[11] Because we conclude that the noncommercial tort exception does not apply in this context due to plaintiffs' failure to satisfy the "entire tort" rule, we find it unnecessary to consider the "discretionary function" exclusion and causation arguments raised by the SJRC and the SRC. For background on the "discretionary function" exclusion and causation questions, see generally *USAA Cas. Ins. Co.*, 681 F.3d at 111-12 (discussing "discretionary function" exclusion); *Robinson v. Gov't of Malay.*, 269 F.3d 133, 144-46 (2d Cir. 2001) (discussing causation).

13

showing necessary to invoke" an exception to the FSIA. *Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Ger.*, 615 F.3d 97, 113 (2d Cir. 2010). As plaintiffs have failed to make a threshold showing that an exception to the FSIA is applicable to the SJRC and the SRC, we affirm the judgment of the District Court on this alternative basis.

## CONCLUSION

To summarize:

(1) The District Court's judgment, insofar as it dismissed claims against the SJRC and the SRC pursuant to our decision in *In re Terrorist Attacks on September 11, 2001*, 538 F.3d 71, 89-90 (2d Cir. 2008) (holding that the FSIA's noncommercial tort exception could not apply to claims based on alleged involvement in terrorist activities), was error in light of our supervening decision in *Doe v. Bin Laden*, 663 F.3d 63, 70 (2d Cir. 2011) (holding that the FSIA's terrorism exception does not limit the jurisdiction conferred by the noncommercial tort exception, but rather, provides an additional basis for jurisdiction).

(2) Despite the fact that the basis for the District Court's dismissal of the SJRC and the SRC is no longer good law, we may affirm the judgment of the District Court on any ground that finds support in the record, and we conclude that the record establishes that the alleged "torts" committed by the SJRC and the SRC occurred outside the United States.

(3) Because the alleged "torts" committed by the SJRC and the SRC occurred outside the United States, the noncommercial tort exception to the immunity from suit conferred by the Foreign Sovereign Immunities Act does not apply in these circumstances pursuant to the "entire tort" rule, and thus, we lack jurisdiction to consider plaintiffs' claims against the SJRC and the SRC.

14

For these reasons, we **AFFIRM** the judgment of the District Court insofar as it dismissed plaintiffs' claims against the SJRC and the SRC pursuant to the Foreign Sovereign Immunities Act for want of jurisdiction.