**Exhibit 4**

Declaration of H.E. Adel A. Al-Jubeir (Aug. 27, 2013).

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:  TERRORIST ATTACKS ON )<br>SEPTEMBER 11, 2001 ) | Civil Action No. 03 MDL 1570 (RCC) |

This document relates to:

| | |
|---|---|
| FEDERAL INSURANCE CO., et al., )<br>       Plaintiffs, )<br>v. )<br>AL QAIDA, et al., )<br>       Defendants. ) | Civil Action No. 03 CV 6978 (RCC) |

## DECLARATION OF H.E. ADEL BIN AHMED AL-JUBEIR

IN THE NAME OF ALLAH, THE MERCIFUL, THE COMPASSIONATE, I, Adel bin Ahmed Al-Jubeir, state as follows:

1.  I have served as an official of the Government of Saudi Arabia, including as a member of the Foreign Service of the Kingdom of Saudi Arabia, for more than 26 years.  I was first appointed to the Kingdom's Foreign Service and to the Royal Embassy of Saudi Arabia in Washington, D.C., in 1987.  In the fall of 2000, I was named Foreign Affairs Advisor in the Court of the then Crown Prince Abdullah bin Abdulaziz Al-Saud.  Upon ascending to the throne, The Custodian of the Two Holy Mosques, King Abdullah bin Abdulaziz appointed me to the position of Advisor at the Royal Court in August 2005 and to my current position, as the Ambassador to the United States, in 2007.  The information set forth herein is based upon my personal knowledge and expertise, except as otherwise stated.  The submission of this declaration is not intended, in any way, to waive the diplomatic and sovereign immunities

afforded to the government of the Kingdom of Saudi Arabia and its officials under United States law.

2.      I submit this declaration in support of the motion to dismiss based on sovereign immunity filed by Dr. Abdul Rahman Al-Swailem.  For the reasons set forth herein, my Government respectfully requests this Court grant the motion to dismiss.

3.      In 1989, Dr. Al-Swailem was appointed by the Saudi Council of Ministers to the position of Deputy Minister for Executive Affairs, Ministry of Health.  In 1998, the then Custodian of the Two Holy Mosques, King Fahd bin Abdulaziz appointed Dr. Al-Swailem to be the President of the Saudi Red Crescent Society (the "Saudi Red Crescent"), a position he held until 2005, when he joined the Kingdom's Consultative Council, the *Majlis Al- Shura*.  From 1999 through 2005, Dr. Al-Swailem also served as the President of the Saudi Joint Relief Committee (the "SJRC").

4.      The Saudi Red Crescent and the SJRC are humanitarian relief organizations established and sponsored by the Kingdom of Saudi Arabia.  The Saudi Red Crescent Society was founded in 1935.  In June 1963, it was formally acknowledged by Royal Decree.  The government continues to fund and control it.  It was accepted as a member of the International Committee of the Red Cross in August 1963, now called the International Federation of Red Cross and Red Crescent Societies. It provides emergency medical services and related programs within Saudi Arabia, including a nationwide ambulance network, health clinics, first aid safety, and road accident emergency services, and supports the efforts to ensure the health of over two million pilgrims on the annual Hajj to Makkah.  It also supports humanitarian operations in other countries.

5.      As part of his role as President of the Saudi Red Crescent, Dr. Al-Swailem was elected during the International Conference of the Red Cross and Red Crescent Movement in November 2000 as a member in the Standing Commission of the Red Cross and Red Crescent. The Standing Commission's functions included arranging the International Conference and the meetings of the Council of Delegates. The Standing Commission consists of National Society members, including the Saudi Red Crescent.

6.      The SJRC was established in 1999, through a High Order issued by the then Custodian of the Two Holy Mosques,  King Fahd bin Abdulaziz, in direct response to the catastrophic humanitarian crisis triggered by the civil war in the former Republic of Yugoslavia. Its original purpose was to coordinate Saudi Arabia's humanitarian relief efforts on behalf of displaced Muslim refugees in Kosovo. That same year, the Kingdom issued a second High Order to expand the scope of the SJRC's mission to include relief work for victims of the ongoing hostilities in Chechnya, but at all times its efforts were limited to charitable and humanitarian efforts. The SJRC acted in concert with other international agencies (including the United Nations) to provide aid to hundreds of thousands of Muslims displaced from and within Kosovo and by the war between Chechen fighters and Russia. The SJRC is staffed with members of Saudi Arabia's economic and foreign-affairs agencies. (Since the creation in February 2004 of the Saudi National Committee for Aid and Charitable Work Abroad, the SJRC has begun to wind down its operations and currently functions primarily in an administrative capacity.)

7.      The Saudi Red Crescent and the SJRC have played and continue to play a crucial role in fulfilling core governmental functions with direct political, social, and foreign-policy implications. I understand that plaintiffs also named the Saudi Red Crescent and the SJRC as

defendants in this litigation. I also understand that this Court and the U.S. Court of Appeals for the Second Circuit have ruled that the Saudi Red Crescent and the SJRC are agencies or instrumentalities of the Kingdom and are entitled to sovereign immunity in this litigation, and that those entities accordingly have been dismissed from the case.[1] It should follow that Dr. Al-Swailem, who has been named as a defendant in this litigation as a consequence of his role as President of those sovereign entities, is likewise entitled to sovereign immunity.

8.     I have been advised that the claims against Dr. Al-Swailem in this litigation are based on his roles as head of the Saudi Red Crescent and the SJRC. In those capacities, Dr. Al-Swailem acted at all relevant times as an official of the Saudi government. Nothing in this Declaration may be interpreted as a limited, partial, or complete waiver of Dr. Al-Swailem's sovereign immunity by the Government of Saudi Arabia, nor the consent of my government in any way to submit to the jurisdiction of the Court on this issue.

Executed on August 27, 2013, in Washington, D.C.

Adel bin Ahmed Al-Jubeir

Seal: Royal Embassy of Saudi Arabia

---

[1] See In re Terrorist Attacks on Sept. 11, 2001 (Saudi Joint Relief Committee, et al.), 714 F.3d 109, 114, 118 (2d Cir. 2013) (affirming the district court's judgment dismissing plaintiffs' claims against the Saudi Red Crescent and the SJRC as barred by sovereign immunity), aff'g, 718 F. Supp. 2d 456, 467 & n.4 (S.D.N.Y. 2010).

