# Exhibit 12

LAW OFFICES

**BERNABEI & WACHTEL, PLLC**
1775 T STREET, N.W.
WASHINGTON, D.C. 20009-7124

LYNNE BERNABEI
DAVID WACHTEL +
ALAN R. KABAT ■
ANDREA LOVELESS ●
EMMA ANDERSSON ●
PETE WHELAN ♦

(202) 745-1942
Fax (202) 745-2627
WWW.BERNABEIPLLC.COM

+ADMITTED IN MD ALSO
■ADMITTED IN MD & VA ALSO
● ADMITTED IN CA ONLY
♦ ADMITTED IN VA ALSO

By Hand Delivery
June 4, 2010

The Honorable George B. Daniels
Daniel Patrick Moynihan U.S. Courthouse
U.S. District Court for the Southern District of New York
500 Pearl Street,
Room 630
New York, NY 10007-1312

   Re: *In re* Terrorist Attacks on Sept. 11, 2001, No. 03 MDL 1570 (GBD) (FM).

Dear Judge Daniels:

  We write on behalf of the five individual sovereign defendants who have pending motions to dismiss based on immunity grounds -- Saleh Al-Hussayen, Abdullah bin Saleh Al Obaid, Dr. Abdul Rahman Al Swailem, Sheikh Abdullah bin Khalid Al Thani, and Dr. Abdullah Muhsen Al-Turki -- in response to the letter from the Plaintiffs' Executive Committee (June 2, 2010) regarding a recent decision of the U.S. Supreme Court. Contrary to the suggestion in Plaintiffs' letter, the Supreme Court's decision in Samantar v. Yousuf, No. 08-155, 560 U.S. ___, 2010 WL 2160785 (U.S. June 1, 2010), is not dispositive of these five defendants' pending motions to dismiss, because (a) Samantar requires this Court to substitute a common law analysis for the FSIA analysis which previously governed the sovereign immunity portion of the five Defendants' motions, and (b) although not mentioned in Plaintiffs' letter, the five Defendants all have substantial additional bases for their motions to dismiss that are not affected (except possibly strengthened) by the Samantar decision. We expand on these points below.

   1.  **The Five Individual Defendants Can Assert Common-Law Immunity.**

  As a threshold matter, the Supreme Court only abrogated immunity for individual defendants under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 *et seq.*, and did not address other immunity defenses that a foreign government official may be able to raise, including common-law immunity. Instead, the Supreme Court stated

The Honorable George B. Daniels
June 4, 2010
Page 2 of 6

that: "Even if a suit is not governed by the Act [FSIA], it may still be barred by foreign sovereign immunity under the common law." Samantar, 2010 WL 2160785, at *9. Thus, the Supreme Court recognized that Mr. Samantar "may be entitled to immunity under the common law," an issue that would have to be addressed by the district court on remand. Id. at *10. As the Second Circuit recently explained, when "the FSIA was enacted, the common law of foreign sovereign immunity recognized an individual official's entitlement to immunity for 'acts performed in his official capacity.'" Matar v. Dichter, 563 F.3d 9, 14 (2d Cir. 2009) (quoting Restatement (Second) of Foreign Relations Law of the United States, § 66(f) (1965)).

For example, in a pre-FSIA case, Judge Friendly recognized that where the plaintiff had alleged that an individual sovereign defendant "was at all relevant times 'an employee and agent of the defendant Spanish Government,'" that alone was sufficient to dispose of the plaintiff's claims under common-law immunity, which "extends to any other 'official or agent of the state with respect to acts performed in his official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state.'" Heaney v. Government of Spain, 445 F.2d 501, 504 (2d Cir. 1971) (quoting Restatement (Second) of Foreign Relations Law of the United States, § 66(f) (1965)); accord Matar, 563 F.3d at 14 (quoting Heaney).

