# Exhibit 13

LAW OFFICES

**BERNABEI & WACHTEL, PLLC**
1775 T STREET, N.W.
WASHINGTON, D.C. 20009-7124

LYNNE BERNABEI
DAVID WACHTEL +
ALAN R. KABAT ■
ANDREA LOVELESS ●
EMMA ANDERSSON ●
PETE WHELAN ♦

(202) 745-1942
FAX (202) 745-2627
WWW.BERNABEIPLLC.COM

+ADMITTED IN MD ALSO
■ADMITTED IN MD & VA ALSO
● ADMITTED IN CA ONLY
♦ ADMITTED IN VA ALSO

By Overnight Mail
June 16, 2010

The Honorable George B. Daniels
Daniel Patrick Moynihan U.S. Courthouse
U.S. District Court for the Southern District of New York
500 Pearl Street,
Room 630
New York, NY 10007-1312

    Re: *In re* Terrorist Attacks on Sept. 11, 2001, No. 03 MDL 1570 (GBD) (FM).

Dear Judge Daniels:

    We write in response to the letter submitted by the Plaintiffs' Executive Committee, dated June 15, 2010, regarding the pending motions to dismiss based on immunity grounds submitted by five individual sovereign defendants -- Saleh Al-Hussayen, Abdullah bin Saleh Al Obaid, Dr. Abdul Rahman Al Swailem, Sheikh Abdullah bin Khalid Al Thani, and Dr. Abdullah Muhsen Al-Turki. Plaintiffs submitted their Notice of Supplemental Authority (June 2, 2010), regarding the potential effect of the recent Supreme Court decision in Samantar v. Yousuf, No. 08-155, 560 U.S. ___, 2010 WL 2160785 (U.S. June 1, 2010), to which these defendants responded by letter dated June 4, 2010. Plaintiffs have now submitted a further letter brief. Since a notice of supplemental authority does not ordinarily provide for a reply brief, see, e.g., Rule 28(j), Fed. R. App. P., and plaintiffs raised new arguments in their June 15, 2010 response, defendants respectfully submit the following response to plaintiffs' new arguments.

    (1)    Contrary to plaintiffs' arguments, the common-law immunity defense is a jurisdictional defense going to this Court's subject matter jurisdiction. As such, it can be raised at any stage, even on appeal, under Rule 12(h)(3), Fed. R. Civ. P., which provides that "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added); see also Kontrick v. Ryan, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance.") (collecting

The Honorable George B. Daniels
June 16, 2010
Page 2 of 4

cases); Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 786 (2d Cir. 1994) ("subject-matter jurisdiction cannot be waived and the issue can be raised at any time in the course of litigation"). Sovereign immunity, of which common-law immunity is a subset, goes directly to this Court's subject matter jurisdiction. Leonhard v. United States, 633 F.2d 599, 618 n.27 (2d Cir. 1980) ("Since sovereign immunity is a jurisdictional defect, it can be raised at any time, and indeed by a court of appeals on its own motion.") (internal citations omitted).[1]

(2)     The five individual sovereign defendants have raised immunity defenses from the outset of this litigation based on their assertions in their motions to dismiss that plaintiffs' allegations against them arose from acts that they took in their official capacity. At the time that these defendants filed their motions to dismiss in 2004, 2005, and 2006, controlling law in the Second Circuit made clear that sovereign individuals had to raise immunity solely under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 et seq. The Second Circuit's intervening decision in this litigation confirmed that principle. In re Terrorist Attacks on Sept. 11, 2001, 538 F.3d 71 (2d Cir. 2008), cert. denied, 129 S. Ct. 2859 (2009). This is why the Defendants, in their status reports to this Court, argued that common-law immunity was irrelevant because, at that time, Second Circuit case law limited sovereign immunity to that arising under FSIA.

