USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/13

# MEMO ENDORSED

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
### In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**Via Facsimile**

October 23, 2013

The Honorable Frank Maas
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

*[Handwritten endorsement:] We will discuss Sanabel, but not the other two issues on 10/29.*
*Maas, USMJ, 10/24/13*

**Re:** *In Re: September 11, 2001 World Trade Center Attack*, 03 MDL 1570 (GBD)

Dear Judge Maas:

The Plaintiffs' Executive Committees and the Defendants' Executive Committee, on behalf of the defendants who are currently subject to discovery, respectfully submit their proposals concerning the agenda for the October 29, 2013 discovery conference.

**Joint Proposal**

The parties are in agreement that the pending Sanabel sanctions motion is ripe for review at the October 29, 2013 discovery conference.

**Plaintiffs' Proposed Agenda for the October 29, 2013 Conference:**

Aside from the Sanabel motion, Plaintiffs do not believe that any other issues are ripe for review.

**Defendants' Proposed Agenda for the October 29, 2013 Conference:**

Defendants have notified this Court with respect to issues arising from two other previously briefed discovery disputes – Plaintiffs' FOIA production and Plaintiffs' responses to WAMY's discovery requests. These discovery disputes were addressed at prior status conferences; this Court ordered the plaintiffs to comply with their discovery obligations on both issues.

However, the plaintiffs have failed to respond to defense counsel's follow-up correspondence or requests for a meet-and-confer to address the plaintiffs' failure to comply with their discovery obligations.

The Honorable Frank Maas
October 23, 2013
Page 2

---

Defendants believe that the issues are fully set forth in the correspondence to this Court dated October 14 and 16, 2013, as well as the parties' prior submissions. Defendants would appreciate the opportunity to discuss the need for compliance with this Court's orders, as well as the need for counsel to respond to requests for discovery meet-and-confer sessions. These are not new motions, but a continuation of what has been previously briefed to this Court.

### Plaintiffs' Reply to Defendants' Additional Proposals:

The additional two items of Defendants' proposed agenda are items that defendants recently raised in letter motions that Defendants served on October 14 and 16, and to which Plaintiffs have not yet filed their responses, and are not ripe for the Court's consideration at this time. Defendants served their letter motions to compel on October 14 and 16 respectively. Pursuant to the last order Your Honor entered regarding the timing for exchanges to Your Honor for discovery disputes (ECF No. 2649, entered Jan. 4, 2013, amending ECF No. 2627, entered Oct. 25, 2012), opposition papers are due three weeks after the moving papers were served, and reply papers are due a week thereafter. Accordingly, Plaintiffs' oppositions are due on November 4 and November 6, respectively.

Plaintiffs alerted Defendants that Plaintiffs would be responding to those letter applications in accordance with the Court's procedures, and that their inclusion on the agenda was premature. In response, Mr. Kabat stated that "Well, we notified the court that you have failed to respond to requests for a meet and confer on those points. On August 19, we requested a meet/confer on the FOIA issue, but you never responded; nor did you respond to WAMY's Sept. 6, 2013 letter. Since our requests for a meet and confer were unsuccessful, you cannot now continue to stall discovery in those areas."

First, Plaintiffs do not agree with Defendants' characterizations of the state of dialogue on those issues. For example, in the letter from Plaintiffs' counsel submitted as defendants' Exhibit II to the October 16 letter to Your Honor, Plaintiffs *agreed* to engage in a meet and confer, but asked for two items of information in advance of a meet and confer (identification of the alleged violations of Your Honor's June 12, 2013 order and Defendant's litigation-related need for the additional information in light of the burden imposed on Plaintiffs), neither of which has been addressed. Also, when Mr. Mohammedi previously approached Plaintiffs' counsel for his WAMY clients asking that Plaintiffs provide updated discovery responses as to WAMY's discovery (a defendant that has yet to produce its documents to Plaintiffs), Plaintiffs responded that, because the updating of discovery responses was an issue with general applicability to all parties, it should be negotiated and applied across the board, rather than on an individual basis with each defendant. Accordingly, Plaintiffs asked Mr. Mohammedi to engage the other defendants to arrive at a joint proposal for consideration. No joint proposal on updating discovery was ever offered for consideration. Importantly, while Mr. Mohammedi is insisting that Plaintiffs update discovery responses immediately, it is unclear whether other of the defendants are amendable to undertaking that process now. For a variety of reasons, it would prove far more efficient to update written objections and responses to document requests once the document productions have concluded. So, much to the contrary of Mr. Mohammedi's characterization that Plaintiffs' counsel have not responded, we have: by asking him for additional information to meet and confer on the one issue, and by asking him to arrange a coordinated proposal for all to consider on the other issue, while expressing our view that updating discovery now is premature.

Second, on the issue of Defendants' insistence that the Court should address the issue based solely on the defendants' letter and their characterization of the dispute, even if the Defendants had been right that Plaintiffs simply declined to engage them in further dialogue on one or both of the issues they present, the proper approach would not be to simply more forward on lopsided briefing, as defendants

The Honorable Frank Maas
October 23, 2013
Page 3

---

have proposed. Their letter brief to the court simply triggers the motion process already in place, which affords an opportunity to respond. Defendants cannot evade the briefing process (which they principally crafted) and deprive Plaintiffs of an opportunity to respond, by inventing new procedures and guidelines of their own creation. This is especially true given the fact that Defendants have insisted on full briefing of even the most basic administrative discovery issues throughout the discovery process.

Respectfully,

Robert T. Haefele
THE MDL 1570 PLAINTIFFS' EXECUTIVE
COMMITTEES

Alan R. Kabat
THE DEFENDANTS' EXECUTIVE COMMITTEE

cc: Hon. George B. Daniels (By Federal Express)
　　　MDL-1570 counsel (By electronic mail)