THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In Re Terrorist Attacks on September 11, 2001 | ) ) ) | No. 03 MDL 1570 (GBD/FM) ECF Case |

## DEFENDANT RABITA TRUST'S RULE 72 EXCEPTIONS TO MAGISTRATE'S RULINGS

COMES NOW Defendant Rabita Trust and pursuant to Rule 72 of the Federal Rules of Civil Procedure hereby moves the Court for relief to reverse the ruling recently made by Magistrate Frank Maas.  On September 28, 2013 in response to the Plaintiffs' motion for sanctions against Rabita Trust for discovery infractions, the Magistrate found that due to its dormant state there was no attorney/client relationship between Rabita Trust and Martin McMahon, Esq. The Magistrate further found that even if there was a valid attorney/client relationship, Rabita Trust failed to satisfy its discovery obligations and acted in bad faith because the requested documents would have significant evidentiary value for the Plaintiffs' allegations and therefore be considered relevant in this case.  As a result of such finding, the Magistrate determined that an entry of default judgment was appropriate.

## I.   DEFAULT JUDGMENT DUE TO LACK OF ATTORNEY/CLIENT RELATIONSHIP SHOULD BE STAYED UNTIL APPEARANCE OF NEW COUNSEL IS CONFIRMED

The Saudi counsel for another defendant in this case, Wael Jelaidan, has indicated to the undersigned counsel that new legal counsel for Rabita Trust is to be appointed shortly. Undersigned counsel respectfully requests that default judgment be stayed, if such judgment is

based on lack of an attorney-client relationship, until such time that this Court can confirm the entry of new counsel for Defendant Rabita Trust.

## II.    RABITA TRUST IS A FOREIGN LITIGANT THAT HAS BEEN PLACED IN A DISADVANTAGEOUS POSITION DUE TO UNDULY BURDENSOME DISCOVERY ORDERS

American courts, in supervising pretrial proceedings involving foreign nationals, should "exercise special vigilance to protect foreign litigants from the danger that unnecessary or unduly burdensome discovery may place them in a disadvantageous position, and judicial supervision of discovery should always seek to minimize its cost and inconvenience and to prevent improper uses of discovery request. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987). Rabita Trust is a charitable organization founded in 1988 to assist Pakistanis repatriated from Bangladesh after the 1971 war. Having been designated by both the U.S. Treasury Department and the United Nations 1267 Committee as a terrorist organization, and having had its files seized by the Pakistani government, Rabita Trust is essentially hamstrung in terms of being able to conduct the discovery requested.  The Magistrate has ignored this reality completely, going beyond Plaintiffs' request for sanctions to enter default judgment against Rabita Trust. There is no more disadvantageous position in which the Magistrate could have placed Rabita Trust.

## III.   THE GOVERNMENT OF PAKISTAN HAS SEIZED RABITA TRUST'S RECORDS, AND RABITA TRUST CANNOT PRODUCE DOCUMENTS IT DOES NOT HAVE

Under Rule 34, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action. *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 147 (S.D.N.Y. 2011). As Rabita Trust's files have been seized by the Pakistani authorities, all responsive documents are outside Rabita

Trust's control. Rabita Trust has neither the right nor the authority to access documents within the Pakistani government's possession. Furthermore, Rabita Trust's ability to obtain such documents by request has been limited beyond the realm of practicality by its designation as a terrorist organization by the United States Treasury Department and the United Nations 1267 Committee. Because of this designation, both the Pakistani government and other financial institutions refuse to deal with Rabita Trust. It is axiomatic that a party cannot produce what it does not have, and it would be manifestly unjust to hold Rabita Trust to any other standard.

## IV.   DEFAULT JUDGMENT IS A DRASTIC REMEDY RESERVED ONLY IN CASES WHERE THERE IS A CLEAR INDICATION THAT THE PARTY NOT PROVIDING DISCOVERY HAS DONE SO INTENTIONALLY

The sanction of dismissal for failure to comply with discovery requires that a court order be in effect and that a plaintiff's refusal to comply with court order be due to plaintiff's willfulness, bad faith, or fault. *Murray v. Dominick Corp. of Canada, Ltd.*, 117 F.R.D. 512 (S.D.N.Y. 1987). The Magistrate's finding that Rabita Trust's failure to show that the records no longer exist somehow equates to bad faith is in direct conflict with Rabita Trust's own admission that some records may indeed still exist, but that they would be in the possession of Pakistan's Office of the Cabinet Secretary and thus not accessible by Rabita Trust. Opp. Mem. At 3. Rabita Trust's multiple attempts at communicating with the Pakistani government, by letter and by in-person visits to the Pakistani embassy were rebuffed. These attempts indicate a good-faith attempt on the part of Rabita Trust to obtain documentation, and show neither willfulness, bad faith, or fault. *Murray* at 512.

## CONCLUSION

Because Rabita Trust is has neither the requisite willfulness, bad faith, or fault, default judgment should not be imposed against it. Rabita Trust simply does not have possession of nor access to any documents responsive to Plaintiffs' requests. Default judgment is a drastic remedy, and Rabita Trust is a foreign litigant already in a limited capacity to act.

Respectfully submitted,

_/s/ Martin McMahon_
Martin F. McMahon, Esq.
McMahon & Associates
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036
Phone: (202) 862-4343
Fax: (202) 828-4130
mm@martinmcmahonlaw.com

Dated: November 11, 2013                    _Attorney for Defendant_

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system pursuant to section 2.9(a), Electronic case filing, 1 Civil Practice in the Southern District of New York section 2:9 (2d ed.), which will then send a notification of such filing (NEF) to the Plaintiffs' counsel.

/s/ Martin McMahon
Martin F. McMahon, Esq.
McMahon & Associates
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036
Phone: (202) 862-4343
Fax: (202) 828-4130
mm@martinmcmahonlaw.com