**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| I<small>N</small> R<small>E</small> T<small>ERRORIST</small> A<small>TTACKS ON</small> S<small>EPTEMBER</small> 11, 2001 | ) <br> ) No. 03 MDL 1570 (GBD/FM) <br> )         ECF Case <br> ) |

This document relates to:

> A<small>SHTON</small>, *et al.* v. A<small>L</small> Q<small>AEDA</small> I<small>SLAMIC</small> A<small>RMY</small>, *et al.*,
>    Case No. 02-CV-6977;
> B<small>URNETT</small>, *et al.* v. A<small>L</small> B<small>ARAKA</small> I<small>NVESTMENT</small> & D<small>EVELOPMENT</small> C<small>ORP</small>., *et al.*,
>    Case No. 03-CV-5738;
> C<small>ANTOR</small> F<small>ITZGERALD</small> A<small>SSOCIATES</small>, LP, *et al.* v. A<small>KIDA</small> I<small>NVESTMENT</small> C<small>O</small>., L<small>TD</small>., *et al.*,
>    Case No. 04-CV-7065;
> C<small>ONTINENTAL</small> C<small>ASUALTY</small> C<small>O</small>., *et al.* v. A<small>L</small> Q<small>AEDA</small> I<small>SLAMIC</small> A<small>RMY</small>, *et al.*,
>    Case No. 04-CV-05970;
> E<small>URO</small> B<small>ROKERS</small>, I<small>NC</small>., *et al.* v. A<small>L</small> B<small>ARAKA</small> I<small>NVESTMENT AND</small> D<small>EVELOPMENT</small> C<small>ORP</small>., *et al.*,
>    Case No. 04-CV-07279;
> F<small>EDERAL</small> I<small>NSURANCE</small> C<small>O</small>., *et al.* v. A<small>L</small> Q<small>AIDA</small>, *et al.*,
>    Case No. 03-CV-6978; and
> E<small>STATE OF</small> O'N<small>EILL</small>, *et al.* v. A<small>L</small> B<small>ARAKA</small> I<small>NVESTMENT AND</small> D<small>EVELOPMENT</small> C<small>ORP</small>., *et al.*,
>    Case No. 04-CV-1923.

**Defendant Al Haramain Islamic Foundation, Inc. (USA)
<u>Rule 72(a) Objections to October 28, 2013 Ruling</u>**

Defendant Al Haramain Islamic Foundation, Inc. (USA) ("Al Haramain USA"), pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(a), Fed. R. Civ. P., respectfully submits its objections to the Magistrate Judge's Report & Recommendation (ECF No. 2789) (Oct. 28, 2013), on the plaintiffs' motion for sanctions. Although the Report correctly recognized that plaintiffs suffered no prejudice, the Report erred in the factual predicate underlying its finding that plaintiffs were entitled to their expenses in bringing the motion. As set forth below, the delay in producing the documents was due entirely to factors beyond the control of Al Haramain USA, since the documents could not be released for use in this litigation until the U.S. District Court for the District of Oregon had issued a written order modifying the protective order entered in that case.

I.      **Factual and Procedural Background.**

A.      **The Issues Underlying the Discovery Dispute.**

The background to this discovery dispute is largely set forth in the Report (at 27-32) and the underlying papers (ECF Nos. 2575, 2683, 2691). The discovery dispute arose from three issues, each of which delayed or barred Al Haramain USA's ability to produce documents:

(1)     The U.S. government, in a pending criminal action in the U.S. District Court for the District of Oregon against Pirouz Sedaghaty, a former director of Al Haramain USA, seized all of Al Haramain USA's paper and electronic records. The government also demanded a protective order (issued in 2007) that expressly limited disclosure of those documents to the criminal counsel for Mr. Sedaghaty, for use only in the criminal case, thereby prohibiting disclosure of the documents to counsel for Al Haramain USA, or use of the documents by anyone (including Mr. Sedaghaty) in the civil case in this Court. (Al Haramain USA was previously dismissed from that criminal case). Not until February 2013 did the U.S. District Court for the District of Oregon issue a written modification of the Protective Order, and only after Mr. Sedaghaty's counsel obtained the consent of the government. *See* Declaration of S. Wax, at ¶¶ 2, 7-8 (Nov. 8, 2013) (attached hereto as Exhibit 1).

(2)     The Saudi government, in late 2004, unexpectedly shut down the Al Haramain Foundation (Saudi Arabia), so that nobody was able to obtain documents from that entity, let alone determine whether there might be exculpatory documents that Al Haramain USA could have used in the civil case.

(3)     The U.S. government also seized the computers containing the archived emails of Al Haramain USA's employees, so that Al Haramain USA similarly did not have access to those documents under the 2007 Protective Order.

### B. The Court of Appeals' Decision in the Criminal Case.

At the time the plaintiffs' motion was filed, Mr. Sedaghaty's appeal was pending with the U.S. Court of Appeals for the Ninth Circuit. Subsequently, the Court of Appeals, in a lengthy opinion, recently agreed with Mr. Sedaghaty that the conviction had to be reversed and the case remanded for a new trial. *See United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2013). The Court of Appeals held that the government committed significant *Brady* violations by failing to disclose full information about the sizable payments made to its primary witness; that the government's summary of the classified information, which it provided to the defendant and the Court, was inadequate; and that the search and seizure of Al Haramain USA's records and electronic files in 2004 was not conducted in good faith and potentially overbroad. *Id.* The Court of Appeals also criticized the prosecutors for their improper attempts to insert "terrorism" issues into the jury trial, since there were no terrorism charges in this tax fraud case. *Id.*

Although the U.S. government initially requested an extension of time to seek rehearing, the Solicitor General's office decided, on November 4, 2013, that there would be no further review by either the Ninth Circuit or the U.S. Supreme Court. *See* Ex. 1 (Wax Decl.), at ¶ 6.

