IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 ) | ) No. 03 MDL 1570 (GBD/FM) <br> ) ECF Case <br> ) |

This document relates to:

> ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
>   Case No. 02-CV-6977;
> BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*,
>   Case No. 03-CV-5738;
> CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
>   Case No. 04-CV-05970;
> EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
>   Case No. 04-CV-07279; and
> FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*,
>   Case No. 03-CV-6978.

### DECLARATION OF STEVEN WAX IN SUPPORT OF DEFENDANT AL HARAMAIN ISLAMIC FOUNDATION, INC. (USA)'S RULE 72 OBJECTIONS

I am the Federal Public Defender for the U.S. District Court for the District of Oregon, and have served in that role from 1983 to the present. I submit this declaration in support of Defendant Al Haramain Islamic Foundation, Inc. (USA)'s Rule 72 Objections.

1.  I am co-counsel for Pirouz Sedaghaty (Pete Seda), an individual defendant in United States v. Sedaghaty, Cr. No. 05-60008 (D. Or.), and was appointed by the Court as co-counsel on August 22, 2007. From that date through the present, I, along with my colleagues in the Federal Public Defender's office, and Lawrence Matasar (an attorney in private practice), have represented Mr. Sedaghaty, both at trial and on appeal.

2.  Commencing in February 2004, the government seized numerous documents, computers, and other property belonging to the Al Haramain Islamic Foundation, Inc. (USA) ("Al Haramain USA") and to Mr. Sedaghaty. During the pre-trial phase of the criminal case, the

government would not agree to provide copies of those documents to Mr. Sedaghaty's counsel until after the Court entered into a Protective Order that expressly prohibited Mr. Sedaghaty and his counsel from sharing the documents with Al Haramain USA or its counsel, or making any use of the documents outside the criminal case. *See* Protective Order (ECF No. 77) (Dec. 18, 2007) (attached hereto as Attachment A). After we obtained this material, significant time was required to analyze the documents and to conduct other pre-trial discovery, as well as motions practice relating to the government's use of classified evidence and yet other issues.

3. The jury trial of Mr. Sedaghaty began on August 30, 2010. The jury returned a verdict for the government on September 9, 2010. The government's charges against Mr. Sedaghaty were limited to a tax fraud charge (filing a false tax return on behalf of a non-profit organization, *i.e.*, Al Haramain USA) and a conspiracy charge (the jury found a conspiracy to defraud the IRS, but did not find a conspiracy to defraud the U.S. Customs Service). The trial was followed by extensive motions and a hearing seeking a new trial.

4. The government sought to enhance Mr. Sedaghaty's sentence based on the terrorism enhancement available under the United States Sentencing Guidelines. The district court rejected its request and declined to impose that enhancement.

5. On December 1, 2011, Mr. Sedaghaty timely appealed the conviction to the U.S. Court of Appeals for the Ninth Circuit, after the post-trial motions practice was completed.

6. On August 23, 2013, the Court of Appeals reversed the conviction and remanded for a new trial. The Court of Appeals held that (1) the prosecution committed significant *Brady* violations in failing to disclose information about the government's payments to its key witness; (2) the government's summary of the classified information, pursuant to the Classified Information Procedures Act, was inadequate; (3) the search and seizure in 2004 was potentially

overbroad and not conducted in good faith. The Court of Appeals also commented on the prosecution's repeated and improper references to "terrorism" issues in this case, even though Mr. Sedaghaty was not charged with any terrorism-related offense. *United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2013). The government initially requested an extension of time to seek rehearing, but the Solicitor General's Office decided, on November 4, 2013, that the government would not seek any further review of that decision. The parties are in the process of negotiating dismissal of the criminal case against Mr. Sedaghaty.

7. Mr. Sedaghaty is also a defendant in the civil action pending in the U.S. District Court for the Southern District of New York, No. 03-MDL-1570. His counsel in that case inquired whether the documents that the government had seized in 2004 and were subject to the Protective Order could be released for discovery in that civil action. When that inquiry was made, Mr. Sedaghaty's criminal case was at the District Court level and I determined that his Fifth Amendment privilege against self-incrimination could be waived by the production or authentication of these documents and believed that Mr. Sedaghaty should not agree to produce the documents at that time. I continued to have that opinion while the criminal case was pending on appeal and a new trial was a possibility. Further, it was my belief, and that of my co-counsel, that the Protective Order could only be modified through a formal order from the U.S. District Court for the District of Oregon that had entered the order and that the parties lacked the authority to release the documents absent express written authorization from the District Court.

