UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD)(FM) |

**This document relates to:**
*All Cases*

### PLAINTIFFS' RESPONSE TO DEFENDANT WA'EL JELAIDAN'S OBJECTION TO MEMORANDUM DECISION AND REPORT AND RECOMMENTATION OF MAGISTRATE JUDGE MAAS DATED OCTOBER 28, 2013

Plaintiffs respectfully submit this opposition to Defendant Wa'el Jelaidan's ("Jelaidan") Fed. R. Civ. P. 72(a) Objections (ECF No. 2794) to Magistrate Judge Maas' October 28, 2013 Report and Recommendation (ECF No. 2789) recommending the imposition of an adverse inference sanction and awarding attorneys' fees to Plaintiffs due to Jelaidan's discovery misconduct. Specifically, Jelaidan shirked his obligations in discovery for more than seven years, including for one and a half years after the Court ordered him to demonstrate a "full court press" to meet his obligations. Only after Plaintiffs filed their motion for sanctions did Jelaidan attempt to manufacture some basis to suggest that he had engaged in good faith discovery attempts. However, as outlined in detail in Magistrate Judge Maas' Report and Recommendation, everything on which Jelaidan has relied to demonstrate his good-faith efforts in discovery actually demonstrates that his efforts have been intentionally and woefully deficient. Because Jelaidan's objections are nothing more than a recasting of his unsuccessful arguments before Magistrate Judge Maas that were rejected with detailed explanations in the Report and Recommendation, Plaintiffs respectfully submit that this Court should reject Jelaidan's Rule

72(a) objections and adopt Magistrate Judge Maas' Report and Recommendation as it relates to Jelaidan.[1]

## STANDARD OF REVIEW

This Court has previously addressed the standard of review to be applied in circumstances where the parties have objected to a non-dispositive order issued by Magistrate Judge Maas in these cases. On January 12, 2012, Your Honor wrote:

> Under Rule 72(a), a court reviews a non-dispositive order of a magistrate judge and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, [474 U.S. 140, 149 (1985)]. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Nikkal Indus.. Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).
>
> "It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 94 Civ. 5587, 2000 U.S. Dist. LEXIS 4892, at *4 (S.D.N.Y. Apr. 17, 2000); *accord Beckles v. City of New York*, 2010 U.S. Dist. LEXIS 45423, at *5 (S.D.N.Y. May 10, 2010). Thus, "[t]he party seeking to overturn a magistrate judge's decision ... carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, 04 Civ. 6189, 2007 U.S. Dist. LEXIS 59233, at *4 (S.D.N.Y. Aug. 13, 2007).

ECF No. 2529 at 2-3.

No mention is made in Jelaidan's objections that Magistrate Judge Maas' well-reasoned recommendation is entitled to "substantial deference" or that Magistrate Judge Maas abused his discretion. Rather, Jelaidan continues to make the identical arguments with the same support rejected by Magistrate Judge Maas. Specifically, Jelaidan argues that:

---

[1] In addition, Plaintiffs incorporate by reference Plaintiffs' letters to the Court, dated January 30, 2013 and March 12, 2013, in support of their application regarding Jelaidan, along with the exhibits referenced therein (ECF Nos. 2700 and ECF No. 2704).

2

- He made good faith efforts to obtain responsive documents but the banks from which he sought to obtain documents did not comply with his requests because he has been designated as a terrorist by the United States and the United Nations.

- He lacked sufficient culpability for his failure to meet his discovery obligations

- He should not have been required to meet his discovery obligations, and Plaintiffs should have been ordered to employ different discovery tools to obtain Jelaidan's responsive documents.

Given that each of these arguments was made and specifically rejected by Magistrate Judge Maas based on the record, the Magistrate Judge's determination was neither clearly erroneous nor contrary to law.

## ARGUMENT

**MAGISTRATE JUDGE MAAS' REPORT AND RECOMMENDATION WAS BASED ON THE CLEAR AND UNDISPUTED RECORD OF JELAIDAN'S INACTION IN THE FACE OF HIS DISCOVERY OBLIGATIONS, MULTIPLE WARNINGS, AND PRIOR COURT ORDERS.**

The background to this discovery dispute is set forth at length in Magistrate Judge Maas' Report and Recommendation. ECF No. 2789 at 5-8. The following summarizes Magistrate Judge Maas' findings with regard to the background of the dispute.

Jelaidan is widely believed to have shared a close relationship with Osama bin Laden and to have directed organizations that gave financial and logistical support to al Qaeda. In September 2002, both the United States and Saudi Arabia jointly designated Jelaidan as a "person who supports terror" and the United Nations has included him on its "Al Qaida Sanctions List." *Id.* at 5.

