**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

IN RE TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

Civil Action No.
03 MDL 1570 (GBD)(FM)

**This document relates to:**
*All Cases*

**PLAINTIFFS' RESPONSE TO DEFENDANT AL HARAMAIN ISLAMIC
FOUNDATION (USA)'S OBJECTION TO MEMORANDUM DECISION
AND REPORT AND RECOMMENTATION OF MAGISTRATE
JUDGE MAAS DATED OCTOBER 28, 2013**

Plaintiffs respectfully submit this opposition to Defendant Al Haramain Islamic Foundation, Inc. (USA)'s ("AHIF-USA") Fed. R. Civ. P. 72(a) Objections (ECF No. 2799) to Magistrate Judge Maas' October 28, 2013 Report and Recommendation (ECF No. 2789) awarding attorneys' fees to Plaintiffs due to AHIF-USA's discovery misconduct. Specifically, AHIF-USA shirked orders of this Court regarding its discovery obligations until after Plaintiffs filed their motion for sanctions. As Magistrate Judge Maas concluded, "it is clear that the Plaintiffs would not have had to file their motion, but for [AHIF-USA]'s unreasonable refusal to make efforts to obtain the Oregon documents after I ruled that the protective order in [Pirouz] Sedaghaty's criminal case did not preclude their production in this litigation. Moreover, [AHIF-USA] has made no showing that its failure to pursue those documents in a timely manner was substantially justified or that the awarding of expenses to the Plaintiffs would be unjust." *See* ECF No. 2789 at 34-35. AHIF-USA's attempts to justify its actions – and its constant refrain that Plaintiffs suffered no prejudice from AHIF-USA's inaction in discovery – do not render Magistrate Judge Maas' recommendation clearly erroneous or contrary to law. Therefore,

Plaintiffs respectfully submit that this Court should adopt Magistrate Judge Maas' Report and Recommendation as it relates specifically to AHIF-USA.[1]

## STANDARD OF REVIEW

This Court has previously addressed the standard of review to be applied in circumstances where the parties have objected to a non-dispositive order issued by Magistrate Judge Maas in these cases. On January 12, 2012, Your Honor wrote:

> Under Rule 72(a), a court reviews a non-dispositive order of a magistrate judge and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435(1985). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Nikkal Indus.. Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (internal citations and quotations omitted).
>
> "It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 94 Civ. 5587, 2000 U.S. Dist. LEXIS 4892, at *4 (S.D.N.Y. Apr. 17, 2000); *accord Beckles v. City of New York*, 2010 U.S. Dist. LEXIS 45423, at *5 (S.D.N.Y. May 10, 2010). Thus, "[t]he party seeking to overturn a magistrate judge's decision ... carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, 04 Civ. 6189, 2007 U.S. Dist. LEXIS 59233, at *4 (S.D.N.Y. Aug. 13, 2007).

ECF No. 2529 at 2-3.

No mention is made in AHIF-USA's objections that Magistrate Judge Maas' well-reasoned recommendation is entitled to "substantial deference" or that Magistrate Judge Maas abused his discretion. Rather, AHIF-USA argues that Magistrate Judge Maas' awarding of attorneys' fees and costs "was based on the incorrect factual predicate that [AHIF-USA] could

---

[1] In addition, Plaintiffs incorporate by reference Plaintiffs' submissions to the Court in support of Plaintiffs' request for sanctions against AHIF-USA (ECF Nos. 2654, 2655, 2679, 2680, and 2694).

2

have obtained the documents as early as November 2011 and without obtaining the required written modification of the Protective Order." ECF No. 2799 at 5. This is the sole objection set forth by AHIF-USA. Given that this argument was made and specifically rejected by Magistrate Judge Maas based on the record, this determination could not have been clearly erroneous or contrary to law.

## ARGUMENT

**MAGISTRATE JUDGE MAAS' REPORT AND RECOMMENDATION WAS BASED ON THE CLEAR AND UNDISPUTED RECORD OF AHIF-USA'S INACTION REGARDING PRIOR COURT ORDERS.**

The background to this discovery dispute is set forth at length in Magistrate Judge Maas' Report and Recommendation. ECF No. 2789 at 27-32. The following is a brief summary of Magistrate Judge Maas' findings with regard to the background of the dispute.

