

**LAW FIRM OF
OMAR T. MOHAMMEDI, LLC**

**MEMO ENDORSED**

233 BROADWAY, SUITE 801
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x102
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, ALGERIA AND US COURT
OF INTERNATIONAL TRADE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/14

March 18, 2014

**VIA HAND DELIVERY**
Honorable Frank Maas
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

*[Handwritten endorsement:] The issues raised in the motion have previously been raised with me and can scarcely come as a surprise to WAMY. The request to strike the motion is therefore DENIED. /s/ Maas, USMJ, 3/24/14.*

**RE: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570**

Your Honor:

    We represent the World Assembly Muslim Youth and the World Assembly Muslim Youth International, collectively known as "WAMY" in this litigation. We write in response to Plaintiffs' Executive Committee's March 14, 2014 Letter Motion to Compel against WAMY. WAMY requests that this court strike Plaintiffs' motion to compel as not ripe for judicial intervention and direct Plaintiffs to reach out to WAMY and other Defendants to address the specific issues addressed in their motion first.

    Without complying with its obligation under Federal Rule of Civil Procedure 37(a)(1) to meet and confer, Plaintiffs filed a motion alleging deficiencies in the indexes provided by WAMY and the time frame for discovery. WAMY sent the indexes to Plaintiffs on March 23, 2012, nearly two years ago, but this motion is the first time they have aired their grievances on these matters. Similarly, Plaintiffs have failed to discuss their issues regarding WAMY's understanding of the discovery period with WAMY or any other defendant in this case, as the discovery time period is not a WAMY-specific issue only.

    As for the production of documents raised in Plaintiffs' first argument, WAMY has sent them the enclosed letter proposing a split in the cost of scanning hard copies as a last option to resolve this matter without spending additional judicial resources. Though WAMY has no obligation to cover the cost of production, we have proposed this resolution in good faith, and are hopeful that Plaintiffs will agree so we can move discovery along without wasting any further resources unnecessarily.

For the foregoing reasons, we respectfully request that this Court strike Plaintiffs' motion to compel and order them to meet and confer with WAMY and the other Defendants before filing this motion to compel. We will address the merits of these allegations but not at the pending April 24, 2014 discovery conference.

Respectfully Submitted,

Omar T. Mohammedi, Esq.

Frederick Goetz, Esq.

Enclosures: March 18, 2014 Letter to Sean Carter

Cc: Plaintiffs' Executive Committee
Alan Kabat, Defendants' Executive Committee