UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | :<br>:<br>:  Case No. 03 MDL 1570 (GBD) (FM)<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN OPPOSITION TO AL HARAMAIN'S
"UNOPPOSED" MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF
<u>CONCERNING PLAINTIFFS' FEE PETITION</u>**

## Argument

Plaintiffs oppose Defendant Al Haramain's motion to file a sur-reply (ECF No. 2844) and request that the Court strike the (proposed) sur-reply (ECF No. 2845), because Al Haramain's motion is procedurally flawed[1] and because the sur-reply addresses almost exclusively arguments previously addressed to the Court's attention in defendant's opposition, as opposed to addressing only *new* proposals first raised in plaintiffs' reply.

As Al Haramain correctly states, when Al Haramain sought plaintiffs' consent for a motion to file a sur-reply "to address whatever proposals [plaintiffs] make in the reply brief," plaintiffs agreed only "to the extent that the sur-reply were to address <u>*only new proposals raised in the reply*</u>" (emphasis added). Plaintiffs did not concede to Al Haramain's attempt to evade the Court's standard briefing schedule by filing a wholesale sur-reply. Plaintiffs' concession was merely intended to avoid unnecessary dispute over whether Al Haramain should be permitted to address <u>*new issues*</u> introduced in the reply. Instead, Al Haramain has taken liberty, presumptively titling their motion an "unopposed" motion and re-arguing throughout its proposed sur-reply each of the same arguments in its initial opposition brief.

Plaintiffs' narrow concession rested on the view that a sur-reply <u>*might*</u> be warranted only to the extent that plaintiffs' reply raised new issues that did not correspond to issues in the moving and opposing papers. But where, as here, nearly every argument in the proposed sur-reply corresponds

---

[1] As recognized in *The Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492 (S.D.N.Y. 1990), *vacated in part on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990), a sur-reply shall not be accepted without <u>prior</u> leave of court; the sur-reply for which the party is seeking permission to file shall not accompany the motion. In *Travelers*, the Court reasoned that "[t]o permit the . . . [sur-reply] to accompany the request, as they do in the instant case, is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance. Therefore, the . . . papers themselves shall not be submitted until the court, having received and reviewed the application to file, invites them." *Id.* at 495 (quoting *United States v. International Business Machines Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975)).

with an existing argument, the sur-reply is neither warranted, nor justified. *See Travelers Ins. Co.*, 735 F. Supp. at 495-96.

Nearly every argument in the sur-reply is an improper extension of arguments previously stated in Al Haramain's opposition. Compare pages 2-3 of the sur-reply with pages 6-8 of the opposition, both arguing about plaintiffs' alleged failure to produce original, contemporaneous billing records. Compare pages 3-6 of the sur-reply with pages 8-12 of the opposition, both arguing about plaintiffs' hourly rates. Compare pages 6-7 of the sur-reply with pages 12-13 of the opposition, both arguing about plaintiffs' purported limited success. Compare pages 7-8 of the sur-reply with pages 13-14 of the opposition, both arguing against plaintiffs' lodestar proposal. Compare pages 9-10 of the sur-reply with pages 20-21 of the opposition, both arguing about plaintiffs' travel and transcript expenses. Each of these arguments was previously raised and plaintiffs have responded to them. No sur-reply was warranted.

Defendants keep *repeating* the same faulty argument that wrongly presumes that plaintiffs failed to provide contemporaneous time records. Despite its repetition, the argument fails because, based on the meaning of the cases as explained in plaintiffs' reply, plaintiffs *have* provided contemporaneous time records. As explained in plaintiffs' reply, *responding to Al Haramain's pre-exisitng argument on the point*, there is no requirement that a petitioning party must produce the original time record, the napkin on which time was recorded, the note pad on which time was jotted down, or even the electronic database in which time records are kept. The requirement is simply that the petitioners' declaration set forth the time charged with sufficient specificity and based on contemporaneous records. *Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1160-1161 (2d Cir. 1994) (Attorney affidavits setting forth charges with specificity, reconstructed from contemporaneous records satisfy the standard); *Puglisi,* 964 F. Supp. at 817 ("[R]econstruction of [the associated] work and billing on a computer is adequate."). Plaintiffs' declaration met that

Second Circuit requirement and Al Haramain's unsupported suggestions that plaintiffs have not is flat out wrong, regardless of the number of times it repeats the suggestion.

Al Haramain also continues to lob heavy-handed but empty accusations of overbilling and double-billing – but aside from Al Haramain's self-serving characterizations, there is no indication of any over- or double-billing.  To the contrary, in instances of time for events attributable to both Al Haramain and Jelaidan, plaintiffs have partitioned the time between the two defendants.

