IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) <br> ) No. 03 MDL 1570 (GBD/FM) <br> )         ECF Case <br> ) |

**Defendant's Reply Brief in Support of
Motion for Leave to File Sur-Reply Brief**

Defendant Al Haramain Islamic Foundation, Inc. (USA), through undersigned counsel, respectfully submits its Reply Brief in Support of its Motion for Leave to File Sur-Reply Brief.

Plaintiff's Opposition (ECF No. 2847) (Mar. 25, 2014) fails to acknowledge that the proposed Sur-Reply Brief specifically addressed the arguments made in their Reply Brief, as the parties initially agreed. That there was some inevitable overlap in arguments between the Plaintiffs' fee petition and the Reply Brief does not obviate the ability of Defendant to address the arguments raised in the Reply Brief.

In particular, Plaintiffs' Reply Brief claimed that the affidavit of one attorney, purporting to authenticate *reconstructed* spreadsheets of time records from four different law firms, was sufficient under Second Circuit precedent. *See* Reply Br., at 2.

However, Plaintiffs' Reply Brief failed to explain whether there were, in fact, any contemporaneous time records, an issue that Defendant initially raised in its Opposition, and necessarily renewed in its Reply Brief, given the arguments that were made in the Reply Brief about the alleged sufficiency of the reconstructed time records.

Tellingly, Plaintiffs now attempt to argue that the statements made by a Motley Rice partner in other contingency fee aviation litigation – statements that were adopted by U.S. District Judge Forester – are merely an "anecdotal story" that they do not have to address:

1

> Here, for example, Al Haramain complains that plaintiffs did not address Al Haramain's anecdotal story about other Motley Rice lawyers in other unrelated litigation before another court. In fact, because space was already a priority in addressing the laundry list of other issues defendants raised, plaintiffs left the anecdotal comments unaddressed with the anticipation that the Court would accept the story for what it was – namely, an unrelated anecdote.

*See* Pls. Opp. at 4. However, far from being an "anecdotal story," the statements by a Motley Rice partner that "we did not keep time sheets" and "we did not record research, preparation and investigation hours," were made in a filing submitted *on behalf of Motley Rice* in a fee dispute with a former client. *See* Sur-Reply, at 3 (citing Motley Rice Fee Petition, at 3, 6, *In re Air Crash at Lexington, Ky.*, No. 5:06-cv-00316 (ECF No. 3859, 3861) (E.D. Ky. Mar. 15, 2011)).

It is settled law that statements made in court briefs are binding on the party making the statement – here, Motley Rice. *See Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Intl. Corp.*, 401 F.3d 28, 35 (2d Cir. 2005) ("We have held that statements in papers submitted to the court may constitute judicial admissions."); *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions of fact."). Thus, an attorney's "statement of fact constituted an admission of a party. It was made in a legal brief filed with the court subject to the penalty of sanctions." *Purgess*, 33 F.3d at 144.

Moreover, Motley Rice's judicial admission was adopted by U.S. District Judge Forester, when he decided Motley Rice's fee petition: "Schiavo states that Motley Rice did not keep time sheets." *In re Air Crash at Lexington, Ky.*, No. 5:06-cv-00316, 2011 WL 2358611, at *7, *21 (E.D. Ky. June 9, 2011) (reducing fee petition by almost 80 percent).

Thus, far from being an "anecdotal story," the statements by Motley Rice in a fee petition that it submitted in other contingency litigation are judicial admissions binding on Motley Rice, particularly given that Judge Forester cited these statements in his opinion.

It further appears that Plaintiffs have conceded that they had no basis for arguing in their Reply Brief that it was defendants who insisted on the litigation being consolidated in this Court, when the judicial record makes clear that it was Plaintiffs who did so.  *Compare* Pls. Reply Br., at 6 & 13 (claiming that defendants insisted on consolidation in New York) *with* Sur-Reply, at 6 & Affidavit, at ¶¶ 2-9, Ex. 2-10 (Judicial Panel on Multidistrict Litigation filings and hearing transcript confirm that it was Plaintiffs who insisted on consolidation in New York after initially agreeing to consolidation in Washington, D.C., and Plaintiffs switched sides only after Judge Robertson dismissed Princes Sultan and Turki).

For the foregoing reasons, and those set forth in the Motion for Leave, Defendant respectfully requests that this Court grant leave to file the Sur-Reply Brief.

        Respectfully submitted,

        */s/ Lynne Bernabei*
        _____
        Lynne Bernabei (LB2489)
        Alan R. Kabat (AK7194)
        Bernabei & Wachtel, PLLC
        1775 T Street, N.W.
        Washington, D.C. 20009-7102
        (202) 745-1942
        *Attorneys for Al Haramain Islamic Foundation, Inc. (USA)*

DATED:  March 25, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2014, I caused the foregoing Reply Brief to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat
_____
Alan R. Kabat