UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re Terrorist Attacks on September 11, 2001

ORDER

03 MDL 1570 (GBD)(FM)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, District Judge:

Defendants Wa'el Hamza Jaleidan, Rabita Trust and Al Haramain Isalamic Foundation have filed objections to discovery rulings and recommendations in Magistrate Judge Maas's combined Memorandum Decision and Report and Recommendation dated October 28, 2013.

Defendants object to the following rulings and recommendations:

(1) Magistrate Judge Maas's recommendation of the imposition of an adverse inference sanction and award of attorneys' fees to Plaintiffs due to Jelaidan's discovery misconduct;

(2) Magistrate Judge Maas's recommendation of a default judgment against the Rabita Trust; and

(3) Magistrate Judge Maas's finding that Plaintiffs were entitled to their expenses in bringing their motion for sanctions as a result of Defendant Al Haramain's failure to produce documents.

Under Rule 72(a), a court reviews a non-dispositive order of a magistrate judge and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R.

Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435(1985).

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When parties object to the Report, the Court must make a *de novo* determination of those portions of the Report to which the objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). This Court adopts the Report in its entirety.

Defendants have not demonstrated that any of Magistrate Judge Maas's rulings is clearly erroneous or contrary to law. Furthermore, Defendants do not raise any valid objections to Magistrate Judge Maas's recommendations.

First, Magistrate Judge Maas correctly determined that an adverse inference sanction and the award of fees and costs are appropriate given Defendant Weleidan's deficient efforts in responding to discovery requests and failure to comply with the court's orders.

Second, Magistrate Judge Maas properly found that default judgment against Rabita Trust is warranted given its dormancy and its failure to respond to any discovery requests since 2006 or defend itself in this litigation.

Finally, there is no clear error of law in Magistrate Judge Maas's finding that Plaintiffs are entitled to their expenses in bringing their motion for sanctions against Defendant Al Haramain. Magistrate Judge Maas specifically considered and rejected Defendant's argument

that the unreasonable delay in its production of documents was justifiably due to an inability to obtain certain documents seized by the United States government without written modification to the Oregon Protective Order.

Defendants' Rule 72 objections are OVERRULED and DENIED. Magistrate Judge Maas's Report is adopted in its entirety.

Dated: April 23, 2014
      New York, New York

SO ORDERED:

*/s/ George B. Daniels*
GEORGE B. DANIELS
United States District Judge