# BERNABEI & WACHTEL, PLLC

**MEMO ENDORSED**

ATTORNEYS AT LAW

1775 T STREET, N.W.
WASHINGTON, D.C. 20009

LYNNE BERNABEI
DAVID WACHTEL
ALAN R. KABAT

202.745.1942
FAX: 202.745.2627
WWW.BERNABEIPLLC.COM

PETER M. WHELAN
LAUREN R. S. MENDONSA
NADIA E. SAID
MATTHEW E. RADLER ▲
KAREN TANENBAUM

▲ ADMITTED IN VA ONLY

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/14

By Telecopier
May 1, 2014

Hon. Frank Maas
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(FM)

Dear Judge Maas:

*[Handwritten endorsement:]* The only issue raised with respect to the authenticity of underlying time records related to Motley Rice. My instruction was quite clear that it was a total of two months' worth of records that could be demanded. If that requires some negotiation among the defendants, so be it.
 — Maas, USMJ, 5/5/14

I write on behalf of defendant Al Haramain Islamic Foundation, Inc., and with the authorization of counsel for defendant Wael Jelaidan, with respect to this Court's Order (Apr. 25, 2014) (ECF No. 2852). In that Order, this Court authorized these two defendants to obtain discovery of the plaintiffs' contemporaneous time records. *Accord Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC*, No. 7 Civ. 349 (LAP)(FM), 2014 WL 793084, at *6 (S.D.N.Y. Feb. 28, 2014) ("a party seeking an award of attorney's fees must submit contemporaneous time records").

First, we respectfully request a one-week extension for all three deadlines in that Order, to accommodate the schedule of one attorney who had outside commitments that precluded sufficient review of the plaintiffs' spreadsheets in order to identify the relevant months. Plaintiffs consent to this request for an across-the-board extension.

Second, it was our understanding from the April 24 conference that each defendant would be able to designate separately the months for each of the plaintiffs' law firms that were of greatest concern to that defendant. The rationale is that since the briefing on the discovery motions proceeded on quite different schedules as to each defendant, the months of greatest concern to one defendant might not be of any concern to the other defendant. For example, one defendant might want two months that had little or no time recorded for the second defendant.

Hon. Frank Maas
May 1, 2014
Page 2 of 2

Further, each defendant has separate concerns as to each of the plaintiffs' law firms; a given month that might be of specific concern as to one law firm could be a month for which there are no concerns as to the other law firms (or even a month that had little or no time billed by the other law firms). This is particularly the case where the fee petitions seek time for a period exceeding seven years, from 2006 through 2013, and the plaintiffs' law firms were billing heavily at different times for each defendant.

We did not understand your Honor as specifying that both defendants had to agree on the same two months for all four law firms, and we would have spoken up at the time otherwise. Such a requirement would negate the utility of obtaining contemporaneous time records in order to review the selected months that are of the greatest concern for each of the four law firms. Therefore, we respectfully request reconsideration of that portion of the Order, so that each defendant may be allowed to specify, on its own, two months separately for each of the plaintiffs' law firms.

This will impose no additional burden on plaintiffs' counsel, since they only need to review and produce the contemporaneous time records for the months specified for their own firm. It will not matter to each firm that the other firms are being asked to produce records for other months.

Since the fee petitions seek time back to September 2006, allowing each defendant to obtain two separate months of records from each law firm would not be burdensome to the law firms. However, restricting both defendants to the same two months for all four law firms would effectively restrict each defendant to only one month of interest as to that defendant, which is barely 1 percent of the time records over a seven year period, a statistically insignificant sample.

Thank you for your consideration of this request.

Sincerely,

*/s/ Alan R. Kabat*

Alan R. Kabat

cc: Counsel of Record
　　(by email)