UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM) <br> ECF Case |
|---|---|

*This document relates to:*

*Federal Insurance Co., et al. v. Al Qaida, et al.,* Case No. 03 Civ. 6978

## DECLARATION OF J. SCOTT TARBUTTON

I, J. Scott Tarbutton, Esq., declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am a member of the law firm Cozen O'Connor, counsel for the *Federal Insurance* plaintiffs in this matter. Consistent with the Court's April 24, 2014 Order (ECF No. 2852), I make this Declaration in support of Plaintiffs' Counsel's Application for Attorneys' Fees and Expenses (ECF Nos. 2829-2831, 2841-2842).

2. Following the October 28, 2013 Memorandum Decision and Report and Recommendation of this Court awarding plaintiffs' attorneys' fees and costs as a result of defendants Al Haramain Islamic Foundation's and Wa'el Jelaidan's non-compliance with the Court's discovery orders (ECF No. 2789), I was responsible for overseeing the collection of all relevant attorney time entries from the time keeping and billing system used by Cozen O'Connor, Distributed Time Entry (2007) ("DTE").

3. For purposes of Plaintiffs' Counsel's Application for Attorneys' Fees and Expenses, applicable time entries for the Cozen O'Connor attorneys were identified by searching

the DTE system for the time periods relevant to the discovery disputes with defendants Al Haramain Islamic Foundation and Wa'el Jelaidan using specific search terms.

4. Cozen O'Connor used a variety of search terms to locate the pertinent time entries, including but not limited to the following: "Al Haramain Islamic Foundation," "Haramain," "Haramayn," "AHIF," "Wa'el Jelaidan," "Wael," "Jelaidan," "Jelaiden," "Julaidan," and "Julaiden."

5. As a result of those efforts, the firm retrieved numerous time entries for Cozen O'Connor attorneys directly relevant to the discovery disputes with defendants Al Haramain Islamic Foundation and Wa'el Jelaidan, which are listed in plaintiffs' fee application.

6. Although Cozen O'Connor undertook its best efforts to identify and retrieve all time entries relating to the disputes, it is reasonable to believe that other relevant entries were not captured because they fell outside the scope of the above searches. Thus, it is likely that certain relevant time entries relating to work performed in relation to the disputes with defendants Al Haramain Islamic Foundation and Wa'el Jelaidan were omitted from the fee application, even though compensable under the Court's order.

7. In addition, expenses relating to the discovery disputes with defendants Al Haramain Islamic Foundation and Wa'el Jelaidan were retrieved by the firm's accounting department at my direction. True and correct copies of all receipts in support of Cozen O'Connor's request for reimbursement of expenses have been provided to the Court.

8.  I certify that all of the foregoing statements made by me are true, and I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Executed on May 15, 2014.

_____
J. Scott Tarbutton, Esq.