IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In Re* Terrorist Attacks on September 11, 2001 | ) <br> ) <br> ) No. 03 MDL 1570 (GBD/FM) <br> )     ECF Case <br> ) |

**Notice of Supplemental Authority in Support of
Defendant's Response to Plaintiffs' Affidavits and Time Records**

Defendant Al Haramain Islamic Foundation, Inc. (USA), through undersigned counsel, respectfully submits its Notice of Supplemental Authority.

As set forth in Defendant's Response (ECF No. 2864) (May 29, 2014), it was not until <u>after</u> Plaintiffs submitted their affidavits and time records that they admitted, for the first time, that the attorneys at the Kreindler & Kreindler law firm did <u>not</u> keep any contemporaneous time records, contrary to Plaintiffs' representations to this Court in both their fee petition and at the April 24, 2014 status conference.  The information that the Plaintiffs submitted also confirms that the paralegal ("researcher") at the Kreindler & Kreindler firm reconstructed the substance of his time records months or years later, and that two other law firms "edited" or massaged their time records in order to conceal inconsistencies or to enhance the substance of the entries.

The Second Circuit, in a reported decision issued today in the *World Trade Center* litigation, held that Judge Hellerstein properly denied plaintiffs' counsel a contingency fee for the "Bonus Payment" – in part because counsel did <u>not</u> keep contemporaneous time records:

> **We conclude that the district court did not abuse its discretion in holding that plaintiffs' counsel are not entitled to recover a contingent fee with respect to the Bonus Payment.**  As the district court observed, the settlement of these suits (against these as well as other defendants) has generated some $725 million in recoveries, and plaintiffs' counsel stand to recover some $187 million in attorneys' fees, after the reimbursement of expenses.  The district court's determination this amount is "more than sufficient to compensate counsel for their representation" did not exceed the bounds of its discretion. . . .

1

> **First, plaintiffs' counsel did not submit any evidence of the number of hours they worked.**  Indeed, the attorneys represented to the district court that they "didn't have any records" of the number of hours expended.  **The district court observed that "none of these firms apparently maintained time records."  Without time records, the district court was unable to calculate the lodestar to do a "cross check" on the reasonableness of the fees**.  *See Goldberger*, 209 F.3d at 50; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (evidence of hours worked is "most useful starting point" in determining reasonable attorneys' fees).

*In re World Trade Center Disaster Site Litigation*, No. 11–4021–cv (L), __ F.3d __, 2014 WL 2565821, at *10 (2d Cir. June 9, 2014) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)) (emphasis added) (attached hereto as Attachment A).

Here, too, not only did Plaintiffs' counsel from at least one law firm fail to keep contemporaneous time records, but also Plaintiffs' Counsel failed to inform this Court, until the very last minute and only after this Court directed them to provide affidavits and time records, that there were no contemporaneous time records for that firm.

Under *In re World Trade Center*, and for the reasons set forth in Defendant's Response, this Court would be justified in striking or substantially reducing Plaintiffs' Fee Petition, and in granting other relief as warranted under both Section 1927 and the Court's inherent powers.

                      Respectfully submitted,

                      */s/ Lynne Bernabei*
                      _____
                      Lynne Bernabei (LB2489)
                      Alan R. Kabat (AK7194)
                      Bernabei & Wachtel, PLLC
                      1775 T Street, N.W.
                      Washington, D.C. 20009-7102
                      (202) 745-1942
                      *Attorneys for Al Haramain Islamic Foundation, Inc. (USA)*

DATED:  June 9, 2014

## CERTIFICATE OF SERVICE

     I hereby certify that on June 9, 2014, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

                                                                                 /s/ Alan R. Kabat
                                                                                 _____
                                                                                 Alan R. Kabat