UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

*This document relates to:*

*Federal Insurance Co., et al. v. Al Qaida, et al., Case No. 03 Civ. 6978*

## THE FEDERAL INSURANCE PLAINTIFFS' RESPONSE TO DEFENDANT ABDUL RAHMAN AL SWAILEM'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs in *Federal Insurance Co., et al. v. al Qaida, et al.*, No. 03 Cv-6978 (the "*Federal Insurance* plaintiffs" or "plaintiffs") respectfully submit this response to defendant Abdul Rahman al-Swailem's "Notice of Supplemental Authority in Support of His Renewed Motion to Dismiss," Doc. No. 2867. For the reasons stated below, defendant al-Swailem's Notice of Supplemental Authority reflects a fundamental misunderstanding of the law of common-law immunity, and of the arguments plaintiffs have advanced in opposition to defendant al-Swailem's flawed bid for same.

In his Notice of Supplemental Authority, defendant al-Swailem argues that the *Federal Insurance* plaintiffs have taken contradictory positions in this litigation concerning the governmental status of the Saudi Joint Relief Committee for Kosovo and Chechnya (SJRC) and the Saudi Red Crescent Society (SRC), and that a finding that those entities are governmental agents would itself confer common law immunity upon al-Swailem for the claims at issue. Al-Swailem is deeply confused on both points.

Contrary to al-Swailem's misleading arguments, the *Federal Insurance* plaintiffs have *always* maintained that the SJRC and SRC are organs of the Saudi government, and plaintiffs' assertion that those entities engage in activities commonly performed by private actors does not

in any way conflict with that position. Stated most simply, many agencies of foreign states engage in commercial and other activities commonly performed by private actors. Indeed, it was the increasing involvement of foreign agencies in traditionally "private" activities that first prompted the United States to adopt the restrictive theory of common law immunity through the Tate Letter, pursuant to which immunity was available to foreign agencies and officials for their uniquely public or governmental acts, but not for activities commonly carried out by private actors. *See* Restatement (Third) Foreign Relations Law of the United States, Ch. 5, p. 391; *Verlinden, B.V. v. Central Bank of Nigeria*, 461 U.S. 480 (1983). Since that time, the law of common law immunity has largely been defined by distinguishing between "public" and "private" activities of foreign agencies and officials.

Plaintiffs' position here - that the SJRC and SRC are governmental entities engaged in activities commonly performed by private actors - is thus entirely consistent with the basic legal framework governing common law immunity determinations, and clearly correct. *See* Plaintiffs' Memorandum of Law in Opposition to the Renewed Motion to Dismiss of Abdul Rahman Al-Swailem ("Opp. Br."), Doc. No. 2784, at pp. 17-21. In the end, al-Swailem's suggestion that there is some conflict in asserting that a governmental entity is engaged in activities of a private nature is nothing more than a denial of the realities of the modern world, and of the most foundational principle underlying the restrictive theory of common law immunity.

Defendant al-Swailem also demonstrates a fundamental misunderstanding of the law of common-law immunity when he suggests that "official act" immunity necessarily flows from the fact that he was employed by a government organ. Clearly not so. As thoroughly addressed in plaintiffs' opposition brief, official act immunity is a limited doctrine wholly inapplicable to the claims at issue here. Opp. Br. at pp. 15-24. Most importantly, in the absence of a formal

suggestion of immunity from the State Department,[1] the Second Circuit has expressly limited individual "official-act" immunity to five categories of "strictly political or public acts about which sovereign have traditionally been quite sensitive." *Victory Transport, Inc. v. Comisaria General de Adastecimientos y Transportes*, 336 F.2d 354, 360 (2d Cir. 1964). Because none of those categories of conduct is remotely implicated here, common-law immunity cannot be extended to al-Swailem under controlling Second Circuit precedent. *Id.* Further, the illegal nature of al-Swailem's conduct at issue presents an additional barrier to his application for common law immunity.[2] Opp. Br. at pp. 21-24.

                              COZEN O'CONNOR

                    By:    */s/ Sean P. Carter*
                           STEPHEN A. COZEN, ESQUIRE
                           ELLIOTT R. FELDMAN, ESQUIRE
                           SEAN P. CARTER, ESQUIRE
                           J. SCOTT TARBUTTON, ESQUIRE
                           1900 Market Street
                           Philadelphia, PA 19103
                           (215) 665-2000

---

[1] The Second Circuit has held that a foreign official could obtain immunity for conduct outside of these five areas in a particular case by obtaining a suggestion of immunity from the State Department. *Victory Transport*, 336 F.2d at 360. Here, however, al-Swailem not only failed to pursue such a suggestion of immunity, but actively opposed the involvement of the State Department in the common law immunity proceedings.

[2] This is true even if al-Swailem allegedly undertook those illegal acts under color of state authority, as international law declines to dignify an illegal act as a valid exercise of "official" state authority. Beth Stephens, *The Modern Common Law of Foreign Official Immunity*, 79 Fordham L. Rev. 2669, 2698-2702 (2011); Harold H. Koh, "Foreign Official Immunity After *Samantar*: A United States Government Perspective," 44 Vanderbilt Transnational L., 1141, 1154 (2011).

## **CERTIFICATE OF SERVICE**

I hereby certify that on the18th day of June, 2014, I electronically filed the *Federal Insurance* Plaintiffs' Response To Defendant Abdul Rahman Al Swailem's Notice Of Supplemental Authority with the United States District Court/Southern District of New York via the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Sean P. Carter*

SEAN P. CARTER, ESQUIRE
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
scarter@cozen.com
215.665.2105