**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001   ) No. 03 MDL 1570 (GBD/FM)
                                                )       ECF Case
_____)

**Defendant's Reply to Plaintiffs' Response to**
**Notice of Supplemental Authority in Support of**
**Defendant's Response to Plaintiffs' Affidavits and Time Records**

Defendant Al Haramain Islamic Foundation, Inc. (USA), through undersigned counsel, respectfully submits its Reply to the Plaintiffs' Response (ECF No. 2875) (June 18, 2014).

Plaintiffs' Response fails to acknowledge the dispositive fact that undermines Plaintiffs' Fee Petition: counsel for Plaintiffs adamantly and repeatedly represented to this Court – in their Fee Petition, in their Reply Brief, and at oral argument on April 24, 2014 – that their spreadsheets of attorney time and expenses were based on "contemporaneous time records." During the motions hearing, no attorney stood up and admitted that this representation was false.

It was not until <u>after</u> this Court allowed limited discovery into these "contemporaneous time records" that this Court learned that Plaintiffs had made material misrepresentations to this Court by asserting that their Fee Petition was based on "contemporaneous time records." Instead, the Kreindler firm belatedly admitted what counsel for Plaintiffs had known all along, *i.e.*, that its attorneys do not keep time records. See J. Kreindler, Affidavit (ECF No. 2856) (May 15, 2014). Plaintiffs' statement in their Response that "Al Haramain *alleges* that two of its attorneys did not maintain contemporaneous time records" is misleading, since the Kreindler firm specifically *admitted* that point – there was no need for Defendant to "allege" anything, since that point has been conclusively proven. Plaintiffs' Response continues their pattern of attempting to obfuscate and mislead this Court regarding their Fee Petition.

1

It is these multiple misrepresentations – that were not uncovered until after this Court allowed limited discovery – that further justify striking or drastically reducing Plaintiffs' Fee Petition, over and beyond the substantial reductions already required due to overbilling, double billing, overstaffing, improperly requesting excessive hourly rates, improperly requesting a lodestar enhancement, and failing to acknowledge clear Supreme Court and Second Circuit precedent governing fee petitions. In *WTC Litigation*, the absence of contemporaneous time records was one of several factors justifying reducing the fee petition. *In re World Trade Center Disaster Site Litigation*, No. 11–4021–cv (L), __ F.3d __, 2014 WL 2565821, at *10 (2d Cir. June 9, 2014) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). Here, the multiple factors justifying a reduction or striking of the Plaintiffs' Fee Petition are even more egregious than those in the *WTC Litigation*.

For the foregoing reasons, and for the reasons set forth in Defendant's Response (ECF No. 2864) (May 29, 2014), and the Notice of Supplemental Authority (ECF No. 2868) (June 9, 2014), this Court would be justified in striking or substantially reducing the Fee Petition, and in granting other relief as warranted under both Section 1927 and the Court's inherent powers.

        Respectfully submitted,

        */s/ Lynne Bernabei*
        _____
        Lynne Bernabei (LB2489)
        Alan R. Kabat (AK7194)
        Bernabei & Wachtel, PLLC
        1775 T Street, N.W.
        Washington, D.C. 20009-7102
        (202) 745-1942
        *Attorneys for Al Haramain Islamic Foundation, Inc. (USA)*

DATED:  June 20, 2014

## CERTIFICATE OF SERVICE

  I hereby certify that on June 20, 2014, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

                /s/ Alan R. Kabat
                _____
                Alan R. Kabat