# ML MOLOLAMKEN

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
202.556.2011
F 202.556.2001
rkry@mololamken.com
www.mololamken.com

August 28, 2014

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/29/14

The Honorable Frank Maas
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

**MEMO ENDORSED**

BY FACSIMILE to (212) 805-6724

Re: *In Re: Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

We represent the defendant Dallah Avco in this matter following the filing of our notice of appearance earlier this week. We write to request an extension of time to respond to the letter-motion that plaintiffs filed on Monday, August 25, relating to documents that Dallah Avco has objected to producing pursuant to, among other things, a Saudi Royal Decree that prohibits disclosure of sensitive Saudi government information (Dkt. 2883). Although our co-counsel Martin F. McMahon also continues to represent Dallah Avco in this matter, our firm expects to take the lead role in responding to the letter-motion. The response is currently due Thursday, September 4, and no prior requests for extension have been made. Dallah Avco respectfully requests a four-week extension of the time to respond, to October 2, 2014. That extension is warranted for several reasons.

*Approved*
*/s/ Maas*
*USMJ,*
*8/29/14*

First, undersigned counsel, as well as the associate responsible for this case, are currently heavily engaged in preparing for an upcoming trial in an unrelated case, *Cot'n Wash, Inc. v. Henkel Corp.*, No. 12-650 (D. Del.). That trial is scheduled to begin on September 15 and to last one week. The requested extension would greatly assist counsel in managing those competing responsibilities.

Second, the motion to compel raises a number of complex legal issues that will fundamentally affect the course of discovery in this case. Several of those issues are questions of Saudi Arabian law involving the proper construction of a Saudi Royal Decree. Dallah Avco expects to respond to those issues with testimony from an expert in Saudi Arabian law, and seeks additional time to obtain that response.

Third, the requested extension, although not insubstantial, is reasonable in view of the course of proceedings to date. Plaintiffs served the document requests at issue on August 22, 2013, and Dallah Avco served its objections on November 11, 2013. The parties then met and conferred on February 14, 2014. Dallah Avco then sent plaintiffs a detailed email addressing various follow-up issues on February 26, 2014. Following that email, Dallah Avco received no

communication from plaintiffs' counsel for almost *six months*, until plaintiffs announced on August 19, 2014, that they would be filing their motion to compel. Given that plaintiffs had over six months to prepare their submission, the four-week extension that Dallah Avco seeks is reasonable and would not unduly delay the overall course of proceedings in the case.

Plaintiffs' counsel advised that plaintiffs were uncomfortable extending the deadline for four weeks but offered to compromise on a two-week extension. Undersigned counsel responded that, since a primary purpose of the extension was to avoid a conflict with counsel's upcoming trial the week of September 15, a two-week extension to Thursday, September 18 – the middle of trial – would not adequately address the reasons for seeking an extension. I can also report that our co-counsel, Mr. McMahon, shares our concerns about having sufficient time to frame our opposition to the letter-motion.

Accordingly, Dallah Avco respectfully requests that the Court extend its time to respond to plaintiffs' letter-motion until Thursday, October 2, 2014.

Respectfully submitted,

Robert K. Kry

cc:   Sean Carter (by email)
      Martin F. McMahon (by email)
      Members of Plaintiffs' Executive Committees (by email)