

|  |  |
|---|---|
|  | Robert K. Kry<br>MoloLamken LLP<br>The Watergate, Suite 660<br>600 New Hampshire Avenue, N.W.<br>Washington, D.C. 20037<br>T: 202.556.2011<br>F: 202.556.2001<br>rkry@mololamken.com<br>www.mololamken.com |
| September 8, 2014 |  |

The Honorable Frank Maas
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

BY ECF AND FEDERAL EXPRESS

      Re:  *In Re: Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

      We represent defendant Dallah Avco and write to advise the Court of a material development regarding plaintiffs' first motion to compel filed August 25, 2014 (Dkt. 2883). That motion concerned documents relating to an Air Navigation Systems Support contract between Dallah Avco and the Presidency of Civil Aviation ("PCA"). Dallah Avco had withheld the documents based on Saudi Royal Decree No. M/35, the Penal Law on Dissemination and Disclosure of Classified Information and Documents, as well as confidentiality obligations imposed by the Presidency of Civil Aviation, both of which prohibit disclosure without prior approval of the Saudi government.

      Dallah Avco attempted in good faith to obtain such approval, submitting formal requests to the PCA on January 13, 2014, and again on April 9, 2014. By letter dated September 3, 2014, the PCA authorized disclosure of the documents. A copy of that letter and a certified translation are attached. In light of that authorization, Dallah Avco withdraws its objection to producing the documents on its privilege log based on Royal Decree No. M/35 and the PCA confidentiality obligations, and intends to produce the documents (excluding attorney-client communications and work product) subject to plaintiffs' agreement to an appropriate protective order. We are available to meet and confer with plaintiffs' counsel over the form of such an order at their convenience.

      Dallah Avco believes that this development renders moot plaintiffs' August 25 motion to compel. Nonetheless, Dallah Avco wishes to make clear that the PCA's authorization casts no doubt on the propriety of its objections to production absent such authorization. Dallah Avco's objections were supported by, among other things, the legal opinion of a prominent expert in Saudi Arabian law regarding the applicability of Royal Decree No. M/35, as well as careful consideration of the governing test set forth in *Linde v. Arab Bank, PLC*, 706 F.3d 92, 109-10 (2d Cir. 2013). In light of the Saudi government's authorization to produce the documents, however, Dallah Avco believes it unnecessary to elaborate on those points.

With respect to plaintiffs' accusations of Mr. Al-Bayoumi's complicity in the 9/11 attacks, Dallah Avco notes that both the 9/11 Commission and the FBI fully investigated the allegations and found them to lack merit.  *See Final Report of the National Commission on Terrorist Attacks upon the United States* 218 (2004) (finding "no credible evidence that [Al-Bayoumi] believed in violent extremism or knowingly aided extremist groups" and deeming him an "unlikely candidate for clandestine involvement with Islamist extremists"); Elaine Shannon *et al.*, *Feds Doubt Allegations of Saudi Terror Funding*, Time, Nov. 24, 2002, http://content.time.com/time/nation/article/0,8599,393590,00.html ("FBI officials say the investigation, while not officially closed, has concluded that Bayoumi was not a witting accomplice of the hijackers in particular or al-Qaeda in general, and that he did not, wittingly or even unwittingly, provide substantial funds to them for any purpose, legitimate or nefarious.").  Again, however, Dallah Avco believes it unnecessary to respond to those allegations at this time, given its jurisdictional objections and the current posture of the case.

Finally, Dallah Avco takes exception to any suggestion in plaintiffs' motion that Dallah Avco was acting in bad faith or otherwise disregarding its discovery obligations under U.S. law.  In particular, the suggestion at page 15 of the motion that Dallah Avco's requests for authorization from the PCA were not genuine and were "calculated to fail" lacks any basis in fact and is refuted by the fact that the PCA did, in fact, authorize disclosure.

In light of the PCA's authorization, Dallah Avco does not believe any further response to plaintiffs' first motion to compel is necessary.  Assuming that to be the case, Dallah Avco will respond only to plaintiffs' second motion dated August 29, 2014 (Dkt. 2886) in due course.

        Respectfully submitted,

        Robert K. Kry

cc:   all counsel by ECF