## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD/FM) |

This document relates to:   Estate of John P. O'Neill, Sr., *et al.* v. Al Baraka Investment and Development Corp, *et al.*, 04-CV-1923 (GBD)

## AFFIDAVIT IN SUPPORT OF REQUEST TO CLERK OF COURT FOR ENTRY OF DEFAULT AND CLERK'S CERTIFICATE OF DEFAULT

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

JERRY S. GOLDMAN, Esquire, being duly sworn, deposes and says:

1.  I am a partner at Anderson Kill P.C., attorneys for the Plaintiffs in the above action (the "O'Neill Plaintiffs"). I am familiar with the facts and circumstances of this case and admitted to practice in this Court.

2.  Pursuant to Local Civil Rule 55.1 of the United States District Court for the Southern District of New York, I make this Affidavit in support of the O'Neill Plaintiffs' request for the entry of default against the Defendants listed in **Exhibit A** (the "Al Baraka Publication Defendants") and for a Clerk's Certificate of Default.

3.  This is an action to recover damages owed by the Al Baraka Publication Defendants to the O'Neill Plaintiffs for injuries resulting from the September 11, 2001 terrorist attacks upon the United States (the "September 11th Attacks"). The Al Baraka Publication Defendants have been sued based on their participation in a conspiracy to commit acts of international terrorism against the United States, its

nydocs1-1025585.1

nationals and allies, of which the September 11th Attacks were a direct, intended and foreseeable product.

4. Jurisdiction of this Court over the Al Baraka Publication Defendants is based on diversity of the parties, 28 U.S.C. § 1332, and the presence of federal questions, 28 U.S.C. § 1331; the Anti-Terrorism Act, 18 U.S.C. § 2333 *et seq.*; the Air Transportation Safety and System Stabilization Act, Pub. L. 107-42, 115 Stat. 230-242, § 408(b)(1) (Sept. 22, 2001) (reprinted as amended, at 49 U.S.C. § 40101; the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330, 28 U.S.C. §§ 1605(a)(2), (a)(5), and (a)(7); the Alien Tort Claims Act, 28 U.S.C. § 1350; the Torture Victim Protection Act, Pub. L. 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note), as well as 28 U.S.C. § 1367.

5. The O'Neill Plaintiffs filed suit against the Al Baraka Publication Defendants in the action entitled Estate of John P. O'Neill, Sr., *et al.* v. Al Baraka Investment and Development Corp, *et al.*, 04-CV-1923 (GBD), commenced by the filing of the O'Neill Plaintiffs' Complaint on March 10, 2004 (04-CV-1923, Docket No. 1). The O'Neill Plaintiffs' Amended Complaint was filed September 27, 2004 (04-CV-1923, Docket No. 15). The O'Neill Plaintiffs' Second Amended Complaint was filed December 30, 2004 (04-CV-1923, Docket No. 29).

6. On September 16, 2004, the Honorable Richard C. Casey issued an Order permitting service of certain Defendants by publication (the "Publication Order"). The O'Neill Plaintiffs were not named in the original Publication Order but were added to it by Judge Casey upon counsel's request. See Endorsed Letter from Ronald L. Motley to Honorable Richard C. Casey, September 30, 2004 (03-MD-1570, Docket

No. 468) (adding Estate of John P. O'Neill, Sr., *et al.* v. Al Baraka Investment and Development Corp, *et al.*, 04-CV-1923 (GBD) to Publication Order).[1]

7. The O'Neill Plaintiffs effectuated service of the First Amended Complaint by publication on the Al Baraka Publication Defendants listed in **Exhibit A** according to the requirements of the Publication Order. Proofs of such service are attached to the Affidavit of Service filed by the O'Neill Plaintiffs in this action on October 31, 2014. See 03-MD-1570, Docket No. 2908.

8. The Al Baraka Publication Defendants have failed to answer or otherwise defend against this action, and the time for the Al Baraka Publication Defendants to answer or otherwise defend against this action has expired.

9. The Al Baraka Publication Defendants are not infants, in the military, or incompetent persons.

10. Attached hereto as **Exhibit B** is a proposed Clerk's Certificate of Default certifying the default of the Al Baraka Publication Defendants.

---

[1] References to the Publication Order incorporate this endorsed letter as though it was part of the original Publication Order.

nydocs1-1025585.1

WHEREFORE, the Plaintiffs in Estate of John P. O'Neill, Sr., *et al.* v. Al Baraka Investment and Development Corp, *et al.*, 04-CV-1923 (GBD), respectfully request the entry of default against the defendants listed in **Exhibit A**.

Dated: November 25, 2014
New York, NY

                                                  Jerry S. Goldman, Esquire
                                                  ANDERSON KILL P.C.
                                                  1251 Avenue of the Americas
                                                  42nd Floor
                                                  New York, NY 10020

Sworn to before me this 25th
Day of November, 2014.

_____
Notary Public

MAXWELL NICHOLAS ROBERT
NOTARY PUBLIC, State of New York
No. 02MA6260569
Qualified in Kings County
Commission Expires April 30, 2016

nydocs1-1025585.1