UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD/FM) |

This document relates to: Estate of John P. O'Neill, Sr., *et al.* v. Al Baraka Investment and Development Corp, *et al.*, 04-CV-1923 (GBD)

## AFFIDAVIT IN SUPPORT OF REQUEST TO CLERK OF COURT FOR ENTRY OF DEFAULT AND CLERK'S CERTIFICATE OF DEFAULT

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

JERRY S. GOLDMAN, Esquire, being duly sworn, deposes and says:

1. I am a partner at Anderson Kill P.C., attorneys for the Plaintiffs in the above action (the "O'Neill Plaintiffs"). I am familiar with the facts and circumstances of this case and admitted to practice in this Court.

2. Pursuant to Local Civil Rule 55.1 of the United States District Court for the Southern District of New York, I make this Affidavit in support of the O'Neill Plaintiffs' request for the entry of default against Defendants Enaam M. Arnaout, Hamed Al Barakati, Tatex Trading Company GmbHT a/k/a Tatex Trading Company GmbH, Triple B Trading Company GmbH, Nasco Business Residence Center SAS Di Nasreddin Ahmed Idris EC a/k/a Nasco Business Residence SAS, and Nasco Service S.R.L. (collectively, the "Defendants") and for a Clerk's Certificate of Default.

3. This is an action to recover damages owed by the Defendants to the O'Neill Plaintiffs for injuries resulting from the September 11, 2001 terrorist attacks upon the United States (the "September 11th Attacks"). The Defendants have been

sued based on their participation in a conspiracy to commit acts of international terrorism against the United States, its nationals and allies, of which the September 11th Attacks were a direct, intended and foreseeable product.

4.  Jurisdiction of this Court over the Defendants is based on diversity of the parties, 28 U.S.C. § 1332, and the presence of federal questions, 28 U.S.C. § 1331; the Anti-Terrorism Act, 18 U.S.C. § 2333 et seq.; the Air Transportation Safety and System Stabilization Act, Pub. L. 107-42, 115 Stat. 230-242, § 408(b)(1) (Sept. 22, 2001) (reprinted as amended, at 49 U.S.C. § 40101; the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330, 28 U.S.C. §§ 1605(a)(2), (a)(5), and (a)(7); the Alien Tort Claims Act, 28 U.S.C. § 1350; the Torture Victim Protection Act, Pub. L. 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note), as well as 28 U.S.C. § 1367.

5.  The O'Neill Plaintiffs filed suit against the Defendants in the action entitled Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investment and Development Corp, et al., 04-CV-1923 (GBD), commenced by the filing of the O'Neill Plaintiffs' Complaint on March 10, 2004 (04-CV-1923, Docket No. 1). The O'Neill Plaintiffs' Amended Complaint was filed September 27, 2004 (04-CV-1923, Docket No. 15). The O'Neill Plaintiffs' Second Amended Complaint was filed December 30, 2004 (04-CV-1923, Docket No. 29). The Defendants were served as set forth below.

6.  **Enaam M. Arnaout**: Defendant Enaam M. Arnaout was served on February 23, 2005 by the United States Marshals Service. Proofs of service and related documents are set forth in the Affidavit of Service filed by the O'Neill Plaintiffs in this action on October 31, 2014. See 03-MD-1570, Docket No. 2907.

7.      **Hamed Al Barakati**:  Defendant Hamed Al Barakati was served on July 25, 2005 by the Central Authority of Germany, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  Proofs of service and related documents are set forth in the Affidavit of Service filed by the O'Neill Plaintiffs in this action on October 31, 2014.  See 03-MD-1570, Docket No. 2907.

8.      **Tatex Trading GmbHT a/k/a Tatex Trading GmbH**:  Defendant Tatex Trading GmbHT a/k/a Tatex Trading GmbH was served on July 25, 2005 by the Central Authority of Germany, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  Proofs of service and related documents are set forth in the Affidavit of Service filed by the O'Neill Plaintiffs in this action on October 31, 2014.  See 03-MD-1570, Docket No. 2907.

9.      **Triple B Trading Company GmbH**:  Defendant Triple B Trading Company was served on July 27, 2005 by the Central Authority of Germany, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  Proofs of service and related documents are set forth in the Affidavit of Service filed by the O'Neill Plaintiffs in this action on October 31, 2014.  See 03-MD-1570, Docket No. 2907.

10.     **Nasco Business Residence Center SAS Di Nasreddin Ahmed Idris EC a/k/a Nasco Business Residence SAS** ("Nasco Business"):  Defendant Nasco Business was served on or about August 1, 2005 by the Central Authority of Italy, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  Proofs of service and related

documents are set forth in the Affidavit of Service filed by the O'Neill Plaintiffs in this action on October 31, 2014.  See 03-MD-1570, Docket No. 2907.

11. **Nasco Service S.R.L.**: Defendant Nasco Service S.R.L. was served on or about August 1, 2005 by the Central Authority of Italy, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.  Proofs of service and related documents are set forth in the Affidavit of Service filed by the O'Neill Plaintiffs in this action on October 31, 2014. See 03-MD-1570, Docket No. 2907.

12. The Defendants have failed to answer or otherwise defend against this action, and the time for the Defendants to answer or otherwise defend against this action has expired.

13. The Defendants are not infants, in the military, or incompetent persons.

14. Plaintiffs request a Clerk's Certificate of Default, a proposed form of which is attached hereto as **Exhibit A**, to provide to Judge George B. Daniels in connection with a Motion for Default pursuant to Fed. R. Civ. P. 55.

WHEREFORE, the Plaintiffs in Estate of John P. O'Neill, Sr., *et al.* v. Al Baraka Investment and Development Corp, *et al.*, 04-CV-1923 (GBD), respectfully request a Certificate of Default against the defendants referenced above.

Dated:  November 25, 2014
        New York, NY

Jerry S. Goldman, Esquire
ANDERSON KILL P.C.
1251 Avenue of the Americas
42nd Floor
New York, NY 10020

Sworn to before me this 25th
Day of November, 2014.

MAXWELL NICHOLAS ROBERT
NOTARY PUBLIC, State of New York
No. 02MA6260569
Qualified in Kings County
Commission Expires April 30, 2016

nydocs1-1039638.1