```
 1                      UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK
 2

 3   ----------------------------------------X
                                              :
 4   IN RE:                                   : 03-MDL-1570 (GBD)
                                              :
 5    TERRORIST ATTACKS ON SEPTEMBER 11, 2001 : 500 Pearl Street
                                              : New York, New York
 6                                            :
                                              : December 4, 2009
 7   ----------------------------------------X

 8              TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
                    BEFORE THE HONORABLE FRANK MAAS
 9                  UNITED STATES MAGISTRATE JUDGE

10   APPEARANCES:

11
     For Plaintiffs:         JAMES KREINDLER, ESQ.
12                           Kreindler & Kreindler
                             750 Third Avenue
13                           New York, New York 10017

14                           ROBERT T. HAEFELE, ESQ.
                             Motley Rice LLC
15                           28 Bridgeside Boulevard
                             P.O. Box 1792
16                           Mount Pleasant, South Carolina 29464

17   For Federal Insurance:  SCOTT TARBUTTON, ESQ.
                             Cozen & O'Connor
18                           1900 Market Street
                             Philadelphia, PA 19103
19
     For O'Neill Plaintiffs: JERRY S. GOLDMAN, ESQ.
20                           Anderson Kill PC
                             1251 Avenue of the Americas
21                           New York, New York 10020

22   For Sanabel Al Kheer:   CHRISTOPHER MANNING, ESQ.
                             Manning Sossamon
23                           1120 20th Street NW, Suite 700
                             Washington, DC 20036
24

25
              [Appearances continue next page.]


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

```
 1                                                                    2
 2
 3
      APPEARANCES CONTINUED:
 4
 5    For Sanabel Al Khair:    MARTIN F. McMAHON, ESQ.
                               Martin F. McMahon and Associates
 6                             1150 Connecticut Avenue NW
                               Washington, DC 20035
 7
      For Dr. Mirza:           STEVEN K. BARENTZEN, ESQ.
 8                             The Law Office of Steven Barentzen
                               1575 Eye Street NW, Suite 300
 9                             Washington, DC 20005
10
11
12
13
      Court Transcriber:       MARY GRECO
14                             TypeWrite Word Processing Service
                               211 N. Milton Road
15                             Saratoga Springs, NY 12866
16
17
18
19
20
21
22
23
24
25
```

                                                                   3

1         THE CLERK:  This is a conference <u>In re Terrorist</u>
2  <u>Attacks of September 11, 2001</u>.  Counsel, state your name for
3  the record, please.
4         MR. KREINDLER:  Good afternoon, Your Honor.  Jim
5  Kreindler from Kreindler and Kreindler.
6         THE COURT:  Good afternoon.
7         MR. HAEFELE:  Good afternoon, Your Honor.  Robert
8  Haefele from Motely Rice.
9         THE COURT:  Good afternoon.
10        THE CLERK:  And we have counsel on the phone.
11        THE COURT:  Right.  Who's on the phone?
12        MR. TARBUTTON:  Good afternoon, Your Honor.  Scott
13 Tarlin for the Federal Insurance clients.
14        MR. GOLDMAN:  Good evening, Your Honor.  Jerry
15 Goldman; Anderson Kill, for the O'Neill plaintiffs.
16        MR. MANNING:  Your Honor, it's Chris Manning not
17 formally appearing but potentially representing Sanabel Al
18 Khair, Inc.
19        THE COURT:  Okay.
20        MR. McMAHON:  Your Honor, this is Martin McMahon
21 along with Christine Hilgeman and pending the disposition of
22 the motion to withdraw, I guess we're still record counsel for
23 Sanabel Al Khair.  And I just wanted to say thank you for
24 allowing us to participate by phone.
25        THE COURT:  Sure.  Actually, I know we called you

4

1  yesterday to say that and I meant to do it the day before but
2  forgot.  In light of your situation in the case it seemed to me
3  that was more than appropriate.  And also as soon as Mr.
4  Manning is in, rest assured you're out.
5         MR. McMAHON:  Thank you very much, Your Honor.
6         THE COURT:  And I apologize for doing this on a
7  Friday afternoon.  I --
8         MR. BARENTZEN:  Your Honor, before you start, this is
9  Steve Barentzen for Dr. Yaqub Mirza.
10         THE COURT:  Okay.  Anybody else?  Sounds like that's
11 the universe.  But I think it was Kreindler and Kreindler that
12 took the position that they didn't want any further delay on
13 this.  At one point, and then I thought I saw some letters
14 suggesting that an extension might not be inappropriate.  So
15 let me deal with that issue first.
