# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF AND FACSIMILE**

December 29, 2014

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 630
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Judge Daniels:

    As a result of a further revision by the Department of Justice of the timeline for completion of the government's review of the transcripts of the witness statements provided by Zacarias Moussaoui, plaintiffs are compelled to again request a modification of the deadline for their opposition to the renewed motion to dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (SHC). In light of this most recent adjustment of the timetable for completion of the government's review, plaintiffs respectfully request that the deadline for their opposition brief be extended from January 9, 2015 to January 30, 2015. The Kingdom and SHC have indicated that they oppose this request.

    As Your Honor will recall from plaintiffs' December 15, 2014 letter to the Court, the Department of Justice (DOJ) had previously advised plaintiffs that the government's review of the Moussaoui transcripts would be completed during the week of December 8, 2014. However, on December 12, 2014, the DOJ called plaintiffs' counsel to advise that the government's review would likely extend into the following week. In light of that notification, plaintiffs wrote to the Court on December 15, 2014 to request an extension of the deadline for their opposition to the renewed motion to dismiss, from December 30, 2014 to January 9, 2015. From their conversations with representatives of the DOJ, plaintiffs understood that the extension of the deadline for their opposition brief to January 9, 2015 would provide more than enough time for the government to complete its review of the transcripts, "allow sufficient time for plaintiffs to process the DOJ decision," and also "provide a window for any follow up discussions with the

DOJ concerning its decision, as may be necessary in order for plaintiffs to finalize their opposition papers." Plaintiffs' December 15, 2014 Letter, ECF #2915.

Plaintiffs thereafter wrote to the DOJ on December 18, 19 and 22, 2014, to request an update on the anticipated timing of the completion of the government's review of the transcripts. Late in the afternoon of December 22, 2014, the DOJ responded to plaintiffs' counsel by phone to advise that the government no longer expected to complete its review of the transcripts in advance of the revised January 9, 2015 briefing deadline. The DOJ explained that another "component" of the government was involved in the review, and would need to weigh in before the government could communicate its position. The DOJ indicated that it could not identify that component, but advised that an extension of the briefing deadline to the "end of the month" would allow sufficient time for the government to complete its analysis of the transcripts. Accordingly, based on the most recent projection provided by the DOJ, plaintiffs respectfully request that the deadline for their opposition brief be extended to January 30, 2015. A proposed form of Order, which provides for a corresponding extension of the deadline for defendants' opposition to plaintiffs' motion to amend, is attached for the Court's consideration and convenience.

Plaintiffs regret having to make a further request for modification of this deadline. Plaintiffs have sought at every instance to identify an appropriate deadline based on their discussions with the DOJ concerning the status of the government's review of the Moussaoui transcripts. Unfortunately, the process surrounding that review remains largely opaque. While the government has indicated that its analysis is being conducted pursuant to the Special Administrative Measures (SAMs) applicable to Moussaoui, it has described the present review as "sui generis" and advised that the government does not believe that deadlines set forth in the SAMs for completing reviews of various forms of communication emanating from Moussaoui apply to the transcripts. Given the uncertainty of the process involved and multiple revisions by the DOJ of the projected timetable for completing that process, plaintiffs have requested that knowledgeable representatives of the DOJ be present at the case management conference scheduled for January 15, 2015, to address any questions Your Honor may have about these issues directly. Sarah Normand, Deputy Chief of the Civil Division of the United States Attorney's Office for Southern District of New York, has advised that both she and her colleague Jeannette Vargas plan to attend the conference.

In making the present request for an extension, as well as the two previous requests, plaintiffs have merely relied on the government's estimates of the time needed and sought to act as good citizens in a most unique circumstance, to ensure that the United States has an adequate opportunity to review the witness statements provided by Moussaoui and advise whether their public filing would present a "substantial risk" of "death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons," in keeping with the objectives of the SAMs. See 28 C.F.R. § 501.3 (describing rationale and purpose of SAMs). The Court granted plaintiffs' two previous extension requests to allow the government time to complete its review, and the additional 21 day extension sought here will simply serve that same objective based on the government's articulated need for additional time.

December 29, 2014
Page 3

_____

      To be sure, the review process has proven frustrating to plaintiffs, but it is completely outside of their control, and plaintiffs have been understandably reluctant to seek formal judicial intervention to compel the United States to articulate its position, particularly given the significant potential that these issues will be amicably resolved through the present course. The 9/11 families and victims respectfully submit that they should not be deprived of the benefit of evidence relevant to their opposition to the defendants' renewed motion to dismiss, due solely to delays in a governmental review process that is beyond plaintiffs' control, and which will in any event conclude within the next 30 days.

      Finally, plaintiffs note that the Kingdom and SHC sought a complete stay of all proceedings as to them following their reinstatement by the Second Circuit and remand to this Court, in order to pursue an unsuccessful Petition for a Writ of Certiorari to the Supreme Court. That request resulted in a 6 month delay in all proceedings as to the Kingdom and SHC in this Court, a far more significant delay than that resulting from plaintiffs' extension requests to allow the United States time to complete its review of the Moussaoui transcripts.

                                                  Respectfully submitted,

                                                  Sean P. Carter
                                                  THE MDL 1570 PLAINTIFFS' EXECUTIVE
                                                  COMMITTEES

SPC/bdw

cc:    The Honorable Frank Maas (via Facsimile)
        Sarah Normand, Esquire (via Email)
        Jeannette Vargas, Esquire (via Email)
        All Counsel of Record (via ECF and Email)

LEGAL\21854554\1 00000.0000.000/117430.000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :     ORDER
In re Terrorist Attacks on September 11, 2001               :
                                                            :     03 MDL 1570 (GBD)(FM)
                                                            :
                                                            :
                                                            :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------x

      Any opposition to the Renewed Motion to Dismiss of the Kingdom of Saudi Arabia and Saudi High Commission for Bosnia & Herzegovina (SHC) is due on or before January 30, 2015.

      Any opposition to Plaintiffs' Motion to Amend is due on or before January 30, 2015.

Dated: December ___, 2014
         New York, New York

                              SO ORDERED:

                              _____
                              GEORGE B. DANIELS
                              United States District Judge