KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
---
(202) 326-7900
FACSIMILE:
(202) 326-7999

December 30, 2014

**VIA ECF AND FACSIMILE**

The Honorable George B. Daniels
United States District Court Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street, Room 630
New York, NY 10007-1312

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)

Dear Judge Daniels:

      Defendant Kingdom of Saudi Arabia (the "Kingdom") opposes the letter request of Plaintiffs (Dkt. No. 2919) for a further extension of time to respond to Defendants' motion to dismiss under the Foreign Sovereign Immunities Act ("FSIA"). The Kingdom did not oppose Plaintiffs' three previous extension requests (Plaintiffs inaccurately say two), which this Court granted on October 15, November 6, and December 16, 2014. It does oppose this one; three is enough.

      The Kingdom is entitled to prompt adjudication of its foreign sovereign immunity defense. Extended delay of the type Plaintiffs have sought runs counter to both general principles of case management and the particular "goal of the FSIA to enable a foreign government to obtain an early dismissal when the substance of the claim against it does not support jurisdiction." *Robinson v. Government of Malaysia*, 269 F.3d 133, 146 (2d Cir. 2001); *see In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 109, 117 (2d Cir. 2013) (recognizing the importance of avoiding "prolonged litigation [that] would simply delay the inevitable and keep" the Saudi Red Crescent and Saudi Joint Relief Committee "in this lawsuit longer than appropriate").

      Plaintiffs argue (at 2-3) that their third extension is justified because they need more time to get permission from the Department of Justice to file a witness statement from Zaccarias Moussaoui, a federal prisoner who claims to have participated in the conspiracy to commit the 9/11 attacks. The Kingdom does not know what is in the witness statement Plaintiffs seek to file,

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Hon. George B. Daniels
December 30, 2014
Page 2

but Moussaoui's well-documented mental illness (which allowed him to escape the death penalty), his repeated and in some respects bizarre changes in story, and his recent public filings suggest strongly that it will have zero evidentiary value. For example, in a recent letter to Magistrate Judge Gallagher of the District of Colorado (attached as Exhibit A) Moussaoui alleges a fantastical conspiracy involving President Obama, the Bureau of Prisons, a CIA agent, various correctional officers, various prison inmates, the Saudis, and Al Qaeda to intimidate or kill Moussaoui in order to prevent him from giving testimony, *see* Ex. A at 3-4; expresses a desire to be given attorneys to help him in four pending cases he has filed, and to be permitted to buy stamps, *see id.* at 5-6; and states that President "Obama [wants] to stop Moussaoui" because Moussaoui "want[s] to sue him for a misdemeanor offense of Obstruction of 9/11 Justice," *id.* at 10. In any event, should the Department of Justice permit Plaintiffs to file some or all of Moussaoui's statement at some point in the future, they can seek leave to supplement their opposition.

Plaintiffs compare (at 3) their own repeated requests for an extension to the Kingdom's request at the beginning of the year that this Court wait to set a schedule until the Supreme Court disposed of the Kingdom's certiorari petition asking that Court to reinstate this Court's ruling on Plaintiffs' Rule 60(b) motion. The difference is obvious: the certiorari petition, though ultimately unsuccessful, had the potential to promote the goals of the FSIA and judicial economy by sparing this Court and the parties any further proceedings at all. Plaintiffs' repeated extension requests have no such virtue.

If the Court does grant the requested extension, the Kingdom respectfully requests that it and Defendant Saudi High Commission for Relief or Bosnia and Herzegovina be given a similar extension for their opposition to Plaintiffs' motion for leave to amend, which is currently due on January 9. That is not because Defendants need more time to file (they do not), but because seeing Defendants' opposition in advance would give Plaintiffs an unfair advantage in crafting their own opposition.

Respectfully submitted,

*Michael K. Kellogg* /ggr

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

Enclosure

cc:   The Honorable Frank Maas (via Facsimile)
      Sarah Normand (via Email)
      Jeannette Vargas (via Email)
      All Counsel of Record (via ECF)