# SALERNO & ROTHSTEIN
### ATTORNEYS AT LAW

AMY ROTHSTEIN
PETER C. SALERNO

221 SCHULTZ HILL ROAD
PINE PLAINS, NY 12567

T: 518.771.3050
F: 866.589.9010

WRITER'S EMAIL ADDRESS:
amyrothsteinlaw@gmail.com

February 12, 2015

BY OVERNIGHT MAIL AND E-FILE

Hon. Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

      Re: *In re Terrorist Attacks on September 11, 2001*
          03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

      We write to seek the Court's assistance in obtaining Plaintiffs' compliance with certain procedural obligations relating to their document production, and their obligation to respond to interrogatories seeking the identities of individuals likely to have information relevant to Plaintiffs' claims that there is personal jurisdiction over our client, Yassin Abdullah Kadi.

      Despite our numerous requests to Plaintiffs' counsel, they have failed to:

1) identify by request number document requests as to which they are withholding documents on a ground other than privilege, as required by proposed F. R. Civ. P. 34(b)(C) and Your Honor's directive at the December 20, 2013 conference;

2) cross-reference Bates page numbers with document request numbers, as required by F. R. Civ. P. 34(b)(2)(E)(i);

3) answer any portion of Defendant Kadi's Interrogatories or provide a time at which they would do so;

4) respond to repeated requests to meet and confer.

All that Plaintiffs' counsel have done is to "dump" approximately 108,000 pages of paper, with no discernible organization and consisting primarily of press articles and other publicly available documents, most of which have no obvious relationship to Mr. Kadi or to the Muwafaq Foundation, the charity that served as the basis for the Second Circuit's remand with respect to Mr. Kadi. In fact, a portion of Plaintiffs' most recent production of documents purporting to pertain specifically to Mr. Kadi (Bates Nos. BUR-PEC 000046-089262, though there are gaps in the pagination) is identical to documents produced to the defense group generally. Consistent with the rest of the documents produced to Mr. Kadi, there is virtually no non-public information pertaining to him in these documents. This leaves Mr. Kadi with no more information about the nature of the claims against him than Plaintiffs provided in their vague and conclusory pleadings.

In order for Your Honor to appreciate the level of Plaintiffs' unresponsiveness to our repeated efforts to obtain compliance with the Federal Rules and your own directives, I attach our (mostly one-way) correspondence with Plaintiffs:

a) My December 12, 2013 letter to Messrs. Haefele and Tarbutton, which addressed Plaintiff's objection to certain of Mr. Kadi's document requests as "disguised contention interrogatories" (attached as Exhibit A);

b) Mr. Tarbutton's January 17, 2014 letter in response – the only response received to any of our communications to Plaintiffs' counsel – stating that no documents were being withheld on that basis (attached as Exhibit B);

c) My May 7, 2014 letter to Mr. Tarbutton, asking for: a date by which Plaintiffs would respond to Mr. Kadi's Interrogatories; and, in light of the passage of time with no further document production by Plaintiffs, a re-confirmation that no documents were being withheld on the ground that any of Mr. Kadi's document requests were "disguised contention interrogatories"; advice whether for each objected-to document request, documents were being withheld (on a ground other than privilege); and a meet and confer in the event that Plaintiffs intended not to respond to Mr. Kadi's Interrogatories (attached as Exhibit C);

d) My September 9, 2014 letter to Mr. Tarbutton again asking for a date by which Plaintiffs would respond to Mr. Kadi's Interrogatories, or a date for a meet and confer, and repeating the request that Plaintiffs identify those document requests as to which documents were being withheld on a ground other than privilege (attached as Exhibit D);

e) My partner Peter Salerno's December 15, 2014 letter to Messrs. Haefele and Carter, which, *inter alia*, reviewed the above-described letters and again asked to begin the meet and confer process if Plaintiffs intend not to respond to our Interrogatories (attached as Exhibit E);

  f) Mr. Salerno's December 19, 2014 letter to Messrs. Haefele, Carter and Kreindler, reminding Plaintiffs of their obligation to correlate the pages they produced with the document requests to which the pages respond (attached as Exhbit F);

  g) My January 23, 2015 email to Messrs. Tarbutton, Haefele, Carter, Goldman and Kreindler, following up on voicemails I had left for Messrs. Tarbutton and Haefele, asking for a conference call in early February (attached as Exhibit G). To date, I have received no response either to my voicemails or to the follow-up email.

  Plaintiffs' counsel's stunning unresponsiveness gives us no choice but to seek this Court's intervention. As to Plaintiffs' document production, until Plaintiffs comply with the procedural requirements discussed above, we cannot know whether documents to which Mr. Kadi is entitled are being withheld.

