# EXHIBIT

# H

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

*This document relates to:*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al., Case No. 02 Civ. 6977*
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al., Case No. 03 Civ. 9849*
*Federal Insurance Co., et al. v. Al Qaida, et al., Case No. 03 Civ. 6978*
*Continental Casualty Co., et al. v. Al Qaeda, et al., Case No. 04 Civ. 5970*
*Euro Brokers, Inc., et al. v. Al Baraka, et al., Case No. 04 Civ. 7279*
*Estate of John P. O'Neill et al., v. Al Baraka, et al., Case No. 04 Civ. 1923*

## PLAINTIFFS' RESPONSES TO DEFENDANT YASSIN ABDULLAH KADI'S FIRST SET OF JURISDICTIONAL INTERROGATORIES TO ALL PLAINTIFFS

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES
November 11, 2013

### PLAINTIFFS' RESPONSES TO DEFENDANT YASSIN ABDULLAH KADI'S FIRST SET OF JURISDICTIONAL INTERROGATORIES TO ALL PLAINTIFFS

Plaintiffs in *Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977, *Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03 Civ. 9849, *Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978, *Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04 Civ. 5970, *Euro Brokers Inc., et al., v. Al Baraka, et al.*, Case No. 04 Civ. 7279, and *Estate of John P. O'Neill et al., v. Al Baraka, et al.*, Case No. 04 Civ. 1923, hereby respond to the First Set of Jurisdictional Interrogatories propounded by Yassin Abdullah Kadi (hereinafter "Defendant" or "Kadi"), pursuant to Rule 33 of the Federal Rules of Civil Procedure.

### GENERAL RESPONSES AND OBJECTIONS

Plaintiffs make the following General Objections to Kadi's First Set of Jurisdictional Interrogatories. The assertion of these objections or additional objections does not waive Plaintiffs' general objections. Plaintiffs reserve the right to amend or supplement these objections as may be appropriate.

1.     Plaintiffs object to Defendant's First Set of Jurisdictional Interrogatories on the grounds that they are beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. See Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise ... direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of

witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

2.      Plaintiffs' responses to Defendant's First Set of Jurisdictional Interrogatories as set forth herein are based upon information presently known to them, before all investigation has been completed, before the conclusion of all formal discovery among the parties, and before Defendant has responded fully to discovery demands.  Plaintiffs reserve the right to: (a) rely on any facts, witnesses, documents, or other evidence which may develop or subsequently come to their attention; and (b) amend these responses and objections and/or supplement these responses should Plaintiffs discover additional information or grounds for objections.

3.      Plaintiffs object to Defendant's First Set of Jurisdictional Interrogatories to the extent they call for Plaintiffs to identify individuals or witnesses whose identity and/or the state of their knowledge of information relevant to the Plaintiffs' claims is better known to Defendant or other defendants than to Plaintiffs.

4.      Plaintiffs object to Defendant's First Set of Jurisdictional Interrogatories to the extent they seek information protected by the attorney-client privilege, work product privilege, or any other applicable privilege or protection.

5.      Plaintiffs object to Defendant's First Set of Jurisdictional Interrogatories to the extent they seek to compel Plaintiffs to disclose the trial strategies or mental impressions of their attorneys.

6.      Plaintiffs object to Defendant's First Set of Jurisdictional Interrogatories to the extent they seek information produced, obtained, or in the possession of, any expert witnesses, or any retained consultants who have not been formally identified as testifying expert witnesses, or

who are not expected to testify in these proceedings. Plaintiffs will identify their experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings.

7.      Plaintiffs object to Defendant's First Set of Jurisdictional Interrogatories to the extent they seek information or documentation that is or has been in the possession, custody, or control of Defendant or which is equally obtainable by Defendant or the Plaintiffs from available public sources.

8.      Plaintiffs object to Defendant's First Set of Jurisdictional Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, do not specify the information sought with sufficient particularity, are not limited to the subject matter of the litigation, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiffs object to Defendant's First Set of Jurisdictional Interrogatories to the extent they purport to characterize Plaintiffs' claims, allegations, contentions, or the applicable legal standard, but do so in a manner that mischaracterizes them. The identification or production of any document or information in response to any such discovery request is not intended as, nor shall it be deemed to be, an admission or representation that Plaintiffs concede to the Defendant's mischaracterization of the Plaintiffs' claims, allegations, contentions, or the applicable legal standard.

