# BERNABEI & WACHTEL, PLLC

ATTORNEYS AT LAW

1775 T STREET, N.W.

WASHINGTON, D.C. 20009

LYNNE BERNABEI
DAVID WACHTEL
ALAN R. KABAT

202.745.1942
FAX: 202.745.2627
WWW.BERNABEIPLLC.COM

PETER M. WHELAN
LAUREN R. S. MENDONSA
MATTHEW E. RADLER▲
KAREN TANENBAUM

▲ADMITTED IN VA ONLY

March 16, 2015

Honorable Frank Maas
United States District Court
 for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re* Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD)(FM)

Dear Judge Maas:

     We submit this letter on behalf of all Defendants currently in discovery to request that your Honor set a deadline for filing any motions to compel, and as to Plaintiffs and Defendants in merits discovery, a deadline for serving any amended Initial Disclosures. The current Court-ordered deadline to complete document productions in this case passed on December 15, 2014, and no discovery-related deadlines are currently set.

     On January 16, 2015, Defendants proposed to Plaintiffs that (1) the parties set a March 31, 2015 deadline to file any motions to compel and (2) the parties meet and confer regarding timing for supplementing their Initial Disclosures (*i.e.*, witness lists) in light of the paper and other discovery that has occurred since the parties last made their witness disclosures.[1]  *See* A. Kabat email to R. Haefele, et al. (Jan. 16, 2015) (attached hereto as Exhibit 1).

---

[1] Defendants also proposed that the parties develop an agreed protocol for issuing any *Touhy* requests to obtain testimony of current or former government witnesses that Plaintiffs identified in their Initial Disclosures.  The parties will continue to meet and confer on that issue in an effort to reach a consensus.

Hon. Frank Maas
March 16, 2015
Page 2 of 4

Plaintiffs replied on January 29, 2015, emphasizing that they would not agree to setting any deadlines given that one defendant was still completing its production. *See* S. Carter email to A. Kabat (Jan. 29, 2015) (attached hereto as Exhibit 2). On February 11, 2015, Defendants explained that there was no reason to delay setting any deadlines for motions to compel, particularly with respect to those defendants who have completed their production, and even if defendants supplemented their production as required under Rule 26(e)(1)(A), that would not postpone moving forward with motions practice. *See* A. Kabat letter to S. Carter (Feb. 11, 2015) (attached hereto as Exhibit 3).

Counsel for the parties met and conferred on February 23, 2015. Plaintiffs, both in their January 29 reply and during the February 23 conference, opposed setting any discovery deadlines because (i) they have not completed their review of the documents Defendants have produced to date, and (ii) they believe some Defendants may not have completely finished producing documents. As set forth below, neither contention justifies an indefinite delay in moving this case forward.

Subsequent to the February 23 conference, counsel continued their discussion over the past two weeks, but were unable to reach a consensus. Defense counsel sent an earlier draft of the present letter to Plaintiffs' counsel on February 27, 2015, for their review.

On March 5, 2015, Plaintiffs' counsel responded, claiming that they could not agree to setting <u>any</u> deadline for motions to compel unless each Defendant certified that it had completed its production. *See* R. Haefele email to A. Kabat (Mar. 5, 2015) (attached hereto as Exhibit 4).

In response, defense counsel reiterated what was stated during the February 23 conference call, *i.e.*, that there was no reason to delay motions to compel as to productions made prior to 2015, and that if any party had concerns about documents produced in 2015, then additional time would be allowed for motions to compel as to those productions. *See* A. Kabat letter to S. Carter & R. Haefele (Mar. 6, 2015) (attached hereto as Exhibit 5). Since Defendants had already produced over 610,000 pages prior to 2015, with over 65 percent produced more than seven months ago, there was no reason to delay any further in setting a briefing schedule. *Id.* Finally, defense counsel confirmed that all but one defendant had completed its production, with one defendant in the process of reviewing one last set of files, "the vast majority of which are not expected to contain any responsive documents," and another defendant would be supplementing its production with court filings that were docketed subsequent to its most recent production, and other public records. *Id.* at 2.

Plaintiffs' counsel responded on March 11, demanding that "the Defendants Executive Committee ask each of the defendants to provide a statement as to whether it has completed production of all responsive documents and that those statements be provided to the plaintiffs," and reiterating that Plaintiffs would not agree to setting any deadlines for future discovery proceedings without those "statements." *See* R. Haefele letter to A. Kabat, at 2 (Mar. 11, 2015) (attached hereto as Exhibit 6).

<u>First</u>, Plaintiffs' argument that they cannot complete their review and file motions to compel by March 31, 2015 ignores the months, and in some cases years, they have had to review Defendants' productions. Many of the Defendants completed their productions well in advance of the December 15, 2014 deadline. Defendants produced approximately 65% of their documents more than seven months ago, and Plaintiffs received nearly all of the remaining circa 210,000 pages prior to January 2015. In the interest of compromise, Defendants explained that we were willing to provide Plaintiffs with a reasonable time to review the documents that they received at the end of 2014. Plaintiffs, however, refused to state how long they needed to review those productions.

In light of Plaintiffs' refusal to provide any alternative proposed dates, Defendants now propose setting a motion to compel deadline of April 30, 2015. Such a deadline would allow Plaintiffs four to eight months to review the Defendants' productions in the last half of 2014 to determine whether they need to file any motions to compel.

<u>Second</u>, Plaintiffs take the position because they believe that certain Defendants may have additional documents to produce, no motion to compel deadline should be set. Defendants countered during the February 23 meet and confer that if any future production (or future supplemental production) raises a new motion to compel issue, the proposed April 30 deadline would not apply to such motions, and that Defendants would be amenable to additional time for motions to compel as to any such future productions.

Moreover, Plaintiffs' demand that each Defendant submit separate "statements" as to the status of its document production is unnecessary and merely a stalling tactic. Defendants have already set forth the status of their production, and explained in their February 11, 2015 and March 6, 2015 letters, *supra*, that <u>all</u> but one of the defendants have completed the document production (with one defendant supplementing its production pursuant to Rule 26), and the one remaining defendant only has one last set of files to review. Thus, there is no reason to demand these superfluous "statements" before setting a deadline for the motions to compel as to the productions made through 2014, when Plaintiffs already have the answer to their question.

Hon. Frank Maas
March 16, 2015
Page 4 of 4

In short, this case should move forward with motions to compel (if any) based upon the passing of the December 15, 2014 document production deadline and the document productions that have already been made.

Defendants currently in discovery thus request that your Honor set the following briefing schedule for motions to compel with respect to the document productions made by the parties in compliance with the December 15, 2014 deadline:

> April 30, 2015 – Letter Applications to Compel
> May 21, 2015 – Oppositions to Motions to Compel
> May 28, 2015 – Replies
> June 9, 2015– [Proposed] Discovery Conference

This briefing schedule is consistent with that adopted by this Court for discovery motions.

Defendants further request that Court set a deadline of June 30, 2015 for the Plaintiffs and the Defendants in merits discovery to supplement their Rule 26(a)(1) initial disclosures to identify witnesses from whom the party has a then-present intention to secure a declaration or testimony, whether at deposition or trial. Such a disclosure is necessary for the parties to efficiently identify necessary deponents as this case moves into the next phase of discovery.

We believe that your Honor can resolve these scheduling issues on the papers, but we would be happy to participate in a scheduling conference as soon as reasonably practicable if your Honor desires.

        Sincerely,

        */s/ Alan R. Kabat*

        Alan R. Kabat
        Defendants' Executive Committee

Enc.

cc:  Hon. George B. Daniels
   MDL-1570 Counsel of Record
    (by ECF)