**Exhibits**

1. A. Kabat email to R. Haefele, et al. (Jan. 16, 2015).

2. S. Carter email to A. Kabat (Jan. 29, 2015).

3. A. Kabat letter to S. Carter (Feb. 11, 2015).

4. R. Haefele email to A. Kabat (Mar. 5, 2015).

5. A. Kabat letter to S. Carter & R. Haefele (Mar. 6, 2015).

6. R. Haefele letter to A. Kabat (Mar. 11, 2015).

Exhibit 1

A. Kabat email to R. Haefele, et al. (Jan. 16, 2015).

# Alan Kabat

| | |
|---|---|
| **From:** | Alan Kabat |
| **Sent:** | Friday, January 16, 2015 1:20 PM |
| **To:** | Haefele, Robert; 'Carter, Sean'; WTC[jkreindler@kreindler.com]; WTC[jgoldman@andersonkill.com]; 'Tarbutton, J. Scott' |
| **Subject:** | MDL-1570 discovery issues |
| **Attachments:** | 2014 MDL 1570 Touhy Request Email Exchange.pdf |

Dear counsel,

I write on behalf of the defendants currently in discovery, regarding several discovery issues.

(1) We need to schedule the next step, *i.e.*, a deadline for review of the documents and filing of motions to compel. Given that document production was completed in December, we agree that there should be some time for all parties to complete the review of the documents, and additional time for briefing motions to compel. Defendants propose a three-month period for both plaintiffs and defendants to complete their review of the other side's production and for briefing motions to compel, *i.e.*, by March 31, 2015. The parties could then plan on starting depositions as early as May 2015.

(2) We also want to reinitiate our discussions regarding Plaintiffs' witness list and those witnesses' availability for depositions. Plaintiffs' amended initial disclosures (filed on December 31, 2010) listed hundreds of individuals with "relevant discoverable information." Under Rule 26(a), this list should be limited to only those individuals likely to have discoverable information that Plaintiffs "may use to support [their] claims or defenses." Given the number of individuals listed, and the fact that many on Plaintiffs' list are members of international terrorist organizations without known addresses (some of whom are actually dead), it is clear to us that many on the list are not individuals that Plaintiffs "may use." We therefore request that Plaintiffs substantially narrow their witness list.

(3) Finally, Plaintiffs' initial disclosures include dozens of current and former U.S. government officials. Most, if not all, of these current and former U.S. government officials cannot testify at deposition or trial without the written approval of the agency for which they work or worked (through "*Touhy* Requests"). The *Touhy* process can take months to resolve. As I understand it, Plaintiffs have indicated that they believe Defendants should bear the burden of initiating these *Touhy* requests in order to move forward with depositions, while Defendants have always maintained that it is Plaintiffs' responsibility to secure the government's approval for its potential witnesses to testify as there may be no need for Defendants to depose those individuals if Plaintiffs are unable to secure such approval. I have attached Clifford Chance's prior correspondence on this issue.

Thank you, and I look forward to hearing from you on these issues.

Alan


Alan R. Kabat
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington , D.C.   20009-7102
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email:  Kabat@BernabeiPLLC.com

Exhibit 1

Exhibit 2

S. Carter email to A. Kabat (Jan. 29, 2015).

# Alan Kabat

**From:** Carter, Sean [SCarter1@cozen.com]
**Sent:** Thursday, January 29, 2015 2:30 PM
**To:** Alan Kabat; Haefele, Robert; WTC[jkreindler@kreindler.com]; WTC[jgoldman@andersonkill.com]; Tarbutton, J. Scott
**Subject:** RE: MDL-1570 discovery issues

Alan:

My apologies for the delay in getting back to you.

While plaintiffs are eager to move forward with the next phases of the discovery process in earnest, the reality is that defendants' document productions are not yet complete (even putting aside for the moment that we believe there are significant gaps in the productions of the defendants who profess to have completed their productions). In particular, defendant Dallah Avco previously advised that it would not be able to complete its productions by the December 15, 2014 deadline, and proposed that the deadline be extended. In response, plaintiffs indicated that they were amenable to an omnibus extension of discovery for all parties. However, consistent with plaintiffs' position since the inception of discovery, we remain of the view that applying different deadlines for defendants engaged in discovery would be inefficient and inappropriate. As you know, the Court has endorsed plaintiffs' view on that issue on numerous prior occasions.

