**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                              )
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001  ) No. 03 MDL 1570 (GBD/FM)
                                                              )           ECF Case
_____)

**Second Notice of Supplemental Authority in Support of
Defendant's Response to Plaintiffs' Affidavits and Time Records**

Defendant Al Haramain Islamic Foundation, Inc. (USA), through undersigned counsel, respectfully submits its Second Notice of Supplemental Authority.

**I.     Plaintiffs' Misrepresentations Regarding "Contemporaneous" Time Records.**

As set forth in Defendant's Response (ECF No. 2864) (May 29, 2014), it was not until <u>after</u> Plaintiffs submitted their affidavits and time records that they admitted, for the first time, that the attorneys at the Kreindler & Kreindler law firm did <u>not</u> keep any contemporaneous time records, directly contrary to Plaintiffs' representations to this Court in both their fee petition and at the April 24, 2014 status conference. The information that the Plaintiffs submitted also confirms that the paralegal ("researcher") at that firm reconstructed the substance of his time records months or years later, and that two other law firms "edited" or massaged their time records in order to conceal inconsistencies or to enhance the substance of the entries.

Defendant's (first) Notice of Supplemental Authority (ECF No. 2868) (June 9, 2014) and the Reply Brief (ECF No. 2876) (June 20, 2014), addressed the Second Circuit's decision, *In re World Trade Center Disaster Site Litigation*, 754 F.3d 114, 126-27 (2d Cir. 2014), which held that Judge Hellerstein properly denied plaintiffs' counsel a contingency fee for the "Bonus Payment" – in part because counsel did <u>not</u> keep contemporaneous time records.

Since the first Notice, both the Second Circuit and other judges in this district have consistently held that fee petitions should be denied in the absence of contemporaneous time

1

records.  *See Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014) (requiring district court "to determine whether Mishkin kept sufficiently detailed contemporaneous records as to be eligible for a fee award under *Carey*"); *Kottwitz v. Commissioner of Social Security*, No. 14-CV-02677 (PGG)(SN), 2015 WL 293821, at *2 (S.D.N.Y. Jan. 16, 2015) ("The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records.  The requirement that attorneys support their fee requests with contemporaneous time records is a 'hard-and-fast-rule' with only rare exceptions.") (citing *N.Y. State Ass'n v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) and quoting *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011)); *id.* at *4 ("Counsel has conceded that he did not comply with the law, and his efforts to recreate a record of time spent are unavailing."); *Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906 (HBP), 2014 WL 4996248, at *8 (S.D.N.Y. Oct. 7, 2014) (denying fee petition since "plaintiffs, however, have not submitted the requisite contemporaneous time records"); *Keystone Global LLC v. Auto Essentials Inc.*, No. 12 Civ. 9077 (DLC)(GWG), 2014 WL 4897104, at *6 (S.D.N.Y. Oct. 1, 2014) ("no attorney's fees should be awarded here because counsel has neither supplied contemporaneous time records nor supplied any evidence that the hours sought are based on such records"), *report adopted*, 2015 WL 224359 (S.D.N.Y. Jan. 16, 2015); *Richemont International S.A. v. Montesol OU*, No. 11 Civ. 9322 (JGK)(HBP), 2014 WL 3732887, at *11 (S.D.N.Y. May 13, 2014) (recommending denial of fee petition due to absence of contemporaneous time records), *report adopted*, 2014 WL 3732919 (S.D.N.Y. July 29, 2014); *Vangas v. Montefiore Medical Center*, No. 11 Civ. 6722 (ER), 2014 WL 5786720, at *7 (S.D.N.Y. Nov. 5, 2014) (denying fee petition due to absence of contemporaneous time records).

Here, too, not only did Plaintiffs' counsel from at least one law firm fail to keep contemporaneous time records, but also Plaintiffs' counsel failed to inform this Court, until the very last minute and only <u>after</u> this Court directed them to provide affidavits and time records, that there were no contemporaneous time records for that firm, after repeatedly misrepresenting to this Court that their fee petition was based on contemporaneous time records.

Under the aforementioned case law, and for the reasons set forth in Defendant's Response (ECF No. 2864) (May 29, 2014), this Court would be justified in striking or substantially reducing Plaintiffs' Fee Petition, and in granting such other relief as warranted under both Section 1927 and the Court's inherent powers.

## II.   **Subsequent Case Law Requiring Substantial Reductions in Fee Petitions.**

Even if this Court were to ignore Plaintiffs' misrepresentations regarding the "contemporaneous" time records, it must still strike or substantially reduce the time and rates sought by Plaintiffs' counsel, given their limited success, overbilling, double-billing, excessive rates, and the improper demand for a lodestar enhancement, as Defendant has previously briefed. *See* Def. Opp., Mem. of Law, at 5-20 (ECF No. 2835-2836) (Feb. 14, 2014) (collecting cases).

Two recent decisions from this jurisdiction have confirmed that substantial reductions were required in Rule 37 discovery disputes for overbilling or excessive rates.  Magistrate Judge Ellis held that an across-the-board 80 percent reduction in the hours sought was required for a discovery dispute due to the movant's overbilling.  *KGK Jewelry LLC v. ESDNetwork*, No. 11-cv-9236 (LTS)(RLE), 2015 WL 899016, at *3-*4 (S.D.N.Y. Mar. 3, 2015).  Similarly, Magistrate Judge Pitman held that an overall reduction of 77 percent was required in a discovery dispute, due to both overbilling and excessive rates.  *SEC v. Yorkville Advisors, LLC*, No. 12 Civ. 7728 (GBD)(HBP), 2015 WL 855796 (S.D.N.Y. Feb. 27, 2015).  These substantial reductions

were required due to excessive hourly rates and overbilling; if those decisions also had to address double-billing, limited success, and an improper demand for a lodestar enhancement, as here, then an even greater reduction or striking the fee petition entirely would have been warranted.

## CONCLUSION

For the foregoing reasons, and as previously briefed, *see* Defendant's Opposition (ECF No. 2835-2836) (Feb. 14, 2014), Defendant's Response (ECF No. 2864) (May 29, 2014), Notice of Supplemental Authority (ECF No. 2868) (June 9, 2014), and Reply Brief (ECF No. 2876) (June 20, 2014), this Court would be justified in striking the Fee Petition, and in granting such other relief as warranted under both Section 1927 and the Court's inherent powers.

Respectfully submitted,

*/s/ Lynne Bernabei*
_____
Lynne Bernabei (LB2489)
Alan R. Kabat (AK7194)
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(202) 745-1942
*Attorneys for Al Haramain Islamic Foundation, Inc. (USA)*

DATED:  March 23, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2015, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

/s/ Alan R. Kabat
_____
Alan R. Kabat