# Exhibit E



Robert K. Kry
MoloLamken LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.536.2011
rkry@mololamken.com
www.mololamken.com

December 10, 2014

Sean P. Carter
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000
SCarter1@cozen.com

BY EMAIL

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-01570-GBD-FM (S.D.N.Y.)

Dear Sean:

We are writing with respect to Dallah Avco's document production and the impending December 15, 2014, production deadline.

As you know, Dallah Avco has made significant progress in its document search and production efforts since the Presidency of Civil Aviation authorized Dallah Avco on September 3, 2014, to produce documents otherwise covered by Saudi Royal Decree No. M/35, the Penal Law on Dissemination and Disclosure of Classified Information and Documents.  Since then, Dallah Avco has made three productions of documents, on September 30, October 16, and November 11.  Dallah Avco also expects to make one further production before the December 15 deadline.  Those documents include materials relating to Omar Al Bayoumi that had previously been collected by Dallah Avco and listed on its privilege log, as well as additional documents that were more recently located through a search of several document custodians at Dallah Avco's headquarters at Dallah Tower in Saudi Arabia.

As explained in our September 19, 2014, letter to Judge Maas, in order to ensure a diligent and thorough search, Dallah Avco also determined that it should retrieve certain ANSS project files that it had previously moved to an offsite storage facility in Dallah City many years ago.  That effort proved to be very difficult because, although Dallah Avco did not anticipate these problems when it first sent the files to storage, over the years other companies used the facility as a "dumping area" for old files, office furniture, and the like.  Accordingly, retrieval of the ANSS files has required, and continues to require, significant effort.

In order to retrieve those files, Dallah's legal department obtained an additional allocation of budget authority, assigned staff to work full-time on the retrieval project, and allocated additional office space in which to store the retrieved files.  Currently, there are three

full-time employees and five temporary laborers working on the retrieval project under the direction of Dallah's legal department. Those staff are in addition to the Dallah attorneys working on other aspects of document production, such as the Dallah Tower search, which include Dallah Albaraka's general counsel, Dallah Avco's outside Saudi counsel, and two other lawyers in Dallah's in-house legal department — not to mention Dallah Avco's outside U.S. litigation counsel. Further, in order to process the retrieved ANSS files efficiently, Dallah Avco is in the process of engaging a document management firm to scan and process the retrieved files so they can be searched electronically.

As indicated in our September 19, 2014 letter, Dallah Avco does not expect to be able to complete review and production of the Dallah City files by December 15. Although Dallah Avco believes that it has substantially completed the process of retrieving from the storage facility the ANSS manpower project files that may contain responsive information, further time is necessary for the document management firm to scan the materials, for counsel to run search terms against the database, and for counsel to review the resulting documents for responsiveness and privilege.

We believe that the most efficient and reasonable approach for both parties would be for Dallah Avco to continue with its current approach and to produce any responsive, non-privileged documents to you as soon as possible on a rolling basis. However, if you insist on having access to the materials before the December 15 production deadline, Dallah Avco is willing to make the retrieved ANSS files available for you to inspect in Dallah City, Saudi Arabia. *See Five Borough Bicycle Club v. City of New York*, No. 07 Civ. 2448, 2008 WL 704209, at *1-2 (S.D.N.Y. Mar. 10, 2008) (defendant may satisfy production obligations by making files available for inspection even if "inconvenient to the plaintiffs"); *Natural Resources Defense Council, Inc. v. Fox*, No. 94 Civ. 8424, 1996 WL 497024, at *5 (S.D.N.Y. Aug. 30, 1996) (defendants "fully satisfie[d]" production obligations by "mak[ing] the documents available at their offices for inspection and copying"); *McCafferty v. Lindblad Travel, Inc.*, No. 90 Civ. 1946, 1991 WL 8509, at *1 (S.D.N.Y. Jan. 22, 1991) (similar). Such inspection would of course be subject to the terms of the clawback provision in the governing protective order and to other reasonable conditions to be agreed upon by the parties.

Please let us know if you have any questions.

Sincerely,

Robert Kry