**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| *In Re* Terrorist Attacks on September 11, 2001 | ) <br> ) No. 03 MDL 1570 (GBD/FM) <br> )            ECF Case <br> ) |

### Third Notice of Supplemental Authority in Support of
### Defendant's Response to Plaintiffs' Affidavits and Time Records

Defendant Al Haramain Islamic Foundation, Inc. (USA), through undersigned counsel, respectfully submits its Third Notice of Supplemental Authority.

**Plaintiffs' Misrepresentations Regarding "Contemporaneous" Time Records.**

As set forth in Defendant's Response (ECF No. 2864) (May 29, 2014), it was not until <u>after</u> Plaintiffs submitted their affidavits and time records that they admitted, for the first time, that the attorneys at the Kreindler & Kreindler law firm did <u>not</u> keep any contemporaneous time records, directly contrary to Plaintiffs' representations to this Court in both their fee petition and at the April 24, 2014 status conference. The information that the Plaintiffs submitted also confirms that the paralegal ("researcher") at that firm reconstructed the substance of his time records months or years later, and that two other law firms "edited" or massaged their time records in order to conceal inconsistencies or to enhance the substance of the entries.

Defendant's (first) Notice of Supplemental Authority (ECF No. 2868) (June 9, 2014) and the Reply Brief (ECF No. 2876) (June 20, 2014), addressed the Second Circuit's decision, *In re World Trade Center Disaster Site Litigation*, 754 F.3d 114, 126-27 (2d Cir. 2014), which held that Judge Hellerstein properly denied plaintiffs' counsel a contingency fee for the "Bonus Payment" – in part because counsel did <u>not</u> keep contemporaneous time records.

Defendant's Second Notice of Supplemental Authority (ECF No. 2940) (Mar. 23, 2015), addressed several subsequent decisions, including the Second Circuit's decision, *Marion S.*

1

*Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014), which required the district court (Judge Hellerstein), in the World Trade Center litigation, "to determine whether Mishkin kept sufficiently detailed contemporaneous records as to be eligible for a fee award under *Carey*."

Judge Hellerstein has now issued a decision on remand from the Second Circuit's 2014 decision. *In re World Trade Center Disaster Site Litigation*, No. 1:21-mc-100 (AKH), Order (ECF No. 3227) (May 20, 2015) (attached hereto as Exhibit A). In that litigation, the plaintiff's attorney originally filed a fee petition seeking $1,876,104.36. *Id.* at 2. After Judge Hellerstein denied that fee application in 2012, and after the Second Circuit dismissed her appeal, the plaintiff's attorney "filed a renewed fee application in the amount of $418,995." *Id.* Judge Hellerstein denied the renewed fee application in 2013 "because it was not supported by contemporaneous records" and improperly sought fees for non-compensable work. *Id.* The Second Circuit, in the aforementioned 2014 decision, remanded for a determination of whether the plaintiff's attorney "kept sufficiently detailed contemporaneous records as to be eligible for a fee award." *Id.* at 3 (quoting *Marion S. Mishkin Law Office*, 767 F.3d at 150).

The plaintiff's attorney then submitted a third version of her fee application, seeking $302,620 in fees and $999.93 in costs, for a total of $303,619.93. *Id.* at 4. However, Judge Hellerstein found that the plaintiff's attorney <u>still</u> had not submitted contemporaneous time records, and instead had improperly "reconstructed" her time, long after the fact. *Id.* at 4-6. Since the Second Circuit requires contemporaneous documentation, *i.e.*, "the date, the hours expended, and the nature of the work done," *id.* at 5 (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)), Judge Hellerstein held that the plaintiff's attorney "has not submitted contemporaneous time records sufficient to entitle her to a fee under *Carey*. *Id.* at 6. However, Judge Hellerstein did recognize that this attorney

2

"performed some amount of work and incurred costs," so he awarded her $48,000, *id.* at 6, which is 15.8 percent of her third fee petition, or only 2.5 percent of her original fee petition.

* * *

Here, too, not only did Plaintiffs' counsel from at least one law firm fail to keep contemporaneous time records, but also Plaintiffs' counsel failed to inform this Court, until the very last minute and only <u>after</u> this Court directed them to provide affidavits and time records, that there were no contemporaneous time records for that firm, after repeatedly misrepresenting to this Court that their fee petition was based on contemporaneous time records.

Plaintiffs' counsel collectively knew or had to have known that at least one firm did not maintain contemporaneous time records, yet they jointly signed submissions to this Court, and made representations to this Court at the motions hearing, which falsely represented that their fee petitions were based on contemporaneous time records.

## CONCLUSION

For the foregoing reasons, and as previously briefed, *see* Defendant's Opposition (ECF No. 2835-2836) (Feb. 14, 2014), Defendant's Response (ECF No. 2864) (May 29, 2014), Notice of Supplemental Authority (ECF No. 2868) (June 9, 2014), Reply Brief (ECF No. 2876) (June 20, 2014), and Second Notice of Supplemental Authority (ECF No. 2940) (Mar. 23, 2015), this Court would be justified in striking the Fee Petition, and in granting such other relief as warranted under both Section 1927 and the Court's inherent powers.

        Respectfully submitted,

        */s/ Lynne Bernabei*

        _____
        Lynne Bernabei (LB2489)
        Alan R. Kabat (AK7194)
        Bernabei & Wachtel, PLLC
        1775 T Street, N.W.
        Washington, D.C. 20009-7102
        (202) 745-1942
        *Attorneys for Al Haramain Islamic Foundation, Inc. (USA)*

DATED:  May 22, 2015

5

## CERTIFICATE OF SERVICE

    I hereby certify that on May 22, 2015, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

                                                    /s/ Alan R. Kabat
                                                    _____
                                                    Alan R. Kabat