Case 1:21-mc-00100-AKH   Document 3227   Filed 05/20/15   Page 1 of 9

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/20/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
IN RE WORLD TRADE CENTER DISASTER                            :   **ORDER GRANTING IN PART**
SITE LITIGATION                                              :   **SECOND RENEWED**
                                                             :   **APPLICATION FOR**
                                                             :   **ATTORNEYS' FEES AND**
                                                             :   **COSTS**
                                                             :
                                                             :   21 MC 100 (AKH)
                                                             :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Following remand from the Second Circuit Court of Appeals, the Marion S. Mishkin Law Office ("Mishkin") renews its application for costs and fees arising from its role as co-liaison counsel for plaintiffs alleging non-respiratory injuries sustained during work performed at the World Trade Center site following September 11, 2001. The Court of Appeals remanded the issue of whether Mishkin maintained sufficiently detailed contemporaneous records to support an application for costs and fees. I conclude that, although Mishkin failed to maintain sufficiently detailed contemporaneous records to justify her fee application, she is entitled to compensation in the amount of $48,000 for her work and expenditures. I therefore grant her application in part.

**I.      Procedural Background**

        On May 21, 2008, I appointed Mishkin liaison counsel for plaintiffs alleging non-respiratory injuries arising from their work at the World Trade Center site following the terrorist attacks of September 11, 2001. On August 28, 2008, Mishkin was removed as liaison counsel until her reinstatement pursuant to orders dated April 3, 2009 and June 23, 2009 (together, the "Reinstatement Orders"). *See* Plaintiffs' Co-Liaison Counsel Order, No. 21 MC 100, ECF No. 1224 (S.D.N.Y. Apr. 3, 2009); Case Management Order No. 1, No. 21 MC 100, ECF No. 1386 (S.D.N.Y. June 23, 2009). The Reinstatement Orders delineated the specific administrative tasks for which Mishkin, as liaison counsel, would be responsible and for which she would be entitled to

1

compensation from individual plaintiffs' counsel benefited by such tasks. Specifically, Mishkin was responsible for conferring with individual plaintiffs' counsel regarding court-ordered procedures and schedules, distributing orders and documents from the Court and opposing parties and counsel, filing and serving joint pleadings and communications, and proposing future case management procedures and orders. *See id.* at 3-4.

On January 23, 2012, Mishkin submitted a fee application seeking $1,876,104.36 in total fees and costs arising from this administrative role. *See* Application in Support of Request for Order Awarding Counsel Fees and Expenses, No 21 MC 100, ECF No. 2739 (S.D.N.Y. Jan. 23, 2012). On September 13, 2012, I denied the fee application because it sought fees for work done during the time Mishkin was not appointed liaison counsel and for duties not assigned in the Reinstatement Orders. *See* Summary Order, No. 21 MC 100, ECF No. 2888 (S.D.N.Y. Sept. 13, 2012). After Mishkin's appeal was dismissed by the Second Circuit Court of Appeals on April 16, 2013, she filed a renewed fee application in the amount of $418,995, excluding, she said, the period of time she was not appointed as liaison counsel. *See* Motion for Attorneys' Fees, No. 21 MC 100, ECF No. 3022 (S.D.N.Y. Apr. 26, 2013).

On June 11, 2013, I denied Mishkin's renewed fee application because it was not supported by contemporaneous records and sought fees for work beyond the scope of her appointment as liaison counsel. *See* Order, No. 21 MC 100, ECF No. 3064 (S.D.N.Y. June 11, 2013). Mishkin appealed that Order and, on August 26, 2014, the Second Circuit Court of Appeals reversed my ruling. *See Marion S. Mishkin Law Office v. LoPalo*, 767 F.3d 144 (2d Cir. 2014). The Court of Appeals held that Mishkin was not entitled to fees for the period of time she was not formally appointed as liaison counsel. *See id.* at 148. However, the Court of Appeals noted that Mishkin's attorney reported to the District Court at argument that:

> [W]hile Mishkin did not track her time on a computer, "[e]verything was time-stamped when she did it. She just had to go back and review. There was

2

no recording made of it such as we would have to print out from a computer program, for example, a time record or an entry-keeping program. But she did have everything time-stamped."

