UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.,* Case No. 03-CV-06978
*Ashton et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-CV-06977

**FEDERAL INSURANCE AND ASHTON PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF JOINT MOTION TO PROCEED UNDER 28 U.S.C. § 1605A
AS AGAINST DEFENDANT, THE ISLAMIC REPUBLIC OF IRAN**

The *Federal Insurance* Plaintiffs, by and through their counsel, Cozen O'Connor, and the *Ashton* Plaintiffs, by and through their counsel, Kreindler & Kreindler, LLP, respectfully submit this Memorandum of Law in Support of their Joint Motion to Proceed under 28 U.S.C. § 1605A as against Defendant, the Islamic Republic of Iran ("Iran").

**I.     PRELIMINARY STATEMENT**

This action arises out of the events of September 11, 2001, during which members of the al Qaeda terrorist network hijacked four commercial airliners and used those planes as weapons in coordinated terrorist attacks on the United States ("the September 11th attacks").  Through suits filed in 2002 and 2003, the *Ashton* Plaintiffs and the *Federal Insurance* Plaintiffs (collectively, "Plaintiffs") brought claims against, *inter alia*, Iran, under the State Sponsor of Terrorism Exception of the Foreign Sovereign Immunities Act ("FSIA"), then codified at § 1605(a)(7)[1].

---

[1] Plaintiffs asserted substantive causes of action under § 1605(a)(7), RICO, and common law theories, and invoked jurisdiction under § 1605(a)(5).  For purposes of this motion, Plaintiffs seek to amend only those claims arising under the State Sponsor of Terrorism exception because the issues presented in this motion have already been addressed by this Court in a related proceeding in this MDL.  Plaintiffs reserve their right to pursue judgments against Iran on their additional common law and statutory theories of liability, and to invoke jurisdiction pursuant to §1605(a)(5) in that context, if necessary.

On January 28, 2008, Congress amended the FSIA by repealing § 1605(a)(7) and replacing that statute with the more expansive § 1605A. *See* National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-41.  Pursuant to § 1605A(b), "[a]n action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) . . . not later than the later of - (1) 10 years after April 24, 1996; or (2) 10 years after the date on which the cause of action arose." 28 U.S.C. § 1605A(b).  Here, both the *Ashton* and *Federal Insurance* actions, and several other related actions against Iran under § 1605(a)(7) were commenced within ten years of the date on which the attacks took place and the cause of action arose.  Accordingly, and as this Court already has held in the *Havlish* action, Plaintiffs are permitted to proceed against Iran under § 1605A.

Accordingly, Plaintiffs respectfully move to amend their complaints, *solely as to defendant Iran*, in the form attached hereto as Exhibit A, to proceed against Iran under § 1605A. Plaintiffs further request that the Court enter an order recognizing that service of the amended complaint is not required.

## II.   AMENDMENT IS THE PROPER PROCEDURE FOR CONVERTING PLAINTIFFS' CLAIMS

Significantly, this Court already has permitted the *Havlish* plaintiffs to amend their complaint as to Iran to convert their claims under § 1605(a)(7) to claims under § 1605A, pursuant to the precise procedure Plaintiffs invoke here.[2]

As this Court held in *Havlish*, § 1083 provides various methods to effectuate the retroactive application of § 1605A as applied to pending and related actions.  In relevant part, § 1083(c)(3) states:

---

[2] *See Havlish v. Bin Laden*, Docket No. 03-cv-9848-GBD (S.D.N.Y.), Dkt. Entry No. 262.

2

>  (3)   Related actions. If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code . . . any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after --
>
>  (A)   the date of the entry of judgment in the original action; or
>
>  (B)   the date of the enactment of this Act.

The actions maintained by the *Ashton* and *Federal Insurance* Plaintiffs, and several other related actions against Iran, were timely commenced under § 1605(a)(7) on behalf of victims of the September 11th attacks. Further, Plaintiffs are making this application before several of the related actions against Iran have reached final judgment, and this application is thus timely under § 1083(c)(3). Section 1083(c)(3) therefore serves as the proper vehicle for Plaintiffs to amend their claims to proceed against Iran under § 1605A. *See In re Islamic Republic of Iran Terrorism Litig.,* 659 F. Supp. 2d 31, 100 (D.D.C. 2009) (holding amended complaint in pending lawsuit "sufficiently comports with related case filing procedures of § 1083(c)(3), and thus this action may now proceed under § 1605A").

