# Exhibit M

**RESPONSE TO REQUEST NO. 47**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's various boards and committees," and "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 48**

Please provide any and all documents relating to the establishment, duties, obligations, objectives, composition, and/or authority of DIB's Fatwa and Shariah Supervisory Board, including without limitation, any and all documents identifying all former and current members of DIB's Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 48**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 49**

Please provide any and all documents relating to the role or roles of Qaradawi and/or the Fatwa and Shariah Supervisory Board in the establishment, organization, funding, oversight,

supervision, management, and/or control over DIB's operations, including without limitation, selection of board members, committee members or other officers, internal and external auditing or due diligence, credit and loan activities, appointment and termination of personnel, accounting, banking and financial transactions, analysis of investments funds and portfolios, and actual distribution of DIB financial and non-monetary support to charitable designees.

## RESPONSE TO REQUEST NO. 49

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

## REQUEST NO. 50

Please provide any and all documents relating to the role or roles of Qaradawi and/or the Fatwa and Shariah Supervisory Board in developing Islamic banking products for DIB, as well as designing and implementing Shariah training programs for DIB.

## RESPONSE TO REQUEST NO. 50

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

## REQUEST NO. 51

Please provide any and all documents relating to the role or roles of Qaradawi and/or the Fatwa and Shariah Supervisory Board in the supervision, management, control of, or distribution of DIB's funds, including without limitation, any and all documents relating to their duties and responsibilities to determine and/or make recommendations as to which individuals or entities should receive financial and/or non-monetary support from DIB and the purpose for such disbursements.

## RESPONSE TO REQUEST NO. 51

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

## REQUEST NO. 52

Please provide any and all documents relating to the role or roles of Qaradawi and/or the Fatwa and Shariah Supervisory Board in determining and/or recommending which charities, humanitarian organizations, or dawah organizations should receive financial and/or non-monetary support from DIB and the purpose for such disbursements.

**RESPONSE TO REQUEST NO. 52**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 53**

Please provide any and all Fatwa and Shariah Supervisory Board documents governing, describing, detailing, or otherwise relating to DIB's policies and procedures regarding *zakat* and *haram* monies, including the collection and distribution of such monies to charitable or other designees.

**RESPONSE TO REQUEST NO. 53**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 54**

Please provide all Fatwa and Shariah Supervisory Board meeting minutes.

**RESPONSE TO REQUEST NO. 54**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 55**

Please provide all fatwas authored and/or issued by the Fatwa and Shariah Supervisory Board, including without limitation, any and all books or compilations of fatwas authored and/or issued by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 55**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 56**

Please provide all annual reports authored and/or prepared by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 56**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 57**

Please provide all documents governing, describing, detailing, or otherwise relating to the Fatwa and Shariah Supervisory Board's oversight, supervision, management, control, or influence over DIB's branch offices. Such documents shall include, but are not limited to, correspondence, memoranda, e-mails, meeting minutes, organizational diagrams and charts, and any reports sent to and/or received from the branch offices (banking and financial reports, status reports, auditing reports, shariah compliance reports, due diligence reports, or otherwise).

**RESPONSE TO REQUEST NO. 57**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board" and "influence over DIB's branch offices."

**REQUEST NO. 58**

Please provide any and all Fatwa and Shariah Supervisory Board documents relating to the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey.  Such documents shall include, but are not limited to, any and all fatwas issued by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 58**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey."

**REQUEST NO. 59**

Please provide any and all interviews, statements or speeches by members of the Fatwa and Shariah Supervisory Board regarding the conflicts, crises or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the

Philippines, Sudan, Somalia, Tanzania, and Turkey.  Such documents shall include, but are not limited to, any and all fatwas issued by members of the Fatwa and Shariah Supervisory Board.

## RESPONSE TO REQUEST NO. 59

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey."

## REQUEST NO. 60

Please provide any and all Fatwa and Shariah Supervisory Board documents discussing Islamic independence movements and/or the legitimacy of armed jihad or resistance by Muslims in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey.  Such documents shall include, but are not limited to, any and all fatwas issued by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 60**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "Islamic independence movements and/or the legitimacy of armed jihad or resistance by Muslims in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey."

**REQUEST NO. 61**

Please provide any and all Fatwa and Shariah Supervisory Board documents discussing the provision of support to mujahideen forces in any part of the World.  For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.  Such documents shall include, but are not limited to, any and all fatwas issued by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 61**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

- 68 -

Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board." Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "mujahideen forces in any part of the World" and "logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly."

## REQUEST NO. 62

Please provide any and all Fatwa and Shariah Supervisory Board documents discussing the provision of support to any armed jihad in any part of the World, regardless of whether such jihad was declared legitimate by competent religious authorities. For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly. Such documents shall include, but are not limited to, any and all fatwas issued by the Fatwa and Shariah Supervisory Board.

## RESPONSE TO REQUEST NO. 62

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board." Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "any armed jihad in any part of the World," and "logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly."

- 69 -

**REQUEST NO. 63**

Please provide any and all Fatwa and Shariah Supervisory Board documents mentioning "jihad" (جهاد) (*see* Definition No. 12), which can be generated via an electronic search of DIB's computers or electronic data storage systems.

**RESPONSE TO REQUEST NO. 63**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board" and "mentioning 'jihad' (جهاد) (*see* Definition No. 12), which can be generated via an electronic search of DIB's computers or electronic data storage systems."

