# Exhibit I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

|  |  |
|---|---|
| *In Re* Terrorist Attacks on September 11, 2001 | ) |
|  | ) No. 03 MDL 1570 (GBD/FM) |
|  | )      ECF Case |

---------------------------------------------------------------  )

## WAEL JELAIDAN'S OPPOSITION TO THE PLAINTIFFS' MOTION TO COMPEL/MOTION FOR SANCTIONS

## I.    Introduction

Wael Jelaidan hereby files through undersigned counsel this opposition to the Plaintiffs'

January 30, 2013, motion to compel and/or motion for sanctions. Mr. Jelaidan encloses with this

opposition various document request letters recently sent to banking institutions (Exhibit 1), the

United Nations (Exhibit 2, which also includes a response from the United Nations), the U.S.

Treasury Department's Office of Foreign Assets Control (Exhibit 3), and the Saudi Arabian

Monetary Authority. (Exhibit 4). Also enclosed is an affidavit (with corresponding letters and

responses) authored by Mr. Bassim Alim and Mr. Aftab Altaf—Mr. Jelaidan's legal team in

Saudi Arabia—outlining, in part, Mr. Jelaidan's efforts in requesting documents (Exhibit 5), and

the attorney-client privileged letter (Exhibit 6) that Mr. Jelaidan has agreed to provide the

Plaintiffs in response to their request outlined in their motion. Pls' Motion to Compel, p. 4.

Undersigned counsel has engaged in many electronic communications with Mr.

Jelaidan's Saudi Arabian counsel regarding document collection, and certainly would be willing

to provide those communications to the Court for an *in camera* inspection—if the Court deems it

necessary. Pertaining to responsive documents to Plaintiffs' supplemental requests, which are

mostly redundant of past requests, Mr. Jelaidan has made it clear that he either has not been able

to collect the relevant documents, or that the requested documents do not exist. (*See* Mr.

Jelaidan's most recent affidavit at Exhibit 7 and Mr. Jelaidan's previous opposition to the

Plaintiffs' October 17, 2011, motion to compel at Exhibit 8).

## II.    Mr. Jelaidan Has Attempted in Good Faith to Collect Responsive Documents But Many of the Banking and Governmental Institutions Have Not Been Compliant

Mr. Jelaidan has in good faith attempted to collect responsive banking documents, and

documents relating to his mistaken designations by various entities. (*See* Exhibits 5, 6, 7, and 8).

In response to Plaintiffs' motion to compel, undersigned counsel has sent document requests to various banking institutions that Mr. Jelaidan has or at one time had a banking relationship with. Such requests are currently outstanding to: Bank Austria, Faisal Finance, Habib Bank, Al Rajhi Banking and Investment Corporation, and the State Bank of Pakistan. (Exhibit 1). These letter document requests should not be viewed as admissions that such documents exist, but just as a best attempt to collect documents if any are available (*e.g.*, some of the bank accounts that the plaintiffs rely on may have been closed decades ago).[1]

### III.   Mr. Jelaidan Does Not Doubt The Accuracy of Professor Gurule's Declaration, But That Declaration Does Not Address The Specific Issues of Mr. Jelaidan's Case

The Plaintiffs' motion to compel touts Professor Jimmy Gurule's declaration that financial institutions are permitted to release information to designated individuals. (Professor Gurule's declaration at Exhibit 9). As the Plaintiffs iterate Professor Gurule's opinions in their January 30, 2013, motion, nothing in the applicable United States executive orders or the United Nations Security Council resolutions preclude financial institutions from releasing banking statements on frozen bank accounts to designated individuals:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked.  (Exhibit 9, ¶ 12).
- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked.  (Exhibit 9, ¶ 13).
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial

---

[1] Habib Bank account number FC-CD-xx 051-1 may have been opened in the mid-1980's, and may have been closed for many years now.

institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked.  (Exhibit 9, ¶ 14).

Mr. Jelaidan does not oppose the accuracy of Professor Gurule's findings. The findings are, however, irrelevant to the precise issue here. It is not whether the financial institutions have the right to provide documents to designated individuals, but rather whether financial institutions are mandated to provide documents to designated individuals. As Mr. Jelaidan, Mr. Bassim Alim, and Mr. Aftab Altaf have stated, the banks have either been non-responsive to requests, or reluctant to release any documents. As a matter of law, the financial institutions are permitted to provide the banking statements to designated individuals, but as a matter of practice, the banks may or may not release the documents for any number of reservations they may have. And as is clear here, the banks have chosen not to be compliant with Mr. Jelaidan's requests.

