# EXHIBIT S

بِسْمِ اللهِ الرَّحْمٰنِ الرَّحِيْمِ

FROM: MANSOOR ALAM
DIRECTOR GENERAL (AAIT)
TEL: 820953.

SECRET

*Ministry of Foreign Affairs*
*Islamabad*

No.D.752-DG(AAIT)/89.                   21 February 1989.

My dear Chief Secretary,

      Please refer to your letter No.125-PS/CS/89(D), dated 5th February, 1989 concerning undesirable activities of Aqeel A. A. Alaqeel, Director, Saudi Red Crescent Office in Quetta.

2.    We have taken up the matter with the Saudi Embassy in Islamabad and have been assured that Mr. Alaqeel would be shifted from Quetta in view of his undesirable activities.

Yours sincerely,

( MANSOOR ALAM )

Mr. S. R. Poonegar,
Chief Secretary,
Government of Baluchistan,
QUETTA.

MR/PAK000001

BUR-PEC-075116

BEFORE THE COLLECTOR QUETTA.

Saudi Red Crescent through
Director Block 5 Sattelite
Town, Quetta. ------ Appellant.

Versus

1. Assistant Collector/
   Tehsildar Quetta.

2. Maulvi Mohammad s/o Khair
   Mohammad r/o Block-3
   Sattelite Town, Quetta. ------ Respondents.

APPEAL AGAINST THE ORDER 2-2-1987
WHEREBY MUTATION NO. 219 WAS ATTESTED
IN THE NAME OF RESPONDENT NO. 2 BY
THE RESPONDENT NO. 1 WHICH IS CONTRARY
TO FACTS LAW & EQUITY WITH THE PRAYER
TO SET ASIDE THE SAME.

The appellant respectfully submits as under:-

1.  The brief facts of the case are that the appellant is performing their function for the welfare of the Muslims of world specially for the people of Pakistan and Afghan Refugees.

2.  That the respondent No. 2 who was their employee and was working as Checking Clerk and he was entrusted a duty for the purchase of land in Mauza Takhtani, Tehsil & District Quetta for the purpose of construction of a Mosque and Madrissa and purchased a land measuring 48 Rod 14 Pole situated in Takhtani Jadid, Mauza Takhtani, Tehsil & District Quetta comprising upon Khasra No. 604/282, 606/281, 608/348/280 and paid the amount of Rs. 14,54,700/- to the owner of said land namely Haji Khuda-e-Dad Jatak by the appellant through respondent No. 2.

MR/PAK000002

BUR-PEC-075117

-: ( ) :-

for Rs.6,00,000/- vide Cheque No.09293497 dated 25.9.1986,/Cheque No.10726130 dated 20-2-1987 for Rs.5,54,700/- and Cheque No.12700838 dated 20-7-1987 for Rs.3,00,000/-

3. That in fact the respondent No.2 was directed to purchase the land in question in the name of 'HARAMAIN COMPLEX' (            ) which is a branch of the appellant and is specially created for the purpose of relegious education i.e. construction of mosque, madrissa and the employment of religious teachers as well as purchase of religious books.

4. That the respondent No.2 had committed fraud with the appellant and has concealed the facts whereby he has got the mutation number 219 comprising upon Khasra No.604/282, 605/281, 606/348/280 dated 2-2-1987 measuring 46 Roda 14 Pols in his own name.

5. That as the Director of the appellant is a Foreigner (            ) and is resident of Saudi Arabia is not aware about the dealings in Pakistan and the legal requirements and has been throughout insisting upon the respondent No.2 to please produce the said mutation so that the record of the mosque and Madrissa be completed.

6. That the appellant insisted upon for the production of the Fard/Intaqal, the respondent No.2 left the service of the appellant without information or permission whatsoever, therefore, the appellant applied for the mutation in question and it was revealed that the appellant has been decieved by the respondent No.2. Hence this appeal on the following amongst other grounds:-

G R O U N D S

A.- That the appellant has paid the amount of the above mentioned land through cheques, therefore, is entitled to th-

MR/PAK000003

BUR-PEC-075118

:- ( ) -:

cancellation of the mutation in question.

B.- That the property in question is in the possession of the appellant and they have constructed thereon a Mosque while the construction of Madrissa is in progress.

C.- That the owner of the land was well in time informed and was aware about the fact that the land in question has been purchased by the appellant for religious purposes. On this ground too the mutation No.219 dated 2-2-1987 required to be cancelled.

