# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Jerry S. Goldman, Esq.
Jgoldman@andersonkill.com
212-278-1569

*By Facsimile and ECF*

August 17, 2015

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001*
             03 MDL 1570 (GBD) (FM)

Dear Judge Daniels:

    We represent the *O'Neill* Plaintiffs in the above-captioned matter. We write to request that Your Honor extend the default judgment as to liability only, obtained in this MDL against the Islamic Republic of Iran, the Iranian Ministry of Intelligence and Security, the Iranian Minister of Intelligence and Security Ali Fallahian, the Iranian Revolutionary Guard Corps, the Iranian Revolutionary Guard Corps – Qods Force, Ayatollah Ali Hoseini-Khamenei, and Deputy Commander Brigadier General of the Iranian Revolutionary Guard Corp. Mohammed Baqr Zalqadr (collectively, the "Iran Defendants"), pursuant to 28 U.S.C. § 1605A, to the *O'Neill* Plaintiffs in the case *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (GBD).

    The *O'Neill* Plaintiffs seek entry of default judgment as to liability solely in relation to their substantive causes of action arising under § 1605A. With respect to that issue, this Court's prior holding that § 1605A provides a proper basis for subject matter jurisdiction for claims against the Iran Defendants for wrongful deaths resulting from the September 11th attacks is controlling, and the issue need not, and indeed should not, be re-litigated. *See Federal Insurance Co. v. Kingdom of Saudi Arabia*, 741 F.3d 353, 358 (2d Cir. 2013) (explaining that the present "September 11 cases were centralized in part to 'prevent inconsistent pretrial rulings'"); *see also United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) ("when a court has ruled on an issue that decision should generally be adhered to by that court in subsequent stages in the same case.") (internal quotations omitted).

    As in the *Havlish* and *Hoglan* cases, the *O'Neill* Plaintiffs assert claims against the Iran Defendants for a wrongful death resulting from the September 11th attacks, based on the Iran Defendants' extensive sponsorship of al Qaeda during the decade leading up to the attacks, and direct support for critical aspects of the 9/11

**Anderson Kill P.C.**

The Honorable George B. Daniels
August 17, 2015
Page 2

operation itself. The evidentiary and factual record supporting the *O'Neill* Plaintiffs' claims is identical to the record this Court considered in issuing judgment against the Iran Defendants in the *Havlish* and *Hoglan* proceedings. Given the complete identity of the present claims to those present in *Havlish* and *Hoglan*, there can be no dispute that this Court's ruling that § 1605A provided a proper basis for jurisdiction for the claims against the Iran Defendants in *Havlish* and *Hoglan* also controls as to the wrongful death claims asserted in the *O'Neill* case.

Your Honor already has analyzed the evidentiary record submitted in the *Havlish* proceeding, and issued findings of fact and law on the basis of that evidence. Just today, Your Honor also analyzed the same evidence in connection with the *Hoglan* case. Although additional materials could be offered to augment that record, the Court's holdings in *Havlish* (and today in *Hoglan*) render any such supplementation unnecessary. Under the circumstances, the submission of additional or repetitive evidence would merely impose an unnecessary burden on the resources of the Court.

To avoid that result, the *O'Neill* Plaintiffs respectfully request that the Court enter default judgment against the Iran Defendants as to liability only, on the basis of the evidence the Court previously received and analyzed, and which already forms part of the record in this MDL proceeding. As to the content and import of that evidence, the *O'Neill* Plaintiffs respectfully refer the Court to its own findings of fact and law, which comprehensively review the Court's findings upon review of that evidence. See *Havlish* Findings of Fact and Conclusions of Law, annexed to the *Federal Insurance* and *Ashton* Plaintiffs' Memorandum of Law in Support of Their Motion for Entry of Judgment by Default as to Liability Against Defendant, the Islamic Republic of Iran, MDL Dkt. No. 2970-1.

Respectfully submitted,

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020

Attorneys for the *O'Neill* Plaintiffs in:
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (GBD).

cc:   All Counsel of Record (via ECF)

nydocs1-1054010.1