# Exhibit M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) No. 03 MDL 1570 (GBD)(FM) |

### DEFENDANT DR. ABDULLAH AL-TURKI'S
### OBJECTIONS AND RESPONSES TO
### PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS
### FOR PRODUCTION OF DOCUMENTS

Defendant Dr. Abdullah Al-Turki ("Dr. Al-Turki" or "Defendant"), through undersigned

counsel, and pursuant to Rule 34(b)(2), provides his objections and responses to Plaintiffs' First

Set of Jurisdictional Requests for Production of Documents (Aug. 22, 2013).

### GENERAL OBJECTIONS

1.      Defendant objects to plaintiffs' "Definitions" and Document Requests insofar as

they:

(a)      request information or identification of documents concerning confidential

communications between defendant and his attorneys, on the grounds that the information sought

is protected under the attorney/client privilege;

(b)      request information or identification of documents prepared by defendant's

counsel for their own use, or prepared by defendant or defendant's witnesses for use by

defendant's counsel, on the grounds that the information sought is protected from disclosure by

the attorney work-product doctrine;

(c)      seek to enlarge defendant's obligation to respond to discovery beyond the

obligations established by the Federal Rules of Civil Procedure and the Local Rules of this

Court; or

(d)      are overbroad, vague, ambiguous, unduly burdensome, not limited to the subject

1

matter of this litigation, not reasonably calculated to lead to the discovery of admissible information, and/or do not specify the information sought with sufficient particularity.

2.      Defendant objects to the Document Requests, including the definitions and instructions included therein, to the extent that they go beyond the limited scope of the jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17, including by improperly seeking merits discovery. *See In re Terrorist Attacks (Asat Trust Reg., et al.)*, 714 F.3d 659, 678-79 (2d Cir. 2013), *petition for reh'g denied* (June 10, 2013) (limited scope of jurisdictional discovery); Case Management Order No. 2, ¶ 17 (ECF No. 247) (June 16, 2004) ("As to any defendant that has filed a motion to dismiss ... for lack of personal jurisdiction, merits discovery shall not take place until such jurisdictional motion has been resolved by this Court").

3.      Defendant objects to the Document Requests, including the definitions and instructions included therein, since the burden and expense outweigh any potential benefits. *See (888) Justice, Inc. v. Just Enter., Inc.*, No. 06 CV 6410 (GBD), 2007 WL 2398504, at *3 n.4 (S.D.N.Y. Aug. 22, 2007) (denying application for additional jurisdictional discovery; "discovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional basis."); *Spina v. Our Lady of Mercy Med. Ctr.*, No. 97 Civ. 4661 (RCC), 2001 WL 630481, at *2 (S.D.N.Y. June 7, 2001) (parties are prohibited from engaging in a "fishing expedition" or to "roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.").

4.      Defendant objects to the Document Requests, including the definitions and instructions included therein, since the document requests are overly broad, unduly burdensome and/or oppressive due to the volume of materials sought. *See Societe Nationale Industrielle*

2

*Aerospatiale v. U.S. Dist. Ct. for the So. Dist. of Iowa*, 482 U.S. 522, 546 (1987) ("American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome discovery may place them in a disadvantageous position."); *id.* ("Objections to 'abusive' discovery that foreign litigants advance should therefore receive the most careful consideration."); *see generally* MANUAL FOR COMPLEX LITIGATION, § 11.494, at 109-10 (4th ed. 2004) ("The additional cost of foreign discovery may increase the danger that it will be used for an improper purpose, such as to burden or harass . . . . Comity also dictates that American courts take into account special problems confronted by the foreign litigant because of its nationality or location and any sovereign interests expressed by a foreign state.").

5.      Defendant objects to the Document Requests, including the definitions and instructions included therein, to the extent that they seek documents or information concerning communications by, with, or from the government of the Kingdom of Saudi Arabia, or its agencies, instrumentalities, officers, and employees, since such documents and information are the exclusive property of the Kingdom of Saudi Arabia, which is entitled to sovereign immunity under the Foreign Sovereign Immunities Act. *See In re Terrorist Attacks on Sept. 11, 2001*, 538 F.3d 71 (2d Cir. 2008), *cert. denied*, 557 U.S. 935 (2009); *In re Terrorist Attacks (Saudi Joint Relief Committee, et al.)*, 714 F.3d 109 (2d Cir. 2013), *petition for reh'g denied* (June 10, 2013).

