# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) <br> ) No. 03 MDL 1570 (GBD/FM) <br> )     ECF Case <br> ) |

### Fourth Notice of Supplemental Authority in Support of
### Defendant's Response to Plaintiffs' Affidavits and Time Records

Defendant Al Haramain Islamic Foundation, Inc. (USA), through undersigned counsel, respectfully submits its Fourth Notice of Supplemental Authority.

**Plaintiffs' Misrepresentations Regarding "Contemporaneous" Time Records.**

As set forth in Defendant's Response (ECF No. 2864) (May 29, 2014), it was not until <u>after</u> Plaintiffs submitted their affidavits and time records that they admitted, for the first time, that the attorneys at the Kreindler & Kreindler law firm did <u>not</u> keep any contemporaneous time records, directly contrary to Plaintiffs' representations to this Court in both their fee petition and at the April 24, 2014 status conference. The information that the Plaintiffs submitted also confirms that the paralegal ("researcher") at that firm reconstructed the substance of his time records months or years later, and that two other law firms edited or massaged their time records in order to conceal inconsistencies or to enhance the substance of the entries.

Defendant's (first) Notice of Supplemental Authority (ECF No. 2868) (June 9, 2014) and the Reply Brief (ECF No. 2876) (June 20, 2014), addressed the Second Circuit's decision, *In re World Trade Center Disaster Site Litigation*, 754 F.3d 114, 126-27 (2d Cir. 2014), which held that Judge Hellerstein properly denied plaintiffs' counsel a contingency fee for the "Bonus Payment" – in part because counsel did <u>not</u> keep contemporaneous time records.

Defendant's Second Notice of Supplemental Authority (ECF No. 2940) (Mar. 23, 2015), addressed several subsequent decisions, including the Second Circuit's decision, *Marion S.*

1

*Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014), which required the district court (Judge Hellerstein), in the World Trade Center litigation, "to determine whether Mishkin kept sufficiently detailed contemporaneous records as to be eligible for a fee award under *Carey*."

Defendant's Third Notice of Supplemental Authority (ECF No. 2958) (May 22, 2015), addressed Judge Hellerstein's decision on remand from the Second Circuit's 2014 decision. *In re World Trade Center Disaster Site Litigation*, No. 1:21-mc-100 (AKH), 2015 WL 2455500, (ECF No. 3227) (S.D.N.Y. May 20, 2015). The plaintiff's attorney originally filed a fee petition seeking $1,876,104.36, and filed a renewed fee petition in the amount of $418,995, both of which were denied; she then filed a third fee petition seeking $303,619.93. That application was still unsupported by contemporaneous time records, since the attorney instead improperly "reconstructed" her time, long after the fact. Judge Hellerstein awarded her $48,000, which was 15.8 percent of her third fee petition, or only 2.5 percent of her original fee petition.

## Subsequent Court Decisions on "Reconstructed" Time Records

This Fourth Notice covers three recently issued decisions from the courts in this jurisdiction that similarly denied or substantially reduced the fee petitions where, as here, the attorneys improperly relied upon "reconstructed" time records:

In *Kottwitz*, Judge Gardephe adopted Magistrate Judge Netburn's recommendation that the plaintiff's fee petition be denied entirely for lack of contemporaneous records:

> It is conceded that Counsel does not maintain contemporaneous time records. And Counsel's efforts to cobble together a historical account of time expended based on work records is not only contrary to the legal standard, but proves to be inadequate as a factual matter.

*Kottwitz v. Colvin*, __ F. Supp. 3d __, 2015 WL 293821, at *1 (S.D.N.Y. July 14, 2015) (attached as Exhibit A). Magistrate Judge Netburn's report concluded that: "An award of fees in this case would reward conduct that violates law that has been settled for decades." *Id.* at *4.

In *Stroud*, Judge Torres adopted the recommendation of Magistrate Judge Francis that the plaintiff's attorney should only receive 5 percent of her fee petition, due to lack of contemporaneous time records, since "*Mishkin* reaffirmed that fee applications must be accompanied by 'contemporaneous records of the date, *the hours expended*, and the nature of the work.'" *Stroud v. Commissioner of Social Security*, No. 13 Civ. 3251 (AT)(JCF), 2015 WL 2114578, at *5 (S.D.N.Y. Mar. 24, 2015) (quoting *Mishkin*, 767 F.3d at 149), *adopted by* 2015 WL 2137697, at *1-2 (S.D.N.Y. May 6, 2015) (attached hereto as Exhibits B-C).

Most recently, in *6D Global Technologies*, Magistrate Judge Peck recommended that the plaintiff's fee petition be reduced by more than half, in part due to the fact that it was "not supported by contemporaneous billing records," resulting in "obvious deficiencies in [the] reconstructed records," and in part because the plaintiff's amounts "are inflated by unsupported hourly rates." *6D Global Technologies, Inc. v. Bei Lu*, No. 15 Civ. 1120 (LGS)(AJP), 2015 WL 4946033, at *3, *4 (S.D.N.Y. Aug. 20, 2015) (attached hereto as Exhibit D).

\* \* \*

Here, too, not only did Plaintiffs' counsel from at least one law firm fail to keep contemporaneous time records, but also Plaintiffs' counsel failed to inform this Court, until the very last minute and only <u>after</u> this Court directed them to provide affidavits and time records, that there were no contemporaneous time records for that firm, after repeatedly misrepresenting to this Court that their fee petition was based on contemporaneous time records.

Plaintiffs' counsel collectively knew or had to have known that at least one firm did not maintain contemporaneous time records, yet they jointly signed submissions to this Court, and made representations to this Court at the motions hearing, which falsely represented that their fee petitions were based on contemporaneous time records.

## CONCLUSION

For the foregoing reasons, and as previously briefed, *see* Defendant's Opposition (ECF No. 2835-2836) (Feb. 14, 2014), Defendant's Response (ECF No. 2864) (May 29, 2014), Notice of Supplemental Authority (ECF No. 2868) (June 9, 2014), Reply Brief (ECF No. 2876) (June 20, 2014), Second Notice of Supplemental Authority (ECF No. 2940) (Mar. 23, 2015), and Third Notice of Supplemental Authority (ECF No. 2958) (May 22, 2015), this Court would be justified in striking the Fee Petition, and in granting such other relief as warranted under both Section 1927 and the Court's inherent powers.

Respectfully submitted,

*/s/ Lynne Bernabei*
_____
Lynne Bernabei (LB2489)
Alan R. Kabat (AK7194)
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(202) 745-1942
*Attorneys for Al Haramain Islamic Foundation, Inc. (USA)*

DATED:  September 17, 2015

4

## CERTIFICATE OF SERVICE

    I hereby certify that on September 17, 2015, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

                                                  /s/ Alan R. Kabat
                                                _____
                                                Alan R. Kabat