**Kottwitz v. Colvin, --- F.Supp.3d ---- (2015)**

2015 WL 293821
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Lisa Madeline KOTTWITZ, Soc. Sec. #XXX-XX-XXXX, Plaintiff,
v.
Carolyn W. COLVIN, Acting Commissioner of Social Security, Respondent.

No. 14–CV–02677 (PGG)(SN). | Signed July 14, 2015.

**Synopsis**
**Background:** After prevailing in obtaining remand to Commissioner of Social Security, who had denied claim for social security disability benefits under Social Security Act, claimant moved for award of attorney fees and costs, pursuant to Equal Access to Justice Act (EAJA).

**Holdings:** The District Court, Paul G. Gardephe, J., adopting report and recommendation of Sarah Netburn, United States Magistrate Judge, held that:

[1] lack of contemporaneous time records precluded fees award, and

[2] administrative work was not compensable.

Motion granted in part and denied in part.

West Headnotes (11)

[1]   **United States Magistrate Judges**
      ⚷ Waiver of Right to Review in General

      Claimant seeking award of attorney fees and costs, pursuant to Equal Access to Justice Act (EAJA), after prevailing on obtaining remand of claim for social security disability benefits, waived her right to district court's review of magistrate judge's report and recommendation that EAJA award be denied, where claimant received notice that she had 14 days from service of report and recommendation to file any objections and that failure to do so could result in waiver of further judicial review, but claimant failed to object to report and recommendation. 28 U.S.C.A. § 2412(d); 42 U.S.C.A. § 401 et seq.

      Cases that cite this headnote

[2]   **United States**
      ⚷ Weight and Sufficiency

      Social security claimant's counsel failed to maintain contemporaneous time records, as required for award of attorney fees pursuant to Equal Access to Justice Act (EAJA), after prevailing on obtaining remand of claim for social security disability benefits, where counsel impermissibly and unsuccessfully merely attempted to cobble together historical account of time expended based on work records, rather than time records, and counsel sought fees for time allegedly expended on specific dates for which data management system report did not indicate any work was performed or indicate how much time was spent performing any tasks or who performed those tasks. 28 U.S.C.A. § 2412(d); 42 U.S.C.A. § 401 et seq.

      Cases that cite this headnote

[3]   **Federal Civil Procedure**
      ⚷ Attorney Fees

      Contemporaneous time records are a prerequisite for an award of attorney fees; such records should specify, for each attorney, the date, the hours expended, and the nature of the work done.

      Cases that cite this headnote

[4]   **United States**

Exhibit A

**Kottwitz v. Colvin, --- F.Supp.3d ---- (2015)**

🔑 Statutory Provisions

The purpose of the attorney fees provision of the Equal Access to Justice Act (EAJA) is to decrease the chance that certain individuals may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights. 28 U.S.C.A. § 2412(d) (1)(A).

Cases that cite this headnote

[5]  **United States**
🔑 Grounds

Under the Equal Access to Justice Act (EAJA), district court must consider whether: (1) the claimant is a prevailing party, (2) the government's position was substantially justified, (3) any special circumstances make an award unjust, and (4) the fee application was submitted within 30 days of final judgment in the action. 28 U.S.C.A. § 2412(d).

Cases that cite this headnote

[6]  **Federal Civil Procedure**
🔑 Attorney Fees

The requirement that attorneys support their fee requests with contemporaneous time records is a "hard-and-fast-rule" with only rare exceptions; the burden is on the plaintiff to keep and present records from which district court may determine the nature of the work done, the need for it, and the amount of time reasonably required.

Cases that cite this headnote

[7]  **Federal Civil Procedure**
🔑 Attorney Fees

A recreation of time records based on documents, calendars, and other extrinsic evidence is insufficient to satisfy the requirement that attorneys support their fee requests with contemporaneous time records.

Cases that cite this headnote

[8]  **Federal Civil Procedure**
🔑 Attorney Fees

Contemporaneous records of work performed by the attorney is not enough to satisfy the requirement that attorneys support their fee requests with contemporaneous time records; rather, attorneys must maintain contemporaneous records of the time expended performing such work as well.

Cases that cite this headnote

[9]  **Federal Civil Procedure**
🔑 Amount and Elements

Purely clerical or secretarial tasks should not be billed under fee shifting statutes, regardless of who performs them.

