2015 WL 2137697
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Nasheen STROUD, Plaintiff,
v.
COMMISSIONER OF SOCIAL SECURITY,
Defendant.

No. 13 Civ. 3251(AT)(JCF).  |  Signed May 6, 2015.

### ORDER ADOPTING REPORT AND RECOMMENDATION

ANALLSA TORRES, District Judge.

**\*1** Plaintiff, Nasheen Stroud, moves for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Before the Court is the Report and Recommendation (the "R & R") of Magistrate Judge James C. Francis IV, which proposes that Plaintiff's motion be granted in part and that she be awarded $318.82 in attorneys' fees. Defendant filed a timely objection to the R & R. For the reasons stated below, the Court ADOPTS the R & R as modified herein.

### DISCUSSION[1]

[1]  The Court presumes familiarity with the facts, as detailed in the R & R, see R & R 1–2, ECF No. 47, and does not summarize them here.

### I. *Standard of Review*

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.;* Fed.R.Civ.P. 72(b)(3). However, when a "party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R & R strictly for clear error. *Rivera v. Colvin,* 11 Civ. 7469, 2014 WL 3732317, at \*1 (S.D.N.Y. July 28, 2014) (internal quotation marks and citation omitted). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin,* 12 Civ. 4527, 2014 WL 4160222, at \*2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

### II. *Defendant's Objection*

Defendant contends that Magistrate Judge Francis erroneously found that Plaintiff's counsel's firm (the "firm") began keeping contemporaneous time records on August 30, 2014, because this determination: (1) "was based on an unsworn statement in [P]laintiff's reply brief"; and (2) conflicts with a sworn declaration filed by Plaintiff's counsel in another case, *Kottwitz v. Colvin,* 14 Civ. 2677 (the "*Kottwitz* declaration"). *See* Def. Objs. 2–4, ECF No. 48. In response to this objection, the Court directed Plaintiff's counsel to file a declaration indicating the date on which the firm began keeping contemporaneous time records (*i.e.,* when the firm started using "a stopwatch feature to track the hours [spent] working on any task," Pl. Reply 6, ECF No. 42) in this case. Order, Apr. 28, 2015, ECF No. 51. Plaintiff's counsel filed a declaration, which states, *inter alia,* that he learned "how to turn on the ledger tab, [which] allows for stopwatch timekeeping or direct after the fact timekeeping" on August 27, 2014, and that the firm "began keeping contemporaneous time records in this case and all other cases on August 28, 2014." Olinsky Decl. ¶¶ 6–7, ECF No. 52. This assertion is consistent with the *Kottwitz* declaration, which states, *inter alia,* that the firm's software vendor "has now activated a previously hidden ledger tab which contains a stopwatch feature which is currently in use at [the] firm" and that Plaintiff's counsel "believe[s] this method will more accurately document ... time and provide a direct printout of the time spent on a case." Def. Mem. Ex. A ¶ 11, ECF No. 38–1. Defendant's suggestion that these statements demonstrate that the firm did not begin keeping contemporaneous time records in this case until October 3, 2014 (*i.e.,* the date on which Plaintiff's counsel executed and filed the *Kottwitz* declaration) is unpersuasive. *See* Def. Objs. 3 & n. 1.[2] Accordingly, the Court rejects Judge Francis' conclusion that the firm began keeping contemporaneous time records on August 30, 2014, and finds instead that the firm began keeping contemporaneous time records on August 28, 2014. Therefore, attorneys' fees incurred on or after that date are compensable.[3]

[2]  Defendant's argument that the time records attached to the *Kottwitz* declaration, Def. Mem. Ex. A at 8–9, prove

Exhibit C

**Stroud v. Commissioner of Social Sec., Slip Copy (2015)**

that the firm "continued to use its old, discredited billing system ... at least through September 24, 2014," Def. Objs. 2–3, is likewise unconvincing. These records, which show "the history tab from [the firm's data management] software program," Def. Mem. Ex. A ¶ 6, do not refute Plaintiff's counsel's assertion that the firm began keeping contemporaneous time records in this case on August 28, 2014.

[3]  Because no attorneys' fees were incurred on August 28 or 29, 2014, see Olinsky Aff. 6–7, ECF No. 36, the Court's modification of the date on which the firm began keeping contemporaneous time records does not affect the fee calculation in the R & R.

## CONCLUSION

**\*2** The Court has reviewed *de novo* those portions of the R & R to which Defendant objects and has reviewed the remainder of the R & R for clear error.[4] For the reasons stated above, the Court ADOPTS the R & R as modified herein. Plaintiff's motion is GRANTED in part and she is awarded $318.82 in attorneys' fees.

[4]  The Court finds the unchallenged portions of the R & R to be free of clear error.

The Clerk of Court is directed to terminate the motion at ECF No. 35.

SO ORDERED.

**All Citations**

Slip Copy, 2015 WL 2137697

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Exhibit C