**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) |
|  | ) No. 03 MDL 1570 (GBD/FM) |
|  | )         ECF Case |

_____

This document relates to:

> ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
>         Case No. 02-CV-6977;
> BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*,
>         Case No. 03-CV-5738;
> CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
>         Case No. 04-CV-5970;
> EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
>         Case No. 04-CV-7279; and
> FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*,
>         Case No. 03-CV-6978.

### Defendant Perouz Sedaghaty's Rule 26(a)(1) Amended Initial Disclosures

Defendant Perouz Sedaghaty, through undersigned counsel, makes the following initial disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P.

These initial disclosures are based upon information reasonably available to Defendant as of October 15, 2010.  Many of the factual allegations in the complaints and other case filings are ambiguous, vague, and confusing.  Thus, these initial disclosures are submitted without prejudice to Defendant's right to identify additional witnesses or evidence, and Defendant reserves the right to supplement these initial disclosures.

Defendant's initial disclosures are also made without in any way waiving (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action; (2) the right to object on any and all grounds, at any time, to any discovery request or proceeding involving or relating to the subject

matter of these disclosures; and (3) any of the affirmative defenses or other defenses as set forth in Defendant's Answers to the Complaints in the above-captioned actions, dated October 15, 2010, including any future amendments thereto.

The only change to the original Initial Disclosures (ECF No. 2378) (Oct. 15, 2010) is to specifically enumerate certain witnesses listed on the amended witness lists in the case styled United States v. Sedaghaty, No. 05-CR-60008-HO (D. Or.).

## I. Individuals with Relevant Information.

The following individuals are likely to have discoverable information that Defendant may use to support its defenses.

 (1) Perouz Sedaghaty;

 (2) Soliman H.S. Al-Buthe;

 (3) All witnesses necessary for rebuttal or impeachment purposes; and

 (4) Any necessary expert witnesses.

Each of the above-named individuals may be contacted through undersigned counsel.

In addition, the witnesses listed on the amended witness lists in the case styled United States v. Sedaghaty, No. 05-CR-60008-HO (ECF Nos. 410, 419, 426) (D. Or.) may also have discoverable information that Defendant may use to support its defenses. These include the following individuals, who can be contacted through undersigned counsel:

1. George Arnold;
2. Michael Bean;
3. Rob Brown;
4. Caren Caldwell;
5. Marla Cates
6. Jeff Cone;
7. Mark Cox;
8. Sharon Cummings;
9. Ernest Ettlich;
10. Patricia Florin;

11.     Mary Foster;
12.     Bill Gabriel;
13.     Abdi Guled;
14.     David Hafer;
15.     Carol Hwoschinsky;
16.     Dr. Amr Jamal
17.     Mary Ann Jones;
18.     Prof. Tugrul Keskin;
19.     Abdul Quadir Abdul Khaliq;
20.     Anwar Khan;
21.     Col. Patrick Lang;
22.     Dr. David Long;
23.     Cathy Matthews;
24.     Marcus Owens;
25.     David Rodgers;
26.     Ben Searcy;
27.     Raya Shokatfard;
28.     Nabil Taha;
29.     Muhammad Nien Tai Sui
30.     Robert Young;
31.     Majdi Zaky; and
32.     Rabbi David Zaslow.

Defendant does not consent to or authorize any communication with the current or former employees, agents, officers, or directors of the Al Haramain Islamic Foundation, Inc. (USA), and do not consent to or authorize any other communication prohibited by the applicable rules of professional conduct.

## II.     Description of Relevant Documents by Category and Location.

Al Haramain Islamic Foundation, Inc. (USA) has already produced the documents in its custody and control that Defendant Sedaghaty may use to support his defenses to the claims asserted by Plaintiffs.

Defendant reserves the right to object to the production of any document, data compilation, and tangible thing on any basis permitted by the Federal Rules of Civil Procedure, including the attorney-client privilege and the attorney work product doctrine.

**III.    Computation of Damages.**

Not applicable.

**IV.    Insurance Policies.**

None.

Respectfully submitted,

*/s/ Lynne Bernabei*

_____

Lynne Bernabei          D.C. Bar No. 938936
Alan R. Kabat           D.C. Bar No. 464258
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(202) 745-1942

Attorneys for Perouz Sedaghaty

DATED:  September 30, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2015, I caused the foregoing Rule 26 Amended

Initial Disclosures to be served electronically on counsel of record by the Court's Electronic

Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


/s/ Alan R. Kabat

_____

Alan R. Kabat