# BERNABEI & WACHTEL, PLLC

**MEMO ENDORSED**

ATTORNEYS AT LAW

1775 T STREET, N.W.

WASHINGTON, D.C. 20009

| LYNNE BERNABEI | 202.745.1942 | PETER M. WHELAN |
| --- | --- | --- |
| DAVID WACHTEL | FAX: 202.745.2627 | LAUREN R. S. MENDONSA |
| ALAN R. KABAT | WWW.BERNABEIPLLC.COM | KAREN TANENBAUM |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/15

By ECF

October 2, 2015

Honorable Frank Maas
U.S. District Court for the Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(FM)

Dear Judge Maas:

*[Handwritten endorsement:] I expect to issue a decision relatively soon concerning the fee issues. Whether Al Haramain USA is or is not affiliated with terrorists is an issue wholly removed from the obligation — once sued — to provide discovery. Accordingly, the merits of the underlying claims will have no effect on my decision regarding fees. /s/ Maas, USMJ, 10/5/15.*

I write on behalf of the Al Haramain Islamic Foundation, Inc. ("Al Haramain USA"), in response to the letter submitted by plaintiffs' counsel (ECF No. 3058) (Oct. 2, 2015).

The U.S. government's decision to delist Al Haramain USA, and the fact that the U.S. government has never prosecuted or indicted Al Haramain USA or its officers (Perouz Sedaghaty and Soliman Al-Buthe) for any terrorism-related offenses, confirms that there was no basis for designating the organization. The U.S. government never presented any admissible evidence showing that Al Haramain USA, Mr. Sedaghaty, or Mr. Al-Buthe supported terrorism. Instead, the prosecution in Oregon was for tax and customs charges, and the Ninth Circuit vacated the conviction of Mr. Sedaghaty. *United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2013). On remand, the U.S. government, instead of attempting to re-try Mr. Sedaghaty, voluntarily dismissed the indictment as to him; Al Haramain USA pled to a low-level tax offense, and made full restitution to the IRS from its blocked funds.

Moreover, the United Nations delisted both Al Haramain USA and Mr. Al-Buthe, because the United Nations recognized that there was no basis for listing either as an alleged terrorist or a supporter of terrorism.

The denial of Al Haramain USA's motions to dismiss turned in part on the fact that it was a designated entity or connected with other designated entities and that the Office of Foreign

Assets Control (OFAC) had blocked its assets. *See In re Terrorist Attacks on Sept. 11, 2001*, 740 F. Supp. 2d 494, 520 (S.D.N.Y. 2010); *Burnett v. Al Baraka Investment & Devel. Corp.*, 274 F. Supp. 2d 86, 104 (D.D.C. 2003).

However, the U.S. government's agreeing to delist Al Haramain USA, abandoning the prosecution of Mr. Sedaghaty, and settling the prosecution of the organization, all confirm that the government was unable to prove any connection with terrorism. There is no basis for continuing to maintain Al Haramain USA as a defendant in this case. It is unclear how Plaintiffs – who lack the resources and evidence that the government had – would be able to prove any of their terrorism claims against Al Haramain USA, Mr. Sedaghaty, or Mr. Al-Buthe, when the government did not and could not do so.

It appears to us that the latest letter from counsel for Plaintiffs is an improper effort by the Plaintiffs to get money out of Al Haramain USA, when the Plaintiffs have been singularly unsuccessful in getting money out of any other defendant in this case. This effort is particularly egregious, given Plaintiffs' repeated misrepresentations to this Court that their fee petitions were supported by contemporaneous time records. These misrepresentations were uncovered after this Court allowed limited discovery into their time records, which showed that (1) one firm did not keep time records at all, and the attorney time was "reconstructed" months or years later; and (2) the time records of the other firms revealed multiple inconsistencies, and even "enhancements" of the original time records, in order to inflate the time for which fees were sought. Under Second Circuit precedent, as Al Haramain has briefed, including through its notices of supplemental authority (ECF Nos. 2864, 2868, 2876, 2940, 2958, and 3038), the fee petition should be struck entirely or substantially reduced because of these material misrepresentations.

Sincerely,

*/s/ Lynne Bernabei*

Lynne Bernabei

cc:  MDL-1570 Counsel of Record
         (by ECF)