## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Federal Insurance Co. v. al Qaida*, Case No. 03-CV-6978 (RCC) (S.D.N.Y.)
*Kathleen Ashton  v. Al Qaeda Islamic Army*, Case No. 02-CV-6977 (RCC) (S.D.N.Y.)
*Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.*, Case No. 03-CV-9849
(RCC) (S.D.N.Y.)

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO THE INTERNATIONAL ISLAMIC RELIEF ORGANIZATION

COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Phone:  (215) 665-2000
December 13, 2005

Exhibit 7

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO THE INTERNATIONAL ISLAMIC RELIEF ORGANIZATION**

Plaintiffs in <u>Federal Insurance Co. v. al Qaida</u>, Case No. 03-CV-6978 (RCC), <u>Kathleen
Ashton v. al Qaeda Islamic Army</u>, Case No. 02-CV-6977 (RCC), and <u>Thomas E. Burnett, Sr. v.
Al Baraka Inv. & Dev. Corp.</u>, Case No. 03-CV-9849 (RCC) (collectively "Plaintiffs"), propound
and serve on the International Islamic Relief Organization, (hereinafter "IIRO" or "Defendant")
the following Requests for Production of Documents to be answered fully and under oath,
pursuant to Rule 34 of the Federal Rules of Civil Procedure, within 30 days of their receipt.

## INSTRUCTIONS

1.      In producing documents and other things, Defendant is requested to furnish all
documents or things in his possession, custody or control, regardless of whether such documents
or things are possessed directly by Defendant or by Defendant's employees, agents, attorneys,
accountants, auditors, investigators, or other representatives.

2.      Documents are to be produced in full; redacted documents will not constitute
compliance with this request.  If any requested document or thing cannot be produced in full,
Defendant is requested to produce it to the extent possible, indicating which document or portion
of that document is being withheld and the reason that document is being withheld.

3.      In producing documents, Defendant is requested to produce the original of each
document requested together with all non-identical copies and drafts of that document.  If the
original of any document cannot be located, an identical copy shall be provided in lieu thereof,
and shall be legible and bound or stapled in the same manner as the original.

Exhibit 7

4.     Documents shall be produced as they are kept in the usual course of business and the documents shall be organized and labeled to correspond to the categories in this request.  All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by Defendant.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5.     Documents shall be produced in such fashion as to identify any organization, department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

6.     Documents attached to each other should not be separated.

7.     If any documents requested herein have been lost, discarded, destroyed or otherwise no longer in Defendant's possession, custody or control, they shall be identified as completely as possible including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

8.     Documents shall be produced in such fashion as to identify which request(s) they are responsive to.

9.     Each of these requests shall be continuing.  If at any time after production of these requests any information becomes available that calls for any supplement to a previous response, provide such documents within a reasonable time period from the time when it becomes available.

Exhibit 7

10.     If Defendant asserts a privilege or other authorized protection from disclosure with respect to any document requested herein, Defendant is required to provide a privilege log containing the following as to each such document withheld:

    A.     The type of document or information (e.g., letter, notebook, telephone conversation, etc.);

    B.     The date of the document or transaction involving the information;

    C.     The names of each author and any and all participants with respect to the information;

    D.     The names of any and all signatories of the document, if any;

    E.     The name of the document's current custodian;

    F.     The present whereabouts of the document and/or the names of all persons with personal knowledge with respect to the information; and

    G.     A statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld.

11.     For the purpose of this discovery request, except to the extent specifically indicated in the "Definitions" section of this Request, the words used herein are considered to have, and should be understood to have, their ordinary, every day meaning and Plaintiffs refer Defendant to any collegiate dictionary such as *Webster's New World Dictionary,* Second College Edition by Prentice Hall Press.  In the event Defendant asserts that the wording which has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other

Exhibit 7

boiler plate objections to avoid squarely addressing the specific discovery request, Plaintiffs refer

Defendant to *Webster's Dictionary* for the plain meaning of the terms defined herein.

