IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) <br> ) No. 03 MDL 1570 (GBD/FM) <br> )      ECF Case <br> ) |

This document relates to:

> ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
>     Case No. 02-CV-6977;
> BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*,
>     Case No. 03-CV-5738;
> CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
>     Case No. 04-CV-5970;
> EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
>     Case No. 04-CV-7279; and
> FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*,
>     Case No. 03-CV-6978.

**Declaration of Alan R. Kabat in Support of
Defendant Al Haramain Islamic Foundation, Inc.'s
<u>Opposition to Plaintiffs' Rule 37 Motion</u>**

I am an attorney licensed to practice in the District of Columbia and am admitted *pro hac vice* in this matter. I am a partner with the law firm of Bernabei & Wachtel, PLLC, counsel to defendants Al Haramain Islamic Foundation, Inc. ("Al Haramain USA"), Perouz Sedaghaty, and Soliman Al-Buthe. I submit this declaration in support of the Al Haramain USA's opposition to the Plaintiffs' Rule 37 motion.

1.  Al Haramain USA retained our law firm in November 2002, to represent it in the *Burnett, et al. v. Al Baraka, et al.* litigation that was originally filed in the U.S. District Court for the District of Columbia, and subsequently transferred by the Judicial Panel on Multidistrict Litigation to the U.S. District Court for the Southern District of New York. In February 2004, after OFAC blocked the organization's assets, our representation expanded to include challenging the asset freeze and OFAC's subsequent designation of the organization.

2. In August 2007, we filed a civil action in the U.S. District Court for the District of Oregon, challenging the OFAC designation under the Fifth Amendment and the Administrative Procedure Act. *Al Haramain Islamic Foundation, Inc., et al. v. U.S. Department of the Treasury, et al.*, No. 3:07-CV-01155-KI (D. Or. Aug. 6, 2007). This civil action also challenged the seizure of all the organization's documents and computers as overbroad under the Fourth Amendment, and sought to invalidate OFAC's designation regulations to the extent that they violated the First Amendment through prohibiting other individuals and organizations from advocating on behalf of designated individuals and entities. *Id.*

3. After the U.S. Court of Appeals for the Ninth Circuit issued its decision on September 23, 2011, which was amended on February 27, 2012, the U.S. government sought and obtained additional time to decide whether to file a *certiorari* petition with the U.S. Supreme Court. *See* U.S. Supreme Court, letter to the U.S. Court of Appeals, *Dept. of the Treasury, et al. v. Al Haramain Islamic Foundation, Inc., et al.*, No. 11-A-1095 (May 22, 2012) (attached hereto as Attachment A). Meanwhile, two other attorneys for Al Haramain USA and I met with the Solicitor General's office on May 14, 2012; about 20 government attorneys from the Department of Justice, Department of State, OFAC, and other agencies also attended this meeting. We discussed at length the reasons why we believed that further appeal to the Supreme Court was unnecessary and futile. The Solicitor General's office ultimately agreed with us, since nothing further was filed with the Supreme Court.

4. In August 2012, after the remand to the district court, we sought reconsideration of the designation with OFAC, in order to ensure that the agency had reviewed all the pertinent documents (OFAC admitted to having lost some of our prior submissions), and to ensure that the agency had addressed all the arguments, including new arguments in light of the Ninth Circuit's

decision, and a subsequent decision from the U.S. Supreme Court that was relevant to administrative designations. *See* L. Bernabei letter to OFAC (Aug. 24, 2012) (attached hereto as Attachment B). The request for reconsideration led to OFAC delaying on complying with its obligations under the Ninth Circuit's decision, *i.e.*, providing us with either a summary of the classified evidence or access to the classified documents by attorney(s) with security clearances, which the Ninth Circuit had stated was the appropriate process.

