## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF AND FACSIMILE**

October 22, 2015

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

      RE:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Judge Daniels:

      The Plaintiffs' Executive Committees, on behalf of all plaintiffs, and defendants Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina ("SHC"), write to jointly request that the Court enter final judgment under Rule 54(b) with respect to defendants Saudi Arabia and SHC, both of which were dismissed from all actions pursuant to the Court's Opinion and Order of September 29, 2015.  *See* ECF No. 3046.  As the Court will recall, Judge Richard C. Casey previously issued final judgments pursuant to Rule 54(b) as to the Kingdom and SHC following their dismissals in 2005, and the parties respectfully submit that is the appropriate course of action here as well.

      Rule 54(b) provides as follows:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, cross claim or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Honorable George B. Daniels
Page Two
October 20, 2015

Fed. R. Civ. P. 54(b).

  Entry of a final judgment pursuant to Rule 54(b) is appropriate where: (1) the case involves multiple claims for relief or multiple parties; (2) the rights and liabilities of at least one party have been finally decided; and (3) no just reason for delay exists. *Ginett v. Computer Task Group,* 962 F.2d 1085, 1091 (2d Cir. 1992). All of those conditions are met here.

  First, the Court's September 29, 2015 decision conclusively resolved all claims relative to the Kingdom and SHC in all of the cases comprising this MDL. Further, this Court already has recognized that the claims against the Kingdom and SHC are separable from the remaining claims in the litigation, as reflected by the Court's prior entry of Rule 54(b) final judgments as to the Kingdom and SHC following their dismissals in 2005. Accordingly, there is no question that the Court's September 29, 2015 opinion and order constitutes a final decision for purposes of Rule 54(b).

  Second, there exists no just reason to delay the appeal of the dismissals of the Kingdom and SHC. Indeed, it could be several more years before the claims against all remaining defendants in this action are resolved. In the absence of an entry of judgment pursuant to Rule 54(b), defendants Saudi Arabia and SHC will be unable to obtain repose, and plaintiffs will be unable to seek appellate review of the Court's dismissal order, until the full scope of the remaining proceedings against all defendants have concluded. For those and additional reasons, the parties respectfully submit that entry of a final judgment under Rule 54(b) as to the Kingdom and SHC is especially appropriate under these circumstances.

  A proposed form of Order is enclosed for the Court's consideration.

  Plaintiffs and defendants Saudi Arabia and SHC thank Your Honor in advance for the Court's attention to this matter.

        Respectfully,

        COZEN O'CONNOR

        */s/ Sean P. Carter*

        By: Sean P. Carter

SPC/:k
Enclosure

cc: The Honorable Frank Maas (via Facsimile)
   All Counsel of Record (via ECF)

LEGAL\24666960\1