MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair* <br> MOTLEY RICE LLC <br> James P. Kreindler, *Co-Chair* <br> KREINDLR & KREINDLER, LLP | Elliot R. Feldman, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel* <br> KREINDLER & KREINDLER LLP <br> Paul J, Hanly, Jr., *Co-Liaison Counsel* <br> HANLY CONROY SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**Via E.C.F. and Facsimile**

October 27, 2015

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

    Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM)

Dear Judge Daniels:

       I write on behalf of all plaintiffs in the above-captioned matter. As Your Honor likely observed, plaintiffs in several actions filed protective Notices of Appeal earlier today relative to the Court's September 29, 2015 Order dismissing the Kingdom of Saudi Arabia and the Saudi High Commission, and denying plaintiffs' Motion for Leave to Amend ("Order").

       Given that we are approaching the 30 day mark since entry of the Court's September 29, 2015 Order, plaintiffs filed these Notices of Appeal in an abundance of caution. However, we remain certain that a 54(b) certification and Clerk's entry of judgment pursuant thereto are required to vest jurisdiction with the Second Circuit and allow an appeal of the Order to proceed. *See* Fed. R. Civ. P. 54(b) (an order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties…").

       For the reasons outlined in the parties' joint letter application of October 22, 2015, plaintiffs again submit that the 54(b) order is necessary, that the granting of same is appropriate, and respectfully request that the Court act upon the joint application for same.

nydocs1-1057526.1

Finally, plaintiffs also note that the filing of the protective Notices of Appeal does not deprive this Court of its ability to enter the 54(b) certifications and for the Clerk to enter judgment thereon. *Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980); *SATCOM Int'l Grp. PLC v. ORBCOMM Int'l Partners, L.P.*, 55 F. Supp. 2d 231, 233 (S.D.N.Y. 1999) ("the district court retains jurisdiction if the filing of the notice of appeal was from a non-appealable order").

It is plaintiffs' intent, in such circumstance, to then amend the Notices of Appeal to reflect such additional orders.

Respectfully submitted,

Jerry S. Goldman, Esq.
On Behalf of - THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES

cc: The Honorable Frank Maas (via Facsimile)
Plaintiffs' Executive Committees (via Email)
Michael Kellogg (via Email)
Roy Englert (via Email)
Robert Kaplan (via Email)
Christopher Leonardo (via Email)
All Counsel of Record (via PACER)