**Lewis | Baach pllc**

Eric L. Lewis
202 659 7203
Eric.lewis@lewisbaach.com

October 28, 2015

Hon. Frank Maas
Chief United States Magistrate Judge
United States Courthouse
500 Pearl St., Courtroom 20A
New York, NY 10007-1312

> Re:   *In re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (FM) - Request for an Informal Conference*

Dear Judge Maas:

This firm represents the Muslim World League ("MWL") and the International Islamic Relief Organization ("IIRO") in the above-referenced matter. Pursuant to LR 37.2, we write on behalf of MWL and IIRO to request a pre-motion conference for the Court's assistance in resolving a discovery dispute, which implicates serious issues regarding whether certain critical documents produced by plaintiffs are, in fact, patent forgeries.[1] The parties have attempted to resolve their disagreements without court intervention, but have reached an impasse.

## I. Plaintiffs' Failure to Provide Information Concerning Suspected Forgeries Containing Many Patent Irregularities

Between December 2014 and February 2015, plaintiffs produced or relied upon in their submissions against the Kingdom of Saudi Arabia eleven documents purportedly authored by representatives of MWL and IIRO (collectively referred to herein as "the suspected forgeries").[2] The suspected forgeries contain patent and material irregularities that cast serious doubt upon the authenticity of the documents. It should also be emphasized that these documents are in no way peripheral but go to the heart of plaintiffs' case alleging IIRO's and/or MWL's complicity in

---

[1] We would emphasize that we are not suggesting that plaintiffs' counsel are in way complicitous, but only that they are in possession of documents which clearly appear to be forged and they are unwilling to cooperate to get to the bottom of this troubling situation.

[2] Attached as Exhibit 1 are the suspected forgeries. Translations of three of the documents, which were obtained by Plaintiffs, are attached as Exhibit 2. MWL and IIRO make no representations about the accuracy of the translations.

wrongdoing. Since plaintiffs' February 2015 submission of three of these documents to the Court (*see* Ex. 2), counsel for MWL and IIRO have been engaged in discussions with plaintiffs' counsel regarding the source of the documents and the manner in which they were obtained.

Over the more than 7 months of discussions, MWL and IIRO have provided, in response to Plaintiffs' requests, multiple examples of the patent irregularities in the suspected forgeries[3] and recently offered to provide additional information, along with supporting documentary evidence, on the condition that the additional information would not be shown to the source(s) of the documents – in other words, the information would be restricted to "lawyers' eyes only" until this issue is resolved so that whoever is forging documents is not given a roadmap for better forgeries in the future.[4] Plaintiffs, for their part, have failed to take any meaningful steps towards a complete and thorough investigation of this very serious issue, and have refused to identify the source(s) of the suspected forgeries or provide the originals for inspection.[5]

MWL and IIRO are prepared to submit to the Court an exhaustive list of the irregularities that call into question the authenticity of the suspected forgeries; however, for purposes of this pre-motion letter, MWL and IIRO note the following examples of the patent irregularities:

- The purported MWL logo in the suspected forgeries is not authentic and was not used by MWL. MWL's authentic logo features a globe portraying the continents of Africa and Asia, with Makkah (the location of the headquarters of the MWL) in the middle. The globe in the suspected forgeries, however, features Europe, North America, and South America.

- On all authentic letterhead, the name of the "Muslim World League" is always on the first line of the letterhead; however, the letterhead on the suspected forgeries displays a fictional "Emergency Aid Relief" on the first line, instead of the "Muslim World League."

- The purported IIRO letterhead in the suspected forgeries includes an elementary grammatical error printed in the letterhead. Indeed, there are numerous basic grammatical errors throughout documents purportedly authored by native Arabic speakers that reflect that they were in fact authored by non-native speakers.

---

[3] *See e.g.*, Exhibits 3-4.
[4] *See* Exhibit 5.
[5] *See* Exhibit 6.

- The purported authors of the suspected forgeries were never employed by, or had ended their tenure with, the organizations well prior to the documents' creation date.  In fact, one of the alleged authors, Yusuf al-Hamdan, is reported to have been incarcerated in a Saudi prison on the date of his alleged authoring of a letter in Pakistan.  Moreover, all but one of the suspected forgeries were purportedly written from a closed office.

These examples alone call into question the authenticity of the documents and warrant the production of the information requested by MWL and IIRO.  However, having attempted for over 7 months to work with plaintiffs to get the information necessary to fully investigate the issue of the suspected forgeries, MWL and IIRO must now seek the Court's assistance in order to get to the bottom of how the documents were generated and came into Plaintiffs' possession.

**II.    MWL and IIRO Seek Disclosure of the Source(s) of the Suspected Forgeries, Submission of the Originals, and an Evidentiary Hearing**

As is clear from the contents of the suspected forgeries and plaintiffs' reliance on them in their February 2015 submission, these documents, if left unchallenged, will be at the heart of plaintiffs' case against MWL and IIRO.  Plaintiffs' continued reliance on the suspected forgeries, without a full and complete investigation into the issues raised by MWL and IIRO, would undercut the integrity of the truth-finding process.

MWL and IIRO seek: (i) the disclosure of the source(s) of the suspected forgeries; (ii) submission of the originals for further analysis; and (iii) an evidentiary hearing on all issues relating to the suspected forgeries, including the manner in which they were obtained and the continued use of the suspected forgeries or any other documents obtained by the same source(s).  Accordingly, a pre-motion discovery conference is requested to address these issues.

Respectfully submitted,

Eric L. Lewis

cc:  All Counsel of Record