## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF and FACSIMILE**

November 2, 2015

Honorable Frank Maas
United States Magistrate Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl street, Room 740
New York, New York 10007-1312

    **Re:**    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(FM)

Dear Judge Maas:

We write in response to the October 28, 2015 correspondence from Eric L. Lewis, counsel for defendants Muslim World League (MWL) and International Islamic Relief Organization (IIRO) (collectively, "Defendants") (ECF No. 3086). Because there is so much wrong with Mr. Lewis' letter, if the Court is so inclined, we would be pleased to participate in the conference Mr. Lewis has suggested; but we nonetheless address here several of the many incorrect assertions in his letter. To fill out the record of communications on this issue, we are attaching an additional letter that was not included in the materials Mr. Lewis attached to his letter for the Court's consideration. *See* Attachment A, Letter of Robert T. Haefele to Aisha Bembry, dated October 29, 2015 (We do not suggest that Mr. Lewis improperly omitted the letter; though Attachment A was in the works, it was not sent until after his letter went to Your Honor).

First, having considered the information that Mr. Lewis has shared to date, we remain unconvinced that there is any merit to his as yet unsupported allegations of "patent forgeries." In fact, we take issue with the fact that he repeatedly engages that kind of rhetoric in his letter to Your Honor, as though his characterizations must be accepted at face value. But regardless of our current view, as we have already explained to Mr. Lewis, we are nonetheless interested in ensuring that Plaintiffs are not relying on improper documents and we have been reviewing the issue ourselves. But contrary to Mr. Lewis's suggestion, although we have assured Mr. Lewis

The Honorable Frank Maas
November 2, 2015
Page 2

_____

we are investigating the matter ourselves, we find it highly irregular that one side in litigation would be obligated to update the opposing counsel on specifics of one's own ongoing investigations.

We appreciate that Mr. Lewis has made clear that he has not lumped Plaintiffs' counsel into his allegations of wrongdoing, but he is 100% wrong in contending that we have been unwilling to cooperate.  In fact, MWL and IIRO are the parties who have been reluctant to cooperate.  They have leveled serious accusations as to a set of documents Plaintiffs produced in the course of document discovery, and now they have raised that complaint to the level of the Court's involvement (which we suspect has always been their intention).  But notwithstanding Plaintiffs' multiple requests for specifics about their complaints, they have given only general examples of their complaints.  In fact, of the four bullet point examples included in Defendants' letter to the Court, three were never previously shared with Plaintiffs, and the fourth was shared in only general terms without indicating where in the set of documents the suggested irregularities existed.  Dfts' Exh. 4 at 1.

Though Defendants assert that they have provided "multiple examples of the patent irregularities," all they have done is offered generalized allegations that certain aspects of the documents are not as the Defendants would anticipate them to be.  For example, they allege (with no supporting specifics) that the documents purport to originate from offices that, they claim (again without support), were not in operation at the time.  Dfts' Exh. 3 at 3.  They allege (also with no supporting specifics) that some of the letters have letterhead that contain grammatical errors or erroneous information or were outdated.  *Id*.  They allege that the documents are odd because they reference dates using the Gregorian calendar versus using the Hijri calendar.  *Id*.  The most specific they have gotten was in their "broad overview" in their August 18 email offering a laundry list of alleged grammatical errors and misspellings – but still not delineating what those alleged errors are or where they appear in the documents.

But none of Defendants' concerns necessarily leads to their conclusion that the documents are "forgeries."  Whether any given office was in operation remains a disputed issue and the Defendants' bare assertions cannot be taken as true, certainly not at this stage of the litigation.  Similarly, none of the other concerns Defendants have raised – alleged grammatical errors or Gregorian dating – necessitate the Defendants' nefarious conclusion.  Indeed, the letters were generated from offices in Pakistan, where the originator(s) of the letterhead(s) may not have been a native Arabic speaker and where use of Gregorian dating is more customary.  Moreover, without knowing more information about the letters' authors (which we have requested from the Defendants), the assumption that any alleged grammatical errors in the documents must mean the document is forged – as opposed to indicating simply that the author, writing in Pakistan, may not have been especially skilled in Arabic writing – is highly premature.

Without having specific information about the infirmities Defendants allege, which Plaintiffs have repeatedly requested, Plaintiffs have been hampered in their ability to fully address those alleged infirmities.  Though Plaintiffs have asked Defendants to specifically identify the infirmities alleged so that the purported infirmities can be vetted and addressed, and though Defendants have indicated that they have a ready list of those allegations available for delivery, Defendants have declined to provide that list absent a promise that Plaintiffs' counsel

The Honorable Frank Maas
November 2, 2015
Page 3

_____

will not share that list outside of "counsels' eyes only."  But such a promise makes full investigation impossible because we cannot investigate the matter speaking only among ourselves.  Plaintiffs have also asked Defendants to provide additional information to facilitate the investigation.  Specifically, we have requested: (1) an explanation of the process used to verify that the documents do not exist among the Defendants' files, and (2) an explanation of the process used to verify the employment history of the individuals identified in the documents, (3) including the production of any employment files of such individuals or other documents authored by the identified individuals (productions that likely should have been made previously).  *See* Letter from R. Haefele to A. Bembry, dated September 25, 2015, at 1-2 (Dfts' Exh. 6).

        In requesting that additional information to facilitate the investigation, we have also observed that the speed and certainty with which Defendants raised their allegations about these documents following their discovery in Plaintiffs' production stands at great odds with Defendants' representations throughout the course of discovery concerning the recordkeeping, accessibility, and orderly organization of the Defendants' documents.  While Defendants have needed the better part of a decade to collect, review, and produce documents to Plaintiffs, including as yet unproduced employment files, their allegations indicate that they have nonetheless been able to discern within a months' time the employment history and native language of multiple individuals referenced in the documents.

        Defendants' insistence that Plaintiffs reveal specific information about the Plaintiffs' efforts to uncover documents through Plaintiffs' consultants and independent investigative efforts is, at best, premature and violates Rule 26 of the Federal Rules of Civil Procedure.  Plaintiffs have produced the documents uncovered by their consultants.  But now Defendants are insisting that Plaintiffs also reveal additional information about Plaintiffs' consultants and their investigative efforts.  At the very least, while Plaintiffs continue to review the matter themselves, presumably with Defendants' cooperation, any request that Plaintiffs share information about their consultants' efforts is, at best, premature.

        As Plaintiffs have explained to MWL/IIRO, if they are genuinely interested in resolving the issue, then they should provide Plaintiffs with the information requested (the specific allegations, the responses to the inquiries in Plaintiffs' September 25 letter, and the employment files and documents authored by the identified individuals) so that we can make the inquiries necessary to resolve the issue.

                        Respectfully submitted,

                        THE MDL 1570 PLAINTIFFS' EXECUTIVE
                        COMMITTEES

cc:     Eric Lewis, Esquire (Counsel for MWL/IIRO, via electronic mail and ECF)
        All counsel of record (Via ECF)
        The Honorable George B. Daniels, U.S.D.J.