# Attachment A

**MotleyRice**®
ATTORNEYS AT LAW
www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
**o.** 843.216.9000   **f.** 843.216.9450

**Robert T. Haefele**
*Licensed in DC, NJ, NY, PA, SC*
direct:  843.216.9184
rhaefele@motleyrice.com

October 29, 2015

**By Electronic Mail**

Aisha E. Bembry
Lewis|Baach pllc
1899 Pennsylvania Ave., NW
Suite 600
Washington, DC 20006

      Re:    In re Terrorist Attacks in September 11, 2001,
               Dkt No. 03 MDL 1570

Dear Aisha:

      We write in response to your letter of October 16, 2015.

      Thank you for your clarification.  As we indicated in our letter of September 25, 2015, Plaintiffs produced the documents at issue because they were documents in the possession of Plaintiffs' counsel that were deemed responsive to one or more of your discovery requests.  Plaintiffs do not subscribe to any supplemental characterization about Plaintiffs' intention in producing the documents.  But you are correct that Plaintiffs have no intention of relying on forged documents, any more you should intend to prevent use of relevant documents not shown to be forged.  At the moment, notwithstanding your assertions and absent the specifics that you purport to have supporting your characterization of the documents, we remain unconvinced that the documents are forged.

      Unfortunately, although we have asked you on several occasions to help us further investigate the documents by providing us specifics about the infirmities you have alleged to exist, instead of helping us you have declined to explain the premises for your allegations and instead sought to handcuff our investigation.  Your offer to provide "for lawyers' eyes only" details about why you think the documents may not be genuine will make it impossible for us to use the information in any meaningful manner.  If we cannot actually use the information as part of our inquiries to investigate the issue, then having your list of purported infirmities does nothing to advance the cause.

      So, once again, we ask that you provide us with sufficient specifics to enable us to investigate further whether there is any basis to credit your concerns.  At the same time, we would ask that you respond to the various inquiries we raised in our September 25, 2015 letter.  While you may want to brush the inquiries aside, we consider them to be serious and interwoven with the inquiry about the documents.  Your characterization of our inquiries as deflections (though incorrect) could just as easily be used to describe your own assertions – *i.e.*, to deflect from defendants' "very serious" conduct suggested in the documents, you have asserted that the documents must be forgeries.  If, as you've suggested, truth-seeking is the goal, then each of the inquiries should be addressed and not dismissed.



Aisha Bembry, Esq.
October 29, 2015
Page 2

   Finally, your comment that Plaintiffs have been "without apparent activity … for some months" inappropriately implies (1) that we have not engaged in our own review of the documents, and (2) that Plaintiffs are obligated to apprise you step-by-step of our progress.  Neither is correct.  But in fact, we have had the documents re-translated as well as carefully analyzed for the types of errors that you have alluded to but have declined to offer specifics.  While modest grammatical or spelling issues have been identified in that process, our view is that the grammar or spelling issues identified do not, themselves, undermine the authenticity of the documents at issue.  That is all the more reason why we have asked you to disclose the additional information that we requested from you in our letter of September 25, 2015.  Once we are provided the additional information, we would continue to look into the issue.  But at the moment, we remain unconvinced that the issue is anything more than an attempt to distort the record and distract from your clients' own alleged wrongdoings.

Sincerely,

ROBERT T. HAEFELE

cc: Sean Carter, Esq.
   Scott Tarbutton, Esq.
   James Kreindler, Esq.
   Andrew Maloney, Esq.
   Jerry Goldman, Esq.