```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re:                                          :

TERRORIST ATTACKS ON                            :
SEPTEMBER 11, 2001
                                                :

------------------------------------------------------------x

**ORDER**

03 MDL 1570 (GBD)(FM)

**FRANK MAAS**, United States Magistrate Judge.

       I have reviewed a letter dated October 28, 2015, from Eric L. Lewis, Esq., of Lewis Baach PLLC, counsel for the Muslim World League and the International Islamic Relief Organization ("MWL/IIRO"), (ECF No. 3086), as well as the Plaintiffs' counsels' responsive letter dated November 2, 2015, (ECF No. 3098). In his letter, Mr. Lewis alleges that the Plaintiffs have produced in discovery certain documents allegedly authored by MWL/IIRO that are forgeries. MWL/IIRO seek disclosure of the sources of the suspected forgeries, an opportunity to inspect the originals, and an evidentiary hearing on all issues related thereto. Mr. Lewis also seeks a conference with the Court.

       The Plaintiffs do not deny that some of the documents may be forged, but say that they need full disclosure of the alleged irregularities relied upon by MWL/IRO so that they can fully explore the issue. According to the Plaintiffs, MWL/IIRO take the position that they are willing to provide all that information – provided that it is limited to "counsels' eyes only."

       I do not believe that an evidentiary hearing is warranted at this juncture. Although there is cause for concern, it is by no means certain that the contested documents are forged. Accordingly, this issue is best explored through discovery. As part of that process, if MWL/IIRO contend that certain documents must have been forged because the purported authors were not employed on the alleged creation date, or the offices in question had been closed, they clearly will need to produce evidence establishing that this is so. Similarly, the Plaintiffs will be obliged to disclose information in their possession concerning the provenance of the documents. MWL/IIRO's request to view the originals of the documents also strikes me as reasonable.

       As discovery moves forward, MWL/IIRO undoubtedly will be required to explain all of the reasons why they contest the authenticity of the documents. In that regard, it does not seem workable to limit the use of all of MWL/IIRO's disclosures to the Plaintiffs' counsel alone because counsel obviously will need to discuss at least some of

the indicia of fraud with their clients. If MWL/IIRO nevertheless wishes to limit the disclosure of some of those reasons in the first instance to opposing counsel, in order to limit the risk of further alleged spoliation, that is a subject about which the two sides need to confer. I do not intend to rule with respect to that issue until those discussions have taken place.

Finally, having disposed of the issues raised by the letters in this manner, I do not believe that there is a need for a pre-motion conference at this time.

SO ORDERED.

Dated:   New York, New York
         November 3, 2015

                                              _____
                                              FRANK MAAS
                                              United States Magistrate Judge

Copies to all counsel via ECF