# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF and FACSIMILE**

November 6, 2015

Honorable Frank Maas
United States Magistrate Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl street, Room 740
New York, New York 10007-1312

> **Re:**   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(FM)

Dear Judge Maas:

The Plaintiffs' Executive Committees for all of the plaintiffs write in reply to the September 30, 2015 opposition of Perouz Sedaghaty (ECF No. 3054) and in further support of Plaintiffs' Motion pursuant to Rule 37 (a) and (b) of the Federal Rules of Civil Procedure, imposing sanctions on Sedaghaty and ordering him once again to comply with his discovery obligations (ECF No. 2991) (Aug. 10, 2015).

Notably, Sedaghaty has not countered a number of Plaintiffs' arguments, including without limitation, that: (1) during the time that he specifically declined to respond to discovery after the District Court and the Second Circuit found that his Fifth Amendment assertion provided no basis for him to resist discovery, Sedaghaty had elected to present no defense, (2) his blanket refusal to respond to discovery was improper, and (3) his assertion of the Fifth Amendment was improper because there was no realistic threat of incrimination or prosecution – which he had asserted.

Instead, after evading his independent obligation to respond to discovery for five years, and despite a November 2011 order compelling him to produce responsive documents (ECF No. 2491), Mr. Sedaghaty nonetheless insists that he should be excused from his independent obligation because (1) Plaintiffs did not continually engage in previously futile efforts to persuade him to comply with his obligation absent the Court's involvement (which is not required for Rule 37(b) motions), and

The Honorable Frank Maas
November 6, 2015
Page 2

_____

(2) because he contends (incorrectly) that, despite his outright refusal to respond to discovery, production of documents *by another defendant* satisfied his discovery obligation.

Sedaghaty has a long history of evading his discovery obligation. Plaintiffs served their initial discovery requests in December 2010. In January 2011, Sedaghaty filed a motion to stay, underscoring his intent to avoid engagement with Plaintiffs. While the motion to stay was pending, Plaintiffs moved to compel discovery from Sedaghaty. In November 2011, Sedaghaty's stay request was denied and he was compelled to respond to Plaintiffs' discovery (ECF Nos. 2403-05, 2486, -89, -91). In December 2011, the Court made very clear that it intended for Sedaghaty to "produce documents responsive to the Plaintiff's First Set of requests for Production of Documents" by January 20, 2012 (ECF No. 2501). But rather than complying with the Court's order, Sedaghaty filed objections, which were denied, and filed pleadings in the Second Circuit, which were also denied. Sedaghaty again made clear his intention not to comply with the Court's order to produce documents when he formally "decline[d] to respond" to every discovery request Plaintiffs served. (Pltfs' Exhibit A to 8/10/2015 Ltr). He reasserted this position when he later declined to serve a privilege log on a deadline the Court had ordered.

1. **The Parties' longstanding interaction, including meet and confer efforts, and Sedaghaty's response to this motion underscore the futility of any additional formal meet and confers.**

Over the course of *years* that Sedaghaty has asserted and re-asserted his refusal to engage in discovery, Plaintiffs have interacted with Sedaghaty's counsel on many occasions. Throughout that time, Sedaghaty never indicated anything other than his intention to stand by his refusal, notwithstanding the Court's order, intimating that any effort to sway him from that path would be a futile endeavor.

The parties have a long history of communicating about discovery issues, *including meet and confer efforts by Plaintiffs trying to address Sedaghaty's (and other defendants') intention to produce documents*. *See* Exhibit A (ECF No. 2945, PEC Apr. 6, 2015 Letter to Judge Maas, at 2-3 and 7). Particular to Sedaghaty, both in advance of the earlier motion, throughout the rolling production deadline, and even after that deadline, Plaintiffs consistently have been clear that they are not satisfied by that lack of production. In April 2015, Plaintiffs continued to express concern about Sedaghaty's lack of production. *See id.* at 7. In May 2015, months after the rolling production deadline, Mr. Kabat reaffirmed that, despite knowing Plaintiffs were not satisfied with the lack of production, no production was forthcoming. At a May 13, 2015 conference before the Court, Mr. Kabat, responded to an inquiry on a related issue by re-affirming that Sedaghaty (and Al-Buthe) would not produce any documents, had no intention of meeting their obligation under Rule 34(b)(2)(E)(i), and acknowledged Plaintiffs' dissatisfaction with his approach. Exhibit B at 20-21 (Transcript of May 13, 2015 Conference).

