UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (GBD) (FM) |

This document relates to:  *All Actions*

## PLAINTIFFS' OPPOSITION TO DEFENDANT WA'EL JELAIDAN'S MOTION FOR LIMITED RECONSIDERATION OF THIS COURT'S OCTOBER 23, 2015 FEE AWARD

Plaintiffs respectfully submit this opposition to Defendant Wa'el Jelaidan's ("Jelaidan") Fed. R. Civ. P. 59 request for limited reconsideration (ECF No. 3090) of Magistrate Judge Frank Maas' October 28, 2015 Corrected Memorandum Decision and Order (ECF No. 3087) awarding attorney's fees and expenses to plaintiffs due to Jelaidan's failure to comply with this Court's discovery orders despite that he received repeated warnings, he willfully disregarded his discovery obligations, and he acted in bad faith.  Jelaidan's only argument is that this Court should reconsider the award of attorney's fees because Magistrate Judge Maas did not explicitly address Jelaidan's arguments concerning the Court's reliance upon the affidavit testimony of Professor Jimmy Gurulé, a former U.S. Treasury Department Under Secretary for Enforcement and internationally recognized expert in the field of anti-terrorism financing and anti-money laundering, when it sanctioned the defendant.  *See* Declaration and Qualifications of Professor Jimmy Gurulé, dated November 9, 2011, attached hereto as <u>Exhibit A</u>.  According to Jelaidan, Professor Gurulé's testimony fails to address the defendant's new contention (only recently advanced, without any factual or legal support, in response to plaintiffs' August 10, 2015 motion to compel at ECF No. 2988), that when Swiss authorities allegedly seized and "sequestered" his bank account at Citibank-Geneva in October 2002, "the Swiss government, and not the bank itself, had sole, complete and direct control" of all account records, thereby prohibiting him from

obtaining same directly from the bank.  Defendant Wael Jelaidan's Opposition to Plaintiffs' Motion to Compel, dated October 2, 2015, pp. 6-7 (ECF No. 3059).  Notwithstanding the fact that Jelaidan offers no legal or factual support for this assertion, Jelaidan's motion for reconsideration pursuant to Rule 59 should be rejected outright.

## JELAIDAN'S RULE 59 MOTION FOR RECONSIDERATION IS PROCEDURALLY IMPROPER AND SHOULD BE DENIED

It is well-settled that the appropriate mechanism to challenge a magistrate judge's ruling on a pre-trial, non-dispositive matter, including discovery sanctions, is Rule 72(a), not Rule 59(e).  *See Mullen v. City of Syracuse*, 582 F. App'x 58, 59-61 (2d Cir. 2014) (applying Rule 72(a) to a magistrate judge's order on a non-dispositive matter); *Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 313 (S.D.N.Y. 2003) (Maas, J.) (stating that parties may file objections to a magistrate judge's rulings concerning non-dispositive matters pursuant to Rule 72); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1224 (S.D.N.Y. 1991) (Rule 72(a) challenge to magistrate's order refusing to compel deposition); *Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc.*, 2013 U.S. Dist. LEXIS 45949, at *14-19 (E.D.N.Y. 2013) (party using Rule 72(a) to challenge magistrate's ruling on non-dispositive discovery matters); *see also* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy.").  As the deadline to file Rule 72(a) objections has passed, Jelaidan has waived his right to raise objections to the Court's Memorandum Decision and Order and the defendant's motion for reconsideration should be denied in its entirety.

More fundamentally, the arguments Jelaidan raises in his "Motion for Limited Reconsideration" relate to the propriety of the underlying order imposing sanctions against Jelaidan (issued long ago), rather than the most recent Memorandum Decision and Order, which merely determined the extent of the hourly fees and costs to which plaintiffs were entitled

pursuant to the earlier order.  Indeed, Jelaidan expressly acknowledges that the arguments he attempts to now raise concern "the issue of its [the Court's] previous reliance on Professor Jimmy Gurule's affidavit concerning Jelaidan's ability to access bank records."  Motion for Reconsideration, at p.1.  This Court has already rejected Jelaidan's objection to the underlying order imposing sanctions upon him, and Jelaidan's efforts to revisit the issue now are procedurally improper and a further instance of Jelaidan improperly wasting the time and resources of plaintiffs and the Court.

