Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

This document only relates to:

*Ashton v. Al Qaeda Islamic Army et al.*, 02-CV-6977 (GBD)(SDNY)
*Federal Insurance Co., et al., v. al Qaida, et al.*, 03-CV-6978 (GBD)(SDNY)


**PLAINTIFFS' FIRST CONSOLIDATED SET OF REQUESTS FOR PRODUCTION**
**OF DOCUMENTS DIRECTED TO SANA-BELL, INC.**


KREINDLER & KREINDLER LLP
100 Park Avenue
New York, NY 10017-5540
Phone: (212) 687-8181

COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Phone (215) 665-2105

Plaintiffs in *Ashton v. Al Qaeda Islamic Army,* 02 CV 6977 (GBD) and *Federal Insurance Co., et al., v. al Qaida, et al.,* 03-CV-6978 (GBD)(SDNY)("Plaintiffs"), in the consolidated actions comprising In Re: Terrorist Attack On September 11, 2001, 03 CV 1570 (GBD), propound on defendant Sana Bell, Inc. (hereinafter SANA-BELL) the following Requests for Production of Documents to be answered fully and under oath, pursuant to Rule 34 of the Federal Rules of Civil Procedure, within 30 days of their receipt.

## INSTRUCTIONS

1.      In producing documents and other things, defendant SANA-BELL is required to furnish all documents or things in its possession, custody or control, regardless of whether such documents or things are possessed directly by defendant SANA-BELL or by defendant's employees, agents, subsidiaries, attorneys, accountants, auditors, investigator or other representatives.

2.      If defendant SANA-BELL cannot respond to the following document requests in full after exercising due diligence to secure the information to do so, so state an answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

3.      If any form of privilege or other protection from disclosure is claimed as a ground for withholding any document requested herein, defendant SANA-BELL is required to provide a privilege log containing the following as to each such document withheld: The type of document or information (e.g., letter, notebook, e-mail, telephone conversation, etc.);

      a.      The date of the document or transaction involving the information;

b.    The names of each author and any and all participants with respect to the information;

c.    The names of any and all signatories of the document, if any;

d.    The names of the document's current custodian;

e.    The present whereabouts of the document and/or the names of all persons with personal knowledge with respect to the information; and

f.    A statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld.

4.    If you object to any request for production on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this action, you should state what you contend to be the proper scope of the request for production and respond in accordance with what you contend is the proper scope.

5.    In producing documents, defendant SANA-BELL is requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of each document cannot be located, an identical copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

6.    Documents shall be produced as they are kept in the usual course of business and documents shall be organized and labeled to correspond to the categories in this request.

7.    All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by defendant. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

8.    Documents shall be produced in such fashion as to identify any organization, subsidiary, department, branch or office of defendant SANA-BELL in whose possession it was located and, where applicable, the natural person in whose possession it was found and business address of each document's custodian.

9.    Documents attached to each other should not be separated.

10.    If any documents requested herein have been lost, discarded, destroyed or are otherwise no longer in defendant SANA-BELL's possession, custody or control, they shall be identified as completely as possible including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

11.    Documents shall be produced in such fashion as to identify which request(s) they are responsive to.

12.    Each of these requests shall be continuing.  If at any time after production of these requests any information becomes available that calls for any supplement to a previous response, provide such documents within a reasonable time period from the time when it becomes available.

13.    For the purpose of this discovery request, except to the extent specifically indicated in the "Definitions" section of this Request, the words used herein are considered to have, and should be understood to have, their ordinary, every day meaning and Plaintiffs refer Defendant to any collegiate dictionary such as Webster's New World Dictionary, Second College Edition by Prentice Hall Press.  In the event defendant SANA-BELL asserts that the wording that has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or other

- 4 -

such boiler-plate objections to avoid squarely addressing the specific discovery request, plaintiffs refer defendant SANA-BELL to Webster's Dictionary for the plain meaning of the terms, in addition to the terms defined herein.

14.     The terms "or" and "and" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed as outside the scope.

15.     Present tense should be construed as also including past tense, and masculine terms shall entail the feminine.

16.     The use of the singular form of any word shall include the plural and vice versa.

17.     The terms "all" and "each" shall be construed as all and each.

## DEFINITIONS

A.     The terms SANA-BELL shall include any and all SANA-BELL offices and branches worldwide that operated for any time during the period beginning in the year 1989 to the present, including any U.S. branch offices of SANA-BELL and shall further include all predecessors to SANA-BELL and/or all offices or branches of SANA-BELL that are currently closed.  The term SANA-BELL shall further include all persons acting on SANA-BELL's behalf, including all of SANA-BELL's agents, employees, investigators, attorneys, accountants, consultants, or representatives who are in possession of or who may have obtained information on behalf of SANA-BELL.

