Exhibit 5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*All Actions*

## PLAINTIFFS' FIRST CONSOLIDATED SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO SANABEL AL KHEER, INC.

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES
December 10, 2010

Plaintiffs in the consolidated actions comprising <u>In Re: Terrorist Attack On September 11,</u> <u>2001</u>, 03 CV 1570 (RCC), ("Plaintiffs") propound on defendant Sanabel al Kheer, Inc. (hereinafter Sanabel) the following Requests for Production of Documents to be answered fully and under oath, pursuant to Rule 34 of the Federal Rules of Civil Procedure, within 30 days of their receipt.

## INSTRUCTIONS

1.      In producing documents and other things, defendant Sanabel is required to furnish all documents or things in its possession, custody or control, regardless of whether such documents or things are possessed directly by defendant Sanabel or by defendant's employees, agents, subsidiaries, attorneys, accountants, auditors, investigator or other representatives.

2.      If defendant Sanabel cannot respond to the following document requests in full after exercising due diligence to secure the information to do so, so state an answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

3.      If any form of privilege or other protection from disclosure is claimed as a ground for withholding any document requested herein, defendant Sanabel is required to provide a privilege log containing the following as to each such document withheld:

The type of document or information (*e.g.*, letter, notebook, e-mail, telephone conversation, etc.);

      a.      The date of the document or transaction involving the information;

      b.      The names of each author and any and all participants with respect to the information;

      c.      The names of any and all signatories of the document, if any;

      d.      The names of the document's current custodian;

e.    The present whereabouts of the document and/or the names of all persons with personal knowledge with respect to the information; and

f.    A statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld.

4.    If you object to any request for production on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this action, you should state what you contend to be the proper scope of the request for production and respond in accordance with what you contend is the proper scope.

5.    In producing documents, defendant Sanabel is requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of each document cannot be located, an identical copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

6.    Documents shall be produced as they are kept in the usual course of business and documents shall be organized and labeled to correspond to the categories in this request.

7.    All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by defendant.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

8.    Documents shall be produced in such fashion as to identify any organization, subsidiary, department, branch or office of defendant Sanabel in whose possession it was located and, where applicable, the natural person in whose possession it was found and business address of each document's custodian.

9.    Documents attached to each other should not be separated.

10.     If any documents requested herein have been lost, discarded, destroyed or are otherwise no longer in defendant Sanabel's possession, custody or control, they shall be identified as completely as possible including, without limitation, the following information:  date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

11.     Documents shall be produced in such fashion as to identify which request(s) they are responsive to.

12.     Each of these requests shall be continuing.  If at any time after production of these requests any information becomes available that calls for any supplement to a previous response, provide such documents within a reasonable time period from the time when it becomes available.

13.     For the purpose of this discovery request, except to the extent specifically indicated in the "Definitions" section of this Request, the words used herein are considered to have, and should be understood to have, their ordinary, everyday meaning and Plaintiffs refer Defendant to any collegiate dictionary such as *Webster's New World Dictionary*, Second College Edition by Prentice Hall Press.  In the event defendant Sanabel asserts that the wording that has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or other such boiler-plate objections to avoid squarely addressing the specific discovery request, plaintiffs refer defendant Sanabel to *Webster's Dictionary* for the plain meaning of the terms, in addition to the terms defined herein.

14.     The terms "or" and "and" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed as outside the scope.

15.     Present tense should be construed as also including past tense, and masculine terms shall entail the feminine.

16.     The use of the singular form of any word shall include the plural and vice versa.

17.     The terms "all" and "each" shall be construed as all and each.

## DEFINITIONS

A.     The terms Sanabel shall include any and all Sanabel offices and branches worldwide that operated for any time during the period beginning in the year 1989 to the present, including any office, branch or headquarters in the Kingdom of Saudi Arabia, in the United States, and any other country and shall further include all predecessors to Sanabel and/or all offices or branches of Sanabel that are currently closed.  The term Sanabel shall further include all persons acting on Sanabel's behalf, including all of Sanabel's agents, employees, investigators, attorneys, accountants, consultants, or representatives who are in possession of or who may have obtained information on behalf of Sanabel.

B.     The term "predecessor" means any charity, business, entity, organization, or asset acquired or possessed by the entity referenced in the given context at any time through any means, including but not limited to merger, consolidation, stock purchase, asset purchase, and/or assumption.

