# Exhibit 32



IN THE UNITED STATES DISTRICT COURT F...

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal Number ‖ 05cr335 |
| | ) |
| v. | ) |
| | ) Count 1 : 18 U.S.C. § 371 (Conspiracy) |
| | ) Count 2: 18 U.S. C. §§ 2 and 1546(a) |
| ABDULLAH ALNOSHAN and | ) (Immigration fraud and aiding and abetting) |
| KHALID FADLALLA, | ) |
| | ) |
| Defendants. | ) |

JULY 2005 TERM – AT ALEXANDRIA

INDICTMENT

General Allegations

THE GRAND JURY CHARGES THAT AT ALL TIMES MATERIAL TO THIS

INDICTMENT:

1. Defendant, Abdullah ALNOSHAN, was a native and citizen of Saudi Arabia, who

entered the United States with an F-1 student visa on September 7, 2002 using the name

Abdullah Alnushan.

2. Defendant, Khalid FADLALLA, was a native and citizen of the Sudan who entered the

United States at New York, New York, on or about May 9, 1994, as a visitor for pleasure.

3. The Virginia Employment Commission (VEC) was an agency of the government of

the Commonwealth of Virginia and maintained offices in Alexandria and Richmond, Virginia.

1

**7896**



BUR-PEC-013414

4. The Department of Labor and the Immigration and Naturalization Service (INS), now Department of Homeland Security, Citizenship and Immigration Services (CIS), were agencies within the executive branch of the government of the United States.

5. An alien seeking to obtain permission to work in the United States temporarily to perform services in a specialty occupation could apply for an H1B classification by filing an INS Form I-129 Petition for Nonimmigrant Worker. If approved, this employment-based classification allowed the foreign worker to work for the petitioner, the employer, for the period authorized by the INS.

6. In order to receive an H1B classification, the alien's employer first had to obtain a formal certification from the Secretary of Labor that the prospective employer had filed a labor condition application. To obtain this certification, the alien's prospective employer had to file an Application for Alien Employment Certification, officially known as a form ETA 750, with the United States Department of Labor. This application had to be completed and signed under penalty of perjury by both the prospective employer and the alien. In part A of the application, the employer represented that the employer had a specific job to fill; described the nature, location, terms, and requirements of the job; and listed the name, address, and immigration status of the alien seeking the job. In part B of the application, the alien listed his name, address, biographic information, and immigration status; described his experience and qualifications for the job the employer was offering; and represented that he was willing and qualified to accept the job.

7. Once the application was signed and completed, the alien's prospective employer had to file the application with a state employment agency. In Virginia, this agency was the Virginia

2

BUR-PEC-013415

Employment Commission. The state employment agency reviewed the application for completeness, ensured that the employer was offering the prevailing wage for the job listed in the application, and oversaw any recruiting and advertising the employer might be required to do as part of the certification process. Once the state agency completed this portion of the certification process, the agency forwarded the application to the appropriate Department of Labor regional office for final determination. The regional office reviewed the application and then either issued a final certification on behalf of the Secretary of Labor or denied the application.

8. Upon the Department of Labor's approval of the application, it issued a certification. The alien's prospective employer then filed a Petition for a Nonimmigrant Worker, officially known as a form I-129, with the INS, now CIS, on the alien's behalf. If approved, this petition would have resulted in the issuance of H1B classification to the alien which would have allowed the alien to work for that United States employer for the duration authorized.

9. A form ETA 750 and a form I-129 are applications required by the immigration laws of the United States and the rules prescribed thereunder.

10. Since in or around 1999, defendant ALNOSHAN was the Director of the Muslim World League office located at 360 South Washington Street, Suite 300, Falls Church, Virginia. Since in or around 1991, defendant FADLALLA worked closely with ALNOSHAN, while ALNOSHAN served as Director.

11. The general allegations in paragraphs 1 through 10 of this indictment are specifically re-alleged and incorporated in counts 1 through 2 below as if they were fully set forth in each count.

