Exhibit 49

# ARTICLES OF INCORPORATION
## OF
## SANABEL AL KHEER, INC.

I, the undersigned acting as incorporator of a no stock corporation as a private foundation, adopt the following Articles of Incorporation for such corporation (the "Corporation") pursuant to Chapter 10 of Title 13.1 of the Code of Virginia.

## ARTICLE I

### Name

The name of the Corporation is "SANABEL AL KHEER, INC."

## ARTICLE II

### Term

The period during which the Corporation shall continue is perpetual.

## ARTICLE III

### Registered Agent and Office

The post office address of the initial registered office of the Corporation in the County of Fairfax is:

  555 Grove Street, Suite 116
  Herndon, Virginia 20170

and the name of the initial registered agent for the Corporation at such address is: M. Yaqub Mirza who is an INDIVIDUAL resident of Virginia and director of the Corporation.

## ARTICLE IV

### Purposes

The Corporation is organized to promote the well-being of mankind throughout the world and for charitable, religious, educational, and scientific purposes, including without limitation for such purposes, the making of distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or corresponding section of any future Federal tax code. To that end, such purposes shall, without limitation to the foregoing, specifically include:

Section 1. To engage in, establish and promote, and contribute to exclusively religious, cultural, educational, charitable and scientific activities, programs, projects, organizations, institutions and funds.

MA3G3K01.SAM   1

Section 2. To receive, maintain and administer funds for religious, cultural, scientific, educational and charitable purposes, and to that end, to take and hold by bequest, trust, devise, gift, grant, purchase, lease or otherwise, either absolutely or jointly with any other person, persons, or corporation, any property, real, personal, tangible or intangible, or any undivided interest therein, without limitation as to amount or value; to sell, convey, or otherwise dispose of any such property and to invest, reinvest, or deal with the principal or the income thereof in such manner as, in the judgment of the Board of Trustees, will best promote the purposes of the Corporation without limitation, except such limitations, if any, as may be contained in the instrument under which such property is received, these Articles of Incorporation, the By-Laws of the Corporation, or any laws applicable thereto.

Section 3. To hold and continue to hold as an investment, property which may be received by the Corporation so long as it deems proper, and to invest and reinvest in any securities or property, whether or not income-producing, deemed by it to be for the best interests of the Corporation, without and notwithstanding that the same may constitute leaseholds, royalty interests, patents, interest in mines, oil and gas wells, or timber lands, or other wasting assets, and without any responsibility for any depreciation or loss by or on account of such investments.

Section 4. To rent or lease any property of the Corporation for such time and upon such terms and for such price or prices as in its discretion and judgment may seem just and proper and for the best interest of the Corporation, irrespective of the provisions of any statute or of the termination of any trust.

Section 5. To sell and convey any of the property of the Corporation or any interest therein, or to exchange the same for other property for such price or prices and upon such terms as in its discretion and judgment may be deemed for the best interest of the Corporation and to execute and deliver any deed or deeds, receipts, releases, contracts or other instruments necessary in connection therewith.

Section 6. To make all repairs and improvements at any time deemed necessary and proper to and upon real property owned by the Corporation, and to build, construct, and complete any building or buildings upon such property which in its discretion and judgment may be deemed advisable and proper and for the best interests of the Corporation, and to determine the extent to which the cost of such repairs and improvements shall be apportioned as between corpus and income.

Section 7. To deduct, retain, expend, and pay out of any money belonging to the Corporation any and all necessary and proper expenses in connection with the operation and conduct of the Corporation, and to pay all taxes, insurance premiums, and other legal assessments,

debts, claims or charges which at any time may be due and owing by, or which may exist against the Corporation.

Section 8. To vote upon all securities belonging to the Corporation, and to become a party to any stockholders agreements deemed advisable by them in connection with such securities.

Section 9. To consent to the reorganization, consolidation, merger, liquidation, readjustment of or other changes in any corporation, company or association, or to the sale or lease of the property thereof or any party thereof, any of the securities or other property of which may at the time be held by them hereunder, and to do any act or exercise any power with reference hereto that may be legally exercised by any persons owning similar property in their own right, including the exercise of conversion, subscription, purchase, or other options, the deposit, surrender, or exchange of securities, the entrance into voting trusts, and the making of agreements for subscriptions which they may deem necessary or advisable in connection therewith, all without applying to any court for permission so to do, and to hold and redeem or sell or otherwise dispose of any securities or other property which they may so acquire.

