# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD/FM) |

*This document relates to:*
Ashton, *et al.* v. Al Qaeda Islamic Army, *et al.*, Case No. 02-CV-6977;
Burnett, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, Case No. 03-CV-9849;
Cantor Fitzgerald Assocs, LP, *et al.* v. Akida Inv. Co., Ltd., *et al.*, Case No. 04-CV-7065;
Continental Cas. Co., *et al.* v. Al Qaeda Islamic Army, *et al.*, Case No. 04-CV-05970;
Euro Brokers, Inc., *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, Case No. 04-CV-07279;
Federal Ins. Co., *et al.* v. Al Qaida, *et al.*, Case No. 03-CV-6978; and
Estate of O'Neill, *et al.* v. Al Baraka Inv. & Dev. Corp., *et al.*, Case No. 04-CV-1923.

### AFFIRMATION OF ANDREW J. MALONEY, III
### REGARDING AWARD OF ATTORNEYS FEES

I, ANDREW J. MALONEY, III, affirm as follows:

1. I am a partner at the firm of Kreindler & Kreindler LLP, counsel for the *Ashton* plaintiffs in the above MDL consolidated action and am co-liaison counsel for the personal injury and wrongful death plaintiffs of the September 11, 2001 terror attacks. I submit this affirmation in response to defendant Al Haramain's November 11, 2015 objections to the October 28, 2015 Corrected Memorandum Decision and Order of Magistrate Judge Maas regarding attorney's fees. Judge Maas's initial Memorandum Decision and Order was docketed on October 23, 2015 at ECF No. 3073.

2. My partner James P. Kreindler and I did relatively little work on this discovery dispute. The overwhelming majority of the work was performed by our colleagues at the law firms of Motley Rice, Cozen O'Connor, and Anderson Kill.

3. With rare exceptions, Kreindler & Kreindler does not bill attorney hours or keep contemporaneous billable time records. Our fees are based on a contingency agreement.

4.  In contrast, however, investigative researcher John Fawcett, who is an independent contractor working for Kreindler & Kreindler, does keep contemporaneous time entries for purposes of verifying the time he works on various projects for Kreindler & Kreindler.

5.  Using the contemporaneous time records from Motley Rice, Cozen O'Connor, and Anderson Kill, along with contemporaneous time records from investigator John Fawcett and contemporaneous emails, phone calls and court appearances, we provided an accurate and reasonable but very limited amount of time Kreindler attorneys spent on this dispute. In fact, the amount of time represented was understated.

6.  Accordingly, my partner, James P. Kreindler, and I informed the Court that we devoted the following attorney time to this matter:

>   On Al Haramain:
>   Andrew J. Maloney                                     5 hours
>   (3.5 of these hours were spent in Court at hearings)
>
>   James P. Kreindler                                    3.5 hours
>   (2.5 of these hours were spent in Court at hearings)

7.  Using the rates set by Magistrate Judge Maas, the combined total time would have yielded only $4,425.[1]

8.  Neither I nor Mr. Kreindler represented that we kept contemporaneous *attorney* time records. We represented, truthfully, that the firm had contemporaneous time records of Mr. Fawcett's time. Nonetheless, it was not difficult to provide accurate information on the limited amount of attorney time spent on the matter. Most of the time spent was at hearings before Magistrate Maas and in preparation for those hearings, for which the other firms had contemporaneous time records verifying the amount of time spent in court for all attorneys in attendance.

---

[1] The rates submitted in the Kreindler application would have yielded only slightly more at $6,550, but in the exercise of its discretion, the Court reduced the hourly rates.

9. Magistrate Judge Maas exercised his discretion to decline to award any fees for Kreindler & Kreindler's 8.5 hours of attorney time spent on Al Haramain, of which 6 hours were spent in Court. We accept the exercise of his discretion.

10. In contrast, independent contractor and investigative researcher, John Fawcett, did keep contemporaneous records on the time he spent on these matters. He is not an employee of Kreindler & Kreindler but is on retainer. Mr. Fawcett worked with and assisted each of the lawyers over the multi-year course of preparing the various motions related to compelling Al Haramain to comply with its discovery obligations. Although Mr. Fawcett's time entries were contemporaneous, Magistrate Judge Maas declined to make an award for the work performed by Mr. Fawcett, a non-lawyer, because Mr. Fawcett's contemporaneous records did not provide sufficient detail to discern what work was specifically being done by Mr. Fawcett on a given day regarding the matter. There was no misrepresentation made regarding Mr. Fawcett's work or his time entries, nor did the Court indicate as such.

11. Here, as Judge Maas has already found, Motley Rice, Cozen O'Connor, and Anderson Kill kept and provided contemporaneous billable attorney time. Kreindler advised Motley Rice, who was tasked with making the underlying motion, that the Kreindler firm had contemporaneous time records – specifically for Mr. Fawcett who kept contemporaneous time records. We further indicated we would provide the Motley firm with the very limited number of hours Messrs. Maloney and Kreindler worked on the motion – again, based almost entirely on time in court and, to a lesser extent time, time in preparation for court hearings, which is supported by the contemporaneous records of the other firms and the court docket and transcripts. While contemporaneous time sheets kept by lawyers are common at many firms and are useful when reviewed by clients and courts rather than relying on faulty memories, the

touchstone for the records is accuracy, reliability and reasonableness. All of these factors are present in the proof submitted on the limited Kreindler attorney time spent on this issue. Mr. Haefele made no misrepresentation to the Court regarding the contemporaneous attorney time records from the Kreindler firm. His representation that the PSC firms' time was based on contemporaneous records was based on each of the firms telling Mr. Haefele that they had contemporaneous data to support the time spent on the matter – including the contemporaneous time records of Mr. Fawcett for Kreindler & Kreindler. The vast bulk of the Kreindler & Kreindler submission consisted of Mr. Fawcett's 28 hours for the Al Haramain discovery issues.

12. We later provided that information along with an affidavit from Mr. Kreindler, which Judge Maas quoted. We believed that both Mr. Haefele and the Court understood, based on the records we provided, that Kreindler investigator Fawcett kept contemporaneous records, and that Messrs. Maloney and Kreindler did not, but that we could prove the accurate, reliable and reasonable, though very limited, time that Kreindler attorneys spent on the dispute based on other records that we kept at the time. Neither Mr. Haefele nor the Kreindler firm ever represented that the 8.5 hours of Kreindler attorney time was specifically and contemporaneously recorded at the time the work was performed in traditional time sheets. Mr. Kreindler's affidavit made this clear. In fact, given the relatively negligible value represented by this time – it amounts to less than 1% of the total attorney time spent by the other lawyers on the Plaintiffs' Steering Committee on these issues – it was not a central focus of the Plaintiffs' preparation in the motion for fees.

Dated: New York, New York
November 24, 2015

KREINDLER & KREINDLER LLP

By: _____
Andrew J. Maloney III (AM8684)
750 Third Avenue
New York, New York 10017
Tel: (212) 687-8181
Fax: (212) 972-9432