# Exhibit A

AUG-12-2008  14:45   104815
US TREASURY                                    104815    P.01



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220     **LICENSE No. SDGT-343e**

## Global Terrorism Sanctions Regulations
### AMENDED LICENSE

(Granted under the authority of the International Emergency Economic Powers Act (50 U.S.C. §§ 1701 *et seq.*), the National Emergencies Act (50 U.S.C. § 1601 *et seq.*), 22 U.S.C. § 287c, Executive Order 13224, as amended, and 31 C.F.R. Parts 501 and 594.)

To:   Bernabei & Wachtel, PLLC (the "Licensee")
      1775 T Street, N.W.
      Washington, D.C. 20009-7124
      Attn: Lynne Bernabei, Esq.

1. Based on your June 24, 2008 letter to the Office of Foreign Assets Control on behalf of Al-Haramain Islamic Foundation, Inc., and information otherwise available to the Office of Foreign Assets Control (the "Application"), the transactions and activities delineated herein are hereby authorized.

2. This License is granted upon the statements and representations made in the Application, or otherwise filed with or made to the Treasury Department as a supplement to the Application, or based on information available to the Treasury Department, and is subject to the condition, among others, that the Licensee(s) complies in all respects with all regulations, rulings, orders and instructions issued by the Secretary of the Treasury under the authority of the International Emergency Economic Powers Act (50 U.S.C. §§ 1701 *et seq.*), the National Emergencies Act (50 U.S.C. §§ 1601 *et seq.*), section 5 of the United Nations Participation Act of 1945, as amended (22 U.S.C. § 287c), section 301 of title 3 of the United States Code, Executive Order 13224 of September 23, 2001, as amended, and the terms of this License.

3. The Licensee(s) shall furnish and make available for inspection any relevant information, records, or reports requested by the Secretary of the Treasury, or any other duly authorized officer or agency.

4. This License expires on **August 31, 2010**, is not transferable, and is subject to E.O. 13224, as amended, the provisions of 31 C.F.R. Parts 501 and 594, and any rulings issued pursuant thereto. This License may be revoked or modified at any time at the discretion of the Secretary of the Treasury. If this License was issued as a result of willful misrepresentation, it may, at the discretion of the Secretary of the Treasury, be declared void from the date of its issuance or from any other date.

5. This License does not excuse compliance with any law or regulation administered by the Office of Foreign Assets Control or another agency (including reporting requirements) applicable to the transactions herein licensed, nor does it release the Licensee(s) or third parties from civil or criminal liability for violation of any law or regulation.

Issued by direction and on behalf of the Secretary of the Treasury:

**OFFICE OF FOREIGN ASSETS CONTROL**

By _Clara David_                              8/12/08
   for Elizabeth W. Farrow                     Date
   **Assistant Director for Licensing**

Attention is directed to 18 U.S.C. § 1001, 50 U.S.C. § 1705, and 31 C.F.R. Part 594.701 for provisions relating to penalties.

AHIF 3127

**LICENSE No. SDGT-343e**                                          Page 2 of 3

**SECTION I - AUTHORIZATION:** (a) Subject to the conditions and limitations set forth herein, the law firm of Bernabei & Wachtel, PLLC (the "Licensee"), is hereby authorized to receive payment for legal services rendered and reimbursement of incurred expenses for the provision to Al-Haramain Islamic Foundation, Inc. (the "Client"), of legal services authorized in section 594.506(a) of the Global Terrorism Sanctions Regulations, 31 C.F.R. Part 594, as described in the Application.

(b) Any transfers of funds through the U.S. financial system pursuant to the authorization set forth above should reference the number of this license to avoid the blocking or rejection of the transfer.

**SECTION II – CONDITIONS:** (a) Payments to the Licensee for professional fees and expenses authorized by this License must not originate from a source within the United States, or from any source outside the United States within the possession or control of a U.S. person other than the Client, or from any entity or individual whose property or interests in property are blocked pursuant to any Executive order or Chapter V of Title 31 of the C.F.R., other than the Client or Soliman H.S. Al-Buthe in his official role as a director of the Al-Haramain Islamic Foundation, Inc.

