Exhibit B

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

THOMAS E. BURNETT, SR., in his own    :
right as the Father of THOMAS E.      :
BURNETT, JR., Deceased, et al.,      :
                                  :

      Plaintiffs,            :

      v.                      :      CIVIL ACTION

AL BARAKA INVESTMENT AND      :      CASE NUMBER 1-02-01616-JR
DEVELOPMENT CORPORATION, a/k/a  :
AL BARAKA BANK a/k/a DALLAH   :
ALBARAKA GROUP, LLC, et al.,     :
                                    :

      Defendants.          :

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO AL HARAMAIN ISLAMIC FOUNDATION, INC., a/k/a AL-HARAMAIN ISLAMIC FOUNDATION, a/k/a ISLAMIC AL-HARAMAIN

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiffs request that defendant produce for inspection and copying, the documents and things identified below. The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed.

You are hereby requested to produce the following documents and things:

## INSTRUCTIONS

1.     In producing documents and other things, defendant is requested to furnish all documents or things in its possession, custody or control, regardless of whether such documents or things are possessed directly by it or its directors, officers, agents,

employees, representatives, subsidiaries, managing agents, affiliates, accountants, auditors, investigators, or representatives.

2.     Documents are to be produced in full; redacted documents will not constitute compliance with this request.  If any requested document or thing cannot be produced in full, defendant is requested to produce it to the extent possible, indicating which document or portion of that document is being withheld and the reason that document is being withheld.

3.     In producing documents, defendant is requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.     Documents shall be produced as they are kept in the usual course of business and the documents shall be organized and labeled to correspond to the categories in this request.  All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by defendant.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5.     Documents shall be produced in such fashion as to identify that department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

6.     Documents attached to each other should not be separated.

7.     If any documents requested herein have been lost, discarded, destroyed or are otherwise no longer in defendant's possession, custody or control, they shall be identified as completely as possible including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

8.     Documents shall be produced in such fashion as to identify which request(s) they are responsive to.

9.     Each of these requests shall be continuing.  If at any time after production of these requests any information becomes available that calls for any supplement to a previous response, provide such documents within a reasonable time period from the time when it becomes available.

10.     Should the Defendant assert a privilege with respect to any document requested to be identified herein, or any information responsive to an interrogatory, Defendant is required to provide a privilege log containing the following as to each such document or item of information withheld:

a.     The type of document or information (e.g., letter, notebook, telephone conversation, etc.);

b.     The date of the document or transaction involving the information;

c.     Identification of the author and/or all participants with respect to the information;

d.     Identification of the signatory or signatories of the document, if any;

e.     Identification of the document's current custodian;

f.    The present whereabouts of the document and/or the names of all persons with personal knowledge with respect to the information; and

g.    A statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld.

11.    For purposes of this request, the words utilized are considered to have, and should be understood to have, their ordinary, every day meaning and plaintiffs refer defendant to any collegiate dictionary such as *Webster's New World Dictionary*, Second College Edition by Prentice Hall Press.  In the event defendant asserts that the wording which has been utilized is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other boiler plate objections to avoid squarely addressing the specific discovery request Plaintiffs refer defendant to *Webster's Dictionary* for the plain meaning of the terms, in addition to the terms defined herein.

## DEFINITIONS

1.    The term  "Al Haramain USA" shall include all Al Haramain offices in the United States including, but not limited to, Al Haramain Islamic Foundation, Inc., Al Haramain, and Islamic Al-Haramain.  Al Haramain USA also is defined to include any Al Haramain office and/or affiliate in the United States including all predecesors and/or offices which are currently closed.

2.    The term "Al Haramain Saudi Arabia" means all Al Haramain offices and/or affiliates in Saudi Arabia including all predecessors and/or offices which are currently closed.

3.    The term "Al Haramain Worldwide" means all Al Haramain offices and/or affiliates throughout the world including all predecessors and/or offices which are

currently closed. "Al Haramain Worldwide" also includes "Al Haramain USA" and "Al Haramain Saudi Arabia."

