USDC SDNY
DOCUMENT
ELECTRONICALLY FILE
DOC #:_____
DATE FILED: 12/2/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

In Re:                                          :

    TERRORIST ATTACKS                    :
    ON SEPTEMBER 11, 2001
                                                 :

------------------------------------------------------x

**MEMORANDUM
DECISION AND ORDER**

03 MDL 1570 (GBD) (FM)

**FRANK MAAS**, United States Magistrate Judge.

        On October 28, 2015, I issued a decision awarding attorneys' fees and expenses against defendant Wa'el Jelaidan ("Jelaidan"). (ECF No. 3087 ("Fee Decision")). Jelaidan has now moved for reconsideration of the Fee Decision pursuant to Rule 59 of the Federal Rules of Civil Procedure. (ECF No. 3093). For the reasons set forth below, that motion is denied.

I.    Background

        On October 28, 2013, in a combined Memorandum Decision and Report and Recommendation, I found that Jelaidan had acted in bad faith by failing to comply with my discovery orders. (See ECF No. 2789 (" Sanctions Decision") at 9-15). Based on this finding, I concluded that the Plaintiffs were entitled to an adverse inference instruction, and that they could recover the reasonable fees and expenses that they incurred in bringing the sanctions motion. (Id. at 17-18). On January 24, 2014, the Plaintiffs filed an application to recover their attorneys' fees and expenses. (See ECF No. 2829). Thereafter, on October 28, 2015, following extensive briefing regarding that

application, I issued the contested Fee Decision. Familiarity with both Decisions is presumed.

II.     Discussion

In his reconsideration motion, Jelaidan argues that both Decisions erroneously relied on the affidavit of Professor Jimmy Gurulé, former Under Secretary for Enforcement at the Treasury Department, and failed to address "the issue as to what knowledge the Plaintiffs had regarding Defendant Jelaidan's bank accounts." (ECF No. 3093).

As the Plaintiffs' correctly observe, (see ECF No. 3119 at 2-3), both of Jelaidan's arguments relate to the Sanctions Decision that I issued more than two years ago. Indeed, the more recent Fee Decision merely determined the reasonable fees and expenses that the Plaintiffs had incurred while seeking discovery sanctions. The Court therefore need not reach the merits of Jelaidan's arguments. Had Jelaidan wished to raise any issues with respect to the Sanctions Decision, the time to do so would have been immediately following its issuance. See, e.g., Local Civil R. 6.3 ("[N]otice of motion for reconsideration . . . shall be served within fourteen . . . days after the entry of the Court's determination of the original motion.") (emphasis added). As I noted in the Fee Decision, "to the extent that the Defendant[] seek[s] to reargue these issues [now] . . . , [his] belated efforts are wholly misplaced." (Fee Decision at 44).

Nor is Jelaidan's extensive delay in raising these issues justified by newly-discovered evidence. See United States v. Treacy, No. 08 Cr. 366 (RLC), 2009 WL

47496, at *1 (S.D.N.Y. Jan. 8, 2009) ("Generally, the court will grant a motion for reconsideration [when] . . . new evidence becomes available."). Jelaidan has not made any showing that he could not have adduced at an earlier date the information upon which he now relies. His failure to do so is scarcely surprising since the document that he relies upon is dated October 16, 2002. (See ECF No. 3093).

III.  Conclusion

For the foregoing reasons, Jelaidan's motion for reconsideration, (ECF No. 3093), is denied.

SO ORDERED.

Dated:   New York, New York
         December 2, 2015

FRANK MAAS
United States Magistrate Judge

Copies to all counsel via ECF

3