UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                            :        MEMORANDUM OPINION AND
                                                  :                  ORDER
        TERRORIST ATTACKS ON                      :
        SEPTEMBER 11, 2001                         :        03 MDL 1570 (GBD) (FM)
                                                  :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, District Judge:

        Defendant Al Haramain Islamic Foundation, Inc. (USA) objects under Fed. R. Civ. P. 72(a)

and 28 U.S.C. § 636(b) to Magistrate Judge Maas's Corrected Memorandum Decision and Order,

(*see* ECF No. 3087, "Order"), awarding $176,812.22 in expenses and attorneys' fees to Plaintiffs,

(Defendant Al Haramain Islamic Foundation, Inc. (USA) Rule 72 Objections to October 28, 2015v

("Objection"), (ECF No. 3116)).  Al Haramain objects to the Report on two broad grounds: (1)

Plaintiffs' conduct in support of their fee petition renders an award unjust; and (2) Al Haramain's

delay in the production of discovery materials, upon which the award was based, was reasonable,

and therefore the award was error.  Neither contention has merit.

### I.        Standard of Review

        A district judge must modify or set aside only those parts of a magistrate judge's order

related to nondispositive matters—such as expenses and attorneys' fees awards—that are clearly

erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Thomas v. Arn*, 474

U.S. 140, 149 (1985) (stating that "Congress provided for a 'clearly erroneous or contrary to law'

standard of review of a magistrate's disposition of certain pretrial matters").  "A district court is

justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp.

2d 173, 177 (S.D.N.Y. 2008) (citations omitted).

When a party fails to comply with a court order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless [1] the failure was substantially justified or [2] other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## II.    The Award Was Not Unjust Because of Improper Conduct by the Plaintiffs

### A.  The Contemporaneous-Record Rule Was Properly Applied

Al Haramain's first objects on the ground that Plaintiffs' submission was deceptive because one of four Plaintiffs' law firms falsely represented to the Court that its time records were created contemporaneously with the work that generated them.  Defendant argues that an award under these circumstances would be unjust under Fed. R. Civ. P. 27(b)(2)(C), and that the Magistrate Judge's award was therefore clearly erroneous or contrary to law.[1]  (*See* Objection at 5-7 (citing *In re Hudson & Manhattan Railroad Co.*, 339 F.2d 114, 115 (2d Cir. 1964), *N.Y. Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), and *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir. 1983).)

As the Objection's case-law citations demonstrate, the purpose of the contemporaneous-record rule is to ensure that a court has accurate information related to the attorneys' work so that the court can properly evaluate the fee petition.  Here, three out of four Plaintiffs' firms followed the contemporaneous-record rule, and so Magistrate Judge Maas was able to properly evaluate the petition and reasonably calculate the appropriate attorneys' fees due these firms.  The fourth firm, however, did not follow the rule, so Magistrate Judge Maas denied attorneys' fees to that firm. The Magistrate Judge did not err (let alone err clearly) on this ground, nor make a determination that was contrary to law; the court followed the contemporaneous-record rule faithfully, and therefore the award was justified.

---

[1] This Court assumes the parties' familiarity with the relevant facts and procedural history, which have been set forth in Magistrate Judge Maas's Order (*See* Order at 3-9.)

**B. Even if the Plaintiffs Overreached, the Award was not Clearly Erroneous**

Second, Al Haramain objects by arguing that the award should be set aside because the hours and rates for which the Plaintiffs sought fees were outrageously excessive. (Objection at 7-11.) As every quotation in Al Haramain's Objection makes clear, however, a court has the ***option*** of withholding expenses and fees when requests are outrageous, but no statute or binding precedent ***requires*** it to do so. (*See* Objection at 8 (quoting *Budget Rent-A-Car System, Inc. v. Consolidated Equity, LLC*, 428 F.3d 717, 718 (7th Cir. 2005) (quoted language demonstrating that a court has the authority to sanction the fee-request party if request is excessive, but not suggesting denial is mandatory)); *id.* (quoting *Lexon Insurance Co. v. Community & Southern Bank*, 608 F. App'x 918, 919 (11th Cir. 2015) (quoted language demonstrating that a court does not abuse its discretion by deciding to deny exorbitant fee applications, but not suggesting denial is mandatory)); *id.* (quoting *Environmental Defense Fund, Inc. v. Reilly*, 1 F.3d 1254, 1258 (D.C. Cir. 1993) ("We *may* deny in its entirety a request for an 'outrageously unreasonable' amount") (original emphasis altered)); *id.* at 9 (quoting *Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92, 94-95 (4th Cir. 1993) (among other similar excerpted quotations: "[O]ther circuits *allow* a district court to deny a request for attorneys' fees") (emphasis added)).)

