## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>SIMMONS HANLY CONROY LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

## *Via ECF and Federal Express*

December 22, 2015

The Honorable Frank Maas
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

Re:     *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

The Plaintiffs' Executive Committee, for all Plaintiffs, write in reply to the December 21, 2015 correspondence purportedly on behalf of defendants Sana Bell, Inc. and Sanabel al Kheer, LLC (collectively "Sanabel") (ECF No. 3173). Because nothing in that letter counters any of Plaintiffs' arguments in Plaintiffs' motion filed on November 13, 2015 (ECF No. 3127) – indeed, the circumstances outlined in the letter weigh in favor of the remedies Plaintiffs have requested – Plaintiffs' ask that the Court enter an order granting the relief that Plaintiffs have requested.

After Sanabel's counsel, Mr. Manning, has already adjourned Sanabel's response for 77 days, his request for an additional 60 days to supplement Sanabel's filing, purportedly in the hope that he *may* find someone to act on behalf of Sanabel, underscores one of the multiple reasons why the default remedy Plaintiffs seek is appropriate. Sanabel has already been granted 77 days of adjournment using the same rationale it now proposes for its additional 60 day delay. Plaintiffs' motion was originally due September 14. But because Mr. Manning had not communicated with Sanabel's representative, Dr. Hillali, for many months and was unable to find a designated representative for a noticed Rule 30(b)(6) deposition in September 2015, Plaintiffs agreed to Mr. Manning's request to adjourn Plaintiffs' filing date for 60 days, moving the filing date from September 14 to November 13 and the response date to December 4 (*see* ECF No. 3030). On November 17, just after Plaintiffs filed their motion, Mr. Manning sought another extension, reaffirming his inability to find his client. Though Plaintiffs declined his request to extend the response date from December 4 to January 21, the parties mutually agreed to a December 21 due date (*see* ECF Nos. 3130, 3131).

Nothing in Mr. Manning's account indicates that the additional time would do anything but delay the inevitable. Mr. Manning purports to have engaged in good faith efforts over the course of the past 77 days to track down Dr. Hillali (and Plaintiffs have no reason to disagree that he has made such efforts), and

The Honorable Frank Maas
December 22, 2015
Page 2

he candidly acknowledges that nothing he has learned hints that the additional time will yield a different result. Indeed, Mr. Manning has confirmed that no Sanabel representative has been engaged to defend this litigation for over a year, and despite counsel's affirmative efforts to track down a representative for a deposition and to consult in response to discovery, no communication has been possible.

Because Mr. Manning's response underscores what Plaintiffs have argued – namely, that Sanabel has declined to engage in discovery or otherwise defend itself in this multidistrict ligation – rather than delaying the motion for another 60 days, Plaintiffs ask that the Court immediately enter an order granting the essentially unopposed motion.  For the reasons set forth here, and in Plaintiffs' November 13, 2015 correspondence (ECF No. 3127), as well as in Mr. Manning's December 21, 2015 submission acknowledging that Sanabel is not engaged in defending itself (ECF No. 3173), Plaintiffs ask that the Court grant their motion in its entirety by issuing an affirmative finding on Sanabel's alter ego status; imposing default against Sanabel; striking Sanabel's confidentiality designations; and imposing expenses, attorney's fees, and such other sanctions as this Court deems appropriate.

Respectfully submitted,

FOR THE MDL 1570 PLAINTIFFS' EXEC. COMMITTEES

cc:     The Honorable George B. Daniels, U.S.D.J.
        Christopher Manning, Esq.