UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001   :
:   RULE 72(b)(2) OBJECTIONS
:   TO THE REPORT AND
:   RECOMMENDATION TO
:   THE HONORABLE GEORGE
:   B. DANIELS DATED 12/28/15
:
:   1:03 MDL 1570 (GBD) (FM)
:
------------------------------------------------------------------x

This Document Relates to
*Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD) (FM)
*Federal Insurance Co. v. al Qaeda*, 03-cv-6978 (GBD) (FM)
*Havlish, et al., v. bin Laden, et al.,* 1:03-cv-09848 (GBD) (FM)
*Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD) (FM)

**RULE 72(b)(2) OBJECTIONS OF THE HAVLISH AND HOGLAN PLAINTIFFS**

NOW COME two sets of parties in this multi-district litigation, those who are Plaintiffs in *Havlish, et al., v. bin Laden, et al.,* 1:03-cv-09848 (GBD) (FM) and those who are Plaintiffs in *Hoglan, et al. v. Islamic Republic of Iran*, *et al.*, 1:11-cv-07550 (GBD) (FM), through their counsel, to bring these Rule 72(b)(2) Objections to the Report and Recommendation of Magistrate Judge Frank Maas to the Honorable George B. Daniels Dated December 28, 2015.

I.   **FACTUAL BACKGROUND**

On December 22, 2011, following an in-court presentation of the evidence obtained during a ten-year investigation by the *Havlish/Hoglan* Plaintiffs' counsel, this Court issued a judgment on liability in favor of the *Havlish* Plaintiffs and against the Islamic Republic of Iran and fifteen (15) of its political subdivisions, agencies and instrumentalities for providing direct and material support to al Qaeda in carrying out the terrorist attacks of September 11, 2001.  The Court referred the matter of damages to U.S. Magistrate Judge Frank Maas.  Following the

submission of individualized and expert damages evidence by the *Havlish* Plaintiffs in February 2012, Magistrate Judge Maas issued a Report and Recommendation dated July 30, 2012, regarding damages to this Court. A copy is attached hereto as **Exhibit A**. The Report and Recommendation enumerated specific items of damages, including each of the following: conscious pain-and-suffering for the 9/11 decedents in the amount of $2 million per decedent, based upon the report of *Havlish* Plaintiffs' expert Admiral Alberto Diaz, Jr., M.D.; economic loss data and calculations individualized for each of the 47 estates of the *Havlish* decedents, based upon the expert analyses of Plaintiffs' expert Dr. Stan Smith; solatium damages for each of the qualified family members based upon their relationship to the decedent, which were, however, calculated as upward adjustments from the framework set forth in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006), based upon the declarations of the *Havlish* Plaintiffs, and as advocated by the *Havlish* damages brief (see Ex. Maas Report and Recommendation, at pp. 10-11); and punitive damages calculated on a ratio of 1:3.44, based upon Plaintiffs' evidence regarding the character of the Defendants' actions and intentions in providing direct and material support for al Qaeda in carrying out the 9/11 attacks.

   This Court adopted Magistrate Judge Maas' Report and Recommendation in its entirety in the Memorandum Decision and Order, which also further addressed the damages issues, on October 3, 2012. A copy of the Memorandum Decision and Order issued on October 3, 2012, is attached as **Exhibit B**. The Court awarded compensatory and punitive damages in the total amount of $6,048,513,805 (comprised of $1,362,277,884 in compensatory damages and $4,686,235,921 in punitive damages), plus pre-judgment interest, to the forty-seven (47) Decedent-Estate Plaintiffs and one hundred ten (110) family member Plaintiffs harmed by the 9/11 attacks. This Court then entered final judgement via the Order and Judgment issued on

October 12, 2012, which issued specific judgments with individual damages awards for each of the 157 *Havlish* Plaintiffs. A copy of the Order and Judgment in *Havlish* is attached hereto as **Exhibit C**.

On August 31, 2015, following a second presentation of the evidence gathered during the course of the *Havlish* investigation, the Court similarly issued a judgment as to liability in favor of the fifteen (15) Estates and two hundred seventy-eight (278) individuals in the *Hoglan* case and against the Islamic Republic of Iran and fifteen (15) of its political subdivisions, agencies and instrumentalities for providing direct and material support to al Qaeda in carrying out the terrorist attacks of September 11, 2001. Again, the Court referred the matter of damages to Magistrate Judge Maas. The *Hoglan* Plaintiffs are presently in the process of filing individual and expert evidence supporting the damages claims of each of the *Hoglan* Plaintiffs, including individualized economic loss damages analysis by Dr. Smith for each of the fifteen (15) decedents' estates.

