## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair* (1944-2013) <br> MOTLEY RICE LLC <br> James P. Kreindler, *Co-Chair* <br> KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel* <br> KREINDLER & KREINDLER LLP <br> Paul J. Hanly, Jr., *Co-Liaison Counsel* <br> SIMMONS HANLY CONROY LLP | J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

### VIA ECF AND FACSIMILE

January 15, 2016

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 630
New York, NY 10007

 Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM)

Dear Judge Daniels:

 The Plaintiffs' Executive Committees, on behalf of all plaintiffs, and the Defendants' Executive Committee, on behalf of the defendants currently in discovery and the remanded defendants with renewed motions to dismiss, submit the following statement concerning the Case Management Conference scheduled for January 28, 2016 (ECF No. 3161) (Dec. 10, 2015).

 Plaintiffs' Proposal

 The Plaintiffs' Executive Committees, on behalf of all plaintiffs, respectfully request that the following issues be included on the agenda for the January 28, 2016 case management conference.  To the extent the Court believes it can resolve the issues raised below without the necessity of a formal conference, plaintiffs would propose that the issues be so resolved and the conference be adjourned to a date in the Spring.

1. Iran

 On December 28, 2015, Magistrate Judge Frank Maas issued a Report and Recommendation concerning the motions of certain plaintiffs in the *Ashton* and *Federal Insurance* matters for assessments of damages, in relation to certain categories of their claims against Iran.  In particular, those applications sought an assessment of damages in favor of the wrongful death plaintiffs in the *Ashton* case, solely as to the pre-death conscious pain and

The Honorable George B. Daniels
January 15, 2016
Page 2

_____

suffering components of their claims, and an assessment of damages in favor of certain of the *Federal Insurance* plaintiffs, relative to their property damage claims.

No objections have been filed relative to Judge Maas' recommendations concerning the property damage claims of the relevant plaintiffs in the *Federal Insurance* action, and that aspect of the Report and Recommendation is ripe for this Court's consideration at this time.

The *Havlish* and *Hoglan* plaintiffs filed objections to the awards recommended in favor of seven estates that are plaintiffs in the *Ashton* case, on the grounds that those estates are also plaintiffs in the *Havlish* or *Hoglan* actions. Counsel for the *Ashton*, *Havlish*, and *Hoglan* plaintiffs are working to resolve the potential dual representations issues amicably. In the event they are not able to reach agreement, they will present the matter to Judge Maas for resolution.

In addition to the Report and Recommendation, the *Ashton, Federal Insurance,* and *O'Neill* plaintiffs recently identified a minor administrative issue relating to the claims against Iran that they believe should be addressed presently. Specifically, by Orders docketed on August 31, 2015, this Court authorized the *Ashton, Federal Insurance,* and *O'Neill* plaintiffs to amend their pleadings solely as to Iran, and confirmed that service of the amended complaint upon Iran was not required. *See* ECF Nos. 3015 and 3018. On that same day, this Court granted the *Ashton, Federal Insurance,* and *O'Neill* plaintiffs' motions for judgment by default against Iran as to liability. *See* ECF Nos. 3020, 3021 and 3022. Because the Orders authorizing the filing of the amended complaints and granting the plaintiffs' motions for judgment by default issued on the same day, the *Ashton, Federal Insurance,* and *O'Neill* plaintiffs did not have an opportunity to formally file their amended complaints as to Iran as stand-alone documents prior to the entry of the Orders granting judgment in their favor. Of course, the amended complaints were included as exhibits to the motions for leave to amend, and before the Court at the time it issued its rulings on the motions for summary judgment.

In order to address this technical issue, the *Ashton, Federal Insurance,* and *O'Neill* plaintiffs would propose that they file their amended pleadings as stand-alone documents at this time, and respectfully request that the Court issue an Order that the amended complaints should be deemed to have been docketed as of August 31, 2015, when the Court formally granted the motions to amend.

2.     Payment of the Monetary Sanctions Imposed on Defendants al Haramain Islamic
        Foundation (USA) and Wa'el Jelaidan

On October 23, 2015, Magistrate Judge Maas issued a Memorandum Decision and Order, ECF No. 3073 (the "Fee Decision"), setting the value of the monetary penalties defendants Wa'el Jelaidan and al Haramain Islamic Foundation (USA) ("AHIF") should be required to pay plaintiffs in relation to the sanctions imposed upon those defendants through Judge Maas' October 28, 2013 Memorandum Decision and Report and Recommendation, ECF No. 2789. On December 2, 2015, Judge Maas issued a Memorandum Decision and Order, ECF No. 3139, denying in its entirety defendant Jelaidan's motion for reconsideration of the Fee Decision. On December 18, 2015, Your Honor issued a Memorandum Opinion and Order, ECF No. 3170,

The Honorable George B. Daniels
January 15, 2016
Page 3

_____

denying defendant AHIF's objections to the Fee Decision, and adopting the Fee Decision in its entirety. As a result, the monetary awards issued in favor of plaintiffs and against defendants Jelaidan and al Haramain are final.

To this point, neither of the defendants has made payment to plaintiffs of the amounts awarded by the Court. Because both defendants are Specially Designated Global Terrorists under U.S. federal law, plaintiffs cannot accept payment without the U.S. Treasury Department Office of Foreign Assets Control ("OFAC") granting a license for the transactions. Accordingly, to accomplish the relief the Court has granted, plaintiffs respectfully request that the Court issue an Order requiring defendants Jelaidan and al Haramain to take any necessary steps, within five days, to apply for any licenses from OFAC necessary to facilitate those payments (with copies of the requests being sent to counsel for plaintiffs), and requiring that each defendant take any additional steps, in a timely manner, necessary to facilitate those payments, and promptly keep plaintiffs advised of such actions.

### Defendants' Proposal

Counsel for the Defendants presently engaged in merits or jurisdictional discovery do not believe that a status conference is necessary, since there are no issues that are briefed for this Court's review. However, if this Court desires to hold a conference on January 28, 2016, counsel for Defendants will be available for participation, either in person or by telephone.

### Defendants' Response to Plaintiffs' Proposal

The defendants presently before this Court do not take any position with respect to the issues identified by Plaintiffs under their first point ("Iran"), other than to note that these issues can probably be resolved on the papers, and do not appear to require a formal court hearing.

With respect to the second point, defendant Al Haramain Islamic Foundation, Inc. (USA) is able to apply for an OFAC license, but submits that a judicial order is neither needed nor appropriate, since designated entities cannot control the timing for the issuance of a license or the release of funds, both of which lie entirely within the control of OFAC and the bank. Moreover, any licensed funds are not released to the designated entity, but are released directly to the recipient(s), so that the designated entity has no control over the timing of the payment to the recipient(s).

Counsel for defendant Wa'el Jelaidan is checking with his client about these issues, and will report to the Court.

### Plaintiffs' Response to Defendants' Response

Plaintiffs submit that an order from this Court requiring each defendant to apply for a license from OFAC within five days is necessary. Each defendant has the capability to promptly make such a request, and neither defendant is opposing that part of plaintiffs' proposal. Accordingly, plaintiffs respectfully request that the Court enter such an order.

The Honorable George B. Daniels
January 15, 2016
Page 4

_____

Respectfully submitted,

J. SCOTT TARBUTTON
*PLAINTIFFS' EXECUTIVE COMMITTEES*

ALAN R. KABAT
*DEFENDANTS' EXECUTIVE COMMITTEE*

cc:    The Honorable Frank Maas (via Facsimile)
       All Counsel of Record (via ECF)

LEGAL\25427501\1