**Lewis | Baach** pllc

Eric L. Lewis
202 659 7203
Eric.lewis@lewisbaach.com

January 21, 2016

Hon. Frank Maas
United States Magistrate Judge
United States Courthouse
500 Pearl St.
Courtroom 20A
New York, NY 10007-1312

Re:   *In re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM) - *Request for an Informal Conference*

Dear Judge Maas:

This firm represents the Muslim World League ("MWL") and the International Islamic Relief Organization ("IIRO") in the above-referenced matter. Pursuant to LR 37.2, we write on behalf of MWL and IIRO to request a pre-motion conference to seek the Court's assistance in enforcing Plaintiffs' compliance with the Court Order dated November 3, 2015, Docket No. 3104 ("November 3 Order"). The parties have attempted to resolve this dispute but have reached an impasse due to Plaintiffs' refusal, despite Your Honor's straightforward directive, to provide critical information on the provenance of the suspected forgeries.

*I.   The Court's November 3 Order Directed Plaintiffs to Disclose Information on the Provenance of the Suspected Forgeries*

On October 28, 2015, we wrote to Your Honor seeking resolution of a discovery dispute that had been ongoing for over 7 months – namely, Plaintiffs' failure to provide information to MWL and IIRO about certain documents, produced by Plaintiffs in December 2014, that contain patent and material irregularities (the "suspected forgeries"). As we noted, these are not peripheral documents but are central to Plaintiffs' claims and were relied upon in litigating Plaintiffs' failed attempts to bring Saudi sovereign entities back into the case. In our October 28 letter, MWL and IIRO sought, among other things, "information concerning the source of the documents and the manner in which they were obtained." Ex. A at 2-3. Upon consideration of that letter and Plaintiffs' response thereto, Your Honor ruled that the issue should be "explored through discovery" and directed Plaintiffs to "disclose information in their possession concerning the provenance of the documents." Ex. B, November 3, 2015 Order at 1. No objection was filed to Your Honor's ruling.

Pursuant to and consistent with the November 3 Order, on November 18, 2015, MWL and IIRO served supplemental discovery consisting of twelve (12) narrowly-tailored interrogatories seeking, among other things, factual information concerning the identification of the source(s) of the suspected forgeries and the manner in which they were obtained. *See* Ex. C.

Page 2

### II. Plaintiffs' Repeated Refusal to Comply with the Court's November 3 Order

On December 9, 2015, at the request of counsel for the *Burnett* Plaintiffs, the parties conducted a "meet and confer" teleconference in an attempt to reach agreement on the mutual exchange of information with respect to the suspected forgeries that could potentially obviate the need to prepare responses to formal discovery requests.[1]  Notwithstanding the clear directive of the November 3 Order, during the call, Plaintiffs repeatedly refused to disclose any information concerning the provenance of the documents.  In particular, Plaintiffs refused to disclose factual information concerning:  (i) the identity of the source(s); (ii) the manner in which the source(s) obtained the documents; and (iii) the dates on which the documents were provided to Plaintiffs.  *See* Ex. D at 1; *see also* Ex. E.

During the December 9 call, counsel for MWL and IIRO offered to provide a detailed list of the numerous errors and irregularities identified within the documents that militate against their purported authenticity, with supporting evidence that would include sworn statements from client representatives, on the condition that Plaintiffs agree not to provide that information to the unnamed source(s) of the documents.  *Id.* This proposal was intended to provide Plaintiffs with the flexibility they indicated was required, as they had complained that "Attorneys Eyes Only" as originally suggested would overly restrict their ability to take steps that Plaintiffs viewed as required.  Defendants quite reasonably did not want the source of the documents alerted to the problems in detail as this could impede the investigation and could direct the source of the documents to create documents with less obvious errors.  Plaintiffs did not accept the offer.

On January 11, 2016, Plaintiffs served their objections and responses to MWL and IIRO's supplemental interrogatories ("January 11 Responses") (attached as Ex. F). Unfortunately, the January 11 Responses provide no meaningful information on critical inquiries concerning the provenance of the documents in question – information that MWL and IIRO have been requesting for many months and that the November 3 Order specifically directs Plaintiffs to disclose.  In particular, no substantive answers were provided for the following requests for purely factual information concerning the provenance of the suspected forgeries:

(i) the name of the source from which Plaintiffs obtained each document;
(ii) the date on which Plaintiffs obtained each document from the source; and
(iii) the manner in which the source obtained each document.

*See* Ex. F at pp 2-6.  The stated objections, however, make clear that Plaintiffs' counsel – in particular, counsel for the *Burnett* Plaintiffs – do have in their possession responsive information concerning the provenance of the documents that they refuse to disclose.[2]  *Id.*

---

[1] On December 1, Plaintiffs served on MWL and IIRO 21 document requests and 22 interrogatories, most of which fall well outside the scope of discovery permitted by the November 3 Order or are otherwise objectionable.  By agreement, MWL and IIRO must respond no later than January 25, 2016.

[2] As to the assertion that the requested information is protected work product, it is notable that this objection was not made by the Plaintiffs in their November 2 letter to the Court.  In all events, Plaintiffs' argument fails on the merits as well.  *See e.g., Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 230-31 (E.D.N.Y. 2007) (holding that an interrogatory request for the identities of the person(s) who supplied

Lewis | Baach pllc

Page 3

### III. The Burnett Plaintiffs Should be Directed to Comply with the November 3 Order by Providing Information in Their Possession Concerning the Provenance of the Documents

Although MWL and IIRO reserve the right to address the sufficiency of Plaintiffs' responses to the Interrogatories as a whole,[3] with regard to the three requests identified above, there can be no dispute that: (i) the information has been requested on numerous occasions and was the subject of the October 28 letter to the Court; (ii) the November 3 Order directs Plaintiffs to provide this information, as each materially relates to the provenance of the documents; and (iii) the *Burnett* Plaintiffs have responsive information in their possession that they continue to refuse to provide to MWL and IIRO.

Accordingly, MWL and IIRO respectfully request that Your Honor schedule a pre-motion conference to address the failure of the *Burnett* Plaintiffs to respond substantively to specific inquiries concerning the provenance of the suspected forgeries – in particular, the following three pieces of information referenced in the numbered points above.

MWL and IIRO respectfully request that consistent with the November 3 Order, the *Burnett* Plaintiffs should be compelled to immediately disclose the requested information. In addition, MWL and IIRO request such other relief as the Court deems appropriate.

Sincerely,

Eric L. Lewis

cc: All Counsel of Record

---

documents to plaintiffs does not fall under the protection of the work product doctrine because it does not "seek thought processes, opinions or mental processes of Plaintiffs' counsel."). If the Court is inclined to consider Plaintiffs' assertion of work product protection with respect to the specific inquiries outlined herein, MWL and IIRO would be pleased to fully brief that issue.

[3] MWL and IIRO reserve the right to address at a later date the sufficiency of the January 11 Responses as a whole should such further disclosure be necessary once the three issues referenced above have been resolved. At this stage, there are, at a minimum, three factual inquiries that Plaintiffs should be directed to address. The December 9 "meet and confer" call dealt specifically with these three inquiries, which Plaintiffs declined to answer; making further discussions futile.