# EXHIBIT E

## Aisha Bembry

| | |
|---|---|
| **From:** | Haefele, Robert <rhaefele@motleyrice.com> |
| **Sent:** | Monday, December 14, 2015 10:07 AM |
| **To:** | Aisha Bembry |
| **Cc:** | SCarter1@cozen.com; Tarbutton, Scott; Jim Kreindler (JKreindler@kreindler.com); Andrew Maloney [AMaloney@kreindler.com]; Goldman, Jerry |
| **Subject:** | RE: Discovery to MWL-IIRO |

Aisha:

Thank you for your email of last Thursday and for your participation in the meet and confer on Wednesday. Notwithstanding your apparent impatience with me on the call, I am pleased that we were nonetheless able to try to resolve our differences and I appreciate the effort. As you likely anticipated, we do have some disagreement with your characterization of some points in the call. I won't detail each disagreement, but I do want to address some of the larger issues.

To the extent that you have, as you have indicated, already produced documents that fully respond to our inquiries, please be kind enough to indicate with specificity which documents do so.

We disagree with the characterization embedded in your email indicating that Plaintiffs are unwilling to provide information about the provenance of the Documents in Question. As we have made clear on a number of occasions, including on our recent call, it has always been our anticipation to address the provenance issue after we had been allowed to fully investigate the issue, and part of that investigation included receipt of the requested information from you. But, we remain reluctant to produce information protected by the work product doctrine and information that is not relevant to the issue of the provenance of the Documents in Question. Unfortunately, the bulk of the information on which you have focused in your discovery requests seeks to elicit just such information. With that said, we note that we have previously answered several inquiries that you sent to us and we do anticipate responding to your interrogatories.

Finally, we will agree to your proposed adjusted schedule which would make Plaintiffs' responses due January 11 and Defendants' responses due January 25.

Thank you,
Regards,

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | rhaefele@motleyrice.com
**o.** 843.216.9184 | **c.** 843.834.1951 | **f.** 843.216.9450

**From:** Aisha Bembry [mailto:aisha.bembry@lewisbaach.com]
**Sent:** Thursday, December 10, 2015 5:25 PM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Cc:** SCarter1@cozen.com; Tarbutton, Scott <starbutton@cozen.com>; Jim Kreindler (JKreindler@kreindler.com) <JKreindler@kreindler.com>; Andrew Maloney [AMaloney@kreindler.com] <AMaloney@kreindler.com>; Goldman, Jerry <jgoldman@andersonkill.com>; Eric L. Lewis <Eric.Lewis@lewisbaach.com>; Waleed Nassar <Waleed.Nassar@lewisbaach.com>
**Subject:** RE: Discovery to MWL-IIRO

Dear Robert,

Thank you for your participation in yesterday's meet and confer, which you had suggested as an opportunity for the parties to attempt to agree on the exchange of information with respect to the documents that we have questioned and potentially obviate the need to prepare responses to formal discovery requests.

Further to our discussions, we again note that we have produced to Plaintiffs the information specified in the third paragraph of the Court's November 3 Order, namely: (1) employment records of the discernable authors of the documents in question; and, (2) records relating to the dates of the MWL and IIRO Peshawar office closures. During our call, we offered to provide you with the specific Bates ranges of those documents. Additionally, we offered to provide a detailed list of the numerous errors and irregularities identified within the documents that militate against their purported authenticity, with supporting evidence that would include sworn statements from our client representatives, on the condition that Plaintiffs agree not to provide that information to the source(s) of the documents in question. As discussed, you would be free to provide that information to any consultant (other than the source(s)) so long as anyone who receives the information agrees not to reveal it to the source(s). This would provide you with the flexibility you indicated you required, as you had indicated that "Attorneys Eyes Only" as originally suggested would overly restrict your ability to take steps that you viewed as required. At the same time, it would avoid our concern that the source(s) of the documents could use this detailed information to remedy the defects we have identified and forward new documents where the flaws would be less patent.

Based on discussions during yesterday's call, it is our understanding that Plaintiffs would not agree to provide any information to MWL and IIRO concerning the "provenance" of the documents, despite our position that the Court's November 3 Order so directed. In particular, during the call, you declined to provide (i) the identity of the source(s) of the documents in question; (ii) the manner in which the source(s) obtained the documents; or (iii) the date(s) when the documents were provided to Plaintiffs. You asserted that Plaintiffs are entitled to withhold information in their possession concerning each of these three areas of inquiry based on the work product doctrine. If I have misstated Plaintiffs' position or Plaintiffs' position on these issues have evolved since our call, please let me know as soon as practicable.

