# EXHIBIT F

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(FM) <br> ECF Case |

*This Document relates to:*
*All Actions*

**PLAINTIFFS' RESPONSES TO "DEFENDANTS THE MUSLIM WORLD LEAGUE'S AND INTERNATIONAL ISLAMIC RELIEF ORGANIZATION'S SUPPLEMENTAL INTERROGATORIES MADE PURSUANT TO THE COURT'S NOVEMBER 3, 2015 ORDER (DOCKET NO. 3104)"**

Plaintiffs in the above-captioned multi-district litigation, through the Plaintiffs' Executive Committees ("Plaintiffs"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby respond to the "Defendants The Muslim World League's and International Islamic Relief Organization's Supplemental Interrogatories Made Pursuant to the Court's November 3, 2015 Order (Docket No. 3104)." The named plaintiffs have no information to provide in response to these interrogatories. The responses provided herein are based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information. All responses are subject to supplementation, revision, or other change. Plaintiffs reserve the right to update these responses.

**INTERROGATORIES and RESPONSES**

**Interrogatory No.1**

For the Documents In Question, Identify the following:

(a)  the name of the source from which You obtained each document;

(b)  the date on which You obtained each document from the source identified in response to (a) above;

(c)  the document format in which You received each document.

**RESPONSE:**

Plaintiffs object to Interrogatory No. 1 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 1 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs object to Interrogatory No. 1(a) and (b) also on the basis that they impermissibly seek information protected by the attorney work product doctrine and the joint interest privilege. The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in preparing plaintiffs' case in litigation, as well as the timing and results of plaintiffs' investigations in preparing their case, are work product. If and when such person or persons are identified as a retained expert or

experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to Interrogatory No. 1 (a) and (b) inasmuch as the interrogatory seeks to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation. For example, the date that Plaintiffs' consultant provided documents to Plaintiffs is not relevant to any claim against Defendants or defense of the Defendants in this litigation.

Notwithstanding and without waiving the forgoing objections, Counsel for *Burnett* Plaintiffs respond as follows: Counsel for *Burnett* Plaintiffs received the Documents in Question in Portable Document Format (PDF). This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

### Interrogatory No. 2

To the extent You refuse to identify any source from which You obtained the Documents in Question, as requested in Interrogatory No. 1:

(a) describe with specificity the manner in which the source obtained each document;

(b) Identify any individual who provided to the source any information relating to the Documents in Questions.

### RESPONSE:

Plaintiffs object to Interrogatory No. 2 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 2 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 2 (a) and (b) is vague an ambiguous ("the manner" and "source") and the discovery request is overly broad.

Plaintiffs object to Interrogatory No. 2 (a) and (b) also on the basis that they impermissibly seek information protected by the attorney work product doctrine and the joint interest privilege. The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in anticipation of litigation, who may have engaged in investigation for Plaintiffs, including obtaining the Documents in Question for Plaintiffs, as well as the manner, focus, timing, and results of the Plaintiffs' investigations in preparing their case, are work product. If and when such person or persons are identified as a retained expert or experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to the Interrogatory 2 (a) and (b) inasmuch as they seek to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation. The manner in which Plaintiffs' consultant investigated and obtained the Documents in Question is not relevant to any claim against Defendants or defense of the Defendants in this litigation.

Notwithstanding and without waiving the forgoing objections, Counsel for the *Burnett* Plaintiffs respond as follows: Mohammed Agha and Manjawer Talab, residents of Pakistan. At this

stage in Plaintiffs' investigation, Plaintiffs lack sufficient information to respond further to this Interrogatory. This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

### Interrogatory No.3

For the Documents in Question, describe with specificity the circumstances leading to Your receipt of each document.

### RESPONSE:

Plaintiffs object to Interrogatory No. 3 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 3 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 3 is vague and ambiguous ("the circumstances leading to") and the discovery request is overly broad.

Plaintiffs object to Interrogatory No. 3 also on the basis that it impermissibly seeks information protected by the attorney work product doctrine and the joint interest privilege. The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in anticipation of litigation, who may have engaged in investigation for Plaintiffs, including obtaining the Documents in Question for Plaintiffs, as well as the manner, focus, timing, and results of the Plaintiffs' investigations in preparing their case, are work product. If and when such person or persons are identified as a retained expert or experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to Interrogatory No. 3 inasmuch as it seeks to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation. The "circumstances" leading to Plaintiffs' receipt of the Documents in Question are not relevant to any claim against Defendants or defense of the Defendants in this litigation.

