# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

*This document relates to:*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977
*Federal Insurance Co., et al. v. Al Qaida, et al.,* No. 03 Civ. 6978
*Continental Casualty Co., et al. v. Al Qaeda, et al.,* No. 04 Civ. 5970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd, et al.*, No. 04 Civ. 7065

**PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF
DOCUMENTS DIRECTED TO DALLAH AVCO TRANS ARABIA**

THE MDL 1570 PLAINTIFFS'
EXECUTIVE COMMITTEES
August 22, 2013

**PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DALLAH AVCO TRANS ARABIA**

Plaintiffs in *Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977, *Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978, *Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04 Civ. 5970, and *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd, et al.*, Case No. 04 Civ. 7065, propound and serve on Dallah Avco Trans Arabia (hereinafter "Defendant" or "Dallah Avco"), the following Jurisdictional Requests for Production of Documents to be answered fully and under oath, pursuant to Rule 34 of the Federal Rules of Civil Procedure, within 30 days of their receipt.

## INSTRUCTIONS

1.     In producing documents and other things, Defendant is requested to furnish all documents or things in its possession, custody or control, regardless of whether such documents or things are possessed directly by Defendant or by Defendant's employees, agents, attorneys, accountants, auditors, investigators, or other representatives.

2.     Documents are to be produced in full; redacted documents will not constitute compliance with this request.  If any requested document or thing cannot be produced in full, Defendant is requested to produce it to the extent possible, indicating which document or portion of that document is being withheld and the reason that document is being withheld.

3.     In producing documents, Defendant is requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, an identical copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.     Documents shall be produced as they are kept in the usual course of business or the documents shall be organized and labeled to correspond to the categories in this request. All documents shall be produced in the file folder, envelope, or other container in which the documents are kept or maintained by Defendant. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5.     Documents shall be produced in such fashion as to identify any organization, department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

6.     Documents attached to each other should not be separated.

7.     If any documents requested herein have been lost, discarded, destroyed, or are otherwise no longer in Defendant's possession, custody or control, they shall be identified as completely as possible including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

8.     Documents shall be produced in such fashion as to identify which request(s) they are responsive to.

9.     Each of these requests shall be continuing. If at any time after production of these requests any information becomes available that calls for any supplement to a previous response, provide such documents within a reasonable time period from the time when it becomes available.

10.     If Defendant asserts a privilege or other authorized protection with respect to any document requested herein, Defendant is required to provide a privilege log that conforms with

the requirements set out in the November 19, 2012 Order Governing Identification of Privileged Documents (ECF No. 2644), including providing the following information concerning each document withheld:

    a.    The type of document or information (e.g., letter, notebook, telephone conversation, etc.);

    b.    The general subject matter of the document;

    c.    The date of the document;

    d.    The authors of the document, the addressees of the document and any other recipients, and where not apparent, the relationship of the authors, addressees, and recipients to one another;

    e.    If the document is an electronic document, its file size; and

    f.    The basis for the privilege or protection claimed, and if the privilege is governed by state law, the state's privilege rule being invoked.

11.    For the purpose of these discovery requests, except to the extent specifically indicated in the "Definitions" section of this Set of Requests, the words used herein are considered to have, and should be understood to have, their ordinary, every day meaning and Plaintiffs refer Defendant to any collegiate dictionary such as *Webster's New World Dictionary,* Second College Edition by Prentice Hall Press. In the event Defendant asserts that the wording which has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other boiler plate objections to avoid squarely addressing the specific discovery request, Plaintiffs refer Defendant to *Webster's Dictionary* for the plain meaning of the terms defined herein.

12.    If you object to any request for production on the ground that it is overbroad, is unreasonably burdensome, or seeks information which is not relevant to the subject matter of this

action, you should state what you contend to be the proper scope of the request for production and respond in accordance with what you contend is the proper scope.

13.     Unless otherwise specified, the relevant scope of discovery will be for the time period from January 1, 1992 through the present.

