# Exhibit F

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
### In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

August 29, 2014

The Honorable Frank Maas
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 740
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

    The Plaintiffs' Executive Committees, on behalf of all plaintiffs, submit this letter and accompanying exhibits in support of their request that the Court enter an order pursuant to Federal Rule of Civil Procedure 37(a), compelling defendant Dallah Avco to disclose the scope of its searches in response to plaintiffs' First Set of Jurisdictional Requests for Production of Documents, and to specifically identify which of those requests have been included within the scope of Dallah Avco's searches.

    As discussed in further detail below, plaintiffs raised concerns regarding the scope of Dallah Avco's searches for responsive documents during a meet and confer conducted on February 14, 2014. At that time, counsel for Dallah Avco declined to say whether searches were conducted in response to any particular requests, or to provide any explanation as to the manner in which searches for responsive documents were carried out. Rather, counsel for Dallah Avco stated only that Dallah Avco had searched for documents "relating to Omar al Bayoumi" and that they would need to confer with their client in order to provide any additional detail. In a following email sent on February 26, 2014, counsel indicated that they were still awaiting details from Dallah Avco concerning the scope of the searches undertaken for documents responsive to plaintiffs' requests. To date, Dallah Avco has not provided any further information pertaining to the scope of its searches.

The Honorable Frank Maas
August 29, 2014
Page 2

Pursuant to the Federal Rules of Civil Procedure, Dallah Avco is required to provide plaintiffs with sufficient detail to understand the scope of the searches being undertaken by Dallah Avco in response to plaintiffs' document requests. To date, Dallah Avco has declined to provide that information, despite plaintiffs' request for same. Accordingly, plaintiffs respectfully request that the Court enter an order compelling Dallah Avco to provide details concerning the scope of its searches, and to identify, in relation to each of plaintiffs' document requests, whether searches for responsive documents have been conducted, and whether those searches were subject to any limitations based on asserted objections.

1. **Factual and Procedural Background**

Plaintiffs have described the factual background concerning their claims against Dallah Avco, as well as the procedural background concerning Dallah Avco's responses to plaintiffs' First Set of Jurisdictional Requests for Production of Documents and the parties' February 14, 2014 meet and confer, in their separate letter motion to compel dated August 25, 2014 (ECF No. 2883). Rather than repeating that discussion here, plaintiffs have appended a copy of their August 25 letter as Exhibit "A," and incorporate the relevant discussion by reference.[1]

2. **Dallah Avco is Required to Describe the Scope of its Searches**

Fed. R.Civ. P. 34(b)(2)(B) provides as follows:

> *Responding to each item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

Rule 34 further requires that "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Consistent with the text and purpose of these provisions, courts in this circuit have consistently held that a party responding to a document request must provide information sufficient to allow the propounding party to understand the scope of the search that has been undertaken by the responding party. *See Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 321 n. 67 (S.D.N.Y. 2003) ("Discovery requests should make as clear as possible what electronic documents and data are being asked for, while responses and objections to discovery should disclose the scope and limits of what is being produced."); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. 2006) (ordering the defendant to "provide the plaintiff with a detailed explanation of the search protocol it implements").

In the present case, Dallah Avco has failed to fulfill its obligations under Rule 34, as described above. In particular, Dallah Avco has advanced sweeping objections to virtually all of plaintiffs' document requests, which render it impossible to tell whether Dallah Avco has

---

[1] The exhibits to plaintiffs' August 25, 2014 letter motion have been omitted. However, a copy of Dallah Avco's responses to plaintiffs' document requests is included as Exhibit "B."

The Honorable Frank Maas
August 29, 2014
Page 3

---

undertaken any searches in response to particular document requests. Indeed, counsel for plaintiffs identified several particular document requests during the parties' meet and confer, and asked counsel for Dallah Avco whether Dallah Avco had conducted any searches in response to those requests. In reply to those inquiries, counsel for Dallah Avco declined to state whether Dallah Avco had conducted searches in response to any particular requests, repeatedly stating only that Dallah Avco had conducted searches for documents "relating to Omar al Bayoumi." Those statements suggest that Dallah Avco has disregarded plaintiffs' document requests entirely, and potentially limited its search to documents specifically referencing Omar al Bayoumi (perhaps even failing to account for language translations or variations due to transliteration), or some other scope of search of its own construction.

Consistent with the requirements of Rule 34, plaintiffs respectfully request that the Court enter an Order compelling Dallah Avco to identify, in relation to each of plaintiffs' individual document requests, whether searches for documents responsive to that request have been undertaken, and, for each, whether those searches have been limited on the basis of any articulated objection.

Respectfully submitted,

*Sean P. Carter*
Sean P. Carter
THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

SPC/bdw
cc: The Honorable George B. Daniels, U.S.D.J.
    Members of Plaintiffs' Executive Committees (via email)
    Martin F. McMahon, Esq. (via email)
    Robert K. Kry, Esq. (via email)
    Alan R. Kabat, Esq. (via email)

LEGAL\20216533\1 00000.0000.000/117430.000