# Exhibit H

```
                                                                    1
        F5DVTERC
 1      UNITED STATES DISTRICT COURT
 1      SOUTHERN DISTRICT OF NEW YORK
 2      ------------------------------x
 2
 3      IN RE:  TERRORIST ATTACKS
 3      ON SEPTEMBER 11, 2001,                   03 MDL 1570 (GBD)(FM)
 4
 4      ------------------------------x
 5
 5
 6                                               New York, N.Y.
 6                                               May 13, 2015
 7                                               10:15 a.m.
 7
 8      Before:
 8
 9                          HON. FRANK MAAS,
 9
10                                               Magistrate Judge
10
11
12
13                          APPEARANCES
14
14      For Plaintiffs:
15
15      KREINDLER & KREINDLER
16      BY:  JAMES P. KREINDLER
16           ANDREW J. MALONEY
17
17      ANDERSON KILL
18      BY:  JERRY S. GOLDMAN
18           BRUCE STRONG
19
19      MOTLEY RICE
20      BY:  ROBERT T. HAEFELE
20
21      COZEN O'CONNOR
21      BY:  SEAN P. CARTER
22
23
24
25
```

F5DVTERC

1   to.
2           THE COURT:  Okay.
3           MR. KRY:  And based on additional manpower that's been
4   assigned to this, as well as other factors, we now expect to
5   get through that production by around the end of the month.
6           THE COURT:  Oh, terrific.
7           And I take it, based on that, that at least for the
8   moment there are no particular issues with respect to Dallah
9   Avco from the plaintiffs' side; is that correct?
10          MR. CARTER:  Your Honor, there was a motion that had
11  been filed a while ago through which the plaintiffs sought
12  clarification as to the scope of the search that was being
13  undertaken by Dallah Avco.
14          Based on the objections that were lodged to the
15  individual requests and some of the conversations we had, it
16  was unclear to us which of the document requests were being
17  considered for purposes of the search.  And there was a concern
18  on our part that perhaps Dallah Avco was conducting a search
19  solely for the name Omar Al-Bayoumi, which is not something
20  that we thought to be appropriate based on the remand.
21          We've already addressed that motion with your Honor,
22  but it just hasn't been ruled on.  So I flag it only for that
23  reason.
24          THE COURT:  And I confess, I didn't really focus on
25  the motion because it sounded like it was being worked out.

```
                                                              12
     F5DVTERC
 1            Let me ask Mr. Kry.
 2            MR. KRY:  That was our impression, as well, your
 3   Honor.  If there are still any points that need clarification,
 4   we are happy to meet and confer with Mr. Carter sometime.
 5            THE COURT:  Was the search as narrow as he fears it
 6   might have been?
 7            MR. KRY:  I don't think so at all.  The Second Circuit
 8   remanded the case based on a specific jurisdictional allegation
 9   which related to the claim that our clients had provided some
10   sort of cover employment was the term the Court used to a
11   Mr. Omar Al-Bayoumi.
12            And so we made clear throughout that the scope of our
13   search was all documents relating to Mr. Al-Bayoumi, and that's
14   involved review of something more than a million documents so
15   far.  So it's actually been a very broad search and that
16   subsumes a large number of the requests that they originally
17   propounded on us.
18            On Docket No. 2896, page 3, we list the specific
19   requests that we think are wholly subsumed within that; that's
20   numbers 1 to 17, 24 to 30, 34, 36, 38 --
21            THE COURT:  Wait.  Do those numbers more slowly.
22            MR. KRY:  1 to 17, 24 to 30, 34, 36, 38, and 41 to 44.
23            And those are all requests that ask for particular
24   categories of information relating to Mr. Al-Bayoumi, which we
25   view as fairly within what the Second Circuit was asking for.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

13

F5DVTERC

1            For some of the other requests, they're really pretty
2    far afield.  For example, one of the requests is all documents
3    relating to the Kingdom of Saudi Arabia government.  That has
4    millions of documents for a government contractor.  And so to
5    the extent there are documents that relate to the kingdom and
6    Mr. Al-Bayoumi, those will get picked up in the search.  But
7    beyond that, we just think it is beyond the scope of
8    appropriate jurisdictional discovery.
9            So that was in our letter that we filed last
10   September.  And if there are any further points of
11   clarification, we are happy to meet and confer over those with
12   Mr. Carter, but I'm not sure there's a live issue for the Court
13   to resolve at this point.
14           THE COURT:  Mr. Carter.
15           MR. CARTER:  Your Honor, we can take that up with them
16   separately.  I think that we're at a point like they were where
17   we just disagree about the scope of the remand, and that we'll
18   likely just have to proceed either to work it out or to have
19   motion practice relating to that issue.
20           THE COURT:  Given that, why shouldn't I deny the
21   motion without prejudice to a renewed application?  It does
22   sound like it's narrower, if nothing else.
23           MR. CARTER:  That's fine, your Honor.
24           THE COURT:  Okay.
25           Then there was the issue of scheduling generally