UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| In Re: | : | **REPORT AND RECOMMENDATION** |
| TERRORIST ATTACKS | : | **TO THE HONORABLE** |
| ON SEPTEMBER 11, 2001 | | **GEORGE B. DANIELS** |
| | : | |
| | | 03 MDL 1570 (GBD) (FM) |

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.  Introduction

      Sana-Bell, Inc., and Sanabel al Kheer, Inc. (together, "Sanabel"), are two of numerous defendants in this expansive multidistrict litigation.  Sanabel and others are alleged to have funneled millions of dollars into al Qaeda and related terrorist groups.  For that reason, the Plaintiffs have sought extensive discovery of financial and other information from Sanabel.  Citing numerous alleged discovery infractions, the Plaintiffs now have filed a letter-motion seeking sanctions against Sanabel.  (See ECF No. 3127 (letter from Robert T. Haefele, Esq., to the Court, dated November 13, 2015 ("Plaintiffs' Letter-Motion" or "Pls.' Ltr.-Mot."))).  For the following reasons, that motion should be granted in part and denied in part, and a default judgment should be entered against Sanabel.

II.  Relevant Procedural History

      The Plaintiffs' Letter-Motion, dated November 13, 2015, details a long list of alleged discovery abuses on the part of Sanabel.  (Id. at 2).  Sanabel's deadline to respond to the Plaintiffs' Letter-Motion was December 21, 2015.  (See ECF No. 3131).

On that date, Sanabel responded briefly, seeking, in part, an additional sixty days to supplement its response.  (ECF No. 3173).  Sanabel's counsel, Christopher C. S. Manning, Esq. ("Mr. Manning"), noted that he needed the additional time because he "ha[d] been unable to connect with Sanabel's sole representative for approximately twelve . . . months."  (Id.).  Thereafter, by letter dated December 22, 2015, the Plaintiffs opposed Sanabel's request for additional time, asking that the Court "immediately enter an order granting" their motion for sanctions.  (ECF No. 3174).

By order dated January 29, 2015, I denied the request for additional time and directed that, by February 5, 2016, Mr. Manning "set forth whether any Sanabel representative currently is authorized to direct Sanabel's legal representation in these proceedings."  (See ECF No. 3176).  In issuing that directive, I cited my earlier Report and Recommendation concerning Rabita Trust (the "Trust"), which Your Honor had adopted.  (Id. (citing In re Terrorist Attacks on Sept. 11, 2001, No. 03 MDL 1570 (GBD) (FM), 2013 WL 5788307, at *12 (S.D.N.Y. Oct. 28, 2013) ("October R&R"), adopted, ECF No. 2851 (April 23, 2014))).  As I explained in the October R&R, and cautioned Mr. Manning, "the lack of an authorized representative spells an end to [a defendant's] ability to proceed here."  (Id.).

On February 5, 2016, Mr. Manning submitted a letter to the Court, in which he conceded that he had "exhausted all avenues of attempted communication with his client . . . without success" and was not "able to provide a further [r]esponse to Plaintiffs'

[Letter-Motion] . . . or to the Court's" Order.  (ECF No. 3209).  Given Sanabel's inability to respond, the Plaintiffs' Letter-Motion clearly is fully submitted.

III.     Discussion

The October R&R addressed a situation nearly identical to this one regarding the Trust.  There, by the time the Plaintiffs moved for sanctions against the Trust, the Trust's counsel had, for an extended period of time, "been unable to obtain any information about the Trust's current organizational status, its officers, or the identity of any individual who [was] responsible for directing its representation . . . ." October R&R, at *11.  As I noted, as a matter of basic agency law, an attorney's authority to represent a corporation or similar organization terminates when the client loses its capacity to function.  Id. (citing Restatement (Third) of the Law Governing Lawyers § 31 (2000)).  Moreover, it is axiomatic that a lawyer cannot act on a client's behalf without its "consent and cooperation."  Id. at *12 (quoting Kent v. First Inter-County Bank of N.Y., No. 88 Civ. 820 (DNE), 1990 WL 204193, at *2 (S.D.N.Y. Dec. 6, 1990)).  Thus, if Sanabel is a defunct organization that lacks any leadership or person authorized to retain counsel and direct its litigation efforts, neither Mr. Manning nor anyone else can continue as its representative.  See N.Y. Rules of Prof'l Conduct R. 1.2(a), 1.4.

That Mr. Manning has been unable to contact his "client" for over one year, confirms that Sanabel is no longer actively participating in this suit.  For the same reason, Sanabel also lacks the capacity to assent to its continued representation in this litigation by Mr. Manning or anyone else.  Sanabel also cannot proceed pro se because artificial

entities are not permitted to appear in federal court without counsel. See October R&R (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se.")).

In sum, because Sanabel is a defunct organization that lacks anyone who can direct its affairs, and cannot proceed pro se, the Plaintiffs are entitled to the entry of a default judgment against both Sanabel defendants.[1]

---

[1] In their Letter-Motion, the Plaintiffs also seek an award of attorneys' fees and costs and the striking of Sanabel's confidentiality designations. These requests should be denied in the exercise of Your Honor's discretion. As my prior inquests in this MDL establish, any default judgment against Sanabel is likely to involve damages well into the eight figures. See e.g., In re Terrorist Attacks on Sept. 11, 2001, No. 03 Civ. 9848 (GBD) (FM), 2012 WL 3090979, at *1 (S.D.N.Y. July 30, 2012) adopted, 2012 WL 4711407 (S.D.N.Y. Oct. 3, 2012) (awarding damages in excess of $6 billion to the plaintiffs in Havlish v. bin Laden, 03 Civ. 9848 (GBD) (FM)). It follows that any award of attorneys' fees would be a colossal waste of time.

Similarly, the Plaintiffs' blanket request to strike Sanabel's confidentiality designations is unsupported by any authority and need not be resolved at this time. Should there later be a need for the de-designation of any documents designated as confidential by Sanabel, the Plaintiffs may make their motion at that time.

IV.     Conclusion

For the foregoing reasons, the Plaintiffs' Letter-Motion should be granted in part and denied in part, and a default judgment should be entered against Sanabel.

V.      Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (d).  Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, to my chambers at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be directed to Judge Daniels.  The failure to file timely objections will result in a waiver of those objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

SO ORDERED.

Dated:      New York, New York
            February 22, 2016

_____
FRANK MAAS
United States Magistrate Judge

Copies to all counsel via ECF