# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

)
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001    ) No. 03 MDL 1570 (GBD/FM)
                                                    )        ECF Case
_____)


**Defendants Sana-Bell, Inc. and Sanabel Al Kheer, Inc.**
**<u>Rule 72 Objections to February 22, 2016 Report and Recommendation</u>**

I. **Introduction**

Defendants Sana-Bell, Inc. and Sanabel Al Kheer, Inc. (collectively "Sanabel") pursuant to 28 U.S.C. § 636(b)(1) and Rule 72, Fed. R. Civ. P., respectfully submit their Objections to the Magistrate Judge's Report and Recommendation dated February 22, 2016 but entered into the Court's ECF system on February 23, 2016 (ECF No. 3220). The Magistrate Judge's Report and Recommendation indicated that Objections to the Report and Recommendation are due on March 10, 2016.

As set forth below, the Magistrate Judge solely based his Report and Recommendation that a Default be entered against Sanabel on circumstances then presented to him which have now changed significantly. To wit, at the time of the Magistrate Judge's Report and Recommendation, counsel for Sanabel had been unable to contact any known representative of Sanabel for approximately one year, despite having regularly attempted all reasonably available methods of communication with Sanabel. The Magistrate Judge therefore based his Report and Recommendation solely on this previous lack of communication, Sanabel's then-existing resulting failure to direct its litigation efforts, and its alleged status, according to the Magistrate Judge, as a "defunct organization that lacks anyone who can direct its affairs, and cannot proceed pro se."

Since the time the Magistrate Judge's Report and Recommendation was issued, counsel for Sanabel has now been able to reach the known representative of Sanabel and has been directed to submit these Objections. The representative of Sanabel is also in a position to direct its counsel in responding to the Plaintiffs' Motion to Compel filed on November 13, 2015 (ECF No. 3127).

As a result, because the facts and circumstances which formed the sole basis of the

Magistrate Judge's Report and Recommendation have now changed, Sanabel respectfully requests that the Report and Recommendation be set aside and that Sanabel be given thirty (30) days in which to respond to Plaintiffs' November 13, 2015 Motion to Compel (ECF No. 3127).

## II. Procedural Background.

Plaintiffs filed a Motion to Compel against Sanabel on November 13, 2015 (ECF No. 3127). Sanabel's counsel filed a Response to Plaintiffs' Motion to Compel (ECF No. 3173) and, in that Response, stated (in short) that it had been unable to contact Sanabel's known representative for approximately twelve (12) months, despite regularly attempting to contact that representative by phone, mail, email, text message and in person at his last known address. As a result, counsel for Sanabel indicated that he could only state that Sanabel had previously told counsel it had produced all responsive and non-privileged documents within its possession, custody or control – but counsel could not make any further averments on other matters raised by Plaintiffs in their Motion because counsel had not been able to ascertain Sanabel's position on those issues. Sanabel's counsel therefore requested that the Magistrate Judge grant a sixty (60) day extension of time within which to be able to contact the representative of Sanabel and to supplement its Response.

In response, the Magistrate Judge then ruled on December 29, 2015 (ECF No. 3176) that Sanabel's counsel must "set forth whether any Sanabel representative currently is authorized to direct Sanabel's legal representation in these proceedings" by February 5, 2016. On February 5, 2016, Sanabel's counsel filed a Supplemental Response to Plaintiffs' Motion to Compel (ECF No. 3209) indicating that Sanabel's counsel still had not been able to contact Sanabel's representative and requesting an additional sixty (60) days to respond to Plaintiffs' Motion to Compel so that counsel could continue to try to reach Sanabel's representative.

The Magistrate Judge denied this request for the additional sixty (60) days on February 8, 2016 (ECF No. 3210) and then filed its current Report and Recommendation that a Default be entered against Sanabel on February 22, 2016.

### III. Standard of Review.

Rule 72(a), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1)(C) govern this Court's review of a magistrate judge's ruling and, according to 28 U.S.C. § 636(b)(1)(C), shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

### IV. Discussion.

As stated above, the Magistrate Judge solely based his Report and Recommendation that a Default be entered against Sanabel on circumstances then presented to him which have now changed significantly and require that the Report and Recommendation be vacated.

Dr. Abdel Hillali, the sole representative of Sanabel, was not available to be contacted for many months due to personal reasons. As a result, Sanabel's counsel was not able to contact Dr. Hillali since early 2015 and was not able to communicate with Dr. Hillali during the pendency of Plaintiffs' Motion to Compel or any other filings in this matter.

Dr. Hillali is now available to Sanabel's counsel and directed that Sanabel's counsel request that the Court not enter a Default in this matter and allow it to respond to Plaintiffs' Motion to Compel within thirty (30) days from the date the Court were to set aside the Magistrate Judge's default Recommendation.

In preliminary response to Plaintiffs' Motion to Compel, Dr. Hillali has directed

Sanabel's counsel to now indicate that it will state, among many other things, that Dr. Hillali began his position running the affairs of Sanabel in 2005.  According to Dr. Hillali, Sanabel has produced all responsive, non-privileged documents currently in its custody, possession and control since the beginning of Dr. Hillali's tenure in 2005 – and, importantly, is ready, willing and able to continue to supplement Sanabel's production with any new information available. Dr. Hillali believes that Dr. Yaqub Mirza, former officer of Sanabel pre-2005, is the only person who has knowledge of or custody, possession or control of any responsive documentation pre-dating Dr. Hillali's tenure at Sanabel.

Therefore, since the time the Magistrate Judge's Report and Recommendation was issued, counsel for Sanabel has now been able to reach the known representative of Sanabel, Dr. Hillali, and has been directed to submit these Objections.  The representative of Sanabel is also in a position to direct its counsel in responding to the Plaintiffs' Motion to Compel filed on November 13, 2015 (ECF No. 3127).

As a result, because the facts and circumstances which formed the sole basis of the Magistrate Judge's Report and Recommendation have now changed, Sanabel respectfully requests that the Report and Recommendation be set aside and that Sanabel be given thirty (30) days in which to respond to Plaintiffs' November 13, 2015 Motion to Compel (ECF No. 3127).

## V. <u>CONCLUSION.</u>

For the foregoing reasons, Sanabel respectfully requests that this Court set aside the Magistrate Judge's Report and Recommendation and allow Sanabel to respond to Plaintiffs' Motion to Compel within thirty (30) days from the date the Court were to set aside the Magistrate Judge's default Recommendation.

Respectfully submitted,

/s/ Christopher C. S. Manning

_____

Christopher C. S. Manning
1001 L Street, NW
Suite 311
Washington, DC 20001
(202) 813-3262
cmanning@the-manning-group.com
Attorney or Sana-Bell, Inc. and Sanabel Al Kheer, Inc.

DATED:  March 10, 2016

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2016, I caused the foregoing to be served electronically

on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of

Case Management Order No. 2 (June 16, 2004).

/s/ Christopher C. S. Manning

_____

Christopher C. S. Manning