# EXHIBIT B

```
                                                                    1
     17drterc
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    In re:  TERRORIST ATTACKS ON          03 MDL 1570 (GBD)
3            SEPTEMBER 11, 2001,
4
4    ------------------------------x
5
5                                           New York, N.Y.
6                                           July 13, 2011
6                                           12:03 p.m.
7
7    Before:
8
8            HON. GEORGE B. DANIELS
9                                           District Judge
9
10           HON. FRANK MAAS
10                                          Magistrate Judge
11
11
12           APPEARANCES
12
13
13   KREINDLER & KREINDLER LLP
14        Attorneys for Ashton Plaintiffs
14   BY:  JAMES P. KREINDLER
15
15   ANDERSON KILL & OLICK LLP
16        Attorneys for Plaintiff O'Neill
16   BY:  JERRY S. GOLDMAN
17
17   MOTLEY RICE LLC
18        Attorneys for Burnett Plaintiffs
18   BY:  ROBERT T. HAEFELE
19
19   SPEISER, KRAUSE, NOLAN & GRANITO
20        Attorneys for Plaintiffs
20   BY:  CHRISTINA M. FRY
21
21   WIGGINS, CHILDS, QUINN & PANTAZIS PLLC
22        Attorneys for Havlish plaintiffs
22   BY:  TIMOTHY B. FLEMING
23
23   COZEN O'CONNOR
24        Attorneys for Federal Insurance plaintiffs
24   BY:  SEAN P. CARTER
25        J. SCOTT TARBUTTON
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

# EXHIBIT B

```
     17drterc
 1             APPEARANCES
 2
 2   HANLY CONROY BIERSTEIN SHENDAN FISHER & HAYES LLP
 3        Attorneys for Burnett/Euro-Brokers plaintiffs
 3   BY:  ANDREA BIERSTEIN
 4
 4   BERNABEI WACHTEL
 5        Attorneys for Defendant Perouz Sedaghaty
 5   BY:  ALAN R. KABAT
 6
 6   BANCROFT PLLC
 7        Attorneys for Defendant Yousef Jameel
 7   BY:  LIZETTE BENEDI
 8        CONOR B. DUGAN
 8
 9   CLIFFORD CHANCE US LLP
 9        Attorneys for Defendant Dubai Islamic Bank
10   BY:  STEVEN T. COTTREAU
10
11   PATTON BOGGS LLP
11        Attorneys for Defendant National Commercial Bank
12   BY:  MITCHELL R. BERGER
12
13   JONES DAY
13        Attorneys for Defendant Saudi Bin Laden Group
14   BY:  JAMES E. GAUCH
14
15   KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL PLLC
15        Attorneys for Defendant Saudi Joint Relief Committee
16   BY:  MICHAEL K. KELLOGG
16        JEFF HARRIS
17
18
19
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

# EXHIBIT B

```
                                                                 3
      17drterc
 1              (Case called)
 2              THE COURT:  Let me start out resolving some issues
 3    that the parties have raise with the Court for this conference
 4    so we can put those aside and see what else we have to address.
 5              First, the things that Magistrate Judge Maas and I
 6    have identified that are appropriate to address today.  There
 7    was a request for entry of Rule 54(b) judgment.  I did get the
 8    proposed order.  I reviewed it.  It is my understanding that
 9    all parties have agreed to it.  I have signed it and am ready
10    to file it.  That will be done today.
11              There also has been identified the motion that was
12    filed by the Bin Laden Group, a motion to dismiss, I believe.
13    As far as we can tell, that is the only open motion to dismiss
14    that was made since the last set of decisions.  I will be
15    moving forward to finish that up and go ahead and resolve that
16    motion.
17              There is also a motion for default against the
18    sovereign defendants.  I have read the first set of papers.  My
19    understanding is that I was supposed to receive a file today.
20    I don't know if I have received this.
21              MR. FLEMING:  Timothy Fleming for the Havlish
22    plaintiffs.  Your Honor, this morning I went to the sealing
23    clerk's office and filed the evidence under seal.  So that's
24    been done.  I have a courtesy copy in a box here, which I'd be
25    happy to turn over to you forthwith.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

# EXHIBIT B

