**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | : : : : | No. 03 MDL 1570 (GBD/FM)<br>ECF Case |

**Plaintiffs' Opposition to Defendants Sana-Bell, Inc. and Sanabel Al Kheer, Inc.
Rule 72 (a) Objections (ECF No. 3230) to
Report and Recommendation of February 22, 2016 (ECF No. 3220)**

Plaintiffs oppose Defendants Sana-Bell, Inc.'s and Sanabel Al Kheer, Inc.'s (collectively "Sanabel") Rule 72(a) Objection (ECF No. 3230), filed on March 10, 2016, objecting to Magistrate Judge Frank Maas's Report and Recommendation, entered on February 22, 2016 (ECF No. 3020, "the Order"). During an eight-year course of delay, and multiple second and third opportunities to produce discovery and come forward to defend itself in litigation, Sanabel has repeatedly failed to meet multiple court-imposed deadlines and failed to appear for a Rule 30(b)(6) deposition, circumstances that independently support the magistrate judges' recommendation to enter default against Sanabel. Only after a final extended court-imposed deadline had passed and Magistrate Judge Maas recommended entry of default judgment, Sanabel has come forward to ask that the Court ignore Sanabel's many years of dilatory noncompliance and failure to defend, and requests that the Court consider a new argument not previously addressed to the magistrate judge. Under the circumstances, Sanabel's new argument after the close of the record should not be permitted and default judgment should be entered as recommended by Magistrate Judge Maas.

I.     PROCEDURAL HISTORY

After the Court denied Sanabel's motion to dismiss in July 2007, Plaintiffs began merits discovery against Sanabel by serving discovery requests on September 13, 2007. After Sanabel initially refused to respond to Plaintiffs' discovery requests, in a March 18, 2008 order by the Hon. George B. Daniels, U.S.D.J. (ECF No. 2073), the Court ordered Sanabel to respond to Plaintiffs' discovery. In the ensuing eight years, Plaintiffs have engaged in a multitude of ultimately fruitless efforts to obtain Sanabel's compliance with its discovery obligations. A complete procedural history and recitation of the Plaintiffs' allegations of Sanabel's years of non-compliance is included in Plaintiffs' June 24, 2013 and November 13, 2015 letters to Magistrate Judge Maas. ECF Nos. 3127, 3127-2.

On June 24, 2013, Plaintiffs filed their first application seeking imposition of sanctions against Sanabel for its disregard of the Court's March 18, 2008 Order. On October 29, 2013, the Court

addressed the dispute regarding Sanabel (ECF No. 3127-4) and in an order dated October 30, 2013 (ECF No. 2792) the Court reserved decision regarding Plaintiffs' request to impose sanctions against Sanabel and ordered Sanabel to produce any additional responsive documents in its control by November 26, 2013. That date was extended by consent to December 6, 2013 (ECF No. 2796).

On November 13, 2015, Plaintiffs filed their second application seeking imposition of sanctions against Sanabel, not only for its continued disregard of the Court's March 18, 2008 and October 30, 2013 Orders but also because the circumstances evidenced that Sanabel had completely ceased defending itself in the litigation. *See* ECF No. 3127. Evidence presented for the Court's consideration explained, for example, that Sanabel had been properly noticed and failed to appear for a Rule 30(b)(6) deposition, that Sanabel had failed to implement litigation hold procedures, and that Sanabel had failed to search for or produce substantial categories of documents within its control. *See id.*

On December 21, 2015, the date Sanabel's opposition to Plaintiffs' motion was due, instead of filing a substantive response, Sanabel asked the magistrate judge for an additional sixty days to respond, explaining that the time was needed because Sanabel's counsel "ha[d] been unable to connect with Sanabel's sole representative for approximately twelve . . . months." ECF No. 3173. Plaintiffs opposed the request. ECF No. 3174. On January 29, 2016, although Magistrate Judge Maas denied Sanabel's request for an extension beyond the December 21, 2015 deadline, he directed that, by February 5, 2016, Sanabel's counsel "set forth whether any Sanabel representative currently is authorized to direct Sanabel's legal representation in these proceedings." *See* ECF No. 3176. On February 5, 2016, Sanabel's counsel submitted a letter to the Court conceding that he had "exhausted all avenues of attempted communication with his client . . . without success" and was not "able to provide a further [r]esponse to Plaintiffs' [Letter-Motion] . . . or to the Court's" Order. ECF No.

