UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |
|---|---|

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (GBD)

## THE *O'NEILL* PLAINTIFFS' AMENDED COMPLAINT SOLELY AGAINST THE IRAN DEFENDANTS

The *O'Neill* Plaintiffs, by and through their counsel, submit this Amended Complaint, solely as to the Islamic Republic of Iran, the Iranian Ministry of Intelligence and Security, the Iranian Minister of Intelligence and Security Ali Fallahian, the Iranian Revolutionary Guard Corps, the Iranian Revolutionary Guard Corps – Qods Force, Ayatollah Ali Hoseini-Khamenei, and Deputy Commander Brigadier General of the Iranian Revolutionary Guard Corp. Mohammed Baqr Zalqadr, (collectively, the "Iran Defendants"), and solely with respect to their claims arising under 28 U.S.C. § 1605A, and allege as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction arises pursuant to 28 U.S.C. § 1605A and 28 U.S.C. § 1605(a)(5). Jurisdiction also arises pursuant to 28 U.S.C. §§ 1330(a), 1331 and 1332(a)(2), 18 U.S.C. § 2388, 28 U.S.C. § 1350 ("Alien Tort Act"), and the Torture Victim Protection Act, PL 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note (West 1993)).

2.      Venue is proper in this District pursuant to § 408(b)(3) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101; 28 U.S.C. §§ 1391(b)(2), 1391(d) and 1391(f)(1).

3.      As herein alleged, the claims asserted herein against the Iran Defendants for wrongful death, personal injury and related injury to property and economic losses resulting from the September 11th attacks fall within the exceptions to jurisdictional immunity under 28 U.S.C. § 1605A.

**Plaintiffs**

4.      This Amended Complaint is submitted solely as to the Iran Defendants, on behalf of plaintiffs in the following action only: *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-CV-1076 (GBD) ("Plaintiffs").[1] This Amended Complaint relates solely as to the Iran Defendants and solely with respect to Plaintiffs' claims arising under the State Sponsor of Terrorism Exception of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, and does not apply to any other defendant in this multi-district proceeding, as to which the operative complaints and related pleadings in the *O'Neill* actions remain in effect.

5.      Plaintiffs adopt and incorporate by reference the following operative complaint in its entirety, including all allegations and counts presented therein: Third Amended Complaint, 04-cv-1076, Dkt. No. 67.

---

[1] There are three *O'Neill* cases— *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-01076-GBD; *Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, 04-cv-01922 (GBD); and *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investment & Development Corp., et al.*, 04-cv-01923 (GBD). The present motion applies only to *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-01076-GBD.

2

## Defendants

6.      The Iran Defendants are foreign states and/or agencies or instrumentalities of a foreign state within the meaning of 28 U.S.C. § 1391(f). Iran maintains an Interest Section within the United States at the Embassy of Pakistan at 2204 Wisconsin Avenue, N.W., Washington, D.C. 20007.

## FACTUAL ALLEGATIONS

7.      In support of their claims against the Iran Defendants pursuant to 28 U.S.C. § 1605A, Plaintiffs incorporate herein by reference the averments in the operative complaint in the *O'Neill* case, and also incorporate herein by reference paragraphs 219-261 and paragraphs 324-374 of the Second Amended Complaint in *Havlish v. Bin Laden*, Docket No. 03-cv-9848-GBD, ECF No. 250-2 (S.D.N.Y. Mar. 1, 2010) ("*Havlish*"), which is a part of the *In re Terrorist Attacks on September 11, 2001* MDL.

## COUNT ONE

### Claim by United States National Plaintiffs Against the Iran Defendants Under Section 1605A(c) of the Foreign Sovereign Immunities Act

8.      Plaintiffs incorporate herein by reference the averments contained in the preceding paragraphs as though fully set forth herein at length.

9.      This suit was initially brought pursuant to 28 U.S.C. § 1605(a)(7) and Pub.L. 104208, Div. A, Title I, § 101(c), 110 Stat. 3009-172 (reprinted at 28 U.S.C. § 1605 note (West Supp.)).

