**WIGGINS CHILDS**
**PANTAZIS FISHER**
**GOLDFARB** PLLC
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
1850 M STREET, N.W. · SUITE 720 · WASHINGTON, D.C.  20036

Direct Dial: 202-467-4489 · Fax: 205-314-0805
Email:TFleming@wigginschilds.com · Web:www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

March 31, 2016

The Honorable Frank Maas
United State Magistrate Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

**By Hand Delivery and ECF**

> Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570
>        *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-7550

Dear Judge Maas:

On behalf of the Plaintiffs in the *Hoglan, et al. v. Iran, et al.* action, we are filing today under seal some final affidavits and documents pertaining to the damages of two of the Decedent's estates who are among the *Hoglan* plaintiffs.  One of our attorneys, Thomas E. Mellon, III, is delivering to you courtesy copies of these materials on CD-ROM.  Please accept this letter brief as a supplement to the memorandum of *Hoglan* Plaintiffs.  These two filings complete the *Hoglan* Plaintiffs' damages inquest submission.

The following supplements Plaintiffs' Memorandum of Law on Damages (Docket No. 3194), specifically, the arguments advanced in Part VIII at pp. 46-49, pertaining to the claims of Hagay Shefi, and, derivatively, those of his wife, Sigal Shefi, and those members of the Shefii family who are not U.S. citizens.

The Second Declaration of Sigal Shefi, and the documents attached thereto, show that not only did Hagay Shefi intend to become a U.S. citizen, but indeed, he had in fact already submitted an apparently successful application for citizenship, and he was on the verge of completing the final steps actually to become a U.S. citizen.

Hagay Shefi applied for citizenship on or about May 21, 2001, and this became his "priority date."  See Attachment B to the Second Declaration of Sigal Shefi, filed under seal this date.   Mr. Shefi then completed other steps to becoming a citizen.  By notice dated August 8, 2001, he was notified that he would be called within the following 36 days to appear for a naturalization interview.  It is evident that such interview must have gone well because, on the fateful day of September 11, 2001, Hagay Shefi arrived at the very final step; that is, in a manifest irony, the Immigration and Naturalization Service ("INS") sent to Hagay Shefi a Notice to Report for Fingerprinting for completion of his background check.  Such Notice was dated September 11, 2001.  In essence, Hagay Shefi had done everything he could to become a U.S. citizen by the time of the 9/11 terrorist attacks in which he died.  Further, his wife, Sigal Shefi, as

*The Honorable Frank Maas*  Page 2 of 2
*March 30, 2016*

her declaration and the documents show, did in fact herself acquire American citizenship within a few months thereafter.

 Because Hagay Shefi was so close to acquiring U.S. citizenship, he should be considered a "U.S. national" for purposes of his claim under the FSIA. U.S. nationality, ultimately, comes down to a demonstrable allegiance to United States of America. Hagay Shefi proved beyond doubt that he did have allegiance to the United States. Moreover, there is absolutely no indication of any reason why he would, at that point, have been denied, particularly in light of the fact that his surviving wife, Sigal Shefi, did in fact become an American citizen shortly thereafter. It was, of course, through no fault of his own – and indeed, it was in fact the Defendants' fault – that Hagay Shefi was not able to finalize his American citizenship. Fortunately, his surviving wife did so. Under these circumstances, Hagay Shefi and Sigal Shefi should be held to be U.S. nationals for purposes of the FSIA. If Hagay Shefi is held to be a U.S. national under the FSIA, then automatically his wife, parents, and siblings would also be eligible to recover under the FSIA. (As noted in the main brief, Hagay and Sigal Shefi's two children are Plaintiffs in *Hoglan* and they are both clearly eligible because they are natural born citizens of the United States.)

 Similarly, Nicholas Rowe's long-time girlfriend, Michelle Baker (now Michelle Schramm), attests to Mr. Rowe's intent to become a U.S. citizen. While we are not able to present any naturalization application documentation, Ms. Baker's declaration demonstrates that Nicholas Rowe did in fact intend to become a U.S. citizen, and that, as of September 11, 2001, he had demonstrably shown his allegiance to the United States. He loved the USA, had become a lawful permanent resident, and had no intention of returning to South Africa. He had also made his intentions clear to his American long-time girlfriend and her family. He had made marriage and family plans for living the United States, including eventually bringing his disabled sister to live with him America. Finally, he was close to the end of his five-year waiting period as a lawful permanent resident when he was killed on September 11, 2001. Under these circumstances, Nicholas Rowe should also be considered a U.S. national for purposes of the FSIA. If he is held to be a U.S. national, his non-citizen family members who are plaintiffs in *Hoglan* would be eligible to recover, as well as his estate. (His father and his fiancé are both natural born U.S. citizens, so both are clearly eligible.)

 If you have any questions, or need any further information regarding these, or any other matters, please let us know. Thank you very much.

         Respectfully Submitted,

         */s/ Timothy B. Fleming*

         Timothy B. Fleming
         Attorney for the *Hoglan* Plaintiffs