UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 06 2016

MEMORANDUM OPINION AND
ORDER

03 MDL 1570 (GBD) (FM)

GEORGE B. DANIELS, District Judge:

On or around November 13, 2015, Plaintiffs filed a letter motion alleging numerous discovery infractions by Defendants Sana-Bell, Inc. and Sanabel al Kheer, Inc. (together, "Sanabel"). (*See* Letter, (ECF No. 3127), at 1-2.) Plaintiffs sought sanctions in the form of the entry of a default judgment, as well as attorneys' fees and costs and the striking of various confidentiality designations. (*Id.* at 2, 11-13.) Sanabel had until December 21, 2015 to respond. (*See* Order, (ECF No. 3131).) On that date, Sanabel sought an additional sixty days to further respond because counsel "ha[d] been unable to connect with Sanabel's sole representative for approximately twelve . . . months." (Letter, (ECF No. 3173).) Sanabel's request was denied, and counsel was instructed to set forth whether there was "any Sanabel representative . . . authorized to direct Sanabel's legal representation in these proceedings." (Order, (ECF No. 3176).) On February 5, 2016, Sanabel's counsel submitted a letter stating that he had "exhausted all avenues of attempted communication with his client . . . without success" and was not "able to provide a further [r]esponse to Plaintiffs' Motion . . . or to the Court's" Order. (Letter, (ECF No. 3209).)

On February 22, 2016, Magistrate Judge Maas issued a Report & Recommendation recommending that this Court enter default judgment against both Sanabel Defendants "because Sanabel is a defunct organization that lacks anyone who can direct its affairs." (Report and

Recommendation, (ECF No. 3220), at 3-4.) Magistrate Judge Maas further recommended that Plaintiffs' request for attorneys' fees and costs be denied because damages would likely amount to tens of millions of dollars, making attorneys' fees and costs superfluous or uncollectable. (*Id.* at 4 n.1.) Finally, Magistrate Judge Maas recommended that Plaintiffs' request to strike Sanabel's confidentiality designations be denied because the request was not supported by any authority and was premature. (*Id.*)

The Report notified the parties of their right to object to the Report's findings and recommendations. (*Id.* at 5.) Sanabel timely filed objections to the Report. (Defendants Sana-Bell, Inc. and Sanabel Al Kheer, Inc. Rule 72 Objections to February 22, 2016 Report and Recommendation), (ECF No. 3230).)

Sanabel objects to Magistrate Judge Maas's recommendation to enter default judgment against it and urges this Court to set it aside because the "the facts and circumstances which formed the sole basis" of that recommendation have changed—*i.e.*, since the issuance of the Report, counsel has communicated with Sanabel's representative, and the representative maintains that he is able and willing to further participate in this litigation. (*Id.* at 3-4.) Plaintiffs oppose Sanabel's objections, arguing that this Court should adopt the Report's recommendation and enter default judgment against Sanabel primarily because "precedent in this district [generally] prohibits new arguments raised for the first time in objections to a magistrate judge's Report and Recommendation," and because the recommendation to enter default judgment is supported by the underlying circumstances. (Plaintiffs' Opposition to Defendants Sana-Bell, Inc. and Sanabel Al Kheer, Inc. Rule 72(a) Objections (ECF No. 3230) to Report and Recommendation of February 22, 2016 (ECF No. 3220), (ECF No. 3242), at 6).)

Federal Rule of Civil Procedure 72(b)(3) provides that a district judge "may accept, reject, or modify the recommended disposition" of the magistrate judge, "receive further evidence[,] or return the matter to the magistrate judge with instructions." In light of the developments since Magistrate Judge Maas made his recommendation, the matter is returned to Magistrate Judge Maas for further proceedings to determine whether the entry of default judgment is still the most appropriate adjudication of Plaintiffs' original letter motion.

The Clerk of Court is directed to close the motion docketed as ECF No. 3127 in the above-captioned action.

Dated: April 6, 2016
New York, New York

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge