# EXHIBIT G

# Waleed Nassar

| | |
|---|---|
| **From:** | Waleed Nassar |
| **Sent:** | Tuesday, April 19, 2016 10:05 AM |
| **To:** | 'Haefele, Robert' |
| **Subject:** | RE: 9/11 Litigation - Proposed Date for Mutual Exchange of Information |

Robert,

What we are asking for is simply an agreement on the date for the mutual exchange of the information, not for you to immediately provide us with the information. We understand that you state that you have other obligations, but it does not require significant time to look at your calendar and to propose to us a date that works for you. Additionally, we fail to see any basis for the continued delay of this exchange, as most of the information we have requested is likely either already in your possession or very easily accessible to you.

As it has been almost a month since the hearing and you still have not proposed any date, despite our repeated attempts, we intend on requesting that the Court set a date if we do not come to an agreement by close of business on April 25.

Waleed

**From:** Haefele, Robert [mailto:rhaefele@motleyrice.com]
**Sent:** Monday, April 18, 2016 6:19 PM
**To:** Waleed Nassar
**Subject:** RE: 9/11 Litigation - Proposed Date for Mutual Exchange of Information


Waleed – I am most definitely not able to address this now, and very likely not until after our other deadline of this Friday. I just have too many other obligations ongoing. I will look at it as promptly as I can, but as I have mentioned a couple of times, I really am spread thin at the moment. I know you wanted to have this addressed by the 19th, but I just cannot do that. Let's speak next week.

**Robert T. Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | rhaefele@motleyrice.com
**o.** 843.216.9184 | **c.** 843.834.1951 | **f.** 843.216.9450

**From:** Waleed Nassar [mailto:Waleed.Nassar@lewisbaach.com]
**Sent:** Monday, April 18, 2016 5:40 PM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Subject:** RE: 9/11 Litigation - Proposed Date for Mutual Exchange of Information

Robert – following up on our March 28 and April 4 emails proposing April 19 as the date of mutual exchange of the information pertaining to the documents in question, per the Court's March 22 order. You stated that you would try to let us know your position last week, however we did not receive a response to our proposed date, nor a proposed alternative date. Please advise us as soon as practicable as to your position.

**From:** Waleed Nassar
**Sent:** Wednesday, April 06, 2016 10:35 AM

**To:** 'Haefele, Robert'
**Subject:** RE: 9/11 Litigation - Proposed Date for Mutual Exchange of Information

Understood Robert. If the proposed April 19 date does not work for you, please let us know by April 15 what date in April does work for you to conduct the exchange.

---

**From:** Haefele, Robert [mailto:rhaefele@motleyrice.com]
**Sent:** Wednesday, April 06, 2016 7:36 AM
**To:** Waleed Nassar
**Subject:** Re: 9/11 Litigation - Proposed Date for Mutual Exchange of Information


Waleed - As I indicated at the outset of this discussion, I have been traveling and engaged in some other obligations. I still need to speak to some others before I can respond to you. I will try to let you know our position when I am back in my office next week.

Sent from my iPhone

On Apr 4, 2016, at 12:51 PM, Waleed Nassar <Waleed.Nassar@lewisbaach.com> wrote:

> Robert,
>
> I am writing to follow-up on our attempt below to set a date for our mutual exchange of information, as per the Court's March 22nd order. We have not received a response regarding our proposed date of April 19, 2016. Please let us know if that date is agreeable. If not, please explain why not and propose an alternative date for us to consider.
>
> Best,
> Waleed
>
> ---
>
> **From:** Waleed Nassar
> **Sent:** Monday, March 28, 2016 3:51 PM
> **To:** Haefele, Robert
> **Subject:** Re:
>
> Robert,
>
> We have been litigating this issue for many months. Judge Maas indicated he wanted this to move forward and that the detailed explanation be provided within two weeks. Asking for nearly three months is not reasonable. We want to be reasonable and so are amenable to granting an additional two weeks for you to provide your submission re: safety concerns to the originating source. This is twice the time originally contemplated.
>
> We should also find a date to exchange the various information per Judge Maas' order and we would suggest that it be the same date. Four weeks from the date of the hearing is April 19, 2016. This includes (1) the name of the investigative source, and (2) the date on which you obtained the documents. Both of those pieces of information are presumably in your possession. At that time we will provide to you our detailed description of the flaws in the documents including affidavit evidence from our expert and our client.

Best,
Waleed

Sent from my iPhone

On Mar 25, 2016, at 12:25 PM, Haefele, Robert <rhaefele@motleyrice.com> wrote:

Waleed – It has come to my attention that Judge Maas indicated that he anticipated Plaintiffs to submit their "particularized showing" in a fairly short time period.  For a variety of reasons (some related to the task and others related to my other competing commitments), we are asking to move any deadline he may impose concerning the particularized showing to June 15.  Can you indicate your clients' agreement to this proposal, please?

**Robert T. Haefele**  | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | rhaefele@motleyrice.com
**o.** 843.216.9184 | **c.** 843.834.1951 | **f.** 843.216.9450

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.