# EXHIBIT B



LAW OFFICES
*Mellon Webster & Shelly*
A PROFESSIONAL CORPORATION
87 NORTH BROAD STREET
DOYLESTOWN, PA 18901
215-348-7700  •  FAX 215-348-0171

THOMAS E. MELLON, JR.
SARA WEBSTER
CAROL A. SHELLY
DEBORAH A. ROMANSKI
JOSEPH A. CULLEN, JR.
STEPHEN A. CORR
THOMAS P. DONNELLY
JOHN A. CORR

JONATHAN A. BRISKIN, JD, MD
OF COUNSEL

February 27, 2004

The Honorable Richard Conway Casey
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1350
New York, NY  10007-1312

Re:   *In Re: Terrorist Attacks on September 11, 2001*, MDL No. 1570
      Transferred Case: *Havlish, et al. v. Bin Laden, et al.*,
      Individual Case No. 03 CV 9848 (RCC)

Dear Judge Casey:

We have enclosed a courtesy copy of our Status Report and Proposed Case
Management Order in the above-referenced matter.  By way of background, this firm is
Lead Counsel for the consortium of attorneys representing the putative class of plaintiffs
in *Havlish v. Bin Laden*.  The *Havlish* Consortium consists of ten nationally recognized
law firms located throughout United States.  *Havlish* was the earliest of the now-
consolidated actions against the terrorists who perpetrated the September 11 attacks.

In accordance with the Court's Order of February 6, 2004, our Proposed Case
Management Order provides for a Plaintiffs' Executive Committee that includes a
representative of each category of plaintiffs.  The Proposed Order envisions a broad-
based Executive Committee comprised of attorneys from 11 different law firms
representing every type of asserted claim.  The *Havlish* attorneys believe that the
proposed composition of that Committee places responsibility for advancement of the
litigation with those that have demonstrated a willingness and ability to do so, while
ensuring that the interests of all plaintiffs are fairly represented.

On several occasions, we attempted to contact other Plaintiffs' counsel to discuss
the parameters of our proposal.  On each occasion we were rebuffed.  Instead, we
recently learned that plaintiffs' counsel in the *Ashton* action (the Kreindler & Kreindler



The Honorable Richard Conway Casey
Re: MDL No. 1570
February 27 2004

firm) has made an agreement with plaintiffs counsel in the *Burnett* action (the Motley Rice firm). That agreement effectively divides representation on the Executive Committee to attorneys from those two actions. This arrangement was made with no input from counsel in the *Havlish* action or any of the other consolidated cases. Incredibly, the Motley/Kreindler "deal" precludes any participation by attorneys from the *Federal Insurance Co.* case that was specifically mentioned in the Court's February 6 Order.

We believe that our Committee proposal will ensure a more balanced and cohesive approach to the administration of these cases. Moreover, the attorneys from the Motley firm do not object to the inclusion of a broader base of attorneys on the Committee. (Although the Motley firm does object to the inclusion of counsel from the *Federal Insurance Co.* action on other grounds.) Therefore, it appears that only the Kreindler firm objects to a more inclusive Executive Committee. We do not know the basis for their objection.

We look forward to discussing this matter at the conference on March 1, 2004.

Respectfully submitted

Thomas E. Mellon, Jr.

TEM:vmk
cc:     Service List
        MDL No. 1570

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br>**TERRORIST ATTACKS**<br>**ON SEPTEMBER 11, 2001** | **MDL NO.: 1570**<br><br>**STATUS REPORT AND PROPOSED**<br>**CASE MANAGEMENT ORDER** |

This document relates to:
All Cases

Plaintiffs in the Class Action litigation *Havlish, et al. v. Bin Laden, et al.*[1],

(hereinafter referred to as "*Havlish*") respectfully submit this Status Report and Proposed

Case Management Order in an effort to provide the Court with a summary of the progress of

this litigation and present a framework for the efficient coordination of *Havlish* and all other

actions consolidated in this Court by the MDL Panel.

