**EXHIBIT 7**



Robert K. Kry
MoloLamken LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.536.2011
rkry@mololamken.com
www.mololamken.com

January 26, 2016

J. Scott Tarbutton
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000
STarbutton@cozen.com

BY EMAIL

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-01570
      (GBD) (FM) (S.D.N.Y.)

Dear Scott:

    We write to follow up on issues discussed during our January 15, 2016 meet and confer, and to respond to your letter of January 22, 2016.

    At the meet and confer, as a means of addressing Dallah Avco's undue burden objection, you proposed that Dallah Avco search a randomly selected sample of ANSS employee files for performance reviews and employee work product.  Although Dallah Avco maintains its objection that searching for documents unrelated to Omar Al Bayoumi is beyond the scope of the Second Circuit's mandate and proper jurisdictional discovery, in the interests of compromise and good-faith cooperation, our client is willing to agree to this proposal.

    You also asked us to advise on the nature of the relationship between Dallah Avco and Avco Overseas, and in particular, whether Dallah Avco might be deemed to have possession, custody, or control of documents held by Avco Overseas.  Our client advises that there is no current corporate relationship between the two companies:  At some point in the 1970s or 1980s, Avco Overseas held a minority stake (believed to be about 15%) in Dallah Avco, but Avco Overseas divested that stake sometime in the mid-1980s and has not had any corporate affiliation with Dallah Avco since then.  Consequently, we see no basis to conclude that Dallah Avco has possession, custody, or control of Avco Overseas' documents.

    You asked for information about the ANSS contract provision that required Dallah Avco to establish "recruitment offices" in various regions, including the "United States or Canada," and actions taken by Dallah Avco to comply with that provision.  Our client does not believe that Dallah Avco ever established its own office in the United States or Canada, in connection with this provision or otherwise.  Rather, our client understands that Dallah Avco relied on its

business relationships with third parties (including Avco Overseas, a separate company independent from Dallah Avco) to satisfy this contractual obligation. Our client does not recall the PCA ever objecting to this interpretation of the contract or complaining about Dallah Avco's approach to complying with this obligation.

You asked whether our client is aware of any secondments of government employees to projects other than the ANSS project. Our client is not aware of any such secondment and doubts that such secondments occurred, although the possibility cannot be conclusively excluded without tracking down the company managers or human resources staff with responsibility for each particular project at the time.

Finally, your January 22, 2016 letter notes that the 23 pages of documents at DA002309-2331 concern employees other than Omar Al Bayoumi and contends that Dallah Avco's provision of those documents to its expert proves that such documents are relevant to the issues before the court. Contrary to your claim, Dallah Avco does not contend that those 23 pages of documents are relevant to its claims or defenses regarding Omar Al Bayoumi. Dallah Avco provided those documents to its expert as background information about its business.

Moreover, your letter misstates our position with respect to such documents. Our objection is not solely – or even primarily – that documents unrelated to Omar Al Bayoumi are outside the scope of discovery because they are "categorically irrelevant." Rather, wide-ranging discovery into Dallah Avco's business unrelated to Omar Al Bayoumi would also be unduly burdensome, and beyond the scope of the Second Circuit's mandate and permissible jurisdictional discovery. The fact that Dallah Avco provided certain illustrative documents to its expert by way of general background about its business does not establish that *any and all* such documents are an appropriate target for discovery demands.

Sincerely,

Robert Kry

2