# EXHIBIT 10



Robert K. Kry
MoloLamken LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

April 11, 2016

Sean P. Carter
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
(215) 665-2000

BY EMAIL

      Re:    *In re Terrorist Attacks on September 11, 2001*, 1:03-md-01570-GBD-FM

Dear Sean:

      We write to provide an update on two matters addressed by our prior correspondence and your motion to compel, and also to propose a compromise on a third matter.

      *First*, our January 14, 2016 letter stated that "our client is not aware at this time of any Saudi government employee who was seconded to the ANSS project other than Mr. al Bayoumi, and our investigation to date has not identified any evidence that any Saudi government employee was seconded to the ANSS project other than Mr. al Bayoumi." Since we sent you that letter, as a result of additional Arabic keyword searches of the ANSS employee database, we were able to identify a small number of other apparent secondments of Saudi government employees to the ANSS project of which our client representative was not previously aware. We are producing to you today the relevant documents that we located as well as the entire employee files in which those documents were contained (again with medical information redacted on nonresponsiveness and personal privacy grounds). Those documents can be found at DA008581-9224. With that production, we can confirm that Dallah Avco has conducted a reasonable search of the ANSS employee files for documents relating to secondments of Saudi government employees to the ANSS project and has produced all responsive, non-privileged documents located through that search.

      *Second*, you previously requested "documents that describe the necessary qualifications, skills, credentials, and training for each of th[e] positions" listed in earlier correspondence. Our client was able to locate additional ANSS contract documents that may be relevant to that request. We are producing those documents today at DA009225-10063.

      Both the foregoing productions are without prejudice to Dallah Avco's previously stated objections, including its objection to searching for or producing documents that do not relate to Omar al Bayoumi.

*Finally*, plaintiffs' motion seeks to compel production of documents relating to Ercan Engineering and Avco Overseas, two United States companies that provided services to the ANSS project. Dallah Avco objects to searching for or producing those documents to the extent they do not relate to Omar al Bayoumi on multiple grounds. In addition, Dallah Avco objects to searching for or producing Avco Overseas documents on the ground that plaintiffs' document requests did not include any request for documents relating to Avco Overseas. Dallah Avco is particularly concerned about the undue burden and expense posed by having to repeat its search of the Dallah City files or other files that were not scanned by the vendor.

Dallah Avco has already conducted a painstaking manual search of those files for documents relating to Omar al Bayoumi. That search did not identify any documents that related to both Omar al Bayoumi and Ercan, and it identified only a handful of documents that related to both Omar al Bayoumi and Avco Overseas (specifically, the documents concerning Avco Overseas' payment of educational expenses for al Bayoumi in 1994, one year before the PCA seconded al Bayoumi to the ANSS project and six years before the events at issue in this suit).

As I mentioned during our meet and confer, given its objections, Dallah Avco did not conduct the same sort of systematic search for documents relating to Ercan or Avco Overseas that it conducted for documents relating to Omar al Bayoumi. Nonetheless, in light of plaintiffs' document requests, files relating to Ercan that were encountered during the Dallah City search were set aside, and we have now obtained copies of those files from our client. Specifically, Dallah Avco located two files of Ercan documents, comprising 819 pages, primarily consisting of purchase orders, invoices, bills of freight, and other documents relating to parts and supplies. By contrast, files relating to Avco Overseas were not set aside (except to the extent they related to al Bayoumi) because, as already noted, you never requested them.

Dallah Avco proposes the following compromise in connection with these issues. Notwithstanding its objections, Dallah Avco would produce the two files of Ercan documents mentioned above. In return, plaintiffs would agree that Dallah Avco does not have to conduct any further searches for documents relating to Ercan or Avco Overseas in its Dallah City files or other physical files that the vendor has not scanned. This compromise would provide plaintiffs with access to the Ercan files that Dallah Avco has located, while allowing Dallah Avco to address its principal concern in connection with further discovery, namely, having to repeat the laborious process of manually searching the Dallah City files.

Please let us know if that proposal is acceptable.

Sincerely,

Robert Kry