

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 660
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

May 27, 2016

The Honorable Frank Maas
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, NY  10007

BY ECF AND FEDERAL EXPRESS

    Re:    *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570 (GBD) (FM)
             Request to Submit Under Seal

Dear Judge Maas,

       We represent defendant Dallah Avco and respectfully write to request permission to submit under seal Exhibits 11 to 17 to the Declaration of Abdullah Yamani, filed today in support of Dallah Avco's opposition to plaintiffs' motion to compel.

       As the Court will recall, substantially all the documents that Dallah Avco has produced in this case are subject to confidentiality obligations imposed by its ANSS contracts with a Saudi government agency, the Presidency of Civil Aviation (now known as the General Authority of Civil Aviation).  Yamani Decl. ¶11 & Ex. 1.  As a result of Dallah Avco's efforts, the GACA authorized production of the documents.  But the GACA conditioned its authorization on Dallah Avco's designation of the documents as confidential under the governing protective order.

       The existing protective order does not provide for the sealing of court submissions.  Dkt. 1900 ¶M(3).  Nonetheless, the order contemplates that parties may seek permission to seal such submissions if the need arises.  *See id.* at 6 (denying sealing only "pursuant to the Defendant's Committee's current application").  In light of the GACA's directive, Dallah Avco respectfully requests that it be permitted to submit the exhibits in question under seal.

       Good cause for sealing the exhibits exists because the GACA conditioned its authorization to produce the documents on Dallah Avco's designation of the documents as confidential and therefore evidently considers that the documents should not be publicly disclosed.  A Saudi government agency's determination regarding the confidentiality of documents should be given substantial deference by the Court.  *See Strauss v. Credit Lyonnais, S.A.*, No. 06-cv-702, 2011 WL 4736359, at *5-6 (E.D.N.Y. Oct. 6, 2011) (sealing documents considered confidential under French law that were obtained under promise of confidential treatment under protective order); *see also Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) (allowing redactions where filing "contain[ed] confidential information concerning an agreement with a non-party entity");

*Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (similar).

By contrast, the public interest in these documents is limited. Most of the exhibits to Mr. Yamani's declaration, along with the declaration and opposition brief themselves, are being publicly filed: Exhibits 1 to 8 do not contain confidential information, while Exhibits 9 and 10 were already publicly filed as Exhibits S and V to plaintiffs' motion. The public thus already has an ample basis to assess the arguments that Dallah Avco is making in response to plaintiffs' motion. For the most part, moreover, the exhibits to be sealed are simply representative samples of certain categories of documents being submitted to show that Dallah Avco produced documents plaintiffs claim were withheld.

Accordingly, Dallah Avco respectfully requests that the Court permit it to submit Exhibits 11 to 17 to Mr. Yamani's declaration under seal. We thank the Court for its time and attention to this matter.

Respectfully submitted,

Robert K. Kry

cc: all counsel by ECF