UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM) <br> ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(FM)

### The *Ashton* Wrongful Death Plaintiffs' Motion for Final Judgments

For the reasons set forth below, and the statements contained in the declaration of James P. Kreindler, Esq. ("Kreindler Decl."), the *Ashton* plaintiffs, by and through their counsel, Kreindler & Kreindler LLP, respectfully move this Court to award in certain cases solatium damages for the losses suffered by the relatives of the decedents in the same amounts previously awarded by this Court to the *Havlish* plaintiffs; award them prejudgment interest on those damages as set forth below; and award them economic damages as described herein. This motion is made on behalf of the *Ashton* plaintiffs listed in Exhibit A attached to the Kreindler Declaration, with permission sought to allow the remaining *Ashton* plaintiffs to move for the similar relief in separate stages.

Having already been awarded partial judgment for the conscious pain and suffering of their decedents, the awards in the attached proposed order will constitute final awards in those cases in Exhibit A to the Kreindler Declaration.

### I. Procedural Background

Relying on evidence and arguments submitted by various plaintiffs, including the *Ashton* wrongful death plaintiffs, in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks, this Court previously issued a default judgment on liability against Iran on behalf of all *Ashton* plaintiffs. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD)

1

(FM), Doc. No. 3008, Entered 08/26/2015. Subsequently, the *Ashton* wrongful death plaintiffs moved for partial summary judgment for the conscious pain and suffering that their decedents suffered before death, which a December 28, 2015 Report and Recommendation to this Court recommended be granted, and recommended awarding a default judgment against Iran in the amount of $7,556,880,000, representing compensatory damages of $2 million per decedent and punitive damages of $6.88 million per decedent. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/15. The Report and Recommendation also concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of injuries in New York State the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered and to the extent the injuries arose elsewhere 4.96 percent interest per annum compounded annually was appropriate. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/15, pp. 1 – 2. The District Court then adopted that Report and Recommendation in its entirety. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3229, Entered 03/09/16.

In addition to awarding pre-death conscious pain and suffering in certain wrongful death actions, this Court previously considered the issue of solatium damages suffered by the *Havlish* plaintiffs and the economic damages arising out of each of the *Havlish* cases. This Court found, among other things, that an award to the immediate family members of each decedent was proper and that prejudgment interest on that loss amount was warranted. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2623, Entered 10/03/12, pp. 4 – 5.

For the reasons below as well as those set forth in the prior motion for partial judgment made by the *Ashton* wrongful death plaintiffs, the *Ashton* plaintiffs now move this Court to grant the attached proposed Order awarding the first round of claimants the same amount of

compensatory damages for their solatium losses as awarded in the *Havlish* case, directing that pre-judgment interest be assessed at the 9% rate previously awarded in connection with the *Ashton* plaintiffs' motion for partial judgment on conscious pain and suffering, and awarding economic damages as described below. The *Ashton* plaintiffs also ask for permission to continue to submit applications in subsequent stages on behalf of those claimants not included in the attached exhibit.

II. **Damages**

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages are available under the federal law and include money damages "for personal injury or death." *See* 28 U.S.C. § 1605A(a)(1) and (c)(4). The damages available to plaintiffs in a Section 1605A action include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

The *Ashton* plaintiffs are therefore entitled to compensation under Section 1605A for the solatium and economic losses suffered as a result of the wrongful death of each of their decedents.

A. Solatium Damages

Section 1605A specifically provides for solatium damages. Under that provision, family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). Given that, in FSIA cases solatium claims have been treated as comparable to claims for intentional infliction of emotional distress. *See, e.g., Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001))

When previously awarding solatium damages in the *Havlish* cases, this Court looked to the framework established by District Court Judge Royce Lambert in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). There, Judge Lamberth concluded that solatium damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.* This formula may, however, be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

4

Magistrate Judge Maas has previously recognized that the immediate family members of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound agony and grief and, "[w]orse yet, … are faced with frequent reminders of the events of that day. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2618, Entered 07/30/12, pp. 10 – 12. Given the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families," the *Havlish* Report and Recommendation concluded that an upward departure was appropriate and recommended solatium damages in the following amounts:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

The solatium losses suffered by the *Ashton* claimants are legally and factually comparable to those suffered by the *Havlish* claimants. Each of the deaths in this case were sudden and unexpected and were the result of the terrorism defendants' extreme acts of malice. The decedents were civilians whose deaths were intended to create an environment of fear and terror. The claimants here were not attenuated victims but paid the immediate price for the terrorist acts and consequences. Many family members can visit no private cemetery plot or gravestone to visit their loved ones but are instead resigned to never have the closure that might otherwise be expected after the death of an immediate family member. The amount of solatium damages previously adopted by the District Court in the *Havlish* cases should apply equally to the *Ashton* plaintiffs and they therefore respectfully request that they be awarded solatium damages in those

same amounts, based on their relationship with their decedents and as set forth in the attached exhibit.

