UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In Re:                                             :

    TERRORIST ATTACKS                          :
    ON SEPTEMBER 11, 2001
                                                   :

-----------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  7/12/16
```

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
GEORGE B. DANIELS**

03 MDL 1570 (GBD) (FM)

**FRANK MAAS,** United States Magistrate Judge.

This document relates to:

Ashton v. al Qaeda Islamic Army, 02cv6977 (GBD) (FM) ("Ashton"),
Federal Insurance Co. v. al Qaida, 03cv6978 (GBD) (FM) ("Federal Insurance"),
Havlish v. bin Laden, 03cv9848 (GBD) (FM) ("Havlish"), and
Estate of John P. O'Neill, Sr., v. Republic of Iraq, 04cv1076 (GBD) (FM) ("O'Neill"),

**FRANK MAAS,** United States Magistrate Judge.

I.    Introduction and Procedural History

          On December 22, 2011, Your Honor entered a default judgment ("Original

Default Judgment") against, inter alia, the Islamic Republic of Iran ("Iran") on behalf of

the plaintiffs in Havlish ("Havlish Plaintiffs"), one of the cases comprising this MDL

proceeding. (ECF No. 2516). By Decision and Order dated October 3, 2012, Your

Honor adopted my Report and Recommendation urging that the Havlish Plaintiffs be

awarded damages against Iran in excess of $6 billion. (ECF Nos. 2618, 2623).

Thereafter, on August 31, 2015, relying on the evidence presented by the Havlish

Plaintiffs to obtain the Original Default Judgment, Your Honor entered default judgments

against Iran on behalf of the plaintiffs in the Ashton, Federal Insurance, and O'Neill

actions (together, the "Respondents").  (See ECF Nos. 3020-22).  By Memorandum

Opinion and Order dated May 9, 2016, Your Honor adopted my Report and

Recommendation urging that the Ashton Plaintiffs and the Federal Insurance Plaintiffs be

awarded damages against Iran in excess of $10 billion.  (ECF Nos. 3175, 3229).  The

Havlish Plaintiffs have now moved for an order requiring the Respondents to deposit

eight percent of any damages recovered from Iran pursuant to that award into a common

benefit fund to compensate the Havlish Plaintiffs for their efforts in securing the Original

Default Judgment.  For the following reasons, that motion, (ECF No. 3235), should be

denied without prejudice to its later renewal.

II.      Common Benefit Doctrine

         In a typical case, "the attorney for the prevailing litigant must . . . look to

his or her own client for payment of attorneys' fees."  In re Vioxx Products Liab. Litig.,

760 F. Supp. 2d 640, 647 (E.D. La. 2010).  "Since the nineteenth century, however, the

Supreme Court has recognized an equitable exception to this rule – known as the . . .

common benefit doctrine – that permits . . . lawyers who recover [funds] for the benefit of

persons other than themselves to obtain reasonable attorney's fees out of the fund."  In re

Zyprexa Products Liab. Litig., 594 F.3d 113, 128 (2d Cir. 2010) (Kaplan, J., concurring).

Although the common benefit doctrine is primarily applied in class action cases, "the

efficient handling of [MDLs] demands a similar approach."  Id. at 130.

         In an MDL where all attorneys are working on a contingency fee basis, as

here, the fee to which attorneys who perform common benefit work are entitled (the

"common benefit fee") is drawn from the contingency fee of the attorneys who have not performed common benefit work.  In re Vioxx, 760 F. Supp. 2d at 653 ("[A] common benefit [fee] is deducted not from the claimant's portion but from the total amount of counsel fees payable under the individual contingent fee arrangements.").  Accordingly, fixing the amount or percentage of the common benefit fee, assuming one should be set, necessarily requires a comparison of the amount of work reasonably contributed to the final recovery by the attorneys who performed common benefit work and those who did not.  Id. ("[I]n determining a reasonable common benefit fee the Court must resolve the 'taffy pull' between the interests of common benefit counsel and primary attorneys in receiving fair compensation for their respective work.").  "[I]f the court finds that the person from whom restitution is sought has made a valuable contribution to the transaction by which the . . . fund is created," it therefore may "reduce or eliminate[]" the common benefit fee.  See Restatement (Third) of Restitution and Unjust Enrichment § 29(4) (2011).

III.   Discussion

The Havlish Plaintiffs' motion was filed just ten days after the Court awarded damages against Iran in the Ashton and Federal Insurance actions.  (ECF Nos.

3229, 3235).[1]  Critically, the Court at this point can only speculate as to the amount of effort the Respondents will expend to collect that award and the sums, if any, that they will actually recover.  Therefore, at this early stage of the post-judgment proceedings against Iran, it is premature for the Court to reach the merits of the Havlish Plaintiffs' motion.

As an initial matter, the Court has no basis for determining the extent of the work that the Respondents will undertake to recover damages from Iran, should they be able to do so.  The Havlish Plaintiffs allege that they have already invested "tens of thousands of hours of attorney time . . . in pursuit of evidence against Iran."  (See ECF No. 3236 ("Havlish Pls.' Mem.") at 4).  Even if one were to assume that these hours were reasonably expended and benefitted the Respondents, the amount of work necessarily expended by the Respondents to obtain a recovery for their clients may very well eventually eclipse that time.  As the Havlish Plaintiffs concede, recovery on the Respondents' awards "against Iran is likely to require an investment of time and money, possibly in pursuing judgment recognition and execution proceedings in foreign countries, global investigations, and other undertakings."  (ECF No. 3292 ("Havlish Pls.' Reply") at 12).  Moreover, the Respondents' post-judgment recovery efforts may benefit

---

[1]     The damage award only partially resolved the Ashton Plaintiffs' and Federal Insurance Plaintiffs' damages claims against Iran.  (See, e.g., ECF Nos. 3175 at 3 n.2 ("TIG Insurance Company is not seeking damages against Iran at this juncture."), 3270 (noting that the Ashton "Personal Injury" Plaintiffs will move for damages against Iran at a "later time")).  Moreover, despite the entry of a default against Iran in favor of the O'Neill Plaintiffs, (ECF No. 3022), they have yet to seek damages against Iran.

4

the Havlish Plaintiffs, further diminishing the alleged disparity between the Havlish

Plaintiffs' and the Respondents' efforts in pursuing claims against Iran.  As a

consequence, the Respondents' efforts to recover damages from Iran may substantially

diminish the basis for creating a common benefit fund in favor of the Havlish Plaintiffs.

See Restatement (Third) of Restitution and Unjust Enrichment § 29(4); see also Charles

Silver, Geoffrey P. Miller, The Quasi-Class Action Method of Managing Multi-District

Litigations: Problems and a Proposal, 63 Vand. L. Rev. 107, 127-28 (2010) ("Only

claimants who sit on their hands . . . can be made to pay. . . .  [Under the common fund

doctrine,] [w]hen everyone contributes something of importance, no one receives

restitution from anyone else.").  It therefore is too early in this MDL to determine what

fee, if any, the Havlish Plaintiffs are entitled to recover for their work in obtaining a

default judgment against Iran.  See Duke Law Center For Judicial Studies, Standards and

Best Practices for Large and Mass-Tort MDLs 68 (2014) ("[T]he court usually will defer

setting the precise percentage of settlement proceeds that will fund the [common benefit

fund] until the MDL is resolved or settled when the value of the common benefit work is

known.").

            A second related obstacle to deciding the Havlish Plaintiffs' motion at this

juncture is that the quantum of damages to be collected from Iran has yet to be

determined.  If the Respondents are successful in collecting the full damage award from

Iran, it would amount to a multi-billion dollar recovery.  (See, e.g., ECF No. 3229

(awarding to the Ashton and Federal Insurance Plaintiffs damages in excess of $10 billion

against Iran)).  In that circumstance, the common benefit fee requested by the Havlish

Plaintiffs – eight percent of the recovery –  would result in a common benefit fund

approaching nine figures.  On the other hand, the Respondents may never be able to

extract a meaningful recovery from Iran, making consideration of the Havlish Plaintiffs'

motion an entirely academic exercise.  It seems ill advised to wade into this dispute

without a fuller understanding of what is at stake.  Indeed, the amount recovered by the

Respondents will significantly impact the Court's determination of the fees, if any, to

which the Havlish Plaintiffs are entitled.  See Manual for Complex Litigation 193 (4th ed.

2004) ("Generally, the factor given the greatest emphasis [in determining the common

benefit fee] is the size of the fund created.").  Moreover, it will inevitably affect the

amount of resources both parties expend in pursuing and defending the imposition of a

common benefit fund.  In that regard, neither the Havlish Plaintiffs nor the Respondents

have submitted contemporaneous time records documenting the hours they expended in

obtaining their default judgments against Iran, despite the fact that courts often rely on

such information in determining the common benefit fee.  See id. at 191 ("A number of

courts favor the lodestar as a backup or cross-check on the percentage method when fees

might be excessive.") (collecting cases).  In sum, the fact that the quantum of recovery

against Iran remains indeterminate favors deferring a decision with respect to the merits

of the Havlish Plaintiffs' motion.

In an effort avoid this conclusion, the Havlish Plaintiffs argue that, unless

the Court sets the common benefit fee at this stage in the proceedings, "actual recoveries

6

[will] be needlessly delayed by further litigation that could have been addressed in the interim." (Havlish Pls.' Reply at 2). This result, however, is far from inevitable. There very well may be indicators months in advance that a recovery against Iran is forthcoming, thereby enabling the court to resolve this dispute prior to the distribution of any funds. Even if that were not the case, the potential benefit of making a more reasoned decision at a later stage with respect to a matter of such potential significance far outweighs any cost associated with temporarily withholding eight percent of a hypothetical future recovery against Iran.

IV.    Conclusion

        For the foregoing reasons, the Havlish Plaintiffs' motion to establish a common benefit fund, (ECF No. 3235), should be denied without prejudice to its later renewal.[2]

V.    Notice of Procedure for Filing Objections to this Report and Recommendation

        The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, to my chambers at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York

---

        [2]    In making this recommendation, I am not suggesting that the Havlish Plaintiffs will, in fact, eventually be entitled to the establishment of a common benefit fund.

10007, and to any opposing parties.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72(b).  Any requests for an extension of time for filing objections must be directed to

Judge Daniels.  The failure to file timely objections will result in a waiver of those

objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C.

§ Fed. R. Civ. P. 6(a), 6(d), 72(b).

           SO ORDERED.

Dated:        New York, New York
              July 12, 2016

                                        _____
                                              FRANK MAAS
                                        United States Magistrate Judge

Copies to all counsel via ECF