```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   7/12/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In Re:                                               :        **REPORT AND**
                                                              **RECOMMENDATION**
   TERRORIST ATTACKS            :        **TO THE HONORABLE**
   ON SEPTEMBER 11, 2001              **GEORGE B. DANIELS**
                                                     :
                                                              03 MDL 1570 (GBD) (FM)
-----------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

      The United States branch of Al Haramain Islamic Foundation ("Al Haramain (USA)") is one of the numerous defendants in this expansive multidistrict litigation. Al Haramain (USA) and others are alleged to have funneled millions of dollars into al Qaeda and related terrorist groups.

      On September 15, 2015, the Plaintiffs filed a letter-motion seeking sanctions, including the entry of a default judgment, against Al Haramain (USA). In their letter-motion, the Plaintiffs argued, <u>inter alia</u>, that Al Haramain (USA) failed to make a timely production of its documents relating to its petition to be removed from the list of terrorist organizations maintained by the United States Treasury Department Office of Foreign Asset Control ("OFAC"). (<u>See</u> ECF Nos. 3035, 3071-3 (Petition from Al Haramain (USA) to OFAC, dated Aug. 24, 2012)).

      At the time of the Plaintiffs' application, OFAC already had agreed to delist Al Haramain (USA), provided that Al Haramain (USA) paid a civil tax assessment and formally dissolved. (<u>See</u> ECF No. 3071-1 (Decl. of Alan R. Kabat, dated Oct. 19, 2015), ¶ 7). After taking into account the tax assessment, Al Haramain (USA) estimated that it

had $257,725 in remaining funds, all of which continued to be frozen by OFAC. (Id. ¶ 8).

During a conference on July 8, 2016, counsel for Al Haramain (USA) informed the Court that OFAC had granted it a license to distribute its remaining assets based on its undertaking to dissolve following that distribution. According to Al Haramain (USA), the OFAC license allows it to distribute the majority of its funds to the Plaintiffs to satisfy an earlier discovery sanctions award of attorneys' fees and costs in the amount of $134,620.48. (See ECF Nos. 3087, 3170). The remaining funds will be distributed to Al Haramain (USA)'s counsel as partial payment of its outstanding fees. Following this distribution, as agreed with OFAC, Al Haramain (USA) will begin the process of formally dissolving as an organization, and hence will no longer defend itself in this MDL.

Because Al Haramain (USA) is in the process of dissolving itself and will no longer defend this action, the Plaintiffs are entitled to the entry of a default judgment against Al Haramain (USA). See City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 130 (2d Cir. 2011) ("[T]he district court did not abuse its discretion in entering a . . . default against either [defendant, because] each defendant affirmatively signaled to the district court its intention to cease participating in its own defense."). Indeed, through its counsel, Al Haramain (USA) has informed the Court that it does not object to the entry of a default judgment against it at this juncture.

For the foregoing reasons, the Plaintiffs' letter-motion, (ECF No. 3035), should be granted to the extent it requests a default judgment, and a judgment should be entered against Al Haramain (USA).

<u>Notice of Procedure for Filing Objections to this Report and Recommendation</u>

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. <u>See also</u> Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, to my chambers at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Daniels. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

SO ORDERED.

Dated:   New York, New York
         July 12, 2016

_____
FRANK MAAS
United States Magistrate Judge

Copies to all counsel via ECF