**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) <br> ) No. 03 MDL 1570 (GBD/FM) <br> ) ECF Case <br> ) |

This document relates to:

> ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
> Case No. 02-CV-6977;
> BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*,
> Case No. 03-CV-5738;
> CANTOR FITZGERALD ASSOCIATES, LP, *et al.* v. AKIDA INVESTMENT CO., LTD., *et al.*,
> Case No. 04-CV-7065;
> CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
> Case No. 04-CV-05970;
> EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
> Case No. 04-CV-07279;
> FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*,
> Case No. 03-CV-6978; and
> ESTATE OF O'NEILL, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
> Case No. 04-CV-1923.

**Defendant Al Haramain Islamic Foundation, Inc. (USA)**
**Rule 72 Objections to July 12, 2016 Report and Recommendation**

Defendant Al Haramain Islamic Foundation, Inc. (USA) ("Al Haramain USA"), pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., respectfully submits its objections to the Magistrate Judge's Report and Recommendation dated July 12, 2016 (ECF No. 3310), which recommended that this Court issue a default judgment.

As set forth below, the Magistrate Judge, in October 2015, expressly rejected plaintiffs' request for a default judgment, which this Court affirmed in December 2015. Now, however, the Magistrate Judge has recommended a default judgment, even though nothing has changed that would warrant issuing a default judgment. The law of the case doctrine precludes revisiting the prior decisions denying Plaintiffs' request for a default judgment.

I. **Introduction and Procedural Background.**

This arose from a straightforward discovery dispute – whether Al Haramain USA should be sanctioned because it is alleged to have delayed in producing documents that were subject to a protective order in a pending criminal case in the U.S. District Court for the District of Oregon. However, Al Haramain USA ultimately produced <u>all</u> the documents that Plaintiffs requested – over 76,000 pages – regardless of whether they were relevant to the claims and defenses. Magistrate Judge Maas specifically held that Plaintiffs have suffered <u>no</u> prejudice from having to wait until early 2013 for the production. *See* Opinion, at 4 ("there was no showing that the Plaintiffs were prejudiced by Al Haramain (USA)'s delay") (ECF No. 3087) (Oct. 28, 2015).

Magistrate Judge Maas expressly rejected the other discovery issues that Plaintiffs raised in their motion to compel (ECF No. 3035), and further denied the Plaintiffs' request for an adverse inference, a default judgment, or any sanction other than attorneys' fees for bringing their motion. *See* Opinion, at 4-5 (ECF No. 3087). This Court affirmed, including the ruling that denied Plaintiffs' request for a default judgment. *See* Order (Dec. 18, 2015) (ECF No. 3170).

However, at the July 8, 2016 hearing, Magistrate Judge Maas stated that he would now recommend a default judgment against Al Haramain USA, even after undersigned counsel explained that a default judgment would be a nullity, given the dissolution of the organization pursuant to the decision of the Office of Foreign Assets Control (OFAC) to delist the organization and OFAC's decision on the distribution of the remaining assets (which is a nonjusticiable political question).

Magistrate Judge Maas then entered a recommendation for a default judgment. *See* Report and Recommendation, at 3 (ECF No. 3310) (July 12, 2016).

**II.      Standard of Review.**

Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1) govern this Court's review of a magistrate judge's ruling on a pretrial matter that is dispositive of a party's claim or defense, including a default judgment.

This Court reviews a magistrate judge's ruling on a dispositive matter under the "de novo" standard.  *See* 28 U.S.C. § 636(b)(1); Rule 72(b)(3), Fed. R. Civ. P.  "Where a party makes a 'specific written objection ... after being served with a copy of the [magistrate judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report."  *Hounddog Productions, LLC v. Empire Film Group, Inc.*, 767 F. Supp. 2d 480, 482 (S.D.N.Y. 2011) (quoting *Cespedes v. Coughlin*, 956 F. Supp. 454, 463 (S.D.N.Y. 1997) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).  Hence, the district court "may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge as to such matters."  *Id.* (citing Rule 72(b), Fed. R. Civ. P., and *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994)).

**III.     The Law of the Case Doctrine Precludes a Default Judgment.**

This Court must find that the Report and Recommendation must set aside under the "de novo" standard, since there was no basis for circumventing the requirements of the law of the case doctrine in order to impose a default judgment.

Here, the Magistrate Judge initially ruled that a default judgment against Al Haramain USA was <u>not</u> warranted in response to plaintiffs' motion to compel.  *See* Order (ECF No. 3087) (Oct. 28, 2015).  This Court affirmed the Magistrate Judge's ruling, including the denial of the plaintiffs' request for a default judgment.  *See* Order (ECF No. 3170) (Dec. 18, 2015).  Only one half-year later, without any changed factual or legal circumstances, the Magistrate Judge then

3

issued a Report and Recommendation suggesting that a default judgment should be granted.

However, under the law of the case doctrine, it is settled law that where the court has reached a decision on a certain issue, that decision should be adhered to: "when a court has ruled on an issue, 'that decision should generally be adhered to by that court in subsequent stages of the same case.'" *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)); *accord In re PCH Associates*, 949 F.3d 585, 592 (2d Cir. 1991) ("The doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988)).

The rationale is that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Bank Leumi USA v. Ehrlich*, 98 F. Supp. 3d 637, 647 (S.D.N.Y. 2015) (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964) (Friendly, J.)).

Reconsideration of a prior ruling is only warranted "in compelling circumstances, consisting principally of (1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Carr*, 557 F.3d at 102; *accord Bank Leumi USA*, 98 F. Supp. 3d at 647. Here, however, the Report was <u>not</u> based on any of these three criteria, and no other criteria were identified. There was no change in controlling law governing discovery sanctions between December 2015 and July 2016. Nor was there any new evidence proffered by Plaintiffs during that time period. Nor did Plaintiffs (or the Magistrate Judge) identify any clear error of law or manifest injustice arising from the prior decision – which was improbable given that this Court had readily affirmed the prior decision. Therefore, under the law of the case doctrine, there was no basis for the Magistrate Judge to

revisit his prior ruling that no default judgment was warranted, let alone to reach a contrary conclusion.  This justifies setting aside the Report and Recommendation.

Further, as the Second Circuit stated, "Default judgments 'are generally disfavored and are reserved for rare occasions.'"  *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).  That heightened threshold cautions against ignoring the law of the case doctrine.  Even though a default judgment against Al Haramain USA does <u>not</u> establish liability or damages as to it or any other defendant, *see Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 334 (S.D.N.Y. 2009) ("default judgments … in no way constitute decisions on the merits of Maersk's claims"), it would be improper to circumvent the requirements for rejecting the law of the case doctrine, when there has been no basis in the record for revisiting the prior rulings.

### IV.     **CONCLUSION.**

For the foregoing reasons, and pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed. R. Civ. P., this Court should set aside the Magistrate Judge's Report and Recommendation, because it was directly contrary to the law of the case doctrine, and there were no changed circumstances warranting re-visiting the prior denial of Plaintiffs' request for a default judgment.

        Respectfully submitted,

        */s/ Lynne Bernabei*
        _____
        Lynne Bernabei
        Alan R. Kabat
        Bernabei & Kabat, PLLC
        1775 T Street, N.W.
        Washington, D.C. 20009-7102
        (202) 745-1942
        *Attorneys for Al Haramain Islamic Foundation, Inc.*

DATED:  July 19, 2016

## CERTIFICATE OF SERVICE

    I hereby certify that on July 19, 2016, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).

                                        */s/ Alan R. Kabat*
                                        _____
                                        Alan R. Kabat