# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

)
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001     ) No. 03 MDL 1570 (GBD/FM)
                                                                                )       ECF Case
_____)

This document relates to:

       ASHTON, *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
           Case No. 02-CV-6977;
       BURNETT, *et al.* v. AL BARAKA INVESTMENT & DEVELOPMENT CORP., *et al.*,
           Case No. 03-CV-5738;
       CANTOR FITZGERALD ASSOCIATES, LP, *et al.* v. AKIDA INVESTMENT CO., LTD., *et al.*,
           Case No. 04-CV-7065;
       CONTINENTAL CASUALTY CO., *et al.* v. AL QAEDA ISLAMIC ARMY, *et al.*,
           Case No. 04-CV-05970;
       EURO BROKERS, INC., *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
           Case No. 04-CV-07279;
       FEDERAL INSURANCE CO., *et al.* v. AL QAIDA, *et al.*,
           Case No. 03-CV-6978; and
       ESTATE OF O'NEILL, *et al.* v. AL BARAKA INVESTMENT AND DEVELOPMENT CORP., *et al.*,
           Case No. 04-CV-1923.


## Defendant Al Haramain Islamic Foundation, Inc. (USA)
### Rule 17 Notice of Dissolution

      Defendant Al Haramain Islamic Foundation, Inc. (USA) ("Al Haramain USA"), pursuant

to Rule 17, Fed. R. Civ. P., respectfully submits its Notice of Dissolution.  As set forth below,

the dissolution and distribution of its assets was pursuant to a decision of the U.S. government, a

decision that is a nonjusticiable political question not subject to further litigation in this Court.

     **I.**       **The U.S. Government's Decision to Delist and Dissolve Al Haramain USA.**

      Al Haramain USA has previously advised this Court that the Office of Foreign Assets

Control (OFAC), Department of the Treasury, agreed to delist the organization after the remand

from the U.S. Court of Appeals for the Ninth Circuit and after the organization submitted a

request for reconsideration of the designation.  As part of the delisting process, OFAC required that the organization be formally dissolved and that its remaining (limited) assets be distributed. This dissolution was of little consequence to the organization, as it had not engaged in any charitable activities since prior to its blocking.  OFAC agreed that the blocked funds could be distributed to pay the attorneys' fees that this Court previously authorized for three of the four plaintiffs' law firms, and those payments were made in early July 2016.

Since undersigned counsel had not been paid in several years for its extensive work on the successful OFAC challenge – which involved several district court decisions in Oregon and a favorable decision from the Ninth Circuit – OFAC agreed that the remaining balance could be applied to those fees.  Al Haramain USA was charged reduced rates of $150 to $200 per hour in the designation challenge, reserving the right to seek market rates if there was a settlement or judgment.  Here, the remaining balance, approximately $81,000, does not cover the full amount the organization owes for the OFAC challenge or for its legal representation in this Court.

## II.     The U.S. Government's Decision Is a Nonjusticiable Political Question.

The government's decision to require the dissolution of Al Haramain USA and to delist the organization – and to decide that its limited remaining assets are to be used to pay this Court's prior award and as partial payment for its law firm's time and expenses – is a nonjusticiable political question.  The Second Circuit and the district judges in the Southern District have consistently held that OFAC's decisions regarding where and how blocked assets are to be distributed is a nonjusticiable political question under the Supreme Court's decision in *Baker v. Carr*, 369 U.S. 186, 217 (1962).  We brief this issue in the event that the Plaintiffs attempt to circumvent OFAC's decision through this litigation.  (These cases were summarized on the record at the July 8, 2016 status conference.)

Judge Leisure was the first to address this issue, in *Can v. United States*, 820 F. Supp. 106, 114-16 (S.D.N.Y. 1993), *aff'd*, 14 F.3d 160 (2d Cir. 1994). There, the plaintiffs sought Vietnamese assets that were blocked at a time when the United States did not recognize the government of Vietnam. Judge Leisure rejected plaintiffs' claims on the grounds that their "action implicates fundamental political questions that only the Executive Branch has the power to resolve." *Can*, 820 F. Supp. at 115. The Second Circuit affirmed, because the Executive Branch's decision regarding blocked assets was a political question that the courts could not address. Under *Baker*, there existed (1) "an initial policy determination of a kind clearly for nonjudicial discretion;" or (2) "the impossibility of a court's undertaking independent resolution without expressing lack of respect due to coordinate branches of government;" or (3) the "potentiality of embarrassment from multifarious pronouncements by various departments on the question." *Can*, 14 F.3d at 163 (citing *Baker*, 369 U.S. at 217).

Judge Keenan was faced with the same question, brought by the same plaintiffs' attorney, on behalf of some of the same plaintiffs. In two opinions, Judge Keenan held that since OFAC had made the decision regarding the disposition of the blocked assets, plaintiffs' demands for those assets "raises a non-justiciable political question upon which this Court may not grant relief." *Nguyen v. Bentsen*, No. 93 Civ. 6241, 1995 WL 86422, at *4 (S.D.N.Y. Mar. 2, 1995), *aff'd*, *Nguyen v. Rubin*, 99 F.3d 400 (2d Cir. 1995). Again, the Second Circuit affirmed, because *Can* made clear that "decisions regarding the ownership of previously blocked assets rest solely within the province of the Executive Branch … which is entitled to make … judgments about the previously blocked assets without meritless interference from the plaintiffs, interference achieved through lawsuits either directly against the United States or against other parties that had some connection to these assets." *Nguyen*, 99 F.3d 400, 1995 WL 723130, at *3.

The same plaintiffs and plaintiffs' attorney filed a third action, seeking access to the blocked funds from the Bank of New York which held the account.  Judge Keenan again dismissed the complaint, on the grounds that it was a nonjusticiable political question.  *Nguyen v. Bank of New York*, No. 95 Civ. 3409, 1995 WL 431334 (S.D.N.Y. July 20, 1995), *aff'd*, 101 F.3d 681, 1996 WL 146517 (2d Cir. 1996).

Thus, there are six judicial opinions – three from this court and three from the Second Circuit – each confirming that OFAC's decision about what to do with blocked assets is a nonjusticiable political question.

Therefore, Plaintiffs cannot make any attempt to circumvent OFAC's decisions regarding Al Haramain USA through any further litigation in this Court or in any other forum.

Respectfully submitted,

*/s/ Lynne Bernabei*

_____

Lynne Bernabei
Alan R. Kabat
Bernabei & Kabat, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(202) 745-1942
*Attorneys for Al Haramain Islamic Foundation, Inc.*

DATED:  July 20, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2016, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).


*/s/ Alan R. Kabat*

_____

Alan R. Kabat