UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              : MEMORANDUM OPINION AND
                                                    :         ORDER
TERRORIST ATTACKS ON                                :
SEPTEMBER 11, 2001                                  : 03 MDL 1570 (GBD) (FM)
                                                    :
                                                    :
                                                    :
------------------------------------------------------------x

GEORGE B. DANIELS, District Judge:

On September 15, 2015, Plaintiffs filed a letter motion seeking sanctions, including the entry of a default judgment, against the United States branch of Al Haramain Islamic Foundation ("Al Haramain (USA)") for its failure to timely produce documents related to its petition to be removed from the list of terrorist organizations maintained by the United States government. (*See* Letter Motion, (ECF No. 3035).) On July 8, 2016, Al Haramain (USA) informed Magistrate Judge Maas that it was in the process of dissolving itself and would no longer defend against this action. Based on that representation, Magistrate Judge Maas issued a Report & Recommendation advising this Court to enter default judgment against Al Haramain (USA). (Report and Recommendation ("Report"), (ECF No. 3310), at 2-3.) The Report notified the parties of their right to object to the Report's findings and recommendations. (*Id.* at 5.)

On July 19, 2016, Al Haramain (USA) timely filed its objections to the Report. (Defendant Al Haramain Islamic Foundation, Inc. (USA) Rule 72 Objections to July 12, 2016 Report and Recommendation, (ECF No. 3318).) It argued that a default judgment against Al Haramain (USA) was precluded by the law-of-the-case doctrine. (*Id.* at 3-5). Specifically, it argued that this Court had previously adopted a recommendation made by Magistrate Judge Maas that the entry of a default judgment for alleged discovery violations was not an appropriate sanction. (*Id.* at 3.) Thus, according to Al Haramain, (USA), under the law-of-the-case doctrine, Magistrate Judge Maas's recommendation to now issue a default judgment against Al Haramain (USA) should be set aside.

Courts "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth within a magistrate judge's report. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(3). Courts must review *de novo* the portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir.2006)).

The law-of-the-case doctrine provides that "when a court has ruled on an issue, 'that decision should generally be adhered to by that court in subsequent stages of the same case.'" *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). Al Haramain (USA)'s argument that the law-of-the-case doctrine supports setting aside Magistrate Judge Maas's recommendation that a default judgment now be entered against Al Haramain (USA) is misguided.

In October 2013, Magistrate Judge Maas recommended that Plaintiffs' request for the entry of default judgment against Al Haramain (USA) for its failure to produce documents seized from its office in Ashland, Oregon by United States government officials ("Oregon Documents") be denied. (Memorandum Decision and Report and Recommendation ("October 2013 Report"), (ECF No. 2789), at 29, 32-35).) This Court adopted that recommendation on April 23, 2014.[1] (Order ("April 2014 Order"), (ECF No. 2851).) Plaintiffs latest letter motion, however, sought the entry of a default judgment against Al Haramain (USA) not for the failure to timely produce the Oregon Documents, but for failure to produce

---

[1] Magistrate Judge Maas did recommend that Plaintiffs be entitled to recover the reasonable fees and costs incurred in bringing their motion for sanctions. (October 2013 Report at 34.) This Court adopted that recommendation, as well. (April 2014 Order at 2-3.)

2

an entirely separate set of documents related to Al Haramain (USA)'s petition to be removed from the list of terrorist organizations. At the time Magistrate Judge Maas issued his Report, neither he nor this Court had ruled on whether the entry of default judgment against Al Haramain (USA) for this latest discovery infraction would be appropriate. Thus, there was no "law-of-the-case" applicable to this issue to which any court could adhere. Moreover, Magistrate Judge Maas recommended the entry of default judgment against Al Haramain (USA) not as a sanction, but based on its representation that it would no longer defend itself in this action. (Report at 2-3.) Accordingly, Al Haramain (USA)'s objection is overruled.

Having found Al Haramain's (USA)'s specific objection to be without merit, this Court has reviewed the Report in its entirety for clear error, and finds none.

Therefore, this Court adopts the Report in its entirety.

The Clerk of Court is directed to enter default judgment against Al Haramain (USA).

Dated: August 1, 2016
New York, New York

AUG 02 2016

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3