**MEMO ENDORSED**

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair* (1944-2013)<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>SIMMONS HANLY CONROY LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF AND FACSIMILE**

August 12, 2016

The Honorable Frank Maas
United States District Court for the S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

We are writing to request a brief telephone conference call regarding Al Haramain's compliance with the Court's orders imposing sanctions on Al Haramain. Based on vague assertions of "accord and satisfaction" of Al Haramain's obligations *to the Plaintiffs* included in the cover letters accompanying the checks sent to Plaintiffs' counsel, and defense counsel's refusal to clarify those assertions, Plaintiffs' counsel request a call to clarify that the checks to each of the three firms is solely to comply with Al Haramain's obligation to pay the amounts ordered pursuant to the Court's sanctions orders, and that receipt of those funds is not an accord and satisfaction of any obligation to the Plaintiffs, themselves.

In a series of Orders dated October 28, 2013, October 23 and 28, 2015, and December 18, 2015 (ECF Nos. 2789, 3073, 3087, and 3170), this Court directed Al Haramain to pay set values to three of the law firms representing Plaintiffs as payment of sanctions for al Haramain's misconduct during discovery. During the hearing on July 8, 2016, Alan Kabat, counsel for Al Haramain, indicated that Al Haramain intended to forward payments to each of the three law firms on July 11, 2016.

On July 11, 2016, Mr. Kabat did send checks to each of the three law firms; however, in the cover letters to each of the firms, Mr. Kabat included a vague statement that read "This payment is in full accord and satisfaction of Al Haramain's obligations *to your clients* under the court's decision" (Attachment A, emphasis added). On July 25, 2016, I wrote to Mr. Kabat asking for what was expected to be a fairly simple clarification of what was thought to be an oversight. In short, I asked Mr. Kabat to confirm our understanding that "the payments satisfied

*Handwritten memo endorsement:*
I see no need for a conference. As Mr. Kabat's letter of August 15, 2016, concedes, the checks sent to Plaintiffs' counsel reflect payment in full of the sanctions award — nothing more. Accordingly, cashing the checks does not compromise the Plaintiffs' claims against al Haramain, although that distinction may be largely academic. Since it appears that the al Haramain well has run dry.

/s/ FMaas,
USMJ,
8/16/16

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/16

The Honorable Frank Maas
August 12, 2016
Page 2

only those obligations of AHIF under the Court's above-referenced sanctions orders, and no other obligation has been satisfied" (Attachment B).

Instead of writing a simple confirmation of that understanding, Mr. Kabat wrote back indicating that "[t]he cover letters . . . do not require any further explanation, modification, or supplementation . . . other than noting that the letters should be read in accord with the Rule 17 Notice of Dissolution, at 2-4 (ECF No. 3319). . . . Therefore, there is no basis to 'confirm this understanding,' as you demand" (Attachment C).

As a result of Mr. Kabat's response, what was initially thought to be an easily fixed oversight has now seemingly become, at best, an intentional effort to "resolve" all of Plaintiffs' claims versus Al Haramain. To be clear, Plaintiffs' counsel are holding the checks and are prepared to deposit them with the express reservation that they are accepted solely as payment to satisfy Al Haramain's obligation to the three law firms under the above-referenced sanctions orders, and deposit of the checks does not represent any accord, satisfaction, or any other resolution of Plaintiffs claims against Al Haramain. We understand the sole purpose of the checks to be payment of the indicated sanctions.

Accordingly, we would ask for a call with Your Honor and Mr. Kabat to clarify and document the issue for the record.

Respectfully,

*Robert T. Haefele*
ROBERT T. HAEFELE
*PLAINTIFFS' EXECUTIVE COMMITTEES*

cc: The Honorable George B. Daniels, via Facsimile and ECF
Alan Kabat, Esq., counsel for Al Haramain, via ECF
Sean Carter, Esq., via ECF
Jerry Goldman, Esq., via ECF
All Counsel of Record via ECF