UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MD 1570 (GBD)<br>ECF Case |

This document relates to: *Continental Casualty Co. et al. v. Al Qaeda Islamic Army*, 04-CV-5970 (GBD)

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT AS TO LIABILITY AGAINST DEFENDANT THE ISLAMIC REPUBLIC OF IRAN

Plaintiffs Continental Casualty Company, Transcontinental Insurance Company, Transportation Insurance Company, Valley Forge Insurance Company, National Fire Insurance Company of Hartford and American Casualty Company of Reading, Pennsylvania (collectively, "Plaintiffs") respectfully submit the within memorandum of law in support of their motion for Entry of Judgment by Default as to Liability Against Defendant the Islamic Republic of Iran ("Iran"), pursuant to 28 U.S.C. § 1605A.

### PRELIMINARY STATEMENT

This action arises out of the events of September 11, 2001, during which members of the al Qaeda terrorist network hijacked four commercial airliners and used those planes as weapons in coordinated terrorist attacks on the United States ("the September 11th attacks"). Plaintiffs here are insurers who, in accordance with their obligations under applicable policies of insurance, paid over $200 million in compensation for property or other forms of economic damage resulting from the September 11th attacks.

Plaintiffs brought claims against, *inter alia*, the Islamic Republic of Iran (hereinafter, "Iran"), based on its direct sponsorship of al Qaeda for nearly a decade

100406

leading up to September 11, 2001, which included support that directly assisted and enabled al Qaeda to carry out the September 11th attacks. Iran has failed to appear in this action after being properly served, and a request for a Certificate of Default as to Iran is pending before the Clerk of Court.

Plaintiffs now respectfully request entry of judgment by default against Iran on the issue of liability, solely as to Plaintiffs' substantive causes of action established under the Foreign Sovereign Immunities Act's ("FSIA") State Sponsor of Terrorism Exception, codified at 28 U.S.C. §§ 1605A(c) and 1605A(d).[1] This Court already has entered judgment against Iran for identical claims, in a related matter consolidated in this same MDL, *Havlish v. Bin Laden*, Docket No. 03-CV-9848-GBD ("*Havlish*") based on a full evidentiary record and hearing pursuant to the FSIA and this Court made express, comprehensive findings of fact and conclusions of law which were entered on December 22, 2011 (Exhibit A). This Court subsequently extended that ruling to three other related matters consolidated in this same MDL, *Federal Insurance Co. v. al Qaida*, Docket No., 03-CV-06978 ("*Federal Insurance*"), *Ashton v. al Qaeda Islamic Army*, Docket No. 02-CV-06977 ("*Ashton*") and *O'Neill v. Republic of Iraq*, Docket No. 04-CV-1076 ("*O'Neill*"). The extension of these rulings to this matter is both appropriate and consistent with the specific objectives that prompted the Judicial Panel for Multidistrict Litigation to centralize these proceedings before this Court.

---

[1] As discussed in detail below, the issues presented by this application for default judgment against Iran as to Plaintiffs' claims under the State Sponsor of Terrorism exception have already been addressed by this Court in related proceedings in this MDL. Because an application for default judgment as to Plaintiffs' other causes of action would potentially raise issues not previously addressed by the Court, Plaintiffs are not seeking judgment on those other claims through the present motion, but reserve their right to do so in the future, if necessary.

100406                                          2

## FACTUAL BACKGROUND

Plaintiffs seek entry of default judgment against Iran as to liability, based on Iran's provision of material support to al Qaeda and direct support for, and sponsorship of, the September 11th attacks. As set forth in the joint memorandum of law submitted in *Federal Insurance* and *Ashton* ("Federal Memo", Exhibit B):

- Iran provided material support and resources to al Qaeda and bin Laden both directly and through its surrogate, Hezbollah and the support provided by Iran assisted in, and contributed to, the preparation and execution of the plans that culminated in the September 11th attacks. Without Iran's active and enthusiastic support, al Qaeda could never have carried out those attacks (Federal Memo at 2-4).

- The United States Government has recognized and condemned Iran's support of terrorist attacks for over 30 years, as since January 19, 1984, Iran has been designated by the United States Secretary of State as a State Sponsor of Terrorism on the basis that it "repeatedly provided support for acts of international terrorism." (Federal Memo at 4-7)

- In the *Havlish* proceeding, this Court held that Iran, which "has engaged in, and supported, terrorism as an instrument of foreign policy, virtually from the inception of its existence after the Iranian Revolution in 1979, p. 6 ¶ 1, had "furnished material and direct support for the 9/11 terrorists' specific terrorist travel operation" and the facilitation of al Qaeda's operatives' travel to training camps in Afghanistan was "essential for the success of the 9/11 operation." (Exhibit A at p. 22 ¶¶ 116, 118-119). Additionally, Iran's provision of material support to al Qaeda continued after the September 11, 2001 attacks, "most

100406

3

significantly by providing safe haven to al Qaeda leaders and operatives, keeping them safe from retaliation from U.S. forces, which invaded Afghanistan." *Id.* at p. 33 ¶ 198 (Federal Memo at 7-10).

## ARGUMENT

### I.

### THIS COURT HAS BOTH SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION OVER IRAN

This Court has jurisdiction to enter a default judgment as to liability against Iran – it has both subject matter jurisdiction pursuant to the FSIA and personal jurisdiction.

First, this Court has subject matter jurisdiction over Plaintiffs' claims against Iran[2]. As set forth in the prior submissions:

- FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country (Federal Memo at 10)

- This Court already has held that subject matter jurisdiction exists for claims against Iran for injuries resulting from the September 11th attacks under two separate, independent provisions of the FSIA: the State Sponsor of Terrorism exception (28 U.S.C. § 1605A) and the noncommercial tort exception (28 U.S.C. §1605(a)(5)) (Federal Memo at 10-12).

---

[2] Plaintiffs initially filed this action in 2003 under the terrorism exception of §1605(a)(7). In 2008, Congress amended the FSIA and replaced §1605(a)(7) with the more expansive §1605A. *See* National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 1083, 122 Stat. 3, 338-341. Section 1083 allowed plaintiffs to convert actions under § 1605(a)(7) into actions under § 1605A. *See Hegna v. Islamic Republic of Iran*, No. 11 MC. 5 (JSR), 2011 U.S. Dist. LEXIS 24394, at *7 (S.D.N.Y. Mar. 11, 2011); *Bakhtiar v. Islamic Republic of Iran*, No. 10-7030, 2012 U.S. App. LEXIS 3117, at *3 (D.D.C. Feb. 17, 2012). Contemporaneous with the filing of the present motion for entry of a default, Plaintiffs are filing a motion to amend and convert their claims under § 1605(a)(7) to § 1605A claims, a procedure which this Court approved in *Havlish, Federal Insurance, Ashton* and *O'Neill*.

- Pursuant to the plain text of § 1605A(d), it is clear that this Court's endorsement of 1605A as a proper basis for jurisdiction for claims against Iran in these proceedings applies with equal force to the property and economic loss claims asserted here (Federal Memo at 12-13).

Second, this Court has personal jurisdiction over Iran. "Under the FSIA, . . . personal jurisdiction equals subject matter jurisdiction plus valid service of process." *Shapiro v. Republic of Bolivia,* 930 F.2d 1013, 1020 (2d Cir. 1991).[3] Service under the FSIA is governed by 28 U.S.C. § 1608(a)(4), which provides, in relevant part, that Plaintiffs send two copies of the summons and complaint and notice of suit, together with a translation in the official language of the foreign state, to the Secretary of State in the District of Columbia, who will transmit one copy of the papers through diplomatic channels to the foreign state and send the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted. Plaintiffs met all of those requirements in this case.

Plaintiffs initiated their suit against Iran, and others, on September 1, 2004, through the filing of a Summons and Complaint (04-CV-5970, docket no. 1). Plaintiffs thereafter filed a First Amended Complaint on December 3, 2004 (04-CV-5970, docket no. 4), which was served on Iran through diplomatic channels by the United States Department of State on June 8, 2005. Proof of service was transmitted to the Southern District of New York Clerk J. Michael McMahan by the U.S. Department of State on June 30, 2005, and was filed by Plaintiffs on August 24, 2016. True and correct copies of

---

[3] The Second Circuit has ruled that foreign states are not persons within the meaning of the Due Process Clause. *Frontera Resources Azerbaijan Corp. v. State Oil Company of the Azerbaijan Republic,* 582 F.3d 393, 399-401 (2d Cir. 2009). Thus, the personal jurisdiction analysis as to Iran does not include a due process component.

100406

the Return of Service and supporting U.S. Department of State documents are attached hereto as Exhibit C. Iran did not answer or respond to the First Amended Complaint, nor did it enter an appearance in the litigation.[4] On August 24, 2016, Plaintiffs filed a Declaration of service as to Iran. *See id.* A Certificate of Default as to Iran in this action was entered by the Clerk of this Court on September 29, 2016 (Exhibit D).

Because service upon Iran was proper, and §1605A of the FSIA provides subject matter jurisdiction for Plaintiffs claims against Iran, this Court may exercise personal jurisdiction over Iran (Federal Memo at 14).

## II.

## PLAINTIFFS HAVE MET THE APPLICABLE STANDARDS FOR A FSIA DEFAULT JUDGMENT AND 1605A LIABILITY

Plaintiffs have met the applicable standards for the entry of a default judgment against Iran.

- In order to obtain a default judgment in a FSIA proceeding, a plaintiff meets its evidentiary burden if its demonstrates a *prima facie* case against the defendant (Federal Memo at 15).

- In order to meet that burden, Plaintiffs may rely upon this Court's prior findings of fact and the affidavits and documentary evidence already of record (Federal Memo at 15-17).

- §1605A(c) creates a substantive cause of action against a country designated as a State Sponsor of Terrorism for personal injury or death caused by that country's provision of material support or resources and, where, as here in this multi-district proceeding, such causes of action have been asserted, a property

---

[4] As this Court has already recognized in *Havlish*, *Federal Insurance*, *Ashton* and *O'Neill*, service of the Amended Complaint converting Plaintiffs' 1605(a)(5) claims to 1605A claims is not required.

100406　　　　　　　　　　　　　　　　　　6

owner or insurer may bring an action for collateral property damage sustained in the underlying terrorist attack pursuant to §1605A(d) (Federal Memo at 18-19).

- This Court has already concluded in prior proceedings that the record evidence concerning Iran's support of al Qaeda easily satisfies this definition of "material support" set forth in FSIA (Federal Memo at 19-20).

- The applicable standard of causation is liberally construed in § 1605A material-support cases and this Court has already concluded that this standard has been met in these cases (Federal Memo at 20-21).

### III.

### THERE IS SUFFICIENT EVIDENCE OF IRAN'S DIRECT AND MATERIAL SUPPORT OF AL QAEDA FOR THE SEPTEMBER 11, 2001 ATTACKS

There is sufficient evidence of Iran's direct and material support of Al Qaeda for the September 11th Attacks. Based upon the evidentiary record submitted in the *Havlish* proceeding, this Court issued findings of fact and law holding Iran liable and, based upon that same evidentiary record, this Court issued judgments to the plaintiffs in *Federal Insurance*, *Ashton* and *O'Neill*. Accordingly, Plaintiffs respectfully request that this Court enter a default judgment against Iran as to liability on the basis of the evidence this Court relied upon in all of those prior proceedings.

### CONCLUSION

For all of the reasons set forth above, it is respectfully requested that this Court grant Plaintiffs' motion for entry of judgment by default as to liability against defendant Iran as to their claims under §1605A(d) of the FSIA.

Dated:  September 30, 2016
        New York, New York

                                FERBER CHAN ESSNER & COLLER, LLP

                                By: _____
                                    Robert M. Kaplan (RK 1428)

                                Attorneys for Plaintiffs Continental Casualty
                                Company, Transcontinental Insurance
                                Company, Transportation Insurance
                                Company, Valley Forge Insurance
                                Company, National Fire Insurance Company
                                of Hartford and American Casualty
                                Company of Reading, Pennsylvania
                                One Grand Central Place, Suite 2050
                                New York, New York 10165
                                (212) 944-2200