# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x
:
In re Terrorist Attacks on September 11, 2001    :    03 MD 1570 (GBD)
:    ECF Case
:
———————————————————————x

This document relates to: *Continental Casualty Co. et al. v. Al Qaeda Islamic Army*, 04-CV-5970 (RCC)

## PLAINTIFFS' AMENDED COMPLAINT AGAINST DEFENDANT THE ISLAMIC REPUBLIC OF IRAN

Plaintiffs Continental Casualty Company, Transcontinental Insurance Company, Transportation Insurance Company, Valley Forge Insurance Company, National Fire Insurance Company of Hartford and American Casualty Company of Reading, Pennsylvania (collectively, "Plaintiffs"), as and for their amended complaint solely as to Defendant the Islamic Republic of Iran, and

solely with respect to their claims arising under 28 U.S.C. § 1605A, allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction arises pursuant to 28 U.S.C. § 1605A (the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605(a)(5) (the Foreign Sovereign Immunities Act). Jurisdiction also arises pursuant to 28 U.S.C. §§ 1330(a), 1331 and 1332(a)(2), 18 U.S.C. § 2388, 28 U.S.C. § 1350 ("Alien Tort Act"), and the Torture Victim Protection Act, PL 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note (West 1993)).

2. Venue is proper in this District pursuant to § 408(b)(3) of the Air Transportation

100267

Safety and System Stabilization Act, 49 U.S.C. § 40101 and 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1).

3. As herein alleged, the claims asserted herein against Iran for injuries to property and economic losses resulting from the September 11th attacks fall within the exceptions to jurisdictional immunity under 28 U.S.C. § 1605A.

## THE PARTIES

4. This Amended Complaint is submitted solely as to Defendant Islamic Republic of Iran ("Iran"), on behalf of all Plaintiffs in this action. This Amended Complaint relates solely as to Defendant Iran and solely with respect to Plaintiffs' claims arising under the State Sponsor of Terrorism Exception of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, and does not apply to any other defendant in this multi-district proceeding, as to which the operative complaints and related pleadings in this action remain in effect.

5. Plaintiffs adopt and incorporate by reference the following operative complaint and pleadings in its entirety – their Second Amended Complaint with Incorporated RICO Statements, filed in accordance with Paragraph 13 of Case Management Order Number 2 on September 30, 2005.

6. Defendant Iran is a foreign state within the meaning of 28 U.S.C. § 1391(f). Iran maintains an Interest Section within the United States at the Embassy of Pakistan at 2204 Wisconsin Avenue, N.W., Washington, D.C. 20007.

## FACTUAL ALLEGATIONS

7. In support of their claims against Defendant Iran pursuant to 28 U.S.C. § 1605A, Plaintiffs incorporate herein by reference the averments in their Second Amended Complaint and also incorporate herein by reference paragraphs 219-261 and paragraphs 324-374 of the

Second Amended Complaint in *Havlish v. Bin Laden*, Docket No. 03-cv-9848-GBD, ECF No. 250-2 (S.D.N.Y. Mar. 1, 2010) ("*Havlish*"), which is a part of the *In re Terrorist Attacks on September 11, 2001* MDL.

## FIRST CAUSE OF ACTION
(Claim Against Iran Under Section 1605A(c) and (d)
of the Foreign Sovereign Immunities Act)

8. Plaintiffs incorporate herein by reference the averments contained in the preceding paragraphs as though fully set forth herein at length.

9. This suit was initially brought pursuant to, inter alia, 28 U.S.C. § 1605(a)(7) and Pub.L. 104-208, Div. A, Title I, § 101(c), 110 Stat. 3009-172 (reprinted at 28 U.S.C. § 1605 note (West Supp.)).

10. Congress in the National Defense Authorization Act for Fiscal Year 2008 (P.L. 110-181, §1083), which was enacted January 29, 2008 (the "NDAA") amended the FSIA by adding a new § 1605A to Chapter 97 of Title 28 of the U.S. Code. In addition to a private right of action, the new Section 1605A authorized recovery of additional damages against the foreign state sponsors of terrorism:

> (d) Additional Damages.— After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

11. Section 1605A applies to this pending action pursuant to Pub.L. 110-181, Div. A, Title X, § 1083(c), Jan. 28, 2008, 122 Stat. 342, which provides that:

> **(1) In general.**--The amendments made by this section [enacting this section and amending 28 U.S.C.A. §§1605, 1607, 1610, and 42 U.S.C.A. § 10603c] shall apply to any claim arising under section 1605A of title 28, United States Code [this section].
> * * *

**(3) Related actions.**--If an action arising out of an act or incident has been timely commenced under section 1605(a)(7) of title 28, United States Code, or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208), any other action arising out of the same act or incident may be brought under section 1605A of title 28, United States Code [this section], if the action is commenced not later than the latter of 60 days after—

**(A)** the date of the entry of judgment in the original action; or

**(B)** the date of the enactment of this Act [Jan. 28, 2008].

12. As a result of the conduct of Iran and its agencies, instrumentalities, officials, employees and agents that violated the federal laws cited above, all Plaintiffs suffered damages as fully set forth in the paragraphs above which are incorporated herein by reference.

13. The injuries and damages suffered by the Plaintiffs by virtue of the September 11, 2001 terrorist attacks, and the consequences resulting therefrom, were proximately caused by the intentional and reckless acts, omissions, and other tortious conduct of Iran as described herein.

14. As a direct and proximate result of the defendant's intentional, willful and malicious acts of terrorism on September 11, 2001, Plaintiffs have sustained property damage and economic losses.

15. Plaintiffs, in accordance with their obligations under applicable policies of insurance, paid over $200 million dollars in compensation for property or other forms of economic damage resulting from the September 11, 2001 terrorist attacks.

16. Plaintiffs are entitled to damages under § 1605A(c) and (d) as described herein.

17. By reason of the same acts on which this cause of action under § 1605A(c) and (d) is based, and on which the other causes of action under § 1605A(c) and (d) in this multi-district proceeding are based, Plaintiffs have been caused to pay compensation for reasonably

foreseeable property and economic loss, third party liability and loss under life and property insurance policies.

18.     As a result of its intentional, malicious, outrageous, willful and wanton conduct, Iran is liable to all Plaintiffs for punitive damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor against Iran, jointly, severally, and/or individually, in an amount in excess of $200 million dollars for compensatory damages, together with punitive damages, interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Iran from ever again committing the terrorist acts of September 11, 2001 or similar acts.

Dated: New York, New York
September 30, 2016

FERBER CHAN ESSNER & COLLER, LLP

By: _____
Robert M. Kaplan (RK1428)
Attorneys for Plaintiffs Continental Casualty
Company, Transcontinental Insurance Company,
Transportation Insurance Company, Valley Forge
Insurance Company, National Fire Insurance
Company of Hartford and American Casualty
Company of Reading, Pennsylvania
One Grand Central Place, Suite 2050
New York, New York 10165
(212) 944-2200