UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TERRORIST ATTACKS
ON SEPTEMBER 11, 2001
MDL No. 1570

TRANSFER ORDER

**Before the Panel:** Plaintiffs[1] in the Western District of Pennsylvania action listed on the attached Schedule A (*Lloyd's*) move under Panel Rule 7.1 to vacate our order conditionally transferring the action to the Southern District of New York for inclusion in MDL No. 1570. Defendants The National Commercial Bank (NCB), Al Rajhi Bank (ARB), and Saudi Binladin Group (SBG) oppose the motion.

After considering the argument of counsel, we find that the *Lloyd's* action involves common questions of fact with actions previously transferred to MDL No. 1570, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in this MDL "present common, complex legal and factual questions concerning the efforts of plaintiffs to hold liable an array of defendants who allegedly promoted, financed, sponsored or otherwise supported the acts of terrorists that led to the deaths and injuries

---

[1] Plaintiffs include The Underwriting Members Of Lloyd's Syndicates 2, 53, 55, 205, 228, 271, 376, 510, 529, 535, 557, 588, 672, 807, 861, 991, 1003, 1121, 1209, 1236, 1243, 1308, 2003, and 2020; Marlon Insurance Company Limited; The Copenhagen Reinsurance Company (U.K.) Limited; Unionamerica Insurance Company Limited; SCOR Global P&C SE; SCOR UK Company Limited; SCOR Reinsurance Asia-Pacific PTE Limited; SCOR Reinsurance Company (Asia) Limited; SCOR Reinsurance Company; General Security National Insurance Company; General Security Indemnity Company Of Arizona; SCOR Canada Reinsurance Company; Liberty Mutual Insurance Company; American Economy Insurance Company; American Fire and Casualty Company; Employers Insurance Company of Wausau; Excelsior Insurance Company; The First Liberty Insurance Corporation; General Insurance Company of America; Indiana Insurance Company; Liberty Insurance Corporation; Liberty Insurance Underwriters, Inc.; Liberty Life Assurance Company of Boston; Liberty Lloyds of Texas Insurance Company; Liberty Mutual Fire Insurance Company; LM Insurance Corporation; LM Property and Casualty Insurance Company; Liberty Managing Agency Limited for and on behalf of The Lloyd's Underwriting Members from time to time of Lloyd's Syndicates 4472, 190 and 282; Liberty Mutual Insurance Europe Limited; The Midwestern Indemnity Company; The Netherlands Insurance Company; The Ohio Casualty Insurance Company; Peerless Insurance Company; Safeco Insurance Company Of America; Wausau Business Insurance Company; Wausau Underwriters Insurance Company; West American Insurance Company; American Safety Indemnity Company; American Safety Casualty Insurance Company; Odyssey Reinsurance Company; and QBE Insurance (International) Ltd.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY _____
Deputy Clerk

-2-

arising from the September 11, 2001 attacks on the United States." *In re: Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003). The *Lloyd's* action unquestionably shares factual issues with the previously-centralized actions.[2] Indeed, highly similar claims against all three defendants previously have been adjudicated during the course of the MDL proceedings, and the transferee court's rulings dismissing the defendants were affirmed on appeal.

In opposition to transfer, plaintiffs nevertheless argue that their action is premised on facts and evidence that were not available at the time the MDL actions were commenced, or at the time that defendants were dismissed from the MDL. In addition, plaintiffs contend that the action will raise certain legal issues not presented in the MDL. These arguments are not convincing. The transferee court's familiarity with these defendants and the entire history of the litigation gives it a decided advantage in assessing any new evidence. Moreover, Section 1407 does not require a complete identity of factual issues as a prerequisite to transfer, and "the presence of additional facts or differing legal theories is not significant when, as here, the actions arise from a common factual core." *In re: New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, 38 F. Supp. 3d 1384, 1385-86 (J.P.M.L. 2014).

Plaintiffs also argue that the MDL is too advanced, such that no efficiencies would be realized from transfer. But pretrial proceedings, including discovery, are ongoing. Transfer would allow plaintiffs to participate in those proceedings, as well as facilitate their access to the discovery that already has occurred. Furthermore, given that plaintiffs are represented by the same law firm that serves in a key leadership role in the MDL, the smooth integration of this action into the centralized proceedings is virtually assured.

Finally, plaintiffs assert that transfer would unduly strain the resources of the transferee court.[3] But adding one action to this MDL is unlikely to impose a substantial additional burden, especially given the previous involvement of these defendants in the centralized proceedings. Plaintiffs' argument also runs counter to their contentions that their action is "much more limited in scope" than the actions already in the MDL, and that it involves "discrete claims against only three defendants." Pls.' Mem. Supp. Mot. Vacate CTO at 6, 7 (ECF No. 70-1).

---

[2] *See, e.g.,* Compl. ¶ 78 ("[T]he support provided by [ARB], NCB, and SBG enabled al Qaeda to obtain the global strike capabilities necessary to carry out the September 11th Attacks, and was essential to the success of those attacks.").

[3] Plaintiffs also cite the impending retirement of Magistrate Judge Frank Maas, who has been overseeing discovery in the MDL, as another reason for vacatur. But the Panel routinely transfers actions to an MDL following reassignment of the entire litigation from one transferee judge to another. Indeed, this MDL itself was reassigned in 2007, following the untimely death of the original transferee judge, the Honorable Richard C. Casey.

-3-

IT IS THEREFORE ORDERED that the *Lloyd's* action is transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable George B. Daniels for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: TERRORIST ATTACKS
ON SEPTEMBER 11, 2001            MDL No. 1570

## SCHEDULE A

<u>Western District of Pennsylvania</u>

UNDERWRITING MEMBERS OF LLOYD'S SYNDICATE 2, ET AL. v. AL RAJHI BANK, ET AL., C.A. No. 3:16-00019