UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

This document relates to:

*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(FM)
*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(FM)

### The Bauer Wrongful Death Plaintiffs' Motion for Partial Final Judgments

For the reasons set forth below and the statements contained in the Declaration of Dorothea M. Capone, Esq., the forty (40) *Bauer* Plaintiffs identified in Exhibit A to said Declaration (herein referred to as "*Bauer II*"), and the four (4) *Ashton* Plaintiffs identified in Exhibit B, by and through their counsel, Baumeister & Samuels, P.C., respectfully move this Court for an Order awarding them (1) solatium damages with a punitive damage multiplier of 3.44 for the losses suffered by the immediate family members of said Plaintiffs' decedents in the same amounts awarded to the families of the *Havlish*, certain of the *Ashton,* and certain of the *Bauer* Plaintiffs ("*Bauer I*" Plaintiffs); (2) prejudgment statutory simple interest at a rate of nine percent per annum on the solatium awards running from September 11, 2001 until the date of judgment to the extent the injuries arose in New York State, and prejudgment interest at a rate of 4.96 percent per annum, compounded annually on injuries that arose in other states; and (3) permission for the forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs identified in Exhibits A and B to seek economic damages as calculated by experts and/or prior determinations at a later date.

Having already been awarded partial judgment for the conscious pain and suffering of their decedents, the awards in the attached proposed Order will constitute partial final awards in those cases identified in Exhibits A and B to the Capone Declaration.

I.      **Procedural Background**

On August 31, 2015, relying on evidence and arguments submitted by various Plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks, this Court issued a liability default judgment against Iran on behalf of all of the *Ashton* Plaintiffs, including the *Bauer* and *Ashton* Plaintiffs identified in this motion.[1] See 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD), Doc. No. 3014.  Shortly thereafter, the *Ashton* wrongful death Plaintiffs moved for partial summary judgment as to the conscious pain and suffering their decedents endured before they died.  The December 28, 2015 Report and Recommendation filed by Magistrate Maas recommended that this Court grant a compensatory damage award of $2,000,000 per decedent together with a 3.44 punitive damage multiplier[2] for the conscious pain and suffering endured by each of the *Ashton* wrongful death decedents.  See 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 3175.  This Report also concluded that to the extent the *Ashton* wrongful death claims arose out of injuries sustained in New York State, prejudgment statutory simple interest at the rate of nine percent per annum would be applied on the conscious pain and suffering award, and for those injuries that arose outside of New York

---

[1] By Stipulation and Order dated November 19, 2002, the claims of all of the *Bauer* Plaintiffs were consolidated for liability purposes into *Ashton v. al Qaeda Islamic Army, et al.,* civil number 02-cv-6977.  Claims brought on behalf of the four (4) *Ashton* Plaintiffs identified in this motion were included in the *Ashton* 3rd Amended Complaint filed on September 5, 2003 and in all subsequent Amended Complaints filed in the *Ashton* action.  There are 844 wrongful death claims included in the *Ashton* action, including those brought by these forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs.  The instant motion is brought exclusively on behalf of the forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs identified in Exhibits A and B to the Capone Declaration.

[2] In his July 30, 2012 Report and Recommendation filed in the *Havlish* action, Magistrate Judge Maas adopted 3.44 as the appropriate punitive damage multiplier to be applied to all of the claims arising out of the September 11, 2001 terror attacks, noting it is the "standard ratio applicable to cases arising out of terrorist attacks", citing *Estate of Bland v. Islamic Republic of Iran,* 831 F.Supp. 2d 150, 158 (D.D.C. 2011).  See 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2618, Entered 07/30/02.

State, a prejudgment interest rate of 4.96 percent per annum, compounded annually would be applied. *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 3175. The District Court adopted this Report in its entirety by Order dated March 9, 2016. *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 3229.

This Court has also previously considered the issues of solatium damages in connection with the September 11, 2001 terror attacks, particularly those suffered by the *Havlish,* certain of the *Ashton*, and the *Bauer I* Plaintiffs, and determined that awards to the estates of the victims and their immediate family members were proper and prejudgment interest was warranted. *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2623, Entered 10/03/12, Doc. No. 3300, Entered 06/16/16, and Doc. No. 3341, Entered 09/13/16.

For the reasons below, as well as those set forth in the prior motion for partial judgment made by the *Bauer I* wrongful death Plaintiffs, the forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs identified in Exhibits A and B move this Court for an Order awarding them the same amount as was awarded to the *Havlish,* certain of the *Ashton*, and the *Bauer I* Plaintiffs for their solatium losses together with prejudgment interest as described below.

II. **Damages**

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") creates an exception to sovereign immunity pursuant to which a U.S. citizen can sue a foreign state that is, or was, a state sponsor of terrorism, and any official, employee or agent of that foreign state for acts of terrorism committed while acting within the scope of his or her office, employment or agency. The statute specifies that damages are available "for personal injury or death", 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." *See* 28 U.S.C. § 1605A(c)(4). Courts addressing the damages available

3

under the statute have held that the "estates of those who [died] can recover economic losses stemming from the wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

In accordance with the terms of the statute, and since they have already received an award pertaining to the conscious pain and suffering of their decedents,[3] the forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs identified herein are entitled to compensation under Section 1605A for their solatium damages, and all are entitled to recover punitive damages as a result of the wrongful death of their decedents.

### A. Solatium Damages

As set forth above, 28 U.S.C. 1605A specifically provides for an award of solatium damages. Under this provision, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of a decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F.Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional

---

[3] *See* Amended Order of Judgment dated March 8, 2016, 03-md-1570 (02-cv-6977)(S.D.N.Y.) (GBD)(FM), Doc. No. 3226, Entered 03/08/16 and Memorandum Opinion and Order of the Hon. George B. Daniels dated March 9, 2016, Doc. No. 3229 awarding the estates of all of the *Ashton* Plaintiffs compensatory and punitive damages for their decedents' conscious pain and suffering together with prejudgment interest.

distress. *See, e.g., Surette v. Islamic Republic of Iran*, 231 F.Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "indistinguishable" from the claim of "intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001).

When previously awarding solatium damages in the *Havlish* cases, this Court looked at the framework established by District Court Judge Royce C. Lamberth in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006) where he awarded solatium damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.* This formula may, however, be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 1 50, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the September 11, 2001 terrorist attacks, Magistrate Judge Maas recognized that the decedents' immediate family members suffered, and continue to suffer, "profound agony and grief and, [w]orse yet, ... are faced with frequent reminders of the events of that day." *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2618, Entered 07/30/12, at pp. 10 - 12. He noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances surrounding the September 11th attacks and their indelible impact on the lives of the victims' families", and concluded that an upward departure from Judge Lambert's framework in *Heiser* was appropriate. *Id.* In that Report, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the September 11, 2001 terror attacks in the following amounts:

5

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

These exact amounts were adopted by this Court in its October 3, 2012 Order (*See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM)), Doc. No. 2623, replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, *See* Doc. No. 3300, and in the September 12, 2016 Order pertaining to the *Bauer I* Plaintiffs, *See* Doc. No 3341.  The solatium losses suffered by the forty (40) *Bauer II* and four (4) *Ashton* claimants before the Court in this application are legally and factually comparable to those suffered by the Plaintiffs in the *Havlish, Ashton and Bauer I* cases.  Each of the deaths was sudden and unexpected and was the result of the defendants' extreme acts of malice.  The decedents were civilians whose deaths were intended to create an environment of fear and terror.  Many family members have no private cemetery plot or gravestone to serve as a remembrance of their loved ones, and many will never experience a sense of closure that might otherwise be expected following the death of an immediate family member.

It is respectfully requested that the Court grant awards of solatium and punitive damages to the immediate family members of the forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs

6

identified in this motion in the same amounts as ordered in *Havlish*, and subsequently adopted in certain of the *Ashton* and in the *Bauer I* cases.

### III. Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Havlish*, certain of the *Ashton*, and the *Bauer I* Plaintiffs, the forty (40) *Bauer II* wrongful death Plaintiffs and the four (4) *Ashton* wrongful death Plaintiffs identified in Exhibits A and B respectfully request that this Court award (1) solatium damages with a punitive damage multiplier of 3.44 for the losses suffered by the immediate family members of the forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs' decedents identified herein in the same amounts awarded by this Court to the families of the *Havlish,* certain of the *Ashton*, and the *Bauer I* Plaintiffs; (2) prejudgment statutory simple interest at a rate of nine percent per annum on the solatium awards running from September 11, 2001 until the date of judgment to the extent the injuries arose in New York State, and prejudgment interest at a rate of 4.96 percent per annum, compounded annually on injuries that arose in other states; and (3) permission for the forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs identified in Exhibits A and B to seek economic damages as calculated by experts and/or prior determinations at a later date.

Dated: New York, New York
October 7, 2016

Respectfully submitted,

BAUMEISTER & SAMUELS, P.C.

BY: _____
Dorothea M. Capone, Esq. (DC8582)

140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
**Attorneys for Bauer Plaintiffs and
Four (4) Ashton Plaintiffs**