UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re Terrorist Attacks on September 11, 2001

---------------------------------------------------------------x

03 MD 1570 (GBD)
ECF Case

This document relates to: *Continental Casualty Co. et al. v. Al Qaeda Islamic Army*, 04-CV-5970 (GBD)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THEIR PLEADING AND PROCEED UNDER 28 U.S.C. § 1605A AS AGAINST DEFENDANT THE ISLAMIC REPUBLIC OF IRAN

Plaintiffs Continental Casualty Company, Transcontinental Insurance Company, Transportation Insurance Company, Valley Forge Insurance Company, National Fire Insurance Company of Hartford and American Casualty Company of Reading, Pennsylvania (collectively, the "Continental Plaintiffs") respectfully submit the within memorandum of law in support of their motion to amend their pleading and proceed under 28 U.S.C. § 1605A as against Defendant the Islamic Republic of Iran ("Iran").

The Continental Plaintiffs are insurers who, in accordance with their obligations under applicable insurance policies, paid over $200 million in compensation for property and other forms of economic damage resulting from the terrorist attacks on September 11, 2001. The Continental Plaintiffs, in their pleadings, seek recovery for the amounts they have paid and have asserted claims against, *inter alia*, Iran, under the State Sponsor of Terrorism Exception of the Foreign Sovereign Immunities Act ("FSIA"), then codified at § 1605(a)(7). As Congress, on January 28, 2008, amended the FSIA by repealing § 1605(a)(7) and replacing that statute with the more expansive § 1605A, the Continental Plaintiffs respectfully move to amend their complaint, *solely as to defendant Iran*, in the

form attached hereto as Exhibit A, and to proceed against Iran under § 1605A. The Continental Plaintiffs served their prior pleading upon Iran pursuant to FSIA on June 8, 2005 (Exhibit B) and further request that the Court enter an order recognizing that service of the amended complaint is not required.

In four related matters consolidated in this same MDL asserting identical claims against Iran, *Havlish v. Bin Laden*, Docket No. 03-CV-9848-GBD, *Federal Insurance Co. v. al Qaida,* Docket No., 03-CV-06978, *Ashton v. al Qaeda Islamic Army,* Docket No. 02-CV-06977 and *O'Neill v. Republic of Iraq*, Docket No. 04-CV-1076, this Court has already permitted the plaintiffs in those cases to amend their complaint as to Iran to convert their claims under § 1605(a)(7) to claims under § 1605A pursuant to the precise procedure the Continental Plaintiffs invoke here. In each of those cases, this Court held that (i) the application to amend the pleadings was timely[1], (ii) the application to amend was the proper procedural vehicle to effectuate the retroactive application of § 1605A as applied to pending and related actions and (iii) service of the amended pleading upon Iran was not required, given that Iran has been served multiple times in this litigation and the claims under § 1605A are substantially similar to those alleged in the previous versions of the complaints. All of those considerations apply with equal force here.

Accordingly, for these reasons, the Continental Plaintiffs respectfully request that they be granted an order (i) granting leave to proceed against Iran under 28 U.S.C. § 1605A as set forth in the Amended Complaint, attached hereto as Exhibit A, and (ii) recognizing that service of the amended pleading on Iran is not required.

---

[1] Pursuant to § 1605A(b), "[a]n action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) . . . not later than the later of - (1) 10 years after April 24, 1996; or (2) 10 years after the date on which the cause of action arose." 28 U.S.C. § 1605A(b). Here, this action and several other related actions in this multi-district litigation were commenced against Iran under § 1605(a)(7) within ten years of the date on which the attacks took place (this action was commenced on September 1, 2004) and the cause of action arose.

100407 2

Dated: September 30, 2016
       New York, New York

                        FERBER CHAN ESSNER & COLLER, LLP

                        By: /s/ Robert M. Kaplan
                            Robert M. Kaplan (RK 1428)

                        Attorneys for Plaintiffs Continental Casualty Company, Transcontinental Insurance Company, Transportation Insurance Company, Valley Forge Insurance Company, National Fire Insurance Company of Hartford and American Casualty Company of Reading, Pennsylvania
One Grand Central Place, Suite 2050
New York, New York 10165
(212) 944-2200