## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair* (1944-2013)<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>SIMMONS HANLY CONROY LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF AND FACSIMILE**

October 14, 2016

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 630
New York, NY 10007

     Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

     The Plaintiffs' Executive Committees, on behalf of all plaintiffs, and the Defendants' Executive Committee, on behalf of the defendants currently in discovery, submit the following statement concerning the conference scheduled for October 20, 2016 (ECF No. 3305) (June 28, 2016).

### Plaintiffs' Proposal

     On September 28, 2016, both Houses of Congress voted to override the President's veto of the Justice Against Sponsors of Terrorism Act (JASTA), resulting in JASTA's enactment into law. *See* Pub. L. No. 114-222, 130 Stat. 852 (Sept. 28, 2016) (attached as Exhibit A). Congress passed JASTA "to provide civil litigants with the broadest possible basis, consistent with the Constitution … , to seek relief against persons, entities, and foreign countries, wherever acting and wherever they may be found, that have provided material support, directly or indirectly, to foreign organizations or persons that engage in terrorist activities against the United States." JASTA, § 2(b).

     In order to accomplish this purpose, JASTA amended the Foreign Sovereign Immunities Act (FSIA) and the Anti-Terrorism Act (ATA). With respect to the FSIA, JASTA created a new exception to immunity codified at 28 U.S.C. § 1605B, confirming that foreign sovereigns are not immune from claims related to harm arising from acts of terrorism in the United States that is caused by their tortious acts committed here or abroad. *See* JASTA, § 3(a) (enacting 28 U.S.C.

The Honorable George B. Daniels
October 14, 2016
Page 2

---

§ 1605B(b)). In addition, JASTA for the first time made foreign sovereigns subject to ATA claims, *see id.* § 3(a) (enacting 28 U.S.C. § 1605B(c)), and amended the ATA's civil liability provisions to "recognize the substantive causes of action for aiding and abetting and conspiracy liability." *Id.* § 2(a)(4); *see id.* § 4(a) (enacting 18 U.S.C. § 2333(d)). JASTA provides that "[t]he decision of the United States Court of Appeals for the District of Columbia in *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983) … provides the proper legal framework for how such liability should function." JASTA, § 2(a)(5).

JASTA applies to "any civil action—(1) pending on, or commenced on or after, the date of enactment of [JASTA]; and (2) arising out of an injury to a person, property, or business on or after September 11, 2001." *Id.* § 7.

JASTA's enactment has significant implications to this MDL proceeding. For example, plaintiffs expect to file a motion with the Second Circuit Court of Appeals in the next day, requesting summary remand of the pending appeal relating to the dismissals of the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina (SHC). Separately, JASTA authorizes plaintiffs in this MDL who did not previously bring direct claims against the Kingdom and SHC (and potentially other parties) to bring such claims now under the ATA, and provides a new cause of action for the benefit of the plaintiffs who had sued the Kingdom and SHC already.

Plaintiffs believe it would be beneficial to spend a few moments apprising the Court of the nature and likely timing of these and other developments anticipated in light of JASTA's passage and the related case management issues these present.

### Defendants' Response to Plaintiffs' Proposal

Defendants are aware of no issue, and plaintiffs mention none, involving the defendants currently before this Court. There is no reason to convene a conference to address a motion not yet filed in a case not before this Court, nor to address the impact of hypothetical future complaints against other parties not currently before this Court.

Respectfully submitted,

/s/ Sean P. Carter
SEAN P. CARTER
*PLAINTIFFS' EXECUTIVE COMMITTEES*

/s/ Alan R. Kabat
ALAN R. KABAT
*DEFENDANTS' EXECUTIVE COMMITTEE*

The Honorable George B. Daniels
October 14, 2016
Page 3

---

Enc.

cc:    The Honorable Sarah Netburn (via ECF)
       All Counsel of Record (via ECF)

LEGAL\28330327\1