**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED:    10/14/2016        │
└─────────────────────────────────┘
```

In re:

      **TERRORIST ATTACKS ON**
      **SEPTEMBER 11, 2001**

**03-MDL-1570 (GBD)(SN)**

**ORDER**

------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

This order relates to:  <u>Bauer v. al Qaeda Islamic Army</u>, 02-CV-7236 (GBD)(SN)
                               <u>Ashton v. al Qaeda Islamic Army</u>, 02-CV-6977 (GBD)(SN)

      On October 7, 2016, forty plaintiffs in <u>Bauer</u> and four plaintiffs in <u>Ashton</u> filed a motion for final judgment for solatium damages with a punitive damages multiplier of 3.44, with prejudgment simple interest of nine percent per annum for injuries arising in New York State and prejudgment interest at a rate of 4.96 percent per annum compounded annually for injuries arising in other states. ECF No. 3352. On October 11, 2016, additional <u>Ashton</u> plaintiffs filed a motion for final judgment for economic and solatium damages with a punitive damages multiplier of 3.44 and prejudgment interest as described above. ECF No. 3356. Both motions for final judgment are accompanied by draft orders adopting the terms requested by plaintiffs.

      The <u>Bauer</u> and <u>Ashton</u> plaintiffs understandably base their requests on prior damage awards issued in this multi-district litigation, including in <u>Bauer</u> and <u>Ashton</u> themselves. <u>See</u>, <u>e.g.</u>, <u>In re Terrorist Attacks on Sept. 11, 2001</u>, No. 03-MDL-1570 (GBD)(FM), 2016 WL 1029552 (S.D.N.Y. Mar. 9, 2016) (applying 3.44 punitive damages multiplier to <u>Ashton</u> plaintiffs' claims for pain and suffering and awarding New York statutory rate of prejudgment interest); <u>In re Terrorist Attacks on Sept. 11, 2001</u>, No. 03-MDL-1570 (GBD)(FM), 2012 WL

4711407, at *1 (S.D.N.Y. Oct. 3, 2012) (awarding same to plaintiffs in <u>Havlish v. Bin Laden</u>, No. 03-CV-9848).

"In situations where punitive damages have been awarded repeatedly against a defendant for the same conduct in a series of lawsuits, the Court should consider whether to limit such damages so as not to over-punish that defendant for that particular conduct." <u>Roth v. Islamic Republic of Iran</u>, 78 F. Supp. 3d 379, 403 (D.D.C. 2015). As the cumulative sum of punitive damages issues has crept up ever higher with every successive judgment, this Court has recommended reconsidering the formula previously applied in this series of cases in a Report and Recommendation issued October 12, 2016 in <u>Hoglan v. Islamic Republic of Iran</u>, 11-CV-7550 (GBD)(SN). ECF No. 3358. In this Report and Recommendation, I recommend that the <u>Hoglan</u> plaintiffs request for punitive damages be denied without prejudice, and that plaintiffs file supplemental briefing to justify any punitive damages that they believe the law supports. <u>Id.</u> Furthermore, I find that the appropriate rate of prejudgment interest for all claims, including those arising in New York State, is 4.96 percent per annum compounded annually. The calculation of compensatory damages, including economic, pain and suffering, and solatium damages, was not modified in any way.

The Court is aware of the Victims of State Sponsored Terrorism Fund ("VSST") created by act of Congress last year. Consolidated Appropriations Act, Pub. L. No. 114-113, § 404, 129 Stat. 2242, 3007–17 (2015) (codified at 42 U.S.C. § 10609). In order to retain eligibility for the impending December distribution, final judgments must promptly be issued to all plaintiffs who are entitled to them. <u>See</u> <u>Hoglan v. Islamic Republic of Iran</u>, 11-CV-7550 (GBD)(SN), ECF No. 165 (Letter from Timothy Fleming). Only compensatory damages, however, are eligible for payment under this fund. <u>See</u> 42 U.S.C. § 10609 (c)(2)(A) (referring to eligible claims for

compensatory damages only); id. at (j)(3) ("The term 'compensatory damages' does not include pre-judgment or post-judgment interest or punitive damages."). Therefore, any delay in the award of punitive damages will not prejudice plaintiffs in their applications to the VSST.

In order to expedite the issuance of final judgments in these cases, the plaintiffs in Ashton and Bauer are directed to revise and refile their proposed orders, as well as the exhibits attached to the declarations in support of the motions for final judgment to reflect the recommended terms in the Hoglan Report and Recommendation, ECF No. 3358. These revised proposed orders and exhibits are to make no reference to the award of punitive damages and state the rate of pre-judgment interest to be applied as 4.96 percent per annum, compounded annually. The orders may, however, specify that Plaintiffs shall be permitted to submit applications for punitive damages at a later date. In all other respects, the orders and exhibits shall remain the same as they are currently.

The Court will discuss a briefing schedule for a punitive damages award at the status conference currently scheduled for 11:30 a.m. on Thursday, October 20, 2016, in Courtroom 219, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, New York 10007.

**SO ORDERED.**

_____

SARAH NETBURN
United States Magistrate Judge

DATED:      New York, New York
                    October 14, 2016