UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)
*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)

DOROTHEA M. CAPONE, Esq., hereby states under penalty of perjury that:

1. I am an attorney representing the forty (40) *Bauer* Plaintiffs (herein referred to as "*Bauer II*") and the four (4) *Ashton* Plaintiffs who are the subject of a motion for partial final judgment in the above-captioned litigation. I submit this Supplemental Declaration in support of this motion on behalf of individual Plaintiffs identified in Exhibits A and B attached hereto, and in accordance with the instruction provided in the Order of Magistrate Judge Sarah Netburn dated October 14, 2016 (case 1:03-md-01570-GBD-SN, Doc. 3363) pertaining to the amounts of solatium damage awards, as well as the instructions contained in the Order of Magistrate Judge Sarah Netburn pertaining to the instant motion (case 1:03-md-01570-GBD-SN, Doc. No. 3362).

2. The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs listed in Exhibits A and B in connection with the September 11th terror attacks, other court records relating to the multi-district litigation to which the forty (40) *Bauer II* and four (4) *Ashton* Plaintiffs are parties, and conversations with family members of these Plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

3. Claims brought on behalf of the decedent Milton Bustillo are identified in Exhibit A and include a request for solatium damages on behalf of his step-daughter, Dayna Spordone. Pursuant to the Report and Recommendation entered by Magistrate Judge Netburn on October 14, 2016 in *Hoglan v. Islamic Republic of Iran*, (1:03-md-01570-GBN-SN, Doc. No. 3363), Milton Bustillo was the functional equivalent of a father who co-habitated with and provided financial, emotional and moral support to his 7 year old step-daughter Dayna Spordone until he was killed in the September 11, 2001 terror attacks.[1]

4. Mr. Bustillo and his wife, Laura Spordone Bustillo lived with Dayna Spordone and their biological infant daughter, and were finalizing the purchase of a home in New Jersey in which the family of four would continue to co-habitate when Mr. Bustillo was killed. Mr. Bustillo's relationship with Dayna Spordone was indistinguishable from that of a biological father and daughter. In addition to providing Dayna Spordone with a father's love, care, comfort and companionship, Mr. Bustillo was the sole source of financial support for his family when he was killed because Laura Bustillo was unemployed. Following the terror attacks, Dayna Spordone received approximately $900 per month in Social Security benefits until she turned 18 in 2012. She was also a distributee of workers compensation benefits paid to her mother until her 18th birthday.

5. Like so many other children of the victims of the September 11, 2001 terror attacks, seven year old Dayna Spordone struggled through her childhood without her step-father's presence. She continues to suffer extreme pain and suffering as a result of Milton's

---

[1] Dayna Spordone was born on September 12, 1994. Her biological father was absent from her life by the time her mother met and began a relationship with Milton Bustillo in 1997.

death. Although their relationship lacked formal recognition, it was warm and loving and in no way different from that of a natural father and biological daughter. As a result, it is respectfully requested that this Court award Dayna Spordone solatium damages in the amount of $8,500,000.

6. Claims brought on behalf of the decedent Joseph Keller are identified in Exhibit A and include a request for solatium damages on behalf of his step-father, Daniel Saslow. Daniel Saslow was the functional equivalent of a father who co-habitated and provided financial, emotional and moral support to Joseph Keller from the age of 12 when he married the decedent's mother. The decedent's biological father left his family when Joseph Keller was an infant, and was killed in an automobile crash a few months later. His mother raised the decedent and his sister as a single-mother until she married Daniel Saslow when the decedent was 12 years old. From that time, Mr. Saslow financially supported the decedent and his mother and sister, and acted as the functional equivalent of a father to Joseph Keller providing him with a strong moral counseling and an emotional foundation that enabled him to mature and grow. In light of this Court's October 14, 2016 decision, it is respectfully requested that this Court award Daniel Saslow solatium damages reduced by one-half, or $4,250,000.

7. Claims brought on behalf of the decedent Noel Foster are identified in Exhibit B and include a request for solatium damages on behalf of his adoptive father, John Foster. John Foster was the functional equivalent of a father who co-habitated and provided financial, emotional and moral support to Noel Foster from the age of 9 when he married the decedent's mother, Marion Foster.[2] John Foster formally adopted the decedent finalizing the process when Noel Foster was just shy of his 13th birthday. From the time that John Foster married his mother,

---

[2]The decedent's biological father died when he was four years old.

3

he financially supported the decedent and his mother, and acted as the functional equivalent of a father to Noel Foster participating in all aspects of his life and providing him with an excellent education. In light of this Court's October 14, 2016 decision, it is respectfully requested that this Court award John Foster solatium damages reduced by one-half, or $4,250,000.

Dated: October 17, 2016
      New York, NY

_____
Dorothea M. Capone