**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

: **MOTION TO PROCEED**
: **DIRECTLY TO DIPLOMATIC**
: **SERVICE OF PARTIAL**
: **FINAL JUDGMENT PURSUANT**
: **TO 28 U.S.C. § 1608(a)(4)**
:
: 1:03 MDL 1570 (GBD) (SN)
:
------------------------------------------------------------------X

This Document Relates to
Hoglan v. Iran,
1:11-cv-07550 (GBD) (SN)

      The *Hoglan* Plaintiffs, through counsel, hereby respectfully submit this Motion to Proceed Directly to Diplomatic Service Pursuant to 28 U.S.C. §1608(a)(4) in light of the Iranian Defendants' certain refusal to accept service of the forthcoming partial final judgment in this matter via mail under 28 U.S.C. §1608(a)(3).

      1.     The *Hoglan* Plaintiffs respectfully request that this Honorable Court consider this Motion expeditiously because the disposition of the instant Motion will impact the ability of the *Hoglan* Plaintiffs to participate in the recently-established U.S. Victims of State Sponsored Terrorism Fund ("VSST").

      2.     On October 12 and October 14, 2016, U.S. Magistrate Judge Sarah Netburn issued Reports and Recommendations in this case, recommending that 13 Estates and 203 Individual Plaintiffs receive, *inter alia*, compensatory damages in an amount in excess of $1.8 billion due to their losses suffered on September 11, 2001.

      3.     The *Hoglan* Plaintiffs await entry of a partial final judgment by the Court regarding the claims of these 13 Estate Plaintiffs and 203 Individual Plaintiffs at this time.

4. Following the entry of a partial final judgment, the *Hoglan* Plaintiffs will be charged with giving notice of the partial final judgment to the Iranian Defendants pursuant to the service provisions of the FSIA, 28 U.S.C.§1608(a)-(b).

5. There are four methods of service under the FSIA at §1608, listed in descending order of preference. Subsection (a) of §1608 addresses service upon a foreign state or a political subdivision of a foreign state; subsection (b) provides the methods of service available for an agency and instrumentality of a foreign state. See 28 U.S.C. §1608 (a)(1)-(4); 28 U.S.C. §1608(b)(1)-(3).

6. The first two methods under each subsection are virtually identical and neither is applicable to the Islamic Republic of Iran. The first method of service is "by delivery of a copy of the [default judgment] in accordance with any special arrangement for service between the plaintiff and political subdivision." 28 U.S.C. §§1608(a)(1), (b)(1). No "special arrangement" for service of the default judgment exists between the *Hoglan* Plaintiffs and Iran. Iran failed to appear to defend this case. Indeed, Iran has never appeared to defend *any* of the dozens of claims brought against the Islamic Republic of Iran by plaintiffs in the courts of the United States under the state sponsor of terrorism exception to sovereign immunity found at 28 U.S.C. §1605A. See *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 85 (D.D.C. 2009).

7. Because the first two methods of service under the FSIA are inapplicable to Iran, the FSIA typically requires a plaintiff to begin with the third method, which is to attempt service of a judgment "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court to the head of the ministry of foreign affairs of the foreign state concerned." See 28 U.S.C. § 1608(a)(3).

8.     If service via mail is unsuccessful, a plaintiff is required to wait 30 days before again attempting service by delivering to the clerk of court the materials necessary for service for transmission to the U.S. Department of State pursuant to 28 U.S.C. § 1608(a)(4).

9.     Counsel for the *Hoglan* Plaintiffs, who also represent the *Havlish* Plaintiffs in the related case of *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(FM), have twice in the past four years had occasion to attempt to serve the Iranian Defendants by mail pursuant to the FSIA.  Both times, these mailings were rejected by the Ministry of Foreign Affairs in Tehran. See *Havlish, et al v. bin Laden, et al.*, Motion to Authorize Attachment and Execution Pursuant to 28 U.S.C. § 1610(c), Document No. 389, Exhibits C, D and E; Memorandum of Law in Support of Motion to Authorize Attachment and Execution Pursuant to 28 U.S.C. § 1610(c), Document 390; Order Granting Motion to Authorize Attachment and Execution Pursuant to 28 U.S.C. § 1610(c), Document 393.  See also *Hoglan, et al. v. Islamic Republic of Iran, et. al.*, Motion for Judgment, Document 91, Exhibit E; Memorandum of Law in Support of Motion for Judgment, Document 92.

10.    Service by mail upon the Iran has proven futile in so many of the approximately 70 cases filed against the Islamic Republic of Iran as a result of its sponsorship of terrorism that the foreign mailing instructions for the U.S. District Court for the District of Columbia no longer require a plaintiff to attempt service by mail upon Iran before proceeding to diplomatic service. The Attorney Manual for Service Upon a Foreign Defendant (Pursuant to FRCP 4 and the Foreign Sovereign Immunities Act) published by the United States District Court for the District of Columbia (Revised: March 2016) currently states:

> **A Special Note:** The countries of **Iran** and **Iraq** have not objected to service by mail.  However, many attempts at service by mail or courier are unsuccessful. Therefore, it is okay for an attorney to request service directly through diplomatic

   channels (28 U.S.C. § 1608(a)(4)) without attempting service under any other provisions first.

United States District Court for the District of Columbia, Attorney Manual for Service Upon a Foreign Defendant (Pursuant to FRCP 4 and the Foreign Sovereign Immunities Act), Section B, Paragraph 11, page 7 (bold formatting in original). Available on the internet at http://www.dcd.uscourts.gov/sites/dcd/files/AttyForeignMlg2016wAttach.pdf .

   11. In addition to the standing instruction by the Clerk of Court for the U.S. District Court for the District of Columbia that service by mail upon Iran is no longer necessary to comport with the enumerated service preferences of the FSIA, case law also holds that FSIA plaintiffs are not bound to make attempts at futile mail service upon Iran.

   12. In *Rubin v. Islamic Republic of Iran*, 1:03-cv-09370 (N.D.Ill, Jan. 18, 2008), the U.S. District Court for the Northern District of Illinois explicitly held, in the context of an action to enforce a judgment against Iran for its continued support for terrorism worldwide, that service of a default judgment by mail was not required of the *Rubin* Plaintiffs by the FSIA because that method of service had failed when the *Rubin* Plaintiffs attempted service of the summons and complaint to commence the litigation in the District of Columbia. The *Rubin* court interpreted the FSIA's requirement regarding service of the judgment to call for and authorize the same method of service as had been utilized for service of the complaint and summons. Thus, attempted mail service was unnecessary. A copy of the *Rubin* Memorandum Opinion and Order is attached hereto as **Exhibit A**.

   13. In these MDL proceedings, the *Continental Casualty* plaintiffs served papers upon Iran by directly proceeding to diplomatic service where mail service was problematic due to the weight of the papers to be served. See **Exhibit B** at pp. 18-19.

   14. Time is of the essence here because the *Hoglan* Plaintiffs seek to participate in the

federal VSST Fund program.  The VSST Fund has been allocated $1,025,000,000 in funds that, by law, will be disbursed in their entirety this December to victims of state sponsored terrorism, including those who have fallen victim to Iran's continued support for terrorism worldwide.  Participation in the VSST requires entry of a final judgment that has been transmitted to the U.S. Department of State for service.  See FAQ 2.3 at http://www.usvsst.com/faq.php (last accessed Oct. 18, 2016).  Existing judgment holders had an October 12, 2016 deadline to file VSST claims; although it is unclear what the cutoff date for new judgment holders will be to participate in the December payout, there is no question that filing claims as soon as possible after October 12, 2016, would make participation in the December payout much more likely.

15. Should the *Hoglan* Plaintiffs be required to engage in the futile step of attempting to serve the Iranian Defendants with any partial final judgment issued by this Court, and wait the mandatory 30 days afterward before the transmission of documents for the service to the U.S. Department of State, participation by the *Hoglan* Plaintiffs in the VSST for 2016 will be all but impossible.

WHEREFORE, the *Hoglan* Plaintiffs respectfully request that the attached proposed order, permitting the *Hoglan* Plaintiffs to proceed directly to diplomatic service upon the Iranian Defendants of any final judgment issued by this Honorable Court, be GRANTED.

Respectfully submitted,

Date:  October 27, 2016     /s/ Timothy B. Fleming_____
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1850 M Street, NW, Suite 720
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
Melina Goldfarb (AL Bar No. ASB- 3739-R71M)

WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

*Attorneys for the Hoglan Plaintiffs*