**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

# EXHIBIT A

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                          03 MD 1570 (RCC)
                                                          ECF Case

In re Terrorist Attacks on September 11, 2001

------------------------------------------------------------x

This document relates to: *Continental Casualty Co. et al. v. Al Qaeda Islamic Army*, 04-CV-5970 (RCC)

## DECLARATION OF SERVICE

### TO THE CLERK OF THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK:

      ROBERT M. KAPLAN, under penalty of perjury under the laws of the United States of America, declares as follows:

      1.     I am an attorney at law, admitted to practice before this Court and a member of Ferber Chan Essner & Coller, LLP, attorneys for the plaintiffs in *Continental Casualty Co. et al. v. Al Qaeda Islamic Army*, 04-CV-5970 (the "Continental Plaintiffs") I have personal knowledge of the facts set forth below.

      2.     The Continental Plaintiffs' summons, complaint and notice of suit were served upon the Islamic Republic of Iran.

      3.     Service was effectuated upon the Ministry of Foreign Affairs of the Islamic Republic of Iran as transmitted by the Swiss Foreign Ministry on June 8, 2005 in accordance with the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608 *et seq.* True and correct copies of the Return of Service and supporting U.S. Department of State documents are attached hereto as Exhibit A.

100235

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

4. A copy of my transmittal letter to the Clerk of this Court on March 18, 2005 is attached as Exhibit B.

Dated: New York, New York
August 24, 2016

*[signature]*
ROBERT M. KAPLAN

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

# EXHIBIT A

# HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)
# MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT
# EXHIBIT B



United States Department of State

Washington, D.C. 20520

June 30, 2005

Mr. J. Michael McMahon
Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

### Re: Continental Casualty Company v. Al Qaeda Islamic Army, 04 Civ. 5970

Dear Mr. McMahon:

I am writing regarding the Court's request for service of a summons, complaint and notice of suit pursuant to 28 U.S.C. 1608(a)(4) upon the Islamic Republic of Iran as a defendant in the above mentioned lawsuit.

Because the United States does not maintain diplomatic relations with the government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Teheran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of a diplomatic note, number 1029-IE, dated June 8, 2005.

While the Iranian Ministry of Foreign Affairs returned the service documents to the Embassy of Switzerland, 28 U.S.C. 1608(c)(1) provides that service shall be deemed effective as of the date of transmittal indicated in the certified copy of the diplomatic note. We see no reason that the return of these documents should invalidate the effectiveness of service under 28 U.S.C. 1608(a)(4).

I am enclosing copies of the documents transmitted as well as certified copies of the diplomatic notes used to transmit them to the Iranian Ministry of Foreign Affairs. This includes the authenticated certification of the Deputy Head of the Foreign Interests Section at the Swiss Embassy in Teheran, and the certification of the Vice Consul of the U.S. Embassy in Bern.

Should you have any questions regarding this matter, please do not hesitate to contact me at (202) 736-9115.

Sincerely,

William P. Fritzlen
Attorney Adviser
Office of Policy Review and Interagency Liaison

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

Enclosures As Stated

Cc:  Mr. Robert M. Kaplan
Ferber Frost Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
(Signature of Consular Officer)

Christopher K. Derrick
(Typed name of Consular Officer)

Vice Consul of the United States of America
(Title of Consular Officer)

June 16, 2005
(Date)

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**



22801

EIDGENÖSSISCHES DEPARTEMENT
FÜR AUSWÄRTIGE ANGELEGENHEITEN

DRINGEND
K.252.41 USA/IRAN 3-1

Das Eidgenössische Departement für auswärtige Angelegenheiten, bezieht sich auf die Note CONS No. 14864 vom 27. Mai 2005 betr. die Übermittlung von Gerichtsakten im Fall der Continental Casualty Co. gegen Al Qaida, und beehrt sich, der Botschaft der Vereinigten Staaten von Amerika in der Beilage folgende Unterlagen zuzustellen, die es vom Dienst für amerikanische Interessen der Schweizerischen Botschaft in Teheran zurückerhalten hat:

- **Gerichtsakten: Judicial Assistance: Summons, Complaint and Notice of Suit Pursuant to the Foreign Sovereign Immunties Act (FSIA) – Case of Continental Casualty Co., et al. v. Al Qaida, et al., Case No. 04-CV-5970 (RCC) (SDNY)**
- **Note Nr. 1029-IE vom 08. Juni 2005 an das iranische Aussenministerium der Islamischen Republik von Iran und "Proof of Service", datiert vom 08. Juni 2005, sowie die Beglaubigung der Unterschrift durch die Schweizerische Bundeskanzlei datiert vom 14. Juni 2005.**

Der genannte Dienst hat die oben erwähnten Gerichtsakten samt seiner Note Nr. 1029-IE **ohne Kommentar seitens des iranischen Aussenministeriums am 08. Juni 2005 zurückerhalten.**

Das Departement benützt auch diesen Anlass, um die Botschaft seiner ausgezeichneten Hochachtung zu versichern.

Bern, den 14. Juni 2005




Beilagen erwähnt

An die Botschaft der
Vereinigten Staaten von Amerika

# HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)
# MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT
# EXHIBIT B

Informal Embassy translation from the German of SPP Note No. 22801 dated June 14, 2005:

"The Federal Department of Foreign Affairs, referring to Embassy's note No. 14864 of May 27, 2005 concerning the transmission of the court documents in the case Continental Casualty Co. v. Al Qaida, has the honor to submit to the Embassy of the Untied States of America the following enclosures received from the American Interests Section of the Swiss Embassy in Tehran.

- Court documents: Judicial Assistance: Summons, Complaints and Notices of Suit Pursuant to the Foreign Sovereign Immunities Act (FSIA) – Case of Continental Casualty Co, et al. v. Al Qaida, et al. Case No. 04-CV-5970 (RCC)(SDNY)
- Note No. 1029-IE dated June 8, 2005 to the Ministry of Foreign Affairs of the Islamic Republic of Iran and 'Proof of service' dated June 8, 2005 with the authentication of signature made by the Swiss Federal Chancellery dated June 14, 2005

The Interests Section received back the above mentioned court documents as well as its Note No. 1029-IE on June 8, 2005 from the Iranian Ministry of Foreign Affairs with no comments.

Complimentary close.

Bern, June 14, 2005

Enclosures as stated

# HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)
## MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT
## EXHIBIT B

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I, Christopher K. DERRICK, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 14864 dated May 27, 2005, which was transmitted to the Swiss Ministry of Foreign Affairs on May 31, 2005 for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran

(Signature of Consular Officer)

Christopher K. DERRICK
(Typed name of Consular Officer)

Vice Consul of the United States of America
(Title of Consular Officer)

June 16, 2005
(Date)

# HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)
# MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT
# EXHIBIT B

*Embassy of the United States of America*

May 27, 2005

CONS NO. 14

U R G E N T!

Federal Department of Foreign
 Affairs
Foreign Interests Service
Bundesgasse 32
3003 Bern

Subject: JUDICIAL ASSISTANCE: Summons, Complaint and Notice of Suit Pursuant to the Foreign Sovereign Immunities Act (FSIA) - Case of Continental Casualty Co, et al. v. Al Qaida, et al., Case No. 04-CV-5970 (RCC)(SDNY)

REF:    ----

The Department of State has requested the delivery of the enclosed Summons, Complaint and Notice of Suit to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter of the case Continental Casualty Co, et al. v. Al Qaida, et al., Case No. 04-CV-5970 (RCC)(SDNY).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. The American Interests Section should transmit the Summons, Complaint and Notice of Suit to the Islamic Republic of Iran under cover of a diplomatic note utilizing the language provided in the enclosed instruction.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute the certification of the diplomatic note, which will be forwarded by the Department of State to the requesting court in the United States.

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

Enclosed is the appropriate part of a message the Embassy received from the Department of State as well as two sets of the Summons, Complaint and Notice of Suit for the Islamic Republic of Iran.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the Summons, Complaint and Notice of Suit to the Iranian authorities.

SPP's assistance is much appreciated.



**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Ruth EGGER
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Christopher K. Derrick
(Typed name of Consular Officer)

Vice Consul of the United States of America
(Title of Consular Officer)

June 16, 2005
(Date)

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**



## EMBASSY OF SWITZERLAND

No. 1029-IE

The Embassy of Switzerland, Foreign Interests Section, in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Continental Casualty Co. et al. v. Al Qaeda, et al., case No. 04 CV 5970 which is pending in the U.S. Federal District Court for the Southern District of New York in which the Islamic Republic of Iran is a defendant. The Foreign Interests Section transmits a summons and complaint herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

Under applicable U.S. law a defendant in a lawsuit must file an answer to the complaint or some other responsive pleading within 60 days for the date of transmittal of the complaint, in this case the date of this note. Failing to do so, a defendant risks the possibility of having judgment entered against it without the opportunity to present arguments or evidence on its behalf. Therefore, the Foreign Interests Section requests that the enclosed summons and complaint be forwarded to the appropriate authority of the Islamic Republic of Iran with a view towards taking whatever steps are necessary to avoid a default judgment.

In addition to the summons and complaint, the Foreign Interests Section is enclosing a notice of suit prepared by the plaintiff, which summarizes the nature of the cases and include references to U.S. laws concerning suits against foreign States.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Otherwise, proceedings will continue without an opportunity to present arguments or evidence. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1 – Summons, Complaint, Notice of Suit
2 – Translations

Tehran – June 08, 2005 (Khordad 18, 1384)

**Ministry of Foreign Affairs of the**
**Islamic Republic of Iran**
**Tehran**

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

I, Ernst Hofstetter, Head of the Foreign Interests Section, Embassy of Switzerland, in Tehran, certify that this is a true copy of the Embassy of Switzerland, Foreign Interests Section diplomatic note number 1029-IE dated June 08, 2005, and delivered to the Ministry of Foreign Affairs of the Islamic Republic of Iran on June 08, 2005.

Ernst Hofstetter
Head of Foreign Interests Section

Tehran – June 08, 2005

**APOSTILLE**
(Convention de la Haye du 5 octobre 1961)

1. Country: SWISS CONFEDERATION

   This public document

2. has been signed by          Ernst Hofstetter

3. acting in the capacity of officers

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   Certified

5. at Berne          6.    the 14 June 2005

7. by Ruth Egger
   functionary of the Swiss federal Chancellery

8. No ......04728

9. Seal/stamp:                10. Signature: 

   Swiss federal Chancellery

                                   Ruth Egger



**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

ترجمه غیر رسمی

سفارت سوئیس

شماره .IE ۱۰۲۹

سفارت سوئیس ، قسمت حافظ منافع خارجی ، در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراماً توجه آن وزارت محترم را به دعوی حقوقی اقامه شده تحت عنوان شرکت کنتیننتال کژولتی و افراد دیگر علیه القاعده و افراد دیگر که تحت پرونده شماره ۰۴ -CV-۵۹۷۰ در دادگاه بخش فدرال ایالات متحده آمریکا برای بخش جنوبی نیویورک مفتوح میباشد جلب مینماید . جمهوری اسلامی ایران طرف خوانده در این پرونده میباشد . قسمت حافظ منافع خارجی بنا به درخواست دادگاه بخش فدرال ایالات متحده بدینوسیله یک فقره احضاریه و شکوائیه را ایفاد میدارد . برابر مقررات فصل ۲۸ بخش ۱۶۰۸ بند (الف) (٤) مجموعه قوانین ایالات متحده ، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی میگردد .

طبق قوانین مربوطه ایالات متحده آمریکا ، در دعاوی حقوقی طرف خوانده باید ظرف شصت روز از تاریخ ابلاغ احضاریه و شکوائیه (که در این مورد تاریخ این یادداشت میباشد) جوابیه و یا اظهاریه دیگری در پاسخ آن تسلیم دارد ، در غیر اینصورت امکان دارد بدون آنکه فرصت ارائه مدارک و یا دفاعیه از طرف خود را یافته باشد حکم نهایی علیه وی صادر گردد . علیهذا این قسمت خواهشمند است احضاریه و شکوائیه پیوست را جهت هرگونه اقدام لازم به منظور جلوگیری از صدور حکم غیابی ، به مقام ذی ربط دولت جمهوری اسلامی ایران ارسال دارد .

این قسمت علاوه بر احضاریه و شکوائیه فوق الاشعار اعلامیه دادخواهی تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد میدارد .

بدینوسیله اشعار میدارد که طبق قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضایی و یا دفاع دیگری از جمله به عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح میباشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه میگردد . در غیر اینصورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد ادامه پیدا خواهد کرد . وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو در مورد قوانین مربوطه میباشد . دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود .

سفارت سوئیس ، قسمت حافظ منافع خارجی ، موقع را مغتنم شمرده احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید مینماید

تهران ، بتاریخ هجدهم خرداد ماه ۱۳۸٤ (۸ ژوئن ۲۰۰۵)

پیوست : ۱- احضاریه ، شکوائیه ، اعلامیه دادخواهی
۲- ترجمه ها

وزارت امور خارجه جمهوری اسلامی ایران
تهران

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

# EXHIBIT B

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

March 18, 2005

**BY HAND**

Mr. J. Michael McMahon
Clerk of the Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

     Re: Continental Casualty Co. v. Al Qaeda Islamic Army, 04 Civ. 5970

Dear Mr. McMahon:

  We represent the plaintiffs in the above referenced lawsuit in which the Islamic Republic of Iran has been named as a defendant. I am writing to request your assistance in effectuating service of process on Iran under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1608(a)(4).

  Service of process in accordance with FSIA §1608(a)(1) is inapplicable in the instant case because no special arrangement exists between the plaintiffs and the foreign state of Iran. Similarly, FSIA §1608(a)(2) is inapplicable because Iran is not a signatory to an applicable international convention on service of judicial documents. With regard to FSIA §1608(a)(3), the United States Postal Service has strict weight limitations on what it will deliver to Iran, and those weight limitations preclude service of the pleadings we wish to serve on Iran. Therefore, FSIA §1608(a)(4) is the only viable mechanism for effective service of process upon Iran. I have spoken with the State Department regarding service of process on Iran and the State Department is awaiting transmittal of our pleadings from your office.

  Enclosed are three copies, in both English and Farsi, the official language of Iran, of the summons, amended complaint and notice of suit, as well as three copies of the notarized certification by the translator stating that the translations are complete and accurate (the certifications as to the summons and complaint are appended to the last page of the amended complaint), a certified check payable to the U.S. Embassy-Bern in the amount of $735, postal service form 3811 and $20 in cash for postal fees. In addition, I

**HOGLAN V. IRAN, 1:11-CV-07550 (GBD) (SN)**
**MOTION TO PROCEED DIRECTLY TO DIPLOMATIC SERVICE OF PARTIAL FINAL JUDGMENT**
**EXHIBIT B**

Mr. J. Michael McMahon
March 18, 2005
Page 2

enclose an addressed package for your use in transmitting the materials to the Secretary of State's office as follows:

> Edward A. Betancourt
> Director of Special Consular Services
> U.S. Department of State
> 2100 Pennsylvania Avenue
> SA-29-4F
> Washington, D.C. 20520

It is my understanding that, upon receipt from your office, the Secretary of State will transmit these documents through diplomatic channels to Iran. Once service has been effectuated, the Secretary of State will send to you a certified copy of the diplomatic note indicating when, where, and on whom the papers were served.

Please request the Director of Special Consular Services at the U.S. State Department, to transmit the enclosed materials to Iran, at the following address:

> The Islamic Republic of Iran
> Ministry of Foreign Affairs
> Dr. Seyed Kamal Kharrazzi
> Ebn e Sina Street
> Tehran, Iran

and once the process is complete, to send to you a certified copy of the diplomatic note of transmittal. Upon receipt, please forward to us a copy of the certification for our records in the self-addressed, stamped envelope provided for your records.

Thank you for your assistance. If there are any questions, please do not hesitate to contact me directly.

Very truly yours,

Robert M. Kaplan

30665