UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER
03-MDL-1570 (GBD)(SN)

------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 31 2016

GEORGE B. DANIELS, United States District Judge:

Before the Court is Magistrate Judge Netburn's October 14, 2016 Report and Recommendation ("Report," ECF No. 3363). The plaintiffs have objected to the Report insofar as it recommends the denial of damages to certain plaintiffs whom Magistrate Judge Netburn recommended be denied damages. (Objections to Report and Recommendation), (ECF No. 3379).) This Court adopts the Report in its entirety as it pertain to those plaintiffs who are awarded compensatory damages as immediate family members. Further issues of non-immediate family members' entitlement to damages are recommitted to the Magistrate Judge for further briefing and review.

Plaintiffs in *Hoglan v. Islamic Republic of Iran*, 11-cv-7550 (GBD) (SN), one of numerous related actions filed on behalf of the estates and family members of the victims of the attacks of September 11, 2001, sought entry of default judgment awarding them compensatory and punitive damages against the Islamic Republic of Iran, Ayatollah Ali Hoseini Khamenei, Hezbollah, and other Iranian individuals and entities. On August 31, 2015, this Court granted Plaintiffs' motion for entry of default, entered judgment on liability against Defendants, (ECF No. 3023), and

referred this case to Magistrate Judge Frank Maas for an inquest on damages, (ECF No. 3029). Plaintiffs timely filed inquest papers. (ECF Nos. 3194.) Defendants did not respond. (*See id.*) On October 4, 2016, the case was transferred to Magistrate Judge Sarah Netburn for calculation of damages.

In the related cases *Ashton v al-Qaeda Islamic Army*, 02-CV-6977 (GBD) (SN), and *Bauer v. al Qaeda Islamic Army*, 02-CV-7236 (GBD) (SN), the parties submitted to the Court proposed final judgments in line with the Report for certain plaintiffs but requested an opportunity to file motions for compensatory damages for non-immediate family members of 9/11 decedents by January 13, 2017. (Scheduling Order, ECF No. 3369). Accordingly, to ensure the application of a uniform standard on this question across all of the cases comprising this multidistrict litigation, this Court reserves decision as to the claims of all non-immediate family members to whom Magistrate Judge Netburn did not recommend a damage award and who are the subject of Plaintiffs' objections. This Court will enter a final order as to these plaintiffs when all parties subject to the Scheduling Order have presented their motions, fully briefed the issue, and Magistrate Judge Netburn has presented any further Report and Recommendations.

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.; see also Rivera v. Barnhart,* 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz,* 447 U.S. 667, 675-76 (1980). Rather, it is sufficient

that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith,* 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato,* 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson,* 618 F. Supp. at 1189). If a party's objection reiterates a prior argument, or consists entirely of conclusory or general arguments, the Court should review the Report for clear error. *See McDonaugh v. Astrue,* 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7-Eleven, Inc.,* 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 30); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The *Hoglan* plaintiffs filed timely objections to the Report as it pertains to certain plaintiffs whom Judge Netburn recommended be denied damages. (Objections to Report and Recommendation), (ECF No. 3379).) There is no clear error on the face of the record as to those portions of the report to which no objections were made. This Court has considered the issues raised in the *Hoglan* plaintiffs' objections and defers judgment until all parties subject to the Scheduling Order have presented their motions and fully briefed the issue of non-immediate family members' entitlement to solatium damage awards, and Magistrate Judge Netburn has presented any further Report and Recommendations which such motions require.

## II. QUANTUM OF DAMAGES AWARDED TO PLAINTIFFS

When a defendant defaults, the district court accepts as true the well-pleaded allegations in the Complaint on issues other than damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted). A plaintiff seeking to recover damages against a defaulting defendant must prove her damages by submitting admissible evidence. *See U.S. Commodity Futures Trading Comm'n v. 4X Sols., Inc.*, 13-CV-2287, 2015 WL 9943241, at *2 (S.D.N.Y. Dec. 28, 2015) (citing *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 224 (S.D.N.Y. 2003). Here, the following Plaintiffs submitted "deeply personal affidavits" describing their relationships with the September 11, 2001 decedents and establishing that they lived with the decedent as the "functional equivalent" of an immediate family member. (Report at 1.)

Magistrate Judge Netburn recommended that:

(1) Plaintiff Lea Michaela Bitterman, who is the stepdaughter of Donald Havlish, a 9/11 decedent, be awarded $8,500,000 (Report at 17-18);

(2) Plaintiff Sean Bitterman, who is the stepson of 9/11 decedent Donald Havlish, be awarded $8,500,000 (Report at 18-19);

(3) Plaintiff Estate of Marion Thomas, who was the paternal grandmother of 9/11 decedent George Smith, be awarded $8,500,000 (Report at 19-20);

(4) Plaintiff Keith A. Bradkowski, who was the registered domestic partner of 9/11 decedent Jeffrey Collman, be awarded $12,500,000 (Report at 20-21);

(5) Plaintiff Kathryn Collman, who is the stepmother of 9/11 decedent Jeffrey Collman, be awarded $4,250,000 (Report at 22);

(6) Plaintiff Charles Gengler, who is the stepbrother of 9/11 decedent Jeffrey Collman, be awarded $2,125,000 (Report at 22-23);

(7) Plaintiff Susan Bohan, who is the stepsister of 9/11 decedent Jeffrey Collman, be awarded $2,125,000 (Report at 23);

(8) Plaintiff Steven Gengler, who is the stepbrother of 9/11 decedent Jeffrey Collman, be awarded $2,125,000 (Report at 23-24);

(9) Plaintiff Arline Peabody-Bane, who is the stepmother of 9/11 decedent Michael Bane, be awarded $4,250,000 (Report at 24);

(10) Plaintiff Brian Major, who is the stepbrother of 9/11 decedent Michael Bane, be awarded $2,125,000 (Report at 24-25);

(11) Plaintiff Brenda E. Jobe, who is the stepsister of 9/11 decedent Michael Bane, be awarded $2,125,000 (Report at 25);

(12) Plaintiff Colleen McDonald, who was the fiancé of 9/11 decedent Jason Coffey, be awarded $12,500,000 (Report at 26-27); and

(13) Plaintiff Aleese M. Hartmann, who was the fiancé of 9/11 decedent William Godshalk, be awarded $12,500,000 (Report at 27).

Magistrate Judge Netburn recommended denying all other non-immediate family member plaintiffs' claims. (Report at 29.) Magistrate Judge Netburn also recommended that Plaintiffs receiving solatium awards shall be awarded prejudgment interest on those damages from September 11, 2001 to the date of judgment at the rate of 4.96 percent per annum, compounded annually. (Report at 29.) Finally, Magistrate Judge Netburn recommended that Plaintiffs' claims for punitive damages be denied without prejudice. (Report at 28.)

## III. CONCLUSION

This Court adopts the Report in its entirety as it pertains to the thirteen plaintiffs recommended solatium judgments by Magistrate Judge Netburn, and defers decision as to the non-immediate family member plaintiffs whom Magistrate Judge Netburn recommended be denied damages. Judgment is therefore entered ordered against Defendants for a total of $82,125,000 as the sum of the following amounts:

1. Lea Michaela Bitterman ($8,500,000)
2. Sean Bitterman ($8,500,000)
3. Estate of Marion Thomas ($8,500,000)
4. Keith A. Bradkowski ($12,500,000)
5. Kathryn Collman ($4,250,000)
6. Charles Gengler ($2,125,000)
7. Susan Bohan ($2,125,000)
8. Steven Gengler ($2,125,000)
9. Arline Peabody-Bane ($4,250,000)
10. Brian Major ($2,125,000)
11. Brenda E. Jobe ($2,125,000)
12. Colleen McDonald ($12,500,000)
13. Aleese M. Hartmann ($12,500,000)

Plaintiffs receiving solatium awards shall be awarded prejudgment interest on those damages from September 11, 2001 to the date of judgment at the rate of 4.96 percent per annum, compounded annually. Plaintiffs' claims for punitive damages are denied without prejudice. The parties are ordered to submit any further briefing regarding damages to Magistrate Judge Netburn.

Dated: New York, New York
October 31, 2016

OCT 3 1 2016

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge