UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(FM)

### *Ashton* Wrongful Death Plaintiff's Motion for Final Judgments

For the reasons set forth below, and the statements contained in the declaration of James P. Kreindler, Esq. ("Kreindler Decl."), the Estate of David L. Angell, by and through its counsel, Kreindler & Kreindler LLP, respectfully move this Court to award in its case: (1) solatium damages for the losses suffered by the relatives of David L. Angell in the same amounts previously awarded by this Court to other *Ashton* plaintiffs as well as to the *Havlish* plaintiffs; (2) prejudgment interest on those damages as set forth below; and (3) economic damages as described herein. This motion is made on behalf of the Estate of David L. Angell and the individuals listed in Exhibit A attached to the Kreindler Declaration, in light of this Court's previous order granting permission to allow certain remaining *Ashton* plaintiffs to move for this relief. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3300, Filed 06/16/2016.

Having already been awarded partial judgment for the conscious pain and suffering of their decedents, the awards in the attached proposed order will constitute final awards and judgments against the Islamic Republic of Iran in the matter brought by the Estate of David L. Angell.

I.   **Procedural Background**

Relying on evidence and arguments submitted by various plaintiffs, including the *Ashton* wrongful death plaintiffs, in this consolidated multi-district litigation arising out of the

1

September 11, 2001 terror attacks, this Court previously issued a default judgment on liability against Iran on behalf of all *Ashton* plaintiffs. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3008, Entered 08/26/2015

Subsequently, a group of *Ashton* wrongful death plaintiffs moved for partial summary judgment for the conscious pain and suffering that their decedents suffered before death, which a December 28, 2015 Report and Recommendation to this Court recommended be granted, and recommended awarding a default judgment against Iran in the amount of $7,556,880,000, representing compensatory damages of $2 million per decedent and punitive damages of $6.88 million per decedent. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015. The Report and Recommendation also concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of injuries in New York State the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered and to the extent the injuries arose elsewhere 4.96 percent interest per annum compounded annually was appropriate. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015, pp. 1 – 2. In addition to awarding pre-death conscious pain and suffering in certain wrongful death actions, this Court previously considered the issue of solatium damages suffered by certain of the *Ashton* plaintiffs and the *Havlish* plaintiffs and the economic damages arising out certain of the *Ashton* plaintiffs and each of the *Havlish* cases. In connection with a first group of *Ashton* plaintiffs ("*Ashton I*"), this Court found, among other things, that an award to the immediate family members of each decedent was proper and that prejudgment interest on the solatium loss amounts was warranted. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2623, Entered 10/03/12, pp. 4 – 5; 03-md-1570 (S.D.N.Y.) (GBD) (FM), Doc. No. 3300, Filed 06/16/2016, p. 1. The District Court adopted that

2

Report and Recommendation in its entirety in connection with the application made by the *Ashton I* claimants. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3229, Entered 03/09/2016. In connection with the motion for final judgment for a different group of plaintiffs, an October 14, 2016 Report and Recommendation disagreed with the prior conclusion on punitive damages and permitted plaintiffs to file supplemental briefing at a later date to justify their claim to punitive damages. *See* 03-md-1570 (11-cv-7550) Doc. No. 3558, Entered 10/12/2016, pp. 11 – 16. The October 14, 2016 Report and Recommendation also adopted a rate of prejudgment interest of 4.96 percent for all pain and suffering and solatium claims. *Id.*, p. 20. A second group of *Ashton* plaintiffs ("*Ashton II*") moved for final judgment on all claims against the Islamic Republic of Iran, asking to defer the issue of punitive damages and employing the 4.96 percent prejudgment interest rate previously adopted by this Court. *See* 03-md-1570 (11-cv-7550) Doc. No. 3370, Entered 10/21/2016 (Declaration of James P. Kreindler and Proposed Order.) On October 31, 2016, this Court granted the *Ashton II* proposed order. *See* 03-md-1570 (02-cv-6977), Doc. No. 3387, Entered 10/31/2016.

For the reasons below as well as those set forth in the prior motions made by the *Ashton I* and *Ashton II* wrongful death plaintiffs, the estate and survivors of David L. Angell, listed in Exhibit A to the Kreindler Decl. now move this Court to grant the attached proposed Order awarding them the same amount of compensatory damages for their solatium losses as awarded to the prior rounds of the *Ashton I* and *Ashton II* plaintiffs and awarded in the *Havlish* case, directing that pre-judgment interest be assessed on the non-economic damages at the rates previously awarded in connection with the *Ashton II* plaintiffs' motion, and awarding economic damages as described below. The remaining *Ashton* plaintiffs also ask for permission to

3

continue to submit applications in subsequent stages on behalf of those claimants for whom motions have not been submitted, should other applications be warranted.

## II. Damages

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages are available under the federal law and include money damages "for personal injury or death." *See* 28 U.S.C. § 1605A(a)(1) and (c)(4). The damages available to plaintiffs in a Section 1605A action include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

All of the *Ashton* claimants are therefore entitled to compensation under Section 1605A for the solatium and economic losses suffered as a result of the wrongful death of each of their decedents.

### A. Solatium Damages

Section 1605A specifically provides for solatium damages. Under that provision, family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009).

4

Given that, in FSIA cases solatium claims have been treated as comparable to claims for intentional infliction of emotional distress. *See, e.g., Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001))

When previously awarding solatium damages in the *Havlish* cases, this Court looked to the framework established by District Court Judge Royce Lambert in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). There, Judge Lamberth concluded that solatium damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.* This formula may, however, be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Magistrate Judge Maas has previously recognized that the immediate family members of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound agony and grief and, "[w]orse yet, … are faced with frequent reminders of the events of that day. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2618, Entered 07/30/12, pp. 10 – 12. Given the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families," the *Havlish* Report and Recommendation concluded that an upward departure was appropriate and recommended solatium damages in the following amounts:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |

5

| Parent | $8,500,000 |
|---|---|
| Child | $8,500,000 |
| Sibling | $4,250,000 |

The solatium losses suffered by the surviving family members of David L. Angell are legally and factually comparable to those suffered by the *Havlish* claimants. Mr. Angell's death was sudden and unexpected and was the result of the terrorism defendants' extreme acts of malice. Mr. Angell was a civilian whose death, along with those of the other September 11th victims, was intended to create an environment of fear and terror. The claimants here were not attenuated victims but paid the immediate price for the terrorist acts and consequences. Mr. Angell's surviving family members can visit no private cemetery plot or gravestone to visit their loved one but are instead resigned to never have the closure that might otherwise be expected after the death of an immediate family member. The amount of solatium damages previously adopted by the District Court in the *Havlish* cases should apply equally to David L. Angell's relatives and they therefore respectfully request that they be awarded solatium damages in those same amounts, based on their relationship with David L. Angell and as set forth in Exhibit A, attached to the Kreindler Decl.

### B. Economic Damages

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are] … entitled to recover the present value of economic damages, including

6

lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser*, 466 F.Supp.2d 229. Thus, for example, United States District Court Royce C. Lambreth of the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran,* 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F.Supp.2d at 78.[1]

Previously, this Court awarded economic damages in each *Havlish* case for the "economic losses stemming from the wrongful death of the decedent[.]" *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2623, Entered 10/03/12, pp. 2 – 3. In doing so, it adopted the economic loss calculations set forth in the *Havlish* plaintiffs' economic expert reports.

The Estate of David L. Angell respectfully asks that this Court award economic damages set forth in the attached Exhibit A to the Kreindler Decl. and supported by the economic expert report attached as Exhibit B to the Kreindler Decl. None of the claimants listed in Exhibit A opted to seek compensation through the September 11 Victim Compensation Fund of 2001 (the "VCF") and instead proceeded against airline defendants in litigation. The Estate of David L. Angell retained an expert who has rendered opinions as to the economic loss that resulted from the Mr. Angell's wrongful death. Attached as Exhibit B to the Kreindler Decl. is a copy of that

---

[1] In adopting this estate-accumulations calculation, Judge Lambreth recognized that case law under the FSIA was "develop[ing] … a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth*, 78 F.Supp.3d at 82.

7

economic expert report. The expert report also includes a description of methodology and the experts' *curricula vitae*.

Accordingly, the Estate of David L. Angell claimants respectfully request that the economic damages as set forth in the attached Exhibit A be awarded here, which is the figure calculated by the plaintiff's economic expert as the economic loss suffered as a result of Mr. Angell's wrongful death and brought to present value.

### III. Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Ashton I*, *Ashton II* and *Havlish* plaintiffs, we respectfully request that this Court (1) award solatium damages as set forth in the attached Exhibit A, (2) direct that prejudgment interest of 4.96% on the solatium awards running from September 11, 2001 until the date of judgment to the extent that their injuries arose in New York be assessed; (3) award economic loss damages in the amounts set forth in Exhibit A, as supported by the attached economic expert report and analysis; and (4) permit the remaining *Ashton* plaintiffs to seek solatium damages in the same amounts awarded here and economic damages as calculated by economic experts and/or prior determinations in future stages.

Dated: New York, New York
November 3, 2016

Respectfully submitted,

KREINDLER & KREINDLER LLP

BY: __/s/ James P. Kreindler_____
James P. Kreindler, Esq.
Andrew J. Maloney III, Esq.
750 Third Avenue, 32nd Floor
New York, New York 10017
Tel: (212) 687-8181
*Attorneys for Ashton Plaintiffs*