UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM) <br> ECF Case |

This document relates to:

*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(FM)

### Bauer Wrongful Death Plaintiff's Motion for Partial Final Judgments

For the reasons set forth below, and the statements contained in the Declaration of Dorothea M. Capone, Esq. ("Capone Declaration"), the Estate of Sean Rooney, by and through its counsel, Baumeister & Samuels, P.C., respectfully moves this Court for an Order awarding solatium damages for the losses suffered by one of the siblings of Sean Rooney, a victim of the September 11, 2001 terror attacks, in the same amounts previously awarded by this Court to the decedent's other siblings in an Order of Further Partial Judgment entered on September 12, 2016, together with prejudgment interest on those damages at a rate of 4.96 percent per annum, compounded annually. This motion is made on behalf of the individual listed in Exhibit A attached to the Capone Declaration.

Having already been awarded partial judgment for the conscious pain and suffering of the decedent Sean Rooney, and solatium damages for the losses suffered by his wife, mother and four other siblings, the award in the attached proposed Order constitutes a partial final award against the Islamic Republic of Iran.

### I. Procedural Background

In filing applications with the U.S. Victims of State Sponsored Terrorism Fund ("USVSST"), counsel became aware that it had failed to include one of the decedent's siblings in

its previous motion seeking solatium damages which resulted in this Court's Order of September 12, 2016. That Order included an award of solatium damages to the decedent's wife, mother and four other siblings, together with prejudgment interest. *See* 03-md-1570 (S.D.N.Y.)(GBD)(FM) Doc. No. 3335-3, 02-cv-7236 (S.D.N.Y.)(GBD)(FM) Doc. No. 13, Entered 09/12/16 (*Bauer I*). Without burdening the Court with another recitation of the procedural history related to the issuance of default judgments against Iran on behalf of the *Havlish, Ashton, Bauer I* and subsequently, the *Bauer II* Plaintiffs,[1] it is respectfully requested that the Court grant an award of solatium damages with prejudgment interest to the remaining sibling of the decedent Sean Rooney identified in Exhibit A who was inadvertently excluded from the previous motion filed in the same manner and amount as previously awarded to his other four siblings.

## I. Damages

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") creates an exception to sovereign immunity pursuant to which a U.S. citizen can sue a foreign state that is, or was a state sponsor of terrorism, and any official, employee or agent of that foreign state for acts of terrorism committed while acting within the scope of his or her office, employment or agency. The statute specifies that damages are available for"for personal injury or death", 28 U.S.C. § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." *See* 28 U.S.C. § 1605A(c)(4). Courts addressing the damages available under the statute have held that the "estates of those who [died] can recover economic losses stemming from the wrongful death of the decedent; family members can recover solatium for

---

[1] Yesterday counsel filed a Motion for Partial Final Judgment seeking an award of solatium damages for siblings of the decedent, Daniel Laurence Smith. This motion included a detailed recitation of the procedural history related to the filing of default judgments against the Republic of Iran. *See* 03-md-1570 (GBD)(FM) Doc. No. 3395 and 3396, filed 11/28/16.

their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

In accordance with the terms of the statute, the sibling of Sean Rooney identified in Exhibit A is entitled to compensation under Section 1605A for his solatium damages.

### A. Solatium Damages

As set forth above, 28 U.S.C. §1605A specifically provides for an award of solatium damages. Under this provision, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of a decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), vacated on other grounds, 404 F.Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional distress. *See, e.g., Surette v. Islamic Republic of Iran*, 231 F.Supp. 2d 260, 267 n.5 (D.D.C. 2002)(treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.")(quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001).

When previously awarding solatium damages in other cases arising out of the September 11, 2001 terror attacks, this Court looked at the framework established by District Court Judge Royce Lambert in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006) where he awarded solatium damages to each spouse of a deceased victim in the

amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.* This formula may, however, be adjusted upward or downward when circumstances warrant. *See*, e.g., *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of other victims who perished in the September 11, 2001 terrorist attacks, Magistrate Judge Maas recognized that the decedents' immediate family members suffered, and continue to suffer, "profound agony and grief and, [w]orse yet, ... are faced with frequent reminders of the events of that day." *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2618, Entered 07/30/12, at pp. 10-12. He noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances surrounding the September 11th attacks and their indelible impact on the lives of the victims' families," and concluded that an upward departure from Judge Lambert's framework in *Heiser* was appropriate. *Id.* In that Report, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the September 11, 2001 terror attacks in the following amounts:

| **Relationship to Decedent** | **Solatium Award** |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

These exact amounts were adopted by this Court in its October 3, 2012 Order (*See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2623, replicated in this Court's June 16,

4

2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, *See* Doc. No. 3300, in the September 12, 2016 Order pertaining to the *Bauer I* Plaintiffs, *See* Doc. No. 3341, and in the October 31, 2016 Order pertaining to the *Bauer II* Plaintiffs, *See* Doc. No. 3387.

The solatium losses suffered by the sibling of Sean Rooney identified in Exhibit A are legally and factually comparable to those suffered by the Plaintiffs in the *Havlish, Ashton, Bauer I* and *Bauer II* cases. Mr. Rooney's death was sudden and unexpected and resulted from the defendants' extreme acts of malice. Mr. Rooney was a civilian whose death was intended to create an environment of fear and terror.

It is respectfully requested that the Court grant an award of solatium damages to the sibling of Sean Rooney identified in Exhibit A attached to the Capone Declaration.

### III. Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Havlish,* certain of the *Ashton*, and the *Bauer I* and *Bauer II* Plaintiffs, the sibling of Sean Rooney identified in Exhibit A respectfully requests that this Court issue an Order awarding solatium damages together with prejudgment interest of 4.96% per annum, compounded annually be assessed on said solatium award.

Dated:  New York, New York
       November 29, 2016

Respectfully submitted,

**BAUMEISTER & SAMUELS, P.C.**

BY: _/s/ Dorothea M. Capone_
Dorothea M. Capone, Esq. (DC8582)
140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
**Attorneys for the Rooney Plaintiffs**