UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

This document relates to:

*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(FM)

### Bauer Wrongful Death Plaintiff's Motion for Partial Final Judgments

For the reasons set forth below, and the statements contained in the Declaration of Dorothea M. Capone, Esq. ("Capone Declaration"), the Estate of Daniel L. Maher, by and through its counsel, Baumeister & Samuels, P.C., respectfully moves this Court for an Order awarding solatium damages for the losses suffered by the mother of Daniel L. Maher, a victim of the September 11, 2001 terror attacks, in the same manner as it previously awarded to the decedent's spouse, children, and siblings in an Order of Further Partial Judgment entered on October 31, 2016, together with prejudgment interest on those damages at a rate of 4.96 percent per annum, compounded annually. This motion is made on behalf of the individual listed in Exhibit A attached to the Capone Declaration.

Having already been awarded partial judgment for the conscious pain and suffering of the decedent Daniel L. Maher, and solatium damages for the losses suffered by his wife, children and siblings, the award in the attached proposed Order constitutes a partial final award against the Islamic Republic of Iran.

### I. Procedural Background

In filing applications with the U.S. Victims of State Sponsored Terrorism Fund ("USVSST"), counsel became aware that it had failed to include the estate of the decedent's

mother who survived the decedent in its previous motion seeking solatium damages for the other members of the decedent's family which resulted in this Court's Order of October 31, 2016. That Order included an award of solatium damages to the decedent's wife, children and siblings, together with prejudgment interest. *See* 03-md-1570 (S.D.N.Y.)(GBD)(FM) Doc. No. 3387, 02-cv-7236 (S.D.N.Y.)(GBD)(FM) Doc. No. 20, Entered 10/31/16 (*Bauer II*). Without burdening the Court with another recitation of the procedural history related to the issuance of default judgments against Iran on behalf of the *Havlish, Ashton, Bauer I*, the *Bauer II* and Smith Plaintiffs,[1] it is respectfully requested that the Court grant an award of solatium damages with prejudgment interest to the estate of the mother of the decedent Daniel L. Maher identified in Exhibit A who was inadvertently excluded from the previous motion filed in the same manner and amount as previously awarded to other parents.

## I. Damages

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") creates an exception to sovereign immunity pursuant to which a U.S. citizen can sue a foreign state that is, or was a state sponsor of terrorism, and any official, employee or agent of that foreign state for acts of terrorism committed while acting within the scope of his or her office, employment or agency. The statute specifies that damages are available "for personal injury or death", 28 U.S.C. § 1605A(a)(l) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." *See* 28 U.S.C. § 1605A(c)(4). Courts addressing the damages available

---

[1] On Monday, November 28, 2016 counsel filed a Motion for Partial Final Judgment seeking an award of solatium damages for the siblings of the decedent, Daniel Laurence Smith. This motion included a detailed recitation of the procedural history related to the filing of default judgments against the Republic of Iran. *See* 03-md-1570 (GBD)(SN) Doc. No. 3395 and 3396, filed 11/28/16. The Court entered an Order on November 29, 2016 awarding solatium damages to these siblings. *See* 03-md-1570 (GBD)(SN) Doc. No. 3399.

under the statute have held that the "estates of those who [died] can recover economic losses stemming from the wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

In accordance with the terms of the statute, the mother of Daniel L. Maher identified in Exhibit A is entitled to compensation under Section 1605A for her solatium damages.

### A. Solatium Damages

As set forth above, 28 U.S.C. §1605A specifically provides for an award of solatium damages. Under this provision, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of a decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), vacated on other grounds, 404 F.Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional distress. *See, e.g., Surette v. Islamic Republic of Iran*, 231 F.Supp. 2d 260, 267 n.5 (D.D.C. 2002)(treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.")(quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001).

When previously awarding solatium damages in other cases arising out of the September 11, 2001 terror attacks, this Court looked at the framework established by District Court Judge

Royce Lambert in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006) where he awarded solatium damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.* This formula may, however, be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of other victims who perished in the September 11, 2001 terrorist attacks, Magistrate Judge Maas recognized that the decedents' immediate family members suffered, and continue to suffer, "profound agony and grief and, [w]orse yet, ... are faced with frequent reminders of the events of that day." *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2618, Entered 07/30/12, at pp. 10-12. He noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances surrounding the September 11th attacks and their indelible impact on the lives of the victims' families," and concluded that an upward departure from Judge Lambert's framework in *Heiser* was appropriate. *Id.* In that Report, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the September 11, 2001 terror attacks in the following amounts:

| **Relationship to Decedent** | **Solatium Award** |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

These exact amounts were adopted by this Court in its October 3, 2012 Order (*See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2623, replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, *See* Doc. No. 3300, in the September 12, 2016 Order pertaining to the *Bauer I* Plaintiffs, *See* Doc. No. 3341, in the October 31, 2016 Order pertaining to the *Bauer II* Plaintiffs, *See* Doc. No. 3387, and in the November 29, 2016 Order pertaining to certain of the Smith Plaintiffs, *See* Doc. No. 3399.

The solatium losses suffered by the mother of Daniel L. Maher identified in Exhibit A are legally and factually comparable to those suffered by the Plaintiffs in the *Havlish, Ashton, Bauer I , Bauer II* and Smith cases.  Mr. Maher's death was sudden and unexpected and resulted from the defendants' extreme acts of malice. Mr. Maher was a civilian whose death was intended to create an environment of fear and terror.

It is respectfully requested that the Court grant an award of solatium damages to the mother of Daniel L. Maher identified in Exhibit A attached to the Capone Declaration.

### III. Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Havlish,* certain of the *Ashton*, the *Bauer I* and *Bauer II,* and certain of the Smith Plaintiffs, the mother of Daniel L. Maher identified in Exhibit A respectfully requests that this Court issue an Order awarding solatium damages together with prejudgment interest of 4.96% per annum, compounded annually be assessed on said solatium award.

Dated:  New York, New York  
       November 30, 2016

Respectfully submitted,

**BAUMEISTER & SAMUELS, P.C.**

BY: _/s/ Dorothea M. Capone_  
Dorothea M. Capone, Esq. (DC8582)

140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
**Attorneys for the Rooney Plaintiffs**