UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

This document relates to:

*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(FM)

### Bauer Wrongful Death Plaintiff's Motion for Partial Final Judgments

For the reasons set forth below, and the statements contained in the Declaration of Dorothea M. Capone, Esq. ("Capone Declaration"), the Estate of Stacey L. Sanders, by and through its counsel, Baumeister & Samuels, P.C., respectfully moves this Court for an Order awarding (1) solatium damages for the losses suffered by the parents and sibling of Stacey L. Sanders in the same amounts previously awarded by this Court to other *Bauer, Ashton and Havlish* Plaintiffs; and (2) prejudgment interest on those damages at a rate of 4.96 percent per annum, compounded annually. This motion is made on behalf of the individuals listed in Exhibit A attached to the Capone Declaration.

Having already been awarded partial judgment for the conscious pain and suffering of the decedent Stacey L. Sanders, the award in the attached proposed Order constitute partial final awards against the Islamic Republic of Iran in the matter brought by the parents and sibling of Stacey L. Sanders.

### I. Procedural Background

On August 31, 2015, relying on evidence and arguments submitted by various Plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks,

this Court issued a default judgment against Iran on behalf of all *Ashton* Plaintiffs.[1] *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.)(GBD), Doc. No. 3014. Shortly thereafter, the *Ashton* wrongful death Plaintiffs moved for partial summary judgment as to the conscious pain and suffering their decedents endured before they died. The December 28, 2015 Report and Recommendation filed by Magistrate Maas recommended that this Court grant a compensatory damage award of $2,000,000 per decedent together with a 3.44 punitive damage multiplier[2] for the conscious pain and suffering endured by each of the *Ashton* wrongful death decedents. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.)(GBD) (FM), Doc. No. 3175. This Report also concluded that to the extent the *Ashton* wrongful death claims arose out of injuries in New York State, prejudgment statutory simple interest at the rate of nine percent per annum would be applied on the conscious pain and suffering award, and for those injuries that arose outside of New York, a prejudgment interest rate of 4.96 percent interest per annum compounded annually would be applied. *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.) (GBD)(FM), Doc. No. 3175. The District Court adopted this Report in its entirety by Order dated March 9, 2016. *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM) Doc. No. 3229.

This Court has also previously considered the issue of solatium damages in connection with the September 11, 2001 terror attacks, particularly those suffered by the *Havlish*, certain of

---

[1] By Stipulation and Order dated November 19, 2002, the claims of all of the *Bauer* Plaintiffs were consolidated for liability purposes into *Ashton v. al Qaeda Islamic Army, et al.*, civil number 02-cv-6977. Claims brought on behalf of the parents and sibling of Stacey L. Sanders identified in this motion were included in the original *Bauer* action filed on September 10, 2002 and in all subsequent Amended Complaints filed in the *Ashton* action.

[2] In his July 30, 2012 Report and Recommendation filed in the *Havlish* action, Magistrate Judge Maas adopted 3.44 as the appropriate punitive damage multiplier to be applied to all of the claims arising out of the September 11, 2001 terror attacks, noting it is the "standard ratio applicable to cases arising out of terrorists attacks", citing *estate of Bland v. Islamic Republic of Iran*, 831 F.Supp.2d 150, 158 (D.D.C. 2011). *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2618, Entered 07/30/02.

2

the *Ashton*, and the *Bauer I* and *Bauer II* Plaintiffs, and determined that awards to the estates of the victims and their immediate family members were proper and prejudgment interest was warranted. *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2623, Entered 10/03/02, Doc. No. 3300, Entered 06/16/16, and Doc. No. 3341, Entered 09/13/16.

In connection with the motion for final judgment for another group of Plaintiffs, an October 14, 2016 Report and Recommendation filed by Magistrate Judge Netburn[3] disagreed with the Court's prior conclusions on punitive damages, and instructed counsel to file supplemental briefing at a later date to justify their claims to punitive damages. *See* 03-md-1570 (11-cv-7550) Doc. No. 3558, Entered 10/12/2016, pp. 11-16. The October 14, 2016 Report and Recommendation also adopted a rate of prejudgment interest of 4.96 percent for all pain and suffering and solatium claims. *Id.*, at p. 20. A second group of *Bauer* plaintiffs ("*Bauer II*") moved for final judgment on all claims against the Islamic Republic of Iran, asking to defer the issue of punitive damages and employing the 4.96 percent prejudgment interest rate previously adopted by this Court. *See* 03-md-1570 (02-7236) Doc. No. 3371, Entered 10/21/2016 (Declaration of Dorothea M. Capone and Proposed Order.) On October 31, 2016, this Court granted the *Bauer II* proposed Order. *See* 03-md-1570 (02-cv-7236), Doc. No. 3387, Entered 10/31/2016.

For the reasons below as well as those set forth in the prior motions made by the *Bauer I* and *Bauer II* wrongful death plaintiffs, the parents and sibling of Stacey L. Sanders, identified in Exhibit A to the Capone Declaration move this Court for an Order awarding them the same amount as awarded to the *Havlish*, certain of the *Ashton*, and the *Bauer I* and *Bauer II* Plaintiffs

---

[3]Magistrate Judge Maas recently retired and his role was filled by Magistrate Judge Sarah Netburn.

for their solatium losses together with prejudgment interest at 4.96 percent interest per annum compounded annually.

## II. Damages

Section 1605A of the Foreign Sovereign Immunities Act ("FSIA") creates an exception to sovereign immunity pursuant to which a U.S. citizen can sue a foreign state that is, or was a state sponsor of terrorism, and any official, employee or agent of that foreign state for acts of terrorism committed while acting within the scope of his or her office, employment or agency. The statute specifies that damages are available for"for personal injury or death", 28 U.S.C. § 1605A(a)(l) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." *See* 28 U.S.C. § 1605A(c)(4). Courts addressing the damages available under the statute have held that the "estates of those who [died] can recover economic losses stemming from the wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

In accordance with the terms of the statute, the parents and sibling of Stacey L. Sanders identified in Exhibit A is entitled to compensation under Section 1605A for their solatium damages.

### A. Solatium Damages

As set forth above, 28 U.S.C. §1605A specifically provides for an award of solatium damages. Under this provision, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of a decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003),

4

vacated on other grounds, 404 F.Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional distress. *See*, e.g., *Surette v. Islamic Republic of Iran*, 231 F.Supp. 2d 260, 267 n.5 (D.D.C. 2002)(treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.")(quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001).

When previously awarding solatium damages in the *Havlish* cases, this Court looked at the framework established by District Court Judge Royce Lambert in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006) where he awarded solatium damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.* This formula may, however, be adjusted upward or downward when circumstances warrant. *See*, e.g., *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); Valore, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the September 11, 2001 terrorist attacks, Magistrate Judge Maas recognized that the decedents' immediate family members suffered, and continue to suffer, "profound agony and grief and, [w]orse yet, ... are faced with frequent reminders of the events of that day." *See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2618, Entered 07/30/12, at pp. 10-12. He noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances

5

surrounding the September 11th attacks and their indelible impact on the lives of the victims' families," and concluded that an upward departure from Judge Lambert's framework in *Heiser* was appropriate. *Id.* In that Report, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the September 11, 2001 terror attacks in the following amounts:

| Relationship to Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

These exact amounts were adopted by this Court in its October 3, 2012 Order (*See* 03-md-1570 (02-cv-6977)(S.D.N.Y.)(GBD)(FM), Doc. No. 2623, replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, *See* Doc. No. 3300, in the September 12, 2016 Order pertaining to the *Bauer I* Plaintiffs, *See* Doc. No. 3341, and in the October 31, 2016 Order pertaining to the *Bauer II* Plaintiffs, *See* Doc. No. 3387. The solatium losses suffered by the parents and sibling of Stacey L. Sanders Smith are legally and factually comparable to those suffered by the Plaintiffs in the *Havlish, Ashton, Bauer I* and *Bauer II* cases. Ms. Sanders' death was sudden and unexpected and was the result of the defendants' extreme acts of malice. Ms. Sanders was a civilian whose death was intended to create an environment of fear and terror. Many family members have no private cemetery plot or gravestone to serve as a remembrance of their loved ones, and many will never experience a sense of closure that might otherwise be expected following the death of an immediate family member.

It is respectfully requested that the Court grant awards of solatium damages to the parents and sibling of Stacey L. Sanders identified in Exhibit A attached to the Capone Declaration.

### III. Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Havlish*, certain of the *Ashton*, and the *Bauer I* and *Bauer II* Plaintiffs, the parents and sibling of Stacey L. Sanders identified in Exhibit A respectfully request that this Court (1) award solatium damages, and (2) direct that prejudgment interest of 4.96% per annum, compounded annually be assessed on these solatium awards running from September 11, 2001 until the date of judgment.

Dated: New York, New York
December 2, 2016

Respectfully submitted,

**BAUMEISTER & SAMUELS, P.C.**

BY: _____
Dorothea M. Capone, Esq. (DC8582)
140 Broadway, 46th Floor
New York, New York 10005
Tel: (212) 363-1200
**Attorneys for the Sanders Plaintiffs**