UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In Re Terrorist Attacks on September 11, 2001    :   **PLAINTIFFS' OBJECTIONS**
                                                 :   **TO MAGISTRATE**
                                                 :   **JUDGE'S REPORT AND**
                                                 :   **RECOMMENDATION**
                                                 :   **REGARDING SHEFI AND**
                                                 :   **ROWE FAMILY CLAIMS**
                                                 :   **(SUPPLEMENTED)**
                                                 :   1:03 MDL 1570 (GBD) (SN)

------------------------------------------------------------------X

This Document Relates to
*Hoglan, et al. v. Iran, et al.*
1:11-cv-07550 (GBD) (SN)

Plaintiff Alexander Rowe, as guardian of Nadine Rowe, through counsel, hereby respectfully requests the Court's indulgence to permit the filing, a few minutes out of time, an additional objection omitted from the Rowe family's objection to a portion of the Magistrate Judge Netburn's third Report and Recommendation (MDL Doc. 3374), issued October 24, 2016. The passage was omitted due to an unexpected internet outage that prevented it from being transmitted between counsel in time for the main filing.

I.  **Alexander Rowe's U.S. Nationality Should Be Substituted for His Disabled Daughter Nadine Because He is Her Guardian for Purposes of the FSIA**

In ¶ 169 of the Second Amended Complaint that governs this action, Plaintiffs allege that:

> **Alexander Rowe** brings this action as legal guardian of **Nadine Rowe**, a surviving Sibling of Nicholas Rowe, one of the Decedents murdered as a result of the terrorist attacks of September 11, 2001, that were carried out by al-Qaeda and to which Iran and the Iranian Defendants provided material support and assistance in furtherance of the attacks.

See Second Amended Complaint, Document 62, ¶ 169.

Under Federal Rule of Civil Procedure 17(c), a general guardian or like fiduciary may sue on behalf of an incompetent person.  Fed.R.Civ.P. 17(c)(1)(A)-(D).  Federal Rule of Civil Procedure 9 states that a pleading need not allege a party's authority to sue in a representative capacity, and any challenge to any such authority to sue must be specifically denied.  Fed.R.Civ.P. 9(a)(1)(B); Fed.R.Civ.P. 9(a)(2).  Under Rule 17(b)(3), the law of the state where the court is located provides the applicable law for the capacity to sue or be sued.  Fed.R.Civ.P 17(b)(3).

Alexander Rowe, the father of 9/11 Decedent Nicholas Rowe, was an individual plaintiff in *Havlish* and is his son's estate's Personal Representative.  Alexander Rowe is a United States citizen and a resident of South Africa.  Decedent Nicholas Rowe is survived by his sister, Nadine Rowe, who is a citizen of South Africa.  Alexander Rowe is the parent and natural guardian of Nadine Rowe.  Nadine is mentally handicapped and needs constant care.  As Alexander Rowe states in a Declaration on her behalf:

> My wife and I had four children....  Our first child Nadine is mentally retarded.  She needs constant care and lives at a home for mentally retarded children.  Nadine is also clinically blind and has had no education.  Nevertheless, Nadine has much emotional and intuitive understanding.  She is a very loving, kind child who was particularly close to our son and her youngest brother, Nicholas.  Nadine has now also lost her mother, my wife, Judith.  But it is in Nicholas that Nadine has lost her most loving and attentive supporter.  They were always very close and fond of one another.  To this day, Nadine is unable to comprehend what happened to Nicholas.  To this day, eleven years later, she keeps on asking where he is and when he is coming to visit.  Nicholas had always assured us that we could count on him attending to Nadine's long term care.  In fact, if anything were to happen to my wife and I, Nicholas and [his fiancé] Michelle were going to bring Nadine to America and assume the burden of caring for her.  Now I worry for Nadine's future and the cost of her long-term care.

Declaration of Alexander Rowe as Guardian of Nadine Rowe, ¶¶5, 10, 11, 12.

The FSIA requires that "the claimant or the victim" at the time of the terrorist act be a national of the United States. 28 U.S.C. § 1605A(a)(2)(A)(ii)(1). Alexander Rowe is a United States citizen and brings a claim on behalf of, and as sole guardian of, his incompetent daughter. In this instance, the FSIA "claimant" is a U.S. citizen and, therefore, the jurisdictional predicate under the FSIA is satisfied.

## II.  CONCLUSION

For the reasons set forth above, the claim of Nadine Rowe should be considered by this Honorable Court and awarded damages.

*oglan* Plaintiffs, and that final judgment in their favor be entered.

Respectfully submitted,

Date:  January 6, 2017

/s/ Timothy B. Fleming
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1850 M Street, NW, Suite 720
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
Melina Goldfarb (AL Bar No. ASB- 3739-R71M)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)

                FOOTE, MIELKE, CHAVEZ
                 & O'NEIL, LLC
                10 West State Street, Suite 200
                Geneva, IL  60134
                (630) 232-7450

                *Attorneys for the Hoglan Plaintiffs*