UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re: TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

03-MDL-1570 (GBD)(SN)

-----------------------------------------------------------------X

**ORDER**

-----------------------------------------------------------------X

THOMAS E. BURNETT, SR., et al.,

                      Plaintiffs,

    -against-

THE ISLAMIC REPUBLIC OF IRAN, et al.,

                    Defendants.

15-CV-9903 (GBD)(SN)

**ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      The Court has reviewed the January 6, 2017 letter alerting it to the presence of claimants in a motion for default judgment in <u>Burnett v. Islamic Republic of Iran</u>, 15-CV-9903, who have already received judgments pursuant to October 31, 2016 orders of further partial judgment from Judge Daniels in the <u>In re Terrorist Attacks on September 11, 2001</u> multidistrict litigation. ECF No. 3421. Given the alleged inconsistencies raised in the January 6, 2017 letter, the Court cannot recommend that the motions for final judgment at ECF No. 70, 72, and 74 in <u>Burnett v. Islamic Republic of Iran</u>, 15-CV-9903 be signed at this time.

      As a preliminary matter, the Court would like clarification as to why <u>Burnett</u>, a related case to <u>Ashton v. Al Qaeda Islamic Army</u>, 02-CV-6977, and whose currently pending motion for a default judgment on liability depends on the findings of fact and conclusions of law of MDL

case Havlish v. Bin Laden, 03-CV-9848, has not been incorporated into the In re Terrorist Attacks on September 11, 2001, 03-MDL-1570, multidistrict litigation proceedings. It appears that the failure of the Burnett plaintiffs to join the MDL proceedings may have accounted for some of the delay in bringing this important issue affecting the integrity of the Court's orders to its attention.

Accordingly, the Court orders the following:

1) The Burnett Plaintiffs are to withdraw the motions currently pending at ECF No. 70, 72, and 74;

2) The Burnett Plaintiffs are to submit a status letter to the Court no later than Wednesday, January 18, 2017, explaining why they have not sought to join the multidistrict litigation and responding to the January 6, 2017 letter;

3) The Burnett Plaintiffs are to resubmit the motions for damages as one consolidated motion. Such motion is to be accompanied by a sworn statement by an attorney who affirms under penalty of perjury that no relief has previously been awarded to any particular plaintiff (or, if relief has been awarded, the nature of that relief). **This statement shall be required for all future motions for damages by all groups of plaintiffs in the multidistrict litigation;**

4) The Plaintiffs' Executive Committee is to review all prior orders granting partial default judgments against the Islamic Republic of Iran to ensure that no duplicate relief has been issued. The Plaintiffs' Executive Committee is to submit a status letter no later than Wednesday, January 18, 2017, which (1) verifies that no individual or estate plaintiff has received duplicate judgments in any of the Court's past orders or, if duplicate relief has been issued, naming such plaintiffs and such relief; (2) details

the nature of coordination between the different groups of plaintiffs applying for default judgments to ensure that duplicate judgments are not entered; (3) explains the due diligence measures conducted by plaintiffs' counsel to verify the family relationship between 9/11 decedents and immediate family member plaintiffs claiming solatium damages; and (4) identifies safeguards that will be implemented to prevent the issuance of duplicate relief in the future.

5) Parties should be prepared to discuss these issues at the next general case management conference scheduled for February 8, 2017.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     New York, New York
           January 11, 2017

3