USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re: TERRORIST ATTACKS ON
      SEPTEMBER 11, 2001

03-MDL-1570 (GBD)(SN)

-----------------------------------------------------------------X
-----------------------------------------------------------------X

**ORDER**

KATHLEEN ASHTON., et al.,

                    **Plaintiffs,**

02-CV-6977 (GBD)(SN)

        -against-

**ORDER**

AL QAEDA ISLAMIC ARMY, et al.,

                    **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      The Court has reviewed the January 23, 2017 letter from the Plaintiffs' Executive Committee regarding the issue of potential duplicate judgments (ECF No. 3433) and finds that the safeguards proposed by the Plaintiffs are sufficient to protect the integrity of the judgment issuance process. Accordingly, all plaintiffs are ordered to comply with the due diligence safeguards identified in Section II.D of said letter. All further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief).

      In light of the Court's acceptance of the proposed safeguards and the parties' January 19, 2017 letter (ECF No. 3432) stating that a conference was unnecessary at this time, the February

8, 2017 status conference before Judge Daniels and myself is ADJOURNED sine die. The parties are directed to file a letter with the Court within 10 days of the date the Court of Appeals for the Second Circuit issues its decision on the pending joint motion for vacatur and remand made by plaintiffs and defendants Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia and Herzegovina. This letter should set forth several dates which would be mutually convenient for the parties to appear for a joint status conference.

The Court further accepts the Burnett plaintiffs' withdrawal of their prior motions (ECF No. 3434) in accordance with its January 11, 2017 order. ECF No. 3422. The Court, however, requests further information regarding the Ashton plaintiffs' notice purporting to withdraw claims for the parents, Antoinette Tammome and Anthony Porrazzi, and step-children, Eamonn Radburn and Liam Radburn, of decedent Bettina Browne-Radburn. ECF No. 3427. The notice states that the plaintiffs are withdrawing their "pending motion." See ECF No. 3357-1 (spreadsheet attachment reflecting solatium claims of these four family members). After my October 14, 2016 Report and Recommendation in Hoglan v. Islamic Republic of Iran regarding the eligibility of non-immediate family members for solatium damages (ECF No. 3363), the Ashton plaintiffs resubmitted their motions first on October 18, 2016 (ECF No. 3367) and then, after I found that they had not submitted individual affidavits justifying solatium damages for non-immediate family members, resubmitted them again on October 21, 2016. ECF No. 3370. The claims of Antionette Tammome and Anthony Porrazzi, who were immediate family members of the decedent, were included in this submission. ECF No. 3370-1.[1] Accordingly, on October 31, 2016, Judge Daniels granted final judgment to Antionette Tammome and Anthony Porrazi, in the sum of $8,500,000 each. ECF No. 3386 (entering final judgment "on behalf of

---

[1] The claims of Eamonn Radburn and Liam Radburn, who were non-immediate family members of the 9/11 decedent, were not included in this submission, and as such, the Court accepts their withdrawal.

those individuals in <u>Ashton et al. v. Al Qaeda Islamic Army et al.</u>, 02-CV-6977 (GBD) (FM) identified in Exhibit A to the Oct. 21, 2016 Declaration of James P. Kreindler").

As such, there is no "pending motion" as pertains to Antionette Tammome and Anthony Porrazi—rather, these two claimants have been awarded final judgments against Iran. Furthermore, the Court seeks further clarification as to what the statement "these immediate . . . family members do not meet the Court's criteria for awarding the requested damages" means. ECF No. 3422. As all plaintiffs are aware, the Court has not, to date, required any documentary evidence describing the family relationship between immediate family member solatium claimants and has only done so for non-immediate family members.

Therefore, the <u>Ashton</u> plaintiffs are ORDERED to submit a letter no more than three pages in length by Monday, January 30, 2017, explaining (1) why they seek to withdraw claims for two individuals for whom final judgments have already been granted; and (2) explaining, in detail, in what way Antionette Tammome and Anthony Porrazi are "immediate . . . family members [who] do not meet the Court's criteria for awarding the requested damages."

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         January 25, 2017