```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2017
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:  TERRORIST ATTACKS ON
       SEPTEMBER 11, 2001

         **03-MDL-1570 (GBD)(SN)**

         **ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      On October 14, 2016, I issued a Report and Recommendation in Hoglan v. Islamic Republic of Iran, 11-CV-7550 (GBD)(SN), recommending that final judgments for solatium damages be entered for 13 non-immediate family members of 9/11 decedents and denied for all other claimants. ECF No. 3363. On October 31, 2016, the Hoglan plaintiffs submitted objections to my findings that the claimants not awarded damages did not meet the legal standard to be considered "functional equivalents" of immediate family members. ECF No. 3381. In light of other plaintiffs' representations at an October 20, 2016 status conference that they were interested in briefing the issues of non-immediate family members' entitlement to solatium damages, the Hoglan plaintiffs asked that the issue be recommitted to me for further briefing. Id. On the same day, Judge Daniels adopted the Report in its entirety as to the 13 plaintiffs awarded damages, and deferred judgment as to all others until "all parties subject to the Scheduling Order have presented their motions and fully briefed the issue of non-immediate family members' entitlement to solatium damage awards, and Magistrate Judge Netburn has presented any further Report and Recommendations which such motions require." ECF No. 3384.

      Pursuant to my October 20, 2016 Scheduling Order, such briefing was to occur by January 13, 2017. ECF No. 3369 ("By [January 13, 2017], the Ashton and Bauer plaintiffs may file a motion for compensatory damages of non-immediate family members and may address the question of the appropriate prejudgment interest.") On January 10, 2017, however, the Plaintiffs' Executive Committee requested an adjournment of the scheduled briefing on punitive damages,

given that the Victims of State-Sponsored Terrorism ("VSST") Fund was not awarding such damages. ECF No. 3419. On that same day, the Court granted the request, and adjourned the briefing sine die. ECF No. 3420. Neither the plaintiffs' letter nor the Court's Order, however, addressed the briefing on the non-immediate family member issue.

    The Court believes that it is opportune to reopen the briefing on this issue at this time, despite the lack of an open application period for the VSST. The non-immediate family members who I recommended be denied damages require a final adjudication of their claims. As recognized by Judge Daniels, however, the analysis adopted for the Hoglan plaintiffs is likely to guide future determinations on this issue as the multidistrict litigation progresses. Therefore, other groups of plaintiffs have a live interest in this decision and should be heard as to the proper standard to apply. The Court has a strong preference for a joint submission from the Plaintiffs' Executive Committee; nevertheless, to the degree that different groups of plaintiffs represented by separate counsel have material disagreements about the proper legal standard to be applied, separate briefs may be accepted. Cumulative briefing is strongly discouraged.

    To begin this process, the Court orders the Plaintiffs' Executive Committee to submit a status letter by Friday, March 10, 2017. This letter should state: (a) whether the Plaintiffs are interested in making a submission on this issue; (b) whether any such submission shall be a joint submission and if separate submissions are to be made, the necessity for such submissions; and (c) a proposed date for this submission, which is to be no later than May 5, 2017. The Hoglan plaintiffs will be permitted, though not required, to make an additional submission in support of the non-immediate family member plaintiffs not recommended damages by the same date. The Court will also fully consider their October 31, 2016 Objections in its analysis.

**SO ORDERED.**

DATED:    New York, New York
               March 3, 2017

_____
SARAH NETBURN
United States Magistrate Judge