## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
In re:  TERRORIST ATTACKS ON
     SEPTEMBER 11, 2001          03 MDL 1570 (GBD)(SN)
---------------------------------------------------------X


| | |
|---|---|
| AGUILAR, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) CASE NO.: 16 CV 9663 |
| KINGDOM OF SAUDI ARABIA, et. al., | Defendants. |
| Defendants. | ) |
| | ) |
| ADDESSO, et. al., | ) CASE NO.: 16 CV 9937 |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| KINGDOM OF SAUDI ARABIA, et. al., | ) |
| | ) |
| Defendants. | ) CASE NO.: 17 CV 117) |
| | ) |
| | ) |
| HODGES, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| KINGDOM OF SAUDI ARABIA, et. al., | ) |
| | ) CASE NO.: 17 CV 450 |
| Defendants. | ) |
| | ) |
| | ) |
| AIKEN, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| KINGDOM OF SAUDI ARABIA, et. al., | |

1

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR LEAVE TO SERVE DEFENDANTS THROUGH PUBLICATION**

Plaintiffs, through undersigned counsel, move to have Plaintiffs' Motion for an Order authorizing Plaintiffs to effectuate service of process by publication on specified Defendants granted and states as follows:

**INTRODUCTION AND LITIGATION BACKGROUND**

Plaintiffs herein have joined in one petition raising claims against fourteen defendants ("Defendants") consisting of the Kingdom of Saudi Arabia, Saudi Binladin Group, Mohamed Binladin Company, Mohamed Binladin Organization, Prince Mohamed Bin Faisal Al Saud, National Commercial Bank, Yasin Kadi, Muslim World League, International Islamic Relief Organization, World Assembly of Muslim Youth, Al Haramain Islamic Foundation, Al Haramain Islamic Foundation, Al Rajhi Bank, Dubai Islamic Bank, and Dallah Avco Trans Arabia. The Defendants are comprised of foreign states within the meaning of 28 U.S.C. § 1391(f); individuals with a principal place of business located in Saudi Arabia; companies with a principal place of business located in Saudi Arabia; companies with a principal place of business located in Dubai, UAE; and charitable organizations with a principal place of business located in Saudi Arabia.

A.  **Claims against Defendants**

This lawsuit is for recovery of damages suffered by individuals as a result of September 11, 2011 terrorist attacks upon the United States. The claims are based upon the activities of the Defendants comprised of the Kingdom of Saudi Arabia along with certain Charities and Banks that have funded Al Qaeda's activities in the years leading up to the September 11, 2011 terrorist attacks through which the Defendants aided and abetted those attacks and conspired with Al

Qaeda in relation to same, as well as defendants' own related acts of international terrorism involving violations of the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331 et seq. *See e.g.*, 18 U.S.C. §§ 2339A, 2339B, 2339C and the Justice Against Sponsors of Terrorism Act.

### B. Efforts to Serve Defendants

Upon conducting extensive research, the Defendants' residences are unascertainable for purposes of service. However, service remains futile even with accurate residences since process servers in the Middle East are rightfully reluctant to serve dangerous international terrorists. Furthermore, Saudi Arabia is not bound by any recognized international agreements governing service of process by foreign jurisdictions.

### ARGUMENT

### I. Standard Governing Alternative Service

A Court may direct service on an individual in a foreign country by any "means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Application for alternative means of service is appropriate where the preferred methods of service provided in Rule 4(f)(1)-(2) of the Federal Rules of Civil Procedure ("FRCP") are futile. *Smith v. Islamic Emirate of Afg.*, No. 01 Civ. 10132 (HB), 01 Civ. 10144 (HB), 2001 LEXIS 21712, at \*6 (S.D.N.Y. Dec. 20, 2001). In order to submit a party to the jurisdiction of a court, service must be sufficient in showing that there is little doubt that the party has actual notice of the claims in order to appear and defend. *SEC v. Tome*, 833 F.2d 1086, 1092 (2d Cir. 1987). To satisfy due process, service through alternate means requires reasonably calculated notice that, under the circumstances, "apprise[s] interested parties of the pendency of the action and afford[s] them an opportunity to present their objections." *Id.* at 1093.

In *Tome*, the Second Circuit found that service through publication was consistent with

FRCP 4(f)(3) and due process since the defendants' European addresses were not readily ascertainable and because notice was reasonably likely to come to the attention of the defendants based on the nature of the publication and their professions. *Id.* at 1092-94. In *Smith*, the Second Circuit allowed service through publication with respect to defendant Osama Bin Laden due to his status as an international fugitive and the presumption that Bin Laden had knowledge that the estates of the victims would file civil cases against him stemming from the attack on the World Trade Center. *Smith*, 2001 LEXIS 21712, at *9.

Allowing alternative methods of service under FRCP 4(f)(3) is within the discretion of the district court. *RSM Prod. Corp. v. Fridman*, 2007 LEXIS 37713, at *1 (S.D.N.Y. May 24, 2007). To prevent parties from seeking alternative means of service for illegitimate purposes, a district court may require the parties "to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary." *Export-Import Bank v. Asia Pulp & Paper Co., Ltd.*, 2005 LEXIS 8902, at *4 (S.D.N.Y. May 11, 2005); *see also*, *Ryan v. Brunswick Corp.*, 2002 LEXIS 13837, at *2 (W.D.N.Y. May 31, 2002). This Court has previously allowed service through publication upon dangerous non-sovereign terrorist defendants. *Havlish v. Bin Laden*, No. 03-cv-9848-GBD, 2011 LEXIS 155899 (S.D.N.Y. Dec. 22, 2011) (service of publication permitted upon Osama bin-Laden, the Taliban and hundreds of unidentified terrorist defendants).

## II.    Service by Alternative Means is Appropriate Against Defendants

Defendants' do not reside in countries that have agreed to subject themselves to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents under FRCP 4(f)(1). There is no international agreement in place for the service of process in Saudi Arabia. *De Gazelle Group Inc. v. Tamaz Trading Establishment*, No. 6:13-cv-1430-Orl-31TBS, 2016 LEXIS

181390, at *3 (M.D. Fla. Dec. 22, 2016). Additionally, the methods of service provided in FRCP 4(f)(2) are impractical given the reluctance by the countries that Defendants' reside in to subject their citizens to claims made in foreign litigation.

### A. Service is not Prohibited by International Law

Alternative service under FRCP 4(f)(3) has been ordered upon defendants residing in middle eastern countries when personal service is impossible and the country lacks an international agreement governing service of process. *Smith*, 2001 LEXIS 21712, at *13. Saudi Arabia's recent application for membership under the Hague Convention is not controlling given the fact that Saudi Arabia has yet to sign and is not yet bound by any Convention agreements. *Members & Parties*, HCCH, https://www.hcch.net/en/states/hcch-members/details1/?sid=268 (last visited Feb. 13, 2017).

Substitute methods of service may be used to serve foreign defendants pursuant to FRCP 4(f) when the Hague Convention does not apply. *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531 (E.D. Va. 2005) (holding that when the defendant's address was unknown, the Hague convention did not apply and courts were free to allow service through publication under 4(f)). In *FMAC Loan Receivables*, the plaintiff contacted the defendant's prior legal representative, business affiliates, the Consulate General in Karachi, Pakistan, researched business records and documents, and used online research tools. Despite these efforts, the plaintiff was unable to locate the defendant's whereabouts and the court determined that alternate means of service was appropriate. However, a party is not required to attempt "every permissible means of service of process before petitioning the court for alternative relief." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (affirming grant of plaintiff's motion for service through electronic mail).

**B. Plaintiffs' Methods of Service Satisfy Constitutional Due Process Requirements**

Courts have the discretion to order alternative methods of service under FRCP 4(f) provided that the due process requirements of reasonable notice and an opportunity for the defendant to present objections are met. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Service through publication pursuant to FRCP 4(f)(3) is acceptable "so long as diligent attempts have been made to locate the defendant and serve process by traditional means, and the publication is one that likely would reach the defendant." *BP Prods. North America, Inc. v. Dagra*, 236 F.R.D. 270, 272 (E.D. Va. 2006) (service by publication permitted where exact address unknown and defendant has knowledge that he may be subject to suit).

Applied here, the Plaintiffs have already acquired waivers of Service from the Defense Counsels representing the Kingdom of Saudi Arabia. The remaining Defendants, namely: The Saudi Bin Ladin Group, Mohamed Binladen Group, Mohamed Binladin Organization, Prince Mohamed Bin Faisal Al Saud, the National Commercial Bank, Yasin Kadi, the Muslim World League, the International Islamic Relief Organization, the World Assembly of Muslim Youth, the Al Haramain Islamic Foundation, the Al Rajhi Bank, the Dubai Islamic Bank and Dallah Avco Trans Arabia are all foreign Defendants whose addresses can not be confirmed or verified through conventional methods. Given the mobile nature of the foreign Defendants and the interest to evade service of process has rendered conventional internet search efforts to ascertain the accurate addresses futile. Service by publication is a much more reasonably calculated measure to apprise the foreign Defendants of the pendency of the litigation action under these circumstances. Furthermore, this Court has already granted similar relief to other Plaintiffs in previous litigation suing the same or similar foreign Defendants in other In Re

Terrorist Attack litigation cases. Therefore, it is fair and equitable for the same relief to be granted in this matter as well.

To ensure that Defendants have adequate notice, the Plaintiffs propose publishing the complaint with four different entities. The publications will commence on or after March 14, 2017 and the publication will be for four weeks in the International Herald Tribune, USA Today, at least one Arabic language newspaper circulated widely in the Middle East, as well as posting the complaint on the website www.sept11terrorlitigation.com.

### III. Conclusion

Plaintiffs have properly alleged facts that establish the merits for granting Plaintiffs' Motion for Leave to Serve Specified Defendants by Publication on Defendants for whom an address to serve Summons and Complaint is unknown and cannot be ascertained through reasonable means. This Court should grant Plaintiffs' Motion for Leave to Serve Specified Defendants by Publication.

Dated: March 14, 2017

    Respectfully Submitted,

    /s/  Christopher R. LoPalo
    NAPOLI SHKOLNIK PLLC
    400 Broadhollow Rd., Ste 305
    Melville, New York 11747
    Telephone: (212) 397-1000
    Email: CLoPalo@Napolilaw.com
    *Attorneys for the Plaintiffs*