UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TERRORIST ATTACKS
ON SEPTEMBER 11, 2001                    CIVIL ACTION NO.:  03 MDL 1570

-------------------------------------------------------------------------X

CONTINENTAL CASUALTY COMPANY,
TRANSCONTINENTAL INSURANCE COMPANY,
TRANSPORTATION INSURANCE COMPANY, VALLEY
FORGE INSURANCE COMPANY, NATIONAL FIRE
INSURANCE COMPANY OF HARTFORD and
AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA.

                                                    04 Civ. 5970

                    Plaintiffs,

    - against -
                                                    JURY TRIAL
                                                    DEMANDED

KINGDOM OF SAUDI ARABIA,


                    Defendant.
-------------------------------------------------------------------------X

**AMENDED COMPLAINT WITH REGARD TO
DEFENDANT KINGDOM OF SAUDI ARABIA**

Plaintiffs, by their attorneys, Ferber Chan Essner & Coller, LLP, allege as follows:

1.      Plaintiffs bring this action to recover the damages they suffered as the result of the

terrorist attacks on the World Trade Center Towers and the Pentagon perpetrated by al Qaeda on

September 11, 2001 (the "September 11th Attacks") and caused by the tortious acts of defendant

101303

the Kingdom of Saudi Arabia ("KSA") and its officials, employees and/or agents while working within the scope of their office, employment and/or agency.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1330(a) (actions against foreign states), 1605(a)(5), 1605B (the Foreign Sovereign Immunities Act), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq.

3.      Venue is proper in this district pursuant to the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Title IV, § 408(b)(3), designating the Southern District of New York as the exclusive venue for all civil litigation arising out of, or related to the September 11th Attacks and 28 U.S.C. §§1391(b)(2) and 1391(f)(1) because a substantial part of the events giving rise to the claims asserted herein occurred in the Southern District of New York.

## THE PARTIES

4.      Plaintiff Continental Casualty Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at Chicago, Illinois.

5.      Plaintiff Transportation Insurance Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at Chicago, Illinois.

6.      Plaintiff Valley Forge Insurance Company is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at Chicago, Illinois.

7.      Plaintiff National Fire Insurance Company of Hartford is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at Chicago, Illinois and is also the successor by merger to plaintiff Transcontinental Insurance Company.

8.      Plaintiff American Casualty Company of Reading, Pennsylvania is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at Chicago, Illinois.

9.      Defendant KSA is a foreign state within the meaning of 28 U.S.C. § 1603(a). KSA maintains an Embassy within the United States at 601 New Hampshire Avenue, N.W., Washington, D.C. 20007.

10.     This amended complaint incorporates and restates all of the allegations in the Consolidated Amended Complaint, including its accompanying appendices, dated March 1, 2017 (the "CAC"), on behalf of all plaintiffs with claims against the KSA and/or the Saudi High Commission for Relief of Bosnia & Herzegovina ("SHC") that have been remanded pursuant to the order, dated February 7, 2017, of the Second Circuit Court of Appeals.

11.     The CAC sets forth facts and evidence in support of those plaintiffs' claims and theories of jurisdiction as to KSA and/or the SHC, under both the Justice Against Sponsors of

Terrorism Act, Pub. L. No. 114-222, 130 Stat. 852 (Sept. 28, 2016) ("JASTA") and other law, for plaintiffs' injuries caused by the September 11th Attacks.

12.     This amended complaint is in the form of an amendment that supplements by incorporation into, but does not displace, plaintiffs' operative complaint in this action – their second amended complaint, which was filed on September 30, 2006 (ECF No. 195). This amended complaint relates solely to defendant KSA and does not apply to any other defendants in *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

13.     Plaintiffs provided insurance coverage to numerous insureds whose property was damaged or destroyed in the September 11th Attacks.

14.     In accordance with the terms of the applicable policies of insurance, plaintiffs have made payments to their insureds in an amount in excess of $212,500,000, and may make additional payments in the future, in compensation for the damages resulting from the September 11th Attacks. By virtue of these payments, plaintiffs are subrogated to their insureds' rights of recovery against any responsible third parties.

## COUNT I

### AIDING AND ABETTING AND CONSPIRING WITH AL QAEDA TO COMMIT THE SEPTEMBER 11th ATTACKS UPON THE UNITED STATES IN VIOLATION OF 18 U.S.C. § 2333(d) (JASTA)

15.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 14, including the allegations in the CAC.

16.     As set forth above, defendant KSA knowingly provided material support, resources, and substantial assistance to, and conspired with, al Qaeda over many years, with an awareness and intent to further al Qaeda's campaign to carry out terrorist attacks against the United States and its citizens on September 11, 2001.

17.     As set forth above, plaintiffs' claims against defendant KSA relating to its tortious acts in support of al Qaeda fall within the exception to foreign sovereign immunity set forth at 28 U.S.C. § 1605B, and plaintiffs are thus authorized to assert causes of action against the KSA pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2331 et seq.

18.     Through the tortious acts in support of al Qaeda described above, defendant KSA aided and abetted, and conspired with, al Qaeda to carry out acts of international terrorism against the United States and its citizens on September 11, 2001, in violation of 18 U.S.C. § 2333(d).

19.     At the time of the September 11th Attacks, al Qaeda was a designated foreign terrorist organization under section 219 of the Immigration and Nationality Act, 8 U.S.C. § 1189.

20.     The funding and other material support defendant KSA provided to al Qaeda, as described above, enabled al Qaeda to acquire the global strike capabilities employed on September 11, 2001, and was essential to al Qaeda's ability to carry out the attacks.

21.     During the decade preceding the September 11th Attacks, al Qaeda repeatedly made clear, through both declarations and actions, its intent to use funds and resources provided to it to conduct large scale terrorist attacks in order to kill innocent civilians, destroy property on a mass scale, and cause catastrophic economic harm.

22.     The September 11th Attacks were a direct and foreseeable result of the material support and sponsorship of al Qaeda by defendant KSA.

23.     Plaintiffs and/or their insureds suffered injuries to their persons, property or businesses by reason of the September 11th Attacks and defendants' tortious acts in support of al Qaeda.

24.     By reason of the foregoing, plaintiffs are entitled to damages against defendant KSA in an amount to be determined at trial, but believed to be in excess of $212,500,000, trebled, together with punitive damages, pre- and post-judgment interest, attorney's fees, the costs and disbursements of this action and such other and further relief as to this Court appears just and proper.

## COUNT II

**AIDING AND ABETTING AND CONSPIRING WITH AL QAEDA TO COMMIT THE SEPTEMBER 11th ATTACKS UPON THE UNITED STATES IN VIOLATION OF 18 U.S.C. § 2333(a)**

25.     Plaintiffs repeat the allegations of paragraphs 1 through 24, including the allegations in the CAC.

26.     As enacted in 1992, the express civil cause of action established under 18 U.S.C. § 2333(a) authorized claims for aiding and abetting and conspiring to commit an act of international terrorism.

27.     Through the tortious acts in support of al Qaeda described above, defendant KSA aided and abetted, and conspired with, al Qaeda to carry out acts of international terrorism

against the United States and its citizens on September 11, 2001, in violation of 18 U.S.C. §
2333(a).

28.     The relentless campaign by al Qaeda and its material supporters to carry out
terrorist attacks against the United States and its citizens, which culminated in the September
11th Attacks, involved continuous acts of violence and acts dangerous to human life, that violate
the criminal laws of the United States, including the prohibitions set forth in 18 U.S.C. § 2332.
See 18 U.S.C. § 2332b(a) (prohibiting conduct transcending national boundaries:  killing or
attempting to kill persons within the United States; causing serious bodily injury or attempting to
cause serious bodily injury to persons within the United States; destroying or damaging any
structure, conveyance, or other real or personal property within the United States; or attempting
or conspiring to destroy any or damage any structure conveyance, or other real or personal
property within the United States).

29.     Plaintiffs and/or their insureds suffered injuries to their property or businesses by
reason of acts committed by al Qaeda that involved the murder and attempted murder of persons
within the United States, and the mass destruction of real and personal property within the
United States, in violation of the criminal laws of the United States, including the prohibitions
set forth in 18 U.S.C. § 2332.

30.     Through the tortious acts in support of al Qaeda described above, defendant KSA
aided and abetted, and conspired with, al Qaeda to carry out acts of international terrorism
against the United States and its citizens on September 11, 2001, in violation of 18 U.S.C. §§
2332(a), 2332(b), 2332(c), and 2333.

31.     Defendant KSA knew at all times that it was providing material support for al Qaeda's campaign to carry out acts of international terrorism against the United States and its citizens, and was both aware and intended that the resources it provided would substantially assist al Qaeda in that objective.

32.     Defendant KSA also agreed to combine and conspire with al Qaeda and other persons to act unlawfully, in the manners set forth in this complaint, and committed overt acts in furtherance of the conspiracy.  At all relevant times, defendant KSA knew of the conspiracy and of the roles of the al Qaeda elements it was supporting in furtherance of the conspiracy.

33.     By aiding and abetting violations of 18 U.S.C. § 2332 that have caused injuries to plaintiffs and/or their insureds, defendant KSA is liable pursuant to 18 U.S.C. § 2333 for any and all damages that plaintiffs and/or their insureds have sustained as a result of such injuries.

34.     By conspiring to act with al Qaeda and other components of that terrorist organization's financial, logistical, and operational infrastructures, in furtherance of their campaign to conduct terrorist attacks against the United States and its citizens, in violation of 18 U.S.C. § 2332, defendant KSA is liable pursuant to 18 U.S.C. § 2333 for any and all damages that plaintiffs and/or their insureds have sustained by reason of the September 11th Attacks.

35.     The September 11th Attacks were a direct and foreseeable result of the material support and sponsorship of al Qaeda by defendant KSA.

36.     By reason of the foregoing, plaintiffs are entitled to damages against defendant KSA in an amount to be determined at trial, but believed to be in excess of $212,500,000, trebled, together with punitive damages, pre- and post-judgment interest, attorney's fees, the

costs and disbursements of this action and such other and further relief as to this Court appears just and proper.

## COUNT III

### COMMITTING ACTS OF INTERNATIONAL TERRORISM IN VIOLATION OF 18 U.S.C. § 2333

37.    Plaintiffs repeat the allegations of paragraphs 1 through 36, including the allegations in the CAC.

38.    The actions of defendant KSA in providing funding and other forms of material support to al Qaeda and its agents would constitute "a criminal violation if committed within the jurisdiction of the United States or of any State" and "appear to be intended to intimidate or coerce a civilian population ... to influence the policy of a government by intimidation or coercion or to affect the conduct of a government by mass destruction" within the meaning of 18 U.S.C. § 2331.

39.    The actions of defendant KSA in providing funding and other forms of material support to al Qaeda and its agents, and in providing substantial assistance to al Qaeda and its agents in planning, coordinating and carrying out the September 11th Attacks in violation of 18 U.S.C. § 2333, caused injuries to the businesses or property of plaintiffs and/or their insureds.

40.    By participating in the commission of violations of 18 U.S.C. § 2339A and 18 U.S.C. § 2339B that have caused plaintiffs and/or their insureds to be injured in their businesses or property, defendant KSA has engaged in acts of international terrorism and is liable pursuant to 18 U.S.C. § 2333 for any and all damages that plaintiffs and/or their insureds have sustained as a result of such injuries.

41.    By virtue of its willful violations of 18 U.S.C. § 2339C, which proximately caused the injuries suffered by plaintiffs and/or their insureds, defendant KSA committed acts of international terrorism and is liable pursuant to 18 U.S.C. § 2333 for any and all damages that plaintiffs and/or their insureds have sustained as a result of such injuries.

42.    The actions of defendant KSA in providing funding and other forms of material support to al Qaeda and its agents were dangerous to human life, by their nature and as evidenced by their consequences.

43.    The actions of defendant KSA in providing funding and other forms of material support to al Qaeda and its agents either occurred outside the territorial jurisdiction of the United States or transcended national boundaries in terms of the means by which they were accomplished.

44.    Accordingly, the actions of defendant KSA in providing funding and other forms of material support to al Qaeda and its agents constitute acts of international terrorism as defined by 18 U.S.C. §§ 2331 and 2333 and through incorporation of 18 U.S.C. §§ 2339A, 2339B, and 2339C.

45.    As set forth above, but for the assistance provided by defendant KSA, al Qaeda could not have successfully planned, coordinated, and carried out the September 11th Attacks, which were a foreseeable and intended result of its material support and sponsorship of al Qaeda.

46.    For the reasons set forth above, defendant KSA is liable pursuant to 18 U.S.C. § 2333 for any and all damages that plaintiffs and/or their insureds have suffered to their businesses or property as a result of the September 11th Attacks.

101303

47.     By reason of the foregoing, plaintiffs are entitled to damages against defendant KSA in an amount to be determined at trial, but believed to be in excess of $212,500,000, trebled, together with punitive damages, pre- and post-judgment interest, attorney's fees, the costs and disbursements of this action and such other and further relief as to this Court appears just and proper.

## COUNT IV

## CONSPIRACY

48.     Plaintiffs repeat the allegations of paragraphs 1 though 47, including the allegations in the CAC.

49.     As set forth above, defendant KSA, unlawfully, willfully and knowingly combined, conspired, confederated, aided and abetted, tacitly and/or expressly agreed to participate, cooperate and engage in unlawful and tortious acts pursuant to a common course of conduct, namely the promotion and sponsoring of international terrorism, resulting in the injury of plaintiffs and/or their insureds.

50.     As set forth above, defendant KSA conspired with; encouraged; and furthered and agreed to provide material support, funding, sponsorship, aiding and abetting and/or other material resources to al Qaeda, Osama bin Laden, and the hijackers in furtherance of this conspiracy.

51.     As set forth above, defendant KSA engaged in commonly motivated, organized, concerted and conspiratorial acts, efforts, transactions, material support, and activities designed, intended, and foreseeably to cause acts of international terrorism including the terrorist attack on the United States, its citizens and society on September 11, 2001.  Co-conspirators herein

continue in their quest to attack the United States, resulting in the harm to plaintiffs, which was done pursuant to and furtherance of this concert of action, agreement, enterprise, civil and criminal conspiracy and common scheme.

52.     Defendant KSA's concerted action, scheme, enterprise and conspiracy to support and promote Osama bin Laden, al Qaeda, the hijackers and international terrorism was a proximate cause of the September 11th Attacks that injured plaintiffs and/or their insureds.

53.     As a result of defendant KSA's concerted action and conspiracy to further international terrorism, plaintiffs have suffered damages as will be shown at trial.

54.     By reason of the foregoing, plaintiffs are entitled to damages against defendant KSA in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees, the costs and disbursements of this action and such other and further relief as to this Court appears just and proper.

## COUNT V

## AIDING AND ABETTING

55.     Plaintiffs repeat the allegations of paragraphs 1 through 54, including the allegations in the CAC.

56.     As set forth above, defendant KSA knowingly and substantially assisted in the sponsorship of Osama bin Laden, al Qaeda, international terrorism and the September 11th Attacks that killed and injured plaintiffs and/or their insureds.

57.     At the time of such aiding and abetting, defendants KSA knew or should have known that its role was part of an overall and ongoing illegal, criminal and/or tortious activity.

58.     As set forth above, defendant KSA aided and abetted in concerted efforts, transactions, acts and activities designed to cause the September 11th Attacks on the United States, its citizens, foreign citizens, its liberties and freedoms.

59.     Defendant KSA's aiding and abetting of international terrorism through material sponsorship of al Qaeda was a proximate cause of the September 11th Attacks that injured plaintiffs and/or their insureds.

60.     As a direct and proximate result of defendant KSA's aiding and abetting activities, plaintiffs have suffered damages as set forth herein.

61.     By reason of the foregoing, plaintiffs are entitled to damages against defendant KSA in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees, the costs and disbursements of this action and such other and further relief as to this Court appears just and proper.

## COUNT VI

### LIABILITY PURSUANT TO RESTATEMENT (SECOND) OF TORTS § 317 AND RESTATEMENT (THIRD) OF AGENCY § 7.05: SUPERVISING EMPLOYEES AND AGENTS

62.     Plaintiffs repeat the allegations in paragraphs 1 through 61, including the allegatiosn in the CAC.

101303                                    13

63.     Defendant KSA was reckless in its supervision of its agents or employees, including Fahad al Thumairy, Omar al Bayoumi, Osama Bassnan, Saleh al Hussayen, Mohammed al Qudhaeein, Muhammed Jaber al Fakihi and others, in that the KSA knew of these employees' and agents' propensity for the conduct that caused injury to plaintiffs or plaintiffs' insureds prior to the injuries' occurrence, and the KSA failed to exercise due care in supervising their employees and agents.

64.     The ability of the above-referenced agents or employees to provide wide-ranging material support to al Qaeda, Osama bin Laden, and the September 11th hijackers, referenced above, and the resulting injuries to plaintiffs, were caused by reason of the reckless supervision by defendant KSA of its agents or employees.

65.     Due to the reckless supervision on the part of defendant KSA, plaintiffs and/or their insureds sustained injuries.

66.     The injuries sustained by plaintiffs and/or their insureds, as a result of the recklessness of defendant KSA, were foreseeable and defendant KSA knew or should have known of the risk of injury to the plaintiffs and/or plaintiffs' insureds.

67.     The torts committed by the above-referenced employees and agents of defendant KSA were committed, among other places, on the premises of the KSA or with the chattels of the KSA, as these employees and agents provided wide-ranging material support to al Qaeda and the September 11th hijackers from, among other places, facilities owned and operated by defendant KSA using money and resources of defendant KSA.

68.     By reason of the foregoing, plaintiffs are entitled to damages against defendant KSA in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees, the costs and disbursements of this action and such other and further relief as to this Court appears just and proper.

## COUNT VII

### LIABILITY PURSUANT TO RESTATEMENT (SECOND) OF TORTS § 317 AND RESTATEMENT (THIRD) OF AGENCY § 7.05: HIRING, SELECTING, AND RETAINING EMPLOYEES AND AGENTS

69.     Plaintiffs repeat the allegations in paragraphs 1 through 68, including the allegations in the CAC.

70.     Defendants KSA was reckless in hiring, selecting, and retaining as and for its employees and agents individuals, including Fahad al Thumairy, Omar al Bayoumi, Osama Bassnan, Saleh al Hussayen, Mohammed al Qudhaeein, Muhammed Jaber al Fakihi and others, in that the KSA knew of these employees' and agents' propensity for the conduct that caused injury to plaintiffs and/or their insureds prior to the injuries' occurrence.

71.     Defendant KSA hired, selected, and retained the above-referenced agents and employees and placed them in a situation where they could create an unreasonable risk of harm to others.

72.     The ability of the above-referenced agents and employees to provide wide-ranging material support to al Qaeda and the September 11th hijackers, referenced above, and the resulting injuries to plaintiffs, were caused by reason of the reckless hiring, selecting, and/or retention by defendant KSA.

73.     The injuries sustained by plaintiffs and/or their insureds, as a result of the recklessness of defendant KSA, were foreseeable and defendant KSA knew or should have known of the risk of injury to the plaintiffs.

74.     The torts committed by the above-referenced employees and agents of defendant KSA were committed, among other places, on the premises of the KSA or with the chattels of the KSA, as these employees and agents provided wide-ranging material support to al Qaeda and the September 11th hijackers from, among other places, facilities owned and operated by defendant KSA using money and resources of defendant KSA.

75.     By reason of the foregoing, plaintiffs are entitled to damages against defendant KSA in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees, the costs and disbursements of this action and such other and further relief as to this Court appears just and proper.

## COUNT VIII

## TRESPASS

76.     Plaintiffs repeat the allegations in paragraphs 1 through 75, including the allegations in the CAC.

77.     The September 11th Attacks constituted an intentional and unwanted trespass upon the real and personal property of plaintiffs' insureds, to which plaintiffs and/or their insureds did not consent.

78.     As a result of the intentional and unwanted trespass upon plaintiffs' real and personal property, and/or that of their insureds, plaintiffs incurred losses as described in their operative complaint which is incorporated herein by reference.

79.     The damages suffered by plaintiffs were the direct and proximate result of the trespass upon the real and personal property of plaintiffs' insureds.

80.     As set forth above, defendant KSA knowingly provided material support and resources and substantial assistance to al Qaeda over many years, with an awareness and intent to further al Qaeda's campaign to carry out terrorist attacks against the United States and its citizens on September 11, 2001.

81.     Through the tortious acts in support of al Qaeda described above, defendant KSA aided and abetted and conspired with al Qaeda in the commitment of the intentional and unwanted trespass upon plaintiffs' real and personal property and/or that of their insureds.

82.     The funding and other forms of material support defendant KSA provided to al Qaeda, as described above, enabled al Qaeda to acquire the global strike capabilities employed on September 11, 2001, and was essential to al Qaeda's ability to carry out the attacks.

83.     During the decade preceding the September 11th Attacks, al Qaeda repeatedly made clear, through both declarations and actions, its intent to use funds and resources provided to it to conduct large scale terrorist attacks resulting in the mass destruction of property, in order to kill innocent civilians and cause catastrophic economic harm.

84.     The September 11th Attacks were a direct and foreseeable result of the material support and sponsorship of al Qaeda by defendant KSA.

85.     By reason of the foregoing, plaintiffs are entitled to damages against defendant KSA in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees, the costs and disbursements of this action and such other and further relief as to this Court appears just and proper.

## COUNT IX
## RICO

86.     Plaintiffs repeat the allegations in paragraphs 1 through 85, including the allegations in the CAC.

87.     This claim for relief arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

88.     Defendant KSA constitute a "person" as such term is used in 18 U.S.C. § 1961(3).

89.     Defendant KSA, as principal, agent and co-conspirator, performed "racketeering activity" as defined in 18 U.S.C. § 1961(1) by knowingly providing material support to Osama bin Laden and al Qaeda prior to the September 11th Attacks, as described in the CAC.

90.     Defendant KSA, including its agents, officials, officers, and employees whose attributable conduct in support of al Qaeda is described in the CAC, and Osama bin Laden and al Qaeda were associated in fact with a common purpose of spreading extremist Wahhabi doctrine and rule, including through acts of jihad, and constituted an "enterprise" as that term is defined in 18 U.S.C. § 1961(4), which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce (the "RICO Enterprise").

91.    The RICO Enterprise constitutes an "enterprise" because all members thereof, including but not limited to defendant KSA, had the same goal of spreading Wahhabi doctrine and rule, including through acts of jihad, and in fact worked together to achieve that goal.

92.    Defendant KSA committed two or more of the aforesaid acts of racketeering activity within ten years of one another by continuously participating in the sponsorship of al Qaeda, and thereby committed a "pattern" of racketeering activity as defined in 18 U.S.C. § 1961(5).

93.    Defendant KSA, as principal, agent of, and co-conspirator with Osama bin Laden and al Qaeda, used and invested, both directly and indirectly, the income and the proceeds of the pattern of racketeering activity, to establish the RICO Enterprise in violation of 18 U.S.C. § 1962(a).

94.    Defendant KSA, as principal, agent of, and co-conspirator with Osama bin Laden and al Qaeda, maintained, directly and indirectly, an interest in and control of the RICO Enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(b).

95.    Defendant KSA, as principal, agent of, and co-conspirator with Osama bin Laden and al Qaeda, conducted and participated, directly and indirectly, in the conduct of the affairs of the RICO Enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

96.    Defendant KSA played a critical role in conducting and participating in the affairs of the RICO Enterprise.  As described at length in the CAC: the da'awa organizations established, funded, directed and controlled by defendant KSA to propagate Wahhabi Islam

throughout the world were responsible for providing the funding and material support that allowed Osama bin Laden and al Qaeda to acquire the global strike capabilities necessary to perpetrate the September 11th Attacks; individual employees, officials and agents of defendant KSA knowingly provided direct assistance to al Qaeda and the September 11th hijackers and plotters while acting in the performance of their duties in promoting the anti-western and anti-American agenda of KSA's Ministry of Islamic Affairs (the "Ministry"); and the Ministry and related components of KSA's vast governmental apparatus established to proselytize Wahhabi Islam knowingly channeled extensive funds and material support to al Qaeda, through the da'awa organizations and other governmental platforms under their control.

97.     Defendant KSA as a person associated with the RICO Enterprise, which engaged in acts of racketeering activity which affected interstate and foreign commerce, did conspire with other persons known and unknown, to violate 18 U.S.C. § 1962(d).  It was part of the conspiracy that defendant KSA and co-conspirators devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and material omissions.  It was a further part of the conspiracy that defendant KSA and the SHC and others would and did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden the purposes of, and acts done, in furtherance of the conspiracy.

98.     Defendant KSA violated 18 U.S.C. § 1962(a-d) by investing in, maintaining an interest in, conducting and participating, directly and indirectly, or by conspiring to do the same, in the RICO Enterprise through a pattern of racketeering activity, that is, through multiple acts indictable under the laws of the United States, including but not limited to:

18 U.S.C. § 1341 (mail fraud);

18 U.S.C. § 1343 (wire fraud);

18 U.S.C. § 1503 (obstruction of justice);

18 U.S.C. § 1956 (money laundering);

18 U.S.C. § 2339A (material support to organizations engaged in violent activities); and

18 U.S.C. § 2339B (material support to designated foreign terrorist organizations).

99.     The damages suffered by plaintiffs, as described herein, were the direct and proximate result of the aforesaid pattern of racketeering activity by defendant KSA, acting individually and in concert with Osama bin Laden and al Qaeda.

100.    By reason of the foregoing, plaintiffs are entitled to damages against defendant KSA in an amount to be determined at trial, but believed to be in excess of $212,500,000, trebled, together with punitive damages, pre- and post-judgment interest, attorney's fees, the costs and disbursements of this action and such other and further relief as to this Court appears just and proper.

WHEREFORE, plaintiffs demand judgment against defendant KSA as follows:

(a)     On Count I, damages in an amount to be determined at trial, but believed to be in excess of $212,500,000, trebled together with punitive damages, pre- and post-judgment interest, attorney's fees and the costs and disbursements of this action;

(b)     On Count II, damages in an amount to be determined at trial, but believed to be in excess of $212,500,000, trebled together with punitive damages, pre- and post-judgment interest, attorney's fees and the costs and disbursements of this action;

(c)      On Count III, damages in an amount to be determined at trial, but believed to be in excess of $212,500,000, trebled together with punitive damages, pre- and post-judgment interest, attorney's fees and the costs and disbursements of this action;

(d)      On Count IV, damages in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees and the costs and disbursements of this action;

(e)      On Count V, damages in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees and the costs and disbursements of this action;

(f)      On Count VI, damages in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees and the costs and disbursements of this action;

(g)      On Count VII, damages in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees and the costs and disbursements of this action; and

(h)      On Count VIII, damages in an amount to be determined at trial, but believed to be in excess of $212,500,000, together with punitive damages, pre- and post-judgment interest, attorney's fees and the costs and disbursements of this action; and

(i)      On Count IX, damages in an amount to be determined at trial, but believed to be in excess of $212,500,000, trebled together with punitive damages, pre- and post-judgment interest, attorney's fees and the costs and disbursements of this action; and

101303

(j)     Such other and further relief as to this Court appears just and proper.


Dated:  New York, New York
        March 6, 2017


                        FERBER CHAN ESSNER & COLLER, LLP

                        By: _____
                             Robert M. Kaplan
                        Attorneys for Plaintiffs
                        One Grand Central Place, Suite 2050
                        New York, New York 10165
                        (212) 944-2200


101303                          23