**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:

      **TERRORIST ATTACKS ON**
      **SEPTEMBER 11, 2001**

-----------------------------------------------------------------X

**03-MDL-1570 (GBD)(SN)**

<u>**SCHEDULING ORDER**</u>

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: __  3/24/2017        │
└─────────────────────────────────┘
```

**SARAH NETBURN, United States Magistrate Judge:**

      The parties appeared before the Court on Thursday, March 23, 2017, for a status conference. As set forth at this conference, the Court requests status letters on the following issue:

      **Tag-Along Actions and the Consolidated Amended Complaint.** The Plaintiffs' Executive Committee is directed to file a letter no later than Friday, March 31, 2017, detailing its proposal for the most effective way for parties who are filing new complaints against the Kingdom of Saudi Arabia to join or adopt the Consolidated Amended Complaint ("CAC"), consonant with the Federal Rules of Civil Procedure and the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation. To the extent that such proposal includes a notice or other standard language to be filed by plaintiffs wishing to adopt the CAC, such notice or document shall be attached to the letter.

      <u>**Ashton**</u> **Plaintiffs' Filing of Separate Complaint.** Plaintiffs in <u>Ashton v. Kingdom of Saudi Arabia</u>, 17cv2003, and the Kingdom of Saudi Arabia are directed to confer and file separate letters no later than Friday, March 31, 2017, detailing their positions regarding the propriety of the <u>Ashton</u> plaintiffs' filing of a separate complaint rather than joining in the CAC. To the degree that the Kingdom of Saudi Arabia consents to the propriety of the complaint, it shall propose an appropriate briefing schedule for its anticipated motion to dismiss. If the

Kingdom of Saudi Arabia objects to the complaint as inconsistent with the Court's prior orders or any other source of law, it shall propose any remedies that it believes are proper. Both parties shall state a position regarding the Court's proposal that the motion to dismiss the CAC be filed, briefed, and ruled on first, and then followed by an order to show cause as to why that decision should not apply to the complaint in Ashton.

**New Cases Filed Against Non-Sovereign Defendants.** The Plaintiffs who have filed new or amended complaints against non-sovereign defendants and the Defendants' Executive Committee are to file a status letter by Friday April 7, 2017. This letter is to describe any agreement or lack of agreement regarding service issues, a description of any dispositive motion to be filed, and a proposed briefing schedule. The parties should express their perspectives as to whether the time period to move against or answer the complaint should be stayed for the non-sovereign defendants who are currently in discovery in the multidistrict litigation pending the conclusion of discovery and the filing and resolution of any motions to dismiss following that discovery.

**Discovery Deadlines.** The deadline for document production for all defendants is extended from Friday, March 31, 2017, to Friday, June 16, 2017. The Plaintiffs' Executive Committee is to file a status letter by Monday, July 31, 2017 informing the Court of the results of its preliminary review of the documents and whether it anticipates filing any motions to compel. The deadline for document production for defendant World Assembly of Muslim Youth is extended to Friday, September 29, 2017. Notwithstanding the extension of these deadlines, all defendants should continue to be on a rolling document production schedule.

**Deposition Testimony.** To the extent they have not done so after the October 20, 2016 status conference, the parties are directed to meet and confer on the scheduling of potential depositions so as to preserve testimony before the close of document discovery.

**Status Letters as to Jurisdictional and Merits Discovery.** In order to fulfill the Court's obligation to conduct "judicially-supervised jurisdictional discovery" as ordered by the Court of Appeals for the Second Circuit in In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 659 (2d Cir. 2013), the Court requests a joint status letter from the Plaintiffs' and Defendants' Executive Committees regarding the progress of jurisdictional discovery as to each defendant whose dismissal was remanded for this purpose. Such letter need describe only (1) the nature of the allegations against the defendant as to liability; (2) the allegations by plaintiffs' supporting personal jurisdiction; (3) the nature of documents requested to date; and (4) the quantum and nature of documents produced to date. Such description need not be voluminous, should not exceed one or two paragraphs per defendant, and need not discuss any discovery disputes that have arisen. This letter may be submitted by Friday, April 14, 2017.

The Court is also aware that other defendants outside the scope of the Court of Appeals' remand are engaged in merits discovery. The Plaintiffs' and Defendants' Executive Committees are ordered to submit a second status letter describing (1) the nature of the allegations against each defendant as to liability; (2) the nature of documents requested to date; and (3) the quantum and nature of documents produced to date. Such description need not be voluminous, should not exceed one or two paragraphs per defendant, and need not discuss any discovery disputes that have arisen. This letter may also be submitted by Friday, April 14, 2017.

**SO ORDERED.**

DATED:      March 24, 2017
            New York, New York

SARAH NETBURN
United States Magistrate Judge

3