UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | : |  |
| IN RE : | : | Case No. 03 MDL 1570 (GBD) (FM) |
|  | : |  |
| TERRORIST ATTACKS ON: SEPTEMBER 11, 2001 | : |  |
|  | : |  |

**DECLARATION OF ROBERT T. HAEFELE IN SUPPORT OF
PLAINTIFFS' COUNSEL'S APPLICATION FOR
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES
(_SEDAGHATY_ SANCTIONS)**

I, ROBERT T. HAEFELE, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the law firm of Motley Rice LLC, counsel for Plaintiffs in the _Burnett_ and _Euro Brokers_ cases, and a member and co-liaison counsel of the Plaintiffs' Executive Committee for the Personal Injury and Death Claims operating for the Plaintiffs' General Steering Committee. I submit this declaration in support of Plaintiffs' Counsel's Application for Attorneys' Fees and Expenses on behalf of all Plaintiffs' counsel[1] as referenced herein and in the February 15, 2017 Memorandum and Order of this Court. I am familiar with the facts discussed herein and attach as exhibits true and correct copies of the documents referenced herein.

2. On July 8, 2016, during court proceedings in this multidistrict litigation before Magistrate Judge Maas, the Court granted plaintiffs permission to apply for costs, acknowledging that "as was true in the prior application for costs [related to Al Haramain

---

[1] Plaintiffs' counsel identified herein are lawyers at three law firms representing plaintiffs – namely, Motley Rice, LLC, Cozen O'Connor, P.C., and Anderson Kill P.C.

and Wa'el Jelaidan], . . . there's a fair amount of baggage going backward that relates to [the discovery dispute]" (Exh. A).

3. On February 15, 2017, the Court issued a Memorandum and Order reiterating the court's permission for Plaintiffs to apply for reasonable attorneys' fees and costs from Defendant Perouz Sedaghaty (hereinafter "Sedaghaty") (ECF No. 3447 at 13). A true copy of the order is attached hereto as Exhibit B.

4. In addition to independent investigations regarding Sedaghaty and other defendants, the list included below identifies legal and factual research, memoranda and other legal submissions, preparation, meetings, communications, and hearings for which Plaintiffs' counsel expended significant time and resources to litigate the discovery abuse issues and associated sanctions issues concerning Perouz Sedaghaty.

### Summary of Tasks Related to Sedaghaty Discovery Dispute
### For Which Fees and Expenses Are Requested

(a) Reviewing, summarizing, conferencing regarding Sedaghaty's motion to stay (ECF No. 2403-04).

(b) Coordinating, conducting legal and factual research, drafting, reviewing, and editing attendant with Plaintiffs' opposition to Sedaghaty's motion to stay (ECF No. 2405)

(c) Reviewing, summarizing, conferencing regarding Sedaghaty's reply to Plaintiffs opposition to Sedaghaty's motion to stay (ECF No. 2407).

(d) Coordinating, conducting legal and factual research, drafting, reviewing, and editing attendant with Plaintiffs' motion to compel Sedaghaty (ECF No. 2486).

(e) Reviewing, summarizing, conferencing regarding Sedaghaty's opposition to Plaintiffs' motion to compel (ECF No. 2488).

(f) Coordinating, conducting legal and factual research, drafting, reviewing, and editing attendant with Plaintiffs' reply in further support of Plaintiffs motion to compel Sedaghaty (ECF No. 2489).

(g) Coordinating, drafting, reviewing, and editing attendant with Plaintiffs' responses to Sedaghaty's arguments in agenda correspondence.

(h) Coordinating, conducting legal and factual research, and conferencing attendant to the hearing before Magistrate Judge Maas concerning Plaintiffs' motion to compel Sedaghaty, on November 16, 2011.

(i) Reviewing, summarizing, conferencing regarding the Court's November 22, 2011 Order (ECF 2491).

(j) Reviewing, summarizing, conferencing regarding Sedaghaty's Rule 72 Objection to the Court's November 22, 2011 order (ECF No. 2495).

(k) Coordinating, conducting legal and factual research, and conferencing attendant to the hearing before Magistrate Judge Maas concerning Plaintiffs' motion to compel Sedaghaty, on December 14, 2011.

(l) Reviewing, summarizing, conferencing regarding the Court's December 15, 2011 Order (ECF 2501).

(m) Coordinating, conducting legal and factual research, drafting, reviewing, and editing attendant with Plaintiffs' opposition to Sedaghaty's Rule 72 Objection to the Court's November 22, 2011 order (ECF No. 2504).

(n) Reviewing, summarizing, conferencing regarding Sedaghaty's Mandamus petition to the Second Circuit.

(o) Reviewing, summarizing, conferencing regarding Sedaghaty's motion before the Second Circuit seeking and emergent stay.

(p) Coordinating, conducting legal and factual research, drafting, reviewing, and editing attendant with Plaintiffs' opposition to Sedaghaty's motion before the Second Circuit seeking and emergent stay.

(q) Reviewing, summarizing, conferencing regarding the Second Circuit's order denying Sedaghaty's motion for an emergent stay.

(r) Reviewing, summarizing, conferencing regarding the Court's January 11, 2012 Order denying Sedaghaty's Rule 72 objections (ECF 2529).

(s) Reviewing, summarizing, conferencing regarding the Second Circuit's order denying Sedaghaty's Mandamus petition.

(t) Coordinating, conducting legal and factual research, drafting, reviewing, and editing attendant with Plaintiffs' motion to compel Sedaghaty (ECF No. 2991).

    (u) Reviewing, summarizing, conferencing regarding Sedaghaty's opposition to Plaintiffs' motion to compel (ECF No. 3054).

    (v) Coordinating, conducting legal and factual research, drafting, reviewing, and editing attendant with Plaintiffs' reply in further support of Plaintiffs motion to compel Sedaghaty (ECF No. 3110).

    (w) Coordinating, conducting legal and factual research, and conferencing attendant to the hearing before Magistrate Judge Maas concerning Plaintiffs' motion to compel Sedaghaty, on July 8, 2016.

    (x) Reviewing, summarizing, conferencing regarding Sedaghaty's further opposition (ECF No. 3317).

    (y) Coordinating, conducting legal and factual research, drafting, reviewing, and editing attendant with Plaintiffs' reply in further support of Plaintiffs motion to compel Sedaghaty (ECF No. 3339).

    (z) Reviewing, summarizing, conferencing regarding the Court's February 15, 2017 Order (ECF 3447).

5.    Attached hereto as Exhibit C are billing entries indicating the amount and value of time spent by each attorney for work performed related to the entries referenced in Paragraph 4, the presumptively reasonable fee calculation based on each firm's current billing rates and the rates previously applied by Magistrate Judge Maas in connection with the fee petitions decided at ECF No. 3087, and each firm's expenses. The billing entries referenced in Exhibit C were prepared based on contemporaneous data maintained by each firm in their time keeping databases. Except where indicated, the entries include only time and expenses related to the sanctioned discovery disputes and fee applications versus Perouz Sedaghaty. Reductions have been conspicuously noted to reflect time that is identified for matters other than Mr. Sedaghaty. The time spent in preparing this application for fees and reimbursement of expenses has been separately identified.

6. The assertions included herein regarding the Cozen O'Connor law firm and the attorneys at that firm are based on the statements included in the declaration of J. Scott Tarbutton, included herewith.

7. The assertions included herein regarding the Anderson Kill firm and the attorneys at that firm are based on the statements included in the declaration of Jerry Goldman, included herewith.

8. With respect to the standing of each firm, and qualifications and experience of the various attorneys, and in support of the reasonableness of the billing rates for each of the attorneys, attached hereto as Exhibits E, F, and G are biographies of the relevant firms and attorneys who worked on the matters identified in Paragraphs 4. Each biography was prepared at the direction of and reviewed by the relevant attorneys of the firms who have worked on these Actions.

9. The total number of actual hours spent on the efforts identified in Paragraph 4 (concerning Sedaghaty) is 285.50. However, based on voluntary reductions, the number of hours for which Plaintiffs are seeking reimbursement is 176.48. The presumptively reasonable fee if the Court opted to apply the rates that the firms currently ordinarily apply to the time for each of the attorneys is $131,163.79. The presumptively reasonable fee for the 176.48 hours, if the Court opts to apply the rates previously applied by Judge Maas in his October 2015 order, is $83,284.93.[2] *See* Exhibit C.

10. The total number of actual hours spent in preparing this application for fees and reimbursement of expenses for all three of the law firms representing the plaintiffs in all of the cases is 58.35. The presumptively reasonable fee for those hours if the Court opted to

---

[2] The billing rate for attorney Bruce Strong is the currently ordinary billing rate applied by Anderson Kill. A modified rate was not established for Mr. Strong by Judge Maas in his October 2015 order.

apply the rates that the firms currently ordinarily apply to the time for each of the attorneys is $41,367.50. The presumptively reasonable fee for the 58.35 hours, if the Court opts to apply the rates previously applied by Judge Maas in his October 2015 order, is $27,267.50. This time and value is indicated within the time entries in Exhibit D and is not included in the hours or values identified in paragraph 9 of this declaration.

11. The law firms' presumptively reasonable fees, either as calculated using the firms' billing rates or the rates previously applied by Judge Maas, do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in the firms' billing rates.

12. As itemized chronologically in Exhibit C, the law firms' have incurred a total of $3,790.79 in actual, unreimbursed expenses incurred in connection with the efforts identified in Paragraph 4 (concerning Sedaghaty). However, the firms have reviewed the expensed items and have voluntarily reduced the reimbursement request to $1,985.65 in modified, unreimbursed expenses incurred in connection with the efforts identified in Paragraph 4 (concerning Sedaghaty). *See* Exhibit C.

13. Attached hereto within Exhibit C are the supporting documentation for the expenses incurred in connection with the efforts identified in Paragraph 4 and for which the firms seek reimbursement. These records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

14. I further certify that the undersigned counsel sought to meet and confer with Alan Kabat, counsel for Mr. Sedaghaty, on several occasions from March 14, 2017, through until March 23, 2017. Ultimately, counsel were able to communicate on multiple occasions both via email and telephonically on March 23, 2017. Although the parties were unable to

reach agreement, their positions were in some regard clarified through the meet and confer process.

15. Attached hereto are true and correct copies of the following additional exhibits referenced within Plaintiffs' Memorandum of Law:

(a) Exhibit H - relevant excerpts of the transcript of the December 20, 2013 hearing before Magistrate Judge Maas.

(b) Exhibit I - relevant excerpts of the transcript of the February 15, 2012 hearing before Magistrate Judge Maas.

(c) Exhibit J - relevant excerpts of the transcript of the June 23, 2011 hearing before Magistrate Judge Maas.

(d) Exhibit K – Mike Mintz, "New Report Finds Law Firm Hourly Billing Rates Continuing to Rise," Martindale-Hubbell, May 9, 2012

(e) Exhibit L - Karen Sloan, The National Law Journal, NLJ Billing Survey: $1,000 Per Hour Isn't Rare Anymore (Jan. 13, 2014), http://www.nationallawjournal.com/id=1202637587261?slreturn= 20140023124124#

(f) Exhibit M – Appendix VI (Average Billing Rates), to Major, Lindsey & Africa, Legal Search Consultants, 2012 Partner Compensation Survey (2012). A full copy of the report and the referenced appendix can be found at http://www.mlaglobal. com/partner-compensation-survey/2012.

(g) Exhibit N – The Laffey Matrix, as published at www.laffeymatrix.com/ see.html.

(h) Exhibit O - relevant excerpts of the transcript of the October 28, 2010 hearing before Magistrate Judge Maas.

(i) Exhibit P - relevant excerpts of the transcript of the November 16, 2011 hearing before Magistrate Judge Maas.

(j) Exhibit Q - relevant excerpts of the transcript of the April 26, 2011 hearing before Magistrate Judge Maas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2017.

_____
Robert T. Haefele