KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

April 5, 2017

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
             (All Actions)
            *Ashton v. Kingdom of Saudi Arabia*, 17-cv-2003 (GBD) (SN)

Dear Judge Netburn:

      The Kingdom of Saudi Arabia ("Saudi Arabia") writes, with the concurrence of the Saudi High Commission for Relief of Bosnia & Herzegovina ("SHC"), in response to the Court's order to state their position on the propriety of the *Ashton* plaintiffs filing a separate complaint rather than joining the Consolidated Amended Complaint ("CAC"). Scheduling Order, Dkt. No. 3482 (Mar. 24, 2017) ("Order").

      Saudi Arabia and the SHC have decided not to oppose the filing of the new *Ashton* complaint and will each waive service of the complaint, while reserving all defenses.

      The Court further directed the parties to meet and confer on an appropriate briefing schedule for the motions to dismiss. Saudi Arabia and the SHC have proposed to plaintiffs' counsel either of the following approaches:

      First, Saudi Arabia and the SHC would each file on June 1, as originally planned, single consolidated motions to dismiss the CAC and the several "copycat" complaints containing the same language and substance as the CAC.[*] Pursuant to the Court's suggestion, "the motion[s] to

---

[*] *See, e.g.,* CAC, Dkt. No. 3463 (Mar. 17, 2017); *Continental Casualty* Am. Compl., Dkt. No. 3470 (Mar. 20, 2017); *Burnett* Am. Compl., Dkt. No. 3477 (Mar. 23, 2017); *Euro Brokers* Am. Compl., Dkt. No. 3478 (Mar. 23, 2017); *Homer* Compl., Dkt. No. 3476 (Mar. 23, 2017). Mr. Kreindler and Mr. Carter, as co-chairs of the Plaintiffs' Executive Committees, informed the Court at the status conference that the Committees are working with plaintiffs to enable them to join the consolidated complaint. Saudi Arabia is not aware of any plaintiff, other than those named in *Ashton*, who has indicated that they will not join the consolidated complaint or will make allegations substantially different from those set forth in that complaint.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 5, 2017
Page 2

dismiss the CAC [would] be filed, briefed, and ruled on first, and then followed by an order to show cause as to why that decision should not apply to the [new] complaint in *Ashton*." Order at 2.

Alternatively, Saudi Arabia and the SHC would each file a single consolidated motion to dismiss the CAC, any tag-along actions, and the *Ashton* complaint on August 1, with all plaintiffs to join in single, consolidated oppositions to the respective motions to dismiss of Saudi Arabia and the SHC. The August 1 due date for the MTDs would ensure that any further copycat complaints are included, account for the added complexity created by the new *Ashton* complaint, and accommodate scheduling issues of counsel for the various parties.

The CAC plaintiffs have indicated that they would oppose the second option. The *Ashton* plaintiffs have rejected both options and propose instead that there be staggered and separate briefing schedules, with motions to dismiss the CAC to be filed on June 1, and separate motions to dismiss the *Ashton* complaint to be filed on August 1. The *Ashton* plaintiffs also have proposed to file separate oppositions, again on a separate briefing schedule. We believe that would be an inefficient way to proceed and put an undue burden on the sovereign defendants and the Court. In any event, if the Court accepts the *Ashton* plaintiffs' proposal for separate motions to dismiss the CAC and the *Ashton* complaint, Saudi Arabia and the SHC would respectfully request that their respective motions to dismiss the CAC and the *Ashton* complaint be due on the same date – August 1, 2017 – so that each defendant can properly coordinate its two motions to dismiss.

Respectfully submitted,

*/s/ Michael K. Kellogg*

Michael K. Kellogg


cc:     Chambers of the Honorable George B. Daniels (via facsimile)
        All MDL Counsel of Record (via ECF)
        James P. Kreindler, Esq. (Counsel of Record in *Ashton*) (via e-mail)