

April 5, 2017

**Sean P. Carter**
Direct Phone   215-665-2105
Direct Fax      215-701-2105
scarter1@cozen.com

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY  10007

**Re:**   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

This letter is submitted on behalf of the members of the Plaintiffs' Executive Committees who are signatories to the Consolidated Amended Complaint ("CAC"), representing the majority of the Plaintiffs' Executive Committees' members, in relation to the directives set forth in the Court's March 24, 2017 Order concerning the *Ashton* plaintiffs' filing of a separate Complaint.

For the reasons set forth below, we write on behalf of all CAC plaintiffs to present our strong views that the Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina ("SHC") should proceed to file their motions to dismiss the CAC on June 1, 2017, the date agreed upon by the Plaintiffs' Executive Committees and counsel for those defendants, and that briefing on those defendants' motions to dismiss the CAC should be separate from any briefing on the distinct *Ashton* Complaint.

As the Court is aware, the undersigned members of the Plaintiffs' Executive Committees served the CAC on counsel for Saudi Arabia on March 1, 2017, consistent with the Court's scheduling orders.  Several weeks in advance of the service of the CAC, the Plaintiffs' Executive Committees and counsel for Saudi Arabia negotiated a June 1, 2017 deadline for the filing of any motion to dismiss the CAC, and submitted that proposal for the Court's endorsement.  While that date was later than the CAC plaintiffs would have preferred for filing of the motion to dismiss, the CAC plaintiffs acceded to that date as part of a broader negotiation of deadlines for further proceedings as to Saudi Arabia.

On March 15, 2017, counsel for the Kingdom and SHC advised that they did not intend to object to the proposed amendment, and as a result, motion practice relating to the CAC will be limited to the defendants' anticipated motion to dismiss.  The CAC was then filed on March 17, 2017, on behalf of all plaintiffs in eight of the longest-pending cases in this MDL.  Based on conversations with counsel in the newly filed and tag-along actions, the undersigned anticipate that the plaintiffs in all of the newly filed and tag-along actions will be adopting the CAC as well.  Accordingly, the Kingdom's motion to dismiss the CAC will apply to all cases in the MDL, other than the *Ashton* action.

The Honorable Sarah Netburn
April 5, 2017
Page 2

_____

The *Ashton* plaintiffs filed their separate complaint on March 20, 2017. As Saudi Arabia noted in its March 21, 2017 letter to the Court, the *Ashton* Complaint is "substantially different" from the CAC. ECF No. 3472. Counsel for the *Ashton* plaintiffs agreed with that characterization at the March 23, 2017 Case Management Conference, noting that the *Ashton* Complaint offered "different facts and a different approach and a different presentation." *See* Transcript of Record at p. 16 (Mar. 23, 2017). Given those disparities, counsel for the Kingdom indicated at the March 23, 2017 conference that the Kingdom would need to "respond separately" to the allegations of the *Ashton* Complaint. *Id.* at p. 9.

The undersigned, on behalf of the CAC plaintiffs, wholeheartedly agree that the CAC and *Ashton* Complaint are different documents, and strenuously believe that it would be inappropriate to consolidate or combine briefing on the Kingdom's motions to dismiss those disparate pleadings. Because of the differences between the respective complaints, combined briefing would prove confusing for the Court, and prevent plaintiffs from presenting clear and precise arguments concerning the merits of their own complaint.

More fundamentally, the undersigned believe it would be deeply prejudicial to the interests of their clients to have briefing on the Kingdom's motions to dismiss the CAC and the separate *Ashton* complaint combined in any way. Most simply, the plaintiffs who are signatories to the CAC should have an opportunity to advocate the merits of their pleading without having to address arguments that are most properly directed at the separate and different *Ashton* Complaint.

As indicated above, the CAC was served and filed on behalf of the plaintiffs with the longest-pending claims against the Kingdom and SHC in this MDL. Indeed, the *Burnett* action was filed on August 15, 2002, and was the first to assert claims against SHC and other agents of the Saudi government. The *Burnett* plaintiffs comprise the largest personal injury and wrongful death plaintiff group in this MDL, including claims on behalf of 1,358 estates of those killed on 9/11, 4,007 family members with grief/solatium claims arising from those deaths, and 1,328 personal injury plaintiffs for a total of 6,639 claims. The *Federal Insurance* plaintiffs initiated their suit against the government of Saudi Arabia and SHC on September 10, 2003, and the *O'Neill* plaintiffs filed their claims against the Kingdom on March 10, 2004.[1] The *Euro Brokers*, *Cantor Fitzgerald*, and *Continental Casualty* plaintiffs, all of whom also have joined the CAC, filed their suits against the Kingdom or SHC on September 10, 2004, September 2, 2004, and September 1, 2004 respectively.

The plaintiffs in all of those actions worked in earnest to achieve a consensus complaint[2] that could be filed in all of their cases following remand from the Second Circuit, and that could be adopted by plaintiffs in newly filed and tag along cases, as is expected to occur.

---

[1] The *O'Neill* suit is a putative class action, and the *Ashton* complaint asserts that certain plaintiffs in the *Ashton* action are members of the class defined in the *O'Neill* action.

[2] The Kingdom's April 5, 2017 letter to the Court, ECF No. 3500, described the amended complaints in the *Burnett*, *Euro Brokers* and *Continental Casualty* cases as "copycat" complaints. That description is inaccurate, as the CAC was in fact the product of the cooperative efforts of counsel in those cases, including Executive Committee members representing the *Burnett* and *Euro Brokers* plaintiffs, to arrive at a consensus document.

The Honorable Sarah Netburn
April 5, 2017
Page 3

_____

      As counsel for the *Ashton* plaintiffs have emphasized, their separate complaint against the Kingdom is a new action, and does not name SHC.  In choosing to initiate suit against the Kingdom through the filing of a new lawsuit, rather than by amending their existing complaint by joining the CAC, counsel for the *Ashton* plaintiffs have acknowledged that there was a significant potential that proceedings as to the Kingdom in their new action would proceed on a separate track from those in the long-pending cases encompassed in the CAC.  *See* Transcript of Record at p. 12 (Mar. 23, 2017) (noting potential that Kingdom may decline to accept service of *Ashton* complaint).  That is of course true of any new action that may be filed against the Kingdom that does not adopt the CAC.

      Under these circumstances, it is entirely natural and appropriate for briefing on the Kingdom's motion to dismiss the CAC to proceed first on the schedule negotiated by the Plaintiffs' Executive Committees and Kingdom and SHC, and previously endorsed by the Court.  Doing so here will result in the prompt resolution of the Kingdom's and SHC's motions to dismiss the longest pending claims in the MDL and all of the new and tag-along actions, other than the *Ashton* suit.  That result promotes efficiency and serves the most fundamental goals of MDL consolidation.

      We understand that the Kingdom intends to advise the Court that it would be amenable to either of two approaches to addressing the separate *Ashton* complaint:  (1) the Kingdom and SHC will proceed to file their motion(s) to dismiss the CAC on June 1, 2017, as previously agreed, and following the Court's resolution of the motion(s) to dismiss a rule to show cause would issue as to why that decision should not apply to the new complaint in *Ashton*; or (2) briefing on the motions to dismiss of the Kingdom and SHC would be delayed until August 1, 2017, at which point the Kingdom proposes to file a single motion to dismiss both the CAC and separate *Ashton* complaint, and would request that all plaintiffs be required to join in a single, consolidated opposition to the respective motions to dismiss of the Kingdom and SHC.

      The second proposal is highly objectionable to the CAC plaintiffs, most especially because the consolidated briefing it contemplates would be prejudicial to the CAC plaintiffs, and also because it would produce an unnecessary delay in the cases against the Kingdom and SHC that have been pending for well over a decade.

      For all of the foregoing reasons, the undersigned members of the Plaintiffs' Executive Committees, on behalf of all plaintiffs who have adopted the CAC, respectfully request that the Court adopt an approach that provides:  (1) that briefing on the Kingdom's motion to dismiss the CAC will be separate from any briefing relating to the *Ashton* complaint; and (2) that the existing June 1, 2017 deadline for filing of the Kingdom's motion to dismiss the CAC, as agreed upon between the Plaintiffs' Executive Committees and Saudi Arabia, remains in place.

The Honorable Sarah Netburn
April 5, 2017
Page 4

_____

Respectfully submitted,

| | |
|---|---|
| /s/ Sean P. Carter | /s/ Jodi Westbrook Flowers |
| Sean P. Carter, *Co-Chair Comm. PEC* | Jodi Westbrook Flowers, *Co-Chair PI/WD PEC* |
| Elliott R. Feldman, *Co-Chair Comm. PEC* | Donald A. Migliori, *Co-Chair PI/WD PEC* |
| Stephen A. Cozen, *Member Comm. PEC* | Michael Elsner, *Member PI/WD PEC* |
| J. Scott Tarbutton, *Member Comm. PEC and Liaison Counsel* | Robert T. Haefele, *Member PI/WD PEC and Liaison Counsel* |
| COZEN O'CONNOR | MOTLEY RICE LLC |
| 1650 Market Street, Suite 2800 | Mount Pleasant, SC 29464 |
| Philadelphia, PA 19103 | Tel: (843) 216-9000 |
| Tel: (215) 665-2000 | Fax: (843) 216-9450 |
| Fax: (215) 665-2013 | |
| | |
| Attorneys for *Federal Insurance*, *Vigilant Insurance*, and *Pacific Employers Insurance* Plaintiffs, Lead Counsel for the Property Damage and Commercial Plaintiffs, and Plaintiffs' Executive Committee for Commercial Claims | Attorneys for *Burnett* and *Euro Brokers* Plaintiffs, Co-Lead Counsel for Personal Injury and Wrongful Death, and Plaintiffs' Executive Committee for Personal Injury and Wrongful Death |
| | |
| /s/ Jerry S. Goldman | /s/ Jayne Conroy |
| Jerry S. Goldman, *Member PI/WD PEC* | Jayne Conroy, *Member PI/WD PEC* |
| ANDERSON KILL, P.C. | Paul J. Hanly, Jr. |
| 1251 Avenue of the Americas | Andrea Bierstein |
| New York, NY 10020 | SIMMONS HANLY CONROY |
| Tel: (212) 278-1000 | 112 Madison Avenue, 7th Floor |
| Fax: (212) 278-1733 | New York, NY 10016 |
| | Tel: (212) 784-6400 |
| | Fax: (212) 213-5949 |
| | |
| Attorneys for *O'Neill* Plaintiffs and the *O'Neill* Class Action, and Plaintiffs' Executive Committee for Personal Injury and Wrongful Death | Attorneys for *Burnett* and *Euro Brokers* Plaintiffs and Plaintiffs' Executive Committee for Personal Injury and Wrongful Death |

The Honorable Sarah Netburn
April 5, 2017
Page 5

_____

| | |
|---|---|
| /s/ Dennis G. Pantazis | /s/ Harry Huge |
| Dennis G. Pantazis, *Member PI/WD PEC* | Harry Huge, *Member PI/WD PEC* |
| WIGGINS CHILDS PANTAZIS FISHER GOLDFARB LLC | HARRY HUGE LAW FIRM LLP |
| The Kress Building | 25 East Battery Street |
| 301 Nineteenth Street North | Charleston, SC 29401 |
| Birmingham, AL 35203 | Tel: (843) 722-1628 |
| Tel: (205) 314-0531 | Fax: (843) 720-8794 |
| Fax: (205) 314-0731 | |
| | |
| Attorneys for *Homer* Plaintiffs and Plaintiffs' Executive Committee for Personal Injury and Wrongful Death | Attorneys for *Burnett* and *Euro Brokers* Plaintiffs and Plaintiffs' Executive Committee for Personal Injury and Wrongful Death |

/s/ Richard D. Hailey
Richard D. Hailey, *Member PI/WD PEC*
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN 46269
Tel: (317) 582-0000
Fax: (317) 582-0080

Attorneys for *Homer* Plaintiffs and Plaintiffs' Executive Committee for Personal Injury and Wrongful Death

SPC/:bdw

cc:  The Honorable George B. Daniels (via ECF and Federal Express)
     All MDL Counsel of Record (via ECF)

LEGAL\29966538\1