**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:

      **TERRORIST ATTACKS ON**
      **SEPTEMBER 11, 2001**

-----------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____          │
│ DATE FILED: __  4/13/2017   __   │
└─────────────────────────────────┘
```

**03-MDL-1570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      This document relates to: <u>Ashton v. Kingdom of Saudi Arabia</u>, 17cv2003 (GBD)(SN)

      The Court has received and reviewed the letters from the Kingdom of Saudi Arabia/Saudi High Commission for Relief of Bosnia & Herzegovina ("SHC"), the *Ashton* plaintiffs, and the members of the Plaintiffs' Executive Committees ("PEC") who have joined the Consolidated Amended Complaint ("CAC") filed on March 17, 2017, regarding the appropriate briefing schedule regarding the CAC and the separate *Ashton* complaint.

      Saudi Arabia proposes either that it move to dismiss the CAC on June 1, 2017, as required by the Court's February 16, 2017 Order, with briefing on the *Ashton* complaint stayed during the course of the briefing and the ruling then followed by an order to show cause as to why that decision should not apply to *Ashton*. Alternatively, Saudi Arabia proposes to move to dismiss the CAC and the *Ashton* complaint in a consolidated motion on August 1, 2017, and that the CAC and *Ashton* plaintiffs file a consolidated opposition. ECF No. 3500.

      The *Ashton* plaintiffs are amenable to the deadline for Saudi Arabia's motion to dismiss to be pushed back to August 1, 2017, but insist on filing their own opposition papers. ECF No. 3499. For its part, the PEC objects to any postponement of the June 1, 2017 deadline previously endorsed by the Court, and strenuously opposes any consolidation of briefing due to the

substantial differences in the factual allegations between the CAC and the *Ashton* complaint. ECF No. 3501.

As all parties are aware, this multidistrict litigation is a highly complex and politically sensitive matter involving thousands of plaintiffs representing the victims of the greatest terrorist attacks in our Nation's history, which are now over fifteen years behind us. Less than one year ago, new causes of action have been filed after Congress enacted the Justice Against Sponsors of Terrorism Act ("JASTA"), Pub. L. No. 114-222, 130 Stat. 852 (Sept. 28, 2016). In determining the proper course forward, the Court has the duty to promote a just, efficient, and speedy hearing and resolution of all plaintiffs' claims, so as to provide closure to the victims and their families. The PEC has collaborated ably in these efforts, presenting a single consolidated filing representing all of the original members of the Committees with the exception of the *Ashton* plaintiffs, and have developed a streamlined process by which new tag-along actions can easily adopt the CAC with minimal procedural difficulty.

On the other hand, the Court is extremely displeased with the conduct of counsel for the *Ashton* plaintiffs. To be sure, the *Ashton* plaintiffs "are entitled to assert their JASTA claims against [Saudi Arabia] in the manner they see fit and there is no reason or legal basis to force them to merge their claims into the CAC . . . ." ECF No. 3499. Nevertheless, although counsel for *Ashton* is the co-chair of the PEC for personal injury and wrongful death claims, Saudi Arabia claims (and *Ashton* counsel does not appear to contest) that the *Ashton* complaint filed on March 20, 2017, was not provided to Saudi Arabia until the day it was filed. ECF No. 3472. This occurred despite the fact that the Court had expended significant efforts for months to ensure that the parties met, conferred, and developed an expeditious timeline for briefing on the expected CAC. See ECF No. 3369 (October 20, 2016 scheduling order directing PEC to serve draft CAC

on Saudi Arabia by December 30, 2016); ECF No. 3412 (December 23, 2016 Order extending deadline to January 20, 2017); ECF No. 3431 (January 17, 2017 Order extending deadline to within 10 days of the Second Circuit's decision on joint motion for vacatur and remand); ECF No. 3449 (February 16, 2017 Order endorsing joint proposal of PEC and CAC for Saudi Arabia to move against the CAC). The reason for the Court's actions were, of course, to ensure that Saudi Arabia was apprised of the claims against it as soon as possible so that the case could advance expeditiously.

At no point during this five-month process did counsel for the *Ashton* plaintiffs inform the Court or Saudi Arabia that he planned to file a separate complaint with factual allegations that were sufficiently different so as to necessitate separate briefing, even though it was plainly obvious that the filing of such a complaint could affect any negotiated briefing schedule between the PEC and Saudi Arabia. *Ashton* counsel's legalistic contention that the Court's prior orders did not apply to "plaintiffs, such as those in *Ashton*, who had not previously brought claims against [Saudi Arabia]" did not grant him license to engage in gamesmanship that is not only unreasonable towards his adversary, but would also have the probable and foreseeable effect of disturbing deadlines set by the Court, and prejudicing his colleagues on the PEC who negotiated a mutually agreeable briefing schedule as directed by the Court. Counsel for the *Ashton* plaintiffs is admonished to promptly advise the Court if he plans to take any further actions that are arguably inconsistent with the Court's orders.

The Court has, however, concluded that a piecemeal schedule that would stay briefing in *Ashton* pending the adjudication of Saudi Arabia and the SHC's motion against the CAC is not the most efficient way to proceed. Therefore, in order to ensure that all claims in this extraordinarily important litigation receive a fair hearing, the Court is regrettably constrained to

revise its February 16, 2017 Order and adjust the deadline for Saudi Arabia and the SHC's

motions to dismiss both complaints to Tuesday, August 1, 2017. The PEC and *Ashton* will file

separate oppositions by Monday, October 2, 2017. Saudi Arabia and the SHC will file replies by

Wednesday, November 1, 2017. The parties are instructed to conform their briefing to the

Individual Rules of Practice of the Honorable George B. Daniels; any requests to modify this

schedule or his practices should be directed to him by letter.

**SO ORDERED.**

_____

SARAH NETBURN

United States Magistrate Judge

DATED:      April 13, 2017

                New York, New York