# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel* | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

April 14, 2017

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      Pursuant to Your Honor's request at the March 23, 2017 status conference and the instructions set forth in the Court's March 24, 2017 Scheduling Order (ECF No. 3482), the Plaintiffs' Executive Committees and Defendants' Executive Committee write to provide the Court with a joint status report as to the new cases filed against the non-sovereign defendants. After discussion, the parties have reached an agreement on all issues, as set forth below.

      The non-sovereign defendants who were named in the new cases can be divided into three categories based on their procedural posture in this litigation:  (1) defendants currently engaged in merits discovery in the older cases; (2) defendants currently engaged in jurisdictional discovery in the older cases; and (3) defendants dismissed from the older cases, with those dismissals upheld by the Second Circuit.  The following response is accordingly divided by these categories.

    **1. Defendants currently engaged in merits discovery.**

      There are five defendants who are currently engaged in merits discovery and were named as defendants in the new complaints:  Dubai Islamic Bank; International Islamic Relief Organization; Muslim World League; World Assembly of Muslim Youth International; and World Assembly of Muslim Youth Saudi Arabia.

The Honorable Sarah Netburn
Page 2
April 14, 2017

      During the March 23, 2017 Status Conference, the parties agreed to a court order stipulating that "an acceptance of service by a defendant or a waiver of service by a defendant will have no impact on that defendant's ability to argue that this Court lacks personal jurisdiction." *See* Tr. of Record, 03 MDL 1570 (Mar. 23, 2017) at 26 (hereinafter, "Tr."). The parties have agreed upon the attached proposed order which explains that waiver of service, for those waiving it, has no impact on the ability to assert defenses other than adequacy of service. After the entry of this order, the five defendants will seek to reach agreement with plaintiffs regarding service.

      In the interest of efficiency and fairness, the five defendants engaged in merits discovery believe that all new complaints filed in 2016 and 2017 against non-sovereign defendants should be asserted in one consolidated amended complaint. "[C]ourts have interpreted Rule 42(a), which authorizes district courts to consolidate actions and to make such orders 'as may tend to avoid unnecessary costs or delay,' to authorize the filing of [consolidated] complaints." *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 JMF, 2015 WL 3619584, at *7 (S.D.N.Y. June 10, 2015) (citations omitted). The purpose of the Multi-District Litigation is to have a single organized proceeding. As this Court recognized at the March 23, 2017 hearing, "we want to have as few complaints as possible here in order to streamline and manage this case." *See* Tr. at 23.

      Therefore, the Plaintiffs and the five defendants engaged in merits discovery have agreed that the plaintiffs in the new cases filed against non-sovereign defendants since the beginning of 2016[1] will file a single consolidated complaint within 45 days. The five non-sovereign defendants engaged in merits discovery will then have 90 days to respond to that consolidated complaint by Rule 12 motion or answer. The Defendants in merits discovery are inclined to file a Rule 12 motion but request the opportunity to review plaintiffs' consolidated amended complaint before making a final decision regarding dispositive motions.

      The litigation is now in its fifteenth year; the end of discovery is uncertain. The five Defendants engaged in merits discovery are eager to move the litigation forward and believe that plaintiffs' complaints are insufficient as matter of law in light of recent case law.

    **2.   Defendants currently engaged in jurisdictional discovery.**

      There are two defendants who are currently engaged in jurisdictional discovery and who were named in the new complaints – Yassin Kadi and Dallah Avco Trans Arabia. The claims in the original cases that are part of this MDL against those two defendants were remanded to this Court by the Second Circuit, "pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for the prompt commencement of a course of judicially-supervised jurisdictional discovery." *In*

---

[1] At present, these cases include: *Addesso v. Kingdom of Saudi Arabia*, 16-cv-09937; *Aguilar v. Kingdom of Saudi Arabia*, 16-cv-09663; *Aiken v. Kingdom of Saudi Arabia,* 17-cv-00450; *Beazley Furlonge, Ltd. v. Saudi Binladin Group*, 16-cv-07456; *Hodges v. Kingdom of Saudi Arabia*, 17-cv-00117. The parties request that this letter apply to any subsequently filed complaints against them that are consolidated in the MDL-1570 proceeding.

The Honorable Sarah Netburn
Page 3
April 14, 2017

---

*re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 682 (2d Cir. 2013). The motions to dismiss filed by these defendants had been granted by Judge Daniels in 2010, and final judgments were entered pursuant to Fed. R. Civ. P. 54(b). *Id.* at 672.[2]

    Under the supervision of Magistrate Judge Maas, the document production phase of jurisdictional discovery began promptly in 2013, and Mr. Kadi's was recently completed. Dallah Avco completed its document search and resulting production in June 2015. Plaintiffs moved to compel, and on January 18, 2017, this Court largely denied the motion but ordered Dallah Avco to search for certain additional discrete categories of documents. Dallah Avco is currently in the process of complying with that order.

    In light of the Second Circuit's explicit direction, the Plaintiffs and these two Defendants submit that further dispositive motions in the original cases cannot be filed until jurisdictional discovery is complete. The newly-filed complaints are not materially different from the original complaints, and are or will be part of this MDL. Therefore, it would be futile and wasteful to require answers or motions against the new complaints until such answers or motions are ripe in the original actions. Accordingly, the Plaintiffs agree with these two Defendants that their time to answer or move against any of the new complaints should be stayed pending the Court's determination that jurisdictional discovery is complete.

    Dallah Avco was contacted by certain plaintiffs' counsel about a waiver of service on March 22, 2017. Dallah Avco is still in the process of considering plaintiffs' request, as any waiver of service would have to be approved by senior management. Mr. Kadi will waive service of process on the conditions that the order attached hereto is entered, and the stipulation of waiver likewise states that no defenses other than service of process are waived.

    **3. Defendants previously dismissed from this litigation.**

    Five other non-sovereign defendants in the new lawsuits were previously dismissed from the MDL cases and their dismissal was upheld by the Second Circuit: Al Rajhi Bank ("ARB"), National Commercial Bank ("NCB"), Saudi Binladin Group ("SBG"), and Mohammed Binladin Company ("MBC"), also referred to as Mohammed Binladin Organization ("MBO") (collectively, the "previously dismissed defendants"). *See In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 833 (S.D.N.Y. 2005) (dismissing ARB), *aff'd sub nom. O'Neill v. Al Rajhi Bank*, 714 F.3d 118, 127 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 2870 (2014); *In re Terrorist Attacks on September 11, 2001*, 718 F. Supp. 2d 456, 467, n.4, 476-78, 487-88 (S.D.N.Y. 2010) (dismissing NCB and MBC), *aff'd sub nom. O'Neill v. Asat Trust Reg.*, 714 F.3d 659, 669, 675-77 (2d Cir. 2013) (affirming dismissal of NCB), *cert denied sub nom. O'Neill*

---

[2] The Second Circuit remanded a total of 12 defendants for jurisdictional discovery. *See* 714 F.3d at 667, 682. However, two of those defendants subsequently died – Saleh Al Hussayen (ECF No. 2722) and Mohamad Jamal Khalifa; and one defendant was subsequently dismissed on sovereign immunity grounds – Abdul Rahman Al Swailem (ECF No. 2998). Of the remaining defendants remanded for jurisdictional discovery, only two – Mr. Kadi and Dallah Avco – were named as defendants in the new complaints.

The Honorable Sarah Netburn
Page 4
April 14, 2017

---

*v. Al Rajhi Bank*, 134 S. Ct. 2870 (2014); 11-3294-cv (2d Cir. 2012), Dkt. #323 (withdrawing appeal as to dismissal of MBC); *In re Terrorist Attacks on Sept. 11, 2001*, 840 F. Supp. 2d 776, 782 (S.D.N.Y. 2012) (dismissing SBG), *aff'd sub nom. O'Neill*, 714 F.3d at 669, 675-77, *cert denied sub nom. O'Neill*, 134 S. Ct. 2870 (2014).

NCB, ARB and SBG are named as the only defendants in the *Lloyd's* action: *Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank*, Civil Action No. 1:16-cv-07853, which was transferred to this Court by the Judicial Panel on Multidistrict Litigation from the U.S. District Court for the Western District of Pennsylvania, over the *Lloyd's* plaintiffs' objections.  Transfer Order, MDL No. 1570 (J.P.M.L. Oct. 3, 2016), Dkt. #77.

All five of the previously dismissed defendants also are named as defendants in the *Beazley*, *Aguilar*, *Addesso*, *Aiken* and *Hodges* actions.

The previously dismissed defendants and Plaintiffs are in agreement upon the following provisions and schedule for further proceedings as to the previously dismissed defendants:

1. The previously dismissed defendants agree to accept service of the complaints in all of the above-referenced actions, without waiver of any jurisdictional or merits defenses or objections to the claims in those actions.  For avoidance of doubt, a defendant's acceptance of service or waiver of service will have no impact on the defendant's right to argue that the court lacks personal jurisdiction over it.

2. Plaintiffs in all of the referenced actions will file any amendments to their complaints pertaining to the previously dismissed defendants on or before May 1, 2017.

3. (a) NCB, (b) ARB and the (c) SBG Defendants (comprising SBG, MBO and MBC) each will file a consolidated motion to dismiss all of the referenced actions on or before August 1, 2017.  Each defendant's memorandum in support of its consolidated motion to dismiss shall not exceed 45 pages in length, exclusive of exhibits.

4. Following the filing of the motions to dismiss, the parties will promptly confer concerning an appropriate schedule for filing of plaintiffs' consolidated oppositions to the consolidated motions to dismiss, and defendants' consolidated replies, which shall not exceed 45 pages and 20 pages in length, respectively, exclusive of exhibits.

### 4. Subsequently Filed Complaints.

On April 12, 2017, a new complaint was filed with a notice of related action to the MDL: *Charter Oak Fire Ins. Co., et al. v. Al Rajhi Bank, et al.*, Civil Action No. 1:17-cv-2651 (S.D.N.Y.).  All defendants expect that this new case, and any other new cases filed before the May 1, 2017 deadline for amended complaints, would proceed under the same schedule for motions to dismiss, provided that each defendant is given an opportunity to waive service of the

The Honorable Sarah Netburn
Page 5
April 14, 2017

_____

complaint without waiver of any jurisdictional or merits defenses or objections to the claims in those actions, and in particular without impact on the defendant's right to argue that the court lacks personal jurisdiction over it.

                                                     Respectfully submitted,

                                                     PLAINTIFFS' EXECUTIVE COMMITTEES


                                                     By:  /s/  James P. Kreindler


                                                   DEFENDANTS' EXECUTIVE COMMITTEE


                                                 By:   /s/   Alan R. Kabat


Enc.

cc:    The Honorable George B. Daniels (via ECF and Federal Express)
       All MDL Counsel of Record (via ECF)