KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

April 17, 2017

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
            (All Actions)

Dear Judge Netburn:

      I write on behalf of the Kingdom of Saudi Arabia ("Saudi Arabia") to respond to the April 14, 2017 letter filed by the Plaintiffs' Executive Committees. *See* ECF No. 3520. In their lengthy letter, Plaintiffs grossly mischaracterize Saudi Arabia's modest request for relief from the Court. Most of the matters that Plaintiffs discuss are irrelevant to the present dispute. This response is therefore limited to three brief points.

      *First*, neither Judge Casey's admonition to the parties on May 25, 2004, not to "try their cases in the media," ECF No. 3506-1, at 5, nor Saudi Arabia's recent letter to this Court, ECF No. 3506, attempted to "'shut[] down the public debate over the issues encompassed by this case,'" as Plaintiffs now suggest (at 6). The Court does not need more newspaper citations to inform it that such debate has been both uninhibited and protracted. Rather, the question at issue is limited to extrajudicial statements by counsel who represent a party in a pending proceeding, which have long been the subject of proper regulation to protect the integrity of the judicial process. *See*, *e.g.*, N.Y. R. Prof'l Conduct 3.6; *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991) (opinion of Rehnquist, C.J., for the Court in relevant part) (holding that a similar provision struck a "constitutionally permissible balance between the First Amendment rights of attorneys in pending cases and the State's interest in fair trials"). Plaintiffs' invocation of the First Amendment is therefore wholly misplaced.

      *Second*, neither Judge Casey's order nor Saudi Arabia's letter suggested any limit on any party's ability to petition the legislative or executive branches for relief, in connection with this litigation or otherwise. Plaintiffs' reference to the public debate over the Justice Against Sponsors of Terrorism Act, in which Plaintiffs were well represented, is thus a complete distraction from the issues presented to the Court.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 17, 2017
Page 2

*Third*, the articles that prompted Saudi Arabia's letter to the Court – and, in particular, the April 7 *Politico* article that consists largely of a sympathetic retelling of the allegations in the most recent *Ashton* complaint, plus some praise for Mr. Kreindler and his firm – cannot reasonably be described either as general public debate and advocacy or as attempts to petition the political branches for any redress of grievances. Nor do Plaintiffs really argue that they can. Instead, they argue (at 5) that it would be impossible to "draw the line" between protected and unprotected speech and therefore the Court should abandon any limits on extrajudicial statements by counsel in this litigation. But the asserted vagueness of a rule does not furnish a constitutional objection where the speech at issue is itself "plainly prohibited," *Holder v. Humanitarian Law Project*, 561 U.S. 1, 23 (2010); applying that principle here, Plaintiffs cannot defend statements clearly inconsistent with Judge Casey's directive to counsel by arguing that other statements might present a harder question.

Although Saudi Arabia continues to believe that Judge Casey's intent in May 2004 was clear, it is undeniable that he chose to appeal to counsel's "professionalism" and "ethics," ECF No. 3506-1, at 5, rather than to draw a bright-line rule. In part for that reason, Saudi Arabia did not seek any discipline or sanctions in its letter, but merely asked the Court to reaffirm that counsel in this litigation are expected to adhere to professional standards in their extrajudicial statements to the press.

Respectfully submitted,

*/s/ Michael K. Kellogg*

Michael K. Kellogg

cc:   Chambers of the Honorable George B. Daniels (via ECF and facsimile)
      All MDL Counsel of Record (via ECF)