# CLIFFORD CHANCE

**CLIFFORD CHANCE US LLP**

2001 K STREET NW
WASHINGTON, DC 20006 - 1001

TEL +1 202 912 5000
FAX +1 202 912 6000

www.cliffordchance.com

**Via E-mail**

Direct Dial: +1 202 912 5109
E-mail: steve.cottreau@cliffordchance.com

The Honorable Sarah Netburn
Judge, United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

April 20, 2017

**In re Terrorist Attacks of September 11, 2001, 03 MDL 1570:**

**URGENT HEARING REQUEST**

Dear Judge Netburn,

We write on behalf of defendant Dubai Islamic Bank ("DIB") to request a short emergency telephonic hearing this week to consider the following request for an order permitting the planned deposition on May 4 and 5 of Dr. Hussein Hamid Hassan ("Dr. Hussein"), who is 84 years old.

As explained below, this Court has repeatedly recognized the parties' need to conduct depositions to perpetuate testimony in this long-pending litigation. Plaintiffs agreed on February 28, 2017 to go forward with Dr. Hussein's deposition. Counsel for DIB and the witness have made plans to travel to London next week. Yesterday, plaintiffs notified us that they now object to the deposition. We immediately reached out to plaintiffs and conferred in an attempt to respond to their newfound concerns. For the reasons set forth below, plaintiffs' myriad new objections have no merit.

### I.   This Court Orders That Depositions May Occur Before The Close of Discovery

This Court has long recognized the need for depositions that may take place prior to the close of written discovery. On June 16, 2004, Judge Casey ordered that "Depositions may proceed concurrently with written discovery." Case Management Order 2 at 9 (June 16, 2004) (Dkt. No. 247).

At the October 20, 2016 status hearing, we alerted the Court of our desire to move forward with depositions of some witnesses to perpetuate testimony. The Court agreed. *See* Tr. of R. at 44-45 (Oct. 20, 2016) (Netburn, J.) ("I think that makes sense"). Subsequently, in its October 20, 2016 Scheduling Order, the Court directed the parties to "meet and confer on the scheduling of potential deposition so as to preserve testimony before the close of document discovery." Scheduling Order at 3 (Oct. 20, 2016) (Dkt. No. 3369).

**C L I F F O R D**                   CLIFFORD CHANCE US LLP
**C H A N C E**

The Court reiterated its views in its March 24, 2017 order, directing the parties to "meet and confer on the scheduling of potential depositions so as to preserve testimony before the close of document discovery." Scheduling Order at 3 (Mar. 24, 2017) (Dkt. No. 3482).

### II.  Plaintiffs Agreed To Depose Dr. Hussein On May 4 & 5, 2017

In light of the Court's orders, we conferred with plaintiffs and proposed that we take the deposition of Dr. Hussein, who is approaching 85 years old. In this litigation, plaintiffs have made specific allegations regarding the role of Dr. Hussein and DIB's Fatwa and Sharia Supervisory Board ("the Board"), which he chairs. *See* Mot'n to Compel at 2-3 (July 14, 2015) (Dkt. No. 2973); Reply in Favor of Mot'n to Compel at 6-8 (Dec. 11, 2015) (Dkt. No. 3164). To address those allegations and the role of the Board, DIB has sought to take the deposition of Dr. Hussein.

On February 27, 2017, we proposed to plaintiffs that the deposition of Dr. Hussein take place on May 4 and May 5, 2017 in London:

> As we discussed a short time ago, given the pace of discovery we would like to move forward with one or more depositions to preserve testimony. Towards that end, we propose to take the deposition of Dr. Hussein Hamid Hassan, Chairman of DIB's Fatwa and Sharia Supervisory Board. We propose taking his 7 hour deposition in London over two half days on the mornings of May 3 and 4.
>
> Can you let me know if these dates work for you and we will notice the deposition and make arrangements for it? Ex. A, E-mail from S. Cottreau to S. Carter (Feb. 27, 2017).

Plaintiffs agreed to this arrangement on February 28, 2017:

> The dates work for folks on our side. We have not discussed any potential issues relating to location, duration or sequence of depositions that might be implicated by this proposal. For the time being, **we think it makes sense to lock in the dates**, and we can address any other issues presented by the proposed deposition, **if there are any**, in due course. Ex. A, E-mail from S. Carter to S. Cottreau (Feb. 28, 2017) (emphasis added).

At no point before yesterday did plaintiffs raise any potential issues in moving forward with Dr. Hussein's deposition.

Instead, last Friday, April 14, plaintiffs followed up to confirm the deposition and requested a formal notice for Dr. Hussein's deposition. Ex. A, E-mail from S. Carter to S. Cottreau (Apr. 14, 2017). We responded a few hours later confirming "the time, date, and location" of the deposition. Ex. A, E-mail from K. Barlow to S. Carter (Apr. 14, 2017). Again, plaintiffs raised no objections to moving forward with Dr. Hussein's deposition.

**C L I F F O R D**                 CLIFFORD CHANCE US LLP
**C H A N C E**

Pursuant to plaintiffs' approval, counsel for DIB and Dr. Hussein made all necessary arrangements—travel and otherwise—in preparation for the deposition.

### III.   Plaintiffs' Objections Lack Merit

Yesterday afternoon, plaintiffs sent DIB a letter for the first time raising objections to the deposition. The letter offers a kitchen sink of excuses as to why plaintiffs now object to the deposition. *See* Ex. B, Letter from S. Carter to S. Cottreau (Apr. 19, 2017). These excuses are meritless and were never raised by plaintiffs before yesterday.

**First**, plaintiffs suggest that Dr. Hussein's deposition is premature, as it "[departs] from the general rule that depositions should be conducted only after the completion of document productions." Ex. B at 2. As noted above, the Court has already addressed that issue: depositions to perpetuate testimony are appropriate before the close of document discovery.

Moreover, DIB has already completed its production of all documents relevant to Dr. Hussein's deposition. DIB has already produced all responsive, non-objectionable documents related to the Board. In fact, DIB's only outstanding production obligation is to produce certain bank account records, if any exist, that are identified as part of an exact match search term protocol that the parties are still negotiating. *See* Plaintiffs' Merits Discovery Progress Report at 5-6 (Apr. 14, 2017) (Dkt. 3516). That outstanding potential production is irrelevant to Dr. Hussein's deposition. Moreover, that production remains outstanding only because plaintiffs have not substantively responded to DIB's last search term proposal of March 22, even though we have twice followed up on April 5 and April 18 seeking a response from plaintiffs.

**Second**, plaintiffs raise a series of minor issues that are no reason for delay. Plaintiffs have asked whether the "deposition will be conducted in English." Ex. B at 2. We quickly confirmed to plaintiffs during our meet and confer yesterday that the deposition would be conducted in English. Plaintiffs further professed newfound confusion as to whether Dr. Hussein was "an expert or fact witness." *Id.* We again quickly confirmed yesterday that he was a fact witness. Lastly, plaintiffs expressed that they lacked certain unidentified information to determine that the deposition "would comply with local law and the Federal Rules of Civil Procedure." *Id.* The deposition of course will be conducted in accordance to Federal Rules of Civil Procedure.

**Third**, during our meet and confer process yesterday, plaintiffs received our responses to the issues above and then shifted their reliance to the lack of formal notice of deposition to date. The parties, however, had repeatedly emailed since February to confirm the deposition dates and location, as set forth above. Moreover, DIB then served the requested formal notice of deposition yesterday—fourteen days before the long-planned deposition. *See* Ex. C. Fourteen days is sufficiently reasonable *formal* notice under the circumstances—particularly considering that the parties had twice previously confirmed the deposition in email exchanges. *See, e.g., Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-cv-6653, 2015 WL 2250592, at *12 n.9 (S.D.N.Y. May 13, 2015) ("Although the reasonableness of notice is a fact-sensitive inquiry,

C L I F F O R D
C H A N C E
                                                   CLIFFORD CHANCE US LLP

judges in this District have concluded that as few as four and eight days notice of a deposition to a party is reasonable.").

\* \* \*

We have attempted to confer with plaintiffs in good faith in an effort to avoid burdening the Court with this matter.  In attempting to resolve the dispute, plaintiffs made the unusual request of asking whether we were willing to share the topics and documents that we planned to cover at Dr. Hussein's deposition.  We quickly agreed to do so, provided that such an exchange was mutual.  *See* Ex. D, E-mail from S. Cottreau to S. Carter (Apr. 19, 2017).

To give plaintiffs additional time to agree to that compromise, we delayed filing this motion yesterday evening until this morning.  Plaintiffs, however, informed us today that they could not accept their own proposed compromise.

Unfortunately, time is short because both DIB's lawyers and the witness plan to travel to London next week in advance of the deposition.  As a result, we humbly request that the Court order a short emergency telephonic hearing this week to discuss whether to permit the deposition to go forward as planned.

We are grateful for the Court's prompt attention to this matter.


Sincerely,

/s/ Steven T. Cottreau

Steven T. Cottreau