# EXHIBIT B

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair* (1944-2013)<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>SIMMONS HANLY CONROY LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

April 19, 2017

Steven T. Cottreau, Esq.
Clifford Chance US LLP
2001 K Street, N.W.
Washington, DC 20006

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Steve:

We write concerning your proposal to conduct a deposition of Dr. Hussein Hamid Hassan in London, England on May 3 and 4, 2017. For the reasons stated below, the Plaintiffs' Executive Committees object to going forward with the deposition on the dates you have proposed.

By e-mail dated February 27, 2017, you indicated your desire to move forward with a deposition of Dr. Hassan, in order to preserve his testimony, and proposed that the deposition be conducted in London on the mornings of May 3 and 4. Your e-mail concluded by stating "Can you let me know if these dates work for you and we will notice the deposition and make arrangements for it?"

We responded by e-mail the following day, noting that the proposed dates were not problematic, but that we could not formally consent to the deposition until a range of issues potentially implicated by the proposed deposition were resolved. We specifically noted that we had not discussed "any potential issues relating to location, duration or sequence of depositions." Under the circumstances, we stated that "For the time being, we think it makes sense to lock in the dates, and we can address any other issues presented by the proposed deposition, if there are any, in due course."

Although our February 28, 2017 e-mail plainly indicated that there would need to be a further dialog concerning process and other issues in order to go forward with the proposed deposition on the dates that had been reserved, we did not receive any further communications

from you concerning the proposed deposition in the seven weeks that followed. Most notably, we never received any formal notice of deposition, as promised in your February 27, 2017 e-mail and required by the Federal Rules of Civil Procedure.

Having not heard anything further from you on the matter, we wrote to you on April 14, 2017, noting that we had not received any formal notice for the proposed deposition, and requesting that you advise as to your intentions. On that same day, your office responded that you wished to go forward with the deposition, providing for the first time the proposed location of the deposition in London, details concerning the proposal schedule for the deposition on the days in question, but no other relevant and required details. That e-mail again promised that a formal notice of deposition would follow in due course, but as of the writing of this letter we still have not received it.

As you know, the proposed deposition of Dr. Hassan would be the first deposition in the multi-district litigation to be conducted outside of the United States, and would require a departure from the Court's general directive that depositions should not go forward until the completion of all parties' document productions. The proposed deposition of Dr. Hassan under these circumstances raises a number of process and related issues, both as to the Dr. Hassan's deposition in particular and the conduct of depositions in the MDL in general. For example, you have never explained why it is necessary to conduct the deposition of Dr. Hassan at this time, as opposed to a few months from now when DIB's production will be complete, an issue that we would need to consider before consenting to a departure from the general rule that depositions should be conducted only after the completion of document productions. In addition, we have never been advised whether Dr. Hassan's deposition will be conducted in English, or through a translator, an issue that might materially affect our position concerning the duration of the deposition, and whether we might want to bring consultants or advisors to attend the deposition as well. We also do not know whether DIB plans to offer Dr. Hassan as an expert or fact witness. We also believe that, at least under these circumstances, it might be necessary for DIB to identify the proposed areas of inquiry and any documents that might be used in the course of the deposition in advance. Finally, we have not been provided with information that would be necessary to evaluate whether steps have been undertaken to ensure that the proposed deposition in England would comply with local law and the Federal Rules of Civil Procedure.

Again, we expected that these and other issues would be addressed in due course upon service of a formal notice of deposition in this instance, but because we never received such a notice, no such dialog has taken place.

Finally, because we never received any notice of deposition and the many unresolved issues raised by the proposed deposition were never addressed, we had no basis to make travel and other arrangements to be in London on May 3 and 4. At this late date, the costs to travel to London on such short notice would be excessive.

Under the circumstances, we cannot consent to proceed with the deposition of Dr. Hassan on May 3 and 4, 2017 as you have proposed.

Steven T. Cottreau, Esq.
April 19, 2017
Page 3

---

      We are amenable to identifying and reserving dates that would work in the near future, provided that we can work through all of the relevant issues implicated by the proposed deposition in advance of any date that is set aside.

      As always, we are happy to discuss this matter with you at your convenience.

Very truly yours,

Sean Carter, Esq.
THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

cc: Don Migliori
     Jodi Westbrook Flowers
     Robert T. Haefele
     Jerry S. Goldman

30106803\1