# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

April 20, 2017

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    The Plaintiffs' Executive Committees ("PECs") submit this letter in response to the April 17, 2017 letter from the Kingdom of Saudi Arabia ("Saudi Arabia") and the Saudi High Commission ("SHC") seeking reservation of rights with regard to Plaintiffs' Proposed Order Approving Notices to Conform and Short Form Complaints. *See* ECF No. 3522. While Plaintiffs can agree with Saudi Arabia and the SHC on their second point – to require that, with any newly filed case, plaintiffs submit an appropriate request for waiver of service to counsel for Saudi Arabia and the SHC – Plaintiffs nevertheless believe that the first point raised in the letter seeks information that is better suited for damages discovery at a later stage of this bifurcated case. *See* ECF No. 2381 ("[f]act discovery regarding liability issues will precede fact discovery regarding damages, and will be governed by Case Management Order Nos. 2 and 4, except to the extent the Court otherwise directs").

    While Plaintiffs recognize that Saudi Arabia and the SHC may, in the future, test the sufficiency of Plaintiffs' allegations regarding what they refer to as "extended theories of causation," nothing in Plaintiffs' proposed Short Form Complaint would prevent them from doing so. Although Saudi Arabia and the SHC may prefer more specific pleading as to damages and causation in the Short Form Complaint, the fact remains that "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted). Furthermore, given the bifurcation of liability and damages, Plaintiffs submit that additional information regarding individualized damages would

The Honorable Sarah Netburn
April 20, 2017
Page 2

_____

be borne out through damages discovery should Plaintiffs prevail at the liability stage. At that point, the propriety of individualized determination of a plaintiff's injuries and causation arguments could be more appropriately addressed by motion practice and by the Court.

Large MDLs such as this one often use short form complaints to aid the Court in managing its docket expeditiously where thousands of individual claims are filed by retaining consolidated allegations against specified defendants. *See, e.g., In re Mentor Corp. Obtape. Transobturator Sling Products Liab. Litig.*, 08-MD-2004 (CDL) (M.D. Ga. 2008); *In re Ethicon Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, MDL No. 2327 (S.D. W.Va. 2012); *In re: Wright Med. Tech., Inc., Conserve Hip Implant Prod. Liab. Litig.*, MDL No. 2329 (N.D. Ga. 2012); *In re Bard IVC Filters Prod. Liab. Litig.*, 15-MD-2641 (D. Az. 2016); *In re Oil Spill by the Oil Rig "Deepwater Horizon"*, MDL No. 2179 (E.D. La. 2010); *see also* Manual for Complex Litig., Fourth, at 224, n.668 (permitting a consolidated complaint may be "used as a device … to facilitate ease of the docket's administration"). Regardless of whether certain plaintiffs' claims rely on "extended theories of causation" – a point that is not conceded here – there are no doubt a multitude of plaintiffs in this MDL who were killed or injured as a direct result of the attacks of September 11, 2001. To force plaintiffs filing Short Form Complaints to provide any detailed specificity at the pleading phase of the litigation – especially as it pertains to Saudi Arabia and the SHC – would eviscerate the purpose of a Short Form Complaint because it would invite enlarged and elongated short-form pleadings having little bearing on defendants' responsive pleadings, but that nevertheless unnecessarily burden the Court and the Plaintiffs. The absence of the specific injury information in the short form complaints is unlikely to change how Saudi Arabia or the SHC would be expected to respond to the complaints, and the burden proposed by Saudi Arabia and the SHC could be remedied after a determination of liability through amended pleadings, averments, profile forms or databases, or more appropriately, through the damages discovery process.

To the extent that a Short Form Complaint is filed which incorporates the allegations of the Consolidated Amended Complaint as to Saudi Arabia and the SHC and which states that the plaintiffs therein were injured by reason of the terrorist attacks of September 11, 2001, then Plaintiffs submit that this is sufficient to confer Article III standing while meeting those plaintiffs' pleading requirements. Saudi Arabia and the SHC's request that a disclaimer should be included in the Short Form Complaint regarding whether the Short Form "will constitute an adequate complaint under applicable pleading standards" should, therefore, be denied. If the Court deems the Short Form Complaint process not useful or appropriate in this MDL, the Court can require all plaintiffs filing new complaints to file a long form complaint – such as the Consolidated Amended Complaint – with the particulars of the injuries pleaded as the individual lawyer deems appropriate.

The Honorable Sarah Netburn
April 20, 2017
Page 3

_____

      For the reasons stated herein, Plaintiffs respectfully submit that Saudi Arabia and the SHC's request that Plaintiffs' Short Form Complaint and Demand for Trial by Jury should include disclaimers and require additional factual material regarding specific injuries sustained should be denied.  With regard to Saudi Arabia and the SHC's request that a request for waiver of service be submitted to them following the filing of a Short Form Complaint, Plaintiffs have no objection.

                                                                                 Respectfully,

                                                                               /s/ Robert T. Haefele
                                                                               ROBERT T. HAEFELE
                                                                               *PLAINTIFFS' EXECUTIVE COMMITTEES*

cc:       The Hon. George B. Daniels, U.S.D.J. – Via ECF
           All Counsel – via ECF