UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:  TERRORIST ATTACKS ON
        SEPTEMBER 11, 2001

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/24/2017

03 MDL 1570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

In an April 7, 2017 letter, the Kingdom of Saudi Arabia requests that the Court reaffirm Judge Casey's May 25, 2004 "order" directing counsel not to "try their cases in the press." ECF No. 3506. This request is DENIED.

In a conference on May 25, 2004, Judge Casey stated the following:

> I am telling you that I take a very dim view of lawyers who try their cases in the media. I believe I have been privileged to see some of the greatest trial lawyers this country has produced and none of the really good ones try their case in the media. They have the ability, the talent, professionalism, and the ethics to try their case here in the courtroom. I expect everyone . . . any activity in this area I expect to stop as of its moment. If there is any further activity, I will entertain any application. Be the professionals that you are. Don't sully your profession before this court. I expect everything from this moment forward to be done in that professional manner. I mean this very sincerely and I hope you will take it in that way. If you choose to go in a different direction after this caution, I assure you I will deal with it. I hope nothing further need be said on this subject. There is no requirement for anyone to respond. I have tried to choose my words very carefully. And unless somebody cannot comprehend my simple words, that is the end of the subject unless cause requires us to revisit the subject and I hope that will never occur.

ECF No. 3506-1.

While the Court certainly shares Judge Casey's views that the highest professionalism should be expected of all attorneys in a proceeding of such consequence, it interprets Judge Casey's colloquy—occurring thirteen years ago in a specific factual context that is not altogether clear from the record—as an admonition to respect the relevant rules of professional conduct,

rather than an order imposing independent obligations on counsel. As counsel for the *Ashton* plaintiffs and the PECs argue, there is tremendous and understandable public interest in this litigation, all parties have made repeated statements to the news media, and no party has ever interpreted Judge Casey's 2004 colloquy as imposing a general "gag order" prohibiting any contact with the press.

In New York, the relevant rule concerning pretrial publicity is New York Rule of Professional Conduct 3.6, which states that "[a] lawyer who is participating in or has participated in a criminal or civil matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter." N.Y. RPC 3.6(a), codified at 22 N.Y.C.R.R. § 1200.0; see also id. at 3.6(b) (enumerating specific extrajudicial statements which would violate Rule 3.6).[1] In general, "the appropriate remedy for any violation of Rule 3.6 is a disciplinary complaint, not a protective order." Munoz v. City of N.Y., No. 11-CV-402 (JMF), 2013 WL 1953180, at *1 (S.D.N.Y. May 10, 2013).

Certainly, the Court itself will not be swayed by any attorney's extrajudicial statements in its adjudication of motions and its oversight of discovery, and jury selection is far from imminent. This litigation has been ongoing for well over a decade, and after the passage of JASTA in 2016, complaints are just now being filed or amended against the Kingdom of Saudi Arabia and the Saudi High Commission for the Relief of Bosnia & Herzegovina. In the event that plaintiffs' claims survive the upcoming motion practice, they will face a complex and possibly protracted fact and expert discovery process. Whatever one may think of the April 7, 2017 *Politico* article cited by Saudi Arabia, it is difficult to imagine that *Ashton* counsel's

---

[1] New York's Rule 3.6(a) is substantially similar to the American Bar Association's Model Rules of Professional Conduct Rule 3.6(a).

2

extrajudicial statements to the press today would meet Rule 3.6(a)'s standard of having "a substantial likelihood of materially prejudicing an adjudicative proceeding," such as tainting a hypothetical jury pool years into the future.

Of course, as the case progresses, additional regulation of attorneys' conduct above and beyond the relevant standards of professional responsibility may be warranted. But now is not that time. Absent truly egregious or misleading conduct, the Court shall not police counsel's statements to the press at this time. At the same time, the Court directs all parties to utilize their discretion in complying with all relevant professional standards governing extrajudicial statements.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   April 24, 2017
         New York, New York