LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 801
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x102
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL TRADE

April 28, 2017

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   **In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)**

Dear Judge Netburn:

We write in reply to Mr. Kriendler's April 27, 2017, response letter to WAMY's April 24, 2017 Motion/Letter for sanctions against Mr. Kriendler for violation of the Protective Order of the Honorable Richard Conway Casey of October 3, 2006 [Docket No. 345], *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220 (S.D.N.Y. 2006). Mr. Kriendler's letter not only attempts to mislead this Court on the nature of his disclosure of WAMY's CONFIDENTIAL document but demonstrates either a deliberate disregard for or cavalier attitude toward the Protective Order as well.

First, if Mr. Kriendler's "needle in the haystack" was found in the public records he attached to his letter and if he would have told this to the reporter, the article would not have cited the WAMY document but rather these other sources. The article did not. The only attributed source in the article is the CONFIDENTIAL WAMY document.

Second, Mr. Kriendler deliberately ignores Judge Casey's protective order. The order sets forth a clear and detailed process by which a party can challenge the CONFIDENTIAL designation of a document. Mr. Kriendler never attempted to comply with the Order. Instead, he disclosed to the Politico reporter a CONFIDENTIAL document in violation of the Order. When held to account, he attempts to justify his violation by s*ua sponte* declaring the CONFIDENTIAL document improperly designated - something the Protective Order plainly prohibits. Mr. Kriendler ignores the objective of Judge Casey's Protective Order which states in part:

> Furthermore, the Court finds that the Defendants' Committee's general assertions of good cause based upon privacy and prejudice concerns are sufficient to warrant imposition of a limited protective order in this case. Most, if not all, of the numerous defendants to these consolidated actions are accused of either

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

committing the terrorist acts of September 11, 2001 or providing material support to those who did. Many of these same defendants will be asked to turn over a vast array of private and confidential information during discovery, much of which will have little or no bearing on the resolution of these actions but will be subject to widespread public scrutiny with prejudicial effects in the absence of a protective order. *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 223 (S.D.N.Y. 2006)

Protective Orders are meaningless if not enforced. Mr. Kreindler has violated the Protective Order and must be held accountable. As shown by his response, monetary damages are the only way to hold him accountable and make clear that there are no further violations.

Respectfully Submitted,

*/s/ Omar Mohammedi*

Omar Mohammedi, Esq.

*/s/Fredrick Goetz*

Frederick Goetz, Esq.

cc: Chambers of the Honorable George B. Daniels (via facsimile)
All MDL Counsel of Record (via ECF)