## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

May 3, 2017

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

On behalf of plaintiffs, the Plaintiffs' Executive Committees write to request that the Court impose additional sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure against defendant Wael Jelaidan for his repeated failures to comply with this Court's order to employ "diligent efforts to secure the necessary OFAC license to comply with the orders of this court" and to file periodic status reports regarding his efforts to meet his obligations to pay sanctions imposed by the Court (ECF No. 3380). Jelaidan's previous filing (ECF No. 3378) indicates that Jelaidan has made no effort in over a year to comply with the Court's order imposing sanctions, and he has now missed three deadlines to file periodic reports, the last deadline having passed on April 28, 2017.

In an order dated October 21, 2016 (ECF No. 3372) the Court recognized that, Jelaidan was not in compliance with the Court's March 9, 2016 order (ECF No. 3228) imposing monetary sanctions on Jelaidan and requiring Jelaidan to "inform this court of the actions they have taken to comply. . . ." *Id.* As of October 21, 2016, Jelaidan had neither paid the sanction nor provided the Court with the ordered update. As a result, the Court ordered Jelaidan to provide a status update as to his efforts to obtain an OFAC license by Friday, November 4, 2016 (ECF No 3372).

Although Jelaidan filed a document (ECF No. 3378) on October 28, 2016, purporting to comply with the deadline set by the October 21, 2016 order, the substance of the "report" simply confirmed that Jelaidan has made no effort to comply with the Court's March 9, 2016 order since sending a simple letter to OFAC in April 2016. In the full year that has followed, there is no record of *any* effort to follow up on that simple letter, even to confirm that it was received.

The Honorable Sarah Netburn
May 3, 2017
Page 2

_____

      In an order dated October 31, 2016 (ECF No 3380) the Court directed Jelaidan to employ "diligent efforts to secure the necessary OFAC license" and to file status updates every 60 days regarding his efforts. Based on the terms of the October 31 order, the first status report was due on December 27, 2016. Sixty days later was Saturday, February 25, 2017, making his second status report due on Monday, February 27, 2017. His third report was due sixty days later, on Friday, April 28, 2017. Jelaidan missed all three deadlines and there is no indication that Jelaidan has employed *any* effort to comply with the Court's order.

      Because Jelaidan has already been sanctioned for his failure to abide by his discovery obligations and his past and current conduct demonstrates his repeated willingness to refuse to abide by the Court's orders, Plaintiffs request that the Court impose additional sanctions as permitted under Rule 37(b)(2).

      Under the circumstances here, where Jelaidan can do nothing to meet the three court-imposed deadlines and prior experience indicates that any meet and confer to obtain relief from Jelaidan would be futile, plaintiffs have not met and conferred with counsel for Jelaidan and request relief from Rule 37(a)(1).

                                        Respectfully,

                                        /s/ Robert T. Haefele
                                        ROBERT T. HAEFELE
                                        *PLAINTIFFS' EXECUTIVE COMMITTEES*

cc:      The Honorable George B. Daniels, via ECF
           Martin McMahon, Esq., counsel for Wael Jelaidan, via ECF
           All Counsel of Record via ECF