UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD (SN)<br>ECF Case |

*This document relates to:*

BEAZLEY FURLONGE LTD. and　　　　　　　　　　Case No. 1:16-cv-07456
MANAGING AGENCY PARTNERS LTD.
　　　　Plaintiffs,

　　　　　　　　　　v.

KINGDOM OF SAUDI ARABIA,

　　　　Defendant.

## PLAINTIFFS' AMENDED COMPLAINT AND NOTICE TO CONFORM TO CONSOLIDATED AMENDED COMPLAINT

　　　　Plaintiffs, Beazley Furlonge Ltd. on behalf of the underwriting members of Lloyd's Syndicates 623 & 2623, and Managing Agency Partners Ltd. on behalf of the underwriting members of Lloyd's Syndicate 2791, hereby file this Amended Complaint removing its claims against previously named Defendants, and hereby provide notice of conforming its allegations against the newly named Defendant, the Kingdom of Saudi Arabia.

　　　　Plaintiffs in the previously filed case styled as *Beazley Furlonge Ltd. and Managing Agency Partners Ltd. v. Saudi Binladin Group et al.*, file this Notice to Conform to Lead Plaintiffs' Consolidated Amended Complaint ("CAC"), ECF 3463, as permitted and approved by the Court's Order of May 3, 2017, ECF No. 3543, but only as to the allegations and specified claims against the Kingdom of Saudi Arabia.

Upon the filing of this Amended Complaint and Notice to Conform, this Amended Complaint is deemed to include the factual allegations, jurisdictional allegations, and jury trial demand of the CAC, as well as all causes of action specified below.  The amendment affected through this Notice to Conform supplements by incorporation into, but does not displace this Amended Complaint.  The Notice to Conform relates solely to the Kingdom of Saudi Arabia and does not apply to any other defendant (all of which have removed by this Amended Complaint).

## VENUE

1. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district.  Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

2. Plaintiffs' case is part of the multi-district proceeding *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN), established by the Judicial Panel on Multi-District Litigation for coordinated or consolidated pre-trial proceedings in the United States District Court for the Southern District of New York.

## JURISDICTION

3. Jurisdiction, is as asserted in the CAC, and further, jurisdiction is premised upon and applicable to the Kingdom of Saudi Arabia pursuant to:

- 28 U.S.C. § 1605(a)(5) (non-commercial tort exception)
- 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act)

## CAUSES OF ACTION

4. Plaintiffs hereby adopt and incorporate herein by reference the following causes of action set forth in the CAC as if set forth fully herein:

- COUNT I – Aiding and Abetting and Conspiring with Al Qaeda to Commit the September 11th Attacks upon the United States in violation of 18 U.S.C. §2333(d) (JASTA).

- COUNT II – Aiding and Abetting and Conspiring with Al Qaeda to Commit the September 11th Attacks Upon the United States in Violation of 18 U.S.C. §2333(a).

- COUNT III – Committing Acts of International Terrorism In Violation of 18 U.S.C. §2333.

## IDENTIFICATION OF PLAINTIFFS

5. Plaintiff, Beazley Furlonge Ltd. is the managing agency responsible for the underwriting and management of Lloyd's Syndicates 623 & 2623, the annual composition of which includes underwriting members who are, or controlled/beneficially owned by, nationals of the United States ("Beazley"). At all times material, Beazley underwrote policies of insurance providing insurance to various insureds that are U.S. nationals.

6. Plaintiff, Managing Agency Partners Ltd is the Lloyd's managing agency responsible for the underwriting and management of Lloyd's Syndicate 2791, the annual composition of which includes underwriting members who are, or controlled/beneficially owned by, nationals of the United States ("MAP"). At all times material, MAP underwrote policies of insurance providing insurance to various insureds that are U.S. nationals.

7. At all times relevant hereto, Plaintiffs were engaged in the business of insurance. Pursuant to applicable policies of insurance, Plaintiffs and/or their predecessors in interest made payments in compensation for injuries suffered by nationals of the United States to their persons, properties and businesses by reason of the September 11th Attacks, and are thereby subrogated to the rights of recovery of those nationals of the United States.

8. The losses which are the subject of this action have not been the subject of a prior claim against the Kingdom of Saudi Arabia.

## PLAINTIFFS' DAMAGES

9. As a direct, proximate and foreseeable result of the Kingdom of Saudi Arabia's actions or inactions, Plaintiffs suffered damage as described below.

10. At the time of the September 11th Attacks, Beazley provided insurance coverage to multiple U.S. entities for the property located at the World Trade Center Complex in New York City, as well as the entities' corresponding business interests.

11. In accordance with the terms of the applicable insurance policies, Beazley made payments to its insureds in the aggregate amount of $33,920,404.00. A breakdown of the payments made to its insureds is as follows:

   a. Andersen Worldwide Societe Coop - $521,345

   b. Bell & Clements - $1,022

   c. Carlson Companies, Inc. - $324,602

   d. Gap, Inc. - $1,183.256

   e. Goldman Sachs - $3,199,325

   f. Hilton Hotels Corp. - $2,475

    g. Metro Insurance Services - $2,113

    h. Tribune Co. - $1,706,065

    i. World Trade Center Properties, LLC - $26,205,324

    j. Wyndham International, Inc. - $774,877

12. By virtue of the payments made by Beazley to its insureds, Beazley is subrogated to its insureds' rights of recovery against all responsible third parties, including the Defendant, the Kingdom of Saudi Arabia.

13. At the time of the September 11th Attacks, MAP provided insurance coverage to multiple U.S. entities for the property located at the World Trade Center Complex in New York City, as well as the entities' corresponding business interests.

14. In accordance with the terms of the applicable insurance policies, MAP made payments to its insureds in the aggregate amount of $70,112,483.16. A breakdown of the payments made to its insureds is as follows:

    a. Citigroup, Inc. - $1,453,305.32

    b. Verizon Communications, Inc. - $19,537,250.00

    c. Silverstein Properties, Inc.; Silverstein WTC Management Co., LLC; 1 World Trade Center LLC; 2 World Trade Center LLC; 4 World Trade Center LLC; 5 World Trade Center LLC; Westfield, Inc.; and World Trade Center Properties, LLC - $49,121,927.84

15. By virtue of its payments made by MAP to its insureds, MAP is subrogated to its insureds' rights of recovery against all responsible third parties, including the Defendant, the Kingdom of Saudi Arabia.

## IDENTIFICATION OF DEFENDANT

16. The Kindgom of Saudi Arabia is a defendant herein and is the only defendant against whom Plaintiffs now make claim.

Plaintiffs' constituent case shall be deemed subject to any motion to dismiss the CAC or Answer to the CAC filed by the Kingdom of Saudi Arabia. By way of filing this Notice to Conform, Plaintiffs shall not be deemed to have adopted any class-action allegations set forth in the CAC, nor waived any right to object to class certification or opt our of any certified class. This Notice also does not serve as a request for exclusion from any class that the Court may certify.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant, Kingdom of Saudi Arabia as set forth in the CAC, as appropriate.

Dated this 4th of May 2017.

Respectfully submitted,

/s/ Scott S. Katz
_____
Scott S. Katz, Esq.
Scott J. Frank, Esq.
Jessica M. Skarin, Esq.
Butler Weihmuller Katz Craig LLP
400 N. Ashley Drive, #2300
Tampa, Florida  33602
Telephone: 813-281-1900
Fascimile: 813-281-0900
*(admitted Pro Hac Vice)*