UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD)(FM) |

This document relates to:

*Thomas E. Burnett, Sr., et al. v. Islamic Republic of Iran,* Case No. 1:15-cv-9903 (GBD)(SN) (S.D.N.Y.)

### *BURNETT* PLAINTIFFS' MEMORANDUM ADDRESSING "FUNCTIONAL EQUIVALENT" SOLATIUM CLAIMS

Plaintiffs respectfully submit this memorandum to address issues raised in the Court's March 9, 2017 Order (ECF No. 3458) and the Court's October 14, 2016 Report and Recommendation (ECF No. 3363). On January 31, 2017, Judge Daniels entered an Order of Judgment on liability in favor of the *Burnett* Plaintiffs against The Islamic Republic of Iran, The Islamic Revolutionary Guard, and the Central Bank of the Islamic Republic of Iran. *See* ECF No. 3443. Since the entry of the liability judgment, and in light of the Court's January 25, 2017 Order addressing the due-diligence safeguards to be imposed on any future motions for final judgment addressing damages, the *Burnett* Plaintiffs will be submitting their motions for final judgment as to Iran. Therefore, the *Burnett* Plaintiffs submit this memorandum to address general and neutral principles to be applied to cases seeking solatium damages for non-immediate family members who are otherwise "functional equivalents" to immediate family members and to address how their approach may differ from the Court's October 14, 2016 Report and Recommendation.

The *Burnett* Plaintiffs include the following rough numbers of what have been referred to as "functional equivalent" solatium claimants for whom this issue is relevant:

- 43 fiancés (including some fiancés and some fiancées, some of whom are also Personal Representatives of the estates of their loved ones);

- 16 domestic partners (some of whom are also Personal Representatives of the estates of their loved ones); and

- One stepchild.

The Foreign Sovereign Immunities Act ("FSIA") authorizes the award of damages in the form of "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). Solatium is defined as compensation "for hurt feelings or grief." Black's Law Dictionary 1397 (7th Ed. 1999). "In the context of FSIA cases, this Court has recognized the claim of solatium as recoverable under federal common law and 'indistinguishable' from the claim of intentional infliction of emotional distress." *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n. 5 (D.D.C. 2002), citing *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135, n. 11 (D.D.C. 2001). As this Court wrote, "[a]lthough such cases arise under a federal cause of action, 28 U.S.C. § 1605A(c), the common law of intentional infliction of emotional distress governs questions of who is entitled to recover damages." ECF No. 3363 at 2.

The *Burnett* Plaintiffs concur with the Court's determination that the *Restatement (Second) of Torts* §46 is applicable to these cases defining Outrageous Conduct Causing Severe Emotional Distress as follows:

> (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to other results from it, for such bodily harm.
>
> (2) Where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress
>
>> (a) to a member of such person's immediate family who is present at the time, whether or not such distress results in bodily harm, or
>>
>> (b) to any other person who is present at the time, if such distress results in bodily harm.

*Restatement (Second) of Torts* §46 (1965); *see also* ECF No. 3363 at 3; *Bettis v. Islamic Republic of Iran*, 315 F.3d 325, 333 (D.C. Cir. 2003).

The *Burnett* Plaintiffs also concur in this Court's determination that "the 'physical presence' requirement has been almost universally waived for solatium claims arising in under the FSIA's terrorism provisions. This is so because '[c]ourts have uniformly held that a terrorist attack – by its nature – is directed not only at the victims but also at the victims' families.'" ECF No. 3363 at 3, citing *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005); *Jenco v. Islamic Republic of Iran*, 154 F. Supp. 2d 27, 35 (D.D.C. 2001). This determination in the terrorism context has received extensive support specifically within the D.C. Circuit.

Similarly, this Court and others have recognized in rare circumstances there may be exceptions made to the "immediate family"[1] requirement to include "functional equivalents of immediate family members" to recover for solatium damages. *Id*. at *280; *Bettis,* 315 F.3d at 337; *Surette*, 231 F. Supp. 2d at 270; *Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 236 (S.D.N.Y. 2003). In theory, the *Burnett* Plaintiffs also concur with the Court's recommendation of the factors to be applied to determine whether an individual qualifies as a "functional equivalent" of an immediate family member.

Having reviewed the Court's October 14, 2016 Report and Recommendation on how to address the situation of such non-immediate family members whose solatium claims are allegedly functionally equivalent to an immediate family member's claim, the *Burnett* Plaintiffs assert that there remains ambiguity regarding how to address claims by fiancés and domestic partners as the criteria appear to be potentially subjective. As the Court wrote, "[i]n determining which partners qualify as being functionally equivalent to a spouse, the Court has considered the duration of the relationship, the degree of mutual financial dependence and investments in a

---

[1] As the Court noted, "immediate family" has generally been interpreted to include only parents, children, siblings, and spouses. *See* ECF No. 3363 at 4; *Jenco v. Islamic Republic of Iran*, 154 F. Supp.2d 27, 36 (D.D.C. 2001).

common life together, the duration of cohabitation and the presence or absence of a formal engagement as important factors." ECF No. 3363 at 14-15. Specifically as to fiancés, the *Burnett* Plaintiffs respectfully submit that the important criteria set forth above does not appear to take into consideration the situation where individuals have not cohabitated prior to marriage despite being engaged—whether for personal or religious reasons unrelated to the closeness of the relationship. This is especially true in situations where individuals were engaged and on the brink of marriage only to have their hopes and dreams of a life together dashed by the tragic and horrific events of September 11, 2001.

By the same token, the Court recommended a spousal award for a claimant who had been in a long-time, cohabitating same-sex relationship with the decedent, had registered with the State of California as domestic partners, was named as the decedent's life insurance beneficiary, and was named personal representative of the decedent's estate. As the Court noted, "the nature of their relationship and their immediate actions to give legal effect to their partnership via California's then-existing legislation make it overwhelmingly likely that Mr. Bradkowski and Mr. Collman would have been married had the state of the law been different at the time." ECF No. 3363 at 21. To the extent that same-sex couples cannot check all of the boxes checks by Mr. Bradkowski should not deprive them of functional equivalent treatment as the spouse of the decedent where they meet the other criteria set forth by the Court—"the duration of the relationship, the degree of mutual financial dependence and investments in a common life together, [and] the duration of cohabitation…." *Id.* at 14-15. The additional criteria of "presence or absence of a formal engagement" should not be a factor for same-sex couples where *Obergefell v. Hodges*, 135 S. Ct. 2584 (2015), was still 14 years away, and most states had not adopted any form of marriage, civil union, or domestic partner legislation for same-sex couples. It is on this basis that the determination of solatium damages in the cases of fiancés and domestic

4

partners is necessarily fact-driven and requires a case-by-case determination based on the facts that are inherent in each relationship.

When looking at the important factors set forth by the Court in addressing the "functional equivalence" scenario, the Court first looked at "long-term residence or co-habitation in the decedent's household." ECF No. 3363 at 10. This initial factor would appear to relate to stepparents or stepsiblings or to the situation of a domestic partner or fiancé who cohabitated with a decedent for a long period of time. The applicability of this factor, however, to a fiancé could not necessarily be dispositive as many loving engaged couples will refuse to cohabitate out of personal, religious, or moral convictions prior to marriage. To limit recovery only to those fiancés who cohabitated with their loved one would be to discount those personal, religious, or moral convictions.

The second factor addressed by the Court is "whether, in addition to cohabitation, the non-immediate family member ever played a guardian or custodian-like role in the decedent's life (or, vice versa, whether the decedent played such a role in the life of the family member)." ECF No. 3363 at 11. The *Burnett* Plaintiffs do not quibble with this factor in the Court's analysis as it pertains to stepparents or stepchildren. The applicability in other "functional equivalent" situations such as those of a fiancé or domestic partner is unclear.

"The third factor in determining the 'functional equivalence' of a non-immediate family member in the parent or child role is whether the biological family member in question was absent in the family life." ECF No. 3363 at 12. Again, as this pertains to stepparents and stepchildren, the *Burnett* Plaintiffs believe this is a reasonable factor to take into consideration.

The only caveat to the Court's analysis of claims by "aunts, uncles, nieces, nephews, and cousins" would potentially be a situation where this relative—much like in the situation addressed for stepparents, stepchildren, and stepsiblings—strictly met the criteria of the factors set forth by the Court rather than a requirement of adoption "in all but name." To the extent that

5

someone falling within this class of claimants was taken into the home of the decedent and cared for in the same manner as a biological child and whose biological parents were not present in the child's life, then it would be difficult to differentiate between this claimant (whether a niece, nephew, or cousin) and a biological child notwithstanding whether or not the claimant was ever formally adopted by the decedent.

The treatment afforded by the Court to stepparents, stepchildren, and stepsiblings treads the fine line between awarding damages and not awarding damages and strikes an appropriate balance in that regard. Therefore, the *Burnett* Plaintiffs have no objection to the Court's balancing test for awards of damages in this context.2

However, as stated above, the factors taken into consideration for fiancés and domestic partners do not appear entirely adequate for all scenarios especially in light of the Court's recognition of "Congress's clear intent to allow victims' loved ones to recover damages from state sponsors of terrorism and the odious nature of the acts involved, courts considering terrorism claims under the FSIA's federal private cause of action have generally adopted generous interpretations of tort law." ECF No. 3363 at 14. While stretching the bounds of tort law to encompass solatium claims of fiancés and domestic partners, the *Burnett* Plaintiffs would caution the Court against discounting the familial relationship of an engaged couple that has not had a long history of cohabitation as this would also discount the case-by-case reasons for this lack of cohabitation perhaps to those claimants' detriment. The same would be true of the same-sex domestic partners who were unable to get married for reasons beyond their control.

For the foregoing reasons, the *Burnett* Plaintiffs respectfully submit that the Court should view each claim for solatium damages for non-immediate family members on a case-by-case

---

2 From a practical perspective, Plaintiffs suggest for the non-immediate family members where the facts demonstrate a functional equivalence that the Plaintiffs will submit affidavit evidence on a case-by-case basis for the Court's determination.

6

basis based on affidavit evidence to determine whether the claims support a finding of functional equivalence justifying the entry of a final order awarding damages. This approach should respectfully take into account the specific caveats set forth regarding fiancés and domestic partners above.

Dated:  May 5, 2017                                           Respectfully submitted,

                                                                                    __/S/_Jodi Westbrook Flowers_____
                                                                                    Jodi Westbrook Flowers, Esq. (SC 66300)
                                                                                    Donald A. Migliori, Esq. (NY 4726790; SC 101549; RI 4936; MA 567562; MN 0245951)
                                                                                    Michael E. Elsner, Esq. (NY 4067310; SC 72893; VA 41424)
                                                                                    Robert T. Haefele, Esq. (NY 845666; SC 75266, DC 1007583, NJ 58293, PA 57937)
                                                                                    John M. Eubanks, Esq. (SC 79816; MD [no bar numbers assigned])
                                                                                    MOTLEY RICE LLC
                                                                                    28 Bridgeside Boulevard
                                                                                    Mount Pleasant, South Carolina 29464
                                                                                    Telephone:  (843) 216-9000

                                                                                    *Attorneys for the* Burnett *Plaintiffs*