## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

May 5, 2017

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007


     Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

        We write in opposition to the Motion to Withdraw as Attorney of Record (ECF No. 3534) filed by the law firm Bernabei & Kabat, PLLC.  As discussed below, Bernabei & Kabat has not complied with its disclosure obligations under Local Rule 1.4 and established case law in this Circuit to justify withdrawal.  These disclosure obligations are particularly important here where many defendants in this litigation, including others represented by Bernabei & Kabat, have forced the Court and Plaintiffs to spend considerable time and resources attempting to resolve discovery disputes, only to have these defendants disappear from the litigation once sanctions are issued.  Accordingly, before Your Honor considers counsel's motion, Plaintiffs respectfully request that Bernabei & Kabat be directed to supplement its papers with additional pertinent information.

        District courts have wide discretion in deciding whether to grant a motion for an attorney's withdrawal.  *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *Koon Chun King Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co.*, 07-cv-2568, 2009 U.S. Dist. LEXIS 17694, at *7 (E.D.N.Y. Mar. 9, 2009).  Local Rule 1.4 in turn provides: "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar . . . ."

The Honorable Sarah Netburn
May 5, 2017
Page 2

   The Model Code of Professional Responsibility ("Model Code") provides guidance as to when a court may grant a motion for withdrawal of counsel. *See Whiting*, 187 F.3d at 321. Under the Model Code, moving to withdraw is mandatory where "(1) The representation will result in violation of the Rules of Professional Conduct or other law; (2) The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or (3) The lawyer is discharged." Model Code, § 1.16(a); *see also* N.Y. Rules of Professional Conduct ("N.Y. Rules"), Rule 1.16(b).[1] Withdrawal under the Code is permissive where:  (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists. Model Code, § 1.16(b); *see also* N.Y. Rules, Rule 1.16(c).

   Further, a court may establish conditions before permitting withdrawal and must receive a sufficiently cogent reason for withdrawal before granting the request. *See Kun Fung*, 2009 U.S. Dist. LEXIS 17694, at *7 (collecting cases for proposition that district court can impose conditions on withdrawal); *Monteleone v. Leverage Group*, 08-cv-1986, 2009 U.S. Dist. LEXIS 27359, at *4 (E.D.N.Y. Apr. 1, 2009) (same); *see also Whiting*, 187 F.3d at 321 (reason for withdrawal must be stated with "sufficient particularity"); *Rophaiel v. Alken Murray Corp.*, 94-cv-9064, 1996 U.S. Dist. LEXIS 7796, at *2-6 (S.D.N.Y. June 6, 1996) (denying counsel's motion to withdraw based solely on the nonpayment of fees when explanation for withdrawal was not made with sufficient particularity) (decided under prior version of Local Rules); *Calletti v. Qianyu*, 14-cv-5358, 2016 U.S. Dist. LEXIS 73913, at *12 (E.D.N.Y. June 7, 2016) (denying motion to withdraw that "was devoid of any explanation"). Further, the reason for withdrawal must generally be reduced to an affidavit. *See* Local Rule 1.4 ("Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement"); *Rophaiel*, 1996 U.S. Dist. LEXIS 7796, at *2 ("an order of withdrawal may be granted only upon showing by affidavit of satisfactory reasons for withdrawal") (internal quotations omitted).

   *Whiting*, a Second Circuit decision, is particularly instructive. There, counsel moved to withdraw for (among other reasons) non-payment of fees, which the district court denied. The Second Circuit stated it "would be prepared to affirm if the papers alone were our only guide." *Whiting*, 187 F.3d at 321. However, at oral argument on appeal, the court was able to obtain additional information from counsel and the client about the nature of their relationship, and based on that testimony concluded that counsel should be permitted to withdraw.

---

[1] Rule 1.16 of the D.C. Rules of Professional Conduct contains substantially similar language. *See* D.C. Rules of Professional Conduct, Rule 1.16.

The Honorable Sarah Netburn
May 5, 2017
Page 3

Here, counsel for Sedaghaty filed no affidavit explaining the basis for the withdrawal. The motion itself does not contain a specific reason for withdrawal, citing simply "professional considerations." Counsel for Sedaghaty must provide additional information to the Court and to Plaintiffs if they are to be permitted to withdraw, especially given the timing of the withdrawal, right after Plaintiffs expended substantial resources to address Sedaghaty's discovery violations and right after he filed for bankruptcy.

Specifically, counsel should explain why professional considerations only now warrant withdrawal, what specific professional considerations require or permit withdrawal, why their withdrawal coincided with their client's bankruptcy filing, how and why they allowed Sedaghaty to build up $40K in unpaid legal bills as set forth in the schedule accompanying the bankruptcy petition (*see* attached Exhibit A, Schedule F, at p. 5), who has been paying their fees until this moment, whether that agreement has terminated or otherwise changed, and whether there was any sort of indemnity agreement regarding the legal fees and substantive obligations Sedaghaty incurred in connection with this litigation.

This is not the first time that defendants in this litigation, including several represented by Bernabei & Kabat, have failed to comply with discovery obligations, forcing Plaintiffs to expend considerable resources and time seeking compliance and obtaining a sanctions award, only to find out that the defendant was insolvent or could not be found. For example, when Al Haramain-USA, another client of Bernabei & Kabat, failed to comply with discovery obligations, lengthy court proceedings ensued resulting in imposition of sanctions against that defendant. When sanctions were about to be levied, "Al Haramain (USA) informed Magistrate Judge Maas that it was in the process of dissolving itself and would no longer defend against this action." Default Judgment as to Al-Haramain-USA, dated August 4, 2016 (ECF No. 3325); *see also* Notice of Dissolution, dated July 20, 2016 (ECF No. 3319). Similarly, although Al-Haramain's Saudi headquarters appeared separately in the litigation, it also refused to comply with its discovery obligations, turned over no documents despite an order to do so, defaulted, and disappeared. *See* Memorandum Decision and Report and Recommendation, dated October 28, 2013 (ECF No. 2789); Default Judgment as to Al-Haramain-Saudi Arabia, dated April 25, 2014 (ECF No. 2853).[2] Further, Rabita Trust, which appeared through its counsel, Martin McMahon, engaged in similarly obstructionist tactics, failed to comply with its discovery obligations, was the subject of several discovery motions, until information was presented to the Court indicating that it had been dissolved and had no representative with authority to direct litigation on its behalf. At that point, the Court entered a default judgment against Rabita Trust, but by then Plaintiffs had already spent considerable time and expense in seeking to obtain discovery from a

---

[2] Other key defendants Aqeel al Aqeel (head of al-Haramain), Sulaiman al Ali (International Islamic Relief Organization executive committee member), and Adel Batterjee (key roles in World Assembly of Muslim Youth and Benevolence International Foundation) simply disappeared from the litigation after Plaintiffs appealed their dismissal to the Second Circuit. *See* Appellants Consolidated Reply Brief with Respect to Personal Jurisdiction, Case No. 11-cv-3294, dated June 25, 2012, at pp. 92-96 (ECF No. 581) (noting that these defendants "chose not to appear in this appeal"). Of note, Bernabei & Kabat filed these Defendants' motions to dismiss. *See* Defendants' Motions to Dismiss, dated April 9-10, 2004 (ECF Nos. 101, 103, 109) (filed by Alan Kabat).

The Honorable Sarah Netburn
May 5, 2017
Page 4

defendant that, it turned out, did not really exist at the time.  *See* Memorandum Decision and
Report and Recommendation, dated October 28, 2013 (ECF No. 2789); Default Judgment as to
Rabita Trust, dated April 25, 2014 (ECF No. 2853).  Sanabel, another defendant that was initially
represented by Mr. McMahon and then later by another lawyer, engaged in similar discovery
obstruction.  After lengthy proceedings to chase Sanabel, the defendant's lawyer told the Court
that he had "exhausted all avenues of attempted communication with his client . . . without
success and was not able to provide a further [r]esponse . . . to the Court's Order."  *See*
Memorandum Opinion and Order, dated July 13, 2016 (ECF No. 3311) (internal quotation marks
omitted).  Ultimately, the defendant requested and the Court agreed to enter default against
Sanabel.  *Id*.

        Logically, if these defendants were insolvent, they would have filed for
bankruptcy protection a long time ago instead of expending resources on counsel, and counsel
would have informed the Court long ago that they were not being paid.  The fact that these
defendants and their counsel did neither until after Plaintiffs expended significant resources
engaged in discovery disputes, warrants further explanation to this Court before it allows counsel
for Sedaghaty, one of whom is the co-chair of the Defendants' Executive Committee, to
withdraw.

        Accordingly, before Your Honor considers counsel's motion, Plaintiffs
respectfully request that Bernabei & Kabat be ordered to supplement its papers with an affidavit
containing additional pertinent information, including (1) why professional considerations only
now warrant withdrawal, (2) what specific professional considerations require or permit
withdrawal, (3) why its withdrawal coincided with its client's bankruptcy filing, (4) how and
why it allowed Sedaghaty to build up $40K in unpaid legal bills, (5) who has been paying its fees
until this moment, (6) whether that agreement has terminated or otherwise changed, and (7)
whether there was any sort of indemnity agreement, oral or written, regarding the legal fees and
substantive obligations Sedaghaty incurred in connection with this litigation.

                        Respectfully submitted,


                        /s/ Jerry S. Goldman
                        Jerry S. Goldman, Esq.
                        THE MDL 1570 PLAINTIFFS' EXECUTIVE
                        COMMITTEES


Enclosure
cc:     The Honorable George B. Daniels (via ECF)
        03-MDL-1570 Counsel of Record (via ECF)

4