# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

May 8, 2017

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      In accordance with the Court's directive during the May 1, 2017 telephone conference, the Plaintiffs' Executive Committees write to submit their revised proposal for coordination of proceedings as to non-sovereign defendants named in newly filed actions.

      The initial complaints in seven of the newly filed actions included claims against non-sovereign defendants: *Underwriting Members of Lloyd's Synidcate 2, et al. v. Al Rajhi Bank, et al.* (*Lloyd's I*); *Beazley Furlonge, Ltd. v. Saudi Binladin Group (Beazley)*; *Addesso v. Kingdom of Saudi Arabia (Addesso)*; *Aguilar v. Kingdom of Saudi Arabia (Aguilar)*; *Aiken v. Kingdom of Saudi Arabia (Aiken)*; *Hodges v. Kingdom of Saudi Arabia (Hodges);* and *Charter Oak Fire Ins. Co., et al. v. Al Rajhi Bank, et al. (Charter Oak)*.   For the Court's convenience, the chart included as Exhibit A hereto identifies the non-sovereign defendants named in the original complaints in each of those cases, and counsel of record in each of those actions.

      During discussions over the last week concerning the coordination of further proceedings as to the non-sovereign defendants, the Plaintiffs' Executive Committees learned that the plaintiffs in several of the newly filed actions intended to refine the focus of their suits, and narrow the scope of their claims against non-sovereign defendants.

      To that end, the *Beazley* plaintiffs filed an amended complaint last week, adding the Kingdom of Saudi Arabia as a defendant and dismissing the claims against the non-sovereign

defendants named in their original complaint. As a result, there are no longer any pending claims against non-sovereign parties in the *Beazley* action.

The plaintiffs in the *Adesso, Aguilar, Hodges* and *Aiken* cases have, in turn, advised that they also intend to narrow the scope of claims against non-sovereign defendants in their actions. In particular, they intend to file notices pursuant to Rule 41 dismissing without prejudice their claims against Mohamed Binladin Company, Mohamed Binladin Organization, Prince Mohamed Bin Faisal Al Saud, Yasin Kadi, Muslim World League, International Islamic Relief Organization, World Assembly of Muslim Youth, Al Haramain Islamic Foundation, Dubai Islamic Bank, and Dallah Avco Trans Arabia.

Following those dismissals, there will be three remaining non-sovereign defendants in the *Adesso, Aguilar, Hodges* and *Aiken* cases: National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group. As to National Commercial Bank, Al Rajhi Bank and Saudi Binladin Group, the *Adesso, Aguilar, Hodges* and *Aiken* plaintiffs have indicated that they intend to adopt the jurisdictional, liability, and factual allegations presented in the Amended Complaint to be filed in the *Lloyd's I* case, in which those same three non-sovereigns, and no others, are defendants.

The plaintiffs in the *Charter Oak* case, which was filed just a few weeks ago, have indicated that they also expect to narrow of the scope of claims against non-sovereign defendants in their action, but due to the recency of the filing of their suit and joinder in the MDL, have not completed deliberations on that front. However, they have advised that they intend to maintain their claims against National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group, and also will adopt the jurisdictional, liability, and factual allegations presented in the Amended Complaint to be filed in the *Lloyd's I* action as to those defendants. (The *Charter Oak* plaintiffs have advised that they will conclude their deliberations as to the maintenance of claims against any other non-sovereign defendants as soon as possible, and will apprise the parties and Court of their intentions in that regard as soon as they are able).

Based on these recent developments, claims will be proceeding as to three common non-sovereign defendants (National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group) in the newly filed cases. Those are the only non-sovereigns named in the *Lloyd's I* complaint, and with the upcoming filing of notices of dismissal in the *Addesso, Aguilar, Hodges* and *Aiken* cases, will be the only non-sovereign defendants in those actions as well. It is also anticipated that the *Charter Oak* plaintiffs will be narrowing the universe of non-sovereign defendants in their suit. The plaintiffs in all of those cases have agreed to adopt common jurisdictional, factual, and liability allegations as to the three common non-sovereign defendants, thus allowing for consolidated briefing on the anticipated motions to dismiss of those defendants.

Procedurally, the Plaintiffs' Executive Committees believe a stipulation would represent the most efficient device for the plaintiffs in the additional actions to effectuate the adoption of the jurisdictional, liability, and factual allegations presented in the Amended Complaint to be filed in the *Lloyd's I* action as to National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group. A draft stipulation to that effect is included as Exhibit B hereto.

Hon. Sarah Netburn
April 5, 2017
Page 3

_____

      Consistent with the foregoing, the Plaintiffs' Executive Committees submit the following proposal for coordinating further proceedings in the newly filed actions as to the common non-sovereign defendants (National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group):

      1.    National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group agree to accept service of the complaints in all of the above-referenced actions, without waiver of any jurisdictional or merits defenses or objections to the claims in those actions. For avoidance of doubt, a defendant's acceptance of service or waiver of service will have no impact on the defendant's right to argue that the court lacks personal jurisdiction over it.

      2.    Plaintiffs in the *Lloyd's I* action will file their amended complaint as to National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group on or before May 19, 2017. On that same day, plaintiffs in the *Adesso, Aguilar, Hodges, Aiken* and *Charter Oak* cases will file stipulations adopting the jurisdictional, liability, and factual allegations presented in the Amended Complaint to be filed in the *Lloyd's I* action as to National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group.

      3.    NCB, ARB and SBG each will file a consolidated motion to dismiss all of the referenced actions on or before August 21, 2017. Each defendant's memorandum in support of its consolidated motion to dismiss shall not exceed 45 pages in length, exclusive of exhibits.

      4.    Following the filing of the motions to dismiss, the parties will promptly confer concerning an appropriate schedule for filing of plaintiffs' consolidated oppositions to each of the consolidated motions to dismiss, and defendants' consolidated replies, each of which shall not exceed 45 pages and 20 pages in length, respectively, exclusive of exhibits.

      A proposed order relating to the terms of acceptance of service is included as Exhibit C hereto.

      The Plaintiffs' Executive Committees' respectfully submit that the proposal outlined above will ensure efficient and consolidated proceedings as to the common non-sovereign defendants, and also ensure that there is only one operative complaint in each of the referenced cases.

      The Plaintiffs' Executive Committees thank the Court for its consideration of this proposal, and are available to discuss it at the Court's convenience.

Respectfully submitted,

COZEN O'CONNOR


/s/ Sean P. Carter
Sean P. Carter, Co-Chair

Hon. Sarah Netburn
April 5, 2017
Page 4

_____

Enclosures

cc:     The Honorable George B. Daniels (via ECF and Federal Express)
        All MDL Counsel of Record (via ECF)

LEGAL\29965303\1