**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                                    )
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001    ) No. 03 MDL 1570 (GBD/SN)
                                                    )        ECF Case
_____    )


### Reply Brief in Support of Motion to Withdraw as Attorney of Record

Undersigned counsel for defendant Perouz Sedaghaty hereby respectfully submit their

Reply Brief in Support of their Motion to Withdraw as Attorney of Record for him, pursuant to

Local Civil Rule 1.4.  Plaintiffs' Opposition (ECF 3550) (May 5, 2017), makes two arguments,

neither of which justifies denial of the Motion.

First, plaintiffs argue that counsel should have provided more information about both the

specific reasons for the withdrawal and Mr. Sedaghaty's payment history.  However, the ethics

opinions are clear that such information cannot be disclosed, since a "noisy withdrawal" would

violate counsel's obligations of confidentiality to the client under Rule 1.6 of the Rules of

Professional Conduct.  *See* ABA Formal Opinion 476 (Dec. 19, 2016); N.Y. State Bar Ass'n

Comm. on Prof'l Ethics, Advisory Op. 1057, 2015 WL 4592234 (June 5, 2015).[1]  The ABA

Formal Opinion makes clear that a noisy withdrawal – as plaintiffs demand here – is improper:

> The court may request an explanation for the withdrawal, while the lawyer may
> be bound to keep confidential the facts that would constitute such an explanation.
> The lawyer's statement that professional considerations require termination of the
> representation ordinarily should be accepted as sufficient.  Lawyers should be
> mindful of their obligations to both clients and the court under Rule 1.6 and 3.3.

*See* ABA Formal Op., at 4 (quoting comment 3 to Rule 1.16).

---

[1] The ABA Formal Opinion is online at:
http://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/aba_formal_opinion_476.pdf.
The New York State Bar Association Opinion is online at:
http://www.nysba.org/CustomTemplates/Content.aspx?id=57384 (viewed May 8, 2017).

If this Court requires additional information, then undersigned counsel can provide it

through an *in camera* submission:

> But while *in camera* submissions are a useful tool, a lawyer's disclosure of client
> information *in camera* is itself a form of "revealing" under Rule 1.6.  It is
> therefore generally not sufficient under Rule 1.6 for a lawyer to proceed in the
> first instance by providing confidential information *in camera*, without first
> attempting to file a withdrawal motion with a formulaic reference to "professional
> considerations" or a similar term as the grounds for the motion, as suggested in
> Comment [3] to Rule 1.16.  At that point the trial court might grant the motion
> without further inquiry; it might state that a motion will be denied absent further
> information; it might request further information; or it may order the lawyer to
> provide further information.
>
> Thus, in order to comply with Rule 1.6, a lawyer who has a good faith basis for
> withdrawal under Rule 1.16(b)(5) and/or 1.16(b)(6), and who complies with the
> applicable procedural prerequisites of the court for such motions, could: (1)
> initially submit a motion providing no confidential client information apart from a
> reference to "professional considerations" or the like; (2) upon being informed by
> the court that further information is necessary, respond, when practicable, by
> seeking to persuade the court to rule on the motion without requiring the
> disclosure of confidential client information, asserting all non-frivolous claims of
> confidentiality and privilege; and if that fails; (3) thereupon under Rule 1.6(b)(5)
> submit only such information as is reasonably necessary to satisfy the needs of the
> court and preferably by whatever restricted means of submission, such as *in
> camera* review under seal, or such other procedures designated to minimize
> disclosure as the court determines is appropriate.

*Id.* at 8-9; *accord* N.Y. State Bar Ethics Op. 1057, at ¶ 14 ("Where withdrawal may be

accomplished simply on the basis of counsel's statement that professional considerations require

it, no more should be disclosed.").

Therefore, if this Court requires additional information about counsel's representation of

Mr. Sedaghaty, then counsel can only provide it through an *in camera* submission.

Second, plaintiffs complain that Mr. Sedaghaty is one of several defendants who have become insolvent during the course of this litigation, along with listing yet other defendants who plaintiffs believe have disappeared.  However, this is a problem entirely of plaintiffs' own making, since they devoted their resources to pursuing defendants who would be unable to satisfy a judgment, or defendants who are otherwise judgment-proof.  Indeed, Judge Maas recognized this when he noted that "the Al Haramain well has run dry," after plaintiffs complained about the payments and the dissolution that OFAC had ordered to take place, so that there would be no further recovery from that defendant.  *See* Order, at 1 (ECF No. 3330) (Aug. 16, 2016); *see also* Tr. of Discovery Conference on July 8, 2016, at 27 (ECF No. 3320) (July 25, 2016) ("it does sound like Al Haramain is pretty much done").[2]

Here, plaintiffs knew all along that both Al Haramain (USA) and Mr. Sedaghaty had limited assets:  (1) plaintiffs cited Al Haramain's tax returns in their complaints that they filed in 2002 and 2003 (those tax returns for 1999, 2000, and 2001 show assets and revenues of well under $1 million, with expenses exceeding income by 2001); (2) plaintiffs received Al Haramain's bank statements in discovery in 2004, which showed quite low balances as of 2002; and (3) plaintiffs knew from the docket in the criminal prosecution that Mr. Sedaghaty had obtained court-appointed counsel under the CJA in 2007, confirming his indigency. Nonetheless, Mr. Sedaghaty was seeking to clear his name in this litigation, much as he was able to do through the reversal by the Court of Appeals of his criminal prosecution, which resulted in the government dismissing the indictment.

---

[2] Plaintiffs' assertion that Al Haramain (USA) dissolved itself is incorrect, as plaintiffs know.  It was the Office of Foreign Assets and Control, U.S. Department of the Treasury (OFAC) that ordered the dissolution of Al Haramain (USA) as part of its delisting, but undersigned counsel convinced OFAC to postpone the dissolution pending resolution of the sanctions motion.  It was only for that reason that Al Haramain's assets were available to satisfy the sanctions order.  *See also* Rule 17 Notice of Dissolution, at 1-2 (ECF No. 3319) (July 20, 2016); Tr., at 20-21 (ECF No. 3320) (July 25, 2016).

In contrast, Judge Maas correctly recognized that the plaintiffs were pursuing the "deep-pocket defendants" in this litigation. *See In re Terrorist Attacks*, 2015 WL 6666703, at *7 (ECF No. 3087) (S.D.N.Y. Oct. 28, 2015) ("the actions comprising this MDL have been brought on a contingency fee basis in the hope that some deep-pocket defendants – such as banks, state actors, or large charitable organizations – will eventually be found liable"); *In re Terrorist Attacks*, 2013 WL 5788307, at *1 (ECF No. 2789) (S.D.N.Y. Oct. 28, 2013) ("Over the years, many foreign banks and other potentially deep-pocket defendants have been dismissed, leaving as defendants, mostly, charities and relief organizations that are alleged to have funneled millions of dollars into al Qaeda and related terrorist groups."); *In re Terrorist Attacks*, 689 F. Supp. 2d 552, 556 (S.D.N.Y. 2010) (ECF No. 2218) ("The defendants named in the Plaintiffs' complaints include not just alleged terrorists, but also certain potentially deep pockets, such as foreign banks, Islamic charities and wealthy Saudi citizens.").

Thus, for plaintiffs to complain that some defendants became insolvent during the course of this litigation or had disappeared is a problem of plaintiffs' own making – they chose to pursue Mr. Sedaghaty (and Al Haramain USA) even after knowing that neither defendant was in a position to satisfy any judgment, let alone cover the costs of continued litigation. Plaintiffs could have dismissed those defendants instead of pursuing uncollectable judgments or awards.

## Conclusion

For the foregoing reasons, and those set forth in the Motion to Withdraw (to which Mr. Sedaghaty has consented), this Court should grant the Motion to Withdraw. As this litigation is automatically stayed with respect to Mr. Sedaghaty, pursuant to the provisions of 11 U.S.C. § 362, Mr. Sedaghaty will not be able to participate in the litigation in this Court pending resolution of the bankruptcy proceedings.

Respectfully submitted,

*Alan R. Kabat*

Lynne Bernabei
Alan R. Kabat
Bernabei & Kabat, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7102
(202) 745-1942

DATED:  May 9, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2017, I caused the foregoing to be served electronically on counsel of record by the Court's Electronic Case Filing (ECF) System, pursuant to ¶ 9(a) of Case Management Order No. 2 (June 16, 2004).  A copy was also served by electronic mail and by first class mail, postage prepaid, upon Mr. Sedaghaty.

*Alan R. Kabat*

Alan R. Kabat