```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE:   TERRORIST ATTACKS OF
SEPTEMBER 11, 2001

                                           03 MDL 1570 (GBD)(SN)


------------------------------x
                                           New York, N.Y.
                                           May 1, 2017
                                           1:30 p.m.
Before:

                    HON. SARAH NETBURN,

                                           U.S. Magistrate Judge
```

1              (In chambers)

2              THE COURT:  Good afternoon, this is Judge Netburn.

3              I am here with my law clerk and a court reporter.

4    What I am going to do is ask that any party that intends to

5    speak to state their appearance.  If you do not state your

6    appearance and later you feel compelled to put something on the

7    record, you can just state your appearance at that time.  Let

8    me also remind everybody of the rules, which include that you

9    identify yourself before you speak, even if you have been

10   speaking for a while, so that we make sure we are properly

11   attributing your statements and that parties be respectful of

12   one another to avoid speaking over somebody.  I know that is

13   harder to do without the visual cues of body language.

14             With that let me ask who is on the phone on behalf of

15   the plaintiffs.

16             MR. CARTER:  Your Honor, Sean Carter from Cozen

17   O'Connor on behalf of the plaintiffs' executive committee.

18

19             MR. HAEFELE:  Robert Haefele, Motley Rice, for the

20   plaintiffs' executive committee.

21             MR. KREINDLER:  Jim Kreindler, also for the

22   plaintiffs' executive committee.

23             MR. LoPALO:  Chris LoPalo Napoli Shklonik on behalf of

24   the plaintiffs represented by Napoli Shkolnik.

25             Anybody else on behalf of the plaintiffs?

1       MR. SHEPS:  Robert Sheps from the Sheps Law Firm,
2    concerning the Charter Oak plaintiffs.
3       THE COURT:  On behalf of the defendants who is on the
4    phone?
5       MR. COTTREAU:  Good afternoon, your Honor, Steve
6    Cottreau on behalf of Dubai Islamic Bank.  I will try to answer
7    the questions you have for defendant in merits discovery.
8       MR. KABAT:  Alan Kabat, for (unintelligible).
9       MR. BERGER:  Good afternoon, your Honor.  Mitchell
10   Berger from Squire Patton Boggs for National Commercial Bank if
11   your Honor has questions about the three defendants in the
12   Lloyd's cases, I will try to deal with those.
13      THE COURT:  Good afternoon, your Honor.  Peter
14   Salerno, for defendant Kadi.  I don't know if I am going to
15   speak, but I am here.
16      MR. KRY:  Robert Kry with Mololamken for defendant
17   Dallah Avco.
18      MR. MOHAMMEDI:  Omar T. Mohammedi on behalf of Wamy
19   International.
20      THE COURT:  OK.
21          So I wanted to put people on the phone because this is
22   in connection with the April 14 letter and how to proceed with
23   respect to the nonsovereign defendants.  I was a little bit
24   confused as to what was being proposed.
25          What I am not confused about is the idea that

different defendants are in different postures, and, therefore, it makes sense to treat them differently. Therefore, to the extent there is going to be a consolidated amended complaint to be filed, which I think is a good idea, that it may be appropriate to have certain defendants respond in the ordinary course and other defendants to have their time to respond stayed, specifically, those defendants in jurisdictional discovery.

But what was unclear to me was exactly what the consolidated amended complaint or complaints would look like, because the way I read this letter it seems to suggest that there will be multiple different complaints filed, and obviously we only want one operative complaint in every case.

So I wanted to have a conversation to see exactly what the parties were contemplating. I am prepared to approve some sort of schedule with a consolidated amended complaint being filed and certain defendants to respond and other defendants to stay their response, but it seems to me what is being proposed is something different for the merits discovery people versus the jurisdictional people versus the previously dismissed people.

I don't know who is going to take the lead from the plaintiff's executive committee, if they can give me a sense of what was being contemplated.

MR. CARTER: Your Honor, let me try and break out the

1    cases a little bit in answering that question.  The universe of
2    defendants named in the various new actions differs between
3    each of the cases.
4           And so, for instance, defendants NCB, Al Rahji Bank
5    and Saudi Bin Laden Group are the only defendants in the
6    Lloyd's action because they are named alongside a number of
7    other defendants in some of the other cases.  So my
8    understanding was that those three defendants, for instance,
9    were OK with the idea that the plaintiffs in each of the cases
10   would file amended pleadings as to them in their individual
11   actions, and that they would respond to those through a
12   consolidated motion to dismiss.  That being feasible
13   principally because the allegations as to those defendants do
14   not materially differ in the complaints filed in the individual
15   actions.
16          So, with regard to those three, that was the
17   contemplated approach.  It would be difficult to file an
18   omnibus consolidated amended complaint overreaching all of the
19   cases simply due to the diversity of the universe of defendants
20   named in each of them, and I suppose that the parties were
21   trying to reach an alignment that would allow effectively
22   similar pleadings as to the defendants in all of the cases, but
23   not an omnibus consolidated complaint.
24          THE COURT:  OK.  I am still not quite sure I follow
25   where we are picking up efficiencies here.

1          In the newly filed complaints -- let's take not
2   Lloyd's and not Charter Oak for now.  Let's take the individual
3   plaintiff cases, not the corporate cases, commercial cases.
4          Is the idea that there would be one consolidated
5   amended complaint as to all of the defendants, both merits
6   defendants, jurisdictional defendants, and previously dismissed
7   defendants in those cases?
8          MR. BERGER:  Your Honor, I know you are waiting to
9   hear from plaintiffs on this, but this is Mitchell Berger for
10  defendant NCB.
11         I thought that Mr. Napoli at the last status
12  conference that we had with your Honor in March said it was
13  their contemplation that they would take those four individual
14  cases, which is Aguilar, Addesso, Aiken, and Hodges, and
15  replace the four separate complaints, which are essentially
16  mirror images of one another, with a single consolidated
17  complaint.  Certainly that is for them to address.
18         MR. LoPALO:  Your Honor, we have four filed complaints
19  at this time, and the allegations in each complaint are
20  identical for these nonsovereign defendants.  So for efficiency
21  reasons I see no reason why the defense couldn't just refer to
22  my first-filed complaint and file motions on that complaint,
23  and such motions will then be applicable to all of my other
24  complaints.
25         THE COURT:  OK.  Well that certainly is efficient in

your four actions, but I thought the purpose of what was being proposed by the executive committees was that there would be, I thought much like we are doing in the Saudi Arabia context, that we were coming up with a coordinated consolidated amended complaint that these new cases could follow and any case that comes thereafter would just join.

        MR. CARTER:  Your Honor, part of the difficulty was that various of the defendants also had different approaches as to how they wanted to proceed.  We were obviously trying to do as much of this by agreement as possible.

        Again, as, for instance, we understood that the three defendants in the Lloyd's actions were happy to respond to all of the separate complaints through a single consolidated motion because they tracked one another, and that seemed like the most efficient way to deal with those three defendants.  The merits and jurisdictional discovery defendants had a slightly different approach in mind.  I suppose we could go back to the drawing board a bit and try to work through master pleadings as to the defendants.  We may just have to file more than one in order to reach that objective because of the difference in the scope of the defendants being named in each of the cases.

        THE COURT:  Right.

        When I looked at the letter that was filed, it seems to me that there are multiple different times for which an amended complaint would be filed.  So, for instance, I thought

Case 1:03-md-01570-GBD-SN   Document 3587   Filed 05/18/17   Page 8 of 18    8

H51nwtcc

1  what you were proposing was that, with respect to the merits
2  discovery defendants, that a consolidated amended complaint
3  would be filed within 45 days, that that complaint would cover
4  any case that was filed since 2016 going forward, and that the
5  defendants would then have 90 days to respond.
6          But, in addition to that, there was also a proposal
7  that there be an amended complaint filed by today for those
8  five defendants who have been previously dismissed from these
9  cases.  Obviously, we can't have more than one operative
10 complaint in a given action, so I don't understand how the
11 consolidated amended complaint that's proposed that deals with
12 defendants who are currently in merits discovery relates to the
13 proposed amended complaint to be filed today for those
14 defendants who were previously dismissed and that dismissal was
15 affirmed by the circuit.
16         MR. CARTER:  Your Honor, in this instance I am going
17 to have to defer a bit to the plaintiffs in the cases that have
18 defendants beyond those named in the Lloyd's action.
19 Obviously, the discussion we had which goes back some time, was
20 about amending the complaint as to those defendants, which we
21 were prepared to do today, and then there were ongoing
22 negotiations between plaintiffs in the other cases and the
23 merits and jurisdictional discovery defendants about issues
24 ranging from service and amendments.
25         So I'm not exactly a hundred percent clear on how they

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

were reconciling the amendments as to the three defendants and the merits and jurisdictional discovery defendants in those other cases.

MR. SHEPS:  Your Honor, we recently filed suit since the time of the last conference.  From our perspective I guess we have been waiting to see what works best for your Honor and for the Court in terms of joining any sort of amended complaint.  For instance, against the kingdom, I know there is a process, there were several submissions that were made and likewise, if there are any amended complaints with respect to certain defendants that are anticipated, such as NCB, Al Rahji Bank, those defendants in the Lloyd's case, we would also seek to amend the complaint to follow form to make it more convenient.

I also understand there were certain discussions as to accepting of service.  I am not sure if that has been completely finalized yet, but from our perspective I think we are just waiting to see what works best for the Court.  For instance, my clients never sued the kingdom.  We are happy to, you know, once we have the authority, to sign to the consolidated amended complaint and likewise, since if there's something to sign on, some sort of notice to conform, for the three defendants in the Lloyd's case we are happy to do that as well.

I think from our perspective we are just waiting to

1    see what works best for the Court.

2           MR. LoPALO:  Judge, I have no intentions on filing any
3    amendments today for the nonsovereign defendants.  If there
4    will be a consolidated massive complaint for the nonsovereign
5    defendants, then we would like the opportunity to maybe adopt
6    it.

7           MR. SHEPS:  We would be in the same position.  If
8    something is filed today, we would like to take a look at it
9    and then, presuming there is approval, we would sign on to that
10   for efficiency purposes.

11          THE COURT:  Mr. Carter, if I can ask you what I had
12   thought was being planned, but you and your colleagues have
13   thought about this probably much more than I have, but what I
14   thought was going to be proposed would be that there was a
15   consolidated amended complaint that deals only with the
16   nonsovereign defendants, and we could do something like we have
17   done with the Saudi Arabia case, was there was a consolidated
18   complaint that people can just join on to through the
19   short-form complaint process, and so what I thought was going
20   to be proposed would that there would be a similar consolidated
21   amended complaint with all of the allegations against all of
22   the nonsovereign defendants, each plaintiff presumably could
23   elect to only proceed as against certain defendants if they
24   didn't have claims against other defendants, and then once that
25   consolidated amended complaint was filed, we could have a

1    conversation about the defendants' time to respond.

2             So, for example, I would be fine giving the
3    jurisdictional defendants a stay of their response because they
4    are in the middle of jurisdictional discovery.  It doesn't seem
5    to make sense to have them move to dismiss now since everybody
6    is focused on their on the jurisdictional issue, but with
7    respect to other defendants maybe it makes sense for them to
8    file their response to the complaint.

9             MR. CARTER:  Your Honor, in principle, I don't think
10   we have an objection to trying to go down that road again.
11   Part of that difficulty was precipitated by the fact that
12   certain of the defendants who had previously been dismissed
13   were interested in getting on a particular track to move
14   forward more quickly, whereas other of the defendants had been
15   newly named in actions and hadn't reached that same sort of
16   point in their calculus.

17            We would obviously have to sort of take a step back to
18   reengineer the amended pleadings a little bit, and part of the
19   difficulty is that we have defendants being named in some of
20   the new actions aren't named in any new executive committee
21   filed complaints, but I am sure we can work through all of
22   that.  It just might take a few more weeks.

23            THE COURT:  Was the proposal that is set forth in the
24   April 14 letter to have multiple new cases filed?

25            MR. CARTER:  No, your Honor, the proposal that was in

1  the April 14 letter was simply for there to be amended

2  complaints in each of the individual actions as to the universe

3  of defendants named in those cases rather than a consolidated

4  amended complaint overarching all of the individual actions.

5  　　　　　THE COURT:  Is anything being proposed to address any

6  future filed complaints?

7  　　　　　MR. CARTER:  Your Honor, we had not gone down that

8  road with regard to this universe of defendants because we had

9  not received an outreach from new counsel indicating the same

10  intent to file new claims against these defendants as we had

11  received with regard to the kingdom.  Again, we can take a step

12  back and try to reach an omnibus pleading.

13  　　　　　THE COURT:  OK.  I apologize if I am being dense here,

14  but can you explain to me then, Mr. Carter, what you are

15  proposing in the April 14 letter?

16  　　　　　MR. CARTER:  Your Honor, there were essentially, if I

17  recall correctly, five new actions addressed in the April 14

18  letter.  The intent of that letter was simply to propose

19  deadlines for amending the complaints in those five actions and

20  for the defendants in those five actions to move to dismiss or

21  otherwise respond to the pleadings and also to address service

22  in those five actions.

23  　　　　　The discussion did not at any point involve the

24  creation of consolidated amended complaints that cut across all

25  five of those.

1          THE COURT:  OK.

2          MR. COTTREAU:  Your Honor, at least for the merits

3   discovery, that's not my understanding of what we had agreed.

4   What we had agreed was, with respect to those five defendants

5   in merits discovery and with respect to the five complaints

6   against those that there will be a single new consolidated

7   complaint filed 45 days.

8          Where I get that from is, if you look at page 2 of our

9   letter, it's the third paragraph on that page, it says in the

10  first sentence, will file a single consolidated complaint

11  within 45 days.  The purpose of that was to, like the kingdom

12  to make it easier to respond to a single set of alligations for

13  the five merits defendants.

14         THE COURT:  Thank you, Mr. Cottreau.

15         I read the exact same part of the letter suggesting

16  there was going to be a consolidated amended complaint, but

17  obviously there can only be one operative complaint.

18         So it was unclear to me, because later in the letter

19  it refers to other complaints being filed.  It wasn't clear to

20  me at all what was actually being proposed here.

21         MR. COTTREAU:  Your Honor, I don't think that the

22  parties proceeded with the view, at least I certainly didn't,

23  that there could only be one consolidated complaint for the new

24  actions.  I thought what the parties at least had contemplated,

25  and if you want to correct us we're happy to be corrected, but

1    that there could be a set of consolidated allegations in
2    different documents that would be operative in this case as to
3    those, as to the various groups of parties, that it would be
4    more efficient to organize it that way.
5              THE COURT:  Do the federal rules allow you to have
6    more than one complaint in a case that's the operative
7    complaint?
8              MR. COTTREAU:  It is a good question, your Honor.  It
9    is one that I don't know the answer to.
10             MR. BERGER:  Your Honor, let me try to address this
11   from the defendants' point of view.  I think first to answer
12   your Honor's question, I thought what had happened in the cases
13   against the Kingdom of Saudi Arabia is that indeed we do have
14   more than one operative complaint.  So, for example, the
15   kingdom is a defendant in a number of lawsuits that have been
16   brought also against the nonsovereign defendants, and yet you
17   have an omnibus amendment as to the kingdom that has already
18   been filed which is the subject of previous proceedings.
19   Whether that is a good way or a bad way, I just wanted to
20   address your Honor's question.
21             However, from our standpoint, particularly from the
22   standpoint of the previously dismissed defendants, what we have
23   been looking for was the benefit of consolidation.  We did not
24   think it was going to be possible to get the plaintiffs to file
25   a single amended complaint in the currently seven and still

1   counting I assume cases against the previously dismissed
2   defendants.
3           So what we sought to achieve by way of the benefit of
4   consolidation was having a consolidated motion to dismiss
5   because, as Mr. Carter says, the allegations against the
6   previously dismissed defendants are pretty much the same across
7   all seven of those cases, and having consolidated opposition
8   and a consolidated reply.
9           We would be perfectly happy if the plaintiffs could
10  get their act together and file a single consolidated amended
11  complaint against the previously dismissed defendants, because
12  as you might imagine, your Honor, we have been there and done
13  this already.  We have already gone up to the Second Circuit
14  and to the Supreme Court to get our clients dismissed, and we
15  are not even anxious to do this one more time, but if we have
16  to do it again, we should only do it one more time.
17          THE COURT:  OK.  I agree with everybody's interest
18  here in streamlining and moving claims forward as quickly as
19  possible.  The proposal or proposals that are set forth in this
20  April 14 letter are unclear to me, so I am going to ask that
21  everybody go back to the well and come up with something that
22  addresses some of my concerns.
23          I am unaware that you can have more than one operative
24  complaint in a given case.  If I'm wrong, I'm happy to be
25  educated.  One possibility, and what I sort of thought was what

Case 1:03-md-01570-GBD-SN   Document 3587   Filed 05/18/17   Page 16 of 18    16
H51nwtcc

1    was being proposed was that there could be a set of
2    consolidated claims against all of the defendants that are
3    available and parties could elect which portion of that
4    complaint they were joining.  So a complaint could be clear
5    enough that it is only as to, you know, I am only suing the
6    merits discovery defendants and the jurisdictional defendants
7    I'm not electing to sue, those defendants who have been
8    previously been dismissed.
9             I guess the only thing that was not clear to me from
10   this letter, and now I'm learning a little bit more, is it
11   sounds like we think we are dealing with a much smaller number
12   of cases than what I previously thought, and that, unlike with
13   respect to the claims against Saudi Arabia, it sounds like the
14   parties do not expect there to be a flood of new complaints
15   brought against nonsovereign defendants.
16            If that's the case, then maybe we don't need an
17   enormous omnibus complaint, but I think what's been proposed
18   here, as far as I can understand it, doesn't make sense to me.
19            So I would like the parties to spend some more time
20   trying to figure out a way to address everybody's interests,
21   streamlining the allegations, allowing the defendants to
22   respond in a consolidated and coordinated way.
23            Unless I'm told otherwise, I think having multiple
24   complaints in a given action is neither feasible nor
25   permissible.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

H51nwtcc

1           Can I ask that you all continue your conversation and
2  get me a revised proposal on how to respond to these
3  nonsovereign defendants by next Monday?
4           MR. CARTER:  Your Honor, that is fine.  I take it from
5  that request that the deadline that had been proposed for
6  amended pleadings in certain of the actions of May 1 has been
7  displaced?
8           THE COURT:  Yes.
9           MR. CARTER:  Your Honor, one other point.
10          Mr. Berger had mentioned that there are separate
11 complaints obviously against Saudi Arabia and the Saudi High
12 Commission.
13          That is in large degree a function of the fact that
14 those defendants were effectively severed from the rest of the
15 cause by virtue of the entry of Rule 54(b) final judgments in
16 their favor, which allowed for appeals to go forward and put
17 them on an entirely different sort of track and severed those
18 defendants from the remainder of the case, which is I think how
19 we arrived at the propriety of that filing.
20          THE COURT:  OK.
21          MR. SHEPS:  Your Honor, we will work, the new
22 plaintiffs and Mr. Napoli's office will work together with the
23 executive committee to try to lay out some of our concerns and
24 see what we can do to help out the process.
25          THE COURT:  Thank you.

H51nwtcc

1              So I will wait for a letter on May 8.  Anything
2    further?
3              Thank you.
4              (Adjourned)