UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | 03 MD 1570 (GBD) |
| | : | ECF Case |
| | : | |
| In re Terrorist Attacks on September 11, 2001 | : | |
| | : | |
| | : | |
| | x | |

This document relates to: *Continental Casualty Co. et
al. v. Al Qaeda Islamic Army*, 04-CV-5970 (GBD)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ASSESS DAMAGES AGAINST DEFENDANT THE ISLAMIC REPUBLIC OF IRAN

Plaintiffs Continental Casualty Company ("CCC"), Transcontinental Insurance

Company, Transportation Insurance Company, Valley Forge Insurance Company, National Fire

Insurance Company of Hartford and American Casualty Company of Reading, Pennsylvania

(collectively, the "Continental Plaintiffs"[*]) respectfully submit the within memorandum of law in

support of their motion to assess damages against defendant the Islamic Republic of Iran

("Iran").

## RELEVANT BACKGROUND

The Continental Plaintiffs are insurers who, in accordance with their obligations under

applicable insurance and reinsurance policies, paid over $500 million to their insureds and

reinsureds in compensation for property and other forms of economic damage resulting from the

terrorist attacks on September 11, 2001 (the "September 11[th] Attacks"). The Continental

Plaintiffs, in their original pleading, sought recovery for the amounts they have paid and alleged

causes of action against Iran under Federal and state law utilizing the State Sponsor of Terrorism

Exception to the Foreign Sovereign Immunities Act ("FSIA"), then codified at 28 U.S.C.

---

[*] The Continental Plaintiffs are affiliates (see ECF No. 2, case no. 04 Civ. 5970) and operate under the CNA
servicemark.

§1605(a)(7); that pleading was served upon Iran on June 8, 2005 (ECF No. 3344). Congress, on January 28, 2008, amended the FSIA by repealing §1605(a)(7) and replacing that statute with the more expansive 28 U.S.C. §1605A, which created an express cause of action for the benefit of terrorism victims against designated state sponsors of terrorism like Iran. By notices of motion dated September 30, 2016 (ECF Nos. 3350, 3346) the Continental Plaintiffs sought to amend their complaint solely as to Iran, to proceed against Iran under §1605A and to enter a defendant judgment against Iran under §1605A. In an order dated January 5, 2017 (ECF No. 3415), District Judge Daniels granted the motion to amend the claim against Iran, ruled that service of the amended complaint upon Iran was not necessary, entered a final judgment as to liability against Iran and referred this matter to Magistrate Judge Netburn for the resolution of any remaining issues including damages.

Significantly, in this consolidated litigation, not only have there been prior assessments of damages in the context of entering default judgments against defendants, including Iran, but also, there have been such assessments involving the precise category of claims at issue here – property losses and loss claims under insurance policies. In *Federal Insurance Co. v. al Qaida*, 03 Civ. 6978, the plaintiff-insurers have twice been awarded default judgments for the insured losses they paid resulting from the September 11th Attacks – in 2011, they were awarded a default judgment and damages of over $9 billion against defendant al Qaida under the Anti-Terrorism Act (the "ATA"), 18 U.S.C. §2331 *et seq*. (see Report and Recommendation, dated October 13, 2011, of Magistrate Judge Maas, ECF No. 2479; order, dated December 16, 2011 of District Judge Daniels, ECF No. 2502; judgment, dated December 22, 2011, ECF No. 2514), and in 2016 they were awarded a default judgment and damages of over $3 billion against Iran under §1605A (see Report and Recommendation, dated December 28, 2015, of Magistrate Judge Maas,

ECF No. 3175; order, dated March 9, 2016 of District Judge Daniels, ECF No. 3229; judgment, dated March 16, 2016, ECF No. 3233)[†].

In accordance with these prior determinations, the proper measure of the Continental Plaintiffs' damages against Iran are the amounts they were compelled to expend under applicable policies of insurance and reinsurance as the result of the September 11th Attacks and the detailed accompanying affidavit of Lawrence Boysen ("Boysen Aff't"), together with the attached schedules, provides a competent and appropriate evidentiary basis for establishing damages under that standard. Consistent with those prior rulings, the Continental Plaintiffs respectfully request that this Court award compensatory damages in their favor in the aggregate amount of $539,357,911.52 as to their claims against Iran under §1605A(d). Specifically, the Continental Plaintiffs request individualized compensatory damage awards in the following amounts:

> Continental Casualty Company: $506,529,819.04.
>
> Transcontinental Insurance Company: $8,489,972.45.
>
> Transportation Insurance Company: $13,714,672.55.
>
> Valley Forge Insurance Company: $8,816,415.23.
>
> National Fire Insurance Company of Hartford: $1,392,930.27.
>
> American Casualty Company of Reading, Pennsylvania: $640,739.98.

In addition, the Continental Plaintiffs request that the Court award prejudgment interest relative to their claims under §1605A(d) from September 11, 2001 to the date of entry of judgment as well as the attorney's fees they have incurred in this action.

---

[†] In the proceeding against al Qaeda, the plaintiffs' damages were trebled pursuant to the ATA.

## ARGUMENT

### THE CONTINENTAL PLAINTIFFS ARE ENTITLED TO RECOVER, AS DAMAGES AGAINST IRAN, THE AMOUNTS THEY WERE COMPELLED TO EXPEND UNDER APPLICABLE POLICIES OF INSURANCE AND REINSURANCE AS THE RESULT OF THE SEPTEMBER 11TH ATTACKS

The Continental Plaintiffs are entitled to recover, as damages against Iran, the amounts they were compelled to pay, under the applicable policies of insurance and reinsurance, to their insureds and reinsureds as the result of the September 11th Attacks.

**A.      In Prior Proceedings In This Consolidated Action, This Court Has Established The Appropriate Measure Of Damages And The Appropriate Evidentiary Standard**

In prior proceedings in this consolidated action, this Court has already established the appropriate measure of damages for a plaintiff-insurer and the appropriate evidentiary standard.

In *Federal Insurance*, this Court has already twice conducted assessments of damages for property losses and loss claims under insurance policies in the context of default proceedings -- in 2011, this Court awarded the *Federal Insurance* plaintiffs a monetary default judgment against defendant al Qaida under the ATA and in 2015 this Court awarded those same plaintiffs a monetary default judgment against Iran under §1605A. In both of those proceedings the plaintiffs sought recovery of the amounts paid to policy holders and insureds for business interruption, property damage and other losses resulting from the September 11th Attacks. In both of those proceedings, this Court relied upon affidavits submitted by the plaintiffs setting forth descriptions of those insurers' regular operations and their applicable adjustment process and schedules of claims they paid as the result of the September 11th Attacks. In both of those

proceedings, this Court held that those plaintiffs were entitled to recover as damages the amounts

they had paid to insureds and policy holders who suffered business and property damage as a

result of the September 11th Attacks.  Moreover, this Court expressly noted that §1605A provides

that "United States nationals may recover damages for loss of 'property" resulting from terrorists

acts' and "expressly authorizes a court to award damages for 'loss claims under … property

insurance policies by reason of 'terrorists acts, 28 U.S.C. §1605A(d)." (See ECF No. 3175 at 4)

In the context of assessing damages against Iran in a similar procedural setting in the

action entitled *Havlish v. bin Laden*, 03 Civ. 9848 action, Magistrate Judge Maas succinctly

described the applicable evidentiary standard as follows:

> In light of the Defendant's default, the Plaintiffs' well-pleaded allegations
> concerning issues other than damages must be accepted as true. See
> *Cotton v. Slone,* 4 F.3d 176, 181 (2d Cir. 1993); *Greyhound Exhibit group,
> Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992); *Time
> Warner Cable of N.Y.C. v Barnes,* 13 F. Supp. 2d 543, 547 (S.D.N.Y.
> 1998).

> Additionally, although plaintiffs seeking to recover damages against
> defaulting defendants must prove their claims through the submission of
> admissible evidence, the Court need not hold a hearing as long as it has (a)
> determined the proper rule for calculating damages, *see Credit Lyonnais
> Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999), and (b)
> the plaintiff's evidence establishes, with reasonable certainty, the basis for
> the damages specified in the default judgment, *see Transatlantic Marine
> Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir.
> 1997). (Report and Recommendation, dated July 30, 2012, of Magistrate
> Judge Maas, ECF No. 2618 at 2)

And as the Supreme Court has further explained:

> Where the tort itself is of such a nature as to preclude the ascertainment of
> the amount of damages with certainty, it would be a perversion of
> fundamental principles of justice to deny all relief to the injured person,
> and thereby relieve the wrongdoer from making any amend for his acts. In
> such case, while the damages may not be determined by mere speculation
> or guess, it will be enough if the evidence show the extent of damages as a
> matter of just and reasonable inference, although the result be only

approximate. *Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 563 (1931).

**B.     The Principles Established In The Prior**
**        Default Judgment Proceedings In This**
**        Consolidated Action Are Directly Applicable Here**

The principles established in the prior default judgment proceedings in this consolidated action are directly applicable here.  The Continental Plaintiffs are entitled to recover as damages all the losses they have paid to insureds and reinsureds by reason of the September 11th Attacks. The Continental Plaintiffs have presented by affidavit evidence of their regular operations, their claim adjustment process and the claims they paid as a result of the September 11th attacks.

The Continental Plaintiffs' pertinent monetary expenditures include (i) the amounts they paid to their insureds and reinsureds for business, property and related losses resulting from the September 11th Attacks and (ii) the amounts they expended in good faith to adjust the underlying insurance claims. In the context of the present default judgment proceedings, the detailed Boysen Aff't, which attests to the aggregate value of those monetary expenditures and describes the processes though which the Continental Plaintiffs analyze and set the value of each claim submitted under an applicable insurance policy, provides a competent evidentiary basis for establishing the Continental Plaintiffs' damages.

The Boysen Aff't provides a detailed description of the thorough claims adjustment processes through which the Continental Plaintiffs verified their obligations to compensate their insureds for losses sustained as a result of the September 11th Attacks and to determine the fair value of each claim submitted. The Boysen Aff't confirms that the Continental Plaintiffs followed long-standing, well-established principles and procedures applicable to the adjustment of claims in responding to the losses of their insureds following the September 11th Attacks. In general terms those processes involved (a) compliance with, and measurement against, the terms

and provisions of the policies of insurance, (b) examination by qualified adjusters and/or professionals, (c) analysis and review by outside professionals including, but not limited to, certified public accountants, engineers, architects and construction cost specialists, and (d) production of records and other documentation in support of submitted claims. Moreover, the handling of these claims by these professionals were subject to internal review and audit by management and supervisor personnel which further ensure accuracy in the final adjustment and payment of claims submitted by policy holders and insureds. Those management and supervisory personnel have experience in a wide range of areas including experience in the calculation and determination of loss of business income, property values, and construction costs and expenses. Furthermore, each of those management and supervisory personnel are trained or experienced in their particular areas of specialty, and each individual brings to the claims evaluation process many years of experience.

The Boysen Aff't establishes that the Continental Plaintiffs followed established industry standards and processes in the adjustment of the claims resulting from the September 11th Attacks and analyzed claims under the established and recognized standards of proof. For these reasons, the processes implemented and followed by the Continental Plaintiffs resulted in total claim payments upon which this Court can rely in fairly and properly assessing the damages to be awarded against Iran.

**C.    The Recovery Sought By The
        Continental Plaintiffs**

The monetary expenses for which the Continental Plaintiff seek an assessment of damages against Iran are as follows:

**First**, they seek recovery of the claim and indemnity payments they made to their insureds or reinsureds which were subject to the adjustment processes and procedures described in the Boysen Aff't.

A schedule attached as Exhibit A to the Boysen Aff't sets forth all of claims paid by the Continental Plaintiffs under their insurance policies. That schedule sets forth, for each paid claim, the claim number, the name of the claimant, a description of the loss and the amount of the paid loss. These paid claims amount to $221,861,243.69.

A schedule attached as Exhibit B to the Boysen Aff't sets forth all of the claims paid by the Continental Plaintiffs under reinsurance policies. That schedule sets forth, for each paid claim, the claim reference number, the risk reference number, the name of the reinsured and the amount of the paid loss. These paid claims amount to $305,737,641

In addition, as described in the Boysen Aff't, CCC, through its wholly owned subsidiary Continental Insurance Company, participated in the Associated Aviation Underwriters ("AAU") insurance program, which underwrote insurance for a full range of risks for a wide variety of aerospace clients, including domestic airlines. A schedule attached as Exhibit C to the Boysen Aff't sets forth the names of the insureds under this program and the amounts of the payments by CCC to each insured and the expenses incurred by CCC as the result of insured losses attributable to the September 11th Attacks. These payments and expenses amount to $3,186,499.40.

**Second**, the Continental Plaintiffs seek recovery of the adjustment costs and expenses they incurred in connection with each covered claim under their insurance policies. The schedules attached as Exhibits A and C set forth the expenses incurred with regard to each covered claim. These costs and expenses amount to $8,572,527.43.

Thus, the total insured losses and expenses paid by the Continental Plaintiffs are in the following amounts:

> Continental Casualty Company: $506,529,819.04.
>
> Transcontinental Insurance Company: $8,489,972.45.
>
> Transportation Insurance Company: $13,714,672.55.
>
> Valley Forge Insurance Company: $8,816,415.23.
>
> National Fire Insurance Company of Hartford: $1,392,930.27.
>
> American Casualty Company of Reading, Pennsylvania: $640,739.98.

**Third**, the Continental Plaintiffs seek recovery of pre-judgment interest with regard to their damages. In *Federal Insurance*, this Court has already determined that those plaintiff-insurers were entitled to the award of pre-judgment interest on their damages against Iran (See ECF Nos. 3175, 3229, 3233).

As a result, in accordance with that ruling, the Continental Plaintiffs request the award of pre-judgment interest as follows: to the extent their claims arise out of losses in New York State, pre-judgment interest, from September 11, 2011 to the date of entry of judgment, at the rate of 9% per annum; and to the extent their claims arise out of losses occurring elsewhere, pre-judgment interest, from September 11, 2011 to the date of entry of judgment, at the rate of 4.96% per annum, compounded annually.

**Fourth**, the Continental Plaintiffs request an award of the attorneys' fees they have incurred from the commencement of their action through February 1, 2017, which amount to $226,638.

## CONCLUSION

For all of the foregoing reasons, the Continental Plaintiffs respectfully request that the

Court award them compensatory damages relative to their judgment against Iran under 28 U.S.C.

§1605A(d) in the aggregate amount of $539,357,911.52, together with prejudgment interest as

described above and attorney's fees.

Dated:    June 19, 2017
          New York, New York

                              FERBER CHAN ESSNER & COLLER, LLP


                              By: _____
                                      Robert M. Kaplan (RK 1428)

                              Attorneys for Plaintiffs Continental Casualty
                              Company, Transcontinental Insurance Company,
                              Transportation Insurance Company, Valley Forge
                              Insurance Company, National Fire Insurance
                              Company of Hartford and American Casualty
                              Company of Reading, Pennsylvania
                              One Grand Central Place, Suite 2050
                              New York, New York 10165
                              (212) 944-2200

101950                                    10