UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03-MDL-1570 (GBD) (SN)
------------------------------------x

GEORGE B. DANIELS, United States District Judge:

Plaintiffs in *Hoglan v. Islamic Republic of Iran*, 11-cv-7550 (GBD) (SN), one of numerous related actions filed on behalf of the estates and family members of the victims of the attacks of September 11, 2001, sought entry of default judgment awarding them compensatory and punitive damages against the Islamic Republic of Iran, Ayatollah Ali Hoseini Khamenei, Hezbollah, and other Iranian individuals and entities. This Order resolves the remaining group of claims presented in the *Hoglan* damages inquest.

This group of claims concerns the economic and pain and suffering damages claims made by the Estates of Hagay Shefi and Nicholas Rowe, as well as nine solatium damages claims made by non-citizen immediate family members derived from Shefi and Rowe's deaths on September 11, 2001 (collectively referred to as "Plaintiffs"). Shefi, a citizen of Israel, and Rowe, a citizen of South Africa, were both U.S. lawful permanent residents at the time of the attacks, but were not U.S. citizens by birth or naturalization.

1

On January 6, 2017, the case was referred to Magistrate Judge Sarah Netburn (ECF No. 3418.) Before this Court is Magistrate Judge Netburn's Report and Recommendation (the "Report," ECF No. 3374), recommending that this Court deny Plaintiffs' damages claims.[1]

In her Report, Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 15); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiffs filed timely objections to the Report (Pl. Obj. to Report ("Pl. Obj."), ECF Nos. 3416, 3417) and Defendants did not respond. This Court overrules Plaintiffs' objections and fully adopts Magistrate Judge Netburn's recommendation. Plaintiffs' damages claims are DENIED.

## I. LEGAL STANDARD

A district court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to the Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report. 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). It is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (internal citation omitted); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). However, where a litigant's objections are conclusory,

---

[1] The relevant procedural and factual background is set forth in detail in the Report and is incorporated herein.

repetitious, or perfunctory, the standard of review is clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547–48 (S.D.N.Y. 2009).

## II. PLAINTIFFS FAIL TO CLAIM RELIEF UNDER FSIA

The Report properly held that Plaintiffs failed to bring a "pass-through" claim under New York's wrongful death and survival statutes, qualify as U.S. nationals under 8 U.S.C. § 1101(a)(22), claim recovery under § 1605A(c)'s private cause of action, or assert their claim through the noncommercial tort exception to the FSIA, 28 U.S.C. §1605(a)(5). There was no clear error in Magistrate Judge Netburn's findings. Plaintiffs objected only to the portion of the Report concluding that Plaintiffs failed to qualify as U.S. nationals by demonstrating their allegiance under 8 U.S.C. § 1101(a)(22) for purposes of the FSIA. (Pl. Obj. at 1–2.) This court reviews that portion of the Report *de novo*. See 28 U.S.C. § 636(b)(1)(C); *see also Rivera*, 423 F. Supp. 2d at 273.

Magistrate Judge Netburn found that "Plaintiffs' argument is plainly foreclosed by precedent from the Court of Appeals for the Second Circuit, with which its sister circuits are in near-unanimous agreement." (Report at 10.) Accordingly, Magistrate Judge Netburn recommended that Plaintiffs "may not avail themselves of the FSIA terrorism exception's jurisdictional provisions in 28 U.S.C. § 1605A(a) or its private cause of action in 28 U.S.C. § 1605A(c)." (*Id.* at 12.) The Second Circuit law is clear: one cannot "qualify as a U.S. national under 8 U.S.C. § 1101(a)(22)(B) by a manifestation of 'permanent allegiance' to the United States." *Marquez-Almanzar v. I.N.S.*, 418 F.3d 210, 218–19 (2d Cir. 2005) (holding that the provision in question could not possibly confer U.S. national status, no matter how strong the petitioner's equities).

Precedent outside of the Second Circuit also supports this interpretation. For example, in *Mohammadi v. Islamic Republic of Iran*, the court reached the same conclusion, noting that the reference to persons owing "'permanent allegiance' to the United States" is "descriptive of someone who has attained the status of United States nationality through other statutory provisions; it does not itself set forth an independent basis by which to obtain that status." 782 F.3d 9, 14–15 (D.C. Cir. 2015). Because Plaintiffs cannot claim U.S. nationality by demonstrating their permanent allegiance to the United States independent of an additional statutory provision, Plaintiffs were not U.S. nationals at the time of the terrorist attacks of September 11, 2001, and therefore may not avail themselves of the FSIA terrorism exception. Accordingly, Plaintiffs' damages claims are properly denied.

### III. CONCLUSION

Having reviewed Magistrate Judge Netburn's Report and Recommendation, this Court overrules Plaintiffs' objection and adopts the Report in full.

Dated: New York, New York
June __, 20 JUN 2 0 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge