**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:  TERRORIST ATTACKS ON
             SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-1570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

The Court has received the Plaintiffs' Executive Committees' ("PEC") July 26, 2017 letter urging a "clarification" of the Court's June 19, 2017 Order (ECF No. 3627), which extended document production deadlines for the Muslim World League ("MWL") and the International Islamic Relief Organization ("IIRO") to August 15, 2017.

The Court does not share the parties' interpretation of the June 19, 2017 Order. While the discovery extension request submitted by MWL and IIRO made a generic reference to extending the extension to "all parties to whom the June 16 deadline is applicable," it provided no support for this request and such request was not granted.

Moreover, had the June 19, 2017 Order had the effect urged by the parties, it would have produced a peculiar result. On June 12, 2017, only a week before the request as to MWL and IIRO was granted, the Court extended Dubai Islamic Bank's production deadline to July 31, 2017. ECF No. 3623. Therefore, despite specifically requesting an extension, Dubai Islamic Bank would no longer be a party "to whom the June 16 deadline [was] applicable," and therefore would have been subject to an earlier production deadline.

It is unclear on what basis the production deadlines for the jurisdictional discovery defendants Dallah Avco, Yassin Kadi, or the Charity Official Defendants would have been extended. The parties are not entitled to extensions of discovery deadlines as of right. The Defendants' Executive Committee's status report filed April 14, 2017, indicated that Dallah Avco was in the process of complying with the Court's January 18, 2017 Order that it search for

"discrete categories" of additional documents, that Yassin Kadi's production was complete, and that the Charity Official Defendants were relying on production made by other Defendants but would be "supplementing their responses over the next two months." ECF No. 3518.

Rather than assume that the Court's Order said what it did not say, the parties should have sought immediate clarification instead of waiting to the week before the PEC's status letter was due.

Nevertheless, the Court understands that the PEC cannot submit a status letter concerning any anticipated motions to compel if they were under the (erroneous) impression that all discovery deadlines had been extended two months. Accordingly, the Court grants the PEC a one-month extension on filing such a status letter as to the jurisdictional discovery defendants for whom document production was not extended to Thursday, August 31, 2017. The status letter as to the MWL, Dubai Islamic Bank, and the IIRO defendants may be submitted on Friday, September 29, 2017, as proposed. A status letter as to the WAMY defendants may be submitted by Friday, November 17, 2017. The Court shall not grant any extensions of these deadlines absent extraordinary circumstances.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    July 28, 2017
          New York, New York