# SALERNO & ROTHSTEIN
### ATTORNEYS AT LAW

AMY ROTHSTEIN
PETER C. SALERNO

WRITER'S EMAIL ADDRESS:
peter.salerno.law@gmail.com

221 SCHULTZ HILL ROAD
PINE PLAINS, NY 12567
—
T: 518.771.3050
F: 866.589.9010

August 31, 2017

By ECF

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

      Re: *In re Terrorist Attacks on September 11, 2001*
         03 MDL 1570 (GBD) (FM)

      *This document relates to:*

      *Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977
      *Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03 Civ. 9849
      *Federal Insurance Co., et al. v. Al Qaida, et al.*, No. 03 Civ. 6978
      *Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04 Civ. 5970
      *Euro Brokers Inc., et al., v. Al Baraka, et al.*, No. 04 Civ. 7279
      *Estate of John P. O'Neill et. al., v. Al Baraka et. al.*, No. 04 Civ. 1923
      *World Trade Center Properties, L.L.C. et al. v. Al Baraka Investment and Development Corp., et al.*, No. 04 Civ. 7280

Dear Judge Netburn:

      We represent defendant Yassin Abdullah Kadi in this matter. This letter is a status report on Mr. Kadi's potential motions to compel discovery. While it is not clear to us that this Court's Scheduling Order requiring status letters, dated March 24, 2017 (ECF No. 3482), at page 2, applied to defendants ("The Plaintiffs' Executive Committee is to file a status letter …

Hon. Sarah Netburn -2- August 31, 2017

informing the Court of the results of its preliminary review of the documents and whether it anticipates filing any motions to compel"), we concluded that the Court might wish to be aware of our views as to plaintiffs' compliance with their discovery obligations.[1]

As the Court knows, Mr. Kadi is in jurisdictional discovery as a result of the Second Circuit's remand in April 2013. 714 F.3d 659, 682. Following that remand, in late 2013 Mr. Kadi served document requests and interrogatories on plaintiffs.

Plaintiffs have produced a voluminous amount of documents, purportedly in response to our document requests. We are not aware of any categories of documents that have not been produced (subject to issue # 1 below), though we note that in our view the documents provided are largely irrelevant. Moreover, none of the documents plaintiffs have produced, nor any other documents of which we are aware, support either personal jurisdiction over or liability by Mr. Kadi. Accordingly, at this stage of discovery we do not anticipate moving to compel production of additional documents.

However, there are some relatively ministerial responsibilities connected with discovery that plaintiffs have not fulfilled. We have called them to plaintiffs' attention and to date have not received a response, except as noted below. These responsibilities are:

1. To state whether they are withholding any responsive privileged documents or communications pre-dating September 11, 2001, and if so to provide a privilege log. (Judge Maas ruled on November 19, 2012 that attorney-client and work-product documents post-dating September 10, 2001 need not be logged. ECF No. 2644.)

2. To identify which of Mr. Kadi's document requests each produced document is responsive to. While plaintiffs have fulfilled this obligation with respect to documents that they have explicitly identified as applying to Mr. Kadi, they have produced voluminous other documentation, on June 16 and August 15, 2017, that has no index or cross-reference to any defendant's request. In emails on August 30 and 31, 2017, Sean Carter, one of plaintiffs' counsel, identified certain documents in the June 16 production that applied to Mr. Kadi, and stated that plaintiffs intended to provide indices regarding the August 15 production. Plaintiffs have not indicated a time frame for the forthcoming indices. Fed. R. Civ. P. 34(b)(2)(E)(i) requires such a cross-reference index.

    Plaintiffs subsequently stated, in their status letter filed today, that they have "where feasible, identified which documents were specific to a Kadi request …." (Status letter dated August 31, 2017, ECF No. 3713, at p. 9.) This is inconsistent with their statement that some indices are yet to be provided. Additionally, we do not

---

[1] ECF No. 3482 set a July 31 deadline for this status letter. That deadline was extended to August 31 by order dated July 28, 2017 (ECF No. 3662).

Hon. Sarah Netburn -3- August 31, 2017

understand how it can be infeasible to identify a request to which a document is responsive.

3. To respond to our interrogatories. Plaintiffs served a blanket objection to our interrogatories but have never responded in substance. We are mindful that interrogatories, particularly contention interrogatories (which some of our interrogatories unquestionably are) are often disfavored, particularly at early stages of discovery. For this reason, we deferred pressing for further responses until our document production was completed earlier this year. In this very case, however, Judge Maas ordered plaintiffs to provide "meaningful answers" "in narrative form" to contention interrogatories served by defendant National Commercial Bank ("NCB"), which was then in jurisdictional discovery. Memo Endorsed filed December 26, 2007 (ECF No. 2060). We think it would be fair, at this juncture in the case, to direct plaintiffs to respond to such interrogatories with respect to Mr. Kadi as well. Mr. Kadi has produced enormous amounts of documents, at great cost, in response to wide-ranging document requests served by plaintiffs. He is still without any notion as to the basis for plaintiffs' contention that this Court has personal jurisdiction over him, *i.e.* that there is any evidence that he financed any terrorist activity whatsoever, let alone terrorist activity "expressly aimed" at the United States. *See* 714 F.3d at 678-79. It would be unjust to require him to enter into the next stages of discovery in this case without some idea of the basis on which he is being forced to defend himself.

                                                                Respectfully,

                                                                s/

                                                                 Peter C. Salerno

cc:      The Honorable George B. Daniels (via ECF)
           All MDL Counsel of Record (via ECF)