## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

September 29, 2017

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs' Executive Committees write in response to Messrs. Mohammedi's and Goetz's September 28, 2017 request, on behalf of the World Assembly of Muslim Youth ("WAMY"), for another 60-day extension to complete WAMY's document production (ECF No 3727). While plaintiffs welcome the opportunity to discuss these issues with the Court during the telephone conference set for 4:00 p.m. on October 5, 2017 (ECF No. 3729), we wish to inform the Court of plaintiffs' concerns regarding the request before the Court entertains the issue further.

As the Court is well aware, most counsel in this litigation have a lengthy history together and, though we have had our differences on the issues, all counsel have generally sought to demonstrate mutual respect in terms of opposing counsels' scheduling needs. Generally speaking, the plaintiffs' goal has long been to afford the defendants a reasonable period of time, within the confines of the Court's directions, to perform the reasonable searches necessary to locate and produce the discovery identified in plaintiffs' discovery requests.

While our approach to WAMY's current request is no different, plaintiffs are concerned that the lengthy delays attendant to defendants' productions may result in an unfair and unreasonable compression problem for the plaintiffs. While plaintiffs completed their productions by the initial deadline in 2012, not one of the defendants completed document production by that deadline.[1]

---

[1] Judge Maas originally set April 29, 2011 as the deadline for the parties to complete production of documents (ECF No. 2381). That deadline was eventually reset to August 30, 2012 (ECF No. 2614). Plaintiffs completed their initial productions by the August 30, 2012 deadline. While plaintiffs have supplemented their

The Honorable Sarah Netburn
September 29, 2017
Page 2

---

Defendants have sought repeated discovery extensions, in some cases for more than a decade, through no fault of the plaintiffs. Defendants' delays have been variously attributed to the overall volume of documents, the volume in foreign languages, the need to carefully analyze documents, and changes in counsel, among other reasons. While many of those same factors, as well as others, affect the time plaintiffs will need to analyze the documents, plaintiffs are concerned that the defendants' delays (those that have occurred and that are continuing to occur) will result in the Court applying deadlines to plaintiffs (*e.g.*, to determine whether defendants have properly complied with their discovery obligations; to determine what additional discovery is needed; and to decide which depositions to take) that do not sufficiently account for many of the very same complications for which the defendants have been accommodated over the past decade.

One troubling complication of those delays, from the plaintiffs' perspective, has been that the completion of at least some of the defendants' full production has been compressed into the back-end of a much-extended period of rolling productions. For example, looking simply at the documents referenced in Messrs. Mohammedi's and Goetz's letter, although WAMY has been engaged in document discovery since 2010, more than one third of the million pages WAMY was produced in the past five months (and, as WAMY's counsel has recognized, the overwhelming percentage of the production has been in Arabic). Productions from defendants MWL and IIRO present similar concerns of heavily back-ended productions of largely Arabic documents.

Although plaintiffs take no strict position as to whether the Court should grant or deny WAMY's request for another 60 days to complete its production, we ask the Court to take into account the following considerations in applying this deadline and future deadlines.

- Just as the defendants have needed sufficient time, so too will plaintiffs need sufficient time, to analyze the vast numbers of documents produced.

- In the same way that defendants' review was complicated by the volume of documents in foreign languages, the plaintiffs face that same complication.

- The plaintiffs' task is further complicated by the fact that defendants' productions are often out of sequence and otherwise largely in disarray, often requiring the plaintiffs to determine what the documents are and their source even before analyzing the substance of the documents.

- The task is further complicated by the fact that at least some of the defendants have back-ended much of their relevant productions.

- The task is further complicated by the fact that interconnections among the various defendants make each defendant's productions inform the status of the other defendants' productions. For example, because each of the so-

---

productions since then, these additional productions have largely been either documents obtained after the initial production date or documents relative to defendants who entered discovery after the initial discovery deadline. In short, while plaintiffs completed their discovery obligations by the August 2012 deadline, no defendant did so.

called charity defendants had interactivity and were common constituents of the same Saudi committees, later productions by one defendant may identify missing areas of documentation or witnesses pertinent to another defendant. Therefore, because the defendants' productions have been rolling for many years and the deadlines have now been staggered as to some of the defendants, plaintiffs are unable to make informed determinations as to the completeness of any defendants' discovery or the witnesses that may be identified in the productions until all of the productions are complete.

- The ability to engage in effective ongoing analyses has been complicated by the fact that the ongoing productions have been done in batches spread out over the course of many years, resulting in analyses of documents often repeatedly necessitating the extra time-consuming step of searching through earlier productions to determine whether correlating documents have been produced.

Plaintiffs merely want to avoid a situation where the delays attributable to accommodating the defendants' needs do not prejudice the plaintiffs moving forward in the litigation. While we surely share the Court's interest in moving this multidistrict litigation to a prompt resolution, we want to ensure that the Court is aware of the complications, many that the defendants have already identified, that we believe need to be accounted for if the plaintiffs are to be afforded sufficient time to properly analyze the defendants' final productions without unduly burdening the plaintiffs, particularly in light of the lengthy accommodations afforded defendants.

Thank you for Your Honor's attention to these concerns. Again, aside from the concerns referenced herein, plaintiffs take no position regarding WAMY's request and look forward to the opportunity to participate in further dialogue with Your Honor during the October 5, 2017 conference call.

                Respectfully,

                /s/ Robert T. Haefele
                ROBERT T. HAEFELE
                *PLAINTIFFS' EXECUTIVE COMMITTEES*

cc:    Omar Mohammedi, Esq. – Counsel for WAMY
       Frederick Goetz, Esq. – Counsel for WAMY