# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

September 30, 2017

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

    RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

    In accordance with the Court's Order of July 27, 2017 (ECF No. 3662), the Plaintiffs' Executive Committees ("PECs") write to provide the Court with an update concerning the status of merits discovery with defendants Muslim World League ("MWL"), International Islamic Relief Organization ("IIRO"), and Dubai Islamic Bank ("DIB"), the ongoing translation and analysis of recent document productions received from the MWL and IIRO, plaintiffs' intention to submit motions to compel detailing deficiencies in each of the defendants' productions, and plaintiffs' anticipated motion for sanctions against the MWL and IIRO. Plaintiffs further respectfully request that the Court grant a reasonable extension of the deadline to submit those motions.

    **1.**    **Muslim World League and International Islamic Relief Organization**

    Plaintiffs served their consolidated First Set of Requests for Production of Documents Directed to the Muslim World League ("MWL") on October 28, 2005, and their consolidated First Set of Requests for Production of Documents Directed to the International Islamic Relief Organization ("IIRO") on December 13, 2005, including supplemental document requests to each defendant thereafter. *See* ECF No. 3516 at pp. 2-4.

    During the first half of 2011, plaintiffs filed two motions to compel seeking the production of several categories of documentation from the MWL and IIRO. Following extensive briefing and argument, Magistrate Judge Maas issued a number discovery orders

Hon. Sarah Netburn
September 30, 2017
Page 2

_____

directing the MWL and IIRO to immediately produce all documents requested by plaintiffs.  *See* Orders dated April 12, 2011, April 26, 2011 (ECF No. 2424), and June 23, 2011 (ECF No. 2442).  The Court expressly warned the MWL and IIRO that failure to comply with the Court's Orders by July 8, 2011 could lead to case dispositive sanctions.  *See* June 23, 2011 Transcript of Record ("Tr.") at pp. 9-10, 17-18 (advising that the defendants' failure to fully comply with the Court's rulings may lead to the entry of default judgments).

Notwithstanding those explicit warnings, counsel for the MWL and IIRO repeatedly represented to the Court that his clients had produced all responsive documents that were the subject of the Court's orders.  *See* June 23 Discovery Hearing Tr. at p. 10 ("What my point is that we have produced everything that was called for in terms of the 8 categories for both MWL and IIRO-SA … that is our position that we have complied."); p. 11 ("It's our position that we produced everything now, albeit late."); p. 13 ("Yes, Your Honor.  To reiterate, we believe we have produced everything.").  Those representations were patently false.  In the weeks following those statements, the defendants produced over 13,000 pages of new documents, making clear that no meaningful effort had previously been invested in searching for records until the Court threatened the defendants with sanctions.

Recognizing the defendants' unwillingness to comply with the Court's directives, Judge Maas invited plaintiffs to move for sanctions.  *See* July 26, 2011 Order (ECF No. 2450).  Plaintiffs' motion for default judgment was fully briefed as of October 14, 2011 and oral argument was held on November 16, 2011.  Despite a wealth of evidence demonstrating the defendants' willful disregard for the Court's discovery orders, Judge Maas denied without prejudice plaintiffs' motion for entry of defaults, but admonished the defendants to undertake greater efforts to search for and produce responsive documents.  Failure to do so, the Court warned, "may lead to dispositive sanctions."  *See* November 16, 2011 Tr. at p. 16.  Although Judge Maas declined to enter default judgments at that time, he invited plaintiffs to file a motion to recover the costs and expenses incurred as a result of the defendants' history of non-compliance through November of 2011, including efforts expended to disprove the defendants' contentions that several categories of documents requested by the plaintiffs did not exist.  *See id.* at pp. 25-26.

In 2013, new (and current) counsel for the MWL and IIRO entered appearances in this litigation and the parties have on multiple occasions conducted meet-and-confers to address the defendants' earlier discovery record and the specific areas where the productions remain incomplete.  Although the MWL and IIRO have made further productions since new counsel appeared on their behalves in 2013, plaintiffs believe that their productions remain incomplete in a number of areas.  Plaintiffs anticipate filing two motions to address these deficiencies.

First, plaintiffs anticipate filing a motion for sanctions against the MWL and IIRO.  That motion will seek monetary sanctions for the costs and burdens resulting from the defendants' non-compliance between the outset of discovery and the hearing before Judge Maas in 2011.  In regard to that contemplated application, plaintiffs note that the further productions by the MWL and IIRO since new counsel appeared have (in plaintiffs' view) confirmed that representations

made to the Court by the MWL and IIRO during proceedings at that time were demonstrably false.[1]  In addition, plaintiffs do not believe that the defendants' productions, which are now complete, have fulfilled the obligations established by the Court's prior rulings on plaintiffs' several motions to compel.  The motion will also seek sanctions for non-compliance with those orders.

Plaintiffs also anticipate filing a separate (but related in some respects) motion to compel, seeking to require the MWL and IIRO to search for and produce additional relevant records on a number of fronts.  Among other topics, plaintiffs believe the defendants' productions are incomplete with regard to:  (i) the activities of MWL and IIRO senior officials and policymaking bodies, particularly as they relate to exchanges with components of the Saudi government concerning the charities' annual budgets; (ii) the MWL Constituent Council, including the robust reporting submitted to the Council prior to, and during, its annual meetings; (iii) reports submitted to the IIRO Executive Committee, IIRO Board of Directors, and IIRO Constituent Council; (iv) banking records for the MWL and IIRO branch offices; (v) underlying audit records; and (vi) documents relating to numerous raids of MWL and IIRO branch offices and arrests of employees.

## 2. An Extension of Time to Submit Plaintiffs' Motions is Necessary

At the September 7, 2017 conference, Your Honor indicated a preference for plaintiffs to file any motions to compel as to the MWL and IIRO within thirty days of the filing of this status letter, and indicated that plaintiffs should address any request for additional time in this letter. For the reasons summarized below, plaintiffs respectfully request that they be given until January 15, 2018 to file their motions to compel and motions for sanctions as to the MWL and IIRO.

First, the October 30 date the Court referenced during the September 7 hearing closely coincides with several other briefing deadlines previously set by the Court, including:  (i) October 27, 2017 due date for plaintiffs' reply briefs in support of their motions for sanctions against defendants Abdullah Omar Naseef, Abdullah bin Saleh al Obaid, Abdullah Mohsen al Turki, Adnan Basha, and Soliman H.S. al Buthe (ECF No. 3716); and (ii) November 2, 2017 due date for plaintiffs' oppositions to the motions to dismiss of defendants Kingdom of Saudi Arabia and Saudi High Commission (ECF No. 3688).  In addition, the Court has set a November 15, 2017 due date for the submission of the revised draft of the proposed deposition protocol from the PECs and Defendants' Executive Committee ("DEC") (ECF No. 3716).

Second, leading up to the August 15, 2017 document production deadline, the MWL and IIRO produced over 57,000 pages of predominately Arabic documents,[2] and a preliminary review suggests that many documents of particular significance were included in these late stage

---

[1] Plaintiffs deferred filing the motion for sanctions for the defendants' earlier misconduct so that this additional evidence from subsequent productions could be included.

[2] The productions from defendants have included documents in Arabic, Urdu, Bangladeshi, Serbo-Croatian, Bosnian, Russian, Turkish, German, and French.  Local dialects used in Indonesia, the Philippines, Thailand and elsewhere have also been implicated.

Hon. Sarah Netburn
September 30, 2017
Page 4

_____

productions. The content of these significant documents suggests gaps in the defendants' productions. However, plaintiffs anticipate it will take some additional time to complete the analysis of these materials and independent research relating to their contents. The task of analyzing the MWL and IIRO documents is highly complex, requiring extensive translation efforts and the involvement of skilled linguists. Many of the documents are handwritten or include handwritten notations, rendering the translation process even more challenging. Importantly, once translations are complete, knowledgeable subject matter experts are necessary to analyze the materials and determine their relevance.

Further complicating the matter, the MWL and IIRO productions have been spread out in batches over the past 11 years, and routinely lack any internal logic or order, an issue plaintiffs have raised with these defendants during prior meet-and-confers. The disorder of the productions requires tedious and time-consuming searches of the defendants' earlier productions to determine whether corresponding documents exist that can provide further context and insight. Moreover, the MWL and IIRO productions have often been infused with countless irrelevant documents. The process of translating and analyzing scores of documents, only to discover they are unresponsive to plaintiffs' discovery requests, is itself incredibly laborious. *See also* Robert Haefele's September 29, 2017 letter to the Honorable Sarah Netburn addressing similar concerns in the context of defendant World Assembly of Muslim Youth's request for a 60 day extension to compete its document production (ECF No. 3732).

After consulting with our subject matter experts and linguists, plaintiffs have determined that an additional 90 days is necessary to complete the translation and review of the MWL and IIRO productions, with time needed to coordinate the drafting of motions among several plaintiffs' firms. For the foregoing reasons, plaintiffs respectfully request that the deadline for their motions as to the MWL and IIRO be extended to January 15, 2018.

### 3. Dubai Islamic Bank

Plaintiffs and Dubai Islamic Bank ("DIB") are continuing to confer to narrow areas of disagreement as to the Court's prior order of March 22, 2016 concerning search terms. *See* Minute Entry for proceedings held before Magistrate Judge Frank Maas: Oral Argument held on 3/22/2016; 1:03-md-01570. Although the parties' extensive discussions have considerably narrowed the number of search terms in dispute, from several hundred to 42, the parties anticipate they may not be able to fully bridge the remaining gaps on this issue. If not, plaintiffs will file their motion to compel within 30 days of the date of this letter.

Hon. Sarah Netburn
September 30, 2017
Page 5

_____

                                             Respectfully submitted,

                                             COZEN O'CONNOR

                                             By:    J. Scott Tarbutton, on behalf of the PECs


cc:      The Honorable George B. Daniels (via ECF)
           All MDL Counsel of Record (via ECF)


LEGAL\32751984\1