

Waleed Nassar
202 659 7872
waleed.nassar@lbkmlaw.com

October 3, 2017

<u>**VIA ELECTRONIC FILING**</u>

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 430
New York, NY 10007

      Re:   *In re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN) –
Response to Plaintiffs' Executive Committee's September 30 Proposal (ECF No. 3737)*

Dear Judge Netburn:

      This firm represents the Muslim World League ("MWL") and the International Islamic Relief Organization ("IIRO") in the above-referenced matter. We write on behalf of MWL and IIRO in response to the Plaintiffs' Executive Committee's ("PEC") status letter filed on September 30, 2017 (ECF No. 3737), in which they propose to file concurrent motions to compel and motions for sanctions against MWL and IIRO and request to extend the filing deadline of those motions to January 15, 2018.

      While MWL and IIRO do not object to the PEC's request to extend by approximately 3 months the deadline to file their anticipated motions, we submit that the approach proposed by the PEC – to simultaneously file motions to compel and motions for sanctions on what appear to be *the same or overlapping issues* – would be inefficient and would waste judicial resources and result in the unnecessary duplication of costs and efforts. Instead, MWL and IIRO propose that Your Honor direct the PEC to utilize the time until the filing deadline (i) to complete their review of the additional documents produced by MWL and IIRO (we note that the PEC concede in their September 30 letter to having done only a "preliminary review" on documents produced over the summer) and then (ii) to conduct a meet-and-confer with counsel for MWL and IIRO with the goal of narrowing the areas of disagreement that must be presented to the Court on any motions to compel.

1899 Pennsylvania Avenue, NW   |   Suite 600   |   Washington, DC 20006   |   t 202 833 8900   |   f 202 466 5738

WASHINGTON   NEW YORK   LONDON   BUENOS AIRES

lbkmlaw.com

Lewis Baach Kaufmann Middlemiss PLLC

Hon. Sarah Netburn
October 3, 2017
Page 2

    We underscore that while it has been almost a year since the PEC have discussed with us their views on what document discovery issues remain, previous meet-and-confers between counsel have proved fruitful and have served to narrow the scope of disagreements.  Indeed, as a consequence of our recent meet-and-confer discussions with the PEC in 2016, significant global efforts made by MWL and IIRO to conduct additional inquiries and searches – as a means of reaching compromise on certain areas of disagreement and as part of the good faith efforts by MWL and IIRO to comply with their discovery obligations – resulted in the production of over one hundred thousand pages of documents.  This is in addition to the hundreds of thousands of pages previously produced.  Given the near silence from Plaintiffs since our last meet-and-confer in October 2016, we were very surprised to learn when we received the PEC's status letter that there are numerous areas where Plaintiffs believe MWL's and IIRO's productions are incomplete.

    While we do not endeavor to address herein all the inaccurate statements made by the PEC concerning the document productions of MWL and IIRO, we note that the PEC's complaint that the productions "lack any internal logic or order" is demonstrably wrong.  MWL and IIRO have provided *over 4800 pages of indices* listing the responsive documents, the document request or groups of document requests to which the documents are responsive, and the source of the documents.  Moreover, the PEC's complaint about the volume of "irrelevant documents" documents produced by MWL and IIRO or the manner in which the documents were organized are most likely a direct consequence of the Plaintiffs' decision to serve *over 275 requests* on MWL and IIRO, some of which include sub-requests listing a combined total of *over 260 names of individuals and entities*, essentially multiplying the number of requests to *over 500*.  We have provided documents that Plaintiffs have requested.  That they require translation is not surprising as the business of our clients was predominantly conducted in Arabic.

    Since the inception of our representation, an unprecedented effort has been made in Saudi Arabia and around the world to review and collect responsive documents and to comply fully with all existing Orders.  The PEC appears intent on dredging up ancient history and reprising complaints that no longer have any substance.  Nearly a half a million pages of documents have been produced in full accordance with the Federal Rules.

    It is, moreover, not credible that the PEC complain now about the completeness of the production since by their own admission, they have not reviewed all the documents.  While all of this can be taken up by the Court when it reviews the motions, given that the PEC have supplemented their "there are too few documents here" with a new claim that "there are too many documents here," we are compelled to tell the Court that despite massive efforts all over the world, the PEC is dead set on seeking to compel documents and sanctions as it has said numerous times for almost the last decade.  Based on this record, there is no longer a basis for a motion to compel, and certainly no basis for sanctions.



Hon. Sarah Netburn<br>
October 3, 2017<br>
Page 3

Given the many years of document discovery in this case, the change in counsel that occurred in 2013, and the substantial productions made by MWL and IIRO, any motions for sanctions should be presented, if at all, after the outstanding document discovery issues raised in the PEC's letter of September 30 have been addressed by meet-and-confer discussions or resolved by Your Honor upon consideration of the full record on these issues.[1]  Proceeding as the PEC suggests – to simultaneously brief issues of purported non-compliance that they assert were addressed by Judge Maas in hearings that took place nearly six years ago while also raising issues that the PEC concede are "related" to issues to be addressed in their anticipated motions to compel – would be grossly inefficient, prejudicial and wasteful of the parties' resources.  We submit that the better course of action would be to proceed as we have outlined above.  Specifically, we would request that Your Honor direct that counsel meet-and-confer after the PEC have completed their review of the supplemental productions made by MWL and IIRO, that any remaining areas of dispute be addressed in motions to compel filed no later than January 15, 2018, and that motions for sanctions be addressed, if at all, after the motions to compel are resolved.

Respectfully submitted,

Waleed Nassar

---

[1] We welcome the opportunity to present to Your Honor the myriad of ways in which MWL and IIRO have worked to respond to the *over 275 document requests* served on them and the efforts made to work with the PEC to address what appears to be a never-ending list of complaints about what has been an exhaustive search for and production of decades-old documents that exist all across the globe.  As part of this process, Lewis Baach Kaufmann Middlemiss attorneys have traveled on document retrieval visits totaling several months combined to Jeddah, Makkah, the Eastern Province of Saudi Arabia, the Philippines, Indonesia, Pakistan, Bosnia, Albania, Macedonia, Kosovo, Sudan, Tanzania, Kenya, Jordan and Vienna, reviewing an estimated two million pages of hard copy documents.