UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br><br> ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-cv-06978
*Thomas Burnett, Sr., at al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-09849
*Kathleen Ashton, et al v. Al Qaeda Islamic Army, et al.*, Case No. 02-cv-06977
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka, et al.*, Case No. 04-cv-01923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, Case No. 04-cv-05970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, Case No. 04-cv-07065
*Euro Brokers, Inc., et al. v. Al Baraka, et al.*, Case No. 04-cv-07279

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
SANCTIONS AGAINST DEFENDANT WA'EL HAMZA JELAIDAN**

## I. PRELIMINARY STATEMENT

Throughout this litigation, defendant Wa'el Hamza Jelaidan has consciously obstructed plaintiffs' efforts to obtain relevant discovery, demonstrated a profound disregard for the authority of this Court, and engaged in other egregious behavior. *See* October 28, 2013 Memorandum Decision and Report and Recommendation (ECF No. 2789) at p. 9 ("Jelaidan's conduct throughout this case evidences a continued unwillingness to participate fairly in discovery and can only be characterized as proceeding in bad faith."); *id.* ("Jelaidan's failure to meet even his most basic discovery obligations thus has resulted in extreme delay."); p. 12 (stating there is "significant doubt" that Jelaidan "made prior good faith attempts to contact his banks"); p. 14 (stating that "Jelaidan has not made good faith efforts to satisfy his discovery obligations"); p. 15 (finding "that Jelaidan has willfully disregarded his discovery obligations and acted in bad faith"); *id.* ("Jelaidan's failure to undertake any efforts to retrieve responsive

documents for nearly one and one-half years after he was ordered to do so is clear evidence of his intentionally obstructive conduct.").

Materials submitted by Jelaidan's counsel to the Office of Foreign Assets Control ("OFAC") on June 19, 2017 indicate that Jelaidan has been in possession of records relating to accounts he held at Faisal Finance (Switzerland) S.A., contrary to his representations to this Court and plaintiffs, and which he has never produced in defiance of the specific orders of this Court. In light of the defendant's continuing obstructionist behavior in these proceedings, intervention by this Court is again necessary. Plaintiffs respectfully request that the Court issue a sanctions order pursuant to F.R.C.P. 37 requiring Jelaidan to: (1) promptly produce affidavit testimony explaining how and when he came into possession of his banking records from Faisal Finance (Switzerland) S.A. that were submitted to OFAC; (2) explain when he provided those records to his counsel in this litigation; (3) certify under oath whether he is in possession of any other records responsive to plaintiffs' discovery requests that have not been produced; (4) appear for a special deposition concerning the efforts undertaken by the defendant and his legal team to locate and secure documentation responsive to plaintiff's discovery requests; (5) pay for the reasonable costs of the proposed discovery deposition, including reasonable attorneys' fees associated with the deposition; and (6) pay plaintiffs' reasonable attorneys' fees for bringing this motion.

**II.    FACTUAL BACKGROUND**

On June 13, 2006, plaintiffs served their consolidated First Set of Requests for Production of Documents Directed to Wa'el Hamza Jelaidan seeking *inter alia*, relevant banking and financial records, including documentation relating to accounts held by Jelaidan at Faisal Finance (Switzerland) S.A.  *See* Request Nos. A-6 and A-7, attached hereto as Exhibit A.  On August 15, 2006, Jelaidan served responses and objections to plaintiffs' document requests and

produced his first, and only, document production in this litigation. That production, consisting of a mere 22 documents (104 pages), included two documents relating to Jelaidan's account at Faisal Finance: (1) a three-page bank statement for Account No. x0409 at Faisal Finance for the month of January 2005 (WJ003); and (2) a September 25, 2002 letter from Faisal Finance notifying Jelaidan that Account No. x0409 has been frozen per the directives of the Swiss Federal Prosecutor (WJ013). The remainder of Jelaidan's production is largely unresponsive to plaintiffs' document requests.

Plaintiffs filed numerous motions to compel directed to Jelaidan in an attempt to secure basic compliance with his discovery obligations, resulting in several orders directing him to undertake assiduous efforts to obtain and produce responsive records, including his banking and financial records, and the imposition of sanctions. The history of Jelaidan's non-compliance in this litigation is well documented, as detailed in plaintiffs' letters to the Court dated August 10, 2015 (ECF No. 2988) and May 12, 2017 (ECF No. 3582), which are incorporated by reference and attached hereto as <u>Exhibits B</u> and <u>C</u> respectively. *See also* plaintiffs' additional submissions to the Court at <u>Exhibits D</u> and <u>E</u>.

More recently, on May 3, 2017, plaintiffs were again compelled to request the Court's intervention when it became clear that Jelaidan was repeatedly failing to comply with this Court's October 31, 2017 Order to employ "diligent efforts to secure the necessary OFAC license to comply with the orders of this Court" and to file status letters every 60 days describing those efforts (ECF No. 3380). *See* plaintiffs' May 3, 2017 letter motion for sanctions at ECF No. 3542.

In response to the Court's May 25, 2017 Order directing the defendant to submit status reports every thirty days thereafter (ECF No. 3610), defendant Jelaidan submitted his sixth status report to the Court on June 26, 2017 describing additional communications with OFAC (ECF

No. 3635). *See* Exhibit F. Included as an attachment to the status report is a June 19, 2017 email from Jelaidan's counsel to the Treasury Department transmitting "documents from Faisal Finance in Switzerland (noting my client's bank account numbers with the institution and last known amount with the bank) and a translated copy (with the original) of a letter from the Attorney General of Switzerland that lists his Citi Bank account number and information." *See id.* The attachments were not included in the defendant's June 26 submission to the Court, and plaintiffs subsequently sent multiple requests to Jelaidan's counsel asking for copies of those documents. *See* plaintiffs' September 14, 2017 letter to Mr. Martin McMahon at Exhibit G.

Mr. McMahon finally provided copies of the requested attachments on September 15, 2017, consisting of: (1) 16 pages of banking records relating to Jelaidan's bank account at Faisal Finance (Switzerland) S.A. (Account No. x0409), including account statements and summaries, wire transfers, and multiple pieces of correspondence between Jelaidan and bank officials; and (2) an October 16, 2002 Order from the Office of the Attorney General of Switzerland directing the seizure of Jelaidan's bank account at Citibank of Geneva (Account No. xx4046).[1] *See* Exhibit K.

Upon closer examination of the documents, plaintiffs have confirmed that a majority of the Faisal Finance banking records relating to Account No. x0409 (15 of the 16 pages), have never been produced by Jelaidan in discovery.[2] Those documents fall squarely within the scope of the Court's prior directives that Jelaidan undertake vigorous and expeditious efforts to obtain requested banking records. November 16, 2011 Discovery Hearing Transcript of Record at p. 33 ("I guess, Mr. McMahon, it comes down to the same thing that I said with respect to your other two clients, namely, that there has to be a full court press. And, as Mr. Carter indicated and I've

---

[1] The October 16, 2002 Order was previously produced as an exhibit to the defendant's October 6, 2015 Opposition to Plaintiffs' Motion to Compel at ECF No. 3062.

[2] The first document in that attachment, a September 25, 2002 letter from Faisal Finance notifying Jelaidan that Account No. x0409 has been frozen per the directives of the Swiss Federal Prosecutor (WJ013), was produced to plaintiffs on August 16, 2006.

4

said before, it has to be documented.  If you're not sufficiently able to document a vigorous effort to obtain those documents, it may be that sanctions are imposed.").[3]

## III. DISCUSSION

Throughout discovery, Jelaidan has maintained that Faisal Finance and other banks were unwilling to cooperate with him and his legal team given his designation as a founding member of al Qaeda and terror financier.  *See*, *e.g.*, Defendant Wael Jelaidan's Opposition to Plaintiffs' Motion to Compel (ECF No. 3062), at pp. 1-2 ("Defense counsel can represent to the Court that nothing has changed in this regard, i.e., Saudi counsel has been unable to secure Swiss bank account documents."); p. 3 (asserting that "the banks were fearful of working with Defendant"); p. 6 (claiming that Jelaidan and his legal team were blocked from obtaining copies of relevant banking documents once Swiss bank authorities seized his account); and p. 7 (asserting that "an individual designated as an international terrorist cannot secure, let alone produce, bank records that a foreign government has seized and sequestered").  *See also* October 29, 2011 Affidavit of Wael Hamzah Jelaidan at Exhibit J, at p. 2:

> I did have a personal bank account with Faisal Finance S.A. in Switzerland.  However, after the said UN Designation, the account was frozen by the Swiss Authorities per the UN directive.  Since then, I do not have the legal authority to access the account nor request any documentation.

The Court rejected these unsubstantiated claims, concluding that responsive banking records are accessible to the defendant:

> The remaining material proffered in opposition to the Plaintiffs' motion confirms that Jelaidan has not made good faith efforts to satisfy his discovery obligations.

---

[3] On August 10, 2015, plaintiffs filed a further motion to compel and for leave to seek additional sanctions against Jelaidan, in which plaintiffs argued that documents produced by defendant Yassin Kadi indicated that Jelaidan had successfully obtained certain of his banking records for Kadi's benefit, including records from Faisal Finance.  *See* Exhibit H (KADI0004271-4272) (Jelaidan personally met with Kadi's legal team and authorized their access to corporate and banking records.); Exhibit I (KADI0102987) (Faisal Finance advised Jelaidan that the bank was retrieving the requested account records and would courier the documents to Jelaidan once completed.).  Plaintiffs argued that the records produced by Kadi indicated not only that Jelaidan's representations to the Court that he had been unable to obtain his records were false, but also that he was in fact in possession of records that he had not produced.  The documents recently submitted to OFAC provide further evidence those facts.

> *Indeed, some of the materials submitted for <u>in</u> <u>camera</u> review actually suggests that certain relevant bank records <u>are</u> available to Jelaidan, despite his claims to the contrary.*  Moreover, although Jelaidan continues to take the position that he has been blocked from obtaining any relevant bank records since being designated in 2002, he apparently was able to produce a 2005 account statement from Faisal Finance.  (<u>See</u> 11/16/11 Hr'g Tr. at 34).  *These inconsistencies show that Jelaidan has been less than forthcoming about the documents he is capable of obtaining and producing.*

*See* October 28, 2013 Memorandum Decision and Report and Recommendation (ECF No. 2789), at p. 14 (emphasis supplied).

The September 2017 disclosure of the Faisal Finance account records affirms the Court's findings relating to Jelaidan's practical ability to obtain responsive banking records, indicates that Jelaidan has made knowingly false representations to this Court and plaintiffs in an effort to evade his discovery obligations, and has withheld production of documents in his possession despite the Court's specific orders directing him to produce those records.  In light of these considerations, plaintiffs respectfully submit that an order from this Court sanctioning Jelaidan is appropriate.  To that end, plaintiffs respectfully request that the Court enter an order requiring Jelaidan to provide a sworn affidavit addressing the following topics and issues:

- The circumstances pursuant to which Jelaidan and/or his Saudi legal team came into possession of the Faisal Finance account records that were submitted to OFAC, including how they were obtained, from whom they were obtained, and the date Jelaidan and/or his Saudi legal team came into possession of the records;

- The circumstances pursuant to which the Jelaidan's U.S. counsel (Mr. McMahon) came into possession of the Faisal Finance account records that were submitted to OFAC, including how he obtained them, from whom he obtained them, the date he came into possession of the records, and whether any instructions were given to Mr. McMahon in relation to the purpose of those records;

- The circumstances and/or reasoning for withholding the Faisal Finance account records from production until September 15, 2017, eleven years after the start of merits discovery; and

- Whether the defendant is in possession of any other records responsive to plaintiffs' discovery requests that have not been produced.

In addition, plaintiffs respectfully submit that Jelaidan should be required to appear for a special deposition concerning the efforts undertaken by the defendant and his legal team to search for and secure documentation responsive to plaintiffs' discovery, without prejudice to plaintiffs' right to depose Jelaidan at a later date as to the full scope of claims asserted against him in this litigation. As detailed in plaintiffs' prior motions to compel at Exhibits B, D, and E, Jelaidan has utterly failed to produce documents relating to his bank accounts,[4] businesses, employment and leadership positions with various Saudi da'awa organizations (*e.g.*, Muslim World League ("MWL"), International Islamic Relief Organization ("IIRO"), Saudi Joint Relief Committee ("SJRC"), Saudi Red Crescent ("SRC"), Rabita Trust, and Al Haramain Al Masjed Al Aqsa), and other associations. Accordingly, plaintiffs respectfully ask the Court to direct Jelaidan to appear for a deposition to explain what steps he has taken to comply with the Court's prior discovery orders and produce responsive documents. After eleven years of discovery, it is more than appropriate to require the defendant's presence to personally respond to plaintiffs' inquiries on these issues.

Moreover, given the significant amount of time and resources expended by the plaintiffs over the past six years to compel discovery from the defendant, plaintiffs respectfully request that Jelaidan be required to: (i) pay for the reasonable costs of the proposed discovery deposition, with a budget to be submitted to the Court for approval in advance; (ii) pay plaintiffs' reasonable attorneys' fees associated with the deposition; and (iii) pay plaintiffs' reasonable attorneys' fees for bringing this motion. *See American Cash Card Corp. v. AT&T Corp.*, 184 F.R.D. 521 (S.D.N.Y. 1999) (granting sanctions for repeated failures to comply with discovery orders); *Owen v. No Parking Today, Inc.*, 280 F.R.D. 106 (S.D.N.Y. 2011) (imposing sanctions

---

[4] Through their independent investigations, plaintiffs have identified approximately twenty (20) bank accounts linked to Jelaidan, including accounts at Faisal Finance (Switzerland) S.A., Faisal Finance (Turkey), Al Rajhi Bank, Habib Bank, Bank Austria, Privedna Banka Zagreb, Citibank, and others.

of attorney's fees in response to the defendant's failure to fully respond to discovery requests and multiple orders and directives of the court).

## IV. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court enter an order directing defendant Wa'el Hamza Jelaidan to: (1) promptly produce affidavit testimony explaining how and when he came into possession of his banking records from Faisal Finance (Switzerland) S.A. that were submitted to OFAC; (2) explain when he provided those records to his counsel in this litigation; (3) certify under oath whether he is in possession of any other records responsive to plaintiffs' discovery requests that have not been produced; (4) appear for a special deposition concerning the efforts undertaken by the defendant and his legal team to locate and secure documentation responsive to plaintiff's discovery requests; (5) pay for the reasonable costs of the proposed discovery deposition, including reasonable attorneys' fees associated with the deposition; and (6) pay plaintiffs' reasonable attorneys' fees for bringing this motion.

Dated: October 6, 2017

Respectfully Submitted,

/s/ Sean P. Carter
Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 665-2000

Jodi W. Flowers, Esq.
Robert T. Haefele, Esq.
MOTLEY RICE, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465
Tel: (843) 216-9000

James P. Kreindler, Esq.
Andrew J. Maloney, III, Esq.
KREINDLER & KREINDLER, LLP
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel:  (212) 687-8181

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel:  (212) 278-1000

Robert M. Kaplan, Esq.
FERBER CHAN ESSNER & COLLER, LLP
60 East 42nd Street, Suite 2050
New York, New York 10165
Tel:  (212) 944-2200

Christopher T. Leonardo, Esq.
ADAMS HOLCOMB LLP
1001 Pennsylvania Ave., N.W.
Suite 740-South
Washington, D.C. 20004
Tel: (202) 580-8820

*Attorneys for Plaintiffs*