# EXHIBIT E

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA HAND DELIVERY**

January 30, 2013

The Honorable Frank Maas
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

      Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

      The Plaintiffs' Executive Committees, on behalf of all plaintiffs, submit this letter and the accompanying exhibits and respectfully request that the Court enter an Order, pursuant to F.R.C.P. 37(a), compelling defendant Wa'el Hamza Jelaidan, a co-founder of al Qaeda and Executive Order 13224 designee, to: (1) immediately produce documentation verifying all efforts the defendant and his counsel have undertaken to request and secure documents responsive to plaintiffs' requests for production of documents, consistent with this Court's November 16, 2011 Order; and (2) immediately produce all documents and materials in his possession, custody, or control responsive to plaintiffs' Supplemental Requests for Production of Documents. If the defendant will not comply with this Court's discovery orders, plaintiffs respectfully submit that severe sanctions are warranted given defendant Jelaidan's ongoing refusal to meaningfully respond to plaintiffs' discovery and failure to comply with this Court's clear orders.

### I.    DEFENDANT JELAIDAN HAS FAILED TO COMPLY WITH THIS COURT'S NOVEMBER 16, 2011 DISCOVERY ORDER

      On October 17, 2011, plaintiffs submitted a letter motion to this Court seeking an order compelling defendant Jelaidan to produce several categories of documents, including but not limited to: (1) banking and financial accounts associated with the al Qaeda financier; (2) the defendant's relationship with other Executive Order 13224 designees, including transfers of

The Honorable Frank Maas
January 30, 2013
Page 2

---

millions of dollars between them; and (3) the imposition of financial and other sanctions upon Jelaidan following his September 2002 designations by the United States, Kingdom of Saudi Arabia, and United Nations. *See* October 17, 2011 letter motion at Exhibit A.[1]

With respect to the bank accounts, plaintiffs' submission identified a number of specific accounts linked to Jelaidan, several of which had been frozen following his designations as a terrorist financier, including an account Jelaidan holds jointly with Osama bin Laden. *See id.* (identifying accounts at Faisal Finance (Switzerland) S.A., Al Rajhi Bank, Habib Bank, and other banks).

In opposition to plaintiffs' motion, Jelaidan primarily asserted that he had made a number of good faith attempts to request and obtain responsive account records from the banks, but that banking officials were unwilling to cooperate with him given his designations. The defendant did not provide any documentary evidence to verify these claims, but merely submitted his own affidavit in support. In response, plaintiffs offered affidavit testimony from Professor Jimmy Gurulé, former Under-Secretary (Enforcement) of the United States Department of the Treasury, which makes clear that the sanctions programs implemented by the United States and United Nations were purposely designed to prevent designees like Jelaidan from gaining access to funds or other assets in frozen bank accounts, *but not from requesting and obtaining basic banking records for the blocked account(s)*. As Professor Gurulé states:

> Neither the text of E.O. 13224, nor any regulations promulgated thereunder, nor the text of UN Security Resolution 1267, nor any related Security Council resolutions, preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked.
>
> Neither the Treasury Department nor the UN 1267 Committee have ever interpreted either E.O. 13224 or UN Security Resolution 1267, or any related regulations or security resolutions, to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked.
>
> And finally, neither the Treasury Department nor the UN 1267 Committee have ever prohibited or banned or taken action otherwise to preclude a financial institution from providing a designated or listed party with account statements concerning an account that has been frozen or blocked.

*See* Declaration of Professor Jimmy Gurulé, Exhibit 1 to plaintiffs' November 9, 2011 letter reply brief, attached hereto as Exhibit B.

---

[1] Since the commencement of merits discovery with the defendant, Jelaidan has made only a single production of documents to plaintiffs. That production, dating back to August 15, 2006, consisted of a mere 22 documents (104 pages), many of which are unresponsive to plaintiffs' discovery requests and have no relevance to the specific issues articulated in those requests.

The Honorable Frank Maas
January 30, 2013
Page 3

---

At the November 16, 2011 discovery hearing, after first determining that the account records are in fact within Jelaidan's control given his practical ability to obtain them from the banks, the Court directed the defendant to undertake vigorous and expeditious efforts to obtain the requested banking materials, and to document those good faith efforts:

> I guess, Mr. McMahon, it comes down to the same thing I said with respect to your other two clients, namely, that there has to be a full-court press. And, as Mr. Carter indicated and I've said before, it has to be documented. If you're not sufficiently able to document a vigorous effort to obtain those documents, it may be that sanctions are imposed.

*See* November 16, 2011 Discovery Hearing Transcript, p. 33.

Only a few short weeks following the hearing (19 days), defendant's counsel sent a cursory email to plaintiffs' counsel, advising that further attempts by Jelaidan and his Saudi Arabian attorney (Mr. Bassim Alim) to obtain responsive documentation had been exhausted, claiming once again that certain government and commercial entities were unwilling to cooperate with the defendant and/or his attorney. *See* December 5, 2011 email from Martin McMahon to plaintiffs' counsel, attached hereto as Exhibit C.

To date, plaintiffs have heard nothing further from the defendant regarding his attempts to obtain and produce responsive discovery materials, nor has the defendant produced any documentary evidence verifying his claims that he and his attorneys have made diligent and exhaustive efforts to contact banking officials and/or other potential custodians of documents responsive to Plaintiffs' First Set of Requests for Production of Documents Directed to Wa'el Hamza Jelaidan. Indeed, the August 30, 2012 discovery deadline passed without receiving a single document from defendant Jelaidan or any explanation as to the vigorous efforts made to obtain any responsive documents.[2] Accordingly, plaintiffs respectfully request that this Court enter an order compelling the defendant to immediately produce all documentation supporting any and all attempts undertaken by Jelaidan and his representatives to obtain the requested discovery materials. Specifically, Jelaidan should be compelled to:

- Identify every source to which requests for responsive documents were made, including without limitation: (a) the date of the request; (b) the name of the individual and/or organization to whom the request was directed, including their title, address, telephone number, and email address; (c) documents sought by the request; and (d) the time period covered by the request;

- Produce all communications (oral and written) sent to and received from each identified source concerning the defendant's requests for documents and information (responsive

---

[2] Jelaidan's failure to produce any documents in accordance with the August 30 deadline directed by this Court should not serve to benefit the defendant in these proceedings. In the event that Jelaidan eventually complies with this Court's orders and produces responsive documentation and information, plaintiffs reserve the right to seek extensions of the existing discovery schedule to allow for translation, follow-up discovery, and motion practice.

The Honorable Frank Maas
January 30, 2013
Page 4

- documents shall include, but are not limited to, correspondence, letters, emails, facsimiles, transcribed voicemails, or otherwise);

- Identify any and all independent efforts undertaken by Jelaidan to request and obtain responsive documents, including documentation verifying those efforts;

- Identify any additional efforts undertaken by Mr. McMahon and his staff at the Law Offices of Martin F. McMahon & Associates, and/or Mr. Alim, to request and obtain responsive documents, including documentation verifying those efforts; and

- Produce the letter received from Mr. Alim identified in Exhibit C.

Plaintiffs respectfully submit that the scope of the proposed order should extend to the defendant's attempts to request and obtain responsive materials both prior to *and* after the November 16, 2011 hearing.[3]

## II.  DEFENDANT JELAIDAN HAS FAILED TO RESPOND TO PLAINTIFFS' SUPPLEMENTAL DOCUMENT REQUESTS

On July 31, 2012, plaintiffs served their consolidated Supplemental Requests for Production of Documents to Wael Jelaidan, attached hereto as Exhibit D. Those requests seek *inter alia*: (i) banking and financial documents for additional accounts directly linked to the defendant; (ii) documents relating to Jelaidan's relationship with U.S. aviation schools attended by certain of the 9/11 hijackers; (iii) documents relating to Jelaidan's relationship with the Muwafaq Foundation, a purported charity co-founded by defendants Khalid bin Mahfouz and Yassin al Kadi which merged with al Qaeda prior to the 9/11 attacks; and (iv) documents relating to Jelaidan's relationship with individuals and entities that were a part of the al Qaeda financial network.

To date, the defendant has failed to serve responses to plaintiffs' supplemental discovery requests, and thus waives any objection to those requests. Accordingly, plaintiffs respectfully request that the Court order Jelaidan to immediately produce all responsive materials in accordance with Rule 34(b)(2)(E).

---

[3] Plaintiffs reserve their right to seek sanctions from defendant Jelaidan for the issues addressed in this letter submission. *See American Cash Card Corp. v. AT&T Corp.*, 184 F.R.D. 521 (S.D.N.Y. 1999) (granting sanctions and entering default judgment for repeated failures to comply with discovery orders); *Montblanc-Simplo GMBH v. Colibri Corp.*, 692 F. Supp. 2d 245 (E.D.N.Y. 2010) (granting motion for default judgment where defendants willfully refused to participate in the litigation); *Owen v. No Parking Today, Inc.*, 280 F.R.D. 106 (S.D.N.Y. 2011) (imposing sanctions of attorney's fees in response to the defendant's failure to fully respond to discovery requests and multiple orders and directives of the court). However, largely because Jelaidan has provided virtually no information to date, plaintiffs believe that the issue of sanctions may be more appropriately addressed on the basis of a more complete record.

The Honorable Frank Maas
January 30, 2013
Page 5

---

                                            Respectfully submitted,

                                            THE MDL 1570 PLAINTIFFS' EXECUTIVE
                                            COMMITTEES

cc:    The Honorable George B. Daniels, U.S.D.J. (Via Hand Delivery)
        Members of Plaintiffs' Executive Committees (Via Email)
        Martin F. McMahon, Esq. (Via Email)
        Alan R. Kabat, Esq. (Via Email)

PHILADELPHIA\6809995\3 117430.000