# EXHIBIT B

```
1   H97sINRc

2   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
3   ------------------------------x

4   IN RE:   TERRORIST ATTACKS ON SEPTEMBER 11, 2001

5
                                      03 MD 1570 (GBD)(SN)
6
    ------------------------------x
7
                                      New York, N.Y.
8                                     September 7, 2017
                                      3:30 p.m.
9

10  Before:

11                  HON. SARAH NETBURN,

12                                    U.S. Magistrate Judge

13                        APPEARANCES

14  SIMMONS HANLY CONROY
         Attorneys for the Burnett plaintiffs
15  BY:  ANDREA BIERSTEIN

16  KREINDLER & KREINDLER
         Attorneys for the Ashton plaintiffs
17  BY:  ANDREW J. MAHONEY
         JAMES KREINDLER
18
    COZEN O'CONNOR
19       Attorneys for Federal Insurance plaintiffs
    BY:  SEAN P. CARTER
20
    MOTLEY RICE
21       Attorneys for the Burnett plaintiffs
    BY:  ROBERT T. HAEFELE
22
    ANDERSON KILL
23       Attorneys for the O'Neill plaintiffs and putative class
    BY:  BRUCE STRONG
24       ETHAN W. MIDDLEBROOKS

25
```

```
 1   that there is also, related to some of the individual
 2   defendants, a question about passports, both personal passports
 3   and governmental passports.
 4            I'm not sure at this point a motion to compel is the
 5   right motion to be filing.  It seems to me a motion for
 6   sanctions is the appropriate motion to be filing.
 7            MR. CARTER:  Your Honor, we wanted, obviously, to give
 8   the defendants an opportunity to cure the problems, and that is
 9   why we went into the level we did in the status report.  I
10   think we agree, if they haven't complied, that's the
11   appropriate recourse.
12            THE COURT:  Counsel, is there an intention to comply
13   any further with Judge Maas' orders?
14            MR. KABAT:  With respect to the individual
15   defendants --
16            THE COURT:  I'm sorry.  Put the microphone to you as
17   well.
18            MR. KABAT:  With respect to the individual defendants,
19   we had to wait until the World League completed the production
20   with them to be able to certify that all documents had been
21   produced and abeyances are involved and so forth, and that
22   production was completed two weeks ago.  We submitted the
23   certification to our client for their review, and we hope to
24   have them sign within a week or two, certainly by the end of
25   the month.
```

1    THE COURT:  The certification will be provided in the
2  next two weeks.
3           What about with respect to passports?  My
4  understanding is that there was a response to one of the
5  discovery demands that the officials were traveling primarily
6  on official passports which were not in their possession.
7           I don't understand why your clients can't obtain
8  a certified copy of their passports from the relevant
9  government entity in order to produce that, and then there is
10 also a question about any personal passports that they may have
11 and travel on.
12          MR. KABAT:  Our client inquired about that, and we
13 have not been successful so far.  We will keep on working on
14 it.  I'm sorry.
15          THE COURT:  The alternative, as I mentioned, I don't
16 think a motion to compel the production is the right posture at
17 this point.  You've been ordered to produce these documents.
18 You failed to do so.
19          What I am going to do is set a deadline for the
20 sanctions motion.  I'll give you time to have one last
21 opportunity to cure, to produce these documents, but if they
22 can't be, if they aren't produced within the next 30 days, I
23 am going to invite a sanctions motion from the Plaintiffs'
24 Executive Committee.
25          Today is September 7.  Why don't we set Friday, the

1  6th of October, as a deadline for any sanctions motion with
2  respect to those individual defendants.  Is two weeks enough
3  time to respond to that motion?
4          Any opposition to that motion will be filed on
5  October 20, and if the Plaintiffs' Executive Committee wants to
6  file a reply, that will be filed October 27.
7          Who is here on behalf of Mr. Al-Buthe?
8          MR. KABAT:  I am.
9          THE COURT:  You as well?
10         Same question.  I think there's been some productions
11 and certifications that Judge Maas previously ordered.
12         MR. KABAT:  We should be able to have the
13 certification within a week or two, or certainly by the end of
14 the month, and I am going to have to review the rest of the
15 documents they claim we haven't produced to double-check again
16 what we have.  It may be that he simply does not have those
17 documents.  I need to double-check with our client on that.
18         THE COURT:  OK.  If you can continue the
19 meet-and-confer with respect to all those individuals,
20 hopefully there will be a cure and the appropriate
21 certifications will be provided.  To the extent your clients
22 are withholding any documents on privilege grounds, that needs
23 to be produced, a privilege log needs to be produced, I
24 understand that hasn't been produced yet, and obviously
25 certified copies of both the official passport and any personal

```
 1   passport that would be in your clients' possession, that needs
 2   to be produced.  Your time to cure is up until October 6, at
 3   which time the sanctions motion will be filed.
 4            MR. KABAT:  I would just note that Mr. Al-Buthe has
 5   already submitted his passport.  That is not an issue for him.
 6            THE COURT:  Terrific.  Thank you.
 7            Any issues with respect to obviously Dallah Avco, we
 8   already addressed motions to compel.  I interpret the letter to
 9   say there is nothing further that the Executive Committee is
10   seeking.  With respect to Mr. Jelaidan, I understand we are
11   trying to get the OFAC license issue squared away.  I don't
12   think there is anything for the court to do on that defendant.
13            MR. CARTER:  Your Honor, there were two issues.
14            With regard to Dallah Avco, we thought there was some
15   ambiguity in the letter we received from Mr. Kry about the
16   scope of the search, for meetings within Dallah Avco about the
17   September 11 investigation pursuant to your Honor's order.
18            I spoke to Mr. Kry.  It sounds as though from his
19   explanation to me that they have searched for all potential
20   meetings, but we are just asking for clarification of that in
21   writing.
22            THE COURT:  Can you provide that?
23            MR. KRY:  I'll raise that with my client and provide
24   the appropriate clarification.
25            THE COURT:  If you can get that done in the next two
```