## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In Re: Terrorist Attacks on September 11, 2001** | **As relates to: 03 MDL 1570 (GBD) (SN)** |
| MUENCHENER RUECKVERSICHERUNGS-GESELLSCHAFT AKTIENGESELLSCHAFT IN MUENCHEN; NEW REINSURANCE COMPANY, LTD.; AIG SPECIALTY INSURANCE COMPANY; CHARTIS EXCESS LIMITED; AIU INSURANCE COMPANY; AMERICAN HOME ASSURANCE COMPANY; AIG INSURANCE COMPANY – PUERTO RICO; AIG INSURANCE COMPANY OF CANADA; AIG ASSURANCE COMPANY; AIG PROPERTY CASUALTY COMPANY; COMMERCE AND INDUSTRY INSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; ILLINOIS NATIONAL INSURANCE CO.; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; LEXINGTON INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AND NEW HAMPSHIRE INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>KINGDOM OF SAUDI ARABIA; SAUDI HIGH COMMISSION FOR RELIEF OF BOSNIA & HERZEGOVINA; AL RAJHI BANK; NATIONAL COMMERCIAL BANK; AND SAUDI BINLADIN GROUP<br><br>Defendants. | CIVIL ACTION NO:<br><br><br>**SHORT FORM COMPLAINT AND DEMAND FOR TRIAL BY JURY**<br><br>ECF CASE |

## SHORT FORM COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiffs Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, New Reinsurance Company, Ltd., AIG Specialty Insurance Company, Chartis Excess Limited, AIU Insurance Company, American Home Assurance Company, AIG Insurance Company – Puerto Rico, AIG Insurance Company of Canada, AIG Assurance Company, AIG Property Casualty Company, Commerce and Industry Insurance Company, Granite State Insurance Company, Illinois National Insurance Co., The Insurance Company of the State of Pennsylvania, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company (collectively "Plaintiffs"), file this *Short Form Complaint and Demand for Trial by Jury* against Defendants named herein by and through the undersigned counsel.  Plaintiffs incorporate by reference the specific allegations, as indicated below, of Plaintiffs' *Consolidated Amended Complaint* as to the Kingdom of Saudi Arabia ("Kingdom" or "Saudi Arabia") and the Saudi High Commission for Relief of Bosnia & Herzegovina ("the SHC") and *Demand for Jury Trial* in *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570, in the United States District Court for the Southern District of New York (hereinafter "the CAC"). Plaintiffs file this *Short Form Complaint and Demand for Jury Trial* as permitted and approved by the Court's Order of May 3, 2017, ECF No. 3543.

Additionally, Plaintiffs incorporate by reference the specific allegations, as indicated below, of the *First Amended Complaint* as to Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group and *Demand for Jury Trial* in *The Underwriting Members of Lloyd's Syndicates 2, et al. v. Al Rajhi Bank, et al.*, Case No. 1:16-CV-07853, in the United States District Court for the Southern District of New York (hereinafter "the FAC").  By letter filed separately with this *Short Form Complaint*, Plaintiffs acknowledge their agreement to have any

2

motion to dismiss the FAC, or Answer to the FAC, filed by Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group be deemed applicable to this Complaint, as contemplated by the Court's Order of May 16, 2017, ECF No. 3584.

## I.      PLAINTIFFS

1.      Plaintiff, Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen ("MR Munich"), is a corporation organized and existing under the laws of Germany, with a principal place of business at Koeniginstrasse 107, Munich, Germany.  At all times relevant hereto, MR Munich was engaged in the business of reinsurance.

2.      Plaintiff, New Reinsurance Company, Ltd. ("New Re"), is a corporation organized and existing under the laws of Switzerland, with a principal place of business at Zollikerstrasse 226, Zurich, Switzerland.  At all times relevant hereto, New Re was engaged in the business of reinsurance.

3.      Plaintiff, AIG Specialty Insurance Company ("AIG Specialty"), is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 175 Water Street, New York, New York.  At all times relevant hereto, AIG Specialty was engaged in the business of insurance.

4.      Plaintiff, Chartis Excess Limited ("Chartis"), is a corporation organized and existing under the laws of Ireland, with a principal place of business at 30 North Quay Wall, Dublin, Ireland.  At all times relevant hereto, Chartis was engaged in the business of insurance.

5.      Plaintiff, AIU Insurance Company ("AIU"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 175 Water Street, New York, New York.  At all times relevant hereto, AIU was engaged in the business of insurance.

6.      Plaintiff, American Home Assurance Company ("American Home"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 175 Water Street, New York, New York.  At all times relevant hereto, American Home was engaged in the business of insurance.

7.      Plaintiff, AIG Insurance Company – Puerto Rico ("AIG Puerto Rico"), is a corporation organized and existing under the laws of Puerto Rico, with a principal place of business at 250 Munoz Rivera Avenue, Suite 500, Hato Rey, Puerto Rico.  At all times relevant hereto, AIG Puerto Rico was engaged in the business of insurance.

8.      Plaintiff, AIG Insurance Company of Canada ("AIG Canada"), is a corporation organized and existing under the laws of Canada, with a principal place of business at 145 Wellington Street W., Suite 1400, Toronto, Ontario, Canada.  At all times relevant hereto, AIG Canada was engaged in the business of insurance.

9.      Plaintiff, AIG Assurance Company ("AIG Assurance"), is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 175 Water Street, New York, New York.  At all times relevant hereto, AIG Assurance was engaged in the business of insurance.

10.     Plaintiff, AIG Property Casualty Company ("AIG Property Casualty"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 175 Water Street, New York, New York.  At all times relevant hereto, AIG Property Casualty was engaged in the business of insurance.

11.     Plaintiff, Commerce and Industry Insurance Company ("Commerce and Industry"), is a corporation organized and existing under the laws of the State of New York, with

a principal place of business at 175 Water Street, New York, New York.  At all times relevant

hereto, Commerce and Industry was engaged in the business of insurance.

      12.     Plaintiff, Granite State Insurance Company ("Granite"), is a corporation

organized and existing under the laws of the State of Illinois, with a principal place of business at

175 Water Street, New York, New York.  At all times relevant hereto, Granite was engaged in

the business of insurance.

      13.     Plaintiff, Illinois National Insurance Co. ("Illinois National"), is a corporation

organized and existing under the laws of the State of Illinois, with a principal place of business at

175 Water Street, New York, New York.  At all times relevant hereto, Illinois National was

engaged in the business of insurance.

      14.     Plaintiff, The Insurance Company of the State of Pennsylvania ("ICSPA"), is a

corporation organized and existing under the laws of the State of Illinois, with a principal place

of business at 175 Water Street, New York, New York.  At all times relevant hereto, ICSPA was

engaged in the business of insurance.

      15.     Plaintiff, Lexington Insurance Company ("Lexington"), is a corporation organized

and existing under the laws of the State of Delaware, with a principal place of business at 99

High Street, 18th Floor, Boston, Massachusetts.  At all times relevant hereto, Lexington was

engaged in the business of insurance.

      16.     Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National

Union"), is a corporation organized and existing under the laws of the Commonwealth of

Pennsylvania, with a principal place of business at 175 Water Street, New York, New York.  At

all times relevant hereto, National Union was engaged in the business of insurance.

17.     Plaintiff, New Hampshire Insurance Company ("New Hampshire Insurance"), is a corporation organized and existing under the laws of the State of Illinois, with a principal place of business at 175 Water Street, New York, New York.  At all times relevant hereto, New Hampshire Insurance was engaged in the business of insurance.

18.     At all times relevant hereto, Plaintiffs were engaged in the business of providing insurance and/or reinsurance coverage under various lines, including property damage, business interruption, worker's compensation, energy, political risk, casualty, and other coverages, to numerous corporations, companies, partnerships, trusts and persons that sustained losses as a result of the September 11th attacks.

19.     Pursuant to applicable policies of insurance and/or contracts of reinsurance, Plaintiffs and/or their predecessors in interest made payments in compensation for injuries suffered by nationals of the United States to their persons, properties and businesses by reason of the September 11, 2001 attacks, including payments in compensation for the physical destruction of the World Trade Center and other buildings, structures, or property, as well as, in certain cases, payments in compensation for death and physical injury to innocent civilians, and are thereby subrogated to the rights of recovery of those nationals of the United States.  In total, Plaintiffs' payments in compensation for losses resulting from the September 11th attacks are in excess of $1.5 billion.

## II.     **DEFENDANTS**

20.     The following entities are Defendants herein:

   (a)     Kingdom of Saudi Arabia;

   (b)     Saudi High Commission for Relief of Bosnia & Herzegovina;

   (c)     Al Rajhi Bank;

(d)    National Commercial Bank; and

(e)    Saudi Binladin Group.

21.    This *Short Form Complaint* shall be deemed subject to any motion to dismiss the CAC, or Answer to the CAC, filed by Saudi Arabia and the SHC.

22.    This *Short Form Complaint* shall also be deemed subject to any motion to dismiss the FAC, or Answer to the FAC, filed by Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group.

23.    By way of filing this *Short Form Complaint*, Plaintiffs shall not be deemed to have adopted any class-action allegations set forth in the CAC or waived any right to object to class certification or opt out of any certified class.  This *Short Form Complaint* also does not serve as a request for exclusion from any class that the Court may certify.

## III.   VENUE

24.    Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district.  Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## IV.   JURISDICTION

25.    Jurisdiction as to Saudi Arabia and the SHC is as asserted pursuant to 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).  Jurisdiction as to Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group is as asserted in the FAC.

V.    **CAUSES OF ACTION**

     A.    **Defendants Kingdom of Saudi Arabia and Saudi High Commission for Relief of Bosnia & Herzegovina**

26.    Plaintiffs hereby adopt and incorporate by reference the CAC (except for the allegations in paragraphs 20-21 of the CAC that relate solely to the plaintiffs identified therein) as if set forth fully herein.

27.    Furthermore, the following claims and allegations are asserted by Plaintiffs against Saudi Arabia and the SHC and are herein adopted by reference from the CAC:

- Count I - Aiding and Abetting and Conspiring with al Qaeda to Commit the September 11th Attacks Upon the United States in Violation of 18 U.S.C. § 2333(d) (JASTA);

- Count II - Aiding and Abetting and Conspiring with al Qaeda to Commit the September 11th Attacks Upon the United States in Violation of 18 U.S.C. § 2333(a);

- Count III - Committing Acts of International Terrorism in Violation of 18 U.S.C. § 2333;

- Count IV - Wrongful Death;

- Count V - Survival;

- Count VI - Alien Tort Claims Act;

- Count VII - Assault and Battery;

- Count VIII - Conspiracy;

- Count IX - Aiding and Abetting;

- Count X - Intentional Infliction of Emotional Distress;

- Count XI - Liability Pursuant to Restatement (Second) of Torts § 317 and Restatement (Third) of Agency § 7.05: Supervising Employees and Agents;

- Count XII - Liability Pursuant to Restatement (Second) of Torts § 317 and Restatement (Third) of Agency § 7.05: Hiring, Selecting, and Retaining

Employees and Agents;

- Count XIII - 18 U.S.C. § 1962(a)-(d) – CIVIL RICO;

- Count XIV - Trespass;

- Count XV - Violations of International Law; and

- Count XVI - Punitive Damages.

WHEREFORE, Plaintiffs demand judgment against Saudi Arabia and the SHC, jointly and severally, for an amount authorized by governing law to be determined at trial, together with treble damages, punitive damages, pre- and post-judgment interest, attorney's fees, costs of this action and such other and further relief as the Court may deem appropriate under the circumstances.

### B.   Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group

28.   Plaintiffs hereby adopt and incorporate by reference the FAC (except for the allegations in paragraphs 1-66 of the FAC that relate solely to the plaintiffs identified therein) as if set forth fully herein.

29.   Furthermore, the following claims and allegations are asserted by Plaintiffs against Al Rajhi Bank, National Commercial Bank, and the Saudi Binladin Group and are herein adopted by reference from the FAC:

- Count I - Aiding and Abetting and Conspiring with al Qaeda to Commit the September 11th Attacks Upon the United States in Violation of 18 U.S.C. § 2333(d) (JASTA).

WHEREFORE, Plaintiffs demand judgment against Al Rajhi Bank, National Commercial Bank, and the Saudi Binladin Group, jointly and severally, for an amount authorized by governing law to be determined at trial, together with treble damages, punitive damages, pre- and

post-judgment interest, attorney's fees, costs of this action and such other and further relief as the

Court may deem appropriate under the circumstances.

## <u>JURY DEMAND</u>

Plaintiffs hereby demand a trial by jury as to the claims in this action.

Dated:  October 13, 2017            Respectfully submitted,


BY:    <u>/s/ John J. McDonough</u>
          JOHN J. MCDONOUGH, ESQUIRE
          NY Bar ID #1690882
          COZEN O'CONNOR
          45 Broadway, 16th Floor
          New York, NY 10006
          Direct:  (212) 908-1226
          Fax:      (866) 263-1342
          E-mail: JMcDonough@cozen.com

          Attorneys for Plaintiffs


Of Counsel:

Stephen A. Cozen, Esquire
PA Bar ID #03492
Sean P. Carter, Esquire
PA Bar ID #78886
Elliott R. Feldman, Esquire
PA Bar ID #32115
J. Scott Tarbutton, Esquire
PA Bar ID #90716
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA  19103