## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In Re* Terrorist Attacks on September 11, 2001 | )<br>) No. 03 MDL 1570 (GBD/SN)<br>) |

### Declaration of Alan R. Kabat in Support of
### Defendants Dr. Abdullah Al-Turki, Dr. Abdullah Al-Obaid, Dr. Abdullah Naseef,
### Dr. Adnan Basha, and Soliman Al-Buthe's Opposition to Plaintiffs' Motion

I am an attorney licensed to practice in the District of Columbia and am admitted *pro hac vice* in this matter.  I am with the law firm of Bernabei & Kabat, PLLC, counsel to defendants Dr. Abdullah bin Mohsen Al-Turki, Dr. Abdullah bin Saleh Al-Obaid, Dr. Abdullah Omar Naseef, Dr. Adnan Basha, and Mr. Soliman H.S. Al-Buthe.  I submit this declaration to transmit to the Court the following documents submitted in support of the Defendants' Opposition to the Plaintiffs' Motion.

1.      Attachment A is the Declaration of Abdullah bin Abdul Mohsen Al-Turki (Mar. 31, 2004) (ECF No. 85, Exhibit 1; ECF No. 1185, Exhibit 1) (exhibits to the declaration are not included).

2.      Attachment B is the Declaration of Abdullah bin Saleh Al-Obaid (Mar. 29, 2004) (ECF No. 98, Exhibit 1; ECF No. 1182, Exhibit 1).

3.      Attachment C is the Declaration of Abdullah Naseef (Mar. 30, 2004) (ECF No. 78, Exhibit 1; ECF No. 1206, Exhibit 1) (exhibits to the declaration are not included).

4.      Attachment D is the Declaration of Soliman H. Al-Buthe (Dec. 9, 2009), initially submitted as an exhibit to a letter to Magistrate Judge Maas, and subsequently formally docketed with this Court in 2013 (ECF No. 2676-2, at 40-41) (Jan. 31, 2013) (exhibits to the declaration are not included).

5.      Attachment E is the Declaration of Soliman H. Al-Buthi (Feb. 15, 2009),

1

originally filed with the U.S. District Court for the District of Oregon, and subsequently submitted to this Court (ECF 2676-2, at 22-26) (Jan. 31, 2013) (exhibits to the declaration are not included).

6.      Attachment F is the Certification of Dr. Adnan Basha (Sept. 19, 2017).

7.      Attachment G comprises the letters from Alan Kabat to Sean Carter, et al. (June 2, 2017; Sept. 26, 2017).

8.      Attachment H comprises excerpts (first and last pages) from Dr. Al-Turki, et al., Document Indexes (June 2, 2017; Sept. 26, 2017).

9.      Attachment I comprises excerpts (first and last pages) from Dr. Basha, Document Indexes (June 2, 2017; Sept. 26, 2017).

10.     Attachment J is the Certification of Dr. Abdullah bin Saleh Al-Obaid (Oct. 14, 2017).

11.     Attachment K is the Declaration of Dr. Adnan Basha (Sept. 30, 2017).

12.     Attachment L is the Certification of Soliman H. Al-Buthe (Oct. 17, 2017).

13.     Attachment M is the Declaration of Alan R. Kabat (Oct. 20, 2017).

14.     I declare under the penalties of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 20, 2017.

Alan R. Kabat
_____
ALAN R. KABAT

**Attachment A**

Declaration of Abdullah bin Abdul Mohsen Al-Turki
(Mar. 31, 2004)

(ECF No. 85, Exhibit 1; ECF No. 1185, Exhibit 1)
(exhibits to the declaration are not included)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) | 03 MDL No. 1570 (RCC) |
|  | ) |  |
|  | ) |  |
| THOMAS E. BURNETT, SR., *et al.*, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | C.A. No. 03 CV 9849 (RCC) |
|  | ) |  |
| AL BARAKA INVESTMENT AND DEVELOPMENT | ) |  |
| CORPORATION, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## DECLARATION OF BASSIM ALIM

I, Bassim Alim, being duly sworn, declare and state as follows:

1.     I am over 18 years of age and competent to testify to the matters set forth below of my own personal knowledge.

3.     I reside in Jeddah, Saudi Arabia, and I am the Managing Partner in the Law Office of Bassim A. Alim, Esq. located at Wali Al-Ahd Street Abeer Building, Suite No. 17, P.O. Box 10361 Jeddah 21433, Saudi Arabia, Phone: +966 2 651 3321, Fax: +966 2 651 0846. The firm is a diversified practice representing a number of Saudi and foreign individuals and institutions in International Trade, Commercial Law, International Transactions, Project Finance, Negotiation, Company Law, Islamic Banking, Islamic Finance, Equipment Leasing, Construction Contracts, Government Consultations, Real Estate, and Aviation.

4.     I am an attorney licensed in Saudi Arabia and have been retained by counsel for Dr. Abdullah bin Abdul Mohsen Al-Turki, Mr. Mohammed Ali Mushayt, Sheikh Hamad Al-Husaini, Sheikh Safer Al-Hawali, and Sheikh Salman Al-Oadah in the above-styled case for the purpose of verifying English translations of their Arabic-language affidavits in connection with

Attachment A

their respective motions to dismiss the lawsuit.

5.      My educational qualifications can be summarized as follows: I received an LLM degree in 1993 from Harvard Law School, Cambridge, MA; a JD degree in 1992 from American University, Washington College of Law, Washington, D.C.; and a BA degree in 1988 from American University, School of International Service, Washington, D.C.  In addition, I hold Saudi Arabian Legal Profession Practice License # **98/23** and Saudi Arabian Legal Translation License # **235**.

6.      I am a member of a number of law organizations, including the Arab Bar Association (ABA); the International Bar Association (IBA); the Legal Committee of the Saudi Chamber of Commerce Jeddah (Previously); Vice Chairman of the Legal Committee of the Makkah Chamber of Commerce (Previously);; the National Legal Committee of the NCCI (Previously);; the Arab Society for the Protection of Intellectual Property; Licensing Executives Society--Arab Countries; and Union Internationale Des Avocats (UIA) - International Association of Lawyers.  In addition, I was a Fellow Associate Researcher at The Oxford Center for Islamic Studies, Oxford University, 1994-1996.

7.      I have reviewed the originals and the English translations of the declarations to be filed in this case on behalf of Dr. Abdullah bin Abdul Mohsen Al-Turki, Sheikh Hamad Al-Husaini, Mr. Mohamed Ali Mushayt, Sheikh Salman Al-Oadah, and Sheikh Safer Al-Hawali.  Based on the qualifications set forth in Paragraphs 5-6, *supra*, I attest that the English translations are true and accurate translations of the original Arabic documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Attachment A



Bassim Alim

Executed on the __8__ day of __April__, 2004.

Attachment A

محكمة مقاطعة الولايات المتحدة – المقاطعة الجنوبية لنيويورك

| | | |
|---|---|---|
| | ( | في قضية الهجمات الإرهابية |
| 03 MDL No. 1570 (RCC) | ( | يوم ١١ سبتمبر ٢٠٠١م |
| | ( | ———————————— |
| | ( | دعوى توماس اي. بيرنيت وآخرون |
| | ( | (المدعــــــون) |
| | ( | |
| C.A. No. 03 CV 9849 (RCC) | ( | ضـــــــد |
| | ( | |
| | ( | مجموعة البركة للاستثمار والتطوير |
| | ( | وآخرين |
| | ( | (المدعـى عليهــم) |

## إفادة عبد الله بن عبد المحسن التركي

أنا د. عبد الله بن عبد المحسن التركي ، أعلن وأقرر ما يلي تحت اليمين :

١-   عـمـري أكـثـر من ١٨ سنة ، وأنا مـؤهل للإدلاء بشـهـادتي حـول الوقائع الموصوفة في هذا الإقرار حسب علمي الشخصي.

٢-   إنني أقدم هذا الإعـلان دعـمـا لطلب إسـقـاط الدعـوى التي أفـاد محاميًّ أن رقمها (D158)  أعلاه  وذلك بسبب ١) الحصانة الدبلوماسـيـة ٢) عدم اختصـاص القضـاء ٣) النقص في إجراءات تبليغ الدعوى.

٣-   ولدت في عـام ١٩٤٠م في حـرمـة بالمملكة العـربـيـة السـعـوديـة ، وعشت طيلة حياتي في المملكة.  وكنت دائما مواطنا من مواطني المملكة العربية السعودية.

Attachment A

– ٢ –

٤- حصلت على درجة الليسانس في الشريعة الإسلامية في عام ١٩٦٣م من كلية الشريعة بالرياض، وحصلت على درجة الماجيستير في عام ١٩٦٩م من المعهد العالي للقضاء، وحصلت على درجة الدكتوراه في أصول الفقه في عام ١٩٧٣م من جامعة الأزهر بمصر.

٥- بين عامي ١٩٧٥م و ١٩٩٣م كنت مديرا لجامعة الإمام محمد بن سعود الإسلامية في الرياض.

٦- في عام ١٩٩٢م عينت بموجب الأمر الملكي رقم ٦٣٩٦/٢ عضوا في هيئة كبار العلماء، والتي تأسست بالمرسوم الملكي رقم ١٣٧/١ في عام ١٩٧١م، ووظيفتها دراسة ما يجد من مشكلات إجتماعية، وبيان الحكم الشرعي فيها على ضوء الشريعة الإسلامية، حيث يؤخذ ذلك في الاعتبار في المملكة على مستوى الشعب والسلطات الحكومية، وحيث أن الإسلام هو ما تدين به المملكة العربية السعودية، والنظام القضائي مبني على الشريعة الإسلامية، فإن الهيئة حكومية مركزية. هذا ولازلت عضوا في هيئة كبار العلماء إلى الآن. وحتى أقوم بمهامي في هيئة كبار العلماء، فإنه من الضروري أن أظل على إطلاع على القضايا الإسلامية ومشاركة فيها.

٧- في عام ١٩٩٣م عينت من قبل الملك فهد بن عبد العزيز آل سعود وزيرا للشؤون الإسلامية والأوقاف والدعوة والإرشاد، حيث كنت في ذاك المنصب مسؤولا عن الشؤون الحكومية ذات الصلة بالقضايا الإسلامية، ومسؤوليات الوزارة بناء وصيانة المساجد في أنحاء المملكة، وإدارة الأوقاف الإسلامية. لقد كان منصبي منصبا حكوميا مركزيا، على اعتبار أن الإسلام هو دين المملكة العربية السعودية. وأحضر وأشارك في المؤتمرات والاجتماعات

‒ ٣ ‒

ذات الصلة بمسؤولياتي الحكومية ممثلا للحكومة. وقد بقيت في منصب الوزير حتى عام ١٩٩٩م.

٨‒ وبصفتي وزيرا للشؤون الإسلامية عملت كواحد من ثمانية أعضاء بالمجلس الأعلى للشؤون الإسلامية، وهو مجلس أنشئ بالأمر الملكي رقم ٢٩٦/٨ في عام ١٩٩٤م، ومن مسؤوليات المجلس ما يتعلق بالجهود الإسلامية للمملكة في خارجها. وكنت كذلك رئيسا لمجلس الدعوة، وهو مسؤول عن شؤون الدعوة ضمن المملكة. ويرفع المجلسان توصياتهما اللتان يربانهما إلى الملك فهد ونوابه، وهي توصيات تغدو قرارات بعد الموافقة عليها.

٩‒ في عام ١٩٩٥م عينت للعمل كواحد من اثنين وعشرين عضوا بمجلس الوزراء السعودي، والذي يرأسه الملك فهد ونوابه. ومجلس الوزراء السعودي هو أعلى هيئة صاحبة قرار في الحكومة السعودية. وقد عملت بالمجلس حتى عام ١٩٩٩م، وبعد هذا التاريخ عينت مستشارا في الديوان الملكي إلى عام ٢٠٠٠م.

١٠‒ من عام ٢٠٠٠م وحتى الآن أعمل أمينا عاما لرابطة العالم الإسلامي، وهي هيئة إسلامية عالمية شعبية مقر أمانتها في مكة بالمملكة العربية السعودية.

١١‒ لقد زرت الولايات المتحدة الأمريكية في عدة مناسبات، وكان آخرها في يونيو ٢٠٠٢م. لقد قمت بزيارة عمل بدعوة من جامعة كاليفورنيا في لوس أنجلوس في عام ١٩٧٩م بصفتي مديرا لجامعة الإمام محمد بن سعود الإسلامية. وفي عام ١٩٩٨م دعيت بصفتي وزيرا للشؤون الإسلامية لحضور افتتاح مسجد الملك فهد في لوس أنجلوس بولاية كاليفورنيا. وفي يوينو ٢٠٠٢م قمت وبصفتي أمينا عاما لرابطة العالم الإسلامي مع وفد من شخصيات إسلامية بزيارة رسمية لنيويورك وشيكاغو وواشنطن العاصمة ولوس أنجلوس.

– ٤ –

١٢- لا أملك عقارات في الولايات المتحدة الأمريكية ، وليست لي كذلك حسابات مصرفية أو استثمارات في الولايات المتحدة. ولا أتعامل مع أية جهات تجارية في الولايات المتحدة.

١٣- لا أشترك أو أقرأ أيا من جريدة (الهيرالد تريبيون العالمية) أو جريدة القدس العربي ، والأخيرة حسب علمي ممنوعة في المملكة العربية السعودية.

١٤- لم أساند أبدا فقدان الأرواح البريئة ، وأعتقد أنه ليس هنالك أي مسوّغ لهجمات ١١ سبتمبر ٢٠٠١م المأساوية ، وأنها أعمال إجرامية محرَّمة في الإسلام وبقية الأديان والقوانين. ولم أساند أي شخص أو منظمة أعلم أنها تشارك في الأنشطة الإرهابية. وبعد حدوث هجمات ١١ سبتمبر أصدرت بصفتي أمينا للرابطة بيانا يدين الهجمات ، وفي الذكرى الثانية للهجمات ، أصدرت أيضا بيانا مترجما للغة الإنجليزية يدين الإرهاب ويقدم التعازي لأسر هجمات ١١ سبتمبر المأساوية. وكتبت في البيان أنني "أدعو الدول والشعوب والمنظمات المحبة للسلام أن تدرس وبعناية كيف يسعى الشرع الإسلامي لحماية بني الإنسان ضد كافة أنواع الشر". وأشرت في البيان إلى الآيات القرآنية التي تدين القتل. أنظر "بيان إدانة الإرهاب" سبتمبر ٢٠٠٣م ، والمرفق ههنا تحت رقم (١). كما أصدرت بيانا مطولا مترجما أيضا للغة الإنجليزية أعربت فيه عن "إدانتي الشديدة لكافة الأعمال الإرهابية ، وبينت فيه أن من ارتكبوها قد اقترفوا إثما عظيما حرَّمه الإسلام. أنظر "الذكرى الثانية لأحداث سبتمبر" ٨ سبتمبر ٢٠٠٣م والمرفق ههنا تحت رقم (٢).

١٥- إن التعديل الثالث للدعوى في هذه القضية يتضمن مزاعم عني غير صحيحة حيث الفقرة رقم ٣٨٣ تصف بإيجاز مناصبي الحكومية والتي تم تبيانها بتفصيل أكثر وأصح أعلاه.

Attachment A

— ٥ —

١٦- في الفقرات ذات الأرقام ٣٨٤ و ٣٨٦ و ٣٨٨-٣٩٠ و ٥٣٦-٥٣٧ و
٥٣٩-٩٤١ ذكر أنه كانت لي بعض الارتباطات مع المدعو
" الزويدي". وأؤكد أنه ليس لي أي ارتباط أبدا بالسيد الزويدي.
لقد حاول هو أن أستثمر معه.   إلا أنني لم أستجب ولم أقم بأية
استثمارات مع السيد الزويدي ، على الرغم من أنه استجدى ذلك
من مساعدي ومني عن طريق إرسال مقترحاته ومسودات عقود
معه. ولم أوقع معه أي عقد ،  وقد أرسل ذات مرة صورة عن شيك
ادّعى أنه سيودعه في جهة آمنة ، بحيث يكون ضمانا مقابل
الاستثمار الذي أراد أن يقوم به في عمله.  غير أني لم أستلم
أبدا أو أستخدم الشيك المذكور ولا غيره ، وبالإمكان مراجعة
تحويلاته والبنك الذي أشار إليه ، للتأكد من أن شيئا من ذلك لم
يحصل ، كما أني لم أصبح مستثمرا أو مالكا في الشركة
الإسبانية المسماة "المشاريع والترويج" أو أية شركة أو عمل آخر
يملكه السيد الزويدي ، وبالإمكان مراجعة سجلاته الرسمية في
إسبانيا.

١٧- في الفقرة ٣٨٥ من التعديل الثالث للدعوى ورد أنني نظمت في
يناير ٢٠٠٢م مؤتمرا للعلماء أعلن فيه أن الإرهاب لا يساوي
الجهاد ، وأباح الحق في القتال "ضد المحتلين وضد من ينكسون عن
التزاماتهم أو يمنعون المسلمين من الدعوة بصورة سلمية".
ولعل المقصود بذلك مؤتمر مجمع الفقه الإسلامي ،
وهو مجلس مستقل للعلماء من أنحاء العالم الإسلامي ، ويعقد
إجتماعات دورية ، ورئيس المجلس هو مفتي عام المملكة العربية
السعودية ، وحضوري لهذا المجلس هو بصفتي أمينا عاما لرابطة
العالم الإسلامي.  ويناقش أعضاء المجلس مواضيع شتى.  وللمجمع
شخصيته المعنوية ، وليس بالضرورة موافقة أي مشارك فيه لكل
ما يصدر عنه ، وأنا أدين الإرهاب أيا كان مصدره وشكله.

١٨- في الفقرة ٣٩١ من التعديل الثالث للدعوى ، ذكر أن الأمير تركي

– ٦ –

قد كان رئيسا للاستخبارات ، وهي الجهة التي تشاركت معها في المعلومات حينما كنت وزيرا. كما أن الفقرة ٣٩١ تذكر بعد ذلك عدة "أهداف" و "تفسيرات" تعزوها للقاعدة. وأؤكد بأنه لا علم لي بأية أهداف وتفسيرات للقرآن من جانب القاعدة. كما أني لا أعلم عن أية صلة بين تلك الأهداف والتفسيرات من جهة وبين خدمتي في مجلس الوزراء. وأؤكد بأنه ليست لي أية معرفة بأية نشاطات للقاعدة كانت نشاطات إرهابية ، ولأنني ساندت الإرهاب .

١٩- ما ورد في الفقرة ٤٢٦ من تكوين لجنة في عام ١٩٩٥م مشتركة للدراسات الإسلامية من عدد من الهيئات ، لا أذكر شيئا عن تلك اللجنة وأنشطتها ، أو أن مندوبين للرابطة حضروا ندوات لها ، مع العلم بأن مجالات عمل وزارة الشؤون الإسلامية التي كنت أعمل فيها عام ١٩٩٥م ، والرابطة التي أعمل فيها حاليا ، مجالات واسعة ، ومسؤولوها متعددون ، مما يصعب معه الإحاطة بكل عمل أو مشاركة لأي تابع لهما. وأنا أؤكد عدم علمي بأي عمل له علاقة بالإرهاب أو التدخل في الشؤون الداخلية للدول وأنكر ذلك كله ، وأؤكد في مختلف المناسبات على ضرورة احترام قوانين الدول حين التعامل معها.

١٩- لا أتمكن من قراءة أو كتابة أو التحدث باللغة الإنجليزية. وأعلم أن هذا الإقرار ستتم ترجمته للغة الإنجليزية لأغراض القضية. وأقر تحت طائلة عقوبة الحنث باليمين بأن ما ذكر أعلاه حقيقي وصحيح.

الإسم : د. عبد الله بن عبد المحسن التركي

جرى التوقيع في هذا اليوم الأربعاء وتاريخ ٢٠٠٤/٣/٣١م

Attachment A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) | 03 MDL No. 1570 (RCC) |
| | ) | |
| THOMAS E. BURNETT, SR., *et al.*, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 03 CV 9849 (RCC) |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### DECLARATION OF ABDULLAH BIN ABDUL MOHSEN AL-TURKI

I, Dr. Abdullah bin Abdul Mohsen Al-Turki, being duly sworn, declare and state as follows:

1.      I am over 18 years of age and competent to testify to the matters set forth below of my own personal knowledge.

2.      Referring to (D158),   I am submitting this declaration in support of my Motion to Dismiss for (1) sovereign immunity, (2) lack of personal jurisdiction, and (3) improper service of process.

3.      I was born in 1940, in Harmah, Saudi Arabia, and have lived in Saudi Arabia all of my life.  I have always been a citizen of the Kingdom of Saudi Arabia.

4.      I earned a B.A. degree in Islamic Law in 1963 from the College of Islamic Law, Riyadh.  I earned a M.A. degree in 1969 from the Higher Institute for Judges, Riyadh.  I earned a Ph.D. degree in Fundamentals of Islamic Jurisprudence in 1973 from the Al-Azhar University,

Attachment A

Cairo, Egypt.

5.      From 1975 to 1993, I was the Rector of the Iman Muhammad Ibn Saud Islamic University, Saudi Arabia.

6.      In 1992, I was appointed by Royal Decree No. 2/6396 as a member of the Council of Ulema (Senior Council of Scholars).  The Council of Ulema was founded by Royal Decree No. 137/1 in 1971.   The Council's function is to look into fresh social issues and to provide religious judgments as prescribed by the Islamic law,  and those judgments are upheld by   both the people and government, since Islam is the official religion of the Kingdom of Saudi Arabia, and the judicial system is based on that law.   The Council is therefore a central governmental body.  I remain a member of the Council of Ulema to the present day.  In order to perform my duties on the Council of Ulema, it is necessary for me to remain active and current with Islamic issues.

7.      In 1993, I was appointed by King Fahd bin Abdulaziz Al Saud to serve as the Minister of Islamic Affairs and Waqf, Call and Guidance.  In that position, I was responsible for governmental matters relating to Islamic issues.   The Ministry's responsibilities include the building and maintenance of mosques throughout the Kingdom, and the administration of property held in religious trust.  My position was a central governmental function, since Islam is the official religion of the Kingdom of Saudi Arabia.  I served as Minister through 1999.

8.      As Minister of Islamic Affairs, I served as one of eight members of the Supreme Council for Islamic Affairs, established by Royal Decree No. 296/8 (1994).  The Supreme Council has responsibility for Saudi Arabia's foreign policy with respect to international Islamic issues.  I also served as chairman of the Call Council,   which has responsibility for the Islamic call affairs within Saudi Arabia.  These two councils make discretionary recommendations to

King Fahd and his deputies, which upon approval become governmental decisions.

9. In 1995, King Fahd appointed me to serve as one of twenty-two (22) members of the Saudi Council of Ministers, which is headed by King Fahd and his deputies. The Saudi Council of Ministers is the highest decision-making body in the Saudi government. I served on the Saudi Council of Ministers through 1999. After that date, I was appointed to the position of Advisor at the Royal Court.

10. From 2000 to the present, I currently serve as the Secretary-General of the Muslim World League, an international Islamic non-governmental organization, the secretariat-general of which is based in Makkah, Saudi Arabia.

11. I have visited the United States on several, with my last visit being in June 2002. I made a work-related visit at the invitation of the University of California, Los Angeles in 1979, in my capacity as Rector of the Imam Muhammad Ibn Saud Islamic University. In 1998, I was invited, in my capacity as Minister of Islamic Affairs, to attend the opening of the King Fahd Mosque in Los Angeles, California. In June 2002, I made a visit in my capacity as Secretary-General of the Muslim World League, and in which I was accompanied by a delegation of prominent muslim figures. We visited New York, Chicago, Los Angeles, and Washington, D.C.

12. I own no real property in the United States. I also have no bank accounts, and have no investments in the United States. I do not conduct any personal business with any businesses in the United States.

13. I do not subscribe to or read either the *International Herald Tribune* or the *Al Quds al Arabi*. The latter publication, to my knowledge, is banned in the Kingdom of Saudi Arabia.

3

Attachment A

14.     I have never supported the loss of innocent life and believe that there is no justification for the tragic attacks of September 11, 2001, which I consider to be criminal acts of terror which are prohibited in the Islamic and other faiths and norms.  I have never supported any person or organization that I have known to participate in terrorist activities.  Immediately after the September attacks, and in my capacity as Secretary General of the Muslim World League, I published a statement condemning the attacks.   On the second anniversary of the attacks, I published a statement, translated into English, which condemned terrorism and expressed my condolences to the families of the victims "for the tragic attacks of September 11." I wrote that "I have reaffirmed my appeal to peace loving nations, peoples and organizations to carefully study how Islamic Law endeavors to protect mankind against all kinds of evil . . ."  I also quoted the Holy Quran's text which condemns murder. *See* A. Al-Turki, "Statement Condemning Terrorism" (Sept. 11, 2003) (attached hereto as Exhibit 1).  I issued a longer statement, also translated into English, which expressed my "strong condemnation of all terrorist acts, and made it clear that those who carried out the attacks have committed a cardinal sin, which is prohibited by Islam." *See* A. Al-Turki, "The 2nd Anniversary of the September Events" (Sept. 8, 2003) (attached hereto as Exhibit 2).

15.     The Third Amended Complaint in this case makes several errors.   Paragraph 383 briefly describes several of my governmental positions, as set forth in further detail above.

16.     In Paragraphs 384, 386, 388-390, 536-537, and 539-541, it is stated that I had some involvements with the "Zouaydi."  I affirm that I had no involvement whatsoever with the above-named individual.  He attempted to solicit investments from me, to which I did not respond, nor did I make any investment deals with Mr. "Zouaydi", even though he solicited my assistant and me  by sending his proposals and draft contracts.  I signed no contracts with him. .

4

Once he even sent us a copy of a check, which he averred would be deposited in a secure location, and held for me as a guarantee against the investment that he wanted me to make in his business. However, I never received the actual check, nor did I make any use of it. His bank transactions can evidence no such dealing took place. I never became an investor or owner in the Spanish company "Proyectos y Promociones," or any other business of Mr. Zouaydi. Again, records of Mr. "Zouyadi" in Spain can evidence to that.

17.     In Paragraph 385 of the Third Amended Complaint, it states that I "organized in January 2002 a conference of scholars who stated that terrorism is not equal to Jihad and defined a right to struggle 'against occupiers ... and those who renege on their commitments or prevent Muslims from peacefully preaching.'" I believe that plaintiffs are referring to the conference of the Council of Islamic Jurisprudence, which is an independent council of scholars from all over the Islamic world. The Council holds regular meetings, and its president is the Grand Mufti of Saudi Arabia. My attendance at this Council was in my capacity as the Secretary-General of the Muslim World League. There were many different subjects discussed by the numerous participants at the meetings of the Council which enjoys its own juristic personality. Participants in the Council meetings are not supposed to agree to each and every proposed opinion. I do condemn any and all sorts of terrorism. .

18.     In Paragraph 391 of the Third Amended Complaint, it is stated that "Prince Turki served in the same cabinet as Chief of Intelligence, which shared information with [me]" during my service as a Minister. Paragraph 391 then states various "goals" and "interpretations" ascribed to Al Qaeda. I had no knowledge of any of Al Qaeda's goals or interpretations of the Quran. Further, I do not know of any connection between those goals and interpretations, on the one hand, and my service at the Council of Ministers. I affirm I had no knowledge of any

5

activities of Al Qaeda that were terrorist activities, nor did I support terrorism.

19.     In Paragraph 426, it is stated that I "settled in 1995 a Joint committee for Islamic Action and Studies".   I can recall nothing about such a committee or activities, nor that representatives from the Muslim World League did attend any seminars therein, taking into consideration that the scope of work of the ministry where I served in 1995 was widely diversified.   The same applies to the Muslim World League where I presently serve.   Both organizations are heavily staffed, so that it would be impossible for any individual to have knowledge of all activities being undertaken.   However, I affirm I had no knowledge of any terrorist activities, nor of any interference in the affairs of other nations.   At all occasions, I ordered that the laws of those nations be observed and  respected.

20.     I cannot read, write, or speak English. I understand that this declaration will be translated into English for purposes of this case.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Dr. Abdullah bin Abdul Mohsen Al-Turki

Executed on this 31st  day of  March 2004

6

**Attachment B**

Declaration of Abdullah bin Saleh Al-Obaid
(Mar. 29, 2004)

(ECF No. 98, Exhibit 1; ECF No. 1182, Exhibit 1)

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 ) | 03 MDL No. 1570 (RCC) |
| ) | |
| THOMAS E. BURNETT, SR., *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | C.A. No. 03 CV 9849 (RCC) |
| AL BARAKA INVESTMENT AND DEVELOPMENT ) CORPORATION, *et al.*, ) | |
| Defendants. ) | |

**DECLARATION OF ABDULLAH BIN SALEH AL-OBAID**

I, Dr. Abdullah bin Saleh Al-Obaid, being duly sworn, declare and state as follows:

1.      I am over 18 years of age and competent to testify to the matters set forth below of my own personal knowledge.

2.      I have been informed by my attorney that I am a defendant (D23) in the above-captioned action.  I am submitting this declaration in support of my Motion to Dismiss for (1) sovereign immunity, (2) lack of personal jurisdiction, and (3) improper service of process.

3.      I was born in 1941, in Baday, Saudi Arabia, and have lived in Saudi Arabia all of my life, except for when I was studying in graduate school.  I have always been a citizen of the Kingdom of Saudi Arabia.

4.      I earned a Master's degree in Vocational & Curriculum Educational and Assessment from Oklahoma State University, and in 1979, earned a Ed.D. degree, in the same subject, also from Oklahoma State University.  I also studied Arabic at the Islamic University of

Iman Mohammed Bin Saud, and have taken coursework in administration from the Institute of

Public Administration, Riyadh.  From 1980 to 1981, I was Assistant Deputy and Vice President

of the Presidential of the Two Holy Mosques, a government agency responsible for the

maintenance and operation of the Grand Mosque in Makkah and the Prophet's Mosque In

Madinah.  From 1981 to 1982, I was Vice President of the Islamic University, Al-Madina Al-

Munawarah, Saudi Arabia.  From 1982 to 1995, I was President of the Islamic University, Al-

Madina Al Munawarah, Saudi Arabia.

   5.  I was the Secretary-General of the Muslim World League from 1995 until 2000.

The Muslim World League is a charity that is sponsored and financially supported by the Saudi

government.  As Secretary-General, I was also one of eight members of the Supreme Council for

Islamic Affairs, established by King Fahd by Royal Decree No. 296/8 (1994).  The Supreme

Council has responsibility for Saudi Arabia's Islamic policies in other countries.  In my capacity

as Secretary-General, I also served as an officer of the Rabita Trust, a charity that is partly

owned by the Muslim World League, and partly owned by the government of Pakistan.

   6.  In 2001, I was appointed by Royal Decree to the Saudi Majlis-ash-Shura, which is

the legislative body of the Saudi government, equivalent to a Parliament in other countries.  I am

one of eleven (11) members of the Committee of Islamic Affairs. And the head of the committee

of seventh group for friendship in The Majlis-ash-Shura's.

The Majlis-ash-Shura's function is to advise King Fahd and his deputies on all issues of

importance to the Kingdom.  Its recommendations, if adopted, become governmental policy.

The Committee of Islamic Affairs' function emphasizes all issues relating to Islam and the

government's Islamic activities.

   7.  In March 2004, I was appointed by Royal Decree to be a founding member of the

2

Attachment B

National Society of Human Rights, a new entity. At its first meeting, held in the Shoura Council headquarters in Riyadh, I was elected to be a Chairman by the forty (40) other members, including ten women.

8.      I have visited the United States on several occasions since 1975, with my last visit being in 2002. In my capacity as a member of the Supreme Council for Islamic Affairs and Secretary-General of the Muslim World League, I made visits to various offices of the Muslim World League around the world. I visited the Muslim World League office in New York in September 2000, where I spoke at an Islamic Seminar that was convened to discuss the proposed International Peace Summit for the Millennium. During that visit, I met with Kofi Annan, the United Nations Secretary General, to discuss proposed Islamic modifications to this International Peace Summit.

9.      I own no real property in the United States. I also have no bank accounts, and have no investments in the United States. I do not conduct any personal business with any businesses in the United States.

10.     I do not subscribe to or read either the *International Herald Tribune* or the *Al Quds al Arabi*. The latter publication, to my knowledge, is banned in the Kingdom of Saudi Arabia.

11.     I have never supported the loss of innocent life and believe that there is no justification for the tragic attacks of September 11, 2001. I have never supported any person or organization that I have known to participate in terrorist activities. I was interviewed on Saudi television shortly after the September 11 attacks, and I condemned these acts.

12.     The Third Amended Complaint in this case has no allegations about me, other than in six paragraphs. In Paragraph 248, it is stated that I and several other individuals were

3

"co-conspirators, material sponsors, and/or aiders and abettors and members of the terrorist enterprise of the International Islamic Relief Organization." I deny that I had any knowledge of any activities of the International Islamic Relief Organization (IIRO) that were terrorist activities, or knowingly supported terrorism. Although the IIRO is a subsidiary of the Muslim World League, I was not involved with its day-to-day operations or activities.

13.     In Paragraph 251 of the Third Amended Complaint, it is stated that I was one of three "officers at the Virginia office" of the Muslim World League. During my tenure as Secretary-General of the Muslim World League, from 1995 to 2000, I served in an ex officio capacity with several of its foreign offices, but was not responsible for the day-to-day operations or activities of the Virginia office. In Paragraph 260, it is stated that I was one of several "co-conspirators, aiders and abettors of the Muslim World League." I deny that I had any knowledge of any activities of the Muslim World League that were terrorist activities, or knowingly supported terrorism.

14.     In Paragraph 273 of the Third Amended Complaint, it is stated that the Rabita Trust "is connected to the SAAR Network through two officers," including myself. Although I served as an officer of the Rabita Trust in my capacity as Secretary-General of the Muslim World League, I was not involved in the day-to-day operations or activities of the SAAR Network or its components. I deny that I had any knowledge of any activities of the SAAR Network that were terrorist activities, or knowingly supported terrorism.

15.     In Paragraph 252 of the Third Amended Complaint, it is stated that I "also run one of the al-Rajhi family's largest corporations, al-Watania." Similarly, in Paragraph 275, it is stated that I am "the Deputy General Manager at one of the al-Rajhi's largest businesses, al-Watania Poultry in Saudi Arabia." I deny that I had any involvement with this or any other

4

poultry business. I believe that the plaintiffs' attorneys may have confused me with someone else with a similar name, a former Deputy Minister of Agriculture in Saudi Arabia.

16.    I can read and understand English.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Dr. Abdullah bin Saleh Al-Obaid

Executed on the 29 day of March , 2004.

5

**Attachment C**


Declaration of Abdullah Naseef
(Mar. 30, 2004)

(ECF No. 78, Exhibit 1; ECF No. 1206, Exhibit 1)
(exhibits to the declaration are not included)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| *IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) ) ) | 03 MDL No. 1570 (RCC) |
| | ) | |
| THOMAS E. BURNETT, SR., *et al.*, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 03 CV 9849 (RCC) |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### DECLARATION OF ABDULLAH NASEEF

I, Dr. Abdullah Naseef, being duly sworn, declare and state as follows:

1.      I am over 18 years of age and competent to testify to the matters set forth below of my own personal knowledge.

2.      I have been informed by my attorney that I am a defendant (D97) in the above-captioned action. I am submitting this declaration in support of my Motion to Dismiss for lack of personal jurisdiction and improper service of process.

3.      I was born in 1939, in Jeddah, Saudi Arabia, and have lived in Saudi Arabia all of my life. I have always been a citizen of the Kingdom of Saudi Arabia.

4.      I am a Professor of Geology, at King Abdulaziz University, Jeddah.

5.      I was the Secretary-General of the Muslim World League from 1983 until 1993. The Muslim World League is a charity that is sponsored and supported by the Saudi government. In my capacity as Secretary-General, I also served as an officer of the Rabita Trust from 1988 to

Attachment C

1993. The Rabita Trust is a charity that is partly owned by the Muslim World League, and partly

owned by the government of Pakistan.

6.      In 1993, I was appointed by Royal Decree to the Saudi Majlis-ash-Shura, which is

the legislative body of the Saudi government, equivalent to a Parliament in other countries. I

became the Deputy Speaker (or Vice President) of the Majlis-ash-Shura, and retired in 2001.

7.      I have visited the United States on several occasions since 1965 to study at

Stanford University, with my last visit being in 2002 to attend the World Economic Forum

Conference. Although I do not now remember the dates, nature, or purposes of all of my visits,

these included official visits to attend academic conferences, as well as conferences relating to

the Scouting movement. I also made several visits as a tourist.

8.      I own no real property in the United States. I also have no bank accounts, and

have no investments in the United States. I do not conduct any personal business with any

businesses in the United States.

9.      I do not subscribe to or read either the *International Herald Tribune* or the *Al

Quds al Arabi*. The latter publication, to my knowledge, is banned in the Kingdom of Saudi

Arabia.

10.     I have never supported the loss of innocent life and believe that there is no

justification for the tragic attacks of September 11, 2001. I have never supported any person or

organization that I have known to participate in terrorist activities. On September 13, 2001, two

other Saudis and I sent a letter to President Bush, which expressed "our condemnation and

denunciation of the horrible acts of terrorism perpetrated against the American people and

security." We emphasized that these acts were totally contrary to "Islamic values and

teachings." *See* A. Naseef, *et al.*, Letter to President Bush (Sept. 13, 2001) (attached hereto as

Attachment C

Exhibit 1). After receiving a response to our letter, *id.*, I reiterated our willingness to "to work together towards peace in the Middle East and in the world." *See* A. Naseef, Letter to President Bush (Dec. 31, 2001) (attached hereto as Exhibit 2).

11. The Third Amended Complaint in this case has no allegations about me, other than in three paragraphs. In Paragraph 273 of the Third Amended Complaint, it is stated that the Rabita Trust "is connected to the SAAR Network through two officers," including myself. Although I served as an officer of the Rabita Trust from 1988 to 1993 in my capacity as Secretary-General of the Muslim World League, I was not involved in the day-to-day operations or activities of the SAAR Network or its components. I deny that I had any knowledge of any activities of the SAAR Network that were terrorist activities, or knowingly supported terrorism.

12. Similarly, in Paragraph 274 of the Third Amended Complaint, it is stated that I "founded the Rabita Trust in July 1988 and [am] currently its chairman." This is incorrect, since I have not been an officer of the Rabita Trust since 1993, and I believe that Wael Jalaidan is the current Secretary General. I have not made any personal donations to the Rabita Trust. I deny that I had any knowledge of any activities of the Rabita Trust that were terrorist activities, or knowingly supported terrorism. I have no knowledge of the day-to-day operations or activities of the Rabita Trust since 1993.

13. In Paragraph 275 of the Third Amended Complaint, it is stated that as part of my "global efforts" to "spread Muslim World League offices around the world," I was "involve[d] in a SAAR Network charity," as an "officer of Makkah-al-Mukkarramah, Inc., registered in Virginia as a non-profit charity." I had no involvement with the day-to-day activities or operations of the SAAR Network or the Makkah-al-Mukkarramah, Inc., and I deny that I had any knowledge of any activities of either entity that were terrorist activities, or knowingly supported

Attachment C

terrorism.

14.     I can read and understand English.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.



_____

Dr. Abdullah Naseef

Executed on the ___30___ day of ___March___, 2004.

This is to certify that
This is the true Signature of the Above Signed
Without Responsibility of the Contents

*Bassim A. Alim, Esq.*

Law Office of Bassim A. Alim

30-3-2004

Attachment C

**Attachment D**

Declaration of Soliman H. Al-Buthe
(Dec. 9, 2009)

Initially submitted as an exhibit to a letter to Magistrate Judge Maas,
and subsequently formally docketed with this Court in 2013
(ECF No. 2676-2, at 40-41) (Jan. 31, 2013)
(exhibits to the declaration are not included)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) 03 MDL No. 1570 (GBD)(FM) |
| THOMAS E. BURNETT, SR., *et al.*, | |
| Plaintiffs, | |
| v. | ) C.A. No. 03 CV 9849 (GBD)(FM) |
| AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION, *et al.*, | |
| Defendants. | |

### DECLARATION OF SOLIMAN H. AL-BUTHE

I, Soliman H. Al-Buthi, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.    I reside in Riyadh, Saudi Arabia, and am currently the General Director of Environmental Health for the Capital City of Riyadh, Saudi Arabia. I have held this position since 2006. I submit this declaration in support of Al Haramain Islamic Foundation's (AHIF USA) response to the plaintiffs' motion to compel.

2.    I attended the King Saud University in Riyadh from 1981 to 1985, and earned a Bachelor's degree in Agricultural Science in 1985. From 1985 to 2006, I was the Landscaping Engineer for the City of Riyadh, General Administration of Gardens and Beautification, and was subsequently promoted to General Director of the Environmental Health Department.

3.    I have reviewed the plaintiffs' motion to compel. On pages 12 and 13 of the motion to compel, reference is made to certain documents relating to the Al Haramain Islamic

Declaration of Soliman H. Al-Buthi

Attachment D

Foundation (Saudi Arabia) ("Al Haramain Saudi Arabia"), as listed in plaintiffs' Exhibits 58, 59, and 60. These receipts and letters were documents that I provided in early 2004 to the attorneys for AHIF-USA, since I had kept copies in my personal files. I did not have to request those documents from Al Haramain Saudi Arabia in 2004, since I already had them in my possession. The motion to compel, Exhibit 58, also refers to an affidavit from Mr. Khalid Bin Obaid Azzahri, which is a document that AHIF USA's attorneys were able to obtain in early May 2004, at a time when Al Haramain Saudi Arabia was legally operating in Saudi Arabia.

4.      However, in June 2004, the Saudi Arabia government shut down Al Haramain Saudi Arabia under pressure from the United States. At that time, its offices were closed, and since then it has become impossible to obtain any records relating to Al Haramain Saudi Arabia's activities from Al Haramain Saudi Arabia. I have worked closely with attorney Tom Nelson, who has traveled to Riyadh on several occasions, to try to obtain such records, but we were not able to obtain any documents from Al Haramain Saudi Arabia.

Soliman H. Al-Buthi

DATED:  December 9, 2009

Page 2 of 2 B Declaration of Soliman H. Al-Buthi

**Attachment E**

Declaration of Soliman H. Al-Buthe
(Feb. 15, 2009)

Originally filed with the U.S. District Court for the District of Oregon,
and subsequently submitted to this Court
(ECF 2676-2, at 22-26) (Jan. 31, 2013)
(exhibits to the declaration are not included)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

Al Haramain Islamic Foundation, Inc., *et al.*,

    Plaintiffs,

v.

United States Department of the Treasury, *et al.*,

    Defendants.

Case No. 07-CV-1155-KI

**DECLARATION OF
SOLIMAN H. AL-BUTHI**

I, Soliman H. Al-Buthi, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1.    I reside in Riyadh, Saudi Arabia, and am currently the Director of Environmental Health for the Capital City of Riyadh, Saudi Arabia. I have held this position since 2006. I submit this declaration in support of Al Haramain Islamic Foundation's (AHIF-Oregon) challenge to its designation as a specially designated global terrorist.

2.    I attended the King Saud University in Riyadh from 1981 to 1985, and earned a Bachelor's degree in Agricultural Science in 1985. From 1985 to 2006, I was the Landscaping Engineer for the City of Riyadh, General Administration of Gardens and Beautification, and was subsequently promoted to Director of the Environmental Health Department.

3.    From 1997 to the fall of 2002 I was active in the American and Internet Committee (AIC) of Al-Haramain Islamic Foundation – Saudi Arabia (AHF-SA), which was responsible for providing internet support for Islamic outreach activities and for development of Islamic outreach efforts in the United States. There were eight (8) members of the AIC, and two

Declaration of Soliman H. Al-Buthi

Attachment E

paid secretaries who provided clerical support to the AIC. I was a volunteer and was never paid for my work on behalf of this charitable organization. During the period I worked on the AIC, I held a responsible, full-time government position as Landscaping Engineer. I devoted approximately 6-8 hours per week to my volunteer work for the AIC. I stopped volunteering for AHF-SA in 2002, due to the death of my son.

4.      I am aware that there were other committees under AHF-SA, but my activities on behalf of the charity were limited to outreach in America and internet matters only. My internet activities were carried out primarily in Saudi Arabia.

5.      AHF-SA was governed by a Board of Directors, also known as the Management Council. See Al Haramain Foundation, Organizational Chart (original and translation attached hereto as Exhibit 1); Al Haramain Foundation, Constitution (1992) (attached hereto as Exhibit 2). I was not a member of the Board of Directors (Management Council) of AHF-SA. As a volunteer, I had no authority over, involvement in, or input into, any activities of AHF-SA or its affiliated organizations in countries other than the United States. Even with respect to the America and Internet Committee, I only made recommendations, which the Management Council or the General Manager could either accept or reject.

6.      I did occasionally attend Management Council meetings, but only by invitation when matters relating to the AIC were on the agenda. I attended only that portion of the meeting dealing with my committee's work and did not attend the portions of the meetings dealing with other branches or other activities of AHF-SA.

7.      I was not familiar with AHF-SA's financial books and records, and as a part-time volunteer had no access to or responsibility for these records.

8.      To the best of my knowledge my employer, the Saudi Arabia government, was

aware of my volunteer activities with AHF-SA and did not object to them. The Saudi government officially recognized AHF-SA as a charitable organization, and it was one of the largest charities in Saudi Arabia.

9.     Except as stated below, I had no involvement in, or knowledge of, the work of AHF-SA branches in countries other than the United States, except in general terms. I understood that AHF-SA carried on humanitarian efforts in many other areas of the world, but did not know anything about how these activities in other countries were funded or how they operated. As a volunteer, I did not have the time, nor would it have been appropriate given my limited involvement, to become engaged in the activities of the other branches.

10.     The Al-Haramain Islamic Foundation in Oregon (AHIF-Oregon), of which I have been on the board, has never been involved with the operations of any of the other branches of AHF-SA. Furthermore, AHIF-Oregon has never been involved in any terrorist activities, or in funding any terrorist activities.

11.     Had I known that my involvement in AHIF-Oregon was a potential basis for designating AHIF-Oregon, I would have resigned as a member of the board. Because I was not aware that my involvement was an issue until it was too late – until AHIF-Oregon had already been designated and redesignated, I was unable to take this action. I am willing to resign my position for the future if this Court orders OFAC to vacate its current designation of AHIF-Oregon, and OFAC seeks to designate AHIF-Oregon again.

12.     During the entire tenure of my involvement in AHF-SA, through the fall of 2002, it was not a designated organization on any US or UN terrorism lists. Had I been informed that AHIF-Oregon's relationship to AHF-SA was an issue in the designation process for AHIF-Oregon, I would likely have been able to obtain substantial records from AHF-SA showing that

Attachment E

AHIF-Oregon acted independently of AHF-SA, and was not involved in any decision-making regarding AHF-SA's activities in other countries or with any of AHF-SA's affiliated organizations. However, in June 2004, Saudi Arabia shut down AHF-SA under pressure from the United States to do so. At that time, its offices were closed, and since then it has become extraordinary difficult to obtain any records relating to AHF-SA's activities. I have worked closely with attorney Tom Nelson, who has traveled to Riyadh on several occasions, to try to obtain such records, to little avail. Accordingly, OFAC's failure to notify AHIF-Oregon in early 2004 of the basis for its potential designation has irreparably undermined its ability to defend itself, by making it virtually impossible to obtain evidence regarding the activities of AHF-SA.

13.     Had I known that OFAC sought to designate AHIF-Oregon based on a claim that it supported SDGTs through its activities with AHF-SA, I would have obtained records of all the financial transactions between AHF-SA and AHIF-Oregon, and showed that none of them funded any "specially designated terrorists." In fact, for the most part, AHF-SA funded AHIF-Oregon, not vice versa. On one occasion, I brought a $150,000 donation from AHIF-Oregon to Saudi Arabia, but that was solely intended for humanitarian support to those suffering from violence and poverty among the Chechen population in Russia, through the Saudi Joint Relief Commission, a government relief agency. In no instance did AHIF-Oregon transfer any money to AHF-SA in order to support a SDGT. In no instance did AHIF-Oregon ever approve any funding of an SDGT. And for the entire time that AHIF-Oregon was involved with the activities of AHF-SA, AHF-SA was not a SDGT, and thus as far as we knew, there was no bar on providing funds or engaging in transactions with AHF-SA. Moreover, while AHIF-Oregon was affiliated with AHF-SA, it had absolutely no say in or authority over any decisions regarding AHF-SA's activities in other parts of the world. Had we known that this was an issue, we would

Attachment E

have submitted records and evidence from AHF-SA supporting all of these claims. But because we did not even learn that this was a basis for designation until AHIF-Oregon was redesignated in February 2008, we never had an opportunity to develop the record. And now that AHF-SA has been closed down at the request of the U.S. government, it is exceedingly difficult to obtain such evidence.

Soliman H. Al-Buthi

DATED: February _15_, 2009

Attachment E

**Attachment F**

Certification of Dr. Adnan Basha
(Sept. 19, 2017)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| *In re Terrorist Attacks on Sept. 11, 2001* | ) ) ) | No. 03-MDL-1570 (GBD)(SN) |

## CERTIFICATION OF DR. ADNAN BASHA

I, Dr. Adnan Basha, hereby certify that, prior to my recent retirement as the Secretary-General of the International Islamic Relief Organization (IIRO), I directed my assistants to guide the IIRO's attorneys through the IIRO's files and archives, and I ensured that the attorneys had full access to the IIRO's files and archives.

I further certify that, through my attorneys, I have produced all documents responsive to the document requests, including both the documents that are available to me, and the documents that were part of the productions of the Muslim World League and the IIRO.

SIGNED: _____
Dr. Adnan Basha

DATED: 09 / 19 / 2017 _____

Attachment F

**Attachment G**

Letters from Alan Kabat to Sean Carter, *et al.*
(June 2, 2017; Sept. 26, 2017).

# BERNABEI & KABAT, PLLC

### ATTORNEYS AT LAW
### 1775 T STREET, N.W.
### WASHINGTON, D.C. 20009

| | | |
|---|---|---|
| LYNNE BERNABEI | 202.745.1942 | KRISTEN SINISI |
| ALAN R. KABAT | FAX: 202.745.2627 | DEVIN WRIGLEY |
| PETER M. WHELAN | WWW.BERNABEIPLLC.COM | |

By Email
June 2, 2017

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
Cozen O'Connor, P.C.
1650 Market Place
Philadelphia, PA 19103-7301

      Re:      *In re Terrorist Attacks*, No. 03-MDL 1570

Sean and Scott,

      Enclosed please find the document indexes for Dr. Al-Turki, Dr. Al-Obaid, and Dr. Naseef (combined in one file), and for Dr. Basha. These are in Word format, and can be readily exported to Excel.

      Since the first three defendants were officers of MWL (all are now retired), the responsive documents are in the possession of the MWL, and were produced by the MWL as part of its merits document production. For Dr. Basha, who is retired from the IIRO, the responsive documents are in the possession of the IIRO, and were produced by the IIRO as part of its merits document production.

      We understand that the individual defendants do not themselves have documents relating to their work at the charities, as those documents remained with the charities after their retirement. Further, since they travelled on official passports, which the government retained after each trip, they do not have personal possession of those passports.

      All four defendants continue to maintain their objections to the jurisdictional discovery document requests as asserted in their initial responses on November 11, 2013, including that many of the requests exceed the scope of jurisdictional discovery, and are not relevant to determining personal jurisdiction pursuant to the Second Circuit's remand decision. Subject to and without waiving those objections, a subset of the MWL's and IIRO's document production

Attachment G

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
June 2, 2017
Page 2 of 2

is or may be responsive to the jurisdictional discovery document requests directed to these four individuals, as set forth on the attached indexes.

We have tried to be overinclusive in indexing the documents, as many documents (or ranges of documents) can be responsive to multiple jurisdictional discovery document requests, given the broad and overlapping nature of those requests. However, not all of the MWL and IIRO documents were responsive to the jurisdictional discovery document requests, so these indexes only include those that we determined were responsive to those requests.

For Drs. Al-Turki, Al-Obaid, and Naseef, note that part of the early MWL production was Bates-stamped with "IIRO" numbers even though it consisted of MWL documents (*i.e.*, the January 10 and 18, 2012 productions). The subset of the MWL documents indexed herein, comprising at least 80,050 documents (or groups of closely related documents), are responsive to at least 51 of the jurisdictional discovery document requests directed to each of those three defendants.

For Dr. Basha, the subset of the IIRO documents indexed herein, comprising at least 52,600 documents (or groups of closely related documents), are responsive to at least 45 of the jurisdictional discovery document requests directed to him.

Finally, there is one remaining tranche of MWL and IIRO documents that is being reviewed and indexed, and we hope to have those reviewed for the individual defendants' jurisdictional discovery document requests within one week of the completion of the MWL's and IIRO's final production.

Sincerely,

*/s/ Alan*

Alan R. Kabat

Enc.

cc:  MDL 1570 counsel

Attachment G

# BERNABEI & KABAT, PLLC

**ATTORNEYS AT LAW**

**1400 16th STREET, N.W., SUITE 500**

**WASHINGTON, D.C. 20036-2223**

<table>
<tr><td>LYNNE BERNABEI</td><td>202.745.1942</td><td>KRISTEN SINISI</td></tr>
<tr><td>ALAN R. KABAT</td><td>FAX: 202.745.2627</td><td>MICHAEL ELLEMENT*</td></tr>
<tr><td>PETER M. WHELAN</td><td>WWW.BERNABEIPLLC.COM</td><td>DEVIN WRIGLEY</td></tr>
</table>

\* ADMITTED IN MD ONLY

<u>By Email and First Class Mail</u>
September 26, 2017

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
Cozen O'Connor, P.C.
1650 Market Place
Philadelphia, PA 19103-7301

Re:   <u>*In re Terrorist Attacks*</u>, No. 03-MDL-1570

Sean and Scott,

Enclosed please find the supplemental document index for Dr. Al-Turki, Dr. Al-Obaid and Dr. Nassef, which reflects the production made by the MWL subsequent to their June 2, 2017 index. For these three defendants, who are retired from the MWL, the responsive documents are in the possession of the MWL, and were produced by the MWL as part of its merits document production. Subject to and without waiving their prior objections, a subset of the MWL's document production is or may be responsive to the jurisdictional discovery document requests directed to them, as set forth on the attached index of over 16,190 entries.

We have tried to be overinclusive in indexing the documents, as many documents (or ranges of documents) can be responsive to multiple jurisdictional discovery document requests, given the broad and overlapping nature of those requests. However, not all of the MWL documents were responsive to the jurisdictional discovery document requests, so these indexes only include those that we determined were responsive to those requests.

Sincerely,

*/s/ Alan*

Alan R. Kabat

Enc.

cc:  MDL 1570 counsel

Attachment G

# BERNABEI & KABAT, PLLC

### ATTORNEYS AT LAW
### 1400 16th STREET, N.W., SUITE 500
### WASHINGTON, D.C. 20036-2223

| | | |
|---|---|---|
| LYNNE BERNABEI | 202.745.1942 | KRISTEN SINISI |
| ALAN R. KABAT | FAX: 202.745.2627 | MICHAEL ELLEMENT* |
| PETER M. WHELAN | WWW.BERNABEIPLLC.COM | DEVIN WRIGLEY |

* ADMITTED IN MD ONLY

<u>By Email and First Class Mail</u>
September 26, 2017

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
Cozen O'Connor, P.C.
1650 Market Place
Philadelphia, PA 19103-7301

  Re: <u>*In re Terrorist Attacks*</u>, No. 03-MDL-1570

Sean and Scott,

  Enclosed please find the supplemental document index for Dr. Basha, which reflects the production made by the IIRO subsequent to his June 2, 2017 index. For Dr. Basha, who is retired from the IIRO, the responsive documents are in the possession of the IIRO, and were produced by the IIRO as part of its merits document production. Subject to and without waiving Dr. Basha's prior objections, a subset of the IIRO's document production is or may be responsive to the jurisdictional discovery document requests directed to him, as set forth on the attached index of over 770 entries. Also enclosed is Dr. Basha's Certification.

  We have tried to be overinclusive in indexing the documents, as many documents (or ranges of documents) can be responsive to multiple jurisdictional discovery document requests, given the broad and overlapping nature of those requests. However, not all of the IIRO documents were responsive to the jurisdictional discovery document requests, so these indexes only include those that we determined were responsive to those requests.

      Sincerely,

      */s/ Alan*

      Alan R. Kabat

Enc.

cc:  MDL 1570 counsel

Attachment G

**Attachment H**

Excerpts (first and last pages) from Dr. Al-Turki, et al., Document Indexes
(June 2, 2017; Sept. 26, 2017)

**Document index for Dr. Al-Turki, Dr. Al-Obaid, and Dr. Naseef.**

| | |
|---|---|
| Al-Turki Doc. Req. Doc. Req. 30; Al-Obaid Doc. Req. 29; Naseef Doc. Req. 23 | JT-MWL 00001 – JT-MWL 00034 |
| Al-Turki Doc. Req. 5, 8, 9; Al-Obaid Doc. Req., 5, 8, 9; Naseef Doc. Req. 5, 8, 9 | JT-MWL 00035 – JT-MWL 00315 |
| Al-Turki Doc. Req. 30, 31; Al-Obaid Doc. Req. 29, 30; Naseef Doc. Req. 23, 24 | JT-MWL 00316 – JT-MWL 00613 |
| Al-Turki Doc. Req. 17, 30, 31; Al-Obaid Doc. Req. 17, 29, 30; Naseef Doc. Req. 17, 23, 24 | JT-MWL 00614 – JT-MWL 00723 |
| Al-Turki Doc. Req. 17, 30, 31; Al-Obaid Doc. Req. 17, 29, 30; Naseef Doc. Req. 17, 23, 24 | JT-MWL 00724 – JT-MWL 00939 |
| Al-Turki Doc. Req. 17, 30, 31; Al-Obaid Doc. Req. 17, 29, 30; Naseef Doc. Req. 17, 23, 24 | JT-MWL 00940 – JT-MWL 00995 |
| Al-Turki Doc. Req. 8; Al-Obaid Doc. Req. 8; Naseef Doc. Req. 8 | JT-MWL 00996 – JT-MWL 01332 |
| Al-Turki Doc. Req. 8; Al-Obaid Doc. Req. 8; Naseef Doc. Req. 8 | JT-MWL 01333 – JT-MWL 01396 |
| Al-Turki Doc. Req. 13; Al-Obaid Doc. Req. 13; Naseef Doc. Req. 13 | JT-MWL 01397 – JT-MWL 03791 |
| Al-Turki Doc. Req. 13; Al-Obaid Doc. Req. 13; Naseef Doc. Req. 13 | JT-MWL 03792 – JT-MWL 03841 |
| Al-Turki Doc. Req. 13; Al-Obaid Doc. Req. 13; Naseef Doc. Req. 13 | JT-MWL 03842 – JT-MWL 04273 |
| Al-Turki Doc. Req. 13; Al-Obaid Doc. Req. 13; Naseef Doc. Req. 13 | JT-MWL 04274 – JT-MWL 04512 |
| Al-Turki Doc. Req. 17, 30, 31; Al-Obaid Doc. Req. 17, 29, 30; Naseef Doc. Req. 17, 23, 24 | JT-MWL 04513 – JT-MWL 04534 |
| Al-Turki Doc. Req. 17, 30, 31; Al-Obaid Doc. Req. 17, 29, 30; Naseef Doc. Req. 17, 23, 24 | JT-MWL 04535 – JT-MWL 04577 |
| Al-Turki Doc. Req. 17, 30, 31; Al-Obaid Doc. Req. 17, 29, 30; Naseef Doc. Req. 17, 23, 24 | JT-MWL 04578 – JT-MWL 04855 |
| Al-Turki Doc. Req. 30, 31; Al-Obaid Doc. Req. 29, 30; Naseef Doc. Req. 23, 24 | JT-MWL 04856 – JT-MWL 04938 |
| Al-Turki Doc. Req. 30, 31; Al-Obaid Doc. Req. 29, 30; Naseef Doc. Req. 23, 24 | JT-MWL 04939 – JT-MWL 05036 |
| Al-Turki Doc. Req. 13; Al-Obaid Doc. Req. 13; Naseef Doc. Req. 13 | JT-MWL 05037 – JT-MWL 05141 |
| Al-Turki Doc. Req. 5, 8, 9; Al-Obaid Doc. Req., 5, 8, 9; Naseef Doc. Req. 5, 8, 9 | MWL 005142 – MWL 005343 |
| Al-Turki Doc. Req. 5, 8, 9; Al-Obaid Doc. Req., 5, 8, 9; Naseef Doc. Req. 5, 8, 9 | MWL 005344 – MWL 005370 |
| Al-Turki Doc. Req. 5, 8, 9; Al-Obaid Doc. Req., 5, 8, 9; Naseef Doc. Req. 5, 8, 9 | MWL 005371 – MWL 005501 |
| Al-Turki Doc. Req. 30, 31; Al-Obaid Doc. Req. 29, 30; Naseef Doc. Req. 23, 24 | MWL 005502 – MWL 005529 |

Attachment H

| | |
|---|---|
| Al-Turki Doc. Req. 5, 8, 9; Al-Obaid Doc. Req., 5, 8, 9; Naseef Doc. Req. 5, 8, 9 | MWL 005530 – MWL 005820 |
| Al-Turki Doc. Req. 5, 8, 9; Al-Obaid Doc. Req., 5, 8, 9; Naseef Doc. Req. 5, 8, 9 | MWL 005821 – MWL 006107 |
| Al-Turki Doc. Req. 5, 8, 9; Al-Obaid Doc. Req., 5, 8, 9; Naseef Doc. Req. 5, 8, 9 | MWL 006108 – MWL 006125 |
| Al-Turki Doc. Req. 5, 8, 9; Al-Obaid Doc. Req., 5, 8, 9; Naseef Doc. Req. 5, 8, 9 | MWL 006126 – MWL 006269 |
| Al-Turki Doc. Req. 5, 8, 9; Al-Obaid Doc. Req., 5, 8, 9; Naseef Doc. Req. 5, 8, 9 | MWL 006270 – MWL 006395 |
| Al-Turki Doc. Req. 35; Al-Obaid Doc. Req. 34; Naseef Doc. Req. 28, 29 | IIRO 016768 – IIRO 016872 |
| Al-Turki Doc. Req. 35; Al-Obaid Doc. Req. 34; Naseef Doc. Req. 28, 29 | IIRO 016873 – IIRO 016972 |
| Al-Turki Doc. Req. 35; Al-Obaid Doc. Req. 34; Naseef Doc. Req. 28, 29 | IIRO 016973 – IIRO 017130 |
| Al-Turki Doc. Req. 35; Al-Obaid Doc. Req. 34; Naseef Doc. Req. 28, 29 | IIRO 017131 – IIRO 017414 |
| Al-Turki Doc. Req. 35; Al-Obaid Doc. Req. 34; Naseef Doc. Req. 28, 29 | IIRO 017415 – IIRO 017720 |
| Al-Turki Doc. Req. 35; Al-Obaid Doc. Req. 34; Naseef Doc. Req. 28, 29 | IIRO 017721 – IIRO 017944 |
| Al-Turki Doc. Req. 35; Al-Obaid Doc. Req. 34; Naseef Doc. Req. 28, 29 | IIRO 017945 – IIRO 018162 |
| Al-Turki Doc. Req. 12, 35; Al-Obaid Doc. Req. 12, 34; Naseef Doc. Req. 12, 28, 29 | IIRO 018163 – IIRO 018193 |
| Al-Turki Doc. Req. 12, 35; Al-Obaid Doc. Req. 12, 34; Naseef Doc. Req. 12, 28, 29 | IIRO 018194 – IIRO 018222 |
| Al-Turki Doc. Req. 12, 35; Al-Obaid Doc. Req. 12, 34; Naseef Doc. Req. 12, 28, 29 | IIRO 018223 – IIRO 018254 |
| Al-Turki Doc. Req. 12, 35; Al-Obaid Doc. Req. 12, 34; Naseef Doc. Req. 12, 28, 29 | IIRO 018255 – IIRO 018274 |
| Al-Turki Doc. Req. 12, 35; Al-Obaid Doc. Req. 12, 34; Naseef Doc. Req. 12, 28, 29 | IIRO 018275 – IIRO 018301 |
| Al-Turki Doc. Req. 12, 35; Al-Obaid Doc. Req. 12, 34; Naseef Doc. Req. 12, 28, 29 | IIRO 018302 – IIRO 018335 |
| Al-Turki Doc. Req. 12, 35; Al-Obaid Doc. Req. 12, 34; Naseef Doc. Req. 12, 28, 29 | IIRO 018336 – IIRO 018382 |
| Al-Turki Doc. Req. 13; Al-Obaid Doc. Req. 13; Naseef Doc. Req. 13 | IIRO 018383 – IIRO 018401 |
| Al-Turki Doc. Req. 13; Al-Obaid Doc. Req. 13; Naseef Doc. Req. 13 | IIRO 018402 – IIRO 018414 |
| Al-Turki Doc. Req. 13; Al-Obaid Doc. Req. 13; Naseef Doc. Req. 13 | IIRO 018415 – IIRO 018421 |
| Al-Turki Doc. Req. 13; Al-Obaid Doc. Req. 13; Naseef Doc. Req. 13 | IIRO 018422 – IIRO 018444 |

Attachment H

Pages 3 to 1749 omitted

Attachment H

| | |
|---|---|
| Al-Turki Doc. Req. 101, 102, 116, 117; Al-Obaid Doc. Req. 94, 95, 109, 110; Naseef Doc. Req. 87, 88, 102, 103 | MWL 064375 MWL 064376 MWL 064128 MWL 064128 |
| Al-Turki Doc. Req. 75, 76; Al-Obaid Doc. Req. 68, 69; Naseef Doc. Req. 61, 62 | MWL 062576 MWL 062601 MWL 062602 MWL 062642 MWL 062708 MWL 062729 MWL 063299 MWL 063301 MWL 063059 MWL 063059 MWL 063064 MWL 063064 MWL 063264 MWL 063265 MWL 063288 MWL 063288 MWL 063292 MWL 063293 MWL 063302 MWL 063302 MWL 063309 MWL 063309 MWL 063311 MWL 063311 MWL 064252 MWL 064252 MWL 064254 MWL 064254 MWL 064558 MWL 064558 MWL 062410 MWL 062444 MWL 062445 MWL 062465 MWL 063007 MWL 063014 MWL 062677 MWL 062707 MWL 063465 MWL 063470 MWL 062513 MWL 062540 MWL 062466 MWL 062492 MWL 062541 MWL 062575 MWL 063015 MWL 063018 MWL 063271 MWL 063272 MWL 063275 MWL 063277 MWL 063282 MWL 063283 MWL 063297 MWL 063298 MWL 063306 MWL 063307 MWL 063291 MWL 063291 MWL 063462 MWL 063464 MWL 063452 MWL 063452 MWL 062975 MWL 062977 MWL 064127 MWL 064127 MWL 064129 MWL 064131 MWL 064562 MWL 064562 MWL 063471 MWL 063473 MWL 063439 MWL 063439 MWL 063453 MWL 063453 MWL 063454 MWL 063454 MWL 064096 MWL 064097 MWL 064549 MWL 064549 MWL 063259 MWL 063259 |

Attachment H

| | |
|---|---|
| | MWL 064426 MWL 064429 |
| | MWL 064386 MWL 064400 |
| | MWL 063019 MWL 063019 |
| | MWL 063031 MWL 063041 |
| | MWL 063060 MWL 063060 |
| | MWL 063260 MWL 063260 |
| | MWL 063323 MWL 063328 |
| | MWL 064071 MWL 064078 |
| | MWL 064118 MWL 064118 |
| | MWL 064119 MWL 064121 |
| | MWL 064220 MWL 064220 |
| | MWL 064222 MWL 064224 |
| | MWL 064225 MWL 064229 |
| | MWL 064352 MWL 064353 |
| | MWL 064362 MWL 064362 |
| | MWL 064377 MWL 064379 |
| | MWL 064383 MWL 064383 |
| | MWL 064384 MWL 064384 |
| | MWL 064423 MWL 064425 |
| | MWL 064503 MWL 064519 |
| | MWL 064531 MWL 064531 |
| | MWL 064535 MWL 064536 |
| | MWL 064552 MWL 064553 |
| | MWL 064555 MWL 064556 |
| | MWL 064557 MWL 064557 |
| Al-Turki Doc. Req. 77; Al-Obaid Doc. Req. 70; Naseef Doc. Req. 63 | MWL 062708 MWL 062729 <br> MWL 063455 MWL 063458 <br> MWL 062985 MWL 062986 <br> MWL 064062 MWL 064070 <br> MWL 064437 MWL 064438 |
| Al-Turki Doc. Req. 86; Al-Obaid Doc. Req. 79; Naseef Doc. Req. 72 | MWL 062445 MWL 062465 <br> MWL 063057 MWL 063058 <br> MWL 063279 MWL 063279 <br> MWL 063284 MWL 063287 <br> MWL 064245 MWL 064245 |
| Al-Turki Doc. Req. 56, 57, 58; Al-Obaid Doc. Req. 49, 50, 51; Naseef Doc. Req. 42, 43, 44 | MWL 062541 MWL 062575 |

Attachment H

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
)
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001    )   No. 03 MDL 1570 (GBD)(SN)
)
_____)

**DEFENDANT DR. ABDULLAH AL-TURKI, ET AL.'S
SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS
FOR PRODUCTION OF DOCUMENTS**

Defendants Dr. Abdullah Al-Turki, Dr. Abdullah Al-Obaid, and Dr. Abdullah Naseef,

through undersigned counsel, and pursuant to Rule 34(b)(2), provide their supplemental

responses to Plaintiffs' First Set of Jurisdictional Requests for Production of Documents (Aug.

22, 2013).  The following index supplements that produced on June 6, 2017:

| | |
|---|---|
| Al-Turki Doc. Req. Nos. 5, 8; Al-Obaid Doc. Req. Nos. 5, 8; Naseef Doc. Req. Nos. 5, 8 | MWL 070485 MWL 070486 |
| | MWL 070487 MWL 070489 |
| Al-Turki Doc. Req. Nos. 6, 9-12; Al-Obaid Doc. Req. Nos. 6, 9-12; Naseef Doc. Req. Nos. 6, 9-12 | MWL 065139 MWL 065139 |
| | MWL 065390 MWL 065403 |
| | MWL 066182 MWL 066182 |
| | MWL 066189 MWL 066190 |
| | MWL 066388 MWL 066388 |
| | MWL 067659 MWL 067659 |
| | MWL 067668 MWL 067677 |
| | MWL 068269 MWL 068269 |
| | MWL 068311 MWL 068311 |
| | MWL 068312 MWL 068315 |
| | MWL 068319 MWL 068319 |
| | MWL 068320 MWL 068320 |
| | MWL 068332 MWL 068335 |
| | MWL 068336 MWL 068337 |
| | MWL 068343 MWL 068343 |
| | MWL 068383 MWL 068384 |
| | MWL 068395 MWL 068395 |
| | MWL 068396 MWL 068396 |
| | MWL 070371 MWL 070392 |
| | MWL 070394 MWL 070394 |

Attachment H

MWL 070490 MWL 070490
MWL 070491 MWL 070491
MWL 070492 MWL 070492
MWL 070493 MWL 070514
MWL 070515 MWL 070520
MWL 070626 MWL 070626
MWL 070627 MWL 070627
MWL 070638 MWL 070646
MWL 070647 MWL 070647
MWL 070648 MWL 070649
MWL 070650 MWL 070651
MWL 070652 MWL 070653
MWL 070654 MWL 070655
MWL 070656 MWL 070656
MWL 070667 MWL 070668
MWL 070669 MWL 070669
MWL 070828 MWL 070828
MWL 070838 MWL 070838
MWL 070839 MWL 070839
MWL 070867 MWL 070867
MWL 070935 MWL 070956
MWL 070957 MWL 070962
MWL 071298 MWL 071298
MWL 071299 MWL 071299
MWL 071300 MWL 071300
MWL 071301 MWL 071301
MWL 071302 MWL 071302
MWL 071303 MWL 071303
MWL 071304 MWL 071304
MWL 071305 MWL 071305
MWL 071499 MWL 071499
MWL 071642 MWL 071642
MWL 071643 MWL 071643
MWL 071650 MWL 071650
MWL 071701 MWL 071701
MWL 071702 MWL 071702
MWL 071711 MWL 071711
MWL 071761 MWL 071761
MWL 071762 MWL 071762
MWL 071763 MWL 071763
MWL 071764 MWL 071764
MWL 071779 MWL 071779
MWL 071790 MWL 071790

Pages 1754 to 2128 omitted

| | |
|---|---|
| | MWL 110182 MWL 110184 |
| | MWL 110217 MWL 110218 |
| | MWL 110279 MWL 110281 |
| | MWL 110285 MWL 110287 |
| | MWL 110288 MWL 110291 |
| | MWL 110299 MWL 110301 |
| | MWL 110302 MWL 110303 |
| | MWL 110304 MWL 110305 |
| | MWL 110316 MWL 110317 |
| | MWL 110323 MWL 110325 |
| | MWL 110354 MWL 110358 |
| | MWL 110398 MWL 110399 |
| | MWL 110458 MWL 110459 |
| | MWL 114426 MWL 114435 |
| | MWL 110254 MWL 110272 |
| | MWL 114476 MWL 114490 |
| | MWL 114654 MWL 114659 |
| | MWL 114491 MWL 114492 |
| | MWL 114650 MWL 114653 |
| | MWL 109848 MWL 109851 |
| | MWL 114436 MWL 114439 |
| | MWL 110672 MWL 110674 |
| | MWL 109834 MWL 109839 |
| | MWL 110014 MWL 110015 |
| | MWL 110017 MWL 110020 |
| | MWL 110036 MWL 110041 |
| | MWL 110078 MWL 110083 |
| | MWL 114309 MWL 114315 |
| | MWL 110381 MWL 110392 |
| | MWL 110294 MWL 110298 |
| | MWL 110501 MWL 110515 |
| | MWL 109933 MWL 109947 |
| | MWL 114924 MWL 114936 |
| | MWL 110132 MWL 110142 |
| | MWL 114353 MWL 114371 |
| | MWL 110149 MWL 110155 |
| Al-Turki Doc. Req. No. 86; Al-Obaid Doc. Req. No. 79; Naseef Doc. Req. No. 72 | MWL 115252 MWL 115253 |
| | MWL 115006 MWL 115021 |
| | MWL 114898 MWL 114909 |
| | MWL 114862 MWL 114877 |
| | MWL 116516 MWL 116522 |

Attachment H

Respectfully submitted,

*Alan R. Kabat*

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Kabat, PLLC
1400 – 16th Street, N.W., Suite 500
Washington, D.C. 20036-2223
(202) 745-1942
*Attorneys for Defendant Dr. Abdullah Al-Turki, Dr.*
*Abdullah Al-Obaid and Dr. Abdullah Omar Naseef,*

DATED:  September 26, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2017, I caused the foregoing Supplemental

Responses to Plaintiffs' First Set of Jurisdictional Requests for Production of Documents to be

served electronically on counsel of record by electronic mail, pursuant to Paragraph 9(b) of Case

Management Order No. 2 (June 16, 2004), with an additional copy sent by first class mail,

postage prepaid to:

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
Cozen O'Connor, P.C.
1650 Market Place
Philadelphia, PA 19103-7301

*Alan R. Kabat*

Alan R. Kabat

Attachment H

**Attachment I**

Excerpts (first and last pages) from Dr. Basha, Document Indexes
(June 2, 2017; Sept. 26, 2017)

**Basha, Index to IIRO documents (2017)**

| | |
|---|---|
| Basha Doc. Req. 5, 8 | IIRO 000024 IIRO 000050 |
| Basha Doc. Req. 5, 8 | IIRO 000051 IIRO 000083 |
| Basha Doc. Req. 8 | IIRO 000084 IIRO 000095 |
| Basha Doc. Req. 8 | IIRO 000096 IIRO 000108 |
| Basha Doc. Req. 8 | IIRO 000109 IIRO 000110 |
| Basha Doc. Req. 8 | IIRO 000111 IIRO 000119 |
| Basha Doc. Req. 8 | IIRO 000120 IIRO 000124 |
| Basha Doc. Req. 8 | IIRO 000125 IIRO 000132 |
| Basha Doc. Req. 8 | IIRO 000133 IIRO 000137 |
| Basha Doc. Req. 8 | IIRO 000138 IIRO 000163 |
| Basha Doc. Req. 8 | IIRO 000164 IIRO 000190 |
| Basha Doc. Req. 8 | IIRO 000191 IIRO 000203 |
| Basha Doc. Req. 8 | IIRO 000204 IIRO 000208 |
| Basha Doc. Req. 8 | IIRO 000248 IIRO 000297 |
| Basha Doc. Req. 8 | IIRO 000298 IIRO 000340 |
| Basha Doc. Req. 8 | IIRO 000341 IIRO 000353 |
| Basha Doc. Req. 8 | IIRO 000354 IIRO 000368 |
| Basha Doc. Req. 8 | IIRO 000369 IIRO 000387 |
| Basha Doc. Req. 8 | IIRO 000428 IIRO 000667 |
| Basha Doc. Req. 8 | IIRO 000668 IIRO 000691 |
| Basha Doc. Req. 8 | IIRO 000692 IIRO 000707 |
| Basha Doc. Req. 8 | IIRO 000722 IIRO 000727 |
| Basha Doc. Req. 8 | IIRO 000728 IIRO 000732 |
| Basha Doc. Req. 8 | IIRO 000733 IIRO 000740 |
| Basha Doc. Req. 24, 25 | IIRO 000741 IIRO 000765 |
| Basha Doc. Req. 36 | IIRO 000766 IIRO 000943 |
| Basha Doc. Req. 29 | IIRO 000944 IIRO 000968 |
| Basha Doc. Req. 36 | IIRO 000984 IIRO 001004 |
| Basha Doc. Req. 5, 8 | IIRO 001005 IIRO 001006 |
| Basha Doc. Req. 5, 8 | IIRO 001007 IIRO 001014 |
| Basha Doc. Req. 24, 25 | IIRO 001139 IIRO 001139 |
| Basha Doc. Req. 24, 25 | IIRO 001140 IIRO 001153 |
| Basha Doc. Req. 24, 25 | IIRO 001154 IIRO 001184 |
| Basha Doc. Req. 24, 25 | IIRO 001185 IIRO 001185 |
| Basha Doc. Req. 24, 25 | IIRO 001186 IIRO 001190 |
| Basha Doc. Req. 24, 25 | IIRO 001191 IIRO 001214 |
| Basha Doc. Req. 24, 25 | IIRO 001215 IIRO 001218 |
| Basha Doc. Req. 24, 25 | IIRO 001219 IIRO 001223 |

Attachment I

| Basha Doc. Req. 24, 25 | IIRO 001224 IIRO 001225 |
|---|---|
| Basha Doc. Req. 24, 25 | IIRO 001226 IIRO 001226 |
| Basha Doc. Req. 24, 25 | IIRO 001227 IIRO 001230 |
| Basha Doc. Req. 24, 25 | IIRO 001231 IIRO 001234 |
| Basha Doc. Req. 24, 25 | IIRO 001235 IIRO 001236 |
| Basha Doc. Req. 24, 25 | IIRO 001237 IIRO 001245 |
| Basha Doc. Req. 24, 25 | IIRO 001246 IIRO 001248 |
| Basha Doc. Req. 24, 25 | IIRO 001249 IIRO 001252 |
| Basha Doc. Req. 24, 25 | IIRO 001253 IIRO 001255 |
| Basha Doc. Req. 24, 25 | IIRO 001256 IIRO 001258 |
| Basha Doc. Req. 24, 25 | IIRO 001259 IIRO 001262 |
| Basha Doc. Req. 24, 25 | IIRO 001263 IIRO 001264 |
| Basha Doc. Req. 24, 25 | IIRO 001265 IIRO 001270 |
| Basha Doc. Req. 24, 25 | IIRO 001271 IIRO 001271 |
| Basha Doc. Req. 24, 25 | IIRO 001272 IIRO 001272 |
| Basha Doc. Req. 24, 25 | IIRO 001273 IIRO 001275 |
| Basha Doc. Req. 24, 25 | IIRO 001276 IIRO 001277 |
| Basha Doc. Req. 5, 8, 24, 25 | IIRO 001278 IIRO 001278 |
| Basha Doc. Req. 5, 8, 24, 25 | IIRO 001279 IIRO 001279 |
| Basha Doc. Req. 5, 8 | IIRO 001280 IIRO 001280 |
| Basha Doc. Req. 5, 8 | IIRO 001281 IIRO 001282 |
| Basha Doc. Req. 5, 8 | IIRO 001283 IIRO 001283 |
| Basha Doc. Req. 5, 8 | IIRO 001284 IIRO 001286 |
| Basha Doc. Req. 5, 8 | IIRO 001287 IIRO 001287 |
| Basha Doc. Req. 5, 8 | IIRO 001288 IIRO 001288 |
| Basha Doc. Req. 5, 8 | IIRO 001289 IIRO 001294 |
| Basha Doc. Req. 5, 8 | IIRO 001295 IIRO 001295 |
| Basha Doc. Req. 5, 8 | IIRO 001296 IIRO 001298 |
| Basha Doc. Req. 5, 8 | IIRO 001299 IIRO 001303 |
| Basha Doc. Req. 5, 8 | IIRO 001304 IIRO 001316 |
| Basha Doc. Req. 5, 8 | IIRO 001317 IIRO 001322 |
| Basha Doc. Req. 5, 8 | IIRO 001323 IIRO 001328 |
| Basha Doc. Req. 5, 8 | IIRO 001329 IIRO 001330 |
| Basha Doc. Req. 5, 8 | IIRO 001331 IIRO 001332 |
| Basha Doc. Req. 5, 8 | IIRO 001333 IIRO 001335 |
| Basha Doc. Req. 5, 8 | IIRO 001336 IIRO 001339 |
| Basha Doc. Req. 5, 8 | IIRO 001340 IIRO 001344 |
| Basha Doc. Req. 5, 8 | IIRO 001345 IIRO 001353 |
| Basha Doc. Req. 5, 8 | IIRO 001354 IIRO 001354 |

Pages 3 to 1145 omitted

Attachment I

|  | IIRO 334745 | IIRO 334745 |
|---|---|---|
|  | IIRO 334793 | IIRO 334793 |
|  | IIRO 335269 | IIRO 335269 |
|  | IIRO 337106 | IIRO 337106 |
|  | IIRO 337108 | IIRO 337108 |
|  | IIRO 337275 | IIRO 337275 |
|  | IIRO 337278 | IIRO 337278 |
|  | IIRO 337395 | IIRO 337395 |
|  | IIRO 337396 | IIRO 337396 |
|  | IIRO 338310 | IIRO 338310 |
|  | IIRO 338312 | IIRO 338312 |
|  | IIRO 338313 | IIRO 338319 |
|  | IIRO 338390 | IIRO 338390 |
|  | IIRO 338421 | IIRO 338421 |
| Basha Doc. Req. 67. | IIRO 334981 | IIRO 334981 |
|  | IIRO 334982 | IIRO 334982 |
|  | IIRO 334983 | IIRO 334983 |
|  | IIRO 334984 | IIRO 334984 |
|  | IIRO 334986 | IIRO 334986 |
|  | IIRO 334987 | IIRO 334987 |
|  | IIRO 334988 | IIRO 334988 |
|  | IIRO 334997 | IIRO 334998 |
|  | IIRO 334999 | IIRO 334999 |
|  | IIRO 335000 | IIRO 335000 |
|  | IIRO 335001 | IIRO 335002 |
|  | IIRO 335003 | IIRO 335003 |
|  | IIRO 335004 | IIRO 335004 |
|  | IIRO 335005 | IIRO 335005 |
|  | IIRO 335006 | IIRO 335006 |
|  | IIRO 335007 | IIRO 335008 |
|  | IIRO 335009 | IIRO 335010 |
|  | IIRO 335011 | IIRO 335011 |
|  | IIRO 335012 | IIRO 335012 |
|  | IIRO 335013 | IIRO 335014 |
|  | IIRO 335015 | IIRO 335015 |
|  | IIRO 335016 | IIRO 335016 |
|  | IIRO 335017 | IIRO 335017 |
|  | IIRO 335018 | IIRO 335018 |
|  | IIRO 335019 | IIRO 335019 |
|  | IIRO 335020 | IIRO 335020 |
|  | IIRO 335021 | IIRO 335021 |
|  | IIRO 335022 | IIRO 335022 |
|  | IIRO 335023 | IIRO 335023 |
|  | IIRO 335024 | IIRO 335024 |
|  | IIRO 335025 | IIRO 335026 |
|  | IIRO 335027 | IIRO 335027 |

Page 1146 of 1147

Attachment I

|  | IIRO 335028   IIRO 335028 |
| --- | --- |
|  | IIRO 335032   IIRO 335032 |
|  | IIRO 335033   IIRO 335033 |
|  | IIRO 335034   IIRO 335034 |
|  | IIRO 335035   IIRO 335036 |
|  | IIRO 335037   IIRO 335039 |
|  | IIRO 335040   IIRO 335040 |
|  | IIRO 335041   IIRO 335042 |
|  | IIRO 335043   IIRO 335046 |
|  | IIRO 335047   IIRO 335048 |
|  | IIRO 335049   IIRO 335049 |
|  | IIRO 335050   IIRO 335050 |
|  | IIRO 334760   IIRO 334760 |
| Basha Doc. Req. 76, 78. | IIRO 337013    IIRO 337013 |
| Basha Doc. Req. 51, 54. | IIRO 336105   IIRO 336105 |
|  | IIRO 336140   IIRO 336141 |
|  | IIRO 336142   IIRO 336143 |
|  | IIRO 336160   IIRO 336160 |
|  | IIRO 336171   IIRO 336171 |
|  | IIRO 336185   IIRO 336187 |
|  | IIRO 336393   IIRO 336393 |
|  | IIRO 336414   IIRO 336414 |
|  | IIRO 336430   IIRO 336430 |
|  | IIRO 336442   IIRO 336442 |
|  | IIRO 336443   IIRO 336443 |
|  | IIRO 336446   IIRO 336446 |
|  | IIRO 336896   IIRO 336896 |
|  | IIRO 337202   IIRO 337206 |
|  | IIRO 336424   IIRO 336425 |
| Basha Doc. Req. 53, 54, 55. | IIRO 334821   IIRO 334821 |
|  | IIRO 334788   IIRO 334788 |
|  | IIRO 334789   IIRO 334789 |

Attachment I

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001

)
) No. 03 MDL 1570 (GBD)(SN)
)
_____)

### DEFENDANT DR. ADNAN BASHA'S
### SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
### PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS
### FOR PRODUCTION OF DOCUMENTS

Defendant Dr. Adnan Basha, through undersigned counsel, and pursuant to Rule

34(b)(2), provides his supplemental responses to Plaintiffs' First Set of Jurisdictional Requests

for Production of Documents (Aug. 22, 2013). The following index supplements that produced

on June 6, 2017:

| | |
|---|---|
| Basha Doc. Req. Nos. 2-3, 5-6, 8-9 | IIRO 338512 IIRO 338516 |
| Basha Doc. Req. No. 11 | IIRO 338474 IIRO 338474<br>IIRO 338475 IIRO 338475 |
| Basha Doc. Req. Nos. 7, 13, 18. | IIRO 338422 IIRO 338431<br>IIRO 338432 IIRO 338437 |
| Basha Doc. Req. No. 24 | IIRO 339000 IIRO 339000<br>IIRO 339031 IIRO 339031<br>IIRO 339051 IIRO 339051<br>IIRO 339053 IIRO 339053<br>IIRO 339054 IIRO 339054<br>IIRO 339055 IIRO 339055<br>IIRO 339253 IIRO 339255<br>IIRO 339256 IIRO 339256<br>IIRO 339257 IIRO 339257 |
| Basha Doc. Req. Nos. 24, 25 | IIRO 338790 IIRO 338793<br>IIRO 338794 IIRO 338797<br>IIRO 338798 IIRO 338807<br>IIRO 338808 IIRO 338817<br>IIRO 338818 IIRO 338823<br>IIRO 338824 IIRO 338834<br>IIRO 338835 IIRO 338854<br>IIRO 338855 IIRO 338871<br>IIRO 338872 IIRO 338880 |

Attachment I

| | |
|---|---|
| | IIRO 338881 IIRO 338906 |
| | IIRO 338907 IIRO 338932 |
| | IIRO 338933 IIRO 338949 |
| | IIRO 338950 IIRO 338961 |
| | IIRO 338962 IIRO 338977 |
| | IIRO 338978 IIRO 338996 |
| | IIRO 339002 IIRO 339002 |
| | IIRO 339003 IIRO 339003 |
| | IIRO 339256 IIRO 339256 |
| | IIRO 339257 IIRO 339257 |
| Basha Doc. Req. No. 77 | IIRO 338568 IIRO 338568 |
| | IIRO 338610 IIRO 338615 |
| | IIRO 338616 IIRO 338628 |
| | IIRO 338629 IIRO 338649 |
| | IIRO 338650 IIRO 338680 |
| | IIRO 338681 IIRO 338715 |
| | IIRO 338716 IIRO 338727 |
| | IIRO 338728 IIRO 338733 |
| | IIRO 338734 IIRO 338782 |
| | IIRO 338783 IIRO 338786 |
| | IIRO 338787 IIRO 338789 |
| | IIRO 338790 IIRO 338793 |
| | IIRO 338794 IIRO 338797 |
| | IIRO 338798 IIRO 338807 |
| | IIRO 338808 IIRO 338817 |
| | IIRO 338999 IIRO 338999 |
| Basha Doc. Req. No. 66 | IIRO 338582 IIRO 338582 |
| | IIRO 338583 IIRO 338583 |
| | IIRO 338584 IIRO 338584 |
| | IIRO 338585 IIRO 338585 |
| | IIRO 338587 IIRO 338587 |
| | IIRO 338588 IIRO 338588 |
| | IIRO 338592 IIRO 338592 |
| | IIRO 338872 IIRO 338880 |
| | IIRO 338907 IIRO 338932 |
| Basha Doc. Req. Nos. 91, 92 | IIRO 338568 IIRO 338568 |
| | IIRO 338569 IIRO 338569 |
| Basha Doc. Req. No. 76 | IIRO 338591 IIRO 338591 |
| | IIRO 338592 IIRO 338592 |
| | IIRO 338593 IIRO 338593 |
| | IIRO 338594 IIRO 338594 |
| | IIRO 338595 IIRO 338595 |

**Page 1149 of 1166**

Attachment I

Pages 1150 to 1165 omitted

| | IIRO 341912 IIRO 341912 |
|---|---|
| | IIRO 341913 IIRO 341913 |
| | IIRO 341914 IIRO 341914 |
| | IIRO 341915 IIRO 341915 |
| | IIRO 341916 IIRO 341916 |
| | IIRO 341917 IIRO 341917 |
| | IIRO 341918 IIRO 341918 |
| | IIRO 341919 IIRO 341919 |
| | IIRO 341920 IIRO 341920 |
| | IIRO 341921 IIRO 341921 |
| | IIRO 341922 IIRO 341922 |
| | IIRO 341923 IIRO 341923 |
| | IIRO 341924 IIRO 341924 |
| | IIRO 341925 IIRO 341925 |
| | IIRO 341926 IIRO 341926 |
| | IIRO 341927 IIRO 341927 |
| | IIRO 341928 IIRO 341928 |
| | IIRO 341929 IIRO 341929 |
| | IIRO 341930 IIRO 341930 |
| | IIRO 341931 IIRO 341931 |
| | IIRO 341932 IIRO 341932 |
| | IIRO 341933 IIRO 341933 |
| | IIRO 341934 IIRO 341934 |
| | IIRO 341935 IIRO 341935 |
| Basha Doc. Req. No. 92 | IIRO 341936 IIRO 341971 |

**Page 1166 of 1166**

Respectfully submitted,

*Alan R Kabat*

Lynne Bernabei, Esquire  (LB2489)
Alan R. Kabat, Esquire  (AK7194)
Bernabei & Kabat, PLLC
1400 – 16th Street, N.W., Suite 500
Washington, D.C. 20036-2223
(202) 745-1942
*Attorneys for Defendant Dr. Adnan Basha*

DATED:  September 26, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2017, I caused the foregoing Supplemental

Responses to Plaintiffs' First Set of Jurisdictional Requests for Production of Documents to be

served electronically on counsel of record by electronic mail, pursuant to Paragraph 9(b) of Case

Management Order No. 2 (June 16, 2004), with an additional copy sent by first class mail,

postage prepaid to:

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
Cozen O'Connor, P.C.
1650 Market Place
Philadelphia, PA 19103-7301

*Alan R. Kabat*

Alan R. Kabat

Attachment I

**Attachment J**

Certification of Dr. Abdullah bin Saleh Al-Obaid
(Oct. 14, 2017)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

*In re Terrorist Attacks on Sept. 11, 2001*

)
)
)

No. 03-MDL-1570 (GBD)(SN)

---

## CERTIFICATION OF DR. ABDULLAH BIN SALEH AL-OBAID

Under penalty of perjury, I, Dr. Abdullah bin Saleh Al-Obaid, attest that the following is true and correct to the best of my knowledge:

1. I hereby certify that, as a long-retired Secretary-General of the Muslim World League (MWL) (having served from 1995 to 2000), I no longer have access to the MWL's files and archives, or those of the International Islamic Relief Organization (IIRO), which have all the documents reflecting my role with the MWL, IIRO, and other charities.

2. I further certify that, through my attorneys, I have produced all non-privileged documents responsive to the jurisdictional discovery document requests, including both the documents that are available to me, and the documents that were part of the productions of the MWL and the International Islamic Relief Organization. I have not withheld any documents on the basis of privilege, other than communications with my lawyers after this lawsuit was filed.

3. In addition to the September 2000 and 2002 visits to the United States of America that I listed in my March 29, 2004 Declaration, I also made visits to the U.S.A. in August 1997 and August or early September 1998, which are listed in the IIRO's annual reports.

Page 1 of 2

Attachment J

4. I do not have my passports for the 1992-2002 time period, and the above information is from my memory and from the IIRO's annual reports. My attorneys have requested my passports from the Ministry of Interior, General Directorate of Passports. However, the annual reports of the IIRO and the MWL contain information on my travels to the U.S.A. and other countries during that period.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED: _____

Dr. Abdullah bin Saleh Al-Obaid

EXECUTED ON: 14-10-2017

Page 2 of 2

Attachment J

**Attachment K**

Declaration of Dr. Adnan Basha
(Sept. 30, 2017)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                                    )
*In re Terrorist Attacks on Sept. 11, 2001*         )        No. 03-MDL-1570 (GBD)(SN)
_____)

### DECLARATION OF DR. ADNAN BASHA

Under penalty of perjury, I attest that the following is true:

1. I, Dr. Adnan Basha, hereby provide the following information on my travels to the United States of America from 1992 through 2002.

2. I made two family vacation trips to Orlando, Florida in July 1997 and August 1999, accompanied by my wife and our four children.

3. In June 2001, I made a trip to New York to attend the meetings of the Special Committee of the United Nations General Assembly concerning children, and was accompanied by my two daughters.

4. I do not have my passports for that time period, and the above information is from my memory.

SIGNED: _____
                        Dr. Adnan Basha

DATED: _____09 / 30 / 2017_____

Attachment K

**Attachment L**

Certification of Soliman H. Al-Buthe
(Oct. 17, 2017)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

*In re Terrorist Attacks on Sept. 11, 2001*　　　）
　　　　　　　　　　　　　　　　　　　　　　　 ）　　 No. 03-MDL-1570 (GBD)(SN)
　　　　　　　　　　　　　　　　　　　　　　　 ）

## CERTIFICATION OF SOLIMAN H. AL-BUTHE

Under penalty of perjury, I, Soliman H. Al-Buthe, attest that the following is true and correct to the best of my knowledge:

1. I hereby certify that I have searched for and produced (through my attorneys) all non-privileged documents that are relevant and responsive to the plaintiffs' jurisdictional discovery document requests. These include documents that were previously produced by the Al Haramain Islamic Foundation, Inc. (USA).

2. I have not withheld any documents on the basis of privilege, other than communications with my lawyers after this lawsuit was filed.

3. I have previously produced copies of my passports, which document my foreign travels during the period of 1992 to 2002.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED: _____
　　　　　　　Soliman H. Al-Buthe

EXECUTED ON: ____10 – 17 – 2017____

Attachment L

**Attachment M**

Declaration of Alan R. Kabat
(Oct. 20, 2017)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | ) No. 03 MDL 1570 (GBD/SN) |

### Declaration of Alan R. Kabat in Support of
### Defendants Dr. Abdullah Al-Turki, Dr. Abdullah Al-Obaid, Dr. Abdullah Naseef,
### Dr. Adnan Basha, and Soliman Al-Buthe's Opposition to Plaintiffs' Motion

I am an attorney licensed to practice in the District of Columbia and am admitted *pro hac vice* in this matter. I am with the law firm of Bernabei & Kabat, PLLC, counsel to defendants Dr. Abdullah bin Mohsen Al-Turki, Dr. Abdullah bin Saleh Al-Obaid, Dr. Abdullah Omar Naseef, Dr. Adnan Basha, and Mr. Soliman H.S. Al-Buthe. I submit this declaration in support of these five defendants' opposition to the Plaintiffs' motion, in order to provide information in response to the plaintiffs' requests for additional documentation on their travels.

1.      On April 13, 2016, and on May 16, 2017, I sent letters to local counsel in Saudi Arabia to request information on the passports of Dr. Al-Turki, Dr. Al-Obaid, Dr. Naseef, and Dr. Basha, but was unable to obtain any information. I renewed this request in early September 2017, through local counsel for the Muslim World League, but they were similarly unsuccessful. Hence, on October 10, 2017, I wrote to our contacts at the Saudi Embassy in Washington, D.C., to request that they contact the General Directorate of Passports, Ministry of Interior, to see if the passports or other information relating to their foreign travels was available, and while our contacts promptly acknowledged the request, I have not yet received any further information.

2.      With respect to Dr. Al-Turki and Dr. Naseef, our prior communications with them were through local counsel in Saudi Arabia. In September and October 2017, I made repeated attempts through both local counsel and a colleague in Saudi Arabia, to contact them to obtain more information about their travels, and to have them review, edit, and sign an updated

Attachment M

certification (similar to those by Dr. Al-Obaid and Mr. Al-Buthe).  I have now learned that Dr. Naseef (age 78), is in ill health, incapacitated, and unable to communicate about substantive issues, including this litigation.   I have not received any response from or about Dr. Al-Turki, although it appears that he is out of the country, which given his age (77) may indicate medical travel.  I will continue these efforts to contact Dr. Al-Turki to obtain an updated certification, and to obtain a certification from Dr. Naseef's son as to his current health condition.

3.      With respect to Dr. Basha, I had obtained certifications from him earlier this year (Sept. 19, 2017 and Sept. 30, 2017), regarding his travels to the United States, and his role in directing the IIRO staff to assist outside counsel in searching for documents.  After the plaintiffs argued in their Motion that those certifications were inadequate in format (the perjury statement) and unclear as to whether privileged documents were withheld, I contacted Dr. Basha anew to have him review, edit, and sign a revised certification, but learned that over the past two weeks he is undergoing medical tests that are underway, and is presently unable to review the draft of the revised certification.

4.      I further certify that these five Defendants have not withheld any documents on the basis of privilege, other than their communications with their lawyers subsequent to the 2002 filing of the lawsuits in this action, which do not have to be included on a privilege log.

5.      I declare under the penalties of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 20, 2017.

*Alan R. Kabat*

_____

ALAN R. KABAT

Attachment M