# EXHIBIT R

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

DIRECT NUMBER: (202) 879-5572
SCOTTREAU@JONESDAY.COM

October 11, 2017

<u>Via email</u>

J. Scott Tarbutton, Esq.
Sean Carter, Esq.
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

**Re:  In re Terrorist Attacks of September 11, 2001, 03 MDL 1570**

Dear Scott and Sean:

We are writing in response to your letter dated September 22, 2017. We have carefully reviewed your explanations and supporting materials. In the spirit of compromise, we will agree to use the following search terms: Healing Miracle Center; Third World Relief Agency; Fawaz Trading; Ahmed Ali Lootah; and Abu Hamada.

As a result, DIB has agreed to search its records using the methodology reiterated in our letter of August 14, 2017 using 629 search terms—which is 129 more terms than Judge Maas permitted. We remain in disagreement over 37 search terms. *See* Attachment A.

Those 37 terms fall into two categories. The first 17 terms are persons or entities first requested by plaintiffs at least over 5 years ago. DIB objected to them at the time. *See* DIB's Resps. & Objections to Pls' Reqs. for Produc. Nos. 31, 89, 91, 92, 93 , 94, 97, 98, 99, 100, 10l, 102, 106, (Jan. 21, 2011); DIB's Resps. & Objections to Pls' Suppl. Reqs. for Produc. Nos. 39, 40, 42 (Sept. 4, 2012). For 16 of the 17 of the terms, plaintiffs never moved to compel on the basis of these objections, and Judge Maas refused to compel production as requested by plaintiffs on the remaining person in March 2016. Plaintiffs' attempt to re-insert these persons and entities as search terms is simply an end-run around the process to compel that Judge Maas established. For this and the reasons set forth previously in our RFP responses and elsewhere, we cannot agree to use these search terms.

Additionally, the last 20 search terms in Attachment A are overly broad and not relevant to a claim or defense of any party. Judge Maas ordered that DIB use search terms falling into four categories:

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

J. Scott Tarbutton, Esq.
Sean Carter, Esq.
Cozen O'Connor
October 11, 2017
Page 2

1) "[t]he 261 . . . search terms that were agreed upon by the plaintiffs and by the defendants" (see Dkt. 3057, Ex. 4 at 309);

2) "the 152 alleged Taliban accounts" listed in the document that the Court ordered DIB to produce in unredacted form (DIB_003558 to DIB_003582);

3) "[t]he eight . . . actual accounts found and produced to the plaintiff[s]" by DIB in its prior productions; and

4) "accounts ... that will relate to the embassy bombings."

*See* Tr. of Record at 51, 55, 03 MDL 1570 (Mar. 22, 2016). DIB also has agreed to search for the "names of alleged members of al Qaeda on a UN or OFAC list or for terms of co-defendants with no standing objections." *See* Letter from S. Cottreau to S. Carter (Mar. 22, 2017). In addition, DIB has been willing to search terms for persons or entities who during the relevant period allegedly were members of al Qaeda or deliberately provided funding or relevant logistical support. Individuals and entities who have some remote, passing, or purely speculative connection with some person or entity allegedly affiliated with al Qaeda are outside of the scope of Judge Maas's order and the relevant scope of discovery set forth in Rule 26.

Lastly, Plaintiffs ask DIB to identify all responsive documents, including bates numbers, that relate to the 1998 U.S. Embassy bombings. On August 11, 2016, DIB produced documents DIB_004196 to DIB_005023, which DIB noted were "possibly related to the persons involved in the 1998 U.S. embassy bombings." *See* Letter from S. Cottreau to S. Carter (Aug. 11, 2016).

We remain willing to continue to meet and confer in an effort to avoid burdening the Court with yet another round of motion to compel briefing.

Sincerely,

Steven T. Cottreau

Attachment

cc: Robert Haefele
    Alan Kabat

# ATTACHMENT A

**List of Remaining Search Terms In Dispute**

1. Special Chechen Refugees Assistance Fund

2. International Islamic Relief Organization

3. International Islamic Charity Organization

4. Nablus Zakat Committee

5. Al Fujairah Charity International

6. Emirates Red Crescent

7. Al Ihsan Charitable Society

8. Dar al Bir Society

9. Jamiat Dubai al Heiriyah

10. Al Shamal Islamic Bank

11. Abdullah Azzam

12. Ali Amin al Rashidi

13. Abu Ubaidah al Banshiri

14. IIRO

15. Igatha

16. Hay'at al-Igatha al-Islamiya al-'Alamiyaa

17. Human Appeal International

18. Al Kdrow

19. Binjad Establishment

20. Rumat International

21. Romat

22. Sana Trading

23. Union Beverages Company

24. Union Beverage Factory

25. Abdelsamad Mohamed

26. Khalid Ali Walid

27. Mohamed Ahmed Obaid Bin Mahfouz

28. Saleh Salim al Shamsi

29. Darbar Charity

30. Yasin Ahmed Mohamed Ali

31. Ahmed Mohamed Ali Yasin

32. Binladen Overseas (Pvt Ltd)

33. Abdullah I. Lootah

34. Sameer Mohamed Mahmoud

35. Yasser al Otaibi

36. Abd al Latif Al Imran

37. Sheikh Mohamed bin Saqar