# EXHIBIT 8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

*This document relates to:*

*Thomas Burnett, Sr., et al, v. Al Baraka Inv. & Dev. Corp., et al.,* No. 03 Civ. 9849
*Federal Insurance Co., et al, v. Al Qaida, et al.,* No. 03 Civ. 6978
*Estate of John P. O 'Neill, Sr., et al. v. Al Baraka., et al.,* No. 04 Civ. 1923
*Continental Casualty Co., et al. v. Al Qaeda, et al.,* No. 04 Civ. 5970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd. et al.,* No. 04 Civ. 7065
*Euro Brokers Inc., et al., v. Al Baraka, et al.,* No. 04 Civ. 7279

## DUBAI ISLAMIC BANK'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Dubai Islamic Bank, by undersigned counsel, hereby objects and responds to Plaintiffs' Supplemental Requests for Production of Documents Directed To Dubai Islamic Bank ("Plaintiffs' Supplemental Requests") as follows:

## GENERAL OBJECTIONS

1.      The "General Objections" set forth in Dubai Islamic Bank's Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents are incorporated herein by reference.

2.      The objections and agreements reflected in Letters to Plaintiffs dated July 7, September 8, and September 22, 2011 are incorporated herein by reference.

3.      Dubai Islamic Bank objects to Plaintiffs' Supplemental Requests as unduly burdensome to the extent that they are duplicative of Plaintiffs' First Set of Requests for Production of Documents.  Dubai Islamic Bank incorporates by reference all specific objections to identical terms and phrases again used in Plaintiffs' Supplemental Requests.

4.      As set forth below, Dubai Islamic Bank objects to each of Plaintiffs' Supplemental Requests as untimely because they requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to these requests because the requests are not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' Supplemental Requests are merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

Please provide all documents regarding accounts held by and / or foreign transfers by Ali Abdul Aziz Ali (A/K/A Ammar al-Baluchi, Amar al-Balochi, Ali Abd al-Aziz Ali, Isam Mansur, Aliosh, or Ali A.).  This includes, but is not limited to, foreign transfers through the UAE Exchange.

### RESPONSE TO REQUEST NO. 1

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "foreign transfers" and "the UAE Exchange."

## REQUEST NO. 2

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and / or for the benefit of Khalid Sheikh Mohammed ("KSM") (A/K/A Khalid Shaikh Mohammed, Khalid Shaikh Muhammed, Khalid Shaykh Mohammad, Khaled Shaikh Mohammad, Khalid Shaykh Muhammed, Ashraf Refaat Nabith Henin, Khalid Abdul Wadood, Salem Ali, Fahd Bin Abdallah Bin Khalid, Fahd Bin Abdallah Bin Khalid, Abdulrahman A. A. Al Ghamdi, Abdulrahman Abdullah al-Ghamdi, Mukhtar al-Baluchi, Hashim Abdulrahman, Hashim Ahmed, Khalid al-Shaykh al-Ballushi, Al-Mukh, or Mukhtar), any DIB account for any entity in which KSM held any beneficial interest, and / or any DIB account over which KSM had signatory authority or had any actual or potential beneficial interest.

## RESPONSE TO REQUEST NO. 2

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010. Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time,

money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," "for the benefit of," "beneficial interest," and "actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "signatory authority."  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

## REQUEST NO. 3

Please provide all documents relating to all other transactions at DIB, financial or otherwise, involving KSM or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 2 above.

## RESPONSE TO REQUEST NO. 3

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by

December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "all other transactions," "financial or otherwise," and "beneficial interest."  Dubai Islamic Bank objects to the phrase "involving KSM or any entity in which he has held any beneficial interest" as vague, ambiguous, unduly burdensome, and uncertain in its meaning. Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

**REQUEST NO. 4**

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and / or for the benefit of Walid Muhammed Salih Mubarak Bin'Attash ("Walid bin Attash") (A/K/A Khallad Bin Attash, Saleh Saeed Mohammed Bin Yousef, Tawfiq Muhammad Salih Bin Rashid, Walid bin Attash, Walid Muhammed Salih bin Roshayed bin Attash, Tawfiq bin Attash), any DIB account for any entity in which Walid bin Attash held any beneficial interest, and / or any DIB account over which Walid bin Attash had signatory authority or had any actual or potential beneficial interest.

**RESPONSE TO REQUEST NO. 4**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," "for the benefit of," "beneficial interest," and "actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "signatory authority."   Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

## REQUEST NO. 5

Please provide all documents relating to all other transactions at DIB, financial or otherwise, involving Walid bin Attash or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 4 above.

## RESPONSE TO REQUEST NO. 5

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "all other transactions," "financial or otherwise," and "beneficial interest."  Dubai Islamic Bank objects to the phrase "involving Walid bin Attash or any entity in which he has held any beneficial interest" as vague, ambiguous, unduly burdensome, and uncertain in its meaning.  Dubai Islamic Bank

objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

**REQUEST NO. 6**

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and / or for the benefit of Ramzi Binalshibh (A/K/A Ramzi Bin al-Shibh, Abu Ubaydah, Ahad Abdollahi Sabet, Ramzi bin al-Shaibah), any DIB account for any entity in which Ramzi Binalshibh held any beneficial interest, and / or any DIB account over which Ramzi Binalshibh had signatory authority or had any actual or potential beneficial interest.

**RESPONSE TO REQUEST NO. 6**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly

burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," "for the benefit of," "beneficial interest," and "actual or potential beneficial interest." Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "signatory authority." Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

## REQUEST NO. 7

Please provide all documents relating to all other transactions at DIB, financial or otherwise, involving Ramzi Binalshibh or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 6 above.

## RESPONSE TO REQUEST NO. 7

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010. Dubai Islamic Bank objects to this request as unduly burdensome and

inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "all other transactions," "financial or otherwise," and "beneficial interest."  Dubai Islamic Bank objects to the phrase "involving Ramzi Binalshibh or any entity in which he has held any beneficial interest" as vague, ambiguous, unduly burdensome, and uncertain in its meaning.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."


**REQUEST NO. 8**

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and / or for the benefit of Muhammed al Kahtani (A/K/A Muhammad al Kahtani, Muhamed al Kahtani, Muhamad al Kahtani, Mohammad al Kahtani, Muhammed Al Katani, Ahmed al Qahtani; Mohamed al Qahtani; Abdul Rahman al Janoobi), any DIB account for any entity in which Muhammed al Kahtani held any beneficial interest, and / or any DIB account over which Muhammed al Kahtani had signatory authority or had any actual or potential beneficial interest.

**RESPONSE TO REQUEST NO. 8**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," "for the benefit of," "beneficial interest," and "actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "signatory authority."   Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

## REQUEST NO. 9

Please provide all documents relating to all other transactions at DIB, financial or otherwise, involving Muhammed al Kahtani or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 8 above.

## RESPONSE TO REQUEST NO. 9

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "all other transactions," "financial or otherwise," and "beneficial interest."  Dubai Islamic Bank objects to the phrase "involving Muhammed al Kahtani or any entity in which he has held any beneficial interest" as vague, ambiguous, unduly burdensome, and uncertain in its meaning.  Dubai Islamic

Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."


## REQUEST NO. 10

Please provide all account documents for the passport numbers listed on the DOD charge sheets of Mustafa Ahmed Adam al Hawsawi (A/K/A Mustafa al-Hawsawi, Mustafa Ahmed, Mustafa Muhammad Ahmad, Ahmed Mustafa, Mustafa Ahmed Al-Hisawi, Hashem Abdulrahman, Hashem Abdollahi, Zaher, or Khal), Ali Abdul Aziz Ali (A/K/A Ammar al-Baluchi, Amar al-Balochi, Ali Abd al-Aziz Ali, Isam Mansur, Aliosh, or Ali A.), Khalid Sheikh Mohammed ("KSM") (A/K/A Khalid Shaikh Mohammed, Khalid Shaikh Muhammed, Khalid Shaykh Mohammad, Khaled Shaikh Mohammad, Khalid Shaykh Muhammed, Ashraf Refaat Nabith Henin, Khalid Abdul Wadood, Salem Ali, Fahd Bin Abdallah Bin Khalid, Fahd Bin Abdallah Bin Khalid, Abdulrahman A. A. Al Ghamdi, Abdulrahman Abdullah al-Ghamdi, Mukhtar al-Baluchi, Hashim Abdulrahman, Hashim Ahmed, Khalid al-Shaykh al-Ballushi, AI-Mukh, or Mukhtar), Walid Muhammed Salih Mubarak Bin' Attash ("Walid bin Attash") (A/K/A Khallad Bin Attash, Saleh Saeed Mohammed Bin Yousef, Tawfiq Muhammad Salih Bin Rashid, Walid bin Attash, Walid Muhammed Salih bin Roshayed bin Attash, Tawfiq bin Attash), Ramzi Binalshibh (A/K/A Ramzi Bin al-Shibh, Abu Ubaydah, Ahad Abdollahi Sabet, Ramzi bin al-Shaibah), or Muhammed al Kahtani (A/KIA Muhammad al Kahtani, Muhamed al Kahtani, Muhamad al Kahtani, Mohammad al Kahtani, Muhammed Al Katani, Ahmed al Qahtani; Mohamed al Qahtani; Abdul Rahman al Janoobi).

**RESPONSE TO REQUEST NO. 10**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "DOD charge sheets."  Dubai Islamic Bank objects to the request that it search by passport number as unduly burdensome.

**REQUEST NO. 11**

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and / or for the benefit of Foutanga Dit Babani Sissoko, any DIB account for any entity in which Foutanga Dit Babani Sissoko held any beneficial interest, or any DIB

account over which Foutanga Dit Babani Sissoko had signatory authority or had any actual or potential beneficial interest.

## RESPONSE TO REQUEST NO. 11

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010. Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," "for the benefit of," "beneficial interest," and "actual or potential beneficial interest." Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "signatory authority." Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents

relating to." Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 12

Please provide all documents relating to Foutanga Dit Babani Sissoko or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 11.

## RESPONSE TO REQUEST NO. 12

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010. Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this

request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.   Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "beneficial interest."   Dubai Islamic Bank objects to the phrase "all documents relating to Foutanga Dit Babani Sissoko or any entity in which he has held any beneficial interest" as vague, ambiguous, unduly burdensome, and uncertain in its meaning.   Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 13

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and / or for the benefit of Abdou Karim Pouye, any DIB account for any entity in which Abdou Karim Pouye held any beneficial interest, or any DIB account over which Abdou Karim Pouye had signatory authority or had any actual or potential beneficial interest.

## RESPONSE TO REQUEST NO. 13

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.   *See* Letter from S. Cottreau to S. Carter (August 22, 2012).   Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts

Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," "for the benefit of," "beneficial interest," and "actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "signatory authority."   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."  Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 14

Please provide all documents relating to Abdou Karim Pouye or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 13.

## RESPONSE TO REQUEST NO. 14

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "beneficial interest."   Dubai Islamic Bank

objects to the phrase "all documents relating to Abdou Karim Pouye or any entity in which he has held any beneficial interest" as vague, ambiguous, unduly burdensome, and uncertain in its meaning.  Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 15

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and / or for the benefit of Mamadou Diao, any DIB account for any entity in which Mamadou Diao held any beneficial interest, or any DIB account over which Mamadou Diao had signatory authority or had any actual or potential beneficial interest.

## RESPONSE TO REQUEST NO. 15

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process

that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," "for the benefit of," "beneficial interest," and "actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "signatory authority."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."  Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

**REQUEST NO. 16**

Please provide all documents relating to Mamadou Diao or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 15.

**RESPONSE TO REQUEST NO. 16**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned

case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "beneficial interest."  Dubai Islamic Bank objects to the phrase "all documents relating to Mamadou Diao or any entity in which he has held any beneficial interest" as vague, ambiguous, unduly burdensome, and uncertain in its meaning.  Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

**REQUEST NO. 17**

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and / or for the benefit of Sekou Diao, any DIB account for any entity in which Sekou Diao held any beneficial interest, or any DIB account over which Sekou Diao had signatory authority or had any actual or potential beneficial interest.

**RESPONSE TO REQUEST NO. 17**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," "for the benefit of," "beneficial interest," and "actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly

burdensome, and uncertain in its use of the term "signatory authority."   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.   Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."   Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

**REQUEST NO. 18**

Please provide all documents relating to Sekou Diao or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 17.

**RESPONSE TO REQUEST NO. 18**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).   Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.   Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process

that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.   Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "beneficial interest."   Dubai Islamic Bank objects to the phrase "all documents relating to Sekou Diao or any entity in which he has held any beneficial interest" as vague, ambiguous, unduly burdensome, and uncertain in its meaning. Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

**REQUEST NO. 19**

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and / or for the benefit of Pascal Akoussoulelou Bodjona, any DIB account for any entity in which Pascal Akoussoulelou Bodjona held any beneficial interest, or any DIB account over which Pascal Akoussoulelou Bodjona had signatory authority or had any actual or potential beneficial interest.

**RESPONSE TO REQUEST NO. 19**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," "for the benefit of," "beneficial interest," and "actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "signatory authority."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."  Dubai Islamic Bank also objects to this request to the extent that it seeks documents

that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 20

Please provide all documents relating to Pascal Akoussoulelou Bodjona or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 19.

## RESPONSE TO REQUEST NO. 20

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or

defense of any party. Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "beneficial interest." Dubai Islamic Bank objects to the phrase "all documents relating to Pascal Akoussoulelou Bodjona or any entity in which he has held any beneficial interest" as vague, ambiguous, unduly burdensome, and uncertain in its meaning. Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

**REQUEST NO. 21**

Please provide all documents relating to DIB employee Hussein Ibrahim EI Refaie in regards to transactions or investigations of transactions involved in *Dubai Islamic Bank v. Citibank, N.A.*, 99 Civ. 1930 (RMB) (S.D.N.Y.).

**RESPONSE TO REQUEST NO. 21**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by

December 10, 2010.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "in regards to transactions or investigations of transactions involved in Dubai Islamic Bank v. Citibank, N.A., 99 Civ. 1930 (RMB) (S.D.N.Y.)."  Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

**REQUEST NO. 22**

Please provide all documents relating to DIB employee Mohammad Ayyoub Mohammed Saleh in regards to transactions or investigations of transactions involved in *Dubai Islamic Bank v. Citibank, N.A.*, 99 Civ. 1930 (RMB) (S.D.N.Y.).

**RESPONSE TO REQUEST NO. 22**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic

Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.   Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "DIB employee."   Dubai Islamic Bank objects to this request to the extent that it requests information regarding persons who have never been or are no longer employed by Dubai Islamic Bank.   Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "in regards to transactions or investigations of transactions involved in Dubai Islamic Bank v. Citibank, N.A., 99 Civ. 1930 (RMB) (S.D.N.Y.)."   Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 23

Please provide all documents relating to Foutanga Dit Babani Sissoko's purchase and attempted export of two helicopters between 1995 and 1999.

**RESPONSE TO REQUEST NO. 23**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

**REQUEST NO. 24**

Please provide all documents relating to a January 12, 1999 meeting, attended by representatives of DIB, with a group of prosecutors and U.S. Customs agents in Miami, Florida to discuss the banking transactions and related actions of Foutanga Dit Babani Sissoko as referenced in the Miami New Times on April 8, 1999.

**RESPONSE TO REQUEST NO. 24**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "representatives of DIB."  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "group of prosecutors."  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "banking transactions" and "related actions." Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 25

Please provide all documents relating to the grand jury investigation(s) into Foutanga Dit Babani Sissoko's financial activities in the United States as referenced in the Miami New Times on April 8, 1999.

## RESPONSE TO REQUEST NO. 25

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "grand jury investigation(s)."  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "financial activities."  Dubai Islamic Bank also objects to this request to the extent that it seeks documents

that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.


## REQUEST NO. 26

Please provide all documents relating to the UAE's request to the Government of Mali that it arrest and extradite Foutanga Dit Babani Sissoko as referenced in the Miami New Times on April 8, 1999.

## RESPONSE TO REQUEST NO. 26

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai

Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 27

Please provide all documents relating to the account of Helene Assa Camara at Banque Multi Commerciale in Geneva, Switzerland frozen in 1998 as referenced in the Miami New Times on April 8, 1999.

## RESPONSE TO REQUEST NO. 27

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010. Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this

request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.   Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

**REQUEST NO. 28**

Please provide all documents relating to the accounts of Mamadou Diao and Sekou Oumar Diao at Citibank - Geneva in Geneva, Switzerland frozen in 1998 as referenced in the Miami New Times on April 8, 1999.

**RESPONSE TO REQUEST NO. 28**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.   *See* Letter from S. Cottreau to S. Carter (August 22, 2012).   Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.   Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process

that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 29

Please provide all documents relating to DIB's mutual assistance request to law enforcement in Switzerland in 1998 relating to Foutanga Dit Babani Sissoko and his alleged fraud involving DIB's correspondent banking account with Citibank, N.A.

## RESPONSE TO REQUEST NO. 29

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is

merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.   Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "mutual assistance request."   Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "law enforcement."   Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 30

Please provide all documents relating to a civil action filed by DIB in the Isle of Man to block the account of M.K. Musa in 1998 as referenced in the Miami New Times on April 8, 1999.

## RESPONSE TO REQUEST NO. 30

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.   *See* Letter from S. Cottreau to S. Carter (August 22, 2012).   Moreover, Dubai Islamic

Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 31

Please provide all documents relating to a criminal complaint filed in France in 1998 to recover money allegedly stolen from DIB's correspondent banking account with Citibank, N.A. as referenced in the Miami New Times on April 8, 1999.

## RESPONSE TO REQUEST NO. 31

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic

Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "recover."  Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 32

Please provide all documents relating to a criminal complaint filed in 1998 against Foutanga Dit Babani Sissoko, Abdou Karim Pouye, Oumar Kante, and Helene Assa Camara in Senegal as referenced in the Miami New Times on April 8, 1999.

## RESPONSE TO REQUEST NO. 32

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned

case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to." Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

## REQUEST NO. 33

Please provide all documents not specifically requested in Supplemental Requests 11-32 relating to *Dubai Islamic Bank v. Citibank, NA.*, 99 Civ. 1930 (RMB) (S.D.N.Y.).

## RESPONSE TO REQUEST NO. 33

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic

Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents not specifically requested."  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "relating to Dubai Islamic Bank v. Citibank, NA., 99 Civ. 1930 (RMB) (S.D.N.Y.)."  Dubai Islamic Bank also objects to this request to the extent that it seeks documents that Dubai Islamic Bank is prohibited from disclosing pursuant to confidentiality agreements and court orders in other proceedings.

**REQUEST NO. 34**

Please provide all documents for individual(s) with Pakistani passport number E911562 from Sept. 1, 1998 through Oct. 1, 2001.

**RESPONSE TO REQUEST NO. 34**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned

case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank also objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents for individual(s) with Pakistani passport number E911562."  Dubai Islamic Bank objects to the request that it search by passport number as unduly burdensome.

**REQUEST NO. 35**

Please provide all documents DIB sent to and / or received from any United States government agency (including without limitation the Department of the Treasury, the Office of Foreign Assets Control ("OFAC"), Department of State, Defense Intelligence Agency, Federal Bureau of Investigation, Department of Justice, and Central Intelligence Agency) concerning any Freedom of Information Act ("FOIA") request seeking the production of documents referring or

relating to DIB. The time period for this request is for the period from January 1998 through the present.

## RESPONSE TO REQUEST NO. 35

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank also objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "referring or relating to DIB."

## REQUEST NO. 36

Please provide all documents DIB sent to and / or received from any United States government agency (including without limitation the Department of the Treasury, the Office of Foreign Assets Control ("OFAC"), Department of State, Defense Intelligence Agency, Federal Bureau of Investigation, Department of Justice, and Central Intelligence Agency) concerning any objection by DIB to the production of documents in response to a FOIA request.  The time period for this request is for the period from January 1998 through the present.

**RESPONSE TO REQUEST NO. 36**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010. Dubai Islamic Bank also objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "objection by DIB."

**REQUEST NO. 37**

Please provide all documents DIB sent to and / or received from any United States government agency (including without limitation the Department of the Treasury, the Office of Foreign Assets Control ("OFAC"), Department of State, Defense Intelligence Agency, Federal Bureau of Investigation, Department of Justice, and Central Intelligence Agency) concerning any FOIA request submitted by any of the 03 MDL 1570 plaintiffs or any of their counsel. The time period for this request is for the period from September 2001 through the present.

**RESPONSE TO REQUEST NO. 37**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010. Dubai Islamic Bank also objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "any United States government agency." Dubai Islamic Bank objects to the phrase "concerning any FOIA request submitted by any of the 03 MDL 1570 plaintiffs or any of their counsel" as vague, ambiguous, unduly burdensome, and uncertain in its meaning.

**REQUEST NO. 38**

Please provide all documents DIB sent to and / or received from any United States government agency (including without limitation the Department of the Treasury, the Office of Foreign Assets Control ("OFAC"), Department of State, Defense Intelligence Agency, Federal Bureau of Investigation, Department of Justice, and Central Intelligence Agency). The time period for this request is for the period from January 1998 through the present.

**RESPONSE TO REQUEST NO. 38**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank also objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "any United States government agency."

**REQUEST NO. 39**

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of, and / or for the benefit of the International Islamic Relief Organization ("IIRO"), including, but not limited to, DIB Account No. 5400287.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the IIRO and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos,

financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 39

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010. Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," and "for the benefit of." Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "refer to, relate to, or reflect." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial

ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to the phrase "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

## REQUEST NO. 40

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of, and / or for the benefit of the Special Chechen Refugees Assistance Fund, including, but not limited to, DIB Account No. 01520483656101. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and / or e-mails, that refer to, relate to, or reflect communications between or among the Special Chechen Refugees Assistance Fund and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks,

money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 40

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," and "for the benefit of."  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "refer to, relate to, or reflect."  Dubai Islamic Bank also objects to

this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."  Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."   Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."   Dubai Islamic Bank objects to the phrase "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

## REQUEST NO. 41

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of, and / or for the benefit of the Dar al Bir, including, but not limited to, DIB Account No. 02520529179802.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and / or e-mails, that refer to, relate to, or reflect communications between or among Dar al Bir and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and / or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or

canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 41

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," and "for the benefit of."  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "refer to, relate to, or reflect."  Dubai Islamic Bank also objects to

this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."  Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."   Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."   Dubai Islamic Bank objects to the phrase "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

**REQUEST NO. 42**

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of, and / or for the benefit of the Jamiyat Dubai al Heiriya, including, but not limited to, DIB Account No. 6828566.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among Jamiyat Dubai al Heiriya and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs,

cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 42

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case.  *See* Letter from S. Cottreau to S. Carter (August 22, 2012).  Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010.  Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," and "for the benefit of."  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "refer to, relate to, or reflect."  Dubai Islamic Bank also objects to

this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to the phrase "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

**REQUEST NO. 43**

Please provide any and all documents relating to DIB accounts established or held in the name of: on behalf of, and / or for the benefit of the Charitable Society-A-Fajeerah, including, but not limited to, DIB Account No. 06520509045801. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and / or e-mails, that refer to, relate to, or reflect communications between or among Charitable Society-A-Fajeerah and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual Account statements, account notices, deposits, withdrawals,

deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 43**

Dubai Islamic Bank objects to Plaintiffs' request as untimely because it requires Dubai Islamic Bank to respond after the deadline for production of documents in the above-captioned case. *See* Letter from S. Cottreau to S. Carter (August 22, 2012). Moreover, Dubai Islamic Bank objects to this request because the request is not follow-up discovery based upon facts Plaintiffs learned during the course of discovery in this matter; instead, Plaintiffs' request is merely an end-run around the Court requirement that Plaintiffs serve document requests by December 10, 2010. Dubai Islamic Bank objects to this request as unduly burdensome and inconsistent with the search term agreement between Dubai Islamic Bank and Plaintiffs in the summer of 2011; Plaintiffs' request would force Dubai Islamic Bank to re-do a search process that it previously negotiated with Plaintiffs and has already completed, costing significant time, money, and resources. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of," and "for the benefit of." Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the term "refer to, relate to, or reflect." Dubai Islamic Bank also objects to

57

this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to the phrase "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as overly broad, vague, ambiguous, unduly burdensome, and uncertain in its use of the term "all documents relating to."

Dated:  September 4, 2012        Respectfully submitted,

/s/ Steven T. Cottreau
Steven T. Cottreau (admitted pro hac vice)
Robert G. Houck
CLIFFORD CHANCE U.S. LLP
31 West 52nd Street
New York, New York 10019-6131
Telephone: (212) 878-8000

*Counsel for Defendant Dubai Islamic Bank*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

*This document relates to:*

*Thomas Burnett, Sr., et al, v. Al Baraka Inv. & Dev. Corp., et al.,* No. 03 Civ. 9849
*Federal Insurance Co., et al, v. Al Qaida, et al.,* No. 03 Civ. 6978
*Estate of John P. O 'Neill, Sr., et al. v. Al Baraka., et al.,* No. 04 Civ. 1923
*Continental Casualty Co., et al. v. Al Qaeda, et al.,* No. 04 Civ. 5970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd. et al.,* No. 04 Civ. 7065
*Euro Brokers Inc., et al., v. Al Baraka, et al.,* No. 04 Civ. 7279


I, Angela E. Stoner, hereby certify that I have this 4th day of September 2012 caused to be served a true and correct copy of the foregoing documents upon all parties who are filing users in the above-captioned actions by sending the documents by electronic means, pursuant to Case Management Order No. 2 and procedure 9 of the Court's procedures for documents that are not filed through the ECF system.


/s/ Angela E. Stoner
Angela E. Stoner