# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  | ) |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| In re Terrorist Attacks on September 11, 2001 | ) | 03 MDL 1570 (GBD) |
|  | ) | ECF Case |
|  | ) |  |
|  | ) |  |
|  | ) |  |

_____

This document relates to:
*Burnett v. Arab Bank, PLC, 03-cv-9849*
*Federal Insurance Co. v. Al Qaida, 03-cv-6978*
*O'Neill v. Al Baraka Investment & Devel. Corp., 04-cv-01923*
*Continental Casualty Co. v. Al Qaeda, 04-cv-05970*
*Cantor Fitzgerald & Co. v. Akida Bank Private Limited, 04-cv-07065*
*Euro Brokers Inc. v. Al Baraka Investment & Devel. Corp., 04-cv-07279*
*World Trade Center Properties LLC v. Al Baraka Investment & Devel. Corp., 04-cv-07280*

## DUBAI ISLAMIC BANK'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Dubai Islamic Bank, by undersigned counsel, hereby objects and responds to Plaintiffs' First Set of Requests for Production of Documents Directed To Dubai Islamic Bank ("Plaintiffs' requests") as follows:

## GENERAL OBJECTIONS

Dubai Islamic Bank's General Objections, as set forth herein, are to be considered objections and responses to each of the specific requests for production that follow. Dubai Islamic Bank's objections and responses shall not waive or prejudice any objections it may later assert.

1.      Dubai Islamic Bank objects to Instruction No. 1 to the extent that it purports to require a duty to produce information that differs from the requirements of Federal Rule of Civil

Procedure 34(a).  Dubai Islamic Bank does not have a duty to produce documents that after a good faith search are not found to be within its possession, custody, or control as set forth in Rule 34.

2.      Dubai Islamic Bank objects to Instruction Nos. 2-12 to the extent that these instructions purport to require a duty to produce or supply information that differs from the requirements of Federal Rules of Civil Procedure 26 and 34 and Local Rule of Civil Procedure 26.3.  Dubai Islamic Bank additionally objects to Instruction No. 2 to the extent that it purports to require a duty to produce information covered by the attorney-client privilege, attorney work product protection, or any other privileges or protections.

3.      Dubai Islamic Bank objects to Instruction No. 10 as unduly burdensome to the extent it purports to require information beyond what is required under Federal Rule of Civil Procedure 26(b)(5).  Subject to this objection, for any requested documents are not subject in whole or in part to production based on a claim of privilege or any other basis, Dubai Islamic Bank will provide a log, setting forth (if known) as to each such document (1) the name of the person who prepared the document; (2) the name of the recipient(s) of the document; (3) the person(s) carbon copied on the document; (4) the date on which the document was created; (5) the basis on which Dubai Islamic Bank has withheld, in whole or in part, any document; and (6) a description of the subject matter of the document.

4.      Dubai Islamic Bank objects to Instruction No. 13 to the extent that it purports to require the production of documents created for the period January 1, 1990 to the present on the grounds that such scope is overly broad, unduly burdensome, and seeks information not relevant to the claim or defense of any party.  Unless otherwise set forth in Dubai Islamic Bank's Specific

Objections and Responses below, Dubai Islamic Bank will produce non-privileged documents for the time period beginning January 1, 1992.

5.      Dubai Islamic Bank objects to the definition of "document" or "documents" to the extent that such definition in any way differs from the definition set forth in Federal Rule of Civil Procedure 34 and Local Rule of Civil Procedure 26.3.

6.      Dubai Islamic Bank objects to the definitions of "Defendant," "You," "Your," and "DIB" as it differs from the definition set forth in Local Rule of Civil Procedure 26.3.

7.      Dubai Islamic Bank objects to the definition of "United Arab Emirates" or "U.A.E." to the extent that it purports to impute to Dubai Islamic Bank any duty to ascertain the identity, existence, or relationships of or among any of the persons or entities listed.

8.      Dubai Islamic Bank objects to the definition of "DIB Personnel" to the extent that it purports to include persons or entities outside the scope of Dubai Islamic Bank's possession, custody or control.

9.      Dubai Islamic Bank objects to the definition of "jihad" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

10.      Dubai Islamic Bank objects to Plaintiffs' requests to the extent that any request purports to require a duty to produce information protected by the attorney-client privilege, attorney work product protection, or any other privilege or protection.   Any inadvertent production or disclosure of such privileged or protected documents or information shall not be construed as a waiver of any applicable privilege or protection.

11.      Dubai Islamic Bank objects to Plaintiffs' requests to the extent that they seek information protected from disclosure under any law, rule, regulation, restriction, or order.

Dubai Islamic Bank in good faith will comply with any requirement that it obtain permission to disclose any such protected document.   Dubai Islamic Bank will refrain from producing any document protected from disclosure until the necessary authorizations to make such a disclosure.

12.      Dubai Islamic Bank expressly reserves the right to object to additional discovery into the subject matter of these requests for production.  By producing information responsive to these requests for production, Dubai Islamic Bank does not concede that the information requested or provided is discoverable, relevant, or material to the subject matter of this action; authentic; or admissible at any trial thereof.

13.      Dubai Islamic Bank's General Objections and Specific Objections and Responses are based upon the information presently known to Dubai Islamic Bank.  Dubai Islamic Bank is willing to meet and confer with Plaintiffs regarding its responses and objections to any of these requests.  Dubai Islamic Bank reserves the right to rely on fact, documents, or other evidence, which may subsequently develop or come to its attention, and to assert additional objections or supplemental responses should it discover that there is information or grounds for objections. Dubai Islamic Bank also reserves the right to amend these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of and/or for the benefit of <u>Osama bin Laden</u>, any DIB account for any entity in which bin Laden held any beneficial interest, and/or any DIB account over which bin Laden had signatory authority or had any actual or potential beneficial interest.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among bin Laden and/or his representative(s) and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

### RESPONSE TO REQUEST NO. 1

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of Osama bin Laden," "any entity in which bin Laden held any beneficial interest," "any DIB account over which bin Laden had any actual or potential beneficial interest," and "his

representative(s)."   Dubai Islamic Bank objects to this request as unduly burdensome in its request related to "signatory authority."   Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."   Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."   Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.   Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search term "Osama bin Laden" to determine whether any account has existed in that name and, if so, Dubai Islamic Bank will produce for that account non-privileged[1] account opening and closing documents, Know-Your-Customer or other customer due diligence reports, suspicious activity or transaction reports, account numbers, monthly account statements, annual account statements, account notices, real estate records, records of assets, loan records, audit work papers, audit reports, and wire transfers, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in

---

[1] As used throughout this document, the term "non-privileged" means any document not protected from disclosure by the attorney-client privilege, attorney work product protection, or any other privilege or protection.

which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 2

Please provide all documents relating to all other transactions at DIB, financial or otherwise, involving Osama bin Laden or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 1 above.

## RESPONSE TO REQUEST NO. 2

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, uncertain, and seeking information not relevant to a claim or defense of any party in its use of the terms "involving Osama bin Laden," "any entity in which he has held any beneficial interest," and "other transactions at DIB, financial or otherwise."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in its electronic wire transfer record system using the search term "Osama bin Laden" to determine whether any transaction record contains that search term and, if so, Dubai Islamic Bank will produce for that transaction the non-privileged wire transfer records, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 3**

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of and/or for the benefit of Mustafa Ahmed al Hisawi (a/k/a Shaykh Sa'id; a/k/a Mustafa Muhammed Ahmed), any DIB account for any entity in which al Hisawi held any beneficial interest, and/or any DIB account over which al Hisawi had signatory authority or had any actual or potential beneficial interest.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among al Hisawi and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 3**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of Mustafa Ahmed al Hisawi (a/k/a Shaykh Sa'id; a/k/a Mustafa Muhammed Ahmed)," "any entity in which al Hisawi held any beneficial interest," "any DIB account over which al Hisawi had any actual or potential beneficial interest."  Dubai Islamic Bank objects to this

request as unduly burdensome in its request related to "signatory authority."  Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."   Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."   Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."   Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search terms "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," and "Mustafa Muhammed Ahmed" to determine whether any account has existed in those names and, if so, Dubai Islamic Bank will produce for that account non-privileged account opening and closing documents, Know-Your-Customer or other customer due diligence reports, suspicious activity or transaction reports, account numbers, monthly account statements, annual account statements, account notices, real estate records, records of assets, loan records, audit work papers, audit reports, and wire transfers, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case

Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 4

Please provide all documents relating to all other transactions at DIB, financial or otherwise, involving Mustafa Ahmed al Hisawi or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 3 above.

## RESPONSE TO REQUEST NO. 4

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome and uncertain in its use of "involving Mustafa Ahmed al Hisawi," "any entity in which he has held any beneficial interest," and "other transactions at DIB, financial or otherwise."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in its electronic wire transfer record system using the search term "Mustafa Ahmed al Hisawi" to determine whether any transaction record contains this search term and, if so, Dubai Islamic Bank will produce for that transaction the non-privileged wire transfer records, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 5**

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of and/or for the benefit of <u>Ali Abdul Aziz Ali</u> (a/k/a Ammar al Baluchi), any DIB account for any entity in which Ali held any beneficial interest, and/or any DIB account over which Ali had signatory authority or had any actual or potential beneficial interest.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among Ali and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 5**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of <u>Ali Abdul Aziz Ali</u> (a/k/a Ammar al Baluchi)," "any entity in which Ali held any beneficial interest," "any DIB account over which Ali had any actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as unduly burdensome in its request related

to "signatory authority."   Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."   Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."   Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.   Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search terms "Ali Abdul Aziz Ali" and "Ammar al Baluchi" to determine whether any account has existed in either name and, if so, Dubai Islamic Bank will produce for that account non-privileged account opening and closing documents, Know-Your-Customer or other customer due diligence reports, suspicious activity or transaction reports, account numbers, monthly account statements, annual account statements, account notices, real estate records, records of assets, loan records, audit work papers, audit reports, and wire transfers, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing

to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 6

Please provide all documents relating to all other transactions at DIB, financial or otherwise, involving Ali Abdul Aziz Ali or any entity in which he has held any beneficial interest, and which are not responsive to Request No. 5 above.

## RESPONSE TO REQUEST NO. 6

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome and uncertain in its use of "involving Ali Abdul Aziz Ali," "any entity in which he has held any beneficial interest," and "other transactions at DIB, financial or otherwise."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in its electronic wire transfer record system using the search terms "Ali Abdul Aziz Ali" and "Ammar al Baluchi" to determine whether any transaction record contains either search term and, if so, Dubai Islamic Bank will produce for that transaction the non-privileged wire transfer records, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

- 13 -

**REQUEST NO. 7**

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of and/or for the benefit of any of the September 11, 2001 hijackers identified in Attachment A [hereinafter collectively referred to as the "9-11 Hijackers"], any DIB account for any entity in which the 9-11 Hijackers held any beneficial interest, and/or any DIB account over which the 9-11 Hijackers had signatory authority or had any actual or potential beneficial interest. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the 9-11 Hijackers and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 7**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of September 11, 2001 hijackers identified in Attachment A," "any entity in which the 9-11 Hijackers held any beneficial interest," "any DIB account over which the 9-11 Hijackers had

- 14 -

any actual or potential beneficial interest." Dubai Islamic Bank objects to this request as unduly burdensome in its request related to "signatory authority." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search terms "Khalid al Mihdhar," "Majed Moqed," "Nawaf al Hamzi," "Salem al Hamzi," "Hani Hanjour," "Satam al Suqami," "Waleed al Shehri," "Wail al Shehri," "Mohamed Atta," "Abdulaziz al Omari," "Marwan al Shehhi," "Fayez Banihammad," "Ahmed al Ghamdi," "Hamza al Ghamdi," "Mohand al Shehri," "Saeed al Ghamdi," "Ahmad al Haznawi," "Ahmed al Nami," and "Ziad Jarrah" to determine whether any account has existed in any of those names and, if so, Dubai Islamic Bank will produce for that account non-privileged account opening and closing documents, Know-Your-Customer or other customer due diligence reports, suspicious activity or transaction reports, account numbers, monthly account statements, annual account statements, account notices, real estate records, records of assets, loan records,

- 15 -

audit work papers, audit reports, and wire transfers, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 8

Please provide all documents relating to all other transactions at DIB, financial or otherwise, involving the 9-11 Hijackers or any entity in which they held any beneficial interest, and which are not responsive to Request No. 7 above.

## RESPONSE TO REQUEST NO. 8

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of "involving the 9-11 Hijackers," "any entity in which they held any beneficial interest," and "other transactions at DIB, financial or otherwise."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in its electronic wire transfer record system using the search terms "Khalid al Mihdhar," "Majed Moqed," "Nawaf al Hamzi," "Salem al Hamzi," "Hani Hanjour," "Satam al Suqami," "Waleed al Shehri," "Wail al Shehri," "Mohamed Atta," "Abdulaziz al Omari," "Marwan al Shehhi," "Fayez Banihammad," "Ahmed al Ghamdi," "Hamza al Ghamdi," "Mohand al Shehri," "Saeed al Ghamdi," "Ahmad al Haznawi," "Ahmed al Nami," and "Ziad Jarrah" to determine whether any transaction record contains any of those

search terms and, if so, Dubai Islamic Bank will produce for that transaction the non-privileged wire transfer records, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 9

For all DIB accounts relating to Osama bin Laden, Mustafa Ahmed al Hisawi, Ali Abdul Aziz Ali and the 9-11 Hijackers, please provide all documents describing, detailing, or summarizing all transfers of funds between and among those accounts.

## RESPONSE TO REQUEST NO. 9

Dubai Islamic Bank reasserts and incorporates herein all Specific and General Objections asserted in its Responses to Request Nos. 1, 3, 5, and 7.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, describing, detailing, or summarizing transfers of funds between and among any account identified as responsive using the search methodology set forth in Dubai Islamic Bank's Responses to Request Nos. 1, 3, 5, and 7 from January 1, 1992 to September 11, 2001.

## REQUEST NO. 10

Please provide all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship between DIB and the persons identified in Attachment B, including without limitation, all documents relating to any and all transactions, financial or

otherwise, involving those persons.  Responsive documents shall include, but are not limited to, documents relating to all DIB accounts established or held in the name of, on behalf of, and/or for the benefit of the persons identified in Attachment B, any DIB account for any entity in which those persons held any beneficial interest, and/or any DIB account over which the persons identified in Attachment B had signatory authority or had any actual or potential beneficial interest.  Responsive documents shall also include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the persons identified in Attachment B and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 10

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, uncertain, and seeking information not relevant to a claim or defense of any party in its use of the terms "business … religious, or other relationship between DIB and the persons identified in Attachment B," "any and all transactions, financial or otherwise," "on behalf of and/or for the benefit of the persons identified in Attachment B," "any

entity in which those persons held any beneficial interest," "any DIB account over which the persons identified in Attachment B had any actual or potential beneficial interest."   Dubai Islamic Bank objects to this request as unduly burdensome in its request related to "signatory authority."   Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."   Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."   Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."   Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank further objects to this request as seeking information not relevant to a claim or defense of any party to the extent it seeks information concerning "Saidi Madani al Tayyib (a/k/a Sidi al Madani al Ghazi Mustafa al Tayyib; a/k/a Sayed Tayib al Madani; a/k/a Sa'idi al Madani al Ghazi Mustfa al Tayyib; a/k/a Abu Fadl; a/k/a Abu Fadil; a/k/a Abu Fadil al Makki; a/k/a Abu Amjed; a/k/a Abu Mahdi; a/k/a Abu Khalifah al Omani)" "Jamal Ahmad Mohamed al Fadl," "Mamdouh Mahmoud Salim (a/k/a Abu Hajer al Iraqi)," and " Abu Ubaidah al Banshiri (a/k/a Ali Amin al Rashidi)."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search terms "Sharif al Din Ali Mukhtar," "Abu Rida al Sufi,"

"Mohamed Loay Bayazid, "Mohammed Loay Baizid," Abu Ridha al Suri,"  "Abu Rida the

Syrian," "Wa'el Hamza Jelaidan, "Abu al Hasan," "Abu Hassan al Madani," "Abu Anas, "Abu

Anas al Saudi," "Abu Hammam," "Abu Horan," "Ali Haroun," "Abu Hassan al Sudani," "Abu

Hafs al Masri," "Sheikh Taysir Abdullah," "Abu Hafs," "Abu Sitta," "Abu Hafs al Kabir," "Abu

Khadijah," "Abu Fatima," "Sheikh Said al Masri, "Saeed al Masri," "Mustafa Ahmed

Muhammad Uthman Abu al Yazid," "Abu Yassir Sarrir," Abu Yassir al Jaza'iri," "Mohammed

Yassir al Masri," "Aafia Siddiqui," and "Fahrem Shahin" ("Request 10 Search Terms") to

determine whether any account has existed in those names and, if so, Dubai Islamic Bank will

produce for that account non-privileged account opening and closing documents, Know-Your-

Customer or other customer due diligence reports, suspicious activity or transaction reports,

account numbers, monthly account statements, annual account statements, account notices, real

estate records, records of assets, loan records, audit work papers, audit reports, and wire

transfers, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for

such documents does not yield a voluminous number of documents for multiple persons or

entities with names containing a search term (in which case Dubai Islamic Bank will be willing

to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who

have not been affiliated with al Qaida.  Dubai Islamic Bank will additionally search using the

Request 10 Search Terms in its employment records and records of charitable contributions to

determine whether any record exists in those names, and if so, Dubai Islamic Bank will produce

non-privileged employment records and records of charitable contributions for those names, if

any exist, from January 1, 1992 to September 11, 2001, provided that the search for such

documents does not yield a voluminous number of documents for multiple persons or entities

with names containing a search term (in which case Dubai Islamic Bank will be willing to meet

and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 11

Please provide all documents relating to any business, banking, financial, employment, charitable, religious or other relationship between DIB and the entities identified in Attachment C, including without limitation, all documents relating to any and all transactions, financial or otherwise, involving those entities.  Responsive documents shall include, but are not limited to, documents relating to all DIB accounts established or held in the name of, on behalf of, and/or for the benefit of the entities identified in Attachment C, and/or any DIB account in which the entities identified in Attachment C had any actual or potential beneficial interest.  Responsive documents shall also include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the entities identified in Attachment C and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 11

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "business … religious, or other relationship between DIB and the entities identified in Attachment C," "any and all transactions, financial or otherwise," "on behalf of and/or for the benefit of the entities identified in Attachment C," "any DIB account over which the entities identified in Attachment C had any actual or potential beneficial interest." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search terms "Wadi al Aqiq Company, Ltd.," "Al Hijrah Construction and Development, Ltd.," "Taba Investment Company, Ltd.," "Al Timar al Mubarikah," "Gum Arabic Company," "Bin Ladin International," "Al Qudarat Transport Company," and "Blessed Fruits Company" to determine whether any account has existed in those names and, if so, Dubai Islamic Bank will produce for that account non-privileged account

opening and closing documents, Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, real estate records, records of assets, loan records, audit work papers, audit reports, and wire transfers, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida. Dubai Islamic Bank will additionally search for the terms "Wadi al Aqiq Company, Ltd.," "Al Hijrah Construction and Development, Ltd.," "Taba Investment Company, Ltd.," "Al Timar al Mubarikah," "Gum Arabic Company," "Bin Ladin International," "Al Qudarat Transport Company," and "Blessed Fruits Company" in its employment records and records of charitable contributions to determine whether any record exists in those names, and if so, Dubai Islamic Bank will produce non-privileged employment records and records of charitable contributions for those names, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 12

Please provide all documents relating to all DIB accounts established or held in the name of, on behalf of, and/or for the benefit of DIB's founder and current board member, Saeed Ahmad Lootah, any DIB account for any entity in which Lootah held any beneficial interest,

and/or any DIB account over which Lootah had signatory authority or had any actual or potential beneficial interest.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among Lootah and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 12

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of DIB's founder and current board member, Saeed Ahmad Lootah," "any entity in which Lootah held any beneficial interest," and "any DIB account over which Lootah had any actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as unduly burdensome in its request related to "signatory authority."   Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits,"

"withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

## REQUEST NO. 13

Please provide all documents relating to any business, banking, financial, employment, charitable, religious, or other relationship between Saeed Ahmad Lootah and Saidi Madani al Tayyib. Such documents shall include, but are not limited to, all written or oral communications between Lootah and al Tayyib (correspondence, letters, memoranda, notes, emails, facsimiles or otherwise).

## RESPONSE TO REQUEST NO. 13

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "business … religious, or other relationship between Saeed Ahmad Lootah and Saidi Madani al Tayyib."

**REQUEST NO. 14**

Please provide all documents relating to any transaction, financial or otherwise, involving Saeed Ahmad Lootah and Saidi Madani al Tayyib, including without limitation, all documents relating to the transfer of funds from any of Mr. Lootah's accounts to Saidi Madani al Tayyib (including any DIB account established or held in the name of, on behalf of and/or for the benefit of al Tayyib, any DIB account for any entity in which al Tayyib held any beneficial interest, and/or any DIB account over which al Tayyib had signatory authority or had any actual or potential beneficial interest).

**RESPONSE TO REQUEST NO. 14**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "any transaction, financial or otherwise, involving Saeed Ahmad Lootah and Saidi Madani al Tayyib," "any of Mr. Lootah's accounts," "on behalf of and/or for the benefit of al Tayyib, any DIB account for any entity in which al Tayyib held any beneficial interest, and/or any DIB account over which al Tayyib had any actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as unduly burdensome in its request related to "signatory authority."

**REQUEST NO. 15**

Please provide all documents relating to any transaction, financial or otherwise, involving Saeed Ahmad Lootah and the persons and entities in Attachments A-C, including without

limitation, all documents relating to the transfer of funds from any of Mr. Lootah's accounts to the persons and entities in Attachments A-C (including any DIB account established or held in the name of, on behalf of and/or for the benefit of the persons and entities in Attachments A-C, any DIB account for any entity in which the persons and entities in Attachments A-C held any beneficial interest, and/or any DIB account over which the persons and entities in Attachments A-C had signatory authority or had any actual or potential beneficial interest).

## RESPONSE TO REQUEST NO. 15

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank also objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "any transaction, financial or otherwise, involving Saeed Ahmad Lootah and the persons and entities in Attachments A-C," "any of Mr. Lootah's accounts," "on behalf of and/or for the benefit of the persons and entities in Attachments A-C," "any entity in which the persons and entities in Attachments A-C held any beneficial interest, and/or any DIB account over which the persons and entities in Attachments A-C had any actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as unduly burdensome in its request related to "signatory authority."  Dubai Islamic Bank further objects to this request as seeking information not relevant to a claim or defense of any party to the extent it seeks information concerning "Saidi Madani al Tayyib (a/k/a Sidi al Madani al Ghazi Mustafa al Tayyib; a/k/a Sayed Tayib al Madani; a/k/a Sa'idi al Madani al Ghazi Mustfa al Tayyib; a/k/a Abu Fadl; a/k/a Abu Fadil; a/k/a Abu Fadil al Makki; a/k/a Abu Amjed; a/k/a Abu Mahdi; a/k/a Abu Khalifah al Omani)," "Jamal Ahmad Mohamed al Fadl," "Mamdouh

Mahmoud Salim (a/k/a Abu Hajer al Iraqi)," and "Abu Ubaidah al Banshiri (a/k/a Ali Amin al Rashidi)."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search term "Saeed Ahmad Lootah" to determine whether any account has existed in that name and, if so, Dubai Islamic Bank will produce non-privileged documents, if any exist, describing, detailing, or summarizing transfers of funds between that account and any account identified in Dubai Islamic Bank's Responses to Request Nos. 7, 10 and 11 from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 16

Please provide all documents relating to any investigation, inquiry, review, audit, or analysis conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the United Arab Emirates or any U.A.E.-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "U.A.E. Investigator"), which

references or addresses any of the DIB accounts, persons, or entities identified in Requests Nos. 1-15 above.

## RESPONSE TO REQUEST NO. 16

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, overly broad and seeking information not related to a claim or defense of any party in its use of the terms "relating to any investigation, inquiry, review, audit, or analysis conducted by any … state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, relating to any investigation, inquiry, review, audit, or analysis conducted by a United States, U.A.E., or foreign government entity, regulatory body, law enforcement agency, or grand jury ("Government Investigator") concerning the persons or entities with the names "al Qaida," "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali, Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 17**

Please provide copies of all documents that have been seized by, or produced by DIB to, any United States Investigator, any Foreign Investigator, or any U.A.E. Investigator, which references or addresses any of the DIB accounts, persons, or entities identified in Requests Nos. 1-15 above.

**RESPONSE TO REQUEST NO. 17**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "which references or addresses any of the DIB accounts, persons, or entities identified in Requests Nos. 1-15 above."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce a non-privileged copy of each document Dubai Islamic Bank produced to any Government Investigator, if any exists, concerning the persons or entities with the names "al Qaida," "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali, Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 18**

Please provide all documents relating to any audit, analysis, examination, survey, or review of the DIB accounts, persons, or entities identified in Requests Nos. 1-15 above, conducted either by DIB (including DIB's Fatwa and Shariah Advisory Board - a/k/a "Haiat al-

Fatawa wa-al Rakaba al-Shareeyah-libank Dubai al-Islami"), or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.  Such documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the U.A.E.

**RESPONSE TO REQUEST NO. 18**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, uncertain, and seeking information not relevant to a claim or defense of any party in its use of the terms "relating to any audit, analysis, examination, survey, or review conducted either by DIB… or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor," and "any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the U.A.E."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged audit, analysis, examination, survey, or review reports, if any exist, prepared by Dubai Islamic Bank or any third party concerning the persons or entities with the names "al Qaida," "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali, Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 19**

Please provide all documents relating to any written or oral communication between DIB and the U.A.E., which references or addresses any of the DIB accounts, persons, or entities identified in Requests Nos. 1-15 above.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**RESPONSE TO REQUEST NO. 19**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "relating to … which references or addresses any of the DIB accounts, persons, or entities identified in Requests Nos. 1-15 above."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged communications, if any exist, between Dubai Islamic Bank and the U.A.E. concerning the persons or entities with the names "al Qaida," "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali, Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 20**

Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between DIB and Osama bin Laden.  Such documents shall include, but are not limited to, all records identifying all DIB officials, board members, trustees, committee members,

employees, and/or any U.A.E. official, that: (i) met with and/or consulted with Osama bin Laden and/or his representative(s) regarding DIB's banking and financial services; (ii) approved of and/or directed DIB to provide banking and financial services to bin Laden; and (iii) supervised or managed accounts at DIB in which bin Laden held any actual or potential beneficial interest, or over which he had signatory authority.

## RESPONSE TO REQUEST NO. 20

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.   Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "any relationship between DIB and Osama bin Laden," "his representative(s)," and "accounts at DIB in which bin Laden held any actual or potential beneficial interest."   Dubai Islamic Bank objects to this request as unduly burdensome in its request related to "signatory authority."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, concerning any relationship between the bank and an individual named "Osama bin Laden" from January 1, 1992 to September 11, 2001, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 21

Please provide all documents DIB sent to, and/or received from, U.A.E. officials, regarding DIB's relationship with Osama bin Laden, including without limitation, all documents relating to the decision to provide banking and financial services to bin Laden, and the

supervision and management of accounts at DIB in which bin Laden held any actual or potential beneficial interest, or over which he had signatory authority.

## RESPONSE TO REQUEST NO. 21

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome and uncertain in its use of the terms "U.A.E. officials," "DIB's relationship with Osama bin Laden," "all documents relating to the decision to provide banking and financial services to bin Laden," and "accounts at DIB in which bin Laden held any actual or potential beneficial interest."  Dubai Islamic Bank objects to this request as unduly burdensome in its request related to "signatory authority."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, concerning any relationship between the bank and an individual named "Osama bin Laden" from January 1, 1992 to September 11, 2001, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 22

Please provide all documents relating to the meeting(s) held between U.S. officials and representatives of DIB and the U.A.E., occurring in or around July 1999 ("July 1999 Meeting(s)") in the U.A.E., regarding Osama bin Laden, DIB's relationship with Osama bin Laden, money laundering, and/or terrorist financing.

**RESPONSE TO REQUEST NO. 22**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of "U.S. officials and representatives of DIB and the U.A.E.," and "DIB's relationship with Osama bin Laden."  Dubai Islamic Bank also objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of the term "money laundering, and/or terrorist financing."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, concerning (i) any relationship between the bank and any individual named "Osama bin Laden" and (ii) any meeting in the U.A.E. attended by the U.S. government, the U.A.E. government, and Dubai Islamic Bank representatives in or around July 1999 concerning any individual named "Osama bin Laden," provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 23**

Please provide all documents identifying all DIB and U.A.E. officials and/or representatives who participated in the July 1999 Meeting(s) with U.S. officials.

**RESPONSE TO REQUEST NO. 23**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague,

ambiguous, unduly burdensome, and uncertain in its use of the terms "DIB and U.A.E. officials and/or representatives" and "U.S. officials."  Dubai Islamic Bank objects to this request as overly broad and unduly burdensome in seeking "all documents identifying all DIB and U.A.E. officials and/or representatives."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, concerning any meeting in the U.A.E. attended by the U.S. government, the U.A.E. government, and Dubai Islamic Bank representatives in or around July 1999 concerning any individual named "Osama bin Laden," provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 24

Please provide all documents relating to the one-time bank transfer of approximately $50 million to Osama bin Laden through DIB, and which was specifically raised with the ruling Al Maktoum family during the July 1999 Meeting(s).  Such documents shall include, but are not limited to, records identifying the name of the individual(s) who sent the $50 million, the bank from which the $50 million was sent, the wire transfer number, the recipient of the funds, and the bank account numbers of the sender and receiver.

## RESPONSE TO REQUEST NO. 24

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, and uncertain in its use of "one-time bank transfer of approximately $50 million to

Osama bin Laden through DIB, and which was specifically raised with the ruling Al Maktoum family during the July 1999 Meeting(s)."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will search from January 1, 1992 to July 8, 1999 using the search term "Osama bin Laden" in its electronic wire transfer record system to determine whether any record contains an approximately US$50 million transaction associated with that name and, if so, Dubai Islamic Bank will produce for that transaction the non-privileged wire transfer records, if any exist, from January 1, 1992 to July 8, 1999.   Dubai Islamic Bank also will search in the accountholder field in its electronic account record keeping system using the search term "Osama bin Laden" to determine whether any account has existed in that name and for any transaction of approximately US$50 million associated with that account, Dubai Islamic Bank will produce non-privileged records related to that transaction, if any exist, from January 1, 1992 to July 8, 1999, provided that the search for such documents does not yield a voluminous number of documents for multiple persons with names containing a search term (in which case DIB will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 25**

Please provide all documents exchanged between and among the U.S., DIB and the U.A.E. before, during, and after the July 1999 Meeting(s), relating to Osama bin Laden, al Qaida, money laundering, and/or terrorist financing.  Such documents shall include but are not limited to, correspondence, memoranda, emails, banking and financial reports, investigative reports and/or summaries, intelligence reports and/or summaries, terrorism reports and/or summaries, security files, and any other records.

**RESPONSE TO REQUEST NO. 25**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, uncertain, and seeking information not relevant to a claim or defense of any party in its use of "all documents exchanged between and among the U.S., DIB and the U.A.E. before, during, and after the July 1999 Meeting(s)."  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, overly broad, and seeking information not relevant to a claim or defense of any party in its use of "relating to Osama bin Laden, al Qaida, money laundering, and/or terrorist financing."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sent by Dubai Islamic Bank to the U.S. or U.A.E. governments or received from the U.S. or U.A.E. governments concerning the names "al Qaida," "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," and "Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 26**

Please provide all documents DIB sent to, and/or received from, U.A.E. officials, relating to the July 1999 Meeting(s) and allegations that DIB was associated with or involved in money laundering or terrorist financing for the benefit of Osama bin Laden and/or al Qaida.

**RESPONSE TO REQUEST NO. 26**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "U.A.E. officials," and "relating to the July 1999 Meeting(s) and allegations that DIB was associated with or involved in money laundering or terrorist financing for the benefit of Osama bin Laden and/or al Qaida."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged correspondence, if any exists, between Dubai Islamic Bank and the U.A.E. government relating to any July 1999 meeting involving those parties that concerned allegations that DIB was associated with or involved in money laundering or terrorist financing for groups or individuals with the names "al Qaida," "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," and "Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 27**

Please provide all documents relating to any and all actions taken by DIB and/or the U.A.E. following the July 1999 Meeting(s) regarding Osama bin Laden, DIB's relationship with Osama bin Laden, money laundering, and/or terrorist financing.  Such documents shall include, but are not limited to, procedures, protocols, standards and/or guidelines which were implemented and used, or are currently being used, to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**RESPONSE TO REQUEST NO. 27**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.   Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, uncertain, and seeking information not relevant to a claim or defense of any party in seeking "all documents relating to any and all actions taken by DIB and/or the U.A.E. following the July 1999 Meeting(s) regarding Osama bin Laden, DIB's relationship with Osama bin Laden, money laundering, and/or terrorist financing."   Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "all documents relating to … procedures, protocols, standards and/or guidelines which were implemented and used, or are currently being used, to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, propounding Dubai Islamic Bank policies, practices, procedures, and controls for anti-money laundering and combating the financing of terrorism from January 1, 1992 to September 11, 2001.

**REQUEST NO. 28**

Please provide all documents governing, describing, detailing or relating to the actions taken by DIB and/or the U.A.E. with regard to the accounts that were discussed and/or the subject of the July 1999 Meeting(s), including without limitation, all documents identifying those accounts, the account holders, the account numbers, and the status of those accounts.

**RESPONSE TO REQUEST NO. 28**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "the accounts that were discussed and/or the subject of the July 1999 Meeting(s)."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, uncertain, and seeking information not relevant to a claim or defense of any party in seeking "all documents governing, describing, detailing or relating to the actions taken by DIB and/or the U.A.E. with regard to the accounts that were discussed and/or the subject of the July 1999 Meeting(s)."  The information sought by this request is uncertain.

**REQUEST NO. 29**

Please provide all documents relating to communications by the U.S. to DIB and/or the U.A.E. in 1998 that DIB was providing banking and financial services to the Taliban and/or al Qaida, including the request from the U.S. that all Taliban and/or al Qaida-related accounts at DIB be closed.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the U.S., DIB and/or the U.A.E., and any banking or financial documents specifically identifying any Taliban and/or al Qaida accounts, the account holders, the account numbers, and the status of those accounts.

**RESPONSE TO REQUEST NO. 29**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague,

ambiguous, unduly burdensome, overly broad, uncertain, and seeking information not relevant to a claim or defense of any party in its use of "relating to communications by the U.S. to DIB and/or the U.A.E. in 1998 that DIB was providing banking and financial services to the Taliban and/or al Qaida," and "any Taliban and/or al Qaida accounts."   Dubai Islamic Bank further objects to this request as seeking information not relevant to the claim or defense of any party in seeking information related to "the Taliban and/or al Qaida."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged communications in 1998, if any exist, from the U.S. government to Dubai Islamic Bank concerning accounts held in the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," and "Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 30

Please provide all documents relating to the DIB-Taliban and/or al Qaida accounts identified in response to Request No. 29.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the account holder(s) and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records,

audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 30

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, overly broad, uncertain, and seeking information not relevant to a claim or defense of any party in its use of "relating to the DIB-Taliban and/or al Qaida accounts identified in response to Request No. 29."  Dubai Islamic Bank objects to this request as seeking information not relevant to a claim or defense of any party in seeking information related to "the Taliban and/or al Qaida accounts."  Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."  Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."  Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, if any Dubai Islamic Bank account held in the name "Osama bin Laden," "Mustafa Ahmed al

Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," and "Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms is identified in Dubai Islamic Bank's Response to Request No. 29, Dubai Islamic Bank will produce for that account non-privileged account opening and closing documents, Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, real estate records, records of assets, loan records, audit work papers, audit reports, and wire transfers, if any exist, from January 1, 1992 to September 11, 2001.

**REQUEST NO. 31**

Please provide all documents relating to DIB Account No. 1335.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among Abdullah Azzam and/or the account holder(s) and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 31**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of "all documents relating to DIB Account No. 1335," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of the term "debit/credit memos."  Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."  Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

**REQUEST NO. 32**

Please provide all documents relating to any written or oral communication between DIB and the U.A.E., which references or addresses the Taliban, al Qaida, Abdullah Azzam, and any of the accounts identified in Requests Nos. 29-31 above.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**RESPONSE TO REQUEST NO. 32**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, overly broad, uncertain, and seeking information not relevant to a claim or defense of any party in seeking information "relating to any written or oral

communication between DIB and the U.A.E., which references or addresses the Taliban, al Qaida, Abdullah Azzam, and any of the accounts identified in Requests Nos. 29-31 above."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged communications, if any exist, between Dubai Islamic Bank and the U.A.E. government concerning (i) the names "al Qaida," "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," and "Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms, or (ii) any account identified in Dubai Islamic Bank's response to Request No. 29, provided that such documents do not pertain solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 33

Please provide all documents, statements, interviews, press releases, internal memos, or other materials relating to any accusation that DIB, DIB Personnel, or other persons associated with DIB, were associated with, involved in, or supported the 1998 U.S. Embassy bombings in Kenya and Tanzania.  For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

## RESPONSE TO REQUEST NO. 33

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, uncertain, and seeking information not relevant to a claim or defense of any party

in its use of "relating to any accusation that DIB, DIB Personnel, or other persons associated with DIB, were associated with, involved in, or supported the 1998 U.S. Embassy bombings in Kenya and Tanzania."

## REQUEST NO. 34

Please provide all documents relating to any internal investigation or audit conducted by DIB (including DIB's Fatwa and Shariah Advisory Board), relating to any accusation that DIB, DIB Personnel, or other persons associated with DIB, were associated with, involved in, or supported the 1998 U.S. Embassy bombings.  Such documents shall include any investigation or audit ordered, conducted, supervised, overseen, or reviewed by the U.A.E.

## RESPONSE TO REQUEST NO. 34

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, overly broad, uncertain, and seeking information not relevant to a claim or defense of any party in its use of "relating to any accusation that DIB, DIB Personnel, or other persons associated with DIB, were associated with, involved in, or supported the 1998 U.S. Embassy bombings," and "reviewed by the U.A.E."

## REQUEST NO. 35

Please provide copies of all documents that have been seized by, or that DIB has produced to, any United States Investigator, any Foreign Investigator, or any U.A.E. Investigator,

which references or addresses any accusation that DIB, DIB Personnel, or other persons associated with DIB were associated with, involved in, or supported the 1998 U.S. Embassy bombings.

## RESPONSE TO REQUEST NO. 35

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and overly broad in its use of "which references or addresses any accusation that DIB, DIB Personnel, or other persons associated with DIB were associated with, involved in, or supported the 1998 U.S. Embassy bombings."

## REQUEST NO. 36

Please provide all documents relating to any written or oral communication between DIB and the U.A.E., which references or addresses any accusation that DIB, DIB Personnel, or other persons associated with DIB were associated with, involved in, or supported the 1998 U.S. Embassy bombings.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

## RESPONSE TO REQUEST NO. 36

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad,

unduly burdensome, and seeking information not relevant to the claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, overly broad, and seeking information not relevant to a claim or defense of any party in its use of "relating to any written or oral communication … which references or addresses any accusation that DIB, DIB Personnel, or other persons associated with DIB were associated with, involved in, or supported the 1998 U.S. Embassy bombings."

## REQUEST NO. 37

Please provide all documents governing, describing, detailing, or otherwise relating to the seizure, freezing, closing, monitoring, or restricting of any and all DIB accounts following the September 11, 2001 attack, including without limitation, all DIB accounts that were frozen per the orders of the Central Bank of the U.A.E.  Such documents shall include, but are not limited to, all documents identifying those accounts, the account holders, the account numbers, and the status of those accounts.

## RESPONSE TO REQUEST NO. 37

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "the seizure, freezing, closing, monitoring, or restricting of any and all DIB accounts following the September 11, 2001 attack."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged (i) documents, if any exist, for the time period beginning September 11, 2001 concerning the seizure, freezing, closing, or restricting of the

Dubai Islamic Bank account at the request of the Central Bank of the U.A.E. where such account was held in the account name of "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," and "Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms; (ii) for the time period beginning September 11, 2001, correspondence, if any exist, between Dubai Islamic Bank and the U.A.E. government addressing any such account; and (iii) for any such account, the account opening and closing documents, Know-Your-Customer or other customer due diligence reports, suspicious activity or transaction reports, account numbers, monthly account statements, annual account statements, account notices, real estate records, records of assets, loan records, audit work papers, audit reports, and wire transfers, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 38

Please provide all documents exchanged between and among the U.S., DIB, and the U.A.E. following the September 11, 2001 attack, relating to DIB's relationship with Osama bin Laden and/or other alleged members of al Qaida, including without limitation, any such documents which reference or address any of the DIB accounts identified in response to Request No. 37 above. Such documents shall include, but are not limited to, correspondence, memoranda, emails, banking and financial reports, investigative reports and/or summaries, intelligence

reports and/or summaries, terrorism reports and/or summaries, security files, and any other records.

**RESPONSE TO REQUEST NO. 38**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, uncertain, and seeking information not relevant to a claim or defense of any party in its use of "DIB's relationship with Osama bin Laden and/or other alleged members of al Qaida, including without limitation, any such documents which reference or address any of the DIB accounts identified in response to Request No. 37 above." Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "following the September 11, 2001 attack."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged correspondence, if any exists, between Dubai Islamic Bank and the U.A.E. or U.S. governments concerning any (i) relationship between the bank and any individual named "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," or "Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms; or (ii) account identified in response to Request 37, for the time period beginning September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case

Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 39

Please provide all documents relating to any investigation, inquiry, review, audit, or analysis conducted by any United States Investigator, any Foreign Investigator, or any U.A.E. Investigator, following the September 11, 2001 attack, which references or addresses any of the DIB accounts identified in response to Request No. 37 above.

## RESPONSE TO REQUEST NO. 39

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "all documents relating to any investigation, inquiry, review, audit, or analysis conducted by any United States Investigator, any Foreign Investigator, or any U.A.E. Investigator, following the September 11, 2001 attack, which references or addresses any of the DIB accounts identified in response to Request No. 37 above."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged reports, if any exist, of any investigation, inquiry, review, audit, or analysis conducted by any Government Investigator of any Dubai Islamic Bank account identified in Dubai Islamic Bank's Response to Request No. 37 for the time period beginning September 11, 2001, provided that the search for such documents does not

yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 40**

Please provide copies of all documents that have been seized by, or that DIB has produced to, any United States Investigator, any Foreign Investigator, or any U.A.E. Investigator, which reference or address any of the DIB accounts identified in response to Request No. 37 above.

**RESPONSE TO REQUEST NO. 40**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "all documents that have been seized by, or that DIB has produced to, any United States Investigator, any Foreign Investigator, or any U.A.E. Investigator, which reference or address any of the DIB accounts identified in response to Request No. 37 above."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce a non-privileged copy of each document Dubai Islamic Bank produced to any Government Investigator, if any exists, concerning any Dubai Islamic Bank account identified in Dubai Islamic Bank's Response to Request No. 37 for the time period

beginning September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 41

Please provide all documents relating to any audit, analysis, examination, survey, or review of the DIB accounts identified in response to Request No. 37 above, conducted either by DIB (including DIB's Fatwa and Shariah Advisory Board), or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.  Such documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the U.A.E.

## RESPONSE TO REQUEST NO. 41

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "all documents relating to any audit, analysis, examination, survey, or review of the DIB accounts identified in response to Request No. 37 above, conducted either by DIB (including DIB's Fatwa and Shariah Advisory Board), or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor."  Dubai Islamic Bank

objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "reviewed by the U.A.E."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged reports, if any exist, of any audit, analysis, examination, survey, or review conducted by Dubai Islamic Bank or any third party of any Dubai Islamic Bank account identified in Dubai Islamic Bank's Response to Request No. 37 for the time period beginning September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 42

Please provide all documents relating to any written or oral communication between DIB and the U.A.E., which references or addresses any of the DIB accounts identified in response to Request No. 37 above. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

## RESPONSE TO REQUEST NO. 42

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of

"all documents relating to any written or oral communication between DIB and the U.A.E., which references or addresses any of the DIB accounts identified in response to Request No. 37 above."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged correspondence, if any exists, between Dubai Islamic Bank and the U.A.E. concerning any Dubai Islamic Bank account identified in Dubai Islamic Bank's Response to Request No. 37 for the time period beginning September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 43**

Please provide all documents relating to any investigation, inquiry, audit, due diligence, or analysis conducted by the U.A.E., relating in any way to DIB.

**RESPONSE TO REQUEST NO. 43**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "relating in any way to DIB."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged reports, if any exist, of any investigation, inquiry, audit, due diligence, or analysis conducted by the U.A.E. of Dubai Islamic Bank concerning the persons or entities with the names "al Qaida," "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," and "Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 44

Please provide all documents relating to all accounts at DIB that have been seized, frozen, closed, monitored, or in any way restricted due to identification or suspicion that the account is related to actual, potential, suspected, or alleged terrorists, or terrorist organizations or entities, including without limitation, all documents referring or relating to the reasons or basis for the freezing, seizing, closing, monitoring, or restricting of the accounts.

## RESPONSE TO REQUEST NO. 44

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "all accounts at DIB that have been seized, frozen, closed, monitored, or in any way restricted

due to identification or suspicion that the account is related to actual, potential, suspected, or alleged terrorists, or terrorist organizations or entities."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, concerning any Dubai Islamic Bank account that has been seized, frozen, closed, monitored, or in any way restricted because the account was identified as related to the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," and "Ammar al Baluchi"; the names listed on Attachments A and C of Plaintiffs' requests; or the Request 10 Search Terms, provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 45

Please provide all documents relating to any guidance, advice, direction, directives, instructions, circulars or recommendations provided, disseminated, published, issued, or transmitted by any department, agency, or ministry of the government of the U.A.E., the United States, or any other governmental entity to DIB concerning anti-money laundering, terrorist financing, investigating, monitoring, detecting or reporting of suspicious activity, or dealing in any way with Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 45

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "suspicious activity."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged guidance, advice, direction, directives, instructions, circulars or recommendations, if any exist, from the U.A.E., U.S. government, or other foreign governments to Dubai Islamic Bank concerning anti-money laundering, terrorist financing, investigating, monitoring, detecting or reporting of suspicious account or transaction activity from January 1, 1992 to September 11, 2001.

**REQUEST NO. 46**

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and Sheikh Yousef al Qaradawi, including without limitation, any and all documents relating to all positions Qaradawi has held or holds within DIB.

**RESPONSE TO REQUEST NO. 46**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

**REQUEST NO. 47**

Please provide any and all documents relating to Qaradawi's role in the establishment, oversight, supervision, management, and/or control over DIB's various boards and committees, including without limitation, DIB's Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 47**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's various boards and committees," and "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 48**

Please provide any and all documents relating to the establishment, duties, obligations, objectives, composition, and/or authority of DIB's Fatwa and Shariah Supervisory Board, including without limitation, any and all documents identifying all former and current members of DIB's Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 48**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 49**

Please provide any and all documents relating to the role or roles of Qaradawi and/or the Fatwa and Shariah Supervisory Board in the establishment, organization, funding, oversight,

supervision, management, and/or control over DIB's operations, including without limitation, selection of board members, committee members or other officers, internal and external auditing or due diligence, credit and loan activities, appointment and termination of personnel, accounting, banking and financial transactions, analysis of investments funds and portfolios, and actual distribution of DIB financial and non-monetary support to charitable designees.

**RESPONSE TO REQUEST NO. 49**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 50**

Please provide any and all documents relating to the role or roles of Qaradawi and/or the Fatwa and Shariah Supervisory Board in developing Islamic banking products for DIB, as well as designing and implementing Shariah training programs for DIB.

**RESPONSE TO REQUEST NO. 50**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 51**

Please provide any and all documents relating to the role or roles of Qaradawi and/or the Fatwa and Shariah Supervisory Board in the supervision, management, control of, or distribution of DIB's funds, including without limitation, any and all documents relating to their duties and responsibilities to determine and/or make recommendations as to which individuals or entities should receive financial and/or non-monetary support from DIB and the purpose for such disbursements.

**RESPONSE TO REQUEST NO. 51**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 52**

Please provide any and all documents relating to the role or roles of Qaradawi and/or the Fatwa and Shariah Supervisory Board in determining and/or recommending which charities, humanitarian organizations, or dawah organizations should receive financial and/or non-monetary support from DIB and the purpose for such disbursements.

**RESPONSE TO REQUEST NO. 52**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 53**

Please provide any and all Fatwa and Shariah Supervisory Board documents governing, describing, detailing, or otherwise relating to DIB's policies and procedures regarding *zakat* and *haram* monies, including the collection and distribution of such monies to charitable or other designees.

**RESPONSE TO REQUEST NO. 53**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 54**

Please provide all Fatwa and Shariah Supervisory Board meeting minutes.

**RESPONSE TO REQUEST NO. 54**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 55**

Please provide all fatwas authored and/or issued by the Fatwa and Shariah Supervisory Board, including without limitation, any and all books or compilations of fatwas authored and/or issued by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 55**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 56**

Please provide all annual reports authored and/or prepared by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 56**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."

**REQUEST NO. 57**

Please provide all documents governing, describing, detailing, or otherwise relating to the Fatwa and Shariah Supervisory Board's oversight, supervision, management, control, or influence over DIB's branch offices.  Such documents shall include, but are not limited to, correspondence, memoranda, e-mails, meeting minutes, organizational diagrams and charts, and any reports sent to and/or received from the branch offices (banking and financial reports, status reports, auditing reports, shariah compliance reports, due diligence reports, or otherwise).

**RESPONSE TO REQUEST NO. 57**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board" and "influence over DIB's branch offices."

**REQUEST NO. 58**

Please provide any and all Fatwa and Shariah Supervisory Board documents relating to the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey.   Such documents shall include, but are not limited to, any and all fatwas issued by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 58**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey."

**REQUEST NO. 59**

Please provide any and all interviews, statements or speeches by members of the Fatwa and Shariah Supervisory Board regarding the conflicts, crises or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the

Philippines, Sudan, Somalia, Tanzania, and Turkey.  Such documents shall include, but are not limited to, any and all fatwas issued by members of the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 59**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey."

**REQUEST NO. 60**

Please provide any and all Fatwa and Shariah Supervisory Board documents discussing Islamic independence movements and/or the legitimacy of armed jihad or resistance by Muslims in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey.  Such documents shall include, but are not limited to, any and all fatwas issued by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 60**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "Islamic independence movements and/or the legitimacy of armed jihad or resistance by Muslims in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, and Turkey."

**REQUEST NO. 61**

Please provide any and all Fatwa and Shariah Supervisory Board documents discussing the provision of support to mujahideen forces in any part of the World.  For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.  Such documents shall include, but are not limited to, any and all fatwas issued by the Fatwa and Shariah Supervisory Board.

**RESPONSE TO REQUEST NO. 61**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "mujahideen forces in any part of the World" and "logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly."

## REQUEST NO. 62

Please provide any and all Fatwa and Shariah Supervisory Board documents discussing the provision of support to any armed jihad in any part of the World, regardless of whether such jihad was declared legitimate by competent religious authorities.  For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative,  religious, political or any other form of assistance, whether provided directly or indirectly.  Such documents shall include, but are not limited to, any and all fatwas issued by the Fatwa and Shariah Supervisory Board.

## RESPONSE TO REQUEST NO. 62

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board."  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, vague, and ambiguous in its use of "any armed jihad in any part of the World," and "logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly."

- 69 -

**REQUEST NO. 63**

Please provide any and all Fatwa and Shariah Supervisory Board documents mentioning "jihad" (جهاد) (*see* Definition No. 12), which can be generated via an electronic search of DIB's computers or electronic data storage systems.

**RESPONSE TO REQUEST NO. 63**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board" and "mentioning 'jihad' (جهاد) (*see* Definition No. 12), which can be generated via an electronic search of DIB's computers or electronic data storage systems."

**REQUEST NO. 64**

Please provide any and all fatwas issued by members of DIB's Fatwa and Shariah Supervisory Board which mention "jihad" (جهاد) (see Definition No. 12), regardless of whether you believe such board member(s) was or was not acting within the scope of his employment at DIB in relation to such activity.

**RESPONSE TO REQUEST NO. 64**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad,

unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "DIB's Fatwa and Shariah Supervisory Board" and "which mention 'jihad' (جهاد) (see Definition No. 12)."

**REQUEST NO. 65**

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's policies, practices, procedures, and controls for anti-money laundering ("AML") and combating the financing of terrorism ("CFT"), including without limitation:

a.  All AML/CFT compliance manual(s), memoranda or other documents identifying or describing DIB's AML/CFT policies, practices, procedures, or controls; memoranda or other documents identifying or describing exceptions to DIB's AML/CFT policies, practices, procedures, or controls set forth in any compliance manual; memoranda or other documents stating or describing the manner and degree in which DIB's AML/CFT compliance program is integrated into the bank's activities;

b.  All reports, audits, memoranda, or other documents evaluating, critiquing, commenting upon or offering suggestions to modify or enhance DIB's AML/CFT compliance program;

c.  All documents created to respond to, or in response to, items referenced in the preceding item (b);

d.  All documents governing, describing, detailing, setting forth or otherwise relating to DIB's policies, practices, procedures, or controls concerning what due diligence to employ to detect, investigate, and respond to high-risk wire transfers;

e.      All documents relating to the designation of one or more compliance officers and/or other individuals at DIB responsible for coordinating and monitoring day-to-day compliance, employee training, and the independent audit function to assess AML/CFT programs, including without limitation the identification, titles, and responsibilities of such individuals.

## RESPONSE TO REQUEST NO. 65

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "high-risk wire transfers."  Dubai Islamic Bank also objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of the term "otherwise relating to DIB's policies, practices, procedures, and controls for anti-money laundering ("AML") and combating the financing of terrorism ("CFT")."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, propounding Dubai Islamic Bank policies, practices, procedures, and controls for anti-money laundering and combating the financing of terrorism from January 1, 1992 to September 11, 2001.

## REQUEST NO. 66

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's policies, practices, procedures, and controls aimed at preventing terrorists and other criminals from having access to bank accounts or wire transfer services for moving funds, and to detect such misuse when it occurs.

**RESPONSE TO REQUEST NO. 66**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to DIB's policies, practices, procedures, and controls."  Dubai Islamic Bank understands this phrase in this context to mean propounding Dubai Islamic Bank's policies, practices, procedures, and controls aimed at preventing terrorists and other criminals from having access to bank accounts or wire transfer services for moving funds, and to detect such misuse when it occurs.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce responsive non-privileged documents, if any exist, from January 1, 1992 to September 11, 2001.

**REQUEST NO. 67**

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's policies, practices, procedures, and controls regarding internal monitoring and/or reporting of wire transfers, including:

a.   Internal monitoring and/or reporting documents concerning wire transfers, incomplete originator information, high risk transactions and/or indications of possible money laundering or terrorist financing; and

b.   Internal monitoring and/or reporting documents concerning what action was taken upon identification of instances of incomplete originator information, high risk transactions, and/or indications of possible money laundering or terrorist financing.

- 73 -

**RESPONSE TO REQUEST NO. 67**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "otherwise relating to DIB's policies, practices, procedures, and controls."  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "internal monitoring and/or reporting documents," "high risk transactions," and " indications of possible money laundering or terrorist financing."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, propounding Dubai Islamic Bank's policies, practices, procedures, and controls regarding internal monitoring or reporting of wire transfers from January 1, 1992 to September 11, 2001.

**REQUEST NO. 68**

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's Know-Your-Customer or Customer Identification policy, practices, procedures, or programs.

**RESPONSE TO REQUEST NO. 68**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "otherwise relating to DIB's … policy, practices, procedures, or

programs."  Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of "Customer Identification."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, governing, describing, detailing, setting forth, or propounding Dubai Islamic Bank's Know-Your-Customer policies, practices, procedures, or programs from January 1, 1992 to September 11, 2001.

## REQUEST NO. 69

Please provide all DIB documents governing, describing, detailing, setting forth, or otherwise relating to account opening policies, practices and procedures at DIB, including without limitation:

a.    Copies of the Account Opening applications used by DIB during the relevant time period;

b.    Copies of all manuals, instruction booklets or procedures outlining the information to be obtained and verified before an account may be opened, and

c.    All account opening documents for any account maintained by or for the benefit of: Osama bin Laden, Mustafa Ahmed al Hisawi, Ali Abdul Aziz Ali, the 9-11 Hijackers, and the persons and entities identified in Attachments B and C.

## RESPONSE TO REQUEST NO. 69

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or

defense of any party in its use of "otherwise relating to … policies, practices, procedures, or programs."   Dubai Islamic Bank further objects to this request as seeking information not relevant to a claim or defense of any party to the extent it seeks information concerning "Saidi Madani al Tayyib (a/k/a Sidi al Madani al Ghazi Mustafa al Tayyib; a/k/a Sayed Tayib al Madani; a/k/a Sa'idi al Madani al Ghazi Mustfa al Tayyib; a/k/a Abu Fadl; a/k/a Abu Fadil; a/k/a Abu Fadil al Makki; a/k/a Abu Amjed; a/k/a Abu Mahdi; a/k/a Abu Khalifah al Omani)" "Jamal Ahmad Mohamed al Fadl," "Mamdouh Mahmoud Salim (a/k/a Abu Hajer al Iraqi)," and " Abu Ubaidah al Banshiri (a/k/a Ali Amin al Rashidi)."   Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of "any account maintained by or for the benefit of," and "during the relevant time period."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged Dubai Islamic Bank documents, if any exist, sufficient to set forth account opening policies, practices and procedures at Dubai Islamic Bank from January 1, 1992 to September 11, 2001; and Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search terms "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," "Khalid al Mihdhar," "Majed Moqed," "Nawaf al Hamzi," "Salem al Hamzi," "Hani Hanjour," "Satam al Suqami," "Waleed al Shehri," "Wail al Shehri," "Mohamed Atta," "Abdulaziz al Omari," "Marwan al Shehhi," "Fayez Banihammad," "Ahmed al Ghamdi," "Hamza al Ghamdi," "Mohand al Shehri," "Saeed al Ghamdi," "Ahmad al Haznawi," "Ahmed al Nami," "Ziad Jarrah," the Request 10 Search Terms, "Wadi al Aqiq Company, Ltd.," "Al Hijrah Construction and Development, Ltd.," "Taba Investment Company, Ltd.," "Al Timar al Mubarikah," "Gum Arabic Company," "Bin Ladin

International," "Al Qudarat Transport Company," and "Blessed Fruits Company" to determine whether any account has existed in those names and, if so, Dubai Islamic Bank will produce for that account non-privileged account opening and closing documents, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 70**

Please provide all DIB documents governing, describing, detailing, setting forth, or otherwise relating to DIB's customer acceptance policies, practices, and procedures, including without limitation, all documents that describe DIB's policies, practices, and procedures regarding the types of customers that are likely to pose a higher than average risk.

**RESPONSE TO REQUEST NO. 70**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "otherwise relating to … policies, practices, procedures, or programs."  Dubai Islamic Bank objects to this requests as vague and ambiguous in its use of "risk."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to set forth

Dubai Islamic Bank's customer acceptance policies, practices, and procedures from January 1, 1992 to September 11, 2001.

**REQUEST NO. 71**

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to the training of DIB Personnel regarding:

a.     ML/CFT policies, practices, procedures, or controls;

b.     Know-Your-Customer or Customer Identification policies, practices, procedures, or controls;

c.     Investigating or filing suspicious activity or transaction reports;

d.     Investigating Politically Exposed Persons;

e.     Compliance with any laws, rules or regulations concerning money laundering, terrorist financing, suspicious activity or Politically Exposed Persons, including but not limited to the certification of any DIB employee as having knowledge, skills, expertise or education concerning the enforcement of or compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, anti-terrorist financing, suspicious activity or Politically Exposed Persons.

**RESPONSE TO REQUEST NO. 71**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or

defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "suspicious activity."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show each training program concerning anti-money laundering or combating the financing of terrorism policies, practices, procedures, or controls, Know-Your-Customer policies, practices, procedures, or controls, investigating or filing suspicious activity or transaction reports, and compliance with any laws, rules or regulations concerning money laundering, terrorist financing, or suspicious activity reporting from January 1, 1992 to September 11, 2001.

**REQUEST NO. 72**

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to any software or internet-based application that DIB has used, currently uses, or has investigated for use, for the detection, monitoring, or investigation of money laundering, terrorist financing, suspicious activity, Politically Exposed Persons, or compliance with any laws, rules or regulations concerning money laundering, terrorist financing, suspicious activity, or Politically Exposed Persons.

**RESPONSE TO REQUEST NO. 72**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "or otherwise relating to," "investigated for use," and "suspicious activity."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify and describe any software or internet-based program that Dubai Islamic Bank has used for the detection, monitoring or investigation of money laundering, terrorist financing, suspicious account activity reporting, or compliance with any applicable laws concerning money laundering, terrorist financing, or suspicious activity account reporting from January 1, 1992 to September 11, 2001.

## REQUEST NO. 73

Please provide all documents governing, describing, detailing, setting forth, or otherwise relating to DIB's policies, practices, procedures and controls regarding DIB's compliance with Suspicious Transaction Reports ("STRs") or Suspicious Activity Reports ("SARs") requirements, including without limitation:

    a.    All documents relating to the roles and responsibilities of DIB Personnel for the filing of STRs or SARs; and

    b.    All documents detailing or describing the policies and procedural guidelines for determining whether or not to file a SAR or STR.

## RESPONSE TO REQUEST NO. 73

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague and ambiguous in its

use of "otherwise relating to DIB's policies, practices, procedures, and controls" and "all documents relating to the roles and responsibilities."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show Dubai Islamic Bank's policies and procedures for the filing of suspicious transaction reports or suspicious activity reports from January 1, 1992 to September 11, 2001.

## REQUEST NO. 74

Please provide all documents relating to any written or oral communication prepared by DIB or DIB Personnel concerning good banking practices, best banking practices, or recommended banking practices with respect to detection, prevention, or compliance with regulations relating to money laundering, terrorist financing, or dealing with Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 74

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "good banking practices, best banking practices, or recommended banking practices."  Dubai Islamic Bank objects to this request as overly broad and unduly burdensome in seeking "all documents relating to any written or oral communication prepared by DIB or DIB Personnel."  Dubai Islamic Bank objects to this request as seeking information not relevant to a claim or defense of any party in its use of "Politically Exposed Persons."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged Dubai Islamic Bank policies and procedures, if

any exist, concerning compliance with regulations relating to money laundering or terrorist financing from January 1, 1992 to September 11, 2001.

**REQUEST NO. 75**

Please provide copies of any speeches, statements, or presentations regarding money laundering or terrorist financing, given by DIB or DIB Personnel, at any banking organization conference, or other conference concerning, wholly or in part, any issues related to anti-money laundering, terrorist financing, Know-Your-Customer practices, suspicious activity or transaction reporting, or Politically Exposed Persons.

**RESPONSE TO REQUEST NO. 75**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "statements."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce a non-privileged copy of each speech or presentation, if any exists, given by Dubai Islamic Bank at any conference concerning anti-money laundering, terrorist financing, Know-Your-Customer practices, or suspicious activity or transaction reporting from January 1, 1992 to September 11, 2001.

**REQUEST NO. 76**

Please provide all documents relating to any written or oral communication, including memoranda, notes, and/or recommendations, concerning best practices discussed at any anti-

money laundering, terrorist financing, and/or risk assessment conference sponsored or attended by DIB or DIB Personnel.

## RESPONSE TO REQUEST NO. 76

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as vague, ambiguous, uncertain, and seeking information not relevant to a claim or defense of any party in its use of "concerning best practices discussed at any anti-money laundering, terrorist financing, and/or risk assessment conference."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged communications, if any exist, concerning anti-money laundering best practices discussed at any anti-money laundering conference from January 1, 1992 to September 11, 2001.

## REQUEST NO. 77

Please provide all documents relating to DIB's internal controls concerning money laundering, terrorist financing, Know-Your-Customer or Customer Identification policies, practices, and procedures, suspicious activity or transactions, or Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 77

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as seeking information not relevant to a claim or defense of any party in its use of "Politically Exposed

Persons."   Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "Customer Identification policies."   Dubai Islamic Bank further objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "all documents relating to DIB's internal controls."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, propounding Dubai Islamic Bank internal controls concerning money laundering, terrorist financing, Know-Your-Customer policies, practices, and procedures, or suspicious activity or transactions reporting from January 1, 1992 to September 11, 2001.

## REQUEST NO. 78

Please provide all documents relating to any internal audits, examinations, studies, or investigations performed by DIB and/or DIB Personnel, concerning, in whole or in part, AML, CFT, Know-Your-Customer/Customer Identification policies, practices, procedures, and controls, suspicious activities or transactions, Politically Exposed Persons, or compliance with any laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, Know-Your-Customer/Customer Identification, suspicious activity or transactions, and Politically Exposed Persons.

## RESPONSE TO REQUEST NO. 78

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.   Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "Know-Your-Customer/Customer Identification policies."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged reports, if any exist, of internal audits, examinations, studies, or investigations conducted by Dubai Islamic Bank of its (i) general policies, practices, procedures, and controls concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting, (ii) anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting policies, practices, procedures, and controls concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms, or (iii) compliance with any laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, or suspicious activity or transactions reporting as they relate to the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 79**

Please provide all documents relating to any audits, examinations, studies, or investigations performed by DIB or by any outside consultants, auditors, accountants or other

parties employed or utilized by DIB, regarding any individual, department, or group of DIB concerning, in whole or in part, AML, CFT, Know-Your-Customer/Customer Identification policies, practices, procedures, and controls, suspicious activities or transactions, Politically Exposed Persons, or compliance with any laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, Know-Your-Customer/Customer Identification, suspicious activity or transactions, and Politically Exposed Persons. Such documents shall include, but are not limited to, engagement letters or memoranda, scope of audit memoranda or correspondence, studies, reports, presentations, proposals, notes or minutes of meeting, advice, recommendation, analysis, or any other communications and the results thereof.

## RESPONSE TO REQUEST NO. 79

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "Know-Your-Customer/Customer Identification," and "regarding any individual, department, or group of DIB."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged reports, if any exist, of internal audits, examinations, studies, or investigations conducted by Dubai Islamic Bank or by any outside consultants, auditors, accountants or other parties employed or utilized by Dubai Islamic Bank of its (i) general policies, practices, procedures, and controls concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions

reporting; (ii) anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting policies, practices, procedures, and controls concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms; or (iii) compliance with any laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, or suspicious activity or transactions reporting as they relate to the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 80

Please provide all documents relating to any external or independent audits, examinations, studies, or investigations of DIB which refer or relate to compliance with bank secrecy rules and regulations, Know-Your-Customer rules, suspicious activity or transaction reporting, money laundering, terrorist financing, or investigations of DIB by any agency of Dubai, the United Arab Emirates, the United States or any other foreign government, including but not limited to the U.S. Office of the Comptroller of the Currency and the U.S. Financial Crimes Enforcement Network.

## RESPONSE TO REQUEST NO. 80

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "refer or relate to compliance with … money laundering, terrorist financing, or investigations of DIB by any agency of Dubai, the United Arab Emirates, the United States or any other foreign government, including but not limited to the U.S. Office of the Comptroller of the Currency and the U.S. Financial Crimes Enforcement Network."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged reports, if any exist, of internal audits, examinations, studies, or investigations conducted by any agency of Dubai, the United Arab Emirates, the United States or any other foreign government of Dubai Islamic Bank's (i) general policies, practices, procedures, and controls concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting; (ii) anti-money laundering, combating the financing of terrorism, Know-Your-Customer, suspicious activity or transactions reporting policies, practices, procedures, and controls concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms; or (iii) compliance with any laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, Know-Your-Customer, or suspicious activity or transactions reporting as they relate to the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs'

requests, or the Request 10 Search Terms from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

## REQUEST NO. 81

Please provide all documents relating to any external or independent evaluation of DIB's AML/CFT compliance program, including:

     a.     Copies of any such evaluations;

     b.     The policies, practices, procedures, and controls for performing, handling, and responding to or implementing the recommendations of such evaluations; and

     c.     Documents comprising, describing, or setting forth any actions taken to respond to recommendations made in audit reports evaluating the effectiveness of DIB's AML/CFT program.

## RESPONSE TO REQUEST NO. 81

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "all documents relating to any external or independent evaluation of DIB's AML/CFT program," and "documents comprising any actions taken to respond to recommendations made in audit reports evaluating the effectiveness of DIB's AML/CFT program."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged (i) copies of any external or independent

- 89 -

evaluation of Dubai Islamic Bank's general policies, practices, procedures, and controls, if any exist, concerning anti-money laundering or combating the financing of terrorism; (ii) documents, if any exist, propounding the policies, practices, procedures, and controls for performing, handling, and implementing any such evaluation's recommendations concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms; and (iii) documents, if any exist, describing or setting forth any actions taken by Dubai Islamic Bank to respond to any such evaluation's recommendation concerning the persons or entities with the names "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," the names listed on Attachments A and C of Plaintiffs' requests, or the Request 10 Search Terms from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield documents pertaining solely to persons or entities who have not been affiliated with al Qaida.

**REQUEST NO. 82**

For any department, committee, or group at DIB responsible for opening, maintaining, and managing customer accounts at DIB ("Account Representatives"), please provide the following:

   a. All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

b.      All documents detailing or describing the policies and procedural guidelines for the management and maintenance of customer accounts by Account Representatives;

c.      All documents relating to training of Account Representatives;

d.      All documents relating to all procedures and protocols used to ensure the authenticity of client correspondence to officers such as signature verifications;

e.      Copies of all Information Technology ("IT") protocols used by Account Representatives to assist them with the management and maintenance of customer accounts;

f.      All documents detailing or describing DIB policies, practices, procedures, or controls used to monitor compliance with the Account Representative filing procedures; and

g.      Copies of any "Corporate Code of Conduct" guidelines that apply to Account Representatives.

**RESPONSE TO REQUEST NO. 82**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "used to ensure the authenticity of client correspondence to officers such as signature verifications," "Account Representative filing procedures," "managing," and "IT protocols."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged Dubai Islamic Bank documents, if any exist, governing, describing, detailing, setting forth, or otherwise propounding account opening policies, practices and procedures at Dubai Islamic Bank from January 1, 1992 to September 11, 2001; and Dubai Islamic Bank will search in the accountholder field in its electronic account record keeping system using the search terms "Osama bin Laden," "Mustafa Ahmed al Hisawi," "Shaykh Sa'id," "Mustafa Muhammed Ahmed," "Ali Abdul Aziz Ali," "Ammar al Baluchi," "Khalid al Mihdhar," "Majed Moqed," "Nawaf al Hamzi," "Salem al Hamzi," "Hani Hanjour," "Satam al Suqami," "Waleed al Shehri," "Wail al Shehri," "Mohamed Atta," "Abdulaziz al Omari," "Marwan al Shehhi," "Fayez Banihammad," "Ahmed al Ghamdi," "Hamza al Ghamdi," "Mohand al Shehri," "Saeed al Ghamdi," "Ahmad al Haznawi," "Ahmed al Nami," "Ziad Jarrah," the Request 10 Search Terms, "Wadi al Aqiq Company, Ltd.," "Al Hijrah Construction and Development, Ltd.," "Taba Investment Company, Ltd.," "Al Timar al Mubarikah," "Gum Arabic Company," "Bin Ladin International," "Al Qudarat Transport Company," and "Blessed Fruits Company" to determine whether any account has existed in those names and, if so, Dubai Islamic Bank will produce for that account non-privileged account opening and closing documents, if any exist, from January 1, 1992 to September 11, 2001, provided that the search for such documents does not yield a voluminous number of documents for multiple persons or entities with names containing a search term (in which case Dubai Islamic Bank will be willing to meet and confer with Plaintiffs) or documents pertaining solely to persons or entities who have not been affiliated with al Qaida.  Dubai Islamic Bank will also produce non-privileged documents, if any exist, sufficient to set forth Dubai Islamic Bank's general policies and procedures for the management and maintenance of customer accounts; sufficient to set forth any

training program concerning account opening policies, practices and procedures at Dubai Islamic Bank; and sufficient to set forth Dubai Islamic Bank's formal document retention policy and corporate code of conduct from January 1, 1992 to September 11, 2001.

**REQUEST NO. 83**

For any department, committee, or group at DIB responsible for ensuring DIB's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, suspicious activity or transactions, or Politically Exposed Persons ("DIB Compliance Personnel"), please provide the following:

a. All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

b. All documents detailing or describing the policies and procedural guidelines for ensuring DIB's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, suspicious activity or transactions, or Politically Exposed Persons;

c. All documents relating to training of DIB Compliance Personnel;

d. All documents, including copies of forms, used by DIB Compliance Personnel to report on DIB's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, suspicious activity or transactions, or Politically Exposed Persons;

e. Copies of all IT protocols used by DIB Compliance Personnel to assist them in ensuring DIB's compliance with applicable laws, rules, regulations, policies,

practices, or procedures concerning AML/CFT, suspicious activity or transactions, or Politically Exposed Persons; and

f.      Copies of any "Corporate Code of Conduct" guidelines that apply to DIB Compliance Personnel.

## RESPONSE TO REQUEST NO. 83

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of "IT protocols."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify the Dubai Islamic Bank department, committee, or group with the primary responsibility for ensuring Dubai Islamic Bank's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions reporting; sufficient to set forth Dubai Islamic Bank policies and procedures for ensuring Dubai Islamic Bank's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions reporting;  sufficient to identify formal training programs for ensuring Dubai Islamic Bank's compliance with regulations concerning anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions reporting; and sufficient to set forth Dubai Islamic Bank's

formal document retention policy and corporate code of conduct from January 1, 1992 to September 11, 2001.  Dubai Islamic Bank will also produce a non-privileged copy of each form, if any exists, used to report on Dubai Islamic Bank's compliance with applicable laws, rules, regulations, policies, practices, or procedures concerning anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions from January 1, 1992 to September 11, 2001.

## REQUEST NO. 84

For any department, committee, or group at DIB responsible for monitoring, reviewing, and/or investigating account activity, either in whole or in part, for purposes of compliance with any laws, rules, regulations, policies, practices, or procedures related to AML/CFT, suspicious activity or transactions, or Politically Exposed Persons ("DIB Investigative Personnel"), please provide the following:

a.   All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

b.   All documents detailing or describing the policies and procedural guidelines for monitoring, reviewing and investigating account and transaction activity;

c.   All documents relating to training of DIB Investigative Personnel;

d.   All documents, including copies of forms, used by DIB Investigative Personnel to report on the monitoring, review, or investigation of accounts and transactions;

e.   Copies of all IT protocols used by DIB Investigative Personnel to assist them in monitoring, reviewing, and investigating account and transaction activity;

      f.      All documents detailing or describing the policies and procedural guidelines for reporting suspicious account or transaction activity;

      g.      Copies of any "Corporate Code of Conduct" guidelines that apply to DIB Investigative Personnel.

## RESPONSE TO REQUEST NO. 84

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of "IT protocols."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify the Dubai Islamic Bank department, committee, or group with the primary responsibility for monitoring, reviewing, or investigating account activity for purposes of compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions; sufficient to set forth Dubai Islamic Bank policies and procedures for monitoring, reviewing and investigating account and transaction activity; sufficient to identify formal training programs for monitoring, reviewing, or investigating account activity for purposes of compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions; and sufficient to set forth Dubai Islamic Bank's formal document retention policy and corporate code of conduct from January 1, 1992 to

September 11, 2001.  Dubai Islamic Bank will also produce a non-privileged copy of each form, if any exists, used to report on the monitoring, review, or investigation of accounts and transactions for purposes of compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions from January 1, 1992 to September 11, 2001.

**REQUEST NO. 85**

For any department, committee, or group at DIB responsible for performing internal audit functions at DIB related, in whole or in part, to AML, CFT, Know-Your-Customer/Customer Identification policies, practices, procedures, and controls, suspicious activities or transactions, Politically Exposed Persons, or compliance with any laws, rules, regulations, policies, practices, or procedures concerning AML/CFT, Know-Your-Customer/Customer Identification, suspicious activity or transactions, and Politically Exposed Persons ("DIB Internal Audit Personnel"), please provide the following:

a. All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

b. All documents detailing or describing the policies and procedural guidelines for monitoring, reviewing, investigating and auditing account activity by DIB Internal Audit Personnel;

c. All documents relating to training of DIB Internal Audit Personnel;

d. All documents, including copies of forms, used by DIB Internal Audit Personnel to report on the monitoring, reviewing, investigating, and auditing of accounts;

e.      Copies of all IT protocols used by DIB Internal Audit Personnel to assist them in monitoring, reviewing, investigating, and auditing accounts;

f.      Copies of all audit plans for account activity;

g.      All documents detailing or describing the policies and procedural guidelines for reporting suspicious activity or transaction; and

h.      Copies of any "Corporate Code of Conduct" guidelines that apply to DIB Internal Audit Personnel.

**RESPONSE TO REQUEST NO. 85**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "Know-Your-Customer/Customer Identification," "policies and procedural guidelines for monitoring, reviewing, investigating and auditing account activity by DIB Internal Audit Personnel," "IT protocols," and "audit plans for account activity."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify the Dubai Islamic Bank department with the primary responsibility for performing Dubai Islamic Bank's internal audit functions concerning policies, practices, procedures, and controls for anti-money laundering, combating the financing of terrorism, Know-Your-Customer, or suspicious activity or transactions reporting; sufficient to set forth Dubai Islamic Bank policies and procedures for conducting internal audits of Dubai Islamic Bank's compliance with any laws,

rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions; sufficient to identify formal training programs for conducting internal audits of Dubai Islamic Bank's compliance with any laws, rules, regulations, policies, practices, or procedures related to anti-money laundering, combating the financing of terrorism, or suspicious activity or transactions reporting; sufficient to set forth Dubai Islamic Bank policies and procedures for suspicious activity or transactions reporting; and sufficient to set forth Dubai Islamic Bank's formal document retention policy and corporate code of conduct from January 1, 1992 to September 11, 2001.

**REQUEST NO. 86**

For any department, committee, or group at DIB responsible for tracking and/or maintaining a database relating to designations of, and information about, individuals and entities designated as terrorists or terror financiers ("DIB Designation Personnel"), please provide the following:

a.   All documents identifying such department, committee, or group, the responsibilities and duties of the department, committee, or group, and the names of DIB Personnel within the department, committee, or group, including their title, tenure, and responsibilities;

b.   All documents detailing or describing how DIB tracks the designation of individuals or entities as Specially Designated Global Terrorists or otherwise, pursuant to the International Emergency Economic Powers Act by the United States Office of Foreign Asset Control, the United Nations and/or any other government or regulatory body;

c.   All documents relating to training of DIB Designation Personnel;

d.      Copies of all IT protocols used by DIB Designation Personnel to assist them in tracking and/or maintaining information about individuals and entities designated as terrorists or terror financiers;

e.      All documents detailing or describing any software programs used by DIB to monitor the designation of individuals or entities as Specially Designated Global Terrorists or otherwise, pursuant to the International Emergency Economic Powers Act by the United States Office of Foreign Asset Control, the United Nations and/or any other government or regulatory body;

f.      Copies of all internal manuals, memoranda, reports or protocols detailing or describing the appropriate actions to be taken by DIB Personnel when examining whether any designated individual or entity maintains accounts at DIB, or is the recipient of funds from DIB; and

g.      Copies of all internal manuals, memoranda, reports or protocols detailing or describing the appropriate actions to be taken by DIB Personnel if a DIB account has been opened and/or used by a designated terrorist individual or entity.

## RESPONSE TO REQUEST NO. 86

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "designated as terrorists or terror financiers," "Specially Designated Global Terrorists or otherwise," "IT protocols," and "is the recipient of funds from DIB."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to identify the Dubai Islamic Bank department, committee, or group with the primary responsibility for tracking or maintaining a database relating to state or international designations of, and information about, individuals and entities designated as terrorists or terror financiers; sufficient to set forth how Dubai Islamic Bank tracks the state or international designations of individuals or entities as terrorists or terror financiers; sufficient to identify formal training programs for tracking or maintaining a database relating to state or international designations of, and information about, individuals and entities designated as terrorists or terror financiers; and sufficient to identify and describe any software programs used by Dubai Islamic Bank to monitor state or international designations of individuals and entities designated as terrorists or terror financiers from January 1, 1992 to September 11, 2001. Dubai Islamic Bank will also produce a non-privileged copy of each internal manual, memorandum, report or protocol, if any exists, detailing or describing actions to be taken if a Dubai Islamic Bank account has been opened or used by a designated terrorist individual or entity from January 1, 1992 to September 11, 2001.

## REQUEST NO. 87

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the persons identified in Attachment D, including without limitation, all documents relating to all positions those persons have held or currently hold within DIB and their personnel files.

## RESPONSE TO REQUEST NO. 87

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party in its use of "otherwise relating to the relationship."

Subject to and without waiving the foregoing Specific Objections and General Objections, for each individual listed on Attachment D to Plaintiffs' requests, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show positions previously or currently held from January 1, 1992 to September 11, 2001.  Dubai Islamic Bank will also search the files of the individuals listed on Attachment D to Plaintiffs' requests for any document that that Dubai Islamic Bank agreed to produce in response to any other of Plaintiffs' requests and will produce non-privileged documents, if any exist, located by such search from January 1, 1992 to September 11, 2001.

## REQUEST NO. 88

Please provide all documents relating to the persons identified in Attachment D and their roles in the establishment, organization, funding, oversight, supervision, management, and/or control over DIB's operations, including without limitation, banking and financial transactions, opening, maintenance and closing of accounts, regulatory and compliance matters, customer and banking account records, AML, CFT, and KYC policies and procedures, government relations, and/or any other facet of DIB's operations.

## RESPONSE TO REQUEST NO. 88

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "establishment, organization, funding, oversight, supervision, management, and/or control over DIB's operations."

Subject to and without waiving the foregoing Specific Objections and General Objections, for each individual listed on Attachment D to Plaintiffs' requests, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show positions previously or currently held from January 1, 1992 to September 11, 2001. Dubai Islamic Bank will also search the files of the individuals listed on Attachment D to Plaintiffs' requests for any document that that Dubai Islamic Bank agreed to produce in response to any other of Plaintiffs' requests and will produce non-privileged documents, if any exist, located by such search from January 1, 1992 to September 11, 2001.

**REQUEST NO. 89**

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and HAMAS (a/k/a Harakat al Muqawamat al Islamiyyah; a/k/a Islamic Resistance Movement), including without limitation, the following HAMAS-related entities: the International Islamic Charity Organization, the Nablus Zakat Committee, the Fujairah Charity Organization, the Emirates Red Crescent, Human Appeal International, and the Union of Good.

**RESPONSE TO REQUEST NO. 89**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not

reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to the relationship."

**REQUEST NO. 90**

Please provide any and all documents sent to, and/or received from HAMAS, including without limitation, any of the following HAMAS-related entities:   the International Islamic Charity Organization, the Nablus Zakat Committee, the Fujairah Charity Organization, the Emirates Red Crescent, Human Appeal International, and the Union of Good.  Such documents shall include, but are not limited to, all documents relating to the transfer of funds between DIB and those entities.

**RESPONSE TO REQUEST NO. 90**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "the transfer of funds between DIB and those entities."

**REQUEST NO. 91**

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the International Islamic Charity Organization ("IICO"), including but not limited to DIB Account No. 4032845.  Such documents shall include,

but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the IICO and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 91

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the International Islamic Charity Organization ("IICO")."  Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."  Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."  Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."

Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

**REQUEST NO. 92**

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the <u>Nablus Zakat Committee</u>, including but not limited to DIB Account No. 5295/939.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Nablus Zakat Committee and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 92**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the <u>Nablus Zakat</u>

Committee." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 93

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Fujairah Charity Organization, including but not limited to DIB Account Nos. 06520509045801 and 01609045852006. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Fujairah Charity Organization and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and

any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 93

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Fujairah Charity Organization."  Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."  Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."  Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."  Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 94

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Emirates Red Crescent, including but not limited to DIB Account No. 5346754.  Such documents shall include, but are not limited to,

correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Emirates Red Crescent and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 94

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Emirates Red Crescent."  Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."   Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."   Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."   Dubai Islamic

Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 95

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Human Appeal International.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Human Appeal International and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 95

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.  Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Human Appeal

International."  Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."   Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."  Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."  Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 96

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Union of Good.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Union of Good and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 96**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Union of Good." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."  Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."   Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."   Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

**REQUEST NO. 97**

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the Al Ihsan Charitable Society of Hebron.

**RESPONSE TO REQUEST NO. 97**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad,

unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to the relationship between DIB and the <u>Al Ihsan Charitable Society of Hebron</u>."

**REQUEST NO. 98**

Please provide any and all documents sent to and/or received from the Al Ihsan Charitable Society of Hebron.  Such documents shall include, but are not limited to, all documents relating to the transfer of funds between DIB and the Al Ihsan Charitable Society.

**RESPONSE TO REQUEST NO. 98**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "the transfer of funds between DIB and the Al Ihsan Charitable Society."

**REQUEST NO. 99**

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Al Ihsan Charitable Society of Hebron, including but not limited to DIB Account Nos. 1-520-4581737, 1-520-4581737-01 and 1-520-4581636-01.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Al Ihsan Charitable Society and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports,

suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 99

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Al Ihsan Charitable Society of Hebron." Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

**REQUEST NO. 100**

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the <u>Dar al Bir Society</u>.

**RESPONSE TO REQUEST NO. 100**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to the relationship between DIB and the <u>Dar al Bir Society</u>."

**REQUEST NO. 101**

Please provide any and all documents sent to and/or received from the Dar al Bir Society. Such documents shall include, but are not limited to, all documents relating to the transfer of funds between DIB and the Dar al Bir Society.

**RESPONSE TO REQUEST NO. 101**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "to the transfer of funds between DIB and the Dar al Bir Society."

**REQUEST NO. 102**

Please provide any and all documents relating to DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Dar al Bir Society, including but not limited to DIB Account Nos. 02 520 4053087 02, 03 520 4053087 03, 04 520 4053087 04, 06 520 405 3087 06, 01 520 4557271 01, 01 520 7260466 01, 01 520 4557298 01, 01 520 5003342 01, 02 520 5003342 02, 03 520 5003342 03, 07 520 5003342 07, and 01 520 5291798 01.   Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Human Appeal International and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**RESPONSE TO REQUEST NO. 102**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Dar al Bir Society."

Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records." Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos." Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement. Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders." Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 103

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the <u>Pak Kashmir Welfare Council</u>.

## RESPONSE TO REQUEST NO. 103

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to the relationship."

**REQUEST NO. 104**

Please provide any and all documents sent to and/or received from the Pak Kashmir Welfare Council.  Such documents shall include, but are not limited to, all documents relating to the transfer of funds between DIB and the Pak Kashmir Welfare Council.

**RESPONSE TO REQUEST NO. 104**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "the transfer of funds between DIB and the Pak Kashmir Welfare Council."

**REQUEST NO. 105**

Please provide any and all documents relating to all DIB accounts established or held in the name of, on behalf of and/or for the benefit of the Pak Kashmir Welfare Council.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Pak Kashmir Welfare Council and DIB, documents detailing the establishment of and/or closing of the account(s), Know-Your-Customer and/or other customer due diligence reports, suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, or

wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

## RESPONSE TO REQUEST NO. 105

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague, ambiguous, unduly burdensome, and uncertain in its use of the terms "on behalf of and/or for the benefit of the Pak Kashmir Welfare Council."  Dubai Islamic Bank also objects to this request as vague and ambiguous in its use of the terms "account notices," "financial ledgers," "journals," "deposits," "withdrawals," and "investment records."   Dubai Islamic Bank further objects to this request as vague and ambiguous in its use of the term "debit/credit memos."   Dubai Islamic Bank understands that term to mean debit and credit entries on an account statement.  Dubai Islamic Bank also objects to this request as overly broad and unduly burdensome in seeking all "deposit slips," "check stubs," "cleared or canceled checks," "cashier checks," and "money orders."   Dubai Islamic Bank objects to "any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts" as vague, ambiguous, overly broad, and unduly burdensome.

## REQUEST NO. 106

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between DIB and the banks identified in Attachment E, including without limitation, all documents governing, describing, detailing, or otherwise relating to the due diligence policies,

practices, procedures, and measures employed by DIB prior to entering into any relationship with those banks (including reviewing and/or analyzing each bank's AML, CFT, and KYC policies, practices, and procedures), as well as all due diligence policies, practices, procedures, and measures DIB continues to utilize during its on-going relationship with those banks (including the continued review and/or analysis of each bank's AML, CFT, and KYC policies, practices, and procedures).

## RESPONSE TO REQUEST NO. 106

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party. Dubai Islamic Bank objects to this request as vague and ambiguous in its use of "otherwise relating to," and "any relationship with those banks," and "its on-going relationship with those banks."

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents, if any exist, sufficient to show any relationship between Dubai Islamic Bank and Tadamon Islamic Bank or Al Shamal Bank; or governing, describing, detailing, or otherwise propounding due diligence policies, practices, procedures, and measures employed by Dubai Islamic Bank concerning any such relationship from January 1, 1992 to September 11, 2001.

**REQUEST NO. 107**

Please provide all documents relating to any formal or informal record keeping and document retention policies, practices, or procedures maintained by DIB, any DIB branch, or any DIB subsidiary or affiliate, including without limitation:

    a.    All documents relating to DIB's document retention policies, practices, or procedures for all account documents; and

    b.    All documents relating to DIB's document retention policies, practices, or procedures concerning anti-money laundering, countering the financing of terrorism, bank secrecy compliance, suspicious activity or transaction reporting, cash or currency reporting, and fund transfer functions.

**RESPONSE TO REQUEST NO. 107**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope. Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents sufficient to set forth formal record keeping and document retention policies, if any exist.

**REQUEST NO. 108**

Please provide all documents relating to any formal or informal document destruction policies, practices, or procedures maintained by DIB, any DIB branch, or any DIB subsidiary or affiliate, including without limitation, descriptions of all documents destroyed by DIB.

**RESPONSE TO REQUEST NO. 108**

Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party on the grounds that it is not reasonably limited in temporal scope.  Dubai Islamic Bank objects to this request as overly broad, unduly burdensome, and seeking information not relevant to a claim or defense of any party.

Subject to and without waiving the foregoing Specific Objections and General Objections, Dubai Islamic Bank will produce non-privileged documents sufficient to set forth formal document destruction policies, if any exist.

DATED: January 21, 2011                        Respectfully Submitted,

/s/ Steven T. Cottreau
Steven T. Cottreau (admitted *pro hac vice*)
Robert G. Houck
Juan P. Morillo (admitted *pro hac vice*)
CLIFFORD CHANCE U.S. LLP
31 West 52nd Street
New York, New York 10019-6131
Telephone: (212) 878-8000

*Counsel for Defendant Dubai Islamic Bank*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | 03 mdl 1570 (GBD)<br><br>**Certificate of Service** |

This document relates to:

*Burnett v. Al Baraka Investment & Devel. Corp., 03-cv-9849*
*Federal Insurance Co. v. Al Qaida, 03-cv-6978*
*O'Neill v. Al Baraka Investment & Devel. Corp., 04-cv-01923*
*Continental Casualty Co. v. Al Qaeda, 04-cv-05970*
*Cantor Fitzgerald & Co. v. Akida Bank Private Limited, 04-cv-07065*
*Euro Brokers Inc. v. Al Baraka Investment & Devel. Corp., 04-cv-07279*
*World Trade Center Properties LLC v. Al Baraka Investment & Devel. Corp., 04-cv-07280*

I, Angela E. Stoner, hereby certify that I have this 21st day of January, 2011 caused to be served a true and correct copy of the foregoing documents upon all parties who are filing users in the above-captioned actions by sending the documents by electronic means, pursuant to Case Management Order No. 2 and procedure 9 of the Court's procedures for documents that are not filed through the ECF system.

　/s/ Angela E. Stoner＿＿＿
Angela E. Stoner