USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 17 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                :

IN RE:                                       :         MEMORANDUM DECISION
                                           :                AND ORDER
TERRORIST ATTACKS ON           :
SEPTEMBER 11, 2001              :        03-MDL-1570 (GBD) (SN)
                                           :
------------------------------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

     Plaintiffs in *Hoglan v. Islamic Republic of Iran*, 11-CV-7550 (GBD) (SN), one of numerous related actions filed on behalf of the estates and family members of the victims of the terrorist attacks of September 11, 2001, sought entry of default judgment awarding them compensatory and punitive damages against the Islamic Republic of Iran, Ayatollah Ali Hoseini Khamenei, Hezbollah, and other Iranian individuals and entities. On August 31, 2015, this Court granted Plaintiffs' motion for entry of default judgment, entered final judgment against Defendants on liability, and referred this case to the Magistrate Judge to conduct an inquest on damages. (ECF Nos. 3023, 3029.) In support of their request for damages, Plaintiffs filed inquest papers on January 11, 2016, to which Defendants have not responded. (ECF No. 3194.)

     On October 14, 2016, Magistrate Judge Netburn issued a Report and Recommendation— her second in the case—recommending that final judgment for solatium damages be entered for thirteen non-immediate family members of 9/11 decedents, and denied as to all other claimants.[1] (Report and Recommendation ("*Hoglan II*"), ECF No. 3363.) In the related cases *Ashton v. al-Qaeda Islamic Army*, 02-CV-6977 (GBD) (SN), and *Bauer v. al Qaeda Islamic Army*, 02-CV-7236 (GBD) (SN), the parties submitted to this Court proposed final judgments in line with the

---

[1] On October 24, 2016, Magistrate Judge Netburn issued a third Report and Recommendation addressing the claims of non-U.S. nationals. (*See* ECF No. 3374.)

recommendations set forth in *Hoglan II* for certain plaintiffs, but requested an opportunity to file motions for compensatory damages for non-immediate family members of 9/11 decedents by January 13, 2017. (*See* Scheduling Order, ECF No. 3369.)

On October 31, 2016, this Court adopted *Hoglan II* as to the thirteen non-immediate family member plaintiffs to whom it was recommended solatium damages be awarded. Judgment was entered against Defendants for a total of $82,125,000, plus interest. (ECF No. 3384.) This Court, however, deferred decision as to the other claimants to afford the parties an opportunity to present their motions and fully brief the issue of other non-immediate family members' entitlement to solatium damages, and to allow Magistrate Judge Netburn to present any further report and recommendations which such motions may have required. (Order, ECF No. 3384.)

On August 8, 2017, Magistrate Judge Netburn issued a fourth Report and Recommendation, which is presently before this Court, in which she addressed the arguments made by a number of non-immediate family members that they should be awarded solatium damages as *functional equivalents* of immediate family members.[2] (Report and Recommendation ("*Hoglan IV*"), ECF No. 3676, at 2.) In *Hoglan IV*, Magistrate Judge Netburn expanded on the framework set forth in *Hoglan II* and applied objective factors of general applicability to the unique circumstances of each Plaintiff seeking damages. Ultimately, she recommended that the solatium claims be denied as to all the other moving non-immediate family member Plaintiffs. (*Hoglan IV* at 24.) Those Plaintiffs thereafter filed timely objections to the framework for assessing damages recommended by Magistrate Judge Netburn in *Hoglan IV*. (Objections, ECF No. 3736.)

---

[2] A more complete procedural and factual background is set forth in greater detail in the Report and Recommendation and is incorporated by reference herein.

For the reasons set forth below, this Court overrules Plaintiffs' objections and adopts Magistrate Judge Netburn's Report and Recommendation.

## I. LEGAL STANDARDS

This Court may accept, reject, or modify, in whole or in part, the findings set forth in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 2005)). Where there are objections, however, the court must make a *de novo* determination as to those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections were made. *Nelson*, 618 F. Supp. at 1189–90 (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

## II. FRAMEWORK APPLIED TO NON-IMMEDIATE FAMILY MEMBERS

Magistrate Judge Netburn properly found that the moving Plaintiffs did not meet the legal standards to be considered "functional equivalents" of immediate family members under the Foreign Sovereign Immunities Act ("FSIA"). (*Hoglan IV* at 1.) Plaintiffs object to the factors Magistrate Judge Netburn applied in her Report, asserting that the factors are "too rigid and too formulaic and do not take into account some functional equivalents of very close family members." (Objections at 2.) Plaintiffs also argue that claims brought under the FSIA should be interpreted

3

in such a way as to keep pace with changes in other areas of the law in which family members are being defined more broadly. (*Id.* at 5–11.) This Court reviews *de novo* the standards identified and then applied by Magistrate Judge Netburn in *Hoglan IV*. *See* 28 U.S.C. § 636(b)(1)(C); *see also Rivera*, 423 F. Supp. 2d at 273.

"The 'immediate family' requirement is strictly construed in FSIA cases; generally, only spouses, parents, siblings, and children are entitled to recover." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379 (D.D.C. 2015); *see also Owens v. Republic of Sudan*, 864 F.3d 751, 807 (D.C. Cir. 2017) ("[N]ot every person who experiences emotional distress from a major terrorist attack— a universe that could be large indeed—can state a claim for [intentional infliction of emotional distress] absent some close relationship to a victim who was injured or killed."). Although some courts have recognized an exception to the "immediate family" requirement and awarded solatium damages to plaintiffs who were found to be functionally equivalent to immediate family members of the injured or deceased, those courts have consistently emphasized that the functional equivalents doctrine is meant to be a narrow exception that applies to "a few limited circumstances." *Bettis v. Islamic Republic of Iran*, 315 F.3d 325, 337 (D.C. Cir. 2003); *see also Estate of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20, 29 (D.D.C. 2009) (referring to "rare cases" that may require a "slight stretching" of the immediate-family requirement). Accordingly, several courts in this District and the District of Columbia have permitted solatium claims of non-immediate family members to proceed in "rare cases in which the parties at issue ha[ve] lived in the victim's immediate household and ha[ve] been in other important respects like a spouse, parent, sibling, or child to the victim." *Heiser*, 659 F. Supp. 2d at 29; *see also Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 79 (D.D.C. 2010); *Knox v. Palestinian Authority*,

4

442 F. Supp. 2d 62 (S.D.N.Y. 2006); *Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 236 (S.D.N.Y. 2003).

While the moving Plaintiffs in these cases undoubtedly shared deep personal and emotional connections with those who were tragically wounded or killed in the attacks of September 11, 2001, their claims for solatium damages are foreclosed by the overwhelming weight of judicial authority. As Magistrate Judge Netburn correctly notes, virtually all courts considering the availability of solatium damages under the FSIA have relied on state common law, and in particular, Section 46(2) of the Restatement (Second) of Torts, which is unambiguous in its reference to "immediate family." "It does not refer to 'family members,' 'near relatives,' 'close associates,' or persons with whom the victim has 'close emotional ties'—rather, it says, plainly, 'immediate family.'" *Bettis*, 315 F.3d at 336. Thus, Plaintiff's reliance on judicial decisions interpreting and applying more expansive and statutorily defined terms is misplaced. (*See* Objections at 5–11.)

Considering that there were thousands of victims of the heinous attacks of September 11, 2001, there are sure to be thousands more eligible solatium claimants. Accordingly, Magistrate Judge Netburn properly recommended an objective and reasonable framework to assess the availability of solatium damages for non-immediate family members that balances tort law's inherent need to limit recovery to a readily definable class of individuals with the FSIA's recognition of the uniquely heinous nature of terrorism, allowing for a "claim-by-claim, family-by-family, fact driven analysis." (*Hoglan IV* at 3, 6.) In addition, Magistrate Judge Netburn carefully evaluated each claim of the non-immediate family members in accordance with the factors identified, taking into consideration the unique circumstances of each claimant's relationship with their loved one. Magistrate Judge Netburn properly concluded that the moving

Plaintiffs did not meet the legal standards to be considered "functional equivalents" of immediate family members.

### III. CONCLUSION

The non-immediate family member Plaintiffs' solatium damages claims are DENIED.

Dated: New York, New York
      November 17, 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge