UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re Terrorist Attacks on September 11, 2001

---------------------------------------------------------------

---------------------------------------------------------------x

03 MD 1570 (GBD)
ECF Case

This document relates to: *Continental Casualty Co. et al. v. Al Qaeda Islamic Army*, 04-CV-5970 (GPD)

## SUPPLEMENTAL DECLARATION

STATE OF ILLINOIS    )
                     ) ss.:
COUNTY OF COOK       )

LAWRENCE BOYSEN, under penalty of perjury under the laws of the United States of America, declares as follows:

1. I am a Senior Vice President and Corporate Controller of plaintiff Continental Casualty Company ("CCC"). This supplemental declaration is submitted on behalf of plaintiffs CCC, Transcontinental Insurance Company, which has been merged into National Fire Insurance Company of Hartford, Transportation Insurance Company, Valley Forge Insurance Company, National Fire Insurance Company of Hartford and American Casualty Company of Reading, Pennsylvania (collectively, "the Continental Companies"). Plaintiffs are part of the group of insurance companies operating under the CNA service mark.

2. In connection with the Continental Companies' motion for an assessment of damages on default against defendant Islamic Republic of Iran, I had submitted an affidavit, sworn to on May 23, 2017, which annexed, as Exhibit A, a schedule of covered

102811

claims arising out of the September 11, 2001 terrorist attacks (the "Terrorist Attacks") which had been paid by the Continental Companies. This Court, in an order dated November 6, 2017 (the "Order"), had requested further information explaining how three claims identified in that schedule – claims bearing numbers RM00625111, IA00114611 and IA00117211 – related to the Terrorist Attacks.

3. In response to catastrophic events, the insurance industry assigns catastrophe codes so that the industry can track the volume of claims and amounts incurred in response to a catastrophic event such as a hurricane or earthquake. An insurance company can likewise assign its own internal codes to track certain events and trends. The Terrorist Attacks and the subsequent clean-up efforts were assigned industry catastrophe codes ("CAT codes") 48 and 87, respectively. The professional adjusters employed and retained by the Continental Companies were instructed that if they determined, after examining a claim, that it arose out of the Terrorist Attacks or the clean-up efforts, that the applicable assigned CAT code number had to be inputted into the claim file. According to the records maintained in the ordinary course of business by the Continental Companies, CAT code number 48 was assigned to all three of the claims identified by this Court in the Order. As I stated in my prior affidavit, the adjustment of claims by the Continental Companies is also subject to internal review by management and supervisory personnel to ensure accuracy in the adjustment and payment of claims.

4. I recognize that the loss description of these three claims which appears in that Schedule A lacks a textual connection to the Terrorist Attacks. Nevertheless, based upon the fact that after the adjustment process these three claims were all assigned the

specific CAT code number which was associated with the Terrorist Attacks, I believe that these three claims arose out of the Terrorist Attacks.

Dated: Chicago, Illinois
       November 16, 2017

                                              LAWRENCE BOYSEN