## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

November 28, 2017

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:     *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

In the Court's order at ECF 3793, Your Honor asked the Plaintiffs' Executive Committees (PECs) to offer their views as to whether several recently filed personal injury cases are properly before the Court as part of this multidistrict litigation proceeding (MDL); whether the new claims are "related" according to the Court's Rules for the Division of Business Among District Judges; and whether the new claims require any action by the U.S. Judicial Panel on Multidistrict Litigation ("JPML") . The PECs' position is that all of the cases are properly before the MDL court, because: (1) the terms of the JPML's Transfer Order encompassed injury claims; (2) the JPML's initial transfer included numerous personal injury claims; and (3) the claims in the newly filed actions involve common issues of law and fact to those in the other cases comprising the MDL, the question the JPML focused on in establishing the MDL. The PECs are also of the view that each of the considerations identified in Rule 13 of the Court's Rules for the Division of Business Among District Judges favor the cases being treated as "related."

I.     **MDL 1570 Has Included Personal Injury Claims Since Its Inception Because the JPML's Initial Transfer Order Included Personal Injury Claims.**

In its Transfer Order, dated December 9, 2003, the JPML explained its reason for centralizing the cases before a transferee forum. The JPML wrote:

> All MDL-1570 actions present common, complex legal and factual questions concerning the efforts of plaintiffs to hold liable an array of defendants who allegedly promoted, financed, sponsored or otherwise supported the acts of terrorist that led to **the deaths and**

_____

> *injuries* from the September 11, 2001 attacks on the United States. Centralization under Section 1407 . . . is . . . necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

*In re: Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) ("Transfer Order") (emphasis added)

The text of that Order makes clear that the JPML knew that the litigation included claims for both "deaths and injuries from the September 11, 2001 attacks on the United States," and that any distinctions between the specific nature of the injuries in issue did not negate its rationale for centralizing the claims. According to the Panel, it centralized the claims because all of the cases "present common, complex legal and factual questions concerning the efforts of plaintiffs to hold liable an array of defendants who allegedly promoted, financed, sponsored or otherwise supported the acts of terrorist that led to the deaths and injuries from the September 11, 2001 attacks on the United States." The Panel added that centralization was necessary "to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." This approach comports with the JPML's stated purpose "to avoid duplication of discovery, to prevent inconsistent trial rulings, and to conserve the resources of the parties, their counsel and the judiciary." *See* JPML, "Overview of Panel", http://www.jpml.uscourts.gov/overview-panel-0 (last visited November 21, 2017).

The JPML's rationale for transferring the cases in 2003 applies with equal force today to all of the plaintiffs' claims as it did to the claims then before the JPML. Evidence of that application is apparent not only in the manner in which all of the motions to dismiss and all of the discovery proceedings have been addressed by this transferee Court over the past decade, but especially by the manner in which the claims against the Kingdom of Saudi Arabia and the Saudi High Commission (SHC) have proceeded. The plaintiffs in the newly filed personal injury actions all adopted the PECs' Consolidated Amended Complaint, and through the MDL mechanism, the motions to dismiss the Kingdom and the SHC have been directed to all of the cases in which the Kingdom and the SHC are named as defendants, including the newly filed personal injury cases.

In addition to the fact that the text of the initial Transfer Order of the JPML contemplated including injury cases (as well as commercial claims) within the MDL, that transfer order effected the actual transfer of numerous injury cases to the transferee court, and those cases have already been pending in this MDL for over a decade. The newly filed cases are simply more cases like those that have long been pending before this transferee court.

Finally, when the transferee court began managing the transferred cases, it, too, recognized that the personal injury and wrongful death claims (and commercial claims) were included. Indeed, when the Court created the PECs, it specifically identified interests of wrongful death, personal injury, and commercial claimants. *See* Case Management ORDER # 3.

Because the scope of the initial Transfer Order encompassed injury claims, including those that have been recently filed, all of the claims are properly part of the MDL proceedings.

## II.  All of the Considerations Identified in Rule 13 of the Court's Rules for the Division of Business Among District Judges Favor Treating the New Cases as "Related".

The Court also asked the PECs to address "whether or not the claims are 'related' according to the Court's Rules For the Division of Business Among District Judges."  The PECs view is that all of the considerations identified in the applicable court rule favor treating the new cases as "related." Rule 13 provides that in determining relatedness, a judge will consider whether:

> (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

Here, each consideration favors treating the cases as related.  The actions involve common defendants, arise from a common event, and share common issues of law and fact.  Treating the new cases as unrelated could subject the parties to conflicting orders and could erase the substantial efficiencies that the Court has already leveraged through the MDL process, for example, through ordering the use of short form complaints to adopt the PECs' Consolidated Amended Complaint and addressing the motions of the Kingdom of Saudi Arabia and Saudi High Commission in a consolidated manner.

## III.  No Action By the JPML is Required as to New Cases Filed in This District.

Finally, the Court asked the PECs to address whether the new claims require any action by the JPML. Based on the rules of the JPML, the PECs' view is that they do not.  To the extent that the claims were filed outside of the Southern District of New York, those claims have already been acted on by the JPML and transferred to this transferee court.  *See, e.g.,* ECF Nos. 3351 (*Lloyd's*), 3425 (*Desimone*).  To the extent that the new claims were filed in the Southern District of New York, Rule 7.2 of the JPML's Rules of Procedure provides that such actions "filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules."  Because each of the actions identified in the caption of ECF No. 3793 were originally filed in the transferee district, they have been appropriately assigned to the transferee judge.

Respectfully submitted,

MOTLEY RICE LLC

By:   */s/ Robert T. Haefele*
      ROBERT T. HAEFELE
      For the Plaintiffs Executive Committees

cc:   Hon. George B. Daniels, U.S.D.J. (Via ECF)
      All Counsel of record (Via ECF)