# BERNABEI & KABAT, PLLC

### ATTORNEYS AT LAW

#### 1400 16th STREET, N.W., SUITE 500
#### WASHINGTON, D.C. 20036-2223

| | | |
|---|---|---|
| **LYNNE BERNABEI** | **202.745.1942** | **KRISTEN SINISI** |
| **ALAN R. KABAT** | **FAX: 202.745.2627** | **MICHAEL ELLEMENT\*** |
| **PETER M. WHELAN** | WWW.BERNABEIPLLC.COM | **DEVIN WRIGLEY** |

\* ADMITTED IN MD ONLY

November 28, 2017

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
             *Aguilar v. Kingdom of Saudi Arabia*, 16-cv-9663 (GBD) (SN)
             *Addesso v. Kingdom of Saudi Arabia*, 16-cv-9937 (GBD) (SN)
             *Hodges v. Kingdom of Saudi Arabia*, 17-cv-117 (GBD) (SN)
             *Aiken v. Kingdom of Saudi Arabia*, 17-cv-450 (GBD) (SN)
             *Abarca v. Kingdom of Saudi Arabia*, 17-cv-3887 (GBD) (SN)
             *Abbate v. Kingdom of Saudi Arabia*, 17-cv-8617 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of the Defendants' Executive Committee ("DEC") in response to the Court's Order of November 17, 2017, which directed the parties to "address[] the propriety of litigating . . . direct personal injury claims (i.e., non-wrongful death claims) in this multidistrict litigation." ECF No. 3793, at 1. After conferring with counsel for the Defendants in the above actions, the DEC respectfully submits that the above actions should remain part of this MDL.

      On December 9, 2003, the U.S. Judicial Panel on Multidistrict Litigation (the "Panel") issued an order determining the Southern District of New York to be "the nexus for claims resulting from or related to the terrorist-related aircraft crashes of September 11, 2001, and . . . therefore an appropriate transferee forum." *In re Terrorist Attacks on September 11, 2001*, 295 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003). Based on that determination, the Panel transferred to this District two cases that previously had been filed in the District of Columbia. *See id.* (citing *Havlish v. Bin Laden*, No. 02-cv-305-JR (D.D.C.), and *Burnett v. Al Baraka Investment & Development Corp.*, No. 02-cv-1616-JR (D.D.C.)). When transferred, the *Burnett* case included Plaintiffs who survived the September 11 attacks and were seeking relief for personal injuries as well as those who lost family members and were seeking relief for wrongful deaths. *See* Appendix to the Third Amended Complaint, *Burnett v. Al Baraka Inv. & Dev. Corp.*, No. 02-cv-1616-JR, ECF No. 26 (D.D.C. filed Nov. 22, 2002) (listing types of damages).

The Honorable Sarah Netburn
November 28, 2017
Page 2

The Panel has also since transferred other cases seeking to hold existing MDL Defendants liable for the September 11 attacks.  *See* Transfer Order, *In re Terrorist Attacks on September 11, 2001*, MDL No. 1570, ECF No. 77 (J.P.M.L. Oct. 3, 2016) (transferring *Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 03:16-cv-00019-CB (W.D. Pa.), over the opposition of the *Lloyd's* Plaintiffs) ("*Lloyd's* Order"); Order Lifting Stay of Conditional Transfer Order, *In re Terrorist Attacks on September 11, 2001*, MDL No. 1570, ECF No. 86 (J.P.M.L. Jan. 12, 2017) (transferring *Desimone v. Kingdom of Saudi Arabia*, No. 1:16-cv-01944-ABJ (D.D.C.), after Plaintiffs withdrew opposition).  In transferring the *Lloyd's* case, the Panel observed that it "unquestionably share[d] factual issues with the previously-centralized actions," citing allegations that certain Defendants had supported al Qaeda; noted "[t]he transferee court's familiarity with these defendants and the entire history of the litigation"; and explained that "a complete identity of factual issues" is not "a prerequisite to transfer."  *Lloyd's* Order at 2.

On March 3, 2017, this Court approved a proposal of the Plaintiffs' Executive Committee ("PEC") for a Short Form Complaint.  ECF No. 3543 ("March 3 Order"), at 3-4.  A Short Form Complaint permits new plaintiffs to bring actions against the Kingdom of Saudi Arabia ("Saudi Arabia") and the Saudi High Commission (the "SHC") by adopting the allegations of the Consolidated Amended Complaint, ECF No. 3463 ("CAC"), and alleging standardized claims of wrongful death, "bodily injury," or certain other kinds.  Although Saudi Arabia and the SHC reserved their rights to challenge "the sufficiency of . . . allegations" that involve "extended theories of causation," ECF No. 3522, at 2, the Court proposed and counsel agreed that needed specificity could be added through a "supplemental filing" if and when necessary, ECF No. 3612, at 6:17-21 (hearing transcript).

In each of the above actions, the Plaintiffs have filed both Short Form Complaints, *see* ECF Nos. 3600, 3601, 3603-3605, 3779, and stipulations adopting the "factual, liability, and jurisdictional allegations as to defendants National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group" in *Lloyd's*, ECF Nos. 3596, 3602, 3804.

Based on this record, the above actions are "related" to the other cases in the MDL within the meaning of Rule 13 of this District's Rules for the Division of Business Among District Judges.  Each factor set forth in Rule 13 favors relatedness:

- The cases involve "the same or substantially similar parties, property, transactions or events," Rule 13(a)(1)(A), because Saudi Arabia, the SHC, and others are Defendants in all the cases; and because the September 11 attacks are an overriding common event (which initially justified MDL consolidation).

- There is "substantial factual overlap" among the cases, Rule 13(a)(1)(B), again shown by the key role of the September 11 attacks and further confirmed by the new Plaintiffs' decision to adopt the CAC's allegations and the *Lloyd's* allegations.

- Defendants "could be subjected to conflicting orders," Rule 13(a)(1)(C), if these cases were assigned to different judges who disagreed about the pending motions to dismiss.

The Honorable Sarah Netburn
November 28, 2017
Page 3

- Dividing the cases could involve "a substantial duplication of effort and expense, delay, [and] undue burden on the Court, parties and [any relevant] witnesses," Rule 13(a)(1)(D), especially now that the motions to dismiss are being briefed on a consolidated basis.

Although questions may someday arise about whether particular Plaintiffs have adequately pleaded or can prove their injuries and trace those injuries to the September 11 attacks, in their current posture the cases are dominated by common factual and legal issues. The Court should therefore stay the course it set in approving the Short Form Complaint and keep the above actions together as part of the MDL.

This Court also asked the parties to address "whether these claims require any action by the [Panel]," ECF No. 3793, at 1, referring to Rules 6.2, 7.1, and 7.2 of the Panel's Rules of Procedure ("Panel Rules"). Defendants do not believe Panel action is required. As a statutory matter, the Panel's jurisdiction extends to the "transfer[]" of "civil actions involving one or more common questions of fact [that] are pending in different districts." 28 U.S.C. § 1407(a). The Panel does not have jurisdiction to determine which judge in a district should hear cases filed in that district. It may "request" the assignment of transferred cases to a particular judge, but "the consent of the transferee district court" is required for such request to take effect. *Id.* § 1407(b). Where the relevant cases are already in the same district – and certainly where that district has already assigned those cases to the same judge – the Panel has no role to play.

The Panel Rules confirm that reading of § 1407. A newly filed case that shares common questions of fact with previously transferred cases can be treated as a "tag-along" action under those Rules, and the Panel may transfer it using an expedited procedure known as a Conditional Transfer Order ("CTO"). *See* Panel Rule 1.1(h) (defining a "[t]ag-along action"); Panel Rule 7.1 (procedure for a CTO). The above actions would be potential tag-along actions if they had been filed in another district, and a CTO likely would be appropriate. But Panel Rule 7.2(a) makes clear that "[p]otential tag-along actions filed in the transferee district do not require Panel action" and "[a] party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules." Accordingly, the treatment of the above actions is governed not by the Panel Rules, but by this Court's Rule 13.

Respectfully submitted,

*/s/ Alan R. Kabat*

Alan R. Kabat
Defendants' Executive Committee

cc:   Chambers of the Honorable George B. Daniels (via facsimile)
      All MDL Counsel of Record (via ECF)