

Paul J. Napoli
Pnapoli@napolilaw.com

November 28, 2017

**Via: ECF**
The Honorable George B. Daniels
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

The Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  *In Re Terrorist Attacks on September 11, 2001, No. 03-md-1570 (GBD)(SN)*
*Aguilar v. Kingdom of Saudi Arabia, 16-cv-9663 (GBD)(SN)*
*Addesso v. Kingdom of Saudi Arabia, 16-cv-9937 (GBD)(SN)*
*Hodges v. Kingdom of Saudi Arabia, 17-cv-117(GBD)(SN)*
*Aiken v. Kingdom of Saudi Arabia, 17-cv-450 (GBD)(SN)*
*Abarca v. Kingdom of Saudi Arabia, 17-cv-3887 (GBD)(SN)*
*Abbate v. Kingdom of Saudi Arabia, 17-cv-8617 (GBD)(SN)*

Dear Judge Daniels and Judge Netburn:

Our office represents 8,411 Plaintiffs in the six matters referenced above filed on the 03-MDL-1570 Master Docket.[1] We write this letter in response to your Order dated November 17, 2017.

These six matters are "related" to the other actions in this MDL according to the Court's Rules for the Division of Business Among District Judges and there does not need to be any further JPML action. These actions all arise out of the terrorist attacks on September 11, 2001. They rely on the same operative facts, are against the same defendants, and put forth the same legal liability theories that

---

[1] These matters have claims against Defendants the Kingdom of Saudi Arabia and the Saudi High Commission for Relief of Bosnia & Herzegovina (the "Sovereign Defendants") along with claims against Defendants National Commercial Bank, Al Rajhi Bank and Saudi Binladin Group (the "Non-Sovereign Defendants"). Short Form Complaints for claims against the Sovereign Defendants pursuant to this Court's May 3, 2017 Order ECF No. 3543 along with stipulations adopting the allegations as to the Non-Sovereign Defendants pursuant to this Court's May 16, 2017 Order ECF No. 3584 were filed in all the six matters referenced above.

exist in the wrongful death actions. The sole difference is that these Plaintiffs' injuries are latent in nature and did not manifest until sometimes years after the terrorist attacks.

The JPML does not need to consider these matters further because (1) these actions were directly filed in the transferee court, that is the Southern District; and (2) the procedure for getting new actions on file related to this MDL were contemplated by the parties when the Courts' May 3, 2017 Order was negotiated.   Rule 7.2 of the Panel's Rules of Procedure states in relevant part:

> Potential tag-along actions filed in the transferee district do not require Panel action. A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules.

Additionally, the JPML originally included personal injury claims in this MDL. The December 9, 2003 Transfer Order stated, in relevant part:

> All MDL-1570 actions present common, complex legal and factual questions concerning the efforts of plaintiffs to hold liability an array of defendants who allegedly promoted, financed, sponsored or otherwise supported the acts of terrorists that led to the deaths and injuries from the September 11, 2001 attacks on the United States.

*See In re: Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377 (J.P.M.L. 2003). Moreover, as agreed upon by the parties, and pursuant to this Court's May 3, 2017 Order, letters requesting that these six matters be made part of this MDL were submitted to this Court when these matters were initiated through the filing of their respective Short Form Complaints.

Accordingly, we adopt today's letter of the Plaintiffs' Executive Committee on this issue.

Respectfully submitted,

Paul J. Napoli

cc: All Counsel of Record via ECF