# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

VIA ECF AND OVERNIGHT MAIL

November 29, 2017

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**SO ORDERED:**

*George B. Daniels*
George B. Daniels, U.S.D.J.

Dated: NOV 3 0 2017

RE: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

The Plaintiffs' Executive Committee for Commercial Claims ("PECC") writes to respectfully request an extension of time for the PECC to file a brief objecting to aspects of Judge Netburn's November 27, 2017 Report and Recommendation relating to the motion to assess damages against Iran of the plaintiffs in *Continental Casualty, et al. v. Al Qaeda Islamic Army, et al.,* 04-CV-5970 (GBD) (SN).

By way of background, *Continental Casualty* is one of the tag-along actions, and the plaintiffs in that case are represented by non-PECC counsel. Following Your Honor's entry of a default judgment as to liability in favor of the *Continental Casualty* plaintiffs against Iran, the *Continental Casualty* plaintiffs moved on June 19, 2017 for an assessment of damages in relation to that default judgment. Because the application concerned only the interests of the *Continental Casualty* plaintiffs, the PECC had no involvement in the presentation of that motion or the supporting papers.

On November 27, 2017, Judge Netburn issued a Report and Recommendation (ECF No. 3808) in relation to the *Continental Casualty* plaintiffs' motion to assess damages against Iran. Although Judge Netburn's Report and Recommendation addresses only the interests of the *Continental Casualty* plaintiffs in relation to their claims against Iran, it is the view of the PECC

The Honorable George B. Daniels
Page Two
November 29, 2017

---

that other commercial plaintiffs have potential interest in at least two aspects of the Report and Recommendation.

*First*, Judge Netburn recommended that the *Continental Casualty* plaintiffs' claims for losses arising under reinsurance agreements should be denied, reasoning that reinsurers are not entitled to the substantive remedies of the State Sponsor of Terrorism exception, 28 U.S.C. § 1605A. Report and Recommendation at pp. 9-10. Judge Netburn acknowledged that her recommendation on that point was in tension with Judge Maas's prior holdings in this litigation, as well as the decision in *Certain Underwriters at Lloyd's London v. Great Socialist People's Libyan Arab Jamahiriya*, 811 F. Supp. 2d 52 (D.D.C. 2011). Report and Recommendation at p. 10.

The question of whether the remedies of § 1605A are available to reinsurers, and related issues concerning the subrogation rights of reinsurers, were not the subject of any substantive briefing in relation to the motion to assess damages of the *Continental Casualty* plaintiffs, and the PECC believes that the Court would benefit from fulsome briefing by the PECC before issuing any decision on those aspects of the Report and Recommendation.

*Second*, Judge Netburn ruled that interest on the *Continental Casualty* plaintiffs' judgments against Iran under both federal and New York law should run from the date of the payments made by the insurer plaintiffs, rather than the date of loss. Report and Recommendation at pp. 13-14. Judge Netburn noted that her recommendation that interest on the *Continental Casualty* plaintiffs' judgment under federal law should run from the date of payment, rather than the date of the September 11th attacks, was in tension with Judge Maas's prior rulings and the decision in *Certain Underwriters* as well. *Id.* at pp. 14-15.

Pursuant to Fed. R. Civ. P. 72(b)(2), the current deadline for filing objections to the Report and Recommendation is December 11, 2017. There are a number of other impending deadlines in the MDL, which require the considerable attention of the PECC at this moment. In addition, the issues the PECC seeks to address regarding the rights of reinsurers under § 1605A were raised in the first instance by the Report and Recommendation itself, and as mentioned above were not the subject of substantive briefing in the context of the underlying motion. The PECC anticipates that it will be necessary to confer with counsel in a number of the commercial actions in order to fully address the reinsurance issues raised by the Report and Recommendation, and that those counsel will also need time to confer with their clients about these issues.

For these reasons, and given scheduling conflicts related to the impending holidays, the PECC respectfully requests an extension until January 11, 2018 to file a brief pursuant to Fed. R. Civ. P. 72(b)(2) concerning the November 27, 2017 Report and Recommendation. As the Report and Recommendation concerns a default judgment against Iran, a party that has never appeared in this litigation, the proposed extension will not result in any delay in the broader MDL proceedings. The *Continental Casualty* plaintiffs have confirmed that they consent to this request.

The Honorable George B. Daniels
Page Three
November 29, 2017

---

The PECC thanks the Court for its consideration of this request.

Respectfully submitted,

COZEN O'CONNOR

By:   Sean P. Carter

SPC/bdw

cc:   The Honorable Sarah Netburn (Via ECF and Federal Express)
      All Counsel of Record (Via ECF)

LEGAL\33481614\1