## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair* <br> MOTLEY RICE LLC <br> James P. Kreindler, *Co-Chair* <br> KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel* <br> KREINDLER & KREINDLER LLP <br> Paul J. Hanly, Jr., *Co-Liaison Counsel* <br> HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

### VIA HAND DELIVERY

March 16, 2011

The Honorable Frank Maas
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

      Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

      In accordance with the Court's Order of January 21, 2011, plaintiffs write to respectfully request that the Court enter an Order compelling defendants Muslim World League ("MWL") and International Islamic Relief Organization ("IIRO") to abide by agreements reached as a result of a lengthy meet and confer process conducted earlier in the litigation, and promptly produce documents in accordance with those agreements. The agreements at issue concern Plaintiffs' First Set of Requests for Production of Documents Directed to the MWL, served on October 28, 2005, and Plaintiffs' First Set of Requests for Production of Documents Directed to the IIRO, served on December 13, 2005.[1]

### I.    Procedural Background

      As mentioned above, plaintiffs served their initial document requests directed to the MWL and IIRO in late 2005. The MWL and IIRO served their objections and responses to those requests on January 19, 2006 and February 24, 2006 respectively.

---

[1] The MWL and IIRO have failed to comply with their discovery obligations in many additional respects, and plaintiffs will address those other problems via separate letter motions.

The Honorable Frank Maas
March 16, 2011
Page 2

---

Following receipt of the MWL and IIRO's written responses to Plaintiffs' First Set of Requests for Production of Documents, counsel for plaintiffs requested an opportunity to confer with Martin McMahon, counsel for both the MWL and IIRO, concerning deficiencies in those responses and the failure of those defendants to make any meaningful document production in response to the requests.

To that end, counsel for plaintiffs traveled to Mr. McMahon's offices on October 17, 2007 for a meet and confer concerning the discovery responses of the MWL and IIRO. During the course of a meeting that lasted several hours, the parties engaged in a lengthy and broad ranging dialogue regarding the defendants' responses, during which plaintiffs explained in detail why they believed that many of the objections and positions advanced by the MWL and IIRO failed to meet the requirements of the Federal Rules of Civil Procedure and relevant decisional law.

Much of the discussion among counsel focused on disagreements concerning the necessary scope of production by the defendants, and appropriate location for production to be made. Plaintiffs explained that they were not interested in conducting a review of the complete universe of records held by the MWL or IIRO, but were instead simply demanding production of more limited categories of information directly responsive to plaintiffs' outstanding document requests. Plaintiffs offered that many responsive documents were readily accessible to the MWL and IIRO in physical and/or electronic format. As a means of illustrating their position, plaintiffs identified a number of specific documents and categories of documents responsive to plaintiffs' requests, which could be retrieved and produced with minimal effort. Plaintiffs suggested that the production of those documents in the first instance, would serve to expedite and focus the discovery process going forward. During the course of this dialogue, both sides expressed their desire to find workable solutions to the discovery disputes, and avoid motion practice concerning those disputes.

As a result of their discussions during the October 17, 2007 meeting, the parties reached an agreement that the MWL and IIRO would produce the following categories of information to plaintiffs on an expedited basis:[2]

> 1. Annual, semi-annual and other periodic financial reports of the MWL and IIRO (including the branch offices), such as annual reports, balance sheets, financial statements, bank account summaries, audits etc.;

---

[2] In reaching this agreement, plaintiffs specifically reserved their right to seek full compliance from the MWL and IIRO relative to their discovery obligations, and to compel production of documents not specifically within these categories. However, plaintiffs offered that production of these categories of documents in the first instance would promote efficiency in the discovery process, by focusing discovery going forward and thereby limiting the number of disputes among the parties.

2. Lists of recipients of aid from the MWL or IIRO offices, to include lists which can be generated through any computer or electronic data storage systems of those organizations;

3. All documents relating to the annual Constituent Council of the MWL, including without limitation reports submitted by internal and external offices of the MWL and IIRO; studies and research papers considered during the annual Council meetings; records relating to the activities of Special Committees of the MWL or IIRO; transcripts or recordings of speeches and discussions during the Council meetings; Resolutions and recommendations of the Council, agendas, etc.;

4. Annual or periodic reports concerning the objectives and activities of the MWL or IIRO;

5. Reports authored by delegations or groups sent by the MWL or IIRO to assess conditions and needs in regions outside of Saudi Arabia;

6. Reports submitted by the field offices of the MWL and IIRO concerning their operations and finances;

7. Summaries of disbursements by the MWL and IIRO; and

8. Documents describing the organizational structures of the MWL and IIRO, to include documents relating to the relationship between the various offices of those organizations, and the relationship between the MWL and IIRO more generally.

At the conclusion of the meeting, counsel for the MWL and IIRO advised that his office would send a follow-up correspondence summarizing the discussions during the meet and confer, and the agreements reached between the parties as a result of those discussions. On October 19, 2007, Christine Hilgeman of Mr. McMahon's office sent a confirming email to that effect, a copy of which is attached hereto as Exhibit A.

Despite the assurance in counsel's October 19, 2007 email that a written report of the agreements reached as a result of the meet and confer would follow shortly, no such report was ever provided by counsel for the MWL or IIRO. As a result, plaintiffs subsequently sent a letter to Mr. McMahon, summarizing the discussions and the agreements reached at the October 17, 2007 meet and confer, and requesting that the MWL and IIRO honor the agreements reached as a result of the discussions on that date. A copy of that correspondence is attached hereto as Exhibit B.

Notwithstanding the agreements reached as a result of the meet and confer process, the MWL and IIRO have not produced the documents within the categories identified above. Having been unsuccessful in obtaining compliance with the agreements reached as a result of the

meet and confer on an informal basis through the direct dialogue with counsel for those defendants, plaintiffs would respectfully request the Court enter an Order directing those defendants to produce all responsive documents within the categories identified above within twenty (20) days.

We thank Your Honor in advance for the Court's attention to this matter.

Respectfully submitted,

*Plaintiffs' Executive Committees*

THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

cc: Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
Robert T. Haefele, Esq.
Jodi Westbrook Flowers, Esq.
John M. Eubanks, Esq.
James P. Kreindler, Esq.
Andrew J. Maloney, Esq.
Jerry S. Goldman, Esq.
Martin F. McMahon, Esq.
Alan Kabat, Esq.
The Honorable George B. Daniels

PHILADELPHIA\5984702\1 117430.000

# EXHIBIT A

## Carter, Sean

**From:** Christine Hilgeman [chilgeman@martinmcmahonlaw.com]
**Sent:** Friday, October 19, 2007 6:21 PM
**To:** Carter, Sean; amoloney@kreindler.com; rhaefele@motleyrice.com
**Subject:** Report on Wednesday's meeting

Dear Mr. Carter, Mr. Haefele, and Mr. Maloney,

We wanted you to know that we haven't dropped the ball. We have worked up a lengthy report on Wednesday's meeting, including our proposed responses to your requests, but we first want to get feedback from all of our clients so we can give you more complete answers. We expect to finalize the report by mid-next week to send to you for your comments.

Christine


*Christine Hilgeman*
*Associate*
*Martin F. McMahon & Associates*
*1150 Connecticut Ave, N.W., Suite 900*
*Washington, DC 20036*
*(202) 862-4387 direct*
*(202) 862-4343 office*
*(202) 828-4130 fax*
chilgeman@martinmcmahonlaw.com
*www.martinmcmahonlaw.com*

Legal Notice: This e-mail, and any attachment hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution, or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by telephone and permanently delete any printout of the message, the original, and any copy of the e-mail.

# EXHIBIT B



## COZEN
## O'CONNOR

A PROFESSIONAL CORPORATION

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

Sean P. Carter
Direct Phone   215.665.2105
Direct Fax      215.701.2105
scarter@cozen.com

July 21, 2008

**VIA E-MAIL**

Martin F. McMahon, Esquire
Martin F. McMahon & Associates
1150 Connecticut Avenue, NW
Suite 900
Washington, DC 20036

*In Re: Terrorist Attacks on September 11, 2001*
Our File No.: 117430

Dear Martin:

I write to request clarification of your position on several areas of dispute between Plaintiffs and your clients the Muslim World League (MWL), and International Islamic Relief Organization (IIRO).

During our meeting on October 17, 2007 regarding the various discovery disputes between Plaintiffs and your clients, we had a wide ranging discussion, which we understood to have achieved compromise on a number of important issues. Among other things, we explained that the Plaintiffs were not interested in conducting any review of the complete universe of the records of the MWL and IIRO, but were instead simply demanding production of more limited categories of information directly responsive to Plaintiffs' outstanding document requests, many of which are readily accessible to the MWL and IIRO in physical and/or electronic format. For illustrative purposes, we identified a number of specific documents and categories of documents responsive to Plaintiffs' requests, which could be retrieved and produced, in the first instance, with minimal effort. While by no means seeking to exclude other responsive materials, the documents specifically discussed at the meeting included the following:

1.   Annual, semi-annual and other periodic financial reports of the MWL and IIRO (including the branch offices), such as annual reports, balance sheets, financial statements, bank account summaries, audits etc.;

2.   Lists of recipients of aid from the MWL or IIRO offices, to include lists which can be generated through any computer or electronic data storage systems of those organizations;

3. All documents relating to the annual Constituent Council of the MWL, including without limitation reports submitted by internal and external offices of the MWL and IIRO; studies and research papers considered during the annual Council meetings; records relating to the activities of Special Committees of the MWL or IIRO; transcripts or recordings of speeches and discussions during the Council meetings; Resolutions and recommendations of the Council, agendas, etc.;

4. Annual or periodic reports concerning the objectives and activities of the MWL or IIRO;

5. Reports authored by delegations or groups sent by the MWL or IIRO to assess conditions and needs in regions outside of Saudi Arabia;

6. Reports submitted by the field offices of the MWL and IIRO concerning their operations and finances;

7. Summaries of disbursements by the MWL and IIRO; and

8. Documents describing the organizational structures of the MWL and IIRO, to include documents relating to the relationship between the various offices of those organizations, and the relationship between the MWL and IIRO more generally.

We advised that production of the specifically identified materials, and other responsive documentation retrievable through reasonable efforts, would serve to substantially narrow the areas of dispute between Plaintiffs and those defendants.

In response to the articulated position of the Plaintiffs, you exhorted us to be patient with the MWL and IIRO in relation to the discovery process on several occasions, openly acknowledging that you had encountered difficulty in getting the MWL to take the process seriously. With that said, you assured us that the MWL and IIRO would be taking a number of significant steps to demonstrate their good faith in the near future. In this regard, you represented that the IIRO had previously designated an employee to the exclusive task of identifying and compiling documentation responsive to Plaintiffs' discovery requests, and that the designated employee had been working on that project for nearly a year and was nearing completion of his work. On that basis, you represented that the IIRO would be making a substantial production of documents no later than the end of November of 2007. In addition, you advised that your office intended to contact representatives of the MWL, to convey the seriousness of the discovery process and obtain meaningful cooperation from the MWL in responding to Plaintiffs' outstanding document requests. You further advised that you would convey to the MWL the urgent need to compile and produce responsive materials within the categories of documents identified by Plaintiffs at the meeting on an urgent basis. On the basis of those representations, you beseeched Plaintiffs to be patient with the MWL and IIRO, and expressed hope that Plaintiffs would continue to work with you on a cooperative basis to resolve areas of dispute. At the conclusion of the meeting, you specifically requested that we allow your office to undertake responsibility to reduce the various agreements reached at the meeting to writing. Following our meeting, Christine Hilgeman of your office sent an email to our attention advising as follows:

> We wanted you to know that we haven't dropped the ball. We have worked up a lengthy report on Wednesday's meeting, including our proposed responses to your requests, but we first want to get feedback

July 21, 2008
Page 3

>from all of our clients so we can give you more complete answers.
>We expect to finalize the report by mid-next week to send to you for
>your comments.

Unfortunately, no such report confirming the details of our discussions was ever provided by your office.

In view of the representations and assurances made during the meeting in October, we patiently refrained from filing a Motion to Compel as to the MWL and IIRO. Unfortunately, none of the promises made during that meeting have been fulfilled, and a number of developments since the date of that meeting appear to signal a retreat by the MWL and IIRO from the agreements reached on that day. To begin with, despite your specific representation that the IIRO had designated an employee to collect materials responsive to Plaintiffs' document requests and that the IIRO would be making a substantial production as a result of those efforts by the end of November, we still have not received a single additional document from that organization responsive to the document requests at issue.[1] Furthermore, in connection with the submissions on the pre-1996 discovery dispute and April 11, 2008 discovery hearing before Judge Maas, you again raised your initial proposal that Plaintiffs' counsel travel to the offices of the MWL and IIRO throughout the World, and review warehouses of documents in order to identify materials responsive to their document requests.

As you will recall, your proposal that Plaintiffs travel throughout the World to the various offices of the MWL and IIRO was a central point of dialogue during our meeting in October, and prompted our detailed discussions regarding the specific categories of documents that could be readily retrieved by the MWL and IIRO, and produced to the Plaintiffs here in the United States. As a result of those discussions, you specifically represented that both the MWL and IIRO would be making substantial productions here in the United States. You in fact directed your assistants to make a list of specific categories of documents that should be produced as soon as possible.[2] Given the representations made during our meeting in October, your subsequent renewal of your proposal that Plaintiffs be required to travel to the individual offices of the MWL and IIRO to obtain responsive documentation (apparently to include documents readily retrievable by those organizations in electronic form) is, to say the least, confusing.

Adding to the uncertainty regarding your clients' present positions, both the MWL and IIRO have voluntarily produced to Plaintiffs limited documentation from their offices abroad. Why it is that your clients are able to produce certain responsive materials in the United States, but not other responsive materials which are even more readily accessible, is unclear. However, our analysis of the materials produced to date suggests that the MWL and IIRO may be using a disturbing and grossly improper litmus test in deciding which responsive documents to produce voluntarily in the United States – whether the documents in question favorably serve the defenses being advanced in the litigation by the MWL and IIRO. Indeed, it appears that both the MWL and IIRO have carefully selected for production documents that support their respective theories of the case, while

---

[1] The IIRO recently produced limited documentation responsive to Plaintiffs' Second Set of Requests for Production of Documents, but those Requests had not been served on the date of our meeting in October, and therefore could not have been at issue during our discussions on that day. Thus, the IIRO's recent production does not represent any form of compliance with the representations made during our meeting in October.

[2] All of these agreements would of course have been promptly confirmed in writing, if not for the fact that your office failed to follow through on its promise to prepare a summary of our discussions and the concessions reached among the parties as a result of the dialogue on that day.

July 21, 2008
Page 4

simultaneously withholding damaging materials and demanding that Plaintiffs search their warehouses to locate such materials.

As I indicated to the Court on the hearing on April 11, 2008, Plaintiffs intend to file Motions to Compel as to the MWL and IIRO in the near future. Before proceeding with those filings, we would ask that you advise whether the MWL and IIRO presently intend to follow through on the promises briefly summarized above, or have in fact fully retreated from the concessions reached as a result of our discussions on October 17. In addition, during the hearing on April 11, you mentioned that the FBI had returned all of the remaining materials seized from the MWL's office, a development that you had not previously reported to Plaintiffs although our agreement regarding the handling and production of the materials seized by the FBI contemplated such notification. In any event, please advise when we will be able to review the remaining materials returned by the FBI, and confirm that you have preserved the documents made available for inspection at our meeting in October for further review by Plaintiffs, as previously agreed.

Very truly yours,

COZEN O'CONNOR

BY:   SEAN P. CARTER

SPC/bdw

cc:   Ronald Motley, Esquire (Via email)
      James Kriendler, Esquire (Via email)
      Andrew Maloney, Esquire (Via email)
      Elizabeth R. Crotty, Esquire (Via email)
      Jodie Flowers, Esquire (Via email)
      Robert Haefele, Esquire (Via email)
      Jerry Goldman, Esquire (Via email)
      Stephen A. Cozen, Esquire (Via email)
      Elliott R. Feldman, Esquire (Via email)
      Adam C. Bonin, Esquire (Via email)
      J. Scott Tarbutton, Esquire (Via email)