## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

## VIA HAND DELIVERY

March 24, 2011

The Honorable Frank Maas
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 740
New York, NY 10007-1312

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Judge Maas:

In accordance with the Court's January 21, 2011 Order, Plaintiffs in the above referenced action submit this letter and the accompanying exhibits and respectfully request that Your Honor enter an order, pursuant to F.R.C.P. 37(a), compelling defendant International Islamic Relief Organization ("IIRO") to promptly produce documentation and information relating to certain categories of documents previously requested by the Plaintiffs. Generally speaking, the documents at issue relate to: (i) the IIRO's relationship with, and employment of, al Qaeda members Wa'el Hamza Jelaidan and Mohammed Jamal Khalifa; (ii) the U.S. Department of the Treasury's Executive Order 13224 designations of the IIRO's Philippine and Indonesian branch offices, as well as a senior IIRO official, "for facilitating fundraising for al Qaida and affiliated terrorist groups;" (iii) IIRO's banking records; (iv) IIRO's financial and material support for al Qaeda fighters and their training camps; and (v) the expulsion of IIRO personnel from Pakistan following the September 11, 2001 attacks.[1]

---

[1] There are a number of other serious deficiencies with the defendant's discovery responses that warrant this Court's attention. Plaintiffs will separately address those remaining issues in subsequent letter submissions.

The Honorable Frank Maas
March 24, 2011
Page 2

_____

I.    **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

On December 13, 2005, Plaintiffs served their consolidated First Set of Requests for Production of Documents Directed to the International Islamic Relief Organization, attached hereto as Exhibit A.  Those requests seek *inter alia*:  (i) relevant banking and financial documents of the IIRO; (ii) documents detailing IIRO's organizational structure and its relationship to the Muslim World League ("MWL") (its parent and a co-defendant in this litigation); (iii) documents relating to IIRO's relationship with Mohammed Jamal Khalifa (senior member of al Qaeda and the IIRO's Regional Director in South East Asia); (iv) documents relating to the IIRO's relationship with Executive Order 13224 Specially Designated Global Terrorist Wa'el Hamza Jelaidan; (v) IIRO's role in supporting al Qaida training camps in and around Afghanistan; and (vi) documentation relating to IIRO employees linked to the sponsorship of radical, extremist, or terrorist activities or organizations.

The IIRO served its responses to Plaintiffs' discovery requests on February 24, 2006, attached hereto as Exhibit B, but did not produce any documents at that time.  On or about July 31, 2007, the IIRO provided the Plaintiffs with its first production of documents totaling approximately 740 pages.  Thereafter, on October 28, 2008, the IIRO served its supplemental responses to Plaintiffs' discovery, as well as a final production of documents.  *See* IIRO's First Set of Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents, attached hereto as Exhibit C (asserting that the "IIRO has produced four thousand sixty-nine (4069) pages of documents *responsive* to the plaintiffs' requests to date.") (emphasis added).

Following a closer examination of the defendant's discovery responses and documents, it is readily apparent that there are significant problems.  First, the most glaring deficiency is the fact that the defendant has failed to produce a single document in response to forty-two (42) of the Plaintiffs' first set of document requests.  *See* Plaintiffs' Chart identifying instances where the IIRO has failed to produce documents in response to Plaintiffs' Requests for Production of Documents, attached hereto as Exhibit D.[2]

Second, the defendant's assertion that it has produced 4,069 pages of "responsive" documents (compared to the over 11,000 pages of documents produced by the Plaintiffs in response to the IIRO's contention discovery), is a gross mischaracterization of its production to date.  In fact, a majority of the documents produced by the IIRO are not even remotely responsive to the Plaintiffs' discovery requests and have no relevance to the specific issues articulated in those requests.  Instead, the defendant has strategically selected and produced a significant number of documents to support the theories and defenses advanced by its counsel in this litigation – namely, documents that emphasize certain humanitarian and charitable works of the organization around the world.  At the same time, the IIRO has carefully avoided producing documents that address or relate to the core allegations raised against it in this litigation – the

_____

[2] In addition to the forty-two (42) discussed above, the chart at Exhibit D further identifies the IIRO's failure to produce documents in response to all four (4) of Plaintiffs' First Set of Supplemental Document Requests, and twelve (12) of Plaintiffs' Second Set of Supplemental Document Requests.

The Honorable Frank Maas
March 24, 2011
Page 3

---

involvement of the IIRO and its employees in providing material, financial, and logistical support to al Qaeda and other terrorist organizations for many years.

Finally, the IIRO has repeatedly re-circulated several non-responsive documents (over and over and over again) in response to numerous document requests. Plaintiffs can only surmise that the IIRO, knowing that its document production was obviously very thin, intentionally re-circulated these documents in an attempt to create the illusion that it was producing a substantial number of documents. A chart identifying the foregoing deficiencies in the IIRO's responses relative to the Plaintiffs' document requests that are the subject of this motion is attached hereto as <u>Exhibit E</u>.

Plaintiffs have well-founded concerns that the IIRO does not intend to fulfill its discovery obligations in this important case and is in fact deliberately withholding the production of responsive documentation. Despite several meet and confers and repeated assurances from defense counsel that significant and meaningful productions would be forthcoming, Plaintiffs still do not have the requested information and intervention by this Court is now necessary. Accordingly, Plaintiffs respectfully request that the Court order the IIRO to promptly produce all responsive materials relative to the following categories of documents.

1.    **IIRO Should Be Compelled To Produce Documentation Relating To Wa'el Hamza Jelaidan**

Wa'el Hamza Jelaidan, an Executive Order 13224 Specially Designated Global Terrorist, is an associate of Osama bin Laden and founding member of al Qaeda who has used his leadership positions with several charitable organizations to direct financial and logistical support to al Qaeda, including the IIRO, MWL, Rabita Trust, Saudi Joint Relief Committee, and Saudi Red Crescent. Indeed, the United States government has stated that Jelaidan participated in the material support of violent *jihad* for many years and further collaborated with bin Laden and his al Qaeda network via his position with the IIRO.

> By way of background, Usama Bin Laden and Abdallah Azzam formed *Mekhtab al Khidemat* ("MK") (the "Office of Services") to support *mujahideen* in Afghanistan engaged in a conflict with the Soviet Union at a time prior to the Soviet withdrawal in 1989. Various relief organizations – including LBI, the BIF forerunner – worked with MK to provide travel documents, funds and other logistical support to the *mujahideen*. MK also worked with a number of other charitable/relief organizations, especially with Wael Julaidan ("Abu Hassan al Madani") of the International Islamic Relief Organization (hereafter "IIRO", sometimes referred to as "Igatha" based upon its Arabic name *"Hay'at al-lgatha al-lslamiya al 'Alamiyaa'"*), which was under the umbrella of *al Rabita al Alami al Islamiya*, also known as the Muslim World League ("MWL"). In many

The Honorable Frank Maas
March 24, 2011
Page 4

---

respects, Wael Julaidan was a leading supporter of the *jihad* through the relief
organization network.[3]

Former al Qaeda member Jamal al Fadl confirmed for U.S. authorities that Jelaidan ran
the IIRO office in Peshawar, Pakistan which was responsible for providing IIRO identification
cards to al Qaeda and other mujahideen in order to get them across the Pakistan-Afghanistan
border. The IIRO would also submit letters to Pakistan immigration officials identifying the
mujahideen as relief workers and further sponsored them for visas from their home country to
Pakistan. *See* Transcripts from Videotape Interviews of Jamal al Fadl, submitted as evidence in
*United States v. Fazul Abdullah Mohammed, et al.*, Case No. 01-1535-cr(L), United States
Second Circuit Court of Appeals, filed June 14, 2007, pp. SA-894-897, attached hereto as
Exhibit F.

Further, a June 2, 2004 FBI report summarizing an interview with a cooperating witness
details that the IIRO office in Peshawar, managed by Jelaidan, facilitated the purchase of
weapons for al Qaeda during the war in Afghanistan. *See* Exhibit G. According to the report,
"Julidan was one of Bin Laden's closest friends at the time."

Finally, the Treasury Department's August 3, 2006 designation of the IIRO's branch
office in the Philippines, attached hereto as Exhibit H, clearly identifies Jelaidan's connection to
the IIRO via his relationship with Mohammed Jamal Khalifa:

> While working as the director of IIRO-PHL, Khalifah maintained close
> connections with al Qaida through his relations with senior al Qaida supporters,
> including Specially Designated Global Terrorist (SDGT) Wa'el Hamza Julaidan.

In light of this persuasive evidence, Plaintiffs' document requests seek information
regarding Jelaidan, including:

- documents governing, describing, detailing, or otherwise relating to the IIRO's
  relationship with Jelaidan; and

- documents the IIRO sent to, and/or received from Jelaidan, including without limitation,
  all documents relating to the transfer of funds between the IIRO and Jelaidan.

*See* Plaintiffs' First Set of Requests for Production of Documents Directed to the International
Islamic Relief Organization (Request Nos. 44-45) at Exhibit A. Plaintiffs have yet to receive any
documents from the defendant regarding Jelaidan and thus respectfully request that the Court
order the IIRO to produce the requested information.

---

[3] *United States v. Enaam Arnaout*, United States District Court for the Northern District of Illinois, Case No. 02-
CR-892, Government's Evidentiary Proffer Supporting the Admissibility of Coconspirator Statements, January 6,
2003, p. 18.

The Honorable Frank Maas
March 24, 2011
Page 5

2.    **IIRO Should Be Compelled to Produce Documentation Relating To Mohammad Jamal Khalifa**

Mohammed Jamal Khalifa (a/k/a Abu Bara) is a former senior member of al Qaeda and former Regional Director for the IIRO in South-East Asia.[4] U.S. officials have publicly identified Khalifa as an international terrorist and a threat to U.S. national security, and there is ample evidence that Khalifa used his position as Director of the IIRO's Philippines branch to provide financial, material, and logistical support to terrorist organizations such as al Qaeda and the Abu Sayyaf Group. *See* Exhibit I – notifications from the Director General of the IIRO, Dr. Farid Qurashi, and the General Secretary of the MWL, Dr, Abdullah Nasseef, announcing that Khalifa is the Regional Director of the IIRO in South-East Asia and is authorized to sign agreements with governments in that region on behalf of the IIRO and MWL; Exhibit H – August 3, 2006 U.S. Department of the Treasury designations of the IIRO branches in the Philippines and Indonesia, stating that Khalifa, while working as the Director of the Philippines branch, maintained close connections with al Qaeda and employed members of the Abu Sayyaf terrorist organization; Exhibit J – 1996 CIA Report, stating that Khalifa, head of the IIRO office in the Philippines, is linked to plots to target the Pope and U.S. airlines (a/k/a the "Bojinka Plot"), and that the "IIRO helps fund six militant training camps in Afghanistan;"  Exhibit K – December 1994 Department of State cable from the Secretary of State to the American Embassy in Khartoum discussing Khalifa's arrest in California and stating: "Khalifa is an officer of an Islamic NGO in the Philippines [IIRO] that is a known Hamas front and has financed terrorist operations.  Khalifa is reported to be the brother in law of Usama bin Laden, the Sudan-based financier of Islamic extremists.  Khalifa is believed to have provided support to the Philippine terrorist group Abu Sayyaf;" Exhibit L – May 22, 1995 Confidential Memo from Philip C. Wilcox, Jr., Department of State Coordinator for Counterterrorism, to the Secretary of State advising that Khalifa was successfully deported to Jordan and stating: "Khalifa, a Saudi national, was convicted of terrorist crimes in absentia last year in Jordan.  We believe he is an important financier for radical Islamic organizations, including the Abu Sayyaf Group in the Philippines;" and Exhibit M – November 11, 2006 FBI 302 Statement of Gamal Ahmed Mohamed al Fedel, telling United States attorneys that Abu Bara (Khalifa) was close to Osama bin Laden and further had a close relationship with the head of the IIRO's office in Peshawar, Abu Hammam, who provided false IIRO identifications for people to travel.

Plaintiffs served several document requests upon the defendant specifically seeking information relating to the IIRO's relationship with Khalifa, including but not limited to:

- documents relating to Khalifa's role in heading the IIRO's office in the Philippines;

- documents the IIRO sent to, and/or received from Khalifa, including without limitation, all documents relating to the transfer of IIRO funds;

---

[4] Khalifa was killed in January 2007 during a visit to Madagascar, allegedly by a gang of 20-30 gunmen.

The Honorable Frank Maas
March 24, 2011
Page 6

_____

-     documents regarding any information or notification that the IIRO received prior to September 11, 2001 that Khalifa was diverting funds or otherwise providing material support or resources to al Qaeda and/or other terror organizations; and

-     documents regarding Khalifa's ties with Executive Order 13224 Specially Designated Global Terrorist ("SDGT") and Executive Director of the IIRO Eastern Province branch office in Saudi Arabia, Abd al Hamid Sulaiman al Mujil.

*See* Plaintiffs' First Set of Requests for Production of Documents Directed to the International Islamic Relief Organization (Request Nos. 44, 45, 54, 55, 92, 97) attached hereto as Exhibit A; and Plaintiffs' Second Set of Supplemental Requests for Production of Documents Directed to the International Islamic Relief Organization (Request No. 21) at Exhibit N.

      The IIRO responded to those requests by producing only a handful of documents, most of which Plaintiffs contend are unresponsive. For example, in response to Plaintiffs' Document Request No. 54 (seeking documents regarding Khalifa's role in heading the IIRO's branch office in the Philippines), the defendant produced several documents in an apparent attempt to distance itself from Khalifa's terror activities, including: (i) self-serving statements by IIRO officials denying that the IIRO-Philippines office ever gave funds to the al Qaeda-linked terror organization, Abu Sayyaf Group; and (ii) statements by IIRO officials that the organization was never aware of any terror activities carried out by Khalifa.[5]

      The defendant additionally produced documentation emphasizing the humanitarian achievements of the MWL and the IIRO branch office in the Philippines, including: (i) the establishment of a scholarship program benefiting hundreds of students in the Philippines; (ii) the construction and management of elementary and high schools; (iii) the sponsorship of vocational training programs; (iv) the construction of several orphanages; (v) the management of several health clinics in various cities which provide free check-ups and medicine; and (vi) relief assistance provided to crisis victims in the Philippines.[6]

      To date, the IIRO has simply failed to provide adequate documentation and information regarding Khalifa's role as head of the IIRO's office in the Philippines, which includes his

_____

[5] IIRO 00766-00943 – Application by the IIRO to Undesignate its Philippines and Indonesian Offices and to Undesignate the Individual Al-Majil, including Section II of the Application which is devoted strictly to Khalifa's relationship with the IIRO under the title: "The Individual Jamal Khalifa Represents Old and Totally Discredited News And Thus There Was No Basis to Designate the IIRO Philippines Office Based Upon His Alleged Terrorist Activities" (IIRO asserts that it "never authorized or condoned, and is not, and was never aware of, any illegal or terrorist activities that were allegedly carried out by Mohammad Jamal Khalifa during, before or after, his service period with IIRO in the Philippines."); IIRO 03007 – 2004 letter from the active manager of the IIRO Philippines office denying that the office provided money to Abu Sayyaf; IIRO 02997 – 1995 letter from the former assistant manager of the IIRO Philippines office to the IIRO General Secretary, Farid Qurashi, stating that all that has been published in the media regarding Khalifa's ties to the Jordanian terror cell happened after Khalifa left the Philippines office; and IIRO 03014-03015 – 1995 letter from IIRO General Secretary, Farid Qurashi, to the MWL Secretary General, Ahmad Mohammad Ali, explaining that Khalifa is "known for his interest in education and teaching and his objection to Jihad activities."

[6] IIRO 00796-00797.

The Honorable Frank Maas
March 24, 2011
Page 7

---

control over the IIRO's monies, bank accounts, and assets, his oversight of transfers of IIRO funds between IIRO-Saudi Arabia and IIRO-Philippines, and his authority to determine and/or make recommendations as to which charitable designees should receive financial and/or non-monetary support from the IIRO. Importantly, the defendant has not produced any documentation in response to Request No. 55 which seeks any and all documents the IIRO sent to, and/or received from Khalifa, including all documents relating to the transfers of funds.

Moreover, the defendant has failed to produce any documents regarding Khalifa's relationship with Abd al Hamid Sulaiman al Mujil, the IIRO Executive Director in Saudi Arabia who was directly responsible for authorizing money transfers to the IIRO-Philippines branch while Khalifa oversaw that office. According to the U.S. government, the Philippines branch was a major source of funding for the Abu Sayyaf terrorist organization and its leaders. *See* U.S. Department of the Treasury's August 3, 2006 Press Release at Exhibit H. Abu Sayyaf is an al Qaeda proxy organization which received its initial funding from Khalifa using IIRO funds. *See* Exhibit O.

The defendant's failure to produce the requested information is unjustified and Plaintiffs respectfully request that the Court compel the defendant to produce all documents relating to the IIRO's relationship with the former senior member of al Qaeda.

**3.    IIRO Should Be Compelled to Produce Banking Records**

Plaintiffs' Request No. 6 seeks "all statements for bank accounts held by the IIRO." Rather than produce the requested materials, the IIRO again produces a number of non-responsive documents that have no relevance to the Plaintiffs' request, including but not limited to: the OFAC Application to un-designate the IIRO Philippines and Indonesian branch offices and Abd al Hamid Suliaman al Mujil; a "draft" audit report for the IIRO Indonesian branch office; and IIRO budget estimates *See* Plaintiffs' Chart at Exhibit E.

Interestingly, the audit report produced by the defendant makes certain that the IIRO headquarters in Saudi Arabia receives bank statements from its branch offices on a monthly basis. According to the report under the heading, "Other Controls Imposed By The Head Office:"

   1) Monthly bank reconciliation together with bank statements are sent on a monthly basis to the Head Office.

   12) No bank account is opened without Head Office approval.

*See* IIRO 00969-00985, attached hereto as Exhibit P. The IIRO's own documents make it very clear that the defendant is in possession of bank statements and other financial documentation received from its branch offices around the globe. To date, Plaintiffs have yet to receive a single bank statement and the IIRO should therefore be compelled to produce those documents.

The Honorable Frank Maas
March 24, 2011
Page 8

---

4.     **IIRO Should Be Compelled to Produce Documents Regarding the IIRO's Role in Supporting the Mujahideen Forces in Afghanistan, Including the Defendant's Role in Supporting Training Camps in that Region**

Plaintiffs' Request No. 57 seeks "all documents relating to the IIRO's role in supporting the mujahideen forces in Afghanistan in their struggle against Soviet occupation." The IIRO's support for the mujahideen forces in Afghanistan is well documented. As discussed in Section I(1) above, the United States government has identified the IIRO as being instrumental in providing travel documents, funding, and other support to the Afghan mujahideen by virtue of its relationship with Osama bin Laden and Mekhtab al Khidemat. In addition, a FBI cooperating witness has stated that the IIRO in Peshawar, Pakistan facilitated the purchase of weapons during the Afghan war. *See* Exhibit G.

The IIRO's own documents, produced in response to another document request, further show that the IIRO and MWL were facilitating the transportation of foreign fighters to Afghanistan to fight side-by-side with Afghan mujahideen against the Soviets. *See* IIRO 01272 (English translation: November 27, 1987 letter from IIRO Secretary General Qurashi to the MWL Secretary General discussing discounts given to those who are interested in traveling to Pakistan in order to volunteer together with the Afghan mujahideen. Qurashi asks the MWL office in Mecca to handle the reduced flight tickets for the mujahideen and the IIRO will handle arrangements for teachers, doctors, and volunteers to examine the situation on the ground.), attached hereto as Exhibit Q.

Moreover, documentation uncovered during the March 2002 raid of the Benevolence International Foundation's ("BIF") offices in Sarajevo, Bosnia-Herzegovina by Bosnian authorities led to the discovery of a computer file named "Tareekh Osama" or "Osama's History." That file contained numerous documents chronicling Osama bin Laden's activities during the Soviet-Afghan conflict, including the formation of a network of ostensible charities and relief organizations such as the IIRO and MWL, which served to provide financial and logistical support to the mujahideen. Following the conclusion of the conflict, bin Laden determined that the network that supported the mujahideen in Afghanistan should not be abandoned, but rather adapted to serve as a foundation or base for waging global jihad. Several documents directly link the IIRO to bin Laden, including: BOS000067-000069 (discussing forming a committee to receive donations and maintain an account – "the Relief Agency [Hayaat al Ighata = IIRO]); and BOS000022-000027 (correspondence on MWL/IIRO letterhead recounting a meeting discussing attacks being launched from "League" [MWL] offices and that passports should not be kept with the Saudi Red Crescent because Jelaidan was being recalled by Saudi Arabia). *See* Exhibit R.

Despite well-documented evidence that the IIRO directly supported the Afghan resistance against the Soviets during the 1980s, and further continued to be an important part of al Qaeda's logistical and financial support infrastructure both during and after its formation, the defendant has failed to produce the requested documentation.

The Honorable Frank Maas
March 24, 2011
Page 9

_____

The IIRO's response to Request No. 58, which seeks "documents relating to the IIRO's role in supporting training camps in Afghanistan, Pakistan, and Kashmir," is equally deficient. Although the defendant responds by asserting "that no such documents exist," there is ample evidence that the IIRO operates and funds such camps.[7] According to a declassified 1996 Central Intelligence Agency report regarding the involvement of purported non-governmental charitable organizations in the sponsorship of terrorist organizations and extremist groups: "The IIRO helps fund six militant training camps in Afghanistan." *See* Exhibit J. Moreover, the Republic of India's intelligence service has reported that the IIRO offices in Pakistan and Afghanistan maintain a training camp in Kunduz, Afghanistan for combatants in Bosnia, Chechnya, and Kashmir. *See* Exhibit S, Testimony of Matthew Epstein and Evan Kohlman, before the House Committee on Financial Services Subcommittee on Oversight and Investigations (March 11, 2003).

The defendant has failed to produce any responsive documents and Plaintiffs therefore request that the Court compel the IIRO to produce the requested information.

5.     **IIRO Should Be Compelled to Produce Documents Regarding the IIRO's Expulsion From Pakistan Following The September 11, 2001 Attacks**

Plaintiffs' Request No. 87 seeks "documents relating to any investigations conducted by the Islamic Republic of Pakistan and its subsequent determination to expel IIRO personnel after September 11, 2001." Following the September 11th attacks, it was widely reported in the media that Pakistan deported eighty-nine (89) Arab relief workers from that country for their links to al Qaeda, including employees of the IIRO. *See* Testimony of Steven Emerson with Jonathan Levin before the United States Senate Committee on Governmental Affairs (July 31, 2003), attached hereto as Exhibit T; *see also* Associated Press, *"Pakistan Deporting 89 Arab Aid Workers,"* October 6, 2001, at Exhibit U.

IIRO responded to Plaintiffs' request by producing two sets of documents: (1) a December 22, 2003 letter from the Director of the Pakistan IIRO office, Rahmat Ullah Nazir Khan, stating that since he has taken charge of the office, "no employee has so far been arrested having a link with Al-Qaida by Government of Pakistan or any other investigating agency in Pakistan/Afghanistan;" and (2) letters dated 2007 from Pakistan and Indonesian officials stating that the IIRO provides humanitarian assistance in those respective countries and operates within the law. *See* IIRO01139 and IIRO01488-01493 respectively, attached hereto as Exhibit V.

_____

[7] The IIRO responds to approximately sixteen (16) of Plaintiffs' document requests with the repeated assertion that "no such documents exist." At the same time, the defendant has represented to the Plaintiffs and to this Court that it would be especially burdensome to search for and locate responsive documentation because most of its documents are stored in a large warehouse in an inaccessible non-electronic format (a problem of the defendant's own making). *See* November 7, 2007 letter motion to Judge Daniels from Martin F. McMahon. The reasonable question that follows is: How does the IIRO know that certain records do not exist if the manner in which they are stored renders them unsearchable? These conflicting positions must be reconciled. Plaintiffs submit that the defendant should promptly produce the requested documents. If the IIRO continues to take the position that no documents exist, the defendant should be required to provide support for its contention, in the form of an affirmation or otherwise, which details the efforts undertaken by the defendant to search its records for responsive documentation.

The Honorable Frank Maas
March 24, 2011
Page 10

_____

The documents are problematic for several reasons. First, the December 2003 letter is written two years after IIRO employees were forced out of Pakistan and provides no information regarding the 2001 expulsion. Perhaps more importantly, the statement that "no employee has so far been arrested" suggests that IIRO employees had in fact previously been detained for their links to al Qaeda, and does not address in any sense the possible deportation of IIRO employees. Likewise, the 2007 letters have no relevance to the issue of Pakistan's decision to expel IIRO personnel from that country six years earlier. Plaintiffs respectfully request that Your Honor compel the defendant to produce the requested documents.

## II.   PLAINTIFFS' SECOND SET OF SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS

### A.   IIRO Should Be Compelled To Produce Documentation Relating To IIRO's "Million Dollar Man," Abd Al Hamid Sulaiman Al Mujil, And The Philippine and Indonesian Branch Offices

On August 3, 2006, pursuant to Executive Order 13224, the U.S. Department of the Treasury designated the IIRO's branch offices in the Philippines and Indonesia, as well as Abd al Hamid Sulaiman al Mujil, the Executive Director of the IIRO Eastern Province branch office in Saudi Arabia. *See* U.S. Department of the Treasury designation at <u>Exhibit H</u>. Stuart Levey, U.S. Treasury's Secretary for Terrorism and Financial Intelligence, described al Mujil as a "high-ranking IIRO official in Saudi Arabia" who "used his position to bankroll the al Qaida network in Southeast Asia" and "maintained a cell of regular financial donors in the Middle East who support extremist causes." *Id.* Moreover, the August 3rd designation details al Mujil's long record of supporting terrorist organizations such as al Qaeda, Abu Sayyaf and Jemaah Islamiyah:

> Abd Al Hamid Sulaiman Al-Mujil (Al-Mujil) is the Executive Director of the IIRO Eastern Province (IIRO-EP) branch office in the Kingdom of Saudi Arabia. Al-Mujil has been called the "million dollar man" for supporting Islamic militant groups.

> Al-Mujil provided donor funds directly to al Qaida and is identified as a major fundraiser for the Abu Sayyaf Group (ASG) and Jemaah Islamiyah (JI). Both ASG and JI are al Qaida-associated terrorist groups in Southeast Asia designated pursuant to the authorities of E.O. 13224. These terrorist groups are also on the United Nations 1267 Committee's consolidated list of individuals and entities associated with the Taliban, al Qaida and/or Usama Bin Ladin.

> In 2004, Al-Mujil invited a Philippines-based JI supporter to Saudi Arabia under the cover of traveling for the hajj (the Muslim pilgrimage), and planned to provide him with cash to carry back to the Philippines to support organizations including JI.

> Al-Mujil was also present in Afghanistan in the late 1990s and personally knew Usama Bin Ladin and deceased al Qaida co-founder Abdallah Azzam. Al-Mujil

The Honorable Frank Maas
March 24, 2011
Page 11

---

traveled continuously to meet with members of Bin Ladin's organization in Arab countries. In the 1990s, Al-Mujil established a relationship with senior al Qaida operational planner Khalid Shaykh Muhammad.

Al-Mujil has a long history of providing support to terrorist organizations. He has contributed direct financial assistance to ASG leaders, including Abdurajak Janjalani (deceased).

The Indonesian and Philippines branches of IIRO have received support from IIRO-EP, which in turn is controlled by Al-Mujil. Indeed, he is often responsible for authorizing payment transfers for IIRO Philippines (IIRO-PHL) and IIRO Indonesia (IIRO-IDN).

Id.

The designation further identified the IIRO branch offices' pervasive support for terror organizations Abu Sayyaf Group ("ASG") and Jemmah Islamiyah ("JI"):

The IIRO-PHL is a source of funding for the al Qaida-affiliated ASG. IIRO-PHL has served as a liaison for the ASG with other Islamic extremist groups. A former ASG member in the Philippines familiar with IIRO operations in the country reported that a limited amount of foreign IIRO funding goes to legitimate projects and the rest is directed to terrorist operations.

\*\*\*

The IIRO Indonesia director has channeled money to two Indonesia-based, JI-affiliated foundations. Information from 2006 shows that IIRO-IDN supports JI by providing assistance with recruitment, transportation, logistics, and safe-havens. As of late 2002, IIRO-IDN allegedly financed the establishment of training facilities for use by al Qaida associates.

Id.

Following the Treasury Department designation, Plaintiffs served the defendant with twenty-five (25) supplemental document requests seeking information relating to the IIRO designees, attached hereto as Exhibit N. Plaintiffs' supplemental requests seek:

- documents relating to all IIRO bank accounts, assets and monies that were frozen following the designation, including two bank accounts specifically identified by the Plaintiffs which are held by the IIRO at the Bank of Philippine Islands ("BPI") – IIRO Account Nos. 0200100100000011145671 and 0200200100000012000472;

- documents detailing all contributions received and disbursements made by the Philippine and Indonesian branch offices;

The Honorable Frank Maas
March 24, 2011
Page 12

---

- documents relating to any investigations conducted by the Philippine and Indonesian governments, including the identification of all IIRO accounts, assets, and monies seized by those governments;

- documents relating to investigations conducted by the Kingdom of Saudi Arabia relative to the designees, including the IIRO's own internal investigations; and

- documents relating to the designees' role in providing material support or resources to al Qaeda, the Abu Sayyaf Group, Jemaah Islamiyah, or other Islamic fighters in Indonesia, the Philippines, or elsewhere.

The Plaintiffs' requests further seek information relating to the IIRO's relationship with al Mujil (a/k/a the "Million Dollar Man"), including his control over IIRO funds:

- documents relating to al Mujil's appointment as IIRO's Executive Director of the IIRO Eastern Province Branch;

- documents relating to al Mujil's supervision, management, control of, or distribution of IIRO funds;

- documents relating to al Mujil's duties and responsibilities to determine and/or make recommendations as to which charities, individuals, or entities should receive financial and/or non-monetary support from the IIRO and the IIRO Eastern Province Branch;

- documents relating to the transfer of IIRO funds authorized by al Mujil and/or the IIRO Eastern Province Branch;

- documents relating to any meeting al Mujil attended in his capacity as an official and/or representative of the IIRO with any official, representative, or agency of the Kingdom of Saudi Arabia; and

- documents relating to any investigation conducted by the IIRO into any alleged criminal, improper, unauthorized, deviant or terrorist activities of al Mujil, including but not limited to, al Mujil's ties to the following terrorists and terrorist organizations: Osama Bin Laden, Abdullah Azzam, Khalid Sheikh Mohammad, Muhammad Jamal Khalifa, Abdurajak Janjalani, al Qaida, Abu Sayyaf Group, and Jemaah Islamiyah.

On April 28, 2008, the IIRO served its Responses to Plaintiffs' Second Set of Supplemental Document Requests, attached hereto as Exhibit W. Unfortunately, there are a number of problems with the defendant's responses and Your Honor's attention to these issues is warranted.

First, the IIRO fails to provide documents in response to almost half of the 25 requests (12 out of 25). *See* IIRO's Responses to Request Nos. 7-10, 14-17, 19-22.

The Honorable Frank Maas
March 24, 2011
Page 13

_____

Secondly, although the IIRO produced approximately 398 pages of additional documents along with its responses, a majority of the documents are not even arguably responsive to the Plaintiffs' supplemental requests.  Documents cited by the defendant include:  (i) a 2007 "draft" audit report; (ii) a Partnership Agreement between the IIRO and the United Nations High Commission for Refugees ("UNHCR") relative to refugee operations; (iii) memos and receipts regarding payments and donations for orphans in Yemen; (iv) letters regarding the transfers of food from Dubai to Croatia; and (v) procedures for selling valuable donations received by the IIRO such as gold and silver.  *See* Plaintiffs' Chart at Exhibit E.  Without question, these documents have no relevance to the Plaintiffs' requests seeking information regarding the defendant's terror sponsorship activities which formed the basis for U.S. sanctions.

Furthermore, the IIRO re-circulates the same documents repeatedly in response to the Plaintiffs' requests in an effort to create the illusion of compliance with its discovery obligations.  For example, the defendant cites to IIRO 0209-00247 in response to 7 of the supplemental requests.  This group of documents primarily contain information dating back to 1994-1995 regarding IIRO field trips, meeting protocols, the supervision of various projects by IIRO offices in certain countries, and administrative decision-making – none of which are responsive to the specific issues set forth in the Plaintiffs' requests.  *See* Plaintiffs' Chart at Exhibit E (IIRO's responses to Request Nos. 1, 2, 5, 6, 11-13, 25).  Additionally, the defendant cites to IIRO 00969-00985 (an August 2007 "draft" audit report authored by a London accountant who had been hired by the defendant to review the activity of the IIRO's Indonesian branch office) in response to 10 of the supplemental requests.  *Id.* (IIRO's responses to Request Nos. 1, 5, 6, 11-13, 18, 23-25).  Even more egregious, several of these documents had already been produced during the IIRO's first document production a year earlier, so there was unquestionably no effort on the part of the defendant to produce new information.

Moreover, Plaintiffs respectfully direct Your Honor's attention to Plaintiffs' Supplemental Request Nos. 16-21 which seek documentation specifically relating to al Mujil.  Aside from the fact that the IIRO fails to produce documents in response to 5 out of the 6 requests, the defendant's response to Supplemental Request No. 18 is further proof of the defendant's unwillingness to produce meaningful and responsive documentation in these proceedings.  Specifically, in response to Request No. 18 seeking documents relating to the transfer of IIRO funds authorized by al Mujil and/or the Eastern Province Branch for any IIRO office, the defendant produces only one document in response – again, the August 2007 "draft" audit report at IIRO 00969-00985.  The document is not even arguably responsive to Plaintiffs' request as there is no mention of al Mujil even once in the document, nor is there any information regarding the Eastern Province Branch and its authority over IIRO funds.  It is plainly obvious that the defendant has made no effort to produce responsive documentation relating to al Mujil's tenure with the IIRO – perhaps by choice, given al Mujil's long and deep ties to Osama bin Laden, Khalid Sheikh Mohammed (the mastermind of the September 11th attack), al Qaeda, and other terrorist organizations in Southeast Asia.  As the United States government makes clear, al Mujil used his position as the Executive Director of the IIRO Eastern Province branch office in Saudi Arabia to "bankroll" the al Qaeda network.

The Honorable Frank Maas
March 24, 2011
Page 14

_____

     The IIRO's response, or lack thereof, to the Plaintiffs' Second Set of Supplemental Document Requests is yet another compelling example of the defendant's efforts to intentionally obstruct the production of meaningful and responsive documentation in these proceedings. Plaintiffs are entitled to discovery relating to al Mujil and the IIRO branch offices and respectfully request that this Court compel the IIRO to produce *all* requested documents.

                          Respectfully submitted,

                          *Plaintiffs' Executive Committees*

                          THE MDL 1570 PLAINTIFFS' EXECUTIVE
                          COMMITTEES

cc:    Sean P. Carter, Esq.
       J. Scott Tarbutton, Esq.
       Robert T. Haefele, Esq.
       Jodi Westbrook Flowers, Esq.
       John M. Eubanks, Esq.
       James P. Kreindler, Esq.
       Andrew J. Maloney, Esq.
       Jerry S. Goldman, Esq.
       Martin F. McMahon, Esq.
       Alan Kabat, Esq.
       The Honorable George B. Daniels

# **<u>Exhibit A</u>**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Federal Insurance Co. v. al Qaida*, Case No. 03-CV-6978 (RCC) (S.D.N.Y.)
*Kathleen Ashton  v. Al Qaeda Islamic Army*, Case No. 02-CV-6977 (RCC) (S.D.N.Y.)
*Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.*, Case No. 03-CV-9849
(RCC) (S.D.N.Y.)

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE INTERNATIONAL ISLAMIC RELIEF ORGANIZATION

COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Phone:  (215) 665-2000
December 13, 2005

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE INTERNATIONAL ISLAMIC RELIEF ORGANIZATION

Plaintiffs in Federal Insurance Co. v. al Qaida, Case No. 03-CV-6978 (RCC), Kathleen Ashton v. al Qaeda Islamic Army, Case No. 02-CV-6977 (RCC), and Thomas E. Burnett, Sr. v. Al Baraka Inv. & Dev. Corp., Case No. 03-CV-9849 (RCC) (collectively "Plaintiffs"), propound and serve on the International Islamic Relief Organization, (hereinafter "IIRO" or "Defendant") the following Requests for Production of Documents to be answered fully and under oath, pursuant to Rule 34 of the Federal Rules of Civil Procedure, within 30 days of their receipt.

## INSTRUCTIONS

1.    In producing documents and other things, Defendant is requested to furnish all documents or things in his possession, custody or control, regardless of whether such documents or things are possessed directly by Defendant or by Defendant's employees, agents, attorneys, accountants, auditors, investigators, or other representatives.

2.    Documents are to be produced in full; redacted documents will not constitute compliance with this request.  If any requested document or thing cannot be produced in full, Defendant is requested to produce it to the extent possible, indicating which document or portion of that document is being withheld and the reason that document is being withheld.

3.    In producing documents, Defendant is requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, an identical copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.      Documents shall be produced as they are kept in the usual course of business and the documents shall be organized and labeled to correspond to the categories in this request. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by Defendant. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5.      Documents shall be produced in such fashion as to identify any organization, department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian.

6.      Documents attached to each other should not be separated.

7.      If any documents requested herein have been lost, discarded, destroyed or otherwise no longer in Defendant's possession, custody or control, they shall be identified as completely as possible including, without limitations, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

8.      Documents shall be produced in such fashion as to identify which request(s) they are responsive to.

9.      Each of these requests shall be continuing. If at any time after production of these requests any information becomes available that calls for any supplement to a previous response, provide such documents within a reasonable time period from the time when it becomes available.

10.     If Defendant asserts a privilege or other authorized protection from disclosure with respect to any document requested herein, Defendant is required to provide a privilege log containing the following as to each such document withheld:

A.     The type of document or information (e.g., letter, notebook, telephone conversation, etc.);

B.     The date of the document or transaction involving the information;

C.     The names of each author and any and all participants with respect to the information;

D.     The names of any and all signatories of the document, if any;

E.     The name of the document's current custodian;

F.     The present whereabouts of the document and/or the names of all persons with personal knowledge with respect to the information; and

G.     A statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld.

11.     For the purpose of this discovery request, except to the extent specifically indicated in the "Definitions" section of this Request, the words used herein are considered to have, and should be understood to have, their ordinary, every day meaning and Plaintiffs refer Defendant to any collegiate dictionary such as *Webster's New World Dictionary,* Second College Edition by Prentice Hall Press.  In the event Defendant asserts that the wording which has been used is somehow vague, ambiguous, unintelligible, indecipherable, confusing or such other

4

boiler plate objections to avoid squarely addressing the specific discovery request, Plaintiffs refer

Defendant to *Webster's Dictionary* for the plain meaning of the terms defined herein.

## DEFINITIONS

1.     The terms "document" or "documents" are defined to be synonymous in meaning
and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including,
without limitation, electronic or computerized data compilations.  A draft or non-identical copy
is a separate document within the meaning of this term.

2.     The term "identify" when used with reference to an individual person shall mean
to give, to the extent known, the person's full name and all other names or aliases by which the
individual has been known, present or last known business and residence address, telephone
number, and when referring to a natural person, additionally, the present or last known place of
employment.  If the person is deceased, provide the exact or approximate date and place of
death.  Once a person has been identified in accordance with this subparagraph, only the name
of that person need be listed in response to subsequent discovery requesting identification of
that person.

3.     The term "identify" when used with reference to a document or written
communication shall mean to give, to the extent known, the (i) type of document; (ii) general
subject matter; (iii) general description of the document; (iv) date of the document; (v)
author(s), addressee(s), recipients(s), and the person(s) who signed the document; (vi) the
number of pages, if the document contains more than one page; (vii) a description of any
attachments or supplemental items incorporated within the document; and (viii) the transaction,
act, or occurrence to which each document related and the substance of the document.  If the

document was, but is no longer in the possession of the Defendant or subject to the Defendant's control, state what disposition was made of it.

4.    The term "identify" when used with reference to an oral communication, discussion, conversation or any other oral statement, shall mean to (i) identify the person who made the communication and person(s) to whom the communication was directed; (ii) state the date, time and place of such communication; (iii) describe in detail the substance of each communication and state the contents of the communication in verbatim if possible; (iv) identify any other persons present when the communication was made; and (v) identify any documents relating to the communication.

5.    The term "identify" when used with reference to an organization or business entity, shall mean to (i) state the formal title of the organization or entity and any other names by which it is known; (ii) state the specific section or organizational unit involved; and (iii) state the business address, including the address of any separate or branch offices.

6.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

7.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.    The terms "person" and "party" are defined as any natural person or any business, legal or government entity or association, sovereign state or juridical entity.

9.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10.    The terms "all" and "each" shall be construed as all and each.

11.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12.    The use of the singular form of any word includes the plural and vice versa.

13.    The terms "You" and "Your" refer to the International Islamic Relief Organization, including any subsidiary, affiliate, and/or branch office, IIRO USA, and any officer, director, trustee, employee, attorney, consultant, accountant, agent, or representative acting on the International Islamic Relief Organization's behalf.

14.    The term "IIRO USA" shall refer to any IIRO subsidiary, affiliate, branch office, or other entity located within the United States, including without limitation, the entity organized as a Virginia corporation in July 1991 by Sulaiman Al-Ali under the name *International Relief Organization, Inc.*, the entity subsequently incorporated as the *International Islamic Relief Organization* in Washington, D.C. by Sulaiman Al-Ali, and any entity operating with the assumed name or under the name of either the *International Relief Organization* or the *International Islamic Relief Organization*.

15.    The term "Plaintiffs" shall refer to Plaintiffs in <u>Federal Insurance Co. v. al Qaida</u>, Civil Action No. 03-CV-6978 (RCC).

7

16.   The term "Contribution" shall mean the giving, bestowing, granting, awarding, bequeathing, and/or providing of money, checks, services, logistical or administrative support, assets, rights, securities, real estate or any goods, tangible or intangible, including the giving of any "zakat."

17.   The term "material support or resources," as defined by 18 U.S.C.S. § 2339A, shall mean currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

18.   The term "international terrorism," as defined by 18 U.S.C.S. § 2331(1), shall mean activities that -- (A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State; (B) appear to be intended -- (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

19.   The term "domestic terrorism," as defined by 18 U.S.C.S. § 2331(5), shall mean activities that -- (A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; (B) appear to be intended -- (i) to intimidate or coerce

a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination or kidnapping; and (C) occur primarily within the territorial jurisdiction of the United States.

20. The terms "Kingdom of Saudi Arabia" or "KSA" shall mean the Kingdom of Saudi Arabia, including any agency, instrumentality, organ, political subdivision, official, or agent of the Kingdom of Saudi Arabia.

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO THE INTERNATIONAL ISLAMIC RELIEF ORGANIZATION**

1.      Please provide all documents illustrating, describing or otherwise relating to Your formation and organizational structure, the date of incorporation, the state of incorporation, the duration of Your existence, any documents relating to Your initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the International Islamic Relief Organization ("IIRO") (including any subsidiary, affiliate, or branch office).

**ANSWER:**

2.      Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the IIRO (including any subsidiary, affiliate, or branch office), including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER:**

3.      From the period beginning January 1990 through the present, please provide any and all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of the IIRO.

**ANSWER:**

4.      From the period beginning January 1990 through the present, please provide all documents identifying each officer, director, trustee, board member, and/or committee member of the IIRO (including any subsidiary, affiliate, or branch office), including without limitation, any and all documents relating to their appointment, resignation, and/or termination.

**ANSWER:**

5.      From the period beginning January 1990 through the present, please provide all documents relating to any meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of the IIRO, including without limitation, any agendas or meeting minutes.

**ANSWER:**

6.      From the period beginning January 1, 1990 through September 11, 2002, please provide any and all statements for bank accounts held by the IIRO.

**ANSWER:**

7.     From the period beginning January 1990 through the present, please provide any and all financial statements, balance sheets, income statements and annual reports for the IIRO.

**ANSWER:**

8.     From the period beginning January 1990 through the present, please provide all documents relating to all filings submitted to any local, state, or federal agency by You, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Such documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning IIRO's tax-exempt status.

**ANSWER:**

9.     From the period beginning January 1990 through the present, please provide all documents relating to any audit, analysis, examination, or review of the IIRO's investments, assets, capital, and/or financial affairs, conducted either by employees of the IIRO or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.

**ANSWER:**

10.    From the period beginning January 1, 1990 through September 11, 2001, please provide any and all documents identifying projects undertaken or financed by the IIRO, including without limitation, any and all documents summarizing the funds allocated by the IIRO to such projects.

**ANSWER:**

11.    From the period beginning January 1990 through the present, please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by You.  Such documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER:**

12.    From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the IIRO's

headquarters in Saudi Arabia in the fundraising efforts of the IIRO's offices outside of Saudi Arabia.

**ANSWER:**

13.     Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MD 1570, whereby You have agreed to pay, indemnify, or reimburse their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant.  Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

14.     Please provide all documents relating to any understanding or agreement between the IIRO and any other individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse the IIRO for all costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against IIRO.  Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

15. From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO ("IIRO USA"), including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

16. From the period beginning January 1990 through the present, please provide any and all documents exchanged between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO, including without limitation, all documents relating to the transfer of funds between the IIRO headquarters in Saudi Arabia and IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

17. From the period beginning January 1990 through the present, please provide any and all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of any IIRO

office worldwide to IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

18.   From the period beginning January 1990 through the present, provide all documents relating to any fundraising events and/or conferences that were held in the United States for the benefit of the IIRO, IIRO USA, and/or the IRO.  Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

19.   From the period beginning January 1990 through the present, please provide any and all documents relating to the provision of funds or other material support from the Saudi Embassy in Washington D.C., and/or any official or agency of the KSA, to IIRO USA, including the organization registered as the International Relief Organization ("IRO") which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

20.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

**ANSWER:**

21.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Dr. Sulaiman bin Ali Al-Ali, including without limitation, all documents relating to the transfer of funds between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

**ANSWER:**

22.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Sanabel Al Kheer.

**ANSWER:**

23.     From the period beginning January 1980 through January 1990, please provide any and all documents sent to, and/or received from Sanabel Al Kheer, including without limitation, all documents relating to funds raised by Sanabel Al Kheer in support of the IIRO through fundraisers, investments or otherwise.

**ANSWER:**

24.     Provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Muslim World League ("MWL").

**ANSWER:**

25.     From the period beginning January 1990 through the present, please provide any and all documents identifying, describing, or otherwise relating to the transfer of funds between the IIRO and the MWL.

**ANSWER:**

26.     From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the MWL in the fundraising efforts of the IIRO's offices worldwide.

**ANSWER:**

27.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

28.     From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

29.    From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the relationship between the IIRO and any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

30.    From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from, any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

31.    From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in spreading, propagating, or proselytizing Islam outside of the Kingdom of Saudi Arabia, including without limitation any long term strategy, studies or papers.

**ANSWER:**

32.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in advancing the foreign policy objectives of the KSA.

**ANSWER:**

33.     From the period beginning January 1990 through the present, please provide all documents relating to all accounts in any United States, Saudi Arabian, or foreign banking institution You hold or have held jointly with the KSA, any members of the Saudi royal family, and/or any Saudi official acting on behalf of the KSA ("KSA Joint Bank Accounts"), and/or any KSA Joint Bank Accounts over which You hold or have held signatory authority.

**ANSWER:**

34.     Provide all documents relating to the role of the KSA and/or members of the Saudi royal family, in the creation, organization, funding, oversight, supervision, operation, and/or management of the IIRO, including any subsidiary, affiliate, and/or branch office.

**ANSWER:**

35.     Provide all documents relating to the IIRO's initial capitalization and any subsequent funding provided by the KSA, members of the Saudi royal family, and/or any other individuals or entities, including without limitation, any funding provided by the KSA to IIRO through the MWL.

**ANSWER:**

36.     Provide all documents defining, establishing, or relating to the IIRO's privileges, obligations, activities, and/or rights under the laws of the KSA.

**ANSWER:**

37.     Provide all documents relating to any and all laws, statutes, regulations, ordinances, royal decrees, or directives issued by the KSA relating to the IIRO, including but not limited to, documents relating to the organization, funding, oversight, supervision, management, and/or control over the IIRO's operations, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:**

38.     Provide all documents relating to any fundraising events and/or conferences that were held for the benefit of the IIRO and were promoted, sponsored, organized, funded, managed, supervised, or attended by the KSA and/or members of the Saudi family. Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

39.     From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the KSA.

**ANSWER:**

40.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Islamic Republic of Pakistan, including without limitation, any and all documents sent to and/or received from the Islamic Republic of Pakistan.

**ANSWER:**

41.     From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the Islamic Republic of Pakistan.

**ANSWER:**

42.     From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Taliban.

**ANSWER:**

43.     From the period beginning January 1990 through 2002, provide any and all documents relating to the transfer of funds between the IIRO and the Taliban, including without limitation, the transfer of $60 million which was publicly announced by IIRO's Secretary-General Adnan Basha.

**ANSWER:**

44.    From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the persons identified in Exhibit A.

**ANSWER:**

45.    From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the persons identified in Exhibit A, including without limitation, all documents relating to the transfer of funds between the IIRO and those persons.

**ANSWER:**

46.    From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the entities identified in Exhibit B.  In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with any of the entities identified in Exhibit A, please provide such documents.

**ANSWER:**

47.   From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the entities identified in Exhibit B, including without limitation, all documents relating to the transfer of funds between the IIRO and those entities.

**ANSWER:**

48.   From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Hamas, including without limitation, the following Hamas-related entities: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah.  In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with Hamas or any Hamas-related entities, please provide such documents.

**ANSWER:**

49.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Hamas, including without limitation, any Hamas-related entities such as: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah.  Such documents shall include, but are not limited to, all documents relating to the transfer of funds between the IIRO and those entities.

**ANSWER:**

50.     From the date of IIRO's formation to the present, provide any and all documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden, including any member of the Bin Laden family, and the IIRO.

**ANSWER:**

51.     From the period beginning January 1990 through the present, provide any and all documents sent to, and/or received from Osama Bin Laden or any member of the Bin Laden family, including without limitation, all documents relating to the transfer of funds between the IIRO and/or Sanabel Al Kheer and any member of the Bin Laden family.

**ANSWER:**

52.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Al Zawahiri (brother of Dr. Ayman Al Zawahiri – Al Qaida's second-in-command).

**ANSWER:**

53.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Al Zawahiri, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

54.     From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Jamal Khalifa, including without limitation, Khalifa's role in heading the IIRO's office in the Philippines.

**ANSWER:**

55.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Jamal Khalifa, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

56.     Please provide any and all documents relating to the involvement of the IIRO in the struggle against the Soviet occupation of Afghanistan during the 1980s.

**ANSWER:**

57.    Please provide any and all documents relating to the IIRO's role in supporting the mujihadeen forces in Afghanistan in their struggle against Soviet occupation.  For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**

58.    From the period beginning January 1990 through 2002, please provide any and all documents relating to the IIRO's role in supporting training camps in Afghanistan, Pakistan, and Kashmir, including without limitation, the transfer of funds.  For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**

59.    Please provide any and all documents governing, describing, detailing or otherwise relating to any relationship between the IIRO and Maktab al Khidmat (a/k/a the Office of Services).

**ANSWER:**

60.     Please provide any and all documents sent to, and/or received from the Maktab al Khidmat, including without limitation, all documents relating to the transfer of funds between the IIRO and Maktab al Khidmat.

**ANSWER:**

61.     From the period beginning January 1990 through the present, please provide any and all documents authored, published, or disseminated by the IIRO relating to the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

62.     From the period beginning January 1990 through the present, please provide any and all documents relating to fundraising activities conducted by the IIRO in relation to relief or humanitarian efforts, or other operations, in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt. Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

31

63.     From the period beginning January 1990 through the present, please provide any and all interviews, statements or speeches by representatives of the IIRO regarding the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

64.     From the period beginning January 1990 through the present, please provide any and all documents discussing the legitimacy of any armed jihad or resistance by Muslims in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

65.     From the period beginning January 1990 through the present, please provide any and all documents relating to the relationship between the IIRO's Saudi headquarters and the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina.  Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials,

educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

66.    From the period beginning January 1990 through the present, please provide any and all documents relating to the relationships between and among the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina.  Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

67.    From the period beginning January 1990 through the present, provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by the IIRO by which charitable contributions are either made to and/or raised by You, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial

or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER:**

68.     From the period beginning January 1990 through the present, please provide any and all documents relating to the involvement of any official, trustee, committee, or board associated with the IIRO's headquarters in Saudi Arabia in determining how funds collected by the IIRO's offices outside of Saudi Arabia should be allocated and/or in the distribution of funds collected by the offices outside of Saudi Arabia.

**ANSWER:**

69.     From the period beginning January 1990 through September 11, 2001, please provide any and all summaries of contributions received and/or disbursements made by the IIRO.

**ANSWER:**

70.     From the period beginning January 1990 through the present, please provide any and all information contained in any database maintained by the IIRO, identifying or relating to the sources of funds contributed to the IIRO, and/or the destination of funds distributed by the IIRO.

**ANSWER:**

71.     From the period beginning January 1990 through the present, please provide all documents relating to any and all relationships the IIRO has with banks or financial institutions located in the United States, United Kingdom, Saudi Arabia, Jordan, the Philippines, Pakistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina, including without limitation, all documents relating to the transfer of funds.

**ANSWER:**

72.     From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from shari'a boards of any entity including businesses, banks, mosques, and/or charities.

**ANSWER:**

73.     From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Saudi Department of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

**ANSWER:**

74.     From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in the sponsorship of any radical, extremist or terrorist activities or organizations.

**ANSWER:**

75.     From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal or corrupt activities.

**ANSWER:**

76.     From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any military, radical or terrorist activity, plot or attack.

**ANSWER:**

77.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from any third party relating to the alleged involvement of the IIRO, or any employee or person associated with the IIRO, in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

78.     From the period beginning January 1990 through the present, please provide any and all documents relating to the alleged involvement of any Islamic charity or charities in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

79.     From the period beginning January 1990 through the present, please provide any and all documents in Your possession or control relating in any way to IIRO meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER:**

80.     From the period beginning January 1990 through the present, please provide any and all documents relating to any internal investigation by the IIRO into any alleged criminal, corrupt, or extremist activities of any employee or person associated with the IIRO, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

81.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the MWL, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

82.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

83.     From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that any Islamic charity or charities, or employee or person associated with any Islamic charity or charities, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

84.     Provide all documents relating to investigations or inquiries conducted by the United States Government or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator"), or any foreign government or

any foreign-based regulatory body, bank, financial institution, accountant, or auditor ("Foreign Investigator"), into financial transactions linked to accounts held solely or jointly by You.

**ANSWER:**

85.     Provide all documents relating to the Republic of Kenya's investigation and subsequent determination to ban the IIRO in September 1998 following the bombings of the U.S. Embassies in Kenya and Tanzania.

**ANSWER:**

86.     Provide all documents relating to any investigations conducted by the Republic of the Philippines and its subsequent determination that the IIRO office in the Philippines was used to finance terrorist organizations, including but not limited to, Al Qaida, Abu Sayyaf, and the Moro Islamic Liberation Front ("MILF").

**ANSWER:**

87.    Provide all documents relating to any investigations conducted by the Islamic Republic of Pakistan and its subsequent determination to expel IIRO personnel after September 11, 2001.

**ANSWER:**

88.    Provide all copies of any and all documents and things that have been seized by, or produced by the IIRO to, any investigators, auditors, and/or government agencies concerning the IIRO's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER:**

89.    From the period beginning January 1990 through the present, please provide any and all documents relating to any action taken by the IIRO to prevent criminal activities, including the sponsorship of terrorist or radicals, by persons employed by, or affiliated with the IIRO or any of its branch offices.

**ANSWER:**

90.    From the period beginning January 1990 through the present, please provide any and all documents relating to any action undertaken by the IIRO to remove or purge radical or corrupt elements or individuals from the IIRO's branch offices.

**ANSWER:**

91.    Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any IIRO subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent, employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

92.    Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any individual, including but not limited to, any of the persons identified in Exhibit A, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

93.     Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any Islamic charity, benevolent association, IIRO supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks, including but not limited to, any of the entities identified in Exhibit B, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

94.     Provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by the IIRO concerning the acceptance and distribution of monetary donations, which are currently being used or were used to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER:**

95.     Provide copies of any and all laws, statutes, regulations, ordinances, or royal decrees which would have prohibited any Islamic charity or benevolent association from: (i) engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to Islamic radicals, fundamentalists, extremists or persons or organizations associated with

43

international terrorism or domestic terrorism; and/or (ii) providing material support or resources to al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations.

**ANSWER:**

96.     Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any subsidiary, affiliate, or branch office of the IIRO, including any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of the IIRO, may have been or was engaging in conduct unrelated to the IIRO's ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

97.     Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any persons identified Exhibit A, may have been or were engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

98.     Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks.

**ANSWER:**

99.    From the period beginning January 1990 through the present, please provide an electronic or paper copy of all web-pages that were ever operated by the IIRO and/or or its worldwide subsidiaries, affiliates, or branch offices.  Such documents shall include, but are not limited to, the e-mail server(s), webmaster(s), website designer(s), domain names, and registration of domain names.

**ANSWER:**

100.    Please provide all documents relating to any "web links" that any IIRO website(s) have to other internet websites, web-pages and/or chat rooms.  Such documents shall include, but are not limited to, the reason or purpose for the link, how the decision was made to add such a link to the website, whether the IIRO received any compensation for maintaining the link, and the content of the linked internet website, web page or chat room.

**ANSWER:**

101.    Please provide any internal regulations, rules, or protocols relating to web-links, e-mail, and website uses.

**ANSWER:**

102.    Please provide all electronically-stored materials which relate to the subject matter of the documents and things described herein including: (i) data files created by a word processor, spreadsheet or other application software; (ii) databases and structural information about the databases, including network activity logs and audit trails; (iii) electronic calendars and telephone logs; whether this information exists on a network file server, main frame computer, mini-computer, stand-alone personal computer, network workstation, off-line data-storage media, including back-ups and archives, floppy diskettes, tapes and other removable electronic media.

**ANSWER:**


103.    Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by the IIRO.

**ANSWER:**


104.    Please provide a copy of any and all IIRO "document retention" policies, plans, or programs.

**ANSWER:**

105.    Please provide any and all records or documents relating to the destruction of documents, including descriptions of all destroyed documents by the IIRO.

**ANSWER:**

106.    Please provide copies of all reports, correspondence and records from any expert expected to testify at trial which relate to the subject matter of this case.  Such documents shall include, but are not limited to, all expert reports and all documents reviewed and relied upon by any expert expected to testify at trial.

**ANSWER:**

107.    Please provide each exhibit that You intend to rely upon at trial.

**ANSWER:**

## EXHIBIT A

Abdel Hamid Daghestani
Abdel Aziz Zaher
Abdelkarim al Nadi
Abdelradi Ahmad
Abdullah Mohammed Al Sagheer
Abdulnassir S. Osman
Abdulrahman Bin Mahfouz
Abdulrahman Satti
Abu Omar Ahmad al Hammi
Abu Talal Al-Qasimy a/k/a Tallat Fouad Qassem
Abu Zubayda
Adel Al Tayib
Adel Batterjee
Abdel Aziz Zaher a/k/a Abu Anas
Abdelrahman Sharif
Ahmad Saeed Khadr a/k/a Abdel Rahman Al-Kanadi
Ahmed Hussain Shameet
Ahmed Jubran
Ahmed Mohammed Hamed
Ait Idr Mustafa
Alarabi Sidiq Hafiz
Arafat El Asahi
Bassam A. Alim
Dr. Abdullah Bin Saleh Al Obaid
Dr. Ayman Mohammed Rabie Al-Zawahiri
Dr. Farid Yasin Qurashi
Djamel Lamrani a/k/a Abu Musab Al-Djazairi
Fayez Ahmed Alshehri
General Ali Mukhtar Kamal
Ghazi Mahfooz Felemban
Hassain Ali al Ghanam
Hassan Bahafzallah
Hisham Al Talib
Hussain Ali Al-Ghanam
Ibrahim Hassabella
Ibrahim Hussain Bahafzallah
Ihab Ali
Izzat Yasin
Jamal Al-Jibouri
Khaled al Arouri a/k/a Abu Ashraf
Khalid Bin Mahfouz
Khalil Abdelaziz

Mahmoud Abdel-Jalil
Mahmoud Jaballa
Mohamed Al Sayyaf a/k/a Abu Omar
Mohamed Al Siraj
Mohamed Atta
Mohamed Khatib
Mohamed Loay Bayazid
Mohammed Abdullah Al-Jomaih
Mohammed Jamal Khalifa
Mohammed Khatib
Mustafa Ahmed al Hawsawi
Mustapha Hamza
Osama Bin Laden
Ramzi Yousef
Safwat Hasan Abdelghani
Samir Salah
Sayed Abu Nasir
Sheikh Abdullah Azzam
Sheikh Ahmed Al-Gamdin
Sheikh Ahmed Azzam
Soliman Biheiri
Sulaiman bin Abdulaziz al-Rajhi
Talat Fouad Qasim
Tariq Bin Laden
Wadi El-Hage
Wael Julaidan
Wali Khan Amin Shah
Zakaria M. Shikh

## EXHIBIT B

Abu Sayyaf
Advice and Reformation Committee
Afghan Support Committee
African Muslim Agency
Al Aqsa Mosque Foundation
Al Bir Saudi Organization
Al Bunyan Al Mahrsous a/k/a Al Jihad
Al Haramain Islamic Foundation
Al Haramain Islamic Foundation, Inc.
Al Kifah Refugee Center
Al Qaeda
Al Rajhi Banking & Investment Corp.
Al Rashid Trust
Al Shamal Islamic Bank
American Muslim Foundation
Arab Bank
Aradi, Inc.
ASAT Trust
Aqsa Islamic Bank
Barakaat International Foundation
Benevolence International Fund
Benevolence International Foundation
Blessed Relief Foundation
BMI, Inc. a/k/a Bait ul-Mail
Bosanka Idealna Futura
Dubai Islamic Bank
Faisal Islamic Bank – Sudan
First American Bank – United States
Global Chemical Corporation a/k/a Amana Industrial and Trading
Global Relief Foundation a/k/a Muwafaq
Global Services International a/k/a Foundation Secours Mondial
Grove Corporate, Inc.
Help African People
Heritage Education Trust
Holy Land Foundation
Horn of Africa Relief Agency ("HARA")
Human Concern International Society
Ibrahim Bin Abdulaziz Al Ibrahim Foundation
International Development Foundation
International Institute of Islamic Thought
International Islamic Relief Organization
International Relief Organization
Islamic African Relief Agency a/k/a Islamic American Relief Agency

Islamic Assembly of North America
Islamic Coordination Council (Peshawar, Pakistan)
Islamic Development Bank
Islamic Relief Agency of Dublin, Ireland
Islamic Salvation Front of Algeria
Jam'Yah Ta'Awun Al Islamia
Lajnat al Dawa of Kuwait
Mar-Jac Investments, Inc.
Mar-Jac Poultry, Inc.
Mena Corporation
Mercy International Relief Agency
Moro Islamic Liberation Front
Muslim Brotherhood
Muslim Student's Association
National Commercial Bank
National Development Bank
North American Trust
Rabita Trust
Reston Investments, Inc.
Saar Foundation
Saar International
Safa Trust
Sana-Bell, Inc.
Sanabel Al-Kheer, Inc.
Sanabil Al-Khair
Sanabil Relief Agency
Saudi American Bank
Saudi High Commission for Aid to Bosnia
Saudi Joint Relief Committee
Saudi Red Crescent Committee
Saudi Sudanese Bank
Somalia International Relief Organization
Sterling Charitable Gift Fund
Sterling Management Group, Inc.
Success Foundation
Tadamon Islamic Bank
Taibah International Aid Association
The Aid Organization of the Ulema
The Committee for the Defense of Legitimate Rights
Wafa Humanitarian Organization
World Assembly of Muslim Youth
York Foundation

PHILA1\2378678\3 117430.000

52

# **Exhibit B**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Federal Insurance Co. v. al Qaida*, Case No. 03-CV-6978 (RCC) (S.D.N.Y.)
*Kathleen Ashton v. Al Qaeda Islamic Army*, Case No. 02-CV-6977 (RCC) (S.D.N.Y.)
*Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.*, Case No. 03-CV-9849 (RCC) (S.D.N.Y.)

## <u>INTERNATIONAL ISLAMIC RELIEF ORGANIZATION'S RESPONSES TO THE PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:          202-862-4343
Facsimile:      202-828-4130

*Attorney for Defendant*

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant International Islamic Relief Organization, Saudi Arabia (hereinafter "IIROSA"), by and through its undersigned attorneys, respond to Plaintiffs' first request for documents.

In furnishing these responses and in producing documents in connection herewith, Defendant does not admit or concede the relevance, materiality, authenticity or admissibility in evidence of any such responses or documents. All objections to the use, at hearing or otherwise, of any of these responses or documents produced in connection herewith are expressly reserved.

## GENERAL OBJECTIONS

Defendant makes the following General Objections to Plaintiffs' First Request for Production of Documents (hereinafter referred to as "Production Requests"):

1.      Defendant is providing this response and producing documents without waiver of or prejudice to his right, at any later time, to raise objections to (a) the relevance, materiality, or admissibility of (i) the Production Requests or any part thereof, (ii) statements made in this response to the Production Requests or any part thereof, or (iii) any document produced pursuant to this response, or (b) any further demand for discovery involving or relating to the matters raised in the Production Requests.

2.      Defendant undertakes to produce documents in response to the Production Requests only to the extent required by the FRCP and Defendant objects to the "Instructions and Definitions" contained in the Production Requests to the extent they exceed or conflict with those Rules.

3.      Defendant objects to the Production Requests to the extent that they demand production of any document covered by the attorney-client privilege or the work product

doctrine, or any other applicable privilege. In the event that Defendant produces any privileged document, its production is inadvertent and does not constitute a waiver of any privilege.

4.    Due to the fact that Plaintiffs' have served Defendant with 811 document requests and given the limited time available for Defendants to respond, the production set forth below is based upon information now available to the Defendant as to any files in his possession, custody, or control that reasonably relate to one or more of the specific requests contained in the Production Requests. Defendant objects to the Production Requests to the extent they purport to demand production of documents not in Defendant's possession, custody, or control or to require a search of files that do not reasonably relate to one or more of the specific requests contained in the Production Requests. Further, Defendant reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below and the production made pursuant thereto.

5.    In the responses to specific Production Requests that follow, a statement that responsive documents will be produced does <u>not</u> mean (a) that any documents exist or (b) that they are in the possession, custody, or control of the Defendant. Obviously, these prerequisites must be met before there could be any production of such documents by Defendant.

6.    Defendant objects to the Production Requests to the extent they purport to demand production of any documents containing confidential or proprietary, commercial, or financial information in the absence of a suitable and mutually agreeable protective order mandating that the confidentiality of such documents be preserved and maintained.

7.    Defendant objects to the production of any documents falling within one of the general objections set forth above or within one of the specific objections set forth below. In the event Defendant produces any document falling within such an objection, its production does not

constitute waiver of the objection.  The responses to the specific Production Requests are subject to the general responses and objections set forth in Paragraphs 1-7.

## PRODUCTION REQUESTS

### REQUEST 1:

Please provide all documents illustrating, describing or otherwise relating to Your formation and organizational structure, the date of incorporation, the state of incorporation, the duration of Your existence, any documents relating to Your initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the International Islamic Relief Organization ("IIRO") (including any subsidiary, affiliate, or branch office).

### ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

### REQUEST 2:

Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the IIRO (including any subsidiary, affiliate, or branch office), including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

### ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 3:

From the period beginning January 1990 through the present, please provide any and all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of the IIRO.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 4:

From the period beginning January 1990 through the present, please provide all documents identifying each officer, director, trustee, board member, and/or committee member of the IIRO (including any subsidiary, affiliate, or branch office).

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 5:

From the period beginning January 1990 through the present, please provide all documents relating to any meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of the IIROL, including without limitation, any agendas or meeting minutes.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 6:

From the period beginning January 1, 1990 through September 11, 2002, please provide any and all statements for bank accounts held by the IIRO.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. <u>See</u> <u>Terror Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 7:

From the period beginning January 1990 through the present, please provide any and all financial statements, balance sheets, income statements and annual reports for the IIRO.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. <u>See</u> <u>Terror Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 8:

From the period beginning January 1990 through the present, please provide all documents relating to all filings submitted to any local, state, or federal agency by You, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Such documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning IIRO's tax-exempt status.

## ANSWER:

No such documents responsive to request exist, as such, none will be produced.

**REQUEST 9:**

From the period beginning January 1990 through the present, please provide all documents relating to any audit, analysis, examination, or review of the IIRO's investments, assets, capital, and/or financial affairs, conducted either by employees of the IIRO or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 10:**

From the period beginning January 1, 1990 through September 11, 2001, please provide any and all documents identifying projects undertaken or financed by the IIRO, including without limitation, any and all documents summarizing the funds allocated by the IIRO to such projects.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and vague as to the term "projects."

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 11:**

From the period beginning January 1990 through the present, please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by You. Such documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 12:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the IIRO's headquarters in Saudi Arabia in the fundraising efforts of the IIRO's offices outside of Saudi Arabia.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 13:

Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MD 1570, whereby You have agreed to pay, indemnify, or reimburse their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 14:

Please provide all documents relating to any understanding or agreement between the IIRO and any other individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse the IIRO for all costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against IIRO. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

To the extent that this request seeks information from the government of Saudi Arabia, it will not be produced due to Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein and further subject to disposition of Defendant's anticipated Motion for a Protective Order.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 15:**

From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO ("IIRO USA"), including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction..

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 16:**

From the period beginning January 1990 through the present, please provide any and all documents exchanged between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO, including without limitation, all documents relating to the transfer of funds between the IIRO headquarters in Saudi Arabia and IIRO USA, including the organization

registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction., subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein and further subject to disposition of Defendant's anticipated Motion for a Protective Order.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 17:**

From the period beginning January 1990 through the present, please provide any and all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of any IIRO office worldwide to IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction..

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 18:**

From the period beginning January 1990 through the present, provide all documents relating to any fundraising events and/or conferences that were held in the United States for the benefit of the IIRO, IIRO USA, and/or the IRO. Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request to the extent it has been asked and answered.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 19:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the provision of funds or other material support from the Saudi Embassy in Washington D.C., and/or any official or agency of the KSA, to IIRO USA, including the organization registered as the International Relief Organization ("IRO") which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

To the extent that this request seeks information from the government of Saudi Arabia, it will not be produced due to Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction., subject to disposition of Defendant's anticipated Motion for a Protective Order.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 20:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

## ANSWER:

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

At this time, we believe that if any and all documents called for in this request exist, they would predate the 1996 timeframe.  As such, no documents will be produced at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 21:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Dr. Sulaiman bin Ali Al-Ali, including without limitation, all documents relating to the transfer of funds between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

## ANSWER:

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

At this time, we believe that if any and all documents called for in this request exist, they would predate the 1996 timeframe.  As such, no documents will be produced at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 22:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Sanabel Al Kheer.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.  Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 23:**

From the period beginning January 1980 through January 1990, please provide any and all documents sent to, and/or received from Sanabel Al Kheer, including without limitation, all documents relating to funds raised by Sanabel Al Kheer in support of the IIRO through fundraisers, investments or otherwise.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects on relevancy grounds.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 24:

Provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Muslim World League ("MWL").

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

To the extent that this request seeks information from the government of Saudi Arabia, it will not be produced due to Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 25:

From the period beginning January 1990 through the present, please provide any and all documents identifying, describing, or otherwise relating to the transfer of funds between the IIRO and the MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 26:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the MWL in the fundraising efforts of the IIRO's offices worldwide.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 27:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 28:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 29:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the relationship between the IIRO and any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

## ANSWER:

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 30:

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from, any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 31:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in spreading, propagating, or proselytizing Islam outside of the Kingdom of Saudi Arabia, including without limitation any long term strategy, studies or papers.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.  Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 32:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in advancing the foreign policy objectives of the KSA.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad. Defendant further objects to this request on relevancy grounds.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 33:**

Provide all documents relating to all accounts in any United States, Saudi Arabian, or foreign banking institution You hold or have held jointly with the KSA, any members of the Saudi royal family, and/or any Saudi official acting on behalf of the KSA ("KSA Joint Bank Accounts"), and/or any KSA Joint Bank Accounts over which You hold or have held signatory authority.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. <u>See</u> <u>Terror Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 34:

Provide all documents relating to the role of the KSA and/or members of the Saudi royal family, in the creation, organization, funding, oversight, supervision, operation, and/or management of the IIRO, including any subsidiary, affiliate, and/or branch office.

## ANSWER:

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Furthermore, this request is a disguised attempt to secure discovery from the Kingdom of Saudi Arabia and members of Royal Family, defendants who have been dismissed herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 35:

Provide all documents relating to the IIRO's initial capitalization and any subsequent funding provided by the KSA, members of the Saudi royal family, and/or any other individuals or entities, including without limitation, any funding provided by the KSA to IIRO through the MWL.

## ANSWER:

To the extent that this request Seeks information regarding the Kingdom of Saudi Arabia and members of the Royal Family and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that the defendants have successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Excluding documents pertaining to subsequent funding from private sources other than the KSA or members of the Royal Family, any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah.

**REQUEST 36:**

Provide all documents defining, establishing, or relating to the IIRO's privileges, obligations, activities, and/or rights under the laws of the KSA.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction subject to the plaintiffs agreeing to pay for the services of an attorney licensed to practice in Saudi Arabia.

**REQUEST 37:**

Provide all documents relating to any and all laws, statutes, regulations, ordinances, royal decrees, or directives issued by the KSA relating to the IIRO, including but not limited to, documents relating to the organization, funding, oversight, supervision, management, and/or control over the IIRO's operations, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:**

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction subject to the plaintiffs agreeing to pay for the services of an attorney licensed to practice in Saudi Arabia.

## REQUEST 38:

Provide all documents relating to any fundraising events and/or conferences that were held for the benefit of the IIRO and were promoted, sponsored, organized, funded, managed, supervised, or attended by the KSA and/or members of the Saudi family. Such documents shall include, but are not limited to, those identified in Request #11.

## ANSWER:

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Furthermore, this request is a disguised attempt to secure discovery from the Kingdom of Saudi Arabia and members of Royal Family. Both have been dismissed herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request to the extent it has been asked and answered.

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 39:

From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the KSA.

**ANSWER:**

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Furthermore, this request is a disguised attempt to secure discovery from the Kingdom of Saudi Arabia and members of Royal Family. Both have been dismissed herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 40:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Islamic Republic of Pakistan, including without limitation, any and all documents sent to and/or received from the Islamic Republic of Pakistan.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant also objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 41:

From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the Islamic Republic of Pakistan.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 42:

From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Taliban.

## ANSWER:

No documents governing, describing, detailing, or otherwise relating to any relationship between the IIROSA (including any subsidiary, affiliate, or branch office) and the Taliban can be produced as no documents of this kind exist.

## REQUEST 43:

From the period beginning January 1990 through 2002, provide any and all documents relating to the transfer of funds between the IIRO and the Taliban, including without limitation,

the transfer of $60 million which was publicly announced by IIRO's Secretary-General Adnan Basha.

**ANSWER:**

No documents relating to the transfer of funds between the IIROSA and the Taliban will be produced as no documents of this kind exist.

**REQUEST 44:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the persons identified in Exhibit A.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship between IIRO and the first person listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

Any and all other documents called for in this request will not be produced.

**REQUEST 45:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the persons identified in Exhibit A, including without limitation, all documents relating to the transfer of funds between the IIRO and those persons.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship between IIRO and the first person listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

Any and all other documents called for in this request will not be produced.

## REQUEST 46:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the entities identified in Exhibit B.  In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with any of the entities identified in Exhibit A, please provide such documents.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship between IIRO and the first entity listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

Any and all other documents called for in this request will not be produced.

## REQUEST 47:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the entities identified in Exhibit B, including without limitation, all documents relating to the transfer of funds between the IIRO and those entities.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents sent to, and/or received from the first entity listed in Exhibit B will be available for inspection in Jeddah at Plaintiff's cost and direction.

Any and all other documents called for in this request will not be produced.

## REQUEST 48:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Hamas, including without limitation, the following Hamas-related entities:  the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah.  In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with Hamas or any Hamas-related entities, please provide such documents.

## ANSWER:

This documents request is objected to since it is not reasonably calculated to lead to the discovery of admissible evidence or a claim or a defense in this case since the funding of Hamas has never been linked to the funding of the 9/11 hijackers in any manner.  Defendant submits that this request is nothing more than a disguised attempt to seek discovery which would be relevant in Courtney Linde, et al v. Arab Bank, PLC, Case No. CV 04 2799 – a pending case in the Eastern District of New York – however, is not relevant in the present matter.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

**REQUEST 49:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Hamas, including without limitation, any Hamas-related entities such as: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah. Such documents shall include, but are not limited to, all documents relating to the transfer of funds between the IIRO and those entities.

**ANSWER:**

This documents request is objected to since it is not reasonably calculated to lead to the discovery of admissible evidence or a claim or a defense in this case since the funding of Hamas has never been linked to the funding of the 9/11 hijackers in any manner. Defendant submits that this request is nothing more than a disguised attempt to seek discovery which would be relevant in <u>Courtney Linde, et al v. Arab Bank, PLC, Case No. CV 04 2799</u> – a pending case in the Eastern District of New York – however, is not relevant in the present matter.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

**REQUEST 50:**

From the date of IIRO's formation to the present, provide any and all documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden, including any member of the Bin Laden family, and the IIRO.

**ANSWER:**

No documents will be produced to this Production Request as no documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden and IIROSA, including any subsidiary, affiliate, or branch office exist.

To the extent that documents exist pertaining to relationships between IIROSA and other members of the Bin Laden family and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 51:**

From the period beginning January 1990 through the present, provide any and all documents sent to, and/or received from Osama Bin Laden or any member of the Bin Laden family, including without limitation, all documents relating to the transfer of funds between the IIRO and/or Sanabel Al Kheer and any member of the Bin Laden family.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

To the extent that members of the Bin Laden family made a commitment to transfer funds to IIROSA any and all such documents are located in Saudi Arabia and if they were produced or published after in or after 1996 through 2001, they will be available for inspection in Jeddah at Plaintiff's cost and direction.

To the extent that this request seeks information relating to the transfer of funds between IIROSA and Osama Bin Laden, no documents will be produced as no such documents exist.

To the extent that this request seeks information relating to the transfer of funds between IIROSA and/or Sanabel Al Kheer, Defendant objects that this request has been asked and answered.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 52:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Al Zawahiri (brother of Dr. Ayman Al Zawahiri – Al Qaida's second-in-command).

**ANSWER:**

No documents will be produced to this Production Request as no documents relating to the transfer of IIROSA funds between Mohammed Al Zawahiri and IIROSA exist.

**REQUEST 53:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Al Zawahiri, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

No documents will be produced to this Production Request as no documents relating to the transfer of IIROSA funds between Mohammed Al Zawahiri and IIROSA exist.

**REQUEST 54:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Jamal Khalifa, including without limitation, Khalifa's role in heading the IIRO's office in the Philippines.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005). Based upon information and belief and the various allegations made against Mr. Khalifa, the claims asserted herein against Mr. Khalifa and thus IIROSA arose out of conduct he allegedly engaged in up through and including 1993. Given this time frame, no documents will be produced based upon Judge Casey's decision. Notwithstanding the foregoing and without waiving any objections, Defendant IIROSA has in its possession a copy of the Jordanian Court of Appeals decision which cleared Mr. Khalifa of any and all criminal charges arising out of conduct alleged herein. That document will be available for inspection in the office of undersigned counsel.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 55:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Jamal Khalifa, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005). Based upon information and belief and the various allegations made against Mr. Khalifa, the claims asserted herein against Mr. Khalifa and thus IIROSA arose out of conduct he allegedly engaged in up through and including 1993. Given this time frame, no documents will be produced based upon Judge Casey's decision. Notwithstanding the foregoing and without waiving any objections, Defendant IIROSA has in its possession a copy of the Jordanian Court of Appeals decision which cleared Mr. Khalifa of any and all criminal charges arising out of conduct alleged herein. That document will be available for inspection in the office of undersigned counsel.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.


**REQUEST 56:**

Please provide any and all documents relating to the involvement of the IIRO in the struggle against the Soviet occupation of Afghanistan during the 1980s.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad. Defendant further objects to this request on relevancy grounds.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the IIRO in the struggle against the Soviet occupation of Afghanistan during the 1980s. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

**REQUEST 57:**

Please provide any and all documents relating to the IIRO's role in supporting the mujihadeen forces in Afghanistan in their struggle against Soviet occupation. For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and seeks the same information called for in request #56.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the IIROSA in the struggle against the Soviet occupation of Afghanistan during the 1980s. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

**REQUEST 58:**

From the period beginning January 1990 through 2002, please provide any and all documents relating to the IIRO's role in supporting training camps in Afghanistan, Pakistan, and Kashmir, including without limitation, the transfer of funds. For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**

Defendant assumes in responding to this request that "training camps" mean locations where people are trained to engage in physical violence, military maneuvers, and the like. Assuming that this is the type of "training camp" referred to in this request, no documents will be produced because no documents exist.

**REQUEST 59:**

Please provide any and all documents governing, describing, detailing or otherwise relating to any relationship between the IIRO and Maktab al Khidmat (a/k/a the Office of Services).

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the IIROSA in the struggle against the Soviet occupation of Afghanistan during the 1980s.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

**REQUEST 60:**

Please provide any and all documents sent to, and/or received from the Maktab al Khidmat, including without limitation, all documents relating to the transfer of funds between the IIRO and Maktab al Khidmat.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and seeks the same information called for in request #59.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the IIROSA in the struggle against the Soviet occupation of Afghanistan during the 1980s.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

**REQUEST 61:**

From the period beginning January 1990 through the present, please provide any and all documents authored, published, or disseminated by the IIRO relating to the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina,

Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction. Documents pertaining to the other countries will not be produced.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 62:**

From the period beginning January 1990 through the present, please provide any and all documents relating to fundraising activities conducted by the IIRO in relation to relief or humanitarian efforts, or other operations, in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt. Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction. Documents pertaining to the other countries will not be produced.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 63:**

From the period beginning January 1990 through the present, please provide any and all interviews, statements or speeches by representatives of the IIRO regarding the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all remaining documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction. Documents pertaining to the other countries will not be produced.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 64:**

From the period beginning January 1990 through the present, please provide any and all documents discussing the legitimacy of any armed jihad or resistance by Muslims in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all remaining documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction. Documents pertaining to the other countries will not be produced.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 65:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the relationship between the IIRO's Saudi headquarters and the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina. Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 66:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the relationships between and among the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina. Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 67:**

From the period beginning January 1990 through the present, provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by the IIRO by which charitable contributions are either made to and/or raised by You, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 68:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the involvement of any official, trustee, committee, or board associated with the IIRO's headquarters in Saudi Arabia in determining how funds collected by the IIRO's offices outside of Saudi Arabia should be allocated and/or in the distribution of funds collected by the offices outside of Saudi Arabia.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 69:**

From the period beginning January 1990 through September 11, 2001, please provide any and all summaries of contributions received and/or disbursements made by the IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 70:**

From the period beginning January 1990 through the present, please provide any and all information contained in any database maintained by the IIRO, identifying or relating to the sources of funds contributed to the IIRO, and/or the destination of funds distributed by the IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 71:**

From the period beginning January 1990 through the present, please provide all documents relating to any and all relationships the IIRO has with banks or financial institutions located in the United States, United Kingdom, Saudi Arabia, Jordan, the Philippines, Pakistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina, including without limitation, all documents relating to the transfer of funds.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 72:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from shari'a boards of any entity including businesses, banks, mosques, and/or charities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 73:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Saudi Department of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

**ANSWER:**

Based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 74:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in the sponsorship of any radical, extremist or terrorist activities or organizations.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 75:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal or corrupt activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 76:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any military, radical or terrorist activity, plot or attack.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and also is repetitive of Production Requests #74 and #75.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 77:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from any third party relating to the alleged involvement of the IIRO, or any employee or person associated with the IIRO, in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 78:

From the period beginning January 1990 through the present, please provide any and all documents relating to the alleged involvement of any Islamic charity or charities in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 79:

From the period beginning January 1990 through the present, please provide any and all documents in Your possession or control relating in any way to IIRO meetings, correspondence, statements, or other communications concerning terrorist financing.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request to the extent it has been asked and answered.

No documents will be produced regarding IIRO and communications concerning terrorist financing as no such documents exist.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 80:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any internal investigation by the IIRO into any alleged criminal, corrupt, or extremist activities of any employee or person associated with the IIRO, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 81:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the MWL, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 82:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 83:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that any Islamic charity or charities, or employee or person associated with any Islamic charity or charities, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

## ANSWER:

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 84:

Provide all documents relating to investigations or inquiries conducted by the United States Government or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator"), or any foreign government or any foreign-based regulatory body, bank, financial institution, accountant, or auditor ("Foreign Investigator"), into financial transactions linked to accounts held solely or jointly by You.

## ANSWER:

Based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 85:

Provide all documents relating to the Republic of Kenya's investigation and subsequent determination to ban the IIRO in September 1998 following the bombings of the U.S. Embassies in Kenya and Tanzania.

## ANSWER:

Defendant objects to the characterization that IIROSA was banned.  The initial decision to remove IIROSA from Kenya was reversed.  To this day IIROSA operates in both Tanzania

and Kenya with full knowledge and backing of these two respective governments. In connection with the U.S. Embassy bombings, 1600 individuals were interviewed, including employees who worked with IIRO in delivering needed humanitarian services. None of these interviewed individuals were detained or indicted. Moreover, IIROSA was never indicted by the U.S. regarding alleged connections to the bombings of the U.S. embassies.

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 86:

Provide all documents relating to any investigations conducted by the Republic of the Philippines and its subsequent determination that the IIRO office in the Philippines was used to finance terrorist organizations, including but not limited to, Al Qaida, Abu Sayyaf, and the Moro Islamic Liberation Front ("MILF").

## ANSWER:

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005). Based upon information and belief and the various allegations made against Mr. Khalifa, the claims asserted herein against Mr. Khalifa and thus IIROSA arose out of conduct he allegedly engaged in up through and including 1993. Given this time frame, no documents will be produced based upon Judge Casey's decision. Notwithstanding the foregoing and without waiving any objections, Defendant IIROSA has in its possession a copy of the Jordanian Court of Appeals decision which cleared Mr. Khalifa of any and all criminal charges arising out of conduct alleged herein. That document will be available for inspection in the office of undersigned counsel.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 87:

Provide all documents relating to any investigations conducted by the Islamic Republic of Pakistan and its subsequent determination to expel IIRO personnel after September 11, 2001.

## ANSWER:

IIROSA has been received by the Pakistan government as an NGO to provide humanitarian services and to this day has been duly licensed to provide such services.

No documents will be produced for this request as no such investigation by the Islamic Republic of Pakistan has occurred.

**REQUEST 88:**

Provide all copies of any and all documents and things that have been seized by, or produced by the IIRO to, any investigators, auditors, and/or government agencies concerning the IIRO's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 89:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any action taken by the IIRO to prevent criminal activities, including the sponsorship of terrorist or radicals, by persons employed by, or affiliated with the IIRO or any of its branch offices.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 90:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any action undertaken by the IIRO to remove or purge radical or corrupt elements or individuals from the IIRO's branch offices.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 91:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any IIRO subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent, employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 92:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any individual, including but not limited to, any of the persons identified in Exhibit A, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the first individual listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 93:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any Islamic charity, benevolent association, IIRO supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks, including but not limited to, any of the entities identified in Exhibit B, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the

relationship between IIROSA and the first entity listed in Exhibit B will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 94:

Provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by the IIRO concerning the acceptance and distribution of monetary donations, which are currently being used or were used to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 95:

Provide copies of any and all laws, statutes, regulations, ordinances, or royal decrees which would have prohibited any Islamic charity or benevolent association from: (i) engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) providing material support or resources to al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah subject to the plaintiffs agreeing to pay for the services of an attorney licensed to practice in Saudi Arabia.

## REQUEST 96:

Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any subsidiary, affiliate, or branch office of the IIRO, including any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of the IIRO, may have been or was engaging in conduct unrelated to the IIRO's ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 97:

Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any persons identified Exhibit A, may have been or were engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether

you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all 1996-2001 documents relating to the first individual listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 98:**

Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks.

**ANSWER:**

No documents relating to any and all information or notification IIROSA received prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks will be produced/provided as no such documents exist.

**REQUEST 99:**

From the period beginning January 1990 through the present, please provide an electronic or paper copy of all web-pages that were ever operated by the IIRO and/or its worldwide subsidiaries, affiliates, or branch offices. Such documents shall include, but are not limited to, the e-mail server(s), webmaster(s), website designer(s), domain names, and registration of domain names.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 100:**

Please provide all documents relating to any "web links" that any IIRO website(s) have to other internet websites, web-pages and/or chat rooms.  Such documents shall include, but are not limited to, the reason or purpose for the link, how the decision was made to add such a link to the website, whether the IIRO received any compensation for maintaining the link, and the content of the linked internet website, web page or chat room.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 101:**

Please provide any internal regulations, rules, or protocols relating to web-links, e-mail, and website uses.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 102:

Please provide all electronically-stored materials which relate to the subject matter of the documents and things described herein including: (i) data files created by a word processor, spreadsheet or other application software; (ii) databases and structural information about the databases, including network activity logs and audit trails; (iii) electronic calendars and telephone logs; whether this information exists on a network file server, main frame computer, mini-computer, stand-alone personal computer, network workstation, off-line data-storage media, including back-ups and archives, floppy diskettes, tapes and other removable electronic media.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 103:

Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by the IIRO.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 104:**

Please provide a copy of any and all IIRO "document retention" policies, plans, or programs.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005)

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 105:**

Please provide any and all records or documents relating to the destruction of documents, including descriptions of all destroyed documents by the IIRO.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005)

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 106:**

Please provide copies of all reports, correspondence and records from any expert expected to testify at trial which relate to the subject matter of this case. Such documents shall include, but are not limited to, all expert reports and all documents reviewed and relied upon by any expert expected to testify at trial.

**ANSWER:**

No experts have yet been consulted and/or retained at this time.

**REQUEST 107:**

Please provide each exhibit that You intend to rely upon at trial.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Presently, this request is premature and so Defendant IIROSA has no obligation to identify said exhibits at this time.

## DEFENDANT'S DECLARATION

I declare under penalty of perjury that the above answers to Plaintiffs' requests for production are true and correct to the best of my knowledge, information and belief.

Respectfully Submitted,

_____          _____
                                          Date

By Counsel,

**MARTIN F. MCMAHON & ASSOCIATES**

_____          _____
Martin F. McMahon                         Lisa D. Angelo
D.C. Bar No.: # 196642                    D.C. Bar No.: # 491206
1150 Connecticut Ave. N.W., Suite 900     1150 Connecticut Ave., N.W. Suite 900
Washington, DC 20036                      Washington, DC 20036
Telephone: (202) 862-4343                 Telephone: (202) 862-4356
Facsimile: (202) 828-4130                 Facsimile: (202) 828-4130
*Attorney for Defendant*                  *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of February, 2006, a copy of the foregoing Answers to Plaintiffs' Requests for Production were mailed, postage pre-paid to:

Mr. Sean P. Carter, Esq.
Cozen O'Connor
1900 Market St.
Philadelphia, Pa. 19103-3508

Lisa D. Angelo, Esq.

# **Exhibit C**

# MARTIN F. MCMAHON & ASSOCIATES

1150 CONNECTICUT AVENUE, N.W.
SUITE 900
WASHINGTON, D.C. 20036

MARTIN F. MCMAHON
  Managing Partner
  Admitted in District of Columbia, New York
  and U.S. District Court of Maryland

CHRISTINE M. HILGEMAN
  Associate
  Admitted in Virginia

JAMES M. LUDWIG
  Of Counsel
  Admitted in District of Columbia

Established 1978

TELEPHONE (202) 862-4343
FACSIMILE (202) 828-4130

www.martinmcmahonlaw.com

JASON A. DZUBOW
Of Counsel
Admitted in District of Columbia and
Maryland

TODD E. GALLINGER
Of Counsel
Admitted in California and
New York

ROBERT MANCE
Of Counsel
Admitted in District of Columbia and
Maryland

October 28, 2008

## SENT VIA ELECTRONIC MAIL & US MAIL

Mr. Andrew J. Maloney III, Esq.
Kreindler & Kreindler
100 Park Ave.
New York, NY 10017-5590
amoloney@kreindler.com
*Attorney for Plaintiff Ashton*

Mr. Robert L. Motley, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Rmotley@motleyrice.com
*Attorney for Plaintiff Burnett*

Mr. Sean P. Carter, Esq.
Cozen O'Connor
1900 Market St.
Philadelphia, PA 19103-3508
Scarter1@cozen.com
*Attorney for Plaintiff Federal Insurance*

Mr. Jerry S. Goldman, Esq.
Anderson Kill & Olick, P.C.,
1251 Avenue of the Americas,
New York, New York, 10020
jgoldman@goldmanlawyers.com
*Attorney for Plaintiff O'Neill*

    Re:   **In Re Terrorist Attacks on September 11, 2001
           03 MDL 1570 (RCC)**

Dear Counsel:

    Enclosed please find Defendant International Islamic Relief Organization of Saudi Arabia's First Set of Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents.

    We have enclosed a CD-ROM containing responsive documents bates-stamped IIRO 001140-004043. Because we received three documents in the midst of reproducing the CD-ROMs, we were unable to include them on the discs; therefore, we have attached an electronic version of the Memorandum of Understanding between IIROSA and UNICEF dated June 9, 2008, the Affidavit of Dr. Abdulhamid Al Mojil, and the finalized version of the Expert Report prepared by Mahmoud Said (bates-stamped IIRO 004044 through 004069) to this electronic mail message and enclosed hard copies as well. In addition to our production dated April 28, 2008, IIRO has produced **four thousand sixty-nine (4069) pages** of documents responsive to the

plaintiffs' requests to date.

As you may recall, the defendant has invited plaintiffs' counsel to visit the overseas offices that defendant maintained during the relevant time period. Defendant has also invited you to visit a large warehouse maintained in Jeddah, Saudi Arabia as well as the IIRO-SA corporate headquarters. Defendant has offered you to depose the IIRO-SA Records Custodian in London as an accommodation to all parties. The defendant urges you to contact our office to discuss whether you would prefer to utilize any of these options. Although Mr. Carter's July 21, 2008 letter indicated some confusion about our clients' offer to make these facilities available for inspection, IIRO and MWL have consistently maintained this position. Moreover, while we agreed at the October 17, 2007 discovery meeting that IIRO would make efforts to produce certain documents electronically (which has been done in the attached production) IIRO nonetheless intends, pursuant to FRCP 34, to make its responsive records available for inspection in the ordinary course of business in the Kingdom of Saudi Arabia.

Very Truly Yours,

Martin F. McMahon and Associates

By:     Martin F. McMahon, Esq.

ENCLOSED AND TRANSMITTED VIA ELECTRONIC MAIL:
- o   Defendant International Islamic Relief Organization of Saudi Arabia's First Set of Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents
- o   Memorandum of Understanding between IIROSA and UNICEF dated June 9, 2008 (bates-stamped IIRO 004044 through 004053)
- o   Affidavit of Dr. Abdulhamid Al Mojil (bates-stamped IIRO 004054 through 004056)
- o   Finalized Expert Report of Mahmoud Said & Co. (bates-stamped IIRO 004057 through 004069)

ENCLOSED BUT NOT TRANSMITTED VIA ELECTRONIC MAIL:
- o   CD-ROM of Defendant International Islamic Relief Organization of Saudi Arabia's First Set of Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents (bates-stamped IIRO 001140 through 004043).

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Federal Insurance Co. v. al Qaida*, Case No. 03-CV-6978 (RCC) (S.D.N.Y.)
*Kathleen Ashton v. Al Qaeda Islamic Army*, Case No. 02-CV-6977 (RCC) (S.D.N.Y.)
*Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.*, Case No. 03-CV-9849 (RCC) (S.D.N.Y.)

## DEFENDANT INTERNATIONAL ISLAMIC RELIEF ORGANIZATION OF SAUDI ARABIA'S FIRST SET OF SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### MARTIN F. MCMAHON & ASSOCIATES

By:     Martin F. McMahon, Esq., # M.M. 4389
        1150 Connecticut Ave., N.W.
        Suite. 900
        Washington, D.C. 20036
        Phone: (202) 862-4343
        Facsimile: (202) 862-4130
        Email: mfm@martinmcmahonlaw.com
        *Attorney for Defendant International Islamic Relief Organization of Saudi Arabia (IIRO-SA)*

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant the International Islamic Relief Organization of Saudi Arabia (hereinafter "Defendant" or "IIRO-SA"), by and through its undersigned attorneys, supplement their responses to Plaintiffs' First Set of Requests for Production of Documents.

In furnishing these responses and in producing documents in connection herewith, Defendant does not admit or concede the relevance, materiality, authenticity or admissibility in evidence of any such responses or documents. All objections to the use, at hearing or otherwise, of any of these responses or documents produced in connection herewith are expressly reserved.

## GENERAL OBJECTIONS

Defendant makes the following General Objections to Plaintiffs' First Set of Requests for Production of Documents (hereinafter referred to as "Production Requests"):

1.      Defendant is providing this response and producing documents without waiver of or prejudice to its right, at any later time, to raise objections to (a) the relevance, materiality, or admissibility of (i) the Production Requests or any part thereof, (ii) statements made in this response to the Production Requests or any part thereof, or (iii) any document produced pursuant to this response, or (b) any further demand for discovery involving or relating to the matters raised in the Production Requests.

2.      Defendant undertakes to produce documents in response to the Production Requests only to the extent required by the FRCP and Defendant objects to the Instructions and Definitions contained in the Production Requests to the extent they exceed or conflict with those Rules.

3.      Defendant objects to the Production Requests to the extent that they demand production of any document covered by the attorney-client privilege or the work product doctrine, or any other applicable privilege.  In the event that Defendant produces any privileged document, its production is inadvertent and does not constitute a waiver of any privilege.

4.      Defendant objects to the Production Requests to the extent they purport to demand production of documents not in Defendant's possession, custody, or control or to require a search of files that do not reasonably relate to one or more of the specific requests contained in the Production Requests.  Further, Defendant reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below and the production made pursuant thereto.

5.      Defendant objects to the Production Requests to the extent they purport to demand production of any documents containing confidential or proprietary, commercial, or financial information in the absence of a suitable and mutually agreeable protective order mandating that the confidentiality of such documents be preserved and maintained.

6.      Defendant objects to the production of any documents falling within one of the general objections set forth above or within one of the specific objections set forth below.  In the event Defendant produces any document falling within such an objection, its production does not constitute waiver of the objection.  Further, Defendant reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below and the production made pursuant thereto.

7. Defendant objects to Plaintiffs' Production Requests to the extent that the requests seek information which is already in the custody, possession or control of the Plaintiffs.

3

8.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests seek information which is equally or more readily accessible to the Plaintiffs and/or is readily obtainable independently from the public domain.

9.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests are vague, ambiguous, unduly burdensome, do not specify information sought with sufficient particularity, are not limited to the subject matter of the litigation, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects to Plaintiffs' Production Requests to the extent that the requests call for Defendant to identify or produce documents or information outside the 1996 to 2001 timeframe discovery limitation set in Judge Daniels' December 21, 2007 Order.

11.     Defendant objects to Plaintiffs' Production Requests to the extent that the requests call for Defendant to identify or produce large quantities of cumulative information or "all documents" of a specific nature or type, because such a requirement makes that request overly broad, unduly burdensome, and oppressive.

12.     Defendant objects to Plaintiffs' Production Requests to the extent that the requests call for Defendant to produce information regarding entities other than IIRO-SA to the extent those entities are parties to this action and have outstanding motions to dismiss.

13.     Responses to the specific Production Requests are subject to the general objections set forth in Paragraphs 1-13.

## PRODUCTION REQUESTS

### REQUEST 1:

Please provide all documents illustrating, describing or otherwise relating to your formation and organizational structure, the date of incorporation, the state of incorporation, the duration of your existence, any documents relating to your initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the International Islamic Relief Organization ("IIRO") (including any subsidiary, affiliate, or branch office).

### ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 4, 6, 7, 9, 10, and 11.  Since IIRO was initially established in or around 1979, Defendant specifically objects to this request as far outside the time period of discovery.  Defendant also specifically objects to this request as overbroad and unduly burdensome.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000024 to IIRO 000050, | IIRO 001945 to IIRO 001947, |
| IIRO 000209 to IIRO 000247, | IIRO 001979 to IIRO 002017, |
| IIRO 000741 to IIRO 000765, | IIRO 002018 to IIRO 002052, |
| IIRO 000766 to IIRO 000943, | IIRO 002053 to IIRO 002055, |
| IIRO 001015 to IIRO 001138, | IIRO 002056 to IIRO 002072, |
| IIRO 001140 to IIRO 001225, | IIRO 002073 to IIRO 002076, |
| IIRO 001720 to IIRO 001738, | IIRO 002077 to IIRO 002108, |
| IIRO 001739 to IIRO 001758, | IIRO 002109 to IIRO 002116, |
| IIRO 001809 to IIRO 001840, | IIRO 002117 to IIRO 002169, |
| IIRO 001905 to IIRO 001907, | IIRO 002170 to IIRO 002679, |

IIRO 002680 to IIRO 002682,          IIRO 002702 to IIRO 002703,

IIRO 002683 to IIRO 002692,          IIRO 002704 to IIRO 002704,

IIRO 002693 to IIRO 002693,          IIRO 002705 to IIRO 002705,

IIRO 002694 to IIRO 002694,          IIRO 002706 to IIRO 002706,

IIRO 002695 to IIRO 002695,          IIRO 002707 to IIRO 002707,

IIRO 002696 to IIRO 002698,          IIRO 002708 to IIRO 002711,

IIRO 002699 to IIRO 002699,          IIRO 002712 to IIRO 002716.

IIRO 002700 to IIRO 002701,

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 2:

Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the IIRO (including any subsidiary, affiliate, or branch office), including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000001 to IIRO 000023,          IIRO 000766 to IIRO 000943,

IIRO 000024 to IIRO 000050,          IIRO 001015 to IIRO 001138,

IIRO 000209 to IIRO 000247,          IIRO 001140 to IIRO 001225,

IIRO 000741 to IIRO 000765,          IIRO 001226 to IIRO 001277,

6

| | |
|---|---|
| IIRO 001278 to IIRO 001286, | IIRO 002170 to IIRO 002679, |
| IIRO 001488 to IIRO 001521, | IIRO 002680 to IIRO 002682, |
| IIRO 001672 to IIRO 001719, | IIRO 002683 to IIRO 002692, |
| IIRO 001720 to IIRO 001738, | IIRO 002693 to IIRO 002693, |
| IIRO 001739 to IIRO 001758, | IIRO 002694 to IIRO 002694, |
| IIRO 001778 to IIRO 001808, | IIRO 002695 to IIRO 002695, |
| IIRO 001905 to IIRO 001907, | IIRO 002696 to IIRO 002698, |
| IIRO 001956 to IIRO 001957, | IIRO 002699 to IIRO 002699, |
| IIRO 001979 to IIRO 002017, | IIRO 002700 to IIRO 002701, |
| IIRO 002018 to IIRO 002052, | IIRO 002702 to IIRO 002703, |
| IIRO 002053 to IIRO 002055, | IIRO 002704 to IIRO 002704, |
| IIRO 002056 to IIRO 002072, | IIRO 002705 to IIRO 002705, |
| IIRO 002073 to IIRO 002076, | IIRO 002706 to IIRO 002706, |
| IIRO 002077 to IIRO 002108, | IIRO 002707 to IIRO 002707, |
| IIRO 002109 to IIRO 002116, | IIRO 002708 to IIRO 002711, |
| IIRO 002117 to IIRO 002169, | IIRO 002712 to IIRO 002716. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 3:

From the period beginning January 1990 through the present, please provide any and all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of the IIRO.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas

offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000111 to IIRO 000119, | IIRO 001739 to IIRO 001758, |
| IIRO 000728 to IIRO 000732, | IIRO 001778 to IIRO 001808, |
| IIRO 000766 to IIRO 000943, | IIRO 003482 to IIRO 003592, |
| IIRO 000944 to IIRO 000968, | IIRO 003593 to IIRO 003711, |
| IIRO 001140 to IIRO 001225, | IIRO 003712 to IIRO 003752, |
| IIRO 001226 to IIRO 001277, | IIRO 003753 to IIRO 003978, |
| IIRO 001278 to IIRO 001286, | IIRO 004019 to IIRO 004043, |
| IIRO 001287 to IIRO 001295, | IIRO 004044 to IIRO 004053. |
| IIRO 001720 to IIRO 001738, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 4:**

From the period beginning January 1990 through the present, please provide all documents identifying each officer, director, trustee, board member, and/or committee member of the IIRO (including any subsidiary, affiliate, or branch office).

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000766 to IIRO 000943, | IIRO 000944 to IIRO 000968, |

| | |
|---|---|
| IIRO 003482 to IIRO 003592, | IIRO 003753 to IIRO 003978, |
| IIRO 003593 to IIRO 003711, | IIRO 003979 to IIRO 004014, |
| IIRO 003712 to IIRO 003752, | IIRO 004054 to IIRO 004056. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 5:**

From the period beginning January 1990 through the present, please provide all documents relating to any meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of the IIRO, including without limitation, any agendas or meeting minutes.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000722 to IIRO 000727, | IIRO 001759 to IIRO 001777, |
| IIRO 000766 to IIRO 000943, | IIRO 003979 to IIRO 004014. |
| IIRO 001461 to IIRO 001470, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 6:**

From the period beginning January 1, 1990 through September 11, 2002, please provide any and all statements for bank accounts held by the IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11. Defendant further

9

specifically objects to this Request as unduly burdensome because Defendant estimates
that the task of tracking all of the requested bank accounts would take approximately 300
to 320 hours and Defendant does not have the capacity to conduct such an extensive
search.

Further, due to the immense burden of producing all potentially responsive
documents in the Southern District of New York, defendant will make its overseas
offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters
available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs
to the following documents:

| | |
|---|---|
| IIRO 000341 to IIRO 000353, | IIRO 003422 to IIRO 003433, |
| IIRO 000766 to IIRO 000943, | IIRO 003434 to IIRO 003443, |
| IIRO 000969 to IIRO 000985, | IIRO 003444 to IIRO 003452, |
| IIRO 003079 to IIRO 003362, | IIRO 003453 to IIRO 003461, |
| IIRO 003363 to IIRO 003381, | IIRO 003462 to IIRO 003472, |
| IIRO 003382 to IIRO 003395, | IIRO 003473 to IIRO 003481, |
| IIRO 003396 to IIRO 003409, | IIRO 004057 to IIRO 004069. |
| IIRO 003410 to IIRO 003421, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement
and/or revise this Answer.

**REQUEST 7:**

From the period beginning January 1990 through the present, please provide any
and all financial statements, balance sheets, income statements and annual reports for the
IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified
above, specifically including General Objections 2, 4, 5, 6, 10, and 11. Defendant further
specifically objects to this Request as unduly burdensome in requiring an extensive
search of voluminous records and Defendant lacks the capacity to conduct such a search.

Further, due to the immense burden of producing all potentially responsive

documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000248 to IIRO 000297, | IIRO 003422 to IIRO 003433, |
| IIRO 000298 to IIRO 000340, | IIRO 003434 to IIRO 003443, |
| IIRO 000341 to IIRO 000353, | IIRO 003444 to IIRO 003452, |
| IIRO 000766 to IIRO 000943, | IIRO 003453 to IIRO 003461, |
| IIRO 000944 to IIRO 000968, | IIRO 003462 to IIRO 003472, |
| IIRO 000969 to IIRO 000985, | IIRO 003473 to IIRO 003481, |
| IIRO 003079 to IIRO 003362, | IIRO 003482 to IIRO 003592, |
| IIRO 003363 to IIRO 003381, | IIRO 003593 to IIRO 003711, |
| IIRO 003382 to IIRO 003395, | IIRO 003712 to IIRO 003752, |
| IIRO 003396 to IIRO 003409, | IIRO 003753 to IIRO 003978, |
| IIRO 003410 to IIRO 003421, | IIRO 004057 to IIRO 004069. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 8:**

From the period beginning January 1990 through the present, please provide all documents relating to all filings submitted to any local, state, or federal agency by you, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Such documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning IIRO's tax-exempt status.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 6, 8, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas

offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 9:**

From the period beginning January 1990 through the present, please provide all documents relating to any audit, analysis, examination, or review of the IIRO's investments, assets, capital, and/or financial affairs, conducted either by employees of the IIRO or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000001 to IIRO 000023, | IIRO 000733 to IIRO 000740, |
| IIRO 000125 to IIRO 000132, | IIRO 000766 to IIRO 000943, |
| IIRO 000191 to IIRO 000203, | IIRO 000969 to IIRO 000985, |
| IIRO 000354 to IIRO 000368, | IIRO 001421 to IIRO 001434, |
| IIRO 000369 to IIRO 000387, | IIRO 001574 to IIRO 001660, |
| IIRO 000428 to IIRO 000667, | IIRO 001809 to IIRO 001840, |
| IIRO 000668 to IIRO 000691, | IIRO 001841 to IIRO 001841, |
| IIRO 000692 to IIRO 000707, | IIRO 001842 to IIRO 001850, |
| IIRO 000728 to IIRO 000732, | |

IIRO 001948 to IIRO 001948,                    IIRO 004057 to IIRO 004069.

    Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 10:**

    From the period beginning January 1, 1990 through September 11, 2001, please provide any and all documents identifying projects undertaken or financed by the IIRO, including without limitation, any and all documents summarizing the funds allocated by the IIRO to such projects.

**ANSWER:**

    Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11. Defendant also objects to this request as vague in so far as the term "projects" is undefined.

    Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

    Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000248 to IIRO 000297, | IIRO 001435 to IIRO 001460, |
| IIRO 000741 to IIRO 000765, | IIRO 001488 to IIRO 001521, |
| IIRO 000766 to IIRO 000943, | IIRO 001661 to IIRO 001671, |
| IIRO 000944 to IIRO 000968, | IIRO 001672 to IIRO 001719, |
| IIRO 001005 to IIRO 001006, | IIRO 001739 to IIRO 001758, |
| IIRO 001007 to IIRO 001014, | IIRO 001842 to IIRO 001850, |
| IIRO 001015 to IIRO 001138, | IIRO 001861 to IIRO 001888, |
| IIRO 001139, | IIRO 001899 to IIRO 001904, |
| IIRO 001333 to IIRO 001420, | IIRO 001905 to IIRO 001907, |
| IIRO 001421 to IIRO 001434, | IIRO 001948 to IIRO 001948, |

| | |
|---|---|
| IIRO 001954 to IIRO 001955, | IIRO 002696 to IIRO 002698, |
| IIRO 001956 to IIRO 001957, | IIRO 002699 to IIRO 002699, |
| IIRO 001958 to IIRO 001978, | IIRO 002700 to IIRO 002701, |
| IIRO 001979 to IIRO 002017, | IIRO 002702 to IIRO 002703, |
| IIRO 002018 to IIRO 002052, | IIRO 002704 to IIRO 002704, |
| IIRO 002053 to IIRO 002055, | IIRO 002705 to IIRO 002705, |
| IIRO 002056 to IIRO 002072, | IIRO 002706 to IIRO 002706, |
| IIRO 002073 to IIRO 002076, | IIRO 002707 to IIRO 002707, |
| IIRO 002077 to IIRO 002108, | IIRO 002708 to IIRO 002711, |
| IIRO 002109 to IIRO 002116, | IIRO 002712 to IIRO 002716, |
| IIRO 002117 to IIRO 002169, | IIRO 004015 to IIRO 004018 |
| IIRO 002170 to IIRO 002679, | IIRO 003482 to IIRO 003592, |
| IIRO 002680 to IIRO 002682, | IIRO 003593 to IIRO 003711, |
| IIRO 002683 to IIRO 002692, | IIRO 003712 to IIRO 003752, |
| IIRO 002693 to IIRO 002693, | IIRO 003753 to IIRO 003978, |
| IIRO 002694 to IIRO 002694, | IIRO 004019 to IIRO 004043, |
| IIRO 002695 to IIRO 002695, | IIRO 004044 to IIRO 004053. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 11:**

From the period beginning January 1990 through the present, please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by you. Such documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of

how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000388 to IIRO 000427, | IIRO 001739 to IIRO 001758, |
| IIRO 000708 to IIRO 000721, | IIRO 001759 to IIRO 001777, |
| IIRO 000741 to IIRO 000765, | IIRO 003482 to IIRO 003592, |
| IIRO 000766 to IIRO 000943, | IIRO 003593 to IIRO 003711, |
| IIRO 000944 to IIRO 000968, | IIRO 003712 to IIRO 003752, |
| IIRO 001154 to IIRO 001184, | IIRO 003753 to IIRO 003978, |
| IIRO 001186 to IIRO 001190, | IIRO 004019 to IIRO 004043, |
| IIRO 001263 to IIRO 001264, | IIRO 004044 to IIRO 004053. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 12:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the IIRO's headquarters in Saudi Arabia in the fundraising efforts of the IIRO's offices outside of Saudi Arabia.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000051 to IIRO 000083, | IIRO 001296 to IIRO 001332, |
| IIRO 000084 to IIRO 000095, | IIRO 001522 to IIRO 001557, |
| IIRO 000111 to IIRO 000119, | IIRO 001720 to IIRO 001738, |
| IIRO 000164 to IIRO 000190, | IIRO 001739 to IIRO 001758, |
| IIRO 000204 to IIRO 000208, | IIRO 001778 to IIRO 001808, |
| IIRO 000209 to IIRO 000247, | IIRO 001899 to IIRO 001904, |
| IIRO 000341 to IIRO 000353, | IIRO 001908 to IIRO 001944, |
| IIRO 000668 to IIRO 000691, | IIRO 001945 to IIRO 001947, |
| IIRO 000692 to IIRO 000707, | IIRO 001949 to IIRO 001953, |
| IIRO 000728 to IIRO 000732, | IIRO 001958 to IIRO 001978, |
| IIRO 000733 to IIRO 000740, | IIRO 003482 to IIRO 003592, |
| IIRO 000741 to IIRO 000765, | IIRO 003593 to IIRO 003711, |
| IIRO 000766 to IIRO 000943, | IIRO 003712 to IIRO 003752, |
| IIRO 000944 to IIRO 000968, | IIRO 003753 to IIRO 003978, |
| IIRO 001140 to IIRO 001225, | IIRO 004019 to IIRO 004043, |
| IIRO 001226 to IIRO 001277, | IIRO 004044 to IIRO 004053, |
| IIRO 001287 to IIRO 001295, | IIRO 004054 to IIRO 004056. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 13:**

Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MD 1570, whereby you have agreed to pay, indemnify, or reimburse their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 14:**

Please provide all documents relating to any understanding or agreement between the IIRO and any other individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse the IIRO for all costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against IIRO. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 15:**

From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO ("IIRO USA"), including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant also specifically objects to this Request as seeking documents not in the possession of Defendant in so far as it seeks documents from an entity over which Defendant does not have control because, as far as defense counsel is aware, the IRO referenced in this Request is not a subsidiary or affiliate of defendant. Defendant further specifically objects to this Request as seeking documents outside the timeframe limitation on discovery because, upon information and belief, the IRO ceased to exist in 1998.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 16:**

From the period beginning January 1990 through the present, please provide any and all documents exchanged between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO, including without limitation, all documents relating to the transfer of funds between the IIRO headquarters in Saudi Arabia and IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant also specifically objects to this Request as seeking documents not in the possession of Defendant in so far as it seeks documents from an entity over which Defendant does not have control because, as far as defense counsel is aware, the IRO referenced in this Request is not a subsidiary or affiliate of defendant. Defendant further specifically objects to this Request as seeking documents outside the timeframe limitation on discovery because, upon information and belief, the IRO ceased to exist in 1998.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 17:**

From the period beginning January 1990 through the present, please provide any and all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of any IIRO office worldwide to IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant also specifically objects to this Request as seeking documents not in the possession of Defendant in so far as it seeks documents from an entity over which Defendant does not have control because, as far as defense counsel is aware, the IRO referenced in this Request is not a subsidiary or affiliate of defendant. Defendant further specifically objects to this Request as seeking documents outside the timeframe limitation on discovery because, upon information and belief, the IRO ceased to exist in 1998.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters

available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 18:

From the period beginning January 1990 through the present, provide all documents relating to any fundraising events and/or conferences that were held in the United States for the benefit of the IIRO, IIRO USA, and/or the IRO. Such documents shall include, but are not limited to, those identified in Request #11.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000741 to IIRO 000765, | IIRO 003712 to IIRO 003752, |
| IIRO 000766 to IIRO 000943, | IIRO 003753 to IIRO 003978, |
| IIRO 000944 to IIRO 000968, | IIRO 004019 to IIRO 004043, |
| IIRO 003482 to IIRO 003592, | IIRO 004044 to IIRO 004053. |
| IIRO 003593 to IIRO 003711, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 19:

From the period beginning January 1990 through the present, please provide any and all documents relating to the provision of funds or other material support from the Saudi Embassy in Washington D.C., and/or any official or agency of the KSA, to IIRO

USA, including the organization registered as the International Relief Organization ("IRO") which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 20:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 21:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Dr. Sulaiman bin Ali Al-Ali, including

without limitation, all documents relating to the transfer of funds between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 22:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Sanabel Al Kheer.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001620 to IIRO 001653.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 23:**

From the period beginning January 1980 through January 1990, please provide any and all documents sent to, and/or received from Sanabel Al Kheer, including without limitation, all documents relating to funds raised by Sanabel Al Kheer in support of the IIRO through fundraisers, investments or otherwise.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001620 to IIRO 001653.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 24:**

Provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Muslim World League ("MWL").

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001185 to IIRO 001185, | IIRO 001329 to IIRO 001330, |
| IIRO 001191 to IIRO 001214, | IIRO 001331 to IIRO 001332, |
| IIRO 001299 to IIRO 001303, | IIRO 001340 to IIRO 001344, |

| | |
|---|---|
| IIRO 001345 to IIRO 001353, | IIRO 001551 to IIRO 001551, |
| IIRO 001354 to IIRO 001354, | IIRO 001557 to IIRO 001557, |
| IIRO 001355 to IIRO 001356, | IIRO 001620 to IIRO 001653, |
| IIRO 001361 to IIRO 001363, | IIRO 001688 to IIRO 001719, |
| IIRO 001364 to IIRO 001365, | IIRO 001739 to IIRO 001742, |
| IIRO 001366 to IIRO 001370, | IIRO 001747 to IIRO 001748, |
| IIRO 001401 to IIRO 001407, | IIRO 001760 to IIRO 001760, |
| IIRO 001429 to IIRO 001431, | IIRO 001792 to IIRO 001796, |
| IIRO 001435 to IIRO 001445, | IIRO 001154 to IIRO 001184, |
| IIRO 001481 to IIRO 001482, | IIRO 001899 to IIRO 001904. |

To the extent that responsive documents are found in the boxes released to Defendant by the FBI and ICE, defense counsel will make the contents of those boxes available for inspection by Plaintiffs on an ongoing basis in Washington, DC. Although defense counsel is endeavoring to translate and review the contents of these boxes, Defendant's counsel has not presently found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 25:**

From the period beginning January 1990 through the present, please provide any and all documents identifying, describing, or otherwise relating to the transfer of funds between the IIRO and the MWL.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

24

To the extent that responsive documents are found in the boxes released to Defendant by the FBI and ICE, defense counsel will make the contents of those boxes available for inspection by Plaintiffs on an ongoing basis in Washington, DC. Although defense counsel is endeavoring to translate and review the contents of these boxes, Defendant's counsel has not presently found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 26:

From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the MWL in the fundraising efforts of the IIRO's offices worldwide.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

To the extent that responsive documents are found in the boxes released to Defendant by the FBI and ICE, defense counsel will make the contents of those boxes available for inspection by Plaintiffs on an ongoing basis in Washington, DC. Although defense counsel is endeavoring to translate and review the contents of these boxes, Defendant's counsel has not presently found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 27:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 28:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 29:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the relationship between the IIRO and any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 30:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from, any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 31:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in spreading, propagating, or proselytizing Islam outside of the Kingdom of Saudi Arabia, including without limitation any long term strategy, studies or papers.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000209 to IIRO 000247,    IIRO 001672 to IIRO 001719,

IIRO 000741 to IIRO 000765,    IIRO 001739 to IIRO 001758,

IIRO 000766 to IIRO 000943,    IIRO 001778 to IIRO 001808,

IIRO 000944 to IIRO 000968,    IIRO 001899 to IIRO 001904,

IIRO 001140 to IIRO 001225,    IIRO 001945 to IIRO 001947,

IIRO 001226 to IIRO 001277,    IIRO 003482 to IIRO 003592,

IIRO 001278 to IIRO 001286,    IIRO 003593 to IIRO 003711,

IIRO 001287 to IIRO 001295,    IIRO 003712 to IIRO 003752,

IIRO 001296 to IIRO 001332,    IIRO 003753 to IIRO 003978,

IIRO 001488 to IIRO 001521,    IIRO 004019 to IIRO 004043,

IIRO 004044 to IIRO 004053,                    IIRO 004054 to IIRO 004056.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 32:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in advancing the foreign policy objectives of the KSA.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000209 to IIRO 000247, | IIRO 001778 to IIRO 001808, |
| IIRO 000741 to IIRO 000765, | IIRO 001899 to IIRO 001904, |
| IIRO 000766 to IIRO 000943, | IIRO 001945 to IIRO 001947, |
| IIRO 000944 to IIRO 000968, | IIRO 003482 to IIRO 003592, |
| IIRO 001140 to IIRO 001225, | IIRO 003593 to IIRO 003711, |
| IIRO 001226 to IIRO 001277, | IIRO 003712 to IIRO 003752, |
| IIRO 001278 to IIRO 001286, | IIRO 003753 to IIRO 003978, |
| IIRO 001287 to IIRO 001295, | IIRO 004019 to IIRO 004043, |
| IIRO 001296 to IIRO 001332, | IIRO 004044 to IIRO 004053, |
| IIRO 001739 to IIRO 001758, | IIRO 004054 to IIRO 004056. |
| IIRO 001759 to IIRO 001777, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 33:

Provide all documents relating to all accounts in any United States, Saudi Arabian, or foreign banking institution you hold or have held jointly with the KSA, any members of the Saudi royal family, and/or any Saudi official acting on behalf of the KSA ("KSA Joint Bank Accounts"), and/or any KSA Joint Bank Accounts over which you hold or have held signatory authority.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 34:

Provide all documents relating to the role of the KSA and/or members of the Saudi royal family, in the creation, organization, funding, oversight, supervision, operation, and/or management of the IIRO, including any subsidiary, affiliate, and/or branch office.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters

available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 35:**

Provide all documents relating to the IIRO's initial capitalization and any subsequent funding provided by the KSA, members of the Saudi royal family, and/or any other individuals or entities, including without limitation, any funding provided by the KSA to IIRO through the MWL.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case. Defendant also specifically objects to this request as unduly burdensome because IIRO was initially set-up in 1979 and this Request would require an extensive search of voluminous records, and Defendant lacks the capacity to conduct such a search.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 36:**

Provide all documents defining, establishing, or relating to the IIRO's privileges, obligations, activities, and/or rights under the laws of the KSA.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, 11, and 12.

Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case. Defendant also specifically objects to this request to the extent it seeks to discovery legal analysis and/or legal strategy in violation of the work product doctrine and attorney client privilege.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001612 to IIRO 001614,                    IIRO 001739 to IIRO 001758.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 37:**

Provide all documents relating to any and all laws, statutes, regulations, ordinances, royal decrees, or directives issued by the KSA relating to the IIRO, including but not limited to, documents relating to the organization, funding, oversight, supervision, management, and/or control over the IIRO's operations, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case. Defendant also specifically objects to this request to the extent it seeks to discovery legal analysis and/or legal strategy in violation of the work product doctrine and attorney client privilege.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 38:**

Provide all documents relating to any fundraising events and/or conferences that were held for the benefit of the IIRO and were promoted, sponsored, organized, funded, managed, supervised, or attended by the KSA and/or members of the Saudi family. Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 39:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the KSA.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters

available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 40:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Islamic Republic of Pakistan, including without limitation, any and all documents sent to and/or received from the Islamic Republic of Pakistan.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000708 to IIRO 000721, | IIRO 001488 to IIRO 001493, |
| IIRO 000741 to IIRO 000765, | IIRO 001154 to IIRO 001184, |
| IIRO 000944 to IIRO 000968, | IIRO 001185 to IIRO 001185, |
| IIRO 001015 to IIRO 001138, | IIRO 001186 to IIRO 001190, |
| IIRO 001139, | IIRO 001191 to IIRO 001214, |
| IIRO 001154 to IIRO 001184, | IIRO 001586 to IIRO 001591, |
| IIRO 001263 to IIRO 001264, | IIRO 001597 to IIRO 001602, |
| IIRO 001272 to IIRO 001272, | IIRO 001670 to IIRO 001671, |
| IIRO 001433 to IIRO 001434, | IIRO 001979 to IIRO 002017, |

IIRO 002018 to IIRO 002052,
IIRO 002170 to IIRO 002679,
IIRO 002708 to IIRO 002711,
IIRO 003482 to IIRO 003592,
IIRO 003593 to IIRO 003711,
IIRO 003712 to IIRO 003752,
IIRO 003753 to IIRO 003978,
IIRO 004019 to IIRO 004043,
IIRO 004054 to IIRO 004056.
IIRO 004044 to IIRO 004053.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 41:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the Islamic Republic of Pakistan.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the documents produced in response to Request 40.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 42:**

From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Taliban.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 6, 9, 10, and 11.

Subject to, and without waiving the above objections, Defendant asserts that no such documents governing, describing, detailing, or otherwise relating to any relationship between the IIRO-SA (including any subsidiary, affiliate, or branch office) and the Taliban exist, and as such, none will be produced.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 43:**

From the period beginning January 1990 through 2002, provide any and all documents relating to the transfer of funds between the IIRO and the Taliban, including without limitation, the transfer of $60 million which was publicly announced by IIRO's Secretary-General Adnan Basha.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 6, 9, 10, and 11.

Subject to, and without waiving the above objections, Defendant asserts that no such documents governing, describing, detailing, or otherwise relating to any relationship between the IIRO-SA (including any subsidiary, affiliate, or branch office) and the Taliban exist, and as such, none will be produced.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 44:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the persons identified in Exhibit A.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 7, 9, 10, 11, and 12. Defendant also specifically objects to this Request as unduly burdensome because Exhibit A, which contains 70 individuals and entities, expands the scope of these Requests to such an extent that they actually constitute several hundred more requests for documents than those numbered herein.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001227 to IIRO 001230, | IIRO 001751 to IIRO 001751, |
| IIRO 001299 to IIRO 001303, | IIRO 001753 to IIRO 001756, |
| IIRO 001743 to IIRO 001744, | IIRO 001771 to IIRO 001771. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 45:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the persons identified in Exhibit A, including without limitation, all documents relating to the transfer of funds between the IIRO and those persons.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 7, 9, 10, 11, and 12. Defendant also specifically objects to this Request as unduly burdensome because Exhibit A, which contains 70 individuals and entities, expands the scope of these Requests to such an extent that they actually constitute several hundred more requests for documents than those numbered herein.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001227 to IIRO 001230, | IIRO 001751 to IIRO 001751, |
| IIRO 001299 to IIRO 001303, | IIRO 001753 to IIRO 001756, |
| IIRO 001743 to IIRO 001744, | IIRO 001771 to IIRO 001771. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 46:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the entities identified in Exhibit B. In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with any of the entities identified in Exhibit A, please provide such documents.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 7, 9, 10, 11, and 12. Defendant also specifically objects to this Request as unduly burdensome because Exhibits A and B, which contain a total of 155 individuals and entities, expand the scope of these Requests to such an extent that they actually constitute several hundred more requests for documents than those numbered herein.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001304 to IIRO 001316, | IIRO 001605 to IIRO 001611, |
| IIRO 001317 to IIRO 001322, | IIRO 001739 to IIRO 0017420, |
| IIRO 001323 to IIRO 001328, | IIRO 001805 to IIRO 001808. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 47:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the entities identified in Exhibit B, including without limitation, all documents relating to the transfer of funds between the IIRO and those entities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 7, 9, 10, 11, and 12. Defendant also specifically objects to this Request as unduly burdensome because Exhibit B, which contains a total of 85 individuals and entities, expands the scope of these Requests to such an extent that they actually constitute many more requests for documents than those numbered herein.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001304 to IIRO 001316,              IIRO 001605 to IIRO 001611,

IIRO 001317 to IIRO 001322,              IIRO 001739 to IIRO 0017420,

IIRO 001323 to IIRO 001328,              IIRO 001805 to IIRO 001808.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 48:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Hamas, including without limitation, the following Hamas-related entities: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah. In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with Hamas or any Hamas-related entities, please provide such documents.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 9, 10, 11, and 12. Defendant also objects because this request is not reasonably calculated to lead to the discovery of admissible evidence or a claim or a defense in this case since the funding of Hamas has never been linked to the funding of the 9/11 hijackers in any manner. Defendant submits that this request is nothing more than a disguised attempt to seek discovery which would be relevant in Courtney Linde, et al v. Arab Bank, PLC, Case No. CV 04 2799 – a pending case in the Eastern District of New York – and which is not relevant in the present matter.

Further, due to the immense burden of producing all potentially responsive

39

documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 49:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Hamas, including without limitation, any Hamas-related entities such as: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah.  Such documents shall include, but are not limited to, all documents relating to the transfer of funds between the IIRO and those entities.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 9, 10, 11, and 12.  Defendant also objects because this request is not reasonably calculated to lead to the discovery of admissible evidence or a claim or a defense in this case since the funding of Hamas has never been linked to the funding of the 9/11 hijackers in any manner.  Defendant submits that this request is nothing more than a disguised attempt to seek discovery which would be relevant in Courtney Linde, et al v. Arab Bank, PLC, Case No. CV 04 2799 – a pending case in the Eastern District of New York – and which is not relevant in the present matter.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

40

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 50:

From the date of IIRO's formation to the present, provide any and all documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden, including any member of the Bin Laden family, and the IIRO.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 51:

From the period beginning January 1990 through the present, provide any and all documents sent to, and/or received from Osama Bin Laden or any member of the Bin Laden family, including without limitation, all documents relating to the transfer of funds between the IIRO and/or Sanabel Al Kheer and any member of the Bin Laden family.

## ANSWER:
Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 52:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Al Zawahiri (brother of Dr. Ayman Al Zawahiri – Al Qaida's second-in-command).

**ANSWER:**
Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request, and Defendant further asserts that no such documents exist.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 53:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Al Zawahiri, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**
Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 54:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Jamal Khalifa, including without limitation, Khalifa's role in heading the IIRO's office in the Philippines.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000766 to IIRO 000943,                IIRO 002997 to IIRO 003019,

IIRO 001954 to IIRO 001955,                IIRO 003020 to IIRO 003037.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 55:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Jamal Khalifa, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 56:**

Please provide any and all documents relating to the involvement of the IIRO in the struggle against the Soviet occupation of Afghanistan during the 1980s.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12. Defendant specifically objects to this Request as seeking information exclusively from a time period outside the discovery limitation imposed by the Court.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 004054 to IIRO 004056.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 57:**

Please provide any and all documents relating to the IIRO's role in supporting the mujihadeen forces in Afghanistan in their struggle against Soviet occupation. For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12. Defendant specifically objects to this Request as seeking information exclusively from a time period outside the discovery limitation imposed by the Court.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 004054 to IIRO 004056.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 58:**

From the period beginning January 1990 through 2002, please provide any and all documents relating to the IIRO's role in supporting training camps in Afghanistan, Pakistan, and Kashmir, including without limitation, the transfer of funds. For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12. Defendant further objects to this Request to the extent that the term "training camp" is undefined. Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request, and Defendant further asserts that no such documents exist.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 59:**

Please provide any and all documents governing, describing, detailing or otherwise relating to any relationship between the IIRO and Maktab al Khidmat (a/k/a the Office of Services).

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12. Defendant specifically objects to this Request as seeking information exclusively from a time period outside the discovery limitation imposed by the Court.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 60:**

Please provide any and all documents sent to, and/or received from the Maktab al Khidmat, including without limitation, all documents relating to the transfer of funds between the IIRO and Maktab al Khidmat.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 61:

From the period beginning January 1990 through the present, please provide any and all documents authored, published, or disseminated by the IIRO relating to the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000388 to IIRO 000427, | IIRO 001185 to IIRO 001185, |
| IIRO 000708 to IIRO 000721, | IIRO 001186 to IIRO 001190, |
| IIRO 000741 to IIRO 000765, | IIRO 001191 to IIRO 001214, |
| IIRO 000944 to IIRO 000968, | IIRO 001263 to IIRO 001264, |
| IIRO 001015 to IIRO 001138, | IIRO 001272 to IIRO 001272, |
| IIRO 001139, | IIRO 001273 to IIRO 001275, |
| IIRO 001154 to IIRO 001184, | IIRO 001227 to IIRO 001230, |

IIRO 001284 to IIRO 001286,

IIRO 001289 to IIRO 001294,

IIRO 001299 to IIRO 001303,

IIRO 001323 to IIRO 001328,

IIRO 001329 to IIRO 001330,

IIRO 001331 to IIRO 001332,

IIRO 001336 to IIRO 001339,

IIRO 001401 to IIRO 001407,

IIRO 001425 to IIRO 001428,

IIRO 001432 to IIRO 001432,

IIRO 001433 to IIRO 001434,

IIRO 001451 to IIRO 001451,

IIRO 001452 to IIRO 001452,

IIRO 001453 to IIRO 001453,

IIRO 001454 to IIRO 001456,

IIRO 001458 to IIRO 001460,

IIRO 001435 to IIRO 001450,

IIRO 001471 to IIRO 001480,

IIRO 001488 to IIRO 001488,

IIRO 001494 to IIRO 001496,

IIRO 001497 to IIRO 001497,

IIRO 001498 to IIRO 001498,

IIRO 001488 to IIRO 001488,

IIRO 001586 to IIRO 001591,

IIRO 001592 to IIRO 001593,

IIRO 001597 to IIRO 001602,

IIRO 001654 to IIRO 001657,

IIRO 001658 to IIRO 001660,

IIRO 001665 to IIRO 001669,

IIRO 001670 to IIRO 001671,

IIRO 001739 to IIRO 001758,

IIRO 001760 to IIRO 001760,

IIRO 001453 to IIRO 001453,

IIRO 001771 to IIRO 001771,

IIRO 001458 to IIRO 001460,

IIRO 001435 to IIRO 001452,

IIRO 001488 to IIRO 001493,

IIRO 001791 to IIRO 001791,

IIRO 001842 to IIRO 001850,

IIRO 001899 to IIRO 001904,

IIRO 001948 to IIRO 001948,

IIRO 001949 to IIRO 001953,

IIRO 001954 to IIRO 001955,

IIRO 001958 to IIRO 001961,

IIRO 001963 to IIRO 001964,

IIRO 001965 to IIRO 001965,

IIRO 001977 to IIRO 001978,

IIRO 001979 to IIRO 002017,

IIRO 002018 to IIRO 002052,

IIRO 002053 to IIRO 002055,

IIRO 002056 to IIRO 002072,

IIRO 002073 to IIRO 002076,

IIRO 002077 to IIRO 002108,

IIRO 002109 to IIRO 002116,

IIRO 002117 to IIRO 002169,

IIRO 002170 to IIRO 002679,

IIRO 002680 to IIRO 002682,

IIRO 002683 to IIRO 002692,

IIRO 002693 to IIRO 002693,

IIRO 002694 to IIRO 002694,

IIRO 002695 to IIRO 002695,

IIRO 002696 to IIRO 002698,

IIRO 002699 to IIRO 002699,

IIRO 002700 to IIRO 002701,

IIRO 002702 to IIRO 002703,

IIRO 002704 to IIRO 002704,

IIRO 002705 to IIRO 002705,

IIRO 002706 to IIRO 002706,

IIRO 002707 to IIRO 002707,

IIRO 002708 to IIRO 002711,

IIRO 002712 to IIRO 002716,

IIRO 002997 to IIRO 003019,

IIRO 003020 to IIRO 003037,

IIRO 003482 to IIRO 003592,

IIRO 003593 to IIRO 003711,

IIRO 003712 to IIRO 003752,

IIRO 003753 to IIRO 003978,

IIRO 004015 to IIRO 004018,

IIRO 004019 to IIRO 004043,

IIRO 004044 to IIRO 004053,

IIRO 004054 to IIRO 004056.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 62:

From the period beginning January 1990 through the present, please provide any and all documents relating to fundraising activities conducted by the IIRO in relation to relief or humanitarian efforts, or other operations, in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey,

Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt. Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

Defendant restates their response to Production for Documents Request No. 61 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 63:**

From the period beginning January 1990 through the present, please provide any and all interviews, statements or speeches by representatives of the IIRO regarding the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant restates their responses to Production for Documents Requests No. 61 and 62 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 64:**

From the period beginning January 1990 through the present, please provide any and all documents discussing the legitimacy of any armed jihad or resistance by Muslims in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000209 to IIRO 000247,

IIRO 001154 to IIRO 001184,

IIRO 001191 to IIRO 001214,

IIRO 001263 to IIRO 001264,

IIRO 001273 to IIRO 001275,

IIRO 001284 to IIRO 001286,

IIRO 001289 to IIRO 001294,

IIRO 001299 to IIRO 001303,

IIRO 001323 to IIRO 001328,

IIRO 001336 to IIRO 001339,

IIRO 001401 to IIRO 001407,

IIRO 001425 to IIRO 001428,

IIRO 001432 to IIRO 001432,

IIRO 001433 to IIRO 001434,

IIRO 001451 to IIRO 001451,

IIRO 001452 to IIRO 001452,

IIRO 001453 to IIRO 001453,

IIRO 001454 to IIRO 001456,

IIRO 001458 to IIRO 001460,

IIRO 001435 to IIRO 001450,

IIRO 001471 to IIRO 001480,

IIRO 001488 to IIRO 001493,

IIRO 001154 to IIRO 001184,

IIRO 001185 to IIRO 001185,

IIRO 001186 to IIRO 001190,

IIRO 001191 to IIRO 001214,

IIRO 001494 to IIRO 001496,

IIRO 001497 to IIRO 001497,

IIRO 001498 to IIRO 001498,

IIRO 001488 to IIRO 001488,

IIRO 001154 to IIRO 0011840,

IIRO 001154 to IIRO 0011841,

IIRO 001586 to IIRO 001591,

IIRO 001592 to IIRO 001593,

IIRO 001597 to IIRO 001602,

IIRO 001654 to IIRO 001657,

IIRO 001658 to IIRO 001660,

IIRO 001665 to IIRO 001669,

IIRO 001670 to IIRO 001671,

IIRO 001323 to IIRO 001328,

IIRO 001329 to IIRO 001330,

IIRO 001331 to IIRO 001332,

IIRO 001739 to IIRO 001758,

IIRO 001760 to IIRO 001760,

IIRO 001453 to IIRO 001453,

IIRO 001771 to IIRO 001771,

IIRO 001458 to IIRO 001460,

IIRO 001435 to IIRO 001452,

IIRO 001778 to IIRO 001808,

IIRO 001899 to IIRO 001904,

IIRO 001948 to IIRO 001948,

IIRO 001949 to IIRO 001953,

IIRO 001954 to IIRO 001955,

IIRO 001958 to IIRO 001961,

IIRO 001963 to IIRO 001964,

IIRO 001965 to IIRO 001965,

IIRO 001977 to IIRO 001978,

IIRO 001979 to IIRO 002017,

IIRO 002018 to IIRO 002052,

IIRO 002053 to IIRO 002055,

IIRO 002056 to IIRO 002072,

IIRO 002073 to IIRO 002076,

IIRO 002077 to IIRO 002108,

IIRO 002109 to IIRO 002116,

IIRO 002117 to IIRO 002169,

IIRO 002170 to IIRO 002679,

IIRO 002680 to IIRO 002682,

IIRO 002683 to IIRO 002692,

IIRO 002693 to IIRO 002693,

IIRO 002694 to IIRO 002694,

IIRO 002695 to IIRO 002695,

IIRO 002696 to IIRO 002698,

IIRO 002699 to IIRO 002699,

IIRO 002700 to IIRO 002701,

IIRO 002702 to IIRO 002703,

IIRO 002704 to IIRO 002704,

IIRO 002705 to IIRO 002705,

IIRO 002706 to IIRO 002706,

IIRO 002707 to IIRO 002707,

IIRO 002708 to IIRO 002711,

IIRO 002712 to IIRO 002716,

IIRO 004015 to IIRO 004018,

IIRO 004019 to IIRO 004043,

IIRO 004044 to IIRO 004053,

IIRO 004054 to IIRO 004056.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 65:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the relationship between the IIRO's Saudi headquarters and the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina. Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000096 to IIRO 000108, | IIRO 001235 to IIRO 001236, |
| IIRO 000111 to IIRO 000119, | IIRO 001237 to IIRO 001245, |
| IIRO 000668 to IIRO 000691, | IIRO 001263 to IIRO 001264, |
| IIRO 000728 to IIRO 000732, | IIRO 001272 to IIRO 001272, |
| IIRO 000741 to IIRO 000765, | IIRO 001226 to IIRO 0012266, |
| IIRO 000766 to IIRO 000943, | IIRO 001278 to IIRO 001286, |
| IIRO 000944 to IIRO 000968, | IIRO 001287 to IIRO 001295, |
| IIRO 001139, | IIRO 001296 to IIRO 001332, |
| IIRO 001219 to IIRO 001223, | IIRO 001333 to IIRO 001420, |
| IIRO 001226 to IIRO 001226, | IIRO 001421 to IIRO 001434, |
| IIRO 001227 to IIRO 001230, | IIRO 001435 to IIRO 001460, |
| IIRO 001231 to IIRO 001234, | IIRO 001461 to IIRO 001487, |

| | |
|---|---|
| IIRO 001522 to IIRO 001557, | IIRO 001949 to IIRO 001953, |
| IIRO 001558 to IIRO 001573, | IIRO 001954 to IIRO 001955, |
| IIRO 001574 to IIRO 001660, | IIRO 001958 to IIRO 001978, |
| IIRO 001661 to IIRO 001671, | IIRO 002997 to IIRO 003019, |
| IIRO 001720 to IIRO 001738, | IIRO 003020 to IIRO 003037, |
| IIRO 001809 to IIRO 001840, | IIRO 003482 to IIRO 003592, |
| IIRO 001841 to IIRO 001841, | IIRO 003593 to IIRO 003711, |
| IIRO 001842 to IIRO 001850, | IIRO 003712 to IIRO 003752, |
| IIRO 001856 to IIRO 001898, | IIRO 003753 to IIRO 003978, |
| IIRO 001899 to IIRO 001904, | IIRO 004015 to IIRO 004018, |
| IIRO 001908 to IIRO 001944, | IIRO 004019 to IIRO 004043, |
| IIRO 001945 to IIRO 001947, | IIRO 004044 to IIRO 004053, |
| IIRO 001948 to IIRO 001948, | IIRO 004054 to IIRO 004056. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 66:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the relationships between and among the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina. Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

Defendant restates their response to Production for Documents Request No. 65 as provided herein.

53

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 67:**

From the period beginning January 1990 through the present, provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by the IIRO by which charitable contributions are either made to and/or raised by you, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000001 to IIRO 000023, | IIRO 000164 to IIRO 000190, |
| IIRO 000051 to IIRO 000083, | IIRO 000191 to IIRO 000203, |
| IIRO 000084 to IIRO 000095, | IIRO 000204 to IIRO 000208, |
| IIRO 000096 to IIRO 000108, | IIRO 000209 to IIRO 000247, |
| IIRO 000109 to IIRO 000110, | IIRO 000248 to IIRO 000297, |
| IIRO 000111 to IIRO 000119, | IIRO 000298 to IIRO 000340, |
| IIRO 000120 to IIRO 000124, | IIRO 000341 to IIRO 000353, |
| IIRO 000125 to IIRO 000132, | IIRO 000354 to IIRO 000368, |
| IIRO 000133 to IIRO 000137, | IIRO 000369 to IIRO 000387, |
| IIRO 000138 to IIRO 000163, | IIRO 000428 to IIRO 000667, |

IIRO 000668 to IIRO 000691,

IIRO 000692 to IIRO 000707,

IIRO 000722 to IIRO 000727,

IIRO 000728 to IIRO 000732,

IIRO 000733 to IIRO 000740,

IIRO 000766 to IIRO 000943,

IIRO 000944 to IIRO 000968,

IIRO 000969 to IIRO 000985,

IIRO 001219 to IIRO 001223,

IIRO 001226 to IIRO 001277,

IIRO 001278 to IIRO 001286,

IIRO 001296 to IIRO 001332,

IIRO 001522 to IIRO 001557,

IIRO 001574 to IIRO 001660,

IIRO 001809 to IIRO 001840,

IIRO 001908 to IIRO 001944,

IIRO 001949 to IIRO 001953,

IIRO 003482 to IIRO 003592,

IIRO 003593 to IIRO 003711,

IIRO 003712 to IIRO 003752,

IIRO 003753 to IIRO 003978,

IIRO 004019 to IIRO 004043

IIRO 004044 to IIRO 004053,

IIRO 004054 to IIRO 004056,

IIRO 004057 to IIRO 004069.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 68:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the involvement of any official, trustee, committee, or board associated with the IIRO's headquarters in Saudi Arabia in determining how funds collected by the IIRO's offices outside of Saudi Arabia should be allocated and/or in the distribution of funds collected by the offices outside of Saudi Arabia.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000001 to IIRO 000023, | IIRO 000722 to IIRO 000727, |
| IIRO 000051 to IIRO 000083, | IIRO 000728 to IIRO 000732, |
| IIRO 000084 to IIRO 000095, | IIRO 000733 to IIRO 000740, |
| IIRO 000096 to IIRO 000108, | IIRO 000766 to IIRO 000943, |
| IIRO 000109 to IIRO 000110, | IIRO 000944 to IIRO 000968, |
| IIRO 000111 to IIRO 000119, | IIRO 000969 to IIRO 000985, |
| IIRO 000120 to IIRO 000124, | IIRO 001140 to IIRO 001225, |
| IIRO 000125 to IIRO 000132, | IIRO 001226 to IIRO 001277, |
| IIRO 000133 to IIRO 000137, | IIRO 001278 to IIRO 001286, |
| IIRO 000138 to IIRO 000163, | IIRO 001287 to IIRO 001295, |
| IIRO 000164 to IIRO 000190, | IIRO 001296 to IIRO 001332, |
| IIRO 000191 to IIRO 000203, | IIRO 001333 to IIRO 001420, |
| IIRO 000204 to IIRO 000208, | IIRO 001421 to IIRO 001434, |
| IIRO 000209 to IIRO 000247, | IIRO 001435 to IIRO 001460, |
| IIRO 000248 to IIRO 000297, | IIRO 001461 to IIRO 001487, |
| IIRO 000298 to IIRO 000340, | IIRO 001522 to IIRO 001557, |
| IIRO 000341 to IIRO 000353, | IIRO 001558 to IIRO 001573, |
| IIRO 000354 to IIRO 000368, | IIRO 001574 to IIRO 001660, |
| IIRO 000369 to IIRO 000387, | IIRO 001661 to IIRO 001671, |
| IIRO 000428 to IIRO 000667, | IIRO 001720 to IIRO 001738, |
| IIRO 000668 to IIRO 000691, | IIRO 001778 to IIRO 001808, |
| IIRO 000692 to IIRO 000707, | IIRO 001809 to IIRO 001840, |

| | |
|---|---|
| IIRO 001841 to IIRO 001841, | IIRO 003482 to IIRO 003592, |
| IIRO 001842 to IIRO 001855, | IIRO 003593 to IIRO 003711, |
| IIRO 001856 to IIRO 001898, | IIRO 003712 to IIRO 003752, |
| IIRO 001899 to IIRO 001904, | IIRO 003753 to IIRO 003978, |
| IIRO 001908 to IIRO 001944, | IIRO 004019 to IIRO 004043 |
| IIRO 001945 to IIRO 001947, | IIRO 004044 to IIRO 004053, |
| IIRO 001948 to IIRO 001948, | IIRO 004054 to IIRO 004056, |
| IIRO 001949 to IIRO 001953, | IIRO 004057 to IIRO 004069. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 69:**

From the period beginning January 1990 through September 11, 2001, please provide any and all summaries of contributions received and/or disbursements made by the IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000001 to IIRO 000023, | IIRO 000111 to IIRO 000119, |
| IIRO 000051 to IIRO 000083, | IIRO 000120 to IIRO 000124, |
| IIRO 000084 to IIRO 000095, | IIRO 000125 to IIRO 000132, |
| IIRO 000096 to IIRO 000108, | IIRO 000133 to IIRO 000137, |
| IIRO 000109 to IIRO 000110, | IIRO 000138 to IIRO 000163, |

IIRO 000164 to IIRO 000190,

IIRO 000191 to IIRO 000203,

IIRO 000204 to IIRO 000208,

IIRO 000209 to IIRO 000247,

IIRO 000248 to IIRO 000297,

IIRO 000298 to IIRO 000340,

IIRO 000341 to IIRO 000353,

IIRO 000354 to IIRO 000368,

IIRO 000369 to IIRO 000387,

IIRO 000428 to IIRO 000667,

IIRO 000668 to IIRO 000691,

IIRO 000692 to IIRO 000707,

IIRO 000722 to IIRO 000727,

IIRO 000728 to IIRO 000732,

IIRO 000733 to IIRO 000740,

IIRO 000741 to IIRO 000765,

IIRO 000766 to IIRO 000943,

IIRO 000944 to IIRO 000968,

IIRO 000969 to IIRO 000985,

IIRO 001296 to IIRO 001332,

IIRO 001333 to IIRO 001420,

IIRO 001421 to IIRO 001434,

IIRO 001435 to IIRO 001460,

IIRO 001661 to IIRO 001671,

IIRO 001842 to IIRO 001855,

IIRO 001861 to IIRO 001888,

IIRO 001908 to IIRO 001944,

IIRO 001948 to IIRO 001948,

IIRO 001958 to IIRO 001978,

IIRO 003482 to IIRO 003592,

IIRO 003593 to IIRO 003711,

IIRO 003712 to IIRO 003752,

IIRO 003753 to IIRO 003978,

IIRO 004019 to IIRO 004043

IIRO 004044 to IIRO 004053,

IIRO 004057 to IIRO 004069.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 70:

From the period beginning January 1990 through the present, please provide any and all information contained in any database maintained by the IIRO, identifying or relating to the sources of funds contributed to the IIRO, and/or the destination of funds distributed by the IIRO.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000001 to IIRO 000023, | IIRO 000354 to IIRO 000368, |
| IIRO 000051 to IIRO 000083, | IIRO 000369 to IIRO 000387, |
| IIRO 000084 to IIRO 000095, | IIRO 000428 to IIRO 000667, |
| IIRO 000096 to IIRO 000108, | IIRO 000668 to IIRO 000691, |
| IIRO 000109 to IIRO 000110, | IIRO 000692 to IIRO 000707, |
| IIRO 000111 to IIRO 000119, | IIRO 000722 to IIRO 000727, |
| IIRO 000120 to IIRO 000124, | IIRO 000728 to IIRO 000732, |
| IIRO 000125 to IIRO 000132, | IIRO 000733 to IIRO 000740, |
| IIRO 000133 to IIRO 000137, | IIRO 000766 to IIRO 000943, |
| IIRO 000138 to IIRO 000163, | IIRO 000944 to IIRO 000968, |
| IIRO 000164 to IIRO 000190, | IIRO 000969 to IIRO 000985, |
| IIRO 000191 to IIRO 000203, | IIRO 001140 to IIRO 001225, |
| IIRO 000204 to IIRO 000208, | IIRO 001226 to IIRO 001277, |
| IIRO 000209 to IIRO 000247, | IIRO 001278 to IIRO 001286, |
| IIRO 000248 to IIRO 000297, | IIRO 001287 to IIRO 001295, |
| IIRO 000298 to IIRO 000340, | IIRO 001296 to IIRO 001332, |
| IIRO 000341 to IIRO 000353, | IIRO 001333 to IIRO 001420, |

| | |
|---|---|
| IIRO 001421 to IIRO 001434, | IIRO 001899 to IIRO 001904, |
| IIRO 001435 to IIRO 001460, | IIRO 001908 to IIRO 001944, |
| IIRO 001461 to IIRO 001487, | IIRO 001945 to IIRO 001947, |
| IIRO 001522 to IIRO 001557, | IIRO 001948 to IIRO 001948, |
| IIRO 001558 to IIRO 001573, | IIRO 001949 to IIRO 001953, |
| IIRO 001574 to IIRO 001660, | IIRO 003482 to IIRO 003592, |
| IIRO 001661 to IIRO 001671, | IIRO 003593 to IIRO 003711, |
| IIRO 001720 to IIRO 001738, | IIRO 003712 to IIRO 003752, |
| IIRO 001778 to IIRO 001808, | IIRO 003753 to IIRO 003978, |
| IIRO 001809 to IIRO 001840, | IIRO 004019 to IIRO 004043, |
| IIRO 001841 to IIRO 001841, | IIRO 004044 to IIRO 004053, |
| IIRO 001842 to IIRO 001855, | IIRO 004057 to IIRO 004069. |
| IIRO 001856 to IIRO 001898, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 71:**

From the period beginning January 1990 through the present, please provide all documents relating to any and all relationships the IIRO has with banks or financial institutions located in the United States, United Kingdom, Saudi Arabia, Jordan, the Philippines, Pakistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina, including without limitation, all documents relating to the transfer of funds.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000001 to IIRO 000023,

IIRO 000051 to IIRO 000083,

IIRO 000084 to IIRO 000095,

IIRO 000096 to IIRO 000108,

IIRO 000109 to IIRO 000110,

IIRO 000111 to IIRO 000119,

IIRO 000120 to IIRO 000124,

IIRO 000125 to IIRO 000132,

IIRO 000133 to IIRO 000137,

IIRO 000138 to IIRO 000163,

IIRO 000164 to IIRO 000190,

IIRO 000191 to IIRO 000203,

IIRO 000204 to IIRO 000208,

IIRO 000209 to IIRO 000247,

IIRO 000248 to IIRO 000297,

IIRO 000298 to IIRO 000340,

IIRO 000341 to IIRO 000353,

IIRO 000354 to IIRO 000368,

IIRO 000369 to IIRO 000387,

IIRO 000428 to IIRO 000667,

IIRO 000668 to IIRO 000691,

IIRO 000692 to IIRO 000707,

IIRO 000722 to IIRO 000727,

IIRO 000728 to IIRO 000732,

IIRO 000733 to IIRO 000740,

IIRO 000741 to IIRO 000765,

IIRO 000766 to IIRO 000943,

IIRO 000944 to IIRO 000968,

IIRO 000969 to IIRO 000985,

IIRO 001296 to IIRO 001332,

IIRO 001333 to IIRO 001420,

IIRO 001421 to IIRO 001434,

IIRO 001435 to IIRO 001460,

IIRO 001759 to IIRO 001777,

IIRO 002997 to IIRO 003019,

IIRO 003020 to IIRO 003037,

IIRO 003482 to IIRO 003592,

IIRO 003593 to IIRO 003711,

IIRO 003712 to IIRO 003752,

IIRO 003753 to IIRO 003978,

IIRO 004015 to IIRO 004018,

IIRO 004019 to IIRO 004043,

IIRO 004044 to IIRO 004053,

IIRO 004057 to IIRO 004069.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 72:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from shari'a boards of any entity including businesses, banks, mosques, and/or charities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000001 to IIRO 000023, | IIRO 000209 to IIRO 000247, |
| IIRO 000051 to IIRO 000083, | IIRO 000248 to IIRO 000297, |
| IIRO 000084 to IIRO 000095, | IIRO 000298 to IIRO 000340, |
| IIRO 000096 to IIRO 000108, | IIRO 000341 to IIRO 000353, |
| IIRO 000109 to IIRO 000110, | IIRO 000354 to IIRO 000368, |
| IIRO 000111 to IIRO 000119, | IIRO 000369 to IIRO 000387, |
| IIRO 000120 to IIRO 000124, | IIRO 000428 to IIRO 000667, |
| IIRO 000125 to IIRO 000132, | IIRO 000668 to IIRO 000691, |
| IIRO 000133 to IIRO 000137, | IIRO 000692 to IIRO 000707, |
| IIRO 000138 to IIRO 000163, | IIRO 000722 to IIRO 000727, |
| IIRO 000164 to IIRO 000190, | IIRO 000728 to IIRO 000732, |
| IIRO 000191 to IIRO 000203, | IIRO 000733 to IIRO 000740, |
| IIRO 000204 to IIRO 000208, | IIRO 000741 to IIRO 000765, |

IIRO 000766 to IIRO 000943,

IIRO 000944 to IIRO 000968,

IIRO 000969 to IIRO 000985,

IIRO 001015 to IIRO 001138,

IIRO 001296 to IIRO 001332,

IIRO 001333 to IIRO 001420,

IIRO 001421 to IIRO 001434,

IIRO 001435 to IIRO 001460,

IIRO 001488 to IIRO 001521,

IIRO 001672 to IIRO 001719,

IIRO 001759 to IIRO 001777,

IIRO 001979 to IIRO 002017,

IIRO 002018 to IIRO 002052,

IIRO 002053 to IIRO 002055,

IIRO 002056 to IIRO 002072,

IIRO 002073 to IIRO 002076,

IIRO 002077 to IIRO 002108,

IIRO 002109 to IIRO 002116,

IIRO 002117 to IIRO 002169,

IIRO 002170 to IIRO 002679,

IIRO 002680 to IIRO 002682,

IIRO 002683 to IIRO 002692,

IIRO 002693 to IIRO 002693,

IIRO 002694 to IIRO 002694,

IIRO 002695 to IIRO 002695,

IIRO 002696 to IIRO 002698,

IIRO 002699 to IIRO 002699,

IIRO 002700 to IIRO 002701,

IIRO 002702 to IIRO 002703,

IIRO 002704 to IIRO 002704,

IIRO 002705 to IIRO 002705,

IIRO 002706 to IIRO 002706,

IIRO 002707 to IIRO 002707,

IIRO 002708 to IIRO 002711,

IIRO 002712 to IIRO 002716,

IIRO 003482 to IIRO 003592,

IIRO 003593 to IIRO 003711,

IIRO 003712 to IIRO 003752,

IIRO 003753 to IIRO 003978,

IIRO 004019 to IIRO 004043,

IIRO 004044 to IIRO 004053,

IIRO 004057 to IIRO 004069.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 73:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Saudi Department of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 74:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in the sponsorship of any radical, extremist or terrorist activities or organizations.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11. Defendant further objects to this request to the extent it seeks documents readily accessible to the plaintiffs from the public domain.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000766 to IIRO 000968, | IIRO 001797 to IIRO 001798, |
| IIRO 000984-IIRO 001004, | IIRO 001799 to IIRO 001804, |
| IIRO 001739 to IIRO 001758, | IIRO 001805 to IIRO 001808, |
| IIRO 001792 to IIRO 001796, | IIRO 004054 to IIRO 004056. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 75:

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal or corrupt activities.

## ANSWER:

Defendant restates their response to Production for Documents Request No. 74 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 76:

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any military, radical or terrorist activity, plot or attack.

## ANSWER:

Defendant restates their responses to Production for Documents Requests No. 74 and 75 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 77:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from any third party relating to the alleged involvement of the IIRO, or any employee or person associated with the IIRO, in any

criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant restates their responses to Production for Documents Requests No. 74, 75, and 76 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 78:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the alleged involvement of any Islamic charity or charities in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant restates their responses to Production for Documents Requests No. 74, 75, 76, and 77 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 79:**

From the period beginning January 1990 through the present, please provide any and all documents in your possession or control relating in any way to IIRO meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11. Defendant further objects to this request to the extent it seeks documents readily accessible to the plaintiffs from the public domain.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001296 to IIRO 001332, | IIRO 001778 to IIRO 001808, |
| IIRO 001739 to IIRO 001758, | IIRO 004054 to IIRO 004056. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 80:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any internal investigation by the IIRO into any alleged criminal, corrupt, or extremist activities of any employee or person associated with the IIRO, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11. Defendant further objects to this request to the extent it seeks documents readily accessible to the plaintiffs from the public domain.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001140 to IIRO 001225, | IIRO 001792 to IIRO 001796, |
| IIRO 001226 to IIRO 001277, | IIRO 001797 to IIRO 001798, |
| IIRO 001296 to IIRO 001332, | IIRO 001799 to IIRO 001804, |
| IIRO 001461 to IIRO 001487, | IIRO 001805 to IIRO 001808, |
| IIRO 001574 to IIRO 001660, | IIRO 004054 to IIRO 004056. |
| IIRO 001739 to IIRO 001758, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 81:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the MWL, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant further objects to this request to the extent it seeks documents readily accessible to the plaintiffs from the public domain.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001185 to IIRO 001185, | IIRO 001551 to IIRO 001551, |
| IIRO 001191 to IIRO 001214, | IIRO 001557 to IIRO 001557, |
| IIRO 001226 to IIRO 001229, | IIRO 001620 to IIRO 001653, |
| IIRO 001481 to IIRO 001482, | IIRO 001792 to IIRO 001796. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 82:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 83:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that any Islamic charity or charities, or employee or person associated with any Islamic charity or charities, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 84:

Provide all documents relating to investigations or inquiries conducted by the United States Government or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator"), or any foreign government or any foreign-based regulatory body, bank, financial institution, accountant,

or auditor ("Foreign Investigator"), into financial transactions linked to accounts held solely or jointly by you.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000766 to IIRO 000948, | IIRO 000984 to IIRO 001004, |
| IIRO 000969 to IIRO 000985, | IIRO 004054 to IIRO 004056, |
| | IIRO 004057 to IIRO 004069. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 85:**

Provide all documents relating to the Republic of Kenya's investigation and subsequent determination to ban the IIRO in September 1998 following the bombings of the U.S. Embassies in Kenya and Tanzania.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 86:**

Provide all documents relating to any investigations conducted by the Republic of the Philippines and its subsequent determination that the IIRO office in the Philippines was used to finance terrorist organizations, including but not limited to, Al Qaida, Abu Sayyaf, and the Moro Islamic Liberation Front ("MILF").

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000984 to IIRO 001004,          IIRO 003020 to IIRO 003037,

IIRO 002997 to IIRO 003019,          IIRO 004054 to IIRO 004056

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 87:**

Provide all documents relating to any investigations conducted by the Islamic Republic of Pakistan and its subsequent determination to expel IIRO personnel after September 11, 2001.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, 11, and 12. Defendant specifically objects to this Request as not calculated to lead to discoverable evidence as it is merely a baseless rumor. To that effect, subject to and without waiving the above objections, Defendant directs Plaintiffs to the following documents which support Defendant's objection:

IIRO 01139,          IIRO 001488 to IIRO 001493.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 88:**

Provide all copies of any and all documents and things that have been seized by, or produced by the IIRO to, any investigators, auditors, and/or government agencies concerning the IIRO's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, 11, and 12. Defendant further objects to the extent that this request seeks information from any governments of subject to any foreign immunity or privileges they may assert.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000766 to IIRO 000968.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 89:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any action taken by the IIRO to prevent criminal activities, including the sponsorship of terrorist or radicals, by persons employed by, or affiliated with the IIRO or any of its branch offices.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000001 to IIRO 000023,

IIRO 000051 to IIRO 000083,

IIRO 000084 to IIRO 000095,

IIRO 000096 to IIRO 000108,

IIRO 000109 to IIRO 000110,

IIRO 000111 to IIRO 000119,

IIRO 000120 to IIRO 000124,

IIRO 000125 to IIRO 000132,

IIRO 000133 to IIRO 000137,

IIRO 000138 to IIRO 000163,

IIRO 000164 to IIRO 000190,

IIRO 000191 to IIRO 000203,

IIRO 000204 to IIRO 000208,

IIRO 000209 to IIRO 000247,

IIRO 000248 to IIRO 000297,

IIRO 000298 to IIRO 000340,

IIRO 000341 to IIRO 000353,

IIRO 000354 to IIRO 000368,

IIRO 000369 to IIRO 000387,

IIRO 000428 to IIRO 000667,

IIRO 000668 to IIRO 000691,

IIRO 000692 to IIRO 000707,

IIRO 000722 to IIRO 000727,

IIRO 000728 to IIRO 000732,

IIRO 000733 to IIRO 000740,

IIRO 000741 to IIRO 000765,

IIRO 000766 to IIRO 000943,

IIRO 000944 to IIRO 000968,

IIRO 000969 to IIRO 000985,

IIRO 001015 to IIRO 001138,

IIRO 001140 to IIRO 001225,

IIRO 001226 to IIRO 001277,

IIRO 001278 to IIRO 001286,

IIRO 001287 to IIRO 001295,

IIRO 001296 to IIRO 001332,

IIRO 001333 to IIRO 001420,

IIRO 001421 to IIRO 001434,

IIRO 001435 to IIRO 001460,

IIRO 001461 to IIRO 001487,

IIRO 001488 to IIRO 001521,

IIRO 001522 to IIRO 001557,

IIRO 001558 to IIRO 001573,

IIRO 001574 to IIRO 001660,

IIRO 001661 to IIRO 001671,

IIRO 001672 to IIRO 001719,

IIRO 001720 to IIRO 001738,

IIRO 001739 to IIRO 001758,

IIRO 001778 to IIRO 001808,

IIRO 001809 to IIRO 001840,

IIRO 001841 to IIRO 001841,

IIRO 001842 to IIRO 001855,

IIRO 001856 to IIRO 001898,

IIRO 001899 to IIRO 001904,

IIRO 001908 to IIRO 001944,

IIRO 001948 to IIRO 001948,

IIRO 001949 to IIRO 001953,

IIRO 001956 to IIRO 001957,

IIRO 001958 to IIRO 001978,

IIRO 001979 to IIRO 002017,

IIRO 002018 to IIRO 002052,

IIRO 002053 to IIRO 002055,

IIRO 002056 to IIRO 002072,

IIRO 002073 to IIRO 002076,

IIRO 002077 to IIRO 002108,

IIRO 002109 to IIRO 002116,

IIRO 002117 to IIRO 002169,

IIRO 002170 to IIRO 002679,

IIRO 002680 to IIRO 002682,

IIRO 002683 to IIRO 002692,

IIRO 002693 to IIRO 002693,

IIRO 002694 to IIRO 002694,

IIRO 002695 to IIRO 002695,

IIRO 002696 to IIRO 002698,

IIRO 002699 to IIRO 002699,

IIRO 002700 to IIRO 002701,

IIRO 002702 to IIRO 002703,

IIRO 002704 to IIRO 002704,

IIRO 002705 to IIRO 002705,

IIRO 002706 to IIRO 002706,

IIRO 002707 to IIRO 002707,

IIRO 002708 to IIRO 002711,

IIRO 002712 to IIRO 002716,

IIRO 003482 to IIRO 003592,

IIRO 003593 to IIRO 003711,

IIRO 003712 to IIRO 003752,

IIRO 003753 to IIRO 003978,

IIRO 004054 to IIRO 004056.

IIRO 004019 to IIRO 004043,

IIRO 004057 to IIRO 004069.

**REQUEST 90:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any action undertaken by the IIRO to remove or purge radical or corrupt elements or individuals from the IIRO's branch offices.

**ANSWER:**

Defendant restates their response to Production for Documents Request No. 89 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 91:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any IIRO subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent, employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001219 to IIRO 001223, | IIRO 001461 to IIRO 001487, |
| IIRO 001226 to IIRO 001277, | IIRO 001574 to IIRO 001660, |
| IIRO 001287 to IIRO 001295, | IIRO 001739 to IIRO 001758, |
| IIRO 001333 to IIRO 001420, | IIRO 001778 to IIRO 001808, |
| IIRO 001421 to IIRO 001434, | IIRO 001949 to IIRO 001953, |
| IIRO 001435 to IIRO 001460, | IIRO 001954 to IIRO 001955. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 92:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any individual, including but not limited to, any of the persons identified in Exhibit A, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001227 to IIRO 001230,          IIRO 001743 to IIRO 001744,

IIRO 001253 to IIRO 001255,          IIRO 001751 to IIRO 001751,

IIRO 001256 to IIRO 001258,          IIRO 001753 to IIRO 001756,

IIRO 001296 to IIRO 001332,          IIRO 001778 to IIRO 001808,

IIRO 001421 to IIRO 001434,          IIRO 004054 to IIRO 004056.

IIRO 001435 to IIRO 001460,

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 93:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any Islamic charity, benevolent association, IIRO supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks, including but not limited to, any of the entities identified in Exhibit B, as a result of financial irregularities, suspicious activities,

investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001227 to IIRO 001230, | IIRO 001461 to IIRO 001487, |
| IIRO 001253 to IIRO 001255, | IIRO 001605 to IIRO 001611, |
| IIRO 001256 to IIRO 001258, | IIRO 001739 to IIRO 001758, |
| IIRO 001296 to IIRO 001332, | IIRO 001778 to IIRO 001808, |
| IIRO 001421 to IIRO 001434, | IIRO 001861 to IIRO 001888, |
| IIRO 001435 to IIRO 001460, | IIRO 001899 to IIRO 001904. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 94:**

Provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by the IIRO concerning the acceptance and distribution of monetary donations, which are currently being used or were used to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas

offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000001 to IIRO 000023,

IIRO 000051 to IIRO 000083,

IIRO 000084 to IIRO 000095,

IIRO 000096 to IIRO 000108,

IIRO 000109 to IIRO 000110,

IIRO 000111 to IIRO 000119,

IIRO 000120 to IIRO 000124,

IIRO 000125 to IIRO 000132,

IIRO 000133 to IIRO 000137,

IIRO 000138 to IIRO 000163,

IIRO 000164 to IIRO 000190,

IIRO 000191 to IIRO 000203,

IIRO 000204 to IIRO 000208,

IIRO 000209 to IIRO 000247,

IIRO 000248 to IIRO 000297,

IIRO 000298 to IIRO 000340,

IIRO 000341 to IIRO 000353,

IIRO 000354 to IIRO 000368,

IIRO 000369 to IIRO 000387,

IIRO 000428 to IIRO 000667,

IIRO 000668 to IIRO 000691,

IIRO 000692 to IIRO 000707,

IIRO 000722 to IIRO 000727,

IIRO 000728 to IIRO 000732,

IIRO 000733 to IIRO 000740,

IIRO 000741 to IIRO 000765,

IIRO 000766 to IIRO 000943,

IIRO 000944 to IIRO 000968,

IIRO 000969 to IIRO 000985,

IIRO 001007 to IIRO 001014,

IIRO 001015 to IIRO 001138,

IIRO 001139

IIRO 001140 to IIRO 001225,

IIRO 001226 to IIRO 001277,

IIRO 001278 to IIRO 001286,

IIRO 001296 to IIRO 001332,

IIRO 001333 to IIRO 001420,

IIRO 001421 to IIRO 001434,

IIRO 001435 to IIRO 001460,

IIRO 001461 to IIRO 001487,

IIRO 001488 to IIRO 001521,

IIRO 001522 to IIRO 001557,

IIRO 001558 to IIRO 001573,

IIRO 001661 to IIRO 001671,

IIRO 001672 to IIRO 001719,

IIRO 001720 to IIRO 001738,

IIRO 001739 to IIRO 001758,

IIRO 001809 to IIRO 001840,

IIRO 001841 to IIRO 001841,

IIRO 001842 to IIRO 001855,

IIRO 001856 to IIRO 001898,

IIRO 001905 to IIRO 001907,

IIRO 001908 to IIRO 001944,

IIRO 001948 to IIRO 001948,

IIRO 001949 to IIRO 001953,

IIRO 001956 to IIRO 001957,

IIRO 001958 to IIRO 001978,

IIRO 001979 to IIRO 002017,

IIRO 002018 to IIRO 002052,

IIRO 002053 to IIRO 002055,

IIRO 002056 to IIRO 002072,

IIRO 002073 to IIRO 002076,

IIRO 002077 to IIRO 002108,

IIRO 002109 to IIRO 002116,

IIRO 002117 to IIRO 002169,

IIRO 002170 to IIRO 002679,

IIRO 002680 to IIRO 002682,

IIRO 002683 to IIRO 002692,

IIRO 002693 to IIRO 002693,

IIRO 002694 to IIRO 002694,

IIRO 002695 to IIRO 002695,

IIRO 002696 to IIRO 002698,

IIRO 002699 to IIRO 002699,

IIRO 002700 to IIRO 002701,

IIRO 002702 to IIRO 002703,

IIRO 002704 to IIRO 002704,

IIRO 002705 to IIRO 002705,

IIRO 002706 to IIRO 002706,

IIRO 002707 to IIRO 002707,

IIRO 002708 to IIRO 002711,

IIRO 002712 to IIRO 002716,

IIRO 003482 to IIRO 003592,

IIRO 003593 to IIRO 003711,

IIRO 003712 to IIRO 003752,

IIRO 003753 to IIRO 003978,

IIRO 004019 to IIRO 004043,

IIRO 004044 to IIRO 004053,                    IIRO 004057 to IIRO 004069

IIRO 004054 to IIRO 004056,

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 95:**

Provide copies of any and all laws, statutes, regulations, ordinances, or royal decrees which would have prohibited any Islamic charity or benevolent association from: (i) engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) providing material support or resources to al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12. Defendant also specifically objects to this request as exclusively seeking documents which are equally accessible to the Plaintiffs because they are readily obtainable independently from the public domain.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 96:**

Provide all documents relating to any and all information or notification you received prior to September 11, 2001, that any subsidiary, affiliate, or branch office of the IIRO, including any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of the IIRO, may have been or was engaging in conduct unrelated to the IIRO's ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, and 11. Defendant

also objects to this request to the extent it seeks documents readily accessible to the plaintiffs from the public domain.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request. Defendant however directs Plaintiffs to the following documents which rebut such accusations:

IIRO 001805 to IIRO 001808.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 97:**

Provide all documents relating to any and all information or notification you received prior to September 11, 2001, that any persons identified Exhibit A, may have been or were engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request. Defendant however directs Plaintiffs to the following documents which rebut such accusations:

IIRO 001296 to IIRO 001332,                    IIRO 001739 to IIRO 001758,

IIRO 001805 to IIRO 001808.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 98:

Provide all documents relating to any and all information or notification you received prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant asserts that it received no information or notification prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks. Accordingly, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request, and Defendant further asserts that no such documents exist.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 99:

From the period beginning January 1990 through the present, please provide an electronic or paper copy of all web-pages that were ever operated by the IIRO and/or its worldwide subsidiaries, affiliates, or branch offices. Such documents shall include, but are not limited to, the e-mail server(s), webmaster(s), website designer(s), domain names, and registration of domain names.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, and 11. Defendant

specifically objects to this Request as unduly burdensome in seeking "an electronic or paper copy of all web-pages that were ever operated by the IIRO and/or or its worldwide subsidiaries, affiliates, or branch offices."

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs plaintiffs to IIRO-SA's official website, www.iirosa.org which is currently active. The IIRO has also registered www.iirosa.com and www.iirosa.net which redirect to www.iirosa.org.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 100:

Please provide all documents relating to any "web links" that any IIRO website(s) have to other internet websites, web-pages and/or chat rooms. Such documents shall include, but are not limited to, the reason or purpose for the link, how the decision was made to add such a link to the website, whether the IIRO received any compensation for maintaining the link, and the content of the linked internet website, web page or chat room.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, and 11. Defendant specifically objects to this Request as overbroad and unduly burdensome. Defendant also specifically objects to this Request to the extent it seeks documents readily accessible to the plaintiffs from the public domain.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001720 to IIRO 001738.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 101:**

Please provide any internal regulations, rules, or protocols relating to web-links, e-mail, and website uses.

**ANSWER:**

Defendant restates their response to Production for Documents Request No. 100 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 102:**

Please provide all electronically-stored materials which relate to the subject matter of the documents and things described herein including: (i) data files created by a word processor, spreadsheet or other application software; (ii) databases and structural information about the databases, including network activity logs and audit trails; (iii) electronic calendars and telephone logs; whether this information exists on a network file server, main frame computer, mini-computer, stand-alone personal computer, network workstation, off-line data-storage media, including back-ups and archives, floppy diskettes, tapes and other removable electronic media.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 103:**

Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by the IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified

above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000944 to IIRO 000968, | IIRO 003593 to IIRO 003711, |
| IIRO 001739 to IIRO 001758, | IIRO 003712 to IIRO 003752, |
| IIRO 002717 to IIRO 002726, | IIRO 003753 to IIRO 003978, |
| IIRO 002727 to IIRO 002996, | IIRO 004019 to IIRO 004043. |
| IIRO 003482 to IIRO 003592, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 104:**

Please provide a copy of any and all IIRO "document retention" policies, plans, or programs.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000986 to 000987 (estimate for documents to be produced).

Defendants also produce the documents bates-stamped IIRO 003038 to IIRO 003078 consisting of pictures of the IIRO-SA warehouse where the documents are stored.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 105:**

Please provide any and all records or documents relating to the destruction of documents, including descriptions of all destroyed documents by the IIRO.

**ANSWER:**

Defendant restates their response to Production for Documents Request No. 104 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 106:**

Please provide copies of all reports, correspondence and records from any expert expected to testify at trial which relate to the subject matter of this case. Such documents shall include, but are not limited to, all expert reports and all documents reviewed and relied upon by any expert expected to testify at trial.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objection 6. Additionally, Defendant specifically objects to this Request as prematurely seeking information about expert witnesses which Defendant is under no obligation to provide at this time because discovery is ongoing.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000969 to IIRO 000985,          IIRO 004057 to IIRO 004069.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 107:**

Please provide each exhibit that you intend to rely upon at trial.

86

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objection 6.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000001 to IIRO 004069.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

Respectfully submitted on this 28th day of October 2008,

**MARTIN F. MCMAHON & ASSOCIATES**

By:     Martin F. McMahon, Esq., # M.M. 4389
         1150 Connecticut Ave., N.W.
         Suite. 900
         Washington, D.C. 20036
         Phone: (202) 862-4343
         Facsimile: (202) 862-4130
         Email: mfm@martinmcmahonlaw.com
         *Attorney for Defendant International Islamic*
         *Relief Organization of Saudi Arabia (IIRO-*
         *SA)*

87

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2008, a copy of the foregoing Defendant International Islamic Relief Organization of Saudi Arabia's First Set of Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents sent via electronic mail and First Class mail, postage pre-paid to:

Mr. Andrew J. Maloney III, Esq.
Kreindler & Kreindler
100 Park Ave.
New York, NY 10017-5590
amoloney@kreindler.com
*Attorney for Plaintiff Ashton*

Mr. Robert L. Motley, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Rmotley@motleyrice.com
*Attorney for Plaintiff Burnett*

Mr. Sean P. Carter, Esq.
Cozen O'Connor
1900 Market St.
Philadelphia, PA 19103-3508
Scarter1@cozen.com
*Attorney for Plaintiff Federal Insurance*

Mr. Jerry S. Goldman, Esq.,
Anderson Kill & Olick, P.C.,
1251 Avenue of the Americas,
New York, New York, 10020
Tel: 212-278-1000
jgoldman@goldmanlawyers.com
*Attorney for Plaintiff O'Neill*

Martin F. McMahon, Esq.