# EXHIBIT 31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) |
| *This document relates to:*<br>*Federal Insurance Co. v. al Qaida*, 03-cv-6978<br>(RCC) | ECF Case |

**MUSLIM WORLD LEAGUE'S RESPONSES TO THE PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:          202-862-4343
Facsimile:      202-828-4130

*Attorney for Defendant*

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant

Muslim World League (hereinafter "MWL"), by and through its undersigned attorneys, respond

to Plaintiffs' first request for documents.

In furnishing these responses and in producing documents in connection herewith,

Defendant does not admit or concede the relevance, materiality, authenticity or admissibility in

evidence of any such responses or documents.  All objections to the use, at hearing or otherwise,

of any of these responses or documents produced in connection herewith are expressly reserved.

## GENERAL OBJECTIONS

Defendant makes the following General Objections to Plaintiffs' First Request for

Production of Documents (hereinafter referred to as "Production Requests"):

1.      Defendant is providing this response and producing documents without waiver of
or prejudice to his right, at any later time, to raise objections to (a) the relevance, materiality, or
admissibility of (i) the Production Requests or any part thereof, (ii) statements made in this
response to the Production Requests or any part thereof, or (iii) any document produced pursuant
to this response, or (b) any further demand for discovery involving or relating to the matters
raised in the Production Requests.

2.      Defendant undertakes to produce documents in response to the Production
Requests only to the extent required by the FRCP and Defendant objects to the "Instructions and
Definitions" contained in the Production Requests to the extent they exceed or conflict with
those Rules.

3.      Defendant objects to the Production Requests to the extent that they demand
production of any document covered by the attorney-client privilege or the work product
doctrine, or any other applicable privilege.  In the event that Defendant produces any privileged
document, its production is inadvertent and does not constitute a waiver of any privilege.

4.      Due to the fact that Plaintiffs' have served Defendant with 867 document requests
and given the limited time available for Defendants to respond, the production set forth below is
based upon information now available to the Defendant as to any files in his possession, custody,
or control that reasonably relate to one or more of the specific requests contained in the
Production Requests.  Defendant objects to the Production Requests to the extent they purport to
demand production of documents not in Defendant's possession, custody, or control or to require
a search of files that do not reasonably relate to one or more of the specific requests contained in

the Production Requests.  Further, Defendant reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below and the production made pursuant thereto.

5.      In the responses to specific Production Requests that follow, a statement that responsive documents will be produced does <u>not</u> mean (a) that any documents exist or (b) that they are in the possession, custody, or control of the Defendant.  Obviously, these prerequisites must be met before there could be any production of such documents by Defendant.

6.      Defendant objects to the Production Requests to the extent they purport to demand production of any documents containing confidential or proprietary, commercial, or financial information in the absence of a suitable and mutually agreeable protective order mandating that the confidentiality of such documents be preserved and maintained.

7.      Defendant objects to the production of any documents falling within one of the general objections set forth above or within one of the specific objections set forth below.  In the event Defendant produces any document falling within such an objection, its production does not constitute waiver of the objection.  The responses to the specific Production Requests are subject to the general responses and objections set forth in Paragraphs 1-7.

## PRODUCTION REQUESTS

### REQUEST 1:

Please provide all documents illustrating, describing or otherwise relating to Your formation and organizational structure, the date of incorporation, the state of incorporation, the duration of Your existence, any documents relating to Your initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the Muslim World League ("MWL") (including any subsidiary, affiliate, or branch office).

### ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  <u>See</u> <u>Terror Attacks II,</u> 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.[1]

---

[1]  The term "binders" will be understood to mean MWL binders consisting of 1-21 that are currently in the possession of the undersigned counsel and can be reviewed at any time by Plaintiffs' counsel or their Arabic translator.

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 2:**

Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the MWL (including any subsidiary, affiliate, or branch office), including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Some documents called for in this request produced/published in or after 1996 will also be available for inspection at the MWL offices respectively located in New York City, London, and/or Northern Virginia.

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 3:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of the MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 4:

From the period beginning January 1990 through the present, please provide all documents identifying each officer, director, trustee, board member, and/or committee member of the MWL (including any subsidiary, affiliate, or branch office).

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 5:

From the period beginning January 1990 through the present, please provide all documents relating to any meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of the MWL, including without limitation, any agendas or meeting minutes.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 6:**

From the period beginning January 1, 1990 through September 11, 2002, please provide any and all statements for bank accounts held by the MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #15 and are available for inspection at the offices of the undersigned counsel.

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 7:

From the period beginning January 1990 through the present, please provide any and all financial statements, balance sheets, income statements and annual reports for the MWL.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #1 and are available for inspection at the offices of the undersigned counsel.

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 8:

From the period beginning January 1990 through the present, please provide all documents relating to all filings submitted to any local, state, or federal agency by You, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Such documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning MWL's tax-exempt status.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

If there are other documents called for in this request that are located in Saudi Arabia and were produced/published in or after 1996, they will also be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 9:**

From the period beginning January 1990 through the present, please provide all documents relating to any audit, analysis, examination, or review of the MWL's investments, assets, capital, and/or financial affairs, conducted either by employees of the MWL or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #1 and are available for inspection at the offices of the undersigned counsel.

Some documents called for in this request produced/published in or after 1996 will also be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 10:**

From the period beginning January 1, 1990 through September 11, 2001, please provide any and all documents identifying projects undertaken or financed by the MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and vague as to the term "projects."

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #4 and are available for inspection at the offices of the undersigned counsel.

Some other documents called for in this request produced/published in or after 1996 will also be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 11:**

From the period beginning January 1, 1990 through September 11, 2001, please provide any and all documents summarizing the funds allocated by the MWL to projects undertaken or financed by the MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #1 and #4 and are available for inspection at the offices of the undersigned counsel.

Some additional documents called for in this request produced/published in or after 1996 will also be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 12:**

From the period beginning January 1990 through the present, please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by You. Such documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 13:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the MWL's headquarters in Saudi Arabia in the fundraising efforts of the MWL's offices outside of Saudi Arabia.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 14:**

Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MD 1570, whereby You have agreed to pay, indemnify, or reimburse their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

If they exist, any and all documents called for in this request will be available for inspection in Mecca or Jeddah subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 15:**

Please provide all documents relating to any understanding or agreement between the MWL and any other individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse the MWL for all costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against MWL. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

To the extent that this request seeks information from the government of Saudi Arabia, it will not be produced due to Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein

If such documents exist, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein and further subject to disposition of Defendant's Motion for a Protective Order.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 16:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the MWL and the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Subject to disposition of Defendant's Motion for a Protective Order, based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

**REQUEST 17:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Subject to disposition of Defendant's Motion for a Protective Order, based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

If any documents are produced, any and all documents called for in this request will be available for inspection in Mecca or Jeddah subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein.

**REQUEST 18:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the relationship between the MWL and any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

Subject to disposition of Defendant's Motion for a Protective Order, based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

If any documents are produced, any and all documents called for in this request will be available for inspection in Mecca or Jeddah subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein.

**REQUEST 19:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from, any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

Subject to disposition of Defendant's Motion for a Protective Order, based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

If any documents are produced, they will be available for inspection in Mecca or Jeddah subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein.

**REQUEST 20:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the MWL's role in spreading, propagating, or proselytizing Islam outside of the Kingdom of Saudi Arabia, including without limitation any long term strategy, studies or papers.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Some additional documents called for in this request produced/published in or after 1996 will also be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 21:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the MWL's role in advancing the foreign policy objectives of the KSA.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 22:**

Provide all documents relating to all accounts in any United States, Saudi Arabian, or foreign banking institution You hold or have held jointly with the KSA, any members of the Saudi royal family, and/or any Saudi official acting on behalf of the KSA ("KSA Joint Bank Accounts"), and/or any KSA Joint Bank Accounts over which You hold or have held signatory authority.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 23:**

Provide all documents relating to the role of the KSA and/or members of the Saudi royal family, in the creation, organization, funding, oversight, supervision, operation, and/or management of the MWL, including any subsidiary, affiliate, and/or branch office.

**ANSWER:**

Subject to disposition of Defendant's Motion for a Protective Order, based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Furthermore, this request is a disguised attempt to secure discovery from the Kingdom of Saudi Arabia and members of Royal Family, defendants who have been dismissed herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

If any documents are produced, they will be available for inspection in Mecca or Jeddah subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein.

## REQUEST 24:

Provide all documents relating to the MWL's initial capitalization and any subsequent funding provided by the KSA, members of the Saudi royal family, and/or any other individuals or entities.

## ANSWER:

To the extent that this request Seeks information regarding the Kingdom of Saudi Arabia and members of the Royal Family and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that the defendants have successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Excluding documents pertaining to subsequent funding from private sources other than the KSA or members of the Royal Family, any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

## REQUEST 25:

Provide all documents defining, establishing, or relating to the MWL's privileges, obligations, activities, and/or rights under the laws of the KSA.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah subject to the plaintiffs agreeing to pay for the services of an attorney licensed to practice in Saudi Arabia.

**REQUEST 26:**

Provide all documents relating to any and all laws, statutes, regulations, ordinances, royal decrees, or directives issued by the KSA relating to the MWL, including but not limited to, documents relating to the organization, funding, oversight, supervision, management, and/or control over the MWL's operations, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:**

Subject to disposition of Defendant's Motion for a Protective Order, based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah subject to the plaintiffs agreeing to pay for the services of an attorney licensed to practice in Saudi Arabia.

**REQUEST 27:**

Provide all documents relating to any fundraising events and/or conferences that were held for the benefit of the MWL and were promoted, sponsored, organized, funded, managed, or

supervised by the KSA and/or members of the Saudi family. Such documents shall include, but are not limited to, those identified in Request #12.

**ANSWER:**

Subject to disposition of Defendant's Motion for a Protective Order, based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Furthermore, this request is a disguised attempt to secure discovery from the Kingdom of Saudi Arabia and members of Royal Family. Both have been dismissed herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 28:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the MWL and any official or agency of the KSA.

**ANSWER:**

Subject to disposition of Defendant's Motion for a Protective Order, based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Furthermore, this request is a disguised attempt to secure discovery from the Kingdom of Saudi Arabia and members of Royal Family. Both have been dismissed herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 29:**

From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the MWL (including any subsidiary, affiliate, or branch office) and the Taliban.

**ANSWER:**

No documents governing, describing, detailing, or otherwise relating to any relationship between the MWL (including any subsidiary, affiliate, or branch office) and the Taliban can be produced as no documents of this kind exist.

**REQUEST 30:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the MWL and the persons identified in Exhibit A.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship between MWL and the first individual listed in Exhibit A will be available for inspection in Mecca or Jeddah.

Any and all other documents called for in this request will not be produced.

**REQUEST 31:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the persons identified in Exhibit A.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents sent to or received from the first individual listed in Exhibit A will be available for inspection in Mecca or Jeddah.

Any and all other documents called for in this request will not be produced.

**REQUEST 32:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the MWL and the entities identified in Exhibit A.  In the event that any MWL subsidiary, affiliate, and/or branch office shared office space with any of the entities identified in Exhibit A, please provide such documents.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship between MWL and the first entity listed in Exhibit A will be available for inspection in Mecca or Jeddah.

Any and all other documents called for in this request will not be produced.

**REQUEST 33:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the entities identified in Exhibit A.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship between MWL and the first entity listed in Exhibit A will be available for inspection in Mecca or Jeddah.

Any and all other documents called for in this request will not be produced.

**REQUEST 34:**

Please provide any and all documents relating to the involvement of the MWL in the struggle against the Soviet occupation of Afghanistan during the 1980s.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the MWL in the struggle against the Soviet occupation of Afghanistan during the 1980s. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

**REQUEST 35:**

Please provide any and all documents relating to the MWL's role in supporting the mujihadeen forces in Afghanistan in their struggle against Soviet occupation. For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and Seeks the same information called for in request #34.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the MWL in the struggle against the Soviet occupation of Afghanistan during the 1980s. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

**REQUEST 36:**

From the period beginning January 1980 through January 1990, please provide any and all documents governing, describing, detailing or otherwise relating to any relationship between the MWL and Maktab al Khidmat (a/k/a the Office of Services).

 **ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the MWL in the struggle against the Soviet occupation of Afghanistan during the 1980s. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

**REQUEST 37:**

From the period beginning January 1980 through January 1990, please provide any and all documents sent to, and/or received from the Maktab al Khidmat.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and seeks the same information called for in request #36.