Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the MWL in the struggle against the Soviet occupation of Afghanistan during the 1980s.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

**REQUEST 38:**

From the period beginning January 1990 through the present, please provide any and all documents authored, published, or disseminated by the MWL relating to the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Any and all additional documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 39:**

From the period beginning January 1990 through the present, please provide any and all documents relating to fundraising activities conducted by the MWL in relation to relief or humanitarian efforts, or other operations, in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 40:**

From the period beginning January 1990 through the present, please provide any and all interviews, statements or speeches by representatives of the MWL regarding the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Subject to disposition of Defendant's Motion for a Protective Order, any and all remaining documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.  Documents pertaining to the other countries will not be produced.

**REQUEST 41:**

From the period beginning January 1990 through the present, please provide any and all documents discussing the legitimacy of any armed jihad or resistance by Muslims in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. <u>See</u> <u>Terror Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Subject to disposition of Defendant's Motion for a Protective Order, any and all remaining documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Mecca or Jeddah. Documents pertaining to the other countries will not be produced.

**REQUEST 42:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any "Congress" of the MWL.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. <u>See</u> <u>Terror Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

If they exist, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

As understood by MWL, there is no "Congress."

**REQUEST 43:**

From the period beginning January 1990 through the present, please provide any and all reports, summaries, memoranda, and/or any other documents relating to trips conducted by the MWL Secretary General, the MWL Deputy Secretary General, or other officials from the MWL's Saudi headquarters, outside of Saudi Arabia, which were in any way related to the MWL's operations.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 44:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the relationship between the MWL's Saudi headquarters and the MWL's branch offices worldwide, including but not limited to the MWL's offices in the United States, Australia, Argentina, Jordan, Pakistan, Gabon, Denmark, Senegal, Sudan, Somalia, Philippines, Maldives, Austria, Congo, United Kingdom, Indonesia, Uganda, Italy, Bangladesh, Burundi, Thailand, Trinidad, Tanzania, Togo, Comoro Islands, South Africa, Saudi Arabia, Russia, France, Canada, Kenya, Malaysia, Mauritania, Mauritius, Mozambique, and Nigeria.  Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 45:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the relationships between and among the MWL's branch offices worldwide, including but not limited to the MWL's offices in the United States, Australia, Argentina, Jordan, Pakistan, Gabon, Denmark, Senegal, Sudan, Somalia, Philippines, Maldives, Austria, Congo, United Kingdom, Indonesia, Uganda, Italy, Bangladesh, Burundi, Thailand, Trinidad, Tanzania, Togo, Comoro Islands, South Africa, Saudi Arabia, Russia, France, Canada, Kenya, Malaysia, Mauritania, Mauritius, Mozambique, and Nigeria.  Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 46:**

From the period beginning January 1990 through the present, please provide any and all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of any MWL office worldwide to the MWL offices in the United States.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all other documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 47:**

From the period beginning January 1990 through the present, please provide any and all documents in Your possession or control relating in any way to MWL meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 48:**

From the period beginning January 1990 through the present, provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by the MWL by which charitable contributions are either made to and/or raised by You, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binders #4 and #5 and are available for inspection at the offices of the undersigned counsel.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 49:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the involvement of any official, trustee, committee, or board associated with the MWL's headquarters in Saudi Arabia in determining how funds collected by the MWL's offices outside of Saudi Arabia should be allocated and/or in the distribution of funds collected by the offices outside of Saudi Arabia.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #5 and are available for inspection at the offices of the undersigned counsel.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 50:**

From the period beginning January 1990 through September 11, 2001, please provide any and all summaries of contributions received and/or disbursements made by the MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #4 and are available for inspection at the offices of the undersigned counsel.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 51:**

From the period beginning January 1990 through the present, please provide any and all information contained in any database maintained by the MWL, identifying or relating to the sources of funds contributed to the MWL, and/or the destination of funds distributed by the MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and essentially seeks the same information called for in Production Request #50.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #4 and are available for inspection at the offices of the undersigned counsel.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 52:**

From the period beginning January 1990 through the present, please provide any and all documents identifying, describing, or otherwise relating to the transfer of funds between the MWL and the International Islamic Relief Organization.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all additional documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 53:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from shari'a boards of any entity including businesses, banks, mosques, and/or charities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all additional documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 54:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Saudi Department of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

**ANSWER:**

Based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 55:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the MWL, or any employee or person associated with the MWL, was associated with or involved in the sponsorship of any radical, extremist or terrorist activities or organizations.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 56:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the MWL, or any employee or person associated with the MWL, was associated with or involved in any criminal or corrupt activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 57:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the MWL, or any employee or person associated with the MWL, was associated with or involved in any military, radical or terrorist activity, plot or attack.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and also is repetitive of Production Requests #55 and #56.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 58:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from any third party relating to the alleged involvement of the MWL, or any employee or person associated with the MWL, in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Some additional documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 59:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any internal investigation by the MWL into any alleged criminal, corrupt, or extremist activities of any employee or person associated with the MWL, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 60:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the alleged involvement of any Islamic charity or charities in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 61:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that the MWL, or any employee or person associated with the MWL, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 62:**

From the period beginning January 1990 through the present, please provide any  and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that any Islamic charity or charities, or employee or person associated with any Islamic charity or charities, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all additional documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 63:**

Provide all documents relating to investigations or inquiries conducted by the United States Government or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator"), or any foreign government or any foreign-

based regulatory body, bank, financial institution, accountant, or auditor ("Foreign Investigator"), into financial transactions linked to accounts held solely or jointly by You.

**ANSWER:**

Based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah based upon the Court's ruling.

**REQUEST 64:**

Provide all copies of any and all documents and things that have been seized by, or produced by the MWL to, any investigators, auditors, and/or government agencies concerning the MWL's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Some documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 65:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any action taken by the MWL to prevent criminal activities, including the sponsorship of terrorist or radicals, by persons employed by, or affiliated with the MWL or any of its branch offices.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Any and all additional documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 66:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any action undertaken by the MWL to remove or purge radical or corrupt elements or individuals from the MWL's branch offices.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Any and all additional documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 67:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any MWL subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent, employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 68:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any Islamic charity, benevolent association, or other person, including but not limited to, any of the persons identified in Exhibit A, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship

between MWL and the first individual listed in Exhibit A will be available for inspection in Mecca or Jeddah.

## REQUEST 69:

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any MWL supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

## REQUEST 70:

Please provide any and all documents relating to any efforts exerted by the MWL to combat terrorism, as referenced in the July 2005 statement issued by MWL Secretary General Dr. Abdullah al-Turki, described in the newspaper report attached hereto as Exhibit "B."

## ANSWER:

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #2 and are available for inspection at the offices of the undersigned counsel.

Any and all additional documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

## REQUEST 71:

Please provide any and all documents relating to the exploitation of the MWL or misuse of MWL funds, as referenced by Secretary General Abdullah bin Saleh al Obeid in the interview published on July 21, 1997, attached hereto as Exhibit "C."

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided except for documents relating to organizational issues. Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 72:**

Provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by the MWL concerning the acceptance and distribution of monetary donations, which are currently being used or were used to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binders #4 and #5 and are available for inspection at the offices of the undersigned counsel.

Any and all additional documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 73:**

Provide copies of any and all laws, statutes, regulations, ordinances, or royal decrees which would have prohibited any Islamic charity or benevolent association from: (i) engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to Islamic

radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) providing material support or resources to al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah subject to the plaintiffs agreeing to pay for the services of an attorney licensed to practice in Saudi Arabia.

**REQUEST 74:**

From the date of MWL's formation to the present, provide any and all documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden and the MWL, including any subsidiary, affiliate, or branch office.

**ANSWER:**

No documents will be produced to this Production Request as no documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden and the MWL, including any any subsidiary, affiliate, or branch office exist.

**REQUEST 75:**

From the date of the MWL's formation to the present, please provide any and all documents relating to the employment of Osama Bin Laden, Ayman al Zawahiri, Mohame al Zawahiri, Wael Julaidan, Enaam Arnaout, Mohamed Jamal Khalifa, Ihab Mohamed Ali, Sulaiman Al Ali, Husain Ali al Ghanim, General Ali Mukhtar Kamal, Syed Abu Nasr, Talat Fouad Kasim, Wali Khan Amin Shah, Sheikh Abdel Majid Zindani, Wadih el Hage, Abdullah Azzam, Osman Ahmed, Abu Mohamed al Maqdisi, Mohamed al Barqawi, Mohamed Mahmoud al Sawwas, and Amin Aqeel Attas with the MWL, the IIRO, and/or Rabita Trust, including any subsidiary, affiliate, or branch office.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

To the extent the document request specifically calls for documents from IIRO and Rabita Trust, the MWL has no obligation to produce these organizations' documents.

Subject to disposition of Defendant's Motion for a Protective Order, any and all documents concerning the first individual referenced (i.e. Osama Bin Laden) called for in this request produced/published in or after 1996 will not be available for inspection in Mecca or Jeddah since no such documents exist.

**REQUEST 76:**

From the date of the MWL's formation to the present, please provide any and all documents relating to the relationship between MWL (including any subsidiary, affiliate, or branch office) and the Muslim Brotherhood and/or any member of the Muslim Brotherhood, including but not limited to, Said Ramadan, Abdullah Azzam, Hassan al Turabi, and Yousef Nada.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 77:**

Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any subsidiary, affiliate, or branch office of the MWL,

including any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of the MWL, may have been or was engaging in conduct unrelated to the MWL's ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 78:**

Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any persons identified Exhibit A, may have been or were engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Subject to disposition of Defendant's Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all 1996-2001 documents relating to the first individual listed in Exhibit A will be available for inspection in Mecca or Jeddah.

**REQUEST 79:**

Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks.

**ANSWER:**

No documents relating to any and all information or notification MWL received prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks will be produced/provided as no such documents exist.

**REQUEST 80:**

Provide all documents relating to Abdullah bin Saleh al-Obaid's, Hassan A.A. Bahafzallah's, and Yaqub M. Mirza's: (i) travels to the United States, (ii) purchase or ownership of any property in the United States, (iii) maintenance of any bank accounts in the United States, and/or (iv) negotiation of any contracts or other business transactions in the United States, in connection with MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Despite the foregoing and preserving all our objections, some documents responsive to this request are contained in Binder #12 and are available for inspection at the offices of the undersigned counsel.

Some additional documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

## REQUEST 81:

From the period beginning January 1990 through the present, please provide an electronic or paper copy of all web-pages that were ever operated by the MWL and/or or its worldwide subsidiaries, affiliates, or branch offices. Such documents shall include, but are not limited to, the e-mail server(s), webmaster(s), website designer(s), domain names, and registration of domain names.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Some of the documents called for in this request produced/published in or after 1996 will also be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

## REQUEST 82:

Please provide all documents relating to any "web links" that any MWL website(s) have to other internet websites, web-pages and/or chat rooms. Such documents shall include, but are not limited to, the reason or purpose for the link, how the decision was made to add such a link to the website, whether the MWL received any compensation for maintaining the link, and the content of the linked internet website, web page or chat room.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Some of the documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 83:**

Please provide any internal regulations, rules, or protocols relating to web-links, e-mail, and website uses.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Some of the documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 84:**

Please provide all electronically-stored materials which relate to the subject matter of the documents and things described herein including: (i) data files created by a word processor, spreadsheet or other application software; (ii) databases and structural information about the databases, including network activity logs and audit trails; (iii) electronic calendars and telephone logs; whether this information exists on a network file server, main frame computer, mini-computer, stand-alone personal computer, network workstation, off-line data-storage media, including back-ups and archives, floppy diskettes, tapes and other removable electronic media.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Some of the documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 85:**

Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by the MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Some of the documents called for in this request produced/published in or after 1996 will be available for inspection at the MWL offices respectively located in New York City, London, and Northern Virginia.

Any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 86:**

Please provide a copy of any and all MWL "document retention" policies, plans, or programs.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005)

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 87:**

Please provide any and all records or documents relating to the destruction of documents, including descriptions of all destroyed documents by the MWL.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005)

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Mecca or Jeddah.

**REQUEST 88:**

Please provide copies of all reports, correspondence and records from any expert expected to testify at trial which relate to the subject matter of this case.  Such documents shall include, but are not limited to, all expert reports and all documents reviewed and relied upon by any expert expected to testify at trial.

**ANSWER:**

No experts have yet been consulted and/or retained at this time.

**REQUEST 89:**

Please provide each exhibit that You intend to rely upon at trial.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Presently, this request is premature and so Defendant MWL has no obligation to identify said exhibits at this time.

## DEFENDANT'S DECLARATION

I declare under penalty of perjury that the above answers to Plaintiffs' requests for

production are true and correct to the best of my knowledge, information and belief.

Respectfully Submitted,

_____          _____
Dir. Mohammed Ahmed Al-Hassani              Date


By Counsel,

**MARTIN F. MCMAHON & ASSOCIATES**



_____          _____
Martin F. McMahon                           Lisa D. Angelo
D.C. Bar No.: # 196642                      D.C. Bar No.: # 491206
1150 Connecticut Ave. N.W., Suite 900       1150 Connecticut Ave., N.W. Suite 900
Washington, DC 20036                        Washington, DC 20036
Telephone:  (202) 862-4343                  Telephone:  (202) 862-4356
Facsimile:  (202) 828-4130                  Facsimile:  (202) 828-4130
*Attorney for Defendant*                    *Attorney for Defendant*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January, 2006, a copy of the
foregoing  Answers to Plaintiffs' Requests for Production were mailed, postage pre-paid to:

Mr. Sean P. Carter, Esq.
Cozen O'Connor
1900 Market St.
Philadelphia, Pa. 19103-3508


_____
Lisa D. Angelo, Esq.

**Jeannine Fitzgerald**

| | |
|---|---|
| From: | Jerry S. Goldman |
| Sent: | Friday, January 20, 2006 8:32 AM |
| To: | Jeannine Fitzgerald |
| Subject: | FW: MWL Answers to Plaintiffs' Rule 34 requests |



MWL.Fed.I
1.Ans.1.DO

 Ditto;
also forward to Maloof with the comment- I thought non-believers could not go to Mecca?
jsg

-----Original Message-----
From: Carter, Sean P.
To: Jerry S. Goldman; jflowers@motleyrice.com; abierstein@hanlyconroy.com;
jkreindler@kreindler.com; Haefele, Robert; Kaplan, Justin; Michael R. Sherwin;
vparrett@kreindler.com
Cc: Cozen, Stephen A.; Feldman, Elliott R.; Tarbutton, J. Scott
Sent: 1/20/06 8:17 AM
Subject: FW: MWL Answers to Plaintiffs' Rule 34 requests

Attached are MWL's responses (better described as objections) to our document requests.
We have, however, been cordially invited to the Kingdom to review documents.  Scott will
be setting up a discovery committee call for next week to discuss.

_____

Notice: To comply with certain U.S. Treasury regulations, we inform you that, unless
expressly stated otherwise, any U.S. federal tax advice contained in this e-mail,
including attachments, is not intended or written to be used, and cannot be used, by any
person for the purpose of avoiding any penalties that may be imposed by the Internal
Revenue Service.

_____

Notice: This communication, including attachments, may contain information that is
confidential and protected by the attorney/client or other privileges. It constitutes non-
public information intended to be conveyed only to the designated recipient(s). If the
reader or recipient of this communication is not the intended recipient, an employee or
agent of the intended recipient who is responsible for delivering it to the intended
recipient, or you believe that you have received this communication in error, please
notify the sender immediately by return e-mail and promptly delete this e-mail, including
attachments without reading or saving them in any manner. The unauthorized use,
dissemination, distribution, or reproduction of this e-mail, including attachments, is
prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is
not a waiver of any attorney/client or other privilege.

_____

From: Lisa Angelo [mailto:langelo@martinmcmahonlaw.com]
Sent: Thursday, January 19, 2006 5:42 PM
To: Tarbutton, J. Scott
Cc: Carter, Sean P.
Subject: MWL Answers to Plaintiffs' Rule 34 requests

Scott,

Attached please find a copy of Def's answers to your Doc. Prod. Requests.  A hard copy will follow via US mail.

Our IIRO answers will be submitted on or before February 16, 2006.

Lisa D. Angelo, Esq.
Martin F. McMahon & Associates
1150 Connecticut Ave. N.W.
Suite 900
Washington, DC  20036
(202) 862-4356 direct
(202) 862-4343 office
(202) 828-4130 fax
www.martinmcmahonlaw.com

Legal Notice: This e-mail, and any attachment hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution, or copying of this e-mail, and any attachments hereto, is strictly prohibited.  If you have received this e-mail in error, please immediately notify me by telephone and permanently delete any printout of the message, the original, and any copy of the e-mail.

   <<MWL.Fed.Ins._R34.Ans.1.DOC>>