# EXHIBIT 32

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Federal Insurance Co. v. al Qaida*, Case No. 03-CV-6978 (RCC) (S.D.N.Y.)
*Kathleen Ashton  v. Al Qaeda Islamic Army*, Case No. 02-CV-6977 (RCC) (S.D.N.Y.)
*Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.*, Case No. 03-CV-9849
(RCC) (S.D.N.Y.)

## INTERNATIONAL ISLAMIC RELIEF ORGANIZATION'S RESPONSES TO THE PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW
Suite 900
Washington, DC 20036
Phone:         202-862-4343
Facsimile:    202-828-4130

*Attorney for Defendant*

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant International Islamic Relief Organization, Saudi Arabia (hereinafter "IIROSA"), by and through its undersigned attorneys, respond to Plaintiffs' first request for documents.

In furnishing these responses and in producing documents in connection herewith, Defendant does not admit or concede the relevance, materiality, authenticity or admissibility in evidence of any such responses or documents. All objections to the use, at hearing or otherwise, of any of these responses or documents produced in connection herewith are expressly reserved.

## GENERAL OBJECTIONS

Defendant makes the following General Objections to Plaintiffs' First Request for Production of Documents (hereinafter referred to as "Production Requests"):

1.      Defendant is providing this response and producing documents without waiver of or prejudice to his right, at any later time, to raise objections to (a) the relevance, materiality, or admissibility of (i) the Production Requests or any part thereof, (ii) statements made in this response to the Production Requests or any part thereof, or (iii) any document produced pursuant to this response, or (b) any further demand for discovery involving or relating to the matters raised in the Production Requests.

2.      Defendant undertakes to produce documents in response to the Production Requests only to the extent required by the FRCP and Defendant objects to the "Instructions and Definitions" contained in the Production Requests to the extent they exceed or conflict with those Rules.

3.      Defendant objects to the Production Requests to the extent that they demand production of any document covered by the attorney-client privilege or the work product

doctrine, or any other applicable privilege. In the event that Defendant produces any privileged document, its production is inadvertent and does not constitute a waiver of any privilege.

4.      Due to the fact that Plaintiffs' have served Defendant with 811 document requests and given the limited time available for Defendants to respond, the production set forth below is based upon information now available to the Defendant as to any files in his possession, custody, or control that reasonably relate to one or more of the specific requests contained in the Production Requests. Defendant objects to the Production Requests to the extent they purport to demand production of documents not in Defendant's possession, custody, or control or to require a search of files that do not reasonably relate to one or more of the specific requests contained in the Production Requests. Further, Defendant reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below and the production made pursuant thereto.

5.      In the responses to specific Production Requests that follow, a statement that responsive documents will be produced does <u>not</u> mean (a) that any documents exist or (b) that they are in the possession, custody, or control of the Defendant. Obviously, these prerequisites must be met before there could be any production of such documents by Defendant.

6.      Defendant objects to the Production Requests to the extent they purport to demand production of any documents containing confidential or proprietary, commercial, or financial information in the absence of a suitable and mutually agreeable protective order mandating that the confidentiality of such documents be preserved and maintained.

7.      Defendant objects to the production of any documents falling within one of the general objections set forth above or within one of the specific objections set forth below. In the event Defendant produces any document falling within such an objection, its production does not

constitute waiver of the objection. The responses to the specific Production Requests are subject to the general responses and objections set forth in Paragraphs 1-7.

## PRODUCTION REQUESTS

### REQUEST 1:

Please provide all documents illustrating, describing or otherwise relating to Your formation and organizational structure, the date of incorporation, the state of incorporation, the duration of Your existence, any documents relating to Your initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the International Islamic Relief Organization ("IIRO") (including any subsidiary, affiliate, or branch office).

### ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

### REQUEST 2:

Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the IIRO (including any subsidiary, affiliate, or branch office), including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

### ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. <u>See</u> <u>Terror</u> <u>Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 3:

From the period beginning January 1990 through the present, please provide any and all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of the IIRO.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  <u>See</u> <u>Terror Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 4:

From the period beginning January 1990 through the present, please provide all documents identifying each officer, director, trustee, board member, and/or committee member of the IIRO (including any subsidiary, affiliate, or branch office).

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  <u>See</u> <u>Terror Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 5:

From the period beginning January 1990 through the present, please provide all documents relating to any meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of the IIROL, including without limitation, any agendas or meeting minutes.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 6:

From the period beginning January 1, 1990 through September 11, 2002, please provide any and all statements for bank accounts held by the IIRO.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 7:

From the period beginning January 1990 through the present, please provide any and all financial statements, balance sheets, income statements and annual reports for the IIRO.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 8:

From the period beginning January 1990 through the present, please provide all documents relating to all filings submitted to any local, state, or federal agency by You, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Such documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning IIRO's tax-exempt status.

## ANSWER:

No such documents responsive to request exist, as such, none will be produced.

**REQUEST 9:**

From the period beginning January 1990 through the present, please provide all documents relating to any audit, analysis, examination, or review of the IIRO's investments, assets, capital, and/or financial affairs, conducted either by employees of the IIRO or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 10:**

From the period beginning January 1, 1990 through September 11, 2001, please provide any and all documents identifying projects undertaken or financed by the IIRO, including without limitation, any and all documents summarizing the funds allocated by the IIRO to such projects.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and vague as to the term "projects."

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 11:**

From the period beginning January 1990 through the present, please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by You. Such documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 12:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the IIRO's headquarters in Saudi Arabia in the fundraising efforts of the IIRO's offices outside of Saudi Arabia.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 13:

Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MD 1570, whereby You have agreed to pay, indemnify, or reimburse their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 14:

Please provide all documents relating to any understanding or agreement between the IIRO and any other individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse the IIRO for all costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against IIRO. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

To the extent that this request seeks information from the government of Saudi Arabia, it will not be produced due to Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein and further subject to disposition of Defendant's anticipated Motion for a Protective Order.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 15:**

From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO ("IIRO USA"), including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction..

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 16:**

From the period beginning January 1990 through the present, please provide any and all documents exchanged between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO, including without limitation, all documents relating to the transfer of funds between the IIRO headquarters in Saudi Arabia and IIRO USA, including the organization

registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction., subject to the terms of a confidentiality agreement and an agreement concerning the ability to use any responsive documents at trial herein and further subject to disposition of Defendant's anticipated Motion for a Protective Order.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 17:**

From the period beginning January 1990 through the present, please provide any and all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of any IIRO office worldwide to IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction..

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 18:

From the period beginning January 1990 through the present, provide all documents relating to any fundraising events and/or conferences that were held in the United States for the benefit of the IIRO, IIRO USA, and/or the IRO. Such documents shall include, but are not limited to, those identified in Request #11.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request to the extent it has been asked and answered.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 19:

From the period beginning January 1990 through the present, please provide any and all documents relating to the provision of funds or other material support from the Saudi Embassy in Washington D.C., and/or any official or agency of the KSA, to IIRO USA, including the organization registered as the International Relief Organization ("IRO") which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

To the extent that this request seeks information from the government of Saudi Arabia, it will not be produced due to Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction., subject to disposition of Defendant's anticipated Motion for a Protective Order.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 20:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

At this time, we believe that if any and all documents called for in this request exist, they would predate the 1996 timeframe. As such, no documents will be produced at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 21:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Dr. Sulaiman bin Ali Al-Ali, including without limitation, all documents relating to the transfer of funds between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. <u>See</u>
<u>Terror Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

At this time, we believe that if any and all documents called for in this request exist, they
would predate the 1996 timeframe. As such, no documents will be produced at this time.

Defendant reserves the right to supplement this answer as discovery in this case is
ongoing.

## REQUEST 22:

From the period beginning January 1990 through the present, please provide any and all
documents governing, describing, detailing, or otherwise relating to the relationship between the
IIRO and Sanabel Al Kheer.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple
document request ostensibly portrayed as a single document request. Defendant further objects
to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is
protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or
entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward
the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. <u>See</u>
<u>Terror Attacks II</u>, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if
they were produced or published after in or after 1996 they will be available for inspection in
Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is
ongoing.

## REQUEST 23:

From the period beginning January 1980 through January 1990, please provide any and
all documents sent to, and/or received from Sanabel Al Kheer, including without limitation, all
documents relating to funds raised by Sanabel Al Kheer in support of the IIRO through
fundraisers, investments or otherwise.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects on relevancy grounds.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 24:

Provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Muslim World League ("MWL").

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

To the extent that this request seeks information from the government of Saudi Arabia, it will not be produced due to Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 25:

From the period beginning January 1990 through the present, please provide any and all documents identifying, describing, or otherwise relating to the transfer of funds between the IIRO and the MWL.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 26:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the MWL in the fundraising efforts of the IIRO's offices worldwide.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 27:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 28:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 29:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the relationship between the IIRO and any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

## ANSWER:

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 30:

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from, any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 31:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in spreading, propagating, or proselytizing Islam outside of the Kingdom of Saudi Arabia, including without limitation any long term strategy, studies or papers.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.  Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 32:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in advancing the foreign policy objectives of the KSA.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad. Defendant further objects to this request on relevancy grounds.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 33:

Provide all documents relating to all accounts in any United States, Saudi Arabian, or foreign banking institution You hold or have held jointly with the KSA, any members of the Saudi royal family, and/or any Saudi official acting on behalf of the KSA ("KSA Joint Bank Accounts"), and/or any KSA Joint Bank Accounts over which You hold or have held signatory authority.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's privileges pursuant to the immunity defense that it has successfully asserted herein.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 34:

Provide all documents relating to the role of the KSA and/or members of the Saudi royal family, in the creation, organization, funding, oversight, supervision, operation, and/or management of the IIRO, including any subsidiary, affiliate, and/or branch office.

## ANSWER:

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Furthermore, this request is a disguised attempt to secure discovery from the Kingdom of Saudi Arabia and members of Royal Family, defendants who have been dismissed herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 35:

Provide all documents relating to the IIRO's initial capitalization and any subsequent funding provided by the KSA, members of the Saudi royal family, and/or any other individuals or entities, including without limitation, any funding provided by the KSA to IIRO through the MWL.

## ANSWER:

To the extent that this request Seeks information regarding the Kingdom of Saudi Arabia and members of the Royal Family and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that the defendants have successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Excluding documents pertaining to subsequent funding from private sources other than the KSA or members of the Royal Family, any and all remaining documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah.

## REQUEST 36:

Provide all documents defining, establishing, or relating to the IIRO's privileges, obligations, activities, and/or rights under the laws of the KSA.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction subject to the plaintiffs agreeing to pay for the services of an attorney licensed to practice in Saudi Arabia.

## REQUEST 37:

Provide all documents relating to any and all laws, statutes, regulations, ordinances, royal decrees, or directives issued by the KSA relating to the IIRO, including but not limited to, documents relating to the organization, funding, oversight, supervision, management, and/or control over the IIRO's operations, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

## ANSWER:

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction subject to the plaintiffs agreeing to pay for the services of an attorney licensed to practice in Saudi Arabia.

## REQUEST 38:

Provide all documents relating to any fundraising events and/or conferences that were held for the benefit of the IIRO and were promoted, sponsored, organized, funded, managed, supervised, or attended by the KSA and/or members of the Saudi family. Such documents shall include, but are not limited to, those identified in Request #11.

## ANSWER:

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Furthermore, this request is a disguised attempt to secure discovery from the Kingdom of Saudi Arabia and members of Royal Family. Both have been dismissed herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request to the extent it has been asked and answered.

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 39:

From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the KSA.

**ANSWER:**

Subject to disposition of Defendant's anticipated Motion for a Protective Order and based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Furthermore, this request is a disguised attempt to secure discovery from the Kingdom of Saudi Arabia and members of Royal Family. Both have been dismissed herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 40:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Islamic Republic of Pakistan, including without limitation, any and all documents sent to and/or received from the Islamic Republic of Pakistan.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant also objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 41:

From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the Islamic Republic of Pakistan.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any aforementioned objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 42:

From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Taliban.

## ANSWER:

No documents governing, describing, detailing, or otherwise relating to any relationship between the IIROSA (including any subsidiary, affiliate, or branch office) and the Taliban can be produced as no documents of this kind exist.

## REQUEST 43:

From the period beginning January 1990 through 2002, provide any and all documents relating to the transfer of funds between the IIRO and the Taliban, including without limitation,

the transfer of $60 million which was publicly announced by IIRO's Secretary-General Adnan Basha.

**ANSWER:**

No documents relating to the transfer of funds between the IIROSA and the Taliban will be produced as no documents of this kind exist.

**REQUEST 44:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the persons identified in Exhibit A.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship between IIRO and the first person listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

Any and all other documents called for in this request will not be produced.

**REQUEST 45:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the persons identified in Exhibit A, including without limitation, all documents relating to the transfer of funds between the IIRO and those persons.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship between IIRO and the first person listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

Any and all other documents called for in this request will not be produced.

## REQUEST 46:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the entities identified in Exhibit B. In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with any of the entities identified in Exhibit A, please provide such documents.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the relationship between IIRO and the first entity listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

Any and all other documents called for in this request will not be produced.

## REQUEST 47:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the entities identified in Exhibit B, including without limitation, all documents relating to the transfer of funds between the IIRO and those entities.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents sent to, and/or received from the first entity listed in Exhibit B will be available for inspection in Jeddah at Plaintiff's cost and direction.

Any and all other documents called for in this request will not be produced.

**REQUEST 48:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Hamas, including without limitation, the following Hamas-related entities: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah. In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with Hamas or any Hamas-related entities, please provide such documents.

**ANSWER:**

This documents request is objected to since it is not reasonably calculated to lead to the discovery of admissible evidence or a claim or a defense in this case since the funding of Hamas has never been linked to the funding of the 9/11 hijackers in any manner. Defendant submits that this request is nothing more than a disguised attempt to seek discovery which would be relevant in Courtney Linde, et al v. Arab Bank, PLC, Case No. CV 04 2799 – a pending case in the Eastern District of New York – however, is not relevant in the present matter.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

**REQUEST 49:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Hamas, including without limitation, any Hamas-related entities such as: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah. Such documents shall include, but are not limited to, all documents relating to the transfer of funds between the IIRO and those entities.

**ANSWER:**

This documents request is objected to since it is not reasonably calculated to lead to the discovery of admissible evidence or a claim or a defense in this case since the funding of Hamas has never been linked to the funding of the 9/11 hijackers in any manner. Defendant submits that this request is nothing more than a disguised attempt to seek discovery which would be relevant in <u>Courtney Linde, et al v. Arab Bank, PLC, Case No. CV 04 2799</u> – a pending case in the Eastern District of New York – however, is not relevant in the present matter.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

**REQUEST 50:**

From the date of IIRO's formation to the present, provide any and all documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden, including any member of the Bin Laden family, and the IIRO.

**ANSWER:**

No documents will be produced to this Production Request as no documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden and IIROSA, including any subsidiary, affiliate, or branch office exist.

To the extent that documents exist pertaining to relationships between IIROSA and other members of the Bin Laden family and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 51:**

From the period beginning January 1990 through the present, provide any and all documents sent to, and/or received from Osama Bin Laden or any member of the Bin Laden family, including without limitation, all documents relating to the transfer of funds between the IIRO and/or Sanabel Al Kheer and any member of the Bin Laden family.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

To the extent that members of the Bin Laden family made a commitment to transfer funds to IIROSA any and all such documents are located in Saudi Arabia and if they were produced or published after in or after 1996 through 2001, they will be available for inspection in Jeddah at Plaintiff's cost and direction.

To the extent that this request seeks information relating to the transfer of funds between IIROSA and Osama Bin Laden, no documents will be produced as no such documents exist.

To the extent that this request seeks information relating to the transfer of funds between IIROSA and/or Sanabel Al Kheer, Defendant objects that this request has been asked and answered.

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 52:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Al Zawahiri (brother of Dr. Ayman Al Zawahiri – Al Qaida's second-in-command).

**ANSWER:**

No documents will be produced to this Production Request as no documents relating to the transfer of IIROSA funds between Mohammed Al Zawahiri and IIROSA exist.

**REQUEST 53:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Al Zawahiri, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

No documents will be produced to this Production Request as no documents relating to the transfer of IIROSA funds between Mohammed Al Zawahiri and IIROSA exist.

**REQUEST 54:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Jamal Khalifa, including without limitation, Khalifa's role in heading the IIRO's office in the Philippines.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005). Based upon information and belief and the various allegations made against Mr. Khalifa, the claims asserted herein against Mr. Khalifa and thus IIROSA arose out of conduct he allegedly engaged in up through and including 1993. Given this time frame, no documents will be produced based upon Judge Casey's decision. Notwithstanding the foregoing and without waiving any objections, Defendant IIROSA has in its possession a copy of the Jordanian Court of Appeals decision which cleared Mr. Khalifa of any and all criminal charges arising out of conduct alleged herein. That document will be available for inspection in the office of undersigned counsel.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 55:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Jamal Khalifa, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request on relevancy grounds.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005). Based upon information and belief and the various allegations made against Mr. Khalifa, the claims asserted herein against Mr. Khalifa and thus IIROSA arose out of conduct he allegedly engaged in up through and including 1993. Given this time frame, no documents will be produced based upon Judge Casey's decision. Notwithstanding the foregoing and without waiving any objections, Defendant IIROSA has in its possession a copy of the Jordanian Court of Appeals decision which cleared Mr. Khalifa of any and all criminal charges arising out of conduct alleged herein. That document will be available for inspection in the office of undersigned counsel.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.


**REQUEST 56:**

Please provide any and all documents relating to the involvement of the IIRO in the struggle against the Soviet occupation of Afghanistan during the 1980s.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad. Defendant further objects to this request on relevancy grounds.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the IIRO in the struggle against the Soviet occupation of Afghanistan during the 1980s. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

## REQUEST 57:

Please provide any and all documents relating to the IIRO's role in supporting the mujihadeen forces in Afghanistan in their struggle against Soviet occupation. For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and seeks the same information called for in request #56.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the IIROSA in the struggle against the Soviet occupation of Afghanistan during the 1980s. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

## REQUEST 58:

From the period beginning January 1990 through 2002, please provide any and all documents relating to the IIRO's role in supporting training camps in Afghanistan, Pakistan, and Kashmir, including without limitation, the transfer of funds. For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

## ANSWER:

Defendant assumes in responding to this request that "training camps" mean locations where people are trained to engage in physical violence, military maneuvers, and the like. Assuming that this is the type of "training camp" referred to in this request, no documents will be produced because no documents exist.

## REQUEST 59:

Please provide any and all documents governing, describing, detailing or otherwise relating to any relationship between the IIRO and Maktab al Khidmat (a/k/a the Office of Services).

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the IIROSA in the struggle against the Soviet occupation of Afghanistan during the 1980s.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

**REQUEST 60:**

Please provide any and all documents sent to, and/or received from the Maktab al Khidmat, including without limitation, all documents relating to the transfer of funds between the IIRO and Maktab al Khidmat.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and seeks the same information called for in request #59.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

The struggle to evict the Soviet Union from Afghanistan ended in approximately 1988. Since Judge Casey declared that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, there is no reason to provide any and all documents relating to the involvement of the IIROSA in the struggle against the Soviet occupation of Afghanistan during the 1980s.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

**REQUEST 61:**

From the period beginning January 1990 through the present, please provide any and all documents authored, published, or disseminated by the IIRO relating to the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina,

Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction. Documents pertaining to the other countries will not be produced.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 62:**

From the period beginning January 1990 through the present, please provide any and all documents relating to fundraising activities conducted by the IIRO in relation to relief or humanitarian efforts, or other operations, in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt. Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction. Documents pertaining to the other countries will not be produced.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 63:**

From the period beginning January 1990 through the present, please provide any and all interviews, statements or speeches by representatives of the IIRO regarding the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all remaining documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction. Documents pertaining to the other countries will not be produced.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 64:**

From the period beginning January 1990 through the present, please provide any and all documents discussing the legitimacy of any armed jihad or resistance by Muslims in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all remaining documents called for in this request pertaining to Kosovo and produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction. Documents pertaining to the other countries will not be produced.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 65:

From the period beginning January 1990 through the present, please provide any and all documents relating to the relationship between the IIRO's Saudi headquarters and the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina. Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 66:

From the period beginning January 1990 through the present, please provide any and all documents relating to the relationships between and among the IIRO's branch offices worldwide, including but not limited to the IIRO's offices in the United States, United Kingdom, Saudi Arabia, the Philippines, Pakistan, Afghanistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina. Such documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 67:**

From the period beginning January 1990 through the present, provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by the IIRO by which charitable contributions are either made to and/or raised by You, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 68:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the involvement of any official, trustee, committee, or board associated with the IIRO's headquarters in Saudi Arabia in determining how funds collected by the IIRO's offices outside of Saudi Arabia should be allocated and/or in the distribution of funds collected by the offices outside of Saudi Arabia.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 69:**

From the period beginning January 1990 through September 11, 2001, please provide any and all summaries of contributions received and/or disbursements made by the IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 70:**

From the period beginning January 1990 through the present, please provide any and all information contained in any database maintained by the IIRO, identifying or relating to the sources of funds contributed to the IIRO, and/or the destination of funds distributed by the IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 71:**

From the period beginning January 1990 through the present, please provide all documents relating to any and all relationships the IIRO has with banks or financial institutions located in the United States, United Kingdom, Saudi Arabia, Jordan, the Philippines, Pakistan, Sudan, Kenya, Tanzania, Albania, Kosovo, Yugoslavia, and Bosnia-Herzegovina, including without limitation, all documents relating to the transfer of funds.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**REQUEST 72:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from shari'a boards of any entity including businesses, banks, mosques, and/or charities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 73:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Saudi Department of Zakat and Income Tax and the Saudi Arabian Monetary Authority.

**ANSWER:**

Based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia's and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 74:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in the sponsorship of any radical, extremist or terrorist activities or organizations.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 75:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal or corrupt activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 76:**

From the period beginning January 1990 through the present, please provide any and all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any military, radical or terrorist activity, plot or attack.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and also is repetitive of Production Requests #74 and #75.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 77:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from any third party relating to the alleged involvement of the IIRO, or any employee or person associated with the IIRO, in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Case 1:03-md-01570-GBD-SN   Document 3826-128   Filed 12/01/17   Page 45 of 60

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 78:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the alleged involvement of any Islamic charity or charities in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 79:**

From the period beginning January 1990 through the present, please provide any and all documents in Your possession or control relating in any way to IIRO meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request. Defendant further objects to this request to the extent it has been asked and answered.

No documents will be produced regarding IIRO and communications concerning terrorist financing as no such documents exist.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 80:

From the period beginning January 1990 through the present, please provide any and all documents relating to any internal investigation by the IIRO into any alleged criminal, corrupt, or extremist activities of any employee or person associated with the IIRO, including without limitation any terrorist or radical religious, political or social activities.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 81:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the MWL, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 82:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that the IIRO, or any employee or person associated with the IIRO, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad.

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 83:

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that any Islamic charity or charities, or employee or person associated with any Islamic charity or charities, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

## ANSWER:

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 84:**

Provide all documents relating to investigations or inquiries conducted by the United States Government or any United States-based regulatory body, bank, financial institution, accountant, or auditor ("United States Investigator"), or any foreign government or any foreign-based regulatory body, bank, financial institution, accountant, or auditor ("Foreign Investigator"), into financial transactions linked to accounts held solely or jointly by You.

**ANSWER:**

Based upon this Court's ruling on the immunity issue, production of the documents called for in this specific request would infringe upon the Kingdom of Saudi Arabia and Royal Family members' privileges pursuant to the immunity defense that it has successfully asserted herein.

Defendant also objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 85:**

Provide all documents relating to the Republic of Kenya's investigation and subsequent determination to ban the IIRO in September 1998 following the bombings of the U.S. Embassies in Kenya and Tanzania.

**ANSWER:**

Defendant objects to the characterization that IIROSA was banned. The initial decision to remove IIROSA from Kenya was reversed. To this day IIROSA operates in both Tanzania

and Kenya with full knowledge and backing of these two respective governments. In connection with the U.S. Embassy bombings, 1600 individuals were interviewed, including employees who worked with IIRO in delivering needed humanitarian services. None of these interviewed individuals were detained or indicted. Moreover, IIROSA was never indicted by the U.S. regarding alleged connections to the bombings of the U.S. embassies.

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 86:

Provide all documents relating to any investigations conducted by the Republic of the Philippines and its subsequent determination that the IIRO office in the Philippines was used to finance terrorist organizations, including but not limited to, Al Qaida, Abu Sayyaf, and the Moro Islamic Liberation Front ("MILF").

## ANSWER:

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005). Based upon information and belief and the various allegations made against Mr. Khalifa, the claims asserted herein against Mr. Khalifa and thus IIROSA arose out of conduct he allegedly engaged in up through and including 1993. Given this time frame, no documents will be produced based upon Judge Casey's decision. Notwithstanding the foregoing and without waiving any objections, Defendant IIROSA has in its possession a copy of the Jordanian Court of Appeals decision which cleared Mr. Khalifa of any and all criminal charges arising out of conduct alleged herein. That document will be available for inspection in the office of undersigned counsel.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## REQUEST 87:

Provide all documents relating to any investigations conducted by the Islamic Republic of Pakistan and its subsequent determination to expel IIRO personnel after September 11, 2001.

## ANSWER:

IIROSA has been received by the Pakistan government as an NGO to provide humanitarian services and to this day has been duly licensed to provide such services.

No documents will be produced for this request as no such investigation by the Islamic Republic of Pakistan has occurred.

**REQUEST 88:**

Provide all copies of any and all documents and things that have been seized by, or produced by the IIRO to, any investigators, auditors, and/or government agencies concerning the IIRO's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Notwithstanding the foregoing and without waiving any objections, any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 89:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any action taken by the IIRO to prevent criminal activities, including the sponsorship of terrorist or radicals, by persons employed by, or affiliated with the IIRO or any of its branch offices.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 90:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any action undertaken by the IIRO to remove or purge radical or corrupt elements or individuals from the IIRO's branch offices.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 91:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any IIRO subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent, employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 92:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any individual, including but not limited to, any of the persons identified in Exhibit A, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the first individual listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 93:**

Provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any Islamic charity, benevolent association, IIRO supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks, including but not limited to, any of the entities identified in Exhibit B, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all documents relating to the

relationship between IIROSA and the first entity listed in Exhibit B will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 94:**

Provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by the IIRO concerning the acceptance and distribution of monetary donations, which are currently being used or were used to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 95:**

Provide copies of any and all laws, statutes, regulations, ordinances, or royal decrees which would have prohibited any Islamic charity or benevolent association from: (i) engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) providing material support or resources to al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward

the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all documents called for in this request produced/published in or after 1996 will be available for inspection in Jeddah subject to the plaintiffs agreeing to pay for the services of an attorney licensed to practice in Saudi Arabia.

## REQUEST 96:

Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any subsidiary, affiliate, or branch office of the IIRO, including any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of the IIRO, may have been or was engaging in conduct unrelated to the IIRO's ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) was acting within the scope of his employment in relation to any such activities.

## ANSWER:

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

## REQUEST 97:

Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that any persons identified Exhibit A, may have been or were engaging in conduct unrelated to their ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether

you believe such person(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Subject to disposition of Defendant's anticipated Motion for a Protective Order, despite the foregoing and preserving all of our objections, any and all 1996-2001 documents relating to the first individual listed in Exhibit A will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 98:**

Provide all documents relating to any and all information or notification You received prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks.

**ANSWER:**

No documents relating to any and all information or notification IIROSA received prior to September 11, 2001, that al Qaida aspired to conduct terrorist attacks: (i) against the United States and its interests abroad, (ii) against the United States within its borders, and/or (iii) against New York City and the World Trade Center complex, Washington D.C. or other U.S. landmarks will be produced/provided as no such documents exist.

**REQUEST 99:**

From the period beginning January 1990 through the present, please provide an electronic or paper copy of all web-pages that were ever operated by the IIRO and/or its worldwide subsidiaries, affiliates, or branch offices. Such documents shall include, but are not limited to, the e-mail server(s), webmaster(s), website designer(s), domain names, and registration of domain names.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 100:**

Please provide all documents relating to any "web links" that any IIRO website(s) have to other internet websites, web-pages and/or chat rooms. Such documents shall include, but are not limited to, the reason or purpose for the link, how the decision was made to add such a link to the website, whether the IIRO received any compensation for maintaining the link, and the content of the linked internet website, web page or chat room.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 101:**

Please provide any internal regulations, rules, or protocols relating to web-links, e-mail, and website uses.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided. See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 102:**

Please provide all electronically-stored materials which relate to the subject matter of the documents and things described herein including: (i) data files created by a word processor, spreadsheet or other application software; (ii) databases and structural information about the databases, including network activity logs and audit trails; (iii) electronic calendars and telephone logs; whether this information exists on a network file server, main frame computer, mini-computer, stand-alone personal computer, network workstation, off-line data-storage media, including back-ups and archives, floppy diskettes, tapes and other removable electronic media.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y. Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 103:**

Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by the IIRO.

**ANSWER:**

Defendant objects to this request on grounds that it is overbroad and that it is a multiple document request ostensibly portrayed as a single document request.

Defendant further objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005).

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 104:**

Please provide a copy of any and all IIRO "document retention" policies, plans, or programs.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005)

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 105:**

Please provide any and all records or documents relating to the destruction of documents, including descriptions of all destroyed documents by the IIRO.

**ANSWER:**

Based upon Judge Casey's ruling that 1996 appears to be the year when an individual or entity would have sufficient knowledge concerning Osama Bin Laden's evil intentions toward the U.S. and eventually the 9/11 attacks, no documents prior to 1996 will be provided.  See Terror Attacks II, 2005 U.S. Dist. LEXIS 20841, at *65 (S.D.N.Y.  Sept. 21, 2005)

Any and all such documents called for in this request are located in Saudi Arabia and if they were produced or published after in or after 1996 they will be available for inspection in Jeddah at Plaintiff's cost and direction.

**REQUEST 106:**

Please provide copies of all reports, correspondence and records from any expert expected to testify at trial which relate to the subject matter of this case.  Such documents shall include, but are not limited to, all expert reports and all documents reviewed and relied upon by any expert expected to testify at trial.

**ANSWER:**

No experts have yet been consulted and/or retained at this time.

**REQUEST 107:**

Please provide each exhibit that You intend to rely upon at trial.

**ANSWER:**

Defendant objects to this request to the extent that it seeks information that is protected from disclosure by the attorney-client, work-product, and privacy privileges.

Presently, this request is premature and so Defendant IIROSA has no obligation to identify said exhibits at this time.

## DEFENDANT'S DECLARATION

I declare under penalty of perjury that the above answers to Plaintiffs' requests for

production are true and correct to the best of my knowledge, information and belief.

Respectfully Submitted,

_____          _____
                                          Date

By Counsel,

**MARTIN F. MCMAHON & ASSOCIATES**


_____          _____
Martin F. McMahon                         Lisa D. Angelo
D.C. Bar No.: # 196642                    D.C. Bar No.: # 491206
1150 Connecticut Ave. N.W., Suite 900     1150 Connecticut Ave., N.W. Suite 900
Washington, DC 20036                      Washington, DC 20036
Telephone: (202) 862-4343                 Telephone: (202) 862-4356
Facsimile: (202) 828-4130                 Facsimile: (202) 828-4130
*Attorney for Defendant*                  *Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 24th day of February, 2006, a copy of the foregoing Answers to Plaintiffs' Requests for Production were mailed, postage pre-paid to:

Mr. Sean P. Carter, Esq.
Cozen O'Connor
1900 Market St.
Philadelphia, Pa. 19103-3508

Lisa D. Angelo, Esq.