# EXHIBIT 33

10/28/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

*This document relates to:*

*Federal Insurance Co. v. al Qaida,* Case No. 03-CV-6978 (RCC) (S.D.N.Y.)
*Kathleen Ashton v. Al Qaeda Islamic Army,* Case No. 02-CV-6977 (RCC) (S.D.N.Y.)
*Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.,* Case No. 03-CV-9849 (RCC) (S.D.N.Y.)

## DEFENDANT INTERNATIONAL ISLAMIC RELIEF ORGANIZATION OF SAUDI ARABIA'S FIRST SET OF SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### MARTIN F. MCMAHON & ASSOCIATES

By:    Martin F. McMahon, Esq., # M.M. 4389
1150 Connecticut Ave., N.W.
Suite. 900
Washington, D.C. 20036
Phone: (202) 862-4343
Facsimile: (202) 862-4130
Email: mfm@martinmcmahonlaw.com
*Attorney for Defendant International Islamic Relief Organization of Saudi Arabia (IIRO-SA)*

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant the International Islamic Relief Organization of Saudi Arabia (hereinafter "Defendant" or "IIRO-SA"), by and through its undersigned attorneys, supplement their responses to Plaintiffs' First Set of Requests for Production of Documents.

In furnishing these responses and in producing documents in connection herewith, Defendant does not admit or concede the relevance, materiality, authenticity or admissibility in evidence of any such responses or documents. All objections to the use, at hearing or otherwise, of any of these responses or documents produced in connection herewith are expressly reserved.

## GENERAL OBJECTIONS

Defendant makes the following General Objections to Plaintiffs' First Set of Requests for Production of Documents (hereinafter referred to as "Production Requests"):

1.    Defendant is providing this response and producing documents without waiver of or prejudice to its right, at any later time, to raise objections to (a) the relevance, materiality, or admissibility of (i) the Production Requests or any part thereof, (ii) statements made in this response to the Production Requests or any part thereof, or (iii) any document produced pursuant to this response, or (b) any further demand for discovery involving or relating to the matters raised in the Production Requests.

2.    Defendant undertakes to produce documents in response to the Production Requests only to the extent required by the FRCP and Defendant objects to the Instructions and Definitions contained in the Production Requests to the extent they exceed or conflict with those Rules.

3.      Defendant objects to the Production Requests to the extent that they demand production of any document covered by the attorney-client privilege or the work product doctrine, or any other applicable privilege.  In the event that Defendant produces any privileged document, its production is inadvertent and does not constitute a waiver of any privilege.

4.      Defendant objects to the Production Requests to the extent they purport to demand production of documents not in Defendant's possession, custody, or control or to require a search of files that do not reasonably relate to one or more of the specific requests contained in the Production Requests.  Further, Defendant reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below and the production made pursuant thereto.

5.      Defendant objects to the Production Requests to the extent they purport to demand production of any documents containing confidential or proprietary, commercial, or financial information in the absence of a suitable and mutually agreeable protective order mandating that the confidentiality of such documents be preserved and maintained.

6.      Defendant objects to the production of any documents falling within one of the general objections set forth above or within one of the specific objections set forth below.  In the event Defendant produces any document falling within such an objection, its production does not constitute waiver of the objection.  Further, Defendant reserves the right at any time to revise, correct, add to, or clarify the specific responses set forth below and the production made pursuant thereto.

7. Defendant objects to Plaintiffs' Production Requests to the extent that the requests seek information which is already in the custody, possession or control of the Plaintiffs.

8.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests seek information which is equally or more readily accessible to the Plaintiffs and/or is readily obtainable independently from the public domain.

9.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests are vague, ambiguous, unduly burdensome, do not specify information sought with sufficient particularity, are not limited to the subject matter of the litigation, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects to Plaintiffs' Production Requests to the extent that the requests call for Defendant to identify or produce documents or information outside the 1996 to 2001 timeframe discovery limitation set in Judge Daniels' December 21, 2007 Order.

11.     Defendant objects to Plaintiffs' Production Requests to the extent that the requests call for Defendant to identify or produce large quantities of cumulative information or "all documents" of a specific nature or type, because such a requirement makes that request overly broad, unduly burdensome, and oppressive.

12.     Defendant objects to Plaintiffs' Production Requests to the extent that the requests call for Defendant to produce information regarding entities other than IIRO-SA to the extent those entities are parties to this action and have outstanding motions to dismiss.

13.     Responses to the specific Production Requests are subject to the general objections set forth in Paragraphs 1-13.

## PRODUCTION REQUESTS

### REQUEST 1:

Please provide all documents illustrating, describing or otherwise relating to your formation and organizational structure, the date of incorporation, the state of incorporation, the duration of your existence, any documents relating to your initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the International Islamic Relief Organization ("IIRO") (including any subsidiary, affiliate, or branch office).

### ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 4, 6, 7, 9, 10, and 11. Since IIRO was initially established in or around 1979, Defendant specifically objects to this request as far outside the time period of discovery. Defendant also specifically objects to this request as overbroad and unduly burdensome.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000024 to IIRO 000050, | IIRO 001945 to IIRO 001947, |
| IIRO 000209 to IIRO 000247, | IIRO 001979 to IIRO 002017, |
| IIRO 000741 to IIRO 000765, | IIRO 002018 to IIRO 002052, |
| IIRO 000766 to IIRO 000943, | IIRO 002053 to IIRO 002055, |
| IIRO 001015 to IIRO 001138, | IIRO 002056 to IIRO 002072, |
| IIRO 001140 to IIRO 001225, | IIRO 002073 to IIRO 002076, |
| IIRO 001720 to IIRO 001738, | IIRO 002077 to IIRO 002108, |
| IIRO 001739 to IIRO 001758, | IIRO 002109 to IIRO 002116, |
| IIRO 001809 to IIRO 001840, | IIRO 002117 to IIRO 002169, |
| IIRO 001905 to IIRO 001907, | IIRO 002170 to IIRO 002679, |

| | |
|---|---|
| IIRO 002680 to IIRO 002682, | IIRO 002702 to IIRO 002703, |
| IIRO 002683 to IIRO 002692, | IIRO 002704 to IIRO 002704, |
| IIRO 002693 to IIRO 002693, | IIRO 002705 to IIRO 002705, |
| IIRO 002694 to IIRO 002694, | IIRO 002706 to IIRO 002706, |
| IIRO 002695 to IIRO 002695, | IIRO 002707 to IIRO 002707, |
| IIRO 002696 to IIRO 002698, | IIRO 002708 to IIRO 002711, |
| IIRO 002699 to IIRO 002699, | IIRO 002712 to IIRO 002716. |
| IIRO 002700 to IIRO 002701, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 2:**

Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the IIRO (including any subsidiary, affiliate, or branch office), including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000001 to IIRO 000023, | IIRO 000766 to IIRO 000943, |
| IIRO 000024 to IIRO 000050, | IIRO 001015 to IIRO 001138, |
| IIRO 000209 to IIRO 000247, | IIRO 001140 to IIRO 001225, |
| IIRO 000741 to IIRO 000765, | IIRO 001226 to IIRO 001277, |

| | |
|---|---|
| IIRO 001278 to IIRO 001286, | IIRO 002170 to IIRO 002679, |
| IIRO 001488 to IIRO 001521, | IIRO 002680 to IIRO 002682, |
| IIRO 001672 to IIRO 001719, | IIRO 002683 to IIRO 002692, |
| IIRO 001720 to IIRO 001738, | IIRO 002693 to IIRO 002693, |
| IIRO 001739 to IIRO 001758, | IIRO 002694 to IIRO 002694, |
| IIRO 001778 to IIRO 001808, | IIRO 002695 to IIRO 002695, |
| IIRO 001905 to IIRO 001907, | IIRO 002696 to IIRO 002698, |
| IIRO 001956 to IIRO 001957, | IIRO 002699 to IIRO 002699, |
| IIRO 001979 to IIRO 002017, | IIRO 002700 to IIRO 002701, |
| IIRO 002018 to IIRO 002052, | IIRO 002702 to IIRO 002703, |
| IIRO 002053 to IIRO 002055, | IIRO 002704 to IIRO 002704, |
| IIRO 002056 to IIRO 002072, | IIRO 002705 to IIRO 002705, |
| IIRO 002073 to IIRO 002076, | IIRO 002706 to IIRO 002706, |
| IIRO 002077 to IIRO 002108, | IIRO 002707 to IIRO 002707, |
| IIRO 002109 to IIRO 002116, | IIRO 002708 to IIRO 002711, |
| IIRO 002117 to IIRO 002169, | IIRO 002712 to IIRO 002716. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 3:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of the IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas

offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000111 to IIRO 000119, | IIRO 001739 to IIRO 001758, |
| IIRO 000728 to IIRO 000732, | IIRO 001778 to IIRO 001808, |
| IIRO 000766 to IIRO 000943, | IIRO 003482 to IIRO 003592, |
| IIRO 000944 to IIRO 000968, | IIRO 003593 to IIRO 003711, |
| IIRO 001140 to IIRO 001225, | IIRO 003712 to IIRO 003752, |
| IIRO 001226 to IIRO 001277, | IIRO 003753 to IIRO 003978, |
| IIRO 001278 to IIRO 001286, | IIRO 004019 to IIRO 004043, |
| IIRO 001287 to IIRO 001295, | IIRO 004044 to IIRO 004053. |
| IIRO 001720 to IIRO 001738, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 4:**

From the period beginning January 1990 through the present, please provide all documents identifying each officer, director, trustee, board member, and/or committee member of the IIRO (including any subsidiary, affiliate, or branch office).

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000766 to IIRO 000943, | IIRO 000944 to IIRO 000968, |

| | |
|---|---|
| IIRO 003482 to IIRO 003592, | IIRO 003753 to IIRO 003978, |
| IIRO 003593 to IIRO 003711, | IIRO 003979 to IIRO 004014, |
| IIRO 003712 to IIRO 003752, | IIRO 004054 to IIRO 004056. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 5:**

From the period beginning January 1990 through the present, please provide all documents relating to any meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of the IIRO, including without limitation, any agendas or meeting minutes.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000722 to IIRO 000727, | IIRO 001759 to IIRO 001777, |
| IIRO 000766 to IIRO 000943, | IIRO 003979 to IIRO 004014. |
| IIRO 001461 to IIRO 001470, | |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 6:**

From the period beginning January 1, 1990 through September 11, 2002, please provide any and all statements for bank accounts held by the IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11. Defendant further

specifically objects to this Request as unduly burdensome because Defendant estimates that the task of tracking all of the requested bank accounts would take approximately 300 to 320 hours and Defendant does not have the capacity to conduct such an extensive search.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000341 to IIRO 000353,             IIRO 003422 to IIRO 003433,

IIRO 000766 to IIRO 000943,             IIRO 003434 to IIRO 003443,

IIRO 000969 to IIRO 000985,             IIRO 003444 to IIRO 003452,

IIRO 003079 to IIRO 003362,             IIRO 003453 to IIRO 003461,

IIRO 003363 to IIRO 003381,             IIRO 003462 to IIRO 003472,

IIRO 003382 to IIRO 003395,             IIRO 003473 to IIRO 003481,

IIRO 003396 to IIRO 003409,             IIRO 004057 to IIRO 004069.

IIRO 003410 to IIRO 003421,

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 7:

From the period beginning January 1990 through the present, please provide any and all financial statements, balance sheets, income statements and annual reports for the IIRO.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11. Defendant further specifically objects to this Request as unduly burdensome in requiring an extensive search of voluminous records and Defendant lacks the capacity to conduct such a search.

Further, due to the immense burden of producing all potentially responsive

documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000248 to IIRO 000297, | IIRO 003422 to IIRO 003433, |
| IIRO 000298 to IIRO 000340, | IIRO 003434 to IIRO 003443, |
| IIRO 000341 to IIRO 000353, | IIRO 003444 to IIRO 003452, |
| IIRO 000766 to IIRO 000943, | IIRO 003453 to IIRO 003461, |
| IIRO 000944 to IIRO 000968, | IIRO 003462 to IIRO 003472, |
| IIRO 000969 to IIRO 000985, | IIRO 003473 to IIRO 003481, |
| IIRO 003079 to IIRO 003362, | IIRO 003482 to IIRO 003592, |
| IIRO 003363 to IIRO 003381, | IIRO 003593 to IIRO 003711, |
| IIRO 003382 to IIRO 003395, | IIRO 003712 to IIRO 003752, |
| IIRO 003396 to IIRO 003409, | IIRO 003753 to IIRO 003978, |
| IIRO 003410 to IIRO 003421, | IIRO 004057 to IIRO 004069. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 8:

From the period beginning January 1990 through the present, please provide all documents relating to all filings submitted to any local, state, or federal agency by you, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Such documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning IIRO's tax-exempt status.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 6, 8, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas

offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 9:

From the period beginning January 1990 through the present, please provide all documents relating to any audit, analysis, examination, or review of the IIRO's investments, assets, capital, and/or financial affairs, conducted either by employees of the IIRO or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000001 to IIRO 000023, | IIRO 000733 to IIRO 000740, |
| IIRO 000125 to IIRO 000132, | IIRO 000766 to IIRO 000943, |
| IIRO 000191 to IIRO 000203, | IIRO 000969 to IIRO 000985, |
| IIRO 000354 to IIRO 000368, | IIRO 001421 to IIRO 001434, |
| IIRO 000369 to IIRO 000387, | IIRO 001574 to IIRO 001660, |
| IIRO 000428 to IIRO 000667, | IIRO 001809 to IIRO 001840, |
| IIRO 000668 to IIRO 000691, | IIRO 001841 to IIRO 001841, |
| IIRO 000692 to IIRO 000707, | IIRO 001842 to IIRO 001850, |
| IIRO 000728 to IIRO 000732, | |

| IIRO 001948 to IIRO 001948, | IIRO 004057 to IIRO 004069. |
|---|---|

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 10:

From the period beginning January 1, 1990 through September 11, 2001, please provide any and all documents identifying projects undertaken or financed by the IIRO, including without limitation, any and all documents summarizing the funds allocated by the IIRO to such projects.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11. Defendant also objects to this request as vague in so far as the term "projects" is undefined.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| IIRO 000248 to IIRO 000297, | IIRO 001435 to IIRO 001460, |
|---|---|
| IIRO 000741 to IIRO 000765, | IIRO 001488 to IIRO 001521, |
| IIRO 000766 to IIRO 000943, | IIRO 001661 to IIRO 001671, |
| IIRO 000944 to IIRO 000968, | IIRO 001672 to IIRO 001719, |
| IIRO 001005 to IIRO 001006, | IIRO 001739 to IIRO 001758, |
| IIRO 001007 to IIRO 001014, | IIRO 001842 to IIRO 001850, |
| IIRO 001015 to IIRO 001138, | IIRO 001861 to IIRO 001888, |
| IIRO 001139, | IIRO 001899 to IIRO 001904, |
| IIRO 001333 to IIRO 001420, | IIRO 001905 to IIRO 001907, |
| IIRO 001421 to IIRO 001434, | IIRO 001948 to IIRO 001948, |

| | |
|---|---|
| IIRO 001954 to IIRO 001955, | IIRO 002696 to IIRO 002698, |
| IIRO 001956 to IIRO 001957, | IIRO 002699 to IIRO 002699, |
| IIRO 001958 to IIRO 001978, | IIRO 002700 to IIRO 002701, |
| IIRO 001979 to IIRO 002017, | IIRO 002702 to IIRO 002703, |
| IIRO 002018 to IIRO 002052, | IIRO 002704 to IIRO 002704, |
| IIRO 002053 to IIRO 002055, | IIRO 002705 to IIRO 002705, |
| IIRO 002056 to IIRO 002072, | IIRO 002706 to IIRO 002706, |
| IIRO 002073 to IIRO 002076, | IIRO 002707 to IIRO 002707, |
| IIRO 002077 to IIRO 002108, | IIRO 002708 to IIRO 002711, |
| IIRO 002109 to IIRO 002116, | IIRO 002712 to IIRO 002716, |
| IIRO 002117 to IIRO 002169, | IIRO 004015 to IIRO 004018 |
| IIRO 002170 to IIRO 002679, | IIRO 003482 to IIRO 003592, |
| IIRO 002680 to IIRO 002682, | IIRO 003593 to IIRO 003711, |
| IIRO 002683 to IIRO 002692, | IIRO 003712 to IIRO 003752, |
| IIRO 002693 to IIRO 002693, | IIRO 003753 to IIRO 003978, |
| IIRO 002694 to IIRO 002694, | IIRO 004019 to IIRO 004043, |
| IIRO 002695 to IIRO 002695, | IIRO 004044 to IIRO 004053. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 11:

From the period beginning January 1990 through the present, please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by you. Such documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of

how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000388 to IIRO 000427, | IIRO 001739 to IIRO 001758, |
| IIRO 000708 to IIRO 000721, | IIRO 001759 to IIRO 001777, |
| IIRO 000741 to IIRO 000765, | IIRO 003482 to IIRO 003592, |
| IIRO 000766 to IIRO 000943, | IIRO 003593 to IIRO 003711, |
| IIRO 000944 to IIRO 000968, | IIRO 003712 to IIRO 003752, |
| IIRO 001154 to IIRO 001184, | IIRO 003753 to IIRO 003978, |
| IIRO 001186 to IIRO 001190, | IIRO 004019 to IIRO 004043, |
| IIRO 001263 to IIRO 001264, | IIRO 004044 to IIRO 004053. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 12:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the IIRO's headquarters in Saudi Arabia in the fundraising efforts of the IIRO's offices outside of Saudi Arabia.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000051 to IIRO 000083, | IIRO 001296 to IIRO 001332, |
| IIRO 000084 to IIRO 000095, | IIRO 001522 to IIRO 001557, |
| IIRO 000111 to IIRO 000119, | IIRO 001720 to IIRO 001738, |
| IIRO 000164 to IIRO 000190, | IIRO 001739 to IIRO 001758, |
| IIRO 000204 to IIRO 000208, | IIRO 001778 to IIRO 001808, |
| IIRO 000209 to IIRO 000247, | IIRO 001899 to IIRO 001904, |
| IIRO 000341 to IIRO 000353, | IIRO 001908 to IIRO 001944, |
| IIRO 000668 to IIRO 000691, | IIRO 001945 to IIRO 001947, |
| IIRO 000692 to IIRO 000707, | IIRO 001949 to IIRO 001953, |
| IIRO 000728 to IIRO 000732, | IIRO 001958 to IIRO 001978, |
| IIRO 000733 to IIRO 000740, | IIRO 003482 to IIRO 003592, |
| IIRO 000741 to IIRO 000765, | IIRO 003593 to IIRO 003711, |
| IIRO 000766 to IIRO 000943, | IIRO 003712 to IIRO 003752, |
| IIRO 000944 to IIRO 000968, | IIRO 003753 to IIRO 003978, |
| IIRO 001140 to IIRO 001225, | IIRO 004019 to IIRO 004043, |
| IIRO 001226 to IIRO 001277, | IIRO 004044 to IIRO 004053, |
| IIRO 001287 to IIRO 001295, | IIRO 004054 to IIRO 004056. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 13:**

Please provide all documents relating to any understanding or agreement with any defendant named in the consolidated civil action, 03 MD 1570, whereby you have agreed to pay, indemnify, or reimburse their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 14:**

Please provide all documents relating to any understanding or agreement between the IIRO and any other individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse the IIRO for all costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against IIRO. Such documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 15:

From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO ("IIRO USA"), including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant also specifically objects to this Request as seeking documents not in the possession of Defendant in so far as it seeks documents from an entity over which Defendant does not have control because, as far as defense counsel is aware, the IRO referenced in this Request is not a subsidiary or affiliate of defendant. Defendant further specifically objects to this Request as seeking documents outside the timeframe limitation on discovery because, upon information and belief, the IRO ceased to exist in 1998.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 16:

From the period beginning January 1990 through the present, please provide any and all documents exchanged between the IIRO headquarters in Saudi Arabia and all United States branches of the IIRO, including without limitation, all documents relating to the transfer of funds between the IIRO headquarters in Saudi Arabia and IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant also specifically objects to this Request as seeking documents not in the possession of Defendant in so far as it seeks documents from an entity over which Defendant does not have control because, as far as defense counsel is aware, the IRO referenced in this Request is not a subsidiary or affiliate of defendant. Defendant further specifically objects to this Request as seeking documents outside the timeframe limitation on discovery because, upon information and belief, the IRO ceased to exist in 1998.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 17:**

From the period beginning January 1990 through the present, please provide any and all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of any IIRO office worldwide to IIRO USA, including the organization registered as the International Relief Organization ("IRO") and which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant also specifically objects to this Request as seeking documents not in the possession of Defendant in so far as it seeks documents from an entity over which Defendant does not have control because, as far as defense counsel is aware, the IRO referenced in this Request is not a subsidiary or affiliate of defendant. Defendant further specifically objects to this Request as seeking documents outside the timeframe limitation on discovery because, upon information and belief, the IRO ceased to exist in 1998.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters

available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 18:**

From the period beginning January 1990 through the present, provide all documents relating to any fundraising events and/or conferences that were held in the United States for the benefit of the IIRO, IIRO USA, and/or the IRO. Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000741 to IIRO 000765,          IIRO 003712 to IIRO 003752,

IIRO 000766 to IIRO 000943,          IIRO 003753 to IIRO 003978,

IIRO 000944 to IIRO 000968,          IIRO 004019 to IIRO 004043,

IIRO 003482 to IIRO 003592,          IIRO 004044 to IIRO 004053.

IIRO 003593 to IIRO 003711,

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 19:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the provision of funds or other material support from the Saudi Embassy in Washington D.C., and/or any official or agency of the KSA, to IIRO

USA, including the organization registered as the International Relief Organization ("IRO") which maintained its office at 360 S. Washington Street, Falls Church, VA, regardless of whether you acknowledge that entity as a subsidiary or affiliate of IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 20:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 21:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Dr. Sulaiman bin Ali Al-Ali, including

without limitation, all documents relating to the transfer of funds between Dr. Sulaiman bin Ali Al-Ali and the IIRO, IIRO USA, and/or the IRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 22:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Sanabel Al Kheer.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001620 to IIRO 001653.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 23:**

From the period beginning January 1980 through January 1990, please provide any and all documents sent to, and/or received from Sanabel Al Kheer, including without limitation, all documents relating to funds raised by Sanabel Al Kheer in support of the IIRO through fundraisers, investments or otherwise.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001620 to IIRO 001653.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 24:**

Provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Muslim World League ("MWL").

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001185 to IIRO 001185, | IIRO 001329 to IIRO 001330, |
| IIRO 001191 to IIRO 001214, | IIRO 001331 to IIRO 001332, |
| IIRO 001299 to IIRO 001303, | IIRO 001340 to IIRO 001344, |

IIRO 001345 to IIRO 001353,

IIRO 001354 to IIRO 001354,

IIRO 001355 to IIRO 001356,

IIRO 001361 to IIRO 001363,

IIRO 001364 to IIRO 001365,

IIRO 001366 to IIRO 001370,

IIRO 001401 to IIRO 001407,

IIRO 001429 to IIRO 001431,

IIRO 001435 to IIRO 001445,

IIRO 001481 to IIRO 001482,

IIRO 001551 to IIRO 001551,

IIRO 001557 to IIRO 001557,

IIRO 001620 to IIRO 001653,

IIRO 001688 to IIRO 001719,

IIRO 001739 to IIRO 001742,

IIRO 001747 to IIRO 001748,

IIRO 001760 to IIRO 001760,

IIRO 001792 to IIRO 001796,

IIRO 001154 to IIRO 001184,

IIRO 001899 to IIRO 001904.

To the extent that responsive documents are found in the boxes released to Defendant by the FBI and ICE, defense counsel will make the contents of those boxes available for inspection by Plaintiffs on an ongoing basis in Washington, DC.  Although defense counsel is endeavoring to translate and review the contents of these boxes, Defendant's counsel has not presently found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 25:**

From the period beginning January 1990 through the present, please provide any and all documents identifying, describing, or otherwise relating to the transfer of funds between the IIRO and the MWL.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.