To the extent that responsive documents are found in the boxes released to Defendant by the FBI and ICE, defense counsel will make the contents of those boxes available for inspection by Plaintiffs on an ongoing basis in Washington, DC. Although defense counsel is endeavoring to translate and review the contents of these boxes, Defendant's counsel has not presently found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 26:**

From the period beginning January 1990 through the present, please provide any and all documents relating to the role of any official, committee, or board of the MWL in the fundraising efforts of the IIRO's offices worldwide.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

To the extent that responsive documents are found in the boxes released to Defendant by the FBI and ICE, defense counsel will make the contents of those boxes available for inspection by Plaintiffs on an ongoing basis in Washington, DC. Although defense counsel is endeavoring to translate and review the contents of these boxes, Defendant's counsel has not presently found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 27:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 28:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (a/k/a the Shura Council), and the Ministry of Education.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 29:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the relationship between the IIRO and any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 30:**

From the period beginning January 1990 through the present, please provide any and all documents sent to and/or received from, any embassy or consulate of the Kingdom of Saudi Arabia, including without limitation, the Islamic Affairs Division of the embassy or consulate.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 31:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in spreading, propagating, or proselytizing Islam outside of the Kingdom of Saudi Arabia, including without limitation any long term strategy, studies or papers.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000209 to IIRO 000247, | IIRO 001672 to IIRO 001719, |
| IIRO 000741 to IIRO 000765, | IIRO 001739 to IIRO 001758, |
| IIRO 000766 to IIRO 000943, | IIRO 001778 to IIRO 001808, |
| IIRO 000944 to IIRO 000968, | IIRO 001899 to IIRO 001904, |
| IIRO 001140 to IIRO 001225, | IIRO 001945 to IIRO 001947, |
| IIRO 001226 to IIRO 001277, | IIRO 003482 to IIRO 003592, |
| IIRO 001278 to IIRO 001286, | IIRO 003593 to IIRO 003711, |
| IIRO 001287 to IIRO 001295, | IIRO 003712 to IIRO 003752, |
| IIRO 001296 to IIRO 001332, | IIRO 003753 to IIRO 003978, |
| IIRO 001488 to IIRO 001521, | IIRO 004019 to IIRO 004043, |

IIRO 004044 to IIRO 004053,                IIRO 004054 to IIRO 004056.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 32:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing or otherwise relating to the IIRO's role in advancing the foreign policy objectives of the KSA.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000209 to IIRO 000247,          IIRO 001778 to IIRO 001808,

IIRO 000741 to IIRO 000765,          IIRO 001899 to IIRO 001904,

IIRO 000766 to IIRO 000943,          IIRO 001945 to IIRO 001947,

IIRO 000944 to IIRO 000968,          IIRO 003482 to IIRO 003592,

IIRO 001140 to IIRO 001225,          IIRO 003593 to IIRO 003711,

IIRO 001226 to IIRO 001277,          IIRO 003712 to IIRO 003752,

IIRO 001278 to IIRO 001286,          IIRO 003753 to IIRO 003978,

IIRO 001287 to IIRO 001295,          IIRO 004019 to IIRO 004043,

IIRO 001296 to IIRO 001332,          IIRO 004044 to IIRO 004053,

IIRO 001739 to IIRO 001758,          IIRO 004054 to IIRO 004056.

IIRO 001759 to IIRO 001777,

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 33:

Provide all documents relating to all accounts in any United States, Saudi Arabian, or foreign banking institution you hold or have held jointly with the KSA, any members of the Saudi royal family, and/or any Saudi official acting on behalf of the KSA ("KSA Joint Bank Accounts"), and/or any KSA Joint Bank Accounts over which you hold or have held signatory authority.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 34:

Provide all documents relating to the role of the KSA and/or members of the Saudi royal family, in the creation, organization, funding, oversight, supervision, operation, and/or management of the IIRO, including any subsidiary, affiliate, and/or branch office.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters

available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 35:

Provide all documents relating to the IIRO's initial capitalization and any subsequent funding provided by the KSA, members of the Saudi royal family, and/or any other individuals or entities, including without limitation, any funding provided by the KSA to IIRO through the MWL.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case. Defendant also specifically objects to this request as unduly burdensome because IIRO was initially set-up in 1979 and this Request would require an extensive search of voluminous records, and Defendant lacks the capacity to conduct such a search.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 36:

Provide all documents defining, establishing, or relating to the IIRO's privileges, obligations, activities, and/or rights under the laws of the KSA.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, 11, and 12.

Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case. Defendant also specifically objects to this request to the extent it seeks to discovery legal analysis and/or legal strategy in violation of the work product doctrine and attorney client privilege.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001612 to IIRO 001614,                    IIRO 001739 to IIRO 001758.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 37:**

Provide all documents relating to any and all laws, statutes, regulations, ordinances, royal decrees, or directives issued by the KSA relating to the IIRO, including but not limited to, documents relating to the organization, funding, oversight, supervision, management, and/or control over the IIRO's operations, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case. Defendant also specifically objects to this request to the extent it seeks to discovery legal analysis and/or legal strategy in violation of the work product doctrine and attorney client privilege.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 38:**

Provide all documents relating to any fundraising events and/or conferences that were held for the benefit of the IIRO and were promoted, sponsored, organized, funded, managed, supervised, or attended by the KSA and/or members of the Saudi family.  Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 8, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 39:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the KSA.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12. Defendant specifically objects to this request to the extent it seeks information relating to the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters

available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 40:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the Islamic Republic of Pakistan, including without limitation, any and all documents sent to and/or received from the Islamic Republic of Pakistan.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000708 to IIRO 000721, | IIRO 001488 to IIRO 001493, |
| IIRO 000741 to IIRO 000765, | IIRO 001154 to IIRO 001184, |
| IIRO 000944 to IIRO 000968, | IIRO 001185 to IIRO 001185, |
| IIRO 001015 to IIRO 001138, | IIRO 001186 to IIRO 001190, |
| IIRO 001139, | IIRO 001191 to IIRO 001214, |
| IIRO 001154 to IIRO 001184, | IIRO 001586 to IIRO 001591, |
| IIRO 001263 to IIRO 001264, | IIRO 001597 to IIRO 001602, |
| IIRO 001272 to IIRO 001272, | IIRO 001670 to IIRO 001671, |
| IIRO 001433 to IIRO 001434, | IIRO 001979 to IIRO 002017, |

| | |
|---|---|
| IIRO 002018 to IIRO 002052, | IIRO 003712 to IIRO 003752, |
| IIRO 002170 to IIRO 002679, | IIRO 003753 to IIRO 003978, |
| IIRO 002708 to IIRO 002711, | IIRO 004019 to IIRO 004043, |
| IIRO 003482 to IIRO 003592, | IIRO 004054 to IIRO 004056. |
| IIRO 003593 to IIRO 003711, | IIRO 004044 to IIRO 004053. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 41:**

From the period beginning January 1990 through the present, please provide any and all documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the Islamic Republic of Pakistan.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the documents produced in response to Request 40.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 42:**

From the period beginning January 1990 through the present, provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO (including any subsidiary, affiliate, or branch office) and the Taliban.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 6, 9, 10, and 11.

Subject to, and without waiving the above objections, Defendant asserts that no such documents governing, describing, detailing, or otherwise relating to any relationship between the IIRO-SA (including any subsidiary, affiliate, or branch office) and the Taliban exist, and as such, none will be produced.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 43:

From the period beginning January 1990 through 2002, provide any and all documents relating to the transfer of funds between the IIRO and the Taliban, including without limitation, the transfer of $60 million which was publicly announced by IIRO's Secretary-General Adnan Basha.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 6, 9, 10, and 11.

Subject to, and without waiving the above objections, Defendant asserts that no such documents governing, describing, detailing, or otherwise relating to any relationship between the IIRO-SA (including any subsidiary, affiliate, or branch office) and the Taliban exist, and as such, none will be produced.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 44:

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the persons identified in Exhibit A.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 7, 9, 10, 11, and 12. Defendant also specifically objects to this Request as unduly burdensome because Exhibit A, which contains 70 individuals and entities, expands the scope of these Requests to such an extent that they actually constitute several hundred more requests for documents than those numbered herein.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001227 to IIRO 001230, | IIRO 001751 to IIRO 001751, |
| IIRO 001299 to IIRO 001303, | IIRO 001753 to IIRO 001756, |
| IIRO 001743 to IIRO 001744, | IIRO 001771 to IIRO 001771. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 45:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the persons identified in Exhibit A, including without limitation, all documents relating to the transfer of funds between the IIRO and those persons.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 7, 9, 10, 11, and 12. Defendant also specifically objects to this Request as unduly burdensome because Exhibit A, which contains 70 individuals and entities, expands the scope of these Requests to such an extent that they actually constitute several hundred more requests for documents than those numbered herein.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001227 to IIRO 001230, | IIRO 001751 to IIRO 001751, |
| IIRO 001299 to IIRO 001303, | IIRO 001753 to IIRO 001756, |
| IIRO 001743 to IIRO 001744, | IIRO 001771 to IIRO 001771. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 46:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and the entities identified in Exhibit B. In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with any of the entities identified in Exhibit A, please provide such documents.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 7, 9, 10, 11, and 12. Defendant also specifically objects to this Request as unduly burdensome because Exhibits A and B, which contain a total of 155 individuals and entities, expand the scope of these Requests to such an extent that they actually constitute several hundred more requests for documents than those numbered herein.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 001304 to IIRO 001316,             IIRO 001605 to IIRO 001611,

IIRO 001317 to IIRO 001322,             IIRO 001739 to IIRO 0017420,

IIRO 001323 to IIRO 001328,             IIRO 001805 to IIRO 001808.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 47:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from the entities identified in Exhibit B, including without limitation, all documents relating to the transfer of funds between the IIRO and those entities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 7, 9, 10, 11, and 12. Defendant also specifically objects to this Request as unduly burdensome because Exhibit B, which contains a total of 85 individuals and entities, expands the scope of these Requests to such an extent that they actually constitute many more requests for documents than those numbered herein.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 001304 to IIRO 001316, | IIRO 001605 to IIRO 001611, |
| IIRO 001317 to IIRO 001322, | IIRO 001739 to IIRO 0017420, |
| IIRO 001323 to IIRO 001328, | IIRO 001805 to IIRO 001808. |

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 48:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Hamas, including without limitation, the following Hamas-related entities: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah. In the event that any IIRO subsidiary, affiliate, and/or branch office shared office space with Hamas or any Hamas-related entities, please provide such documents.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 9, 10, 11, and 12. Defendant also objects because this request is not reasonably calculated to lead to the discovery of admissible evidence or a claim or a defense in this case since the funding of Hamas has never been linked to the funding of the 9/11 hijackers in any manner. Defendant submits that this request is nothing more than a disguised attempt to seek discovery which would be relevant in Courtney Linde, et al v. Arab Bank, PLC, Case No. CV 04 2799 – a pending case in the Eastern District of New York – and which is not relevant in the present matter.

Further, due to the immense burden of producing all potentially responsive

documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 49:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Hamas, including without limitation, any Hamas-related entities such as: the Al Islah Foundation, the Al Salah Foundation-Gaza, the Islamic Heritage Committee-Jerusalem, the Zakat Committee-Ramallah, the Orphan Care Committee-Bethlehem, the Islamic Charity Foundation-Hebron, the Nablus Zakat Committee, the Zakat Committee Assira Shamaliah, the Tulkarm Zakat Committee, the Jenin Zakat Committee, the Islamic Integrity Association-Gaza, the Al Rahame Zakat Committee-Khan Yunes, the Islamic Society-Nussirat, the Islamic Center-Gaza, and the Zakat and Welfare Charity Committee-Rafiah. Such documents shall include, but are not limited to, all documents relating to the transfer of funds between the IIRO and those entities.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 4, 5, 6, 9, 10, 11, and 12. Defendant also objects because this request is not reasonably calculated to lead to the discovery of admissible evidence or a claim or a defense in this case since the funding of Hamas has never been linked to the funding of the 9/11 hijackers in any manner. Defendant submits that this request is nothing more than a disguised attempt to seek discovery which would be relevant in Courtney Linde, et al v. Arab Bank, PLC, Case No. CV 04 2799 – a pending case in the Eastern District of New York – and which is not relevant in the present matter.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 50:**

From the date of IIRO's formation to the present, provide any and all documents relating to any business, financial, charitable, religious or other relationship between Osama Bin Laden, including any member of the Bin Laden family, and the IIRO.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 51:**

From the period beginning January 1990 through the present, provide any and all documents sent to, and/or received from Osama Bin Laden or any member of the Bin Laden family, including without limitation, all documents relating to the transfer of funds between the IIRO and/or Sanabel Al Kheer and any member of the Bin Laden family.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 52:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Al Zawahiri (brother of Dr. Ayman Al Zawahiri – Al Qaida's second-in-command).

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request, and Defendant further asserts that no such documents exist.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 53:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Al Zawahiri, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 54:**

From the period beginning January 1990 through the present, please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between the IIRO and Mohammed Jamal Khalifa, including without limitation, Khalifa's role in heading the IIRO's office in the Philippines.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000766 to IIRO 000943,          IIRO 002997 to IIRO 003019,

IIRO 001954 to IIRO 001955,          IIRO 003020 to IIRO 003037.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 55:**

From the period beginning January 1990 through the present, please provide any and all documents sent to, and/or received from Mohammed Jamal Khalifa, including without limitation, all documents relating to the transfer of IIRO funds.

**ANSWER:**
Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 56:

Please provide any and all documents relating to the involvement of the IIRO in the struggle against the Soviet occupation of Afghanistan during the 1980s.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12. Defendant specifically objects to this Request as seeking information exclusively from a time period outside the discovery limitation imposed by the Court.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 004054 to IIRO 004056.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 57:

Please provide any and all documents relating to the IIRO's role in supporting the mujihadeen forces in Afghanistan in their struggle against Soviet occupation. For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12. Defendant specifically objects to this Request as seeking information exclusively from a time period outside the discovery limitation imposed by the Court.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 004054 to IIRO 004056.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 58:

From the period beginning January 1990 through 2002, please provide any and all documents relating to the IIRO's role in supporting training camps in Afghanistan, Pakistan, and Kashmir, including without limitation, the transfer of funds. For purposes of this request, the term "support" includes any form of financial, logistical, administrative or other assistance, whether provided directly or indirectly.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12. Defendant further objects to this Request to the extent that the term "training camp" is undefined. Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any supplemental documents of Defendant's that are responsive to this request, and Defendant further asserts that no such documents exist.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 59:**

Please provide any and all documents governing, describing, detailing or otherwise relating to any relationship between the IIRO and Maktab al Khidmat (a/k/a the Office of Services).

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12. Defendant specifically objects to this Request as seeking information exclusively from a time period outside the discovery limitation imposed by the Court.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 60:**

Please provide any and all documents sent to, and/or received from the Maktab al Khidmat, including without limitation, all documents relating to the transfer of funds between the IIRO and Maktab al Khidmat.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 9, 10, 11, and 12.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 61:

From the period beginning January 1990 through the present, please provide any and all documents authored, published, or disseminated by the IIRO relating to the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

## ANSWER:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

| | |
|---|---|
| IIRO 000388 to IIRO 000427, | IIRO 001185 to IIRO 001185, |
| IIRO 000708 to IIRO 000721, | IIRO 001186 to IIRO 001190, |
| IIRO 000741 to IIRO 000765, | IIRO 001191 to IIRO 001214, |
| IIRO 000944 to IIRO 000968, | IIRO 001263 to IIRO 001264, |
| IIRO 001015 to IIRO 001138, | IIRO 001272 to IIRO 001272, |
| IIRO 001139, | IIRO 001273 to IIRO 001275, |
| IIRO 001154 to IIRO 001184, | IIRO 001227 to IIRO 001230, |

IIRO 001284 to IIRO 001286,

IIRO 001289 to IIRO 001294,

IIRO 001299 to IIRO 001303,

IIRO 001323 to IIRO 001328,

IIRO 001329 to IIRO 001330,

IIRO 001331 to IIRO 001332,

IIRO 001336 to IIRO 001339,

IIRO 001401 to IIRO 001407,

IIRO 001425 to IIRO 001428,

IIRO 001432 to IIRO 001432,

IIRO 001433 to IIRO 001434,

IIRO 001451 to IIRO 001451,

IIRO 001452 to IIRO 001452,

IIRO 001453 to IIRO 001453,

IIRO 001454 to IIRO 001456,

IIRO 001458 to IIRO 001460,

IIRO 001435 to IIRO 001450,

IIRO 001471 to IIRO 001480,

IIRO 001488 to IIRO 001488,

IIRO 001494 to IIRO 001496,

IIRO 001497 to IIRO 001497,

IIRO 001498 to IIRO 001498,

IIRO 001488 to IIRO 001488,

IIRO 001586 to IIRO 001591,

IIRO 001592 to IIRO 001593,

IIRO 001597 to IIRO 001602,

IIRO 001654 to IIRO 001657,

IIRO 001658 to IIRO 001660,

IIRO 001665 to IIRO 001669,

IIRO 001670 to IIRO 001671,

IIRO 001739 to IIRO 001758,

IIRO 001760 to IIRO 001760,

IIRO 001453 to IIRO 001453,

IIRO 001771 to IIRO 001771,

IIRO 001458 to IIRO 001460,

IIRO 001435 to IIRO 001452,

IIRO 001488 to IIRO 001493,

IIRO 001791 to IIRO 001791,

IIRO 001842 to IIRO 001850,

IIRO 001899 to IIRO 001904,

IIRO 001948 to IIRO 001948,

IIRO 001949 to IIRO 001953,

IIRO 001954 to IIRO 001955,

IIRO 001958 to IIRO 001961,

IIRO 001963 to IIRO 001964,

IIRO 001965 to IIRO 001965,

IIRO 001977 to IIRO 001978,

IIRO 001979 to IIRO 002017,

IIRO 002018 to IIRO 002052,

IIRO 002053 to IIRO 002055,

IIRO 002056 to IIRO 002072,

IIRO 002073 to IIRO 002076,

IIRO 002077 to IIRO 002108,

IIRO 002109 to IIRO 002116,

IIRO 002117 to IIRO 002169,

IIRO 002170 to IIRO 002679,

IIRO 002680 to IIRO 002682,

IIRO 002683 to IIRO 002692,

IIRO 002693 to IIRO 002693,

IIRO 002694 to IIRO 002694,

IIRO 002695 to IIRO 002695,

IIRO 002696 to IIRO 002698,

IIRO 002699 to IIRO 002699,

IIRO 002700 to IIRO 002701,

IIRO 002702 to IIRO 002703,

IIRO 002704 to IIRO 002704,

IIRO 002705 to IIRO 002705,

IIRO 002706 to IIRO 002706,

IIRO 002707 to IIRO 002707,

IIRO 002708 to IIRO 002711,

IIRO 002712 to IIRO 002716,

IIRO 002997 to IIRO 003019,

IIRO 003020 to IIRO 003037,

IIRO 003482 to IIRO 003592,

IIRO 003593 to IIRO 003711,

IIRO 003712 to IIRO 003752,

IIRO 003753 to IIRO 003978,

IIRO 004015 to IIRO 004018,

IIRO 004019 to IIRO 004043,

IIRO 004044 to IIRO 004053,

IIRO 004054 to IIRO 004056.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 62:**

From the period beginning January 1990 through the present, please provide any and all documents relating to fundraising activities conducted by the IIRO in relation to relief or humanitarian efforts, or other operations, in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey,

Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt. Such documents shall include, but are not limited to, those identified in Request #11.

**ANSWER:**

Defendant restates their response to Production for Documents Request No. 61 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 63:**

From the period beginning January 1990 through the present, please provide any and all interviews, statements or speeches by representatives of the IIRO regarding the conflicts, crises or conditions facing Muslim communities in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant restates their responses to Production for Documents Requests No. 61 and 62 as provided herein.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 64:**

From the period beginning January 1990 through the present, please provide any and all documents discussing the legitimacy of any armed jihad or resistance by Muslims in Kosovo, Albania, Algeria, Bosnia & Herzegovina, Kashmir, Chechnya, Sudan, Somalia, Afghanistan, Palestine, Turkey, Indonesia, Malaysia, the Philippines, Yemen, Kenya, Tanzania, Pakistan, and Egypt.

**ANSWER:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 4, 5, 6, 9, 10, and 11.

Further, due to the immense burden of producing all potentially responsive documents in the Southern District of New York, defendant will make its overseas offices, its warehouse in Jeddah, Saudi Arabia, and the IIRO-SA corporate headquarters available for inspection.

Subject to, and without waiving the above objections, Defendant directs Plaintiffs to the following documents:

IIRO 000209 to IIRO 000247,

IIRO 001154 to IIRO 001184,

IIRO 001191 to IIRO 001214,

IIRO 001263 to IIRO 001264,

IIRO 001273 to IIRO 001275,

IIRO 001284 to IIRO 001286,

IIRO 001289 to IIRO 001294,

IIRO 001299 to IIRO 001303,

IIRO 001323 to IIRO 001328,

IIRO 001336 to IIRO 001339,

IIRO 001401 to IIRO 001407,

IIRO 001425 to IIRO 001428,

IIRO 001432 to IIRO 001432,

IIRO 001433 to IIRO 001434,

IIRO 001451 to IIRO 001451,

IIRO 001452 to IIRO 001452,

IIRO 001453 to IIRO 001453,

IIRO 001454 to IIRO 001456,

IIRO 001458 to IIRO 001460,

IIRO 001435 to IIRO 001450,

IIRO 001471 to IIRO 001480,

IIRO 001488 to IIRO 001493,

IIRO 001154 to IIRO 001184,

IIRO 001185 to IIRO 001185,

IIRO 001186 to IIRO 001190,

IIRO 001191 to IIRO 001214,

IIRO 001494 to IIRO 001496,

IIRO 001497 to IIRO 001497,

IIRO 001498 to IIRO 001498,

IIRO 001488 to IIRO 001488,

IIRO 001154 to IIRO 0011840,

IIRO 001154 to IIRO 0011841,

IIRO 001586 to IIRO 001591,

IIRO 001592 to IIRO 001593,

IIRO 001597 to IIRO 001602,

IIRO 001654 to IIRO 001657,

IIRO 001658 to IIRO 001660,

IIRO 001665 to IIRO 001669,

IIRO 001670 to IIRO 001671,

IIRO 001323 to IIRO 001328,

IIRO 001329 to IIRO 001330,

IIRO 001331 to IIRO 001332,

IIRO 001739 to IIRO 001758,

IIRO 001760 to IIRO 001760,