# EXHIBIT 34

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC) ECF Case |

*This document relates to:*

*Federal Insurance Co. v. al Qaida*, Case No. 03-CV-6978 (RCC) (S.D.N.Y.)
*Kathleen Ashton v. Al Qaeda Islamic Army*, Case No. 02-CV-6977 (RCC) (S.D.N.Y.)
*Thomas E. Burnett, Sr. v. Al Baraka Investment & Development Corp.*, Case No. 03-CV-9849 (RCC) (S.D.N.Y.)

## INTERNATIONAL ISLAMIC RELIEF ORGANIZATION'S RESPONSES TO THE PLAINTIFFS' SECOND SET OF SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS

Martin F. McMahon, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue NW, Suite 900
Washington, DC 20036
Phone:          202-862-4343
Facsimile:     202-828-4130

*Attorney for Defendant*

Pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"), Defendant International Islamic Relief Organization, Saudi Arabia (hereinafter "IIROSA"), by and through its undersigned attorneys, respond to Plaintiffs' second set of supplemental requests for production of documents.

In furnishing these responses and in producing documents in connection herewith, Defendant does not admit or concede the relevance, materiality, authenticity or admissibility in evidence of any such responses or documents. All objections to the use, at hearing or otherwise, of any of these responses or documents produced in connection herewith are expressly reserved.

## **GENERAL OBJECTIONS**

Defendant IIROSA incorporates by reference all objections previously invoked in its initial responses to Plaintiffs' First Request for Production of Documents (hereinafter referred to as "Production Requests"), and Defendant makes the following additional General Objections to Plaintiffs' Production Requests:

1.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests seek information which is already in the custody, possession or control of the Plaintiffs.

2.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests seek information which is equally or more readily accessible to the Plaintiffs and/or is readily obtainable independently from the public domain.

3.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests are vague, ambiguous, unduly burdensome, do not specify information sought with sufficient particularity, are not limited to the subject matter of the litigation, and/or

are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests call for Defendant to identify or produce documents or information not related to the 1992-2001 timeframe discovery limitation set in Judge Daniels' December 21, 2007 Order.

5.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests call for Defendant to identify or produce large quantities of cumulative information or "all documents" of a specific nature or type, because such a requirement makes that request overly broad, unduly burdensome, and oppressive.

6.      Defendant objects to Plaintiffs' Production Requests to the extent that the requests seek information regarding "radical," "fundamentalist," "extremist," "corrupt," or "deviant" activities, individuals, groups, or organizations, as such categories are vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## PRODUCTION REQUESTS

### REQUEST 1:

Please provide any and all documents relating to the United States Treasury Department's investigation and August 3, 2006 designations of the IIRO's Philippine and Indonesian branch offices and Abd al Hamid Sulaiman al Mujil, the IIRO's Executive Director of the Eastern Province Branch (hereinafter, collectively referred to as the "IIRO Designees"), "for facilitating fundraising for al Qaida and affiliated terrorist groups." Such documents shall include, but are not limited to, any and all documents identifying all accounts, assets, and monies that were seized and/or frozen following the August 3,

2006 designations.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4 and 5. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000766 - IIRO-000943

IIRO-000984 - IIRO-001004

IIRO-000209 - IIRO-000247

IIRO-000969 - IIRO-000985.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.


**REQUEST 2:**

Please provide any and all documents relating to any investigations or inquiries conducted by the United Nations relating to allegations of the IIRO Designees' ties to terrorism, including without limitation, any and all documents relating to the U.N.

Security Council Sanction Committee's designations, dated August 4, 2006 and November 9, 2006, identifying the IIRO Designees as entities and individuals "belonging to or associated with the Al-Qaida organization." Such documents shall include, but are not limited to, any and all documents identifying all accounts, assets, and monies that were seized and/or frozen following the designations.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4 and 5. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000209 - IIRO-000247

IIRO-001005 - IIRO-001006

IIRO-001007 - IIRO-001014.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 3:**

Please provide any and all documents relating to any investigations or inquiries conducted by the Republic of the Philippines and the Republic of Indonesia relating to allegations of the IIRO Designees' ties to terrorism, including without limitation, all documents identifying any and all accounts, assets, and/or monies seized and/or frozen by those governments.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4 and 5. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000984 - IIRO-001004.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 4:**

Please provide any and all documents relating to IIRO Account Nos. 0200100100000011145671 and 0200200100000012000472, held at the Bank of Philippine Islands ('BPI"). Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reject communications between or among the IIRO the IIRO Designees and BPI, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals,, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source's and / or destinations of any funds deposited into or withdrawn from those accounts.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4 and 5. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000984 - IIRO-001004.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents

relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 5:**

Please provide all documents relating to any designation, sanction or restriction imposed upon You and/or the IIRO Designees by any agency, department or instrumentality of the United Sates, United Nations, or any other nation or international body.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4 and 5. Defendant objects to this request as seeking duplicative and cumulative information. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000766 - IIRO-000943

IIRO-000984 - IIRO-001004

IIRO-000209 - IIRO-000247

IIRO-000969 - IIRO-000985.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at

Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs'

expense, Defendant will endeavor to segregate responsive, non-privileged documents

relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement

and/or revise this Answer.


**REQUEST 6:**

Please provide copies of any and all documents and things that have been seized

by, or produced by You and/or the IIRO Designees to, any investigators, auditors,

government officials or agencies, and/or international bodies concerning the IIRO

Designees' alleged support for, or connections to, alleged terrorist, deviant or criminal

organizations, groups, individuals, or activities.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified

above, specifically including General Objections 1, 2, 3, 4, 5 and 6. Defendant objects to

this request as seeking duplicative and cumulative information. Defendant further objects

to this request to the extent it seeks documents protected by the attorney-client privilege,

work product doctrine, or other privilege. Subject to, and without waiving the above

objections, Defendant produces the following accompanying documents (by Bates

number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000766 - IIRO-000943

IIRO-000984 - IIRO-001004

IIRO-000209 - IIRO-000247

IIRO-000969 - IIRO-000985.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

## REQUEST 7:

Please provide any and all documents relating to any investigations or inquiries conducted by the Kingdom of Saudi Arabia relating to You and/or the IIRO Designees' ties to terrorism.

## RESPONSE:

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5.  Defendant specifically objects to this request as seeking information and documents which are publicly available and/or equally accessible to Plaintiffs as Defendant.  Defendant specifically objects to this request to the extent it seeks information in the possession of the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.  Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege.  Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any documents of

Defendant's thus far that are responsive to this Request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 8:**

Please provide any and all documents relating to any sanctions or restrictions imposed upon You and/or the IIRO Designees by the Kingdom of Saudi Arabia.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5. Defendant specifically objects to this request as seeking information and documents which are publicly available and/or equally accessible to Plaintiffs as Defendant. Defendant specifically objects to this request to the extent it seeks information in the possession of the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant's counsel is still in the process of reviewing recently received documents and will be producing responsive documents therefrom (if any) shortly.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 9:**

Please provide any and all documents sent to, and/or received from, the Kingdom

of Saudi Arabia relating to any accusation that the IIRO Designees, or any individual or

entity employed by and/or affiliated with the IIRO Designees, were associated with or

involved in any criminal, corrupt, deviant or extremist activity, including without

limitation any terrorist or radical religious, political or social activities.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified

above, specifically including General Objections 2, 3, 4, 5 and 6. Defendant specifically

objects to this request as seeking information and documents which are publicly available

and/or equally accessible to Plaintiffs as Defendant. Defendant specifically objects to

this request to the extent it seeks information in the possession of the Kingdom of Saudi

Arabia, a sovereign nation not subject to discovery in this case. Defendant further objects

to this request to the extent it seeks documents protected by the attorney-client privilege,

work product doctrine, or other privilege. Subject to, and without waiving the above

objections, Defendant's counsel has not found or learned of any documents of

Defendant's thus far that are responsive to this Request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement

and/or revise this Answer.


**REQUEST 10:**

Please provide all documents relating to any and all information or notification

You received that the IIRO Designees, or any individual or entity employed by and/or

affiliated with the IIRO Designees, were associated with or involved in: (i) the

sponsorship of any radical, extremist or terrorist organization; (ii) criminal, corrupt or

deviant activities; or (iii) any military, radical or terrorist activity, plot or attack.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4, 5 and 6. Defendant specifically objects to this request as seeking information and documents which are publicly available and/or equally accessible to Plaintiffs as Defendant. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any documents of Defendant's thus far that are responsive to this Request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 11:**

Please provide all documents relating to any and all information or notification You received that the IIRO Designees, or any individual or entity employed by and/or affiliated with the IIRO Designees, may have been or were diverting funds or otherwise providing material support or resources to the Abu Sayyaf Group and Jemaah Islamiyah.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 1, 2, 3, 4 and 5. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the

above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000766 - IIRO-000943

IIRO-000984 - IIRO-001004

IIRO-000209 - IIRO-000247

IIRO-000969 - IIRO-000985.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 12:**

Please provide all documents relating to any and all information or notification You received that the IIRO Designees, or any individual or entity employed by and/or affiliated with the IIRO Designees, may have been or were diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida, or other terrorist organizations, regardless of whether you believe such person(s) or entity(s) was acting within the scope of his employment in

relation to any such activities.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4, 5 and 6.  Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege.  Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000766 - IIRO-000943

IIRO-000984 - IIRO-001004

IIRO-000209 - IIRO-000247

IIRO-000969 - IIRO-000985.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 13:**

Please provide any and all documents relating to any internal investigations conducted by You relating to any accusation that the IIRO Designees, including any

individual or entity employed by and/or assisted with the IIRO Designees, were

associated with or involved in any criminal, corrupt deviant or extremist activity,

including without limitation any terrorist or radical religious, political or social activities.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified

above, specifically including General Objections 2, 3, 4, 5 and 6.  Defendant further

objects to this request to the extent it seeks documents protected by the attorney-client

privilege, work product doctrine, or other privilege.  Subject to, and without waiving the

above objections, Defendant produces the following accompanying documents (by Bates

number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000766 - IIRO-000943

IIRO-000984 - IIRO-001004

IIRO-000209 - IIRO-000247

IIRO-000969 - IIRO-000985.

To the extent the specified accompanying documents are not fully responsive to

this request, Defendant will make documents and information available for inspection at

Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs'

expense, Defendant will endeavor to segregate responsive, non-privileged documents

relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement

and/or revise this Answer.

**REQUEST 14:**

Please provide all documents relating to any disciplinary action taken by You, or any decision to terminate any relationship with the IIRO Designees, or any individual or entity employed by and/or affiliated with the IIRO Designees, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad, including without limitation, any such individuals or entities identified in response to Requests #9-13. In the event You have closed the IIRO branch offices in the Philippines and Indonesia, and/or terminated al Mujil from any and all positions he holds within the IIRO, please provide such documentation.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5.  Defendant specifically objects to this request as seeking information and documents which are publicly available and/or equally accessible to Plaintiffs as Defendant.  Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege.  Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any documents of Defendant's thus far that are responsive to this Request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 15:**

Please provide any and all documents relating to the IIRO Designees' role in

providing material support or resources to al Qaida, the Abu Sayyaf Group, Jemaah

Islamiyah, or other islamic fighters in Indonesia, the Philippines, or elsewhere, including

without limitation, the support of camps in and/or around those areas, recruitment,

training, transportation, lodging, the acquisition, trafficking, and/or smuggling of

weapons and arms such as rockets, mortars, rifles, dynamite and other bombs, and the

provision of boots, tents, and uniforms.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified

above, specifically including General Objections 2, 3, 4 and 5.  Defendant specifically

objects to this request as seeking information and documents which are publicly available

and/or equally accessible to Plaintiffs as Defendant.  Defendant further objects to this

request to the extent it seeks documents protected by the attorney-client privilege, work

product doctrine, or other privilege.  Subject to, and without waiving the above

objections, Defendant's counsel has not found or learned of any documents of

Defendant's thus far that are responsive to this Request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement

and/or revise this Answer.


**REQUEST 16:**

Please provide any and all documents governing, describing, detailing, or

otherwise relating to the relationship between the IIRO and Abd al Hamid Sulaiman al

Mujil, including without limitation, all documents relating to al Mujil's appointment as

IIRO's Executive Director of the IIRO Eastern Province Branch, and all other positions al

Mujil has held and/or holds within the IIRO. Such documents shall include, but are not limited to, copies of al Mujil's resumes, curriculum vitaes, biographies, abstracts, media reports, digests, publications, summaries, employment contracts, and/or outlines.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5.  Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege.  Subject to, and without waiving the above objections, Defendant's counsel is still in the process of reviewing recently received documents and will be producing responsive documents therefrom (if any) shortly.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.


**REQUEST 17:**

Please provide any and all documents relating to al Mujil's supervision, management, control of, or distribution of IIRO funds, including without limitation, all documents relating to al Mujil's duties and responsibilities to determine and/or make recommendations as to which charities, individuals, or entities should receive financial and/or non-monetary support from the IIRO and the IIRO Eastern Province Branch, and the purpose for such disbursements.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5.  Defendant further objects

to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege.  Subject to, and without waiving the above objections, Defendant's counsel is still in the process of reviewing recently received documents and will be producing responsive documents therefrom (if any) shortly.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 18:**

Please provide any and all documents relating to the transfer of IIRO funds authorized by al Mujil and/or the IIRO Eastern Province Branch (and/or any IIRO official, employee, representative or agent working on al Mujil's or the IIRO Eastern Province Branch's behalf) for any IIRO branch office.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5.  Defendant specifically objects to this request as seeking information and documents which are publicly available and/or equally accessible to Plaintiffs as Defendant.  Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege.  Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000969 - IIRO-000985.

To the extent the specified accompanying documents are not fully responsive to

this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 19:**

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between al Mujil and the Kingdom of Saudi Arabia, including without limitation, the following agencies of the KSA: the Supreme Council of Islamic Affairs, the Ministry for Islamic Affairs, Endowments, Dawa and Guidance, the Ministry of Foreign Affairs, Endowments, Dawa and Guidance, the Ministry of Defense and Aviation, Endowments, Dawa and Guidance, the Majlis al Shura (aka the Shura Council), the Ministry of Education, and any embassy or consulate of the KSA. Such documents shall include, but are not limited to, any official positions al Mujil held or holds within the government of the KSA.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5. Defendant specifically objects to this request to the extent it seeks information in the possession of the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case. Defendant further objects to this request to the extent it seeks documents protected by the attorney-

client privilege, work product doctrine, or other privilege.  Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any documents of Defendant's thus far that are responsive to this Request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 20:**

Please provide any and all documents relating to any meeting al Mujil attended in his capacity as an official and/or representative of the IIRO with any official, representative, or agency of the KSA.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5.  Defendant specifically objects to this request as seeking information and documents which are publicly available and/or equally accessible to Plaintiffs as Defendant.  Defendant specifically objects to this request to the extent it seeks information in the possession of the Kingdom of Saudi Arabia, a sovereign nation not subject to discovery in this case.  Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege.  Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any documents of Defendant's thus far that are responsive to this Request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 21:**

Please provide any and all documents relating to any investigation conducted by the IIRO into any alleged criminal, improper, unauthorized, deviant or terrorist activities of al Mujil, including but not limited to, al Mujil's ties to the following terrorists and terrorist organizations: Osama Bin Laden, Abdullah Azzam, Khalid Sheikh Mohammed, Mohammed Jamal Khalifa, Abdurajak Jaljalani, al Quida, Abu Sayyaf Group, and Jemaah Islamiyah.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4, 5 and 6. Defendant specifically objects to this request as seeking information and documents which are publicly available and/or equally accessible to Plaintiffs as Defendant. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant's counsel has not found or learned of any documents of Defendant's thus far that are responsive to this Request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 22:**

Please provide any and all documents governing, describing, detailing, or otherwise relating to the relationship between or among You, the IIRO Designees, and

the following individuals: Abd Al-Hadi Daguit and Mahmud Abd Al-Jalil Afif. Such

documents shall include, but are not limited to, any positions those individuals held or

hold within the IIRO.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified

above, specifically including General Objections 2, 3, 4 and 5. Defendant specifically

objects to this request as seeking information and documents which are publicly available

and/or equally accessible to Plaintiffs as Defendant. Defendant further objects to this

request to the extent it seeks documents protected by the attorney-client privilege, work

product doctrine, or other privilege. Subject to, and without waiving the above

objections, Defendant's counsel has not found or learned of any documents of

Defendant's thus far that are responsive to this Request.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement

and/or revise this Answer.


**REQUEST 23:**

From the period beginning January 1990 thorough the present, please provide any

and all documents identifying all individuals, both foreign and domestic, employed by the

Philippine and Indonesian branch offices of the IIRO. Such documents shall include, but

are not limited to, lists of all officers, directors, trustees, employees and agents, with

dates of hire and termination, job title, job responsibilities, and place of employment,

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified

above, specifically including General Objections 2, 3, 4 and 5. Defendant specifically objects to this request in so far as it seeks documents and information prior to the limited timeframe imposed on discovery in this case in Judge Daniels' December 21, 2007 Order. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000944 - IIRO-000968

IIRO-000969 - IIRO-000985.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 24:**

From the period beginning January 1990 through the present please provide any and all documents relating to any grants, loans and investments made by the Philippine and Indonesian branch offices of the IIRO. Such investments shall include, but are not limited to, real estate, real estate ventures, stocks, government bonds, corporate bonds,

municipal bonds, cash investments, pooled investments, equity funds, mutual funds, hedge funds, money market securities, annuities, commodities, options, futures, collectibles, diamonds, gold, IRAs, and/or municipal debt instruments.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5. Defendant specifically objects to this request in so far as it seeks documents and information prior to the limited timeframe imposed on discovery in this case in Judge Daniels' December 21, 2007 Order. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000944 - IIRO-000968

IIRO-000969 - IIRO-000985.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

**REQUEST 25:**

From the period beginning January 1990 through the present, please provide any and all documents detailing all contributions received and disbursements made by the Philippine and Indonesia branch offices of the IIRO.

**RESPONSE:**

Defendant incorporates and asserts each of the General Objections identified above, specifically including General Objections 2, 3, 4 and 5. Defendant specifically objects to this request in so far as it seeks documents and information prior to the limited timeframe imposed on discovery in this case in Judge Daniels' December 21, 2007 Order. Defendant further objects to this request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, or other privilege. Subject to, and without waiving the above objections, Defendant produces the following accompanying documents (by Bates number) on a disk entitled "IIRO CD Produced On 4.28.08":

IIRO-000944 - IIRO-000968

IIRO-000969 - IIRO-000985

IIRO-000133 - IIRO-000137

IIRO-000138 - IIRO-000163

IIRO-000209 - IIRO-000247.

To the extent the specified accompanying documents are not fully responsive to this request, Defendant will make documents and information available for inspection at Defendant's warehouse and headquarters in Jeddah, Saudi Arabia, and, at Plaintiffs' expense, Defendant will endeavor to segregate responsive, non-privileged documents

relating to the 1992-2001 timeframe for Plaintiffs' review.

Inasmuch as discovery is ongoing, Defendant reserves the right to supplement and/or revise this Answer.

RESPECTFULLY SUBMITTED,

**MARTIN McMAHON & ASSOCIATES**

*C. Hilgen* ———— (for Martin McMahon w/p)

Martin F. McMahon, D.C. Bar # 196642
Martin F. McMahon & Associates
1150 Connecticut Ave. N.W.
Suite 900
Washington, DC  20036
(202) 862-4343
mfm@martinmcmahonlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2008, a copy of the foregoing Responses to Plaintiffs' Second Set Of Supplemental Requests for Production Of Documents were emailed and mailed, postage pre-paid to:

Mr. Andrew J. Maloney III, Esq.
Kreindler & Kreindler
100 Park Ave.
New York, NY 10017-5590
amoloney@kreindler.com
*Attorney for Plaintiff Ashton*

Mr. Robert L. Motley, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Rmotley@motleyrice.com
*Attorney for Plaintiff Burnett*

Mr. Sean P. Carter, Esq.
Cozen O'Connor
1900 Market St.
Philadelphia, PA 19103-3508
Scarter1@cozen.com
*Attorney for Plaintiff Federal Insurance*

Mr. Jerry S. Goldman, Esq.
Anderson Kill & Olick, P.C.,
1251 Avenue of the Americas
New York, NY 10020
jgoldman@goldmanlawyers.com
*Attorney for Plaintiff O'Neill*

_____
Christine Hilgeman, Esq.