# EXHIBIT 12

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair* (1944-2013)<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>SIMMONS HANLY CONROY LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

April 28, 2016

Aisha E. Bembry, Esq.
Lewis Baach, PLLC
1899 Pennsylvania Ave., N.W.
Suite 600
Washington, DC 20006

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (FM)

Dear Aisha:

I write on behalf of the Plaintiffs' Executive Committees in response to your April 9, 2016 letter concerning the March 31, 2016 meet-and-confer which addressed several of plaintiffs' principal concerns with the document productions received from the Muslim World League ("MWL") and International Islamic Relief Organization ("IIRO"). At the conclusion of the meeting, plaintiffs agreed to provide you with information relating to those specific areas of concern so that you may consult with your clients on these important issues. Accordingly, plaintiffs provide the following responses and information and will endeavor to provide additional information on a rolling basis relative to the categories of documents detailed in your April 9 letter.

### I.   Inaccuracies in the MWL and IIRO Document Production Indices

During the March 31, 2016 meet-and-confer, plaintiffs advised that there were certain errors with the defendants' document production indices. To clarify, the MWL and IIRO served 2 CDs on October 21, 2013 containing documents purportedly responsive to plaintiffs' document requests. Attached to the letter was a document production chart identifying plaintiffs' document requests and the corresponding responsive IIRO documents identified by bates number. According to the chart, the IIRO produced documents responsive to plaintiffs' Supplemental Document Request No. 4 (documents relating to IIRO Account Nos. 0200100100000011145671 and 0200200100000012000472 at the Bank of Philippine Islands), and Request No. 24 (documents relating to any grants, loans and investments made by the Philippine and Indonesian

branch offices of the IIRO). However, upon closer examination, the IIRO chart cites to 8 pages of documents relating to the IIRO's activities in Macedonia, and another several hundred pages relating to the IIRO branch office in Kosovo, including correspondence between the IIRO headquarters and the IIRO office in Kosovo, budget and other financial documents, activities conducted by the IIRO-Kosovo office (*e.g.* aid for orphans and financial assistance to mosques), and financial payments to Al Haramain Islamic Foundation. In response to Request No. 25 (documents detailing all contributions received and disbursements made by the Philippine and Indonesian branch offices of the IIRO), the IIRO has cited to approximately 1,073 pages of documents relating specifically to the IIRO-Kosovo branch office. Further, the IIRO has identified approximately 893 pages of documents relating to IIRO-Kosovo in response to Request Nos. 16-20 (documents relating to Abd al Hamid Sulaiman al Mujil's tenure with the IIRO Eastern Province Branch), Request No. 22 (documents relating to the IIRO's relationship with Abd al Hadi Daguit and Mahmud Abd al Jalil Afif), and Request No. 23 (documents identifying all individuals employed by the Philippine and Indonesian branch offices of the IIRO). Plaintiffs will continue to identify other perceived inaccuracies in the document production charts as we find them, and appreciate your efforts to correct them as needed.

**II.     The MWL Constituent Council and Missing Reports**

As we have discussed with you on multiple occasions, Judge Maas directed the defendants on April 12, 2011 to produce all documents responsive to plaintiffs' request for *all documents relating to the annual Constituent Council of the MWL, including without limitation, reports submitted by internal and external offices of the MWL and IIRO, studies and research papers considered during the annual Council meetings, records relating to the activities of Special Committees of the MWL and/or IIRO, transcripts or records of speeches and discussions during the Council meetings, resolutions and recommendations of the Council, agendas, etc.* Although the defendants have produced a limited number of documents relating to the MWL Constituent Council, those productions remain particularly deficient with respect to the robust and detailed reporting submitted to the Constituent Council prior to, and during, its annual meetings. Indeed, it is well-documented that during each annual conference hosted by the Council, it will receive and review numerous reports, including without limitation, reports regarding the activities of all of the MWL offices (both in the Kingdom and abroad); reports detailing the financial activities of the MWL and IIRO, including reports concerning MWL and IIRO bank accounts; reports regarding MWL delegations to foreign countries, including trips by the MWL Secretary General; reports submitted by special committees of the Council; and reports relative to the IIRO's achievements and activities.

As an example, through their own independent investigation, plaintiffs obtained the Executive Summary of the 37th Conference of the MWL Constituent Council, held on April 10-11, 2002. In addition to identifying the conference attendees, the special committees, and the issues to be discussed during the conference, the document identifies several types of reporting that were submitted to the Council for consideration and debate, including but not limited to: (1) reports from MWL managers and MWL branch offices in the Kingdom and overseas; (2) reports of the departments of the MWL General Secretariat; (3) the MWL's financial report and final account for years 1998-1999 and 1999-2000; (4) the file of the IIRO's achievements for the fiscal year 1421/1422; (5) reports concerning the Secretary General's visits to Bosnia-

Aisha E. Bembry, Esq.
April 28, 2016
Page 3

Herzegovina, Lebanon, Switzerland, Ethiopia, Egypt, Sudan and Chad; and (6) reports concerning the Deputy Secretary General's visits to Uzbekistan, Tajikistan and Kazakhstan. *See also* MWLIIRO0011670-11690 (according to the Resolutions and Recommendations of the 35th Conference of the Constituent Council, the Council reviewed: (1) multiple reports pertaining to the MWL's overseas offices and centers; and (2) reports discussing the activities of the MWL's General Secretariat); MWLIIRO0011529-11559 (according to the Resolutions and Recommendations of the 36th Conference of the Constituent Council, the Council reviewed: (1) reports regarding the activities of Al Haramain al Masjed al Aqsa; (2) the Secretary General's report regarding the actions and activities of the overseas offices and centers; and (3) the Secretary General's report regarding the "Mosque in Every Capital" campaign and the training of imams and da'awa operatives).

Despite the Court's clear order, much of the above referenced reporting submitted to the MWL Constituent Council has not been produced. Plaintiffs are hopeful that further discussions with your clients concerning these documents will lead to their prompt production.

### III. Documents Relating to the Activities and Functions of Senior Officials and Policymaking Bodies of the MWL and IIRO

Plaintiffs have also expressed their concern that there is a significant absence of documents relating to the activities of MWL and IIRO senior officials and policymaking bodies, particularly as they relate to exchanges with components of the Saudi government concerning the charities' annual budgets. *See* Plaintiffs' January 25, 2016 letter, p. 3. Plaintiffs additionally take the position that your clients' productions are devoid of communications between the MWL and IIRO and relevant ministries of the Saudi government, despite evidence demonstrating close coordination between the charities and the Supreme Council for Islamic Affairs, Ministry of Islamic Affairs, Ministry of Foreign Affairs, Ministry of Finance, and other government bodies.[1] *Id.*

Plaintiffs further contend that documentation received from your clients indicates a significant omission of communications between the MWL and IIRO and the Saudi King, his closest advisors, and other members of the Saudi royal family, all of whom have direct and

---

[1] A few examples of the documentation evidencing cooperation and coordination between the MWL and IIRO and Saudi government ministries include: IIRO280172-280178 (a series of letters in 1999 regarding guidelines, published by the Supreme Council for Islamic Affairs, encouraging Saudi relief agencies to coordinate assistance to Burma refugees through the MWL); IIRO285019 (September 12, 2000 letter from IIRO Secretary General Basha to the Minister of Islamic Affairs, discussing the need to coordinate the Da'awa activities of the IIRO Da'awa and Preachers committee and the Da'awa Administration at the Ministry of Islamic Affairs); IIRO284963 (September 20, 1998 letter from IIRO Secretary General Basha to the Undersecretary at the Ministry of Foreign Affairs, thanking the Ministry for its collaboration with the IIRO and requesting that the Saudi embassies monitor the distribution of the IIRO funds in Ghana, Tanzania, Mali and Mauritania, as well as the committees assembled on behalf of the IIRO offices in these countries); IIRO285002 (November 29, 1999 letter from IIRO Secretary General Basha to the Minister of the Interior, Nayef bin Abd al Aziz, concerning the establishment of a committee comprised of the Ministry of the Interior, the Ministry of Islamic Affairs, Waqf, Da'awa and Guidance, the Saudi Red Crescent Society and three representatives of the IIRO, WAMY and Al Haramain).

personal involvement in the supervision, management, and decision-making of the MWL and IIRO. Indeed, the few documents plaintiffs have received demonstrate that the Saudi King is regularly consulted regarding the charities' operations and activities, appoints high-ranking MWL and IIRO officials, and is asked to approve budgetary requests and other financial assistance administered by the charities. *See* MWL059172 (October 23, 1995 letter from Saudi Grand Mufti Sheikh Bin Baz notifying acting MWL Secretary General Aboudi that per the telegram received from King Fahd bin Abdul Aziz al Saud, King Fahd has appointed Abdullah bin Saleh Obaid as the new MWL Secretary General);[2] MWL051698 (April 7, 2001 letter from MWL Secretary General Abdullah al Turki to King Fahd, asking the King to approve the annual budget for the Islamic Center in Vienna, Austria); MWL051738-51739 (August 21, 2001 letter from MWL Secretary General Abdullah al Turki to King Fahd, advising of the MWL's activities in Kenya and asking the King to provide financial assistance to an Islamic education institute); MWL051740 (September 10, 2001 letter from MWL Secretary General Abdullah al Turki to King Fahd, asking the King to approve financial assistance to an Islamic institution in North America); and IIRO0278760 (October 30, 2003 letter from MWL Secretary General Abdullah al Turki to King Fahd, updating the King on the Saudi aid operations in Sierra Leone which are taking place as a result of the "generous support" of the King).

In addition to the King's personal oversight of the MWL and IIRO, members of the King's Royal Court hold significant leadership positions with the charities. For example, Sheikh Mustafa bin Muhammad Idris, "advisor at the King's chambers, acting within the special minister's council," was simultaneously a high-ranking official of the IIRO for many years. *See* MWLIIRO016345-16348 (holding the 12th Session of the IIRO Constituent Council at the palace of Sheikh Mustafa Idris on April 20, 1992); MWLIIRO016238-16242 (Sheikh Idris identified as an IIRO board member at the 7th Session of the IIRO's Board of Directors meeting held on January 18, 2001).

MWL and IIRO leadership also consult with other members of the Saudi royal family who hold high-ranking leadership roles within the Saudi government regarding the charities' activities. *See* MWL051436 (October 31, 2001 letter from MWL Secretary General Abdullah al Turki to Prince Sultan bin Abdul Aziz al Saud, Deputy Prime Minister and Head of the Supreme Council for Islamic Affairs, regarding MWL's efforts to establish a mosque and Islamic center in Bern, Switzerland); IIRO0280222 (November 1, 2000 letter from MWL Secretary General Abdullah bin Saleh al Obaid providing Prince Sultan with a report of the MWL delegation to Poland in September 2000); IIRO0227909-227910 and IIRO0277919 (showing coordination between the IIRO and the Prince Sultan bin Abdul Aziz Committee for Relief).

Despite these documented relationships, the production of materials relating to the activities and functions of senior MWL and IIRO officials, including communications with the highest levels of the Saudi government concerning the funding, operations, and global activities of the charities, continues to be substantially incomplete. Plaintiffs trust that you will confer

---

[2] Despite our best efforts, plaintiffs are unable to locate the telegram from King Fahd within the MWL production. In the event we have simply overlooked it, please identify the telegram by bates number. However, if it has not yet been turned over, plaintiffs request that you consult your clients and promptly produce the telegram.

with your clients on this matter and undertake further efforts to locate responsive documentation. Plaintiffs respectfully suggest that any additional reviews of the Secretary Generals' files, as indicated in your April 9 letter, should include an examination of the MWL's "secret" office (Al Maktab Al Siri) (MWLIIRO0002501), and the MWL's "special" or "private" office (Al Maktab Al Khass) (MWL005500-5501), which we understand are under the direct supervision of the MWL Secretary General.

Finally, in response to your inquiry, plaintiffs maintain that documentation and information of the nature cited above is responsive to Plaintiffs' First Set of Requests for Production of Documents Directed to the IIRO, including but not limited to, Request No. 27 (documents relating to the relationship between the IIRO and the Kingdom of Saudi Arabia, including the Supreme Council for Islamic Affairs, Ministry of Islamic Affairs, Ministry of Foreign Affairs, Ministry of Defense and Aviation, Ministry of Education, and the Shura Council); Request No. 28 (documents the IIRO sent to and/or received from the Kingdom of Saudi Arabia, including the Supreme Council for Islamic Affairs, Ministry of Islamic Affairs, Ministry of Foreign Affairs, Ministry of Defense and Aviation, Ministry of Education, and the Shura Council); Request No. 29 (documents relating to the relationship between the IIRO and any embassy or consulate of the Kingdom of Saudi Arabia, including the Islamic Affairs Division of the embassy or consulate); Request No. 30 (documents the IIRO sent to and/or received from any embassy or consulate of the Kingdom of Saudi Arabia, including the Islamic Affairs Division of the embassy or consulate); Request No. 31 (documents relating to the IIRO's role in propagating Islam outside the Kingdom of Saudi Arabia); Request No. 32 (documents relating to the IIRO's role in advancing the foreign policy objectives of the Kingdom of Saudi Arabia); Request No. 34 (documents relating to the role of the Kingdom of Saudi Arabia and/or members of the Saudi royal family in the funding, oversight, supervision, and management of the IIRO); Request No. 35 (documents relating to the IIRO's funding provided by the Kingdom of Saudi Arabia and members of the Saudi royal family); and Request No. 39 (documents relating to any meeting between officers or representatives of the IIRO and any official or agency of the Kingdom of Saudi Arabia). *See also* Plaintiffs' First Set of Requests for Production of Documents Directed to the MWL, including but not limited to, Request Nos. 16-21, 23, 24, and 28.

### IV.   Reporting Submitted to the IIRO Executive Committee, IIRO Board of Directors, and IIRO Constituent Council

Plaintiffs have further advised that the meeting minutes for the IIRO Executive Committee, IIRO Board of Directors, and IIRO Constituent Council identify numerous reports that were submitted for review and discussion by IIRO officials, but do not appear to have been produced. Following are several examples:

- IIRO Board of Directors, 5th Session, April 10, 2003 (MWLIIRO016189-16193) – Minutes indicate the IIRO General Secretariat was tasked with submitting a final report to the Executive Council regarding candidates from forensic accounting offices in Saudi Arabia for the supervision over the final accounts for 2002-2003.

Aisha E. Bembry, Esq.
April 28, 2016
Page 6

_____

- IIRO Board of Directors, 4th Session, November 21, 2002 (MWLIIRO016194-16202) – Minutes indicate: (1) the Board discussed the second report of the committee examining the state of the Sanabel al Kheer Company, and an additional report regarding the legal status of Sanabel al Kheer; and (2) the Board discussed reports received from two external auditors, Al Fawzan & Banaga and Arthur Anderson, relating to the IIRO's general budgets and final accounts for 1998-1999, 1999-2000, and 2000-2001.

- IIRO Board of Directors, 3rd Session, September 29, 2002 (MWLIIRO016203-16212) – Minutes indicate the Board discussed the report of the committee examining the state of the Sanabel al Kheer Committee, including a declaration relating to the list of investments made by Sanabel al Kheer during the fiscal year ending March 14, 2002.

- IIRO Board of Directors, 2nd Session, September 19, 2002 (MWLIIRO016213-16219) – Minutes indicate the Board examined the Appraisal Committee's report on land and real estate.

- IIRO Board of Directors, 1st Session, June 13, 2002 (MWLIIRO016220-16232) – Minutes indicate: (1) the Board examined the auditor's reports of the IIRO's general budget and final accounts for the 1999 and 2000 fiscal years, prepared by Arthur Anderson; (2) the Board discussed the comments in the external auditor's reports relating to the Sanabel al Kheer Company; and (3) the Board discussed the Secretary General's report on the IIRO's activities in 2001.

- IIRO Board of Directors, 8th Session, May 27, 2001 (MWLIIRO016233-16237) – Minutes indicate the Board discussed the Secretary General's report on the IIRO's operations and activities during 1999-2000.

- IIRO Board of Directors, 7th Session, January 18, 2001 (MWLIIRO016238-16242) – Minutes indicate the Board discussed the report submitted by the committee responsible for evaluating the value of the organization's real estate assets in mecca and the state of the Sanabel al Kheer Company.

- IIRO Board of Directors, 1st Session, October 21, 1998 (MWLIIRO016277-16290) – Minutes indicate: (1) the Board discussed the Secretary General's report regarding the IIRO's actions and activities; (2) the Board discussed the Accounts Supervisor's report regarding the IIRO's general budget and final accounts; and (3) the Board discussed the memorandum reviewing the formation of an executive council.

- IIRO Constituent Council, 21st Session, December 5, 1994 (MWLIIRO016291-16296) – Minutes indicate the Council discussed the IIRO General Supervisor's report on the IIRO's operations and activities.

There further appears to be significant gaps in the production of the meeting minutes themselves. Plaintiffs continue to carefully review the minutes for the IIRO Executive Committee, IIRO Board of Directors, and IIRO Constituent Council, and will identify those gaps upon completion of that analysis.

### V. Key Related Entities and Individuals

Plaintiffs have repeatedly expressed concerns that the MWL and IIRO productions are missing relevant documentation concerning the defendants' relationships with key entities and individuals. *See* Plaintiffs' letters dated March 14, 2014 and January 26, 2016. We discussed that issue again during the March 31, 2016 meet-and-confer, and plaintiffs have agreed to provide you with a complete listing of the names we would like the defendants to search for. Plaintiffs continue to work on identifying those entities and individuals and will provide the list to you upon its completion.

As a final note, plaintiffs offer the foregoing examples of documents to be helpful and in the spirit of good faith, although we continue to take the position that it is not the plaintiffs' obligation to identify every document that is missing or instruct the defendants on how to conduct their searches for responsive documents. We trust that the team of attorneys from your office traveling to Saudi Arabia this weekend are privy to the areas of dispute as detailed in plaintiffs' letters dated March 14, 2014 and January 25, 2016, and discussed at the March 31, 2016 meet-and-confer. Plaintiffs remain hopeful that the continuing dialogue between our offices and the further exchange of information will narrow the areas of dispute requiring the Court's intervention.

Sincerely,

J. Scott Tarbutton, Esq.
THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

JST

cc: Members of Plaintiffs' Executive Committees (via E-Mail)
     Eric L. Lewis, Esq. (via E-Mail)
     Waleed Nassar, Esq. (via E-Mail)

LEGAL\26577154\1 00000.0000.000/117430.000