UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MDL-1570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/2018

**SARAH NETBURN, United States Magistrate Judge**:

    A telephone conference is scheduled for Wednesday, January 24, 2018, at 2:00 p.m. The parties are directed to provide a call-in for the Court and all parties. The Plaintiffs' Executive Committees and the Defendants' Executive Committee should each select one representative to speak on their behalf. The parties should be prepared to discuss several issues regarding the proposed deposition protocol.

    First, paragraph 7 of the proposed deposition protocol contemplates that merits and jurisdictional discovery will be completed within the same timeframe. The parties should be prepared to discuss whether depositions relating to jurisdictional discovery should conclude sooner than depositions relating to merits discovery. The parties should also be prepared to discuss a plan for taking depositions relating to the merits of the claims against the defendants who are currently in jurisdictional discovery in the event that those claims are not dismissed on jurisdictional grounds.

    Second, the parties should be prepared to discuss the number of fact depositions per side and whether the two sides should be allowed to take the same number of depositions (Paragraph 35). Furthermore, the parties should be prepared to discuss the reasoning behind the numbers they have proposed, including the specific witnesses they wish to depose and why they believe depositions of those witnesses are critical. At this time, the Court is inclined to permit 75

depositions for the plaintiffs; it is unclear whether a similar number for the defendants is necessary.

Third, the parties should be prepared to discuss which depositions should be counted toward any imposed limit (Paragraph 38). At this time, the Court is inclined not to count *de bene esse* depositions but to count any discovery deposition of a witness whose testimony is subsequently taken for trial preservation. In addition, the defendants' proposal with respect to this paragraph refers to a party noticing "the deposition of its own witness." The defendants should be prepared to explain what this phrase means and how it is distinguishable from depositions to perpetuate testimony for trial.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   January 2, 2018
         New York, New York