UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |  |
|---|---|---|
| In re: Terrorist Attacks on September 11, 2001[1] | ) ) ) ) ) ) ) | No. 03 MDL 1570 (GBD) (SN)  **DECLARATION OF WALEED NASSAR** |

_____ )

I, Waleed Nassar, declare and say that the following statements are true as a matter of my personal knowledge:

1.      I am a member in good standing of the bars of the Commonwealth of Virginia and the District of Columbia and am a partner in the firm of Lewis Baach Kaufmann Middlemiss PLLC.  I and other members of the firm are counsel of record for the Defendants the Muslim World League ("MWL") and the International Islamic Relief Organization ("IIRO") (collectively referred to herein as "Defendants").   I make this declaration in support of Defendants' memorandum of points and authorities in opposition to Plaintiffs' motion to compel in the above-captioned case, filed on December 1, 2017.

## OVERVIEW OF GENERAL DOCUMENT COLLECTION EFFORTS

2.      I have worked on this matter since the inception of our retention as counsel for Defendants in late 2012 through the present date, and have personally overseen the global efforts to search for, review and produce documents responsive to Plaintiffs' document requests from offices located in Jeddah, Mecca, Riyadh and the Eastern Province in Saudi Arabia, as well as

---

[1] This applies to: *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, *Case No.* 02-cv-6977 (GBD) (SN); *Burnett, Sr., et al. v. Al Baraka Investment & Development Corp., et al.*, Case No. 03-cv-9849 (GBD) (SN); *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, Case No. 04-cv-7065 (GBD) (SN); *Continental Casualty Co., et al. v. Al Qaeda et al.*, Case No. 04-cv-05970 (GBD) (SN); *Euro Brokers Inc., et al. v. Al Baraka, et al.*, Case No. 04-cv-7279 (GBD)(SN); *Federal Insurance Co., et al. v. Al Qaida, et al.*, Case No. 03-cv-6978 (GBD) (SN); *O'Neill, Sr., et al. v. Al Baraka et al.*, Case No. 04-cv-1923 (GBD) (SN).

London, the Philippines, Indonesia, Pakistan, Bosnia, Kosovo, Macedonia, Albania, Jordan, Sudan, Kenya, Tanzania and Vienna.

3.　　　　To facilitate the process of locating and reviewing potentially responsive documents, dozens of overseas trips were taken by me and a team of other attorneys fluent in Arabic from the firm.  I would estimate that members of the firm spent over 300 days in total on the ground in foreign offices working to locate and review an estimated 2 million pages of documents, which were predominately in Arabic.  These efforts allowed for rolling productions of nearly 500,000 pages of responsive records between 2013 and 2017.

4.　　　　Defendants coordinated efforts to obtain numerous travel visas for members of the firm and secured access to branch or regional offices that had been closed for years, as was the case in the Philippines and the Eastern Province of Saudi Arabia.

5.　　　　Significant efforts had to be undertaken to assess where documents might exist pertaining to the hundreds of document requests propounded by Plaintiffs in this litigation.   In response to Plaintiffs' document requests and their related allegations, I and other members of the firm have traveled to locations where potentially responsive records may exist, have interviewed witnesses who may have some knowledge related to Plaintiffs' allegations, and have searched for and reviewed hundreds of thousands of pages of hard copy records, many of which were lacking uniformity in organization.

6.　　　　Defendants searched for all documents potentially responsive to the document requests and all responsive documents that were located were produced as they were maintained. Because of the volume of Plaintiffs' document requests and subparts, productions were grouped by category in indices to facilitate the responsiveness review and to provide organization of the

records to Plaintiffs' counsel.  The indices also provide information relating to the provenance of the documents.

<u>**MEET AND CONFERS AND CORRESPONDENCES WITH PLAINTIFFS**</u>

7.      Between the date of the first meet and confer on July 16, 2013 and the last meet and confer on October 5, 2016, I and other members of the firm have sought on at least half a dozen occasions to work with Plaintiffs' counsel to address concerns relating to Defendants' compliance with the April 2011 Orders as well with other perceived deficiencies in Defendants' productions in an attempt to resolve disagreements over the scope of Plaintiffs' hundreds of document requests without the need for court intervention.

8.      From the first meet and confer on July 16, 2013 through the October 5, 2016 meet and confer,  Plaintiffs' counsel were informed that Defendants would facilitate attorney reviews of documents located in Defendants' branch offices with reasonable connections to allegations made in Plaintiffs' complaint.

9.      In July of 2013, Plaintiffs' counsel were informed that attorney reviews would be conducted in branch offices in the following locations: the Philippines, Indonesia, Pakistan, the Eastern Province of Saudi Arabia, as well as the Balkans IIRO offices of Bosnia, Kosovo, Albania and Macedonia.

10.      In 2016, following discussions between counsel and in a good faith effort to resolve the dispute concerning the scope of the search for documents located in foreign branch offices, the following locations were added: Jordan, Kenya, Tanzania, Sudan and Vienna. Defendants were clear that while it was their view that the initial searches of offices was more than adequate, the five additional offices would be searched as a measure of good faith.

Plaintiffs did not object to the identification of these additional offices nor did they offer to identify any other location to add to Defendants' list.

11.     Since the last meet and confer between the parties on October 5, 2016, Plaintiffs have not attempted to engage in discussion on any of the issues complained of in their motion to compel dated December 1, 2017.

12.     During the period between 2013 and 2016, when Plaintiffs have raised some concerns in relation to the production indices and the organization of the over 60 rolling document productions, I and other members of the firm have taken steps to provide Plaintiffs with information requested to facilitate their review, including identifying specific Bates Ranges of the documents and providing Plaintiffs with the provenance of documents.

13.     During the March 31, 2016 meet and confer, Plaintiffs' counsel asserted that IIRO-Pakistan took possession of Rabita Trust documents in Pakistan.  In response, I informed Plaintiffs' counsel that while a document produced in the litigation reflected that IIRO-Pakistan took possession of certain furniture, *see* Nassar Decl. Ex. 29, Defendants had no information that documents had been transferred to IIRO's possession.   The former Pakistan director, Rahmatullah Nazir Khan Gari, was contacted and recalled no such transfer, but stated that if any documents were transferred they would have been in the Pakistan office, which was searched and all responsive documents produced.

14.     After reading about Plaintiffs' concerns with regard to certain aspects of Defendants' productions, as outlined in their December 1 motion to compel, I facilitated the collection of the following information that was used to respond their stated concerns: the Bates Ranges of the MWL Constituent Council Productions and accompanying reports; efforts to locate records related to 66 purported MWL and IIRO Pakistan bank accounts; the Bates Ranges

of the Pakistan, Indonesia, and Jordan audits; the Bates Ranges of the IIRO Executive Committee meetings and Board of Directors for the one-year window surrounding the September 11th attacks. All of this information was readily available and could have been provided to Plaintiffs' counsel prior to the filing of their motion on December 1, 2017.

## **DEFENDANTS' DOCUMENT PRODUCTIONS**

15.     MWL has produced over 1,500 pages of Constituency Council reports, as well as the Resolutions and Recommendations of the Council, including the production of the full set of Resolutions and Recommendations of the Constituent Council for the 1992-2004 date range, as well as the accompanying reports considered by the Council. The Bates Ranges of those documents are IIRO016769-IIRO018382.

16.     MWL and IIRO have produced hundreds of thousands of pages of financial records that outline the finances of MWL in broad and granular detail, including financial reports, internal financial records, balance sheets, budgets, banking records, and donors and recipients of aid, as well as audits and underlying documents.

17.     Over 64,000 pages of MWL and IIRO bank records have been produced, including records received at the request of Defendants to branch and regional offices both inside the Kingdom and abroad, as well as directly to banks.

18.     Audits of both organizations have been searched for exhaustively and over fifty audits during the 1992-2004 time period have been produced, as have any responsive underlying financial records.

19.     On December 4, 2013, I contacted Mr. Sajjad Gill of Sidat Hyder, the external auditor of the Pakistan office, requesting transmission of the underlying records. Specifically, I stated that

So that IIROSA can comply with its discovery obligations, we wish to ascertain whether your accounting office maintained any documents in relation to your audit of the IIROSA and MWL Pakistan office; and, if so, we hereby request that you send us copies of any such documents. (We would, of course, be willing to reimburse your office for reasonable expenses associated with this request.) In the event that your office no longer maintains copies of the requested documents, or is unwilling for any reason to provide copies to us, we kindly request written confirmation of your response to this request.

Nassar Decl. Ex. 13, at 3.

20.     On December 12, 2013 Mr. Gill responded that the documents were not in their possession, per "the Firm's Record Retention Policy."  Nassar Decl. Ex. 14 at 1.

21.     MWL and IIRO have produced over 100,000 pages of audit records collectively, including those relating to the Indonesia audit at issue before Judge Maas in the 2011 hearing, as well as underlying records that were also responsive to Plaintiffs' other document requests seeking financial documents.

22.     Exhaustive searches for all operational documents of the Philippines and Indonesia offices and bank accounts held by IIRO have been conducted and tens of thousands of pages of responsive documents have been produced.

23.     Exhaustive searches of head office records for MWL and IIRO relating to Wael Jelaidan, Mohamed Jamal Khalifa and Abdul Hamid al-Mojil have been conducted, as well as searches at all of the branch offices with which these individuals had contact during their respective tenures, including the Philippines, Indonesia, Pakistan, Kosovo, and the Eastern Province and Riyadh offices in Saudi Arabia.  In total, approximately 9,500 pages of documents relating to Abdul Hamid al-Mojil and 5,000 pages of documents relating to Wael Jelaidan and Mohamed Jamal Khalifa have been produced, including but not limited to employment records, financial activities, and correspondences.

24.     Potentially responsive records relating to the designations by OFAC of the IIRO Philippines and Indonesia offices were reviewed in the branch offices and in Saudi Arabia and responsive documents have been produced to Plaintiffs.

25.     Exhaustive searches for responsive records relating to the purported Pakistan expulsion were conducted in all relevant offices and no records relating to such an expulsion were located.

26.     Over 21,000 pages of documents relating to the KSA government were produced, including but not limited to records relating to ministries, embassies, funding, meetings, committees and any communications, as well as documents relating to budgets and KSA funding.

27.     IIRO has produced a complete set of meeting minutes, as well as thousands of pages of reports referenced in those minutes, for the 1992-2004 time period for the Executive Committee, the Constituency Council, and the Board of Directors.

28.     Exhaustive searches for responsive records relating to the MWL Fiqh Council, as well as other councils, committees, boards, and internal bodies of both MWL and IIRO were conducted and all responsive documents that have been located have been produced.

29.     Exhaustive searches for responsive records relating to investigations and arrests of employees as well as raids and closures of offices were conducted, including in the relevant branch offices, and all responsive documents that have been located have been produced.

30.     Exhaustive searches for responsive records relating to Zaher Abdelaziz were conducted in the Balkans offices and at the IIRO head office and all responsive documents that have been located have been produced.

31.     Exhaustive searches for responsive records relating to Rabita Trust were searched for in Defendants' repositories in Saudi Arabia and Pakistan and all responsive documents that have been located have been produced.

32.     Exhaustive searches for responsive records relating to the Al Haramain Al Masjed Al Aqsa were conducted in MWL's files and all responsive documents that have been located have been produced.

33.     Exhaustive searches for responsive records relating to universities, Islamic centers and mosques were conducted and all responsive documents that have been located have been produced.

34.     Exhaustive searches for responsive records relating to the Secretaries Generals of MWL and IIRO were conducted and tens of thousands of pages of responsive documents that have been located have been produced.

35.     Exhaustive searches for responsive records relating to TWRA and the Hassanein brothers, lists of IIRO employees in select countries, and records regarding relationships with SJRC, SHC, SRC, Al Haramain, WAMY, and "da'awa organizations" have been conducted and all responsive records have been produced, including but not limited to tens of thousands of pages identifying IIRO employees, documents relating to transfers of funds to El Fatih Hassenein.  During these searches no evidence was located that Sukarno Hassenein was ever employed by IIRO.

36.     Exhaustive searches for responsive records relating to Sanabel al Khair and its associated committees were searched for in both IIRO and Sanabel's document repositories and thousands of pages of responsive materials have been produced.

## ACCOMPANYING EXHIBITS

37.     Attached hereto are true and correct copies of the following documents:

Exhibit 1:      Excerpted July 13, 2011 Transcript

Exhibit 2:      August 28, 2017 Letter from Plaintiffs to Judge Netburn (ECF No. 3710)

Exhibit 3:      June 27, 2013 Email string between Aisha E. R. Bembry (formerly Aisha Henry) and Scott Carter

Exhibit 4:      December 17, 2013 Letter from Aisha E. R. Bembry (formerly Aisha Henry) to Sean Carter

Exhibit 5:      May 5, 2014 Aisha E. R. Bembry Letter to Sean Carter

Exhibit 6:      Attachment from the July 26, 2013 email from Scott Tarbutton to Eric Lewis

Exhibit 7:      January 25, 2016 Letter from Sean Carter to Aisha E. R. Bembry

Exhibit 8:      Witness Statement of Jean-Charles Brisard

Exhibit 9:      August 31, 2016 Order, ECF No. 3338

Exhibit 10:     IIRO 129563 (English and Arabic Translation)

Exhibit 11:     IIRO 287370 (English and Arabic Translation)

Exhibit 12:     April 22, 2016 Letter from Plaintiffs' Executive Committee to Aisha E. Bembry

Exhibit 13:     December 4, 2013 Waleed Nassar email to Sajjad Gill and corresponding attachment

Exhibit 14:     December 12, 2103 Sajjad Gill email to Waleed Nassar

Exhibit 15:     MWL 059162 (English and Arabic Translation)

Exhibit 16:     OFAC Delisting

Exhibit 17:     IIRO 168105

Exhibit 18:     IIRO 282893

Exhibit 19:     IIRO 132871-132872

Exhibit 20:     IIRO 110941-110944 (English and Arabic Translation)

Exhibit 21:    IIRO 149648 (English and Arabic Translation)

Exhibit 22:    IIRO 281470 (English and Arabic Translation)

Exhibit 23:    Affidavit of Sameer al-Radhi submitted on April 11, 2011 in support of the opposition to Plaintiffs' Motion to Compel

Exhibit 24:    December 19, 2017 Aisha E. Bembry Letter to Sean Carter

Exhibit 25:    April 25, 2016 letter from Aisha E. Bembry to the Plaintiffs Executive Committee

Exhibit 26:    IIRO 129209 (English and Arabic Translation)

Exhibit 27:    IIRO 113901 (English and Arabic Translation)

Exhibit 28:    IIRO 127211

Exhibit 29:    IIRO 149640 (English and Arabic Translation)

Exhibit 30:    April 26, 2011 Order, ECF No. 2424

Exhibit 31:    IIRO 129563 (English and Arabic Translation)

Exhibit 32:    IIRO 130112 (English and Arabic Translation)

Exhibit 33:    IIRO 130168 (English and Arabic Translation)

Exhibit 34:    Example of MWL Document Production Index

Dated: January 5, 2018                                  /s/
                                               Waleed Nassar