# Exhibit 1

1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
2

3   ----------------------------------------X
                                            :
4   IN RE:                                  : 03-MD-1570
                                            :
5    TERRORIST ATTACKS ON SEPTEMBER 11, 2001 : 500 Pearl Street
                                            : New York, New York
6                                           :
                                            : July 13, 2011
7   ----------------------------------------X

8
              TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
9                BEFORE THE HONORABLE FRANK MAAS
                 UNITED STATES MAGISTRATE JUDGE
10
    APPEARANCES:
11
    For Federal Insurance:   SEAN P. CARTER, ESQ.
12
    For Dubai Islamic Bank:  STEVEN COTTREAU, ESQ.
13
    For Havlish:             TIM FLEMING, ESQ.
14
    For Plaintiffs:          JAMES KREINDLER, ESQ.
15                           ROBERT T. HAEFELE, ESQ.
                             TIM FLEMING, ESQ.
16
    For Defendants:          MARTIN F. McMAHON, ESQ.
17                           ALAN KABAT, ESQ.

18

19

20

21  Court Transcriber:       MARY GRECO
                             TypeWrite Word Processing Service
22                           211 N. Milton Road
                             Saratoga Springs, NY 12866
23

24

25


    Proceedings recorded by electronic sound recording,
    transcript produced by transcription service

1   custody or control and control extends to agents and every time

2   that the plaintiffs or the Court say well a particular item is

3   inadequate then somebody attempts to find that.  And certainly

4   not the only defendant where we've had this issue.  There's not

5   a comprehensive approach.  And if, for example, there is not

6   enough money to get you to Saudi Arabia without passing the

7   collection cup, that bodes poorly for the ability to send

8   somebody, Mr. Al Radhi or somebody else, to look through the

9   records of, at a minimum, the Indonesian branch.  Or even if

10  somebody doesn't go from Saudi Arabia to Indonesia for somebody

11  in Indonesia who's his counterpart to be looking for records,

12  putting aside the fact that I gather there were numerous

13  branches of these organizations.

14          So what's needed here is not chasing after particular

15  items highlighted by Mr. Carter today or on prior occasions.

16  What's needed is recognition of the fact that there are

17  language and cultural problems and perhaps financial problems,

18  but that if MWL and IIRO don't want dispositive discovery

19  sanctions against them, they need to get their act together.

20          MR. McMAHON:  I understand, Your Honor.  Let me

21  address the Indonesian office.  I believe Mr. Carter misspoke

22  about Samir Al Radhi.  My understanding was that he did visit

23  the Indonesian office.  In fact, we provided counsel -- we sent

24  an auditor out there to go through all the records in the

25  Indonesian office and we produced that auditor's report to Mr.

30

1    Carter.

2         THE COURT:  But they didn't want the auditor's

3    report, they want the underlying documents.

4         MR. McMAHON:  Oh no, I know, Your Honor.  But I

5    thought if he looked at that report and got back to me and said

6    Martin, this is what we need that's referenced in the auditor's

7    report we could narrow down the scope of the work entailed

8    because going to Indonesia is not a walk in the park.

9         MR. CARTER:  Your Honor, if I may?  It's almost the

10   perfect example.

11        THE COURT:  Yes, Mr. Carter.

12        MR. CARTER:  It's almost the perfect example.  When

13   we spoke to Mr. Radhi he referenced the auditor's reports and

14   we essentially asked him well, wouldn't auditors have been

15   required to review some financial records in order to develop

16   these reports and he said of course.  There have been a lot of

17   financial records and of course those were subject to Your

18   Honor's order.  And what we have is auditor's report.  When we

19   brought up the subject of Mr. Mujil, the response was well you

20   have an affidavit from him in which he denies that he did any

21   of this and if you want anything else, you know, I guess I

22   could call Mr. Mujil.  And we said of course no, we want the

23   documents that are within the custody of the IIRO concerning

24   the activities he carried out as an employee.  So it's --

25        MR. McMAHON:  Part of the problem, Your Honor, is