# Exhibit 7

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, *Co-Chair* (1944-2013)<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Paul J. Hanly, Jr., *Co-Liaison Counsel*<br>SIMMONS HANLY CONROY LLP | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

January 25, 2016

Aisha E.R. Bembry, Esq.
Lewis Baach, PLLC
1899 Pennsylvania Ave., N.W.
Suite 600
Washington, DC 20006

      Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (FM)

Dear Aisha:

      I write on behalf of the Plaintiffs' Executive Committees to request a meet-and-confer to discuss plaintiffs' ongoing concerns with the document productions received from the Muslim World League ("MWL") and International Islamic Relief Organization ("IIRO"). Given the scope of the defendants' productions received to date, it would be impossible for us to provide you with an exhaustive list of all the critical defects and omissions. We can, however, provide you with the following detailed summary of some of our principal concerns, many of which were raised during our earlier meetings but remain unaddressed. After you have had an opportunity to review the summary below, please let us know if you are available to participate in a meet-and-confer within the next two weeks.

1.    <u>Working Papers and Other Documents Underlying Audits.</u> Long ago, the Court directed the MWL and IIRO to produce all documents underlying audits of those organizations and any of their branch offices. *See* July 13, 2011 Discovery Hearing Transcript at pp. 30-31. We raised that directive at our meeting on July 16, 2013, and again in our letter of March 14, 2014, but the MWL and IIRO still have not produced documents within the scope of that Order. By way of example, the 2001 audit of the IIRO branch in Pakistan, which has been a subject of considerable discussion during our calls, references numerous communications between the auditors and the IIRO, as well as other working papers used by the auditors in connection with their audit. We do not have a full production of these documents, despite the focus we have given that audit during our discussions. We appreciate that you have previously advised that approximately 90,000

pages of documents had been produced that you understand to have been within the scope of the investigation of the financial irregularities in the IIRO's Pakistan office. However, that is not the same thing as producing the working papers and documents relating to the audit that appear to have triggered that investigation.

As yet another example, the IIRO has produced documentation indicating that the MWL internal auditing department conducted an audit of the IIRO branch office in Jordan for the years 1989-1998. The IIRO has produced the cover page of the "secret" auditing report, but neither the full report nor the underlying documentation appear to follow. *See* IIRO278584. The same is true for a similar audit conducted of the IIRO's Jordanian branch for 1999. *See* IIRO278588. All documents relating to all audits of those organizations and their branch offices, including the audits specifically mentioned above, should be produced as directed by the Court.

2. Documents Referenced in IIRO111029 and 111020. We previously noted during a September 10, 2015 telephonic meet-and-confer that one of the documents produced by the IIRO concerning the financial diversions from the Pakistan office referenced a collection of materials that had been assembled for possible submission to the Pakistani police, and submitted to IIRO Secretary General Adnan Basha for review. In response, you provided us the bates numbers for approximately 90,000 pages that you understood to be within the scope of the investigation. Those documents are not responsive to the inquiry we raised. In particular, under bates number IIRO111029, the IIRO produced a February 25, 2001 letter from the IIRO Deputy Secretary General for Financial and Administrative Affairs to Secretary General Adnan Basha, indicating that the Pakistani Police did not receive the relevant documents. The letter indicates that he is enclosing the original documents so that Secretary-General Basha may take the steps he considers necessary regarding their delivery to Rahmatullah Nazir Khan, the manager of the IIRO office in Pakistan who is responsible for the matter, for purposes of possible review by those responsible at the police station. The subset of documents included as an attachment to this letter to Secretary-General Basha were not included within the bates range immediately following document number IIRO111029, and we do not believe they have been produced. Similarly, IIRO111020 is an April 22, 2000 letter from Secretary-General Basha to the head of the Finance Administration requesting that he collate and prepare all of the documents obtained from the office in Pakistan which relate to Pakistan, Afghanistan, and Kashmir during Mou'bin Abdul Wahed al Butari's administration of the IIRO Pakistan branch. The documents reportedly date from the last quarter of 1995 to March 16, 2001. Secretary-General Basha notes in the letter that the documents must be collected within the week, so that they can be moved to one of the rooms next to the Secretary-General's office. Although certain of these documents likely have been produced in some form, we did not receive a collated production of these materials, and believe certain of the documents have not been produced at all. Please produce all documents referenced in IIRO111029 and 111020.

Aisha E. Bembry, Esq.
January 25, 2016
Page 3

---

3. <u>Documents Relating to the Activities and Functions of Senior Officials and Policymaking Bodies of the MWL and IIRO.</u>  A significant area of concern we identified during our earliest discussions, and raised again during the call on September 10, 2015, relates to the conspicuous absence of the productions of any material collection of documents relating to the activities of senior officials of the MWL and IIRO, or of senior strategic and policymaking bodies of those organizations. A very basic example of the gap in these areas is reflected in the productions provided relating to the organizations' budgets. While we have budget documents from certain of the field offices, available information establishes that the overall budgets of the broader organizations are established and funded by the Saudi government. Consistent with this available information, the productions of the MWL and IIRO should have included exchanges between those organizations and relevant components of the Saudi government concerning their budgets. Available information also indicates close coordination between the MWL, IIRO and several different components of the Saudi government, including the Supreme Council for Islamic Affairs, Ministry of Islamic Affairs, Ministry of Foreign Affairs (including numerous Saudi embassies around the world), and Ministry of Finance (among others) relating to a broad range of policy and strategic considerations. Aside from a handful of documents, the productions of your clients are essentially devoid of such communications. Relatedly, the productions are substantially incomplete with regard to the activities and functions of senior officials and high level policymaking bodies of the two organizations, through which the engagements with government officials are most likely to have occurred. The deficiencies in those areas, which extend to a broad range of different classes of information and documentation, strongly suggest that the search for documents has been artificially circumscribed to avoid production of documents that might implicate the interests of the government of Saudi Arabia. This is an area of concern we raised very early on, for which we provided specific examples, but remains addressed. Accordingly, please promptly produce all documents relating to the activities and functions of senior officials and policymaking bodies of the MWL and IIRO.

4. <u>Documents Relating to Key Related Entities and Individuals.</u>  During our meet and confer on July 16, 2013, and again in our letter of March 14, 2014, we advised that the productions that had been made by the MWL and IIRO were missing important and relevant documents concerning those defendants' relationships to other key entities and individuals. By way of example, we noted that the MWL had co-founded Rabita Trust, an entity designated by the United States government pursuant to Executive Order 13224, and held a significant role in appointing officials to that organization and in the oversight of that entity. Despite the intimacy of the relationship between the MWL, IIRO and Rabita Trust, only very limited records have been produced by the MWL and IIRO relating to Rabita Trust. However, documentation produced by the defendants demonstrate that the IIRO took possession of all documents relating to Rabita Trust in Pakistan. Similarly, only a few documents have been produced relating to MWL's relationship to the al Haramain al Masjid al Aqsa Foundation, another Executive Order 13224 designee that was incorporated into the Muslim World League in 1998. In addition, we still do not have a full production of documents relating to Sanabel al Khair, IIRO's own financial/investment arm. Significantly, some of the documents produced

confirm that the IIRO established a special committee to review Sanabel al Khair's investments, whose members included Ibrahim Afandi, Abd al Rahman Abd al Kader Faqih, Saleh Kamel, and Adnan Basha. As you know, we have alleged financial irregularities relating to the investments maintained by Sanabel al Khair, and all of the documents relating to its review of its investments should have been produced (along with any other documents relating to IIRO's relationship to Sanabel al Khair). We will provide a more complete list of related entities for which the productions are incomplete in the near future, but expect that it would also include the following organizations and individuals: Supreme Council for Islamic Affairs, Ministry of Islamic Affairs, Saudi Council of Ministers, Prince Sultan Ibn Abdul Aziz Special Committee for Relief, International Islamic University-Islamabad, Jihad and Da'awah University-Peshawar, Yassin al Kadi, Dr. Abdul Latif Saleh, Muhammad bin Abdullah Taiba, Muhammad bin Abdulla al Dubiban, Benevolence International Foundation, International Islamic Council for Da'awa and Relief, Islamic Relief Worldwide, Al Waqf al Islami, Charitable Qatar Society, Lajnat al Da'wa al Islamiya, Revival of the Islamic Heritage Society, Interpal, Kompak-Indonesia, and Agus Dwikarna. Please provide all responsive documentation regarding the key related entities and individuals.

5. <u>Documents Relating to Investigations and Arrests of MWL and IIRO Personnel and Raids and Closures of MWL and IIRO Offices</u>. In our prior discussions, we also advised that your clients' productions are woefully incomplete regarding investigations and raids of MWL and IIRO offices, and related arrests of MWL and IIRO personnel, for the alleged sponsorship of terrorist, extremist, or criminal activities. We provided several examples of these investigations and arrests in our March 14, 2014 letter, yet we still have not received any meaningful production of documents relating to those incidents. Additional examples include: (i) the 1995 raid of the IIRO branch office in Vienna, Austria; (ii) the 1995 raid of the IIRO branch office in Zagreb, Croatia; (iii) the investigation and closing of the IIRO branch office in Kenya following the 1998 U.S. Embassy bombings; (iv) the investigation and closure of the IIRO branch offices in Makhachkala and Ingushetia, Russia in 1999; (v) the 2000 raid of the IIRO branch office in Pristina, Kosovo; (vi) the arrest and conviction of two MWL directors in the U.S. in 2005; (vii) the three raids on the MWL and IIRO branch offices in the U.S.; and (viii) the arrest of IIRO personnel by authorities in the Philippines in 2007. Without question, MWL and IIRO leadership treat these incidents very seriously and maintain internal files and records relating to those events, including documentation detailing their own internal inquiries of those investigations, raids and arrests. Accordingly, we are confident that additional responsive documents exist that remain in the possession of the MWL and IIRO and request that the defendants promptly produce all such responsive materials.

In addition, plaintiffs raised the issue that the defendants' productions make clear that various IIRO personnel, including high-level branch office officials, were removed from their positions as a result of internal inquiries and investigations conducted by MWL and IIRO headquarters. As an example, Abdel Aziz Zaher (a/k/a Abu Anas), the regional director for the IIRO's offices in the Balkans, was removed from his position in 1996 by his IIRO superiors in Saudi Arabia. Zaher also served as the head of the IIRO's branch

Aisha E. Bembry, Esq.
January 25, 2016
Page 5

offices in Bosnia and Vienna and is linked to the 1994 murder of British aid worker Paul Goodall near Zenica. Zaher's top lieutenant at the IIRO, Jamal al Jibouri, was allegedly responsible for oversight of a massive logistical operation to provide al Qaeda and affiliated Islamic militants in the Balkans with weapons and ammunition. The productions from your clients continue to lack any materials relating to these internal investigations of their own personnel. Please provide all documents relating to these internal inquiries and investigations.

6. <u>Monetary Transfers by the IIRO Eastern Province Branch</u>. By Order dated April 26, 2011 (ECF No. 2424), the Court directed the IIRO to produce all documents identified in plaintiffs' March 24, 2011 letter to the Court, including "all documents relating to al Mujil's tenure with the IIRO and the transfer of IIRO funds authorized by him and/or the Eastern Province Branch." To this date, plaintiffs have received very little documentation regarding the authorization and transfer of funds directed by Mujil, Prince Turki bin Jalawi al Saud, and other members of the Eastern Province Branch. Plaintiffs again urge the IIRO to undertake immediate steps to locate and provide the requested documentation as ordered by the Court. Responsive documents shall include the authorization and transfer of funds to the various regions under the supervision of the Eastern Province Branch, including but not limited to the Philippines, Indonesia, Chechnya, Kosovo, Sudan and Ethiopia.

7. <u>MWL and IIRO Branch Offices</u>. Documentation relating to the MWL and IIRO branch offices, both within the Kingdom and abroad, continues to be another source of concern for the plaintiffs. Although the Court specifically ordered the defendants in 2011 to produce documentation and information relating to their branch offices, *see* April 12, 2011 Discovery Hearing Transcript at pp. 41-42, there remain significant gaps in your clients' productions. For numerous overseas offices, we still have not received a full, complete, and organized production of documents ordered by the Court, including but not limited to, bank account records, financial and operations reports, delegation reports, donor lists, and lists of recipients of aid. Even more troubling, there are certain offices for which we have received very few, if any, responsive materials. A few examples include the MWL and IIRO branch offices in Peshawar, Pakistan, the IIRO branch office in Mogadishu, Somalia, and the IIRO branch office in Sharjah, UAE.

The failure to produce a complete and organized set of banking records for many of the MWL and IIRO branch offices is particularly troubling. For instance, although the IIRO branch office in Sudan had a number of accounts at Tadamon Islamic Bank and Amdurman National Bank, particularly during the 1990s, your client has produced only a handful of records from 2000-2004, many of which are unreadable and do not appear to include bank statements and other relevant documentation. In addition, the MWL and IIRO branch offices in Kenya had several accounts at Habib Bank, but it is clear from our review that plaintiffs do not have a complete set of banking records relating to the accounts associated with the MWL, and no records have been produced for the IIRO accounts. Further, the MWL and IIRO Pakistan offices had numerous accounts at various banks, including Al Baraka Islamic Bank, Al Faysal Islamic Bank, Askari Commercial Bank, Emirates Bank International, Habib Bank, National Bank of Pakistan,

and others. However, there is not a single account associated with the MWL and IIRO Pakistan offices for which plaintiffs have received a full and complete production. In fact, the IIRO has failed to produce any documents for several accounts. As a final example, the IIRO branch office in Albania had several accounts at Arab Albania Islamic Bank but we have received very little documentation relating to those accounts.

Our review of the MWL and IIRO document source indices you provided to us on July 17, 2015 lend additional support to plaintiffs' concerns. For instance, the IIRO source index indicates that documents have been collected from only 6 overseas branch offices – Manila, Philippines; Pristina, Kosovo; Sarajevo, Bosnia; Jakarta, Indonesia; Tirana, Albania; and Islamabad, Pakistan. Noticeably absent from the index are documents from the IIRO branch offices in Afghanistan, Yemen, Sudan, Egypt, Kenya, Nigeria, and Macedonia, to name a few. Moreover, despite the fact that the IIRO maintains approximately 14 offices within the Kingdom, it appears from the indices that documents have been collected from a mere 3 offices – IIRO headquarters in Jeddah, the IIRO regional office in Riyadh, and the IIRO regional office in the Eastern Province. It was our understanding that members of your firm spent significant time visiting and collecting documents from a number of MWL and IIRO offices around the globe. Please advise as to your efforts to collect and produce responsive documents from these and other offices not identified within the indices.

Sincerely,

Sean P. Carter, Esq.
THE MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

SPC

cc: All MDL Plaintiffs' Counsel (via E-Mail)

LEGAL\24669512\1 00000.0000.000/117430.000