# Exhibit 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In Re:                                          :

TERRORIST ATTACKS                               :
ON SEPTEMBER 11, 2001

                                                :

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/16
```

**ORDER**

03 MDL 1570 (GBD) (FM)

**FRANK MAAS**, United States Magistrate Judge.

   By letter dated October 28, 2015, counsel for the Muslim World League ("MWL") and the International Islamic Relief Organization ("IIRO") questioned the authenticity of eleven potentially damning documents that these organizations contend are forgeries. (See ECF No. 3086). In response, I directed the Plaintiffs to disclose the source of the questioned documents and MWL/IIRO to disclose the badges of fraud upon which they relied. (ECF No. 3104 (Order dated Nov. 3, 2015)). I also directed the Plaintiffs to produce the original documents for forensic review. (Id.). This last directive is moot since Plaintiffs' counsel have represented that they do not have the originals of the documents, having obtained them from an unknown ultimate source, through an investigative intermediary, in the form of PDF files. (See ECF 3253 (Tr. of Conf. on Mar. 22, 2016) at 140).

   The Plaintiffs have objected to the disclosure of their investigative source's name, citing the work product doctrine, as well as their belief that the source's safety could be compromised. In support of the latter claim, they have produced (for "attorneys' eyes only") the declarations of two experts, who opine that disclosure of the Plaintiffs' investigative source would likely compromise that person's safety. They also note the investigative source's own fears for the source's safety. (Certain limited information in the declarations was furnished only to the Court.)

   Having reviewed the declarations, I am convinced that the safety concerns expressed by Plaintiffs' counsel, as well as the investigative source are legitimate. Accordingly, I will withdraw my prior directive requiring disclosure of the source's name. I also am convinced, however, that there is reason to question the authenticity of the documents. As a consequence, if MWL/IIRO cannot explore the provenance of the documents at this time, fairness dictates that the Plaintiffs not be permitted to rely further on the documents for any purpose related to this multi-district litigation.

       I make the latter ruling without prejudice to the Plaintiffs' right to inform MWL/IIRO at a subsequent date that they wish to rely on the documents that I have required be withdrawn. Any such notice must, however, be provided by a date that affords MWL/IIRO sufficient time to conduct further discovery concerning the documents before they are used in connection with any motion practice or a trial. In addition, if the notice comes at a time when MWL/IIRO is required to incur additional costs to conduct that discovery, the Plaintiffs will be responsible for those costs. Since the documents have not yet been shown to be forgeries, the Court will not entertain any application by MWL/IIRO to recover any additional costs that they may have incurred to date in connection with this discovery contretemps. The Court also will not strike any of the questioned documents from any court filings that may previously have been made.

       SO ORDERED.

Dated:       New York, New York
                August 31, 2016

                                            FRANK MAAS
                                          United States Magistrate Judge

Copies to all counsel via ECF