# EXHIBIT H

Declaration of Peter C. Salerno
In Opposition to Plaintiffs' Motion to Compel
Against Yassin Abdullah Kadi

03 MDL 1570

January 2018

# SALERNO & ROTHSTEIN
### ATTORNEYS AT LAW

AMY ROTHSTEIN  
PETER C. SALERNO

WRITER'S EMAIL ADDRESS:  
peter.salerno.law@gmail.com

221 SCHULTZ HILL ROAD  
PINE PLAINS, NY 12567

T: 518.771.3050  
F: 866.589.9010

April 27, 2017

<u>By Email</u>

Andrew J. Maloney, Esq.  
Kreindler & Kreindler LLP  
750 Third Avenue  
New York, NY 10017

Re:   03 MDL 1570 (S.D.N.Y.)

Dear Mr. Maloney:

Enclosed are an amended formal response to Plaintiffs' First Set of Jurisdictional Requests for Production of Documents, and a formal response to Plaintiffs' Second Set of Jurisdictional Requests for Production of Documents. In reviewing your letter of May 6, 2015, our response dated August 7, 2015, and our letter to you dated December 15, 2014, we have determined that we have now fully responded to both your sets of document requests and related queries. We review a few points:

    1.    As we have said previously, we are not withholding any documents based on any objection to any of your document requests, other than the following:

        a. objections based on attorney-client privilege and work product protection;

        b. the confidentiality required by the United Nations with respect to correspondence with its ombudsperson (see our first response to your first requests, numbers 56, 60, 66, and 68, and our December 15, 2014 letter at p. 2, and putting aside that this correspondence postdates by many years the 2004 discovery cutoff set by the court for this litigation);

Andrew J. Maloney, Esq.                -2-                April 27, 2017

      c. with respect to fewer than 20 documents produced by the defendants in the *Africa Confidential* litigation in which our client was a plaintiff, the prohibitions of U.K. law that are outlined in more detail in our December 15, 2014 letter at pp. 1-2 and n. 1;

      d. The temporal limitations of January 1, 1992 through December 31, 2004 set by the Court.

    2. We believe we have produced every document in our client's possession, custody, or control that is responsive to your first and second sets of document requests, including the bank account lists attached to your first and second sets, subject to the comments in the previous paragraph.

    3. Because all documents in our client's possession, custody and control responsive to the second request were also responsive to one or more items of the first request (such as relating to one or more of our client's businesses), the documents we have produced in response to your second request are identified only by an item number of your first request.

    4. Similarly, because of the repetitive and overlapping nature of your document requests, we have not attempted to identify more than one item number to which a particular document might be responsive. Any given document may be responsive to more requests than we have stated, and there may be more documents responsive to any given request than we have stated. See our Aug. 7, 2015 letter, pp. 1-2.

    We have taken the foregoing positions without waiving our objections, made in light of both the Second Circuit's remand and Fed. R. Civ. P. 26, to the scope of your document requests, in an effort to avoid litigating those issues.

    We will produce a privilege log on or before May 18, which is within 45 days of the April 3 mailing of our final production.

    When you have concluded your review of our production and the production of all other parties to this litigation, you will of necessity conclude that the claims made in the complaints in this case against Mr. Kadi, both as to personal jurisdiction and liability, lack evidentiary and legal support. You have had a more than reasonable opportunity for further investigation and discovery. The continuation of this litigation against our client can only needlessly and unfairly increase the cost to him. If you persist in pursuing this litigation against our client, we must insist on complete responses to our interrogatories and document requests dated September 30, 2013,

Andrew J. Maloney, Esq. -3- April 27, 2017

particularly to the extent of identifying all documents supporting personal jurisdiction over our client, and we reserve all remedies including those under Rule 11 of the Federal Rules of Civil Procedure.

Sincerely,

Peter C. Salerno

cc by email:

Sean Carter, Esq.
J. Scott Tarbutton, Esq.
Robert Haefele, Esq.
Jerry Goldman, Esq.
James Kreindler, Esq.
Paul J. Napoli, Esq.
Christopher R. LoPalo, Esq.
Alan Kabat, Esq.
Defense Counsel