# EXHIBIT

# I

Declaration of Peter C. Salerno
In Opposition to Plaintiffs' Motion to Compel
Against Yassin Abdullah Kadi

03 MDL 1570

January 2018

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM)<br>ECF Case |

*This document relates to:*

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 02 Civ. 6977
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.,* No. 03 Civ. 9849
*Federal Insurance Co., et al. v. Al Qaida, et al.,* No. 03 Civ. 6978
*Continental Casualty Co., et al. v. Al Qaeda, et al.,* No. 04 Civ. 5970
*Euro Brokers Inc., et al., v. Al Baraka, et al.,* No. 04 Civ. 7279
*Estate of John P. O'Neill et al., v. Al Baraka et al.* No. 04 Civ. 1923

## DEFENDANT YASSIN ABDULLAH KADI'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Yassin Abdullah Kadi ("Kadi" or "Defendant"), through undersigned counsel, submits these amended responses to Plaintiffs' First Set of Jurisdictional Requests for Production of Documents:

## GENERAL OBJECTIONS

1.  Defendant Kadi objects to Plaintiffs' Instructions, Definitions, and Document requests insofar as they:

    a)  Request documents concerning confidential communications between Defendant and his attorneys, on the ground of attorney-client privilege;

    b)  Request documents prepared by Defendant's counsel for their own use, or prepared by Defendant or his agents or witnesses for use by Defendant's counsel, on the ground that such documents are protected from disclosure by the attorney work product doctrine;

    c)  Request documents required to be withheld by Article VI, Section 2; (c) of the Convention on the Privileges and Immunities of the United Nations;

d) Request documents produced by a party other than Defendant Kadi in discovery in U.K. litigation, which is prohibited under United Kingdom rules of law and procedure;

e) Seek to expand Defendant's obligation to respond to discovery beyond the obligations established by the Federal Rules of Civil Procedure ("F.R.Civ. P.") and the Local Rules of this Court;

f) Are overbroad, vague, ambiguous, unduly burdensome, not limited to the parameters set forth in the Second Circuit's remand of the claims against Defendant Kadi as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction, or do not specify the information sought with sufficient clarity;

g) Employ terms or characterizations that are offensive, scandalous or impertinent;

h) Are repetitive and duplicative;

i) Request documents dated outside the temporal limits of discovery set by the Court in this case, *i.e.*, January 1, 1992 through December 31, 2004.

2. Defendant Kadi objects to Plaintiffs' definition of "deviant activity" and subsidiary references to "deviant ideologies," "deviant thinking," and "deviant interpretations of Islam," on the grounds that they are vague, offensive, scandalous, and impertinent. The vagueness of these terms is not cured, or even elucidated, by the sources cited, which in any event are referred to by broken links.

## DEFINITIONS

"Non-privileged" in these responses means documents that are not protected from disclosure by any of the following: a) the attorney-client privilege; b) the work-product doctrine; c) the confidentiality required by the United Nations with respect to correspondence with its ombudsperson pursuant to Article VI, Section 2; (c) of the Convention on the Privileges and Immunities of the United Nations; or d) the prohibition under United Kingdom rules of law and procedure against disclosure of material produced by a party in discovery in U.K. litigation.

"Responsive" in these responses means all responsive documents created within the temporal limits set by the Court, *i.e.*, January 1, 1992 through December 31, 2004.

## GENERAL RESPONSE

Notwithstanding the General Objections set forth above, and without waiving those objections, Defendant Kadi has produced all non-privileged documents in his possession, custody, or control that are responsive to these requests and created within the temporal limits of discovery set by the Court (January 1, 1992 through December 31, 2004).

## RESPONSES

1.      Please provide all documents governing, describing, detailing, or otherwise relating to Your employment from 1980 to the present, including without limitation, any and all resumes, curriculum vitaes, biographies, abstracts, media reports, digests, summaries, employment contracts, and/or outlines.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is overbroad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, information responsive to this request may be found in documents produced in response to other requests. Information responsive to this request may be found, among other places, in KADI0009274- KADI0009280. Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

2.      Please provide all documents relating to all accounts at Faisal Finance (Switzerland) S.A. established or held in the name of, on behalf of, and/or for the benefit of You, any account for any entity in which You held any beneficial interest, and/or any account over which You had signatory authority or had any actual or potential beneficial interest, including without limitation, the following accounts:

- •       Account No. 10361.

- •       Account No. 10321.

- •       Account No. 10451.

- •       Account No. 10741.

- •       Account No. 10738.

- •       Account No. 10736.

- •       Account No. 10372.

- •       Account No. 10329.

- Account No. 10004.

- Account No. 10172.

- Account No. 10257.

- Account No. 10441.

- Account No. 10442.

- Account No. 10443.

- Account No. 10444.

- Account No. 10445.

- Account No. 10446.

- Account No. 10470.

- Account No. 10019.

- Account No. 10020.

- Account No. 10021.

- Account No. 10022.

- Account No. 10023.

- Account No. 10024.

Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You and Faisal Finance (Switzerland) S.A., documents detailing the establishment, freezing, and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan

records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is vague, overbroad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. .  Documents responsive to this request include KADI0001741- KADI0001782; KADI0001786- KADI0001805.

3.      Please provide all documents relating to all accounts in the Islamic Investment Company of the Gulf established or held in the name of, on behalf of, and/or for the benefit of You, any account for any entity in which You held any beneficial interest, and/or any account over which You had signatory authority or had any actual or potential beneficial interest, including without limitation, Account No. 6700029.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You and the Islamic Investment Company of the Gulf, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is vague, overbroad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his

objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

4.      Please provide all documents relating to all accounts in the National Commercial Bank (NCB) established or held in the name of, on behalf of, and/or for the benefit of You, any account for any entity in which You held any beneficial interest, and/or any account over which You had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among You and NCB, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013). Defendant Kadi objects to this request on the further grounds that it is vague, overbroad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

5.      Please provide all documents relating to all accounts in UBS established or held in the name of, on behalf of, and/or for the benefit of You, any account for any entity in which You held any beneficial interest, and/or any account over which You had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or

reflect communications between or among You and UBS, documents detailing the establishment

of and/or closing of the account(s), suspicious activity and/or transaction reports, account

numbers, monthly account statements, annual account statements, account notices, deposits,

withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money

orders, debit/credit memos, financial ledgers, journals, investment records, real estate records,

records of assets, loan records, audit work papers, audit reports, wire transfers, and any

documentation showing the source(s) and/or destination(s) of any funds deposited into or

withdrawn from those accounts.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's
remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013
opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further
grounds that it is vague, overbroad, overly burdensome, and not reasonably calculated to lead to
the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his
objections, Defendant Kadi has produced all non-privileged responsive documents in his
possession, custody, or control. Documents responsive to this request include KADI0001727-
KADI0001740; KADI0001783- KADI0001785.


      6.      Please provide all documents relating to any investigations or inquiries conducted

by any United States state or federal governmental entity or any United States-based regulatory

body, bank, financial institution, accountant, or auditor ("United States Investigator"), any

foreign government or any foreign-based regulatory body, bank, financial institution, accountant,

or auditor ("Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi-based

regulatory body, bank, financial institution, accountant, or auditor ("Saudi Investigator"), into

financial transactions linked to accounts held by You, including without limitation, any and all

accounts at Faisal Finance (Switzerland) S.A., Islamic Investment Company of the Gulf, NCB,

and UBS.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's
remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013
opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Without waiving his objections, Defendant Kadi has
produced all non-privileged responsive documents in his possession, custody, or control.

Documents responsive to this request include KADI0001571-KADI0001590; KADI0001633-
KADI0001636; KADI0001663- KADI0001686; KADI0001727- KADI0001805;
KADI0001933- KADI0002078; KADI0003602-KADI0003640; KADI0005032- KADI0005087;
KADI0005092-KADI0005094; KADI0005149- KADI0005189; KADI0007080-KADI0007106;
KADI0007115- KADI0007148; KADI0007176- KADI0007206; KADI0007223-
KADI0007236; KADI0007241-KADI0007242; KADI0007263- KADI0007317; KADI0007595-
KADI0007641; KADI0010061-KADI0010061; KADI0010315- KADI0010340; KADI0012861-
KADI0013590.

7.     Please provide all documents governing, describing, detailing, or otherwise
relating to any business, employment, financial, charitable, religious, or other relationship
between You and Khalid bin Mahfouz.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's
remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013
opinion, 714 F.3d 659, 678 (2d Cir. 2013). Defendant Kadi objects to this request on the further
grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible
evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has
produced all non-privileged responsive documents in his possession, custody, or control.

8.     Please provide all documents governing, describing, detailing, or otherwise
relating to the relationship between You and NCB, including without limitation, any and all
documents relating to all positions You held or hold within NCB.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's
remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013
opinion, 714 F.3d 659, 678 (2d Cir. 2013). Defendant Kadi objects to this request on the further
grounds that it is overbroad, overly burdensome, and not reasonably calculated to lead to the
discovery of admissible evidence regarding specific jurisdiction. Without waiving his
objections, Defendant Kadi has produced all non-privileged responsive documents in his
possession, custody, or control.

9.     Please provide all documents relating to Your role in the organization, funding,
oversight, supervision, management, and/or control over NCB's operations, including without
limitation, selection of committee/board members or other officers, establishment and
maintenance of correspondent banking relationships, internal and external auditing or due
diligence, budgeting, credit and loan activities, appointment and termination of personnel,

accounting, banking and financial transactions, fundraising, and distribution of NCB financial and non-monetary support to charitable designees.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is overbroad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

10.    Please provide all documents relating to Your role in the oversight, supervision, management, and/or control over NCB's various committees, including without limitation, NCB's Zakat, Audit, and Shariah Committees.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is overbroad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

11.    Please provide all documents relating to Your supervision, management, control of, or distribution of NCB's funds, including without limitation, any and all documents relating to Your duties and responsibilities to determine and/or make recommendations as to which charities, individuals, or entities should receive financial and/or non-monetary support from NCB and the purpose for such disbursements.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is overbroad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

12.     Please provide all documents relating to Your role in establishing and implementing an Islamic Banking Division within NCB, including without limitation, developing Islamic banking products for NCB, and designing and implementing training programs for NCB.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is overbroad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

13.     Please provide all documents relating to Your involvement in determining and/or recommending which charities, humanitarian organizations, or dawah organizations should receive financial and/or non-monetary support from NCB and the purpose for such disbursements.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi states that he never recommended charities, humanitarian organizations or dawah organizations for funding by NCB.

14.     Please provide all documents relating, in whole or in part, to Your involvement in the distribution of any funds through NCB to the Muwafaq Foundation, the International Islamic Relief Organization ("IIRO"), or the Saudi Joint Relief Committee for Kosovo and Chechnya ("SJRC").

**ANSWER:**  Defendant Kadi objects to this request, to the extent that it seeks information as to entities other than Muwafaq, as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is overbroad

and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant has produced all non-privileged responsive documents in his possession, custody, or control.

      15.     Please provide all documents regarding the transfer of funds from any account in which You held a direct or beneficial interest, or over which You held signatory authority, to the Muwafaq Foundation, the IIRO, or the SJRC.

**ANSWER:**  Defendant Kadi objects to this request, to the extent that it seeks information as to entities other than Muwafaq, as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

      16.     Please provide all documents relating, in whole or in part, to any audit, due diligence, analysis, examination, or review of any of NCB's financial accounts, investments, assets, capital, and/or financial affairs, conducted either by You, the employees of NCB and/or NCB's Audit, Zakat and Shariah Committees, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.  Such documents shall include any audit, due diligence, analysis, examination, or review ordered, conducted, supervised, or overseen by You, the Kingdom of Saudi Arabia, and/or the Saudi Arabian Monetary Agency ("SAMA").

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0009248- KADI0009273.

17.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and the Muwafaq Foundation, including without limitation, all documents relating to all positions You held or hold within the Muwafaq Foundation.

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0003643-KADI0003648; KADI0003664- KADI0003710; KADI0007843- KADI0007857.

18.     Please provide all documents illustrating, describing, or otherwise relating to the Muwafaq Foundation's formation and organizational structure, the date of incorporation, the state of incorporation, the duration of its existence, any documents relating to its initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of the Muwafaq Foundation (including any subsidiary, affiliate, or branch office).

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0003649-KADI0003656; KADI0005689- KADI0005701; KADI0005708- KADI0005714; KADI0007320- KADI0007386; KADI0012047-KADI0012052.

19.     Please provide all documents relating to Your role in the establishment, organization, funding, oversight, supervision, management, and/or control of the Muwafaq Foundation, including without limitation, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, and actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. See also responses to Requests No. 17 and 18.

20.     Please provide all documents relating to Your supervision, management, control of, or distribution of the Muwafaq Foundation's funds, including without limitation, any and all

12

documents relating to Your duties and responsibilities to determine and/or make recommendations as to which charities, individuals, or entities should receive financial and/or non-monetary support from the Muwafaq Foundation and the purpose for such disbursements.

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. See also responses to Requests No. 17 and 18.

21.     Please provide all documents relating to the administration, governance, and long-term strategic decision-making of the Muwafaq Foundation (including any subsidiary, affiliate, or branch office), including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. See also responses to Requests No. 17 and 18.

22.     Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards, and/or internal bodies of the Muwafaq Foundation.

**ANSWER:** Defendant has produced all non-privileged responsive documents in his possession, custody, or control. See also responses to Requests No. 17 and 18.

23.     Please provide all documents identifying each officer, director, trustee, shareholder, board member, and/or committee member of the Muwafaq Foundation (including any subsidiary, affiliate, or branch office).

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. See also responses to Requests No. 17 and 18.

24.     Please provide all documents relating to any meetings of officers, directors, trustees, shareholders, managers, boards, committees, and/or internal bodies of the Muwafaq Foundation, including without limitation, any agendas or meeting minutes.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. See also responses to Requests No. 17 and 18.

25.     Please provide all documents relating to all accounts established or held in the name of, on behalf of, and/or for the benefit of the Muwafaq Foundation, any account for any entity in which the Muwafaq Foundation held any beneficial interest, and/or any account over which the Muwafaq Foundation and/or its representatives (including but not limited to You, Chafiq Ayadi Bin Muhammad, Abdul Salam el Talla, and Abderrazak Arroum) had signatory authority or had any actual or potential beneficial interest.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among Muwafaq Foundation and/or its representatives and the banking or financial institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**  Defendant Kadi objects to this request on the grounds that it is vague and overbroad and, to the extent that it seeks documents other than those pertaining to himself and to Chafiq Ayadi bin Muhammad ("Ayadi") as they relate to Muwafaq, beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16,

2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0007320- KADI0007386.

26.     Please provide all documents relating to all accounts at Munich (Sparkasse) established or held in the name of, on behalf of, and/or for the benefit of the Muwafaq Foundation, including without limitation, Account Nos. 90-196185 and 90-198177.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among Muwafaq Foundation and/or its representatives and Munich (Sparkasse), documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

27.     Please provide all documents relating to all accounts at National Commercial Bank (NCB) established or held in the name of, on behalf of, and/or for the benefit of the Muwafaq Foundation, any account for any entity in which the Muwafaq Foundation held any beneficial interest, and/or any account over which the Muwafaq Foundation and/or its representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda,

notes, and/or e-mails, that refer to, relate to, or reflect communications between or among Muwafaq Foundation and/or its representatives and NCB, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of vagueness and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

28.    Please provide all documents relating to all accounts at Deutsche Bank established or held in the name of, on behalf of, and/or for the benefit of the Muwafaq Foundation, any account for any entity in which the Muwafaq Foundation held any beneficial interest, and/or any account over which the Muwafaq Foundation and/or its representatives had signatory authority or had any actual or potential beneficial interest.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among Muwafaq Foundation and/or its representatives and Deutsche Bank, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records,

audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of vagueness and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

29.     Please provide all documents relating to any accounts in any banking or financial institution You hold or held jointly with, or on behalf of the Muwafaq Foundation, and/or any Muwafaq Foundation accounts over which You hold or have held signatory authority.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

30.     Please provide all documents relating to any and all transfers from NCB accounts to the Muwafaq Foundation.

**ANSWER:**  Defendant Kadi objects to this request, to the extent that it seeks information as to persons or entities other than himself and Muwafaq, as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further grounds that it is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

31.     Please provide all documents relating, in whole or in part, to any audit, due diligence, analysis, examination, survey, or review of the Muwafaq Foundation's financial accounts, investments, assets, capital, and/or financial affairs, conducted either by You, the employees and/or representatives of the Muwafaq Foundation, NCB and/or NCB's Audit, Zakat and Shariah Committees, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor.  Such documents shall include any audit, due diligence, analysis, examination, survey, or review ordered, conducted, supervised, overseen,

or reviewed by You, the Kingdom of Saudi Arabia, and/or the Saudi Arabian Monetary Agency ("SAMA").

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0003049-KADI0003297; KADI0003303- KADI0003592.

32.     Please provide all documents relating to any investigation, inquiry, review, audit, due diligence or analysis conducted by any United States Investigator, any Foreign Investigator, and/or any Saudi Investigator, which references or addresses any of the Muwafaq Foundation's banking and financial accounts, including any accounts held at NCB.

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

33.     Please provide all documents relating to any transactions, financial or otherwise, between You and the Muwafaq Foundation, including without limitation, any such transactions between companies owned by You, and/or in which You hold or held an equity interest, and the Muwafaq Foundation.

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

34.     Please provide all documents relating to the transfer of funds from any of Your accounts to the Muwafaq Foundation.  Such accounts shall include, but are not limited to, any banking and financial accounts You hold or have held at NCB (i.e., personal account, business account, or otherwise), any NCB accounts in which You hold or have held a beneficial interest, and/or any NCB accounts over which You hold or have held signatory authority.

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

35.     Please provide all documents relating to any investigation, inquiry, review, audit, due diligence or analysis conducted by any United States Investigator, any Foreign Investigator, and/or any Saudi Investigator which references or addresses any alleged improprieties relating to the transfer of funds from any of Your accounts identified in Request Nos. 33-34 above.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

36.     Please provide all documents relating to the Pakistan government's investigation and March 21, 1995 raid of the Muwafaq Foundation's Islamabad branch office, including without limitation, all documents relating to the subsequent closure of that office.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0007320-KADI0007386; KADI0008561-KADI0008561.

37.     Please provide all documents relating to the March 29, 1995 arrest of Amir Mehdi, Director of the Muwafaq Foundation's Islamabad, Pakistan branch office, by officials of the Federal Investigation Agency (FIA).  Responsive documents shall include Mehdi's personnel or employment file and any records detailing or describing Mehdi's management or control over Muwafaq's operations, finances, and bank accounts.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

38.     Please provide all documents relating to the Albanian government's investigation and determination to expel Abdul Latif Saleh, Director of the Muwafaq Foundation's Albanian branch office, on or about November 12, 1999.  Responsive documents shall include Saleh's

personnel or employment file and any records detailing or describing Saleh's management or control over Muwafaq's operations, finances, and bank accounts.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0003596-KADI0003598; KADI0003601-KADI0003601.

39.     Please provide all documents relating to the Ethiopia government's investigation and determination to shut down the Muwafaq's Ethiopia branch office in or around 1995.

**ANSWER:**   Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

40.     Please provide all documents relating to the Kingdom of Saudi Arabia's request that the Muwafaq Foundation cease operations, including without limitation, any documents regarding any related investigation conducted by the Kingdom of Saudi Arabia and/or members of the Saudi royal family.

**ANSWER:**   Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

41.     Please provide all documents relating to the closure of all of the Muwafaq Foundation branch offices, including without limitation, any documents regarding any related investigation of those branch offices.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

42.     Please provide all documents relating to the disposition of all of the Muwafaq Foundation's accounts and assets held at any banking or financial institution following the Muwafaq Foundation's closure, including all branch offices.

**ANSWER:**   Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

20

43.     Please provide all documents relating to any information or notification You and/or the Muwafaq Foundation received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with the Muwafaq Foundation was associated with or involved in: (i) the sponsorship of any radical, extremist, or terrorist organization; (ii) criminal, corrupt or deviant activities; or (iii) any military or terrorist activity, plot, or attack.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of its vagueness, overbreadth and scandalous, impertinent language. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

44.     Please provide all documents relating to any information or notification You and/or the Muwafaq Foundation received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with the Muwafaq Foundation may have been or was engaging in conduct unrelated to the Muwafaq Foundation's ostensible charitable or humanitarian purposes, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists, persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaeda, other terrorist organizations, and/or individuals sympathetic to al Qaeda or other terrorist organizations, regardless of whether you believe such individual(s) or entity(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of its vagueness, overbreadth and impertinent, scandalous language.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

45.     Please provide all documents relating to any information or notification You and/or the Muwafaq Foundation received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with the Muwafaq Foundation was associated with or

21

involved in: (i) providing funds, services, assets, medical assistance, or any other form of support

to mujahideen in any part of the World; or (ii) providing financial, logistical, religious, political,

or any other form of assistance in relation to any armed jihad, regardless of whether such jihad

was declared legitimate by competent religious authorities.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's
remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013
opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Defendant Kadi objects to this request on the further
grounds that it is vague, overbroad, overly burdensome and not reasonably calculated to lead to
the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his
objections, Defendant Kadi has produced all non-privileged responsive documents in his
possession, custody, or control.

46.    Please provide all documents You and/or the Muwafaq Foundation sent to, and/or

received from, any third party relating to any accusation that the Muwafaq Foundation, including

any individual or entity employed by and/or affiliated with the Muwafaq Foundation, was

associated with or involved in any criminal, corrupt, deviant, or extremist activity, including

without limitation any terrorist or radical religious, political, or social activities.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of its vagueness, overbreadth
and scandalous, impertinent language.  Without waiving his objections, Defendant Kadi has
produced all non-privileged responsive documents in his possession, custody, or control.

47.    Please provide all documents You and/or the Muwafaq Foundation sent to, and/or

received from, the Kingdom of Saudi Arabia, relating to any accusation that the Muwafaq

Foundation, including any individual or entity employed by and/or affiliated with the Muwafaq

Foundation, was associated with or involved in any criminal, corrupt, deviant, or extremist

activity, including without limitation any terrorist or radical religious, political, or social

activities.

22

**ANSWER:**  Defendant Kadi objects to this request on the grounds of vagueness, overbreadth and scandalous, impertinent language.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

48.    Please provide all documents relating to any internal investigation conducted by You and/or the Muwafaq Foundation, relating to any accusation that the Muwafaq Foundation, including any individual or entity employed by and/or affiliated with the Muwafaq Foundation, was associated with or involved in any criminal, corrupt, deviant, or extremist activity, including without limitation any terrorist or radical religious, political, or social activities.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of vagueness, overbreadth and scandalous, impertinent language.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

49.    Please provide all documents relating to any action taken by You and/or the Muwafaq Foundation to prevent criminal activities, including the sponsorship of terrorists or radicals, by any individual or entity employed by and/or affiliated with the Muwafaq Foundation or any of its branch offices.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of vagueness and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

50.    Please provide all documents relating to any action taken by You and/or the Muwafaq Foundation to remove or purge radical or corrupt elements or individuals from the Muwafaq Foundation's branch offices.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of vagueness and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

51.    Please provide all documents relating to any disciplinary action taken by You and/or the Muwafaq Foundation, or any decision to terminate any relationship with any of the

23

Muwafaq Foundation's subsidiaries, affiliates, branch offices, officers, directors, trustees, board members, committee members, managers, agents, employees, volunteers, and/or representatives, as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of vagueness and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

52.    Please provide all documents relating to any disciplinary action taken by You and/or the Muwafaq Foundation, or any decision to terminate any relationship with any of the Muwafaq Foundation's supporters, donors, contributors, facilitators, speakers, foreign government supporters, business supporters, or banks as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER:**  Defendant Kadi objects to the request on the grounds of vagueness and overbreadth.  Without waiving his objections, has produced all non-privileged responsive documents in his possession, custody, or control.

53.    Please provide copies of all documents that have been seized by, or produced by You and/or the Muwafaq Foundation to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses the Muwafaq Foundation's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

24

54.     Please provide all documents, statements, interviews, press releases, internal memos, or other materials relating to any accusation that the Muwafaq Foundation, or any individual or entity employed by and/or associated with the Muwafaq Foundation, was associated with or involved in any military or terrorist activity, plot or attack, indicating an intention to direct conduct against or target conduct toward the United States of America.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of vagueness and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

55.     Please provide all documents relating to any and all sanctions imposed upon the Muwafaq Foundation by the United States, Kingdom of Saudi Arabia, United Nations, or any other nation or international body.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

56.     Please produce all documents relating to any meetings, conferences, or gatherings You attended relating to any accusation that the Muwafaq Foundation, or any individual or entity employed by and/or associated with the Muwafaq Foundation, was misusing or misappropriating funds, engaging in criminal, corrupt, deviant, or extremist activities, sponsoring terrorist activities, and/or providing material support or resources to Osama bin Laden, al Qaeda and/or affiliated terrorist organizations.  Responsive documents shall include, but are not limited to, any materials relating to meetings with representatives of the Kingdom of Saudi Arabia, the Saudi royal family, the Muwafaq Foundation, and/or representatives from other foreign countries or international bodies.

**ANSWER:**  Defendant Kadi objects to this request on the grounds of vagueness, overbreadth and scandalous, impertinent language.  Without waiving his objections, Defendant Kadi has

25

produced all non-privileged responsive documents in his possession, custody, or control, except that certain documents have been withheld at the request of the U.N. Office of Legal Affairs.

57.     Please provide all documents relating to any investigation or inquiry conducted by any United States Investigator, any Foreign Investigator, or any KSA Investigator, relating to You.

**ANSWER:**   Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the further ground of overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0001597-KADI0001598; KADI0007080-KADI0007106; KADI0007115- KADI0007148; KADI0007176-KADI0007206; KADI0007223- KADI0007236; KADI0007241-KADI0007242; KADI0007263-KADI0007317.

58.     Please provide copies of all documents that have been seized by, or produced by You to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, concerning any investigation or inquiry relating to You.

**ANSWER:**   Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the further ground of overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0000231-KADI0000259; KADI0009281- KADI0009282.

59.     Please provide all documents relating to the United States Treasury Department's investigation and October 12, 2001 Designation of You as a Specially Designated Global Terrorist ("SDGT") for providing financial, material, and other support to Osama bin Laden and al Qaeda.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the further ground of overbreadth.  Without

waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0000156-KADI0000162; KADI0000167- KADI0000208; KADI0000626-KADI0000629; KADI0000635-KADI0000637; KADI0000640-KADI0000642; KADI0000750- KADI0000752; KADI0000755-KADI0000756; KADI0000761-KADI0000802; KADI0000806- KADI0000834; KADI0000865-KADI0000868; KADI0001043-KADI0001046; KADI0001320-KADI0001361; KADI0001364-KADI0001388; KADI0001569- KADI0001590; KADI0001616-KADI0001617; KADI0002198-KADI0003048; KADI0003298-KADI0003302; KADI0003602-KADI0003640; KADI0003657-KADI0003663; KADI0003711- KADI0005566; KADI0005678-KADI0005681; KADI0005704-KADI0005707; KADI0005716-KADI0005717; KADI0005731- KADI0005836; KADI0005844-KADI0005850; KADI0005855-KADI0005896; KADI0006393-KADI0006398; KADI0007107-KADI0007119; KADI0007161-KADI0007163; KADI0007204-KADI0007209; KADI0007223-KADI0007236; KADI0007241-KADI0007244; KADI0007263- KADI0007317; KADI0007642-KADI0007735; KADI0007744- KADI0007800; KADI0007843- KADI0008064; KADI0008066-KADI0008560; KADI0008562- KADI0009066; KADI0009213-KADI0009247; KADI0009702- KADI0010060; KADI0010062- KADI0010114; KADI0010605-KADI0010742.


60.     Please provide all documents relating to the United Nations Security Council's al Qaida Sanctions Committee's investigation and determination to place You on the United Nations 1267 Sanctions List, including without limitation, all documents relating to the Kingdom of Saudi Arabia's approval of the actions undertaken by the United Nations Security Council.

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control, except that certain documents have been withheld at the request of the U.N. Office of Legal Affairs. Documents responsive to this request include KADI0000289- KADI0000293; KADI0000318- KADI0000325; KADI0000375-KADI0000379; KADI0000640-KADI0000642; KADI0000645-KADI0000648; KADI0000671-KADI0000677; KADI0000671-KADI0000677; KADI0000724-KADI0000727; KADI0000874-KADI0000876; KADI0000884-KADI0000887; KADI0000910-KADI0000916; KADI0000963-KADI0000966; KADI0001013-KADI0001015; KADI0001019-KADI0001022; KADI0001053-KADI0001059; KADI0001106-KADI0001109; KADI0001194-KADI0001196; KADI0001204-KADI0001207; KADI0001230-KADI0001236; KADI0001283-KADI0001286; KADI0001889-KADI0001890; KADI0005567- KADI0006392; KADI0006399- KADI0007594; KADI0009213- KADI0009273; KADI0010115- KADI0010314.


61.     Please provide all documents relating to the British government's investigation and determination to seize and/or freeze Your assets following the September 11, 2001 terrorist attacks.  Responsive materials shall include all documents identifying all of Your assets that

27

were seized and/or frozen, including but not limited to, banking and financial accounts, businesses, properties, homes, vehicles, or otherwise.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the further grounds that the request is overbroad, overly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.  Documents responsive to this request include KADI0000001-KADI0001489; KADI0001494-KADI0001529; KADI0001533-KADI0001568; KADI0001591-KADI0001596; KADI0001599-KADI0001615; KADI0001620-KADI0001632; KADI0001637-KADI0001647; KADI0001687-KADI0001701; KADI0001819-KADI0001826; KADI0001829-KADI0001888; KADI0001891-KADI0002388; KADI0002503-KADI0002508; KADI0003641-KADI0003642; KADI0005589- KADI0005622; KADI0005648- KADI0005898; KADI0007107-KADI0007114; KADI0007161-KADI0007163; KADI0007207-KADI0007209; KADI0007243-KADI0007244; KADI0007700-KADI0007701; KADI0007736- KADI0007743; KADI0007801-KADI0007842; KADI0008065-KADI0008065; KADI0009067- KADI0009247; KADI0009283-KADI0009701; KADI0010423-KADI0010439; KADI0010449-KADI0010467.


62.     Please provide all documents relating to the European Union's investigation and determination to seize and/or freeze Your assets following the September 11, 2001 terrorist attacks.  Responsive materials shall include all documents identifying all of Your assets that were seized and/or frozen, including but not limited to, banking and financial accounts, businesses, properties, homes, vehicles, or otherwise.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the further grounds that the request is overbroad, overly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.  Documents responsive to this request include KADI0000209- KADI0000211; KADI0000305- KADI0000317; KADI0000355- KADI0000369; KADI0000659-KADI0000670; KADI0000659-KADI0000670; KADI0000706-KADI0000719; KADI0000803-KADI0000805; KADI0000898-KADI0000909; KADI0000945-KADI0000958; KADI0001033-KADI0001038; KADI0001047-KADI0001052; KADI0001088-KADI0001101; KADI0001218-KADI0001229; KADI0001265-KADI0001278; KADI0001362-KADI0001363; KADI0001490- KADI0001493; KADI0001530- KADI0001532; KADI0001889-KADI0001890; KADI0005623- KADI0005647;

KADI0005897-KADI0005898; KADI0007112-KADI0007114; KADI0007245-KADI0007249; KADI0007694-KADI0007699; KADI0007702-KADI0007703.


63.     Please provide all documents relating to the Swiss government's investigation and determination to seize and/or freeze Your assets following the September 11, 2001 terrorist attacks.   Responsive materials shall include all documents identifying all of Your assets that were seized and/or frozen, including but not limited to, banking and financial accounts, businesses, properties, homes, vehicles, or otherwise.

**ANSWER:**   Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the further grounds that the request is overbroad, overly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.   Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0001827- KADI0001828; KADI0006942- KADI0006945; KADI0007080-KADI0007106; KADI0007176- KADI0007198; KADI0007223- KADI0007236; KADI0007241-KADI0007242; KADI0010287-KADI0010314; KADI0010341- KADI0012860.


64.     Please provide all documents relating to the government of Turkey's investigation and determination to seize and/or freeze Your assets following the September 11, 2001 terrorist attacks.   Responsive materials shall include all documents identifying all of Your assets that were seized and/or frozen, including but not limited to, banking and financial accounts, businesses, properties, homes, vehicles, or otherwise.

**ANSWER:**   Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the further grounds that the request is overbroad, overly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.   Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0001648-KADI0001662; KADI0001702- KADI0001726; KADI0007149- KADI0007160; KADI0010389- KADI0010417.

65.     Please provide all documents relating to the government of Albania's investigation and determination to seize and/or freeze Your assets following the September 11, 2001 terrorist attacks.  Responsive materials shall include all documents identifying all of Your assets that were seized and/or frozen, including but not limited to, banking and financial accounts, businesses, properties, homes, vehicles, or otherwise.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the further grounds that the request is overbroad, overly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0001806- KADI0001818; KADI0002903- KADI0002921; KADI0007263- KADI0007319; KADI0010174-KADI0010207; KADI0010209-KADI0010214; KADI0010238- KADI0010239; KADI0010241- KADI0010267.

66.     Please provide all documents relating to any investigation of You conducted by the Kingdom of Saudi Arabia, United States, United Nations, and/or any other nation or international body, including without limitation, any and all sanctions imposed upon You.

**ANSWER:**   Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control, except that certain documents have been withheld at the request of the U.N. Office of Legal Affairs.  Documents responsive to this request include KADI0000231-KADI0000259; KADI0000318- KADI0000325; KADI0000375- KADI0000379; KADI0000635-KADI0000637; KADI0000640-KADI0000642; KADI0000645-KADI0000648; KADI0000671-KADI0000677; KADI0000671-KADI0000677; KADI0000724-KADI0000727; KADI0000874-KADI0000876; KADI0000884-KADI0000887; KADI0000898- KADI0000916; KADI0000945-KADI0000958; KADI0000963-KADI0000966; KADI0001013-KADI0001015; KADI0001019-KADI0001022; KADI0001053-KADI0001059; KADI0001106-KADI0001109; KADI0005567- KADI0005921; KADI0007107-KADI0007111; KADI0007164-KADI0007165; KADI0007199-KADI0007206; KADI0007223- KADI0007236; KADI0007241-KADI0007242; KADI0007318- KADI0007386.

67.     Please provide all documents to relating to the seizure and/or freezing of any and all accounts established or held in the name of, on behalf of, and/or for the benefit of You, any

account for any entity in which You held any beneficial interest, and/or any account over which You had signatory authority or had any actual or potential beneficial, either by the Kingdom of Saudi Arabia and/or SAMA.  Responsive documents shall include all banking and financial records for those accounts, including bank statements.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013).  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0007150-KADI0007152.

68.     Please provide all documents relating to any communication between You and the Kingdom of Saudi Arabia and/or any member of the Saudi royal family concerning the investigations identified in Request Nos. 57-67.

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control, except that certain documents have been withheld at the request of the U.N. Office of Legal Affairs.

69.     Please provide all documents or other information You gathered, reviewed, relied upon, used as evidence, submitted, or provided to and/or received from the United States Government relating to Your request for reconsideration of Your Designation as a Specially Designated Global Terrorist pursuant to the International Emergency Powers Act (50 U.S.C. § 1701 et seq.) and Executive Order 13224 (66 Fed. Reg. 49, 079 (September 23, 2001)), including, but not limited to, any and all information that formed the basis for Your December 21, 2001 petition to the Office of Foreign Assets Control of the United States Department of the Treasury ("OFAC").

**ANSWER:**  Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.  Documents responsive to this request include KADI0001571-KADI0001590; KADI0001618-KADI0001619.

70.    Please provide all documents or other information You gathered, reviewed, relied upon, used as evidence, submitted, or provided to and/or received from the United States government, Timothy Geithner (in his capacity as the Secretary of the U.S. Department of the Treasury), Adam J. Szubin (in his capacity as Director of OFAC, the U.S. Department of the Treasury), OFAC, and/or any other party to the case captioned *Yassin Abdullah Kadi vs. Timothy Geithner, et al.*, Case No. 09-0108-JBD (U.S. District Court for the District of Columbia).

**ANSWER:** Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

71.    Please provide all documents or other information You gathered, reviewed, relied upon, used as evidence, submitted, or provided to and/or received from any foreign government or international body – including but not limited to the United Nations, European Union, United Kingdom, Switzerland, Turkey, and Albania – relating to any investigation, legal proceeding, and/or sanctions against You for allegedly diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaeda, other terrorist organizations and/or individuals sympathetic to al Qaeda or other terrorist organizations.

**ANSWER:**   Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0003599-KADI0003600; KADI0007223- KADI0007236; KADI0007241-KADI0007242.

72.    From the period beginning January 1, 1988 through 1997, please provide all documents relating to any trips you took to Sudan.

**ANSWER:**   Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the grounds that it is overbroad and overly

burdensome.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

73.     From the period beginning January 1, 1988 through 2002, please provide all documents relating to any trips you took to Afghanistan.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the grounds that it is overbroad and overly burdensome.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

74.     From the period beginning January 1, 1988 through 2002, please provide all documents relating to any trips you took to Pakistan.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the grounds that it is overbroad and overly burdensome.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

75.     From the period beginning January 1, 1988 through 2002, please provide all documents relating to any trips you took to Turkey.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the grounds that it is overbroad and overly burdensome.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

76.     From the period beginning January 1, 1988 through 2002, please provide all documents relating to any trips you took to Albania.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the grounds that it is overbroad and overly

burdensome.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.


77.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and the Al Haramain Al Masjed Al Aqsa Charity Foundation ("AHAMAA"), including without limitation, any and all documents relating to all positions You held or hold within AHAMAA.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.


78.     Please provide all document You sent to, and/or received from, AHAMAA, including without limitation, all documents relating to the transfer of funds between You and AHAMAA.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.


79.     Please provide all documents relating to Your role in the establishment, organization, funding, oversight, supervision, management, and/or control of the AHAMAA, including without limitation, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, and actual distribution of financial and non-monetary support to charitable designees.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth.  Without waiving

his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

80.     Please provide all documents relating to Your supervision, management, control of, or distribution of the AHAMAA's funds, including without limitation, any and all documents relating to Your duties and responsibilities to determine and/or make recommendations as to which charities, individuals, or entities should receive financial and/or non-monetary support from the AHAMAA and the purpose for such disbursements.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0008766-KADI0008766.

81.     Please provide all documents relating to the May 6, 2004 and June 28, 2004 Designations of the AHAMAA by the United States Treasury Department and United Nations respectively, for having significant financial ties to al Qaeda.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

82.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and Depozitna Banka D.D. and Vakufska Banka D.D. (collectively referred to hereinafter as the "Bosnian Banks").

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth.  Without waiving

his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

83.     Please provide all documents governing, describing, detailing, or otherwise relating to any business, employment, financial, charitable, religious, or other relationship between You and Chafiq Ayadi Bin Muhammad, including without limitation, all documents governing, describing, detailing, or otherwise relating to Chafiq Ayadi Bin Muhammad's relationship with the Muwafaq Foundation and the Bosnian Banks.

**ANSWER:**  To the extent that it seeks documents other than those pertaining to himself and to Ayadi as they relate to Muwafaq, Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control. Documents responsive to this request include KADI0003593-KADI0003595.

84.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between the Bosnian Banks and the Muwafaq Foundation, the Al Haramain Al Masjed Al Aqsa Charity Foundation ("AHAMAA"), the Saudi Joint Relief Committee for Kosovo and Chechnya ("SJRC"), the International Islamic Relief Organization ("IIRO"), the Saudi High Commission ("SHC"), and the Al Haramain Islamic Foundation, including any subsidiary, affiliate, or branch office thereof, (collectively referred to hereinafter as "Charity" or "Charities").

**ANSWER:**  To the extent that it seeks documents other than those pertaining to Muwafaq, Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

36

85.     Please provide all documents relating to all accounts at the Bosnian Banks established or held in the name of, on behalf of, and/or for the benefit of the Charities, any account for any entity in which the Charities held any beneficial interest, and/or any account over which the Charities and/or their representatives had signatory authority or had any actual or potential beneficial interest.   Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among the Charities and/or their representatives and the Bosnian Banks, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**  To the extent that it seeks documents other than those pertaining to Muwafaq, Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

86.     Please provide all documents relating to any contributions by the Bosnian Banks to the Charities, including but not limited to, monetary donations (including any monetary donations of funds originating from haram investments or activities), zakat, gifts, grants, and/or other charitable contributions.  If the contribution was made by wire transfer, please provide records identifying the name of the individual who sent the money, the bank from which the

money was sent, the wire transfer number, the recipient of the funds, the bank which received the wire transfer and the bank account numbers of the sender and receiver.

**ANSWER:**  To the extent that it seeks documents other than those pertaining to Muwafaq, Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

87.     Please provide all documents relating to any form of non-monetary support or contribution provided by the Bosnian Banks to the Charities, including but not limited to, any administrative assistance, any assistance in obtaining identification and credentials to facilitate international travel, and any physical and logistical assets.

**ANSWER:**  To the extent that it seeks documents other than those pertaining to Muwafaq, Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

88.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between You and the Charities, including without limitation, any relationship between companies owned by You, and/or in which You hold or held an equity interest, and the Charities.

**ANSWER:**  To the extent that it seeks documents other than those pertaining to Muwafaq, Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the additional grounds that it is overbroad and overly burdensome.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

89.     Please provide all documents relating to any transactions, financial or otherwise, between You and the Charities, including without limitation, any such transactions between companies owned by You, and/or in which You hold or held an equity interest, and the Charities.

**ANSWER:**  To the extent that it seeks documents other than those pertaining to Muwafaq, Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

90.     Please provide all documents governing, describing, detailing, or otherwise relating to any business, employment, financial, charitable, religious, or other relationship between You and/or the Muwafaq Foundation and Osama Bin Laden (including any member of the Bin Laden family).

**ANSWER:**  To the extent that it seeks documents other than those pertaining to Defendant Kadi's interactions with Osama bin Laden ("OBL"), Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and overbroad.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

91.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between and among You, any member of the Bin Laden family, and Global Diamond Resources.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

92.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and/or the Muwafaq Foundation and the following

39

entities:  Wadi al Aqiq Company, Ltd.; Al Hijrah Construction and Development, Ltd.; Taba Investment Company, Ltd.; Al Timar al Mubarikah; Gum Arabic Company; Bin Ladin International; Al Qudarat Transport Company; Blessed Fruits Company; Al Ikhlas International Company; Al Samal al Mubaraka Company; Dahabshil Hawala Company (collectively referred to hereinafter as the "Bin Laden Businesses").

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

93.    Please provide all documents You and/or the Muwafaq Foundation sent to and/or received from Osama Bin Laden, any member of the Bin Laden family, and/or the Bin Laden Businesses, including without limitation, all documents relating to the transfer of funds between You and/or the Muwafaq Foundation and Osama Bin Laden, any member of the Bin Laden family, and/or the Sudan-based businesses.

**ANSWER:**  To the extent that it seeks documents other than those pertaining to Defendant Kadi's interactions with Osama bin Laden ("OBL"), Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and overbroad.  Defendant Kadi cannot respond to the request as it applies to the "Sudan-based businesses," as this term is not defined. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

94.    Please provide all documents relating to any transactions, financial or otherwise, between You and the Bin Laden Businesses, including without limitation, any such transactions between any companies owned by You and/or in which You hold or held an equity interest, and the Bin Laden Businesses.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

95.     Please provide all documents governing, describing, detailing, or otherwise relating to any business, employment, financial, charitable, religious, or other relationship between You and/or the Muwafaq Foundation and Wa'el Hamza Jelaidan.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the ground of overbreadth.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

96.     Please provide all documents You and/or the Muwafaq Foundation sent to and/or received from Wa'el Hamza Jelaidan, including without limitation, all documents relating to the transfer of funds between You and/or the Muwafaq Foundation and Wa'el Hamza Jelaidan.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013) and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

97.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and/or the Muwafaq Foundation and the entities identified in Attachment A.  For any entities identified in Attachment A owned by You, and/or in which You hold or held an equity interest, please provide all ownership and financial records.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly

41

burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

98.     Please provide all documents You and/or the Muwafaq Foundation sent to, and/or received from, the entities identified in Attachment A, including without limitation, all documents relating to the transfer of funds between You and/or the Muwafaq Foundation and those entities.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

99.     Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and/or the Muwafaq Foundation and the individuals identified in Attachment B.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

100.    Please provide all documents You and/or the Muwafaq Foundation sent to, and/or received from, the individuals identified in Attachment B, including without limitation, all documents relating to the transfer of funds between You and/or the Muwafaq Foundation and those individuals.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

 

       101.    Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and/or the Muwafaq Foundation and the organizations identified in Attachment C.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

 

       102.    Please provide all documents You and/or the Muwafaq Foundation sent to, and/or received from, the organizations identified in Attachment C, including without limitation, all documents relating to the transfer of funds between You and/or the Muwafaq Foundation and those organizations.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

 

       103.    Please provide all documents or other information You gathered, reviewed, relied upon, used as evidence, submitted, or provided to and/or received from any party to the case captioned *United States of America vs. One 1997 E35 Ford Van, et al.*, Case No. 98-3548-WRA (U.S. District Court for the Northern District of Illinois, Eastern Division).

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

104.    Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You and BMI, Inc.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

105.    Please provide all documents relating to any transactions, financial or otherwise, between and among You, Kadi International, and BMI, Inc.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction. Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

106.    Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between You, including any companies owned by You and/or in which You hold or held an equity interest, and Abdul Rahman al Swailem and the SJRC.

**ANSWER:** Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all non-privileged responsive documents in his possession, custody, or control.

107.    Please provide all documents You sent to, and/or received from, Abdul Rahman al

Swailem and the SJRC, including without limitation, all documents relating to the transfer of

funds between You and Abdul Rahman al Swailem and the SJRC.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's
remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013
opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly
burdensome and not reasonably calculated to lead to the discovery of admissible evidence
regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all
non-privileged responsive documents in his possession, custody, or control.

108.    Please provide all documents relating to any transactions, financial or otherwise,

between You and Abdul Rahman al Swailem and the SJRC, including without limitation, any

such transactions between any companies owned by You and/or in which You hold or held an

equity interest, and Abdul Rahman al Swailem and the SJRC.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's
remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013
opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly
burdensome and not reasonably calculated to lead to the discovery of admissible evidence
regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all
non-privileged responsive documents in his possession, custody, or control.

109.    Please provide all documents relating to any non-monetary support or assistance

You, including any companies owned by You and/or in which You hold or held an equity

interest, provided to Abdul Rahman al Swailem and the SJRC.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's
remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013
opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad, overly
burdensome and not reasonably calculated to lead to the discovery of admissible evidence
regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi has produced all
non-privileged responsive documents in his possession, custody, or control.

110.    Please provide all documents relating to any understanding or agreement with any

defendant named in the consolidated civil action, 03 MDL 1570, whereby You have agreed to

pay, indemnify, or reimburse any of their costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against such defendant.  Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi states that he has no responsive documents.


111.    Please provide all documents relating to any understanding or agreement between You and any individual, entity, and/or government, whereby such party has agreed to pay, indemnify, or reimburse You for any of the costs associated with defending this lawsuit, including legal fees and/or payments to satisfy part or all of a judgment that may be entered in this action against You.  Responsive documents shall include, but are not limited to, contracts, agreements, insurance policies, term sheets, or other records.

**ANSWER:**  Defendant Kadi objects to this request as beyond the scope of the Second Circuit's remand for the purpose of specific jurisdictional discovery as outlined in its April 16, 2013 opinion, 714 F.3d 659, 678 (2d Cir. 2013), and on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence regarding specific jurisdiction.  Without waiving his objections, Defendant Kadi states that he has no responsive documents.

Dated:  April 27, 2017


_____s/_____
Amy Rothstein
(amyrothsteinlaw@gmail.com)

Peter C. Salerno
(peter.salerno.law@gmail.com)

SALERNO & ROTHSTEIN
221 Schultz Hill Road

Pine Plains, NY 12567
518-771-3050
Attorneys for Defendant Yassin Abdullah
Kadi