# EXHIBIT L

Declaration of Peter C. Salerno
In Opposition to Plaintiffs' Motion to Compel
Against Yassin Abdullah Kadi

03 MDL 1570

January 2018

# SALERNO & ROTHSTEIN
ATTORNEYS AT LAW

AMY ROTHSTEIN
PETER C. SALERNO

221 SCHULTZ HILL ROAD
PINE PLAINS, NY 12567

T: 518.771.3050
F: 866.589.9010

WRITER'S EMAIL ADDRESS:
peter.salerno.law@gmail.com

July 26, 2017

<u>By Email</u>

Andrew J. Maloney, Esq.
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY 10017

   Re: 03 MDL 1570 (S.D.N.Y.)

Dear Andrew:

   This is our response to your letter of July 20, 2017 alleging gaps in our document production on behalf of Yassin Abdullah Kadi. It is also a supplement to our letter of August 7, 2015 responding to your letter of May 6, 2015, and is our final response to that letter. We incorporate that letter by reference, as it responds to many of the points in your July 20 letter.

   Our client and his defense team have conducted every reasonable search for documents responsive to all of your discovery requests. We have not knowingly withheld <u>any</u> responsive documents that are not privileged, despite the overbreadth of those requests.

   The principal theme of your letter is that you believe that there must be more documents in our client's possession, custody, or control, because of your beliefs concerning our client's activities. Your beliefs, with all respect, are not probative of anything. The absence of comment in this letter on your assertions concerning our client's relationships and activities is not an indication that we agree with any of those assertions.

Andrew J. Maloney, Esq.   -2-   July 26, 2017

      Although you have not attached any dates to your allegations concerning our client's and Muwafaq's activities, clearly the alleged activities predominantly, if not exclusively, pre-date September 11, 2001, in many cases by many years. Our client had no reason or obligation to preserve any documents relating to the claims in this litigation until he became aware of them, and he has not destroyed any since that time.

      In short, the existence of gaps in our production is understandable.

      As we informed you in our August 7, 2015 letter, at pp. 1-2, 6, due to the overlapping and repetitive content of your document requests, our productions did not identify every one of your requests to which a particular document was responsive. Therefore, the number of documents we have identified as responsive to a particular request often understates the number of produced documents that are in fact responsive to that request. Just by way of example, some documents in some of the categories about which you complain, that we have not identified as responsive to the requests you indicate, include:

      <u>KSA Investigation</u>: As we explained in our August 7, 2015 letter (p. 3), the KSA does not divulge many documents in its investigations. We have given you what we have. In addition to the two documents you identified on page 1 of your letter, documents responsive to Request Nos. 6, 31, 32, 35, 53, 57, 58, 66-68 that relate to the KSA investigation include:

      KADI0067952 – Although this document is in Arabic, we assume you have a translation as it was produced three years ago. It is a response from the KSA Ministry of Foreign Affairs to our client's application to unfreeze his assets. On the last page it explains that it cannot disclose its documentary evidence for reasons of national security.

      KADI0067977

      KADI0103314

      <u>IIRO</u>:: KADI0163266, KADI01221660, and KADI01221663.

      <u>Jelaidan</u>: KADI0152728, KADI0108018, and KADI0108713.

      Again by way of example, we will address two of your more particular claims:

      <u>The Charities</u>:  With respect to Albania, the Albanian Government seized all our client's business and charitable records relating to Albania and Kosovo including Muwafaq Foundation's records in Albania. This occurred sometime prior to May 2002, when the U.S. Office of Foreign Assets Control visited Albania and reviewed the documents. See KADI0002905.

Andrew J. Maloney, Esq. -3- July 26, 2017

    FOIA Documents: As we pointed out in our August 7, 2015 letter (pp. 7-8), Judge Maas did <u>not</u> rule "that all FOIA requests, correspondence and responses must be produced." (Your July 20 letter, p. 5). His December 26, 2013 order (ECF No. 2815) only directed plaintiffs to do so. On February 19, 2014 he modified his order to provide that all parties "update their written responses to their adversaries' FOIA requests ...." (ECF No. 2837). You never served any such requests on us. Nevertheless, we have not withheld any FOIA correspondence that is responsive to the requests you did make.

    After receiving your May 6, 2015 letter, we undertook a very burdensome and expensive review of all conceivably responsive documentation in our client's possession, custody, or control. As you know, that process, which resulted in massive additional production, took almost two years. Your current complaints have no basis.

    In connection with the status report currently due July 31, we have some questions regarding your side's compliance with its discovery obligations:

1. Have you provided every non-privileged document in your clients' possession, custody, or control that is responsive to any of our requests? In other words, is your document production complete?
2. Are you withholding any documents pursuant to any objection (other than privilege or work-product protection) to any of our document requests? See Fed. R. Civ. P. 34(b)(2)(C)?
3. Are you withholding any responsive privileged documents or communications pre-dating September 11, 2001? If so, please advise when you will serve a privilege log.
4. Do you intend to respond to our interrogatories and if so, when?

    Depending on your responses to these questions, the status report to the Court may need to include a discussion of these issues. Please advise whether you will include such a discussion in a joint report, or whether we should file our own.

    Our review to date of your recent production, which includes the "PEC-KADI" material (the only material that was served on us directly and that indicates by its Bates numbers that it is directed to our client), reveals no competent, admissible evidence supporting your contention that this Court has jurisdiction over the person of our client, let alone that he has any connection to any terrorist attacks anywhere. The defense of this meritless litigation has imposed enormous expense on our client, not to mention the injustice of being falsely accused of heinous crimes. We will pursue every option

Andrew J. Maloney, Esq. -4- July 26, 2017

available to recover this expense. Furthermore, if you make a motion to compel discovery that is denied (as we believe it will be), we will seek recovery of our client's expenses, including attorneys' fees, incurred in opposing the motion, pursuant to Fed. R. Civ. P 37(a)(5)(B).

Very truly yours,

Peter C. Salerno

cc by email:

Sean Carter, Esq.
J. Scott Tarbutton, Esq.
Robert Haefele, Esq.
Jerry Goldman, Esq.
James Kreindler, Esq.
Alan Kabat, Esq.
Defense Counsel