# EXHIBIT P

Declaration of Peter C. Salerno
In Opposition to Plaintiffs' Motion to Compel
Against Yassin Abdullah Kadi

03 MDL 1570

January 2018

# SALERNO & ROTHSTEIN
ATTORNEYS AT LAW

AMY ROTHSTEIN
PETER C. SALERNO

221 SCHULTZ HILL ROAD
PINE PLAINS, NY 12567

T: 518.771.3050
F: 866.589.9010

WRITER'S EMAIL ADDRESS:
peter.salerno.law@gmail.com

September 6, 2017

By Email

Andrew J. Maloney, Esq.
Kreindler & Kreindler LLP
750 Third Avenue
New York, NY 10017

Re:   03 MDL 1570 (S.D.N.Y.)

Dear Andrew:

We are writing to respond to your email received at 3:57 this afternoon. We will take your points in order:

1. We "did not identify every one of your requests to which a particular document was responsive."

   a. We repeatedly, and early on, informed you that we were doing this and never heard a complaint from you until today. Suggesting that we should have assumed the onerous task of identifying each of your overlapping and repetitive requests to which a document is responsive, is unreasonable, as well as extremely belated.

   c. Our complaint about your production in this respect is not at all reciprocal. Our complaint is that for many documents, including the vast majority of your productions on June 16 and August 15, you have not identified any request to which a document is responsive. You have not even said which ones apply to our client, with the exceptions of the PEC-KADI documents and the few others you identified in your emails of August 30 and 31. We are not requesting that you do any more than we have done. To the contrary, you are requesting more of us than you have done.

Andrew J. Maloney, Esq. -2- September 6, 2017

2. <u>Contention interrogatories</u>

    a. Not all of our interrogatories are contention interrogatories. Many of them (the first seven, for example) comply with the initial disclosure limitations which you yourself were advocating – or at least conceding were permissible - in the transcripts you attached to your email.

    b. Judge Maas's opinions on interrogatories were clearly rendered at a much earlier stage of litigation. We are much closer to the stage at which the jurisdictional discovery against NCB was when Judge Maas ordered plaintiffs to provide "meaningful answers" to NCB's contention interrogatories, as we noted in our August 31 status report at p. 3. And Judge Maas did not table the interrogatories then at issue until all discovery was complete. He used the phrase "closer to the end." We are, we hope, closer to the end.

3. <u>Privilege Log</u>

    a. Except for your contention that work-product protection does not apply to material created in anticipation of any litigation other than this litigation, your description of that protection is accurate. However, it is applicable only to documents that we have not also identified as Attorney-Client privilege. In other words, if we deleted the phrase "work product" everywhere in the log that it appears next to "Attorney-Client," those documents would still be protected by the Attorney-Client privilege. There are five documents where "work product" stands alone, and we think our description of the documents adequately supports our invocation of the work-product protection.

4. In response to the last sentence/question in your email, our position, as we have previously stated, is that Mr. Kadi has made every reasonable effort to identify, gather, obtain and produce all responsive documents in his possession, custody, or control, and has not withheld any documents other than on grounds previously described to you.

Very truly yours,

*Peter C. Salerno*

Peter C. Salerno

cc by email:

Sean Carter, Esq.
J. Scott Tarbutton, Esq.

Andrew J. Maloney, Esq. -3- September 6, 2017

Robert Haefele, Esq.
Jerry Goldman, Esq.
James Kreindler, Esq.
Alan Kabat, Esq.
Defense Counsel