# EXHIBIT R

Declaration of Peter C. Salerno
In Opposition to Plaintiffs' Motion to Compel
Against Yassin Abdullah Kadi

03 MDL 1570

January 2018

```
 1   H97sINRc

 2   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 3   ------------------------------x

 4   IN RE:  TERRORIST ATTACKS ON SEPTEMBER 11, 2001

 5
                                           03 MD 1570 (GBD)(SN)
 6
     ------------------------------x
 7
                                           New York, N.Y.
 8                                         September 7, 2017
                                           3:30 p.m.
 9
10   Before:

11                      HON. SARAH NETBURN,

12                                         U.S. Magistrate Judge

13                       APPEARANCES

14   SIMMONS HANLY CONROY
          Attorneys for the Burnett plaintiffs
15   BY:  ANDREA BIERSTEIN

16   KREINDLER & KREINDLER
          Attorneys for the Ashton plaintiffs
17   BY:  ANDREW J. MAHONEY
          JAMES KREINDLER
18
     COZEN O'CONNOR
19        Attorneys for Federal Insurance plaintiffs
     BY:  SEAN P. CARTER
20
     MOTLEY RICE
21        Attorneys for the Burnett plaintiffs
     BY:  ROBERT T. HAEFELE
22
     ANDERSON KILL
23        Attorneys for the O'Neill plaintiffs and putative class
     BY:  BRUCE STRONG
24        ETHAN W. MIDDLEBROOKS

25
```

```
 1                          APPEARANCES
                            (Continued)
 2
     JONES DAY
 3        Attorneys for Defendant Dubai Islamic Bank
     BY:  STEVEN T. COTTREAU
 4
     BERNABEI & KABAT, PLLC
 5        Attorneys for Defendants Dr. Al-Turki, et al.
     BY:  ALAN KABAT
 6
     LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
 7        Attorneys for Defendants IIRO and MWL
     BY:  WALEED NASSAR
 8
     MOLOLAMKEN
 9        Attorneys for Defendant Dallah Avco
     BY:  ROBERT K. KRY
10
     SALERNO & ROTHSTEIN
11        Attorneys for Defendant Yassin Kadi
     BY:  AMY ROTHSTEIN
12        PETER C. SALERNO

13   THE LAW OFFICE OF OMAR T. MOHAMMEDI
          Attorneys for Defendant World Assembly of Muslim Youth
14   BY:  ELIZABETH KIMUNDI

15

16

17

18

19

20

21

22

23

24

25
```

1    come a long way in narrowing the issues even since the status
2    letter to the court.
3            THE COURT: Terrific. Is that narrowing issues that
4    both sides raised?
5            MR. MAHONEY: I think so. There was a question about
6    interrogatories that they raised. We believe they are
7    contention interrogatories that are tabled for the time being.
8    There is a little bit of a disagreement about that, and I don't
9    know if Mr. Salerno wants to speak to that today or table that
10   for a later time.
11           I think that was an area we did not agree on. But
12   beyond that, I think there was some issue with regard to
13   identifying which of the plaintiffs' production were specific
14   to Mr. Kadi. Some of that has already taken place and some of
15   that will take place in the next week or two. Mr. Kadi is
16   actually handling some of that. He recently got new documents,
17   I think only a small number of which will pertain to Mr. Kadi.
18   They are interested in getting that. We agreed to do that.
19           THE COURT: Mr. Salerno, anything to add?
20           MR. SALERNO: Just, your Honor, with respect to
21   interrogatories. We don't want to go to motions to compel and
22   pressing the court on that issue if the court feels this is not
23   the right time.
24           We disagree with the plaintiffs that there was any
25   tabling of interrogatories that is applicable now. The tabling

1  was years ago.  At some point, tabling ceases.  But if now is
2  not the right time from the court's point of view, we don't
3  want to press it.  We do want answers to the interrogatories,
4  because after having produced voluminous amounts of discovery
5  post remand and getting voluminous amounts of discovery from
6  the plaintiffs, we would like to know what claims now the
7  plaintiffs see against our client for us to respond to, and all
8  we have is pleadings that predate the decisions on our motion
9  to dismiss.  Interrogatory answers would be helpful, but if the
10 court feels that this is not the right time, as I said, we
11 don't want to burden the court with unnecessary motions either.
12          THE COURT:  I haven't reviewed the specific
13 interrogatories to rule one way or another whether or not they
14 are contention interrogatories or close to contention
15 interrogatories.
16          Typically my practice is to have some depositions go
17 forward before contention interrogatories are propounded.  I
18 don't know, because I haven't seen these interrogatories,
19 whether or not in this instance that makes the most sense.  I
20 certainly understand your position that you need some clarity
21 as to what exactly is being alleged.
22          I am not prepared to rule one way or the other as to
23 whether they are sort of back on the table or off the table or
24 where they stand.  Without having reviewed them, I can tell you
25 that my practice generally is that I think it is more

1   productive to have depositions go forward and then propound
2   those interrogatories at the conclusion of that.
3           I guess at this point I have to leave it to you
4   whether or not you want to raise the issue with me, given the
5   little you now know about my practice, and decide whether or
6   not I should review the interrogatories and make a specific
7   ruling.
8           MR. SALERNO:  We will confer among ourselves about
9   that and with the plaintiffs and see if we can make progress
10  and maybe reach an appropriate conclusion on that.
11          THE COURT:  Can we set the same October 6 deadline?
12          I think I am going to set the same October 6 deadline
13  for motion practice on this particular schedule as well.  That
14  gives you all a month to continue the conversation, and if you
15  decide that you want to press the issue of interrogatories or
16  something else, it should be in a motion filed on October 6.
17          MR. SALERNO:  Your Honor, could we have one more week?
18  Only because we have a vacation planned and it is already
19  bought and paid for a week in late September.
20          THE COURT:  Sure.  Everything will get shifted a week.
21          Instead, that particular motion with respect to Kadi
22  would be filed on October 13, with opposition papers filed on
23  October 27, and any reply brief filed on November 3.
24          MR. SALERNO:  The only other issue we have with the
25  plaintiffs, your Honor, it is the reciprocal of the issues that

1   they have with us, but we have completed our document
2   discovery.  They have told us informally that they had
3   completed their document discovery, that they are not
4   withholding anything pursuant to any objection under privilege.
5          They have now told us informally that there are no
6   documents to go on a privilege log, keeping in mind that there
7   was a temporal deadline set for privilege logs, temporal
8   cutoff.  The documents that are privileged postdating 9/11 need
9   not be logged.
10          We filed a privilege log, the one that Mr. Mahoney
11  spoke about with the 277 documents, all pre 9/11 documents.  We
12  filed the log, we served the log, all we need is the formal
13  statement from them, as opposed to the informal one which they
14  want from us, that no privilege log is necessary, which is
15  probably the case.  These are mere formalities and ministerial
16  matters, just as they are --
17          THE COURT:  Sure.  Judge Maas obviously decided that
18  there was sufficient question about the efforts to search for
19  certain documents that he decided.  And this was back, I think,
20  in March of 2016 that certain defendants needed to certify that
21  they had behaved appropriately.  I am not saying you are, but I
22  am now questioning whether or not a certification from the
23  plaintiffs is necessary.
24          Typically in litigation, lawyers who are officers of
25  the court make a representation to the court, they stand by it,

1  and I assume that it is truthful.  If there is something you
2  think about the plaintiffs' informal representations to you
3  that is unsatisfactory or that you think leaves you with doubt,
4  you should bring it to my attention.  But typically I don't
5  require a party to certify that they are completed with
6  discovery.
7           MR. SALERNO:  Fair enough, your Honor.  I guess
8  neither of us were clear on that.  I have no problem whatsoever
9  with the certification that they are done.  I don't know if
10 they have a problem with our certification that we are done.
11 They haven't expressed one really, except there was some
12 discussion of it just today.  We don't have a problem with
13 that.  If it is not necessary, then we don't want it.
14          THE COURT:  Why don't I let you all continue this
15 conversation about whether the production is completed or not
16 or whether or not there is anything outstanding.  I mean, I see
17 that the requirement for a certification -- at least in my
18 practice, I don't know what Judge Maas was thinking when he
19 issued those rulings -- in my practice it is because there is
20 some doubt about whether or not the producing party has been
21 adequate in his or her searching and there is a requirement or
22 a need for some sort of something more formal to rely upon.  If
23 there is no reason, I wouldn't ordinarily require lawyers to
24 certify their production.
25          MR. SALERNO:  Fair enough, your Honor.