UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to:*

>*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al., Case No. 02 Civ. 6977*
>*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03 Civ. 9849*
>*Federal Insurance Co., et al. v. Al Qaida, et al., No. 03 Civ. 6978*
>*Continental Casualty Co., et al. v. Al Qaeda, et al., No. 04 Civ. 5970*
>*Euro Brokers Inc., et al., v. Al Baraka, et al., No. 04 Civ. 7279*
>*Estate of John P. O'Neill et. al., v. Al Baraka et. al., No. 04 Civ. 1923*
>*World Trade Center Properties, L.L.C. et al. v. Al Baraka Investment and Development Corp., et al., No. 04 Civ. 7280*

## DECLARATION OF YASSIN ABDULLAH KADI IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Yassin Abdullah Kadi declares that the following statement is true:

1. I am a resident of Jeddah, Saudi Arabia and I am a defendant in the captioned litigation. I make this declaration in opposition to Plaintiffs' motion to compel dated December 1, 2017.

2. I have not destroyed or caused to be destroyed or rendered unavailable any documents in my possession, custody, or control created or received by me between the years 1992 and 2004 pertaining to my business or charitable activities since I became aware that I was a defendant in this litigation in or about August 2002. Prior to becoming aware of this litigation, it was not my practice to retain all documents in my possession, custody, or control pertaining to

my business and charitable activities. Muwafaq Foundation ("Muwafaq") and many of my business and other charitable activities, particularly outside Saudi Arabia, closed before August 2002, in most cases many years before. It was not my practice to gather and retain records of those activities after they ceased. I have not for years had agents for many of these closed activities whom I could consult in an effort to obtain documents. Since October 2001 I and my representatives have attempted to locate all documents that would be responsive in this case.

3. Transactions and dealings that would in the West generate significant documentation are frequently effected by Arab parties with a minimum amount of paperwork. This is especially applicable in the case of my business and charitable activities, many of which were carried out in third world countries or areas of crisis such as Sudan. I believe that many of the documents sought by Plaintiffs in their motion to compel were never in my possession, custody, or control.

4. My lawyers Guy Martin and Maître Saad Djebbar, and lawyers working with them, have had free access to all documents in my possession, custody, or control pertaining to my business and charitable activities. Whatever documents may once have been in my possession, custody or control that Plaintiffs say are missing, are missing because I did not have or retain them prior to becoming aware that I was a defendant in this litigation.

5. Mr. Martin's law firm, Carter-Ruck, represented me in my lawsuit in the London High Court against Her Majesty's Treasury, in which I sued the UK government for their decision to instruct all financial institutions to freeze my assets.

6. Maître Djebbar also represented me in the prosecution of that action.

7.  Carter-Ruck and Maître Djebbar also represented me and my fellow Muwafaq trustees in our defamation action against the editor and publishers of the UK publication *Africa Confidential*.

8.  Ajmal Ebrahim Hameed is a lawyer whom I retained to perform legal work for me with respect to certain investments, including my investment in the Abrar Group.

9.  Albar & Partners is a law firm that I retained to perform legal work for me with respect to certain investments, including certain real estate transactions.

10. Muhammad bin Mahfouz was a business associate of mine who acted on my behalf with respect to certain of my enterprises in Sudan. His duties included providing information to the lawyers representing me and my fellow Muwafaq trustees in our litigation against *Africa Confidential*.

11. Ahmed Basodan was an employee of mine who acted on my behalf with respect to certain investments, including my investment in the Abrar Group. He was authorized to act as my agent in communicating with my attorneys pertaining to Abrar.

12. Siraj El Din Abdul Bari was an employee of mine assigned as Manager of Muwafaq in Sudan and was authorized to act as my agent in communicating with attorneys representing me in the *Africa Confidential* litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2018

YASSIN ABDULLAH KADI