UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)

Plaintiffs JAMES S. WEISENBURGER, JR. (P2470), ARNOLD LEDERMAN (P186), JAMES W. BERGHORN (P1382), FRANCES M. GARVEY (P5066), CARRIE A. GALLAGHER (P3697), VINCENT OGNIBENE (P233), ANNA V. IVANTSOV[1] (P4662), NEIL C. FITZPATRICK (P1658), TERESA VELING CZARK (P4757), ROSANNE HELEN COSTANZA (P4380), TIMOTHY PROVENZANO (P4381), DEBORAH ANN SCHUMANN (P4382), JANE M. O'DEA (P1290), DANIEL LUGE (P1143), DAWN PETERSON, ESTATE OF DAVIN N. PETERSON, DAVID SOZIO (P2341), SCOTT BLANEY (P1397), and ESTATE OF JANICE BLANEY (P1397) (collectively "Plaintiffs") respectfully move pursuant to Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss Plaintiffs listed above without prejudice.

In support of the voluntary dismissal sought here, Plaintiffs submit the following:

Plaintiffs initially filed their claims in this lawsuit against all of the named Defendants between August 15, 2002 and January 3, 2005 for claims arising out of the terrorist attacks on September 11, 2001.

---

[1] Anna V. Ivantsov asserted claims on behalf of herself and as the Personal Representative of the Estate of Aleksandr Ivantsov and on behalf of all survivors of Aleksandr Ivantsov. This dismissal will dismiss her claims in all capacities.

Fed. R. Civ. P. 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper… Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (internal citations omitted); *see also Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017).

The Second Circuit outlined certain factors that courts should consider in evaluating a motion to dismiss under Fed. R. Civ. P. Rule 41(a)(2): (1) "the plaintiff's diligence in bringing the motion"; (2) "any 'undue vexatiousness' on plaintiff's part"; (3) "the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial"; (4) "the duplicative expense of relitigation"; and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990).  "The Court will analyze each of these factors individually, but no one factor is dispositive.  The crucial inquiry remains whether [the defendants] will suffer substantial prejudice as a result of a dismissal without prejudice." *SEC v. Chakrapani*, 2010 U.S. Dist. LEXIS 65337, at *6 (S.D.N.Y. June 28, 2010).

Plaintiffs are not part of a class action, and their dismissal has no effect on the plaintiffs remaining in the above-captioned cause.  A receiver has not been appointed in this action.  Additionally, Plaintiffs have not previously dismissed an action based on or including the same claims as those presented in this suit.  Plaintiffs simply no longer wish to proceed with their claims against Defendants at this time.

No prejudice will come to Defendants from this dismissal of a handful of plaintiffs as thousands of plaintiffs remain in the litigation pursuing identical claims to those claims being dismissed. For the same reasons, dismissal of the Plaintiffs here will not cause Defendants to incur any substantial expenses or effort that would not have otherwise been incurred given the continuance of this case with thousands of other plaintiffs with claims arising out of the terrorist attacks of September 11, 2001.

For these reasons, Plaintiffs request that pursuant to Fed. R. Civ. P. 41(a)(2) this Court GRANT Plaintiffs' motion to voluntarily dismiss the Plaintiffs listed above without prejudice with court costs and attorneys' fees associated with this motion taxed to each party incurring same.

Dated: February 23, 2018             Respectfully submitted,

/s/ Robert T. Haefele
Jodi Westbrook Flowers, Esq. (SC-66300)
Donald A. Migliori, Esq. (RI-4936; MA-567562; MN-0245951)
Michael E. Elsner, Esq. (NY & VA-ME8337)
Robert T. Haefele, Esq. (SC75266; DC1007583; NJ58293; PA57937; NY845666 - RH-2811)
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, South Carolina 29464
Telephone: (843) 216-9000