# EXHIBIT E

**Kappler, David**

| | |
|---|---|
| **From:** | Haefele, Robert |
| **Sent:** | Wednesday, February 7, 2018 5:05 PM |
| **To:** | 'Martin McMahon' |
| **Subject:** | RE: EXTERNAL-Re: Ltr to Martin McMahon 20180206.pdf |

Marty – Your responses are a bit vexing inasmuch we see it as obvious that we have no responsibility to educate you concerning the nature of the Court's orders, you and your client's obligations to comply with those orders, or the consequences that may follow from continuing to defy the orders.  With that said, we are confident that, under the FRCP, the court's inherent powers, and related case law, Mr. Jelaidan's continued defiance of the Court's authority and his refusal to obey the Court's order to pay the sanctions previously imposed are grounds for imposition of more severe sanctions, up to and including default and contempt proceedings.  *See, e.g.,* FRCP 37 (b) (2) (vi) and (vii).

In an endeavor to ameliorate the continued waste of time on the part of the Court and the plaintiffs, we need to know *now* the degree to which Mr. Jelaidan has determined to refuse to comply with the Court's order to pay the sanctions.  His conduct thus far suggests that he has no anticipation of complying with any order of this Court – whether it is an order to produce discovery, to pay sanctions, or to sit for a deposition.

To help ameliorate the waste, please answer these straightforward questions:

- **Is Mr. Jelaidan intending to refuse to comply with the Court's order to pay sanctions?**
- **Does he intend to refuse to be deposed?**

On a related note, we are also trying to determine your own complicity in the conduct that has continued to drain enormous time and resources from the plaintiffs and the Court.  Your involvement in this litigation to date has suggested some degree of intent to willfully frustrate the ongoing proceedings in violation of FRCP 1.  The Court has already, on multiple occasions, indicated that your efforts to bring your clients into compliance with the Court's directives have fallen short, and has questioned your decision to continue representing before the Court a client for whom you had no relationship and no apparent authority to represent.  In three instances (MWL/IIRO, Rabita Trust, and Sanabel), after wasting years of time and resources in discovery disputes brought to the Court's attention, you ultimately ceased representing defendants, two of which ultimately defaulted and, in the case of MWL/IIRO, a pair that still face threat of sanctions based on discovery failures while you represented them.

In the case of Mr. Jelaidan, your client spent years refusing to engage in discovery, for which the Court (after exhibiting enormous patience) ultimately imposed sanctions and described the conduct as a "willful[] disregard [of Mr. Jelaidan's] discovery obligations" and "in bad faith."  Only after going through the process of unsuccessfully appealing that determination, you now imply that Mr. Jelaidan never had any intention to pay the sanctions imposed.  That implication, coupled with your most recent unusual position – that plaintiffs' bear the burden to bring your client into compliance with a court order imposing financial sanctions -- suggests some level of complicity in fostering the intransigence and allowing the drain to continue.  Especially under the circumstance presented here, your request that we should provide legal authority as to why your client must comply with a court order, and your suggestion that the plaintiffs ought to be responsible for paying your client's attorney fees for activities the Court ordered him to perform, are odd – to say the least.

Please advise us whether your client will comply with the Court's order or refuse to do so.  Please also advise us now if Mr. Jelaidan will refuse to be deposed.

Thanks,

**Robert Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com

**From:** Martin McMahon [mailto:mm@martinmcmahonlaw.com]
**Sent:** Wednesday, February 7, 2018 9:42 AM
**To:** Haefele, Robert <rhaefele@motleyrice.com>
**Subject:** EXTERNAL-Re: Ltr to Martin McMahon 20180206.pdf

Dear bob in response to ur recent letter I hav 2 questions 1st am I correct that the funds r located in switzerland? Second do u have any authority for the proposition that an atty in a us case has an affirmative obligation to track down or secure assets that his client owns overseas to satisfy a judgment entered in favor of a judgment creditor I look f o r ward to reading that case law and will respond accordingly I would think that u have to hire local counsek f ile a proceeding in Switzerland seeking that kind of relief and explain that wael secured a license etc I don't have that ki n d of expertise I await ur response Martin+

On Feb 6, 2018 4:52 PM, Haefele, Robert <rhaefele@motleyrice.com> wrote:

> Martin – Thanks for the response and yes, please send me the license ASAP.  It surprises me a bit that you learned about the license being granted only today.  Even though I am not the license applicant, I received a call last Friday.  I'd also add that I do not share your view of this as a collections matter.  There is a sanctions order against your client, Mr. Jelaidan, in 03 MDL 1570.  He would be violating a Court order if he were to NOT make the payment as directed.  I suggest that Mr. Jelaidan (and though I am not sure, but possibly even you) may be put in a further difficult position if you and he were to decline to take any steps to comply with the order.   Are you suggesting that neither you nor Mr. Jelaidan intend to take any steps to comply with the Court's order?
>
> **Robert Haefele** | Attorney at Law | Motley Rice LLC
> 28 Bridgeside Blvd. | Mt. Pleasant, SC 29464
> o. 843.216.9184 | f. 843.216.9450 | rhaefele@motleyrice.com
>
>
> On Feb 6, 2018 4:12 PM, "Martin McMahon" <mm@martinmcmahonlaw.com> wrote:
>> Dear Bob:
>>
>> I did call into the Treasury earlier today and learned that the license had been issued. However, I wanted to inform you that I have no experience in terms of using that license to secure payment of fees. I'm not challenging the fact that there was an order issued by the magistrate providing for those fee awards. My problem is that I have secured a number of licenses in the past, but I needed to secure them so that I could represent a specially designated terrorist.
>>
>> I have a question because I thought the money is located in Switzerland, but maybe I'm wrong about that. In any case, I don't see why your firm cannot take over this collection measure at this stage and I assume that it will be a lot of work involving Swiss attorneys if that's where the money is. FYI, Swiss courts are not exactly thrilled about working with Americans on the alleged War on Terrorism. They receive a lot of applications, but not a lot of hard facts proving that Mr. X is a terrorist. FYI, I have not yet received the license, but when I do I will fax the original to you. But again I ask, what is the issue with you taking over the collection measure at this stage?

As you know, I have not billed you for the time my firm has spent to secure that license, and it would appear to me that there would substantial legal fees incurred for anyone who tries to collect on that judgment. So, please get back to me with your insights on the matter.

Martin

On Tue, Feb 6, 2018 at 3:56 PM, Haefele, Robert <rhaefele@motleyrice.com> wrote:

Marty – Please see attached correspondence regarding your client, Wa'el Jelaidan, and the sanctions previously imposed on him.

Regards,

**Robert Haefele** | Attorney at Law | Motley Rice LLC
28 Bridgeside Blvd. | Mt. Pleasant, SC 29464 | rhaefele@motleyrice.com
o. 843.216.9184 | c. 843.834.1951 | f. 843.216.9450

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.

--
**Martin F. McMahon, Esq.
Martin McMahon & Associates
1150 Connecticut Ave., N.W., Suite 900
Washington, D.C. 20036
Tel: (202) 862-4343
Fax: (202) 828-4130**

**This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message**

3

**and kindly notify the sender by reply email.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed therein.**