# EXHIBIT F

## Kappler, David

| | |
|---|---|
| **From:** | Martin McMahon <mm@martinmcmahonlaw.com> |
| **Sent:** | Thursday, February 8, 2018 2:22 PM |
| **To:** | Haefele, Robert |
| **Subject:** | EXTERNAL-Re: Sanctions Order Entered Against Defendant Jelaidan |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Dear Bob:

I was hoping we could continue this dialogue on a civil basis, but you have chosen to insult me and Mr. Jelaidan and make factual misrepresentations. I guess this is all designed to educate Magistrate Netburn that Mr. McMahon is a bad attorney who can't be trusted and Wael Jelaidan is a terrorist. I don't think that's going to get you very far because neither of those baseless characterizations have anything to do with the matter at hand.

For some thirteen years or so, attorneys on different sides of the aisle have been getting together with one purpose in mind: how can we make sure that we narrow our differences and exchange caselaw and other authority backing up our prospective propositions? The goal is to simplify the matter for the magistrate, and provide the magistrate with all relevant caselaw authority and let her decide the matter. That is why I find your refusal to share caselaw authority backing up your position to be so unusual.

As I recall, and I'm sure you'll correct me if I'm wrong, there were two defendants in the same boat, i.e. al Haramain and Wael Jelaidan. Each had an outstanding sanctions order entered against them. Apparently, al Haramain had assets on hand on U.S. soil and/or available cash to simply write a check to you guys and be done with it. That of course is not the situation with Wael Jelaidan. As you know, his bank accounts are located in Switzerland and at this time, they are subject to a special Swiss government edict, i.e. the accounts were not merely frozen by the authorities.

In an effort to educate myself, I re-read the orders from Magistrate Maas and Judge Daniels, and I don't see any obligation on my part to assist you with obtaining monies located overseas. And that's why I ask you if you have caselaw for the proposition that an attorney representing a defendant on US soil has an affirmative obligation to trace and locate assets located overseas in order to satisfy the Plaintiffs' judgment. Your position, in any case, troubles me for a number of reasons.

First, the accounts are subject to a very special order issued by the Swiss government. I remember in one of our submissions to the Magistrate, we described what the situation was and translated the French language involved. Unless I'm mistaken, or things have changed, it is going to be very difficult to convince the Swiss government to undue their seizure of those bank accounts. Second, I think what this will entail is your firm hiring a Swiss attorney who can convince the Swiss government to revoke its order seizing these accounts. Third, the Swiss attorney you hire will have to start a proceeding and name the bank holding these accounts as a defendant. Counsel can inform the bank that if OFAC agrees of course, the license that Jelaidan received from OFAC could be assigned to you guys. And the bank, of course, would be put on notice of the relief you would seek and could take any position it desired.

Please keep in mind that Mr. Jelaidan may try to borrow some funds to fight whatever proceeding that your Swiss attorney files in Switzerland and may actually intervene in that litigation. Both he and I have always maintained that the designation was wrongful and based on classic hearsay evidence, i.e. newspaper clippings. I don't know if Magistrate Netburn knows that this is how OFAC officials designate people as terrorists--very flimsy evidence. In any case, an argument could be made to the Swiss authorities that the

1

designation was illegal because it was based on hearsay evidence, much like the golden chain. If I recall, your law firm was a proponent of the golden chain document, which 5 separate judges rejected as classic hearsay.

The bottom line is that Wael Jelaidan is not in a position to simply write a check and pay off those judgments. Again, we reiterate that we don't dispute the fact that an order was entered by Magistrate Maas and affirmed by Judge Daniels and we have no intention of disobeying that order. What we do dispute is that either I or Mr. Jelaidan have an obligation to collect these funds for you. That is why I have asked you for
the caselaw authority that you have relied upon. Mr. Jelaidan had no due process rights when it came to his designation. It was a fate accompli. I don't believe that will be the situation in Switzerland, and he has every right to dispute OFAC's conclusion that he's a terrorist.

As you probably know, there is some evidence of a double standard practiced by OFAC, i.e. the Pakistani President headed up Rabita Trust, but resigned two weeks before the terrorist designation because he received a head's up from OFAC officials that the entity was to be designated. Why hasn't President Musharraf been designated as a terrorist since he had more substantial links to Rabita Trust than Wael Jelaidan?

Finally, I hope this email serves to educate you about what our position is, but I reiterate that I will not address all of the nonsense you mention in your email. We do not intend to engage in ad hominem attacks.

Martin

--
**Martin F. McMahon, Esq.**
**Martin McMahon & Associates**
**1150 Connecticut Ave., N.W., Suite 900**
**Washington, D.C. 20036**
**Tel: (202) 862-4343**
**Fax: (202) 828-4130**

**This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed therein.**