# EXHIBIT P

GAKTTERC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE:  TERRORIST ATTACKS ON
SEPTEMBER 11, 2001
                                    03 MDL 1570 (GBD)(FM)
------------------------------x

                                    New York, N.Y.
                                    October 20, 2016
                                    11:30 a.m.

Before:

                 HON. SARAH NETBURN,

                                    Magistrate Judge

                       APPEARANCES

KREINDLER & KREINDLER
     Attorneys for Ashton Plaintiffs
BY:  JAMES KREINDLER

MOTLEY RICE
     Attorneys for Burnett Plaintiffs
BY:  ROBERT T. HAEFELE
     JODI WESTBROOK FLOWERS

ANDERSON KILL & OLICK
     Attorneys for O'Neill Plaintiffs
      and Plaintiff's Executive Committee
BY:  JERRY S. GOLDMAN

WIGGINS, CHILDS, QUINN & PANTAZIS
     Attorneys for Havlish and Hoglan Plaintiffs
BY:  TIMOTHY B. FLEMING
     DENNIS G. PANTAZIS
```

1         THE COURT:  Why don't we assume now that we will have
2    oral argument on the motion on the 18th of January unless I
3    find that of all my other cases disappear and I have nothing
4    else to do but focus on this motion in the next month or two.
5         MR. KABAT:  Your Honor, I'm also the attorney for
6    Perouz Sedaghaty, and we're willing to rest on the submission
7    of docket number 3317, which is our letter to Judge Mass from
8    July 15.  But if you wish to have oral argument, we're willing
9    to participate on January 18 or some later date with respect to
10   the motion that you mentioned.
11        THE COURT:  Okay.  Thank you very much.
12        On my schedule, the next question is:  Are there any
13   other pending motions?  Anything else that I should know about?
14        MR. CARTER:  Your Honor, Sean Carter again.  It's not
15   so much a pending motion as there are a few loose ends relating
16   to issues that Judge Maas addressed previously.
17        Judge Maas had issued a monetary penalty against Wa'el
18   Jalaidan, one of the defendants involved in discovery.  Judge
19   Daniels thereafter formalized that monetary penalty and
20   required defendant Jalaidan, who has an executive order 13224
21   especially designated global terrorist, to undertake steps to
22   obtain a license from the Office of Foreign Assets Control, as
23   would be required in order to make payment of the penalty to
24   us.
25        Several months ago there was an indication that an

GAKTTERC

1     application to the Office of Foreign Assets Control had been
2     submitted.  It's been quite a while and we haven't heard
3     anything further regarding the issue, so from the plaintiffs'
4     perspective I think we're wondering whether or not the license
5     has been issued; if it has not, whether or not we can perhaps
6     see some of the communications with the Office of Foreign
7     Assets Control so we can better understand what the delay might
8     be, and to the extent the license has been issued, whether or
9     not the defendant intends to make the payment mandated by the
10    Court.
11              THE COURT:  Is the Court the entity that was supposed
12    to make this application?
13              MR. CARTER:  No, the defendant himself made the
14    application and affirmed to the Court, and as required by Judge
15    Daniels, that an application had been submitted.
16              THE COURT:  I'm sorry, I'm not clear on what you're
17    asking of me, or maybe you're just giving me an update.
18              MR. CARTER:  Your Honor, I think what we're asking is
19    that counsel for defendant Jalaidan apprise both the Court and
20    the plaintiffs as to the status of the application to obtain
21    the license necessary to make this payment, and if the license
22    has been issued, to explain why the payment has not issued.
23              THE COURT:  Okay.  Is counsel for Wa'el Jalaidan in
24    the room?
25              No.

1      MR. CARTER:  I don't think so, your Honor.

2      THE COURT:  I will take that request under advisement.

3      Okay.  Before we end let me pull the lens back a
4 little bit now and talk to you all about going forward with
5 this case.  And maybe, Mr. Carter, you're the one to talk to me
6 about this.  Is there a vision of how this case moves forward
7 in this sort of traditional litigation posture, which is to say
8 is there a schedule for discovery, should there be a schedule
9 for discovery, are there depositions that can be taken and
10 should be taken?  Where are things?

11      MR. CARTER:  Your Honor, what we did I think a little
12 over a year ago, with Judge Maas' approval, is to suggest a
13 sort of rolling schedule for filing motions to compel as to the
14 defendants.  And the deadline for filing the motions to compel
15 was determined in large degree by when the defendants
16 themselves indicated that they would be done making their
17 rolling productions of documents.

18      The two problems that we had encountered were, one, in
19 an environment where the defendants were still producing
20 documents, it was very difficult for us to determine what might
21 be missing, and therefore very difficult for us to file the
22 necessary motions to compel.

23      And in the same vain, in a world where there was a
24 potential that a massive influx of additional documents were
25 going to be submitted, it was difficult for us to move forward