KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

March 5, 2018

*Via ECF and Facsimile*

The Honorable George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
            (All Actions):  Response to Plaintiffs' Letter of March 1

Dear Judge Daniels:

      I write on behalf of the Kingdom of Saudi Arabia ("Saudi Arabia") and the Saudi High Commission ("SHC") in response to certain Plaintiffs' letter dated March 1, 2018, ECF No. 3914 (as corrected on March 2), as it refers to the pending motions to dismiss of Saudi Arabia and SHC. Plaintiffs err in contending that *Linde v. Arab Bank, PLC*, Nos. 16-2119-cv(L) et al., 2018 WL 797454 (2d Cir. Feb. 9, 2018), supports jurisdiction over Saudi Arabia and SHC.  So far as *Linde* is relevant, it cuts the other way.  And Plaintiffs' arguments unrelated to *Linde* are unpersuasive.

      **1.**    The *Linde* plaintiffs were injured by terrorist attacks in Israel committed by the designated terrorist organization Hamas.  They obtained a verdict against Arab Bank based on jury instructions that the knowing provision of financial services to terrorists in violation of 18 U.S.C. § 2339B was, without more, an "act of international terrorism," *id.* § 2333(a), under the Anti-Terrorism Act ("ATA").  The Second Circuit reversed, holding that "material support to a terrorist organization does not invariably equate to an act of international terrorism," *Linde*, 2018 WL 797454, at *9.  A plaintiff must also establish the "definitional requirements" of § 2331 – including that the act be "'violent . . . or dangerous to human life'" and "'appear to be intended'" to "'intimidate or coerce'" civilians or a government or "'to affect the conduct of a government by mass destruction, assassination, or kidnapping.'"  *Id.* at *3, *9 (quoting 18 U.S.C. § 2331(1)(A)-(B)).

      The Second Circuit rejected the *Linde* plaintiffs' contention that the jury-instruction error was harmless because Arab Bank had aided and abetted Hamas's terrorist acts.  The court explained that "aiding and abetting an *act* of international terrorism requires more than the provision of material support to a designated terrorist *organization*":  the "secondary actor [must] be 'aware' that, by assisting the principal, it is itself assuming a 'role' in terrorist activities."  *Id.* at *11.  The Second Circuit stopped short of requiring a "wish[ ] to bring about" terrorist acts or

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable George B. Daniels
March 5, 2018
Page 2

knowledge of "specific attacks," but made clear that mere "knowledge of [an] organization's connection to terrorism" would not give rise to aiding-and-abetting liability. *Id*.

The Second Circuit also rejected the *Linde* plaintiffs' contention that the jury's finding of causation as part of its finding of ATA liability was sufficient to sustain liability under an aiding-and-abetting theory. *See id.* at *12. The court of appeals explained that "[c]ausation" under the ATA "focuses on the relationship between an alleged act of international terrorism and a plaintiff's injury," but "aiding and abetting focuses on the relationship between the act of international terrorism and the secondary actor's alleged supportive conduct." *Id*. The Second Circuit declined to decide whether the trial evidence was sufficient to establish that Arab Bank's acts had caused the *Linde* plaintiffs' injuries. *See id.*

**2.** Applied to Saudi Arabia's and SHC's motions to dismiss, *Linde* confirms that Plaintiffs have failed to allege or come forward with evidence of any "tortious act," 28 U.S.C. § 1605B(b)(2), by any official, employee, or agent of either sovereign entity – as the plain language of the Justice Against Sponsors of Terrorism Act ("JASTA") requires for jurisdiction. Plaintiffs have contended that "material support of terrorism is a tortious act" under the ATA, ECF No. 3782, at 9, and that JASTA requires them to allege no more than such support (plus what some of them have termed an "incredibly modest" causal connection, ECF No. 3898, at 41:22-24) to establish jurisdiction. *Linde* rejects that contention: primary ATA liability extends only to acts that "involve violence or endanger human life" and "appear to be intended to intimidate or coerce a civilian population or to influence or affect a government," 2018 WL 797454, at *8. In this case, Plaintiffs have not even alleged, much less come forward with evidence, that any official, employee, or agent of Saudi Arabia or SHC committed such acts. Accordingly, they have no case against Saudi Arabia or SHC for primary liability.

**3.** Because the *Linde* defendants were not sovereign, *Linde* did not address whether secondary liability under the ATA extends to foreign sovereigns and did not construe JASTA's new exception to foreign sovereign immunity, 28 U.S.C. § 1605B. Plaintiffs' arguments on those points lack merit, and *Linde* reinforces their inability to plead the required scienter.

*First*, aiding-and-abetting liability under the ATA extends only to entities that are "persons" under the Dictionary Act. 18 U.S.C. § 2333(d)(1) (citing 1 U.S.C. § 1). Foreign sovereigns are not. *See* ECF No. 3851, at 8 (citing cases).* Plaintiffs point to JASTA's authorization of ATA claims against foreign sovereigns "in accordance with [18 U.S.C. §] 2333," 28 U.S.C. § 1605B(c), and claim (at 4 n.7) that this "trump[s]" the definition of

---

* Plaintiffs complain (at 4) that Saudi Arabia asserted for the first time on reply its point that aiding-and-abetting liability does not extend to foreign sovereigns. That point was within the fair scope of reply because it responded to Plaintiffs' erroneous contention in their opposition that JASTA's jurisdictional provisions should be construed to authorize jurisdiction whenever a claim is stated for aiding-and-abetting liability. ECF No. 3782, at 8.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable George B. Daniels
March 5, 2018
Page 3

"person" in § 2333(d).  But an authorization to bring claims "in accordance with" § 2333 means that any claims must conform to the requirements of § 2333.  *See, e.g., Erlich v. United States*, 104 Fed. Cl. 12, 16 (2012) (declining to read "'in accordance with' to mean anything other than the usual 'in agreement with' or 'in conformity with'").  One of those requirements is that an aider-and-abettor must be a "person" under the Dictionary Act.  Plaintiffs' contention that JASTA overrides § 2333(d)'s plain terms by authorizing claims "in accordance with" § 2333 is unpersuasive.

*Second*, even if aiding-and-abetting liability could apply to foreign sovereigns, the aiding-and-abetting standard would not override JASTA's jurisdictional requirement that the plaintiff's injuries be "caused by," 28 U.S.C. § 1605B(b), the tortious act of a foreign state.  Because Plaintiffs cannot show that any actions of Saudi Arabia or SHC (or any official, employee, or agent of either) were both the proximate and the but-for cause of their injuries, JASTA does not authorize their claims against Saudi Arabia or SHC – under the ATA or otherwise.  That point is reinforced by § 1605B(c)'s language permitting ATA claims against foreign sovereigns "if the foreign state would not be immune under [§ 1605B](b)."  Where (as here) Plaintiffs cannot meet § 1605B(b)'s separate causation requirement, § 1605B(c) never comes into play.

*Finally*, and in any event, Plaintiffs' claims for secondary liability under the ATA also fall short on scienter grounds.  Plaintiffs mischaracterize *Linde* as "holding that aiding and abetting liability requires only a showing that the defendant was 'generally aware' of its role in an overall tortious endeavor."  ECF No. 3914, at 3.  Not so:  the standard enunciated by *Linde* requires "'general[ ] aware[ness]'" of a "'role' in . . . *violent* or *life-endangering* activities." 2018 WL 797454, at *11 (emphases added).  And *Linde* gave an example:  if a properly instructed jury had credited evidence that Arab Bank was "alerted" that certain money "transfers being requested" by Hamas "were payments for suicide bombings," *id.*, that jury could have found the necessary state of mind.  But here there is no concrete allegation or evidence that Saudi Arabia or SHC donated or transferred funds it was aware would be used for terrorist attacks.  And *Linde* makes clear that is the type of awareness that aiding-and-abetting liability requires.

        Respectfully submitted,

        */s/ Michael K. Kellogg*

        Michael K. Kellogg

cc:    The Honorable Sarah Netburn (via ECF)
       All MDL Counsel of Record (via ECF)