**KREINDLER & KREINDLER** LLP

750 Third Avenue
New York, NY 10017-2703
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

March 6, 2018

<u>Via ECF and Facsimile</u>
The Honorable George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
>        *Ashton,* 17-cv-02003 (GBD)(SN)

Dear Judge Daniels:

The *Ashton* plaintiffs respectfully submit this letter in response to the March 5, 2018 letter of Michael Kellogg for the Kingdom of Saudi Arabia ("KSA") and Saudi High Commission ("SHC"), ECF 3916.

The recent decision in *Linde v. Arab Bank, PLC*, Nos. 16-2119-cv(L) et al., 2018 WL 797454 (2d Cir. Feb. 9, 2018), addressed by Mr. Kellogg does not consider or alter the applicable law on the KSA's Rule 12(b)(1) jurisdictional motion to dismiss.  To the extent that *Linde* is relevant at all, it: (1) demonstrates the critical need for discovery in terrorism cases -- which allowed the *Linde* plaintiffs to present and eventually settle their claims; and (2) shows how claims involving material support to terrorism raise complex issues of fact that can only be resolved at trial.

We are compelled to respond to a new argument (and misstatement) made by Mr. Kellogg, namely his claim that "Plaintiffs have not even alleged, much less come forward with evidence" that the KSA or SHC committed acts of international terrorism as defined in the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2331.  ECF 3916 at 2.

This claim is flatly wrong: the *Ashton* plaintiffs specifically alleged that the KSA and its SHC committed acts of international terrorism under the ATA.  We alleged that "Saudi Arabia committed an act or acts of international terrorism, as defined in 18 U.S.C. § 2331(1)(A)" and that

the aforesaid act or acts of international terrorism:
a.        involve a violent act or acts dangerous to human life, as demonstrated by the known and foreseeable outcomes of injury and death resulting from providing substantial assistance to al Qaeda terrorists;

California Office
707 Wilshire Boulevard, Los Angeles, CA 90017-3613
Tel: (213) 622-6469  Fax: (213) 622-6019

Massachusetts Office
855 Boylston Street, Boston, MA 02116-2688
Tel: (617) 424-9100  Fax: (617) 424-9120

March 6, 2018
Page 2

b.      were committed primarily outside the territorial jurisdiction of the United States and also transcended national boundaries in terms of the means by which they were accomplished, the persons they appear intended to intimidate or coerce, and the locales in which their perpetrators operated; and

c.      appeared to be intended to intimidate or coerce a civilian population; to influence the policy of a government by intimidation or coercion; or, to affect the conduct of a government by mass destruction, kidnapping or assassination.

*Ashton* complaint ¶¶ 58, 66.[1]  In addition, in our complaint, our papers opposing the KSA's motion and at oral argument the *Ashton* plaintiffs addressed in detail those tortious acts of international terrorism; how the 9/11 disaster was "caused by" those acts; and, the discovery of the KSA that the plaintiffs needed to properly oppose the jurisdictional motion with admissible evidence.

*Linde* held that the determination of whether an act constituted "international terrorism" must be decided by the jury and not as a matter of law.  The Second Circuit stated that its holding was not contrary to *Boim v. Holy Land Foundation for Relief and Development*, 549 F.3d 685 (7th Cir. 2008) (en banc), but found that it was unnecessary to follow *Boim* in holding that "direct monetary donations to a known terrorist organization satisfy § 2331(1)'s definitional requirements for an act of terrorism."  *Linde*, 2018 WL797454 at *9.  This issue was not raised by the KSA's motion and in any event cannot be addressed before the plaintiffs are allowed to conduct discovery.

Indeed, at oral argument, Mr. Kellogg agreed that the relevant standard on the jurisdictional motion was whether the KSA provided "material support for the terrorist organization that perpetuated the 9/11 attacks…with knowledge or deliberate indifference to the commission of the terrorist acts."  ECF 3898 at 7:16-22.

Respectfully submitted,

/s/ James P. Kreindler
James P. Kreindler, Esq. (JK 7084)
Steven R. Pounian, Esq.
Justin T. Green, Esq.
Andrew J. Maloney, III, Esq.
Megan W. Benett, Esq.
*Attorneys for Ashton Plaintiffs*

cc:     The Honorable Sarah Netburn, U.S. Magistrate Judge (via ECF)
        All MDL Counsel of Record (via ECF)

---

[1] The CAC plaintiffs made similar allegations in their complaint.  CAC Complaint, ¶¶ 340, 344.