March 7, 2018

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**VIA ECF**

    Re:    *In Re: Terrorist Attacks on Sept 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

I write in response to the letter from Robert Haefele that he filed with the Court concerning Wael Jelaidan. He has included in his letter a regurgitation of the history of the proceeding concerning Mr. Jelaidan and the ultimate entry of a sanctions award made against him by Magistrate Maas. I don't think going back in history in this case is going to shed any light on the issues that Mr. Haefele wants you to address, so I'll proceed to address his current concerns.

It appears that Mr. Haefele's main concern is that both myself and Defendant Jelaidan have an ongoing and continuing obligation to assist the 9/11 lawyers in terms of getting the sanctions order satisfied. I am only addressing the Court on the concern he has that I personally have an ongoing obligation to assist the 9/11 lawyers in terms of satisfying the sanctions order. Whether Defendant Jelaidan has an ongoing obligation, Mr. Haefele should discuss that with his Saudi-based attorney, Bassim Alim, a Georgetown law graduate. For your information, Mr. Haefele has criticized me because I have asked for the legal authority that backs up his proposition that both myself and Defendant Jelaidan bear some obligation to assist the 9/11 lawyers in collecting on this judgement.

As I explained to him in an email (see Exhibit A), for 12 years in this case, it has been established procedure that a moving party supply the other party with caselaw authority for the proposition that he is advancing. The goal is to frame the issues appropriately, so that the Magistrate can decide the issue in an efficient manner. I have yet to receive any caselaw from Mr. Haefele that holds that either myself or Defendant Jelaidan has an obligation to assist the 9/11 lawyers with this international collections matter.

And as this Court knows, OFAC eventually issued a license, which apparently Mr. Haefele secured before I even knew that it had been issued. He had apparently been in a dialogue with Treasury Department personnel concerning the issuance of that license. Most importantly, Attorney Haefele has never asserted the fact that he was ever informed by Treasury personnel that I in any way had tried to slow down that process.

Now that this license has been issued, Mr. Haefele is of the view that I must expend my best efforts to secure satisfaction of the sanctions order. I have asked my law clerks to research this issue. They have not found any caselaw that once a sanctions order is issued, that the attorney for the defendant

has an obligation to assist a plaintiff levy on assets located in a different jurisdiction. That is why I initially asked Mr. Haefele if he had any caselaw to that effect.

Although I am no expert on this issue, my understanding is that the attorney who secures the judgment hires an attorney in another jurisdiction where he believes certain assets are located. He perfects the judgment by sending it to another lawyer, a collections attorney who then records it in that jurisdiction. Then, of course, the attorney in that jurisdiction can levy upon all assets owned by the judgment debtor. I have no idea what efforts Mr. Haefele has expended in terms of locating attorneys overseas who could assist the 9/11 attorneys on this matter.

In any case, what I have suggested to him is that he start a dialogue with the attorney who represents Defendant Jelaidan in Saudi Arabia, Bassim Alim, to secure deposition dates, for example. Although he gets angry when I tell him this, I do not see any reason for me to be in the middle of that dialogue. Mr. Alim is a very accomplished Georgetown law graduate and I have been informed that Mr. Jelaidan has no funds to pay for any of my services. For your information, your Honor, we have already been in a dialogue about setting up a deposition date with the 9/11 lawyers Executive Committee. I have suggested that since Mr. Jelaidan likely cannot make a deposition in London, that his deposition be done via Skype.

Mr. Haefele repeatedly cites the fact that I am encouraging Defendant Jelaidan to litigate the matter with respect to ancillary proceedings to be filed by the 9/11 lawyers in different countries. All I informed Mr. Haefele was that Defendant Jelaidan never received any due process from OFAC before he was designated as an international terrorist. I also advised him, based on the fact that Defendant Jelaidan's designation was based on newspaper clippings, that Defendant Jelaidan may actually decide to contest the initial OFAC designation in a foreign jurisdiction if he can round up some funds.

I never told Mr. Haefele that Defendant Jelaidan had no intention of paying the sanctions order. That is something for Mr. Haefele to discuss with Defendant Jelaidan's Saudi-based attorney.

In the past two weeks, I have been sending out emails to Attorney Alim in an effort to secure instructions as to how I should proceed. I have finally been informed that Defendant Jelaidan is available for a deposition in Saudi Arabia, and this matter should be discussed between the 9/11 lawyers and Attorney Alim, who is located in Jedda.

Should the Court have any questions about this issue, I am available to discuss the matter.

> Respectfully submitted,
>
> /s   *Martin McMahon*
> Martin F. McMahon, esq.
> Martin F. McMahon & Associates
> 1150 Connecticut Ave., Ste. 900
> Washington, DC 20036
> mm@martinmcmahonlaw.com
> Office #: (202) 862 - 4343