UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD) (SN) ECF Case |

This document relates to:

*Ashton, et al. v. Kingdom of Saudi Arabia,* No. 17-cv-02003
*Ashton, et al. v. al Qaeda, et al.,* No. 02-cv-6977

**MEMORANDUM OF LAW IN SUPPORT OF THE ASHTON
PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD**

The *Ashton* plaintiffs submit this memorandum of law in support of their motion to supplement the record in opposition to the motion of the Kingdom of Saudi Arabia ("KSA") to dismiss.

The *Ashton* plaintiffs should be allowed to supplement the record to add two exhibits filed by the U.S. government in the 2004 civil court proceeding brought by Omar Abdi Mohamed ("Abdi Mohamed") in the Southern District of California.

As set forth in the accompanying attorney's declaration, at the time of filing their motion papers last November, counsel for the *Ashton* plaintiffs mistakenly believed that they had reviewed all of the relevant public court documents concerning Abdi Mohamed. Earlier this week, however, counsel discovered for the first time that there was a second civil court file in the Southern District of California which contained additional U.S. government documents and facts highly relevant to plaintiffs' opposition to the KSA's motion and discovery demands.

**ARGUMENT**

Provided there is no evidence of prejudice to the defendant or bad faith on the part of the plaintiff, courts have routinely allowed the plaintiff to supplement the record on a Rule 12(b)(1)

motion.  *Spano v. V & J Nat'l Enterprises, LLC*, 264 F.Supp.3d 440, 453 (W.D.N.Y. 2017). That is because "the parties will be best served by the Court's deciding the issue presented to it on the most complete factual basis possible...."  *Id.*

      Here, there is no unfair prejudice to the KSA.  The recently discovered U.S. government documents describe KSA documents that were prepared by and are in the possession of the KSA.  Plaintiffs are entitled to obtain those documents through discovery.

      As set forth in the accompanying attorney's declaration, there was no bad faith by plaintiffs, who were not aware of the existence of the separate civil court file until earlier this week.

      The newly discovered U.S. government documents are highly relevant to plaintiffs' requests for jurisdictional discovery.  First, a U.S. Attorney's brief confirms that Abdi Mohamed was not a "missionary" as claimed by the KSA in its motion papers, KSA Reply at 37, but that he was working undercover for the KSA's Ministry of Islamic Affairs inside the United States on "intelligence gathering missions."  Supp. Exh. 1 at 4; Supp. Exh. 2 at 2 – 3.

      In addition, that brief states that the U.S. government decided - because of its "diplomatic relations" with the KSA - not to prosecute Abdi Mohamed for his criminal activities inside the U.S. other than immigration fraud. Supp. Exh. 1 at 4.

      Finally, a U.S. Treasury investigation report cites a January 1998 KSA document which states that a high ranking KSA official within the KSA's Ministry of Islamic Affairs assigned Fahad Thumairy ("Thumairy") to supervise Abdi Mohamed.  Supp. Exh. 2 at 3.  This fact, once confirmed through discovery, provides new additional support for plaintiffs' allegations and proof that a group of KSA employees (Thumairy, Omar Bayoumi and Abdi Mohamed) had established an al Qaeda support cell in Southern California at the direction of one or more senior

KSA officials at its Embassy in Washington, D.C. or elsewhere, including KSA official Khalid Sowailem ("Sowailem"). Specifically, those KSA employees in California not only (1) provided and arranged direct support to the 9/11 hijackers, but (2) provided substantial money laundering for al Qaeda from 1998-2001 through the King Fahd Mosque (where Thumairy was assigned by the KSA to serve as Imam and handled the finances) and the Western Somali Relief Agency in San Diego established and run by Abdi Mohamed at the direction of Sowailem and Thumairy.

## CONCLUSION

The *Ashton* plaintiffs' motion to supplement the record should be granted.


Dated:  New York, New York
        March 9, 2018                        Respectfully Submitted,

                                             /s/ Steven R. Pounian
                                             Steven R. Pounian, Esq. (SP 5795)
                                             James P. Kreindler, Esq.
                                             Justin T. Green, Esq.
                                             Andrew J. Maloney, III, Esq.
                                             Megan W. Benett, Esq.
                                             KREINDLER & KREINDLER, LLP
                                             750 Third Avenue, 32nd Floor
                                             New York, NY 10017
                                             Tel: (212) 687-8181
                                             *Attorneys for Ashton Plaintiffs*