UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                        )
IN RE:  TERRORIST ATTACKS ON           )    Civil Action No. 03 MDL 1570 (GBD)
SEPTEMBER 11, 2001                      )    ECF Case
_____ )

This document relates to:

*Ashton, et al. v. al Qaeda, et al.*, No. 02-cv-6977
*Ashton, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-2003

### OPPOSITION TO *ASHTON* PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD IN OPPOSITION TO THE MOTION TO DISMISS FILED BY THE KINGDOM OF SAUDI ARABIA

Defendant the Kingdom of Saudi Arabia ("Saudi Arabia") opposes the motion filed by Plaintiffs in Nos. 02-cv-6977 and 17-cv-2003 (the "*Ashton* Plaintiffs") to supplement the record.

Parties seeking to supplement the record after the close of briefing must show why they could not earlier have discovered the proffered materials through due diligence.  *See In re Terrorist Attacks on September 11, 2001*, 392 F. Supp. 2d 539, 550 (S.D.N.Y. 2005) (Casey, J.) ("*Terrorist Attacks I*") (denying a motion to supplement by the *Federal Insurance* Plaintiffs "on the eve of oral argument" for reasons including failure to explain "why they were only able to obtain and translate" the proposed supplemental materials until "well after the motions were fully submitted"), *aff'd*, 538 F.3d 71 (2d Cir. 2008); *see also Ortho Diagnostic Sys., Inc. v. Abbott Labs., Inc.*, 926 F. Supp. 371, 372 (S.D.N.Y. 1996) ("An application to reopen the record ordinarily will be denied unless the party seeking to expand the record failed to adduce the evidence sought to be added notwithstanding its own due diligence.").  The Court may also deny a motion to supplement the record because the proffered material is "basically cumulative and would shed substantially no light on the issues." *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 723 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998).

The *Ashton* Plaintiffs fail to show that they exercised due diligence. They admit that the materials they submit were available on a public court docket for a jurisdiction they were already searching (the Southern District of California) under the name they already knew (Omar Abdi Mohamed). *See* ECF No. 3928, at 1. Although they say they learned of a civil habeas proceeding involving Abdi Mohamed only last week, *id.*, they do not explain why due diligence would not have enabled them to identify that proceeding sooner, nor do they say what new information (if any) came to their attention last week that caused them to discover that proceeding. The Court may take notice that a PACER search for Abdi Mohamed's name in the Southern District of California returns the civil habeas proceeding as one of two results.[*]

In any event, the *Ashton* Plaintiffs' proffered materials shed no light on the issues before the Court. Initially, the materials are not even evidence. Proposed Supplemental Exhibit 1, ECF No. 3930-1, is a brief filed by an attorney for U.S. Immigration and Customs Enforcement ("ICE") in an administrative hearing on Abdi Mohamed's request for a redetermination of his bond. But pleadings and allegations made by nonparties in other litigations are hearsay, *see Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 330-31 (S.D.N.Y. 2009), and the *Ashton* Plaintiffs make no effort to show that ICE's brief can be properly considered for the truth of the matters it asserts. Proposed Supplemental Exhibit 2, ECF No. 3930-2, is an interim report from the Customs Service, *see id.* at 1 ("CASE STATUS: INTERIM RPT"), which is just as inadmissible as Plaintiffs' other interim investigative materials, *see* ECF No. 3851, at 18 & n.19 (citing *City of New York v. Pullman Inc.*, 662 F.2d 910 (2d Cir. 1981), and other authorities).

---

[*] Counsel for Saudi Arabia obtained the search results described above by logging into https://ecf.casd.uscourts.gov using a PACER account and entering a query for the first name "Omar," middle name "Abdi," and last name "Mohamed."

Even if they were evidence, the proffered materials would not strengthen the *Ashton* Plaintiffs' case. According to the Customs report (on which the ICE brief relies), Abdi Mohamed was allegedly responsible for reporting information about Somali and Arab communities in the United States and about particular "community leaders and converts" to Islam in those communities; "monitor[ing] media outlets" and "serv[ing] as a representative" for Saudi Arabia's views; and ensuring that "children . . . be given 'proper' instruction," presumably on religious subjects. ECF No. 3930-2, at 2. None of that suggests that his alleged fundraising activities for the Western Somali Relief Agency ("WSRA") – the focus of the *Ashton* Plaintiffs' allegations about him in this case – fell within the scope of any employment relationship he had with Saudi Arabia. ICE's characterization in its brief of his activities as "intelligence gathering," ECF No. 3930-1, at 4, does not change that result. That brief discusses Abdi Mohamed's involvement with the WSRA separately from his alleged relationship with Saudi Arabia, without any suggestion that the two were related. *Compare id.* at 4-6 *with id.* at 6-7.

Also, nothing in either of the new documents relates to the *Ashton* Plaintiffs' conclusory and unsupported assertions that the money Abdi Mohamed allegedly raised for the WSRA found its way to Al Qaeda. *See* ECF No. 3851, at 38-39 (pointing out Plaintiffs' lack of concrete allegations or evidence to establish such a connection). That omission is particularly striking because ICE was attempting to show in its brief that Abdi Mohamed should not be released on bond. *See* ECF No. 3930-1, at 6-7. If the government had any reason to think he had sent money to Al Qaeda, it would not likely have left that out.

Finally, the Customs report's secondhand reference to a document stating that "Sheik Fahd bin Ibrahim Al-Thumairi" as "oversee[ing] the propagators working in the State of California," ECF No. 3930-2, at 3, is also irrelevant. Even assuming that the individual in

3

question is the same Fahad Al Thumairy discussed in the motion papers, there is no allegation in either the Consolidated Amended Complaint ("CAC") or the *Ashton* Complaint that Al Thumairy ever contacted Abdi Mohamed or directed him to do anything. And no Plaintiffs have alleged that Omar Al Bayoumi – with whom Al Thumairy is alleged, in conclusory and insufficient fashion, to have met, *see* ECF No. 3668, at 31-33, 45-46 – was a "propagator."

Earlier today, the CAC Plaintiffs filed a letter joining in the *Ashton* Plaintiffs' motion. ECF No. 3932. The letter does not make any substantial additional arguments as to why the proffered materials should be accepted. Further, as Saudi Arabia explained in its reply, ECF No. 3851, at 37, the CAC Plaintiffs abandoned their allegations concerning Omar Abdi Mohamed when they did not respond in their opposition to Saudi Arabia's arguments relating to him.

Respectfully submitted,

 /s/ Michael K. Kellogg
Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)
*Attorneys for the Kingdom of Saudi Arabia*

March 13, 2018

## CERTIFICATE OF SERVICE

     I hereby certify that, on this 13th day of March 2018, I caused copies of this Opposition to *Ashton* Plaintiffs' Motion to Supplement the Record in Opposition to the Motion to Dismiss Filed by the Kingdom of Saudi Arabia to be served electronically pursuant to the Court's ECF system and by United States first-class mail on any parties not participating with the Court's ECF system as thereafter advised by the Court.

                                                          /s/ *Michael K. Kellogg*
                                                          Michael K. Kellogg