UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br><br>ECF Case |

This document relates to:
*All Cases*

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ALLOW AMENDED COMPLAINTS TO ADD ADDITIONAL PLAINTIFFS TO THE CONSOLIDATED ACTIONS

Pursuant to Federal Rule of Civil Procedure 15, and as part of the litigation management of this multidistrict ligation, the Plaintiffs' Executive Committees ("PEC") hereby move this Honorable Court for an order to re-implement streamlined procedures previously employed in this MDL for adding or removing plaintiffs to or from pending complaints in order to facilitate plaintiffs joining existing complaints, thereby, curtailing the proliferation of additional separate actions in the MDL.  For claims added through this procedure, parties would be bound by pre-existing motion practice in those cases.  No other amendments to said pending complaints are being sought in this motion and the substantive pleadings contained in the pending complaints on file will remain otherwise unchanged.  Counsel for the Kingdom of Saudi Arabia does not object to the proposal suggested in this application.

This Court has recently implemented procedures to facilitate streamlined processes for additional plaintiffs to join in these MDL proceedings.  These processes included the Short Form Complaint procedure endorsed on May 3, 2017, through which new plaintiffs may initiate actions against the Kingdom of Saudi Arabia and the Saudi High Commission for Relief of Bosnia &

Herzegovina. (*see* ECF Nos. 3543-45). In addition, the Court has authorized new plaintiffs to initiate actions against certain non-sovereign defendants through a stipulation procedure.

These procedures have provided efficient means for new plaintiffs to initiate new lawsuits, but do not provide a mechanism for additional plaintiffs now represented by existing counsel in the MDL to join in already pending complaints. Rather than having such additional plaintiffs initiate their own actions through the Short Form Complaint or Stipulation procedures, an approach that will result in the unnecessary proliferation of additional actions, the PECs propose that a procedure be established allowing plaintiffs to be added (or removed) from existing complaints by identifying them in lists filed as Rule 15(d) supplemental pleadings.

A similar procedure existed in the early stages of this MDL, pursuant to Case Management Order ("CMO") #2 of June 16, 2004 (*see* ECF No. 247 at ¶ 12). The provision in CMO #2, which long preceded the statutory amendments in 2013 and 2016 that changed the landscape of this multidistrict litigation,[1] authorized plaintiffs to add or delete parties using a streamlined process of identifying the parties in lists filed as Rule 15(d) supplemental pleadings. ECF No. 247 at ¶ 12. Although the procedure that facilitates filing new complaints is still authorized, the procedure to amend existing complaints to add new plaintiffs expired and requires leave of court for its implementation.

After JASTA's enactment, the *Federal Insurance, Burnett,* and *O'Neill* Plaintiffs filed their consolidated amended complaint ("CAC") against the Kingdom of Saudi Arabia ("KSA") and

---

[1] The 2013 amendment of the Antiterrorism Act ("ATA") by section 1251(e) of the National Defense Authorization Act for Fiscal Year 2013, Pub. L. 112-239, 126 Stat. 1632, 2017 (2013), amended the statute of limitation for civil actions regarding terrorist attacks that occurred on or after September 11, 2001 and before January 3, 2009, to a 6-year period beginning January 3, 2013. The September 2016 amendment of the Foreign Sovereign Immunities Act ("FSIA") by the Justice Against Sponsors of Terrorism Act ("JASTA"), 114 Pub. L. 114-222, 130 Stat. 852 (2016), created a new cause of action to which the amended ATA statute of limitation applies.

others. Other consolidated plaintiffs' groups have joined or adopted the CAC, and the *Ashton* Plaintiffs and others have filed a new complaint against the KSA. In light of the 2013 amendment to the ATA, which was later amended by JASTA on substantive issues, the statute of limitations to sue on those claims set forth in the pending actions does not toll until at least January 2, 2019, and new plaintiffs continue to join the actions. While new plaintiffs could presumably file their claims using the Short-Form Complaint process, authorizing new plaintiffs to join previously filed actions by the same lawyers would promote efficiency and eliminate the need for a proliferation of additional case numbers on the MDL docket, thereby, satisfying the admonition of Fed. R. Civ. P. 1 that the Rules should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding."

To facilitate case management, simplify docketing, and minimize duplication, the PECs ask the Court to reauthorize the following procedure that facilitates adding or removing plaintiffs to or from existing complaints:

1. Plaintiffs may without further leave of court add or remove plaintiffs by listing their names and filing the lists as supplemental pleadings under F.R.C.P. 15(d). The caption in the docket for the Individual Action to which a plaintiff has been added or removed will be changed to reflect the names of the plaintiffs in the Individual Actions as amended by the filing. Plaintiffs added by this procedure need not re-serve defendants who have already been served.

2. Any pending motion to dismiss filed by a defendant named in the case to which a plaintiff is added will apply with equal force to the claims of each new plaintiff.

3. Any motion previously filed by a defendant and previously ruled on by the Court will be considered to have been filed and decided in the same manner and shall apply with equal force with regard to the claims of each new plaintiff.

Dated:  March 27, 2018                          Respectfully Submitted,

                                                /s/ Andrew J. Maloney, III

James P. Kreindler, Esq.
Andrew J. Maloney, III, Esq. (AM 8684)
KREINDLER & KREINDLER, LLP
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel:  (212) 687-8181
PEC Co-Liaison Counsel

Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel:  (215) 665-2000

Jodi W. Flowers, Esq.
Robert T. Haefele, Esq.
MOTLEY RICE, LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465
Tel:  (843) 216-9000

Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel:  (212) 278-1000

*Plaintiffs' Executive Committees*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of **PLAINTIFFS' MOTION TO ALLOW AMENDED COMPLAINTS TO ADD ADDITIONAL PLAINTIFFS TO THE CONSOLIDATED ACTIONS** was filed electronically this 27th day of March 2018.  Notice of this filing will be served upon all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system, which all parties may access.

      /s/ Andrew J. Maloney
Andrew J. Maloney, III, Esq. (AM 8684)