UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br><br> ECF Case |
|---|---|

This document relates to:
*All Cases*

    Andrew J. Maloney, Esq., hereby declares under penalty of perjury that:

    1. I am Co-Liaison Counsel on the Plaintiffs' Executive Committee ("PEC") for Death and Injury cases, representing plaintiffs in the above-captioned litigation, and I submit this declaration in support of the Plaintiffs' Motion to Allow Amended Complaints to Add Additional Plaintiffs to the existing Consolidated Actions in all cases.

    2. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter, my firm's representation of the *Ashton* Plaintiffs in connection with the September 11th litigation against the terror defendants, my participation with the PEC on all matters in this litigation over the last 16 years and review of other court records relating to the multi-district litigation. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

    3. Pursuant to Federal Rule of Civil Procedure 15, and as part of the litigation management of this multidistrict ligation, the Plaintiffs' Executive Committees respectfully request the Court re-implement streamlined procedures previously

employed in this MDL for adding or removing plaintiffs to or from pending complaints in order to facilitate plaintiffs joining existing complaints, thereby, curtailing the proliferation of additional separate actions in the MDL. For claims added through this procedure, parties would be bound by pre-existing motion practice in those cases. No other amendments to said pending complaints are being sought in this motion and the substantive pleadings contained in the pending complaints on file will remain otherwise unchanged.

4. In the Court's June 16, 2004 Case Management Order #2, the Court ordered, in relevant part, the following:

> Plaintiffs may without further leave of court add or remove parties by listing their names and filing the lists as supplemental pleadings under F.R.C.P. 15(d). The caption in the docket for the Individual Action to which a plaintiff or defendant has been added or removed will be changed to reflect the names of the parties in the Individual Action as amended by the filing. Plaintiffs added by this procedure need not re-serve defendants who have already been served.
> ECF No. 247 at ¶ 12.

5. The aforesaid CMO #2 has expired however, and Plaintiffs seek for the Court to re-implement these streamlined procedures allowing the parties to add or remove plaintiffs to or from existing complaints without leave of court.

6. On September 28, 2016, Congress passed the Justice Against Sponsors of Terrorism Act ("JASTA"), which amended the Anti-Terrorism Statute and permits individuals to bring claims against foreign sovereigns for their role in terror attacks against U.S. Nationals on U.S. soil.

7. On March 17, 2017, Plaintiffs from the *Federal Insurance, Burnett, and O'Neill* plaintiffs' groups filed their consolidated amended complaint ("CAC") against

the Kingdom of Saudi Arabia ("KSA") and others.  Other consolidated plaintiffs' groups joined or adopted the CAC.

8. On March 20, 2017, the *Ashton* Plaintiffs filed their lawsuit against KSA under JASTA.

9. Due to the 2013 Amendment to the Anti-Terrorism Act ("ATA), which extended the statute of limitations for civil actions related to the 9/11 Terror attacks for a six-year period beginning on January 3, 2013, the statute of limitations to sue under the ATA, as amended by JASTA, does not toll until at least January 2, 2019.

10. Since JASTA's enactment, attorneys presently representing the *Burnett, O'Neill,* and *Ashton* plaintiffs have been newly retained by hundreds of individual family members who wish to assert claims under the ATA, as amended by JASTA.

11. Plaintiffs anticipate that hundreds of new plaintiffs will need to file claims before the January 2, 2019 statute of limitations expires.

12. The Court currently has a procedure in place which would allow new plaintiffs to initiate actions against the KSA and others by filing a Short Form Complaint or by Stipulation with non-sovereign defendants.  Although intended to streamline the process, if these procedures had to be used by new plaintiffs who retain one of the existing plaintiffs' firms, it would result in plaintiffs filing hundreds of unnecessary new actions and having to be assigned additional civil action numbers.

13. Authorizing plaintiffs to freely join or be removed from the previously filed CAC complaint, *Ashton* complaint, and others without leave of court would promote efficiency and eliminate the need for the proliferation of additional case numbers on

the MDL docket or the Court having to review motions and stipulations by the new parties.

14. Counsel for KSA does not object to the proposal to re-implement the streamlined procedures from the June 16, 2004 Order, provided that any new plaintiffs added to existing complaints be bound by all prior and future rulings in those cases.

15. Accordingly, Plaintiffs now respectfully request that the Court re-implement the following procedure that facilitates adding and removing plaintiffs from the existing complaints:

a) Plaintiffs may without further leave of court add or remove plaintiffs by listing their names and filing the lists as supplemental pleadings under F.R.C.P. 15(d).  The caption in the docket for the Individual Action to which a plaintiff has been added or removed will be changed to reflect the names of the plaintiffs in the Individual Actions as amended by the filing. Plaintiffs added by this procedure need not re-serve defendants who have already been served;

b) Any pending motion to dismiss filed by a defendant named in the case to which a plaintiff is added will apply with equal force to the claims of each new plaintiff; and

c) Any motion previously filed by a defendant and previously ruled on by the Court will be considered to have been filed and decided in the same manner and shall apply with equal force with regard to the claims of each new plaintiff.

Dated: March 27, 2018
     New York, NY

                                              /s/ Andrew J. Maloney
                                              Andrew J. Maloney (AM8684)
                                              PEC Co-Liaison Counsel
                                              Death and Injury Cases