Exhibit C

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(FM) ECF Case |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-CV-05970
*Federal Insurance Col, et al. v. Al Qaida, et al.*, No. 03-CV-6978
*Euro Brokers v. Al Baraka Investment and Development Corp., et al,* No. 04-CV-7279
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.*, et al,
     No. 04-CV-1923
*World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development
     Corp.*, et al., No. 04-CV-07280

**DEFENDANT WORLD ASSEMBLY OF MUSLIM YOUTH SAUDI ARABIA'S
SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR
PRODUCTION OF DOCUMENTS**

Defendant World Assembly of Muslim Youth Saudi Arabia ("WAMY Saudi Arabia"),

through undersigned counsel, hereby responds to Plaintiffs' Request for Production of

Documents.

**GENERAL OBJECTIONS**

1.     Defendant WAMY Saudi Arabia objects to plaintiffs' "Definitions" and

Document Requests insofar as they:

     a.   Request information or identification of documents concerning confidential

          communications between defendant and its attorneys, on the grounds that the

          information sought is protected under the attorney/client privilege;

     b.   Request information or identification of documents prepared by Defendant's

          counsel for their own use, or prepared by Defendant or Defendant's witnesses

1

for use by Defendant's counsel, on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine;

c. Seek to enlarge Defendant's obligation to respond to discovery beyond the obligations established by the Federal Rules of Civil Procedure and the Local Rules of this Court;

d. Seek information or documents to which plaintiffs have an equal or greater access than Defendant.

e. Seek information or documents prior to the year 1992 pursuant to Judge Daniel's Order of December 21, 2007 (Docket No. 2059) limiting discovery relating back to the period beginning in 1992.

2. Defendant has made a diligent and reasonable search and inquiry for the information requested by the requests. Any response contained herein, however, is given with the understanding that WAMY Saudi Arabia and its attorneys are still conducting discovery and investigation in connection with this action. Defendant's responses are therefore without waiver of, or prejudice to, its right to later use additional information not set forth or referred to in this response. In addition, any response contained herein is made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure and Local Civil Rules of this Court to supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

3. In its specific responses below, Defendant's statement that responsive documents will be made available for inspection does not mean that any documents exist.

4.  Any documents produced herein designated as "Confidential" shall be subject to

Judge Casey's Order of Protection of October 3, 2006.

5.  The above-stated General Objections are hereby incorporated in each of WAMY

Saudi Arabia's following responses to specific requests, whether or not expressly

repeated in response to a particular request.

<u>**DOCUMENT REQUESTS**</u>

<u>**Request No. 1**</u>

Please provide all annual, semi-annual, and other periodic financial reports of WAMY (including the branch offices), such as annual reports, balance sheets, financial statements, bank statements, bank account summaries, audits, etc.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 5, 54, 63, and 69; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to requests numbered 5, 54, 63, and 69. Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

<u>**Request No. 2**</u>

Please provide all lists of recipients of aid from the WAMY offices, to include lists which can be generated through any computer or electronic data storage systems.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 54, 57, and 69; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to requests numbered 54, 57, and 69. Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

<u>**Request No. 3**</u>

Please provide all documents relating to meetings of WAMY's General Secretariat or Board of Trustees, including without limitation, reports submitted by internal and external offices of WAMY, studies and research papers considered during such meetings, records relating

to the activities of special committees of WAMY, transcripts or recordings of speeches and discussions during the meetings, resolutions and recommendations of the General Secretariat or Board of Trustees, agendas, etc.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 52 and 53; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to requests numbered 52 and 53.  Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

**Request No. 4**

Please provide all annual or periodic reports concerning the objectives and activities of WAMY.

**ANSWER**:

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 49, 50, and 51; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to requests numbered 49, 50 and 51.  Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

**Request No. 5**

Please provide all reports authored by delegations or groups sent by WAMY to assess conditions and needs in regions outside of Saudi Arabia.

**ANSWER**:

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, burdensome, vague, and not calculated to lead to additional discovery of admissible evidence Subject to and without waiving these objections, Defendant has no responsive documents. Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Request No. 6**

Please provide all reports submitted by the field offices of WAMY concerning their operations and finances.

**ANSWER**:

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 54 and 63; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to requests numbered 54 and 63.  Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

**Request No. 7**

Please provide all summaries of disbursements by WAMY.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague and duplicative of Plaintiffs' earlier document requests numbered 54, 57, 69, and document request number 1 in Plaintiff's second set of requests; harassing. The request is not calculated to lead to additional discovery of admissible evidence. See responses to requests numbered 54, 57, and 69.  Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

**Request No. 8**

Please provide all documents describing the organizational structure of WAMY, to include documents relating to the relationship between the various offices of WAMY.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 49, 50, and 61; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to requests numbered 49, 50, and 61.  Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

**Request No. 9**

Please provide all protocols and/or other documents relating to the relationship between WAMY's offices in Saudi Arabia and the branch offices abroad, including without limitation, any protocols relating to the transfer of funds between the offices; any role of the Saudi offices in supervising the activities of the branches outside the Kingdom; any documents referring to reporting guidelines for the branch offices; and any documents relating to procedures governing the branch offices, the opening of bank offices and accounts, hiring and firing of employees, and the selection and approval of projects.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 50, 60, and 64; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to requests numbered 50, 60 and 64. Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

**Request No. 10**

Please provide all documents relating to the responsibilities of WAMY's Department of Overseas Offices.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, ambiguous, harassing and not calculated to lead to additional discovery of admissible evidence and does not seek discovery with sufficient particularity. The scope of this request is too broad and not limited by subject matter. Defendant requests that Plaintiffs narrow the scope of this request for WAMY to respond.

**Request No. 11**

Please provide all lists or documents reflecting the identities of persons who were affiliated, as employees or volunteers, with WAMY's operations in Bosnia, the Philippines, Pakistan, Sudan, and/or Kashmir between 1991-2001.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 52 and 53; harassing; outside the relevant time period of this litigation; and not calculated to lead to additional discovery of admissible evidence. See responses to requests numbered 52 and 53. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to a period beginning in 1992. The scope of this request is too broad. Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

**Request No. 12**

Please provide all documents relating to WAMY's relationship with Mammar Ameur (a/k/a Abu Shakeeb; a/k/a Shakib) (Guantanamo Bay detainee — ISN #939).

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document request numbered 102; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to request numbered 102.   Subject to and without waiving these objections, Defendant has no responsive documents.

**Request No. 13**

Please provide all documents relating to WAMY's relationship with Adel Hassan Hamed (a/k/a Adel Hassan; a/k/a Hassan Adel Hussein; a/k/a Abu Dujani; a/k/a Hasan Hamd 'Abd al Muttalib; a/k/a Adel Hassen) (Guantanamo Bay detainee — ISN #940).

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document request numbered 102; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to request numbered 102.  Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

**Request No. 14**

Please provide all videotapes or texts of speeches given at youth camps run by WAMY.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is vague, ambiguous and duplicative of Plaintiffs' earlier document request numbered 48; harassing; and not calculated to lead to additional discovery of admissible evidence. See responses to request numbered 48.  Subject to and without waiving this objection, Defendant will make responsive documents available for inspection at its offices in Riyadh, Saudi Arabia with costs to Plaintiffs.

**Request No. 15**

Please provide all documents relating to any meetings between WAMY officials and any officials of the Saudi government concerning religious extremism or terrorism.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is vague; ambiguous, not relevant, duplicative of Plaintiffs' earlier document request numbered 81; harassing; and not calculated to lead to additional discovery of admissible evidence. See response to request numbered 81.

Dated: December 8, 2011

Sincerely,


  /s/ Omar T. Mohammedi
Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 801
New York, NY 10279

/s/ Frederick J. Goetz
Frederick J. Goetz
Goetz & Eckland P.A.
Exposition Hall at Riverplace
43 Main Street S.E., Suite 505
Minneapolis, Minnesota 55414

*Attorneys for World Assembly of Muslim Youth Saudi Arabia and World Assembly of Muslim Youth International*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December 2011, I caused a copy of Defendants

World Assembly of Muslim Youth Saudi Arabia's Supplemental Responses to Plaintiffs' Second

Request for Production of Documents to be served by electronic mail upon Plaintiffs' Executive

Committee:

> Jodi Flowers (jflowers@motleyrice.com)
> Robert Haefele (rhaefele@motleyrice.com)
> MOTLEY RICE LLC
> 28 Bridgeside Boulevard
> P.O. Box 1792
> Mount Pleasant, SC  29465
> For the *Burnett* Plaintiffs and the Plaintiffs' Executive Committees

> Jerry S. Goldman (jgoldman@andersonkill.com) (jfitzgerald@andersonkill.com)
> ANDERSON KILL & OLICK, P.C.
> 1251 Avenue of the Americas
> New York, NY  10020
> For the *O'Neill* Plaintiffs and Plaintiffs Executive Committees

> Sean Carter (SCarter1@cozen.com)
> Scott Tarbutton (STarbutton@cozen.com)
> COZEN O'CONNOR
> 1900 Market Street
> Philadelphia, PA  19103
> For the *Federal Insurance* Plaintiffs and Plaintiffs Executive Committees

> James Kreindler (jkreindler@kreindler.com)
> Andrew J. Maloney (amaloney@kreindler.com)
> KREINDLER & KREINDLER LLP
> 750 Third Avenue
> New York, NY  10017-2703
> For the *Ashton* Plaintiffs and Plaintiffs Executive Committees

I further certify that I served the same via regular first class mail to Sean Carter, Cozen

O'Connor, 1900 Market Street, Philadelphia, PA 19103.

> /s/Sarah Hasan____
> Sarah Hasan, Esq.

9