Exhibit E

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(FM) ECF Case |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-CV-05970
*Federal Insurance Col, et al. v. Al Qaida, et al.*, No. 03-CV-6978
*Euro Brokers v. Al Baraka Investment and Development Corp., et al,* No. 04-CV-7279
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.*, et al,
    No. 04-CV-1923
*World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development Corp.*, et al., No. 04-CV-07280

## DEFENDANT WORLD ASSEMBLY OF MUSLIM YOUTH SAUDI ARABIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant World Assembly of Muslim Youth Saudi Arabia ("WAMY Saudi Arabia"), through undersigned counsel, hereby responds to Plaintiffs' Request for Production of Documents.

## GENERAL OBJECTIONS

1.    Defendant WAMY Saudi Arabia objects to plaintiffs' "Definitions" and Document

    Requests insofar as they:

        a.    Request information or identification of documents concerning confidential

            communications between defendant and its attorneys, on the grounds that the

            information sought is protected under the attorney/client privilege;

        b.    Request information or identification of documents prepared by Defendant's

            counsel for their own use, or prepared by Defendant or Defendant's witnesses for

use by Defendant's counsel, on the grounds that the information sought is

protected from disclosure by the attorney work-product doctrine;

c.      Seek to enlarge Defendant's obligation to respond to discovery beyond the

obligations established by the Federal Rules of Civil Procedure and the Local

Rules of this Court;

d.      Seek information or documents to which plaintiffs have an equal or greater access

than Defendant.

e.      Seek information or documents prior to the year 1992 pursuant to Judge Daniel's

Order of December 21, 2007 (Docket No. 2059) limiting discovery relating back

to the period beginning in 1992.

2.      Defendant has made a diligent and reasonable search and inquiry for the information

requested by the requests.  Any response contained herein, however, is given with the

understanding that WAMY Saudi Arabia and its attorneys are still conducting discovery

and investigation in connection with this action.  Defendant's responses are therefore

without waiver of, or prejudice to, its right to later use additional information not set forth

or referred to in this response.  In addition, any response contained herein is made with

the express reservation of all rights pursuant to the Federal Rules of Civil Procedure and

Local Civil Rules of this Court to supplement or amend these responses or to present

evidence either discovered subsequent to the date hereof, or the significance of which is

later discovered.

3.      In its specific responses below, Defendant's statement that responsive documents will be

made available for inspection does not mean that any documents exist.

4.      Any documents produced herein designated as "Confidential" shall be subject to Judge

Casey's Order of Protection of October 3, 2006.

5.      The above-stated General Objections are hereby incorporated in each of WAMY Saudi

Arabia's following responses to specific requests, whether or not expressly repeated in

response to a particular request.

## DOCUMENT REQUESTS

1.      Please provide all documents relating to all accounts at the National Commercial Bank

(a/k/a Al Ahli Bank), established or held in the name of, on behalf of and/or for the

benefit of the WAMY.  Responsive documents shall include, but are not limited to,

correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or

reflect communications between or among WAMY and NCB (Al Ahli Bank),

documents detailing the establishment of and/or closing of the account(s), suspicious

activity and/or transaction reports, account numbers, monthly account statements,

annual account statements, account notices, deposits, withdrawals, deposit slips, check

stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos,

financial ledgers, journals, investment records, real estate records, records of assets,

loan records, audit work papers, audit reports, wire transfers, and any documentation

showing the source(s) and/or destination(s) of any funds deposited into or withdrawn

from those accounts.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further

objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document

requests numbered 1 and 5; harassing; and not calculated to lead to additional discovery

of admissible evidence. *See* WAMY's responses to Plaintiffs first set of document requests numbered 1and 5. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

2.      Please provide all documents governing, describing, detailing, or otherwise relating to any relationship between WAMY and the Third World Relief Agency ("TWRA").

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 82-89; harassing; and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document requests numbered 82-89. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

3.      Please provide all documents relating to any office space shared between WAMY and the TWRA, including without limitation, the office space located at Prinz-Eugen Street, 36/4/2, Vienna, Austria.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 82-89; harassing; and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document requests

numbered 82-89. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

4.      Please provide all documents WAMY sent to and/or received from the TWRA, including without limitation, all documents relating to the transfer of funds between WAMY and the TWRA.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 82-89; harassing; and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document requests numbered 82-89. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

5.      Please provide all documents relating to all accounts in any banking or financial institution WAMY currently holds, or has held, jointly with or on behalf of the TWRA.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 82-89; harassing; and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document requests numbered 82-89. WAMY also objects to this request as untimely.  This request was not served

such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

6.  Please provide all documents governing, describing, detailing, or otherwise relating to the relationships between WAMY and Dr. El Fatih Hassanein and Sukarno Ali Hassanein (collectively "Hassanein Brothers"), including without limitation, all documents relating to all positions the Hassanein Brothers have held or hold within WAMY.  Responsive documentation shall include, but are not limited to, copies of their personnel files, resumes, curriculum vitaes, biographies, abstracts, media reports, digests, publications, summaries, employment contracts, and/or outlines.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 82-89; harassing; and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document requests numbered 82-89. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

7.  Please provide all documents relating to the Hassanein Brothers' roles in the organization, funding, oversight, supervision, management, and/or control over WAMY's and/or the WAMY-Vienna branch office's operations (or any other WAMY branch office), including without limitation, selection of committee/board members or other

officers, internal and external auditing or due diligence, budgeting, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, distribution of financial and non-monetary support from WAMY and/or the WAMY-Vienna branch office to charitable designees, and reconciliation of receipts, payments, and vouchers for any payments or distributions.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 82-89; harassing; and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document requests numbered 82-89. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

8.    Please provide all documents relating to the Hassanein Brothers' supervision, management, control of, or distribution of WAMY's and/or WAMY-Vienna branch office's funds (or any other WAMY branch office), including without limitation, all documents relating to their duties and responsibilities to determine and/or make recommendations as to which charities, humanitarian organizations, individuals, or entities should receive financial and/or non- monetary support from WAMY and/or the WAMY-Vienna branch office, and the purpose for such disbursements.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 82-89; harassing; and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document requests numbered 82-89. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

9.    Please provide all documents relating to the transfer of WAMY funds authorized by either or both of the Hassanein Brothers and/or the WAMY-Vienna branch office (and/or any WAMY official, employee, representative, or agent working on behalf of the Hassanein Brothers or the WAMY-Vienna branch office).

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 82-89; harassing; and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document requests numbered 82-89. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

10.   Please provide all documents relating to all bank accounts established or held in the

8

name of, on behalf of and/or for the benefit of the WAMY-Vienna branch office, including without limitation, all WAMY accounts over which either or both of the Hassanein Brothers had signatory authority.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY, the Hassanein Brothers, and the bank, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 82-89; harassing; erroneously assumes disputed facts and allegations as if established, and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document numbered 82-89. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

11.    Please provide all documents detailing all contributions received and disbursements made by the WAMY-Vienna branch office, including any outward payment orders,

payment or expense vouchers and receipts, letters authorizing payments, cash collection and disbursement summaries, expenditure journals, receipt and disbursement reconciliation reports or summaries, and any audit, review, or analysis of receipts and disbursements.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' first set of document requests numbered 59, 61, and 63; harassing; and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document numbered 59, 61, and 63. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

12.   Please provide all annual, semi-annual, and other periodic reports submitted by the WAMY-Vienna branch office to  WAMY headquarters in Saudi Arabia, such as annual reports, balance sheets, financial statements, bank account summaries, audits,  expenditure reports or summaries, receipt and disbursement reconciliation reports or summaries, and cash collection and disbursement reports or summaries.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 59, 61, and 63 of the first set of document requests and request numbers 11and 13 from the instant requests; harassing; and not calculated to lead to additional discovery

of admissible evidence. See WAMY's responses to Plaintiffs first set of document numbered 59, 61, and 63. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

13.     Please  provide  all reports  submitted by  the WAMY-Vienna  branch  office  to WAMY headquarters in Saudi Arabia concerning their operations and finances.

 **ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 59, 61, and 63 of the first set of document requests.  See WAMY's responses to Plaintiffs first set of document numbered 59, 61, and 63. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

14.     Please provide all documents relating to the closure of WAMY's branch offices in the cities of  Mumbai  and  Delhi, India,  in  connection  with  the  Republic  of  India's investigation  concerning  the  Students  Islamic  Movement  of  India  ("SIMI")  and WAMY's  relationship with that group.

 **ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document requests numbered 13 and 20-22; harassing; not calculated to lead to additional discovery of

admissible evidence; and erroneously assumes disputed facts and allegations as if established. See WAMY's responses to Plaintiffs first set of document requests numbered 13 and 20-22. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

15.     Please provide all documents relating to the 1999 closure of WAMY's branch office in Chechnya per the orders of the Russian Federation.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, burdensome, vague, and not calculated to lead to additional discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

16.     Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY and any HAMAS-related entity, including without limitation:   AI Islah Charitable Society, Bethlehem Orphan Care Society, Jenin Charity Committee, Jenin Workers Union, and the Union of Good.   In the event that any WAMY subsidiary, affiliate, and/or branch office shared office space with Hamas or any Hamas-related entity, please provide such documents.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity.  None of the entities have anything to do with the subject matter of this litigation.  WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

17.    Please provide all documents WAMY sent to and/or received from any HAMAS- related entity, including without limitation:  Al Islah Charitable Society, Bethlehem Orphan Care Society, Jenin Charity Committee, Jenin Workers Union, and the Union of Good. Such documents shall include, but are not limited to, all documents relating to the transfer of funds between WAMY and those entities.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity.  None of the entities have anything to do with the subject matter of this litigation.  WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

18.     Please provide all documents relating to any written or oral communications between or among WAMY, the Kingdom of Saudi Arabia ("KSA"), and/or the Saudi Arabian Monetary Authority ("SAMA"), which reference or address any HAMAS-related entity, including without limitation: Al Islah Charitable Society, Bethlehem Orphan Care Society, Jenin Charity Committee, Jenin Workers Union, and the Union of Good. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. None of the entities have anything to do with the subject matter of this litigation. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

19.     Please provide all documents governing, describing, detailing, or otherwise relating to the appointment of any WAMY officer, director, employee, or representative to the Union of Good's board of trustees, including but not limited to, WAMY Secretary-General Manih ibn Hammad al Juhani, Dr. Salah bin Suliaman al Wahhibi, and Dr. Abd al Wahhab Nurwali.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. The Union of Good has nothing to do with the subject matter of this litigation. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

20.   Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY and the persons identified in Attachment A. For those persons who currently hold or have held positions within WAMY, responsive documents shall include, but are not limited to, their personnel files.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, burdensome, vague, and not calculated to lead to additional discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

21.   Please provide all documents WAMY sent to and/or received from the persons

identified in Attachment A, including without limitation, all documents relating to the transfer of funds between WAMY and those persons.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, burdensome, vague, and not calculated to lead to additional discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

22.     Please provide all documents relating to any accounts in any banking or financial institution WAMY currently holds, or has held, jointly with or on behalf of the persons identified in Attachment A, and/or any accounts over which WAMY holds or has held signatory authority.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, burdensome, vague, not calculated to lead to additional discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

23. Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY and the entities identified in Attachment B.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, burdensome, vague, and not calculated to lead to additional discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

24. Please provide all documents WAMY sent to, and/or received from the entities identified in Attachment B, including without limitation, all documents relating to the transfer of funds between WAMY and those entities.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, burdensome, vague, and not calculated to lead to additional discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

25. Please provide all documents relating to any accounts in any banking or financial

institution WAMY currently holds or has held jointly with or on behalf of the entities identified in Attachment B, and/or any accounts over which WAMY holds or has held signatory authority.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, burdensome, vague, and not calculated to lead to additional discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity.  WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

26.     Please provide all documents relating to any investigation or inquiry conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi Arabian-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "KSA Investigator"), which references or addresses WAMY's association to, and/or relationship with, the events, persons, or entities identified in Requests Nos. 2, 6, 14-25 above.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, duplicative of previous requests, does not seek discovery with sufficient particularity, erroneously assumes disputed facts and allegations as if established. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

27.    Please provide copies of all documents that have been seized by, or produced by WAMY to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses WAMY's association to, and/or relationship with, the events, persons, or entities identified in Requests Nos. 2, 6, 14-25 above.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, duplicative of previous requests, not reasonably calculated to lead to the discovery of admissible evidence, does not seek discovery with sufficient particularity, erroneously assumes disputed facts and allegations as if established. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

28.    Please provide all documents relating to any internal investigation or inquiry conducted by WAMY and/or WAMY Personnel which references or addresses WAMY's

association to, and/or relationship with, the events, persons, or entities identified in Requests Nos. 2, 6, 14-25 above. Such documents shall include any investigation or inquiry ordered, conducted, supervised, overseen, or reviewed by the KSA and/or SAMA.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, does not seek discovery with sufficient particularity, and erroneously assumes disputed facts and allegations as if established. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

29.    Please provide all documents relating to any written or oral communications between WAMY and the KSA and/or SAMA, which reference or address WAMY's association to, and/or relationship with, the events, persons, or entities identified in Requests Nos. 2, 6, 14-25 above. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. WAMY also objects to this request as untimely. This request was not

served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

30.   Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of WAMY's Eastern Europe Muslim Committee.  Responsive materials shall include, but are not limited to, any documents relating to any meetings of the Committee, including agendas or meeting minutes.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, burdensome, vague, and not calculated to lead to additional discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity.  WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

31.   Please provide all documents referring or relating to the detainment facility at Guantanamo Bay, Cuba and/or any detainee currently or previously incarcerated at that facility.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document request

numbered 102, harassing and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs' first set of document requests numbered 102. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

32.    Please provide all documents referring or relating to any internal WAMY communications, written or oral, which reference the detainment facility at Guantanamo Bay, Cuba and/or any detainee currently or previously incarcerated at that facility. Responsive documentation shall include, but is not limited to: correspondence, letters, memoranda, reports, notes, emails, facsimiles, or otherwise.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is duplicative of Plaintiffs' earlier document request numbered 102, harassing and not calculated to lead to additional discovery of admissible evidence. See WAMY's responses to Plaintiffs first set of document requests numbered 102. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

33.    Please produce all documents governing, describing, detailing, or otherwise relating to WAMY's application, submitted to the United Nation's Committee on Non-Governmental Organizations ("Committee"), seeking consultative status with the Economic and Social Council ("ECOSOC").

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request that it is not calculated to lead to additional discovery of admissible evidence. This request also seeks documents outside the time period of discovery. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992 and ending in 2002. WAMY refers Plaintiffs to WAMY International's production E005070-005160 and index number 9 produced by WAMY Saudi Arabia. Defendant reserves the right to supplement this answer as discovery is ongoing. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

34.     Please produce all documents relating to any and all concerns expressed by the Committee regarding WAMY's application, including but not limited to:  (i) WAMY's links to terrorist activities and investigations concerning same; (ii) on-going legal proceedings against WAMY regarding terrorism links;   (iii) W A M Y ' s   funding; ( iv)   WAMY's   links w  w i t h  organizations and affiliates, including WAMY's affiliate in Iraq; and (v) WAMY youth camps. Responsive materials shall include, but are not limited to, Committee meeting minutes, audio or video recordings of Committee meetings, reports, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed

facts and allegations as if established and does not seek discovery with sufficient particularity. This request also seeks documents outside the time period of discovery. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992 and ending in 2002. WAMY refers Plaintiffs to WAMY International's production E005070-005160, WAMY SA production of documents WAMY SA 1902-6537 and index no. 9. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

35.    Please produce all documents relating to WAMY's responses or answers to the concerns expressed by the Committee regarding WAMY's application. Responsive materials shall include, but are not limited to, Committee meeting minutes, audio or video recordings of Committee meetings, reports, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. This request also seeks documents outside the time period of discovery. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992 and ending in 2002. Subject to and without waiving the foregoing requests, WAMY refers Plaintiffs to WAMY International's production E005070-005160 and index number 9 produced by WAMY Saudi Arabia. WAMY also objects to this request as untimely.  This

request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

36.    Please produce all documents relating to WAMY's decision to withdraw its application seeking consultative status with the ECOSOC.  Responsive materials shall include, but are not limited to, any internal WAMY communications, written or oral, which reference WAMY's application and the decision to withdraw the application.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. This request also seeks documents outside the time period of discovery. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992 and ending in 2002. WAMY refers Plaintiffs to WAMY International's production E005070-005160 and index number 9 produced by WAMY Saudi Arabia. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

37.    Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY headquarters in Saudi Arabia and WAMY's Canada-branch office ("WAMY-Canada").

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Defendant further objects that WAMY does not have custody or control over WAMY Canada. Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA 001745-001901, WAMY SA 002026-002032, WAMY SA 1902-6537. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

38.    Please provide all documents exchanged between WAMY headquarters in Saudi Arabia
       and WAMY-Canada, including without limitation, all documents relating to the transfer
       of funds between WAMY headquarters and WAMY-Canada.

 **ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Defendant further objects that WAMY does not have custody or control over WAMY Canada. Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA001745-001901, WAMY SA 002026-002032, WAMY SA 1902-6537. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

39.     Please provide all annual, semi-annual, and other periodic reports submitted by
        WAMY-Canada to WAMY headquarters in Saudi Arabia, such as annual reports, balance
        sheets, financial statements, bank account summaries, audits, expenditure reports or
        summaries, receipt and disbursement reconciliation reports or summaries, and cash
        collection and disbursement reports or summaries.

  **ANSWER:**

    Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further
objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably
calculated to lead to the discovery of admissible evidence and does not seek discovery with
sufficient particularity.  Defendant further objects that WAMY does not have custody or control
over WAMY Canada. Subject to and without foregoing these objections, WAMY refers
Plaintiffs to WAMY SA 001745-001901, WAMY SA 1902-6537. WAMY also objects to this
request as untimely.  This request was not served such that responses to the request would be due
prior to the close of written discovery of August 30, 2012.

40.     Please provide all reports submitted by WAMY-Canada to WAMY headquarters in
        Saudi Arabia concerning their operations and finances.

  **ANSWER:**

    Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further
objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably
calculated to lead to the discovery of admissible evidence and does not seek discovery with
sufficient particularity.  Defendant further objects that WAMY does not have custody or control
over WAMY Canada. Subject to and without foregoing these objections, WAMY refers
Plaintiffs to WAMY SA001745-001901, WAMY SA 1902-6537. WAMY also objects to this

request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

41.  Please provide all documents relating to the provision of funds or other material support from the Saudi Embassy in Canada, and/or any official or agency of the Kingdom of Saudi Arabia, to WAMY-Canada.

 **ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.  WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

42.  Please provide all documents governing, describing, detailing, or otherwise relating to the investigation and audit conducted by the Canada Revenue Agency ("CRA") concerning WAMY-Canada and/or WAMY, and the Canadian government's determination to revoke WAMY's designation as a tax exempt registered charity.

 **ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Defendant further objects that WAMY does not have custody or control

28

over WAMY Canada. Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA 001745-001901 and WAMY SA 1902-6537. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

43.     Please provide all documents relating to any written or oral communications between Canadian authorities and WAMY-Canada and/or WAMY regarding the CRA's investigation and audit.  Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Defendant further objects that WAMY does not have custody or control over WAMY Canada. Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA 001745-001901, WAMY SA 002026-002032 and WAMY SA 1902-6537.  WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

44.     Please provide copies of all documents that have been seized by, or produced by WAMY-Canada and/or WAMY to, Canadian authorities in relation to the CRA's investigation and audit.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. Defendant further objects that WAMY does not have custody or control over WAMY Canada. Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA 001745-001901, WAMY SA 1902-6537. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

45.    Please provide all documents governing, describing, detailing, or otherwise relating to WAMY-Canada's and/or WAMY's relationship with the Benevolence International Fund ("BIF-Canada").  Responsive materials shall include, but are not limited to, all documents concerning Mohamed Khatib and any other individual(s) working simultaneously for WAMY- Canada and BIF-Canada, shared office space, shared contact information, and shared bank accounts.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. Defendant further objects that WAMY does not have custody or control over WAMY Canada. Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA

001745-001901, WAMY SA1902-6537. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

**46.**     Please provide all documents governing, describing, detailing, or otherwise relating to WAMY-Canada's and/or WAMY's relationship with the Benevolence International Foundation ("BIF-USA").

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. Defendant further objects that WAMY does not have custody or control over WAMY Canada. Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA 001745-001901, WAMY SA 1902-6537. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

47.     Please provide all documents WAMY-Canada or WAMY sent to, and/or received from, BIF-USA, including without limitation, all documents relating to the transfer of funds between WAMY-Canada and/or WAMY and BIF-USA.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity.  Defendant further objects that WAMY does not have custody or control over WAMY Canada.  Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA 001745-001901 and WAMY SA 001902-6537.  WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

48.  Please provide all documents relating to all accounts at the Bank of Montreal established or held in the name of, on behalf of and/or for the benefit of the WAMY-Canada, WAMY, and/or BIF-Canada.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-Canada, WAMY, BIF-Canada, and Bank of Montreal, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any

funds deposited into or withdrawn from those accounts.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. Defendant further objects that WAMY does not have custody or control over WAMY Canada. WAMY refers Plaintiffs to WAMY SA 001745-001901 and WAMY SA 001902-6537. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

49.    Please provide all documents relating to any written or oral communications between or among WAMY, WAMY-Canada, Dr. Ayman al Taher, Talhah al Jarad, and/or any other WAMY Personnel concerning the CRA's investigation and audit. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. Defendant further objects that WAMY does not have custody or control over WAMY Canada. WAMY refers Plaintiffs to WAMY SA 001745-001901 and WAMY SA 002026-002032.

50.     Please provide all documents relating to any written or oral communications between or among WAMY, WAMY-Canada, Dr. Ayman al Taher, Talhah al Jarad, and/or any other WAMY Personnel concerning WAMY's efforts to obtain documentation and other materials in the possession of WAMY-Canada. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles, or otherwise.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. Defendant further objects that WAMY does not have custody or control over WAMY Canada. Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA 001745-001901, WAMY SA 002026-002032, WAMY SA 1902-6537. WAMY also objects to this request as untimely. This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

51.     Please provide all documents relating in any way to WAMY meetings, correspondence, statements, or other communications concerning the CRA's investigation and audit.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, not reasonably calculated to lead to the

discovery of admissible evidence, unduly burdensome, irrelevant, erroneously assumes disputed facts and allegations as if established and does not seek discovery with sufficient particularity. Defendant further objects that WAMY does not have custody or control over WAMY Canada. Subject to and without foregoing these objections, WAMY refers Plaintiffs to WAMY SA 001745-001901. WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

52.     Please provide a copy of the June 2001 report presented to Prince Sultan bin Abdul Aziz al Saud by WAMY Secretary-General Manih ibn Hammad al Juhani and members of the WAMY Board of Trustees.

**ANSWER:**

Defendant WAMY Saudi Arabia incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.   WAMY also objects to this request as untimely.  This request was not served such that responses to the request would be due prior to the close of written discovery of August 30, 2012.

Dated: September _04_, 2012

Sincerely,

_____
Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 801
New York, NY 10279

/s/ Frederick Goetz
Goetz & Eckland P.A.
Exposition Hall at Riverplace
43 Main Street S.E., Suite 505
Minneapolis, Minnesota 55414
612-874-1552
612-331-2473 (fax)
www.goetzecklandlaw.com

*Attorneys for World Assembly of Muslim Youth Saudi*
*Arabia and World Assembly of Muslim Youth International*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September 2012, I caused an original copy of Defendants World Assembly of Muslim Youth Saudi Arabia's Supplemental Responses to Plaintiffs' Third Requests for Production of Documents to be served by United States Postal Service upon:

Scott Tarbutton, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(STarbutton@cozen.com)
For the Plaintiffs' Executive Committees

Heela Masood