# Exhibit K

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL
TRADE

March 19, 2018

**VIA ELECTRONIC MAIL**
Sean Carter, Esq.
Scott Tarbutton, Esq.
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
E-mail: SCarter1@cozen.com
　　　　STarbutton@cozen.com

**RE: In re Terrorist Attacks of September 11, 2001, 03 MDL 1570**

Dear Sean and Scott:

We write in response to your March 16, 2018 letter. Our March 14, 2018 request for clarification asked for nothing more than is required under Federal Rule of Civil Procedure 37(a)(3)(B)(iv). The document requests previously propounded are what are at issue, not the categories the PEC created in its motion. As much as you are puzzled with our request to receive the documents requests at issue, Plaintiffs initially identified a minimal number of the specific document requests at issue. We would note the significant differences between the few requests noted in the motion and the complete list you gave us last Friday. On its face, the Plaintiffs' motion seems to put all of WAMY's responses to all document requests at issue. We are glad to see that this is not so and appreciate the list you gave us on March 16, 2018. We have done our best over the weekend to review all of the requests and determine WAMY's position as to those requests that Plaintiffs claim WAMY's production has somehow been deficient.

Having said that, we note that the meet and confer and the process we are going through now should have happened weeks ago-before Plaintiffs filed their motion to compel. In WAMY's January 10, 2018 letter to Magistrate Judge Netburn, we expressed our hope that Plaintiffs would reach out to WAMY for the required meet and confer prior to filing the motion. We were disappointed to say the least when Plaintiffs filed their motion to compel without even attempting to arrange a meet-and-confer. Nonetheless, in the minimal time available WAMY responds to Plaintiffs' letter as follows.

### Responses to Plaintiffs' First Set of Document Requests to WAMY International

WAMY has produced all relevant documents in its possession, custody and control responsive to request numbers 3-12, 23-28, 29-31, 40, 54-56, 60.

WAMY expects to maintain, but will discuss, its objections to production of documents responsive to request numbers 6-18.

WAMY does not have custody, possession or control of any documents responsive to request numbers 32-33, 41, 52, 57, and 71 if they exist.

### Responses to Plaintiffs' First Set of Document Requests to WAMY SA

WAMY has produced all relevant documents in its possession, custody and control responsive to request numbers 6-9, 14, 19, 23-32, 51-53, 55, 60, 62, 65-66, 71-73, 82-85, and 91.

WAMY expects to maintain, but will discuss, its objections to request numbers 33, 35, 74-77, 78, 81 and 97.

WAMY does not have custody, possession or control of any documents responsive to request numbers 13, 15-18, 20-22, 79, 80, 86-89, 92, and 102-103, if they exist.

### Responses to Plaintiffs' Second Set of Document Requests to WAMY SA

WAMY has produced all relevant documents in its possession, custody and control responsive to request numbers 1-4, 6-11, and 13.

WAMY expects to maintain, but will discuss, its objections to production of document request number 15.

WAMY has objected to production of documents responsive to request number 12 on grounds of harassment and not likely to lead to discoverable evidence.

WAMY does not have custody, possession or control of any documents responsive to request number 5, if they t exist.

### Responses to Plaintiffs' Third Set of Document Requests to WAMY SA

WAMY has produced all relevant documents in its possession, custody and control responsive to request numbers 33 – 40, and 42-51.

WAMY expects to maintain, but will discuss, its objections to production of documents request numbers. 2-14, 15-25, 31-32 and 41.

2

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

<u>Responses to Plaintiffs' Fourth Set of Document Requests to WAMY SA</u>

WAMY will maintain its objection to production of all documents in this request as untimely.

<u>Alleged missing attachments and reports</u>

Missing attachments to letters and meeting minutes: WAMY is in the process of reviewing the specific items that Plaintiffs contend are missing documents. While the review is ongoing, we note that the minutes do not have attachments. Plaintiffs appear to have incorrectly interpreted minutes of WAMY meetings. For example, many of the "reports" noted during the meetings were part of a meeting discussion. Nevertheless, reports Plaintiffs are contending were not produced to Plaintiffs, have in fact been produced in response to Plaintiffs' First set of documents request numbers 50, 54, 56, 57, 59, 61, 63 and in response to Plaintiffs Second set of document request numbers 1, 4, 6, 7, 8 and 9.

We look forward to discussing all the above at the meet-and-confer.

Sincerely,

*/s/ Omar Mohammedi*

Omar T. Mohammedi, Esq.

*/s/ Fredrick Goetz*

Frederick J. Goetz, Esq.

3