# Exhibit A

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(FM) ECF Case |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-CV-05970
*Federal Insurance Col, et al. v. Al Qaida, et al.*, No. 03-CV-6978
*Euro Brokers v. Al Baraka Investment and Development Corp., et al,* No. 04-CV-7279
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.*, et al,
      No. 04-CV-1923
*World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development
      Corp.*, et al., No. 04-CV-07280

**DEFENDNANT WORLD ASSEMBLY OF MUSLIM YOUTH
INTERNATIONAL'S RESPONSES TO PLAINTIFFS' REQUEST FOR
PRODUCTION OF DOCUMENTS**

Defendant World Assembly of Muslim Youth International ("WAMY International"), through undersigned counsel, hereby responds to Plaintiffs' Request for Production of Documents.

**GENERAL OBJECTIONS**

1.     Defendant WAMY International objects to plaintiffs' "Definitions" and Document Requests insofar as they:

    a.  Request information or identification of documents concerning confidential communications between defendant and its attorneys, on the grounds that the information sought is protected under the attorney/client privilege;

    b.  Request information or identification of documents prepared by Defendant's counsel for their own use, or prepared by Defendant or

1

Defendant's witnesses for use by Defendant's counsel, on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine;

c.  Seek to enlarge Defendant's obligation to respond to discovery beyond the obligations established by the Federal Rules of Civil Procedure and the Local Rules of this Court;

d.  Seek discovery from Defendant of documents that are in the possession, custody or control of another entity other than WAMY International.

e.  Seek information or documents to which plaintiffs have an equal or greater access than Defendant.

f.  Seek information or documents prior to the year 1992 pursuant to Judge Daniels' Order of December 21, 2007 (Docket No. 2059) limiting discovery relating back to the period beginning in 1992.

2.  Defendant WAMY International has made a diligent and reasonable search and inquiry for the information requested by the requests.  Any response contained herein, however, is given with the understanding that WAMY International and its attorneys are still conducting discovery and investigation in connection with this action.  Defendant's responses are therefore without waiver of, or prejudice to, its right to later use additional information not set forth or referred to in this response.  In addition, any response contained herein is made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure and Local Civil Rules of this Court to

supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

3. In its specific responses below, Defendant's statement that responsive documents will be made available for inspection does not mean (a) that any documents exist or (b) that they are in the possession, custody, or control of the Defendant.

4. Defendant is legally separate from WAMY Saudi Arabia as well as any affiliates or other branch offices that may also carry the name "WAMY." Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia or any affiliates or other branch offices.

5. Any documents produced herein designated as "Confidential" shall be subject to Judge Casey's Order of Protection of October 3, 2006.

6. The above-stated General Objections are hereby incorporated in each of WAMY International's following responses to specific requests, whether or not expressly repeated in response to a particular request.

## DOCUMENT REQUESTS

**Document Request No. 1**

Please provide all documents relating to all accounts in United States banking institutions ("U.S. Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of WAMY-INTL, any account for any entity in which WAMY-INTL held any beneficial interest, and/or any account over which WAMY-INTL and its representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL and the United States banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers,

journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 2**

Please provide all documents relating to all accounts in foreign banking institutions ("Foreign Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of WAMY-INTL, any account for any entity in which WAMY-INTL held any beneficial interest, and/or any account over which WAMY-INTL and its representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL and the foreign banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, Defendant has no responsive documents. Defendant WAMY International did not hold any beneficial interest any foreign banks.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 3**

Please provide all documents relating to any investigation, inquiry, review, audit, or analysis conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi Arabian-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "KSA Investigator"), which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Subject to and without waiving this objection, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 4**

Please provide copies of all documents that have been seized by, or produced by WAMY-INTL and/or WAMY-SA to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

**Document Request No. 5**

Please provide all documents relating to any investigation, audit, analysis, examination, survey, or review of the WAMY-INTL accounts identified in, and/or in

5

response to, Requests Nos. 1-2 above, conducted either by WAMY-INTL, WAMY-SA, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Such documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or the Saudi Arabian Monetary Agency ("SAMA").

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, Defendant has no responsive documents. Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 6**

Please provide all documents relating to any written or oral communication between or among WAMY-INTL, WAMY-SA, the KSA and/or SAMA, which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, Defendant has no responsive documents. Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 7**

Please provide all documents relating to the 2004 raid of WAMY INTL's offices in Virginia, or any investigation by any governmental authority relating to WAMY INTL and/or WAMY-SA, including without limitation, the arrest of a WAMY official and/or representative during the 2004 raid.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. In addition,

responsive documents may be subject to attorney-client or work product privilege. Subject to and without waiving this objection, Defendant will produce documents seized in the 2004 raid of its offices as they respond to specific and relevant requests by Plaintiffs herein.

**Document Request No. 8**

Please provide copies of all documents and things that were in Your possession and which were seized by the U.S. Government between September 11, 2001 and the present.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  In addition, responsive documents may be subject to attorney-client or work product privilege. Subject to and without waiving this objection, Defendant will produce documents seized in the 2004 raid of its offices as they respond to specific and relevant requests by Plaintiffs herein.

**Document Request No. 9**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and Abdullah bin Laden and Omar bin Laden.  Responsive documents shall include, but are not limited to, their personnel files.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 10**

Please provide all documents relating to Abdullah bin Laden's employment with the Saudi Arabian Embassy in Washington, D.C., including without limitation, all documents detailing, describing, or summarizing any and all positions he held at the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by the Saudi Arabian Embassy in Washington, D.C. or by Abdullah Bin Laden.

**Document Request No. 11**

Please provide all documents relating to any written or oral communication involving Abdullah bin Laden, including without limitation: (i) all communications sent to and/or originating from Abdullah bin Laden while in his capacity as an official, employee, or representative of WAMY-INTL and/or WAMY-SA; and (ii) all communications sent to and/or originating from Abdullah bin Laden while in his capacity as an official, employee, or representative of the Saudi Arabian Embassy in Washington, D.C. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by the Saudi Arabian Embassy in Washington, D.C. or by Abdullah Bin Laden.

**Document Request No. 12**

Please provide all documents relating to all WAMY INTL and/or WAMY-SA banking or financial accounts for which Abdullah bin Laden and/or Omar bin Laden had signatory authority. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL, WAMY-SA, Abdullah bin Laden and/or Omar bin Laden and the banking or financial institution, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account

8

statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 13**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and any Saar Network-Related Entity and/or any Saar Network-Related Individual, including without limitation, any and all documents relating to any positions such individuals currently hold, or have held, within WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed. Insofar as this request relates to the specific entities and individuals mentioned in Definition 15-16, Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 14**

Please provide any and all documents WAMY INTL sent to, and/or received from any Saar Network-Related Entity and/or any Saar Network-Related Individual, including without limitation, all documents relating to the transfer of funds between WAMY INTL and such entities and/or individuals.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed. Insofar as this request relates to the specific entities and individuals mentioned in Definition 15-16, Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers its response to Document Request No. 13 above.

**Document Request No. 15**

Please provide all documents relating to any accounts in any banking or financial institution WAMY INTL currently holds, or has held, jointly with or on behalf of any Saar Network-Related Entity and/or any Saar Network-Related Individual, and/or any accounts over which WAMY INTL and its representatives holds or has held signatory authority.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed. Insofar as this request relates to the specific entities and individuals mentioned in Definition 15-16, Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers its response to Document Request No. 13 above.

**Document Request No. 16**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and HAMAS (a/k/a Harakat al Muqawamat al Islamiyyah; a/k/a Islamic Resistance Movement), including without

limitation, the following HAMAS-related entities: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation. Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities." Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 17**

Please provide all documents WAMY INTL sent to and/or received from HAMAS, including without limitation, any HAMAS-related entities such as: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition. Such documents shall include, but are not limited to, all documents relating to the transfer of funds between WAMY INTL and those entities.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation. Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities." Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 18**

Please provide all documents relating to any written or oral communication between or among WAMY-INTL, WAMY-SA, the KSA and/or SAMA, which references or addresses HAMAS and/or any HAMAS-related entities, including but not limited to: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation.  Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities."   Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 19**

Please provide all copies of any and all documents and things that have been seized by, or produced by WAMY INTL to any United States Investigator, any Foreign Investigator, or any KSA Investigator concerning WAMY INTL's and/or WAMY-SA's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous.  Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 8.

**Document Request No. 20**

Please provide all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that WAMY INTL and/or WAMY-SA, or any individual or entity employed by and/or associated with WAMY INTL and/or WAMY-SA, was associated with or involved in any military or terrorist activity, plot or attack, indicating an intention to direct conduct against or target conduct toward the United States of America.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 21**

Please provide all documents illustrating, describing or otherwise relating to WAMY INTL's formation and organizational structure, the date of incorporation, the state of incorporation, the duration of WAMY INTL's existence, any documents relating to WAMY INTL's initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 22**

Please provide all documents relating to the administration, governance, and longterm strategic decision-making of WAMY INTL, including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 21.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 23**

Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 21.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 24**

Please provide all documents identifying each officer, director, trustee, board member, committee member, employee, and/or volunteer of WAMY INTL. Responsive documents shall include, but are not limited to, their personnel files.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 25**

Please provide all documents relating to any and all meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of WAMY INTL, including without limitation, any agendas or meeting minutes.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

**Document Request No. 26**

Please provide all financial statements, balance sheets, income statements and annual reports for WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 27**

Please provide all documents relating to all filings submitted to any local, state, or federal agency by WAMY INTL, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Responsive documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning WAMY INTL's tax-exempt status.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 28**

Please provide all documents relating to any audit, analysis, examination, survey, or review of WAMY INTL's bank accounts, investments, assets, capital, and/or financial affairs, conducted either by employees of WAMY INTL, WAMY-SA, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Responsive documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or SAMA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 3.  Defendant has no additional responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 29**

From the period beginning January 1, 1990 through September 11, 2001, please provide all documents identifying projects undertaken or financed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 30**

From the period beginning January 1, 1990 through September 11, 2001, please provide all documents summarizing the funds allocated by WAMY INTL to projects undertaken or financed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 31**

Please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by WAMY INTL. Responsive documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at

cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

**Document Request No. 32**

Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by WAMY INTL by which charitable contributions are either made to and/or raised by WAMY INTL, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 33**

Please provide all documents relating to the involvement of any official, trustee, committee, or board associated with WAMY's headquarters in Saudi Arabia in determining how funds collected by WAMY INTL should be allocated and/or in the distribution of funds.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  The request also makes the erroneous assumption that WAMY SA directs WAMY International to distribute funds for funds raised by WAMY International.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 34**

Please provide all summaries of contributions received and/or disbursements made by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome. In addition the request asks the Defendant to prepare a summary for Plaintiffs which is extremely burdensome. The request does not seek discovery with sufficient particularity. Plaintiffs' request is not limited in scope to the subject matter of this litigation.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 35**

Please provide all information contained in any database maintained by WAMY INTL and/or WAMY-SA, identifying or relating to the sources of funds contributed to WAMY INTL, and/or the destination of funds distributed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 36**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and WAMY-SA. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 37**

Please provide all documents WAMY INTL sent to, and/or received from WAMY-SA, including without limitation, all documents relating to the transfer of funds between WAMY INTL and WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

**Document Request No. 38**

Please provide all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of WAMY-SA to WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its responses to Document Request 36.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 39**

Please provide all annual, semi-annual and periodic reports submitted by WAMY INTL to WAMY headquarters in Saudi Arabia concerning its finances and operations,

including without limitation, annual reports, balance sheets, financial statements, bank account summaries, and audits.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 40**

Please provide all documents relating to the role of any official, trustee, committee, or board associated with WAMY's headquarters in Saudi Arabia in the fundraising efforts of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 36. Defendant has no additional responsive documents.

To the extent that its answer is not responsive, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 41**

Please provide all documents relating to any written or oral communications between WAMY INTL and WAMY-SA and/or the KSA regarding anti-terrorism policies, practices or procedures. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. WAMY International is not in

control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 42**

Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by WAMY INTL concerning the acceptance and distribution of monetary donations, which were implemented and used, or are currently being used, to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 43**

Please provide all documents in relating in any way to WAMY INTL meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 44**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and WAMY's branch offices worldwide, including but not limited to the WAMY offices in Afghanistan, Australia, Austria, Argentina, Bangladesh, Brazil, Canada, Comoro Islands, Congo, Iraq, Italy, Indonesia, France, Jordan, Kenya, Malaysia, Pakistan, New Zealand, Nigeria,

Philippines, United Kingdom, Russia, Saudi Arabia, Senegal, Somalia, Sudan, Syria, Tanzania, Thailand, and Uganda. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, emails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by other WAMY branches.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 45**

Please provide all documents WAMY INTL sent to and/or received from WAMY's branch offices worldwide. Responsive documents shall include, but are not limited to, the transfer of funds between WAMY INTL and those branch offices.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 44.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 46**

Please provide all documents relating to WAMY INTL's organization, funding, oversight, supervision, management, and/or control over WAMY Canada's operations, including but not limited to, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 44.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 47**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY-INTL and the Saudi Arabian Embassy in Washington, D.C., including without limitation, the Islamic Affairs Division of the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 48**

Please provide all documents WAMY-INTL sent to and/or received from the Saudi Arabian Embassy and/or the Islamic Affairs Division of the Embassy. Responsive documents shall include, but are not limited to, the transfer of funds between WAMY-INTL and the Saudi Arabian Embassy and/or Islamic Affairs Division.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 49**

Please provide all documents relating to the role of the Saudi Arabian Embassy and/or the Islamic Affairs Division in the creation, organization, funding, oversight, supervision, operation, and/or management of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 50**

Please provide all documents relating to WAMY INTL's initial capitalization and any subsequent funding provided by the Saudi Arabian Embassy and/or the Islamic Affairs Division, and/or any other individuals or entities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 51**

Please provide all documents relating to any fundraising events and/or conferences that were held for the benefit of WAMY INTL and/or WAMY-SA and were promoted, sponsored, organized, funded, managed, attended, or supervised by the Saudi Arabian Embassy and/or the Islamic Affairs Division. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 52**

Please provide all documents relating to any meeting between officials or representatives of WAMY INTL and/or WAMY-SA and any official or representative of the Saudi Arabian Embassy and/or the Islamic Affairs Division.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 53**

Please provide all documents relating to any written or oral communications between WAMY INTL and/or WAMY-SA and the Saudi Arabian Embassy and/or the Islamic Affairs Division regarding anti-terrorism policies, practices or procedures. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 54**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and each of the Charities identified in Attachment A. In the event that WAMY INTL shared office space with any of the Charities identified in Attachment A, please provide such documents.

**ANSWER:**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 55**

Please provide all documents WAMY INTL sent to, and/or received from the Charities identified in Attachment A, including without limitation, all documents relating to the transfer of funds between WAMY INTL and those Charities.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 54.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 56**

Please provide all documents relating to any joint fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by WAMY-INTL and any of the Charities identified in Attachment A. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request 54.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 57**

Please provide all documents relating to any accounts in any banking or financial institution WAMY INTL currently holds, or has held, jointly with or on behalf of the Charities identified in Attachment A, and/or any accounts over which WAMY INTL currently holds or has held signatory authority.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and

does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 58**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA relating to the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant insofar as many of the named conflicts have nothing to do with the subject matter of this litigation.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 59**

Please provide all documents relating to fundraising activities conducted by WAMY INTL and/or WAMY-SA in relation to relief or humanitarian efforts, or other operations, in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant insofar as many of

the named places have nothing to do with the subject matter of this litigation. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 60**

Please provide all interviews, statements, or speeches by officials or representatives of WAMY INTL and/or WAMY-SA regarding the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant insofar as many of the named conflicts, crises and conditions have nothing to do with the subject matter of this litigation. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 61**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the legitimacy of any armed jihad or resistance by Muslims in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant insofar as many of the named places have nothing to do with the subject matter of this litigation.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 62**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the provision of support to mujahideen forces in any part of the World. For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  The request is vague and ambiguous as to the definition of "financial, medical, logistical, administrative, religious and political assistance" and "mujahideen forces."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 63**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the provision of support to any armed jihad in any part of the World, regardless of whether such jihad was declared legitimate by competent

religious authorities. For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. The request is vague and ambiguous as to the definition of "financial, medical, logistical, administrative, religious and political assistance." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 64**

Please provide all interviews, statements, or speeches by officials or representatives of WAMY INTL and/or WAMY-SA which mention "jihad" (see Definition No. 18), regardless of whether you believe such individual(s) was or was not acting within the scope of his employment at WAMY in relation to such activity.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Defendant objects to Plaintiffs' overbroad definition of *jihad*. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 61.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 65**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA which mention "jihad" (see Definition No. 18), including without limitation: I*slamic Views; Islamic Camps: Objectives, Program Outlines, Preparatory Steps; Military Lessons in the Jihad Against the Tyrants; A Handy Encyclopedia Of Contemporary Religions & Sects*; and *Al Ansar al Arab fi Afghanistan* ("*The Arab Volunteers in Afghanistan*").

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Defendant objects to Plaintiffs' overbroad definition of *jihad*.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  WAMY International did not author, publish or disseminate *Military Lessons in the Jihad Against the Tyrants* and *Al Ansar al Arab fi Afghanistan*.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 61.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 66**

Please provide all WAMY documents mentioning "jihad" (see Definition No. 18), which can be generated via an electronic search of WAMY INTL's computers or electronic data storage systems.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Defendant objects to Plaintiffs' overbroad definition of *jihad*.  Plaintiffs should narrow the scope of this request.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 67**

Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant will make additional responsive electronic documents available to Plaintiffs by January 27, 2011.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 68**

Please provide all documents relating to all information or notification WAMY INTL received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA was associated with or involved in: (i) the sponsorship of any radical, extremist, or terrorist organization; (ii) criminal or corrupt activities; or (iii) any military, radical or terrorist activity, plot, or attack.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definitions of "radical," "extremist," and "military activity, plot or attack." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 69**

Please provide all documents relating to all information or notification WAMY INTL received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA may have been or was engaging in conduct unrelated to WAMY's ostensible charitable or humanitarian purpose, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) or entity(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definitions of "radical," "fundamentalist" and "extremist."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 70**

Please provide all documents sent to, and/or received from any third party relating to the alleged involvement of WAMY INTL and/or WAMY-SA, or any other individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities."   WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 71**

Please provide all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that WAMY INTL and/or WAMY-SA, or any other individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.  Responsive documents shall include, but are not limited to, all documents sent to, and/or received from, the Saudi Arabian Embassy in Washington, D.C. and the Islamic Affairs Division of the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities."   WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 72**

Please provide all documents relating to any internal investigations conducted by WAMY INTL into any alleged criminal, corrupt, or extremist activities of any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities."   WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 73**

Please provide all documents relating to any action taken by WAMY INTL to prevent criminal activities, including the sponsorship of terrorist or radicals, by any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome,

erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "radicals." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 74**

Please provide all documents relating to any action undertaken by WAMY INTL to remove or purge radical or corrupt elements or individuals from WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "radical or corrupt elements or individuals." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 75**

Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any WAMY subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent, employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "financial irregularities" and "suspicious activities." Defendant objects to the overbroad definition of *jihad*. WAMY International

is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 76**

Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any WAMY supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definitions of "financial irregularities" and "suspicious activities."  Defendant objects to the overbroad definition of *jihad*.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 77**

Please provide all documents relating to any formal or informal record keeping and document retention policies, practices, or procedures maintained by WAMY-INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 78**

Please provide all documents relating to any formal or informal document destruction policies, practices, or procedures maintained by WAMY-INTL, including without limitation, descriptions of all documents destroyed by WAMY-INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

Dated: January 21, 2011

Sincerely,

_/s/ Omar T. Mohammedi_____
Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 801
New York, NY 10279
*Attorneys for World Assembly of Muslim Youth*
*Saudi Arabia and World Assembly of Muslim Youth*
*International*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January 2011, I caused a copy of Defendants World Assembly of Muslim Youth International's Responses to Plaintiffs' Requests for Production of Documents to be served by electronic mail upon Plaintiffs' Executive Committee:

Jodi Flowers (jflowers@motleyrice.com)
Robert Haefele (rhaefele@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465
For the *Burnett* Plaintiffs and the Plaintiffs' Executive Committees

Jerry S. Goldman (jgoldman@andersonkill.com) (jfitzgerald@andersonkill.com)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020
For the *O'Neill* Plaintiffs and Plaintiffs Executive Committees

Sean Carter (SCarter1@cozen.com)
Scott Tarbutton (STarbutton@cozen.com)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
For the *Federal Insurance* Plaintiffs and Plaintiffs Executive Committees

James Kreindler (jkreindler@kreindler.com)
Andrew J. Maloney (amaloney@kreindler.com)
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY  10017-2703
For the *Ashton* Plaintiffs and Plaintiffs Executive Committees


Tariq Hussain, Esq.

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(FM) ECF Case |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-CV-05970
*Federal Insurance Col, et al. v. Al Qaida, et al.*, No. 03-CV-6978
*Euro Brokers v. Al Baraka Investment and Development Corp., et al*, No. 04-CV-7279
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.*, et al,
        No. 04-CV-1923
*World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development
        Corp.*, et al., No. 04-CV-07280

**DEFENDNANT WORLD ASSEMBLY OF MUSLIM YOUTH
INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant World Assembly of Muslim Youth International ("WAMY International"), through undersigned counsel, hereby responds to Plaintiffs' Request for Production of Documents.

**GENERAL OBJECTIONS**

1.      Defendant WAMY International objects to plaintiffs' "Definitions" and Document Requests insofar as they:

        a.   Request information or identification of documents concerning confidential communications between defendant and its attorneys, on the grounds that the information sought is protected under the attorney/client privilege;

        b.   Request information or identification of documents prepared by Defendant's counsel for their own use, or prepared by Defendant or

1

Defendant's witnesses for use by Defendant's counsel, on the grounds

that the information sought is protected from disclosure by the attorney

work-product doctrine;

c.   Seek to enlarge Defendant's obligation to respond to discovery beyond

the obligations established by the Federal Rules of Civil Procedure and

the Local Rules of this Court;

d.   Seek discovery from Defendant of documents that are in the

possession, custody or control of another entity other than WAMY

International.

e.   Seek information or documents to which plaintiffs have an equal or

greater access than Defendant.

f.   Seek information or documents prior to the year 1992 pursuant to

Judge Daniels' Order of December 21, 2007 (Docket No. 2059)

limiting discovery relating back to the period beginning in 1992.

2.   Defendant WAMY International has made a diligent and reasonable search

and inquiry for the information requested by the requests.  Any response

contained herein, however, is given with the understanding that WAMY

International and its attorneys are still conducting discovery and investigation

in connection with this action.  Defendant's responses are therefore without

waiver of, or prejudice to, its right to later use additional information not set

forth or referred to in this response.  In addition, any response contained

herein is made with the express reservation of all rights pursuant to the

Federal Rules of Civil Procedure and Local Civil Rules of this Court to

supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

3. In its specific responses below, Defendant's statement that responsive documents will be made available for inspection does not mean (a) that any documents exist or (b) that they are in the possession, custody, or control of the Defendant.

4. Defendant is legally separate from WAMY Saudi Arabia as well as any affiliates or other branch offices that may also carry the name "WAMY." Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia or any affiliates or other branch offices.

5. Any documents produced herein designated as "Confidential" shall be subject to Judge Casey's Order of Protection of October 3, 2006.

6. The above-stated General Objections are hereby incorporated in each of WAMY International's following responses to specific requests, whether or not expressly repeated in response to a particular request.

## **DOCUMENT REQUESTS**

**Document Request No. 1**

Please provide all documents relating to all accounts in United States banking institutions ("U.S. Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of WAMY-INTL, any account for any entity in which WAMY-INTL held any beneficial interest, and/or any account over which WAMY-INTL and its representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL and the United States banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers,

journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant further refers to WAMY Intl E000001-000052.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 2**

Please provide all documents relating to all accounts in foreign banking institutions ("Foreign Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of WAMY-INTL, any account for any entity in which WAMY-INTL held any beneficial interest, and/or any account over which WAMY-INTL and its representatives had signatory authority or had any actual or potential beneficial interest.  Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL and the foreign banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving this objection, Defendant has no responsive documents.  Defendant WAMY International did not hold any beneficial interest any foreign banks.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 3**

Please provide all documents relating to any investigation, inquiry, review, audit, or analysis conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi Arabian-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "KSA Investigator"), which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Subject to and without waiving this objection, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 4**

Please provide copies of all documents that have been seized by, or produced by WAMY-INTL and/or WAMY-SA to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

**Document Request No. 5**

Please provide all documents relating to any investigation, audit, analysis, examination, survey, or review of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above, conducted either by WAMY-INTL, WAMY-SA, or any third party, including but not limited to, any bank, financial institution,

government agency, accountant, or auditor. Such documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or the Saudi Arabian Monetary Agency ("SAMA").

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, Defendant has no responsive documents. Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 6**

Please provide all documents relating to any written or oral communication between or among WAMY-INTL, WAMY-SA, the KSA and/or SAMA, which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving this objection, Defendant has no responsive documents. Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 7**

Please provide all documents relating to the 2004 raid of WAMY INTL's offices in Virginia, or any investigation by any governmental authority relating to WAMY INTL and/or WAMY-SA, including without limitation, the arrest of a WAMY official and/or representative during the 2004 raid.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. In addition, responsive documents may be subject to attorney-client or work product privilege. Subject to and without waiving this objection, Defendant will produce documents seized

in the 2004 raid of its offices as they respond to specific and relevant requests by Plaintiffs herein.

**Document Request No. 8**

Please provide copies of all documents and things that were in Your possession and which were seized by the U.S. Government between September 11, 2001 and the present.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  In addition, responsive documents may be subject to attorney-client or work product privilege. Subject to and without waiving this objection, Defendant will produce documents seized in the 2004 raid of its offices as they respond to specific and relevant requests by Plaintiffs herein.

**Document Request No. 9**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and Abdullah bin Laden and Omar bin Laden.  Responsive documents shall include, but are not limited to, their personnel files.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant refers to WAMY Intl E 000711-000764.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 10**

Please provide all documents relating to Abdullah bin Laden's employment with the Saudi Arabian Embassy in Washington, D.C., including without limitation, all documents detailing, describing, or summarizing any and all positions he held at the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by the Saudi Arabian Embassy in Washington, D.C. or by Abdullah Bin Laden.

**Document Request No. 11**

Please provide all documents relating to any written or oral communication involving Abdullah bin Laden, including without limitation: (i) all communications sent to and/or originating from Abdullah bin Laden while in his capacity as an official, employee, or representative of WAMY-INTL and/or WAMY-SA; and (ii) all communications sent to and/or originating from Abdullah bin Laden while in his capacity as an official, employee, or representative of the Saudi Arabian Embassy in Washington, D.C. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by the Saudi Arabian Embassy in Washington, D.C. or by Abdullah Bin Laden.

**Document Request No. 12**

Please provide all documents relating to all WAMY INTL and/or WAMY-SA banking or financial accounts for which Abdullah bin Laden and/or Omar bin Laden had signatory authority. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL, WAMY-SA, Abdullah bin Laden and/or Omar bin Laden and the banking or financial institution, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 13**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and any Saar Network-Related Entity and/or any Saar Network-Related Individual, including without limitation, any and all documents relating to any positions such individuals currently hold, or have held, within WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed.  Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

**Document Request No. 14**

Please provide any and all documents WAMY INTL sent to, and/or received from any Saar Network-Related Entity and/or any Saar Network-Related Individual, including without limitation, all documents relating to the transfer of funds between WAMY INTL and such entities and/or individuals.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed.  Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Subject to and

9

without waiving these objections, Defendant refers its response to Document Request No. 13 above.

**Document Request No. 15**

Please provide all documents relating to any accounts in any banking or financial institution WAMY INTL currently holds, or has held, jointly with or on behalf of any Saar Network-Related Entity and/or any Saar Network-Related Individual, and/or any accounts over which WAMY INTL and its representatives holds or has held signatory authority.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed. Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers its response to Document Request No. 13 above.

**Document Request No. 16**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and HAMAS (a/k/a Harakat al Muqawamat al Islamiyyah; a/k/a Islamic Resistance Movement), including without limitation, the following HAMAS-related entities: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation. Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities." Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 17**

Please provide all documents WAMY INTL sent to and/or received from HAMAS, including without limitation, any HAMAS-related entities such as: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and

the Charity Coalition.   Such documents shall include, but are not limited to, all documents relating to the transfer of funds between WAMY INTL and those entities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation.  Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities."   Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 18**

Please provide all documents relating to any written or oral communication between or among WAMY-INTL, WAMY-SA, the KSA and/or SAMA, which references or addresses HAMAS and/or any HAMAS-related entities, including but not limited to: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation.  Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities."   Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 19**

Please provide all copies of any and all documents and things that have been seized by, or produced by WAMY INTL to any United States Investigator, any Foreign Investigator, or any KSA Investigator concerning WAMY INTL's and/or WAMY-SA's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome,

erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous. Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 8.

**Document Request No. 20**

Please provide all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that WAMY INTL and/or WAMY-SA, or any individual or entity employed by and/or associated with WAMY INTL and/or WAMY-SA, was associated with or involved in any military or terrorist activity, plot or attack, indicating an intention to direct conduct against or target conduct toward the United States of America.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 21**

Please provide all documents illustrating, describing or otherwise relating to WAMY INTL's formation and organizational structure, the date of incorporation, the state of incorporation, the duration of WAMY INTL's existence, any documents relating to WAMY INTL's initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant refers to WAMY Intl E000711-000764.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 22**

Please provide all documents relating to the administration, governance, and longterm strategic decision-making of WAMY INTL, including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 21.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 23**

Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 21.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 24**

Please provide all documents identifying each officer, director, trustee, board member, committee member, employee, and/or volunteer of WAMY INTL. Responsive documents shall include, but are not limited to, their personnel files.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant refers to WAMY Intl E000158-000203.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## Document Request No. 25

Please provide all documents relating to any and all meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of WAMY INTL, including without limitation, any agendas or meeting minutes.

## ANSWER

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

## Document Request No. 26

Please provide all financial statements, balance sheets, income statements and annual reports for WAMY INTL.

## ANSWER

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant refers to WAMY Intl E000053-000157 and WAMY Intl E000759-000761.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 27**

Please provide all documents relating to all filings submitted to any local, state, or federal agency by WAMY INTL, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Responsive documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning WAMY INTL's tax-exempt status.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant refers to WAMY Intl E000762-000764.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 28**

Please provide all documents relating to any audit, analysis, examination, survey, or review of WAMY INTL's bank accounts, investments, assets, capital, and/or financial affairs, conducted either by employees of WAMY INTL, WAMY-SA, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Responsive documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or SAMA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 3.  Defendant has no additional responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 29**

From the period beginning January 1, 1990 through September 11, 2001, please provide all documents identifying projects undertaken or financed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant refers to WAMY Intl E000241-000348 and WAMY Intl E000817-000839.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 30**

From the period beginning January 1, 1990 through September 11, 2001, please provide all documents summarizing the funds allocated by WAMY INTL to projects undertaken or financed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant refers to WAMY Intl E000053-000157, WAMY Intl E000241-000348 and WAMY Intl E000765-000787.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 31**

Please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by WAMY INTL. Responsive documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant refers to WAMY Intl E000241-000348 and WAMY Intl E000647-710.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing

**Document Request No. 32**

Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by WAMY INTL by which charitable contributions are either made to and/or raised by WAMY INTL, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 33**

Please provide all documents relating to the involvement of any official, trustee, committee, or board associated with WAMY's headquarters in Saudi Arabia in determining how funds collected by WAMY INTL should be allocated and/or in the distribution of funds.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. The request also makes the erroneous assumption that WAMY SA directs WAMY International to distribute funds for funds raised by WAMY International. Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 34**

Please provide all summaries of contributions received and/or disbursements made by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome. In addition the request asks the Defendant to prepare a summary for Plaintiffs which is extremely burdensome. The request does not seek discovery with sufficient particularity. Plaintiffs' request is not limited in scope to the subject matter of this litigation.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 35**

Please provide all information contained in any database maintained by WAMY INTL and/or WAMY-SA, identifying or relating to the sources of funds contributed to WAMY INTL, and/or the destination of funds distributed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 36**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and WAMY-SA. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 37**

Please provide all documents WAMY INTL sent to, and/or received from WAMY-SA, including without limitation, all documents relating to the transfer of funds between WAMY INTL and WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

**Document Request No. 38**

Please provide all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of WAMY-SA to WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its responses to Document Request 36.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 39**

Please provide all annual, semi-annual and periodic reports submitted by WAMY INTL to WAMY headquarters in Saudi Arabia concerning its finances and operations, including without limitation, annual reports, balance sheets, financial statements, bank account summaries, and audits.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant refers to WAMY Intl E00050-000051 and WAMY Intl E000053-000157.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 40**

Please provide all documents relating to the role of any official, trustee, committee, or board associated with WAMY's headquarters in Saudi Arabia in the fundraising efforts of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 36.  Defendant has no additional responsive documents.

To the extent that its answer is not responsive, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 41**

Please provide all documents relating to any written or oral communications between WAMY INTL and WAMY-SA and/or the KSA regarding anti-terrorism policies, practices or procedures. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 42**

Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by WAMY INTL concerning the acceptance and distribution of monetary donations, which were implemented and used, or are currently being used, to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 43**

Please provide all documents in relating in any way to WAMY INTL meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 44**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and WAMY's branch offices worldwide, including but not limited to the WAMY offices in Afghanistan, Australia, Austria, Argentina, Bangladesh, Brazil, Canada, Comoro Islands, Congo, Iraq, Italy, Indonesia, France, Jordan, Kenya, Malaysia, Pakistan, New Zealand, Nigeria, Philippines, United Kingdom, Russia, Saudi Arabia, Senegal, Somalia, Sudan, Syria, Tanzania, Thailand, and Uganda. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, emails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by other WAMY branches.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant refers to WAMY Intl E000788.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 45**

Please provide all documents WAMY INTL sent to and/or received from WAMY's branch offices worldwide. Responsive documents shall include, but are not limited to, the transfer of funds between WAMY INTL and those branch offices.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 44.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 46**

Please provide all documents relating to WAMY INTL's organization, funding, oversight, supervision, management, and/or control over WAMY Canada's operations, including but not limited to, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 44.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 47**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY-INTL and the Saudi Arabian Embassy in Washington, D.C., including without limitation, the Islamic Affairs Division of the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 48**

Please provide all documents WAMY-INTL sent to and/or received from the Saudi Arabian Embassy and/or the Islamic Affairs Division of the Embassy. Responsive documents shall include, but are not limited to, the transfer of funds between WAMY-INTL and the Saudi Arabian Embassy and/or Islamic Affairs Division.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 49**

Please provide all documents relating to the role of the Saudi Arabian Embassy and/or the Islamic Affairs Division in the creation, organization, funding, oversight, supervision, operation, and/or management of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 50**

Please provide all documents relating to WAMY INTL's initial capitalization and any subsequent funding provided by the Saudi Arabian Embassy and/or the Islamic Affairs Division, and/or any other individuals or entities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 51**

Please provide all documents relating to any fundraising events and/or conferences that were held for the benefit of WAMY INTL and/or WAMY-SA and were promoted, sponsored, organized, funded, managed, attended, or supervised by the Saudi

Arabian Embassy and/or the Islamic Affairs Division. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 52**

Please provide all documents relating to any meeting between officials or representatives of WAMY INTL and/or WAMY-SA and any official or representative of the Saudi Arabian Embassy and/or the Islamic Affairs Division.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 53**

Please provide all documents relating to any written or oral communications between WAMY INTL and/or WAMY-SA and the Saudi Arabian Embassy and/or the Islamic Affairs Division regarding anti-terrorism policies, practices or procedures. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 54**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and each of the Charities identified in Attachment A. In the event that WAMY INTL shared office space with any of the Charities identified in Attachment A, please provide such documents.

**ANSWER:**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant refers to WAMY Intl E000789.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 55**

Please provide all documents WAMY INTL sent to, and/or received from the Charities identified in Attachment A, including without limitation, all documents relating to the transfer of funds between WAMY INTL and those Charities.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 54.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 56**

Please provide all documents relating to any joint fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by WAMY-INTL and any of the Charities identified in Attachment A. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request 54.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## Document Request No. 57

Please provide all documents relating to any accounts in any banking or financial institution WAMY INTL currently holds, or has held, jointly with or on behalf of the Charities identified in Attachment A, and/or any accounts over which WAMY INTL currently holds or has held signatory authority.

## ANSWER

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## Document Request No. 58

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA relating to the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

## ANSWER

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant insofar as many of the named conflicts have nothing to do with the subject matter of this litigation.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.

27

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 59**

Please provide all documents relating to fundraising activities conducted by WAMY INTL and/or WAMY-SA in relation to relief or humanitarian efforts, or other operations, in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant insofar as many of the named places have nothing to do with the subject matter of this litigation. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 60**

Please provide all interviews, statements, or speeches by officials or representatives of WAMY INTL and/or WAMY-SA regarding the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant insofar as many of the named conflicts, crises and conditions have nothing to do with the subject matter of this litigation. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.  Defendant refers to WAMY Intl E000790-000793.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 61**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the legitimacy of any armed jihad or resistance by Muslims in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant insofar as many of the named places have nothing to do with the subject matter of this litigation.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 62**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the provision of support to mujahideen forces in any part of the World. For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  The request is

vague and ambiguous as to the definition of "financial, medical, logistical, administrative, religious and political assistance" and "mujahideen forces."   WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 63**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the provision of support to any armed jihad in any part of the World, regardless of whether such jihad was declared legitimate by competent religious authorities. For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  The request is vague and ambiguous as to the definition of "financial, medical, logistical, administrative, religious and political assistance."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 64**

Please provide all interviews, statements, or speeches by officials or representatives of WAMY INTL and/or WAMY-SA which mention "jihad" (see Definition No. 18), regardless of whether you believe such individual(s) was or was not acting within the scope of his employment at WAMY in relation to such activity.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Defendant objects to Plaintiffs' overbroad definition of *jihad*.  WAMY International is not in control or

custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 61.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 65**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA which mention "jihad" (see Definition No. 18), including without limitation: I*slamic Views; Islamic Camps: Objectives, Program Outlines, Preparatory Steps; Military Lessons in the Jihad Against the Tyrants; A Handy Encyclopedia Of Contemporary Religions & Sects*; and *Al Ansar al Arab fi Afghanistan* ("*The Arab Volunteers in Afghanistan*").

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Defendant objects to Plaintiffs' overbroad definition of *jihad*.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  WAMY International did not author, publish or disseminate *Military Lessons in the Jihad Against the Tyrants* and *Al Ansar al Arab fi Afghanistan*.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 61.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 66**

Please provide all WAMY documents mentioning "jihad" (see Definition No. 18), which can be generated via an electronic search of WAMY INTL's computers or electronic data storage systems.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Defendant objects to Plaintiffs' overbroad definition of *jihad*.  Plaintiffs should narrow the scope of this request.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 67**

Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant will make relevant and responsive documents available for inspection at counsel's New York City office at cost to Plaintiffs. Defendant refers to WAMY Intl E000241-000348 and WAMY Intl E 000349-000646.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 68**

Please provide all documents relating to all information or notification WAMY INTL received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA was associated with or involved in: (i) the sponsorship of any radical, extremist, or terrorist organization; (ii) criminal or corrupt activities; or (iii) any military, radical or terrorist activity, plot, or attack.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definitions of "radical," "extremist," and "military activity, plot or attack." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 69**

Please provide all documents relating to all information or notification WAMY INTL received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA may have been or was engaging in conduct unrelated to WAMY's ostensible charitable or humanitarian purpose, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) or entity(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definitions of "radical," "fundamentalist" and "extremist." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 70**

Please provide all documents sent to, and/or received from any third party relating to the alleged involvement of WAMY INTL and/or WAMY-SA, or any other individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 71**

Please provide all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that WAMY INTL and/or WAMY-SA, or any other individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities. Responsive documents shall include, but are not limited to, all documents sent to, and/or received from, the Saudi Arabian Embassy in Washington, D.C. and the Islamic Affairs Division of the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 72**

Please provide all documents relating to any internal investigations conducted by WAMY INTL into any alleged criminal, corrupt, or extremist activities of any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

34

**Document Request No. 73**

Please provide all documents relating to any action taken by WAMY INTL to prevent criminal activities, including the sponsorship of terrorist or radicals, by any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "radicals."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 74**

Please provide all documents relating to any action undertaken by WAMY INTL to remove or purge radical or corrupt elements or individuals from WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "radical or corrupt elements or individuals."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 75**

Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any WAMY subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent,

employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "financial irregularities" and "suspicious activities." Defendant objects to the overbroad definition of *jihad*. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 76**

Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any WAMY supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definitions of "financial irregularities" and "suspicious activities." Defendant objects to the overbroad definition of *jihad*. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 77**

Please provide all documents relating to any formal or informal record keeping and document retention policies, practices, or procedures maintained by WAMY-INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 78**

Please provide all documents relating to any formal or informal document destruction policies, practices, or procedures maintained by WAMY-INTL, including without limitation, descriptions of all documents destroyed by WAMY-INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

Dated: January 28, 2011

Sincerely,

 /s/ Omar T. Mohammedi
Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 801
New York, NY 10279
*Attorneys for World Assembly of Muslim Youth*
*Saudi Arabia and World Assembly of Muslim Youth*
*International*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January 2011, I caused a copy of Defendants World Assembly of Muslim Youth Saudi Arabia's Supplemental Responses to Plaintiffs' Requests for Production of Documents to be served by electronic mail upon Plaintiffs' Executive Committee:

Jodi Flowers (jflowers@motleyrice.com)
Robert Haefele (rhaefele@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465
For the *Burnett* Plaintiffs and the Plaintiffs' Executive Committees

Jerry S. Goldman (jgoldman@andersonkill.com) (jfitzgerald@andersonkill.com)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020
For the *O'Neill* Plaintiffs and Plaintiffs Executive Committees

Sean Carter (SCarter1@cozen.com)
Scott Tarbutton (STarbutton@cozen.com)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
For the *Federal Insurance* Plaintiffs and Plaintiffs Executive Committees

James Kreindler (jkreindler@kreindler.com)
Andrew J. Maloney (amaloney@kreindler.com)
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY  10017-2703
For the *Ashton* Plaintiffs and Plaintiffs Executive Committees

I further certify that I served additional documents sent on CD-ROM via regular first class mail to Sean Carter, Cozen O'Connor, 1900 Market Street, Philadelphia, PA 19103.

Tariq Hussain, Esq.

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(FM) ECF Case |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-CV-05970
*Federal Insurance Col, et al. v. Al Qaida, et al.*, No. 03-CV-6978
*Euro Brokers v. Al Baraka Investment and Development Corp., et al,* No. 04-CV-7279
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.*, et al,
    No. 04-CV-1923
*World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development
    Corp.*, et al., No. 04-CV-07280

**DEFENDNANT WORLD ASSEMBLY OF MUSLIM YOUTH
INTERNATIONAL'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant World Assembly of Muslim Youth International ("WAMY International"), through undersigned counsel, hereby responds to Plaintiffs' Request for Production of Documents.

**GENERAL OBJECTIONS**

1.    Defendant WAMY International objects to plaintiffs' "Definitions" and Document Requests insofar as they:

    a.    Request information or identification of documents concerning confidential communications between defendant and its attorneys, on the grounds that the information sought is protected under the attorney/client privilege;

    b.    Request information or identification of documents prepared by Defendant's counsel for their own use, or prepared by Defendant or

1

Defendant's witnesses for use by Defendant's counsel, on the grounds that the information sought is protected from disclosure by the attorney work-product doctrine;

c.   Seek to enlarge Defendant's obligation to respond to discovery beyond the obligations established by the Federal Rules of Civil Procedure and the Local Rules of this Court;

d.   Seek discovery from Defendant of documents that are in the possession, custody or control of another entity other than WAMY International.

e.   Seek information or documents to which plaintiffs have an equal or greater access than Defendant.

f.   Seek information or documents prior to the year 1992 pursuant to Judge Daniels' Order of December 21, 2007 (Docket No. 2059) limiting discovery relating back to the period beginning in 1992.

2.   Defendant WAMY International has made a diligent and reasonable search and inquiry for the information requested by the requests.  Any response contained herein, however, is given with the understanding that WAMY International and its attorneys are still conducting discovery and investigation in connection with this action.  Defendant's responses are therefore without waiver of, or prejudice to, its right to later use additional information not set forth or referred to in this response.  In addition, any response contained herein is made with the express reservation of all rights pursuant to the Federal Rules of Civil Procedure and Local Civil Rules of this Court to

2

supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

3.   In its specific responses below, Defendant's statement that responsive documents will be made available for inspection does not mean (a) that any documents exist or (b) that they are in the possession, custody, or control of the Defendant.

4.   Defendant is legally separate from WAMY Saudi Arabia as well as any affiliates or other branch offices that may also carry the name "WAMY." Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia or any affiliates or other branch offices.

5.   Any documents produced herein designated as "Confidential" shall be subject to Judge Casey's Order of Protection of October 3, 2006.

6.   The above-stated General Objections are hereby incorporated in each of WAMY International's following responses to specific requests, whether or not expressly repeated in response to a particular request.

## **DOCUMENT REQUESTS**

**Document Request No. 1**

Please provide all documents relating to all accounts in United States banking institutions ("U.S. Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of WAMY-INTL, any account for any entity in which WAMY-INTL held any beneficial interest, and/or any account over which WAMY-INTL and its representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL and the United States banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers,

journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E000987-000999, WAMY Intl E001719-00756, and WAMY Intl E002062-002068.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 2**

Please provide all documents relating to all accounts in foreign banking institutions ("Foreign Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of WAMY-INTL, any account for any entity in which WAMY-INTL held any beneficial interest, and/or any account over which WAMY-INTL and its representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL and the foreign banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving this objection, Defendant has no responsive documents.  Defendant WAMY International did not hold any beneficial interest any foreign banks.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 3**

Please provide all documents relating to any investigation, inquiry, review, audit, or analysis conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi Arabian-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "KSA Investigator"), which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 001719-E 001756.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 4**

Please provide copies of all documents that have been seized by, or produced by WAMY-INTL and/or WAMY-SA to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 5**

Please provide all documents relating to any investigation, audit, analysis, examination, survey, or review of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above, conducted either by WAMY-INTL, WAMY-SA, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Such documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or the Saudi Arabian Monetary Agency ("SAMA").

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 6**

Please provide all documents relating to any written or oral communication between or among WAMY-INTL, WAMY-SA, the KSA and/or SAMA, which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 7**

Please provide all documents relating to the 2004 raid of WAMY INTL's offices in Virginia, or any investigation by any governmental authority relating to WAMY INTL and/or WAMY-SA, including without limitation, the arrest of a WAMY official and/or representative during the 2004 raid.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  In addition, responsive documents may be subject to attorney-client or work product privilege.

Subject to and without waiving this objection, Defendant will produce documents seized in the 2004 raid of its offices as they respond to specific and relevant requests by Plaintiffs herein.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 8**

Please provide copies of all documents and things that were in Your possession and which were seized by the U.S. Government between September 11, 2001 and the present.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  In addition, responsive documents may be subject to attorney-client or work product privilege.

Subject to and without waiving this objection, Defendant will produce documents seized in the 2004 raid of its offices as they respond to specific and relevant requests by Plaintiffs herein.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 9**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and Abdullah bin Laden and Omar bin Laden.  Responsive documents shall include, but are not limited to, their personnel files.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E 001366-E 001411.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 10**

Please provide all documents relating to Abdullah bin Laden's employment with the Saudi Arabian Embassy in Washington, D.C., including without limitation, all documents detailing, describing, or summarizing any and all positions he held at the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, WAMY International is not in control or custody of documents possessed by the Saudi Arabian Embassy in Washington, D.C. or by Abdullah Bin Laden.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 11**

Please provide all documents relating to any written or oral communication involving Abdullah bin Laden, including without limitation: (i) all communications sent to and/or originating from Abdullah bin Laden while in his capacity as an official, employee, or representative of WAMY-INTL and/or WAMY-SA; and (ii) all communications sent to and/or originating from Abdullah bin Laden while in his capacity as an official, employee, or representative of the Saudi Arabian Embassy in Washington, D.C. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by the Saudi Arabian Embassy in Washington, D.C. or by Abdullah Bin Laden.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E 001366-E 001411.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 12**

Please provide all documents relating to all WAMY INTL and/or WAMY-SA banking or financial accounts for which Abdullah bin Laden and/or Omar bin Laden had signatory authority. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL, WAMY-SA, Abdullah bin Laden and/or Omar bin Laden and the banking or financial institution, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 13**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and any Saar Network-Related Entity and/or any Saar Network-Related Individual, including without limitation, any and all

documents relating to any positions such individuals currently hold, or have held, within WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed.  Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E 001481-E 001491.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 14**

Please provide any and all documents WAMY INTL sent to, and/or received from any Saar Network-Related Entity and/or any Saar Network-Related Individual, including without limitation, all documents relating to the transfer of funds between WAMY INTL and such entities and/or individuals.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed.  Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers its response to Document Request No. 13 above.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 15**

Please provide all documents relating to any accounts in any banking or financial institution WAMY INTL currently holds, or has held, jointly with or on behalf of any Saar Network-Related Entity and/or any Saar Network-Related Individual, and/or any

accounts over which WAMY INTL and its representatives holds or has held signatory authority.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed.  Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers its response to Document Request No. 13 above.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 16**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and HAMAS (a/k/a Harakat al Muqawamat al Islamiyyah; a/k/a Islamic Resistance Movement), including without limitation, the following HAMAS-related entities: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation.  Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities."   Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 17**

Please provide all documents WAMY INTL sent to and/or received from HAMAS, including without limitation, any HAMAS-related entities such as: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition.  Such documents shall include, but are not limited to, all documents relating to the transfer of funds between WAMY INTL and those entities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation.  Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities."   Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 18**

Please provide all documents relating to any written or oral communication between or among WAMY-INTL, WAMY-SA, the KSA and/or SAMA, which references or addresses HAMAS and/or any HAMAS-related entities, including but not limited to: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation.  Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities."   Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 19**

Please provide all copies of any and all documents and things that have been seized by, or produced by WAMY INTL to any United States Investigator, any Foreign Investigator, or any KSA Investigator concerning WAMY INTL's and/or WAMY-SA's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous.  Defendant is not in custody or control of documents in the

possession of WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 8.

**Document Request No. 20**

Please provide all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that WAMY INTL and/or WAMY-SA, or any individual or entity employed by and/or associated with WAMY INTL and/or WAMY-SA, was associated with or involved in any military or terrorist activity, plot or attack, indicating an intention to direct conduct against or target conduct toward the United States of America.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 21**

Please provide all documents illustrating, describing or otherwise relating to WAMY INTL's formation and organizational structure, the date of incorporation, the state of incorporation, the duration of WAMY INTL's existence, any documents relating to WAMY INTL's initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 22**

Please provide all documents relating to the administration, governance, and longterm strategic decision-making of WAMY INTL, including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 001412-E001480 and WAMY Intl E 001605-E 001623.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 23**

Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 21.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 24**

Please provide all documents identifying each officer, director, trustee, board member, committee member, employee, and/or volunteer of WAMY INTL. Responsive documents shall include, but are not limited to, their personnel files.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 001492-E001506.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 25**

Please provide all documents relating to any and all meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of WAMY INTL, including without limitation, any agendas or meeting minutes.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 000794-E 000798.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 26**

Please provide all financial statements, balance sheets, income statements and annual reports for WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E002062-002068.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 27**

Please provide all documents relating to all filings submitted to any local, state, or federal agency by WAMY INTL, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Responsive documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC

filings, liens, judgments, and any correspondence concerning WAMY INTL's tax-exempt status.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 28**

Please provide all documents relating to any audit, analysis, examination, survey, or review of WAMY INTL's bank accounts, investments, assets, capital, and/or financial affairs, conducted either by employees of WAMY INTL, WAMY-SA, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Responsive documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or SAMA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 3.  Defendant has no additional responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 29**

From the period beginning January 1, 1990 through September 11, 2001, please provide all documents identifying projects undertaken or financed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Pursuant to Judge Daniels'

16

Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E000799-000986, WAMY Intl E001000-001411, WAMY Intl E001507-001718, WAMY Intl E001770-002061, and WAMY Intl E002069-E002351.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 30**

From the period beginning January 1, 1990 through September 11, 2001, please provide all documents summarizing the funds allocated by WAMY INTL to projects undertaken or financed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E001000-001411, WAMY Intl E001624-001655, WAMY Intl E001770-001814, and WAMY Intl E002291-002351.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 31**

Please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by WAMY INTL. Responsive documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E001000-001331, WAMY Intl E001507-E0001604, WAMY Intl E001624-001718, WAMY Intl E001770-001990, WAMY Intl E002043-002061, WAMY Intl E002069-002124, and WAMY Intl E002291-002351.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing

**Document Request No. 32**

Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by WAMY INTL by which charitable contributions are either made to and/or raised by WAMY INTL, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 33**

Please provide all documents relating to the involvement of any official, trustee, committee, or board associated with WAMY's headquarters in Saudi Arabia in determining how funds collected by WAMY INTL should be allocated and/or in the distribution of funds.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not

reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  The request also makes the erroneous assumption that WAMY SA directs WAMY International to distribute funds for funds raised by WAMY International.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 34**

Please provide all summaries of contributions received and/or disbursements made by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome.  In addition the request asks the Defendant to prepare a summary for Plaintiffs which is extremely burdensome.  The request does not seek discovery with sufficient particularity.  Plaintiffs' request is not limited in scope to the subject matter of this litigation.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E 000987-E000999 and WAMY Intl E 002062-E002068.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 35**

Please provide all information contained in any database maintained by WAMY INTL and/or WAMY-SA, identifying or relating to the sources of funds contributed to WAMY INTL, and/or the destination of funds distributed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 36**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and WAMY-SA. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E 001757-001769.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 37**

Please provide all documents WAMY INTL sent to, and/or received from WAMY-SA, including without limitation, all documents relating to the transfer of funds between WAMY INTL and WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 38**

Please provide all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of WAMY-SA to WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and

without waiving these objections, Defendant refers to its responses to Document Request 36.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## Document Request No. 39

Please provide all annual, semi-annual and periodic reports submitted by WAMY INTL to WAMY headquarters in Saudi Arabia concerning its finances and operations, including without limitation, annual reports, balance sheets, financial statements, bank account summaries, and audits.

## ANSWER

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## Document Request No. 40

Please provide all documents relating to the role of any official, trustee, committee, or board associated with WAMY's headquarters in Saudi Arabia in the fundraising efforts of WAMY INTL.

## ANSWER

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 36.  Defendant has no additional responsive documents.

To the extent that its answer is not responsive, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

## Document Request No. 41

Please provide all documents relating to any written or oral communications between WAMY INTL and WAMY-SA and/or the KSA regarding anti-terrorism policies, practices or procedures. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 42**

Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by WAMY INTL concerning the acceptance and distribution of monetary donations, which were implemented and used, or are currently being used, to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 43**

Please provide all documents in relating in any way to WAMY INTL meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 44**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and WAMY's branch offices worldwide, including but not limited to the WAMY offices in Afghanistan, Australia, Austria, Argentina, Bangladesh, Brazil, Canada, Comoro Islands, Congo, Iraq, Italy, Indonesia, France, Jordan, Kenya, Malaysia, Pakistan, New Zealand, Nigeria, Philippines, United Kingdom, Russia, Saudi Arabia, Senegal, Somalia, Sudan, Syria, Tanzania, Thailand, and Uganda. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, emails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by other WAMY branches.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 45**

Please provide all documents WAMY INTL sent to and/or received from WAMY's branch offices worldwide. Responsive documents shall include, but are not limited to, the transfer of funds between WAMY INTL and those branch offices.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 44.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 46**

Please provide all documents relating to WAMY INTL's organization, funding, oversight, supervision, management, and/or control over WAMY Canada's operations, including but not limited to, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 44.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 47**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY-INTL and the Saudi Arabian Embassy in Washington, D.C., including without limitation, the Islamic Affairs Division of the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 48**

Please provide all documents WAMY-INTL sent to and/or received from the Saudi Arabian Embassy and/or the Islamic Affairs Division of the Embassy. Responsive documents shall include, but are not limited to, the transfer of funds between WAMY-INTL and the Saudi Arabian Embassy and/or Islamic Affairs Division.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 49**

Please provide all documents relating to the role of the Saudi Arabian Embassy and/or the Islamic Affairs Division in the creation, organization, funding, oversight, supervision, operation, and/or management of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 50**

Please provide all documents relating to WAMY INTL's initial capitalization and any subsequent funding provided by the Saudi Arabian Embassy and/or the Islamic Affairs Division, and/or any other individuals or entities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 51**

Please provide all documents relating to any fundraising events and/or conferences that were held for the benefit of WAMY INTL and/or WAMY-SA and were promoted, sponsored, organized, funded, managed, attended, or supervised by the Saudi Arabian Embassy and/or the Islamic Affairs Division. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 52**

Please provide all documents relating to any meeting between officials or representatives of WAMY INTL and/or WAMY-SA and any official or representative of the Saudi Arabian Embassy and/or the Islamic Affairs Division.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 53**

Please provide all documents relating to any written or oral communications between WAMY INTL and/or WAMY-SA and the Saudi Arabian Embassy and/or the Islamic Affairs Division regarding anti-terrorism policies, practices or procedures. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 54**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and each of the Charities identified in Attachment A. In the event that WAMY INTL shared office space with any of the Charities identified in Attachment A, please provide such documents.

**ANSWER:**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 55**

Please provide all documents WAMY INTL sent to, and/or received from the Charities identified in Attachment A, including without limitation, all documents relating to the transfer of funds between WAMY INTL and those Charities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 54.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 56**

Please provide all documents relating to any joint fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by WAMY-INTL and any of the Charities identified in Attachment A. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request 54.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 57**

Please provide all documents relating to any accounts in any banking or financial institution WAMY INTL currently holds, or has held, jointly with or on behalf of the Charities identified in Attachment A, and/or any accounts over which WAMY INTL currently holds or has held signatory authority.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 58**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA relating to the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant insofar as many of the named conflicts have nothing to do with the subject matter of this litigation.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 59**

Please provide all documents relating to fundraising activities conducted by WAMY INTL and/or WAMY-SA in relation to relief or humanitarian efforts, or other operations, in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant insofar as many of the named places have nothing to do with the subject matter of this litigation.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 60**

Please provide all interviews, statements, or speeches by officials or representatives of WAMY INTL and/or WAMY-SA regarding the conflicts, crises, or

conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant insofar as many of the named conflicts, crises and conditions have nothing to do with the subject matter of this litigation. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 61**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the legitimacy of any armed jihad or resistance by Muslims in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant insofar as many of the named places have nothing to do with the subject matter of this litigation. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E001332-001365.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 62**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the provision of support to mujahideen forces in any

29

part of the World. For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  The request is vague and ambiguous as to the definition of "financial, medical, logistical, administrative, religious and political assistance" and "mujahideen forces."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 63**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the provision of support to any armed jihad in any part of the World, regardless of whether such jihad was declared legitimate by competent religious authorities. For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  The request is vague and ambiguous as to the definition of "financial, medical, logistical, administrative, religious and political assistance."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 64**

Please provide all interviews, statements, or speeches by officials or representatives of WAMY INTL and/or WAMY-SA which mention "jihad" (see

Definition No. 18), regardless of whether you believe such individual(s) was or was not acting within the scope of his employment at WAMY in relation to such activity.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Defendant objects to Plaintiffs' overbroad definition of *jihad*. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 61.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 65**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA which mention "jihad" (see Definition No. 18), including without limitation: I*slamic Views; Islamic Camps: Objectives, Program Outlines, Preparatory Steps; Military Lessons in the Jihad Against the Tyrants; A Handy Encyclopedia Of Contemporary Religions & Sects*; and *Al Ansar al Arab fi Afghanistan* ("*The Arab Volunteers in Afghanistan*").

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Defendant objects to Plaintiffs' overbroad definition of *jihad*. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. WAMY International did not author, publish or disseminate *Military Lessons in the Jihad Against the Tyrants* and *Al Ansar al Arab fi Afghanistan*. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 61.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 66**

Please provide all WAMY documents mentioning "jihad" (see Definition No. 18), which can be generated via an electronic search of WAMY INTL's computers or electronic data storage systems.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Defendant objects to Plaintiffs' overbroad definition of *jihad*. Plaintiffs should narrow the scope of this request.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 67**

Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E001507-E001604, WAMY Intl E001991-002042, WAMY Intl E002125-002290.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 68**

Please provide all documents relating to all information or notification WAMY INTL received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA was associated with or involved in: (i) the sponsorship of any radical, extremist, or terrorist organization; (ii) criminal or corrupt activities; or (iii) any military, radical or terrorist activity, plot, or attack.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definitions of "radical," "extremist," and "military activity, plot or attack." WAMY International is not in control or custody of documents possessed by

WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 69**

Please provide all documents relating to all information or notification WAMY INTL received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA may have been or was engaging in conduct unrelated to WAMY's ostensible charitable or humanitarian purpose, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) or entity(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definitions of "radical," "fundamentalist" and "extremist."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E001332-001365.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 70**

Please provide all documents sent to, and/or received from any third party relating to the alleged involvement of WAMY INTL and/or WAMY-SA, or any other individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome,

erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities."   WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 71**

Please provide all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that WAMY INTL and/or WAMY-SA, or any other individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities. Responsive documents shall include, but are not limited to, all documents sent to, and/or received from, the Saudi Arabian Embassy in Washington, D.C. and the Islamic Affairs Division of the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities."   WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 72**

Please provide all documents relating to any internal investigations conducted by WAMY INTL into any alleged criminal, corrupt, or extremist activities of any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome

erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 73**

Please provide all documents relating to any action taken by WAMY INTL to prevent criminal activities, including the sponsorship of terrorist or radicals, by any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "radicals." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 74**

Please provide all documents relating to any action undertaken by WAMY INTL to remove or purge radical or corrupt elements or individuals from WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "radical or corrupt elements or individuals." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 75**

Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any WAMY subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent, employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "financial irregularities" and "suspicious activities."  Defendant objects to the overbroad definition of *jihad*.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 76**

Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any WAMY supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definitions of "financial irregularities" and "suspicious activities."  Defendant objects to the overbroad definition of *jihad*.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 77**

Please provide all documents relating to any formal or informal record keeping and document retention policies, practices, or procedures maintained by WAMY-INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 78**

Please provide all documents relating to any formal or informal document destruction policies, practices, or procedures maintained by WAMY-INTL, including without limitation, descriptions of all documents destroyed by WAMY-INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

Dated: September 30, 2011

Sincerely,

_/s/ Omar T. Mohammedi_____
Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC

Woolworth Building
233 Broadway, Suite 801
New York, NY 10279
*Attorneys for World Assembly of Muslim Youth*
*Saudi Arabia and World Assembly of Muslim Youth*
*International*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of September 2011, I caused a copy of Defendants World Assembly of Muslim Youth International's Second Supplemental Responses to Plaintiffs' Requests for Production of Documents to be served by electronic mail upon Plaintiffs' Executive Committee:

Jodi Flowers (jflowers@motleyrice.com)
Robert Haefele (rhaefele@motleyrice.com)
MOTLEY RICE LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465
For the *Burnett* Plaintiffs and the Plaintiffs' Executive Committees

Jerry S. Goldman (jgoldman@andersonkill.com) (jfitzgerald@andersonkill.com)
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020
For the *O'Neill* Plaintiffs and Plaintiffs Executive Committees

Sean Carter (SCarter1@cozen.com)
Scott Tarbutton (STarbutton@cozen.com)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
For the *Federal Insurance* Plaintiffs and Plaintiffs Executive Committees

James Kreindler (jkreindler@kreindler.com)
Andrew J. Maloney (amaloney@kreindler.com)
KREINDLER & KREINDLER LLP
750 Third Avenue
New York, NY  10017-2703
For the *Ashton* Plaintiffs and Plaintiffs Executive Committees

I further certify that I served additional documents sent on CD-ROM via regular first class mail to Sean Carter, Cozen O'Connor, 1900 Market Street, Philadelphia, PA 19103.

_/s/ Sarah Hasan____
Sarah Hasan, Esq.

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(FM) ECF Case |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-CV-05970
*Federal Insurance Col, et al. v. Al Qaida, et al.*, No. 03-CV-6978
*Euro Brokers v. Al Baraka Investment and Development Corp., et al,* No. 04-CV-7279
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.*, et al,
    No. 04-CV-1923
*World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development
    Corp.*, et al., No. 04-CV-07280

## DEFENDNANT WORLD ASSEMBLY OF MUSLIM YOUTH INTERNATIONAL'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant World Assembly of Muslim Youth International ("WAMY International"), through undersigned counsel, hereby responds to Plaintiffs' Request for Production of Documents.

## GENERAL OBJECTIONS

1.    Defendant WAMY International objects to plaintiffs' "Definitions" and Document Requests insofar as they:

    a.   Request information or identification of documents concerning confidential communications between defendant and its attorneys, on the grounds that the information sought is protected under the attorney/client privilege;

    b.   Request information or identification of documents prepared by Defendant's counsel for their own use, or prepared by Defendant or

Defendant's witnesses for use by Defendant's counsel, on the grounds

that the information sought is protected from disclosure by the attorney

work-product doctrine;

c.   Seek to enlarge Defendant's obligation to respond to discovery beyond

the obligations established by the Federal Rules of Civil Procedure and

the Local Rules of this Court;

d.   Seek discovery from Defendant of documents that are in the

possession, custody or control of another entity other than WAMY

International.

e.   Seek information or documents to which plaintiffs have an equal or

greater access than Defendant.

f.   Seek information or documents prior to the year 1992 pursuant to

Judge Daniels' Order of December 21, 2007 (Docket No. 2059)

limiting discovery relating back to the period beginning in 1992.

2.   Defendant WAMY International has made a diligent and reasonable search

and inquiry for the information requested by the requests.  Any response

contained herein, however, is given with the understanding that WAMY

International and its attorneys are still conducting discovery and investigation

in connection with this action.  Defendant's responses are therefore without

waiver of, or prejudice to, its right to later use additional information not set

forth or referred to in this response.  In addition, any response contained

herein is made with the express reservation of all rights pursuant to the

Federal Rules of Civil Procedure and Local Civil Rules of this Court to

supplement or amend these responses or to present evidence either discovered subsequent to the date hereof, or the significance of which is later discovered.

3. In its specific responses below, Defendant's statement that responsive documents will be made available for inspection does not mean (a) that any documents exist or (b) that they are in the possession, custody, or control of the Defendant.

4. Defendant is legally separate from WAMY Saudi Arabia as well as any affiliates or other branch offices that may also carry the name "WAMY." Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia or any affiliates or other branch offices.

5. Any documents produced herein designated as "Confidential" shall be subject to Judge Casey's Order of Protection of October 3, 2006.

6. The above-stated General Objections are hereby incorporated in each of WAMY International's following responses to specific requests, whether or not expressly repeated in response to a particular request.

## DOCUMENT REQUESTS

**Document Request No. 1**

Please provide all documents relating to all accounts in United States banking institutions ("U.S. Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of WAMY-INTL, any account for any entity in which WAMY-INTL held any beneficial interest, and/or any account over which WAMY-INTL and its representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL and the United States banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers,

journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER:**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E012856-012868, WAMY Intl E013365-013371, WAMY Intl E013391-14482, and WAMY Intl E014483-015110.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 2**

Please provide all documents relating to all accounts in foreign banking institutions ("Foreign Bank Accounts") established or held in the name of, on behalf of and/or for the benefit of WAMY-INTL, any account for any entity in which WAMY-INTL held any beneficial interest, and/or any account over which WAMY-INTL and its representatives had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL and the foreign banking institutions, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving this objection, Defendant has no responsive documents.  Defendant WAMY International did not hold any beneficial interest any foreign banks.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 3**

Please provide all documents relating to any investigation, inquiry, review, audit, or analysis conducted by any United States state or federal governmental entity, agency and/or department, or any United States-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "United States Investigator"), any foreign government or any foreign-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "Foreign Investigator"), or by the Kingdom of Saudi Arabia or any Saudi Arabian-based regulatory body, law enforcement agency, grand jury, bank, financial institution, accountant, or auditor (collectively "KSA Investigator"), which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 4**

Please provide copies of all documents that have been seized by, or produced by WAMY-INTL and/or WAMY-SA to, any United States Investigator, any Foreign Investigator, or any KSA Investigator, which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 5**

Please provide all documents relating to any investigation, audit, analysis, examination, survey, or review of the WAMY-INTL accounts identified in, and/or in

response to, Requests Nos. 1-2 above, conducted either by WAMY-INTL, WAMY-SA, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Such documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or the Saudi Arabian Monetary Agency ("SAMA").

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant has no responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 6**

Please provide all documents relating to any written or oral communication between or among WAMY-INTL, WAMY-SA, the KSA and/or SAMA, which references or addresses any of the WAMY-INTL accounts identified in, and/or in response to, Requests Nos. 1-2 above. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant has no responsive documents.

**Document Request No. 7**

Please provide all documents relating to the 2004 raid of WAMY INTL's offices in Virginia, or any investigation by any governmental authority relating to WAMY INTL and/or WAMY-SA, including without limitation, the arrest of a WAMY official and/or representative during the 2004 raid.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. In addition, responsive documents may be subject to attorney-client or work product privilege.

Subject to and without waiving this objection, Defendant will produce documents seized in the 2004 raid of its offices as they respond to specific and relevant requests by Plaintiffs herein.

**Document Request No. 8**

Please provide copies of all documents and things that were in Your possession and which were seized by the U.S. Government between September 11, 2001 and the present.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. In addition, responsive documents may be subject to attorney-client or work product privilege.

Subject to and without waiving this objection, Defendant will produce documents seized in the 2004 raid of its offices as they respond to specific and relevant requests by Plaintiffs herein.

**Document Request No. 9**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and Abdullah bin Laden and Omar bin Laden. Responsive documents shall include, but are not limited to, their personnel files.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 10**

7

Please provide all documents relating to Abdullah bin Laden's employment with the Saudi Arabian Embassy in Washington, D.C., including without limitation, all documents detailing, describing, or summarizing any and all positions he held at the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, WAMY International is not in control or custody of documents possessed by the Saudi Arabian Embassy in Washington, D.C. or by Abdullah Bin Laden.

**Document Request No. 11**

Please provide all documents relating to any written or oral communication involving Abdullah bin Laden, including without limitation: (i) all communications sent to and/or originating from Abdullah bin Laden while in his capacity as an official, employee, or representative of WAMY-INTL and/or WAMY-SA; and (ii) all communications sent to and/or originating from Abdullah bin Laden while in his capacity as an official, employee, or representative of the Saudi Arabian Embassy in Washington, D.C. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. WAMY International is not in control or custody of documents possessed by the Saudi Arabian Embassy in Washington, D.C. or by Abdullah Bin Laden.

**Document Request No. 12**

Please provide all documents relating to all WAMY INTL and/or WAMY-SA banking or financial accounts for which Abdullah bin Laden and/or Omar bin Laden had signatory authority. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, and/or e-mails, that refer to, relate to, or reflect communications between or among WAMY-INTL, WAMY-SA, Abdullah bin Laden and/or Omar bin Laden and the banking or financial institution, documents detailing the establishment of and/or closing of the account(s), suspicious activity and/or

transaction reports, account numbers, monthly account statements, annual account statements, account notices, deposits, withdrawals, deposit slips, check stubs, cleared or canceled checks, cashier checks, money orders, debit/credit memos, financial ledgers, journals, investment records, real estate records, records of assets, loan records, audit work papers, audit reports, wire transfers, and any documentation showing the source(s) and/or destination(s) of any funds deposited into or withdrawn from those accounts.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 13**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and any Saar Network-Related Entity and/or any Saar Network-Related Individual, including without limitation, any and all documents relating to any positions such individuals currently hold, or have held, within WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed. Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 14**

Please provide any and all documents WAMY INTL sent to, and/or received from any Saar Network-Related Entity and/or any Saar Network-Related Individual, including without limitation, all documents relating to the transfer of funds between WAMY INTL and such entities and/or individuals.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed.  Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 13 above.

**Document Request No. 15**

Please provide all documents relating to any accounts in any banking or financial institution WAMY INTL currently holds, or has held, jointly with or on behalf of any Saar Network-Related Entity and/or any Saar Network-Related Individual, and/or any accounts over which WAMY INTL and its representatives holds or has held signatory authority.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant contends that Plaintiff created the Saar network theory which the court ultimately dismissed.  Defendant further objects on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 13 above.

**Document Request No. 16**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and HAMAS (a/k/a Harakat al Muqawamat al Islamiyyah; a/k/a Islamic Resistance Movement), including without limitation, the following HAMAS-related entities: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation.  Plaintiffs' request is vague and ambiguous as to

the definition of "HAMAS-related entities." Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 17**

Please provide all documents WAMY INTL sent to and/or received from HAMAS, including without limitation, any HAMAS-related entities such as: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition. Such documents shall include, but are not limited to, all documents relating to the transfer of funds between WAMY INTL and those entities.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation. Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities." Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 18**

Please provide all documents relating to any written or oral communication between or among WAMY-INTL, WAMY-SA, the KSA and/or SAMA, which references or addresses HAMAS and/or any HAMAS-related entities, including but not limited to: the Organization for the Care of Orphans, the Islamic Charitable Organization-Hebron, and the Charity Coalition. Responsive documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and erroneously assumes disputed facts and allegations as if they have already been established. Plaintiffs' request is irrelevant as HAMAS and the entities cited above have nothing to do with the subject matter of this litigation. Plaintiffs' request is vague and ambiguous as to the definition of "HAMAS-related entities." Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 19**

Please provide all copies of any and all documents and things that have been seized by, or produced by WAMY INTL to any United States Investigator, any Foreign

Investigator, or any KSA Investigator concerning WAMY INTL's and/or WAMY-SA's alleged support for, or connections to, alleged terrorist organizations, groups, individuals, or activities.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous. Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 8.

**Document Request No. 20**

Please provide all documents, statements, interviews, press releases, internal memos or other materials relating to any accusation that WAMY INTL and/or WAMY-SA, or any individual or entity employed by and/or associated with WAMY INTL and/or WAMY-SA, was associated with or involved in any military or terrorist activity, plot or attack, indicating an intention to direct conduct against or target conduct toward the United States of America.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Defendant is not in custody or control of documents in the possession of WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 21**

Please provide all documents illustrating, describing or otherwise relating to WAMY INTL's formation and organizational structure, the date of incorporation, the state of incorporation, the duration of WAMY INTL's existence, any documents relating to WAMY INTL's initial capitalization and subsequent funding, and/or any other writing relating to the creation or purpose of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 015191-015198.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 22**

Please provide all documents relating to the administration, governance, and longterm strategic decision-making of WAMY INTL, including but not limited to, articles of incorporation, by-laws, corporate charters, mission statements, constitutions, documents relating to the duties and powers of any boards and/or committees, statements of purpose, and/or any other related writing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 015111-015159 and 015177-015180.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 23**

Please provide all documents relating to the establishment, duties, obligations, objectives, membership, composition and/or authority of any committees, boards and/or internal bodies of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 21.

**Document Request No. 24**

Please provide all documents identifying each officer, director, trustee, board member, committee member, employee, and/or volunteer of WAMY INTL. Responsive documents shall include, but are not limited to, their personnel files.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 013235-013244, 015160-015176 and 015199-015200.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 25**

Please provide all documents relating to any and all meetings of officers, directors, trustees, managers, boards, committees, and/or internal bodies of WAMY INTL, including without limitation, any agendas or meeting minutes.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 015111 and WAMY INTL E015181-15184.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 26**

Please provide all financial statements, balance sheets, income statements and annual reports for WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E013365-13371, 015189-015198.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 27**

Please provide all documents relating to all filings submitted to any local, state, or federal agency by WAMY INTL, including without limitation, the Internal Revenue Service or the Securities Exchange Commission. Responsive documents shall include, but are not limited to, tax returns, tax records, Form 990's, Form 1023's, CMIR's, UCC filings, liens, judgments, and any correspondence concerning WAMY INTL's tax-exempt status.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E014483-015110 and 015191-015198.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 28**

Please provide all documents relating to any audit, analysis, examination, survey, or review of WAMY INTL's bank accounts, investments, assets, capital, and/or financial affairs, conducted either by employees of WAMY INTL, WAMY-SA, or any third party, including but not limited to, any bank, financial institution, government agency, accountant, or auditor. Responsive documents shall include any audit, analysis, examination, survey, or review ordered, conducted, supervised, overseen, or reviewed by the Kingdom of Saudi Arabia and/or SAMA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 3. Defendant has no additional responsive documents.

**Document Request No. 29**

From the period beginning January 1, 1990 through September 11, 2001, please provide all documents identifying projects undertaken or financed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E012688-012855, 012869-013200, 013277-013345, and 013372-013390.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 30**

From the period beginning January 1, 1990 through September 11, 2001, please provide all documents summarizing the funds allocated by WAMY INTL to projects undertaken or financed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E012869-013200, 013245-013276, 013340-013345, 015185-015188, and 015202.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 31**

Please provide all documents relating to any fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by WAMY INTL. Responsive documents shall include, but are not limited to, advertisements, promotional materials, invitations to the event, press releases issued in connection with the event, lists

of sponsors and attendees, documents identifying the purpose of the fundraiser or conference, materials distributed at the event, written receipts and/or records of the monies collected, written receipts and/or records of how those monies were used and/or distributed, lists of donors, lists of speakers, videos or slides shown at the event, and transcripts, broadcasts, audiotape and/or videotapes of the event.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Pursuant to Judge Daniels' Order of December 21, 2007, the scope of discovery is limited to the period beginning in 1992.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E012869-013200, 013245-013276, 013346-013364, 013277-013345, and 13372-13390.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing

**Document Request No. 32**

Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted and followed by WAMY INTL by which charitable contributions are either made to and/or raised by WAMY INTL, how those contributions are collected and accounted for, how it is determined to which charitable designees financial or other forms of support should be distributed, the means by which financial or other forms of support are subsequently disbursed to charitable designees, and the means to ensure that such distributions are being used for charitable purposes.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 33**

Please provide all documents relating to the involvement of any official, trustee, committee, or board associated with WAMY's headquarters in Saudi Arabia in determining how funds collected by WAMY INTL should be allocated and/or in the distribution of funds.

**ANSWER**

17

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  The request also makes the erroneous assumption that WAMY SA directs WAMY International to distribute funds for funds raised by WAMY International.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

**Document Request No. 34**

Please provide all summaries of contributions received and/or disbursements made by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome.  In addition the request asks the Defendant to prepare a summary for Plaintiffs which is extremely burdensome.  The request does not seek discovery with sufficient particularity. Plaintiffs' request is not limited in scope to the subject matter of this litigation.

Subject to and without waiving these objections, Defendant refers to WAMY Intl E012856-012868 and 013365-013371.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 35**

Please provide all information contained in any database maintained by WAMY INTL and/or WAMY-SA, identifying or relating to the sources of funds contributed to WAMY INTL, and/or the destination of funds distributed by WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 36**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and WAMY-SA. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 015201.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 37**

Please provide all documents WAMY INTL sent to, and/or received from WAMY-SA, including without limitation, all documents relating to the transfer of funds between WAMY INTL and WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 015201.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 38**

Please provide all directives, instructions, and/or communications sent by any officer, director, trustee, board member, committee member, manager, agent, employee, or representative of WAMY-SA to WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its responses to Document Request 36.

**Document Request No. 39**

Please provide all annual, semi-annual and periodic reports submitted by WAMY INTL to WAMY headquarters in Saudi Arabia concerning its finances and operations, including without limitation, annual reports, balance sheets, financial statements, bank account summaries, and audits.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 40**

Please provide all documents relating to the role of any official, trustee, committee, or board associated with WAMY's headquarters in Saudi Arabia in the fundraising efforts of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is repetitive, overbroad, unduly burdensome, and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 36.  Defendant has no additional responsive documents.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 41**

Please provide all documents relating to any written or oral communications between WAMY INTL and WAMY-SA and/or the KSA regarding anti-terrorism policies, practices or procedures. Such documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

**Document Request No. 42**

Please provide all documents relating to any standards, procedures, protocols, and/or guidelines adopted by WAMY INTL concerning the acceptance and distribution of monetary donations, which were implemented and used, or are currently being used, to prevent or deter financial crimes such as money laundering or the facilitation of terrorism financing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

**Document Request No. 43**

Please provide all documents in relating in any way to WAMY INTL meetings, correspondence, statements, or other communications concerning terrorist financing.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

**Document Request No. 44**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and WAMY's branch offices worldwide, including but not limited to the WAMY offices in Afghanistan, Australia, Austria, Argentina, Bangladesh, Brazil, Canada, Comoro Islands, Congo, Iraq, Italy, Indonesia, France, Jordan, Kenya, Malaysia, Pakistan, New Zealand, Nigeria, Philippines, United Kingdom, Russia, Saudi Arabia, Senegal, Somalia, Sudan, Syria, Tanzania, Thailand, and Uganda. Responsive documents shall include, but are not limited

to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, emails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. WAMY International is not in control or custody of documents possessed by other WAMY branches.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 45**

Please provide all documents WAMY INTL sent to and/or received from WAMY's branch offices worldwide. Responsive documents shall include, but are not limited to, the transfer of funds between WAMY INTL and those branch offices.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 44.

**Document Request No. 46**

Please provide all documents relating to WAMY INTL's organization, funding, oversight, supervision, management, and/or control over WAMY Canada's operations, including but not limited to, appointment and termination of personnel, accounting, banking and financial transactions, fundraising, determination of which charitable designees should receive support, and/or actual distribution of financial and non-monetary support to charitable designees.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 44.

**Document Request No. 47**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY-INTL and the Saudi Arabian Embassy in

Washington, D.C., including without limitation, the Islamic Affairs Division of the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 48**

Please provide all documents WAMY-INTL sent to and/or received from the Saudi Arabian Embassy and/or the Islamic Affairs Division of the Embassy. Responsive documents shall include, but are not limited to, the transfer of funds between WAMY-INTL and the Saudi Arabian Embassy and/or Islamic Affairs Division.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 49**

Please provide all documents relating to the role of the Saudi Arabian Embassy and/or the Islamic Affairs Division in the creation, organization, funding, oversight, supervision, operation, and/or management of WAMY INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 50**

Please provide all documents relating to WAMY INTL's initial capitalization and any subsequent funding provided by the Saudi Arabian Embassy and/or the Islamic Affairs Division, and/or any other individuals or entities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 51**

Please provide all documents relating to any fundraising events and/or conferences that were held for the benefit of WAMY INTL and/or WAMY-SA and were promoted, sponsored, organized, funded, managed, attended, or supervised by the Saudi Arabian Embassy and/or the Islamic Affairs Division. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes, conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 52**

Please provide all documents relating to any meeting between officials or representatives of WAMY INTL and/or WAMY-SA and any official or representative of the Saudi Arabian Embassy and/or the Islamic Affairs Division.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 53**

Please provide all documents relating to any written or oral communications between WAMY INTL and/or WAMY-SA and the Saudi Arabian Embassy and/or the Islamic Affairs Division regarding anti-terrorism policies, practices or procedures. Such

documents shall include, but are not limited to, correspondence, letters, memoranda, notes, emails, facsimiles or otherwise.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, vague, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant and immaterial to the subject matter of this litigation.

**Document Request No. 54**

Please provide all documents governing, describing, detailing, or otherwise relating to the relationship between WAMY INTL and each of the Charities identified in Attachment A. In the event that WAMY INTL shared office space with any of the Charities identified in Attachment A, please provide such documents.

**ANSWER:**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 55**

Please provide all documents WAMY INTL sent to, and/or received from the Charities identified in Attachment A, including without limitation, all documents relating to the transfer of funds between WAMY INTL and those Charities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 54.

**Document Request No. 56**

Please provide all documents relating to any joint fundraising event and/or conference promoted, sponsored, attended, organized, managed, or supervised by WAMY-INTL and any of the Charities identified in Attachment A. Responsive documents shall include, but are not limited to, correspondence, meeting minutes, notes,

conference materials, educational materials, organizational diagrams and charts, manuals, e-mails, and web-based messages.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant refers to its response to Document Request 54.

**Document Request No. 57**

Please provide all documents relating to any accounts in any banking or financial institution WAMY INTL currently holds, or has held, jointly with or on behalf of the Charities identified in Attachment A, and/or any accounts over which WAMY INTL currently holds or has held signatory authority.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity. Subject to and without waiving these objections, Defendant has no responsive documents at this time.

**Document Request No. 58**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA relating to the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant insofar as many of the named conflicts have nothing to do with the subject matter of this litigation. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving these objections, Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 59**

Please provide all documents relating to fundraising activities conducted by WAMY INTL and/or WAMY-SA in relation to relief or humanitarian efforts, or other operations, in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant insofar as many of the named places have nothing to do with the subject matter of this litigation. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 60**

Please provide all interviews, statements, or speeches by officials or representatives of WAMY INTL and/or WAMY-SA regarding the conflicts, crises, or conditions facing Muslim communities in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt, Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity. Plaintiffs' request is irrelevant insofar as many of the named conflicts, crises and conditions have nothing to do with the subject matter of this litigation. WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 61**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the legitimacy of any armed jihad or resistance by Muslims in Afghanistan, Albania, Algeria, Bosnia & Herzegovina, Chechnya, Egypt,

Ethiopia, Europe, Indonesia, Kashmir, Kenya, Kosovo, Malaysia, Pakistan, Palestine, the Philippines, Sudan, Somalia, Tanzania, Turkey, and Yemen.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and does not seek discovery with sufficient particularity.  Plaintiffs' request is irrelevant insofar as many of the named places have nothing to do with the subject matter of this litigation.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 62**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the provision of support to mujahideen forces in any part of the World. For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  The request is vague and ambiguous as to the definition of "financial, medical, logistical, administrative, religious and political assistance" and "mujahideen forces."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 63**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA discussing the provision of support to any armed jihad in any part of the World, regardless of whether such jihad was declared legitimate by competent religious authorities. For purposes of this request, the term "support" includes any form of financial, medical, logistical, administrative, religious, political or any other form of assistance, whether provided directly or indirectly.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  The request is vague and ambiguous as to the definition of "financial, medical, logistical, administrative, religious and political assistance."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 64**

Please provide all interviews, statements, or speeches by officials or representatives of WAMY INTL and/or WAMY-SA which mention "jihad" (see Definition No. 18), regardless of whether you believe such individual(s) was or was not acting within the scope of his employment at WAMY in relation to such activity.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Defendant objects to Plaintiffs' overbroad definition of *jihad*.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 61.

**Document Request No. 65**

Please provide all documents authored, published, or disseminated by WAMY INTL and/or WAMY-SA which mention "jihad" (see Definition No. 18), including without limitation: I*slamic Views; Islamic Camps: Objectives, Program Outlines, Preparatory Steps; Military Lessons in the Jihad Against the Tyrants; A Handy Encyclopedia Of Contemporary Religions & Sects*; and *Al Ansar al Arab fi Afghanistan* ("*The Arab Volunteers in Afghanistan*").

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Defendant objects to Plaintiffs' overbroad definition of *jihad*.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  WAMY International did not author, publish or disseminate *Military Lessons in the Jihad Against the Tyrants* and *Al*

*Ansar al Arab fi Afghanistan*.   Subject to and without waiving these objections, Defendant refers to its response to Document Request No. 61.

**Document Request No. 66**

Please provide all WAMY documents mentioning "jihad" (see Definition No. 18), which can be generated via an electronic search of WAMY INTL's computers or electronic data storage systems.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Defendant objects to Plaintiffs' overbroad definition of *jihad*.  Plaintiffs should narrow the scope of this request.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 67**

Please provide a list of all publications, newspapers, newsletters, books, reports, pamphlets, videotapes, audiotapes, and/or websites published, authored, and/or financed in whole or in part, by WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Subject to and without waiving this objection, Defendant refers to WAMY Intl E 012869-013234 and 013372-013390.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 68**

Please provide all documents relating to all information or notification WAMY INTL received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA was associated with or involved

in: (i) the sponsorship of any radical, extremist, or terrorist organization; (ii) criminal or corrupt activities; or (iii) any military, radical or terrorist activity, plot, or attack.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definitions of "radical," "extremist," and "military activity, plot or attack."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 69**

Please provide all documents relating to all information or notification WAMY INTL received prior to September 11, 2001 that any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA may have been or was engaging in conduct unrelated to WAMY's ostensible charitable or humanitarian purpose, including without limitation, diverting funds or otherwise providing material support or resources to: (i) Islamic radicals, fundamentalists, extremists or persons or organizations associated with international terrorism or domestic terrorism; and/or (ii) al Qaida, other terrorist organizations and/or individuals sympathetic to al Qaida or other terrorist organizations, regardless of whether you believe such person(s) or entity(s) was acting within the scope of his employment in relation to any such activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definitions of "radical," "fundamentalist" and "extremist."  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 70**

Please provide all documents sent to, and/or received from any third party relating to the alleged involvement of WAMY INTL and/or WAMY-SA, or any other individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities."   WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 71**

Please provide all documents sent to, and/or received from, the Kingdom of Saudi Arabia, relating to any accusation that WAMY INTL and/or WAMY-SA, or any other individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, was associated with or involved in any criminal, corrupt, or extremist activity, including without limitation any terrorist or radical religious, political or social activities. Responsive documents shall include, but are not limited to, all documents sent to, and/or received from, the Saudi Arabian Embassy in Washington, D.C. and the Islamic Affairs Division of the Embassy.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities."   WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 72**

Please provide all documents relating to any internal investigations conducted by WAMY INTL into any alleged criminal, corrupt, or extremist activities of any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA, including without limitation any terrorist or radical religious, political or social activities.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity.  Plaintiffs' request is

vague and ambiguous as to the definition of "extremist activity" and "radical religious, political or social activities." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 73**

Please provide all documents relating to any action taken by WAMY INTL to prevent criminal activities, including the sponsorship of terrorist or radicals, by any individual or entity employed by and/or affiliated with WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "radicals." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 74**

Please provide all documents relating to any action undertaken by WAMY INTL to remove or purge radical or corrupt elements or individuals from WAMY INTL and/or WAMY-SA.

**ANSWER**

Defendant WAMY International incorporates its general objections. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity, erroneously assumes disputed facts and allegations as if they have already been established and does not seek discovery with sufficient particularity. Plaintiffs' request is vague and ambiguous as to the definition of "radical or corrupt elements or individuals." WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia. Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 75**

Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any WAMY subsidiary, affiliate, branch office, officer, director, trustee, board member, committee member, manager, agent, employee, and/or representative as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definition of "financial irregularities" and "suspicious activities."  Defendant objects to the overbroad definition of *jihad*.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Defendant reserves the right to supplement this answer as discovery in this case is ongoing.

**Document Request No. 76**

Please provide all documents relating to any disciplinary action taken, or any decision to terminate any relationship with any WAMY supporter, donor, supplier, contributor, facilitator, speakers, foreign government supporters, business supporters, or banks as a result of financial irregularities, suspicious activities, investigations into possible links to the financing of terrorist organizations, and/or the support of violence or jihad.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, vague, unduly burdensome and does not seek discovery with sufficient particularity.  Plaintiffs' request is vague and ambiguous as to the definitions of "financial irregularities" and "suspicious activities."  Defendant objects to the overbroad definition of *jihad*.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 77**

Please provide all documents relating to any formal or informal record keeping and document retention policies, practices, or procedures maintained by WAMY-INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  Subject to and without waiving these objections, Defendant has no responsive documents.

**Document Request No. 78**

Please provide all documents relating to any formal or informal document destruction policies, practices, or procedures maintained by WAMY-INTL, including without limitation, descriptions of all documents destroyed by WAMY-INTL.

**ANSWER**

Defendant WAMY International incorporates its general objections.  Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and does not seek discovery with sufficient particularity.  WAMY International is not in control or custody of documents possessed by WAMY Saudi Arabia.  Subject to and without waiving these objections, Defendant has no responsive documents at this time.

Dated: March 15, 2012

Sincerely,

_/s/ Omar T. Mohammedi_____
Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 801
New York, NY 10279
*Attorneys for World Assembly of Muslim Youth*
*Saudi Arabia and World Assembly of Muslim Youth*
*International*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of March 2012, I caused an electronic copy of

Defendants World Assembly of Muslim Youth International's Supplemental Responses

to Plaintiffs' Requests for Production of Documents to be produced on a DVD and served

by Federal Express upon:

      Robert Haefele
      MOTLEY RICE LLC
      28 Bridgeside Boulevard
      P.O. Box 1792
      Mount Pleasant, SC  29465
      (rhaefele@motleyrice.com)
      For the *Burnett* Plaintiffs and the Plaintiffs' Executive Committees

                         _/s/ Sarah Hasan_____
                         Sarah Hasan, Esq.