# Exhibit G

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

January 5, 2018

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

  RE: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

  In accordance with the Court's Order of October 12, 2017 (ECF No. 3754), the Plaintiffs' Executive Committees ("PECs") write to provide the Court with an update concerning the status of merits discovery with defendants World Assembly of Muslim Youth-Saudi Arabia ("WAMY") and World Assembly of Muslim Youth-International ("WAMY-Int'l"), the ongoing translation and analysis of voluminous document productions received from WAMY (including over 125,000 pages of records produced in just the past several weeks), and plaintiffs' intention to submit a motion to compel detailing deficiencies in the defendants' productions.

  By way of background, plaintiffs served their consolidated First Set of Requests for Production of Documents Directed to WAMY and WAMY-Int'l on December 10, 2010, including supplemental document requests to each defendant thereafter. *See* ECF No. 3516 at pp. 4-5. WAMY has to date produced over 1 million pages of documents (WAMYSA0000001-1232841), including approximately 512,696 pages in the past six months (WAMYSA0720146-1232841). WAMY-Int'l has produced over 15,000 pages of documents in this litigation (WAMYINTLE000001-15202).

  Magistrate Judge Maas originally set an April 29, 2011 deadline for WAMY and WAMY-Int'l to complete their document productions (ECF No. 2381). The WAMY defendants have sought and received numerous extensions of that deadline. Within the past year, the WAMY defendants requested an extension of the March 31, 2017 deadline, and then a further extension of the revised September 29, 2017 document production deadline. In the final weeks

Case 1:03-md-01570-GBD-SN Document 3951-7 Filed 04/02/18 Page 3 of 3
Case 1:03-md-01570-GBD-SN Document 3836 Filed 01/05/18 Page 2 of 2

Hon. Sarah Netburn
January 5, 2018
Page 2

of this year, WAMY has produced approximately 125,177 pages of largely Arabic documents, including 65,795 pages produced on November 30, 2017 (WAMYSA1107665-1173459), the final production deadline set by the Court (ECF No. 3754), and another 59,382 pages produced after the deadline on December 18, 2017 (WAMYSA1173460-1232841).

Plaintiffs are diligently working with their linguists and subject matter experts to translate and analyze WAMY's extensive recent productions which are predominately in Arabic, but also include thousands of documents in Albanian, Bosnian, Croatian, Thai, and additional languages. However, due to the volume of documents produced at or after the final production deadline, that review is not yet complete. Although the review of the recent productions remains ongoing, plaintiffs can confirm that they anticipate filing a motion to compel as to WAMY and WAMY Int'l.[1]

Given the volume of WAMY's more recent document productions, particularly within the past month, plaintiffs anticipate that it will take a few more weeks for plaintiffs' linguists and subject matter experts to complete their review of the materials. Accordingly, plaintiffs respectfully request that the deadline for their motion to compel as to defendants WAMY and WAMY-Int'l be set for February 28, 2018.

Plaintiffs note that the proposed briefing schedule as to the WAMY defendants will not prevent plaintiffs from moving forward with depositions as to other defendants in the litigation while these disputes as to WAMY's document productions are resolved.

          Respectfully,

          COZEN O'CONNOR

          By:    J. Scott Tarbutton, on behalf of the PECs

cc:    The Honorable George B. Daniels (via ECF)
        All MDL Counsel of Record (via ECF)

LEGAL\33884959\2

---

[1] Although the WAMY defendants have produced a great number of documents, the productions include tens of thousands of documents that do not appear relevant to plaintiffs' requests. Indeed, WAMY has produced thousands of irrelevant invoices and receipts for office furniture, car maintenance and car washing services, paints and other building materials, telecommunications services, limousine and rent-a-car services, fuel expenses, telephone and office utility expenses, office supplies, computer and electronic services, Fed Ex and other delivery services, food supplies, perfumes and cosmetics, clothing, and medical services.