THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TERRORIST ATTACKS ON ) | Civil Action No. 03 MDL 1570 (GBD)(SN) |
| SEPTEMBER 11, 2001 ) | ECF Case |
| ) | |

## Motion of Martin F. McMahon & Associates to Withdraw as Counsel

Martin F. McMahon respectfully moves this Court to allow him and his firm to withdraw as counsel for Defendant Wael Jelaidan in this matter pursuant to Southern District of New York Local Civil Rule 1.4.[1]

As set forth in the accompanying memorandum of points and authorities and the declaration of Martin F. McMahon, incorporated by reference, this motion is warranted for several reasons: a) After recurrent payment delays over the past two years Mr. Jelaidan is no longer able to pay Mr. McMahon's fees and has advised that he is unable to do so in the future; b) Mr. McMahon is unable to discuss urgent matters or matters pertinent to the representation with Mr. Jelaidan; c) Mr. McMahon is no longer able to timely dialogue with Mr. Jelaidan's counsel in Saudi Arabia, upon whom he depended for litigation coordination; and d) Compliance with this Court's prior orders places Mr. McMahon in an irreconcilably conflicting position with Mr. Jelaidan. For these reasons and those set forth in the accompanying memorandum of points and authorities and the declaration of Martin F. McMahon, incorporated by reference, Mr. McMahon respectfully requests that this Court grant this Motion to Withdraw.

---

[1] This motion to withdraw is not submitted in response to Plaintiffs' Executive Committees' May 1, 2018 correspondence to this Court (ECF No. 3988). We will respond to that correspondence separately.

Mr. McMahon served a copy of a draft of this Motion to Withdraw upon Mr. Jelaidan, but as of today, even though urged to do so, he did not respond with his consent or refusal.

Respectfully submitted,
*/s  Martin McMahon*
Martin F. McMahon, Esq.
Martin F. McMahon & Associates
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
(202) 862 - 4343

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served the Motion to Withdraw, Memorandum of Points and Authorities, Declaration of Martin F. McMahon, and Proposed Order through the Court's electronic transmission facilities and emailed to all parties and Mr. Jelaidan on the 2nd day of May, 2018.

*/s  Martin McMahon*
Martin F. McMahon, Esq.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TERRORIST ATTACKS ON ) | Civil Action No. 03 MDL 1570 (GBD)(SN) |
| SEPTEMBER 11, 2001 ) | ECF Case |
| ) | |

**<u>Memorandum of Points & Authorities in Support of Motion of Martin F. McMahon & Associates to Withdraw as Counsel</u>**

Martin F. McMahon provides this memorandum of points and authorities and his attached declaration to support his motion to allow him and his firm to withdraw as counsel for Defendant Wael Jelaidan in the above-captioned matter pursuant to Southern District of New York Local Civil Rule 1.4.

**PRELIMINARY STATEMENT**

As explained in Mr. McMahon's declaration, several reasons justify the granting of the motion to withdraw. After many delays in payment over the last two years, Mr. McMahon is no longer being paid by his client, Defendant Wael Jelaidan. Mr. Jelaidan has advised Mr. McMahon that he does not possess the funds to pay Mr. McMahon now or in the future. Mr. McMahon is also unable to discuss urgent matters or matters pertinent to the representation with Mr. Jelaidan. In addition, Mr. McMahon is unable to timely and regularly dialogue with Mr. Jelaidan's local counsel in Saudi Arabia, upon whom he depended for litigation coordination. These conditions have severely limited Mr. McMahon's and his firm's ability to function as counsel in this matter and warrant withdrawal.

As a result of these conditions, Mr. McMahon has lost the ability to participate in Mr. Jelaidan's decisions and those of his local counsel with respect to this litigation. In addition, some members of the Plaintiffs' Executive Committee appear to be at the point where they are seeking sanction directly against Mr. McMahon. This places him in a conflicting position with his client.

3

To defend himself, Mr. McMahon would have to disclose privileged communications with Mr. Jelaidan to prove that he has complied with this Court's prior orders. But Mr. McMahon cannot ethically disclose those communications because of the attorney client privilege, which belongs to Mr. Jelaidan.

Because of the conditions described herein and the reality of not being paid for his services, Mr. McMahon can no longer participate effectively in the defense of this case and cannot properly represent his client. These reasons justify the withdrawal of Mr. McMahon and his firm as counsel.

Mr. McMahon recognizes that withdrawing might be characterized as avoiding his responsibilities to this Court, but that is not the case. He has done everything possible to comply with all Court orders, including securing a license from OFAC. He also has not done and will not do anything to delay Plaintiffs' counsel from getting paid pursuant to Judge Maas' 2013 Sanctions Order (ECF No. 2789), nor has he done nor will he do anything to interfere with Plaintiffs' counsel's ability to secure monetary satisfaction of the Sanctions Order.

**ARGUMENT**

**I.    Local Rule 1.4 Permits this Court to Relieve Mr. McMahon's from Further Representation**

Local Rule 1.4 of the Southern District of New York provides that "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Rule 1.16(c)(5) of the New York State Rules of Professional Conduct contemplates potential withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

**II.   The Failure to Pay Mr. McMahon's Legal Fees Provides Sufficient Reasons to Permit Withdrawal of Counsel**

While the reasons discussed in the Preliminary Statement above show several grounds exist to justify withdrawal, the non-payment of Mr. McMahon's fees provide a threshold reason. The Second Circuit has recognized that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)). The Southern District has similarly found that a client's non-payment of legal fees is a legitimate reason to grant a motion to withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-6469, 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Cower v. Albany Law Sch. of Union Univ.*, No. 04-0643, 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted). Given Mr. Jelaidan is not paying Mr. McMahon's legal fees and has confirmed he will not do so in the future, the motion to withdraw should be granted.

**III.   Conflicts with Mr. Jelaidan Further Support Withdrawal**

As noted above, Mr. McMahon cannot discuss urgent or representation-pertinent matters with Mr. Jelaidan, or timely speak with his counsel in Saudi Arabia. Even more troubling, Mr. McMahon is in a position where compliance with this Court's prior orders places him in an irreconcilably conflicting posture with Mr. Jelaidan. "'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10-3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Hallmark Capital Corp. v. Red Rose Collection*, No.

5

96-2839, 1997 U.S. Dist. LEXIS 16328, at *8-9 (S.D.N.Y. Oct. 21, 1997) ("[When] the client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

The reasons above demonstrate that Mr. McMahon can no longer adequately represent the interests of Mr. Jelaidan, warranting withdrawal.

## CONCLUSION

For the foregoing reasons and those set forth in Mr. McMahon's declaration, Mr. McMahon and his firm respectfully request that this Court grant the motion to withdraw as counsel.

    Respectfully submitted,
    */s  Martin McMahon*
    Martin F. McMahon, Esq.
    Martin F. McMahon & Associates
    1150 Connecticut Avenue, N.W., Suite 900
    Washington, D.C. 20036
    (202) 862 - 4343

## DECLARATION OF MARTIN F. MCMAHON

1. My name is Martin F. McMahon. I am over the age of 18. I give this declaration under the penalty of perjury.

2. I have represented Defendant Wael Jelaidan for over 10 years in Civil Action No. 03 MDL 1570 (GBD)(SN). Until the last couple of years, I had little to no issues with representing him, nor working with his local counsel in Jedda, Saudi Arabia, Bassim Alim.

3. Within the last two or so years, however, I have been frustrated in part due to the lack of communication, or sometimes extremely delayed communication, from Mr. Jelaidan and his local counsel on usually urgent questions related to his litigation. For example, in the last couple of months, when I have had to answer Plaintiffs' counsels' questions or concerns about Mr. Jelaidan's ability to pay the sanctions in a hasty manner, I sometimes have had to wait a week or more for a response. This has been the case even though I have suggested to Mr. Jelaidan and his local counsel how urgent answers to some of these questions were, including whether I should remain in this case, do I have any assurance that I will be paid in the future, what our strategy would be moving forward, and was he going to be available for a deposition.

4. In addition, Mr. Jelaidan's payments on our firm's invoices have been overdue at times as well. On a few occasions, it took months for him to pay us the substantial fees he owed us, which as a small firm that typically has somewhere between 20 and 30 clients, this lack of timely payment significantly impaired the functioning of our firm, since we have spent a lot of time on his case over the years.

5. Moreover, Mr. Jelaidan, through his local counsel on February 28 and most recently on April 18, specifically told me that Mr. Jelaidan would be unwilling to pay attorney's fees

in the future, since he is broke. Continuing to work for him on this case then would be tantamount to working on a pro bono case, but one in which I was not aware that I would be taking on, and one that I certainly would never have agreed to take on originally if I knew it would lead to this point.

6. Lastly, it is simply not right for me to continue representing Mr. Jelaidan given the fact that some members of Plantiffs' counsel are trying to pit me against my client, which should be enough on its own to convince the Court about the validity of my withdrawal from Mr. Jelaidan's representation. I have been reminded by my counsel in this matter that as counsel for our clients, we are fiduciaries to them. We are supposed to hold their interests above our own, without violating any ethical considerations of course. Consequently, I cannot in good conscience represent Mr. Jelaidan further when doing so could require that I disclose his privileged communications to me or somehow throw him under the bus in order to satisfy Plaintiffs' counsel's concerns about my work on this case. Moreover, both Mr. Jelaidan and his Saudi representative have been informed of my decision to withdraw as Mr. Jelaidan's counsel and, at this time, neither opposes this decision.

7. In regard to the issue of securing an OFAC license, on March 8, 2016, Judge Daniels issued an Order (ECF No. 3228) (2016 Order) denying Mr. Jelaidan's objections to the October 23, 2015 Order from Judge Maas (ECF No. 3087) (2015 Order) setting the amount of sanctions that he had to pay and finalizing the monetary awards granted to several members of the Plaintiffs' Executive Committee. In the 2016 Order, Judge Daniels informed Mr. Jelaidan that he had 30 days to apprise the Court of how he intended to pay the awards and suggested applying for an OFAC license as one task that should be completed. On April 8,

2016, I sent a letter to OFAC on behalf of Mr. Jelaidan (ECF No. 3378) in order to secure a license from them so that Mr. Jelaidan could pay the awards.

8. After months of reaching out to them to no avail, I finally received receipt of our application for a license in May of 2017. Then, we tried for months to reach out to their office about actually receiving the license and filing status reports with the Court about our efforts (*see, e.g.*, ECF Nos. 3651, 3724, and 3845). On February 6, 2018, Attorney Haefele emailed me a letter informing me that OFAC had granted Mr. Jelaidan a license the previous week. I had not heard from OFAC up to that point about the license being issued, but a few days after I received Attorney Haefele's letter, I received a copy of the license in the mail. On February 22, 2018, my associate emailed a copy of the license to Attorney Haefele.

9. There was nothing else I could have done that I know of to expedite the process of securing a license from OFAC. I contacted them at least once a month for almost two years from the time before I received notice that they received our application, and between the time we received notice and the time they granted the license.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TERRORIST ATTACKS ON | )  Civil Action No. 03 MDL 1570 (GBD)(SN) |
| SEPTEMBER 11, 2001 | )  ECF Case |
| | ) |

**PROPOSED ORDER**

Upon consideration of the Motion to Withdraw as Counsel filed by Martin F. McMahon, the accompanying memorandum in support and the declaration of Mr. McMahon, and for good cause shown, the Court grants the Motion for Mr. McMahon and the law firm of Martin F. McMahon & Associates to withdraw as counsel for Defendant Wael Jelaidan. Accordingly, it is this _____ day of _____, 2018,

ORDERED that the Motion filed by Martin McMahon and Martin F. McMahon & Associates to Withdraw as Counsel representing Wael Jelaidan is GRANTED.

_____
UNITED STATES MAGISTRATE JUDGE

10