THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TERRORIST ATTACKS ON ) | Civil Action No. 03 MDL 1570 (GBD)(SN) |
| SEPTEMBER 11, 2001 ) | ECF Case |
| ) | |

### Memorandum of Points & Authorities in Support of Motion of Martin F. McMahon & Associates to Withdraw as Counsel

Martin F. McMahon provides this memorandum of points and authorities and his attached declaration to support his motion to allow him and his firm to withdraw as counsel for Defendant Wael Jelaidan in the above-captioned matter pursuant to Southern District of New York Local Civil Rule 1.4.

**PRELIMINARY STATEMENT**

As explained in Mr. McMahon's declaration, several reasons justify the granting of the motion to withdraw. After many delays in payment over the last two years, Mr. McMahon is no longer being paid by his client, Defendant Wael Jelaidan. Mr. Jelaidan has advised Mr. McMahon that he does not possess the funds to pay Mr. McMahon now or in the future. Mr. McMahon is also unable to discuss urgent matters or matters pertinent to the representation with Mr. Jelaidan. In addition, Mr. McMahon is unable to timely and regularly dialogue with Mr. Jelaidan's local counsel in Saudi Arabia, upon whom he depended for litigation coordination. These conditions have severely limited Mr. McMahon's and his firm's ability to function as counsel in this matter and warrant withdrawal.

As a result of these conditions, Mr. McMahon has lost the ability to participate in Mr. Jelaidan's decisions and those of his local counsel with respect to this litigation. In addition, some members of the Plaintiffs' Executive Committee appear to be at the point where they are seeking sanction directly against Mr. McMahon. This places him in a conflicting position with his client.

To defend himself, Mr. McMahon would have to disclose privileged communications with Mr. Jelaidan to prove that he has complied with this Court's prior orders. But Mr. McMahon cannot ethically disclose those communications because of the attorney client privilege, which belongs to Mr. Jelaidan.

Because of the conditions described herein and the reality of not being paid for his services, Mr. McMahon can no longer participate effectively in the defense of this case and cannot properly represent his client. These reasons justify the withdrawal of Mr. McMahon and his firm as counsel.

Mr. McMahon recognizes that withdrawing might be characterized as avoiding his responsibilities to this Court, but that is not the case. He has done everything possible to comply with all Court orders, including securing a license from OFAC. He also has not done and will not do anything to delay Plaintiffs' counsel from getting paid pursuant to Judge Maas' 2013 Sanctions Order (ECF No. 2789), nor has he done nor will he do anything to interfere with Plaintiffs' counsel's ability to secure monetary satisfaction of the Sanctions Order.

## ARGUMENT

### I. Local Rule 1.4 Permits this Court to Relieve Mr. McMahon's from Further Representation

Local Rule 1.4 of the Southern District of New York provides that "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Rule 1.16(c)(5) of the New York State Rules of Professional Conduct contemplates potential withdrawal of counsel where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

### II. The Failure to Pay Mr. McMahon's Legal Fees Provides Sufficient Reasons to Permit Withdrawal of Counsel

While the reasons discussed in the Preliminary Statement above show several grounds exist to justify withdrawal, the non-payment of Mr. McMahon's fees provide a threshold reason. The Second Circuit has recognized that "where the client 'deliberately disregarded' financial obligations," nonpayment of legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quoting *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) and N.Y. Code of Prof'l Responsibility D.R. 2-110(C)(a)(f)). The Southern District has similarly found that a client's non-payment of legal fees is a legitimate reason to grant a motion to withdraw as counsel. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-6469, 2011 U.S. Dist. LEXIS 16674, at *7-8 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *Cower v. Albany Law Sch. of Union Univ.*, No. 04-0643, 2005 U.S. Dist. LEXIS 13669, at *16 (S.D.N.Y. July 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw.") (citation omitted). Given Mr. Jelaidan is not paying Mr. McMahon's legal fees and has confirmed he will not do so in the future, the motion to withdraw should be granted.

**III.   Conflicts with Mr. Jelaidan Further Support Withdrawal**

As noted above, Mr. McMahon cannot discuss urgent or representation-pertinent matters with Mr. Jelaidan, or timely speak with his counsel in Saudi Arabia. Even more troubling, Mr. McMahon is in a position where compliance with this Court's prior orders places him in an irreconcilably conflicting posture with Mr. Jelaidan. "'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10-3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Hallmark Capital Corp. v. Red Rose Collection*, No.

3

96-2839, 1997 U.S. Dist. LEXIS 16328, at *8-9 (S.D.N.Y. Oct. 21, 1997) ("[When] the client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

The reasons above demonstrate that Mr. McMahon can no longer adequately represent the interests of Mr. Jelaidan, warranting withdrawal.

## CONCLUSION

For the foregoing reasons and those set forth in Mr. McMahon's attached declaration, Mr. McMahon and his firm respectfully request that this Court grant the motion to withdraw as counsel.

Respectfully submitted,
/s Martin McMahon
Martin F. McMahon, Esq.
Martin F. McMahon & Associates
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
(202) 862 - 4343

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TERRORIST ATTACKS ON | )  Civil Action No. 03 MDL 1570 (GBD)(SN) |
| SEPTEMBER 11, 2001 | )  ECF Case |
| | ) |

## PROPOSED ORDER

Upon consideration of the Motion to Withdraw as Counsel filed by Martin F. McMahon, the accompanying memorandum in support and the declaration of Mr. McMahon, and for good cause shown, the Court grants the Motion for Mr. McMahon and the law firm of Martin F. McMahon & Associates to withdraw as counsel for Defendant Wael Jelaidan. Accordingly, it is this _____ day of _____, 2018,

ORDERED that the Motion filed by Martin McMahon and Martin F. McMahon & Associates to Withdraw as Counsel representing Wael Jelaidan is GRANTED.

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served the Memorandum of Points and Authorities, Declaration of Martin F. McMahon, and Proposed Order through the Court's electronic transmission facilities and emailed to all relevant parties, including Wael Jelaidan, on the 3rd day of May, 2018.

/s  Martin McMahon
Martin F. McMahon, Esq.