# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, No. 03-cv-6978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 03-cv-8591
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-1922
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04-cv-5970
*Cantor Fitzgerald Assocs., et al. v. Akida Inv. Co., et al.*, No. 04-cv-7065
*Pacific Employers Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-7216
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 04-cv-7279
*Beazley Furlonge Ltd. v. Saudi Binladin Group, Inc., et al.*, No. 16-cv-7456
*Bowrosen, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8070
*McCarthy, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8884
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9663
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9937
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-117
*DeSimone v. Kingdom of Saudi Arabia*, No. 17-cv-348
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-450
*Ashton, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-2003
*The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.*,
    No. 17-cv-2129
*The Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-2651
*General Reinsurance Corp., et al. v. Kingdom of Saudi Arabia*, No. 17-cv-3810
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3887
*Arrowood Indemnity Co. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3908
*Abrams, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-4201
*Abtello, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5174
*Aasheim, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5471
*Abedhajajreh, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-6123
*Allianz Versicherungs-Aktiengesellschaft, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-6519
*Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-7317
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom
    of Saudi Arabia, et al.*, No. 17-cv-7914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No 17-cv-8617
*Behette, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-538
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-947
*Dillaber, et al. v. Islamic Republic of Iran, et al.*, No. 18-cv-3162
*Leftt, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-3353

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Kingdom of Saudi Arabia ("Defendant") requests that the Plaintiffs serve written responses to this First Set of Requests for Production of Documents by no later than May 11, 2018, and produce for inspection and copying the documents set forth below that are in their possession custody, or control at the offices of Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C., located at 1615 M Street, N.W., Suite 400, Washington, D.C. 20036.

### DEFINITIONS

1. "Kingdom of Saudi Arabia" means the Kingdom of Saudi Arabia and all persons or entities acting on its behalf, including its political subdivisions, agencies, and instrumentalities.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), as defined by S.D.N.Y. Local Rule 26.3(c)(1).

3. "CAC" means the Consolidated Amended Complaint filed in this action on March 17, 2017.

4. "*Ashton* Complaint" means the Consolidated Complaint filed in *Ashton v. Kingdom of Saudi Arabia*, No. 17-2003, on March 20, 2017.

5. "March 28, 2018 Order" means the Court's Order dated March 28, 2018 denying the Kingdom of Saudi Arabia's motion to dismiss (ECF No. 3946).

6. "Date" means the exact day, month, and year, if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

7. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P.

34(a)(1)(A), as defined by S.D.N.Y. Local Rule 26.3(c)(2). A draft or non-identical copy is a separate document within the meaning of this term.

8. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association, as defined by S.D.N.Y. Local Rule 26.3(c)(6).

9. "Relating to," "related to," or "in relation to" means concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to.

10. "These Actions" means any action filed against the Kingdom of Saudi Arabia that has been consolidated into *In re Terrorist Attacks on September 11, 2001*, MDL No. 1570, pending in the United States District Court for the Southern District of New York.

11. "Plaintiffs" refers to all plaintiffs who have brought a claim against the Kingdom of Saudi Arabia and, where applicable, their officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates, as defined by S.D.N.Y. Local Rule 26.3(c)(5).

12. "You" or "your" refers to any Plaintiff.

13. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

14. The definitions set forth above shall apply to all requests.

**GENERAL INSTRUCTIONS**

1. In responding to these requests, you are requested to produce not only documents in your possession, custody, or control, but also those documents in the possession, custody, or

control of other persons acting on your behalf. This includes, but is not limited to, documents maintained on your premises, storage devices, email servers, or any other repository or location in which documents exist; for example, if an individual is in possession, custody, or control of responsive documents, all such documents must be produced, regardless of the type of premises or device on which they are maintained.

2. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside of its scope, as set forth in S.D.N.Y. Local Rule 26.3(d)(2).

3. The use of a singular form of any word includes the plural and vice versa, as set forth in S.D.N.Y. Local Rule 26.3(d)(3).

4. The definitions provided herein shall apply to the terms defined regardless of capitalization.

5. The terms "all," "any," "each," and "every" shall each be construed as encompassing any and all, as set forth in S.D.N.Y. Local Rule 26.3(d)(1).

6. Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in your files, together with a copy of the descriptive file folder or database category in its entirety.

7. If any request cannot be responded to completely, respond to it to the extent possible, specify the portion(s) that cannot be responded to, and explain why any such portion(s) cannot be responded to.

8. If you object to any request made herein as unduly broad, identify the categories of documents within the scope of the request that you believe are properly discoverable, produce

all such documents, and state, with particularity, your reason for asserting that the remainder of the request seeks documents that are beyond the scope of permissible discovery.

9. If you object to any request, set forth the basis for your objection and respond to all parts of the request to which you do not object. Any ground not stated in an objection within the time provided by the Rules of Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

10. All objections must state with particularity whether, and in what manner, the objection is being relied upon as a basis for limiting the response. If you are withholding responsive documents pursuant to any general objection, you should so expressly indicate. If, in responding to any request, you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the request, and shall respond to the request as you interpret it.

11. If you cannot respond to all or part of any request after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying your inability to respond to the request.

12. If documents are withheld under claim of privilege, including, but not limited to attorney-client privilege or work-product doctrine, you are required to identify each such document and state the specific basis for the claim of privilege for each document withheld, as well as by providing the following information: (1) the date appearing on the document; (2) a description of the general nature of the document (e.g., whether it is a letter, memorandum,

email, etc.); (3) the author of the document; and (4) the identity of each person to whom the document was addressed and the identity of each person to whom a copy was sent.

13. Each request shall be construed independently and, therefore, no request shall be construed to limit any other request.

14. These requests are continuing in nature. If further information, evidence, or documentation comes into your possession, custody, or control or is brought to the attention of you or your attorneys or agents at any time subsequent to the service of any responses or production of any documents, prompt and complete supplementation of the responses to these interrogatories is required pursuant to the Federal Rules of Civil Procedure.

15. Unless otherwise stated, the relevant time period is from January 1, 2000 to December 31, 2000 ("Relevant Period"), and requests are limited to documents created during the Relevant Period.

## DOCUMENTS REQUIRED TO BE PRODUCED

1. All documents and communications relating to any official, employment, or agency relationship between the Kingdom of Saudi Arabia and Fahad Al Thumairy, Omar Al Bayoumi, and any subagents acting on their behalf regarding the provision of assistance to Nawaf Al Hazmi, Khalid Al Mihdhar, or any other 9/11 hijacker (as discussed on pages 19-23 of the March 28, 2018 Order).

2. All documents and communications relating to any official, employee, or agent of the Kingdom of Saudi Arabia who directed Al Thumairy, Al Bayoumi, or any subagents acting on their behalf to provide assistance to Al Hazmi, Al Mihdhar, or any other 9/11 hijacker (as discussed on pages 19 and 21-23 of the March 28, 2018 Order).

3. All documents and communications relating to what Al Thumairy, Al Bayoumi, and any subagents acting on their behalf knew or should have known about Al Hazmi, Al Mihdhar, or any other 9/11 hijacker (as discussed on pages 9-10 and 19-23 of the March 28, 2018 Order).

4. All documents you have obtained pursuant to Freedom of Information Act request, subpoena, or any other U.S. or foreign judicial process, relating to any matters discussed on pages 19-23 of the March 28, 2018 Order. This request includes all documents created before, during, and after the Relevant Period.

Dated: April 26, 2018

Respectfully submitted,

/s/ Michael K. Kellogg
Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)
*Attorneys for the Kingdom of Saudi Arabia*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April, I caused a copy of the foregoing to be served on counsel for Plaintiffs via electronic means.

*/s/ Michael K. Kellogg*