# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ )
                                          )
IN RE: TERRORIST ATTACKS ON               )   Civil Action No. 03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001                        )   ECF Case
                                          )
_____ )

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, No. 03-cv-6978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 03-cv-8591
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-1922
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04-cv-5970
*Cantor Fitzgerald Assocs., et al. v. Akida Inv. Co., et al.*, No. 04-cv-7065
*Pacific Employers Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-7216
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 04-cv-7279
*Beazley Furlonge Ltd. v. Saudi Binladin Group, Inc., et al.*, No. 16-cv-7456
*Bowrosen, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8070
*McCarthy, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8884
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9663
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9937
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-117
*DeSimone v. Kingdom of Saudi Arabia*, No. 17-cv-348
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-450
*Ashton, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-2003
*The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.*,
    No. 17-cv-2129
*The Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-2651
*General Reinsurance Corp., et al. v. Kingdom of Saudi Arabia*, No. 17-cv-3810
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3887
*Arrowood Indemnity Co. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3908
*Abrams, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-4201
*Abtello, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5174
*Aasheim, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5471
*Abedhajajreh, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-6123
*Allianz Versicherungs-Aktiengesellschaft, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-6519
*Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-7317
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom
    of Saudi Arabia, et al.*, No. 17-cv-7914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No 17-cv-8617
*Behette, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-538
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-947
*Dillaber, et al. v. Islamic Republic of Iran, et al.*, No. 18-cv-3162
*Leftt, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-3353

- 2 -

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Under Rule 33 of the Federal Rules of Civil Procedure, Defendant Kingdom of Saudi Arabia ("Defendant") requests that the Plaintiffs serve written responses to this First Set of Interrogatories. Plaintiffs shall answer the following interrogatories separately and fully in writing, under oath, and serve the answers at the offices of Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C., located at 1615 M Street N.W., Suite 400, Washington, D.C. 20036.

## DEFINITIONS

1. "Kingdom of Saudi Arabia" means the Kingdom of Saudi Arabia and all persons or entities acting on its behalf, including its political subdivisions, agencies, and instrumentalities.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), as defined by S.D.N.Y. Local Rule 26.3(c)(1).

3. "CAC" means the Consolidated Amended Complaint filed in this action on March 17, 2017.

4. "*Ashton* Complaint" means the Consolidated Complaint filed in *Ashton v. Kingdom of Saudi Arabia*, No. 17-2003, on March 20, 2017.

5. "March 28, 2018 Order" means the Court's Order dated March 28, 2018 denying the Kingdom of Saudi Arabia's motion to dismiss (ECF No. 3946).

6. "Date" means the exact day, month, and year, if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

7. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P.

34(a)(1)(A), as defined by S.D.N.Y. Local Rule 26.3(c)(2).  A draft or non-identical copy is a separate document within the meaning of this term.

8. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association, as defined by S.D.N.Y. Local Rule 26.3(c)(6).

9. "Relating to," "related to," or "in relation to" means concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, reflecting, pertaining to, supporting, refuting, responsive to, or with respect to.

10. "These Actions" means any action filed against the Kingdom of Saudi Arabia that has been consolidated into *In re Terrorist Attacks on September 11, 2001*, MDL No. 1570, pending in the United States District Court for the Southern District of New York.

11. "Plaintiffs" refers to all plaintiffs who have brought a claim against the Kingdom of Saudi Arabia and, where applicable, their officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates, as defined by S.D.N.Y. Local Rule 26.3(c)(5).

12. "You" or "your" refers to any Plaintiff.

13. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

14. The definitions set forth above shall apply to all requests.

## GENERAL INSTRUCTIONS

1. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery all responses that might otherwise be construed to be outside of its scope, as set forth in S.D.N.Y. Local Rule 26.3(d)(2).

2. The use of a singular form of any word includes the plural and vice versa, as set forth in S.D.N.Y. Local Rule 26.3(d)(3).

3. The definitions provided herein shall apply to the terms defined regardless of capitalization.

4. The terms "all," "any," "each," and "every" shall each be construed as encompassing any and all, as set forth in S.D.N.Y. Local Rule 26.3(d)(1).

5. If any interrogatory cannot be responded to completely, respond to it to the extent possible, specify the portion(s) that cannot be responded to, and explain why any such portion(s) cannot be responded to.

6. These interrogatories call for all information (including any information contained in or on any document or writing) that is known or available to you, including all information in the possession of, or available to your attorneys, agents, or representatives, or any other person acting on your behalf or under your direction or control.

7. Each interrogatory, including subparts, is to be answered by you separately, completely and fully, under oath. If you object to any part of an interrogatory, set forth the basis for your objection and respond to all parts of the interrogatory to which you do not object. Any ground not stated in an objection within the time provided by the Rules of Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

8. All objections must state with particularity whether, and in what manner, the objection is being relied upon as a basis for limiting the response. If you are withholding responsive information pursuant to any general objection, you should so expressly indicate. If, in responding to any interrogatory, you claim any ambiguity in interpreting either the interrogatory or a definition or instruction applicable thereto, you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the interrogatory, and shall respond to the interrogatory as you interpret it.

9. If you cannot answer all or part of any interrogatory after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder. State whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

10. If information is withheld under claim of privilege, including, but not limited to attorney-client privilege or work-product doctrine, you are required to identify such information and state the specific basis for the claim of privilege for the information withheld and the interrogatory to which the privileged information is responsive.

11. Each interrogatory shall be construed independently and, therefore, no interrogatory shall be construed to limit any other interrogatory.

12. For each interrogatory requesting that you state the basis for your contentions, your response shall include (and specifically identify) any related facts, witnesses (name, title, address, and phone number), and documents (Bates number), including identifying any documents that you considered or relied upon as a basis for each contention.

13. For each interrogatory requesting that you identify communications, separately state for each responsive communication the persons involved in the communication, their position and employer (or other relevant affiliation), the date of the communication, the medium of the communication (e.g., phone, in-person, email, letter, twitter, press conference, etc.), and identify all documents memorializing or constituting the communication. If such documents are withheld on the basis of a privilege, provide all information required for a privilege log, as described in these instructions.

14. These interrogatories are continuing in nature. If further information, evidence, or documentation comes into your possession, custody, or control, or is brought to the attention of you or your attorneys or agents at any time subsequent to the service of any responses, prompt and complete supplementation of the responses to these interrogatories is required pursuant to the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each Kingdom of Saudi Arabia official, employee, or agent who directed Fahad Al Thumairy, Omar Al Bayoumi, or any subagents acting on their behalf to provide assistance to Nawaf Al Hazmi, Khalid Al Mihdhar, or any other 9/11 hijacker (as discussed on pages 19, and 21-23 of the March 28, 2018 Order) and describe in detail when such alleged directions were given, what the alleged directions were, the manner in which the alleged directions were communicated, who provided the alleged directions, who received the alleged directions, and any documents related to the alleged directions.

**INTERROGATORY NO. 2:**

Identify all persons who were subagents of Al Thumairy and Al Bayoumi with respect to any assistance that Al Thumairy and Al Bayoumi provided directly or indirectly to Al Hazmi, Al Mihdhar, or any other 9/11 hijacker (as discussed on pages 19 and 21-23 of the March 28, 2018 Order), describe in detail the nature and scope of the alleged subagency, and identify any documents related to the alleged subagency relationship.

**INTERROGATORY NO. 3:**

Identify all things of value (including money, goods and services) provided or offered by you to any individual from whom you have presented or intend to present testimony concerning any matter discussed in pages 19-23 of the March 28, 2018 Order.  For the avoidance of any doubt, the information requested in this Interrogatory includes without limitation any reimbursements or offers to reimburse.

Dated:  April 26, 2018                     Respectfully submitted,

/s/  Michael K. Kellogg
Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)
*Attorneys for the Kingdom of Saudi Arabia*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, I caused a copy of the foregoing to be served on counsel for Plaintiffs via electronic means.

*/s/ Michael K. Kellogg*