# Exhibit E

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:  TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD) (SN) ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, No. 03-cv-6978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 03-cv-8591
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-1922
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04-cv-5970
*Cantor Fitzgerald Assocs., et al. v. Akida Inv. Co., et al.*, No. 04-cv-7065
*Pacific Employers Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-7216
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 04-cv-7279
*Beazley Furlonge Ltd. v. Saudi Binladin Group, Inc., et al.*, No. 16-cv-7456
*Bowrosen, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8070
*McCarthy, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8884
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9663
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9937
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-117
*DeSimone v. Kingdom of Saudi Arabia*, No. 17-cv-348
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-450
*Ashton, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-2003
*The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-2129
*The Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-2651
*General Reinsurance Corp., et al. v. Kingdom of Saudi Arabia*, No. 17-cv-3810
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3887
*Arrowood Indemnity Co. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3908
*Abrams, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-4201
*Abtello, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5174
*Aasheim, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5471
*Abedhajajreh, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-6123
*Allianz Versicherungs-Aktiengesellschaft, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-6519
*Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-7317
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-7914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No 17-cv-8617
*Behette, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-538
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-947
*Dillaber, et al. v. Islamic Republic of Iran, et al.*, No. 18-cv-3162
*Leftt, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-3353

**DEFENDANT KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET OF CONSOLIDATED
JURISDICTIONAL REQUESTS FOR PRODUCTION OF DOCUMENTS
DIRECTED TO THE KINGDOM OF SAUDI ARABIA**

Pursuant to the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Federal Rule of

Civil Procedure 34 ("Rule 34"), the Memorandum Decision and Order issued by Judge Daniels

on March 28, 2018 (ECF No. 3946) ("March 28 Order"), and the Order issued by Judge Netburn

on April 20, 2018 (ECF No. 3968) ("April 20 Order"), Defendant Kingdom of Saudi Arabia

("Saudi Arabia") responds to Plaintiffs' First Set of Consolidated Jurisdictional Requests for

Production of Documents Directed to the Kingdom of Saudi Arabia ("Plaintiffs' Requests").

**PRELIMINARY STATEMENT**

Judge Daniels' March 28 Order directs that "Plaintiffs shall be permitted to conduct

limited and targeted jurisdictional discovery critical to answering th[e] question . . . whether and

to what extent [Fahad Al] Thumairy, [Omar Al] Bayoumi, and their agents took actions in 2000,

at the direction of more senior Saudi officials, to provide assistance to [Nawaf Al] Hazmi,

[Khalid Al] Mihdhar, and other 9/11 hijackers."  March 28 Order at 23.  That discovery

authorization is based on certain allegations in Plaintiffs' Consolidated Amended Complaint

(ECF No. 3463) ("CAC"); in the *Ashton* Complaint (No. 17-cv-02003, ECF No. 1); and in

Plaintiffs' Averment of Facts (ECF No. 3463-1) that are specifically identified in pages 19

through 23 of the March 28 Order.  "[A]ll discovery that [Plaintiffs] are seeking needs to be

tethered to one of th[e] allegations that Judge Daniels relied on and is allowing [Plaintiffs] to

pursue."  Tr. of Conference (Apr. 12, 2018), ECF No. 3964, at 21:15-17.

**OBJECTIONS TO INSTRUCTIONS**

1.      Saudi Arabia objects to Plaintiffs' instructions so far as they purport to impose

obligations exceeding or inconsistent with the FSIA, the Federal Rules of Civil Procedure, the

Local Rules of the Southern District of New York, or the March 28 Order.  Saudi Arabia will respond in accordance with the obligations imposed by the preceding authorities.  The following specific objections are without prejudice to this general reservation of rights.

2.      Saudi Arabia objects to Instructions No. 3 and No. 4 so far as they request the production of "original" Documents or the "original . . . container" of Documents, which exceed the requirements of Rule 34.  Saudi Arabia will produce copies of Documents.

3.      Saudi Arabia objects to Instruction No. 4 so far as it requests that Documents be "organized and labeled to correspond to the categories in this request," which exceeds the requirements of Rule 34.  Saudi Arabia will produce Documents as maintained in the ordinary course of business.

4.      Saudi Arabia objects to Instruction No. 5 so far as it requests that Saudi Arabia identify document custodians, including "natural person[s]," and provide their "business address[es]" as exceeding the requirements of Rule 34.  Saudi Arabia will produce Documents in accordance with the requirements of Rule 34.

5.      Saudi Arabia objects to Instruction No. 7 in its entirety as exceeding the requirements of Rule 34.  Saudi Arabia will produce Documents in accordance with the requirements of Rule 34.

6.      Saudi Arabia objects to Instruction No. 8, which concerns the form of production, as exceeding the requirements of Rule 34.  Saudi Arabia will meet and confer with Plaintiffs at an appropriate time to discuss an appropriate form of production for Documents, including electronically stored information.

7.      Saudi Arabia objects to Instruction No. 9 so far as it demands supplementation that exceeds the requirements of Rule 26(e).  Saudi Arabia will supplement its discovery responses as and if required by Rule 26(e) or any order of the Court.

8.      Saudi Arabia objects to Instruction No. 10 so far as it purports to impose obligations that differ in any way from the requirements of the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York (including Local Civil Rule 26.2), and Judge Maas's order dated November 19, 2012 (ECF No. 2644).  Saudi Arabia will assert its claims of privilege in conformance with the requirements of those authorities.

9.      Saudi Arabia objects to Instruction No. 12 so far as it would require Saudi Arabia to state whether responsive materials are being withheld on the basis of particular objections. Judge Netburn's April 20 Order requires Saudi Arabia to present objections to Plaintiffs' Requests well before it will have completed its search for and review of responsive Documents. Saudi Arabia will set forth in response to each Request the search it will undertake for potentially responsive Documents.

10.     Saudi Arabia objects to Instruction No. 15 so far as it defines timeframes that exceed the scope of permissible discovery.  Plaintiffs' demand for a period of nearly eight years (1994 to 2001) as to Omar Al Bayoumi is inconsistent with Judge Daniels' direction for limited, targeted discovery, especially given that Plaintiffs' key allegations that Al Bayoumi was given the task of providing assistance to Al Hazmi and Al Mihdhar all concern events occurring no earlier than February 1, 2000.  Except as noted in particular Responses, Saudi Arabia will apply a uniform timeframe for all Requests of January 1, 1998, to September 11, 2001.  Where Saudi Arabia states that it will search for or produce certain Documents "for the period from January 1, 1998, to September 11, 2001," or another specifically stated period, that phrase indicates

Documents that, as determined through a reasonable search, were created, modified, sent, or received during the stated period, or that bear a date within the stated period.

## OBJECTIONS TO DEFINITIONS

1.      Saudi Arabia objects to Plaintiffs' Definitions so far as they purport to impose obligations exceeding or inconsistent with the FSIA, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York (in particular, Local Civil Rule 26.3 of those Rules), or the March 28 Order.  Saudi Arabia will respond in accordance with the obligations imposed by the preceding authorities.  The following specific objections are without prejudice to this general reservation of rights.

2.      Saudi Arabia objects to Definition No. 2 so far as it states a definition of "Document" that is broader than the definition provided by Local Civil Rule 26.3.  Saudi Arabia will construe the term "Document" as provided by Local Civil Rule 26.3.

3.      Saudi Arabia objects to Definition No. 3 so far as it states a definition of "electronically stored information" that is broader than the definition used in Rule 34 and incorporated in Local Civil Rule 26.3.  Saudi Arabia will construe the term "electronically stored information" as it is used in Rule 34.  Saudi Arabia also objects to Definition No. 3 so far as it demands the production of originals and incorporates by reference its objection to Plaintiffs' similar demand in Instructions No. 3 and No. 4.

4.      Saudi Arabia objects to Definition No. 5 so far as it states definitions of "Defendant," "You," and other terms referring to Saudi Arabia that are broader than the definition provided by Local Civil Rule 26.3.  Saudi Arabia further objects to this Definition so far as it includes "any official or employee of the Saudi government."

5.      Saudi Arabia objects to Definition No. 6 so far as it states a definition of "communication" that is broader than the definition provided by Local Civil Rule 26.3.  Saudi Arabia will construe the term "communication" as provided by Local Civil Rule 26.3.

6.      Saudi Arabia objects to Definition No. 8 so far as it defines as "Subagent[s]" individuals who are outside the scope of jurisdictional discovery as defined in the March 28 Order.  Judge Daniels dismissed for lack of jurisdiction Plaintiffs' claims against Saudi Arabia based on the alleged conduct of Osama Basnan, *see* March 28 Order at 24-25; and Omar Abdi Mohamed, *see id.* at 28-31.  Further, Ziyad Khreiwesh, Osama Mustafa, Omar Bakarbashat, and Hassan Abukar are not mentioned in the March 28 Order or in any allegation cited in pages 19 through 23 of that Order.  Inclusion of those individuals as purported "Subagent[s]" is an improper attempt to broaden the scope of discovery beyond what Judge Daniels authorized. Saudi Arabia will construe the term "Subagent" as referring solely to Oualid Benomrane, Mohdar Abdullah, Anwar Al Aulaqi, Caysan Bin Don, and Lafi Harbi.  That construction is adopted solely for the purpose of responding to Plaintiffs' Requests and is not an admission that any of the named individuals actually were subagents of Al Thumairy, Al Bayoumi, or anyone else.

7.      Saudi Arabia objects to Definition No. 9 so far as it defines as "Subagent organization[s]" entities that are outside the scope of jurisdictional discovery as defined in the March 28 Order.  Judge Daniels dismissed for lack of jurisdiction Plaintiffs' claims against Saudi Arabia based on the alleged conduct of the Western Somali Relief Agency, *see* March 28 Order at 28-31; the Al Haramain Islamic Foundation, *see id.* at 31-37; and Dahabshiil, *see id.* at 29-31. Further, the Islamic Center of San Diego, the Al Barakaat Trading Company, "al Ansar Mosque aka the Somali Mosque in San Diego," and unidentified "Somali non-profits in San Diego" are

not mentioned in the March 28 Order or in any allegation cited in pages 19 through 23 of that

Order; and the Al-Ribat Al-Islami Mosque is mentioned only as a mosque where Al Aulaqi

preached, *see* CAC ¶ 179, but is not alleged to have provided any assistance to Al Hazmi or Al

Mihdhar.  Inclusion of those organizations as purported "Subagent organization[s]" is an

improper attempt to broaden the scope of discovery beyond what Judge Daniels authorized.

Because this objection applies to every organization defined as a "Subagent organization," Saudi

Arabia will respond to any Request including that term as though the term were not included.

       8.     Saudi Arabia objects to Definition No. 13 so far as it defines the term "Ministry of

Islamic Affairs" to include individuals such as "member[s], official[s], employee[s], [and]

representative[s]."  Further, Saudi Arabia incorporates by reference its objection to Definition

No. 14 in the following paragraph.  Saudi Arabia will construe the term "Ministry of Islamic

Affairs" to refer to its Ministry of Islamic Affairs, Dawah, and Guidance, including any offices

of that Ministry in any "Saudi diplomatic mission" as construed in the following paragraph.

       9.     Saudi Arabia objects to Definition No. 14 so far as it defines the term "Saudi

diplomatic mission" to include embassies, consulates, and missions that are outside the scope of

jurisdictional discovery as defined in the March 28 Order.  Judge Daniels dismissed for lack of

jurisdiction Plaintiffs' claims against Saudi Arabia based on alleged conduct in connection with

Saudi Arabia's Embassy in Berlin.  *See* March 28 Order at 28.  Further, the only embassies,

consulates, or missions that are mentioned in the March 28 Order or in any allegation cited in

pages 19 through 23 of that Order are the Saudi Embassy as defined in Definition No. 11 and the

Saudi Consulate in Los Angeles as defined in Definition No. 12.  Inclusion of other embassies,

consulates, and missions is an improper attempt to broaden the scope of discovery beyond what

Judge Daniels authorized.  Saudi Arabia will construe the term "Saudi diplomatic mission" to

refer to the Saudi Embassy, the Saudi Consulate in Los Angeles, and the Saudi Arabian Cultural Mission in Fairfax, Virginia.

## GENERAL OBJECTIONS

1.      Saudi Arabia objects to Plaintiffs' Requests so far as they purport to impose obligations exceeding or inconsistent with the FSIA, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or the March 28 Order. Saudi Arabia will respond in accordance with the obligations imposed by the preceding authorities. The following specific objections are without prejudice to this general reservation of rights.

2.      Saudi Arabia objects to Plaintiffs' Requests so far as they call for the production of Documents subject to any privilege, protection, or immunity against discovery, including without limitation (a) the attorney-client privilege; (b) the work-product doctrine; (c) diplomatic immunity, including without limitation the protections of (i) the Vienna Convention on Diplomatic Relations ("VCDR") and (ii) the Vienna Convention on Consular Relations ("VCCR"); (d) the state-secrets privilege; (e) the deliberative-process privilege; and (f) any privilege, protection, or immunity applicable under the law of Saudi Arabia. Saudi Arabia further reserves the right to assert any other privilege the applicability of which becomes apparent upon further consideration, investigation, or review. All Responses in this filing are subject to and without waiver of any privilege, protection, or immunity against discovery that may apply.

3.      Saudi Arabia objects to Plaintiffs' Requests so far as they call for search and review of Documents not in the possession of the following agencies of Saudi Arabia: (a) the Ministry of Islamic Affairs; (b) the General Authority of Civil Aviation (the successor to the Presidency of Civil Aviation); (c) the Saudi Embassy in Washington, D.C.; (d) the Saudi Consulate in Los Angeles, CA; and (e) the Saudi Arabian Cultural Mission in Fairfax, VA.

Those agencies are the only ones within the permissible scope of discovery based on the March 28 Order.

4.        So far as Plaintiffs' Requests seek Documents from the Saudi Embassy, the Saudi Consulate in Los Angeles, the Saudi Arabian Cultural Mission, or any other embassy, consulate, or mission of Saudi Arabia, they implicate the protections of the VCDR and the VCCR, including without limitations those provisions under which "[t]he premises of [a diplomatic] mission, their furnishings and other property thereon . . . shall be immune from search," VCDR art. 22(3); "[t]he archives and documents of the mission shall be inviolable at any time and wherever they may be," *id.* art. 24; and "[t]he official correspondence of [a] mission" – defined as "all correspondence relating to the mission and its functions" – "shall be inviolable," *id.* art. 27(2); *see also* VCCR arts. 31, 33, 35(2).  Without waiving the above or any other privileges, protections, or immunities against discovery, Saudi Arabia will voluntarily undertake to search for and review Documents on the premises of the Saudi Embassy, the Saudi Consulate in Los Angeles, and the Saudi Arabian Cultural Mission.  For the relevant time period or periods defined in Saudi Arabia's Responses below, Saudi Arabia will search for and review Documents on the premises of the Saudi Embassy, the Saudi Consulate in Los Angeles, or the Saudi Arabian Cultural Mission that:

a.        were created, sent, or received by an official, employee, or representative of the Ministry of Islamic Affairs concerning communications with (i) Khalid Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi;

b.        were created, sent, or received by an official, employee, or representative of the Ministry of Higher Education concerning communications with (i) Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi;

      c.      were created, sent, or received by an official, employee, or representative of the General Authority for Civil Aviation concerning communications with (i) Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi;

      d.      are contained in personnel files or similar records concerning the employment of (i) Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi;

      e.      are travel records (such as reservations, tickets, invoices, requests for reimbursement of travel expenses, and similar records) for (i) Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi;

      f.      are call logs, visitor logs, or similar records of telephone calls or in-person visits containing references to (i) Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi;

      g.      are phone records or phone bills for a phone used by (i) Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi; or

      h.      are communications with the United States regarding travel by (i) Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi using a diplomatic passport.

In stating that it will search for and review the above categories of Documents, Saudi Arabia specifically reserves all and does not waive any arguments that any such Documents that exist are privileged, protected, or immune from production under the VCDR, the VCCR, or otherwise (including arguments that such Documents need not be listed on a privilege log).

      5.      By agreeing to produce Documents in response to any Request, Saudi Arabia does not concede that any such Request seeks Documents that are relevant to the subject matter of these cases or that such Request is reasonably calculated to lead to the discovery of admissible evidence.  Saudi Arabia specifically preserves all objections to relevance and burden.

6.      Saudi Arabia's lack of objection to any specific Request is not an admission that Documents responsive to that Request exist.

7.      Any statement by Saudi Arabia in response to a Request that it will search for or produce Documents does not mean that Saudi Arabia has such Documents within its possession, custody, or control, or that any such Documents exist.

8.      Saudi Arabia reserves the rights to (a) revise, correct, supplement, or clarify the content of any response in accordance with any applicable rule or law; (b) provide additional responsive information and Documents; or (c) challenge the authenticity or admissibility of any information or Documents in any hearing, proceeding, or trial.

## RESPONSES

### I.      Fahad Al Thumairy

1.      Please provide all Documents concerning Thumairy's hiring, including without limitation any resume, applications, educational records, writings, or recommendations provided or considered in relation to his hiring, and any Documents concerning any job interview.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents concerning Al Thumairy's hiring or any job interview of Al Thumairy; (c) for the period from January 1, 1998, to September 11, 2001.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

2.      Please produce all Documents prepared by any person, including but not limited to any Saudi government Ministry and/or Thumairy, concerning, defining, or identifying Thumairy's duties, responsibilities, functions, and authorities as (1) an imam at the King Fahd

Mosque; (2) a representative of the Ministry of Islamic Affairs at the Saudi Consulate in Los Angeles; (3) an accredited diplomat at the Saudi Consulate in Los Angeles; or (4) in any other role or capacity on behalf of the Saudi government.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents concerning Al Thumairy's duties, responsibilities, functions, and authorities (i) as an imam at the King Fahd Mosque or (ii) in any role or capacity on behalf of the Saudi government; (c) for the period from January 1, 1998, to September 11, 2001.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

3.      Please produce all Documents comprising Thumairy's personnel file, including without limitation any performance reviews.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) that are included in Al Thumairy's personnel file or that are performance reviews for Al Thumairy.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

4.      Please produce all Documents concerning any training or instruction provided to Thumairy in relation to any and all of his duties, responsibilities, functions, and authorities.  The relevant time period for this request is January 1, 1995 through December 31, 2003.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad and unduly burdensome because it seeks Documents for a nine-year period and for "any and all . . . duties, responsibilities, functions, and authorities" that Al Thumairy may have had during that period.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning any training or instruction provided to Al Thumairy.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

5.      Please produce all Documents submitted to or received from the United States between January 1, 1995 through December 31, 2003, concerning the diplomatic status and/or credentials of Thumairy, including but not limited to any request that Thumairy be afforded diplomatic status or credentials; that Thumairy's diplomatic status or credentials be renewed or extended; or that Thumairy's diplomatic status or credentials be terminated.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad and unduly burdensome because it seeks Documents for a nine-year period regarding any Documents "submitted to or received from the United States" concerning the diplomatic status or credentials of Al Thumairy.  Subject to and without waiving its objections, Saudi Arabia will conduct a

- 13 -

reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the

Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) submitted to or received from the United States concerning Al

Thumairy's diplomatic status or credentials.  Saudi Arabia will produce responsive Documents

that are not subject to any privilege, protection, or immunity against discovery.

      6.     Please produce all passports and visa records concerning Thumairy, including but
not limited to applications for passport(s) and visa(s) valid during the applicable time period.

      RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents

for the period from January 1, 1998, to September 11, 2001; (c) that are passports or visa records

concerning Al Thumairy.  Saudi Arabia will produce responsive Documents that are not subject

to any privilege, protection, or immunity against discovery.

      7.     Please produce all Documents concerning, defining, or identifying the chain of
supervision, command, or reporting applicable to any and all of Thumairy's duties,
responsibilities, functions, and authorities.

      RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all Documents concerning, defining, or identifying the chain of

supervision, command, or reporting applicable to any and all of Thumairy's duties,

responsibilities, functions, and authorities."  Subject to and without waiving its objections, Saudi

Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi

Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from

January 1, 1998, to September 11, 2001; (c) concerning Al Thumairy's supervision, chain of

command, or reporting responsibilities.  Saudi Arabia will produce responsive Documents that

are not subject to any privilege, protection, or immunity against discovery.

8.      Please produce all Documents identifying each person who supervised, oversaw,
or provided direction to Thumairy, or to whom Thumairy reported, to any and all of Thumairy's
duties, responsibilities, functions, and authorities.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all Documents identifying each person who supervised, oversaw, or

provided direction to Thumairy, or to whom Thumairy reported."  Subject to and without

waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of

Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for

Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning

supervision, oversight, or direction that any person provided to Al Thumairy.  Saudi Arabia will

produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

9.      Please produce all Documents concerning Thumairy's supervision of any
representative, agent, or employee of the Saudi government in the United States, who was not

disclosed or identified to the United States as an employee, representative, or agent of the Saudi government.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all Documents" concerning Al Thumairy's "supervision of any" of various unidentified persons.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning Al Thumairy's supervision of any employee, agent, or representative of Saudi Arabia in the United States.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

10.     Please produce all Documents concerning Thumairy's supervision of any propagators.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all Documents" concerning supervision of unidentified "propagators." Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning Al Thumairy's supervision of any propagators (understanding the term "propagator" to mean an individual employed to spread the Islamic faith).  Saudi Arabia will

produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

11.      Please produce all travel records for Thumairy from January 1, 1998 through December 31, 2003.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all travel records" for a six-year period.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) that are travel reservations, tickets, invoices, requests for reimbursement of travel expenses, and similar records for Al Thumairy.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

12.      Please produce all phone records or call logs for any home, work, or cell phone used by Thumairy.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in seeking "all phone records or call logs for any home, work, or cell phone used by Thumairy" over a period of nearly four years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1,

1998, to September 11, 2001; (c) that are phone records or call logs for a phone used by Al

Thumairy.  Saudi Arabia will produce responsive Documents that are not subject to any

privilege, protection, or immunity against discovery.

13.    For the period from November 1999 though and including September 11, 2001,
please produce any and all calendars, appointment logs, visitor logs, or other records identifying
persons who met, communicated, or spoke with Thumairy.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "any and all calendars, appointment logs, visitor logs, or other records

identifying persons who met, communicated, or spoke with Thumairy" over a 22-month period.

Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search

(a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in

Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001;

(c) that are calendars, appointment logs, or visitor logs identifying persons who met,

communicated, or spoke with Al Thumairy.  Saudi Arabia will produce responsive Documents

that are not subject to any privilege, protection, or immunity against discovery.

14.    Please produce all Documents concerning any meeting, communication, contact,
transaction, or relationship between Thumairy and (1) Omar al Bayoumi; (2) Khalid al
Sowailem; (3) any Subagent or Subagent organization; (4) any of the 9/11 Hijackers; (5) the
"individual" who was "immediately assigned" by Thumairy to "take care" of hijackers Hazmi
and Mihdhar "during their time in the Los Angeles area," FBI 2012 Summary Report; (6) any
person(s) who tasked al-Thumairy [and/or] al-Bayoumi with assisting the hijackers,"  FBI 2012
Summary Report; (7) the "individual who was known to have extremist views, and was
identified as having met with Omar al Bayoumi in private on the same day as Bayoumi's alleged
'chance' first meeting with 9/11 hijackers…," FBI 2012 Report; (8) any person affiliated with al
Qaeda or identified as a possible jihadist or extremist; (9) any "radical faction" or person
"supportive of the events of September 11, 2001," 9/11 Commission Report at 216-7.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking information about speculative contacts between Al Thumairy and individuals whose identities cannot reasonably be ascertained from the Request or from the cited sources.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning any meeting, communication, or contact between Al Thumairy and (i) Al Bayoumi, (ii) Al Sowailem, (iii) any Subagent (under the narrowed definition of that term set forth in Saudi Arabia's Objections to Plaintiffs' Definitions), (iv) Al Hazmi, or (v) Al Mihdhar. Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

15.     Please produce all Documents concerning the purpose of any visit by Thumairy to the Saudi Embassy.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in seeking information about "any visit by Thumairy to the Saudi Embassy" over a period of nearly four years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) concerning the purpose of any visit by Al Thumairy to the Saudi

Embassy.  Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

16.     Please produce all Documents concerning the purpose of any visit by Thumairy to
Saudi Arabia.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in

seeking information about "any visit by Thumairy to Saudi Arabia" over a period of nearly four

years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable

search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi

Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September

11, 2001; (c) concerning the purpose of any visit by Al Thumairy to Saudi Arabia.  Saudi Arabia

will produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

17.     For the period from November 1999 though and including May 2000, please
produce all communications or directives sent to Thumairy by any superior, supervisor, or
person with authority over him, including without limitation any superior, supervisor, or person
with authority over him associated with the Saudi government or the King Fahd Mosque.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking information about "all communications or directives sent to Thumairy by

any superior, supervisor, or person with authority over him" over a six-month period.  Subject to

and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the

Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles;

(b) for Documents for the period from November 1999 to May 2000; (c) that are communications

or directives sent to Al Thumairy by any superior, supervisor, or person with authority over him.

Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

18.     Please produce all Documents concerning any reprimand, disciplinary action,
complaint, investigation, inquiry or review concerning Thumairy, regardless of the date,
including without limitation Documents concerning the statement in the 9/11 Commission
Report that "the Saudi Arabian government and the leadership of the [King Fahd Mosque]
attempted to discipline him [Thumairy] in the summer of 2002 and early 2003 for espousing
extremist views."  9/11 Commission Report, p. 515 n. 13.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad because it requests "all Documents concerning any reprimand, disciplinary action,

complaint, investigation, inquiry or review concerning Thumairy, regardless of the date."

Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search

(a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in

Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001;

(c) concerning any reprimand, disciplinary action, complaint, investigation, inquiry, or review

concerning Al Thumairy.  Saudi Arabia will produce responsive Documents that are not subject

to any privilege, protection, or immunity against discovery.  Saudi Arabia will also investigate

whether any "attempt[] to discipline" Al Thumairy occurred "in the summer of 2002 or early

2003" and, if so, search for Documents of the Ministry of Islamic Affairs, the Saudi Embassy,

and the Saudi Consulate in Los Angeles concerning any such attempt and produce responsive

Documents that are not subject to any privilege, protection, or immunity against discovery.

19.    Please produce all Documents concerning Thumairy's "conduct [that] was the subject of internal debate among some Saudi officials," 9/11 Commission Report, p. 217, and all Documents concerning that internal debate.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad because it seeks information about unspecified "conduct" that was the subject of a

purported "debate" among unidentified "Saudi officials."  Saudi Arabia will not search for or

produce Documents in response to this Request as framed and requests that Plaintiffs meet and

confer if they intend to pursue this Request.

20.    Please produce all Documents concerning Thumairy's attempt to enter the United States in 2003, the denial of his entry by United States authorities, and the reasons and requirements provided by the U.S. for that denial, including but not limited to the determination of the State Department that Thumairy "might be connected with terrorist activity," as stated in the 9/11 Commission Report, p. 217.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents

for the period from January 1, 1998, to September 11, 2001; (c) concerning an attempt by Al

Thumairy to enter the United States in 2003.  Saudi Arabia will produce responsive Documents

that are not subject to any privilege, protection, or immunity against discovery.

21.    Please produce all Documents concerning any apartment or residence maintained by the Saudi government or King Fahd Mosque in the Los Angeles area and used to house Saudi citizens visiting the United States.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad and

burdensome in seeking "all Documents concerning any apartment or residence maintained by the

Saudi government or King Fahd Mosque in the Los Angeles area and used to house Saudi

citizens visiting the United States."  Subject to and without waiving its objections, Saudi Arabia

will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy,

and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1,

1998, to September 11, 2001; (c) concerning both (i) Al Thumairy, Al Bayoumi, or Al Sowailem

and (ii) any apartment or residence maintained by the Saudi government or King Fahd Mosque

in the Los Angeles area and used to house Saudi citizens visiting the United States.  Saudi Arabia

will produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

22.    Please produce all Documents concerning any apartment or residence maintained by the Saudi government or King Fahd Mosque in the Los Angeles area, to which Thumairy had access or where Thumairy had authority to house visitors or guests.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of the Saudi Consulate in Los

Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001;

- 23 -

(c) concerning any apartment or residence maintained by the Saudi government or King Fahd Mosque in the Los Angeles area, to which Al Thumairy had access or where Al Thumairy had authority to house guests.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

23.     Please produce all Documents concerning any compensation or funding provided to Thumairy, including records of any payment, salary, pay adjustments, awards, bonuses, allowances, stipends, or reimbursements, from January 1, 1998 through and including the date of Your responses to these requests.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is vague and overbroad in seeking "all Documents concerning any compensation or funding," including "any payment," as defined in Definition No. 16 to include any "transfer of value."  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) that identify any compensation or funding (including any monetary payment, salary, pay adjustment, award, bonus, allowance, stipend, or reimbursement) from Saudi Arabia to Al Thumairy.  Saudi Arabia will produce such Documents sufficient to identify any such compensation or funding, unless such Documents are subject to a privilege, protection, or immunity against discovery.

24.     Please produce all Documents concerning any bank, credit, hawala money transfer, financial account or any source of funding from Saudi Arabia to which Thumairy had access, including without limitation all Documents concerning any withdrawal, payment or money transfer received, initiated or authorized by Thumairy.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order. The Request is vague and overbroad in seeking "any source of funding from Saudi Arabia" and "all Documents concerning any withdrawal, payment or money transfer." Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning Al Thumairy's access to any source of funding from Saudi Arabia. Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

25.     Please produce all Documents concerning Thumairy's interview by the 9/11 Commission.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections. Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order. The Request is also vague and overbroad in seeking "all Documents concerning" Al Thumairy's interview for an undefined period. Saudi Arabia will not search for or produce Documents in response to this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

26.     Please produce all Documents concerning Thumairy provided to or shared with the United States.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections. Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order. The Request is also overbroad in seeking "all Documents concerning Thumairy provided to or shared with the United States"

for an undefined period.  Saudi Arabia will not search for or produce Documents in response to

this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue

this Request.

## II.   Omar Al Bayoumi

27.   Please produce all Documents concerning any educational or academic activities of Omar al Bayoumi in the United States, including without limitation any applications, transcripts, records concerning courses attended and completed, scholarships or stipends concerning his studies, or communications with any academic institutions.  The timeframe for this request is January 1, 1993 through December 31, 2001.

RESPONSE: Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian

Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the

period from January 1, 1998, to September 11, 2001; (c) concerning Al Bayoumi's educational

or academic activities in the United States.  Saudi Arabia will produce responsive Documents

that are not subject to any privilege, protection, or immunity against discovery.

28.   Please produce any and all employment records for Omar al Bayoumi, including without limitation any personnel or employment file, resume, application, report or summary of activities, or performance reviews.  The timeframe for this request is January 1, 1994 through September 11, 2001.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The request is also vague and

overbroad in seeking "any and all employment records for Omar al Bayoumi" over a period of

nearly eight years.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi

Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General

Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) that are employment records for Al Bayoumi.  Saudi Arabia will

produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

29.     Please produce all Documents concerning any task, duty, assignment, job, act, or
initiative carried out by Bayoumi at the request, direction, behest, or urging of the Saudi
government; any official, employee, or representative of the Saudi government; or any person
whose activities were directly or indirectly supervised, directed, controlled, or financed by the
Saudi government.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The request is also vague and

overbroad in seeking all Documents concerning any of Al Bayoumi's activities in connection

with a broad range of unspecified persons over a period of nearly eight years.  Subject to and

without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the

Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv)

the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for

Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning any task,

duty, assignment, job, act, or initiative of Al Bayoumi.  Saudi Arabia will produce responsive

Documents that are not subject to any privilege, protection, or immunity against discovery.

30.     Please produce all Documents concerning Bayoumi's relocation or transfer to the United States, including without limitation any Documents concerning any deliberations concerning Bayoumi's relocation to the United States, any purpose for Bayoumi's relocation to the United States, and the selection of the San Diego area as Bayoumi's place of residence in the United States.  The timeframe for this request is January 1, 1993 through December 30, 1995.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The request is also vague and

overbroad in seeking "all Documents concerning Bayoumi's relocation or transfer to the United

States."  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable

search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate

in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil

Aviation; (b) for Documents for the period from January 1, 1993, to December 30, 1995;

(c) concerning Al Bayoumi's relocation to the United States.  Saudi Arabia will produce

responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

31.     Please produce all Documents concerning Bayoumi's secondment to Dallah Avco, including without limitation all Documents concerning the decision to second Bayoumi to Dallah Avco, each decision to extend or renew Bayoumi's secondment to Dallah Avco, the titles assigned to Bayoumi during his secondment to Dallah Avco, that rationale for all changes in Baoyumi's title during his secondment to Dallah Avco, and any work performed by Bayoumi within the context of his secondment to Dallah Avco.

RESPONSE: Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian

Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the

period from January 1, 1998, to September 11, 2001; (c) concerning Al Bayoumi's secondment.

Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

32.    Please produce all Documents concerning Bayoumi's duties, responsibilities,
functions, authorities, or activities on behalf of the Saudi government in the United States.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad and

unduly burdensome in seeking "all Documents concerning Bayoumi's duties, responsibilities,

functions, authorities, or activities" over a period of nearly eight years.  Subject to and without

waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of

Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi

Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents

for the period from January 1, 1998, to September 11, 2001; (c) concerning any duties,

responsibilities, functions, authorities, or activities of Al Bayoumi on behalf of Saudi Arabia in

the United States.  Saudi Arabia will produce responsive Documents that are not subject to any

privilege, protection, or immunity against discovery.

33.    Please produce all Documents concerning any compensation or funding provided
to Bayoumi, whether directly or indirectly, including records of any payment, salary, pay
adjustments, awards, bonuses, allowances, stipends, or reimbursements, from January 1, 1994
through and including the date of Your responses to these requests.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is vague and overbroad in

seeking "all Documents concerning any compensation or funding" over a period of nearly eight

years, including "any payment," as defined in Definition No. 16 to include any "transfer of

value."  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable

search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate

in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil

Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) that

identify any compensation or funding (including any monetary payment, salary, pay adjustment,

award, bonus, allowance, stipend, or reimbursement) from Saudi Arabia to Al Bayoumi.  Saudi

Arabia will produce such Documents sufficient to identify any such compensation or funding,

unless such Documents are subject to a privilege, protection, or immunity against discovery.

    34.    Please produce all Documents concerning any bank, credit, hawala money
transfer, financial account or any source of funding from Saudi Arabia to which Bayoumi had
access, including without limitation all Documents concerning any withdrawal, payment or
money transfer received, initiated or authorized by Bayoumi and his "access to seemingly
unlimited funding from Saudi Arabia" as set forth in the Congressional Joint Inquiry Report,
p. 174.

    RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is vague and overbroad in

seeking "all Documents concerning . . . any source of funding from Saudi Arabia" and "all

Documents concerning any withdrawal, payment or money transfer" over a period of nearly

eight years.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi

Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General

Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) concerning Al Bayoumi's access to any source of funding from Saudi

Arabia.  Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

      35.    Please produce all Documents concerning any training or instruction provided to
Bayoumi in relation to any duties, responsibilities, functions, roles, tasks, assignments, or jobs he
performed in the United States at the request, direction, behest, or urging of the Saudi
government; any official, employee, or representative of the Saudi government; or any person
whose activities were directly or indirectly supervised, directed, controlled, or financed by the
Saudi government.

      RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all Documents concerning any training or instruction provided to

Bayoumi" in connection with a broad range of unspecified persons over a period of nearly eight

years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable

search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate

in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil

Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001;

(c) concerning any training or instruction provided to Al Bayoumi in connection with any task,

duty, assignment, job, act, or initiative of his.  Saudi Arabia will produce responsive Documents

that are not subject to any privilege, protection, or immunity against discovery.

36.     Please produce all Documents concerning the chain of supervision, command, or reporting applicable to any and all of Bayoumi's duties, responsibilities, functions, roles, tasks, assignments, or jobs.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all Documents" concerning supervision of "any and all of Bayoumi's

duties, responsibilities, functions, roles, tasks, assignments, or jobs" over a period of nearly eight

years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable

search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate

in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil

Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001;

(c) concerning Al Bayoumi's supervision, chain of command, or reporting responsibilities.

Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

37.     Please produce all Documents concerning the identity of each person who supervised, oversaw, or provided direction to Bayoumi, or to whom Bayoumi reported in relation to any and all of Bayoumi's duties, responsibilities, functions, roles, tasks, assignments, or jobs.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all Documents concerning the identity of each person who supervised,

oversaw, or provided direction to Bayoumi" over a period of nearly eight years.  Subject to and

without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the

Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv)

the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for

Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning any

supervision, oversight, or direction that any person provided to Al Bayoumi.  Saudi Arabia will

produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

      38.     Please produce all records concerning any involvement of Bayoumi in
supervising, training, overseeing, directing, or working in concert with any employee, agent,
representative, or official of the Saudi government, including any undisclosed employee, agent,
representative, or official of the Saudi government.

      RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all records concerning" Bayoumi's activities in connection with "any

employee, agent, representative, or official of the Saudi government" over a period of nearly

eight years.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi

Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General

Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) concerning any supervision, training, oversight, or direction that Al

Bayoumi provided to any other individual.  Saudi Arabia will produce responsive Documents

that are not subject to any privilege, protection, or immunity against discovery.

39.     Please produce all videotapes, videos, films, or photographs taken or provided by Bayoumi to the Saudi government, including without limitation any videotapes; videos; films; or photographs of Nawaf al Hazmi, Khalid al Mihdhar, Khallad bin Attash, or any 9/11 Hijacker.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi

Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents

for the period from January 1, 1998, to September 11, 2001; (c) that are videotapes, videos,

films, or photographs taken by Al Bayoumi and provided to Saudi Arabia.  Saudi Arabia will

produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

40.     Please produce all reports, surveys, memos, analyses, or communications provided to the Saudi government by Bayoumi.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in

seeking "all . . . communications provided to the Saudi government by Bayoumi" over a period

of nearly eight years.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi

Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority

for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11,

2001; (c) that are reports, surveys, memos, analyses, or communications (i) provided to Saudi Arabia by Al Bayoumi that (ii) concern Al Hazmi or Al Mihdhar.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

41.     Please produce all calendars, logs, or summaries concerning Bayoumi's activities.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all . . . summaries concerning Bayoumi's activities."  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) that are calendars, logs, or similar chronological records and that refer to Al Bayoumi.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

42.     Please produce all Documents concerning any visit by Bayoumi to the Saudi Embassy or the Saudi Consulate in Los Angeles.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all Documents concerning any visit by Bayoumi to the Saudi Embassy or

the Saudi Consulate in Los Angeles."  Subject to and without waiving its objections, Saudi

Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi

Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and

(v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1,

1998, to September 11, 2001; (c) concerning a visit or visits by Al Bayoumi to (i) the Saudi

Embassy or (ii) the Saudi Consulate in Los Angeles.  Saudi Arabia will produce responsive

Documents that are not subject to any privilege, protection, or immunity against discovery.

43.    Please produce all Documents concerning any meeting between Bayoumi and any
Saudi official, representative, or employee in Saudi Arabia.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all Documents concerning any meeting between Bayoumi and any Saudi

official, representative, or employee in Saudi Arabia."  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian

Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the

period from January 1, 1998, to September 11, 2001; (c) that concern any meeting by Al

Bayoumi in Saudi Arabia with any official, employee, or representative of either (i) the

General Authority for Civil Aviation or (ii) the Ministry of Islamic Affairs.  Saudi Arabia will

produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

44.    Please produce all videotapes, videos, films, photographs, recordings, or visitor,
parking or access records, concerning any visit by Bayoumi to any Saudi government diplomatic

mission or office, including but not limited to Bayoumi's February 2000 visit to the Saudi Consulate in Los Angeles.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all" Documents of many kinds concerning "any visit by Bayoumi to any Saudi government diplomatic mission or office."   Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning a visit or visits by Al Bayoumi to either (i) the Saudi Embassy or (ii) the Saudi Consulate in Los Angeles.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

45.      Please produce all Documents concerning Bayoumi's February 2000 visit to the Saudi Consulate in Los Angeles.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning a visit by Al Bayoumi in February 2000 to the Saudi Consulate in Los Angeles.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

46.     Please produce all Documents concerning any visa issue raised, discussed, or addressed during Bayoumi's February 2000 visit to the Saudi Consulate in Los Angeles.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning any visa issue raised, discussed, or addressed during Al Bayoumi's visit in February 2000 to the Saudi Consulate in Los Angeles.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

47.     Please produce all religious materials provided to Bayoumi during his February 2000 visit to the Saudi Consulate in Los Angeles, or Documents concerning or identifying any religious materials provided to Bayoumi during his February 2000 visit to the Saudi Consulate in Los Angeles.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning or identifying religious materials provided to Al Bayoumi during his February 2000 visit to the Saudi Consulate in Los Angeles.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

48.     Please produce all passports and visa records concerning Bayoumi for the relevant time period, including but not limited to applications for passport(s) and visa(s) valid during the applicable time period.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian

Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the

period from January 1, 1998, to September 11, 2001; (c) that are passports or visa records

concerning Al Bayoumi.  Saudi Arabia will produce responsive Documents that are not subject

to any privilege, protection, or immunity against discovery.

49.     Please produce all travel records for Bayoumi.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all travel records" for an eight-year period.  Subject to and without

waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of

Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi

Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents

for the period from January 1, 1998, to September 11, 2001; (c) that are travel reservations,

tickets, invoices, requests for reimbursement of travel expenses, and similar records for Al

Bayoumi.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

50.     Please produce all phone records or call logs for any home, work, or cell phone used by Bayoumi.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in seeking "all phone records or call logs for any home, work, or cell phone used by Bayoumi" over a period of nearly eight years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) that are phone records or call logs for a phone used by Al Bayoumi.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

51.     Please provide all Documents concerning any assistance provided by Bayoumi to Saudi citizens in the United States, including Nawaf al Hazmi or Khalid al Mihdhar.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The request is overbroad and unduly burdensome so far as it seeks information about alleged assistance by Al Bayoumi to unnamed "Saudi citizens" whose identities cannot reasonably be ascertained from the Request.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the

Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles,

(iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation;

(b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning

assistance provided (i) by Al Bayoumi (ii) to Al Hazmi or Al Mihdhar.  Saudi Arabia will

produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

52.     Please produce all Documents concerning any meeting, communication, contact, relationship, or transaction between Bayoumi and (1) Fahad al Thumairy; (2) Khalid al Sowailem; (3) any Subagent or Subagent organization; (4) any of the 9/11 Hijackers; (5) the "individual" who was "immediately assigned" by Thumairy to "take care" of hijackers Hazmi and Mihdhar "during their time in the Los Angeles area," FBI 2012 Summary Report; (6) any person(s) who tasked al-Thumairy [and/or] al-Bayoumi with assisting the hijackers," FBI 2012 Summary Report; (7) the "individual who was known to have extremist views, and was identified as having met with Omar al Bayoumi in private on the same day as Bayoumi's alleged 'chance' first meeting with 9/11 hijackers…," FBI 2012 Report; (8) the then Saudi Minister of Islamic Affairs, or any other representative, official, or employee of the Ministry of Islamic Affairs; (9) any Saudi diplomatic mission in the United States, or any employee, representative, official, or agent of any Saudi diplomatic mission in the United States; or (10) any person affiliated with al Qaeda or identified as a possible jihadist, extremist, or "deviant;"

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking information about speculative contacts between Al Bayoumi and

individuals whose identities cannot reasonably be ascertained from the Request or from the cited

sources.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable

search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate

in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil

Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001;

(c) concerning any meeting, communication, or contact between Al Bayoumi and (i) Al

Thumairy, (ii) Al Sowailem, (iii) any Subagent (under the narrowed definition of that term set

forth in Saudi Arabia's Objections to Plaintiffs' Definitions), (iv) Al Hazmi, or (v) Al Mihdhar.

Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

       53.    Please produce all Documents concerning any writings of Bayoumi that could be
interpreted as jihadist, or that refer to the words or phrases "jihad," "Western Cultural attack,"
Osama bin Laden, al Qaeda, or terrorism.

       RESPONSE:  Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The request is also vague and

overbroad in seeking "all Documents concerning any writings of Bayoumi that could be

interpreted as jihadist."  Subject to and without waiving its objections, Saudi Arabia will conduct

a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the

Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General

Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) concerning any writing by Al Bayoumi that refers to the words or

phrases "jihad," "Western Cultural attack," "Osama Bin Laden," "Al Qaeda," or "terrorism."

Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

       54.    Please provide all Documents concerning any known or suspected contact or
relationship between Bayoumi and any known or suspected member or associate of al Qaeda, or
any known or suspected member or associate of any Foreign Terrorist Organization.

       RESPONSE:  Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order. The Request is also vague and

overbroad because it seeks information about contacts between Al Bayoumi and a broad range of

individuals whose identities cannot reasonably be ascertained from the Request. Saudi Arabia

will not search for or produce Documents in response to this Request as framed and requests that

Plaintiffs meet and confer if they intend to pursue this Request.

55.    Please produce all Documents concerning any reprimand, disciplinary action, complaint, investigation, inquiry or review concerning Bayoumi, conducted at any time, and related in any way to: the 9/11 attacks; the 9/11 Hijackers; Bayoumi's potential tasking of individuals to assist Nawaf al Hazmi and Khalid al Mihdhar; Bayoumi's relationship or dealings with Thumairy; or Bayoumi's "guidance" to Muslims in the United States.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections. Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order. The request is also vague and

overbroad in seeking "all Documents concerning any reprimand, disciplinary action, complaint,

investigation, inquiry or review concerning Bayoumi, conducted at any time, and related in any

way to" a broad range of topics. Subject to and without waiving its objections, Saudi Arabia will

conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy,

(iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the

General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) concerning (i) any reprimand, disciplinary action, complaint,

investigation, inquiry, or review (ii) concerning both Al Bayoumi and (1) Al Hazmi, (2) Al

Mihdhar, (3) Al Thumairy, or (4) any guidance that Al Bayoumi provided to Muslims in the

United States. Saudi Arabia will produce responsive Documents that are not subject to any

privilege, protection, or immunity against discovery.

56.     Please produce all Documents concerning Bayoumi's interview by the 9/11 Commission.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all Documents concerning" Al Bayoumi's interview for an undefined period.  Saudi Arabia will not search for or produce Documents in response to this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

57.     Please produce all Documents concerning Bayoumi provided to or shared with the United States.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in seeking "all Documents concerning Bayoumi provided to or shared with the United States" for an undefined period.  Saudi Arabia will not search for or produce Documents in response to this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

### III.     Khalid Al Sowailem

58.     Please provide all Documents concerning Sowailem's hiring, including without limitation any resume, applications, educational records, writings, or recommendations provided or considered in relation to his hiring, and any Documents concerning any job interview.  Please provide all Documents concerning Sowailem's appointment or assignment to the Saudi Embassy in Washington, D.C.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) concerning Al Sowailem's hiring, job interview, or assignment to the

Saudi Embassy.  Saudi Arabia will produce responsive Documents that are not subject to any

privilege, protection, or immunity against discovery.

   59.    Please produce all Documents prepared by any person, including but not limited
to any Saudi government Ministry and/or Sowailem, concerning, defining, or identifying
Sowailem's duties, responsibilities, functions, and authorities as (1) a representative of the
Ministry of Islamic Affairs at the Saudi Embassy in Washington, D.C.; (2) an accredited
diplomat at the Saudi Embassy in Washington, D.C.; or (3) in any other role or capacity on
behalf of the Saudi government.

   RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) concerning Al Sowailem's duties, responsibilities, functions, or

authorities on behalf of Saudi Arabia.  Saudi Arabia will produce responsive Documents that are

not subject to any privilege, protection, or immunity against discovery.

   60.    Please produce all Documents from Sowailem's personnel file from the relevant
time period, including without limitation any performance reviews.

   RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) that are part of Al Sowailem's personnel file or that are performance

reviews for Al Sowailem.  Saudi Arabia will produce responsive Documents that are not subject

to any privilege, protection, or immunity against discovery.

      61.     Please produce all Documents concerning any training or instruction provided to Sowailem in relation to any and all of his duties, responsibilities, functions, and authorities.  The relevant time period for this request is January 1, 1995 through December 31, 2003.

      RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad and

unduly burdensome because it seeks Documents for a nine-year period and for "any and all . . .

duties, responsibilities, functions, and authorities" that Al Sowailem may have had during that

period.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable

search (a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for Documents

for the period from January 1, 1998, to September 11, 2001; (c) concerning any training or

instruction provided to Al Sowailem.  Saudi Arabia will produce responsive Documents that are

not subject to any privilege, protection, or immunity against discovery.

      62.     Please produce all Documents submitted to or received from the United States between January 1, 1995 through December 31, 2003, concerning the diplomatic status and/or credentials of Sowailem, including but not limited to any request that Sowailem be afforded diplomatic status or credentials; that Somailem's diplomatic status or credentials be renewed or extended; or that Sowailem's diplomatic status or credentials be terminated.

      RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad and

unduly burdensome because it seeks Documents for a nine-year period regarding any Documents

"submitted to or received from the United States" concerning the diplomatic status or credentials

of Al Sowailem.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable search (a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for

Documents for the period from January 1, 1998, to September 11, 2001; (c) submitted to or

received from the United States concerning Al Sowailem's diplomatic status or credentials.

Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

      63.     Please produce all passports and visa records concerning Sowailem for the
relevant time period, including but not limited to applications for passport(s) and visa(s) valid
during the applicable time period.

      RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) that are passports or visa records concerning Al Sowailem.  Saudi

Arabia will produce responsive Documents that are not subject to any privilege, protection, or

immunity against discovery.

64.     Please produce all Documents concerning, defining, or identifying the chain of supervision, command, or reporting applicable to any and all of Sowailem's duties, responsibilities, functions, and authorities.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all Documents concerning, defining, or identifying the chain of

supervision, command, or reporting applicable to any and all of Sowailem's duties,

responsibilities, functions, and authorities."  Subject to and without waiving its objections, Saudi

Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs and (ii) the

Saudi Embassy; (b) for Documents for the period from January 1, 1998, to September 11, 2001;

(c) concerning Al Sowailem's supervision, chain of command, or reporting responsibilities.

Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

65.     Please produce all Documents identifying each person who supervised, oversaw, or provided direction to Sowailem, or to whom Sowailem reported, in relation to any and all of Sowailem's duties, responsibilities, functions, and authorities.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "all Documents identifying each person who supervised, oversaw, or

provided direction to Sowailem, or to whom Sowailem reported."  Subject to and without

waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of

Islamic Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1,

1998, to September 11, 2001; (c) concerning any supervision, oversight, or direction that any person provided to Al Sowailem.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

66.     Please produce all Documents concerning Sowailem's supervision of any representative, agent, or employee of the Saudi government in the United States, who was not disclosed or identified to the United States as an employee, representative, or agent of the Saudi government.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all Documents" concerning Al Sowailem's "supervision of any" of various unidentified persons.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning Al Sowailem's supervision of any employee, agent, or representative of Saudi Arabia in the United States.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

67.     Please produce all Documents concerning Sowailem's supervision of any propagators.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all Documents" concerning supervision of unidentified "propagators." Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search

(a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning Al Sowailem's supervision of any propagators (understanding the term "propagator" to mean an individual employed to spread the Islamic faith).  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

68.   Please produce all travel records for Sowailem from January 1, 1995 through December 31, 2003.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking "all travel records" for a nine-year period.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) that are travel reservations, tickets, invoices, requests for reimbursement of travel expenses, and similar records for Al Sowailem.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

69.   Please produce all phone records or call logs for any home, work, or cell phone used by Sowailem.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in seeking "all phone records or call logs for any home, work, or cell phone used by Sowailem" over a period of nearly four years.  Subject to and without waiving its objections, Saudi Arabia

will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi

Embassy; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) that

are phone records or call logs for a phone used by Al Sowailem.  Saudi Arabia will produce

responsive Documents that are not subject to any privilege, protection, or immunity against

discovery.

70.     Please produce any and all calendars, appointment logs, visitor logs, or other
records identifying persons who met, communicated, or spoke with Sowailem.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "any and all calendars, appointment logs, visitor logs, or other records

identifying persons who met, communicated, or spoke with Sowailem" over a period of nearly

four years.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable search (a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for

Documents for the period from January 1, 1998, to September 11, 2001; (c) that are calendars,

appointment logs, or visitor logs identifying persons who met, communicated, or spoke with Al

Sowailem.  Saudi Arabia will produce responsive Documents that are not subject to any

privilege, protection, or immunity against discovery.

71.     Please produce all Documents concerning any meeting, communication, contact,
transaction, or relationship between Sowailem and (1) Fahad al Thumairy; (2) Omar al Bayoumi;
(3) any Subagent or Subagent organization; (4) any of the 9/11 Hijackers; (5) the "individual"
who was "immediately assigned" by Thumairy to "take care" of hijackers Hazmi and Mihdhar
"during their time in the Los Angeles area," FBI 2012 Summary Report; (6) any person(s) who
tasked al-Thumairy [and/or] al-Bayoumi with assisting the hijackers,"  FBI 2012 Summary
Report; (7) the "individual who was known to have extremist views, and was identified as having
met with Omar al Bayoumi in private on the same day as Bayoumi's alleged 'chance' first
meeting with 9/11 hijackers…," FBI 2012 Report; (8) any person affiliated with al Qaeda or

identified as a possible jihadist or extremist; or (9) any propagators in the United States who were compensated by the Saudi government.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking information about speculative contacts between Al Sowailem and individuals whose identities cannot reasonably be ascertained from the Request or from the cited sources.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning any meeting, communication, or contact between Al Sowailem and (i) Al Thumairy, (ii) Al Bayoumi, (iii) any Subagent (under the narrowed definition of that term set forth in Saudi Arabia's Objections to Plaintiffs' Definitions), (iv) Al Hazmi, or (v) Al Mihdhar.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

72.     Please produce all Documents concerning the purpose of any visit by Sowailem to the Saudi Consulate in Los Angeles.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is overbroad and unduly burdensome because it seeks "all Documents concerning the purpose of any visit by Sowailem to the Saudi Consulate in Los Angeles" over a period of nearly four years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for

Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning any visit

by Al Sowailem to the Saudi Consulate in Los Angeles.  Saudi Arabia will produce responsive

Documents that are not subject to any privilege, protection, or immunity against discovery.

73.    Please produce all Documents concerning the purpose of any visit by Sowailem to
Saudi Arabia.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is overbroad and unduly

burdensome because it seeks "all Documents concerning the purpose of any visit by Sowailem to

Saudi Arabia" over a period of nearly four years.  Subject to and without waiving its objections,

Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs and

(ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to September 11,

2001; (c) concerning the purpose of any visit by Al Sowailem to Saudi Arabia.  Saudi Arabia

will produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

74.    For the period from November 1999 though and including May 2000, please
produce all communications or directives sent to Sowailem by any superior, supervisor, or
person with authority over him, including without limitation any superior, supervisor, or person
with authority over him associated with the Saudi government or the King Fahd Mosque.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking information about "all communications or directives sent to Sowailem by

any superior, supervisor, or person with authority over him" over a six-month period.  Subject to

and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the

Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from

November 1999 to May 2000; (c) that (i) were sent to Al Sowailem by any superior, supervisor,

or person with authority over him, and (ii) concern any of the following individuals:  (1) Al

Thumairy, (2) Al Bayoumi, (3) Al Hazmi, or (4) Al Mihdhar.  Saudi Arabia will produce

responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

74.     75.     Please produce all Documents concerning any reprimand, disciplinary action,
complaint, investigation, inquiry or review concerning Sowailem, regardless of the date.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The request is also vague and

overbroad because it requests "all Documents concerning any reprimand, disciplinary action,

complaint, investigation, inquiry or review concerning Sowailem, regardless of the date."

Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search

(a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for Documents for the

period from January 1, 1998, to September 11, 2001; (c) concerning any reprimand, disciplinary

action, complaint, investigation, inquiry, or review concerning Al Sowailem.  Saudi Arabia will

produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

76.     Please produce all Documents concerning any apartment or residence maintained by the Saudi government or King Fahd Mosque in the Los Angeles area, to which Sowailem had access or where Thumairy had authority to house visitors or guests.

RESPONSE:   It appears that the name "Thumairy" in this Request is a typographical error, and Saudi Arabia will construe this Request as though it referred to Al Sowailem instead. Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning any apartment or residence maintained by the Saudi government or King Fahd Mosque in the Los Angeles area, to which Al Sowailem had access or where Al Sowailem had authority to house guests.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

77.     Please produce all Documents concerning any compensation or funding provided to Sowailem, including records of pay, pay adjustments, awards, bonuses, allowances, stipends, or reimbursements, from January 1, 1998 through and including the date of Your responses to these requests.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is vague and overbroad in seeking "all Documents concerning any compensation or funding," including "any payment," as defined in Definition No. 16 to include any "transfer of value."  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) that identify any compensation or funding (including any monetary

payment, salary, pay adjustment, award, bonus, allowance, stipend, or reimbursement) from

Saudi Arabia to Al Sowailem.  Saudi Arabia will produce Documents sufficient to identify any

compensation or funding as revealed by such a search, unless such Documents are subject to a

privilege, protection, or immunity against discovery.

   78.    Please produce all Documents concerning any bank, credit, hawala money
transfer, financial account or any source of funding from Saudi Arabia to which Sowailem had
access, including without limitation all Documents concerning any withdrawal, payment, or
transfer received, initiated, or authorized by Sowailem.

   RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is vague and overbroad in

seeking "any source of funding from Saudi Arabia" and "all Documents concerning any

withdrawal, payment, or transfer."  Subject to and without waiving its objections, Saudi Arabia

will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi

Embassy; (b) for Documents for the period from January 1, 1998, to September 11, 2001;

(c) concerning Al Sowailem's access to any source of funding from Saudi Arabia.  Saudi Arabia

will produce responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

   79.    Please produce all Documents concerning any investigation or inquiry concerning
Sowailem by any government, including without limitation any United States or Saudi
government inquiry or investigation, conducted at any time, and related in any way to:  (1) the
9/11 attacks; (2) the 9/11 Hijackers; (3) support provided to any of the 9/11 Hijackers; (4) the
tasking of Omar al Bayoumi, Fahad al Thumairy or any other individuals to assist Nawaf al
Hazmi and Khalid al Mihdhar; (5) Sowailem's relationship or dealings with Fahad al Thumairy,
Omar al Bayoumi, or any Subagent or Subagent organization; (6) financial transfers or

irregularities; or (7) any potential ties to any person affiliated with al Qaeda or identified as a possible jihadist or extremist.

RESPONSE:  Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is vague and overbroad in seeking "all Documents concerning any investigation or inquiry concerning Sowailem by any government, including without limitation any United States or Saudi government inquiry or investigation, conducted at any time, and related in any way to" a broad range of topics.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs and (ii) the Saudi Embassy; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) concerning any investigation or inquiry concerning Al Sowailem.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

80.    Please produce all Documents concerning Sowailem provided to or shared with the United States.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in seeking "all Documents concerning Sowailem provided to or shared with the United States" for an undefined period.  Saudi Arabia will not search for or produce Documents in response to this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

IV.     **Additional Transactions, Relationships, or Events**

81.     Please produce all Documents created, authored, revised, edited, modified, or sent between January 1, 1999 through and including September 11, 2001, concerning any of the 9/11 Hijackers.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in

seeking "all Documents" for a period of nearly two years "concerning any of the 9/11

Hijackers."  Saudi Arabia will not search for or produce Documents in response to this Request

as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

82.     Please provide all Documents concerning any contact or communication between any employee, representative, official, or agent of the Saudi government and Osama bin Laden or any known or suspected representative of Osama bin Laden or al Qaeda.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking "any contact or communication" involving a broad range of persons whose

identities cannot reasonably be ascertained from the Request.  Saudi Arabia will not search for or

produce Documents in response to this Request as framed and requests that Plaintiffs meet and

confer if they intend to pursue this Request.

83.     Please provide all Documents concerning the involvement of any employee, representative, official, or agent of the Saudi government in escorting and/or facilitating the entry

of persons into the United States without being required to undergo the standard check and/or record requirement ordinarily enforced by U.S. immigration authorities.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad because it seeks information about a potentially broad range of persons whose identity

cannot reasonably be ascertained from the Request.  Saudi Arabia will not search for or produce

Documents in response to this Request as framed and requests that Plaintiffs meet and confer if

they intend to pursue this Request.

84.     Please provide all Documents concerning the review of the diplomatic status of any individuals holding Saudi diplomatic credentials in the United States between September 11, 2001 and December 31, 2004, including any Documents concerning the revocation or non-renewal of the diplomatic credentials of any such individuals, or the departure of any such individuals from the United States, including but not limited to as part of any joint effort with the United States.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad because it seeks information about a broad range of persons whose identity cannot

reasonably be ascertained from the Request.  Saudi Arabia will not search for or produce

Documents in response to this Request as framed and requests that Plaintiffs meet and confer if

they intend to pursue this Request.

85.     Please produce all Documents concerning any inquiry, investigation, remedial action, or joint effort with the United States, between September 11, 2001 and December 31, 2005, concerning the activities of the Ministry of Islamic Affairs in the United States; any offices of the Ministry of Islamic Affairs in the United States; any representatives, agents, employees, or officials of the Ministry of Islamic Affairs in the United States, including any undisclosed

representatives, agents, employees, or officials of the Ministry of Islamic Affairs in the United States.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad because it seeks information about a broad range of persons whose identities cannot reasonably be ascertained from the Request, and a similarly broad range of possible events. Saudi Arabia will not search for or produce Documents in response to this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

86.     Please produce all Documents concerning any possible violations of the Foreign Agent Registration Act by any person acting as an agent of the Saudi government, as defined in the Foreign Agent Registration Act, between January 1, 1998 and December 31, 2005.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad because it seeks information about a broad range of persons whose identities cannot reasonably be ascertained from the Request and because responding would require Saudi Arabia to draw legal conclusions about the Foreign Agent Registration Act as applied to the conduct of such unidentified persons.  Saudi Arabia will not search for or produce Documents in response to this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

87.     Please produce Documents identifying any Saudi official, representative, employee, or agent who served on the Board of Directors of the King Fahad Mosque.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its objections, Saudi Arabia will undertake a reasonable search for Documents (a) for the period from January 1, 1998, to September 11, 2001; (b) identifying persons who served on the Board of Directors of the King Fahad Mosque; (c) that are in the possession, custody, or control of the Saudi Consulate in Los Angeles.  Saudi Arabia will produce Documents sufficient to identify such persons as revealed by such a search, unless such Documents are subject to a privilege, protection, or immunity against discovery.

88.     Please produce Documents concerning lodging or lodging reservations at any location in California in January and February 2000 made or arranged by Fahad al Thumairy, Omar al Bayoumi, the Saudi Consulate and/or the King Fahad Mosque, including but not limited to: (a) rentals at the Avalon Westside Apartments in Los Angeles; (b) rentals at the Parkwood Apartments in San Diego; (c) hotels/motels in the vicinity of the Los Angeles International Airport, the King Fahad Mosque, or the Saudi Consulate in Los Angeles.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 2000, to February 28, 2000; (c) concerning lodging or lodging reservations arranged by (i) Al Thumairy or (ii) Al Bayoumi.  Saudi Arabia will produce

responsive Documents that are not subject to any privilege, protection, or immunity

against discovery.

89.     Please produce Documents concerning the July 1999 conference held by the
Ministry of Islamic Affairs in Los Angeles, including but not limited to the attendance at that
conference by Thumairy, Bayoumi and/or Sowailem.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving its

objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic

Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents

for the period from January 1, 1998, to September 11, 2001; (c) concerning a conference that

(according to the Request) was held by the Ministry of Islamic Affairs in Los Angeles in July

1999.  Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

90.     Please produce Documents concerning the organizational chart for the Ministry of
Islamic Affairs.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections. Saudi Arabia further objects that this Request

is outside the scope of permissible discovery because it does not seek to verify specific facts

identified by Judge Daniels in the March 28 Order.  The Request is also overbroad so far as it

seeks every Document that concerns an organization chart during the relevant period.  Subject to

and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of the

Ministry of Islamic Affairs; (b) for Documents for the period from January 1, 1998, to

September 11, 2001; (c) constituting the organizational chart for the Ministry of Islamic Affairs.

Saudi Arabia will produce responsive Documents that are not subject to any privilege,

protection, or immunity against discovery.

91.     Please produce all Documents identifying any representative, employee, or agent of the Ministry of Islamic Affairs in the United States.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad in

seeking "all Documents identifying any representative, employee, or agent of the Ministry of

Islamic Affairs in the United States" over a period of nearly four years.  Saudi Arabia will not

search for or produce Documents in response to this Request as framed and requests that

Plaintiffs meet and confer if they intend to pursue this Request.

92.     Please produce Documents concerning any visit(s) of the Minister of Islamic Affairs to California, including without limitation any contacts, communications, or meetings with Fahad al Thumairy, Omar al Bayoumi, or Khalid al Sowailem.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also overbroad so far as

it requests Documents concerning "any visit(s) of the Minister of Islamic Affairs to California"

over a period of nearly four years  Saudi Arabia will not search for or produce Documents in

response to this Request as framed and requests that Plaintiffs meet and confer if they intend to

pursue this Request.

93.     Please produce Documents concerning money transfer(s) from the Saudi government to the King Fahad Mosque, including but not limited to the origin of the funds, the purpose of the funds, and the identity of any personnel involved in the transfer(s) from the

Ministry of Islamic Affairs, the Embassy of Saudi Arabia, or the Saudi Consulate in Los Angeles.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking Documents concerning a broad range of possible money transfers (if any) of indeterminate amount and date.  Saudi Arabia will not search for or produce Documents in response to this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

94.    Please produce Documents concerning the secondment by the Saudi government of persons located or to be located in the United States, including any secondment with Avco Overseas or Dallah Avco, including without limitation any agreements and terms concerning any such secondment and lists of persons seconded.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking Documents concerning a broad range of persons whose identity cannot reasonably be ascertained from the Request, and in seeking "any agreements and terms concerning any such secondment and lists of persons seconded" over a period of nearly four years.  Saudi Arabia will not search for or produce Documents in response to this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

95.    Please produce Documents concerning any payments made to or received by the 9/11 Hijackers, or to the surviving family members of the 9/11 Hijackers, at any time.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking Documents concerning a broad range of possible money transfers (if any)

of indeterminate amount and date by and to individuals whose identify cannot reasonably be

ascertained from the Request.  Saudi Arabia will not search for or produce Documents in

response to this Request as framed and requests that Plaintiffs meet and confer if they intend to

pursue this Request.

96.    Please produce Documents concerning any surveillance of the 9/11 Hijackers.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and

overbroad in seeking Documents concerning potential surveillance (if any) by unidentified

parties of a broad range of individuals over a period of nearly four years.  Saudi Arabia will not

search for or produce Documents in response to this Request as framed and requests that

Plaintiffs meet and confer if they intend to pursue this Request.

97.    Please produce any and all sound recordings, photographs, videos of any of the hijackers in the United States during the applicable time period, including without limitation any videos taken by Bayoumi of Hazmi or Mihdhar.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Request is also vague and overbroad in seeking potential sound recordings, photographs, or videos (if any) by unidentified parties of a broad range of individuals.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001; (c) that are videotapes, videos, films, or photographs taken by Al Bayoumi and provided to Saudi Arabia.  Saudi Arabia will produce responsive Documents that are not subject to any privilege, protection, or immunity against discovery.

98.     Please produce the passports, passport records, visas and visa records of the 9/11 Hijackers.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  Saudi Arabia will not search for or produce Documents in response to this Request as framed and requests that Plaintiffs meet and confer if they intend to pursue this Request.

99.     Please produce Documents concerning the indicators and/or markings placed inside passports issued by the Kingdom to show that passport bearer has links to al Qaeda and/or Islamic extremism linked to al Qaeda, as found by U.S. government investigators in the passports of Bayoumi, Hazmi and Mihdhar.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Request is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  Saudi Arabia will not search for or

produce Documents in response to this Request as framed and requests that Plaintiffs meet and

confer if they intend to pursue this Request.

100.    Please produce Documents concerning any communications between Abu
Zubaydah and any representative, official, agent, or employee of the Saudi Embassy in
Washington, D.C. or any representative, official, agent, employee, or person affiliated with
Aspcol Corporation.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Request is outside the scope of permissible discovery because it does not seek to verify specific

facts identified by Judge Daniels in the March 28 Order.  The request is also overbroad because

it requests communications (if any) on indeterminate dates by and to a broad range of individuals

whose identify cannot reasonably be ascertained from the Request.  Saudi Arabia will not search

for or produce Documents in response to this Request as framed and requests that Plaintiffs meet

and confer if they intend to pursue this Request.

101.    Please produce all Documents identified in Your answers to Plaintiff's
interrogatories.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further incorporates by

reference all Objections to Plaintiffs' Interrogatories.  Subject to and without waiving its

objections, Saudi Arabia will produce Documents that are identified in its Answers to Plaintiffs'

Interrogatories that are not subject to any privilege, protection, or immunity against discovery.

Dated:  May 10, 2018                       Respectfully submitted,

                                           /s/  Michael K. Kellogg
                                           Michael K. Kellogg
                                           Mark C. Hansen
                                           Gregory G. Rapawy
                                           Andrew C. Shen
                                           Benjamin D. Margo
                                           KELLOGG, HANSEN, TODD, FIGEL

& FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)
*Attorneys for the Kingdom of Saudi Arabia*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this 10th day of May 2018, I caused a copy of the foregoing to be served on counsel for Plaintiffs via electronic means.

<u>/s/ Michael K. Kellogg</u>
Michael K. Kellogg
*Attorney for the Kingdom of Saudi Arabia*