# Exhibit F

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

——————————————————————— )
IN RE:  TERRORIST ATTACKS ON )  Civil Action No. 03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001 )  ECF Case
——————————————————————— )

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, No. 03-cv-6978
*Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 03-cv-8591
*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-1922
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, No. 04-cv-5970
*Cantor Fitzgerald Assocs., et al. v. Akida Inv. Co., et al.*, No. 04-cv-7065
*Pacific Employers Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-7216
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 04-cv-7279
*Beazley Furlonge Ltd. v. Saudi Binladin Group, Inc., et al.*, No. 16-cv-7456
*Bowrosen, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8070
*McCarthy, et al. v. Kingdom of Saudi Arabia*, No. 16-cv-8884
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9663
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-9937
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-117
*DeSimone v. Kingdom of Saudi Arabia*, No. 17-cv-348
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-450
*Ashton, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-2003
*The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.*,
    No. 17-cv-2129
*The Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-2651
*General Reinsurance Corp., et al. v. Kingdom of Saudi Arabia*, No. 17-cv-3810
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3887
*Arrowood Indemnity Co. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-3908
*Abrams, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-4201
*Abtello, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5174
*Aasheim, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-5471
*Abedhajajreh, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-6123
*Allianz Versicherungs-Aktiengesellschaft, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-6519
*Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-7317
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom
    of Saudi Arabia, et al.*, No. 17-cv-7914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No 17-cv-8617
*Behette, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-538
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-947
*Dillaber, et al. v. Islamic Republic of Iran, et al.*, No. 18-cv-3162
*Left, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-3353

**DEFENDANT KINGDOM OF SAUDI ARABIA'S OBJECTIONS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES
REGARDING JURISDICTIONAL DISCOVERY
DIRECTED TO THE KINGDOM OF SAUDI ARABIA**

Pursuant to the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Federal Rule of

Civil Procedure 33 ("Rule 33"), the Memorandum Decision and Order issued by Judge Daniels

on March 28, 2018 (ECF No. 3946) ("March 28 Order"), and the Order issued by Judge Netburn

on April 20, 2018 (ECF No. 3968) ("April 20 Order"), Defendant Kingdom of Saudi Arabia

("Saudi Arabia") responds with its objections to Plaintiffs' First Set of Interrogatories Regarding

Jurisdictional Discovery Directed to the Kingdom of Saudi Arabia ("Plaintiffs' Interrogatories").

**PRELIMINARY STATEMENT**

Judge Daniels' March 28 Order directs that "Plaintiffs shall be permitted to conduct

limited and targeted jurisdictional discovery critical to answering [the] question . . . whether and

to what extent [Fahad Al] Thumairy, [Omar Al] Bayoumi, and their agents took actions in 2000,

at the direction of more senior Saudi officials, to provide assistance to [Nawaf Al] Hazmi,

[Khalid Al] Mihdhar, and other 9/11 hijackers." March 28 Order at 23. That discovery

authorization is based on certain allegations in Plaintiffs' Consolidated Amended Complaint

(ECF No. 3463) ("CAC"); in the *Ashton* Complaint (No. 17-cv-02003, ECF No. 1); and in

Plaintiffs' Averment of Facts (ECF No. 3463-1), that are specifically identified in pages 19

through 23 of the March 28 Order. "[A]ll discovery that [Plaintiffs] are seeking needs to be

tethered to one of th[e] allegations that Judge Daniels relied upon and is allowing [Plaintiffs] to

pursue." Tr. of Conference at 21:15-17 (Apr. 12, 2018), ECF No. 3964.

**OBJECTIONS TO INSTRUCTIONS**

1.      Saudi Arabia objects to Plaintiffs' instructions so far as they purport to impose

obligations exceeding or inconsistent with the FSIA, the Federal Rules of Civil Procedure, the

Local Rules of the Southern District of New York, or the March 28 Order. Saudi Arabia will respond in accordance with the obligations imposed by the preceding authorities. The following specific objections are without prejudice to this general reservation of rights.

2.      Saudi Arabia objects to Instruction No. 2 so far as it requests information "in [the] possession, custody, or control . . . of any of [Saudi Arabia's] representatives, officers, directors, employees, agents, servants, or attorneys." Saudi Arabia will respond to Plaintiffs' Interrogatories in accordance with the requirements of the Federal Rules of Civil Procedure (including Rule 33) and the Local Rules of the Southern District of New York.

3.      Saudi Arabia objects to Instruction No. 4 so far as it purports to impose obligations that differ in any way from the requirements of the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York (including Local Civil Rule 26.2), and Judge Maas's Order dated November 19, 2012 (ECF No. 2644). Saudi Arabia will assert its claims of privilege in conformance with the requirements of those authorities.

4.      Saudi Arabia objects to Instruction No. 5 so far as it demands supplementation that exceeds the requirements of Rule 26(e). Saudi Arabia will supplement its discovery responses as, and if, required by Rule 26(e) or any order of the Court.

5.      Saudi Arabia objects to Instruction No. 7 so far as it would require Saudi Arabia to state whether responsive materials are being withheld on the basis of particular objections. Consistent with Judge Netburn's April 20 Order, Saudi Arabia is presenting objections to Plaintiffs' Interrogatories before it has completed its investigations and before answers are due.

6.      Saudi Arabia objects to Instruction No. 9 so far as it defines terms referring to Saudi Arabia in a way broader than the definition provided by Local Civil Rule 26.3. Saudi Arabia further objects to this Definition so far as it includes "any official, employee,

representative or agent" of various "entit[ies], organization[s], office[s], association[s], or government[s]."

7.     Saudi Arabia objects to Instruction No. 10 so far as it defines timeframes that exceed the permissible scope of discovery and are overbroad.  Plaintiffs' demand for a period of nearly eight years (January 1, 1994, to September 11, 2001) as to Al Bayoumi is inconsistent with Judge Daniels' direction for limited, targeted discovery, especially given that Plaintiffs' key allegations that Al Bayoumi was given the task of providing assistance to Al Hazmi and Al Mihdhar all concern events occurring no later than February 1, 2000.  Except as noted in particular Responses, Saudi Arabia will apply a uniform timeframe for all Interrogatories of January 1, 1998, to September 11, 2001.  Where Saudi Arabia states that it will search for or produce certain documents "for the period from January 1, 1998, to September 11, 2001," or another specifically stated period, that phrase indicates documents that, as determined through a reasonable search, were created, modified, sent, or received during the stated period, or that bear a date within the stated period.

## OBJECTIONS TO DEFINITIONS

1.     Saudi Arabia objects to Plaintiffs' Definitions so far as they purport to impose obligations exceeding or inconsistent with the FSIA, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York (in particular, Local Civil Rule 26.3), or the March 28 Order.  Saudi Arabia will respond in accordance with the obligations imposed by the preceding authorities.  The following specific objections are without prejudice to this general reservation of rights.

2.     Saudi Arabia objects to Definition No. 2 so far as it states definitions of "Defendant," "You," and other terms referring to Saudi Arabia that are broader than the

definition provided by Local Civil Rule 26.3.  Saudi Arabia further objects to this Definition so far as it includes "any official, employee or agent of the Saudi Government."

3.      Saudi Arabia objects to Definition No. 3 so far as it defines as "Subagent[s]" individuals who are outside the scope of jurisdictional discovery as defined in the March 28 Order.  Judge Daniels dismissed for lack of jurisdiction Plaintiffs' claims against Saudi Arabia based on the alleged conduct of Osama Basnan, *see* March 28 Order at 24-25, and Omar Abdi Mohamed, *see id.* at 28-31.  Further, Ziyad Khreiwesh, Osama Mustafa, Omar Bakarbashat, Hassan Abukar are not mentioned in the March 28 Order or in any allegation cited in pages 19 through 23 of that Order.  Inclusion of those individuals as purported "Subagent[s]" is an improper attempt to broaden the scope of discovery beyond what Judge Daniels authorized.  Saudi Arabia will construe the term "Subagent" as referring solely to Oualid Benomrane, Mohdar Abdullah, Anwar Al Aulqai, Caysan Bin Don, and Lafi Harbi.  That construction is adopted solely for the purpose of responding to Plaintiffs' Interrogatories and is not an admission that any of the named individuals actually were subagents of Al Thumairy, Al Bayoumi, or anyone else.

4.      Saudi Arabia objects to Definition No. 7 so far as it defines the term "Saudi diplomatic mission" to include embassies, consulates, and missions that are outside the scope of jurisdictional discovery as defined in the March 28 Order.  Judge Daniels dismissed for lack of jurisdiction Plaintiffs' claims against Saudi Arabia based on alleged conduct in connection with Saudi Arabia's Embassy in Berlin.  *See* March 28 Order at 28.  Further, the only embassies, consulates, or missions mentioned in the March 28 Order or in any allegation cited in pages 19 through 23 of that Order are the Saudi Embassy as defined in Definition No. 5 and the Saudi Consulate in Los Angeles as defined in Definition No. 6.  Inclusion of other embassies,

consulates, and missions is an improper attempt to broaden the scope of discovery beyond what Judge Daniels authorized.  Saudi Arabia will construe the term "Saudi diplomatic mission" to refer to the Saudi Embassy, the Saudi Consulate in Los Angeles, and the Saudi Arabian Cultural Mission in Fairfax, Virginia.

5.      Saudi Arabia objects to Definition No. 9 so far as it defines the term "Ministry of Islamic Affairs" to include individuals such as "member[s], official[s], employee[s], [and] representative[s]."  Further, Saudi Arabia incorporates by reference its objection to Definition No. 7 in the previous paragraph.  Saudi Arabia will construe the term "Ministry of Islamic Affairs" to refer to its Ministry of Islamic Affairs, Dawah, and Guidance, including any offices of that Ministry in any "Saudi diplomatic mission" as construed in the previous paragraph.

6.      Saudi Arabia objects to Definition No. 10 so far as it states a definition of "Document" that is broader than the definition provided by Local Civil Rule 26.3.  Saudi Arabia will construe the term "Document" as provided by Local Civil Rule 26.3.

7.      Saudi Arabia objects to Definition No. 11 so far as it states a definition of "electronically stored information" that is broader than the definition used in Rule 34(a)(1)(A) and incorporated in Local Civil Rule 26.3(c)(2).  Saudi Arabia will construe the term "electronically stored information" as it is used in Rule 34(a)(1)(A).  Saudi Arabia also objects to Definition No. 11 so far as it demands the production of originals and incorporates by reference its objection to Plaintiffs' similar demand in Instructions Nos. 3 and 4 to Plaintiffs' Requests for Production of Documents.

**GENERAL OBJECTIONS**

1.      Saudi Arabia objects to Plaintiffs' Interrogatories so far as they purport to impose obligations exceeding or inconsistent with the FSIA, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, or the March 28 Order.  Saudi Arabia will

respond in accordance with the obligations imposed by the preceding authorities.  The following specific objections are without prejudice to this general reservation of rights.

2.      Saudi Arabia objects to Plaintiffs' Interrogatories so far as they call for the disclosure of information subject to any privilege, protection, or immunity against discovery, including without limitation:  (a) the attorney-client privilege; (b) the work-product doctrine; (c) diplomatic immunity, including without limitation the protections of (i) the Vienna Convention on Diplomatic Relations ("VCDR") and (ii) the Vienna Convention on Consular Relations ("VCCR"); (d) the state-secrets privilege; (e) the deliberative-process privilege; and (f) any privilege, protection, or immunity applicable under the law of Saudi Arabia.  Saudi Arabia further reserves the right to assert any other privilege the applicability of which becomes apparent upon further consideration, investigation, or review.  All responses in this filing are subject to and without waiver of any privilege, protection, or immunity against discovery that may apply.

3.      Saudi Arabia objects to Plaintiffs' Interrogatories so far as they call for investigation of information not in the possession of the following agencies of Saudi Arabia: (a) the Ministry of Islamic Affairs; (b) the General Authority of Civil Aviation (the successor to the Presidency of Civil Aviation); (c) the Saudi Embassy in Washington, D.C.; (d) the Saudi Consulate in Los Angeles, CA; and (e) the Saudi Arabian Cultural Mission in Fairfax, VA. Those agencies are the only ones within the permissible scope of discovery based on the March 28 Order.

4.      So far as Plaintiffs' Interrogatories seek witness testimony or disclosure of Documents from the Saudi Embassy, the Saudi Consulate in Los Angeles, the Saudi Arabian Cultural Mission, or any other embassy, mission, or consulate of Saudi Arabia, they implicate the

protections of the VCDR and the VCCR, including without limitations those provisions under which "[t]he premises of [a diplomatic] mission, their furnishings and other property thereon . . . shall be immune from search," VCDR art. 22(3); "[t]he archives and documents of the mission shall be inviolable at any time and wherever they may be," *id.* art. 24; "[t]he official correspondence of [a] mission" – defined as "all correspondence relating to the mission and its functions" – "shall be inviolable," *id.* art. 27(2); a "diplomatic agent is not obliged to give evidence as a witness," *id.* art. 31(2); "[m]embers of the administrative and technical staff of the mission" who are "not nationals of or permanently resident in" the United States likewise have no obligation to give evidence, *id.* art. 37(2); and similar protections extend to certain United States nationals or residents "in respect of official acts," *id.* art. 38(1).  *See also* VCCR arts. 31, 33, 35(2), 44(3).  Without waiving the above or any other privileges, protections, or immunities against discovery, Saudi Arabia will voluntarily undertake to investigate for information from the Saudi Embassy, the Saudi Consulate in Los Angeles, and the Saudi Arabian Cultural Mission.  For the relevant time period or periods defined in Saudi Arabia's Responses below, Saudi Arabia will search for and review Documents as set forth in General Objection No. 4 in its Responses and Objections to Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents.  Saudi Arabia will further undertake the following additional measures to investigate for information responsive to Plaintiffs' Interrogatories:

> a.     interviews of relevant officials, employees, or representatives of the Ministry of Islamic Affairs concerning communications with (i) Khalid Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi;

       b.        interviews of relevant officials, employees, or representatives of the Ministry of Higher Education concerning communications with (i) Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi;

       c.        interviews of relevant officials, employees, or representatives of the General Authority for Civil Aviation concerning communications with (i) Al Sowailem, (ii) Al Thumairy, or (iii) Al Bayoumi; and

       d.        interviews of officials or employees with information concerning the location of documents that Saudi Arabia has indicated it will produce.

Saudi Arabia's investigation will include interviews of individuals subject to the protections of the VCDR or VCCR.  In stating that it will interview the above categories of individuals, Saudi Arabia specifically reserves all and does not waive any arguments that any such individuals are immune from compelled testimony under the VCDR, VCCR, or otherwise.

5.       By agreeing to answer any Interrogatory, Saudi Arabia does not concede that any such Interrogatory seeks information relevant to the subject matter of these cases, or that such Interrogatory is reasonably calculated to lead to the discovery of admissible evidence.  Saudi Arabia specifically preserves all objections to relevance and burden.

6.       Saudi Arabia's lack of objection to any specific Interrogatory is not an admission that it has information responsive to that Interrogatory.

7.       Any statement by Saudi Arabia in response to an Interrogatory that it will answer after a reasonable investigation does not mean that Saudi Arabia has relevant information within its possession, custody or control, or that any such information exists.

8.       Saudi Arabia reserves the rights to:  (a) revise, correct, supplement, or clarify the content of any answer in accordance with any applicable rule or law; (b) provide additional

responsive information; or (c) challenge the authenticity or admissibility of any information in

any hearing, proceeding, or trial.

### OBJECTIONS

1.      Identify the following persons: (a) Omar al Bayoumi; (b) Fahad al Thumairy; (c) Khalid al Sowailem; (d) Musaed al Jarrah; (e) Majed Ghesheyan; (f) Mazyed I. Mazyed; (g) the head of the Ministry of Islamic Affairs in the United States. For each person, in addition to providing their present or last known address and present or last known place of employment, please state their complete employment history, including place(s) of employment and job title(s), since September 11, 2001.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rules 26.3(c)(3) and 33.3(a) in seeking information beyond the names,

present or last known addresses, and present or last known places of employment of the listed

individuals.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the

Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General

Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to

September 11, 2001, or witnesses with personal knowledge from that period; (c) concerning the

listed individuals, including a reasonable effort to determine which individual (if any) would best

fit the description of "the head of the Ministry of Islamic Affairs in the United States" during the

period from January 1, 1998, to September 11, 2001.  Saudi Arabia will provide (to the extent

available) the names, present or last known addresses, and present or last known places of

employment of the listed individuals.

2.      List the name of each repository, archive, or file where Documents relating to Bayoumi or Thumairy have been located since September 11, 2001, state the location of each

such repository, archive, or file, including but not limited to the office, Ministry, or office in possession or control of such Documents, and identify each person who is the custodian of such Documents.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  Subject to and without waiving

its objections, Saudi Arabia will conduct a reasonable investigation (a) of (i) the Ministry of

Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi

Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents

for the period from January 1, 1998, to September 11, 2001, and witnesses with personal

knowledge of Documents from that period; (c) concerning Al Thumairy and Al Bayoumi.  Saudi

Arabia will describe repositories of responsive Documents.

3.        Identify each person who supervised, oversaw, or provided direction to Thumairy, or to whom Thumairy reported, and state their job title(s), work address(es) and the period they supervised, oversaw, or directed Thumairy, or received any report from Thumairy.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rules 26.3(c)(3) and 33.3(a) in seeking information beyond the names,

present or last known addresses, and present or last known places of employment of specific

individuals.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and

(iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998,

to September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning

individuals who supervised, oversaw, or provided direction to Al Thumairy, or to whom Al

Thumairy reported.  Saudi Arabia will provide (to the extent available) the names, present or last

known addresses, and present or last known places of employment of responsive individuals.

4.      Identify each person whom Thumairy supervised, oversaw, or provided direction
to, or who reported to Thumairy, and state their job title(s), work address(es) and period they
were supervised, overseen, or directed by Thumairy, or provided any report to Thumairy.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rules 26.3(c)(3) and 33.3(a) in seeking information beyond the names,

present or last known addresses, and present or last known places of employment of specific

individuals.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and

(iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from January 1, 1998,

to September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning

individuals whom Al Thumairy supervised or oversaw, to whom he provided direction, or who

reported to him.  Saudi Arabia will provide (to the extent available) the names, present or last

known addresses, and present or last known places of employment of responsive individuals.

5.      Identify each person who supervised, oversaw, or provided direction to Bayoumi,
or to whom Bayoumi reported, and provide their job title(s), work address(es) and the period
they supervised and/or oversaw Bayoumi.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rules 26.3(c)(3) and 33.3(a) in seeking information beyond the names,

present or last known addresses, and present or last known places of employment of specific

individuals.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the

Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General

Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to

September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning

individuals who supervised, oversaw, or provided direction to Al Bayoumi, or to whom Al

Bayoumi reported.  Saudi Arabia will provide (to the extent available) the names, present or last

known addresses, and present or last known places of employment of responsive individuals.

6.      Identify each person whom Bayoumi supervised, oversaw, or provided direction
to, or who reported to Bayoumi, and provide their job title(s), work address(es) and the period
they were supervised and/or overseen by Bayoumi.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rules 26.3(c)(3) and 33.3(a) in seeking information beyond the names,

present or last known addresses, and present or last known places of employment of specific

individuals.  Subject to and without waiving its objections, Saudi Arabia will conduct a

reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the

Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General

Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to

September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning

individuals whom Al Bayoumi supervised or oversaw, to whom he provided direction, or who

- 13 -

reported to him.  Saudi Arabia will provide (to the extent available) the names, present or last known addresses, and present or last known places of employment of responsive individuals.

7.       Describe Bayoumi's job, responsibilities, assignments and instructions and list each task, duty, assignment, job, act, or initiative carried out by Bayoumi at the request, direction, behest, or urging of the Saudi government; any official, employee, or representative of the Saudi government; or any person whose activities were directly or indirectly supervised, directed, controlled, or financed by the Saudi government; and, identify each person who gave Bayoumi such task, duty, assignment, job, act or initiative and provide their job title and work address currently and at the time they gave Bayoumi such task, duty assignment, job, act or initiative.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Interrogatory is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule. The Interrogatory is also vague and overbroad in seeking information concerning "each task, duty, assignment, job, act, or initiative carried out by Bayoumi" over a period of nearly eight years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning Al Bayoumi's job, responsibilities, assignments and instructions.  Saudi Arabia will provide (to the extent available) information concerning Al Bayoumi's job, responsibilities, assignments, and instructions, and will provide (to the extent available) the names, present or last known addresses, and present or last known places of employment of individuals who assigned him tasks.

- 14 -

8.      Identify each person who instructed, determined, reviewed and/or approved that Bayoumi should receive increases in pay, bonus, or "other allowances" in the year 2000 and provide their job title(s) and work address(es) currently and at the time they made the determination or approval.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that Rule.

Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable

investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi

Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General

Authority for Civil Aviation; (b) for Documents for the period from January 1, 2000, to

December 31, 2000, and witnesses with personal knowledge from that period; (c) concerning Al

Bayoumi's pay, bonuses, and any other monetary allowances that he received.  Saudi Arabia will

provide (to the extent available) the names, present or last known addresses, and present or last

known places of employment of individuals who instructed, determined, reviewed, or approved

purported increases to such amounts.

9.      Identify all personnel at the Kingdom of Saudi Arabia's Ministry of Islamic Affairs at the Saudi Embassy and/or Los Angeles Consulate and provide their job title(s) and work address(es).

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule.

Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable search

(a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in

Los Angeles; (b) for Documents for the period from January 1, 1998, to September 11, 2001, and

witnesses with personal knowledge from that period; (c) concerning personnel of the Ministry of

Islamic Affairs at the Saudi Embassy or the Saudi Consulate in Los Angeles.  Saudi Arabia will

provide (to the extent available) the names, present or last known addresses, and present or last

known places of employment of such personnel.

       10.     Identify any Documents in the possession of the Saudi government concerning
and identify each person known, purported, alleged or suspected of being (a) the person(s) who
the FBI stated "tasked al-Thumairy and al Bayoumi with assisting the hijackers"; (b) the
"individual" that the FBI stated was "immediately assigned" by Thumairy to "take care" of the
hijackers Hazmi and Mihdhar "during their time in the Los Angeles area"; and (c) the
"individual who was known to have extremist views, and was identified as having met with
Omar al Bayoumi in private on the same day as Bayoumi's alleged 'chance' first meeting with
9/11 hijackers . . .," as set forth in the 2012 FBI Report.

       RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule.

The Interrogatory is also vague and overbroad in seeking information about individuals "known,

purported, alleged or suspected" to have done certain things according to a preliminary summary

of an FBI investigation.  Subject to and without waiving its objections, Saudi Arabia will

conduct a reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi

Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and

(v) the General Authority for Civil Aviation; (b) for Documents for the period from February 1,

1998, to September 11, 2001, and witnesses with personal knowledge from that period; (c)

concerning (i) whether any individual directed Al Thumairy or Al Bayoumi to help Al Hazmi

and Al Mihdhar, (ii) whether Al Thumairy directed any individual to help Al Hazmi and Al

Mihdhar, and (iii) whether any individual met with Al Bayoumi in private on February 1, 2000.

Saudi Arabia will provide (to the extent available) the names, present or last known addresses,

and present or last known places of employment of any individuals who gave or received such

directions or who attended such a meeting.  Saudi Arabia will also identify responsive

Documents that are not subject to any privilege, protection, or immunity against discovery.

11.     Identify each and every person who participated in any evaluation, inquiry, or
debate relating to Thumairy's possible extremist or radical views, including without limitation
(a) the "internal debate among some Saudi officials" regarding "Thumairy's conduct" and (b) the
"arguments . . . within the Saudi government over whether to allow reputedly radical imams,
including Thumairy, to work for the Saudi government within the United States," as stated in the
9/11 Commission Report, p. 217, 514 n. 12, and describe the debate and arguments.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule.

The Interrogatory is also vague and overbroad in seeking information about "each and every

person who participated in any evaluation, inquiry, or debate relating to Thumairy's possible

extremist or radical views."  Saudi Arabia will not answer this Interrogatory as framed and

requests that Plaintiffs meet and confer if they intend to pursue this Interrogatory.

12.     Identify each official, employee, or representative of the Kingdom or the King
Fahad Mosque who was involved in any contemplated or actual disciplinary action involving
Thumairy in 2002 and 2003, including without limitation the attempt to discipline Thumairy for
espousing extremist views, as stated in the 9/11 Commission Report, p. 515 n. 13.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

- 17 -

Interrogatory is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule. The Interrogatory is also vague and overbroad in seeking information about "each official, employee, or representative of the Kingdom or the King Fahad Mosque who was involved in any contemplated or actual disciplinary action involving Thumairy in 2002 and 2003."  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from June 1, 2002, to June 1, 2003, and witnesses with personal knowledge from that period; (c) concerning whether any "attempt[ ] to discipline" Al Thumairy occurred "in the summer of 2002 and early 2003," 9/11 Commission Report 515 n.13.  Saudi Arabia will provide (to the extent available) the names, present or last known addresses, and present or last known places of employment of any individuals who participated in such an attempt (if any); and will describe the attempt (if any).

13.    State the date of each visit of Bayoumi to any Kingdom of Saudi Arabia facility, including but not limited to any Saudi diplomatic mission or Saudi Ministry, and for each such visit: state the location and purpose of the visit; identify each person that encountered and/or met with Bayoumi; and, describe any materials, instructions or advice that Bayoumi received during or as a result of the visit.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Interrogatory is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule. The Interrogatory is also vague and overbroad in seeking information about "each visit of Bayoumi to any Kingdom of Saudi Arabia facility" over a period of nearly eight years.  Subject

to and without waiving its objections, Saudi Arabia will conduct a reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from February 1, 1998, to September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning any visit or visits by Al Bayoumi to (i) the Saudi Embassy, (ii) the Saudi Consulate in Los Angeles, or (iii) the Saudi Arabian Cultural Mission.  Saudi Arabia will provide (to the extent available) the dates and locations of such visits, and will identify individuals with whom it is aware (after reasonable investigation) that Al Bayoumi met.

14.     State the date of each communication of Bayoumi with any personnel at any Saudi diplomatic mission or Saudi Ministry and for each such communication: identify each person that communicated with Bayoumi and state their job title and work address at the time they communicated with Bayoumi; describe the content and purpose of the communication; and, describe any materials, instructions or advice that Bayoumi received during or as a result of the communication.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Interrogatory is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule. The Interrogatory is also vague and overbroad in seeking information about "each communication of Bayoumi with any personnel at any Saudi diplomatic mission or Saudi Ministry" over a period of nearly eight years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from

February 1, 1998, to September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning any communication by Al Bayoumi with (i) Al Thumairy, or (ii) Al Sowailem.  Saudi Arabia will provide (to the extent available) the dates of such communications, and will identify individuals with whom it is aware (after reasonable investigation) that Al Bayoumi met.

15.     State the date of each visit of Thumairy to the Saudi Embassy or any Kingdom of Saudi Arabia Ministry in Saudi Arabia, and for each such visit: state the location and purpose of the visit; identify each person that encountered and/or met with Thumairy and state their job title and work address at the time they encountered and/or met with Thumairy; and describe any materials, instructions or advice that Thumairy received during or as a result of the visit.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Interrogatory is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule. The Interrogatory is also vague and overbroad in seeking information about "each visit of Thumairy to the Saudi Embassy or any Kingdom of Saudi Arabia Ministry" over a period of nearly eight years.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, and (iii) the Saudi Consulate in Los Angeles; (b) for Documents for the period from February 1, 1998, to September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning any visit or visits by Al Thumairy to the Saudi Embassy.  Saudi Arabia will provide (to the extent available) the dates and locations of such visits, and will identify individuals with whom it is aware (after reasonable investigation) that Al Thumairy met.

16.     State the date of each visit of any Subagent to the Los Angeles Consulate, and for each such visit: state the name of the Subagent who made the visit and describe the purpose of

the visit; identify each person that encountered and/or met with the subagent; and describe any materials, instructions or advice that the Subagent received during or as a result of the visit.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule.

The Interrogatory is also vague and overbroad in seeking information about "each visit of any

Subagent to the Los Angeles Consulate" over a period of nearly eight years.  Subject to and

without waiving its objections, Saudi Arabia will conduct a reasonable investigation (a) of the

Saudi Consulate in Los Angeles; (b) for Documents for the period from February 1, 1998, to

September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning

visits to the Saudi Consulate in Los Angeles by any Subagent (under the narrowed definition of

that term set forth in Saudi Arabia's Objections to Plaintiffs' Definitions).  Saudi Arabia will

provide (to the extent available) the dates of such visits, and will identify individuals with whom

it is aware (after reasonable investigation) that each Subagent met.

17.    Identify all Documents which explain the markings in the passports of Bayoumi, Mihdhar and Hazmi that were "indicators of Islamic extremism linked to al Qaeda" as described by U.S. investigators in the 9/11 and Terrorist Travel, Staff Report, Aug. 21, 2004 (attached as Exhibit 2).

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions,

Objections to Definitions, and General Objections.  Saudi Arabia further objects that this

Interrogatory is outside the scope of permissible discovery because it does not seek to verify

specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds

the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule.

Saudi Arabia will not answer this Interrogatory as framed and requests that Plaintiffs meet and confer if they intend to pursue this Interrogatory.

18.     Have Bayoumi, Thumairy or Sowailem travelled outside Saudi Arabia since January 1, 2004?  If so, state the dates and places of all travel outside of Saudi Arabia for each of them from January 1, 2004 to the date that this interrogatory is answered.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Saudi Arabia further objects that this Interrogatory is outside the scope of permissible discovery because it does not seek to verify specific facts identified by Judge Daniels in the March 28 Order.  The Interrogatory also exceeds the scope of Local Civil Rule 33.3(a) in seeking information of a type not set forth in that rule. Saudi Arabia will not answer this Interrogatory as framed and requests that Plaintiffs meet and confer if they intend to pursue this Interrogatory.

19.     Identify each official or employee of the Kingdom with personal knowledge of the duties, responsibilities, assignments and instructions that were given to (a) Bayoumi and (b) Thumairy.

RESPONSE:   Saudi Arabia incorporates by reference its Objections to Instructions, Objections to Definitions, and General Objections.  Subject to and without waiving its objections, Saudi Arabia will conduct a reasonable investigation (a) of (i) the Ministry of Islamic Affairs, (ii) the Saudi Embassy, (iii) the Saudi Consulate in Los Angeles, (iv) the Saudi Arabian Cultural Mission, and (v) the General Authority for Civil Aviation; (b) for Documents for the period from January 1, 1998, to September 11, 2001, and witnesses with personal knowledge from that period; (c) concerning duties, responsibilities, assignments, and instructions that were given to (i) Al Thumairy or (ii) Al Bayoumi.  Saudi Arabia will provide (to the extent available) the names, present or last known addresses, and present or last known places of employment of officials or employees of Saudi Arabia with personal knowledge of such duties, responsibilities, assignments, and instructions.

- 22 -

Dated:  May 10, 2018      Respectfully submitted,

             */s/  Michael K. Kellogg*
             Michael K. Kellogg
             Mark C. Hansen
             Gregory G. Rapawy
             Andrew C. Shen
             Benjamin D. Margo
             KELLOGG, HANSEN, TODD, FIGEL
              & FREDERICK, P.L.L.C.
             Sumner Square
             1615 M Street, N.W., Suite 400
             Washington, D.C. 20036-3209
             (202) 326-7900
             (202) 326-7999 (fax)
             *Attorneys for the Kingdom of Saudi Arabia*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, I caused a copy of the foregoing to be served on counsel for Plaintiffs via electronic means.

/s/ Michael K. Kellogg
Michael K. Kellogg
*Attorney for the Kingdom of Saudi Arabia*