# Exhibit G

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

May 11, 2018

Michael K. Kellogg, Esq.
Kellogg, Hansen, Todd, Figel
 & Frederick, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C.  20036

   Re: *In re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (SDNY) (GBD) (SN)

Dear Michael:

  On behalf of the Plaintiffs' Executive Committees ("PECs"), we write in regards to the Kingdom of Saudi Arabia's First Set of Requests for Production of Documents and First Set of Interrogatories directed to plaintiffs (the "Kingdom's discovery requests").

  The Kingdom's discovery requests are improper for at least three reasons.

  *First*, the Kingdom has waived any right to conduct jurisdictional discovery of plaintiffs. The Kingdom has never requested an opportunity to conduct jurisdictional discovery of plaintiffs, much less specified the specific character of the discovery it would seek if authorized to conduct such discovery.  By virtue of failing to have done so, it has waived any right to conduct such discovery at the jurisdictional phase.

  *Second,* the Kingdom's discovery is not authorized.  Consistent with the fact that the Kingdom never sought an opportunity to conduct jurisdictional discovery of plaintiffs, none of the Court's orders authorize the Kingdom to conduct such discovery.  Indeed, Judge Daniels' March 28, 2018 Memorandum Decision and Order contains no language suggesting that the Kingdom should be afforded an opportunity to conduct discovery of plaintiffs, and Judge Netburn's April 20, 2018 Order (ECF No. 3968), issued following the Court's hearing concerning discovery proceedings with regard to the claims against the Kingdom, plainly does not contemplate discovery by the Kingdom

Michael K. Kellogg, Esq.
May 11, 2018
Page 2

_____

of plaintiffs. To the contrary, it speaks only of plaintiffs' discovery of the Kingdom and third parties, and the deadline for the Kingdom to respond to plaintiffs' discovery directed to it. *See also* March 28, 2018 Memorandum Decision and Order, ECF No. 3946, at p. 23 ("*Plaintiffs* shall be permitted to conduct" discovery) (emphasis added).

*Third,* the Kingdom's discovery is not merely unauthorized, but served in direct contravention of the Court's orders and directives. On March 30, 2018, Judge Netburn issued an Order (ECF No. 3948) setting a discovery conference concerning the jurisdictional proceedings as to Saudi Arabia for April 12, 2018, and expressly directing the parties "to meet and confer in advance of this conference," and to "be prepared to propose and set a reasonable schedule for limited jurisdictional discovery." To the extent the Kingdom sought an opportunity to conduct jurisdictional discovery of plaintiffs, it was required by the Court's Order to raise the issue during the mandated meet and confer, and to advise the Court of its intentions to pursue such discovery at the hearing on April 12, 2018. However, the Kingdom never mentioned any desire or intention to pursue discovery of plaintiffs during the two telephone meetings held by the parties in advance of the hearing, and did not raise the issue of discovery of plaintiffs at the hearing on April 12, 2018. Quite to the contrary, the Kingdom advocated that Judge Daniels' decision solely authorized discovery by plaintiffs of the Kingdom.

Beyond the fact that the Kingdom's discovery is entirely unauthorized and improper, it also is at odds with the Kingdom's own arguments regarding the scope of discovery that should be permitted in the present jurisdictional setting, and unnecessary. On this latter point, the Kingdom already has the benefit of the thousands of pages of evidence plaintiffs submitted in support of their theories of jurisdiction, and the Kingdom has far superior access to relevant information. *See* Fed. R. Civ. P. 26(b)(1); *see also* March 28, 2018 Memorandum Decision and Order, ECF No. 3946, at p. 23 ("the party in the best position to shed light on th[e] inquiry is Saudi Arabia").

Finally, even to the extent the Kingdom's discovery were authorized and proper, the Kingdom's unilateral designation in the requests of May 11, 2018 as the response date is in conflict with the Federal Rules of Civil Procedure, and there is nothing in the Court's orders that would modify the deadlines under the Rules and require plaintiffs to respond on an expedited basis. Once again, the Kingdom never disclosed that it intended to serve any discovery on plaintiffs, and as a result there was no discussion of a schedule for any such discovery. Plaintiffs will serve responses and objections or otherwise respond to the Kingdom's discovery in accordance with the Federal Rules, and reserve all rights to assert additional objections to the Kingdom's discovery at that time.

Michael K. Kellogg, Esq.
May 11, 2018
Page 3

Regards,

| COZEN O'CONNOR | KREINDLER & KREINDLER |
|---|---|
| /s/ Sean P. Carter | /s/ James P. Kreindler |
| Sean P. Carter, Esquire | James P. Kreindler, Esquire |
| 1650 Market Street, Suite 2800 | 750 Third Avenue, 32nd Floor |
| Philadelphia, PA 19103 | New York, NY 10017 |
| MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims | MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |

MOTLEY RICE

 /s/ Jodi Westbrook Flowers
Jodi Westbrook Flowers, Esquire
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
MDL 1570 Plaintiffs' Exec. Committee for
Personal Injury and Death Claims

cc: Members of Plaintiffs' Executive Committees