# Exhibit H

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York ▾

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPT. 11, 2001 | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   MDL 03 - 1570 |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          THE FEDERAL BUREAU OF INVESTIGATION
935 PENNSYLVANIA AVENUE, NW, WASHINGTON, DC  20535

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:          SEE ATTACHMENT A AND EXHIBITS THERETO

| Place:   COZEN O'CONNOR, 1200 19TH STREET, NW, WASHINGTON, DC  20036 | Date and Time:   05/17/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   04/06/2018

CLERK OF COURT

                                                                          OR   *Sean P. Carter*

_____                                  _____
*Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
PLAINTIFFS' EXECUTIVE COMMITTEES                                    , who issues or requests this subpoena, are:
Sean Carter, Cozen O'Connor, 1650 Market St., 28th Fl., Phila., PA 19103; spcarter1@cozen.com;215-665-2105 &
Robert Haefele, Motley Rice, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464; rhaefele@motleyrice.com; 843-216-9184

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom
it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL 03 - 1570

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

**Instructions and Definitions**:

1. This subpoena is issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, and not pursuant to a request for records under the Freedom of Information Act ("FOIA"), and all documents specified below are required to be produced as required by Rule 45.

2. Each document responsive to this subpoena shall be produced in its entirety, with all non-identical copies and drafts, and without abbreviation or redaction, subject only to credible assertions of privileges recognized under the common law.

3. With respect to any document withheld or redacted based on an assertion of common law privilege, a privilege log shall be provided. The privilege log shall provide information sufficient to evaluate the basis of any asserted privilege, including but not limited to: (a) the (a) type of document; (b) date of document; (c) author; (d) recipient; (e) general subject matter of the document; and (f) basis for withholding production of the document or any portion of the document.

4. No document responsive to this subpoena shall be withheld or redacted pursuant to FOIA exemptions.

5. As used herein, the following terms are defined as follows:

    A. The term "9/11 Review Commission Report" shall mean the March 2015 report of the 9/11 Review Commission, *The FBI: Protecting the Homeland in the 21st Century*, attached hereto as Exhibit A.

    B. The term "PENTTBOM" shall mean the Pentagon/Twin Towers Bombing Investigation referenced at pp. 101-103 of the 9/11 Review Commission Report.

    C. The term "2012 FBI Summary Report" shall mean the report referenced at footnote 330 of the 9/11 Review Commission Report, a redacted copy of which is attached hereto as Exhibit B.

**Documents To Be Produced:**

1.  Any and all records referring or relating to Omar al Bayoumi, Fahad al Thumairy, Mohdhar Abdullah, Omar Abdi Mohamed,[1] Khalid Sowailem, the King Fahd Mosque, or the Western Somali Relief Agency;

2.  Any and all PENTTBOM records referring or relating to Omar al Bayoumi, Fahad al Thumairy, Mohdhar Abdullah, Omar Abdi Mohamed, Khalid Sowailem, the King Fahd Mosque, or the Western Somali Relief Agency;

3.  Any and all communication records (including but not limited to phone, email and fax) and financial and banking records of Khalid al Mihdhar, Nawaf al Hazmi, and Anwar al Aulaqi (prior to and on September 11, 2001).

4.  Any and all records referring or relating to the work and investigation of the PENTTBOM subfile team, as referenced on pp. 101-103 of the 9/11 Review Commission Report;

5.  The 2012 FBI Summary Report;

6.  Any and all records referring or relating to any person(s) referenced in the 2012 FBI Summary Report as "subjects" of the investigation described in that report;

7.  Any and all records referring or relating to the person(s) "who tasked al-Thumairy and al-Bayoumi with assisting the hijackers," according to the 2012 FBI Summary Report;

8.  The Joint FBI-CIA Intelligence report assessing the nature and extent of Saudi government support for terrorism, prepared and submitted in accordance with the Intelligence Authorization Act for FY 2004, Classified Annex S. 1025 / S. Report 108-44; and

9.  The September 1, 2005 letter from Robert Mueller and Porter Goss to Senator Pat Roberts, enclosing the Joint FBI-CIA Intelligence report assessing the nature and extent of Saudi government support for terrorism, prepared and submitted in accordance with the Intelligence Authorization Act for FY 2004, Classified Annex S. 1025 / S. Report 108-44.

---

[1] Omar Abdi Mohamed refers to the individual also known as Omar Khadiib, Omar Khatiib, and/or Omar Abdo al-Khatib, as referenced in the Department of the Treasury United States Customs Service Report of Investigation regarding Mohamed, Omar Abdi in case no. SD32CI04SD0015 and the Government's brief filed before the United States Department of Justice Executive Office for Immigration Review Immigration Court in In the Matter of: Omar Abdi Mohamed, File No. A44 917 640. Copies of the documents referencing the subject individual are attached hereto as Exhibits C and D, respectively.

10.     The November 2004 U.S. Department of Justice, Office of Inspector General report titled "A Review of the FBI's Handling of Intelligence Information Related to the September 11 Attacks (November 2004)," a redacted copy of which is attached hereto as Exhibit E.

3

# Exhibits A-E Omitted