NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849

### NOTICE OF RULE 60(a) MOTION FOR
### CORRECTIONS TO PARTIAL FINAL JUDGMENT

Plaintiffs by undersigned counsel move under Federal Rule of Civil Procedure 60(a) for an order correcting this Court's April 30, 2018 Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs Identified at Exhibit A (Burnett/Iran II) (ECF No. 3986), and for reason state as follows:

1) Plaintiffs have discovered errors in thirteen (13) lines of Exhibit A to ECF No. 3986.

2) These thirteen errors consist of: two (2) individuals whose relationship to the decedent was incorrectly noted; one (1) individual who is actually a step-sibling and should not have been included in the Order absent an additional showing that she qualified as a "functional equivalent"; two (2) misidentified individuals; several misspelled names; and numerous missing suffixes.

3) These errors are a result of clerical mistakes or arise from an oversight or omission on the part of Plaintiffs' counsel.

4) These errors have the potential to create issues for Plaintiffs enforcing and collecting judgment.

WHEREFORE, Plaintiffs respectfully request the issuance of the Corrected Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs as set forth in Exhibit A to this motion.

Dated:  June 8, 2018                                          Respectfully submitted,

/s/ Robert T. Haefele
Jodi Westbrook Flowers, Esq.
Robert T. Haefele, Esq.
John Eubanks, Esq.
MOTLEY RICE LLC
Mount Pleasant, SC 29464
Tel. (843) 216-9000
Fax (843) 216-9450
jflowers@motleyrice.com
rhaefele@motleyrice.com
jeubanks@motleyrice.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) <br> ECF Case |
|---|---|

This document relates to:

*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RULE 60(a) MOTION FOR CORRECTIONS TO PARTIAL FINAL JUDGMENT

Plaintiffs by undersigned counsel submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Partial Final Judgment, and say:

### BACKGROUND

On April 30, 2018, this Court entered an Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs Identified at Exhibit A (Burnett/Iran II) (ECF No. 3986). In that Order, 1008 plaintiffs in *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.*, 15-cv-9903, who are each a spouse, parent, child, or sibling (or the estate of a spouse, parent, child, or sibling) of a victim killed in the terrorist attacks on September 11, 2001, were awarded damages against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and The Central Bank of the Islamic Republic of Iran.  The individual plaintiffs were identified in Exhibit A to ECF No. 3986.

Exhibit A to ECF No. 3986 was prepared by plaintiffs' counsel who, at the time of its filing, believed it to be a complete and accurate list of plaintiffs for whom the Order should have been entered. Since ECF No. 3986 was entered, plaintiffs' counsel have been preparing the requisite documents to be submitted to the U.S. Department of State for service of ECF No. 3986

on Iran in addition to finalizing applications for the plaintiffs included in the Order to be submitted to the United States Victims of State Sponsored Terrorism Fund. In the course of this review, plaintiffs' counsel discovered errors in the exhibit they had presented to the Court. Due to these errors, plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 3986 to correct plaintiffs' counsel's clerical mistakes.

## ARGUMENT

**Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz,* 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.,* 694 F.2d 112 (5th Cir.1982)).

The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Electric Corporation v. Branford Associates* when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed the matter could be remedied under Rule 60(a) through substitution