IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |

*This document relates to:*

*The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853; *Beazley Furlonge Ltd., et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-07456; *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123; *Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-07317; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617.

**[PROPOSED] ORDER**

WHEREAS Plaintiffs in *Beazley Furlonge Ltd., et al. v. Kingdom of Saudi Arabia*, No. 16-cv-07456, filed an Amended Complaint on May 4, 2017, providing notice of their withdrawal of all claims against Defendants National Commercial Bank, Al Rajhi Bank, and

Saudi Binladin Group, thus satisfying the requirements for voluntary dismissal permitted without a court order under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure;

WHEREAS the parties came to be heard on Defendant National Commercial Bank's Motion pursuant to Rule 12(b)(2), and Defendants Al Rajhi Bank and Saudi Binladin Group's Motions pursuant to Rule 12(b)(2) and 12(b)(6), to dismiss all remaining claims asserted against these Defendants in the above-captioned cases;

WHEREAS by its Memorandum Decision and Order dated March 28, 2018, the Court granted these Defendants' Motions to Dismiss for lack of personal jurisdiction and consequently denied all relief to Plaintiffs in *The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank ("Lloyd's"), et al.*, No. 16-cv-7853;

WHEREAS by its Memorandum Decision and Order dated March 28, 2018, the Court also finally decided all rights and liabilities arising from the claims against these Defendants by Plaintiffs in the other above-captioned actions, all of whom, in accordance with this Court's May 16, 2017 Order, had adopted as controlling the factual, liability, and jurisdictional allegations of the *Lloyd's* First Amended Complaint;

WHEREAS notwithstanding the Court's observation in its Memorandum Decision and Order dated March 28, 2018, that it did not appear that the Plaintiffs in *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-8617, had adopted as controlling the allegations in the *Lloyd's* First Amended Complaint, the *Abbate* Plaintiffs by Stipulation dated November 7, 2017 in fact adopted as controlling the factual, liability, and jurisdictional allegations in the *Lloyd's* First Amended Complaint;

WHEREAS on June 4, 2018, the Court (Netburn, M.J.) approved the Stipulation for the *Fraser* Plaintiffs' Adoption of the *Lloyd's* Plaintiffs' Allegations as to The National Commercial

Bank (ECF No. 4014).  On June 5, 2018, counsel for The National Commercial Bank sought the consent of *Fraser* Plaintiffs' counsel to Rule 54(b) certification of the dismissal of NCB pursuant to the Court's March 28, 2018 decision, to which the *Fraser* Plaintiffs agreed to be bound.  And, *Fraser* Plaintiffs' counsel has not responded to that request.

WHEREAS, this MDL has now been pending since 2002, and the current cases against these three defendants have been pending since as early as January 2016.  Absent the entry of Rule 54(b) judgments, it could be several more years before all claims against all defendants are resolved, as the claims against non-dismissed defendants are still in various stages of discovery. In the meantime, the already-dismissed defendants will be unable to obtain repose, and the plaintiffs will be unable to seek coordinated appellate review of the Court's March 28, 2018 dismissal order.  It is thus appropriate at this juncture to enter partial final judgments under Rule 54(b) with respect to Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group that have been entirely dismissed from the case.  *See Cullen v. Margiolla*, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate where additional proceedings "could last years," and there was "no just reason to require the parties to await the conclusion of that remedy phase in order to seek review of the claims already dismissed");

WHEREAS, the Court's March 28, 2018 Order has dismissed all claims asserted by any Plaintiff against said Defendants and have decided finally the rights and liabilities of these Defendants, constituting final decisions within the meaning of 28 U.S.C. § 1291 as to these Defendants; and

WHEREAS, after careful consideration of the parties' joint request for entry of final judgments and entry of partial final judgments, the Court determines that there is no just reason

for delay in entering partial final judgments under Rule 54(b) with respect to Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Entry of Judgments under Rule 58(d) and for Entry of Partial Final Judgments under Rule 54(b) is GRANTED;

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment, pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, in favor of Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group in *The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853;

**IT IS FURTHER ORDERED** that Plaintiffs in *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-8617, by virtue of their November 7, 2017 Stipulation (No. 17-cv-8617, ECF No. 4), are bound by this Court's Memorandum Decision and Order dated March 28, 2018 (ECF No. 3947) dismissing all claims against Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group, and the Clerk shall note in that docket that the case is "Terminated" as to these Defendants as of March 28, 2018;

**IT IS FURTHER ORDERED** that the Court's March 28, 2018 Memorandum Decision and Order (ECF No. 3947) is final, and the Clerk shall enter partial final judgments, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, in favor of Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group in each of the following actions: *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi*

*Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv- 07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617, and the Clerk shall note in each of these dockets that the case is "Terminated" as to these defendants as of March 28, 2018;

**IT IS FURTHER ORDERED** that the Court's March 28, 2018 Memorandum Decision and Order (ECF No. 3947) is final, and the Clerk shall enter partial final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, in favor of Defendant National Commercial Bank in *Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-07317, and the Clerk shall note in the docket that the case is "Terminated" as to this defendant as of March 28, 2018; and

**IT IS FURTHER ORDERED** that, because Plaintiffs in *Beazley Furlonge Ltd., et al. v. Kingdom of Saudi Arabia*, No. 16-cv-07456, by virtue of their May 4, 2017 Amended Complaint (No. 16-cv-07456, ECF No. 22), voluntarily dismissed their claims against Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group, the Clerk shall note in that docket that the case is "Terminated" as to these Defendants as of May 4, 2017.

Dated: _____, 2018
          New York, New York

                                        SO ORDERED

                                        _____
                                        George B. Daniels
                                        United States District Judge