IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |
| *This document relates to:*<br><br>*The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853; *Beazley Furlonge Ltd., et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-07456; *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123; *Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-07317; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617. | |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
FOR ENTRY OF JUDGMENTS UNDER RULE 58(d) AND
FOR ENTRY OF PARTIAL FINAL JUDGMENTS UNDER RULE 54(b)**

On March 28, 2018, the Court dismissed all outstanding claims against Defendants Al

Rajhi Bank, National Commercial Bank, and Saudi Binladin Group based on the allegations in

the *Lloyd's* First Amended Complaint (*see* ECF No. 3947). All other Plaintiffs bringing claims against these Defendants have adopted as controlling the factual, liability, and jurisdictional allegations in the *Lloyd's* First Amended Complaint as to Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group. The dismissed claims against Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group are separable from the pending claims against the remaining defendants. Accordingly, the Parties seek entry of judgments under Rules 58(d) and 54(b) of the Federal Rules of Civil Procedure to facilitate final resolution of these cases against Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group. No just reason warrants delay in entering final judgment. Plaintiffs in all of the above-captioned actions, other than *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.* and *Fraser, et al. v. Al Qaeda Islamic Army, et al.*, join in this Motion. The *Charter Oak* Plaintiffs do not oppose this Motion. The *Fraser* Plaintiffs have not stated their position in response to the request of Defendant National Commercial Bank.[1]

I. **JOINT REQUEST FOR ENTRY OF JUDGMENT IN *LLOYD'S* UNDER RULE 58(d)**

Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group are the only Defendants in the *Lloyd's* First Amended Complaint. *See* No. 16-cv-07853, ECF No. 56. The Court's March 28 Order (*see* ECF No. 3947) dismissed all outstanding claims against those three Defendants based on the allegations in the *Lloyd's* First Amended Complaint and, thus, denied all relief.

---

[1] On June 4, 2018, the Court (Netburn, M.J.) approved the Stipulation for the *Fraser* Plaintiffs' Adoption of the *Lloyd's* Plaintiffs' Allegations as to The National Commercial Bank (ECF No. 4014). On June 5, 2018, counsel for The National Commercial Bank sought the consent of *Fraser* Plaintiffs' counsel to Rule 54(b) certification of the dismissal of NCB pursuant to the Court's March 28, 2018 decision, to which the *Fraser* Plaintiffs agreed to be bound. *Fraser* Plaintiffs' counsel has not responded to that request.

Accordingly, the *Lloyd's* Plaintiffs, Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group request that the Court direct the Clerk of Court to enter judgment in *Lloyd's* pursuant to Rule 58(d). For purposes of clarity, this request does not in any way implicate or affect the claims asserted in the separate complaint in *The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.,* No. 17-cv-2129, in which claims remain pending against the Kingdom of Saudi Arabia.

## II. JOINT REQUEST THAT THE COURT EXTEND ITS MARCH 28 ORDER TO *ABBATE*

In its March 28 Order, the Court noted: "Plaintiffs claim that the allegations in the *Lloyd's* FAC were adopted by the plaintiffs in . . . *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, 17-cv-8617, but it does not appear that they, in fact, have." ECF No. 3947 at 2 n.2.

On November 7, 2017, pursuant to this Court's Order of May 16, 2017 (ECF No. 3584), the *Abbate* Plaintiffs filed a "Stipulation Adopting Allegations as to National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group" (No. 17-cv-8617, ECF No. 4), and "adopted as controlling the factual, liability, and jurisdictional allegations as to National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group set forth in Paragraphs Seventy (70) through Three-Hundred Fifty Eight (358)" of the *Lloyd's* First Amended Complaint. The *Abbate* Plaintiffs thus are bound by this Court's March 28 dismissal of the *Lloyd's* First Amended Complaint.

Accordingly, the *Abbate* Plaintiffs, Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group request that the Court extend its March 28, 2018 Memorandum Decision and Order to include dismissal of the claims brought against Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group in *Abbate*.

### III. JOINT REQUEST FOR ENTRY OF PARTIAL FINAL JUDGMENTS UNDER RULE 54(b)

Rule 54(b) permits that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (holding Rule 54(b) authorizes entry of final judgment "as to one or more, but fewer than all" parties where "(1) there are multiple . . . parties; (2) . . . the rights and liabilities of at least one party has been finally determined; and (3) the court makes an express determination that there is no just reason for delay") (alterations omitted); *Barboza v. Liberty*, No. 13-cv-4067, 2016 U.S. Dist. LEXIS 189635, at *4 (S.D.N.Y. Jan. 21, 2016) (stating that a district court also "must take into account . . . the equities involved") (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). In particular, Rule 54(b) is meant to avoid "a serious danger of hardship and denial of justice through delay if each claim had to await the determination of all claims as to all parties before a final judgment could be entered." *Ginett v. Comput. Task Grp.*, 962 F.2d 1085, 1093 (2d Cir. 1992).

The above-captioned cases (except *Lloyd's*) against Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group all involve multiple parties in addition to these three Defendants. Plaintiffs in these cases (save for the unresponsive *Fraser* Plaintiffs, *see supra* n.1) agree that entry of final judgment for these three Defendants is warranted here.

This Court's March 28 dismissal of Plaintiffs' claims against Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group for lack of personal jurisdiction constitutes a final determination of the parties' rights and liabilities, because it "ends the litigation of [those] claim[s]." *Ginett*, 962 F.2d at 1093 (original alteration omitted); *see In re Methyl Tertiary Butyl*

*Ether ("MTBE") Prods. Liab. Litig.*, No. 1:00-md-1898, 2015 U.S. Dist. LEXIS 173630, at *2-3 (S.D.N.Y. Dec. 31, 2015) ("[D]ismissal for lack of personal jurisdiction finally determined all of [defendant's] rights and liabilities."). Indeed, this Court previously has certified entry of partial final judgment in this MDL under Rule 54(b) based on dismissal for lack of personal jurisdiction. *See* ECF Nos. 1554, 1594.

No "just reason" warrants delaying entry of final judgment for these three Defendants in these cases. The claims and allegations are identical to the claims and allegations in *Lloyd's*. *See* ECF No. 3835 at 1; ECF No. 3947 at 2 n.2. On April 24, 2018, the *Lloyd's* Plaintiffs filed a notice of appeal. ECF No. 3972. Although claims against the Kingdom of Saudi Arabia are still pending in two cases, *Muenchener* and *Arrowood*, Plaintiffs in those cases likewise filed notices of appeal, on April 24 and 27, 2018, respectively. ECF Nos. 3972 and 3981. The Second Circuit has docketed all three cases as a consolidated appeal. *See* No. 18-1201 (2d Cir.), ECF Nos. 2288647, 2291505, and 2291535. Certification under Rule 54(b) would put all Plaintiffs on approximately the same timetable for appeal, thus avoiding duplicative litigation over the same facts, issues, and parties. *Khulumani v. Barclays Nat'l Bank Ltd. (In re S. African Apartheid Litig.)*, No. 02-md-1499, 2009 U.S. Dist. LEXIS 96478, at *5 (S.D.N.Y. Oct. 19, 2009) (concluding that, where other MDL parties had sought appellate review, granting motion for partial final judgment "serve[d] the interest of sound judicial administration by helping to avoid piecemeal appeals," because all appeals could be "heard roughly simultaneously").

The claims against these Defendants are "separable from the others remaining to be adjudicated" against KSA and others. *Barboza*, 2016 U.S. Dist. LEXIS 189635, at *4 (quoting *Curtiss-Wright*, 446 U.S. at 8). They can be "decided independently" from the claims against KSA and other defendants. *Khulumani*, 2009 U.S. Dist. LEXIS 96478, at *5. The issue of

personal jurisdiction over these three non-sovereign Defendants does not involve "overlapping" questions with the sovereign defenses raised by Saudi Arabia.  *See In re MTBE Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 173630, at *3.

The "judicial administrative interest" also strongly favors a consolidated appeal of these identical, separable claims "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals" on the remaining claims.  *Barboza*, 2016 U.S. Dist. LEXIS 189635, at *4 (quoting *Curtiss-Wright*, 446 U.S. at 8).  The strong judicial administrative interest in entering partial final judgment is bolstered by "taking into account" that allowing all claims against Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group to be resolved together avoids potentially years of delay that would unfairly prejudice these Defendants.  *Id.* at *8 (citing *Curtiss-Wright Corp.*, 446 U.S. at 9-10).

The parties agree that efficient resolution of the pending cases through entry of partial final judgment is in their joint interest.  Resolution of the claims against the Kingdom of Saudi Arabia in the pending cases, where jurisdictional discovery has just begun, could take years.  There is no reason to require Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group — which have been involved in litigation in this MDL for approximately fifteen years — to wait for final resolution of all claims against all parties in order to obtain final resolution of the cases against them.  *See Cullen v. Margiolla*, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate on grounds that, where additional proceedings "could last years, there was no just reason to require the parties to await the conclusion of that remedy phase in order to seek review of the claims already dismissed"); *Gaind v. Pierot*, No. 04-cv-9407 (TPG), 2006 U.S. Dist. LEXIS 55867, at *4-5 (S.D.N.Y. Aug. 4, 2006) (granting partial final judgment under Rule 54(b), stating:  "Any further delay would prejudice the [] Defendants by

leaving the matter unresolved for the additional, possibly lengthy period that will be required to adjudicate the claims against [remaining defendants in the consolidated case]").

Accordingly, Plaintiffs in *Aguilar*, *Addesso*, *Hodges*, *Aiken*, *Abarca*, *Arrowood*, *Abedhajajreh*, *Muenchener*, and *Abbate*, and Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group request that the Court expressly determine that there is no just reason for delay and enter partial final judgments in those cases pursuant to Rule 54(b).

Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group further request that the Court expressly determine that there is no just reason for delay and enter partial final judgments in the *Charter Oak* case pursuant to Rule 54(b). The *Charter Oak* Plaintiffs do not oppose this request.

National Commercial Bank additionally requests that the Court expressly determine that there is no just reason for delay and enter partial final judgment in the *Fraser* case pursuant to Rule 54(b). The *Fraser* Plaintiffs have not stated their position in response to the request of National Commercial Bank.

## IV. JOINT REQUEST THAT *BEAZLEY FURLONGE* BE LISTED AS "TERMINATED" AS TO AL RAJHI BANK, NATIONAL COMMERCIAL BANK, AND SAUDI BINLADIN GROUP

On September 23, 2016, the *Beazley Furlonge* Plaintiffs filed a complaint naming Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group as Defendants. No. 16-cv-07456, ECF No. 4. On May 4, 2017, the *Beazley Furlonge* Plaintiffs filed an Amended Complaint and Notice to Conform to Consolidated Amended Complaint, stating: "Plaintiffs, . . . hereby file this Amended Complaint *removing its claims against previously named Defendants* and hereby provide notice of conforming its allegations against the newly named Defendant, the Kingdom of Saudi Arabia." No. 16-cv-07456, ECF No. 22, at 1 (emphasis added).

The *Beazley Furlonge* Plaintiffs' Amended Complaint provided notice of their withdrawal of all claims against Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group before any of these Defendants served an answer or motion for summary judgment. The *Beazely Furlonge* Plaintiffs thus satisfied the requirements for voluntary dismissal permitted without a court order under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Accordingly, the *Beazley Furlonge* Plaintiffs, Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group request that the *Beazley Furlonge* case be listed as "Terminated" as to these three Defendants.

## CONCLUSION

For the foregoing reasons, the Court should grant this Joint Motion and enter the attached Proposed Order:

(i) Directing the Clerk to enter judgment, pursuant to Rule 58(b), in *The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853;

(ii) Extending the Court's March 28 Order (ECF No. 3947) to include dismissal of the claims brought against Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group in *Abbate*, No. 17-cv-08617, and directing the Clerk to note in that docket that the case is "Terminated" as to these Defendants as of March 28, 2018;

(iii) Certifying the Court's March 28 Order (ECF No. 3947) as final and directing the Clerk to enter judgment, pursuant to Rule 54(b), in favor of Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group in *Aguilar*, *Addesso*, *Hodges*, *Aiken*, *Charter Oak*, *Abarca*, *Arrowood Indemnity Co.*, *Abedhajajreh*, *Fraser*, *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen*, and *Abbate*;

(iv) Certifying the Court's March 28 Order (ECF No. 3947) as final and directing the Clerk to enter judgment, pursuant to Rule 54(b), in favor of Defendant National Commercial Bank in *Fraser*; and

(v) Directing the Clerk to note in the docket of *Beazley Furlonge*, No. 16-cv-07456, that the case is "Terminated" as to Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group as of May 4, 2017.

Dated: June 20, 2018

Respectfully submitted,

/s/ *Sean P. Carter*
Sean P. Carter
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Telephone:   + 1 215 665 2105
Facsimile:   + 1 215 701 2105
scarter1@cozen.com

*Counsel for the Lloyd's and Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen Plaintiffs*

/s/ *Christopher M. Curran*
Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte
Reuben J. Sequeira
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:   + 1 202 626 3600
Facsimile:   + 1 202 639 9355
ccurran@whitecase.com
nerb@whitecase.com
mleddicotte@whitecase.com
rsequeira@whitecae.com

*Counsel for Al Rajhi Bank*

/s/ *James L. Bernard*
James L. Bernard
Patrick N. Petrocelli
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York  10038
Telephone:   + 1 212-806-5400
Facsimile:   + 1 212-806-6006
jbernard@stroock.com
ppetrocelli@stroock.com

*Counsel for the Arrowood Plaintiffs*

/s/ *Mitchell R. Berger*
Mitchell R. Berger
Alan T. Dickey
Alexandra E. Chopin
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone:   + 1 202 457 6000
Facsimile:   + 1 202 457 6315
mitchell.berger@squirepb.com
alan.dickey@squirepb.com
alexandra.chopin@squirepb.com

*Counsel for The National Commercial Bank*

/s/ *Robert C. Sheps*
Robert C. Sheps
SHEPS LAW GROUP P.C.
25 High Street
Huntington, NY  11743
Telephone:	+ 1 631 249 5606
Facsimile:	+ 1 631 249 5613
rsheps@shepslaw.com

*Counsel for the Charter Oak Plaintiffs*

/s/ *James E. Gauch*
Mary Ellen Powers
James E. Gauch
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone:	+ 1 202 879 3939
Facsimile:	+ 1 202 626 1700
jegauch@jonesday.com
mepowers@jonesday.com

Fahad A. Habib
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:	+ 1 415 626 3939
Facsimile:	+ 1 415 875 5700
fahabib@jonesday.com

*Counsel for Saudi Binladin Group*

/s/ *Christopher R. LoPalo*
Christopher R. LoPalo
Paul J. Napoli
NAPOLI SHKOLNIK, PLLC
400 Broadhollow Road, Suite 305
Melville, NY  11747
Telephone:	+ 1 212 397 1000
clopalo@napolilaw.com
pnapoli@napolilaw.com

*Counsel for the Aguilar, Addesso, Hodges, Aiken, Abarca, Abbate, and Abedhajajreh Plaintiffs*

/s/ *Scott S. Katz*
Scott S. Katz
BUTLER WEIHMULLER KATZ CRAIG LLP
400 N. Ashley Drive, #2300
Tampa, FL  33602
Telephone:	+ 1 813 281 1900
Fascimile:	+ 1 813 281 0900
skatz@butler.legal

*Counsel for the Beazley Furlonge Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 20, 2018, I caused an electronic copy of the foregoing Memorandum of Law in Support of the parties' Joint Motion for Entry of Judgments under Rule 58(d) and for Entry of Partial Final Judgments under Rule 54(b) to be served electronically by the Court's Electronic Case Filing (ECF) System. I caused the foregoing to be filed on the MDL docket and the dockets for the following consolidated cases:

*The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853
*Beazley Furlonge Ltd., et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-07456
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450
*Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651
*Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887
*Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908
*Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123
*Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-07317
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv- 07914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617

Dated: June 20, 2018

/s/ *Christopher M. Curran*
Christopher M. Curran