USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 1 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

ORDER

03-MDL-1570 (GBD)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

*Beazley Furlonge Ltd., et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-07456
*Underwriting Members of Lloyd's Syndicate 2, et al., v. Al Rajhi Bank, et al.*, No. 16-cv-07853
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450
*Charter Oak Fire Ins. Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887
*Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908
*Abedhajajreh, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617

GEORGE B. DANIELS, United States District Judge:

WHEREAS Plaintiffs in *Beazley Furlonge Ltd., et al. v. Kingdom of Saudi Arabia*, No. 16-cv-07456, filed an Amended Complaint on May 4, 2017, (No. 16-cv-07456, ECF No. 22), providing notice of their withdrawal of all claims against Defendants National Commercial Bank, Al Rajhi Bank, and Saudi Binladin Group, thus satisfying the requirements for voluntary dismissal permitted without a court order under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure;

WHEREAS the parties came to be heard on Defendant National Commercial Bank's Motion pursuant to Rule 12(b)(2), and Defendants Al Rajhi Bank and Saudi Binladin Group's Motions pursuant to Rule 12(b)(2) and 12(b)(6), to dismiss all remaining claims asserted against these Defendants in the above-captioned cases;

WHEREAS by its Memorandum Decision and Order dated March 28, 2018, (No. 03-md-1570, ECF No. 3947), this Court granted these Defendants' Motions to Dismiss for lack of personal jurisdiction and consequently denied all relief to Plaintiffs in *The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank ("Lloyd's"), et al.*, No. 16-cv-7853;

WHEREAS by its Memorandum Decision and Order dated March 28, 2018, this Court also finally decided all rights and liabilities arising from the claims against these Defendants by Plaintiffs in the other above-captioned actions, all of whom, in accordance with this Court's May 16, 2017 Order, had adopted as controlling the factual, liability, and jurisdictional allegations of the *Lloyd's* First Amended Complaint;

WHEREAS notwithstanding this Court's observation in its Memorandum Decision and Order dated March 28, 2018, that it did not appear that the Plaintiffs in *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-8617, had adopted as controlling the allegations in the *Lloyd's* First Amended Complaint, the *Abbate* Plaintiffs by Stipulation dated November 7, 2017, (No. 17-cv-8617, ECF No. 4), did in fact adopt as controlling the factual, liability, and jurisdictional allegations in the *Lloyd's* First Amended Complaint;

WHEREAS on June 4, 2018, Magistrate Judge Netburn approved the Stipulation for the *Fraser* Plaintiffs' Adoption of the *Lloyd's* Plaintiffs' Allegations as to The National Commercial Bank, (No. 03-md-1570, ECF No. 4014), and on June 5, 2018, counsel for The National Commercial Bank sought the consent of *Fraser* Plaintiffs' counsel to Rule 54(b) certification of the dismissal of NCB pursuant to this Court's March 28, 2018 decision, to which the *Fraser* Plaintiffs agreed to be bound, and *Fraser* Plaintiffs' counsel has not responded to that request;

WHEREAS, this multidistrict litigation has been pending since 2002, and the current cases against these three defendants have been pending since as early as January 2016, and absent the

entry of Rule 54(b) judgments, it could be several more years before all claims against all defendants are resolved, as the claims against non-dismissed defendants are still in various stages of discovery, and in the meantime, the already-dismissed defendants will be unable to obtain repose, and the plaintiffs will be unable to seek coordinated appellate review of the Court's March 28, 2018 Order. It is thus appropriate at this juncture to enter partial final judgments under Rule 54(b) with respect to Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group that have been entirely dismissed from the case. *See Cullen v. Margiolla*, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate where additional proceedings "could last years," and there was "no just reason to require the parties to await the conclusion of that remedy phase in order to seek review of the claims already dismissed");

WHEREAS, this Court's March 28, 2018 Order has dismissed all claims asserted by any Plaintiff against said Defendants and have decided finally the rights and liabilities of these Defendants, constituting final decisions within the meaning of 28 U.S.C. § 1291 as to these Defendants; and

WHEREAS, after careful consideration of the parties' joint request for entry of final judgments and entry of partial final judgments, this Court determines that there is no just reason for delay in entering partial final judgments under Rule 54(b) with respect to Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Entry of Judgments under Rule 58(d) and for Entry of Partial Final Judgments under Rule 54(b) is GRANTED;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment, pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, in favor of Defendants Al Rajhi Bank, National

Commercial Bank, and Saudi Binladin Group in *The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853;

**IT IS FURTHER ORDERED** that Plaintiffs in *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-8617, by virtue of their November 7, 2017 Stipulation, are bound by this Court's Memorandum Decision and Order dated March 28, 2018, dismissing all claims against Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group, and the Clerk of Court shall note in that docket that the case is "Terminated" as to these Defendants as of March 28, 2018;

**IT IS FURTHER ORDERED** that this Court's March 28, 2018 Memorandum Decision and Order is final , and the Clerk of Court shall enter partial final judgments, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, in favor of Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group in each of the following actions: *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv- 07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617, and the Clerk of Court shall note in each of these dockets that the case is "Terminated" as to these defendants as of March 28, 2018;

**IT IS FURTHER ORDERED** that this Court's March 28, 2018 Memorandum Decision and Order is final, and the Clerk shall enter partial final judgment, pursuant to Rule 54(b) of the

4

Federal Rules of Civil Procedure, in favor of Defendant National Commercial Bank in *Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-07317, and the Clerk of Court shall note in the docket that the case is "Terminated" as to this defendant as of March 28, 2018; and

**IT IS FURTHER ORDERED** that, because Plaintiffs in *Beazley Furlonge Ltd., et al. v. Kingdom of Saudi Arabia*, No. 16-cv-07456, by virtue of their May 4, 2017 Amended Complaint, voluntarily dismissed their claims against Defendants Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group, the Clerk of Court shall note in that docket that the case is "Terminated" as to these Defendants as of May 4, 2017.

Dated: June 21, 2018
      New York, New York

SO ORDERED.

*George B. Daniels*
George B. Daniels
United States District Judge

5