UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (FM) <br> ECF Case |
|---|---|

This document relates to:

*Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-CV-6977 (GBD)(FM)

James P. Kreindler, Esq., hereby states under penalty of perjury that:

1. I am an attorney representing the *Ashton* plaintiffs in the above-captioned litigation. I submit this declaration in support of the Notice of Motion to vacate the final judgment for solatium damages of $4.25 million awarded by this Court to Elisabeth Scott on August 17, 2017 and to enter in its place a final order of summary judgment of $8.5 million plus prejudgment interest in the amount of 4.96% per annum on Ms. Scott's behalf as the parent of September 11th decedent, Scott McGovern. We make this request to correct an inadvertent error caused by our representation of two September 11th families who possess the same surname and relatives with similar birth names. This error was identified as we engaged in the process of reviewing all supporting documentation while preparing applications to the United States Victims State Sponsored Terrorism Fund. The corrected proposed order reflects the true relationship between claimant Elisabeth Scott and her son, September 11th decedent, Scott McGovern.

2. The source of my information and the basis for my belief in the statements contained herein is my personal involvement in this matter, my firm's representation of the *Ashton* plaintiffs in connection with the September 11th litigation against the airline defendants, other court records relating to the multi-district litigation to which the *Ashton* plaintiffs are parties and conversations had with family members to the *Ashton* plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

3. On August 26, 2015, this Court entered a default judgment on liability against Iran to all *Ashton* plaintiffs for claims arising out of the deaths of the plaintiffs' decedents.

4. On August 16, 2017, the *Ashton* plaintiffs filed a motion for final default judgment for solatium damages on behalf of certain family members eligible to recover such damages under 28 U.S.C. §1605A (the "*Ashton III*" claimants).

5. The Court previously found that, due to the unique circumstances of the September 11th attacks and awards issued for solatium damages in other terrorism cases, the appropriate solatium damages awards for surviving parents and siblings in this litigation were as follows: $8.5 million for surviving parents and $4.25 million for surviving siblings.

6. The *Ashton III* claimants were listed in Exhibit A of Plaintiffs' August 16, 2017 Motion, along with each claimant's relationship to the decedent and the amount of solatium damages that the claimants moved the Court to award to them based on the Court's prior orders. See 1:03-md-01570-GBD-SN, Dkt. No. 3687-1, Filed 8/16/17.

7. On August 17, 2016, the Court granted the *Ashton III* claimants' motion and entered final default judgment for solatium damages to all those relatives listed in Exhibit A to the motion, in the amounts specified in Exhibit A. *See* 1:03-md-01570-GBD-SN, Dkt. No. 3706, Entered 8/17/17.

8. Elisabeth Scott, one of the *Ashton III* claimants was incorrectly listed as the sibling of decedent Scott McGovern in Exhibit A and awarded $4.25 million in solatium damages by the Court. Ms. Scott is not the decedent's sibling but rather she is his biological mother and thus should have been awarded final judgment in the amount of $8.5 million.

9. This error was the result of my office's representation of two families with identical last names and overlapping birth names. We discovered our error while preparing Ms. Scott's

application for the United States Victims of State Sponsored Terrorism Fund. During that process, we reviewed official government documentation demonstrating the true relationship.

10. After identifying this error, our office conducted a further review of all *Ashton III* claimants' awards and also again reviewed official government documentation concerning each claimant and that claimant's relationship to the September 11th decedent. Out of the 367 solatium claims submitted to the Court in Exhibit A to Plaintiffs' August 16, 2017 motion, Elisabeth Scott was the only claimant whose relation to the September 11th decedent we found was not listed properly.

11. My firm has taken corrective action to protect against further errors in the preparation of the exhibits attached to motions for solatium damages subsequently filed on behalf of any *Ashton* claimants. To minimize the chance of any error, we instituted a new quality control process, during which an attorney reviews all case files and corroborates that the relationship is as stated in the exhibit attachment and that the claimants all survived the deaths of their loved ones on September 11, 2001.

12. Accordingly, I respectfully request that the Court vacate the judgment granted on August 17, 2017 to Elisabeth Scott, and in its place grant the proposed order to award Elisabeth Scott a final judgment of solatium damages as the parent of September 11th decedent, Scott McGovern, in the amount of $8.5 million plus prejudgment interest to be calculated at a rate of 4.96% per annum. A proposed order is attached hereto as Exhibit A.

Dated: July 12, 2018
    New York, NY

/s/ James P. Kreindler
James P Kreindler, Esq (7084)
KREINDLER & KREINDLER LLP
750 Third Ave, 32nd Fl
New York, NY 10017
(212) 973 – 8181
Counsel for *Ashton* Plaintiffs