# BERNABEI & KABAT, PLLC

ATTORNEYS AT LAW
1400 16th STREET, N.W., SUITE 500
WASHINGTON, D.C. 20036-2223

| | | |
|---|---|---|
| LYNNE BERNABEI | 202.745.1942 | KRISTEN SINISI |
| ALAN R. KABAT | FAX: 202.745.2627 | MICHAEL ELLEMENT |
| PETER M. WHELAN | WWW.BERNABEIPLLC.COM | DEVIN WRIGLEY |

July 27, 2018

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

  Re: *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

  Without consultation regarding date or location, Plaintiffs noticed the depositions of five former charity officials (four of whom are also represented by Lewis Baach Kaufmann Middlemiss, counsel for the Muslim World League ("MWL") and the International Islamic Relief Organization ("IIRO")), from September 10 to 18 in London. With respect to the four former MWL and IIRO officials, counsel agreed to the dates unilaterally selected by Plaintiffs and informed them: (i) that these are all elderly Saudi nationals living in Saudi Arabia; (ii) that three of them suffer from multiple, serious health issues including cancer and cardiac problems, one of whom, Dr. Abdullah Naseef, has been hospitalized for a long period of time and is medically unable to sit for a deposition, and two others, Drs. Abdullah Al-Turki and Adnan Basha, can sit for a deposition but are unable to travel to London and agree to be deposed by video-link from Saudi Arabia, which counsel would facilitate; and (iii) that Dr. Al-Obaid, although 76 years of age, could travel to London, but it would be far more efficient to do all the depositions in one weeklong series from Saudi Arabia rather than have a dozen or more lawyers travel to London and then return to the United States and/or travel to Riyadh to do the video depositions. Had Plaintiffs shown a modicum of cooperation or willingness to make reasonable accommodation for health issues for witnesses of advanced years, we would not need to trouble the Court with scheduling issues. Instead, Plaintiffs insisted on their place of deposition, ignored counsel's representations and refused to negotiate with counsel for a reasonable solution. We note that such lack of accommodation causes increased cost and delay.

  We hereby move for the Court, pursuant to Rule 26(c)(1), Fed. R. Civ. P., to order that Dr. Al-Obaid, Dr. Al-Turki and Dr. Basha be deposed by video-link; or that Dr. Al-Obaid be deposed in London on or about September 10, with Dr. Al-Turki and Dr. Basha's depositions be held thereafter by video-link in Saudi Arabia, and Dr. Naseef's deposition postponed until his health permits it. (Counsel for Soliman Al-Buthe will write separately regarding his deposition.)

The Honorable Sarah Netburn
July 27, 2018
Page 2

### I.     Factual and Procedural Background.

Counsel for defendants Dr. Al-Turki, Dr. Al-Obaid, Dr. Basha, and Dr. Naseef repeatedly attempted to engage in a discussion with counsel for Plaintiffs regarding the deposition location, and proposed that their depositions (except for Dr. Naseef, who remains unable to participate) take place by videoconferencing, given that the Deposition Protocol Order expressly contemplates videoconference depositions (Section 32), and that depositions can take place at other locations (Section 31); *see also* Transcript, at 27 ("if we identify a particular witness from your client who, for whatever reason, it would be a significant hardship to travel or impossibility to travel" then take "that deposition by video hook up with the person in Saudi Arabia and the lawyers in New York") (Sept. 7, 2017).  *See* A. Kabat letters (Feb. 26, 2018; Apr. 16, 2018; June 8, 2018; July 20, 2018) (attached hereto as Exhibits 1-4).  However, Plaintiffs refused to negotiate on the deposition location, repeatedly insisting that depositions could only take place in London.  Defendants have since submitted declarations explaining the medical and family issues that preclude two of the defendants from traveling (Dr. Al-Turki and Dr. Basha), and one of the defendants from being deposed (Dr. Naseef, filed under seal) [ECF Nos. 4063, 4071].

### II.    This Court Should Grant the Motion for a Protective Order and Require Plaintiffs to Depose Defendants by Videoconference from Their Home Cities.

This Court should exercise its discretion under Rule 26(c)(1), Fed. R. Civ. P., and grant the Defendants' letter motion for a protective order directing that (1) the depositions of Dr. Al-Turki, Dr. Al-Obaid, and Dr. Basha take place by videoconferencing from Saudi Arabia; and (2) the deposition of Dr. Naseef be postponed until such time as his health recovers so that he can participate in this litigation.  Videoconference depositions will substantially reduce the costs for Plaintiffs, as their counsel can take the depositions from their home offices, and will not have to travel to London.  As set forth below, good cause exists for granting the requested relief.

The courts in this jurisdiction and elsewhere have routinely granted protective orders that seek to have a deposition take place by videoconferencing from the deponent's home country, instead of requiring the deponent to travel to a foreign or inconvenient location, particularly where, as here, two of the deponents have serious medical and family issues that preclude their travel (Dr. Al-Turki and Dr. Basha), and one deponent also believes he will be unable to get a visa to travel to London, based on his past experience (Dr. Basha).

Magistrate Judge Gorenstein granted the motion of a defendant in a securities fraud action to be deposed by videoconference from Pakistan.  *Securities & Exchange Comm'n v. Aly*, 320 F.R.D. 116, 117 (S.D.N.Y. 2017).  Here, the "undue burden" on the defendant in "forcing [him] to travel to … another country for his deposition," *id.* at 119, was easily resolved through using videoconferencing: "This potential burden on travel to each side plainly points to holding the deposition by videoconference.  This is frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides." *Id.* at 119 (collecting cases).  Indeed, "parties routinely conduct depositions via videoconference, and courts encourage the same, because doing so minimizes travel costs and permits the jury to make credibility evaluations not available when a transcript is read by another." *Id.* (collecting cases).

The Honorable Sarah Netburn
July 27, 2018
Page 3

Judge Sweet similarly held that depositions by videoconference would be required for foreign deponents. In *Koch*, the plaintiffs alleged that they would be unable to obtain visas to travel to the United States, so Judge Sweet ordered that their depositions would take place "via videoconference" from their home country, the Czech Republic. *Koch v. Pechota*, No. 10 Civ. 9152 (RWS), 2012 WL 2402577, at *7 (S.D.N.Y. June 26, 2012). In *Zakre*, Judge Sweet ordered that the deposition of a key witness take place by videoconference from Germany, due to the hardship on that deponent to travel. *Zakre v. Norddeutsche Landesbank Girozentrale*, No. 03 Civ. 257 (RWS), 2003 WL 22208364, at *2 (S.D.N.Y. Sept. 23, 2003).

There are straightforward protocols for ensuring that a videoconference deposition would be an acceptable process where a deponent is unable to travel to the location:

> A video conference deposition should resolve any concerns defense counsel has over observing plaintiff's demeanor. All documents should be pre-marked and sent to plaintiff in advance of the deposition date. This will reduce any difficulty in identifying documents during the deposition.

*Connell v. City of New York*, 230 F. Supp. 2d 432, 437 (S.D.N.Y. 2002). Judges in other jurisdictions across the country have similarly recognized the value of videoconference depositions and the need to allow videoconference depositions where, as here, it would be an undue burden on the defendants to travel to London for their depositions. Magistrate Judge Scott of the Western District held, in *Sloniger*, that a deponent would be deposed in Germany, given his "medical condition and family situation." *Sloniger v. Deja*, No. 09-CV-858 (S), 2010 WL 5343184, at *7 (W.D.N.Y. Dec. 20, 2010). Judge Scott further ordered that the deposition take place by video conference, because it would be "a more cost-effective manner," since counsel would not need to travel to the deposition location. *Id.* at *10-11. *See generally Carrico v. Samsung Electronics Co.*, No. 15-cv-02087-DMR, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016) ("Courts in this district have found that remote videoconference depositions can be an effective and efficient means of reducing costs.") (collecting cases); *Lopez v. CIT Bank, N.A.*, No. 15-cv-00759-BLF(HRL), 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015) ("This court has repeatedly observed that remote videoconference depositions conducted through software like Skype tend to be an effective and efficient means of reducing costs.") (citations omitted).

The purpose here is to obtain the testimony of these witnesses. Counsel has obtained their consent to sit for deposition at the time requested. But plaintiffs ignore their advanced age, health, and family circumstances. Plaintiffs have not shown the requisite good cause for forcing the four defendants to travel to London, particularly where three of them have presented significant hardship to traveling outside their home country. It would be far more economical for both Plaintiffs and Defendants to take all three depositions by videoconference (with Dr. Naseef's deposition postponed until he recovers), so that the Plaintiffs' counsel will <u>not</u> incur any travel expenses, and the defendants' counsel who choose to attend the depositions in person need only make one round-trip, not a multi-leg trip between the United States, London, and two cities in Saudi Arabia.

The Honorable Sarah Netburn
July 27, 2018
Page 4

        Respectfully submitted,

        */s/ Alan R. Kabat*
        _____
        Lynne Bernabei (LB 2489)
        Alan R. Kabat (AK 7194)
        Bernabei & Kabat, PLLC
        1400 – 16th Street, N.W., Suite 500
        Washington, D.C. 20036-2223
        (202) 745-1942

        Eric L. Lewis (EL 0038)
        Waleed Nassar (*pro hac vice*)
        Lewis Baach Kaufmann Middlemiss PLLC
        1899 Pennsylvania Avenue, N.W., Suite 600
        Washington, D.C. 20006
        (202) 833-8900 (voice)
        (202) 466-5738 (facsimile)

        *Attorneys for Defendants Dr. Al-Turki, et al.*

cc: All MDL Counsel of Record (via ECF)