<div align="center">

# BERNABEI & KABAT, PLLC

ATTORNEYS AT LAW
1400 16th STREET, N.W., SUITE 500
WASHINGTON, D.C. 20036-2223

</div>

| | | |
|---|---|---|
| LYNNE BERNABEI | 202.745.1942 | KRISTEN SINISI |
| ALAN R. KABAT | FAX: 202.745.2627 | MICHAEL ELLEMENT |
| PETER M. WHELAN | WWW.BERNABEIPLLC.COM | DEVIN WRIGLEY |

July 30, 2018

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      Plaintiffs noticed the deposition of Soliman Al-Buthe to take place in London in September 2018, despite having been previously informed, twice, that he could not travel outside his home country, and that a deposition would require him to invoke the Fifth Amendment privilege against self-incrimination. *See* A. Kabat letter to S. Carter (Apr. 16, 2018); A. Kabat letter to S. Carter (June 8, 2018) (attached hereto as Exhibits A-B).

      Plaintiffs nonetheless persisted in noticing and re-noticing Mr. Al-Buthe's deposition, without explaining how a deposition could be taken at a location that he could not travel to, or why videoconferencing would not be an acceptable alternative, as this Court expressly recognized. *See* Deposition Protocol Order, at Section 31 ("a deposition may take place in some location other than those four Presumptively Acceptable Locations"); *id.* at Section 32 ("the deposition may be taken by videoconference"); *see also* Transcript, at 27 ("if we identify a particular witness from your client who, for whatever reason, it would be a significant hardship to travel or impossibility to travel" then take "that deposition by video hook up with the person in Saudi Arabia and the lawyers in New York") (Sept. 7, 2017). Mr. Al-Buthe has submitted a declaration which confirms that he cannot travel due to the pending criminal case in Oregon and because he is the primary caregiver for his father; further, if a deposition were to take place, he would have to invoke the Fifth Amendment privilege against self-incrimination. *See* Declaration of Soliman H. Al-Buthe (July 30, 2018) (attached hereto as Exhibit C).

      Mr. Al-Buthe therefore moves the Court, pursuant to Rule 26(c)(1), Fed. R. Civ. P., to order that he be deposed by videoconference, for the reasons set forth in the letter submitted on behalf of Dr. Al-Turki, *et al.* (ECF No. 4073) (July 27, 2018), if the plaintiffs wish to depose him about subjects for which he would not have to assert the Fifth Amendment privilege. If plaintiffs had attempted to negotiate, then we would not need to trouble the Court with this issue.


The Honorable Sarah Netburn
July 30, 2018
Page 2

        Respectfully submitted,

        */s/ Alan R. Kabat*

        _____
        Lynne Bernabei (LB 2489)
        Alan R. Kabat (AK 7194)
        Bernabei & Kabat, PLLC
        1400 – 16th Street, N.W., Suite 500
        Washington, D.C. 20036-2223
        (202) 745-1942

        *Attorneys for Defendant Soliman H. Al-Buthe*

cc:    All MDL Counsel of Record (via ECF)