# BERNABEI & KABAT, PLLC

## ATTORNEYS AT LAW

### 1400 16th STREET, N.W., SUITE 500
### WASHINGTON, D.C. 20036-2223

| | | |
|---|---|---|
| **LYNNE BERNABEI** | **202.745.1942** | **KRISTEN SINISI** |
| **ALAN R. KABAT** | **FAX: 202.745.2627** | **MICHAEL ELLEMENT\*** |
| **PETER M. WHELAN** | WWW.BERNABEIPLLC.COM | **DEVIN WRIGLEY** |

\* ADMITTED IN MD ONLY

<u>By Email and First Class Mail</u>
April 16, 2018

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
Cozen O'Connor, P.C.
1650 Market Place
Philadelphia, PA 19103-7301

Re:    <u>*In re Terrorist Attacks*</u>, No. 03-MDL-1570

Dear Counsel:

I write on behalf of defendant Mr. Soliman H.S. Al-Buthe, in response to the queries that plaintiffs' counsel raised during the discovery conference call on April 11, 2018.

If his deposition were to go forward, Mr. Al-Buthe would have to be deposed by videoconferencing from Saudi Arabia as he cannot travel outside that country, and he would require an Arabic translator. We can work with you to identify a suitable office location in Saudi Arabia for the videoconferencing, which will save the plaintiffs the substantial travel expenses of taking depositions in Western Europe.

However, as you know, Mr. Al-Buthe remains named as a defendant in the indictment that is pending in the U.S. District Court for the District of Oregon. While the government agreed to dismiss both the Al Haramain Islamic Foundation, Inc. (USA) and Perouz Sedaghaty – the latter after the U.S. Court of Appeals reversed and remanded the decision as to Mr. Sedaghaty – Mr. Al-Buthe is still listed as a defendant. If he were to be deposed in the civil case, he would have to assert the Fifth Amendment privilege against self-incrimination. We are trying to remove that impediment through taking all efforts possible to get the criminal case dismissed, but that has not yet happened.

Further, given that there are no other "Al Haramain defendants" remaining in this case, it is not clear to me that plaintiffs will have any broader use for Mr. Al-Buthe's testimony. He would not have relevant information (that plaintiffs do not already know) regarding the other defendants who do remain in this case. Could you let us know what information you think Mr. Al-Buthe has that would be of use in these actions?

Exhibit A

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
April 16, 2018
Page 2 of 2


      We look forward to your response.

                Sincerely,

                */s/ Alan*

                Alan R. Kabat


cc:  MDL 1570 counsel

Exhibit A

# BERNABEI & KABAT, PLLC

### ATTORNEYS AT LAW

### 1400 16th STREET, N.W., SUITE 500
### WASHINGTON, D.C. 20036-2223

| | | |
|---|---|---|
| **LYNNE BERNABEI** | **202.745.1942** | **KRISTEN SINISI** |
| **ALAN R. KABAT** | **FAX: 202.745.2627** | **MICHAEL ELLEMENT\*** |
| **PETER M. WHELAN** | WWW.BERNABEIPLLC.COM | **DEVIN WRIGLEY** |

\* ADMITTED IN MD ONLY

<u>By Email and First Class Mail</u>
June 8, 2018

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
Cozen O'Connor, P.C.
1650 Market Place
Philadelphia, PA 19103-7301

  Re:  <u>*In re Terrorist Attacks*</u>, No. 03-MDL-1570

Dear Counsel:

  I write on behalf of Defendant Soliman H.S. Al-Buthe, in response to the deposition notice and cover letter that you sent on June 4, 2018.

  As a threshold matter, I never received any response to my letter dated April 16, 2018, in which I wrote that (1) Mr. Al-Buthe remains a named defendant in the indictment that is pending in the U.S. District Court for the District of Oregon, and would have to assert the Fifth Amendment privilege against self-incrimination, although we were trying to get the criminal case dismissed; (2) if Mr. Al-Buthe were to be deposed, a deposition would have to take place by videoconferencing since he cannot travel outside his home country due to travel restrictions; and (3) given that he is the only remaining "Al Haramain defendant" in this case, it was not clear what use plaintiffs will have for his testimony since he does not have relevant information about other defendants who remain in the case that the plaintiffs would not already know.

  The absence of any response from plaintiffs over the past two months led me to believe that Mr. Al-Buthe's deposition would not be noticed given these issues, so that there was no need to provide potential deposition dates.

  I can now confirm that the U.S. Attorney's Office for the District of Oregon stated on May 10, 2018, that they would not be dismissing the February 2005 indictment despite the passage of over a decade since the indictment was filed, and the resolution of that case as to the two other defendants in 2014.  This means that Mr. Al-Buthe would continue to have to assert the Fifth Amendment privilege to questioning at his deposition.

Exhibit B

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
June 8, 2018
Page 2 of 2


   Therefore, the same issues that were pending at the time I wrote on April 16, 2018 remain an impediment to Mr. Al-Buthe's deposition at the present time.

        Sincerely,

        */s/ Alan*

        Alan R. Kabat


cc:  MDL 1570 counsel

Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| *In re Terrorist Attacks on Sept. 11, 2001* | ) ) ) | No. 03-MDL-1570 (GBD)(SN) |

## DECLARATION OF SOLIMAN H. AL-BUTHE

Under penalty of perjury, I, Soliman H. Al-Buthe, attest that the following is true and correct to the best of my knowledge:

1.     I am unable to travel outside of Saudi Arabia for a deposition for two reasons.

2.     First, because of the criminal case in Oregon (USA), No. 6:05-cr-60008-AA, and the designation by the Office of Foreign Assets Control, I am unable to fly out of the country or obtain visas to travel to other countries.

3.     Second, I am currently the primary caregiver for my father who has been in the Intensive Care Unit (ICU) for 2 years 7 months [01/2016], as he suffers from multiple/conditions, including Pulmonary Tracheal bleeding, Respiratory on mechanical ventilator, S/P craniotomy for subdural hematoma/ Cerebellar hemorrhage, Seizure disorder, Tracheostomy and bed ridden.

4.     Further, even if I could travel, on the advice of counsel, I would have to assert the Fifth Amendment privilege against self-incrimination at a deposition, as otherwise my testimony could be used against me in the criminal case.

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED: _____
Soliman H. Al-Buthe

DATED:   7 / 30 / 2018

Exhibit C