Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
————
(202) 326-7900
FACSIMILE:
(202) 326-7999

July 31, 2018

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:     *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Defendant Kingdom of Saudi Arabia ("Saudi Arabia") respectfully submits this letter concerning the confidentiality of documents produced to Plaintiffs and requesting a supplementation of the existing protective order in this litigation (ECF No. 1900).

Pursuant to the document production deadline established by this Court, Saudi Arabia has produced to Plaintiffs today 3,818 documents, consisting of 6,674 total pages. Some documents are highly sensitive and should remain confidential even if attached to or described in judicial filings. In particular, Saudi Arabia has produced certain consular and diplomatic files. These documents are subject to the "broad," "advisedly categorical," and "strong" protections of the Vienna Convention on Diplomatic Relations of 1961 and the Vienna Convention on Consular Relations of 1963. *See 767 Third Ave. Assocs. v. Permanent Mission of Republic of Zaire to United Nations*, 988 F.2d 295, 298-99 (2d Cir. 1993). Nevertheless, Saudi Arabia has made a voluntary production of responsive diplomatic and consular files that it has reviewed. These documents contain sensitive governmental communications that should remain confidential. *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 399 (D.C. Cir. 1984) (recognizing importance of "protecting information vital to . . . diplomatic relations"); *LNC Invs., Inc. v. Republic of Nicaragua*, 1997 WL 729106, at *3 (S.D.N.Y. Nov. 21, 1997) ("Courts have long held that foreign governments are entitled to protect their executive deliberations.").[1]

_____

[1] As Saudi Arabia has made clear in its discovery responses, it has limited its search for and review of diplomatic and consular documents by employing specific reasonable search parameters disclosed to the Court and Plaintiffs in advance, and is reserving its rights under the Vienna Conventions as to all other documents. *See* ECF No. 4005, at 6.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 31, 2018
Page 2

Saudi Arabia has also produced personnel files and financial records and has designated certain documents in those files and records as confidential. Courts routinely seal such documents even in public filings to protect the privacy of the individuals involved. *See Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72-73, 78 (S.D.N.Y. 2010) (requiring "personnel files" to be filed under seal and observing that "courts have generally characterized personnel files as confidential"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 510-11 (S.D.N.Y. 2015) (sealing financial records contained in judicial filings).[2]

The current protective order – entered on October 3, 2006 – does not provide sufficient protection for those and other categories of confidential documents. In fact, that order does not even address documents that are filed with the Court. *See* ECF No. 1900, at 16 ("[n]othing in this Order shall be construed to apply to any Disclosure or Discovery Material filed with the Court in connection with any trial, other hearing, or as an exhibit or other attachment to any motion"). If Saudi Arabia seeks to file any of these documents with the Court, it can obviously ask the Court that they be placed under seal at that time. *See*, *e.g.*, ECF No. 4072 (allowing physician declaration to be filed under seal). But under the protective order currently in place, Plaintiffs can place any of Saudi Arabia's confidential documents on the public docket simply by attaching them to a filing, without giving Saudi Arabia any opportunity to seek an order sealing those documents prior to their publication. That does not give due regard to the "concept of international comity," *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 543-44 (1987), embodied by the Foreign Sovereign Immunities Act of 1976.

Accordingly, Saudi Arabia respectfully requests that this Court order that judicial filings containing or discussing documents designated as confidential by Saudi Arabia (or information derived from such documents) must be temporarily sealed for two weeks. During those two weeks, Saudi Arabia will have an opportunity to move to maintain any portion of the filing under permanent seal. If it makes such a motion, Saudi Arabia will (as required by ¶ III(d) of Your Honor's Individual Practices) endeavor to make the specific showing required by *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), as to the material at issue. If Saudi Arabia does not make such a motion within two weeks, or if the motion is denied, the Clerk will place the sealed filing on the public docket.

Saudi Arabia's proposed procedure will provide Saudi Arabia with a fair opportunity to demonstrate that particular documents should remain under seal. Indeed, Judge Casey's prior

---

[2] *See also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 601 (2d Cir. 1986) (protective order properly limited disclosure of "personnel files" to counsel in order "to preserve the privacy of [defendant's] employees"); *Perez v. Jupada Enters., Inc.*, 2011 WL 501601, at *2 (S.D.N.Y. Feb. 14, 2011) (collecting cases for personnel files); *Broadhurst Invs., LP v. Bank of New York Mellon*, 2010 WL 3154840, at *6 (S.D.N.Y. Aug. 2, 2010) ("[F]inancial information, including bank account information, depending upon the context, may be filed under seal.").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 31, 2018
Page 3

ruling contemplated that parties should be given such an opportunity.  Judge Casey concluded only that the "general assertions of good cause" in "the Defendant's Committee's *current* application" – made before any substantial discovery in this litigation – did not justify sealing all materials "submitted to the Court in connection with trial, other hearings, and motions."  ECF No. 1900, at 5, 6 (emphasis added).  The proposed procedure will also be efficient by limiting any potential motions practice to materials that are actually filed with the Court.[3]

Plaintiffs have rejected Saudi Arabia's proposal for three reasons, none of which has merit.  *See* Ex. A (proposal); Ex. B (response).  *First*, Plaintiffs have asserted that Saudi Arabia's proposal would impose burdens on them, but the proposal places the burden of maintaining documents under seal on Saudi Arabia.  *Second*, Plaintiffs have claimed that Saudi Arabia has not identified what sensitive documents will be produced.  To the contrary, Saudi Arabia explained that it was producing personnel files, financial records, and diplomatic and consular communications.  *Third*, Plaintiffs have argued that Judge Casey previously rejected Saudi Arabia's proposal.  Not so.  The Defendants' Committee's 2006 proposal to which Plaintiffs refer would have required *Plaintiffs* either to seek to maintain confidential material under seal or to challenge confidentiality designations before filing.  *See* ECF No. 1901, at § IIX.F.  By contrast, Saudi Arabia proposes that confidential material be sealed only temporarily and places the burden on Saudi Arabia, as the proponent of confidentiality, to justify permanent sealing.  Such a modest accommodation to the confidentiality concerns of a foreign sovereign is fully warranted by principles of comity in the circumstances of this case.

A copy of Saudi Arabia's proposed language supplementing the existing protective order is being submitted by e-mail to the Orders and Judgments Clerk, with a copy to Plaintiffs.  Because the documents in question are being produced today under the July 31, 2018 document production deadline, Saudi Arabia further requests that this Court order Plaintiffs not to file any of Saudi Arabia's confidential information on the public docket while the Court considers this letter-motion.  An additional proposed order to that effect is also being submitted.

---

[3] In meet-and-confer discussions, Plaintiffs have suggested that Saudi Arabia could identify all materials that it believes should remain under permanent seal at the time that it produces documents.  But only a small minority of the documents produced are likely to be filed with the Court, and only a minority of those are likely to be appropriate for filing under permanent seal.  Requiring Saudi Arabia to review its entire production to identify all documents as to which it will seek sealing would be overly burdensome and impractical.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
July 31, 2018
Page 4

Respectfully submitted,

*/s/ Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

cc:    Chambers of the Honorable George B. Daniels (via facsimile)
       All MDL Counsel of Record (via ECF)