# Exhibit A

| | |
|---|---|
| **From:** | Kellogg, Michael K. |
| **To:** | Carter, Sean; Kreindler, James |
| **Cc:** | Rapawy, Gregory G.; Shen, Andrew C. |
| **Subject:** | Meet and confer items. |
| **Date:** | Sunday, July 08, 2018 6:01:18 PM |
| **Attachments:** | Stip and Proposed Order re confidentiality.docx |

Dear Sean and Jim:

I hope you are having a good summer. There are two items on which we need to meet and confer.

First, many of the documents that that we will be producing by the end of the month (including personnel files, financial records, and educational records) are properly designated confidential under the terms of Judge Casey's existing confidentiality order [ECF No. 1900], which precludes any use or disclosure outside this litigation. Some of the materials we will be producing, however, are not adequately protected under the terms of the existing order, which allows for the public filing of documents marked confidential.

Accordingly, we would like to stipulate to an order that creates a procedure covering such materials that would allow them to be filed under temporary seal. After the temporarily sealed filing, the party seeking confidential treatment would have 14 days either to move to maintain such documents under permanent seal or to withdraw its designation. A draft of the stipulation and proposed order is attached. As you will see, the stipulation does not in and of itself contain any concession that any particular materials or categories of materials should be permanently sealed. It merely creates a procedure for presenting such concessions to the court.

Second, Mag, Judge Netburn asked us to confer on the possibility of sharing a single translator to provide certified translations of documents for the court. We have been working with Navigant and Linguistic Systems, Inc. ("LSI") to produce translations of the documents we have gathered to determine responsiveness and any privilege issues. These are, for the most part, merely work product translations for our own use in preparing the document production by July 31. We do plan, however, to have Navigant and LSI prepare certified translations of any documents to be used in Court. We would be happy to work out an arrangement in which either side could designate items for certified translation by LSI and we would split the cost of those certified translations.

I am traveling starting Tuesday evening but am available before then to meet and confer by phone. Alternatively you can connect with Greg Rapawy and Andy Shen.

Thanks,

Michael


Michael K. Kellogg
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400

Washington, DC  20036
Tel:  (202) 326-7902
Fax:  (202) 326-7999
Email:  mkellogg@kellogghansen.com

NOTICE: This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately via reply e-mail, and then destroy all instances of this communication.

**STIPULATION AND [PROPOSED] ORDER – DISCUSSION DRAFT**

1. This Order modifies the Order of this Court dated October 3, 2006 (ECF No. 1900) ("Protective Order"). The terms in this Order have the meaning given to them in the Protective Order. Except as modified by this Order, the Protective Order remains in force.

2. The term "KSA Jurisdictional Protected Material," as used in this Order, refers to Protected Material produced or designated in connection with jurisdictional discovery concerning the Kingdom of Saudi Arabia under the Order of this Court dated March 28, 2018 (ECF No. 3946). This Order applies only to KSA Jurisdictional Protected Material.

3. Notwithstanding Paragraph M.3 of the Protective Order, this Order applies to KSA Jurisdictional Protected Material that a Party seeks to file with this Court. No Party shall file KSA Jurisdictional Protected Material with this Court except as provided by this Order.

4. Any Party that seeks to make a filing that includes KSA Jurisdictional Protected Material shall make its filing under temporary seal with the Clerk of this Court. The Clerk of this Court is authorized to accept filings under temporary seal upon being presented with a copy of this Order and a representation from Counsel for a Party that the filing contains material subject to this Order.

5. Within fourteen days after a filing under temporary seal authorized by this Order, or within such time as may be set by further order of this Court, any Party that is a Designating Party as to any KSA Jurisdictional Protected Material contained in that filing shall either (a) move the Court to maintain such Material (or any part of such Material) under permanent seal or (b) advise the Clerk and all Receiving Parties by letter that it withdraws its designation as to such Material (or any part of such Material).  A Designating Party that fails to comply with this paragraph shall be deemed to have withdrawn its designation as to all KSA Jurisdictional Protected Material in this filing.

6. If after a filing under temporary seal authorized by this Order at least one Party timely moves to maintain KSA Jurisdictional Protected Material under permanent seal, then the filing shall remain under temporary seal until further order of this Court.  Any opposition shall be filed within fourteen days after the motion. Any reply shall be filed within seven days after the opposition.

7. If after a filing under temporary seal authorized by this Order no Party timely moves to maintain KSA Jurisdictional Protected Material under permanent seal, then the temporary seal shall expire.  The Clerk shall then unseal the filing and place it on the public docket.  Any Party may advise the Clerk by letter that unsealing is appropriate under this paragraph.

8. A Party filing under temporary seal authorized by this Order shall provide unredacted courtesy copies to chambers as required by the individual practices of Judge Daniels and the undersigned. Such a Party shall not be required to propose redactions. A Designating Party moving to maintain KSA Jurisdictional Protected Material under permanent seal may propose redactions as part of its motion and, if it does so, shall comply with the individual practices of the undersigned concerning proposed redactions.