# Exhibit B

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| **Plaintiffs' Executive Committee for Personal Injury and Death Claims** | **Plaintiffs' Executive Committee for Commercial Claims** |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

## VIA ELECTRONC MAIL

July 19, 2018

Michael K. Kellogg (MKellogg@kellogghansen.com)
Gregory G. Rapawy (GRapawy@kellogghansen.com)
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

     Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Michael and Greg:

     On behalf of the Plaintiffs' Executive Committees ("PECs"), we write to respond to the Kingdom of Saudi Arabia's proposal that a special confidentiality order be entered in relation to the discovery proceedings that are ongoing as to the Kingdom of Saudi Arabia ("the Kingdom") pursuant to the Justice Against Sponsors of Terrorism Act ("JASTA").

     The draft of the proposed Confidentiality Order submitted by the Kingdom to the PECs would allow the Kingdom to unilaterally designate any documents it is producing in response to the 9/11 plaintiffs' discovery requests as "protected material." Any court filings including any such "protected material" would have to be submitted under seal. The Kingdom's proposal would mark a stark departure from the omnibus confidentiality and protective order ("omnibus order") initially sought by the Kingdom and imposed by the Court on October 3, 2006 (ECF No. 1900), which provides broad authority for parties in this litigation to designate sensitive materials as confidential, but recognizes that materials that are relevant to a dispute pending before the Court should be available to the public, including members of the 9/11 community. Indeed, the central aspect of the proposal you make now was originally included in the proposed order that you asked the Court to enter in 2006, but which the Court explicitly rejected when it entered the omnibus order. *Compare* ECF No. 1900 (omnibus order) *with* ECF No. 1901 (proposed protective order).

Michael K. Kellogg, Esq.
Gregory G. Rapawy, Esq.
July 19, 2018
Page 2

_____

For the reasons discussed below, we do not believe the Kingdom has offered any justification for a modification of the existing omnibus order, much less grounds for sealing evidence directly relevant to disputes pending before the Court.

Most significantly, the Kingdom has not identified any materials that it has committed to produce that would warrant consideration of a heightened and burdensome confidentiality procedure. In this regard, we requested during our conference call of July 13, 2018, that you describe the nature of the documents the Kingdom will be producing for which it believes such additional protections were necessary. In response, you mentioned the potential production of responsive documents retrieved from the Kingdom's embassy and consular files, but added that the Kingdom may seek to withhold those documents wholesale based on claims of privilege. Until the Kingdom commits to producing responsive documents from its embassy and consular files and describes the subject matter of those documents, it would be premature and inappropriate to consider any changes to the longstanding confidentiality procedures in the litigation, based on generic claims about the allegedly sensitive nature of such documents.

Further, no category of documents that you identified during our telephone conference as documents that the Kingdom has committed to produce warrants revision of the longstanding confidentiality procedures in this litigation. In particular, the only specific categories of documents you identified that the Kingdom was committed to produce were "personnel" and similar records for Omar al Bayoumi, Fahad al Thumairy, and Khalid al Swailem. (While we would hope and expect that the Kingdom would be producing additional documents, those were the only materials specifically identified during our telephone call that the Kingdom was committed to producing in response to plaintiffs' discovery requests).

In your initial communication raising this issue, you indicated that the Kingdom believed that the existing confidentiality and protective order would be adequate for such materials. *See* July 8, 2018 email from M. Kellogg to S. Carter and J. Kreindler ("[M]any of the documents that that [sic] we will be producing by the end of the month (including personnel files, financial records, and educational records) are properly designated confidential under the terms of Judge Casey's existing confidentiality order [ECF No. 1900]."). While we understand that you have retreated from that position during our subsequent conversations, we believe firmly that your initial position – that the existing omnibus order is adequate to address any claimed confidentiality regarding those documents – was correct, and that your revised position is not. Nothing about those records differentiates them from what was contemplated before the Court entered the omnibus order, specifically rejecting this proposal.

Finally, we must note that we are troubled by the fact that this issue was only first raised via your email communication on July 8, 2018. In this regard, we note that the Kingdom's collection of responsive documents has been ongoing for several months (and likely began immediately after issuance of the Court's March 28, 2018 Decision), yet the Kingdom did not provide any indication that it believed modified confidentiality procedures might be necessary with regard to its discovery documents until just a few weeks before the ultimate deadline for the Kingdom to complete its production of documents. At this late stage in the process, the

Michael K. Kellogg, Esq.
Gregory G. Rapawy, Esq.
July 19, 2018
Page 3

_____

Kingdom unquestionably knows the precise nature of the responsive documents that have been collected, and should be able to provide considerable specificity regarding the alleged sensitivity of documents it is committed to produce, and why it believes the broad protections already provided by the omnibus order might be insufficient for any such documents. It has not done so.

      For these and other reasons, we have been afforded no information that would warrant consideration of, and will not stipulate to, the Kingdom's proposed modification of the omnibus order on the eve of the deadline for the Kingdom to produce its responsive documents. Please let us know if you would like to discuss the issues raised in this letter further.

Respectfully,

| MOTLEY RICE | COZEN O'CONNOR |
|---|---|
| /s/ Robert T. Haefele | /s/ Sean P. Carter, Esquire |
| Robert T. Haefele, Esquire | Sean P. Carter, Esquire |
| 28 Bridgeside Boulevard | 1650 Market Street, Suite 2800 |
| Mt. Pleasant, SC 29464 | Philadelphia, PA 19103 |
| | |
| MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims | MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims |

KREINDLER & KREINDLER

 /s/ Andrew J. Maloney
Andrew J. Maloney, Esquire
750 Third Avenue, 32nd Floor
New York, NY 10017

MDL 1570 Plaintiffs' Exec. Committee for
Personal Injury and Death Claims

cc:    Members of the Plaintiffs' Executive Committees (via Email)