# EXHIBIT B

## BERNABEI & KABAT, PLLC

ATTORNEYS AT LAW
1400 16th STREET, N.W., SUITE 500
WASHINGTON, D.C. 20036-2223

| | | |
|---|---|---|
| **LYNNE BERNABEI** | **202.745.1942** | **KRISTEN SINISI** |
| **ALAN R. KABAT** | **FAX: 202.745.2627** | **MICHAEL ELLEMENT\*** |
| **PETER M. WHELAN** | WWW.BERNABEIPLLC.COM | **DEVIN WRIGLEY** |

\* ADMITTED IN MD ONLY

<u>By Email and First Class Mail</u>
February 12, 2018

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
Cozen O'Connor, P.C.
1650 Market Place
Philadelphia, PA 19103-7301

  Re: <u>In re Terrorist Attacks</u>, No. 03-MDL-1570

Dear Counsel:

  I write on behalf of the Defendants in response to your letter of February 6, 2018, which provided an "initial" list of sixteen deponents, in order to request clarification on two points—the location of the depositions and the dual depositions of several individual defendants. This letter is without prejudice to any additional objections that specific defendants may have.

  **1. Location of Depositions**

  Your letter indicated that "Plaintiffs anticipate noticing these depositions in New York, New York, as one of the Presumptively Acceptable Locations recognized by the Court," with London as an alternative site if a witness could not travel to New York. However, under the Deposition Protocol Order (ECF No. 3894, Jan. 31, 2018), counsel for both sides "shall confer before noticing a deposition in an effort to schedule depositions for mutually convenient dates, times and locations." *See* Order, at ¶ 24. Therefore, it will be necessary to confer before any deposition notices are issued.

  The DEC also disagrees with noticing depositions to presumptively be taken in New York; Judge Netburn unequivocally rejected this presumption. *See* Tr. at 24: 8-9 (Sept. 7, 2017) ("[T]he presumptive locations will be New York, London, Paris, and Rome, *and the New York jurisdiction does not carry any more weight*.") (emphasis added); *see also id.* at 27: 2-4 (rejecting Plaintiffs' proposal by stating "it will not be presumptively here in New York"). In fact, Judge Netburn made it clear that many, if not most, foreign witnesses' depositions would take place abroad. *See id.* at 24: 10-13 ("For those defendants, of whom I am assuming there are many who are going to be coming from the Middle East, my assumption is that many of those depositions are going to take place in Western European cities."); *see also id.* at 22: 18-20 ("I am

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
February 12, 2018
Page 2 of 3

going to be ruling, that some of these depositions are going to take place outside of the United States, potentially many of them.").

Understanding that the four Presumptively Acceptable locations may be unduly restrictive, Judge Netburn also recognized the ability for the parties to agree upon an alternative deposition location or to take a deposition by videoconference.  *See id.* at 23: 25 - 24: 1-3 ("I do think that the protocol should provide that upon agreement of the parties, based on the convenience of the witness, a deposition may take place in some location other than those four presumptive locales."); *see also id.* at 27: 2-14 ("[I]f we identify a particular witness… [for whom] it would be a significant hardship to travel or impossibility to travel…*it may be that the Plaintiffs' Executive Committee is comfortable taking that deposition by video hook up with the person in Saudi Arabia and the lawyers in New York*.") (emphasis added).  Following suit, the Deposition Protocol Order itself includes provisions allowing for alternate locations upon parties' agreement or for depositions to be "taken by videoconference."  *See* Order, at ¶¶ 31, 32.

Please confirm that Plaintiffs will meet and confer with Defendants regarding feasible deposition locations for each witness.  As explained, Plaintiffs should be prepared for the likelihood of having to take the majority of these depositions outside of New York, in Western Europe (*i.e.*, London, Madrid, or Rome or another mutually-agreed alternate location) or by videoconference if the witness is unable to travel to those cities due to visa, financial, or health reasons.

The letter also incorrectly assumes that all of the listed individual fact witnesses are within the control of the organizational defendants.

### 2.  Dual Purpose Depositions of Same Individual

Second, you wrote that with respect to the seven individual defendants, "we anticipate deposing each of them both in their individual capacities and also as current or former representatives of the various entities to which they have been affiliated, with knowledge of the claims against those entities."  We are uncertain about the meaning of this statement.

As a threshold matter, any such testimony of each of these seven individuals must be elicited in a single deposition.  The Deposition Protocol Order makes clear that fact witnesses—which includes individual parties—can only be deposed once.  *See* Order at ¶ 14 (defining that a "Fact Witness" includes "a party," which necessarily includes individual defendants).  The Deposition Protocol Order specifies, twice, that a fact witness "may be deposed only once in the MDL Proceeding" absent agreement of the parties or a court order, *see* Order, at ¶ 37; *see also* ¶ 38 ("Each Fact Witness will only be deposed once, whether the testimony is for jurisdictional or merits discovery.").

The Deposition Protocol Order also limits depositions to seven hours per side, *id.* at ¶¶ 75-76, to be increased by half (*i.e.*, up to 10.5 hours per side) only "in the event that the witness requires a translator."  *Id.* at ¶ 80.

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
February 12, 2018
Page 3 of 3

      Therefore, please confirm that with respect to the seven individual defendants in plaintiffs' "initial" list, each will only be deposed once, for seven (or 10.5) hours per side.

                                      Sincerely,

                                      */s/ Alan*

                                      Alan R. Kabat

cc:  MDL 1570 counsel