# EXHIBIT C

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley, (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Elliot R. Feldman, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

February 13, 2018

Alan R. Kabat, Esq.
Bernabei & Kabat, PLLC
1400 16th Street, N.W.
Suite 500
Washington, D.C. 20036-2223

  RE: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Alan:

  On behalf of the Plaintiffs' Executive Committees ("PECs"), I write in response to the defendants' letter of February 12, 2018.

  Initially, the PECs note that the purpose of our February 6, 2018 letter was to initiate the dialogue contemplated by the Deposition Protocol, by identifying an initial list of witnesses whom plaintiffs intend to depose. While we are more than happy to confer with you regarding the generalized logistical and procedural technicalities raised in your letter, the most important preliminary issues we need defendants to address are: (1) whether the individual defendants identified in our letter intend to comply with their discovery obligations and appear for a deposition; (2) whether the organizational defendants intend to produce the witnesses identified in our letter and, if not, their basis for declining to do so; and (3) whether, assuming there is no impediment to obtaining a visa, the identified witnesses will be presented for deposition in either New York or one of the other Presumptively Acceptable Locations set forth in Judge Netburn's Order (specifying which location has been selected), and if not, why these locations would not be acceptable for the particular witness.

  Once those issues have been resolved, we can engage in a further dialogue regarding the particular logistics and procedural parameters of any particular deposition. In the interim, we will provide a short written response to the generalized arguments presented in your February 12, 2018 letter, and would propose that we have a call early next week to discuss those. We should reiterate, however, that the generalized issues you have raised concerning the locations of

Alan R. Kabat, Esq.
February 13, 2018
Page 2

_____

depositions and duration of depositions for witnesses noticed for dual purposes provide no rationale for failing to respond to the questions raised above in regards to the specific witnesses identified in our February 6 letter.

    We look forward to hearing back from you regarding the availability of the witnesses we have identified for depositions, and to receiving confirmation that those witnesses will begin the process for obtaining visas to appear for their depositions.

                                  Regards,

                                  COZEN O'CONNOR

                                By:    Sean P. Carter, on behalf of the PECs

cc:    Members of Plaintiffs' Executive Committees (via Email)
       Members of Defendants' Executive Committee (via Email)

LEGAL\34510069\1