# EXHIBIT I

# BERNABEI & KABAT, PLLC

### ATTORNEYS AT LAW

#### 1400 16th STREET, N.W., SUITE 500
#### WASHINGTON, D.C. 20036-2223

| | | |
|---|---|---|
| **LYNNE BERNABEI** | **202.745.1942** | **KRISTEN SINISI** |
| **ALAN R. KABAT** | **FAX: 202.745.2627** | **MICHAEL ELLEMENT\*** |
| **PETER M. WHELAN** | **WWW.BERNABEIPLLC.COM** | **DEVIN WRIGLEY** |

\* ADMITTED IN MD ONLY

<u>By Email and First Class Mail</u>
June 8, 2018

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
Cozen O'Connor, P.C.
1650 Market Place
Philadelphia, PA 19103-7301

Re:   <u>*In re Terrorist Attacks*</u>, No. 03-MDL-1570

Dear Counsel:

I write on behalf of Defendant Soliman H.S. Al-Buthe, in response to the deposition notice and cover letter that you sent on June 4, 2018.

As a threshold matter, I never received any response to my letter dated April 16, 2018, in which I wrote that (1) Mr. Al-Buthe remains a named defendant in the indictment that is pending in the U.S. District Court for the District of Oregon, and would have to assert the Fifth Amendment privilege against self-incrimination, although we were trying to get the criminal case dismissed; (2) if Mr. Al-Buthe were to be deposed, a deposition would have to take place by videoconferencing since he cannot travel outside his home country due to travel restrictions; and (3) given that he is the only remaining "Al Haramain defendant" in this case, it was not clear what use plaintiffs will have for his testimony since he does not have relevant information about other defendants who remain in the case that the plaintiffs would not already know.

The absence of any response from plaintiffs over the past two months led me to believe that Mr. Al-Buthe's deposition would not be noticed given these issues, so that there was no need to provide potential deposition dates.

I can now confirm that the U.S. Attorney's Office for the District of Oregon stated on May 10, 2018, that they would not be dismissing the February 2005 indictment despite the passage of over a decade since the indictment was filed, and the resolution of that case as to the two other defendants in 2014.  This means that Mr. Al-Buthe would continue to have to assert the Fifth Amendment privilege to questioning at his deposition.

Sean P. Carter, Esquire
Scott Tarbutton, Esquire
June 8, 2018
Page 2 of 2


        Therefore, the same issues that were pending at the time I wrote on April 16, 2018 remain
an impediment to Mr. Al-Buthe's deposition at the present time.

                        Sincerely,

                        */s/ Alan*

                        Alan R. Kabat


cc:  MDL 1570 counsel