UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN) |

### DEFENDANTS ABDULLAH BIN SALEH AL-OBAID, ABDULLAH ABDUL MOHSEN AL-TURKI, ADNAN BASHA, AND ABDULLAH OMAR NASEEF'S REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S SANCTIONS RULING

Defendants Abdullah Bin Saleh Al-Obaid, Abdullah Abdul Mohsen Al-Turki, Adnan Basha and Abdullah Omar Naseef ("the Defendants"), through undersigned counsel, respectfully submit their Reply Brief in support of their Motion for Reconsideration (ECF No. 4064) (July 20, 2018).

As set forth below and in Defendants' Motion, reconsideration is warranted because this Court erred when it failed to take into account that counsel for the Defendants had in fact made "a formal written request to the Saudi government" for their passports, and based on the incorrect presumption that such passports were available but had not been obtained, imposed a preclusion sanction on these Defendants. *See* Order, at 12-13 (ECF No. 4043).

Plaintiffs' Opposition (ECF No. 4090) (Aug. 8, 2018),[1] sets forth the incorrect legal standard, and its arguments regarding the factual history of the discovery process focus on irrelevant or trivial points that do not overcome Defendants' showings that warrant reconsideration. Defendants acknowledge that communications could have been better and

---

[1] Plaintiffs filed a "Corrected" version of their Opposition on August 9, 2018 (ECF No. 4091), but did not indicate what corrections, if any, were made.

1

quicker and accept an obligation to pay reasonable attorneys' fees, but it is unfair and unnecessary to impose the preclusion sanction on these defendants who lack familiarity with the American legal system, are advanced in years, speak limited or no English and, until recently, were communicating through Saudi intermediaries.

> **I.    This Court Has the Authority to Consider the Motion for Reconsideration.**

Plaintiffs incorrectly argue that Defendants were required to file formal Rule 72 objections with the District Court, and that a magistrate judge somehow lacks the authority to consider a motion for reconsideration of the magistrate's discovery ruling.

As a threshold matter, it is settled law that the filing of a motion for reconsideration with the magistrate judge tolls the time period for filing Rule 72 objections to a magistrate judge's ruling, since a motion for reconsideration can provide the magistrate judge with an opportunity to correct an error without intervention by the district court. *See Norex Petroleum Ltd v. Access Industries, Inc.*, No. 02 Civ. 1499 (LTS)(KNF), 2003 WL 21872389, at *1 (S.D.N.Y. Aug. 7, 2003); *Yurman Design, Inc. v. Chaindom Enterp., Inc.*, No. 99 Civ. 9307 (JFK), 2000 WL 1871715, at *1 (S.D.N.Y. Dec. 20, 2000). This basic principle would not be necessary if magistrate judges lacked the authority to consider motions for reconsideration, as Plaintiffs incorrectly argue.

Thus, magistrate judges can, and do, consider a wide range of motions for reconsideration, including those seeking reconsideration of discovery rulings. *See, e.g.*, *Sigmon v. Goldman Sachs Mortgage Co.*, 229 F. Supp. 3d 254, 256-58 (S.D.N.Y. 2017) (Gorenstein, M.J.) (addressing the merits of movant's motion for reconsideration); *Wilson v. City of New York*, No. 06-cv-229 (ARR)(VVP), 2008 WL 1994860, at *3, *5 (E.D.N.Y. May 8, 2008) (discussing Magistrate Judge Pohorelsky's ruling on the motion for reconsideration of a

2

discovery ruling); *Thomas v. Biocine Sclavo, S.P.A.*, No. 94-CV-1568 (RSP/DNH), 1997 WL 280609, at *2 (N.D.N.Y. May 21, 1997) (remanding to magistrate judge to consider the plaintiff's motion for reconsideration); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 594, 598-601 (W.D.N.Y. 1996) (granting defendant's motion for reconsideration of discovery sanctions and order and discussing movant's arguments).

Indeed, a magistrate's failure to address a motion for reconsideration or to explain the ruling on a motion for reconsideration will require a remand by the district court before the district court can even consider Rule 72 objections. *Yurman Design*, 2000 WL 1871715, at *4.

Therefore, it is clear that this Court has the authority, pursuant to Rule 54(b), to reconsider the preclusion sanctions that it imposed on the four Defendants.

## II. Plaintiffs' Remaining Arguments Address Immaterial Factual Issues.

This Court should further find that the medley of additional points that Plaintiffs raise in their Opposition address factual issues that are immaterial or irrelevant, and that do not overcome the factual and legal arguments Defendants raise in their motion for reconsideration.

First, Plaintiffs' arguments regarding the efforts by counsel for Defendants to obtain their passports and related travel information from the Saudi government are a distortion of those efforts. Contrary to Plaintiffs' assertions, co-counsel for Defendants (Alan Kabat) had been in correspondence with the recipients of his letters at the Embassy for a period of over five years, and had met with them, so they were well aware of who he was and the litigation involving the Defendants. As they were ultimately unable to obtain the requested information from the Ministry of the Interior, other co-counsel for the Defendants (Eric Lewis and his colleagues) finally were able to ascertain that the Ministry of the Interior did not retain the expired passports, contrary to what counsel originally understood.

Second, Plaintiffs' arguments regarding counsel's communications with the Defendants similarly misstate those efforts. For a number of years, from 2003 through 2016, counsel was able to communicate with all four Defendants, either directly or through intermediaries in Saudi Arabia (as Dr. Al-Turki does not speak English, communication with him was exclusively through an intermediary). These intermediaries also were not familiar with the American legal system and the substance and understanding of these indirect communications are unknowable. That is inevitable in these types of cases and Plaintiffs should not be allowed to capitalize substantively on these inherent difficulties through a preclusion sanction. After two of the Defendants (Dr. Al-Turki and Dr. Basha) retired and had to deal with significant personal health issues (along with family health issues for Dr. Basha), and their intermediary (who had been in direct contact with undersigned counsel) had also retired, there was a delay in communicating with those two Defendants. Further, Dr. Naseef had recently become incapacitated and was unable to communicate. However, new co-counsel for the Defendants was asked to assist and was soon able to reestablish contact with Dr. Al-Turki and Dr. Basha (and with Dr. Naseef's son), so that updated information about their health and status could be provided to this Court over the past month. That information was consistent with counsel's prior representations as to their health; if anything, the new information made clear that the health issues of these three Defendants were even worse than originally known, so that their inability to travel was even more marked.

Third, while Defendants are continuing to make efforts to obtain the "logs" of their travels from the Saudi government, those "logs" were never in their own custody or control, so that they were not previously able, let alone obligated, to produce them in discovery. *See* Fed. R. Civ. P., Rule 34(a). Nonetheless, as part of Defendants' good-faith efforts to seek to reach out

and obtain additional information (if any) on their travels for the relevant time period that may be present in those "logs," counsel will continue to seek that information from the Saudi government, along with any other information about their travels that may be available and has not already been produced.

The fact is that it is difficult to obtain information without being on the ground in Saudi Arabia, having Arabic speakers, and reaching out to people who will pursue matters with the appropriate authorities. This has now been done and will continue to be done going forward. These Defendants are accommodating Plaintiffs' requests as practically as possible. The goal is to provide discovery, which is occurring, not to obtain tactical advantage, as Plaintiffs seek. Therefore, given the absence of bad faith and the Defendants' prompt undertaking of remedial measures to provide Plaintiffs with the information that they seek via third party information from the Kingdom of Saudi Arabia (and the further good faith offer to seek the log information), they request that the preclusion sanction be overturned.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion for Reconsideration, the four Defendants respectfully request that the Court reconsider granting the preclusion sanction against Defendants Abdullah Bin Saleh Al-Obaid, Abdullah Abdul Mohsen Al-Turki, Adnan Basha, and Abdullah Omar Naseef.

                                           Respectfully submitted,

                                           */s/ Alan R. Kabat*

                                           _____

                                         Lynne Bernabei (LB 2489)
                                         Alan R. Kabat (AK 7194)
                                         Bernabei & Kabat, PLLC
                                         1400 – 16th Street, N.W., Suite 500
                                         Washington, D.C. 20036-2223
                                         (202) 745-1942

                          Eric L. Lewis (EL 0038)
                          Waleed Nassar (*pro hac vice*)
                          Lewis Baach Kaufmann Middlemiss PLLC
                          1101 New York Avenue, N.W. Suite 1000
                          Washington, D.C. 20005-4356
                          (202) 833-8900 (voice)
                          (202) 466-5738 (facsimile)

                          *Attorneys for Defendants Dr. Al-Turki, et al.*

DATED:  August 13, 2018