**MDL 1570 PLAINTIFFS' EXECUTIVE COMI**
In re: Terrorist Attacks on September 11, 2001

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   8/21/2018

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' E Co |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori,<br>*Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Co<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

August 20, 2018

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs' Executive Committees ("PECs") write to request that the deadline set by this Court's May 24, 2018 Order (ECF No. 4009) for the PECs to file a motion to compel discovery from the Kingdom of Saudi Arabia ("Saudi Arabia"), be moved from September 21, 2018 to October 30, 2018. Defendant Saudi Arabia, through its counsel Michael Kellogg, Esq., has given its consent to this extension. The extension of the deadline for the motion to compel is needed because:

(1) Saudi Arabia did not produce its documents on a rolling basis, contrary to its own promises and this Court's Order,[1] and instead made its first production of documents on July 31, 2018, the final production deadline set by this Court, followed by a second smaller group of documents produced on August 14, after the deadline;

---

[1] This Court's Order stated that Saudi Arabia "shall produce an initial round of documents and interrogatory responses on a rolling basis and shall complete that production by July 31, 2018." ECF No. 4009. During the hearing on May 24, Mr. Kellogg assured the Court that documents (including "low-hanging fruit" such as records involving Bayoumi and Thumairy) were already available and that "we intend to do rolling productions along the way, as we get documents." Transcript of May 24, 2018 Hearing, 7:5-6; see also id. at 30:24-25 ("[W]e will do rolling production"). Based on Saudi Arabia's promise, this Court stated that "I want documents produced on a rolling basis on the documents we have agreed upon…" with a final date for production of July 31. Id. at 37:8-10.

The Honorable Sarah Netburn
August 20, 2018
Page 2

(2) Saudi Arabia's document production totals approximately 6,800 pages, the vast majority of which are in Arabic and therefore need to be translated in the first instance in order for plaintiffs to analyze the content of the production; and

(3) the PECs have hired a firm to translate the Arabic documents into English on an expedited basis (employing 35 translators, 10 editors, and 5 project managers), but due to the delays in beginning the translation process resulting from Saudi Arabia's failure to produce documents on a rolling basis, the translation process will be ongoing until September 30.

The parties did confer about the feasibility of preparing shared translations of Saudi Arabia's Arabic language documents, consistent with the Court's direction at the May 24, 2018 conference.  No agreement could be reached.  Counsel for Saudi Arabia advised that they had only "work product translations for our own use in preparing the document production" that could not be shared with plaintiffs, and in any case, the PECs decided that it was necessary to independently translate the documents.

Based on the number of Arabic language documents, the PECs' translators do not anticipate completing their work, which is ongoing already, until September 30.  Plaintiffs' counsel must read and review the translations (which undoubtedly will raise additional inquiries with the translators) and then the PECs must confer internally and with subject matter consultants (who also may need to review the translated production) and coordinate a joint motion.  Accordingly, a one-month period after the completion of the translations is needed to properly complete these tasks.

Plaintiffs therefore respectfully request that their unopposed motion to extend the deadline to file a motion to compel as to Saudi Arabia to October 30, 2018 be granted. Furthermore, the Court previously scheduled a conference for October 12.  The PECs propose that the Court keep that scheduled conference on the calendar (or schedule an earlier date), to allow the parties to discuss with the Court proposals for further discovery proceedings. The PECs thank Your Honor for the Court's attention to this matter.

---

The request for an extension is GRANTED. The Plaintiffs' Executive Committees may file any motion to compel by October 30, 2018. The Kingdom of Saudi Arabia may file a response by November 20, 2018. No reply is requested. The parties are directed to use the additional time to meet and confer and make good faith efforts to resolve any discovery issues themselves. Any motion to compel must indicate that the parties have met and conferred in good faith.

In addition, a discovery conference is scheduled for October 12, 2018, at 11:00 a.m. in Courtroom 110, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 4114.
**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

August 21, 2018
New York, New York