## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

August 21, 2018

The Honorable Sarah Netburn
United States Magistrate Judge
U.S. District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

  Plaintiffs oppose the July 31, 2018 letter motion of the defendant Kingdom of Saudi Arabia (the "Kingdom" or "Saudi Arabia") for "supplementation" of the existing Protective Order in this litigation. The Kingdom seeks to presumptively seal the entirety of court filings that contain or even discuss documents that it has unilaterally and without judicial review designated as confidential. *See* ECF No. 4077. Those court filings would be sealed for two weeks to permit Saudi Arabia to file a motion plus at least three to four additional weeks for its motion to be decided. *Id.*

  The Saudi proposal is unprecedented; overturns the settled October 2006 Protective Order and law of the case; violates the First Amendment and common law rights of litigants to speak publicly and of the public to have immediate access to and discussion of judicial filings; disregards well-settled Second Circuit law and the Individual Practices of this Court governing the process by which documents may be sealed; ignores the extraordinary local and national interest in this case; and, needlessly burdens the plaintiffs and the Court.

  If Saudi Arabia has genuine concerns about particular documents in its production, it should come forward and make its showing to overcome the strong presumption of public

access.  Instead, the Kingdom asks this Court to seal any brief, affidavit or other court filing in its entirety that includes a single reference to a document unilaterally designated by the Kingdom as confidential.  This type of sweeping ban, imposed at the Kingdom's whim, would place an extraordinary check on constitutionally protected rights and improperly shut down public discussion.

Our initial and limited review of the Kingdom's production shows that it has marked as confidential numerous documents that do not merit such classification, including documents that are already public.

**The 2006 Protective Order.**  Defendant's counsel Michael Kellogg argued for and obtained the 2006 Protective Order over plaintiffs' objections.  *See* ECF No. 1900.  The Protective Order allows any party producing discovery material to unilaterally designate information or items as confidential.  The producing party must "take care to limit any such designation to specific material that qualifies under the appropriate standards."  *Id.* at 8, ¶ F.1.

Judge Casey, however, expressly rejected the Kingdom's arguments to presumptively seal court filings.  In 2006, the Kingdom proposed that when documents it designated as confidential were filed in court such documents would remain under seal until the Court decided a motion on the issue.  *See* Kingdom's 2006 proposed order, attached to the Letter of Michael Kellogg to Hon. Richard Casey dated May 4, 2006, at 7-8, ¶ VIII.F. (Exhibit 1 attached).  Plaintiffs argued that it was improper and unconstitutional to seal such documents absent a specific cause showing.  *See* Letter of Andrea Bierstein to Hon. Richard Casey dated May 18, 2006, at 2-3 (Exhibit 2 attached).

Judge Casey adopted the plaintiffs' position and held that the Protective Order does not apply to discovery materials filed with this Court because the First Amendment right of public access is at its "apogee" in connection with such documents, citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004).  *See* ECF No. 1900 at 6.

**The Kingdom's production.**  On July 31 and August 14, 2018, Saudi Arabia produced approximately 6,800 pages of documents.  Plaintiffs estimate that approximately half of those documents are marked confidential.

From our initial review (translation of the bulk of the documents has only just commenced), the Kingdom's confidential documents include many as to which no good faith argument for confidentiality can reasonably be made, as they have been disclosed to or by third parties or are otherwise public.  These include the following:

- numerous school diplomas and certificates, *e.g.* KSA 1063-65;
- the translation of a document previously produced by defendant Dallah Avco that was filed in relation to the Kingdom's motion to dismiss and is public, KSA 1155-56; *see* Exhibit 14 to *Ashton* Affidavit in Opposition to Saudi Arabia's Motion to Dismiss, dated October 30, 2017;
- an English translation, KSA758, of an Arabic document that is not confidential, KSA 757;

- hundreds of invoices for such things including phone service, car repairs and office supplies, *e.g.* KSA 5278, 5340, 5345, 5349, 6206-07, 6313; and
- a Newsweek magazine article, KSA 6662-65.

With the Court's permission, Plaintiffs will file the above referenced documents with the Court separately for *in camera* review.

Indeed, the Kingdom asks this Court to accept its three generalized confidential classifications, namely "consular and diplomatic files," "personnel files" and "financial files," and apply those classifications to declare broad groups of documents confidential, without making any individual assessment as to whether the documents are in fact confidential. *See* ECF No. 4077 at 1 - 2.

**Under Second Circuit law and this Court's Individual Practices, documents filed in court are presumptively public and the Kingdom has the burden to come forward with specific facts to justify sealing documents.** Under both the First Amendment and the common law, there is a strong presumption that judicial documents are public. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ("*Amodeo II*").[1]

The Second Circuit has repeatedly held that "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.,* 121 F.3d 818, 826 (2d Cir. 1997); *see United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995) ("*Amodeo I*"). Not only does the party requesting sealing bear the burden of demonstrating "that the interests favoring non-access outweigh those favoring access," but any restrictions on access must also "be supported by specific findings." *Amodeo I*, 44 F.3d at 147.

The party seeking the protective order "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (granting plaintiffs' motion to unseal discovery materials that defendants had designated as confidential.).

This Court's Individual Practices require that the Kingdom "must make a specific request" explaining the reasons for the need to file documents under seal, in light of the Second Circuit's opinion in *Lugosch*; set forth in its motion papers the actual "words, phrases, or

---

[1] Saudi Arabia does not question Judge Casey's order recognizing that documents filed in this case undoubtedly constitute "judicial documents," defined by the Second Circuit as materials "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 121 (citations and internal quotation marks omitted). Indeed, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches." *Id.* at 121.

3

paragraphs" which it seeks to redact from the documents; and, attach "clean and unredacted" copies of the relevant documents for the Court's review. *See* Individual Practices of Hon. Sarah Netburn, U.S. District Court S.D.N.Y., § III.d. (rev. 10/17/2014).

**The Kingdom has not met its burden and its proposed order is unprecedented and contrary to controlling Second Circuit authority.** The Kingdom does not make the "particular and specific demonstration of fact" required to seal documents under the Second Circuit rule. *Parmalat,* 258 F.R.D. at 244. Likewise, Saudi Arabia has ignored the requirements of this Court's Individual Practices. The Kingdom does not cite, nor have we found, any decision in this Circuit that allows a party's unilateral confidentiality marking to seal court documents on a "temporary" or other basis.

Instead, the Kingdom relies on broad-stroke categorization of its documents ("diplomatic/consular," "personnel" and "financial") in an attempt to avoid the specific showing mandated by the Second Circuit to protect the strong presumption of access to judicial documents. *See Nycomed US, Inc. v. Glenmark Generics, Inc.,* 2010 WL 889799, at *6 (E.D.N.Y. March 8, 2010) (conclusory assertion of confidentiality regarding information submitted to FDA by drug company and included as part of a judicial document insufficient to outweigh presumption of public access).

Those categorizations cannot - as a matter of law - justify sealing. Judicial documents containing information from personnel files and financial records are presumptively public without a specific showing of potential injury. *See Collado v. City of New York*, 193 F. Supp. 3d 286, 290 (S.D.N.Y. 2016) (where "defendants characterize the documents as confidential personnel records in conclusory fashion without specifying either the 'higher values' served by secrecy or the nature of any personal or tactical information those documents contain" they failed to "overcome the 'strong presumption' in favor of public access to documents."); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 631 (S.D.N.Y. 2011) (defendant did not contend that employee would suffer any injury if the information is made public, and because [employee]" did not oppose unsealing, "any privacy interest that [employee] may have in protecting the information is outweighed by the presumption of access to it."). "Absent such a showing," a moving party "has not met its burden" and the public right of access outweighs any "privacy interest." *Tropical Sails Corp. v. Yext, Inc.,* 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016), *reconsideration denied*, 2016 WL 2733427 (S.D.N.Y. May 10, 2016) (counsel made only "broad allegations of general harm" concerning disclosure of "confidential sales information" and thus failed "to provide either specific examples" or "articulated reasons" that disclosure would injure the party moving for sealing.).

Similarly, a broad, general claim that certain discovery is "highly sensitive" because it is produced from "consular and diplomatic files" utterly fails to satisfy the Second Circuit's requirement that the moving party come forward with specific facts to justify sealing and overcome the public's right of access to court documents.

The Kingdom did not seek protections for such files under the Vienna Conventions on Diplomatic and Consular Relations. It is likely that the manner in which the relevant documents

4

were kept precluded the Kingdom from seeking such protections. In any event, the documents have been produced.

Saudi Arabia's assertion that the documents are from consular or diplomatic files, standing alone and without any specific showing, is meaningless under the applicable Second Circuit test. The two Vienna Conventions say nothing about the public's right of access to court documents. Similarly, the cases cited by the Kingdom address privileges and have no bearing on documents actually produced in discovery and then filed in court. *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 399 (D.C. Cir. 1984) (court bars production under state secrets privilege).

**The Kingdom provides no support for its claim that it would be "overly burdensome and impractical" to identify the documents, and there is no excuse to deny access.** The Kingdom has already reviewed its production in detail and can readily identify any document that it contends should be placed under seal. Saudi Arabia and its counsel have ample resources at their disposal to comply with the Second Circuit's rules and this Court's Individual Practices. The Kingdom's complaints of a "burden" do not and cannot justify the sealing of court documents.

As Judge Casey's Protective Order recognized, the Second Circuit test does not allow a party to claim that it is too burdensome or impractical to protect the public's right to access to court documents. While such arguments have been adopted to protect non-judicial documents produced in discovery, once documents are filed in court they are public absent a compelling reason to keep them sealed. If there are documents produced in discovery which the Kingdom believes should not be public, it must file a motion with specific proof addressed to those documents.

**The Kingdom's suggestion that any restriction on access would only be temporary – two to six weeks – constitutes intolerable suppression.** The Second Circuit has emphasized "the importance of "immediate" and "contemporaneous" access to judicial documents and declared that "to delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." *Lugosch*, 435 F.3d at 127 (citations omitted). "[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Id., citing Paulsen v. County of Nassau,* 925 F.2d 65, 68 (2d Cir.1991). These concerns are particularly important here given the enormous public interest in the 9/11 litigation.

## Conclusion

Saudi Arabia's motion to presumptively seal all judicial filings must be denied.

Respectfully,

| | |
|---|---|
| COZEN O'CONNOR | KREINDLER & KREINDLER |
| /s/ Sean P. Carter | /s/ James P. Kreindler |
| Sean P. Carter, Esq.<br>1650 Market Street, Suite 2800<br>Philadelphia, PA 19103 | James P. Kreindler, Esq.<br>Steven R. Pounian, Esq. and Megan Benett, Esq., on the brief<br>750 Third Avenue, 32nd Floor<br>New York, NY 10017 |
| MDL 1570 Plaintiffs' Exec. Committee for Commercial Claims | MDL 1570 Plaintiffs' Exec. Committee for Personal Injury and Death Claims |

MOTLEY RICE

 /s/ Robert T. Haefele
Robert T. Haefele, Esq.
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

MDL 1570 Plaintiffs' Exec. Committee for
Personal Injury and Death Claims


cc:     The Honorable George B. Daniels, via ECF
        All Counsel of Record via ECF