# EXHIBIT 1

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900
FACSIMILE:
(202) 326-7999

May 4, 2006

The Honorable Richard Conway Casey
United States District Court for the
  Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

> Re: *In re Terrorist Attacks on September 11, 2001*,
> Case No. 03 MDL 1570 (RCC)

Dear Judge Casey:

     On behalf of the Defendants' Executive Committee, I write to move for a protective order providing that all materials produced in this case be used solely for the purpose of litigating this case and that documents explicitly marked confidential be subject to additional restrictions concerning disclosure and storage. The Defendants' Executive Committee has attempted to resolve these matters without judicial intervention, but we have been unable to reach agreement with counsel for the plaintiffs. A proposed order is attached.

     Federal Rule of Civil Procedure 26(c) provides that, on a showing of good cause, a district court may enter a protective order "which justice requires to protect a party . . . from annoyance, embarrassment, [or] oppression." Fed. R. Civ. P. 26(c). This provision authorizes a district court to enter an order restricting the parties from using materials obtained through discovery in a case for any purpose other than to litigate the case. *See Condit v. Dunne*, 225 F.R.D. 113, 115 (S.D.N.Y. 2004); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) (upholding such a protective order under identical state rule).

     There is good cause to enter such an order in this case. As is clear from the breadth of the discovery requests already served by plaintiffs at the jurisdictional stage, the discovery requests that plaintiffs will propound at the merits stage will encompass an enormous number of documents. A substantial portion of those documents may contain sensitive or confidential information, such as details about defendants' finances, the public disclosure of which would intrude on defendants' privacy. *See Seattle Times Co.*, 467 U.S. at 35 (intrusion on privacy is grounds for protective order under Rule 26(c)). Given the sheer size of plaintiffs' inevitable discovery requests, identifying and designating each of those documents as confidential will be impossible. In such situations, it is standard practice to enter a protective order restricting the use of all materials produced in the litigation to the preparation and trying of that litigation. *See, e.g., Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 777 (1st Cir. 1988) (protective order granted where "plaintiffs' discovery requests encompassed massive numbers of documents and

that it would be physically impossible for [defendant] to designate individually each document containing confidential or secret information."); *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, No. 02 Civ. 0795, 2003 WL 22990099, *2 (S.D.N.Y. Dec. 19, 2003) (entering protective order providing that "any documents or information derived therefrom, shall be used solely for the purpose of the Litigation and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose or for dissemination to the media or public"); *In re Agent Orange Product Liability Litigation*, 96 F.R.D. 582, 583-84 (E.D.N.Y. 1983) (Pratt, Circuit Judge, sitting by designation) (enforcing protective order granting only "designated persons" unrestricted access to materials produced through discovery); *see also, e.g.*, *Minpeco S.A. v. Conticommodity Services, Inc.*, 832 F.2d 739, 741 (2d Cir. 1987) (protective order providing that "[n]o information . . . produced in this action by defendants, whether or not designated as confidential . . ., may be disclosed by any party or counsel for any party to any . . . government commission").

Such a protective order is especially appropriate in this case given that plaintiffs have already demonstrated their desire to try their case in the press. *See, e.g., See, e.g.*, Allan Gerson & Ron Motley, *Is Saudi Arabia Tough Enough on Terrorism?*, NY Times, at A17 (Dec. 30, 2002) (accusing the Kingdom of Saudi Arabia and other defendants of funding terrorism); *Newsnight Aaron Brown* (CNN television broadcast Aug. 15, 2002) *available at* http://edition.cnn.com/TRANSCRIPTS/0208/15/asb.00.html (quoting Ron Motley as stating: "That kingdom [Saudi Arabia] sponsors this terrorism."); *Cf.* Peter Bergen, The Osama bin Laden I Know: An Oral History of al Qaeda's Leader, 428 (2006) (thanking the law firm of Motley Rice for making available its material). Permitting plaintiffs to abuse the discovery process by selectively disclosing materials collected through discovery in an attempt to link defendants to the horrific attacks of September 11, 2001, would irreparably tarnish defendants' reputations. *See Seattle Times Co.*, 467 U.S. at 35 (holding that protective order is appropriate to protect reputation). Moreover, in light of the intense public interest in the case and the strong emotions associated with September 11, 2001, disclosure would prejudice defendants' ability to defend themselves at trial. *Cf. United States v. Poindexter*, 732 F. Supp. 170, 173 (D.D.C. 1990) (denying media's application for access to discovery in Iran-contra case, because of prejudice that would result to defendants). Accordingly, all documents produced in this case should be subject to the limitation of being used only in this litigation.

There is also a good cause to order that materials designated in good faith as confidential be subject to heightened protections. Courts routinely enter such orders in cases involving substantial discovery, *see, e.g., Lachica v. City of New York*, 94 CIV. 7379, 1995 WL 77928, *1 (S.D.N.Y. Feb 23, 1995); David F. Herr, Manual for Complex Litigation § 11.432, at 78-79 (4th ed. 2005).

Sincerely,

Michael Kellogg
*Defendants' Executive Committee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (RCC)<br>ECF Case |

**APPLIES TO ALL ACTIONS**

**PROTECTIVE ORDER**

I.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the actions that make up this Multi-District Litigation (the "MDL") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation will be warranted. Accordingly, the Court hereby adopts the following Protective Order ("Order").

II.   DEFINITIONS

A.   **"Party"** shall mean any party to this MDL, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

B.   **"Disclosure or Discovery Material"** shall include, but not be limited to, all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts or tangible things), that are produced or generated in disclosures or responses to discovery in this MDL.

C.   **"Producing Party"** shall mean a Party or non-party that produces Disclosure or Discovery Material in this MDL.

D.   **"Receiving Party"** shall refer to a Party that receives Disclosure or Discovery Material from a Producing Party.

E. **"Designating Party"** shall mean a Party or non-party that designates Disclosure or Discovery Material as Confidential pursuant to paragraph VI.C. of this Order.

F. **"Confidential Information or Material"** or **"Protected Material"** shall mean all Disclosure or Discovery Material, or portions thereof, as well as any copies, summaries or abstracts thereof, which have been designated by the Designating Party as Confidential pursuant to paragraph VI.C. of this Order.

G. **"Counsel"** shall mean attorneys who are not employees of a Party but who are retained to represent or advise a Party.

H. **"Expert"** shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this MDL. This definition includes a professional jury or trial consultant retained in connection with this MDL.

I. **"Professional Vendors"** shall mean persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

III. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

IV. <u>DURATION</u>

Even after the termination of this MDL, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

V. <u>USE OF DISCLOSURE OR DISCOVERY MATERIAL</u>

All Disclosure or Discovery Material (or any copies, summaries or abstracts thereof) produced in the course of the MDL shall be used solely for the purpose of the prosecution or defense of the MDL, or preparation of the MDL for trial.

VI. <u>DESIGNATING PROTECTED MATERIAL</u>

A. Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing the mistaken designation.

B. Each Producing Party wishing to designate material for protection under this Order must clearly so designate that material before it is disclosed or produced.

C. The Designating Party shall label or mark Disclosure or Discovery Material produced to any other Party that is deemed to contain Confidential Material as follows:

> **CONFIDENTIAL: This document is subject to a Protective Order regarding confidential information in 03 MDL 1570 (RCC), United States District Court for the Southern District of New York.**

D. Stamping or writing the designated legend on the cover of the first page of any multi-page Disclosure or Discovery Material shall so designate all pages of such Disclosure or

Discovery Material, unless otherwise indicated by counsel for the Designating Party. Confidentiality designations shall be made for good cause.

    E.    Should the Producing Party inadvertently fail to mark Disclosure or Discovery Material as Confidential at the time of production, counsel for the Producing Party shall promptly notify counsel for all Receiving Parties upon discovery of the inadvertent production. Correction of an omission of the Confidential designation and notice thereof shall be made in writing by counsel for the Producing Party, accompanied by substitute copies of each document or thing appropriately marked Confidential. Within ten (10) business days of receipt of these substitute copies, counsel for the Receiving Parties shall return, or certify in writing the destruction of, the previously unmarked Disclosure or Discovery Material and all copies; and all summaries and abstracts thereof shall be maintained as Confidential by the Party or their counsel which created such copies, summaries or abstracts.

    F.    If a Producing Party produces material qualifying for protection under this Order without designating that material for such protection, any other party may designate that material for protection under this Order. Counsel for the Designating Party shall promptly notify counsel for all Receiving Parties upon discovery that the produced material may be so designated. Notice of the designated material shall be made in writing by counsel for the Designating Party, accompanied by substitute copies of each document or thing appropriately marked Confidential. Within ten (10) business days of receipt of these substitute copies, counsel for the Receiving Parties shall return, or certify in writing the destruction of, the previously unmarked Disclosure or Discovery Material and all copies; and all summaries and abstracts thereof shall be maintained as Confidential by the Party or their counsel which created such copies, summaries or abstracts.

VII. <u>DEPOSITION TESTIMONY</u>

A. In the case of depositions upon oral examination, if counsel for a Party has a reasonable and good faith belief that any question or answer contains Confidential Information or Material, counsel for that Party shall so state on the record and shall request that all pages that include such Confidential Information or Material be marked Confidential.

B. When testimony designated as containing Confidential Information or Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition.

C. In addition to designating during the deposition any question or answer as containing Confidential Information or Material, counsel may designate any portion of the deposition transcript as containing Confidential Information or Material at any time within thirty (30) business days of receiving the deposition transcript from the court reporter. Notice of such designation shall be made in writing to the court reporter, with copies to all other counsel, specifying the portion(s) of the transcript and exhibits that constitute or contain Confidential Information or Material and are to be marked as Confidential.

D. Transcripts containing testimony or exhibits designated as containing Confidential Information or Material shall be marked by the court reporter, prior to transcript distribution, with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL" and shall be treated in accordance with the provisions of this Order.

E. Until expiration of the thirty (30) business day period, all deposition transcripts shall be considered and treated as though marked Confidential, unless otherwise agreed on the record at the deposition.

## VIII. ACCESS TO, USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION OR MATERIAL

A. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

B. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

C. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Confidential only to:

    1. Counsel for the Parties who are actively engaged in the conduct of the MDL on behalf of the named Parties, including partners, associates, secretaries, legal assistants of such counsel, and any other person in the employ of such counsel to the extent reasonably necessary to render professional services;

    2. The Court and those employed by the Court, in which event the Confidential Information or Material shall be filed under seal consistent with paragraph VIII.F. of this Order and kept under seal until further order of the Court;

    3. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    4. Any witness at a deposition or at a hearing, or to the extent reasonably necessary in the preparation of such witness for such deposition or hearing, and to counsel for the witness;

5. Court reporters or persons operating video equipment who record depositions or other testimony in the MDL;

6. Outside consultants or Experts retained for the purpose of assisting counsel in the MDL, but only to the extent the disclosure of Confidential Information or Material is directly related to and reasonably necessary to counsel's prosecution of the MDL;

7. Professional Vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with the prosecution of the MDL;

8. Any other person after written consent given by counsel for the Designating Party; and

9. Clients, to the extent necessary to fulfill counsel's obligations of attorney-client communications.

D. If any Receiving Party desires to provide Confidential Information or Material produced by a Producing Party to any person(s) not set forth in paragraph VIII.C., and if the Parties cannot resolve the matter consensually, the Party seeking to make such disclosure may make an appropriate application to the Court.

E. It shall be the responsibility of counsel giving access to Confidential Information or Material produced by the Producing Party to create and retain records indicating that the person receiving Confidential Information or Material agreed to be bound by the terms and restrictions of this Order.

F. If the Parties to any of the actions making up this MDL submit to the Court any Confidential Information or Material, or if the substance of any Confidential Information or

Material is disclosed in any pleading, brief or other paper filed with the Court, the filing Party shall move the Court to file the Confidential Information or Material under seal. Alternatively, the Party planning to submit the Confidential Information or Material may notify the Designating Party in writing that they plan to submit Confidential Information or Material to the Court and follow the procedures set forth in paragraph XII of this Order.

IX.     INADVERTENT PRODUCTION OF PROTECTED OR PRIVILEGED MATERIAL

    A.     The inadvertent production of Disclosure or Discovery Material containing attorney-client privilege or work-product information or any other Protected Material or privileged information will not constitute, and may not be argued to constitute, a waiver of any applicable privileges or protections.

    B.     Any Disclosure or Discovery Material inadvertently produced and subject to a subsequent claim of privilege and/or protection shall, upon written request to Counsel for all Receiving Parties made promptly upon learning of the inadvertent production, be returned immediately to counsel for the Producing Party, and neither such Disclosure or Discovery Material, nor copies thereof, shall be retained and/or used by any Receiving Party without either the consent of the Producing Party or an order of the Court. Any Party may then move the Court for an order compelling production of the Disclosure or Discovery Material, but said Party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

X.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED TO A NON-PARTY

    A.     If any Receiving Party receives a subpoena or other document production request from a third party or non-Party to this Order seeking production or other disclosure of Confidential Information or Material produced by a Producing Party in this MDL, that Party

shall notify Counsel for the Designating Party — in writing (by facsimile and email, if possible) immediately and in no event more than five calendar days after receiving the subpoena or document production request — identifying the Confidential Information or Material sought and enclosing a copy of the subpoena or request.

    B.    Counsel for the Receiving Party shall make timely objections to the production of the Confidential Information or Material including, by reference, the existence of this Order. Unless and until such objections are overruled by the Court, or the Court otherwise orders production of the Confidential Information or Material, no Receiving Party may produce or divulge the contents of the Confidential Information or Material, except with the express written consent of the Designating Party.

## XI.    FINAL DISPOSITION

    A.    Within 120 days after the entry of a final, non-appealable order disposing of all actions in this MDL, all Disclosure or Discovery Material, and all copies thereof, including but not limited to, any notes or other transcriptions made therefrom, shall be returned to counsel for the Producing Party or, in lieu thereof, counsel for the Receiving Party shall certify in writing to counsel for the Producing Party the destruction of such Disclosure or Discovery Material.

    B.    Counsel for the Receiving Party shall make a reasonable effort to retrieve any Disclosure or Discovery Material, or portions thereof, subject to this Order from any Party or non-party witness and Expert or consultant to whom such information has been given, and shall notify in writing counsel for the Producing Party of any failure to retrieve any such information, the reasons therefore, the identity of the person from whom the Disclosure or Discovery Material, or portions thereof, could not be retrieved, and the identity of any Disclosure or Discovery Material, or portions thereof, not returned.

XII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

If any Party objects to the designation of any Confidential Information or Material, that Party shall state the objection and reasons therefore in a letter to Counsel for the Designating Party. Counsel shall then confer in an effort to resolve the dispute without court intervention. If the Designating Party does not change the designation within twenty (20) calendar days following the receipt of such written notice, then the Party objecting to the designation may make a motion seeking an order that such Confidential Information or Material shall be treated as no longer Confidential under this Order. Until the Court rules on any such motion and any and all proceedings or interlocutory appeals (assuming such a right exists) challenging such decision have been concluded, the Confidential Information or Material shall continue to be deemed Confidential, under the terms of this Order.

XIII.   MISCELLANEOUS

A.   No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

B.   Except as specifically provided herein, any violation of this Order is punishable by money damages caused by the violation, including, but not limited to, all attorneys fees, court costs, exhibit costs, expert witness fees, travel expenses, all related litigation costs, and actual damages incurred by the other Party, equitable relief, injunctive relief, sanctions or any other remedy as the Court deems appropriate.

- 11 -

C. This document may be executed in counterparts. Signatures received via facsimile or email shall be deemed viable and binding on the parties.

                                                                   IT IS SO ORDERED.

Dated: _____, 2006       By: _____
                                                     The Honorable Richard C. Casey
                                                     United States District Judge