KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

August 22, 2018

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      Defendant Kingdom of Saudi Arabia ("Saudi Arabia") respectfully submits this reply letter in support of its request (ECF No. 4077) to supplement the existing protective order in this litigation (ECF No. 1900) and in reply to Plaintiffs' opposing letter (ECF No. 4116).

      Without supplementation, the existing protective order would permit Plaintiffs to file Saudi Arabia's confidential documents on the public docket without giving Saudi Arabia any opportunity to argue to the Court that particular documents meet the standard to be filed under permanent seal. Saudi Arabia's motion letter thus asks (at 2) for a procedure to seal filed confidential documents temporarily so that Saudi Arabia can make the required showing on a document-by-document basis. Any documents as to which Saudi Arabia does not show that permanent sealing is appropriate will be unsealed and available to the public.

      Plaintiffs acknowledge the temporary nature of the relief Saudi Arabia has requested only in the last paragraph of their opposition (at 5), where they argue that a delay of two to six weeks in unsealing documents would constitute "intolerable suppression" and a "loss of First Amendment freedoms." (Emphasis omitted.) The cases they cite do not support that argument.[1] Regardless, if the Court believes that the time periods Saudi Arabia has suggested are too long,

---

[1] *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), disapproved "long delays" related to unsealing documents such as periods of "months" or "a year and a half." *Id.* at 127. *Paulsen v. County of Nassau*, 925 F.2d 65 (2d Cir. 1991), did not relate to sealing documents at all, but to the threat of criminal prosecution for distributing religious handbills.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Sarah Netburn
August 22, 2018
Page 2

Saudi Arabia will of course comply with any shorter ones the Court selects in its discretion.  But such tweaks to the proposed order, if needed, would not be a reason to deny relief entirely.

   Plaintiffs err in contending (at 2) that Judge Casey rejected a similar proposal in 2006.  The proposed-order language that Judge Casey declined to enter would have created a presumption that disputed materials would be filed under seal unless and until a party *opposing* confidentiality filed a successful motion to remove the designation.  *See* ECF No. 4116-1, attachment at 7-8, 10.  That is the opposite of Saudi Arabia's current proposal, under which the party *advocating* confidentiality must promptly move for such relief in order to obtain it.  Saudi Arabia made that point in its motion letter (at 3), but Plaintiffs neither acknowledge nor respond to it.  As Saudi Arabia also noted in its motion letter (at 2), Judge Casey's Order expressly declined to address the confidentiality of documents filed with the Court.  *See* ECF No. 1900, at 16.  Again, Plaintiffs neither acknowledge nor respond to that point.

   Plaintiffs also err in renewing (at 5) their suggestion that Saudi Arabia should be required to identify in advance all documents for which it intends to seek sealing if Plaintiffs ever at some future time decide to use them in a judicial filing.  Saudi Arabia has reasonably made its designations in light of the less demanding standard for confidentiality for materials "passed between the parties in discovery" but never "presented to the court to invoke its powers or affect its decisions."  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (explaining that such documents "lie entirely beyond the . . . reach" of the "presumption" of public access).  To require Saudi Arabia to go back through its production to revise its designations and make particularized showings under the more demanding standard set forth in *Lugosch*, for filing under permanent seal, would impose a substantial burden.  And that burden would be pointless, because unless Plaintiffs agreed to every one of Saudi Arabia's permanent-sealing designations – which seems unlikely – a temporary-sealing mechanism would still be needed so this Court could resolve disputes.  The burden on the Court to resolve all such disputes in advance – concerning documents that mostly would otherwise never be filed with the Court – would be enormous.

   Plaintiffs' opposition contends that Saudi Arabia has designated some documents that should not be confidential.  They support that contention with five cherry-picked examples from a 3,934-document production.  The confidentiality of those examples is not ripe for this Court's determination, because Plaintiffs never invoked the meet-and-confer procedure under the protective order to contest Saudi Arabia's designations.  *See* ECF No. 1900, at 14-15.  Further, Saudi Arabia had a reasonable basis to request confidential treatment of those documents at the discovery stage, and, if any were designated in error, such errors should be resolved in the first instance through the meet-and-confer process.[2]

---

  [2] KSA0000001063-65 are educational records incorporated in Omar Al Bayoumi's personnel file.  KSA0000005278, 5340, 5345, 5349, 6206, 6207, and 6313 are excerpts from payment records that reveal the contents of communications subject to Vienna Convention

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
August 22, 2018
Page 3

   To show the legitimacy of its concerns, Saudi Arabia will, if the Court so wishes, submit for the Court's *in camera* review examples of documents that plainly merit permanent sealing. Those include confidential communications between Saudi Arabia's Embassy and its Ministry of Foreign Affairs concerning the legal status of a Saudi Arabian national in the United States (KSA0000001199 and KSA0000001204); a similar communication from a very senior government official concerning the financial and political troubles of a nonprofit organization receiving Saudi Arabian support (KSA0000001223); and, as an example of the type of confidential information contained in the personnel files at issue, a doctor's report about the medical condition of one of the individuals on whom discovery has focused (KSA0000000665); *cf.* ECF No. 4072 (authorizing sealing of physician's declaration).

   Finally, the Court should reject Plaintiffs' contention that Saudi Arabia has no continued interest in the confidentiality of diplomatic and consular communications – including, as the examples noted above show, some between very senior officials on very sensitive topics – because it has voluntarily produced them under the unusual circumstances of this litigation. Were the matter before the Court less serious than proving its innocence from the extraordinarily grave allegations on which the Court has ordered discovery, Saudi Arabia would never have released such materials to private plaintiffs. By doing so, it did not consent for Plaintiffs to publish those materials at their own discretion without judicial review. This Court should therefore implement Saudi Arabia's reasonable proposal to enable a document-by-document process for seeking to maintain confidential materials under seal.

                 Respectfully submitted,

                  */s/ Michael K. Kellogg*

                  Michael K. Kellogg
                  *Counsel for the Kingdom of Saudi Arabia*

cc:  Chambers of the Honorable George B. Daniels (via facsimile)
    All MDL Counsel of Record (via ECF)

---

protections and are of no apparent relevance to the litigation (though they are responsive to Plaintiffs' broad document requests). KSA0000006662-63, a magazine article, was produced as an attachment to another communication collected from Saudi Arabia's Embassy in Washington, D.C. that is subject to Vienna Convention protection and whose confidentiality Plaintiffs have not questioned. Yet Plaintiffs cite that article out of context as if it were a stand-alone item.

   KSA0000000758 was designated in error. As Plaintiffs acknowledge, Saudi Arabia did not designate the Arabic version of the document. Similarly, Plaintiffs are correct that an Arabic version of KSA0000001155 was previously filed with the Court.