UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)

## MOTION FOR FINAL JUDGMENTS

For the reasons set forth below, and the statements contained in the declaration of James P. Kreindler, Esq. ("Kreindler Declaration"), the *Ashton* plaintiffs, by and through their counsel, Kreindler & Kreindler LLP, respectfully move this Court to award solatium damages in the cases set forth in Exhibit A to the Kreindler Declaration for the losses suffered by the relatives of the decedents in the same amounts previously awarded by this Court to other *Ashton* plaintiffs against the Islamic Republic of Iran ("Iran"); and award prejudgment interest on those damages as set forth below. All claimants listed in Exhibit A are relatives of victims of the September 11, 2001 Terror Attacks whose estates have obtained default liability judgments against Iran for claims arising out of the decedents' deaths on September 11, 2001. *See* 03-md-1570 (15-cv-09903) (S.D.N.Y.) (GBD) (SN), Doc. No. 3443, Entered 2/2/2017. This motion is made on behalf of the *Ashton* claimants listed in Exhibit A attached to the Kreindler Declaration ("*Ashton VII* Plaintiffs"), in light of this Court's previous order granting permission to allow remaining *Ashton* plaintiffs to move for this relief for solatium damages. *See* 03-md-1570 (S.D.N.Y.) (GBD) (SN), Doc. No. 3300, Filed 06/16/2016.

As the awards set forth in the attached proposed order represent the only direct recovery against Iran on behalf of the *Ashton VII* claimants listed in Exhibit A, any award issued to those

1

individuals will constitute final awards and judgments against the Islamic Republic of Iran for those solatium claimants listed in Exhibit A to the Kreindler Declaration.

I.     **Procedural Background**

Based on evidence and arguments submitted by various plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks, this Court previously issued a default judgment on liability against Iran to *Ashton, Burnett, Havlish and other* plaintiffs for claims arising out of the deaths of the plaintiffs' decedents. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3008, Entered 08/26/2015. In addition, all *Ashton* wrongful death plaintiffs moved for partial summary judgment for the conscious pain and suffering that their decedents suffered before death, which this Court granted, and certain *Ashton* wrongful death plaintiffs moved for default judgments on economic damages as well. This Court granted those motions. *See, e.g.,* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (SN), Doc. Nos. 3229, Entered 03/09/2016 (adopting December 28, 2015 Report and Recommendation awarding damages for conscious pain and suffering) and 3356, Entered 10/11/2016 (awarding damages for economic loss).

Thereafter, this Court issued a default judgment on liability against Iran to similarly situated plaintiffs involved in the September 11, 2001 Terror Litigation, including to all of the estates of the decedents listed in Exhibit A to the Kreindler Declaration. *See* 03-md-1570 (15-cv-09903) (S.D.N.Y.) (GBD) (SN), Doc. No. 3443, (that included the relevant Estates of **Kiefer, Lynch, Lyles** and many more), Entered 2/2/2017.

After receiving default judgments on liability and partial summary judgment for the conscious pain and suffering of their decedents, certain plaintiffs moved for solatium damages suffered by those family members eligible to recover such damages under the terrorism exception

2

to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A ("FSIA"). *See* 03-md-1570 (02-cv-6977), Doc. Nos. 3295, Filed 06/08/2016 (Motion for Final Judgment for *Ashton I* claimants including claims for solatium damages); 3356, Filed 10/11/2016 (Motion for Final Judgment for *Ashton II* claimants including claims for solatium damages); 3686, Filed 8/16/2017 (Motion for Final Judgment for *Ashton III* claimants solely for solatium damages); 3977, Filed 4/24/2018 (Motion for Final Judgment for *Ashton IV* claimants solely for solatium damages); and 4100, Filed 8/14/2018 (Motion for Final Judgment for *Ashton VI* claimants solely for solatium damages).[1] This Court granted these motions, finding that an award to the immediate family members of each decedent was proper and that prejudgment interest on the solatium loss amounts was warranted. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (SN), Doc. Nos. 3300, Entered 06/16/16; 3387, Entered 10/31/2016; and 3706, Entered 8/17/2017; 3979, Entered 4/25/2018; and 4106, Entered 8/16/2018.

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the September 11, 2001 wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (SN), Doc. No. 3175, Entered 12/28/2015, pp. 1 – 2. A subsequent Report and Recommendation issued in October 2016, also adopted by this Court, however, concluded that the rate of prejudgment interest of 4.96 percent for

---

[1] On July 19, 2018, the *Ashton* plaintiffs filed a Motion for Final Judgment for the *Ashton V* claimants solely for the solatium damages for non-immediate family members who were the "functional equivalents" of immediate family members. The decision on this motion is still pending. *See* Doc. Nos. 4058-4060.

all pain and suffering and solatium claims was more appropriate. *See* 03-md-1570 (11-cv-7550). Accordingly, the *Ashton I, Ashton II, Ashton III, Ashton IV,* and *Ashton VI* plaintiffs were awarded prejudgment interest at the rate of 4.96 percent per annum.

For the reasons below as well as those set forth in the prior motions for summary judgment on liability and prior motions for judgment for solatium damages made on behalf of other wrongful death plaintiffs, the *Ashton VII* Plaintiffs listed in Exhibit A to the Kreindler Declaration now move this Court to grant the attached proposed Order awarding them the same amount of compensatory damages for their solatium losses as awarded to other plaintiffs, including the *Ashton I, Ashton II, Ashton III, Ashton IV* and *Ashton VI* plaintiffs, and directing that pre-judgment interest be assessed at 4.96 percent per annum, which is the rate that this Court previously approved in connection with the *Ashton I, Ashton II, Ashton III, Ashton IV* and *Ashton VI* plaintiffs' prior motions for judgment on solatium damages. All *Ashton* plaintiffs also ask for permission to continue to submit applications in subsequent stages on behalf of those claimants not included in the attached exhibit, should any other applications be warranted.

**I.      Damages**

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages are available under the federal law and include money damages "for personal injury or death." *See* 28 U.S.C. § 1605A(a)(1) and (c)(4). The damages available to plaintiffs in a Section 1605A action include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010).

4

The plaintiffs are therefore entitled to compensation under Section 1605A for the solatium losses suffered as a result of the wrongful death of each of their decedents.

### A. Solatium Damages

Section 1605A specifically provides for solatium damages. Under that provision, family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009). Given that, in FSIA cases solatium claims have been treated as comparable to claims for intentional infliction of emotional distress, in which the immediate family members of the decedent are treated as direct victims. *See, e.g* Salazar v. Islamic Republic of Iran, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005)("[c]ourts have uniformly held that a terrorist attack—by its nature—is directed not only at the victims but also at the victims' families."); *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001)). Thus, this Court has previously awarded solatium damages to "immediate family members" who, though not physically present at the site of the terrorist attacks, were nevertheless intended victims of the terrorist activities. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD)(SN) (S.D.N.Y. Oct. 12, 2016) (ECF No. 3358) ("*Hoglan* Report"); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD)(SN), 2015 WL

9468813 (S.D.N.Y. Dec. 28, 2015) ("*Ashton* Report"); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD)(SN), 2012 WL 4711407 (S.D.N.Y. Oct. 3, 2012) ("*Havlish* Report").

In defining those family members eligible to make a claim for solatium damages, this Court previously determined that spouses, parents, children and siblings who survived the 9/11 decedent were entitled to recover for their losses, and set forth a framework for other family relationships that fell outside of those four categories, such as intimate partners, aunts and uncles and step-relationships. *See* 03-md 1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3363, Entered 10/14/2016. The four established categories of family relationships – spouses, parents, children and siblings – do not require any additional showing of the nature of the underlying relationship. *Id.*

To fashion a solatium award adequately compensating the surviving family members in the litigation against Iran, this Court previously looked to the analysis undertaken by District Court Judge Royce Lambert in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). There, Judge Lamberth concluded that solatium damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id.*[2]

Magistrate Judge Frank Maas previously recognized that the immediate family members of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound agony and grief" and, "[w]orse yet, … are faced with frequent reminders of the events of that day." *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (SN), Doc. No. 2618, Entered 07/30/12, p. 10. Given the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their

---

[2] This formula may be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

indelible impact on the lives of the victims' families," Magistrate Judge Maas, in his Report and Recommendation, concluded that an upward departure from the *Heiser* framework was appropriate and recommended solatium damages in the following amounts:

| **Relationship to Decedent** | **Solatium Award** |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

Subsequently, Magistrate Judge Maas and then Magistrate Judge Sarah Netburn issued reports and recommendations that this Court adopted, issuing orders awarding solatium damages in the amounts set forth above to various groups of plaintiffs.

The losses claimed in this motion are legally and factually comparable to those suffered by the *Ashton I, Ashton II, Ashton III, Ashton IV,* and *Ashton VI* claimants, and the other claimants involved in this litigation. Each of the deaths in this case were sudden and unexpected and were the result of the terrorism defendants' extreme acts of malice. The decedents were civilians whose deaths were intended to create an environment of fear and terror. The claimants here were not attenuated victims but the immediate family members of the decedents and were directly and irrevocably harmed by the terrorist acts and consequences. Many family members can visit no private cemetery plot or gravestone to visit their loved ones but are instead resigned to never have the closure that might otherwise be expected after the death of an immediate family member. The amount of solatium damages previously adopted by the District Court in the other *Ashton* cases as

well as the other claimants' cases involved in the September 11, 2001 litigation should apply equally to the *Ashton VII* Plaintiffs.

The relationships between the decedent and the plaintiffs are set forth in the accompanying Kreindler Declaration. As described in the Kreindler Declaration, all of the *Ashton VII* Plaintiffs have direct relationships previously recognized as being presumptively qualified for solatium damages; the relationships between the plaintiffs and the September 11th decedents have been verified; all of the plaintiffs survived the deaths of their loved ones on September 11th; and none of the *Ashton VII* Plaintiffs has another claim pending before this Court for compensation against Iran. The plaintiffs therefore respectfully request that this Court issue a final judgment ordering payment of solatium damages to the *Ashton VII* Plaintiffs, listed in Exhibit A, in the same amounts set forth above, based on their relationship with their decedents and as described in Exhibit A to the Kreindler Declaration.

### B. Prejudgment Interest

Additionally, the *Ashton VII* Plaintiffs ask that this Court direct that prejudgment interest of 4.96% on the solatium awards running from September 11, 2001 until the date of judgment to the extent that their injuries arose in New York be assessed, as was done previously in the *Ashton I, Ashton II, Ashton III, Ashton IV,* and *Ashton VI* cases, as well as for other plaintiffs in this consolidated litigation.

### II. Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Ashton* plaintiffs and other plaintiffs, the *Ashton VII* Plaintiffs respectfully request that this Court grant the proposed order attached to the Kreindler Declaration as Exhibit B and (1) award them solatium damages as set forth in the attached Exhibit A, (2) direct that prejudgment interest of

4.96% on the solatium awards running from September 11, 2001 until the date of judgment be assessed; and (3) permit remaining solatium claimants to submit motions for final judgment in future stages.

Dated: New York, New York
       August 23, 2018

Respectfully submitted,

KREINDLER & KREINDLER LLP

BY:   /s/ James P. Kreindler, Esq.
James P. Kreindler, Esq.
Andrew J. Maloney III, Esq.
750 Third Avenue, 32nd Floor
New York, New York 10017
Tel: (212) 687-8181
*Attorneys for the Ashton Plaintiffs*