LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL TRADE

August 30, 2018

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

    **Re:**    **In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)**

Dear Judge Netburn:

On behalf of Defendants World Assembly of Muslim Youth Saudi Arabia and World Assembly of Muslim Youth International (collectively referred to as "WAMY"), we write with regards to this Court's August 29, 2018 Opinion and Order ("Order") [ECF No. 4130] granting in part the Plaintiffs' Executive Committee's ("PEC") motion to compel. Specifically, Section IV of the Court's Order holds that WAMY's document search efforts for its branch offices were inadequate and Orders WAMY to conduct a search of its branch offices. The Court directs WAMY to "communicate directly with staff in the 20 branch offices (preferably in person), issue litigation holds that prevent staff from destroying relevant documents, explain in specific terms all of the document requests to which office staff need to respond, and closely coordinate and supervise the branch offices' efforts to collect and produce all relevant documents." *See* Order at 7. WAMY respectfully seeks the Court's permission to file three supporting declarations from WAMY's legal counsel, along with a motion for reconsideration of Section IV of the Court's Order, to give the Court a more accurate and complete understanding of the robust and counsel-directed document production process that WAMY has completed.

These attorneys worked extensively on WAMY's discovery obligations and were hands-on involved in WAMY's rigorous document search efforts. Their declarations will provide material facts that this Court did not have in its possession when deciding Section IV ("Branch Offices") of the Order. The details in these declarations will assist the Court understand the magnitude of WAMY's document searches for relevant documents and their production including branch offices, WAMY governing bodies, Saudi government agencies, and BIF records. The Court's consideration of the declarations will allow it to better understand that WAMY has adequately searched for and produced all the relevant documents that exist in its possession, and the Court can therefore amend Section IV of the Court's Order to prevent duplicative searches.

In its February 28, 2018 Motion to Compel against WAMY (ECF No. 3911), PEC did not call into question WAMY and its counsel's efforts in performing adequate searches of branch offices. WAMY, therefore, did not address its document collection efforts in its Opposition (ECF No. 3949). PEC's reply brief, to which WAMY could not respond, challenged WAMY's document searches, however. As a matter of law, parties cannot raise new issues for the first time in their reply brief. *See Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136 (S.D.N.Y. 2013). Arguments made for the first time in a reply memorandum of law are, generally, not considered by a court because "when a party fails to raise an issue(s) or to present an argument(s) in the party's initial brief, the adversary party is deprived of the opportunity to dispute the matter(s). Moreover, the Court is deprived of the benefit of both sides' analysis of the issue(s)." *See, e.g., Warner v. Orange County Dep't of Probation,* 115 F.3d 1068, 1071 n. 1 (2d Cir.1997).

In their reply, PEC relied upon letters from Dr. Al Mazroo to branches in 2011 and 2012, asking for certain records to be sent (ECF No. 3963-1, 3963-2, 3963-3). PEC mischaracterized

2

these letters to the Court in their reply as the <u>only effort WAMY took to collect documents</u> (emphasis added). This cannot be further from the truth. The letters were a minor step in an otherwise comprehensive and exhaustive global document collection effort. With the direct personal involvement of and supervision by counsel, WAMY has undertaken systematic efforts to search, secure, and produce all documents responsive to PEC's discovery requests. WAMY had produced over 1.2 million pages of responsive documents. Counsel for WAMY did not leave "it to Dr. Al Mazroo to request" branch office records but rather went on over thirty (30) document-collection trips to KSA and other countries. Counsel for WAMY met with the heads of regional offices and chapters. They trained them in all of the federal discovery obligations and PEC's document requests, giving clear and direct communication as to how to collect documents. Counsel sat with WAMY officials and personnel tasked with the document collection effort and described in great detail what needs to be searched for. Counsel personally visited the document storage warehouse and conducted the review of documents themselves. A legal team with Arabic language staff reviewed every single document gathered for relevance to Plaintiffs' requests. Every relevant document was then produced to PEC. Counsel continued to monitor document searches through meetings with the search team. When certain documents were missing, Counsel for WAMY continued visits to KSA and other countries until 2017 to ensure that relevant documents were being identified and located.

  This is a brief summary of WAMY's collection efforts, and counsel would like to submit for the Court's consideration three detailed declarations from counsel regarding WAMY's document search and collection, including those for branch offices.

  In this case, PEC filed their motion to compel, and only after WAMY's counsel's urging after the filing did PEC agree to meet and confer. At the meet and confer, Defendants thought

they narrowed the disputes. In their reply, however, PEC asserted new arguments regarding the adequacy of WAMY's document collection efforts for the first time. Given that the issue of WAMY's document search was raised for the first time in PEC's reply brief, WAMY was not afforded an opportunity to respond. The Court relied and cited in its decision to PEC's new arguments in the reply, which were outside of the scope of WAMY's Opposition.

The Court's Order currently rests on incomplete knowledge of WAMY's counsels' document collection and review efforts in this litigation. In order to avoid duplicating efforts and to most efficiently use its limited litigation resources, WAMY respectfully requests that WAMY be given the opportunity to file a motion for reconsideration supported by declarations from counsel.

Respectfully Submitted,

*/s/ Omar Mohammedi*

Omar Mohammedi, Esq.

*/s/Frederick Goetz*

Frederick Goetz, Esq.

cc:     All MDL Counsel of Record (via ECF)