# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

September 10, 2018

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

  Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

  Pursuant to Local Civil Rule 6.3, the Plaintiffs' Executive Committees request that the Court reconsider and/or clarify those portions of its August 27, 2018 and August 30, 2018 orders (ECF Nos. 4124 and 4130) applying a "concrete evidence" standard to determine whether the defendants, Muslim World League (MWL), International Islamic Relief Organization (IIRO), and World Assembly of Muslim Youth (WAMY) (collectively, "the Defendants") failed to produce responsive documents in specifically articulated categories of Plaintiffs requests.  ECF Nos. 4124 at 7 (MWL/IIRO) and 4130 at 15 (WAMY).  Plaintiffs further seek clarification that the Court's order is without prejudice to Plaintiffs' right to seek to compel production of additional documents by the MWL and IIRO, based on deposition testimony establishing the existence of relevant documents that have not been produced.

  In assessing whether the Defendants should be compelled to conduct further searches "at this time," the Court referenced that its analysis involved assessing whether Plaintiffs had produced "concrete evidence" that the Defendants failed to produce responsive documents in specifically articulated categories of requests.  *Id.*  Although the Court supported its determination with the axiom that the Court cannot require production of items that do not exist (ECF Nos. 4124 at 7; 4130 at 15), the Court did not articulate in the decision what standard or showing would suffice to meet the "concrete evidence" standard; nor did the Court canvas in its decision the evidence that Plaintiffs offered to support their reasonable, non-speculative grounds for contending that the categories of documents at issue in the application have existed and either have not been produced or have been destroyed.

Courts in this Circuit and elsewhere have articulated the term "concrete evidence" to mean that the propounding party has "identif[ied] reasonable, non-speculative grounds for his belief" about the documents at issue. *Compunnel Software Grp., Inc. v. Gupta*, 14-CV-4790 (RA) (JLC), 2017 U.S. Dist. LEXIS 219900, at *4 (S.D.N.Y. Oct. 25, 2017), quoting *Earthworks v. U.S. Dep't of the Interior*, 279 F.R.D. 180, 185 (D.D.C. 2012). Plaintiffs understand that the Court's use of the term "concrete evidence" in its recent decision is in keeping with this "reasonable, non-speculative grounds standard," and was not intended to announce a different standard. Plaintiffs respectfully request clarification from the Court on this point. To the extent the Court did apply a different standard, Plaintiffs respectfully request that the Court reconsider its ruling on that point.

Finally, one of the ways that parties are typically able to demonstrate absence of fidelity to a party's discovery obligations is to conduct depositions of the relevant party witnesses to determine whether the documents exist (or have existed); but that opportunity was not available to the Plaintiffs before they filed the motions versus these Defendants. In light of that, Plaintiffs ask for clarification as to whether the Court's rulings at ECF Nos. 4124 and 4130 are without prejudice in the event that Plaintiffs learn additional information from depositions of the Defendants' witnesses to supplement the concrete evidence that Plaintiffs have already submitted for the Court's consideration. Given that the Court's order specified that the Court was not requiring MWL/IIRO to conduct further searches "at this time," plaintiffs understand it to have been without prejudice to a further application based on deposition testimony establishing "reasonable, non-speculative grounds" for the assertion that responsive documents have not been produced, but seek clarification to avoid future disputes over the issue.

Respectfully submitted,

| COZEN O'CONNOR | MOTLEY RICE LLC |
|---|---|
| By: /s/ *Sean P. Carter* | By: /s/ *Robert T. Haefele* |
|     SEAN P. CARTER |     ROBERT T. HAEFELE |
|     For the Plaintiffs Exec. Committees |     For the Plaintiffs Exec. Committees |

KREINDLER & KREINDLER LLP

By: /s/ *James P. Kreindler*
    JAMES P. KREINDLER
    For the Plaintiffs Exec. Committees

cc:   The Honorable George B. Daniels, via ECF
      All Counsel of Record via ECF