UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RULE 60(a) MOTION FOR CORRECTIONS TO PARTIAL FINAL JUDGMENT FOR PLAINTIFF JAROSLAWA SKALA

Plaintiffs by undersigned counsel submit this Memorandum of Law in support of their Rule 60(a) Motion for Corrections to Partial Final Judgment for Plaintiff Jaroslawa Skala, and say:

### BACKGROUND

On August 28, 2018, this Court entered an Order of Partial Final Default Judgments on Behalf of Burnett/Iran Plaintiffs Identified at Exhibit A (Burnett/Iran III) (ECF No. 4126). In that Order, 233 plaintiffs in *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.*, 15-cv-9903, who are each a spouse, parent, child, or sibling (or the estate of a spouse, parent, child, or sibling) of a victim killed in the terrorist attacks on September 11, 2001, were awarded damages against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and The Central Bank of the Islamic Republic of Iran. The individual plaintiffs were identified in Exhibit A to ECF No. 4126.

Exhibit A to ECF No. 4126 was prepared by plaintiffs' counsel who, at the time of its filing, believed it to be a complete and accurate list of plaintiffs for whom the Order should have been entered. Since ECF No. 4126 was entered, plaintiffs' counsel have been preparing the requisite documents to be submitted to the U.S. Department of State for service of ECF No. 4126

on Iran in addition to finalizing applications for the plaintiffs included in the Order to be submitted to the United States Victims of State Sponsored Terrorism Fund. In the course of this review, plaintiffs' counsel discovered an error in the exhibit they had presented to the Court. Due to this error, plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to issue an Order on behalf of Plaintiff Jaroslawa Skala that corrects the error related to his individual claim.

## ARGUMENT

**Rule 60(a) Permits the Court to Modify a Judgment Based on Clerical Errors**

The purpose of Fed. R. Civ. P. 60(a) is to provide courts a means of modifying judgments to ensure the record reflects the actual intention of the parties and the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995). A motion for relief from judgment based on clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). Under Rule 60(a), the mistake need not be made by a clerk but must be "mechanical in nature, apparent on the record, and not involve an error of substantive judgment." *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, 645 F. Supp. 732, 734 (E.D. Pa. 1986) (citing *Pattiz v. Schwartz,* 386 F.2d 300, 303 (8th Cir.1968); *Dura-Wood Treating Co., A Division of Roy O. Martin Lumber Co. v. Century Forest Industries, Inc.*, 694 F.2d 112 (5th Cir.1982)).

The United States Court of Appeals for the Second Circuit examined an analogous issue in *Fluoro Electric Corporation v. Branford Associates* when it reviewed the removal of a defendant's corporate designation from judgment due to the revelation the defendant was not operating as an incorporated entity which impeded collection of the judgment. 489 F.2d 320, 322 (2d. Cir. 1973). In that case, the court affirmed the matter could be remedied under Rule 60(a) through substitution

of the party without the incorrect designation. *Id.* at 322. In *Wheeling Downs Race Track and Gaming Center v. Kovach*, the United States District Court for the Northern District of West Virginia specifically determined that the naming of an incorrect party as prevailing in a judgment order is clerical in nature and a "correction under Rule 60(a) was sufficient to correct the misnomer." 226 F.R.D. 259, 262–63 (N.D.W. Va. 2004).

Here, the error is mechanical in nature and does not require substantive judgment. The entry of a new Order for Plaintiff Jaroslawa Skala would reflect the actual intent of plaintiffs in obtaining the default judgment against Iran. The clerical mistake for Plaintiff Jaroslawa Skala was a misstatement of the relationship between Jaroslawa Skala and 9/11 decedent John P. Skala.

On Line 188 of Exhibit A to ECF No. 4126, plaintiff Jaroslawa Skala was identified as the "sibling" of 9/11 decedent John P. Skala with a judgment amount corresponding to a sibling's solatium judgment of $4,250,000. Jaroslawa Skala is the parent of 9/11 decedent John P. Skala, so the relationship needs to be changed as does the judgment amount to correspond to a parents's solatium judgment of $8,500,000.

## CONCLUSION

The correction requested by Plaintiff Jaroslawa Skala is clerical in nature despite being predicated on an oversight and omission by plaintiffs' counsel in preparing the Exhibit A to ECF No. 4126. The requested correction does not raise issues with the substantive judgment contained in ECF No. 4126 and will not in any way change the Court's disposition. Instead, the issuance of a new Order for Plaintiff Jaroslawa Skala will more accurately reflect the Court's and plaintiffs' intent. Moreover, the correction is necessary to the administration of justice insomuch as not making this correction will potentially affect the rights of Plaintiff Jaroslawa Skala to enforce and collect on the judgment this Court intended in their favor. For the foregoing reasons, Plaintiff

Jaroslawa Skala respectfully requests that this Court enter the Corrected Order of Partial Final Default Judgment on Behalf of Jaroslawa Skala (attached to plaintiffs' motion as Exhibit A) to conform with the correction provided herein.

Dated: September 12, 2018                                   Respectfully submitted,

/s/ Robert T. Haefele
Jodi Westbrook Flowers, Esq.
Robert T. Haefele, Esq.
John Eubanks, Esq.
MOTLEY RICE LLC
Mount Pleasant, SC 29464
Tel. (843) 216-9000
Fax (843) 216-9450
jflowers@motleyrice.com
rhaefele@motleyrice.com
jeubanks@motleyrice.com