LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL TRADE

September 12, 2018

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:     In re Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

We represent Defendants World Assembly of Muslim Youth Saudi Arabia and World Assembly of Muslim Youth International (collectively referred to as "WAMY"). We write to oppose Plaintiffs' Executive Committee's ("PEC") request of September 10, 2018 (DKT #s. 4154 and 4155[1]), which seeks reconsideration and/or clarification of this Court's definition of "concrete evidence" used in the Court's August 29, 2018 Order (DKT # 4130) ("Order").

PEC's letter, in the first instance, is inappropriate and procedurally improper. Plaintiffs seek to bring a motion for reconsideration under the Southern District of New York ("S.D.N.Y.") Local Civil Rule 6.3 without meeting the appropriate requirements. Namely, Plaintiffs have demonstrated neither facts nor case law overlooked by the Court in rendering the August 29, 2018 Order, such that the Court would alter its conclusion. S.D.N.Y. Rule 6.3.

WAMY believes the Court's "concrete evidence" standard is clear and that the PEC's request for reconsideration/clarification should be denied. In denying portions of Plaintiffs' motion to compel, the Court held that "PECs speculate that there must be more documents that WAMY has not yet produced. The PECs have not offered any concrete evidence showing that there are actually more documents in WAMY's possession, custody, or control that the organization has failed to produce." *See* Order at 15. Summarily concluding that production is incomplete is insufficient to compel production, whereas "point[ing] to specific deficiencies in…collection efforts" is not. *Id.* Clearly, PEC must offer concrete (i.e. unspeculative) evidence showing that there are actually more documents in WAMY's possession, custody, or control that the organization has failed to produce. PEC, however, attempt to liberally construe this standard using case law that has no application here. PEC cites to two cases, *Earthworks v. U.S. Dep't of*

---

[1] PEC was directed to re-file the letter, by the Court's electronic filing system. The same letter was refiled on September 11, 2018 as DKT # 4155.

*the Interior*, 279 F.R.D. 180, 185 (D.D.C. 2012) and *Compunnel Software Group, Inc. v. Gupta*, 14CV4790RAJLC, 2017 WL 8784794, at \*1 (S.D.N.Y. Oct. 25, 2017), which apply, not to motions to compel, but to the determination of whether an administrative record is complete in hearings before an agency. The full quote from these cases, which the PEC conveniently abridges, is: "[T]he party seeking to supplement the administrative record must put forth concrete evidence. In other words, the party must identify reasonable, non-speculative grounds for his belief that the documents were considered by the agency and not included in the record." As such, PEC's proffered definition of "concrete evidence" cannot apply here, particularly in light of the Court's transparent meaning.

It is WAMY's belief that PEC now brings this application in order to leave open the possibility of bringing a duplicative motion which would seek to require WAMY to respond to the categories of documents articulated by PEC. In so doing, PEC inappropriately lumps WAMY, Muslim World League ("MWL"), and International Islamic Relief Organization ("IIRO") together in their needless request. PEC's request sets the stage for post-deposition motions to compel seeking (without prejudice) categories of documents already ruled upon by this Court.

This tactic conflates Judge Frank Maas' April 12, 2011 Order[2] (an Order that applied to MWL and IIRO only) with this Court's August 29, 2018 Order (DKT # 4130), which applies to WAMY alone. Plaintiffs fail to identify with specificity what is missing from WAMY's production, instead referring to categories of documents they claim WAMY has not produced. (Local Rule 37.1) *See* WAMY's Opposition Brief at 11 (DKT No. 3949). The categories are based on Plaintiffs' theories, not part of, or identical to their documents requests. WAMY is not obligated to rearrange its substantial production based on Plaintiffs' theories in its motion to compel. PEC's numbered document requests were not broken down into the categories that they sought in their motion to compel.[3]

Asking WAMY to re-classify its production into categories is tantamount to seeking counsel's mental impression and counsel work product. *Kriss v. Bayrock Grp., LLC*, No. 10 CIV. 3959 LGSFM, 2015 WL 1305772, at \*15 (S.D.N.Y. Mar. 23, 2015). By re-categorizing documents already produced and identified according to PEC's document requests, Plaintiffs are asking WAMY to reveal its counsel's "mental impressions and legal opinions as to how the evidence in the documents relates to the issues and defenses in the litigation." *Id.* (citing *Sporck v. Peil*, 759 F.2d 312, 315 (3d Cir. 1985)). "Since all of the documents had been made available to opposing counsel, there obviously was no substantial – much less highly persuasive – need for the documents to be identified. Indeed, the only purpose for such a request would be to 'disclose, indirectly, the mental impressions of the attorney who selected the documents to review with the witness.'" *Id.* (quoting *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, 241 F.R.D. 104, 107 (D. Conn. 2007)); *see also Nutramax Labs., Inc. v. Twin Labs. Inc.*, 183 F.R.D. 458 (D. Md. 1998)). PEC's

---

[2] Order given at hearing held before M.J. Maas on April 12, 2011.

[3] *See* Plaintiffs' motion to compel at 18-19.

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

demand in its motion to compel that WAMY's production be identified by *ad hoc* categories not previously demanded, discussed, or so Ordered is unfounded and unsupported by case law.

PEC now asks the Court to define an evidentiary standard in order to determine whether WAMY failed to produce documents responsive to categories articulated by PEC. Plaintiffs have not shown that the 1.25 million pages of responsive documents and accompanying indices WAMY has produced do not in fact include the documents they claim are missing. Further, a party seeking to compel production of documents must establish factual basis supporting its assertion that requested documents were within other party's control. *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 36 (S.D.N.Y.), *opinion adopted,* 271 F.R.D. 55 (S.D.N.Y. 2010) (citing *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992)). This, in addition to the Court's ruling, serves as sufficient insight into the "concrete evidence" standard. We respectfully request that this Court deny PEC's application.

Thank you for your consideration.

Respectfully Submitted,

*/s/ Omar Mohammedi*

Omar Mohammedi, Esq.


*/s/Frederick Goetz*

Frederick Goetz, Esq.


cc:      All MDL Counsel of Record (via ECF)

3