**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

: **MOTION FOR ISSUANCE OF LETTERS ROGATORY**
: 1:03 MDL 1570 (GBD) (SN)

:

------------------------------------------------------------------X

**This Document Relates to**
*Hoglan v. Iran*,
**1:11-cv-7550 (GBD) (SN)**

      The *Hoglan* Plaintiffs, through counsel, hereby respectfully submit this Motion For Issuance of Letters Rogatory in the interest of justice, and in support thereof, aver the following:

      1.    The *Hoglan* Plaintiffs request issuance of Letters Rogatory directing the appropriate judicial authority of the Islamic Republic Iran to effect service of the Final Order and Judgment on Compensatory Damages documents in this case.[1] A copy of the proposed Letter Rogatory is attached hereto as **EXHIBIT A**.

      2.    Specifically, the *Hoglan* Plaintiffs request eight (8) duplicate copies of the proposed Letter Rogatory, one for each of eight defendants: (1) Ayatollah Ali Khamenei, Supreme Leader of Iran: (2) Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran; (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Corporation; (6) National Iranian

---

[1] The *Hoglan* Plaintiffs' judgment is final in all respects except for an outstanding determination about the proper multiplier formula to employ in the computation of punitive damages. *See Hoglan, et al. v. Iran, et al.,* Report and Recommendation of Magistrate Judge Sarah Netburn, dated October 12, 2016, MDL Document No. 3358, pp. 11-6.

Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah.  Eight identical copies of the proposed Letter Rogatory are being provided to the Court with the courtesy copy being sent via Federal Express overnight courier to Judge Daniels' chambers.

3.  The *Hoglan* Plaintiffs request a determination by this Court that all sixteen (16) Defendants in this case may be served through the United States Department of State, pursuant to §1608(b)(3)(A) of the Foreign Sovereign Immunities Act ("FSIA").  28 U.S.C. §1608(b)(3)(A).

4.  The *Hoglan* Plaintiffs received an Order of Judgment Regarding Liability on August 31, 2015 (*Hoglan* Docket No. 112; MDL Docket No. 3027).  Among the liable Defendants are the government of the Islamic Republic of Iran and seven political subdivisions of the government of Iran within the meaning of the FSIA.  The seven political subdivision Defendants are: (1) the Iranian Ministry of Information and Security; (2) the Islamic Revolutionary Guard Corps; (3) the Iranian Ministry of Petroleum; (4) the Iranian Ministry of Economic Affairs and Finance; (5) the Iranian Ministry of Commerce; (6) the Iranian Ministry of Defense and Armed Forces Logistics; and, (7) the Central Bank of the Islamic Republic of Iran. *See* Order of Judgment entered by the Honorable George B. Daniels on August 31, 2015 (*Hoglan* Docket No. 112; MDL Docket No. 3027).

5.  Also among the liable Defendants in *Hoglan* are six (6) agencies and instrumentalities of the government of Iran: (1) National Iranian Tanker Corporation; (2) National Iranian Oil Corporation; (3) National Iranian Gas Corporation; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and, (6) Hezbollah.  *Id.*

6.  In addition, the *Hoglan* Plaintiffs' Order of Judgment Regarding Liability includes two officials of the government of Iran: (1) Ayatollah Ali Khamenei, Supreme Leader

of Iran: and, (2) Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran.

7. The Final Order and Judgment on Compensatory Damages was entered by this Court on February 26, 2018 (MDL Docket No. 3905). Section 1608(e) of the FSIA requires the *Hoglan* Plaintiffs to serve the Final Order and Judgment on Compensatory Damages upon all Defendants pursuant to the provisions of the FSIA. 28 U.S.C. §1608(a).

8. Section 1608 lists several methods of service in descending order of preference. The first two methods of service, which appear in both subsections (a) and (b), are virtually identical, and neither is applicable to the Islamic Republic of Iran. §1608(a)(1), (2); §1608(b)(1)(2).

9. The third method of service requires that a party such as the *Hoglan* Plaintiffs send a copy of the default judgment, together with a translation into Farsi, to Iran "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court." 28 U.S.C. §1608(a)(3).

10. The *Hoglan* Plaintiffs successfully complied with §1608(a)(3) with regard to all sixteen (16) Defendants. *See* DHL Express shipment and delivery details and certificates of service, e-filed on July 12, 2018; MDL Docket No. 4048.

11. The fourth method of service under the FSIA is service through diplomatic channels via the U.S. Department of State pursuant to §1608(a)(4). On January 25, 2013, William P. Fritzlen of the U.S. Department of State corresponded with the SDNY Clerk of Court to inform the Clerk that the Department of State was empowered to serve "a foreign state or a political subdivision of a foreign state" without letters rogatory. The eight Defendants the State Department determined it could serve without letters rogatory were: (1) the Islamic Republic of

3

Iran; (2) The Iranian Ministry of Information and Security; (3) The Islamic Revolutionary Guard Corps; (4) The Iranian Ministry of Petroleum; (5) The Iranian Ministry of Economic Affairs and Finance; (6) The Iranian Ministry of Commerce; (7) The Iranian Ministry of Defense and Armed Forces Logistics; and, (8) The Central Bank of the Islamic Republic of Iran.  A copy of the letter by William P. Fritzlen, U.S. Department of State, to Ruby J. Krajick, Clerk of Court, dated January 25, 2013, is attached hereto as **EXHIBIT B**.

   12.   Mr. Fritzlen informed the Clerk that the State Department could serve the remaining eight Defendants only if the Court issued letters rogatory.  *Id.*  These eight Defendants are: (1) Ayatollah Ali Khamenei; (2) Akbar Hashemi Rafsanjani (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Corporation; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah.  Pursuant to 28 U.S.C. §1608(b)(3)(A), the Court is empowered to issue letters rogatory to agencies and instrumentalities of a foreign government.

   13.   Based on the State Department position, in the related case *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), the *Havlish* Plaintiffs filed a motion and memorandum of law for issuance of Letters Rogatory for the same eight defendants in the *Havlish* litigation. This Court granted that motion on April 9, 2013.  *See Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), Document No. 376; 03 MDL 1570 (GBD) (FM), Document No. 2689.

   14.   Based on this same State Department position, the *Hoglan* Plaintiffs filed a Motion and Memorandum of Law for Issuance of Letters Rogatory in the instant litigation for service of the Plaintiffs' initial pleadings on October 25, 2013 (Document No. 63).  This Court granted that motion on November 27, 2013.  *See* Document No. 66.

Please also see accompanying Memorandum of Law in support of this motion requesting issuance of Letters Rogatory.

**WHEREFORE,** the *Hoglan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Hoglan* Plaintiffs' request for issuance of Letters Rogatory for the following Defendants: (1) Ayatollah Ali Khamenei; (2) Akbar Hashemi Rafsanjani (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Corporation; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah; and direct the Clerk of Court to issue said Letters Rogatory.

Respectfully submitted,

Date:  September 18, 2018

/s/ Timothy B. Fleming\_\_\_\_\_
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1850 M Street, NW, Suite 720
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

                Robert M. Foote (IL Bar No. 03124325)
                Craig S. Meilke (IL Bar No. 03127485)
                FOOTE, MIELKE, CHAVEZ
                 & O'NEIL, LLC
                10 West State Street, Suite 200
                Geneva, IL  60134
                (630) 232-7450

                ***Attorneys for the Hoglan Plaintiffs***