**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

: **MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFFS'**
: **MOTION TO REQUEST THE**
**ISSUANCE OF LETTERS**
: **ROGATORY**

: **1:03 MDL 01570 (GBD) (SN)**

-------------------------------------------------------------------X

**This Document Relates to**
*Hoglan v. Iran*,
**1:11-cv-7550 (GBD) (SN)**

The *Hoglan* Plaintiffs respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Request the Issuance of Letters Rogatory. A copy of the proposed Letter Rogatory directed to the Islamic Republic of Iran is attached to the accompanying motion as EXHIBIT A.

**I.    STATEMENT OF FACTS**

This action was brought by representatives of estates and family members who are victims of the terrorist attacks of September 11, 2001, in order to hold accountable those who planned, executed, and/or provided material support and assistance to al-Qaeda in carrying out the most deadly and outrageous act of terror to occur on American soil.

An Order of Judgment was entered by the Honorable George B. Daniels on August 31, 2015 which held all Defendants to be jointly and severally liable for the September 11, 2001 terrorist attacks (Document No. 112). Included in Plaintiffs' Order of Judgment Regarding Liability is the government of the Islamic Republic of Iran and seven (7) political subdivisions of

the government of Iran within the meaning of the FSIA.  The seven (7) political subdivision Defendants are: (1) The Iranian Ministry of Information and Security; (2) The Islamic Revolutionary Guard Corps; (3) The Iranian Ministry of Petroleum; (4) The Iranian Ministry of Economic Affairs and Finance; (5) The Iranian Ministry of Commerce; (6) The Iranian Ministry of Defense and Armed Forces Logistics; and, (7) The Central Bank of the Islamic Republic of Iran.  See Order of Judgment entered by the Honorable George B. Daniels on August 31, 2015 (Hoglan Docket No. 112; MDL Docket No. 3027).

Also included in the *Hoglan* Plaintiffs' Order of Judgment Regarding Liability are six (6) agencies and instrumentalities of the government of Iran that also provided material support to al-Qaeda in carrying out the terrorist attacks of September 11, 2001.  The six (6) agency or instrumentality Defendants are: (1) National Iranian Tanker Corporation; (2) National Iranian Oil Corporation; (3) National Iranian Gas Company; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and, (6) Hezbollah.  *Id.*

In addition, the *Hoglan* Plaintiffs' Order of Judgment Regarding Liability includes two former officials of the government of Iran: (1) Ayatollah Ali Khamenei, Supreme Leader of Iran: and, (2) Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran.

The *Hoglan* Plaintiffs received an Order of Judgment Regarding Liability on August 31, 2015 (*Hoglan* Docket No. 112; MDL Docket No. 3027).  All sixteen (16) Defendants must be served with all of the documents related to the Final Order and Judgment on Compensatory Damages in this matter, in both English and Farsi, in accordance with the service provisions of the Foreign Sovereign Immunities Act ("FSIA") found at 28 U.S.C. §1608, *et seq*.  However,

The United States Department of State has previously required Letters Rogatory to serve some of the instant Defendants.

Therefore, in order to properly serve all Defendants, the *Hoglan* Plaintiffs need to acquire Letters Rogatory. Only after obtaining Letters Rogatory will the U.S. State Department complete service, pursuant to the FSIA.

## II.     Role of the United States Department of State

The United States Department of State, Overseas Citizens Services, Office of Policy Review & Interagency Liaison (hereafter "Department of State") is responsible for service and implementing regulations under the FSIA via a diplomatic channel in accordance with 28 U.S.C. §1608(a)(4). (Source: www.travel.state.gov). The defendant served by the Department of State must be a foreign state or political subdivision as defined by §1603 of the FSIA, not an agency or instrumentality of a foreign state to be served under § 1608(b). The United States Department of State **does not serve natural persons** under the FSIA. (Source: www.travel.state.gov). The FSIA specifies that, when service of process upon a foreign state cannot otherwise be effected under the FSIA, the Clerk of Court may dispatch a request to the Secretary of State, "attn: Director of Special Consular Services," for service upon such foreign state defendant.

The FSIA contains parallel service provisions depending on the classification of the sovereign defendant. For service upon "a foreign state or a political subdivision of a foreign state," the four methods of service contained in §1608(a)(1)-(4) apply, listed in descending order of preference. For service upon "an agency or instrumentality of a foreign state," there are five methods of service, including the use of letters rogatory. §1608(b)(3)(A). The service provisions are similar for both "foreign states" and a foreign state's "agencies and instrumentalities" in that private plaintiffs are afforded three means of service under subsection

3

(a) or (b) before the assistance of the United States or the Court in effectuating service becomes warranted.

The fundamental difference between the two subsections, should a private plaintiff be unable to effectuate service, is a procedural one.  In the case of a foreign state or political subdivision, subsection (a) permits service via the U.S. Department of State through diplomatic means should the other proscribed methods of service fail.  §1608(a)(4).  For an agency or instrumentality of an instrumentality of a foreign state, the Department of State will not serve the agency or instrumentality directly, but rather, will request the judicial assistance of the foreign state in serving their agencies and instrumentalities after letters rogatory has been issued by the Court.  §1608(b)(3)(A).

This Court has previously and repeatedly adjudged <u>all</u> of the Defendants to be the legal equivalent of Iran for purposes liability under the state sponsor of terrorism exception to sovereign immunity codified at 28 U.S.C. §1605A.  The Conclusions of Law entered in this matter by this Court on August 31, 2015 included the following:

> 32.  Under the FSIA, "a 'foreign state'. . . includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state" as defined in the FSIA.   28 U.S.C. §1603(a).   The FSIA defines the term "agency or instrumentality of a foreign state" as any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of . . . the United States . . . nor created under the laws of any third country.  28 U.S.C. §1603(b)(1)-(3); *see Estate of Heiser, et al. v. Islamic Republic of Iran*, No. 00-cv-2329 (RCL), Consolidated With No. 01-cv-2104 (RCL) (D.D.C. August 10, 2011).  Accordingly, Iran's Ministry of Information and Security, the Islamic Revolutionary Guard Corps, Iran's Ministry of Petroleum, Iran's Ministry of Economic Affairs and Finance, Iran's Ministry of Commerce, and Iran's Ministry of Defense and Armed Forces Logistics, which are all political subdivisions of Defendant Iran, are all legally identical to Defendant Iran for purposes liability under the FSIA.
>
> 33.    Further, **Defendants Hizballah, the National Iranian Tanker Corporation, the National Iranian Oil Corporation, the National Iranian**

> **Gas Company, Iran Airlines, the National Iranian Petrochemical Company**, and the Central Bank of the Islamic Republic of Iran, **at all relevant times acted as agents or instrumentalities of Defendant Iran. Each of these defendants is subject to liability under as agents of Iran under §1606A(c)** [sic][1] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.
>
> 34.  The two Iranian individuals, **Defendant Ayatollah Ali-Hoseini Khamenei and Ali Akbar Hashemi Rafsanjani, each are an "official, employee, or agent of [Iran] . . . acting with the scope of his or her office, employment, or agency" and therefore, Khamenei and Rafsanjani are legal equivalent to Defendant Iran for purposes of the FSIA which authorizes against a cause of action against them to the same extent as it does a cause of action against the "foreign state that is or was a state sponsor of terrorism" itself. 28 U.S.C. §1605A(c). Each of these defendants is subject to liability under as agents and officials of Iran under §1606A(c)** [sic][2] **of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.
>
> 35.  **Iran is liable for damages caused by the acts of all agency and instrumentality Defendants because "[i]n any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents."** *Id*. **28 U.S.C. §1605A(c).**

See Findings of Fact and Conclusions of Law, dated August 31, 2015 (Document No. 111), ¶¶ 32-5. (*emphases added*).  *See also, Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), Document No. 376; 03 MDL 1570 (GBD) (FM), Document No. 2689.

### III.    The Attempts to Serve the Defendants by the *Hoglan* Plaintiffs

The methods of service under the FSIA are listed in descending order of preference in both subsections (a) and (b). *See* 28 U.S.C. §1608 (a)(1)-(4); (b)(1)-(3). The first two methods under each subsection are virtually identical and neither is applicable to the Islamic Republic of Iran in this case. The first method is "by delivery of a copy of the [default judgment] in accordance with any special arrangement for service between the plaintiff and political subdivision."[3]  §1608(a)(1); §1608(b)(1). No "special arrangement" for service of the default

---

[1] The correct citation is §1605A(c).
[2] The correct citation is §1605A(c).
[3] Though the language of the FSIA service provisions is couched in terms applicable to service of original process, these same provisions at §1608(a)(1)-(4) and §1608(b)(1)-(3) are applicable to service of a final or partial final judgment by operation of §1608(e), which states that "[a] copy of any … default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section." 28 U.S.C. §1608(e).

5

judgment exists between the *Hoglan* Plaintiffs and Iran. Iran has not appeared in this case, nor has it ever appeared to defend *any* claim brought by plaintiffs in the courts of the United States under the FSIA's state sponsor of terrorism exception to sovereign immunity.

When no special arrangement for service of final judgment documents exists, as is the case here, the second method of service under the FSIA is by delivery "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. §1608(a)(2); §1608(b)(2). Iran is not a signatory to any such international convention. *See* Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organization at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last accessed July 17, 2018). *See also* United States District Court for the Southern District of New York, Foreign Mailing Instructions.

If service of the final judgment documents cannot be made by the first two methods, the FSIA permits a plaintiff to request the Clerk of Court to send the required documents "by any form of mail requiring a signed receipt … to the head of the ministry of foreign affairs of the foreign state concerned" or, in the case of an agency or instrumentality, directly to the agency or instrumentality itself. §§1608(a)(3); (b)(3)(B).

On May 22, 2018, counsel for the *Hoglan* Plaintiffs hand-delivered sixteen (16) packages (one for each *Hoglan* Defendant) to the Foreign Mailings Clerk of Court for the Southern District of New York, each of which included the following documents, together with translations of each document into Farsi and affidavits of the translators, as well as completed shipping DHL Express waybills and packaging. Accordingly, the Foreign Mailings Clerk of Court then dispatched all sixteen packages of legal documents provided by the *Hoglan* Plaintiffs

to Tehran, Iran via DHL Express to the Ministry of Foreign Affairs of the Islamic Republic of Iran.[4] Each package contained, with Farsi translations, the following:

(1) Cover Letter to Mohammad Javad Zarif, Foreign Minister of the Islamic Republic of Iran;

(2) U.S. Dist. Court for the Southern District of N.Y. Clerk's Certificate of Default, dated March 17, 2015 (*Hoglan* Docket No. 89);

(3) Notice of Default Judgment prepared in accordance with 22 CFR § 93.2;

(4) Order of Judgment Regarding Liability entered by Judge George B. Daniels on August 31, 2015 (MDL Docket No. 3027);

(5) Findings of Fact and Conclusions of Law entered by Judge George B. Daniels on August 31, 2015 (*Hoglan* Docket No. 111);

(6) Report and Recommendation #1 by Magistrate Judge Sarah Netburn, dated October 12, 2016 (*Hoglan* Docket No. 171);

(7) Report and Recommendation #2 by Magistrate Judge Sarah Netburn, dated October 14, 2016 (*Hoglan* Docket No. 172);

(8) Report and Recommendation #3 by Magistrate Judge Sarah Netburn, dated October 24, 2016 (MDL Docket No. 3374);

(9) Partial Order and Judgment entered by Judge George B. Daniels on October 31, 2016 (*Hoglan* Docket No. 178);

(10) Memorandum Decision and Order entered by Judge George B. Daniels on October 31, 2016 (MDL Docket No. 3383);

(11) Memorandum Decision and Order entered by Judge George B. Daniels on October 31, 2016 (MDL Docket No. 3384);

(12) Memorandum Decision and Order entered by Judge George B. Daniels on June 21, 2017 (MDL Docket No. 3633);

(13) Report and Recommendation #4 by Magistrate Judge Sarah Netburn, dated August 8, 2017 (*Hoglan* Docket No. 219);

---

[4] Plaintiffs' counsel verified the address of the Ministry of Foreign Affairs of the Islamic Republic of Iran by consulting the English version of the Iranian Foreign Ministry's own website on the internet, at http://www.mfa.gov.ir/Default.aspx?lang=en.

(14)  Memorandum Decision and Order entered by Judge George B. Daniels on November 17, 2017 (MDL Docket No. 3795);

(15)  Final Order and Judgment on Compensatory Damages entered by Judge George B. Daniels on February 26, 2018 (MDL Docket No. 3905);

(16)  Foreign Sovereign Immunities Act, 28 U.S.C. §1602, *et seq.*;

(17)  Right to Appeal Notice; and,

(18)  Right to Appeal Form.

On or about June 2, 2018, the Ministry of Foreign Affairs in Tehran refused delivery of all sixteen (16) DHL Express packages containing the documents relating to the Final Order and Judgment on Compensatory Damages. The *Hoglan* Plaintiffs e-filed sixteen (16) certificates of service on July 12, 2018 (Docket number 4048).

The fourth method of service under the FSIA, should service under §1608(a)(3) not be effectuated, is service through diplomatic channels via the U.S. Department of State pursuant to §1608(a)(4) or §1608(b)(3)(A). The fundamental difference between subsection §1608(a)(4) and §1608(b)(3)(A) for service involving the Department of State is that letters rogatory must be issued in order for the Department of State to serve agencies and instrumentalities of Iran; there is no such requirement of letters rogatory for service upon a foreign state, or a political subdivision of a foreign state. 28 U.S.C. §1608(b)(3)(A).

The *Hoglan* Plaintiffs, on or about August 1, 2018, hand-delivered their Final Compensatory Damages Judgment service documents, in triplicate, along with eight (8) cashier's checks for $2,275, each made payable to the "U.S. Embassy Bern" for service by the United States Department of State upon: (1) Iran; (2) The Iranian Ministry of Information and Security; (3) The Islamic Revolutionary Guard Corps; (4) The Iranian Ministry of Petroleum; (5) The Iranian Ministry of Economic Affairs and Finance; (6) The Iranian Ministry of Commerce; (7)

The Iranian Ministry of Defense and Armed Forces Logistics; and, (8) The Central Bank of the Islamic Republic of Iran. *See Hoglan* Document Nos. 267-274, dated August 2, 2018.

On January 25, 2013, in the related case *Havlish, et al. v. bin Laden, et al.*, 1:03 Civ. 09848 (GBD) (FM), Mr. William P. Fritzlen, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs of the U.S. Department of State informed the SDNY Clerk of Court via correspondence that service would only be effectuated on eight (8) of the sixteen (16) Iranian Defendants. *See* letter by William P. Fritzlen to Ruby J. Krajick, Clerk of Court dated January 25, 2013, is attached to the accompanying motion as **EXHIBIT B**. The eight (8) Sovereign Defendants that the Department of State would not serve were considered "agencies and instrumentalities" by the Department of State and, therefore, the Court was first be required to issue letters rogatory under 28 U.S.C. §1608(b)(3)(A) for the Department of State to assist with service of the following Defendants: (1) Ayatollah Ali Hoseini Khamenei, Supreme Leader of Iran; (2) Ali Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran; (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Company; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah. The *Havlish* Plaintiffs filed a motion and memorandum of law for issuance of letters rogatory in the *Havlish* litigation, which this Court granted on April 9, 2013. *See Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), Document No. 376; 03 MDL 1570 (GBD) (FM), Document No. 2689.

The *Hoglan* Plaintiffs filed a motion and memorandum of law for issuance of letters logatory in the instant litigation for service of their initial pleadings on October 25, 2013 (Document No. 63), which this Court granted on November 27, 2013. *See Hoglan* Document No. 66.

9

The *Hoglan* Plaintiffs now come and respectfully request that this Court again issue letters rogatory so that service of the Final Order and Judgment on Compensatory Damages documents upon all of the Defendants – all of which this Court has adjudged to be liable to the *Hoglan* Plaintiffs – may be effectuated with the assistance of the U.S. Department of State.

## IV.   LEGAL ARGUMENT

### A.   The Issuance of Letters Rogatory by this Court Is Necessary for the *Hoglan* Plaintiffs to Comport with the Service Requirements of the FSIA

"FSIA Plaintiffs are … required by statute to serve their initial complaint and summons upon defendants, 28 U.S.C. §1608(a), and because defendants in these cases often cannot be served by traditional methods, plaintiffs must rely on – and pay – the State Department for such service. *Id.* at §1608(a)(4)." *Murphy v. Islamic Republic of Iran*, 778 F.Supp.2d 70, n.1. (D.D.C. 2011). This requirement of service "ensure[s] that having been served with an initial complaint and declining to participate in the litigation[,] a foreign state or entity remains protected by the requirement that a plaintiff substantiate her claim" and that foreign property interests are preserved "by insisting upon prompt notification of any entry of judgment that might put such interests at risk." *Murphy*, 778 F.Supp.2d at 72.

Section 1608(e) of the FSIA requires that plaintiffs who received judgment in their favor to serve it, in this case, the Final Order and Judgment on Compensatory Damages in the above-captioned matter, upon all defendants pursuant to the provisions of the FSIA, 28 U.S.C. § 1608(a). *Antoine v. Atlas Turner, Inc*. 66 F.3d 105, 109 (6th Cir. 1995).

In *Murphy*, rather than serve all of the sovereign defendants in the action, the plaintiffs requested that they be permitted to serve only Iran with the judgment because the other defendants in the case were found to be the equivalent of Iran for purposes of liability. The *Murphy* plaintiffs also proposed to attach and execute only upon property of Iran itself, in lieu of

10

serving each individual Iranian defendant with notice of the judgment. The court rejected both requests, holding that <u>all</u> sovereign defendants in an FSIA action must be served with the judgment in order to comply with not only the provisions regarding service, but also the provisions regarding attachment of, and execution upon, defendants' property. "Had Congress wished to selectively choose those defendants upon which they would serve then seek enforcement, it would have provided such a mechanism. It did not … [t]hus, no Order permitting the execution of plaintiffs' judgment will be entered in this case until all defendants have been served with the final judgment and given an opportunity to respond." *Id*.

Accordingly, the *Hoglan* Plaintiffs, both under statutory and case law, are obligated to serve all Defendants in this action with the Final Order and Judgment on Compensatory Damages in this case. For this reason, the *Hoglan* Plaintiffs respectfully request that this Court issue the requisite Letters Rogatory that will allow the Department of State to request the assistance of the Islamic Republic of Iran in serving the eight (8) remaining Defendants not yet served.

**V.     <u>CONCLUSION</u>**

For the reasons stated above, the *Hoglan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Hoglan* Plaintiffs' request for the issuance of Letters Rogatory to be forwarded to the Islamic Republic of Iran by the U.S. Department of State, along with Plaintiffs' Final Order and Judgment on Compensatory Damages and supporting documents and translations, and direct the Clerk of Court to issue said Letters Rogatory.

The issuance of Letters Rogatory by this Court will assist the *Hoglan* Plaintiffs in effectuating service of the Final Order and Judgment on Compensatory Damages and related documents upon all of the Defendants.

Respectfully submitted,

Date:  September 18, 2018

/s/ Timothy B. Fleming
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
1211 Connecticut Avenue, NW, Suite 420
Washington, DC  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
9333 North Meridian Street, Suite 105
Indianapolis, IN  46260
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ
 & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

***Attorneys for the Hoglan Plaintiffs***