

Eric L. Lewis
202 659 7203
eric.lewis@lbkmlaw.com

September 24, 2018

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
New York, NY 10007

Re:   *In re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Muslim World League ("MWL") and the International Islamic Relief Organization ("IIRO") hereby oppose the Plaintiffs' Executive Committee's ("PECs") request for reconsideration of portions of the Court's August 27, 2018 Order (ECF No. 4154 and 4155[1]) ("Letter"). The PECs' latest submission is based on nothing more than the same generic speculation that the Court considered and rejected in its August 27 Order ("Order"). As such, the Court should reject the PECs' attempt to re-litigate their arguments as it does not meet the requirements for reconsideration.

A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided" nor "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted). To prevail under Local Rule 6.3, a party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Davis v. Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999). The Letter offers no such evidence, controlling decision, or other relevant matter that this Court has overlooked.

In issuing the August 27 Order, the Court applied the proper standard and did so correctly, even as the PECs have defined it. The Court concluded that "[a]lthough the PECs point to various records suggesting that there *might* be more documents, the PECs have not offered any concrete evidence showing that there are actually more documents in MWL's and IIRO's possession and control that the organizations have failed to produce." Order (Aug. 27, 2018), ECF No. 4124 at 7 (emphasis in original). Notwithstanding the PECs' characterization of their purported "evidence" as concrete, the Court rightly found it to be purely speculative.

To reach its conclusion, the Court specifically considered and rejected the PECs' contentions that MWL and IIRO did not produce responsive documents in enumerated categories of requests. Order at 7 (citing Pls.' Br., ECF No. 3828 at 4–18). Indeed, the Court expressly

---

[1] The PECs were directed to re-file their letter (ECF No. 4154), which originally was filed on September 10, 2018. The PECs did so on September 11, 2018, refiling it as ECF No. 4155.

1101 New York Avenue, NW  |  Suite 1000  |  Washington, DC 20005  |  t 202 833 8900  |  f 202 466 5738

WASHINGTON   NEW YORK   LONDON   BUENOS AIRES

lbkmlaw.com



Page 2

determined that, apart from not searching certain branches (which MWL and IIRO are in the process of addressing), "MWL and IIRO have adequately searched for documents responsive to the Court's prior orders and the PECs' requests." Order at 7–8. In the Court's analysis, it pointed to MWL's and IIRO's extensive global efforts to locate responsive documents culminating in their joint production of nearly 500,000 pages of responsive materials and credited their "reasoned explanations for the small numbers of documents that were located in certain categories." *Id.* (citing Defs.' Resp. Br., ECF No. 3857). The Court's conclusions thus were reached after a thorough assessment of all of the evidence presented.[2]

The Letter also seeks "clarification to avoid future disputes" as to whether the Order is "without prejudice in the event that Plaintiffs learn additional information from depositions." Letter at 2. This request for "clarification" is inappropriate in that it treats the Court's ruling as the "opening of a dialogue" but, on its face, is not a legitimate basis for seeking reconsideration. *See e.g, Church of Scientology Int'l v. Time Warner, Inc.,* No. 92 Civ. 3024 (PKL), 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("[a] party requesting [reconsideration] is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.").

Put simply, the finality of the Court's Order should not be disturbed as "the purpose of [Local Rule 6.3] is 'to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). Such gap-plugging is precisely what the PECs have attempted here in the guise of seeking reconsideration.

Accordingly, the PECs' motion for reconsideration should be denied in its entirety.

Respectfully submitted,

Eric L. Lewis

cc:  All Counsel of Record via ECF

---

[2] In an effort to define "concrete evidence," the PECs cite inapposite cases on what a party must show to supplement an administrative record under the Administrative Procedure Act. *See Compunnel Software Grp., Inc. v. Gupta*, No. 14-CV-4790 (RA) (JLC), 2017 U.S. Dist. LEXIS 219900, at *4 (S.D.N.Y. Oct. 25, 2017) ("The party seeking to supplement the administrative record must put forth concrete evidence. (quoting *Earthworks v. U.S. Dep't of the Interior*, 279 F.R.D. 180, 185 (D.D.C. 2012)). Even if that standard were to apply here, which it does not, the Court fully assessed whether the PECs had put forth non-speculative evidence of the existence of more documents.