## O'HARE PARNAGIAN LLP

20 VESEY STREET, SUITE 300
NEW YORK, NY 10007-2913
(212) 425-1401
FAX: (212) 425-1421
www.ohareparnagian.com

WESTCHESTER OFFICE
700 WHITE PLAINS ROAD, SUITE 255
SCARSDALE, NY 10583-5013
(914) 725-3632
FAX: (914) 725-3639

October 25, 2018

**<u>Via ECF</u>**

The Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

       Re:   *In Re Terrorist Attacks on September 11, 2001*,
           <u>No. 03-md-1570-GBD-SN</u>

Dear Judge Netburn:

       We represent the plaintiffs in the action *Anthony Behette, et al. v. Kingdom of Saudi Arabia*, No. 18-cv-00538-GBD-SN, which is part of the above-referenced MDL (the "Behette Plaintiffs"). We write to seek clarification of Your Honor's July 10, 2018 Amended Order Approving Notices to Conform, Short Form Complaints, and Notices of Amendment (ECF No. 4045) (the "July 10 Order") as it relates to asserting claims against the Islamic Republic of Iran ("Iran") on behalf of the Behette Plaintiffs.

       The *Behette* action was commenced by Short Form Complaint and made part of the MDL pursuant to the Court's Order of May 3, 2017 (ECF No. 3543), which has now been superseded by the July 10 Order. The prior Order did not include a procedure for filing short form complaints against Iran. The July 10 Order established such a procedure, but it appears that the Behette Plaintiffs may not be able to use it.

       The July 10 Order provides that "[a]ny plaintiff who has not yet filed a claim against Iran, but intends to do so, may initiate an action against Iran through the filing of an Iran Short Form Complaint." July 10 Order at 4. However, the July 10 Order also provides that "*[a]ll solatium claims must be filed on the same Iran Short Form Complaint as the claims brought by the decedent family member's estate.*" <u>Id.</u> at 5 (emphasis in original).[1] The Behette Plaintiffs are all solatium plaintiffs who have decided to assert their claims separately from the claims asserted by the estates of their decedent family members, and are not represented by the same law firms that represent the estates of their decedent family members. As a result, under a

---

[1] There was no such stricture in the Court's May 3, 2017 Order under which the *Behette* action was commenced.

O'HARE PARNAGIAN LLP

The Honorable Sarah Netburn
October 25, 2018
Page 2

strict reading of the July 10 Order, the Behette Plaintiffs may be unable to use the Iran Short
Form Complaint to assert their solatium claims, since those claims will not be filed in the same
Iran Short Form Complaint as the claims brought by their decedent family members' estates.[2]

It appears that the provision of the July 10 Order at issue was intended to avoid
unnecessary fragmentation of claims brought by members of the same family, but did not
contemplate the apparently rare circumstance presented by the Behette Plaintiffs. We
respectfully submit that allowing the Behette Plaintiffs to use the Iran Short Form Complaint in
the same manner in which they have already asserted claims against Saudi Arabia is consistent
with the Court's stated desire to "manage the influx of new cases and claims in the most efficient
and organized manner possible." July 10 Order at 1.

Accordingly, we respectfully request that the Court grant the Behette Plaintiffs
permission to use the Iran Short Form Complaint procedure to assert solatium claims against
Iran.

In addition, we respectfully ask the Court to permit the assertion in the Iran Short
Form Complaint of claims of an additional plaintiff who is the estate representative of a deceased
solatium claimant related to certain of the Behette Plaintiffs (i.e., the estate representative of an
immediate family member who survived one of the September 11 victims but subsequently
died). The July 10 Order appears to envision such claims, as it notes that "[f]or deceased
solatium claimants, a death certificate or sworn affidavit shall be requested to ensure that the
claimant did not predecease the 9/11 victim." Id. at 2. However, the form of Iran Short Form
Complaint appears to apply only to "the estate representative of someone who was killed as a
result of the September 11, 2001 Terrorist Attacks" or to "the surviving immediate family
member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks"
(and to personal injury plaintiffs), but not to plaintiffs who are the estate representatives of
surviving immediate family members. See Iran Short Form Complaint (ECF No. 4045-3) ¶ 5.c.

Accordingly, we respectfully request permission to include the claims of the
estate representative of an immediate family member who survived the September 11 victim in
the Behette Plaintiffs' Iran Short Form Complaint, either at the time the Iran Short Form
Complaint is filed or via a subsequent amendment.

We thank the Court for its consideration of these requests.

Respectfully,

s/Robert A. O'Hare Jr.

Robert A. O'Hare Jr.

cc: All Counsel (via ECF)

---

[2] The July 10 Order directs the parties to "adhere to both the letter and spirit of these procedures." Id. at 1.