UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-01570 (GBD)(FM)<br>ECF Case |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.,* Case No. 04-cv-07065
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.,* No. 04-CV-05970
*Federal Insurance Co, et al. v. Al Qaida, et al.,* No. 03-CV-6978
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.,* et al, No. 04-CV-1923
*Euro Brokers Inc., et al., v. AI Baraka, et al.,* Case No. 04 Civ. 7279

**DEFENDANTS WORLD ASSEMBLY OF MUSLIM YOUTH SAUDI ARABIA AND
WORLD ASSEMBLY OF MUSLIM YOUTH INTERNATIONAL REPLY
MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR
RECONSIDERATION OF SECTION IV OF THE COURT'S MOTION TO COMPEL
ORDER**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 1

I.     The Legal Standard for Granting a Motion for Reconsideration Are Met. ...................... 1

II.    Manifest Injustice Exists Such That a Motion for Reconsideration Should Be Granted. 2

III.   The Adequacy of WAMY's Search Efforts Was Not Raised until PEC's Reply Brief... 3

IV.    WAMY's Court-Authorized Declarations Adequately Support a Grant of the Motion for
       Reconsideration.............................................................................................................. 5

       A.     WAMY Had the Court's Permission to Submit Declarations. ................................... 5

       B.     WAMY's Declarations Provide Information Regarding Its Diligent Search Efforts
              That Were Previously Unavailable to the Court. .................................................... 6

       C.     PEC's Challenges to WAMY's Declarations Are Speculative and Deliberately
              Spurious. ................................................................................................................ 8

       D.     PEC Attempts to Expand WAMY's Declarations to Comply with Section IV of the
              Court's Order, which WAMY is Aiming to Reverse. ........................................... 8

V.     PEC's Request to Depose WAMY's Counsel is Baseless, Malicious and Offensive.... 10

CONCLUSION........................................................................................................................ 10

i

# TABLE OF AUTHORITIES

CASES .................................................................................................................PAGES

*Ameritrust Co. Nat. Ass'n v. Dew*,
   151 F.R.D. 237 (S.D.N.Y. 1993) ............................................... 6

*Bravia Capital Partners, Inc. v. Fike*,
   296 F.R.D. 136 (S.D.N.Y. 2013) ............................................... 2

*Fezzani v. Bear, Stearns & Co.*,
   No. 99 CIV. 0793 (RCC), 2004 WL 1781148 (S.D.N.Y. Aug. 10, 2004) ................................ 6

*Hickman v. Taylor*,
   329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)................................... 10

*In re Subpoena Issued to Dennis Friedman*,
   350 F.3d 65 (2d Cir. 2003)................................... 10

*Mejia v. Nanni*,
   307 A.D.2d 870, 763 N.Y.S.2d 611 (2003) ............................... 7

*Muyet v. United States*,
   No. 03 CIV. 4247 (PKL), 2009 WL 2568430 (S.D.N.Y. Aug. 19, 2009).................... 7

*RMS Int'l Shipping GmbH v. Stemcor USA, Inc.*,
   No. 90 CIV. 4918 (LMM), 1991 WL 136035 (S.D.N.Y. July 18, 1991) .................... 5

*T.M. Patents, L.P. v. Sun Microsystems Inc.*,
   No. 06CIV13558SCRLMS, 2009 WL 10694780 (S.D.N.Y. Apr. 16, 2009)............... 1

*Townsend v. Benjamin Enterprises, Inc.*,
   No. 05 CIV. 9378 (GAY), 2008 WL 1766944 (S.D.N.Y. Apr. 17, 2008) ............... 1, 6

*United States v. Yonkers Bd. of Educ.*,
   946 F.2d 180 (2d Cir.1991)................................... 10

*Vega v. Restani Const. Corp.*,
   98 A.D.3d 425, 949 N.Y.S.2d 661 (2012) ............................... 7

RULES
Local Civil Rule 6.3 ............................................................. 2, 5, 6

## PRELIMINARY STATEMENT

Defendants World Assembly of Muslim Youth Saudi Arabia (WAMY SA) and World Assembly of Muslim Youth International (WAMY Int'l), referred to collectively as "WAMY", through undersigned counsel, respectfully submit this Reply Memorandum of Law in further support of their Motion for Reconsideration of Section IV of the Court's August 29, 2018 Opinion and Order ("Order") (DKT # 4130). A party seeking the Court's reconsideration of a prior Order must identify controlling law or specific facts the Court overlooked that might alter the Court's prior decision. A motion for reconsideration is appropriate in the face of clear error, manifest injustice, or new evidence that undermines the Court's prior reasoning. WAMY submitted Court-authorized declarations in support of its motion for reconsideration (DKT # 4166, 4167, and 4168).

Respectfully, the Court should reconsider Section IV of its August 29, 2018 Order, as it overlooked law prohibiting the PEC from raising an issue for the first time in its reply memorandum and as, in response to that improperly raised issue, WAMY has presented evidence showing that, contrary to the Court's initial conclusion, its document search and production efforts were diligent, robust, and thorough.

## ARGUMENT

I.   **The Legal Standard for Granting a Motion for Reconsideration Are Met.**

To be granted a motion for reconsideration, the movant must identify controlling law or specific facts the Court overlooked that might alter the Court's decision or must show clear error or manifest injustice. *See Townsend v. Benjamin Enterprises, Inc.*, No. 05 CIV. 9378 (GAY), 2008 WL 1766944, at *1 (S.D.N.Y. Apr. 17, 2008), *aff'd*, 679 F.3d 41 (2d Cir. 2012); *T.M. Patents, L.P. v. Sun Microsystems Inc.*, No. 06CIV13558SCRLMS, 2009 WL 10694780, at *4

(S.D.N.Y. Apr. 16, 2009). Contrary to the PEC's opposition brief (DKT # 4209 at pp. 8-10), the Court erred when it allowed the PEC to raise the issue about the thoroughness of WAMY's document gathering and production efforts for the first time in its reply brief. The Court overlooked controlling law that parties cannot raise new issues for the first time in a reply motion. *See Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136 (S.D.N.Y. 2013). PEC cites to no case law in response to WAMY's arguments that allows the Court to consider issues raised for the first time in a reply brief.

PEC argues that WAMY should have moved to strike the portions of the reply brief addressing the adequacy of searches or moved for a sur-reply following the filing of PEC's reply brief. Yet, the PEC offers no support that failure to make a motion to strike or for a sur-reply is a ground to deny a motion for reconsideration. A motion for reconsideration must be made within fourteen (14) days of an Order. Local Civil Rule 6.3. WAMY did so here. There is no exhaustion of theoretical remedies requirement prior to filing a motion for reconsideration. PEC's claims as to alternative means for relief are not a basis to deny the motion.

## II.   Manifest Injustice Exists Such That a Motion for Reconsideration Should Be Granted.

The declarations accompanying WAMY's Motion for Reconsideration show that document searches have been thorough, time-consuming, costly, and adequately supervised by counsel. This includes over thirty trips by WAMY's counsel for the purpose of training a document search team, reviewing documents, and regularly supervising document collection efforts. These efforts have resulted in the production of a tremendous amount of responsive financial and operational documents from over 49 branch offices, including the 22 branch offices and four regional Saudi offices for which PEC claims it has received limited production. *See* DKT # 4209, footnote 3. Without a basis, PEC argues that WAMY did not do its due diligence in

its search and production of documents from the branch offices. As indicated in Exhibit 1, attached hereto, many of these overseas "chapters" which PEC claims did not make significant productions were not official offices[1]. Instead, work was conducted in these countries from branch offices. What limited documents were available for these countries were produced. Further, other branch offices such as Australia, Brazil, Thailand, Bangladesh, and India were not formed until at least 2000, resulting in limited, yet complete, productions. WAMY produced 37,230 pages from Yemen, which only started operating in 1999; 19,428 pages from Senegal; 25,883 pages from WAMY International (United States); and approximately 42,500 pages from both Pakistan and Sudan. PEC is also incorrect as to the regional offices' production. As seen in Exhibit 1, WAMY produced over 95,009 pages of documents from Mecca/Jeddah, 99,235 from Abha, 101,926 pages from Medina, and 44,782 pages from Damman.

The Court's August 29th Order requiring WAMY to conduct a search of twenty (20) branch offices (preferably in person) was made without knowledge or consideration of WAMY's document search efforts. The Order requires WAMY to re-do years-long search process, which will be unduly burdensome and duplicative of WAMY's costs and efforts thus far. WAMY's prior searches under the supervision of counsel, though not exactly what the Order requested, yielded similar results – a robust production of relevant documents regarding branch offices. Because Section IV of the Order only considered PEC's new arguments as to WAMY's searches, without WAMY having an opportunity to set forth its document search and collection efforts, a clear error and manifest injustice occurred.

## III.    The Adequacy of WAMY's Search Efforts Was Not Raised until PEC's Reply Brief.

This Court should grant WAMY's Motion for Reconsideration as to Section IV of the August 29, 2018 Order because PEC raised the issue of WAMY's document search efforts for

---

[1] Argentina, Belgium, Chechnya, Czech Republic, Greece, Hong Kong, Malawi, Malaysia, Romania, and Uganda.

the first time in their motion to compel reply brief. This effectively precluded WAMY from explaining their search efforts in the initial motion to compel briefings. PEC attempts to contest WAMY's Motion for Reconsideration by arguing that PEC's attacks on WAMY's document search efforts were not raised for the first time in the reply brief. The PEC also argues the declarations do not contain new information supporting reconsideration. However, for this to be a viable argument, PEC had to have raised these issues in their memorandum of law in support of the motion to compel. As a review of same shows, they did not.

At no point in their memorandum of law opening brief (DKT # 3911) did PEC challenge the adequacy of WAMY's document search process or counsel's supervision of this process. PEC cites to pages 2 and 5-6 of their opening brief, where PEC protests WAMY's alleged production failings. However, they never mention that searches were not adequately performed. PEC did not question the adequacy of the document search and collection process, but rather only the production of certain categories of documents. Therefore, WAMY did not submit declarations as to same in the initial motion to compel briefings. Instead, WAMY set forth its reasoning for not producing certain documents and its explanation of the fact that all relevant documents requested were produced. (DKT # 3949, pp. 11-15). The issue of the adequacy of WAMY's searches was not raised in PEC's moving brief. It was improper for PEC to raise it in its reply brief.

PEC argues alternatively that, even if they had not raised the issue of adequate searches in the moving brief, they had raised the "branch office issue" during the February 19, 2014 hearing before Judge Maas. *See* PEC's Exhibit 1 (DKT # 4210-1). Given all of the litigation in this case, WAMY could certainly not be said to have notice of this issue based upon a statement PEC made four years ago, particularly because the February 19, 2014 hearing covered document

production issues affecting other defendants in this case, i.e. Muslim World League ("MWL") and International Islamic Relief Organization ("IIRO"). PEC's disputes with defendants MWL/IIRO's document production cannot be said to give WAMY notice of the issue of the adequacy of its search efforts as to WAMY. The issue at the 2014 hearing as it related to WAMY was very narrow and focused on custody and control of WAMY Canada office records. It had nothing to do with the adequacy of WAMY's branch office document search and gathering efforts. Additionally, since 2014, PEC did not attempt to discuss this matter once with WAMY in meet-and-confers before filing the motion to compel. Meanwhile, WAMY produced over 1.2 million pages of responsive documents.

The case law precluding new arguments from being raised in a reply brief requires that all substantive arguments be made in the initial briefings so that all parties have an opportunity to respond. *See, e.g., RMS Int'l Shipping GmbH v. Stemcor USA, Inc.*, No. 90 CIV. 4918 (LMM), 1991 WL 136035, at *4 (S.D.N.Y. July 18, 1991). Even if PEC brought up the issue of WAMY's document searches during a 2014 hearing or a meet-and-confer, the fact remains that they did not raise the issue of the adequacy of the searches in their motion to compel moving brief. Therefore, it is inappropriate to bring up this novel issue in the reply brief such that WAMY did not have an opportunity to respond. WAMY's present Motion for Reconsideration should be granted.

**IV.    WAMY's Court-Authorized Declarations Adequately Support a Grant of the Motion for Reconsideration.**

A.    WAMY Had the Court's Permission to Submit Declarations.

PEC argues without a basis that the declarations accompanying WAMY's Motion for Reconsideration should have been produced in the original briefings for the motion to compel and that the declarations were submitted without the Court's permission. The PEC premises this on Local Civil Rule 6.3, which provides that "[n]o affidavits shall be filed by any party unless

directed by the court." Local Civil Rule 6.3. The PEC deliberately ignores or forgets that WAMY did in fact have this Court's permission to file the declarations here.

Prior to bringing its Motion, WAMY requested leave to file declarations by counsel in support of the motion. (DKT # 4137). The Court endorsed WAMY's request to file declarations from counsel in support of its Motion for Reconsideration. (DKT # 4142). The declarations submitted in support of the Motion are narrowly tailored and precisely address the Court's Order regarding counsel's involvement and direction of WAMY's search process.

B. WAMY's Declarations Provide Information Regarding Its Diligent Search Efforts That Were Previously Unavailable to the Court.

PEC argues that the declarations must be rejected because no new evidence or information was presented. However, this misconstrues the legal standard. To be granted a reconsideration motion, a movant need only show specific facts the Court overlooked that might alter the Court's prior decision. *Townsend*, 2008 WL 1766944, at *1. In its declarations, WAMY presents overlooked facts, unavailable to the Court when rendering its decision.

In reconsidering overlooked facts, the Southern District warns against the "rehashing" of facts considered by the Court in rendering its initial decision. The Court limits information considered on a motion for reconsideration in order to avoid repetitive arguments that the Court has already fully considered. *Fezzani v. Bear, Stearns & Co.*, No. 99 CIV. 0793 (RCC), 2004 WL 1781148, at *1 (S.D.N.Y. Aug. 10, 2004) (citing *Ameritrust Co. Nat. Ass'n v. Dew*, 151 F.R.D. 237, 238 (S.D.N.Y. 1993) (interpreting Local Rule 3(j), the predecessor to Rule 6.3)). However, the risk of repetitive arguments is not present in WAMY's Motion for Reconsideration. PEC failed to bring the issue of WAMY's document searches in its opening brief. Therefore, WAMY was unable to present the facts detailed in the declarations. WAMY was not able to explain the search protocols followed and the supervision of the document search

6

process by counsel. As such, consideration of the declarations would not force the Court to re-litigate or rehash settled matters already ruled upon.

Though WAMY provides information in its declarations unavailable to the Court in the initial motion to compel briefs, the facts presented are not "new." WAMY does not ask for the Motion for Reconsideration to be granted on the basis that new facts exist, as PEC seems to suggest. Rather, the details in the declarations were previously unavailable to this Court due to PEC raising the issue of WAMY's search efforts for the first time in the reply brief. WAMY's failure to present the information in the declarations in the initial motion to compel briefings is justified.

It would be clear error and manifest injustice to ignore the truth of WAMY's diligent search efforts and require repetition of thorough searches already completed. A Court has the discretion on a motion for reconsideration to consider facts that were available on the original motion if such consideration is in the interest of justice. *See Vega v. Restani Const. Corp.*, 98 A.D.3d 425, 426, 949 N.Y.S.2d 661 (2012); *Mejia v. Nanni*, 307 A.D.2d 870, 871, 763 N.Y.S.2d 611 (2003). In fact, courts have even granted motions when there is no attempt whatsoever to provide a justification for a failure to present evidence previously. *Id*.

Even assuming the facts presented in WAMY's declarations are "new facts" not previously before the Court, Courts have rejected new facts only when the petition for reconsideration "could have, but failed, to provide the Court [evidence] when the Court initially considered the motion." *Muyet v. United States*, No. 03 CIV. 4247 (PKL), 2009 WL 2568430, at *3 (S.D.N.Y. Aug. 19, 2009). WAMY responded to the issues raised in the initial memorandum in support of PEC's motion to compel. WAMY should not be penalized for not anticipating and preemptively respond to the issues PEC raised for the first time in its reply brief. A sur-reply was

7

not part of the Court's motion to compel briefing schedule and cannot be filed as of right. This Court should therefore consider the facts presented in WAMY's declarations.

C.  PEC's Challenges to WAMY's Declarations Are Speculative and Deliberately Spurious.

WAMY has demonstrated in its declarations that it has, under the constant and direct supervision of counsel, undertaken timely and systematic efforts to secure and produce all documents relevant and responsive to PEC's discovery requests. PEC summarily concludes that WAMY's procedures for gathering documents from branch offices were grossly inadequate in that branch offices "apparently failed to follow" directives from headquarters. They additionally speculate that there was little to no oversight of the process and that WAMY's counsel did not employ any protocols to ensure that WAMY complied with the Federal Rules of Civil Procedure in searching for and collecting responsive documents from branch offices. PEC makes these bald accusations without offering any tangible evidence to support their spurious attacks on WAMY's detailed declarations regarding its document search and collect efforts.

The declarations show that there was a great deal of oversight of the document collection process and extensive training of those engaged in the document search efforts. PEC's claims of inadequate searches are also belied by Exhibit 1, which demonstrates that WAMY has produced financial and operational documents, which include transfers, bank statements, budgets, financial and project reports, checks, receipts, and other supporting documents that surpass even the 22 countries delineated by PEC.

D.  PEC Attempts to Expand WAMY's Declarations to Comply with Section IV of the Court's Order, which WAMY is Aiming to Reverse.

WAMY makes the present Motion for Reconsideration in order to reverse Section IV of the Court's August 29, 2018 Order. However, PEC in its opposition attempts to expand and define its own standard as to what details are required in a declaration considered by the Court.

PEC first disputes WAMY's declarations for not complying with the very Order that WAMY is challenging. This is nonsensical. Judge Netburn's motion to compel Order requires WAMY to conduct a search of 20 branch offices (including Saudi Arabia), identified by PEC, and to provide declarations detailing efforts to locate documents from these branch offices. (DKT # 4130 at pg. 7). PEC argues in its opposition that WAMY did not address PEC's concerns regarding its 22 branch offices or the 4 regional Saudi offices in the declarations and that the declarations are therefore deficient. As WAMY offers in Exhibit 1 and explained herein-above, WAMY produced extensive numbers of documents for more than the 22 branch offices and explained the reason for producing more documents from certain branches rather than others. The examples in Exhibit 1 speak for themselves. The declarations show WAMY has met its obligation to search, review and produce relevant documents from its branch offices and has provided a basis for the Court to reconsider the Order.

PEC next attacks the declarations for not containing the names of the regional offices and branch chapters visited or the heads of the offices with whom WAMY met. PEC is trying to dictate the specific contents of a declaration without citing to authority that explains their position. Similarly, PEC's argument that WAMY's employees should have submitted a declaration is unavailing. Declarations from counsel are enough to address the specific issue raised by the Court's Order as to WAMY's counsel's supervision of the search process, particularly given counsel's training, reviewing and directing of WAMY's employees throughout the production period. WAMY does not need to comply with PEC's dictates. WAMY only needs to submit declarations complying with Judge Netburn's Order, showing WAMY's document search process and supervision of this process by counsel.

PEC additionally attacks the declarations for not providing any information regarding banking records. This impermissibly expands the scope of WAMY's Motion for Reconsideration, which only deals with Section IV of the Court's Order and not banking records. PEC is attempting to use their opposition to sneak in irrelevant arguments that have nothing to do with the adequacy of WAMY's searches. Judge Netburn did not address the issue of bank statements in her August 29, 2018 Order. Therefore, PEC's arguments regarding same should be stricken as outside the scope of the Court's August 29th Order and WAMY's Motion.

**V.    PEC's Request to Depose WAMY's Counsel is Baseless, Malicious and Offensive**

As an afterthought, without reason or authority, the PEC requests leave to depose WAMY's counsel regarding its declarations. By doing so, PEC questions counsel's integrity. The United States Court of Appeals for the Second Circuit has held that depositions of opposing counsel are strongly disfavored. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003). *See also Hickman v. Taylor,* 329 U.S. 495, 516, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (Jackson, J., concurring) ("Discovery was hardly intended to enable a learned profession to perform its functions ... on wits borrowed from the adversary."); *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir.1991). This baseless request shows the PEC is more interested in vexatious litigation practices rather than meritorious arguments towards the resolution of genuine issues. The request should be rejected out of hand and the PEC cautioned against engaging in such inappropriate litigation practices in the future.

**CONCLUSION**

PEC's baseless and unsupported attacks in their opposition are without merit. WAMY respectfully requests that this Court rescind Section IV of its August 29, 2018 Order, requiring WAMY to conduct a renewed search and production of its branch office records.

Dated:  October 31, 2018

Respectfully Submitted,

/s/ *Omar Mohammedi*
Omar T. Mohammedi, Esq.
Law Firm of Omar T. Mohammedi, LLC
Woolworth Building
233 Broadway, Suite 820
New York, New York 10279

/s/ *Frederick Goetz*
Frederick Goetz, Esq.
Goetz & Eckland P.A.
Banks Building
615 First Ave. NE, Suite 425
Minneapolis, MN 55413

*Attorneys for World Assembly of Muslim Youth*
*Saudi Arabia and World Assembly of Muslim Youth*
*International*

11