USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/14/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
:
:
:
In re Terrorist Attacks of September 11, 2001,    :    03 MDL 1570 (GBD) (SN)
:
:
------------------------------------------------------------------- X

## PRIVACY ACT ORDER AND PROTECTIVE ORDER
## FOR FBI DOCUMENTS

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the Plaintiffs and the Federal Bureau of Investigation (the "FBI"), for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and assuring the confidentiality of information that may be disclosed by the FBI in the course of discovery proceedings.  The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

1.  Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the FBI to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure.  To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information.  However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.  The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including, but not limited to, information protected from disclosure by the Privacy Act.

3. Information that the FBI deems Protected Information shall be designated as such by stamping the phrase "Subject to FBI Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

4. Any party who contests the designation of a document or record as Protected Information shall provide the FBI written notice of its challenge. If the dispute cannot be resolved, the party or parties and the FBI shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

5. Except as provided in this Order, all Protected Information produced pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

6. Except as otherwise provided herein, any document or record designated as Protected Information may be disclosed only to the following Qualified Persons:

    i. Members of the Plaintiffs' Executive Committees ("PECs"), and any support staff of such PEC members who require access to Protected Information in order to assist in the prosecution of this action and whose offices are in the United States, as well as attorneys who are members of the same law firm as a member of the PEC, so long as such attorneys are

licensed to practice law in the United States and have filed a notice of appearance on the docket of this action;

      ii.      Attorneys who are licensed to practice law in the United States, whose offices are in the United States and who have filed a notice of appearance on the docket of this action on behalf of Defendants the Kingdom of Saudi Arabia and Dallah Avco, and any support staff of such attorneys of record who require access to Protected Information in order to assist in the defense of this action and whose offices are in the United States;

      iii.      Witnesses who are deposed by the PECs or counsel for Defendants the Kingdom of Saudi Arabia and Dallah Avco in this action, but only to the extent the witnesses' testimony may relate to documents designated as Protected Information;

      iv.      Experts or consultants whose offices are in the United States and who are retained or consulted for this action by the PECs or counsel for Defendants the Kingdom of Saudi Arabia and Dallah Avco, and any support staff for such experts or consultants who require access to Protected Information in order to assist in the expert's or consultant's work for this action and whose offices are in the United States;

      v.      Court reporters, stenographers, videographers and translators engaged to translate and record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony.

Protected Information shall not be disclosed to Plaintiffs or Defendants absent consent of the FBI or further Order of the Court pursuant to ¶¶ 4, 7, 11 or 13 of this Order.

7.      Any party to this litigation may seek the consent of the FBI to share a particular document (or a portion thereof) that contains Protected Information with an individual who is not a Qualified Person (a "Limited Access Individual"). In making this application to the FBI, the party must identify the specific Protected Information to be shared, the name and address of the

individual to whom such Protected Information is to be shared, and make a showing of good cause for sharing such Protected Information.

    i. If the FBI consents to the disclosure, a copy of this Order shall be delivered to the Limited Access Individual, at or before the time of disclosure, by the attorney making the disclosure. Prior to receiving access to Protected Information, each such Limited Access Individual shall agree to be bound by the terms of this order by executing an Acknowledgement in the form attached hereto. The provisions of this Order shall be binding upon each such Limited Access Individual to whom disclosure is made.

    ii. A Limited Access Individual is only authorized to access the specific Protected Information that was identified in the application and approved by the FBI. The FBI's consent to such disclosure should not be deemed to be authorization to disclose any additional Protected Information to such Limited Access Individual.

    iii. To the extent there is any dispute between the party seeking to make a disclosure to a non-Qualified Person under this paragraph and the FBI, within fourteen (14) days of making the application, the party and the FBI shall meet and confer and attempt to resolve the dispute. If the dispute is not resolved within the fourteen (14) day period, the party making the application shall submit to the Court a motion (filed under seal) identifying the individual and the specific Protected Information that the party seeks to share, as well as the justification for why this information should be shared. The FBI shall have ten (10) business days to file papers in opposition to such motion.

  8. A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the attorney making the disclosure. Prior to receiving access to Protected Information, each such Qualified Person shall agree to be bound by the terms of this order by executing an Acknowledgement in

the form attached hereto. The provisions of this Order shall be binding upon each such person to whom disclosure is made.

9. All Qualified Persons to whom Protected Information is disclosed are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

10. Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information. Pending review of the deposition transcript by the FBI, any deposition transcripts containing such questions and testimony shall be automatically subject, in their entirety, to the same protections and precautions as the Protected Information. Upon receipt of the deposition transcript, a copy shall be served on the FBI by the PECs. The FBI will have thirty (30) days to review and designate the portions of the deposition transcript that contain Protected Information. The portions of the deposition transcript designated by the FBI shall be stamped "Subject to FBI Protective Order" and made subject to the provisions of this Order.

11. If any party seeks to file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that party must either obtain prior permission in writing from the FBI or file the information under seal. The filing party will not need to separately file a motion or submission seeking leave to file such papers under seal prior to filing, and this Order shall constitute authorization for such sealed filing. The filing party shall, on the same date as the papers are filed under seal, serve upon counsel for the relevant parties and the FBI, and provide to the Court, an unredacted copy of the papers filed under seal as well as a copy of the papers that the party proposes to file on ECF with all Protected information redacted. The FBI and any relevant parties shall have seven (7) days to inform the filing party whether it opposes any redactions proposed by the filing party, and/or whether it proposes any additional redactions to any such papers. The filing party may then file

the documents on ECF with the redactions agreed upon (or not objected to) by the FBI and any relevant parties. To the extent there is any dispute between the filing party and the FBI and/or any relevant party regarding the information to be redacted from the publicly-filed documents, within fourteen (14) days of sealed filing, the filing party and the FBI and/or any relevant party shall meet and confer and jointly submit to the Court a motion identifying the documents, or portions thereof, that the FBI and/or any relevant party believes should be redacted and filed under seal, along with the justification for why the information should be filed under seal and any statement by the filing party in opposition to filing under seal.

12. Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

13. Any party intending to disclose Protected Information in open court must notify the FBI at least 30 days prior to such disclosure, and that party and the FBI shall meet and confer. If the FBI does not consent to the disclosure of the information in open court, the party intending to disclose the information must file a motion under seal and serve said motion upon counsel for the relevant parties and the FBI at least 14 days prior to the intended disclosure. The FBI shall have 10 days to respond to such motion. Protected Information shall not be disclosed in open court unless specifically authorized by Court order after the filing of said motion. To the extent the scheduling of hearings or deadlines set by the court do not afford adequate time to comply with the notice and service requirements of this provision, the party intending to disclose Protected Information in open court and the FBI will confer in good faith in an effort to accelerate the notice and service requirements of this provision, but in any case, Protected Information shall not be disclosed in open court unless specifically authorized by the FBI or pursuant to a Court order.

14. Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons

shall be returned to the FBI or destroyed.  If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to counsel of record for the FBI that the Protected Information in its possession has been destroyed.

15. If the FBI inadvertently fails to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information.  The FBI may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations.  Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the FBI that such materials have been returned or destroyed.

16. All service, notices, and applications that are to be provided under this Protective Order to the FBI shall be effected by sending an email to the United States Attorney's Office for the Southern District of New York at the following email addresses: sarah.normand@usdoj.gov and jeannette.vargas@usdoj.gov.

17. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.  Nothing in this Order constitutes an agreement by the FBI to produce any particular document or information in the litigation, and it is without prejudice to any objection the FBI may have to any party's discovery requests.

18. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party or the FBI, including any objection to the production of documents and any claim of privilege or other protection from disclosure.  Any disclosure of a

document (or portion thereof) or information by the FBI shall not constitute a waiver by the FBI of any privilege or other protection that may be applicable to any other document (or portion thereof) or information not disclosed.

19. Nothing in this Order shall affect the right of any party or the FBI to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

20. Nothing in this Order shall prevent the disclosure of Protected Information to Government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

21. Nothing in this Order shall prevent any disclosure of Protected Information by FBI.

22. The terms of this Order shall survive the termination of this action for purposes of enforcing this Order.

SO STIPULATED AND AGREED TO BY:

Dated:   November 2, 2018

    *Attorney for the United States of America*

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By: __*Jeannette Vargas*_____
    JEANNETTE A. VARGAS
    SARAH S. NORMAND
    Assistant United States Attorneys
    86 Chambers Street, Third Floor
    New York, New York 10007
    Telephone: (212) 637-2678/2709

*For the Plaintiffs Exec. Committees*

COZEN O'CONNOR

By: __*Sean P. Carter*_____
    Sean P. Carter
    COZEN O'CONNOR
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, Pensylvania 19103
    Telephone: (215) 665-2105


MOTLEY RICE LLC

By: __*Robert T. Haefele*_____
    Robert T. Haefele
    MOTLEY RICE LLC
    28 Bridgeside Boulevard
    Mount Pleasant, South Carolina 29465
    Telephone: (845) 216-9184


KREINDLER & KREINDLER LLP

By: __*James P. Kreindler*_____
    James P. Kreindler
    KREINDLER & KREINDLER LLP
    750 Third Avenue
    New York, New York 10017
    Phone: 212-687-8181


SO ORDERED.

_____
SARAH NETBURN
United States Magistrate Judge

November 14, 2018
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
:
:
In re Terrorist Attacks of September 11, 2001,    :    03 MDL 1570 (GBD) (SN)
:
:
------------------------------------------------------------------- X

## **ACKNOWLEDGEMENT**

I have read and I understand the Privacy Act Order and Protective Order for FBI Documents entered by the Court in the case *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570(GBD)(SN), and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____