

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/2018

**U.S. Depart**[ment of Justice]

*United States* [Attorney]
*Southern Dis*[trict of New York]

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

November 20, 2018

***By ECF***
Hon. Sarah Netburn
U.S. Magistrate Judge
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    *In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      In accordance with the Court's direction at the discovery conference on October 12, 2018, we write respectfully to provide a status report regarding the response of the Federal Bureau of Investigation ("FBI") to the *Touhy* request and subpoena served by the Plaintiffs' Executive Committees ("PECs"), as well as a report on the status of the *Touhy* requests and subpoenas served upon the Department of State (the "State Department"), Central Intelligence Agency ("CIA") and Department of Treasury ("Treasury").[1]

      Each of these agencies has provided the PECs with interim responses and objections to the respective *Touhy* requests and subpoenas. We have met and conferred with the PECs with regard to each request and subpoena and will continue to do so.

      *Federal Bureau of Investigation*: Following entry by the Court of the proposed Privacy Act and Protective Order, the FBI made its first production of records to the PECs and counsel for the Kingdom of Saudi Arabia and Dallah Avco on November 19, 2018. The first tranche of records consisted of 15 interview reports.

      The FBI has identified additional records to be reviewed and processed on a rolling basis. The FBI expects to complete its review and processing of the second tranche of records by December 20, 2018. The second tranche includes additional interview reports and may include other materials as well. The FBI still hopes to

---

[1] It was not until late afternoon today that this Office was able to compile all of the information contained in this letter. Therefore, after conferring with the PECs, we are submitting this letter on behalf of the government alone rather than as a joint letter.

complete its review and processing of the third tranche of records by the end of January 2019, although the FBI has not yet begun its review and processing of those records, and issues may arise that require additional time to resolve.

*State Department*:  In response to the *Touhy* request and subpoena served upon the State Department, the State Department has located records relating to Omar al Bayoumi, Fahad al Thumairy, and the 9/11 hijackers which may be subject to 8 U.S.C. § 1202(f).  Pursuant to that statute, the records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the Untied States shall be considered confidential and shall be used only in the formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States, subject to limited discretionary exceptions.  The State Department has commenced an internal process to determine whether the identified records are subject to § 1202(f) and, if so, whether application of any of the discretionary exceptions may be appropriate.  The State Department will make its best efforts to complete that internal process by December 20, 2018.

In addition, the State Department has located a small number of non-consular records relating to Thumairy.  The State Department is currently reviewing those records to determine whether they can be released, in whole or in part, in this case, and expects to produce any releasable records by December 20, 2018.  The State Department also continues to search for additional records, including a memorandum from Karl Hoffman that is cited in *The 9/11 Commission Report*, and hopes to complete those searches by December 20 as well.

*Central Intelligence Agency*:  In response to paragraph 5 of the PECs' subpoena served upon the CIA, which seeks approximately 50 classified records cited in *The 9/11 Commission Report*, the CIA has undertaken a re-review of those records that had previously been reviewed (and in some cases produced in part) under the Freedom of Information Act ("FOIA") and an initial review of those records that had not previously been reviewed in response to a FOIA request.  To date, the CIA has made two productions of records in response to paragraph 5 of the subpoena, consisting of 18 documents totalling 181 pages.  These records contain substantial redactions to protect classified and statutorily protected information.  The CIA expects to complete its review of the remaining documents requested in paragraph 5 of the subpoena by December 7, 2018, and to provide a response to the remaining portions of the subpoena by December 20, 2018, with the exception of a joint CIA/FBI intelligence report that was requested from both CIA and FBI.  Any portions of the joint report relating to Bayoumi or Thumairy will be included in the third tranche of FBI records and will require inter-agency review and coordination.

*In re Terrorist Attacks*, 03 MDL 1570
Page 3

  *Treasury Department*:  With respect to the *Touhy* request and subpoena served upon the Department of Treasury, the PECs have sought the administrative records underlying Treasury's decisions to designate certain entities and individuals as Specially Designated Nationals, specifically Al Haramain Islamic Foundation, the International Islamic Relief Organization, the Benevolence International Foundation, Yassin al Kadi, and Wa'el Hamza Jelaidan, as well as any records Treasury possesses with respect to three non-designated entities, the World Assembly of Muslim Youth, Muslim World League, and Dubai Islamic Bank.  The PECs responded to Treasury's initial request for additional information to assess the relevance of the requested documents to this litigation, in accordance with Treasury's *Touhy* regulations.  Treasury thereafter conducted a search for records responsive to the subpoena to the extent that the PECs sought records related to designated entities and individuals, and ascertained that a large volume of the documents were classified.

  On September 14, 2018, Treasury notified the PECs by letter that it had come to its attention that all of the records pertaining to the designated individuals and entities sought through the subpoena had been the subject of a prior FOIA request by the PECs.  Treasury had provided the PECs with the non-classified and non-privileged records from the administrative files of the designated entities and individuals in connection with that FOIA request, and the propriety of its classification and privilege withholdings has been extensively litigated and upheld by a federal district court.  *See Cozen O'Conner v. U.S. Dep't of Treasury*, 570 F. Supp. 2d 749, 788 (E.D. Pa. 2008).  Treasury therefore proposed that, in light of the substantial burden that would be imposed upon Treasury in re-processing a voluminous number of classified records, and in light of the fact that Treasury had already completed this process in connection with the prior FOIA litigation, the PECs consider narrowing their request.  Specifically, Treasury requested that the PECs inform Treasury which of the specific materials withheld from the prior FOIA production they are seeking, based upon the *Vaughn* indices that had been previously provided to the PECs in connection with that litigation.  Treasury also offered to have a meet and confer with the PECs to discuss ways in which to narrow their discovery request.

  With regard to the non-designated entities—the World Assembly of Muslim Youth, Muslim World League, and Dubai Islamic Bank—Treasury reiterated to the PECs in its September 14 letter that it cannot reveal whether or not it has conducted or is conducting an investigation into an undesignated person or entity for the purpose of imposing economic sanctions, as doing so would reveal information that is both classified and subject to the law enforcement privilege.  *Cozen*, 570 F. Supp. 2d at 788 ("[D]isclosing that OFAC is or is not investigating a non-designated entity or person would thwart the purpose of the sanction program and would reveal classified information, alerting terrorists who could move money before sanctions are imposed or funnel assets through organizations that are not being investigated.").

*In re Terrorist Attacks*, 03 MDL 1570
Page 4

                Very truly yours,

                GEOFFREY S. BERMAN
                United States Attorney for the
                Southern District of New York

By:  */s/ Sarah S. Normand*
      SARAH S. NORMAND
      JEANNETTE VARGAS
      Assistant United States Attorneys
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel.  (212) 637-2709/2678
      Fax  (212) 637-2730
      sarah.normand@usdoj.gov
      jeannette.vargas@usdoj.gov

cc:    Counsel of Record (by ECF)

---

The Plaintiffs' Executive Committees (PECs) and the government shall file a joint status letter by Friday, December 28, 2018. The letter should update the Court regarding the status of the government's declassification and privilege review.

**SO ORDERED.**
                _____
                SARAH NETBURN
                United States Magistrate Judge

November 26, 2018
New York, New York