```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/29/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                    03-MDL-01570 (GBD)(SN)

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001                               **ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      On October 26, 2018, Plaintiffs Executive Committees ("PECs") filed two motions with the Court. First, in a letter filed under seal, the PECs sought to obtain document discovery from the Kingdom of Saudi Arabia concerning seven Saudi government officials. Second, the PECs filed a letter motion addressing the confidentiality of documents and other related procedures. ECF No. 4235. The PECs requested that the Court allow them to (1) publicly file certain discovery documents produced by Saudi Arabia; and (2) share discovery documents that have been designed as confidential with non-parties for purposes of non-party discovery, so long as the non-party entered into a confidentiality agreement. Id. at 1. The Court addresses the PECs' requests in turn.

      On March 28, 2018, Judge Daniels authorized "limited and targeted jurisdictional discovery critical to answering [the] question . . . whether and to what extent Thumairy, Bayoumi and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Hazmi, Mihdhar, and other 9/11 hijackers." Mem. Decision & Order at 23, ECF No. 3946. The Court is satisfied that the PECs have set forth a reasonable basis to conduct document discovery from Saudi Arabia concerning the following three individuals: (1) Musaed Ahmed al-Jarrah; (2) Smail Mana aka Ismail Mana; and (3) Mohamed Sulaiman al Muhanna.

The PECs supplemental document requests are DENIED as to the remaining four Saudi governmental officials. An opinion and order containing the Court's reasoning will follow.

Saudi Arabia requested an opportunity to meet and confer with the PECs regarding the scope of the document demands should the Court grant the PECs any relief. That request is GRANTED. To provide guidance to the parties, the Court draws particular attention to the potential broad sweep in categories (g) and (h). Any application to modify the demands must be filed by December 14, 2018.

The Court will address the PECs' sealing/confidentiality motion in due course. In addressing the PECs' motion, the Court will not rule on the appropriateness of sealing documents for future applications. Accordingly, the Court will address only those documents that were submitted in support of the PECs' supplemental discovery letter and attached as Exhibit B in the PECs' sealing motion. See ECF No. 4235, at 3 & Exhibit B.

Lastly, the PECs have not explained why they need to show confidential documents to *officials or other employees* of non-parties in order to facilitate discovery. Indeed, as part of their argument, the PECs state only that they "must be able to share [confidential materials] with the Mosque's *lawyers*." ECF No. 4235, at 6 (emphasis added). Accordingly, for the purposes of non-party discovery, the PECs may share discovery documents that Saudi Arabia has designated as confidential with outside counsel of non-parties for counsel's eyes only, so long as those counsel agree in writing to be bound by the Protective Order issued in this litigation. Should this compromise position—which Saudi Arabia has consented to—become unwieldy because, for example, the relevant non-party is not represented, the PECs may renew their application.

**SO ORDERED.**

DATED:   November 29, 2018          _____
         New York, New York          SARAH NETBURN
                                     United States Magistrate Judge