**WIGGINS CHILDS**
**PANTAZIS FISHER**
**GOLDFARB** PLLC
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
1211 CONNECTICUT AVENUE, N.W. · SUITE 420 · W.

Direct Dial: 202−467−4489 · Fax: 205−314−0805
Email:TFleming@wigginschilds.com · Web:www.wigg

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/07/2018

TIMOTHY B. FLEMING
OF COUNSEL

November 26, 2018

The Honorable Sarah Netburn
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    Order of July 10, 2018 & Iran Short Form Complaint
               1:03-md-1570 (GBD)(SN)

Your Honor:

      We are counsel of record for the Plaintiffs in *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(SN) and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD)(SN). We have reviewed the Court's Orders of May 25, 2018 and July 10, 2018 regarding the Short Form Complaint approved for filing new actions against Iran in this multi-district litigation. We are preparing a new lawsuit to be captioned *Ray, et al. v. Islamic Republic of Iran, et al.* that names approximately two dozen Plaintiffs that did not participate in our *Havlish* and *Hoglan* cases. We write for clarification regarding the July 10, 2018 Order, specifically, to: 1) inquire whether the *Ray* Plaintiffs should file a long form Complaint based on the concerns outlined briefly below; and, 2) seek formal leave of Court by means of this letter motion to file a long form Complaint or, alternatively, to adapt the Short Form Complaint, as explained below.

      Our primary concern is that the Short Form Complaint only permits claims against the foreign state of Iran itself, which will impede enforcement of any judgment obtained by the *Ray* Plaintiffs abroad. We are currently engaged in extensive collection activity overseas for our clients in *Havlish* and *Hoglan*. While entry of a judgment against Iran only – and service of that judgment – is sufficient for participating in the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund"), the courts in some foreign jurisdictions will not, or apparently may not, permit the requisite freezing of funds with a nexus to Iran unless the specific political subdivision, agency, or instrumentality of Iran holding the funds in that jurisdiction is named in the judgment. Likewise, it appears that some foreign courts will not, or appear to be disinclined to, permit joinder of our *Ray* clients with our pending collection cases on behalf of the *Havlish* and *Hoglan* clients where there are differences in the identities of the Iranian judgment defendants.

      In both *Havlish* and *Hoglan*, we hold judgments against the Islamic Republic of Iran and 15 other individuals and entities (the "Iranian Defendants"), all of which play a role the Iranian state terrorism apparatus. Our ability to enforce any judgment obtained by the *Ray* Plaintiffs would be severely compromised abroad if we are unable to obtain a judgment against all 16 Iranian Defendants. Our clients in the *Ray* case would be placed in a lesser position in terms of their ability to enforce their judgments as compared to our *Havlish* and *Hoglan* judgment holders, and this creates

The Honorable Sarah Netburn
UNITED STATES MAGISTRATE JUDGE
November 26, 2018
Page 2

other sensitive issues for us because some of our *Ray* clients are members of the same families for whom we obtained judgments against all of the Iranian Defendants in both *Havlish* and *Hoglan*.

We respectfully request that the *Ray* Plaintiffs be permitted to file a traditional long form complaint based on our pleadings in *Havlish* and *Hoglan*, or, alternatively, a modified Short Form Complaint naming the 16 Iranian Defendants. We submit that either is entirely appropriate because it is our *Havlish* case, and not *Ashton* or *Burnett*, that provides the factual, evidentiary, and legal basis for the judgments in all of the Iran cases that have proceeded to judgment in this MDL.

Secondly, the *Ray* Plaintiffs wish to rely on the causes of action asserted in our own *Havlish* and *Hoglan* pleadings, with the addition of a claim under 28 U.S.C. § 1605B ("JASTA"). We recognize that the introduction to the exemplar Short Form Complaint incorporates the factual allegations, findings and evidence in the *Havlish* case into newly-filed actions. However, the Short Form Complaint also requires new Iran plaintiffs to make an election to assert the causes of action in the *Ashton* Plaintiffs' Amended Consolidated Complaint, ECF No. 3237, or the Amended Complaint in *Burnett v. Islamic Republic of Iran*, 1:15-cv-9903 (GBD)(SN), ECF No. 53.

If our first concern regarding naming all the Iranian defendants previously adjudged in *Havlish* and *Hoglan* can be accommodated by a modification to the Short Form Complaint, we also respectfully request that the *Ray* Plaintiffs be permitted to assert the causes of action in *Havlish* and *Hoglan*, in addition to a claim under JASTA, via a minor modification to the Short Form Complaint. If the Court should require that we submit in the proposed Complaint in advance and that it be specifically approved by the Court, we will of course do so. Alternatively, the *Ray* Plaintiffs respectfully request leave to file a traditional long form complaint incorporating these causes of action.

If the Court is inclined to grant any of the relief requested by the *Ray* Plaintiffs in this correspondence, please advise as to whether the *Ray* Plaintiffs should file a formal motion to seek leave of Court to file a traditional long form complaint or to modify the Short Form Complaint.

Sincerely,

---

Plaintiffs' request is GRANTED. The Ray Plaintiffs may file a traditional long-form complaint based on their pleadings in the Havlish and Hoglan cases.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

December 7, 2018
New York, New York