4

**Exhibit 5**

Plaintiffs' First Set of Jurisdictional Requests for Production of Documents
Directed to Abdul Rahman Al-Swailem (Aug. 22, 2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

*This document relates to:*

*Federal Insurance Co., et al. v. Al Qaida, et al.,* No. 03 Civ. 6978

**PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF**
**DOCUMENTS DIRECTED TO ABDUL RAHMAN AL SWAILEM**

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES
August 22, 2013

**PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF
DOCUMENTS DIRECTED TO ABDUL RAHMAN AL SWAILEM**

Plaintiffs in *Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978,
propound and serve on Abdul Rahman al Swailem (hereinafter "Defendant" or "Swailem"), the
following Jurisdictional Requests for Production of Documents to be answered fully and under
oath, pursuant to Rule 34 of the Federal Rules of Civil Procedure, within 30 days of their receipt.

## INSTRUCTIONS

1.      In producing documents and other things, Defendant is requested to furnish all
documents or things in his possession, custody or control, regardless of whether such documents
or things are possessed directly by Defendant or by Defendant's employees, agents, attorneys,
accountants, auditors, investigators, or other representatives.

2.      Documents are to be produced in full; redacted documents will not constitute
compliance with this request.  If any requested document or thing cannot be produced in full,
Defendant is requested to produce it to the extent possible, indicating which document or portion
of that document is being withheld and the reason that document is being withheld.

3.      In producing documents, Defendant is requested to produce the original of each
document requested together with all non-identical copies and drafts of that document.  If the
original of any document cannot be located, an identical copy shall be provided in lieu thereof,
and shall be legible and bound or stapled in the same manner as the original.

4.      Documents shall be produced as they are kept in the usual course of business or
the documents shall be organized and labeled to correspond to the categories in this request.  All
documents shall be produced in the file folder, envelope, or other container in which the
documents are kept or maintained by Defendant.  If, for any reason, the container cannot be
produced, produce copies of all labels or other identifying marks.

5.      Documents shall be produced in such fashion as to identify any organization, department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

6.      Documents attached to each other should not be separated.

7.      If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in Defendant's possession, custody or control, they shall be identified as completely as possible including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

8.      Documents shall be produced in such fashion as to identify which request(s) they are responsive to.

9.      Each of these requests shall be continuing.  If at any time after production of these requests any information becomes available that calls for any supplement to a previous response, provide such documents within a reasonable time period from the time when it becomes available.

10.     If Defendant asserts a privilege or other authorized protection with respect to any document requested herein, Defendant is required to provide a privilege log that conforms with the requirements set out in the November 19, 2012 Order Governing Identification of Privileged Documents (ECF No. 2644), including providing the following information concerning each document withheld:

a.    The type of document or information (e.g., letter, notebook, telephone conversation, etc.);

b.    The general subject matter of the document;

c.    The date of the document;

d.    The authors of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;

e.    If the document is an electronic document, its file size; and

f.    The basis for the privilege or protection claimed, and if the privilege is governed by state law, the state's privilege rule being invoked.

11.    For the purpose of these discovery requests, except to the extent specifically indicated in the "Definitions" section of this Set of Requests, the words used herein are considered to have, and should be understood to have, their ordinary, every day meaning and Plaintiffs refer Defendant to any collegiate dictionary such as *Webster's New World Dictionary,* Second College Edition by Prentice Hall Press.  In the event Defendant asserts that the wording which has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other boiler plate objections to avoid squarely addressing the specific discovery request, Plaintiffs refer Defendant to *Webster's Dictionary* for the plain meaning of the terms defined herein.

12.    If you object to any request for production on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this action, you should state what you contend to be the proper scope of the request for production and respond in accordance with what you contend is the proper scope.

13.     Unless otherwise specified, the relevant scope of discovery will be for the time period from January 1, 1992 through the present.

## DEFINITIONS

1.     All terms used herein that are defined in Local Civil Rule 26.3 have the meaning as defined therein.  To the extent that any term is defined herein in a manner that is inconsistent with Local Civil Rule 26.3, the rule governs.

2.     The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

3.     The term "identify" when used with reference to an individual person shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.     The term "identify" when used with reference to a document shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipients(s).

5.     The term "identify" when used with reference to an oral communication, discussion, conversation or any other oral statement, shall mean to (i) identify the person who made the communication and person(s) to whom the communication was directed; (ii) state the date, time and place of such communication; (iii) describe in detail the substance of each communication and state the contents of the communication in verbatim if possible; (iv) identify

any other persons present when the communication was made; and (v) identify any documents relating to the communication.

6.     The term "identify" when used with reference to an organization or business entity, shall mean to (i) state the formal title of the organization or entity and any other names by which it is known; (ii) state the specific section or organizational unit involved; and (iii) state the business address, including the address of any separate or branch offices.

7.     The term "Plaintiffs" shall refer to Plaintiffs in *Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978.

8.     The terms "Defendant," "You," and "Your" shall refer to Abdul Rahman al Swailem, including by any other name by which You are known, and any employee, attorney, accountant, consultant, agent, or representative acting on Abdul Rahman al Swailem's behalf and/or at his direction.

9.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.    The term "person" is defined as any natural person or any business, legal, or government entity or association.

11.    The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

12.    The terms "all" and "each" shall be construed as all and each.

13.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6

14.     The use of the singular form of any word includes the plural and vice versa.

15.     The term "Contribution" shall mean the giving, bestowing, granting, awarding, bequeathing, and/or providing of money, checks, services, logistical or administrative support, assets, rights, securities, real estate or any goods, tangible or intangible, including the giving of any "zakat."

16.     The term "material support or resources," as defined by 18 U.S.C.S. § 2339A, shall mean currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

17.     The term "international terrorism," as defined by 18 U.S.C.S. § 2331(1), shall mean activities that -- (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State; (B) appear to be intended – (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

18.     The term "domestic terrorism," as defined by 18 U.S.C.S. § 2331(5), shall mean activities that -- (A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; (B) appear to be intended – (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or

(iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily within the territorial jurisdiction of the United States.

19.     The terms "Kingdom of Saudi Arabia," or "KSA," or "Saudi Arabian government" shall mean the Kingdom of Saudi Arabia, including any agency, instrumentality, organ, political subdivision, official, or agent of the Kingdom of Saudi Arabia.

20.     The terms "Saudi Red Crescent Society" or "SRC" shall mean the Saudi Red Crescent Society and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Saudi Red Crescent Society's behalf and/or at its direction.

21.     The terms "Saudi Joint Relief Committee for Kosovo and Chechnya" or "SJRC" shall mean the Saudi Joint Relief Committee for Kosovo and Chechnya and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Saudi Joint Relief Committee for Kosovo and Chechnya's behalf and/or at its direction, as well as all member organizations to the SJRC, including but not limited to, the Muslim World League, the International Islamic Relief Organization, the World Assembly of Muslim Youth, the Saudi Red Crescent Society, and Al Haraman Al Masjed Al Aqsa Charity Foundation.

22.     The terms "Muslim World League" or "MWL" shall mean the Muslim World League and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Muslim World League's behalf and/or at its direction.

23.     The terms "International Islamic Relief Organization" or "IIRO" shall mean the International Islamic Relief Organization and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the International Islamic Relief Organization's behalf and/or at its direction.

24.     The terms "World Assembly of Muslim Youth" or "WAMY" shall mean the World Assembly of Muslim Youth and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the World Assembly of Muslim Youth's behalf and/or at its direction.

25.     The terms "Al Haraman Al Masjed Al Aqsa Charity Foundation" or "AHAMAA" shall mean the Al Haraman Al Masjed Al Aqsa Charity Foundation and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Al Haraman Al Masjed Al Aqsa Charity Foundation's behalf and/or at its direction.

26.     The term "Golden Chain-Related Individuals" means the following individuals: Suleiman al-Rashid, Abdel Qader Bakri, Bakr Bin Laden and the Saudi Bin Laden Group, Youssef Jameel, Ibrahim Muhammad Afandi, Saleh Abdullah Kamel, Suleiman Abdulaziz Al-Rajhi, Mohammed Bin Abdullah Al-Jomaih, Abdulrahman Hassan Al-Sharbatly, Ahmed Mohamed al-Naghi, Khalid Bin Mahfouz, Abdel Qader Faqeeh, Salah Al-Din Abdel Jawad (a/k/a Salahuddin Abduljawad), Ahmad Turki Yamani (a /k/a Ahmad Zaki Yamani), Abdel Hadi Taher, Mohammed Omar, Ahmad Al-Harbi, Mohammed Al-Issai, Hamad Al-Hussaini, Salem Taher, Adel Abdul Jalil Batterjee, Osama Bin Laden and Wael Hamza Jelaiden.

27.     The term "jihad" (جهاد) shall refer to, but is not limited to, al jihad bi-al-lisan ("jihad of the tongue"), al jihad bi-al-qalam ("jihad of the pen"), al jihad al nafs ("jihad of the soul"), al jihad bi-al-nafs ("self–sacrificing jihad"), and al jihad bi-al-mal ("financial jihad").

28.     The term "signatory authority" shall mean a legal power that is designated upon a person because of their identity or is designated upon them because of their role or position or control within an organization.

29.     The term "Designated" refers to any designation pursuant to the U.N.'s, the E.U.'s, or any nation's counter-terrorism sanctions regime, unless stated otherwise.  When used in relation to the U.S. government, "Designated" refers to any designation by the United States as a Specially Designated Terrorist ("SDT") pursuant to E.O. 12947; as a Specially Designated Global Terrorist ("SDGT") pursuant to E.O. 13224; as a Foreign Terrorist Organization ("FTO") pursuant to section 219 of the Immigration and Nationality Act (8 U.S.C. § 1189); or as a State Sponsor of Terrorism pursuant to section 6(j) of the Export Administration Act, section 40 of the Arms Export Control Act, or section 620A of the Foreign Assistance Act.  When used in relation to the U.N., "Designated" refers to any inclusion on the list established and maintained by the U.N. Security Council Committee pursuant to resolutions 1267 (1999) and 1989 (2011) concerning Al-Qaida and associated individuals and entities.

30.     The term "deviant activity" shall mean and refer to any activity related to or associated with deviant ideologies, deviant thinking or deviant interpretations of Islam.  The terms "deviant ideologies," "deviant thinking," and "deviant interpretations of Islam" shall have the same meanings as when used by authorities of the government of the Kingdom of Saudi Arabia and/or Saudi religious authorities.  *See Interior Minister Urges Imams to Confront*

*Deviant Ideologies*, June 21, 2007, Website of the Royal Embassy of Saudi Arabia, Washington, D.C.,   http://www.saudiembassy.net/2007News/News/NewsDetail.asp?cIndex+7240;   *Mosque Council Urges Confrontation of Deviant Thinking*, September 1, 2003, Website of the Royal Embassy         of         Saudi         Arabia,         Washington,         D.C., http://www.saudiembassy.net/2003News/News/IslDetail.asp?cIndex=762.

**PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF
DOCUMENTS DIRECTED TO ABDUL RAHMAN AL SWAILEM**

1.      Please provide all documents governing, describing, detailing, or otherwise relating to Your employment from 1980 to the present, including without limitation, any and all resumes, curriculum vitaes, biographies, abstracts, media reports, digests, summaries, employment contracts, and/or outlines.

**ANSWER:**


2.      Please provide all documents relating to any business, employment, financial, charitable, religious, or other relationship between you and the Saudi Red Crescent Society ("SRC") and the Saudi Joint Relief Committee for Kosovo and Chechnya ("SJRC") (hereinafter collectively referred to as the "Charities"), including without limitation, all documents relating to all positions You held or hold within the Charities.

**ANSWER:**


3.      Please provide all documents relating to You and the Charities.

**ANSWER:**


4.      Please provide all documents relating to all awards, honors, accolades, or distinctions You received from the Kingdom of Saudi Arabia and/or Saudi royal family during Your tenure with the Charities.

**ANSWER:**


5.      Please provide all documents illustrating, describing, or otherwise relating to the Charities' formation and organizational structure, the date of incorporation, the state of incorporation, the duration of their existence, any documents relating to their initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of those Charities (including any subsidiary, affiliate, or branch office).

**ANSWER:**


6.      Please provide all documents relating to Your role in the establishment, organization, funding, oversight, supervision, management, and/or control of the Charities (including any subsidiary, affiliate, or branch office), including without limitation, appointment and termination of personnel, selection of committee/board members or other officers, accounting, internal or external auditing, banking and financial transactions, fundraising, and actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:**


7.      Please provide all documents relating to Your supervision, management, control of, or distribution of the Charities' funds, including without limitation, all documents relating to Your duties and responsibilities to determine and/or make recommendations as to which charities, individuals, or entities should receive financial and/or non-monetary support from the Charities and the purpose for such disbursements.

**ANSWER:**

8.      Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the Charities (including any subsidiary, affiliate, or branch office), including without limitation, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER:**

9.      Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of the Charities (including any subsidiary, affiliate, or branch office).

**ANSWER:**

10.     Please provide all documents relating to Your role in the oversight, supervision, management, and/or control over the Charities' various committees, boards and/or internal bodies of the Charities (including any subsidiary, affiliate, or branch office).

**ANSWER:**

11.     Please provide all documents identifying each officer, director, trustee, shareholder, board member, and/or committee member of the Charities (including any subsidiary, affiliate, or branch office).

**ANSWER:**

12.     Please provide all documents relating to any meetings of officers, directors, trustees, shareholders, managers, boards, committees, and/or internal bodies of the Charities (including any subsidiary, affiliate, or branch office), including without limitation, any agendas or meeting minutes.  Responsive documents shall include, but are not limited to, any such meetings attended by representatives of the Kingdom of Saudi Arabia, members of the Saudi royal family, and/or representatives or special advisors from the King's chambers.

**ANSWER:**

13.     Please provide all documents relating to any accounts in any banking or financial institution established or held in the name of, on behalf of, and/or for the benefit of the Charities, including without limitation, any accounts You hold, or held jointly with, or on behalf of the Charities, and/or any Charity accounts over which You hold or have held signatory authority. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You, the Charities, and the banking or financial institution, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals,

deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**

14.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and/or the Charities and Suleiman Abdel Aziz al Rajhi, including without limitation, all documents relating to Suleiman Abdel Aziz al Rajhi's authority to supervise, manage, and/or control the Charities' bank accounts.

**ANSWER:**

15.     Please provide all documents relating to any investigation, inquiry, review, audit, analysis, or examination conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi Arabian-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "KSA Investigator"), which references or addresses any of the Charities' banking

and financial accounts, including any accounts You hold, or held jointly with, or on behalf of the Charities, and/or any Charity accounts over which You hold or have held signatory.

**ANSWER:**

16.     Please provide copies of all documents that have been seized by, or produced by You and/or the Charities to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses any of the Charities' banking and financial accounts, including any accounts You hold, or held jointly with, or on behalf of the Charities, and/or any Charity accounts over which You hold or have held signatory.

**ANSWER:**

17.     Please provide all documents relating, in whole or in part, to any investigation, inquiry, review, audit, analysis, or examination of any of the Charities' financial accounts, investments, assets, capital, and/or financial affairs, conducted either by officials and/or employees of the Charities, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.  Such documents shall include any audit, due diligence, analysis, examination, or review ordered, conducted, supervised, or overseen by You, the Kingdom of Saudi Arabia, and/or the Saudi Arabian Monetary Agency ("SAMA").

**ANSWER:**

18.     Please provide all documents relating to any written or oral communication between You, the Charities, the Kingdom of Saudi Arabia, and/or SAMA, which references or addresses any of the Charities' banking and financial accounts, including any accounts You hold, or held jointly with, or on behalf of the Charities, and/or any Charity accounts over which You hold or have held signatory. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

**ANSWER:**


19.     Please provide all documents You received from the Charities' Finance and Auditing Departments during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the organizations' financial performance.  Responsive documents shall include, but are not limited to, annual, semi-annual, and other periodic reports of the Charities, such as annual financial reports, balance sheets, financial statements, bank account summaries, and audits.

**ANSWER:**


20.     Please provide all documents authored, generated, or drafted by You during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the organizations' financial performance.  Responsive documents shall include all financial reports or executive summaries submitted by You to:  the Kingdom of Saudi Arabia; Prince Nayef bin Abdul Aziz al Saud; members of the Saudi royal family; the Supreme Council for Islamic Affairs; the Ministry of Islamic Affairs, Endowments,

Da'wah and Guidance; the Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; and/or the Charities' governing bodies, including but not limited to, the SRC's and SJRC's Board of Directors.

**ANSWER:**


21.     Please provide all documents relating to any delegation, commission, task force, or group You participated in during Your tenure as an official representative of the Charities and/or Saudi Arabian government, to assess conditions and needs both within the Kingdom of Saudi Arabia and in other foreign countries, including without limitation, Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Russia, Sudan, Somalia, Tanzania, Turkey, United States, and Yemen.  Responsive documents shall include, but are not limited to, copies of Your passports, visas, or other documents authorizing Your entry into those countries.

**ANSWER:**


22.     Please provide all documents relating to the September 2000 delegation to Bosnia-Herzegovina You participated in along with Prince Salman bin Abdul Aziz al Saud, Wa'el Hamza Jelaidan, and Dr. Abdullah al Obaid, among others.

**ANSWER:**

19

23.     Please provide all documents You received during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to delegations, commissions, task forces, or groups of other high-ranking representatives of the Charities and/or Saudi Arabian government, to assess conditions and needs both within the Kingdom of Saudi Arabia and in other foreign countries, including without limitation, Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Russia, Sudan, Somalia, Tanzania, Turkey, United States, and Yemen.

**ANSWER:**

24.     Please provide all documents authored, generated, or drafted by You which describe, detail, or otherwise relate to each delegation You and other high-ranking officials participated in during Your tenure as an official representative of the Charities and/or Saudi Arabian government.  Responsive documents shall include all delegation reports or executive summaries submitted by You to: the Kingdom of Saudi Arabia; Prince Nayef bin Abdul Aziz al Saud; members of the Saudi royal family; the Supreme Council for Islamic Affairs; the Ministry of Islamic Affairs, Endowments, Da'wah and Guidance; the Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; and/or the Charities' governing bodies, including but not limited to, the SRC's and SJRC's Board of Directors.

**ANSWER:**

25.     Please provide all documents You received from the Charities' offices within the Kingdom of Saudi Arabia during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the operations and finances of those offices.  Responsive documents shall include, but are not limited to, annual, semi-annual, monthly and other periodic reports relating to bank accounts and statements, finances and accounting, budgets and expenditures, audits, projects and activities, donations, disbursements of financial and non-monetary aid, delegations of high-ranking Charity officials and/or representatives of the Saudi Arabian government, and employee assessments.

**ANSWER:**

26.     Please provide all documents You received from the Charities' overseas offices during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the operations and finances of those offices.  Responsive documents shall include, but are not limited to, annual, semi-annual, monthly and other periodic reports relating to bank accounts and statements, finances and accounting, budgets and expenditures, audits, projects and activities, donations, disbursements of financial and non-monetary aid, delegations of high-ranking Charity officials and/or representatives of the Saudi Arabian government, and employee assessments.

**ANSWER:**

27.     Please provide all documents You received from the Charities' offices within the Kingdom of Saudi Arabia during Your tenure as an official representative of the Charities and/or

Saudi Arabian government, which describe, detail, or otherwise relate to the potential misuse or misappropriation of funds, including but not limited to, concerns regarding financial or accounting irregularities, embezzlement, theft, or the financing of radical, extremist, or terrorist activities.

**ANSWER:**

28.     Please provide all documents You received from the Charities' overseas offices during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the potential misuse or misappropriation of funds, including but not limited to, concerns regarding financial or accounting irregularities, embezzlement, theft, or the financing of radical, extremist, or terrorist activities.

**ANSWER:**

29.     Please provide all documents authored, generated, or drafted by You during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the operations and finances of the Charities' offices (both within the Kingdom and overseas), including without limitation, all reports concerning the potential misuse or misappropriation of funds in those offices.  Responsive documents shall include all reports or executive summaries submitted by You to: the Kingdom of Saudi Arabia; Prince Nayef bin Abdul Aziz al Saud; members of the Saudi royal family; the Supreme Council for Islamic Affairs; the Ministry of Islamic Affairs, Endowments, Da'wah and Guidance; the

Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; and/or the Charities' governing bodies, including but not limited to, the SRC's and SJRC's Board of Directors.

**ANSWER:**

30.     Please provide all annual or periodic reports generated by the Charities concerning their objectives and activities, both in English and Arabic.

**ANSWER:**

31.     Please provide all documents relating to the struggle against the Soviet occupation of Afghanistan during the 1980s, including without limitation, Your involvement and/or the involvement of the SRC.

**ANSWER:**

32.     Please provide all documents relating to Your role, and/or the role of the SRC, in providing material support or resources, directly or indirectly, to the mujahideen forces in Afghanistan in their struggle against the Soviet occupation during the 1980s.  For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political, or any other form of assistance, whether provided directly or indirectly.

**ANSWER:**

33.     Please provide all documents governing, describing, detailing, or otherwise relation to Your relationship, and the SRC's relationship, with the various mujahideen factions in and around the Afghanistan region following the Soviet-Afghan conflict.

**ANSWER:**


34.     Please provide all documents relating to Your role, and/or the role of the Charities, in providing material support or resources to the mujahideen forces or other Islamic fighters in Afghanistan, Albania, Algeria, Bosnia, Chechnya, Egypt, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Somalia, Sudan, Tanzania, Turkey, Yemen, or elsewhere, including without limitation, the support of camps in and/or around those areas, recruitment, training, transportation, lodging, the acquisition, trafficking, and/or smuggling of weapons and arms such as rockets, mortars, rifles, explosives and other bombs, and the provision of boots, tents, and uniforms.

**ANSWER:**


35.     Please provide all documents relating to the 1986 admission by Dr. Abu Hazifa, Director of the SRC, that the organization had direct ties to mujahideen forces in Afghanistan and was actively offering employment to many of those fighters.

**ANSWER:**

36.     Please provide all documents relating to the 1989 admission by Abdullah Azzam, co-founder of al Qaeda, that the SRC was responsible for funding mujahideen forces in Afghanistan.

**ANSWER:**


37.     Please provide all documents relating to the April 2000 raid of SJRC offices in Pristina, Kosovo by K-For military police and members of the United Nations Mission in Kosovo (UNMIK).

**ANSWER:**


38.     Please provide all documents relating to the SRC's role in the November 1995 bombing attack on the Egyptian Embassy in Islamabad, Pakistan.  Responsive documents shall include, but are not limited to, all documents relating to the arrest of SRC employees Muhammad Ali Syed and Bashir Barbar Qadim, including without limitation, their personnel or employment files.

**ANSWER:**


39.     Please provide all documents relating to the SRC's role in planning terrorist attacks against the U.S. and British Embassies in Sarajevo, Bosnia-Herzegovina.  Responsive documents shall include, but are not limited to, all documents relating to the arrest of SRC

employees Boumediene Lakhdar and Nechle Mohamed, including without limitation, their personnel or employment files.

**ANSWER:**


40.     Please provide all documents relating to any investigation conducted by the government of Pakistan and its subsequent determination to expel SRC personnel from that country after September 11, 2001.

**ANSWER:**


41.     Please provide all documents relating to the May 6, 2004 and June 28, 2004 Designations of the Al Haramain Al Masjed al Aqsa Charity Foundation by the United States Treasury Department and United Nations respectively, for having significant financial ties to al Qaeda.

**ANSWER:**


42.     Please provide all documents relating to any information or notification You and/or the Charities received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with the Charities was associated with or involved in: (1) the sponsorship of any radical, extremist, or terrorist organization; (ii) criminal, corrupt or deviant activities; or (iii) any military or terrorist activity, plot, or attack.

**ANSWER:**

43.     Please provide all documents relating to any information or notification You and/or the Charities received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with the Charities may have been or was engaging in conduct unrelated to the Charities' ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists, persons, or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaeda, other terrorist organizations, and/or individuals sympathetic to al Qaeda or other terrorist organizations, regardless of whether you believe such individual(s) or entity(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**


44.     Please provide all documents relating to any information or notification You and/or the Charities received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with the Charities was associated with or involved in: (i) providing funds, services, assets, medical assistance, or any other form of support to mujahideen in any part of the World; or (ii) providing financial, logistical, religious, political, or any other form of assistance in relation to any armed jihad, regardless of whether such jihad was declared legitimate by competent religious authorities.

**ANSWER:**

45.     Please provide all documents You and/or the Charities sent to, and/or received from, any third party relating to the alleged involvement of any individual or entity employed by and/or affiliated with the Charities in any criminal, corrupt, deviant, or extremist activity, including without limitation any terrorist or radical religious, political, or social activities.

**ANSWER:**


46.     Please provide all documents You and/or the Charities sent to, and/or received from, the Kingdom of Saudi Arabia relating to any accusation that any individual or entity employed by and/or affiliated with the Charities, was associated with or involved in any criminal, corrupt, deviant, or extremist activity, including without limitation any terrorist or radical religious, political, or social activities.

**ANSWER:**


47.     Provide copies of all laws, statutes, regulations, ordinances, or royal decrees which would have prohibited any Islamic charity or benevolent association from: (i) engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) providing material support or resources to al Qaeda, other terrorist organizations and/or individuals sympathetic to al Qaeda or other terrorist organizations.

**ANSWER:**

48.      Please provide all documents relating to any internal investigations conducted by You and/or the Charities into any alleged criminal, corrupt, deviant, or extremist activities of any individual or entity employed by and/or affiliated with the Charities, including without limitation any terrorist or radical religious, political, or social activities.

**ANSWER:**

49.      Please provide all documents relating to any action taken by You and/or the Charities to prevent criminal activities, including the sponsorship of terrorists or radicals, by any individual or entity employed by and/or affiliated with the Charities or any of their branch offices.

**ANSWER:**

50.      Please provide all documents relating to any action taken by You and/or the Charities to remove or purge radical or corrupt elements or individuals from the Charities' branch offices.

**ANSWER:**

51.      Please provide all documents relating to any disciplinary action taken by You and/or the Charities, or any decision to terminate any relationship with any of the Charities'

subsidiaries, affiliates, branch offices, officers, directors, trustees, board members, committee members, managers, agents, employees, volunteers, and/or representatives as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**


52.     Please provide all documents relating to any disciplinary action taken by You and/or the Charities, or any decision to terminate any relationship with any of the Charities' supporters, donors, suppliers, contributors, facilitators, speakers, foreign government supporters, business supporters, or banks as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**


53.     Please provide copies of all documents that have been seized by, or produced by You and/or the Charities to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses the Charities' alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER:**

54.     Please provide all documents, statements, interviews, press releases, internal memos, or other materials relating to any accusation that the Charities, or any individual or entity employed by and/or associated with the Charities, was associated with or involved in any military or terrorist activity, plot or attack, indicating an intention to direct conduct against or target conduct toward the United States of America.

**ANSWER:**

55.     Please provide all documents relating to any sanctions imposed upon the Charities by the United States, Kingdom of Saudi Arabia, United Nations, or any other nation or international body.

**ANSWER:**

56.     Please produce all documents relating to any meetings, conferences, or gatherings You attended during Your tenure with the Charities relating to any accusation that the Charities, or any individual or entity employed by and/or associated with the Charities, was misusing or misappropriating funds, engaging in criminal, corrupt, deviant, or extremist activities, sponsoring terrorist activities, and/or providing material support or resources to Osama bin Laden, al Qaeda and/or affiliated terrorist organizations.  Responsive documents shall include, but are not limited to, any materials relating to meetings with representatives of the Kingdom of Saudi Arabia, Prince Nayef bin Abdul Aziz al Saud, the Saudi royal family, the Charities, and/or representatives from other foreign countries or international bodies.

**ANSWER:**

57.     Please provide all documents relating to any investigation or inquiry conducted by any United States Investigator, any Foreign Investigator, or any KSA Investigator, relating to You.

**ANSWER:**

58.     Please provide copies of all documents that have been seized by, or produced by You to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, concerning any investigation or inquiry relating to You.

**ANSWER:**

59.     Please provide all documents relating to any sanctions imposed upon You by the United States, Kingdom of Saudi Arabia, United Nations, or any other nation or international body.

**ANSWER:**

60.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between the Charities and the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA:  the Supreme Council for Islamic Affairs;

the Ministry of Islamic Affairs, Endowments, Da'wah and Guidance; the Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; the Ministry of Defense and Aviation, Endowments, Da'wah and Guidance; the Majlis al Shura (a/k/a the Shura Council); the Ministry of Education; and any embassy or consulate of the KSA, including the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

61.     Please provide all documents the Charities sent to, and/or received from, the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA:  the Supreme Council for Islamic Affairs; the Ministry of Islamic Affairs, Endowments, Da'wah and Guidance; the Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; the Ministry of Defense and Aviation, Endowments, Da'wah and Guidance; the Majlis al Shura (a/k/a the Shura Council); the Ministry of Education; and any embassy or consulate of the KSA, including the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

62.     Please provide all documents governing, describing, detailing, or otherwise relating to the Charities' role in spreading, propagating, or proselytizing Islam outside of the Kingdom of Saudi Arabia, including without limitation any long term strategy, studies, or papers.

**ANSWER:**

63.     Please provide all documents governing, describing, detailing, or otherwise relating to the Charities' role in advancing the foreign policy objectives of the KSA.

**ANSWER:**

64.     Please provide all documents relating to all accounts in any United States, Saudi Arabian, or foreign banking or financial institution the Charities currently hold, or have held, jointly with the KSA, any members of the Saudi royal family, or any Saudi official acting on behalf of the KSA ("KSA Joint Bank Accounts"), and/or any KSA Joint Bank Accounts over which You currently hold or have held signatory authority.

**ANSWER:**

65.     Please provide all documents relating to the role of the KSA and/or members of the Saudi royal family, in the creation, organization, funding, oversight, supervision, operation, and/or management of the Charities (including any subsidiary, affiliate, or branch office).

**ANSWER:**

66.     Please provide all documents relating to the Charities' initial capitalization and any subsequent funding provided by the KSA, members of the Saudi royal family, and/or any other individuals or entities.

**ANSWER:**

67.     Please provide all documents defining, establishing, or relating to the Charities' privileges, obligations, activities, and/or rights under the laws of the KSA.

**ANSWER:**


68.     Please provide all documents relating to any and all laws, statutes, regulations, ordinances, royal decrees, or directives issued by the KSA relating to the Charities, including but not limited to, documents relating to the organization, funding, oversight, supervision, management, and/or control over the Charities' operations, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:**


69.     Please provide all documents relating to any fundraising events and/or conferences that were held for the benefit of the Charities and were promoted, sponsored, organized, funded, managed, attended, or supervised by the KSA, any member of the Saudi family, and/or any Saudi official acting on behalf of the KSA.  Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

70.     Please provide all documents relating to any meeting between officers or representatives of the Charities and any official or agency of the KSA, including without limitation, all meetings attended by representatives of the Kingdom of Saudi Arabia, Prince Nayef bin Abdul Aziz al Saud, members of the Saudi royal family, and/or representatives or special advisors from the King's chambers.

**ANSWER:**

71.     Please provide all documents authored, published, or disseminated by You during Your tenure as an official representative of the Charities and/or Saudi Arabian government, relating to the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Russia, Sudan, Somalia, Tanzania, Turkey, and Yemen.  Responsive documents shall include, but are not limited to, copies of all interviews, statements, or speeches by You relating to same.

**ANSWER:**

72.     Please provide all documents relating to fundraising activities conducted by You during Your tenure as an official representative of the Charities and/or Saudi Arabian government, in relation to relief or humanitarian efforts, or other operations, in Afghanistan,

Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Russia, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER:**

73.     Please provide all documents authored, published, or disseminated by You during Your tenure as an official representative of the Charities and/or Saudi Arabian government, discussing the legitimacy of any armed jihad or resistance by Muslims in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Russia, Sudan, Somalia, Tanzania, Turkey, and Yemen.   Responsive documents shall include, but are not limited to, copies of all interviews, statements, or speeches by You relating to same.

**ANSWER:**

74.     Please provide all documents authored, published, or disseminated by You during Your tenure as an official representative of the Charities and/or Saudi Arabian government, discussing the provision of support to mujahideen forces in any part of the World.  For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.  Responsive documents shall include, but are not limited to, copies of all interviews, statements, or speeches by You  relating to same.

**ANSWER:**

75.     Please provide all documents authored, published, or disseminated by You during Your tenure as an official representative of the Charities and/or Saudi Arabian government, discussing the provision of support to any armed jihad in any part of the World, regardless of whether such jihad was declared legitimate by competent religious authorities.  For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.  Responsive documents shall include, but are not limited to, copies of all interviews, statements, or speeches by You relating to same.

**ANSWER:**

76.     Please provide all documents authored, published, or disseminated by You during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which mention "jihad" (جهاد) (*see* Definition No. 27).  Responsive documents shall include, but are not limited to, copies of all interviews, statements, or speeches by You relating to same.

**ANSWER:**

77.     Please provide all documents relating to any business, employment, financial, charitable, religious, or other relationship between You and/or the Charities and Osama Bin Laden (including any member of the Bin Laden family).

**ANSWER:**

78.     Please provide all documents You and/or the Charities sent to and/or received from Osama Bin Laden or any member of the Bin Laden family, including without limitation, all documents relating to the transfer of funds between You and/or the Charities and Osama Bin Laden, and/or any member of the Bin Laden family.

**ANSWER:**


79.     Please provide all documents relating to al Qaeda.

**ANSWER:**


80.     Please provide all documents relating to any business, employment, financial, charitable, religious, or other relationship between You and/or the Charities and al Qaeda, or any member of al Qaeda.

**ANSWER:**


81.     Please provide all documents illustrating, describing, or otherwise relating to al Qaeda's formation and organizational structure, the duration of al Qaeda's existence, any documents relating to al Qaeda's initial capitalization and subsequent funding, any documents relating to the duties and powers of any al Qaeda boards and/or committees, and/or any other writing relating to the creation or purpose of al Qaeda.

**ANSWER:**

82.     Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of al Qaeda, including without limitation, al Qaeda's Majlis al Shura ("consultation council"), military committee, and fatwah committee.

**ANSWER:**

83.     Please provide all documents identifying each member, officer, board member, and/or committee member of al Qaeda, including without limitation, any and all documents relating to their appointment, resignation, and/or termination.

**ANSWER:**

84.     Please provide all documents relating to any meetings of members, officers, boards, committees, and/or internal bodies of al Qaeda, including without limitation, any agendas or meeting minutes.

**ANSWER:**

85.     Please provide all documents relating to any meeting, conference, or gathering that You attended at which any of the persons identified in Attachment A were present.

**ANSWER:**

86.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and/or the Charities and the persons and/or entities identified in Attachment A.

**ANSWER:**


87.     Please provide all documents You and/or the Charities sent to, and/or received from, the persons and/or entities identified in Attachment A, including without limitation, all documents relating to the transfer of funds between You and/or the Charities and those persons and/or entities.

**ANSWER:**


88.     From the period beginning January 1, 1988 through 1997, please provide all documents relating to any trips you took to Sudan.

**ANSWER:**


89.     From the period beginning January 1, 1988 through 2002, please provide all documents relating to any trips you took to Afghanistan.

**ANSWER:**

90.     From the period beginning January 1, 1995 through 2002, please provide all documents relating to any trips you took to the Bosnia-Herzegovina and Chechnya regions.

**ANSWER:**

91.     Please provide all documents relating to any business, employment, financial, charitable, religious, or other relationship between You and/or the Charities and Wa'el Hamza Jelaidan (a/k/a Abu Hasan al Madani), including without limitation, all documents relating to Your role in appointing Jelaidain to positions within the Charities.  Responsive documents shall include, but are not limited to, Jelaidan's personnel or employment files.

**ANSWER:**

92.     Please provide all documents relating to any business, employment, financial, charitable, religious, or other relationship between You and/or the Charities and Adel Muhammad Sadiq bin Kazem, including without limitation, all documents relating to Your role in appointing Kazem to positions within the Charities.  Responsive documents shall include, but are not limited to, Kazem's personnel or employment files.

**ANSWER:**

93.     Please provide all documents relating to any business, employment, financial, charitable, religious, or other relationship between You and/or the Charities and Ayman Al

42

Zawahiri.  Responsive documents shall include, but are not limited to, Zawahiri's personnel or employment files.

**ANSWER:**


94.     Please provide all documents relating to any business, employment, financial, charitable, religious, or other relationship between You and/or the Charities and Aqeel al Aqeel. Responsive documents shall include, but are not limited to, Aqeel's personnel or employment files.

**ANSWER:**


95.     Please provide all documents You and/or the Charities sent to, and/or received from, the Kingdom of Saudi Arabia and/or any third party, relating to any accusation that Jelaidan, Kazem, Zawahiri, and/or Aqeel, including any individual or entity affiliated with those individuals, were associated with or involved in any criminal, corrupt, deviant, or extremist activity, including without limitation, any terrorist or radical religious, political or social activities.

**ANSWER:**


96.     Please provide all documents relating to any internal investigation conducted by You and/or the Charities relating to any accusation that or Jelaidan, Kazem, Zawahiri, and/or Aqeel, including any individual or entity affiliated with those individuals, were associated with

or involved in any criminal, corrupt, deviant, or extremist activity, including without limitation, any terrorist or radical religious, political, or social activities.

**ANSWER:**

97.     Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with Jelaidan, Kazem, Zawahiri, and/or Aqeel, including any individual or entity affiliated with those individuals, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

98.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and/or the SJRC and Yassin Abdullah al Kadi, including any companies owned by Kadi, and/or in which he holds or held an equity interest.

**ANSWER:**

99.     Please provide all documents You and/or the SJRC sent to, and/or received from, Yassin Abdullah al Kadi, including without limitation, all documents relating to the transfer of funds between You and/or the SJRC and Kadi.

**ANSWER:**

100.    Please provide all documents relating to any transactions, financial or otherwise, between You and/or the SJRC and Yassin Abdullah al Kadi, including without limitation, any such transactions between You and/or the SJRC and companies owned by Kadi, and/or in which Kadi holds or held an equity interest.

**ANSWER:**


101.    Please provide all documents relating to any non-monetary support or assistance Yassin Abdullah al Kadi, including any companies owned by Kadi and/or in which Kadi holds or held an equity interest, provided to You and the SJRC.

**ANSWER:**


102.    Please provide all documents relating to any business, employment, financial, charitable, religious, or other relationship between You and/or the Charities and any of the Golden Chain-Related Individuals, and/or any individual or entity associated therewith.

**ANSWER:**


103.    Please provide all documents You and/or the Charities sent to, and/or received from, any of the Golden Chain-Related-Individuals, including without limitation, all documents relating to the transfer of funds between You and/or the Charities and the any of the Golden Chain-Related-Individuals, and/or any individual or entity associated therewith.

**ANSWER:**

104.    Please provide all documents relating to any accounts in any banking or financial institution You hold or held jointly with, or on behalf of any of the Golden Chain-Related-Individuals, and/or any individual or entity associated therewith, including any accounts over which You hold or have held signatory authority.

**ANSWER:**

105.    Please provide all documents relating to any accounts in any banking or financial institution any of the Golden Chain-Related-Individuals, and/or any individual or entity associated therewith, hold or held jointly with, or on behalf of the Charities, including any accounts over which the Golden Chain-Related-Individuals hold or have held signatory authority.

**ANSWER:**

106.    Please provide all documents relating to any investigations or inquiries conducted by any United States Investigator, Foreign Investigator, or KSA Investigator, into financial transactions linked to accounts held solely or jointly by any of the Golden Chain-Related-Individuals, and/or any individual or entity associated therewith.

**ANSWER:**

107.    Please provide all documents relating to any decision to terminate any relationship with any of the Golden Chain-Related-Individuals, and/or any individual or entity associated therewith, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

108.    Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and/or the Charities and the persons and/or entities identified in Attachment B.

**ANSWER:**

109.    Please provide all documents You and/or the Charities sent to, and/or received from, the persons and/or entities identified in Attachment B, including without limitation, all documents relating to the transfer of funds between You and/or the Charities and/those persons and/or entities.

**ANSWER:**

110.    Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and/or the Charities and the persons identified in

Attachment C ("Guantanamo Bay Detainees").  Responsive documents shall include, but are not limited to, their personnel or employment files.

**ANSWER:**


111.    Please provide all documents relating to any meetings, interviews, or dialogue You and/or the Charities have had with any individual held at Guantanamo Bay, Cuba, including without limitation, the persons identified in Attachment C ("Guantanamo Bay Detainees").

**ANSWER:**


112.    Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MDL 1570, whereby You have agreed to pay, indemnify, or reimburse any of their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant.  Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**


113.    Please provide all documents relating to any understanding or agreement between You and any individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse You for any of the costs associated with defending this lawsuit,

including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against You.  Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

Dated:  August 22, 2013                          Respectfully submitted,

                                                 THE MDL 1570 PLAINTIFFS'
                                                 EXECUTIVE COMMITTEES

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Plaintiffs' First Set of Jurisdictional Requests for Production of Documents Directed to Abdul Rahman al Swailem was served via electronic mail and U.S. first-class mail, postage prepaid, this 22nd day of August 2013, upon:

Alan R. Kabat, Esq.
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(Counsel for Defendant Abdul Rahman al Swailem and Defendants' Executive Committee's appointed representative to receive discovery requests and responses in 03-MDL-1570)

J. Scott Tarbutton, Esq.

50

## ATTACHMENT A

Abdullah Ahmed Abdullah (a/k/a Abu Mohamed al Masry)
Abdullah Azzam
Abu al Hasan al Maki
Abu Anees (a/k/a Abu Anis; a/k/a Abu Anas; a/k/a Abu Enes; a/k/a Abdelaziz Zaher)
Abu Ayoub
Abu Burnhan
Abu Hajir (a/k/a Abu Hajer)
Abu Hamam al Saudi
Abu Ibrahim
Abu Ubaidah al Banshiri
Abu Zubaydah
Adel Batterjee
Adel Farhat
Ahmed Saeed Khidir
Al Gama'a al Islamiyya (a/k/a "The Islamic Group")
Al Masadah (a/k/a the "Lion's Den")
Ali Mohamed
Bait-ul-Ansar (a/k/a the "Mujahadeen Services Bureau" or "House of Helpers")
Dhiaul Haq
Dr. Ayman Al Zawahiri
Egyptian Islamic Jihad
Enaam Arnaout (a/k/a Abu Mahmoud al Suri)
Human Concern International
Jamal al Fadl
Khalid Sheikh Mohamed
Lajnat al Bir al Islamiyah
Lajnat al Dawa al Islamiyah
Madani al Tayyib
Maktab al Khidmat (a/k/a the "Office of Services")
Mahmoud Mehdi
Mamdouth Mahmud Salim (a/k/a Abu Hajer)
Mercy International
Mohammed Jamal Khalifa
Mohammed Atef
Mohammed Loay Bayazid (a/k/a Abu Rida al Suri; a/k/a Nidal)
Mohammed Suleiman al Nalfi
Muhsin Musa Matwalli Atwah (a/k/a Abdel Rahman al Muhajer)
Nasser Ahmed Bahri
Osama Bin Laden (a/k/a Abu Abdallah)
Ramzi Yousef
Saif al Adel
Sheikh Abdel Majeed Zindani
Sheikh Abdullah Azzam

Sheikh Tameem
Wadih Elias El Hage
Wael Jelaidan (a/k/a Abu al Hassan al Madani)
Wali Khan Amin Shah
Yusif Hamdan
Zahid Sheikh Mohamed

## ATTACHMENT B

Abd al Hamid Sulaiman al Mujil
Al Haramain Islamic Foundation
Al Haramain Al Masjed al Aqsa Charity Foundation
Benevolence International Foundation
Egyptian Islamic Jihad
H.E. Sheikh Mustafa Bin Muhammad Irdis
International Islamic Charitable Organization
International Islamic Relief Organization
Muhamed Hasan Mahmud
Muslim World League
Muwafaq Foundation
Rabih Haddad
Rabita Trust
Sana-Bell, Inc.
Sanabel al Kheer
Saudi High Commission
The Taliban
Third World Relief Agency
World Assembly of Muslim Youth

## <u>ATTACHMENT C</u>

Mohamed Atiq Awayd al Harbi
Muhammed Hussein Abdallah
Said Ali al Shihri

LEGAL\17066211\1 00000.0000.000/117430.000