Here, too, the five individual sovereign defendants retain the ability to assert common-law immunity, insofar as the allegations against them are for acts taken in their official capacity. See (1) Al-Hussayen, Doc. No. 83, at 6-8 (Apr. 8, 2004), Doc. No. 335, at 1-2 (July 23, 2004), Doc. No. 1178, at 3-8 (Sept. 6, 2005), and Doc. No. 1299, at 4-6 (Sept. 27, 2005); (2) Al Obaid, Doc. No. 98, at 6-11 (Apr. 9, 2004), Doc. No. 362, at 1-7 (July 30, 2004), Doc. No. 1181, at 6-10 (Sept. 6, 2005), and Doc. No. 1300, at 4-6 (Sept. 27, 2005); (3) Al Swailem, Doc. No. 1175, at 6-11 (Sept. 6, 2005) and Doc. No. 1270, at 4-6 (Sept. 26, 2005); (4) Al Thani, Doc. No. 1760, at 8-13 (Apr. 7, 2006) and Doc. No. 1858, at 5-6 (July 12, 2006); and (5) Al-Turki, Doc. No. 85, at 6-13 (Apr. 8, 2004), Doc. No. 360, at 1-8 (July 30, 2004), Doc. No. 1184, at 6-11 (Sept. 6, 2005), and Doc. No. 1301, at 5-7 (Sept. 27, 2005).

> 2. **Plaintiffs' Claims Against the Five Individual Sovereign Defendants for Acts Taken in Their Official Capacity Must Also be Dismissed Because They are in Essence Claims Against the Governments of Saudi Arabia and Qatar, Which Have Sovereign Immunity under FSIA.**

The Supreme Court recognized the long-standing principle that a suit against a foreign government official is, in reality, often a suit against a foreign government itself, since the alleged acts of the individual defendants were acts taken in their official capacity. In such circumstances, if "the entity is immune from suit under the FSIA, the district court may have to dismiss the suit, regardless of whether the official is immune or

The Honorable George B. Daniels
June 4, 2010
Page 3 of 6

not under the common law." Samantar, 2010 WL 2160785, at *9 (citing Republic of Philippines v. Pimentel, 553 U.S. 851, 867 (2008)).

Here, this Court has already dismissed plaintiffs' claims against the Kingdom of Saudi Arabia – the employer of four of the five individual sovereign defendants – and the Second Circuit upheld that dismissal, which became a final decision after the Supreme Court denied plaintiffs' petition for writ of certiorari. See In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 802-04 (S.D.N.Y. 2005), aff'd 538 F.3d 71 (2d Cir. 2008), cert. denied, 129 S. Ct. 2859 (2009).

As the Supreme Court recognized, plaintiffs cannot engage in "artful pleading," by attempting to proceed against individual sovereign defendants when "the foreign state itself . . . is a required party, because that party has 'an interest relating to the subject of the action' and 'disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest.'" Samantar, 2010 WL 2160785, at *9 (quoting Rule 19(a)(1)(B), Fed. R. Civ. P.). Here, the governments of Saudi Arabia and Qatar have "an interest" in the plaintiffs' claims against the five individual defendants, but those two governments are not, and cannot be, parties in this proceeding, so that dismissal of these five individual defendants is mandated for absence of these two required parties.

Likewise, the Supreme Court recognized that an attempt to plead an action against an individual sovereign defendant for acts taken "in his official capacity should be treated as actions against the foreign state itself, as the state is the real party in interest." Id. (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). Here, plaintiffs' claims against the five individual sovereign defendants are really actions against their sovereign governments, who are "the real part[ies] in interest," so that the claims must be dismissed against these five defendants, given that the plaintiffs cannot proceed against these two sovereign governments.

Under either approach, the five individual sovereign defendants may continue to assert a form of derivative immunity under FSIA – immunity derived from that of their employers, the governments of Saudi Arabia and Qatar. In contrast, in Samantar, the plaintiffs only sued one individual defendant, in his personal capacity, and did not sue his former government (Somalia). Id. Mr. Samantar, unlike the five individual sovereign defendants, was not sued for acts taken in his official capacity.

### 3. The Five Individual Sovereign Defendants Have Also Moved to Dismiss for Lack of Personal Jurisdiction.

All five individual sovereign defendants have also moved to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2), Fed. R. Civ. P. Unlike the defendant in Samantar (who currently resides in the United States and does not have a personal jurisdiction defense), none of these five defendants reside in the United States, and their

contacts with the United States with respect to the allegations in the complaints range from minimal to non-existent. Each of these five defendants has explained, in detail, why personal jurisdiction is not proper under any of the potential theories of personal jurisdiction. See (1) Al-Hussayen, Doc. No. 83, at 8-16 (Apr. 8, 2004), Doc. No. 335, at 2-7 (July 23, 2004), Doc. No. 1178, at 8-11 (Sept. 6, 2005), and Doc. No. 1299, at 6-7 (Sept. 27, 2005); (2) Al Obaid, Doc. No. 98, at 11-19 (Apr. 9, 2004), Doc. No. 362, at 7-10 (July 30, 2004), Doc. No. 1181, at 10-14 (Sept. 6, 2005), and Doc. No. 1300, at 6-8 (Sept. 27, 2005); (3) Al Swailem, Doc. No. 1175, at 11-15 (Sept. 6, 2005) and Doc. No. 1270, at 6-8 (Sept. 26, 2005); (4) Al Thani, Doc. No. 1760, at 14-19 (Apr. 7, 2006) and Doc. No. 1858, at 4-5 (July 12, 2006); and (5) Al-Turki, Doc. No. 85, at 13-22 (Apr. 8, 2004), Doc. No. 360, at 8-10 (July 30, 2004), Doc. No. 1184, at 11-14 (Sept. 6, 2005), and Doc. No. 1301, at 7-8 (Sept. 27, 2005).

As the Supreme Court carefully explained in Samantar, if an individual defendant is not covered by the FSIA, then a plaintiff "will have to establish that the district court has personal jurisdiction over an official without the benefit of the FSIA provision that makes personal jurisdiction over a foreign state automatic when an exception to immunity applies." Samantar, 2010 WL 2160785, at *9 n.20. Thus, even if this Court were to find that common-law or derivative immunity does not apply to any of these five defendants, this Court would still have to determine whether plaintiffs have satisfied their burden of showing that personal jurisdiction is proper as to each of those defendants.

In this Court's prior rulings, a number of non-sovereign foreign defendants were dismissed for lack of personal jurisdiction. In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d at 814-18, 820-22 (Prince Mohamed, Mohammad Abdullah Aljomaih, Sheikh Hamad Al-Husaini, Abdulrahman bin Mahfouz, Tariq Binladin, Omar Binladin, and Bakr Binladin). Moreover, both this Court and Judge Robertson dismissed plaintiffs' claims as to four individual sovereign defendants – Prince Sultan, Prince Naif, Prince Salman, and Prince Turki – for acts allegedly taken in their personal capacity (such as donations to charities), for lack of personal jurisdiction. In re Terrorist Attacks on Sept. 11, 2001, 392 F. Supp. 2d 539, 558-59 (S.D.N.Y. 2005) (Prince Salman and Prince Naif); In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d at 812-14 (Prince Sultan and Prince Turki); Burnett v. Al Baraka Inv. & Devel. Corp., 292 F. Supp. 2d 9, 21-23 (D.D.C. 2003) (same).

Finally, the Second Circuit applied the same approach taken by Judge Casey and Judge Robertson when it upheld the dismissal, on personal jurisdiction grounds, of the plaintiffs' claims against five other individual foreign defendants in their personal capacity. In re Terrorist Attacks on Sept. 11, 2001, 538 F.3d at 93-96. The Second Circuit recognized that plaintiffs "have the burden of showing that these individuals have 'certain minimum contacts with [the United States]'" in order to satisfy due process requirements. Id. at 93 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Thus, the Second Circuit held that "mere foreseeability of harm in the forum state is insufficient," since what is instead required is a showing that "the defendant has

'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985)). In other words, personal jurisdiction over a foreign defendant "is proper where the defendant took 'intentional, and allegedly tortious actions ... expressly aimed' at the forum state." Id. (quoting Calder v. Jones, 465 U.S. 783, 789 (1984)). These well-established legal standards were briefed in the five individual sovereign defendants' pending motions to dismiss.

The five individual sovereign defendants respectfully submit that these rulings should apply with equal force to their pending motions to dismiss for lack of personal jurisdiction.

### 4. The Five Individual Sovereign Defendants Have Also Moved to Dismiss for Failure to State a Claim.

All five individual sovereign defendants have also moved to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), Fed. R. Civ. P. See (1) Al-Hussayen, Doc. No. 1178, at 11-21 (Sept. 6, 2005) and Doc. No. 1299, at 7-8 (Sept. 27, 2005); (2) Al Obaid, Doc. No. 1181, at 14-23 (Sept. 6, 2005) and Doc. No. 1300, at 8-9 (Sept. 27, 2005); (3) Al Swailem, Doc. No. 1175, at 16-25 (Sept. 6, 2005) and Doc. No. 1270, at 8-9 (Sept. 26, 2005); (4) Al Thani, Doc. No. 1760, at, 5, 21-24 (Apr. 7, 2006) and Doc. No. 1858, at 1-3, 7-11 (July 12, 2006); and (5) Al-Turki, Doc. No. 1184, at 14-23 (Sept. 6, 2005) and Doc. No. 1301, at 8-9 (Sept. 27, 2005).

Even if this Court were to find that the exercise of personal jurisdiction and subject matter jurisdiction were proper as to any of these five defendants, it would still have to analyze their motions to dismiss on Rule 12(b)(6) grounds, which have been fully briefed, including through the supplemental briefs submitted by the Defendants' Executive Committee with respect to the intervening Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937 (2009).

This Court has already dismissed a number of foreign non-sovereign defendants for failure to state a claim. See In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d at 831-36 (Al Rajhi Bank, Saudi American Bank, Arab Bank, Al Baraka Investment & Development Corporation, and Saleh Kamel); In re Terrorist Attacks on Sept. 11, 2001, 462 F. Supp. 2d 561, 563-65 (S.D.N.Y. 2006) (Saudi American Bank), recons. denied, 471 F. Supp. 2d 444 (S.D.N.Y. 2007); In re Terrorist Attacks on Sept. 11, 2001, 464 F. Supp. 2d 335 (S.D.N.Y. 2006) (Al Baraka Investment & Development Corporation and Saleh Kamel). The five individual sovereign defendants respectfully submit that these rulings, and the intervening Bell Atlantic and Iqbal decisions, should apply with equal force to their pending motions to dismiss for failure to state a claim.

The Honorable George B. Daniels
June 4, 2010
Page 6 of 6

### 5. Four of the Five Individual Sovereign Defendants Have Also Moved to Dismiss for Improper Service of Process.

Finally, four of the five individual defendants – Saleh Al-Hussayen, Abdullah bin Saleh Al Obaid, Sheikh Abdullah bin Khalid Al Thani, and Abdullah Muhsen Al Turki – have also moved to dismiss for improper service of process, pursuant to Rule 12(b)(5), Fed. R. Civ. P. See (1) Al-Hussayen, Doc. No. 83, at 17-19 (Apr. 8, 2004), Doc. No. 335, at 7-10 (July 23, 2004), Doc. No. 1178, at 21-22 (Sept. 6, 2005), and Doc. No. 1299, at 8-9 (Sept. 27, 2005); (2) Al Obaid, Doc. No. 98, at 20-22 (Apr. 9, 2004), Doc. No. 362, at 10 (July 30, 2004), Doc. No. 1181, at 24-25 (Sept. 6, 2005), and Doc. No. 1300, at 9-10 (Sept. 27, 2005); (3) Al Thani, Doc. No. 1760, at 19-21 (Apr. 7, 2006) and Doc. No. 1858, at 7 (July 12, 2006); and (4) Al-Turki, Doc. No. 85, at 22-25 (Apr. 8, 2004), Doc. No. 360, at 10 (July 30, 2004), Doc. No. 1184, at 24-25 (Sept. 6, 2005), and Doc. No. 1301, at 9-10 (Sept. 27, 2005) (Dr. Al-Turki did not move to dismiss the *Ashton* complaint for improper service of process).

Although plaintiffs purported to serve these individual sovereign defendants pursuant to the provisions of FSIA, 28 U.S.C. § 1608, or through publication in newspapers, these four defendants challenged the service of process as improper under Section 1608, as well as under Rule 4, Fed. R. Civ. P. If these individual defendants are not covered under FSIA, then plaintiffs cannot avail themselves of Section 1608's service provisions, and this Court will have to consider their pending motions to dismiss for improper service under Rule 4.

Sincerely,

*Alan R. Kabat*

Lynne Bernabei
Alan R. Kabat
*Counsel for Saleh Al-Hussayen, Abdullah bin Saleh Al Obaid, Dr. Abdul Rahman Al Swailem, and Dr. Abdullah Muhsen Al-Turki.*

*Sheldon Krantz /ARK*

Sheldon Krantz
David E. Nachman
*Counsel for Sheikh Abdullah bin Khalid Al Thani.*

cc:   Honorable Frank Maas
            (by hand delivery)
      All counsel of record
            (by e-mail)