It was not until two years later that the Supreme Court adopted the opposite approach in holding that common-law immunity, not FSIA, was the source of immunity for sovereign individuals. Critically, the only change is to the *source* of that immunity, not whether a sovereign individual is entitled to assert sovereign immunity for acts taken in his official capacity. The Supreme Court recognized this in stating that, on remand, Mr. Samantar remained free to assert common-law immunity as a defense. Samantar, 2010 WL 2160785, at *10.

As the Second Circuit noted, even a delay of "nearly a decade" in raising a challenge to subject matter jurisdiction "is unexceptional because jurisdiction may be raised at any time during the course of litigation." Maryland Cas. Co. v. W.R. Grace & Co., 23 F.3d 617, 621 (2d Cir. 1993) (citing Rule 12(h)(3), Fed. R. Civ. P.). Here, the

---

[1] Plaintiffs' reliance on McMahon v. Hodges, 382 F.3d 284 (2d Cir. 2004), see Pls. Letter, at 5, is misplaced since that was a habeas appeal in which the Second Circuit held that a defendant could waive his constitutional right to a jury trial. McMahon, 382 F.3d at 289-90. That decision has nothing to do with a motion to dismiss a civil complaint for lack of subject matter jurisdiction.

Plaintiffs' reliance on Provost v. City of Newburgh, 262 F.3d 146 (2d Cir. 2001), see Pls. Letter, at 5, is equally misplaced, since that involved a defendant's attempt to raise a qualified immunity defense under Rule 50(b), Fed. R. Civ. P., after a jury trial on the merits, when relief under that rule was limited to circumstances where the moving party "sought such relief before the jury retired to deliberate." Provost, 262 F.3d at 161. Here, in contrast, the five individual sovereign defendants have raised their common-law immunity defense long before any trial in this matter, so that Rule 50(b) does not apply.

five individual sovereign defendants promptly raised the common-law immunity defense within several days of the Supreme Court's Samantar decision.

(3)     Finally, the five individual sovereign defendants submit that no further briefing is necessary, as plaintiffs now argue.[2]  Judge Friendly's statement in Heaney remains the law in the Second Circuit, now that this Court is to apply common-law immunity instead of FSIA.  As defendants set forth in their June 4, 2010 letter, the plaintiff in Heaney had alleged that an individual sovereign defendant "was at all relevant times 'an employee and agent of the defendant Spanish Government.'"  Heaney v. Government of Spain, 445 F.2d 501, 504 (2d Cir. 1971).  The Second Circuit noted that this fact alone was sufficient to dispose of the plaintiff's claims under common-law immunity, which "extends to any other 'official or agent of the state with respect to acts performed in his official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state.'"  Id. (quoting Restatement (Second) of Foreign Relations Law of the United States, § 66(f) (1965));  accord Matar v. Dichter, 563 F.3d 9, 14 (2d Cir. 2009) (quoting Heaney).

Therefore, the five individual sovereign defendants respectfully submit that this Court has the authority, under Rule 12(h)(3), Fed. R. Civ. P., Heaney, and Samantar, to analyze their motions to dismiss under the framework of common-law immunity, and that no further briefing is required.

Sincerely,

*Alan R. Kabat*

Lynne Bernabei
Alan R. Kabat
*Counsel for Saleh Al-Hussayen, Abdullah bin Saleh Al Obaid, Dr. Abdul Rahman Al Swailem, and Dr. Abdullah Muhsen Al-Turki.*

*Sheldon Krantz /ARK*

Sheldon Krantz
David E. Nachman
*Counsel for Sheikh Abdullah bin Khalid Al Thani.*

---

[2] Plaintiffs' argument that further briefing is now required, while consistent with their prior demands that this Court should wait for decisions in other cases that were pending in the Second Circuit, the Fourth Circuit, the Seventh Circuit, and the U.S. Supreme Court, is inconsistent with their statement in the petition for mandamus that plaintiffs have been prejudiced by delays in this litigation.

The Honorable George B. Daniels
June 16, 2010
Page 4 of 4

cc: Honorable Frank Maas
	(by overnight mail)
   All counsel of record
	(by e-mail)