### C. The Findings of the Report & Recommendation.

The Report made three findings with respect to the three discovery issues. First, with respect to the seized documents, the Report found that the plaintiffs had shown no prejudice from any delay in producing the documents, but found that Al Haramain USA should have produced the documents after November 2011, instead of 2013, when the U.S. District Court for the District of Oregon modified the 2007 Protective Order. *See* Report, at 33. Second, with respect to the documents from the Al Haramain Foundation (Saudi Arabia), the Report agreed that "there has been no showing that Al Haramain (USA) failed to meet this obligation" to preserve or

produce those documents, so that no sanctions were warranted. *Id.* at 35-36. Third, with respect to the electronic files and plaintiffs' assertion of spoliation, the Report found that "there simply is insufficient evidence" of any culpability, and that "Plaintiffs have also failed to show that any materials that could not be recovered were relevant to their case," so that no sanctions were warranted. *Id.* at 37. As a result of the limited finding on the first issue, the Report determined that the Plaintiffs could recover "the expenses they reasonably incurred in bringing their motion." *Id.* at 40.

## II. Standard of Review.

This Court reviews a magistrate judge's ruling on a non-dispositive matter under the "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Rule 72(a), Fed. R. Civ. P. "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (citations omitted).

## III. The Magistrate Judge's Ruling Is Grounded Upon an Incorrect Factual Predicate Regarding the Timing of Al Haramain USA's Production.

The Report erred in one critical respect, in its factual determination that Al Haramain USA could have produced the seized documents as early as November 2011, when the Magistrate Judge contacted his counterpart in Oregon, who stated that the Oregon Protective Order did not prohibit the release of the documents for use in this Court, *see* Report, at 33, despite the plain language of that Protective Order.

However, as Mr. Sedaghaty's criminal defense counsel – the Federal Public Defender – has consistently made clear, the documents could <u>not</u> be released absent both consent by the prosecutor <u>and</u> written modification of the Protective Order. *See* Ex. 1 (Wax Decl.), at ¶ 8. This

4

was consistent with the Protective Order itself, which expressly prohibited sharing of the seized documents with Al Haramain USA, or making any use of the documents outside the criminal case. *Id.* at ¶ 2 & Att. A.  Moreover, the Federal Public Defender's consistent position is that Mr. Sedaghaty's "Fifth Amendment privilege against self-incrimination could be waived by the production or authentication of these documents," so that "Mr. Sedaghaty should not agree to produce the documents at that time," including "while the criminal case was pending on appeal and a new trial was a possibility." *Id.* at ¶ 7.

It was only after the initial discovery rulings in this case that Mr. Sedaghaty's counsel obtained consent for the government to seek a modification of the Protective Order in a way that would allow release of the documents to Al Haramain USA – without implicating Mr. Sedaghaty's Fifth Amendment privilege. *Id.* at ¶ 8.  Once that written modification of the Protective Order was entered into the record of the U.S. District Court for the District of Oregon, then the documents and emails were released to counsel for Al Haramain USA.

Therefore, the Report – while correctly holding that plaintiffs had suffered <u>no</u> prejudice from the delay in producing the documents caused by the need to obtain a written modification of the Protective Order from the U.S. District Court for the District of Oregon – erred in asserting that Plaintiffs were entitled to their expenses in bringing the sanctions motion, since that finding was based on the incorrect factual predicate that Al Haramain USA could have obtained the documents as early as November 2011 and without obtaining the required written modification of the Protective Order.  Since that factual predicate underlies the Report's conclusion that the Plaintiffs were entitled to certain expenses with respect to Al Haramain USA, that determination should be set aside.

**IV.     Conclusion.**

For the foregoing reasons, and pursuant to Rule 72(a), Fed. R. Civ. P., this Court should set aside that part of the Report that granted Plaintiffs the "expenses they reasonably incurred in bringing their motion" as to Al Haramain USA, since that determination was based on an incorrect factual predicate.  Al Haramain USA could not have produced the seized documents in November 2011, without any formal modification of the 2007 Protective Order by the U.S. District Court for the District of Oregon.  Not until both the government and the Federal Public Defender agreed that the 2007 Protective Order could be modified in a way that would not affect Mr. Sedaghaty's Fifth Amendment privileges, did the U.S. District Court issue its written modification of the Protective Order, upon which Al Haramain USA promptly obtained and produced the seized documents and emails.

                Respectfully submitted,

                /s/ Lynne Bernabei
                _____
                Lynne Bernabei (LB 2489)
                Alan R. Kabat (AK7194)
                Bernabei & Wachtel, PLLC
                1775 T Street, N.W.
                Washington, D.C. 20009-7102
                (202) 745-1942

                Attorneys for Al Haramain Islamic Foundation, Inc. (USA)

DATED:  November 12, 2013

**CERTIFICATE OF SERVICE**

     I hereby certify that on November 12, 2013, I caused the foregoing Rule 72 Objections to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

                                           /s/ Alan R. Kabat
                                           _____
                                           Alan R. Kabat