8. After I was informed by civil counsel that the U.S. District Court for the Southern District of New York had overruled the objections of Al Haramain USA to the plaintiffs' discovery requests, I commenced negotiations with the U.S. Attorney's Office in the District of Oregon in an effort to modify the Protective Order to allow Al Haramain USA to obtain the

documents covered by the Protective Order. The government agreed to allow release of some of the documents that had been provided by the government as discovery in the criminal case and we filed a consent Motion for Order to Modify Protective Order of December 18, 2007 (ECF No. 629) (Feb. 14, 2013) (excerpts attached hereto as Attachment B). Chief Judge Aiken, to whom the case had been reassigned following the retirement of the trial judge, Michael Hogan, granted the Motion. *See* Order (ECF No. 630) (Feb. 14, 2013) (attached hereto as Attachment C). After the District Court for the District of Oregon issued its written Order that modified its Protective Order, our office provided counsel for Al Haramain USA with copies of the documents we were permitted to release.

9. I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on November 8, 2013.

_____
STEVEN WAX

**Attachments to Declaration of Steven Wax**

A. Protective Order (ECF No. 77) (Dec. 18, 2007).

B. Motion for Order to Modify Protective Order of December 18, 2007 (ECF No. 628) (Feb. 14, 2013) (excerpts).

C. Order (ECF No. 629) (Feb. 14, 2013).

**Attachment A**

Protective Order
(ECF No. 77) (Dec. 18, 2007).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. CR 05-60008 |
| v. | ) | |
| | ) | |
| PIROUZ SEDAGHATY, | ) | **PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |

Upon motion of the United States, the Court being advised as to the nature of this case, and there being no objection by the parties, it is hereby

ORDERED that pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure, defense counsel will not reproduce any discovery material provided by the government for dissemination to the defendant or to any third party (specifically including co-defendant Soliman Hamd Al-Buthe, his attorneys, and the Al Haramain Islamic Foundation, Inc., and its attorneys), or allow the defendant to have unsupervised access to the material, except as provided below.

IT IS FURTHER ORDERED that defense counsel may provide copies to those persons directly employed by the attorneys of record for defendant Sedaghaty who are necessary to assist counsel of record in preparation for trial or other proceedings in the case.

IT IS FURTHER ORDERED that defense counsel may also provide copies to those persons who are physically located within the territory of the United States of America when doing so is necessary to further legitimate defense investigation and preparation of this case.

**Page 1 - PROTECTIVE ORDER**

Attachment A

IT IS FURTHER ORDERED that no person who receives a copy of any document subject to this protective order from defense counsel shall use such document in any way except to assist counsel for defendant Sedaghaty in the investigation or preparation of this case, and shall not reproduce or disseminate any such document in any way to any other person or entity, and shall not remove any such document from the territory of the United States of America.

IT IS FURTHER ORDERED that counsel for defendant Sedaghaty shall provide a copy of this protective order to any person to whom they provide a copy of any document subject to this order and secure that person's written agreement to abide by the terms of this order. In the event of a possible violation of this order, defense counsel shall provide a copy of such written agreement to the government upon further order of the Court. Before copies of any document subject to this order are provided to any attorney for defendant Soliman Hamd Al-Buthe such attorney shall personally appear before the Court and acknowledge agreement to this order.

Nothing in this protective order shall in any manner limit the right of counsel for defendant Sedaghaty to show any document subject to this order to any person for legitimate defense investigation and preparation in this case. Nothing in this protective order shall in any manner limit the right of counsel for defendant Sedaghaty to reproduce and disseminate any document that they obtain from independent sources other than the government even if it is within the material provided to the defense by the government in the discovery process.

IT IS FURTHER ORDERED that pursuant to Rule 6(e)(3)(E)(I), Federal Rules of Criminal Procedure, the government is authorized to disclose to attorneys of record, records and documents received by the federal grand jury during the investigation of this matter.

IT IS FURTHER ORDERED that the United States is permitted to disclose return and return

**Page 2 - PROTECTIVE ORDER**

Attachment A

information it has obtained pursuant to Title 26 U.S.C. § 6103, pertaining to the defendant or any other party to counsel of record. The defendant and his respective counsel shall use the returns and return information disclosed solely in connection with the criminal proceeding herein and any disclosure shall be made to any other person in accordance with Title 26 U.S.C. § 6103.

DATED this _____ day of December, 2007.

THOMAS M. COFFIN
United States Magistrate Judge

Presented by:

KARIN J. IMMERGUT
United States Attorney
District of Oregon

CHARLES F. GORDER, JR.
CHRISTOPHER L. CARDANI
Assistant United States Attorneys

Agreed to by:

STEVEN T. WAX
LARRY MATASAR
Attorneys for Defendant

Page 3 - PROTECTIVE ORDER

Attachment A

**Attachment B**

Motion for Order to Modify Protective Order of December 18, 2007
(ECF No. 628) (Feb. 14, 2013) (excerpts).

Steven T. Wax, OSB No. 85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

Lawrence Matasar, OSB No. 74209
621 SW Morrison Street, Suite #1025
Portland, OR 97205
Tel: (503) 222-9830
Email: larry@pdxlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | No. 6:05-cr-60008-AA |
|---|---|
| Plaintiff, | |
| v. | MOTION FOR ORDER TO MODIFY PROTECTIVE ORDER OF DECEMBER 18, 2007 |
| PIROUZ SEDAGHATY, | |
| Defendant. | |

Defendant, Pirouz Sedaghaty, by and through his attorneys, Lawrence Matasar and Federal Public Defender Steven T. Wax, hereby moves this Court for modification of the Protective Order entered on December 18, 2007. This motion

is necessary to clarify the limits on Mr. Sedaghaty's criminal defense attorneys' provision of material to civil attorneys representing AHIF-Ashland in civil proceeding United States District Court Southern District of New York *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (*see* attached correspondence and order).

The government agrees with the requested modification.

RESPECTFULLY SUBMITTED this 14th day of February, 2013.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Lawrence H. Matasar
Lawrence H. Matasar

**Attachment C**

Order
(ECF No. 629) (Feb. 14, 2013).

Case 1:03-md-01570-GBD-SN   Document 2799-1   Filed 11/12/13   Page 14 of 15

Case 6:05-cr-60008-AA   Document 629     Filed 02/14/13   Page 1 of 2   Page ID#: 8837
Case 6:05-cr-60008-AA   Document 628-2   Filed 02/14/13   Page 1 of 2   Page ID#: 8835

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | No. 6:05-cr-60008-AA |
|---|---|
| Plaintiff, | |
| v. | ORDER MODIFYING PROTECTIVE ORDER OF DECEMBER 18, 2007 |
| PIROUZ SEDAGHATY, | |
| Defendant. | |

Upon consideration of the Memorandum Decision and Order of the United States District Court Southern District of New York *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM) (ECF No. 2491) (Nov. 22, 2011), and upon agreement of the parties in 6:05-cr-60008-AA, it is hereby

**Page 1   ORDER MODIFYING PROTECTIVE ORDER OF DECEMBER 18, 2007**

Attachment C

Case 1:03-md-01570-GBD-SN   Document 2799-1   Filed 11/12/13   Page 15 of 15

Case 6:05-cr-60008-AA   Document 629     Filed 02/14/13   Page 2 of 2   Page ID#: 8838
Case 6:05-cr-60008-AA   Document 628-2   Filed 02/14/13   Page 2 of 2   Page ID#: 8836

ORDERED that the protective order issued by this Court on December 18, 2007, *United States v. Sedaghaty*, No. 6:05-cr-60008-AA, (D. Or December 18, 2007) (CR 77), is modified by the following addendum:

IT IS FURTHER ORDERED that defense counsel is not precluded from providing to the civil attorneys for AHIF-USA (Alan Kabat and Lynne Bernabei) for use in the above referenced case, any material provided to defense counsel through discovery that the government obtained as a result of the execution of the search warrant at 3800 S. Highway 99, Ashland, OR 97520, on February 18, 2004, material obtained through grand jury subpoenas served on AHIF-Ashland, and the file provided by Tom Wilcox on June 11, 2009.

Dated this 14th day of February, 2013.

Ann Aiken, Chief Judge
United States District Court Judge