In October 2011, Plaintiffs asked the Court to compel Jelaidan to produce documents sought in discovery served in 2006 and expected the documents to be produced in court-ordered rolling discovery productions. The discovery sought related to (a) Jelaidan's banking and financial accounts, (b) his relationship with other U.S.-designated terrorists, including documents

3

about alleged transfers of millions of dollars among them, and (c) any other sanctions imposed on him after 2002. Jelaidan produced only 22 documents totaling 104 pages, which Plaintiffs have characterized as unresponsive and irrelevant. *Id*. at 8.

In opposition to Plaintiffs' October 2011 motion to compel, Jelaidan argued (as he did in opposition to the sanctions motion and as he does in his Objection) that he lacked the ability to obtain responsive documents from the financial institutions because of his status as a U.S.-designated global terrorist. In response to Jelaidan's argument, Plaintiffs offered an affidavit from Jimmy Gurulé, a professor of law at Notre Dame Law School and former Under Secretary for Enforcement at the United States Department of Treasury. Professor Gurulé explained that, contrary to Jelaidan's suggestion, Jelaidan's designation did not "preclude a financial institution from providing [him] with account statements" for accounts of his that were frozen or blocked. *Id*. at 6.

At a hearing on November 16, 2011, Magistrate Judge Maas addressed Plaintiffs' complaint that Jelaidan had not produced any documentation reflecting his alleged efforts to obtain responsive financial records and Plaintiffs' suspicion that Jelaidan was using his designation as a shield from discovery. Magistrate Judge Maas agreed with Plaintiffs that Jelaidan had not satisfactorily shown that he was incapable of securing the requested documents and ordered Jelaidan to undertake a vigorous "full-court press" to secure the records. He also warned Jelaidan that sanctions would be imposed if he failed to sufficiently document his efforts to comply. *Id*. at 7.

Less than a month after the conference, Jelaidan's counsel, Martin McMahon, informed the Court that Jelaidan was unable to produce additional documents, contending that both Jelaidan and his attorney in Saudi Arabia had "made a number of attempts to request and obtain

responsive documents from governmental and commercial entities[,] but [that] these entities ha[d] not cooperated with them." Mr. McMahon provided no details about Jelaidan's efforts, other than to say a letter from Jelaidan's Saudi counsel said he was "sure" that Jelaidan would be unable to obtain any more documents. *Id*. at 7.

Since that time, Jelaidan has provided no additional documents, nor has he provided any information about his efforts to obtain documents. Moreover, Jelaidan failed to serve any responses to Plaintiffs' supplement document requests served on July 31, 2012. *Id*. at 8.

On January 30, 2013, Plaintiffs filed a motion seeking sanctions against Jelaidan for his failure to respond adequately to their initial and supplemental discovery requests or to comply with the Court's direction to verify his diligent efforts to obtain responsive materials. Jelaidan opposed the motion positing the same argument as he did at the November 16, 2011 hearing – namely, that despite his alleged efforts he could not obtain financial records from his banks because of his global terrorist designation. In support, Jelaidan provided several documents which were each found by the Magistrate Judge not to support Jelaidan's contention that he had engaged in good faith efforts in discovery. *Id*. at 8.

The Magistrate Judge found that the letters Jelaidan claims that he sent to various banks asking for his records "are woefully insufficient and do not demonstrate good faith." The letters were sent in February 2013, seven years after the discovery was served, sixteen months after Plaintiffs first moved to compel discovery, and fifteen months after the Court had ordered Jelaidan to engage in a "full court press." During this lengthy period, Jelaidan's counsel has represented to the Court that Jelaidan had been trying to obtain the documents from the banks. Moreover, the Magistrate Judge found that Jelaidan's approach suggested that the letter requests were "intended to fail" – e.g., the letters omitted necessary information; they were directed to

branch offices that were not anticipated to have responsive documents rather than to branches likely to have responsive documents; and although they were being directed to large foreign banks, they were sent in English and directed to a general mailing addresses rather than to an appropriate person to answer the request. The Magistrate Judge also observed that, although the letters indicate that Jelaidan had received previous rejections to earlier requests, the letters were not addressed to anyone with whom he had previously communicated rejection and the earlier correspondence was not attached. *Id*. at 10-12.

The Magistrate Judge also determined that two affidavits upon which Jelaidan relied did not support his argument. One affidavit, purporting to attest to Jelaidan's past communications with his banks, cites two communications. The Magistrate Judge determined that the first communication, an August 2001 letter from Jelaidan (the letter was not included in Jelaidan's opposition), did not represent an effort to obtain documents responsive to Plaintiffs' discovery requests because the letter predated the litigation. The Magistrate Judge also determined that the second communication, an April 28, 2012 letter from Jelaidan, was similarly not indicative of an effort to obtain responsive documents; rather, it was merely an unrelated request by Jelaidan to obtain access to one of his frozen financial accounts. *Id*. at 12-14.

The Magistrate Judge also observed that some of the documentation submitted by Jelaidan for *in camera* review – in addition to documents already produced to Plaintiffs – suggest that at least some relevant bank records are available to Jelaidan. *Id*. at 14.

The Magistrate Judge also found that, although Jelaidan has lived in Saudi Arabia for many years, he has shown no indication that he has ever requested any documents from any banks within the Kingdom. *Id*.

Finally, the Magistrate Judge also considered that Jelaidan had offered no reasonable explanation for continuing to ignore Plaintiffs' supplemental discovery requests. Id.

Magistrate Judge Maas, in imposing an adverse inference sanction, relied on relevant Second Circuit case law when he determined that: "[w]here, as here, 'the failure to comply with a court order is due to willfulness or bad faith,' severe sanctions are justified." *Id*. at 16, citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). Considering the range of sanctions available and the fact that sanctions are intended to be both remedial and punitive, Magistrate Judge Maas was within his discretion to impose an adverse inference sanction to remedy the prejudice caused by Jelaidan's failure to produce vital documents and to punish Jelaidan for his longstanding and continued willful discovery violations, particularly in light of Jelaidan's disregard for multiple warnings by both Plaintiffs and the Court that sanctions may be imposed.

Similarly, in awarding to Plaintiffs attorneys' fees and costs incurred in moving for sanctions against Jelaidan, Magistrate Judge Maas determined that such award was grounded in Fed. R. Civ. P. 37(b)(2)(C), which requires a court to award a successful party the expenses reasonably incurred in making a motion "unless the noncompliant party's . . . failure [to cooperate in discovery] was substantially justified or . . . an award of expenses would be unjust." ECF No. 2789 at 17. Given the Magistrate Judge's determination that Jelaidan's conduct was willful, longstanding, and continuing, the sanction is not only within the Magistrate Judge's discretion, but appropriate.

## CONCLUSION

For the foregoing reasons, the reasons expressed in Plaintiffs' letters to the Court seeking sanctions (ECF Nos. 2700, 2704), and the reasons expressed in Magistrate Judge Maas' Report

7

and Recommendation (ECF No. 2789), Plaintiffs respectfully submit that the Court should adopt the Report and Recommendation, recommending the imposition of an adverse inference sanction and awarding to Plaintiffs attorneys' fees and costs incurred in moving for sanctions against Jelaidan. Nothing in the Report and Recommendation is clearly erroneous or contrary to law. Indeed, aside from repeating the same arguments twice asserted to the Magistrate Judge, Jelaidan has offered nothing to raise a definite and firm conviction that Magistrate Judge Maas committed any error or anything pointing to any misapplication of a statute, case law, or rule. Plaintiffs further respectfully submit that, on the basis of Magistrate Judge Maas' Report and Recommendation, Plaintiffs should also be awarded attorneys' fees and costs associated with having to file this opposition to Defendant Jelaidan's Rule 72(a) objections and such other and further relief as the Court deems proper.

Dated: December 2, 2013	Respectfully Submitted,

/s/ _____
Jodi Westbrook Flowers
Michael Elsner
Robert T. Haefele
*RHaefele@motleyrice.com*
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Tel: (843) 216-9000
Fax: (843) 216-9450

Stephen A. Cozen
Sean P. Carter
*scarter@cozen.com*
J. Scott Tarbutton
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2000
Fax: (215) 665-2013

James P. Kreindler
jkreindler@kreindler.com
KREINDLER & KREINDLER LLP
750 Third Avenue
New YorkNY10017
 Phone: 212-687-8181
Fax: 212-972-9432

Paul J. Hanly, Jr.
Jayne Conroy
Andrea Bierstein
abierstein@hanlyconroy.com
HANLY CONROY BIERSTEIN SHERIDAN FISHER
 & HAYES, LLP
112 Madison Avenue
New York, NY 10016
Tel:  (212) 784-6400
Fax:  (212) 213-5949

Jerry S. Goldman
jgoldman@andersonkill.com
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas, 42nd Floor
New York, N.Y. 10020-1182
Telephone:  (212) 278-1498
Fax:  (212) 278-1733

For the Plaintiffs' Executive Committees

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 2, 2013, I caused an electronic copy of the foregoing Plaintiffs' Response to Defendant Wa'el Jelaidan's Objection [ECF No. 2794] to the October 28, 2013 Memorandum Decision and Report and Recommendation of Magistrate Judge Maas [ECF No. 2789] to be served electronically by the Court's Electronic Case Filing (ECF) System.

 /s/ Robert T. Haefele
Robert T. Haefele