The first case against AHIF-USA was filed in August 2002 at which time AHIF-USA should have been on notice of document-retention requirements. Following a partial denial of AHIF-USA's motion to dismiss, Plaintiffs served their initial set of discovery requests on AHIF-USA on October 29, 2003 with the parties having agreed that responses would be due by February 13, 2004 (which was subsequently extended to April 26, 2004).

On February 18, 2004, search warrants were executed at AHIF-USA's offices in Ashland, Oregon, and the U.S. government seized all of the documents and computers located at AHIF-USA's offices. As Magistrate Judge Maas wrote, "According to [AHIF-USA], that seizure made it impossible to produce any documents in response to the Plaintiffs' discovery requests, with the exception of certain materials that [Pirouz] Sedaghaty had supplied to [AHIF-USA]'s lawyers prior to his departure from the United States." *Id*. at 29.

On October 8, 2010, Magistrate Judge Maas overruled AHIF-USA's objections to Plaintiffs' discovery requests and granted Plaintiffs' motion to compel. In the course of this

order, Magistrate Judge Maas found that AHIF-USA was an alter ego of Al Haramain in Saudi Arabia for discovery purposes and that AHIF-USA's discovery obligations extended to the documents in control of the Saudi Arabian entity as well. He also determined that it would be left "for another day what the consequences of any nonproduction … w[ould] be." *Id*. at 30.

On December 2, 2010 – after AHIF-USA had filed objections to the October 8, 2010 Order – Magistrate Judge Maas clarified to AHIF-USA that its objections to the Order did not stay the January 7, 2011 date to produce responsive documents which was memorialized in a written order on December 10, 2010. No subsequent documents were produced pursuant to this Order by the deadline. *Id*. at 30-31.

On July 31, 2012, Plaintiffs served supplemental document requests seeking a narrow subset of their originally-requested documents. On September 4, 2012, AHIF-USA objected on the ground that the supplemental requests were overbroad or unduly burdensome and that it did not possess documents from any other branch of Al Haramain worldwide including the Saudi Arabian headquarters. *Id*. at 31.

As a result of AHIF-USA's failure to abide by Court orders from October 28, 2010, December 2, 2010, and December 10, 2010, Plaintiffs were left with few options but to file the motion for sanctions that is at the heart of these objections and to which Magistrate Judge Maas' Report and Recommendation responds.

AHIF-USA had nearly four months between when Plaintiffs served their first set of discovery requests and when U.S. government agents executed the search warrant on AHIF-USA's Ashland, Oregon offices. Notwithstanding this four-month period, the amount of documents retained and produced by AHIF-USA was *de minimis*.

Furthermore, AHIF-USA has failed to provide <u>any</u> evidence of its attempts to obtain access <u>to its own documents</u> that were seized by the U.S. government in February 2004 in order to fulfill its discovery requirements prior to Plaintiffs filing their motion for sanctions. As Plaintiffs noted in their reply letter (ECF No. 2679), "It appears that the first effort to obtain the documents seized by the United States government is Magistrate Judge Maas' communication with Magistrate Judge Coffin in the United States District Court for the District of Oregon" in which Magistrate Judge Maas confirmed with Magistrate Judge Coffin that the protective order in the Sedaghaty criminal case would not restrict the dissemination of materials seized by the Government to AHIF-USA. Magistrate Judge Maas noted this conversation with Magistrate Judge Coffin – who issued the protective order at issue – in an order issued on November 22, 2011. *See* ECF No. 2491 at 13, n.3. In fact, Magistrate Judge Coffin reiterated this position to Mr. Sedaghaty's criminal counsel by letter in February of this year that "It is our position that the order of the District Court in the Southern District of New York [from November 2011] regarding the discovery issues in the Al Haramain USA case you reference is controlling and that the court in the District of Oregon has no authority or jurisdiction to review or in any way modify such order." ECF No. 2683-1 at 3 (letter from Magistrate Judge Coffin to Steven T. Wax, February 5, 2013).

Notwithstanding an Order from Magistrate Judge Maas from November 2011 reassuring AHIF-USA that it could exercise its rights to obtain copies of documents seized by the U.S. government in 2004 that were provided to Mr. Sedaghaty for his criminal prosecution, AHIF-USA continued to interpose delay in the discovery process by refusing to seek such production until January 2013 – three weeks after Plaintiffs had moved for sanctions for AHIF-USA's failure to abide by this Court's discovery orders.

Magistrate Judge Maas, in awarding Plaintiffs their attorneys' fees and costs for their motion for sanctions against AHIF-USA, determined that such award was grounded in Fed. R. Civ. P. 37(b)(2)(C). In fact, Magistrate Judge Maas rightly pointed out that "Plaintiffs would not have had to file their motion, but for [AHIF-USA]'s unreasonable refusal to make efforts to obtain the Oregon documents after I ruled that the protective order in Sedaghaty's criminal case did not preclude their production in this action." ECF No. 2789 at 34-35.

AHIF-USA attempts to shield itself from these sanctions because it claims that Mr. Sedaghaty's counsel advised his client not to turn over the documents while his appeal was pending because to turn over the documents might implicate Fifth Amendment concerns; however, the fact remains that Plaintiffs were seeking AHIF-USA's documents. While Mr. Sedaghaty may assert his own protections, they do not blanket AHIF-USA in any way. AHIF-USA was allowing Mr. Sedaghaty to hold its own documents hostage, and it failed to do anything to prevent this from occurring. This failure to do anything to seek the production of its own documents until the eleventh hour when a sanctions motion has been filed is the definition of dilatory discovery conduct. Magistrate Judge Maas sanctioned AHIF-USA with attorneys' fees and costs for the inconvenience to Plaintiffs of being forced to file a motion for sanctions. AHIF-USA has failed to demonstrate how this decision by Magistrate Judge Maas was clearly erroneous, an abuse of discretion, or contrary to the law.

## CONCLUSION

For the foregoing reasons, the reasons expressed in Plaintiffs' submissions to the Court seeking sanctions (ECF Nos. 2654, 2655, 2679, 2680, and 2694), and the reasons expressed in Magistrate Judge Maas' Report and Recommendation (ECF No. 2789), Plaintiffs respectfully submit that the Court should adopt Judge Maas' Report and Recommendation which awarded to

Plaintiffs attorneys' fees and costs incurred in moving for sanctions against AHIF-USA. Plaintiffs further respectfully submit that, on the basis of Magistrate Judge Maas' Report and Recommendation, Plaintiffs should also be awarded attorneys' fees and costs associated with having to file this opposition to Defendant AHIF-USA's Rule 72(a) objections and such other and further relief as the Court deems proper.

Dated: December 2, 2013                Respectfully Submitted,


/s/_____
Jodi Westbrook Flowers
Robert T. Haefele
*RHaefele@motleyrice.com*
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, South Carolina 29465
Tel: (843) 216-9000
Fax: (843) 216-9450

Stephen A. Cozen
Sean P. Carter
*scarter@cozen.com*
J. Scott Tarbutton
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2000
Fax: (215) 665-2013

James P. Kreindler
jkreindler@kreindler.com
KREINDLER & KREINDLER LLP
750 Third Avenue
New YorkNY10017
 Phone: 212-687-8181
Fax: 212-972-9432

Andrea Bierstein
abierstein@hanlyconroy.com
HANLY CONROY BIERSTEIN SHERIDAN FISHER
 & HAYES, LLP

7

112 Madison Avenue
New York, NY 10016
Tel: (212) 784-6400
Fax: (212) 213-5949

Jerry S. Goldman
jgoldman@andersonkill.com
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas, 42nd Floor
New York, N.Y. 10020-1182
Telephone: (212) 278-1498
Fax: (212) 278-1733

For the Plaintiffs' Executive Committees

# CERTIFICATE OF SERVICE

I hereby certify that, on December 2, 2013, I caused an electronic copy of the foregoing Plaintiffs' Response to Defendant Al Haramain Islamic Foundation (USA)'s Objection [ECF No. 2799] to the October 28, 2013 Memorandum Decision and Report and Recommendation of Magistrate Judge Maas [ECF No. 2789] to be served electronically by the Court's Electronic Case Filing (ECF) System.

    /s/ Robert T. Haefele
Robert T. Haefele