Al Haramain goes so far as to contend a sur-reply is needed to argue further about what plaintiffs did *not* argue in their reply.  Al Haramain cannot reasonably argue that an unforeseen issue was raised initially in a reply where the premise of the sur-reply is that plaintiffs did not make a particular argument in the reply.  Here, for example, Al Haramain complains that plaintiffs did not address Al Haramain's anecdotal story about *other* Motley Rice lawyers in *other* unrelated litigation before *another* court.  In fact, because space was already a priority in addressing the laundry list of other issues defendants raised, plaintiffs left the anecdotal comments unaddressed with the anticipation that the Court would accept the story for what it was – namely, an unrelated anecdote.  Throughout the sur-reply, Al Haramain makes similar commentary about how (notwithstanding plaintiffs' various arguments) plaintiffs (allegedly) did not address certain of defendants' arguments.  First, though wrong, Al Haramain implies that, despite argument to the contrary, unless plaintiffs *explicitly* deny their argument, it is conceded.  Second, such commentary is no basis for a sur-reply and reinforces plaintiffs' position that Al Haramain's motion to file a sur-reply should be denied and the proposed sur-reply should be stricken from the record.

Even the four paragraphs on pages 8-9 that might *arguably* warrant a one-page sur-reply – about the modest percentage reduction in plaintiffs' hours being "Insignificant" and "Unacceptable"

– do not justify a sur-reply.[2] While Al Haramain may be disappointed in the degree of difference in plaintiffs' revised calculations, the relatively small percentage difference also indicates that plaintiffs' initial numbers were fairly accurate, with the modest adjustments conceded in the reply. And whether or not the numbers are "acceptable," hinges on the Court's determination of the other issues previously addressed in the moving, opposing, and reply papers. For example, whether the adjustments are "acceptable" hinges on whether the Court agrees that it is proper for the various parties to have their individual counsel present at court proceedings – as defendants have done as well. And similarly, as to Al Haramain's suggestion that plaintiffs should not bill for attendance at hearings where the Court ruled on the pertinent motions to compel, plaintiffs suggest that the Court inquire of the defendants whether they bill their clients for similar hearings attended on behalf of their clients. Notably, ought Mr. Kabat – or Mr. McMahon, Mr. Cottreau, Ms. Bergoffen, Mr. Copeland, Mr. Mohammedi, Mr. Goetz, Mr. Lewis, Ms. Henry, Mr. Leimkuhler, Mr. Salerno, Ms. Rothstein, and/or Mr. Manning, all who have appeared in hearings for the various defendants, including at times two lawyers for the same party – be ordered to produce for inspection time entries to demonstrate whether or not, and for how much, the party paying for a clients' defense was billed for appearances?

For the reasons stated herein, plaintiffs request that the Court deny Al Haramain's motion to file a sur-reply and ask that the proposed sur-reply filed on the docket be stricken. In the alternative, plaintiffs request the opportunity to file a response of no more than equal length.

---

[2] Al Haramain's assertion that the difference between the original and revised amounts (roughly $20,000, before application of any enhancement) is "insignificant" rings discordant with its complaint about whether plaintiffs should have ordered transcripts on a one-week, two-week, or longer turnaround, resulting in a difference of anywhere from about $35-70 per transcript (depending on whether the transcripts had been ordered on a one month turnaround versus a one-week or two-week turnaround). Defendant's effort to redirect attention from substance to such trifles is symptomatic of the defendants' broader strategy during the course of these proceedings – forcing the plaintiffs to waste valuable time, expense, and briefing space on meaningless issues. Incidentally, transcripts were ordered generally in accordance with need to review proceedings to comply with discovery obligations. Al Haramain's suggestion – that plaintiffs would drive up litigation costs by expending excessive costs on transcripts in the hope of one day being successful on a sanctions motion and recouping those costs (without interest) from a defendant – is silly.

Dated: March 25, 2014

By: _____

Jodi Westbrook Flowers, Esq.
Robert T. Haefele, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465
Tel: (843) 216-9000
Fax: (843) 216-9450

Attorneys for *Burnett and Euro Broker* Plaintiffs and Plaintiffs' Executive Committees

Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2000
Fax: (215) 665-2013

On Behalf of the *Federal Insurance* Plaintiffs and Plaintiffs' Executive Committees

James P. Kreindler, Esq.
Andrew J. Maloney III, Esq.
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY 10017
Tel: (212) 687-8181
Fax: (212) 972-9432

On Behalf of the *Ashton* Plaintiffs and Plaintiffs' Executive Committees

Jerry Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733

On Behalf of the *O'Neill* Plaintiffs and Plaintiffs' Executive Committees