16         MR. KREINDLER:  Well yes, Your Honor.  We'd like to
17 get this resolved after all the time that's gone by and as soon
18 as possible find out where these missing documents are and
19 probably, as you know in our letter, we said it looks like
20 we'll need to take at least one deposition of Mirza.  I know
21 we're not doing the hearing now and I saw in the correspondence
22 that the request was for a date after January 11th, which is
23 fine, and maybe the logical date would be the 13th since we're
24 going to be in front of Judge Daniels that day anyway.
25         THE COURT:  I told him, I've told Judge Daniels I

5

have a problem that day although I'll find a way to overcome it because I'm also on criminal duty and I don't want to miss that conference if he holds the conference. I'm not sure whether he's determined yet whether he's going to hold the conference. Have you heard anything?

MR. KREINDLER: No. It's been a -- we've been kicking it around wondering, you know, what's going to happen because we're a little off the announced schedule at the last conference.

THE COURT: But let me -- before we get to the scheduling issue, let me just make sure I understand where we're at in terms of this, putting the documents to the side for a moment. You've got Sana-Bell, Inc., which I'll call Inc, which is a defunct corporate, DC corporation. You've got Sanabel Al Khair which still exists, has a board of directors that doesn't include Mr. Mirza, and has a motion to dismiss pending, correct?

MR. KREINDLER: Yes, Your Honor.

THE COURT: And then you've got Mirza who's been dismissed from the action and who says he has no documents. Right? I mean --

MR. KREINDLER: Well --

THE COURT: But, and the motion to dismiss as to Inc was denied.

MR. KREINDLER: Right. The motion to dismiss as to

1  Inc was denied.
2          THE COURT:  Okay.  And except for whatever may be
3  required by whatever umbrella scheduling order there may be in
4  this case, and I confess I don't know what that is, why isn't
5  the answer that if you wanted to question Mr. Mirza -- Dr.
6  Mirza, forgive me, about what documents he individually does or
7  doesn't have, why wouldn't you simply subpoena him?
8          MR. KREINDLER:  I think he's still a defendant, Your
9  Honor.  Under the theme of the case management order was not to
10 move to merits discovery absent special circumstances in the
11 feel of the court.
12         THE COURT:  Right.
13         MR. KREINDLER:  And really what's happened here --
14         THE COURT:  The Federal Insurance plaintiffs
15 dismissed him but others didn't?
16         MR. KREINDLER:  No, they didn't.  There's a
17 misunderstanding and Scott can confirm.  But I think Federal
18 sued him under three names, or sued three people with the same
19 name and then --
20         MALE SPEAKER:  That's [indiscernible].
21         MR. KREINDLER:  That was [indiscernible].  I'm sorry.
22 That's right.  I've mixed this up.
23         MR. TARBUTTON:  Your Honor, this is Scott Tarlin.
24 Federal Insurance Plans have not dismissed Dr. Mirza.
25         THE COURT:  Okay.  Well, he's in one of the cases at

7

1  least.
2           MR. KREINDLER:  All three.
3           THE COURT:  Okay.  Where's he at?  All three.
4           MR. KREINDLER:  Right.
5           THE COURT:  Okay.  So that answers the question
6  about --
7           MR. BARENTZEN:  Your Honor, Steven Barentzen.
8           THE COURT:  Yes.
9           MR. BARENTZEN:  That doesn't answer the question
10 either.  There's three plaintiffs.  In one of the -- I'm
11 pulling it up right now.  I think it was the federal case he
12 was dismissed in the September '05 or whatever year it was
13 decision.
14          THE COURT:  Well, that's what your letter says.
15          MR. BARENTZEN:  Yeah.  And it's true.  It's just not
16 open.  He was clearly dismissed from that case.  In the
17 Brunette case, that was a Federal Insurance case I think.  I'm
18 pulling out my little chart right now so I can give you the --
19          THE COURT:  Well, you --
20          MR. BARENTZEN:  I know we're not getting into the
21 merits of this today, but on Dr. Mirza, it was dismissed from
22 the Federal Insurance case September 21st, '05.  Prior to that
23 he was voluntarily dismissed from the Brunette case.  Now, the
24 plaintiffs have disputed that, you know, and that's up in front
25 of the judge right now.  They'll decide that.  But he's been

8

1  dismissed, you know, in the September 21st decision.  And the
2  reason that they have -- and I don't really know why they want
3  his deposition [indiscernible] other than the fact that I don't
4  think they could under the case management order depose him
5  directly at this point in time, so they're trying to sort of
6  backdoor it.  But there's no basis to serve a notice of
7  deposition on a company that doesn't exist for deposition of
8  its former officers.  There's just no way you can possibly get
9  there through this route.
10         THE COURT:  I took a look at the BC code for about 45
11 seconds this afternoon because I know under the New York
12 statutes a dissolved corporation continues to exist for some
13 reasons including discovery, but I didn't see a counterpart.
14         MR. BARENTZEN:  Yeah.  And I [indiscernible] in the
15 letter that we wrote.  I think you've got to file a case within
16 a year or something like that.  I can't -- and again, I didn't
17 know we were doing merits today so I don't have the details in
18 front of me.
19         THE COURT:  Yes.  And I probably shouldn't go down
20 this path.  Let me ask Mr. Manning, when do you expect to make
21 your motion for admission pro hac vice?
22         MR. MANNING:  Your Honor, I met with my client, or
23 one of the board of directors of my client, for the first time
24 today.  My expectation, assuming everything went smoothly
25 between now and my ability to file, is that hopefully I'd be

9

1  able to obtain local counsel early next week and hopefully file
2  that motion by the end of next week or early the following
3  week.
4          THE COURT: Okay. I'm going to usurp my authority
5  which I guess is limited to discovery matters at the moment,
6  but say that you should submit that directly to me since I have
7  an interest in getting you in and Mr. McMahon out if that's
8  going to be the lay of the land. Rest assured that if it
9  complies with the local rule I'll sign it and Mr. McMahon will
10 be gone and you'll be in.
11         MR. MANNING: Understood, Your Honor.
12         THE COURT: That said, there was talk about January
13 11th, is that right? Did the letter say after January 11th? I'm
14 not --
15         MR. KREINDLER: I think that's what their letter
16 said, Your Honor, that a date after January 11th.
17         THE COURT: I have criminal duty that entire week,
18 and I know some folks are coming from out of town.
19         MR. MANNING: Your Honor, this is Chris Manning again
20 for the record. I certainly wouldn't object to a little bit
21 more time if possible to get up to speed to include the week of
22 January 18th.
23         MR. BARENTZEN: This is Steven Barentzen. I just
24 want to state that I'm going to be out of the country the week
25 of the 17th to the 23rd, so that's the only week I can't do it

10

1 essentially.  I can do it any other time.
2         MR. McMAHON:  Your Honor, Mr. McMahon speaking.  I
3 assume that we don't really have any dog in this fight in terms
4 of scheduling a date.
5         THE COURT:  Sounds like that's right.  It's a little
6 later than plaintiffs may have wanted, but suppose I say
7 January 28th at 10 a.m.?
8         MR. KREINDLER:  Okay with me, Your Honor.
9         MR. BARENTZEN:  This is Steve Barentzen.  It's okay
10 with me.
11         THE COURT:  Okay.
12         MR. MANNING:  This is Chris Manning.  That's fine.
13         THE COURT:  Okay.
14         MR. KREINDLER:  Your Honor?
15         THE COURT:  Yes.
16         MR. KREINDLER:  Can I address one issue?
17         THE COURT:  Sure.
18         MR. KREINDLER:  I don't know if Your Honor had gotten
19 the letter from the Cozen firm yesterday related to Mr.
20 McMahon's involvement.  I don't think any of the plaintiffs are
21 addressing the issue of whether he should or shouldn't stay in.
22         THE COURT:  Right.
23         MR. KREINDLER:  The issue I think that was raised in
24 the letter was whether or not he should participate in some
25 manner with regard to the question of -- one of the issues that

11

1  has been raised is the issue of intentional delay.
2           THE COURT:  Of?
3           MR. KREINDLER:  Of intentional delay, and that was
4  what was raised in his letter.  And I just ask Your Honor to at
5  least be cognizant of the letter and the argument and the
6  request that was made in the letter.
7           THE COURT:  Like everything else in this case, I
8  don't suffer for lack of letters.
9           MR. McMAHON:  That's Mr. McMahon laughing, Your
10 Honor.
11          THE COURT:  Okay.  Sure, you can laugh.  You're
12 bailing.  I'm just trying to see if I have a letter from Sean
13 Carter on that issue.
14          MR. KREINDLER:  Your Honor, we'd be happy to continue
15 to cc Mr. McMahon on all the correspondence.
16          THE COURT:  It's not jumping out at me but my law
17 clerk tells me it is in here.  Is that right?  Okay.  Somebody
18 -- oh, it's Mr. Carter.  I don't use the middle initial, but if
19 I were to use one it wouldn't be B which this is not the only
20 case.  I don't know where it comes from, but I've become Frank
21 B. Maas.
22          MR. MANNING:  Your Honor, could I get some
23 clarification?  I know I'm not supposed to really speak at this
24 time, but is the charge against the law firm or against the
25 client in terms of intentional delay?

```
                                                                 12
 1              MR. HAEFELE:  Well, I think that's one of the issues.
 2              THE COURT:  Were you able to hear Mr. Haefele?  He
 3   said that's one of the issues.
 4              MR. MANNING:  Okay.
 5              THE COURT:  I still don't see the letter but I will
 6   find it.  Okay.  Anything else we need to take up today?
 7              MR. HAEFELE:  No.
 8              THE COURT:  Okay.
 9              MR. McMAHON:  Your Honor, from me, Martin McMahon --
10              THE COURT:  Yes.
11              MR. McMAHON:  -- I wish to extent happy merry times
12   to your family and you for the holidays.
13              THE COURT:  All right.  You too, sir.
14              MR. McMAHON:  Because we're in the process of a tree
15   trimming event at our firm.
16              THE COURT:  Well, I'll let you get back to it then.
17              MR. MANNING:  Your Honor, this is Chris Manning.
18   Excuse me, just to clarify, do we still have a hearing in front
19   of Judge Daniels on the 13$^{th}$ then?
20              THE COURT:  Well, I think nobody knows that other
21   than Judge Daniels at the moment.  To be candid, I sent him an
22   email asking whether it's going to happen because of a
23   scheduling conflict and I haven't heard back yet.  At all of
24   the prior conferences there's been one side that's wanted a
25   hearing -- not a hearing, a conference and the other side
```

13

1 hasn't and it's usually been plaintiffs wanting the conference.
2 Is that your posture as to this one?
3             MR. KREINDLER:  Yes, Your Honor.
4             MR. HAEFELE:  Yes, Your Honor.  We're kind of left
5 hanging a little bit.  You recall at the last conference when
6 we expected a series of decisions and January 13th was a start
7 date, you know, for a full blown merits discovery, so we're
8 wondering what the game plan is.
9             THE COURT:  I mean one that I, you know, just on the
10 discovery front I know I owe you folks one about NCB.  I don't
11 think -- there may have been letters about other discovery
12 issues but I don't think there's anything that's ripe for a
13 decision other than that.
14             MR. KREINDLER:  No.
15             MR. HAEFELE:  There's been several, or at least one
16 other that you just got recently but it's not up for a hearing
17 yet.
18             THE COURT:  But that was just at the beginning stage.
19             MR. GOLDMAN:  Your Honor, this is Jerry Goldman.
20             THE COURT:  Yes.
21             MR. GOLDMAN:  There was a request by Judge Daniels
22 for you to set a conference, setting a plenary conference
23 regarding discovery and discovery schedule.
24             THE COURT:  Oh right, yes.  That's right.  But it's
25 hard to do that in the abstract.  If I had better information

14

1  than you have about when decisions would be coming down, that
2  might make it easier, but I don't.
3         MR. KREINDLER:  Your Honor, I was going to say, can
4  we ask whether you do, Your Honor, without putting you on the
5  spot?
6         THE COURT:  I can tell you with 100 percent certainty
7  at the moment I have no more information than you do other than
8  Judge Daniels is working on a decision or decisions.  I'm not
9  sure whether it's one or more.  So it may be that well maybe we
10 take the conference in January before me, assuming there is a
11 January 13th conference, and maybe that's the time also to talk
12 about scheduling.  And I guess, you know, potentially as we go
13 forward, discovery issues can multiply and I'm thinking about
14 ways to try and deal with that without everybody getting buried
15 in papers.  Maybe that's something to think about also.  Okay.
16 Thank you all.
17        MR. KREINDLER:  Thank you.
18        MR. HAEFELE:  Thank you, Your Honor.  Have a good
19 weekend.
20        THE COURT:  You too.  Take care.
21                     * * * * *

```
                                                                15
 1       I certify that the foregoing is a court transcript from an
 2  electronic sound recording of the proceedings in the above-
 3  entitled matter.
 4
 5                                  _____
 6                                          Mary Greco
 7  Dated:    December 19, 2014
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```