  With respect to interrogatories, however, given Plaintiffs' refusal to provide any answers whatsoever, we ask the Court to compel them to furnish, as provided in Local Civil Rule 33.3, "names of witnesses with knowledge of information relevant to the subject matter of the action …." We seek at this time to compel Plaintiffs to answer only certain interrogatories – 1 through 7 - and solely to the extent of identifying individuals with knowledge of information relevant to the claim of personal jurisdiction.

  Plaintiffs objected to each of Mr. Kadi's 14 Interrogatories on numerous and virtually uniform grounds, including that, at least with respect to their timing, they were outside the scope of Local Civil Rule 33.3 (a complete copy of Plaintiffs' responses, which include the text of the Interrogatories, is annexed hereto as Exhibit H). However, Local Civil Rule 33.3 explicitly provides that identification of individuals with relevant information may be requested "at the commencement of discovery."

  Defendant Kadi's Interrogatory No. 1 states in full: "State with specificity the factual basis for the contention that Kadi is subject to personal jurisdiction in the captioned actions *and identify all* documents and *persons with discoverable knowledge* on which Plaintiffs rely to support such contention." (Emphasis added). We concede, for the purposes of this motion, that part of this Interrogatory can be interpreted as a contention interrogatory that would be more appropriate nearer the end of discovery. But the italicized language is squarely within the discovery permitted at the *beginning* of discovery under this Court's rules, and the subject matter – personal jurisdiction – is of course the basis on which the Second Circuit issued its remand with respect to Mr. Kadi. See *In re Terrorist Attacks*, 714 F.3d 659, 682 (2d Cir. 2013), *cert. denied*, 134 S.Ct. 2870 (2014). Clearly, to the extent that this Interrogatory seeks the identity of witnesses, Plaintiffs' objection is wholly without merit.

  Plaintiffs' other objections to this Interrogatory are "insofar as it seeks information uniquely in the possession of Kadi"; "to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine"; "that it seeks information from Kadi's own files, and/or created, published, or received by Kadi,

and/or from sources that are at least equally available to Kadi, including the public domain"; and "to the extent that the Interrogatory requires disclosure of the opinions of an expert." By this motion, we are not asking this Court to compel disclosure of information that falls within any of these categories, with the exception of the identities of persons with relevant knowledge. Given that such information is within the scope of discovery permitted by this Court's rules at the beginning of the discovery process, and given the patent uselessness of being told that these unidentified names are in our files or in the public domain, Plaintiffs should be required to answer the Interrogatory to the extent now requested.

Particularly in light of the fact that we have not seen any evidence, either in our own document production or Plaintiffs', that Mr. Kadi had anything to do with 9/11, or that this Court has personal jurisdiction over him, Plaintiffs should not be allowed to refuse even to name the persons they claim have knowledge of this core subject.

We seek the identical relief with respect to Interrogatories 2 through 7: an order that Plaintiffs identify individuals with knowledge of information relevant to Plaintiffs' claim of personal jurisdiction with respect to Mr. Kadi. The seven Interrogatories as to which we now seek relief all pertain to the manner in which Mr. Kadi and the Muwafaq Foundation are alleged to have knowingly sent financial and other material support directly to al Qaeda when al Qaeda allegedly was known to be targeting the United States. These topics – whether a defendant "sent financial or other material support," or "supported terrorist actions aimed expressly at the United States," or "knowingly provided material support … to aid the 9/11 attacks" – are explicitly identified by the Second Circuit as components of personal jurisdiction. 714 F.3d at 678. The Court explicitly stated:

> [F]actual issues persist with respect to whether this support was "expressly aimed" at the United States. For example, it is not clear from plaintiffs' allegations (1) when the alleged support was given to al Qaeda, (2) what support was given, (3) whether the support was "earmarked" for use in specific schemes or attacks not directed at the United States, or (4) specifically how these defendants were involved in the process of providing support to al Qaeda. In these circumstances, we believe that jurisdictional discovery regarding the Charity Official defendants and Al Kadi is appropriate.

*Id.* at 678-79.

This Court's rules unambiguously allow discovery, now, of the identities of persons with knowledge of these topics.

We respectfully request that Your Honor issue an Order requiring Plaintiffs to identify by request number document requests as to which they are withholding documents on a ground other than privilege; cross-reference the Bates page numbers of their productions with document request numbers; answer Mr. Kadi's Interrogatories 1-7 insofar as those

Interrogatories seek the identities of individuals with relevant information; and, going forward, engage in the meet and confer process when Mr. Kadi's counsel raise discovery issues.

Respectfully,

Amy Rothstein

Enclosures

cc w/enc: All counsel (by email and e-file)