10.     Plaintiffs object to Defendant's Instructions and Definitions to the extent they purport to impose obligations and burdens beyond those permitted by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court of the Southern District of New York.

11.     Plaintiffs object to Defendant's First Set of Jurisdictional Interrogatories to the

extent that they seek information without a reasonable time-period limitation.

12.     Plaintiffs incorporate the responses and objections of the Plaintiffs' Executive Committees and the other Plaintiffs in this consolidated multi-district litigation to other discovery requests propounded in the litigation.

13.     Each of the foregoing General Objections is hereby incorporated by reference in response to each Interrogatory, whether or not a further specific objection is made with respect to a specific Interrogatory below.

14.     Subject to each of the foregoing General Objections, and without conceding the relevancy or admissibility of the information sought or provided, Plaintiffs respond as follows:

## RESPONSES TO YASSIN ABDULLAH KADI'S INTERROGATORIES

## INTERROGATORY NO. 1:

State with specificity the factual basis for the contention that Kadi is subject to personal jurisdiction in the captioned actions and identify all documents and persons with discoverable knowledge on which Plaintiffs rely to support such contention.

### RESPONSE:

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise ... direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise

ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome and premature, insofar as it seeks information uniquely in the possession of Kadi, before Kadi has responded to discovery. Plaintiffs also object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions. However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log. In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings. Subject to and without waiving the above objections, Plaintiffs respond as follows:

Plaintiffs have described Kadi's role in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and Plaintiffs' appellate pleadings, and are producing voluminous documentation relating to Kadi's participation in that conspiracy in response to Kadi's First Set of Jurisdictional Document

Requests. Plaintiffs refer Kadi to Plaintiffs' Complaints, RICO Statements, More Definite Statements, Plaintiffs' appellate pleadings, and pursuant to Fed. R. Civ. P. 33(d) the documents produced in response to Kadi's document requests in response to this Interrogatory.

Notably, Plaintiffs have served discovery requests on Kadi seeking documents relating to the Defendant's role in al Qaeda's conspiracy to attack the United States, including documents relating to investigations of Kadi in relation to the September 11th Attacks. To date, Kadi has not produced any documents or materials in response to Plaintiffs' discovery requests. To the extent that this Interrogatory is designed to identify for Kadi the universe of documents and information already in Plaintiffs' possession regarding any activities Kadi engaged in for the purpose of promoting international terrorism, so that he can avoid his discovery obligations in responding to Plaintiffs' discovery requests regarding that issue, it is improper.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.

## INTERROGATORY NO. 2:

If Plaintiffs contend that Kadi sent financial and other material support directly to al Qaeda or Osama bin Laden ("OBL") when al Qaeda or OBL allegedly were known to be targeting the United States, then state with specificity (1) when the alleged support was given, (2) what support was given, (3) whether the support was earmarked for use in specific schemes or attacks directed at the United States, and (4) specifically in what manner Kadi provided such support; and identify all documents and persons with discoverable knowledge on which Plaintiffs rely to support that contention.

### RESPONSE:

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation.

*See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise ... direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome and premature, insofar as it seeks information uniquely in the possession of Kadi, before Kadi has responded to discovery. Plaintiffs also object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions. However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log. In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings. Subject to and without waiving the above objections, Plaintiffs

respond as follows:

Plaintiffs have described Kadi's role in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and Plaintiffs' appellate pleadings, and are producing voluminous documentation relating to Kadi's participation in that conspiracy in response to Kadi's First Set of Jurisdictional Document Requests.  Plaintiffs refer Kadi to Plaintiffs' Complaints, RICO Statements, More Definite Statements, Plaintiffs' appellate pleadings, and pursuant to Fed. R. Civ. P. 33(d) the documents produced in response to Kadi's document requests in response to this Interrogatory.

Notably, Plaintiffs have served discovery requests on Kadi seeking documents relating to the Defendant's role in al Qaeda's conspiracy to attack the United States, including documents relating to investigations of Kadi in relation to the September 11th Attacks.  To date, Kadi has not produced any documents or materials in response to Plaintiffs' discovery requests.  To the extent that this Interrogatory is designed to identify for Kadi the universe of documents and information already in Plaintiffs' possession regarding any activities Kadi engaged in for the purpose of promoting international terrorism, so that he can avoid his discovery obligations in responding to Plaintiffs' discovery requests regarding that issue, it is improper.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.

## INTERROGATORY NO. 3:

If Plaintiffs contend that the Muwafaq Foundation ("Muwafaq") sent financial and other material support directly to al Qaeda or OBL when al Qaeda or OBL allegedly was known to be targeting the United States, then state with specificity (1) when the alleged support was given, (2) what support was given, (3) whether the support was earmarked for use in specific schemes

8

or attacks directed at the United States, and (4) specifically in what manner Muwafaq provided

such support; and identify all documents and persons with discoverable knowledge on which

Plaintiffs rely to support that contention.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of

discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation.

*See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I

think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what

[documents] support contention 3, are not useful at this point." "So, what I am inclined to do is

say except to the extent the parties otherwise agree, or there is some particular circumstance that

causes me to otherwise … direct, interrogatories will be limited to those very narrow topics that

are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise

ordered by the Court, at the commencement of discovery, interrogatories will be restricted to

those seeking names of witnesses with knowledge of information relevant to the subject matter

of the action, the computation of each category of damage alleged, and the existence, custodian,

location and general description of relevant documents, including pertinent insurance

agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome

and premature, insofar as it seeks information uniquely in the possession of Kadi, before Kadi

has responded to discovery. Plaintiffs also object to this Interrogatory to the extent it seeks any

documents and information protected from disclosure by the attorney-client privilege or work-

product doctrine, including in particular counsels' litigation strategies and mental impressions.

However, Plaintiffs have not identified any responsive document withheld on the basis of this

objection that needs to be included on a privilege log. In addition, Plaintiffs object to this

Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created,

published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings. Subject to and without waiving the above objections, Plaintiffs respond as follows:

Plaintiffs have described Kadi's and Muwafaq's roles in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and Plaintiffs' appellate pleadings, and are producing voluminous documentation relating to Kadi's and Muwafaq's participation in that conspiracy in response to Kadi's First Set of Jurisdictional Document Requests. Plaintiffs refer Kadi to Plaintiffs' Complaints, RICO Statements, More Definite Statements, Plaintiffs' appellate pleadings, and pursuant to Fed. R. Civ. P. 33(d) the documents produced in response to Kadi's document requests in response to this Interrogatory.

Notably, Plaintiffs have served discovery requests on Kadi seeking documents relating to the Defendant's and Muwafaq's roles in al Qaeda's conspiracy to attack the United States, including documents relating to investigations of Kadi and Muwafaq in relation to the September 11th Attacks. To date, Kadi has not produced any documents or materials in response to Plaintiffs' discovery requests. To the extent that this Interrogatory is designed to identify for Kadi the universe of documents and information already in Plaintiffs' possession regarding any activities Kadi engaged in for the purpose of promoting international terrorism, so that he can avoid his discovery obligations in responding to Plaintiffs' discovery requests regarding that issue, it is improper.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or

supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.

**INTERROGATORY NO. 4:**

If Plaintiffs contend that Kadi supported terrorist actions aimed expressly at the United States, then state with specificity (1) when the alleged support was given, (2) what support was given, (3) whether the support was "earmarked" for use in specific schemes or attacks directed at the United States, and (4) in what manner Kadi was involved in the process of providing such support; and identify all documents and persons with discoverable knowledge on which Plaintiffs rely to support that contention.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise ... direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome

and premature, insofar as it seeks information uniquely in the possession of Kadi, before Kadi

has responded to discovery.  Plaintiffs also object to this Interrogatory to the extent it seeks any

documents and information protected from disclosure by the attorney-client privilege or work-

product doctrine, including in particular counsels' litigation strategies and mental impressions.

However, Plaintiffs have not identified any responsive document withheld on the basis of this

objection that needs to be included on a privilege log.  In addition, Plaintiffs object to this

Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created,

published, or received by Kadi, and/or from sources that are at least equally available to Kadi,

including the public domain.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiffs further object to the

extent that the Interrogatory requires disclosure of the opinions of an expert.  Plaintiffs will

identify experts, and provide all information and documentation required by Fed. R. Civ. P.

26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by

the Court in these proceedings.  Subject to and without waiving the above objections, Plaintiffs

respond as follows:

Plaintiffs have described Kadi's role in al Qaeda's conspiracy to attack the United States

in detail in their operative Complaints, RICO Statements, More Definite Statements, and

Plaintiffs' appellate pleadings, and are producing voluminous documentation relating to Kadi's

participation in that conspiracy in response to Kadi's First Set of Jurisdictional Document

Requests.  Plaintiffs refer Kadi to Plaintiffs' Complaints, RICO Statements, More Definite

Statements, Plaintiffs' appellate pleadings, and pursuant to Fed. R. Civ. P. 33(d) the documents

produced in response to Kadi's document requests in response to this Interrogatory.

Notably, Plaintiffs have served discovery requests on Kadi seeking documents relating to

the Defendant's role in al Qaeda's conspiracy to attack the United States, including documents

relating to investigations of Kadi in relation to the September 11th Attacks.  To date, Kadi has

not produced any documents or materials in response to Plaintiffs' discovery requests.  To the

extent that this Interrogatory is designed to identify for Kadi the universe of documents and

information already in Plaintiffs' possession regarding any activities Kadi engaged in for the

purpose of promoting international terrorism, so that he can avoid his discovery obligations in

responding to Plaintiffs' discovery requests regarding that issue, it is improper.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this

Response as new information becomes available, after a complete investigation of the facts is

concluded, and discovery is complete.


**INTERROGATORY NO. 5:**

     If Plaintiffs contend that Muwafaq supported terrorist actions aimed expressly at the

United States, then state with specificity (1) when the alleged support was given, (2) what

support was given, (3) whether the support was "earmarked" for use in specific schemes or

attacks directed at the United States, and (4) in what manner Muwafaq was involved in the

process of providing such support; and identify all documents and persons with discoverable

knowledge on which Plaintiffs rely to support that contention.

     **RESPONSE:**

     Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of

discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation.

*See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories…. I

think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what

[documents] support contention 3, are not useful at this point." "So, what I am inclined to do is

say except to the extent the parties otherwise agree, or there is some particular circumstance that

causes me to otherwise … direct, interrogatories will be limited to those very narrow topics that

are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise

ordered by the Court, at the commencement of discovery, interrogatories will be restricted to

those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome and premature, insofar as it seeks information uniquely in the possession of Kadi, before Kadi has responded to discovery. Plaintiffs also object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions. However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log. In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings. Subject to and without waiving the above objections, Plaintiffs respond as follows:

Plaintiffs have described Kadi's and Muwafaq's roles in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and Plaintiffs' appellate pleadings, and are producing voluminous documentation relating to Kadi's and Muwafaq's participation in that conspiracy in response to Kadi's First Set of Jurisdictional Document Requests. Plaintiffs refer Kadi to Plaintiffs' Complaints, RICO Statements, More Definite Statements, Plaintiffs' appellate pleadings, and pursuant to Fed. R.

Civ. P. 33(d) the documents produced in response to Kadi's document requests in response to this Interrogatory.

Notably, Plaintiffs have served discovery requests on Kadi seeking documents relating to the Defendant's and Muwafaq's roles in al Qaeda's conspiracy to attack the United States, including documents relating to investigations of Kadi and Muwafaq in relation to the September 11th Attacks. To date, Kadi has not produced any documents or materials in response to Plaintiffs' discovery requests. To the extent that this Interrogatory is designed to identify for Kadi the universe of documents and information already in Plaintiffs' possession regarding any activities Kadi engaged in for the purpose of promoting international terrorism, so that he can avoid his discovery obligations in responding to Plaintiffs' discovery requests regarding that issue, it is improper.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.

**INTERROGATORY NO. 6:**

If Plaintiffs contend that Kadi knowingly provided material support to Al Qaeda or OBL to aid the 9/11 attacks, then state the basis for that contention, and identify all documents and persons with discoverable information on which Plaintiffs rely to support that contention. Plaintiffs' response should include, without limitation, identification of (a) the nature, dates, duration, purpose and locations of any activity that Plaintiffs contend constitutes material support; (b) the participants in such activity who were allegedly involved in providing such material support on Kadi's part; (c) the individuals who were the alleged recipients of such material support; (d) the basis for Plaintiffs' contention that Kadi knew about and intended to support terrorist attacks against the United States at the time such material support was allegedly

provided (e) the factual basis for Plaintiffs' contention that such material support bore a causal relationship to the 9/11 attacks; and all persons with knowledge of the foregoing.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise ... direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome and premature, insofar as it seeks information uniquely in the possession of Kadi, before Kadi has responded to discovery. Plaintiffs also object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions. However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log. In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi,

including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the

extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will

identify experts, and provide all information and documentation required by Fed. R. Civ. P.

26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by

the Court in these proceedings. Subject to and without waiving the above objections, Plaintiffs

respond as follows:

Plaintiffs have described Kadi's role in al Qaeda's conspiracy to attack the United States

in detail in their operative Complaints, RICO Statements, More Definite Statements, and

Plaintiffs' appellate pleadings, and are producing voluminous documentation relating to Kadi's

participation in that conspiracy in response to Kadi's First Set of Jurisdictional Document

Requests. Plaintiffs refer Kadi to Plaintiffs' Complaints, RICO Statements, More Definite

Statements, Plaintiffs' appellate pleadings, and pursuant to Fed. R. Civ. P. 33(d) the documents

produced in response to Kadi's document requests in response to this Interrogatory.

Notably, Plaintiffs have served discovery requests on Kadi seeking documents relating to

the Defendant's role in al Qaeda's conspiracy to attack the United States, including documents

relating to investigations of Kadi in relation to the September 11th Attacks. To date, Kadi has

not produced any documents or materials in response to Plaintiffs' discovery requests. To the

extent that this Interrogatory is designed to identify for Kadi the universe of documents and

information already in Plaintiffs' possession regarding any activities Kadi engaged in for the

purpose of promoting international terrorism, so that he can avoid his discovery obligations in

responding to Plaintiffs' discovery requests regarding that issue, it is improper.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this

Response as new information becomes available, after a complete investigation of the facts is

concluded, and discovery is complete.

**INTERROGATORY NO. 7:**

If Plaintiffs contend that Muwafaq provided material support to Al Qaeda or OBL to aid

the 9/11 attacks, then identify the basis for that contention, and identify all documents and

persons with discoverable information on which Plaintiffs rely to support that contention.

Plaintiffs' response should include, without limitation, identification of: (a) the nature, dates,

duration, purpose and locations of any activity that Plaintiffs contend constitutes material

support, (b) the participants in such activity on Muwafaq's part, (c) the alleged recipients of such

material support, (d) the basis for Plaintiffs' contention that Muwafaq knew about and intended

to support terrorist attacks against the United States at the time such material support was

allegedly provided, and (e) the factual basis for Plaintiffs' contention that such material support

bore a causal relationship to the 9/11 attacks.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of

discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation.

*See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I

think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what

[documents] support contention 3, are not useful at this point." "So, what I am inclined to do is

say except to the extent the parties otherwise agree, or there is some particular circumstance that

causes me to otherwise ... direct, interrogatories will be limited to those very narrow topics that

are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise

ordered by the Court, at the commencement of discovery, interrogatories will be restricted to

those seeking names of witnesses with knowledge of information relevant to the subject matter

of the action, the computation of each category of damage alleged, and the existence, custodian,

location and general description of relevant documents, including pertinent insurance

agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome and premature, insofar as it seeks information uniquely in the possession of Kadi, before Kadi has responded to discovery. Plaintiffs also object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions. However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log. In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings. Subject to and without waiving the above objections, Plaintiffs respond as follows:

Plaintiffs have described Kadi's and Muwafaq's roles in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and Plaintiffs' appellate pleadings, and are producing voluminous documentation relating to Kadi's and Muwafaq's participation in that conspiracy in response to Kadi's First Set of Jurisdictional Document Requests. Plaintiffs refer Kadi to Plaintiffs' Complaints, RICO Statements, More Definite Statements, Plaintiffs' appellate pleadings, and pursuant to Fed. R. Civ. P. 33(d) the documents produced in response to Kadi's document requests in response to this Interrogatory.

Notably, Plaintiffs have served discovery requests on Kadi seeking documents relating to the Defendant's and Muwafaq's roles in al Qaeda's conspiracy to attack the United States,

including documents relating to investigations of Kadi and Muwafaq in relation to the September 11th Attacks. To date, Kadi has not produced any documents or materials in response to Plaintiffs' discovery requests. To the extent that this Interrogatory is designed to identify for Kadi the universe of documents and information already in Plaintiffs' possession regarding any activities Kadi engaged in for the purpose of promoting international terrorism, so that he can avoid his discovery obligations in responding to Plaintiffs' discovery requests regarding that issue, it is improper.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.

## INTERROGATORY NO. 8:

In light of the allegation in the Burnett Plaintiffs' More Definite Statement as to Defendant Yassin Al-Qadi [sic] ("Burnett MDS") that the refusal of the European Union and Commission of the European Communities to hear Kadi's appeal from the action freezing his assets was "an implicit acknowledgement of Al Qadi's [sic] guilt . . . ." (Burnett MDS, ¶¶ 5-7), how do you interpret the subsequent removal of Kadi from the European Union's list of persons associated with Osama bin Laden, Al Qaeda and the Taliban?

### RESPONSE:

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that

causes me to otherwise … direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions. However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log. In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.

## INTERROGATORY NO. 9:

How do Plaintiffs interpret the United Nations Al-Qaida Sanctions Committee's decision

to remove Kadi from the Al-Qaida Sanctions List?

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise ... direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions. However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log. In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance

with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.


**INTERROGATORY NO. 10:**

How do Plaintiffs interpret the United Kingdom Treasury's decision to remove Kadi from its list of persons suspected of facilitating terrorism and thus subject to financial sanctions?

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise … direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine,

including in particular counsels' litigation strategies and mental impressions.  However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log.  In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert.  Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.

## INTERROGATORY NO. 11:

If you contend that Kadi donated money to Muwafaq, identify (1) the amount of money that you contend he donated, (2) the time(s) at which the money was given, (3) the individuals through whom it was given, (4) the manner in which it was transferred, and (5) all documents and persons with discoverable information on which Plaintiffs rely to support each of the categories in this Interrogatory.

### RESPONSE:

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what

[documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise … direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome and premature, insofar as it seeks information uniquely in the possession of Kadi, before Kadi has responded to discovery. Plaintiffs also object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions. However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log. In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings. Subject to and without waiving the above objections, Plaintiffs respond as follows:

Plaintiffs have described Kadi's and Muwafaq's roles in al Qaeda's conspiracy to attack

the United States in detail in their operative Complaints, RICO Statements, More Definite

Statements, and  Plaintiffs' appellate pleadings, and are producing voluminous documentation

relating to Kadi's and Muwafaq's participation in that conspiracy in response to Kadi's First Set

of Jurisdictional Document Requests.  Plaintiffs refer Kadi to Plaintiffs' Complaints, RICO

Statements, More Definite Statements, Plaintiffs' appellate pleadings, and pursuant to Fed. R.

Civ. P. 33(d) the documents produced in response to Kadi's document requests in response to

this Interrogatory.

Notably, Plaintiffs have served discovery requests on Kadi seeking documents relating to

the Defendant's and Muwafaq's roles in al Qaeda's conspiracy to attack the United States,

including documents relating to investigations of Kadi and Muwafaq in relation to the September

11th Attacks.  To date, Kadi has not produced any documents or materials in response to

Plaintiffs' discovery requests.  To the extent that this Interrogatory is designed to identify for

Kadi the universe of documents and information already in Plaintiffs' possession regarding any

activities Kadi engaged in for the purpose of promoting international terrorism, so that he can

avoid his discovery obligations in responding to Plaintiffs' discovery requests regarding that

issue, it is improper.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or

supplement this Response as new information becomes available, after a complete investigation

of the facts is concluded, and discovery is complete.


**INTERROGATORY NO. 12:**

If you contend that Kadi provided goods or services to Muwafaq, identify (1) the goods

or services that were provided, (2) whether Kadi received any value in exchange for such goods

or services, (3) the time(s) at which the goods or services were provided, (4) the individuals

through whom the goods or services were provided, (5) the manner  in which the goods or

services were provided, and (6) all documents and persons with discoverable information on which Plaintiffs rely to support each of the categories in this Interrogatory.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories…. I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise … direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory on the grounds that it is unduly burdensome and premature, insofar as it seeks information uniquely in the possession of Kadi, before Kadi has responded to discovery. Plaintiffs also object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions. However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log. In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi,

including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert. Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings. Subject to and without waiving the above objections, Plaintiffs respond as follows:

Plaintiffs have described Kadi's and Muwafaq's roles in al Qaeda's conspiracy to attack the United States in detail in their operative Complaints, RICO Statements, More Definite Statements, and Plaintiffs' appellate pleadings, and are producing voluminous documentation relating to Kadi's and Muwafaq's participation in that conspiracy in response to Kadi's First Set of Jurisdictional Document Requests. Plaintiffs refer Kadi to Plaintiffs' Complaints, RICO Statements, More Definite Statements, Plaintiffs' appellate pleadings, and pursuant to Fed. R. Civ. P. 33(d) the documents produced in response to Kadi's document requests in response to this Interrogatory.

Notably, Plaintiffs have served discovery requests on Kadi seeking documents relating to the Defendant's and Muwafaq's roles in al Qaeda's conspiracy to attack the United States, including documents relating to investigations of Kadi and Muwafaq in relation to the September 11th Attacks. To date, Kadi has not produced any documents or materials in response to Plaintiffs' discovery requests. To the extent that this Interrogatory is designed to identify for Kadi the universe of documents and information already in Plaintiffs' possession regarding any activities Kadi engaged in for the purpose of promoting international terrorism, so that he can avoid his discovery obligations in responding to Plaintiffs' discovery requests regarding that issue, it is improper.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation

of the facts is concluded, and discovery is complete.

## INTERROGATORY NO. 13:

Identify all experts, investigators, consultants, and other agents whose writings, findings, testimony, affidavit, declaration, or other work product Plaintiffs intend to present to the Court in the above-captioned cases in connection with the Court's consideration of the existence (or lack thereof) of personal jurisdiction over Kadi.  For each such person, set forth the substance of their anticipated testimony or other submission and identify with specificity all facts or documents on which they rely in developing such testimony or other submission, including any written statement or testimony of persons identified in response to this Interrogatory.

## RESPONSE:

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise ... direct, interrogatories will be limited to those very narrow topics that are within the local rule.").  Local Civil Rule 33.3 provides in pertinent part:  "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory to the extent it seeks any documents and

information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions.  However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log.  In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert.  Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.


**INTERROGATORY NO. 14:**

Please identify all journalists and any other person not identified in Plaintiffs' response to the foregoing Interrogatory No. 13, including but not limited to Rita Katz, Jean Charles Brisard, Jack Kelley, Patrick Smith, David Pallister, and Glenn Simpson, upon whose writings, findings, testimony, affidavit, declaration, or other work product Plaintiffs intend to rely in support of any contention that any American court has personal jurisdiction over Kadi.

**RESPONSE:**

Plaintiffs object to this Interrogatory on the grounds that it is beyond the scope of discovery permitted by Local Civil Rule 33.3 as the Court has applied that Rule to this litigation. *See* Transcript, April 12, 2011 Hearing, at pp. 58-59 ("I'm not a big fan of interrogatories.... I

think interrogatories, in particular contention interrogatories, or interrogatories that [ask] what [documents] support contention 3, are not useful at this point." "So, what I am inclined to do is say except to the extent the parties otherwise agree, or there is some particular circumstance that causes me to otherwise … direct, interrogatories will be limited to those very narrow topics that are within the local rule."). Local Civil Rule 33.3 provides in pertinent part: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

Plaintiffs further object to this Interrogatory to the extent it seeks any documents and information protected from disclosure by the attorney-client privilege or work-product doctrine, including in particular counsels' litigation strategies and mental impressions.  However, Plaintiffs have not identified any responsive document withheld on the basis of this objection that needs to be included on a privilege log.  In addition, Plaintiffs object to this Interrogatory on the grounds that it seeks information from Kadi's own files, and/or created, published, or received by Kadi, and/or from sources that are at least equally available to Kadi, including the public domain. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiffs further object to the extent that the Interrogatory requires disclosure of the opinions of an expert.  Plaintiffs will identify experts, and provide all information and documentation required by Fed. R. Civ. P. 26(a)(2), in accordance with Fed. R. Civ. P. 26(a)(2)(D) or such other deadlines established by the Court in these proceedings.

Inasmuch as discovery is ongoing, Plaintiffs reserve the right to amend and/or supplement this Response as new information becomes available, after a complete investigation of the facts is concluded, and discovery is complete.

Dated: November 11, 2013                    Respectfully submitted,


                                            _____/s/_____.
                                            J. Scott Tarbutton, Esq.
                                            Cozen O'Connor
                                            1900 Market Street
                                            Philadelphia, PA 19103
                                            Tel: 215-665-2000

                                            *On behalf of the MDL 1570 Plaintiffs'*
                                            *Executive Committees*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Plaintiffs' Responses to Defendant Yassin

Abdullah Kadi's First Set of Jurisdictional Interrogatories to All Plaintiffs was served via

electronic mail and U.S. first-class mail, postage prepaid, this 11th day of November 2013, upon:

Amy Rothstein, Esq.
Peter C. Salerno, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007

Alan R. Kabat, Esq.
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
(Defendants' Executive Committee's appointed representative to receive discovery requests and
responses in 03-MDL-1570)

J. Scott Tarbutton, Esq.

17605570.1