We understand that Dallah Avco expects to complete its document productions shortly, and would propose that defendants confer amongst themselves to identify a deadline for completion of *all* document productions. At that point, plaintiffs will be in a position to discuss appropriate deadlines for motions to compel based on the productions that have been made by the production deadline.

Although we believe the first step in this process will be to identify an appropriate revised deadline for the completion of all document productions, we should note that the deadline proposed in your email below for completion of motion practice would not be realistic, even if all defendants had completed their document productions in time. Most notably, a number of the defendants, several of whom have been in the process of identifying responsive documents for nearly a decade, made very large productions shortly before the December 15, 2014 document production deadline. The MWL and IIRO alone produced more than 100,000 pages since November, most of which are in foreign languages. Plaintiffs' review of these documents is complicated not only by their sheer volume and the variety of the languages involved, but also by the fact that many of the defendants have not produced the records in any logical sequence or order. In addition, certain of the defendants have designated their productions as confidential on a wholesale basis, a practice that is certain to complicate motion practice and is not authorized by the governing confidentiality and protective order.

Once the defendants have indicated when their document productions will be complete, we will be in a better position to address the additional issues you raised concerning witness lists and depositions.

Thanks.

---

**From:** Alan Kabat [mailto:kabat@bernabeipllc.com]
**Sent:** Friday, January 16, 2015 1:21 PM
**To:** Haefele, Robert; Carter, Sean; WTC[jkreindler@kreindler.com]; WTC[jgoldman@andersonkill.com]; Tarbutton, J. Scott
**Subject:** MDL-1570 discovery issues

1

Exhibit 2

Dear counsel,

I write on behalf of the defendants currently in discovery, regarding several discovery issues.

(1) We need to schedule the next step, *i.e.*, a deadline for review of the documents and filing of motions to compel. Given that document production was completed in December, we agree that there should be some time for all parties to complete the review of the documents, and additional time for briefing motions to compel. Defendants propose a three-month period for both plaintiffs and defendants to complete their review of the other side's production and for briefing motions to compel, *i.e.*, by March 31, 2015. The parties could then plan on starting depositions as early as May 2015.

(2) We also want to reinitiate our discussions regarding Plaintiffs' witness list and those witnesses' availability for depositions. Plaintiffs' amended initial disclosures (filed on December 31, 2010) listed hundreds of individuals with "relevant discoverable information." Under Rule 26(a), this list should be limited to only those individuals likely to have discoverable information that Plaintiffs "may use to support [their] claims or defenses." Given the number of individuals listed, and the fact that many on Plaintiffs' list are members of international terrorist organizations without known addresses (some of whom are actually dead), it is clear to us that many on the list are not individuals that Plaintiffs "may use." We therefore request that Plaintiffs substantially narrow their witness list.

(3) Finally, Plaintiffs' initial disclosures include dozens of current and former U.S. government officials. Most, if not all, of these current and former U.S. government officials cannot testify at deposition or trial without the written approval of the agency for which they work or worked (through "*Touhy* Requests"). The *Touhy* process can take months to resolve. As I understand it, Plaintiffs have indicated that they believe Defendants should bear the burden of initiating these *Touhy* requests in order to move forward with depositions, while Defendants have always maintained that it is Plaintiffs' responsibility to secure the government's approval for its potential witnesses to testify as there may be no need for Defendants to depose those individuals if Plaintiffs are unable to secure such approval. I have attached Clifford Chance's prior correspondence on this issue.

Thank you, and I look forward to hearing from you on these issues.

Alan

Alan R. Kabat
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington , D.C.   20009-7102
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email:  Kabat@BernabeiPLLC.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box.  This message may be attorney-client communication, and as such, is privileged and confidential.  Do NOT forward this message to any third party.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Exhibit 2

Exhibit 3

A. Kabat letter to S. Carter (Feb. 11, 2015).

# BERNABEI & WACHTEL, PLLC

ATTORNEYS AT LAW

1775 T STREET, N.W.

WASHINGTON, D.C. 20009

LYNNE BERNABEI
DAVID WACHTEL
ALAN R. KABAT

202.745.1942
FAX: 202.745.2627
WWW.BERNABEIPLLC.COM

PETER M. WHELAN
LAUREN R. S. MENDONSA
MATTHEW E. RADLER▲
KAREN TANENBAUM

▲ADMITTED IN VA ONLY

<u>By Electronic Mail</u>
February 11, 2015

Sean Carter, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

    Re:  *In re Terrorist Attacks*, MDL No. 03-1570.

Dear Sean:

    Thank you for your response regarding our request to set the upcoming deadlines for discovery, *i.e.*, for completing the review of documents and briefing of motions to compel.

    In your response, you stated that plaintiffs' position was that as long as one defendant (Dallah Avco) was still conducting its review and production of documents, plaintiffs would not agree to setting any deadline for the remaining defendants.

    As you know, Dallah Avco has already produced 995 pages of documents in 2014, and an additional 346 pages of documents in late January 2015, specifically relating to Omar al Bayoumi, for a total of 1,341 pages. As Mr. Kry explained in his January 13, 2015 email to you, while Dallah Avco is reviewing the "general and administrative ANSS files," the vast majority of what remains are personnel files for individuals other than Mr. al Bayoumi. In other words, the remaining files are unlikely to be responsive to the document requests or relevant to the claims and defenses in this litigation. Therefore, while Dallah Avco may be producing a few more documents, plaintiffs have already received the majority, if not the entirety, of documents that relate to Mr. al Bayoumi. Dallah Avco will produce anything responsive and non-privileged if and when it is located, but there is no reason to delay the case schedule on that account. Finally, information about Mr. al Bayoumi (and Dallah Avco in general) is not relevant to the

Exhibit 3

Sean Carter, Esquire
February 11, 2015
Page 2 of 2

remaining defendants who are currently in either merits or personal jurisdiction discovery, given that plaintiffs have not alleged any coordinated acts between Dallah Avco and Mr. al Bayoumi, on the one hand, and the remaining defendants in discovery, on the other hand.  Thus, plaintiffs do not need to wait for any stray documents from Dallah Avco in order to move forward with discovery as to the remaining defendants in discovery.  Similarly, to the extent that other defendants may supplement their document production – as they are required to do under Rule 26(e)(1)(A) – that is no reason to postpone moving forward with motions practice.

      Therefore, the defendants in discovery see no reason to postpone setting the future discovery deadlines – completing the review of documents and briefing of motions to compel.  We renew our request that plaintiffs provide a substantive response to our proposal.  We remain willing to discuss the parameters of the briefing schedule for motions to compel.  If we do not hear from you by next Tuesday (February 17), then we will submit a letter application to Magistrate Judge Maas, in order to propose a briefing schedule, and we will request that if the Court desires to hold a status conference on this letter application, that it be set by the end of this month or early March.

                                  Sincerely,

                                  */s/ Alan*

                                Alan R. Kabat

cc:  MDL-1570 counsel
      (by e-mail)

Exhibit 3

Exhibit 4

R. Haefele email to A. Kabat (Mar. 5, 2015).

# Alan Kabat

| | |
|---|---|
| **From:** | Haefele, Robert [rhaefele@motleyrice.com] |
| **Sent:** | Thursday, March 05, 2015 3:36 PM |
| **To:** | Alan Kabat |
| **Cc:** | Carter, Sean; Tarbutton, J. Scott; Goldman, Jerry S.; WTC[jkreindler@kreindler.com]; WTC[amaloney@kreindler.com]; Flowers, Jodi |
| **Subject:** | RE: MDL 1570, draft letter to MJ Maas |

Alan –

We can discuss the timing of your proposal, but you will recall that on our call on February 23, 2015, we indicated that plaintiffs would need some additional lead time to address your proposal, so I do not anticipate by Friday being workable.  But even more to the point, based on discussions with other defense counsel after that call, we do not think we will be in a position to respond to your proposal until after you have provided the additional information that you are collecting from the other defendants based on our discussion on February 23.  We suggest that, after you have provided us with the requested information, we continue the meet and confer process to see what agreements we might be able to reach.

You will recall that during the PECs' meet and confer with you on February 23, 2015, where you and counsel for DIB attended the call, plaintiffs indicated concern that many of the defendants had not completed their productions.  We proposed that you poll each of the defendants and ask them to state whether or not they had completed their respective document productions and, if not, when they anticipated being able to complete them.  Although we had understood that you were on the call for the DEC and that the other defendants had been invited to be on the call (as DIB was), during the call you took the position that the question as to whether each of the defendants (or even whether a number of the defendants) had not completed their productions was a defendant-by-defendant issue that plaintiffs should raise with each of the individual parties.  At the time we concluded that phone call, we understood that you would not ask the other defendants for the information that we had requested.

We were pleased to learn that, since our call on February, it seems that we had convinced you that the approach we had suggested – for you to poll the other defendants for information about whether they have completed their production and when it might be completed – is the proper approach.

On a separate meet and confer call on February 27, 2015, with counsel for WAMY (Omar and Fred), based on your insistence that we approach each defendant separately, we asked them to tell us whether WAMY was finished its document production.  One the one hand, they explained that their response for WAMY was not a simple "yes" or "no" answer.  On the other hand, and in contrast to your position, they insisted that the issue was a global issue that was properly addressed in a global manner and assured us that they had already provided a "comprehensive" answer to you as part of a response you were putting together to respond to our inquiry during the February 23 meet and confer.

Inasmuch as you are collecting the information that we requested and apparently plan to provide a comprehensive response to the inquiry we raised at our meet and confer, we do not anticipate being able to respond to your proposal until after you provide the requested information and we have all had an opportunity to complete our meet and confer.  In short, we view the meet and confer process as being incomplete until after you have provided the information that we sought during the meet and confer.  Further, if you were to wait to

Exhibit 4

provide the information after a motion has been filed (or not at all), we would view that as frustrating the efficient and just resolution of our discovery disputes.

So, while we remain open to discussing a schedule for responding to your proposal, we would ask that you provide us with the information that you have collected from polling the other defendants, or tell us a time frame when you anticipate providing us with that information.

Regards,

Robert Haefele
For the PECs

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | rhaefele@motleyrice.com
**o.** 843.216.9184 | **c.** 843.834.1951 | **f.** 843.216.9450

---

**From:** Alan Kabat [mailto:kabat@bernabeipllc.com]
**Sent:** Thursday, March 05, 2015 10:59 AM
**To:** Alan Kabat; Carter, Sean; Tarbutton, J. Scott; Haefele, Robert; Goldman, Jerry S.; WTC[jkreindler@kreindler.com]; WTC[amaloney@kreindler.com]
**Subject:** RE: MDL 1570, draft letter to MJ Maas


Any chance you can get a response on this by Friday?

Thanks, Alan


Alan R. Kabat
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington , D.C.   20009-7102
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email:   Kabat@BernabeiPLLC.com

The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box.  This message may be attorney-client communication, and as such, is privileged and confidential.  Do NOT forward this message to any third party.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Alan Kabat
**Sent:** Friday, February 27, 2015 2:30 PM
**To:** Carter, Sean; Tarbutton, J. Scott; Haefele, Robert; 'Goldman, Jerry S.'; WTC[jkreindler@kreindler.com]; WTC[amaloney@kreindler.com]
**Subject:** MDL 1570, draft letter to MJ Maas


Sean, Jerry, Bob, et al.,

Exhibit 4

Thank you for talking with us earlier this week.  As promised, attached is our draft letter to MJ Maas.  If we can reach agreement on some points, then we can make this a joint letter, with any remaining unresolved areas so indicated.  My colleagues and I look forward to your comments.

Please share with your colleagues who I may have left off the list.

Alan


Alan R. Kabat
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington , D.C.   20009-7102
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email:   Kabat@BernabeiPLLC.com

 The information contained in this e-mail message is intended for the personal and confidential use of the designated recipient(s) named in the address box.  This message may be attorney-client communication, and as such, is privileged and confidential.  Do NOT forward this message to any third party.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this message in error, please notify us immediately by telephone; delete this message from all your files, and return any printouts you may have made to us by regular mail.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Exhibit 5

A. Kabat letter to S. Carter & R. Haefele (Mar. 6, 2015).

**BERNABEI & WACHTEL, PLLC**

ATTORNEYS AT LAW

**1775 T STREET, N.W.**

WASHINGTON, D.C. 20009

| | | |
|---|---|---|
| **LYNNE BERNABEI** | 202.745.1942 | **PETER M. WHELAN** |
| **DAVID WACHTEL** | FAX: 202.745.2627 | **LAUREN R. S. MENDONSA** |
| **ALAN R. KABAT** | WWW.BERNABEIPLLC.COM | **MATTHEW E. RADLER**▲ |
| | | **KAREN TANENBAUM** |
| | | ▲ADMITTED IN VA ONLY |

By Electronic Mail

March 6, 2015

Sean Carter, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Robert Haefele
Motley Rice
28 Bridgeside Boulevard
Mount Pleasant, SC 29465

  Re: *In re Terrorist Attacks*, MDL No. 03-1570 (GBD) (FM).

Dear Sean and Robert:

  I write in response to your email of March 5, 2015. As a threshold matter, we have repeatedly advised you that if any defendant has produced documents in 2015, that the proposed deadline for briefing motions to compel as to those productions would be adjusted if plaintiffs had any concerns about the 2015 productions. Thus, there is <u>no</u> reason to delay any further in setting a briefing schedule for the productions made prior to 2015 – productions that already encompass over 610,000 pages, with over 65 percent produced more than seven months ago.

  Moreover, as we have advised you, if any party (whether plaintiff or defendant) comes across overlooked documents, or obtains new documents not available at the time of its prior productions, that party has the unfettered right under Rule 26(e)(1)(A) to supplement its production as needed.

  That said, I have canvassed the other defense counsel and can confirm that of the defendants currently in discovery, all but one have completed their production, and one other defendant will be supplementing its production.

Exhibit 5

Sean Carter, Esquire
Robert Haefele, Esquire
March 6, 2015
Page 2 of 2

      AHIF-USA has already produced over 80,000 pages of documents through September 2013.  There are some court filings subsequent to that date and other public records, and I will be supplementing our production shortly, pursuant to Rule 26(e)(1)(A), although I suspect that you already have those court filings.

      As you know, Dallah Avco has already produced what it believes to be the substantial majority of responsive documents.  Dallah Avco is still in the process of reviewing certain files from an offsite storage facility at Dallah City, a process that was delayed by difficulties retrieving the documents.  Dallah Avco has already produced the most relevant file from that facility (the "Omar al Bayoumi" file) and is continuing to process the remaining files, the vast majority of which are not expected to contain any responsive documents.

      Therefore, we reiterate our request that you promptly provide us with plaintiffs' response to the proposed schedule for motions to compel and supplementing initial disclosures as set forth in the February 27, 2015 draft letter, which encompasses our proposal during the February 23 meet-and-confer session.  There is no reason to delay any further in setting these deadlines.

      Sincerely,

      */s/ Alan*

      Alan R. Kabat

cc:  MDL-1570 counsel
    (by e-mail)

Exhibit 5

Exhibit 6

R. Haefele letter to A. Kabat (Mar. 11, 2015).

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

March 11, 2015

Alan R. Kabat, Esq.
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Alan:

    We write in response to your letter of March 6, 2015.

    While we appreciate the efforts you have undertaken to canvas the defendants concerning the status of their productions, the representations made in your letter are in tension with statements made by counsel for WAMY concerning the status of WAMY's production during our recent meet and confer. During that call, we specifically and repeatedly asked WAMY's counsel whether their clients had completed their productions, and they responded that the answer was not a simple "yes" or "no." WAMY's counsel indicated that they had provided you with a full statement on the matter, for presentation to the plaintiffs along with similar statements from other of the defendants. They advised that you would provide that information, and, for that reason, declined to explain the status of their production. We simply cannot reconcile those statements with the representations in your letter, and also do not understand why you have not provided the substantive responses provided to you by the individual defendants. As we have indicated, we believe this information is relevant to our evaluation of the appropriate timeline and structure for further discovery proceedings.

    Our position on this point is further informed by the significant discrepancies between the content of the productions we have received to this point, and the scope and nature of the materials several of the defendants indicated we would be receiving. For instance, WAMY SA represented to both plaintiffs and the Court that more than 120,000 pages of documents responsive to plaintiffs' discovery requests had been assembled in a room in Saudi Arabia for

Exhibit 6

Alan R. Kabat, Esq.
March 11, 2015
Page 2

---

review by plaintiffs. The Court thereafter directed WAMY to produce those records to plaintiffs in the United States. However, since the issuance of that order, plaintiffs have received only about 50,000 pages of documents from WAMY SA (excluding certain FOIA materials), leaving a discrepancy of 70,000 pages between the responsive materials WAMY represented would be produced and what has actually been provided.

Similarly, counsel for the MWL and IIRO advised plaintiffs during the course of discovery that the government of Saudi Arabia had designated certain of those defendants' responsive documents to be "governmental" in nature, and advised that the defendants were working to secure the approval of the government to produce those documents. It is our understanding that the government of Saudi Arabia may have taken possession of these documents. To this point, we have seen no evidence that this collection of documents has been produced to the plaintiffs.

Further, based on the productions received to date, it is unclear whether certain of the discovery defendants remain active participants in this litigation. To the extent certain defendants have decided to no longer participate, that fact would be a relevant consideration in evaluating an appropriate schedule going forward.

For these and other reasons, we believe it more than reasonable to request that the Defendants' Executive Committee ask each of the defendants to provide a statement as to whether it has completed production of all responsive documents and that these statements be provided to the plaintiffs. We would ask that these statements address whether the responding defendant believes that any responsive materials are now in the possession of any third-party, including any government actor, or whether the production of any responsive materials has been delayed by or is subject to the approval of any third party, including any government actor. Finally, given that Dallah Avco acknowledges that it has not yet completed its production of responsive documents, we would request that Dallah Avco identify the date by which it expects to have completed its production, so that we can consider that timing in evaluating an appropriate schedule for further discovery proceedings as well.

In closing, we would reiterate that we have made a simple request for basic information that we believe is relevant to the evaluation of an appropriate schedule for further discovery processes. We had expected to be able to discuss these issues on a comprehensive basis during the February 23 conference call we set for purposes of addressing the further scheduling issues, and counsel for all of the principal plaintiffs' groups participated in that call to ensure we could have an effective dialogue. Unfortunately, counsel for many of the defendants did not participate in that call, to the surprise of plaintiffs' counsel, and you represented that you could not speak on their behalves as to the status of their clients' productions or their commitment to any schedule, making clear that they would be free in your view to object to any schedule and structure we might attempt to negotiate. That approach is not in our view consistent with the letter or spirit of the Court's Order establishing the Defendants' Executive Committee, and has necessitated our request for a formal statement from the individual defendants on the status of their productions.

Exhibit 6

Alan R. Kabat, Esq.
March 11, 2015
Page 3

---

As it appears that certain of the defendants have already provided such statements to you, we are struggling to understand why they have not simply been passed on to us.

Please advise whether you will agree to provide the requested information.

        Sincerely,

        Sean P. Carter
        THE MDL 1570 PLAINTIFFS' EXECUTIVE
        COMMITTEES


cc:    Members of Plaintiffs' Executive Committees (via Email)
        Members of Defendants' Executive Committee (via Email)


LEGAL\22102615\1 00000.0000.000/117430.000

Exhibit 6