*Id.* at 149. Accordingly, the Court of Appeals ruled that my finding was clearly erroneous and remanded for a determination "whether Mishkin kept sufficiently detailed contemporaneous records as to be eligible for a fee award." *Id.* at 150.

Upon remand, Mishkin and various attorneys who were potentially liable to her for her fee commenced settlement discussions. When it became clear that such discussions were not productive, I ordered Mishkin to renew her fee application, attach contemporaneous records sufficient to support her application, and name the law firms that would be liable for the amount. *See* Order Regulating Issues on Remand, No. 21 MC 100, ECF No. 3204 (S.D.N.Y. Mar. 18, 2015). Mishkin filed her second renewed fee application on April 24, 2015, naming 14 law firms,[1] which together represented 16 plaintiffs, whom she considered liable to her for fees reflective of her work. Three opposition briefs have been filed on behalf of eight law firms.[2]

## II. Applicable Law

Attorneys whose work creates a common benefit to other parties are generally entitled to a fee and reimbursed costs. *See generally Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 166-67 (1939). A federal district court "is vested with broad discretion in determining the amount and distribution of the fee award." *Smiley v. Sincoff*, 958 F.2d 498, 501 (2d Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In making the determination, the district court should "include the number of hours claimed by plaintiffs' attorneys that are supported by time

---

[1] The named law firms are listed in the attached appendex and include the following: Ressler & Ressler, Canale & Kalathara, Esq., Antin Ehrlich & Epstein LLP, Rappaport Glass Levine & Zullo LLP, Bartlett McDonough & Monaghan LLP, Segan Nemerov & Singer PC, Smiley & Smiley LLP, Andrea Towsky, Esqs., Jaroslawicz & Jaros LLC, Steven L. Barkan PC, Michael F.X. Ryan, Esq., Law Office of Leonard J. Linden, Joel Myron Lutwin, Esq., and Decolator Cohen Diprisco LLP.

[2] Two opposition briefs, representing the views of seven of the law firms, concede that Mishkin is entitled to some fee but argue that the documents submitted in support are insufficient to justify her application. The third opposition argues only that the fee application should be denied for Mishkin's failure to support it with contemporaneous records.

3

records, that are not excessive or duplicative, and that do not reflect work done only in connection with unrelated claims." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998). Furthermore, applications for fees must be supported by contemporaneous records. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) ("[C]ontemporaneous time records are a prerequisite for attorney's fees in this Circuit."). Such records "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* at 1148.

### III. Discussion

Mishkin seeks a fee in the amount of $302,620 and costs in the amount of $999.93. In support of this application, Mishkin has submitted a "Schedule of Liaison Counsel Work" (the "Fee Schedule"), which is a record of time expended on various tasks reconstructed from various documents generated at or around the time the work was completed. *See* Decl. Supp. Renewed Request Court Appointed Liaison Counsel Fees Expenses ("Mishkin Decl.") ¶¶ 11-13. In support of this reconstructed Fee Schedule, Mishkin attaches four exhibits, none of which constitute "contemporaneous time records" as required by the Second Circuit Court of Appeals. The first exhibit is a list of documents, presumably related to the September 11th litigation, and including the document name, size, type, and date last modified. *See id.* ¶ 14(a), Exh. I. The second exhibit consists of another list of documents purportedly generated during the litigation, containing similar information as the first set. *See id.* ¶ 14(b), Exh. II. The third exhibit appears to be a list of e-mail correspondence organized into various folders, providing the sender name, subject, date sent, and size. *See id.* ¶ 14(c), Exh. III. The final exhibit is a list of charges incurred through the use of PACER, the public access database of court filings. *See id.* ¶ 14(d), Exh. IV.

These records are deficient in numerous ways. The records do not indicate how much time was spent on each item, what specific task was accomplished, when it was

4

accomplished, or even whether Mishkin generated a particular document herself or merely saved it to her computer after it was sent to her from another firm. Neither do the records clearly distinguish between work done on behalf of all plaintiffs pursuant to her administrative role as liaison counsel, and work done on behalf of her own clients. The records are not contemporaneous notations that memorialize "the date, the hours expended, and the nature of the work done," *Carey*, 711 F.2d at 1148, but, rather, lists of documents, emails, and charges related generally to the September 11th litigation.

Nor is the Fee Schedule a reliable reconstruction of the time Mishkin spent performing the purported tasks. The Fee Schedule does not indicate which documents support a specific time entry, and District Courts are "not obligated to undertake a line-by-line review" of a fee application. *Lopalo*, 767 F.3d at 150. Furthermore, the Fee Schedule and supporting documentation reveal that Mishkin continues to seek compensation for work performed during the period she was removed as liaison counsel and for tasks that fall outside the scope of her appointment. For example, Mishkin was removed as liaison counsel between August 28, 2008 and April 3, 2009, but nonetheless seeks compensation for work performed on September 8-9, 2008. *See* Fee Schedule at 3. Similarly, she seeks compensation for attending court conferences, which she was required to attend for her own clients. *See, e.g., id.* at 16. Furthermore, counsel for plaintiffs, for whom she now seeks compensation, also attended the conferences and did not require her liaison service.

Mishkin also continues to seek compensation for 117.2 hours spent preparing her fee application (all expended in a single day according to the Fee Schedule), which amounts to approximately 14% of her total alleged work. As I have noted previously, the large amount of time spent preparing her fee application is further evidence that Mishkin did not have reliable and clear contemporaneous records documenting her efforts but, rather, reconstructed her time records from

5

various documents, emails, and bills generated more or less contemporaneous with the work she claims to have performed. For all of these reasons, I hold that Mishkin has not submitted contemporaneous records sufficient to entitle her to a fee under *Carey*.

Nonetheless, the records submitted, her appearances in Court, and my own recollection make it clear that Mishkin performed some amount of work, and incurred costs, which brought some degree of benefit to the other plaintiffs. While Mishkin has received some payment pursuant to individual settlements with law firms for whom she performed liaison services, an amount she does not disclose, she is entitled also to payment from the attorneys who represented the remaining 16 plaintiffs for whom she also performed such services. Clearly, Mishkin lacks the records to justify a fee based on the hours she worked. Nevertheless, she is owed something, for otherwise the plaintiffs for whom she performed liaison services would have a windfall. In the interest of justice, I award her $48,000 (or $3,000 for each of the 16 plaintiffs who have not yet paid her and who are listed in the appendix attached hereto), inclusive of her expenses.

## IV. Conclusion

For the foregoing reasons, Mishkin's application is GRANTED in part. The Clerk shall terminate the motion (Doc. Nos. 3215-18).

SO ORDERED.

Dated: New York, New York
May 20, 2015

ALVIN K. HELLERSTEIN
United States District Judge

6

Case 1:03-md-01570-GBD-SN   Document 2958-1   Filed 05/22/15   Page 7 of 9

Case 1:21-mc-00100-AKH   Document 3227   Filed 05/20/15   Page 7 of 9
Case 1:21-mc-00100-AKH   Document 3217-2   Filed 04/24/15   Page 2 of 4

Appendix

21-mc-100 (AKH) Bodily Injury, Non-Respiratory Non Ingestion Cases

| | | |
|---|---|---|
| Alves, Antonio E<br>Alves, Maria | **Bruce Jeffrey Ressler, Esq.**<br>Ressler & Ressler<br>48 Wall Street<br>New York, NY 10005<br>P (212) 695-6446<br>F (212) 268-0287 | 2005-cv-7266 |
| Appukkuttan, Narayanan | **Stanley Kalathara, Esq.**<br>Canale & Kalathara, Esqs.<br>7040 Broadway, 2nd Floor<br>Jackson Heights, NY 11372<br>P: (718) 424-2220 | 2005-cv-7186 |
| Buonamini, Anthony | **Joseph Ehrlich, Esq.**<br>**Scott Epstein, Esq.**<br>Antin Ehrlich & Epstein LLP<br>49 West 37th Street, 7th Floor<br>New York, NY 10018<br>P: (646) 233-2737<br>F (212) 221-6867 | 2005-cv-7162<br>(as consolidated) |
| Burke, Thomas | **Michael Scott Levine, Esq.**<br>Rappaport Glass Levine & Zullo LLP<br>1355 Motor Parkway<br>Hauppauge, NY 11749<br>P (631) 293-2300<br>F: (631) 293-2918 | 2005-cv-7166 |
| Campo, John | **Neil C. Mascolo, Jr., Esq.**<br>Bartlett McDonough & Monaghan LLP<br>170 Old Country Road<br>Mineola, NY 11501<br>P: (516) 877-2900<br>F: (516) 877-0732 | 2005-cv-7191 |
| Daly, Kevin<br>Daly, Lisa | **Jeffrey A. Nemerov, Esq.**<br>Segan Nemerov & Singer PC<br>112 Madison Avenue, 6th Floor<br>New York, NY 10016<br>P (212) 696-9100<br>F (212) 689-9680 | 2005-cv-7212 |
| DiGiacomo, Phillip<br>DiGiacomo, Gail | **Andrew J. Smiley, Esq.**<br>Smiley & Smiley LLP<br>60 East 42nd Street<br>New York, NY 10165<br>P: (212) 986-2022<br>F: (212) 697-4689 | 2006-cv-0137 |

1

Appendix

| | | |
|---|---|---|
| Feal, John | **Frank A. Andrea III, Esq.**<br>Andrea & Towsky, Esqs.<br>320 Old Country Road, Ste 202<br>Garden City, NY 11530<br>P: (516) 739-0081<br>F: (516) 739-0088 | 2005-cv-7268 |
| Graybill, Christopher | **David Jaroslawicz, Esq.**<br>Jaroslawicz & Jaros LLC<br>225 Broadway, 24th Floor<br>New York, NY 10007<br>P. (212) 227-2780<br>F: (212) 227-5090 | 2005-cv-7167 |
| Iacono, Angelo<br>(Settled) | **Steven L. Barkan, Esq.**<br>Steven L. Barkan PC<br>445 Broadhollow Road, Ste 25<br>Melville, NY 11747<br>P (516) 358-3688<br>F (631) 881-0818 | 2005-cv-7267 |
| Kosmaczewski, Mieczyslaw<br>Kosmaczewski, Ewa | **David Jaroslawicz, Esq.**<br>Jaroslawicz & Jaros LLC<br>225 Broadway, 24th Floor<br>New York, NY 10007<br>P (212) 227-2780<br>F (212) 227-5090 | 2005-cv-7206 |
| Ostrander, Matthew | **Michael Scott Levine, Esq.**<br>Rappaport Glass Levine & Zullo LLP<br>1355 Motor Parkway<br>Hauppauge, NY 11749<br>P (631) 293-2300<br>F: (631) 293-2918 | 2005-cv-7161 |
| Roche, Kenneth<br>Roche, Carolyn | **Michael F.X. Ryan, Esq**<br>3005 South Main Street<br>Cortlandt Mannor<br>New York 10567<br>P: (914) 739-0002<br>F: (814) 739-3282 | 2005-cv-7150 |
| Romeo, Nicholas | **Leonard J. Linden, Esq.**<br>Law Office of Leonard J Linden<br>140 Broadway, 37th Floor<br>New York, NY 10005<br>P: (212) 344-0099<br>F (212) 344-3980 | 2005-cv-7149 |

2

Case 1:03-md-01570-GBD-SN   Document 2958-1   Filed 05/22/15   Page 9 of 9

Case 1:21-mc-00100-AKH   Document 3227   Filed 05/20/15   Page 9 of 9
Case 1:21-mc-00100-AKH   Document 3217-2   Filed 04/24/15   Page 4 of 4

Appendix

| Sferrazza, Salvatore | **Joel Myron Lutwin, Esq.**<br>Lutwin & Lutwin LLP<br>401 Broadway, Ste 1703<br>New York, NY 10017<br>P (212) 431-5757<br>F (212) 431-5759 | 2005-cv-7154 |
|---|---|---|
| Whelan, Kenneth<br>(Active) | **Joseph L. Decolator, Esq.**<br>Decolator Cohen Diprisco LLP<br>1399 Franklin Avenue, Ste. 201<br>Garden City, NY 11530<br>P: (516) 742-6575<br>F: (516) 742-6706 | 2005-cv-7187 |