Accordingly, Plaintiffs seek an order from the Court granting leave to proceed against Iran under § 1605A in the form attached hereto as Exhibit B.

## III.   SERVICE OF THE AMENDED PLEADING ON IRAN IS NOT REQUIRED

Also in the *Havlish* proceeding, this Court recognized that service of the amended pleading was not required, given that Iran has been served multiple times in this litigation (including in the *Ashton* and *Federal Insurance* cases) and the claims under § 1605A are substantially similar to those alleged in the previous versions of the complaints. *See Havlish v. Bin Laden*, Docket No. 03-cv-9848-GBD (S.D.N.Y.), Dkt. Entry No. 262; *Iran Terrorism Litig.*, 659 F. Supp. 2d at 105 (finding service of amended complaint not required under § 1608 where "the defendant foreign state has failed to appear, and is therefore in default, and where the

> (3)   Related actions. If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code . . . any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after --
>
> (A)   the date of the entry of judgment in the original action; or
>
> (B)   the date of the enactment of this Act.

The actions maintained by the *Ashton* and *Federal Insurance* Plaintiffs, and several other related actions against Iran, were timely commenced under § 1605(a)(7) on behalf of victims of the September 11th attacks. Further, Plaintiffs are making this application before several of the related actions against Iran have reached final judgment, and this application is thus timely under § 1083(c)(3). Section 1083(c)(3) therefore serves as the proper vehicle for Plaintiffs to amend their claims to proceed against Iran under § 1605A. *See In re Islamic Republic of Iran Terrorism Litig.,* 659 F. Supp. 2d 31, 100 (D.D.C. 2009) (holding amended complaint in pending lawsuit "sufficiently comports with related case filing procedures of § 1083(c)(3), and thus this action may now proceed under § 1605A").

Accordingly, Plaintiffs seek an order from the Court granting leave to proceed against Iran under § 1605A in the form attached hereto as Exhibit B.

## III.   SERVICE OF THE AMENDED PLEADING ON IRAN IS NOT REQUIRED

Also in the *Havlish* proceeding, this Court recognized that service of the amended pleading was not required, given that Iran has been served multiple times in this litigation (including in the *Ashton* and *Federal Insurance* cases) and the claims under § 1605A are substantially similar to those alleged in the previous versions of the complaints. *See Havlish v. Bin Laden*, Docket No. 03-cv-9848-GBD (S.D.N.Y.), Dkt. Entry No. 262; *Iran Terrorism Litig.*, 659 F. Supp. 2d at 105 (finding service of amended complaint not required under § 1608 where "the defendant foreign state has failed to appear, and is therefore in default, and where the

amendment does not add any claims but instead clarifies existing claims") (internal citations omitted); *Great Socialist People's Libyan Arab Jamahiriya*, 811 F. Supp. 2d 53 (D.D.C. 2011) (explaining that no new service of process is required for claim that has been converted from §1605(a)(7) to §1605A). Therefore, Plaintiffs seek a determination from this Court that they are not required to re-serve Iran with a copy of the amended pleading.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully move this Honorable Court for an order granting leave to proceed against Iran under 28 U.S.C. § 1605A as set forth in the Amended Consolidated Complaint, attached hereto as Exhibit A. Plaintiffs further seek an order recognizing that service of the amended pleading on Iran is not required.

Respectfully submitted,

COZEN O'CONNOR

BY:  /s/
 Stephen A. Cozen, Esquire
 Elliott R. Feldman, Esquire
 Sean P. Carter, Esquire
 J. Scott Tarbutton, Esquire
 1650 Market Street
 Philadelphia, PA 19103
 Tel: (215) 665-2000

*Attorneys for Federal Insurance Plaintiffs*

KREINDLER & KREINDLER, LLP

BY:  /s/
 James P. Kreindler, Esquire
 Andrew J. Maloney, III, Esquire
 750 Third Avenue, 32nd Floor
 New York, New York 10017
 Tel: (212) 687-8181

*Attorneys for Ashton Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of Plaintiffs' Memorandum of Law in Support of Joint Motion to Proceed Under 28 U.S.C. § 1605A as Against Defendant, the Islamic Republic of Iran, was filed electronically this 9th day of July 2015.  Notice of this filing will be served upon all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system, which all parties may access.

                                                                      /s/_____
                                                 J. Scott Tarbutton, Esq.

23815268\1