**REQUEST NO. 64**

Please provide any and all fatwas issued by members of DIB's Fatwa and Shariah Supervisory Board which mention "jihad" (جهاد) (see Definition No. 12), regardless of whether you believe such board member(s) was or was not acting within the scope of his employment at DIB in relation to such activity.

**RESPONSE TO REQUEST NO. 64**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad,

- 70 -

unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board" and "which mention 'jihad' (جهاد) (see Definition No. 12)."

## REQUEST NO. 65

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's policies, practices, procedures, and controls for anti-money laundering ("AML") and combating the financing of terrorism ("CFT"), including without limitation:

a.  All AML/CFT compliance manual(s), memoranda or other documents identifying or describing DIB's AML/CFT policies, practices, procedures, or controls; memoranda or other documents identifying or describing exceptions to DIB's AML/CFT policies, practices, procedures, or controls set forth in any compliance manual; memoranda or other documents stating or describing the manner and degree in which DIB's AML/CFT compliance program is integrated into the bank's activities;

b.  All reports, audits, memoranda, or other documents evaluating, critiquing, commenting upon or offering suggestions to modify or enhance DIB's AML/CFT compliance program;

c.  All documents created to respond to, or in response to, items referenced in the preceding item (b);

d.  All documents governing, describing, detailing, setting forth or otherwise relating to DIB's policies, practices, procedures, or controls concerning what due diligence to employ to detect, investigate, and respond to high-risk wire transfers;

e.     All documents relating to the designation of one or more compliance officers and/or other individuals at DIB responsible for coordinating and monitoring day-to-day compliance, employee training, and the independent audit function to assess AML/CFT programs, including without limitation the identification, titles, and responsibilities of such individuals.

## RESPONSE TO REQUEST NO. 65

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "high-risk wire transfers."   Dubai Islamic Bank also objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of the term "otherwise relating to DIB's policies, practices, procedures, and controls for anti-money laundering ("AML") and combating the financing of terrorism ("CFT")."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, propounding Dubai Islamic Bank policies, practices, procedures, and controls for anti-money laundering and combating the financing of terrorism from January 1, 1992 to September 11, 2001.

## REQUEST NO. 66

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's policies, practices, procedures, and controls aimed at preventing terrorists and other criminals from having access to bank accounts or wire transfer services for moving funds, and to detect such misuse when it occurs.

**RESPONSE TO REQUEST NO. 66**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to DIB's policies, practices, procedures, and controls." Dubai Islamic Bank understands this phrase in this context to mean propounding Dubai Islamic Bank's policies, practices, procedures, and controls aimed at preventing terrorists and other criminals from having access to bank accounts or wire transfer services for moving funds, and to detect such misuse when it occurs.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce responsive non-privileged documents, if any exist, from January 1, 1992 to September 11, 2001.

**REQUEST NO. 67**

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's policies, practices, procedures, and controls regarding internal monitoring and/or reporting of wire transfers, including:

    a.      Internal monitoring and/or reporting documents concerning wire transfers, incomplete originator information, high risk transactions and/or indications of possible money laundering or terrorist financing; and

    b.      Internal monitoring and/or reporting documents concerning what action was taken upon identification of instances of incomplete originator information, high risk transactions, and/or indications of possible money laundering or terrorist financing.

**RESPONSE TO REQUEST NO. 67**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "otherwise relating to DIB's policies, practices, procedures, and controls."  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "internal monitoring and/or reporting documents," "high risk transactions," and " indications of possible money laundering or terrorist financing."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, propounding Dubai Islamic Bank's policies, practices, procedures, and controls regarding internal monitoring or reporting of wire transfers from January 1, 1992 to September 11, 2001.

**REQUEST NO. 68**

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's Know-Your-Customer or Customer Identification policy, practices, procedures, or programs.

**RESPONSE TO REQUEST NO. 68**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "otherwise relating to DIB's … policy, practices, procedures, or

programs." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of "Customer Identification."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, governing, describing, detailing, setting forth, or propounding Dubai Islamic Bank's Know-Your-Customer policies, practices, procedures, or programs from January 1, 1992 to September 11, 2001.

## REQUEST NO. 69

Please provide all DIB documents governing, describing, detailing, setting forth, or otherwise relating to account opening policies, practices and procedures at DIB, including without limitation:

a.    Copies of the Account Opening applications used by DIB during the relevant time period;

b.    Copies of all manuals, instruction booklets or procedures outlining the information to be obtained and verified before an account may be opened, and

c.    All account opening documents for any account maintained by or for the benefit of: Osama bin Laden, Mustafa Ahmed al Hisawi, Ali Abdul Aziz Ali, the 9-11 Hijackers, and the persons and entities identified in Attachments B and C.

## RESPONSE TO REQUEST NO. 69

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or

defense of any party in its use of "otherwise relating to … policies, practices, procedures, or programs."  Dubai Islamic Bank further objects to this request as seeking information not relevant to a claim or defense of any party to the extent it seeks information concerning "Saidi Madani al Tayyib (a/k/a Sidi al Madani al Ghazi Mustafa al Tayyib; a/k/a Sayed Tayib al Madani; a/k/a Sa'idi al Madani al Ghazi Mustfa al Tayyib; a/k/a Abu Fadl; a/k/a Abu Fadil; a/k/a Abu Fadil al Makki; a/k/a Abu Amjed; a/k/a Abu Mahdi; a/k/a Abu Khalifah al Omani)" "Jamal Ahmad Mohamed al Fadl," "Mamdouh Mahmoud Salim (a/k/a Abu Hajer al Iraqi)," and " Abu Ubaidah al Banshiri (a/k/a Ali Amin al Rashidi)."  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of "any account maintained by or for the benefit of," and "during the relevant time period."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged Dubai Islamic Bank documents, if any exist, sufficient to set forth account opening policies, practices and procedures at Dubai Islamic Bank from January 1, 1992 to September 11, 2001; and Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search terms "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," "Khalid al Mihdhar," "Majed Moqed," "Nawaf al Hamzi," "Salem al Hamzi," "Hani Hanjour," "Satam al Suqami," "Waleed al Shehri," "Wail al Shehri," "Mohamed Atta," "Abdulaziz al Omari," "Marwan al Shehhi," "Fayez Banihammad," "Ahmed al Ghamdi," "Hamza al Ghamdi," "Mohand al Shehri," "Saeed al Ghamdi," "Ahmad al Haznawi," "Ahmed al Nami," "Ziad Jarrah," the Request 10 Search Terms, "Wadi al Aqiq Company, Ltd.," "Al Hijrah Construction and Development, Ltd.," "Taba Investment Company, Ltd.," "Al Timar al Mubarikah," "Gum Arabic Company," "Bin Ladin

International," "Al Qudarat Transport Company," and "Blessed Fruits Company" to determine whether any account has existed in those names and, if so, Dubai Islamic Bank will produce for that account non-privileged account opening and closing documents, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 70

Please provide all DIB documents governing, describing, detailing, setting forth, or otherwise relating to DIB's customer acceptance policies, practices, and procedures, including without limitation, all documents that describe DIB's policies, practices, and procedures regarding the types of customers that are likely to pose a higher than average risk.

## RESPONSE TO REQUEST NO. 70

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "otherwise relating to … policies, practices, procedures, or programs."  Dubai Islamic Bank objects to this requests as vague and ambiguous in its use of "risk."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to set forth

Dubai Islamic Bank's customer acceptance policies, practices, and procedures from January 1, 1992 to September 11, 2001.

## REQUEST NO. 71

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to the training of DIB Personnel regarding:

    a.    ML/CFT policies, practices, procedures, or controls;

    b.    Know-Your-Customer or Customer Identification policies, practices, procedures, or controls;

    c.    Investigating or filing suspicious activity or transaction reports;

    d.    Investigating Politically Exposed Persons;

    e.    Compliance with any laws, rules or regulations concerning money laundering, terrorist financing, suspicious activity or Politically Exposed Persons, including but not limited to the certification of any DIB employee as having knowledge, skills, expertise or education concerning the enforcement of or compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, anti-terrorist financing, suspicious activity or Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 71

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or

defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "suspicious activity."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show each training program concerning anti-money laundering or combating the financing of terrorism policies, practices, procedures, or controls, Know-Your-Customer policies, practices, procedures, or controls, investigating or filing suspicious activity or transaction reports, and compliance with any laws, rules or regulations concerning money laundering, terrorist financing, or suspicious activity reporting from January 1, 1992 to September 11, 2001.

## REQUEST NO. 72

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to any software or internet-based application that DIB has used, currently uses, or has investigated for use, for the detection, monitoring, or investigation of money laundering, terrorist financing, suspicious activity, Politically Exposed Persons, or compliance with any laws, rules or regulations concerning money laundering, terrorist financing, suspicious activity, or Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 72

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "or otherwise relating to," "investigated for use," and "suspicious activity."

- 79 -

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify and describe any software or internet-based program that Dubai Islamic Bank has used for the detection, monitoring or investigation of money laundering, terrorist financing, suspicious account activity reporting, or compliance with any applicable laws concerning money laundering, terrorist financing, or suspicious activity account reporting from January 1, 1992 to September 11, 2001.

## REQUEST NO. 73

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's policies, practices, procedures and controls regarding DIB's compliance with Suspicious Transaction Reports ("STRs") or Suspicious Activity Reports ("SARs") requirements, including without limitation:

a.   All documents relating to the roles and responsibilities of DIB Personnel for the filing of STRs or SARs; and

b.   All documents detailing or describing the policies and procedural guidelines for determining whether or not to file a SAR or STR.

## RESPONSE TO REQUEST NO. 73

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its

use of "otherwise relating to DIB's policies, practices, procedures, and controls" and "all documents relating to the roles and responsibilities."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show Dubai Islamic Bank's policies and procedures for the filing of suspicious transaction reports or suspicious activity reports from January 1, 1992 to September 11, 2001.

## REQUEST NO. 74

Please provide all documents relating to any written or oral communication prepared by DIB or DIB Personnel concerning good banking practices, best banking practices, or recommended banking practices with respect to detection, prevention, or compliance with regulations relating to money laundering, terrorist financing, or dealing with Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 74

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "good banking practices, best banking practices, or recommended banking practices." Dubai Islamic Bank objects to this request as overly broad and unduly burdensome in seeking "all documents relating to any written or oral communication prepared by DIB or DIB Personnel." Dubai Islamic Bank objects to this request as seeking information not relevant to a claim or defense of any party in its use of "Politically Exposed Persons."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged Dubai Islamic Bank policies and procedures, if

any exist, concerning compliance with regulations relating to money laundering or terrorist financing from January 1, 1992 to September 11, 2001.

## REQUEST NO. 75

Please provide copies of any speeches, statements, or presentations regarding money laundering or terrorist financing, given by DIB or DIB Personnel, at any banking organization conference, or other conference concerning, wholly or in part, any issues related to anti-money laundering, terrorist financing, Know-Your-Customer practices, suspicious activity or transaction reporting, or Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 75

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "statements."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce a non-privileged copy of each speech or presentation, if any exists, given by Dubai Islamic Bank at any conference concerning anti-money laundering, terrorist financing, Know-Your-Customer practices, or suspicious activity or transaction reporting from January 1, 1992 to September 11, 2001.

## REQUEST NO. 76

Please provide all documents relating to any written or oral communication, including memoranda, notes, and/or recommendations, concerning best practices discussed at any anti-

money laundering, terrorist financing, and/or risk assessment conference sponsored or attended by DIB or DIB Personnel.

## RESPONSE TO REQUEST NO. 76

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as vague, ambiguous, uncertain, and seeking information not relevant to a claim or defense of any party in its use of "concerning best practices discussed at any anti-money laundering, terrorist financing, and/or risk assessment conference."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged communications, if any exist, concerning anti-money laundering best practices discussed at any anti-money laundering conference from January 1, 1992 to September 11, 2001.

## REQUEST NO. 77

Please provide all documents relating to DIB's internal controls concerning money laundering, terrorist financing, Know-Your-Customer or Customer Identification policies, practices, and procedures, suspicious activity or transactions, or Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 77

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as seeking information not relevant to a claim or defense of any party in its use of "Politically Exposed

- 83 -

Persons." Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "Customer Identification policies." Dubai Islamic Bank further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "all documents relating to DIB's internal controls."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, propounding Dubai Islamic Bank internal controls concerning money laundering, terrorist financing, Know-Your-Customer policies, practices, and procedures, or suspicious activity or transactions reporting from January 1, 1992 to September 11, 2001.

## REQUEST NO. 78

Please provide all documents relating to any internal audits, examinations, studies, or investigations performed by DIB and/or DIB Personnel, concerning, in whole or in part, AML, CFT, Know-Your-Customer/Customer Identification policies, practices, procedures, and controls, suspicious activities or transactions, Politically Exposed Persons, or compliance with any laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, Know-Your-Customer/Customer Identification, suspicious activity or transactions, and Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 78

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "Know-Your-Customer/Customer Identification policies."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged reports, if any exist, of internal audits, examinations, studies, or investigations conducted by Dubai Islamic Bank of its (i) general policies, practices, procedures, and controls concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting, (ii) anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting policies, practices, procedures, and controls concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms, or (iii) compliance with any laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, or suspicious activity or transactions reporting as they relate to the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 79**

Please provide all documents relating to any audits, examinations, studies, or investigations performed by DIB or by any outside consultants, auditors, accountants or other

parties employed or utilized by DIB, regarding any individual, department, or group of DIB concerning, in whole or in part, AML, CFT, Know-Your-Customer/Customer Identification policies, practices, procedures, and controls, suspicious activities or transactions, Politically Exposed Persons, or compliance with any laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, Know-Your-Customer/Customer Identification, suspicious activity or transactions, and Politically Exposed Persons.  Such documents shall include, but are not limited to, engagement letters or memoranda, scope of audit memoranda or correspondence, studies, reports, presentations, proposals, notes or minutes of meeting, advice, recommendation, analysis, or any other communications and the results thereof.

## RESPONSE TO REQUEST NO. 79

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "Know-Your-Customer/Customer Identification," and "regarding any individual, department, or group of DIB."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged reports, if any exist, of internal audits, examinations, studies, or investigations conducted by Dubai Islamic Bank or by any outside consultants, auditors, accountants or other parties employed or utilized by Dubai Islamic Bank of its (i) general policies, practices, procedures, and controls concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions

reporting; (ii) anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting policies, practices, procedures, and controls concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms; or (iii) compliance with any laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, or suspicious activity or transactions reporting as they relate to the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 80

Please provide all documents relating to any external or independent audits, examinations, studies, or investigations of DIB which refer or relate to compliance with bank secrecy rules and regulations, Know-Your-Customer rules, suspicious activity or transaction reporting, money laundering, terrorist financing, or investigations of DIB by any agency of Dubai, the United Arab Emirates, the United States or any other foreign government, including but not limited to the U.S. Office of the Comptroller of the Currency and the U.S. Financial Crimes Enforcement Network.

## RESPONSE TO REQUEST NO. 80

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "refer or relate to compliance with … money laundering, terrorist financing, or investigations of DIB by any agency of Dubai, the United Arab Emirates, the United States or any other foreign government, including but not limited to the U.S. Office of the Comptroller of the Currency and the U.S. Financial Crimes Enforcement Network."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged reports, if any exist, of internal audits, examinations, studies, or investigations conducted by any agency of Dubai, the United Arab Emirates, the United States or any other foreign government of Dubai Islamic Bank's (i) general policies, practices, procedures, and controls concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting; (ii) anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting policies, practices, procedures, and controls concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms; or (iii) compliance with any laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, or suspicious activity or transactions reporting as they relate to the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs'

requests, or the Request 10 Search Terms from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 81

Please provide all documents relating to any external or independent evaluation of DIB's AML/CFT compliance program, including:

    a.     Copies of any such evaluations;

    b.     The policies, practices, procedures, and controls for performing, handling, and responding to or implementing the recommendations of such evaluations; and

    c.     Documents comprising, describing, or setting forth any actions taken to respond to recommendations made in audit reports evaluating the effectiveness of DIB's AML/CFT program.

## RESPONSE TO REQUEST NO. 81

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "all documents relating to any external or independent evaluation of DIB's AML/CFT program," and "documents comprising any actions taken to respond to recommendations made in audit reports evaluating the effectiveness of DIB's AML/CFT program."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged (i) copies of any external or independent

evaluation of Dubai Islamic Bank's general policies, practices, procedures, and controls, if any exist, concerning anti-money laundering or combating the financing of terrorism; (ii) documents, if any exist, propounding the policies, practices, procedures, and controls for performing, handling, and implementing any such evaluation's recommendations concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms; and (iii) documents, if any exist, describing or setting forth any actions taken by Dubai Islamic Bank to respond to any such evaluation's recommendation concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 82

For any department, committee, or group at DIB responsible for opening, maintaining, and managing customer accounts at DIB ("Account Representatives"), please provide the following:

  a.  All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

b.    All documents detailing or describing the policies and procedural guidelines for the management and maintenance of customer accounts by Account Representatives;

c.    All documents relating to training of Account Representatives;

d.    All documents relating to all procedures and protocols used to ensure the authenticity of client correspondence to officers such as signature verifications;

e.    Copies of all Information Technology ("IT") protocols used by Account Representatives to assist them with the management and maintenance of customer accounts;

f.    All documents detailing or describing DIB policies, practices, procedures, or controls used to monitor compliance with the Account Representative filing procedures; and

g.    Copies of any "Corporate Code of Conduct" guidelines that apply to Account Representatives.

**RESPONSE TO REQUEST NO. 82**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "used to ensure the authenticity of client correspondence to officers such as signature verifications," "Account Representative filing procedures," "managing," and "IT protocols."

- 91 -

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged Dubai Islamic Bank documents, if any exist, governing, describing, detailing, setting forth, or otherwise propounding account opening policies, practices and procedures at Dubai Islamic Bank from January 1, 1992 to September 11, 2001; and Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search terms "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," "Khalid al Mihdhar," "Majed Moqed," "Nawaf al Hamzi," "Salem al Hamzi," "Hani Hanjour," "Satam al Suqami," "Waleed al Shehri," "Wail al Shehri," "Mohamed Atta," "Abdulaziz al Omari," "Marwan al Shehhi," "Fayez Banihammad," "Ahmed al Ghamdi," "Hamza al Ghamdi," "Mohand al Shehri," "Saeed al Ghamdi," "Ahmad al Haznawi," "Ahmed al Nami," "Ziad Jarrah," the Request 10 Search Terms, "Wadi al Aqiq Company, Ltd.," "Al Hijrah Construction and Development, Ltd.," "Taba Investment Company, Ltd.," "Al Timar al Mubarikah," "Gum Arabic Company," "Bin Ladin International," "Al Qudarat Transport Company," and "Blessed Fruits Company" to determine whether any account has existed in those names and, if so, Dubai Islamic Bank will produce for that account non-privileged account opening and closing documents, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.  Dubai Islamic Bank will also produce non-privileged documents, if any exist, sufficient to set forth Dubai Islamic Bank's general policies and procedures for the management and maintenance of customer accounts; sufficient to set forth any

training program concerning account opening policies, practices and procedures at Dubai Islamic Bank; and sufficient to set forth Dubai Islamic Bank's formal document retention policy and corporate code of conduct from January 1, 1992 to September 11, 2001.

## REQUEST NO. 83

For any department, committee, or group at DIB responsible for ensuring DIB's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, suspicious activity or transactions, or Politically Exposed Persons ("DIB Compliance Personnel"), please provide the following:

 a. All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

 b. All documents detailing or describing the policies and procedural guidelines for ensuring DIB's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, suspicious activity or transactions, or Politically Exposed Persons;

 c. All documents relating to training of DIB Compliance Personnel;

 d. All documents, including copies of forms, used by DIB Compliance Personnel to report on DIB's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, suspicious activity or transactions, or Politically Exposed Persons;

 e. Copies of all IT protocols used by DIB Compliance Personnel to assist them in ensuring DIB's compliance with applicable laws, rules, regulations, policies,

practices, or procedures concerning AML/CFT, suspicious activity or transactions, or Politically Exposed Persons; and

f.    Copies of any "Corporate Code of Conduct" guidelines that apply to DIB Compliance Personnel.

## RESPONSE TO REQUEST NO. 83

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of "IT protocols."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify the Dubai Islamic Bank department, committee, or group with the primary responsibility for ensuring Dubai Islamic Bank's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions reporting; sufficient to set forth Dubai Islamic Bank policies and procedures for ensuring Dubai Islamic Bank's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions reporting; sufficient to identify formal training programs for ensuring Dubai Islamic Bank's compliance with regulations concerning anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions reporting; and sufficient to set forth Dubai Islamic Bank's

formal document retention policy and corporate code of conduct from January 1, 1992 to September 11, 2001.  Dubai Islamic Bank will also produce a non-privileged copy of each form, if any exists, used to report on Dubai Islamic Bank's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions from January 1, 1992 to September 11, 2001.

## REQUEST NO. 84

For any department, committee, or group at DIB responsible for monitoring, reviewing, and/or investigating account activity, either in whole or in part, for purposes of compliance with any laws, rules, regulations, policies, practices, or procedures related to AML/CFT, suspicious activity or transactions, or Politically Exposed Persons ("DIB Investigative Personnel"), please provide the following:

a.   All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

b.   All documents detailing or describing the policies and procedural guidelines for monitoring, reviewing and investigating account and transaction activity;

c.   All documents relating to training of DIB Investigative Personnel;

d.   All documents, including copies of forms, used by DIB Investigative Personnel to report on the monitoring, review, or investigation of accounts and transactions;

e.   Copies of all IT protocols used by DIB Investigative Personnel to assist them in monitoring, reviewing, and investigating account and transaction activity;

f.      All documents detailing or describing the policies and procedural guidelines for reporting suspicious account or transaction activity;

g.      Copies of any "Corporate Code of Conduct" guidelines that apply to DIB Investigative Personnel.

## RESPONSE TO REQUEST NO. 84

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of "IT protocols."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify the Dubai Islamic Bank department, committee, or group with the primary responsibility for monitoring, reviewing, or investigating account activity for purposes of compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions; sufficient to set forth Dubai Islamic Bank policies and procedures for monitoring, reviewing and investigating account and transaction activity; sufficient to identify formal training programs for monitoring, reviewing, or investigating account activity for purposes of compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions; and sufficient to set forth Dubai Islamic Bank's formal document retention policy and corporate code of conduct from January 1, 1992 to

September 11, 2001. Dubai Islamic Bank will also produce a non-privileged copy of each form, if any exists, used to report on the monitoring, review, or investigation of accounts and transactions for purposes of compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions from January 1, 1992 to September 11, 2001.

## REQUEST NO. 85

For any department, committee, or group at DIB responsible for performing internal audit functions at DIB related, in whole or in part, to AML, CFT, Know-Your-Customer/Customer Identification policies, practices, procedures, and controls, suspicious activities or transactions, Politically Exposed Persons, or compliance with any laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, Know-Your-Customer/Customer Identification, suspicious activity or transactions, and Politically Exposed Persons ("DIB Internal Audit Personnel"), please provide the following:

a.   All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

b.   All documents detailing or describing the policies and procedural guidelines for monitoring, reviewing, investigating and auditing account activity by DIB Internal Audit Personnel;

c.   All documents relating to training of DIB Internal Audit Personnel;

d.   All documents, including copies of forms, used by DIB Internal Audit Personnel to report on the monitoring, reviewing, investigating, and auditing of accounts;

> e.     Copies of all IT protocols used by DIB Internal Audit Personnel to assist them in monitoring, reviewing, investigating, and auditing accounts;
>
> f.     Copies of all audit plans for account activity;
>
> g.     All documents detailing or describing the policies and procedural guidelines for reporting suspicious activity or transaction; and
>
> h.     Copies of any "Corporate Code of Conduct" guidelines that apply to DIB Internal Audit Personnel.

## RESPONSE TO REQUEST NO. 85

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "Know-Your-Customer/Customer Identification," "policies and procedural guidelines for monitoring, reviewing, investigating and auditing account activity by DIB Internal Audit Personnel," "IT protocols," and "audit plans for account activity."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify the Dubai Islamic Bank department with the primary responsibility for performing Dubai Islamic Bank's internal audit functions concerning policies, practices, procedures, and controls for anti-money laundering, combating the financing of terrorism, Know-Your-Customer, or suspicious activity or transactions reporting; sufficient to set forth Dubai Islamic Bank policies and procedures for conducting internal audits of Dubai Islamic Bank's compliance with any laws,

rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions; sufficient to identify formal training programs for conducting internal audits of Dubai Islamic Bank's compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions reporting; sufficient to set forth Dubai Islamic Bank policies and procedures for suspicious activity or transactions reporting; and sufficient to set forth Dubai Islamic Bank's formal document retention policy and corporate code of conduct from January 1, 1992 to September 11, 2001.

## REQUEST NO. 86

For any department, committee, or group at DIB responsible for tracking and/or maintaining a database relating to designations of, and information about, individuals and entities designated as terrorists or terror financiers ("DIB Designation Personnel"), please provide the following:

    a.    All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

    b.    All documents detailing or describing how DIB tracks the designation of individuals or entities as Specially Designated Global Terrorists or otherwise, pursuant to the International Emergency Economic Powers Act by the United States Office of Foreign Asset Control, the United Nations and/or any other government or regulatory body;

    c.    All documents relating to training of DIB Designation Personnel;

    d.       Copies of all IT protocols used by DIB Designation Personnel to assist them in tracking and/or maintaining information about individuals and entities designated as terrorists or terror financiers;

    e.       All documents detailing or describing any software programs used by DIB to monitor the designation of individuals or entities as Specially Designated Global Terrorists or otherwise, pursuant to the International Emergency Economic Powers Act by the United States Office of Foreign Asset Control, the United Nations and/or any other government or regulatory body;

    f.       Copies of all internal manuals, memoranda, reports or protocols detailing or describing the appropriate actions to be taken by DIB Personnel when examining whether any designated individual or entity maintains accounts at DIB, or is the recipient of funds from DIB; and

    g.       Copies of all internal manuals, memoranda, reports or protocols detailing or describing the appropriate actions to be taken by DIB Personnel if a DIB account has been opened and/or used by a designated terrorist individual or entity.

## RESPONSE TO REQUEST NO. 86

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "designated as terrorists or terror financiers," "Specially Designated Global Terrorists or otherwise," "IT protocols," and "is the recipient of funds from DIB."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify the Dubai Islamic Bank department, committee, or group with the primary responsibility for tracking or maintaining a database relating to state or international designations of, and information about, individuals and entities designated as terrorists or terror financiers; sufficient to set forth how Dubai Islamic Bank tracks the state or international designations of individuals or entities as terrorists or terror financiers; sufficient to identify formal training programs for tracking or maintaining a database relating to state or international designations of, and information about, individuals and entities designated as terrorists or terror financiers; and sufficient to identify and describe any software programs used by Dubai Islamic Bank to monitor state or international designations of individuals and entities designated as terrorists or terror financiers from January 1, 1992 to September 11, 2001. Dubai Islamic Bank will also produce a non-privileged copy of each internal manual, memorandum, report or protocol, if any exists, detailing or describing actions to be taken if a Dubai Islamic Bank account has been opened or used by a designated terrorist individual or entity from January 1, 1992 to September 11, 2001.

## REQUEST NO. 87

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the persons identified in Attachment D, including without limitation, all documents relating to all positions those persons have held or currently hold within DIB and their personnel files.

## RESPONSE TO REQUEST NO. 87

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "otherwise relating to the relationship."

Subject to and without waiving the foregoing Specific Objections and General Objections, for each individual listed on Attachment D to Plaintiffs' requests, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show positions previously or currently held from January 1, 1992 to September 11, 2001.  Dubai Islamic Bank will also search the files of the individuals listed on Attachment D to Plaintiffs' requests for any document that that Dubai Islamic Bank agreed to produce in response to any other of Plaintiffs' requests and will produce non-privileged documents, if any exist, located by such search from January 1, 1992 to September 11, 2001.

## REQUEST NO. 88

Please provide all documents relating to the persons identified in Attachment D and their roles in the establishment, organization, funding, oversight, supervision, management, and/or control over DIB's operations, including without limitation, banking and financial transactions, opening, maintenance and closing of accounts, regulatory and compliance matters, customer and banking account records, AML, CFT, and KYC policies and procedures, government relations, and/or any other facet of DIB's operations.

## RESPONSE TO REQUEST NO. 88

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "establishment, organization, funding, oversight, supervision, management, and/or control over DIB's operations."

Subject to and without waiving the foregoing Specific Objections and General Objections, for each individual listed on Attachment D to Plaintiffs' requests, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show positions previously or currently held from January 1, 1992 to September 11, 2001.  Dubai Islamic Bank will also search the files of the individuals listed on Attachment D to Plaintiffs' requests for any document that that Dubai Islamic Bank agreed to produce in response to any other of Plaintiffs' requests and will produce non-privileged documents, if any exist, located by such search from January 1, 1992 to September 11, 2001.

## REQUEST NO. 89

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and HAMAS (a/k/a Harakat al Muqawamat al Islamiyyah; a/k/a Islamic Resistance Movement), including without limitation, the following HAMAS-related entities: the International Islamic Charity Organization, the Nablus Zakat Committee, the Fujairah Charity Organization, the Emirates Red Crescent, Human Appeal International, and the Union of Good.

## RESPONSE TO REQUEST NO. 89

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to the relationship."

## REQUEST NO. 90

Please provide any and all documents sent to, and/or received from HAMAS, including without limitation, any of the following HAMAS-related entities: the International Islamic Charity Organization, the Nablus Zakat Committee, the Fujairah Charity Organization, the Emirates Red Crescent, Human Appeal International, and the Union of Good. Such documents shall include, but are not limited to, all documents relating to the transfer of funds between DIB and those entities.

## RESPONSE TO REQUEST NO. 90

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "the transfer of funds between DIB and those entities."

## REQUEST NO. 91

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the International Islamic Charity Organization ("IICO"), including but not limited to DIB Account No. 4032845. Such documents shall include,

but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the IICO and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 91

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the International Islamic Charity Organization ("IICO")." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."

Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 92

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Nablus Zakat Committee, including but not limited to DIB Account No. 5295/939. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Nablus Zakat Committee and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 92

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Nablus Zakat

Committee." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 93

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Fujairah Charity Organization, including but not limited to DIB Account Nos. 06520509045801 and 01609045852006. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Fujairah Charity Organization and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and

any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 93

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Fujairah Charity Organization." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 94

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Emirates Red Crescent, including but not limited to DIB Account No. 5346754. Such documents shall include, but are not limited to,

correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Emirates Red Crescent and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 94

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Emirates Red Crescent." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic

Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 95

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the <u>Human Appeal International</u>. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Human Appeal International and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 95

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the <u>Human Appeal</u>

International." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 96

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Union of Good. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Union of Good and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 96**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Union of Good." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."  Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."  Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."   Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

**REQUEST NO. 97**

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the Al Ihsan Charitable Society of Hebron.

**RESPONSE TO REQUEST NO. 97**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad,

unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to the relationship between DIB and the <u>Al Ihsan Charitable Society of Hebron</u>."

## REQUEST NO. 98

Please provide any and all documents sent to and/or received from the Al Ihsan Charitable Society of Hebron.  Such documents shall include, but are not limited to, all documents relating to the transfer of funds between DIB and the Al Ihsan Charitable Society.

## RESPONSE TO REQUEST NO. 98

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "the transfer of funds between DIB and the Al Ihsan Charitable Society."

## REQUEST NO. 99

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Al Ihsan Charitable Society of Hebron, including but not limited to DIB Account Nos. 1-520-4581737, 1-520-4581737-01 and 1-520-4581636-01.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Al Ihsan Charitable Society and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports,

suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 99

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Al Ihsan Charitable Society of Hebron." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

**REQUEST NO. 100**

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the <u>Dar al Bir Society</u>.

**RESPONSE TO REQUEST NO. 100**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to the relationship between DIB and the <u>Dar al Bir Society</u>."

**REQUEST NO. 101**

Please provide any and all documents sent to and/or received from the Dar al Bir Society. Such documents shall include, but are not limited to, all documents relating to the transfer of funds between DIB and the Dar al Bir Society.

**RESPONSE TO REQUEST NO. 101**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "to the transfer of funds between DIB and the Dar al Bir Society."

**REQUEST NO. 102**

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Dar al Bir Society, including but not limited to DIB Account Nos. 02 520 4053087 02, 03 520 4053087 03, 04 520 4053087 04, 06 520 405 3087 06, 01 520 4557271 01, 01 520 7260466 01, 01 520 4557298 01, 01 520 5003342 01, 02 520 5003342 02, 03 520 5003342 03, 07 520 5003342 07, and 01 520 5291798 01.   Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Human Appeal International and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 102**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Dar al Bir Society."

- 116 -

Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 103

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the <u>Pak Kashmir Welfare Council</u>.

## RESPONSE TO REQUEST NO. 103

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to the relationship."

**REQUEST NO. 104**

Please provide any and all documents sent to and/or received from the Pak Kashmir Welfare Council.  Such documents shall include, but are not limited to, all documents relating to the transfer of funds between DIB and the Pak Kashmir Welfare Council.

**RESPONSE TO REQUEST NO. 104**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "the transfer of funds between DIB and the Pak Kashmir Welfare Council."

**REQUEST NO. 105**

Please provide any and all documents relating to all DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Pak Kashmir Welfare Council.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Pak Kashmir Welfare Council and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or

wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 105

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Pak Kashmir Welfare Council."  Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."   Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."  Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."   Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 106

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the banks identified in Attachment E, including without limitation, all documents governing, describing, detailing, or otherwise relating to the due diligence policies,

practices, procedures, and measures employed by DIB prior to entering into any relationship with those banks (including reviewing and/or analyzing each bank's AML, CFT, and KYC policies, practices, and procedures), as well as all due diligence policies, practices, procedures, and measures DIB continues to utilize during its on-going relationship with those banks (including the continued review and/or analysis of each bank's AML, CFT, and KYC policies, practices, and procedures).

**RESPONSE TO REQUEST NO. 106**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to," and "any relationship with those banks," and "its on-going relationship with those banks."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show any relationship between Dubai Islamic Bank and Tadamon Islamic Bank or Al Shamal Bank; or governing, describing, detailing, or otherwise propounding due diligence policies, practices, procedures, and measures employed by Dubai Islamic Bank concerning any such relationship from January 1, 1992 to September 11, 2001.

**REQUEST NO. 107**

Please provide all documents relating to any formal or informal record keeping and document retention policies, practices, or procedures maintained by DIB, any DIB branch, or any DIB subsidiary or affiliate, including without limitation:

    a.    All documents relating to DIB's document retention policies, practices, or procedures for all account documents; and

    b.    All documents relating to DIB's document retention policies, practices, or procedures concerning anti-money laundering, countering the financing of terrorism, bank secrecy compliance, suspicious activity or transaction reporting, cash or currency reporting, and fund transfer functions.

**RESPONSE TO REQUEST NO. 107**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents sufficient to set forth formal record keeping and document retention policies, if any exist.

**REQUEST NO. 108**

Please provide all documents relating to any formal or informal document destruction policies, practices, or procedures maintained by DIB, any DIB branch, or any DIB subsidiary or affiliate, including without limitation, descriptions of all documents destroyed by DIB.

**RESPONSE TO REQUEST NO. 108**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents sufficient to set forth formal document destruction policies, if any exist.

DATED: January 21, 2011                    Respectfully Submitted,

                                           /s/ Steven T. Cottreau_____
                                           Steven T. Cottreau (admitted *pro hac vice*)
                                           Robert G. Houck
                                           Juan P. Morillo (admitted *pro hac vice*)
                                           CLIFFORD CHANCE U.S. LLP
                                           31 West 52nd Street
                                           New York, New York 10019-6131
                                           Telephone: (212) 878-8000

                                           *Counsel for Defendant Dubai Islamic Bank*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | 03 mdl 1570 (GBD) |
| | **Certificate of Service** |

This document relates to:
*Burnett v. Al Baraka Investment & Devel. Corp., 03-cv-9849*
*Federal Insurance Co. v. Al Qaida, 03-cv-6978*
*O'Neill v. Al Baraka Investment & Devel. Corp., 04-cv-01923*
*Continental Casualty Co. v. Al Qaeda, 04-cv-05970*
*Cantor Fitzgerald & Co. v. Akida Bank Private Limited, 04-cv-07065*
*Euro Brokers Inc. v. Al Baraka Investment & Devel. Corp., 04-cv-07279*
*World Trade Center Properties LLC v. Al Baraka Investment & Devel. Corp., 04-cv-07280*

I, Angela E. Stoner, hereby certify that I have this 21st day of January, 2011 caused to be served a true and correct copy of the foregoing documents upon all parties who are filing users in the above-captioned actions by sending the documents by electronic means, pursuant to Case Management Order No. 2 and procedure 9 of the Court's procedures for documents that are not filed through the ECF system.

    /s/ Angela E. Stoner____
    Angela E. Stoner