As discussed above, undersigned counsel has recently sent letters to Mr. Jelaidan's apparent current and past banks in an effort to collect those documents. In the event that those banks previously had any trepidation in dealing with Mr. Jelaidan, hopefully the inclusion of Mr. Gurule's declaration with each letter will assuage any outstanding concerns they may have.

## IV.    Plaintiffs' Supplemental Document Requests are largely duplicative of previous requests

Mr. Jelaidan has reviewed the Plaintiffs' July 31, 2012, supplemental requests for documents, and has no documents responsive to any of the requests, save any responses that may be received from the outstanding letter requests sent by undersigned counsel. As the Plaintiffs' supplemental requests are largely duplicative of their initial requests, any responsive documents have already been provided to the Plaintiffs, or have been submitted in this opposition. Mr. Jelaidan maintains that many of the document requests are wholly irrelevant to him—and so he simply does not have possession of or access to the documents requested.

It is worth noting here that the Plaintiffs' supplemental document requests submitted on July 31, 2012, were untimely—the due date for Defendants' responses was September 4, 2012, five days after the close of discovery on August 30, 2012. Although Mr. Jelaidan was confident that he had no documents to submit in response to the supplemental request, undersigned counsel had asked Plaintiffs' counsel for a short ten day extension of time to file a formal response. (*See* Exhibit 10). Granted, the request for time was on the due date, but Plaintiffs still failed to respond to Mr. Jelaidan's request.

### V.    The Court Should Not Enter a Default Judgment or Sanctions Against Mr. Jelaidan or Counsel

Default judgment is a sanction that should only be used as a "last resort" in extreme situations. *Pennachio v.Powers*, 2010 U.S. Dist. LEXIS 99067, 16-17 (E.D.N.Y. Aug. 9, 2010) ("[T]he Second Circuit regards this sanction as a 'last resort,' preferring litigation on the merits.") (citing *Marfia v. T.C. Ziraat Bankasi*, 100 F.3d 243, 249 (2d. Cir. 1996)); *see also Sec. & Exch. Comm'n v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975) (noting that default judgment is "the most severe sanction which the court may apply').

Default Judgment is appropriate "only where the noncompliance is due to willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." *Hochberg v. Howlett*, 1994 U.S. Dist. LEXIS 5617, No. 92 Civ. 1822, 1994 WL 174337, *3 (S.D.N.Y. May 3, 1994) (citing *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212 (1958)); *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002). And courts are "loath to award a default judgment where the damages demanded are high." *Pennachio*, 2010 U.S. Dist. LEXIS 99067, 16-17 (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d

90, 97 (2d Cir. 1993)). The Court of Appeals has determined that "the sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'willfulness, bad faith, or any fault'…" *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 135 (2d Cir. 2007) (quoting *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir. 1986)).

The three primary factors that impact the exercise of the court's discretion when determining whether the most extreme sanction of default judgment is warranted are: (a) fault or willfulness; (b) the adequacy of notice; and (c) the efficacy of lesser sanctions. *Microsoft Corp. v. Computer Care Ctr., Inc.,* 2008 U.S. Dist. LEXIS 112080, 10 (E.D.N.Y. Apr. 8, 2008) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.,* 58 F.3d 849, 852 (2d Cir. 1995); *see also Dayco Corp. v. Foreign Transactions Corp.,* 1984 U.S. Dist. LEXIS 15031, 6-7 (S.D.N.Y. July 11, 1984) ("[The Court] recognize[s] that even repeated instances of non-compliance with discovery orders will not justify imposition of the most drastic sanction, *i.e.,* entry of a default judgment, where the defendant's 'failure to comply has been due to inability, and not to willfulness, bad faith, or any fault' of the defendant.") (quoting *Nat'l Hockey League v. Metro. Hockey Club,* 427 U.S. 639, 640 (1976)).

Because Mr. Jelaidan has not acted in bad faith, a default judgment should not be entered against him. Mr. Jelaidan himself, his Saudi counsel, and undersigned counsel here, have requested banking documents on his behalf, and at least until now, those institutions have largely been unwilling to provide Mr. Jelaidan with any responsive documents. (Exhibits 1, 4, 5, 6, and 7). And as mentioned, many of the documents requested by the Plaintiffs' July 31, 2012 supplemental document request are duplicative of previous requests; but in any event, Mr. Jelaidan simply does not have in his possession or under his control any documents responsive to

those requests.

The Plaintiffs' case law discussed in footnote 3 of their January 30, 2013, motion to compel, p. 4, is not analogous to this case. *Am. Cash Card Corp. v. AT&T Corp.*, 184 F.R.D. 521 (S.D.N.Y. 1999) does not help the plaintiffs' because in that case the litigant's disobedience was willful—that litigant intentionally violated five discovery orders. *Id*. at 522. Here, neither Mr. Jelaidan nor his counsels have acted in bad faith, and neither has willfully disregarded discovery orders. As mentioned, in most discovery items requested by the Plaintiffs, Mr. Jelaidan simply does not have any responsive documents.

Similarly, *Montblanc-Simplo GMBH v. Colibri Corp.*, 692 F. Supp. 2d 245 (E.D.N.Y. 2010) is not analogous to this case—in Montblanc the litigant had acted willfully and intentionally—Mr. Jelaidan has been engaged in the discovery process, along with his representatives, and the fact remains that Mr. Jelaidan does not have most of the documents requested. Mr. Jelaidan has provided the Plaintiffs with some discovery, and has provided his own sworn testimony—Mr. Jelaidan has every intention to litigate this matter to clear his name; most perceived shortfalls in his document production are due to inability, not willfulness. *Contra Montblanc*, 692 F. Supp. 2d at 252 (explaining that default judgment was warranted because the litigant refused to litigate the matter and provide discovery, which demonstrated his willfulness).

Lastly and likewise, *Owen v. No Parking Today, Inc.*, 280 F.R.D. 106 (S.D.N.Y. 2011) is not helpful. In *Owen*, the litigant had been deposed twice, and also had intentionally misled— and frequently misled—the Plaintiff as to the nature of the search it had conducted. *Id*. at 111. Plaintiffs have not yet deposed Mr. Jelaidan, and as discussed above, neither Mr. Jelaidan nor his representatives have intentionally misled the Plaintiffs.

## VI.    Conclusion

If the Court would like an *in camera* inspection of any privileged materials, *i.e.*, communications between counsel for Mr. Jelaidan, undersigned counsel is more than willing to provide the Court with such opportunity. Undersigned counsel, in response to the Plaintiffs' motion and the November 16, 2011, discovery hearing, has sent letters to potentially relevant financial institutions and government agencies in an attempt to find responsive documents. (Exhibits 1, 2, 3, and 4). But it remains that most of the Plaintiffs' supplemental and previous requests are wholly irrelevant to Mr. Jelaidan, and he simply does not have such documents. Mr. Jelaidan and his counsel have been actively engaged in the discovery process, and have prosecuted discovery in this matter with good faith. We are hopeful that when the Plaintiffs depose Mr. Jelaidan they will find that they have mistakenly accused him—Mr. Jelaidan has been a life-long humanitarian.

Respectfully submitted,

_____/s/_____
Martin F. McMahon, Esq.
Counsel for Defendant Wael Jelaidan

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2013, I caused the foregoing Opposition to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to § 2:9(a). Electronic case filing, 1 Civil Practice in the Southern District of New York § 2:9 (2d ed.).

/s/ Martin McMahon

_____

Martin McMahon, Esq.

# Exhibit 1

## MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
Managing Partner
Admitted in District of Columbia, New York
and U.S. District Court of Maryland

OLIVER TWADDELL
Associate
Admitted in New York
U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
Associate
Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. D'UBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 21, 2013

Bank Austria
1010 Wien, Schottengasse 6-8

### Re: URGENT: Request for Mr. Wael Hamza Jelaidan's Bank Records and/or File

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents Mr. Wael Jelaidan in connection with multi-district civil litigation in the United States District Court for the Southern District of New York.

Mr. Jelaidan is a defendant in that litigation and has been the subject of multiple document requests and a motion to compel, requesting that Mr. Jelaidan obtain all his bank statements and any related documents from each bank that he has had an affiliation with over the past many years. We believe that Mr. Jelaidan has held, or has been a signatory of, one or more bank accounts at <u>Bank Austria. One such account is: xxxxx1587.</u>

Mr. Jelaidan has on many occasions requested his banking documents from Bank Austria but has either been met with no response or a rejection. As your institution may know, Mr. Jelaidan has been designated by the United Nation's 1267 committee. We fear that this designation may have been misunderstood by many of his banks, resulting in a hindrance to Mr. Jelaidan's ability to request, receive, and produce any documents in response to numerous document requests filed in the civil litigation in New York. And as a result, the non-production of documents has adversely affected Mr. Jelaidan's ability to fairly and successfully adjudicate the civil case against him.

In order to assuage any concerns you may have in releasing documents to my firm on behalf of Mr. Jelaidan, **I want to assure your institution that it is permitted to release banking statements and related records—of course, you are *not* permitted to release any funds.** Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

1

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.
- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As informed by Professor Gurule, your institution will not be violating international banking law by only releasing Mr. Jelaidan's bank statements and related documents. In fact, as Mr. Gurule explains in his affidavit, the release of records help to confirm that frozen assets and funds are indeed frozen consistent with the rules and regulations that attach to designated or listed individuals. *See* Affidavit, ¶ 15.

At your earliest convenience, please release any banking statements and/or files you have for Mr. Jelaidan to my law firm address listed above. If you choose not to release the records, please send a letter affirming that either Mr. Jelaidan has never held or been a signatory of an account at your bank, or that Mr. Jeladian's bank account[s] have not experienced any activity since being frozen. If you wish to learn more about the release of documents to designated individuals before releasing Mr. Jelaidan's documents, please call or write us immediately at the contact information listed above. Finally, if you need proof of our right to legally make such a request on Mr. Jelaidan's behalf, please advise. If you require the execution of a power of attorney, please send us a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from you shortly.

Respectfully,

Martin F. McMahon, Esq.

2

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
Managing Partner
Admitted in District of Columbia, New York
and U.S. District Court of Maryland

OLIVER TWADDELL
Associate
Admitted in New York
U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
Associate
Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 21, 2013

Faisal Finance (Switzerland) S.A.
3, Quai du Mont-Blanc
P.O. Box 1494-1211
Geneva, Switzerland

### Re: URGENT: Request for Mr. Wael Hamza Jelaidan's Bank Records and/or File

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents Mr. Wael Jelaidan in connection with multi-district civil litigation in the United States District Court for the Southern District of New York.

Mr. Jelaidan is a defendant in that litigation and has been the subject of multiple document requests and a motion to compel, requesting that Mr. Jelaidan obtain all his bank statements and any related documents from each bank that he has had an affiliation with over the past many years.  Mr. Jelaidan has held a bank account ending in x0409 at Faisal Finance.

Mr. Jelaidan has on many occasions requested his banking documents from Faisal Finance but has either been met with no response or a rejection. As your institution may know, Mr. Jelaidan has been designated by the United Nation's 1267 committee. We fear that this designation may have been misunderstood by many of his banks, resulting in a hindrance to Mr. Jelaidan's ability to request, receive, and produce any documents in response to numerous document requests filed in the civil litigation in New York. And as a result, the non-production of documents has adversely affected Mr. Jelaidan's ability to fairly and successfully adjudicate the civil case against him.

In order to assuage any concerns you may have in releasing documents to my firm on behalf of Mr. Jelaidan, **I want to assure your institution that it is permitted to release banking statements and related records—of course, you are *not* permitted to release any funds.**
Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of

1

Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.
- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As informed by Professor Gurule, your institution will not be violating international banking law by only releasing Mr. Jelaidan's bank statements and related documents. In fact, as Mr. Gurule explains in his affidavit, the release of records help to confirm that frozen assets and funds are indeed frozen consistent with the rules and regulations that attach to designated or listed individuals. *See* Affidavit, ¶ 15.

**At your earliest convenience, please release any banking statements and/or files you have for Mr. Jelaidan to my law firm address listed above. If you choose not to release the records, please send a letter affirming that Mr. Jeladian's bank account[s] have not experienced any activity since being frozen.** If you wish to learn more about the release of documents to designated individuals before releasing Mr. Jelaidan's documents, please call or write us immediately at the contact information listed above. Finally, if you need proof of our right to legally make such a request on Mr. Jelaidan's behalf, please advise. If you require the execution of a power of attorney, please send us a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from you shortly.

Respectfully,

Martin F. McMahon, Esq.

2

## MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
Managing Partner
Admitted in District of Columbia, New York
and U.S. District Court of Maryland

OLIVER TWADDELL
Associate
Admitted in New York
U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
Associate
Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUROW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 21, 2013

Habib Bank
Habib Bank Plaza
I.I.Chundrigar Road
Karachi-75650, Pakistan

<u>Re: URGENT: Request for Mr. Wael Hamza Jelaidan's Bank Records and/or File</u>

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents Mr. Wael Jelaidan in connection with multi-district civil litigation in the United States District Court for the Southern District of New York.

Mr. Jelaidan is a defendant in that litigation and has been the subject of multiple document requests and a motion to compel, requesting that Mr. Jelaidan obtain all his bank statements and any related documents from each bank that he has had an affiliation with over the past many years. We believe that Mr. Jelaidan has held, or has been a signatory of, one or more bank accounts at <u>Habib Bank. One account may be: FC-CD xx 051-1</u>.

Mr. Jelaidan has on many occasions requested his banking documents from Habib Bank but has either been met with no response or a rejection. As your institution may know, Mr. Jelaidan has been designated by the United Nation's 1267 committee. We fear that this designation may have been misunderstood by many of his banks, resulting in a hindrance to Mr. Jelaidan's ability to request, receive, and produce any documents in response to numerous document requests filed in the civil litigation in New York. And as a result, the non-production of documents has adversely affected Mr. Jelaidan's ability to fairly and successfully adjudicate the civil case against him.

In order to assuage any concerns you may have in releasing documents to my firm on behalf of Mr. Jelaidan, **I want to assure your institution that it is permitted to release banking statements and related records—of course, you are *not* permitted to release any funds.** Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of

1

Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.
- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As informed by Professor Gurule, your institution will not be violating international banking law by only releasing Mr. Jelaidan's bank statements and related documents. In fact, as Mr. Gurule explains in his affidavit, the release of records help to confirm that frozen assets and funds are indeed frozen consistent with the rules and regulations that attach to designated or listed individuals. *See* Affidavit, ¶ 15.

**At your earliest convenience, please release any banking statements and/or files you have for Mr. Jelaidan to my law firm address listed above. If you choose not to release the records, please send a letter affirming either that Mr. Jelaidan has never held accounts, or been a signatory of any account[s] at Habib Bank, or that Mr. Jelaidan's bank account[s] have not experienced any activity since being frozen.** If you wish to learn more about the release of documents to designated individuals before releasing Mr. Jelaidan's documents, please call or write us immediately at the contact information listed above. Finally, if you need proof of our right to legally make such a request on Mr. Jelaidan's behalf, please advise. If you require the execution of a power of attorney, please send us a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from you shortly.

Respectfully,

Martin F. McMahon, Esq.

2

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
Managing Partner
Admitted in District of Columbia, New York
and U.S. District Court of Maryland

OLIVER TWADDELL
Associate
Admitted in New York
U.S. Court of Appeals for Veterans Claims

JOHN ZEYHAN
Associate
Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 21, 2013

Habib Bank
4th Floor, Habib Bank Tower
Jinnah Avenue
Islamabad, Pakistan

<u>Re: URGENT: Request for Mr. Wael Hamza Jelaidan's Bank Records and/or File</u>

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents
Mr. Wael Jelaidan in connection with multi-district civil litigation in the United States District
Court for the Southern District of New York.

Mr. Jelaidan is a defendant in that litigation and has been the subject of multiple document
requests and a motion to compel, requesting that Mr. Jelaidan obtain all his bank statements and
any related documents from each bank that he has had an affiliation with over the past many
years.  We believe that Mr. Jelaidan has held, or has been a signatory of, one or more bank
accounts at Habib Bank. One account may be: FC-CD xx 051-1.

Mr. Jelaidan has on many occasions requested his banking documents from Habib Bank but has
either been met with no response or a rejection. As your institution may know, Mr. Jelaidan has
been designated by the United Nation's 1267 committee. We fear that this designation may have
been misunderstood by many of his banks, resulting in a hindrance to Mr. Jelaidan's ability to
request, receive, and produce any documents in response to numerous document requests filed in
the civil litigation in New York. And as a result, the non-production of documents has adversely
affected Mr. Jelaidan's ability to fairly and successfully adjudicate the civil case against him.

In order to assuage any concerns you may have in releasing documents to my firm on behalf of
Mr. Jelaidan, **I want to assure your institution that it is permitted to release banking
statements and related records—of course, you are *not* permitted to release any funds.**
Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of

1

Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.
- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As informed by Professor Gurule, your institution will not be violating international banking law by only releasing Mr. Jelaidan's bank statements and related documents. In fact, as Mr. Gurule explains in his affidavit, the release of records help to confirm that frozen assets and funds are indeed frozen consistent with the rules and regulations that attach to designated or listed individuals. *See* Affidavit, ¶ 15.

At your earliest convenience, please release any banking statements and/or files you have for Mr. Jelaidan to my law firm address listed above. If you choose not to release the records, please send a letter affirming either that Mr. Jelaidan has never held accounts, or been a signatory of any account[s] at Habib Bank, or that Mr. Jelaidan's bank account[s] have not experienced any activity since being frozen. If you wish to learn more about the release of documents to designated individuals before releasing Mr. Jelaidan's documents, please call or write us immediately at the contact information listed above. Finally, if you need proof of our right to legally make such a request on Mr. Jelaidan's behalf, please advise. If you require the execution of a power of attorney, please send us a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from you shortly.

Respectfully,

Martin F. McMahon, Esq.

2

## MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
  Managing Partner
  Admitted in District of Columbia, New York
  and U.S. District Court of Maryland

OLIVER TWADDELL
  Associate
  Admitted in New York
  U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
  Associate
  Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
  Of Counsel
  Admitted in Virginia and the District of
  Columbia

JASON A. DZUBOW
  Of Counsel
  Admitted in District of Columbia and
  Maryland

ROBERT MANCE
  Of Counsel
  Admitted in District of Columbia and
  Maryland

February 21, 2013

State Bank of Pakistan
Central Directorate
I.I. Chundrigar Road
Karachi, Pakistan

Re: **URGENT: Request for Mr. Wael Hamza Jelaidan's Bank Records and/or File**

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents Mr. Wael Jelaidan in connection with multi-district civil litigation in the United States District Court for the Southern District of New York.

Mr. Jelaidan is a defendant in that litigation and has been the subject of multiple document requests and a motion to compel, requesting that Mr. Jelaidan obtain all his bank statements and any related documents from each bank that he has had an affiliation with over the past many years. We believe that Mr. Jelaidan has held, or has been a signatory of, one or more bank accounts at Al Rajhi Banking & Investment Corporation, Habib Bank, Bank Austria, and Faisal Finance

Mr. Jelaidan has on many occasions requested his banking documents from the abovementioned banks but has either been met with no response or a rejection. As your institution may know, Mr. Jelaidan has been designated by the United Nation's 1267 committee. We fear that this designation may have been misunderstood by many of his banks, resulting in a hindrance to Mr. Jelaidan's ability to request, receive, and produce any documents in response to numerous document requests filed in the civil litigation in New York. And as a result, the non-production of documents has adversely affected Mr. Jelaidan's ability to fairly and successfully adjudicate the civil case against him.

In order to assuage any concerns you may have in releasing documents to my firm on behalf of Mr. Jelaidan, **I want to assure your institution that it is permitted to release banking**

1

statements and related records—of course, you are *not* permitted to release any funds.
Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of
Notre Dame, and former Under Secretary of Enforcement at the United States Department of
Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated
  thereunder, nor the text of UN Security Resolution 1267, nor any related
  Security Council resolutions, preclude a financial institution from providing a
  designated or listed party with account statements concerning an account that
  has been frozen or blocked. *See* Affidavit, ¶ 12.
- Neither the Treasury Department nor the UN 1267 Committee have ever
  interpreted either E.O. 13224 or UN Security Resolution 1267, or any related
  regulations or security resolutions, to preclude a financial institution from
  providing a designated or listed party with account statements concerning an
  account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have
  ever prohibited or banned or taken action otherwise to preclude a financial
  institution from providing a designated or listed party with account statements
  concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As informed by Professor Gurule, your institution will not be violating international banking law
by only releasing Mr. Jelaidan's bank statements and related documents. In fact, as Mr. Gurule
explains in his affidavit, the release of records help to confirm that frozen assets and funds are
indeed frozen consistent with the rules and regulations that attach to designated or listed
individuals. *See* Affidavit, ¶ 15.

At your earliest convenience, please release any and all banking statements and/or files you
have for Mr. Jelaidan to my law firm address listed above. If you choose not to release the
records, please send a letter affirming that Mr. Jeladian's bank account[s] have not
experienced any activity since being frozen. If you wish to learn more about the release of
documents to designated individuals before releasing Mr. Jelaidan's documents, please call or
write us immediately at the contact information listed above. Finally, if you need proof of our
right to legally make such a request on Mr. Jelaidan's behalf, please advise. If you require the
execution of a power of attorney, please send us a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from
you shortly.

Respectfully,

Martin F. McMahon, Esq.

2

# ARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
  Managing Partner
  Admitted in District of Columbia, New York
  and U.S. District Court of Maryland

OLIVER TWADDELL
  Associate
  Admitted in New York
  U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
  Associate
  Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 21, 2013

Al Rajhi Banking & Investment Corporation (Malaysia) Berhard
Ground Floor, East Block
Wisma Selangor Dredging
142-B Jalan Ampang
50450 Kuala Lumpur
Malaysia

### Re: URGENT: Request for Mr. Wael Hamza Jelaidan's Bank Records and/or File

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents Mr. Wael Jelaidan in connection with multi-district civil litigation in the United States District Court for the Southern District of New York.

Mr. Jelaidan is a defendant in that litigation and has been the subject of multiple document requests and a motion to compel, requesting that Mr. Jelaidan obtain all his bank statements and any related documents from each bank that he has had an affiliation with over the past many years.  We believe that Mr. Jelaidan has held, or has been a signatory of, one or more bank accounts at <u>Al Rajhi Banking & Investment Corporation</u>.

Mr. Jelaidan has on many occasions requested his banking documents from Al Rajhi B and I Corp but has either been met with no response or a rejection. As your institution may know, Mr. Jelaidan has been designated by the United Nation's 1267 committee. We fear that this designation may have been misunderstood by many of his banks, resulting in a hindrance to Mr. Jelaidan's ability to request, receive, and produce any documents in response to numerous document requests filed in the civil litigation in New York. And as a result, the non-production of documents has adversely affected Mr. Jelaidan's ability to fairly and successfully adjudicate the civil case against him.

1

In order to assuage any concerns you may have in releasing documents to my firm on behalf of Mr. Jelaidan, **I want to assure your institution that it is permitted to release banking statements and related records—of course, you are *not* permitted to release any funds.** Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.
- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As informed by Professor Gurule, your institution will not be violating international banking law by only releasing Mr. Jelaidan's bank statements and related documents. In fact, as Mr. Gurule explains in his affidavit, the release of records help to confirm that frozen assets and funds are indeed frozen consistent with the rules and regulations that attach to designated or listed individuals. *See* Affidavit, ¶ 15.

At your earliest convenience, please release any banking statements and/or files you have for Mr. Jelaidan to my law firm address listed above. If you choose not to release the records, please send a letter affirming that either Mr. Jelaidan has never held or been a signatory of an account at your bank, or that Mr. Jelaidan's bank account[s] have not experienced any activity since being frozen. If you wish to learn more about the release of documents to designated individuals before releasing Mr. Jelaidan's documents, please call or write us immediately at the contact information listed above. Finally, if you need proof of our right to legally make such a request on Mr. Jelaidan's behalf, please advise. If you require the execution of a power of attorney, please send us a copy of your typical power of attorney form.

Thank you for your attention to this very important matter and we look forward to hearing from you shortly.

Respectfully,

Martin F. McMahon, Esq.

2

# Exhibit 2

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
  Managing Partner
  Admitted in District of Columbia, New York
  and U.S. District Court of Maryland

OLIVER TWADDELL
  Associate
  Admitted in New York
  U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
  Associate
  Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

February 21, 2013

Office of the Ombudsperson
Room TB-08041D
United Nations
New York, NY 10017

### Re: URGENT: Request for Mr. Wael Hamza Jelaidan's File

Dear Sir or Madame,

This letter serves to inform you that my law firm, Martin McMahon and Associates represents Mr. Wael Jelaidan in connection with multi-district civil litigation in the United States District Court for the Southern District of New York.

Mr. Jelaidan is a defendant in that litigation and has been the subject of multiple document requests and a motion to compel, requesting that Mr. Jelaidan obtain all his bank statements and any documents relating to his designations from each institution he has banked with and other entities such as the United Nations.

As your institution knows, Mr. Jelaidan has been designated by the United Nation's 1267 committee. We fear that this designation may have been misunderstood by many of his banks, resulting in a hindrance to Mr. Jelaidan's ability to request, receive, and produce any documents in response to numerous document requests filed in the civil litigation in New York. And as a result, the non-production of documents has adversely affected Mr. Jelaidan's ability to fairly and successfully adjudicate the civil case against him.

**At your earliest convenience, please release any files and records relating to Mr. Jelaidan's designation to my law firm address listed above.** We understand that you may only release certain documents that are not determined to be classified. If you need proof of our right to legally make such a request on Mr. Jelaidan's behalf, please advise. If you require the execution of a power of attorney, please send us a copy of your typical power of attorney form.

1

Thank you for your attention to this very important matter and we look forward to hearing from you shortly. If you require any additional information, please advise.

Respectfully,

Martin F. McMahon, Esq.

2

Case 1:03-md-01570-GBD-SN   Document 2988-11   Filed 08/10/15   Page 27 of 30
Case 1:03-md-01570-GBD-FM   Document 2702   Filed 03/14/13   Page 26 of 60
Mail - Rabita Trust and Wael Jelaiden                                                    Page 1 of 1



**Martin McMahon< mm@martinmcmahonlaw.com>**

## Rabita Trust and Wael Jelaiden

**Ombudsperson** < ombudsperson@un.org>                          Wed, Feb 27, 2013 at 12:13 PM
To: mm@martinmcmahonlaw.com

Dear Mr. McMahon,

*I acknowledge receipt of your letters regarding Rabita Trust and Mr. Wael Jelaiden. The role of the
Ombudsperson is to consider any requests for de-listing from the Al-Qaida Sanctions List. After a period of
information gathering and dialogue with the Petitioner and any relevant State(s), I prepare and submit a
Comprehensive Report to the Committee which contains a recommendation for de-listing. Unfortunately,
the request submitted in your letters falls outside of my mandate with the Security Council. More
information on my role can be found on my website at the following address:
http://www.un.org/en/sc/ombudsperson/*

In these circumstances, I have passed on your letters to the Secretary of the Al-Qaida Sanctions
Committee, Mr. Kiho Cha (cha@un.org), who in turn will notify the Chair of the Committee as to your
request.

If you have any questions or require further clarification please do not hesitate to contact me.

Kimberly Prost
Ombudsperson

# Exhibit 3

# MARTIN F. McMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. McMAHON
  Managing Partner
  Admitted in District of Columbia, New York
  and U.S. District Court of Maryland

OLIVER TWADDELL
  Associate
  Admitted in New York
  U.S. Court of Appeals for Veterans Claims

JOHN ZEVITAS
  Associate
  Admitted in Massachusetts

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

CHRISTINE M. HILGEMAN
Of Counsel
Admitted in Virginia and the District of
Columbia

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

19 February 2013

<u>VIA FIRST CLASS MAIL</u>

Office of Foreign Assets Control
U.S. Department of Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, DC  20220

### <u>Re: Rabita Trust and Wael Jelaidan</u>

To Whom It Concerns,

We are counsel to Rabita Trust (RT) and Wael Jelaidan (WJ), and have the requisite licenses to legally represent them. As you may be aware, both RT and WJ are defendants in the multi-district litigation currently being adjudicated in the U.S. District Court for the Southern District of New York.

<u>**We are writing to request a copy of the unclassified administrative record for both RT and WJ**</u>. <u>**If you are unable to provide us with a hard copy of the record, please inform us whether the record contains any banking statements or other financial documents concerning any banking institutions that either WJ or RT had relationships with**</u>.

This information is important because both WJ and RT have not been able to secure from their respective banks directly, any of those banking records after exhaustive attempts to do so. The many banks they have relationships with (and have frozen their accounts) seem unwilling to accommodate any requests for banking statements, despite RT and WJ's right to the information. Please find attached an affidavit by Mr. Jimmy Gurule, a Professor of Law at the University of Notre Dame, and former Under Secretary of Enforcement at the United States Department of Treasury. Professor Gurule declares:

- Neither the text of E[xecutive] O[rder] 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a

1

designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 12.

- Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 13.
- And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked. *See* Affidavit, ¶ 14.

As soon as possible, please provide us with any information pertinent to the above request. My firm will follow up with your office shortly. Thank you in advance for your attention to this important matter.

Very truly yours,

*/s/ Martin F. McMahon*

Martin McMahon, Esq.
Managing Partner

2