D.- That an application under section 5 of the Limitation Act is being filed as the appellant only came to know on 24.5.89 that they have been decieved for the condonation of delay whatsoever.

Eym It is therefore prayed that mutation No.219 dated 2-2-1987 consisting upon a land of 48 kodh 14 Pols situated at Khasra No.604/282, 606/281 608/348/280 be cancelled and the respondent No.1 be further directed to incoporate in the revenue record the land in question in the name of Haramain Complex ( حرمین کمپلیکس ) a branch of the appellant through Saudi Red Crescent, Quetta Branch in the inake interest of justice, fair play and equity.

Quetta.
Dated:- 30-5-1989

Appellant.
through Director.

MR/PAK000004

BUR-PEC-075119

IN THE COURT OF CIVIL JUDGE, QUETTA.
\*\*\*\*



Moulvi Muhammad...                                     ...Plaintiff

              V/s.

Saudi Red Crescent and others..              ...Defendants.

SUIT FOR DECLARATION.
\*\*\*\*
APPLICATION UNDER ORDER VI RULE 17 CPC
READ WITH SECTIO ORDER I RULE 10 C.P.C.
READ WITH SECTION 151 CPC.

The Plaintiff respectfully submits as under :-

1.  That the above noted case is pending before this Hon'able Court and the name is fixed for 30.9.1989 for ex-parte evidence. The suit was filed on 20.7.1989 and simultaneously the Plaintiff had initiated proceedings before the Assistant Collector Cum Tehsildar Quetta wherein he has challenged the mutation entry No.219. This Hon'able Court was pleased to issue a status quo order on 20.7.1989 which was placed before the Tehsildar and request was made that he should restrain from making any order. However, on 7.8.1989 he cancelled the mutation No.219 existing in favour of the Plaintiff and effected the mutation No.420 in favour of the defendant whereby the property has been transferred to it. The said order of the Collector is totally illegal, void and without lawful authority and of no legal consequence because during the pendency of the suit he had no jurisdiction to adjudicate upon the rights of the parties. The action of Tehsildar is illegal and has

MR/PAK000005

BUR-PEC-075120

- 2 -

seriously prejudiced the Plaintiff, as such in the peculiar circumstances a need has arisen to challenge the said order in this suit by making amendment in the plaint. The proposed amendment is as under :-

Para 6(a) :

" That the defendant had filed an appeal before the Collector Quetta challenging the mutation No.219 existing in favour of the Plaintiffs. The Collector remanded the matter to Tehsildar by means of order dated 20.8.1989 and directed him to decide the same according to law. By that time the present suit was already filed and status quo order was issued which fact was placed before him. However, he having no lawful authority and jurisdiction passed order dated 7.9.1989 and persuant of the same mutation No.420 was attested on 9.9.1989, copies of the same are filed herewith. The order dated 7.9.1989 passed by Tehsildar Quetta is totally illegal, void and without lawful authority and consequently mutation No.420 is also illegal and contrary to law; as such liable to be declared so."

In the prayer clause following amendment is required to be made :-

Proposed amendment.

After second line on page 5 of the plaint :

That the order dated 7.9.1989 passed by defendant No.3 and mutation No.420 attested by Tehsildar Quetta is totally illegal, void, without lawful authority and does not confer any title to the defendant therefore, liable to be declared as such and the Tehsildar Quetta may be directed to restore mutation No.219 in favour of the Plaintiff.

2. That since the order of Tehsildar Quetta is being proposed to be challenged by way of amendment in the suit therefore, it would be expedient to allow the Plaintiff

Contd.P/3

MR/PAK00000

BUR-PEC-075121

- 3 -

to also implead him as defendant in the suit so that the decree which may be passed ultimately is effectively executed. xx

3. That the above amendment would not change the cause of action nor the relief claimed by the Plaintiff but the same would promote adjudication of the matter particularly when the above events have occured during the pendency of the suit.

4. That this application is supported by an affidavit.

It is accordingly respectfully prayed that the amendment as proposed above may kindly be allowed in the interest of justice and Tehsildar Cum Collector Grade-I Quetta may kindly be allowed to be impleaded as defendant in the suit, in the interest of justice. The amended plaint is also attached herewith.

Quetta  
Dated: 28-9-1989

Plaintiff

AFFIDAVIT.

I, Moulvi Muhammad son of Khair Muhammad, resident of Block No. III Satellite Town, Quetta, adult, muslim do hereby solemnly affirm and state that the contents of above application are correct to the best of my knowledge and belief and nothing relevant has been concealed therefrom.

Deponent

MR/PAK000007

BUR-PEC-075122

IN THE COURT OF CIVIL JUDGE FIRST CLASS QUETTA.

Moulvi Muhammad sonof Khair Muhammad.  .Plaintiff-
Applicant.

Versus

Saudi Red Crescent and others. . . . Respondents.

SUIT FOR DECLARATION.

APPLICATION UNDER ORDER 39 RULE 2(3) C.P.C.
READ WITH SECTION 3 OF CONTEMPT OF COURTS
ACT, 1976.

The Plaintiff-Applicant respectfully submits as under:-

1. That the above noted case is pending before this Hon'ble Court and is fixed before this Hon'ble Court on 12.10.1989.

2. That the suit was filed on 20.7.1989 in which status-quo order was ordered to be maintained in respect of disputed property.

2. That the defendant No.1 had filed an appeal before the Collector Quetta challenging the mutation No.219 attested on 2.2.1987 on 30.5.1989. The said appeal was not decided on merits and the matter was referred to Tehsildar-cum-Assistant Collector Grade-I, Quetta for disposal. The matter came up before the Tehsildar, Quetta who was informed that since the dispute relating to the property in question is pending in the civil court in which status-quo order has been passed, therefore, no proceedings may be taken. The Tehsildar instead of staying the proceedings before him passed an order dated 7.9.1989 whereby mutation No.219 has

MR/PAK000008

BUR-PEC-075123

– : 2 : –

been cancelled. The said order of Tehsildar has been obtained on the instance of respondents No.1 and 2 who were also aware of the passing of the status-quo order by this Hon'ble Court.

4. That the respondents have deliberately and intentionally disobeyed and violated the status-quo order passed by ~~this~~ this Hon'ble Court and have committed contempt of this Hon'ble Court under the provisions of Order 39 Rule 2(3) CPC as well as under section 3 of the Contempt of courts Act, 1976, therefore they are liable to be proceeded under the said law.

5. That this application is supported by an affidavit.

It is accordingly respectfully prayed that contempt proceedings may kindly be initiated against the respondents and they be punished in the interest of justice.

Dated 4.10.1989.                                   PLAINTIFF-APPLICANT

AFFIDAVIT.

I, Moulvi Muhammad son of Khair Muhammad, muslim, adult, aged about ___ years, resident of Block No.3, Satellite Town, Quetta do hereby solemnly swear and state on Oath that the contents of the above application are true and correct to the best of my knowledge and belief and nothing relevant has been concealed therefrom or mis-stated therein.

DEPONENT.



IN THE COURT OF CIVIL JUDGE, QUETTA.

*16*

20/4/1993

Civil Judge I
Quetta

Maulvi Mohammad son of
Khair Mohammad, resident of
Block No.5, Satellite Town,
Quetta. .......................... Plaintiff.

Versus.

1. Saudi Red Crescent,
   Block No.5, Satellite Town Quetta,
   through its Director.

2. Shaikh Aqeel Abdul Aziz,
   Manager Harmain Shareefain
   Establishment, Pakistan,
   Block No.5, Satellite Town,
   Quetta.

3. Tehsildar/Assistant Collector,
   Grade-I, Quetta.

4. Haji Shahdad Khan.

5. Haji Bakhtiar Khan.
   Both sons of Bachhi Khan,
   by caste Jatak, residents of
   Mouza Takhtani/Lorkarez,
   Quetta. .......................... Defendants.

AMENDED SUIT FOR DECLARATION TO THE EFFECT THAT
THE PLAINTIFF IS OWNER IN POSSESSION OF LAND
MEASURING 48 RODES, 14 POLES, KHASRA NOS. 604/
252, 608/348/290 SITUATED IN TAKHTANI JADEED,
MOUZA TAKHTANI, TEHSIL AND DISTRICT QUETTA
WITH CONSEQUENTIAL RELIEF.

Respectfully sheweth:-

1. That the plaintiff is a social worker who has
been serving the cause of humanity during the past many
years. He has also been working for the cause of

MR/PAK000010

BUR-PEC-075125