6.      Defendant objects to the Document Requests, including the definitions and instructions included therein, to the extent that they seek documents or information that are the business records of the Muslim World League ("MWL") or the International Islamic Relief Organization ("IIRO"), since those records are the corporate property of the MWL and the IIRO, and Defendant lacks personal possession of those records.  Moreover, the MWL and the IIRO

3

have already produced their relevant business records in this litigation.  Further, Defendant was not appointed to the MWL until November 2000.

7.      Defendant objects to the Document Requests, including the definitions and instructions included therein, to the extent that they seek information that post-dates the filing of the actions in this MDL-1570 proceeding.  *See Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) ("personal jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed"); *In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 342 F. Supp. 2d 207, 213 n.44 (S.D.N.Y. 2004) (contacts "occurred after the complaint was filed on June 27, 2001, and are thus irrelevant for determining personal jurisdiction," since the "'fair warning' requirement of due process cannot be satisfied by post-complaint activities").

8.      Defendant has made a diligent and reasonable search and inquiry for the information requested.  Any response contained herein, however, is given with the understanding that Defendant and his attorneys are still conducting discovery and investigation in connection with this action.  Defendant's responses are therefore without waiver of, or prejudice to, its right to later use additional information not set forth or referred to in this response.  In addition, any response contained herein is made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court to supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

9.      The above-stated General Objections are hereby incorporated in each of Defendant's following responses to specific requests, whether or not expressly repeated in response to a particular request.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST No. 1:**

1.    Please provide all documents governing, describing, detailing, or otherwise relating to Your employment from 1980 to the present, including without limitation, any and all resumes, curriculum vitaes, biographies, abstracts, media reports, digests, summaries, employment contracts, and/or outlines.

**OBJECTIONS AND RESPONSE TO REQUEST No. 1:**

Defendant objects that this Request is overly broad; improperly seeks documents relating to his employment with the government of the Kingdom of Saudi Arabia, which has sovereign immunity; improperly seeks business records of the MWL or other entities; improperly seeks discovery beyond the limited scope of jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17; improperly seeks information that post-dates the filing of the actions in this MDL-1570 proceeding; improperly seeks information that is not relevant to the exercise of personal jurisdiction; and improperly seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to and without waiving the foregoing objections, *see* Document Bates-stamped Al-Turki 0001-0004.

**DOCUMENT REQUEST No. 2:**

2.    Please provide all documents relating to any business, employment, financial, charitable, religious, or other relationship between you and the Muslim World League ("MWL"), the International Islamic Relief Organization ("IIRO"), the Al Haramain Islamic Foundation ("AHIF"), the World Assembly of Muslim Youth ("WAMY"), the Al Haramain Al Masjed Al Aqsa Charity Foundation ("AHAMAA"), and the Rabita Trust (hereinafter collectively referred to as the "Charities"), including without limitation, all documents relating to all positions You held or hold within the Charities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 2:**

*See* Objections to Document Request No. 1.  Subject to and without waiving the foregoing objections, *see* Document Bates-stamped Al-Turki 0001-0004.

**DOCUMENT REQUEST No. 3:**

3.    Please provide all documents relating to You and the Charities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 3:**

*See* Objections to Document Request No. 1.  Subject to and without waiving the foregoing objections, *see* Document Bates-stamped Al-Turki 0001-0004.  Other responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 4:**

4.     Please provide all documents relating to all awards, honors, accolades, or distinctions You received from the Kingdom of Saudi Arabia and/or Saudi royal family during Your tenure with the Charities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 4:**

*See* Objections to Document Request No. 1.  Subject to and without waiving the foregoing objections, *see* Document Bates-stamped Al-Turki 0001-0004.

**DOCUMENT REQUEST No. 5:**

5.     Please provide all documents illustrating, describing, or otherwise relating to the Charities' formation and organizational structure, the date of incorporation, the state of incorporation, the duration of their existence, any documents relating to their initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of those Charities (including any subsidiary, affiliate, or branch office).

**OBJECTIONS AND RESPONSE TO REQUEST No. 5:**

*See* Objections to Document Request No. 1.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 6:**

6.     Please provide all documents relating to Your role in the establishment, organization, funding, oversight, supervision, management, and/or control of the Charities (including any subsidiary, affiliate, or branch office), including without limitation, appointment and termination of personnel, selection of committee/board members or other officers, accounting, internal or external auditing, banking and financial transactions, fundraising, and actual distribution of financial and non-monetary support to charitable designees.

**OBJECTIONS AND RESPONSE TO REQUEST No. 6:**

*See* Objections to Document Request No. 1. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 7:**

7.      Please provide all documents relating to Your supervision, management, control of, or distribution of the Charities' funds, including without limitation, all documents relating to Your duties and responsibilities to determine and/or make recommendations as to which charities, individuals, or entities should receive financial and/or non-monetary support from the Charities and the purpose for such disbursements.

**OBJECTIONS AND RESPONSE TO REQUEST No. 7:**

*See* Objections to Document Request No. 1. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 8:**

8.      Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the Charities (including any subsidiary, affiliate, or branch office), including without limitation, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**OBJECTIONS AND RESPONSE TO REQUEST No. 8:**

*See* Objections to Document Request No. 1. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 9:**

9.      Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of the Charities (including any subsidiary, affiliate, or branch office).

**OBJECTIONS AND RESPONSE TO REQUEST No. 9:**

*See* Objections to Document Request No. 1.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 10:**

10.    Please provide all documents relating to Your role in the oversight, supervision, management, and/or control over the Charities' various committees, boards and/or internal bodies of the Charities (including any subsidiary, affiliate, or branch office).

**OBJECTIONS AND RESPONSE TO REQUEST No. 10:**

Defendant objects that this Request is overly broad; improperly seeks documents relating to his employment with the government of the Kingdom of Saudi Arabia, which has sovereign immunity; improperly seeks official records of the Saudi government; improperly seeks business records of the MWL or other entities; improperly seeks discovery beyond the limited scope of jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17; improperly seeks information that post-dates the filing of the actions in this MDL-1570 proceeding; improperly seeks information that is not relevant to the exercise of personal jurisdiction; and improperly seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible information.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 11:**

11.    Please provide all documents identifying each officer, director, trustee, shareholder, board member, and/or committee member of the Charities (including any subsidiary, affiliate, or branch office).

**OBJECTIONS AND RESPONSE TO REQUEST No. 11:**

Defendant objects that this Request is overly broad; improperly seeks business records of the MWL or other entities; improperly seeks discovery beyond the limited scope of jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17; improperly seeks information that post-dates the filing of the actions in this MDL-1570 proceeding; improperly seeks information that is not relevant to the exercise of personal jurisdiction; and improperly seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

relevant or admissible information.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 12:**

12.     Please provide all documents relating to any meetings of officers, directors, trustees, shareholders, managers, boards, committees, and/or internal bodies of the Charities (including any subsidiary, affiliate, or branch office), including without limitation, any agendas or meeting minutes.  Responsive documents shall include, but are not limited to, any such meetings attended by representatives of the Kingdom of Saudi Arabia, members of the Saudi royal family, and/or representatives or special advisors from the King's chambers.

**OBJECTIONS AND RESPONSE TO REQUEST No. 12:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 13:**

13.     Please provide all documents relating to any accounts in any banking or financial institution established or held in the name of, on behalf of, and/or for the benefit of the Charities, including without limitation, any accounts You hold, or held jointly with, or on behalf of the Charities, and/or any Charity accounts over which You hold or have held signatory authority. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You, the Charities, and the banking or financial institution, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**OBJECTIONS AND RESPONSE TO REQUEST No. 13:**

*See* Objections to Document Request No. 11.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 14:**

14.     Please provide all documents relating to any investigation, inquiry, review, audit, analysis, or examination conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi Arabian-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "KSA Investigator"), which references or addresses any of the Charities' banking and financial accounts, including any accounts You hold, or held jointly with, or on behalf of the Charities, and/or any Charity accounts over which You hold or have held signatory.

**OBJECTIONS AND RESPONSE TO REQUEST No. 14:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 15:**

15.     Please provide copies of all documents that have been seized by, or produced by You and/or the Charities to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses any of the Charities' banking and financial accounts, including any accounts You hold, or held jointly with, or on behalf of the Charities, and/or any Charity accounts over which You hold or have held signatory.

**OBJECTIONS AND RESPONSE TO REQUEST No. 15:**

*See* Objections to Document Request No. 1.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 16:**

16.     Please provide all documents relating, in whole or in part, to any investigation, inquiry, review, audit, analysis, or examination of any of the Charities' financial accounts, investments, assets, capital, and/or financial affairs, conducted either by officials and/or

employees of the Charities, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.  Such documents shall include any audit, due diligence, analysis, examination, or review ordered, conducted, supervised, or overseen by You, the Kingdom of Saudi Arabia, and/or the Saudi Arabian Monetary Agency ("SAMA").

**OBJECTIONS AND RESPONSE TO REQUEST No. 16:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 17:**

17.   Please provide all documents relating to any written or oral communication between You, the Charities, the Kingdom of Saudi Arabia, and/or SAMA, which references or addresses any of the Charities' banking and financial accounts, including any accounts You hold, or held jointly with, or on behalf of the Charities, and/or any Charity accounts over which You hold or have held signatory. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

**OBJECTIONS AND RESPONSE TO REQUEST No. 17:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 18:**

18.   Please provide all documents relating to Your role as a member of the Supreme Council of Islamic Affairs (a/k/a Higher Council of Islamic Affairs) and the authority conferred upon You to supervise, manage, and/or direct the operations, activities, and policies of the Charities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 18:**

Defendant objects that this Request is overly broad; improperly seeks documents relating to his employment with the government of the Kingdom of Saudi Arabia, which has sovereign immunity; improperly seeks official records of the Saudi government; improperly seeks discovery beyond the limited scope of jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17; improperly seeks information that post-dates the filing of the

11

actions in this MDL-1570 proceeding; improperly seeks information that is not relevant to the exercise of personal jurisdiction; and improperly seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 19:**

19.     Please provide all documents authored, generated, or drafted by You during Your tenure as a member of the Supreme Council of Islamic Affairs which describe, detail, or otherwise relate to the Charities' operations, banking and financial activities, fundraising, personnel, and/or policies. Responsive documents shall include, but are not limited to, all correspondence, memoranda, reports, or executive summaries submitted by You to:  the Kingdom of Saudi Arabia; members of the Saudi royal family; the Supreme Council for Islamic Affairs; the Ministry of Islamic Affairs, Endowments, Da'wah and Guidance; the Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; and/or the Charities' governing bodies.

**OBJECTIONS AND RESPONSE TO REQUEST No. 19:**

*See* Objections to Document Request No. 18.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 20:**

20.     Please provide all documents relating to any meetings You attended during Your tenure as a member of the Supreme Council of Islamic Affairs relating to the Charities. Responsive documents shall include, but are not limited to, any such meetings attended by representatives of the Kingdom of Saudi Arabia, members of the Saudi royal family, and/or representatives or special advisors from the King's chambers.

**OBJECTIONS AND RESPONSE TO REQUEST No. 20:**

*See* Objections to Document Request No. 18.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 21:**

21.     Please provide all documents relating to the goals, objectives and efforts of the Supreme Council of Islamic Affairs to monitor the flow of financial assistance to Islamic groups and benevolent organizations outside the Kingdom of Saudi Arabia in order to prevent the financing of radical, extremist, or terrorist activities, as stated by Prince Sultan bin Abdul Aziz al

Saud at the inaugural meeting of the Supreme Council of Islamic Affairs.

**OBJECTIONS AND RESPONSE TO REQUEST No. 21:**

*See* Objections to Document Request No. 18. Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 22:**

22.   Please provide all documents relating to Your role as a member of the Saudi Council of Ministers.

**OBJECTIONS AND RESPONSE TO REQUEST No. 22:**

*See* Objections to Document Request No. 18. Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 23:**

23.   Please provide all documents authored, generated, or drafted by You during Your tenure as a member of the Saudi Council of Ministers which describe, detail, or otherwise relate to the Charities. Responsive documents shall include, but are not limited to, all correspondence, memoranda, reports, or executive summaries submitted by You to: the Kingdom of Saudi Arabia; members of the Saudi royal family; the Council of Ministers; the Supreme Council for Islamic Affairs; the Ministry of Islamic Affairs, Endowments, Da'wah and Guidance; the Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; and/or the Charities' governing bodies.

**OBJECTIONS AND RESPONSE TO REQUEST No. 23:**

*See* Objections to Document Request No. 18. Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 24:**

24.   Please provide all documents relating to any meetings You attended during Your tenure as a member of the Saudi Council of Ministers relating to the Charities. Responsive documents shall include, but are not limited to, any such meetings attended by representatives of the Kingdom of Saudi Arabia, members of the Saudi royal family, and/or representatives or special advisors from the King's chambers.

**OBJECTIONS AND RESPONSE TO REQUEST No. 24:**

*See* Objections to Document Request No. 18.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 25:**

25.     Please provide all documents You received from the Charities' Finance and Auditing Departments during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the organizations' financial performance.  Responsive documents shall include, but are not limited to, annual, semi-annual, and other periodic reports of the Charities, such as annual financial reports, balance sheets, financial statements, bank account summaries, and audits.

**OBJECTIONS AND RESPONSE TO REQUEST No. 25:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 26:**

26.     Please provide all documents authored, generated, or drafted by You during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the organizations' financial performance.  Responsive documents shall include all financial reports or executive summaries submitted by You to:  the Kingdom of Saudi Arabia; members of the Saudi royal family; the Supreme Council for Islamic Affairs; the Ministry of Islamic Affairs, Endowments, Da'wah and Guidance; the Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; and/or the Charities' governing bodies, including but not limited to, the MWL Constituent Council, the MWL General Secretariat, the IIRO Executive Council (a/k/a Board of Directors), and the IIRO Executive Committee.

**OBJECTIONS AND RESPONSE TO REQUEST No. 26:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 27:**

14

27.    Please provide all documents relating to any delegation, commission, task force, or group You participated in during Your tenure as an official representative of the Charities and/or Saudi Arabian government, to assess conditions and needs both within the Kingdom of Saudi Arabia and in other foreign countries, including without limitation, Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Russia, Sudan, Somalia, Tanzania, Turkey, United States, and Yemen.  Responsive documents shall include, but are not limited to, copies of Your passports, visas, or other documents authorizing Your entry into those countries.

**OBJECTIONS AND RESPONSE TO REQUEST No. 27:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 28:**

28.    Please provide all documents You received during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to delegations, commissions, task forces, or groups of other high-ranking representatives of the Charities and/or Saudi Arabian government, to assess conditions and needs both within the Kingdom of Saudi Arabia and in other foreign countries, including without limitation, Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Russia, Sudan, Somalia, Tanzania, Turkey, United States, and Yemen.

**OBJECTIONS AND RESPONSE TO REQUEST No. 28:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 29:**

29.    Please provide all documents authored, generated, or drafted by You which describe, detail, or otherwise relate to each delegation You and other high-ranking officials participated in during Your tenure as an official representative of the Charities and/or Saudi Arabian government.  Responsive documents shall include all delegation reports or executive

15

summaries submitted by You to: the Kingdom of Saudi Arabia; members of the Saudi royal family; the Supreme Council for Islamic Affairs; the Ministry of Islamic Affairs, Endowments, Da'wah and Guidance; the Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; and/or the Charities' governing bodies, including but not limited to, the MWL Constituent Council, the MWL General Secretariat, the IIRO Executive Council (a/k/a Board of Directors), and the IIRO Executive Committee.

**OBJECTIONS AND RESPONSE TO REQUEST No. 29:**

*See* Objections to Document Request No. 10. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 30:**

30.   Please provide all documents You received from the Charities' offices within the Kingdom of Saudi Arabia during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the operations and finances of those offices. Responsive documents shall include, but are not limited to, annual, semi-annual, monthly and other periodic reports relating to bank accounts and statements, finances and accounting, budgets and expenditures, audits, projects and activities, donations, disbursements of financial and non-monetary aid, delegations of high-ranking Charity officials and/or representatives of the Saudi Arabian government, and employee assessments.

**OBJECTIONS AND RESPONSE TO REQUEST No. 30:**

*See* Objections to Document Request No. 10. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 31:**

31.   Please provide all documents You received from the Charities' overseas offices during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the operations and finances of those offices. Responsive documents shall include, but are not limited to, annual, semi-annual, monthly and other periodic reports relating to bank accounts and statements, finances and accounting, budgets and expenditures, audits, projects and activities, donations, disbursements of financial and non-monetary aid, delegations of high-ranking Charity officials and/or representatives of the Saudi Arabian government, and employee assessments.

**OBJECTIONS AND RESPONSE TO REQUEST No. 31:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 32:**

32.     Please provide all documents You received from the Charities' offices within the Kingdom of Saudi Arabia during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the potential misuse or misappropriation of funds, including but not limited to, concerns regarding financial or accounting irregularities, embezzlement, theft, or the financing of radical, extremist, or terrorist activities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 32:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 33:**

33.     Please provide all documents You received from the Charities' overseas offices during Your tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the potential misuse or misappropriation of funds, including but not limited to, concerns regarding financial or accounting irregularities, embezzlement, theft, or the financing of radical, extremist, or terrorist activities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 33:**

*See* Objections to Document Request No. 10.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 34:**

34.     Please provide all documents authored, generated, or drafted by You during Your

tenure as an official representative of the Charities and/or Saudi Arabian government, which describe, detail, or otherwise relate to the operations and finances of the Charities' offices (both within the Kingdom and overseas), including without limitation, all reports concerning the potential misuse or misappropriation of funds in those offices. Responsive documents shall include all reports or executive summaries submitted by You to: the Kingdom of Saudi Arabia; members of the Saudi royal family; the Supreme Council for Islamic Affairs; the Ministry of Islamic Affairs, Endowments, Da'wah and Guidance; the Ministry of Foreign Affairs, Endowments, Da'wah and Guidance; and/or the Charities' governing bodies, including but not limited to, the MWL Constituent Council, the MWL General Secretariat, the IIRO Executive Council (a/k/a Board of Directors), and the IIRO Executive Committee.

**OBJECTIONS AND RESPONSE TO REQUEST No. 34:**

*See* Objections to Document Request No. 10. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 35:**

35.    Please provide all annual or periodic reports generated by the Charities concerning their objectives and activities, both in English and Arabic.

**OBJECTIONS AND RESPONSE TO REQUEST No. 35:**

*See* Objections to Document Request No. 11. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 36:**

36.    Please provide all documents relating to the struggle against the Soviet occupation of Afghanistan during the 1980s, including without limitation, Your involvement and/or the involvement of the Charities.

**OBJECTIONS AND RESPONSE TO REQUEST No. 36:**

*See* Objections to Document Request No. 10. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 37:**

37.     Please provide all documents relating to Your role, and/or the role of the Charities, in providing material support or resources, directly or indirectly, to the mujahideen forces in Afghanistan in their struggle against the Soviet occupation during the 1980s.  For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political, or any other form of assistance, whether provided directly or indirectly.

**OBJECTIONS AND RESPONSE TO REQUEST No. 37:**

Defendant objects that this Request is overly broad; improperly seeks discovery beyond the limited scope of jurisdictional discovery authorized by the Court of Appeals and CMO No. 2 ¶ 17; improperly seeks information that post-dates the filing of the actions in this MDL-1570 proceeding; improperly seeks information that is not relevant to the exercise of personal jurisdiction; and improperly seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant or admissible information.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 38:**

38.     Please provide all documents governing, describing, detailing, or otherwise relation to Your relationship, and the Charities' relationship, with the various mujahideen factions in and around the Afghanistan region following the Soviet-Afghan conflict.

**OBJECTIONS AND RESPONSE TO REQUEST No. 38:**

*See* Objections to Document Request No. 37.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 39:**

39.     Please provide all documents relating to Your role, and/or the role of the Charities, in providing material support or resources to the mujahideen forces or other Islamic fighters in Afghanistan, Albania, Algeria, Bosnia, Chechnya, Egypt, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Somalia, Sudan, Tanzania, Turkey, Yemen, or elsewhere, including without limitation, the support of camps in and/or around those areas, recruitment, training, transportation, lodging, the acquisition, trafficking, and/or smuggling of weapons and arms such as rockets, mortars, rifles, explosives and other bombs, and the provision of boots, tents, and uniforms.

19

**OBJECTIONS AND RESPONSE TO REQUEST No. 39:**

*See* Objections to Document Request No. 37.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 40:**

40.     Please provide all documents relating to the MWL's and IIRO's roles in the 1998 U.S. Embassy bombings in Kenya and Tanzania.

**OBJECTIONS AND RESPONSE TO REQUEST No. 40:**

*See* Objections to Document Request No. 37.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 41:**

41.     Please provide all documents relating to the MWL's and IIRO's roles in the plot to assassinate Pope John Paul II during a planned January 1995 visit to the Philippines and to simultaneously attacks multiple U.S. airlines as they flew over the Pacific Ocean from Asia to the United States (the "Operation Bojinka" plot).

**OBJECTIONS AND RESPONSE TO REQUEST No. 41:**

*See* Objections to Document Request No. 37.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 42:**

42.     Please provide all documents relating to the admission by Dr. Abdullah bin Saleh al Obaid, published in *The Muslim World* (July 21-27, 1997 edition), that the MWL's funds were being funneled to extremist groups.  Responsive documents shall include, but are not limited to, all documents relating to any related investigation conducted by You, the Charities, the Kingdom of Saudi Arabia, members of the Saudi royal family, and/or any third party.

**OBJECTIONS AND RESPONSE TO REQUEST No. 42:**

*See* Objections to Document Request No. 11.  Defendant further objects that this request mischaracterizes statements made by Dr. Al-Obaid.  Subject to and without waiving the

foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the MWL or the other named entities.

**DOCUMENT REQUEST No. 43:**

43.     Please provide all documents relating to the United States Treasury Department's investigation and August 3, 2006 Designations of the IIRO's Philippines and Indonesia branch offices and Abd al Hamid Sulaiman al Mujil, the IIRO's Executive Director of the Eastern Province Branch "for facilitating fundraising for al Qaeda and affiliated terrorist groups" and "bankroll[ing] the al Qaida network in Southeast Asia."

**OBJECTIONS AND RESPONSE TO REQUEST No. 43:**

*See* Objections to Document Request No. 11.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the IIRO or the other named entities.

**DOCUMENT REQUEST No. 44:**

44.     Please provide all documents relating to any investigation conducted by the government of Pakistan and its subsequent determination to expel IIRO personnel after September 11, 2001.

**OBJECTIONS AND RESPONSE TO REQUEST No. 44:**

*See* Objections to Document Request No. 11.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the IIRO or the other named entities.

**DOCUMENT REQUEST No. 45:**

45.     Please provide all documents relating to the transfer of funds between the IIRO and Afghanistan, including without limitation, IIRO Secretary General Adnan Basha's public admission that the IIRO transferred over 264 million Saudi Riyals from Saudi officials (including the King, the Crown Prince, the Deputy Premier, the Commander of the National Guard and other members of the Saudi royal family) to Taliban controlled Afghanistan.

**OBJECTIONS AND RESPONSE TO REQUEST No. 45:**

*See* Objections to Document Request No. 11.  Defendant further objects that this request

21

misrepresents statements made by Dr. Basha.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the IIRO or the other named entities.

**DOCUMENT REQUEST No. 46:**

46.     Please provide all documents relating to the participation of radical or extremist lecturers at IIRO summer youth camps and the IIRO's failure to implement appropriate vetting processes to prevent their participation in camps outside of the Kingdom of Saudi Arabia, as IIRO Secretary General Adnan Basha stated to U.S. officials in the document at Exhibit 1. Responsive documents shall include, but are not limited to, all materials authored, published, disseminated, and/or received by You relating to same.

**OBJECTIONS AND RESPONSE TO REQUEST No. 46:**

*See* Objections to Document Request No. 11.  Defendant further objects as to the characterization of Dr. Basha's statements; the Wikileaks cables have not been acknowledged, let alone authenticated, by the U.S. government and hence are inadmissible evidence.  *ACLU v. Dept. of State*, 878 F. Supp. 2d 215, 224 (D.D.C. 2012).  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the IIRO or the other named entities.

**DOCUMENT REQUEST No. 47:**

47.     Please provide all documents relating to any investigation conducted by the government of Macedonia and its subsequent determination to shut down the IIRO branch office and expel IIRO personnel from that country in 2005.

**OBJECTIONS AND RESPONSE TO REQUEST No. 47:**

*See* Objections to Document Request No. 11.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the IIRO or the other named entities.

**DOCUMENT REQUEST No. 48:**

48.     Please provide all documents relating to any investigation conducted by the government of Bangladesh and its subsequent determination to freeze IIRO accounts at Islami Bank Bangladesh in 2006.

**OBJECTIONS AND RESPONSE TO REQUEST No. 48:**

*See* Objections to Document Request No. 11. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the IIRO or the other named entities.

**DOCUMENT REQUEST No. 49:**

49.    Please provide all documents relating to any investigation conducted by the government of Bahrain, the Bahrain Monetary Authority, and/or the Bahraini Financial Intelligence Unit and their subsequent determination to shut down IIRO accounts at Shamil Bank of Bahrain in 2005.

**OBJECTIONS AND RESPONSE TO REQUEST No. 49:**

*See* Objections to Document Request No. 11. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the IIRO or the other named entities.

**DOCUMENT REQUEST No. 50:**

50.    Please provide all documents relating to the IIRO's role in supporting training camps in Afghanistan, Pakistan, and Kashmir, including without limitation, the transfer of any funds in support of those training camps. For purposes of this request, term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.

**OBJECTIONS AND RESPONSE TO REQUEST No. 50:**

*See* Objections to Document Request No. 11. Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the IIRO or the other named entities.

**DOCUMENT REQUEST No. 51:**

51.    Please provide all documents relating to the IIRO's support for Arab fighters in Fallujah, Iraq in or around 2004. Responsive documents shall include, but are not limited to, all banking and financial documents identifying the account at Al Rajhi Bank used by the IIRO to solicit and receive donations.

**OBJECTIONS AND RESPONSE TO REQUEST No. 51:**

*See* Objections to Document Request No. 11.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents; responsive documents may have been produced by the IIRO or the other named entities.

**DOCUMENT REQUEST No. 52:**

52.    Please provide all documents relating to the October 12, 2001 and October 17, 2001 Designations of Rabita Trust by the United States Treasury Department and United Nations respectively, for "providing logistical and financial support to al Qaida."

**OBJECTIONS AND RESPONSE TO REQUEST No. 52:**

*See* Objections to Document Request No. 11.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 53:**

53.    Please provide all documents relating to the May 6, 2004 and June 28, 2004 Designations of the Al Haramain Al Masjed al Aqsa Charity Foundation by the United States Treasury Department and United Nations respectively, for having significant financial ties to al Qaeda.

**OBJECTIONS AND RESPONSE TO REQUEST No. 53:**

*See* Objections to Document Request No. 11.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.

**DOCUMENT REQUEST No. 54:**

54.    Please provide all documents relating to the 2002-2008 Designations of the Al Haramain Islamic Foundation by the United States Treasury Department, the Kingdom of Saudi Arabia, and United Nations "for providing financial and material support to al Qaida, as well as a wide range of designated terrorists and terrorist organizations."

**OBJECTIONS AND RESPONSE TO REQUEST No. 54:**

*See* Objections to Document Request No. 11.  Subject to and without waiving the foregoing objections, Defendant has no responsive documents.