Cases that cite this headnote

[10]  **United States**
🔑 Expenses Recoverable and Amount Thereof

Administrative or clerical work is not compensable under the Equal Access to Justice Act (EAJA). 28 U.S.C.A. § 2412(d).

Cases that cite this headnote

[11]  **United States**
🔑 Expenses Recoverable and Amount Thereof

Exhibit A

Social security claimant's request for $40 for one-half hour of administrative work was not compensable, under Equal Access to Justice Act (EAJA), after claimant prevailed on obtaining remand of claim for social security disability benefits, since fees for purely clerical or secretarial tasks were not recoverable. 28 U.S.C.A. § 2412(d); 42 U.S.C.A. § 401 et seq.

Cases that cite this headnote

**Attorneys and Law Firms**

Howard David Olinsky, Olinsky Law Group, Syracuse, NY, for Plaintiff.

Susan D. Baird, U.S. Attorney's Office, SDNY (St.Andw's), New York, NY, for Respondent.

### ORDER

PAUL G. GARDEPHE, District Judge.

**\*1** On April 15, 2014, Plaintiff Lisa Kottwitz filed this action, seeking review of the final determination by the Commissioner of Social Security (the "Commissioner") denying her application for Social Security disability benefits pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq. (Dkt. No. 2) On May 7, 2014, this Court referred the matter to Magistrate Judge Sarah Netburn for a Report and Recommendation ("R & R"). (Dkt. No. 4) On July 2, 2014, this Court entered the parties' stipulation and order that the action be remanded to the Commissioner of Social Security pursuant to section four of 42 U.S.C. § 405(g), for further administrative proceedings. (Dkt. No. 9) On the same day, the Clerk of Court entered judgment and remanded the case to the Commissioner. (Dkt. No. 10)

On August 21, 2014, Plaintiff Kottwitz moved for attorneys' fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, seeking $1,153.74 in attorney's fees, $40.00 for administrative work, and $14.43 in costs.[1] (Dkt. No. 12) On January 16, 2015, Judge Netburn issued an R & R recommending that this Court deny Kottwitz's motion for attorney's fees but grant her request for costs. (R & R (Dkt. No. 22) at 4–7)

Neither party objected to the R & R. For the reasons discussed below, the Court adopts the R & R in its entirety.

### STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. New York State Dep't of Educ.,* 855 F.Supp.2d 205, 206 (S.D.N.Y.2012) (quoting Fed.R.Civ.P. 72(b)).

### DISCUSSION

In her January 16, 2015 R & R, Judge Netburn recommends that this Court deny Kottwitz's motion as to attorney's fees, because (1) Plaintiff's counsel failed to maintain contemporaneous time records; and (2) attorney's fees may not be awarded for clerical tasks. (R & R (Dkt. No. 22) at 4–7) The R & R also recommends that the Commissioner be directed to pay $14.43 in costs. (*Id.* at 7) In her R & R, Magistrate Judge Netburn also informed the parties that they had fourteen days from service of the R & R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that failure to do so could result in waiver of review. (*Id.* at 7–8)

[1] Neither party has objected to the R & R. Accordingly, Plaintiff has waived her right to review by this Court. *See Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir.2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir.2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.")

[2] This Court has nonetheless reviewed Judge Netburn's

well-reasoned R & R and is satisfied that "there is no clear error on the face of the record." *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted). As Judge Netburn explains fully in her R & R, because Plaintiff's counsel did not maintain contemporaneous time records, the application for attorney's fees must be denied:

> It is conceded that Counsel does not maintain contemporaneous *time records.* And Counsel's efforts to cobble together a historical account of time expended based on *work records* is not only contrary to the legal standard, but proves to be inadequate as a factual matter. For example, the time report seeks fees for .5 hours of time on April 9, 2014 ("Draft Summons and complaint, prepare civil cover sheet"); but the Prevail [data management system] report does not indicate that any work was performed on that date. Similarly, the report seeks fees for .5 hours of time on June 14, 2014 ("Correspondence with Opposing Counsel re: Stipulation to Remand"); the Prevail report indicates that no work was performed in the month of June 2014.

R & R at 6.

[3] Indeed, Plaintiff's counsel concedes that he did not comply with the law requiring that attorney's fee requests be supported by contemporaneous time records. *See* Declaration of Howard Olinsky (Dkt. No. 20) ¶¶ 6–10, 13–15. " '[C]ontemporaneous time records are a prerequisite for attorney's fees in this Circuit.' " *Scott v. City of New York,* 626 F.3d 130, 133 (2d Cir.2010)) (quoting *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147 (2d Cir.1983)). "These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Carey,* 711 F.2d at 1148. Accordingly, an award of attorney's fees is not appropriate. *See* R & R at 4–7.

This Court also agrees with Judge Netburn's conclusion that no attorney's fee award is appropriate for clerical tasks. (R & R (Dkt. No. 22) at 7) Judge Netburn thoroughly examined this issue and correctly concluded that such expenses are not recoverable in an attorney's fee award under the EAJA. *See* R & R at 7; *Sava v. Comm'r of Soc. Sec.,* No. 06 Civ. 3386(KMK)(PED), 2014 WL 129053, at *3 n. 7 (S.D.N.Y. Jan. 10, 2014) ("EAJA fees may be reduced to reflect tasks performed by counsel which are clerical in nature and, thus, may be performed by paralegals, clerical staff or other non-attorneys."); *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) ("purely clerical or secretarial tasks should not be billed" under fee shifting statutes "regardless of who performs them"). Judge Netburn likewise committed no error in concluding that the Commissioner should be directed to pay $14.43 in costs, a determination not contested by the parties. *See* R & R at 7.

### CONCLUSION

Finding no error in Judge Netburn's January 16, 2015 Report and Recommendation (Dkt. No. 22), this Court adopts the R & R in its entirety. Accordingly, for the reasons stated therein, Plaintiffs motion is denied as to attorney's fees but granted as to $14.43 in costs. The Clerk of the Court is directed to terminate any outstanding motions and to close this case.

SO ORDERED.

### REPORT AND RECOMMENDATION

SARAH NETBURN, United States Magistrate Judge.

**TO THE HONORABLE PAUL G. GARDEPHE:**
Plaintiff Lisa Madeline Kottwitz brought this action for review of the final determination by the Commissioner of Social Security (the "Commissioner") denying her application for Social Security disability benefits pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.* After discussion between the parties led to an agreement to remand, the Clerk of Court entered judgment and remanded the case to the Commissioner. Kottwitz now moves for attorneys' fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. For the following reasons, Kottwitz's motion should be GRANTED in part and DENIED in part, and the Commissioner directed to pay $14.43 in reasonable expenses.

### BACKGROUND

On April 15, 2014, Kottwitz filed her complaint through counsel. On May 7, 2014, the Honorable Paul G. Gardephe referred this matter to my docket to report and recommend on any dispositive motions. On July 2, 2014, the Court entered the parties' stipulation and order of remand, returning the case to the Commissioner for

further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). That same day, the Clerk of Court entered judgment and remanded the case.

On August 21, 2014, Kottwitz filed this motion for attorneys' fees, which the Commissioner opposed on August 29, 2014. The motion became fully submitted on September 12, 2014. Thereafter, the Court held a conference to discuss whether the plaintiff's Counsel (hereinafter "Counsel") maintained contemporaneous time records in light of changing dates reflected in Counsel's statements provided before the fee motion was filed and after. The Court directed the parties to meet and confer in an effort to settle the matter and, if no resolution could be reached without judicial intervention, Counsel was directed to file a declaration describing the system used by his law firm to record contemporaneously those hours for which he seeks to recover. No resolution was reached, and Counsel filed his declaration on October 3, 2014. The Commissioner filed a response on October 14, 2014.

Kottwitz's Counsel seeks $1,153.74 in fees, $40.00 for administrative work, and $14.43 in costs. The Commissioner objects to an attorneys' fee award in this case because counsel has failed to demonstrate that he kept contemporaneous time records, and objects to an award for administrative services as outside the scope of permissible fee awards. The Commissioner does not object to an award for $14.43 in costs.

## DISCUSSION

### I. EAJA Prevailing Party Fees

[4] The EAJA provides that "a court shall award to a prevailing party [attorneys' fees in certain civil actions] ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d) (1)(A). This provision's purpose is to "decrease the chance that certain individuals ... may be deterred from seeking review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights." Green v. Bowen, 877 F.2d 204, 206 (2d Cir.1989) (citation and internal quotation marks omitted).

*2 [5] Under the EAJA, the Court must consider whether: (1) the claimant is a "prevailing party"; (2) the government's position was "substantially justified"; (3) any "special circumstances make an award unjust"; and (4) the fee application was submitted within thirty days of final judgment in the action. Kerin v. U.S. Postal Serv., 218 F.3d 185, 189 (2d Cir.2000) (citing 28 U.S.C. § 2412(d)).

The Commissioner does not challenges the plaintiff's fee application on the basis of any of these four factors, and the Court has independently reviewed the facts in this case and determined that the plaintiff would ordinarily be entitled to an award of reasonable fees. Instead, the Commissioner argues that the plaintiff may not receive a fee award in this case because: (1) Counsel failed to maintain contemporaneous time records; and (2) a fee may not be awarded for clerical tasks.

### II. Contemporaneous Time Records

#### A. Statement of Law

[6] The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records. New York State Assoc. for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir.1983) ("Hereafter, any attorney ... who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records."); Scott v. City of New York, 626 F.3d 130, 133 (2d Cir.2010) ("contemporaneous time records are a pre-requisite for attorney's fees in this Circuit"). The requirement that attorneys support their fee requests with contemporaneous time records is a "hard-and-fast-rule" with only rare exceptions. Scott v. City of New York, 643 F.3d 56, 57 (2d Cir.2011). The burden is on the plaintiff "to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir.1987); accord Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1160–1161 (2d Cir.1994).

[7] [8] The Court of Appeals has addressed what constitutes contemporaneous time records: "The records should specify, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1148; accord Mishin v. Lopalo, 13–2699–cv, 767 F.3d 144, 2014 WL 4192071 (2d Cir. Aug, 26, 2014). A recreation of time records based on documents, calendars and other extrinsic evidences is insufficient. Handschu v. Special Services Div., 727 F.Supp.2d 239, 250 (S.D.N.Y.2005) ("to satisfy Carey the proof must demonstrate that original contemporaneous entries of

sufficient specificity were punched into or logged in a database from which the printouts or summaries are derived"). Contemporaneous records of *work performed* is not enough; an attorney must maintain contemporaneous records of the *time expended* performing such work as well.

### B. Application

**\*3** In an effort to settle the fee application without judicial intervention, Counsel submitted a time record to the Commissioner's attorney. That record reflected six hours of attorney time, including 2.4 hours for "Preparation of EAJA motion" performed on "07/09/14." Unable to resolve the fee application, on August 21, 2014, Counsel filed an Affidavit in Support of the Motion for Attorney's Fees. (Affidavit of Howard D. Olinsky, dated August 20, 2014 (hereinafter "Olinsky Aff.") at Docket Entry 13.) Attached to that affidavit was a substantially similar time record as Counsel had provided for settlement purposes. This record too reflected six hours of attorney time, including 2.4 hours for work performed for "Preparation of EAJA motion." The entry for "Preparation of EAJA motion," however, indicated that the work was performed on "08/20/14," one day before the motion was filed, and not "07/09/14," as originally presented to the Commissioner for settlement purposes. The Commissioner, therefore, opposes the request for attorneys' fees in full on the ground that Counsel does not maintain contemporaneous time records.

In response to the Court's request for further briefing on this issue, Counsel filed a supplemental declaration. He explains that his firm uses a data management system called Prevail to record contemporaneously work that is completed. Prevail records work that is performed but not the time expended performing such work. (Supplemental Declaration of Howard D. Olinsky, dated Oct. 3, 2014 (hereinafter "Olinsky Supp. Decl."), at ¶ 8.) To create a time report, his firm cross-checks the Prevail report with entries in its Worldox document management system to assess, *ex post,* how much time was reasonably expended performing the relevant task. (Olinsky Supp. Decl., ¶ 13.) Counsel submits as exhibits to his declaration, the Prevail and Worldox report for this matter. The Prevail report reflects work conducted. It does not indicate how much time was spent performing the task, and it does not always show who performed the work. The Worldox report identifies the documents in the "electronic file" for this case, including documents saved in Word or Adobe PDF, or saved incoming mail, faxes or email. This report as well does not indicate how much time was spent performing the work that created these documents. Counsel concedes that his firm "did not employ a 'stopwatch and write down' method of time keeping in this instant matter." (Olinsky Supp. Decl., ¶ 10.)

With respect to the changed date for the "Preparation of EAJA motion," Counsel states that, following the unsuccessful settlement negotiations, an attorney at his firm finalized the motion for filing and updated the date to August 20, 2014, the day before the motion was filed, without adding any time for any additional work performed. (Olinsky Supp. Decl., ¶ 17.)

The Court credits Counsel's explanation for the changed date in the time report as a reasonable explanation for why this occurred. Unfortunately, this error caused the Commissioner, and the Court, to focus on Counsel's firm's billing practices, which are not in line with the Circuit's requirements for fee applications. It is conceded that Counsel does not maintain contemporaneous *time records.* And Counsel's efforts to cobble together a historical account of time expended based on *work records* is not only contrary to the legal standard, but proves to be inadequate as a factual matter. For example, the time report seeks fees for .5 hours of time on April 9, 2014 ("Draft Summons and complaint, prepare civil cover sheet"); but the Prevail report does not indicate that any work was performed on that date. Similarly, the report seeks fees for .5 hours of time on June 14, 2014 ("Correspondence with Opposing Counsel re: Stipulation to Remand"); the Prevail report indicates that no work was performed in the month of June 2014.

**\*4** Counsel has conceded that he did not comply with the law, and his efforts to recreate a record of time spent are unavailing. The Court is particularly troubled by this evidence given that Counsel has "practiced Social Security law since 1986," and his law firm has "handled approximately 1,000 Social Security cases in United States District Court." (Olinsky Aff., at ¶ 5(b), (d).). An award of fees in this case would reward conduct that violates law that has been settled for decades. Although this outcome may be harsh, the Court is confident that the loss of six hours of compensable time is a small price to pay for an important lesson learned. Accordingly, plaintiff's motion for fees should be denied.

### III. Compensation for Administrative Work

[9]  [10]  [11]  Finally, the Court recommends denying plaintiff's request for $40 for .5 hours of administrative work. "[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes "regardless of who performs them." *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *accord LeBlanc–Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d

Exhibit A

Cir.1998) (noting in § 1988 action that "routine office overhead" is nonrecoverable, and "must normally be absorbed within the attorney's hourly rate"). Administrative or clerical work is not compensable under the EAJA. *See* Wilkett v. ICC, 844 F.2d 867, 875 n. 6 (D.C.Cir.1988) (no recovery of secretarial costs or "overhead" under EAJA, as those are traditionally covered by attorney's fees and not billed separately); *Mirabito v. Commissioner of Social Sec.,* 5:13 Civ. 0462(DEP), 2014 WL 1341928, at *2 (N.D.N.Y. April 4, 2014); *Hosking v. Astrue,* 3:10 Civ. 0064(MRK)(WIG), 2010 WL 4683917, at *2 (D.Conn. Oct. 1, 2010).

## CONCLUSION

For these reasons, I recommend that Kottwitz's motion for attorneys' fees be DENIED, and that the Commissioner be directed to pay $14.43 in reasonable expenses.

3

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed.R.Civ.P. 6(a), (d) (adding three additional days when service is made under Fed.R.Civ.P. 5(b)(2) (C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed.R.Civ.P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul G. Gardephe at the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Gardephe. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b), 72(b); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

**\*5 SO ORDERED.**

Jan. 16, 2015.

1   On August 29, 2014, the Commissioner filed an opposition to Kottwitz's motion. (Dkt. No. 14) After receiving an extension of time to file a reply, granted *sua sponte* by Judge Netburn (Dkt. No. 16), Kottwitz filed a reply on September 12, 2014. (Dkt. No. 17) In response to Judge Netburn's request for further briefing, on October 3, 2014, Plaintiff's counsel filed a declaration to substantiate the attorney's fee request. (Dkt. No. 20) The Commissioner filed a response in opposition on October 14, 2014. (Dkt. No. 21).

**All Citations**

--- F.Supp.3d ----, 2015 WL 293821

**End of Document**   © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Exhibit A