## <u>DEFINITIONS</u>

1.      The terms "document" or "documents" are defined to be synonymous in meaning

and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including,

without limitation, electronic or computerized data compilations.  A draft or non-identical copy

is a separate document within the meaning of this term.


2.      The term "identify" when used with reference to an individual person shall mean

to give, to the extent known, the person's full name and all other names or aliases by which the

individual has been known, present or last known business and residence address, telephone

number, and when referring to a natural person, additionally, the present or last known place of

employment.  If the person is deceased, provide the exact or approximate date and place of

death.  Once a person has been identified in accordance with this subparagraph, only the name

of that person need be listed in response to subsequent discovery requesting identification of

that person.


3.      The term "identify" when used with reference to a document or written

communication shall mean to give, to the extent known, the (i) type of document; (ii) general

subject matter; (iii) general description of the document; (iv) date of the document; (v)

author(s), addressee(s), recipients(s), and the person(s) who signed the document; (vi) the

number of pages, if the document contains more than one page; (vii) a description of any

attachments or supplemental items incorporated within the document; and (viii) the transaction,

act, or occurrence to which each document related and the substance of the document.  If the

Exhibit 7

document was, but is no longer in the possession of the Defendant or subject to the Defendant's control, state what disposition was made of it.

4.      The term "identify" when used with reference to an oral communication, discussion, conversation or any other oral statement, shall mean to (i) identify the person who made the communication and person(s) to whom the communication was directed; (ii) state the date, time and place of such communication; (iii) describe in detail the substance of each communication and state the contents of the communication in verbatim if possible; (iv) identify any other persons present when the communication was made; and (v) identify any documents relating to the communication.

5.      The term "identify" when used with reference to an organization or business entity, shall mean to (i) state the formal title of the organization or entity and any other names by which it is known; (ii) state the specific section or organizational unit involved; and (iii) state the business address, including the address of any separate or branch offices.

6.      The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

7.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.      The terms "person" and "party" are defined as any natural person or any business, legal or government entity or association, sovereign state or juridical entity.

Exhibit 7

9.   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10.   The terms "all" and "each" shall be construed as all and each.

11.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.   The use of the singular form of any word includes the plural and vice versa.

13.   The terms "You" and "Your" refer to the International Islamic Relief Organization, including any subsidiary, affiliate, and/or branch office, IIRO USA, and any officer, director, trustee, employee, attorney, consultant, accountant, agent, or representative acting on the International Islamic Relief Organization's behalf.

14.   The term "IIRO USA" shall refer to any IIRO subsidiary, affiliate, branch office, or other entity located within the United States, including without limitation, the entity organized as a Virginia corporation in July 1991 by Sulaiman Al-Ali under the name *International Relief Organization, Inc.*, the entity subsequently incorporated as the *International Islamic Relief Organization* in Washington, D.C. by Sulaiman Al-Ali, and any entity operating with the assumed name or under the name of either the *International Relief Organization* or the *International Islamic Relief Organization*.

15.   The term "Plaintiffs" shall refer to Plaintiffs in <u>Federal Insurance Co. v. al Qaida</u>, Civil Action No. 03-CV-6978 (RCC).

Exhibit 7

16.   The term "Contribution" shall mean the giving, bestowing, granting, awarding, bequeathing, and/or providing of money, checks, services, logistical or administrative support, assets, rights, securities, real estate or any goods, tangible or intangible, including the giving of any "zakat."

17.   The term "material support or resources," as defined by 18 U.S.C.S. § 2339A, shall mean currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

18.   The term "international terrorism," as defined by 18 U.S.C.S. § 2331(1), shall mean activities that -- (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State; (B) appear to be intended – (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

19.   The term "domestic terrorism," as defined by 18 U.S.C.S. § 2331(5), shall mean activities that -- (A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; (B) appear to be intended – (i) to intimidate or coerce

Exhibit 7

a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily within the territorial jurisdiction of the United States.

20.   The terms "Kingdom of Saudi Arabia" or "KSA" shall mean the Kingdom of Saudi Arabia, including any agency, instrumentality, organ, political subdivision, official, or agent of the Kingdom of Saudi Arabia.

Exhibit 7

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO THE INTERNATIONAL ISLAMIC RELIEF ORGANIZATION**

1.      Please provide all documents illustrating, describing or otherwise relating to Your formation and organizational structure, the date of incorporation, the state of incorporation, the duration of Your existence, any documents relating to Your initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the International Islamic Relief Organization ("IIRO") (including any subsidiary, affiliate, or branch office).

**ANSWER:**

2.      Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the IIRO (including any subsidiary, affiliate, or branch office), including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER:**

3.      From the period beginning January 1990 through the present, please provide any and all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of the IIRO.

Exhibit 7

**ANSWER:**

4.      From the period beginning January 1990 through the present, please provide all documents identifying each officer, director, trustee, board member, and/or committee member of the IIRO (including any subsidiary, affiliate, or branch office), including without limitation, any and all documents relating to their appointment, resignation, and/or termination.

**ANSWER:**

5.      From the period beginning January 1990 through the present, please provide all documents relating to any meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of the IIRO, including without limitation, any agendas or meeting minutes.

**ANSWER:**

6.      From the period beginning January 1, 1990 through September 11, 2002, please provide any and all statements for bank accounts held by the IIRO.

**ANSWER:**

Exhibit 7

7.      From the period beginning January 1990 through the present, please provide any and all financial statements, balance sheets, income statements and annual reports for the IIRO.

**ANSWER:**

8.      From the period beginning January 1990 through the present, please provide all documents relating to all filings submitted to any local, state, or federal agency by You, including without limitation, the Internal Revenue Service or the Securities Exchange Commission.  Such documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning IIRO's tax-exempt status.

**ANSWER:**

9.      From the period beginning January 1990 through the present, please provide all documents relating to any audit, analysis, examination, or review of the IIRO's investments, assets, capital, and/or financial affairs, conducted either by employees of the IIRO or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.

**ANSWER:**

Exhibit 7

10.     From the period beginning January 1, 1990 through September 11, 2001, please provide any and all documents identifying projects undertaken or financed by the IIRO, including without limitation, any and all documents summarizing the funds allocated by the IIRO to such projects.

**ANSWER:**

11.     From the period beginning January 1990 through the present, please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by You.  Such documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER:**

12.     From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the IIRO's

Exhibit 7

headquarters in Saudi Arabia in the fundraising efforts of the IIRO's offices outside of Saudi Arabia.

**ANSWER:**

13.     Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MD 1570, whereby You have agreed to pay, indemnify, or reimburse their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant.  Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

14.     Please provide all documents relating to any understanding or agreement between the IIRO and any other individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse the IIRO for all costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against IIRO.  Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

Exhibit 7

15.      From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO ("IIRO USA"), including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

16.      From the period beginning January 1990 through the present, please provide any and all documents exchanged between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO, including without limitation, all documents relating to the transfer of funds between the IIRO headquarters in Saudi Arabia and IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

17.      From the period beginning January 1990 through the present, please provide any and all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of any IIRO

Exhibit 7

office worldwide to IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

18.    From the period beginning January 1990 through the present, provide all documents relating to any fundraising events and/or conferences that were held in the United States for the benefit of the IIRO, IIRO USA, and/or the IRO.  Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

19.    From the period beginning January 1990 through the present, please provide any and all documents relating to the provision of funds or other material support from the Saudi Embassy in Washington D.C., and/or any official or agency of the KSA, to IIRO USA, including the organization registered as the International Relief Organization ("IRO") which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Exhibit 7

20.      From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

**ANSWER:**

21.      From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Dr. Sulaiman bin Ali Al-Ali, including without limitation, all documents relating to the transfer of funds between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

**ANSWER:**

22.      From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Sanabel Al Kheer.

**ANSWER:**

Exhibit 7

23.     From the period beginning January 1980 through January 1990, please provide any and all documents sent to, and/or received from Sanabel Al Kheer, including without limitation, all documents relating to funds raised by Sanabel Al Kheer in support of the IIRO through fundraisers, investments or otherwise.

**ANSWER:**

24.     Provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Muslim World League ("MWL").

**ANSWER:**

25.     From the period beginning January 1990 through the present, please provide any and all documents identifying, describing, or otherwise relating to the transfer of funds between the IIRO and the MWL.

**ANSWER:**

Exhibit 7

26.     From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the MWL in the fundraising efforts of the IIRO's offices worldwide.

**ANSWER:**

27.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

28.     From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

Exhibit 7

**ANSWER:**

29.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the relationship between the IIRO and any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

30.     From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from, any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

31.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in spreading, propagating, or proselytizing Islam outside of the Kingdom of Saudi Arabia, including without limitation any long term strategy, studies or papers.

**ANSWER:**

Exhibit 7

32.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in advancing the foreign policy objectives of the KSA.

**ANSWER:**

33.     From the period beginning January 1990 through the present, please provide all documents relating to all accounts in any United States, Saudi Arabian, or foreign banking institution You hold or have held jointly with the KSA, any members of the Saudi royal family, and/or any Saudi official acting on behalf of the KSA ("KSA Joint Bank Accounts"), and/or any KSA Joint Bank Accounts over which You hold or have held signatory authority.

**ANSWER:**

34.     Provide all documents relating to the role of the KSA and/or members of the Saudi royal family, in the creation, organization, funding, oversight, supervision, operation, and/or management of the IIRO, including any subsidiary, affiliate, and/or branch office.

**ANSWER:**

Exhibit 7

35.     Provide all documents relating to the IIRO's initial capitalization and any subsequent funding provided by the KSA, members of the Saudi royal family, and/or any other individuals or entities, including without limitation, any funding provided by the KSA to IIRO through the MWL.

**ANSWER:**

36.     Provide all documents defining, establishing, or relating to the IIRO's privileges, obligations, activities, and/or rights under the laws of the KSA.

**ANSWER:**

37.     Provide all documents relating to any and all laws, statutes, regulations, ordinances, royal decrees, or directives issued by the KSA relating to the IIRO, including but not limited to, documents relating to the organization, funding, oversight, supervision, management, and/or control over the IIRO's operations, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:**

Exhibit 7

38.     Provide all documents relating to any fundraising events and/or conferences that were held for the benefit of the IIRO and were promoted, sponsored, organized, funded, managed, supervised, or attended by the KSA and/or members of the Saudi family.   Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

39.     From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the KSA.

**ANSWER:**

40.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Islamic Republic of Pakistan, including without limitation, any and all documents sent to and/or received from the Islamic Republic of Pakistan.

**ANSWER:**

Exhibit 7

41.     From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the Islamic Republic of Pakistan.

**ANSWER:**

42.     From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Taliban.

**ANSWER:**

43.     From the period beginning January 1990 through 2002, provide any and all documents relating to the transfer of funds between the IIRO and the Taliban, including without limitation, the transfer of $60 million which was publicly announced by IIRO's Secretary-General Adnan Basha.

**ANSWER:**

Exhibit 7

44.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the persons identified in Exhibit A.

**ANSWER:**

45.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the persons identified in Exhibit A, including without limitation, all documents relating to the transfer of funds between the IIRO and those persons.

**ANSWER:**

46.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the entities identified in Exhibit B.  In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with any of the entities identified in Exhibit A, please provide such documents.

**ANSWER:**

Exhibit 7

47.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the entities identified in Exhibit B, including without limitation, all documents relating to the transfer of funds between the IIRO and those entities.

**ANSWER:**

48.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Hamas, including without limitation, the following Hamas-related entities: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah.  In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with Hamas or any Hamas-related entities, please provide such documents.

**ANSWER:**

Exhibit 7

49.      From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Hamas, including without limitation, any Hamas-related entities such as: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah.  Such documents shall include, but are not limited to, all documents relating to the transfer of funds between the IIRO and those entities.

**ANSWER:**

50.      From the date of IIRO's formation to the present, provide any and all documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden, including any member of the Bin Laden family, and the IIRO.

**ANSWER:**

Exhibit 7

51.     From the period beginning January 1990 through the present, provide any and all documents sent to, and/or received from Osama Bin Laden or any member of the Bin Laden family, including without limitation, all documents relating to the transfer of funds between the IIRO and/or Sanabel Al Kheer and any member of the Bin Laden family.

**ANSWER:**

52.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Al Zawahiri (brother of Dr. Ayman Al Zawahiri – Al Qaida's second-in-command).

**ANSWER:**

53.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Al Zawahiri, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

Exhibit 7

54.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Jamal Khalifa, including without limitation, Khalifa's role in heading the IIRO's office in the Philippines.

**ANSWER:**

55.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Jamal Khalifa, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

56.     Please provide any and all documents relating to the involvement of the IIRO in the struggle against the Soviet occupation of Afghanistan during the 1980s.

**ANSWER:**

Exhibit 7

57.     Please provide any and all documents relating to the IIRO's role in supporting the mujihadeen forces in Afghanistan in their struggle against Soviet occupation.  For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**


58.     From the period beginning January 1990 through 2002, please provide any and all documents relating to the IIRO's role in supporting training camps in Afghanistan, Pakistan, and Kashmir, including without limitation, the transfer of funds.  For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**


59.     Please provide any and all documents governing, describing, detailing or otherwise relating to any relationship between the IIRO and Maktab al Khidmat (a/k/a the Office of Services).

**ANSWER:**

Exhibit 7

60.     Please provide any and all documents sent to, and/or received from the Maktab al Khidmat, including without limitation, all documents relating to the transfer of funds between the IIRO and Maktab al Khidmat.

**ANSWER:**

61.     From the period beginning January 1990 through the present, please provide any and all documents authored, published, or disseminated by the IIRO relating to the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

62.     From the period beginning January 1990 through the present, please provide any and all documents relating to fundraising activities conducted by the IIRO in relation to relief or humanitarian efforts, or other operations, in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.  Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

Exhibit 7

63.     From the period beginning January 1990 through the present, please provide any and all interviews, statements or speeches by representatives of the IIRO regarding the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

64.     From the period beginning January 1990 through the present, please provide any and all documents discussing the legitimacy of any armed jihad or resistance by Muslims in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

65.     From the period beginning January 1990 through the present, please provide any and all documents relating to the relationship between the IIRO's Saudi headquarters and the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina.   Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials,

Exhibit 7

educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

66.     From the period beginning January 1990 through the present, please provide any and all documents relating to the relationships between and among the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina.  Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

67.     From the period beginning January 1990 through the present, provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by the IIRO by which charitable contributions are either made to and/or raised by You, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial

Exhibit 7

or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER:**

68.     From the period beginning January 1990 through the present, please provide any and all documents relating to the involvement of any official, trustee, committee, or board associated with the IIRO's headquarters in Saudi Arabia in determining how funds collected by the IIRO's offices outside of Saudi Arabia should be allocated and/or in the distribution of funds collected by the offices outside of Saudi Arabia.

**ANSWER:**

69.     From the period beginning January 1990 through September 11, 2001, please provide any and all summaries of contributions received and/or disbursements made by the IIRO.

**ANSWER:**

Exhibit 7

70.     From the period beginning January 1990 through the present, please provide any and all information contained in any database maintained by the IIRO, identifying or relating to the sources of funds contributed to the IIRO, and/or the destination of funds distributed by the IIRO.

**ANSWER:**



71.     From the period beginning January 1990 through the present, please provide all documents relating to any and all relationships the IIRO has with banks or financial institutions located in the United States, United Kingdom, Saudi Arabia, Jordan, the Philippines, Pakistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina, including without limitation, all documents relating to the transfer of funds.

**ANSWER:**



72.     From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from shari'a boards of any entity including businesses, banks, mosques, and/or charities.

**ANSWER:**

Exhibit 7

73.    From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Saudi Department of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

**ANSWER:**

74.    From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in the sponsorship of any radical, extremist or terrorist activities or organizations.

**ANSWER:**

75.    From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal or corrupt activities.

**ANSWER:**

Exhibit 7

76.      From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any military, radical or terrorist activity, plot or attack.

**ANSWER:**

77.      From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from any third party relating to the alleged involvement of the IIRO, or any employee or person associated with the IIRO, in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

78.      From the period beginning January 1990 through the present, please provide any and all documents relating to the alleged involvement of any Islamic charity or charities in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Exhibit 7

79.     From the period beginning January 1990 through the present, please provide any and all documents in Your possession or control relating in any way to IIRO meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER:**

80.     From the period beginning January 1990 through the present, please provide any and all documents relating to any internal investigation by the IIRO into any alleged criminal, corrupt, or extremist activities of any employee or person associated with the IIRO, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

81.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the MWL, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Exhibit 7

82.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

83.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that any Islamic charity or charities, or employee or person associated with any Islamic charity or charities, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

84.     Provide all documents relating to investigations or inquiries conducted by the United States Government or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator"), or any foreign government or

Exhibit 7

any foreign-based regulatory body, bank, financial institution, accountant, or auditor ("Foreign Investigator"), into financial transactions linked to accounts held solely or jointly by You.

**ANSWER:**

85.     Provide all documents relating to the Republic of Kenya's investigation and subsequent determination to ban the IIRO in September 1998 following the bombings of the U.S. Embassies in Kenya and Tanzania.

**ANSWER:**

86.     Provide all documents relating to any investigations conducted by the Republic of the Philippines and its subsequent determination that the IIRO office in the Philippines was used to finance terrorist organizations, including but not limited to, Al Qaida, Abu Sayyaf, and the Moro Islamic Liberation Front ("MILF").

**ANSWER:**

Exhibit 7

87.     Provide all documents relating to any investigations conducted by the Islamic Republic of Pakistan and its subsequent determination to expel IIRO personnel after September 11, 2001.

**ANSWER:**

88.     Provide all copies of any and all documents and things that have been seized by, or produced by the IIRO to, any investigators, auditors, and/or government agencies concerning the IIRO's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER:**

89.     From the period beginning January 1990 through the present, please provide any and all documents relating to any action taken by the IIRO to prevent criminal activities, including the sponsorship of terrorist or radicals, by persons employed by, or affiliated with the IIRO or any of its branch offices.

**ANSWER:**

Exhibit 7

90.     From the period beginning January 1990 through the present, please provide any and all documents relating to any action undertaken by the IIRO to remove or purge radical or corrupt elements or individuals from the IIRO's branch offices.

**ANSWER:**

91.     Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any IIRO subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent, employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

92.     Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any individual, including but not limited to, any of the persons identified in Exhibit A, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Exhibit 7

93.     Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any Islamic charity, benevolent association, IIRO supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks, including but not limited to, any of the entities identified in Exhibit B, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

94.     Provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by the IIRO concerning the acceptance and distribution of monetary donations, which are currently being used or were used to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER:**

95.     Provide copies of any and all laws, statutes, regulations, ordinances, or royal decrees which would have prohibited any Islamic charity or benevolent association from: (i) engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to Islamic radicals, fundamentalists, extremists or persons or organizations associated with

Exhibit 7

international terrorism or domestic terrorism; and/or (ii) providing material support or resources to al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations.

**ANSWER:**

96.      Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any subsidiary, affiliate, or branch office of the IIRO, including any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of the IIRO, may have been or was engaging in conduct unrelated to the IIRO's ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

Exhibit 7

97.     Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any persons identified Exhibit A, may have been or were engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

98.     Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks.

**ANSWER:**

Exhibit 7

99.    From the period beginning January 1990 through the present, please provide an electronic or paper copy of all web-pages that were ever operated by the IIRO and/or or its worldwide subsidiaries, affiliates, or branch offices.  Such documents shall include, but are not limited to, the e-mail server(s), webmaster(s), website designer(s), domain names, and registration of domain names.

**ANSWER:**

100.    Please provide all documents relating to any "web links" that any IIRO website(s) have to other internet websites, web-pages and/or chat rooms.  Such documents shall include, but are not limited to, the reason or purpose for the link, how the decision was made to add such a link to the website, whether the IIRO received any compensation for maintaining the link, and the content of the linked internet website, web page or chat room.

**ANSWER:**

101.    Please provide any internal regulations, rules, or protocols relating to web-links, e-mail, and website uses.

**ANSWER:**

Exhibit 7

102.     Please provide all electronically-stored materials which relate to the subject matter of the documents and things described herein including: (i) data files created by a word processor, spreadsheet or other application software; (ii) databases and structural information about the databases, including network activity logs and audit trails; (iii) electronic calendars and telephone logs; whether this information exists on a network file server, main frame computer, mini-computer, stand-alone personal computer, network workstation, off-line data-storage media, including back-ups and archives, floppy diskettes, tapes and other removable electronic media.

**ANSWER:**

103.     Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by the IIRO.

**ANSWER:**

104.     Please provide a copy of any and all IIRO "document retention" policies, plans, or programs.

**ANSWER:**

Exhibit 7

105.    Please provide any and all records or documents relating to the destruction of documents, including descriptions of all destroyed documents by the IIRO.

**ANSWER:**

106.    Please provide copies of all reports, correspondence and records from any expert expected to testify at trial which relate to the subject matter of this case.  Such documents shall include, but are not limited to, all expert reports and all documents reviewed and relied upon by any expert expected to testify at trial.

**ANSWER:**

107.    Please provide each exhibit that You intend to rely upon at trial.

**ANSWER:**

Exhibit 7

**EXHIBIT A**

Abdel Hamid Daghestani
Abdel Aziz Zaher
Abdelkarim al Nadi
Abdelradi Ahmad
Abdullah Mohammed Al Sagheer
Abdulnassir S. Osman
Abdulrahman Bin Mahfouz
Abdulrahman Satti
Abu Omar Ahmad al Hammi
Abu Talal Al-Qasimy a/k/a Tallat Fouad Qassem
Abu Zubayda
Adel Al Tayib
Adel Batterjee
Abdel Aziz Zaher a/k/a Abu Anas
Abdelrahman Sharif
Ahmad Saeed Khadr a/k/a Abdel Rahman Al-Kanadi
Ahmed Hussain Shameet
Ahmed Jubran
Ahmed Mohammed Hamed
Ait Idr Mustafa
Alarabi Sidiq Hafiz
Arafat El Asahi
Bassam A. Alim
Dr. Abdullah Bin Saleh Al Obaid
Dr. Ayman Mohammed Rabie Al-Zawahiri
Dr. Farid Yasin Qurashi
Djamel Lamrani a/k/a Abu Musab Al-Djazairi
Fayez Ahmed Alshehri
General Ali Mukhtar Kamal
Ghazi Mahfooz Felemban
Hassain Ali al Ghanam
Hassan Bahafzallah
Hisham Al Talib
Hussain Ali Al-Ghanam
Ibrahim Hassabella
Ibrahim Hussain Bahafzallah
Ihab Ali
Izzat Yasin
Jamal Al-Jibouri
Khaled al Arouri a/k/a Abu Ashraf
Khalid Bin Mahfouz
Khalil Abdelaziz

Exhibit 7

Mahmoud Abdel-Jalil
Mahmoud Jaballa
Mohamed Al Sayyaf a/k/a Abu Omar
Mohamed Al Siraj
Mohamed Atta
Mohamed Khatib
Mohamed Loay Bayazid
Mohammed Abdullah Al-Jomaih
Mohammed Jamal Khalifa
Mohammed Khatib
Mustafa Ahmed al Hawsawi
Mustapha Hamza
Osama Bin Laden
Ramzi Yousef
Safwat Hasan Abdelghani
Samir Salah
Sayed Abu Nasir
Sheikh Abdullah Azzam
Sheikh Ahmed Al-Gamdin
Sheikh Ahmed Azzam
Soliman Biheiri
Sulaiman bin Abdulaziz al-Rajhi
Talat Fouad Qasim
Tariq Bin Laden
Wadi El-Hage
Wael Julaidan
Wali Khan Amin Shah
Zakaria M. Shikh

Exhibit 7

## EXHIBIT B

Abu Sayyaf
Advice and Reformation Committee
Afghan Support Committee
African Muslim Agency
Al Aqsa Mosque Foundation
Al Bir Saudi Organization
Al Bunyan Al Mahrsous a/k/a Al Jihad
Al Haramain Islamic Foundation
Al Haramain Islamic Foundation, Inc.
Al Kifah Refugee Center
Al Qaeda
Al Rajhi Banking & Investment Corp.
Al Rashid Trust
Al Shamal Islamic Bank
American Muslim Foundation
Arab Bank
Aradi, Inc.
ASAT Trust
Aqsa Islamic Bank
Barakaat International Foundation
Benevolence International Fund
Benevolence International Foundation
Blessed Relief Foundation
BMI, Inc. a/k/a Bait ul-Mail
Bosanka Idealna Futura
Dubai Islamic Bank
Faisal Islamic Bank – Sudan
First American Bank – United States
Global Chemical Corporation a/k/a Amana Industrial and Trading
Global Relief Foundation a/k/a Muwafaq
Global Services International a/k/a Foundation Secours Mondial
Grove Corporate, Inc.
Help African People
Heritage Education Trust
Holy Land Foundation
Horn of Africa Relief Agency ("HARA")
Human Concern International Society
Ibrahim Bin Abdulaziz Al Ibrahim Foundation
International Development Foundation
International Institute of Islamic Thought
International Islamic Relief Organization
International Relief Organization
Islamic African Relief Agency a/k/a Islamic American Relief Agency

Exhibit 7

Islamic Assembly of North America
Islamic Coordination Council (Peshawar, Pakistan)
Islamic Development Bank
Islamic Relief Agency of Dublin, Ireland
Islamic Salvation Front of Algeria
Jam'Yah Ta'Awun Al Islamia
Lajnat al Dawa of Kuwait
Mar-Jac Investments, Inc.
Mar-Jac Poultry, Inc.
Mena Corporation
Mercy International Relief Agency
Moro Islamic Liberation Front
Muslim Brotherhood
Muslim Student's Association
National Commercial Bank
National Development Bank
North American Trust
Rabita Trust
Reston Investments, Inc.
Saar Foundation
Saar International
Safa Trust
Sana-Bell, Inc.
Sanabel Al-Kheer, Inc.
Sanabil Al-Khair
Sanabil Relief Agency
Saudi American Bank
Saudi High Commission for Aid to Bosnia
Saudi Joint Relief Committee
Saudi Red Crescent Committee
Saudi Sudanese Bank
Somalia International Relief Organization
Sterling Charitable Gift Fund
Sterling Management Group, Inc.
Success Foundation
Tadamon Islamic Bank
Taibah International Aid Association
The Aid Organization of the Ulema
The Committee for the Defense of Legitimate Rights
Wafa Humanitarian Organization
World Assembly of Muslim Youth
York Foundation

PHILA1\2378678\3 117430.000

Exhibit 7