5. Meanwhile, the U.S. Court of Appeals heard oral argument in the appeal of the conviction of Perouz Sedaghaty, a former officer of Al Haramain USA. Mr. Sedaghaty was represented by the Federal Public Defender of Oregon and by a CJA attorney. On August 23, 2013, the Ninth Circuit reversed and vacated the conviction. The government sought additional time to decide whether to seek rehearing *en banc*, but in November 2013, ultimately decided not to do so after the Solicitor General "determined that the government should not seek further review of this Court's opinion." *See United States v. Sedaghaty*, No. 11-30342, Letter to the Clerk (ECF No. 77) (9th Cir. Nov. 4, 2013) (attached hereto as Attachment C).

6. At the end of 2013, and continuing through the Summer of 2014, the other attorneys for Al Haramain USA and I continued to press OFAC on the request for reconsideration of its designation. Meanwhile, the defense attorneys for Mr. Sedaghaty were continuing to press the prosecutors to comply with the Ninth Circuit's decision, including providing them with adequate summaries of the classified evidence, or access by cleared counsel to the classified evidence. Ultimately, both the OFAC attorneys and the Department of Justice attorneys, in consultation with the IRS (and presumably other government intelligence agencies), agreed to settle both Mr. Sedaghaty's prosecution and the OFAC designation challenge. As part of this settlement, the government voluntarily dismissed Mr. Sedaghaty from the indictment,

with prejudice, instead of conducting a new trial. *See United States v. Sedaghaty*, Motion to Dismiss, No. 06-CR-60005 (ECF No. 659) (D. Or. July 29, 2014); Order of Dismissal, No. 05-CR-60005 (ECF No. 660) (D. Or. July 29, 2014) (attached hereto as Attachments D-E).

7. As part of these high-level discussions within the U.S. government, OFAC informed us that it would agree to delist Al Haramain USA, provided that the organization pay, from its blocked funds, a civil tax assessment to the IRS, and that the organization agree to a formal dissolution. The U.S. government proposed this resolution in order to resolve both the OFAC designation challenge and the prosecution of Mr. Sedaghaty. The other attorneys for Al Haramain USA and I agreed to this resolution, since it would keep Mr. Sedaghaty from having to go through a second trial, and would resolve the criminal case as to the organization.

8. On May 30, 2014, OFAC issued a license to Al Haramain USA, so that the blocked funds could be used to pay $121,275 as a civil tax assessment to the Internal Revenue Service. Although OFAC has not provided us with a full accounting of the blocked funds, it appears that there is a balance of approximately $257,725 that remains frozen by OFAC.

9. Meanwhile, on April 24, 2014, this Court heard oral argument on the plaintiffs' motion for sanctions, which resulted in this Court allowing limited discovery into the plaintiffs' counsels' time records, in light of their representation that the spreadsheets with the attorney time were based on "contemporaneous" time records. That discovery led to the revelation that one firm's time records were, in fact, "reconstructed" months or years after the event, and that the other firms' time records were "enhanced" in order to increase the time sought beyond the time actually recorded. Although Second Circuit precedent would justify striking (or at least substantially reducing) the fee petition for that improper conduct, we made the decision to postpone the corporate dissolution of Al Haramain USA, in the event that this Court were to

decide that some fee award was appropriate. Therefore, the remaining blocked assets of Al Haramain USA remain intact to the present date.

I declare under the penalties of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed on October 19, 2015.

*Alan R. Kabat*
_____
ALAN R. KABAT

## Attachments to Kabat Declaration

A.     U.S. Supreme Court, letter to the U.S. Court of Appeals, *Dept. of the Treasury, et al. v. Al Haramain Islamic Foundation, Inc., et al.*, No. 11-A-1095 (May 22, 2012).

B.     L. Bernabei letter to OFAC (Aug. 24, 2012).

C.     *United States v. Sedaghaty*, No. 11-30342, Letter to the Clerk (ECF No. 77) (9th Cir. Nov. 4, 2013).

D.     *United States v. Sedaghaty*, Motion to Dismiss, No. 06-CR-60005 (ECF No. 659) (D. Or. July 29, 2014).

E.     *United States v. Sedaghaty*, Order of Dismissal, No. 05-CR-60005 (ECF No. 660) (D. Or. July 29, 2014).