While Plaintiffs are not suggesting that the meet and confer obligation is futile in all respects in this litigation – indeed, Plaintiffs have met and conferred with defendants on many occasions throughout these MDL proceedings, and continue to do so – in instances of continued longstanding noncompliance in vigorously opposed litigation, the futility of continued meet and confers is apparent. *See Reidy v. Runyon*, 169 F.R.D. 486, 490 (E.D.N.Y. 1997) (excusing failure to confer because compromise was unlikely given defendant's history of noncompliance with court orders);

The Honorable Frank Maas
November 6, 2015
Page 3

_____

*Matsushita Electric Corporation v. 212 Copiers Corp.*, 1996 U.S. Dist. LEXIS 2221, No. 93 Civ. 3243, 1996 WL 87245 at *1 (S.D.N.Y. Feb. 29, 1996) (conference would be futile in bitter litigation which included contempt citations directing the jailing of some defendants for noncompliance with court orders).

Sedaghaty's response to Plaintiffs' motion – namely, his continued refusal to produce, rather than some offer of reasoned compromise – underscores this futility. A deadline for this motion has been set and re-set. Sedaghaty knew a motion was imminent and, given the dialogue among the parties, as well as defense counsel's acknowledgment at the May 2015 conference, he knew the arguments Plaintiffs would advance. And yet even in the interim since Plaintiffs filed their motion on August 10, 2015, Sedaghaty has continued to refuse to produce rather than offer a reasoned compromise. In instances with other defendants, where a motion has identified an area for compromise, other parties have sought to meet and confer during the pendency of the motion. Sedaghaty has not. Here, Sedaghaty never signaled he was moving off of his Fifth Amendment assertion, and in response to Plaintiffs' motion he now merely insists that his lack of production must be excused, despite his failure to meet his discovery obligation.

### 2. Sedaghaty was obligated to respond and identify documents specific to his own discovery responses, and he failed to do so.

Sedaghaty's assertion that, despite his outright refusal to respond to any discovery, his discovery obligations were nonetheless satisfied by another defendants' production misses the point that Sedaghaty must, himself, respond to discovery. At the very least, to satisfy Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, Sedaghaty was obligated to identify which documents among the Al Haramain production were among his own production *and* which documents corresponded to the categories in Plaintiffs' requests. Without his responses, Plaintiffs cannot know to which requests Sedaghaty has responded and to which he has not (an obvious fiction, given that he has specifically refused to respond to any request). Nor can Plaintiffs be satisfied, without formal responses indicating so, that Sedaghaty has produced all documents in his control responsive to each request. Allowing Sedaghaty to rely entirely on Al Haramain's production, versus requiring him to respond independently, would leave a gaping hole for him to avoid production of responsive documents that are specific to him. Similarly, at a trial, whether a document is acknowledged to have come from Al Haramain or Sedaghaty may be material for authentication purposes. So Sedaghaty's lengthy description of the documents Al Haramain produced in the course of discovery, while Sedaghaty was actively refusing to respond, is largely immaterial. Regardless of what Al Haramain produced, Sedaghaty never indicated which documents he claimed as his, which documents among the Al Haramain collection corresponded to the requests Plaintiffs served on him, which documents he had but was not producing, or which documents he had and claimed as privileged (recall that he affirmatively refused to produce a privilege log).[1]

_____

[1] Plaintiffs decline to respond to Sedaghaty's characterization about Plaintiffs' ability to prove their claims against him by comparing Plaintiffs' burden in civil proceedings to the prosecution's burden in criminal proceedings, other than to note that: (1) the standards differ, (2) the tools available to the parties differ, and (3) Sedaghaty's account omits the fact that the government's dismissal of charges against Sedaghaty, who had already spent time in prison, was in return for Al Haramain pleading guilty, paying financial penalties, and agreeing to make no

The Honorable Frank Maas
November 6, 2015
Page 4

_____

In correspondence written by his counsel, counsel claims that Sedaghaty has no other documents responsive to Plaintiffs' requests; but that claim has never been affirmed in formal discovery useable at trial. Under existing circumstances, Plaintiffs are left unsatisfied as to whether Sedaghaty has control over additional, unproduced documents, including, for example, documents regarding his own bank accounts, both U.S. and foreign (Plaintiffs' Requests Nos. 11 and 12); regarding investigations/audits of Sedaghaty's own accounts (Plaintiffs' Request 16); regarding his travels outside the U.S. when he fled from this jurisdiction (Plaintiffs' Requests 42, 43); regarding his own communications and interactions with other defendants (Plaintiffs' Requests 20, 34, 38, 43, 82); or regarding Al Haramain's designation as a SDGT (Plaintiffs' Requests 24, 29). Indeed, regarding documents responsive to Plaintiffs' Request No. 41 (requesting documents concerning his criminal proceedings), not only did Plaintiffs face stiff opposition from Sedaghaty's counsel (then purporting to act as Al Haramain's counsel), but ultimately counsel delayed production of documents responsive to that request, including documents from the July 29, 2014 plea proceedings in Oregon. Counsel delayed producing those documents until March 6, 2015, over six months after the event and nearly three months after the December 15, 2014 deadline for completing rolling productions in these proceedings.

### 3. Sedaghaty's untimely timeliness objection should be denied.

Finally, Sedaghaty's belated timeliness objection to Plaintiffs' July 31, 2012 supplemental document requests has been raised in the context of other defendants and the Court has declined to credit the argument on each occasion. *See, e.g*., ECF No. 2702 at 5 (Wa'el Jelaidan objecting to July 31, 2014 discovery requests as untimely); ECF No. 2704 at 7 (Plaintiffs reply to Jelaidan); ECF No. 2789 (Court declining to credit Jelaidan's and Al Haramain timeliness objections to the July 31, 2014 requests). First, because Sedaghaty declined to respond to Plaintiffs' supplemental requests, he waived all objections, including objections to timeliness. Second, Sedaghaty's objection to timeliness of the July 31, 2015 supplemental requests misapprehends the discovery schedule the Court had implemented, which specifically recognized the need for service of both follow-up discovery and motion practice. Plaintiffs' supplemental discovery, which was comprised of follow-

---

attempt to resume operations as a charity in the U.S. for three years. *See* Exhibit C (*United States v. Sedaghaty*, Agreement Letter, No. 06-CR-60005 (D. Or. ECF No. 658) (July 28, 2014) ("**Interlocking Agreements**: The parties to this agreement understand that there is a separate agreement with co-defendant Al-Haramain Islamic foundation. [Sedaghaty] agrees the . . . obligations as set forth in this agreement are contingent upon co-defendant Al-Haramain fulfilling all the terms and conditions of its agreement . . . . If [Al-Haramain] moves to withdraw its guilty plea at any time, or in any way fails to abide by the terms and conditions of its agreement, the USAO . . . may continue its prosecution against all named defendants. Nothing in this agreement affects the prosecution of the fugitive co-defendant Soliman Al-Buthe."); Exhibit D (Statement of Federal Bureau of Investigation, Portland Division, Specially Designated Global Terrorist al Haramain Islamic Foundation Inc. Pleads Guilty to Tax Fraud (July 29, 2014) ("Prior to entering the plea agreement, AHIF paid [a financial penalty]. At sentencing, AHIF was placed on probation for three years. During that time, AHIF agreed that it will make no attempt to resume operations as a tax exempt charity in the United States. In return, the United States agreed to dismiss criminal charges pending against Pirouz Sedaghaty (Pete Seda), the former head of AHIF in the United States. A third defendant, Soliman Al-But'he, remains under indictment. An arrest warrant is outstanding for Al-But'he and he is a fugitive.").

The Honorable Frank Maas
November 6, 2015
Page 5

_____

up discovery as well as requests that more specifically identified items that should have been produced in response to the earlier requests (as the court recognized when characterizing the same requests in ECF No. 2789), was timely served and Sedaghaty should be compelled to promptly produce responsive documents.  Given the lengthy extensions afforded all of the defendants in responding on a rolling basis to all of Plaintiffs' discovery, Sedaghaty faced no prejudice in receiving the July 31, 2015 requests when he did.  That is especially true in Sedaghaty's case, where he specifically declined to answer any discovery in a timely manner, anyway.

### 4.  Conclusion

So, in summary, Plaintiffs are not asking the Court to compel production of documents already produced by another defendant.  Plaintiffs are asking the Court (1) to sanction Sedaghaty for refusing to engage in discovery (particularly in the face of a previous unequivocal order compelling him to do so) and for requiring the parties to engage in unnecessary motion practice to compel any response from him, (2) to require him to identify documents produced by other defendants that he contends he would have produced and correlate them to discovery requests, and (3) to require him to produce any other documents in his control responsive to any request of the Plaintiffs or provide a response to each request indicating that he has control of no documents responsive to the request.  Plaintiffs specifically note that, because Sedaghaty has declined to raise any objections in any previous discovery response, all objections are waived.  Lastly, recognizing Sedaghaty's apparent reluctance to engage in the pretrial discovery process, Plaintiffs ask that the Court require him to verify that he and his counsel have undertaken vigorous efforts to request and secure the documents responsive to both sets of Plaintiffs' discovery requests.  *See, generally*, Transcript of Nov. 16, 2011 Hearing at 33-35, requiring co-defendant Jelaidan to document vigorous, "full-court press" effort to obtain documents; ECF No. 2490.

Respectfully submitted,

THE MDL 1570 PLAINTIFFS' EXEC. COMMITTEES

cc:     Alan Kabat, Esquire (Counsel for Mr. Al-Buthe and Defendants' Liaison counsel, via e- mail and ECF)
        The Honorable George B. Daniels, U.S.D.J.