### MAGISTRATE JUDGE MAAS' MEMORANDUM DECISION AND ORDER IS BASED ON THE CLEAR AND UNDISPUTED RECORD OF JELAIDAN'S WILLFUL DISREGARD OF THIS COURT'S DISCOVERY ORDERS

Even assuming *arguendo* that Jelaidan timely filed objections pursuant to Rule 72(a), the motion additionally fails under the "clearly erroneous or contrary to law" standard of review to be applied in circumstances where a party objects to a non-dispositive order issued by a magistrate judge.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  "A finding is clearly 'erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed."  *Nikkal Indus. Ltd. v. Salton, Inc.*, 689 F. Sup. 187, 189 (S.D.N.Y. 1988).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y.).  "It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion."  *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 2000 U.S. Dist. LEXIS 4892, at *4 (S.D.N.Y Apr. 17, 2000); *accord Beckles v. City of New York*, 2010 U.S. Dist. LEXIS 45423, at *5 (S.D.N.Y May 10, 2010).  Thus, "[t]he party seeking to overturn a magistrate judge's decision … carries a

heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, 04 Civ. 6189 (JFK), 2007 U.S. Dist. LEXIS 59233, at *4 (S.D.N.Y Aug. 13, 2007).

No mention is made in Jelaidan's motion that Magistrate Judge Maas abused his discretion when the Court issued its well-reasoned Memorandum Decision and Order awarding attorney's fees and expenses to plaintiffs for the defendant's willful disregard of the Court's discovery orders. Nor has the defendant offered any compelling evidence to raise a definite and firm conviction that Magistrate Judge Maas committed any error or anything pointing to any misapplication of a statute, case law, or rule. What is clear is that Magistrate Judge Maas' Memorandum Decision and Order is based on the undisputed record of Jelaidan's intentionally obstructive conduct throughout these proceedings. *See* October 28, 2015 Corrected Memorandum Decision and Order (ECF No. 3087), attached hereto as <u>Exhibit B</u>.

By way of background, plaintiffs presented affidavit testimony from Professor Gurulé in 2011 for the primary purpose of responding to the defendant's oft-repeated claims that although he and his legal team made attempts to request and obtain documentation regarding his frozen bank accounts, his designations as a member of al Qaeda and terrorism financier by the United States and United Nations effectively extinguished any and all rights he has as an account holder to communicate with the banks and make such requests. As Professor Gurulé's affidavit makes clear, the sanctions programs implemented by the United States and United Nations were purposely designed to prevent designees like Jelaidan from gaining access to funds or other assets in frozen bank accounts, but not from requesting and obtaining basic banking records for the blocked account(s). *See* Exhibit A, ¶¶ 12-15.

Considering all of the evidence, Magistrate Judge Maas determined that Jelaidan's claims that the sanctions imposed upon him presented an absolute barrier to obtaining his financial records were unfounded, and ordered Jelaidan to undertake a vigorous "full-court press" to

4

obtain and produced the requested banking records, and to document those good faith attempts. Nevertheless, over the ensuing months, Jelaidan failed to provide plaintiffs "with any additional documentation, nor did he provide any information regarding the attempts he allegedly had made to obtain the requested records," and plaintiffs filed their motion for sanctions on January 30, 2013.  *See* October 28, 2013 Memorandum Decision and Report and Recommendation, p. 7 (ECF No. 2789) (hereinafter referred to as "Report and Recommendation"), attached hereto as Exhibit C.  *See also* Report and Recommendation, pp. 9-12 (finding that the few letters Jelaidan and his attorneys did send to his various banks, and later produced to plaintiffs, were "woefully insufficient and do not demonstrate good faith," suggesting "that the letters simply were sent in an eleventh-hour attempt to manufacture a basis upon which to oppose the Plaintiffs' motion").

Finding that "Jelaidan clearly has failed to comply with my order and, consequently, has not met his discovery obligations," Report and Recommendation at p. 9, the Court imposed monetary sanctions, requiring Jelaidan to "reimburse the Plaintiffs for the fees and costs that they reasonably have incurred in connection with their filing of the present motion."  *Id.* at pp. 16-17.  *See also* Report and Recommendation at p. 9 ("Jelaidan's conduct throughout this case evidences a continued unwillingness to participate fairly in discovery and can only be characterized as proceeding in bad faith."); *id.* ("Jelaidan's failure to meet even his most basic discovery obligations thus has resulted in extreme delay."); p. 12 (stating there is "significant doubt" that Jelaidan "made prior good faith attempts to contact his banks"); p. 14 (stating that "Jelaidan has not made good faith efforts to satisfy his discovery obligations" and "has been less than forthcoming about the document that he is capable of obtaining and producing"); p. 15 (finding "that Jelaidan has willfully disregarded his discovery obligations and acted in bad faith"); *id.* ("Jelaidan's failure to undertake any efforts to retrieve responsive documents for nearly one and

5

one-half years after he was ordered to do so is clear evidence of his intentionally obstructive conduct.").

As Magistrate Judge Maas' Memorandum Decision and Order makes abundantly clear, and further supported by the Court's Report and Recommendation, Jelaidan was properly sanctioned because of his own willful defiance of the Court's order to make good faith efforts to secure relevant banking records within his possession, custody and control. Stated simply, sanctions were imposed based on Jelaidan's own failure to undertake and document vigorous efforts to secure relevant records. The attempt to mischaracterize Magistrate Judge Maas' sanctions order as in some way hinging uniquely on Professor Gurulé's testimony, as opposed to Jelaidan's own misconduct, is manifestly inaccurate.

Jelaidan's attempt to discredit the 2011 affidavit testimony of Professor Gurulé is nothing more than a final act of desperation on the part of a defendant who faces the potential for additional sanctions for his continued obstructionist behavior in this litigation. Notably, in the four years since plaintiffs filed their first motion to compel as to Jelaidan in October 2011, the defendant never once, until now, raised the issue that the alleged sequestration of a bank account by foreign authorities not only precludes him from requesting basic account records, but prohibits the bank from providing him with same.[1] Moreover, when first presented with the opportunity to respond to Professor Gurulé's affidavit in 2011 (9 years after the Swiss government allegedly sequestered his Citibank-Geneva account), Jelaidan failed to raise this argument, and thus waived that argument.

---

[1] As indicated, Professor Gurulé's 2011 affidavit addressed arguments Jelaidan raised at that time, through which he claimed that the existence of sanctions presented an absolute barrier to obtaining his banking records. It is more than odd for Jelaidan to criticize the affidavit on the grounds that it did not address an argument that Jelaidan had not even raised (and thus waived).

## CONCLUSION

For the foregoing reasons, the reasons expressed in Magistrate Judge Maas' October 28, 2015 Corrected Memorandum Decision and Order (ECF No. 3087), and the reasons expressed in Magistrate Judge Maas' October 28, 2013 Memorandum Decision and Report and Recommendation (ECF No. 2789), plaintiffs respectfully submit that the Court should deny defendant Jelaidan's Rule 59 motion for limited reconsideration.

Dated:  November 12, 2015                                     Respectfully Submitted,

/s/ Sean P. Carter
Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
(215) 665-2000

Jodi W. Flowers, Esq.
Robert T. Haefele, Esq.
MOTLEY RICE, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9000

James P. Kreindler, Esq.
Andrew J. Maloney, III, Esq.
KREINDLER & KREINDLER, LLP
750 Third Avenue
New York, NY 10017
(212) 687-8181

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

*For the Plaintiffs' Executive Committees*

7

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of Plaintiffs' Opposition to Defendant Wa'el Jelaidan's Motion for Limited Reconsideration of this Court's October 23, 2015 Fee Award, was filed electronically this 12th day of November 2015. Notice of this filing will be served upon all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system, which all parties may access.

                                        /s/
                                  J. Scott Tarbutton, Esq.