B.     The term "predecessor" means any charity, business, entity, organization, or asset acquired or possessed by the entity referenced in the given context at any time through any

- 5 -

means, including but not limited to merger, consolidation, stock purchase, asset purchase, and/or assumption.

C.     The term "representative" is meant to be liberally construed and shall include, but not be limited to, all agents, employees, officials, officers, executives, directors, attorneys, accountants, auditors, investigators, consultants and any others who directly or indirectly represent in any manner or act on behalf of SANA-BELL.

D.     The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any electronically stored data or paper document.  This includes, but is not limited to, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one nor more computer applications or forensics software); any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of the previously stored data).

E.     The term "identify" when used with reference to an individual person shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

F.     The term "identify" when used with reference to a document or written

communication shall mean to give, to the extent known, the (I) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

G.      The term "identify" when used with reference to an oral communication, discussion, conversation or any other oral statement, shall mean to describe in detail the substance of each such communication, discussion, conversation or statement, state the date of such communication, discussion, conversation or statement, the place where such communication, discussion, conversation or statement was held and identify each person present for such communication, discussion, conversation or statement.

H.      The term "identify" when used with reference to an organization or business entity shall mean to:  (1) state the formal title of the organization or entity and any other names by which it is known, (2) state the specific section or organizational unit involved, and (3) state its business addresses, including any addresses of any separate or branch office.

I.      The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

J.      The terms "relating to" or "regarding" mean constituting, comprising, containing, considering, setting forth, showing, disclosing, describing, analyzing, explaining, commenting on, inquiring about, evidencing, summarizing, pertaining to, alluding to, concerning or referring to, directly or indirectly.

K.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

L.      The terms "persons" or "individual" or "recipient" include natural persons, sole proprietorships, corporations, firms, partnerships, mosques, schools, unincorporated associates, trusts, charities, and any other business, legal or government entity or association

M.      The term "Plaintiffs" shall refer to any and all Plaintiffs in Ashton v. Al Qaeda Islamic Army,  02 CV 6977 (RCC), in the consolidated actions comprising In Re: Terrorist Attack On September 11, 2001, 03 CV 1570 (RCC).

N.      The term "material support or resources," as defined by 18 U.S.C.S. § 2339A, shall mean currency or monetary instruments or financial securities, financial services, lodging, training, employment, international or domestic travel assistance, expert advice or assistance, safehouses, valid or false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, storage, and other physical assets, except medicine or religious materials.

O.      The organizations listed in Annex B shall include any and all offices and branches worldwide, including all persons acting on their behalf, that operated for any time during the period beginning in the year 1989 to the present, including any U.S. branch offices and shall further include all predecessors and/or all offices or branches that are currently closed.

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO SANA-BELL

1.      From the period beginning in the year 1989 through 2002, provide all documents filed with any U.S. state authority or the District of Columbia pertaining to the incorporation, amendments, annual reports or dissolution of Sana-Bell or its subsidiaries.

**Answer:**

2.      From the period beginning in the year 1989 through 2002, provide all documents sent to the U.S. Department of the Treasury by Sana-Bell or its subsidiaries, including but not limited to annual tax returns and application for tax-free status, including any back-up material or ensuing correspondence.

**Answer:**

3.      From the period beginning in the year 1989 through 2002,  provide all documents identifying each employee, officer, director, or trustee of Sana-Bell or its subsidiaries.

**Answer:**

4.      From the period beginning in the year 1989 through 2002, provide all documents identifying all bank accounts opened for or held on behalf of Sana-Bell or its subsidiaries, along with the authorised signatories for each bank account.

**Answer:**

5.      From the period beginning in the year 1989 through 2002, provide agendas and minutes of all meetings of Sana-Bell's Trustees, Board of Directors, Executive Committee and/or Investment Committees.

**Answer:**

- 9 -

6.      From the period beginning in the year 1989 through 2002, provide all documents and correspondence between Sana-Bell and its Chairman, Trustees, Board of Directors, Executive Committee and/or Investment Committee.

**Answer:**

7.      From the period beginning in the year 1989 through 2002, provide all documents pertaining to all sources of funding to Sana-Bell, including but not limited to all names and addresses of all donors, investors, and creditors.

**Answer:**

8.      From the period beginning in the year 1989 through 2002, provide all documents pertaining to all investments made by Sana-Bell or its subsidiaries, including but not limited to all names and addresses of investment managers or investments.

**Answer:**

9.      From the period beginning in the year 1989 through 2002, provide all documents relating to any grants, disbursements, loans and /or any financial donations made by Sana-Bell, including but not limited to all names and addresses of beneficiaries or debtors.

**Answer:**

10.      From the period beginning in the year 1989 through 2002, provide all documents pertaining to all applications or requests for grants, loans, and/or all financial donations received by Sana-Bell, including but not limited to all names and addresses of applicants.

**Answer:**

11.      From the period beginning in the year 1989 through 2002, provide all documents which verify that funds allegedly disbursed for humanitarian purposes were actually used for such purposes.

**Answer:**

12.      From the period beginning in the year 1989 through 2002, provide all documents pertaining to Sana-Bell's participation in any conferences, seminars and/or forums.

**Answer:**

13.      From the period beginning in the year 1989 through 2002, provide all documents sent or received from representatives of the government of Saudi Arabia.

**Answer:**

14.      Please provide all records relating to Yaqub Mirza, including but not limited to documents relating to his employment with Sana-Bell and original recruitment.

**Answer:**

15.      Please provide all documents relating to the persons identified in Annex A, including but not limited to all correspondence between Sana-Bell and affiliated persons as listed in Annex A.

**Answer:**

16.      Please provide all documents pertaining to the investment in and the management of the property and buildings at 360 S. Washington Street, Falls Church, Virginia, including but not limited to a list of all tenants from 1992-2002.

**Answer:**

17.     Please provide all documents relating to, authored or generated by, sent to, or in the possession of Abdullah al Noshan.

**Answer:**

18.     Please provide all documents pertaining to loans made by the IIRO of Saudi Arabia to Sana-Bell, including but not limited to negotiations preceding the loan, the manner of fund transfer(s), an itemized cost of funds, investments made with the loans, Sana-Bell expenses paid with the loans, other uses of the loans such as grants or other payments, the use of the loans as collateral, and repayment of the loans including any principal or interest payments.

**Answer:**

19.     Please provide all documents pertaining to investments in BMI Leasing L.P., BMI Construction Fund L.P., BMI Leasing, Inc., BMI REDI, Inc.,  La Dova Heights L.P., and Ladova II, Inc. Documents should include but not be limited to; prospectus, minutes of Sana-Bell investment committee, Subscription Agreements, Annual or Quarterly status reports, Annual or Quarterly dividends or distributions, Property management agreements, and documents pertaining to the closure or winding-up of these investments.

**Answer:**

20.     Please provide all documents pertaining to any fund-raising or other promotional activities undertaken by Sana-Bell.

**Answer:**

- 12 -

21.     Please provide all documents relating to Sana-Bell affiliated entities listed in

Annex B, including but not limited to any correspondence between Sana-Bell and the entities

listed in Annex B.

**Answer:**

Dated:       New York, New York
             September 13, 2007

                                   Respectfully submitted,

                                   KREINDLER & KREINDLER, LLP

                              By:  _____
                                   James P. Kreindler, Esq. (JK7084)
                                   Justin T. Green, Esq. (JG0318)
                                   Marc S. Moller, Esq. (MM0143)
                                   Andrew J. Maloney, Esq. (AM8684)
                                   100 Park Avenue
                                   New York, New York 10017
                                   Phone:  (212) 973-3486
                                   Facsimile:  (212) 972-9432


                                   COZEN O'CONNOR

                                   Stephen A. Cozen, Esq.
                                   Elliott R. Feldman, Esq.
                                   Sean P. Carter, Esq.
                                   Mark T. Mullen, Esq.
                                   1900 Market Street
                                   Philadelphia, PA 19103
                                   Phone (215) 665-2105

                                   - 13 -

## ANNEX A

Ibrahim Afandi
Gamal Ahmed (BMI)
Sulaiman al Ali
Abdullah al Obaid
Sulaiman al Rajhi
Abdurahim al Saati
Hassan Bahfzallah
Adnan Khalil Basha
Soliman Biheri
Hassan El Nahli
Richard A. Gross
Saleh Kamel
Ebrahim Lunat
Farid Yasin Quraishi
James M. Towarnicky
Mohamed Abdu Yamani

## ANNEX B

International Islamic Relief Organization
Muslim World League
International Relief Organization
Sanabil al Khair of Saudi Arabia
Sanabel al Kheer, Inc. of Herndon, VA.

209264
v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Federal Express this 13th day of September, 2007, on counsel of record for defendant International Islamic Relief Organization:

> Martin F. McMahon, Esq. (MM4389)
> Martin McMahon & Associates
> 1150 Connecticut Ave., N.W.
> Ste. 900
> Washington, D.C. 20036
> Tel:   (202) 862-4343
> Counsel for Defendant Sana-Bell, Inc.

By: _Christine Shannon_
Christine K. Shannon

209264
v1