C.     The term "representative" is meant to be liberally construed and shall include, but not be limited to, all agents, employees, officials, officers, executives, directors, attorneys, accountants,

auditors, investigators, consultants and any others who directly or indirectly represent in any manner or act on behalf of Sanabel.

D.     The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any electronically stored data or paper document.  This includes, but is not limited to, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one nor more computer applications or forensics software); any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of the previously stored data).

E.     The term "identify" when used with reference to an individual person shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

F.     The term "identify" when used with reference to a document or written  communication shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

G.     The term "identify" when used with reference to an oral communication, discussion, conversation or any other oral statement, shall mean to describe in detail the substance of each such communication, discussion, conversation or statement, state the date of such communication, discussion, conversation or statement, the place where such communication,

discussion, conversation or statement was held and identify each person present for such communication, discussion, conversation or statement.

H.     The term "identify" when used with reference to an organization or business entity shall mean to:  (1) state the formal title of the organization or entity and any other names by which it is known, (2) state the specific section or organizational unit involved, and (3) state its business addresses, including any addresses of any separate or branch office.

I.     The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

J.     The terms "relating to" or "regarding" mean constituting, comprising, containing, considering, setting forth, showing, disclosing, describing, analyzing, explaining, commenting on, inquiring about, evidencing, summarizing, pertaining to, alluding to, concerning or referring to, directly or indirectly.

K.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

L.     The terms "persons" or "individual" or "recipient" include natural persons, sole proprietorships, corporations, firms, partnerships, mosques, schools, unincorporated associates, trusts, charities, and any other business, legal or government entity or association

M.     The term "Plaintiffs" shall refer to any and all Plaintiffs in the consolidated actions comprising In Re: Terrorist Attack On September 11, 2001, 03 CV 1570 (RCC).

N.     The term "material support or resources," as defined by 18 U.S.C.S. § 2339A, shall mean currency or monetary instruments or financial securities, financial services, lodging, training, employment, international or domestic travel assistance, expert advice or assistance, safehouses,

valid or false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, storage, and other physical assets, except medicine or religious materials.

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO SANABEL

1.   Please provide all documents filed with the government of the Kingdom of Saudi Arabia or any of its provinces and documents filed with the government of the United States or any U.S. state or the District of Columbia pertaining to the incorporation, amendments, annual reports or dissolution of Sanabel or its subsidiaries. Also include any tax returns, tax filings and application for tax-free status, including any back-up material or ensuing correspondence.

**Answer:**

2.   Please provide all documents identifying each employee, officer, director, or trustee of Sanabel or its subsidiaries from its formation to the present, including but not limited to any employee, officer, director, or trustee based in Saudi Arabia or the United States.

**Answer:**

3.   Please provide all documents relating to all bank accounts opened for or held on behalf of Sanabel or its subsidiaries, including but not limited to your accounts at First Union Bank, First

Union National Bank, First American Bank, National Commercial Bank, and al Rajhi Banking
and Investment Corporation.

**Answer:**


4.   Please provide agendas and minutes of all meetings of Sanabel's Trustees, Board of
Directors, Executive Committee or Investment Committee from its formation to the present.

**Answer:**


5.   Please provide all documents pertaining to changes in the Board of Directors, Trustees,
Executive Committee or Investment Committee of Sana-Bell, Inc., in 1998.  This should include,
but not be limited to, correspondence prior to, as well as following, any meetings of the Board of
Directors in which the changes were made or announced.

**Answer:**


6.   Please provide all documents relating to all litigation to which Sanabel was a party.

**Answer:**


7.   Please provide all documents and correspondence between Sanabel and its Chairman,
Trustees, Board of Directors, Executive Committee or Investment Committee from its formation
to the present including but not limited to correspondence with those persons listed in Annex A.

**Answer:**

8.   Please provide all documents identifying all sources of funding to Sanabel from its formation to the present.  Please include all names and addresses of all donors, investors, and creditors, including but not limited to those from the Kingdom of Saudi Arabia and the United States.

**Answer**:


9.   Please provide all documents pertaining to all investments made by Sanabel or its subsidiaries from its formation to the present. Please include all names and addresses of investment managers.

**Answer:**



10. Please provide all documents pertaining to the charitable humanitarian, religious, and educational programs promised/pledged/envisaged by Sanabel in its 1023 application for tax-free status to the U.S. Department of the Treasury.

 **Answer:**


11. Please provide all documents identifying all grants or loans made by Sanabel from its formation to the present. Please include all names and addresses of all beneficiaries or debtors.

**Answer:**


12. Please provide all employment records for Dr. M. Yaqub Mirza, including but not limited to documents relating to his original recruitment.

**Answer:**

13.  Please provide all records relating to Sulaiman al Ali, including but not limited to his employment, contractual relationship, or volunteer capacity with Sanabel.

**Answer:**

14. Please provide all correspondence with Sulaiman al Ali.

**Answer:**

15. Please provide all documents pertaining to Sanabel's internal and external investigation of the alleged financial improprieties which led to the filing of a complaint in The Sana-Bell, Inc. v. BMI Real Estate, et al. in U.S. District Court, District of Maryland (Greenbelt) 8:98-cv-04177-PJM.

**Answer:**

16. Please provide all correspondence between Sanabel and affiliated persons as listed in Annex B.

**Answer:**

17. Please provide all documents pertaining to the investment in and the management of property and building at 360 S. Washington Street, Falls Church, Virginia.

**Answer:**

18. Please provide all documents relating to the sale of the property and building located at 360 S. Washington Street, Falls Church, VA 22046, including without limitation, all documents detailing or describing the disposition of the funds received as a result of the sale.

**Answer:**

19. Please provide all documents, pertaining to Sanabel, in the possession of Abdullah al Noshan.

**Answer:**

20. Please provide all documents pertaining to loans made by the IIRO of Saudi Arabia to Sanabel, including but not limited to negotiations preceding the loan, the manner of fund transfer(s), an itemized cost of funds, investments made with the loans, Sanabel expenses paid with the loans, other uses of the loans such as grants or other payments, the use of the loans as collateral, and repayment of the loans including any principal or interest payments.

**Answer:**

21. Please provide all documents pertaining to investments in BMI Leasing L.P., BMI Construction Fund L.P., BMI Leasing, Inc., BMI REDI, Inc.,  La Dova Heights L.P., and Ladova II, Inc. Documents should include but not be limited to; prospectus, minutes of meetings of the Sanabel investment committee, Subscription Agreements, any status reports, Annual, Semi-Annual or Quarterly dividends or distributions, Property management agreements, and documents pertaining to the closure or winding-up of these investments.

**Answer:**

22. Please provide all documents pertaining to Sanabel's efforts to enforce the default judgment in The Sana-Bell, Inc. v. BMI Real Estate, et al. in U.S. District Court, District of Maryland (Greenbelt) 8:98-cv-04177-PJM.

**Answer:**


23. Please provide all documents pertaining to any fund-raising or other promotional activities undertaken by Sanabel including but not limited to documents sent to or received from people listed in Annex B.

**Answer:**


24. Please provide all documents and correspondence relating to Sanabel affiliated entities listed in Annex C.

**Answer:**


Dated: December 10, 2010                    Respectfully submitted,

                                            THE MDL 1570 PLAINTIFFS'
                                            EXECUTIVE COMMITTEES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Electronic Mail and Regular Mail this 10th day of December, 2010, on counsel of record for defendant Sanabel al Kheer, Inc.

Christopher S. Manning
Manning Sossamon
1120 20th St NW
Suite 700N
Washington, DC 20036
cmanning@manning-sossamon.com

By: _____

cc:    Alan R. Kabat, Esq.
       Bernabei & Wachtel, PLLC
       1775 T Street, N.W.
       Washington, D.C. 20009-7124

ANNEX A
Abdelmoniem M. Hillali
Abdelrahman Zayid
Abdullah al Obaid
Abdullah Noshan
Abdurahim al Saati
Adnan Khalil Basha
Farid Yasin Quraishi
Hassan Bahfzallah
Hassan El Nahli
Ibrahim Afandi
James M. Towarnicky
Khaled M. Fadlalla
M. Yaqub Mirza
Mohamed Abdu Yamani
Richard A. Gross
Saleh Kamel
Saleh Saqri
Sulaiman al Ali
Sulaiman al Rajhi
Tareq M. Swaidan

ANNEX B

Abdulaziz Bin Mohammad Al Jomaih
Bakr Binladin
Ebrahim Lunat
Gamal Ahmed (BMI)
Prince Salman
Prince Sultan
Samir Abu Issa
Soliman Biheiri

ANNEX C

International Islamic Relief Organization
International Relief Organization
Muslim World League
Muslim World League Foundation
Sana-Bell, Inc.
Sanabil al Khair of Saudi Arabia
Success Foundation
Taibah International