3

BUR-PEC-013416

Count 1: Conspiracy to Commit Visa Fraud

THE GRAND JURY FURTHER CHARGES THAT:

From in or around April 2001 through in or around October 2004, in the Eastern District of Virginia and elsewhere, the defendants, ABDULLAH ALNOSHAN, and KHALID FADLALLA did knowingly and unlawfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to commit an offense against the United States, namely visa fraud, a violation of Title 18, United States Code, Section 1546(a). Specifically, from in or around April 2001 through in or around October 24, 2004, defendants ALNOSHAN and FADLALLA unlawfully obtained for ALNOSHAN an H1B Nonimmigrant classification by falsely asserting that ALNOSHAN was to be employed temporarily in a specialty occupation for Muslim World League, when in fact, as the defendants well knew, ALNOSHAN had been already and illegally employed by Muslim World League since 1999 as its Director and was not eligible to obtain an H1B Nonimmigrant classification as a temporary worker for Muslim World League. The defendants also knew that ALNOSHAN would use the unlawfully obtained H1B classification to work in and remain in the United States.

Overt Acts

In furtherance of the conspiracy and to effect the objects thereof, defendant ABDULLAH ALNOSHAN, defendant KHALID FADLALLA and other co-conspirators knowingly performed overt acts in the Eastern District of Virginia and elsewhere. Those acts included the following:

1. In and around April 2001, the Muslim World League, filed a Form ETA 750 with the VEC located in Richmond, Virginia for the defendant ALNOSHAN to be employed temporarily as a "Public Relations Representative."

4

BUR-PEC-013417

2. On or about April 27, 2001, defendant KHALID FADLALLA signed Part A, Offer of Employment, of the Form ETA 750, under penalty of perjury, for Muslim World League as the Assistant Director. On or about April 28, 2001, defendant ALNOSHAN signed Part B, Statement of Qualifications of Alien, under penalty of perjury.

3. On or about October 24, 2001, Muslim World League filed a Form I-129 Petition for Non-Immigrant Worker with the INS on behalf of ALNOSHAN to be employed as a "Religious Affairs Director." The I-129 was mailed to the INS Vermont Service Center from Muslim World League's attorney's office in Springfield, Virginia, in the Eastern District of Virginia. The petition listed ALNOSHAN'S current non-immigrant status as an F1. The I-129 was signed under penalty of perjury by FADLALLA, for Muslim World League, as the "Executive Director."

4. On or about December 7, 2001, ALNOSHAN AND FADLALLA caused INS to approve the Petition I-129 for ALNOSHAN as an H1-B1 foreign worker.

(In violation of Title 18, United States Code, Section 371).

5

BUR-PEC-013418

## Count 2: Immigration Fraud

THE GRAND JURY FURTHER CHARGES THAT:

From in or around April 2001 through in or around October 2004, in the Eastern District of Virginia and elsewhere, the defendants, ABDULLAH ALNOSHAN and KHALID FADLALLA, knowingly subscribed as true, under penalty of perjury (as permitted under Title 28, United States Code, Section 1746), a false statement with respect to a material fact in an application and document required by the immigration laws and the regulations prescribed thereunder, and knowingly presented such application and document which contained such a false statement and which failed to contain any reasonable basis in law and fact, and aided and abetted the same. Specifically, on or about April 28, 2001, defendants ALNOSHAN and FADLALLA knowingly assisted in the preparation of a fraudulent United States Department of Labor, Application for Employment Certification, officially known as a form ETA 750, and then submitted the same petition to Virginia Employment Commission (VEC) by having it mailed it from Springfield, Virginia, in the Eastern District of Virginia, to the VEC in Richmond, Virginia. In this application, defendant ALNOSHAN sought to obtain a certification from the Department of Labor, which is a general requirement for a Nonimmigrant Classification of H1B. On or about April 28, 2001, defendant ALNOSHAN signed Part B of the ETA 750, under penalty of perjury, which falsely claimed that he was seeking to work as a Public Relations Representative for Muslim World League, when in fact he had already been working illegally for Muslim World League as the Director since in or around 1999. On or about April 27, 2001, defendant FADLALLA signed Part A of the ETA 750 with an offer of employment to defendant ALNOSHAN as a Public Relations Representative when in fact he knew ALNOSHAN

6

BUR-PEC-013419

was not eligible to obtain an H1B Nonimmigrant classification as a temporary worker for Muslim

World League since ALNOSHAN had already been illegally working for Muslim World League as

the Director.

(In violation of Title 18, United States Code, Sections 2 and 1546(a)).

A TRUE BILL:

_____

FOREPERSON OF THE GRAND JURY

Date: _____

PAUL J. MCNULTY
UNITED STATES ATTORNEY

By: _____
Neil Hammerstrom
Chief, Terrorism and National Security Unit

_____
Jeanine Linehan
Assistant United States Attorney

7

BUR-PEC-013420