Section 10. To compromise, settle, arbitrate, or defend any claim or demand in favor of or against the Corporation; to enforce any security agreements, or other obligations or liens held hereunder; and to enter upon such contracts and agreements and to make such compromise or settlements of debts, claims or controversies as they may deem necessary or advisable. To incur and pay the ordinary and necessary expense of administration of the Corporation or its Board of Trustees acting in such capacity, including (but not by way of limitation) reasonable attorney's fees, accountants' fees, investment counsel fees and the like.

Section 11. To act hereunder through an agent or attorney-in-fact in carrying out any of the powers and duties herein authorized.

Section 12. To borrow money for any purposes of the Corporation or incidental to the administration thereof and to secure the repayment thereof by granting a security interest in, or pledging or otherwise encumbering any part or all of the Corporation's property, or as part of the consideration given therefor, to assume a liability of the transferor or to acquire such property subject to a liability.

Section 13. To lend money to any person or persons upon such terms and in such ways and with such security as the Board of Trustees may deem advisable for the best interest of the Corporation.

Section 14. In general, to do any and all acts and things, and to exercise any and all powers which it may now or hereinafter be lawful for the Corporation to do or exercise under and pursuant to the laws of the Commonwealth Of Virginia and for the purpose of accomplishing any of the purposes of the Corporation, whether inside or outside the United States of America.

MA5OSKO1 SAM

## ARTICLE V

### Investment

No part of the net earnings of the Corporation shall inure to the benefit of or be distributable to its trustees, officers, or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in this Article. No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate in, or intervene in, including the publishing or distribution of statements, any political campaign on behalf of any candidate for public office. Notwithstanding any other provision of these Articles, the Corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or the corresponding provision of any future United States Internal Revenue Law; or (b) by a corporation, contributions to which are deductible under Section 170 of the Internal Revenue Code of 1986, as amended, or the corresponding provisions of any future United States Internal Revenue Law.

## ARTICLE VI

### Dissolution

Upon the dissolution of the Corporation, the Board of Trustees shall, after paying or making provision for the payment of all of the liabilities of the Corporation, dispose of all of the assets of the Corporation exclusively for the purposes of the Corporation in such manner to the Muslim World League Foundation, provided it is a Section 501(c)(3) organization or, in its absence, to such Islamic organization or organizations organized and operated exclusively for religious, cultural, charitable, educational or scientific purposes as shall at the time qualify as an exempt organization or organizations under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or the corresponding provision of any future United States Internal Revenue Law, as the Board of Trustees shall determine. Any of such assets not so disposed of shall be disposed of by the Court of Common Pleas of the county in which the principal office of the Corporation is then located, exclusively for such purposes or to such Islamic organization or organizations, as said Court shall determine, which are organized and operated exclusively for such purposes.

## ARTICLE VII

### Members

The Corporation shall have no members.

MA50SK01 SAM

4

## ARTICLE VIII

### Trustees

**Section 1. Number of Trustees.** The Corporation shall operate through a Board of Trustees, which shall function, operate and be considered for all purposes as the Corporation's Board of Directors. The minimum number of Trustees constituting the Board of Trustees shall be one (1) and the maximum number shall be five (5). Except as provided herein, the exact number of Trustees shall be as prescribed from time-to-time in the By-Laws of the Corporation.

**Section 2. Term of Office and Election.**

(A) The term of office of each Trustee shall be five (5) years.

(B) The Trustees shall elect their successors. In case of a resignation, expulsion, expired term or any other termination of a board member or members, the Board of Trustees by a majority vote, at any meeting, shall appoint the member or members required to fill the existing vacancy or vacancies within two months from the date of such vacancy or vacancies, and such appointee(s) or his/her/their successor(s) shall serve the remaining term of the departing Trustee(s).

(C) The qualifications to be a Trustee, which shall be determined by its Board of Trustees in the Board of Trustees' sole discretion, shall include sound character, honesty, trust, serious interest in charitable work and commitment to the objectives and policies of the Corporation.

(D) Any Trustee may be removed from office with or without cause by two-thirds (2/3) of the entire board members.

**Section 3.** The name(s), address(es) and term(s) of the initial Board of Trustee(s), who shall serve as initial Trustee(s) until his/their successor(s) be elected and qualify, is/are as follows:

Dr. M. Yaqub Mirza
555 Grove Street, Suite 116
Herndon, Virginia 20170

## ARTICLE IX

### Amendment

An amendment to these Articles of Incorporation shall require the approval of two-thirds (2/3) of the votes entitled to be cast by board members present or represented by proxy at a meeting of the Board of Trustees.

MA5OSK01 SAM

070 0029

## ARTICLE X

### Regulation and Conduct of the Corporation

Other provisions, consistent with the laws of the Commonwealth of Virginia, for the regulation and conduct of the affairs of the Corporation, and creating, defining, limiting or regulating the powers of the Corporation, shall be provided in the By-Laws of the Corporation.

## ARTICLE XI

### Indemnification

The Corporation shall indemnify any person who is serving or has served as a director or officer of this Corporation, at its request, as a director or officer of another corporation in which this Corporation owns shares of stock or in relation to which it is a creditor, against expenses actually and necessarily incurred by such person in connection with the defense of any action, suit or proceeding in which he is made a party by reason of being or having been a director or officer of this Corporation or of which he is adjudged therein to be liable for negligence or misconduct in the performance of duty. Such indemnification shall not be deemed exclusive of any other rights to which any person may be entitled under any By-Law, agreement, vote of stockholders or otherwise.

## ARTICLE XII

### Incorporators

The name and address, including street and number, of the incorporator is:

M. Yaqub Mirza
555 Grove Street, Suite 116
Herndon, Virginia 20170

_____
M. Yaqub Mirza, Incorporator

MA30SK01.SAM

6

070 0030

# BY-LAWS
# OF
# SANABEL AL KHEER, INC.

## ARTICLE I
## OFFICES

**Section 1. Principal Offices:**
The principal offices of SANABEL AL KHEER, INC. (the "Organization") in the Commonwealth of Virginia are at 555 Grove Street, Suite 116, Herndon, VA 20170.

**Section 2. Business Offices:**
The business offices of the Organization in the Commonwealth of Virginia are at 555 Grove Street, Suite 116, Herndon, Virginia 20170.

**Section 3. Other Offices:**
The Organization may also have offices at such places, both within and without the Commonwealth of Virginia as the Board of Directors may from time to time determine or the business of the Organization may require.

## ARTICLE II
## PURPOSES OF THE ORGANIZATION

The Organization is formed upon the articles, conditions and provisions of Chapter 10 of Title 13.1 of the Code of Virginia relating to non-profit, non-stock corporations. The Organization is organized and operated exclusively for charitable, educational and scientific purposes within the meaning of sections 170(c)(2)(B), 501(c)(3), 2055(a)(2) and 2522(a)(2) of the Internal Revenue Code.

The Organization shall use its funds only to accomplish the objectives and purposes specified in its Articles of Incorporation and these Bylaws, and no part of the net earnings of the Organization shall inure to the benefit of, or be distributable to, the members of its Board of Directors, officers, other private individuals, or organizations organized and operating for profit (except that the Organization shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes as hereinabove stated). No substantial part of the activities of the Organization shall be the carrying on of propaganda or otherwise attempting to influence legislation, and the Organization shall be empowered to make the election authorized under section 501(h) of the Internal Revenue Code. The Organization shall not participate in or intervene in (including the publishing or distribution of

MA50 A 01

statements) any political campaign on behalf of or in opposition to any candidate for public office. Notwithstanding any other provisions herein, the Organization shall not carry on any activities not permitted to be carried on -

    (a) By an organization exempt from federal income tax under section 501(a) of the Internal Revenue Code as an organization described in section 501(c)(3) of such Code, and/or

    (b) By an organization, contributions to which are deductible under sections 170(c)(2), 2055(a)(2) or 2522(a)(2) of the Internal Revenue Code.

    (c) By an organization described in Section 509(a)(3)(B) of the Internal Revenue Code.

## ARTICLE III
## DISSOLUTION

Upon dissolution or final liquidation, the Board of Directors shall, after paying or making provision for the payment of all the lawful debts and liabilities of the Organization, distribute all the assets of the Organization to one or more of the following categories of recipients as the Board of Directors of the Organization shall determine:

    (a) MUSLIM WORLD LEAGUE, a Virginia section 501(c)(3) organization or in its absence, any organization which may have been created to succeed the Organization, as long as such organization or each of such organizations shall then qualify as an organization exempt from federal income taxation under section 501(a) of such Code as an organization described in sections 170(c)(2) and 501(c)(3) of such Code;

    (b) However, if the named recipient is not then in existence or no longer a qualified distributee, or unwilling to accept the distribution then the assets of the Organization shall be distributed to a non-profit organization or organizations having similar aims and objects as the Organization and which may be selected as an appropriate recipient of such assets, as long as such organization or each of such organizations shall then qualify as an organization exempt from federal income taxation under section 501(a) of such Code as an organization described in sections 170(c)(2) and 501(c)(3) of such Code or to federal, state or local government, for a public purpose.

MA30 A 03

2

## ARTICLE IV
## MEMBERSHIP

The Organization shall have no members.

## ARTICLE V
## ISSUANCE OF STOCK

The Organization shall not be authorized to i[ssue] any capital stock.

## ARTICLE VI
## DIRECTORS

**Section 1. General Powers:**
The business and affairs of the Organization [sha]ll be managed by its Board of Directors.

**Section 2. Number, Tenure and Qualifications:**
The number of Directors of the Organization shall [b]e not less than three (3) nor more five (5), the precise numb[er] to be determined by a resolution of the Board of Directors p[ri]or to mailing notice of any meeting for the election of Di[re]ctors. The number of Directors shall not be changed after the [a]nnual meeting. Each Director shall hold office for five (5) [yea]rs or until his successor shall have been elected and qu[ali]fied. Directors need not be residents of the Commonwealth of V[ir]ginia. Any Director may resign at any time upon notice [to] the Organization.

**Section 3. Committees:**
(a) The Board of Directors may, by resolution pas[sed] by a majority of the whole Board, designate one or more com[mit]tees, each committee to consist of one or more of the Director[s of the] Organization. The Board may designate one or more Dire[ctors as] disqualified member(s) at any meeting of the commit[tee; the] member or members thereof present at any meeting [an]d not disqualified from voting, whether or not he or they cons[titute a] quorum may unanimously appoint another member of the [Boa]rd of Directors to sit at the meeting in the place of such a[bse]nt or disqualified member.

(b) An[y] such committee, to the extent provided [in the] resolution of the Board of Directors, shall have [an]d may exercise all the powers and authority of the Board of D[ir]ectors in the management of the business and affairs [of] the Organization, and may authorize the Seal of the Organi[zat]ion to be affixed to all papers which may require it, but [no] such committee shall have the power or authority to:

MA50 ak 03

3

1. in reference to amending the Articles of Incorporation;

2. adopting an agreement of merger or consolidation;

3. recommend the sale, lease or exchange of all or substantially all of the Organization's property and assets;

4. recommend for a dissolution of the Organization or revocation of the dissolution; or

5. amending the Bylaws of the Organization;

(c) Each such committee shall keep a written record of its facts and proceedings and shall submit such records to the Board of Directors at each regular meeting thereof and at such other times as requested by the Board of Directors. Failure to submit such record, or failure of the Board to approve any action indicated therein will not however invalidate such action to the extent it has been carried out by the Organization prior to the time the record of such action was, or should have been submitted to the Board of Directors as herein provided.

### Section 4. Regular Meetings:
A regular meeting of the Board of Directors shall be held without notice. The Board of Directors may provide, by resolution, the time and place, either within or without the Commonwealth of Virginia for the holding of additional regular meetings without any other notice than such resolution.

### Section 5. Special Meetings:
Special meetings of the Board of Directors may be called by or at the request of the Chairman of the Board of Directors, the President, Vice President or a majority of the Directors. The person or persons authorized to call special meetings of the Board of Directors may fix any place, either within or without the Commonwealth of Virginia, as the place for holding any special meeting of the Board of Directors called by them.

### Section 6. Notice:
Notice of any special meeting shall be given at least two (2) days prior thereto by written notice delivered personally or by telefax or mailed to each Director at his business address, or on three days' notice by mail or telegram. If mailed, such notice shall be deemed to be delivered when deposited in the United States Mail so addressed, with postage thereon prepaid. If notice were given by telegram, such notice shall be deemed to be delivered when the telegram is delivered to the telegraph company. Any Director may waive notice of any meeting. The attendance of a Director at a meeting shall constitute a waiver

MA50 & 03

4

of notice of such meeting, except where a Director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of any regular or special meeting of the Board of Directors need be specified in the notice of such meeting.

### Section 7. Quorum, Interested Directors:

(a) A majority of the number of Directors fixed in the manner provided by Section 2 of this Article VI shall constitute a quorum for the transaction of business at any meeting of the Directors, but if less than such majority is present at a meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice.

(b) No contract or transaction between the Organization and one or more of the Directors or Officers, or between the Organization and any other organization, partnership, association, or other organization in which one or more of the Directors or Officers are Directors or Officers or have a financial interest, shall be void or voidable solely for this reason, or solely because the Director or Officer is present at or participates in the meeting of the Board or committee thereof which authorizes such contract or transaction.

(c) Common or interested Directors may be counted in determining the presence of a quorum at a meeting of the Board of Directors or of a committee which authorizes the contract or transaction.

### Section 8. Manner of Acting:

The act of the majority of the Directors present at a meeting at which a quorum is present shall be the act of the Directors.

### Section 9. Vacancies:

Any vacancy occurring in the Board of Directors may be filled by the affirmative vote of a majority of the remaining Directors though less than a quorum of the Directors. A Director elected to fill a vacancy shall be elected for the unexpired term of his/her predecessor in office. Any directorship to be filled by reason of an increase in the number of Directors shall be filled by election at any annual meeting of the Directors.

### Section 10. Compensation:

Directors and members of any committee of the Board of Directors shall not be paid any compensation for their services as Directors and members of any such committee but out of pocket expenses will be reimbursed (except that the Organization shall

MA50 A 03                               5

030-0036

be authorized and empowered to pay reasonable compensation for services rendered to the Organization).

Section 11. Presumption of assent:
A Director of the Organization who is present at a meeting of the Directors at which action on any Organization matter is taken shall be presumed to have assented to the action taken unless his dissent shall be entered in the minutes of the meeting or unless he shall handle his written dissent to such action with the person acting as the Secretary of the meeting before the adjournment thereof or shall forward such dissent by registered mail to the Secretary of the Organization immediately after the adjournment of the meeting. Such right to dissent shall not apply to a Director who voted in favor of such action.

Section 12. Removal:
Any Director may be removed from office with or without cause by two-thirds (2/3) majority of the Directors.

## ARTICLE VII
## OFFICERS

Section 1. Number:
The officers of the Organization shall be a President, a Secretary and a Treasurer and, if determined by the Board of Directors to be appropriate, one or more Vice Presidents, each of whom shall be elected by the Board of Directors. The Directors may from time to time elect a Chairman of the Board, Assistant Secretaries, Assistant Treasurers and such other officers, assistant officers, and agents as may be deemed necessary. Any two or more offices may be held by the same person, except the offices of the President and Secretary.

(a) President. The President of the Organization shall have all powers and shall perform all duties commonly incident to and vested in the office of president of a corporation, including but not limited to being the chief executive officer of the Organization, preparation of the agenda for the annual meeting and other regular meetings, and having general knowledge of and responsibility for supervision of the business of the Organization. Notwithstanding the foregoing, the President of the Organization shall have the following specific powers and duties:

1. He/she shall be a member of the Board of Directors.

2. He/she shall prepare the agenda for the meeting of the Board of Directors.

MASO A 03          6                                      078 0033

3. He/she shall annually appoint such standing or special committees, or subcommittees, as may be required by these Bylaws or as he or she may find necessary, and shall be an ex-officio member with or without vote, as the appointment shall state, of all committees of the Organization.

4. The President of the Organization shall also perform such other duties as the Board of Directors may, from time to time, designate.

(b) <u>Vice President</u>. The Vice President of the Organization shall have such powers and duties as the Board of Directors of the Organization shall determine, including service as acting president during such time as the President of the Organization is unable to carry out the duties of the office.

(c) <u>Secretary</u>. The Secretary of the Organization shall have such powers and perform all duties commonly incident to and vested in the office of secretary of a corporation, including the following duties and responsibilities:

1. He/she shall attend all meetings of the Board of Directors, and of such committees or subcommittees as may be appointed, and be responsible for keeping, preserving in the books of the Organization, and distributing true minutes of the proceedings of all such meetings.

2. He/she shall ensure that all notices are given in accordance with these Bylaws.

3. He/she shall perform such other duties as the President of the Organization may, from time to time, designate.

4. He/she may appoint an Assistant Secretary to perform such duties as he may, from time to time, delegate.

(d) <u>Treasurer</u>. The Treasurer of the Organization shall have all powers and perform all duties commonly incident to and vested in the office of the treasurer of a corporation, including the following duties and responsibilities:

1. He/she shall be responsible for developing and reviewing the fiscal policies of the Organization.

2. He/she shall ensure that an account is maintained of all monies received and expended for the use of the Organization.

MA30 A 03

7

3. He/she shall ensure that all monies of the Organization are deposited in a bank or banks or trust company or trust companies approved by the Board of Directors, and that authorized disbursements are made there from.

4. He/she shall render a report of the finances of the Organization at the annual meeting of the Organization or whenever requested by the President or the Board of Directors showing all receipts and expenditures for the current year.

5. He/she shall also perform such other duties as the President of the Organization may, from time to time, designate.

6. He/she may appoint an Assistant Treasurer to perform such duties as he may, from time to time, delegate.

Section 2. Election and Term of Office:
The officers of the Organization to be elected by the board of Directors shall be elected annually by the Directors at the each annual meeting of the Board of Directors. If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be. Each officer shall hold office until his successor shall have been duly elected and shall have qualified or until his death or until he shall resign or shall have been removed in the manner hereinafter provided.

Section 3. Removal:
Any officer or agent elected or appointed by the Directors may be removed by the Board of Directors whenever in its judgment the best interests of the Organization would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person removed.

## ARTICLE VIII
## CONTRACTS, LOANS, CHECKS AND DEPOSITS

Section 1. Contracts:
The Directors may authorize any officer or officers, agent or agents, to enter into any contract or execute and deliver any instrument in the name of and on behalf of the Organization and such authority may be general or confined to specific instances.

Section 2. Loans:
No loans shall be contracted on behalf of the Organization and no evidences of indebtedness shall be issued in its name unless authorized by a resolution of the Board of Directors.

Such authority may be general or confined to specific instances.

### Section 3. Checks, Drafts, Etc.:

All checks, drafts or other orders for the payment of money, notes or other evidence of indebtedness issued in the Organization, shall be signed by such officer or officers, agent or agents of the Organization and in such manner as shall from time to time be determined by resolution of the Board of Directors.

### Section 4. Deposits:

All funds of the Organization not designated shall be deposited from time to time to the credit of the Organization in such banks, trust companies or other depositories as the Directors may select.

## ARTICLE IX
## FISCAL YEAR

The fiscal year of the Organization shall begin on the first day of January and end on the last day of December in each year except that the first year will start on August 14, 2000 the date of incorporation of the Organization, and end on December 31, 2000.

## ARTICLE X
## CORPORATE SEAL

The Directors shall provide a corporate seal which shall be circular in form and have inscribed thereon the name of the Organization. In lieu of the corporate seal, when so authorized by the Board of Directors, a facsimile thereof may be impressed or affixed or reproduced.

## ARTICLE XI
## INDEMNIFICATION

### Section 1. Coverage:

The Organization shall indemnify each member of the Board of Directors, and each of its officers, for the defense of civil or criminal actions or proceedings as hereinafter provided and notwithstanding any provision in these Bylaws, in a manner and to the extent permitted by applicable law.

(a) Unless otherwise prohibited by law, the Organization shall indemnify any person who was or is a party or is threatened to be made a party, to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, other than an action by or in the right of the Organization, by reason of the fact that he or

MASO d. 03                               9

she is or was a director, officer, employee, or agent of the Organization, or is or was serving at the request of the Organization as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise, against expenses, judgments, fines, and amounts paid in settlement actually and reasonably incurred by him or her in connection with such action, suit, or proceeding, including attorney's fees, if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Organization; and, with respect to any criminal action or proceedings, had no reasonable cause to believe his or her conduct was unlawful. The termination of any action, suit or proceeding by judgment, order settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he or she reasonably believed to be in or not opposed to the best interests of the Organization, and, with respect to any criminal action or proceeding, and reasonable cause to believe that his or her conduct was unlawful.

(b) The Organization shall indemnify any person who was or is a party, or is threatened to be made a party, to any threatened, pending, or completed action or suit by or in the right of the Organization to procure a judgment in its favor by reason of the fact that he or she is or was a director, officer, employee, or agent of the Organization or is or was serving at the request of the Organization as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses, actually and reasonably incurred by him or her in connection with the defense or settlement of such action or suit, including attorneys' fees, if he/she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the Organization, and except that no indemnification shall be made in respect of any claim, issue, or matter as to which such person shall have been adjudged to be liable to the Organization unless and only to the extent that the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability and in view of all the circumstances of the case, he or she is fairly and reasonably entitled to indemnity for such expenses which the court shall deem proper.

(c) To the extent that a director, officer, employee, or agent of the Organization has been successful on the merits or otherwise in defense of any action, suit, or proceeding referred to in Paragraphs (a) and (b) of this Article, or in defense of any claim, issue, or matter therein, such director, officer, employee, or agent shall be indemnified against expenses

070 0041

actually and reasonably incurred by him or her in connection with the action, suit, or proceeding, including attorneys' fees.

(d) Any indemnification under Paragraphs (a) and (b) of this Article, unless ordered by a court, shall be made by the Organization only as authorized in the specific case upon a determination that indemnification of the director, officer, employee or agent is proper in the circumstances because such director, officer, employee or agent has met the applicable standard of conduct set forth in this Article. Such determination shall be made by the Board of Directors of the Organization by a majority vote of a quorum consisting of directors who were not parties to the action, suit or proceeding, or, if such a quorum is not obtainable, or, even if obtainable, a quorum of disinterested directors so directs by independent legal counsel in a written opinion.

(e) Expenses incurred by a director or officer in defending a civil or criminal action, suit, or proceeding may be paid by the Organization in advance of the final disposition of such action, suit, or proceeding. Such expenses incurred by other employees and by other employees and agents may be so paid upon such terms and conditions, if any, as the Board of Directors deems appropriate as authorized by the Board of Directors in the specific case upon receipt of an undertaking by or on behalf of the director, officer, employee, or agent to repay such amount unless it shall ultimately be determined that the director, officer, employ, or agent, is not entitled to be indemnified by the Organization as authorized in this Article.

(f) The indemnification and advancement of expenses provided by, or granted pursuant to, this Article shall not be deemed exclusive of any other rights to which those seeking indemnification or may be entitled under any Bylaw, agreement, vote of disinterested directors or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee, or agent, and shall inure to the benefit of the heirs, executors, and administrators of such person.

(g) The Organization may purchase and maintain insurance on behalf of any person who is or was a director, officer, or agent of the Organization, or is or was serving at the request of the Organization as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise against any liability asserted against him or her and incurred by him or her in any such capacity, or arising out of his or her status as such, whether or not the Organization would have the power to indemnify him or her against such liability under the provisions of this Article.

MA50 A 03

11

(h) For the purpose of this Article, references to the "Organization" include, in addition to the resulting corporation, all constituent corporations and organizations (including any constituent of a constituent) absorbed in a consolidation or merger which, if its separate existence had continued, would have had power and authority to indemnify its directors, officers, employees, or agents, so that any person who is or was a director, officer, employee, or agent of such constituent corporation, or is or was serving at the request of such constituent corporation as a director, officer, employee, or agent of another corporation, partnership, joint ventures, trust, or other enterprise shall stand in the same position under the provisions of this Article with respect to the resulting or surviving corporation in the same capacity.

(i) For the purposes of this Article, references to "other enterprises" shall include employee benefit plans; references to "fines" shall include any excise taxes assessed on a person with respect to any employee benefit plan; and references to "serving at the request of the corporation" shall include any service as a director, officer, employee, or agent of the corporation which imposes duties on, or involves services by, such director, officer, employee, or agent with respect to an employee benefit plan, its participants or beneficiaries; and a person who acted in good faith and in a manner such person reasonably believed to be in the interest of the participants and beneficiaries of an employee benefit plan shall be deemed to have acted in a manner "not opposed to the best interest of the corporation" as referred to in this Article.

(j) The indemnification and advancement of expenses provided by, or granted pursuant to, this Article shall, unless otherwise provided when authorized or ratified, continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such a person.

## ARTICLE XII
## AMENDMENTS

These Bylaws may be altered, amended or repealed and new Bylaws may be adopted by a two-thirds (2/3) majority of the Directors at any regular or special meeting.

MA30 & 03

12

070 0043

## SECRETARY'S CERTIFICATE

I, M. YAQUB MIRZA, Secretary of the Organization, a Virginia corporation, DO HEREBY CERTIFY that the foregoing is a true and correct copy of the Organization's Bylaws as adopted by the Board of Directors of the Organization on August 29, 2000.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Corporate Seal of the Organization this 29th day of August 2000.

                                        M. Yaqub Mirza
                                        Secretary

MANUAL 03            13

070 0044