(b) The Licensee must submit a copy of this License to the relevant court or any other decision-making body or forum.

**SECTION III – WARNING:** (a) Except as expressly authorized by the terms of this License, or otherwise by the Office of Foreign Assets Control, this License does not authorize the transfer of any blocked property, the debiting of any blocked account, the entry of any judgment or order that effects a transfer of blocked property, or the execution of any judgment against property blocked pursuant to any Executive order or Chapter V of Title 31 of the C.F.R.

(b) Except as expressly authorized by the terms of this License, or otherwise by the Office of Foreign Assets Control, nothing in this License authorizes the receipt of funds or other property, directly, or indirectly, from any entity or individual whose property or interests in property are blocked pursuant to any Executive order or Chapter V of Title 31 of the C.F.R.

(c) Nothing in this License authorizes the provision of services or the receipt of payment of fees or reimbursement of expenses other than for the purposes delineated in Section I above.

**SECTION IV – RECORDKEEPING AND REPORTING REQUIREMENTS:** (a) The Licensee is subject to the recordkeeping and reporting requirements of, *inter alia*, 31 C.F.R. §§ 501.601 and 501.602, including the requirement to maintain full and accurate records concerning the transactions undertaken pursuant to this License for a period of five years from the date of each transaction.

(b) The Licensee shall submit quarterly reports no later than thirty days following the end of the calendar quarter providing information on the funds received pursuant to this License. Such reports shall specify the source and amount of funds received. In the event that no transactions occur or no funds are received during the reporting period, a statement is to be filed to that effect. Reports are to be mailed to: Licensing Division, Office of Foreign Assets Control, U.S. Department of the Treasury, 1500 Pennsylvania Avenue, N.W., Annex, Washington, D.C. 20220, and are to refer to this License No. SDGT-343e.

(c) See 31 C.F.R. § 501.605 for requirements regarding reports on litigation, arbitrations and dispute resolution proceedings.

Case 1:03-md-01570-GBD-SN   Document 3133-2   Filed 11/25/15   Page 4 of 6

**LICENSE No. SDGT-343e**  **Page 3 of 3**

**SECTION V – PRECEDENTIAL EFFECT:** The authorization contained in this License is limited to the facts and circumstances specific to the Application.



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220
Global Terrorism Sanctions Regulations

**LICENSE**

LICENSE No. SDGT-929

(Granted under the authority of 50 U.S.C. §§ 1701 *et seq.*, 50 U.S.C. § 1601 *et seq.*, 22 U.S.C. § 287c, Executive Order 13224, as amended, and 31 C.F.R. Parts 501 and 594.)

To:   David D. Cole, Esq. (the "Licensee")
      Georgetown University Law Center
      600 New Jersey Ave., NW
      Washington, DC 20001-2075

1. Based on your letter of December 20, 2007, on behalf of Al-Haramain Islamic Foundation, Inc., to the Office of Foreign Assets Control (the "Application"), and information otherwise available to the Office of Foreign Assets Control, the transactions and activities delineated herein are hereby authorized.

2. This License is granted upon the statements and representations made in the Application, or otherwise filed with or made to the Treasury Department as a supplement to the Application, and is subject to the condition, among others, that the Licensee complies in all respects with all regulations, rulings, orders and instructions issued by the Secretary of the Treasury under the authority of the International Emergency Economic Powers Act (50 U.S.C. §§ 1701 *et seq.*), the National Emergencies Act (50 U.S.C. §§ 1601 *et seq.*), section 5 of the United Nations Participation Act of 1945, as amended (22 U.S.C. § 287c), section 301 of title 3 of the United States Code, Executive Order 13224 of September 23, 2001, as amended, and the terms of this License.

3. The Licensee(s) shall furnish and make available for inspection any relevant information, records, or reports requested by the Secretary of the Treasury or any other duly authorized officer or agency.

4. **This License expires on April 30, 2010**, is not transferable, and is subject to E.O. 13224, as amended, the provisions of 31 C.F.R. Parts 501 and 594, and any rulings issued pursuant thereto. This License may be revoked or modified at any time at the discretion of the Secretary of the Treasury. If this License was issued as a result of willful misrepresentation, it may, at the discretion of the Secretary of the Treasury, be declared void from the date of its issuance or from any other date.

5. This License does not excuse compliance with any law or regulation administered by the Office of Foreign Assets Control or another agency (including reporting requirements) applicable to the transactions herein licensed, nor does it release the Licensee(s) or third parties from civil or criminal liability for violation of any such law or regulation.

Issued by direction and on behalf of the Secretary of the Treasury:

OFFICE OF FOREIGN ASSETS CONTROL

By *John Smith*  4/9/08
John E. Smith
Associate Director
Program Policy & Implementation

Attention is directed to 18 U.S.C. § 1001, 50 U.S.C. § 1705, and 31 C.F.R. Part 594.701 for provisions relating to penalties.

AHIF 3130

_ENSE No. SDGT-929                                                    Page 2 of 2

**SECTION I – AUTHORIZATION:** (a) Subject to the conditions and limitations set forth herein, David D. Cole, Esquire (the "Licensee"), is hereby authorized to receive payment for legal services rendered and reimbursement of incurred expenses for the provision of legal services, in conjunction with Bernabei & Wachtel, PLLC, to Al Haramain Islamic Foundation, Inc. (the "Client") (i) in connection with Burnett, et al. v. Al Baraka Investment & Development Corporation, et al., Case No. 03-CV-09849 (GBD) (S.D.N.Y.), Ashton, et al. v. Al Queda, et al., Case No. 02-CV-06977 (GBD) (S.D.N.Y.) and cases consolidated under Case No. 03 MDL 1570 (GBD) (S.D.N.Y.), and (ii) in connection with U.S. government investigations related to the designation of the Client or the blocking of its assets, as described in the Application.

(b) Any transfers of funds through the U.S. financial system pursuant to the authorization set forth above should reference the number of this License to avoid the blocking or rejection of the transfer.

**SECTION II – CONDITIONS:** (a) Payments to the Licensee for professional fees and expenses authorized by this License must not originate from a source within the United States, or from any source outside the United States within the possession or control of a U.S. person, or from any entity or individual, other than the Client, whose property or interests in property are blocked pursuant to any Executive order or Chapter V of Title 31 of the C.F.R.

(b) The Licensee must submit a copy of this License to the relevant court or any other decision-making body or forum.

**SECTION III – WARNING:** (a) This License does not authorize the transfer of any blocked property, the debiting of any blocked account, the entry of any judgment or order that effects a transfer of blocked property, or the execution of any judgment against property blocked pursuant to any Executive order or Chapter V of Title 31 of the C.F.R.

(b) The authorization set forth in this License applies only to laws and regulations administered by OFAC, and should not be interpreted to excuse the Licensee or the authorized transactions from compliance with other laws, regulations, orders or rulings to which they may be subject.

(c) Nothing in this License authorizes the provision of services or the receipt of payment of fees or reimbursement of expenses other than for the purposes delineated in Section I above.

**SECTION IV – RECORDKEEPING AND REPORTING REQUIREMENTS:** (a) The Licensee is subject to the recordkeeping and reporting requirements of, *inter alia*, 31 C.F.R. §§ 501.601 and 501.602, including the requirement to maintain full and accurate records concerning the transactions undertaken pursuant to this License for a period of five years from the date of each transaction.

(b) The Licensee shall submit quarterly reports no later than thirty days following the end of the calendar quarter providing information on the funds received pursuant to this License. Such reports shall specify the source and amount of funds received. In the event that no transactions occur or no funds are received during the reporting period, a statement is to be filed to that effect. Reports are to be mailed to: Licensing Division, Office of Foreign Assets Control, U.S. Department of the Treasury, 1500 Pennsylvania Avenue, N.W., Annex, Washington, D.C. 20220, and are to refer to this License No. SDGT-929.

**SECTION V - PRECEDENTIAL EFFECT:** The authorization contained in this License is limited to the facts and circumstances specific to the Applications.
*******************************************************************************

AHIF 3131