4.   The terms "document" and "other tangible thing" are used herein in the broadest sense and include, but are not limited to, the following items, whether printed, recorded, reproduced by any other mechanical or electronic process, or written or produced by hand and any copy, any non-identical copy (because of notes made on or attached to said copy, or otherwise), or any draft thereof, namely, agreements; contracts; notes; communications, including intra-company communications; correspondence, including letters, cables, telexes, and telegrams; memoranda; records; books; summaries of records of personal conversations or interviews; diaries; including calendars, desk calendars, appointment books, e-mails; web pages; websites; time sheets, and logs; forecasts, statistical statements; accountants' work papers; graphs, charts, and where available, current addresses and telephone numbers. All attachments and/or enclosures to a document or other tangible thing are deemed to be part of such document or other tangible thing.

5.   "Person" or "individual" or "recipient" includes natural persons, sole proprietorships, corporations, firms, partnerships, mosques, schools, unincorporated associations, trusts, charities, and any other legal entity.

6.   "Defendant" or any synonym thereof means the Defendant charity answering these interrogatories, as well as all predecessors (including, but not limited to the Qur'an Foundation), organizational units, predecessors-in-business, affiliated entities, subsidiaries, agents, servants and employees, officers, executives, directors, private

investigators, attorneys, representatives or others who are in possession of or who may have obtained information or knowledge for or on behalf of the Defendant.

7.    "You" or "your", unless otherwise specified, means the Defendant. Present tense should be construed as also including past tense, and masculine terms encompass the feminine.

8.    "Representative" is meant to be liberally construed and shall include, but not be limited to, all agents, employees, officials, officers, executives, directors, attorneys, accountants, auditors, investigators, consultants and any others who directly or indirectly represent in any manner or act on behalf of the Defendant.

9.    "Predecessor" means any charity, business, entity, organization, or asset acquired or possessed by the Defendant at any time through any means, including merger, consolidation, stock purchase, asset purchase, assumption, etc.

10.    "Produce" means supply, attach, make available, or authorize the obtaining of any materials or documents requested to be produced, said production or making available to be for the purpose of inspection and/or copying.

11.    "Server" means a computer in a network that is used to provide services (as access to files or shared peripherals or the routing of E-mail) to other computers in the network.

12.    "Webmaster" means a person responsible for the creation or maintenance of a World Wide Web site especially for a company or organization.

13.    "Link," also known as a cyber link, is a connecting tool or instrument in a network of websites on the World Wide Web which allows individuals using the web to

directly access other websites by clicking on a link on a particular site to transfer to another site.

14.    "Domain name" means an electronic address which is used by individuals using the World Wide Web to access particular websites. For instance, an individual wanting to visit the White House would type the domain name www.whitehouse.gov to enter the White House web page.

15.    "Chat room" means a real-time on-line interactive discussion group.

16.    The term "communication" includes, but is not limited to, conversations, meetings, telephone calls, electronic mail, voice mail, written correspondence, and all other methods by which words, pictures, graphics and/or other information are conveyed from one person to another or others.

17.    "Refer," "relate," or "regarding" means constituting, analyzing, describing, discussing, reporting or commenting on, inquiring about, setting forth, explaining, considering, referring to, relating to, pertaining to, mentioning, or alluding to, in whole or in part.

18.    Whenever it is necessary to bring within the scope of these requests, information, communications or documents that otherwise might be construed to be outside their scope (1) the use of "and" as well as "or" shall be construed both disjunctively and conjunctively; (2) the use of a word in its singular form shall be construed to include within its meaning its plural form, and vice versa; (3) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices; (4) references to the masculine shall include the feminine; (5)"each" shall be construed to include the word "every" and "every" shall be construed to include the word

"each"; and (6) "any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

19.    "Including" means including but not limited to.

## DOCUMENT REQUESTS

**Request No. 1**      All documents identified in or used to respond to your answers to Plaintiffs' interrogatories.

**Request No. 2**      All documents which state or discuss how and why the Qur'an Foundation was formed, the purpose or mission statement of the Foundation, the date that the Foundation was formed, how the Foundation was capitalized, and the owners and beneficiaries of the Qur'an Foundation.

**Request No. 3**      Please provide all documents relating to the formation and organizational structure of the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia, and Al Haramain Worldwide.

**Request No. 4**:      Please provide all documents concerning the name change from the Qur'an Foundation to Al Haramain Islamic Foundation, Inc.  Such documents shall include, but shall not be limited to:

a.      all correspondence from Al Haramain Saudi Arabia or Al Haramain Worldwide, concerning the name change;

b.      any and all proposals or agreements related to this name change including all meeting minutes, transcripts, notes, e-mails or other document from Al Haramain Worldwide concerning the name change;

c.      any and all audits, inquires and/or investigatory documents and things compiled on behalf of the Qur'an Foundation and/or on behalf of Al Haramain Worldwide concerning the name change;

d.      any and all documents concerning the new purpose of Al Haramain Islamic Foundation;

e.      any and all documents concerning the reason for the changes of the directors of the Qur'an Foundation from David Rogers, Robert Brown, Perouz Seda Ghaty and Robab Tavalie to the new directors of Al Haramain Islamic Foundation Aqeel Al Aqeel, Soliman HS Buthe, Mansour Al Kadi and Perouz Seda Ghaty;

f.      please provide any and all documents which discuss or relate to any previous relationships between the Qur'an Foundation and/or any of its employees, officers or directors and Al Haramain Saudi Arabia and/or Al Haramain Worldwide.

**Request No. 5**      Please produce any and all documents related to the resignations of Aqeel Al Aqeel, Soliman HS Buthe, Mansour Al Kadi from the Al Haramain Islamic Foundation.  Responsive documents shall include any and all meeting minutes, correspondence and/or documents related to the reason for their resignations and any reports, audits and/or investigations concerning resignation of these directors.

**Request No. 6**      Any and all documents relating to Aqeel Al Aqeel's, Soliman HS Buthe's, and Mansour Al Kadi's:

a.      travels to the United States;

b.      purchase or ownership of any property in the United States;

c.      the maintenance of any bank accounts in the United States;

    d.    the negotiation of any contracts or other business transactions in the

United States.

in connection with Al Haramain USA, Al Haramain Saudi Arabia or Al Haramain

Worldwide.

**Request No. 7**    Please produce any and all advertising, marketing, public

relations promotional materials by the Qur'an Foundation, Al Haramain USA, Al

Haramain Saudi Arabia or Al Haramain Worldwide.  Such advertising, marketing and/or

public relations promotional material shall include those sent by e-mail or on the internet,

from whatever source.

**Request No. 8**    Please produce any and all documents related to how the

assets of the Qur'an Foundation, if any, were transferred or distributed when the charity

was dissolved.

**Request No. 9**    Please produce any and all documents related to assets, real

estate, businesses, mosques, schools, residences, and/or offices owned by the Qur'an

Foundation, Al Haramain USA, Al Haramain Saudi Arabia and/or Al Haramain

Worldwide.

**Request No. 10**    Please produce all documents related to the organizational

purpose(s) of the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia and

Al Haramain Worldwide.

**Request No. 11**    Please produce any and all documents and things related to

any investigation and/or disciplinary action taken by the Qur'an Foundation and/or Al

Haramain USA with any of its employees, officers, directors, supporters, donors,

suppliers, contributors, facilitators, speakers, foreign government supporters, business

supporters, banks or other charities because of financial irregularities, suspicious activities, and/or the support of violence or jihad.

**Request No. 12**      Please produce a copy of all publications, newspapers, newsletters, periodicals, books, reports, pamphlets, videotapes, audiotapes, websites, that the Qur'an Foundation and/or Al Haramain USA subscribed to or received.

**Request No. 13**      Please produce all newsletters, magazines, books, reports, advertisements, periodicals, pamphlets, videotapes, audiotapes, television appearances, websites and/or any other form of media that the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide has produced and/or distributed and/or contributed to either financially or through any other form of support such as writing, editing, and/or review.

**Request No. 14**      Please produce any and all lists of materials maintained in a library or reading room by the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia and/or Al Haramain Worldwide.

**Request No. 15**      Please produce all records concerning contributors to the Qur'an Foundation and/or to Al Haramain USA, Al Haramain Saudi Arabia, and/or Al Haramain Worldwide, whether in dollars, riyals or any other currencies, goods, services or any other action which has been defined as material support in 18 USC 2339(a).  Such documents shall include any and all financial, banking, accounting, audit records, wire transfer records, bank transfers, invoices, receipts, memoranda and/or reports concerning the identity of the contributor and the amount, date, type, purpose, and/or reason for the contribution and the means and methods by which the support was provided.

**Request No. 16**        Please produce all records concerning contributions and/or zakat and/or payments made by the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia and/or Al Haramain Worldwide, whether in dollars, riyals or any other currencies, goods, services or any other action which has been defined as material support in 18 USC 2339(a).   Such documents shall include any and all financial, banking, accounting, audit records, wire transfer records, bank transfers, invoices, receipts, memoranda and/or reports concerning the identity of the recipient (whether the recipient is an individual, government, charity, financial institution, association, group or other type of entity), and the amount, date, type, purpose, and/or reason for the contribution and the means and methods by which the support was distributed.

**Request No. 17**        In the event that the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide ever assisted anyone in obtaining a passport, visa, work permit, residence permit, green card, or asylum for/in any country, please produce all documents and things related to these efforts.

**Request No. 18**        Please produce all documents concerning the Qur'an Foundation's and/or Al Haramain USA's and/or Al Haramain Saudi Arabia's and/or Al Haramain Worldwide's contributions to any individual and/or entity to travel internationally between the years 1989 to 2002.  Responsive documents shall include all travel records, receipts, ticket stubs, and documents related to the travel including, but not limited to, the reason or purpose of the travel.

**Request No. 19**        Please produce and any all documents related to how the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al

12

Haramain Worldwide determined or decided to whom financial or other forms of goods, services or support would be dispersed.

**Request No. 20**       Please produce any and all documents related to the Qur'an Foundation's and/or Al Haramain USA's and/or Al Haramain Saudi Arabia's and revocation of support of any individual, charity, school, mosque, cause, project, foreign government, financial institution or any other entity.

**Request No. 21**       Please produce any and all documents related to any fundraising, action, event, and/or conferences that the Qur'an Foundation and/or Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide has run, coordinated, organized and/or assisted.  Responsive documents shall include, but shall not be limited to, documents related to the purpose or reason for the event, where the event was held, all advertising, marketing or promotional material for the event, the list of invitees and attendees of the event, the speakers or presenters of the event, all handouts or materials sold and/or distributed at the event, all documents related to monies raised or donations made at the event, any audio or video demonstrations shown at the event.

**Request No. 22**       Please produce the financial records for all bank accounts held by the Qur'an Foundation and/or Al Haramain USA, and/or Al Haramain Saudi Arabia from 1989 until the present.  Responsive documents shall include, but shall not be limited to: a) documents relating to shari'a boards of any entity including businesses, banks, mosques, charities, among others; b) documents relating to "amils" or zakat workers; and c) records relating to the Saudi Department of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

13

**Request No. 23**     Please produce all insurance contracts, policies, term sheets and records or agreements which may be utilized by Defendant to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**Request No. 24**     Please produce any and all documents concerning any agreement between the Qur'an Foundation, Al Haramain USA, Al Haramain Saudi Arabia, and/or Al Haramain Worldwide and any other individual, entity, and/or government whereby an individual, entity or government has agreed to pay all legal fees and/or satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

**Request No. 25**     Please produce all financial records, audits and reports which reflect the total dollar income and expenditures from all sources to and from the Qur'an Foundation and/or Al Haramain USA, and/or Al Haramain Saudi Arabia for each year from 1989 until 2002.

**Request No. 26**     Please produce any records concerning any investigation, inquiry and/or audit by any bank, financial institution, government agency, accountant and/or auditor of the Qur'an Foundation's and/or Al Haramain USA's, and/or Al Haramain Saudi Arabia's and/or Al Haramain Worldwide's financial transactions.

**Request No. 27**     Please produce any and all documents concerning the Qur'an Foundation's, and/or Al Haramain USA's, and/or Al Haramain, Saudi Arabia's attempts to collect, maintain and distribute its finances in accordance with the tenets of Islamic banking principles.  Responsive documents shall include, but shall not be limited to: a) documents relating to shari'a boards of any entity including businesses, banks,

mosques, charities, among others; b) documents relating to "amils" or zakat workers; and c) records relating to the Saudi Department of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

**Request No. 28**   Please produce copies of all United States tax returns filed by the Qur'an Foundation, Al Haramain USA, and Al Haramain Worldwide.  Please include all applications and correspondence between Al Haramain Worldwide and the Internal Revenue Service and all other correspondence concerning Al Haramain's tax exempt status.

**Request No. 29**   Please produce any and all documents concerning Al Haramain USA's, the Qur'an Foundation's, or Al Haramain Worldwide's maintenance of its assets in the form of gold, silver, other precious metals, precious stones or similar commodities.

**Request No. 30**   Please produce any and all documents concerning the Qur'an Foundation's and/or Al Haramain USA's, and/or Al Haramain Saudi Arabia's and/or Al Haramain Worldwide's involvement with criminal or civil proceedings in the United States or in any foreign country.  Such documents shall include, but shall not be limited to:

    a.   all pleadings, motions, orders and decisions filed in the case;

    b.   all documents concerning the subject matter of the case(s) and/or proceeding(s);

    c.   all documents and materials produced or obtained in discovery;

    d.   All deposition and/or trial testimony;

    e.   All records concerning who paid the legal fees for the Qur'an Foundation and/or Al Haramain USA, and/or Al Haramain Worldwide;

f.   All settlement documents;

g.   All documents concerning how the case or proceeding was resolved.

**Request No. 31**   Please produce any and all standards, protocols, and/or guidelines used by the Qur'an Foundation and/or Al Haramain USA, and/or Al Haramain Saudi Arabia, and/or Al Haramain Worldwide concerning:

a.   financial crimes such as money laundering or the facilitation of terrorist financing;

b.   the acceptance of donations;

c.   the distribution of donations to ensure that they are being used for charitable purposes.

**Request No. 32**      Please produce any and all documents related to any disputes concerning the use of the Qur'an Foundation's and/or Al Haramain USA's use of assets.

**Request No. 33**      Please produce any and all documents related to the relationship between the Qur'an Foundation, Al Haramain USA, and Al Haramain branches located in Kenya, Bosnia, Somalia, Saudi Arabia, Sudan, Pakistan, Albania, and Indonesia, including, but not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails and web based messages.   Please produce all correspondence between Al Haramain Worldwide with any individual or entity in Kenya, Bosnia, Somalia, Saudi Arabia, Sudan, Pakistan, Albania, and Indonesia.

**Request No. 34**　　　Please produce all directives, instructions, and/or communications by officers or directors of Al Haramain Saudi Arabia and/or Al Haramain Worldwide to the Qur'an Foundation and/or Al Haramain USA.

**Request No. 35**　　　Please produce an electronic or paper copy of all web pages that were ever operated by the Qur'an Foundation and/or Al Haramain USA, and/or Al Haramain Saudi Arabia, and/or Al Haramain Worldwide.  Please produce all documents related to the e-mail server(s); webmaster(s); website designer(s); domain names and registration of domain names.

**Request No. 36**　　　Please produce all documents concerning any web "links" that the Qur'an Foundation and/or any Al Haramain office website(s) have to other internet websites, web pages or chat rooms.  Such documents shall include, but shall not be limited to, the reason for the link, how the decision was made to add such a link to the site, whether the charity received any compensation for maintaining the link, and the content of the linked internet website, web page or chat room.   Please produce any internal regulations, rules or protocols concerning web links, e-mail and website uses.

**Request No. 37**　　　Please produce any and all documents which relate to the organizational structure of Al Haramain USA, Al Haramain Saudi Arabia and Al Haramain Worldwide.  Responsive documents shall include those which relate to Al Haramain board, general committees, the members on each board or committee, and the role and purpose of each board or committee.

**Request No. 38**      Please produce any and all documents concerning all other groups, mosques and associations affiliated with Al Haramain USA and/or Al Haramain Saudi Arabia and/or Al Haramain Worldwide.  In the event that Qur'an Foundation and/or Al Haramain USA and/or any of its officers, employees or directors shared office space or bank accounts with any other charity, Al Haramain Worldwide, mosque, prison, imam, school or other individual please produce such records.

**Request No. 39**      Please produce all documents which relate to how long-term strategic decisions for Al Haramain USA and Al Haramain Worldwide are made.

**Request No. 40**      Please produce copies of all warnings, notices, reports, advisements from any country, regulatory body, business, charity (including Al Haramain's other offices), auditors, financial institutions, sanction enforcement body or any other individual or entity that:

a.  Any Al Haramain office, its directors, officers and employees is being or has been: investigated for its support of terrorist activity or for disbursing funds for non-charitable purposes; closed for supporting criminal activity or for disbursing funds for non-charitable purposes; investigated for having an employee, officer or director suspected of terrorism or for supporting criminal activity.

b.  The Kingdom of Saudi Arabia was closing all foreign offices of Al Haramain;

c.  Islamic charities had been infiltrated by terrorist cells and monies had been diverted by those individuals to support Al-Qaeda, Hamas and other alleged terrorist groups.

    d.   The United States Treasury Department and/or any other division of the United

        States government and/or any foreign government, or subdivision thereof, had

        identified and seized assets of any Al Haramain charitable office.

    e.   The Kingdom of Saudi Arabia was investigating Aqeel Al Aqeel.

**Request No. 41**       Please produce any and all documents related to any terrorist incident or attack.

**Request No. 42**       Please produce any books, articles, reports, memorandum, e-mails, letters, communications, interviews, pictures, web pages, or any other document, image or thing which discusses or mentions any terrorist incident or attack and/or of any of the plaintiffs or defendants in this suit, any individual, group, association or entity designated by the Office of Foreign Asset Control ("OFAC") or any governmental body as a terrorist or a supporter of terrorism, a specially designated global terrorist, or of any of the individuals or entities named below:

    a.    Osama bin Laden
    b.    Mullah Omar
    c.    Emaan Arnaout
    d.    Abdullah Azzam
    e.    Sheik Ahmed Azzam
    f.    Adel Baterjee
    g.    Al Qaeda
    h.    Armed Islamic Group of Algeria
    i.    Safar al-Hawali
    j.    Salman al-Awda
    k.    Khalid Al-Midhar
    l.    Majed Moqed
    m.    Nawaq Alhamzi
    n.    Salem Alhamzi
    o.    Hani Hanjour
    p.    Satam Al Suqami

q.      Waleed M. Alshehri
r.      Wail Alshehri
s.      Mohamed Atta
t.      Abdulaziz Alomari
u.      Marwan Al-Shehhi
v.      Fayez Ahmed
w.      Ahmed Alghamdi
x.      Hamza Alghamdi
y.      Mohald Alshehri
z.      Saeed Alghamdi
aa.     Ahmed Alhaznawi
bb.     Ahmed Alnami
cc.     Ziad Jarrah
dd.     al-Gama'at al-Islamiyya
ee.     Harakat ul-Mujahidin
ff.     Egyptian Islamic Jihad
gg.     Jamiat-ul-Ulema-e-Pakistan
hh.     Jihad Movement in Bangladesh
ll.     Islamic Movement of Uzbekistan
mm.     Salafist Group for Call and Combat (GSPC)
nn.     Armed Islamic Group (GIA)
oo.     Muslim Brotherhood
pp.     Asbat Al Ansar
qq.     Al-Faran
rr.     Jaish-e-Mohammed
ss.     Lashkar-e-Tayyiba
tt.     Abu Sayyaf
uu.     Jamaat ul-Fuqra
vv.     Ghaith Pharaon
ww.     Sheikh Al Hawali
xx.     Sheikh Salmon Al Auda
yy.     Sheikh Nassar Al Omar
zz.     Abdel Latyf ben Abdel Karim ad-Daraan
aaa.    Agus Dwikarna
bbb.    Omar al Faruq
ccc.    Abu Saleh
ddd.    Ayman al-Zawahiri
eee.    Islamic Center of Milan
fff.    Islamic Center in the Village of Karmmakhi in The Republic of
        Makhachkala
ggg.    Foundation Regarding Chechnya
hhh.    Abu Omar Mohammed As-Seif
iii.    Mansur ben Abdel Rahman al-Kad

**Request No. 43**        Please produce a copy of all documents and things that have been seized or produced by the Qur'an Foundation, Al Haramain USA, and/or Al Haramain Worldwide to any investigators, auditors, government agencies concerning its alleged support or connections with alleged terrorists organizations, groups or activities.

**Request No. 44**        All documents in your possession or control relating in any way to meetings, correspondence, statements or other communications concerning terrorist financing.

**Request No. 45**        Please produce all telephone and facsimile records for the Qur'an Foundation and Al Haramain USA from 1989 to the present.

**Request No. 46**        Please produce a copy of any and all document "retention" policy, plan or program.

**Request No. 47**        Please produce any records or documents concerning the destruction of documents, including descriptions of all destroyed documents.

**Request No. 48**        Produce each exhibit that you intend to rely upon at trial.

**Request No. 49**        Copies of all reports, correspondence and records which relate to the subject matter of this case from any expert expected to testify at trial. Please produce all expert reports and documents reviewed and relied upon by any expert expected to testify at trial.

**Request No. 50.**   Please produce all electronically-stored materials which relate to the subject matter of the documents and things described herein including:

a.  Data files created by a word processor, spreadsheet or other application software;

b.  Databases and structural information about the databases, including network activity logs and audit trails;

21

c.  Electronic calendars and telephone logs; whether this information exists on a

network file server, main frame computer, mini-computer, stand-alone personal

computer, network workstation, off-line data-storage media, including back-ups and

archives, floppy diskettes, tapes and other removable electronic media.

Respectfully Submitted,

Ronald L. Motley, Esq. (SC Bar No. 4123)
Jodi Westbrook Flowers, Esq. (SC Bar No.
     66300)
Michael E. Elsner, Esq. (NY & VA Bar No.s
     ME-8337, 41424)
MOTLEY RICE LLC
28 Bridgeside Boulevard, P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone:  (843) 216-9000

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2003, I caused a copy of Plaintiffs' Request

for Production of Documents and Plaintiffs' Interrogatories to Al Haramain Islamic

Foundation Inc. to be served by Federal Express upon defendants' counsel:

> Lynne Bernaibei
> Alan R. Kabat
> Ari M. Wilkenfield
> Bernabei & Katz, PLLC
> 1773 T Street, NW
> Washington, DC  20009-7139

I hereby certify that on October 29, 2003, I caused a copy of Plaintiffs' Request

for Production of Documents and Plaintiffs' Interrogatories to Al Haramain Islamic

Foundation Inc. to be served by first-class mail, postage prepaid, upon:

Martin McMahon
Christopher Smith
Martin F. McMahon & Associates
1150 Connecticut Avenue, Suite 900
Washington, DC  20036
Counsel *for Saleh Abdullah Kamel* and *Al Baraka Investment & Development Corp.*

Christopher M. Curran
Frank Panopoulos
Nicole Erb
White & Case LLP
601 Thirteenth Street, N.W.
Washington, DC  20005
Counsel for *Al Rajhi Banking & Investment Corp.*

Maher Hanania
Kamel Nawash
Hanania, Kheder & Nawash
6066 Leesburg Pike, #101
Falls Church, VA  22041
Counsel *for Abdul Rahman Al-Amoudi, Tarik Hamdi, World Assembly of Muslim Youth,*
and *Mohammed Hussein Al-Amoudi*

Nancy Luque
Donna Sheinbach
Luque Sheinbach LLP
818 Connecticut Avenue, Suite 857
Washington, DC 20006
Counsel for *African Muslim Agency, Grove Corporate, Inc., SAFE Trust, Reston Investments, Inc., York Foundation, Heritage Education Trust, MAR-JAC Investments, Inc.*, and *International Institute of Islamic Thought*

John D. Shakow
King & Spalding, LLP
1730 Pennsylvania Avenue, NW
Washington, DC 20006-4706
Counsel for *Arab Bank PLC*

Michael Hadeed, Jr.
Becker Hadeed Kellog & Berry, PC
5501 Backlick Raod, Suite 220
Springfield, VA 22151
Counsel for *Muslim World League, Muslim World League Offices-NY, Success Foundation, Inc.* and *Mohamed S. Omeish*

William H. Jeffress
Christopher R. Cooper
Sara Kropf
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
Counsel for *HRH Prince Sultan bin Abdulaziz Al-Saud*

Mark C. Hansen
Michael K. Kellogg
Michael J. Guzman
Kellogg, Huber, Hansen, Todd & Evans, PLLC
1615 M Street, NW, Suite 400
Washington, DC 20036-3209
Counsel for *HRH Prince Turki Al-Faisal bin Abdulaziz al Saud*

Henry S. Weisburg
Brian H. Polovoy
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069

Jonathan S. Greenblatt
Sherman & Sterling LLP
801 Pennsylvania Avenue, NW
Suite 900
Washington, DC  20004-2604
Counsel for *Saudi American Bank*

Roger E. Waren
Christopher T. Lutz
Steptoe & Johnson, LLP
1330 Connecticut Avenue NW
Washington, DC  20036
Counsel for *Mohammad Abdullah Aljomaih*

Ronald S. Liebman
Mitchell R. Berger
Ugo A. Colella
Patton Boggs LLP
2550 M Street NW
Washington DC  20037
Counsel for *National Commercial Bank*

Matthew H. Kirkland
Fulbright & Jaworski
801 Pennsylvania Avenue, NW
Washington, DC  20004
Counsel for *Nimir Petroleum, LLC*

Stephen J. Brogan
Jonathan C. Rose
Timothy J. Finn
James E. Gauch
Jones Day
51 Louisiana Avenue, NW
Washington, DC  20001
Attorneys for Defendant *SBG*

Michael E. Elsner