Magistrate Judge Maas's decision to hold Al Haramain accountable for its improper conduct, notwithstanding any alleged overreaching by Plaintiffs in their application, was not clearly erroneous or contrary to law, but fell well within his sound discretion.[2] The actual amount of expenses and attorneys' fees awarded by Magistrate Judge Maas was neither outrageous nor excessive.

**C. Defendants' Have Failed to Show that any Failure by Plaintiffs to Support their Petition with Admissible Evidence Makes the Award Clearly Erroneous**

---

[2] It is worth noting that Plaintiffs had sought fees and expenses totaling $623,526.71 from Al Haramain, (Objection at 2), but the Order held Al Haramain liable for only $176,812.22, (Order at 44.).

Al Haramain titles its third sub-argument, "The Ruling Is Based on Speculation, Not Admissible Evidence."[3] (Objection at 11 (capitalization reproduced as in original).) That section does not contain a legal citation in support of this argument. (*See id.* at 11-13.) Magistrate Judge Maas's methodical and well-reasoned Order was based upon sufficient evidence to support it.

### III.    Al Haramain's Delay Has Already Been Adjudged Unreasonable

The second major ground on which Al Haramain objects is its contention that "Al Haramain USA's delay in producing certain documents was based on its reasonable belief" that it need not produce these documents, and so its delay is an inappropriate basis on which to award expenses and fees. (*Id.* at 14.) Even if Al Haramain's belief that it need not produce the requested documents was initially reasonable; once Magistrate Judge Maas ruled on November 22, 2011, (Memorandum Decision and Order, (ECF No. 2491), at 13), that Al Haramain must produce the documents, its contrary belief ceased being "reasonable."   Al Haramain failed to produce the documents for more than a year after Magistrate Judge Maas ordered it to do so.   The Magistrate Judge determined on October 28, 2013 that this *un*reasonable delay warranted an expenses and fees award. (*See* Memorandum Decision and Report and Recommendation, (ECF No. 2789), at 34 ("Plaintiffs nevertheless are entitled to recover the reasonable attorneys' fees and costs that they incurred in bringing this motion. . . . [I]t is clear that the Plaintiffs would not have had to file their motion, but for Al Haramain (USA)'s unreasonable refusal to make efforts to obtain the . . . documents after I ruled that the protective order . . . did not preclude their production in this action. Moreover, Al Haramain (USA) has made no showing that its failure to produce those documents in a timely manner was substantially justified or that the awarding of expenses to the Plaintiffs would be unjust.").)   Al Haramain previously objected to that determination, but this Court

---

[3] The section also appears to contain several arguments unrelated to the speculation-versus-evidence argument. (Objection at 11-13.)

overruled its objections and adopted Judge Maas's report in its entirety.[4]  (*See* Order dated April

23, 2014, (ECF No. 2851), at 3.)

The merits of this award have been settled for more than two years.  As has previously

been determined, under these circumstances, the previous order granting attorneys' fees to

Plaintiffs was not clearly erroneous nor contrary to law.  (*Id.*)  Any subsequent objections to the

current order at issue can only be levied against the ***amount*** of the award, not its ***existence***.  Al

Haramain has not demonstrated, or even argued, that the arrived-at amount as determined by the

Magistrate Judge is clearly erroneous or contrary to law.

### IV.    Conclusion

Al Haramain's Rule 72 objections to Magistrate Judge Maas's October 28, 2015 Corrected

Decision and Order determining the amount of expenses and attorneys' fees are OVERRULED

and DENIED.  Magistrate Judge Maas's Order is adopted in its entirety.


Dated: December 18, 2015
New York, New York

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[4] Al Haramain raised the same objection that it now raises when it objected to the Magistrate Judge's
October 28, 2013 order.  (*See* Defendant Al Haramain Islamic Foundation, Inc. (USA) Rule 72(a)
Objections to October 28, 2013 Ruling, (ECF No. 2799), at 4-5) (arguing that the unreasonable delay in its
production of documents was justifiably due to an inability to obtain certain documents).)  This Court
previously determined this objection lacks merit.  (Order dated April 23, 2014, (ECF No. 2851), at 2-3.)