The *Ashton* Plaintiffs, relying entirely on the evidence obtained as a result of the *Havlish* investigation, received a liability judgment against the Islamic Republic of Iran on August 31, 2015, and the Court referred the matter of damages to Magistrate Judge Maas. The *Ashton* Plaintiffs subsequently submitted a request to Magistrate Maas for awards of the sum of $2,000,000 for each of the 851 decedents' estates in the *Ashton* action, plus punitive damages, for the conscious pain and suffering suffered by each *Ashton* decedent, which sum was based entirely on the expert report of Admiral Diaz, M.D., and other evidence in *Havlish* and on the awards for pain and suffering damages and punitive damages in *Havlish*. The *Ashton* Plaintiffs' request for damage awards did not include any component for economic damages for these estates. On December 28, 2015, Magistrate Judge Mass issued a Report and Recommendation to

the Honorable George B. Daniels, recommending that $2,000,000 per estate, totaling $7,556,880,000, be awarded to the *Ashton* Plaintiffs for pain-and-suffering damages.

In reviewing documents recently docketed as part of the *Ashton* case, it came to the attention of counsel for the *Havlish* and *Hoglan* Plaintiffs that three (3) of the estates that are part of the *Ashton* action were previously awarded damages and final judgment against the Islamic Republic of Iran in *Havlish*, and four (4) of the estates that are part of the *Ashton* action have received a liability judgment against Iran in *Hoglan*, and damages evidence on behalf of those four estates is being filed with the Court at the present time. These seven (7) estates (with the corresponding *Ashton* decedent number from the list filed on the *Ashton* docket at no. 3135-1, on December 1, 2015, in parentheses, see **Exhibit D**, attached hereto) are:

1. Estate of Philip Paul Ognibene (*Ashton* No. 704), which was awarded final judgment in *Havlish* in the amount of $2,000,000 for conscious pain and suffering and $4,435,087 in economic losses, plus punitive damages in the amounts of $6,880,000 and $15,256,699 for pain and suffering and economic losses, respectively;

2. Estate of Daniel M. Coffey (*Ashton* No. 574), which was awarded final judgment in *Havlish* in the amount of $2,000,000 for conscious pain and suffering and $5,059,077 in economic losses, plus punitive damages in the amounts of $6,880,000 and $17,403,225 on pain and suffering and economic losses, respectively;

3. Estate of Jason Coffey (*Ashton* No. 575), which was awarded final judgment in *Havlish* in the amount of $2,000,000 for conscious pain and suffering and $4,006,486 in economic losses, plus punitive damages in the amounts of $6,880,000 and $13,782,312 on pain and suffering and economic losses, respectively;

4. Estate of Timothy Grazioso (*Ashton* No. 109), which received a liability judgment

in *Hoglan* and for which damages evidence is being submitted to support a claim in the amount of $2,000,000 for conscious pain and suffering and economic losses in the amount of $368,853,411, plus punitive damages for each claim;

5. <u>Estate of Hweidar Jian (*Ashton* No. 403)</u>, which received a liability judgment in *Hoglan* and for which damages evidence is being submitted to support a claim in the amount of $2,000,000 for conscious pain and suffering and economic losses in the amount of $12,000,703, plus punitive damages for each claim;

6. <u>Estate of Louis Nacke (*Ashton* No. 700)</u>, which received a liability judgment in *Hoglan* and for which damages evidence is being submitted to support a claim in the amount of $2,000,000 for conscious pain and suffering and economic losses in the amount of $9,447,276, plus punitive damages for each claim;

7. <u>Estate of Marc Scott Zeplin (*Ashton* No. 814)</u>, which received a liability judgment in *Hoglan* and for which damages evidence is being submitted to support a claim in the amount of $2,000,000 for conscious pain and suffering and economic losses in the amount of $75,601,724, plus punitive damages for each claim.

## II.   **OBJECTIONS**

Federal Rule of Civil Procedure 72(b)(2) provides that, within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations of a magistrate judge. Fed. R. Civ. P. 59(b)(2). Pursuant to this rule, the *Havlish* Plaintiffs hereby object to the Magistrate Judge's recommendations regarding the award of damages to an estate in the *Ashton* matter for which damages have already been awarded, and final judgment obtained, by that same estate in *Havlish*, specifically, the Estate of Philip Paul Ognibene, the Estate of Daniel M. Coffey, and the

Estate of Jason Coffey.

Similarly, the *Hoglan* Plaintiffs hereby object to the award of any damages to an estate in the *Ashton* matter for which a liability judgment has been obtained in *Hoglan* and evidence supporting an award of damages for pain and suffering, and for economic losses, is being filed with this Court on behalf of the same estate in *Hoglan*, specifically, the Estate of Timothy Grazioso, the Estate of Hweidar Jian, the Estate of Louis Nacke, and the Estate of Marc Scott Zeplin.  Because neither *Hoglan* nor *Ashton* are final judgments, it may be appropriate for the Court to direct that the affected clients in *Hoglan* determine which case they desire to have their claims finally adjudicated.

Respectfully submitted,

Date: January 11, 2016  /s/ Timothy B. Fleming_____
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1850 M Street, NW, Suite 720
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
Melina Goldfarb (AL Bar No. ASB- 3739-R71M)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

                    Robert M. Foote (IL Bar No. 03124325)
                    Craig S. Meilke (IL Bar No. 03127485)
                    FOOTE, MIELKE, CHAVEZ
                     & O'NEIL, LLC
                    10 West State Street, Suite 200
                    Geneva, IL  60134
                    (630) 232-7450

*Attorneys for the Hoglan Plaintiffs*