Since the parties were unable to resolve their differences during yesterday's call, we look forward to receiving Plaintiffs' responses to the interrogatories propounded on November 18th. During the call you requested an extension until January 11, 2016 to respond to those interrogatories. Defendants will agree as a courtesy to the requested extension, provided MWL and IIRO are provided the same courtesy and Plaintiffs will agree to an extension until January 25, 2016 for MWL and IIRO to respond to Plaintiffs' December 1st interrogatories and document requests. Please let me know if we have an agreement regarding the dates by which each side must respond to the recently propounded discovery requests.

Best regards,
Aisha

---

**From:** Haefele, Robert [mailto:rhaefele@motleyrice.com]
**Sent:** Tuesday, December 08, 2015 4:06 PM
**To:** Aisha Bembry
**Cc:** SCarter1@cozen.com; Tarbutton, Scott; Jim Kreindler (JKreindler@kreindler.com); Andrew Maloney [AMaloney@kreindler.com]; Goldman, Jerry
**Subject:** RE: Discovery to MWL-IIRO

Hi Aisha – we were sort of confirmed, except now one of the members of my side has a conflict for the 3:00 time slot. Any chance we can move it up to 2 pm?

2

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | rhaefele@motleyrice.com
**o.** 843.216.9184 | **c.** 843.834.1951 | **f.** 843.216.9450

**From:** Aisha Bembry [mailto:aisha.bembry@lewisbaach.com]
**Sent:** Tuesday, December 08, 2015 2:30 PM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Cc:** SCarter1@cozen.com; Tarbutton, Scott <starbutton@cozen.com>; Jim Kreindler (JKreindler@kreindler.com) <JKreindler@kreindler.com>; Andrew Maloney [AMaloney@kreindler.com] <AMaloney@kreindler.com>; Goldman, Jerry <jgoldman@andersonkill.com>
**Subject:** RE: Discovery to MWL-IIRO

Robert, are we confirmed for 3 pm tomorrow?

**From:** Aisha Bembry
**Sent:** Saturday, December 05, 2015 2:23 PM
**To:** Haefele, Robert
**Cc:** SCarter1@cozen.com; Tarbutton, Scott; Jim Kreindler (JKreindler@kreindler.com); Andrew Maloney [AMaloney@kreindler.com]; Goldman, Jerry
**Subject:** Re: Discovery to MWL-IIRO

Wednesday at 3 pm works for us.

Aisha

Sent from my iPhone

On Dec 4, 2015, at 6:45 PM, Haefele, Robert <rhaefele@motleyrice.com> wrote:

> Aisha – we can be available Wednesday after 2 pm. Please let us know if that still works for you. Thanks. Have a good weekend.
>
> **Robert T. Haefele** | Attorney at Law | Motley Rice LLC
> 28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | rhaefele@motleyrice.com
> **o.** 843.216.9184 | **c.** 843.834.1951 | **f.** 843.216.9450
>
> **From:** Aisha Bembry [mailto:aisha.bembry@lewisbaach.com]
> **Sent:** Thursday, December 03, 2015 12:38 PM
> **To:** Haefele, Robert <rhaefele@motleyrice.com>
> **Cc:** SCarter1@cozen.com; Tarbutton, Scott <starbutton@cozen.com>; Jim Kreindler (JKreindler@kreindler.com) <JKreindler@kreindler.com>; Andrew Maloney [AMaloney@kreindler.com] <AMaloney@kreindler.com>; Goldman, Jerry <jgoldman@andersonkill.com>
> **Subject:** RE: Discovery to MWL-IIRO
>
> Robert,
>
> Further to your letter to me dated December 1st, we are available for a conference call next Wednesday afternoon (December 9th). If that day does not work for everyone, we also have some availability on Tuesday or Thursday next week. Please let us know if Wednesday afternoon (any time after 1 pm) works on your end and if not what options would work on either Tuesday or Thursday.

3

Regards,
Aisha

**From:** Haefele, Robert [mailto:rhaefele@motleyrice.com]
**Sent:** Tuesday, December 01, 2015 5:37 PM
**To:** Aisha Bembry
**Cc:** SCarter1@cozen.com; Tarbutton, Scott; Jim Kreindler (JKreindler@kreindler.com); Andrew Maloney [AMaloney@kreindler.com]; Goldman, Jerry
**Subject:** Discovery to MWL-IIRO


Dear Aisha – Please see attached discovery requests regarding the "Documents in Question." These requests are being propounded upon you for your clients MWL and IIRO. Please note that the file labeled as Exhibit A is attached to the hard copy of both the Document Requests and Interrogatories, but I have attached only one copy of the file to this email.

Regards,

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | rhaefele@motleyrice.com
**o.** 843.216.9184 | **c.** 843.834.1951 | **f.** 843.216.9450

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.


Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.


Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.


Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this

communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.