This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

**Interrogatory No.4**

For the Documents In Question, state the following for each document:

    (a) whether the source obtained the document containing an original signature or a photocopy of the document;

    (b) whether You have seen the document containing an original signature at any time;

    (c) whether You have knowledge whether the document containing an original signature exists and the basis for such knowledge;

(d) whether You have knowledge of the whereabouts and/or the Person in possession of the document containing an original signature.

**RESPONSE:**

Plaintiffs object to Interrogatory No. 4 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 4 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 4 is vague and ambiguous ("the source"),the discovery request is overly broad, and the requested information is protected by work product doctrine and the joint interest privilege.

Notwithstanding and without waiving the forgoing objections, Plaintiffs respond as follows: (a) At this stage in Plaintiffs' investigation, Plaintiffs lack sufficient information to respond further to this Interrogatory; (b) No; (c) At this stage in Plaintiffs' investigation, Plaintiffs lack sufficient information to respond further to this Interrogatory; (d) No. This response is provided based on

information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

**Interrogatory No. 5**

For the Documents In Question, state and describe with specificity:

> (a) the precise chain of custody, from the date of its alleged discovery until its receipt by You, to include the name and addresses of each document custodian, as well as the corresponding date, location, and circumstances of transfer;

> (b) whether any document custodian listed above in subpart (a) had at any point in time seen and/or maintained custody of any document with an original signature.

**RESPONSE:**

Plaintiffs object to Interrogatory No. 5 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 5 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 5 is vague and ambiguous, and the discovery request is overly broad.

Plaintiffs object to this interrogatory also on the basis that it impermissibly seeks information protected by the attorney work product doctrine and the joint interest privilege. The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in anticipation of litigation, who may have engaged in investigation for Plaintiffs, including obtaining the Documents in Question for Plaintiffs, as well as the manner, focus, timing, and results of the Plaintiffs' investigations in preparing their case, are work product. If and when such person or persons are identified as a retained expert or experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to the interrogatory inasmuch as it seeks to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation. The manner in which Plaintiffs' consultant investigated and obtained the Documents in Question is not relevant to any claim against Defendants or defense of the Defendants in this litigation.

Notwithstanding and without waiving the forgoing objections, Plaintiffs respond as follows: At this stage in Plaintiffs' investigation, Plaintiffs lack sufficient information to respond further to this Interrogatory. This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

## Interrogatory No. 6

For the Documents In Question, state and describe with specificity:

    (a)  whether any marking was added by You to any document before it was produced in this litigation;

    (b)  whether any marking was added by the source of the document at any time;

    (c)  if any marking was added by You or the source, describe with specificity: (i) the marking; (ii) the identity of the Person responsible for the marking; (iii) the date on which the marking was added to the document; and (iv) the meaning of the marking that was added and the purpose of such marking;

    (d)  the Identity of the Person(s) responsible for any translation of the document that has been produced.

**RESPONSE:**

Plaintiffs object to Interrogatory No. 6 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure.  Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 6 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents.  Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants.  Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 6 (b) and (c) is vague and ambiguous ("source").

Plaintiffs object to Interrogatory 6 (b) and (c) also on the basis that they impermissibly seek information protected by the attorney work product doctrine and the joint interest privilege.  In

addition to the identity of persons retained as non-testifying consultants aiding Plaintiffs in preparing their case in litigation, the communications with such consultants is also protected from disclosure.

Plaintiffs object to Interrogatory 6 (a), (c), and (d) as cumulative, because they were previously answered during the parties' September 10, 2015 meet and confer.

Notwithstanding and without waiving the forgoing objections, Plaintiffs respond as follows: (a) Yes; (b) At this stage in Plaintiffs' investigation, Plaintiffs lack sufficient information to respond further to this Interrogatory; (c) Yes, the Bates numbers and, where they appear, the larger number above the Bates numbers – *e.g.*, 57891 on BUR-PEC-096109 – were added to the documents by staff at Motley Rice LLC as apart of document control in tracking and producing the documents in this litigation; (d) Babel Bridge Translation Services.  This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation.  No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

**Interrogatory No.7**

Identify the Bates Numbers of all documents produced in this litigation that were:

- (a) obtained from any of the same source( s ), as provided in Your response to Interrogatory l(a), from which You obtained the Documents in Question;
- (b) obtained from any of the document custodians, as provided in Your response to Interrogatory 5(a), from which You obtained the Documents in Question.

**RESPONSE:**

Plaintiffs object to Interrogatory No. 7 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants'

approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 7 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 7 is vague and ambiguous ("source" and "document custodians, as provided in . . . response to Interrogatory 5(a)") and the discovery request is overly broad.

Plaintiffs object to Interrogatory No. 7 also on the basis that it impermissibly seeks information protected by the attorney work product doctrine and the joint interest privilege. The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in anticipation of litigation, who may have engaged in investigation for Plaintiffs, including obtaining the Documents in Question for Plaintiffs, as well as the manner, focus, timing, and results of the Plaintiffs' investigations in preparing their case, are work product. If and when such person or persons are identified as a retained expert or experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to Interrogatory No. 7 inasmuch as it seeks to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation. Other than what has been produced by Plaintiffs as responsive to Defendants' discovery requests, any

additional documents that may have been obtained from the "same source" or from the "document custodians, as provided in . . . response to Interrogatory 5(a)" which were not produced in response to Defendants' discovery requests and the manner in which Plaintiffs' consultant investigated and obtained the Documents in Question are not relevant to any claim against Defendants or defense of the Defendants in this litigation.

Notwithstanding and without waiving the forgoing objections, Plaintiffs respond as follows: The documents at issue here have been produced and have been identified as BUR-PEC 086106 through -108616, -086119, and -086124 (13 docs). This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

### Interrogatory No.8

Describe with specificity and detail any investigation performed by You concerning the source, authenticity and/or genuineness of the Documents in Question both prior to, as well as after the documents were produced in this litigation.

### RESPONSE:

Plaintiffs object to Interrogatory No. 8 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 8 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of

whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 8 is vague and ambiguous ("specificity and detail" and "source") and the discovery request is overly broad.

Plaintiffs object to Interrogatory No. 8 also on the basis that it impermissibly seeks information protected by the attorney work product doctrine and the joint interest privilege. The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in anticipation of litigation, who may have engaged in investigation for Plaintiffs, including obtaining the Documents in Question for Plaintiffs, as well as the manner, focus, timing, and results of the Plaintiffs' investigations in preparing their case, are work product. If and when such person or persons are identified as a retained expert or experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to Interrogatory No. 8 inasmuch as it seeks to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation. The manner in which the Plaintiffs' counsel performed its investigation is not relevant to any claim against Defendants or defense of the Defendants in this litigation.

This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

**Interrogatory No. 9**

State whether You are aware of other instances where the authenticity of any documents obtained from any of the source(s), as provided in Your response to Interrogatory l(a), or document custodians, as provided in Your response to Interrogatory 5(a), has ever been challenged and, if yes, describe with specificity Your understanding of the circumstances leading to that challenge and the resolution, if any, of that challenge.

**RESPONSE:**

Plaintiffs object to Interrogatory No. 9 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 9 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 9 is vague and ambiguous ("the source(s), as provided in . . . response to Interrogatory l(a)" and "document custodians, as provided in . . . response to Interrogatory 5(a)"), and the discovery request is overly broad.

15

Plaintiffs object to Interrogatory No. 9 also on the basis that it impermissibly seeks information protected by the attorney work product doctrine and the joint interest privilege. The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in anticipation of litigation, who may have engaged in investigation for Plaintiffs, including obtaining the Documents in Question for Plaintiffs, as well as the manner, focus, timing, and results of the Plaintiffs' investigations in preparing their case, are work product. If and when such person or persons are identified as a retained expert or experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to Interrogatory No. 9 inasmuch as it seeks to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation. The manner in which the Plaintiffs' counsel performed its investigation is not relevant to any claim against Defendants or defense of the Defendants in this litigation.

Notwithstanding and without waiving the forgoing objections, Plaintiffs respond as follows: No. This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

**Interrogatory No. 10**

Identify any Person with knowledge of or information concerning the authenticity of the Documents In Question.

**RESPONSE:**

Plaintiffs object to Interrogatory No. 10 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different

understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 10 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 10 is vague and ambiguous and the discovery request is overly broad.

Plaintiffs object to Interrogatory No. 10 also on the basis that it impermissibly seeks information protected by the attorney work product doctrine and the joint interest privilege. The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in anticipation of litigation, who may have engaged in investigation for Plaintiffs, including obtaining the Documents in Question for Plaintiffs, as well as the manner, focus, timing, and results of the Plaintiffs' investigations in preparing their case, are work product. If and when such person or persons are identified as a retained expert or experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to Interrogatory No. 10 inasmuch as it seeks to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation.

The manner in which the Plaintiffs' counsel performed its investigation is not relevant to any claim against Defendants or defense of the Defendants in this litigation.

Notwithstanding and without waiving the forgoing objections, Plaintiffs respond as follows: Mohammed Agha and Manjawer Talab, residents of Pakistan. This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

### Interrogatory No. 11

Identify each Person who supplied any information used to respond to these Interrogatories, and state the facts, knowledge, or information concerning which each Person is aware.

### RESPONSE:

Plaintiffs object to Interrogatory No. 11 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3. Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 11 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide

information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object to Interrogatory No. 11 as overly broad and also on the basis that it impermissibly seeks information protected by the attorney work product doctrine and the joint interest privilege.  The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in anticipation of litigation, who may have engaged in investigation for Plaintiffs, including obtaining the Documents in Question for Plaintiffs, as well as the manner, focus, timing, and results of the Plaintiffs' investigations in preparing their case, are work product.  If and when such person or persons are identified as a retained expert or experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to Interrogatory No. 11 inasmuch as it seeks to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation. The manner in which the Plaintiffs' counsel performed its investigation is not relevant to any claim against Defendants or defense of the Defendants in this litigation.

Notwithstanding and without waiving the forgoing objections, Plaintiffs respond as follows: Mohammed Agha and Manjawer Talab, residents of Pakistan.  This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation.  No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

**Interrogatory No. 12**

Identify each document, fact(s) and/or other data that You believe evidences, supports, substantiates or otherwise concerns the information provided by You in response to these Interrogatories.

**RESPONSE:**

Plaintiffs object to Interrogatory No. 12 inasmuch as the discovery sought is beyond the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure and Local Civil Rule 33.3.

Further, while Plaintiffs have consistently expressed an intention to address concerns raised about the Documents in Question, and intend to comply with the Court's November 3, 2015 Order, Defendants and Plaintiffs have a different understanding about what the Order contemplated and Defendants' approach to the Order has frustrated Plaintiffs' attempt to address the concerns and to comply with the Order in the manner contemplated by Plaintiffs.

Plaintiffs object to Interrogatory No. 12 also based on the timing required for responses and the Defendants' refusal to provide essential information to allow Plaintiffs to fully vet the issue of whether the Documents in Question may be forged documents. Plaintiffs have expressed their intention to investigate the concerns expressed by Defendants, but indicated that to do so Plaintiffs need additional information from the Defendants. Rather than providing the information and allowing the Plaintiffs to investigate the issue before responding, Defendants have refused to provide information until after Plaintiffs have provided information that is unnecessary, irrelevant, and protected.

Plaintiffs also object because the phrasing of Interrogatory No. 12 is vague and ambiguous and the discovery request is overly broad.

Plaintiffs object to Interrogatory No. 12 also on the basis that it impermissibly seeks information protected by the attorney work product doctrine and the joint interest privilege. The identity of persons retained by Plaintiffs as investigators, consultants, or experts retained in anticipation of litigation, who may have engaged in investigation for Plaintiffs, including obtaining the Documents in Question for Plaintiffs, as well as the manner, focus, timing, and results of the Plaintiffs' investigations in preparing their case, are work product. If and when such person or persons are identified as a retained expert or experts in accordance with Fed. R. Civ. P. 26(a)(2), the identity of such expert(s) will be revealed to Defendants as required by court rule and/or court order.

Plaintiffs further object to Interrogatory No. 12 inasmuch as it seeks to compel Plaintiffs to disclose information beyond the scope of what is relevant to any claim or defense in the litigation. The manner in which the Plaintiffs' counsel performed its investigation is not relevant to any claim against Defendants or defense of the Defendants in this litigation.

Notwithstanding and without waiving the forgoing objections, Plaintiffs respond as follows: Statements of Mohammed Agha and Manjawer Talab, residents of Pakistan. This response is provided based on information available to counsel for the *Burnett* plaintiffs at this stage in counsels' investigation. No other Plaintiffs' counsel has any personal, unprivileged knowledge of the relevant facts or circumstances, and as such, no other Plaintiffs' counsel has responsive information.

Respectfully submitted,

MOTLEY RICE LLC

Dated: January 11, 2016          By:     /s/

Robert T. Haefele, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Tel (843) 216-9000
Fax (843) 216-9450

Sean P. Carter, Esq.
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Tel (215) 665-2000
Fax (215) 665-2013

James Kreindler, Esq.
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY 10017
Tel (888) 627-0115
Fax (212) 972-9432

Jerry Goldman, Esq.

21

ANDERSON KILL
1251 Avenue of the Americas
New York, NY 10020
Tel (212) 278-1000
Fax (212) 278-1733

For the Plaintiffs' Executive Committees
for all Plaintiffs