## DEFINITIONS

1.     All terms used herein that are defined in Local Civil Rule 26.3 have the meaning as defined therein.  To the extent that any term is defined herein in a manner that is inconsistent with Local Civil Rule 26.3, the rule governs.

2.     The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

3.     The term "identify" when used with reference to an individual person shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

4.     The term "identify" when used with reference to a document shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipients(s).

5.     The term "identify" when used with reference to an oral communication, discussion, conversation or any other oral statement, shall mean to (i) identify the person who made the communication and person(s) to whom the communication was directed; (ii) state the

date, time and place of such communication; (iii) describe in detail the substance of each communication and state the contents of the communication in verbatim if possible; (iv) identify any other persons present when the communication was made; and (v) identify any documents relating to the communication.

6.     The term "identify" when used with reference to an organization or business entity, shall mean to (i) state the formal title of the organization or entity and any other names by which it is known; (ii) state the specific section or organizational unit involved; and (iii) state the business address, including the address of any separate or branch offices.

7.     The term "Plaintiffs" shall refer to Plaintiffs in *Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977, *Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03 Civ. 6978, *Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04 Civ. 5970, and *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd, et al.*, Case No. 04 Civ. 7065.

8.     The terms "Defendant," "You" and "Your," shall refer to Dallah Avco Trans Arabia (a/k/a Dallah Trans Arabia; a/k/a Dallah Avco) and any parent, subsidiary, or affiliate of Dallah Avco Trans Arabia, as well as any officer, director, trustee, employee, attorney, consultant, accountant, agent, or representative acting on Dallah Avco Trans Arabia's behalf and/or at its direction.

9.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.     The term "person" is defined as any natural person or any business, legal, or government entity or association.

11.     The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

12.     The terms "all" and "each" shall be construed as all and each.

13.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14.     The use of the singular form of any word includes the plural and vice versa.

15.     The term "Contribution" shall mean the giving, bestowing, granting, awarding, bequeathing, and/or providing of money, checks, services, logistical or administrative support, assets, rights, securities, real estate or any goods, tangible or intangible, including the giving of any "zakat."

16.     The term "material support or resources," as defined by 18 U.S.C.S. § 2339A, shall mean currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

17.     The term "international terrorism," as defined by 18 U.S.C.S. § 2331(1), shall mean activities that -- (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State; (B) appear to be intended – (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily outside the territorial jurisdiction of the

United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

18.     The term "domestic terrorism," as defined by 18 U.S.C.S. § 2331(5), shall mean activities that -- (A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; (B) appear to be intended – (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily within the territorial jurisdiction of the United States.

19.     The terms "Kingdom of Saudi Arabia," or "KSA," or "Saudi Arabian government" shall mean the Kingdom of Saudi Arabia, including any agency, instrumentality, organ, political subdivision, official, or agent of the Kingdom of Saudi Arabia.

20.     The terms "Muslim World League" or "MWL" shall mean the Muslim World League and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Muslim World League's behalf and/or at its direction.

21.     The terms "International Islamic Relief Organization" or "IIRO" shall mean the International Islamic Relief Organization and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the International Islamic Relief Organization's behalf and/or at its direction.

22.     The terms "Sana-Bell, Inc." or "Sana-Bell" shall mean the Sana-Bell, Inc. and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Sana-Bell, Inc.'s behalf and/or at its direction.

23.      The terms "Sanabel al Kheer, Inc." or "Sanabel" shall mean the Sanabel al Kheer, Inc. and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Sanabel al Kheer, Inc.'s behalf and/or at its direction.

24.      The terms "Sanabil al Khair-Saudi Arabia" or "Sanabil" shall mean the Sanabil al Khair-Saudi Arabia and any branch office, officer, director, trustee, employee, attorney, consultant, accountant, agent, alter ego, volunteer, or representative acting on the Sanabil al Khair-Saudi Arabia's behalf and/or at its direction.

25.      The term "Ercan" shall mean Ercan, Inc., Ercan Engineering, Ercan Engineering and Contracting, Ercan Consulting Engineers, Ercan Group, Ercan Para-Supplies and any parent, subsidiary, or affiliate of Ercan, Inc., as well as any officer, director, trustee, employee, attorney, consultant, accountant, agent, or representative acting on Ercan's behalf and/or at its direction.

26.      The term "Dallah al Baraka" shall mean any parent, subsidiary, or affiliate of Dallah al Baraka, as well as any officer, director, trustee, employee, attorney, consultant, accountant, agent, or representative acting on Dallah al Baraka's behalf and/or at its direction.

27.      The term "payment" shall mean the act of paying any monies, salaries, fees, expenses, living allowances, or reimbursements.

**PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF**
**DOCUMENTS DIRECTED TO DALLAH AVCO TRANS ARABIA**

1.      Please provide all documents relating to Omar al Bayoumi.

**ANSWER:**


2.      Please provide all personnel, employment, or consultancy records relating to Omar al Bayoumi.

**ANSWER:**


3.      Please provide all documents relating to any benefits provided by Dallah Avco to Omar al Bayoumi.

**ANSWER:**


4.      Please provide all documents Dallah Avco sent to, and/or received from, Omar al Bayoumi.

**ANSWER:**


5.      Please provide all financial records relating to Omar al Bayoumi.

**ANSWER:**

6.      Please provide all documents relating to Omar al Bayoumi's educational activities.

**ANSWER:**

7.      Please provide all emails or electronic records relating to Omar al Bayoumi.

**ANSWER:**

8.      Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Omar al Bayoumi.

**ANSWER:**

9.      Please provide all documents relating to any payments issued by or between Dallah Avco and Omar al Bayoumi.

**ANSWER:**

10.     Please provide all documents relating to any involvement on the part of Omar al Bayoumi in any project, assignment, work, or services relative to which Dallah Avco had any role or involvement, or for which Dallah Avco received any payment or benefit.

**ANSWER:**

11.     Please provide all documents relating to any work or services performed by Omar al Bayoumi on behalf of Dallah Avco, whether as an employee, consultant, or in any other capacity.

**ANSWER:**

12.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and any customer, client, subcontractor, contractor, vendor, partner, or affiliate of Dallah Avco.

**ANSWER:**

13.     ·Please provide all documents relating to any work or services performed by Omar al Bayoumi on behalf of any Dallah Avco customer, client, subcontractor, contractor, vendor, partner, or affiliate of Dallah Avco.

**ANSWER:**

14.     Please provide all documents relating to any payments issued by Dallah Avco for any work or services performed by Omar al Bayoumi, including payments made to any third

party for services or work performed, in whole or in part, by Omar al Bayoumi for that third party.

**ANSWER:**


15.     Please provide all documents relating to any resources provided by Dallah Avco to Omar al Bayoumi, including without limitation, any documents pertaining to any telephone, fax machines, computers, or other assets provided by Dallah Avco to Omar al Bayoumi.

**ANSWER:**


16.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and any employee, division, or department of Dallah Avco.

**ANSWER:**


17.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and the Assistant to the Director of Finance, Contracts and Finance Control Division, PCA, Airways Engineering of Dallah Avco.

**ANSWER:**

18.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Sulaiman al Ali.

**ANSWER:**


19.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and the Muslim World League (MWL).

**ANSWER:**


20.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and the International Islamic Relief Organization (IIRO).

**ANSWER:**


21.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Sana-Bell, Inc.

**ANSWER:**


22.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Sanabel al Kheer, Inc.

**ANSWER:**

23.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Sanabil al Khair-Saudi Arabia.

**ANSWER:**

24.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and the Muslim World League (MWL).

**ANSWER:**

25.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and the International Islamic Relief Organization (IIRO).

**ANSWER:**

26.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and Sana-Bell, Inc.

**ANSWER:**

27.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and Sanabel al Kheer, Inc.

**ANSWER:**

28.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and Sanabil al Khair-Saudi Arabia.

**ANSWER:**


29.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and Ercan.

**ANSWER:**


30.     Please provide all documents sent to, and/or received from, Ercan relating to Omar al Bayoumi.

**ANSWER:**


31.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Ercan.

**ANSWER:**


32.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Magdi R. Hanna.

**ANSWER:**

33.    Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and the Saudi Civil Aviation Administration (SCAA).

**ANSWER:**

34.    Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and the Saudi Civil Aviation Administration (SCAA).

**ANSWER:**

35.    Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Hamid al Rashid of the Saudi Civil Aviation Administration (SCAA).

**ANSWER:**

36.    Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and Hamid al Rashid of the Saudi Civil Aviation Administration (SCAA).

**ANSWER:**

37.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Mohamed Ahmed al Salmi of the Saudi Civil Aviation Administration (SCAA).

**ANSWER:**


38.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and Mohamed Ahmed al Salmi of the Saudi Civil Aviation Administration (SCAA).

**ANSWER:**


39.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and the Kingdom of Saudi Arabia.

**ANSWER:**


40.     Please provide all documents relating to any project, assignment, work, or services performed by Dallah Avco on behalf of the Saudi Arabian government, for which Omar al Bayoumi performed any work or services.

**ANSWER:**

41.     Please provide all documents sent to, and/or received from, the Saudi Arabian government relating to Omar al Bayoumi.

**ANSWER:**

42.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and Dallah al Baraka.

**ANSWER:**

43.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Omar al Bayoumi and any Dallah Avco parent, affiliate, or subsidiary.

**ANSWER:**

44.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Saleh Kamel and Omar al Bayoumi.

**ANSWER:**

45.     Please provide all documents relating to Fahad al Thumairy.

**ANSWER:**

46.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and Fahad al Thumairy.

**ANSWER:**


47.     Please provide all documents relating to the King Fahd Mosque.

**ANSWER:**


48.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between Dallah Avco and the King Fahd Mosque.

**ANSWER:**


49.     Please provide all documents sent to, and/or received from, any embassy or consulate of the Kingdom of Saudi Arabia.

**ANSWER:**


50.     Please provide all documents relating to the Islamic Center of San Diego.

**ANSWER:**


51.     Please provide all documents relating to the Al Medina Mosque.

**ANSWER:**

52.      Please provide all documents relating to any individual employed or contracted by Dallah Avco in the United States to perform any work or services on behalf of, and/or for the benefit of, Dallah Avco.

**ANSWER:**


53.      Please provide all documents relating to the investigation of Dallah Avco in relation to the September 11th Attacks.

**ANSWER:**


54.      Please provide all documents provided to any representative, official, or agency of the Saudi Arabian government in relation to any investigation of the September 11th Attacks, Omar al Bayoumi, Fahad al Thumairy, Cayson bin Don (a/k/a Usama Dyson; a/k/a Clayton Morgan), Khalid al Mihdhar, Nawaf al Hazmi, Osama Bassnan, Anwar Aulaqi, Mohdar Abdullah, Abdussattar Shaikh, Dallah al Baraka, Saleh Kamel, and/or al Qaeda.

**ANSWER:**


55.      Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MDL 1570, whereby You have agreed to pay, indemnify, or reimburse any of their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action

against such defendant.  Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**


56.     Please provide all documents relating to any understanding or agreement between You and any individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse You for any of the costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against You.  Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**


Dated:  August 22, 2013                        Respectfully submitted,

                                               _____
                                               THE MDL 1570 PLAINTIFFS'
                                               EXECUTIVE COMMITTEES

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the Plaintiffs' First Set of Jurisdictional Requests for

Production of Documents Directed to Dallah Avco Trans Arabia was served via electronic mail

and U.S. first-class mail, postage prepaid, this 22nd day of August 2013, upon:

Martin F. McMahon, Esq.
Martin F. McMahon & Associates
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036

Alan R. Kabat, Esq.
Bernabei & Wachtel, PLLC
1775 T Street, N.W.
Washington, D.C.  20009-7102
(Defendants' Executive Committee's appointed representative to receive discovery requests and
responses in 03-MDL-1570)


J. Scott Tarbutton, Esq.

17084789\1