```
                                                               4
     17drterc
 1             THE COURT:  That would be helpful.  I'm ready to move
 2   in accord with that.  Between now and the next date I'll be
 3   moving forward with that, too.
 4             There is an issue that is in dispute with regard to a
 5   motion for assessment of damages against defaulted defendants.
 6   I discussed this issue with Magistrate Judge Maas and
 7   considered the positions of all of the parties.  You can
 8   further react if you wish to what I decide.  This is the way I
 9   decided is appropriate to proceed on that.
10             I'm going to refer it to Magistrate Judge Maas for an
11   inquest on damages.  I'm going to allow the plaintiffs to
12   present both their legal theory -- I've read the argument --
13   both their legal theory and their amounts for damages to
14   Magistrate Judge Maas, have Magistrate Judge Maas review that,
15   issue a report and recommendation to me.  You will have the
16   opportunity to present that evidence, and Magistrate Maas will
17   review it and make a report and recommendation to me.
18             I will review the report and recommendation after
19   giving the parties an opportunity to object to that report and
20   recommendation and oppose entering that judgment either on the
21   basis of the methodology used for determining the damages or
22   based on the amount that is recommended or based on any other
23   argument that the parties wish to make with regard to opposing
24   entering a damages amount.  It will give the plaintiff some
25   opportunity to present and lay out that record.
                      SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```

# EXHIBIT B

```
                                                             5
     17drterc
 1             I've seen the numbers already and the methodology
 2   requested in terms of the damages and treble damages requested
 3   by Federal Insurance and the nature of those damages.  But I'd
 4   like to have Magistrate Judge Maas review that, put it in a
 5   report and recommendation, so there will be no surprises as to
 6   the other parties, particularly the defendants.
 7             If you want to argue there is some prejudice to you in
 8   terms of entering those judgments, you can articulate that.
 9   But hopefully between now and the next time we meet you will
10   have an opportunity to do that.
11             I will ask Magistrate Judge Maas to give all of the
12   parties more than the regular time to object, maybe a 30-day or
13   60-day period to object, and allow any defendants who are still
14   pending to submit objections.  If you submit the same type of
15   objection, try to make it a representative set of objections
16   rather than individual objections.
17             After considering all of the concerns and even
18   understanding that there may be both strategic and tactical
19   reasons why the plaintiffs want judgment entered and strategic
20   or tactical reasons why the defendants may not, I will consider
21   not just the substantive arguments with regard to the
22   methodology for determining those damages and the amount of
23   damages but any other prejudice that you think might occur if I
24   were to enter judgment.
25             Plaintiffs will have a full opportunity to lay that
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

# EXHIBIT B

```
                                                                   6
     17drterc
 1   out and everyone will have a full opportunity to be heard
 2   before I determine whether to adopt that report and
 3   recommendation and thereby enter a damages amount.
 4            I will allow Magistrate Judge Maas to decide, in
 5   whatever manner he deems appropriate, whether or not the papers
 6   are sufficient, whether or not the papers that are already
 7   submitted are fully sufficient, or whether or not further
 8   affidavits or further hearings are appropriate.
 9            Given that method, my initial reaction is -- and it's
10   not a ruling; I am going to let Magistrate Judge Maas determine
11   the appropriateness of that -- but my initial reaction is any
12   defaulting defendant still would have a right to participate in
13   the inquest on damages and to oppose those determinations of
14   damages.  Defendants who are not defaulting defendants do not
15   have that right.  I will extend to them the right to oppose my
16   either adopting Magistrate Judge Maas's report and
17   recommendation in toto or adopting in any manner that which
18   they find is inappropriate or prejudicial to them.
19            I want to give all parties an opportunity to do that
20   so you can be confident that you can move forward to establish
21   those damages and you can be confident that you will have an
22   opportunity to be heard before that final decision is made by
23   me as to whether or not to enter that order.  You will know
24   fully what the nature of that proposed order will be and
25   rationale for that.  I think that is the most efficient and
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

# EXHIBIT B

```
                                                               7
     17drterc
 1   appropriate way to do that considering everyone's concerns and
 2   interests.
 3            Those are the main issues that we examined for this
 4   conference.
 5            I understand that you have been reporting to
 6   Magistrate Judge Maas on the progress of discovery.  You can
 7   either report where you think you will be at what point in time
 8   or we can see where you are or think you will be when we meet
 9   the next time.
10            At this point we should probably go ahead and schedule
11   Friday, January 13th for the next conference.  We'll see if we
12   need it.  I think the most efficient process has been and
13   continues to be that I should get letters from the parties
14   indicating whether you think we should have that, what issues
15   you think we should address, so I can see if we can address the
16   appropriate issues before the conference and be prepared to
17   intelligently address the issues at the conference.
18            Those are the issues that I wanted to address in the
19   first instance, knowing that those issues are out there.  Now
20   I'll turn to the parties and you can let me know whether or not
21   there are other issues we need to address, whether you have any
22   other suggestions or objections that you have identified in the
23   way we anticipate proceeding.  I'll let you continue your
24   discovery discussions with Magistrate Judge Maas right after we
25   finish here so you can continue to make progress in that
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

# EXHIBIT B

```
                                                              8
     17drterc
 1   regard.
 2            Let me first turn to plaintiffs.  Are there any other
 3   issues or reaction to that proposal?
 4            MR. CARTER:  Sean Carter on behalf of the plaintiff's
 5   executive committees.  We are fine with the proposal for Judge
 6   Maas to handle the inquest into damages and the related
 7   briefings.
 8            Your Honor had mentioned the potential deadline for
 9   people to object to Judge Maas's ruling might be extended by as
10   much as 30 or 60 days.  The only concern we have is that we do
11   believe the pool of Al Qaeda assets that exist at this moment
12   is very vulnerable to depletion or outright exhaustion as a
13   result of some collateral attack by other parties.  We would
14   like an opportunity to address those issues to Judge Maas, and
15   perhaps he can set what he thinks is an appropriate deadline
16   for objections.
17            THE COURT:  That's fine.  If you're going to have
18   others have the opportunity to object, you ought to discuss it
19   with each other and try to figure out whether there is an
20   objection, if they have an objection.  Frankly, I think 60 days
21   is more time than is appropriate.  30 days is probably a
22   reasonable amount of time, if needed.  Magistrate Judge Maas he
23   can make the final determination either way, whether he thinks
24   he wants to keep it on the same regular schedule or extend it
25   out.
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

# EXHIBIT B

```
                                                              9
     17drterc
 1            My initial reaction would be that it might be
 2   appropriate to go ahead and send out notice that the parties
 3   should object, file objections within the normal period of
 4   time.  But if they believe that they need a greater period of
 5   time, they should request a greater period of time, and that
 6   time might be extended automatically as much as 30 days if they
 7   needed that extra time.  I agree that much more than 30 days
 8   might be detrimental to their interests.  If 60 days is
 9   necessary and reasonable or 14 days is still reasonable, I'll
10   let Magistrate Judge Maas determine that.
11            I will expect at least a request for a greater period
12   of time than the normal time by the defense and some
13   significant justification if that request is going to be beyond
14   30 days.  I want to give Judge Maas flexibility to deal with it
15   in the way he thinks is appropriate.  I will have some
16   flexibility, and all the parties can feel that they will have
17   the full opportunity to be heard appropriately before any final
18   order.
19            I think you should sit down with Judge Maas
20   immediately to try to figure out on what schedule you want to
21   do this, how quickly you want to do it, give him an opportunity
22   to go through all of the papers to see whether or not the
23   papers are sufficient, if he wants more papers or he wants to
24   hear from you individually further on it or he thinks it is
25   appropriate to bring in some witnesses.
                      SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```

# EXHIBIT B

```
                                                                    10
     17drterc
 1              MR. CARTER:  Thank you, your Honor.
 2              MR. KREINDLER:  Good morning, your Honor.  Jim
 3   Kreindler for the plaintiffs.  Since we haven't all been
 4   together for a while, I thought I'd stand up and talk to you
 5   for a minute about how do we get to the end of the case and
 6   what some of the upcoming developments are going to be, and the
 7   matters you touched on affect that.
 8              From reading the news, we are all aware that in the
 9   last week South Sudan was born.  With that happening, I think
10   in the next few months there is a reasonably good chance that
11   the administration is going to take Sudan off the list of state
12   sponsors of terrorism.  Sudan is one of the very important
13   defendants in our case for hosting bin Laden before he moved to
14   Afghanistan and then continuing to support him.
15              When Sudan comes off the list, U.S. companies -- oil
16   companies, natural gas companies -- are going to be able to
17   invest in Sudan.  When that happens, I, we, believe that Sudan,
18   like Libya, will want to get out of all U.S. litigation.  I
19   think there is a reasonable chance that the administration is
20   going to do with Sudan what it did and what Congress did in
21   2008 with Libya.  In 2008 the Libyan Claims Resolution Act was
22   passed that ended all litigation with Libya and all
23   plaintiffs -- Pan Am 103 plaintiffs and all other American
24   plaintiffs -- were paid $10 million a death, 3 million an
25   injury, and money for insurance and property claims.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

# EXHIBIT B

```
                                                               11
     17drterc
 1              If that unfolds as we hope it will in the next few
 2    months or the next year, whether it's by January 13th or next
 3    year, we may be in a position where Sudan is going to pay a
 4    large sum of money and get out of this case and the other cases
 5    against Sudan.  If that happens, I think that will be an
 6    enormously important event and should start a cascade of
 7    resolutions with other defendants over time.
 8              We also have Iran.  Who knows when Iran's regime is
 9    going to change and when Iran might come off the list.  But if
10    Sudan pays the kind of money that Libya did, $3.7 billion, that
11    will start filling up the pot that we need with this formula of
12    10, 3, and property loss.
13              I want to comment on the Havlish motion that your
14    Honor addressed.  We are very concerned with timing.  If a
15    hearing occurs at the wrong time, it will or it could derail
16    resolution with Sudan.  In the case of Libya, you may remember
17    that in 2007 a very large judgment was rendered for the six
18    Americans killed in the UTA bombing against Libya.  I can tell
19    you from personal experience, having spent two years, that that
20    delayed the resolution with Libya by at least a year or two and
21    nearly killed it.
22              What the Havlish people want, those 20 plaintiffs, is
23    fine.  But we have a well-thought-out strategy for the
24    thousands of death cases, the thousands of injury cases, and
25    the property damage, and we are very concerned with the timing.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

# EXHIBIT B

```
                                                                       12
     17drterc
 1   If a hearing there occurs at the wrong moment, it could kill
 2   the process with Sudan.  So our request --
 3           THE COURT:  I'm not quite sure exactly at this point,
 4   how I determine what was the wrong moment?
 5           MR. KREINDLER:  My request, since we have one of the
 6   lawyers in the Havlish case, is that they consult with us, the
 7   plaintiffs' committee, before any public hearing.  It may not
 8   make a difference, but it may be important.  And I wanted to
 9   talk about these things because the Court is here, Havlish has
10   a representative, the defendants are here.
11           I should say that this motion we have with Al Qaeda is
12   part of the process.  There is no mystery that working on this
13   case without being paid for ten years is not an easy thing for
14   my colleagues and I.  We all look at the frozen assets, which
15   isn't that much money.  8 to $10 million in the context of 9/11
16   is a drop in the bucket.
17           But we were able to come up with a formula where, if
18   we are able to recover that money, we can use that to fund
19   expenses going forward.  That's why it's important for us.  Not
20   that it's going to compensate anyone in an appreciable way, but
21   we want to be able to get that for our clients so we've got a
22   little help over the next few years as these events unfold.
23           We look forward to doing this hearing soon.  I'm
24   hoping that I can convince my colleagues on the defense side
25   that there is no reason to object.  By any stretch of the
                     SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```

# EXHIBIT B

```
                                                               13
    17drterc
 1  imagination, whether the damages on 9/11 are 50 billion or 500
 2  billion, it's a lot more than the 8 to 10 million in frozen
 3  assets, and we could use it.
 4           The last thing I'd like to say is I'm glad we have the
 5  54(b) issue resolved, because, as events unfold with Sudan, the
 6  appeals can move forward in the Second Circuit and we could be
 7  in a position in a year, year and a half, where we know for
 8  sure who is in and who is out.  And then with the defendants
 9  who are left, if we get this done with Sudan, it's before the
10  Court, we've got a methodology for distributing money, and we
11  can really make some progress.
12           I wanted to talk about this now because ten years is a
13  long time.  We do see an end in sight.  Thank you for these
14  orders and listening to me for five minutes.  I know you have
15  another matter.  I wanted to take a few minutes on kind of the
16  long range as we are focusing on each of the trees in the
17  forest.  Thank you, your Honor.
18           THE COURT:  Not everyone will have necessarily the
19  input on every issue that they want, but I want to make sure
20  that all parties are informed as to every aspect of the
21  progress of the case.  If they wish to have some input, they
22  can seek it with the Court or discuss it with their colleagues
23  or object to it.  Both Magistrate Judge Maas and I have tried
24  to proceed in a consistent manner in that regard.
25           Did you want to respond?
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

# EXHIBIT B

```
                                                                  14
    17drterc
 1              MR. FLEMING:  Yes, your Honor.  Timothy Fleming for
 2   the Havlish plaintiffs.  First of all I want to say Mr.
 3   Kreindler's estimates of 20 plaintiffs is incorrect.  There are
 4   more like 60 decedent estates and representatives of the
 5   estates involving some 300 plaintiffs, 300 claimants in the
 6   Havlish case, who are every bit as important as however many
 7   are represented by other counsel.  In fact, we are the ones who
 8   actually put forward the evidence regarding sovereign.
 9              Now, if these negotiations or these diplomatic gambits
10   are in play, it is the first I've heard about it.  Mr.
11   Kreindler has not seen fit to advise the Havlish team of the
12   existence of it.  We would like to talk to them about it and we
13   would like to know about it.  We certainly don't think it is a
14   reason to delay the hearing vis-a-vis the sovereign Islamic
15   Republic of Iran, Sudan.
16              I have been accompanied to court today by Mrs. Ellen
17   Saracini, who is the wife and widow of Captain Victor Saracini,
18   who was the captain and pilot of United Flight 175 that crashed
19   into the south tower.  She has come today in hopes of the
20   addressing the Court very briefly concerning her desire and the
21   Havlish plaintiffs' desire to hold a public hearing on the
22   briefings and on the papers and on the evidence that we have
23   submitted to the Court.
24              It is quite voluminous.  If it would be beneficial, if
25   the Court is so inclined, to have one, we could present the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

# EXHIBIT B

```
                                                                15
    17drterc
 1  essence of it in one day, and we would like to do so before the
 2  10-year marker of the September 11, 2001 attacks.  Ms. Saracini
 3  has come to court hoping to address the Court very briefly on
 4  that subject.
 5           THE COURT:  I don't think that is necessary.  We
 6  already have a process for that.  We will immediately discuss
 7  with you the efficient process for going forward with that.
 8  You have a box that you will be delivering to me today.  It
 9  should be the last set of papers that I should start to review.
10           I am committed to moving forward immediately with a
11  hearing in this regard.  The question is for me to organize it
12  in a way that it is efficiently conducted in terms of what is
13  necessary to moving forward without getting too extended so
14  that it's delayed.
15           With regard to the communications among the lawyers, I
16  always say I'm not an interpreter or translator for lawyers,
17  particularly if you're on the same side.  Talk to each other.
18  For most of these issues, rather than talking three-way through
19  me, it would be better if you speak directly to each other.  Be
20  cooperative in ways that you can be cooperative in that regard.
21           I respect her attendance here and I welcome it, but I
22  don't want to move off on a tangent in terms of what is the
23  efficient legal process that we are involved in, which I don't
24  think at this point she can assist in other than to, obviously,
25  emphasize to us by her presence her concern and urgency with
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

# EXHIBIT B

```
   17drterc
 1 regard to moving forward with a resolution as quickly as we
 2 can.
 3          MR. FLEMING:  In a previous hearing your Honor had
 4 indicated that once we filed the evidence, you would refer the
 5 plaintiffs to Magistrate Judge Maas for setting up damages
 6 hearings vis-a-vis the sovereign.  I wonder if it would be
 7 appropriate for us to at least have a preliminary meeting with
 8 the magistrate in order to talk about doing that and the timing
 9 for that.
10          THE COURT:  Let's do that in the context of the other
11 Federal Insurance damages case.  However he decides to organize
12 that, that's going to be the structure.  You should have input
13 into that process even though you haven't gotten to that part
14 of the process yet.
15          If you want to do that at the same time, then discuss
16 that with Magistrate Judge Maas.  Particularly to the extent
17 the issues overlap, there is no reason not to give you an
18 opportunity to demonstrate what you claim are the damages on a
19 different track than the hearing to establish the liability
20 claimed under sovereign.
21          When you meet with Magistrate Judge Maas later, if you
22 want him to either at the same time or shortly thereafter
23 examine the damages with regard to the Havlish plaintiffs,
24 there is no reason that that can't go on at the same time as
25 the Federal Insurance and as the assessment of exactly what we
               SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300
```

# EXHIBIT B

```
                                                             17
     17drterc
 1   need to conduct with regard to liability.
 2             MR. FLEMING:  Thank you, your Honor.
 3             THE COURT:  Anything else from either party?
 4             JUDGE MAAS:  Because Judge Daniels has another matter,
 5   I propose to meet with counsel in a different courtroom.  I'm
 6   trying to see whether it will be 6A or 20A.  Bear with me for a
 7   second.  Why don't we say it will be in 6A immediately after
 8   this.  I don't know whether you need a reporter.
 9             THE COURT:  We'll call up and get another reporter.
10             JUDGE MAAS:  Fine.  I'll meet with the folks in 6A.
11             THE COURT:  Let's continue to make progress.  Bring
12   anything to my attention by letter that needs to be addressed
13   from my point of view.  I'll see you on January 13th.  We'll
14   schedule that at 11 o'clock also.
15             (Adjourned)
16
17
18
19
20
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

# EXHIBIT B

NYDOCS1-971879.1