3209.  As of that date, at the latest, the record before the Court on Plaintiffs' motion was fully submitted.  *See* ECF No.  3220 at 3.

On February 22, 2016, Magistrate Judge issued a Report and Recommendation to grant Plaintiffs' application for entry of default judgment against Sanabel.  ECF No.  3220 at 5.  Based on the parties' arguments and the record presented to Magistrate Judge Maas, as developed over an eight year course of disputes with Sanabel, the Court found the record confirmed that Sanabel was effectively defunct, lacked any leadership to retain counsel or direct the litigation, and had ceased defending itself in the litigation.  *Id.* at 3-4.

## II.  ARGUMENT

**Sanabel's Objection to the Magistrate Judge's Report and Recommendation should be overruled because Sanabel had years to present its defense and its new argument should not be considered in the first instance on an Objection to the Magistrate Judge's Report and Recommendation.**

The Court should reject Sanabel's belated argument that it should be granted an opportunity to address the Plaintiffs' long outstanding grievances because, after more than a year of being allegedly incommunicado with its counsel, Sanabel is now prepared to defend itself in the litigation and respond to the closed record before the Court on Plaintiffs' motion.  This Court has previously held that it would be improper for a judge to consider new arguments that were not presented to the magistrate judge when reviewing objections to the magistrate judge's order.  *See, e.g.*, *Tarafa v. Artus*, No. 10 Civ. 3870, 2013 U.S. Dist. LEXIS 101334, at *5 (S.D.N.Y. Jul. 18, 2013) (quoting Smith v. Hulihan, No. 11-CV-1948, 2012 U.S. Dist. LEXIS 149585, at *2 (S.D.N.Y. Oct. 17, 2012))(explaining that "new arguments . . . cannot properly be raised for the first time in objections to the R&R . . . ."); *see also Watson v. Geithner*, No. 11 Civ. 9527, 2013 U.S. Dist. LEXIS 141009, at *6 (S.D.N.Y. Sept. 27, 2013) (noting that "a party waives any arguments not presented to the magistrate judge . . . ."); *Frankel v. Citicorp Ins. Servs., Inc.*, No. 11-CV-2293, 2015 U.S. Dist. LEXIS 139937, at *9 (E.D.N.Y. Oct. 14, 2015) (noting that courts in the Second Circuit "and elsewhere have held, 'a litigant is not allowed to oppose

a magistrate's Report and Recommendation by suddenly asserting new arguments that were not presented to the magistrate originally.'"). It should do likewise here.

Even if the Court were to consider whether it should exercise discretion to consider Sanabel's new argument, additional factors weigh against allowing the new argument. Courts elsewhere have found that, though district judges have discretion to consider or reject new arguments, the standard applied in determining whether to consider the new argument should preserve the systemic efficiencies afforded by the Magistrates Act. *See Wells Fargo Bank, N.A. v. Sinnott*, No. 5:07-CV-169, 2010 U.S. Dist. LEXIS 4476, at *5 (D. Vt. Jan. 19, 2010). In *Wells Fargo*, the Vermont District Court observed that the Eleventh Circuit has "held 'that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge,'" *id.* (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)), and predicted that, though the Second Circuit has no standard for whether to allow the consideration of new arguments, it would adopt the same standard as the Eleventh Circuit. *Wells Fargo,* 2010 U.S. Dist. LEXIS 4476, at *5-6.

To derive a standard for the exercise of a district judge's discretion, the *Wells Fargo* Court examined the Second Circuit's standards for consideration of new legal arguments raised for the first time in a motion for reconsideration and its standard for considering new evidence in an objection to a magistrate judge's report and recommendation" *Id.* at *9. Using those guideposts, the Court concluded that a district judge's discretion should be guided by the following six factors: (1) the reason for the litigant's previous failure to raise the new legal argument; (2) whether an intervening case or statute has changed the state of the law; (3) whether the new issue is a pure issue of law for which no additional fact-finding is required; (4) whether the resolution of the new legal issue is not open to serious question; (5) whether efficiency and fairness militate in favor or against consideration of the new argument; and (6) whether manifest injustice will result if the new argument is not considered. *Wells Fargo*, 2010 U.S. Dist. LEXIS 4476, at *9-10.

- 4 -

Application here of the foregoing considerations weighs against considering Sanabel's new argument and in favor of overruling Sanabel's Objections.

First, after being afforded eight years to litigate and being granted multiple courtesies of time extensions both by Plaintiffs and by the Court, both in discovery and in responding to the various motions, Sanabel has offered no reason for its failure to defend itself over the extended course of time. So, the first factor weighs against considering the new argument

Second, this is not a case where an intervening case or statute has changed the state of the law.

Third, if the court were to exercise discretion and consider the new argument, ultimately the determination as to whether default is warranted would *not* be deciding a purely legal issue, but would require consideration of the various circumstances presented to the magistrate judge in the record presented to the court. *Plaintiffs contend that, even if the Court were to exercise its discretion and consider all of the circumstances before the magistrate judge, default is nonetheless warranted for all the reasons articulated in Plaintiffs' moving and reply papers.* See ECF Nos. 3127, 3174.

Fourth, resolution of Sanabel's newly raised argument would, presumably, require the Court to consider each of the other arguments advanced by the Plaintiffs in light of whatever further opposing arguments Sanabel is permitted to raise anew.

Fifth, efficiency and fairness militate strongly against considering Sanabel's new argument, particularly in light of the fact that consideration of any aspect of the new argument would necessitate re-opening the record before the magistrate judge. Second Circuit precedent disfavors supplementation of the record in an objection to a magistrate judge's report and recommendation. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) (finding no abuse of discretion in court's refusal to consider supplemental evidence); *Pan American World Airways, Inc. v. International Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) (holding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff

"offered no justification for not offering the testimony at the hearing before the magistrate"); *see also Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994) ("It is not in the interests of justice to allow a party to wait until the Report and Recommendation or Order has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received.").

Finally, given the full record before the magistrate judge and the panoply of reasons that support the magistrate judge's recommendation, manifest injustice will not result if Sanabel's new argument is not considered.

### III. CONCLUSION

The Court should overrule Sanabel's objection, adopt the magistrate judge's recommendation, and enter default judgment against Sanabel because (1) precedent in this district prohibits new arguments raised for the first time in objections to a magistrate judge's Report and Recommendation; (2) all factors that might be weighed in considering whether to exercise discretion to consider a new argument weigh against doing so here; and (3) the magistrate judge's recommendation to enter default judgment is supported by the circumstances and Plaintiffs' additional arguments as explained in greater detail in ECF Nos. 3127, 3174.

Dated:  March 25, 2016                                    Respectfully Submitted,

/s/ Robert T. Haefele
Robert T. Haefele, Esq.
Jodi W. Flowers, Esq.
MOTLEY RICE, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465
(843) 216-9000

Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR

1650 Market Street
Philadelphia, PA  19103
(215) 665-2000

James P. Kreindler, Esq.
Andrew J. Maloney, III, Esq.
KREINDLER & KREINDLER, LLP
750 Third Avenue
New York, NY  10017
(212) 687-8181

Jerry S. Goldman, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020
(212) 278-1000

*For the Plaintiffs' Executive Committees*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Plaintiffs' Opposition to Defendants Sana-Bell, Inc.'s and Sanabel Al Kheer, Inc.'s Rule 72(a) Objection (ECF No. 3230), was filed electronically this 25th day of March 2016. Notice of this filing will be served upon all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system, which all parties may access.

/s/ Robert T. Haefele

Robert T. Haefele, Esq.