3

10.     Congress in the National Defense Authorization Act for Fiscal Year
2008 (P.L. 110-181, § 1083), which was enacted January 29, 2008 (the "NDAA")
amended the FSIA by adding a new § 1605A to Chapter 97 of Title 28 of the U.S. Code.
The new Section 1605A unequivocally creates a federal private right of action against
the foreign state sponsors of terrorism:

> (c)     Private right of action.--A foreign state that is or was a state
> sponsor of terrorism as described in subsection(a)(2)(A)(i), and any
> official, employee, or agent of that foreign state while acting within
> the scope of his or her office, employment, or agency, shall be
> liable to
>
> (1)     a national of the United States,
>
> (2)     a member of the armed forces,
>
> (3)     an employee of the Government of the United States, or of
> an individual performing a contract awarded by the United States
> Government, acting within the scope of the employee's
> employment, or
>
> (4)     the legal representative of a person described in paragraph
> (1), (2), or (3), for personal injury or death caused by acts described
> in subsection (a)(1) of that foreign state, or of an official, employee,
> or agent of that foreign state, for which the courts of the United
> States may maintain jurisdiction under this section for money
> damages. In any such action, damages may include economic
> damages, solatium, pain and suffering, and punitive damages. In any
> such action, a foreign state shall be vicariously liable for the acts of
> its officials, employees, or agents.

11.     Section 1605A applies to this pending action pursuant to Pub.L.
110-181, Div. A, Title X, § 1083(c), Jan. 28, 2008, 122 Stat. 342, which provides that:

> (1)     In general.--The amendments made by this section
> [amending 28 U.S.C.A. §§1605, 1607, 1610, and 42 U.S.C.A. §
> 10603c] shall apply to any claim arising under section 1605A of title
> 28, United States Code [this section].

* * *

4

(3)    Related actions.--If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code, if the action is commenced not later than the latter of 60 days after.

(A)    the date of the entry of judgment in the original action; or

(B)    the date of the enactment of this Act [Jan. 28, 2008].

12.    As a result of the conduct of the Iran Defendants that violated the federal laws cited above, Plaintiffs suffered damages as fully set forth in the paragraphs above which are incorporated herein by reference.

13.    Decedents killed in the September 11, 2001 terrorist attack are survived by family members entitled to recover damages from the Iran Defendants for wrongful death. These family members are among the Plaintiffs who are entitled to damages deemed as a fair and just compensation for the injuries resulting from the deaths of the Decedents.

14.    The injuries and damages suffered by the Plaintiffs by virtue of personal injury and wrongful death, and the consequences resulting there from, were proximately caused by the intentional and reckless acts, omissions, and other tortious conduct of the Iran Defendants as described herein.

15.    As a direct and proximate result of the deaths of the Decedents, their heirs have been deprived of future aid, assistance, services, comfort, and financial support.

16.     As a direct and proximate result of the Iran Defendants' cowardly, barbaric and outrageous acts of murder, the heirs of the Decedents will forever grieve their deaths.

17.     As a further result of intentional and reckless acts, omissions, and other tortious conduct of the Iran Defendants, Plaintiffs have been caused to expend various sums to administer the estates of Decedents and have incurred other expenses for which they are entitled to recover amounts of money.

18.     As a result of the Iran Defendants' murderous conduct, Plaintiffs suffered damages including pain and suffering, trauma, emotional distress, loss of life and life's pleasures, loss of earnings and earning capacity, loss of accretion to their estates and other items of damages as fully set forth in the paragraphs above which are incorporated herein by reference.

19.     Plaintiffs also bring this action for damages suffered by the Decedents and caused by the Iran Defendants' conduct. As a result of the intentional and negligent acts of the Iran Defendants as described above, the Decedents were placed in apprehension of harmful and offensive bodily contact (assault), suffered offensive and harmful bodily contact (battery), suffered extreme fear, anxiety, emotional and psychological distress (intentional/negligent infliction of emotional distress), and were mentally and physically harmed, trapped, and falsely imprisoned (false imprisonment) prior to their deaths.

20.     The actions of the Iran Defendants, acting in concert to carry out their unlawful objectives, were malicious, outrageous and in willful, wanton, and

6

reckless disregard of the rights of Plaintiffs. The Iran Defendants intended to carry out actions that would end the lives of the Decedents.

21.     As a result of their intentional, malicious, outrageous, willful and wanton conduct, the Iran Defendants are jointly and severally liable to all Plaintiffs for punitive damages.

WHEREFORE, Plaintiffs demand judgment in their favor against the Iran Defendants jointly, severally, and/or individually, in an amount in excess of One Billion Dollars ($1,000,000,000) for compensatory and punitive damages, plus pre- and post-judgment interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent the Iran Defendants from ever again committing the terrorist acts of September 11, 2001 or similar acts.

Dated:   March 29, 2016

By:   /s/ Jerry Goldman
Jerry Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000

*Attorneys for O'Neill Plaintiffs*

7