I.      **Background of the *Havlish* Litigation**

This action arises out of the horrific terrorist attacks on America that occurred on

September 11, 2001. Plaintiffs are the estate representatives and family members of those

killed in the attacks. On February 19, 2002, Plaintiffs filed a Complaint against certain

terrorist entities and individuals responsible for those deaths. The *Havlish* Plaintiffs filed this

suit as a class action in order to ensure that all families who lost loved ones in the attacks

were represented against the *Havlish* Defendants. Those Defendants include Osama Bin

Laden, Al Qaeda, the foreign states of Iran and Iraq (the "Foreign State Defendants"), and a

number of agencies and instrumentalities of the Foreign State Defendants. In addition to

wrongful death, survival, conspiracy and negligence claims, the Amended Complaint

---

[1] *Havlish* was formerly captioned as Case No. 1:02CV00305 in the United States District Court for the District of Columbia, and is now is Case No. 03 CV 9848 in this Court.

includes federal claims under the Foreign Sovereign Immunities Act ("FSIA"), the Torture

Victim Protection Act, the Alien Tort Act, and 18 U.S.C. § 2333.

After filing their Amended Complaint in early May 2002, Plaintiffs filed a Motion for

Alternative Service of Process and a Motion for Class Certification and for Approval of Class

Notice. The Court subsequently granted Plaintiffs' Motion for Alternative Service, but

deferred consideration of Plaintiffs' Motion for Class Certification until service of process

had been completed and all defendants had been given an opportunity to appear.

Plaintiffs' counsel then undertook the painstaking steps necessary to effectuate

service of process on all defendants in accordance with the federal procedural rules and the

Court's orders. While documents verifying the completion of service on all Defendants have

been on file since December 2002, no Defendants have responded to the Complaint.[2] As a

consequence, defaults were entered against all Defendants by the Clerk pursuant to Rules

55(a) and (b) of the Federal Rules of Civil Procedure.[3]


Over the past two years, the *Havlish* Plaintiffs have expended massive amounts of

time, money and energy in pursuing their claims against the terrorists. They have engaged

the services of ten nationally recognized law firms from across the country with extensive

---

[2] Counsel for Plaintiffs filed affidavits establishing that service was made on all Defendants in accordance with the Court's orders, and that no Defendant has appeared in response thereto. *See,* Affidavit of Service upon all Defendants by Robert Muse, Esquire dated November 1, 2002, (Electronic Docket Entry # 35); Affidavits for Default by Stephen A. Corr, Esquire dated December 17, 2002 (EDE # # 38, 39); Affidavit in Support of Default by Stephen A. Corr, Esquire dated November 20, 2002 (EDE # 37 ); Affidavit in Support of Default by Stephen A. Corr, Esquire dated February 11, 2003 (EDE # 43).

[3] Rule 55(a) defaults against all Defendants were entered by the Clerk of the United States District Court for the District of Columbia in two separate filings, both dated December 23, 2002, and entered on the docket four days later *See* Clerk's Entries of Default, (Electronic Docket Entry # # 40, 41). However, at the time of entry, no evidence of service against the Republic of Iraq had been filed with the Court. An Affidavit of Default was filed on February 11, 2003 (EDE # 43), and a Return of Service Affidavit was filed on February 12, 2003 (EDE

experience in class action litigation. Those attorneys have organized themselves into committees in order to ensure that the litigation is conducted in a professional and expeditious manner. Plaintiffs have also engaged leading academic and diplomatic experts to assist in the development of the factual and legal bases of their claims. To date, the *Havlish* Plaintiffs have expended approximately 10,000 attorney hours and in excess of a half million dollars in pursuit of their claims.

The *Havlish* Complaint is the only filing that has been successfully served on the Foreign State Defendants and all of their implicated agencies and ministries. Moreover, of all the cases in this MDL, only *Havlish* has reached the stage where judgments have been entered, through default or otherwise, against any defendant.[4] In fact, of all the consolidated matters, only the *Burnett* action can compare to the progress achieved in *Havlish* on service and discovery issues and in proceeding toward a resolution.

Procedurally, the *Havlish* attorneys expect to shortly seek a hearing to establish liability against the Foreign State Defendants.[5] Once liability issues have been determined for those Defendants, the *Havlish* action will be in a posture to move to the damages potion of the litigation.

## II. The Proposed Case Management Order

---

# 44). Therefore, defaults have now properly been entered against every Defendant in the *Havlish* litigation.
[4] In two actions decided prior to this MDL consolidation, the Honorable Harold Baer, Jr. of this Court entered judgment against the Republic of Iraq in connection with individual claims by the survivors of two victims of the September 11 attacks. The claims asserted in those cases were substantially similar to those asserted by the *Havlish* Plaintiffs on behalf of the class. *See Doe v. The Islamic Emirate of Afghanistan, et al.*, Civil Action No. 01-CV-10144 and *Smith v. The Islamic Emirate of Afghanistan, et al.*, Civil Action No. 01-CV-10132.

[5] While the language of the Foreign Sovereignty Immunities Act (the "FSIA") appears to require a hearing before final judgment can be entered against a defaulting sovereign state, Plaintiffs' counsel believe that such a hearing may not be required in connection with claims asserted under state law and non-FSIA federal claims. Plaintiffs counsel intend to file a Memorandum of Law supporting its position at the appropriate time.

3

Attached as Exhibit "A" is a Case Management Order proposed by the *Havlish*

Plaintiffs (the "CMO"). Included in the CMO is a plan for a Plaintiffs' Executive Committee

and a Plaintiffs' General Committee. Pursuant to the Court's Order of February 6, 2004, the

proposed Executive Committee includes representatives of every category of plaintiff. The

CMO contemplates that leadership of the Executive Committee will be undertaken by

counsel for the *Havlish* and *Burnett* actions – the two cases that have advanced far beyond

any other consolidated case. Importantly, the CMO also ensures administrative stability by

designating the Kreindler & Kreindler firm as Liaison Counsel, a role that firm has

undertaken for the past several months. The CMO also envisions a broad-based Executive

Committee comprised of attorneys from 11 different law firms representing the interests of .

all categories of Plaintiffs. The *Havlish* Plaintiffs believe that the proposed composition of

that Committee places responsibility for advancement of the litigation with those that have

demonstrated a willingness and ability to do so, while ensuring that all plaintiffs are fairly

represented.

Respectfully submitted

Thomas E. Mellon, Jr., (Pa. Bar No. 16767)
John A. Corr, (Pa. Bar No. 52820)
Stephen A. Corr, (Pa. Bar No. 65266)
MELLON, WEBSTER & SHELLY
87 North Broad Street
Doylestown, PA 18901
Telephone: (215) 348-7700

4

R. Douglas Hailey, (IN Bar No. 7375-49)
Mary Beth Ramey, (IN Bar No. 5876-49)
Ramey & Hailey
3815 River Crossing Parkway
Suite 340
Indianapolis, Indiana 46240
Telephone: (317) 848-7939


Suzelle M. Smith, (D.C. Bar No. 376384;
                             CA Bar No. 113992)
Don Howarth, (CA Bar No. 53783)
Robert D. Brain, (CA Bar No. 98815)
HOWARTH & SMITH
800 Wilshire Boulevard
Suite 750
Los Angeles, CA 90017
Telephone: (213) 955-9400


Edward H. Rubenstone, (Pa. Bar No. 16542)
Lamm, Rubenstone, Totaro & David, LLC
Four Greenwood Square, Suite #200
Bensalem, PA
Telephone: 215-638-9330


J.D. Lee, (TN Bar No. 2030)
David C. Lee, (TN Bar No. 015217)
LEE, LEE & LEE
422 South Gay Street
Knoxville, TN
Telephone: 865-544-0101


Donald J. Winder, (Utah Bar No. 3519)
John Warren May, (Utah Bar No. 7412)
WINDER & HASLAM, P.C.
175 West 200 South, Suite 4000
P.O. BOX 2668
Salt Lake City, UT 84110-2668
Telephone: 801-322-2222

Richard D. Burbidge, (Utah Bar No. 0492)
Stephen B. Mitchell, (Utah Bar No. 2278)
Jefferson W. Gross, (Utah Bar No. 8339)
BURBIDGE AND MITCHELL
139 East South Temple, Suite 2001
Salt Lake City, UT 84111
Telephone: 801-355-6677

Evan J. Yegelwel
Brown, Terrell, Hogan, Ellis,
        McClamma & Yegelwel PA
233 East Bay Street
Blackstone Building, 8th Floor
Jacksonville, FL
(904) 632-2424

Dennis G. Pantazis
Timothy B. Fleming
Lori B. Kisch
Wiggins Childs Quinn & Pantazis PC
7 Dupont Circle NW, Suite 200
Washington, DC 20036
(202) 467-4123

**Attorneys for Plaintiffs**

Dated: February 27, 2004

6

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br>**TERRORIST ATTACKS**<br>**ON SEPTEMBER 11, 2001** | **MDL NO.: 1570**<br><br>**Case Management Order No. 1** |

This document relates to:
*Havlish, et al. v. Bin Laden, et al.*
03 CV 9848 (RCC)

### Consolidation

1. The actions listed in Schedule A have been transferred to this Court pursuant to 28 U.S.C.
§ 1407 for coordinated or consolidated pretrial purposes by the Judicial Panel on Multidistrict

Litigation under docket number MDL 1570 (the "Consolidated Action").  All references to

consolidation in this Order shall refer to consolidation for pretrial purposes pursuant to 28 U.S.C. §

1407.

2. Additional actions transferred and consolidated with MDL 1570 as "tag-along actions"

pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on Multi-District

Litigation or designated as "related actions" under the Local Rules of the Southern District of New

York (together, "Related Cases") shall be subject to the provisions of this Order.

3. The Clerk has assigned (an "S.D.N.Y. Docket Number") and shall maintain a separate file

for each of the actions on Schedule A and each Related Case (the "Individual Actions"). A copy of

this Order shall be placed in each such separate file. No further filings need be made in the

separate files, except as provided in Paragraph 4. All orders, pleadings, motions, and other

documents filed in the Master File will be deemed filed and entered in each individual action to the

extent applicable. The Clerk shall mail a copy of this order to counsel of record in each Individual Action.

4.Documents intended to apply only to a particular Individual Action or Actions will, as described in Paragraph 6 below, indicate in their caption the S.D.N.Y. Docket Number(s) of the Individual Action(s) to which they apply. Such documents will be filed and docketed both in the Master File and the separate file(s) for the specified Individual Action(s). Extra copies shall be provided to the clerk of the Court to facilitate such filing and docketing.

### Captions

5.Every paper filed in the Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x

IN RE: TERRORIST ATTACKS ON                    MDL No. 1570 (RCC)
SEPTEMBER 11, 2001

                                               This Document
----------------------------------------------------x    Relates to:

6.When a paper is intended to be applicable to all of the Individual Actions, the words "All Actions" shall appear after the words "This Document Relates To:" in the caption set forth above and only the Master Docket number will be identified.

7.When a paper is intended to be applicable to some, but not all, of the Individual Action, the S.D.N.Y. Docket Number for each Individual Action to which the paper applies and the full name of the decedent (or in a personal injury and/or property loss case the full name of the first plaintiff) in that action shall appear immediately after the words "This Document Relates To:" in the caption set forth above.

2

### Organization of Plaintiffs' Counsel

8. The organizational structure of plaintiffs' counsel established by this Order shall be applicable to the Consolidated Action, including any Related Cases subsequently consolidated pursuant to paragraph 2.

9. To act on behalf of plaintiffs with the responsibilities herein described, the Court designates Ronald L. Motley of Motley Rice LLC and Thomas E. Mellon of Mellon, Webster & Shelly, P.C. as Co-Chairs of the Plaintiffs' Executive Committee (hereinafter referred to as the "Executive Co-Chairs").

10.    The Court designates James P. Kreindler of Kreindler & Kreindler LLP to serve as Liaison Counsel to the Plaintiffs' Executive Committee and Paul J. Hanly, Jr. of Hanly & Conroy LLP to serve as Secretary of the Executive Committee.

11.    The fifteen members of the Plaintiffs' Executive Committee shall be the following attorneys:

Ronald L. Motley of Motley Rice LLC;

Thomas E. Mellon, Jr. of Mellon, Webster & Shelly

James P. Kreindler of Kreindler & Kreindler LLP;

Marc S. Moller of Kreindler & Kreindler LLP;

Paul Hanly of Hanly & Conroy LLP;

Michael F. Baumeister of Baumeister & Samuels, P.C.

Harry Huge of Harry Huge Law Firm, LLP

Jodi Flowers of Motley Rice LLC

Richard Hailey of Ramey & Hailey, P.C.

Dennis G. Pantazis of Wiggins, Childs, Quinn & Pantazis PC

3

J.D. Lee of Lee, Lee & Lee

Joshua M. Ambush, Esquire

Steven Cozen of Cozen & O'Connor

Elliot Feldman of Cozen & O'Connor

Sean Carter of Cozen & O'Connor

12.     The Plaintiffs' General Committee shall be composed of members appointed by the Executive Co-Chairs. The Executive Co-Chairs have the authority to jointly add or remove Plaintiffs' General Committee members as the needs of the litigation dictate. They also have authority to jointly establish subcommittees for particular duties and to appoint subcommittee chairpersons.

13.     The Plaintiffs' Executive Committee shall conduct all pretrial proceedings involving common legal and factual issues, whether relating to liability or damages, on behalf of all plaintiffs. The members of the Plaintiffs' General Committee shall, at the request of the Plaintiffs' Executive Committee, provide assistance as required in handling pretrial proceedings.

14.     In order to fulfill its responsibilities, the Plaintiffs' Executive Committee is authorized to, among other things:

a.     prepare, serve, and file motion papers and argue motions

b.     prepare, serve and file interrogatories, requests for admissions, document requests and other necessary discovery;

c.     prepare, serve and file answers and responses to defendants' discovery to the extent that such discovery involves common issues;

4

    d.       prepare for and conduct depositions;

    e.       enter into fact stipulations with the defendants;

    f.       consult and hire expert consultants and witnesses; and

    g.       otherwise coordinate the work of all plaintiffs' counsel and perform such other functions as necessary and appropriate to complete pretrial proceedings in the Consolidation Action and/or as may be authorized by the Court.

15.       The Executive Co-Chairs shall chair meetings of the Executive Committee and shall appoint chairs of subcommittees and assign responsibilities to Committee members or others, as necessary. The Executive Co-Chairs and committee chairs shall distribute all work assignments in such a manner as to promote the orderly and efficient conduct of this litigation, and shall avoid unnecessary duplication and unproductive effort.

16.       The Plaintiffs' Executive Committee shall periodically report to the Plaintiffs' General Committee and all other plaintiffs' attorneys regarding the progress of liability proceedings. Any plaintiffs' attorney may give advice and suggestions to the Plaintiffs' Executive Committee; may, when necessary, present individual or divergent positions to those of the Plaintiffs' Executive Committee at pretrial conferences; may inspect and copy the files maintained by the Liaison Counsel; and may attend all depositions and suggest areas of inquiry and questions to the Plaintiffs' Executive Committee.

17.       Liaison Counsel to the Plaintiffs' Executive Committee shall:

    a.       assist the Executive Co-Chairs in all of their duties;

    b.       receive on behalf of, and promptly distribute to, the attorneys for all

plaintiffs notice of all Court Orders and Notices of Pretrial Conferences;

c.    receive service of all papers filed by the defendants;

d.    serve, on behalf of the Plaintiffs' Executive Committee, the defendants'
      attorneys with all papers;

e.    act as spokesperson at pretrial conferences;

f.    coordinate scheduling of depositions with defendants and Plaintiffs'
      Executive Committee;

g.    maintain all liability files and make them available for inspection and
      copying to any plaintiff's attorney;

h.    maintain a current service list of all plaintiffs' and defendants' attorneys;

i.    send to all plaintiffs' attorneys periodic progress reports of the Plaintiffs'
      Executive Committee regarding pretrial liability proceedings and, upon
      receipt of comments and suggestions, promptly distribute them to the
      Plaintiffs' Executive Committee; and

j.    perform other functions as requested by the Plaintiffs' Executive
      Committee and the Court.

18.    Plaintiffs' Committee Secretary shall:

a.    assist the Liaison Counsel in all of his duties and coordinate all activities
      of plaintiffs' counsel;

b.    maintain the Committee's expense accounts;

c.    maintain financial records and accounts of receipts and disbursements for

liability expenses and periodically report them to the Plaintiffs' Executive
Committee;

   d.    ultimately account for all receipts and payments to all plaintiffs' attorneys
and the Court; and

   e.    maintain minutes of Plaintiffs' Committee meetings.

19.    All communications, including e-mail communications among the Plaintiffs'
Committee members, between the Plaintiffs' Committee members and any attorney for a plaintiff
or claimant and any plaintiff or claimant, and all communications among defense counsel shall be
deemed to be embraced by the attorney-client privilege and/or work product doctrine, if the
privilege or doctrine is otherwise applicable, and all of said persons shall maintain the
confidentiality of said communications.

### Service of Papers

20.    Service by defendants on plaintiffs of any papers shall be deemed to be complete
for all purposes when such papers are served on Plaintiffs' Liaison Counsel and copies are sent by
mail to Plaintiffs' Executive Committee members, with one service per law firm being sufficient;
or, if the papers are intended to apply only to a particular Individual Action or Actions, then
service by defendants shall be deemed complete for all purposes when such papers are served on
counsel of record for plaintiffs in that particular Individual Action or Actions and a copy is mailed
to Plaintiffs' Liaison Counsel.

21.    Service on the defendants of any papers shall be affected by service upon counsel
of record for each defendant; one law firm for each defendant and one service per law firm shall
suffice. If more than one law firm has appeared for a defendant, those firms shall jointly notify

Plaintiffs' Liaison Counsel within 10 days of the date of this Order, or within 10 days of the filing

of a notice of appearance of counsel for a defendant for whom another counsel already has

appeared, whichever is later, which firm is to receive service. Service upon local counsel for

defendants is not required.

22.      Counsel may agree to receive service electronically. Service upon any counsel

who has agreed in writing to accept electronic service shall be deemed complete when transmitted.

The writing in which counsel agree to accept electronic service need not be filed with the Court.

Any proof of service filed with the Court that reflects electronic service shall include a statement

that the attorneys served electronically agreed in writing to accept such service.

### Discovery

23.      Discovery has already commenced in the *Burnett* action with respect to

defendants who have answered the Complaint. All discovery responses already served in that

action shall be deemed part of the Consolidated Action. Discovery requests already served in the

*Burnett* action to which responses have not yet been served need not be re-served, except that

copies of all such requests shall be provided to the Plaintiffs' Executive Committee and to counsel

for any party to whom such requests pertain if such counsel has not already been served.

24.      Going forward, Requests for Production of Documents and Interrogatories shall

be served by or on a defendant within 45 days of the filing of an answer by that defendant in any

Individual Action.

25.      Depositions may commence immediately and may proceed concurrently with

written discovery. No depositions shall be extended beyond two business days without prior leave

of the Court. A party may take a deposition by videotape by so indicating in its Notice of

Deposition. Objections to a videotaped deposition must be filed and served within 5 days after the notice is served. Unless the Court has ruled to the contrary prior to the deposition, the deposition may be videotaped.

26.     The parties may seek leave of Court to conduct depositions prior to the resolution of Rule 12(b) motions.

27.     To the extent possible, the parties shall conduct consolidated discovery and all discovery notices served and all responses to all discovery requests in an Individual Action shall be deemed to be part of the Consolidated Action and each Individual Action.

28.     Interim deadlines may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date to be determined by the Court.

### Document Depository

29.     *Discovery Materials:* A document depository will be established to house and organize the discovery materials produced in this litigation for the use of the parties in these consolidated proceedings. The plaintiffs' document depository will overseen by the Secretary to the Executive Committee. The Secretary may hire independent vendors to assist with the housing and organization of discovery materials where appropriate. Where possible, The Secretary will make discovery materials available to the parties in an electronic format. The costs of the discovery depositories will be shared among the parties subject to a cost sharing agreement to be agreed upon. In the event no cost sharing agreement is reached, the court will make a determination regarding the appropriate sharing of costs of the repository. Counsel in this Consolidated Action shall have access to the discovery materials produced by the parties and available in the depository, including but not limited to interrogatory responses, responses to

9

requests for production and all responsive documents produced by the parties, answers to request

for admission, deposition transcripts and exhibits, hearing transcripts, witness statements,

corporate disclosure statements, expert witness reports and reliance materials.

     30.    *Investigative Materials:* The Court recognizes that varying degrees of

independent investigation have been untaken in the Individual Actions. Certain investigative

materials gathered by individual counsel in the course of their independent case investigations may

constitute attorney work product and will be shared only with counsel having the same interests

and subject to an agreement regarding the fair and equal sharing of costs and expenses of obtaining

and producing said investigative materials and attorney work product. The Plaintiffs' Executive

Committee will make a good faith effort to resolve the cost-sharing issues relevant

to independent investigative materials. Any challenges to claims of work product as to

investigative materials will be determined by the Court.

     31.    *Document Translation:* As set forth in the Federal Rules of Civil Procedure and

applicable case law, a party producing documents in a language other than English shall produce

existing translations of those documents. The cost of translating documents produced by non-

parties or for which no existing translation exists, including documents already translated in any of

the Individual Actions, will be shared by those wishing to access the information under a cost-

sharing agreement to be agreed upon by the parties.

### Admission of Attorneys and Appearances

     32.    In accordance with Rule 1.4 of the Rules Procedure of the Judicial Panel on

Multidistrict Litigation, any attorney of record in any of the Individual Actions may continue to

represent his or her client in this Court in this action. Such attorneys shall be deemed admitted *pro*

*hac vice* for purposes of the Consolidated Action and need not obtain local counsel.

## Case Management Conferences

33.     Plaintiffs' Liaison Counsel and defendants' counsel shall confer at least five (5)

business days in advance of each scheduled Case Management Conference for the purpose of

attempting to narrow and agree upon issues to be discussed at the conference and for the further

purpose of preparing and submitting to the Court an agreed-upon Case Management Conference

agenda, including a schedule of motions that are ready to be heard.  Such agenda shall be

submitted to the Court at least three (3) business days in advance of the Case Management

conference and, to the extent reasonable, the parties shall be limited to discussion of the matters on

the agenda.


SO ORDERED:

Dated:


_____
Richard Conway Casey
United States District Judge

11

## CERTIFICATE OF SERVICE

I, John A. Corr, Esquire, hereby certify that I caused a true and correct copy of the

foregoing Status Report and Proposed Case Management Order to be served by facsimile and

first class mail upon all parties on the attached service list.

Date:   February 27, 2004

Counsel for Plaintiffs
*Havlish, et al. v. Bin Laden, et al.*
Action No. 03 CV 9848 (RCC)