### B. Economic Damages

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are] ... entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser*, 466 F.Supp.2d 229. Thus, for example, United States District Court Royce C. Lambreth of the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F.Supp.2d at 78.[1]

Previously, this Court awarded economic damages in each *Havlish* case for the "economic losses stemming from the wrongful death of the decedent[.]" *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2623, Entered 10/03/12, pp. 2 – 3. In doing so, it adopted the economic loss calculations set forth in the *Havlish* plaintiffs' economic expert reports.

---

[1] In adopting this estate-accumulations calculation, Judge Lambreth recognized that case law under the FSIA was "develop[ing] ... a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth*, 78 F.Supp.3d at 82.

The *Ashton* plaintiffs respectfully ask that this Court award economic damages in each of those cases listed in the attached Exhibit A. None of the plaintiffs listed in Exhibit A opted to seek compensation through the September 11 Victim Compensation Fund of 2001 (the "VCF") and instead proceeded against airline defendants in litigation. In connection with that litigation, the Exhibit B plaintiffs retained experts who rendered opinions as to the economic loss that resulted from the wrongful death of the Exhibit A decedents. Attached hereto as Exhibit A are copies of those economic expert reports for all of the Exhibit A cases. Additionally, to make current the economic loss figures calculated by the experts in the reports attached hereto, the plaintiffs retained an expert to bring the present value of the estimated economic loss up to date. The analyses of that expert along with a description of his methodology and his *curriculum vitae* are attached hereto as Exhibit C.

Accordingly, the *Ashton* plaintiffs respectfully request that they be awarded economic damages as set forth in the attached Exhibit A, which is the figure previously calculated by the plaintiffs' respective economic experts as the economic loss suffered as a result of each decedent's wrongful death and brought to present value.

### III.    Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Ashton* plaintiffs and the *Havlish* plaintiffs, the *Ashton* wrongful death plaintiffs respectfully request that this Court (1) award them solatium and economic damages as set forth in the attached Exhibit A, (2) direct that prejudgment interest of 9% on the solatium awards running from September 11, 2001 until the date of judgment to the extent that their injuries arose in New York be assessed; (3) economic loss be awarded in the amounts set forth in Exhibit A, as supported by the attached economic expert reports and analysis; and (4) permit the remaining

*Ashton* plaintiffs to seek solatium damages in the same amounts awarded here and economic damages as calculated by economic experts and/or prior determinations in future stages.

Dated: New York, New York
      June 8, 2016

Respectfully submitted,

KREINDLER & KREINDLER LLP

BY: __/s/ James P. Kreindler__
James P. Kreindler, Esq.
Andrew J. Maloney III, Esq.
750 Third Avenue, 32nd Floor
New York, New York 10017
Tel: (212) 687-8181
*Attorneys for Ashton Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM) ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-CV-6977 (GBD)(FM)

## [PROPOSED] FINAL ORDER OF SUMMARY JUDGMENT

Upon consideration of the evidence and arguments submitted by personal injury Plaintiffs in the *Ashton* cases referenced above and the Judgment by Default Against the Islamic Republic of Iran entered on 08/26/2015, together with the entire record in this case, it is hereby;

**ORDERED** that final judgment is entered on behalf of those Plaintiffs in *Ashton et al. v. Al Qaeda Islamic Army et al.*, 02-CV-6977 (GBD) (FM) identified in the attached Exhibit A against the Islamic Republic of Iran; and it is

**ORDERED** that the *Ashton* Plaintiffs identified in the attached Exhibit A are awarded solatium damages as set forth in Exhibit A with prejudgment interest on those awards to be calculated at the rate of 9% per annum from September 11, 2001 until today;

**ORDERED** that the *Ashton* Plaintiffs identified in the attached Exhibit A are awarded economic damages as set forth in Exhibit A and as supported by the expert reports and analyses submitted as Exhibits B and C; and

**ORDERED** that the *Ashton* Plaintiffs not appearing on Exhibit A may submit in later stages applications for solatium and economic damages awards that will be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A.

Dated:   New York, New York
         _____, 2016

1

2

SO ORDERED:

_____
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE